**EXHIBIT E**

**Sale Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             :  Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE                                             :  Case No. 07-[_____] (___)
HOLDINGS, INC., a Delaware corporation, et al.,                    :
                                                                   :  Jointly Administered
                                                                   :
          Debtors.                                              x     **Ref. Docket No. _____**
------------------------------------------------------------------

**ORDER (I) AUTHORIZING THE SALE OF SUCH ASSETS FREE
AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER
INTERESTS; (II) AUTHORIZING AND APPROVING PURCHASE
AGREEMENT THERETO; (III) APPROVING THE ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[2] pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of two orders: (A) one, substantially in the form annexed to the Motion as Exhibit A (the "Sale Procedures Order"), (i) approving procedures (the "Sale

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

DB02:6162864.1                                                                                               066585.1001

Procedures") with respect to the proposed sale (the "Sale") of the Debtors' mortgage loan servicing business (the "Servicing Business"), as more specifically described in the form Purchase and Sale Agreement (the "Purchase Agreement"), annexed to the Motion as Exhibit D; (ii) scheduling a hearing (the "Sale Hearing") on the Sale and setting objection and bidding deadlines with respect to the Sale, (iii) approving the form and manner of notice of an auction for the relevant assets (the "Auction") and the Sale Hearing, and (iv) granting related relief; and (B) the other, substantially in the form annexed to the Motion as Exhibit E (the "Sale Order"), (i) authorizing the Sale free and clear of liens, claims, encumbrances, and interests, pursuant to the Purchase Agreement, (ii) authorizing and approving the Purchase Agreement related thereto, (iii) approving the assumption and assignment of executory contracts and unexpired leases, as necessary in connection with the Sale, and (iv) granting related relief of the debtors and debtors in possession in the above-captioned cases; and a hearing on the Sale Procedures Order having been held before this Court on August ___, 2007; and the Court having entered on the Sale Procedures Order August ___, 2007; and the Court having conducted the Sale Hearing to consider the approval of the Sale and related transactions pursuant to the terms of the Sale Agreement, dated _____, 2007 annexed hereto as Exhibit A (the "Sale Agreement"), between the Debtors and _____ (the "Purchaser"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding the approval of the Sale Agreement and transactions contemplated thereby; and the Court having reviewed and considered the Motion and any objections thereto, and the arguments of counsel made, and evidence adduced, related thereto; and upon the record of the Sale Procedures Order hearing, the Auction and Sale Hearing held before this Court on September ___, 2007, and the full record of these cases; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their

DB02:6162864.1 066585.1001

estates, their creditors and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.  This Court has jurisdiction over the Motion and the transactions contemplated by the Sale Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.  A sound business purpose justified the Sale of the Servicing Business outside the ordinary course of business.

D.  Good and sufficient notice of the Motion and the relief sought therein has been given and no other or further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to parties in interest.

E.  Good and sufficient notice of the assumption and assignment of the Assumed Contracts and Leases has been given and no other or further notice is required and a reasonable opportunity to object or be heard has been offered to parties in interest.

F.  The Debtors solicited offers for, conducted an auction of, and selected the Successful Bidder for the Sale of the Servicing Business in accordance with the Sale Procedures Order.

G.  The Auction was fair in substance and procedure.

H. The Debtors have obtained a fair and reasonable price for the Sale of the Servicing Business.

I. The Purchaser's offer for the Servicing Business, as embodied in the Sale Agreement, is the highest and/or best offer received by the Debtors therefor.

J. Consummation of the Sale transaction contemplated by the Successful Bid will provide the highest or otherwise best value for the Servicing Business and is in the best interests of the Debtors and their estates.

K. The Sale Agreement has been negotiated by the Debtors and the Purchaser in good faith and at arm's length.

L. The Purchaser is a "good faith purchaser" entitled to the benefits and protections of section 363(m) of the Bankruptcy Code.

M. The Debtors and the Purchasers have not engaged in any conduct that would permit the Sale Agreement or the Sale Transaction to be avoided under section 363(n) of the Bankruptcy Code.

N. The legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein.

O. The relief requested in the Motion is an exercise of the Debtors' sound business judgment and is in the best interests of the Debtors and their estates and creditors.

P. The entry of this Order is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted.

2. All objections and responses to the Motion that have not been overruled, withdrawn, waived, settled or resolved, and all reservations of rights included therein, are hereby overruled and denied.

3. The Purchaser's offer for the Servicing Business, as embodied in the Sale Agreement, is the highest and best offer for the Servicing Business and is hereby approved.

4. The Sale Agreement annexed hereto as <u>Exhibit A</u> is hereby approved pursuant to section 363(b) of the Bankruptcy Code and the Debtors are authorized to consummate and perform all of their obligations under the Sale Agreement and to execute such other documents and take such other actions as are necessary or appropriate to effectuate the Sale Agreement.

5. Pursuant to section 363(f) of the Bankruptcy Code, the Servicing Business may be sold and transferred free and clear of all liens, claims, interests and encumbrances (collectively, "<u>Liens</u>") except as otherwise provided in the Sale Agreement, with any and all such Liens to attach to proceeds of such sale with the same validity, priority, force and effect such Liens had on the Servicing Business immediately prior to the sale and subject to the rights, claims, defenses, and objections, if any, of the Debtors and all interested parties with respect to any such asserted Liens.

6. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Sale by the Debtors to the Purchaser of the Servicing Business and transactions related thereto, upon the closing under the Sale Agreement are authorized and approved in all respects.

7. Pursuant to section 365 of the Bankruptcy Code, the assignment and assumption of the Assumed Contracts and Leases, as identified in the Sale Agreement, by the Purchaser, is hereby authorized and approved in all respects.

8. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Order shall be effective immediately upon its entry.

9. The terms of this Order shall be binding on the Purchaser and its successors, the Debtors, creditors of the Debtors and all other parties in interest in the Debtors' cases, and any successors of the Debtors, including any trustee or examiner appointed in these cases or upon a conversion of these cases to chapter 7 of the Bankruptcy Code.

10. The Purchaser is a good faith purchaser entitled to the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

11. With respect to the transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and the sale transaction consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

12. This Court retains jurisdiction to interpret, implement and enforce the provisions of, and resolve any disputes arising under or related to, this Order and the Sale

Agreement, all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith.

13. Nothing contained in any chapter 11 plan confirmed in these cases or the order of confirmation confirming any chapter 11 plan, nor any order dismissing any case or converting it to chapter 7 liquidation shall conflict with or derogate from the provisions of the Sale Agreement, any documents or instrument executed in connection therewith, or the terms of this Order.

14. The failure specifically to include any particular provisions of the Sale Agreement or any of the documents, agreements or instruments executed in connection therewith in this Order shall not diminish or impair the efficacy of such provision, document, agreement or instrument, it being the intent of the Court that the Sale Agreement and each document, agreement or instrument be authorized and approved in its entirety.

15. The Sale Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

Dated: Wilmington, Delaware
_____ 2007

_____
United States Bankruptcy Judge