# EXHIBIT A

## (Sale and Publication Notice)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------------------- x
In re:                                :   Chapter 11
                                     :
AMERICAN HOME MORTGAGE       :   Case No. 07-[_____] (___)
HOLDINGS, INC., a Delaware corporation, et al.,[1]    :
                                     :   Jointly Administered
       Debtors.                       :
-------------------------------------------------------------------- x

## NOTICE OF SALE PROCEDURES AND SALE HEARING

        PLEASE TAKE NOTICE that, on _____, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the Emergency Motion of Debtors for: (I) an Order (A) Scheduling a Hearing to Consider the Proposed Sale of Loan Assets and Approving the Form and Manner of Notice Thereof, (B) Establishing Procedures Relating to the Sale and the Sale, Assumption, and Assignment of Certain Executory Contracts, License Agreements, and Unexpired Leases, Including Notice of Proposed Cure Amounts, and (C) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale, (B) Authorizing the Sale, Assumption, and Assignment of Certain Executory Contracts, License Agreements, and Unexpired Leases, and (C) Granting Certain Related Relief (the "Procedures and Sale Motion")[2] with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). All parties that may be interested in submitting a Bid for the Assets or taking part in an Auction must read carefully the Sale Procedures as outlined in the Procedures Order (each as defined below).

        PLEASE TAKE FURTHER NOTICE that, at a hearing held on _____, the Bankruptcy Court approved a portion of the relief requested by the Sale and Procedures Motion and scheduled a hearing to consider approval of a the Sale of the Assets, as described in the Sale and Procedures Motion resulting from the Bid process, including the assumption and assignment of any executory contracts, license agreements, or unexpired leases pursuant to section 365 of the Bankruptcy Code, for _____ at ___ .m. (Eastern Time) (the "Sale Hearing").

        PLEASE TAKE FURTHER NOTICE that only those parties that submit Qualified Bids may participate in the Auction (as defined below); if you are interested in determining how to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Procedures and Sale Motion.

submit such a Qualified Bid, you must comply with the terms of the sale procedures (the "<u>Sale Procedures</u>") as referenced in and approved by the Order granting, in part, the Sale and Procedures Motion (the "<u>Procedures Order</u>"). Any party in interest wishing to receive a complete set of the Sale and Procedures Motion and the Procedures Order may do so free of charge upon request of Debtors' counsel (dlaskin@ycst.com) or via the internet through the Bankruptcy Court's electronic case filing system and PACER at www.deb.uscourts.gov.

PLEASE TAKE FURTHER NOTICE that any party that wishes to take part in this process and submit a bid for the Assets must submit their bid prior to _____, at _____ (Eastern Time) (the "<u>Bid Deadline</u>") to: (a) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Gene S. Weil) Telephone: (202) 367-3000, **with copies to**: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York (Attention: Alan Horn, General Counsel), and (ii) Young, Conaway, Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-0391 (Attention: James L. Patton, Jr.), counsel to the Debtors; (b) counsel to the Official Committee of Unsecured Creditors, if appointed (the "<u>Committee</u>"); (c) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004; and (d) counsel to the Debtors' post-petition lenders (the "<u>DIP Lender</u>").

PLEASE TAKE FURTHER NOTICE that, if more than one Qualified Bid is received by the Bid Deadline, an auction (the "<u>Auction</u>") with respect to a Sale shall take place on _____, **at 10:00 a.m. (Eastern Time)** at the offices of Young Conaway Stargatt & Taylor LLP. If, however, no such or only one Qualified Bid is received by the Bid Deadline, then the Auction will not be held. If the Debtors receive only one Qualified Bid, the Debtors will determine whether the Qualified Bidder is the Successful Bidder and the Qualified Bid is the Successful Bid. If the Debtors determine that a Qualified Bid is the Successful Bid, the Debtors will seek approval of the Successful Bid at the Sale Hearing.

PLEASE TAKE FURTHER NOTICE that only a Qualified Bidder who has submitted a Qualified Bid will be eligible to participate at the Auction. Only the authorized representatives of each of the Qualified Bidders, any official committee formed in these cases, and the Debtors shall be permitted to attend the Auction. At the Auction, Qualified Bidders will be permitted to increase their bids. The bidding at the Auction shall start at the purchase price (in the event the Debtors enter into a Stalking Horse Agreement, the purchase price shall include any approved break-up fee and/or expense reimbursement) stated in the highest and/or best Qualified Bid as disclosed to all Qualified Bidders prior to commencement of the Auction, and continue in increments to be determined by the Debtors. The highest and/or best Qualified Bid shall be determined by the Debtors in their discretion.

PLEASE TAKE FURTHER NOTICE that, at the Sale Hearing, the Debtors shall present both the Successful Bid and the Second Best Bid to the Bankruptcy Court for approval. The Debtors shall sell the Assets to the Successful Bidder. If the Successful Bidder fails to consummate an approved Sale because of a breach or a failure to perform on the part of such Successful Bidder, the Second Best Bidder, as approved at the Sale Hearing, shall be deemed to be the Successful Bid and the Debtors shall be authorized to effect such Sale without further order of the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that any party in interest wishing to receive additional information regarding the Successful Bid and Second Best Bid may do so free of charge upon request of Debtors' counsel (dlaskin@ycst.com). At the conclusion of the Auction,

2

any party who requested information pursuant to the previous sentence will receive such additional information via Federal Express or express mail, which shall include, at a minimum, (i) identity of purchaser, (ii) description of assets being sold, and (iii) purchase price.

PLEASE TAKE FURTHER NOTICE that, if you seek to object to the Sale of the Assets, you must comply with the terms for making such objections as set forth in the Sale and Procedures Motion and the Procedures Order. Such Objections must be must be (a) in writing, (b) comply with the Federal Rules of Bankruptcy Procedures and the Local Bankruptcy Rules, (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before **4:00 p.m. (ET) on** _____ (the "Objection Deadline") and (d) be served so as to be received no later than 4:00 p.m. (ET) on the same day, upon:  (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attention:  Alan Horn, General Counsel), (ii) Young, Conaway, Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-0391 (Attention:  James L. Patton, Jr.), counsel to the Debtors; (iii) counsel to the official committee of unsecured creditors; (iv) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004; and (v) counsel to the DIP Lender; and (vi) all parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b).

PLEASE TAKE FURTHER NOTICE that, if any party fails timely file and serve an objection in accordance with the Procedures Order, the Bankruptcy Court may disregard such objection.

Dated:  Wilmington, Delaware
         _____, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Kenneth J. Enos (No. 4544)
Ian S. Fredericks (No. 4626)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

Proposed Counsel to the Debtors and Debtors in Possession

# EXHIBIT B

## (Sale Procedures)

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------------- x
In re:                                          :  Chapter 11
                                                :
AMERICAN HOME MORTGAGE                          :  Case No. 07-[_____] (___)
HOLDINGS, INC., a Delaware corporation, et al.,[1]  :
                                                :  Jointly Administered
          Debtors.                              :
-------------------------------------------------------------------- x
```

## SALE PROCEDURES

By motion dated _____, 2007 (the "Motion"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") sought, among other things, approval of the process and procedures through which they will determine the highest and/or best bid for (i) mortgage loans owned by the Debtors and not subject to the warehouse lenders' liens; (ii) mortgage loans owned by the Debtors and subject to the warehouse lenders' liens and repurchase rights; (iii) "scratch and dent" mortgage loans owned by the Debtors; and (iv) the Debtors' mortgage-backed residual interests in securitization trusts ((i)-(iv), collectively, the "Assets").[2] On _____, 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Procedures Order"), which, among other things, authorized and directed the Debtors to determine the highest and/or best bid for the Assets through the process and procedures set forth below (the "Sale Procedures").

On _____, 2007, as further described below, in the Motion and in the Procedures Order, the Bankruptcy Court shall conduct a hearing (the "Sale Hearing") at which the Debtors shall seek entry of an order (the "Sale Order") authorizing and approving the sale of the Assets (a "Sale Transaction") pursuant to a Successful Bid (as defined below).

## Notice Requirements

Notice:  The Debtors, in consultation with their advisors, have developed a list of parties (each, individually, a "Contact Party", and collectively, the "Contact Parties") whom the

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]  Parties are strongly encouraged to contact Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Gene S. Weil) Telephone: (202) 367-3000, to obtain more detailed information regarding the Assets.

Debtors believe may potentially be interested in and whom the Debtors reasonably believe would have the financial resources to consummate a purchase of the Assets.

Within seven (7) days of the entry of the Procedures Order, the Debtors and their advisors will send notice of the proposed Sale, the process for obtaining diligence materials, the process for qualifying as a bidder, the due date for bids and the proposed time and date of the Auction (as defined below) to Contact Parties and other parties in interest and prospects that have or may be identified as potential bidders for the Assets. Within ten (10) The Debtors will also publish notice of the proposed sale and bidding procedures in the Wall Street Journal (National Edition).

## Access to Information and Obtaining Due Diligence

Access to Information: Information relevant to the Assets for evaluation by interested parties, including certain books and records, material contracts, and other financial information for due diligence investigation, will be made available to bidders who have executed a valid nondisclosure agreement. To obtain a copy of a non-disclosure agreement, contact Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Gene S. Weil) Telephone: (202) 367-3000. Specific information for accessing the information will be provided after execution of such agreements. The diligence period will take place from August 9, 2007 through August 27, 2007. The Debtors will coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders.

## Participation and Qualification Requirements

Bid Deadline: All Bids (as defined below) must be submitted in writing so that they are **actually** received no later than 12:00 NOON (Eastern time) on [**August 29, 2007**] (the "Bid Deadline"). Each Qualified Bidder (as defined below) must deliver copies of its Bid to: (a) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Gene S. Weil) Telephone: (202) 367-3000, **with copies to**: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attention: Alan Horn, General Counsel), and (ii) Young, Conaway, Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-0391 (Attention: James L. Patton, Jr.), counsel to the Debtors; (b) counsel to the Official Committee of Unsecured Creditors, if appointed (the "Committee"); (c) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004; and (d) counsel to the Debtors' post-petition lenders (the "DIP Lender").

Interested bidders requesting information about the qualification process, including a form asset purchase agreement, and information in connection with their due diligence, should contact Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Gene S. Weil) Telephone: (202) 367-3000.

Bid Requirements: Formal, binding, unconditional bids (each, a "Bid") must contain:

(a)     an executed "clean" version of a sale agreement acceptable to the Debtors, together with a blackline to reflect the changes from the form sale agreement provided by the Debtors;

(b)     a letter setting forth the identity of the bidder (including an authorized representative thereof), such bidder's counsel, and contact information for such bidder, its authorized representative and its counsel;

2

066585.1001

(c)     a proposal to purchase all or portions[3] of the Assets, including specific detailed descriptions of the Assets to be purchased and the Contracts (as defined in the Motion) to be purchased, assumed and assigned, whether in a separate transaction or series of transactions;

(d)     written evidence of a commitment for financing or other evidence of the bidder's financial ability to consummate the sale (in a form satisfactory to the Debtors in their discretion);

(e)     written acknowledgement that such bid is unconditional and not contingent upon any event, including, without limitation, any due diligence investigation, the receipt of financing or any further bidding approval;

(f)     written evidence that the bidder has the requisite corporate or similar authority to consummate the investment or sale;

(g)     written acknowledgement that such proposal is irrevocable until the earlier of (1) twenty (20) days after the Sale Hearing and (2) the effective date of a transaction implementing the Successful Bid (as defined herein);

(h)     an earnest money deposit in the amount of 10% of the bid (each a "<u>Good Faith Deposit</u>");

(i)     written evidence of its ability to provide adequate assurance of future performance with respect to unexpired leases, license agreements and executory contracts; and

(j)     such other information as the Debtors may request.

Bids that contain the foregoing shall be "<u>Qualified Bids</u>." Persons that comply with the foregoing shall be "<u>Qualified Bidders</u>." **NO CONDITIONS RELATING TO THE COMPLETION OF DUE DILIGENCE SHALL BE PERMITTED TO EXIST AFTER THE BID DEADLINE.**

### Objections to the Sale

<u>Objections to the Sale and the Sale Hearing</u>: Objections to any relief requested by this Motion, except objections relating to the adequate assurance of future performance of any executory contracts or unexpired leases to be assumed and assigned under section 365 of the Bankruptcy Code, shall be set forth in writing and state with particularity the grounds for such objections or other statements of position and shall be electronically filed with the Bankruptcy Court by no later than **4:00 p.m. (ET)** at least five (5) business days prior to the Sale Hearing (as defined below) and served so as to be received by such date and time upon (a) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attention: Alan Horn, General Counsel), (b) Young, Conaway, Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-0391 (Attention: James L. Patton, Jr.), counsel to the Debtors; (c) counsel to the Committee; (d) counsel to Bank

---

[3]  To be a Qualified Bid (as defined herein) for one or more portions of the Assets, Bids <u>must</u> be submitted based on and grouped according to one of the following: (a)(i) <u>all</u> loans associated with a Warehouse Lender's loan facility; or (ii) <u>all</u> of the performing, non-performing, or "scratch and dent", if applicable, loans associated with a Warehouse Lender's loan facility; (b) <u>all</u> loans associated with all Warehouse Lenders' loan facilities; or (c) <u>all</u> of the Debtors' mortgage-backed residual interests in one or more securitization trusts. In the event a bidder wishes to submit a Bid or Bids for more than one, but not all, Warehouse Lender's loans (or all performing, non-performing, and/or "scratch and dent", if applicable, loans of more than one Warehouse Lender's loan facility), such bidders should submit separate Bids in accordance with (a)(i) and (ii) above.

of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004; (e) counsel to the DIP Lender; and (f) all parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b). Objections relating solely to the adequate assurance of future performance of any executory contracts or unexpired leases to be assumed and assigned under section 365 of the Bankruptcy Code shall may be made up until the Sale Hearing (as defined below). A hearing to approve the relief requested in the Sale Motion (the "Sale Hearing") will be held before the Bankruptcy Court on **September 10, 2007**.

### Supplements to the Motion

The Debtors will supplement the Motion with a copy of any executed definitive agreements entered into by the Debtors with respect to any Bid; *provided, however,* that any such definitive agreement shall remain subject to the Auction and approval procedures set forth herein.

### Auctions

If more than one Qualified Bid has been received by the Debtors, the Debtors will conduct an auction (the "Auction"). The Auction will take place on **September 5, 2007**, at the offices of Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 at 10:00 a.m. (ET) or such later time or other place as the Debtors shall notify the Qualified Bidders. The Debtors reserve the right to hold more than one Auction in the event there is more than one Qualified Bid and such Qualified Bids are for all or portions of the Assets. In the event there is more than one Auction, the Debtors will provide appropriate notice to each of the Qualified Bidders of the dates, times, and places for each Auction and the portions of the Assets to be sold at each Auction.

### Auction Procedures

Only Qualified Bidders who have submitted Qualified Bids will be eligible to participate at the Auction. Only the authorized representatives of each of the Qualified Bidders, counsel to the Committee, counsel to the DIP Lender, counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004, and the Debtors shall be permitted to attend the Auction. At the Auction, Qualified Bidders will be permitted to increase their bids. The bidding at the Auction shall start at the purchase price (in the event the Debtors enter into a stalking horse agreement and an expenses reimbursement and/or break-up fee were approved, the purchase price shall include the break-up fee and the expense reimbursement) stated in the and/or best Qualified Bid as disclosed to all Qualified Bidders prior to commencement of the Auction, and continue in increments to be determined by the Debtors, in their business judgment. In the event the Debtors enter into a Stalking Horse Agreement, the Qualified Bidder who is the party to such agreement shall be entitled, in its sole and absolute discretion, to credit bid the amount of any Court approved break-up fee and expense reimbursement in connection with any revised offer. The highest and/or best Qualified Bid shall be determined by the Debtors in their discretion.

Based upon the terms of the Qualified Bids submitted by the Qualified Bidders, and such other information as the Debtors determine is relevant, the Debtors may conduct the Auction in the manner they determine will maximize the value of their estates. The Debtors may, but are not obligated to, announce the principal terms and conditions of or provide copies of each Qualified Bid submitted by the Qualified Bidders to the other Qualified Bidders at the Auction.

4

The Debtors may, but are not obligated to, from time to time, and in an open forum, advise the Qualified Bidders of their determination as to the terms of the then highest and/or best Qualified Bid. Unless otherwise agreed to by the Debtors, in their discretion, no Qualified Bidder will be permitted more than one-half hour to respond to the previous bid at Auction and, at the expiration of such time (unless extended), the Auction shall conclude. Any bid submitted after the conclusion of the Auction shall not be considered for any purpose.

## Determination of the Successful Bid and the Second Best Bid

After completion of the Auction, the Debtors will receive and consider the Qualified Bids (as increased at the Auction). The Debtors will: (a) review each Qualified Bid, as each may be modified at the Auction, on the basis of, among other things, the following: (i) the amount of the proposed purchase price; (ii) the valuation of the Assets; (iii) the ability to close the transaction; (iv) the other contractual terms included in the proposal; (v) the speed and certainty of consummating the transaction; and (b) identify the highest and/or best Qualified Bid (the "Successful Bid") and the bidder making such Bid (the "Successful Bidder") and the next highest and/or best Qualified Bid (the "Second Best Bid") and the bidder making such Bid (the "Second Best Bidder"). The Debtors shall have the right to reject any and all Bids.

## Sale Hearing

At the Sale Hearing, the Debtors will present to the Bankruptcy Court for approval both the Successful Bid and the Second Best Bid. Subject to Court approval, the Debtors will effect the Sale with the Successful Bidder. If, for any reason, the Successful Bidder fails to close the Sale contemplated by its Successful Bid, then, without notice to any other party or further Court order, the Debtors shall be authorized to close with the Qualified Bidder that submitted the Second Best Bid.

## Acceptance of the Sale

The Debtors shall have accepted a Qualified Bid only when (i) the Bid is declared the Successful Bid, (ii) the Bankruptcy Court has approved the Successful Bid and an order approving such Bid has been docketed, (iii) definitive documentation has been executed in respect thereof; and (iv) the Sale closes.

## Reservation of Rights

The Debtors reserve the right, as they may determine to be in the best interests of their estates, to: (i) determine which bidders are Qualified Bidders; (ii) determine which Bids are Qualified Bids; (iii) determine which Qualified Bid is the highest and/or best proposal and which is the next highest and/or best proposal, (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Procedures Order or the requirements of the Bankruptcy Code or (c) contrary to the best interests of the Debtors and their estates; (v) enter into one or more stalking horse agreements and seek Court approval of expense reimbursements and/or break-up fees; (vi) waive terms and conditions set forth herein with respect to any or all potential bidders, (vii) impose additional terms and conditions with respect to any or all potential bidders, (viii) extend the deadlines set forth herein, (ix) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; (x) remove some or all of the Assets from the Auction, and (xi) modify the Sale Procedures as they may determine to be in the best interests of their estates or to withdraw the Sale Motion at any time with or without prejudice. Without limiting the generality of the foregoing, the Debtors may determine to (i) distribute or not

distribute copies of other Qualified Bids to other Qualified Bidders prior to or during the Auction or (ii) proceed with sealed bidding.

## **Return of Good Faith Deposit**

Except as otherwise provided in this paragraph with respect to the Successful Bidder and the Second Best Bidder, the Good Faith Deposits of all Qualified Bidders required to submit such a deposit under the Sale Procedures shall be returned upon or within five (5) business days after entry of the Sale Order. The Good Faith Deposit of the Successful Bidder shall be held until the closing of a Sale and applied in accordance with the Successful Bid. The Good Faith Deposit of the Second Best Bidder shall be retained in escrow until 48 hours after the closing of a Sale. Pending their return, the Good Faith Deposit of the Successful Bidder and the Second Best Bidder shall be maintained in an escrow account. If a closing does not occur, the disposition of Good Faith Deposits shall be as provided in the Successful Bid and Second Best Bid, as applicable.

# EXHIBIT C

### (Cure Notice)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------------------- x

In re:                                                    :    Chapter 11
                                                          :
AMERICAN HOME MORTGAGE                                     :    Case No. 07-[_____] (___)
HOLDINGS, INC., a Delaware corporation, et al.,[1]        :
                                                          :    Jointly Administered
           Debtors.                                       :

-------------------------------------------------------------------- x

**NOTICE OF POSSIBLE SALE, ASSUMPTION, AND ASSIGNMENT OF CERTAIN**
**UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND SALE HEARING**

PLEASE TAKE NOTICE that, on _____, the above-captioned debtors

and debtors in possession (collectively, the "Debtors") filed the Emergency Motion of Debtors

for: (I) an Order (A) Scheduling a Hearing to Consider the Proposed Sale of Loan Assets and

Approving the Form and Manner of Notice Thereof, (B) Establishing Procedures Relating to the

Sale and the Sale, Assumption, and Assignment of Certain Executory Contracts, License

Agreements, and Unexpired Leases, Including Notice of Proposed Cure Amounts, and (C)

Granting Certain Related Relief; and (II) an Order (A) Approving the Sale, (B) Authorizing the

Sale, Assumption, and Assignment of Certain Executory Contracts, License Agreements, and

Unexpired Leases, and (C) Granting Certain Related Relief (the "Procedures and Sale Motion") [2]

with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp.
("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM
Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a
Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558);
American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.
("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,
Texas 75063.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
Procedures and Sale Motion.

All parties that may be interested in submitting a Bid for the Assets or taking part in an Auction must read carefully the Sale Procedures as outlined in the Procedures Order (each as defined below).

PLEASE TAKE FURTHER NOTICE that, at a hearing held on _____, the Bankruptcy Court approved a portion of the relief requested by the Sale and Procedures Motion and scheduled a hearing to consider approval of a the Sale of the Assets, as described in the Sale and Procedures Motion resulting from the Bid process, including the assumption and assignment of certain executory contracts, license agreements, or unexpired leases related to the Assets pursuant to section 365 of the Bankruptcy Code, for _____ at ___ __.m. (Eastern Time) (the "Sale Hearing").

PLEASE TAKE FURTHER NOTICE that pursuant to the Sale and Procedures Motion, the Debtors intend to sell, assume, and assign certain of their unexpired leases, license agreements, and executory contracts related to the Assets (collectively referred to as the "Contracts") free and clear of all Interests, upon satisfaction of the cure amounts required under section 365(b)(1)(A) of the Bankruptcy Code (the "Cure Amounts"). The Contracts that the Debtors may seek to sell, assume, and assign (the "Potential Assumed Contracts") and corresponding Cure Amounts are listed on the attached Exhibit A.

PLEASE TAKE FURTHER NOTICE that any objections to the remaining relief requested in the Sale and Procedures Motion, including the sale, assumption, and assignment of the Potential Assumed Contracts and the corresponding Cure Amounts, must be (a) in writing, (b) comply with the Federal Rules of Bankruptcy Procedures and the Local Bankruptcy Rules, (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before **4:00 p.m. (ET) on** _____(the

2

"Cure Objection Deadline") and (d) be served so as to be received no later than 4:00 p.m. (ET) on the same day, upon: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attention: Alan Horn, General Counsel), (ii) Young, Conaway, Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-0391 (Attention: James L. Patton, Jr.), counsel to the Debtors; (iii) counsel to the official committee of unsecured creditors; (iv) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004; (v) counsel to the Debtors' post-petition lenders (the "DIP Lender"); and (vi) all parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b); provided, however, that the non-debtor parties to the Potential Assumed Contracts shall have until the Sale Hearing to raise objections under section 365(b)(1)(C).

PLEASE TAKE FURTHER NOTICE that any person or entity receiving notice of the Sale Hearing and this Notice that fails to file an objection on a timely basis shall (i) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such unexpired lease, license agreement or executory contract and the Debtors shall be entitled to rely solely upon the Cure Amount; and (ii) be forever barred and estopped from asserting or claiming against the Debtors or the Successful Bidder or any other assignee of the relevant Potential Assumed Contract that any additional amounts are due or defaults exist under such Potential Assumed Contract.

PLEASE TAKE FURTHER NOTICE that the Sale Hearing may be adjourned from time to time without further notice to creditors or parties-in-interest other than by announcement of said adjournment in the Bankruptcy Court or on the Bankruptcy Court's calendar on the date scheduled for the Sale Hearing.

Dated: Wilmington, Delaware  
          _____, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)  
Joel A. Waite (No. 2925)  
Pauline K. Morgan (No. 3650)  
Sean M. Beach (No. 4070)  
Matthew B. Lunn (No. 4119)  
Kara Hammond Coyle (No. 4410)  
Kenneth J. Enos (No. 4544)  
Ian S. Fredericks (No. 4626)  
The Brandywine Building  
1000 West Street, 17th Floor  
P.O. Box 391  
Wilmington, Delaware 19899-0391  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

Proposed Counsel to the Debtors and Debtors in Possession

4

**EXHIBIT A TO CURE NOTICE**

(Cure Amounts)

# EXHIBIT D

## (Form Loan Purchase Agreement)

# [TO BE FILED]

# EXHIBIT E

## (Form Residual Interests Purchase Agreement)

# [TO BE FILED]

# EXHIBIT F

## (Procedures Order w/out Exhibits 1-3)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE | : Case No. 07-[_____] (___) |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : |

-------------------------------------------------------------- x  **Ref. Docket No. ___**

**ORDER (A) SCHEDULING A HEARING TO CONSIDER THE
PROPOSED SALE OF LOAN ASSETS AND APPROVING THE FORM
AND MANNER OF NOTICE THEREOF, (B) ESTABLISHING PROCEDURES
RELATING TO THE SALE AND THE SALE, ASSUMPTION, AND ASSIGNMENT
OF CERTAIN EXECUTORY CONTRACTS, LICENSE AGREEMENTS,
AND UNEXPIRED LEASES, INCLUDING NOTICE OF PROPOSED CURE
AMOUNTS, AND (C) GRANTING CERTAIN RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors

and debtors in possession (collectively, the "Debtors") requesting entry of entry of: (I) an order

(a) scheduling a hearing (the "Sale Hearing") to consider approval of the sale (the "Sale") of all

or a portion of the Assets and approving the form and manner of notice thereof (the "Sale and

Publication Notice"), (b) establishing certain procedures relating to the Sale and to the sale,

assumption, and assignment of certain executory contracts, license agreements, and unexpired

leases related to the Assets (each a "Contract" and, collectively, the "Contracts") in connection

with the Sale (the "Sale Procedures"), including notice of proposed cure amounts (the "Cure

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Notice") and an auction (the "Auction"), and (c) granting certain related relief (this "Order");

and (II) an order (a) approving the Sale of all or a portion of the Assets to one or more

purchasers, (b) approving the sale, assumption, and assignment of the Contracts in connection

with the Sale; and (c) granting certain related relief (the "Sale Order"); and the Court having

determined that the relief requested in the Motion is in the best interests of the Debtors, their

estates, creditors and other parties-in-interest; and due and adequate notice of the Motion having

been given under the circumstances; and the remainder of the record herein; and after due

deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

FOUND, CONCLUDED AND DECLARED THAT:[3]

A.     The findings and conclusions set forth herein constitute the Court's

findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to

this proceeding pursuant to Fed. R. Bankr. P. 9014.

B.     This Court has jurisdiction over this matter and over the property of the

Debtors and their bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.

C.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and

(O).

D.     Venue is proper in this District and before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409.

E.     Good and sufficient notice of the Motion and the relief sought therein has

been given and no other or further notice is required.  A reasonable opportunity to object or be

heard regarding the relief requested in the Motion has been afforded to parties-in-interest.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

F.    The Debtors' proposed notices of (i) the Sale, (ii) the sale, assumption, and assignment of the Contracts and any cure amounts payable in respect thereof, and (iii) the Sale Procedures, in substantially the form attached hereto, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale, and the sale, assumption, and assignment of Contracts and the Sale Procedures to be employed in connection therewith.

G.    The entry of this Order is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it is therefor

ORDERED, ADJUDGED AND DECREED THAT:

1.    The relief requested in the Motion is GRANTED, as further described herein.

2.    The Sale Procedures, in substantially the form attached hereto as Exhibit 1, are hereby approved and shall apply with respect to the Sale.

3.    The Debtors may sell the Assets by conducting an Auction in accordance with the Sale Procedures.

4.    The Auction shall take place at _____ (ET) on _____ (the "Auction Date"), at the offices of Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801, or such other place as the Debtors shall notify all Qualified Bidders who have submitted Qualified Bids and expressed their intent to participate in the Auction. In the event the Debtors receive Qualified Bids for all or portions of the Assets, the Debtors are authorized to hold more than one Auction in accordance with the Sale Procedures.

5.    A Qualified Bidder that desires to make a Bid shall deliver written copies of its Bid to: (a) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC

3

20006 (Attn: Gene S. Weil) Telephone: (202) 367-3000, **with copies to**: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attention: Alan Horn, General Counsel), and (ii) Young, Conaway, Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-0391 (Attention: James L. Patton, Jr.), counsel to the Debtors; (b) counsel to the Official Committee of Unsecured Creditors, if appointed (the "Committee"); (c) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004; and (d) counsel to the Debtors' post-petition lenders (the "DIP Lender"), **so that it is actually received no later than** _____ **(Eastern time) on** _____ **(the "Bid Deadline")** and shall comply with the requirements set forth in the Sale Procedures for making such bid. The Debtors may, but are not obligated to, extend the Bid Deadline with respect to one or more Qualified Bidders.

6.       The Debtors shall have the right to reject any and all bids that they believe, in their reasonable discretion, do not conform with the Sale Procedures. In the event the Debtors enter into a Stalking Horse Agreement, such agreement is deemed to conform with the Sale Procedures and is a Qualified Bid; provided, further, that the Debtors are authorized to seek expedited approval of bid protections, including, but not limited to, an expense reimbursement and break-up fee in connection with entering into an Stalking Horse Agreement.

7.       The Debtors shall announce the winning Bid at the Auction and shall deliver a notice announcing the winning Bid to all counterparties of Contracts, and to any other party that requests a copy of such notice.

8.       The Sale Hearing shall be held before this Court on _____ at ____:____.m. (Eastern Time).

4

9.      Not later than seven (7) days after the entry this Order, the Debtors shall cause the Sale and Publication Notice, in substantially the form attached hereto as <u>Exhibit 2</u>, to be sent by first-class mail postage prepaid to:

  i.      the Office of the United States Trustee for the District of Delaware;

  ii.     the Debtors' forty (40) largest unsecured creditors on a consolidated basis;

  iii.    counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004;

  iv.     the DIP Lender;

  v.      all creditors or potential creditors of the Debtors listed on the Debtors books and records;

  vi.     entities known to the Debtors to possess and/or exercise any control over any of the Assets to be sold;

  vii.    entities known to the Debtors to assert any rights in any of the Assets;

  viii.   non-debtor parties to the Contracts;

  ix.     all other entities which the Debtors believe may have a claim against the Debtors' estates;

  x.      all applicable federal, state and local tax authorities with jurisdiction over the Debtors and/or the Assets;

  xi.     all federal, state and local environmental authorities in jurisdictions in which the Debtors operate and/or in which the Assets are located;

  xii.    the attorney generals for all fifty States;

  xiii.   the Internal Revenue Service, the Securities and Exchange Commission and the Environmental Protection Agency;

  xiv.    any known party which has expressed a bona fide interest in writing to the Debtors regarding any purchase of the Assets; and

  xv.     all entities who have filed requests for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b).

10.     Not later than ten (10) days after the entry of this Order, the Debtors shall cause the Sale and Publication Notice, in substantially the form attached hereto as <u>Exhibit 2</u>, to

066585.1001

be published in the national edition of The Wall Street Journal, pursuant to Bankruptcy Rule 2002(1).

11.    Notice set forth in paragraph 9 and 10 of this Order is good and proper notice to such interested parties, including those whose identities are unknown to the Debtors.

12.    In addition, to facilitate the sale, assumption, and assignment of the Contracts, the Debtors shall serve the Cure Amount Notice, in substantially the form attached hereto as Exhibit 3, not later than seven (7) days after entry of this Order.

13.    Attached to the Cure Amount Notice shall be the Debtors calculation of the undisputed cure amounts that the Debtors believe must be paid to cure all defaults under all Contracts (the "Cure Amounts"). If no amount is listed on Exhibit 3, the Debtors assert that there is no Cure Amount. Unless the non-debtor party to a Contract files an objection (the "Cure Amount Objection") to its scheduled Cure Amount on or before 4:00 p.m. (prevailing Eastern Time) on _____ and serves the objection so as to be received on or before that date and time upon: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attention: Alan Horn, General Counsel); (ii) Young, Conaway, Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-0391 (Attention: James L. Patton, Jr.), counsel to the Debtors; (iii) counsel to the official committee of unsecured creditors; (iv) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004; and (v) counsel to the DIP Lender; and (vi) all parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b), such non-debtor party shall (i) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Contracts and the Debtors shall be entitled to rely solely upon the Cure Amount; and (ii) be forever barred and estopped from asserting or claiming against the

6

Debtors, or a Successful Bidder or any other assignee of the relevant Contract that any additional amounts are due or defaults exist under such Contract.

14.    In the event that a Cure Amount Objection is filed, the Cure Amount Objection must set forth (i) the basis for the objection, and (ii) the amount the party asserts as the Cure Amount. In the event that the Debtors and the non-debtor party to the Contract cannot consensually resolve the Cure Amount Objection, the Successful Bidder or any other assignee will segregate any disputed cure amounts pending the resolution of any such disputes by this Court or mutual agreement of the parties.

15.    To the extent the Successful Bidder and the Second Best Bidder are seeking to have all or some of the Contracts sold, assumed, and assigned, the Debtors shall provide financial information for such bidder to all non-debtor parties to such Contracts as soon as practicable following the Auction via facsimile or Federal Express. The Debtors shall have the right, prior to the Sale Hearing, to remove one or more Contracts from the list to sold, assume and assigned.

16.    Any party in interest wishing to receive additional information regarding the Successful Bid and Second Best Bid may do so free of charge upon request of Debtors' counsel. At the conclusion of the Auction, any party who requested information pursuant to the previous sentence will receive such additional information via Federal Express or express mail, which shall include, at a minimum, (i) identity of purchaser, (ii) description of assets being sold, and (iii) purchase price.

17.    Objections, if any, to the entry of the Sale Order and the relief requested in the Motion not granted herein must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m.

066585.1001

(ET) on _____ and (d) be served so as to be received no later than 4:00 p.m.

(ET) on the same day, upon: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow

Road, Melville, New York 11747 (Attention: Alan Horn, General Counsel), (ii) Young,

Conaway, Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O.

Box 391, Wilmington, DE 19899-0391 (Attention: James L. Patton, Jr.), counsel to the Debtors;

(iii) counsel to the official committee of unsecured creditors; (iv) counsel to Bank of America,

N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August

30, 2004; and (v) counsel to the DIP Lender; and (vi) all parties entitled to notice pursuant to

Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b); provided, however, that,

to the extent the Successful Bidder and the Second Best Bidder are seeking to have certain

Contracts sold, assumed, and assigned as part of the Sale, the non-debtor parties to such

Contracts shall have until the Sale Hearing to raise objections under section 365(b)(1)(C).

18.    Hearings on Cure Amount Objections may be held (a) at the Sale Hearing,

or (b) on such other date as this Court may designate upon request by the Debtors; provided, that

if the subject Contract is sold, assumed, and assigned, the cure amount asserted by the objecting

party (or such lower amount as may be fixed by this Court) shall be deposited and held in a

segregated account by the Successful Bidder or any other assignee pending further order of this

Court or mutual agreement of the parties.

19.    The Debtors' decisions to sell, assume, and assign the Contracts are

subject to Court approval and consummation of the Sale. Absent consummation of the Sale,

each of the Contracts shall neither be deemed assumed nor assigned and shall in all respects be

subject to further administration under the Bankruptcy Code.

20.    The notice to be issued in connection with the proposed Sale, substantially

in the form of the notice annexed hereto as Exhibit 2, is approved in all respects.

21.    The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties-in-interest, other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

22.    The Debtors are authorized to take any and all actions that are necessary to carry out the provisions of this Order.

23.    This Court shall retain jurisdiction over all matters related to or arising from the interpretation and/or implementation of this Order.

Dated: Wilmington, Delaware
          _____, 2007

                _____
                UNITED STATES BANKRUPTCY JUDGE

066585.1001

# EXHIBIT 1

## (Sale Procedures)

# EXHIBIT 2

## (Sale and Publication Notice)

# EXHIBIT 3

## (Cure Amount Notice)