# EXHIBIT G

(Sale Order)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Case No. 07-[_____] (___) |
| | : Jointly Administered |
| Debtors. | : |
| | **Ref. Docket No. ___** |

**AN ORDER (A) APPROVING THE SALE OF LOAN ASSETS, (B) AUTHORIZING THE SALE, ASSUMPTION, AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, LICENSE AGREEMENTS, AND UNEXPIRED LEASES, AND (C) GRANTING CERTAIN RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") requesting entry of entry of: (I) an order (a) scheduling a hearing (the "Sale Hearing") to consider approval of the sale (the "Sale") of all or a portion of the Assets and approving the form and manner of notice thereof (the "Sale and Publication Notice"), (b) establishing certain procedures relating to the Sale and to the sale, assumption, and assignment of certain executory contracts, license agreements, and unexpired leases related to the Assets (each a "Contract" and, collectively, the "Contracts") in connection with the Sale (the "Sale Procedures"), including notice of proposed cure amounts (the "Cure Notice") and an auction (the "Auction"), and (c) granting certain related relief (the "Procedures

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Order"); and (II) an order (a) approving the Sale of all or a portion of the Assets to one or more purchasers, (b) approving the sale, assumption, and assignment of the Contracts in connection with the Sale; and (c) granting certain related relief (this "Order"); and the Court having entered the Procedures Order, which, *inter alia*, approved the Sale Procedures and notice of the Sale and the Sale Hearing and scheduled the Auction and the Sale Hearing; and the Court having reviewed and considered (i) the Motion, (ii) the objections thereto, if any, and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing, including that the Debtors have entered into an Asset Purchase Agreement (the "Agreement") with the Successful Bidder,[3] a copy of which is attached as Exhibit 1; and the Court having determined that the remaining relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and due and adequate notice of the Motion having been given under the circumstances; and the remainder of the record herein; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:[4]

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014.

B. The Court has jurisdiction over this Motion and the transactions contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core

---

[3] For all purposes in this Order only, the terms Successful Bidder shall include the Second Best Bidder, in the event the Successful Bidder does not close, and Agreement shall include the Second Best Bidders asset purchase agreement, in the event the Successful Bidder does not close.

[4] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

    C.    The statutory predicates for the relief sought in the Motion are sections 105, 363 and 365 of the Bankruptcy Code, and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014.

    D.    As evidenced by the affidavits of service and publication previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (i) due, proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, the Auction, and the Sale has been provided in accordance with sections 102(1), 363 and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, and 9014, and in compliance with the Procedures Order to each party entitled thereto, (ii) such notice was good and sufficient, and appropriate under the particular circumstances, and (iii) no other or further notice of the Motion, the Sale Hearing, the Sale, or the Auction is or shall be required.

    E.    As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the Debtors have marketed the Assets and conducted the sale process in compliance with the Procedures Order and the Auction was duly noticed.

    F.    The Auction was fair in substance and procedure.

    G.    The Debtors (i) have full corporate power and authority to execute the Agreement and all other documents contemplated thereby, and the Sale of the Assets by the Debtors has been duly and validly authorized by all necessary corporate action, (ii) have all of the corporate power and authority necessary to consummate the transaction contemplated by the Agreement, (iii) have taken all corporate action necessary to authorize and approve the Agreement and the consummation of the transaction contemplated thereby, and (iv) require no

consents or approvals, other than those expressly provided for in the Agreement, to consummate such transaction.

H. The Debtors have demonstrated (i) good, sufficient, and sound business purposes and justifications and (ii) compelling circumstances for the Sale pursuant to section 363(b) of the Bankruptcy Code prior to, and outside of, a plan of reorganization in that, among other things, absent the Sale the value of the Assets will be harmed.

I. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including, but not limited to: (i) the Office of the United States Trustee for the District of Delaware, (ii) all parties having filed requests for notices in the Debtors' chapter 11 cases, (iii) all of the Debtors creditors, (iv) counsel to the official committee of unsecured creditors (the "Committee"), (v) all entities known to have expressed a bona fide interest in acquiring the Assets; (vi) all entities (or counsel therefor) known to have asserted any lien, claim, encumbrance, right of refusal or other interest in or upon the Assets; (vii) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion; (viii) the United States Attorney's office; (ix) the Internal Revenue Service; (x) the Environmental Protection Agency; (xi) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004 and the DIP Lender; and (xii) all state and local environmental agencies in any jurisdiction where the Debtors own or have owned or used real property.

J. The Agreement was negotiated, proposed and entered into by the Debtors and the Successful Bidder without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtors nor the Successful Bidder have engaged in any conduct that

would cause or permit the Agreement to be avoided under section 363(n) of the Bankruptcy Code.

K.  The Successful Bidder is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

L.  The Successful Bidder is not an "insider" of any of the Debtors, as that term is defined in section 101 of the Bankruptcy Code.

M.  The consideration provided by the Successful Bidder for the Assets pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest and/or best offer for the Assets, and (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other practical available alternative.

N.  The Sale must be approved and consummated promptly in order to preserve the value of the Assets.

O.  The Debtors and the Successful Bidder have not engaged in any conduct that would permit the Agreement or the Sale to be avoided under section 363(n) of the Bankruptcy Code.

P.  As of the closing of the transactions contemplated by the Agreement and pursuant to the terms of the Agreement, the transfer of the Assets to the Successful Bidder will be a legal, valid, enforceable, and effective transfer of the Assets, and will vest the Purchaser with all right, title, and interest of the Debtors in the Assets free and clear of all interests, including liens, claims, encumbrances and other interests (collectively, "Interests").

Q.  The Successful Bidder would not have entered into the Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtors, their estates, and their creditors, if the Sale of the Assets to the Successful Bidder was

not free and clear of all Interests of any kind or nature whatsoever, or if the Successful Bidder would, or in the future could, be liable for any of the Interests.

R. The Debtors may sell all of their Assets free and clear of all Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied, subject to the terms and conditions of this Order. Those holders of Interests who did not object, or who withdrew their objections, to the Sale or the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Interests who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Interests, if any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim an Interest.

S. The Successful Bidder is not a successor to the Debtors or their bankruptcy estates by reason of any theory of law or equity, and the Successful Bidder shall not assume or in any way be responsible for any liability or obligation of the Debtors and/or their bankruptcy estates, except as otherwise expressly provided in the Agreement.

T. The Court finds that good, adequate and sufficient cause exists to waive the ten-day stay of orders authorizing the sale for use of a Debtor's property under Fed. R. Bankr. P. 6004(g).

U. The Debtors have demonstrated that it is an exercise of their sound business judgment to sell, assume, and assign the certain Contracts (as and to the extent set forth in the Agreement, the "Assumed Contracts") to the Successful Bidder in connection with the consummation of the Sale, and the sale, assumption, and assignment of the Assumed Contracts is in the best interests of the Debtors, their estates, and their creditors. The Assumed Contracts sale

and assigment to the Successful Bidder are integral parts of the Agreement and, accordingly, such sale, assumption, and assignment of Assumed Contracts are reasonable and enhance the value of the Debtors' estates.

V. The Debtors or Successful Bidder have (i) cured, or provided adequate assurance of cure, of any default existing prior to the date hereof under any of the Assumed Contracts, within the meaning of section 365(b)(l)(A) of the Bankruptcy Code and (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assumed Contracts, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code, and the Successful Bidder has provided adequate assurance of its future performance of and under the Assumed Contracts, within the meaning of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code.

W. Approval of (i) the Agreement, (ii) the sale, assumption, and assignment of the Assumed Contracts, and (iii) consummation of the Sale of the Assets at this time are in the best interests of the Debtors, their creditors, their estates and other parties in interest and are an exercise of the Debtors' sound business judgment.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is granted, as further described herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

**APPROVAL OF THE AGREEMENT**

3. The Agreement substantially in the form attached hereto, including all of the terms and conditions thereof, is hereby approved.

4. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to perform their obligations under and comply with the terms of the Agreement, and consummate the Sale, pursuant to and in accordance with the terms and conditions of the Agreement.

5. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the Agreement, together with all additional instruments, documents, and agreements that may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be requested by the Successful Bidder the purpose of assigning, transferring, granting, conveying and conferring to the Successful Bidder or reducing to possession, the Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

6. This Order and the Agreement shall be binding in all respects upon all creditors (whether known or unknown) of the Debtors, all successors and assigns of the Successful Bidder, the Debtors, and any subsequent trustee appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code, and shall not be subject to rejection. Nothing contained in any chapter 11 plan confirmed in these bankruptcy cases or the confirmation order confirming any such chapter 11 plan shall conflict with or derogate from the provisions of the Agreement or this Order.

7. The Agreement and any related agreements, documents, or other instruments may be modified, amended or supplemented by the parties thereto in a writing

signed by both parties, and in accordance with the terms thereof, without further order of the Court; provided, that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates.

**TRANSFER OF ASSETS**

8. Except as expressly permitted or otherwise specifically provided for in the Agreement or this Order, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Assets shall be transferred to the Successful Bidder, and upon consummation of the Agreement (the "Closing"), shall be free and clear of all Interests of any kind or nature whatsoever.

9. All such Interests of any kind or nature whatsoever shall attach to the net proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Assets, subject to any claims and defenses the Debtors may possess with respect thereto.

10. Except as expressly permitted or otherwise specifically provided by the Agreement or this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, parties to executory contracts, customers, lenders, trade and other creditors, holding Interests of any kind or nature whatsoever against or in the Debtors or the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtors, the Assets, the operation of the Debtors businesses prior to the Closing, or the transfer of the Assets to the the Successful Bidder, hereby are forever barred, estopped, and permanently enjoined from asserting against the Successful Bidder, its successors or assigns, its property, or the Assets, such persons' or entities' Interests.

11. Transfer of the Assets to the Successful Bidder pursuant to the Agreement shall constitute a legal, valid, and effective transfer of the Assets, and shall vest the Successful Bidder with all right, title, and interest of the Debtors in and to the Assets free and clear of all Interests of any kind or nature whatsoever.

12. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Interests in the Debtors or the Assets shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Interests which the person or entity has with respect to the Debtors or the Assets or otherwise, then (a) the Debtors are hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Assets and (b) the Successful Bidder is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Interests in the Assets of any kind or nature whatsoever.

**SALE, ASSUMPTION, AND ASSIGNMENT TO THE**
**<u>SUCCESSFUL BIDDER OF ASSUMED CONTRACTS</u>**

13. Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, and subject to and conditioned upon the Closing, the Debtors assumption and assignment to the Successful Bidder, and the Successful Bidder's assumption on the terms set forth in the Agreement, of the Assumed Contracts is hereby approved, and the requirements of section 365(b)(l) of the Bankruptcy Code with respect thereto are hereby deemed satisfied.

14. The Debtors are hereby authorized and directed in accordance with sections 105(a), 363, and 365 of the Bankruptcy Code to (1)(a) sell to the Successful Bidder

effective upon the Closing, and (b) assume and assign to the Successful Bidder, effective upon the Closing, the Assumed Contracts free and clear of all Interests of any kind or nature whatsoever and (b) execute and deliver to the Purchaser such documents or other instruments as may be necessary to sell, assign, and transfer the Assumed Contracts the Successful Bidder.

15. The Assumed Contracts shall be sold, transferred, and assigned to, and following the Closing of the Sale remain in full force and effect for the benefit of, the Successful Bidder in accordance with their respective terms, notwithstanding any provision in any such Assumed Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer; provided, further, that pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to the Assumed Contracts, effective upon the Closing.

16. With respect to the Assumed Contracts that are executory contracts, license agreements, or unexpired leases of the Debtors under section 365 of the Bankruptcy Code, the Debtors may assume such Assumed Contracts in accordance with section 365 of the Bankruptcy Code. The Debtors may sell and assign each Assumed Contract in accordance with sections 363 and 365 of the Bankruptcy Code, and any provisions in any Assumed Contract that prohibit or condition the assignment of such Assumed Contract or allow the non-debtor party to such Assumed Contract to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such Assumed Contract, shall constitute unenforceable anti-assignment provisions which are void and of no force and effect. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the sale, assumption, and assignment by the Debtors to the Successful Bidder of each Assumed Contract have been satisfied. Upon Closing, in accordance with sections 363 and 365 of the

Bankruptcy Code, the Successful Bidder shall be fully and irrevocably vested in all right, title and interest of each Assumed Contract. Any portion of any Assumed Contract that purports to permit the landlord to cancel the remaining term of such Assumed Contract if the Debtors discontinues their use or operation of the leased premises are void and of no force and effect, and shall not be enforceable against the Successful Bidder, its assignees and sublessees; and the landlords under any such Assumed Contract shall not have the right to cancel or otherwise modify the Assumed Contract or increase the rent, assert any claim or impose any penalty by reason of such discontinuation, the Debtors' cessation of operations, the assignment of such Assumed Contract to the Successful Bidder, or the interruption of business activities at any of the leased premises.

17. Except with respect to objections to cure amounts that remain unresolved as of the Sale Hearing (as listed on Exhibit 2 attached hereto, the "Unresolved Cure Objections"), the cure amounts required to be paid under 11 U.S.C. § 365 up to an including ____________________, shall be fixed at the amounts listed in the Cure Notice (as may have been revised by agreement among the Debtors, the Successful Bidder and the non-Debtor party to the Assumed Contract) subject to adjustment for any amounts paid by the Debtors to the non-Debtor party to any Assumed Contracts subsequent to ____________________; provided, however, that nothing in this paragraph shall impair the protections afforded to the Debtors in paragraph 15 of this Order and section 365(k) of the Bankruptcy Code, all such protections being immediately enforceable upon Closing.

18. All defaults or other obligations of the Debtors under the Assumed Contracts arising or accruing prior to the Closing under the Agreement (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of

the Bankruptcy Code) shall be cured at the Closing of the Sale or as soon thereafter as practicable; provided, however, that nothing in this paragraph shall impair the protections afforded to the Debtors in paragraph 15 of this Order and section 365(k) of the Bankruptcy Code, all such protections being immediately enforceable upon Closing.

19. At or prior to the Closing, the Successful Bidder shall establish, or cause to be established, a segregated interest bearing reserve from which cure costs arising on or prior to the Closing shall be paid (the "Cure Reserve"). The Cure Reserve shall be funded in an amount equal to (i) the maximum liquidated amount of cure costs asserted in each remaining Unresolved Cure Objection plus (without duplication), (ii) the aggregate amount of all unpaid cure amounts for the Gap Period as hereinafter defined, and (iii) the amount listed in the Cure Notices required to be paid by the Successful Bidder in connection with the Assumed Contracts. Funds shall be released to the cure party or the Purchaser from the Cure Reserve as cure disputes are resolved. All liquidated cure amounts listed in the Cure Notice unpaid as of the Closing Date that are not the subject of an Unresolved Cure Objection and those portions of the Unresolved Cure Objections which the Debtors and Successful Bidder acknowledge are due and owing shall be paid within thirty (30) days of the Closing Date. All cure amounts arising after ____________________ through the Closing Date (the "Gap Period") that are not disputed by Successful Bidder and the Debtors, including Unresolved Cure Objections, and that remain unpaid as of the Closing Date shall be paid in the ordinary course of business after the Closing from the Cure Reserve. To the extent any cure amounts arising in the Gap Period that are not disputed by the Successful Bidder and the Debtors, including Unresolved Cure Objections that remain unpaid upon the expiration of thirty (30) days from the Closing Date, the non-Debtor party to an Assumed Contract asserting unpaid cure amounts during the Gap Period shall have

thirty (30) days from the end of such thirty (30) day period to file a motion with the Court for payment of such cure amounts. The Unresolved Cure Objections shall be resolved in the following manner: (a) the Assumed Contracts relating to the Unresolved Cure Objections shall be sold, assumed, and assigned in accordance with the terms of the Agreement and this Order, (b) within thirty (30) days after the date of this Order, the Successful Bidder, the Debtors (to the extent that the Cure Reserve contains any proceeds) and each non-Debtor party to an Assumed Contract shall negotiate in good faith a resolution of the Unresolved Cure Objection, and (c) to the extent the parties are unable to resolve the applicable Unresolved Cure Objection, any such party may request the Court to set the Unresolved Cure Objection for hearing before the Court on no less than fourteen days notice.

20. Except as provided in paragraph 19 above with respect to Unresolved Cure Objections, each non-Debtor party to an Assumed Contract hereby is forever barred, estopped, and permanently enjoined from asserting against the Successful Bidder, or its property, any default existing as of the Closing. The Successful Bidder shall be exclusively responsible for payment of all cure costs with respect to the Assumed Contracts pursuant to section 365 of the Bankruptcy Code; that nothing in this paragraph shall impair the protections afforded to the Debtors in paragraph 15 of this Order and section 365(k) of the Bankruptcy Code, all such protections being immediately enforceable upon Closing.

**ADDITIONAL PROVISIONS**

21. The consideration provided by the Successful Bidder for the Assets under the Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

22. Effective upon the Closing, the Debtors' creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release their Interests in the Assets, if any, as such Interests may have been recorded or may otherwise exist.

23. This Order shall be effective as a determination that, on the Closing, all Interests of any kind or nature whatsoever existing as to the Debtors or the Assets prior to the Closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected.

24. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, and retains jurisdiction over any disputes with respect thereto.

25. Notwithstanding anything in this Order or the Agreement, the Debtors and the Successful Bidder acknowledges that following the Closing, the Debtors, their successors or assigns, or the Committee or a trustee appointed under either Chapter 11 or 7 of the Bankruptcy Code may need access to the books and records, information or other documents in the control or possession of the Successful Bidder for the purposes of concluding the Debtors' bankruptcy proceedings (the "Bankruptcy Cases"). Accordingly, the Successful Bidder agrees that until the Bankruptcy Cases are closed, it shall make reasonably available to the Debtors, their representatives, agents, professionals, successors or assigns; the Committee and its professionals; or a trustee appointed under either Chapter 11 or 7 of the Bankruptcy Code and at the expense of the requesting party, such books and records, information and documents as may be available relating to the Assets for periods prior and subsequent to the Closing to the extent necessary to facilitate concluding the Bankruptcy Cases, audits, compliance with governmental requirements

and regulations, and the prosecution or defense of claims or other causes of action retained by the Debtors or a statutory committee or trustee appointed under either Chapter 11 or 7 of the Bankruptcy Code.

26. The Debtors are authorized to take any and all actions that are necessary to carry out the provisions of this Order and execute any and all documents necessary to implement the Sale to the Successful Bidder.

27. As provided by Bankruptcy Rules 6004(g) and 6006(d), this Order shall not be stayed for ten (10) days after the entry thereof and shall be effective and enforceable immediately upon its entry on this Court's docket.

Dated: Wilmington, Delaware
_________________, 2007

_______________________________
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

(The Agreement)

# EXHIBIT 2

(The Unresolved Cure Objections)