**EXHIBIT B**

**PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:

AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corporation, et al.,

Debtors.

---

x
:
:
:
:
:
:
:
:
x

Chapter 11

Case No. 07-11047 (CSS)

Jointly Administered

Ref. Docket No. _____

**ORDER PURSUANT TO SECTIONS 105(a), 345, AND 503(b)(1)
OF THE BANKRUPTCY CODE (I) AUTHORIZING
DEBTORS TO MAINTAIN AND USE EXISTING BANK ACCOUNTS
AND BUSINESS FORMS, (II) AUTHORIZING THE DEBTORS TO MAINTAIN
AND USE EXISTING CASH MANAGEMENT SYSTEM, AND (III) EXTENDING THE
DEBTORS' TIME TO COMPLY WITH SECTION 345 OF THE BANKRUPTCY CODE**

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors"),[2] seeking entry of an order pursuant to sections 105(a), 345, and 503(b)(1) of title 11, United States Code (the "Bankruptcy Code") (i) authorizing the continued use of existing bank accounts and business forms; (ii) authorizing the continued use of their existing cash management system; (iii) extending the time within which the Debtors must comply with section 345(b) of the Bankruptcy Code, all as

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

described more fully in the Motion; and (iv) granting administrative expense priority status to postpetition Intercompany Claims held by a Debtor against one or more of the other Debtors; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of the Motion having been provided; and it appearing that no other or further notice of the Motion need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and all parties in interest; and upon the Motion, and the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief, dated as of the Petition Date; and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

>ORDERED that the Motion is granted; and it is further

>ORDERED that the Debtors are authorized to (i) designate, maintain, and

continue to use their existing pre-petition Bank Accounts, in the names and with the account numbers existing immediately prior to the commencement of their chapter 11 cases; <u>provided, however,</u> that the Debtors reserve the right to close some or all of their pre-petition Bank Accounts and open new debtor in possession accounts; <u>provided, however,</u> that any new accounts shall be with a bank that is insured by the Federal Deposit Insurance Corporation and organized under the laws of the United States or any state therein; (ii) deposit funds in and withdraw funds from such accounts by all usual means, including, without limitation, checks, wire transfers, and other debits; (iii) pay any ordinary course bank fees incurred post-petition in connection with the Bank Accounts and to otherwise perform their obligations under the documents governing the Bank Accounts; and (iv) treat the Bank Accounts for all purposes as debtor in possession accounts; and it is further

ORDERED that all banks in which the Debtors maintain the Bank Accounts as of the commencement of their chapter 11 cases are authorized and directed to continue to maintain, service, and administer such Bank Accounts as accounts of a Debtor as a debtor in possession in accordance with the documents governing such Bank Accounts; <u>provided, however,</u> that nothing contained herein shall authorize any such bank to honor any check issued or dated prior to the commencement of the Debtors' chapter 11 cases, if the applicable Debtor has timely issued an appropriate stop payment order, except as otherwise provided by separate order(s) of this Court; and it is further

ORDERED that the Debtors are authorized to maintain and continue to use any and all business forms substantially in the forms existing immediately prior to the commencement of the Debtors' chapter 11 cases, without reference to their status as debtors in possession; and it is further

ORDERED that, notwithstanding the foregoing, as soon as practicable the Debtors will label their checks with the legend "debtor in possession"; "DIP"; or such similar terms; and it is further

ORDERED that the Debtors and their duly appointed agents and custodians are authorized and empowered to continue to manage the Debtors' cash pursuant to the cash management system maintained by the Debtors prior to the commencement of their chapter 11 cases, to continue to perform their obligations under the agreements governing such system, and to transfer funds by and among the Debtors and their affiliates, and by and among their respective Bank Accounts and other accounts maintained with or by their duly appointed agents and custodians, as and when needed and in the amounts necessary or appropriate to maintain their operations and facilitate the orderly operation of their estates or businesses; <u>provided, however,</u> that such transfers of funds by and among the Debtors and their affiliates do not violate

or impair any party's rights under the Securitization Documents, the Cash Collateral Order or other similar documents; and it is further

ORDERED that the Debtors shall maintain records of transfers within the cash management system so that post-petition transfers and transactions shall be adequately documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors prior to the commencement of these chapter 11 cases; and it is further

ORDERED that the Debtors are authorized to continue operating as mortgage servicer in the ordinary course of business, including, but not limited to, operating and maintaining the Custodial Accounts in connection and in accordance with the Securitization Documents; and it is further

ORDERED that the Debtors are authorized to continue to deduct amounts from the Custodial Accounts for the Loan Servicing Advances and HELOC Advances; and it is further

ORDERED that in the course of providing cash management services to the Debtors, the Debtors' banks are authorized, without further Order of this Court, to continue to deduct from the appropriate accounts of the Debtors, the bank's customary fees and expenses associated with the nature of the deposit, cash management and custodial services rendered to the Debtors. The Debtors are further authorized to pay customary prepetition banking and custody fees owed to any of their banks. Any such customary postpetition banking and custody fees will have administrative priority; and it is further

ORDERED that the Debtors' banks are authorized to process, reverse and debit deposits which are returned by payor banks in the ordinary course of business, honor and pay all prepetition checks and transfers related to the P&I Funds, the T&I Funds or otherwise made in the ordinary course of business of loans serviced by the Debtors; and it is further

ORDERED that no later than five (5) business days following entry of this Order, the Debtors shall make reasonable efforts to provide to each applicable bank a list (the "Prepetition Check List") of applicable checks (except with respect to checks drawn on or amounts transferred from Custodial Accounts) that have not been honored prior to the Petition Date (the "Prepetition Checks"), designate whether or not such Prepetition Checks should be honored pursuant to any orders entered by the Court, and that a bank's reasonable reliance on the Prepetition Check List in connection with honoring or dishonoring of a Prepetition Check, as the case may be, shall not constitute a violation of this Order and shall have no liability for a Prepetition Check or other item drawn on any account that is the subject of this Order; and it is further

ORDERED that each bank that maintains a disbursement account shall implement reasonable handling procedures designed to effectuate the terms of this Order, and no bank that implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order either (i) at the direction of the Debtors to honor such prepetition check or item, (ii) in good faith belief that the Court has authorized such prepetition check or item to be honored, or (iii) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed in violation of this Order and shall have no liability for a prepetition or other item drawn on account that is the subject of this Order; and it is further

ORDERED that the Debtors shall maintain records in accordance with their normal and customary practices reflecting all transfers of funds under the terms and conditions provided by the existing agreements with the institutions participating in the Debtors' cash management system. In connection with the ongoing utilization of their cash management system, the Debtors shall continue to maintain records with respect to all transfers of cash so that

all transactions may be ascertained, traced and recorded properly on the applicable accounts; and it is further

ORDERED that the Debtors shall perform each of their Securitization Servicing Functions in accordance with the terms and conditions of the Securitization Documents until the Termination Date (as defined below). Without limiting the generality of the foregoing, the Debtors are authorized and directed to make all required Advances and to perform indemnification obligations as provided under the Securitization Documents without further application to, or order of, this Court. In addition, the Debtors request that parties to the securitization transactions be authorized, free and clear of any constraints imposed by the Bankruptcy Code, including, without limitation, section 362 of the Bankruptcy Code, to continue any customary prepetition practices of billing, reporting or otherwise making demands on each other as to amounts due and to the extent that the relevant parties continue to agree to do so, of "netting" amounts currently due to and from such parties; and it is further

ORDERED that pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code, any claims against one or more of the Debtors arising from postpetition performance of the Securitization Servicing Functions shall be afforded priority as an administrative expense; and it is further

ORDERED that pursuant to section 553 of the Bankruptcy Code, to the extent any trustees under each Securitization Document are entitled to a right of set off, such right shall be preserved, including, without limitation, the right to recover from the Debtors funds held by the trustee on the Petition Date and released to the Debtors pursuant to the operative documents, and such counterparties shall not be deemed to have waived any defenses to any such asserted rights of set off, so that all such rights are reserved. To the extent such right of set off existed on the Petition Date and at such later date as is appropriate such right is lost or diminished because of a

lack of the Debtors' funds against which to set off, such banks shall be granted, as adequate protection therefore, an administrative expense allowed under section 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code; and it is further

ORDERED that the trustees under each Securitization Document shall be afforded reasonable access, through their employees or designated agents, to the Debtors' facilities, personnel and record-keeping systems in order to allow them to monitor the Debtors' compliance with the Securitization Servicing Functions and to make contingency plans in the event the Debtors seek to reject any of the Securitization Documents which may be executory contracts. The Debtors shall cause their servicing and accounting personnel to be reasonably available to, and to cooperate reasonably with, trustee representatives in the conduct of such efforts. Such access and cooperation shall be subject to reasonable limitations as to time, place and manner, as the Debtors may prescribe to avoid any undue burden to their business operations. In addition, upon request of the trustee under any Securitization Document, the servicing Debtor entity shall cause any other depositary institution holding funds or accounts established pursuant to, or in implementation of, the Securitization Documents, to afford such trustee reasonable electronic access to view and monitor transactions and balances in such accounts. The reasonable costs of such trustee monitoring efforts shall be considered a reasonable expense of administration of the securitization trust reimbursable under the indemnification provisions of the Securitization Documents; and it is further

ORDERED that nothing in this Order shall be deemed to limit any right of any trustee under any Securitization Document to seek relief from the automatic stay to terminate the Debtor servicing entities' securitization appointment in appointment in accordance with the Securitization Documents; nor shall anything in this Order be deemed to waive or impair any right of the Debtors to oppose any such motion for relief from the automatic stay.

ORDERED that, subject to the preceding decretal paragraph, the Debtors shall continue to perform all Securitization Servicing Functions under each Securitization Document until the earlier of termination of the Securitization Document in accordance with its terms or the effective date of any rejection of the relevant servicing agreement, which effective date (in the case of rejection) shall not be earlier than thirty (30) days after the order approving such rejection becomes final unless the Court shortens such time upon request by the Debtors after notice and an opportunity to be heard by the trustees under such Securitization Document, and a showing by the Debtors of adequate cause therefore and a balancing of the harm that will be suffered by the Debtors compared to the harm that will be suffered by the trustees under such Securitization Document, the underlying trusts or investors therein, as well as the underlying mortgagors (the "Termination Date"). All claims accruing after the Petition Date prior to the Termination Date shall be afforded priority pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code. Nothing in this Order shall impair the Debtors' rights to seek to assume or to assume and assign the servicing agreements; and it is further

ORDERED that the Debtors' time to come into compliance with section 345 of the Bankruptcy Code is hereby extended for a period of sixty (60) days from the Petition Date (the "Extension Period"); provided, however, that such extension is without prejudice to the Debtors' right to request a further extension of the Extension Period; and it is further

ORDERED that the Debtors are authorized, from and after the Petition Date, to continue to engage in intercompany transactions. All Intercompany Claims held by one Debtor against another Debtor arising from postpetition intercompany transfers shall be entitled to administrative expense priority pursuant to section 503(b)(1) of the Bankruptcy Code. In connection therewith, the Debtors shall continue to maintain current records with respect to all

transfers of cash so that all transactions, including intercompany transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts; and it is further

ORDERED that nothing contained in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease by virtue of reference to any such contract or lease in the Motion; and it is further

ORDERED that no right of any entity in connection with a contract or transaction of the kind listed in section 561(a) of the Bankruptcy Code, whatever they might or might not be, are affected by the entry of this Order; and it is further

ORDERED that all of the provisions of this Order, which pertain to the Debtors' performance or transfer of servicing functions with respect to securitizations are equally applicable to the Debtors' performance or transfer of servicing functions with respect to repurchase agreements; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Order.

Dated:    Wilmington, Delaware
          _____, 2007

_____
UNITED STATES BANKRUPTCY JUDGE