IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **AMERICAN HOME MORTGAGE** | ) | Case Nos.  07-11047 (CSS) |
| **HOLDINGS, INC., et al.,**[1] | ) | |
| | ) | (Joint Administration Pending) |
| Debtors. | ) | |
| | ) | Related Docket Nos. 11, 12, 14, 16 and 17 |
| | ) | |
| | ) | Hearing: August 7, 2007 at 3:00 p.m. |
| | ) | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ABN AMRO BANK N.V. (AGENT FOR THE PURCHASERS UNDER THE MASTER REPURCHASE AGREEMENT WITH THE DEBTORS DATED AS OF FEBURARY 28, 2007) WITH RESPECT TO THE FOLLOWING MOTIONS OF THE DEBTORS FOR AUTHORITY TO: (1) ENTER INTO DIP FINANCING AGREEMENT; (2) USE CASH COLLATERAL; (3) CONTINUE CASH MANAGEMENT SYSTEM; (4) SELL THE SERVICING BUSINESS; AND (5) SELL THE MORTGAGE LOANS**

Preliminary Statement

1.      ABN AMRO Bank N.V. ("ABN"), the Agent for the Purchasers under a Master Repurchase Agreement with certain of the Debtors dated as of February 28, 2007, files this limited objection and reservation of rights with respect to approximately $146 million principal amount of Purchased Mortgage Loans[2] originated  by certain of the Debtors and sold to ABN prior to the Petition Date under the Master Repurchase Agreement.  The Purchased Mortgage Loans, the Collections thereon and the Related Security including servicing rights, are not property of the Debtors' estates and cannot be used, sold or encumbered without the consent of

---

[1]   The Debtors are American Home Mortgage Holdings, Inc., American Home Mortgage Acceptance, Inc., American Home Mortgage Corp., American Home Mortgage Investment Corp., American Home Mortgage Servicing, Inc., American Home Mortgage Ventures LLC, Homegate Settlement Services, Inc., and Great Oak Abstract Corp.

[2]   All capitalized terms used but not defined herein shall have the meaning given to them in the Master Repurchase Agreement and related Transaction Documents.

ABN; and ABN does not consent.  To the extent any of the Debtors' motions to enter into a DIP Financing Agreement (docket no. 17), use cash collateral (docket no. 16), continue the use of cash management systems (docket no. 14) or sell loans (docket no. 12) or servicing rights (docket no. 11) purport to apply in any way to the Purchased Mortgage Loans and Related Security, ABN hereby objects to the Debtors' request for relief.  In addition, ABN objects to each of the motions to the extent the motions seek to limit ABN's rights arising under Bankruptcy Code §§ 362(b), 555, 559, or 561.  Finally, ABN holds perfected, protective first priority security interests in the Purchased Mortgage Loans and Related Security, and ABN does not consent, and hereby objects to the grant of any liens on its collateral or the use of its cash collateral, as the Debtors have made no offer of adequate protection to ABN.

       2.      ABN also is a party to various swap agreements and related agreements and transactions (collectively, the "Swap Agreements") entered into with certain of the Debtors and certain other entities.  ABN holds (i) perfected first priority security interests in various property (collectively, the "Swap Agreement Collateral") that secures the performance by the Debtors and other entities of their respective payment and other obligations under the Swap Agreements, and (ii) rights of setoff, netting and recoupment (collectively, the "Setoff Rights") under or in connection with the Swap Agreements.  ABN does not consent, and hereby objects, to any limitation on its rights with respect to the Swap Agreement Collateral or the Setoff Rights, including rights arising under Bankruptcy Code § 362(b), 555, 559, 560, or 561.

<u>Background</u>

       3.      Certain of the debtors in these chapter 11 cases – American Home Mortgage Acceptance, Inc., ("AHMA"), American Home Mortgage Corp. ("AHMC"), American Home Mortgage Investment Corp. ("AHMI"), and American Home Mortgage Servicing, Inc. ("AHMS") – are parties to a Master Repurchase Agreement, dated as of February 28, 2007 (as may have been supplemented and amended from time to time, the "ABN MRA," Exhibit 1 to the Declaration of William J. Fitzgerald (the "Fitzgerald Decl.") filed concurrently herewith), under

which Debtors AHMS, AHMA, AHMC and AHMI are Sellers, Debtor AHMS is the Servicer, and ABN, it its capacity as Agent for the Purchasers ("Agent"), is the Buyer.

4. The Debtors, ABN and others are parties to a number of additional agreements related to the ABN MRA (the "Transaction Documents"), including but not limited to the following:

(a) a Performance Guaranty, dated as of February 28, 2007, made by Debtors AHMI and American Home Mortgage Holdings, Inc. in favor of ABN as Agent, the Group Agents and other Indemnified Parties under the ABN MRA (Fitzgerald Decl., Exhibit 2);

(b) a Custodial Agreement, dated as of February 28, 2007, by and among Debtors AHMS, AHMA, AHMC and AHMI as Sellers, Debtor AHMS as the Servicer, ABN as Agent, and Deutsche Bank National Trust Company ("Deutsche Bank") as Custodian (the "Custodial Agreement," Fitzgerald Decl., Exhibit 3);

(c) an Account Control Agreement, dated as of February 28, 2007, by and among Debtors AHMS, AHMA, AHMC and AHMI as Sellers, Debtor AHMS as Servicer, ABN as Agent, and Deutsche Bank as Bank (the "Account Control Agreement," Fitzgerald Decl., Exhibit 4);

(d) an Electronic Tracking Agreement, dated as of February 28, 2007, by and among Debtors AHMS, AHMA, AHMC and AHMI as Sellers, Debtor AHMS as Servicer, MERSCORP, Inc. as Electronic Agent, Mortgage Electronic Registration Systems, Inc., and ABN as Agent (Fitzgerald Decl., Exhibit 5); and

(e) a Letter Agreement, dated as of February 28, 2007, by and among Debtors AHMS, AHMA, AHMC and AHMI as Sellers, Debtor AHMS as Servicer, Amsterdam Funding Corporation as the initial Conduit Purchaser, the other Conduit Purchasers from time to time, ABN, as a Committed Purchaser, the other Committed Purchasers from time to time, ABN as Group Agent for the ABN AMRO Group, the other Group Agents from time to time, and ABN as Agent for the Conduit Purchasers and the Committed Purchasers (the "Letter Agreement," Fitzgerald Decl., Exhibit 6).

3

5. Pursuant to the ABN MRA, Letter Agreement and the other Transaction Documents, Sellers agreed to transfer to Buyer Mortgage Loans against the transfer of funds by Buyer, with a simultaneous agreement by Buyer to transfer to the Seller such Mortgage Loans at a date certain and on demand against the transfer of funds by such Seller. On each Purchase Date, all of the applicable Seller's interest in the applicable Purchased Mortgage Loans passed to Buyer ABN.

6. As of July 31, 2007, the Debtors had originated and sold to Buyer ABN under the ABN MRA, and were servicing, approximately $146 million in aggregate principal amount of the Purchased Mortgage Loans.

7. Pursuant to the Custodial Agreement, (a) the Debtors transferred the Principal Mortgage Documents in respect of the Purchased Mortgage Loans to Deutsche Bank as Custodian for Buyer ABN, and (b) the Other Mortgage Documents (appraisals, surveys, title insurance policies, etc.) are held by the Servicer in trust for Buyer ABN.

8. Pursuant to the Account Control Agreement, all Collections on the Purchased Mortgage Loans are delivered to Deutsche Bank for the benefit of Buyer ABN.

9. Also pursuant to the ABN MRA, (a) the parties stated their intent that the transfers of the Purchased Mortgage Loans from Sellers to Buyer be sales and purchases and not loans, and (b) Sellers granted to Buyer a protective security interest in the Purchased Mortgage Loans, Mortgages, Mortgage Notes and Related Security, and the proceeds thereof. Buyer ABN perfected this security interest by having the Custodian take possession of the Principal Mortgage Documents, having Deutsche Bank receive all collections on the Purchased Mortgage Loans, and by filing Uniform Commercial Code financing statements in Maryland and New York. Copies of those UCC-1 financing statements are attached to the Fitzgerald Decl. as Exhibit 7.

10. Prior to August 1, 2007, Events of Default occurred under the ABN MRA, the Letter Agreement and the other Transaction Documents, the occurrence of which entitled Agent ABN to declare the Repurchase Date and Termination Date under the ABN MRA.

11. On August 1, 2007, prior to the Petition Date, Agent ABN delivered to each of the Sellers and the Servicer notices of the occurrence of the Events of Default and of the occurrence of the Repurchase Date and Termination Date under the ABN MRA. Copies of those notices are attached to the Fitzgerald Decl. as Exhibit 8.

12. Also on August 1, 2007, Agent ABN delivered notices of default (a) under the Custodian Agreement and the Account Control Agreement to Deutsche Bank, and (b) under the Electronic Tracking Agreement to MERSCORP, Inc. Copies of those notices are attached to the Fitzgerald Decl. as Exhibit 9.

13. The ABN MRA, the other Transaction Documents and the Swap Agreements are (a) agreements or transactions described in Bankruptcy Code § 561(a), and (b) entitled to the protections provided under, *inter alia*, Bankruptcy Code §§ 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 362(o), 555, 559, 560, and 561.

The Debtors' Pending Motions

The DIP Financing Motion

14. The Debtors' motion for authority to enter into a DIP Financing Agreement with WLR Recovery Fund III, L.P. (the "DIP Lender") seeks to grant to the DIP Lender liens on all assets of the Debtors' estates (but not on the "BofA Collateral"). Whether or not the motion intends to grant liens on the Purchase Mortgage Loans and Related Security owned by ABN under the ABN MRA, or on the Swap Agreement Collateral, is unclear. ABN does not consent, and hereby objects, to the grant of any liens on the Purchased Mortgage Loans and Related Security acquired by ABN under the ABN MRA, as that property is not property of the Debtors' estates, and such liens could impair ABN's rights to dispose of the Purchased Mortgage Loans and Related Security under the MRA, in direct contravention of ABN's unequivocal protections under the Bankruptcy Code, including the provisions cited in paragraph 13 above. Similarly, ABN does not consent, and hereby objects, to the grant of any liens on the Swap Agreement Collateral, and objects to the proposed DIP Financing Agreement to the extent that it would have

the effect of limiting or otherwise affecting the Setoff Rights in any way. ABN respectfully requests that any order approving the DIP Financing Agreement provide that:

> "Nothing in this Interim Order grants liens on (a) Purchased Mortgage Loans, Collections or Related Security under the Master Repurchase Agreement, dated as of February 28, 2007, with ABN, in its capacity as Agent for the Purchasers, as Buyer, or (b) on the collateral securing the Debtors' obligations under swap agreements with ABN. Furthermore, nothing in this Order shall limit or otherwise affect any rights provided under the Bankruptcy Code to any party to an agreement or transaction of the kind specified in sections 561(a) of the Bankruptcy Code, including any right to dispose of property free and clear of any subordinate lien granted under this Interim Order, with such subordinate lien attaching only to the proceeds of any disposition. In addition, without limiting the foregoing, all such subordinate liens granted pursuant to this Interim Order shall be subject and subordinate to the rights of setoff, netting and recoupment of parties to agreements and transactions described in Bankruptcy Code § 561(a)."

### The Cash Collateral Motion

15. The Debtors' cash collateral motion seeks authority to use the cash collateral proceeds of pre-petition collateral under a loan agreement dated as of August 10, 2006, in which Bank of America, N.A. is the agent for the lenders. The Debtors describe the pre-petition collateral as including mortgage loans, mortgage receivables, servicing rights and related documents, books and records. It is not clear from the substance of the motion whether the Debtors' references to mortgage loans and mortgage receivables include the Purchased Mortgage Loans, Collections and Related Security under the ABN MRA. If so, ABN objects to any such use of ABN's property; moreover, ABN objects to the Debtors' use of ABN's cash collateral, as the Debtors have made no offer of adequate protection to ABN. ABN respectfully requests that any interim order approving the use of cash collateral provide that:

> "Nothing in this Interim Order authorizes the Debtors to use any Collections in respect of Purchased Mortgage Loans and Related Security under the Master Repurchase Agreement, dated as of February 28, 2007, with ABN, in its capacity as Agent for the Purchasers, as Buyer."

6

The Cash Management Motion

16. ABN does not object to the Debtors' motion to continue using its cash management system as long as the Debtors use cash management systems consistent with the ABN MRA and related Transaction Documents. Moreover, ABN does not object to the Debtors' temporary use of ABN's cash for the purpose of servicing the Purchased Mortgage Loans under the ABN MRA, and the Debtors and ABN are in discussions regarding the temporary continued servicing of such Purchased Mortgage Loans by the Debtors. However, ABN does not consent to the use of its cash for any purpose other than the servicing of the Purchased Mortgage Loans under the ABN MRA by the Debtors.

The Two Sale Motions

17. The Debtors' motion for approval of procedures to sell its mortgage Servicing Business does not make clear whether the Debtors intend to include in that Servicing Business the servicing of the Purchased Mortgage Loans under the ABN MRA. If the Debtors so intend, ABN does not consent at this time to the inclusion of the servicing of the Purchased Mortgage Loans under the ABN MRA as part of the business that will be sold. Absent the consent of ABN, any such sale would be in clear contravention of the protections afforded ABN under Bankruptcy Code §§ 555, 559 and 561 to cause the termination and liquidation of the MRA and the other Transaction Documents.

18. The Debtors' motion for approval of procedures to sell its mortgage loans also is unclear as to whether the Debtors seek to sell the Purchased Mortgage Loans that ABN already purchased pre-petition under the ABN MRA. If that is the Debtors' intent, ABN objects because the Debtors may not sell assets they have no ownership interests in, and any such sale would be in direct contravention of ABN's rights under sections 555, 559, and 561 of the Bankruptcy Code to terminate and liquidate the MRA and dispose of the Purchase Mortgage Loans and Related Security.

7

Conclusion

19. ABN does not object to the Debtors' use of ABN's cash solely to service the Purchased Mortgage Loans under the ABN MRA. ABN objects to all other relief requested by the Debtors in the above-referenced motions to the extent the Debtors seek to use, encumber, sell or otherwise dispose of the Purchased Mortgage Loans and Related Security owned by ABN pursuant to the ABN MRA and related Transaction Documents, or the Swap Agreement Collateral, and ABN requests that the Court incorporate the language proposed above in paragraphs 14 and 15 into the applicable orders.

Respectfully submitted,

August 6, 2007

MILBANK, TWEED, HADLEY & McCLOY LLP
Gregory A. Bray
Fred Neufeld
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063

Eric K. Moser
Wilbur F. Foster Jr.
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219

and

RICHARDS, LAYTON & FINGER, P.A.

  /s/ *John H. Knight*
Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701

Attorneys for ABN AMRO BANK N.V.