IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **AMERICAN HOME MORTGAGE** | ) | Case Nos. 07-11047 (CSS) |
| **HOLDINGS, INC., et al.,**[1] | ) | |
| | ) | (Joint Administration Pending) |
| Debtors. | ) | |
| | ) | Related Docket Nos. 11, 12, 14, 16 and 17 |
| | ) | |
| | ) | Hearing: August 7, 2007 at 3:00 p.m. |
| | ) | |

**DECLARATION OF WILLIAM J. FITZGERALD IN SUPPORT OF:
LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ABN AMRO
BANK N.V. (AGENT FOR THE PURCHASERS UNDER THE MASTER
REPURCHASE AGREEMENT WITH THE DEBTORS DATED AS OF FEBURARY
28, 2007) WITH RESPECT TO THE FOLLOWING MOTIONS OF THE DEBTORS
FOR AUTHORITY TO: (1) ENTER INTO DIP FINANCING AGREEMENT;
(2) USE CASH COLLATERAL; (3) CONTINUE CASH MANAGEMENT SYSTEM;
(4) SELL THE SERVICING BUSINESS; AND (5) SELL THE MORTGAGE LOANS**

1. I am the Group Senior Vice President at the New York Offices of ABN AMRO Bank, N.V. ("ABN"). I am one of the principal officers at ABN responsible for the administration of certain Mortgage Loans purchased by ABN (in its capacity as Agent for certain Purchasers) from the above-captioned Debtors under a Master Repurchase Agreement and related documents described below. I am over the age of eighteen. I am familiar with the documents and transactions described below, and, if called to testify, I could and would testify competently with respect to the matters described below based upon my personal knowledge and/or based upon the information conveyed to me by my colleagues and subordinates at ABN who are in possession of the relevant documents in the ordinary course of their jobs at ABN and

---

[1] The Debtors are American Home Mortgage Holdings, Inc., American Home Mortgage Acceptance, Inc., American Home Mortgage Corp., American Home Mortgage Investment Corp., American Home Mortgage Servicing, Inc., American Home Mortgage Ventures LLC, Homegate Settlement Services, Inc., and Great Oak Abstract Corp.

LA1:#6357852

-2-

who have reviewed such documents. Each of the documents described below is contained in the files ABN maintains relating to the Debtors. The documents attached are true and correct copies of the documents contained in ABN's files relating to the Debtors, as they have been maintained in the ordinary course of business by ABN during the course of ABN's acquisition of the Mortgage Loans from the Debtors under the Master Repurchase Agreement.

2. Certain of the debtors in these chapter 11 cases – American Home Mortgage Acceptance, Inc., ("AHMA"), American Home Mortgage Corp. ("AHMC"), American Home Mortgage Investment Corp. ("AHMI"), and American Home Mortgage Servicing, Inc. ("AHMS") – are parties to a Master Repurchase Agreement, dated as of February 28, 2007 (as may have been supplemented and amended from time to time, the "ABN MRA," Exhibit 1 hereto), under which Debtors AHMS, AHMA, AHMC and AHMI are Sellers, Debtor AHMS is the Servicer, and ABN, it its capacity as Agent for the Purchasers ("Agent"), is the Buyer.

3. The Debtors, ABN and others are parties to a number of additional agreements related to the ABN MRA (the "Transaction Documents")[2], including but not limited to the following:

(a) a Performance Guaranty, dated as of February 28, 2007, made by Debtors AHMI and American Home Mortgage Holdings, Inc. in favor of ABN as Agent, the Group Agents and other Indemnified Parties under the ABN MRA (Exhibit 2 hereto);

(b) a Custodial Agreement, dated as of February 28, 2007, by and among Debtors AHMS, AHMA, AHMC and AHMI as Sellers, Debtor AHMS as the Servicer, ABN as Agent, and Deutsche Bank National Trust Company ("Deutsche Bank") as Custodian (the "Custodial Agreement," Exhibit 3 hereto);

---

[2] All capitalized terms used but not defined herein shall have the meaning given to them in the Transaction Documents.

LA1:#6357852                                   -2-

      (c)  an Account Control Agreement, dated as of February 28, 2007, by and among Debtors AHMS, AHMA, AHMC and AHMI as Sellers, Debtor AHMS as Servicer, ABN as Agent, and DEUTSCHE BANK as Bank (the "Account Control Agreement," Exhibit 4 hereto)

      (d)  an Electronic Tracking Agreement, dated as of February 28, 2007, by and among Debtors AHMS, AHMA, AHMC and AHMI as Sellers, Debtor AHMS as Servicer, MERSCORP, Inc. as Electronic Agent, Mortgage Electronic Registration Systems, Inc., and ABN as Agent (Exhibit 5 hereto); and

      (e)  a Letter Agreement, dated as of February 28, 2007, by and among Debtors AHMS, AHMA, AHMC and AHMI as Sellers, Debtor AHMS as Servicer, Amsterdam Funding Corporation as the initial Conduit Purchaser, the other Conduit Purchasers from time to time, ABN, as a Committed Purchaser, the other Committed Purchasers from time to time, ABN as Group Agent for the ABN AMRO Group, the other Group Agents from time to time, and ABN as Agent for the Conduit Purchasers and the Committed Purchasers (the "Letter Agreement," Exhibit 6 hereto).

4.     Pursuant to the ABN MRA, Letter Agreement and the other Transaction Documents, Sellers agreed to transfer to Buyer Mortgage Loans against the transfer of funds by Buyer, with a simultaneous agreement by Buyer to transfer to the Seller such Mortgage Loans at a date certain and on demand, against the transfer of funds by such Seller. On each Purchase Date, all of the applicable Seller's interest in the applicable Purchased Mortgage Loans passed to Buyer ABN.

5.     As of July 31, 2007, the Debtors had originated and sold to Buyer ABN under the ABN MRA, and were servicing, approximately $146 million in aggregate principal amount of Purchased Mortgage Loans.

6.     Pursuant to the Custodial Agreement, (a) the Debtors transferred the Principal Mortgage Documents in respect of the Purchased Mortgage Loans to Deutsche Bank as Custodian for Buyer ABN, and (b) the Other Mortgage Documents (appraisals, surveys, title insurance policies, etc.) are held by the Servicer in trust for Buyer ABN.

7. Pursuant to the Account Control Agreement, all Collections on the Purchased Mortgage Loans are delivered to Deutsche Bank for the benefit of Buyer ABN.

8. Also pursuant to the ABN MRA, (a) the parties stated their intent that the transfers of the Mortgage Loans from Sellers to Buyer be sales and purchases and not loans, and (b) Sellers granted to Buyer a protective security interest in the Purchased Mortgage Loans, Mortgages, Mortgage Notes and Related Security, and the proceeds thereof.  Buyer ABN perfected this security interest by having the Custodian take possession of the Principal Mortgage Documents, having Deutsche Bank receive all collections on the Purchased Mortgage Loans, and by filing Uniform Commercial Code financing statements in Maryland and New York.  Copies of those UCC-1 financing statements are attached hereto as Exhibit 7.

9. Prior to August 1, 2007, Events of Default occurred under the ABN MRA, the Letter Agreement and the other Transaction Documents, the occurrence of which entitled Agent ABN to declare the Repurchase Date and Termination Date under the ABN MRA.

10. On August 1, 2007, prior to the Petition Date, Agent ABN delivered to each of the Sellers and the Servicer notices of the occurrence of the Events of Default and of the occurrence of the Repurchase Date and Termination Date under the ABN MRA.  Those notices are attached hereto as Exhibit  8.

11. Also on August 1, 2007, Agent ABN delivered notices of default (a) under the Custodian Agreement and the Account Control Agreement to Deutsche Bank, and (b) under the Electronic Tracking Agreement to MERSCORP, Inc. Copies of those notices are attached hereto as Exhibit 9.

12. ABN also is a party to various swap agreements and related agreements and transactions (collectively, the "Swap Agreements") entered into with certain of the Debtors and certain other entities. ABN holds (i) perfected first priority security interests in various property that secures the performance by the Debtors and other entities of their respective payment and other obligations under the Swap  Agreements and (ii) rights of setoff, netting and recoupments under or in connection with the Swap Agreements.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed by me this 6th day of August, 2007, at New York, New York.

_____
William J. Fitzgerald