IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No.  07-11047-CSS |
| HOLDINGS, INC, et al., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | Related to Doc. No. 17 |
| | ) | Hearing Date: 08/7/07 @ 3:00 pm |
| | ) | |

**LIMITED OBJECTION TO EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING CERTAIN DEBTORS TO OBTAIN POST PETITION FINANCING AND GRANT SECURITY INTERESTS AND SUPER PRIORITY ADMINISTRATIVE EXPENSE PURSUANT TO 11 CASE §§ 105, 362, 363, AND 364 (C); (II) SCHEDULE FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(C); AND (III) GRANTING RELATED RELIEF**

Calyon New York Branch ("Calyon") submits this limited objection to the Debtors' Emergency Motion to obtain post petition financing (the "Motion") [Docket No. 17] and in particular the Debtors' request for interim hearing on its Motion set for August 7, 2007 at 3:00 p.m. (the "Interim Hearing").  In support of the limited objection, Calyon respectfully states and represents as follows:

1.  Pursuant to that certain Repurchase Agreement, dated as of November 21, 2006, by and among American Home Mortgage Corporation and various affiliates (the ("Debtors"), certain banks, issuers and managing agents and Calyon, as Administrative Agent, the Debtors sold to Calyon, and Calyon, acting in its capacity as administrative agent, purchased from the Debtors, certain eligible mortgage loans for a pre-determined purchase price.  Pursuant to that same Repurchase Agreement, the Debtors, jointly and severally, agreed to repurchase the mortgage loans from Calyon, acting in its capacity as administrative agent, for an amount equal to the repurchase price calculated at the time of such repurchase.  Pursuant to that certain Custodial Agreement, also dated as of November 21, 2006, by and among Calyon, as Administrative Agent and Debtor, American Home Mortgage Servicing, Inc. ("AHMS"), as

1

servicer, along with certain of its affiliates and Deutsche Bank National Trust Company, as Custodian, AHMS agreed to service the mortgage loans. The Repurchase Agreement and Custodial Agreement are collectively referred to herein as the "Agreements".

2.  On August 1, 2007, Calyon pursuant to its rights under the Agreements terminated the Agreements and replaced AHMS as servicer with JP Morgan Chase Bank ("JPM") for all Mortgage Assets (as defined in the Agreements) other than mortgage assets that constitute purchaser option adjustable rate mortgage loans ("Purchaser Option Loans"). With regard to the Purchaser Option Loans, Calyon designated AHMS as temporary servicer on a week to week basis, pending designation by Calyon of a different servicer.

3.  Because AHMS' servicing rights have been terminated pursuant to the terns of the Agreements by the termination notice from Calyon dated August 1, 2007, the Mortgage Files, documents, data and funds relating to or arising out of the Agreements (all of which are held in trust and none of which constitutes property of the estate pursuant to Section 541(a) of the Bankruptcy Code) are not property that the Debtor may use, sell or lease under Section 363 of the Bankruptcy Code.

4.  Calyon objects to the requested relief in the Motion to the extent it attempts or purports to grant a security interest in the Mortgage Assets, their proceeds and the servicing rights and proceeds related thereto that were the subject of Calyon's termination notice delivered to AHM on August 1, 2007. Those property interests are not property of the bankruptcy estate created pursuant to Section 541 and must be held in trust pursuant to Section 541(d). Accordingly, the Debtors cannot include within the property rights granted as security pursuant to the Motion any of the Mortgage Assets, including servicing rights and their proceeds, that arise in Calyon's favor pursuant to the Agreements. To the extent the Motion seeks to do so,

Calyon does not consent and hereby objects to the grant of any liens or security interests on the Mortgage Assets and their proceeds, including the servicing rights and any proceeds thereof.

### **Conclusion**

Calyon requests that the Court deny the motion to the extent it seeks to use Calyon's property and grant to Calyon such other and further relief as is proper.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>August 7, 2007 | **ECKERT, SEAMANS, CHERIN & MELLOTT, LLC** |

*/s/ Margaret F. England*
Michael Busenkell (No. 3933)
Margaret F. England (No. 4248)
300 Delaware Avenue, Suite 1210
Wilmington, Delaware 19801
Tel.:   302-425-0430
Fax:   302-425-0432

**HUNTON & WILLIAMS LLP**
Benjamin C. Ackerly
Michael G. Wilson
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Tel.:   804-788-8200
Fax:   804-788-8218

**HUNTON & WILLIAMS LLP**
Peter S. Partee
Scott H. Bernstein
200 Park Avenue
New York, New York 10166-0005
Tel.:   212-309-1000
Fax:   212-309-1100

*Attorneys For Calyon New York Branch*

*U0008370*

53064.001009 NEW_YORK 255572v4