**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **AMERICAN HOME MORTGAGE** | ) | **Case No. 07-11047-CSS** |
| **HOLDINGS, INC, et al.,** | ) | |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | Related to Doc. No. 16 |
| | ) | Hearing Date: 08/7/07 @ 3:00 pm |
| | ) | |

**LIMITED OBJECTION OF CALYON NEW YORK BRANCH TO DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING LIMITED USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION**

Calyon New York Branch ("Calyon") submits this limited objection to the Debtors' motion for interim and final orders authorizing limited use of cash collateral in connection with operating the servicing business (the "Motion") [Docket No. 16], with interim hearing on the Motion set for August 7, 2007 at 3:00 p.m. (the "Interim Hearing"). In support of its limited objection, Calyon respectfully states and represents as follows:

1. Pursuant to that certain Repurchase Agreement, dated as of November 21, 2006, by and among American Home Mortgage Corporation and various affiliates (the ("Debtors"), certain banks, issuers and managing agents and Calyon, as Administrative Agent, the Debtors sold to Calyon, and Calyon, acting in its capacity as administrative agent, purchased from the Debtors, certain eligible mortgage loans for a pre-determined purchase price. Pursuant to that same Repurchase Agreement, the Debtors, jointly and severally agreed to repurchase the mortgage loans from Calyon, acting in its capacity as administrative agent, for an amount equal to the repurchase price calculated at the time of such repurchase. Pursuant to that certain Custodial Agreement, also dated as of November 21, 2006, by and among Calyon, as Administrative Agent and Debtor, American Home Mortgage Servicing, Inc. ("AHMS"), as servicer, along with certain of its affiliates and Deutsche Bank National Trust Company, as

1

Custodian, AHMS agreed to service the mortgage loans. The Repurchase Agreement and Custodial Agreement are collectively referred to herein as the "Agreements".

2. On August 1, 2007, Calyon pursuant to its rights under the Agreements terminated the Agreements and replaced AHMS as servicer with JP Morgan Chase Bank ("JPM") for all Mortgage Assets (as defined in the Agreements) other than mortgage assets that constitute purchaser option adjustable rate mortgage loans ("Purchaser Option Loans"). With regard to the Purchaser Option Loans, Calyon designated AHMS as temporary servicer on a week to week basis, pending designation by Calyon of a different servicer.

3. Because AHMS' servicing rights have been terminated pursuant to the terms of the Agreements by the termination notice from Calyon dated August 1, 2007, the Mortgage Files, documents, data and funds relating to or arising out of the Agreements (all of which are held in trust and none of which constitutes property of the estate pursuant to Section 541(a) of the Bankruptcy Code) are not property that the Debtor may use, sell or lease under Section 363 of the Bankruptcy Code.

4. By the Motion, the Debtors request authority to use cash collateral generated in connection with AHMS' servicing business. To the extent that any of the cash being generated arises from AHMS' refusal to transfer servicing of the Mortgage Assets to a third-party, all such property and cash belongs to Calyon and cannot be used by Debtors because it is neither cash collateral nor otherwise property of the estate. Accordingly, while it is not clear that the Debtors intend to use any of Calyon's property, Calyon does not consent and objects to any attempt to include its property within the relief sought by Debtors pursuant to the Motion.

5. Further, Calyon demands that all of the proceeds of its property be segregated from any cash collateral of the estate, that proceeds of Calyon's property be

2

immediately turned over to Calyon, and that Debtor provide an accounting of all proceeds that are attributable to Calyon's property.  Calyon also demands that Debtor forward to Calyon all documented loans as they are received.

### Conclusion

Calyon requests that the Court deny the motion to the extent it seeks to use Calyon's property and grant to Calyon such other and further relief as is proper.

Dated: Wilmington, Delaware
August 7, 2007

**ECKERT, SEAMANS, CHERIN & MELLOTT, LLC**

*/s/ Margaret F. England*
Michael Busenkell (No. 3933)
Margaret F. England (No. 4248)
300 Delaware Avenue, Suite 1210
Wilmington, Delaware 19801
Tel.:   302-425-0430
Fax:   302-425-0432

**HUNTON & WILLIAMS LLP**
Benjamin C. Ackerly
Michael G. Wilson
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Tel.:   804-788-8200
Fax:   804-788-8218

**HUNTON & WILLIAMS LLP**
Peter S. Partee
Scott H. Bernstein
200 Park Avenue
New York, New York 10166-0005
Tel.:   212-309-1000
Fax:   212-309-1100

*Attorneys For Calyon New York Branch*

U0008371