IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | x : | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | : : : | Case No. 07-11047 (CSS) |
| | : : | Jointly Administered |
| Debtors. | x | **Ref. Docket No. 8** |

**ORDER AUTHORIZING THE DEBTORS TO PAY PREPETITION OBLIGATIONS OF CERTAIN CRITICAL VENDORS AND SERVICE PROVIDERS**

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc., a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors")[2], for an order, pursuant to sections 105(a), 363(b), 364, 1107(a), and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing, but not directing, the Debtors to pay certain prepetition obligations to certain critical vendors and service providers; and upon the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by this Motion

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

is in the best interests of the estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, but not directed, in their sole discretion, to pay in the ordinary course the Critical Vendor Claims in an aggregate amount not to exceed $520,000.00; and it is further.

ORDERED that the Debtors are authorized, but not directed, to undertake appropriate efforts to cause Critical Vendors to enter into agreements with the Debtors, substantially similar to that annexed as Exhibit A to the Motion, as a condition of payment of each such Critical Vendor Claim; and it is further

ORDERED that the Debtors are authorized, but not directed, in their sole discretion, to make payments on account of a Critical Vendor Claim, subject to the other limits set forth herein, even in the absence of a Trade Agreement if the Debtors determine, in their business judgment, that failure to pay such Critical Vendor Claim is likely to result in irreparable harm or depletion of asset value to the Debtors' business operations; and it is further

ORDERED that if a Critical Vendor refuses to supply products and/or to provide services to the Debtors on Customary Trade Terms (or such other terms as are agreed by the parties) following receipt of payment on its Critical Vendor Claim (regardless of whether such Critical Vendor has entered into a Trade Agreement), or fails to comply with any Trade Agreement entered into between such Critical Vendor and the Debtors, then the Debtors may, in their discretion and without further order of the Court: (a) declare that any Trade Agreement between the Debtors and such Critical Vendor is terminated; (b) declare that payments made to such Critical Vendors on account of its Critical Vendor Claims shall be deemed to have been in

payment of then-outstanding or subsequently accruing postpetition claims of such vendor without further order of the Court or action by any person or entity; and (c) recover any payment made to such Critical Vendor on account of its Critical Vendor Claims, without giving effect to any rights of setoff, claims, provision of payment of reclamation on trust fund claims or other defense. Under any such circumstances, such Critical Vendor shall immediately repay to the Debtors any payment made to it on account of its Critical Vendor Claims to the extent that such payments exceed the postpetition claims of such vendors then outstanding, without giving effect to any rights of setoff, claims, provision for payment of reclamation or trust fund claims or other defense. Nothing herein shall constitute a waiver of the Debtors' rights to seek damages, disgorgement or other appropriate remedies against any breaching Critical Vendor; and it is further

ORDERED that notwithstanding the foregoing, the Debtors may, in their sole discretion, reinstate a Trade Agreement if:

(a) the underlying default under the Trade Agreement is fully cured by the Critical Vendor not later than five (5) business days following the Debtors' notification to the Critical Vendor that such default had occurred; or

(b) the Debtors, in their discretion, reaches a favorable alternative agreement with the Critical Vendor;

and it is further

ORDERED that nothing herein shall be construed to limit, or in any way affect, the Debtors' ability to dispute any Critical Vendor Claim; and it is further

ORDERED that nothing contained in this Order shall be deemed to constitute an assumption or rejection of any executory contract or prepetition or postpetition agreement

between the Debtors and a Critical Vendor or to require the Debtors to make any of the payments authorized herein; and it is further

ORDERED that the authorization granted hereby to pay Critical Vendor Claims shall not create any obligation on the part of the Debtors or their officers, members, attorneys, or agents to pay the Critical Vendor Claims, none of the foregoing persons shall have any liability on account of any decision by the Debtors not to pay a Critical Vendor Claim and nothing contained in this order shall be deemed to increase, reclassify, or elevate to an administrative expense status or otherwise affect the Critical Vendor Claims to the extent they are not paid; and it is further

ORDERED that the amount of each Critical Vendor's Critical Vendor Claims set forth in connection with a Trade Agreement shall be used only for purposes of determining such Critical Vendor's claim under this Order and shall not be deemed a claim allowed by the Court, and the rights of all interested persons to object to such claim shall be fully preserved until further order of the Court. Further, signing a Trade Agreement containing a claim amount for purposes of this Order does not constitute a proof of claim and therefore, shall not excuse such Critical Vendor from filing a proof of claim in this case; and it is further

ORDERED that no claimant who receives payment on account of a Critical Vendor Claim (whether or not such claimant signs a Trade Agreement) is permitted to file or perfect a Lien on account of such claim, and any such claimant shall take all necessary action to remove any existing Lien relating to such claim, even if the Lien is against property of a non-Debtors; and it is further

ORDERED that notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person; and it is further

ORDERED that notwithstanding Bankruptcy Rule 6004(g), this Order shall be effective and enforceable immediately upon entry hereof; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
August 7, 2007

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge