IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,                  :
                                                                 :   Jointly Administered
         Debtors.                                                :
                                                                 :   Ref. Docket No. 9
---------------------------------------------------------------- x

**ORDER (A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (I) PAY CERTAIN PRE-PETITION WAGES, COMPENSATION AND EMPLOYEE BENEFITS; AND (II) CONTINUE PAYMENT OF WAGES, COMPENSATION AND EMPLOYEE BENEFITS IN THE ORDINARY COURSE OF BUSINESS; AND (III) PAY CERTAIN UNPAID COMPENSATION TO TERMINATED EMPLOYEES; AND (B) AUTHORIZING AND DIRECTING APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS TO PROCESS, AND PAY ALL CHECKS PRESENTED FOR PAYMENT AND TO HONOR ALL FUNDS TRANSFER REQUESTS MADE BY THE DEBTORS RELATING TO THE FOREGOING**

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[2] seeking entry of an order (i) authorizing, but not directing, the Debtors to pay certain pre-petition wages, compensation and employee benefits; (ii) authorizing, but not directing, the Debtors to continue payment of wages, compensation and employee benefit programs in the ordinary course of business and to pay other costs and expenses relating to the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

foregoing as described more fully below; (iii) authorizing, but not directing, the Debtors to pay unpaid compensation to Terminated Employees; and (iv) authorizing and directing applicable Disbursement Banks to process and pay all checks presented for payment and to honor all funds transfer requests made by the Debtors relating to the foregoing, all as described more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of the Motion having been provided; and it appearing that no other or further notice of the Motion need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and all parties in interest; and upon the Motion, and the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief; and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, but not obligated or directed, in the reasonable exercise of their business judgment, to pay and honor the Employee Obligations that become due and owing, subject to the $10,950 priority limit established in section 507(a)(4) of the Bankruptcy Code and, *except with respect to accrued vacation time*, any reduction under section 507(a)(5) of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, but not obligated or directed, in the reasonable exercise of their business judgment, to pay and honor the Terminated Employee Obligations, up to the $10,950 priority limit established in section 507(a)(4) of the Bankruptcy Code and subject to any reduction under section 507(a)(5) of the Bankruptcy Code; and it is further

ORDERED that all applicable Disbursement Banks are authorized and directed, when requested by the Debtors and in the Debtors' sole discretion, to receive, process, honor, and pay any and all checks drawn on the Debtors' accounts to the Employees and Terminated Employees whether those checks were presented prior to or after the Petition Date, and make other transfers, provided that sufficient funds are available in the applicable accounts to make the payments; and it is further

ORDERED that authorization to pay all amounts on account of Employee and Terminated Employee Obligations shall not affect the Debtors' right to contest the amount or validity of any Employee or Terminated Employee Obligations, including without limitation, the Payroll Tax Obligations that may be due to any taxing authority; and it is further

ORDERED that nothing contained in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease by virtue of reference to any such contract or lease in the Motion; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated:   Wilmington, Delaware
         August 7, 2007

                                        The Honorable Christopher S. Sontchi
                                        United States Bankruptcy Judge