IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | CHAPTER 11§ |
| | § | |
| AMERICAN HOME MORTGAGE | § | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., et al., | § | Jointly Administered |
| | § | |
| Debtors. | § | Hearing Date: August 9, 2007 at 12:00 p.m. (EST) |

### NOTICE OF HEARING

TO: The Office of the United States Trustee for the District of Delaware; the 40 largest unsecured creditors for the Debtors on a consolidated basis as identified in the Debtors; chapter 11 petitions, counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004, counsel to the DIP Lender and to all parties requesting notice pursuant to Bankruptcy Rule 2002.

On August 7, 2007, the Court scheduled a hearing for 12:00 p.m. on August 9, 2007 to consider approval of the **Stipulation By and Between Debtors and JPMorgan Chase Bank, National Association** (the "Stipulation"). A copy of the Stipulation is attached hereto.

Objections, if any, to the relief requested in the Stipulation may be raised at the hearing.

A HEARING TO CONSIDER APPROVAL OF THE STIPULATION WILL BE HELD BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI, UNITED STATES BANKRUPTCY COURT JUDGE, IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 N. MARKET STREET, 5TH FLOOR, WILMINGTON, DELAWARE 19801 **ON AUGUST 9, 2007 AT 12:00 P.M. (ET).**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ James L. Patton, Jr.
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Proposed Counsel for Debtors and
Debtors in Possession

Dated: August 8, 2007

595 002-16664 (2)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | § | **CHAPTER 11** |
| | § | |
| **AMERICAN HOME MORTGAGE** | § | |
| **HOLDINGS, INC., a Delaware** | § | |
| **Corporation, et al.,** | § | Case Nos. 07-11047 (CSS) |
| | § | |
| **Debtors.** | § | Jointly Administered |

**STIPULATION BY AND BETWEEN DEBTORS AND
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**

American Home Mortgage Holdings, Inc. and its affiliated entities (individually, a "Debtor" and collectively, the "Debtors" and JPMorgan Chase, NA ("JPMC", together with the Debtors, the "Parties"), hereby submit this Stipulation By and Between Debtors and JPMorgan Chase Bank, National Association Regarding Relief for the Automatic Stay and Adequate Protection (the "Stipulation"), and in support thereof, respectfully states as follows:

## RECITALS

WHEREAS, on August 6, 2007 (the "Petition Date"), the Debtors commenced voluntary cases (the "Bankruptcy Cases") under title 11, chapter 11 of the United States Code, 11 U.S.C. §§ 101, et seq., (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

WHEREAS, the Debtors remain in possession of their property and are managing their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No official committee has been appointed in the Bankruptcy Cases as of the date hereof.

**The JPMC Warehouse Facility**

WHEREAS, JPMC, American Home Mortgage Investment Corp. ("AHMIC") and American Home Mortgage Corp. ("AHM") entered into a secured revolving warehouse facility on January 24, 2006 (the "Warehouse Facility") with JPMC (as Administrative Agent and sole Lender), pursuant to

AHM Revised Stip (3)

that certain 1/06 SENIOR SECURED CREDIT AGREEMENT (as subsequently amended, supplemented and extended).

WHEREAS, under Article VII of the Warehouse Facility, AHMIC and AHM granted a first-priority lien and security interest in, among other things, the pledged residential loans upon which the warehouse financing was to be extended, the underlying chattel paper and other loan documentation evidencing those loans, and all proceeds, accessions or other rights of any kind related to these loans (collectively, the "Warehouse Facility Collateral") and, together with all notes, security instruments and other documentation executed in connection with the Warehouse Facility, the ("Warehouse Facility Papers").

WHEREAS, JPMC has asserted that as Administrative Agent for the Warehouse Facility, it has perfected the liens and security interests granted to it in and against the Warehouse Facility Collateral.

WHEREAS, JPMC has asserted that as of the Petition Date, the outstanding principal balance (not including accrued interest, fees, expenses and other charges) under the Warehouse Facility was approximately $160 million. On August 1, 2007, JPMC sent a Notice of Default to AHMIC and AHM declaring a default under the Warehouse Facility.

**The Construction/Permanent Loan Collateral**

WHEREAS, among the various categories of Warehouse Facility Collateral are residential loans supporting the construction or improvement of single-family homes which convert to regular (*i.e.*, "permanent") mortgage loans once the home is built or the improvements completed (collectively, the "Construction/Permanent Loans"). JPMC has asserted that as of the Petition Date, (a) there are fifteen (15) Construction/Permanent Loans constituting Warehouse Facility Collateral; (b) the maximum dollar amount that would be required to be advanced under the Warehouse Facilities Papers on account of these Construction/Permanent Loans is $24,742,143.00; and (c) JPMC

has advanced $16,637,823.00 of this total, leaving a maximum of $8,104,320 that could be advanced in connection with the Construction/Permanent Loans.

WHEREAS, the Debtors assert that they were required to advance certain amounts on account of these Construction/Permanent Loans and are in the process of calculating the amount they have advanced as of the Petition Date (the "Debtor Advances");

WHEREAS, the underlying properties serving as collateral for the Construction/Permanent Loans are in various stages of construction and repair. Prior to the commencement of the Bankruptcy Cases, AHM, through its servicing subsidiary, American Home Mortgage Servicing, Inc. ("AHM Servicing"), funded construction draws pursuant to the mortgage documents for these loans as such draws were necessary to pay the contractors and sub-contractors retained to build and/or repair the properties in question. AHM financed these draws by requesting advances under the Warehouse Facility on account of these Construction/Permanent Loans.

WHEREAS, on August 5, 2007, JPMC sent a "Notice of Advances to Preserve Collateral" to AHM, AHMIC, and AHM Servicing notifying these Debtors that JPMC intended to fund any additional draws required under the Construction/Permanent Loans as JPMC deemed necessary in its discretion to complete the construction or repair of the residential properties underlying the Construction/Permanent Loans and otherwise protect and preserve the collateral securing the Construction/Permanent Loans (collectively, the "C/P Loan Collateral").

WHEREAS, the Parties have agreed to resolve these issues as set forth herein

**NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED AND AGREED AS FOLLOWS:**

1. The Debtors and JPMC shall take all steps necessary to effectuate the orderly transfer of the servicing functions on the Construction/Permanent Loans from AHM Servicing to JPMC or its designee. In connection with the transfer of the servicing functions, the Debtors shall turn over to JPMC or its designee all files and documentation in their possession related to each

AHM Revised Stip (3)

Construction/Permanent Loan and reasonably cooperate with JPMC in the transfer and transition of servicing functions to JPMC or its designee. Before or after completing the transfer of the servicing functions to JPMC or its designee, JPMC may (a) advance any and all amounts JPMC may deem necessary to protect its liens and security interest in the C/P Loan Collateral; (b) assume the servicing functions on the Construction/Permanent Loans from AHM Servicing and/or transfer such servicing functions to a third party as JPMC deems appropriate; and (c) take any other actions that JPMC may in its discretion deem necessary to protect and preserve its liens and security interests in the C/P Loan Collateral. Any advances made by JPMC or its designee in connection with the C/P Loan Collateral shall be subject to the security interests granted in JPMC's favor under the Warehouse Facility Papers.

2. Prior to completing the transfer of the servicing functions to JPMC or its designee, the automatic stay is hereby modified to the extent necessary to allow JPMC to pre-fund with AHC Servicing any advances required under the Construction/Permanent Loans. AHC Servicing shall then make the advances required under the Construction/Permanent Loans from the pre-funded amounts as directed by JPMC, and such advances shall be subject to JPMC's security interests under the Warehouse Facility Papers. The Debtors agree that any amounts pre-funded by JPMC to AHM Servicing, or any other Debtor entity, as a result of construction draws or any other appropriate request to fund under the Warehouse Facility, shall be held in trust on behalf of JPMC and/or the respective borrower under the Construction/Permanent Loans and consistent in all respects with all underlying loan documents regarding such Construction/Permanent Loans. The Parties further agree that any amounts pre-funded post-petition to the Debtors under the Warehouse Facility are not property of the estate, as defined in section 541 of the Bankruptcy Code. As such, notwithstanding anything to the contrary in any other order of the Court, including, without limitation, any order approving debtor-in-possession financing, the use of cash collateral, or the approval of cash

management procedures and practices, none of the funds previously referenced shall be used as collateral for any other outstanding or future debt facility of the Debtors other than the Warehouse Facility. The Parties agree that to the extent funds from the Warehouse Facility are advanced to the Debtors and are subsequently determined to be unnecessary to fund an existing or future draw on the Warehouse Facility, any such funds shall be returned to JPMC within three (3) business days.

3. This Stipulation is without prejudice to the rights of JPMC and the Debtors with respect to the C/P Loan Collateral, including, without limitation, JPMC's right to seek further relief from the automatic stay or adequate protection from this Court and, without limitation, the Debtors' rights with respect to oppose any such requested relief or in connection with the Debtor Advances.

4. For each Construction/Permanent Loan, on or before August 17, 2007, the Debtors shall complete an accounting of all funds received by the Debtors with respect to such loan for principal, interest, paid in full funds, or other payments as the case may be for the period to be reasonably specified by JPMC ("Accounting Period"), to the extent that such funds have not already been turned over by the Debtors to JPMC (such funds, the "Affected Funds").

5. On or before August 17, 2007, the Debtors shall provide to JPMC a report summarizing the Debtors' accounting of all such Affected Funds received by the Debtors during the Accounting Period (the "C/P Loan Report"). The C/P Loan Report shall include a copy (in electronic format, if possible) of the base data employed by the Debtors to generate the C/P Loan Report. In addition, the C/P Loan Report shall identify: (a) all account(s) (other than accounts established with JPMC and to which JPMC already has access and knowledge) to which Affected Funds were deposited by the Debtors during the Accounting Period (the "Accounts"), if any; (b) all debts and credits to the Accounts during the Accounting Period; and (c) the daily balance(s) for the Accounts during the Accounting Period.

6. Within five (5) business days of the entry of this Order, the Debtors shall provide, or

cause to be provided to JPMC, the following: (a) mortgage loan level payment histories for each mortgage loan constituting C/P Loan Collateral; (b) daily cash audit trails for periods of time as may be reasonably specified by JPMC for such collateral; (c) investor cutoff reports for such periods of time as may be reasonably specified by JPMC; and (d) all other documentation of any kind related to each Construction/Permanent Loan in the actual and/or constructive possession of the Debtors.

7. This Stipulation represents the entire agreement among the Parties hereto with respect to the subject matter hereof. This Stipulation supersedes any and all prior and contemporaneous oral and written agreements and discussions among the Parties hereto with respect to the subject matter hereof.

8. Any provision of this Stipulation may be amended if, and only if, such amendment is in writing and is signed by all Parties hereto. Material amendments must be approved by the Court.

9. The Parties agree that the Court shall have exclusive jurisdiction to determine all matters between them now or hereafter relating to this Stipulation.

10. Whether or not this Stipulation is approved, nothing contained herein may be used as, or deemed to be, an admission of liability of any party with respect to any matter.

11. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same document.

12. The Parties hereto represent and warrant to each other that they are authorized to execute this Stipulation; that each has full power and authority to enter into and perform in accordance with the terms of this Stipulation (subject to Court approval); and that this Stipulation is duly executed and delivered and constitutes a valid and binding agreement in accordance with its terms (subject to Court approval).

13. This Stipulation shall become effective immediately upon entry of an order approving the Stipulation by this Court.

AHM Revised Stip (3)

Dated: August __, 2007
Wilmington, Delaware

| **LANDIS RATH & COBB LLP** | **YOUNG CONAWAY STARGATT & TAYLOR LLP** |
|---|---|

_____  _____
Adam G. Landis (No. 3407)              Robert S. Brady (No. 2847)
Matthew B. McGuire (No. 4366)          Sharon M. Zieg (No. 4196)
919 Market Street, Suite 600           The Brandywine Building
Wilmington, DE 19801                   1000 West Street, 17th Floor
Telephone: (302) 467-4400              Wilmington, DE 19801
Facsimile: (302) 467-4450              Telephone: (302) 571-6600
                                       Facsimile: (302) 571-1253

and

LOCKE LIDDELL & SAPP PLLC              *Counsel for Debtors and Debtors in Possession*
Thomas H. Grace
W. Stephen Bryant
600 Travis Street, Suite 3400
Houston, TX 77002
Telephone: (713) 226-1200
Facsimile: (713) 223-3717


*Counsel to JPMorgan Chase Bank, National Association*


                                       SO ORDERED
                                       This ____ day of August 2007

                                       _____
                                       The Honorable Christopher S. Sontchi
                                       United States Bankruptcy Judge

AHM Revised Stip (3)