IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------------  x
In re:                                                               :    Chapter 11
                                                                     :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                               :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                      :
                                                                     :    Jointly Administered
            Debtors.                                                 :
                                                                     :    Doc. Ref. No. 11
-------------------------------------------------------------------  x
```

**CERTIFICATION OF COUNSEL REGARDING ORDER APPROVING
(I) SALE PROCEDURES; (II) SCHEDULING A HEARING TO CONSIDER SALE
OF CERTAIN ASSETS USED IN THE DEBTORS' LOAN SERVICING BUSINESS;
(III) APPROVING FORM AND MANNER OF NOTICE THEREOF;
AND (IV) GRANTING RELATED RELIEF**

On August 6, 2007, American Home Mortgage Holdings, Inc. ("AHM

Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and

subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or

the "Debtors"),[1] filed voluntary petitions in this Court for reorganization relief under title 11 of

the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

On the same date, the Debtors filed the Emergency Motion of the Debtors for

Orders: (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain

Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation
(3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979);
American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home
Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC
("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc.
("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York
corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except
for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such

Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and

Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of

Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related

Relief [Docket No. 11] (the "Motion").

A hearing (the "First Day Hearing") on the Motion was held on August 7, 2007.

At the First Day Hearing, the Debtors received comments to the form of order attached to the

Motion (the "Original Order") and the sale procedures associated thereto (the "Sale Procedures")

from the Office of the United States Trustee (the "UST"), counsel to Bank of America, N.A., as

Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004

(the "Administrative Agent") and counsel to the agent for the Debtors' post-petition lenders (the

"DIP Agent").  As stated on the record at the First Day Hearing, the Debtors agreed to revise the

Original Order and Sale Procedures to incorporate such comments.

Attached hereto as Exhibit A is a revised form of order (the "Revised Order"),

with revised Sale Procedures attached thereto, that incorporates the UST's, the Administrative

Agent's and the DIP Agent's comments and which has been agreed to by the UST, counsel to the

Administrative Agent and counsel to the DIP Agent.  A blackline highlighting the changes made

to the Original Order and Sale Procedures is attached hereto as Exhibit B.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

The Debtors respectfully submit that the Revised Order is consistent with the record established at the First Day Hearing and request that the Court enter the Revised Order its earliest convenience without further notice or hearing.

Dated: Wilmington, Delaware  
August 8, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)  
Joel A. Waite (No. 2925)  
Pauline K. Morgan (No. 3650)  
Sean M. Beach (No. 4070)  
Matthew B. Lunn (No. 4119)  
Kara Hammond Coyle (No. 4410)  
Kenneth J. Enos (No. 4544)  
The Brandywine Building  
1000 West Street, 17th Floor  
Wilmington, Delaware 19801  
(302) 571-6600

Proposed Co-Counsel for the Debtors and  
Debtors in Possession

## Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------  x
In re:                                                              :    Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE                                              :    Case No.  07-07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,                    :
                                                                    :    Jointly Administered
        Debtors.                                                    :
                                                                    :    Ref. Docket No. 11
------------------------------------------------------------------  x
```

**ORDER APPROVING (I) SALE PROCEDURES; (II)  SCHEDULING A HEARING TO
CONSIDER SALE OF CERTAIN ASSETS USED IN THE DEBTORS' LOAN
SERVICING BUSINESS; (III) APPROVING FORM AND MANNER OF NOTICE
THEREOF; AND (IV) GRANTING RELATED RELIEF**

Upon the consideration of the motion (the "Motion")[1] of American Home

Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the

debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[2]

pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for entry of two orders:  (A) one, substantially in the form annexed to the

Motion as Exhibit A (the "Sale Procedures Order"), (i) approving procedures (the "Sale

Procedures") with respect to the proposed sale (the "Sale") of the Debtors' mortgage loan

servicing business (the "Servicing Business"), as more specifically described in the form

Purchase and Sale Agreement (the "Purchase Agreement"), annexed to the Motion as Exhibit D;

---

[1]  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
AHM Holdings (6303); American Home Mortgage Investment Corp.  ("AHM Investment"), a Maryland corporation
(3914); American Home Mortgage Acceptance, Inc.  ("AHM Acceptance"), a Maryland corporation (1979);
American Home Mortgage Servicing, Inc.  ("AHM Servicing"), a Maryland corporation (7267); American Home
Mortgage Corp.  ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC
("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc.
("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.  ("Great Oak"), a New York
corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747,
except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

(ii) scheduling a hearing (the "Sale Hearing") on the Sale and setting objection and bidding

deadlines with respect to the Sale, (iii) approving the form and manner of notice of an auction for

the relevant assets (the "Auction") and the Sale Hearing, and (iv) granting related relief; and (B)

the other, substantially in the form annexed to the Motion as Exhibit E (the "Sale Order"), (i)

authorizing the Sale free and clear of liens, claims, encumbrances, and interests, pursuant to the

Purchase Agreement, (ii) authorizing and approving the Purchase Agreement related thereto, (iii)

approving the assumption and assignment of executory contracts and unexpired leases, as

necessary in connection with the Sale, and (iv) granting related relief; and the Court having

determined that the relief provided herein is in the best interest of the Debtors, their estates, their

creditors and other parties in interest; and due and adequate notice of the Motion having been

given under the circumstances; and upon the record of the hearing on the Motion held on August

7, 2007, and the full record of these cases; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A.      The findings and conclusions set forth herein constitute the Court's

findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to

this proceeding pursuant to Bankruptcy Rule 9014.

B.      This Court has jurisdiction over the Motion and the transactions

contemplated by the Purchase Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is

proper under 28 U.S.C. §§ 1408 and 1409.

C.      Good and sufficient notice of the Motion and the relief sought therein has

been given under the circumstances, and no other or further notice is required except as set forth

herein with respect to the Sale Hearing.  A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

   D. The Debtors' proposed notice of the Sale Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction and the Sale, and the Sale Procedures to be employed in connection therewith.

   E. The entry of this Sale Procedures Order is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest.

   F. The Sale Procedures are reasonably designed to maximize the value to be achieved for the Servicing Business.

  NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

   1. The Motion is granted.

   2. Except as otherwise expressly provided in this Sale Procedures Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

   3. The Sale Procedures, in substantially the form attached hereto as <u>Exhibit 1</u>, are hereby incorporated herein and approved, and shall apply with respect to the Sale.

   4. The Debtors may sell the Servicing Business by conducting the Auction in accordance with the Sale Procedures.

   5. The Auction shall take place on September 10, 2007 at 10:00 a.m. (prevailing Eastern Time) at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19899, or such other place and time as the Debtors

shall notify all Qualified Bidders, the Official Committee of Unsecured Creditors, when

appointed (the "Committee"), Bank of America, N.A., as Administrative Agent for the lenders

under that certain Credit Agreement dated August 30, 2004 (the "Administrative Agent"), the

agent for the Debtors' post-petition lenders (the "DIP Agent") and other invitees.

6.      A Qualified Bidder that desires to make a bid shall comply with the

requirements set forth in the Sale Procedures for making such bid.

7.      The Debtors shall have the right to reject any and all bids that do not

conform with the Sale Procedures, subject to the provisions of the Sale Procedures.

8.      The Sale Hearing shall be held before this Court on September 17, 2007 at

12:00 Noon (prevailing Eastern Time), or as soon thereafter as counsel and interested parties

may be heard.

9.      Not later than five days after the entry of this Sale Procedures Order, the

Debtors will serve copies of the Notice of Auction and Sale Hearing, substantially in the form

attached to the Motion as Exhibit C, the Purchase Agreement, the Sale Procedures, and the Sale

Procedures Order (a) by mail, postage prepaid to: (i) all entities known to have expressed a *bona*

*fide* interest in acquiring the Servicing Business; (ii) counsel to the Administrative Agent; (iii)

counsel to the DIP Agent, (iv) counsel to the Committee, when appointed; and (v) the Office of

the United States Trustee for the District of Delaware; and (b) by first-class mail, postage

prepaid, to all parties that have requested notice pursuant to Bankruptcy Rule 2002 as of the date

prior to the date of entry of the Sale Procedures Order.

10.     Not later than ten days after entry of the Sale Procedures Order, the

Debtors will publish the Notice of Auction and Sale Hearing, substantially in the form attached

to the Motion as Exhibit C in the national edition of *The Wall Street Journal*.

066585.1001

11.     On or before August 27, 2007, the Debtors shall serve a notice (i) identifying any Assumed Contracts and Leases to each non-Debtor party to an Assumed Contract and Lease; (ii) the Debtors' proposed cure amount; and (iii) the deadline to object to the proposed assumption and cure amount.

12.     Objections, if any, to the potential assignment of the applicable Assumed Contract and Lease, and the Debtors' proposed cure amount, must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on September 13, 2007, or such later date and time as the Debtors may agree and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Jeffrey M. Levine); (iv) counsel to the Committee, when appointed; (v) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (vi) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; and

DB02:6162757.3                                                                                      066585.1001

(vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon).

13.    Objections, if any, to the Sale, or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on September 10, 2007, or such later date and time as the Debtors may agree and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Jeffrey M. Levine); (iv) counsel to the Committee, when appointed; (v) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (vi) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; and (vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon).

14.    The notice to be issued and published in connection with the proposed Sale, substantially in the form annexed to the Motion as Exhibit C, is approved.

15. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

16. No rights of any entity in connection with a contract or transaction of the kind listed in §§ 555, 559, 560 and 561 of the Bankruptcy Code, whatever they might or might not be, are affected by the entry of this interim order.

17. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated:   August \_\_\_, 2007
         Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge

## EXHIBIT 1

(Sale Procedures)

## SALE PROCEDURES

By motion dated August 6, 2007 (the "Motion"),[1] the debtors and debtors in possession (collectively, the "Debtors"),[2] sought approval of, among other things, the procedures through which they will determine the highest or otherwise best price for the sale (the "Sale") of the assets related to the Debtors' mortgage loan servicing business (the "Servicing Business"), pursuant to the terms of the form Purchase and Sale Agreement (the "Purchase Agreement") attached to the Motion. On August ___, 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Sale Procedures Order"), which, among other things, authorized the Debtors to determine the highest or otherwise best price for the Servicing Business through the process and procedures set forth below (the "Sale Procedures"). The Debtors reserve the right to seek approval of the Sale of portions of the Servicing Business through separate Purchase Agreements with different purchasers in the event that the combination of such Sales is determined by the Debtors, in consultation with counsel to the Official Committee of Unsecured Creditors, when appointed (the "Committee"), counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004 (the "Administrative Agent") (as required by the Interim Order (I) Authorizing Debtors' Limited Use of Cash Collateral, (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001 (together with any final order entered in respect thereof, the "Cash Collateral Order")), and counsel to the agent for the Debtors' post-petition lenders (the "DIP Agent"), to obtain the highest value for the assets associated with the Servicing Business. The Debtors further reserve the right to waive Sale Procedures, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, to the extent such waiver is in the best interest of the Debtors' estates.

On September 17, 2007 at 12:00 Noon (or such other date and time as may be designated), or as soon thereafter as counsel can be heard, as further described below, in the Motion and in the Sale Procedures Order, the Bankruptcy Court will conduct a hearing (the "Sale Hearing") at which the Debtors shall seek entry of an order (the "Sale Order") authorizing and approving the sale (or sales) of the Servicing Business (each a "Sale Transaction") pursuant to the terms of the Successful Bid(s) (as defined below).

**Participation Requirements**

In order to participate in the bidding process or otherwise be considered for any purpose hereunder, a person interested in the Servicing Business (a "Potential Bidder") must first deliver the following materials to the Debtors and their counsel:

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

[2] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

(i)     An executed confidentiality agreement in form and substance satisfactory to the Debtors and their counsel; and

(ii)    The most current audited and latest unaudited financial statements (collectively, the "<u>Financials</u>") of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of a Sale Transaction, (x) Financials of the equity holder(s) of the Potential Bidder or such other form of financial disclosure as is acceptable to the Debtors and their counsel and (y) the written commitment acceptable to the Debtors and their counsel of the equity holder(s) of the Potential Bidder to be responsible for the Potential Bidder's obligations in connection with a Sale Transaction. In the event that a Potential Bidder is unable to provide Financials, the Debtors may, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, accept such other information sufficient to demonstrate to the Debtors' satisfaction that such Potential Bidder has the financial wherewithal to consummate a Sale Transaction.

A "Qualified Bidder" is a Potential Bidder whose Financials or other information demonstrate the financial capability to consummate a Sale Transaction and which the Debtors determine, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, is reasonably likely to make a bona fide offer that would result in greater value being received for the benefit of the Debtors' creditors than under the Purchase Agreement.

Within two (2) business days after the Debtors receive from a Potential Bidder all of the materials required by subparagraphs (i) and (ii) above, the Debtors shall determine, in consultation with their advisors, whether the Potential Bidder is a Qualified Bidder. In the event that the Debtors determine that a Potential Bidder is not a Qualified Bidder, the Debtors shall provide prompt notice thereof to the Potential Bidder.

**Obtaining Due Diligence Access**

The Debtors shall afford each Qualified Bidder reasonable due diligence information. Due Diligence reports which have already been performed will be made available to Qualified Bidders. Site access shall be provided upon reasonable request to the Debtors at the discretion of the Debtors within their reasonable business judgment. The due diligence period will end on the Bid Deadline (defined below).

The Debtors shall not be obligated to furnish any information relating to the Debtors, the Servicing Business, and/or a Sale to any person except to a Qualified Bidder. The Debtors shall give each Qualified Bidder reasonable access to all written due diligence information provided to another Qualified Bidder.

The Debtors shall coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders. No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline (as defined below).

-2-

**Bid Deadline**

>**The deadline for submitting bids by a Qualified Bidder shall be September 6, 2007 at 4:00 p.m. (prevailing Eastern Time) (the "Bid Deadline").**

Prior to the Bid Deadline, a Qualified Bidder that desires to make a bid shall deliver written copies of its bid to: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone Advisors, LLC 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn.: Jeffrey M. Levine); (iv) the Committee; (v) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; and (vi) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent.

**Due Diligence From Bidders**

Each Qualified Bidder shall comply with all reasonable requests for additional information by the Debtors or their advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the Sale. Failure by the Qualified Bidder to comply with requests for additional information may be a basis for the Debtors to determine that a bid made by the Qualified Bidder is not a Qualified Bid.

**Bid Requirements**

A bid must be a written irrevocable offer from a Qualified Bidder (i) stating that the Qualified Bidder offers to consummate a Sale Transaction pursuant to an agreement that has been marked to show amendments and modifications to the Purchase Agreement, including price and terms, that are being proposed by the Qualified Bidder, which terms shall not materially alter the terms of the Purchase Agreement, as applicable, (the "Marked Purchase Agreement"); (ii) confirming that the offer shall remain open until the closing of a Sale to the Successful Bidder or the Next Highest Bidder; (iii) enclosing a copy of the proposed Marked Purchase Agreement; and (iv) accompanied with a certified or bank check, wire transfer, or letter of credit reasonably acceptable to the Debtors of at least $5,000,000 as a minimum deposit (the "Minimum Deposit").

Any bid for the Servicing Business must:

(a)    be on terms that are not materially more burdensome or conditional than the terms of the Purchase Agreement;

(b)    not be conditioned on obtaining financing or the outcome of any due diligence by the bidder;

(c)     not request or entitle the bidder to any break-up fee, expense reimbursement or similar type of payment;

(d)     contain a list of the Debtors' executory contracts and unexpired leases related to the Servicing Business with respect to which the bidder seeks assignment from the Debtors, if any; and

(e)     fully disclose the identity of each entity that will be bidding for the Servicing Business or otherwise participating in connection with such bid, and the complete terms of any such participation.

A bid received from a Qualified Bidder and that meets the requirements set forth above will be considered a "Qualified Bid" if the Debtors believe, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, that such bid would be consummated if selected as a Successful Bid (as defined below).

**Auction**

If a Qualified Bid by a Qualified Bidder is received by the Bid Deadline, an auction (the "Auction") with respect to a Sale Transaction shall take place on **September 10, 2007 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19899, or such other place and time as the Debtors shall notify all Qualified Bidders, the Committee, the Administrative Agent and the DIP Agent, and other invitees. If, however, no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held.

Only a Qualified Bidder who has submitted a Qualified Bid will be eligible to participate at the Auction. Only the authorized representatives of each of the Qualified Bidders, the Committee, the Administrative Agent, the DIP Agent and the Debtors shall be permitted to attend the Auction. At the Auction, Qualified Bidders will be permitted to increase their bids.

The bidding at the Auction shall start at the purchase price stated in the highest or otherwise best Qualified Bid as disclosed to all Qualified Bidders prior to commencement of the Auction (the "Starting Qualified Bid"), and then continue in increments of at least $1,000,000.

The Debtors, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, may adopt rules for the Auction at or prior to the Auction that will better promote the goals of the Auction and that are not inconsistent with any of the provisions of the Sale Procedures Order. All such rules will provide that all bids shall be made and received in one room, on an open basis, and all other bidders shall be entitled to be present for all bidding with the understanding that the true identity of each bidder (i.e., the principals submitting each bid) shall be fully disclosed to all other bidders and that all material terms of each Qualified Bid will be fully disclosed to all other bidders throughout the entire Auction.

Unless otherwise agreed by the Debtors, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, no

-4-

Qualified Bidder will be permitted more than one-half hour to respond to the previous bid at the Auction and, at the expiration of such time (unless extended), the Auction shall conclude. Immediately prior to concluding the Auction, the Debtors shall (i) review each Qualified Bid on the basis of its financial and contractual terms and the factors relevant to the sale process and the best interests of the Debtors' estates and creditors; (ii) determine and identify, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, the highest or otherwise best Qualified Bid (the "Successful Bid") and the next highest or otherwise best offer after the Successful Bid (the "Next Highest Bid"); and (iii) have the right to reject any and all bids, in each case in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent. Immediately upon selection of the Successful Bid, if the Minimum Deposit does not equal 10% of the purchase price of the Successful Bid, the Successful Bidder shall provide the Debtors with immediately available funds so that the Minimum Deposit is equal to 10% of the purchase price of the Successful Bid. The Auction may be adjourned as the Debtors deem appropriate. Reasonable notice of the time and place for the resumption of the Auction will be given to all Qualified Bidders, the Committee, the Administrative Agent, the DIP Agent and other invited parties. The Debtors reserve the right to waive Sale Procedures, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, to the extent such waiver is in the best interest of the Debtors' estates.

**Acceptance of the Successful Bid**

The Debtors will present the results of the Auction to the Bankruptcy Court at the Sale Hearing, at which certain findings will be sought from the Bankruptcy Court regarding the Auction, including, among other things, that (i) the Auction was conducted and the Successful Bidder was selected in accordance with these Sale Procedures, (ii) the Auction was fair in substance and procedure, and (iii) consummation of the Sale Transaction contemplated by the Successful Bid will provide the highest or best value for the Servicing Business and is in the best interests of the Debtors and their estates.

In the event that, for any reason, the Successful Bidder fails to close the Sale transaction contemplated by its Successful Bid, then, without notice to any other party or further court order, the Debtors shall be authorized to close with the Qualified Bidder that submitted the Next Highest Bid.

**Return of Minimum Deposit**

Except as otherwise provided in this paragraph with respect to any Successful Bidder and any Next Highest Bidder, the Minimum Deposits of all Qualified Bidders required to submit such a deposit under the Sale Procedures shall be returned upon or within one (1) business day after Closing of the Sale. The Minimum Deposit of the Successful Bidder shall be held until the closing of the Sale and applied in accordance with the Successful Bid. The Minimum Deposit of the Next Highest Bidder shall be returned upon or within one (1) business day after closing of the Sale to the Successful Bidder. In the event the Debtors proceed to closing with the Next Highest Bidder, the Minimum Deposit of the Next Highest Bidder shall be held until the closing of the Sale with the Next Highest Bidder and applied in accordance with

-5-

the Next Highest Bid.  If a closing does not occur by September 28, 2007, the disposition of Minimum Deposits shall be as provided in the relevant bids.

**Consultation with Stakeholders**

The Debtors shall provide to the Administrative Agent, the DIP Agent  and the Committee information regarding the qualification of bidders, the valuation of bids, and such other information related to the sale process as may be reasonably requested by the Committee or the Administrative Agent.  Throughout the process the Debtors shall consult with the Administrative Agent, the DIP Agent and the Committee and/or their professionals as provided herein.

## Exhibit B

065391.1001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :    Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                            :    Case No.  07-07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,                  :
                                                                 :    Jointly Administered
          Debtors.                                               :
                                                                 :    **Ref. Docket No. 11**
---------------------------------------------------------------- x

**ORDER APPROVING (I) SALE PROCEDURES; (II)  SCHEDULING A HEARING TO
CONSIDER SALE OF CERTAIN ASSETS USED IN THE DEBTORS' LOAN
SERVICING BUSINESS; (III) APPROVING FORM AND MANNER OF NOTICE
THEREOF; AND (IV) GRANTING RELATED RELIEF**

Upon the consideration of the motion (the "Motion")[1] of American Home

Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the

debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[2]

pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for entry of two orders:  (A) one, substantially in the form annexed to the

Motion as Exhibit A (the "Sale Procedures Order"), (i) approving procedures (the "Sale

Procedures") with respect to the proposed sale (the "Sale") of the Debtors' mortgage loan

servicing business (the "Servicing Business"), as more specifically described in the form

Purchase and Sale Agreement (the "Purchase Agreement"), annexed to the Motion as Exhibit D;

---

[1]  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.
    □
[2]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
AHM Holdings (6303); American Home Mortgage Investment Corp.  ("AHM Investment"), a Maryland
corporation (3914); American Home Mortgage Acceptance, Inc.  ("AHM Acceptance"), a Maryland corporation
(1979); American Home Mortgage Servicing, Inc.  ("AHM Servicing"), a Maryland corporation (7267); American
Home Mortgage Corp.  ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures
LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc.
("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.  ("Great Oak"), a New York
corporation (8580).   The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747,
except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

(ii) scheduling a hearing (the "Sale Hearing") on the Sale and setting objection and bidding

deadlines with respect to the Sale, (iii) approving the form and manner of notice of an auction for

the relevant assets (the "Auction") and the Sale Hearing, and (iv) granting related relief; and (B)

the other, substantially in the form annexed to the Motion as Exhibit E (the "Sale Order"), (i)

authorizing the Sale free and clear of liens, claims, encumbrances, and interests, pursuant to the

Purchase Agreement, (ii) authorizing and approving the Purchase Agreement related thereto, (iii)

approving the assumption and assignment of executory contracts and unexpired leases, as

necessary in connection with the Sale, and (iv) granting related relief; and the Court having

determined that the relief provided herein is in the best interest of the Debtors, their estates, their

creditors and other parties in interest; and due and adequate notice of the Motion having been

given under the circumstances; and upon the record of the hearing on the Motion held on August

7, 2007, and the full record of these cases; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A.      The findings and conclusions set forth herein constitute the Court's

findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to

this proceeding pursuant to Bankruptcy Rule 9014.

B.      This Court has jurisdiction over the Motion and the transactions

contemplated by the Purchase Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is

proper under 28 U.S.C. §§ 1408 and 1409.

C.      Good and sufficient notice of the Motion and the relief sought therein has

been given under the circumstances, and no other or further notice is required except as set forth

herein with respect to the Sale Hearing.  A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

D.      The Debtors' proposed notice of the Sale Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction and the Sale, and the Sale Procedures to be employed in connection therewith.

E.      The entry of this Sale Procedures Order is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest.

F.      The Sale Procedures are reasonably designed to maximize the value to be achieved for the Servicing Business.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is granted.

2.      Except as otherwise expressly provided in this Sale Procedures Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3.      The Sale Procedures, in substantially the form attached hereto as Exhibit 1, are hereby incorporated herein and approved, and shall apply with respect to the Sale.

4.      The Debtors may sell the Servicing Business by conducting the Auction in accordance with the Sale Procedures.

5.      The Auction shall take place on [September 10, 2007] at 10:00 a.m. (prevailing Eastern Time) at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19899, or such other place and time as the Debtors

-3-

066585.1001

shall notify all Qualified Bidders, the Official Committee, ~~the Prepetition Lenders, the DIP~~ ~~Lender~~ of Unsecured Creditors, when appointed (the "Committee"), Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004 (the "Administrative Agent"), the agent for the Debtors' post-petition lenders (the "DIP Agent") and other invitees.

6.      A Qualified Bidder that desires to make a bid shall comply with the requirements set forth in the Sale Procedures for making such bid.

7.      The Debtors shall have the right to reject any and all bids that ~~they believe~~ ~~in their sole discretion~~ do not conform with the Sale Procedures, subject to the provisions of the Sale Procedures.

8.      The Sale Hearing shall be held before this Court on September ~~___,~~17, 2007 at ~~_____:~~12:00 Noon (prevailing Eastern Time), or as soon thereafter as counsel and interested parties may be heard.

9.      Not later than five days after the entry of this Sale Procedures Order, the Debtors will serve copies of the Notice of Auction and Sale Hearing, substantially in the form attached to the Motion as Exhibit C, the Purchase Agreement, the Sale Procedures, and the Sale Procedures Order (a) by mail, postage prepaid to: (i) all entities known to have expressed a *bona fide* interest in acquiring the Servicing Business; (ii) counsel to ~~Bank of America, N.A., as~~the Administrative Agent ~~for the lenders under that certain Credit Agreement dated August 30, 2004~~; (iii) counsel to the DIP ~~Lender~~Agent, (iv) counsel to the ~~Official~~ Committee ~~of Unsecured~~ ~~Creditors~~, when appointed; and (v) the Office of the United States Trustee for the District of Delaware; and (b) by first-class mail, postage prepaid, to all parties that have requested notice

066585.1001

pursuant to Bankruptcy Rule 2002 as of the date prior to the date of entry of the Sale Procedures Order.

10.    Not later than ten days after entry of the Sale Procedures Order, the Debtors will publish the Notice of Auction and Sale Hearing, substantially in the form attached to the Motion as Exhibit C in the national edition of *The Wall Street Journal*.

11.    On or before August 31,27, 2007, the Debtors shall serve a notice (i) identifying any Assumed Contracts and Leases to each non-Debtor party to an Assumed Contract and Lease; (ii) the Debtors' proposed cure amount; and (iii) the deadline to object to the proposed assumption and cure amount.

12.    Objections, if any, to the potential assignment of the applicable Assumed Contract and Lease, and the Debtors' proposed cure amount, must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on September 10,13, 2007, or such later date and time as the Debtors may agree and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Jeffrey M. Levine); (iv) counsel to the Official Committee of Unsecured Creditors, when appointed (the "Committee"); (v) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004; (vi) counsel to the

- 5 -

~~Debtors post-petition lenders (the "DIP Lender");~~ (v) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (vi) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; and (vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon).

13.     Objections, if any, to the Sale, or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on September 10, 2007, or such later date and time as the Debtors may agree and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Jeffrey M. Levine); (iv) counsel to the Committee; ~~(v) counsel to Bank of America, N.A., as~~ when appointed; (v) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington,

Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004; (vi) counsel to the DIP Lender; (vi) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; and (vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon).

14.    The notice to be issued and published in connection with the proposed Sale, substantially in the form annexed to the Motion as Exhibit C, is approved.

15.    The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

16.    Nothing in this Order shall limit, expand or otherwise affect any rights and obligations of the Debtors and other parties under any of the Debtors' repurchase agreements, including the obligations, if any, under any repurchase agreements to segregate funds and transfer servicing rights. No rights of any entity in connection with a contract or transaction of the kind listed in §§ 555, 559, 560 and 561 of the Bankruptcy Code, whatever they might or might not be, are affected by the entry of this interim order.

DB02:6162757.2 6162757.3                                     066585.1001

17.    -This Court shall retain jurisdiction over any matters related to or arising

from the implementation of this Order.

Dated:    August 7, _____, 2007
         Wilmington, Delaware


                                _____
                                CHRISTOPHERChristopher S. SONTCHISontchi
                                UNITED STATES BANKRUPTCY JUDGEUnited
                                States Bankruptcy Judge

## **EXHIBIT 1**

(Sale Procedures)

# ~~EXHIBIT B~~ SALE PROCEDURES

By motion dated August ~~—,~~ 6, 2007 (the "Motion"),[1] the debtors and debtors in possession (collectively, the "Debtors"),[2] sought approval of, among other things, the procedures through which they will determine the highest or otherwise best price for the sale (the "Sale") of the assets related to the Debtors' mortgage loan servicing business (the "Servicing Business"), pursuant to the terms of the form Purchase and Sale Agreement (the "Purchase Agreement") attached to the Motion.  On August ~~—~~_____, 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Sale Procedures Order"), which, among other things, authorized the Debtors to determine the highest or otherwise best price for the Servicing Business through the process and procedures set forth below (the "Sale Procedures").  The Debtors reserve the right to seek approval of the Sale of portions of the Servicing Business through separate Purchase Agreements with different purchasers in the event that the combination of such Sales is determined by the Debtors, in ~~their sole discretion~~ consultation with counsel to the Official Committee of Unsecured Creditors, when appointed (the "Committee"), counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004 (the "Administrative Agent") (as required by the Interim Order (I) Authorizing Debtors' Limited Use of Cash Collateral, (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001 (together with any final order entered in respect thereof, the "Cash Collateral Order")), and counsel to the agent for the Debtors' post-petition lenders (the "DIP Agent"), to obtain the highest value for the assets associated with the Servicing Business.  The Debtors further reserve the right to waive Sale Procedures, in ~~their discretion~~ consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, to the extent such waiver is in the best interest of the Debtors' estates.

On September ~~—,~~ 17, 2007 at ~~——~~ 12:00 Noon (or such other date and time as may be designated), or as soon thereafter as counsel can be heard, as further described below, in the Motion and in the Sale Procedures Order, the Bankruptcy Court will conduct a hearing (the "Sale Hearing") at which the Debtors shall seek entry of an order (the "Sale Order") authorizing

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

[2] The Debtors are:  American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

066585.1001

and approving the sale (or sales) of the Servicing Business (each a "Sale Transaction") pursuant to the terms of the Successful Bid(s) (as defined below).

**Participation Requirements**

In order to participate in the bidding process or otherwise be considered for any purpose hereunder, a person interested in the Servicing Business (a "Potential Bidder") must first deliver the following materials to the Debtors and their counsel:

(i)     An executed confidentiality agreement in form and substance satisfactory to the Debtors and their counsel; and

(ii)    The most current audited and latest unaudited financial statements (collectively, the "Financials") of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of a Sale Transaction, (x) Financials of the equity holder(s) of the Potential Bidder or such other form of financial disclosure as is acceptable to the Debtors and their counsel and (y) the written commitment acceptable to the Debtors and their counsel of the equity holder(s) of the Potential Bidder to be responsible for the Potential Bidder's obligations in connection with a Sale Transaction. In the event that a Potential Bidder is unable to provide Financials, the Debtors may, in ~~their discretion~~consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, accept such other information sufficient to demonstrate to the Debtors' satisfaction that such Potential Bidder has the financial wherewithal to consummate a Sale Transaction.

A "Qualified Bidder" is a Potential Bidder whose Financials or other information demonstrate the financial capability to consummate a Sale Transaction and which the Debtors determine, in ~~their discretion~~consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, is reasonably likely to make a bona fide offer that would result in greater value being received for the benefit of the Debtors' creditors than under the Purchase Agreement.

Within two (2) business days after the Debtors receive from a Potential Bidder all of the materials required by subparagraphs (i) and (ii) above, the Debtors shall determine, in consultation with their advisors, whether the Potential Bidder is a Qualified Bidder. In the event that the Debtors determine that a Potential Bidder is not a Qualified Bidder, the Debtors shall provide prompt notice thereof to the Potential Bidder.

**Obtaining Due Diligence Access**

The Debtors shall afford each Qualified Bidder reasonable due diligence information. Due Diligence reports which have already been performed will be made available to Qualified Bidders. Site access shall be provided upon reasonable request to the Debtors at the

066585.1001

discretion of the Debtors within their reasonable business judgment. The due diligence period will end on the Bid Deadline (defined below).

The Debtors shall not be obligated to furnish any information relating to the Debtors, the Servicing Business, and/or a Sale to any person except to a Qualified Bidder. The Debtors shall give each Qualified Bidder reasonable access to all written due diligence information provided to another Qualified Bidder.

The Debtors shall coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders. No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline (as defined below).

**Bid Deadline**

**The deadline for submitting bids by a Qualified Bidder shall be September 6, 2007 at 4:00 p.m. (prevailing Eastern Time) (the "Bid Deadline").**

Prior to the Bid Deadline, a Qualified Bidder that desires to make a bid shall deliver written copies of its bid to: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone Advisors, LLC 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn,: Jeffrey M. Levine); (iv) ~~counsel to the Official Committee of Unsecured Creditors, if appointed (the "Committee"); (v) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004; and (vi) counsel to the Debtors' post-petition lenders (the "DIP Lender")~~; (v) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; and (vi) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent.

**Due Diligence From Bidders**

Each Qualified Bidder shall comply with all reasonable requests for additional information by the Debtors or their advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the Sale. Failure by the Qualified Bidder to comply with requests for additional information may be a basis for the Debtors to determine that a bid made by the Qualified Bidder is not a Qualified Bid.

**Bid Requirements**

A bid must be a written irrevocable offer from a Qualified Bidder (i) stating that the Qualified Bidder offers to consummate a Sale Transaction pursuant to an agreement that has been marked to show amendments and modifications to the Purchase Agreement, including price

and terms, that are being proposed by the Qualified Bidder, which terms shall not materially alter the terms of the Purchase Agreement, as applicable, (the "Marked Purchase Agreement"); (ii) confirming that the offer shall remain open until the closing of a Sale to the Successful Bidder or the Next Highest Bidder; (iii) enclosing a copy of the proposed Marked Purchase Agreement; and (iv) accompanied with a certified or bank check, wire transfer, or letter of credit reasonably acceptable to the Debtors of at least $5,000,000 as a minimum deposit (the "Minimum Deposit").

Any bid for the Servicing Business must:

(a)     be on terms that are not materially more burdensome or conditional than the terms of the Purchase Agreement;

(b)     not be conditioned on obtaining financing or the outcome of any due diligence by the bidder;

(c)     not request or entitle the bidder to any break-up fee, expense reimbursement or similar type of payment;

(d)     contain a list of the Debtors' executory contracts and unexpired leases related to the Servicing Business with respect to which the bidder seeks assignment from the Debtors, if any; and

(e)     fully disclose the identity of each entity that will be bidding for the Servicing Business or otherwise participating in connection with such bid, and the complete terms of any such participation.

A bid received from a Qualified Bidder and that meets the requirements set forth above will be considered a "Qualified Bid" if the Debtors believe, in ~~their discretion~~consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, that such bid would be consummated if selected as a Successful Bid (as defined below).

**Auction**

If a Qualified Bid by a Qualified Bidder is received by the Bid Deadline, an auction (the "Auction") with respect to a Sale Transaction shall take place on **September 10, 2007 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19899, or such other place and time as the Debtors shall notify all Qualified Bidders, the Committee, the ~~Prepetition Lenders,~~Administrative Agent and the DIP ~~Lenders~~Agent, and other invitees. If, however, no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held.

Only a Qualified Bidder who has submitted a Qualified Bid will be eligible to participate at the Auction. Only the authorized representatives of each of the Qualified Bidders, the Committee, the ~~Debtors' Prepetition Lenders~~Administrative Agent, the DIP ~~Lenders~~Agent

-4-

066585.1001

and the Debtors shall be permitted to attend the Auction.  At the Auction, Qualified Bidders will be permitted to increase their bids.

The bidding at the Auction shall start at the purchase price stated in the highest or otherwise best Qualified Bid as disclosed to all Qualified Bidders prior to commencement of the Auction (the "Starting Qualified Bid"), and then continue in increments of at least $1,000,000.

The Debtors, in ~~their discretion~~consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, may adopt rules for the Auction at or prior to the Auction that~~, in their discretion,~~ will better promote the goals of the Auction and that are not inconsistent with any of the provisions of the Sale Procedures Order.  All such rules will provide that all bids shall be made and received in one room, on an open basis, and all other bidders shall be entitled to be present for all bidding with the understanding that the true identity of each bidder (i.e., the principals submitting each bid) shall be fully disclosed to all other bidders and that all material terms of each Qualified Bid will be fully disclosed to all other bidders throughout the entire Auction.

Unless otherwise agreed by the Debtors, in ~~their discretion~~consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, no Qualified Bidder will be permitted more than one-half hour to respond to the previous bid at the Auction and, at the expiration of such time (unless extended), the Auction shall conclude.  Immediately prior to concluding the Auction, the Debtors shall (i) review each Qualified Bid on the basis of its financial and contractual terms and the factors relevant to the sale process and the best interests of the Debtors' estates and creditors; (ii) determine and identify, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, the highest or otherwise best Qualified Bid (the "Successful Bid") and the next highest or otherwise best offer after the Successful Bid (the "Next Highest Bid"); and (iii) have the right to reject any and all bids, in each case in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent.  Immediately upon selection of the Successful Bid, if the Minimum Deposit does not equal 10% of the purchase price of the Successful Bid, the Successful Bidder shall provide the Debtors with immediately available funds so that the Minimum Deposit is equal to 10% of the purchase price of the Successful Bid.  The Auction may be adjourned as the Debtors deem appropriate.  Reasonable notice of the time and place for the resumption of the Auction will be given to all Qualified Bidders, the Committee, the Administrative Agent, the DIP Agent and other invited parties.  The Debtors reserve the right to waive Sale Procedures, in ~~their discretion~~consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, to the extent such waiver is in the best interest of the Debtors' estates.

**Acceptance of the Successful Bid**

The Debtors will present the results of the Auction to the Bankruptcy Court at the Sale Hearing, at which certain findings will be sought from the Bankruptcy Court regarding the Auction, including, among other things, that (i) the Auction was conducted and the Successful Bidder was selected in accordance with these Sale Procedures, (ii) the Auction was fair in

-5-

substance and procedure, and (iii) consummation of the Sale Transaction contemplated by the Successful Bid will provide the highest or best value for the Servicing Business and is in the best interests of the Debtors and their estates.

In the event that, for any reason, the Successful Bidder fails to close the Sale transaction contemplated by its Successful Bid, then, without notice to any other party or further court order, the Debtors shall be authorized to close with the Qualified Bidder that submitted the Next Highest Bid.

## Return of Minimum Deposit

Except as otherwise provided in this paragraph with respect to any Successful Bidder and any Next Highest Bidder, the Minimum Deposits of all Qualified Bidders required to submit such a deposit under the Sale Procedures shall be returned upon or within one (1) business day after Closing of the Sale. The Minimum Deposit of the Successful Bidder shall be held until the closing of the Sale and applied in accordance with the Successful Bid. The Minimum Deposit of the Next Highest Bidder shall be returned upon or within one (1) business day after closing of the Sale to the Successful Bidder. In the event the Debtors proceed to closing with the Next Highest Bidder, the Minimum Deposit of the Next Highest Bidder shall be held until the closing of the Sale with the Next Highest Bidder and applied in accordance with the Next Highest Bid. If a closing does not occur by September [•],28, 2007, the disposition of Minimum Deposits shall be as provided in the relevant bids.

## Consultation with Stakeholders

The Debtors shall provide to the ~~Prepetition Lenders~~Administrative Agent, the DIP ~~Lenders~~Agent and the Committee information regarding the qualification of bidders, the valuation of bids, and such other information related to the sale process as may be reasonably requested by the Committee or the ~~Prepetition Lenders~~Administrative Agent. Throughout the process the Debtors shall consult with the ~~Prepetition Lenders~~Administrative Agent, the DIP-~~Lenders~~ Agent and the Committee and/or their professionals as provided herein.

066585.1001