IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
AMERICAN HOME MORTGAGE                                       :   Case No. 07-07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,              :
                                                             :   Jointly Administered
         Debtors.                                            :
                                                             :   Ref. Docket No. 11
------------------------------------------------------------ x

**ORDER APPROVING (I) SALE PROCEDURES; (II) SCHEDULING A HEARING TO CONSIDER SALE OF CERTAIN ASSETS USED IN THE DEBTORS' LOAN SERVICING BUSINESS; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF**

Upon the consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[2] pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of two orders: (A) one, substantially in the form annexed to the Motion as Exhibit A (the "Sale Procedures Order"), (i) approving procedures (the "Sale Procedures") with respect to the proposed sale (the "Sale") of the Debtors' mortgage loan servicing business (the "Servicing Business"), as more specifically described in the form Purchase and Sale Agreement (the "Purchase Agreement"), annexed to the Motion as Exhibit D;

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

(ii) scheduling a hearing (the "Sale Hearing") on the Sale and setting objection and bidding deadlines with respect to the Sale, (iii) approving the form and manner of notice of an auction for the relevant assets (the "Auction") and the Sale Hearing, and (iv) granting related relief; and (B) the other, substantially in the form annexed to the Motion as Exhibit E (the "Sale Order"), (i) authorizing the Sale free and clear of liens, claims, encumbrances, and interests, pursuant to the Purchase Agreement, (ii) authorizing and approving the Purchase Agreement related thereto, (iii) approving the assumption and assignment of executory contracts and unexpired leases, as necessary in connection with the Sale, and (iv) granting related relief; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion held on August 7, 2007, and the full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. This Court has jurisdiction over the Motion and the transactions contemplated by the Purchase Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth

herein with respect to the Sale Hearing. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

D. The Debtors' proposed notice of the Sale Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction and the Sale, and the Sale Procedures to be employed in connection therewith.

E. The entry of this Sale Procedures Order is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest.

F. The Sale Procedures are reasonably designed to maximize the value to be achieved for the Servicing Business.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted.

2. Except as otherwise expressly provided in this Sale Procedures Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3. The Sale Procedures, in substantially the form attached hereto as <u>Exhibit 1</u>, are hereby incorporated herein and approved, and shall apply with respect to the Sale.

4. The Debtors may sell the Servicing Business by conducting the Auction in accordance with the Sale Procedures.

5. The Auction shall take place on September 10, 2007 at 10:00 a.m. (prevailing Eastern Time) at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19899, or such other place and time as the Debtors

shall notify all Qualified Bidders, the Official Committee of Unsecured Creditors, when appointed (the "Committee"), Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004 (the "Administrative Agent"), the agent for the Debtors' post-petition lenders (the "DIP Agent") and other invitees.

6. A Qualified Bidder that desires to make a bid shall comply with the requirements set forth in the Sale Procedures for making such bid.

7. The Debtors shall have the right to reject any and all bids that do not conform with the Sale Procedures, subject to the provisions of the Sale Procedures.

8. The Sale Hearing shall be held before this Court on September 17, 2007 at 12:00 Noon (prevailing Eastern Time), or as soon thereafter as counsel and interested parties may be heard.

9. Not later than five days after the entry of this Sale Procedures Order, the Debtors will serve copies of the Notice of Auction and Sale Hearing, substantially in the form attached to the Motion as Exhibit C, the Purchase Agreement, the Sale Procedures, and the Sale Procedures Order (a) by mail, postage prepaid to: (i) all entities known to have expressed a *bona fide* interest in acquiring the Servicing Business; (ii) counsel to the Administrative Agent; (iii) counsel to the DIP Agent, (iv) counsel to the Committee, when appointed; and (v) the Office of the United States Trustee for the District of Delaware; and (b) by first-class mail, postage prepaid, to all parties that have requested notice pursuant to Bankruptcy Rule 2002 as of the date prior to the date of entry of the Sale Procedures Order.

10. Not later than ten days after entry of the Sale Procedures Order, the Debtors will publish the Notice of Auction and Sale Hearing, substantially in the form attached to the Motion as Exhibit C in the national edition of *The Wall Street Journal*.

11. On or before August 27, 2007, the Debtors shall serve a notice (i) identifying any Assumed Contracts and Leases to each non-Debtor party to an Assumed Contract and Lease; (ii) the Debtors' proposed cure amount; and (iii) the deadline to object to the proposed assumption and cure amount.

12. Objections, if any, to the potential assignment of the applicable Assumed Contract and Lease, and the Debtors' proposed cure amount, must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on September 13, 2007, or such later date and time as the Debtors may agree and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Jeffrey M. Levine); (iv) counsel to the Committee, when appointed; (v) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (vi) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; and

(vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon).

13. Objections, if any, to the Sale, or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on September 13, 2007, or such later date and time as the Debtors may agree and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Jeffrey M. Levine); (iv) counsel to the Committee, when appointed; (v) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (vi) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; and (vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon).

14. The notice to be issued and published in connection with the proposed Sale, substantially in the form annexed to the Motion as Exhibit C, is approved.

15. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

16. No rights of any entity in connection with a contract or transaction of the kind listed in §§ 555, 559, 560 and 561 of the Bankruptcy Code, whatever they might or might not be, are affected by the entry of this interim order.

17. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: August 9, 2007
Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge