## EXHIBIT 4
**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                  :
                                                                 :  Jointly Administered
            Debtors.                                             :
                                                                 :  Doc. Ref. No.
---------------------------------------------------------------- x

**ORDER, PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN REAL PROPERTY LEASES AND THE SALE OF FURNITURE, FIXTURES AND EQUIPMENT LOCATED THEREIN; (II) APPROVING THE TERMS OF THE LETTER AGREEMENT; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[2] for entry of an order, pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") (i) authorizing the sale of certain assets (the "Office Assets"), including the assumption and assignment of certain real property leases (the "Office Leases") and the sale of furniture, fixtures, and equipment contained therein (the "FFE"), to Indymac Bank F.S.B. ("IMB") or other party submitting a higher or better offer; (ii) approving the terms of the letter agreement dated August 7, 2007, by and between the Debtors and IMB, attached hereto as Exhibit 1

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

(the "Letter Agreement"); and (iii) granting related relief; and the Court having reviewed the Letter Agreement, and upon the record of the hearing held on August 24, 2007; and after due deliberation and sufficient cause appearing therefor, the Court hereby makes the following:

FINDINGS OF FACT AND CONCLUSIONS OF LAW:[3]

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief requested in the Motion are sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006.

C. For the reasons set forth in the Motion, due and adequate notice of the Motion, the Letter Agreement, the hearing, and the subject matter thereof has been provided to all parties in interest herein, and no other or further notice is necessary. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

D. The Sale is in the best interests of the Debtors, their estates, their creditors, and other parties in interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the Sale. The Debtors are the owners of the FFE and have good and marketable title to the same and have the authority to sell, assign and transfer their right, title and interest thereto. There are no brokers involved in the transaction and the Sale is a legal and valid transfer of ownership to IMB.

E. The Letter Agreement was negotiated and proposed, and has been entered into by the parties, in good faith, from arm's length bargaining positions, and without collusion.

---

[3] When appropriate, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact. See Fed. R. Bankr. P. 7052.

IMB is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor IMB have engaged in any conduct that would cause or permit the Letter Agreement, or the sale of the Office Assets to IMB pursuant thereto and hereto, to be avoided under Bankruptcy Code section 363(n).

G. Under the circumstances, and due and adequate notice having been provided, it is the best interests of the Debtors, their creditors, and all other parties in interest herein that the Office Assets be sold to IMB in a sale under section 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(c)(1) and 6004(f)(1).

H. Notwithstanding the opportunity to purchase the Office Assets being afforded to the Potential Bidders through, among other means, service of the Motion and the Letter Agreement, [IMB was the only party to submit an acceptable offer for the Office Assets.] The consideration provided by IMB for the Office Assets pursuant to the Letter Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Office Assets, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

H. The Debtors are authorized to sell the Office Assets free and clear of all interests of any kind or nature whatsoever because one or more of the standards set forth in Bankruptcy Code section 363(f)(1)-(5) have been satisfied. Those holders of interests who did not object to the Motion or the relief requested therein, or who imposed and then withdrew their objections, are deemed to have consented to the sale pursuant to Bankruptcy Code section 363(f)(2). Those holders of interests who did object fall within one or more of the other

subsections of Bankruptcy Code section 363(f) and are adequately protected by having their interests, if any, attach to the proceeds of the sale of the Office Assets.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED.

2. Pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, the Debtors are hereby authorized and empowered (i) to enter into the Letter Agreement; (ii) to assume and assign the Office Leases to IMB; and (iii) to sell, transfer, and convey the Office Assets to IMB.

3. The Letter Agreement and all of its terms are APPROVED, and this Order and the Letter Agreement shall be binding upon the Debtors, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties in interest herein.

4. Upon the date of closing the sale of the Office Assets (the "<u>Closing Date</u>"), the Office Assets shall be transferred to IMB free and clear of all liens, claims, encumbrances, or other interests, except as set forth in the Motion and Letter Agreement, pursuant to Bankruptcy Code sections 105(a) and 363. All persons and entities (including, without limitation, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, and trade and other creditors) holding interests of any kind or nature whatsoever against or in the Debtors or the Office Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated) arising under or out of, in connection with, or in any way relating to the Debtors, the Office Assets, the operation of the Debtors' businesses prior to the Closing Date, or the

transfer of the Office Assets to IMB, hereby are forever barred, estopped, and permanently enjoined from asserting against IMB, its successors or assigns, or the Office Assets, such persons' or entities' interests.

5. Neither the execution nor performance of the License Agreement, nor the assumption of the Office Leases by the Debtors, nor the assignment of the Office Leases to the Purchaser, nor any of the conditions regarding the Debtors or this case described in Bankruptcy Code section 365(b)(2) shall constitute a default under any of the Offices Leases, now or at an time hereafter.

6. IMB is hereby granted and is entitled to all of the protections provided to a good faith purchase of the Office Assets under Section 363(m) of the Bankruptcy Code.

7. Pursuant to Bankruptcy Code section 363(b), the Debtors and IMB, as well as their officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Letter Agreement. Any actions taken by the Debtors and IMB necessary or desirable to consummate such transactions prior to the entry of this Order are hereby ratified.

8. The Letter Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court; provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

9. The Debtors shall provide a notice identifying the proposed cure amount for each of the Office Leases to each non-Debtor party to an Office Lease no later than two (2)

business days following entry of this Order. Such notice shall, among other things, list the Debtors' proposed cure amount (the "Proposed Cure Amount"). The deadline by which non-Debtor parties to the Office Leases must file an objection (the "Cure Amount Objection") to their scheduled Proposed Cure Amount is **September 7, 2007 at 4:00 p.m. (prevailing Eastern time)** (the "Cure Objection Deadline"). Such parties must also serve a copy of the Cure Amount Objection so as to be received no later than the Cure Objection Deadline on the same day to: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone Advisors, LLC 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn.: Jeffrey M. Levine); and (iv) Pachulski Stang Ziehl Young Jones & Weintraub, 780 Third Avenue, 36th Floor, New York, NY 10017-2024 (Attn: William P. Weintraub) and Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San Francisco, CA 94105 (Attn: Frederick D. Holden, Jr.), counsel to IMB. Such non-debtor parties shall (i) be forever barred from objecting to the Proposed Cure Amount and from asserting any additional cure or other amounts with respect to such Office Lease and the Debtors shall be entitled to rely solely upon the Proposed Cure Amount; and (ii) be deemed to have consented to the assumption and assignment of such Office Lease and shall be forever barred and estopped from asserting or claiming against the Debtors or such other successful bidder or any other assignee of the Office Lease that any additional amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied under such Office Lease.

10. The failure specifically to include any particular provisions of the Letter Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Letter Agreement be authorized and approved in its entirety.

11. There is no assumption of liabilities by IMB other than as set forth in the Letter Agreement; IMB is not a successor to the Debtors, nor is the Purchaser a successor employer of any current or former employees of the Debtors who are hired by the Purchaser; upon the closing of the Sale approved hereunder and solely with respect to the Office Assets under the Sale, the creditors, employees and equity holders of the Debtors, are permanently and forever barred, restrained and enjoined from asserting any claims or enforcing any remedies, or commencing or continuing in any manner any action or proceeding of any kind against the Purchaser with respect to the Office Assets on account of any liens, claims or liabilities or asserting any claims or enforcing any remedies under any theory of successor liability, de facto merger, or substantial continuity; on the closing date, this Order shall be construed and shall constitute for all purposes a full and complete general assignment, conveyance and transfer of all of the Office Assets or a bill of sale transferring good and marketable title in such Office Assets to the Purchaser on the closing date; no bulk sales or similar laws are applicable to the sale; if, following entry of this Order approving the sale of the Office Assets free and clear of liens, any person or entity that held a lien on the Office Assets fails or refuses to deliver a release of lien or similar release to evidence such sale free and clear, the Purchaser is authorized to file or record such release in the name or on behalf of such person or entity; the order is binding upon and govern the acts of all persons and entities, including filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state or local

officials and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title to any of the Office Assets, and all such persons or entities are authorized and specifically directed to strike all recorded liens, interests and encumbrances against the Office Assets from their records, official or otherwise; and each and every federal, state and governmental agency or department, and any other person or entity, is hereby directed to accept any and all documents and instruments necessary or appropriate to consummate the transactions approved by this Order; and this Order is binding in all respects, solely with respect to the Office Assets under the Sale, upon the creditors and equity holders of the Debtors, all non-debtor parties to any assumed Office Leases or other assumed contracts or leases, any official committees appointed in these cases, all successors and assigns of the Debtors, any trustees, examiners or "responsible persons" or other fiduciaries appointed in these cases or upon conversion to chapter 7 of the Bankruptcy Code; and the sale of the FFE and the assignment of the Office Leases approved pursuant to this Order shall not be avoidable under any circumstances.

12. Upon the closing of the Sale, and except as otherwise expressly provided in the Letter Agreement, IMB shall not be liable for any claims against, and liabilities and obligations of, the Debtors or any of the Debtors' predecessors or affiliates. Without limiting the generality of the foregoing, (a) IMB shall have no liability or obligation to pay wages, bonuses, severance pay, benefits (including, without limitation, contributions or payments on account of any under-funding with respect to any pension plan) or make any other payment to employees or former employees of the Debtors, (b) IMB shall have no liability or obligation in respect of any collective bargaining agreement, employee pension plan, employee health plan, employee

retention program, employee incentive program or any other similar agreement, plan or program to which any Debtors are a party (including, without limitation, liabilities or obligations arising from or related to the rejection of termination of any such plan, program agreement or benefit), (c) IMB shall in no way be deemed a party or assignee of any such employee benefit, agreement, plan or program, (d) and all parties to any such employee benefit, agreement, plan or program are enjoined from asserting against IMB any claims arising from or relating to such employee benefit, agreement, plan or program.

13. As provided by Bankruptcy Rule 6004(g) and 6006(d), this Order shall not be stayed for ten (10) days after entry thereof and shall be effective and enforceable immediately.

14. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of the Letter Agreement or this Order.

Dated: Wilmington, Delaware
       August ___, 2007

_____
Christopher S. Sontchi
United States Bankruptcy Judge