# EXHIBIT A

## Morgan Affidavit

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             :   Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE                                             :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]                 :
                                                                   :   Jointly Administered
                    Debtors.                                       :
------------------------------------------------------------------ x

**AFFIDAVIT OF PAULINE K. MORGAN IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO SECTION 327 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 APPROVING RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS ATTORNEYS FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

STATE OF DELAWARE      )
                       ) ss.
COUNTY OF NEW CASTLE   )

PAULINE K. MORGAN being duly sworn, deposes and says:

1.  I am a partner in the firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway" or the "Firm"), The Brandywine Building, 17th Floor, 1000 West Street, Wilmington, Delaware 19801, and have been duly admitted to practice in the State of Delaware, the United States District Court for the District of Delaware and the United States Court of Appeals for the Third Circuit. This affidavit is submitted in support of the Debtors' Application for Order Pursuant to section 327 of the Bankruptcy Code and Bankruptcy Rule 2014 Approving

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Attorneys for the Debtors, *Nunc Pro Tunc* to the Petition Date (the "Application").

2. Young Conaway has conducted a series of searches in the Firm's conflicts databases to identify relationships with creditors and other parties-in-interest (or potential parties-in-interest) in these chapter 11 cases. Attached hereto as Exhibit 1 is a chart summarizing the results of the searches. Based on the conflicts, connections, and relationships searches and reviews conducted, to the best of my knowledge, neither I, the firm, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, has any connections with the above-captioned debtors and debtors in possession (collectively the "Debtors"), their creditors, or any other parties-in-interest, or their respective attorneys and professionals, and the United States Trustee or any person employed in the Office of the United States Trustee, except as set forth on Exhibit 1 hereto.

3. Young Conaway is continuing to review the Debtors' list of creditors. To the extent that I become aware of any additional connections or relationships that may be relevant to Young Conaway's representation of the Debtors, I will file a supplemental affidavit.

4. Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that said firm, its partners, counsel and associates:

    a. are not creditors, equity security holders or insiders of the Debtors;

    b. are not and were not, within two (2) years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors; and

    c. does not have an interest materially adverse to the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in any of the Debtors, or for any other reason.

5.  Young Conaway was retained pursuant to the terms of an engagement agreement dated July 28, 2007 (the "Engagement Agreement"), a copy of which is attached to the Application as Exhibit B. In accordance with the Engagement Agreement, Young Conaway received an initial retainer in the amount of $400,000, and an additional retainer in the amount of $400,000 on August 3, 2007, in connection with the planning and preparation of initial documents and its proposed post-petition representation of the Debtors. A portion of this retainer has been applied to outstanding balances existing as of the Petition Date, including payment of fees and expenses associated with the filing of these chapter 11 cases.[2] The remainder will constitute a general retainer as security for post-petition services and expenses until the conclusion of these cases. This type of retainer is common in the marketplace, and the Engagement Agreement was the result of arms-length transaction between two sophisticated business entities. The terms of the Engagement Agreement allow the Debtors and Young Conaway to maintain their prepetition relationship, which is an advantage to the Debtors' estates since Young Conaway will continue to provide services to the Debtors postpetition. Finally, although the Debtors' interim post-petition financing facility with WLR Recovery Fund III, L.P., provides for a professional fee carve-out of $5 million, the professional fees and expenses outstanding at any point in time in a case of this magnitude are likely to far exceed such carve-out.[3]

6.  Young Conaway will seek approval of payment of compensation and reimbursement of actual, necessary expenses and other charges upon Young Conaway's filing of

---

[2] Young Conaway has not yet completed its final reconciliation of pre-petition fees and expenses applied against its retainer. Details regarding such final reconciliation will be included in the Firm's first application for interim compensation.

[3] In addition to this Application, the Debtors have filed an application to retain Cadwalader Wickersham & Taft LLP as special counsel and anticipate filing an application to also retain Quinn Emanuel Urquhart Oliver & Hedges, LLP as special counsel.

appropriate applications for allowance of interim or final compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Orders of this Court. The current standard hourly rates of the Firm are:

        Partners:    $450 to $700

        Associates:    $230 to $425

        Paralegals:    $105 to $205

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

7. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The expenses charged to clients, include, but may not be limited to, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, document imaging charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

8. No promises have been received by the Firm or by any partner, counsel or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

WHEREFORE, pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

*[signature]*
Pauline K. Morgan

Sworn to before me this 13th day of August, 2007.

*[signature]*
Notary Public
My Commission Expires:_____

DEBBIE E. LASKIN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Dec. 21, 2008

5

DB02:6159338.4

066585.1001

# **EXHIBIT 1**

(i) Representation by Young Conaway of Clients in Matters Involving the Debtors:

NONE IDENTIFIED

(ii) Representations by Young Conaway of the Debtors' Forty (40) Largest Unaffiliated Unsecured Creditors (and/or possible affiliates) and Lenders Asserting Defaults (and/or possible affiliates) in Unrelated Matters:

| Current Unrelated Representations |
| --- |
| Wilmington Trust Company |
| JP Morgan Chase & Company (and related affiliates) |
| Morgan Stanley Credit Servicing, Inc. (and related affiliates) |
| Wells Fargo Bank, N.A. (and related affiliates) |
| Bear Stearns & Company |
| Travelers o/b/o Citigroup, Inc. |
| Bank of America, N.A. |
| EMC Mortgage Corporation |
| Greenwich Capital |
| Lehman Brothers, Inc. |
| HSBC Consumer Lending (USA), Inc. |
| Credit Suisse First Boston |
| GMAC Mortgage Corporation |
| Citibank, N.A. |
| Merrill Lynch & Company, Inc. |
| Wachovia Bank, N.A. |

| Former Unrelated Representations |
| --- |
| UBS Capital, LLC |
| UBS Willow Fund, LLC |
| Barclays Bank of Delaware |
| SunTrust Bank |
| Royal Bank of Scotland |
| IXIS Real Estate Capital, Inc. |
| ABN Amro Bank, N.V. |
| American Express |
| CB Richard Ellis |
| First American Bank of Maryland |
| Janney Montgomery Scott LLC |

(iii) Representations by Young Conaway of the Debtors' current directors and officers (and/or possible affiliates) in Unrelated Matters:

NONE IDENTIFIED

(iv) Representations by Young Conaway of the Debtors' shareholders (and/or possible affiliates) in Unrelated Matters:

| Current Unrelated Representations |
| --- |
| Goldman Sachs |

| Former Unrelated Representations |
| --- |
| Cede & Company |

(v) Representations by Young Conaway of the Debtors' insurers (and/or possible affiliates) in Unrelated Matters:

| Current Unrelated Representations |
| --- |
| Travelers (on behalf of various entities) |

(vi) Representations by Young Conaway of parties (and/or possible affiliates) and their counsel who filed Notices of Appearance in Unrelated Matters:

| Current Unrelated Representations |
| --- |
| Sovereign Bank |

| Former Unrelated Representations |
| --- |
| AT&T Corporation |
| Empire Blue Cross Blue Shield |
| Federal Home Loan Mortgage Corporation a/k/a Freddie Mac |