## EXHIBIT B

**Engagement Agreement**

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6684
DIRECT FAX: (302) 576-3325
jpatton@ycst.com

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
    (NJ & PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

July 28, 2007

**BY EMAIL**
Alan B. Horn, Esquire
Executive Vice President, General Counsel and Secretary
American Home Mortgage Investment Corp.
538 Broadhollow Rd.
Melville, NY 11747

Re: Engagement Agreement between American Home Mortgage Investment Corp. and Young Conaway Stargatt & Taylor, LLP

Dear Mr. Horn:

Young Conaway Stargatt & Taylor, LLP ("Young Conaway") is pleased to accept representation, along with Cadwalader Wickersham & Taft LLP, to American Home Mortgage Investment Corp. and certain of its affiliates (collectively, the "Company") on the terms set forth herein, to represent the Company in connection with restructuring efforts and potential bankruptcy cases to be commenced.

1. <u>Nature of Engagement</u>

Young Conaway's engagement will include representation of the Company in connection with restructuring efforts and in preparing for, and during the course of, all aspects of any cases prosecuted under title 11 of the United States Code (the "Bankruptcy Code"). This aspect of Young Conaway's representation will include, among other things, the preparation of petition(s) for voluntary relief, defenses against any involuntary case, motions and other court papers, documents and agreements that may be called for, together with all attendant court appearances and out-of-court planning and negotiations, as well as negotiating, preparing and prosecuting any plans of reorganization, related solicitation and disclosure statements and other related documents.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Alan B. Horn, Esquire
July 28, 2007
Page 2

In short, Young Conaway's representation will include serving as counsel to the debtor-in-possession, subject to court approval. We also will be available to represent the Company in any litigation that may arise, subject to obtaining any required court approval and subject to any ethical constraints arising from potential conflicts.

2. Case Management and Coordination of Outside Counsel

To the extent possible, given the nature and magnitude of the engagement, steps will be taken by us to coordinate tasks, and where practical, to allocate tasks to avoid unnecessary duplication of effort between us and any other counsel.

If, as outlined below, court approval should not be available for all aspects of a potential chapter 11 case, which you should wish us, and we should agree, to undertake, our representation would include as many of these aspects as may be approved.

3. Fee Structure and Retainer

Young Conaway customarily receives a reasonable retainer in matters of this nature. The retainer is designed to assure the Company's continued access to representation despite delays in obtaining authority to pay fees, the potential imposition of cash collateral requirements and other factors. At this initial stage of the Firm's engagement, a reasonable retainer for our pre-bankruptcy work is $400,000 (the "Retainer"). An additional retainer may be required prior to commencing a bankruptcy case. In addition, we will require the pre-payment of the chapter 11 filing fees of $1,039 for each debtor.

The Retainer funds will be held for the purpose of providing a Retainer for professional services to be rendered and expenses to be charged by us to the Company's account in connection with work performed prior to the commencement of cases under chapter 11 of the Bankruptcy Code filed by or against the Company. The Retainer will be held in an interest-bearing account for the benefit of the Interest on Lawyers Trust Accounts ("IOLTA)[1] Program established by the Delaware Supreme Court unless you elect to have the Retainer held in an interest bearing account for your benefit, in which case, interest will be credited to the escrow account monthly and will accumulate until the Retainer is applied to our invoices for services or until the balance of the Retainer is remitted to the Company at the conclusion of this matter. Enclosed is a tax reporting form, which must be completed, signed by an authorized representative of the Company and returned to us before our bank will open an interest-bearing escrow account for your benefit.

Young Conaway will send the Company periodic invoices for services rendered and charges and disbursements incurred. The invoices will reflect charges for services rendered

---

[1] The IOLTA Program, administered by the Delaware Bar Foundation, provides funding to improve the administration of justice, to provide legal services to the poor, and for such other programs for the benefit of the public as are approved by the Court from time to time.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Alan B. Horn, Esquire
July 28, 2007
Page 3

calculated on the basis of our guideline hourly rates. Invoices shall be payable upon receipt, provided, however, that in the event of a bankruptcy case, payment may be made only upon court approval.

4. Pre-Petition and Post-Petition Services

Some fees, charges and disbursements incurred before the filing of a bankruptcy petition (voluntary or involuntary) may remain unpaid as of the date of a bankruptcy filing. Immediately prior to the filing, Young Conaway will prepare an estimated invoice for fees and expenses incurred and deduct such amount from the Retainer. Thereafter, Young Conaway will perform a reconciliation with respect to prepetition fees and expenses actually incurred, and, if necessary, deduct additional amounts from the retainer, with any excess amounts previously deducted to be returned to and constitute the Retainer. After the filing of the chapter 11 cases, the remaining Retainer (the "Post-Petition Retainer Balance") will be held as security for the payment of post-petition fees and expenses in accordance with Bankruptcy Rule 2016 or other applicable laws and rules. Post-petition fees and expenses are to be paid by the Company as and when approved by the Court and are not intended to be setoff against the Post-Petition Retainer Balance until the conclusion of the case.

5. Fees, Charges and Disbursements

Young Conaway's monthly invoices will reflect charges for services rendered, calculated on the basis of our guideline hourly rates. For attorney services, these rates range from $210 to $700 per hour. The guideline hourly rate charged for paralegals is $105 to $205 per hour. Our guideline hourly rates are adjusted periodically to reflect the advancing experience, capabilities and seniority of our professionals as well as general economic factors.

Our invoices also will include amounts for charges and disbursements. Such charges and disbursements will include, among others things, charges for messenger services, air couriers, document preparation services, secretarial overtime, photocopying and other reproduction costs, court fees, travel expenses, working meals, postage, materials for large mailings, telephone and telefax charges, computerized legal research facilities, computerized document inventory and control, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services. (In the event extraordinary or significant expenses are incurred, such as transcript costs and large mailings, the Company agrees that it will pay those expenses directly or will promptly reimburse us separately from our normal invoice procedure.)

If (a) our retention as bankruptcy or other counsel to the Company is not approved or authorized by the court, (b) it is decided that such approval ought not to be sought or (c) the Company's restructuring efforts are successfully completed, the Retainer will be refunded to the Company after deducting all unpaid pre- and post-petition fees, charges and disbursements due to Young Conaway by the Company.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Alan B. Horn, Esquire
July 28, 2007
Page 4

6. <u>Confidentiality and Conflicts</u>

While confidential communications between a client and counsel are privileged, the filing of a bankruptcy case may severely impact this attorney-client privilege. Specifically, if a trustee is appointed in any bankruptcy case concerning a corporate debtor, the trustee will be able to obtain from us (or any other counsel to the corporation) and disclose to others information communicated by the corporation to counsel.

Because of the nature of Young Conaway's practice, from time to time, we may concurrently represent one client in a particular case and a creditor of that client in an unrelated matter. As soon as practicable, we will provide a schedule of our current unrelated representation involving creditors of the Company of which we are presently aware.

Please be assured that, despite any such concurrent representation, we strictly preserve all client confidences and zealously pursue the interests of each of our clients, including in those circumstances in which we represent the adversary of an existing client in an unrelated case. The Company agrees that it does not consider such concurrent representations, in unrelated matters, of the Company and any adversary to be inappropriate and, therefore, waives any objections to any such present or future concurrent representation. Of course, with respect to any particular matter that may arise in connection with any chapter 11 case that may be commenced, we understand that the Company will evaluate all of the circumstances extant at that time and will coordinate assignments among Young Conaway and other counsel to best serve and benefit the Company.

Young Conaway does not provide opinion letters in connection with restructuring and bankruptcy reorganization cases to its clients or to others who might wish to rely on such letters. We do not alter this policy except under very unusual circumstances and then, only upon further written agreement, as approved by a special committee of Young Conaway, which must provide for compensation to us for the special risks attendant to the furnishing of such opinions.

Young Conaway is being engaged by the Company as a corporation. Our employment does not, and cannot, include the representation of any individual officer, director, shareholder or employee; we encourage each to consult independent counsel.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Alan B. Horn, Esquire
July 28, 2007
Page 5

### 7. Choice of Law/Venue

In the unlikely event that a dispute arises concerning the engagement provided herein, the Company and Young Conaway agree that this agreement shall be construed and enforced in accordance with, and governed by, the laws of the State of Delaware, and that the courts of the State of Delaware shall have exclusive jurisdiction of all matters relating, in any way, to any disputes arising from this agreement.

### 8. Conclusion

The Company agrees to make appropriate employees of the Company available to Young Conaway to assist in factual inquiries and factual determinations, court hearings and appearances, transactions and dealings relating to the subject matters with respect to which Young Conaway has been retained.

The Company may discharge Young Conaway at any time. Young Conaway may withdraw at any time with the Company's consent or for good cause without the Company's consent. Good cause includes the Company's breach of this agreement (including the Company's failure to pay any statement when due), the Company's refusal or failure to cooperate with us or any fact or circumstance that would render our continuing representation unlawful or unethical.

Other matters may arise in this representation not set forth in, or contemplated by, this letter. Indeed, given the magnitude of the representation, it would be unusual if this were not the case. Please feel free to contact us to clarify or identify any such matter that may arise in connection with our representation.

The foregoing sets forth the terms regarding Young Conaway's retention. There are no representations or promises other than as expressly set forth herein. If the foregoing terms of our representation meet with your approval, and accurately represent your understanding of the Company's Retainer agreement with Young Conaway, please execute and return this agreement to us and transmit the $400,000 Retainer.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Alan B. Horn, Esquire
July 28, 2007
Page 6

Wire transfer instructions for Young Conaway are as follows:

Name of Account:     Young Conaway Stargatt & Taylor, LLP Escrow Account
Bank Name:           Wilmington Trust Company, Wilmington Delaware
Routing or ABA #:    031100092
FBO Account #:       2782-4358

We look forward to working with you.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: _____
       James L. Patton, Jr.

JLP:dw
Enclosure – W-9 Form

cc: Bruce Zirinsky, Esquire
    Gregory Petrick, Esquire
    Pauline K. Morgan, Esquire


AGREED TO AND ACCEPTED:

**AMERICAN HOME MORTGAGE INVESTMENT CORP.**

By: _____
       (Name)  Alan Horn
       EVP
       (Title)
Date:  7/31/07