IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x    Chapter 11

In re:                                                                        :

                                                                              :    Case No. 07-11047 (CSS)

AMERICAN HOME MORTGAGE                                      :

HOLDINGS, INC., a Delaware corporation, et al.,            :    Jointly Administered

                                                                              :

                                            Debtors.                    :    **Objection Deadline: August 27, 2007 at 4:00 p.m.**
------------------------------------------------------------------ x    **Hearing Date: September 4, 2007 at 11:00 a.m.**

## MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULES 1007(a)(4) AND (c) FOR AN EXTENSION OF TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, STATEMENTS OF FINANCIAL AFFAIRS, STATEMENTS OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND SCHEDULES OF CURRENT INCOME AND EXPENDITURES

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware

corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and

debtors in possession in the above cases (collectively, "AHM" or the "Debtors"), [1] respectfully

represent as follows:

### SUMMARY OF RELIEF REQUESTED[2]

1.      By this motion (the "Motion"), the Debtors request that this Court enter an

order under Rules 1007(a)(4) and (c) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), extending the period established by Bankruptcy Rule 1007(c), as extended

by Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]      Capitalized terms in this Summary shall have the meanings ascribed to them in the Motion.

Bankruptcy Court for the District of Delaware (the "Local Rules"), within which they must file their schedules of assets and liabilities, statements of financial affairs, statements of executory contracts and unexpired leases, and schedules of current income and expenditures (collectively, the "Schedules and Statements") by sixty (60) days to and including October 5, 2007.

2.      In view of the amount of work entailed in completing such a project, as well as the size of the Debtors' cases and the competing demands upon the Debtors' employees in the initial post-petition period, the Debtors will not be able to satisfactorily prepare the Schedules and Statements within the 30 period provided in Local Rule 1007-1. Accordingly, the Debtors respectfully request an extension of sixty (60) days, without prejudice to the right of the Debtors to request a further extension of time to file the Schedules and Statements, should the Debtors deem such further extension necessary.

## JURISDICTION

3.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case and this Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Rule 1007(c) and Local Rule 1007-1(b).

## BACKGROUND

4.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

066585.1001

6.     The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.     An official committee of unsecured creditors was appointed on August 14, 2007. No trustee or examiner has been appointed.

### THE DEBTORS' BUSINESS[3]

8.     Prior to the filing of these bankruptcy cases, AHM's business primarily entailed the origination, servicing, and sale of mortgage loans, as well as investment in mortgage loans and mortgage-backed securities resulting from the securitizations of residential mortgage loans. AHM also invested in securitized mortgage loans originated by others and originated and sold mortgage loans to institutional investors. AHM offered an array of mortgage products and primarily made loans to borrowers with good credit profiles. Most of its portfolio consisted of securitized adjustable-rate mortgage (ARM) loans of prime and alternate A quality.

9.     As of December 31, 2006, AHM held a leveraged portfolio of mortgage loans held for investment and mortgage-backed securities in the amount of approximately $15.6 billion. As of December 31, 2006, AHM operated more than 550 loan production offices located in 47 states and the District of Columbia, and made loans throughout all 50 states and the District of Columbia. Certain of the Debtors originated mortgages through a network of loan origination offices. In addition, AHM originated loans obtained from mortgage brokers and purchased loans from correspondents. AHM originated approximately $58.9 billion in aggregate principal amount of loans in 2006 and for the third quarter of 2006 was ranked as the nation's 10th largest residential mortgage lender, according to National Mortgage News.

---

[3]     A detailed description of the Debtors' businesses and related business information is set forth in the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief [Docket No. 2], which is incorporated by reference as if fully set forth herein at length.

066585.1001

10. A large component of AHM's business is the servicing of loans, which is conducted through AHM Servicing. The servicing business collects mortgage payments, administers tax and insurance escrows, responds to borrower inquiries, and maintains control over collection and default mitigation processes. As of December 31, 2006, AHM Servicing serviced approximately 197,000 loans with an aggregate principal amount of approximately $46.3 billion. AHM continues to conduct its servicing business, which constitutes a valuable asset of the Debtors' estates.

## EVENTS LEADING TO THE CHAPTER 11 FILING

11. Beginning in late 2006, and continuing through 2007, the credit markets became concerned over the quality of subprime mortgages and, specifically, the increasing default rates on such mortgages. These concerns became exacerbated by the failure of two major hedge funds with concentrated investments in subprime loans.

12. The concern in the credit markets has spread beyond the subprime market and has been reflected in the widening of the spread between the rate of interest on U.S. Treasury issued securities and general corporate debt securities. The surge in mortgage delinquencies for subprime home loans also generated anxiety in the market about borrowers with adjustable rate mortgages scheduled to reset with higher rates in 2007 and 2008.

13. In the weeks prior to the Petition Date, this unprecedented disruption in the credit markets caused major write-downs of the Debtors' loan and security portfolios and consequently resulted in margin calls for hundreds of millions of dollars with respect to the Debtors' loans. During this time, certain of the Debtors' warehouse lenders -- the financial institutions that provide short term credit facilities needed to originate and purchase loans -- began to exercise remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and threatening the company's continued viability.

DB02:6153694.2                                         066585.1001

14.    On July 27, 2007, AHM Investment announced that its Board of Directors had decided to delay payment of its quarterly cash dividend on the Company's common stock and anticipated delaying payment of its quarterly cash dividends on its preferred stock to preserve liquidity.

15.    The Debtors' inability to originate loans and the exercise of remedies by certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the Debtors to discontinue their retail and indirect loan origination business.  As a result, on August 3, 2007, the Debtors implemented a massive reduction in workforce, resulting in the termination of over 6,500 employees.  The Debtors, as of the Petition Date, employed approximately 1000 absolutely essential employees to the Debtors' continued operations, although that number is expected to decline as various wind-up tasks are completed, the retail branches are closed and the Debtors' remaining assets are sold.

16.    In the wake of these events, the Debtors, assisted by counsel and professional advisors, sought alternative funding sources and capital infusions.  Additionally, the Debtors engaged in efforts to sell their businesses and assets, including, but not limited to, loans owned by the Debtors, residual securities in securitization trusts and scratch and dent loans, to financial and strategic investors.

17.    Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed these chapter 11 petitions to  preserve and maximize the value of their estates through orderly sales of their assets.

## RELIEF REQUESTED

18.    By the Motion, the Debtors seek entry of an Order extending the time within which the Debtors are required to file their Schedules and Statements by sixty (60) days,

to an including October 5, 2007, without prejudice to the Debtors' right to seek a further extension.[4]

19.    The Debtors have approximately 100,000 readily-ascertainable potential creditors. Given the size and complexity of their businesses and the fact that certain prepetition invoices have not yet been received or entered into the Debtors' financial accounting systems, the Debtors have not had the opportunity to gather the necessary information to prepare and file the Schedules and Statements.

20.    The operation of the Debtors' business requires the Debtors to maintain voluminous books and records and a complex system of accounting. To prepare the Schedules and Statements, the Debtors must gather information from books, records, and documents relating to thousands of transactions. These books, records, and documents are located at various operating sites. Consequently, collection of the information necessary to complete the Schedules and Statements will require substantial time and effort on the part of the Debtors' employees.

21.    In view of the amount of work entailed in completing such a project, as well as the size of the Debtors' cases and the competing demands upon the Debtors' employees in the initial post-petition period, the Debtors do not believe that they will be able to satisfactorily and accurately prepare the Schedules and Statements within the period provided in Bankruptcy Rule 1007(c), as extended by Local Rule 1007-1(b).

22.    At the present time, it is anticipated that at least sixty (60) days will be needed to complete the required Schedules and Statements. Accordingly, the Debtors request that the period under the Bankruptcy Rules and Local Rules for filing the Schedules be extended to and including October 5, 2007, without prejudice to the right of the Debtors to request a

---

[4]    Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current deadline of September 5, 2007 (the "Current Deadline") shall serve to extend automatically the Current Deadline, without the necessity for the entry of a bridge order, until the Court rules on this Motion.

further extension of time to file the Schedules and Statements should the Debtors deem such further extension necessary.

23.    This Court has authority to grant an extension of the time for the filing of the Schedules and Statements. See Fed. R. Bankr. P. 1007(c) (authorizing extension of filing deadline "on motion for cause shown"); Local Rule 1007-1(b) (allowing extensions "for cause"). In view of the vast amount of information that must be assembled and compiled, the location of that information, and the numerous hours of time that must be devoted to the task of completing the Schedules and Statements, good and sufficient cause exists for granting the extension of time requested in this Motion.

24.    Extensions such as the one sought by this Motion are routinely granted by courts in large chapter 11 cases and will allow the Debtors sufficient time to ensure the accuracy of the Schedules and Statements. See, e.g., In re New Century TRS Holdings, Inc., 07-10416 (KJC) (Bankr. D. Del. Apr. 24, 2007) (order granting 59-day extension of time for filing schedules and statements); In re Kaiser Aluminum Corp., No 02-10429 (JFK) (Bankr. D. Del. Mar. 5, 2002) (order granting 90-day extension of time for filing schedules and statements); In re NationsRent, Inc., No. 01-11628 (PJW) (Bankr. D. Del. Jan. 18, 2002) (order granting 90-day extension of time for filing schedules and statements); In re USG Corp., No. 01-2094 (JFK) (Bankr. D. Del. July 31, 2001 (Newsome, J.) (order granting 90-day extension of time for filing schedules and statements in case involving 11 debtors); In re Loewen Group Int'l, Inc., No. 99-1244 (PJW) (D. Del. June 1 1999) (Walsh, J.) (order granting 165-day extension of time for filing schedules and statements).

25.    The Debtors respectfully submit that the relief requested in the Motion is appropriate in view of (a) the short period within which, absent this relief, they must file the

Schedules and Statements, (b) the enormity of the tasks involved in preparing the Schedules and Statement and the fact that the Debtors have not even begun the process; and (c) the numerous matters competing for the Court's and the Debtors' attention during this time.  Granting the Debtors additional time to bring their books and records up to date and to collect the data needed to prepare and file the Schedules and Statements will greatly enhance their accuracy.  The relief requested in this Motion is in the best interest of the Debtors' estates and is not prejudicial to the rights of any party in these cases.

## NOTICE

26.     Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004; (iv) counsel to the agent for the Debtors' postpetition lender; and (v) all parties entitled to notice under Del. Bankr. LR 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## NO PRIOR MOTION

27.     No previous motion for the relief sought herein has been made to this or to any other court.

066585.1001

WHEREFORE, the Debtors request entry of an order, in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and such other and further relief as is just.

Dated:    Wilmington, Delaware
          August 14, 2007

                              YOUNG CONAWAY STARGATT & TAYLOR, LLP

                              _____
                              James L. Patton, Jr. (No. 2202)
                              Joel A. Waite (No. 2925)
                              Pauline K. Morgan (No. 3650)
                              Sean M. Beach (No. 4070)
                              Matthew B. Lunn (No. 4119)
                              Kara Hammond Coyle (No. 4410)
                              Kenneth J. Enos (No. 4544)
                              The Brandywine Building
                              1000 West Street, 17th Floor
                              Wilmington, Delaware 19801
                              Telephone: (302) 571-6600
                              Facsimile: (302) 571-1253

                              Proposed Counsel for Debtors and
                              Debtors in Possession