IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

In re:                                          :    Chapter 11
                                                :
AMERICAN HOME MORTGAGE                          :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al., :
                                                :    Jointly Administered
        Debtors.                                :
                                                :    **Hearing Date: September 4, 2007 at 11:00 a.m.**
                                                :    **Objection Deadline: August 27 2007 at 4:00 p.m.**
------------------------------------------------------------- x

## NOTICE OF APPLICATION

TO:    (I) THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF
       DELAWARE; (II) COUNSEL TO THE COMMITTEE; (III) COUNSEL TO BANK OF
       AMERICA, N.A., AS ADMINISTRATIVE AGENT FOR THE LENDERS UNDER
       THAT CERTAIN CREDIT AGREEMENT DATED AUGUST 30, 2004; (IV)
       COUNSEL TO THE DEBTORS' POSTPETITION LENDER; (V) THE U.S.
       SECURITIES AND EXCHANGE COMMISSION; AND (VII) ALL PARTIES
       ENTITLED TO NOTICE UNDER DEL. BANKR. LR 2002-1(b)

        PLEASE TAKE NOTICE that the above-captioned debtors and debtors-in-
possession (collectively, the "Debtors") have filed the **Application of Debtors Pursuant to
Sections 105 and 363 of the Bankruptcy Code for Approval of the Agreement With Kroll
Zolfo Cooper LLC, Stephen F. Cooper And Kevin Nystrom** (the "Application").

        PLEASE TAKE FURTHER NOTICE that objections to the attached Application
must be filed with the United States Bankruptcy Court for the District of Delaware, 824 N.
Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **4:00 p.m. (ET) on August
27, 2007**.  At the same time, you must also serve a copy of the objection upon the undersigned
counsel.

        A HEARING ON THIS MATTER WILL BE HELD ON **SEPTEMBER 4, 2007
AT 11:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 N.
MARKET STREET, 5TH FLOOR, COURTROOM #6, WILMINGTON, DELAWARE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OF HEARING.

Dated: Wilmington, Delaware
      August 14, 2007

            YOUNG CONAWAY STARGATT & TAYLOR, LLP

            James L. Patton, Jr. (No. 2202)
            Joel A. Waite (No. 2925)
            Pauline K. Morgan (No. 3650)
            Sean M. Beach (No. 4070)
            Matthew B. Lunn (No. 4119)
            Kara Hammond Coyle (No. 4410)
            Kenneth J. Enos (No. 4544)
            The Brandywine Building
            1000 West Street, 17th Floor
            Wilmington, Delaware 19801
            Telephone: (302) 571-6600
            Facsimile: (302) 571-1253

            Proposed Counsel for Debtors and
            Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ----------------------------------------------------------------- x | |
| In re: | Chapter 11 |
| | |
| AMERICAN HOME MORTGAGE | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, et al., | |
| | Jointly Administered |
| Debtors. | |
| | **Hearing Date: September 4, 2007 at 11:00 a.m.** |
| | **Objection Deadline: August 27, 2007 at 4:00 p.m.** |
| ----------------------------------------------------------------- x | |

**APPLICATION OF DEBTORS PURSUANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE FOR APPROVAL OF THE AGREEMENT WITH KROLL
ZOLFO COOPER LLC, STEPHEN F. COOPER AND KEVIN NYSTROM**

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware

corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and

debtors in possession, in the above cases (collectively, "AHM" or the "Debtors") hereby

submit this application (the "Application"), pursuant to sections 105(a) and 363 of title 11 of

the United States Code (the "Bankruptcy Code"), seeking entry of an order, in substantially

the form attached hereto as Exhibit A,  approving the standard services agreement dated

August 6, 2007 (the "Agreement") by and between the Debtors and Stephen F. Cooper

("Cooper"), Kevin Nystrom ("Nystrom") and Kroll Zolfo Cooper LLC ("KZC"), a copy of

which is attached hereto as Exhibit B.  In support of this Application, the Debtors rely on the

affidavit of Stephen F. Cooper (the "Cooper Affidavit") attached hereto as Exhibit C, and the

Debtors respectfully represent as follows:

## JURISDICTION

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court. The statutory predicates for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code.

## BACKGROUND[1]

2.     On August 6, 2007, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.     Prior to the filing of these bankruptcy cases, AHM was in the business of originating mortgage loans and investing in mortgage-backed securities and mortgage loans resulting from the securitization of residential mortgage loans that its various entities originate and service. AHM also invested in securitized mortgage loans originated by others and originated and sold mortgage loans to institutional investors. AHM offered an array of mortgage products and primarily made loans to borrowers with good credit profiles. Most of its portfolio consisted of securitized adjustable-rate mortgage (ARM) loans, of prime and alternate A quality.

4.     As of December 31, 2006, AHM held a leveraged portfolio of mortgage loans held for investment and mortgage-backed securities in the amount of approximately $15.6 billion, and serviced approximately 197,000 loans with an aggregate principal amount

---

[1]     A detailed description of the Debtors' businesses and related business information is set forth in the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief [Docket No. 2], which is incorporated by reference as if fully set forth herein at length.

of approximately $46.3 billion. As of December 31, 2006, AHM operated more than 550 loan

production offices located in 47 states and the District of Columbia. AHM originated

approximately $58.9 billion in aggregate principal amount of loans in 2006 and for the third

quarter of 2006 was ranked as the nation's 10th largest residential mortgage lender, according

to National Mortgage News.

       5.     Given the size and complexity of the Debtors' business, the Debtors

require the services of an experienced Chief Restructuring Officer to provide management

services and work with existing management in restructuring the business, including through

sales of assets designed to maximize value, and developing, negotiating and confirming plans

of reorganization. Because of KZC's expertise and experience at a national level in providing

management, reorganization, litigation support and forensic accounting and a broad range of

consulting services to Debtors and other parties in interest in financially complex troubled

situations, the Debtors have requested that KZC, Cooper, and Nystrom provide such services

to them.

## RELIEF REQUESTED

       6.     By this Application, the Debtors request entry of an order, pursuant to

sections 105(a) and 363 of the Bankruptcy Code, approving the Agreement among the

Debtors and KZC, Cooper and Nystrom, attached hereto as Exhibit B. Pursuant to the

Agreement, Cooper will serve as Chief Restructuring Officer ("CRO") and Nystrom will serve

as Director of Restructuring and additional individuals provided by KZC (the "Associate

Directors of Restructuring") will perform other services required of KZC under the

Agreement.

-3-

## KZC Qualifications

7.     KZC is one of the world's leading financial advisory, interim
management and litigation support firms, with a team of restructuring and litigation specialists
in North America and, through its affiliates, in Europe/UK, specializing in advising debtors,
creditors, investors and court-appointed officials in formal bankruptcy proceedings and out-of-
court workouts, KZC has significant qualifications and experience in these matters.  KZC has
a reputation for quality and breadth of experience, and a proven track record for success,
earned by serving clients in numerous nationally prominent bankruptcy proceedings.  KZC'S
qualifications, including a description of its staffing and approach in providing services, are
more fully set forth in the appended Cooper Affidavit and the Statement of Qualifications
attached thereto.

## Scope of Services to be Rendered

8.     Subject to further order of this Court, KZC will assign Cooper to serve
as the Chief Restructuring Officer of the Debtors, Nystrom to serve as the Director of
Restructuring and assign Associate Directors of Restructuring to perform other services
required of KZC, as set forth the Agreement.

9.     Pursuant to the Agreement, KZC, Cooper, and Nystrom are authorized
to make decisions with respect to all aspects of the management and operation of the Debtors'
business, including, without limitation organization and human resources, marketing and
sales, logistics, finance and administration, in such manner as they deem necessary or
appropriate in their discretion consistent with the business judgment rule, the Debtors'
corporate governance documents and applicable bankruptcy and nonbankruptcy laws.

-4-

**Terms of Compensation**

10.    <u>Compensation</u>.  KZC, Cooper, Nystrom and Associate Directors'

compensation hereunder shall consist of the following:

      (a)     For services provided by Cooper and Nystrom, KZC will charge a monthly fee of $250,000 cash payable in immediately available funds upon execution of this Agreement and on the first day of each month thereafter throughout the term hereof commencing on August 6, 2007;

      (b)     For any Associate Director assigned to this engagement, KZC will charge standard hourly rates.  The billing rates for professionals who may be assigned to this engagement as Associate Directors in effect as of July 1, 2007, are as follows:

| Professional Staff | $125 - $630 |
| Support Personnel | $ 50 - $225 |

      (c)     Reimbursement of KZC, Cooper, Nystrom and Associate Directors' reasonable out-of-pocket expenses including, but not limited to, costs of travel, reproduction, typing, computer usage, legal counsel (including legal counsel retained to draft and enforce the Services Agreement), any applicable state sales or excise tax and other direct expenses. Additionally, certain employees of KZC, individually and/or jointly through separate entities and through KZC, own and/or charter private aircraft.  In the event that owned or chartered aircraft is used, the Debtor will be charged the applicable coach fare prevailing on or about the date of travel.

      (d)     <u>Consummation Fee</u> – KZC reserved the right to request a Consummation Fee at the conclusion of the engagement, subject to approval of the Debtors and the Bankruptcy Court, and upon notice to the United States Trustee.

11.    The Debtors hereby understand and agree that from time to time

KZC, Cooper and Nystrom utilize employees of its parent, Kroll, Inc. and its other

subsidiaries.  In that event, their rates are consistent with the rates charged by KZC, Cooper and Nystrom personnel.

12.    The Debtors acknowledge and agree that the hours worked, the results achieved and the ultimate benefit to the Debtors of the work performed in connection with this engagement may be variable and that the Debtors and KZC, Cooper and Nystrom have taken this into account in setting the fees hereunder.  No fee payable to any other person or entity by the Debtors or any other party shall affect any fee payable to KZC hereunder.

13.    The Debtors shall pay to KZC the compensation set forth in Sections 10(a), 10(b) and 10(c) hereof based upon the submission of monthly invoices by KZC, Cooper and Nystrom setting forth the number of hours each day expended by Representatives on behalf of the Debtors and a detailed listing of the expenses sought to be reimbursed.  The compensation provided for in this Agreement shall constitute full payment for the services to be rendered by KZC, Cooper and Nystrom to the Debtors hereunder.

14.    Because KZC, Cooper and Nystrom are not being employed as professionals under section 327 of the Bankruptcy Code, they will not be submitting fee applications pursuant to sections 330 and 331 of the Bankruptcy Code.  KZC, will file with the Court, and provide notice to the Office of the United States Trustee and counsel for the Official Committee of Unsecured Creditors, reports of compensation earned and expenses incurred on at least a quarterly basis.  Such notice will provide a time period for objections.  All compensation will be subject to review by the Court in the event an objection is filed.

15.    KZC has received a pre-petition retainer of $500,000 and advance payments of $250,000, against which certain prepetition amounts have been applied.  The pre-petition retainer, together with the remaining amount of advance payments, increased the

retainer to $563,000, which KZC is holding. The retainer will be returned to the Debtors upon payment in full of all outstanding KZC invoices or shall be applied to any outstanding invoices when this Agreement terminates, as the case may be.

### Indemnification

16.     The Agreement contemplates that the Debtors shall indemnify and hold harmless Cooper, Nystrom, KZC, the Associate Directors of Restructuring, and its principals, and other KZC employees, representatives or agents (including counsel) (collectively, the "KZC Indemnitees") from and against any and all losses, claims, damages, liabilities, penalties, judgments, awards, costs, fees, expenses and disbursements, including without limitation, the costs, fees, expenses and disbursements, as and when incurred, from the first dollar, of investigating, preparing or defending any action, suit, proceeding or investigation (whether or not in connection with proceedings or litigation in which any KZC Indemnitee is a party)(any such amount being hereinafter sometimes referred to as an "Indemnifiable Loss"), directly or indirectly caused by, relating to, based upon, arising out of or in connection with this engagement of Cooper, Nystrom and KZC by the Debtors or the performance by Cooper, Nystrom and KZC of any services rendered pursuant to such engagement, unless there is a final non-appealable order of a Court of competent jurisdiction, at the trial level, finding KZC Indemnitiees directly liable for gross negligence or willful misconduct.

17.     KZC's, Cooper's and Nystrom's decision to accept this engagement to provide management services to the Debtors is contingent upon its ability to be retained in accordance with terms and conditions of the Agreement.

-7-

18.    The services listed above are vital to the success of these Chapter 11 cases, and the Debtors require knowledgeable management to render such services. Accordingly, the Debtors believe that KZC, Cooper and Nystrom are well qualified to perform these services in these cases.

19.    KZC, Cooper, and Nystrom have indicated that they understand and accept that the terms of the Agreement must be approved by the Bankruptcy Court. However, KZC, Cooper and Nystrom would prefer to resolve at this time any objection, by the Bankruptcy Court or other parties in interest, with respect the terms of the Agreement. Accordingly, KZC, Cooper, and Nystrom have chosen to be very explicit in the Cooper Affidavit and the Agreement, the terms and conditions of its employment, KZC's staffing and approach, and KZC's billing practices, and has requested that the Debtors seek this Court's approval of such matters contemporaneously with the filing of this Application.

### Basis for Relief

20.    Section 363(b) of the Bankruptcy Code provides that transactions not in the ordinary course of business must be approved by court order.  Courts within this Circuit have routinely held that transactions should be approved under section 363 of the Bankruptcy Code when they are supported by the sound business judgment of management. Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996) (internal citation omitted); In re Delaware & Hudgson R.R. Co., 124 B.R. 169, 176 (D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)).

-8-

21.    Similar management agreements between KZC and/or its affiliates and other chapter 11 debtors have been approved by other courts, pursuant to sections 105 and 363 of the Bankruptcy Code. See, e.g., In re ACR Management, LLC, Case No. 04-27848-MBM (Bankr. W.D. Pa. 2004) (KZC engaged as and independent contractor to serve as the debtors' Chief Restructuring Officer); In re Metromedia Fiber Network, Inc. ("MFN") , Case No. 02-22736-ASH (Bankr. S.D.N.Y. 2002) (KZC engaged as an independent contractor to serve as the debtors' Chief Restructuring Officer, a member of the Boards of Directors; and a member of the Executive Committee of the Boards of Directors); In re Malden Mills Industries, Inc., Case No. 01-47214-JBR (Bankr. W.D. Mass. 2001) (KZC engaged as Chief Restructuring Officer for debtors).

22.    Pursuant to the terms of the Agreement, KZC, Cooper, and Nystrom are not obligated to apply to the Court for approval of payment of any compensation of reimbursement of any expenses under the Agreement. Similar arrangements have been approved in this district and other districts pursuant to section 363(b) of the Bankruptcy Code. See, e.g., In re SHC, Inc. (Top-Flite, Inc.), Case No. 03-12002-MFW (Bankr. D. Del. 2003) (KZC engaged as independent contractor pursuant to sections 363 and 105 and not required to file fee applications with court); In re ACR Management, LLC, Case No. 04-27848-MBM (same); In re The Penn Traffic Company, Case No. 03-22945-ASH (Bankr. S.D.N.Y. 2003) (same); In re NRG Energy, Inc., Case No. 03-13024-PCB (Bankr. S.D.N.Y. 2003) (same); In re Metromedia Fiber Network, Inc. ("MFN") , Case No. 02-22736-ASH (Bankr. S.D.N.Y. 2002) (same).

DB02:6172553.1                                                   066585.1001

23.     The Debtors respectfully submit that entry into the Agreement with KZC, Cooper, and Nystrom is in the best interests of their estate and creditors. As indicated herein and in the Cooper Affidavit, KZC, Cooper, and Nystrom are most familiar with the Debtors' operations and capital structure. Moreover, KZC, Cooper, and Nystrom are fully skilled and capable of providing the critical services to the Debtors as such are detailed herein and in the Agreement.

## NOTICE

24.     No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004; (iv) counsel to the Debtors' postpetition lender; (v) the U.S. Securities and Exchange Commission; and (vi) all parties entitled to notice under Del. Bankr. LR 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

25.     No previous application for the relief requested herein has been made in these chapter 11 cases.

-10-

WHEREFORE, Debtors respectfully request that the Court enter an order in the form attached hereto, permitting the Debtors to employ KZC, Cooper, and Nystrom in these cases, approving the above-referenced billing practices and other terms and conditions of employment and granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
August 14, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Proposed Attorneys for the Debtors and
Debtors-in-Possession

-11-

**Exhibit A**

**Proposed Order**

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :    Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,                 :
                                                                 :    Jointly Administered
        Debtors.                                                 :
                                                                 :
---------------------------------------------------------------- x    **Ref. Docket No. _____**

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE
APPROVING THE AGREEMENT WITH KROLL ZOLFO COOPER LLC,
STEPHEN F. COOPER AND KEVIN NYSTROM**

This matter coming to be heard upon the annexed Application of the Debtors

for Approval of an Order approving the Agreement (the "Agreement"), a of copy of which is

annexed to the Application as Exhibit A, between the above-captioned debtors and debtors-in-

possession (collectively, the "Debtors") and Kroll Zolfo Cooper LLC ("KZC"), Stephen F.

Cooper ("Cooper"), and Kevin Nystrom ("Nystrom") wherein the Debtors shall engage KZC,

Cooper, and Nystrom to provide to the Debtors the services of Cooper as Chief Restructuring

Officer, Nystrom of as Director of Restructuring and the services of other professional staff to

serve as Associate Directors of Restructuring (as defined in the Agreement); the Court having

reviewed the Application and appended Cooper Affidavit in support of such Application, the

Court having heard the statements of counsel regarding the relief requested in the Application

at a hearing before the Court (the "Hearing"); the Court finding that (a) the approval of the

Agreement is in the best interest of the Debtors, their respective estates, their creditors and

other parties in interest herein; (b) the Court has jurisdiction of this matter pursuant to 28

U.S.C. §§157 and 1334, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (d)

-1-

notice of the Application and hearing was sufficient under the circumstances; the Court

having determined that the legal and factual bases set forth in the Application and at the

Hearing establish just and sufficient cause for the relief granted herein;

IT IS HEREBY ORDERED that,

(1)    The Application is granted.

(2)    The Agreement is hereby approved in its entirety.

(3)    The Debtors shall be, and hereby are, authorized to employ and retain KZC

to provide management services to the Debtors on the terms and conditions set forth in the

Agreement.

(4)    KZC shall be authorized to assign Cooper as the Chief Restructuring Officer,

Nystrom as the Director of Restructuring and Associate Directors of Restructuring to work for

the Debtors on the terms and conditions set forth in the Agreement.  KZC, Cooper, and

Nystrom shall not be required to apply to the Court for payment of any compensation or

reimbursement of any expenses under the Agreement.

(5)    KZC, Cooper, and Nystrom shall be, and hereby are, authorized to perform

the services as defined in the Application, the Agreement and the Cooper Affidavit.

(6)    All compensation and reimbursement due to, and other rights of KZC,

Cooper, and Nystrom in accordance with the Agreement, including without limitation

indemnification obligations, shall be treated and allowed as administrative expenses in

accordance with Section 503 of the Bankruptcy Code and shall be paid in accordance with the

terms and provisions of Section 4 of the Agreement.

(7)    KZC shall file with the Court, and provide notice to the Office of the United

States Trustee and counsel for the Official Committee of Unsecured Creditors, reports of

-2-

compensation earned and expenses incurred on at least a quarterly basis. Such notice shall provide a time period for objections and all compensation shall be subject to review by the Court in the event an objection is filed.

(8)     The Debtors are authorized to indemnify and hold harmless Cooper, Nystrom, KZC and its affiliates, their respective directors, officers, agents, employees and controlling persons, and each of their respective successors and assigns (collectively, the "Indemnified Persons"), to the fullest extent permitted under (i) the Articles of Incorporation and by-laws of the Debtors, (ii) the laws of the State of Maryland, and (iii) any order of the Bankruptcy Court Providing for indemnification of the persons engaged in the bankruptcy proceedings.

(9)     KZC may seek additional compensation in the form of a Consummation Fee at the conclusion of the case, subject to approval by the Debtors and Bankruptcy Court, and upon notice to the United States Trustee.

(10)    KZC shall be and hereby is authorized to hold its retainer after application of any outstanding prepetition fees and expenses, subject to further order of the Bankruptcy Court.

Dated: Wilmington, Delaware
       September _____, 2007

                                        _____
                                        Christopher S. Sontchi
                                        United States Bankruptcy Judge

066585.1001

**Exhibit B**

**Agreement**

### SERVICES AGREEMENT

This SERVICES AGREEMENT (the "Agreement") dated as of August 6, 2007, is made by and between American Home Investment Corp. (the "Debtors"), Stephen F. Cooper ("Cooper"), Kevin Nystrom ("Nystrom") and Kroll Zolfo Cooper LLC ("KZC").

### Recitals:

WHEREAS, the parties hereto desire to enter into this Agreement to set forth the basis on which KZC will perform management services for the Debtors, all as set forth more fully in this Agreement.

NOW, THEREFORE, in consideration of the premises and covenants set forth herein, and intending to be legally bound hereby, the parties to this Agreement hereby agree as follows:

1.    **Engagement.** The Debtors hereby engage Cooper, Nystrom and KZC as an independent contractor to the Debtors, and KZC hereby accepts such engagement, on the terms and conditions set forth in this Agreement. The Debtors is hereby acquiring from KZC the services of Cooper and Nystrom and additional individuals (the "Associate Directors") as set forth below. All compensation for the services and actions of KZC, Cooper, Nystrom and Associate Directors under this Agreement will be paid to KZC.

2.    **Duties.**

(a)    The Debtors represent to KZC, Cooper and Nystrom that its Board of Directors (the "Board") has duly adopted the resolution (the "Resolution") appended hereto and incorporated herein by reference approving the terms of this Agreement and electing Cooper as the Chief Restructuring Officer and Nystrom as the Director of Restructuring of the Debtors. Subject to satisfaction of the condition precedent set forth in Section 3 hereof, KZC will assign Cooper to serve as Chief Restructuring Officer, Nystrom as the Director of Restructuring and Associate Directors to perform other services required of KZC hereunder.

(b)    Pursuant to and except as limited by the terms of such Resolution, KZC, Cooper and Nystrom shall be authorized to make decisions with respect to all aspects of the management and operation of the Debtors' business, including without limitation organization and human resources, marketing and sales, logistics, finance and administration and such other areas as he may identify, in such manner as he deems necessary or appropriate in his sole discretion in a manner consistent with the business judgment rule and the provisions of local law and the United States Bankruptcy Code applicable to the obligations of persons acting on behalf of corporations, subject only to appropriate governance by the Board in accordance with the Debtors' charters, Bylaws, other governing documents (if any) (collectively the "Constitutive Documents") and applicable state law. KZC, Cooper, Nystrom and Associate Directors (individually, a "Representative" and collectively, the "Representatives") shall not have any authority to make decisions with respect to hiring or terminating officers, executing transactions or otherwise committing the Debtors or its resources other than in the ordinary course of business unless set forth in the Resolution or otherwise approved by the Board and, if required, the United

1

States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). All decisions of Cooper and Nystrom shall be discussed to the extent Cooper and Nystrom deem reasonably appropriate with the member or members of the Debtors' management that Cooper and Nystrom, in the exercise of their sole discretion, determines to be appropriate prior to the implementation of such decisions and shall be implemented by the management of the Debtors (other than KZC or the Representatives), and any dispute between such management and Cooper and Nystrom regarding the implementation of such decisions shall be resolved definitively by the Board.

(c)    KZC, Cooper and Nystrom shall not be obligated to cause Cooper and Nystrom to be available to perform services hereunder for any specific minimum number of hours during any period, it being understood that Cooper and Nystrom shall be obligated to furnish such hours of service as they deem necessary in their sole discretion to perform his duties on behalf of KZC, Cooper and Nystrom hereunder. KZC, Cooper and Nystrom shall cause Associate Directors to devote a portion of their business time to the performance of services for the Debtors hereunder on behalf of KZC, Cooper and Nystrom, as deemed necessary by KZC, Cooper and Nystrom.

(d)    In undertaking to provide the services set forth herein, KZC, Cooper and Nystrom do not guarantee or otherwise provide any assurances that it will succeed in restoring the Debtors' operational and financial health and stability and, except for the amount referenced in Section 4(b) hereof, the Debtors' obligation to provide the compensation specified under Section 4 hereof shall not be conditioned upon any particular results being obtained by KZC, Cooper and Nystrom.

(e)    In view of the Debtors' precarious present circumstances, the Debtors acknowledges that Cooper and Nystrom may be required to make decisions with respect to extraordinary measures quickly and that the depth of his analyses of the information on which his decisions will be based may be limited in some respects due to the availability of information, time constraints and other factors. Moreover, each Representative shall be entitled, in performing his duties hereunder on behalf of KZC, Cooper and Nystrom, to rely on information disclosed or supplied to them without verification or warranty of accuracy or validity.

(f)    KZC, Cooper and Nystrom will endeavor to keep the Board fully apprised of his findings, plans and activities.

3.    **Term.** The term of KZC, Cooper and Nystrom's engagement hereunder shall commence on the date hereof and shall continue on a month to month basis until terminated by either party at the end of any such month upon written notice to the other party given at least ten days prior to the end of such month. Notwithstanding the foregoing, KZC, Cooper and Nystrom's responsibilities to provide interim management services pursuant to Section 2 hereof shall not commence until i) this Agreement has been approved by the Bankruptcy Court ii) this Agreement has been fully executed, iii) the Debtors have furnished insurance policies, as detailed in Section 7 (c) below, to KZC, Cooper and Nystrom and KZC, Cooper and Nystrom have determined that such policies are acceptable to KZC, Cooper and Nystrom or if such policies do exist, cannot be located or determined, or are not acceptable to KZC, Cooper and Nystrom, the Debtors have agreed to purchase (supplemental) directors, officers and corporate liability insurance, fiduciary liability insurance and employment practices insurance coverages acceptable to KZC, Cooper and Nystrom, and iv) the Debtors have paid all payroll taxes, sales and use taxes

2

or other trust fund taxes of the Debtors (collectively "Payroll and Taxes") of the Debtors and its affiliates due as of the commencement of this Agreement and has arranged a mechanism to insure the continued payment of Payroll and Taxes of the Debtors and its affiliates which have accrued and accrue and become due thereafter during the term of this Agreement, acceptable, in all respects, to KZC, Cooper and Nystrom. Subsequent to the date hereof and pending compliance with the foregoing condition precedent, Cooper and Nystrom will consult with the Board and the Debtors' existing senior management in an advisory capacity with respect to matters that fall within the purview of the responsibilities of the Debtors' Chief Restructuring Officer and Director of Restructuring.    It is expressly understood that KZC, Cooper and Nystrom's responsibilities during this phase of its engagement will be limited to having Cooper and Nystrom advising and making recommendations to senior management and the Board and that such senior management and the Board shall retain full responsibility and decision-making authority.  In addition, during this phase, a Representative will participate, at the request of the Board and to the extent deemed appropriate by such Representative, in meetings and discussions with members of the Board, employees, lenders, customers and suppliers of the Debtors or other parties.    Notwithstanding the foregoing, KZC, Cooper and Nystrom may terminate this Agreement, immediately and without notice, if either of conditions i), ii), iii) or iv) above shall have been recinded, modified or are no longer in effect.

    **4.**    **Compensation.**  KZC, Cooper, Nystrom and Associate Directors' compensation hereunder shall consist of the following:

    (a)    For services provided by Cooper and Nystrom, KZC will charge a monthly fee of $250,000 cash payable in immediately available funds upon execution of this Agreement and on the first day of each month thereafter throughout the term hereof commencing on August 6, 2007;

    (b)    For any Associate Director assigned to this engagement, KZC will charge standard hourly rates.    The billing rates for professionals who may be assigned to this engagement as Associate Directors in effect as of July 1, 2007, are as follows:

| | |
|---|---|
| Professional Staff | $125 - $630 |
| Support Personnel | $ 50 - $225 |

    (c)    a Consummation Fee — KZC reserve the right to request a Consummation Fee at the conclusion of the engagement, subject to approval of the Debtors, Bankruptcy Court, and upon notice to the United States Trustee.

    (d)    a Retainer.  KZC has received a pre-petition retainer of $500,000 and advance payments of $250,000, against which certain prepetition amounts have been applied. The pre-petition retainer, together with the remaining amount of advance payments, increased the retainer to $563,000, which KZC is holding.  The retainer will be returned to the Debtors upon payment in full of all outstanding KZC invoices or shall be applied to any outstanding invoices when this Agreement terminates, as the case may be.

(e)     reimbursement of KZC, Cooper, Nystrom and Associate Directors' reasonable out-of-pocket expenses including, but not limited to, costs of travel, reproduction, typing, computer usage, legal counsel (including legal counsel retained to draft and enforce this Agreement), any applicable state sales or excise tax and other direct expenses. Additionally, certain employees of KZC, individually and/or jointly through separate entities and through KZC, own and/or charter private aircraft. In the event that owned or chartered aircraft is used, the Debtor will be charged the applicable coach fare prevailing on or about the date of travel.

The Debtors hereby understand and agree that from time to time KZC, Cooper and Nystrom utilize employees of its parent, Kroll, Inc. and its other subsidiaries. In that event, their rates are consistent with the rates charged by KZC, Cooper and Nystrom personnel.

The Debtors shall pay to KZC the compensation set forth in Sections 4(a) and 4(e) hereof based upon the submission of monthly invoices by KZC, Cooper and Nystrom setting forth the number of hours each day expended by Representatives on behalf of the Debtors and a detailed listing of the expenses sought to be reimbursed. The compensation provided for in this Agreement shall constitute full payment for the services to be rendered by KZC, Cooper and Nystrom to the Debtors hereunder.

The Debtors acknowledge and agree that the hours worked, the results achieved and the ultimate benefit to the Debtors of the work performed in connection with this engagement may be variable and that the Debtors and KZC, Cooper and Nystrom have taken this into account in setting the fees hereunder. No fee payable to any other person or entity by the Debtors or any other party shall affect any fee payable to KZC hereunder.

5.     **Confidentiality.**

(a)     The Debtors, including the Board, shall treat any information received from Representatives as confidential and, except as specified in this Section 5(a), will not publish, distribute or otherwise disclose in any manner any information developed by or received from Representatives without KZ, Cooper and Nystrom's or such Representative's prior written approval. Such approval shall not be required if either (i) the information sought is required to be disclosed by an order binding on KZC, Cooper and Nystrom or a Representative and issued by a court having competent jurisdiction over KZC, Cooper and Nystrom and such Representative and such information is disclosed only pursuant to the terms of such order or (ii) the information is otherwise publicly available other than through disclosure by a party in breach of a confidentiality obligation with respect thereto.

4

(b)    KZC, Cooper and Nystrom and each Representative agrees to treat any information received from the Debtors or its representatives with utmost confidentiality, and except as provided in this letter, will not publish, distribute or disclose in any manner any information developed by or received from the Debtors or its representatives without the Debtors' prior approval. Such approval shall not be unreasonably withheld. The Debtors' approval is not needed if either the information sought is required to be disclosed by an order binding on KZC, Cooper and Nystrom, issued by a court having competent jurisdiction over KZC, Cooper and Nystrom (unless such order specifies that the information to be disclosed is to be placed under seal), or such information is otherwise publicly available.

6.    **Representations and Warranties.**

As an inducement to KZC, Cooper and Nystrom to enter into this Agreement, the Debtors represents and warrants to KZC, Cooper and Nystrom as follows:

(a)    The Debtors are a corporation duly organized and validly existing under the laws of the jurisdiction in which it was organized and has all requisite corporate power to enter into this Agreement.

(b)    Subject to receipt of the approval by the Bankruptcy Court of the execution by the Debtors of this Agreement, neither the execution and delivery of this Agreement nor the consummation of the transactions contemplated herein or therein nor compliance by the Debtors with any of the provisions hereof or thereof will: (i) violate any order, writ, injunction, decree, law, statute, rule or regulation applicable to it or (ii) require the consent, approval, permission or other authorization of, or qualification or filing with or notice to, any court, arbitrator or other tribunal or any governmental, administrative, regulatory or self-regulatory agency or any other third party.

(c)    Subject to receipt of the approval by the Bankruptcy Court of the execution by the Debtors of this Agreement, this Agreement has been duly authorized, executed and delivered by the Debtors and constitutes the legal, valid and binding agreement of the Debtors, enforceable in accordance with its terms.

(d)    No oral representation made or document furnished to KZC, Cooper and Nystrom by any officer, employee or other representative of the Debtors contains any untrue statement of a material fact or omits to state a fact necessary to make the statements made therein, in light of the circumstances under which they were made, not misleading. There is no fact known to the Debtors that materially and adversely affects or that may reasonably and foreseeably be expected to materially or adversely affect the business, operations, affairs, conditions, prospects or properties of the Debtors that has not been communicated to KZC, Cooper and Nystrom prior to the date hereof.

7.    **Indemnification.**

(a)    The Debtors shall indemnify and hold harmless Cooper, Nystrom, Associate Directors, KZC and its principals, and other KZC employees, representatives or agents (including counsel) (collectively, the "KZC Indemnitees") from and against any and all losses, claims, damages, liabilities, penalties, judgments, awards, costs, fees, expenses and disbursements, including without limitation, the costs, fees, expenses and disbursements, as an when incurred, of investigating, preparing or defending any action, suit, proceeding or investigation (whether or not in connection with proceedings or litigation in which any KZC Indemnitee is a party)(any such amount being hereinafter sometimes referred to as an "Indemnifiable Loss"), directly or indirectly caused by, relating to, based upon, arising out of or in connection with this engagement of KZC, Cooper and Nystrom by the Debtors or the performance by Representatives of any services rendered pursuant to such engagement, unless there is a final non-appealable order of a Court of competent jurisdiction, at the trial level, finding KZC Indemnitees directly liable for gross negligence or willful misconduct.

If any KZC Indemnitee is required to testify, prepare for and appear at a deposition or produce documents, at any time after the expiration or termination of this Agreement at any administrative or judicial proceeding relating to any services provided by KZC, Cooper and Nystrom hereunder, then KZC Indemnitees shall be entitled to be compensated by the Debtors for KZC Indemnitee's associated time charges at the regular hourly rates in effect at the time and to be reimbursed for reasonable out-of-pocket expenses, including counsel fees.

(c)    The Debtors have furnished to KZC, Cooper and Nystrom a true, correct and complete copy of the Directors, Officers and Corporate Liability/General Partners and Limited Partners Liability Insurance Policy No. 673-84-28 issued by National Union Fire Insurance of Pittsburgh, PA; Excess Directors and Officers/General Partner Liability Policy No. DOX G23651439001 issued by National Union Fire Insurance of Pittsburgh, PA; Excess Liability Policy No. 146/LDUSA0601849 issued by Lloyd's; Financial Institutions Excess Insurance Policy No. 968091100 issed by Zurich American Insurance Company; and Mximum A Side Excess Policy No. 6738610 issued by Illinois National Insurance Co. (collectively the "Policies" and collectively the "Insurers"). The Debtors represent that the Policies are in full force and effect and that no event has occurred that constitutes or, with the passage of time or notice would constitute, an event of default thereunder or that would otherwise give the Insurers any right to cancel such Policies. Promptly and in any event within two business days of the Debtors approving this Agreement, the Debtors shall notify the Insurers of the election of Cooper as the Chief Restructuring Officer, Nystrom as the Director of Restructuring and of the appointment of any Associate Directors who become an officer of the Debtors. The Debtors shall cause their insurance broker to send copies of all documentation and other communications regarding the Policies, including without limitation any renewal or cancellation thereof, to the attention of KZC, Cooper and Nystrom, in the manner set forth herein, and Cooper, Nystrom and any Associate Directors who become officers of the Debtors shall have all indemnities available to the officers of the Debtors pursuant to the Debtors' Constitutive Documents. The Debtors shall maintain directors and officers liability insurance coverage, employment practices insurance coverage and fiduciary liability insurance coverage comparable as to terms (including without limitation the provisions or any similar provision regarding extension of the discovery period thereunder) and amounts as that provided under the Policies during the term of this Agreement,

with any such replacement coverage being obtained from an insurer with a rating from a nationally recognized rating agency not lower than that of the Insurer. Upon any cancellation or nonrenewal of the Policies by the Insurers, the Debtors shall exercise their rights under the applicable clause of the Policies to extend the claim period for a one-year "discovery period" and shall exercise such rights and pay the premium required thereunder within the 30-day period specified therein. The Debtors shall use commercially reasonable efforts, in connection with the next renewal of the Policies, to negotiate to extend the discovery period set forth in the Policies from one to three years.

(d)   The Debtors covenant that they will amend their Constitutive Documents so that such Constitutive Documents provide that the Debtors shall indemnify, to the fullest extent provided by Maryland law, any person who was or is a defendant or is threatened to be made a defendant to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that such person is or was a director, officer or employee of the Debtors. Such amendments shall be presented to KZC for approval, which shall not be unreasonably withheld, and shall be filed with the State of Maryland and approved by the Debtors' shareholders and directors, as required, within (2) days of the date hereof.

**8.   Limitations on Liability.** The Debtors agree that Cooper, Nystrom, Associate Directors, KZC and its personnel will not be liable to the Debtors for any claims, liabilities, or expenses relating to this engagement in excess of the fees paid by them to KZC pursuant to this agreement, unless there is a final non-appealable order of a court of competent jurisdiction, at the trial level, finding KZC Indemnities directly liable for gross negligence or willful misconduct. In no event will KZC, Cooper and Nystrom or their personnel be liable for consequential, special, indirect, incidental, punitive or exemplary loss, damages or expenses relating to this engagement. These limitations on liability provisions extend to the employees, representatives, agents and counsel of KZC.

The limitation on liability and indemnification contained in this agreement shall survive the completion or termination of this agreement.

**9.   Independent Contractor.** The parties intend that KZC, Cooper and Nystrom shall render services hereunder as an independent contractor, and nothing herein shall be construed to be inconsistent with this relationship or status. Representatives shall not be entitled to any benefits paid by the Debtors to its employees. KZC shall be solely responsible for any tax consequences applicable to Representatives by reason of this Agreement and the relationship established hereunder, and the Debtors shall not be responsible for the payment of any federal, state or local taxes or contributions imposed under any employment insurance, social security, income tax or other tax law or regulation with respect to Representatives' performance of management services hereunder. The parties agree that, subject to the terms and provisions of this Agreement, KZC, Cooper and Nystrom may perform any duties hereunder and set Representatives' own work schedule without day-to-day supervision by the Debtors.

10.    **Offer of Employment.** The Debtors agree to promptly notify KZC, Cooper and Nystrom if they extends (or solicits the possible interest in receiving) an offer of employment to an employee or principal of KZC and agrees that it will pay KZC a cash fee, upon hiring, equal to 150% of the aggregate first year's annualized compensation, including any guaranteed or target bonus, to be paid to KZC's former principal or employee that the Debtors hire at any time up to one year subsequent to the date of the final invoice rendered by KZC, Cooper and Nystrom with respect to this Agreement.

11.    **Trial.** The Debtors agree that neither it nor any of its assignees or successors shall (a) seek a jury trial in any lawsuit, proceeding, counterclaim or any other action based upon, or arising out of or in connection with the engagement of KZC, Cooper and Nystrom by the Debtors or any services rendered pursuant to such engagement, or (b) seek to consolidate any such action with any other action in which a jury trial cannot be or has not been waived. The provisions of this paragraph have been fully discussed by the Debtors, KZC, Cooper and Nystrom and these provisions shall be subject to no exceptions. Neither party has agreed with or represented to the other that the provisions of this section will not be fully enforced in all instances.

12.    **Jurisdiction.** The Debtors hereby irrevocably and unconditionally (a) submit for itself and its property in any legal action or proceeding relating to the engagement of KZC, Cooper and Nystrom by the Debtors or any services rendered pursuant to such engagement, to the non-exclusive general jurisdiction of the Bankruptcy Courts of United States of America for the district of Delaware, and appellate courts from any thereof; (b) consent that any such action or proceeding may be brought in such courts and waives any objection that it may now or hereafter have to the venue of any such action or proceeding in any such court or that such action or proceeding was brought in an inconvenient court and agrees not to plead or claim the same; (c) agree that service of process in any such action or proceeding may be effected by mailing a copy thereof by registered or certified mail (or any substantially similar form of mail), postage prepaid, to the Debtors at their address set forth above or at such other address of which KZC, Cooper and Nystrom shall have been notified pursuant thereto; (d) agree that nothing herein shall affect the right to effect service of process in any other manner permitted by law or shall limit the right to sue in any other jurisdiction; and (e) waive, to the maximum extent not prohibited by law, any right it may have to claim or recover in any legal action or proceeding referred to in this subsection any special, exemplary or punitive or consequential damages.

13.    **Survival of Agreement.** Except as provided in this Agreement, the obligations set forth under the above captioned Confidentiality, Indemnification, Compensation, Offer of Employment, Trial, and Jurisdiction sections shall survive the expiration, termination, or supersession of this agreement.

8

14.    **Conflicts.** KZC, Cooper and Nystrom confirms that no employee of KZC, Cooper and Nystrom has any financial interest or business connection with the Debtors. Additionally, we have run an initial conflict check through Kroll Inc.'s database, which is an internal computer database containing names of individuals and entities that are present or recent former clients of Kroll, Inc. and its' subsidiaries, including KZC. We are aware of no conflicts in connection with this engagement.    Marsh & McLennan Companies Inc. ("MMC"), KZC's indirect parent, and its non-Kroll subsidiaries and affiliates do not maintain a conflict checking system, and we do not presently check for conflicts against MMC and its non-Kroll subsidiaries and affiliates.    Based upon the information presently available, we are aware of no conflicts in connection with this engagement. It is understood and agreed that KZC, Cooper and Nystrom may accept the representation of other persons whose general business interest may compete with Debtors' interests or be adverse to Debtors' interest, so long as there is no actual or direct conflict of interest.

15.    **Amendments.** Any amendment to this Agreement shall be made in writing and signed by the parties hereto.

16.    **Enforceability.** If any provision of this Agreement shall be invalid or unenforceable, in whole or in part, then such provision shall be deemed to be modified or restricted to the extent and in the manner necessary to render the same valid and enforceable, or shall be deemed excised from this Agreement, as the case may require, and this Agreement shall be construed and enforced to the maximum extent permitted by law as if such provision had been originally incorporated herein as so modified or restricted or as if such provision had not been originally incorporated herein, as the case may be.

17.    **Construction.** This Agreement shall be construed and interpreted in accordance with the internal laws of the State of New York.

18.    **Notices.** All notices, requests, consents and other communications hereunder to any party shall be deemed to be sufficient if contained in a written instrument delivered in person or duly sent by certified mail, postage prepaid; by an overnight delivery service, charges prepaid; or by confirmed telecopy; addressed to such party at the address set forth below or such other address as may hereafter be designated in writing by the addressee to the addressor:

If to the Debtors:

American Home Mortgage Investment Corp.
538 Broadhollow Road
Melville, NY 11747

If to KZC:

Kroll Zolfo Cooper LLC
101 Eisenhower Parkway, 3rd Floor
Roseland, NJ 07068
Attention: Elizabeth S. Kardos, Esq.

9

If to Cooper:

Kroll Zolfo Cooper LLC
101 Eisenhower Parkway, 3rd Floor
Roseland, NJ 07068
Attention: Elizabeth S. Karods, Esq.

If to Nystrom:

Kroll Zolfo Cooper LLC
101 Eisenhower Parkway, 3rd Floor
Roseland, NJ 07068
Attention: Elizabeth S. Karods, Esq.

Any party may from time to time change its address for the purpose of notices to that party by a similar notice specifying a new address, but no such change shall be deemed to have been given until it is actually received by the party sought to be charged with its contents.

19. **Waivers.** No claim or right arising out of a breach or default under this Agreement shall be discharged in whole or in part by a waiver of that claim or right unless the waiver is supported by consideration and is in writing and executed by the aggrieved party hereto or his or its duly authorized agent. A waiver by any party hereto of a breach or default by the other party hereto of any provision of this Agreement shall not be deemed a waiver of future compliance therewith, and such provisions shall remain in full force and effect.

20. **Counterparts.** This Agreement may be executed in several counterparts, each of which shall be deemed an original, and all of which shall together constitute one and the same instrument.

21. **Entire Agreement.** This Agreement and the other documents delivered pursuant hereto, if any, constitute the full and entire understanding and agreement among the parties hereto with regard to the subjects hereof and thereof and no party shall be liable or bound to any other in any manner by any representations, warranties, covenants and agreements except as specifically set forth herein and therein.

IN WITNESS WHEREOF, this Agreement has been executed by the parties as of the date first above written.

AMERICAN HOME MORTGAGE
INVESTMENT CORP.

By: _____
Title: _____

KROLL ZOLFO COOPER LLC

By: _____
Title: _____

STEPHEN F. COOPER

By: _____
Title: _____

KEVIN NYSTROM

By: _____
Title: _____

11

**Exhibit C**

**Affidavit of Stephen F. Cooper**

DB02:6172553.1

066585.1001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
In re:                                                  :   Chapter 11
                                                        :
AMERICAN HOME MORTGAGE                                   :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,         :
                                                        :   Jointly Administered
         Debtors.                                       :
                                                        :
                                                        :
------------------------------------------------------- x
```

**AFFIDAVIT IN SUPPORT OF DEBTORS' APPLICATION
PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE FOR
APPROVAL OF THE AGREEMENT WITH KROLL ZOLFO COOPER LLC,
STEPHEN F. COOPER AND KEVIN NYSTROM**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK )

STEPHEN F. COOPER being duly sworn according to law, upon his oath, deposes

and says:

      1.     I am the executive managing director of Kroll Zolfo Cooper LLC (either

"KZC" or the "Firm") a wholly-owned first-tier subsidiary of Kroll, Inc., which is a wholly-

owned first-tier subsidiary of Marsh & McLennan Companies ("MMC"). MMC is a global

professional services firm and the parent company of approximately 950 subsidiaries that

provide clients with analysis, advice and transactional capabilities in the fields of risk and

insurance services, investment management, and consulting. The information included in this

affidavit (the "Affidavit") concerning KZC is based upon my personal knowledge. The

information concerning MMC is based upon publicly available information which either I or

KZC personnel under my direction and control have reviewed.

2.      This Affidavit is being submitted in connection with the Debtors' Application

for Approval of the Agreement ("Agreement") of KZC, Stephen F. Cooper ("Cooper") and

Kevin Nystrom ("Nystrom") to provide services to the Debtors and the services of Cooper as

Chief Restructuring Officer to the Debtors, Nystrom as Director of Restructuring to the

Debtors, as defined in the Agreement and as set forth hereinafter.

3.      On the date hereof, the Debtors filed voluntary petitions for relief under chapter

11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors remain in

possession of their respective properties and are continuing to operate and manage their

businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy

Code.

**Background of KZC, Kroll and MMC**

4.      KZC, through its indirect ownership by MMC, is affiliated with other entities

and operating units of MMC, namely Marsh, Mercer, Oliver Wyman, and Guy Carpenter.

**Indicia of Separateness between KZC and MMC Operating Units**

5.      Each of the MMC operating subsidiaries, including KZC and other subsidiaries

of Kroll, are incorporated and operate as independent companies. Consistent with this, each

MMC operating unit (*i.e.* Kroll, Mercer, Marsh, Oliver Wyman, and Guy Carpenter) operates

and will continue to function separately. Thus, KZC continues to maintain corporate and

operational independence from its MMC affiliates. KZC's independence from these entities

is illustrated by the following:

(a)      Kroll and KZC's email system is separate from, and not commingled
with, any MMC email system. Personnel employed by KZC or Kroll cannot access the email
servers of any of the other MMC companies;

(b)     KZC's computer document file server cannot be shared or accessed by any non-Kroll employees, as there is a separate document file server between Kroll and other MMC entities. The only shared computer access between KZC and any MMC entities is the common "10-net", which allows KZC employees to access MMC's corporate intranet for purposes such as viewing firm news events, press releases and policies and to receive firm-wide distributions;

(c)     KZC's officers, directors and employees do not receive any incentives for cross-selling efforts between non-Kroll entities within the MMC corporate family;

(d)     KZC officers, directors and employees do not have performance-based compensation or incentives that are contingent upon the performance of MMC;

(e)     KZC officers do not own any stock, options, warrants or other forms of equity in MMC, other than the right to voluntarily participate in MMC's employee stock purchase plan, which is open to all MMC employees;

(f)     KZC does not occupy office space on the same floor, at any of its locations, with MMC employees not employed by Kroll;

(g)     KZC does not share legal, marketing, public relations or human resources with any entity other than its immediate parent, Kroll;

(h)     KZC markets itself as an independent professional firm;

(i)     KZC's assets are not commingled with those of MMC or any of its non-Kroll subsidiaries, other than cash, which is swept regularly; and

(j)     The existing contracts between Kroll and KZC and their respective officers specifically provide that KZC's separateness from MMC will be maintained until the end of the contract term.

6.     I acknowledge and respectfully represent that the elements of §327 and

Bankruptcy Rule 2014 are not necessary or relevant in connection with KZC's, Cooper's, and

Nystrom's employment, which is being made under §363 of the Bankruptcy Code.

Nevertheless, I desire to make the following assertions: to the best of my knowledge and

belief, insofar as I have been able to ascertain after due inquiry, no one of the managing

directors or employees of KZC is related to the debtors and debtors-in-possession, the other

above-captioned debtors and debtors-in-possession (collectively the "Debtors"), their

creditors, other parties in interest herein, or the United States Trustee or anyone employed in

the Office of the United States Trustee, or holds or represents any interest adverse to any such

party, except that KZC, Cooper, and Nystrom are connected with the Debtors by virtue of this

Agreement, KZC's prior engagement of July 31, 2007, as detailed in Paragraph 12 of this

Affidavit, and KZC may represent or have represented certain of the Debtors' creditors or

other parties in interest herein, or interests adverse to such creditors or other parties in interest

herein, in matters unrelated to these cases.

     7.     In connection with the preparation of this Affidavit, KZC conducted a review

of its professional contacts with the Debtors, their affiliates and other interested parties

identified on a list ("Interested Party List") provided to KZC by the Debtors' counsel in this

proceeding. KZC ran the Interested Party List through the Kroll Conflict Check System

("KCCS") conflict database ("Database"), which is an internal computer database containing

names of individuals and entities that are present or recent former clients of Kroll, Inc., and all

of the following subsidiaries of Kroll, Inc.: Kroll Limited ("KL-CARG"), KZC, Kroll

Associates, Inc. consulting, forensic accounting and litigation consulting and valuation

services ("KA-CSG"), Marsh Risk Consulting ("MRC-ISG"), Kroll Associates, Inc. security

and government services ("KGS-SSG"), Kroll Background America Inc. ("KBA-TSG"), Kroll

Factual Data ("KFD-TSG"), and Kroll Ontrack Inc. ("KO-TSG"). MMC, KZC's indirect

parent, and its non-Kroll subsidiaries and affiliates do not maintain a conflict checking

system, and we do not presently check for conflicts against MMC and its non-Kroll

subsidiaries and affiliates. KZC then reviewed those results, which review was completed

under the supervision of the in-house General Counsel of KZC. A summary of such

relationships is set forth in <u>Schedule 1</u> to this Affidavit. None of the services, that were or will be provided in the course of these other engagements: (i) is connected in any way to this proceeding; (ii) will impact or conflict with the rights of the Debtors in this proceeding; and (iii) will compromise KZC's ability to provide services in this proceeding.

8.    It should be understood that KZC's present or former clients and their affiliates, officers, directors, principal shareholders and their respective affiliates may have had relationships with parties in interest in these bankruptcy cases of which KZC was not informed or, subsequent to the performance of KZC's services, may have developed relationships with such parties of which KZC is unaware.

9.    In addition to KZC's current or former clients and their affiliates, officers, directors, principal shareholders and their respective affiliates, the Database includes the limited partners, investees, and their respective affiliates that are known to KZC, of Catalyst Equity Fund, LP (the "Fund"), a Delaware limited partnership that invests in middle market businesses that are not performing to their full potential, primarily financially distressed companies. The Fund's general partner, Catalyst Equity Fund Partners, LLC ("CEFP"), a Delaware limited liability company, is majority-owned by CFL Capital, LLC ("CFL"), a New Jersey limited liability company that is controlled (through limited partnerships under their control) by Stephen F. Cooper, Michael E. France and Leonard J. LoBiondo, who are or were partners, principals or employees of KZC. The limited partners, consisting of large financial institutions, funds and sophisticated individual investors and investment trusts, are passive investors in the Fund that are not required to disclose to the Fund, CEFP, CFL or ZC their holdings or interests. Accordingly, they may own interests in or otherwise be connected to the Debtors, the Debtors' creditors, other parties in interest herein or interests adverse to such

parties of which the Fund, CEFP, CFL and KZC are not aware. The limited partners are the

following entities or affiliates thereof: BancBoston, William R. Berkley, Citibank, N.A.,

Cramer Rosenthal McGlynn, Inc., CRM 20/20 Fund, LLC, Duane Morris & Heckscher, LLP,

David Dillard, The Zuckerman Children's Trust, Paul Capital, Dupont Wilton, HVS Boxers

LLC, Michael VukelichMichael Fuchs, General Electric Capital Corporation, RS Catalyst

Limited Partnership, R & M Catalyst Investors, Hexagon Investments (Grandhaven LLC &

Labyrinth Enterprises LLC), Inc., Robert J. Higgins, ING Barings (U.S.) Capital Corporation,

Robert Martin, Hoyt C. Murray, Lexington Partners-Hamilton Lane 2000, LLC, John E.

O'Connor, James A. Paduano, the Pergament Family, Nicholas J. and Julie Sakellariadis, John

R. Tillotson, Lad Equity Partners, L.P., P.E. Partners, LLC, and Travelers Insurance Group

(Phoenix Insurance Co.).

   10.  To the best of KZC's knowledge and belief, except as set forth in <u>Schedule 1</u> to

this Affidavit, none of KZC's current or former clients (including their affiliates, officers,

directors, principal shareholders and their respective affiliates) or the limited partners or

investees (including their respective affiliates that are known to KZC) of the Fund is

connected to the he 50 largest unsecured creditors of the Debtors; other parties in interest

herein or interests adverse to such parties:

   11.  On or about August 1, 2007, the Debtors engaged KZC to provide advisory

services, including advising and assisting management in i) evaluating and challenging the

Debtors' short-term cash-flow projections, including underlying assumptions, ii) evaluating

and challenging the Debtors' business plan, including underlying assumptions, and in

identifying potential strategies and tactics to improve the Debtors' economic model, including

potential sales of selected assets, iii) assisting the Debtors' in planning for a chapter 11

proceeding, and iv) any other services as Debtors requested and we agreed to perform.

KZC provided such services from the date of its engagement letter up to immediately prior to

the involuntary filing.

12.    Prior to the filing of these bankruptcy cases, AHM was in the business of

originating mortgage loans and investing in mortgage-backed securities and mortgage loans

resulting from the securitization of residential mortgage loans that its various entities originate

and service.  AHM also invested in securitized mortgage loans originated by others and

originated and sold mortgage loans to institutional investors.  AHM offered an array of

mortgage products and primarily made loans to borrowers with good credit profiles.  Most of

its portfolio consisted of securitized adjustable-rate mortgage (ARM) loans, of prime and

alternate A quality.

13.    As of December 31, 2006, AHM held a leveraged portfolio of mortgage loans

held for investment and mortgage-backed securities in the amount of approximately $15.6

billion, and serviced approximately 197,000 loans with an aggregate principal amount of

approximately $46.3 billion.  As of December 31, 2006, AHM operated more than 550 loan

production offices located in 47 states and the District of Columbia.  AHM originated

approximately $58.9 billion in aggregate principal amount of loans in 2006 and for the third

quarter of 2006 was ranked as the nation's 10th largest residential mortgage lender, according

to National Mortgage News.

14.    Given the size and complexity of the Debtors' business, the Debtors require the

services of an experienced Chief Restructuring Officer to provide management services and

work with existing management in restructuring the business, including through sales of assets

designed to maximize value, and developing, negotiating and confirming plans of reorganization. Because of KZC's expertise and experience at a national level in providing management, reorganization, accounting and a broad range of consulting services to debtors and other parties in interest in financially complex troubled situations, the Debtors have requested that KZC provide such services to them.

15.     KZC has agreed to provide management services to the Debtors in accordance with the terms and conditions set forth herein, in the Application of the Debtors for Approval of the Agreement with KZC, Cooper, and Nystrom and in the Agreement which is appended hereto as Exhibit A and incorporated herein by reference. Accordingly, I make this Affidavit in support of an entry of order authorizing such retention.

16.     All the services that the Firm will provide to the Debtors will be (i) at the request of the Debtors, (ii) appropriately directed by the Debtors so as to avoid duplicative efforts among the professionals retained in the case, and (iii) performed in accordance with applicable standards of the accounting profession.

**Qualifications**

17.     As one of the world's leading interim management, financial advisory, litigation support and forensic accounting firms, with a team of restructuring, litigation and forensic specialists in North America and Europe/UK, specializing in advising debtors, creditors, investors and court-appointed officials in formal bankruptcy proceedings and out-of-court workouts, KZC has significant qualifications and experience in these matters. KZC has a reputation for quality and breadth of experience, and a proven track record for success, earned by serving clients in numerous nationally prominent bankruptcy proceedings. A statement setting forth the Firm's qualifications is attached hereto as Exhibit B.

**Staffing and Approach**

18.    A substantial portion of KZC's work is management and involves KZC's

professionals serving as management and working with senior client personnel regarding

high-level strategic and tactical issues.  Consistent with its relatively unique practice, KZC's

staff consists primarily of seasoned professionals.  A typical new employee at the Firm is a

former "Big 4" partner or manager frequently with from five to more than seven years of

experience.  Indeeed, more than 50% of KZC's professionals have in excess of 20 years of

relevant business experience.  Both the Firm's internal structure and work approach are

designed around its unusual staff composition of senior professionals.  Individual staff

members are assigned project roles, to bring to bear their particular talents and experience in

view of the specific requirements of the engagement.  KZC provides high value for its fees,

efficiently leveraging its experienced professionals by directing client personnel to perform

routine tasks.

19.    I, Stephen F. Cooper, CPA, CMA, CMC, CIRA, the executive managing

director who will be responsible for this engagement, have over 30 years of experience,

primarily in dealing with troubled companies.  I have gained significant experience in

production, marketing, and sales as well as accounting and finance across a broad industry

base and have a national reputation as an effective problem solver capable of forging

consensual coalitions among parties with disparate economic interests. I have served as

President, Chief Financial Officer, Chief Executive Officer and Chief Operating Officer in a

number of situations.  I am a graduate of Occidental College and a Wharton MBA.  I will be

assisted by Kevin Nystrom, a senior director, who serve as Director of Restructuring and will

be responsible for all aspects of engagement administration and the coordination of the efforts

of the assigned staff. I will be responsible for the overall design of the Firm's services and direction of the engagement team.

20.    Integral to any team approach, and essential to minimize misunderstandings and assure continuity of service in a large, multifaceted case such as this one, are conferences, meetings and work sessions among the members of the engagement team. Ongoing communications and review of work product facilitate the sharing of information and assure continued alignment with established priorities and objectives, thereby reducing the time expended and avoiding duplicative efforts. KZC, Cooper, and Nystrom communicate continually with its clients on the status and results of its work efforts and interfaces with other professionals to improve coordination and ensure that it does not duplicate services rendered by other professionals retained in the case.

## Billing Practices

21.    It is the intention of KZC, Cooper, and Nystrom to seek compensation for its services as described herein and in the Debtors' Application in accordance with its customary practices and in accordance with the guidelines of this Court. It is the customary practice of the Firm to bill clients for travel time consistent with the guidelines of the jurisdiction. KZC charges fees based on actual hours expended to perform its services at standard hourly rates established for each principal and employee, as adjusted semi-annually. Fees reflect economies resulting from the use of paraprofessional and support personnel to develop schedules and analyses, input computer data, perform research, and other activities necessary to the efficient administration of a case. KZC does not include support services in the Firm's overhead for the purpose of establishing billing rates. Billing rates are generally representative of prevailing market rates, as awarded by other Courts in similar circumstances,

for practitioners providing such services at a national level who have comparable skill and

experience. KZC', Cooper's, Nystrom's and Associate Directors of Restructurings'

compensation shall consist of the following:

Compensation. KZC, Cooper, Nystrom and Associate Directors' compensation hereunder shall consist of the following:

(a)     For services provided by Cooper and Nystrom, KZC will charge a monthly fee of $250,000 cash payable in immediately available funds upon execution of this Agreement and on the first day of each month thereafter throughout the term hereof commencing on August 6, 2007;

(b)     For any Associate Director assigned to this engagement, KZC will charge standard hourly rates. The billing rates for professionals who may be assigned to this engagement as Associate Directors in effect as of July 1, 2007, are as follows:

| | |
|---|---|
| Professional Staff | $125 - $630 |
| Support Personnel | $ 50 - $225 |

(c)     reimbursement of KZC, Cooper, Nystrom and Associate Directors' reasonable out-of-pocket expenses including, but not limited to, costs of travel, reproduction, typing, computer usage, legal counsel (including legal counsel retained to draft and enforce the Services Agreement), any applicable state sales or excise tax and other direct expenses. Additionally, certain employees of KZC, individually and/or jointly through separate entities and through KZC, own and/or charter private aircraft. In the event that owned or chartered aircraft is used, the Debtor will be charged the applicable coach fare prevailing on or about the date of travel.

(d)     a Consummation Fee – KZC reserved the right to request a Consummation Fee at the conclusion of the engagement, subject to approval of the Debtors and Bankruptcy Court, and upon notice to the United States Trustee.

20.     The Debtors shall pay to KZC the compensation set forth in Sections 4(a), (b)

and 4(c) of the Agreement based upon the submission of monthly invoices by KZC, Cooper,

and Nystrom setting forth the number of hours expended each day by KZC, Cooper, and

Nystrom on behalf of the Debtors and a detailed listing of the expenses sought to be

reimbursed. The compensation provided for in the Agreement shall constitute full payment for the services to be rendered by KZC, Cooper, and Nystrom to the Debtors hereunder.

21.    From time to time we utilize employees of our parent, Kroll, Inc. and its other subsidiaries. In that event, their rates are consistent with the rates charged by KZC personnel.

22.    KZC, Cooper, and Nystrom reserve the right to seek court approval for additional compensation in circumstances where extraordinary results may warrant such additional compensation. KZC, Cooper, and Nystrom further reserve the right, subject to court approval, to receive payment for compensation awarded in a form other than cash.

23.    KZC charges its clients only for reasonably incurred out-of-pocket expenses associated with an assignment including, but not limited to, costs of reproduction, typing, our legal counsel, any applicable state sales or excise taxes and other direct expenses. Except as necessary to comply with an applicable Administrative Order, all such expense billings are in accordance with the Firm's customary practices. KZC personnel stay at convenient, quality hotels and eat at quality restaurants; KZC, Cooper, and Nystrom do not incur costs for luxury accommodations or deluxe meals and when prohibited by applicable Administrative Order does not bill clients for first class airfare. Except as follows, all expenses will be billed at actual cost, exclusive of amortization of the cost of any investment, equipment or capital outlay: (i) internal charges for facsimile transmissions will be billed at $1.00 per page, (ii) internal photocopy charges will be billed at $0.10 per page, and (iii) computer modeling charges will be billed at standard hourly rates.

24.    KZC maintains contemporaneous records of the time expended and out-of-pocket expenses incurred in support of its billings for services. All such records are located in

the Firm's offices and are available for inspection, subject to certain matters contained therein that may be privileged.

25.    Invoices for services rendered and out-of-pocket expenses incurred during each month will be submitted to the Debtors no later than twenty days after the end of the month with copies to the United States Trustee and the chair of each Official Committee. Invoices are payable by the Debtors upon receipt; however, all such payments will be subject to final allowance by the Bankruptcy Court.

26.    It is understood that the hours worked, the results achieved and the ultimate benefit to the Debtor of the work performed in connection with this engagement may be variable and that the Debtor and KZC, Cooper, and Nystrom have taken this into account in setting the fees hereunder. No fee payable to any other person or entity by the Debtor or any other party shall affect any fee payable to KZC hereunder.

27.    KZC has received a retainer from the Debtors in the amount of $500,000 and advance payments of $250,000, against which certain prepetition amounts have been applied. The pre-petition retainer, together with the remaining amount of advance payments, increased the retainer to $563,000, The balance is to be held subject to further order by the Bankruptcy Court.

Stephen F. Cooper
Executive Managing Director

Sworn and subscribed to
before me this __ day
of August, 2007

MARY DENODE
Notary Public, State of New Jersey
My Commission Expires May 6, 2012

DB02:6163301.2

066585.1001