IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------ x
In re:                                                                   :   Chapter 11
                                                                         :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                   :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                          :
                                                                         :   Jointly Administered
         Debtors.                                                        :
                                                                         :   **Doc. Ref. Nos. 04**
------------------------------------------------------------------------ x

**CERTIFICATION OF COUNSEL REGARDING ORDER APPROVING DEBTORS'
RETENTION OF EPIQ BANKRUPTCY SOLUTIONS, LLC AS CLAIMS, NOTICE AND
BALLOTING AGENT PURSUANT TO 28 U.S.C. § 156(c),
BANKRUPTCY RULE 2002(f) AND LOCAL RULE 2002-1(f)**

On August 6, 2007, American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[1] filed voluntary petitions in this Court for reorganization relief under title 11 of the United States Code (the "Bankruptcy Code"). On the same date, the Debtors filed the Application for Order Approving Debtors' Retention of Epiq Bankruptcy Solutions, LLC as Claims, Notice and Balloting Agent Pursuant to 28 U.S.C. § 156(c), Bankruptcy Rule 2002(f) and Local Rule 2002-1(f) [Docket No. 4] (the "Application").

A hearing (the "First Day Hearing") on the Application was held on August 7, 2007. As stated at the First Day Hearing, certain revisions to the provision of the Order

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

concerning the indemnification were requested by the Office of the United States Trustee (the "Trustee"). Attached hereto as <u>Exhibit 1</u> is a revised order approving the Application (the "Revised Order") that incorporates revisions requested by the Trustee and which form of Order has been agreed to by the Trustee. A blackline highlighting the differences between the order proposed in the Motion and the Revised Order is attached hereto as <u>Exhibit 2</u>.

The Debtors respectfully submit that the Revised Order is consistent with the record established at the First Day Hearing and request that the Court enter the Revised Order at its earliest convenience without further notice or hearing.

Dated: Wilmington, Delaware
August 15, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ James L. Patton, Jr.
_____
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Proposed Co-Counsel for the Debtors and
Debtors in Possession

## **Exhibit 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------ x
In re:                                                                   :   Chapter 11
                                                                         :
AMERICAN HOME MORTGAGE                                                   :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]                       :
                                                                         :   Jointly Administered
                    Debtors.                                             :
                                                                         :   Ref. Docket No. 4
------------------------------------------------------------------------ x

## ORDER APPROVING THE DEBTORS' RETENTION OF EPIQ BANKRUPTCY SOLUTIONS, LLC AS CLAIMS, NOTICING AND BALLOTING AGENT PURSUANT TO PURSUANT TO 28 U.S.C. § 156(c), BANKRUPTCY RULE 2002(f), AND LOCAL RULE 2002-1(f)

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors") for an order pursuant to 28 U.S.C. § 156(c), Rule 2002(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), approving the Debtors' retention of Epiq Bankruptcy Solutions, LLC ("Epiq") as claims, noticing and balloting agent and as Agent of the Court in these chapter 11 cases; and upon the declaration of Daniel C. McElhinney, Esq. (the "McElhinney Declaration"), attached to the Application as Exhibit B; and due and adequate notice of the Application having been given;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

DB02:6166105.3                                                                              066585.1001

and it appearing that no further or other notice is required; and the Court being satisfied that Epiq is a "disinterested person" as such term is defined under section 101(14), as modified by section 1107(b), of the Bankruptcy Code, and that the retention of Epiq is necessary and in the best interests of the Debtors and their estates, creditors and equity security holders; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Application is granted as modified herein; and it is further

ORDERED that the Debtors' retention of Epiq as Agent under the terms of the Agreement is approved as modified by this Order; and it is further

ORDERED that the Debtors are authorized to retain Epiq effective as of the Petition Date to perform the noticing, claims processing, balloting and other services described in the Application, including, but not limited to, receiving, maintaining, recording and otherwise administering proofs of claim filed in the chapter 11 case; and it is further

ORDERED that pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq incurred pursuant to the Agreement are to be treated as an administrative expense of the Debtors' chapter 11 estates, and shall be paid by the Debtors in the ordinary course of business after the submission of an invoice in reasonable detail to the Debtors, any official committee and the United States Trustee describing the basis for the fees and expenses requested to be paid thereto, with the Debtors, any official committee and the United States Trustee having ten (10) days to review and object to same prior to payment thereof; and it is further

ORDERED that if the Debtors, any official committee or the United States Trustee object to the invoice, the Debtors are permitted to remit to Epiq the undisputed portion of

the invoice and, if applicable, pay the balance to Epiq upon the resolution of the disputed fees and expenses; and it is further

ORDERED that paragraph 7.1 of the Agreement is deleted and shall have no further force or effect; and it is further

ORDERED that paragraph 7.4 of the Agreement is qualified as follows:

(a)  Epiq shall not be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services other than those described in the Agreement, unless such services and indemnification therefore are approved by the Court;

(b)  The Debtors shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Epiq's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Epiq should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and

(c)  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Epiq believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations

3

> under the Agreement (as modified by this Order), including without limitation the advancement of defense costs, Epiq must file an application therefore in this Court, and the Debtors may not pay any such amounts to Epiq before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Epiq. All parties in interest shall retain the right to object to any demand by Epiq for indemnification, contribution or reimbursement; and it is further

ORDERED that paragraph 8 of the Agreement is deleted and shall have no further force or effect; provided, however, that the Debtors reserve the right to seek approval of paragraph 8 of the Agreement (or similar relief) after notice and a hearing; and it is further

ORDERED that if these cases are converted to cases under chapter 7 of the Bankruptcy Code, Epiq will continue to be paid for its services until all claims in these cases have been processed; and if claims agent representation is necessary in the converted chapter 7 cases, Epiq will continue to be paid in accordance with 28 U.S.C. § 156(c) upon the terms of the Agreement and hereof; and it is further

ORDERED that if Epiq is unable to provide the services set forth in the Agreement, Epiq will immediately notify the Clerk's Office, the Debtors and Debtors' counsel and cause all original proofs of claim and computer information turned over to another claims agent with the advice and consent of the Clerk, the Debtors and Debtors' counsel; and it is further

ORDERED that Epiq shall not cease providing services for any reason including nonpayment, without prior order of this Court authorizing Epiq to do so; and it is further

4

ORDERED that the hearing to consider the Application solely with respect to the timing of application of the retainer paid to Epiq is adjourned to September 4, 2007 at 11:00 a.m.; and it is further;

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       August ___, 2007

_____
Christopher S. Sontchi
United States Bankruptcy Judge

5

# Exhibit 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          :   Chapter 11
                                                                :
AMERICAN HOME MORTGAGE                                          :   Case No. 07-[      ]11047
HOLDINGS, INC., a Delaware corporation, et al.,[1]              :   (      CSS)
                                                                :
                                                                :   Jointly Administered
                    Debtors.                                    x
                                                                    Ref. Docket No. ======4
---------------------------------------------------------------- 

**ORDER APPROVING THE DEBTORS' RETENTION OF EPIQ BANKRUPTCY
SOLUTIONS, LLC AS CLAIMS, NOTICING AND
BALLOTING AGENT PURSUANT TO PURSUANT TO 28 U.S.C. § 156(c),
BANKRUPTCY RULE 2002(f), AND LOCAL RULE 2002-1(f)**

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors") for an order pursuant to 28 U.S.C. § 156(c), Rule 2002(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), approving the Debtors' retention of Epiq Bankruptcy Solutions, LLC ("Epiq") as claims, noticing and balloting agent and as Agent of the Court in these chapter 11 cases; and upon the declaration of Daniel C. McElhinney, Esq. (the "McElhinney Declaration"), attached to the Application as Exhibit B; and due and adequate notice of the Application having been given; and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.☐

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

it appearing that no further or other notice is required; and the Court being satisfied that Epiq is a "disinterested person" as such term is defined under section 101(14), as modified by section 1107(b), of the Bankruptcy Code, and that the retention of Epiq is necessary and in the best interests of the Debtors and their estates, creditors and equity security holders; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Application is granted as modified herein; and it is further

ORDERED that the Debtors' retention of Epiq as Agent under the terms of the Agreement is approved as modified by this Order; and it is further

ORDERED that the Debtors are authorized to retain Epiq effective as of the Petition Date to perform the noticing, claims processing, balloting and other services described in the Application, including, but not limited to, receiving, maintaining, recording and otherwise administering proofs of claim filed in the chapter 11 case; and it is further

ORDERED that pursuant to ~~Section~~section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq incurred pursuant to the Agreement are to be treated as an administrative expense of the Debtors' chapter 11 estates, and shall be paid by the Debtors in the ordinary course of business after the submission of an invoice in reasonable detail to the Debtors, any official committee and the United States Trustee describing the basis for the fees and expenses requested to be paid thereto, with the Debtors, any official committee and the United States Trustee having ten (10) days to review and object to same prior to payment thereof; and it is further

ORDERED that if the Debtors, any official committee or the United States Trustee object to the invoice, the Debtors are permitted to remit to Epiq the undisputed portion of

2

the invoice and, if applicable, pay the balance to Epiq upon the resolution of the disputed fees and expenses; and it is further

ORDERED that paragraph 7.1 of the Agreement is deleted and shall have no further force or effect; and it is further

ORDERED that paragraph 7.4 of the Agreement is qualified as follows:

(a) Epiq shall not be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services other than those described in the Agreement, unless such services and indemnification therefore are approved by the Court;

(b) ~~ORDERED that the Debtors are authorized to indemnify Epiq in accordance with the Agreement, but not for any claim arising from, related to, or in connection with Epiq's postpetition performance of any services other than the services described in the Agreement unless such services and indemnification therefor are approved by the Court. Notwithstanding any provision of the Application or the Agreement to the contrary, the Debtors~~ The Debtors shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either : (i) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence or willful misconduct~~, or (ii~~; (ii) for a contractual dispute in which the Debtors allege the breach of Epiq's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to ~~Epiq's gross negligence or willful misconduct~~ the exclusions set forth in clauses (i) and (ii) above, but determined by ~~this~~ the Court, after notice and a hearing~~,~~ to be a claim or expense for which Epiq should not receive indemnity, contribution~~,~~ or reimbursement under the terms of

3

the ~~Application and the Agreement,~~ Agreement as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Epiq believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation the advancement of defense costs, Epiq must file an application therefore in this Court, and the Debtors may not pay any such amounts to Epiq before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Epiq. All parties in interest shall retain the right to object to any demand by Epiq for indemnification, contribution or reimbursement; and it is further

ORDERED that paragraph 8 of the Agreement is deleted and shall have no further force or effect; provided, however, that the Debtors reserve the right to seek approval of paragraph 8 of the Agreement (or similar relief) after notice and a hearing; and it is further

ORDERED that if these cases are converted to cases under chapter 7 of the Bankruptcy Code, Epiq will continue to be paid for its services until all claims in these cases have been processed; and if claims agent representation is necessary in the converted chapter 7 cases, Epiq will continue to be paid in accordance with 28 U.S.C. § 156(c) upon the terms of the Agreement and hereof; and it is further

4

ORDERED that if Epiq is unable to provide the services set forth in the Agreement, Epiq will immediately notify the Clerk's Office, the Debtors and Debtors' counsel and cause all original proofs of claim and computer information turned over to another claims agent with the advice and consent of the Clerk, the Debtors and Debtors' counsel; and it is further

ORDERED that Epiq shall not cease providing services for any reason including nonpayment, without prior order of this Court authorizing Epiq to do so; and it is further

<u>ORDERED that the hearing to consider the Application solely with respect to the timing of application of the retainer paid to Epiq is adjourned to September 4, 2007 at 11:00 a.m.; and it is further;</u>

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       August ___, 2007

~~UNITED STATES BANKRUPTCY JUDGE~~

<u>Christopher S. Sontchi</u>
<u>United States Bankruptcy Judge</u>

6