# EXHIBIT A

## LIST OF OFFICE LEASES

## Office Leases

| | | | |
|---|---|---|---|
| 24048 Lorain Rd. North Olmstead, OH | One Mill Ridge Lane Chester, NJ | 12980 Metcalf Ave. Overland Park, KS | 100 State St. Erie, PA |
| 303 SE 17th St. Ocala, FL | 600 Jefferson St. Rockville, MD | 120 Dune Palms Rd. La Quinta, CA | 3975 Fair Ridge Rd. Fairfax, VA |
| 4041 28th St. NW Rochester, MN | 7160 Orchard Lake Rd. West Bloomfield, MI | 10291 N. Meridian Indianapolis, IN | 703 E. North St. Greenville, SC |
| 14160 Dallas Pkwy Dallas, TX | 150 E. Wilson Bridge Worthington, OH | 6550 Rock Spring Bethesda, MD | 700 Vets Highway Hauppauge, NY |
| 585 N. Courtenay Pkwy. Merritt Island, FL | 1140 Galaxy Way Concord, CA | 6996 Columbia Gtwy. Columbia, MD | 17908 Haggerty Northville, MI |
| 422 Main St. Klamath Falls, OR | 2231 SW Wanamaker Rd. Topeka, KS | 2550 Riverpark Dr. Fort Worth, TX | 1601 Trapelo Rd. Waltham, MA |
| 147 SW Shevlin Dixon Dr. Bend, OR | 200 Harry Truman Pkwy Annapolis, MD | 7330 San Pedro Ave. San Antonio, TX | 110 Oakwood Drive Winston-Salem, NC |
| 6760 Corporate Dr. Colorado Springs, CO | 15375 W. Bluemound Brookfield, WI | 303 Pisgah Church Rd. Greensboro, NC | 3033 South Parker Rd. Aurora, CO |
| 2222 Airline Rd. Corpus Christi, TX | 6230 Fairview Rd. Charlotte, NC | 8659 Staples Mill Rd. Richmond, VA | 7400 North Oracle Rd. Tucson, AZ |

## EXHIBIT B

**PROPOSED ASSUMPTION AND ASSIGNMENT AGREEMENT AND
PURCHASE AGREEMENT AND BILL OF SALE**

## PURCHASE AGREEMENT AND BILL OF SALE

This PURCHASE AGREEMENT AND BILL OF SALE, dated as of _____, 2007 (this "Bill of Sale") is made and executed among [AHM Entity], a [     ] corporation (the "Seller") and _____, a [     ] corporation (the "Purchaser").

## W I T N E S S E T H

WHEREAS, Seller, as debtor and debtor in possession, has filed a voluntary petition (the "Petition") for relief pursuant to Chapter 11 ("Chapter 11") of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (together with any other court having proper jurisdiction, the "Bankruptcy Court") (the "Bankruptcy Case"); and

WHEREAS, Seller has agreed to sell and Purchaser has agreed to purchase the Purchased Assets (as defined below) on the terms and conditions set forth herein and as authorized under Section 363 and 365 of the Bankruptcy Code, and the Order, Pursuant to Sections 105, 363, 365 and 554 of the Bankruptcy Code, Establishing Procedures for the (i) Assumption and Assignment of Real Property Leases and/or Other Executory Contracts and (ii) Sale or Abandonment of Furniture, Fixtures and Equipment Located Therein entered by the Bankruptcy Court on _____, 2007, and Seller has determined that a sale in accordance with Sections 363 and 365 of the Bankruptcy Code is in the best interests of its creditors and interest holders.

NOW, THEREFORE, for good and valuable consideration to the Seller receipt of which is hereby acknowledged, the Seller, intending to be legally bound hereby, agrees as follows:

1. <u>Sale of Purchased Assets</u>.  The Seller hereby assigns, grants, sells, transfers, and delivers to Purchaser, its successors and assigns, forever all of Seller's right, title and interest in and to all of the furniture, equipment, trade fixtures, and other tangible personal property assets set forth on the attached Schedule A that are located at the premises set forth on Schedule A (the "Purchased Assets").

2. <u>Payment of Purchase Price</u>.  Purchaser shall on the date hereof deliver the purchase price for the Purchased Assets in the amount of $_____ (the "Purchase Price") in immediately available funds wired to the account specified by Seller.

3. <u>Further Assurances</u>.  The Seller hereby covenants and agrees that Seller will, at any time and from time to time, at the request of Purchaser and without further consideration, execute and deliver, and will cause Seller's employees to execute and deliver, such other instruments of sale, transfer, conveyance and assignment, and take such other action as may reasonably be necessary to more effectively sell, convey, assign, transfer, and deliver to, and vest in, Purchaser, its successors and assigns, good, clear, record, and marketable title to the Purchased Assets hereby sold, transferred, conveyed, assigned, and delivered, or intended so to be, and to put Purchaser in actual possession and operating control thereof, to assist Purchaser in

exercising all rights with respect thereto, and to carry out the purpose and intent of this Bill of Sale.

4. <u>Power of Attorney</u>.  Seller does hereby irrevocably constitute and appoint Purchaser, its successors and assigns, Seller's true and lawful attorney, with full power of substitution, in Purchaser's name or otherwise, and on behalf of Seller, or for Purchaser's own use, to claim, demand, collect, and receive at any time and from time to time any and all assets, properties, claims, accounts, and other rights, tangible or intangible, hereby sold, transferred, conveyed, assigned, and delivered, or intended so to be, and to prosecute the same at law or in equity and, upon discharge thereof, to complete, execute and deliver any and all necessary instruments of satisfaction and release.

5. "<u>As Is Where Is</u>" <u>Transaction</u>.  Purchaser hereby acknowledges and agrees that Seller makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Purchased Assets.  Without in any way limiting the foregoing, Seller hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Purchased Assets.  Purchaser further acknowledges that the Purchaser has conducted an independent inspection and investigation of the physical condition of the Purchased Assets and all such other matters relating to or affecting the Purchased Assets as Purchaser deemed necessary or appropriate and that in proceeding with Purchaser's acquisition of the Purchased Assets, Purchaser is doing so based upon such independent inspections and investigations.  Accordingly, Purchaser will accept the Purchased Assets "AS IS" and "WHERE IS".

6. <u>Consumer Confidential Information</u>.  Seller hereby acknowledges and agrees that it shall use its best efforts to remove, before the consummation of the sale of the Purchased Assets, any and all confidential information, including, without limitation, any and all customer loan profiles ("<u>Consumer Confidential Information</u>").  Purchaser hereby acknowledges and agrees that it shall use its best efforts to package and deliver to the Seller, any Consumer Confidential Information that Purchaser discovers remaining among the Purchased Assets on or after the consummation of the sale.

7. <u>No Rights in Third Parties</u>.  Nothing expressed or implied in this Bill of Sale is intended to or shall confer upon any party, other than Purchaser and Purchaser's successors and assigns, any rights, remedies, obligations, or liabilities under or by reason of this Bill of Sale.

8. <u>Successors and Assigns</u>.  This Bill of Sale shall bind and inure to the benefit of the Seller, Purchaser, and their respective successors and permitted assigns.

9. <u>Governing Law</u>.  This Bill of Sale shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to principles of conflicts of law.

IN WITNESS WHEREOF, the parties have caused this Purchase Agreement and Bill of Sale to be duly executed as of the day and year first above written.

[AHM Entity]


By:_____
              Name:
              Title:


[Name of Purchaser]


By:_____
              Name:
              Title:

-3-

Schedule A

Premises:

Leases:

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement"), dated as of _____, 2007, by and between [AHM Entity], a [          ] corporation ("Assignor"), and _____, a [          ] corporation ("Assignee").

WHEREAS, Assignor, as debtor and debtor in possession, has filed a voluntary petition (the "Petition") for relief pursuant to Chapter 11 ("Chapter 11") of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (together with any other court having proper jurisdiction, the "Bankruptcy Court") (the "Bankruptcy Case");

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the real property and personal property lease listed on Schedule A (the "Assigned Asset") with respect to the premises set forth on Schedule A (the "Premises") on the terms and conditions set forth herein and as authorized under Section 363 and 365 of the Bankruptcy Code, and the Order Pursuant to Sections 105, 363, 365 and 554 of the Bankruptcy Code, Establishing Procedures for the (i) Assumption and Assignment of Real Property Leases and/or Other Executory Contracts and (ii) Sale or Abandonment of Furniture, Fixtures and Equipment Located Therein entered by the Bankruptcy Court on _____, 2007, and Assignor has determined that a sale in accordance with Sections 363 and 365 of the Bankruptcy Code is in the best interests of its creditors and interest holders.

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties hereto agree as follows:

1.      Assignment and Assumption.

(a)      Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title and interest in and to the Assigned Asset.

(b)      Assignee hereby assumes and undertakes to pay, perform and discharge all of Assignor's obligations and duties with respect to the Assigned Asset.

2.      Payment of Purchase Price. Assignee shall on the date hereof deliver the purchase price for the Assigned Asset in the amount of $_____ (the "Purchase Price") in immediately available funds wired to the account specified by Assignor.

3.      Assumption of Liabilities.  In addition to assuming all remaining obligations that exist with respect to the Assigned Assets, Assignee shall assume and cure all outstanding liabilities with respect to the Assigned Assets.

4.      No Further Liability of Assignor.  From and after the date hereof, Assignor shall have no further obligations and duties with respect to the Assigned Asset.

5.      <u>Further Assurances</u>.  At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey and assign to Assignee Assignor's rights to the Assigned Asset.

6.      <u>"As Is Where Is" Transaction</u>.  Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Assigned Asset.  Without in any way limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Assigned Asset.  Assignee further acknowledges that the Assignee has conducted an independent inspection and investigation of the physical condition of the Assigned Asset and all such other matters relating to or affecting the Assigned Asset as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Assigned Asset, Assignor is doing so based upon such independent inspections and investigations.  Accordingly, Assignor will accept the Assigned Asset "AS IS" and "WHERE IS".

7.      <u>Consumer Confidential Information</u>.  Assignor hereby acknowledges and agrees that it shall use its best efforts to remove, before the consummation of the assignment of the Assigned Assets, any and all confidential information, including, without limitation, any and all customer loan profiles ("Consumer Confidential Information").  Assignee hereby acknowledges and agrees that it shall use its best efforts to package and deliver to the Assignor, any Consumer Confidential Information that Assignee discovers remaining among the Assigned Assets on or after the consummation of the assignment.

8.      <u>Compliance With Law</u>.  Assignee hereby agrees to comply with all applicable laws, including those related to the privacy of consumer information, with respect to the Assigned Asset, as well as with respect to any other items or documentation (including mortgage applications and loan files) located on the Premises.  Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

9.      <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

[AHM Entity]


By:_____
                  Name:
                  Title:


[Name of Assignee]


By:_____
                  Name:
                  Title:

-3-

Schedule A

Premises: _____

Lease:

# EXHIBIT C

## PROPOSED SALE NOTICE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
In re:                                                        :    Chapter 11
                                                              :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                        :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                               :
                                                              :    Jointly Administered
         Debtors.                                             :
------------------------------------------------------------- x
```

## NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT AND SALE OF ASSETS

TO:    (I) THE OFFICE OF THE UNITED STATES TRUSTEE; (II) COUNSEL TO THE CREDITORS COMMITTEE; (III) THE LANDLORD OR NON-DEBTOR PARTY OF THE OFFICE LEASE(S) TO BE ASSIGNED; (IV) COUNSEL TO THE DEBTORS' POSTPETITION LENDERS, (V) COUNSEL TO BANK OF AMERICA, (VI) THE U.S. SECURITIES AND EXCHANGE COMMISSION AND, (VII) ANY PARTY KNOWN BY THE DEBTORS TO BE ASSERTING AN INTEREST OR A LIEN ON ANY OF THE ASSETS TO BE SOLD

PLEASE TAKE NOTICE that American Home Mortgage Holdings, Inc., a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors"),[1] propose to effectuate the assumption and assignment of the real property lease and/or other executory contracts (collectively, the "Agreements") set forth on Exhibit A attached hereto, and [sell/abandon] the furniture, fixtures and equipment located therein (the "Proposed Disposition"), in accordance with the Order Pursuant to Sections 105, 363, 365 and 554 of the Bankruptcy Code, Establishing Procedures for the (i) Assumption and Assignment of Real Property Leases and/or Other Executory Contracts and (ii) Sale or Abandonment of Furniture, Fixtures and Equipment Located Therein (the "Sale Order"). The manner of the Proposed Disposition is set forth on Exhibit A. The proposed cure amount associated with the assumption of the Agreements is _____ (the "Cure Amount").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

PLEASE TAKE FURTHER NOTICE that objections to the Proposed Disposition or the Cure Amount, if any, must be filed on or before _____**at 4:00 p.m.** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801. At the same time, you must also serve a copy of the objection upon the undersigned counsel to the Debtors so that the response is received on or before the Objection Deadline.

PLEASE TAKE FURTHER NOTICE THAT, SHOULD AN OBJECTION BE TIMELY FILED, A HEARING ON THE PROPOSED DISPOSITION WILL BE HELD BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI ON _____ AT _____.M. (ET) IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, WILMINGTON, DELAWARE.

PLEASE TAKE FURTHER NOTICE THAT, IF YOU FAIL TO TIMELY OBJECT TO THE PROPOSED DISPOSITION OR THE CURE AMOUNT, THE DEBTORS ARE AUTHORIZED, PURSUANT TO THE SALE ORDER, TO CONSUMMATE THE PROPOSED DISPOSITION IN ACCORDANCE WITH THE TERMS SET FORTH ON THE ATTACHED EXHIBIT A WITHOUT FURTHER NOTICE OR HEARING.

Dated:      Wilmington, Delaware
            August \_\_\_\_, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

DB02:6157007.5

066585.1001