IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                  :
                                                                 :   Jointly Administered
        Debtors.                                                 :
                                                                 :   Doc. Ref. No. __
---------------------------------------------------------------- x

**ORDER PURSUANT TO SECTIONS 105, 363, 365 AND 554 OF THE
BANKRUPTCY CODE, ESTABLISHING PROCEDURES FOR THE (I)
ASSUMPTION AND ASSIGNMENT OF REAL PROPERTY LEASES AND/OR
OTHER EXECUTORY CONTRACTS AND (II) SALE OR ABANDONMENT OF
FURNITURE, FIXTURES AND EQUIPMENT LOCATED THEREIN**

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors")[2], seeking entry of an Order, pursuant to sections 105, 363 and 365 of the Bankruptcy Code, authorizing the implementation of expedited procedures to effectuate the sale of certain assets that are no longer necessary to the Debtors' mortgage origination business, including, but not limited to, real property leases (the "Office Leases") and sale of furniture, fixtures and equipment located therein (the "FF&E" and together with the Office Leases, the "Office Assets") related to the Debtors' Production Offices free and clear of all liens, claims,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

-2-

interests and encumbrances (collectively, the "Liens") with such Liens attaching to the sale proceeds of any such assets to the extent of their validity and priority immediately prior to the sale; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of the Motion having been provided to the parties; and it appearing that no other or further notice of the Motion need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and all parties in interest; and upon the Motion, and the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief, dated as of the Petition Date; and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, pursuant to sections 105, 363, and 365 of the Bankruptcy Code and subject to the Sale Procedures set forth herein, to effectuate assignment and sales of the Office Assets to any person or entity; and it is further

ORDERED, that each Sale of Asset(s) shall be free and clear of any Liens, with all Liens transferring and attaching to the Net Proceeds of the Sale with the same validity and priority as such Liens had in respect of the Office Assets prior to such Sale, without further order of the Court; and it is further

ORDERED that the Debtors are authorized, pursuant to section 554 of the Bankruptcy Code, to abandon any FF&E that, in the Debtors' reasonable business judgment, is burdensome to these estates; and it is further

ORDERED, that if Debtors are unable to locate a purchaser for any of the Office Assets, they shall be permitted to seek to obtain a mutual release of claims with the landlord of

the Production Office where the burdensome FF&E is located, if, in the Debtors' reasonable business judgment, such form of disposition of the FF&E is in the best interest of these estates; and it is further

ORDERED, that the Debtors shall use their best efforts to remove, before the consummation of any Sale, any and all confidential information located at the Production Office to be sold, including, without limitation, any and all customer loan profiles (the "Consumer Confidential Information"); and it is further

ORDERED, that unless consent is obtained from the individual to whom such Consumer Confidential Information belongs, any proposed purchaser shall use its best efforts to package and deliver to the Debtors, any Consumer Confidential Information that the proposed purchaser discovers remaining at a Production Office on or after the consummation of a Sale; and it is further

ORDERED, that with regard to Sales of Office Assets related to an individual Production Office with a value of up to but not more than $100,000 to a single buyer or group of related buyers, the Debtors are authorized, but not required, to sell any Asset in accordance with the following procedures:

(i) at least seven (7) days prior to the proposed closing of any such Sale, the Debtors shall give written notice (each, a "Sale Notice," substantially in the form attached to the Sale Procedures Motion as Exhibit C) of such a proposed Sale to the following parties (collectively, the "Sale Notice Parties") by overnight delivery: (i) the United States Trustee; (ii) counsel to the Creditors Committee; (iii) the landlord or non-Debtor party of the Office Lease(s) to be assigned; (iv) counsel to the Debtors' postpetition lenders, (v) counsel to Bank of America, (vi) the U.S. Securities and Exchange Commission; and (vii) any party known by the Debtors to be asserting an interest or a Lien on any of the Office Assets to be sold;

(ii) the content of the Sale Notice sent to the Sale Notice Parties for the sale of Office Assets shall in reasonable detail: (i) identify the

        Office Assets, including the location of the Office Leases and FF&E, being assumed and assigned, sold or abandoned; (ii) identify the purchaser of the Office Assets; (iii) provide proposed cure amounts (the "Cure Amounts"), if any; and (iv) provide the purchase price;

(iii)   a Sale Notice Party may object to a proposed Sale by making such objection in writing and serving the same on the other Sale Notice Parties and on the Debtors' counsel within five (5) days of the date of the Sale Notice;

(iv)   if no Sale Notice Party objects to a proposed Sale in accordance with the Sale Procedures within five (5) days of the date of the applicable Sale Notice, the Debtors, without further action or order of the Court, shall be authorized to consummate any such Sale, including the execution of any documents required and any such Sale shall be free and clear of all Liens with such Liens attaching only to the net proceeds of the Sale to the extent of their validity and priority immediately prior to the Sale;

(v)   if any of the Sale Notice Parties objects to a proposed Sale within five (5) days of the date of the Sale Notice, the Sale of the Office Asset(s) shall not proceed except upon (i) resolution of the objection by the parties in question, or (ii) further order of the Court after a hearing;

(vi)   in the event a hearing is required to resolve an objection or to attain approval of an assumption and assignment where landlord consent is not attained, the Debtors may notice such Sale and objection for the next scheduled omnibus hearing date that is at least five (5) business days from the date of the filing of such notice;

(vii)   on or before the 15th day of each calendar month the Debtors shall file a schedule of any Office Assets sold in the preceding calendar month, which schedule identifies: (i) the Office Assets, including the location of Office Leases and FF&E, assumed and assigned, sold or abandoned; (ii) the purchaser of the Office Assets; (iii) the location of the Office Assets sold; and (iv) the aggregate amount of the net proceeds of the Sale(s); and

(viii)   in the event a prospective purchaser requests an order of the Court approving a Sale, the Debtors shall be permitted to obtain such order through the filing of a certification of counsel.

and it is further

DB02:6157007.5                 066585.1001

-5-

ORDERED, that notwithstanding anything set forth to the contrary in the Sale Agreement, all purchasers understand and agree that the Debtors are conveying their rights to the Office Assets as is, without warranties or representations of any kind, whether express or implied; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions and execute such documents as may be necessary or appropriate to carry out the relief granted herein; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:   Wilmington, Delaware
         August _____, 2007

                                                        _____
                                                        Christopher S. Sontchi
                                                        United States Bankruptcy Judge