UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| AMERICAN HOME MORTGAGE | | |
| HOLDINGS, INC., a Delaware corporation, | : | |
| *et al.,* [1] | | |
|  | : | Case Number 07-11047 (CSS) |
| Debtors. | | (Jointly Administered) |
|  | : | |

**Hearing Date: August 20, 2007 at 1:00 P.M.**

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE MOTION OF THE
DEBTORS AND DEBTORS IN POSSESSION FOR FINAL ORDER AUTHORIZING
THEM TO IMPLEMENT NON-INSIDER EMPLOYEE RETENTION PLAN
PURSUANT TO SECTIONS 105, 363 AND 503 OF THE BANKRUPTCY CODE
(DOCKET ENTRY # 10)**

In support of her objection to the motion of the Debtors and Debtors in possession for a final

order authorizing them to implement a non-insider employee retention plan pursuant to sections 105,

363 and 503 of the Bankruptcy Code (the "Motion"), Kelly Beaudin Stapleton, United States Trustee

for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

**INTRODUCTION**

1.     Under (i) (an) applicable order(s) of the United States District Court for the District

of Delaware issued pursuant to 28 U.S.C. § 157(a) and (ii) 28 U.S.C. § 157(b)(2)(A), this Court has

---

[1]

The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

jurisdiction to hear and determine the Motion.

2.     Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.    *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.     Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this objection.

### BACKGROUND

4.     On August 6, 2007 (the "Petition Date"), the Debtors filed the petitions which initiated the above-captioned bankruptcy cases.  On the Petition Date, the Debtors also filed the Motion.  Through the Motion, the Debtors sought interim approval (and presently seek final approval) of a retention plan for all of the Debtors' employees with the exception of approximately ten senior officers.

5.     The Debtors elected to proceed with their request for interim approval of the Motion at the "first day" hearing in the cases.  After the Court considered the Debtors' request for interim approval, the Court sustained the U.S. Trustee's objection to the request in part; the Court deemed a number of titled employees designated as plan participants to be "officers" and, by extension, ineligible for retention payments because the Debtors did not make the required showing under 11 U.S.C. § 503(c)(1).

**GROUNDS/BASIS FOR RELIEF**

6.    11 U.S.C. § 503(c)(1) provides:

Notwithstanding subsection (b) [allowing the payment of administrative expenses in certain circumstances], there shall neither be allowed, nor paid –

(1) a transfer made to, or an obligation incurred for the benefit of, an insider of the debtor for the purpose of inducing such person to remain with the debtor's business, absent a finding by the court based upon evidence in the record that –

    (A) the transfer or obligation is essential to retention of the person because the individual has a bona fide job offer from another business at the same or greater rate of compensation;

    (B) the services provided by the person are essential to the survival of the business; and

    (C) either

        (i) the amount of the transfer made to, or obligation incurred for the benefit of, the person is not greater than an amount equal to 10 times the amount of the mean transfer or obligation of a similar kind given to nonmanagement employees for any purpose during the calendar year in which the transfer is made or the obligation is incurred; or

        (ii) if no such similar transfers were made to, or obligations were incurred for the benefit of, such nonmanagement employees during such calendar year, the amount of the transfer or obligation is not greater than an amount equal to 25 percent of the amount of any similar transfer or obligation made to or incurred for the benefit of such insider for any purpose during the calendar year before the year in which such transfer is made or obligation is incurred [.]

7.    By its terms, 11 U.S.C. § 503(c) restricts certain transfers to, and obligations for the benefit of, insiders.  Where the debtor is a corporation, the term "insider" is defined in the Bankruptcy Code as including its officers, persons in control and managing agents.  11 U.S.C. § 101(31).

8.    The term "officer" is not defined in the Bankruptcy Code.  Accordingly, under established Supreme Court precedent, the term must "be interpreted as taking [its] ordinary,

contemporary, common meaning." *See Perrin v. United States*, 444 U.S. 37, 42 (1979).  The term "officer" is commonly defined as "*a person charged with important functions of management* such as president, vice president, treasurer, *etc.*"; although these positions are usually provided for in the corporation's charter, "in a broader sense the term [officer] includes vice presidents, general managers *and other officials of the corporation*."  BLACK'S LAW DICTIONARY at 977 (5th ed. 1979) (definition of "officer") and 307 (definition of "corporate officer") (emphasis added).  Thus, the title given to a person is clearly not dispositive; if a person conducts important managerial functions, the person is an "officer."  Additionally, this Court has previously held that the fact that a corporate officer does not have broad-reaching authority or control does not make that person any less of an officer.  *See In re Essential Therapuetics, Inc.*, 295 B.R. 203, 206 (Bankr. D. Del. 2003).

9.       Further, persons who fulfill officer roles without having officer titles have been deemed to be officers.  In *Official Committee of Unsecured Creditors v. ABC Capital Markets Group (In re Capital Metals Co., Inc.)*, 228 B.R. 724, 727 (Bankr. 9th Cir. 1998), the Ninth Circuit Bankruptcy Appellate Panel analyzed the definition of "officer" under a California statute which (like its Delaware counterpart) provided that a corporation shall have officers "with such titles and duties as shall be stated in the bylaws or determined by the board."  The *Capital Metals* Panel rejected the argument that the principal of the proposed professional "was not really an officer" because the principal had acted as the debtor's chief financial officer pre-petition without corporate authority: "[T]he Panel considers the person who functioned as the CFO to be the CFO, even without a corporate resolution to that effect."  *Id.*

10.      The term "person in control" is also not defined in the Code.  A "person" is defined as including an individual, a corporation, or a partnership.  *See* 11 U.S.C. § 101(41).

4

"Control" is commonly defined as "[p]ower or authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee." BLACK'S LAW DICTIONARY at 298 (5th ed. 1979). Thus, a "person in control" can be anyone involved in the debtor's management, whether they are formally designated as "directors" and "officers" or not. *See, e.g.*, *Fabricators, Inc. v. Technical Fabricators, Inc. (In re Fabricators, Inc.)*, 926 F.2d 1458, 1465 (5th Cir. 1991); *ABC Elec. Servs. Inc. v. Rondout Elec., Inc. (In re ABC Elec. Servs. Inc.)*, 190 B.R. 672, 675 (Bankr. M.D. Fla. 1995) ( regardless of title, "[a]ctual management of the Debtor's affairs equals control.").

11.    The undefined term "managing agent" also takes its ordinary, contemporary, common meaning. The phrase "managing agent" is commonly defined as follows: "A person who is invested with general power, involving the exercise of judgment and discretion, as distinguished from an ordinary agent or employee . . . . One who has exclusive supervision and control of some department of a corporation's business, the management of which requires of such person the exercise of independent judgment and discretion, and the exercise of such authority that it may be fairly said that service of summons upon him will result in notice to the corporation." BLACK'S LAW DICTIONARY at 59 (5th ed. 1979). One court has defined "managing agent" as follows:

> [an] entit[y] that exert[s] or could exert operational control over a debtor . . . . includ[ing] the ability to make personnel decisions, the authority to incur or pay obligations and access to financial and other information essential to the operation of the debtor. An example of a "managing agent" would be a person in charge of a division of a corporate debtor who, nevertheless, is not an officer or director.

*Rush v. Riddle (In re Standard Stores, Inc.)*, 124 B.R. 318, 323 (Bankr. C.D. Cal. 1991); *see also In re City of Columbia Falls, Montana, Special Improvement Dist. No.* 25, 143 B.R. 750 (Bankr. D. Mont. 1992) (adopting *Standard Stores* definition).

12.     The U.S. Trustee leaves the Debtors to their burden to establish that the relief requested in the Motion is supported by applicable law and does not violate 11 U.S.C. § 503(c).

## CONCLUSION

WHEREFORE the UST requests that this Court issue an order denying the Motion or granting other relief consistent with this objection.

Respectfully submitted,

**KELLY BEAUDIN STAPLETON
UNITED STATES TRUSTEE**


**BY:**  /s/ Joseph J. McMahon, Jr.
          Joseph J. McMahon, Jr., Esquire (# 4819)
          Trial Attorney
          United States Department of Justice
          Office of the United States Trustee
          J. Caleb Boggs Federal Building
          844 King Street, Room 2207, Lockbox 35
          Wilmington, DE  19801
          (302) 573-6491
          (302) 573-6497 (Fax)

Date:  August 16, 2007