# EXHIBIT E

**Proposed Form of Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             :   Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE                                             :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]                 :
                                                                   :   Jointly Administered
                          Debtors.                                 :
                                                                   :   **Ref. No.**
------------------------------------------------------------------ x

**ORDER PURSUANT TO SECTIONS 105(a), 327, 328 AND 330 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 AUTHORIZING THE EMPLOYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF THE DEBTORS' BUSINESS *NUNC PRO TUNC* TO PETITION DATE**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order, pursuant to sections 327, 328 and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), authorizing the Debtors to employ certain professionals utilized by the Debtors in the ordinary course of their business (excluding professionals for whom the Debtors have filed separate retention applications for employment with this Court) (collectively, the "Ordinary Course Professionals"), all as more fully set forth in the Motion; and the Court finding that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2); good, adequate and sufficient notice of the Motion has been given and that no other or further notice need be given; and (iii)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] All capitalized terms used, but not otherwise defined herein, shall have the meaning ascribed to such terms in the Motion.

the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Debtors are hereby authorized, but not directed, to retain the Ordinary Course Professionals listed on Exhibit A, Exhibit B, and Exhibit C attached to the Motion in the ordinary course of business, *nunc pro tunc* to the Petition Date, without the need to file individual retention applications for each such professional; and it is further

ORDERED, that the Debtors may supplement the list of Ordinary Course Professionals from time to time as necessary if additional Ordinary Course Professionals are to be utilized, and the Debtors shall file each such supplemental list with the Court and serve it, by first class mail, on: (i) the Office of the United States Trustee (the "U.S. Trustee"); (ii) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004; (iv) counsel to the Debtors' postpetition lender; (v) the Securities and Exchange Commission; and (vi) all other parties entitled to notice under Del. Bankr. LR 2002-1(b) (collectively, the "Notice Parties"). If no objections to such supplemental list are filed within fifteen (15) days after the date of service thereof, the same shall be deemed approved by this Court and all professionals listed thereon shall be deemed to be Ordinary Course Professionals within the purview of this Order without the necessity of a hearing or further notice; and it is further

ORDERED, that to ensure that each Ordinary Course Professional does not represent or hold any interest materially adverse to the Debtors or to their estates with respect to

the matters on which such Ordinary Course Professional is to be employed, each Ordinary Course Professional is required to file with the Court an affidavit of disinterestedness substantially in the form annexed to the Motion as Exhibit D, and to serve copies thereof on the Debtors and the Notice Parties, prior to or contemporaneous with the submission to the Debtors of invoices accompanying a request for compensation; and it is further

ORDERED, that the Debtors shall not make any payment to any Ordinary Course Professional who has failed to file an affidavit of disinterestedness; and it is further

ORDERED, that the Debtors are authorized, but not directed, to make monthly payments for postpetition compensation and reimbursement of postpetition expenses to each of the Ordinary Course Professionals in the manner customarily made by the Debtors prior to the commencement of their chapter 11 cases, in the full amount billed by any such Ordinary Course Professional, upon receipt therefrom of an affidavit of disinterestedness and reasonably detailed invoices indicating the nature of the professional services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' rights to dispute any such invoices); provided, however, that without further order of the Court the Debtors shall not pay any individual Ordinary Course Professional amounts in excess of (i) $35,000 in fees and expenses per month per firm for those professionals listed on Exhibit A, (ii) $75,000 in fees and expenses per month per firm for those professionals listed on Exhibit B, or (iii) a percentage exceeding 6% of the selling price (not to exceed a $3,000,000) of any real estate transaction to a professional listed on Exhibit C; and it is further

ORDERED, that if postpetition compensation and reimbursement of postpetition expenses for any Ordinary Course Professional (i) identified on Exhibit A to the Motion exceeds $35,000 in any given month; (ii) identified on Exhibit B to the Motion exceeds $75,000 in any

3

given month; or (iii) identified on Exhibit C to the Motion exceeds 6% of the selling price (not to exceed $3,500,000) of any real estate transaction, such Ordinary Course Professional may be paid and/or reimbursed the amount in excess of the respective monthly cap only after (a) the filing of an interim and/or final fee application in connection therewith, in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to Sections 331 and 105(a) of the Bankruptcy Code, if entered, and (b) entry of an order of the Court approving such fee application to the extent so approved;

ORDERED, that this Order shall not apply to any professional retained by the Debtors pursuant to a separate order of this Court; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and/or enforcement of this Order.

Dated: Wilmington, Delaware
   September ____, 2007

                        _____
                        Christopher S. Sontchi
                        United States Bankruptcy Judge