IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             : Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                    :
                                                                   : Jointly Administered
                                                                   :
       Debtors.                                                    : **Hearing Date: N/A**
                                                                   : **Objection Deadline: N/A**
------------------------------------------------------------------ x

### MOTION FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF THE HEARING TO CONSIDER THE EMERGENCY MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO ENTER INTO AND PERFORM UNDER AUCTION PROCEDURES AGREEMENT; (II) APPROVING SALE PROCEDURES IN CONNECTION WITH THE SALE OF CERTAIN ASSETS OF NON-DEBTORS BROADHOLLOW FUNDING, LLC AND MELVILLE FUNDING, LLC; (III) APPROVING THE FORM OF NOTICE OF AUCTION; AND (IV) APPROVING THE SALE TO THE SUCCESSFUL BIDDER

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[1] hereby move this Court (the "Motion to Shorten"), pursuant to Rules 2002 and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1(b) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order providing that the applicable notice period for the Emergency Motion of the Debtors for Entry of an Order (I) Authorizing Debtors to Enter into and Perform under Auction Procedures Agreement; (II) Approving Sale Procedures in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Connection with the Sale of Certain Assets of Non-Debtors Broadhollow Funding, LLC and Melville Funding, LLC; (III) Approving the Form of Notice of Auction; and (IV) Approving the Sale to the Successful Bidder, which was filed contemporaneously herewith (the "<u>Motion</u>"),[2] be shortened and approved as provided below.

1.     Pursuant to Local Rule 9006-1(e), the notice period may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice. The Debtors submit that sufficient cause exists to justify shortening the twenty (20) day notice period specified in Bankruptcy Rule 2002 for notice of the hearing on the Motion.

2.     By the Motion, the Debtors are requesting entry of the Sale Procedures Order: (a) authorizing the Debtors to enter into and perform under the Auction Procedures Agreement; (b) approving the Sale Procedures with respect to the proposed Sale of the Assets; (c) approving the form and manner of the Notice of Auction; (d) approving the Sale to the Successful Bidder; and (e) granting such other related relief as the Court deems just and proper.

3.     The Debtors submit that sufficient cause exists to justify shortening the notice period for the hearing Motion. The Assets that are slated to be sold pursuant to the Sale Procedures are comprised of Mortgage Loans that are owned directly by Broadhollow or Melville, as applicable. Melville and Broadhollow are non-Debtor special purpose entities sponsored by AHM Investment and thus, the Assets are not property of the Debtors' estates under section 541 of the Bankruptcy Code. However, the Debtors' have an interest in Broadhollow and Melville to the extent any residual value remains after the sale of the Assets and payment in fully of the notes issued by Broadhollow and Melville.

4.     Prior to the Petition Date, at least one termination event occurred under the MLPSAs with respect to the failure to have in place the requisite amount of swaps with at

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

least one (1) year prior to the scheduled termination date thereof. As a result of this termination event, Broadhollow and Melville are required to sell or securitize the Assets within thirty (30) days of the date of the termination event, with any such loans unsold after such period being subject to an auction to be conducted by the collateral agent under: (a) that certain Security Agreement, dated as of May 27, 2004, among Broadhollow and Deutsche Bank Trust Company Americas, as Indenture Trustee and Collateral Agent, and (b) that certain Security Agreement, dated as of May 27, 2004, among Melville and Deutsche Bank Trust Company Americas, as Indenture Trustee and Collateral Agent, as applicable. Throughout the past week, the Debtors, Broadhollow and Melville have worked closely with the Swap Providers to develop sale procedures for the Assets that would maximize the value to the Debtors' estates. The Debtors believe that an open auction process pursuant to the terms of the Auction Procedures Agreement will obtain the highest price for the Assets, thereby increasing the likelihood of residual value for the benefit of the estates and minimizing the claims of the Swap Parties against the Debtors' estates.

5. Accordingly, the Debtors request that a hearing on the Motion be scheduled for August 20, 2007 at 1:00 p.m. (ET), or at the earliest convenience of the Court. The parties set forth in the notice section of the Motion will be served by overnight delivery or hand delivery. The Debtors propose that objections be due at the hearing on the Motion, August 20, 2007 at 1:00 p.m. (ET).

3

WHEREFORE, the Debtors respectfully request the entry of an Order approving the shortened notice for the Motion as set forth herein and approving the form, manner and sufficiency of notice.

Dated: Wilmington, Delaware
August 17, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ 

James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
M. Blake Cleary (No. 3614)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Proposed Counsel for Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x
In re:                                                       :   Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                       :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                              :
                                                             :   Jointly Administered
         Debtors.                                            :   Ref. Docket No. _____
-------------------------------------------------------------- x

**ORDER SHORTENING THE TIME FOR NOTICE OF THE HEARING
TO CONSIDER THE EMERGENCY MOTION OF
THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO
ENTER INTO AND PERFORM UNDER AUCTION PROCEDURES AGREEMENT; (II)
APPROVING SALE PROCEDURES IN CONNECTION WITH THE SALE OF
CERTAIN ASSETS OF NON-DEBTORS BROADHOLLOW FUNDING, LLC AND
MELVILLE FUNDING, LLC; (III) APPROVING THE FORM OF NOTICE OF
AUCTION; AND (IV) APPROVING THE SALE TO THE SUCCESSFUL BIDDER**

Upon consideration of the Motion for an Order Shortening the Time for Notice of the Hearing to Consider Motion to Shorten Notice of the Emergency Motion of the Debtors for Entry of an Order (I) Authorizing Debtors to Enter into and Perform under Auction Procedures Agreement; (II) Approving Sale Procedures in Connection with the Sale of Certain Assets of Non-Debtors Broadhollow Funding, LLC and Melville Funding, LLC; (III) Approving the Form of Notice of Auction; and (IV) Approving the Sale to the Successful Bidder (the "Motion to Shorten"),[1] pursuant to Rules 2002, and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1(b) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and the Court having determined that granting the relief requested by the Motion to Shorten is in the best interest of the Debtors' estates and creditors; and it appearing that due and adequate notice of the Motion to Shorten has been given, and that no

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion to Shorten.

other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion to Shorten is granted; and it is further

ORDERED, that a hearing on the Motion will be held on August 20, 2007 at 1:00 p.m. (ET), and that the deadline to file any responses to the Motion shall be at the hearing, August 20, 2007 at 1:00 p.m.; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: August \_\_\_\_\_, 2007
      Wilmington, Delaware

                                        Christopher S. Sontchi
                                        United States Bankruptcy Judge