# EXHIBIT C

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------- x
In re:                                                            :   Chapter 11
                                                                  :
AMERICAN HOME MORTGAGE                                            :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]                :
                                                                  :   Jointly Administered
                      Debtors.                                    :
                                                                  :   Doc. Ref. No.
----------------------------------------------------------------- x

**ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND
RETAIN KEKST AND COMPANY INCORPORATED AS
CORPORATE COMMUNICATIONS ADVISOR PURSUANT TO
11 U.S.C. §§ 327(a) AND 328(a), *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application[2] of the above-captioned Debtors for an order authorizing the retention and employment of Kekst and Company, Incorporated ("Kekst") as corporate communications advisor for the Debtors pursuant to 11 U.S.C. §§ 327(a) and 328(a), *nunc pro tunc* to the Petition Date, and upon consideration of the Application and all pleadings related thereto, including the Siegfried Affidavit; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Application was due and proper under the circumstances; and it appearing that Kekst neither holds nor represents any interest adverse to the Debtors or their estates; and it further appearing that Kekst is a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application

"disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted to the extent set forth herein; and it is further

ORDERED that in accordance with sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to employ, compensate, and reimburse Kekst on the terms set forth in the Application, the Siegfried Affidavit, the Engagement Letter and this Order, *nunc pro tunc* to the Petition Date; and it is further

ORDERED that Kekst shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and Local Rules of this Court, and such procedures as may be fixed by order of this Court; and it is further

ORDERED that Kekst shall not be entitled to indemnification, contribution or reimbursement pursuant to the Letter Agreement for services other than those described in the Letter Agreement, unless such services and indemnification therefore are approved by the Court; and it is further

ORDERED that the Debtors shall have no obligation to indemnify Kekst, or provide contribution or reimbursement to Kekst, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Kekst's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Kekst's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co.,

315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Kekst should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and it is further

ORDERED that if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Kekst believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation the advancement of defense costs, Kekst must file an application therefore in this Court, and the Debtors may not pay any such amounts to Kekst before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Kekst for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Kekst. All parties in interest shall retain the right to object to any demand by Keskt for indemnification, contribution or reimbursement; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
      September ___, 2007

                                              Christopher S. Sontchi
                                              United States Bankruptcy Judge