## **EXHIBIT C**

<u>PROPOSED ORDER</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ----------------------------------------------------------------- x | : | |
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE | : | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| ----------------------------------------------------------------- x | | **Ref. Docket No.:** _____ |

**ORDER PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 2014 APPROVING RETENTION OF MILESTONE
ADVISORS, LLC AS INVESTMENT BANKERS AND FINANCIAL ADVISORS FOR
THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the application (the "Application")[2] of the above-captioned

debtors and debtors in possession (collectively the "Debtors"), for entry of an order pursuant to

sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014 approving the

employment of Milestone Advisors, LLC ("Milestone") as the Debtors' investment bankers and

financial advisors; and upon the Declaration of John J. Nelligan of the Debtors' Application to

employ Milestone, as the Debtors' investment bankers and financial advisors; and it appearing

that good and sufficient notice having been given and no other or further notice need be given;

and this Court finding, further, that Milestone does not hold or represent any interest adverse to

the Debtors or their estates in the matters on which Milestone is to be retained, that Milestone is

a "disinterested" person as that term is defined in section 101(14) of title 11 of the United States

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Application.

Code (the "Bankruptcy Code"), that the terms and conditions of Milestone's employment as set

forth in the Application and the Engagement Letter are reasonable and that its employment as

investment bankers to the Debtors and the terms thereof are in the best interests of the estates;

and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is granted; and it is further

ORDERED, that pursuant to section 327 and 328 of the Bankruptcy Code and

Bankruptcy Rule 2014, the Debtors are authorized to employ and retain Milestone as investment

bankers and financial advisors, effective *nunc pro tunc* to the Petition Date, pursuant to the terms

and conditions set forth in the Application and Engagement Letter as modified by this Order; and

it is further

ORDERED, that Debtors will pay Milestone as set forth in the Engagement

Letter; and it is further

ORDERED, that Milestone shall file interim and final fee applications for

allowance of its compensation and expenses with respect to its services on behalf of the Debtors

with the Court in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules and orders of the Court; provided, however, that Milestone may submit

time records in summary format which shall set forth a description of the services rendered by

each of its professionals and the amount of time spent on each date by each such individual in

rendering services on behalf of the Debtors and, therefore, the information requirements of Local

Rule 2016-2 are hereby modified and waived, to the extent necessary, with respect to Milestone.

Milestone's fees and expenses may be paid and reimbursed as provided in the Engagement Letter

only upon approval of the Court of interim and final applications; and it is further

ORDERED that notwithstanding the Application or the Engagement Letter (or

Appendix I to the Engagement Letter), the indemnification provision shall be modified as

2

follows:

(a)   Milestone shall not be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services other than those described in the Agreement, unless such services and indemnification therefore are approved by the Court;

(b)   The Debtors shall have no obligation to indemnify Milestone, or provide contribution or reimbursement to Milestone, for any claim or expense that is either:  (i) judicially determined (the determination having become final) to have arisen from Milestone's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Milestone's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Milestone should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and

(c)   If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Milestone believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation the advancement of defense costs, Milestone must file an application therefore in this Court, and the Debtors may not pay any such amounts to Milestone before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Milestone for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Milestone. All parties in interest shall retain the right to object to any demand by Milestone for indemnification, contribution or reimbursement; and it is further

ORDERED, that notwithstanding the limitation of liability provision or provisions

in the Engagement Letter or any agreements incorporated by reference therein (including,

without limitation Appendix I), the Engagement Letter shall be modified to delete such provision

or provisions from the Engagement Letter.

ORDERED, that this Court shall retain jurisdiction in matters related to the interpretation and enforcement of this Order.

Dated:   Wilmington, Delaware
         September _____, 2007

_____
Christopher S. Sontchi
United States Bankruptcy Judge

006072.1001