IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AMERICAN HOME MORTGAGE ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware Corporation,) | (Jointly Administered) |
| *et al.* ) | |
| Debtors. ) | |
| _____ ) | |

## MOTION TO SHORTEN NOTICE AND APPROVE FORM, MANNER AND SUFFICIENCY OF NOTICE WITH RESPECT TO THE EMERGENCY MOTION OF IMPAC FUNDING CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY

Impac Funding Corporation ("Impac"), by and through its undersigned counsel, respectfully moves for an order under Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Del. Bankr. LR 9006-1(e) and Sections 102 and 105 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") shortening the time period for notice of the Emergency Motion of Impac Funding Corporation for Relief from the Automatic Stay (the "Motion for Relief From Stay"). In support of this Motion, Impac respectfully represents as follows:

1.  Pursuant to the Motion for Relief From Stay, Impac seeks relief from the automatic stay to terminate a certain Interim Servicing Agreement between Impac and American Home Servicing, Inc.

2.  As set forth in the Motion for Relief from Stay, Impac is in default under the Interim Servicing Agreement. Further, at least one of these defaults is not susceptible of being cured.

3.  Under the Interim Servicing Agreement, absent default, American Home Servicing, Inc. ("American Home Servicing") may, at best, continue servicing seventeen (17) mortgage loans until September 1, 2007 and twenty two (22) mortgage loans until November 1,

DM3\555612.1

2007. Any underlying service fees are de minimis (i.e., $7.00/loan per month for a gross fee of $581 for all of the mortgage loans for the period August 1, 2007 to November 1, 2007). Likewise, the Interim Servicing Agreement would have a de minimis value, if any, in the context of the Debtors' proposed sale of its assets under 11 U.S.C. § 363.

4. The Court should hear the Motion for Relief From Stay on an expedited basis. Impac is attempting to sell certain mortgage loans which American Home Servicing, Inc. currently services. However, no buyer will purchase any of the mortgage loans so long as American Home Servicing remains the servicer.

5. Further, if the Debtors successfully pursue a proposed sale of their servicing business in September, 2007, and assign the Interim Servicing Agreement, borrowers will receive notices from American Home Servicing that servicing has been transferred to the purchaser. That servicer/purchaser will then send to the borrowers its own notices. When servicing is thereafter transferred to Impac or its designee almost immediately thereafter, this notice process will be repeated. This profusion of notices in such a short time period is likely to create confusion among borrowers as to the identity of the servicer of the Mortgage Loans.

6. Impac respectfully requests that the Court enter an Order scheduling an expedited hearing.

DM3\555612.1

WHEREFORE, Impac respectfully requests the entry of an Order scheduling the Motion for Relief From Stay for a hearing on the earliest date available and convenient to the Court and granting such other and further relief as is just and proper.

Dated: August 17, 2007
       Wilmington, Delaware

/s/ Michael R. Lastowski

Michael R. Lastowski (DE 3892)
Richard W. Riley (DE 4052)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail: mlastowski@duanemorris.com
          rwriley@duanemorris.com

*Counsel for Impac Funding Corporation*

DM3\555612.1