IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x
In re:                                                              :   Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                              :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                     :
                                                                    :   Jointly Administered
            Debtors.                                                :
                                                                    :   Objection Deadline: N/A
                                                                    :   Hearing Date: N/A
------------------------------------------------------------------- x

**MOTION PURSUANT TO DEL. L.R. 9006-1(e) FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF THE APPLICATION FOR AN ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a) APPROVING THE RETENTION AND EMPLOYMENT OF QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, *NUNC PRO TUNC*, AS SPECIAL INVESTIGATORY, LITIGATION, AND CONFLICTS COUNSEL TO THE DEBTORS**

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[1] having filed, contemporaneously herewith, the Application for an Order Pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) Approving the Retention and Employment of Quinn Emanuel Urquhart Oliver & Hedges, LLP, *Nunc Pro Tunc*, as Special Investigatory, Litigation, and Conflicts Counsel to the Debtors (the "Retention Application")[2], hereby move this Court, pursuant to Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Retention Application.

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order shortening the time for notice of the hearing to consider the Retention Application as it relates to the relief sought therein so that the matter may be heard on September 4, 2007 at 11:00 a.m. (ET).

1. The Federal Rules of Bankruptcy Procedure require eighteen (18) days notice prior to the hearing date for motions filed in chapter 11 cases involving relief of the type requested in the Retention Application. Pursuant to Local Rule 9006-1(e), however, such period may be shortened by Order of the Court upon written motion specifying the exigencies supporting shortened notice.

2. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done within a specified period of time ..., the Court for cause shown ... with or without ... notice order the period reduced. See Fed. R. Bankr. P. 9006(c)(1). Pursuant to Local Rule 9006-1(e), a period of time may only be shortened by Order of the Court upon written motion specifying the exigencies supporting shortened notice. See Del. Bankr. L.R. 9006-1(e).

3. The Debtors submit that there is sufficient cause to justify shortening the notice period for the hearing on approval of the relief requested in the Retention Application. Quinn Emanuel has significant experience in matters concerning complex bankruptcy and commercial litigation including aiding and abetting actions, avoidance actions, cash collateral and DIP financing disputes, contested confirmations, fraud claims, intercompany disputes, fiduciary and lender liability claims, and auditor accountability actions. Accordingly, Quinn Emanuel is ideally suited to deal effectively with many of the potential legal issues that have already arisen, and may arise, in the Debtors' chapter 11 cases. Indeed, since August 10, 2007,

Quinn Emanuel has been employed by and counseling the Debtors with respect to, among other things, certain disputes between the Debtors and their warehouse lenders.

4. Under the circumstances, a timely consideration of the Retention Application is appropriate. Moreover, the Debtors submit that hearing the Retention Application at the September 4, 2007 omnibus hearing will be in the best interests of the Court and all parties because this is the same hearing at which the Court will consider the retentions of the Debtors' other professionals.

5. With respect to the hearing on the Retention Application, the Debtors only seek to reduce the notice period by three (3) days. To compensate for the reduced notice period, the Debtors are requesting that the Court fix the response deadline to allow parties an additional two (2) days to respond to the Retention Application prior to the hearing. In addition, the Debtors will serve the Motion via Federal Express, other overnight delivery, or hand delivery, on (i) the United States Trustee for the District of Delaware; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004; (iv) Counsel to the Agent for the Debtors' Postpetition Lender; and (v) all parties entitled to notice under Del. Bankr. LR 2002-1(b)

6. Based on the foregoing, the Debtors submit (i) that cause exists to justify shortening the notice period for the hearing on approval of the relief requested in the Retention Application, and (ii) that notice to the parties identified in the preceding paragraph will be adequate and sufficient. Accordingly, the Debtors request that a hearing on the relief requested in the Retention Application be scheduled for September 4, 2007 at 11:00 a.m. (ET), with objections due on or before August 30, 2007 at 12:00 p.m. (ET).

WHEREFORE, the Debtors respectfully request that the Court enter the order, attached hereto, granting the relief requested herein and such other and further relief as is just and proper.

Dated: Wilmington, Delaware
August 20, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Proposed Counsel for Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                  :
                                                                 :   Jointly Administered
     Debtors.                                                    :
                                                                 :   Doc. Ref. No.
---------------------------------------------------------------- x

**ORDER SHORTENING THE TIME FOR NOTICE OF THE HEARING TO CONSIDER MOTION PURSUANT TO DEL. L.R. 9006-1(e) FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF THE APPLICATION FOR AN ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a) APPROVING THE RETENTION AND EMPLOYMENT OF QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, *NUNC PRO TUNC*, AS SPECIAL INVESTIGATORY, LITIGATION, AND CONFLICTS COUNSEL TO THE DEBTORS**

Upon consideration of the motion (the "Motion to Shorten") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order providing that the applicable notice period for the Motion Pursuant to Del. L.R. 9006-1(e) for an Order Shortening the Time for Notice of the Application for an Order Pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) Approving the Retention and Employment of Quinn Emanuel Urquhart Oliver & Hedges, LLP, *Nunc Pro Tunc*, as Special Investigatory, Litigation, and Conflicts Counsel to the Debtors (the "Retention Application"), be shortened pursuant to Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and the Court having determined that granting the relief requested by the Retention Application is in the best interest of the Debtors, their estates and creditors; and it appearing that due and adequate notice of the Retention Application has been given, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1. The Motion to Shorten is granted to the extent set forth herein.

2. Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Retention Application.

3. A hearing on the Retention Application will be held on September 4, 2007 at 11:00 a.m. (ET).

4. Any responses to the Retention Application must be filed and served upon counsel to the Debtors no later than August 30, 2007 at 12:00 p.m. (ET).

5. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
August ___, 2007

_____
Christopher S. Sontchi
United States Bankruptcy Judge