IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x
In re:                                    Chapter 11

AMERICAN HOME MORTGAGE                    Case No. 07-11047 (CSS)
HOLDINGS, INC., *et al.*,                 (Jointly Administered)

        Debtors.              Related Docket Nos. 183 & 190
                                          Hearing Date: August 24, 2007 @ 1:00 p.m.
-------------------------------------------------------x  Objection Deadline: August 21, 2007 @ 4:00 p.m.

## DE LAGE LANDEN FINANCIAL SERVICES, INC.'S RESPONSE AND LIMITED OBJECTION TO THE DEBTORS' MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105, 363, 365 AND 554 OF THE BANKRUPTCY CODE, ESTABLISHING PROCEDURES FOR THE (I) ASSUMPTION AND ASSIGNMENT OF REAL PROPERTY LEASES AND/OR OTHER EXECUTORY CONTRACTS AND (II) SALE OR ABANDONMENT OF FURNITURE, FIXTURE AND EQUIPMENT LOCATED THEREIN

TO:    HONORABLE CHRISTOPHER S. SONTCHI
        UNITED STATES BANKRUPTCY JUDGE:

De Lage Landen Financial Services, Inc. ("De Lage Landen"), by its attorneys, Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP, and Duane Morris LLP, hereby submits its limited objection and response (the "Response") to American Home Mortgage Holdings, Inc. and certain of its direct and indirect affiliates and subsidiaries', the debtors and debtors in possession in the above cases (collectively, the "Debtors") motion for an order, pursuant to Sections 105, 363, 365 and 554 of the Bankruptcy Code, authorizing and approving procedures ("Procedures") to effectuate (I) assumption and assignment of real property leases and/or other executory contracts and (II) the sale or abandonment of furniture, fixtures and equipment located therein.

    1.    On August 6, 2007 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11, title 11 of the United States Code (the

"Bankruptcy Code").

2.   On or about August 15, 2007, the Debtors filed their Motion for an order, pursuant to sections 105, 363, 365 and 554 of the Bankruptcy Code, authorizing and approving Procedures to effectuate (I) assumption and assignment of real property leases and/or other executory contracts and (II) the sale or abandonment of furniture, fixtures and equipment located therein (the "Debtors' Motion").

3.   Prior to the Petition Date, various Debtors, as lessee[1], entered into approximately two-hundred fifty (250) equipment leases (collectively, the "Leases") with De Lage Landen for the lease of various pieces of equipment, as described within the leases and which generally consists of, but not limited to, facsimile machines, photocopier machines, postal/mail machines, and computer printers (collectively, the "Leased Equipment"), and which were required by the terms of each of relevant Leases, to be located at the locations (collectively, the "Equipment Locations") designated within each of Leases. Annexed hereto as "Exhibit A," is a copy of a spreadsheet prepared by De Lage Landen, which indicates the designated Equipment Location for each piece of Leased Equipment.

4.   Although the Debtors' Motion identifies the real property locations (the "Real Property Locations") and real property leases ("Real Property Leases") for which the Debtors seek the Procedures, the Motion fails specifically to identify the equipment the Debtors may attempt under the Procedures to either sell or abandon. Additionally, the Debtors' Motion does not propose any procedures for any equipment lease rejection or assumption and/or lease cure with respect to any of the Leases. Further, the Debtors' proposed procedures fail to provide for

---

[1] American Home Mortgage Holdings, Inc.; First Home Mortgage Corp.; and M Team Financial.

DM3\556204.2

the return to De Lage Landen of any of the Leased Equipment that the Debtors may attempt to abandon at the Real Property Locations under the proposed Procedures.

5. While De Lage Landen has no objection to the Debtors' rejection of any of the Real Property Leases under the proposed Procedures, De Lage Landen files its Response for the following reasons: (a) the Debtors' Motion does not seek the Court's approval of any procedure for the rejection of any of the Equipment Leases, even though the Debtors may intend to abandon various pieces of Leased Equipment in the future; (b) the Debtors' Motion seeks approval of Procedures that allow the Debtors to abandon all personal property, including the Leased Equipment, located at the Real Property Locations; (c) without an order allowing the Debtors to reject any of the Leases, De Lage may be barred by the automatic stay from taking any action with respect to the Leased Equipment, despite the Debtor's intention to abandon such Leased Equipment; (d) the Debtors do not own the Leased Equipment and De Lage has not consented to its sale; (e) upon information and belief, the Leased Equipment has significant value and the Debtors should not be allowed merely to abandon it without first ensuring that the Leased Equipment is preserved and protected and returned to De Lage Landen or that the landlords' to the Real Property Locations provide De Lage Landen access to the Leased Equipment for repossession purposes; (f) the Debtors' abandonment of any of the Leased Equipment without first rejecting the relevant Lease, may impair De Lage Landen's ability to repossesses and exercise its rights with respect to abandoned Leased Equipment; and (g) the Debtors' failure to preserve the Leased Equipment that the Debtor may seek to abandon prior to any lease rejection may cause the Debtor's bankruptcy estates to incur needless post-petition administrative expense liability for the resulting diminishment to the value of the abandoned

3

Leased Equipment that is lost, stolen or damaged, as a result of the Debtor's abandonment.

### A. The Debtors' motion does not specify what Equipment the Debtors may attempt to sell or abandon

6. Pursuant to the terms of the Leases, the Debtors are required to maintain the Leased Equipment at the Equipment Locations identified within the Leases.

7. It is impossible to determine if the Debtor is seeking to sell or abandon any of the Leased Equipment, since the Debtors may have moved some of the Leased Equipment without De Lage Landen's prior approval or knowledge. The Debtors' Motion also does not specifically identify what equipment the Debtors are attempting to sell or abandon. In order to determine whether the Debtors are seeking authorization to attempt to sell or abandon any of the Leased Equipment, De Lage Landen must be provided with an exact listing of the equipment the Debtors are attempting to sell or abandon. This is especially important since the Debtors' Procedures Motion does not provide for any lease rejection or assumption procedures for any of the Leases that involve equipment located at Debtors' Real Property Locations.

### B. The Debtors do not have title to any of the Leased Equipment or the right to sell any of the Leased Equipment

8. The Debtors do not have the right or power to sell any of the Leased Equipment.

9. The Leased Equipment is personal property owned by De Lage Landen and is not property of the Debtors' bankruptcy estate. As stated within the Leases, De Lage Landen holds an ownership interest to and security interest in the Leased Equipment. As stated within the Leases, the Debtors do not own any of the Leased Equipment and the Debtors do not possess any title to convey to any potential buyer. *See In re R.L. Larson,* 128 B.R. 257, 262 (Bankr.D.N.D. 1990) (" . . . [equipment] leases . . . do not convey ownership interest to the

debtors, but merely a leasehold interest which is a cognizable interest under section 541 [of the Bankruptcy Code]").

10. De Lage Landen does not consent to the sale of any of the Leased Equipment, nor has it given the Debtors any authority to sell any of the Leased Equipment for or on De Lage Landen's behalf. Since De Lage Landen has not given its consent to any sale, the Debtors do not have the right to sell any of the Leased Equipment.

### C. Without first rejecting any of the Leases, pursuant to the Bankruptcy Code and with the Bankruptcy Court's required prior approval, the Debtor should not be allowed to abandon any of the Leased Equipment.

11. Debtors' Motion and Debtors' proposed Procedures do not provide for any procedures for any equipment lease rejection, cure or assumption, pursuant to Section 365 of the Bankruptcy Code.

12. Given this fact, and in light of De Lage Landen's ownership interest in the Leased Equipment, De Lage Landen is concerned that the Debtors may just abandon the Leased Equipment without making any provisions for the rejection of the Leases or the return of the abandoned Leased Equipment. If the Debtors decide to abandon any of the Leased Equipment, the Debtors should be required first to reject the Lease, and provide for the protection and return of the Leased Equipment, since mere abandonment may cause the Leased Equipment's loss, damage or theft.

13. The Debtors' Motion and proposed Procedures fail to make any provision for the return or the surrender of any abandoned leased equipment to its lessors. The Debtors' proposed Procedures are incomplete and defective, since the Procedures do not appear to require the Debtors to reject any Equipment Leases even if the Debtors intend to abandon the Leased

Equipment. To date, the Debtors have not made any motion to reject any of the Leases nor suggested within the Motion and its proposed Procedures any modification to or the lifting of the automatic bankruptcy stay, in order to permit De Lage Landen to repossess any of the Leased Equipment that the Debtors may ultimately abandon.

14. The Debtors are obligated under the Leases to protect, maintain and ensure the return of the Leased Equipment to De Lage Landen. The terms and provisions of Paragraph seven of the master lease agreement, the Debtors are required to "keep the [Leased] Equipment in good repair, condition and working order . . . ". Pursuant to Paragraph ten of the master lease agreement, the Debtor is "responsible for the risk of loss or destruction of or damage to the [Leased] Equipment. Pursuant to Paragraph nine of the master lease agreement, the Debtors are required at the end of the lease term to " . . . return the [Leased] Equipment to [De Lage Landen], freight and insurance prepaid."

15. The Debtors' abandonment of any of the Leased Equipment, prior to rejecting the relevant Lease, without ensuring the protection of the Leased Equipment and that De Lage Landen will have access to and the needed time to repossess the Leased Equipment, may cause damage, loss or destruction to the Leased Equipment. It is in the interest of the Debtors' bankruptcy estates to protect, maintain and ensure the return of the Leased Equipment to De Lage Landen, since any loss, destruction, or theft of the Leased Equipment would make the Debtors' estates liable to De Lage Landen for the payment of an administrative expense claim which might arise pursuant to 503(b) of the Bankruptcy Code. *See In re Hayes Lemmerz International, Inc.*, 340 B.R. 461, 476, (Bankr. D. Del., 2006) (Debtor was liable to lessor for payment of administrative expense for the damages caused post-petition to the leased equipment

as a result of the debtor's improper storage of the leased equipment and its failure to conduct preventive equipment maintenance, each of which were breaches of the Debtor's duty to maintain the leased equipment under the terms of the lease); *In re United Trucking Service Inc.*, 851 F.2d 159, 162 (6th Cir., 1987) (debtor was liable for administrative expense payment for damages to leased trucks due to the debtor's post-petition breach of lease provisions requiring the debtor to maintain the leased trucks.); *In re Atlantic Container Corp.*, 133 B.R. 980, 991-92 (Bankr. N.D.IL, 1991) (debtor was liable for administrative expense payment for damages to leased real property caused by debtor's breach of the lease terms requiring the debtor to maintain the leased property).

**WHEREFORE**, De Lage Landen respectfully requests that any order issued by the Court approving the Debtors' proposed Procedures additionally (i) require the Debtors to provide notice to De Lage Landen of the specific equipment the Debtors seek to sell or abandon; (ii) require the Debtors to account for the Leased Equipment that the Debtors seek to abandon and return the abandoned Leased Equipment to De Lage Landen; (iii) protect the Leased Equipment that may be located on the Real Property; (iv) provide De Lage Landen access to the abandoned

7

Leased Equipment for the purposes of protecting and repossessing the Leased Equipment; (v) modify the automatic bankruptcy stay to permit the foregoing; and (vi) grant such other relief as is just and proper.

Dated: August 21, 2007
       Wilmington, DE

**DUANE MORRIS LLP**

/s/ Michael R. Lastowski

Michael R. Lastowski (DE 3892)
Frederick B. Rosner (DE 3995)
Richard W. Riley (DE 4052)
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: 302.657.4900

- and -

**PLATZER, SWERGOLD, KARLIN, LEVINE GOLDBERG & JASLOW, LLP**
Scott K. Levine, Esq.
Evan Salan, Esq.
Teresa Sadutto, Esq.
1065 Avenue of the Americas, 18th Floor
New York, New York 10018

*Counsel for De Lage Landen Financial Services, Inc.*