IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | *  |
| | * Case No. 07-11047-CSS |
| **AMERICAN HOME MORTGAGE** | * Chapter 11 |
| **HOLDINGS, INC.,** *et al,* | * Jointly Administered |
| | * |
| Debtors. | * **Hearing Date: August 24, 2007 @ 1:00 p.m.** |
| | * **Objection Deadline: August 21, 2007 @ 4:00 p.m.** |
| _____x | |

**LIMITED OBJECTION OF BP KINGSTOWNE OFFICE BUILDING K LP
AND THE TRUSTEES OF MALL ROAD TRUST, TO DEBTORS' MOTION FOR AN
ORDER, PURSUANT TO SECTIONS 105, 363, 365, AND 554 OF THE BANKRUPTCY
CODE, ESTABLISHING PROCEDURES FOR THE (I) ASSUMPTION AND
ASSIGNMENT OF REAL PROPERTY LEASES AND/OR OTHER EXECUTORY
CONTRACTS AND (II) SALE OR ABANDONMENT OF FURNITURE, FIXTURES
AND EQUIPMENT LOCATED THEREIN [Docket No. 183]**

BP Kingstowne Office Building K LP ("BP Kingstowne") and the Trustees of Mall Road Trust[1] (the "Trustees" and, together with BP Kingstowne, the "Landlords"), through the undersigned counsel, in response to the Debtors' Motion for an Order, Pursuant to Sections 105, 363, 365, and 554 of the Bankruptcy Code, Establishing Procedures for the (I) Assumption And Assignment of Real Property Leases and/or Other Executory Contracts and (II) Sale or Abandonment of Furniture, Fixtures and Equipment Located Therein [Docket No. 183] (the "Motion to Approve Procedures for Assumption and Assignment of Certain Leases"), respectfully state as follows:

---

[1] Mortimer B. Zuckerman and Edward H. Linde, Trustees of Mall Road Trust under Declaration of Trust dated October 11, 1983, recorded with the Middlesex South District Registry of Deeds in Book 15270, Page 558 as amended by instrument dated October 30, 1997 and recorded with said Registry in Book 27863, Page 351, but not individually.

WASH1\4914612.3 8/21/07                    1

## Introductory Statement

The Landlords are lessors with respect to two leases for non-residential real property in which American Home Mortgage Corp. is the lessee, as described below. The Landlords object to the relief requested in the Motion to Approve Procedures for Assumption and Assignment of Certain Leases only to the extent that it eliminates, limits, or otherwise compromises the Landlords' rights with respect to the underlying leases, including but not limited to the Landlords' rights under Sections 365, 502, and 503 of the Bankruptcy Code.

## Factual Background and Discussion

1.  Pursuant to an Office Lease (the "Kingstowne Lease") dated July 18, 2006 between Kingstowne Office K LP (the "Original Lessor"), as landlord, and American Home Mortgage Corp. (the "Debtor"), as tenant, the Debtor leased certain non-residential real property on the first floor of a building with an address of 5911 Kingstowne Village Parkway in Kingstowne, Virginia (the "Kingstowne Premises") from the Original Lessor. BP Kingstowne is the current landlord under the Kingstowne Lease.

2.  Pursuant to a Lease dated March 1, 2005 (the "Burlington Lease") between the Trustees, as landlord, and the Debtor, as tenant, the Debtor leased certain non-residential real property located at 20 Mall Road, Burlington, Massachusetts (the "Burlington Premises") from the Trustees. Together, the Kingstowne Lease and the Burlington Lease are referred to herein as the "Leases." There is a sublease dated August 8, 2006 under which the Debtor subleased certain rights under the Burlington Lease to Airwide Solutions, Inc.

3.  On or about August 6, 2007, the Debtor and certain of its direct and indirect affiliates and subsidiaries (together, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

4. On or about August 15, 2007, the Debtors filed the Motion in which they seek "an order ... authorizing the implementation of expedited procedures to effectuate the assumption and assignment of real property leases and other executory contracts ... and sale or abandonment of the furniture, fixtures and equipment located therein ..." (Motion, ¶ 2). Among other things, the Motion details a series of proposed Sale Procedures (see ¶ 20) and requests approval of forms of the following: (i) Proposed Sale Notice; (ii) Purchase Agreement and Bill of Sale; (iii) an Assumption and Assignment Agreement; and (iv) a Proposed Order.

5. On or about August 16, 2007, the Debtors filed a Corrected Exhibit A to Motion (Docket No. 190)("Exhibit A") identifying various leases that are subject to the Motion. The Leases are included on Exhibit A.[2]

6. As a general matter, the Landlords do not object to the implementation of expedited procedures to facilitate the assumption and assignment of leases for non-residential real property. However, the Landlords submit that any order approving such expedited procedures should not modify the Landlords' statutory rights, including but not limited to their rights under Sections 363, 502 and/or 503 of the Bankruptcy Code.

7. The Landlords also have several specific concerns about the relief requested. The request for authority to abandon furniture, fixtures and equipment ("FF&E") pursuant to Section 554 of the Bankruptcy Code does not address the costs associated with the disposition of such items in the event they are abandoned. The Debtors acknowledge that "payment of transportation and storage fees" could exceed the value of the items that they seek to abandon. (Motion, ¶ 27). If the Debtors are authorized to simply abandon the FF&E, the Landlords could be placed in a situation

---

[2] The exhibit does not appear to address the issue of any sublease with respect to the Burlington Lease.

where they are burdened with the cost of either storing or disposing of the abandoned items. Dealing with these issues would be further complicated in the event that another party (such as an equipment lessor) asserts an interest in the FF&E. For these reasons, the Landlords submit that any order authorizing the abandonment of FF&E by the Debtors should require that the Debtors remove the abandoned items from the subject premises.

8. Further, the Motion does not contain any statements about whether the Debtors will satisfy their obligations under the Leases, such as the obligations under 11 U.S.C. § 365(d)(2), during the interim period in which it is seeking to sell its interest in the Leases. Any Order approving the Motion should clarify that the Debtors are required to continue to comply with this section.

9. Finally, in Paragraph 24 of the Motion, the Debtors

> Request that payment of any Cure Amounts [as defined in the Motion], as agreed-to by the Debtors and the landlord of the Office Lease(s) or approved by the Court, be deemed to compensate the appropriate party for all losses, if any, under the Office Lease(s). Consequently, the *Debtors request that, upon payment, the landlord be barred from asserting any additional cure or other amounts with respect to its Office Lease.*

Motion, ¶ 24 (emphasis added). The Landlords object to this request. The Landlords' rights to assert claims in this proceeding, including but not limited to any claims under Sections 365 and/or 503 of the Bankruptcy Code, should be governed by the overall orders establishing deadlines to file claims.

10. The Landlords reserve the right to supplement and/or amend this response. The Landlords further reserve all rights in the event that the Debtors provide a notice of rejection of the Leases.

## Conclusion

Wherefore, BP Kingstowne Office Building K LP and the Trustee of the Mall Road Trust hereby object to the Motion to the extent that it seeks relief inconsistent with this Response and Limited Objection.

                                    **FLASTER/GREENBERG P.C.**

Dated: August 21, 2007

William J. Burnett, Esquire (ID No 4078)
913 Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 351-1910
Facsimile: (302) 351-1919

*-and-*

J. David Folds, Esquire (VA Bar No. 44068)
DLA Piper US LLP
1200 Nineteenth Street, N.W.
Washington, DC 20036-2412
Telephone: (202) 861-6478
Facsimile: (202) 689-7534

Attorneys for BP Kingstowne Office Building K LP and the Trustees of the Mall Road Trust