UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., *et al.*, | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | Related to Docket No. 137 |

## LIMITED OBJECTION TO EMERGENCY MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN REAL PROPERTY LEASES AND THE SALE OF FURNITURE, FIXTURES AND EQUIPMENT LOCATED THEREIN

Waldner's Business Environments Inc. ("Waldner's"), by its co-attorneys Ruskin Moscou Faltischek, P.C. and Saul Ewing LLP, as and for its limited objection (the "Limited Objection") to the Emergency Motion of the Debtors for an Order Authorizing the Assumption and Assignment ("Assignment") of Certain Real Property Leases ("Leases") and the Sale of Furniture, Fixtures and Equipment Located Therein (the "Emergency Motion"), respectfully alleges and shows this Court as follows:

1.  Within the forty-five (45) days prior to August 6, 2007 (the "Petition Date"), the date the above-captioned Debtor and certain of its affiliates (collectively, the "Debtor") filed for Chapter 11 protection, Waldner's sold and delivered to the Debtor approximately $348,000 worth of certain goods consisting mostly of furniture, as more specifically set forth in the invoices attached to this Motion as Exhibit "A" (the "Reclaimed Goods"). The Reclaimed Goods were sold: a) to the Debtor at its special instance and request; b) in the ordinary course of both the Debtor's and Waldner's businesses; c) to the Debtor on credit; and d) while the Debtor was insolvent.

2. The forty-five (45) day period set forth in 11 U.S.C. § 546(c)(1)(A) expired subsequent to the Petition Date. Therefore not later than twenty (20) days after the Petition Date, on August 10, 2007, Waldner's made demand in writing (the "Reclamation Demand Letter") upon the Debtor for the return or reclamation of the Reclaimed Goods pursuant to 11 U.S.C. § 546(c)(1)(B). A copy of the Reclamation Demand Letter is attached hereto as **Exhibit "A."**

3. The Reclamation Demand Letter sought to reclaim the Reclaimed Goods and gave the Debtor until August 16, 2007 to honor this request. The Debtor has failed and refused to return the Reclaimed Goods to Waldner's by this time and moreover has failed to respond in any way to the Reclamation Demand Letter.

4. By letter dated August 15, 2007, Waldner's counsel requested that the Debtor's counsel inform him whether the Debtor sought to sell any of the Reclaimed Goods pursuant to the Emergency Motion. A copy of this letter is annexed hereto as **Exhibit "B."** To date, no response to this letter has been received.

5. The form of Letter Agreement between the Debtor and IndyMac Bank, F.S.B. annexed to the Emergency Motion includes in its definition of the Office Assets to be sold to the Purchaser "furniture, fixtures and equipment contained" at the property located at the premises covered by the Leases. However, the Emergency Motion, Letter Agreement, and all other papers related to the Sale do not identify the "furniture, fixtures and equipment" to be included. It is therefore impossible to determine whether the Reclaimed Goods are to be sold as part of the Sale.

6. The Assignment and Sale documents also fail to allocate what amount of the purchase price is attributable to the furniture and fixtures generally and the Reclaimed Goods specifically. Thus, even if the Court were inclined to approve the Assignment and Sale, a

hearing would need to be held to determine the value of the Reclaimed Goods which are included in the Assignment and Sale in order to adequately protect Waldner's interests under 11 U.S.C. § 363(e) by segregating that amount for a later determination as to whether Waldner's is entitled to the proceeds.

7.   Since the Debtor has failed and refused to return the Reclaimed Goods to Waldner's pursuant to the Reclamation Demand Letter or inform Waldner's as to whether the Debtor seeks to sell the Reclaimed Goods as a part of the Sale, Waldner's has no choice but to interpose this limited objection in order to preserve its reclamation rights to the Reclaimed Goods.[1] (*See e.g. In re Waccamaw's Home Place, et al.*, 298 B.R. 233 (Bankr. D. Del. 2003), stating reclamation is not a self executing remedy and a reclaiming seller's right to repossess is limited to the goods still in the buyer's possession); *Action Industries, Inc. v. Dixie Enterprises, Inc. (In re Dixie Enterprises, Inc.)*, 22 B.R. 855 (Bankr. Ohio 1982), stating a right to reclamation must be implemented by immediate possession; and *Oliver Rubber Company v. Griffin Retreading Co., Inc.*, 56 B.R. 239 (Bankr. D. Minn. 1985), *aff'd.* 795 F.2d 676 (8th Cir. 1986) stating the remedy of reclamation is meaningless where a buyer (the debtor) no longer possesses the reclaimed goods because the reclaiming seller has failed to press its claim more promptly).

**WHEREFORE**, it is respectfully requested that this Court: (1): (a) order that the Debtor be prohibited from selling the Reclaimed Goods and proceeding with the Assignment until Waldner's right to reclamation is determined; or (b) schedule a hearing(s) to determine the value of the Reclaimed Goods which are included in the Assignment and Sale and order such value to be segregated until a later determination may be made as to whether Waldner's is entitled to the

---

[1]   Waldner's is in the process of commencing an adversary proceeding against the Debtor for the Reclaimed Goods. A copy of the draft Complaint commencing this proceeding is annexed hereto as **Exhibit "C."**

proper and reasonable value of the Reclaimed Goods; and (2) order any other different and further relief that this Court deems appropriate.

                              /s/ Patrick J. Reilley
                              Patrick J. Reilley (No. 4451)
                              **SAUL EWING LLP**
                              222 Delaware Avenue, Suite 1200
                              P.O. Box 1266
                              Wilmington, DE  19899
                              (302) 421-6885

                              -and-

                              Harold S. Berzow
                              Matthew V. Spero
                              **RUSKIN MOSCOU FALTISCHEK, P.C.**
                              1425 RexCorp Plaza
                              East Tower, 15th Floor
                              Uniondale, MNY 11556-1425
                              (516) 663-6600

                              Co-Attorneys for Waldner's Business
                              Environments, Inc.

Dated: August 21, 2007