IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                                        :    Chapter 11
                                                              :
AMERICAN HOME MORTGAGE                                        :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,               :
                                                              :    Jointly Administered
          Debtors.                                            :
                                                              :    Ref. Docket No. 203
------------------------------------------------------------- x

**ORDER (I) AUTHORIZING DEBTORS TO ENTER INTO AND PERFORM UNDER AUCTION PROCEDURES AGREEMENT; (II) APPROVING SALE PROCEDURES IN CONNECTION WITH THE SALE OF CERTAIN ASSETS OF NON-DEBTORS BROADHOLLOW FUNDING, LLC AND MELVILLE FUNDING, LLC; (III) APPROVING THE FORM OF NOTICE OF AUCTION; AND (IV) APPROVING THE SALE TO THE SUCCESSFUL BIDDER**

Upon the consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above-captioned cases (collectively, "AHM" or the "Debtors"),[2] pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), for entry of the "Sale Procedures Order": (i) authorizing the Debtors to enter into and perform under that certain Agreement, dated August 16, 2007 (the "Auction Procedures Agreement"), by and between Broadhollow Funding, LLC, ("Broadhollow"), a non-Debtor affiliate of the Debtors, Melville Funding, LLC ("Melville"), a

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

non-Debtor affiliate of the Debtors, AHM Corp., AHM Investment, AHM Servicing and the swap providers listed on Schedules IA and IB thereto (collectively, the "Swap Providers"); (ii) approving procedures (the "Sale Procedures") with respect to the proposed sale (the "Sale") of certain mortgage loans (each, a "Mortgage Loan" and collectively, (the "Assets") owned by Broadhollow and Melville; (iii) approving the form and manner of notice of an auction for the relevant assets (the "Auction"); (iv) approving the Sale to the Successful Bidder; and (v) granting such other related relief as the Court deems just and proper; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion held on August 22, 2007, and the full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.  This Court has jurisdiction over the Motion and the relief sought therein. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.  Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

D.  The Debtors' proposed notice of the Sale Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction and the Sale, and the Sale Procedures to be employed in connection therewith.

E.  The entry of this Order is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest.

F.  The Sale Procedures are reasonably designed to maximize the value to be achieved for the Assets and to minimize the Swap Providers' claims against the Debtors' estates.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted to the extent set forth herein.

2. The Debtors are hereby authorized to enter into and perform under the Auction Procedures Agreement in substantially the form attached hereto as **Exhibit 1**.

3. Except as otherwise expressly provided in this Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

4. The Sale Procedures, in substantially the form attached hereto as **Exhibit 2**, are hereby incorporated herein and approved, and shall apply with respect to the Sale.

5. The Servicers are hereby authorized to conduct the Auction for each pool of the Assets in accordance with the Sale Procedures. The Debtors shall consult with the Creditors' Committee throughout the Auction, including, but, not limited to, the Debtors' selection of the highest Qualified Bid for the Assets. In the event (i) the Debtors do not select the Successful Bid and the Second Best Bid from the highest two Qualified Bids for each pool of the Assets at the Auction and (ii) the Creditors' Committee objects to the Debtors' selection of the Successful Bid or the Second Best Bid accepted by the Debtors at the Auction, the parties

may immediately notify the Court and request an emergency telephonic hearing to be held on September 11, 2007.

6. The notice to be issued and published in connection with the proposed Sale, substantially in the form annexed hereto as **Exhibit 3**, is approved.

7. Not later than two business days after the entry of an Order granting the relief requested herein, the Debtors will serve copies of the Notice of Auction, substantially in the form attached hereto as **Exhibit 3**, the Sale Procedures, and this Sale Procedures Order granting the relief requested herein (a) by mail, postage prepaid to: (i) counsel to the Swap Providers; (ii) all entities known to have a *bona fide* interest in acquiring the Assets; (iii) counsel to Deutsche Bank Trust Company Americas, as Indenture Trustee (the "Indenture Trustee"), under the Base Indentures, dated May 27, 2004; (iv) counsel to the DIP Lender; (v) counsel to the Official Committee of Unsecured Creditors; and (vi) the Office of the United States Trustee for the District of Delaware; and (b) by first-class mail, postage prepaid, to all parties that have requested notice pursuant to Bankruptcy Rule 2002 as of the date prior to the date of entry of the Order granting the relief requested herein.

8. Not later than five business days after entry of this Order, the Debtors will publish the Notice of Auction, substantially in the form attached hereto the Motion as **Exhibit 3** in the national edition of *The Wall Street Journal*. Additionally, the Debtors will cause the Notice of Auction to be posted on the Bloomberg newswire service.

9. Pursuant to this Sale Procedures Order and sections 105(a) and 363(b) of the Bankruptcy Code, the Servicers are authorized to take any necessary action to effectuate the Sale of the Assets pursuant to the Sale Procedures. Broadhollow and Melville shall transfer the

Assets to the Successful Bidder (as defined in the Sale Procedures) upon and as of the closing date and such transfer shall constitute a legal, valid, binding and effective transfer of such Assets.

10. Upon the closing of the Sale, the Servicers' rights and obligations to service the Mortgage Loans shall terminate and the Successful Bidder (as defined in the Sales Procedures) shall have the right to designate a new servicer; provided, however, that the Servicer shall provide interim servicing for the Mortgage Loans following the closing of the Sale until the Mortgage Loans can be transferred to a replacement servicer and the Servicer shall be entitled to receive customary fees for such servicing.

11. To the extent the provisions of the Sales Procedures and the Auction Procedures Agreement conflict with the MLPSAs and the Facility Documents (as defined in the Broadhollow MLPSA), the Sales Procedures and the Auction Procedures Agreement supersede and amend the MLPSAs and the Facility Documents (as defined in the Broadhollow MLPSA).

12. The fifteen day period by which Deutsche Bank Trust Company Americas ("DBTCA"), as the Collateral Agent under that certain Security Agreement, dated as of May 27, 2004, among Broadhollow and DBTCA, as Indenture Trustee and Collateral Agent (the "Broadhollow Security Agreement"), and (b) that certain Security Agreement, dated as of May 27, 2004, among Melville and DBTCA, as Indenture Trustee and Collateral Agent (the "Melville Security Agreement", and together with the Broadhollow Security Agreement, the "Security Agreements"), is required to sell non-delinquent and non-defaulted loans under the MLPSAs is hereby eliminated.

13. DBTCA shall be released from, and shall have no liability for, any and all liabilities and claims arising out of (i) an auction of the Assets later than the thirtieth (30th) day after the occurrence of a Termination Event and in accordance with the Auction Procedures

Agreement and Sales Procedures; (ii) an auction of the Assets other than non-Delinquent Loans and non-Defaulted Mortgage Loans in accordance with the Auction Procedures Agreement and Sales Procedures; (iii) not conducting a Termination Event Auction on or after the thirtieth (30th) day after the occurrence of a Termination Event and to have settlement with respect to any sale made pursuant to a Termination Event Auction not later than the forty-fifth (45th) day following a Termination Event; and (iv) modifications to the MLPSAs by this Order that would alter, relieve, or otherwise modify DBTCA's obligations under that certain Broadhollow Base Indenture, dated May 27, 2004 and that certain Melville Base Indenture, dated May 27, 2004 (collectively, the "Indentures") or the Security Agreements, solely as such obligations relate to items (i), (ii), and (iii) above.

14. This Order shall be binding on all parties to, and beneficiaries of, the MLPSAs and of the Facility Documents (as defined in the Broadhollow MLPSA).

15. DBTCA, as Indenture Trustee under the Indentures, shall not be obligated in any capacity to evaluate any bids received for the Assets or conduct the Auction.

16. Except as otherwise provided herein and to the extent not inconsistent with the provisions hereof, this Order shall not affect (x) any rights of DBTCA or relieve DBTCA of any of its obligations or duties, in each case, in any capacity, or (y) any rights of the holders of the senior notes and subordinated notes issued by Broadhollow and Melville for which DBTCA acts as Indenture Trustee or Depositary, under any operative documents to participate in or monitor the sale of the Assets by the Servicer.

17. If and to the extent the expenses of the successful bidder or the stalking horse bidder are paid, the Servicer's reimbursement of the expenses of the successful bidder and

of the stalking horse bidder shall not be paid from the assets of Broadhollow or Melville, including from the proceeds of the sale of the Assets.

18. Pursuant to Bankruptcy Rules 7062, 9014, 6004(h) and 6006(d), this Sale Procedures Order shall be effective immediately upon entry.

19. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Sale Procedures Order.

Dated: August 22, 2007
Wilmington, Delaware

*(signature)*
Christopher S. Sontchi
United States Bankruptcy Judge