UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., *et al.*, | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| ------------------------------------------------------X | | |
| WALDNER'S BUSINESS ENVIRONMENTS | ) | |
| INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| - against - | ) | Adv. Pro. No. 07- |
| | ) | |
| AMERICAN HOME MORTGAGE CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| ------------------------------------------------------X | | |

**COMPLAINT FOR RECLAMATION OF GOODS
AND/OR IMMEDIATE PAYMENT OF
<u>ADMINISTRATIVE EXPENSE CLAIM</u>**

Plaintiff, WALDNER'S BUSINESS ENVIRONMENTS INC. (the "Plaintiff"), by its undersigned counsel, commences this adversary proceeding against AMERICAN HOME MORTGAGE CORP. ("Defendant" or the "Debtor"), and alleges as follows:

<u>JURISDICTION AND VENUE</u>

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and Fed. R. Bankr. Rule 1002 *et. seq.*

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This adversary proceeding arises out of and under, or relates to, the above-captioned bankruptcy case.

## PARTIES

5. The Plaintiff is a corporation organized and existing under the laws of the State of New York with an office for the transaction of business at 125 Route 110, Farmingdale, New York 11735.

6. Upon information and belief, Defendant is corporation organized and existing under the laws of the State of New York with an office for the transaction of business at 538 Broadhollow Road, Melville, New York 11747.

## CLAIM FOR RELIEF

7. On August 6, 2007 (the "Petition Date"), the Debtor and certain affiliates filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

8. The Debtor continues in the management and operation of its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

9. Within the 45 days prior to the Petition Date, Plaintiff, at the special instance and request of the Defendant and in the ordinary course of both the Plaintiff's and Defendant's business, sold and delivered to Defendant certain goods consisting for the most part of furniture (the "Reclaimed Goods"), more particularly described in the invoices annexed hereto as **Exhibit "A"** and incorporated herein by reference, for which Defendant agreed to pay the aggregate sum of $348,061.05.

10. The Reclaimed Goods were received by the Defendant on credit and upon information and belief while the Defendant was insolvent.

11. The 45-day period set forth in 11 U.S.C. § 546(c)(1)(A) (the "45 Day Period") expired subsequent to the Petition Date. Therefore, not later than twenty days after the Petition Date, on August 10, 2007, Plaintiff made demand in writing upon Defendant (the "Reclamation Demand") for the return or reclamation of the Reclaimed Goods pursuant to 11 U.S.C. § 546(c)(1)(B). A copy of the Reclamation Demand is attached hereto as **Exhibit "B"** and incorporated herein by reference.

12. Through its demand upon the Defendant, Plaintiff sought to reclaim goods received by the Defendant since June 22, 2007.

13. Despite the Reclamation Demand, Defendant has failed and refused and has not returned the Reclaimed Goods to Plaintiff.

14. By reason of the foregoing, Plaintiff is entitled to reclaim and recover immediate possession of the Reclaimed Goods pursuant to the provisions of § 2-702(2) of the New York Uniform Commercial Code and § 546(c)(1) of the Bankruptcy Code.

15. Alternatively, the Plaintiff is entitled to have the amount of the reclamation for the Reclaimed Goods to the extent any portion thereof were received by the Defendant within twenty (20) days of the Petition Date treated as an Administrative Expense Priority Claim under § 503(b)(9) of the Bankruptcy Code and immediately paid as such.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant it the following relief:

A. That Defendant be directed to immediately return and deliver to Plaintiff the property described in Exhibit "A" attached hereto; or, alternatively;

B. That Plaintiff be granted an Administrative Expense Priority Claim pursuant to 11 U.S.C. § 503(b)(9) for the stated value of the Reclaimed Goods received within twenty (20) days

of the Petition Date and have such Administrative Expense Priority Claim immediately paid as such; and

    C.    Such other and further relief as the Court deems proper.

*/s/ Patrick J. Reilley*
Patrick J. Reilley (No. 4451)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6885
(302) 421-5887 (Fax)

-and-

Harold S. Berzow (HB-8261)
**RUSKIN MOSCOU & FALTISCHEK, P.C.**
East Tower, 15th Floor
1425 RexCorp Plaza
Uniondale, NY 11556
(516) 663-6596
(516) 663-6796 (FAX)

Attorneys for Waldner's Business Environments Inc.

Dated: August 22, 2007