IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                          : Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,          : Case No. 07-11047(CSS)
a Delaware corporation, et al.,                 :
                                                : Jointly Administered
        Debtors.                                :
                                                : **Doc. Ref. Nos. 183 & 190**
---------------------------------------------------------------x

**LIMITED OBJECTION OF STWB, INC. TO DEBTORS' MOTION
FOR AN ORDER, PURSUANT TO SECTIONS 105, 363, 365, AND 554 OF
THE BANKRUPTCY CODE, ESTABLISHING PROCEDURES FOR THE
(I) ASSUMPTION AND ASSIGNMENT OF REAL PROPERTY LEASES
AND/OR OTHER EXECUTORY CONTRACTS AND (II) SALE
OR ABANDONMENT OF FURNITURE, FIXTURES AND EQUIPMENT
LOCATED THEREIN [Docket No. 183, As Modified By Docket No. 190]**

STWB, Inc. ("**Landlord**"), through the undersigned counsel, in response to **(A)** Debtor's Motion for an Order, Pursuant to Sections 105, 363, 365 and 554 of the Bankruptcy Code, Establishing Procedures for the (I) Assumption and Assignment of Real Property Leases and/or Other Executory Contracts and (II) Sale or Abandonment of Furniture, Fixtures and Equipment Located Therein [Docket No. 183] (the "**Initial Motion**") and **(B)** Notice of Filing of Corrected Exhibit A to Motion for an Order, Pursuant to Sections 105, 363, 365 and 554 of the Bankruptcy Code, Establishing Procedures for the (I) Assumption and Assignment of Real Property Leases and/or Other Executory Contracts and (II) Sale or Abandonment of Furniture, Fixtures and Equipment Located Therein (the "**Notice of Filing of Corrected Exhibit A**") (collectively, the "**Motion to Approve Procedures for Assumption and Assignment of Certain Leases**"), respectfully states as follows:

1

Introductory Statement

Landlord subleases to American Home Mortgage Corp. ("Debtor") certain office space pursuant to the sublease described below.

Landlord objects to the relief requested in the Motion to Approve Procedures for Assumption and Assignment of Certain Leases only to the extent that it eliminates, modifies, limits or otherwise compromises Landlord's rights with respect to the Sublease, including but not limited to Landlord's rights under Sections 365, 502, and 503 of the Bankruptcy Code.

Factual Background

1. Landlord subleases to Debtor the 25th floor of 90 Park Avenue, New York, New York pursuant to Sublease, dated August 25, 2006, between Landlord and Debtor (the **"Subleased Premises"** and the **"Sublease,"** respectively). The Sublease is guaranteed by American Home Mortgage Investment Corp.

2. On or about August 6, 2007, Debtor and certain of its affiliates and subsidiaries (collectively, the **"Debtors"**) filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

3. On or about August 15, 2007, Debtors filed the Initial Motion seeking "an order … authorizing the implementation of expedited procedures to effectuate the assumption and assignment of real property leases and other executory contracts … and sale or abandonment of furniture, fixtures and equipment located therein … (collectively, the "Office Leases," attached hereto as Exhibit A)" (Initial Motion, ¶2). The Subleased Premises were not included in the list of offices identified in the Initial Motion. On or

2

about August 16, 2007, Debtors filed the Notice of Filing of Corrected Exhibit A. The Subleased Premises were included in the corrected list of offices covered by the motion.

4. As a general matter, Landlord does not object to the implementation of expedited procedures to facilitate the assumption and assignment of leases. However, any order approving such expedited procedures should not limit, eliminate, compromise, or modify Landlord's statutory rights, including but not limited to its rights under Sections 363, 502 and/or 503 of Bankruptcy Code. Accordingly, to the extent the Motion to Approve Procedures for Assumption and Assignment of Certain Leases and the Exhibits may purport to eliminate, modify, compromise, or limit any of Landlord's rights under such sections of the Bankruptcy Code, Landlord objects.

5. Without limiting the foregoing, Landlord has a number of specific concerns. The standard form of Assumption and Assignment Agreement and Purchase Agreement and Bill of Sale (collectively, the "**Sale Agreement**") annexed to the Initial Motion as Exhibit B, provides merely that the assignee shall assume all outstanding liabilities with respect to the leases (¶3 of the Sale Agreement) and does not provide for the Landlord's right to a prompt cure of any defaults at the time of assumption, compensation for any pecuniary loss suffered by the Landlord, and adequate assurance of future performance under the lease, all as required under 11 U.S.C. § 365(b)(1)(A)-(C).

6. Further, the Debtors' request to abandon furniture, fixtures and equipment ("FFE") does not address the costs associated with the disposition of such items if they are abandoned, potentially leaving Landlord burdened with the cost of storing or disposing of the abandoned items.

7. In addition, the Motion to Approve Procedures for Assumption and Assignment of Certain Leases does not indicate that the Debtors will satisfy their obligations under the Sublease during the period preceding rejection or assumption of the Sublease, as required by 11 U.S.C. § 365(d)(2).

8. Finally, in Paragraph 24 of the Initial Motion, Debtors request that:

> "payment of any Cure Amounts, as agreed-to by the Debtors and the landlord to the Office Lease(s) or approved by the Court, be deemed to compensate the appropriate party for all losses, if any, under the Office Lease(s). Consequently, the Debtors request that, upon payment, the landlord be barred from asserting any additional cure or other amounts with respect to its Office Lease."

Landlord's right to assert claims in this proceeding, including but not limited to any claims under Sections 365, 502, and/or 503 of the Bankruptcy Code, should be governed by overall orders establishing deadlines to file claims.

9. Landlord reserves the right to supplement and/or amend this response. Landlord further reserves all rights if Debtors reject the Sublease.

## Conclusion

For the above reasons, STWB, Inc. objects to the Motion to Approve Procedures for Assumption and Assignment of Certain Leases.

Dated August 22, 2007

                              **DUANE MORRIS LLP**

                              /s/ Michael R. Lastowski
                              Michael R. Lastowski (DE 3892)
                              Frederick B. Rosner (DE 3995)
                              1100 North Market Street, Suite 1200
                              Wilmington, DE 19801
                              (302) 657-4900

                              -and-

                              SCHOEMAN, UPDIKE & KAUFMAN, LLP
                              Nancy Connery
                              60 East 42nd Street
                              New York, NY 10165
                              (212) 661-5030

                              *Counsel to STWB, Inc.*