# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE | : Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, <u>et al.</u>, | : |
| | : Jointly Administered |
| | : |
| | : **Objection Deadline: N/A** |
| | : **Hearing Date: N/A** |
| Debtors. | : |

-------------------------------------------------------------x

**MOTION PURSUANT TO DEL. L.R. 9006-1(E) FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF THE MOTION OF THE DEBTORS FOR ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE (I) CONFIRMING THE DEBTORS' AUTHORITY (a) TO SELL CERTAIN REAL ESTATE OWNED BY THE DEBTORS IN THE ORDINARY COURSE FREE AND CLEAR OF ANY AND ALL LIENS AND ENCUMBRANCES, (b) TO CONTINUE FUNDING SERVICING ADVANCES AND DEDUCTING SUCH SERVICING ADVANCES FROM THE PROCEEDS OF THE SALE, (c) TO DISTRIBUTE PROCEEDS OF THE SALE, AND (II) GRANTING RELATED RELIEF**

American Home Mortgage Holdings, Inc.  ("<u>AHM Holdings</u>"), a Delaware

corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and

debtors-in-possession in the above cases (collectively, "<u>AHM</u>" or the "<u>Debtors</u>"),[1] hereby move

(the "<u>Motion to Shorten</u>") this Court, pursuant to Rules 9006 and 2002 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 9006-1(e) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("<u>AHM Investment</u>"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc.  ("<u>AHM Acceptance</u>"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc.  ("<u>AHM Servicing</u>"), a Maryland corporation (7267); American Home Mortgage Corp.  ("<u>AHM Corp.</u>"), a New York corporation (1558); American Home Mortgage Ventures LLC ("<u>AHM Ventures</u>"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc.  ("<u>Homegate</u>"), a New York corporation (7491); and Great Oak Abstract Corp. ("<u>Great Oak</u>"), a New York corporation (8580).   The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Delaware (the "Local Rules") and section 102 of title 11 of the United States Code, 11 U.S.C. §§

101-1330 (the "Bankruptcy Code") for entry of an order (i) confirming the Debtors' authority (a)

to sell certain real estate owned by the Debtors in the ordinary course free and clear of any and

all liens and encumbrances, (b) to continue funding servicing advances and deducting such

servicing advances from the proceeds of the sales, (c) to distribute the proceeds of the sale

proceeds, and (ii) granting related relief (the "Motion") so that the matter may be heard on

August 24, 2007 at 1:00 p.m. (ET).

1.      Bankruptcy Rule 9006(c)(1) provides that "when an act is required or

allowed to be done within a specified period of time …, the Court for cause shown … with or

without .. notice order the period reduced. See Fed. R. Bankr. P. 9006(c)(1).  Pursuant to Local

Rule 9006-1(e), a period of time may only be shortened by Order of the Court upon written

motion specifying the exigencies supporting shortened notice.  See Del. Bankr. L.R. 9006-1(e).

2.      The Debtor submits that there is sufficient cause to justify shortening the

notice period for the hearing on approval of the relief requested in the Motion.  The next

omnibus hearing is scheduled for August 24, 2007 at 1:00 p.m.  The Debtors and hundreds of

homebuyers are unnecessarily facing an inability to close sales of real estate owned by the

Debtors (collectively "REO") because of title insurance companies and escrow agents refusing to

close, absent an order of the Court authorizing the sale of the REO.  These unwarranted actions

by insurance companies and escrow agents unfamiliar with bankruptcy law are significantly

impairing the Debtors' ability to conduct business operations and creating additional unnecessary

administrative expenses.  Further, it is impeding homebuyers' ability to close on the purchase of

their homes.

3.      In the ordinary course of business, the Debtors commence foreclosure

proceedings on delinquent mortgages and then attempt to sell the REO.  The sale of REO to

purchasers and the funding of loan servicing advances related to the REO and deducting such loan servicing advances from the proceeds of the sales is an ordinary course of business transaction. Accordingly, to avoid any refusals or delays in connection with the sale of REO, the Debtors, by the Motion, are seeking entry of an order confirming the Debtors' authority to sell REO and net the loan servicing advances in the ordinary course of business without further order of the Court.

4.       Moreover, the Debtors estimate that (i) fifteen such sales are scheduled to close by the end of this business week, (ii) approximately eighty-five (85) are scheduled to close by the end of August 2007, and (iii) approximately three hundred (300) are scheduled to close in the next sixty (60) days. As a result, an expedited hearing on the Motion is necessary.

5.       To compensate for the short notice period, the Debtors will serve the Motion via Federal Express, other overnight delivery, or hand delivery, on (i) the Office of the United States Trustee, (ii) counsel to the Official Committee of Unsecured Creditors, (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004; (iv) counsel to the postpetition lender; and (v) all parties entitled to notice under Local Rule 2002-1(b)

6.       Based on the foregoing, the Debtors submit (i) that cause exists to justify the short notice period for the hearing on approval of the relief requested in the Motion, and (ii) that notice to the parties identified in the preceding paragraph will be adequate and sufficient. Accordingly, the Debtor requests that a hearing on the relief requested in the Motion be scheduled for August 24, 2007 at 1:00 p.m. (ET) (the "Hearing") and that objections to the Motion be due before or at the Hearing.

WHEREFORE, the Debtor respectfully requests that the Court enter the order, attached hereto, granting the relief requested herein and such other and further relief as is just and proper.

Dated: August 22, 2007
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Counsel for the Debtors and Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------------x
                                          :  Chapter 11
In re:                                    :
                                          :  Case No.  07-11047 (CSS)
AMERICAN HOME MORTGAGE                     :
HOLDINGS, INC., a Delaware corporation, et al.,  :  Jointly Administered
                                          :
                                          :  Ref. Docket No.: _____
                        Debtors.          :
--------------------------------------------------------x
```

**ORDER SHORTENING THE TIME FOR NOTICE OF THE MOTION OF THE
DEBTORS FOR ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE
BANKRUPTCY CODE (I) CONFIRMING THE DEBTORS' AUTHORITY (a) TO SELL
CERTAIN REAL ESTATE OWNED BY THE DEBTORS IN THE ORDINARY COURSE
FREE AND CLEAR OF ANY AND ALL LIENS AND ENCUMBRANCES, (b) TO
CONTINUE FUNDING SERVICING ADVANCES AND DEDUCTING SUCH
SERVICING ADVANCES FROM THE PROCEEDS OF THE SALE, (c) TO DISTRIBUTE
PROCEEDS OF THE SALE, AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion to Shorten")[1] of the Debtors for

entry of an order providing that the applicable notice period for the relief requested in the Motion

be shortened pursuant to Bankruptcy Rules 9006 and 2002, Rule 9006-1(e) of the Local Rules,

section 102 of the Bankruptcy Code; and the Court having determined that granting the relief

requested in the Motion to Shorten is appropriate; and it appearing that due and adequate notice

of the Motion to Shorten has been given under the circumstances, and that no other or further

notice need be given; and after due deliberation and sufficient cause appearing therefor, it is

hereby

ORDERED, that the Motion to Shorten is granted; and it is further

ORDERED that the Motion shall be heard on August 24, 2007 at 1:00 p.m. (ET)

(the "Hearing"); and it is further

---

[1] All capitalized terms not defined herein shall have the meanings given to them in the Motion.

ORDERED that objections to the Motion are due before or at the Hearing; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated:  August _____, 2007
        Wilmington, Delaware


_____
Christopher S. Sontchi
United States Bankruptcy Judge