IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No.07-11047(CSS) |
| HOLDINGS, INC., *et al.*, | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**LIMITED OBJECTION BY THE UNITED STATES TO MOTION
OF THE DEBTORS FOR ORDER PURSUANT TO SECTIONS 105(a)
AND 363 OF THE BANKRUPTCY CODE (I) CONFIRMING THE DEBTORS'
AUTHORITY (a) TO SELL CERTAIN REAL ESTATE OWNED BY THE DEBTORS IN
THE ORDINARY COURSE FREE AND CLEAR OF ANY AN ALL LIENS AND
ENCUMBRANCES, (b) TO CONTINUE FUNDING SERVICING ADVANCES
AND DEDUCTING SUCH SERVICING ADVANCES FROM THE
PROCEEDS OF THE SALE, (c) TO DISTRIBUTE PROCEEDS
OF THE SALE, AND (II) GRANTING RELATED RELIEF**

The United States, on behalf of the Government National Mortgage Association

("GNMA"), hereby objects to the Motion for Order Pursuant to Sections 105(a) and 363 of the

Bankruptcy Code (I) Confirming the Debtors' Authority (A) to Sell Certain Real Estate Owned

by the Debtors in the Ordinary Course Free and Clear of Any an All Liens and Encumbrances,

(B) to Continue Funding Servicing Advances and Deducting Such Servicing Advances From the

Proceeds of the Sale, (C) to Distribute Proceeds  of the Sale, and (II) Granting Related Relief

filed by the Debtors on August 22, 2007 (the "Motion") [Docket No. 307], to the extent the

Debtors are seeking to sell any real property included in the GNMA Portfolio (defined herein).

In support, GNMA respectfully states:

## BACKGROUND

1.      GNMA is a wholly owned corporation within the United States Department of Housing and Urban Development ("HUD").

2.      Through its Mortgage-Backed Securities Program ("MBS Program"), as authorized by section 306(g) of the National Housing Act, 12 U.S.C. § 1721(g) (the "NHA"), and implemented by regulations set forth at 24 C.F.R. Part 300, GNMA approves "issuers to originate or purchase groups, or pools, of mortgages backing securities" guaranteed by GNMA.[1]

3.      Under the MBS Program, private lenders are permitted to issue securities backed by mortgages or other home loans insured or guaranteed by the Federal Housing Administration, the Department of Veterans Affairs, HUD or the Department of Agriculture Rural Development. 12 U.S.C. § 1721(g).  After pooling eligible mortgages to back an issue of securities, the issuer enters into a standard form Guaranty Agreement with GNMA.  Copies of the standard GNMA I and GNMA II Guaranty Agreements forms are attached hereto as Exhibit A.[2]

4.      Pursuant to section 3.01 of the Guaranty Agreements, an issuer conveys its right, title and interest in the mortgages to GNMA.  The issuer retains only nominal title to the mortgages for servicing purposes.  See Guaranty Agreements § 3.01.

5.      Pursuant to section 4.03 of the Guaranty Agreements, issuers are authorized to

---

[1]  GNMA operates two MBS Programs, referred to as GNMA I and GNMA II. Under the GNMA I MBS Program, the issuer makes separate monthly payments directly to each holder of securities. Under the GNMA II MBS Program, a central paying and transfer agent collects payments from the issuer and pays the securities holders. See GNMA Mortgage-Backed Securities Guide ("GNMA Guide") at 1-3(A)(discussing MBS Program authority).

[2]  The GNMA Portfolio (defined herein) includes pools under both the GNMA I and GNMA II MBS Program, which are regulated by substantially similar Guaranty Agreements.  Relevant citations included herein are the same under each form of the Guaranty Agreements.

foreclose on any collateral securing the mortgages in the GNMA pools and execute and deliver in its own name any and all instruments associated with such foreclosure with respect to the GNMA mortgages or properties covered by such mortgages.  However, this authorization terminates and expires upon GNMA's extinguishment of the issuer's right, title or other interest in the GNMA mortgages.  Guaranty Agreements § 4.03.

6.    The Guaranty Agreements also provide that all of an issuer's interest in the GNMA mortgages and property (or proceeds) relating to the mortgages extinguish upon default. See Guaranty Agreements §§ 10.05, 10.06, 10.08.

7.    The Guaranty Agreements further state that, immediately upon extinguishment of an issuer's rights in the mortgages, all the authority and power of the issuer under the Guaranty Agreements with respect to the mortgages shall pass to GNMA and GNMA shall succeed to all the rights and benefits of the issuer.  Guaranty Agreements § 10.08.

8.    As of July 31, 2007, AHM Servicing serviced 1,588 GNMA pools with an outstanding principal balance of approximately $466,194,865.00 and backed by a total of 5,886 loans insured by the Federal Housing Administration and guaranteed by the Department of Veterans Affairs, HUD or Department of Agriculture Rural Development (the "GNMA Portfolio").

9.    On August 3, 2007, GNMA extinguished AHM Servicing's rights to act as a GNMA issuer.[3]

10.    On August 6, 2007 (the "Petition Date"), the Debtors filed their petitions for

---

[3] See copies of default letters attached hereto as Exhibit B.

3

relief.

11.    On August 22, 2007, the Debtors filed their Motion on shorten notice, giving parties-in-interest less than 48 hours to review the Motion before the hearing on the Motion is scheduled to take place.

## ARGUMENT

12.    Through their Motion, the Debtors seek authorization to sell "REO" property in the ordinary course business free and clear of any and all liens and encumbrances.

13.    GNMA believes that some of the REO property sought to be sold by the Debtors may belong to GNMA pursuant to the Guaranty Agreements and other applicable rules and regulations under GNMA's MBS Program.

14.    Specifically, to the extent that AHM Servicing foreclosed upon any real property and took title in its own name to such property pursuant to section 4.03 of the Guaranty Agreements, such properties or proceeds therefrom belong to GNMA notwithstanding that the deeds may be titled in the name of AHM Servicing.  See Guaranty Agreements at Art. X.

15.    The Debtors failed to include a list or schedule in its Motion of the REO property which they seek to sell.  The Debtors have also refused to turn over the servicing files for the GNMA Portfolio.  See Docket No. 243.[4]  Therefore, GNMA is unable to determine whether any of the REO properties the Debtors wish to sell include properties actually owned by GNMA.

16.    As such, the United States objects to the Motion and proposed order attached

_____

[4]  On August 20, 2007, GNMA filed a motion seeking turn-over of all its property being improperly held by the Debtors.  Docket No. 243.  In its motion, GNMA details how, under the NHA, GNMA cannot be limited or enjoined in any way, including being subject to the automatic stay, from enforcing its contractual rights under the MBS Program.  Id.

thereto until the Debtors can identify which REO properties they wish to sell, and confirm that

such properties are not properties securing loans included in the GNMA Portfolio (and which

belong to GNMA).

17.    However, because identification may take time, and not wanting to delay the

Debtors' ability sell any REO property that is not part of the GNMA Portfolio, GNMA requests

that the following language be included in the Debtors' proposed order to the Motion:

> Notwithstanding any other provision in this Order, the Debtors may not sell or
> otherwise transfer any REO property that acted as collateral securing mortgages or
> other home loans insured or guaranteed by the Federal Housing Administration,
> the Department of Veterans Affairs, HUD or the Department of Agriculture Rural
> Development under the Government National Mortgage Association's Mortgage-
> Backed Securities Program.  This Order is without prejudice to the Debtors to
> seek additional relief with respect to this REO property at a later time.

## CONCLUSION

For the reasons explained above, the United States objects to the proposed order attached

to the Motion unless the language described above is incorporated into such order.

**[REMAINDER OF THE PAGE LEFT INTENTIONALLY BLANK]**

Dated: August 23, 2007

Respectfully Submitted

PETER D. KEISLER
Assistant Attorney General

DAVID C. WEISS
Acting United States Attorney

ELLEN W. SLIGHTS  (DE Bar No. 2782)
Assistant United States Attorney
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

/s/ Mary A. DeFalaise
J. CHRISTOPHER KOHN
JAMES G. BRUEN, JR.
MARY A. DEFALAISE
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 875
Ben Franklin Station
Washington D.C. 20044
Tel. (202) 307-0183
Fax (202) 307-0494

Attorneys for the Government
National Mortgage Association