# EXHIBIT B



U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, DC 20410-9000

GOVERNMENT NATIONAL
MORTGAGE ASSOCIATION

August 3, 2007

**BY HAND DELIVERY**

Mr. David Friedman
Executive Vice President
American Home Mortgage Servicing, Inc.
4600 Regent Boulevard
Suite #200
Irving, TX 76053-6800

Re: Ginnie Mae Issuer Number 1677

Dear Mr. Friedman:

    This letter concerns Mortgage-Backed Securities (MBS) pools established under Guaranty Agreements executed between American Home Mortgage Servicing, Inc., as Issuer (American Home), and the Government National Mortgage Association (Ginnie Mae) as guarantor of the securities.

    Ginnie Mae has learned of certain actions by American Home that constitute an event of immediate default under the terms of the Guaranty Agreements between American Home and Ginnie Mae. American Home Mortgage Investment Corporation announced that it does not have sufficient cash to fund new loans, and has suspended a scheduled stock dividend due to concerns about inadequate cash flow to handle losses attributable to a deteriorating mortgage market. Furthermore, American Home recently submitted audited financial statements that showed a negative net income for fiscal year 2006.

    The announcement and American Home's uncertain financial condition represent either an impending insolvency of an issuer or an adverse material change in the business status of an issuer. Both of these conditions constitute an event of immediate default under Sections 10.01(a)(5) and (6) of the Guaranty Agreements.

    On August 1, Ginnie Mae afforded American Home an opportunity to remedy the default by providing Ginnie Mae with certain information. Although a response was received from American Home Mortgage Investment Corporation on August 2, 2007, the requested information was not provided. Accordingly, Ginnie Mae declares an event of default under Section 10.01(a) of each Guaranty Agreement.

    As a consequence of its default, American Home may no longer act as an Issuer or Servicer under any of its Guaranty Agreements. Furthermore, Ginnie Mae, by its declaration of default, extinguishes any redemption, legal, equitable, or other right, title or interest of American Home in

08/03/2007 16:52 OFFICE OF CUSTOMER SERVICE → 97088776 NO.605 P02
Case 07-11047-CSS    Doc 324-2    Filed 08/23/07    Page 3 of 7

2

the mortgages pooled under each and every Guaranty Agreement and makes the mortgages the absolute property of Ginnie Mae, subject only to any unsatisfied rights of the securities holders. In so doing, Ginnie Mae is acting pursuant to the authority conferred upon it under Section 306(g) of the National Housing Act and Sections 10.04 and 10.05 of each Guaranty Agreement.

Pursuant to its authority under Section 10.06 of each Guaranty Agreement, Ginnie Mae instructs you to turn over immediately to Ginnie Mae, or to its designee, all of the following records in your possession belonging to Ginnie Mae whether or not generated by you when servicing the securities and mortgages:

1. Loan files, ledger cards, and other records pertaining to the foregoing pooled mortgages. This includes manual and computer generated records maintained by American Home or any of its agents;

2. The registration records showing the past and current holders, the successive transfers, and other information with respect to the mortgage-backed securities guaranteed under each Guaranty Agreement;

3. All records showing or relating to monthly payments made to the holders of such mortgage-backed securities, including, without limitation, all canceled checks;

4. All tax and insurance escrow custodial accounts and all principal and interest custodial accounts; and

5. Any other funds or assets and all other records or other information pertaining to the origination and servicing of the mortgages and each of the Guaranty Agreements and the mortgage-backed securities pools.

Pursuant to Section 10.07 of each Guaranty Agreement, American Mortgage shall provide full cooperation in accomplishing the orderly transfer of the pools in accordance with additional instructions as may be provided by Ginnie Mae.

Sincerely,

Michael J. Frenz
Executive Vice President

the mortgages pooled under each and every Guaranty Agreement and makes the mortgages the absolute property of Ginnie Mae, subject only to any unsatisfied rights of the securities holders. In so doing, Ginnie Mae is acting pursuant to the authority conferred upon it under Section 306(g) of the National Housing Act and Sections 10.04 and 10.05 of each Guaranty Agreement.

Pursuant to its authority under Section 10.06 of each Guaranty Agreement, Ginnie Mae instructs you to turn over immediately to Ginnie Mae, or to its designee, all of the following records in your possession belonging to Ginnie Mae whether or not generated by you when servicing the securities and mortgages:

1. Loan files, ledger cards, and other records pertaining to the foregoing pooled mortgages. This includes manual and computer generated records maintained by American Home or any of its agents;

2. The registration records showing the past and current holders, the successive transfers, and other information with respect to the mortgage-backed securities guaranteed under each Guaranty Agreement;

3. All records showing or relating to monthly payments made to the holders of such mortgage-backed securities, including, without limitation, all canceled checks;

4. All tax and insurance escrow custodial accounts and all principal and interest custodial accounts; and

5. Any other funds or assets and all other records or other information pertaining to the origination and servicing of the mortgages and each of the Guaranty Agreements and the mortgage-backed securities pools.

Pursuant to Section 10.07 of each Guaranty Agreement, American Mortgage shall provide full cooperation in accomplishing the orderly transfer of the pools in accordance with additional instructions as may be provided by Ginnie Mae.

Sincerely,

Michael J. Frenz
Executive Vice President

TS/TSM/TSD/CFG-AJNASHBEKOVA-ldr-8/3/07-J/MBS-CUSTODY/DEFAULTS/AMERICAN HOME/IMMEDIATE DEFAULT

| | Originator | Concurrence | Concurrence | Concurrence | Concurrence | Concurrence | Concurrence |
|---|---|---|---|---|---|---|---|
| Correspondence Code | AMERICAN HOME 8-2-07 | | | | | | |
| Name | AJNASHBEKOVA | DAVIES | BURCH/WASHINGTON | ST. LAURENT | | FOSTER | |
| Date | 8/3/07 | 8/3/07 | | | | | |

Official Record Copy    U.S. Department of Housing and Urban Development    2291    form HUD-713.1 (1/90)
ref. Handbook 2221.1



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-9000

GOVERNMENT NATIONAL
MORTGAGE ASSOCIATION

## VIA FACSIMILE AND CERTIFIED MAIL

Mr. Alan B. Horn
Executive Vice President
American Home Mortgage Corp
538 Broadhollow Road
Melville, NY 11474

Re: Ginnie Mae Issuer Number 3914

Dear Mr. Horn:

This letter concerns your status as an issuer of the Government National Mortgage Association (Ginnie Mae). American Home Mortgage Corporation (AHM) is a related corporation of the now-defaulted Ginnie Mae Issuer American Home Mortgage Servicing, Inc. (AHM Servicing) and has executed a cross-default agreement between itself, AHM Servicing and Ginnie Mae on January 7, 2005 (Cross-Default Agreement) (enclosed).

Today Ginnie Mae declared an event of default under Section 10.01(a) of each Guaranty Agreement with AHM Servicing (enclosed). Default of AHM Servicing constitutes event of an immediate default by AHM under Section 1 of the Cross-Default Agreement. Accordingly, Ginnie Mae declares an event of default under Section 1 of Cross-Default Agreement by AHM.

As a consequence of its default, AHM may no longer act as an Issuer or Servicer of Ginnie Mae. In so doing, Ginnie Mae is acting pursuant to the authority conferred upon it under Section 306(g) of the National Housing Act.

Sincerely,

Michael J. Frenz
Executive Vice President

Enclosure(s)

TS/TSM/CHRON/AE(s)/TSM:YOUNG:ldn:8/3/07:J/MBS CUSTWP/DEFAULTS LTRS/AMERICAN HOME/IMMEDIATE DEFAULT AMERICAN HOME PARENT 8-3-07

| Correspondence Code | Originator AUBASGBEKOVA | Concurrence DAVIES | Concurrence BURCH/WASHINGTON | Concurrence | Concurrence ST. LAURENT | Concurrence FOSTER |
|---|---|---|---|---|---|---|
| Name | *[signature]* | *[signature]* | | | | |
| Date | 8/3/2007 | 8/3/07 | | | | |

Official Record Copy  U.S. Department of Housing and Urban Development    form HUD-713.1 (1/90)
www.hud.gov  espanol.hud.gov  2291  ref. Handbook 2221.1

## APPENDIX I-4, FORM 5: CROSS-DEFAULT AGREEMENT (07/01/03)

This CROSS-DEFAULT AGREEMENT is entered into on this 7th day of January, 2005, by and between the GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, a body corporate organized and existing under the laws of the United States within the Department of Housing and Urban Development (hereinafter "Ginnie Mae"), American Home Mortgage Corp., a corporation organized under the laws of New York, and American Home Mortgage Servicing, Inc., a corporation organized under the laws of Maryland.

WHEREAS, each of American Home Mortgage Corp. and American Home Mortgage Servicing, Inc., is a Ginnie Mae issuer in good standing and has entered into one or more Guaranty Agreements (each, a "Guaranty Agreement"), pursuant to the Ginnie Mae MBS Program, or Contractual Agreements (each, a "Contractual Agreement"), pursuant to the Ginnie Mae II MBS Program, with Ginnie Mae and may enter into additional Guaranty Agreements with Ginnie Mae pursuant to the Ginnie Mae MBS Program;

WHEREAS, Ginnie Mae requires that when related entities are qualified to serve as Ginnie Mae issuers at the same time with separate issuer numbers, those entities must provide Ginnie Mae with additional financial assurances and protections;

NOW, THEREFORE, in consideration of the mutual covenants hereinafter set forth, the parties hereto agree as follows:

1. Cross-default. American Home Mortgage Corp. and American Home Mortgage Servicing, Inc. (each a "Subsidiary") agree that any event of default by one Subsidiary pursuant to any Guaranty Agreement or Contractual Agreement to which it is a party shall constitute an event of default by the other Subsidiary under each Guaranty Agreement or Contractual Agreement to which it is a party. Such a cross-default shall entitle Ginnie Mae to perfect its rights in all of the pooled mortgages and custodial accounts of both Subsidiaries in accordance with the related Guaranty Agreements and Contractual Agreements and to pursue any and all other remedies that Ginnie Mae may have against each Subsidiary pursuant to such Guaranty Agreements or Contractual Agreements.

2. Amendments to Guaranty Agreements. This Cross-Default Agreement shall constitute an amendment to each existing Guaranty Agreement or Contractual Agreement and to each future Guaranty Agreement between Ginnie Mae and one of the Subsidiaries. This Cross-Default Agreement shall be effective from the date hereof until otherwise terminated by the written agreement of the parties hereto.

Executed this 7th day of January, 2005.

ATTEST:

[signature] Asst. Secretary

CORPORATE SEAL

American Home Mortgage Corp. — 3914

By: [signature]
Name: Alan Horn
Title: EVP
Date: 1/7/05

ATTEST:

[signature] Asst. Secretary

CORPORATE SEAL

American Home Mortgage Servicing, Inc. — 1677

By: [signature]
Name: Alan Horn
Title: EVP
Date: 1/7/05

ATTEST:

Thomas R. Weathly, Secretary

CORPORATE SEAL

Government National Mortgage Association

By: [signature]
Name: Theodore B. Foster
Title: Vice President
Date: Jan. 31, 2005