IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                  :
                                                                 :   Jointly Administered
      Debtors.                                                   :
                                                                 :   Doc. Ref. No. 137
---------------------------------------------------------------- x

**DECLARATION OF KEVIN NYSTROM IN SUPPORT OF EMERGENCY MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN REAL PROPERTY LEASES AND THE SALE OF FURNITURE, FIXTURES AND EQUIPMENT LOCATED THEREIN; (II) APPROVING THE TERMS OF THE LETTER AGREEMENT; AND (III) GRANTING RELATED RELIEF**

Kevin Nystrom declares under penalty of perjury:

1. I am a senior director of Kroll Zolfo Cooper ("KZC"). KZC is one of the world's leading financial advisory, interim management and litigation support firms, with a team of restructuring and litigation specialists in North America and, through its affiliates, in Europe/UK, specializing in advising debtors, creditors, investors and court-appointed officials in formal bankruptcy proceedings and out-of-court workouts. I have been employed by KZC since September 2000 and was recently retained by American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and

subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[1] to serve as the Director of Restructuring for the Debtors.[2]

2.  I submit this declaration (the "Declaration") in support of the Emergency Motion for an Order, Pursuant to Sections 105(A), 363 And 365 of the Bankruptcy Code, (I) Authorizing the Assumption And Assignment of Certain Real Property Leases and The Sale of Furniture, Fixtures and Equipment Located Therein; (II) Approving the Terms of the Letter Agreement; and (III) Granting Related Relief (the "Motion") [Docket No. 137]. Pursuant to the Motion, the Debtors seek authority to assume and assign certain real property leases (the "Office Leases") and sell furniture, fixtures, and equipment contained therein (the "FFE," and together with the Office Leases, collectively, the "Office Assets") to Indymac Bank F.S.B. ("IMB") or other party submitting a higher or better offer, pursuant to terms of a letter agreement dated August 7, 2007, by and between the Debtors and IMB (the "Letter Agreement").

3.  I am authorized to submit this Declaration. I have reviewed and am familiar with the Motion and the Letter Agreement. This Declaration is submitted to provide a portion of the evidentiary basis for the Court to enter an order approving the Motion in its

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] On August 14, 2007, the Debtors filed the Application of Debtors Pursuant to Sections 105 and 363 of the Bankruptcy Code for Approval of the Agreement with Kroll Zolfo Cooper LLC, Stephen F. Cooper and Kevin Nystrom (the "Retention Application"), pursuant to which the Debtors sought approval of the standard services agreement dated August 6, 2007 by and between the Debtors and KZC, Stephen F. Cooper and myself. The Retention Application is currently pending before the Bankruptcy Court.

entirety. If I were called to testify, I could and would testify competently to the facts set forth herein.

4. As set forth more fully in the Motion, the Debtors were in the business of originating mortgage loans and investing in mortgage-backed securities and mortgage loans resulting from the securitization of residential mortgage loans. In the weeks prior to the Petition Date, the Debtors operated hundreds of leased loan production offices at locations in 47 states and the District of Columbia (the "Production Offices"). However, shortly prior to the Petition Date, the Debtors discontinued their wholesale and retail loan origination business (the "Origination Business") in their Production Offices. The vast majority of the Debtors' employees were part of the Origination Business. As a result, on August 3, 2007, the Debtors implemented a massive reduction in workforce, resulting in the termination of over 6,500 employees. Given the shutdown of the Origination Business and the extensive workforce reduction, Production Offices, including the assets necessary for loan origination, are no longer necessary to the Debtors' operations.

5. During the days leading up to the Petition Date, the Debtors, aided by their professional advisors, were in contact with certain entities and anticipated that additional entities in the mortgage industry would contact the Debtors and express interest in taking immediate control of the Debtors' Production Offices. In particular, IMB approached the Debtors inquiring as to the assumption of certain of the Debtors' Production Offices and the potential purchase of the FFE located therein. Shortly thereafter, the Debtors and IMB entered into negotiations concerning the potential sale. As a result of those negotiations, the Debtors agreed, pursuant to the terms of the Letter Agreement, to sell the Office Assets to IMB (the "Sale").

6.   I believe that the Debtors' transfer of the Office Assets to IMB on the terms outlined in the Letter Agreement is in the best interest of the Debtors' estates and creditors. The Debtors are no longer using the Office Leases or the FFE contained therein, yet the Debtors continue to accrue obligations related thereto. IMB has agreed to relieve this burden on the Debtors' estates by, in addition to assuming the Office Leases and purchasing the Office Assets, licensing the Office Leases until the proposed Sale is approved. The proposed sale coupled with the License Agreement offers an expeditious and cost-savings alternative to an individual asset sales and marketing campaign.

7.   I further believe that purchase price as set forth in the Letter Agreement represents a fair and reasonable price for the Office Assets. The Debtors, as stated above, are no longer using the Office Assets, and, as a result, the carrying costs associated therewith will become an administrative and expensive burden on the Debtors' estates. I submit that proposed purchase price set forth in the Letter Agreement represents fair and reasonable consideration.

8.   Furthermore, I believe that the transaction pursuant to the terms of the Letter Agreement has been proposed in good faith. The terms of the sale to IMB are the product of arm's length negotiations with IMB. IMB is not an affiliate of any of the Debtors, nor does IMB have any common officers or directors with any of the Debtors, but one former officer and director of the Debtors is now an employee of IMB. Moreover, this transaction is proposed for the sole purpose of maximizing the estates' return on the Office Assets and minimizing future administrative expenses. Thus, I submit that IMB has acted in good faith within the meaning of section 363(m) of the Bankruptcy Code.

WHEREFORE, for the reasons set forth herein, I believe the Motion should be approved.

Dated: August 23, 2007

_____
Kevin Nystrom
Director of Restructuring for the Debtors