UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
| In re | : | Chapter 11 |
| | : | |
| **American Home Mortgage Holdings,** | : | Case Nos. 07-11047(CSS) |
| **Inc.,** *et al.*, | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Re: Docket No. 307 |
---------------------------------------------------------- x

**LIMITED OBJECTION OF CREDIT SUISSE FIRST BOSTON
MORTGAGE CAPITAL LLC TO DEBTORS' MOTION FOR
ORDER (I) CONFIRMING THE DEBTORS' AUTHORITY (A) TO SELL
CERTAIN REAL ESTATE OWNED BY THE DEBTORS IN THE
ORDINARY COURSE FREE AND CLEAR OF ANY AND ALL LIENS
AND ENCUMBRANCES, (B) TO CONTINUE FUNDING
SERVICING ADVANCES AND DEDUCTING SUCH SERVICING
ADVANCES FROM THE PROCEEDS OF THE SALE, (C) TO DISTRIBUTE
PROCEEDS OF THE SALE, AND (II) GRANTING RELATED RELIEF**

Credit Suisse First Boston Mortgage Capital LLC ("CSFB"), by its undersigned attorneys, files this limited objection to the Motion for Order (I) Confirming the Debtors' Authority (A) to Sell Certain Real Estate Owned by the Debtors in the Ordinary Course Free and Clear of any and all Liens and Encumbrances, (B) to Continue Funding Servicing Advances and Deducting Such Servicing Advances From the Proceeds of the Sale, (C) to Distribute Proceeds of the Sale, and (II) Granting Related Relief (the "Motion") filed by American Home Mortgage Holdings, Inc. and its affiliated chapter 11 debtors and debtors in possession (collectively, the "Debtors"), and in support thereof states:

## BACKGROUND

A.   **The Chapter 11 Cases**

1. On August 6, 2007 (the "Commencement Date") the Debtors filed voluntary petitions under chapter 11 of title 11 of the United State Code (the "Bankruptcy Code") with this Court.

B.   **The Repurchase Agreement**

2. Prior to Commencement Date, CSFB and the Debtors entered into that certain Master Repurchase Agreement, dated as of September 13, 2006, (as amended, supplemented and otherwise modified from time to time, the " Repurchase Agreement"), pursuant to which, CSFB purchased mortgage loans from the Debtors (the "Purchased Loans"), and Debtors were obligated to repurchase those loans from CSFB at a later, agreed upon date. CSFB owns Purchased Loans from the Debtors under the Repurchase Agreement in a principal amount that is currently in excess of $46 million.

3. Prior to the Commencement Date, the Repurchase Agreement permitted, at CSFB's discretion, American Home Mortgage Servicing to service the Purchased Loans. Pursuant to the Repurchase Agreement, servicing loans involves, among other things, collecting monthly mortgage payments and other fees from the borrowers, administering tax and insurance escrows, and responding to borrower inquiries and maintaining control over collections.

## LIMITED OBJECTION

4. Pursuant to the Motion, the Debtors seek authorization to sell certain "REO" property in the ordinary course of business; however the Debtors did not include schedules of the REO property they seek authorization to sell. CSFB assumes, however,

that, to the extent a Purchased Loan is not performing, the Debtors will institute foreclosure procedures as set forth in the Motion with respect to such loan.

5. As the Court is aware, CSFB has asserted the Repurchase Agreement has been terminated and that the Debtors must turn over all records and documents relating to the Purchased Loans and cease servicing the Purchased Loans.  To date the Debtors have refused to comply with the clear language of the Repurchase Agreement and the Bankruptcy Code.  Therefore, while the records and documents with respect to the Purchased Loans are in the Debtors' possession, CSFB does not object to the institution of foreclosure procedures and subsequent sale of the property in the ordinary course of the Debtors' business with respect to nonperforming Purchased Loans; *provided, however*, that such foreclosure procedures and subsequent sale of the property must be conducted in accordance with the terms of the Repurchase Agreement.

6. Specifically, the Debtors must be required to conduct the foreclosure proceedings and subsequent sale with the degree of skill and care customarily required with respect to loans similar to the Purchased Loans and in accordance with Accepted Servicing Practices (as defined in the Repurchase Agreement).  Repurchase Agreement at § 12(a).  Moreover, any and all proceeds from the sale of the properties relating to Purchased Loans must be immediately remitted to CSFB by depositing such sums in the Collection Account (as defined in the Repurchase Agreement) in accordance with the Repurchase Agreement.  *Id*. at § 12(c).

7. CSFB requests that language be added to the order approving the Motion requiring the Debtors to (i) conduct the foreclosure proceedings and subsequent sale with the degree of skill and care customarily required with respect to loans similar to the Purchased Loans and in accordance with Accepted Servicing Practices and (ii)

immediately remit to CSFB by depositing into the Collection Account any and all proceeds from the sale of the properties relating to Purchased Loans without deduction or offset of any kind (including, without limitation, for fees and expenses in connection with the foreclosure proceedings).

WHEREFORE, CSFB respectfully requests this Court grant CSFB the relief requested herein and such other and further relief as is just.

Dated: Wilmington, Delaware
August 24, 2007

Respectfully submitted,

__/s/ Francis A. Monaco, Jr.
Francis A. Monaco, Jr. (#2078)
Steven K. Kortanek (#3106)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE  19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330

-and-

Lori R. Fife, Esq.
Howard B. Comet, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Credit Suisse First Boston Mortgage Capital LLC