# EXHIBIT B

**EXECUTION COPY**

CUSTODY AGREEMENT

among

AMERICAN HOME MORTGAGE ACCEPTANCE, INC.
Seller

BEAR STEARNS MORTGAGE CAPITAL CORPORATION,
Buyer

and

DEUTSCHE BANK NATIONAL TRUST COMPANY,
as Custodian

Dated as of June 23, 2004

NY1 5556577v2

# TABLE OF CONTENTS

**Page**

SECTION 1.  Definitions...........................................................................................................1

SECTION 2.  Delivery of Mortgage Files to Custodian..............................................................3

SECTION 3.  The Custodian's Receipt, Examination and Certification of Mortgage Files and Issuance of Trust Receipt.............................................................................5

SECTION 4.  Possession of Mortgage Files...............................................................................7

SECTION 5.  Release of Custodian's Mortgage Files for Servicing ...........................................8

SECTION 6.  Waiver by the Custodian......................................................................................8

SECTION 7.  Right of Inspection by Buyer and Third Persons....................................................9

SECTION 8.  Custodian's Fees and Expenses ...........................................................................9

SECTION 9.  Termination of Agreement....................................................................................9

SECTION 10. Resignation and Removal of Custodian.................................................................9

SECTION 11. Limitation on Obligations of the Custodian.........................................................10

SECTION 12. Notices .............................................................................................................11

SECTION 13. No Assignment or Delegation by the Custodian...................................................12

SECTION 14. Controlling Law.................................................................................................12

SECTION 15. Agreement for the Exclusive Benefit of Parties ..................................................13

SECTION 16. Entire Agreement...............................................................................................13

SECTION 17. Exhibits ............................................................................................................13

SECTION 18. Indulgences, Not Waivers..................................................................................13

SECTION 19. Titles Not to Affect Interpretation .....................................................................13

SECTION 20. Provisions Separable..........................................................................................13

SECTION 21. Representations and Warranties of the Custodian ...............................................13

SECTION 22. Counterparts......................................................................................................14

EXHIBITS

EXHIBIT A   -LETTER OF TRANSMITTAL.........................................................................A-1
EXHIBIT B   -NOTICE TO THE CUSTODIAN ...................................................................B-1
EXHIBIT C   -TRUST RECEIPT ......................................................................................C-1
EXHIBIT D   -NOTICE OF TERMINATION......................................................................D-1
EXHIBIT E   -ASSIGNMENT .........................................................................................E-1
EXHIBIT F   -LETTER TO CUSTODIAN RE:  BUYER'S TRUST RECEIPT.....................F-1
EXHIBIT G   -LETTER TO CUSTODIAN RE:  ENDORSEE'S TRUST RECEIPT .............G-1
EXHIBIT H   -REQUEST FOR RELEASE OF DOCUMENTS.............................................H-1

NY1 5556577v2

THIS CUSTODY AGREEMENT entered into as of June 23, 2004, by and among AMERICAN HOME MORTGAGE ACCEPTANCE, INC. ("Seller") and BEAR STEARNS MORTGAGE CAPITAL CORPORATION ("Buyer") and DEUTSCHE BANK NATIONAL TRUST COMPANY ("Custodian"), recites and provides:

## RECITALS

Seller and Buyer have entered into a Master Repurchase Agreement dated as of June 23, 2004 and a Request/Confirmation between Seller and Buyer with respect to each transaction thereunder. The Master Repurchase Agreement and the Request/Confirmations are hereinafter referred to collectively as the "Repurchase Agreement."

Seller is obligated to service the Mortgage Loans or to cause the Mortgage Loans to be serviced pursuant to the terms and conditions of the Repurchase Agreement

Seller desires to deposit with the Custodian all Notes and Mortgages evidencing the Mortgage Loans, together with the other documents included in the Mortgage Files related to the Mortgage Loans, to be held by the Custodian as custodian for JPMorgan Chase Bank as Securities Intermediary for Bear Stearns Mortgage Capital Corporation and its assigns (the "Securities Intermediary") until otherwise instructed by Buyer, all in connection with transactions under the Repurchase Agreement (each a "Transaction").

Custodian desires and is able to perform the duties and obligations as custodian for Buyer as set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants hereinafter set forth, and for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

SECTION 1.   Definitions.  For the purposes of this Agreement, the following terms shall have the indicated meanings unless the context or use indicates another or different meaning and intent, the definitions of such terms are equally applicable to the singular and the plural forms of such terms, the words "herein," "hereof" and "hereunder" and other words of similar import refer to this Agreement as a whole and not to any particular section or other subdivision, and section references refer to sections of this Agreement. All terms used herein and not defined shall have the respective meanings set forth in the Repurchase Agreement.

"Agreement" shall mean this Custody Agreement, as supplemented or amended from time to time.

"Assignment" shall mean the assignment of the Trust Receipt substantially in the form set forth in Exhibit E.

"Business Day" shall mean any day excluding Saturday, Sunday and any day which is a legal holiday under the laws of the States of New York or California or any day on which a bank located in the State of New York or the New York Stock Exchange is authorized or permitted to close for business.

"Custodial Register" shall mean the register maintained by Custodian pursuant to Section 4(f), which reflects as to each Mortgage Loan the Person to whom the related Trust Receipt has been issued.

"Custodian" shall mean Deutsche Bank National Trust Company, or its successor custodian.

"Lender" shall mean the original lender as set forth in the Note, or any successor or assignee under such Note.

"Letter of Transmittal" shall mean the letter substantially in the form of Exhibit A hereto.

"Loan Number" shall have the meaning set forth in Section 2(a) of this Agreement.

"Loan Schedule" shall mean a schedule of Mortgage Loans identifying each Mortgage Loan: (1) in the case of all Mortgage Loans, by Seller's loan number, Mortgagor's name and address (including the state and zip code) of the mortgaged property, whether such Mortgage Loan bears a fixed or adjustable interest rate, the loan-to-value ratio, the outstanding principal amount as of a specified date, the initial interest rate borne by such Mortgage Loan, the original principal balance thereof, the current scheduled monthly payment of principal and interest, the maturity of the related Note, the property type, the occupancy status, the appraised value, the original term to maturity and whether or not the Mortgage Loan (including the related Note) has been modified; and (2) in the case of adjustable rate Mortgage Loans, the interest rate borne by such Mortgage Loan on the Purchase Date, the index and applicable determination date for each adjustment period, the gross margin, the payment adjustment period (in months), months to next payment adjustment, periodic payment adjustment cap, lifetime payment adjustment cap, lifetime payment cap, interest rate adjustment, periodic interest adjustment cap and lifetime interest rate adjustment cap, cap ratio, cap amount paid to date; credit grade, FICO score, lien flag, prepay flag/terms, debt to income rate, and fees charged up front and pre-tax disposable income will be provided on a weekly date after the related Purchase Date and, when supplied will constitute part of the Loan Schedule.

"MERS" shall mean Mortgage Electronic Registration System, Inc.

"Mortgage" means the mortgage, deed of trust or other instrument creating a first lien on an estate in fee simple interest in real property securing the Note.

"Mortgage Assignment" shall mean an assignment of the Mortgage in recordable form, reflecting the sale of the Mortgage, which assignment, notice of transfer or equivalent instrument may be in the form of one or more blanket assignments covering the Mortgage Loans secured by Mortgaged Properties located in the same jurisdiction if permitted by law.

"Mortgage File" shall refer to the Loan Mortgage File as described in Section 2(b).

"Mortgage Loan" shall mean a first lien home equity loan evidenced by a Note, which is secured by a Mortgage.

"Mortgaged Property" shall mean the real property securing repayment of a Mortgage Loan.

"Mortgagor" shall mean the obligor on a Note.

"Note" shall mean any promissory note or other evidence of indebtedness evidencing the indebtedness of a Mortgagor under a Mortgage Loan.

"Notice Loan Schedule" shall have the meaning set forth in Section 4(b) of this Agreement.

"Notice of Termination" shall mean the notice substantially in the form of Exhibit D hereto.

"Officer's Certificate" shall mean a certificate signed by (i) an officer of Seller or other Person having officers, submitting a Mortgage File to the Custodian or (ii) the closing attorney for the Mortgage Loan. (The text of any particular Officer's Certificate may be stamped upon a document constituting a portion of a Mortgage File so long as such stamped text is signed by an officer.)

"Person" shall mean any individual, corporation, partnership, joint venture, association, joint stock company, trust (including any beneficiary thereof), unincorporated organization or government or any agency or political subdivision thereof.

"Request/Confirmation" shall mean a written confirmation of a Transaction substantially in the form attached as Exhibit A to the Repurchase Agreement.

"Seller" shall refer to American Home Mortgage Acceptance, Inc..

"Servicer" shall mean a Seller in its capacity as servicer of the Mortgage Loans.

"Third Person" Third Person" shall mean a Person, other than Seller, Purchaser, Securities Intermediary or the Custodian, who has been designated as a transferee of an interest in one or more Mortgage Loans and whose interest is evidenced by a Trust Receipt issued by the Custodian in such Person's name upon such acquisition.

"Trust Receipt" shall mean an instrument substantially in the form of Exhibit C hereto.

SECTION 2.    Delivery of Mortgage Files to Custodian.

(a)    Representations of Seller.    With respect to each Transaction, Seller represents that it has, in accordance with Section 3(d), prior to the sale of each related Mortgage Loan to Buyer pursuant to the Repurchase Agreement, delivered to the Custodian those documents designated in items 1—7 below. All documents delivered to the Custodian shall have been placed by Seller or its representative in an appropriate file folder, properly secured, and clearly marked with the name of the Mortgaged Property and the loan number (the "Loan Number").

(b)    By delivery of a Letter of Transmittal, substantially in the form of Exhibit A hereto, Seller will from time to time certify that it has delivered and released to the Custodian the Mortgage File for a Mortgage Loan and has in its possession the documents with respect to the Mortgage Loan identified in the mortgage loan schedule attached to the Letter of Transmittal as Schedule 1 (the "Loan Schedule"). The Loan Schedule is the Loan Schedule referred to in the Repurchase Agreement.

"Mortgage File" means the following documents (all of which together constitute an original mortgage file):

(1)    the original Note, endorsed, "Pay to the order of _____, without recourse" and signed in the name of the Seller by an authorized officer. If the Note has been signed by a Person on behalf of the Mortgagor, the original power of attorney or other instrument that authorized and empowered such Person to sign or a copy of such power of attorney together with an Officer's Certificate or certification of the title company, escrow agent or closing atorney certifying that such copy represents a true and correct copy and that such original has been duly recorded in the appropriate records depository for the jurisdiction in which the Mortgaged Property is located. Such signature on the Note shall be an original signature of such authorized officer. To the extent that there is no room on the face of the Note for endorsements, the endorsement may be contained on an allonge, if the law by which such Note is governed so permits. Such allonge shall be firmly affixed to the Note so as to become a part thereof;

(2)    the original of any loan agreement executed in connection with the Note;

(3)    the original Mortgage, with evidence of recording thereon, or, if the original Mortgage has not yet been returned from the recording office, a copy of the original Mortgage together with an Officer's Certificate, a certificate of either the closing attorney, escrow agent or an officer of the title insurer which issued the related title insurance policy, certifying that the copy is a true copy of the original of the Mortgage which has been delivered by Seller or such escrow agent, attorney or officer for recording in the appropriate recording office of the jurisdiction in which the Mortgaged Property is located; and if the Note has been signed by a Person on behalf of the Mortgagor, the original power of attorney or other instrument that authorized and empowered such Person to sign or a copy of such power of attorney together with an Officer's Certificate or certificate of the escrow agent, title company or closing attorney certifying that such copy represents a true and correct copy and that such original has been duly recorded in the appropriate records depository for the jurisdiction in which the Mortgaged Property is located;

(4)    the original Mortgage Assignment in blank for each Mortgage Loan, in form and substance acceptable for recording and signed in the name of the last endorsee by an authorized officer;

(5)    the originals of all intervening assignments of mortgage, if any, with evidence of recording thereon or copies thereof certified by the related recording office or, if the original of any such assignment has not yet been returned from the recording

4

office, a copy of the original of any such assignment without evidence of recording thereon together with an Officer's Certificate, a certificate of the escrow agent, the closing attorney or an officer of the title insurer which issued the related title insurance policy, certifying that the copy is a true copy of the original of any such assignment which has been delivered by Seller or such escrow agent, attorney or officer for recording in the appropriate recording office of the jurisdiction in which the Mortgaged Property is located;

   (6) the originals of all assumption, modification, consolidation or extension agreements, if any, with evidence of recording thereon; and

   (7) as to each Mortgage Loan, (i) the original mortgagee title insurance policy or (ii) if such policy has not been issued, (a) a written commitment or binder for such policy issued by a title insurer and an officer's certificate of the title insurer certifying that all of the requirements specified in such commitment have been satisfied or (b) a preliminary title report issued by a title insurer in anticipation of issuing a title insurance policy which evidences existing liens and gives a preliminary opinion as to the absence of any encumbrance on title to the Mortgaged Property except liens to be removed on or before purchase by the Mortgagor or which constitute customary exceptions acceptable to lenders generally.

In the event that Seller registers the related intervening assignments and the Mortgage Assignments with MERS, the definition of "Mortgage File" shall not include items (4) and (5) herein.

SECTION 3. The Custodian's Receipt, Examination and Certification of Mortgage Files and Issuance of Trust Receipt.

(a) With respect to each Mortgage Loan listed on the Mortgage Loan Schedule, the Custodian shall examine the documents received by it and confirm, as of the date of the Trust Receipt, that on their faces:

   (1) the Note and Mortgage each bears an original signature or signatures purporting to be the signature or signatures of the Person or Persons named as the maker and mortgagor or grantor or, in the case of copies of the Mortgage permitted under Section 2, that such copies bear a reproduction of such signature or signatures;

   (2) (a) the principal amount of the indebtedness secured by the Mortgage is identical to the original principal amount of the Note and the original principal amount on the Loan Schedule; (b) the Note term is the same as set forth on the Loan Schedule; and (c) the Note coupon is the same as set forth on the Loan Schedule;

   (3) the Note bears original endorsements which complete the chain of ownership from the original holder or payee to the last mortgagee, and is endorsed in blank;

   (4) the original of the Mortgage Assignment and any intervening mortgage assignment bears the original signature purporting to be the signature of the named

5

mortgagee or beneficiary (and any subsequent assignors) or in the case of copies permitted under Section 2, that such copies bear a reproduction of such signature or signatures and that the Mortgage Assignment and any intervening mortgage assignment complete the chain of title from the originator to the last mortgagee and is completed in blank;

(5)    the power of attorney (if any), as specified in Sections 2(b)(1) and 2(b)(3), (A) bears an original signature purporting to be the signature of the maker of the Note and the mortgagor or grantor of the Mortgage and (B) bears evidence that such power of attorney was recorded or, in case of copies permitted under Sections 2(b)(1) and (2)(b)(3), that such copies bear a reproduction of such signatures and such evidence of recordation;

(6)    if a Note or a Mortgage was executed by an attorney-in-fact, the power of attorney specified in Sections 2(b)(1) and 2(b)(3) is included and conforms to the requirements of such section; and

(7)    there exists for each Mortgage Loan one of the documents required by clause (7) of the definition of Mortgage File.

(b)    If the Custodian has determined that all the required documents are included in the Mortgage Files delivered to it and that such related documents in Section 2(b)(1), (3), (4), (5) and (7), and to the extent actually delivered to the Custodian, the documents in Section 2(b)(2) and (6), on their faces satisfy the requirements enumerated in Sections 3(a)(1) through 3(a)(6) hereof, the Custodian shall remit to Securities Intermediary with a copy to Buyer or its designee a Trust Receipt with respect to such Mortgage Files signed by the Custodian. Trust Receipts previously issued shall not be reissued unless pursuant to Section 4(b) below. If upon examination of the documents included in any Mortgage File, the Custodian determines that such documents do not satisfy the above requirements, or is unable to confirm that such documents satisfy such requirements, the Custodian shall mark such Mortgage Loan as an exception on its Trust Receipt. Except as set forth in the preceding sentence, the Trust Receipt of the Custodian with respect to each Mortgage File shall be deemed to include a certification that the documents reviewed by the Custodian appear regular on their face and relate to the Mortgage Loan described in the Mortgage File and are in the possession and control of the Custodian.

(c)    Under no circumstances shall the Custodian be obligated to verify the authenticity of any signature on any of the documents received or examined by it in connection with this Agreement or the authority or capacity of any person to execute or issue any such document, nor shall the Custodian be responsible for the value, form, substance, validity, perfection, priority, recordability, effectiveness or enforceability of any of such documents.

(d)    Any provision of this Agreement to the contrary notwithstanding, a Seller shall deliver a Mortgage File to the Custodian and notify the Custodian of the need to examine a Mortgage File and deliver a related Trust Receipt not less than 2 Business Days (for each set of 500 Mortgage Loans to be reviewed) prior to the date on which such Trust Receipt is required to be delivered.

6

SECTION 4.   Possession of Mortgage Files.

(a)      Possession of Mortgage Files on Behalf of Buyer.  The Custodian shall segregate and retain possession and custody of the Mortgage Files for the exclusive use and benefit of Securities Intermediary and as agent and bailee of and custodian for Securities Intermediary for all purposes until otherwise notified by Buyer pursuant to subsection (b) hereof.  The Custodian shall also make appropriate notations in the Custodian's books and records reflecting that the Mortgage Files are owned by Securities Intermediary unless otherwise notified by Buyer or Third Person pursuant to subsection (b) hereof.  The release by the Custodian of any portion of the Mortgage Files to a Seller shall be subject to the restrictions set forth in Exhibit H.

(b)      Possession of Mortgage Files on Behalf of Third Persons.  The Custodian acknowledges that Buyer may transfer its interest in the Mortgage Loans to one or more Third Persons whereupon the Securities Intermediary will hold the Trust Receipt as Securities Intermediary for such Third Person, unless otherwise notified by such Third Person.  The Securities Intermediary shall act only through the Buyer and the Custodian shall not take direction or instructions from the Custodian, provided, however, the Custodian shall accept a properly executed Assignment from the Securities Intermediary pursuant to subparagraphs (i) through (iv) herein this subsection (b).  Subject to the conditions set forth below, upon delivery of a Trust Receipt and Assignment by the Buyer or Third Person, the Custodian will promptly issue a Trust Receipt to such Third Person and shall issue an amended Trust Receipt to the Securities Intermediary (with a copy to Buyer), each of which will reflect the transfer of Buyer's interest in certain Mortgage Loans to such Third Person.  The Assignment delivered by the Third Person to the Custodian shall be in substantially the form of Exhibit E hereto and shall (i) specify the name of the Third Person, (ii) specify the address of the Third Person, which may be an address in care of Buyer, (iii) have attached the Notice Loan Schedule and (iv) be executed by the Securities Intermediary.  Upon receipt of any such Assignment from Buyer, the Custodian shall (a) segregate and retain possession and custody of the Mortgage Files with respect to the Mortgage Loans in the Notice Loan Schedule as agent and bailee of and custodian for such Third Person, and (b) make appropriate notations in the Custodian's books and records reflecting that the Mortgage Files identified in the Notice Loan Schedule are owned by such Third Person.  The Custodian shall segregate and maintain continuous custody of all Mortgage Files for the benefit of the Person to whom it has issued a Trust Receipt.  Buyer's agreements with each holder of a Trust Receipt other than an affiliate of Buyer will specify that the Securities Intermediary may not execute an Assignment to a Third Person unless Buyer has defaulted on Buyer's obligations to such Third Person.  Accordingly, the Custodian may not act on requests from a Third Person to withdraw or otherwise dispose of Mortgage Loans unless the Third Person delivers to the Custodian an executed Trust Receipt and Assignment thereto executed by the Securities Intermediary.  The Custodian shall be entitled to presume conclusively that the Assignment is properly executed and that when delivered to the Custodian an Event of Default exists under Buyer's agreement with such Third Person.

(c)      Upon surrender of the Trust Receipt by Buyer to the Custodian, Buyer may issue instructions regarding the Mortgage Loans designated in the applicable Trust Receipt, including instructions to withdraw Mortgage Loans.

7

(d)      In the event a Trust Receipt is lost, destroyed or otherwise unavailable for surrender to the Custodian, Buyer (if the Trust Receipt is issued to the Securities Intermediary prior to such loss or destruction) or Third Person will present to the Custodian documentation in the form attached as Exhibit F or Exhibit G hereto. Upon receipt by the Custodian of such documentation, Buyer or Third Person, as applicable, will have the right to issue instructions regarding the Mortgage Loans covered by a Trust Receipt without surrender of the related Trust Receipt.

(e)      The Custodian understands that Buyer may need to examine Mortgage Loans subject to a Trust Receipt on a periodic basis. Such examination shall take place on the premises of the Custodian during the Custodian's normal business hours. Buyer will give the Custodian one Business Day's notice before Buyer makes an examination.

(f)      The Custodian shall cause to be kept at its corporate trust office a register (the "Custodial Register") in which, subject to such reasonable regulations as it may prescribe, the Custodian shall reflect the ownership of Mortgage Loans as confirmed by Trust Receipts as herein provided. The Custodial Register shall be deemed to contain proprietary information and only Custodian (including its employees, agents, auditors, regulators, attorneys and any entity having jurisdiction over the Custodian) and Buyer shall have access to such information.

SECTION 5.    Release of Custodian's Mortgage Files for Servicing. From time to time and as appropriate for the servicing of any of the Mortgage Loans by Seller, the Custodian is hereby authorized, upon written request and receipt of a Seller and consent and acknowledgement of Buyer (to the extent required by Exhibit H) in the form of Exhibit H, to release to Seller or its designee the related Mortgage File, or any documents contained therein, set forth in such receipt to Seller. All documents so released to Seller or its designee shall be held by it in trust for the benefit of the Securities Intermediary and Third Persons from time to time. Seller or its designee shall return to the Custodian the Mortgage File or such documents when Seller's need therefor in connection with servicing no longer exists.

Upon the payment in full of any Mortgage Loan by the mortgagor, and upon receipt by the Custodian of Seller's request for release and acknowledgement by Buyer in the form of Exhibit H, the Custodian shall promptly release the related Mortgage File to Seller.

Seller agrees that, at the time any request for release of Mortgage Files is made to the Custodian under this Agreement, Buyer shall be so notified and a copy of any written request for release shall be furnished to Buyer. Upon its receipt of any released Mortgage Files, Seller shall so notify Buyer.

SECTION 6.    Waiver by the Custodian. Notwithstanding any other provisions of this Agreement, the Custodian shall not at any time exercise or seek to enforce any claim, right or remedy, including any statutory or common law rights of set-off, if any, that the Custodian might otherwise have against all or any part of a Mortgage File or the proceeds thereof. The Custodian warrants that it currently holds, and during the existence of this Agreement shall hold, no adverse interest, by way of a security interest or otherwise, in any Mortgage Loan.

8

SECTION 7.   Right of Inspection by Buyer, Securities Intermediary and Third Persons. Upon reasonable notice to the Custodian, the Buyer, the Securities Intermediary or the Person or Persons for whom the Securities Intermediary is acting as Securities Intermediary or a Third Person, or their duly authorized representatives, may at any time, during the Custodian's normal business hours, inspect and examine the Mortgage Files in the possession and custody of the Custodian at such place or places where such Mortgage Files are deposited.

SECTION 8.   Custodian's Fees and Expenses. The Custodian hereby acknowledges that Seller has agreed to pay all fees due and owing to, and any expenses incurred by the Custodian under this Agreement. The fees due to the Custodian for its services hereunder shall be as set forth in a separate letter agreement between the Custodian and Seller. In addition to the fees referred to in the two foregoing sentences, Seller has agreed to reimburse all out-of-pocket expenses incurred by the Custodian in connection with the review of each Mortgage File by it or its agent and its issuance of a Trust Receipt relating thereto. Neither Buyer, Securities Intermediary nor any Third Person shall have any liability or obligation to pay any such fees or expenses, and the duties of the Custodian hereunder shall be independent of Seller's performance of its obligations to the Custodian in respect of such fees and expenses. The obligations of Seller to compensate and to pay or reimburse the Custodian shall survive the termination of this Agreement or the earlier resignation or removal of the Custodian.

SECTION 9.   Termination of Agreement. This Agreement shall become effective on and as of the date hereof and shall terminate upon the earlier of (i) the Custodian's receipt of written Notice of Termination signed by the Person or Third Person or (ii) the removal of all Mortgage Files from the possession of the Custodian pursuant to the instructions of the Person or Persons entitled to request such removal pursuant to this Agreement. The Custodian shall be entitled to rely, and shall be protected in relying, on any such Notice of Termination delivered to it by such Person or Persons. Upon such termination the Custodian shall deliver all Mortgage Files then subject to this Agreement to the Person indicated in such Notice of Termination or if no such Person is indicated, then to the Person or Persons to whom the Custodian has issued Trust Receipts and for whom the Custodian is acting on such date.

SECTION 10. Resignation and Removal of Custodian.

(a)   Resignation. The Custodian shall have the right, with or without cause, to resign as the Custodian under this Agreement upon 30 days' prior written notice to Seller, the Buyer and the Securities Intermediary. Following any such resignation, the Custodian shall continue to act as the "Custodian" under this Agreement until it delivers the Mortgage Files to a duly appointed successor Custodian as provided in (c) below, if any, or to any designee specified by Buyer or any Third Person, as applicable.

(b)   Removal. Buyer and, to the extent of its interest, any Third Persons may remove and discharge the Custodian from the performance of its duties under this Agreement, by providing five (5) days' written notice to the Custodian, signed jointly by Buyer and a majority in interest of (calculated with reference to the face value of the Mortgage Loans) any Third Person, as evidenced by the holding of a Trust Receipt, with a copy to Seller. Following any such removal, the Custodian shall continue to act as the "Custodian" under this Agreement until it delivers the Mortgage Files (such delivery to occur not later than 30 days following the

9

Custodian's receipt of the written notice of removal) to a duly appointed successor Custodian as provided in (c) below, if any, or to any designee specified by Buyer or any Third Person, as applicable.

      (c)     <u>Appointment of Successor Custodian; Transfer of Mortgage Loans</u>. Upon resignation or removal of the Custodian, Buyer and, to the extent of its interest and if permitted by Section 4 hereof, any Third Person shall have 60 days in which to appoint and designate a successor to take possession of their respective Mortgage Files or select one or more designees to take possession thereof. Upon receipt of written direction regarding the foregoing from Buyer or, provided the Custodian has received the written notice of transfer set forth in Exhibit B, any Third Person with respect to the Mortgage Loans in which they have an interest, as applicable, the Custodian shall deliver all Mortgage Files to the person so designated within 10 days following delivery to the Custodian of such written notice. If a successor Custodian is appointed, the Custodian shall deliver the Mortgage Files in accordance with the written instructions of Buyer and a majority in interest of (calculated with reference to the face value of the Mortgage Loans) Third Persons having interests in the Mortgage Loans to the extent such Third Persons are permitted to take action with respect thereto under Section 4 hereof setting forth the name and address of the successor Custodian. If Buyer and, to the extent of its interest, any such Third Person, fail to jointly designate a successor Custodian or specify one or more designees within such 60-day period, then the Custodian shall deliver possession and custody to Buyer and, if otherwise permitted under Section 4 hereof, any Third Person, of their respective Mortgage Files, as applicable, at the address specified in the Custodian's records. The Custodian shall, as part of the transfer of the Mortgage Files, deliver the Mortgage Assignment for each Mortgage Loan in recordable form and shall endorse the Note without recourse, representation and warranties in accordance with Buyer's or the applicable Third Person's instructions. Any successor Custodian hereunder shall be a financial institution whose deposits are insured by FDIC, have a net worth of not less than $10,000,000 and shall have secure vault storage facilities located in the State of New York or such other State as Buyer and Seller may agree, in which the Mortgage Files are to be retained.

      SECTION 11. <u>Limitation on Obligations of the Custodian</u>. The Custodian shall have no duties or obligations other than those specifically set forth herein, and no further duties or obligations shall arise by implication or otherwise. The Custodian agrees to use good faith in the performance of such obligations and duties and shall incur no liability to Seller for its acts or omissions hereunder, except as may result from its gross negligence or willful misconduct. The Custodian shall also be entitled to rely (and shall be protected in relying) upon written advice of its legal counsel and to rely upon any written notice, document, correspondence, request or directive received by it from Buyer, any Third Person (if applicable), or a Seller, as the case may be, that the Custodian believes to be genuine and to have been signed or presented by the proper and duly authorized officer or representative thereof, and shall not be obligated to inquire as to the authority or power of any Person so executing or presenting such documents or as to the truthfulness of any statements set forth therein. No provision of this Agreement shall require the Custodian to expend or risk its own funds or otherwise incur financial liability in the performance of its duties hereunder if it shall have reasonable grounds for believing that repayment of such funds or adequate indemnity is not reasonably assured to it. Seller agrees to indemnify, defend and hold the Custodian and its officers, directors, agents and employees harmless from and against any claim, legal action, out-of-pocket liability or loss that is initiated

against or incurred by the Custodian, including court costs and reasonable attorney's fees and disbursements, and all of the Custodian's other out-of-pocket cost, damage or expense incurred in connection with the Custodian's performance of its duties under this Agreement, but excluding any such claim, legal action, liability, loss, cost, damage or expense caused by Custodian's gross negligence or willful misconduct. The obligation of the Seller to indemnify the Custodian shall survive the termination of this Agreement and the earlier of the removal or resignation of the Custodian.

Buyer hereby acknowledges that the Custodian shall not be responsible for the monitoring of, or the validity and perfection of, Buyer's security interest in the Mortgages and the Mortgage Loans hereunder, other than the Custodian's obligation to take possession of the Mortgage File for each Mortgage Loan.

The Custodian shall have no responsibility or duty with respect to any Mortgage Files not in its physical possession, it being understood and agreed that possession by the Custodian of any Mortgage File shall not be imputed to the Custodian at any time such Mortgage File is in transit, with a courier, to or from the Custodian.

If the Custodian requests instructions from Buyer with respect to any action or omission in connection with this Agreement, the Custodian shall be entitled (without incurring any liability therefor to Buyer, Seller or any other Person) to refrain from taking such action and continue to refrain from acting unless and until the Custodian shall have received written instructions from Buyer with respect to such request.

The Custodian shall at its own expense maintain at all times during the existence of this Agreement and keep in full force and effect (a) fidelity insurance, (b) theft and loss of documents insurance, (c) forgery insurance, and (d) errors and omissions insurance. All such insurance shall be in amounts, with standard coverage and subject to deductibles, as are customary for insurance typically maintained by banks which act as the Custodian in similar transactions. The Custodian shall, upon written request, provide to Seller, or to any other Person as Seller shall direct, a certificate signed by an authorized officer of the Custodian certifying that the foregoing insurance policies are in full force and effect. The Custodian shall promptly advise Buyer and Seller if it becomes aware that such insurance has been or will be terminated.

In order to comply with its duties under the U.S.A. Patriot Act, the Custodian shall obtain and verify certain information and documentation from the other parties hereto, including, but not limited to, such parties' names, addresses, and other identifying information.

SECTION 12. <u>Notices</u>. Any notice, demand or consent required or permitted by this Agreement shall be in writing and shall be effective and deemed delivered only when received by the party to which it is sent. Any such notice, demand or consent shall be delivered in person or transmitted by a recognized private courier service or deposited with the United States Postal Service, certified mail, postage prepaid, return receipt requested, addressed as follows, unless such address is changed by written notice hereunder:

If to Seller:

American Home Mortgage Acceptance, Inc.
520 Broadhollow Road
Melville, NY 11747

Attn: Thomas McDonagh
Telephone: 516-622-8960
Telecopy: 516-949-3942

If to Buyer:

Bear Stearns Mortgage Capital Corporation
383 Madison Avenue
New York, New York 10179

Attn: Eileen Albus
Telephone: (212) 272-7502
Telecopy: (212) 272-2053

If to the Custodian:

Deutsche Bank National Trust Company
1761 East St. Andrew Place
Santa Ana, CA 92705

Attn: Mortgage Custody – AH045C
Telephone: (714) 247-6000
Telecopy: (714) 247-6058

If to the Securities Intermediary:

JPMorgan Chase Bank
4 New York Plaza
New York, New York 10004-2477
Attn: Brokers and Dealers Clearance Department
Telephone: Allen B. Clark
Senior Vice President
(212) 623-7219
Telecopy: (212) 623-5959

SECTION 13. No Assignment or Delegation by the Custodian. The Custodian shall not assign, transfer, pledge or grant a security interest in any of its rights, benefits or privileges hereunder nor delegate or appoint any other person to perform or carry out any of its duties, responsibilities or obligations under this Agreement; any act or instrument purporting to effect any such assignment, transfer, pledge, grant, delegation or appointment shall be void.

SECTION 14. Controlling Law. This Agreement and all questions relating to validity, interpretation, performance and enforcement shall be governed by and construed, interpreted and

12

enforced in accordance with the laws of the State of New York, without regard to any New York or other conflict-of-law provisions.

SECTION 15. <u>Agreement for the Exclusive Benefit of Parties</u>. This Agreement is for the exclusive benefit of the parties hereto, and their respective successors and permitted assigns, and shall not be deemed to create or confer any legal or equitable right, remedy or claim upon any other person whatsoever except the Securities Intermediary and a Third Person to the extent rights are explicitly conferred on the Securities Intermediary and any one or more Third Persons pursuant to this Agreement.

SECTION 16. <u>Entire Agreement</u>. This Agreement contains the entire agreement among the parties hereto with respect to the subject matter hereof, and supersedes all prior and contemporaneous agreements, understandings, inducements and conditions, express or implied, oral or written, of any nature whatsoever with respect to the subject matter hereof, including any prior custody agreements. The express terms hereof control and supersede any course of performance and/or usage of the trade inconsistent with any of the terms hereof. This Agreement may not be modified or amended other than by an agreement in writing signed by every party affected thereby.

SECTION 17. <u>Exhibits</u>. All Exhibits referred to herein or attached hereto are hereby incorporated by reference into, and made a part of, this Agreement.

SECTION 18. <u>Indulgences, Not Waivers</u>. Neither the failure nor any delay on the part of a party hereto to exercise any right, remedy, power or privilege under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right, remedy, power or privilege preclude any other or further exercise of the same or of any other right, remedy, power or privilege, nor shall any waiver of any right, remedy, power or privilege with respect to any occurrence be construed as a waiver of such right, remedy, power or privilege with respect to any other occurrence. No waiver shall be effective unless it is in writing and is signed by the parties asserted to have granted such waiver.

SECTION 19. <u>Titles Not to Affect Interpretation</u>. The titles of sections and subsections contained in this Agreement are for convenience only, and they neither form a part of this Agreement nor are they to be used in the construction or interpretation hereof.

SECTION 20. <u>Provisions Separable</u>. The provisions of this Agreement are independent of and separable from each other, and no provision shall be affected or rendered invalid or unenforceable by virtue of the fact that for any reason any other provision or provisions may be invalid or unenforceable in whole or in part.

SECTION 21. <u>Representations and Warranties of the Custodian</u>. The Custodian represents, warrants to, and covenants with Buyer that on the date hereof, and on the date of the issuance of any Trust Receipt by the Custodian:

(1)    The Custodian is (i) a national banking association duly organized, validly existing and in good standing under the laws of the United States of America and (ii) duly qualified and in good standing and in possession of all requisite authority, power, licenses, permits and franchises in order to execute, deliver and comply with its

obligations under the terms of this Agreement;

(2)    The execution, delivery and performance of this Agreement have been duly authorized by all necessary corporate action and the execution and delivery of this Agreement by the Custodian in the manner contemplated herein and the performance of and compliance with the terms hereof by it will not (i) violate, contravene or create a default under any applicable laws, licenses or permits to the best of its knowledge, or (ii) violate, contravene or create a default under any charter document or bylaw of the Custodian;

(3)    The execution and delivery of this Agreement by the Custodian and the performance of and compliance with its obligations and covenants hereunder do not require the consent or approval of any governmental authority or, if such consent or approval is required, it has been obtained;

(4)    This Agreement, when executed and delivered by the Custodian, will constitute valid, legal and binding obligations of the Custodian, enforceable against the Custodian in accordance with their respective terms, except as the enforcement thereof may be limited by applicable debtor relief laws and that certain equitable remedies may not be available regardless of whether enforcement is sought in equity or at law;

SECTION 22.  Counterparts.  For the purpose of facilitating the execution of this Agreement as herein provided and for other purposes, this Agreement may be executed simultaneously in any number of counterparts, each of which counterpart shall be deemed to be an original, and such counterparts shall constitute and be one and the same instrument.

14

IN WITNESS WHEREOF, the parties have entered into this Agreement as of the date set forth above.

AMERICAN HOME MORTGAGE
ACCEPTANCE, INC., as Seller

By: _____
    Name: Thomas McDonough
    Title: Executive Vice President

DEUTSCHE BANK NATIONAL TRUST
    COMPANY, as Custodian

By: _____
    Name:
    Title:

By: _____
    Name:
    Title:

BEAR STEARNS MORTGAGE CAPITAL
    CORPORATION, as Buyer

By: _____
    Name:
    Title:

15

IN WITNESS WHEREOF, the parties have entered into this Agreement as of the date set forth above.

AMERICAN HOME MORTGAGE
ACCEPTANCE, INC., as Seller

By: _____

    Name:
    Title:

DEUTSCHE BANK NATIONAL
TRUST    COMPANY, as Custodian

By: _____

    Name: Aimee Kemmeter
    Title: Assistant Vice President

By: _____

    Name: Andrew Hays
    Title: Associate

BEAR STEARNS MORTGAGE
CAPITAL CORPORATION, as Buyer

By: _____

    Name:
    Title:

IN WITNESS WHEREOF, the parties have entered into this Agreement as of the date set forth above.

AMERICAN HOME MORTGAGE
ACCEPTANCE, INC., as Seller

By: _____
    Name:
    Title:

DEUTSCHE BANK NATIONAL TRUST
    COMPANY, as Custodian

By: _____
    Name:
    Title:

By: _____
    Name:
    Title:

BEAR STEARNS MORTGAGE CAPITAL
    CORPORATION, as Buyer

By: _____
    Name: David Marren
    Title:

15

EXHIBIT A

LETTER OF TRANSMITTAL

To:   Deutsche Bank National Trust Company   From:  American Home Mortgage
Acceptance, Inc.

1761 East St. Andrew Place
Santa Ana, CA 92705
Attn.: Mortgage Custody – AH045C

Loan Number:_____   Mortgaged Property:_____

     Pursuant to the Custody Agreement as amended and restated as of June 23, 2004 (the "Custody Agreement") among Deutsche Bank National Trust Company (the "Custodian"), American Home Mortgage Acceptance, Inc. ("Seller"), and Bear Stearns Mortgage Capital Corporation, Seller hereby delivers to you (i) the documents described below in connection with the Mortgage Loans referred to above and (ii) an updated Loan Schedule identifying each Mortgage Loan in your custody (including the Mortgage Loan referred to above).

     We understand that the following is a checklist that lists the materials for transmittal in brief fashion; it is not intended to describe fully all the required characteristics of each item. We further understand that each item sent to the Custodian must comply with the applicable requirements of the Custody Agreement, and that all required documents must be delivered together before the Custodian will accept the Mortgage Loan.

Section 2

| | | |
|---|---|---|
| (1) | ( ) | Letter of Transmittal (original and one copy) |
| (2) | ( ) | Original Note (endorsed in blank), including all intervening endorsements |
| | |    ( )    Power of Attorney (if applicable) |
| (3) | ( ) | Original of any loan agreement and guarantee executed in connection with the Notes, if applicable |
| (4) | ( ) | Mortgage |
| | |    ( )    original, or |
| | |    ( )    Conformed Copy, together with the appropriate certificate |
| (5) | ( ) | Assignment of Mortgage in blank |
| | |    ( )    original, or |
| | |    ( )    Conformed Copy, together with the appropriate certificate |
| (6) | ( ) | Intervening Mortgage Assignment, if any |
| | |    ( )    original, or |
| | |    ( )    Conformed Copy, together with the appropriate certificate |
| (7) | ( ) | originals of all assumption, modification, consolidation or extension agreements |
| (8) | ( ) | Lender's Title Insurance Policy |
| | |    ( )    original, or |
| | |    ( )    Written commitment issued by the title insurance company, together with the appropriate certificate, or |
| | |    ( )    Preliminary Title Report |

(9)　( )　other.

Submitted

By: _____

Date: _____

Telephone Number: _____

EXHIBIT B

## NOTICE TO THE CUSTODIAN

TO:          Deutsche Bank National Trust Company, as Custodian

FROM:        Bear Stearns Mortgage Capital Corporation

DATE:        _____

Pursuant to the Custody Agreement as amended and restated as of June 23, 2004, among American Home Mortgage Acceptance, Inc., Bear Stearns Mortgage Capital Corporation and Deutsche Bank National Trust Company, as Custodian ("Custody Agreement"), the undersigned hereby notifies you that it has transferred its interest in the Mortgage Files with respect to the Mortgage Loans identified in the mortgage loan schedule attached hereto (the "Notice Loan Schedule") to [TRANSFEREE NAME AND ADDRESS].

Included with this notice is the original Trust Receipt for amendment of the Loan Schedule attached thereto.  Capitalized terms used herein without definition are as defined in the Custody Agreement.

BEAR STEARNS MORTGAGE CAPITAL CORPORATION

By: _____
Name:
Title:

cc:    American Home Mortgage Acceptance, Inc.

B-1

EXHIBIT C

TRUST RECEIPT

[Date]

JPMorgan Chase Bank as Securities Intermediary for Bear Stearns Mortgage Capital Corporation and its transferees and assigns

Re:    Custody Agreement as amended and restated as of June 23, 2004, among
American Home Mortgage Acceptance, Inc., Bear Stearns Mortgage
Capital Corporation and Deutsche Bank National Trust Company, as Custodian

Gentlemen:

In accordance with the provisions of Paragraph 3 of the above-referenced Custody Agreement (the "Custody Agreement"), the undersigned, as Custodian, hereby certifies that as to each Mortgage Loan described in the Loan Schedule, a copy of which is attached hereto, it has reviewed the Mortgage File and has determined that, except as set forth on the Exception Report attached hereto, (i) all documents required to be delivered to it pursuant to Section 2(b)(1), (3), (4), (5) and (7) of the Custody Agreement, and to the extent delivered to the Custodian, the documents pursuant to Section 2(b)(2) and (6) of the Custody Agreement are in its possession, (ii) such documents have been reviewed by it and appear regular on their face and relate to such Mortgage Loan, and (iii) based on its examination of the foregoing documents, such documents on their face satisfy the requirements set forth in Sections 3(a)(1) through 3(a)(6) of the Custody Agreement.

The Custodian hereby confirms that it is holding each such Mortgage File as agent and bailee of and custodian for and for the exclusive use and benefit of JPMorgan Chase Bank as Securities Intermediary on behalf of Bear Stearns Mortgage Capital Corporation ("BSMCC") or its transferee pursuant to the terms of the Custody Agreement.

This Trust Receipt is not a negotiable instrument. The Securities Intermediary may, however, transfer this receipt by execution of the Assignment attached hereto.

The Custodian will accept and act on instructions with respect to the Mortgage Loans only upon surrender of this receipt together with the executed Assignment at its corporate trust office, Deutsche Bank National Trust Company, 1761 East St. Andrew Place, Santa Ana, CA 92705, Attention: Mortgage Custody – AH045C.

C-1

All initially capitalized terms used herein shall have the meanings ascribed to them in the above-referenced Custody Agreement.

> DEUTSCHE BANK NATIONAL TRUST
> COMPANY, as Custodian
>
> By: _____
> Name:
> Title:

.C-2

EXHIBIT D

## NOTICE OF TERMINATION

[date]

TO:       Deutsche Bank National Trust Company, as Custodian

FROM:    Bear Stearns Mortgage Capital Corporation
         [and, one or more Third Persons, if applicable]

DATE:    _____

You are hereby notified that the Custody Agreement as amended and restated as of June 23, 2004, American Home Mortgage Acceptance, Inc., Bear Stearns Mortgage Capital Corporation and Deutsche Bank National Trust Company, as Custodian, is terminated pursuant to Section 9 of such Agreement and you are instructed to deliver all property in your possession with respect to such Agreement to [the undersigned Person or Persons as their interests in the Mortgage Loans appear on your records].

BEAR STEARNS MORTGAGE CAPITAL
CORPORATION

By: _____
Name:
Title:

[_____]

By: _____
Name:
Title:

cc:    American Home Mortgage Acceptance, Inc.

D-1

EXHIBIT E

## ASSIGNMENT

FOR VALUE RECEIVED, the undersigned hereby sell(s), assign(s) and transfer(s) unto _____ (Please print or typewrite name and address including postal zip code of assignee) a 100% Undivided Interest evidenced by the within Trust Receipt and Mortgage Loans evidenced thereby.

The undersigned further directs Deutsche Bank National Trust Company, the File Custodian, to issue a new Trust Receipt, to the above named assignee and deliver such Trust Receipt (or, at the option of the above named assignee of the mortgage loans evidenced by the Trust Receipt) to the following address: _____

_____

_____

_____

_____

Signature by or on behalf of assignor

EXHIBIT F

Deutsche Bank National Trust Company,
    as Custodian
1761 East St. Andrew Place
Santa Ana, CA 92705
Attn.: Mortgage Custody – AH045C

> Re:   Custody Agreement as amended and restated as of June 23, 2004, among
> American Home Mortgage Acceptance, Inc., Bear Stearns Mortgage
> Capital Corporation and Deutsche Bank National Trust Company, as Custodian

Gentlemen:

On [date] you issued a trust receipt in the name of BSMCC evidencing entitlement to the Mortgage Loans described on Schedule A hereto and held by you as Custodian. You issued that receipt pursuant to our agreement with American Home Mortgage Acceptance, Inc. dated as of June 23, 2004. The trust receipt has been [lost, destroyed, etc.]. Every effort was made to recover the receipt; those efforts were unsuccessful. It is, therefore, now unavailable for surrender to you.

At the time of its [loss, destruction, etc.], the receipt was held by us under [the terms of original issue, special endorsement]. Since its [issuance, endorsement] to us, we have not sold, assigned, transferred, pledged or otherwise granted an interest in the trust receipt that has not been released prior to the date hereof. Accordingly, this letter authorizes you to act on the instructions of the undersigned regarding such Mortgage Loans without surrender of the receipt to you.

We hereby agree to indemnify and hold you harmless against any loss, liability or expense that you may incur as a result of acting on our instructions regarding such Mortgage Loans without our surrender of the receipt to you, excluding, however, any such loss, liability or expense caused by your gross negligence or willful misconduct.

If the trust receipt is ever recovered by us, we will immediately notify you, cancel the receipt and surrender the receipt to you.

> BEAR STEARNS MORTGAGE CAPITAL
> CORPORATION
>
> [or one or more Third Persons, as applicable]
>
> By: _____
> Name:
> Title:

F-1

NYI 5556577v2

EXHIBIT G

Deutsche Bank National Trust Company,
  as Custodian
1761 East St. Andrew Place
Santa Ana, CA 92705
Attn.: Mortgage Custody – AH045C

Re:    Custody Agreement as amended and restated as of June 23, 2004, among American Home Mortgage Acceptance, Inc., Bear Stearns Mortgage Capital Corporation and Deutsche Bank National Trust Company, as Custodian

Gentlemen:

On [date] you issued a trust receipt in the name of Bear Stearns Mortgage Capital Corporation ("BSMCC") evidencing entitlement to the Mortgage Loans described on Schedule __ hereto and held by you in the name of _____, as Custodian. You issued that receipt pursuant to our agreement with American Home Mortgage Acceptance, Inc. dated as of June 23, 2004. The trust receipt has been [lost, destroyed, etc.]. Every effort was made to recover the receipt; those efforts were unsuccessful. It is, therefore, now unavailable for surrender to you.

At the time of its [loss, destruction, etc.], the receipt was held by [name of transferee] under a special endorsement by us. We have attached to this letter a special endorsement, from [name of transferee] conveying to us its interest in the trust receipt and authorizing us to issue instructions regarding the Mortgage Loans subject thereto without surrender of the receipt. [name of transferee] has represented to us that it has not sold, assigned, transferred, pledged or otherwise granted an interest in the trust receipt to any party other than BSMCC. Accordingly, this letter authorizes you to act on our instructions regarding such Mortgage Loans without surrender of the receipt to you.

We hereby agree to indemnify and hold you harmless against any loss, liability or expense that you may incur as a result of acting on our instructions regarding such Mortgage Loans without our surrender of the receipt to you, excluding, however, any such loss, liability or expense caused by your gross negligence or willful misconduct.

If the trust receipt is ever recovered by us, we will immediately notify you, cancel the receipt and surrender the receipt to you.

> BEAR STEARNS MORTGAGE CAPITAL
> CORPORATION
> [or one or more Third Persons, as applicable]
> By: _____
> Name:
> Title:

G-1

EXHIBIT H

## REQUEST FOR RELEASE OF DOCUMENTS

To:  Deutsche Bank National Trust Company,
     as Custodian
     1761 East St. Andrew Place
     Santa Ana, CA 92705
     Attn.: Mortgage Custody – AH045C

     Re:     Custody Agreement as amended and restated as of June 23, 2004, among
American Home Mortgage Acceptance, Inc. Corporation, Bear Stearns Mortgage
Capital Corporation and Deutsche Bank National Trust Company, as Custodian

In connection with the administration of Mortgage Loans held by you as Custodian for Buyer and Third Persons from time to time pursuant to the above-referenced Custodial Agreement, we hereby request the release, and acknowledge receipt, of the [specify documents] for the Mortgage Loans described below, for the reason indicated.

Mortgagor's Name Address and Zip Code:

Mortgage Loan Number:

Reason for Requesting Documents (check one):

__1.   Mortgage Loan paid in full.  (The Custodian shall delete the Mortgage Loan from the applicable Loan Schedule and send the amended Loan Schedule to Buyer and any related Third Person.)

__2.   Repurchase of Mortgage Loan pursuant to the Repurchase Agreement.  (The Custodian shall delete the Mortgage Loan from the applicable Loan Schedule and send the amended Loan Schedule to Buyer and any related Third Person.)

__3.   Delivery of substituted Mortgage Loan.  (The Custodian is hereby authorized to delete the Mortgage Loan from the applicable Loan Schedule attached hereto and send the amended Loan Schedule to Buyer and any related Third Person.)

__4.   Mortgage Loan liquidated by _____.  (The Custodian is hereby authorized to delete the Mortgage Loan from the applicable Loan Schedule attached hereto and send the amended Loan Schedule to Buyer and any related Third Person.)

__5.   Mortgage Loan in foreclosure or otherwise released for servicing.

If box 1, 2, 3 or 4 above is checked, and if all or part of the Mortgage Files were previously released to American Home Mortgage Acceptance, Inc., please release to American

H-1

Home Mortgage Acceptance, Inc., their previous request and receipt on file with you, as well as any additional documents in your possession relating to the specified Mortgage Loan.

American Home Mortgage Acceptance, Inc. understands and agrees that all documents delivered to American Home Mortgage Acceptance, Inc., or a subservicer pursuant to this request for release (other than with respect to Items 1-4), shall be returned to the Custodian no later than twenty-one (21) days from the date hereof. Capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Custody Agreement.

<div style="margin-left:40%">

AMERICAN HOME MORTGAGE
ACCEPTANCE, INC.


By: _____
Name: _____
Title: _____
Date: _____

</div>

Acknowledged and Agreed:

BEAR STEARNS MORTGAGE
CAPITAL CORPORATION

     (Required if documentation relating to more than three (3) Mortgage Files are outstanding or the release of a Note or Mortgage Assignment is requested.)

By: _____
Name: _____
Title: _____
Date: _____

AMENDMENT NO. 1
TO
CUSTODY AGREEMENT

THIS AMENDMENT NO. 1, made as of November 22, 2004 ("Amendment No. 1"), by and among BEAR STEARNS MORTGAGE CAPITAL CORPORATION (the "Buyer"), AMERICAN HOME MORTGAGE ACCEPTANCE, INC. ("American Home Acceptance"), AMERICAN HOME MORTGAGE INVESTMENT CORP. ("American Home Investment", and together with American Home Acceptance, each a "Seller" and collectively the "Sellers") and DEUTSCHE BANK NATIONAL TRUST COMPANY (the "Custodian").

R E C I T A L S

WHEREAS, Buyer, American Home Acceptance and Custodian have previously entered into a Custody Agreement dated as of June 23, 2004 (the "Agreement");

WHEREAS, Buyer, American Home Acceptance and American Home Investment desire that American Investment be added as a Seller under the Agreement to be jointly and severally liable with American Home for all obligations of any Seller; and

WHEREAS, Buyer and Sellers desire to make certain modifications to the Agreement as described herein;

NOW, THEREFORE, in consideration of the mutual promises and covenants hereinafter set forth, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

Section 1.    Definitions.  Capitalized terms used herein and not otherwise defined shall have the meanings assigned in the Agreement. Capitalized terms used in the Agreement whose definitions are modified in this Amendment No. 1 shall, for all purposes of the Agreement, be deemed to have such modified definitions.

Section 2.    References to Seller.  All references to Seller in the Agreement are hereby amended to mean the Sellers, jointly and severally, unless the context clearly requires otherwise.

Section 3.    Joint and Several Liability of Sellers.  Each Seller agrees to be jointly and severally liable for the obligations of each Seller hereunder and all representations, warranties, covenants and agreements made by or on behalf of each Seller in the Agreement or in any exhibit hereto or any document, instrument or certificate delivered pursuant hereto shall be deemed to have been made by each Seller, jointly and severally. Each Seller further agrees that, notwithstanding any right of Buyer or Custodian to investigate fully the affairs of a Seller and notwithstanding any knowledge of facts determined or determinable by Buyer or Custodian, Buyer and Custodian each have the right to rely fully on the representations, warranties, covenants and agreements of each Seller contained in the Agreement and upon the accuracy of

any document, instrument, certificate or exhibit given or delivered hereunder. The joint and several obligation of each Seller hereunder is absolute, unconditional, irrevocable, present and continuing and, with respect to any payment to be made to Buyer or Custodian, is a guaranty of payment (and not of collectability) and is in no way conditional or contingent upon the continued existence of the other Sellers and is not and will not be subject to any setoffs. Any notice or other communication provided to a Seller pursuant hereto shall be deemed to have been given each Seller and failures to be sent any notice or communication contemplated hereby shall not relieve a Seller from its joint and several liability for the obligations of each Seller hereunder.

Section 4.    Notices and Other Communications. Section 12 of the Agreement shall be amended to add the following address for notice for American Home Investment:

> American Home Mortgage Investment Corp.
> 520 Broadhollow Road
> Melville, NY 11747
>
> Attn: Thomas McDonagh
> Telephone: 516-622-8960
> Telecopy: 516-949-3942

Section 5.    Expenses. Sellers shall pay on demand all fees and expenses (including, without limitation, the fees and expenses for legal services of any kind whatsoever) incurred by Buyer or Custodian in connection with this Amendment No. 1. The obligation of the Sellers to pay such fees and expenses incurred prior to or in connection with the termination of the Agreement as amended by this Amendment No. 1 shall survive such termination.

Section 6.    Governing Law. This Amendment No. 1 shall be governed and construed in accordance with the laws of the State of New York applicable to agreements made and entirely performed therein.

Section 7.    Interpretation. The provisions of the Agreement shall be read so as to give effect to the provisions of this Amendment No. 1.

Section 8.    Counterparts. This Amendment No. 1 may be executed in any number of counterparts, each of which counterparts shall be deemed to be an original, and such counterparts shall constitute but one and the same instrument.

Section 9.    Ratification and Confirmation. As amended by this Amendment No. 1, the Agreement is hereby in all respects ratified and confirmed, and the Agreement as amended by this Amendment No. 1 shall be read, taken and construed as one and the same instrument.

IN WITNESS WHEREOF, Buyer, Custodian and Sellers have caused their names to be signed hereto by their respective officers thereunto duly authorized, all as of the date first above written.

BEAR STEARNS MORTGAGE CAPITAL CORPORATION, as Buyer

By: _____
Title: _____
Date: _____

AMERICAN HOME MORTGAGE ACCEPTANCE, INC., as Seller

By: _____
Title: _____
Date: _____

AMERICAN HOME MORTGAGE INVESTMENT CORP., as Seller

By: _____
Title: _____
Date: _____

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Custodian

By: _____
Title: _____
Date: _____