## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                                    : Chapter 11
                                                          :
AMERICAN HOME MORTGAGE                                    : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,           :
                                                          : Joint Administered
                                                          :
                    Debtors.                              : Ref. Docket No.: 307
------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE (I) CONFIRMING THE DEBTORS' AUTHORITY (a) TO SELL CERTAIN REAL ESTATE OWNED BY THE DEBTORS IN THE ORDINARY COURSE FREE AND CLEAR OF ANY AND ALL LIENS AND ENCUMBRANCES, (b) TO CONTINUE FUNDING SERVICING ADVANCES AND DEDUCTING SUCH SERVICING ADVANCES FROM THE PROCEEDS OF THE SALE, (c) TO DISTRIBUTE PROCEEDS OF THE SALE, AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc. and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors-in-possession in the above cases (collectively, the "Debtors"), pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") for entry of an order (I) confirming the Debtors' authority (a) to sell certain real estate owned by the Debtors [*or owned by investors for whom the Debtors act as Servicer ("REO")*] in the ordinary course of business free and clear of any and all liens and encumbrances, (b) to continue funding loan servicing advances related to the REO and deducting such loan servicing advances from the proceeds of the sale of the REO, (c) to distribute the balance of the sale proceeds in accordance with the relevant loan servicing agreements, and (II) granting related relief; and the Court having determined that the relief requested therein is in the best interest of the Debtors, their estates, their creditors and other parties-in-interest; and due and adequate notice of

---

[1] All capitalized terms not herein defined shall have the meaning ascribed to them in the Motion.

the Motion having been given under the circumstances; and after due deliberation thereon; and good and sufficient cause appearing therefore; it is hereby

ORDERED that the Motion is granted to the extent set forth herein; it is further

ORDERED that the Debtors are authorized to (a) sell REO in the ordinary course of business free and clear of any and all liens and encumbrances, (b) continue the funding of loan servicing advances related to the REO, except as otherwise provided herein, and deducting such loan servicing advances from the proceeds of the sale of REO [if permitted] in accordance with the relevant loan servicing agreements [or servicing documents], and (c) distribute the balance of the sale proceeds [if permitted] in accordance with the relevant loan servicing agreements [or servicing documents]; and it is further

ORDERED that to the extent that any claim or encumbrance exists on the REO, such claim or encumbrance shall attach to the proceeds of the sale in the order of priority and with the same validity, force and effect that such claim or encumbrance may have against the REO at the time of the sale; and it is further

ORDERED that nothing in this Order shall be deemed to modify the terms of the Interim Order (I) Authorizing Debtors' Limited Use of Cash Collateral, (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001 [Docket No. 68] (together with any final order entered in connection therewith, the "Cash Collateral Order") and notwithstanding any provision of this Order to the contrary, upon the sale of any REO which constitutes Pre-Petition Collateral or Collateral (as such terms are defined in the Cash Collateral Order), in accordance with the terms of the Cash Collateral Order and subject to the limitations thereon described in paragraph 20 of the Cash Collateral Order, the Debtors shall pay indefeasibly in cash to the Administrative Agent (as defined in the Cash Collateral Order), for the ratable benefit of the Pre-Petition Secured Lenders

DB02:6197858.10                                                                                                                              066585.1001

(as defined in the Cash Collateral Order), in permanent reduction of the outstanding principal balance of the Indebtedness (as defined in the Cash Collateral Order) all gross proceeds from a sale, lease or other disposition of any such REO, which gross proceeds (i) will be paid directly to the Administrative Agent or (ii) if received by the Debtors, will be paid by the Debtors to the Administrative Agent on the same business day as received by the Debtors; and it is further

ORDERED that notwithstanding any other provision in this Order, the Debtors may not sell any REO property that acted as collateral securing mortgages or other home loans insured or guaranteed by the Federal Housing Administration, the Department of Veterans Affairs, HUD or the Department of Agricultural Rural Development under the Government National Mortgage Association's Mortgage-Backed Securities Program. This Order is without prejudice to the Debtors' right to seek additional relief with respect to such REO property at a later time and is further without prejudice to the Debtors' right to contest any and all motions or pleadings of the Government National Mortgage Association on any and all bases; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions and execute such documents as may be necessary or appropriate to carry out the relief granted herein; and it is further

ORDERED that the stay provided for in Bankruptcy Rules 6004(h) is hereby waived and this Order shall be effective immediately upon its entry; and it is

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: August 24, 2007
Wilmington, Delaware

Christopher S. Sontchi
United States Bankruptcy Judge

3