IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

|  |  |  |
|---|---|---|
| ------------------------------------------------------------ x | : | Chapter 11 |
| In re: | : |  |
|  | : | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : |  |
| a Delaware corporation, et al., | : | Jointly Administered |
|  | : |  |
| Debtors. | : | **Doc. Ref. No. 183** |
| ------------------------------------------------------------ x |  |  |

**ORDER PURSUANT TO SECTIONS 105, 363, 365 AND 554 OF THE
BANKRUPTCY CODE, ESTABLISHING PROCEDURES FOR THE (I)
ASSUMPTION AND ASSIGNMENT OF REAL PROPERTY LEASES AND/OR
OTHER EXECUTORY CONTRACTS AND (II) SALE OR ABANDONMENT OF
FURNITURE, FIXTURES AND EQUIPMENT LOCATED THEREIN**

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage

Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect

affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively,

"AHM" or the "Debtors")[2], seeking entry of an Order, pursuant to sections 105, 363 and 365 of

the Bankruptcy Code, authorizing the implementation of expedited procedures to effectuate the

sale of certain assets that are no longer necessary to the Debtors' mortgage origination business,

including, but not limited to, real property leases (the "Office Leases") *equipment leases (the "Equipment Leases")* and sale of furniture,

fixtures and equipment located therein (the "FF&E" and together with the Office Leases, *and Equipment Leases* the

"Office Assets") related to the Debtors' Production Offices free and clear of all liens, claims,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

interests and encumbrances (collectively, the "Liens") with such Liens attaching to the sale

proceeds of any such assets to the extent of their validity and priority immediately prior to the

sale; and the Debtors having represented to this Court that they are not seeking to (i) sell or lease

personally identifiable information or (ii) interests in consumer credit contracts; and the Court

having jurisdiction to consider the Motion and the relief requested therein in accordance with 28

U.S.C. §§ 157 and 1334; and due notice of the Motion having been provided to the parties; and it

appearing that no other or further notice of the Motion need be provided; and the Court having

determined that the relief sought in the Motion is in the best interests of the Debtors, their estates

and all parties in interest; and upon the Motion, and the Declaration of Michael Strauss in

Support of the Debtors' Chapter 11 Petitions and First Day Relief, dated as of the Petition Date;

and all of the proceedings had before the Court; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the Motion is granted as modified herein; and it is further

ORDERED that the Debtors are authorized, pursuant to sections 105, 363, and

365 of the Bankruptcy Code and subject to the Sale Procedures set forth herein, to effectuate

assignment and sales of the Office Assets to any person or entity; and it is further

ORDERED, that each Sale of ~~Asset(s)~~ FF&E shall be free and clear of any Liens, with

all Liens transferring and attaching to the net proceeds of the Sale with the same validity and

priority as such Liens had in respect of the ~~Office Assets~~ FF&E prior to such Sale, without further order

of the Court; and it is further

ORDERED, that if Debtors are unable to locate a purchaser/or assignor for any of the Office

Assets, they shall be permitted to seek to obtain a mutual release of claims with the landlord of

the Production Office where the burdensome FF&E is located, consistent with the abandonment

procedures described below, if, in the Debtors' reasonable business judgment, such form of disposition of the FF&E is in the best interest of these estates; and it is further

ORDERED, that the Debtors shall use their best efforts to remove, before the consummation of any Sale, any and all confidential information located at the Production Office to be sold, including, without limitation, any and all customer loan profiles (the "Consumer Confidential Information"); and it is further

ORDERED, that unless consent is obtained from the individual to whom such Consumer Confidential Information belongs, any proposed purchaser shall use its best efforts to package and deliver to the Debtors, any Consumer Confidential Information that the proposed purchaser discovers remaining at a Production Office on or after the consummation of a Sale; and it is further

ORDERED, that with regard to Sales *and assignments* of Office Assets related to an individual Production Office with a value of up to but not more than $100,000 to a single buyer or group of related buyers that are not insiders, the Debtors are authorized, but not required, to sell *and assign* any Asset *Office* in accordance with the following procedures:

(i) at least seven (7) days prior to the proposed closing of any such Sale, the Debtors shall file a written notice with this Court (each, a "Sale Notice," substantially in the form attached to the Sale Procedures Motion as Exhibit C) and serve the Sale Notice to the following parties (collectively, the "Sale Notice Parties") by overnight delivery and electronic mail or facsimile (to the extent that the Sale Notice Parties have provided such information to the Debtors): (i) the United States Trustee; (ii) counsel to the Creditors Committee; (iii) the landlord or non-Debtor party of the Office Lease(s) to be assigned; (iv) counsel to the Debtors' postpetition lenders, (v) counsel to Bank of America, (vi) the U.S. Securities and Exchange Commission; and (vii) any party known by the Debtors to be asserting an interest or a Lien on any of the Office Assets to be sold; *or Equipment Lease ; Lessor*

(ii)  the seven (7) day notice period for a Sale Notice Party shall run from the next business day following the day the relevant Sale Notice is served;

*[handwritten: Equipment Leases]*

(iii) the content of the Sale Notice sent to the Sale Notice Parties for the sale of Office Assets shall in reasonable detail: (i) identify the Office Assets, including the location of the Office Leases and FF&E, being assumed and assigned or sold; (ii) identify the purchaser of the Office Assets; (iii) provide proposed cure amounts (the "Cure Amounts"), if any; (iv) provide the purchase price; and (v) provide the book value of the assets or, if there is no book value available, a reasonable estimate of the market value thereof. If a sale agreement has been executed, such agreement shall be appended to the Sale Notice;

*[handwritten: or assignment]*

(iv)  a Sale Notice Party may object to a proposed Sale by filing such objection with this Court and serving the same on the other Sale Notice Parties and on the Debtors' counsel within five (5) days of the date of the Sale Notice (said period being exclusive of the date of service of the Sale Notice);

*[handwritten: or assignment]*

(v)  if no Sale Notice Party objects to a proposed Sale in accordance with the Sale Procedures within five (5) days (exclusive of the date of the applicable Sale Notice), the Debtors, without further action or order of the Court, shall be authorized to consummate any such Sale, including the execution of any documents required and any such Sale shall be free and clear of all Liens with such Liens attaching only to the net proceeds of the Sale to the extent of their validity and priority immediately prior to the Sale;

*[handwritten: or assignment]*

*[handwritten: or assignment]*

(vi)  if any of the Sale Notice Parties objects to a proposed Sale within five (5) days of the date of the Sale Notice, the Sale of the Office Asset(s) shall not proceed except upon (i) resolution of the objection by the parties in question, or (ii) further order of the Court after a hearing;

(vii) in the event a hearing is required to resolve an objection or to attain approval of an assumption and assignment where landlord *[handwritten: or lessor]* consent is not attained, the Debtors may notice such Sale and objection for the next scheduled omnibus hearing date that is at least five (5) days from the date of the filing of such notice; and

*[handwritten: or assignment]*

(viii) in the event a prospective purchaser requests an order of the Court approving a Sale, the Debtors shall be permitted to obtain such order through the filing of a certification of counsel.

and it is further

*[handwritten: or assignment]*

ORDERED that the Debtors are authorized, pursuant to section 554 of the

Bankruptcy Code, to abandon any FF&E having a fair market value equal to or less than $50,000

at a single office that, in the Debtors' reasonable business judgment, is burdensome to these

estates, subject to the following procedures:

 (i)  in if the Debtors determine in the reasonable exercise of their business judgment that the abandonment or donation of FF&E is in the best interest of the estates, the Debtors shall file a notice (each, an "Abandonment Notice") for each such abandonment or donation to the Notice Parties at least five (5) days prior to the abandonment of such asset (exclusive of the date of service of the Abandonment Notice). The Abandonment Notice shall describe in reasonable detail (1) the nature and location of the property sought to be abandoned and (2) the book value of the assets or, if there is no book value available, a reasonable estimate of the market value thereof. If the abandonment involves a mutual release of claims between the Debtors and the landlord at a particular location, the draft release should be appended to the notice;

 (ii)  if none of the Notice Parties serves the Debtors with a written objection to the proposed abandonment in a manner so that it is actually filed with the Court and received by the Debtors within five (5) days after the date the Debtors serve the Abandonment Notice (exclusive of the date of service thereof) or any such objection is resolved, the Debtors shall be authorized to take all reasonable and necessary steps to abandon and dispose of the assets described in the Abandonment Notice without further notice or Court order; and

 (iii)  if the Debtors receive a timely written objection from any Notice Party and the Debtors are unable to resolve such objection, the Debtors will not take any additional steps to abandon the assets that are the subject of the objection (but may proceed to abandon any other assets set forth in the Abandonment Notice to which no objection was timely filed and served in accordance herewith) without first obtaining the Court's approval for the abandonment of that specific asset with respect to which an objection was timely served; and it is further

ORDERED that, on or before the 15th day of each calendar month, the Debtors

shall file a schedule of any Office Assets sold in the preceding calendar month, which schedule

*Equipment Leases*

identifies: (i) the Office Assets, including the location of Office Leases, and FF&E, assumed and assigned, sold or abandoned; (ii) the purchaser of the Office Assets (if applicable); (iii) the location of the Office Assets sold or abandoned; (iv) the aggregate amount of the net proceeds of the Sale(s) (if applicable); and (v.) the terms of the resolution of any objection to a Sale Notice or Abandonment Notice which did not require the Court's intervention; and it is further

ORDERED, that notwithstanding anything set forth to the contrary in the Sale Agreement, all purchasers understand and agree that the Debtors are conveying their rights to the Office Assets as is, without warranties or representations of any kind, whether express or implied; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions and execute such documents as may be necessary or appropriate to carry out the relief granted herein; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:     Wilmington, Delaware
           August 24 , 2007

Christopher S. Sontchi
United States Bankruptcy Judge