**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | **Hearing Date: N/A** **Objection Deadline: N/A** |

**MOTION PURSUANT TO DEL. L.R. 9006-1(e) FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF (1) THE DEBTORS' EMERGENCY MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363,AND 1146(c): AUTHORIZING PRIVATE SALE OF CERTAIN SERVICING RIGHTS TO BARCLAYS BANK PLC, AND (2) MOTION TO FILE THE SALE MOTION UNDER SEAL**

The above-captioned debtors and debtors in possession (the "Debtor") hereby moves(the "Motion to Shorten") this Court, pursuant to Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and section 102 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), for the entry of an order shortening the time for notice of (1)the Debtors' Emergency Motion for Order Pursuant to 11 U.S.C. §§ 105(a), 363, and 1146(c): (i) Authorizing Private Sale of Certain Servicing Rights to Barclays Bank Plc Free and Clear of Liens, Claims, Interests, and Transfer Taxes; (ii) Approving the Terms of the Purchase and Sale Agreement; and (iii) Granting Related Relief (the "Sale Motion"), and (2) the Debtors' Motion

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

for Authority to File, Under Seal, the Sale Motion (the "Seal Motion," and together with the Sale Motion, the "Motions,")[2] so the matters may be heard on September 4, 2007.

1. The Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides for twenty (20) days' notice prior to a "proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time . . . ." Fed. R. Bankr. Proc. 2002(a)(3). Further, Local Rule 9006-1(e) provides that such period may be shortened by Order of the Court upon written motion specifying the exigencies supporting shortened notice. *See*, Del. Bankr. L.R. 9006-1(e).

2. The Debtors submit that there is sufficient cause to justify shortening the notice period for the hearing on approval of the relief requested in the Motions. As more particularly set forth in the Motions, on August 6, 2007, the Debtors filed a motion for approval of procedures for the sale of certain assets used in the Debtors' loan servicing business, and ultimately the approval of a sale of such assets [Docket No. 11] (the "Servicing Sale Motion"), which was approved by order dated August 9, 2007 [Docket No. 113] (the "Servicing Sale Order").

3. The Debtors anticipate that a buyer for the bulk of its loan servicing business will be found, and the Debtors will seek approval of a sale of the business to the party presenting the highest or otherwise best bid for such assets. However, given (i) the Debtors' judgment that the consideration provided for the Barclays Servicing Rights exceeds the value that could be obtained by the estates if the Barclays Servicing Rights are sold as part of the larger sale under the Servicing Sale Motion; (ii) the Debtors' judgment that the private sale of the Barclays Servicing Rights will not interfere with the bulk of the loan servicing assets to be sold

[2] All capitalized terms used, but not defined herein, shall have the meanings given to them in the Motion.

pursuant to the Servicing Sale Motion, but will simply carve out the Barclays Servicing Rights form the assets sold under the Servicing Sale Motion, and (iii) the resolution of certain claims and disputes between the Debtors and BBPLC that are embodied in the Sale Agreement, the Debtors submit that the BBPLC Sale offers the Debtors the most reasonable terms and provides the most value to the Debtors' estates.

4. If the Court does not hear the Sale Motion on shortened notice, the Debtors are not guaranteed the commitment of BBPLC to purchase the Barclays Servicing Rights at all, much less at the price to be provided through the Sale Agreement. BBPLC has indicated that in the ordinary course of its business, its ability to market and sell the Mortgage Loans in the immediate future will yield more value for BBPLC if it is able to sell the Barclays Servicing Rights in tandem with the Mortgage Loans.

5. Furthermore, BBPLC has raised certain allegations regarding whether the Debtors are entitled to retain any rights under the Barclays Servicing Agreement, and whether BBPLC has the right to unilaterally terminate the Barclays Servicing Agreement. BBPLS has advised the Debtors that the existing Barclays Servicing Agreement may have terminated by its terms and in any event may be terminated by BBPLC without cause. The Debtors dispute that its rights under the Barclays Servicing Agreement have been or could be terminated; however, a prompt consummation of the BBPLC Sale will serve to resolve any claims or disputes of this nature, and would prevent any dispute with BBPLC from clouding or delaying the sale process provided for under the Servicing Sale Order. Any delay or uncertainty may result in losses for the Debtors' estates and increased administrative expenses.

6. With respect to the Seal Motion, the Debtors submit that in order to give parties a meaningful opportunity to be heard on such motion, and in order for the parties to

ensure that the information it deems confidential commercial information will remain protected, the Seal Motion must be hear in connection with the Sale Motion.

7. Based on the foregoing, the Debtor submits that cause exists to justify shortening the notice period for the hearing on approval of the relief requested in the Motions. Accordingly, the Debtor requests that a hearing on the relief requested in the Motions be scheduled for September 4, 2007 at 1:00 p.m. (ET), with objections due on or before August 31, 2007. In light of the shortened notice period, the Debtor will serve the Motion via Federal Express, overnight delivery, on (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) Counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004 (the "Administrative Agent"); (iv) counsel to the DIP Lender; (v) counsel to the Buyer; (vi) the U.S. Securities and Exchange Commission; (vii) any creditor known by the Debtors to be asserting a Lien on the Barclays Servicing Rights; and (viii) all parties entitled to notice under Local Rule 2002-1(b).

WHEREFORE, the Debtors respectfully request that the Court enter an Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: Wilmington, Delaware
August 24, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

(#4484)

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Proposed Counsel for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Case No. 07-11047 (CSS) |
| | : Jointly Administered |
| Debtors. | : Ref. Docket No. ________ |

**ORDER SHORTENING THE TIME FOR NOTICE OF (1) THE DEBTORS' EMERGENCY MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363,AND 1146(c): AUTHORIZING PRIVATE SALE OF CERTAIN SERVICING RIGHTS TO BARCLAYS BANK PLC, AND (2) MOTION TO FILE THE SALE MOTION UNDER SEAL**

Upon consideration of the motion (the "Motion to Shorten")[2] of the above captioned debtors and debtors in possession (the "Debtors") for entry of an order providing that the applicable notice period for the Sale Motion and the Seal Motion be shortened pursuant to Local Rule 9006-1(e) and section 102 of the Bankruptcy Code; and the Court having determined that granting the relief requested in the Motion to Shorten is appropriate; and it appearing that due and adequate notice of the Motion to Shorten has been given under the circumstances, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion to Shorten is granted; and it is further

ORDERED, that the Motions shall be heard on September 4, 2007 at 1:00 p.m. (ET); and it is further

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not defined herein shall have the meanings given to them in the Motion to Shorten.

ORDERED, that objections to the relief requested in the Motion shall be filed and served no later than August 31, 2007; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
________________, 2007

________________________________
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE