```
                   UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF DELAWARE


IN RE:                            .    Chapter 11
                                  .
AMERICAN HOME MORTGAGE            .    Case No. 07-11047(CSS)
HOLDINGS, INC., a Delaware        .    (Jointly Administered)
corporation, et al.,              .
                                  .    Aug. 20, 2007 (1:43 p.m.)
        Debtors.                  .    (Wilmington)


                      TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI
               UNITED STATES BANKRUPTCY COURT JUDGE
```

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

```
 1              THE CLERK: All rise.
 2              THE COURT: Please be seated.  Good afternoon, Ms.
 3   Morgan.
 4              MS. MORGAN: Good afternoon, Your Honor.  Pauline
 5   Morgan from Young Conaway Stargatt & Taylor on behalf of the
 6   debtors.  Your Honor, first of all, thank you very much for
 7   indulging us as we try to work things out.  If I may proceed
 8   with the agenda, as indicated, the Committee requested that
 9   we adjourn item 1 to give them more time to deliberate, and
10   we've agreed to do that to the hearing scheduled for this
11   Friday.  The second motion, again, we thank Your Honor for
12   scheduling on such short notice.  This is the emergency
13   motion of the debtors to approve auction procedures in
14   connection with the so-called Broadhollow single seller
15   commercial paper facility.  We have been working with parties
16   collecting comments trying to assuage everyone's concerns and
17   try to make this a consensual order.  We're not there yet,
18   and that's why we needed some more time today, and I
19   understand that Your Honor may be available to hear us at 4.
20              THE COURT: Yes.
21              MS. MORGAN: So we would like to go back and try to
22   work that through and come back at 4.
23              THE COURT: All right, and my concern on tomorrow's
24   hearing at 2 is that obviously the TRO is scheduled for that
25   time, and I cannot stay overly late tomorrow night.  So I
```

1  don't want to double book them.  They were there first.  If
2  you do need more time tomorrow, let's try it today, but if
3  you do need more time, I have time in the morning, so, we can
4  -
5            MS. MORGAN: I'm not sure that works for me -
6            THE COURT: Okay.
7            MS. MORGAN:  - but we again thank the Court for
8  your indulgence.
9            THE COURT: All right.
10           MS. MORGAN: Those were the only scheduled items,
11 Your Honor.  There are two other things that Your Honor I
12 believe signed an order today indicating that you would hear,
13 and I'm sorry, the motion to shorten notice filed by Impact
14 Funding in connection with its stay relief motion, and I
15 think you also asked us at a prior hearing to report today to
16 the Court on our view, the debtors' view, as to whether a
17 consumer privacy ombudsman was needed so we can take that in
18 any order, but I'm prepared to discuss the ombudsman issue.
19           THE COURT: Let's do that first, yes.
20           MS. MORGAN: Okay.  Your Honor, under 363(b)(1), the
21 debtor may sell personally identifiable information without
22 the appointment of a consumer privacy ombudsman if the sale
23 is consistent with the debtors' privacy policies.  The
24 debtors' privacy policies in this case are consistent with
25 that.  The debtors provide consumers with a policy statement

1   at the time of the borrower's loan application, and we also
2   post those policies on the website.  They permit the sharing
3   of non-public information to employees, employees of the
4   debtors' suppliers, affiliates, service providers, and third
5   parties in connection with providing consumer credit or
6   servicing their accounts, and to third parties on an as-
7   needed basis to support delivery of products or services.
8   The consumers cannot opt out of those provisions, those
9   financial data sharing provisions.  The debtors are seeking
10  approval as Your Honor is aware of their loan servicing
11  business, which includes, among other things, servicing
12  rights and a servicing platform.  We're not selling email
13  lists or customer lists.  However, the disclosure of the
14  consumer non-public information is necessary for a buyer to
15  service the loans.  Again, we believe those disclosures are
16  consistent with the debtors' privacy policies, and we also
17  believe that this disclosure is permissible under the Gramm-
18  Leach Bliley Act.  Although that act prohibits a financial
19  institution from disclosing non-public information to a non-
20  affiliated third party without giving consumers notice, it
21  has exceptions, and a primary exception is the fact that it
22  permits financial institutions to disclose this information
23  as necessary to affect, administer, or enforce a transaction
24  in connection with a proposed or actual securitization or a
25  secondary market sale including sales of servicing rights,

1  which is exactly what we're doing here, Your Honor.  Also in
2  New Century, while I don't know what their policies provided,
3  Judge Carey in that case did provide that a sale of the
4  servicing business was indeed a secondary market sale within
5  the meaning of the act.  So we do believe that the law
6  permits us to do this without a consumer privacy ombudsman.
7  We have shared our policies with the U.S. Trustee, and I'll
8  let Mr. McMahon speak for himself, but I believe he agrees
9  with the debtors' position.
10             THE COURT: Thank you.  Mr. McMahon, any comment?
11             MR. McMAHON: Your Honor, Joseph McMahon for the
12  United States Trustee.  No objection as to the conclusion
13  that the debtors reach with respect to the need for a
14  consumer privacy ombudsman hearing.
15             THE COURT: Okay, thank you very much.
16             MS. MORGAN: Your Honor, I believe that leaves the
17  motion of Impact Funding -
18             THE COURT: Right.
19             MS. MORGAN:  - to shorten notice.
20             THE COURT: Mr. Lastowski.
21             MR. LASTOWSKI: Good afternoon, Your Honor.  Michael
22  Lastowski of Duane Morris, LLP, here today on behalf of
23  Impact Funding.  Your Honor, thank you very much for hearing
24  us this morning and entertaining our motion to shorten
25  notice.  I'm assuming the Court has read our motion, and if

1    you have any questions, I'd address those first.

2            THE COURT: No.

3            MR. LASTOWSKI: I would just say that I think our

4    circumstances are very much like those presented in Morgan

5    Stanley's papers and as to which Your Honor has scheduled a

6    hearing tomorrow.  Although the amount involved may be

7    considerably less, we're talking about a relatively small

8    handful of loans here as to which the debtor has a right to

9    service that expires in November, and it's a relatively small

10   amount, but its servicing fees are de minimis, and I think

11   just looking into next month, these are really loans that are

12   probably going to be part of an asset sale, just speaking on

13   behalf of the estate.  From our prospective, you know, we are

14   in the business of purchasing these loans and then

15   transferring them to third parties, and we cannot do that so

16   long as the debtor is a servicer, and that's the basis for

17   our request for relief and the basis for our request for

18   expedited treatment.

19           THE COURT: All right, what's your proposal on a

20   time frame?  I mean, do you want to hear it this week?  Next

21   week?

22           MR. LASTOWSKI: If we could hear it this week, we'd

23   be delighted.

24           THE COURT: Ms. Morgan, what's your position?

25           MS. MORGAN: (Microphone not recording.)

1            THE COURT: Or Mr. Dorsey?  Whoever?  Good

2   afternoon, Mr. Dorsey.

3            MR. DORSEY: Good afternoon, Your Honor.  John

4   Dorsey, Young Conaway on behalf of the debtors.  This is no

5   different, in fact - well, actually, it is a little different

6   than the CSFB situation.  There was no pre-petition

7   termination.  This is a straight breach of contract claim.

8   This is something that can be dealt with further down the

9   road.  The debtors are going to start to get bombarded with

10  these motions, and the purpose of filing for bankruptcy is to

11  give the debtors some breathing room in order to marshal its

12  assets and determine what it's going to do and how it's going

13  to deal with these situations, and if we're going to be

14  constantly running in here on everyone of these people who

15  want to get an emergency TRO hearing before Your Honor, we're

16  never going to be able to get to the bigger issues of the

17  case.  So we think this should be handled in the ordinary

18  course, set for the next omnibus hearing.

19           THE COURT: What about the allegation that - let me

20  make sure I get the acronym correctly, that the debtors are

21  no longer authorized as a - Is it Fannie Mae servicer?

22           MR. DORSEY: We still are servicing for Fannie Mae.

23  They did send out notices that we were not qualified to be a

24  Fannie Mae servicer any longer, however, we are working with

25  Fannie Mae to resolve that issue, and as of today, we are

1   still servicing those loans for Fannie Mae.

2             THE COURT: All right, and my understanding from the

3   hearing we had in connection with the Credit Suisse matter

4   was that the debtor has set up separate custodial accounts

5   for all the owners of its loans. Would that include those

6   that it's servicing for institutions like Impact?

7             MR. DORSEY: That I don't know the answer to, Your

8   Honor. I haven't had a chance to talk to the client about

9   this motion since - or this matter, since we just filed on

10  Friday. We haven't had a chance to discuss what the factual

11  situation is with regard to these particular loans.

12            THE COURT: All right.

13            MR. DORSEY: But they are being serviced. Your

14  Honor heard extensive testimony in the Credit Suisse matter

15  that the servicing is still being done the same way it was

16  done pre-petition.

17            MR. LASTOWSKI: Your Honor, if I could just make one

18  brief remark?

19            THE COURT: Yes, please.

20            MR. LASTOWSKI: The debtor no longer is Fannie Mae

21  approved, and I think it's something of a non sequitur to say

22  that despite that they continue to service the loans.

23  They're only doing that because parties have been unable to

24  terminate servicing.

25            THE COURT: I'm sorry, I'm trying to - I'm looking

1   at your motion again to see if there's a pending transaction

2   that would close but for getting the servicing rights.

3           MR. LASTOWSKI: That is my understanding, Your

4   Honor.

5           THE COURT: Mr. Dorsey, you mentioned the next

6   omnibus date.  When is the next omnibus date?

7           MR. DORSEY: September 4th, Your Honor.

8           THE COURT: I think that would still require entry

9   of a motion to shorten, but I'll schedule this matter for

10  September 4, and objections due - well, why don't you talk

11  amongst yourselves and see if you can grant an objection

12  date, but while I look for the order.  Frankly, that's the

13  next time I have available, Mr. Lastowski, so -

14          MR. LASTOWSKI: I appreciate that, Your Honor.  Your

15  Honor, I've conferred with debtors' counsel, and we've agreed

16  to an objection deadline of the 28th, a week from tomorrow.

17          THE COURT: Very well.

18          MR. LASTOWSKI: Thank you.

19          THE COURT: Okay.

20          MS. MORGAN: Thank you, Your Honor.  That concludes

21  the agenda for now, and I guess we'll see you at 4 o'clock.

22          THE COURT: Very well, thank you.

23          MS. MORGAN: Thank you, Your Honor.

24          THE COURT: We're adjourned till 4.

25          (Whereupon at 1:55 p.m., the hearing in this matter

1  was concluded for this date.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18         I, Elaine M. Ryan, approved transcriber for the

19  United States Courts, certify that the foregoing is a correct

20  transcript from the electronic sound recording of the

21  proceedings in the above-entitled matter.

22

23  /s/ Elaine M. Ryan                              August 23, 2007
    Elaine M. Ryan
    2801 Faulkland Road
    Wilmington, DE 19808
    (302) 683-0221