IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                                          Chapter 11

AMERICAN HOME MORTGAGE                                          Case No. 07-11047 (CSS)
HOLDINGS, INC., *et al.,*

                                                                                                         Hearing Date: September 4, 2007 @ 11:00 a.m.
                                                                                                         Objection Deadline: August 27, 2007 @ 4:00 p.m.

                                      Debtors.                     Related Docket No. 220
---------------------------------------------------------------x

## DE LAGE LANDEN FINANCIAL SERVICES, INC.'S RESPONSE AND LIMITED OBJECTION TO THE DEBTORS' FIRST MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES AND TO ABANDON CERTAIN FURNITURE, FIXTURES AND EQUIPMENT

TO:    HONORABLE CHRISTOPHER S. SONTCHI
         UNITED STATES BANKRUPTCY JUDGE;

De Lage Landen Financial Services, Inc. ("De Lage Landen"), by its attorneys, Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP, and Duane Morris LLP hereby submits its limited objection and response (the "Response") to American Home Mortgage Holdings, Inc. and certain of its direct and indirect affiliates and subsidiaries', the debtors and debtors in possession in the above cases (collectively, the "Debtors") first motion ("Motion") (Docket #220) for an order, pursuant to Sections 105, 365 and 554 of the Bankruptcy Code, authorizing the Debtors to reject certain unexpired real property leases ("Real Property Leases") and to abandon any remaining personal property located at the real property locations ("Real Property Locations"), including, but not limited to furniture, fixtures and equipment located therein.

### I. BACKGROUND

1.     On August 6, 2007 (the "Petition Date"), the Debtors each filed with this Court a

voluntary petition for relief under chapter 11, title 11 of the United States Code (the "Bankruptcy Code").

2.  On or about August 15, 2007, the Debtors filed their Motion for an order, pursuant to Sections 105, 365 and 554 of the Bankruptcy Code, authorizing the Debtors to reject certain unexpired real property leases and to abandon personal property located therein.

3.  Prior to the Petition Date, various Debtors, as lessee[1], entered into various equipment leases with De Lage Landen for the lease of various pieces of equipment, as described within the leases and which generally consist of, but not limited to, facsimile machines, photocopier machines, postal/mail machines and computer printers. Each of the leases designated a location at which the leased equipment was required to be kept at by the lessee. Some of the leases listed more than one equipment location, with each location designated as the location for each particular piece of equipment leased by the Debtors under the subject lease.

4.  In particular with respect to the real property locations stated within the Debtors' Motion, the Debtors American Home Mortgage and First Home Mortgage Corp entered into the following equipment leases ("Leases") with De Lage Landen, which contained the following equipment locations ("Equipment Locations") designated for the leased equipment ("Leased Equipment"):

| Lease number | Equipment Location |
| --- | --- |
| Lease # 24564521 | 24048 Lorain Rd, North Olmsted , OH 44070 |
| Lease # 24629626 | 222 Airline Rd, STE B4, Corpus Christi, TX 78414 |
| Lease # 24586331 | 7142 Columbia Gateway Dr., Columbia, MD 21046 |
| Lease # 24586367 | 7142 Columbia Gateway Dr., Columbia, MD 21046 |
| Lease # 24604829 | 7142 Columbia Gateway Dr., Columbia, MD 21046 |
| Lease number | Equipment Location |

---

[1] American Home Mortgage Holdings, Inc.; First Home Mortgage Corp.; and M Team Financial.
DM3\557644.1

| | |
|---|---|
| Lease # 24607869 | 6992 Columbia Gateway Dr, Columbia, MD 21045 |
| Lease # 24612401 | 7142 Columbia Gateway Dr., Columbia, MD 21046 |
| Lease # 24620859 | 7142 Columbia Gateway Dr, Columbia, MD 21046 |
| Lease # 24789548 | 7142 Columbia Gateway Dr, Columbia, MD 21046 |
| Lease # 24790345 | 7142 Columbia Gateway Dr, Columbia, MD 21046 |
| Lease # 24540463 | 7142 Columbia Gateway Dr, Columbia, MD 21046 |
| Lease # 24535369 | 10010 San Pedro #610, San Antonio, TX 78216 |
| Lease # 24663648 | 600 Jefferson St, Rockville, MD 20852 |
| Lease # 24551078 | 10815 David Taylor Dr 3 Resource Square #17, Charlotte, NC 28262 |
| Lease# 24612407 | 10735 David Taylor Dr Ste 410, Charlotte, NC 28262 |
| Lease # 24691875 | 10735 David Taylor Dr, 3 Resource CTR #310, Charlotte, NC, 28262 |
| Lease # 24617886 | 703 East North Street, Greenville SC 29601 |
| Lease # 24663648 | 600 Jefferson St, Rockville MD 20852 |
| Lease # 24663648 | 700 Veterans Memorial Hwy Ste 100, Hauppauge, NY 11788 |
| Lease # 24616388 | 1601 Trapelo Rd. Ste 190 Waltham, MA 2451 |
| Lease # 24616390 | 1601 Trapelo Rd. Waltham, MA 2451 |
| Lease # 24616351 | 1601 Trapelo Rd. Ste 190 Waltham, MA 2451 |
| Lease # 24592248 | 1601 Trapelo Road, Waltham, MA 2451 |
| Lease # 24593458 | 1601 Trapelo Rd, Waltham, MA 2451 |

5.  Annexed hereto as "Exhibit A", is a list of the Leases and Equipment Locations, relevant to the Motion. Lease # 24663648 is the only above referenced Lease that lists multiple locations, with each location designated as the equipment location for each particular piece of equipment that is subject to Lease # 24663648. Annexed hereto as "Exhibit B" is a list of all the equipment locations stated within all the leases that the Debtors entered into with De Lage Landen.

6.  As stated within the Leases, De Lage Landen holds an ownership interest in the Leased Equipment. As such, De Lage Landen is concerned that the Debtors' abandonment of the Leased Equipment could cause harm to this personal property that is not even part of the Debtors' bankruptcy estate.[2] De Lage Landen should not be made to suffer any damage to its

---

[2] See *In re R.L. Larson,* 128 B.R. 257, 262 (Bankr.D.N.D. 1990) ("... [equipment] leases ... do not convey ownership interest to the debtors, but merely a leasehold interest which is a cognizable interest under section 541 [of the Bankruptcy Code]").

property, as a result of the Debtors' abandonment.

7. Although the Debtors' Motion identifies the Real Property Locations at which it proposes to abandon all personal property located on, the Motion fails to reject any of the Leases that have an identical Equipment Location with that of the subject Real Property Locations. Further, the Debtors' Motion fails to provide for the return to De Lage Landen of any of the Leased Equipment that the Debtors may attempt to abandon at the Real Property Locations.

## II. DE LAGE LANDEN'S LIMITED OBJECTION AND RESPONSE TO DEBTORS' MOTION

8. While De Lage Landen has no objection to the Debtors' rejection of any of the Real Property Leases, De Lage Landen files its Response for the following reasons: (i) The Debtors' Motion does not seek the Court's approval of any rejection of any of the Leases, even though the Debtors intend to abandon the Leased Equipment; (ii) Without an order allowing the Debtors to reject any of the Leases, De Lage may be barred by the Automatic Bankruptcy Stay from taking any action with respect to the Leased Equipment, despite the Debtor's intention to abandon such Leased Equipment; (iii) Upon information and belief, the Leased Equipment has significant value and the Debtors should not be allowed to merely abandon it without first ensuring that the Leased Equipment is preserved and protected and returned to De Lage Landen or that the landlords' to the Real Property Locations provide De Lage Landen access to the Leased Equipment for repossession purposes; (iv) The Debtors abandonment of any of the Leased Equipment without first rejecting the relevant Lease, may impair De Lage Landen ability to repossess and exercise its rights with respect to abandoned Leased Equipment; and (v) The Debtors' failure to preserve the Leased Equipment that the Debtors abandon prior to any lease

rejection, may cause the Debtor's bankruptcy estate to incur needless post-petition administrative expense liability for the resulting diminishment to the value of the abandoned Leased Equipment that is lost, stolen or damaged, as a result of the Debtors' abandonment.

9. Without first rejecting any of the Leases, pursuant to the Bankruptcy Code and with the Bankruptcy Court's required prior approval, the Debtor should not be allowed to abandon any of the Leased Equipment.

10. Debtors' Motion fails to seek the rejection of any of the Leases, pursuant to Section 365 of the Bankruptcy Code, despite the Debtors' intent to abandon the Leased Equipment.

11. Given this fact, and in light of De Lage Landen's ownership interest in the Leased Equipment, De Lage Landen is concerned that the Debtors may just abandon the Leased Equipment without making any provisions for the rejection of the Leases or the return of the abandoned Leased Equipment to De Lage Landen. If the Debtors abandon any of the Leased Equipment, the Debtors should be required to first reject the Lease, and provide for the protection and return of the Leased Equipment, since mere abandonment may cause the Leased Equipment's loss, damage or theft.

12. The Debtors' Motion fails to make any provision for the return or the surrender of any abandoned Leased Equipment to De Lage Landen. Further, Debtors' Motion, fails to provide for the modification to or the lifting of the automatic bankruptcy stay, in order to permit De Lage Landen to repossess any of the Leased Equipment that the Debtors intend to abandon.

13. The Debtors are obligated under the Leases to protect, maintain and ensure the return of the Leased Equipment to De Lage Landen. The terms and provisions of Paragraph

seven of the master lease agreement, the Debtors are required to "keep the [Leased] Equipment in good repair, condition and working order . . . ". Pursuant to Paragraph ten of the master lease agreement, the Debtor is "responsible for the risk of loss or destruction of or damage to the [Leased] Equipment. Pursuant to Paragraph nine of the master lease agreement, the Debtor is required at the end of the lease term to " . . . return the [Leased] Equipment to [De Lage Landen], freight and insurance prepaid."

14.     Debtors' abandonment of any of the Leased Equipment, prior to rejecting the relevant Lease, without ensuring the protection of the Leased Equipment and that De Lage Landen will have access to and the needed time to repossess the Leased Equipment, may cause damage, loss or destruction to the Leased Equipment. If abandoned by the Debtors, it is in the interest of the Debtors' bankruptcy estate to protect, maintain and ensure the return of the Leased Equipment to De Lage Landen, since any loss, destruction, or theft of the Leased Equipment would make the Debtors' estate liable to De Lage Landen for the payment of an administrative expense claim which may arise pursuant to 503(b) of the Bankruptcy Code [3].

**WHEREFORE**, De Lage Landen respectfully requests that any order issued by the Court granting the Debtors' Motion additionally provide that the Debtors shall (i) require the Debtors to account for the Leased Equipment that the Debtors seek to abandon and return the abandoned Leased Equipment to De Lage Landen; (ii) require the Debtors to protect the Leased Equipment

---

[3] See In re Hayes Lemmerz International, Inc., 340 B.R. 461, 476, (Bankr. D. Del., 2006)(Debtor was liable to lessor for payment of administrative expense for the damages caused post-petition to the leased equipment as a result of the debtor's improper storage of the leased equipment and its failure to conduct preventive equipment maintenance, each of which were breaches of the Debtor's duty to maintain the leased equipment under the terms of the lease); In re United Trucking Service Inc., 851 F.2d 159, 162 (6th Cir., 1987)(debtor was liable for administrative expense payment for damages to leased trucks due to the debtor's post-petition breach of lease provisions requiring the debtor to maintain the leased trucks.); In re Atlantic Container Corp., 133 B.R. 980, 991-92 (Bankr. N.D.IL, 1991)(debtor was liable for administrative expense payment for damages to leased real property caused by debtor's breach of the lease terms requiring the debtor to maintain the leased property.)

DM3\557644.1

that may be located on the Real Property Locations; (iii) provide De Lage Landen access to the abandoned Leased Equipment for the purposes of protecting and repossessing the Leased Equipment; (iv) require the Debtors to reject the Leases prior to the Debtors abandonment of the Leased Equipment; (vi) modify the automatic bankruptcy stay to permit the foregoing, and allow De Lage Landen to repossess the Leased Equipment; and (vi) grant such other relief as is just and proper.

Dated: August 27, 2007
       Wilmington, DE

**DUANE MORRIS LLP**

_____
Frederick B. Rosner (DE 3995)
1100 North Market Street, Suite 1200
Wilmington, DE 19801

- and -

**PLATZER, SWERGOLD, KARLIN, LEVINE GOLDBERG & JASLOW, LLP**
Scott K. Levine, Esq.
Evan Salan, Esq.
Teresa Sadutto, Esq.
1065 Avenue of the Americas, 18th Floor
New York, New York 10018

*Counsel for De Lage Landen Financial Services, Inc.*

DM3\557644.1