**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | * |
| | * Case No. 07-11047-CSS |
| **AMERICAN HOME MORTGAGE** | * Chapter 11 |
| **HOLDINGS, INC.,** *et al,* | * Jointly Administered |
| | * |
| Debtors. | * **Hearing Date: September 4, 2007 @ 11:00 a.m.** |
| | * **Objection Deadline: August 27, 2007 @ 4:00 p.m.** |
| | X |

**LIMITED OBJECTION OF BOSTON PROPERTIES LIMITED PARTNERSHIP
TO DEBTORS' FIRST MOTION FOR AN ORDER, PURSUANT TO
SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS
TO REJECT CERTAIN UNEXPIRED LEASES AND TO ABANDON
CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT (D.I. 220)**

Boston Properties Limited Partnership, through the undersigned counsel, in response to the Debtors' First Motion for an Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Unexpired Leases and to Abandon Certain Furniture, Fixtures and Equipment (D.I. 220) (the "Motion to Reject"), respectfully state as follows:

1.       Pursuant to an Indenture of Lease (as amended, the "Lease") dated May 10, 2001, Boston Properties Limited Partnership ("BP LP" or "Landlord"), as Landlord, and American Home Mortgage Holdings, Inc. (the "Debtor"), as Tenant, the Debtor leased certain non-residential real property in the building known as Reservoir Place located at 1601 Trapelo Road, Waltham, Massachusetts (the "Premises") from Landlord.

2.       On or about August 6, 2007, the Debtor and certain of its direct and indirect affiliates and subsidiaries (together, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

3.      On or about August 17, 2007, the Debtors filed the Motion to Reject in which they seek "an order authorizing the Debtors to reject certain unexpired leases identified on Exhibit A attached hereto pursuant to sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, effective as of the date listed on Exhibit A under the column 'Effective Date of Rejection.'" (Motion to Reject, ¶ 14).

4.      The Motion to Reject further provides that "[i]n the event that there is any remaining [furniture, fixtures and equipment] FF&E left at the premises of the Unexpired Leases after the Effective Date of Rejection, the Debtors request authority to abandon such FF&E." (Motion to Reject, ¶ 20). The Debtors state that they "propose to abandon the FF&E at the premises of the Unexpired Leases because it would be more cost-effective to do so than to transport, store and sell the FF&E, which has little value." (Motion to Reject, ¶ 21).

5.      The Lease is included on Exhibit A, with a proposed effective date of rejection of August 31, 2007. There is FF&E remaining on the Premises.

6.      Section 365(d)(3) of the Bankruptcy Code provides that the debtor "shall timely perform all obligations of the debtor ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected."

7.      Section 503(b) of the Bankruptcy Code provides for the allowance of an administrative expense for "the actual, necessary costs and expenses of preserving the estate." When a lease is rejected and the debtor continues to use the property, the landlord is entitled to an administrative expense claim for the "fair use and occupancy" of the premises. *In re Integrated Health Services, Inc.*, 289 B.R. 32, 35 (Bankr. D. Del. 2003). To the extent that the Debtors leave furniture, fixtures and equipment ("FF&E") on the Premises after rejection of the Lease, the Debtors will be continuing to "use" the Premises for the storage of abandoned FF&E and will benefit from such use by saving the cost of transporting and disposing of such FF&E.

8.     The request for authority to abandon furniture, fixtures and equipment ("FF&E") pursuant to Section 554 of the Bankruptcy Code does not address the costs associated with the disposition of such items in the event they are abandoned and left on the Premises. The Debtors acknowledge that abandoning the FF&E "would be more cost-effective … than to transport, store and sell the FF&E, which has little value." (Motion to Reject, ¶ 21). If the Debtors are authorized to simply abandon the FF&E and leave them on the Premises after rejection of the Lease, the Landlord will be burdened with the cost of either storing or disposing of the abandoned items and, in the meantime, will not have the ability to re-lease the Premises.

9.     Nor does the request for authority to abandon the FF&E identify any third party or parties claiming an interest in the FF&E. At least one equipment lessor has already asserted an interest in the Debtors' FF&E, including FF&E located in at or near the Premises. *See* D.I. 381. Disposing of FF&E abandoned on the Premises would be further complicated in the event that another party, such as an equipment lessor, asserts an interest in the FF&E. In the event that any FF&E is abandoned on the Premises, the Debtors should be required to indemnify the Landlord if any third party asserts an interest in the FF&E after the Landlord disposes of it.

10.     For these reasons, the Landlord submits that any order authorizing the abandonment of FF&E by the Debtors should require that the Debtors remove the abandoned items from the subject premises prior to the effective date of rejection.

11.     In the event of rejection of the Lease, the Landlord reserves all rights to assert claims and/or allowance of administrative expenses under Sections 365, 502 and/or 503 of the Bankruptcy Code.

12.     Landlord further requests that any order authorizing the rejection of the Lease should provide that the stay imposed by 11 U.S.C. 362 is modified to allow the Landlord to exercise all

rights under the Lease and otherwise applicable state law, including but not limited to the right to re-market and re-lease the Premises, and to apply any security deposit provided under the Lease.

13.   The Landlord reserves the right to supplement or amend this Objection.

### Conclusion

Wherefore, Boston Properties Limited Partnership hereby objects to the Motion to Reject for the reasons set forth herein.

Respectfully submitted,

**FLASTER/GREENBERG P.C.**

Dated: August 27, 2007

William J. Burnett, Esq. (ID No. 4078)
913 Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 351-1910
Facsimile: (302) 351-1919

and

J. David Folds, Esquire (VA Bar No. 44068)
DLA Piper US LLP
1200 Nineteenth Street, N.W.
Washington, DC 20036-2412
Telephone: (202) 861-6478
Facsimile: (202) 689-7534

Attorney for Boston Properties Limited Partnership