**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| **In re** | ) | **Chapter 11** |
|  | ) |  |
| **AMERICAN HOME MORTGAGE** | ) | **Case No. 07-11047(CSS)** |
| **HOLDINGS, INC.,** *et al.*, | ) |  |
|  | ) |  |
| **Debtors.** | ) | **Jointly Administered** |
|  | ) | **Hearing Date: 9/4/07 @ 11:00 a.m.** |
|  | ) | **Objection Deadline: 8/27/07 @ 4:00 p.m.** |

**LIMITED OBJECTION OF RREEF MANAGEMENT COMPANY TO THE
EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING
CERTAIN DEBTORS TO OBTAIN POST-PETITION FINANCING AND GRANT
SECURITY INTERESTS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE
PURSUANT TO 11 U.S.C. §§ 105, 362, 363, AND 364(C); (II) SCHEDULING FINAL
HEARING PURSUANT TO BANKRUPTCY RULES 4001(C); AND (III) GRANTING
RELATED RELIEF (Related to Docket No. 17, 67 and 84)**

**RREEF MANAGEMENT COMPANY** (the "Landlord") by its undersigned attorneys hereby files this limited objection (the "Objection") to the Emergency Motion For Interim And Final Orders (I) Authorizing Certain Debtors To Obtain Post-Petition Financing And Grant Security Interests And Superpriority Administrative Expense Pursuant To 11 U.S.C. §§ 105, 362, 363, And 364(c); (II) Scheduling Final Hearing Pursuant To Bankruptcy Rules 4001(c); And (III) Granting Related Relief (the "Financing Motion"), and respectfully represents as follows:

**I.    INTRODUCTION**

The Debtors' proposal to grant a lien on nonresidential real property leases – where the leases prohibit or restrict such liens – improperly compromises contractual and Bankruptcy Code protections granted in favor of Landlord.  Vitiating the legitimate protections created by the leases, state law, and the Bankruptcy Code, compromises the integrity of Landlord's control over its shopping center, its ability to market its properties, and its ability to comply with its own financing and investment covenants.  The Bankruptcy Code does not render provisions that

prohibit liens against leases unenforceable, and the Court should limit any lien against real property leases to the proceeds of the disposition of such leases.

## II.    **BACKGROUND FACTS**

1.     American Home Mortgage Holdings, Inc., and its affiliated debtor entities (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on August 6, 2007.  The Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[1]

2.     Landlord is the managing agent of the Heritage Place Shopping Center in Creve Coeur, Missouri (the "Premises"), wherein the Debtors continue to operate their retail store pursuant to unexpired nonresidential real property lease (the "Lease").

3.     The Lease is a "lease of real property in a shopping center" as that term is used in Section 365(b)(3).  *See* In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-1087 (3rd Cir. 1990).

4.     On or about August 6, 2007, the Debtors filed the Financing Motion, which seeks, *inter alia*, to grant a security interest in virtually all the assets of the Debtors.

5.     On August 7, 2007, and without notice to the Landlord, there was a hearing on the Debtors' interim request for post-petition financing.  The order granting such interim financing (the "Interim Order"), granted Lenders a security interest in "all the property and assets of each of the Borrowers and their estates of every kind or type whatsoever, tangible, intangible, real, personal and mixed, whether now owned or existing or hereafter acquired or arising. . .."  *See* Interim Order at ¶ 8.

6.     The Lease does not permit the Debtors to unilaterally pledge the Lease as collateral, and as a result, the Landlord brings this Limited Objection.

---

[1] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

## III.    ARGUMENT

### A.    Landlord was denied due process and had no opportunity to protect its rights prior to the entry of the Interim Order.

7.    The Landlord had no opportunity to be heard on issues of import to it with respect to the Financing Motion prior to the entry of the Interim Order.

8.    Fundamental concepts of due process require notice and a meaningful opportunity to be heard. Sullivan v. Barnett, 139 F.3d 158, 171 (3rd Cir. 1998). *See also* Anthony v. Interform Corp., 96 F.3d 692, 697 (3rd Cir. 1996) ("a fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner"). The manner and timing of the relief sought by the Financing Motion have deprived the Landlord of its due process rights with respect to the Financing Motion. The Landlord does not dispute the Debtors' needs for postpetition financing, but it should not be accomplished at the expense of the Landlord's rights under the Lease, in what amounts to a wholesale voiding of lease rights negotiated prepetition and at arms-length by the Debtors and the Landlord.

### B.    The Bankruptcy Code does not render lease terms such as the provisions that prohibit encumbering the Leases unenforceable.

9.    As set forth above, the Debtors request that this Court grant the Lenders a sweeping lien with respect to the Debtors' assets.

10.    The Lease contains specific and bargained-for language that prohibits or restricts the granting of a lien in the Lease.[2]    The pledge of the Lease as collateral would effectively strike the "anti-pledging" language of the Lease, or at the least, force this Court to deem the language inconsistent with the provisions of the Bankruptcy Code vis-à-vis the Debtors' request for financing. Neither the Lease nor the Bankruptcy Code support such wholesale voiding of Landlord's state law contractual rights.    Granting the Debtors' request requires this Court to ignore these specific prohibitions, negotiated at arms-length.

---

[2] Due to the length of the Lease, the Landlord has not included the Lease with this Limited Objection. Landlord will have complete copies of the Lease available for the Court and interested parties at any hearing on this matter.

11.     Moreover, the Debtors provide no support for the Bankruptcy Code rendering these terms unenforceable. Provisions that restrict the ability to encumber leases are critical to a landlord's ability to control its property, to comply with its own financing and investment covenants, and detract from the marketability of the landlord's property. A provision that restricts the Debtors' ability to pledge the Lease as collateral is not an anti-assignment provision and is not contrary to any bankruptcy policy. Rather, it is a reasonable restriction that allows the Landlord to preserve clear title to its Lease.

12.     As a result, the Landlord opposes any request to encumber or pledge the Lease in connection with the Financing Motion. To the extent that the Debtors clarify that the Lease is not part of the collateral, and limits any lien to the proceeds of a sale or other disposition of the Lease, the Landlords will withdraw this Limited Objection.

C.      **The Lenders[3] do not need a security interest in the Lease to protect their interests.**

13.     Prior to filing for bankruptcy protection, the Debtors did not encumber the Lease because such a lien is prohibited by the Lease. There is no legitimate reason to now grant the Lenders (non-debtor parties) a lien that violates the Lease where no such right existed under state law and no such liens existed pre-petition.

14.     Moreover, the Lenders do not need a security interest in the Lease in order to liquidate their collateral should the Debtors default. Their rights to realize upon the collateral are preserved through both the Bankruptcy Court and state law remedies, none of which contemplate granting Lenders a lien or other possessory right in the Landlord's property.

15.     The Premises is owned by the Landlord, not the Debtors. The Lenders have no right or need to force Landlord to relinquish control over the Premises to the Lenders or accept a cloud to the title to the Lease. The value in the Lease to the Debtors is that which may be realized from its proceeds in a sale of the leasehold interest. The granting of a security interest in

---

[3] Words not otherwise defined herein shall have the meanings ascribed to them in the Interim Order or Financing Motion.

4

the Lease – even if it were not specifically prohibited by the Lease – serves no economic purpose, and should not be a component of any post-petition financing.

16.     To adequately protect the Landlord, any final order granting postpetition financing must limit the pledge of an interest in the Lease to the proceeds of the Debtors' interest in the Leases only.

**D.      To the extent that the Lenders may exercise any remedies with respect to the Collateral at the Premises, the Landlord must receive notice of any default which may give the Lenders the ability to exercise such remedies.**

17.     The Financing Motion, the Interim Order and other documents provide the Lenders with sweeping relief from the automatic stay to proceed against Debtors' collateral in the event of default upon five (5) business days' notice. *See* Interim Order at ¶ 23. The list of parties that receive notice under Paragraph 23 does not include the Landlord or its counsel. The Landlord and its counsel must receive notice of any event of default so that counsel can take any appropriate actions necessary to protect the Landlord's rights under the Lease and the Bankruptcy Code, including but not limited to those rights that exist under Section 365.

18.     To the extent not inconsistent with the relief sought here, the Landlord also joins in the objection(s) of other real property lessors to the relief proposed by the Financing Motion and/or any final order.

## IV.      **CONCLUSION**

The Debtors provide no authority for, and demonstrate no necessity, to disregard the terms of the Lease and the protections granted the Landlord under the Bankruptcy Code. The Landlord did not create Debtors' financial maladies, and should not bear the consequences of this bankruptcy through loss of its contractual rights.

As a result, the Court should limit any lien in favor of the Lenders to only the proceeds obtained through the sale or other disposition of the Lease, and grant such other and further relief that it deems just and proper under the circumstances.

Dated: August 27, 2007

MONZACK MERSKY MCLAUGHLIN AND BROWDER, P.A.

BY:   /s/ Rachel B. Mersky
Rachel B. Mersky (DE #2049)
1201 N. Market Street, Suite 400
Wilmington, DE 19801
(302) 656-8162 (ext. 236)
Fax (302) 656-2769
rmersky@monlaw.com

and

KATTEN MUCHIN ROSENMAN LLP

BY:      /s/ Dustin P. Branch
Thomas J. Leanse (SBN:  084638)
Dustin P. Branch (SBN:  174909)
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
(310) 788-4400
Fax (310) 788-4471
thomas.leanse@kattenlaw.com
dustin.branch@kattenlaw.com

Attorneys for Landlord Creditor RREEF Management Company