IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware Corporation,) | | (Jointly Administered) |
| *et al.* | ) | |
|     Debtors. | ) | |
| _____ ) | | Related to Docket No. 16 |

## LIMITED OBJECTION OF IMPAC FUNDING CORPORATION TO MOTION OF THE DEBTORS PURSUANT TO SECTIONS 105(a), 361, 363, 364, AND 552 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001(b) FOR ENTRY OF INTERIM AND FINAL ORDERS (A) AUTHORIZING LIMITED USE OF CASH COLLATERAL IN CONNECTION WITH OPERATING THE SERVICING BUSINESS; (B) GRANTING ADEQUATE PROTECTION; AND (C) SCHEDULING A FINAL HEARING ON THE MOTION

Impac Funding Corporation ("Impac"), by and through its undersigned counsel, hereby files this limited objection to the Motion of the Debtors Pursuant to Sections 105(a), 361, 363, 364, and 552 of the Bankruptcy Code and Bankruptcy Rule 4001(b) for Entry of Interim and Final Orders (A) Authorizing Limited Use of Cash Collateral in Connection with Operating the Servicing Business; (B) Granting Adequate Protection; and (C) Scheduling a Final Hearing on the Motion (the "Motion").

### Background

1.    On August 6, 2007, American Home Mortgage Holdings, Inc. and affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.    One August 6, 2007, the Debtors filed the Motion.

3.    On August 8, 2007, the Court entered the Interim Order (I) Authorizing Debtors' Limited Use of Cash Collateral, (II) Granting Replacement Liens and Adequate

Protection to Certain Pre-Petition Secured Parties, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001 (the "Interim Order").

4. Impac and American Home are parties to that certain Seller Agreement[1] dated February 7, 2002 (as amended, supplemented and otherwise modified from time to time, the "Seller Agreement").

5. Pursuant to the Seller Agreement, Impac purchased from American Home mortgage loans (the "Mortgage Loans"). The Seller Agreement prescribes, among other things, the manner in which American Home conveyed the Mortgage Loans, and any related documents, to Impac.

6. Under the Seller Agreement, American Home sold the Mortgage Loans to Impac on a servicing released basis (i.e., American Home sold all rights relating to the Mortgage Loans, including the right to service those loans to Impac).

7. Impac and American Home are also parties to an Interim Servicing Agreement[2] dated as of March 25, 2004, as supplemented by that certain Regulation AB Compliance Addendum to the Interim Servicing Agreement dated May 14, 2007 (as further amended, supplemented and otherwise modified from time to time, the "Interim Servicing Agreement" and, together with the Seller Agreement, the "Agreements").

8. Therefore, although American Home sold the right to service the Mortgage Loans to Impac, pursuant to the Interim Servicing Agreement, American Home agreed to sub-

---

[1] The Seller Agreement expressly incorporates by reference the Impac Seller's Guide (the "Seller's Guide"), which describes the terms and conditions governing American Home's sale of the Mortgage Loans to Impac.

[2] The Interim Servicing Agreement and the Seller Agreement expressly incorporate by reference the Impac Servicer Guide (the "Servicer Guide"). The Servicer Guide details the terms and conditions governing the servicing of the Mortgage Loans. The Interim Servicing Agreement also expressly incorporates by reference the Seller Agreement.

2

service the Mortgage Loans on an *interim* basis of up to ninety (90) days after the closing of a loan sale.

9. American Home, by or through American Home Servicing, is presently servicing, on an interim basis, thirty-nine (39) Mortgage Loans (the "AH Serviced Loans") owned by Impac.

10. On August 17, 2007, Impac filed the Emergency Motion for Relief From the Automatic Stay (Docket No. 232) pursuant to which Impac is seeking to obtain relief from the automatic stay in order to terminate American Home's servicing of the AH Serviced Loans and transfer the servicing to a new servicer.

11. Pursuant to the Interim Servicing Agreement, American Home retains possession of documents necessary for servicing the Mortgage Loans (the "Servicing Files"), but holds the Servicing Files in trust for the benefit of Impac as the owner thereof until such time (the "Servicing Transfer Date") as Impac designates a new servicer. On the Servicing Transfer Date, American Home is required to transfer to Impac or its nominee the Servicing Files. American Home is obligated to make the Servicing Files available to Impac and to permit Impac to copy all or any portion of the Servicing Files.

12. The Interim Servicing Agreement also requires American Home to deposit in certain segregated custodial accounts all funds received with respect to the Mortgage Loans within forty-eight hours of their receipt.

**Limited Objection**

13. Impac objects to the Motion to the extent any final order on the Motion does not clearly provide that liens and security interests granted thereunder do not extend to (i) Impac's

Mortgage Loans and proceeds and collections of such loans and (ii) cash and accounts held and/or maintained by the Debtors in trust or as custodian for the benefit of Impac.

14. Impac objects to language presently in paragraph 8 of the Interim Order which states in pertinent part:

> "no party shall seek to enforce, directly or indirectly, an administrative or priority claim in respect of any asset which constitutes Pre-Petition Collateral or the Collateral unless and until all of the Indebtedness has been indefeasibly paid in full in cash."

15. The above-quoted language appears to broadly enjoin Impac and other creditors from enforcing administrative claims against the Debtors. Impac requests that the debtors clarify the meaning of such language and justify the need and appropriateness of such language in any final order approving the Motion.

WHEREFORE, Impac requests that the entry of a final order approving the Motion be conditioned on the inclusion of provisions consistent with this limited objection.

Dated: August 27, 2007
Wilmington, Delaware

/s/ Michael R. Lastowski
Michael R. Lastowski (DE 3892)
Richard W. Riley (DE 4052)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone:  (302) 657-4900
Facsimile:  (302) 657-4901
E-mail:  mlastowski@duanemorris.com
     rwriley@duanemorris.com

*Counsel for Impac Funding Corporation*

4

DM3\558416.1