IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware Corporation, | ) | (Jointly Administered) |
| *et al.* | ) | |
| Debtors. | ) | |
| | ) | Related to Docket No. 17 |

**LIMITED OBJECTION OF IMPAC FUNDING CORPORATION
TO EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
(I) AUTHORIZING CERTAIN DEBTORS TO OBTAIN POSTPETITION
FINANCING AND GRANT SECURITY INTERESTS AND SUPERPRIORITY
ADMINISTRATIVE EXPENSE PURSUANT TO 11 U.S.C. §§ 105, 362, 363,
AND 364(c); (II) SCHEDULING FINAL HEARING PURSUANT TO
BANKRUPTCY RULE 4001(c); AND (III) GRANTING RELATED RELIEF**

Impac Funding Corporation ("Impac"), by and through its undersigned counsel, hereby files this limited objection to the Emergency Motion for Interim and Final Orders (I) Authorizing Certain Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364(c); (II) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001(c); and (III) Granting Related Relief (the "Motion").

**Background**

1. Impac and American Home are parties to that certain Seller Agreement[1] dated February 7, 2002 (as amended, supplemented and otherwise modified from time to time, the "Seller Agreement").

2. Pursuant to the Seller Agreement, Impac purchased from American Home mortgage loans (the "Mortgage Loans"). The Seller Agreement prescribes, among other things,

---
[1] The Seller Agreement expressly incorporates by reference the Impac Seller's Guide (the "Seller's Guide"), which describes the terms and conditions governing American Home's sale of the Mortgage Loans to Impac.

DM3\558414.1

the manner in which American Home conveyed the Mortgage Loans, and any related documents, to Impac.

3. Under the Seller Agreement, American Home sold the Mortgage Loans to Impac on a servicing released basis (i.e., American Home sold all rights relating to the Mortgage Loans, including the right to service those loans to Impac).

4. Impac and American Home are also parties to an Interim Servicing Agreement[2] dated as of March 25, 2004, as supplemented by that certain Regulation AB Compliance Addendum to the Interim Servicing Agreement dated May 14, 2007 (as further amended, supplemented and otherwise modified from time to time, the "Interim Servicing Agreement" and, together with the Seller Agreement, the "Agreements").

5. Therefore, although American Home sold the right to service the Mortgage Loans to Impac, pursuant to the Interim Servicing Agreement, American Home agreed to sub-service the Mortgage Loans on an *interim* basis of up to ninety (90) days after the closing of a loan sale.

6. American Home, by or through American Home Servicing, is presently servicing, on an interim basis, thirty-nine (39) Mortgage Loans (the "AH Serviced Loans") owned by Impac.

7. On August 17, 2007, Impac filed the Emergency Motion for Relief From the Automatic Stay (Docket No. 232) pursuant to which Impac is seeking to obtain relief from the

---

[2] The Interim Servicing Agreement and the Seller Agreement expressly incorporate by reference the Impac Servicer Guide (the "Servicer Guide"). The Servicer Guide details the terms and conditions governing the servicing of the Mortgage Loans. The Interim Servicing Agreement also expressly incorporates by reference the Seller Agreement.

automatic stay in order to terminate American Home's servicing of the AH Serviced Loans and transfer the servicing to a new servicer.

8. Pursuant to the Interim Servicing Agreement, American Home retains possession of documents necessary for servicing the Mortgage Loans (the "Servicing Files"), but holds the Servicing Files in trust for the benefit of Impac as the owner thereof until such time (the "Servicing Transfer Date") as Impac designates a new servicer. On the Servicing Transfer Date, American Home is required to transfer to Impac or its nominee the Servicing Files. American Home is obligated to make the Servicing Files available to Impac and to permit Impac to copy all or any portion of the Servicing Files.

9. The Interim Servicing Agreement also requires American Home to deposit in certain segregated custodial accounts all funds received with respect to the Mortgage Loans within forty-eight hours of their receipt.

## Limited Objection

10. Impac objects to the Motion to the extent any final order on the Motion does not clearly provide that liens and security interests granted thereunder do not extend to (i) Impac's Mortgage Loans and proceeds and collections of such loans and (ii) cash and accounts held and/or maintained by the Debtors in trust or as custodian for the benefit of Impac.

WHEREFORE, Impac requests that the entry of a final order approving the Motion be conditioned on the inclusion of provisions consistent with this limited objection.

Dated: August 27, 2007
Wilmington, Delaware

/s/ Michael R. Lastowski
Michael R. Lastowski (DE 3892)
Richard W. Riley (DE 4052)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail: mlastowski@duanemorris.com
rwriley@duanemorris.com

*Counsel for Impac Funding Corporation*

DM3\558414.1