## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, <u>et al.</u>, | Chapter 11 |
| | Case No.  07-11047 (CSS) |
| Debtors. | Jointly Administered |

**MARICOPA COUNTY TREASURER'S NOTICE OF PERFECTED LIENS AND REQUEST FOR PAYMENT IN OBJECTION TO OR IN RESPONSE TO THE EMERGENCY MOTION OF THE DEBTORS FOR ORDERS: (A)(I) APPROVING SALE PROCEDURES; (II) SCHEDULING A HEARING TO CONSIDER SALE OF CERTAIN ASSETS USED IN THE DEBTORS' LOAN SERVICING BUSINESS; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF; AND (B)(I) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING PURCHASE AGREEMENT THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (IV) GRANTING RELATED RELIEF (DOCKET NO. 11); THE ORDER APPROVING (I) SALE PROCEDURES; (II) SCHEDULING A HEARING TO CONSIDER SALE OF CERTAIN ASSETS USED IN THE DEBTORS' LOAN SERVICING BUSINESS; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF (DOCKET NO. 113); THE EMERGENCY MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105(a), 363, AND 365 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN REAL PROPERTY LEASES AND THE SALE OF FURNITURE, FIXTURES AND EQUIPMENT LOCATED THEREIN; (II) APPROVING THE TERMS OF THE LETTER AGREEMENT; AND (III) GRANTING RELATED RELIEF (DOCKET NO. 137); THE NOTICE OF ADDITIONAL OFFICE LEASES TO BE ASSUMED AND ASSIGNMENT, AND THE FURNITURE, FIXTURES AND EQUIPMENT LOCATED THEREIN SOLD TO INDYMAC BANK F.S.B. OR HIGHER OR BETTER BIDDER AS CONTEMPLATED IN THE EMERGENCY MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105(A), 363, AND 365 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN REAL PROPERTY LEASES AND THE SALE OF FURNITURE, FIXTURES, AND EQUIPMENT LOCATED THEREIN; (II) APPROVING THE TERMS OF THE LETTER AGREEMENT; AND (III) GRANTING RELATED RELIEF (DOCKET NO. 228); AND THE MOTION FOR AN ORDER,**

**PURSUANT TO SECTIONS 105, 363, 365, AND 554 OF THE BANKRUPTCY CODE, ESTABLISHING PROCEDURES FOR THE (I) ASSUMPTION AND ASSIGNMENT OF REAL PROPERTY LEASES AND/OR OTHER EXECUTORY CONTRACTS AND (II) SALE OR ABANDONMENT OF FURNITURE, FIXTURES AND EQUIPMENT LOCATED THEREIN (DOCKET NO. 183)**

Maricopa County Treasurer ("Maricopa County"), by and through its undersigned counsel, hereby provides notice that it claims perfected statutory liens in accordance with A.R.S. § 42-17153 (2005) on certain of Debtor's real and personal parcels of property. Maricopa County further gives notice of its right to have its liens paid from the proceeds of any parcels of real or personal property located in Maricopa County.

A.      **Basis for Maricopa County's Liens**.

To the extent that Debtors are selling property located in Maricopa County Arizona, Arizona law grants Maricopa County valid liens that are "prior and superior to all other liens and encumbrances on the property." *See*, A.R.S. § 42-17153 (2005).

Maricopa County requests that prior to the transfer of any property located in Maricopa County, the tax liabilities associated with such property be fully paid. Maricopa County contends that it is entitled to have its tax liens on the property paid "from the sale of which the funds***were derived and, to the extent necessary to discharge the debt secured by the lien, the proceeds of the sale of the property were withdrawn from or taken out of the assets of the estate." *See*, *Brans v. City of Dallas, Texas*, 217 F.2d 640 (5th Cir.1954).

Further, Arizona law further provides that "It is unlawful for the owner,…to knowingly sell or transfer personal property or remove it from its location until the taxes on the property are paid." *See*, A.R.S. § 42-19107(A).  Accordingly, Maricopa County

contends that before any transfer of Debtors' property located in Maricopa County, all taxes associated with each of the parcels of property described below must be paid.

**B.**     **This Notice Responds to the Following Papers:**

1.     Emergency Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling A Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interest; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related thereto; and (IV) Granting Related Relief (Docket No. 11) (the "First Sale Motion");

2.     Order Approving (I) Sale Procedures; (II) Scheduling A Hearing to Consider Sale of Certain Assets Used in The Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof: and (IV) Granting Related Relief (Docket No. 113) (the "First Sale Order");

3.     Emergency Motion for an Order, Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code, (I) Authorizing The Assumption and Assignment of Certain Real Property Leases and the Sale of Furniture, Fixtures and Equipment Located Therein; (II) Approving the Terms of the Letter Agreement; and (III) Granting Related Relief (Docket No. 137) (the "Second Sale Motion");

4.     Notice of Additional Office Leases to be Assumed and Assignment, and the Furniture, Fixtures and Equipment Located Therein Sold to IndyMac Bank F.S.B. or Higher or Better Bidder as Contemplated in the Emergency Motion for an Order,

Pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code, (I) Authorizing the

Assumption and Assignment of Certain Real Property Leases and the Sale of Furniture,

Fixtures, and Equipment Located Therein; (II) Approving the Terms of the Letter

Agreement; and (III) Granting Related Relief (Docket No. 228) (the "Notice to Second

Sale Motion"); and

5.      Motion for an Order, Pursuant to Sections 1056, 363, 365 and 554 of the

Bankruptcy Code, Establishing Procedures for the (I) Assumption and Assignment of

Real Property Leases and/or Other Executory Contracts and (II) Sale or Abandonment of

Furniture, Fixtures, and Equipment Located Therein (Docket No. 183) (the "Third Sale

Motion").

**C.      <u>Maricopa County's Perfected Lien Interests</u>:**

1.      The personal property located at 7310 N. 16th Street, Phoenix, Arizona

located in Maricopa County identified as personal property parcel 949-30-778 is

encumbered with a fully perfected tax lien for 2007 taxes in an amount to be set in

August 2007 and known around September 1, 2007.

2.      The personal property located at 2400 W. Dunlap Avenue, Suite 145,

Phoenix, Arizona located in Maricopa County identified as personal property parcel 944-

59-385 is encumbered with a fully perfected tax lien for 2007 taxes in an amount to be set

in August 2007 and known around September 1, 2007.

3.      The personal property located at 6991 E. Camelback Road, Suite D300,

Scottsdale, Arizona located in Maricopa County identified as personal property parcel

949-30-787 is encumbered with a fully perfected tax lien for 2007 taxes in an amount to

be set in August 2007 and known around September 1, 2007.

4.      The personal property located at 928 W. Chandler Boulevard, Chandler, Arizona located in Maricopa County identified as personal property parcel 949-97-839 is encumbered with a fully perfected tax lien for 2007 taxes in an amount to be set in August 2007 and known around September 1, 2007.

5.      The personal property located at 8700 E. Vista Bonita, Scottsdale, Arizona located in Maricopa County identified as personal property parcel 949-97-848 is encumbered with a fully perfected tax lien for 2007 taxes in an amount to be set in August 2007 and known around September 1, 2007.

6.      The personal property located at 10603 N. Hayden Road, Scottsdale, Arizona located in Maricopa County identified as personal property parcel 949-97-857 is encumbered with a fully perfected tax lien for 2007 taxes in an amount to be set in August 2007 and known around September 1, 2007.

7.      The personal property located at 633 E. Ray Road, Gilbert, Arizona located in Maricopa County identified as personal property parcel 949-99-468 is encumbered with a fully perfected tax lien for 2007 taxes in an amount to be set in August 2007 and known around September 1, 2007.

8.      The personal property located at 8700 E. Via De Ventura, Scottsdale, Arizona located in Maricopa County identified as personal property parcel 990-05-877 is encumbered with a fully perfected tax lien for 2007 taxes in an amount to be set in August 2007 and known around September 1, 2007.

9.      The personal property located at 8767 E. Via De Ventura, Suite 120, Scottsdale, Arizona located in Maricopa County identified as personal property parcel

947-76-702 is encumbered with a fully perfected tax lien for 2007 taxes in an amount to be set in August 2007 and known around September 1, 2007.

**D.      Maricopa County's Liens Must be Paid From the Sale Proceeds Realized Under the Following Papers:**

1.      Maricopa County objects to First Sale Motion because the Purchase and Sale Agreement attached as Exhibit D fails to state the Permitted Liens and therefore fails to provide for payment of Maricopa County's secured priority lien.

2.      Maricopa County objects to the Second Sale Motion and the Notice to the Second Sale Motion to the extent that the $50,000.00 that IndyMac Bank F.S.B. agreed to pay in the Letter Agreement to satisfy arrearages, liens, or security interests with respect to the Office Assets is insufficient to satisfy Maricopa County's liens on Debtors' personal property located in Maricopa County.

3.      The Third Sale Motion states that liens will attach to the sale proceeds of any such Office Assets to the extent of their validity and priority immediately prior to sale.  Maricopa County hereby notifies Debtors of its secured priority liens as stated above.

**D.      Relief Requested.**

WHEREFORE, Maricopa County requests that upon the sale of any and all of Debtors' personal property located in Maricopa County, its claims regarding said personal property shall be paid in full at closing or, at a minimum, funds equal to said claim or claims shall be held in escrow pending further Order of Court.

Dated this 27th day of August, 2007.

Respectfully submitted,

GUST ROSENFELD P.L.C.


By/s/ *Madeleine C. Wanslee #012590*
    Madeleine C. Wanslee, AZBA #012590
    201 E. Washington Street, Suite 800
    Phoenix, AZ  85004-2327
    Telephone No. (602) 257-7430
    Facsimile No. (602) 34-1538
    Email: mwanslee@gustlaw.com

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on the 27th day of August, 2007, I served by first class, postage prepaid mail and by facsimile a true and correct copy of the foregoing *Maricopa County Treasurer's Notice of Perfected Liens in Objection to or In Response to the Emergency Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling A Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interest; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related thereto; and (IV) Granting Related Relief (Docket No. 11);Order Approving (I) Sale Procedures; (II) Scheduling A Hearing to Consider Sale of Certain Assets Used in The Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof: and (IV) Granting Related Relief (Docket No. 113); Emergency Motion for an Order, Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code, (I) Authorizing The Assumption and Assignment of Certain Real Property Leases and the Sale of Furniture, Fixtures and Equipment Located Therein; (II) Approving the Terms of the Letter Agreement; and (III) Granting Related Relief (Docket No. 137); Notice of Additional Office Leases to be Assumed and Assignment, and the Furniture, Fixtures and Equipment Located Therein Sold to IndyMac Bank F.S.B. or Higher or Better Bidder as Contemplated in the Emergency Motion for an Order, Pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code, (I) Authorizing the Assumption and Assignment of Certain Real Property Leases and the Sale of Furniture, Fixtures, and Equipment Located Therein; (II) Approving the Terms of the Letter Agreement; and (III) Granting Related Relief (Docket No. 228); and Motion for an Order, Pursuant to Sections 1056, 363, 365 and 554 of the Bankruptcy Code, Establishing Procedures for the (I) Assumption and Assignment of Real Property Leases and/or Other Executory Contracts and (II) Sale or Abandonment of Furniture, Fixtures, and Equipment Located Therein (Docket No. 183)* upon the following party:

Proposed Counsel for Debtors:

James L. Patton, Jr., Esq.
Joel A. Waite, Esq.
Pauline K. Morgan, Esq.
Sean M. Beach, Esq.
Matthew Barry Lunn, Esq.
Kara Hammond Coyle, Esq.
Kenneth J. Enos, Esq.
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE  19899
Facsimile: 302-571-1253

By _/s/ Madeleine C. Wanslee_____