IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                   :    Chapter 11
                                                         :
AMERICAN HOME MORTGAGE                                    :    Case No.  07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,          :
                                                         :    Jointly Administered
                                                         :
            Debtors.                                     :    **Ref. Docket Nos. 11 & 113**
---------------------------------------------------------- x

## NOTICE OF (I) POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES, LICENSE AGREEMENTS, AND EXECUTORY CONTRACTS; AND (II) PROPOSED CURE OBLIGATIONS, IF ANY

PLEASE TAKE NOTICE that on August 6, 2007, American Home Mortgage

Holdings, Inc. *et al.*, the above-captioned debtors and debtors in possession (collectively, the

"Debtors"),[1] filed the Emergency Motion of the Debtors for Orders:  (A)(i) Approving Sale

Procedures; (ii) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors'

Loan Servicing Business; (iii) Approving Form and Manner of Notice Thereof; and (iv) Granting

Related Relief; and (B)(i) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims,

Encumbrances, and Other Interests; (ii) Authorizing and Approving Purchase Agreement

Thereto; (iii) Approving the Assumption and Assignment of Certain Executory Contracts and

Unexpired Leases Related Thereto; and (iv) Granting Related Relief [D.I. 11] (the "Motion")

with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

By the Motion, the Debtors have requested the authority to sell the assets related to the Debtors'

mortgage loan servicing business (the "Servicing Business"), free and clear of all liens, claims,

---

[1] The Debtors are:  American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

encumbrances and other interests pursuant to section 363 of title 11 of the United States Code

(the "Bankruptcy Code"), and also the authority to assume and assign various agreements related

to the Servicing Business.

PLEASE TAKE FURTHER NOTICE that on August 9, 2007, the Bankruptcy

Court entered an order (the "Sale Procedures Order") (i) approving the sale procedures with

respect to the proposed sale (the "Sale") of the Servicing Business (the "Sale Procedures"),

pursuant to the terms of the form Purchase and Sale Agreement (the "Purchase Agreement"),

which was annexed as Exhibit D to the Motion, (ii) scheduling a hearing (the "Sale Hearing") for

the Sale and setting objection and bidding deadlines with respect to the Sale, (iii) approving the

form and manner of notice of an auction for the relevant assets (the "Auction") and the Sale

Hearing, and (iv) granting related relief [D.I. 113].  The Bankruptcy Court has scheduled the

Sale Hearing to be held on September 17, 2007 at 12:00 Noon (prevailing Eastern Time).

PLEASE TAKE FURTHER NOTICE that pursuant to the Sale Motion, the

Debtors intend to assume and assign certain of their unexpired leases, license agreements, and

executory contracts (collectively, the "Potential Executory Contracts") pursuant to section

365(b)(1)(A) of the Bankruptcy Code.  The Potential Executory Contracts that the Debtors may

seek to assume and assign and corresponding proposed cure obligations, if any, (the "Proposed

Cure Obligations") are listed on the attached Exhibit A.

PLEASE TAKE FURTHER NOTICE that any objections to the relief requested

in the Sale Motion, including the assumption and assignment of the Potential Executory

Contracts and the corresponding Proposed Cure Obligations, must (a) be in writing; (b) comply

with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the

Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington,

Delaware 19801, **on or before 4:00 p.m. (prevailing Eastern Time) on September 13, 2007**,

and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the

same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville,

New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young Conaway Stargatt & Taylor,

LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.:

James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone Advisors, LLC, 1775 Eye Street,

NW, Suite 800, Washington, DC 20006 (Attn: Jeffrey M. Levine); (iv) counsel to the Official

Committee of Unsecured Creditors, Hahn & Hessen LLP, 488 Madison Avenue, New York, NY

10022 (Attn.: Mark S. Indelicato); (v) Kaye Scholer LLP, 425 Park Avenue, New York, New

York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson &

Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware

19801 (Attn.: Laurie Selber Silverstein), counsel to Bank of America, N.A., as Administrative

Agent for the lenders under that certain Second Amended and Restated Credit Agreement, dated

August 10, 2006; (vi) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.:

Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite

1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the Debtors'

postpetition lenders; and (vii) the Office of the United States Trustee, 844 King Street, Room

2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon).

PLEASE TAKE FURTHER NOTICE that any person or entity receiving notice

of the Sale Hearing and/or this Notice that fails to file an objection on a timely basis shall (a) be

forever barred from objecting to the Proposed Cure Obligations and from asserting any

additional cure or other amounts with respect to the assumption and assignment of such Potential

Executory Contracts and the Debtors shall be entitled to rely solely upon the Proposed Cure

Obligations, and (b) be deemed to have consented to the assumption and assignment of such Potential Executory Contracts and shall be forever barred and estopped from asserting or claiming against the Debtors, the purchaser of the Servicing Business, or any other assignee of the relevant Potential Executory Contract that any additional amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied under such Potential Executory Contract.

PLEASE TAKE FURTHER NOTICE that in the event that an objection to the Proposed Cure Obligation (the "Cure Amount Objection") is filed, the Cure Amount Objection must set forth: (a) the basis for the objection; and (b) the amount the party asserts as the cure amount; provided, however, such Cure Amount Objection shall not be deemed to be an objection to the Sale Motion.

PLEASE TAKE FURTHER NOTICE that hearings on Cure Amount Objections may be held (a) at the Sale Hearing, or (b) at such other date after the Sale Hearing as the Court may designate.

PLEASE TAKE FURTHER NOTICE that the Debtors' decision to assume and assign the Potential Executory Contracts is subject to the Court's approval and consummation of the Sale. Absent consummation of the Sale, each of the Potential Executory Contracts shall neither be deemed assumed nor assigned and shall in all respects be subject to further administration under the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE that Debtors reserve the right to remove any Potential Executory Contract from any proposed asset sale and to withdraw the request to assume and assign any such Potential Executory Contract. The identification of a Propose Cure Obligation is without prejudice to the Debtors' right to modify, amend or contest the validity

and/or amount of such Proposed Cure Obligation prior to the assumption and assignment of the respective Potential Executory Contract.

PLEASE TAKE FURTHER NOTICE that the Sale Hearing may be adjourned from time to time without further notice to creditors or parties-in-interest other than by announcement of said adjournment in the Bankruptcy Court or on the Bankruptcy Court's calendar on the date scheduled for the Sale Hearing.

Dated: Wilmington, Delaware
       August 27, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

____/s/Matthew B. Lunn_____
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Proposed Counsel for Debtors and
Debtors in Possession