IN THE UNITED STATES BANKRUTPCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : |
| a Delaware corporation, et al., | : Case No. 07-11047 (CSS) |
| | : Jointly Administered |
| Debtors. | : |
| | : Ref. Docket Nos. 17, 67 |

## LIMITED OBJECTION
## OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
## TO DEBTORS' MOTION FOR ENTRY OF FINAL ORDER
## APPROVING DEBTOR-IN-POSSESSION FINANCING

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by their undersigned proposed counsel, objects to the "Emergency Motion For Interim And Final Orders (I) Authorizing Certain Debtors To Obtain Postpetition Financing And Grant Security Interests And Superpriority Administrative Expense Pursuant To U.S.C. §§ 105, 362, 363 And 364(c); (II) Scheduling Final Hearing Pursuant To Bankruptcy Rule 4001(c); And (III) Granting Related Relief" [Docket No. 17] (the "Motion"), and to this Court's entry of a final order approving the Motion (the "Final Order") containing the substantive terms and provisions of the Court's "Interim Order Pursuant To Sections 105(a), 362 And 364 Of The Bankruptcy Code And Bankruptcy Rules 2002, 4001 And 9014; (A) Approving Debtor-In-Possession Financing; (B) Granting Liens And Allowing Superpriority Administrative Claims, (C) Scheduling A Final Hearing, And (D) Granting Related

113613.00100/21621489v.1

Relief) (the "Interim Order")[1].  In support of this Limited Objection, the Committee respectfully represents as follows:

1.     On August 6, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 Title 11, United States Code (the "Bankruptcy Code") with this Court. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  The Committee was appointed and selected its undersigned counsel on August 14, 2007, whose retention has not yet been approved by this Court.

2.     The Motion seeks the entry of a Final Order with respect to the proposed $50,000,000 DIP Credit Facility to be extended to the Debtors by WLR Recovery Fund III, L.P. and such other financial institutions as may become parties thereto (the "DIP Lenders").  The Committee does not object to the DIP Credit Facility but submits that the Interim Order contains several provisions that are neither reasonable nor 'standard and customary' and would, if continued into the Final Order, improperly benefit the DIP Lenders and prejudice general unsecured and other creditors of the Debtors' estate.

3.     Paragraph "8" of the Interim Order does not make clear, as does the definition of the term "Collateral" set forth in the DIP Credit Agreement, that the DIP Collateral and/or Collateral does not, and must not, include causes of action brought pursuant to Sections 544, 547, 548, 549, 550 and 553 of the Bankruptcy Code and recoveries thereupon (the "Avoidance Actions").  Since paragraph "34" of the Interim Order provides that the Interim Order governs in the event of any inconsistency between the Interim Order and the DIP Financing Documents, any

---

[1] All capitalized terms used but not otherwise defined in this Objection shall have the meanings ascribed to such terms in the Interim Order.

- 2 -

Final Order should specifically provide that the DIP Collateral does not include Avoidance Actions.  Similarly, paragraph "7" of the Interim Order should specify that any super-priority administrative expense claim with respect to the DIP Obligations shall not be paid from Avoidance Actions.  Bankruptcy Code avoidance actions generally belong to and are intended to benefit unsecured creditors.  No exigent circumstances have been articulated by the Debtors sufficient to justify giving the DIP Lenders the first rights to what may be a significant source of recovery for unsecured creditors.

4.     Paragraph "22" of the Interim Order provides that the Debtors shall not be permitted to pay, "from the Carve-Out Amount or otherwise", any fees and expenses incurred by any party in litigating against the DIP Lenders.  The Committee objects to the use of the language "or otherwise" in this provision, as this language would prevent the Debtors and/or the Committee from using unencumbered assets, such as the Avoidance Actions, to fund any such litigation.  The Final Order should provide that the Debtors are prohibited from paying these litigation fees and expenses "from the DIP Collateral (including from the Carve-Out Amounts)".

5.     Paragraph "27" of the Interim Order provides that all proceeds of the DIP Collateral must be deposited into such bank accounts as the Administrative Agent shall direct, "and upon such deposit all proceeds shall become the sole and exclusive property of the Secured Parties …."  The Committee submits that this language is overbroad and does not respect any equity that the Debtors may have in the DIP Collateral that will be property of their estates if and when the DIP Obligations are repaid in full.  This language should be qualified so that any such proceeds cease being the Secured Parties' "sole and exclusive property" at such time as the DIP Obligations have been indefeasibly paid in full in cash.

6.	Paragraph "31" of the Interim Order sets forth an overly broad exculpation provision in favor of the Secured Parties. The Committee objects to this exculpation provision unless limited, as is the indemnification provision set forth in paragraph "30", such that the Secured Parties are not exculpated to the extent that any liability sought to be imposed upon them which otherwise would be the subject of this exculpation is determined by final order of a court of competent jurisdiction to have resulted from the Secured Parties' bad faith, gross negligence and/or willful misconduct.

7.	Paragraph "32" of the Interim Order provides that if the payment of any fees and expenses of the Secured Parties are timely disputed pursuant to the mechanism set forth therein, these Disputed Invoiced Fees must nevertheless be paid by the Debtors. This provision is objectionable. The Debtors and/or the Committee should not be required to seek disgorgement of Disputed Invoiced Fees; rather, the Debtors should not be required to pay Disputed Invoiced Fees until the specific disputes have either been resolved by the parties or determined by order of this Court.

8.	Paragraph "35" of the Interim Order authorizes the Debtors and the Secured Parties to make certain amendments to the DIP Financing Documents without further order of this Court if determined in their good faith judgment to be not "material". The Committee should be provided with prior written notice of any such amendments so that the Committee may seek appropriate relief from this Court should the Committee disagree with the parties' good faith judgment with respect to the immateriality of any such amendments.

9.	The Debtors who are Borrowers are jointly and severally liable for the DIP Obligations and the DIP Collateral assets of the various Borrowers are cross-collateralized as security for the DIP Obligations. The Committee is not yet able to assess the impact of the joint

and several nature of the DIP Credit Facility on the creditors of individual estates of the Borrowers. So that the rights of the estates as among themselves are not prejudiced by the entry of the Final Order, the Committee submits that the Final Order should contain the following provision:

> Without limiting the joint and several liability of each of the Debtors for the DIP Obligations, the Debtors shall use reasonable efforts so that Debtors that receive the benefit of funds advanced under the DIP Credit Facility or the services contemplated thereunder or hereunder repay their share thereof on a dollar for dollar basis. To the extent a Debtor (i) receives funds advanced under the DIP Facility (including as a result of inter-company balances incurred after the Commencement Date to the extent such balances arise from the incurrence of DIP Obligations), or (ii) receives a post-petition inter-company loan or transfer of funds advanced under the DIP Facility (including as a result of the Debtors' cash management system or otherwise) (each a "Beneficiary Debtor"), and such DIP Obligations are repaid or such post-petition inter-company loan or transfer is made (including from cash collateral) (each an "Advance") by any other Debtor that is an obligor under the DIP Facility (an "Advancing Debtor"), the Advancing Debtor shall have (a) an allowed claim under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code against the Beneficiary Debtor for the amount of such Advance junior to the super-priority administrative claim granted to the Secured Parties pursuant to paragraph 7 of this Final Order.

10. The Final Order should contain a provision stating that all notices, invoices, reports or financial information given by or to the Debtors pursuant to the Final Order shall also be provided to the Committee's counsel.

11. Given the complexities of the case, the Committee reserves the right to supplement, amend, and/or withdraw this Limited Objection.

- 5 -

WHEREFORE, the Committee respectfully requests that this Court condition entry of a Final Order upon the modifications requested in this Limited Objection, and that the Court grant such other and further relief as may be just and proper.

Dated: August 29, 2007

**BLANK ROME LLP**

/s/*Bonnie Glantz Fatell*
Bonnie Glantz Fatell (DE No. 3809)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

and

Hahn & Hessan LLP
Mark S. Indelicato
Mark T. Powers
Joshua I. Divack
New York, NY 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400