## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE | : | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., Delaware corporation, et al.,[1] | : | Jointly Administered |
| | : | |
| Debtors. | : | **Re: Dkt. No. 192** |

## LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AMERICAN HOME MORTGAGE HOLDINGS, INC., *ET AL.* TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(a), 327, 328 AND 330 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 AUTHORIZING THE EMPLOYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF THE DEBTORS' BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE

The Official Committee of Unsecured Creditors (the "Committee") of American Home

Mortgage Holdings, Inc., *et al.* by and through its proposed undersigned counsel, hereby objects

to the Debtors' *Motion for an Order pursuant to Sections 105(a), 327, 328 and 330 of the*

*Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals*

*Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to the Petition Date*

(the "Motion")[2] and respectfully represents as follows:

### PROCEDURAL BACKGROUND

1.    On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code").

---

[1]   The Debtors are the following entities: American Home Mortgage Holdings, Inc., a Delaware corporation; American Home Mortgage Investment Corp., a Maryland corporation; American Home Mortgage Acceptance, Inc., a Maryland corporation; American Home Mortgage Servicing, Inc., a Maryland corporation; American Home Mortgage Corp., a New York corporation; American Home Mortgage Ventures LLC, a Delaware limited liability company; Homegate Settlement Services, Inc., a New York corporation; and Great Oak Abstract Corp., a New York corporation.

[2]   Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion.

2.      Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue in the management and operation of their businesses and property as debtors in possession. No trustee or examiner has been appointed in these cases.

3.      On August 14, 2007, the Office of the United States Trustee appointed the following members to the Committee: (i) Wilmington Trust Company, (ii) The Bank of New York Trust Company, N.A., (iii) Deutsche Bank National Trust Co., (iv) Nomura Credit & Capital, Inc., (v) Impac Funding Corporation, (vi) Waldners Business Environments, Inc., and (vii) United Parcel Service.

4.      On August 14, 2007, the Committee selected Blank Rome LLP and Hahn & Hessen LLP as its co-counsel.

5.      On August 16, 2007, the Debtor filed the Motion [Dkt No. 192] seeking approval to employ and compensate certain professionals utilized by the Debtor in the ordinary course of its business (collectively, the "Ordinary Course Professionals"). The Debtor seeks to compensate the Ordinary Course Professionals for services rendered, subject to certain limitations set forth in the Motion, without additional approval from this Court.

## LIMITED OBJECTION

6.      Paragraphs 1 through 5 are incorporated herein by reference as if set forth in full.

7.      Section 327 of the Bankruptcy Code governs the employment of professional persons in a bankruptcy case. 11 U.S.C. §327. A leading bankruptcy treatise describes the standard to approve employment of professionals as the "reasonably necessary" test as follows:

> The determinative question in approving the employment of a professional person is whether it is reasonably necessary during the administration of the estate to have professional persons, such as attorneys or accountants, employed. An attorney for a trustee should not be employed unless the attorney's special professional

> skills are necessary for the protection and benefit of the estate or
> will further the aims of the case.

3 *Collier on Bankruptcy* ¶ 327.02[1] (Alan N. Resnick and Henry J. Sommer, eds, rev. 2006).

8.     Employment of professionals pursuant to Bankruptcy Code §327 is not reasonably necessary where such services would be duplicative or superfluous. Cf., In re Wang Laboratories, Inc., 143 B.R. 794, 795 (Bankr. D. Mass. 1992); In re Gillett Holdings, Inc., 137 B.R. 452, 460-61 (Bankr. D. Colo. 1991).

9.     Likewise, the procedures for requests and review of requests for payment of compensation to retained professionals are clearly delineated in the Bankruptcy Code. (see e.g. Bankruptcy Code §§ 328, 330, 331)

10.     Despite the foregoing, Bankruptcy Courts have increasingly recognized the benefit of approving procedures streamlining the statutorily directed procedures for authorizing debtors to retain and compensate professionals utilized by debtors in the ordinary course of business.

11.     While the Committee likewise recognizes the benefit of a mechanism easing some of the requirements for retention and compensation of Ordinary Course Professionals, it believes that the procedures set forth in the Motion and the proposed order appended thereto are overly unrestrictive and could give rise to the excessive waste and expenditure of tremendous sums of money where unnecessary or inappropriate and without adequate oversight.

12.     The Committee has conveyed to the Debtors several specific concerns regarding the Motion and proposed order, including among others, the following:

- Aggregate of 31 firms proposed to be retained as Ordinary Course Professionals at $75,000 per month per firm could cost as much as $2,325,000 per month

- Aggregate of 36 firms proposed to be retained as Ordinary Course Professionals at $35,000 per month per firm could cost as much as $1,260,000 per month

- The categorical caps of $75,000 and $35,000 per month per firm need to be examined to determine if they are too high

- There should be imposed some appropriate limitations on (a) the aggregate amounts payable to all Ordinary Course Professionals on a monthly basis and/or over the course of some other defined periods, and/or (b) the aggregate amounts payable to each Ordinary Course Professional over the course of some defined periods

- Before approving retention of all the Ordinary Course Professionals identified in the motion, a determination should be made as to whose services are being utilized and why (e.g. should litigation defense counsel be billing time with respect to stayed litigation?; how much work should be done on foreclosure of loans which are part of portfolios that are in the process of being sold?)

- Mechanisms should be in place to ensure that professional expenses advanced in connection with servicing of loans will be recouped by the estate (i.e. paid out of sales proceeds)

- As to work in process by foreclosure attorneys, there needs to be a mechanism in place to ensure that if and when a loan portfolio is sold and servicing transferred, no further ongoing legal fees should be incurred by or charged to the estate

- There is no mechanism for the Committee to review and weigh in on invoices and proposed payments to Ordinary Course Professionals

13. These issues have been raised with the Debtors' counsel and financial advisors and the Committee has been informed that efforts will be made to address some or all of these concerns.

14. It is accordingly the Committee's hope that some or all of these concerns will be addressed and resolved at or prior to the hearing on the Motion. However, in case they are not, the Committee reserves its right to raise these and any other relevant issues in response to the Motion at the hearing thereon.

WHEREFORE, the Committee respectfully reserves its rights (a) to raise these and any other relevant issues in response to the Motion at the hearing thereon, and, (b) to the extent such

issues cannot be appropriately addressed and resolved, to request that the Court deny the relief sought in the Motion.

Dated:   August 30, 2007

BLANK ROME LLP

*Bonnie Jatell*

Bonnie Glantz Fatell (No. 3809)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:   (302) 425-6400
Facsimile:   (302) 425-6464

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Mark T. Power
488 Madison Avenue
New York, New York 10022
Telephone:   (212) 478-7200
Facsimile:   (212) 478-7400

*Proposed Co-Counsel to the Official Committee of Unsecured Creditors of American Home Mortgage Holdings, Inc., et al.*