IN THE UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:

AMERICAN HOME MORTGAGE, INC.,
A Delaware Corporation, et al.

Debtors.

----------------------------------------------X

Chapter 11 Case

Case No. 07-11047 (CSS)

Objection Deadline: September 4, 2007
Hearing Date: September 17, 2007

Related to Doc # 435

**DE LAGE LANDEN FINANCIAL SERVICES, INC.'S OBJECTION TO THE DEBTORS' PROPOSED ASSUMPTION OF DE LAGE LANDEN FINANCIAL SERVICES, INC.'S LEASES, THE PROPOSED CURE AMOUNTS, AND THE SALE OF DE LAGE LANDEN FINANCIAL SERVICES, INC.'S EQUIPMENT, AS STATED WITHIN THE DEBTORS NOTICE, DATED AUGUST 29, 2007**

**TO THE HONORABLE PETER J. WALSH,
UNITED STATES BANKRUPTCY JUDGE:**

De Lage Landen Financial Services, Inc. ("De Lage Landen"), by its attorneys, Platzer, Swergold, Karlin, Levine, Goldberg, & Jaslow, LLP, and Duane Morris LLP hereby submits its objection ("Objection") to the Debtors' proposed lease assumption, the proposed cure amounts and the proposed sale of certain equipment, that is subject to leases made between the Debtor, American Home Mortgage Holdings, Inc., and De Lage Landen.

**RELIEF SOUGHT BY THE DEBTOR**

1.      American Home Mortgage Holdings, Inc. (the "Debtor") and certain of its direct and indirect affiliates and subsidiaries', the debtors and debtors in possession in the above cases (collectively, the "Debtors") seek within their notice (Doc # 435) (the

DM3\560713.1

"Notice") the Bankruptcy Court's approval of the assumption, cure and assignment of certain equipment leases made between the Debtor and De Lage Landen, as well as the sale of equipment located at 17744 Sky Park Circle, Irvine, CA (the "Skypark Location"), pursuant to 11 U.S.C. §§ 101, 363, 365 and 554 of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

2.  On August 6, 2007 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11, the Bankruptcy Code.

### I. The Leases

3.  Prior to the Petition Date, various Debtors, as lessee[1], entered into approximately two-hundred fifty (250) equipment leases with De Lage Landen for the lease of various pieces of equipment ("Leased Equipment"), as described within the leases and which generally consists of, but not limited to, facsimile machines, photocopier machines, postal/mail machines, and computer printers and which were required by the terms of each of relevant leases, to be located at the locations (collectively, the "Equipment Locations") designated within each of leases.

4.  With respect to the Sky park Location which is the subject of the Notice, the Debtor and De Lage Landen entered into three equipment leases for the lease of certain equipment to be located at Skypark Location. Annexed hereto as "Exhibit A" is a copy of a spreadsheet prepared by De Lage Landen, which identifies the equipment leases bearing the lease numbers 24517597 ("Lease # 24517597), 24521762 ("Lease

---

[1] American Home Mortgage Holdings, Inc.; First Home Mortgage Corp.; and M Team Financial

DM3\560713.1

#24521762") and # 24602280 ("Lease # 24602280") as the three leases that designated the Sky Park Location as being a leased equipment location for some of the equipment that is subject to each of these leases.   Collectively, Lease # 24517597, Lease #24521762 and Lease # 24602280, shall be referred herein as the "Leases").

5.  As provided for within the Debtor's Notice, the Debtor does not seek to assume all the Leases, but attempts to single out two "leases" for assumption and provides nothing for a proposed cure amount.

6.  The Notice mis-identifies two "leases" for assumption, with respect to a Toshibia copier bearing the SN # XG312795 and a Toshibia Copier bearing the SN # XG312814 (collectively, the "Toshibia Copiers") that are located at Sky Park Location, as per the Debtors' Notice.

7.  Contrary to the Debtors' Notice, the Toshiba Copiers are both subject to schedule # 001 to the master lease # 24521762 (collectively "Lease # 2451762"). In addition to the Toshibia Copiers, the Debtor leased other equipment that was designated within Lease #2451762 as having the Sky Park Location as their designated equipment location. In fact, under Lease #2451762, the Debtor leased many other pieces of equipment, some of which are designated within Lease # 2451762 as having an equipment location totally different from the Sky Park Location, as well.

8.  The Debtors' Notice is silent as to whether or not the Debtors are proposing to assume Lease # 2451762 in its entirety.  A copy of Lease # 2451762 is annexed hereto as Exhibit B.

9.  Additionally, the Debtors' Notice seeks the Bankruptcy Court's approval

for the sale of all other equipment located at the Sky Park Location, without stating in particular what equipment the Debtors' are seeking to sell. This failure to particularize the identity of the equipment the Debtors are seeking to sell is a Notice defect. This Notice defect is disturbing since De Lage Landen has other equipment located at the Sky Park Location, as per the Leases, in addition to the Toshibia Copiers that the Debtors are seeking an assumption for.

10. With respect to the Sky Park Location, De Lage Landen leased a Toshiba Fax Machine, bearing the serial number S04100013 ("Toshiba Fax Machine") to the Debtor under Lease # 24602280. Based on De Lage's records the Sky Park Location is designated equipment location for the Toshiba Fax Machine. See Exhibit A. A copy of Lease # 24602280 is annexed as "Exhibit C". Debtors' Notice is silent as to the Toshiba Fax Machine.

11. In addition with respect to the Sky Park Location, De Lage Landen leased a Hasler Mail Machine, bearing the serial number 4EGX156 (the "Hasler Mail Machine") to the Debtor under Lease # 24517597, which designated the Sky Park Location as the equipment's location. A copy of Lease # 24517597 is annexed as "Exhibit D". See Exhibit A. Debtors' Notice is silent as the Hasler Mail Machine.

12. In addition to the Toshiba Copiers the Debtors have expressed an interest in lease assumption for, pursuant to Lease # 24521762, the Debtor leased five (5) other Toshiba copiers, bearing the serial numbers S03080028, S03080033, S03080058, S03080237 and S03080053 (the "Additional Toshiba Copier/Facsimile Machines") that also had the Sky Park Location as their stated equipment location. Debtors'

Notice is silent as these other Additional Toshiba Copier/Facsimile Machines[2].

13. The Debtor has not rejected any of the Leases[3], pursuant to § 365(d)(2) of the Bankruptcy Code, nor has it made any payments due under these Leases post-petition.

## DE LAGE LANDEN'S OBJECTION TO THE PROPOSED ASSUMPTION, ASSIGNMENT AND CURE STATED WITHIN THE DEBTORS' NOTICE

I. The Debtors cannot partially assume or partially cure a lease with respect to only some of the leased equipment or lease provisions.

14. Although it appears the Debtors intend to assume a part of Lease # 24517597, the Debtors have failed to propose to assume all the lease obligations due under Lease # 24517597 with respect to all the other equipment leased under Lease # 24517597. The Debtors' proposed partial assumption is <u>not allowed and is without authority</u> under the Bankruptcy Code. The Bankruptcy Code does not allow a debtor to pick and choose which part of a lease it may assume, cure and thereafter perform under.

15. Section 365(d)(2) of the Bankruptcy Code states in relevant part as follows:

"In a case under chapter 9, 11, 12 or 13 of this title,

---

[2] The Debtors have filed an additional notice of assumption (doc # 506), with a noticed hearing date of September 17, 2007 requesting the assumption of Lease # 24521762, with respect to the Toshiba Fax machines bearing the Serial numbers S03080028, S03080033, S03080053 and S03080058. However, this notice (doc #506) makes no mention of the Toshiba Fax machine bearing S03080237, which is also located at the Sky Park Location.

[3] The Debtors have filed a lease rejection motion (doc # 510), with a noticed September 17, 2007 hearing date, that seeks to reject some but not all of the Leases.

DM3\560713.1

> the trustee may assume or reject an executory contract or unexpired lease of . . . personal property of the debtor at any time before confirmation of a plan . . ."

16. Section 365(b)(1) of the Bankruptcy Code states in relevant part as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . ."

17. The Bankruptcy Code does <u>not</u> authorize Debtors to assume or cure a lease with respect to only some portion or parts of a lease and with respect to only some of the Leased Equipment that the Debtors may wish to assume, while ignoring the remaining leased equipment that is subject to the very same lease. The Debtors cannot "cherry-pick" those portions of Lease # 24521762 the Debtors want to assume without assuming the Lease # 24521762 in its entirety. <u>See</u> <u>In re Three Star Telecast, Inc.</u>, 73 B.R 270, 274 (Bankr., D.P.R, 1987)(If the debtor in possession opts to assume, it must assume the contract in its <u>entirety</u>, cure all defaults . . . ")(emphasis added); <u>In re Winn-Dixie Stores, Inc.</u>, 345 B.R.402, 405-406 (Bankr. M.D.F.L, 2006)("If Debtor chooses to assume the Lease, Winn-Dixie must assume it in its <u>entirety</u>, cure the default . . . ")(emphasis added); <u>In re Sweetwater</u>, 40 B.R.733, 743 *note 23* (Bankr., U.T, 1984)("if the trustee or the debtor instead chooses to assume the lease, he has

the responsibility of curing any existing default, and then must comply with the lease, term by term. The full amount of the payments provided for in the lease must be made, and they must be made under the same schedule as provided in the lease."); <u>In re Holland Enterprises</u>, 25 B.R. 301, 303 (E.D.N.C, 1982)("It is axiomatic that an assumed contract under 365 is accompanied by all its provisions and conditions. Similarly, an executory contract or unexpired lease must be rejected *in toto* [in the whole; completely]. To hold otherwise, would construe the bankruptcy law as providing a debtor in bankruptcy with greater rights and powers under a contract then the debtor had outside of the bankruptcy.")

18.   Further, the Debtors have not proposed to De Lage Landen any written modification of Lease # 24517597 for De Lage Landen's consideration that could provide for the rejection and/or assumption of the lease, as a lease modification, with respect to any portion or specific pieces of the leased equipment. As provided by the provisions of Lease # 24517597, the lease may not be changed or modified, except and only by a written agreement, agreed to and signed by the parties to the lease. The Debtors do not have the right or power to unilaterally change any provision or part of Lease # 24517597.

### II. The Debtors' proposed cure amounts do not equal the amounts due under Lease # 24517597 and are not correct

19.   Debtors' Notice does not state the correct cure amount for Lease # 24517597. The Debtor is in default of its payment obligations due under Lease # 24517597, since it has not made any payments due under this Lease since June 25,

2007. If the Debtors were to assume the Lease # 24517597 under the Bankruptcy Code, the Debtor would have to pay all the past due amounts due under the Leases, in the amount of $38,811.72, which represents the payments due for the months of July and August of 2007.

20. The proposed "Zero" cure amount stated within the Debtors' Notice does not cure Lease # 24517597 in toto or with respect to individual pieces of leased equipment that are partly identified within the Notice and which are subject to Lease # 24517597.

## DE LAGE LANDEN'S OBJECTION TO THE PROPOSED SALE OF THE EQUIPMENT LOCATED AT SKY PARK LOCATION

21. As stated above, De Lage Landen is an equipment lessor and prior to the Petition Date, the Debtors entered into approximately two-hundred fifty (250) equipment leases with De Lage Landen. Pursuant to the terms of these leases, the Debtors were required to maintain De Lage Landen's Leased Equipment at the stated locations identified in each of the particular leases.

22. De Lage Landen has not received any notice from the Debtors that any of the Leased Equipment has been removed from its designated equipment location. Further, De Lage Landen has not consented to any change of any of the Leased Equipment's designated locations, as identified within each of the particular leases.

23. Although De Lage Landen has no evidence to suggest any of the Leased Equipment was moved from its designated location, De Lage Landen is concerned that prior to and/or after the filing of these bankruptcy cases, the Leased Equipment may

have been removed from the designated locations to the Debtors' other locations. Given the vague and general description of what personal property is being sold pursuant to the Notice, it is unclear whether any of the De Lage Landen's leased equipment is subject to the proposed sale.

24. In order to determine whether the De Lage Landen's Leased Equipment is part of the proposed sale, De Lage Landen must be provided with a more detailed description of the equipment that is the subject of the sale contemplated in Debtors' Notice. This is especially important since De Lage Landen's equipment, including but not limited to, the Toshiba Fax Machine, the Hasler Mail Machine and the Additional Toshiba Copier/Facsimile Machines are located at the Sky Park Location, as per Leases.

25. De Lage Landen does not consent to the sale of any of the Leased Equipment, including but not limited to the Toshiba Fax Machine, the Hasler Mail Machine and the Additional Toshiba Copier/Facsimile Machines.

26. The Leased Equipment is De Lage Landen's property and the Debtors do not own any of this Leased Equipment and do not have title to convey to any potential buyer. See *In re R.L. Larson,* 128 B.R. 257, 262 (Bankr.D.N.D. 1990) ("... [equipment] leases... do not convey ownership interest to the debtors, but merely a leasehold interest which is a cognizable interest under section 541 [of the Bankruptcy Code]".

27. Accordingly, De Lage Landen submits its objection to the proposed Noticed sale since it is unclear whether the Notice contemplates the sale of De Lage Landen's Leased Equipment, including but not limited to the Toshiba Fax Machine, the Hasler Mail Machine and the Additional Toshiba Copier/Facsimile Machines. Therefore,

DM3\560713.1

De Lage Landen respectfully requests that the Debtors provide De Lage Landen with the exact description of the equipment being sold pursuant to the Notice and De Lage Landen reserves all of its rights, including the right to further object to any attempted sale of its Leased Equipment.

**WHEREFORE,** it is respectfully requested that the Court deny the Debtor's Notice with respect to the proposed lease assumption, assignment and cure, and the proposed equipment sale, together with such other and further relief the Court finds just and proper.

Dated: August 31, 2007
Wilmington, DE

**DUANE MORRIS LLP**

_____
Frederick B. Rosner (DE 3995)
1100 N. Market Street, Suite 1200
Wilmington, DE 19801
Telephone: 302.657.4943

- and -

**PLATZER, SWERGOLD, KARLIN, LEVINE GOLDBERG & JASLOW, LLP**
Scott K. Levine, Esq.
Evan Salan, Esq.
Teresa Sadutto, Esq.
1065 Avenue of the Americas, 18th Floor
New York, New York 10018

*Counsel for De Lage Landen Financial Services, Inc.*

DM3\560713.1