**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
:
American Home Mortgage Holdings, Inc., et al.,   :
:
        Debtors.    : Case No. 07-11047 (CSS)
: Jointly Administered
: Related Docket Entry: 368
: Hearing Date: 09/04/07 at 11 a.m.
: Objection Deadline: 8/31/07
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**LIMITED RESPONSE AND RESERVATION OF RIGHTS OF THE ROYAL BANK OF SCOTLAND plc WITH RESPECT TO DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND RULE 9019 FOR AN ORDER APPROVING AND AUTHORIZING COMPROMISE AND SETTLEMENT AGREEMENT WITH FANNIE MAE**

**The Royal Bank of Scotland plc ("RBS"),** counterparty to a certain ISDA Master Agreement and Schedule thereto, dated as of November 12, 2004 (together with amendments, supplements, and other related documents, the "Agreement"), hereby files this limited response and reservation of rights with respect to the Debtors' motion ("Fannie Mae Motion") to approve a settlement between Debtors and Fannie Mae in connection with the Debtors' proposed sale of their mortgage loan servicing business. Debtors and RBS continue to engage in meaningful settlement discussions to resolve the outstanding issues between Debtors, on the one hand, and RBS and certain of its affiliates, on the other, which relate both to the Agreement and to other transactions. Several issues have been resolved, but in light of the fact that final resolution has not been reached on all issues, RBS is filing this short limited response and reservation of rights.

266056.02

**LIMITED RESPONSE**

1.  Pursuant to and in connection with the Agreement, RBS arranged for cash or other property to be posted as collateral ("RBS Collateral") to secure certain of its potential obligations to American Home Mortgage Investment Corp. ("AHMIC"), one of the Debtors.

2.  Certain Events of Default (as described in the Agreement) have occurred under the Agreement, which resulted in, among other things, a closing out of the underlying transactions and an obligation to return the RBS Collateral to RBS, which obligation has not yet been fulfilled. Pending such return, the RBS Collateral remains property of RBS (not the Debtors' estates), and AHMIC and the Debtors remain obligated to hold such funds in trust for RBS and to safeguard the RBS Collateral. As of August 14, 2007, the RBS Collateral was in an amount not less than $4,780,378.00.

3.  In the Fannie Mae Motion and related stipulation, Debtors propose to distribute certain sale proceeds pursuant to the following distribution priority ("Fannie Mae Distribution"): first to satisfy certain claims of Fannie Mae; then to satisfy the claims of the pre-petition secured lender; then to satisfy other lienholders; and then to satisfy other creditors of the estate. RBS merely seeks to clarify that only the sale proceeds, and not the RBS Collateral, should be distributed in accordance with the Fannie Mae Distribution, and that RBS should receive proper assurance that an improper distribution will not occur.

4.  RBS reserves its rights, including to object further.

WHEREFORE, RBS respectfully requests that the entry of any order approving the Fannie Mae Motion be consistent with this limited response.

Dated: August 31, 2007

                              LAW OFFICES OF JOSEPH J. BODNAR

By:       /s/ JOSEPH J.BODNAR
            Joseph J. Bodnar (#2512)
            2101 N. Harrison Street
            Wilmington, DE 19802
            Tel: 302-652-5506
            Fax: 320-213-2709
            Email: jbodnar@bodnarlaw.net

            AND

            DICKSTEIN SHAPIRO LLP
            Arnold Gulkowitz (AG 5683)
            Brian E. Goldberg (BG 8052)
            1177 Avenue of the Americas
            New York, New York 10036
            Tel: 212-277-6500
            Fax: 212-277-6501
            Email: goldbergb@dicksteinshapiro.com

Attorneys for The Royal Bank of Scotland plc

266056.02