IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                       :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.                               :
                                                             :   Jointly Administered
           Debtors.                                          :
                                                             :   Doc. Ref. No. 162
------------------------------------------------------------ x

## ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS PURSUANT TO SECTIONS 331 AND 105(a) OF THE BANKRUPTCY CODE

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"[2]), for entry of an order, pursuant to sections 331 and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), establishing procedures for interim compensation and reimbursement of expenses of professionals on a monthly basis; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by this Motion is in the best interests

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

of these estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that except as may otherwise be provided in Orders of this Court authorizing the retention of specific professionals, all professionals in these cases may seek interim compensation in accordance with following procedures:

> (a) No earlier than the 15th day of each calendar month, each Professional seeking interim compensation shall file an application (the "Fee Application"), pursuant to section 331 of the Bankruptcy Code, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month (the "Compensation Period") and serve a copy of such Fee Application on: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Jeffrey M. Levine); (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, counsel to the Committee; (v) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (vi) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; and (vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon) (each a "Notice Party"). All Fee Applications shall comply with the Bankruptcy Code, the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Third Circuit law, and the Local Rules of this Court. Each Notice Party will have twenty (20) days after service of a Fee Application to object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection with the Court after which the Debtors are authorized to pay each Professional an amount (the "Actual Interim Payment") equal to the lesser of (i) 80 percent of the fees and 100 percent of the expenses requested in the Fee Application (the "Interim Payment"); and (ii) 80 percent of the fees and 100 percent of the expenses not subject to an objection pursuant to subparagraph (b) below;

(b) If any Notice Party objects to a Professional's Fee Application, it must file a written objection (an "Objection") with the Court and serve it on the affected Professional and each of the Notice Parties. The Objection additionally must be filed with the Court and received by the affected Professional and the Notice Parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within twenty (20) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Interim Payment and the Actual Interim Payment made to the affected Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties;

(c) Beginning with the approximately three-month period ending on October 31, 2007, at three-month intervals or at such other intervals convenient to the Court, each of the Professionals must file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the Fee Applications filed during such period (the "Interim Fee Period"). The Interim Fee Application Request must include a summary of the Fee Applications that are the subject of the request and any other information requested

by the Court or required by the Local Rules. Each Professional must file its Interim Fee Application Request within forty-five (45) days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each Professional must file its first Interim Fee Application Request on or before December 17, 2007 and the first Interim Fee Application Request should cover the Interim Fee Period from the commencement of these cases through and including October 31, 2007. Any Professional that fails to file an Interim Fee Application Request when due will be ineligible to receive further interim payments of fees or expenses under the compensation procedures until such time as the Interim Fee Application Request is submitted by the Professional;

(d) The Debtors shall request that the Court schedule a hearing on Interim Fee Application Requests at least once every six (6) months, or at such other intervals as the Court deems appropriate;

(e) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses;

(f) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court;

and it is further

ORDERED that notice of the interim and final fee applications shall be served on: (a) the Notice Parties; and (b) all parties that have filed a notice of appearance with the Clerk of this Court and requested such notice. The Notice Parties shall be entitled to receive both the Fee Applications and the notice of hearing thereon (the "Hearing Notice"), and all other parties entitled to notice shall be entitled to receive only the Hearing Notice. Notice given in

accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court; and it is further

ORDERED that each member of the Committee shall be permitted to submit statements of expenses and supporting vouchers to counsel to such Committee, which shall collect and submit such requests for reimbursement in accordance with the foregoing procedure for monthly and interim compensation and reimbursement of Professionals; provided, however, that Committee members' requests for reimbursement of attorneys' fees must be made by separate application and scheduled for hearing upon proper notice; and it is further

ORDERED that all time periods referenced in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
September 3, 2007

Christopher S. Sontchi
United States Bankruptcy Judge