IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :    Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,                  :
                                                                 :    Jointly Administered
                                                                 :
          Debtors.                                               :
                                                                 :    Ref. Docket Nos. 5 & 61
---------------------------------------------------------------- x

**FINAL ORDER PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE
(I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR
DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITIES COMPANIES
ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING
PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[2] seeking entry of an Interim Order and Final Order pursuant to section 366 of the Bankruptcy Code (i) prohibiting Utility Companies from altering, refusing, or discontinuing Utility Services, (ii) deeming Utility Companies adequately assured of future performance, and (iii) establishing procedures for determining adequate assurance of payment, all as described more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

notice of the Motion having been provided; and it appearing that no other or further notice of the Motion need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and all parties in interest; and upon the Motion, and the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief, dated as of the Petition Date; and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on a final basis to the extent set forth herein and on the record at the August 7, 2007 hearing; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay on a timely basis and in accordance with their prepetition practices all undisputed invoices for postpetition Utility Services provided by the Utility Companies to the Debtors; and it is further

ORDERED that the Debtors shall, on or before twenty (20) days after the Petition Date, deposit a sum equal to 50% of the Debtors' estimated monthly cost of utility service (the "Utility Deposit"), into an interest-bearing, newly created segregated account (the "Utility Deposit Account"), with such Utility Deposit to be held in escrow, pending further order of the Court, for the purpose of providing each Utility Company adequate assurance of payment of its postpetition utility services to the Debtors. The Utility Deposit Account shall be maintained with a minimum balance equal to 50% of the Debtors' estimated monthly cost of utility service, which (subject to the representation of Debtors' counsel on the record at the hearing held on August 7, 2007) may be adjusted by the Debtors to account for the termination of utility services by the Debtors, regardless of any Requests, as defined below, and/or agreements with Utility Companies; and it is further

ORDERED that, except in accordance with the procedures set forth herein and absent further order of the Court, the Utility Companies are prohibited from altering, refusing, or

discontinuing Utility Services on the basis of the commencement of the Debtors' chapter 11 cases or on account of any unpaid invoice for Utility Services provided before the Petition Date, and requiring the Debtors to furnish any additional deposit or other security to the Utility Companies for the continued provision of Utility Services; and it is further

ORDERED that if a Utility Company is not satisfied with the assurance of future payment provided by the Debtors, the Utility Company must serve a written request (a "Request") upon the Debtors setting forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), the outstanding balance for each account, a summary of the Debtors' payment history on each account, and an explanation of why the Utility Deposit is no adequate assurance of payment; and it is further

ORDERED that, without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Company serving a Request, if the Debtors, in their discretion, determine that the request is reasonable; and it is further

ORDERED that, if the Debtors believe that a Request is unreasonable, then they shall, within thirty (30) days after receipt of a Request, file a motion (the "Determination Motion") pursuant to section 366(c)(3) of the Bankruptcy Code seeking a determination from the Court that the Utility Deposit, plus any additional consideration offered by the Debtors, constitutes adequate assurance of payment; and it is further

ORDERED that, pending notice and a hearing on the Determination Motion, the Utility Company that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtors; and it is further

ORDERED that the Utility Deposit shall be deemed adequate assurance of payment for any Utility Company that fails to make a Request; and it is further

ORDERED that nothing in this Final Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Final Order.

Dated:   Wilmington, Delaware
         September 4, 2007

                                                 _____
                                                 Christopher S. Sontchi
                                                 United States Bankruptcy Judge