IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware Corporation, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>Jointly Administered<br><br>Objection Deadline: September 4 & 5, 2007 at 4:00 p.m. |

## OBJECTION OF GE CAPITAL INFORMATION TECHNOLOGY SOLUTIONS, INC. D/B/A IKON FINANCIAL SERVICES TO NOTICES OF PROPOSED ASSUMPTION AND ASSIGNMENT AND SALE OF ASSETS

GE Capital Information Technology Solutions, Inc. d/b/a IKON Financial Services ("IFS"), by and through its counsel, Reed Smith LLP, hereby objects to all of the Notices of Proposed Assumption and Assignment and Sale of Assets filed by American Home Mortgage Holdings, Inc. and certain of its direct and indirect affiliates and subsidiaries (the "Debtors"), and in support thereof states as follows:

### FACTUAL BACKGROUND

1. On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11, title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors have remained in possession of their property and have continued to operate their businesses pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On August 29, 2007, the Debtors filed approximately forty (40) Notices of Proposed Assumption and Assignment and Sale of Assets (the "August 29[th] Sale Notices").

4. On August 30, 2007, the Debtors filed the Second Motion for an Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases and to Abandon Certain Furniture, Fixtures, and Equipment (the "Second Motion") (D.I. 510). On August 31, 2007, the Debtors filed the Notice of Filing of Supplement to Exhibit A to Second Motion for an Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases and to Abandon Certain Furniture, Fixtures, and Equipment (the "Rejection Supplement" and together with the Second Motion, the "Rejection Motion").

5. On August 31, 2007, the Debtors filed the Corrected Notice of (I) Assumption and Assignment of Certain Real Property Leases and Sale of Furniture, Fixtures and Equipment Located Therein; and (II) Proposed Cure Obligations, If Any (the "August 31st Corrected Notice" and collectively with the August 29th Sale Notices and the August 30th Sale Notices, the "Sale Notices").

6. In the Sale Notices, the Debtors seek, among other things, to sell "the furniture, fixtures and equipment" located at multiple locations.

7. In the Rejection Motion, the Debtors seek, among other things, to "reject all of the Debtors' unexpired equipment leases, other than those equipment leases relating to the property at locations specifically identified on Exhibit B." In addition, the Debtors seek to abandon any property remaining at the properties listed on Exhibit A to the Rejection Motion, including, "equipment."

8. Prior to the Petition Date, IFS and the Debtors entered into several leases (the "Leases") of office equipment (the "Equipment"). A spreadsheet summarizing each of the leases

between IFS and the Debtors is attached hereto as <u>Exhibit A</u>. Exhibit A also provides the last know location of the Equipment, along with the serial numbers and model numbers for each piece of Equipment.

## ARGUMENT

9.  Neither the Rejection Motion nor the Sale Notices contain sufficient information for IFS to make a determination as to whether the Debtors intend to include any of the Equipment in the sales or whether the Debtors intend to abandon the Equipment.

10. As stated above, IFS has leased the Equipment to the Debtors and, as such, the Debtors do not own that Equipment and do not have the authority to sell the Equipment under 11 U.S.C. § 363. IFS is the owner of such Equipment and objects to its sale and abandonment.

11. If the Debtors no longer need the Equipment, the proper course of action would be to reject the Leases and return the Equipment to IFS. In the alternative, the Debtors could also assume the Leases, cure the arrearages owed under the Leases and assign the Leases to a third party. A sale or abandonment of the underlying Equipment, however, is not an appropriate course of action for the Debtors to take nor is it permissible under the Bankruptcy Code.

12. As the Debtors are rapidly rejecting and selling leases via notices and motions that do not contain adequate information for IFS to determine if the Debtors are seeking to sell or abandon the Equipment, IFS demands that the Debtors provide current information as to the location of each of the pieces of Equipment on Exhibit A.

WHEREFORE, IFS respectfully requests that the Court (i) deny the relief request in the Rejection Motion and Sale Notices with respect to IFS and the Equipment, (ii) require the Debtors to provide specific information to IFS regarding the location of the Equipment; (iii) require the Debtors to provide IFS with assurances that the equipment being sold or abandoned is not IFS' Equipment, and (iv) grant such other and further relief as is just and proper.

Dated: September 4, 2007  
       Wilmington, Delaware

REED SMITH LLP

By:   /s/ *Kimberly E.C. Lawson*  
Kimberly E.C. Lawson (No. 3966)  
1201 Market Street, Suite 1500  
Wilmington, DE 19801  
Telephone: (302) 778-7500  
Facsimile: (302) 778-7575  
Email: klawson@reedsmith.com

Counsel for GE Capital Information Technology Solutions, Inc. d/b/a IKON Financial Services