IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                  :
                                                                 :  Jointly Administered
         Debtors.                                                :
                                                                 :  Objection Deadline: September 10, 2007 at 4:00 p.m. (ET)
---------------------------------------------------------------- x

## NOTICE OF SALE OF ASSETS

TO:   (I) THE OFFICE OF THE UNITED STATES TRUSTEE; (II) COUNSEL TO THE CREDITORS COMMITTEE; (III) COUNSEL TO THE DEBTORS' POSTPETITION LENDERS; (IV) COUNSEL TO BANK OF AMERICA; (V) THE U.S. SECURITIES AND EXCHANGE COMMISSION; (VI) THE PROPOSED PURCHASER OF THE ASSETS AND (VII) ANY PARTY KNOWN BY THE DEBTORS TO BE ASSERTING AN INTEREST OR A LIEN ON ANY OF THE ASSETS TO BE SOLD

PLEASE TAKE NOTICE that American Home Mortgage Holdings, Inc., a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors"),[1] propose to effectuate the sale of the furniture, fixtures and equipment set forth on Exhibit A (the "Proposed Sale"), in accordance with the Order Pursuant to Sections 105, 363, 365 and 554 of the Bankruptcy Code, Establishing Procedures for the (i) Assumption and Assignment of Real Property Leases and/or Other Executory Contracts and (ii) Sale or Abandonment of Furniture, Fixtures and Equipment Located Therein (the "Sale Order"). The details of the Proposed Sale are set forth on Exhibit A.

PLEASE TAKE FURTHER NOTICE that objections to the Proposed Sale, if any, must be filed on or before **September 10, 2007 at 4:00 p.m.** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801. At the same time, you must also serve a copy of the objection

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

upon the undersigned counsel to the Debtors so that the response is received on or before the Objection Deadline.

PLEASE TAKE FURTHER NOTICE THAT, SHOULD AN OBJECTION BE TIMELY FILED, A HEARING ON THE PROPOSED SALE WILL BE HELD BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI ON SEPTEMBER 17, 2007 AT 12:00 P.M. (ET) IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, WILMINGTON, DELAWARE.

PLEASE TAKE FURTHER NOTICE THAT, IF YOU FAIL TO TIMELY OBJECT TO THE PROPOSED SALE, THE DEBTORS ARE AUTHORIZED, PURSUANT TO THE SALE ORDER, TO CONSUMMATE THE PROPOSED SALE IN ACCORDANCE WITH THE TERMS SET FORTH ON THE ATTACHED EXHIBIT A WITHOUT FURTHER NOTICE OR HEARING.

Dated:   Wilmington, Delaware
         September 4, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Kenneth J. Enos
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

# EXHIBIT A

## DETAILS OF THE PROPOSED SALE

*Annapolis, MD*

## PURCHASE AGREEMENT AND BILL OF SALE

This PURCHASE AGREEMENT AND BILL OF SALE, dated as of August 31, 2007 (this "Bill of Sale") is made and executed among American Home Mortgage Corp., a New York corporation (the "Seller") and Gateway Funding Diversified Mortgage Services, L.P., a Pennsylvania Limited Partnership (the "Purchaser").

### W I T N E S S E T H

WHEREAS, Seller, as debtor and debtor in possession, has filed a voluntary petition (the "Petition") for relief pursuant to Chapter 11 ("Chapter 11") of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (together with any other court having proper jurisdiction, the "Bankruptcy Court") (the "Bankruptcy Case"); and

WHEREAS, Seller has agreed to sell and Purchaser has agreed to purchase the Purchased Assets (as defined below) on the terms and conditions set forth herein and as authorized under Section 363 and 365 of the Bankruptcy Code, and the Order, Pursuant to Sections 105, 363, 365 and 554 of the Bankruptcy Code, Establishing Procedures for the (i) Assumption and Assignment of Real Property Leases and/or Other Executory Contracts and (ii) Sale or Abandonment of Furniture, Fixtures and Equipment Located Therein entered by the Bankruptcy Court on August 24, 2007, and Seller has determined that a sale in accordance with Sections 363 and 365 of the Bankruptcy Code is in the best interests of its creditors and interest holders.

NOW, THEREFORE, for good and valuable consideration to the Seller receipt of which is hereby acknowledged, the Seller, intending to be legally bound hereby, agrees as follows:

1. Sale of Purchased Assets. The Seller hereby assigns, grants, sells, transfers, and delivers to Purchaser, its successors and assigns, forever all of Seller's right, title and interest in and to all of the furniture, equipment, trade fixtures, and other tangible personal property assets set forth on the attached Schedule A that are located at the premises set forth on Schedule A (the "Purchased Assets").

2. Payment of Purchase Price. Purchaser shall on the date hereof deliver the purchase price for the Purchased Assets in the amount of $14,021.12 (the "Purchase Price") in immediately available funds wired to the account specified by Seller.

3. Further Assurances. The Seller hereby covenants and agrees that Seller will, at any time and from time to time, at the request of Purchaser and without further consideration, execute and deliver, and will cause Seller's employees to execute and deliver, such other instruments of sale, transfer, conveyance and assignment, and take such other action as may reasonably be necessary to more effectively sell, convey, assign, transfer, and deliver to, and vest in, Purchaser, its successors and assigns, good, clear, record, and marketable title to the Purchased Assets hereby sold, transferred, conveyed, assigned, and delivered, or intended so to be, and to put Purchaser in actual possession and operating control thereof, to assist Purchaser in

exercising all rights with respect thereto, and to carry out the purpose and intent of this Bill of Sale.

4. <u>Power of Attorney</u>.  Seller does hereby irrevocably constitute and appoint Purchaser, its successors and assigns, Seller's true and lawful attorney, with full power of substitution, in Purchaser's name or otherwise, and on behalf of Seller, or for Purchaser's own use, to claim, demand, collect, and receive at any time and from time to time any and all assets, properties, claims, accounts, and other rights, tangible or intangible, hereby sold, transferred, conveyed, assigned, and delivered, or intended so to be, and to prosecute the same at law or in equity and, upon discharge thereof, to complete, execute and deliver any and all necessary instruments of satisfaction and release.

5. <u>"As Is Where Is" Transaction</u>.  Purchaser hereby acknowledges and agrees that Seller makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Purchased Assets.  Without in any way limiting the foregoing, Seller hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Purchased Assets.  Purchaser further acknowledges that the Purchaser has conducted an independent inspection and investigation of the physical condition of the Purchased Assets and all such other matters relating to or affecting the Purchased Assets as Purchaser deemed necessary or appropriate and that in proceeding with Purchaser's acquisition of the Purchased Assets, Purchaser is doing so based upon such independent inspections and investigations.  Accordingly, Purchaser will accept the Purchased Assets "AS IS" and "WHERE IS".

6. <u>Consumer Confidential Information</u>.  Seller hereby acknowledges and agrees that it shall use its best efforts to remove, before the consummation of the sale of the Purchased Assets, any and all confidential information, including, without limitation, any and all customer loan profiles ("<u>Consumer Confidential Information</u>").  Purchaser hereby acknowledges and agrees that it shall use its best efforts to package and deliver to the Seller, any Consumer Confidential Information that Purchaser discovers remaining among the Purchased Assets on or after the consummation of the sale.

7. <u>Access to Purchased Assets by Seller</u>.  Purchaser hereby acknowledges and agrees that, if necessary, it shall grant the Seller and/or its agents, who shall include, but who shall not be limited to, Office Furniture Outlet, ABE Office Furniture Superstore, and Bekins Moving Solutions, Inc., access to the Purchased Assets to remove any Consumer Confidential Information.

8. <u>No Rights in Third Parties</u>.  Nothing expressed or implied in this Bill of Sale is intended to or shall confer upon any party, other than Purchaser and Purchaser's successors and assigns, any rights, remedies, obligations, or liabilities under or by reason of this Bill of Sale.

9. <u>Successors and Assigns</u>.  This Bill of Sale shall bind and inure to the benefit of the Seller, Purchaser, and their respective successors and permitted assigns.

10. <u>Governing Law</u>.  This Bill of Sale shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to principles of conflicts of law.

IN WITNESS WHEREOF, the parties have caused this Purchase Agreement and Bill of Sale to be duly executed as of the day and year first above written.

American Home Mortgage Corp.

By:_____
Name: Alan B. Horn
Title: EVP

Gateway Funding Diversified Mortgage Services, L.P.,

By:_____[signature]_____
Name: BRUNO PASCERI
Title: CEO

<u>Schedule A</u>

All furniture, fixtures, and equipment which may include but are not limited to desks, chairs, cubicles, artwork, phones, computers, and copiers located at

116 Defense Way, Annapolis, MD 21401

as of the date of the execution of this Bill of Sale.