IN THE UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:

AMERICAN HOME MORTGAGE, INC.,
A Delaware Corporation, et al.

Debtors.
------------------------------------------------X

Chapter 11 Case

Case No. 07-11047 (CSS)

Objection Deadline: September 4, 2007
Hearing Date: September 17, 2007

Related to Doc # 441

### DE LAGE LANDEN FINANCIAL SERVICES, INC.'S OBJECTION TO THE DEBTORS' PROPOSED SALE AS STATED WITHIN THE DEBTORS NOTICE, DATED AUGUST 29, 2007 (DOC # 441) AND ANY SALE OF DE LAGE LANDEN FINANCIAL SERVICES, INC.'S EQUIPMENT

**TO THE HONORABLE CHRISTOPHER S. SONTCHI,
UNITED STATES BANKRUPTCY JUDGE:**

De Lage Landen Financial Services, Inc. ("De Lage Landen"), by its attorneys, Platzer, Swergold, Karlin, Levine, Goldberg, & Jaslow, LLP, and Duane Morris LLP hereby submits its objection ("Objection") to the Debtors' proposed sale of certain leased equipment, leased under lease(s) made between the Debtor, American Home Mortgage Holdings, Inc., and De Lage Landen.

### RELIEF SOUGHT BY THE DEBTOR

1.  American Home Mortgage Holdings, Inc. (the "Debtor") and certain of its direct and indirect affiliates and subsidiaries', the debtors and debtors in possession in the above cases (collectively, the "Debtors") seek within their notice (Doc # 441) (the "Notice") the Bankruptcy Court's approval of the sale of all equipment located at 955

Chesterbrook, Blvd, Wayne, PA 19087 (the "Chesterbrook Location"), pursuant to 11 U.S.C. §§ 105, 363, 365 and 554 of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

2.  On August 6, 2007 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11, the Bankruptcy Code.

### I. The Leases

3.  Prior to the Petition Date, various Debtors, as lessee[1], entered into approximately two-hundred fifty (250) equipment leases ("Leases") with De Lage Landen for the lease of various pieces of equipment ("Leased Equipment"), as described within the leases and which generally consists of, but not limited to, facsimile machines, photocopier machines, postal/mail machines, and computer printers and which were required by the terms of each of relevant leases, to be located at the locations (collectively, the "Equipment Locations") designated within each of leases.

#### a. Lease # 24816667

4.  With respect to the Chesterbrook Location which is the subject of the Notice, the Debtor and De Lage Landen entered an equipment lease, bearing the lease number 24816667 ("Lease # 24816667") for the lease of one Ricoh MP 9000 copier, bearing the serial number L5570200211 (the "Lease # 24816667 Equipment").

---

[1] American Home Mortgage Holdings, Inc.; First Home Mortgage Corp.; and M Team Financial

5. Based on the Lease # 24816667 and the records kept by De Lage Landen, the Lease # 24816667 Equipment is located at Chesterbrook Location. According to the Lease # 24816667 and De Lage Landen's records as organized in the spread sheet, annexed hereto as "Exhibit A", the Lease # 24816667 Equipment is located Chesterbrook Location. A copy of Lease # 24816667 is annexed hereto as "Exhibit B".

6. The Debtors' Notice seeks the Bankruptcy Court's approval for the sale of all equipment located at the Chesterbrook Location, without stating in particular what equipment the Debtors' are seeking to sell. This failure to particularize the identity of the equipment the Debtors are seeking to sell is a Notice defect. This Notice defect is disturbing since De Lage Landen has equipment located at the Chesterbrook Location, as per equipment location stated within Lease # 24816667.

7. The Debtor has not rejected any of the Leases[2], pursuant to § 365(d)(2) of the Bankruptcy Code.

## DE LAGE LANDEN'S OBJECTION TO THE PROPOSED SALE OF THE EQUIPMENT LOCATED AT THE CHESTERBROOK LOCATION

8. As stated above, De Lage Landen is an equipment lessor and prior to the Petition Date, the Debtors entered into approximately two-hundred fifty (250) equipment leases with De Lage Landen. Pursuant to the terms of these leases, the Debtors were required to maintain De Lage Landen's Leased Equipment at the stated locations identified in each of the particular leases.

---

[2] The Debtors have filed a lease rejection motion (doc # 510), with a noticed September 17, 2007 hearing date, that seeks to reject some but not all of the Leases.
DM3\560958.1

9. De Lage Landen has not received any notice from the Debtors that any of the Leased Equipment has been removed from its designated equipment location. Further, De Lage Landen has not consented to any change of any of the Leased Equipment's designated locations, as identified within each of the particular leases.

10. Although De Lage Landen has no evidence to suggest any of the Leased Equipment was moved from its designated location, De Lage Landen is concerned that prior to and/or after the filing of these bankruptcy cases, the Leased Equipment may have been removed from the designated locations to the Debtors' other locations. Given the vague and general description of what personal property is being sold pursuant to the Notice, it is unclear whether the Debtors intend to sell any of De Lage Landen's leased equipment.

11. In order to determine whether De Lage Landen's Leased Equipment is part of the proposed sale, De Lage Landen must be provided with a more detailed description of the equipment that is the subject of the sale contemplated in Debtors' Notice.

12. De Lage Landen has at least one piece of equipment, the Lease # 24816667 Equipment, located at the Chesterbrook Location. The need for a more precise description of the equipment the Debtors intend to sell under the Notice is especially clear and important since the Lease # 24816667 Equipment is located at the Chesterbrook Location. A copy of Lease # 24816667 is annexed hereto as "Exhibit B".

13. De Lage Landen does not consent to the sale of any of the Leased Equipment, including but not limited to the Lease # 24816667 Equipment.

14. The Leased Equipment, including but not limited to the Lease # 24816667

DM3\560958.1

Equipment, is De Lage Landen's property, the Debtors do <u>not</u> own any of the Leased Equipment and the Debtors do <u>not</u> have title to convey to any potential buyer. See *In re R.L. Larson,* 128 B.R. 257, 262 (Bankr.D.N.D. 1990) ("... [equipment] leases... do not convey ownership interest to the debtors, but merely a leasehold interest which is a cognizable interest under section 541 [of the Bankruptcy Code]".

15.  Accordingly, De Lage Landen submits its objection to the proposed Noticed sale since it is unclear whether the Notice contemplates the sale of De Lage Landen's Leased Equipment, including but not limited to the Lease # 24816667 Equipment. Therefore, De Lage Landen respectfully requests that the Debtors provide De Lage Landen with the exact description of the equipment being sold pursuant to the Notice and De Lage Landen reserves all of its rights, including the right to further object to any attempted sale of any of its Leased Equipment.

**WHEREFORE,** it is respectfully requested that the Court deny the Debtor's Notice with respect to the proposed equipment sale, together with such other and further relief the Court finds just and proper.

Dated: September 4, 2007  **DUANE MORRIS LLP**
Wilmington, DE

/s/
Frederick B. Rosner (DE 3995)
1100 N. Market Street, Suite 1200
Wilmington, DE 19801
Telephone: 302.657.4943

- and -

**PLATZER, SWERGOLD, KARLIN, LEVINE GOLDBERG & JASLOW, LLP**
Scott K. Levine, Esq.
Evan Salan, Esq.
Teresa Sadutto, Esq.
1065 Avenue of the Americas, 18th Floor
New York, New York  10018

*Counsel for De Lage Landen Financial Services, Inc.*

DM3\560958.1