IN THE UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:

Chapter 11 Case

Case No. 07-11047 (CSS)

AMERICAN HOME MORTGAGE, INC.,
A Delaware Corporation, et al.

Objection Deadline: September 4, 2007
Hearing Date: September 17, 2007

Debtors.

-------------------------------------------------X

Related to Doc # 447

## DE LAGE LANDEN FINANCIAL SERVICES, INC.'S OBJECTION TO THE DEBTORS' PROPOSED EQUIPMENT SALE, AND ASSUMPTION, ASSIGNMENT AND CURE OF DE LAGE LANDEN FINANCIAL SERVICES, INC.'S LEASE, AS PROPOSED WITHIN THE DEBTORS NOTICE, DATED AUGUST 29, 2007

**TO THE HONORABLE CHRISTOPHER S. SONTCHI,
UNITED STATES BANKRUPTCY JUDGE:**

De Lage Landen Financial Services, Inc. ("De Lage Landen"), by its attorneys,

Platzer, Swergold, Karlin, Levine, Goldberg, & Jaslow, LLP, and Duane Morris LLP

hereby submits its objection ("Objection") to the Debtors' proposed equipment sale, and

proposed lease assumption, assignment and proposed cure amount for Lease

#24815937, made between the Debtor, American Home Mortgage Holdings, Inc., and

De Lage Landen.

### RELIEF SOUGHT BY THE DEBTOR

1.      American Home Mortgage Holdings, Inc. (the "Debtor") and certain of its

direct and indirect affiliates and subsidiaries', the debtors and debtors in possession in

the above cases (collectively, the "Debtors") seek within their notice (Doc # 447) (the "Notice") pursuant to 11 U.S.C. §§ 105, 363, 365 and 554 of Title 11 of the United States Code (the "Bankruptcy Code"), the Bankruptcy Court's approval for the sale of equipment located at 400 Skokie Blvd., Northbrook, IL 60062 (the "Skokie Blvd Location") and for the approval of the assumption, cure and assignment of an equipment lease made between the Debtor and De Lage Landen, which provided for the lease of equipment, some of which is located at Skokie Blvd. Location.

## BACKGROUND

2.      On August 6, 2007 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11, the Bankruptcy Code.

### I. The Leases

3.      Prior to the Petition Date, various Debtors, as lessee[1], entered into approximately two-hundred fifty (250) equipment leases ("Leases") with De Lage Landen for the lease of various pieces of equipment ("Leased Equipment"), as described within the Leases and which generally consists of, but not limited to, facsimile machines, photocopier machines, postal/mail machines, and computer printers and which were required by the terms of each of relevant leases, to be located at the locations (collectively, the "Equipment Locations") designated within each of the Leases.

### a. Lease # 24815937

4.      Prior to the Petition Date, the Debtor and De Lage Landen entered an

---

[1]American Home Mortgage Holdings, Inc.; First Home Mortgage Corp.; and M Team

equipment lease, bearing the lease number 24815937 ("Lease # 24815937") for the

lease of <u>four</u> (4) Ricoh Copiers (collectively the "Lease # 24815937 Equipment"), each

bearing one of the following  serial numbers: L5570100390 (the "Ricoh Copier

L5570100390"), M2875000241 (the "Ricoh Copier M2875000241"), M2875000264

(the "Ricoh Copier M2875000264"), and M2875000244 (the "Ricoh Copier

M2875000244").

   5.  As stated within Lease # 24815937, the Lease # 24815937 Equipment is

located at two different equipment locations. According to Lease # 24815937, out of the

four pieces of equipment that the Lease # 24815937 Equipment comprises of, <u>only</u> the

Ricoh Copier L5570100390 and the  Ricoh Copier M2875000241 are located at the

Skokie Blvd. Location. According to Lease # 24815937,  the Ricoh Copier

M2875000264 and the Ricoh Copier M2875000244 are located at 1375 E Woodfield

Road, Schaumburg, IL 60173.   A copy of Lease # 24815937 is annexed hereto as

"Exhibit B".  Annexed hereto as "Exhibit A" are two list of equipment, the first list

indicates what pieces of equipment are subject to Lease #24815937, and the other list

indicates what pieces of equipment are located at the Skokie Blvd. Location.

   6.  Debtors' Notice seeks the assumption of Lease # 24815937 for the

Ricoh Copier L5570100390 and the Ricoh Copier M2875000241 only, and makes no

mention of the other pieces of equipment that together in sum are the Lease #

24815937 Equipment. The Notice is silent with respect to the Ricoh Copier

M2875000264 and the Ricoh Copier M2875000244, which are also subject to and

---

Financial

leased under Lease # 24815937, but are located at a different location.

7.      As provided for within the Debtors' Notice, the Debtors are attempting to assume Lease # 24815937 with respect to <u>only</u> two out of the four pieces of leased equipment that are leased under Lease # 24815937.  The Debtors' Notice is silent as to the other pieces of equipment that are leased under Lease # 24815937.

### b. Lease # 24544470

8.      Prior to the Petition Date, the Debtor First Home Mortgage Corporation and De Lage Landen, as the assignee of Ricoh Customer Finance Corp., entered in an equipment lease, bearing the lease number 24544470 ("Lease # 24544470") for the lease of <u>two</u>  (2) Ricoh Copiers (collectively the "Lease # 24544470 Equipment"), one of which has the model number 2090 and the serial number J7031100090, and the other has the model number 2045 and the serial number of J59370100390.

9.      As stated in the Lease # 24544470 and the records kept by De Lage Landen, the Lease # 24544470 Equipment is located at the Skokie Blvd Location.  A copy of Lease # 24544470 is annexed hereto as "Exhibit C".

10.      Even though the Debtors do not own the Lease # 24544470 Equipment, it appears that the Debtors are attempting to sell the Lease # 24544470 Equipment, pursuant to the Notice, since the Lease # 24544470 Equipment is located at the Skokie Blvd Location.

## DE LAGE LANDEN'S OBJECTION TO THE PROPOSED ASSUMPTION, ASSIGNMENT AND CURE STATED WITHIN THE DEBTORS' NOTICE

I. The Debtors cannot partially assume or partially cure a lease with respect to only

<u>some of the leased equipment or lease provisions.</u>

11.    Although it appears the Debtors intend to assume a part of Lease #
24815937 with respect to two pieces of equipment, the Debtors have failed to propose
to assume all the lease obligations due under Lease # 24815937 with respect to <u>all</u> the
equipment leased under Lease # 24815937. The Debtors' proposed partial assumption
is <u>not allowed and is without authority</u> under the Bankruptcy Code. The Bankruptcy
Code does not allow a debtor to pick and choose which part of a lease it may assume,
cure and thereafter perform under.

12.    Section 365(d)(2) of the Bankruptcy Code states in relevant part as
follows:
"In a case under chapter 9, 11, 12 or 13 of this title,
the trustee may assume or reject an executory
contract or unexpired lease of  . . . personal property
of the debtor at any time before confirmation of a plan
. . . "

13.    Section 365(b)(1) of the Bankruptcy Code states in relevant part as
follows:
                If there has been a default in an
executory contract or unexpired lease of the debtor,
the trustee may not assume such contract or lease
unless, at the time of assumption of such contract or
lease, the trustee
                (A) cures, or provides adequate
assurance that the trustee will promptly cure, such
default . . . "

14.    The Bankruptcy Code does <u>not</u> authorize Debtors to assume or
cure a lease with respect to only some portion or parts of a lease and with respect to
only some of the Leased Equipment that the Debtors may wish to assume, while
ignoring  the remaining leased equipment that is subject to the very same lease. The

Debtors cannot "cherry-pick" those portions of Lease # 24815937  the Debtors want to assume without assuming the Lease # 24815937 in its entirety. See In re Three Star Telecast, Inc., 73 B.R 270, 274 (Bankr., D.P.R, 1987)(If the debtor in possession opts to assume, it must assume the contract in its entirety, cure all defaults  . . . ")(emphasis added); In re Winn-Dixie Stores, Inc., 345 B.R.402, 405-406 (Bankr. M.D.F.L, 2006)("If Debtor chooses to assume the Lease, Winn-Dixie must assume it in its entirety, cure the default . . . ")(emphasis added); In re Sweetwater, 40 B.R.733, 743 *note 23* (Bankr., U.T, 1984)("if the trustee or the debtor instead chooses to assume the lease, he has the responsibility of curing any existing default, and then must comply with the lease, term by term. The full amount of the payments provided for in the lease must be made, and they must be made under the same schedule as provided in the lease."); In re Holland Enterprises, 25 B.R. 301, 303 (E.D.N.C, 1982)("It is axiomatic that an assumed contract under 365 is accompanied by all its provisions and conditions. Similarly, an executory contract or unexpired lease must be rejected *in toto* [in the whole; completely]. To hold otherwise, would construe the bankruptcy law as providing a debtor in bankruptcy with greater rights and powers under a contract then the debtor had outside of the bankruptcy.")

15.    Further, the Debtors have not proposed to De Lage Landen any written modification of Lease # 24815937 for De Lage Landen's consideration that could provide for the rejection and/or assumption of the lease, as a lease modification, with respect to any portion or specific pieces of the leased equipment and the monthly rental amounts due under the lease. The Debtors do not have the right or power to unilaterally

change any provision or part of Lease # 24815937.

## II. The Debtors' proposed cure amount does not equal the amounts due under Lease # 24815937 and is not correct

16.    Debtors' Notice does not state the correct cure amount for Lease # 24815937.  The Debtor is in default of its payment obligations due under Lease # 24815937, since it has not paid the amounts due under the  Lease # 24815937 lease for the months of August and September, 2007.  If the Debtors were to assume the Lease # 24815937 under the Bankruptcy Code, the Debtor would have to pay all the past due amounts due under the Lease # 24815937, in the amount of $4,509.65, which represents amounts due under Lease # 24815937 for the month of August and September 2007.

17.    The proposed "Zero" cure amount stated within the Debtors' Notice does not cure Lease # 24815937 in toto or with respect to the two pieces of leased equipment that are identified within the Notice.

## DE LAGE LANDEN OBJECTS TO THE PROPOSED SALE OF EQUIPMENT LOCATED AT SKOKIE BLVD LOCATION

18.    As stated above, De Lage Landen is an equipment lessor and prior to the Petition Date, the Debtors entered into approximately two-hundred fifty (250) equipment leases with De Lage Landen. Pursuant to the terms of these leases, the Debtors were required to maintain De Lage Landen's Leased Equipment at the stated locations identified in each of the particular leases.

19.    De Lage Landen has not received any notice from the Debtors that any of the Leased Equipment has been removed from its designated Equipment Location. Further, De Lage Landen has not consented to any change of any of the Leased Equipment's designated locations, as identified within each of the particular Leases.

20.    Although De Lage Landen has no evidence to suggest any of the Leased Equipment was moved from its designated location, De Lage Landen is concerned that prior to and/or after the filing of these bankruptcy cases, some of the Leased Equipment may have been removed from the designated locations to the Debtors' other locations. Given the vague and general description of what personal property is being sold pursuant to the Notice, it is unclear whether the Debtors intend to sell any of De Lage Landen's leased equipment.

21.    In order to determine whether De Lage Landen's Leased Equipment is part of the proposed sale, De Lage Landen must be provided with a more detailed description of the equipment that is the subject of the sale contemplated in Debtors' Notice.

22.    The need for a more precise description of the equipment the Debtors intend to sell under the Notice is especially clear and important since the Lease # 24544470 Equipment is located at the Skokie Blvd Location. A copy of Lease # 24544470 is annexed hereto as "Exhibit C".

23.    Even though the Debtors do not own the  Lease # 24544470 Equipment, it appears under the Debtors' vague Notice that the Debtors may be attempting to sell the Lease # 24544470 Equipment, since the Lease # 24544470 Equipment is located at

the Skokie Blvd Location.

24.    De Lage Landen does not consent to the sale of any of the Leased

Equipment, including but not limited to the Lease # 24544470 Equipment[2].

25.    The Leased Equipment is De Lage Landen's property and the Debtors do

not own any of the Leased Equipment, including the Lease # 24544470 Equipment, and

do not have title to convey to any potential buyer. See In re R.L. Larson, 128 B.R. 257,

262 (Bankr.D.N.D. 1990) ("... [equipment] leases... do not convey ownership interest to

the debtors, but merely a leasehold interest which is a cognizable interest under section

541 [of the Bankruptcy Code]".

26.    Accordingly, De Lage Landen submits its objection to the proposed

Noticed sale since it is unclear whether the Notice contemplates the sale of any of De
Lage Landen's Leased Equipment, including but not limited to the Lease # 24544470
Equipment. Therefore, De Lage Landen respectfully requests that the Debtors provide
De Lage Landen with the exact description of the equipment being sold pursuant to the
Notice and De Lage Landen reserves all of its rights, including the right to further object
to any attempted sale of its Leased Equipment, including but not limited to the Lease #
24544470 Equipment.

**WHEREFORE,** it is respectfully requested that the Court deny the Debtor's

Notice with respect to the proposed lease assumption, assignment and cure, and the

proposed equipment sale, together with such other and further relief the Court finds just

---

[2] two  (2) Ricoh Copiers,, one bearing the model number 2090 and serial number J7031100090,
and the other bearing the model number 2045 and the serial number J59370100390.

and proper.

Dated: September 4, 2007
     Wilmington, DE

**DUANE MORRIS LLP**

_____/S/_____

Frederick B. Rosner (DE 3995)
1100 N. Market Street, Suite 1200
Wilmington, DE 19801
Telephone: 302.657.4943

- and -

**PLATZER, SWERGOLD, KARLIN, LEVINE
GOLDBERG & JASLOW, LLP**
Scott K. Levine, Esq.
Evan Salan, Esq.
Teresa Sadutto, Esq.
1065 Avenue of the Americas, 18th Floor
New York, New York  10018

_Counsel for De Lage Landen Financial Services, Inc._