IN THE UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:

                                                                   Chapter 11 Case

                                                                   Case No. 07-11047 (CSS)

AMERICAN HOME MORTGAGE, INC.,
A Delaware Corporation, et al.

                                                                   Objection Deadline: September 4, 2007
                                                                   Hearing Date: September 17, 2007

         Debtors.
---------------------------------------------------X         Related to Doc # 455

**DE LAGE LANDEN FINANCIAL SERVICES, INC.'S OBJECTION TO THE DEBTORS' PROPOSED EQUIPMENT SALE, AND ASSUMPTION, ASSIGNMENT AND CURE OF DE LAGE LANDEN FINANCIAL SERVICES, INC.'S LEASE, AS PROPOSED WITHIN THE DEBTORS NOTICE, DATED AUGUST 29, 2007**

**TO THE HONORABLE CHRISTOPHER S. SONTCHI,
UNITED STATES BANKRUPTCY JUDGE:**

De Lage Landen Financial Services, Inc. ("De Lage Landen"), by its attorneys, Platzer, Swergold, Karlin, Levine, Goldberg, & Jaslow, LLP, and Duane Morris LLP hereby submits its objection ("Objection") to the Debtors' proposed equipment sale of the equipment located at 2345 Gause Blvd, East Slidell, Louisiana

**RELIEF SOUGHT BY THE DEBTOR**

       1.       American Home Mortgage Holdings, Inc. (the "Debtor") and certain of its direct and indirect affiliates and subsidiaries', the debtors and debtors in possession in the above cases (collectively, the "Debtors") seek within their notice (Doc # 455) (the "Notice") pursuant to 11 U.S.C. §§ 105, 363, 365 and 554 of Title 11 of the United States Code (the "Bankruptcy Code"), the Bankruptcy Court's approval for the sale of

equipment located at 2345 Gause Blvd, East Slidell, Louisiana 70458 (the "East Slidell Location").

## BACKGROUND

2.  On August 6, 2007 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11, the Bankruptcy Code.

### I. The Leases

3.  Prior to the Petition Date, various Debtors, as lessee[1], entered into approximately two-hundred fifty (250) equipment leases ("Leases") with De Lage Landen for the lease of various pieces of equipment ("Leased Equipment"), as described within the Leases and which generally consists of, but not limited to, facsimile machines, photocopier machines, postal/mail machines, and computer printers and which were required by the terms of each of relevant leases, to be located at the locations (collectively, the "Equipment Locations") designated within each of the Leases.

### a. Lease # 24775061

4.  Prior to the Petition Date, the Debtor American Home Mortgage Corporation and De Lage Landen entered in an equipment lease, bearing the lease number 24775061 ("Lease # 24775061") for the lease of one (1) Ricoh 3500 cspf Imagery System (the "Lease # 24775061 Equipment"), bearing the serial number L3765700823.

---

[1] American Home Mortgage Holdings, Inc.; First Home Mortgage Corp.; and M Team Financial

5.      As stated in the Lease # 24775061's certificate of acceptance and the records kept by De Lage Landen, the Lease # 24775061 Equipment is located at the East Slidell Location.  A copy of Lease # 24775061 and a copy of the certificate of acceptance for Lease # 24775061 are annexed hereto as "Exhibit A".

6.      Even though the Debtors do not own the Lease # 24775061 Equipment, it appears that the Debtors are attempting to sell the Lease # 24775061 Equipment, pursuant to the Notice, since the Lease # 24775061 Equipment is located at the East Slidell Location.

## DE LAGE LANDEN OBJECTS TO THE PROPOSED SALE OF EQUIPMENT LOCATED AT THE EAST SLIDELL LOCATION

7.      As stated above, De Lage Landen is an equipment lessor and prior to the Petition Date, the Debtors entered into approximately two-hundred fifty (250) equipment leases with De Lage Landen. Pursuant to the terms of these leases, the Debtors were required to maintain De Lage Landen's Leased Equipment at the stated locations identified in each of the particular leases.

8.      De Lage Landen has not received any notice from the Debtors that any of the Leased Equipment has been removed from its designated Equipment Location. Further, De Lage Landen has not consented to any change of any of the Leased Equipment's designated locations, as identified within each of the particular Leases.

9.      Although De Lage Landen has no evidence to suggest any of the Leased Equipment was moved from its designated location, De Lage Landen is concerned that prior to and/or after the filing of these bankruptcy cases, some of the Leased Equipment

may have been removed from the designated locations to the Debtors' other locations. Given the vague and general description of what personal property is being sold pursuant to the Notice, it is unclear whether the Debtors intend to sell any of De Lage Landen's leased equipment.

10. In order to determine whether De Lage Landen's Leased Equipment is part of the proposed sale, De Lage Landen must be provided with a more detailed description of the equipment that is the subject of the sale contemplated in Debtors' Notice.

11. The need for a more precise description of the equipment the Debtors intend to sell under the Notice is especially clear and important since the Lease # 24775061 Equipment is located at the East Slidell Location. A copy of Lease # 24775061 is annexed hereto as "Exhibit A".

12. Even though the Debtors do not own the Lease # 24775061 Equipment, it appears under the Debtors' vague Notice that the Debtors may be attempting to sell the Lease # 24775061 Equipment, since the Lease # 24775061 Equipment is located at the East Slidell Location.

13. De Lage Landen does not consent to the sale of any of the Leased Equipment, including but not limited to the Lease # 24775061 Equipment.

14. The Leased Equipment is De Lage Landen's property and the Debtors do not own any of the Leased Equipment, including the Lease # 24775061 Equipment, and do not have title to convey to any potential buyer. See *In re R.L. Larson,* 128 B.R. 257, 262 (Bankr.D.N.D. 1990) ("... [equipment] leases... do not convey ownership interest to

the debtors, but merely a leasehold interest which is a cognizable interest under section 541 [of the Bankruptcy Code]".

15.    Accordingly, De Lage Landen submits its objection to the proposed Noticed sale since it is unclear whether the Notice contemplates the sale of any of De Lage Landen's Leased Equipment, including but not limited to the Lease # 24775061 Equipment. Therefore, De Lage Landen respectfully requests that the Debtors provide De Lage Landen with the exact description of the equipment being sold pursuant to the Notice and De Lage Landen reserves all of its rights, including the right to further object to any attempted sale of its Leased Equipment, including but not limited to the Lease # 24775061 Equipment.

**WHEREFORE,** it is respectfully requested that the Court deny the Debtor's Notice with respect to the proposed equipment sale, together with such other and further relief the Court finds just and proper.

Dated: September 4, 2007  
Wilmington, DE

**DUANE MORRIS LLP**

/s/  
Frederick B. Rosner (DE 3995)  
1100 N. Market Street, Suite 1200  
Wilmington, DE 19801  
Telephone:  302.657.4943

- and -

**PLATZER, SWERGOLD, KARLIN, LEVINE GOLDBERG & JASLOW, LLP**
Scott K. Levine, Esq.
Evan Salan, Esq.
Teresa Sadutto, Esq.
1065 Avenue of the Americas, 18th Floor
New York, New York  10018

*Counsel for De Lage Landen Financial Services, Inc.*