## IN THE UNITED STATE BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:

Chapter 11 Case

Case No. 07-11047 (CSS)

AMERICAN HOME MORTGAGE, INC.,
A Delaware Corporation, et al.

Objection Deadline: September 5, 2007
Hearing Date: September 17, 2007

Debtors.

----------------------------------------------------X

Related to Doc # 490

## DE LAGE LANDEN FINANCIAL SERVICES, INC.'S OBJECTION TO THE DEBTORS' PROPOSED ASSUMPTION, ASSIGNMENT AND CURE OF DE LAGE LANDEN FINANCIAL SERVICES, INC.'S LEASE, AS PROPOSED WITHIN THE DEBTORS NOTICE, DATED AUGUST 30, 2007

## TO THE HONORABLE CHRISTOPHER S. SONTCHI, UNITED STATES BANKRUPTCY JUDGE:

De Lage Landen Financial Services, Inc. ("De Lage Landen"),  by its attorneys,

Platzer, Swergold, Karlin, Levine, Goldberg, & Jaslow, LLP, and Duane Morris LLP

hereby submits its objection ("Objection") to the Debtors' proposed lease assumption,

assignment and the proposed cure amount for Lease #24538618, made between the

Debtor, American Home Mortgage Holdings, Inc., and De Lage Landen.

### RELIEF SOUGHT BY THE DEBTOR

1.      American Home Mortgage Holdings, Inc. (the "Debtor") and certain of its

direct and indirect affiliates and subsidiaries', the debtors and debtors in possession in

the above cases (collectively, the "Debtors") seek within their notice (Doc # 490) (the

"Notice") pursuant to 11 U.S.C. §§ 105, 363, 365 and 554 of Title 11 of the United

States Code (the "Bankruptcy Code"), the Bankruptcy Court's approval of the assumption, cure and assignment of an equipment lease made between the Debtor and De Lage Landen, which provided for the lease of equipment, some of which is located at 5151 Beltline Road, Dallas, TX 75254 Dallas, TX (the "Beltine Road Location").

## BACKGROUND

2.      On August 6, 2007 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11, the Bankruptcy Code.

### I. The Leases

3.      Prior to the Petition Date, various Debtors, as lessee[1], entered into approximately two-hundred fifty (250) equipment leases ("Leases") with De Lage Landen for the lease of various pieces of equipment ("Leased Equipment"), as described within the leases and which generally consists of, but not limited to, facsimile machines, photocopier machines, postal/mail machines, and computer printers and which were required by the terms of each of relevant leases, to be located at the locations (collectively, the "Equipment Locations") designated within each of the Leases.

### a. Lease # 24538618

4.      With respect to the Beltline Road Location which is the subject of the Notice, the Debtor and De Lage Landen entered an equipment lease, bearing the lease number 24538618 ("Lease # 24538618") for the lease of ten (10) Ricoh Copiers (collectively the "Lease # 24538618 Equipment"), each bearing one of the following

---

[1]American Home Mortgage Holdings, Inc.; First Home Mortgage Corp.; and M Team Financial

DM3\561035.1

serial numbers: J5836802643 (the "Ricoh Copier J5836802643"),  J5836802680  (the "

Ricoh Copier J5836802680"),  J5837101444 (the "Ricoh Copier J5837101444"),

J5836901484 (the "Ricoh Copier J5836901484"), J5837100880  (the "Ricoh Copier

J5837100880"), J5836402746 (the " Ricoh Copier  J5836402746"), J5837001409 (the "

Ricoh Copier J5837001409"), J5836802658  (the "Ricoh Copier J5836802658"),

J5837101486  (the "Ricoh Copier J5837101486") and J5837001274 (the "Ricoh Copier

J5837001274").

     5.     Based on the Lease # 24538618  and the records kept by De Lage

Landen, the Lease # 24538618 Equipment is located at Debtors' office locations located

in the States of Oregon[2], Texas and California. According to De Lage Landen's records

as organized in the spread sheet, annexed hereto as "Exhibit A", the Ricoh Copier

J5837101486, Ricoh Copier J5836402746 and the Ricoh Copier J5837101444 are all

located at the Beltline Road Location.  A copy of Lease # 24538618 is annexed hereto

as "Exhibit B".

     6.     Debtors' Notice seeks the assumption of Lease # 24538618 for the

Ricoh Copier J5836402746 only, and makes no mention of any of the other Lease #

24538618 Equipment, and is silent as to the other pieces of equipment that are located

at the Beltline Road Location.

     7.     As provided for within the Debtors' Notice, the Debtors are attempting to

assume Lease # 24538618 with respect to only one out of ten pieces of leased

equipment that are leased under Lease # 24538618.  The Debtors' Notice is silent as to

---

[2] Ricoh Copier J5836802643, Ricoh Copier J5836802680 and  Ricoh Copier
J5836901484 are located in Lake Oswego, Oregon
DM3\561035.1

the other pieces of equipment that are leased under Lease # 24538618.

8.      The Debtors have not rejected any of the Leases[3], pursuant to § 365(d)(2) of the Bankruptcy Code.

## DE LAGE LANDEN'S OBJECTION TO THE PROPOSED ASSUMPTION, ASSIGNMENT AND CURE STATED WITHIN THE DEBTORS' NOTICE

I. The Debtors cannot partially assume or partially cure a lease with respect to only some of the leased equipment or lease provisions.

9.      Although it appears the Debtors intend to assume a part of Lease # 24538618, the Debtors have failed to propose to assume all the lease obligations due under Lease # 24538618 with respect to all the other equipment leased under  Lease # 24538618.  The Debtors' proposed partial assumption is not allowed and is without authority under the Bankruptcy Code. The Bankruptcy Code does not allow a debtor to pick and choose which part of a lease it may assume, cure and thereafter perform under.

10.      Section 365(d)(2) of the Bankruptcy Code states in relevant part as follows:
"In a case under chapter 9, 11, 12 or 13 of this title,
the trustee may assume or reject an executory
contract or unexpired lease of  . . . personal property
of the debtor at any time before confirmation of a plan
. . . "

11.      Section 365(b)(1) of the Bankruptcy Code states in relevant part as follows:
             If there has been a default in an
executory contract or unexpired lease of the debtor,
the trustee may not assume such contract or lease

---

[3] The Debtors have filed a lease rejection motion (doc # 510), with a noticed September 17, 2007 hearing date,  that seeks to reject some but not all of the Leases.
DM3\561035.1

> unless, at the time of assumption of such contract or
> lease, the trustee
> > (A) cures, or provides adequate
> assurance that the trustee will promptly cure, such
> default . . . "

12.    The Bankruptcy Code does <u>not</u> authorize Debtors to assume or

cure a lease with respect to only some portion or parts of a lease and with respect to

only some of the Leased Equipment that the Debtors may wish to assume, while

ignoring  the remaining leased equipment that is subject to the very same lease. The

Debtors cannot "cherry-pick" those portions of Lease # 24538618 the Debtors want to

assume without assuming the Lease # 24538618 in its entirety. <u>See</u> <u>In re Three Star</u>

<u>Telecast, Inc.</u>, 73 B.R 270, 274 (Bankr., D.P.R, 1987)(If the debtor in possession opts to

assume, it must assume the contract in its <u>entirety</u>, cure all defaults  . . . ")(emphasis

added); <u>In re Winn-Dixie Stores, Inc.</u>, 345 B.R.402, 405-406 (Bankr. M.D.F.L, 2006)("If

Debtor chooses to assume the Lease, Winn-Dixie must assume it in its <u>entirety</u>, cure

the default . . . ")(emphasis added); <u>In re Sweetwater</u>, 40 B.R.733, 743 *note 23* (Bankr.,

U.T, 1984)("if the trustee or the debtor instead chooses to assume the lease, he has the

responsibility of curing any existing default, and then must comply with the lease, term

by term. The full amount of the payments provided for in the lease must be made, and

they must be made under the same schedule as provided in the lease."); <u>In re Holland</u>

<u>Enterprises</u>, 25 B.R. 301, 303 (E.D.N.C, 1982)("It is axiomatic that an assumed contract

under 365 is accompanied by all its provisions and conditions. Similarly, an executory

contract or unexpired lease must be rejected *in toto* [in the whole; completely]. To hold

otherwise, would construe the bankruptcy law as providing a debtor in bankruptcy with

greater rights and powers under a contract then the debtor had outside of the bankruptcy.")

13.    Further, the Debtors have not proposed to De Lage Landen any written modification of Lease # 24538618 for De Lage Landen's consideration that could provide for the rejection and/or assumption of the lease, as a lease modification, with respect to any portion or specific pieces of the leased equipment. The Debtors do not have the right or power to unilaterally change any provision or part of Lease # 24538618.

II. The Debtors' proposed cure amount does not equal the amounts due under Lease # 24538618 and are not correct

14.    Debtors' Notice does not state the correct cure amount for Lease # 24538618. The Debtor is in default of its payment obligations due under Lease # 24538618, since it has not made any payments since its last payment for the amounts due for the month of July, 2007. If the Debtors were to assume the Lease # 24538618 under the Bankruptcy Code, the Debtor would have to pay all the past due amounts due under the Lease # 24538618, in the amount of $1,250.70, which represents the payments due for the month of August 2007.

15.    The proposed "Zero" cure amount stated within the Debtors' Notice does not cure Lease # 24538618 in toto or with respect to the one sole piece of leased equipment that is identified within the Notice.

**WHEREFORE,** it is respectfully requested that the Court deny the Debtor's Notice with respect to the proposed lease assumption, assignment and cure, and the

DM3\561035.1

proposed equipment sale, together with such other and further relief the Court finds just

and proper.

Dated: September 4, 2007
Wilmington, DE

**DUANE MORRIS LLP**

_____/ S /_____

Frederick B. Rosner (DE 3995)
1100 N. Market Street, Suite 1200
Wilmington, DE 19801
Telephone: 302.657.4943

- and -

**PLATZER, SWERGOLD, KARLIN, LEVINE
GOLDBERG & JASLOW, LLP**
Scott K. Levine, Esq.
Evan Salan, Esq.
Teresa Sadutto, Esq.
1065 Avenue of the Americas, 18th Floor
New York, New York 10018

_Counsel for De Lage Landen Financial Services, Inc._