IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                  :
                                                                 :   Jointly Administered
          Debtors.                                               :
                                                                 :   Objection Deadline: September 10, 2007 at 4:00 p.m. (ET)
---------------------------------------------------------------- x

## NOTICE OF MUTUAL RELEASE

TO:   (I) THE OFFICE OF THE UNITED STATES TRUSTEE; (II) COUNSEL TO THE CREDITORS COMMITTEE; (III) COUNSEL TO THE DEBTORS' POSTPETITION LENDERS; (IV) COUNSEL TO BANK OF AMERICA; AND (V) THE U.S. SECURITIES AND EXCHANGE COMMISSION

      PLEASE TAKE NOTICE that American Home Mortgage Holdings, Inc., a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors"),[1] propose to enter into the mutual release agreement attached hereto Exhibit A (the "Proposed Release"), in accordance with the Order Pursuant to Sections 105, 363, 365 and 554 of the Bankruptcy Code, Establishing Procedures for the (i) Assumption and Assignment of Real Property Leases and/or Other Executory Contracts and (ii) Sale or Abandonment of Furniture, Fixtures and Equipment Located Therein (the "Sale Order").

      PLEASE TAKE FURTHER NOTICE that objections to the Proposed Release, if any, must be filed on or before **September 10, 2007 at 4:00 p.m.** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801. At the same time, you must also serve a copy of the objection upon the undersigned counsel to the Debtors so that the response is received on or before the Objection Deadline.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

PLEASE TAKE FURTHER NOTICE THAT, SHOULD AN OBJECTION BE TIMELY FILED, A HEARING ON THE PROPOSED RELEASE WILL BE HELD BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI ON SEPTEMBER 17, 2007 AT 12:00 P.M. (ET) IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, WILMINGTON, DELAWARE.

PLEASE TAKE FURTHER NOTICE THAT, IF YOU FAIL TO TIMELY OBJECT TO THE PROPOSED RELEASE, THE DEBTORS ARE AUTHORIZED, PURSUANT TO THE SALE ORDER, TO CONSUMMATE THE PROPOSED RELEASE IN ACCORDANCE WITH THE TERMS SET FORTH ON THE ATTACHED EXHIBIT A WITHOUT FURTHER NOTICE OR HEARING.

Dated:   Wilmington, Delaware
         September 4, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Kenneth J. Enos
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

# EXHIBIT A

# DETAILS OF THE PROPOSED RELEASE

## RELEASE AGREEMENT

This RELEASE AGREEMENT (the "Agreement"), dated as of August 29, 2007, by and between American Home Mortgage Corp. ("Lessee"), and The Pico Group, LLC ("Lessor", and collectively, with the Lessee, the "Parties").

WHEREAS, Lessee, as debtor and debtor in possession, has filed a voluntary petition (the "Petition") for relief pursuant to Chapter 11 ("Chapter 11") of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (the "Bankruptcy Case");

WHEREAS, on August 22, 2005, the Parties executed the lease (the "Lease Agreement") for the premises located at 1503 N. Imperial Avenue, El Centro, CA 92243 (the "Premises") for the period beginning on November 1, 2002 and ending October 30, 2009.

WHEREAS, the Parties have agreed to terminate the Lease Agreement effective as of August 29, 2007 (the "Termination Date") on the terms and conditions set forth herein and as authorized under Section 363 and 365 of the Bankruptcy Code, and the Order Pursuant to Sections 105, 363, 365 and 554 of the Bankruptcy Code, Establishing Procedures for the (i) Assumption and Assignment of Real Property Leases and/or Other Executory Contracts and (ii) Sale or Abandonment of Furniture, Fixtures and Equipment Located Therein entered by the Bankruptcy Court on August 24, 2007, and Lessee has determined that the entry into this Agreement is in the best interests of its creditors and interest holders.

NOW, THEREFORE, in consideration the mutual agreements herein contained, the Parties agree as follows:

1. The Lease Agreement is hereby terminated effective as of the Termination Date.

2. The Lessee and Lessor for themselves and their respective current or former affiliates, directors, officers, employees, agents, successors and assigns, as the case may be, hereby forever release, discharge and forgive each other and, solely in their capacity as such, each current or former affiliate, director, officer, employee, agent, successor and assign of the Lessee and Lessor, and any others on their behalf liable, for and from any and all liabilities, actions, suits, claims, administrative claims, cure claims, demands, damages, injuries and causes of action of whatever kind and nature, including any claims for attorneys' fees (including, but not limited to, those arising or accruing prior to or after the date on which the Lessee commenced its Bankruptcy Case through and including the date of this Agreement) that the Parties ever had, now have, or hereinafter can, shall, or may have, directly or indirectly, in equity or in law, whether known or unknown, whether contingent, liquidated or otherwise, whether accrued or to accrue, whether asserted by way of claim, counterclaim, cross-claim, third-party action, action for indemnity or contribution or otherwise; provided, however, nothing herein shall constitute a release of any rights to enforce the terms of this Agreement.

3. Lessor shall be prohibited from filing or asserting any claim, as such term is defined in section 101(5) of the Bankruptcy Code, against the Lessee.

4. Lessee hereby acknowledges and agrees that it shall use its best efforts to remove, prior to the Termination Date, any and all confidential information, including, without limitation, any and all customer loan profiles ("Consumer Confidential Information"). Lessor hereby acknowledges and agrees that it shall use its best efforts to package and deliver to the Lessee any Consumer Confidential Information that Lessor discovers on the premises on or after the Termination Date.

5. Lessor hereby acknowledges and agrees that, if necessary, it shall grant the Lessee and/or its agents, including, without limitation, Office Furniture Outlet, ABE Office Furniture Superstore, and Bekins Moving Solutions, Inc., access to the Premises up to and including September 7, 2007 (the "Access Date") to remove any Consumer Confidential Information and/or assets belonging to the Lessee.

6. Lessor hereby acknowledges and agrees that, if necessary, it shall grant counterparties to the Lessee's equipment leases and/or their agents access to the Premises up to and including the Access Date to remove any property belonging to such counterparties.

7. Lessor hereby agrees to comply with all applicable laws, including those related to the Consumer Confidential Information, with respect to any items or documentation (including mortgage applications and loan files) located in the Premises. Lessor agrees to indemnify and hold Lessee harmless for any violation or alleged violation of this section.

8. This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware without reference to its conflicts of laws rules, and the parties hereto consent to the exclusive jurisdiction of the Bankruptcy Court for all matters concerning this Agreement to the fullest extent that the Bankruptcy Court has jurisdiction under 28 U.S.C. § 1334.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

AMERICAN HOME MORTGAGE CORP.

By: _____
    Name:
    Title:

THE PICO GROUP LLC

By: _____
    Name: Robert P. Prince
    Title: Managing Member