IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11 Case No.
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.                   :
                                                                 :   Jointly Administered
          Debtors.                                               :
---------------------------------------------------------------- x

**DECLARATION OF THERESA CHASE IN SUPPORT OF DEBTORS' PRELIMINARY OBJECTION TO THE MOTION OF THE UNITED STATES FOR AN ORDER (I) REQUIRING TURNOVER OF NON-ESTATE PROPERTY BELONGING TO THE GOVERNMENT NATIONAL MORTGAGE ASSOCIATION AND (II) DECLARING THAT THE GOVERNMENT NATIONAL MORTGAGE ASSOCIATION IS NOT SUBJECT TO THE AUTOMATIC STAY**

I, Theresa Chase, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an Assistant Vice President, Investor Reporting Manager of American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation, a subsidiary of American Home Mortgage Holdings, Inc., a Delaware corporation ("AHM Holdings," and together with AHM Servicing and their various direct and indirect subsidiaries, "AHM" or the "Debtors"). I have been employed by the Debtors since June 2005.

2. Prior to the filing of these bankruptcy cases, AHM's business primarily entailed the origination, servicing and sale of mortgage loans, as well as investment in mortgage loans and mortgage-backed securities resulting from the securitizations of residential mortgage loans. AHM also invested in securitized mortgage loans originated by others and originated and sold mortgage loans to institutional investors. AHM offered an array of mortgage products and primarily made loans to borrowers with good credit profiles. Most of its portfolio consisted of securitized adjustable-rate mortgage (ARM) loans of prime and alternate A quality.

3.  A large component of AHM's business is the servicing of loans, which is conducted through AHM Servicing. The servicing business collects mortgage payments, administers tax and insurance escrows, responds to borrower inquiries, and maintains control over collection and default mitigation processes. As of December 31, 2006, AHM Servicing serviced approximately 197,000 loans with an aggregate principal amount of approximately $46.3 billion. AHM continues to conduct its servicing business, which constitutes a valuable asset of the Debtors' estates.

4.  I submit this Declaration in support of the Debtors' Preliminary Objection to the Motion of the United States for an Order (I) Requiring Turnover of Non-Estate Property Belonging to the Government National Mortgage Association and (II) Declaring that the Government National Mortgage Association is Not Subject to the Automatic Stay filed concurrently herewith (the "Objection").

5.  I was told by Robert Love that on August 3, 2007, persons claiming to be representatives of the Government National Mortgage Association ("GNMA") arrived unannounced to AHM Servicing's offices in Irving, Texas. When AHM Servicing informed these GNMA representatives that they could not accommodate their unannounced visit, they stood in a line in front of the doors and sat on the stairs, preventing AHM Serving Employees from entering the office.

6.  After August 6, 2007, when the Debtors filed their petitions for bankruptcy (the "Petition Date"), AHM Servicing has continued to service the GNMA loans. This servicing included, *inter alia*, collecting mortgage payments and remitting them on a daily basis to custodial accounts for principal and interest ("P&I Accounts") and tax and insurance escrows ("T&I Accounts" with the P&I Accounts, the "Custodial Accounts"), responding to

borrower inquiries and maintaining control over collection and default mitigation processes. Prior to the Petition Date, GNMA had the Custodial Accounts re-titled into GNMA's name only. As a result, AHM could no longer direct due and owing payments out of the Custodial Accounts; however, AHM Servicing was able to continue making daily deposits into the Custodial Accounts.

7. Without the ability to direct payments out of the T&I Accounts, AHM Servicing advanced payments for due and owing taxes and insurance ("T&I Payments") out of its operating funds. Failure to make these T&I Payments could result in harm to the mortgagors, including late fee penalties, tax liens and losing insurance coverage. AHM Servicing requested reimbursement of such advances from GNMA out of the T&I Account. GNMA has refused to reimburse the advanced T&I Payments. On August 24, 2007, after advancing a total of $548,588.05, AHM Servicing stopped advancing T&I Payments.

8. AHM Servicing issued checks on August 15, 2007 to certain GNMA I Security Holders. Payments to GNMA I and II Security Holders were generally made electronically out of the P&I Accounts. After the Petition Date, AHM Servicing continued to make daily deposits into the P&I Accounts, and GNMA swept these accounts daily. As a result, the checks issued on August 15, 2007 were funded out of AHM Servicing's operating funds.

9. On August 24, 2007, AHM Servicing ceased depositing the collected mortgage payments into the Custodial Accounts. The mortgage payments collected from August 24, 2007 forward are being held in an AHM clearing account pending resolution of the dispute with GNMA.

I declare under penalty of perjury under the laws of the United States and the State of Delaware that the foregoing is true and correct.

Executed on September 4, 2007, at Wilmington, Delaware.

_____
Theresa Chase