IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------- x
: Chapter 11
In re: :
: Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE :
HOLDINGS, INC., et al., : Hearing Date: September 7, 2007 at 11:00 a.m.
         Debtors. :
: Related Docket No. 243
---------------------------------------------------- x

**JOINDER OF BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT, TO DEBTORS' PRELIMINARY OBJECTION TO THE MOTION OF THE UNITED STATES FOR AN ORDER (I) REQUIRING TURNOVER OF NON-ESTATE PROPERTY BELONGING TO THE GOVERNMENT NATIONAL MORTGAGE ASSOCIATION AND (II) DECLARING THAT THE GOVERNMENT NATIONAL MORTGAGE ASSOCIATION IS NOT SUBJECT TO THE AUTOMATIC STAY**

TO: THE HONORABLE CHRISTOPHER S. SONTCHI,
      UNITED STATES BANKRUPTCY JUDGE

      Bank of America, N.A., as administrative agent (the "Administrative Agent") for certain other banking and financial institutions as pre-petition secured lenders (the "Pre-Petition Secured Lenders") under that certain Second Amended and Restated Credit Agreement (the "Credit Agreement"), dated as of August 10, 2006, by its undersigned attorneys, hereby joins the arguments and authorities set forth in the Debtors' Preliminary Objection (the "Objection") to the Motion of the United States for an Order (i) Requiring Turn-Over of Non-Estate Property Belonging to the Government National Mortgage Association ("GNMA") and (ii) Declaring that GNMA is not Subject to the Automatic Stay [D.I. 243] (the "Motion"), and in support thereof, respectfully represents as follows:

## BACKGROUND

1. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc. and certain of its affiliates (the "Debtors")[1] filed with this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1005(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

2. Prior to the Petition Date, the Pre-Petition Secured Lenders extended secured credit to the Debtors pursuant to the Credit Agreement. As of the Petition Date, the Debtors were indebted to the Pre-Petition Secured Lenders in the aggregate principal amount of approximately $1,104,550,000. Pursuant to a Security Agreement dated as of August 30, 2004, as amended, modified, supplemented, ratified, and restated from time to time, the Administrative Agent, for the benefit of the Pre-Petition Secured Lenders, holds first priority security interests in and liens upon certain of the Debtors' assets, including all of the Debtors' mortgage loan servicing rights.

3. On August 7, 2007, this Court entered the Interim Order (i) Authorizing Debtors' Limited Use of Cash Collateral, (ii) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties and (iii) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001 [D.I. 68] (the "Interim Cash Collateral Order").

---

[1] The Debtors are American Home Mortgage Holdings, Inc., American Home Mortgage Acceptance, Inc., American Home Mortgage Corp., American Home Mortgage Investment Corp., American Home Mortgage Servicing, Inc., American Home Mortgage Ventures LLC, Homegate Settlement Services, Inc., and Great Oak Abstract Corp.

4. Subsequently, on September 4, 2007, this Court entered the Final Order (i) Authorizing Debtors' Limited Use of Cash Collateral and (ii) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties [D.I. 554] (the "Final Cash Collateral Order," together with the Interim Cash Collateral Order, the "Cash Collateral Orders").

5. Pursuant to the Cash Collateral Orders, the Debtors (i) acknowledged the Administrative Agent's valid, perfected, enforceable, first priority security interests in and liens upon the Pre-Prepetition Collateral and (ii) granted to the Administrative Agent for the ratable benefit of the Pre-Petition Secured Parties (as defined in the Cash Collateral Orders) valid, perfected, enforceable, first priority security interests in and liens upon the Collateral, all of which include the Servicing Business (as such terms are defined in the Cash Collateral Orders). The rights of the Debtors to service the GNMA Portfolio[2] constituted a portion of the Pre-Petition Collateral and the Collateral.

6. On August 20, 2007, the GNMA filed the Motion [Docket No. 243], which seeks, inter alia, entry of an order (i) requiring AHM Servicing to turn over property belonging to GNMA relating to the GNMA Portfolio and (ii) declaring that GNMA is not subject to the automatic stay under title 11 of chapter 11 of the Bankruptcy Code.

7. GNMA asserts that, as of July 31, 2007, AHM Servicing serviced 1,546 GNMA pools with an outstanding principal balance of approximately $449 million and backed by approximately 5,800 loans insured by the Federal Housing Administration and guaranteed by the Department of Veterans Affairs or Rural Development.

8. On September 4, 2007, the Debtors filed the Objection to the Motion.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Motion.

**BASIS FOR OBJECTION**

9.  The Administrative Agent joins the Debtors' arguments and authorities that are set forth in the Objection in order to preserve and enforce all of the Administrative Agent's rights in respect of the Pre-Petition Collateral and the Collateral. The Administrative Agent hereby expressly reserves all of its rights to amend this joinder to include supplemental objections to the Motion and to be heard further on this matter on the return date of the Motion to the extent necessary to preserve and protect the Administrative Agent's valid, perfected, enforceable, first priority security interests in and liens upon the Pre-Petition Collateral and the Collateral.

*[Remainder of page intentionally left blank]*

## **CONCLUSION**

10. The Administrative Agent requests that this Court (i) deny the relief requested by GNMA in the Motion and (ii) grant the Administrative Agent such other and further relief as is proper.

Dated: September 4, 2007
      Wilmington, Delaware

                         POTTER ANDERSON & CORROON LLP

                         By: /s/ Laurie Selber Silverstein
                         Laurie Selber Silverstein (DE Bar 2396)
                         P. O. Box 951
                         1313 N. Market Street, 6th Floor
                         Wilmington, Delaware 19899
                         (302) 984-6000

                         - and -

                         KAYE SCHOLER LLP
                         Margot B. Schonholtz
                         Mark F. Liscio
                         Scott D. Talmadge
                         Kaye Scholer LLP
                         425 Park Avenue
                         New York, NY 10022

                         *Counsel for Bank of America, N.A. as*
                         *Administrative Agent under that certain Second*
                         *Amended and Restated Credit Agreement, dated as*
                         *of August 10, 2006*