IN THE UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:

AMERICAN HOME MORTGAGE, INC.,
A Delaware Corporation, et al.

Debtors.

------------------------------------------------------X

Chapter 11 Case

Case No. 07-11047 (CSS)

Objection Deadline: September 5, 2007
Hearing Date: September 17, 2007

Related to Doc # 506

## DE LAGE LANDEN FINANCIAL SERVICES, INC.'S OBJECTION TO THE DEBTORS' PROPOSED EQUIPMENT SALE, AND ASSUMPTION, ASSIGNMENT AND CURE OF DE LAGE LANDEN FINANCIAL SERVICES, INC.'S LEASE, AS PROPOSED WITHIN THE DEBTORS NOTICE

**TO THE HONORABLE CHRISTOPHER S. SONTCHI,
UNITED STATES BANKRUPTCY JUDGE:**

De Lage Landen Financial Services, Inc. ("De Lage Landen"), by its attorneys, Platzer, Swergold, Karlin, Levine, Goldberg, & Jaslow, LLP, and Duane Morris LLP hereby submits its objection ("Objection") to the Debtors' proposed lease assumption, assignment and proposed cure amounts for Lease #24521762 and for Lease #24602280, made between the Debtor, American Home Mortgage Holdings, Inc., and De Lage Landen.

### RELIEF SOUGHT BY THE DEBTOR

1. American Home Mortgage Holdings, Inc. (the "Debtor") and certain of its direct and indirect affiliates and subsidiaries', the debtors and debtors in possession in the above cases (collectively, the "Debtors") seek within their notice (Doc # 506) (the

"Notice") pursuant to 11 U.S.C. §§ 105, 363, 365 and 554 of Title 11 of the United States Code (the "Bankruptcy Code"), the Bankruptcy Court's approval for the assumption, cure and assignment of two equipment leases made between the Debtor and De Lage Landen, which provided for the lease of equipment, some of which is located at 17744 Skypark Circle, Irvine, CA 92614.

## BACKGROUND

2. On August 6, 2007 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11, the Bankruptcy Code.

### I. The Leases

3. Prior to the Petition Date, various Debtors, as lessee[1], entered into approximately two-hundred fifty (250) equipment leases ("Leases") with De Lage Landen for the lease of various pieces of equipment ("Leased Equipment"), as described within the Leases and which generally consists of, but not limited to, facsimile machines, photocopier machines, postal/mail machines, and computer printers and which were required by the terms of each of relevant leases, to be located at the locations (collectively, the "Equipment Locations") designated within each of the Leases.

#### a. Lease # 24521762

4. Prior to the Petition Date, the Debtor and De Lage Landen entered an equipment lease, bearing the lease number 24521762 ("Lease # 24521762") for the lease of seventy-one (71) pieces of equipment (collectively the "Lease # 24815937

---

[1] American Home Mortgage Holdings, Inc.; First Home Mortgage Corp.; and M Team Financial
DM3\561329.1

Equipment"). A copy of Lease # 24521762 is annexed hereto as "Exhibit A. A list of the Lease # 24521762 Equipment by its location is annexed hereto as "Exhibit B".

5.  The Lease # 24521762 Equipment consists of equipment with locations in the following states: Washington, California, Colorado, Texas, Oregon, Nevada, Illinois, Florida, Arizona and Utah. The Lease # 24521762 Equipment includes the following Toshiba copiers, bearing one of the following serial numbers: S03080028 (the "Toshiba Copier S03080028"), S03080033 ("Toshiba Copier S03080033"), S03080058 (the "Toshiba Copier S03080058"); S03080053 (the "Toshiba Copier S03080053"), XG312814, (the "Toshiba Copier XG312814") and XG312795 (the "Toshiba Copier XG312795").

6.  Debtors' Notice seeks the assumption of Lease # 24521762 only for the "Toshiba Copier S03080028, Toshiba Copier S03080033, Toshiba Copier S03080058, the Toshiba Copier S03080053, the Toshiba Copier XG312814 and the Toshiba Copier XG312795, and make no mention of the other sixty-five (65) pieces of equipment that together with the other six (6) pieces are the Lease # 24521762 Equipment.

7.  As provided for within the Debtors' Notice, the Debtors are attempting to assume Lease # 24521762 with respect to only six (6) out of the seventy-one (71) pieces of leased equipment that are leased under Lease # 24521762. The Debtors' Notice is silent as to the other pieces of equipment that are leased under Lease # 24521762.

### b. Lease # 24602280

8.  Prior to the Petition Date, the Debtor American Home Mortgage and De

Lage Landen, entered in an equipment lease, bearing the lease number 24602280 ("Lease # 24602280") for the lease of one (1) Toshiba fax machine (the "Lease # 24602280 Equipment"). A copy of Lease # 24602280 is annexed hereto as "Exhibit C".

9.  As stated in the Lease # 24602280 and the records kept by De Lage Landen, the Lease # 24602280 Equipment is located at the 17744 Sky Park Cr, Irvine, CA. Annexed hereto as "Exhibit D", is a copy of De Lage's spread sheet that lists information concerning the Lease # 24602280 and Lease # 24602280 Equipment.

### DE LAGE LANDEN'S OBJECTION TO THE PROPOSED ASSUMPTION, ASSIGNMENT AND CURE STATED WITHIN THE DEBTORS' NOTICE

I. The Debtors cannot partially assume or partially cure a lease with respect to only some of the leased equipment or lease provisions.

10.  Although it appears the Debtors intend to assume a part of Lease # 24521762 with respect to six (6) pieces of leased equipment, the Debtors have failed to propose to assume all the lease obligations due under Lease # 24521762 with respect to all the equipment leased under Lease # 24521762. The Debtors' proposed partial assumption is not allowed and is without authority under the Bankruptcy Code. The Bankruptcy Code does not allow a debtor to pick and choose which part of a lease it may assume, cure and thereafter perform under.

11.  Section 365(d)(2) of the Bankruptcy Code states in relevant part as follows:
"In a case under chapter 9, 11, 12 or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of . . . personal property of the debtor at any time before confirmation of a plan . . ."

12. Section 365(b)(1) of the Bankruptcy Code states in relevant part as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . "

13. The Bankruptcy Code does not authorize Debtors to assume or cure a lease with respect to only some portion or parts of a lease and with respect to only some of the Leased Equipment that the Debtors may wish to assume, while ignoring the remaining leased equipment that is subject to the very same lease. The Debtors cannot "cherry-pick" those portions of Lease # 24521762 the Debtors want to assume without assuming the Lease # 24521762 in its entirety. See In re Three Star Telecast, Inc., 73 B.R 270, 274 (Bankr., D.P.R, 1987)(If the debtor in possession opts to assume, it must assume the contract in its entirety, cure all defaults . . . ")(emphasis added); In re Winn-Dixie Stores, Inc., 345 B.R.402, 405-406 (Bankr. M.D.F.L, 2006)("If Debtor chooses to assume the Lease, Winn-Dixie must assume it in its entirety, cure the default . . . ")(emphasis added); In re Sweetwater, 40 B.R.733, 743 *note 23* (Bankr., U.T, 1984)("if the trustee or the debtor instead chooses to assume the lease, he has the responsibility of curing any existing default, and then must comply with the lease, term by term. The full amount of the payments provided for in the lease must be made, and they must be made under the same schedule as provided in the lease."); In re Holland Enterprises, 25 B.R. 301, 303 (E.D.N.C, 1982)("It is axiomatic that an assumed contract under 365 is accompanied by all its provisions and conditions. Similarly, an executory

contract or unexpired lease must be rejected *in toto* [in the whole; completely]. To hold otherwise, would construe the bankruptcy law as providing a debtor in bankruptcy with greater rights and powers under a contract then the debtor had outside of the bankruptcy.")

14.    Further, the Debtors have not proposed to De Lage Landen any written modification of Lease # 24521762 for De Lage Landen's consideration that could provide for the rejection and/or assumption of the lease, as a lease modification, with respect to any portion or specific pieces of the leased equipment and the monthly rental amounts due under the lease. The Debtors do not have the right or power to unilaterally change any provision or part of Lease # 24521762.

## II. The Debtors' proposed cure amount does not equal the amounts due under Lease # 24521762

15.    Debtors' Notice does not state the correct cure amount for Lease # 24521762. The Debtor is in default of its payment obligations due under Lease # 24521762, since it has not paid the amounts due under the Lease # 24521762 for the months of July, August and September, 2007. If the Debtors were to assume the Lease # 24521762 under the Bankruptcy Code, the Debtor would have to pay all the past due amounts due under the Lease # 24521762, in the amount of $57,329.84, which represents amounts due under Lease # 24521762 for the month of July, August and September, 2007.

16.    The proposed "Zero" cure amount stated within the Debtors' Notice does not cure Lease # 24521762 in toto or with respect to the six pieces of leased equipment

DM3\561329.1

that are identified within the Notice.

### III. The Debtors' proposed cure amount does not equal the amounts due under Lease #<u>24602280</u>

17.  Debtors' Notice does not state the correct cure amount for Lease # 24602280. The Debtor is in default of its payment obligations due under Lease # 24602280, since it has not paid the amounts due under the Lease # 24602280 for the months of August and September, 2007. If the Debtors were to assume the Lease # 24602280 under the Bankruptcy Code, the Debtors would have to pay all the past due amounts due under the Lease # 24602280, in the amount of $183.18, which represents amounts due under Lease # 24602280 for the month of August and September, 2007.

18.  The proposed "Zero" cure amount stated within the Debtors' Notice does not cure Lease # 24602280 in toto.

**WHEREFORE,** it is respectfully requested that the Court deny the Debtor's Notice with respect to the proposed lease assumption, assignment and cure, together with such other and further relief the Court finds just and proper.

Dated: September 4, 2007  
Wilmington, DE

**DUANE MORRIS LLP**

/s/ Frederick B. Rosner  
Frederick B. Rosner (DE 3995)  
1100 N. Market Street, Suite 1200  
Wilmington, DE 19801  
Telephone: 302.657.4900

- and -

**PLATZER, SWERGOLD, KARLIN, LEVINE GOLDBERG & JASLOW, LLP**
Scott K. Levine, Esq.
Evan Salan, Esq.
Teresa Sadutto, Esq.
1065 Avenue of the Americas, 18th Floor
New York, New York  10018

*Counsel for De Lage Landen Financial Services, Inc.*

DM3\561329.1