```
              UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF DELAWARE


IN RE:                              .    Chapter 11
                                    .
AMERICAN HOME MORTGAGE              .    Case No. 07-11047(CSS)
HOLDINGS, INC., a Delaware          .    Adv. No. 07-51701
Corporation, et al.,                .    Adv. No. 07-51704
                                    .    (Jointly Administered)
                                    .
                                    .    August 30, 2007
                                    .    11:00 a.m.
          Debtors.                  .    (Wilmington)
                                    .


                   TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE KEVIN J. CAREY
             UNITED STATES BANKRUPTCY COURT JUDGE
```

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1          THE CLERK: All rise.  You may be seated.

2          THE COURT: Good afternoon.  First let me apologize
3   for the delay in the start of the hearing.  I had not
4   anticipated that Home Bank would go that long.  I note that
5   I'm sitting today for Judge Sontchi.  Not necessarily because
6   of the close professional and personal relationship I enjoy
7   with him, and not necessarily because I have experience in
8   mortgage cases, but it seems I'm the last remaining judge
9   without a conflict. Welcome.  There are two matters on for
10  today.  Both of which I scheduled for what I'll call a status
11  hearing.  And let me first ask, have the parties resolved, on
12  an interim basis, any of the issues that have been raised in
13  either of the two requests for injunctive and other relief?
14  And they're similar, we'll address them separately, but they
15  raise similar issues.

16          MR. BRADY: Your Honor, Robert Brady for the
17  Debtors.  No, we did have discussions with Bear Stearns on a
18  schedule, but we were unable to reach agreement.  We have not
19  had any discussions with Calyon on their injunction motion.

20          THE COURT: Okay.  Let me, let me just say, then, my
21  purpose in hearing these matters, at least as a status on an
22  emergency basis, and it was to, understanding the
23  circumstances, see whether there was any interim relief
24  necessary under the circumstances, based on what was alleged
25  in the various papers.  I intend not to determine any 561

1  issues today.  Those I will leave to the judge of the case.
2  And it's my intention to put the motions, as they've been
3  filed, down for a hearing already scheduled in this case
4  before Judge Sontchi on Tuesday at 11 o'clock, I think.  But
5  given his absence this week and the long holiday weekend, I
6  at least wanted to hear from the parties to make sure that,
7  and I'll use just a general term, that bad things weren't
8  happening in the interim.  So at that I'm open to taking the
9  matters in whichever order the parties think appropriate.
10         MR. BUSENKELL: Your Honor, Michael Busenkell from
11  Eckert Seamans on behalf of Calyon.  With me today is
12  Benjamin Ackerly from the Hunton & Williams firm.  We did
13  file *pro hac* papers about a month ago.  They haven't been
14  entered yet.  We'll look into that, and figure that out.  But
15  for purposes of today's hearing, I would ask that he be
16  admitted *pro hac*.  He is admitted and in good standing in the
17  courts in the Commonwealth of Virginia.  Unless Your Honor
18  has any questions, I'd ask that he be permitted to speak
19  today on a *pro hac* basis.
20         THE COURT: Very well.  Welcome sir.
21         MR. ACKERLY: Good afternoon, Your Honor.  Ben
22  Ackerly on behalf of Calyon New York branch.  Calyon is a
23  corporate and investment bank.  Your Honor, if I understood
24  you correctly, you said that you were going to set these
25  matters on for hearing on Judge Sontchi's docket on Tuesday

1  at 11.  Is that correct?

2          THE COURT: That's correct.

3          MR. ACKERLY: If that's the case, I think that

4  probably resolves our issue.  What we were seeking was a

5  hearing on our preliminary injunction, before Judge Sontchi,

6  before the Debtor conducts an auction sale of our property,

7  which is scheduled for September 10th.  So if we're, if we can

8  have a hearing on our preliminary injunction, scheduled

9  before Judge Sontchi next Tuesday, that will be fine.

10         THE COURT: Well, let's put it this way.  In his

11 absence, I will add it to his calendar.  What he chooses to

12 do with it will be completely up to him.

13         MR. ACKERLY: If the Court were to ask me what the

14 emergency is, I mean, the emergency is the Debtor has

15 scheduled a sale of our property for September 10th, and we

16 want to have a hearing on preliminary injunction seeking to

17 enjoin the sale of our property, because we don't believe the

18 Debtor has a right to sell our property.  But if that's set

19 down for, if we can get that set down for hearing before

20 Judge Sontchi, I think that's, resolves my issue.

21         THE COURT: Okay.

22         MR. BRADY: Your Honor, Robert Brady for the

23 Debtors.  We would oppose the preliminary injunction motion

24 being scheduled for Tuesday.  What Judge Sontchi has done in

25 this case, and he's done it in a couple of previous

1   adversaries, is when these come in, he invites the parties to
2   the next hearing to discuss scheduling.  In this case, we've
3   had one preliminary injunction hearing in the CSFB adversary
4   proceeding, and the Judge denied it.  Finding no irreparable
5   harm.  We think the facts here are extremely similar, if not
6   identical.  And we believe that when presented with the
7   question, Judge Sontchi would not schedule the preliminary
8   injunction hearing so quickly, if at all.  We think these
9   should just proceed to trial.  And we're prepared to talk
10  about a, an expeditious trial, but one that preserves our
11  rights and doesn't prejudice the Debtors with respect to
12  counter claims, etcetera.  So we would be more than happy to
13  appear Tuesday to discuss scheduling with the Judge.  There's
14  also another hearing on September 7th.  There are ample
15  opportunities for the Court to put this on.  But we don't
16  believe the sale hearing is a real issue.  We put protections
17  in both the DIP and cash collateral order that those do not
18  affect 559 rights, any of the repo rights.  The Debtors
19  understand they can only sell what they own.  And if there's
20  a dispute of what they own, that has to be resolved before we
21  can sell anything.  So I don't think there will be any
22  prejudice with an auction that's scheduled for the 10th, and a
23  sale hearing subsequent to that.  And we think we would like
24  to make that argument to Judge Sontchi on Tuesday, and have
25  these put on an appropriate schedule.

1          THE COURT: Thank you.

2          MR. ACKERLY: Ben Ackerly again.  I don't know that

3  I need to respond to that as long as the Court is going to

4  refer this to Judge Sontchi on Tuesday.

5          THE COURT: Well, and you understand that, I guess I

6  said before what that means is Judge Sontchi will do as he

7  will.  And - -

8          MR. ACKERLY: I understand that.

9          THE COURT:  - - and if he acts consistently, there

10 may very well be no hearing on the underlying request, but

11 merely a scheduling hearing as has been reported.  And Judge

12 Sontchi and I have not - - other than an email from him, from

13 his portable PDA saying would I handle these, we've had no

14 further communication, other than I let him know I would, I

15 would bring you in just to make sure nothing bad was

16 happening between now and the time you got to Judge Sontchi.

17         MR. ACKERLY: Well I think, I think I can represent

18 as far we're concerned, nothing bad is happening.  But what

19 we do want is a hearing on our preliminary injunction.

20         THE COURT: Understood.

21         MR. ACKERLY: And if that gets before Judge Sontchi

22 next Tuesday, that's fine.

23         THE COURT: Okay.

24         MR. ACKERLY: Thank you.

25         MR. CROWELL: Good afternoon, Judge.  Nick Crowell

1  from Sidley Austin for Bear Stearns and EMC Mortgage.  I'm
2  not sure that we can do anything today.  The purpose of our
3  appearing here was to try to get a schedule for an expedited
4  hearing.  And the purpose of it specifically was just to try
5  to get on the same schedule that CSFB is on, because I think
6  in the interest of judicial economy, that would make the most
7  sense.  That a lot of the evidence is going to be the same,
8  our contract is very similar, our repo is very similar to
9  theirs.  But it sounds like all we can do today is point that
10 out to you, and then hope for a discussion before Judge
11 Sontchi on Tuesday.  They have a, a stipulation in place.  I
12 don't think it's been ordered by the Court as yet, CSFB, and
13 we simply want the same stipulation for our clients.
14          THE COURT: All right.  Well I mean, it seems to me
15 that at this point neither order that's been submitted - - I
16 don't have an order in front of me in either case which
17 accurately reflects what it is we're going to do at this
18 point.  So let me ask counsel to confer, and in connection
19 with Calyon, we'll set the motion down for, for hearing.  And
20 the order should simply recite that the Plaintiff wishes to
21 go forward with its motion for a preliminary injunction.  The
22 Defendant has indicated that it wishes to use the hearing as
23 a scheduling hearing.  So Judge Sontchi will know how it, how
24 it comes to him.  And with respect to the other, what should
25 that order say?

1        MR. BRADY: I think the parties are in agreement

2 that there should be a further scheduling conference before

3 Judge Sontchi on Tuesday.

4        THE COURT: Okay.  If you get those to me today,

5 I'll sign them.  So when Judge Sontchi comes in he'll have a

6 chance to see them before he takes the bench.  Get them to me

7 this afternoon.

8        MR. BRADY: We will, Your Honor.  Thank you.

9        THE COURT: All right.  Again, I apologize for the

10 wait.  Anything further for today?

11        MR. BRADY: Nothing for the Debtors.

12        THE COURT: Okay.  Thank you.  That concludes this

13 hearing.  Court is adjourned.

14    (Whereupon at 12:32 p.m. the hearing in this matter was

15 concluded for this date.)

16

17

18        I, Jennifer Ryan Enslen, approved transcriber for

19 the United States Courts, certify that the foregoing is a

20 correct transcript from the electronic sound recording of the

21 proceedings in the above entitled matter.

22

23   */s/Jennifer Ryan Enslen*                    09/04/07
   Jennifer Ryan Enslen
24 43 Bay Boulevard
   Newark, DE 19702
25 (302)836-1905