IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,                  :
                                                                 : Jointly Administered
    Debtors.                                                     :
                                                                 :
---------------------------------------------------------------- x **Ref. Docket No. 163**

## ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE APPROVING THE AGREEMENT WITH KROLL ZOLFO COOPER LLC, STEPHEN F. COOPER AND KEVIN NYSTROM

This matter coming to be heard upon the annexed Application of the Debtors for Approval of an Order approving the Agreement (the "Agreement"), a of copy of which is annexed to the Application as Exhibit A, between the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and Kroll Zolfo Cooper LLC ("KZC"), Stephen F. Cooper ("Cooper"), and Kevin Nystrom ("Nystrom") wherein the Debtors shall engage KZC, Cooper, and Nystrom to provide to the Debtors the services of Cooper as Chief Restructuring Officer ("CRO"), Nystrom of as Director of Restructuring ("DR" and collectively with CRO, the "Executive Officers") and the services of other professional staff to serve as Associate Directors of Restructuring (as defined in the Agreement); the Court having reviewed the Application and appended Cooper Affidavit in support of such Application, the Court having heard the statements of counsel regarding the relief requested in the Application at a hearing before the Court (the "Hearing"); the Court finding that (a) the approval of the Agreement is in the best interest of the Debtors, their respective estates, their creditors and other parties in interest herein; (b) the Court has jurisdiction of this matter pursuant to 28 U.S.C. §§157 and

1334, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (d) notice of the Application and hearing was sufficient under the circumstances; the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just and sufficient cause for the relief granted herein;

IT IS HEREBY ORDERED that,

(1) The Application is granted and the Agreement is approved as modified herein.

(2) The Debtors shall be, and hereby are, authorized to employ KZC to supply KZC personnel to provide management services to the Debtors on the terms and conditions set forth in the Agreement subject to the following terms, which apply notwithstanding anything in the Motion, the Agreement, or any exhibit(s) related thereto to the contrary:

> (a.) KZC and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.
>
> (b.) In the event the Debtor(s) seek(s) to have KZC personnel assume executive officer positions that are different than the Executive Officers, or to materially change the terms of the Agreement, as modified herein, by either (i) modifying the functions of the Executive Officers, (ii) adding new Executive Officers, or (iii) altering or expanding the scope of the Agreement as modified herein, a motion to modify the retention shall be filed.

(c.) KZC shall file with the Court with copies to the United States Trustee ("U.S. Trustee") and all official committees a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

(d.) No principal, employee or independent contractor of KZC and its affiliates shall serve as a director of any of the above-captioned Debtor(s) during the pendency of the above-captioned cases.

(e.) KZC shall file with the Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the time incurred and services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Effective as of September 1, 2007, time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10/hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed.

(f.) Success fees, transaction fees, or other back-end fees (including the "Consummation Fee") shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

(g.) The Debtor(s) is/are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtor(s)' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy. The first paragraph of section 7(a) of the Agreement ("Indemnification") and the entirety of paragraph 8 of the Agreement are deleted and shall have no further force or effect.

(h.) There shall be no indemnification of KZC, its affiliates, or non-officer employees of KZC.

(i.) For a period of three years after the conclusion of the engagement, neither KZC nor any of its affiliates shall make any investments in the Debtor(s) or the Reorganized Debtor(s).

(j.) KZC shall disclose any and all facts that may have a bearing on whether the firm, its subsidiaries, certain of its affiliates identified in paragraph 7 of the Affidavit of Stephen F. Cooper submitted in support of the Motion, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor(s), its/their creditors, or

     other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

(k.)  KZC's request for approval of the retainer as an "evergreen" retainer is continued generally to a date to be determined after reasonable notice has been given to the U.S. Trustee.

(l.)  Notwithstanding anything in paragraph 9 of the Agreement ("Independent Contractor") to the contrary, KZC employees who are appointed officers of the Debtors shall be subject to all duties and obligations pertaining to their status as officers under applicable law.

(m.)  Notwithstanding anything in paragraph 4(e) of the Agreement ("Compensation") to the contrary, the Debtors are not obligated to reimburse KZC, Cooper, Nystrom and Associate Directors' expenses for legal counsel.

(3)  All compensation and reimbursement due to, and other rights of KZC, Cooper, and Nystrom in accordance with the Agreement as modified by this Order, including without limitation indemnification obligations, shall be treated and allowed (subject to the compensation review procedures identified in this Order) as administrative expenses in accordance with Section 503 of the Bankruptcy Code and shall be paid in accordance with the Agreement.

(4)  Notwithstanding anything contained in the Agreement to the contrary, after July 31, 2008, the Debtors and Committee shall confer on whether the Debtors should continue to pay the $250,000 flat rate monthly fee (the "Flat Fee") for services provided by Stephen F. Cooper and Kevin Nystrom, provided that if the Debtors and the Committee are

-5-

unable to agree as to whether the Debtors should continue to pay the Flat Fee, the Committee shall have the right to file a motion seeking to modify the Debtors' payment of the Flat Fee and shall have the burden to demonstrate that the payment of a modified Flat Fee or other payment arrangement is reasonable under the circumstances.

Dated: Wilmington, Delaware
       September 4, 2007

                                      Christopher S. Sontchi
                                      United States Bankruptcy Judge