IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:                                      :   Chapter 11
                                            :
AMERICAN HOME MORTGAGE                      :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]  :
                                            :   Jointly Administered
                      Debtors.              :
                                            :   Ref. No. 192
------------------------------------------------------------ x
```

**ORDER PURSUANT TO SECTIONS 105(a), 327, 328 AND 330 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 AUTHORIZING THE EMPLOYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF THE DEBTORS' BUSINESS *NUNC PRO TUNC* TO PETITION DATE**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors

and debtors in possession (collectively, the "Debtors") for entry of an order, pursuant to sections

327, 328 and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the

"Bankruptcy Code"), authorizing the Debtors to employ certain professionals utilized by the

Debtors in the ordinary course of their business (excluding professionals for whom the Debtors

have filed separate retention applications for employment with this Court) (collectively, the

"Ordinary Course Professionals"), all as more fully set forth in the Motion; and the Court finding

that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2); good, adequate and

sufficient notice of the Motion has been given and that no other or further notice need be given;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] All capitalized terms used, but not otherwise defined herein, shall have the meaning ascribed to such terms in the Motion.

and (iii) the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is granted to the extent set forth herein; and it is further

ORDERED, that the Debtors are hereby authorized, but not directed, to retain the Ordinary Course Professionals listed on Exhibit A, Exhibit B, and Exhibit C attached to the Motion in the ordinary course of business, *nunc pro tunc* to the Petition Date or such later date as provided below, without the need to file individual retention applications for each such professional; and it is further

ORDERED, that subject to the objection period for Retention Affidavits and the other procedures set forth below, the Debtors may supplement the list of Ordinary Course Professionals from time to time as necessary if additional Ordinary Course Professionals are to be utilized, and the Debtors shall file each such supplemental list with the Court identifying the proposed monthly cap for each Ordinary Course Professional identified on the supplemental list and serve it, by first class mail, on: (i) the Office of the United States Trustee (the "U.S. Trustee"); (ii) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Debtors' postpetition lender; (v) the Securities and Exchange Commission; and (vi) all other parties entitled to notice under Del. Bankr. LR 2002-1(b) (collectively, the "Notice Parties"); and it is further

2

ORDERED, that to ensure that each Ordinary Course Professional may be employed under section 327 of the Bankruptcy Code, each Ordinary Course Professional is required to file with the Court an affidavit of disinterestedness substantially in the form annexed hereto as Exhibit A (the "Retention Affidavit"); and it is further

ORDERED, that within thirty (30) days of (i) the date the professional commenced providing postpetition services to the Debtors or (ii) the date this Order is entered, whichever is later, each entity that is identified as an Ordinary Course Professional retained by the Debtors to provide postpetition services pursuant to this Order shall file a Retention Affidavit; and it is further

ORDERED, that the Debtors shall serve the Retention Affidavits, via first-class mail, on the Notice Parties. The Notice Parties shall have twenty (20) days from the date of such service of each Retention Affidavit or such longer period to which the Debtors may consent (the "Objection Deadline") to object to the Debtors' employment of such Ordinary Course Professional. Any objecting party shall file the objection with the Court and serve the same upon counsel for the Debtors, the Notice Parties and the Ordinary Course Professional on or before the Objection Deadline. If the objection cannot be consensually resolved, the objection shall be scheduled for a hearing before the Court at the next regularly scheduled omnibus hearing or such other date otherwise agreeable to the parties thereto. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to such Ordinary Course Professional, the Debtors shall be authorized to employ and compensate such Ordinary Course Professional in accordance with the terms of this Order; and it is further

ORDERED, that (i) upon the passing of the Objection Deadline without the filing of an objection by a Notice Party or (ii) entry of an order authorizing the Ordinary Course

Professional's employment, the Debtors are authorized, but not directed, to make monthly payments for postpetition compensation and reimbursement of postpetition expenses to each of the Ordinary Course Professionals in the manner customarily made by the Debtors prior to the commencement of their chapter 11 cases, in the full amount billed by any such Ordinary Course Professional, upon receipt therefrom of a reasonably detailed invoices indicating the nature of the professional services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' or the Committee's right to dispute any such invoices); provided, however, that without further order of the Court the Debtors shall not pay any individual Ordinary Course Professional amounts in excess of (i) $35,000 in fees and expenses per month per firm for those professionals listed on Exhibit A to the Motion, (ii) $75,000 in fees and expenses per month per firm for those professionals listed on Exhibit B to the Motion, or (iii) a percentage exceeding 6% of the selling price (not to exceed a $3,000,000) of any real estate transaction to a professional listed on Exhibit C to the Motion; and it is further

ORDERED, that the Debtors shall provide copies of invoices submitted by the Ordinary Course Professionals to the Committee and the Committee shall have ten (10) business days to object or otherwise dispute such invoices.  If after ten (10) business days, the Committee does not object or otherwise dispute an invoice of an Ordinary Course Professional, the Debtors shall be permitted to pay such invoice in accordance with the terms of this Order; provided, however, if an invoice is objected to or otherwise disputed, the Debtors shall not pay the objected to or disputed portion until resolved by agreement or Order of the Court; and it is further

ORDERED, that payments, pursuant to the terms of this Order, to each Ordinary Course Professional identified as having a monthly cap of $35,000 shall not exceed $75,000 in

during any three month period absent (i) written consent from the Committee or (ii) an order of the Court authorizing the Debtors to make such payments; and it is further

ORDERED, that payments, pursuant to the terms of this Order, to each Ordinary Course Professional identified as having a monthly cap of $75,000 shall not exceed $185,000 during any three month period absent (i) written consent from the Committee or (ii) an order of the Court authorizing the Debtors to make such payments; and it is further

ORDERED, that if postpetition compensation and reimbursement of postpetition expenses for any Ordinary Course Professional (i) identified on Exhibit A to the Motion exceeds $35,000 in any given month or $75,000 during any three month period; (ii) identified on Exhibit B to the Motion exceeds $75,000 in any given month or $185,000 during any three month period; or (iii) identified on Exhibit C to the Motion exceeds 6% of the selling price (not to exceed $3,500,000) of any real estate transaction, such Ordinary Course Professional may be paid and/or reimbursed the amount in excess of the respective cap only after (a) the filing of an interim and/or final fee application in connection therewith, in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to Sections 331 and 105(a) of the Bankruptcy Code, if entered, and (b) entry of an order of the Court approving such fee application to the extent so approved; and it is further

ORDERED, that the Debtors shall not make any payment to any Ordinary Course Professional who has failed to file a Retention Affidavit; and it is further

ORDERED, that the Debtors will provide notice to the Ordinary Course Professionals handling foreclosure proceedings of the sale of the underlying owned mortgages and/or the date that the Debtors' obligations to service the loans will cease and, accordingly, the

5

last date as to which such Ordinary Course Professionals' services shall be required by and compensable from the Debtors' estates; and it is further

ORDERED, that the rights of the Debtors, or the rights of any other party with standing, to seek a further order of this Court increasing or decreasing the payment caps as set forth in this Order prospectively are hereby reserved; and it is further

ORDERED, that every ninety (90) days (commencing on the first day of the month following the 90th day after the entry of this Order), the Debtors will file a statement with the Court certifying the Debtors' compliance with the terms of this Order, which statement shall include the following information: (i) the name of each Ordinary Course Professional and the aggregate amount paid as compensation for services rendered and as reimbursement of expenses incurred by each Ordinary Course Professional during the preceding 90 days, and (ii) a list of any additional Ordinary Course Professionals that are retained or utilized after the Petition Date and who are not listed on Exhibit A, Exhibit B or Exhibit C to the Motion; and it is further

ORDERED, that each Quarterly Statement shall be served, by first-class mail, on the Notice Parties; and it is further

ORDERED, that this Order is without prejudice to the Committee's right to object to the Debtors' utilization and compensation of professionals as Ordinary Course Professionals pursuant to this Order and request that the Debtors file a separate application to retain any Ordinary Course Professional retained pursuant to this Order; and it is further

ORDERED, that this Order shall not apply to any professional retained by the Debtors pursuant to a separate order of this Court; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters

arising from or related to the interpretation and/or enforcement of this Order.

Dated: Wilmington, Delaware
    September __4__, 2007

Christopher S. Sontchi
United States Bankruptcy Judge