UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     : Chapter 11
                                                           :
AMERICAN HOME MORTGAGE                                     : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]         :
                                                           : Jointly Administered
     Debtors.                                              :
---------------------------------------------------------- x Ref. Docket No. 364

**ORDER (i) AUTHORIZING PRIVATE SALE OF CERTAIN SERVICING RIGHTS TO BARCLAYS BANK PLC FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS; (ii) APPROVING THE TERMS OF THE PURCHASE AND SALE AGREEMENT; AND (iii) GRANTING RELATED RELIEF**

UPON THE MOTION (the "Motion") of the above-captioned debtors and debtors in possession (collectively, "AHM" or the "Debtors"), pursuant to sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, 9014 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing the private sale of the servicing rights (the "Barclays Servicing Rights") under that certain Servicing Agreement, dated as of May 1, 2007, between Barclays Bank PLC (the "Buyer" or "BBPLC") and AHM Servicing, such sale to be free and clear of liens, claims, and interests, except as set forth herein; (ii) approving the terms of the Purchase and Sale Agreement (the "Sale Agreement," attached hereto as Exhibit 1), as modified hereby; and (iii) granting

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

ancillary relief (the "Motion");[2] and the Court having reviewed the Sale Agreement; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the remainder of the record herein; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9014 and 9019.

C.    For the reasons set forth in the Motion, due and adequate notice of the Motion, the Sale Agreement, the hearing, and the subject matter thereof has been provided to all parties-in-interest herein, and no other or further notice is necessary. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

D.    Granting the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion.

---

[2] All capitalized terms included but not defined herein shall have the meaning ascribed to such terms in the Motion and Sale Agreement.

E.	The Sale Agreement was negotiated and proposed, and has been entered into by the parties, in good faith, from arms-length bargaining positions, and without collusion. The Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor the Buyer have engaged in any conduct that would cause or permit the Sale Agreement, or the sale of the Barclays Servicing Rights to the Buyer pursuant thereto and hereto, to be avoided under 11 U.S.C. § 363(n).

F.	Under the circumstances, and due and adequate notice having been provided, it is the best interests of the Debtors, their creditors, and all other parties-in-interest herein that the Barclays Servicing Rights be sold to the Buyer in a private sale under Section 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(c)(1) and 6004(f)(1).

G.	The consideration provided by Buyer for the Barclays Servicing Rights pursuant to the Sale Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Barclays Servicing Rights, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession.

H.	The Debtors are authorized to sell the Barclays Servicing Rights free and clear of all interests of any kind or nature whatsoever, with such interests transferring and attaching to the net proceeds of the sale with the same validity and priority as such interests had in respect of the Barclays Servicing Rights immediately prior to the sale, because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) have been satisfied. Those holders of interests who did not object to the Motion or the relief requested therein, or who imposed and then withdrew their objections, are deemed to have consented to the sale pursuant to 11 U.S.C. §

363(f)(2). Those holders of interests who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any, attach to the proceeds of the sale of the Barclays Servicing Rights.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED.

2. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are hereby authorized and empowered (i) to conduct a private sale of the Barclays Servicing Rights; (ii) to enter into the Sale Agreement as modified herein; and (iii) to sell, transfer, and convey the Barclays Servicing Rights to the Buyer.

3. The Sale Agreement and all of its terms, as modified herein, are APPROVED, and this Order and the Sale Agreement shall be binding upon the Debtors, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest herein.

4. The Sale Agreement is modified as follows:

(a) The definition of "Transfer Date" in Article 1 of the Sale Agreement is amended and modified to mean September 14, 2007.

(b) Section 2.01(c) of the Sale Agreement is amended and modified in its entirety as follows: "This Agreement shall terminate the Servicing Agreement, and BBPLC shall release and waive any and all claims or causes of action that BBPLC may have against the Servicer and/or AHM under the Servicing Agreement arising prior to the Transfer Date, provided, however, that this termination and release shall not affect any claims that BBPLC may have against the Servicer and/or AHM not pertaining to the Servicing Agreement, or to any obligations of Servicer or AHM under this Agreement."

(c) Section 3.01 of the Sale Agreement is amended and modified in its entirety as follows: "In full consideration for the transfer and sale of Servicing Rights as of the Transfer Date, BBPLC shall pay to Servicer in the manner provided in Section 3.03, and subject to the adjustments specifically provided for in this Agreement,

          an amount equal to (i) the Purchase Price Percentage multiplied by the aggregate unpaid principal balance of the related Mortgage Loans as of September 1, 2007, excluding the unpaid aggregate principal balances of Litigation Loans as of September 1, 2007, Bankruptcy Loans as of September 1, 2007, and Mortgage Loans which are one or more payments past due as of September 1, 2007, plus (ii) all outstanding documented Advances funded by Servicer in accordance with the terms of the Servicing Agreement and which are determined to be reasonably recoverable. For example, a Mortgage Loan is past due if a Mortgage Loan Payment due on July 1, 2007 is not paid by July 31, 2007."

     (d)     Section 3.03(c) of the Sale Agreement is amended and modified in its entirety as follows: "<u>Adjustments</u>. If within sixty (60) days after the payment of all or any portion of the Purchase Price, transfer of the Custodial Funds, payment for the Advances or the payment or transfer of any other amounts due under this Agreement to either Party, an error is discovered with respect to the calculation of the payment or amount transferred, within five (5) Business Days after the receipt of information sufficient to provide notice that payment is due, the Party benefiting from the error shall pay an amount sufficient to correct and reconcile the error and shall provide a reconciliation statement and such other documentation sufficient to satisfy the other Party (in such other Party's exercise of its reasonable discretion), concerning the accuracy of such reconciliation."

     5.     Upon the date of closing the sale of the Barclays Servicing Rights (the "<u>Closing Date</u>"), the Barclays Servicing Rights shall be transferred to Buyer free and clear of all liens, claims, encumbrances, or other interests except as set forth herein, pursuant to Bankruptcy Code sections 105 and 363. All persons and entities (including, without limitation, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, and trade and other creditors) holding interests of any kind or nature whatsoever against or in the Debtors or the Barclays Servicing Rights (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated) arising under or out of, in connection with, or in any way relating to the Debtors, the Barclays Servicing Rights, the operation of the Debtors' businesses prior to the Closing Date, or the transfer of the Barclays Servicing Rights to Buyer, hereby are forever barred, estopped, and permanently enjoined from

asserting against Buyer, its successors or assigns, or the Barclays Servicing Rights, such persons' or entities' interests.

6. Pursuant to 11 U.S.C. § 363(b), the Debtors and the Buyer, as well as their officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Sale Agreement. Any actions taken by the Debtors and the Buyer necessary or desirable to consummate such transactions prior to the entry of this Order are hereby ratified.

7. To the extent of any conflict between this Order and the *Order Approving (i) Sale Procedures; (ii) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (iii) Approving Form and Manner of Notice Thereof; and (iv) Granting Related Relief* [Docket No. 113], the terms of this Order shall govern.

8. The Sale Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court; provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates, and provided further that, with respect to any modifications, amendments, and supplements, the Debtors shall consult with, and notice shall be provided to the Committee, the DIP Lender, and the Administrative Agent.

9. The failure specifically to include any particular provisions of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreement, as modified herein, be authorized and approved in its entirety.

10. The Debtors will collect all Mortgage Loan Payments for September, 2007, pursuant to the Barclays Servicing Agreement, and will promptly account for and forward such amounts to the Buyer, unless the Buyer is prepared at an earlier time to collect such payments on its own behalf.

11. The Debtors and Buyer agree that none of the representations and warranties set forth in the Sale Agreement shall survive the Closing Date, and that neither party has agreed to the indemnification of the other pursuant to the Sale Agreement.

12. All proceeds of the sale received by the Debtors, including, without limitation, the proceeds from all outstanding documented Advances, shall be paid in accordance with the terms of the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties, approved by the Court on or about September 4, 2007.

13. To the extent that there are any inconsistencies between the Sale Agreement and this Order, the terms of this Order shall govern.

14. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Debtors and the Buyer are free to close under the Sale Agreement at any time, subject to the terms of the Sale Agreement.

15. The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to the Sale Agreement or this Order.

Dated: Wilmington, Delaware
Sept. 4 , 2007

Christopher S. Sontchi
United States Bankruptcy Judge