IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          :   Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                          :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                 :
                                                                :   Jointly Administered
Debtors.                                                        :
                                                                :   Docket Ref. No. 368
---------------------------------------------------------------- x

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR AN ORDER APPROVING AND AUTHORIZING COMPROMISE AND SETTLEMENT AGREEMENT WITH FANNIE MAE**

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[2] seeking the issuance of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Settlement and Compromise (the "Stipulation") by and among the Debtors and Fannie Mae; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor; it is hereby

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

ORDERED, that the relief requested in the Motion is hereby granted, as modified herein; and it is further

ORDERED, that the Stipulation attached hereto as Exhibit A is approved pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, with the following modifications: (i) the deadline in Paragraph 2(b) of the Stipulation is extended to September 18, 2007, or such other date as is established by the Bankruptcy Court, (ii) the deadline in Paragraph 2(c) of the Stipulation is extended to October 1, 2007, or such other date as is established by the Bankruptcy Court, and (iii) if an Uncured Event of Default (as defined in the Stipulation) occurs, the terms of the following paragraph of this Order shall apply to further modify the Stipulation; and it is further

ORDERED that, if an Uncured Event of Default Occurs under the Stipulation, Fannie Mae shall be entitled without further order of the Court to take possession of all servicing files, funds, data and related servicing assets (the "Servicing Portfolio"), and Debtors shall cooperate in all respects with the transition of the Servicing Portfolio to Bank of America, which shall act as an interim subservicer on behalf of Fannie Mae. Bank of America shall act as interim subservicer in exchange for the same servicing fee compensation as was due under the Contract and shall service such loans pursuant to the terms of the Fannie Mae Servicing Guide, except to the extent that Bank of America and Fannie Mae agree otherwise. Bank of America shall not, however, be liable for the Debtors' representation and warranty obligations in its capacity as interim subservicer. References herein to "servicer" or "servicing" shall reflect Bank of America's role as an interim subservicer on behalf of Fannie Mae. Subsequent to any such transfer of the Servicing Portfolio to Bank of America, the parties shall act in accordance with the following:

1. Within a reasonable period of time, Fannie Mae shall select and engage a mortgage servicing broker, with relevant industry experience in such sales, to solicit bids for the Servicing Portfolio in accordance with standard industry practice. The Bid requirements will include requiring the purchaser to be a Fannie Mae-approved servicer qualified operationally and financially to service loans of the type included in the Servicing Portfolio and that bids be obtained for both (1) a sale subject to full recourse and full representations and warranties from the purchaser in favor of Fannie Mae, and (2) for a sale without recourse and without selling representations and warranties from the purchaser. Fannie Mae is entitled to require a sale subject to full recourse and full representations and warranties, and if such a sale requirement does not generate an acceptable bid from potential purchasers, then Fannie Mae may choose to accept a bid for a sale without recourse and without selling representations and warranties. If Fannie Mae does accept a bid for a sale without recourse and without selling representations and warranties, Fannie Mae shall be entitled to an additional $3.25 million (over and above other obligations due Fannie Mae) as the agreed value to Fannie Mae for the loss of such selling representations and warranties and recourse.

2. When Fannie Mae concludes a sale of the Servicing Portfolio, the Proceeds will be paid to Fannie Mae and distributed as follows:

    a. Payment to Fannie Mae for all amounts due from the Debtors for any valid claims, including, without limitation, repurchase and make whole obligations, mortgage insurance-related amounts, foreclosure sale proceeds, technology fees, including DO® and DU® fees, any unpaid guaranty fee, plus all additional costs and expenses incurred in moving the servicing to Bank of America and for the sale of the Servicing Portfolio, including all broker fees and attorneys' fees in finalizing all contracts, and, if applicable, the $3.25 million payment due if the sale is made without recourse and without selling representations and warranties in favor of Fannie Mae;

    b. To the extent there are Proceeds remaining after payment of all amounts due Fannie Mae, payment to Bank of America, in its capacity as Administrative Agent under a certain Second Amended and Restated Credit Agreement dated as of August 10, 2006, pursuant to the terms of the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection To Certain Pre-Petition Secured Parties entered in September, 2007; and

    c. To the extent there are Proceeds remaining after payment of all amounts due Fannie Mae and Bank of America, payment to Debtors of all remaining Proceeds.

3. Upon payment of Proceeds in accordance with the above process, the releases set forth in Paragraph 8 of the Stipulation shall become effective.

4. Bank of America shall be prepared to begin servicing the Servicing Portfolio effective November 1, 2007, provided however, that an earlier transfer might be required in the event of the occurrence of an earlier event of default and Fannie Mae and the Debtors shall cooperate with Bank of America in implementing such earlier transfer, including the furnishing of necessary information and records.; and it is further

ORDERED, that this Court shall retain jurisdiction to hear any and all disputes arising out of the implementation of this Order.

Dated: Wilmington, Delaware
       Sept. 4         , 2007

Christopher S. Sontchi
United States Bankruptcy Judge