## DECLARATION OF LISA HOOD

I, LISA HOOD, declare as follows:

1. I am the President of Hileman Management Company, LLC, property manager for Lessor TPRF/THC HavenPark, LLC ("Lessor"). I make this declaration in support of the Notice of Objections and Objections of Lessor TPRF/THC HavenPark, LLC To Proposed Cure Amount. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would do so competently under oath.

2. AHM is the named Lessee under a lease with Lessor dated August 11, 2006, a true and correct copy of which is Exhibit A to this (the "HavenPark Lease"), for property located at 9680 Haven Avenue, Suite 350, Rancho Cucamonga, California (the "Leased Premises"). On August 2, 2007, Landlord caused to be personally delivered to AHM a letter captioned Notice of Default (the "Notice of Default") under the HavenPark Lease, a true and correct copy of which is Exhibit B to this Declaration. As of that date, AHM was in default under the HavenPark Lease in the sum of $18,187.38. No part of that amount has been paid to date, and September base rent in the sum of $22,944.00 has now become due as well. (A true and correct copy of the Commencement Date Letter setting forth the base rent is Exhibit C to this Declaration.)

3. On or shortly after August 11, 2007 Lessor received a letter from AHM stating that "AHM and Indymac Bank, F.S.B. ('Indymac') have entered into a license agreement dated as of August 7, 2007 (the 'License Agreement'). By the terms of the License Agreement, AHM has agreed to allow Indymac to occupy *temporarily* numerous leased offices and to use the furniture, fixtures, equipment and other office assets located at those premises." A true and correct copy of AHM's letter is Exhibit D to this Declaration. The Leased Premises were among those listed in the License Agreement.

4. Despite our concerns that we had no contract directly with Indy Mac (and for much of the time, no insurance certificate pertaining to its use of the Leased Premises),

1

1045906.1

as an accommodation, we allowed Indy Mac to use the Leased Premises during business hours (and sometimes extended hours) from August 8, 2007 through August 24, 2007. To do so, I arranged at Lessor's expense for personnel to unlock the Leased Premises each morning, then return at the end of the business day (or later, when it could be arranged) to lock the offices until morning. Upon learning that the Motions had been granted, we gave Indy Mac full access to the Leased Premises (and have continued to do so even though we have received absolutely no rent since the Notice of Default was sent).

    5. Lessor has actually incurred attorneys' fees to date in the sum of $29,747.50, which we presently are processing for payment. We have been given an estimate of an additional $2,000.00 that is expected to be incurred through the date of hearing on these Objections.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 6, 2007, at _____Ontario_____, California.

_____
LISA HOOD