## DECLARATION OF DIANE C. STANFIELD

I, DIANE C. STANFIELD, declare as follows:

1.   I am Of Counsel to Weston Benshoof Rochefort Rubalcava & MacCuish, attorneys for Lessor TPRF/THC HavenPark, LLC ("Lessor") in the above captioned matter.  I make this declaration in support of the Notice of Objections and Objections of Lessor TPRF/THC HavenPark, LLC To Proposed Cure Amount.   The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would do so competently under oath.

2.  In response to the Emergency Motion and the Assumption and Assignment Motion ("Motions"), Debtor, Lessor and Indy Mac entered into negotiations for a stipulation ("Proposed Stipulation") for the purpose of reaching an interim resolution of certain issues surrounding the License Agreement, and in an effort to provide Indy Mac full access to the Leased Premises pending entry of a Court order granting or denying the Motions.   After the initial terms were reached in a meeting between Dean G. Rallis Jr., a partner in this firm, and Debtor, I assumed the laboring oar on the drafting of the Proposed Stipulation, preparing the first draft, then coordinating changes as they were requested by any party.  The first draft of the Proposed Stipulation was sent to the Debtor and Indy Mac on August 14, 2007.  This was followed by numerous e-mails and phone calls with counsel for Debtor and for Indy Mac concerning the terms of and revisions to the Proposed Stipulation; Lessor's repeated requests for a certificate of insurance from Indy Mac; Debtor's (inaccurate) assertion that the August rent had cleared prior to filing of the Petition; Lessor's desire for a Court order authorizing the Proposed Stipulation; discussion of Indy Mac's rights pending Court approval of the License Agreement; analysis and discussion of what, if any, portions of the HavenPark Lease Indy Mac was bound to perform while "using" the Leased Premises; and a myriad of smaller, day to day matters.

1

3. The parties exchanged numerous (no fewer than six) versions of the Proposed Stipulation, right up until the day before the hearing on the Motions. Although Indy Mac ultimately executed the Proposed Stipulation on August 23, 2007 (and Lessor was prepared to do so), the Debtor has not, to date, executed the Proposed Stipulation. Despite that fact, and even though there was no Court order requiring it to do so, Lessor went to considerable trouble and took considerable risk to allow Indy Mac to use the Leased Premises during business hours from August 8, 2007 through the date the Motions were granted.

4. On August 24, 2007, I sent an e-mail to counsel for Debtor, Matthew Lunn, inquiring about the Motions. Mr. Lunn informed me that they had been granted. Despite the fact that Lessor had not yet been served with any order(s) granting the Motions, Lessor agreed to extend full access to Indy Mac the following business day.

5. On September 2, 2007, I received an electronic copy of the Corrected Cure Notice, stating the Cure Amount as to the HavenPark Lease as $0.00. In an e-mail dated September 2, 2007, Counsel for Debtor stated: "The cure amount for the Haven Park lease is currently listed as $0.00, but, as discussed earlier, the August rent check did not clear and you are intending to assert attorneys' fees as part of the cure amount. Accordingly, I realize that the cure amount currently listed is objectionable, but will work with you to determine the correct cure amount."

6. I have requested from Debtor's counsel a copy of the proposed form of the assignment to Indy Mac but have not yet received it.

7. Lessor's attorneys' fees were necessitated by Lessor's default, by Lessor's bankruptcy proceedings, and in connection with Indy Mac's use of the Premises pursuant to a purported license of Debtor even prior to the Court's Order approving it. The fees began with AHM's default in payment of the August rent, necessitating preparation of a notice of default; analysis of the bankruptcy issues upon AHM's filing of the Petition and Motions; negotiation of numerous issues and drafting of several

2

versions of the Proposed Stipulation; and efforts to accommodate Indy Mac's access to and possession of the Leased Premises while at the same time protecting the Lessor's interests. Debtor's lack of responsiveness to particular issues increased the fees in some cases; for example, Debtor's counsel stated to me repeatedly that he was attempting to obtain the amount of the License Fee that Indy Mac was paying it in connection with the HavenPark Lease for a recital in the Proposed Stipulation. Despite several requests, I never received that information.    Indeed, despite Debtor's active participation in negotiation of the Proposed Stipulation right up through the hearing on Debtor's Motions -- with no explanation whatsoever -- Debtor never executed the Proposed Stipulation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 6, 2007, at Los Angeles, California.

DIANE C. STANFIELD

3