# EXHIBIT A

## DeFalaise, Mary (CIV)

| | |
|---|---|
| **From:** | Edwards, Erin [eedwards@ycst.com] |
| **Sent:** | Friday, August 31, 2007 6:52 PM |
| **To:** | DeFalaise, Mary (CIV); Slights, Ellen (USADE) |
| **Cc:** | Peretz, Neil (CIV); Dorsey, John; Eden, Lisa |
| **Subject:** | American Home Mortgage - GNMA Discovery Responses |
| **Attachments:** | 6209185_3.DOC |



6209185_3.
DOC (95 KB)

<<6209185_3.DOC>>

Mary and Ellen,

Attached please find the Debtors' Responses to United States' First Set of Interrogatories, Requests for Admissions and Requests for Documents.
The document production will follow in 14 emails that will be identified as 1 of 14, 2 of 14 etc. In addition, we will be sending via fed-ex a CD of the entire production (bates range AHM/GM_00001 - AHM/GM_01774) for Saturday delivery (tracking number 9354 9244 6070).

Regards,

Erin D. Edwards
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-6552
Facsimile: 302-576-3471
eedwards@ycst.com

To ensure compliance with requirements imposed by the Internal Revenue Service in Circular 230 on tax practitioners, we inform you that, unless we expressly state otherwise in this communication (including any attachments), any federal tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or other matter addressed herein.
This message may contain confidential attorney-client communications or other protected information. If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it. If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message. Thank you for your cooperation.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                          : Chapter 11
                                                :
AMERICAN HOME MORTGAGE                          : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al., :
                                                : Jointly Administered
                    Debtors.                    :
---------------------------------------------------------------x

### DEBTORS' RESPONSES TO UNITED STATES' FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSIONS AND REQUESTS FOR DOCUMENTS

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure, as incorporated by Rules 7026, 7033, 7034, 7036 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the above-captioned debtors (the "Debtors") hereby submit their objections, responses, and answers to the United States', on behalf of Government National Mortgage Association ("GNMA"), First Set of Interrogatories, Requests for Admissions and Requests for Documents dated August 24, 2007 (as supplemented on August 28, 2007, the "Requests"), as follows:

### GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

A.  The Debtors object to the definitions and instructions set forth in the Requests, and the Requests themselves, to the extent they seek to impose upon the Debtors any obligations beyond those imposed by the Federal Rules of Civil Procedure (as made applicable to these proceedings by the Bankruptcy Rules), the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and any case management or other applicable order entered by the Bankruptcy Court.

B.  The Debtors object to each Request seeking information or the production of documents protected by the attorney-client privilege, attorney work product doctrine, the

common-interest privilege or any other applicable privilege, exemption, doctrine or protection from discovery. The production of any information and/or documentation by the Debtors is without waiver of any claim of privilege or confidentiality.

C. The Debtors object to the Requests to the extent that they call for the disclosure of confidential business information, confidential settlement information, or documents subject to confidentiality agreements with third parties. Any inadvertent production of such information subject to confidentiality shall not waive confidentiality.

D. The Debtors object to the Requests to the extent they are intended to harass, annoy, oppress or otherwise create an undue burden and/or expense upon the Debtors.

E. The Debtors object to each Request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

F. The Debtors object to the Requests to the extent they call for the disclosure of information or production of documents not relevant to any of the matters that will be at issue in, and are not reasonably calculated to lead to the discovery of evidence admissible at the hearing to be held in connection with the Motion.

G. The Debtors object to the Requests to the extent they state assumptions of law or fact, which the Debtors neither admit nor deny. The provisions of any response or answer to any of the Requests may not be construed as, and is not, an admission to any of the facts or legal assumptions stated in any such request. Nothing in the Debtors' responses should be construed as an admission regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization of any kind contained in the Requests.

H. The Debtors object to the Requests to the extent that any portion of any of the Requests seeks discovery of information that is equally accessible and available to GNMA or

that is already in their possession, custody or control, or available as a matter of public record, on the grounds that providing such information will impose an unnecessary burden upon the Debtors.

I. The Debtors' decision to provide responses notwithstanding the objectionable nature of any of the Requests should not be construed as a waiver of any of the general or specific objections, or a waiver of the Debtors' right to seek a protective order.

J. The objections, responses, and answers herein are made without waiver of and with specific preservation of: (i) questions and objections as to competence, relevance, materiality, privilege, and admissibility; (ii) the right to object to the use of any objection, response or answer, or any documents produced, in whole or in part, on any ground; (iii) the right to object on any ground at any time to a demand for further productions, responses, or answering involving or relating to the subject matter of the Requests; (iv) the right at any time to revise, correct, add to, or clarify any of the objections, responses, and answers propounded herein; and (v) the right to move for an appropriate protective order.

K. The Debtors object to any interrogatory to the extent it purports to require the Debtors to summarize, characterize, or provide particular information about a document. The document itself is the best evidence of its content.

L. The Debtors object to each document request to the extent that it seeks documents that are not responsive, but may be attached to a responsive document.

M. The Debtors continue to conduct a document review and reserve the right to amend this response as necessary.

N. The responses below set forth the information currently available to the Debtors, unless privileged or otherwise protected. The Debtors reserve their right to amend or

supplement each and every response set forth below should additional or different information become available.

O.  These General Objections and Reservations of Rights are incorporated by reference into the following specific objections and responses, and an objection or response by the Debtors to any instruction or Request is made without waiver of, and subject to, these General Objections and Reservations of Rights.

## INTERROGATORIES

I-1.  Identify all Persons who participated in answering or who supplied information upon which You relied in answering these interrogatories, the following request for admissions and the following document requests.

**RESPONSE:**

Theresa Chase
AVP, Investor Reporting Manager
American Home Mortgage
4600 Regent Blvd., Suite 200
Irving, TX 75063

Robert L. Love, Jr.
Vice President
Loan Sales/New Product Lines
American Home Mortgage
4600 Regent Blvd., Suite 200
Irving, TX 75063

Joel Gendron
Vice President
Case Management & Investor Reporting
American Home Mortgage
4600 Regent Blvd., Suite 200
Irving, TX 75063

Craig Pino
Executive Vice President
Treasurer
American Home Mortgage
4600 Regent Blvd., Suite 200
Irving, TX 75063

David Friedman
Executive Vice President
American Home Mortgage
4600 Regent Blvd., Suite 200
Irving, TX 75063

David Cogswell
EVP and Chief Credit Officer
American Home Mortgage
220 West Huron Street
Chicago, IL 60610

I-2. State and explain the Debtors' position with respect to the relief sought in the Motion. Specifically, please state and explain:

a. Whether You believe AHM Servicing's rights as an GNMA issuer have terminated and, if not, whether GNMA may terminate such rights under the Guaranty Agreements;
b. Whether You believe the Bankruptcy Code limits or enjoins GNMA in any way from enforcing its rights under its MBS Program;
c. Whether You believe the GNMA Portfolio is property of the Debtors' estates;
d. Whether You are obligated to turn over the Servicing Files to GNMA; and
e. Whether GNMA properly had the custodial accounts held by the Funds Custodians re-titled in the name of GNMA

**RESPONSE:** Objection. This interrogatory seeks legal conclusions and therefore is improper. Subject to, and without waiver of such objection and the General Objections and Reservations of Rights set forth above, which are incorporated by reference, the Debtors' position with respect to the Motion is that it should be denied for the reasons set forth in the Debtors' forthcoming objection thereto.

I-3. State and describe what actions, if any, the Debtors are taking or have taken to service the GNMA Portfolio since the Petition Date.

**RESPONSE:** From and after the Petition Date, AHM Servicing continued to service the loans in the same manner as it had prior to the Petition Date, which entailed, without limitation, collecting mortgage payments and remitting them to custodial accounts for principal and interest (the "P&I Accounts") and tax and insurance escrows (the "T&I Accounts" with the P&I Accounts, collectively, the "Custodial Accounts"), making tax and insurance payments ("T&I Payments") on behalf of mortgagors, making principal and interest payments ("P&I Payments") to Security Holders from the P&I Accounts, responding to borrower inquiries, and maintaining control over collection and default mitigation processes. Prior to the Petition Date, the Custodial Accounts established by AHM in trust for GNMA were re-titled in GNMA's name only. Thus, while AHM remained a signatory on these accounts, no fund transmission requests

could be honored by the Funds Custodians absent explicit consent from GNMA. In order to ensure uninterrupted servicing of the GNMA Portfolio, AHM Servicing advanced $548,588.05 from its own operating account to make due and owing T&I Payments with respect to the GNMA Portfolio. GNMA never provided authority to the Funds Custodian allowing AHM Servicing to direct funds from the T&I Accounts to the proper taxing authorities on behalf of the mortgagors. On August 24, 2007, AHM Servicing ceased advancing T&I Payments due to GNMA's refusal to reimburse such advances from the GNMA-controlled T&I Accounts.

I-4. State and explain whether the Debtors have used, transferred or otherwise controlled any of the funds held by the Funds Custodians since the Petition Date.

**RESPONSE:** Since the Petition Date, the Debtors have not transferred or used any funds from the Custodial Accounts. Prior to the Petition Date, the Custodial Accounts established by AHM Servicing in trust for GNMA were re-titled in GNMA's name only. Thus, while AHM Servicing remained a signatory on these accounts, no fund transmission requests could be honored by the Funds Custodians absent explicit consent from GNMA. To date, GNMA has never provided consent to the Funds Custodians allowing AHM to transfer funds out of the Custodial Account. From August 7, 2007 to August 24, 2007, the Debtors deposited to the Custodial Accounts on a daily basis funds collected on behalf of the GNMA Portfolio.

I-5. State and describe any payments the Debtors have made to the Security Holders since the Petition Date.

**RESPONSE:** The Debtors paid a total of $1,253.51 to GNMA I Security Holders by check. These payments were scheduled monthly remittances to GNMA I Security Holders for the month of August.

I-6. With respect to the Requests for Admission below, please Identify and explain any request in which Your response is other than "Admit."

**RESPONSE:** See responses to applicable Requests for Admission below.

## REQUESTS FOR ADMISSION

R-1. Prior to August 3, 2007, AHM Servicing was an Issuer under the GNMA MBS Program.

**RESPONSE:** Admitted.

R-2. AHM Servicing executed a "GinnieNET Form 11075" in February 2007, a true and correct copy of which is attached to the Motion as Exhibit C.

**RESPONSE:** Admitted.

R-3. After executing the "GinnieNET Form 11075" attached to the Motion as Exhibit C, AHM Servicing was bound by the standard Guaranty Agreements forms attached to the Motion as Exhibit A.

**RESPONSE:** Admitted.

R-4. AHM Servicing's audited financial statements showed a negative net income for fiscal year 2006.

**RESPONSE:** Denied as stated. American Home Mortgage Investment Corp. and its subsidiaries (including AHM Servicing, among others) produced consolidated audited financial statements in fiscal year 2006. AHM Servicing did not produce audited financial statements of its own.

R-5. The master agreements included in Exhibit J to the Motion are true and correct copies of the master agreements executed by AHM Servicing and the Funds Custodians.

**RESPONSE:** Admitted.

R-6. AHM Servicing and AHM Corp. received copies of the default letters dated August 3, 2007, attached as Exhibit K to the Motion.

**RESPONSE:** Admitted.

R-7. AHM Servicing denied GNMA representatives access to its Irving, Texas facility on August 3, 2007.

**RESPONSE:** Admitted. By way of further response, the GNMA representatives tried to prevent AHM Servicing's employees from entering the building by standing in a line in front of the door and, ultimately, had to be physically removed from the premises.

R-8. AHM Servicing has not turned over GNMA's Servicing Files.

**RESPONSE:** Admitted.

R-9. AHM Servicing did not make a payment to the GNMA I Security Holders on August 15, 2007.

**RESPONSE:** Denied in part. AHM Servicing issued checks to some GNMA I Security Holders on August 15, 2007.

R-10. AHM Servicing did not make a payment to the GNMA II Security Holders on August 20, 2007.

**RESPONSE:** Admitted.

R-11. AHM Servicing does not possess the original notes, loans or mortgage documents associated with the GNMA Portfolio.

**RESPONSE:** Denied as stated. On information and belief, the majority of the original notes, loans and mortgage documents associated with the GNMA Portfolio are held by the Funds Custodians. Given that many of the loans in the GNMA Portfolio pre-date electronic document imaging, however, AHM Servicing has a significant volume of documents in hard copy at its facilities, which the Debtors believe may include some original notes, loans and mortgages. The Debtors cannot reasonably investigate all such documents within the time frame allotted for discovery in this matter, and thus cannot admit this statement on the basis of current knowledge or readily available information.

R-12. AHM Servicing has not made any tax or insurance payments on behalf of the mortgagors in the GNMA Portfolio since the Petition Date.

**RESPONSE:** Denied. AHM Servicing made all required T&I Payments on behalf of the mortgagors in the GNMA Portfolio from the Petition Date until August 24, 2007.

R-13. AHM Servicing is not currently servicing the GNMA Portfolio.

**RESPONSE:** Denied. AHM Servicing is currently servicing the GNMA Portfolio.

R-14. AHM Servicing did not get approval from GNMA to pledge its servicing rights as security for a loan from Bank of America, the Lenders, the Warehouse Lenders, or any other private lender.

**RESPONSE:** Having made a reasonable inquiry, the Debtors have insufficient knowledge or information to admit or deny this statement.

R-15.   Bank of America, the Lenders, the Warehouse Lenders, or any other private lender do not have a pledge or assignment of the servicing rights for the GNMA Portfolio, or revenues generated therefrom.

**RESPONSE:** Denied.  The Debtors believe they pledged their GNMA Portfolio servicing rights to Bank of America.

R-16.   Prior to the Petition Date, AHM Servicing did not give GNMA advance notice that it intended, or planned, to filed for bankruptcy protection.

**RESPONSE:** Admitted.

R-17.   Prior to the Petition Date, AHM Servicing did not give GNMA advance notice that it intended to sell or transfer its right to service the GNMA Portfolio.

**RESPONSE:** Admitted.

R-18.   AHM Servicing did not give notice to GNMA that it would not have sufficient funds to make the required monthly payments to the GNMA I Security Holders on August 15, 2007.

**RESPONSE:** Objection.  This is a compound statement the Debtors can neither admit or deny because either response would imply that AHM Servicing did not have sufficient funds to make the required monthly payments to the GNMA I Security Holders on August 15, 2007.

R-19.   AHM Servicing did not give notice to GNMA that it would not have sufficient funds to make the required monthly payments to the GNMA II Security Holders on August 20, 2007.

**RESPONSE:** Objection. This is a compound statement the Debtors can neither admit or deny because either response would imply that AHM Servicing did not have sufficient funds to make the required monthly payments to the GNMA II Security Holders on August 20, 2007.

R-20. AHM Servicing received a copy of the letter dated August 3, 2007, from GNMA to AHM Servicing attached to the Motion as Exhibit K on August 3, 2007.

**RESPONSE:** Admitted.

R-21. AHM Servicing received a copy of the letter dated August 3, 2007, from GNMA to AHM Servicing attached to the Motion as Exhibit K prior to the Petition Date.

**RESPONSE:** Admitted.

R-22. AHM Corp. received a copy of the letter dated August 3, 2007, from GNMA to AHM Corp. attached to the Motion as Exhibit K on August 3, 2007.

**RESPONSE:** Admitted.

R-23. AHM Corp. received a copy of the letter dated August 3, 2007, from GNMA to AHM Corp. attached to the Motion as Exhibit K prior to the Petition Date.

**RESPONSE:** Admitted.

R-24. The letters dated August 3, 2007, attached to the Motion as Exhibit K were issued by GNMA in good faith.

**RESPONSE:** Objection. Debtors cannot possibly know the state of mind of the persons acting on behalf of GNMA in sending the letters in question; therefore, Debtors deny this Request to Admit.

R-25. The letters dated August 3, 2007, attached to the Motion as Exhibit K were not issued by GNMA arbitrarily or capriciously.

**RESPONSE:** Objection. Debtors cannot possibly know the state of mind of the persons acting on behalf of GNMA in sending the letters in question; therefore, Debtors deny this Request to Admit.

## REQUESTS FOR PRODUCTION

R-1. Any and all Documents referred to, Identified in, responsive to, corroborative of, related to, inconsistent with and/or relied upon in your answers to the foregoing interrogatories and request for admissions.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome. Subject to, and without waiver of this objection and the General Objections and Reservations of Rights that are incorporated herein by reference, the Debtors will produce non-privileged, responsive documents it is able to identify in the short period of time available for discovery in this matter. Debtors specifically reserve the right to supplement its production if and when additional documents are identified.

R-26. Any and all Documents relating to the Servicing Files.

**RESPONSE:** Objection. This request is premature. All the documents relating to the Servicing Files are the very subject of GNMA's request for turnover in the Motion. This request is also overly broad and unduly burdensome.

R-27. Any and all Documents purporting to be a pledge or an assignment of the GNMA Portfolio, or revenues generated therefrom.

**RESPONSE:** Debtors will produce non-privileged documents, if any, responsive to this request. Debtors specifically reserve the right to supplement its production if and when additional documents as identified.

R-28. Any and all Documents you intend to produce, use or introduce at the hearing on the Motion currently schedule for September 7, 2007, at 11 a.m. before the Bankruptcy Court.

**RESPONSE:** Subject to, and without waiver of the General Objections and Reservations of Rights that are incorporated herein by reference, the Debtors will produce non-privileged, responsive documents. Debtors specifically reserve the right to supplement its production if and when additional documents are identified.

Dated: August 31, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
John T. Dorsey (No. 2988)
Erin Edwards (No. 4392)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Counsel for the Debtors and Debtors-in-Possession