**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware Corporation,<br>et al.,<br><br>        Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>Jointly Administered<br><br>**Objection Deadline: September 10, 2007 at 4:00 p.m.** |

**OBJECTION OF GE CAPITAL INFORMATION TECHNOLOGY**
**SOLUTIONS, INC. D/B/A IKON FINANCIAL SERVICES TO NOTICES**
**OF SALE OF ASSETS AND NOTICES OF MUTUAL RELEASE**

GE Capital Information Technology Solutions, Inc. d/b/a IKON Financial Services

("IFS"), by and through its counsel, Reed Smith LLP, hereby objects to the Notices of Sale of

Assets and Notices of Mutual Release filed by American Home Mortgage Holdings, Inc. and

certain of its direct and indirect affiliates and subsidiaries (the "Debtors"), and in support thereof

states as follows:

**FACTUAL BACKGROUND**

1.  On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11, title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*

(the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the

"Bankruptcy Court"). The Debtors have remained in possession of their property and have

continued to operate their businesses pursuant to Sections 1107 and 1108 of the Bankruptcy

Code.

2.  On September 4, 2007, the Debtors filed approximately five (5) Notices of Sale of

Assets (the "Sale Notices").

3.    On September 4, 2007, the Debtors filed approximately four (4) Notices of Mutual Release (the "Release Notices").

4.    In the Sale Notices, the Debtors seek, among other things, to sell "the furniture, fixtures and equipment" located at certain locations.

5.    Attached to each Sale Notice is a Purchase Agreement and Bill of Sale, which contains a Schedule A.  The Schedule A attached to each Sale Notice indicates that the Debtors are selling "[a]ll furniture, fixtures, and equipment which may include but are not limited to … copiers…"

6.    Each of the Release Notices has a Release Agreement attached, which indicates that the real property leases subject to the agreement are being terminated.

7.    Each of the Release Agreements contains the following language: "[l]essor hereby acknowledges and agrees that, if necessary, it shall grant counterparties to the Lessee's equipment leases and/or their agents access to the Premises up to and including the Access Date to remove any property belonging to such counterparties."

8.    According to the Release Agreements, the Access Date for all but one of the releases was September 7, 2007, only three (3) business days after the Release Notices were filed and served.

9.    Prior to the Petition Date, IFS and the Debtors entered into several leases (the "Leases") of office equipment (the "Equipment").  A spreadsheet summarizing each of the leases between IFS and the Debtors is attached hereto as Exhibit A.  Exhibit A also provides the last know location of the Equipment, along with the serial numbers and model numbers for each piece of Equipment.

10.    IFS has attempted to contact the Debtors reqarding the location of the Equipment since August, however, IFS has not received any return calls from the Debtors.

## ARGUMENT

11.    The Sale Notices do not contain sufficient information for IFS to make a determination as to whether the Debtors intend to include any of the Equipment in the sales or whether the Debtors intend to abandon the Equipment.

12.    As stated above, IFS has leased the Equipment to the Debtors and, as such, the Debtors do not own that Equipment and do not have the authority to sell the Equipment under 11 U.S.C. § 363. IFS is the owner of such Equipment and objects to its sale and abandonment.

13.    The Release Notices also do not contain sufficient information for IFS to make a determination as to whether IFS' Equipment is located at the properties where the leases are being terminated. Although the Release Notices have a provision requiring the lessor to allow IFS access to the premises, it was only until September 7, 2007 – three (3) days after the filing and service of three of the four notices, which was not sufficient time for IFS to remove any Equipment that may have been located at those properties. In addition, IFS has attempted to contact the Debtors reqarding the location of the Equipment since August, however, IFS has not received any return calls from the Debtors.

14.    Section 365(a) provides that a "trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. Section 365(a).[1]

---

[1]    Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, a "debtor in possession" has the rights and duties of a Chapter 11 trustee. See American Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 83 n.3 (3d Cir. 1999) ("debtor in possession" is synonymous with "trustee").

15.    A trustee or debtor in possession generally has the discretion to assume or reject an executory contract or unexpired lease.  See Sharon Steel Corp. v. National Fuel Gas Dist. Corp., 872 F.2d 36, 39 (3d Cir. 1989).  When a debtor assumes an executory contract or an unexpired lease it becomes a binding obligation of the debtor's bankruptcy estate.  The debtor must cure defaults and provide adequate assurance of future performance in order to assume an executory contract or unexpired lease.  See 11 U.S.C. § 365(b)(1)(A)-(C).  If a debtor assumes a contract, it must do so *cum onere*, with all the benefits as well as the burdens.  Cinicola v. Scharffenberger, 248 F.3d 110, 119-120 (3d Cir. 2001); American Flint, 197 F.3d at 78 ; See Sharon Steel, 872 F.2d at 39; In re Italian Cook Oil Corp., 190 F.2d 994, 996-97 (3d Cir. 1951).

16.    On the other hand, a debtor may "reject" an executory contract or unexpired lease. Rejection gives rise to a remedy for breach of contract in the non-debtor party.  A rejection claim is generally treated as a pre-petition claim.  See 11 U.S.C. Sections 365(g) and 502(g).

17.    Whether a debtor assumes or rejects an executory contract, it must do so in its "entirety."  See, e.g., Cinicola, 248 F.3d at 119-120.

18.    A debtor may not "cherry pick" the benefits and shirk the obligations under the contract.  Pieco, Inc. v. Atlantic Computer Sys., Inc. (In re Atlantic Computer Sys., Inc.), 173 B.R. 844, 849 (S.D.N.Y. 1994).

19.    Notice of a real property lease termination is not sufficient.  The Debtors cannot ask IFS to pick-up individual pieces of Equipment one at a time at various locations and still keep the Leases in effect.

20.    If the Debtors no longer need the Equipment, the proper course of action would be to reject the Leases and return the Equipment to IFS.  In the alternative, the Debtors could also assume the Leases, cure the arrearages owed under the Leases and assign the Leases to a

third party.  A sale or abandonment of the underlying Equipment or the piecemeal return of individual pieces of Equipment, however, is not an appropriate course of action for the Debtors to take nor is it permissible under the Bankruptcy Code.

21.    As the Debtors are rapidly rejecting and selling leases via notices and motions that do not contain adequate information for IFS to determine if the Debtors are seeking to sell or abandon the Equipment, IFS demands that the Debtors provide current information as to the location of each of the pieces of Equipment on Exhibit A.

WHEREFORE, IFS respectfully requests that the Court (i) deny the relief request in the Sale Notices and Release Notices with respect to IFS and the Equipment, (ii) require the Debtors to provide specific information to IFS regarding the location of the Equipment; (iii) require the Debtors to provide IFS with assurances that the equipment being sold or abandoned is not IFS' Equipment, (iv) require the Debtos to provide IFS with assurances that none of the Equipment is at the real property where the leases are being terminated, and (v) grant such other and further relief as is just and proper.

Dated: September 10, 2007              REED SMITH LLP
       Wilmington, Delaware

                                    By:    /s/ *Kimberly E.C. Lawson*
                                           Kimberly E.C. Lawson (No. 3966)
                                           1201 Market Street, Suite 1500
                                           Wilmington, DE  19801
                                           Telephone: (302) 778-7500
                                           Facsimile: (302) 778-7575
                                           Email: klawson@reedsmith.com

                                           Counsel for GE Capital Information
                                           Technology Solutions, Inc. d/b/a IKON
                                           Financial Services