## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, *et al.*, | ) | (Jointly Administered) |
| | ) | **Objections Due: 9/10/07 at 4:00 p.m.** |
| Debtors. | ) | **Hearing Date: 9/17/07 at 12:00 p.m.** |
| | ) | **Related to Docket No. 510** |

### OBJECTION OF INLAND US MANAGEMENT, LLC TO SECOND MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO ABANDON CERTAIN FURNITURE, FIXTURES AND EQUIPMENT

Inland US Management, LLC ("Inland"), by and through its undersigned counsel, hereby objects to the *Second Motion for an Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases and to Abandon Certain Furniture, Fixtures and Equipment* ("Motion"), and in support thereof, respectfully states as follows:

1. On August 6, 2007 ("Petition Date"), each of the above-captioned debtors ("Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Inland, as managing agent for Inland Western Bradenton, L.L.C., as assigned, as landlord, and the Debtors, as tenant, are parties to an unexpired lease of non-residential real property ("Lease") for premises located in the Beachway Plaza Shopping Center in Bradenton, Florida ("Leased Premises").

3. On August 31, 2007, the Debtors filed the Motion in which they seek authority to (a) reject the Lease, effective as of August 31, 2007 ("Proposed Rejection Date"), (b) reject certain equipment leases, and (c) abandon furniture, fixtures and equipment at the Leased Premises. The Lease is identified on Exhibit A to the Motion; however, it does not appear that any equipment leases subject to the Motion are identified.

4. In the Motion, the Debtors state that the Proposed Rejection Date is warranted because the Debtors (a) sent rejection letters to landlords via overnight mail on or about August 30, 2007, in which they unequivocally surrendered the leased premises and property and made equipment available, (b) filed and served the Motion on the effected counterparties notifying them of the planned rejection, and (c) returned the keys to the leased premises to landlords when such keys were in the possession of the Debtors.

5. As of the date of this objection, Inland has not received a letter from the Debtors notifying Inland of the Debtors' intent to reject the Lease, nor has Inland received the keys to the Leased Premises from the Debtors.[1] Moreover, on Friday, September 7, 2007, Debbie Bieger of Inland was contacted by Sherry Jay, a representative of the Debtors, who advised Ms. Bieger that the Debtors had authorized a third party (identified as "Beacon") to remove certain files and equipment from the Leased Premises and that such third party would be contacting Inland in the future for access to the Leased Premises.

---

[1] On August 28, 2007, Inland did receive a letter from the Debtors dated August 27, 2007, which advised Inland that the Debtors had authorized Office Furniture Outlet and ABE Office Furniture Superstore to remove certain assets from the Leased Premises. *See* <u>Exhibit A</u> attached hereto. The letter, however, does not include any reference to the rejection of the Lease by the Debtors, nor did the letter include the keys to the Leased Premises.

6. Inland objects to the rejection of the Lease effective as of the Proposed Rejection Date because the Debtors have not unequivocally surrendered possession of the Leased Premises to Inland. The Debtors did not advise Inland of their intent to reject the Lease prior to the filing of the Motion, and the Debtors have not returned keys to the Leased Premises to Inland. Additionally, based on the communication from the Debtors to Inland on Friday, September 7, 2007, it appears that some of the Debtors' personal property remains at the Premises, and that the Debtors or their agent still intend to use the Leased Premises for some period of time.

7. The Debtors should not be permitted to reject the Lease as of the Proposed Rejection Date and continue to store non-abandoned personal property at the Leased Premises. The Lease should only be deemed rejected as of the date by which the Debtors unequivocally surrender possession of the Leased Premises to Inland by returning the keys to Inland, and by removing or abandoning all personal property that remains at the Leased Premises.

8. Inland also objects to the proposed form of order that accompanies the Motion because it only authorizes, but does not require the Debtors to abandon personal property at the Leased Premises. As detailed above, the Debtors' personal property appears to remain at the Leased Premises. To the extent the Debtors seek to reject the Lease, the Debtors must be required to either remove or abandon any personal property at the Leased Premises prior to the rejection of the Lease. Inland must have full and free access to the Leased Premises after the Lease is rejected, which includes the ability to dispose of the personal property without any potential liability to the Debtors or third parties.

9. Accordingly, any order that is entered approving the rejection of the Lease and the abandonment of personal property by the Debtors must require the Debtors to remove and/or abandon all personal property at the Leased Premises prior to the effective date of rejection of the Lease, and must provide Inland with sufficient protection from claims of third parties with respect to property that is abandoned by the Debtors. Inland respectfully submits that the proposed order should be modified to provide that "(a) any and all furniture, fixtures, equipment, inventory and/or any other personal property remaining on leased premises after the rejection date is abandoned to the landlords free and clear of all liens, claims, interests, and encumbrances, and that the landlords, in their sole discretion and without further notice, are authorized to dispose of any such property without liability to the Debtors or to any other person or entity claiming an interest in such property."

WHEREFORE, Inland respectfully requests that the Court enter an order that denies the Motion or modifies the proposed form of order as consistent with the objections raised herein. Inland further respectfully requests that the Court grant it such further and additional relief as the Court may deem just and proper.

Dated: September 10, 2007                CONNOLLY BOVE LODGE & HUTZ LLP

                                         _____
                                         Karen C. Bifferato (No. 3279)
                                         Christina M. Thompson (No. 3976)
                                         The Nemours Building
                                         1007 N. Orange Street
                                         P.O. Box 2207
                                         Wilmington, Delaware 19801
                                         (302) 658-9141
                                         *Attorneys for Inland US Management, LLC*

#563131