IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
In re:                                              Chapter 11
                                                    Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                              (Jointly Administered)
HOLDINGS, INC., *et al.*,
                                                    **Related Docket No. 562**
                Debtors.                            **Hearing Date: September 17, 2007**
---------------------------------------------------x **Objection Deadline: September 10, 2007**

### DE LAGE LANDEN FINANCIAL SERVICES, INC.'S LIMITED OBJECTION TO THE DEBTORS' NOTICE OF SALE OF ASSETS WITH RESPECT TO THE 116 DEFENSE WAY, ANNAPOLIS, MARYLAND LOCATION

TO:   HONORABLE CHRISTOPHER S. SONTCHI
      UNITED STATES BANKRUPTCY JUDGE;

De Lage Landen Financial Services, Inc. ("De Lage Landen"), by its attorneys, Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP, and Duane Morris LLP as and for its limited objection (the "Limited Objection") to American Home Mortgage Holdings, Inc. and certain of its direct and indirect affiliates and subsidiaries', the debtors and debtors in possession in the above cases (collectively, the "Debtors"), to the Notice of Sale of Assets with respect to the 116 Defense Way, Annapolis, Maryland location.

1.    On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11, title 11 of the United States Code (the "Bankruptcy Code").

2.    On or about September 4, 2007, the Debtors filed the Notice of Sale of Assets (the "Notice") with respect to the 116 Defense Way, Annapolis, Maryland location.

3.    Pursuant to the Notice, the Debtors have identified the location of the furniture, fixtures and equipment (the "FFE") that it intends to sell, however, the Debtors have not specifically described the FFE that are contemplated in this transaction.

4.  De Lage Landen is an equipment lessor and prior to the Petition Date, the Debtors entered into approximately two-hundred fifty (250) equipment leases with De Lage Landen (the "Leases"). Pursuant to the terms of the Leases, the Debtors were required to maintain De Lage Landen's equipment (the "Leased Equipment") at the stated locations identified in each of the particular leases.

5.  De Lage Landen has not received any notices from the Debtors that any of the Leased Equipment has been removed from its designated equipment location. Further, De Lage Landen has not consented to any change of any of the Leased Equipment's designated locations, as identified within each of the particular leases.

6.  Although De Lage Landen has no evidence to suggest any of the Leased Equipment was moved from its designated location, De Lage Landen is concerned that prior to and/or after the filing of these bankruptcy cases, the Leased Equipment may have been removed from the designated locations to the Debtors' other locations. Given the vague and general description of what personal property is being sold pursuant to the Notice, it is unclear whether any of De Lage Landen's Leased Equipment is subject to the proposed sale.

7.  In order to determine whether the Leased Equipment is part of the proposed sale, De Lage Landen must be provided with a more detailed description of the equipment that is the subject of the sale contemplated in the Notice.

8.  The Leased Equipment is De Lage Landen's property and the Debtors do not own any of the Leased Equipment and do not have title to convey to any potential buyer. See *In re R.L. Larson,* 128 B.R. 257, 262 (Bankr.D.N.D. 1990) ("... [equipment] leases... do not convey ownership interest to the debtors, but merely a leasehold interest which is a cognizable interest under section 541 [of the Bankruptcy Code]".

DM3\563776.1

9.  Accordingly, De Lage Landen submits this Limited Objection as it is unclear whether the Notice contemplates the sale of its Leased Equipment and therefore De Lage Landen respectfully requests that the Debtors provide De Lage Landen with the exact description of the FFE being sold pursuant to the Notice and De Lage Landen reserves all of its rights, including the right to further object to any attempted sale of its Leased Equipment.

Dated: September 10, 2007
Wilmington, DE

**DUANE MORRIS LLP**

Frederick B. Rosner (DE 3995)
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 657-4900

- and -

**PLATZER, SWERGOLD, KARLIN, LEVINE GOLDBERG & JASLOW, LLP**
Scott K. Levine, Esq.
Evan Salan, Esq.
Teresa Sadutto, Esq.
1065 Avenue of the Americas, 18th Floor
New York, New York 10018

*Counsel for De Lage Landen Financial Services, Inc.*

DM3\563776.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:

AMERICAN HOME MORTGAGE
HOLDINGS, INC., *et al.*,

                Debtors.

------------------------------------------------------------x

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)

## CERTIFICATE OF SERVICE

I, Frederick B. Rosner, hereby certify that on the 10th day of September, 2007, I served a copy of *De Lage Landen Financial Services, Inc.'s Limited Objection to the Debtors' Notice of Proposed Assumption and Assignment and Sale of Assets with Respect to the 116 Defense Way, Annapolis, Maryland Location* upon the parties listed below in the manner indicated:

*Facsimile*
Kenneth J. Enos, Esquire
Young Conaway Stargatt & Taylor
1000 West Street, 17th Floor
Wilmington, DE 19801
*(Counsel to the Debtors)*

                    **DUANE MORRIS LLP**

                    /s/
                    Frederick B. Rosner (DE 3995)
                    1100 North Market Street, Suite 1200
                    Wilmington, DE 19801