## IN THE UNITED STATE BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:

AMERICAN HOME MORTGAGE, INC.,
A Delaware Corporation, et al.

Debtors.

----------------------------------------------------X

Chapter 11 Case

Case No. 07-11047 (CSS)

Objection Deadline: September 10, 2007
Hearing Date: September 17, 2007

Related to Doc # 510

## DE LAGE LANDEN FINANCIAL SERVICES, INC.'S LIMITED OBJECTION TO THE DEBTORS' SECOND MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO ABANDON CERTAIN FURNITURE AND EQUIPMENT

### TO THE HONORABLE, CHRISTOPHER S. SONTCHI
### UNITED STATES BANKRUPTCY JUDGE:

De Lage Landen Financial Services, Inc. ("De Lage Landen"), by its attorneys, Platzer, Swergold, Karlin, Levine, Goldberg, & Jaslow, LLP, and Duane Morris LLP hereby submits its limited objection ("Objection") to the Debtors' motion ("Motion") for a order allowing the Debtors to retro-actively reject certain equipment leases, and abandon the leased equipment at certain locations.

### RELIEF SOUGHT BY THE DEBTORS

1.      American Home Mortgage Holdings, Inc. (the "Debtor") and certain of its direct and indirect affiliates and subsidiaries', the debtors and debtors in possession in the above cases (collectively, the "Debtors") seek within their Motion (Doc # 510) pursuant to 11 U.S.C. §§ 105, 365 and 554 of Title 11 of the United States Code (the

"Bankruptcy Code"), the Bankruptcy Court's order allowing the Debtors to: (1) reject certain nonresidential real property leases ("Office Leases") identified in Debtors' Exhibit A annexed to the Debtors' Motion; (2) retroactively reject all of the Debtors' unexpired equipment leases, other than those equipment leases relating to property at locations specifically identified on Exhibit B annexed to the Debtors' Motion, (collectively the "Rejected Equipment Leases"); and (3) abandon any remaining equipment located at premises that are subject to the Office Leases.

## GENERAL STATEMENT OF OBJECTION TO RELIEF SOUGHT

2.     The Debtors have not identified what specific Equipment Leases are being rejected or what specific Leased Equipment is being abandoned by the Debtors. Instead, the Debtors seek to reject all equipment leases, with the exception of and with respect to certain real property locations that may contain some leased equipment, which are listed on Debtors' Exhibit B.

3.     Debtors' choice to use real property locations as a means to define what equipment leases are being rejected, instead of a specific description of the equipment lease to be rejected and leased equipment to be abandoned by the Debtors, is legally insufficient since only the Debtors know for sure where the leased equipment is actually located at, given the Debtors' physical control over the leased equipment.

## BACKGROUND

4.     On August 6, 2007 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11, the Bankruptcy Code.

## I. The Leases

5.      Prior to the Petition Date, various Debtors, as lessee[1], entered into approximately two-hundred fifty (250) equipment leases ("Leases") with De Lage Landen for the lease of various pieces of equipment ("Leased Equipment"), as described within the Leases and which generally consists of, but not limited to, facsimile machines, photocopier machines, postal/mail machines, and computer printers and which were required by the terms of each of relevant leases, to be located at the locations (collectively, the "Equipment Locations") designated within each of the Leases. A List of the Leases is annexed hereto as Exhibit A.

### a. **Lease # 24521762**

6.      Prior to the Petition Date, the Debtor and De Lage Landen entered into a equipment lease, bearing the lease number 24521762 ("Lease # 24521762") for the lease of seventy-one (71) pieces of equipment (collectively the "Lease # 24521762 Equipment").  A list of the Lease # 24521762 Equipment listed by its designated Equipment locations is annexed hereto as "Exhibit B".  A copy of Lease # 24521762 is annexed hereto as "Exhibit C".

7.      The Lease # 24521762 Equipment consists of equipment with locations in the following states: Washington, California, Colorado, Texas, Oregon, Nevada, Illinois, Florida, Arizona and Utah.  As per Lease # 24521762, the Lease # 24521762 Equipment is located at the following locations:

17744 Sky Park Circle, Irvine, CA 92614 (the "Sky Park, Irvine Location")
1060 Maitland Center, Maitland, FL 32751 (the "Maitland Location")
1201 SE 8th Street, Bellevue, WA 98004
1180 Iron Point Road,  Folsom, CA 95630 (the "Folsom Location")

---

[1]American Mortgage Holdings, Inc.; First Home Mortgage Corp.; and M Team Financial

DM3\563721.1

1500 W. Shaw Avenue, Fresno, CA 93711 (the "Fresno Location")
4004 Kruse Way, Lake Oswego, OR 97035 (the "Lake Oswego Location")
420 Commerce Court, Lisle, IL 60532
480 N.Sam Houston PKWY E, Houston, TX 77060 (the "Houston Location")
5010 Shorham PL, San Diego, CA 92122 (the "San Diego Location")
5505 South 900 East, Salt Lake City, UT 84117
6455 S. Yosemite Street, Greenwood Village , CO 8011 (the "Greenwood Village Location")
 6480 Spring Mountain Road, Las Vegas, NV 89146 (the "Las Vegas Location")    7310 N 16th Street, Phoenix, AZ 85020 (the "Phoenix Location")
75 Rowland Way, Novato, CA 94945 (the "Novato Location")

8.     As stated within the Debtors' Motion and Debtors' Exhibit B, the Debtors

seek to reject all equipment leases, except the Debtors do not intend to reject Leases

with respect to the locations, including the Sky Park, Irvine Location listed on Debtors'

Exhibit B, as those "location[s] contain equipment subject to leases not being rejected".

 As such, the Debtors seek to reject  Lease # 24521762, but does not intend to reject

the very same lease with regard to the Sky Park, Irvine Location.

9.     Despite being an Equipment Location for some of the Lease # 24521762

Equipment, the Debtors' motion and Exhibit A does not mention or provide landlord

information for the following equipment locations:

1201 SE 8th Street, Bellevue, WA 98004
420 Commerce Court, Lisle, IL 60532
5505 South 900 East, Salt Lake City, UT 84117

If the Debtors intend to reject any of the Leases with respect to these Equipment

Locations, it is requested that the Debtors provide De Lage Landen with landlord

contact information, so it may arrange for its repossession.

### b. Lease # 24538618

DM3\563721.1

10.      Prior to the Petition Date, the Debtor, American Home Mortgage, and De Lage Landen, entered in an equipment lease, bearing the lease number 24538618 ("Lease # 24538618") for the lease of ten pieces of equipment (the "Lease # 24538618 Equipment").  A list of the Lease # 24538618 Equipment listed by its designated Equipment Locations is annexed hereto as "Exhibit D".  A copy of Lease # 24538618 is annexed hereto as "Exhibit E.

11.      As stated in Lease # 24538618, and the records kept by De Lage Landen, the Lease # 24538618 Equipment is located at the following locations:

1180 Iron Point Road,  Folsom, CA 95630 (the "Folsom Location")
4004 Kruse Way, Lake Oswego, OR 97035 (the "Lake Oswego Location")
5151 Beltine Rd, Dallas, TX 75254 (the "Dallas Location")

12.      As stated within the Debtors' Motion and Debtors' Exhibit B, the Debtors seek to reject all equipment leases, except the Debtors do not intend to reject Leases with respect to the locations, including the Dallas Location, listed on Debtors' Exhibit B, as those "location[s] contain equipment subject to leases not being rejected".   As such, the Debtors seek to reject  Lease # 24538618, but does not intend to reject the very same lease with regard to the Dallas Location.

### c. Lease # 24663648

13.      Prior to the Petition Date, the Debtor, American Home Mortgage and De Lage Landen, entered in an equipment lease, bearing the lease number 24663648 ("Lease #  24663648") for the lease of numerous pieces of equipment (the "Lease # 24663648 Equipment"). A list of the Lease # 24663648 Equipment listed by its designated Equipment Locations is annexed hereto as "Exhibit F".  A copy of Lease #

24663648 is annexed hereto as "Exhibit G".

14.    As stated in Lease # 24663648, and the records kept by De Lage

Landen, the Lease # 24538618 Equipment is located at the following locations:

1060 Maitland CTR Commons, Longwood, Fl
115 River Road, Edgewater, NJ
2411 N. Oak Street, Myrtle Beach, SC
45 Braintree Hill Park, Braintreet, MA
4th Fl Thmoas McCambridge 520 I, Melville, NY
520 Broadhollow RD, Melville, NY
538 Broadhollow RD, Melville, NY ("538 Broadhollow Rd location")
600 Jefferson St, Rockville, MD
700 Veterans memorial Hwy Ste, Hauppauge, New York
7100 Commerce Way, Brentwood, TN
7365 Merchant Court, Sarasota, FL

15.    As stated within the Debtors' Motion and Debtors' Exhibit B, the Debtors

seek to reject all equipment leases, except the Debtors do not intend to reject Leases

with respect to the locations, including the 538 Broadhollow Rd Location, listed on

Debtors' Exhibit B, as those "location[s] contain equipment subject to leases not being

rejected".   As such, the Debtors seek to reject  Lease # 24663648, but does not intend

to reject the very same lease with regard to the 538 Broadhollow Rd Location.

16.    Despite being equipment locations for some of the Lease # 24663648

Equipment, the Debtors' motion and Exhibit A does not mention the following

equipment locations:

1060 Maitland CTR Commons, Longwood, Fl
2411 N. Oak Street, Myrtle Beach, SC
45 Braintree Hill Park, Braintreet, MA

DM3\563721.1

4th Fl Thomas McCambridge 520 I, Melville, NY

600 Jefferson St, Rockville, MD


If the Debtors intend to reject any of the Leases with respect to these Equipment Locations, it is requested that the Debtors provide De Lage Landen with landlord contact information, so it may arrange for its repossession.

### d. **Lease # 24815937**

17.    Prior to the Petition Date, the Debtor, American Home Mortgage, and De Lage Landen, entered in an equipment lease, bearing the lease number 24815937 ("Lease #  24815937") for the lease of four pieces of equipment (the "Lease # 24815937 Equipment"). A list of the Lease #  24815937 Equipment listed by its designated Equipment Locations is annexed as "Exhibit H".  A copy of Lease # 24815937 is annexed hereto as "Exhibit I".

18.    As stated in Lease #  24815937, and the records kept by De Lage Landen, the Lease #  24815937 Equipment is located at the following locations:

400 Skoie Blvd, Ste 110, Northbrook, IL (the "Skokie Location")

1375 E. Woodfield  RD, Schaumburg, IL

19.    As stated within the Debtors' Motion and Debtors' Exhibit B, the Debtors seek to reject all equipment leases, except the Debtors do not intend to reject Leases with respect to the locations, including the Skokie Location, listed on Debtors' Exhibit B, as those "location[s] contain equipment subject to leases not being rejected".   As such, the Debtors seek to reject  Lease # 24815937, but does not intend to reject the very same lease with regard to the Skokie Location.

20.    Despite being equipment locations for some of the Lease # 24815937

Equipment, the Debtors' motion and Exhibit A does not mention or provide any landlord information for 1375 E. Woodfield RD, Schaumburg IL location. If the Debtors intend to reject any of the Leases with respect the 1375 E. Woodfield RD, Schaumburg, IL, it is requested that the Debtors provide De Lage Landen with landlord contact information for that location, so it may arrange for the equipment's repossession.

## DE LAGE LANDEN'S LIMITED  OBJECTION TO THE PROPOSED LEASE REJECTION STATED WITHIN THE DEBTORS' MOTION

### I. The Debtors's Motion does not state in any particular and specific manner what equipment leases are being rejected by the Debtors.

21.    De Lage Landen objects to the Debtors' Motion, in part, because the Debtors' Motion does not state specifically what equipment leases are being rejected. Debtors' Motion seeks to reject all Equipment Leases, except with respect to those " [real property] locations containing equipment subject to leases" listed in Debtor's Exhibit B.  Debtors' Motion and Exhibit B does not state which pieces of Leased Equipment are in fact located at the locations listed on Debtors' Exhibit B.  Until the Debtors list the specific Leases the Debtors intend to reject, De Lage Landen has no actual way of knowing for sure which of the Leases are being rejected, since the Debtors' Motion and Exhibit B does not even state what Leased Equipment is actually located at the Exhibit B locations.

22.    As stated above, De Lage Landen is an equipment lessor and prior to the Petition Date, the Debtors entered into approximately two-hundred fifty (250) equipment Leases with De Lage Landen.  Pursuant to the terms of these Leases, the Debtors were required to maintain De Lage Landen's Leased Equipment at the stated locations

identified in each of the particular leases.

      23.    De Lage Landen has not received any notice from the Debtors that any of the Leased Equipment has been removed from its designated equipment location. Further, De Lage Landen has not consented to any change of any of the Leased Equipment's designated locations, as identified within each of the particular leases.

      24.    Although De Lage Landen has no evidence to suggest any of the Leased Equipment was moved from its designated location, De Lage Landen is concerned that prior to and/or after the filing of these bankruptcy cases, the Leased Equipment may have been removed from the designated locations to the Debtors' other locations.

      25.    The Debtors have not stated what specific Leases are being rejected. Additionally, although the Debtors, as per the Motion, intend to reject all equipment leases, except with respect to those locations stated in Debtors' Exhibit B, the Debtors have not stated what Leased Equipment is actually located at the Exhibit B locations or any other location. Since this information has not been provided,  it is unclear what actual Leases are being rejected by the Debtors.

      26.    In order to determine which of De Lage Landen's Leases are being rejected, De Lage Landen must be provided with a more detailed description of the Leases the Debtors intend to reject.

      27.    Therefore, De Lage Landen respectfully requests that the Debtors provide De Lage Landen with the exact description of the Leases the Debtors intend to reject and De Lage Landen reserves all of its rights, including the right to further object to any attempted rejection and/or abandonment of any of the Leased Equipment.


**II. The Debtors' should not be allowed to abandon any of the Leased Equipment**

DM3\563721.1

**without first providing the applicable landlord contact information for each
location where the Leased Equipment is actually located at.**

28.     In light of De Lage Landen's ownership interest in the Leased Equipment,

De Lage Landen is concerned that the Debtors may just abandon the Leased

Equipment without making any provisions for the return of the abandoned Leased

Equipment to De Lage Landen.  If the Debtors are authorized to abandon any of the

Leased Equipment, the Debtors should be required to provide for the protection and

return of the Leased Equipment, since mere abandonment may cause the Leased

Equipment's loss, damage or theft.

29.     The Debtors' Motion fails to make any provision for the return or the

surrender of any abandoned Leased Equipment to De Lage Landen. Pursuant to

Paragraph nine of the master lease agreement, for example, the Debtor is required at

the end of the lease term to " . . .   return the [Leased] Equipment to [De Lage Landen],

freight and insurance prepaid."

30.     Debtors' Motion fails to provide complete landlord contact information by

which De Lage Landen could use in its repossession efforts. Debtors' Motion does not

include any telephone numbers or contact names for any of the real property locations,

listed in Debtors' Exhibit A.

31.     Further, Debtors' Exhibit A and Motion does <u>not</u> provide a complete list of

landlords for all the real property locations that are Equipment Locations, designated

within each of the Leases.

32.     For example and with respect to Lease # 24521762,  the Debtors' motion

and Exhibit A does not mention or provide landlord information for the following

Lease # 24521762 Equipment Locations:

1201 SE 8th Street, Bellevue, WA 98004
420 Commerce Court, Lisle, IL 60532
5505 South 900 East, Salt Lake City, UT 84117

33.    With respect to Lease # 24663648,  the Debtors' motion and Exhibit A

does not mention or provide landlord information for the following Lease # 24663648

Equipment Locations:

1060 Maitland CTR Commons, Longwood, Fl
2411 N. Oak Street, Myrtle Beach, SC
45 Braintree Hill Park, Braintreet, MA
4th Fl Thomas McCambridge 520 I, Melville, NY
600 Jefferson St, Rockville, MD

34.    With respect to Lease # 24815937,  the Debtors' motion and Exhibit A

does not mention or provide landlord information for the Lease # 24815937 Equipment
Location of 1375 E. Woodfield  RD, Schaumburg, IL 60173.

35.    If the Debtors intend to reject any of the Leases, it is requested that the

Debtors, at the very least, provide De Lage Landen with landlord contact information for
all the rejected Lease and Equipment Locations, so repossession of the Leased
Equipment can be arranged, and to further co-operate and help to ensure that the
rejected Leased Equipment is not lost, stolen or damaged, as a result of the Debtors
Lease rejection.

## III. The Debtors cannot partially reject any of the Leases with respect to only some of the leased equipment or lease provisions.

36.    The Debtors' proposed partial rejection with respect to some of the

Equipment Locations listed in Lease # 24521762, Lease # 24538618, Lease #

24663648 and Lease # 24815937 is not allowed under the Bankruptcy Code.

37.    As represented within the Debtors' Motion, the Debtors intend to reject

part of Lease # 24521762, by proposing to reject Lease # 2451762 with respect to the

Lease # 24521762 Equipment located at most of the the locations[2] listed above in

Paragraph 5, <u>except</u> that the Debtors <u>do not</u> intend to reject the very same lease with

regard to the Sky Park Irvine Location.

    38.    As represented within the Debtors' Motion, the Debtors intend to reject

---

[2] 17744 Sky Park Circle, Irvine, CA 92614 (the "Sky Park, Irvine Location"); 1060 Maitland Center, Maitland, FL 32751 (the "Maitland Location");1201 SE 8th Street, Bellevue, WA 98004; 1180 Iron Point Road, Folsom, CA 95630 (the "Folsom Location"); 1500 W. Shaw Avenue , Fresno, CA 93711 (the "Fresno Location"); 4004 Kruse Way, Lake Oswego, OR 97035 (the "Lake Oswego Location");420 Commerce Court, Lisle, IL 60532; 480 N.Sam Houston PKWY E, Houston, TX 77060 (the "Houston Location"); 5010 Shorham PL, San Diego, CA 92122 (the "San Diego Location") 5505 South 900 East, Salt Lake City, UT 84117; 6455 S. Yosemite Street, Greenwood VIlla , CO 8011 (the "Greenwood Village Location"); 6480 Spring Mountain Road, Las Vegas, NV 89146 (the "Las Vegas Location")    7310 N 16th Street, Phoenix, AZ 85020 (the "Phoenix Location"); 75 Rowland Way, Novato, CA 94945 (the "Novato Location")

DM3\563721.1

part of Lease # 24538618, by proposing to reject Lease # 24538618 with respect to the Lease # 24538618 Equipment located at the Folsom Location[3] and the Lake Oswego Location[4], except that the Debtors do not intend to reject the very same lease with regard to the Dallas Location[5]

39.    As represented within the Debtors' Motion, the Debtors intend to reject part of Lease # 24663648, by proposing to reject Lease # 24663648 with respect to the Lease # 24663648 Equipment located at all the locations[6] listed above in Paragraph 12, except that the Debtors do not intend to reject the very same lease with regard to the 538 Broadhollow Rd location[7].

40.    As represented within the Debtors' Motion, the Debtors intend to reject part of Lease # 24815937, by proposing to reject Lease # 24815937 with respect to the Lease # 24815937 Equipment located at 1375 E. Woodfield  RD, Schaumburg, IL, except that the Debtors do not intend to reject the very same lease with regard to the Skokie Location[8].

---

[3] 1180 Iron Point Road,  Folsom, CA 95630

[4] 4004 Kruse Way, Lake Oswego, OR 97035

[5] 5151 Beltine Rd, Dallas, TX 75254

[6] 1060 Maitland CTR Commons, Longwood, Fl ; 115 River Road, Edgewater, NJ; 2411 N. Oak Street, Myrtle Beach, SC; 45 Braintree Hill Park, Braintreet, MA; 4th Fl Thmoas McCambridge 520 I, Melville, NY; 520 Broadhollow RD, Melville, NY; 600 Jefferson St, Rockville, MD ; 700 Veterans memorial Hwy Ste, Hauppauge, New York ; 7100 Commerce Way, Brentwood, TN; 7365 Merchant Court, Sarasota, FL;

[7] 538 Broadhollow RD, Melville, NY ("538 Broadhollow Rd location")

[8] 400 Skoie Blvd, Ste 110, Northbrook, IL (the "Skokie Location")

41.    Section 365(d)(2) of the Bankruptcy Code states in relevant part as follows:

> "In a case under chapter 9, 11, 12 or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of . . . personal property of the debtor at any time before confirmation of a plan . . . "

42.    The Bankruptcy Code does <u>not</u> authorize Debtors to partially reject a lease with respect to only some portion or parts of a lease and with respect to only some of the Leased Equipment that the Debtors may wish to reject as to, while ignoring the remaining Leased Equipment that is subject to the very same lease. The Debtors cannot "cherry-pick" those portions of Lease # 24521762, Lease # 24538618, Lease # 24663648 or Lease # 24815937, the Debtors want to assume without rejecting those Leases in their entirety. See <u>In re Aneco electrical Construction, Inc</u>, 2005 WL 3750364 (M.D.Fla, 2005)("It is fundamental that an 'executory contract may not be assumed in part and rejected in part." )(citing <i>In re Yates Development, Inc</i>, 241 B.R. 247, 252 [Bankr. M.D. Fla, 1999] ); <u>In re Holland Enterprises</u>, 25 B.R. 301, 303 (E.D.N.C, 1982)("It is axiomatic that an assumed contract under 365 is accompanied by all its provisions and conditions. Similarly, an executory contract or unexpired lease must be rejected <i>in toto</i> [in the whole; completely]. To hold otherwise, would construe the bankruptcy law as providing a debtor in bankruptcy with greater rights and powers under a contract then the debtor had outside of the bankruptcy.")[9].

---

[9] See also <u>In re The Leslie Fay Companies, Inc.</u>, 166 B.R. 802, 808 (Bankr. S.D.N.Y., 1994)("An executory contract can not be assumed in part and rejected in part."); <u>In re Cajun Elec. Power Co-op., Inc.</u>, 230 B.R. 693, 710 (Bankr M.D.La., 1999)("The trustee must either assume the entire contract, cum onere, or reject the entire contract, shedding obligations as well as benefits."); <u>In re Three Star Telecast, Inc.</u>, 73 B.R 270, 274 (Bankr., D.P.R, 1987)(If the debtor in possession opts to assume, it must assume

the contract in its <u>entirety</u>, cure all defaults  . . . ")(emphasis added); <u>In re Winn-Dixie Stores, Inc.</u>, 345 B.R.402, 405-406 (Bankr. M.D.F.L, 2006)("If Debtor chooses to assume the Lease, Winn-Dixie must assume it in its <u>entirety</u>, cure the default . . . ")(emphasis added).

43.    The Debtors' proposed partial rejection with respect to some Equipment Locations is <u>not allowed and is without  authority</u> under the Bankruptcy Code. The Bankruptcy Code does not allow the Debtors to pick and choose which part of the Leases  it may reject, since each of the Leases are each a single agreement and contract, and each Lease does not comprise of severable or a divisible contracts under non-bankruptcy law with respect to any part of the Lease, including the rental amounts due under each Lease or the Leased Equipment that is subject to each of the Leases[10].

44.     Further, the Debtors have not proposed to De Lage Landen any written modification of any of the Leases for De Lage Landen's consideration that could provide as a lease modification, with respect to any portion or specific pieces of the leased equipment and to the monthly rental amounts due under any of the Lease. The Debtors do not have the right or power to unilaterally change any provision or part of Leases.

## IV. Giving a retro active effect to the Debtors's lease rejection would be contrary to the statutory requirements governing the right to reject a lease under the Bankruptcy Code.

45.    The Debtors have failed to state any valid reason why the rejection date of the Leases should be any date other than the date the Court may issue an order approving Debtors' Lease rejection, if the Court were so inclined.

46.     The mere fact that it may take the Court time to hear the Debtor's

---

[10] See <u>In re Wolfin Oil, LLC</u>, 318 B.R. 392, 397 (Bankr. N.D. Tex, 2004)("Where a lease or contract 'contains several different agreements, and the lease or contract can be severed under applicable non-bankruptcy law, section 365 allows for the assumption or rejection of severable portions of the lease or contract." )

DM3\563721.1

rejection motion, after proper statutory notice is provided to the affective parties, is not cause to give the Debtor's Lease rejection any retroactive effect. [11]

47.    Debtors August 31, 2007 "Rejection Letter" (the "August 31 Letter") does not justify giving the Debtors proposed Lease rejection any retro active effect.  Debtors' conduct alone cannot serve as a means of rejection of a Lease.  Just as the Debtor's conduct alone would not serve as a means to assume a lease without first making an application before the Court for a lease assumption, Debtors' conduct by sending a letter indicating the Debtors' intention that it "will" be filing a motion for an order approving rejection of certain vaguely specified Leases, was not an effective means to reject any of the Leases under the Bankruptcy Code. [12]  Nor did the Debtors' August 31 Letter specifically identify the Leases to be rejected or provide De Lage Landen, or any equipment lessor, with any landlord contact information, which could be used to make arrangements for repossession of any of the Leased Equipment.

48.    While Bankruptcy Code Section 365(a) allows the Debtors to reject

---

[11] In re Federated Department Stores, 131 B.R. at 815 (" [a]s a general rule, the party seeking relief in any court must bear the risk that the court may not reach a decision as quickly as the party expected or desired.")

[12] In re Chandel Enterprise, Inc. 64 B.R.607 (Bankr. C.D. California, 1986)(Unexpired lease of nonresidential real property could not be assumed by Chapter 11 debtor in possession by any conduct short of timely formal motion); In re Treat Fitness Center, Inc., 60 BR 878, 880 (9th Cir., 1986)( "...a proceeding to assume or reject an executory contract or unexpired lease is governed by Bankruptcy Rule 9014 which in turn states that relief shall be requested by motion and reasonable notice and opportunity for a hearing shall be afforded to the opposing party. To not follow these rather explicit rules would be to lead us back into the morass of attempting to judge the meaning and import of the conduct and conversations of the parties"); Sea Harvest Corporation, 868 F.2d 1077 ( 9th Cir. 1989)

unexpired leases, the Debtors' power to reject any unexpired lease is subject to the Court's approval [13]. The Debtor's application for an order giving retro active effect to the Debtors' Lease rejection, simply ignores the Court's judicial role and discretion concerning the Court's condition precedent approval of a debtor's rejection of an unexpired lease, as well as the relevant statutory language of the Bankruptcy Code.[14]

    49.    The Debtor's invitation to the Court to adopt an interpretation of 11

---

[13] 11 U.S.C. § 365(a) states as follows: "Except as provided in section 765 and 766 of this title and in subsection (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."

[14] Revco D.S., Inc. 109 B.R. 264, 267 (Bankr. N.D.OH, 1989)( Debtor's rejection of a Sublease did not occur on the date debtor gave sub-lessee notice of its intention to reject the Sublease, but was deemed rejected on the date the court issued its order approving the rejection after notice and a hearing was had; "The requirement of express Court approval in order to reject an executory contract or unexpired Lease under section 365(a) is well supported by case law"); National Oil Co., 80 B.R. 525, 526 (Bankr. D. Colo, 1987( "The plain, unequivocal language of section 365(a) indicates that court approval is required before a lease can be rejected"); In re Swiss Hot Dog Company, 72 B.R. 569, 570, 571(D. CO, 1987) ("the trustee or debtor-in-possession may not ...unilaterally assume a lease"; "By attempting to present the bankruptcy court with a *fait accomplia*, [debtor] violated section 365(a)'s clear mandate of court approval"; prior approval is required, "otherwise the requirement would be little more than a rubber stamp."); In re 1 Potato 2, Inc., 182 540, 54 (Bankr.D. MN, 1995 ( when § 365(a) is read in conjunction with § 365(d)(3), rejection of a lease is not effective until the court approves the rejection.); In re Compuadd Corporation, 166 B.R. 862 (Bankr., W.D. TX, 1994)(Under 11 U.S.C. 365(a), lease rejection occurs upon the "earlier of the court order approving the rejection or the passage of sixty days from the petition date by virtue of § 365(d)(3)."); In re Four Star Pizza, Inc., 135 B.R. 498 (Bankr., W.D. PA, 1992) (the issuance of the court order approving the rejection of a lease "is a condition precedent to effective rejection of the lease by the debtor", even where the debtor vacated the premises); In re Garfinckels, Inc., 118 B.R. 154 (Bankr., DC, 1990)(bankruptcy court's approval of debtor's rejection is necessary before the lease rejection may be effective, and was not effective on the earlier date when the debtor delivered notice of its intention to reject the lease); In re Appliance Stores, Inc., 148 B.R. 226 (W.D. PA, 1992) (effective date of Debtor's rejection of a shopping center lease occurred when the Court issued order approving rejection of the lease and not the earlier date the premises were vacated.); In re Worths Stores Corp., 130 B.R. 531 (Bankr. E.D.MO , 1991)( effective date of debtor's rejection of a lease was the date on which the Court entered its order approving such rejection, rather than the date pre-petition the debtor vacated the premises); In re Federated Department Stores, Inc., 131 B.R. 808, 815 (S.D. OH, Eastern District, 1991)(" ...the effective date of rejection for the purposes of 11 U.S.C. § 365(d) was the date of the bankruptcy court's order approving the rejection..." under 365(a).); In re Paul Harris Stores, Inc., (S.D, IN, 1992)

U.S.C. § 365(a) allowing for Debtors' lease rejection to be given a retro active effect based on the Debtors' August 31 Letter, would be contrary to the interpretation reached by the majority of the courts that have grasped the issues concerning 11 U.S.C. § 365(a) and its relationship with the notice and hearing requirements found within Bankruptcy Rule 9014[15], which are designed to protect parties of interest, such as Relational.

50.    The mere act of sending a letter indicating that the Debtors will be filing a motion for an order approving the Debtors rejection of the Debtors leases does not constitute a lease rejection. To claim otherwise would be to negate the statutory requirement  that after notice and a hearing, only the Court's order can approve a lease rejection. Without the Court's prior order there is no lease rejection in actuality, especially since the Debtors retained their leasehold interest in the Leased Equipment up to and until the Court approves the Debtors intention to reject any of the Leases.

## V. **The Debtors have failed to pay the post-petition amounts due under the Leases**

---

[15] Bankruptcy Rule 9014 provides in relevant part, as follows: "In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for a hearing shall be afforded the party against whom relief is sought."; See National Oil Co., 80 B.R. 525, 526 (Bankr. D. CO, 1987)( "Section 365 and the accompanying Bankruptcy Rules are designed to provide a degree of factual certainty in determining the actual date of rejection. Moreover the requirements of notice and opportunity for a hearing under the bankruptcy Rule 9014 provide the creditors and the court with an opportunity to examine the efficacy of a debtor's decision to reject a lease under the guidelines of the business judgment test. It may be, on certain occasions, that a debtor's decision to reject an unexpired lease would not be in the best interest of the estate or the creditors, and the requirement of court approval operates as a safeguard to protect against a unilateral decision by the debtor that could be prejudicial to the creditors"); Revco D.S., Inc. 109 B.R. 264, 268 (Bankr. N.D.OH, 1989); In re Tobago Bay Trading Company, 142 B.R. 528, 532 (Bankr. N.D.GA, Atlanta Div., 1991)(debtor's pre-petition abandonment and surrender nor the post petition filing of a  motion to reject the lease " effected a rejection", since the "weight of authority,..., holds that a lease is not rejected until the court grants a debtor's motion", )

DM3\563721.1

51.    The Debtors have failed to pay the amounts due under the Leases, post-

petition. Whatever date the Court determines is the effective rejection date for any of
the Leases, the Debtors should be required to pay the amounts due under the Leases,
post-petition, through and including said effective date, to De Lage Landen as an
administrative expense.

**WHEREFORE,** it is respectfully requested that the Court deny the Debtors'

Motion with respect to the proposed partial lease rejection, the proposed retro-active

effect to the Debtors' proposed Lease rejection, and direct the Debtors to pay the post-

petition amounts due under the Leases and provide a complete list of Leases the

Debtors intend to reject, as well as landlord contact information concerning for such

rejected Leases,  together with such other and further relief the Court finds just and

proper.

Dated: September 10, 2007
         Wilmington, Delaware

**DUANE MORRIS LLP**

/s/ Frederick B. Rosner
Frederick B. Rosner (DE 3995)
1100 N. Market Street, Suite 1200
Wilmington, DE 19801
Telephone:  302.657.4900

- and -

**PLATZER, SWERGOLD, KARLIN, LEVINE
GOLDBERG & JASLOW, LLP**

Scott K. Levine, Esq.
Evan Salan, Esq.
Teresa Sadutto, Esq.
1065 Avenue of the Americas, 18th Floor
New York, New York  10018

*Counsel for De Lage Landen Financial Services, Inc.*