IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------x
In re:                                              : Chapter 11
                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,              : Case No. 07-11047(CSS)
a Delaware corporation, et al.,                     :
                                                    : Jointly Administered
          Debtors.                                  : Hearing Date September 17, 2007
                                                    : Doc. Ref. Nos. 510 & 518
---------------------------------------------------------------------x

**LIMITED OBJECTION OF STWB, INC. TO DEBTORS' SECOND
MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105, 365, AND
554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006
AND 6007, AUTHORIZING THE DEBTORS TO REJECT CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO
ABANDON CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT
[Docket No. 510, as modified by Docket No. 518]**

STWB, Inc. ("**Landlord**"), through the undersigned counsel, in response to **(A)** Debtor's Second Motion for an Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing The Debtors To Reject Certain Executory Contracts and Unexpired Leases And To Abandon Certain Furniture, Fixtures, and Equipment [Docket No. 510] (the "**Initial Motion**") and **(B)** Notice of Filing of Supplement to Exhibit A to Second Motion for an Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing The Debtors To Reject Certain Executory Contracts and Unexpired Leases And To Abandon Certain Furniture,

1

Fixtures, and Equipment (collectively, the **"Motion to Reject"**), respectfully states as follows:

## Introductory Statement

1. Landlord subleases to American Home Mortgage Corp. ("Debtor") certain office space pursuant to the sublease described in Paragraph 4 below (the **"Sublease"**).

2. Landlord objects to the relief requested in the Motion to Reject *only to the extent* that it (a) incorrectly identifies the Landlord and the subleased premises, and (b) *retroactively* rejects such sublease to August 31, 2007 (Par. 14 of the Initial Motion) and (c) eliminates, modifies, limits or otherwise compromises Landlord's rights with respect to such sublease, including but not limited to Landlord's rights under Sections 365, 502, and 503 of the Bankruptcy Code.

3. As a general matter, Landlord does not object to the rejection of the Sublease. However, any order authorizing such rejection should:

> (a) refer to the landlord as "STWB Inc." and to the leased space as "25th floor, 90 Park Avenue, New York, New York"; and
>
> (b) order Debtor to pay Landlord all rent and additional rent through the later of the date (i) an order is actually entered rejecting the Sublease, and (ii) Debtor surrenders the keys to the Subleased Premises to STWB Inc. and delivers the Subleased Premises to STWB Inc. in vacant condition, and
>
> (c) provide that such order does not eliminate, modify, or limit Landlord's statutory rights, including but not limited to its rights under Sections 363, 502 and/or 503 of Bankruptcy Code.

## Factual Background

4. Landlord subleases to Debtor the 25th floor of 90 Park Avenue, New York, New York pursuant to a Sublease, dated August 25, 2006, between Landlord and Debtor (the **"Subleased Premises"** and the **"Sublease,"** respectively). The Sublease was signed by SmithKline Beecham PLC as agent for STWB Inc. (the Landlord). The Sublease is guaranteed by American Home Mortgage Investment Corp.

5. On or about August 6, 2007, Debtor and certain of its affiliates and subsidiaries (collectively, the **"Debtors"**) filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

6. On or about August 15, 2007, Debtors filed a motion requesting this Court to enter an order authorizing the implementation of expedited procedures to effectuate the assumption and assignment of certain designated real property leases (Docket no. 183),[1] which motion was corrected the following day, among other things, to include the Subleased Premises in the list of office leases covered by the motion [Docket no. 190][2] (collectively, the **"Assumption Procedures Motion"**). At the hearing on the motion, the Subleased Premises were withdrawn by Debtor from the list of properties covered by the motion.

---

[1] Debtor's Motion for an Order, Pursuant to Sections 105, 363, 365 and 554 of the Bankruptcy Code, Establishing Procedures for the (I) Assumption and Assignment of Real Property Leases and/or Other Executory Contracts and (II) Sale or Abandonment of Furniture, Fixtures and Equipment Located Therein [Docket No. 183].

[2] Notice of Filing of Corrected Exhibit A to Motion for an Order, Pursuant to Sections 105, 363, 365 and 554 of the Bankruptcy Code, Establishing Procedures for the (I) Assumption and Assignment of Real Property Leases and/or Other Executory Contracts and (II) Sale or Abandonment of Furniture, Fixtures and Equipment Located Therein [Docket No. 190].

3

7. On or about August 30, 2007 and August 31, 2007, Debtor filed the Motion to Reject, under which the Debtor seeks an order of this Court "authorizing the Debtors to: (1) reject certain unexpired nonresidential real property leases identified on Exhibit A (collectively, the "Office Leases"); …and (3) abandon any property remaining at the premises subject to the Office Leases including, but not limited to, furniture, fixtures and equipment (collectively, the "FF&E")." Debtors seek to have the rejection authorized "effective as of August 31, 2007." Initial Motion, Par. 14. The hearing date for the motion is September 17, 2007.

8. The Subleased Premises are included in the property leases covered by the Motion to Reject, although the landlord is incorrectly identified as "SmithKline Beecham, PLC c/o Joes Lang LaSalle Americas, INc." and the Subleased Premises are incorrectly identified as "90 Park Avenue … New York … NY … 10016." STWB Inc. is the actual landlord (SmithKline Beecham PLC only signed the Sublease as STWB Inc.'s agent); and the premises actually subleased consist of the 25th floor of 90 Park Avenue, New York, New York (not the entire building).

9. Debtor has not paid either the August or September 2007 rent for the Subleased Premises. A copy of the September 2007 rent bill is annexed hereto as Exhibit 1. The amount due for September is $70,597.86.

## Rejection of Lease

10. Debtor requests this Court to issue an order authorizing retroactive rejection of the Sublease as of August 31, 2007. The Initial Motion was filed on or about August 30, 2007, and the hearing date of the Motion for Rejection is scheduled for September 17, 2007.

11. Section 365(a) of the Bankruptcy Code provides that the debtor may, subject to court approval, assume or reject its leases. Bankruptcy Rule 6006 provides that a proceeding to assume or reject an unexpired lease is governed by Bankruptcy Rule 9014, which in turn requires notice and a hearing.

12. It is established law that rejection is not effective until approved by the Court. Section 365(a) of the Bankruptcy Code:

> Requires two distinct actions, one by the trustee [or debtor-in-possession] and one by the court. The trustee is to assume or reject, and the court is to approve or disapprove. Therefore, under Section 365(a), rejection of an unexpired lease *can be accomplished only by an order of the bankruptcy court.*
> [Emphasis added]

*In Re Arizona Appetito's Stores, Inc.*, 893 F.2d 216 (9th Cir. 1990). *See also, In Re Thinking Machines*, 67 F.3d 1021 (1st Cir. 1995); *In Re: Revco D.S., Inc.*, 109 B.R. 264 (Bankr. N.D. Ohio 1989); *In Re Worths Stores Corp.*, 130 B.R. 531 (Bankr. E.D. Mo. 1991); *In Re Federated Department Stores, Inc., et al.*, 131 B.R. 808 (S.D. Ohio, 1991); *In Re Paul Harris Stores, Inc., et al.*, 148 B.R.

307 (S.D.Ind. 1992); *In Re 1 Potato 2, Inc.*, 182 B.R.540 (Bankr. D.Minn. 1995); *In Re Appliance Store, Inc.*, 148 B.R.234 (Bankr. W.D.Pa. 1992); *In Re Valley Steel Products Co., Inc.*, 147 B.R. 168 (Bankr. E.D.Mo. 1992); *In Re D'Lites of America, Inc.*, 86 B.R. 299 (Bankr. N.D.Ga. 1988); *In Re Garfinckel's, Inc.*, 118 B.R. 154 (Bankr. D.C. 1990); and *In Re Virginia Packaging Supply Co., Inc.*, 122 B.R. 491 (Bankr. E.D.Va. 1990).

13.    In *Federated, supra*, the debtor filed a motion on July 23, 1990 to reject the subject lease as of October 3, 1990. The bankruptcy court held a hearing on August 1, 1990, but did not issue its order granting the motion to reject until January 28, 1991. The order granting the motion was made retroactive to October 3, 1990. On appeal, the District Court reversed the bankruptcy court, citing the *Revco* and *Worths* decisions, and stating that:

> [t]o set the effective date of rejection earlier than the order approving it would put the lessor in an unfairly awkward position even though the debtor in possession may already have left the premises and may no longer be paying rent, the lessor would be ill-advised to relet the property because the court may not approve the rejection.

14. To allow retroactive rejection is to defeat Congress' intent to ensure that landlords receive rent for the period after the filing of the petition and prior to actual rejection. Congress enacted §365(d)(3) to assure landlords that rent would be paid while debtors considered whether to assume or reject a lease. As was stated in In re Pacific-Atlantic Trading Co., 27 F.3d 401 (9th Cir. 1994):

> Section 365(d)(3) was added to the Bankruptcy Code by the Bankruptcy Amendments and Federal Judgeship Act of 1984 ...
>
> Prior to these amendments, the Code did not require the trustee to timely perform its obligations under a nonresidential lease or to provide a specific time for assumption or rejection of the lease. ... The pertinent part of the legislative history indicates that the statute was enacted to ameliorate the immediate financial burden borne by Lessors of nonresidential property during the period in which trustees decided whether to assume a lease: [The second] problem is that during the time the debtor has vacated space but has not yet decided whether to assume or reject the lease, the trustee has stopped making payments due under the lease. ... In this situation, the landlord is forced to provide current services – the use of its property ... without current payment. No other creditor is put in this position ...The bill would lessen these problems by requiring the trustee to perform all the obligations of the debtor under a lease of nonresidential real property at the time required in the lease. This timely performance requirement will insure that debtor-tenants pay their rent, common area, and other charges on time pending the trustee's assumption or rejection of the lease.

Citing 130 Cong. Rec. S8894-95 (daily ed. June 29, 1984) (remarks of Senator Hatch).

15. Until an order is entered authorizing rejection, any action taken to dispose of the debtor's property, to improve the space for showing to prospective tenants, and to show the property, is taken at the landlord's peril. Certainly, the landlord cannot sign a new lease for the debtor's space until an order is entered rejecting the lease. Highlighting the uncertainty in this case is the fact that (a) the Sublease was originally slated to be assumed (as evidenced by the Assumption Procedures Motion); (b) in August Debtor requested Landlord to help The Staubach Company gain access to the Subleased Premises; (see <u>Exhibit 2</u> annexed hereto); and (c) the keys for the

7

Subleased Premises have not been turned over Landlord. Nothing in the filing of the Motion to Reject gives the Landlord certainty that the Sublease will in fact be rejected. Debtor can at any time prior to entry of the order authorizing rejection, change its mind and seek to assume the Sublease.

16. The long and short of this is that the Debtor timed its bankruptcy filing so it would not have to pay rent as an administrative expense for the month of August although it had no intention of giving up the space at that time, and it now wishes to retroactively reject the Sublease as of August 31 so it does not have to pay rent for September, notwithstanding the fact that Debtor retains the keys to the Subleased Premises, the Subleased Premises were originally slated for assumption, the hearing on the motion is not scheduled until September 17, 2007, and Landlord has no assurance that the Sublease will actually be rejected until an order is entered rejecting the Sublease. Further, during this entire period of uncertainty, although Debtor has not paid rent to Landlord, Landlord must pay rent to its Overlandlord, the building owner, or be in default of its lease for the Subleased Premises.

<u>Post-Petition Payment of Rent</u>

17. The Debtor's request for retroactive rejection of the Sublease is a blatant attempt to circumvent the protections carefully created by Congress for the protection of landlords. Section 365(d)(3) requires the Debtor to timely comply with its obligations under the Sublease from the date of filing

of the petition (in August) through the date of rejection, which has not yet occurred.

18. Debtor is under an absolute statutory obligation to **immediately** satisfy any and all rent and lease obligations pursuant to §365(d)(3) of the Bankruptcy Code. Section 365(d)(3) requires rent to be timely paid when due, even if it will cover a period of time after the lease is rejected. *See Ha-Lo Indus v. CenterPoint Props. Trust*, 342 F.3d 794 (7th Cir. 2003); *Koenig Sporting Goods, Inc. v. Morse road Co. (In re Koenig sporting Goods, Inc.)* 203 F.3d 986 (6th Cir. 2000).

21. The Third Circuit, in *In re Montgomery Ward Holding Corp.*, 268 F.3d 205 (3rd Cir. 2001), held that where a bankruptcy filing was made on July 7, 1997, the lease expired by its terms of September 1, 1997, and landlord billed on July 11, 1997, in accordance with the lease, the first half of 1996 real estate taxes, the estimated payment due for the second half of the 1996 real estate taxes, and the estimated payment for the real estate taxes due with respect to 1997 [through September 1, 1997], the landlord was entitled to recover all such amounts, stating that §365(d)(3)'s mandate to the trustee to comply with lease obligations arising after the bankruptcy order and before rejection, requires the trustee to pay when the obligations become legally enforceable.

20. The September rent, in the amount of $70,597.86, became due on September 1, 2007. Accordingly, the Landlord is entitled under §365(d)(3)

9

to immediate payment of the September rent, regardless of the status of Debtor's motion to reject.

### Abandonment of Furniture, Fixtures, and Equipment

21. The Debtors' request to abandon furniture, fixtures and equipment ("FFE") does not address the costs associated with the disposition of such items if they are abandoned, potentially leaving Landlord burdened with the cost of storing or disposing of the abandoned items. That cost constitutes part of the Landlord's lease termination damages. Accordingly, Landlord respectfully requests that any order issued by the Court allowing such abandonment does not preclude Landlord from claiming as part of its lease termination damages the costs incurred by Landlord in disposing of the FFE.

22. Landlord reserves the right to supplement and/or amend this response. Landlord further reserves all rights if Debtors reject the Sublease.

### Conclusion

To the extent the Motion to Reject misidentifies Landlord and the Subleased Premises, the Motion to Reject should be corrected to identify the landlord as STWB Inc. and the leased premises as the 25th floor of 90 Park Avenue, New York, New York.

To the extent this Court is requested to authorize rejection of the Sublease, Landlord respectfully requests this Court to order such rejection effective as of the date of entry of the Order and to order Debtor to pay

Landlord all rent and additional rent through the later of the date (i) an order is actually entered rejecting the Sublease, and (ii) Debtor surrenders the keys to the Subleased Premises to STWB and delivers the Subleased Premises to Landlord in vacant condition.

Landlord further requests this Court to provide in any order that such order does not eliminate, modify, or limit Landlord's statutory rights, including but not limited to its rights under Sections 363, 502 and/or 503 of Bankruptcy Code.

Dated   September 10, 2007

                                DUANE MORRIS LLP

                                */s/ Michael R. Lastowski*
                                Michael R. Lastowski (DE 3892)
                                Frederick B. Rosner (DE 3995)
                                1100 North Market Street, Suite 1200
                                Wilmington, DE 19801
                                (302) 657-4900

                            - and –

                                SCHOEMAN, UPDIKE & KAUFMAN, LLP
                                Nancy Connery
                                60 East 42nd Street
                                New York, New York 10165
                                (212) 661-5030

                                *Counsel to STWB, Inc.*