IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------x

In re:

AMERICAN HOME MORTGAGE
HOLDINGS, INC., *et al.,*

                  Debtors.

--------------------------------------------------------x

Chapter 11
Case No. 07-11047 (CSS)
(Jointly Administered)

**Related Docket No. 559**
**Hearing Date:  September 17, 2007**
**Objection Deadline: September 10, 2007**

### DE LAGE LANDEN FINANCIAL SERVICES, INC.'S LIMITED OBJECTION TO THE DEBTORS' NOTICE OF SALE OF ASSETS WITH RESPECT TO THE 1600 N. COALTER STREET, STAUNTON, VIRGINIA LOCATION

TO:    HONORABLE CHRISTOPHER S. SONTCHI
       UNITED STATES BANKRUPTCY JUDGE;

       De Lage Landen Financial Services, Inc. ("De Lage Landen"), by its attorneys, Platzer,

Swergold, Karlin, Levine, Goldberg & Jaslow, LLP, and Duane Morris LLP as and for its

limited objection (the "Limited Objection") to American Home Mortgage Holdings, Inc. and

certain of its direct and indirect affiliates and subsidiaries', the debtors and debtors in possession

in the above cases (collectively, the "Debtors"), to the Notice of Sale of Assets with respect to

the 1600 N. Coalter Street, Staunton, Virginia location.

       1.     On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this

Court a voluntary petition for relief under chapter 11, title 11 of the United States Code (the

"Bankruptcy Code").

       2.     On or about September 4, 2007, the Debtors filed the Notice of Sale of Assets (the

"Notice") with respect to the 1600 N. Coalter Street, Staunton, Virginia location.

       3.     Pursuant to the Notice, the Debtors have identified the location of the furniture,

fixtures and equipment (the "FFE") that it intends to sell,  however, the Debtors have not

specifically described the FFE that are contemplated in this transaction.

DM3\563784.1

4.      De Lage Landen is an equipment lessor and prior to the Petition Date, the Debtors

entered into approximately two-hundred fifty (250) equipment leases with De Lage Landen (the

"Leases").  Pursuant to the terms of the Leases, the Debtors were required to maintain De Lage

Landen's equipment (the "Leased Equipment") at the stated locations identified in each of the

particular leases.

5.      De Lage Landen has not received any notices from the Debtors that any of the

Leased Equipment has been removed from its designated equipment location.  Further, De Lage

Landen has not consented to any change of any of the Leased Equipment's designated locations,

as identified within each of the particular leases.

6.      Although De Lage Landen has no evidence to suggest any of the Leased

Equipment was moved from its designated location, De Lage Landen is concerned that prior to

and/or after the filing of these bankruptcy cases, the Leased Equipment may have been removed

from the designated locations to the Debtors' other locations.  Given the vague and general

description of what personal property is being sold pursuant to the Notice, it is unclear whether

any of De Lage Landen's Leased Equipment is subject to the proposed sale.

7.      In order to determine whether the Leased Equipment is part of the proposed sale,

De Lage Landen must be provided with a more detailed description of the equipment that is the

subject of the sale contemplated in the Notice.

8.      The Leased Equipment is De Lage Landen's property and the Debtors do not own

any of the Leased Equipment and do not have title to convey to any potential buyer.  See *In re*

*R.L. Larson,* 128 B.R. 257, 262 (Bankr.D.N.D. 1990) ("... [equipment] leases... do not convey

ownership interest to the debtors, but merely a leasehold interest which is a cognizable interest

under section 541 [of the Bankruptcy Code]".

9.    Accordingly, De Lage Landen submits this Limited Objection as it is unclear whether the Notice contemplates the sale of its Leased Equipment and therefore De Lage Landen respectfully requests that the Debtors provide De Lage Landen with the exact description of the FFE being sold pursuant to the Notice and De Lage Landen reserves all of its rights, including the right to further object to any attempted sale of its Leased Equipment.

Dated: September 10, 2007          **DUANE MORRIS LLP**
       Wilmington, DE

_____
Frederick B. Rosner (DE 3995)
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 657-4900

- and -

**PLATZER, SWERGOLD, KARLIN, LEVINE
GOLDBERG & JASLOW, LLP**
Scott K. Levine, Esq.
Evan Salan, Esq.
Teresa Sadutto, Esq.
1065 Avenue of the Americas, 18th Floor
New York, New York  10018

_Counsel for De Lage Landen Financial Services, Inc._

DM3\563784.1

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

In re:

AMERICAN HOME MORTGAGE
HOLDINGS, INC., *et al.,*

Debtors.

-------------------------------------------------------------x

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)

## CERTIFICATE OF SERVICE

I, Frederick B. Rosner, hereby certify that on the 10th day of September, 2007, I served a

copy of *De Lage Landen Financial Services, Inc.'s Limited Objection to the Debtors' Notice of*

*Proposed Assumption and Assignment and Sale of Assets with Respect to the 1600 N. Coalter*

*Street, Staunton, Virginia Location* upon the parties listed below in the manner indicated:

> ***Facsimile***
> Kenneth J. Enos, Esquire
> Young Conaway Stargatt & Taylor
> 1000 West Street, 17th Floor
> Wilmington, DE 19801
> *(Counsel to the Debtors)*

DUANE MORRIS LLP

/ S /
_____
Frederick B. Rosner (DE 3995)
1100 North Market Street, Suite 1200
Wilmington, DE 19801

DM3\563784.1