IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------------------- x
In re:                                          :   Chapter 11
                                                :
AMERICAN HOME MORTGAGE                          :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1] :
                                                :   Jointly Administered
                              Debtors.          :
--------------------------------------------------------------- x   Ref. Docket No. ____
```

**SUPPLEMENTAL AFFIDAVIT OF TODD HENDRICKS IN SUPPORT
OF APPLICATION FOR ORDER PURSUANT TO SECTION 327(e) OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014
APPROVING THE RETENTION AND EMPLOYMENT OF
NORTHWEST TRUSTEE SERVICES, INC. AS FORECLOSURE
PROFESSIONALS FOR THE DEBTORS *NUNC PRO
TUNC* TO THE PETITION DATE**

Todd Hendricks being duly sworn, deposes and says:

1.          I am a Assistant Vice President of Northwest Trustee Services, Inc.

("Northwest Trustee" or the "Company"), 3535 Factoria Blvd. S.E. Suite #200, Bellevue,

Washington 98006. This supplemental affidavit (the "Supplemental Affidavit") is

submitted in support of the Application for Order Pursuant to Section 327(e) of the

Bankruptcy Code and Bankruptcy Rule 2014 Approving the Retention and Employment

of Northwest Trustee Services, Inc. as Foreclosure Professionals for the Debtors, *Nunc*

*Pro Tunc* to the Petition Date (the "Application").

---

[1]          The Debtors in these cases, along with the last four digits of each Debtor's federal tax
identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American
Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home
Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home
Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage
Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM
Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc.
("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York
corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York
11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

2.　　On August 17, 2007, Northwest Trustee filed its initial Affidavit of Todd Hendricks in Support of Application for Order Pursuant to Section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014 Approving the Retention and Employment of Northwest Trustee Services, Inc. as Foreclosure Professionals for the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 231] (the "Initial Affidavit").

3.　　As set forth in the Initial Affidavit, Northwest Trustee has conducted a series of searches in its database to determine whether they or any affiliate had any relationships with various Interested Parties (as defined in the Initial Affidavit).

4.　　The Office of the United States Trustee raised certain issues with respect to the Application and the disclosures in the Initial Affidavit.

5.　　This Supplemental Affidavit clarifies certain connections of Northwest Trustee with firms and vendors identified within the Initial Affidavit. As set forth more fully below, Northwest Trustee is disinterested within the meaning of 11 U.S.C. § 101(14), and neither holds nor represents any interest adverse to the above-captioned debtors and debtors in possession (collectively the "Debtors") or their estates.

6.　　Northwest Trustee Services, Inc. is related by overlapping ownership to Routh Crabtree Olsen, P.S. ("Routh Crabtree"), FEI, LLC and Northwest Title, LLC, dba First American Title Company of Kittitas County, as follows:

A.　　Stephen D. Routh owns a majority interest in Northwest Trustee Services, Inc.;

B.　　Stephen D. Routh owns a majority interest in the law firm of Routh Crabtree;

C.　　Stephen D. Routh owns a 50% interest in FEI, LLC; and

D.　　Stephen D. Routh owns a 30% interest in Northwest Title, LLC, dba First American Title Company of Kittitas County.

7.      No Routh Crabtree fees or costs are included in or appear on
Northwest Trustee Services, Inc. invoices to any client, including the Debtors. No
Northwest Trustee Services, Inc. fees or costs are included in or appear on Routh
Crabtree invoices to any client, including the Debtors. The Debtors are seeking to retain
Routh Crabtree through their Motion for an Order Pursuant to Sections 105(a), 327, 328,
and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment
of Professionals Utilized in the Ordinary Course of the Debtors' Business *Nunc Pro Tunc*
to Petition Date [Docket No. 192].

8.      When not otherwise direct by its clients, Northwest Trustee refers
certain necessary vendor functions to FEI, LLC. FEI is a company that provides posting,
publication and foreclosure postponement/sale crying services to foreclosure trustees
throughout the West. The great majority of nonjudicial deed of trust foreclosures in the
West employ the services of posting and publication companies. FEI's overlapping
ownership affiliation with Northwest Trustee is discussed in Paragraph 6 above. FEI
performs three statutorily required functions for foreclosure trustees in the foreclosure
process: a. Posting or personally serving foreclosure notices as required by statute; b.
Arranging publication of foreclosure notices as required by statute; and c. Conducting or
postponing foreclosure sale auctions in the manner required by statute. For each service,
FEI charges the trustee a fee that is in the market range charged by all competing posting
and publication companies. Approximately one-half of FEI's revenue is derived from
orders placed by Northwest Trustee. The remaining half is derived from orders placed by
other foreclosure trustees. FEI's pricing does not discriminate between Northwest and
Trustee and its other competing trustee clients. FEI charges Northwest Trustee the same

amount for each service that FEI charges its other customers. FEI will never charge

Northwest Trustee a different amount for a service than it charges other trustee clients

with which it has no overlapping ownership affiliation. FEI has the distinction of being

the only posting and publication company that Freddie Mac requires trustees to use to

post foreclosure notices on Freddie Mac foreclosures in Washington. Upon client

request, Northwest Trustee directs its posting and publication work to competitors of FEI.

To my knowledge, only one, small volume client of Northwest Trustee has made such a

request. FEI's invoices are paid by Northwest Trustee and those charges, representing

charges for services completing statutorily-required events in the foreclosure process,

appear as reimbursable costs on Northwest Trustee's invoices to its servicer clients.

        9.    When not otherwise directed by its clients, Northwest Trustee

places orders for foreclosure title reports with Northwest Title, LLC, dba First American

Title Company of Kittitas County ("FirstAm"). Trustees conducting nonjudicial deed of

trust foreclosures in most of the Western states cannot commence foreclosure until they

know the identity of the property's owner and the identity of all persons having or

claiming a record interest in the subject property. On behalf of foreclosure trustees,

including Northwest Trustee, FirstAm orders foreclosure title reports from local agents.

FirstAm monitors their performance and follows up with them to keep the process

flowing so that the foreclosure does not get hung up or lost in the cracks at the local title

agent level. Speed and accuracy in the foreclosure process is vital to the cost-effective

and efficient realization of a lender's security interest. Delays or errors by the local title

agency at the beginning of the process can be a huge source of loss to the servicer and

investor. In the states in which Northwest Trustee operates, the local title agents'

premiums are established through the state's regulatory processes and approved by each state's regulator. Foreclosure title reports ordered by Northwest Trustee from FirstAm and every other title company are subject to a regulator approved premium schedule that allows no deviations. The trustee pays the foreclosure title report premium charged by the local title agent to FirstAm and FirstAm pays the local title agent the same amount. FirstAm cannot and does not mark up the local title agents' premiums for a foreclosure title report. Instead, FirstAm is paid a portion of the local agent's regulated premium for role it plays in the process. With or without FirstAm involved in the process, the premium paid by Northwest Trustee and, ultimately, its loan servicer clients is the same. By law, the local title agents are not allowed to deviate from the regulator approved premium schedule for foreclosure title reports and cannot negotiate the premium up or down. The title company's overlapping ownership affiliation with Northwest Trustee is discussed in Paragraph 6 above.

10.    As of August 6, 2007, the Debtors owed Northwest Trustee $92,847.67 for prepetition services and fees (the "Prepetition Fees"). Northwest Trustee hereby waives the Prepetition Fees against the Debtors.

11.    Except as specifically disclosed herein and in the Initial Affidavit, to the best of my knowledge, neither I, the Company, nor any officers or employees thereof, insofar as I have been able to ascertain, has any connections with the Debtors, their creditors, or any other parties-in-interest, or their respective attorneys and professionals, and the United States Trustee or any person employed in the Office of the United States Trustee. To the extent that I become aware of any additional connections

and/or relationships that may be relevant Northwest Trustee's services rendered on behalf of the Debtors, I will file an additional supplemental affidavit.

12.    To my knowledge, Northwest Trustee is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that said company, its officers and employees:

a.    are not creditors, equity security holders or insiders of the Debtors;

b.    are not and were not, within two (2) years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors; and

c.    does not have an interest materially adverse the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in any of the Debtors, or for any other reason.

WHEREFORE, pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Todd Hendricks