IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :  Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,                  :
                                                                 :  Jointly Administered
                                                                 :
    Debtors.                                                     :  Extended Objection Deadline: September 20, 2007 at 4:00 p.m.
                                                                 :  Ref. Docket Nos. 11, 113 & 403
---------------------------------------------------------------- x

### *MODIFIED* NOTICE OF (I) POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES, LICENSE AGREEMENTS, AND EXECUTORY CONTRACTS; AND (II) PROPOSED CURE OBLIGATIONS, IF ANY

PLEASE TAKE NOTICE that on August 27, 2007, American Home Mortgage Holdings, Inc., *et al.*, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements and Executory Contracts; and (II) Proposed Cure Obligations, if any* [Docket No. 403] (the "Notice of Potential Assumption and Assignment") in connection with the Debtors' motion [Docket No. 11] (the "Sale Motion") for authority to sell (the "Sale") the assets related to the Debtors' mortgage loan servicing business (the "Servicing Business"), free and clear of all liens, claims, encumbrances and other interests pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), and the authority to assume and assign various agreements related to the Servicing Business. A copy of the Notice of Potential Assumption and Assignment and the Sale Motion was previously served on you.

PLEASE TAKE FURTHER NOTICE that pursuant to the Sale Motion, the Debtors intend to assume and assign certain of their unexpired leases, license agreements, and executory contracts (collectively, the "Potential Executory Contracts") pursuant to section

DB02:6204203.3                                                                                           066585.1001

DB02:6204203.3                                                                                           066585.1001

365(b)(1)(A) of the Bankruptcy Code. The Potential Executory Contracts that the Debtors may seek to assume and assign and corresponding proposed cure obligations, if any, (the "Proposed Cure Obligations") are listed on Exhibits A – C attached hereto.

*PLEASE TAKE FURTHER NOTICE THAT THE DEBTORS ARE ONLY SEEKING TO ASSUME AND ASSIGN, TO THE EXTENT SUCH POTENTIAL EXECUTORY CONTRACTS ARE EXECUTORY, THE LOAN SERVICING RIGHTS RELATED TO THE POTENTIAL EXECUTORY CONTRACTS IDENTIFIED ON EXHIBIT B AND EXHIBIT C. BY LISTING A POTENTIAL EXECUTORY CONTRACT ON EXHIBIT B OR EXHIBIT C, THE DEBTORS DO NOT CONCEDE THAT ANY SUCH CONTRACT IS EXECUTORY.*

PLEASE TAKE FURTHER NOTICE that any objections to the assumption and assignment of the Potential Executory Contracts and the corresponding Proposed Cure Obligations, if executory, and any objections to the sale and transfer of loan servicing rights must (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, **on or before 4:00 p.m. (prevailing Eastern Time) on September 20, 2007**, and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Jeffrey M. Levine); (iv) counsel to the Official Committee of Unsecured Creditors, Hahn &

Hessen LLP, 488 Madison Avenue, New York, NY 10022 (Attn.: Mark S. Indelicato); (v) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement, dated August 10, 2006; (vi) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the Debtors' postpetition lenders; and (vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon).

PLEASE TAKE FURTHER NOTICE that an evidentiary hearing (the "Sale Hearing") on the relief requested in the Sale Motion (among other things, to confirm the results of any Auction (as defined in the Sale Motion) and approve the sale of the Servicing Business to the prevailing purchaser) has been scheduled on **October 1, 2007 at 10:00 a.m.** (prevailing Eastern time), before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, at the United States District Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801. The Sale Hearing may be further adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

PLEASE TAKE FURTHER NOTICE that any person or entity receiving notice of the Sale Hearing, the Notice of Potential Assumption and Assignment and/or this Notice that fails to file an objection on a timely basis shall (a) be forever barred from objecting to the Proposed Cure Obligations and from asserting any additional cure or other amounts with respect

to the assumption and assignment of such Potential Executory Contracts and the Debtors shall be entitled to rely solely upon the Proposed Cure Obligations, (b) be deemed to have consented to the transfer of the loan servicing rights, and (c) be deemed to have consented to the assumption and assignment of such Potential Executory Contracts and shall be forever barred and estopped from asserting or claiming against the Debtors, the purchaser of the Servicing Business, or any other assignee of the relevant Potential Executory Contract that any additional amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied under such Potential Executory Contract.

PLEASE TAKE FURTHER NOTICE that in the event that an objection to the Proposed Cure Obligation (the "Cure Amount Objection") is filed, the Cure Amount Objection must set forth: (a) the basis for the objection; and (b) the amount the party asserts as the cure amount; provided, however, such Cure Amount Objection shall not be deemed to be an objection to the Sale Motion.

PLEASE TAKE FURTHER NOTICE that hearings on Cure Amount Objections and/or objections to the transfer of loan servicing rights may be held (a) at the Sale Hearing, or (b) at such other date after the Sale Hearing as the Court may designate.

PLEASE TAKE FURTHER NOTICE that the Debtors' decision to assume and assign the Potential Executory Contracts, if executory, and/or transfer loan servicing rights is subject to the Court's approval and consummation of the Sale. Absent consummation of the Sale, each of the Potential Executory Contracts shall neither be deemed assumed nor assigned and shall in all respects be subject to further administration under the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE that the Debtors reserve the right to remove any Potential Executory Contract from any proposed asset sale and to withdraw the request to

assume and assign any such Potential Executory Contract. The identification of a Proposed Cure Obligation is without prejudice to the Debtors' right to modify, amend or contest the validity and/or amount of such Proposed Cure Obligation prior to the assumption and assignment of the respective Potential Executory Contract and/or transfer of the loan servicing rights.

PLEASE TAKE FURTHER NOTICE that the designation of any agreement as a Potential Executory Contract shall not constitute or be deemed to be a determination or admission by the Debtors that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

Dated: Wilmington, Delaware
September 10, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
M. Blake Cleary (No. 3614)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Debtors and Debtors in Possession