## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., et al., | Case No. 07-11047 (CSS) |
| Debtors. | |

**LIMITED OBJECTION OF LIBERTY PROPERTY LIMITED PARTNERSHIP TO THE DEBTORS' SECOND MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO ABANDON CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT**

Liberty Property Limited Partnership ("Liberty Property"), by and through its undersigned attorneys, hereby asserts this limited objection to the Debtors' Second Motion for an Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases and to Abandon Certain Furniture Fixtures, and Equipment (the "Motion"), and, in support thereof, states as follows:

### BACKGROUND

1.  Liberty Property is the fee owner of the non-residential real properties located at (a) 300 Welsh Road, Building Four, Horsham, Pennsylvania 19044, and (b) 3000 Atrium Way, Suite 108, Mt. Laurel, New Jersey 08054 (collectively, the "Premises").

2. Liberty Property and one or more of the above-captioned debtors (collectively, the "Debtors") are parties to two separate lease agreements (collectively, the "Leases"), one for each Premises. Under the Leases, the Debtors, as tenant, leased the Premises from Liberty Property.

3. On August 6, 2007 (the "Petition Date"), the Debtors commenced these bankruptcy cases by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code §§ 101, et seq. (the "Bankruptcy Code").

4. On August 30, 2007, the Debtors filed the Motion seeking, among other things, authorization to reject the Leases nunc pro tunc under Section 365 of the Bankruptcy Code and to abandon the personalty remaining on the Premises under Section 554 of the Bankruptcy Code.

5. Just three days earlier, on August 27, 2007, Liberty Property received a letter from the Debtors, a true and correct copy of which is annexed hereto as Exhibit A. In this letter, the Debtors notified Liberty Property that it had engaged ABE Office Furniture Superstore as its agent to remove the furniture, fixtures and equipment from the Premises, and that it "expected" Liberty Property's cooperation in this regard.

6. The Motion also states, among other things, that there may be information at the Premises requiring collection and preservation consistent with SEC guidelines and applicable consumer privacy laws. (Motion, p. 2 n. 3.)

7. The Debtors have left the Premises filled with personalty and therefore unusable by and unrentable to other prospective tenants, and needing to be cleared of equipment, computer equipment, records and debris. Some of the personalty remaining at the Premises might be the subject of non-rejected executory contracts and, therefore, would still remain property of the Debtors' bankruptcy estate. Other of the personalty belonging to the Debtors may be subject to third party liens and encumbrances.

8. Liberty Property has been unable to re-let the Premises, causing it to suffer further damages, because of the Debtors' potential continued need for access to the Premises, and property of the bankruptcy estate remaining at the Premises.

9. While Liberty Property does not dispute the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject a lease of nonresidential real property, or whether the Debtors have exercised sound business judgment in doing so, Liberty Property does object insofar as the Motion seeks retroactive relief.

**OBJECTION**

10. The Court should not grant the Debtors' relief retroactive to the Petition Date for several reasons. Rather, the Court should only authorize the Debtors' rejection of the Lease effective as of when the Debtor relinquishes all rights to, and removes or causes the removal of all property owned or leased by the Debtors' bankruptcy estate remaining at the Premises and in accordance with the provisions of the Leases.

11. Nunc pro tunc is "extraordinary relief," In re Fleming Companies, Inc., 304 B.R. 85, 96 (Bankr. D. Del. 2003) (quoting, In re Valley Media, 2003 WL 21956410 (Bankr. D. Del. Aug. 14, 2003)), and should be allowed "only in certain circumstances." Id.

12. The District Court of Delaware has noted that "[a]n order granting nunc pro tunc relief is not a remedy that should be given as a matter of course." In re TW, Inc., Case No. 03-533-SLR, 2004 WL 115521, *2 (D. Del. Jan. 14, 2004). Rather, "the effective date of a rejection is the date the Order is entered." Fleming Companies, Inc., 304 B.R. at 96.

13. As noted by bankruptcy courts of this district, a debtor only may obtain rejection of an unexpired lease for non-residential real property effective nunc pro tunc under certain

3

equitable circumstances.  *See* In re Namco Cybtertainment, Inc., Case No. 98-173 (PJW) (Bankr. D. Del. Apr. 15, 1998).  Such equitable circumstances require, at a minimum, that the Debtor (a) surrender the premises with an "unequivocal statement to the landlord of abandonment," (b) file and serve a rejection motion on the landlord, (c) state in the motion the committee's agreement to the relief requested, and (d) acknowledge that the debtor will have not right to withdraw the motion prior to the hearing.  *See id*.

14. Since the decision in Namco Cybertainment, Inc., the courts of the District of Delaware have noted that a court may only grant extraordinary nunc pro tunc relief "when the principals of equity so dictate," Fleming Companies, Inc., 304 B.R. at 96 (quoting, In re CCI Wireless, LLC, 279 B.R. 590 (Bankr. D. Colo. 2002)), and after balancing the equities in a particular case.  TW Inc., Case No. 03-533-SLR, 2004 WL 115521, *2.  See also In re Chi-Chi's, Inc., et al., 305 B.R. 396, 399 (Bankr. D. Del. 2004).

15. The Debtors have failed to meet all of the Namco Cybertainment, Inc. standards, including their unequivocal statement of abandonment.  As stated above, the Debtors' actions demonstrate that they have not abandoned the Premises.  As evidenced by the Motion and Exhibit A, the Debtors still may require access to the Premises to remove personalty and/or preserve and collect certain information.

16. At the same time, the automatic stay restrained Liberty Property from taking action to remove any such property from the Premises in order to mitigate its losses.  Moreover, much of the personalty located at the Premises may be the subject of executory contracts.

17. In light of the foregoing, the Debtors cannot in realistically claim unequivocal abandonment.

18. Moreover, the equities of this case dictate against granting retroactive relief. If the Court denies retroactive relief, the law requires the Debtors to pay their obligations under the Lease. On the other hand, if retroactive relief were to be granted, the Debtors could escape this legal obligation while Liberty Property was prohibited from fully taking possession of the Premises (and attempting to mitigate its losses) because property of the bankruptcy estate remained at the Premises protected by the automatic stay.

19. In addition, although the Debtors are not currently physically using the Premises for their businesses, the condition of the Premises caused by the Debtors renders them unusable to Liberty Property or new tenants. The Premises must be cleared of the equipment, debris, and other personalty left there by the Debtors (and some of which may remain property of the Debtor's bankruptcy estate), as well as computer equipment and/or records of the Debtors.

20. Thus, it would be inequitable to grant the Debtors retroactive relief while non-abandoned property of the estate remains at the Premises.

21. The Debtors carry the burden to show that relief of this character is appropriate, see TW Inc., Case No. 03-533-SLR, 2004 WL 115521, *2, and Liberty Property submits that the Debtors cannot meet this high burden and demands strict proof of the Debtors' contentions at the hearing on the Motion.

22. Liberty Property reserves its right to raise any other objection to the Debtors' requested retroactive relief at an evidentiary hearing and after having an opportunity for discovery and to assert an administrative claim on account of the rent accrued after the Petition Date.

WHEREFORE, for all of the above reasons and such additional reasons presented at the hearing on the motion, Liberty Property Limited Partnership respectfully requests that the Court enter an order (i) denying the granting of retroactive relief as requested in the Motion, and (ii) granting it such other and further relief as may be just and proper under the circumstances.

SCHNADER HARRISON SEGAL
& LEWIS LLP

 /s/ Michael J. Barrie
Michael J. Barrie (#4634)
824 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 888-4554 (telephone)
(302) 888-1696 (facsimile)

-AND-

Barry E. Bressler (pro hac vice to be filed)
1600 Market St., Suite 3600
Philadelphia, PA 19103-7286
(215) 751-2000 (telephone)
(215) 751-2205 (facsimile)

Attorneys for Liberty Property Limited Partnership

Dated:  September 10, 2007