IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------X

In re

AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corporation, et al.



Debtors.

-------------------------------------------------------------X

Chapter 11

Case No. 07-11047 (CSS)

Jointly Administered

**Objection Deadline: September 12, 2007 at 4:00 p.m.**
**Hearing Date: September 17, 2007 at 12:00 Noon**

**Related to Docket No. 493**

**OBJECTION BY VALERIE LYNN SCRUGGS TO DEBTORS' MOTION FOR AN ORDER (i) TERMINATING THEIR NON-QUALIFIED DEFERRED COMPENSATION PLAN PURSUANT TO SECTION 363(b)(1) OF THE BANKRUPTCY CODE AND (ii) DIRECTING THE TRUSTEE OF THE DEBTORS' NON-QUALIFIED DEFERRED COMPENSATION PLAN TRUST TO RETURN DEBTORS' ASSETS HELD IN TRUST TO THE DEBTORS' ESTATES PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE**

Valerie Lynn Scruggs ("Valerie") submits this Response in objection to the Motion by Debtor For An Order (I) Terminating Their Non-Qualified Deferred Compensation Plan Pursuant To Section 363(B)(1) Of The Bankruptcy Code And (II) Directing The Trustee Of The Debtor's Non-Qualified Deferred Compensation Plan Trust To Return Debtor's Assets Held In Trust To The Debtors' Estates Pursuant To Section 105(A) Of The Bankruptcy Code for the reasons provided below:

## Background

1.      Valerie is a single, unemployed, former employee of American Home Mortgage.

2.      Valerie had worked for American Home Mortgage for one and a half years prior to her termination.

3.      She was terminated by American Home Mortgage on June 4, 2007 (see the 1st and last page of her Separation Agreement Attached hereto as Exhibit A). She received a modest sum of money when she was terminated and is presently unemployed.

4.      As of the date of her termination from American Home Mortgage, Valerie's balance in her Deferred Compensation Plan was $36,341.05 (See Plan Statement attached hereto as Exhibit B) and this money is crucial to her survival.

5.      After Valerie was terminated on June 4, 2007, but prior to American Home Mortgage's bankruptcy filing on August 6, 2007, she did not receive the monies in her Deferred Compensation Plan and she contacted Merrill Lynch Trust Company, FSB (the "Trustee") and attempted to obtain her Deferred Compensation Plan monies, to no avail. She was instructed by Merrill Lynch to contact American Home Mortgage Human Resources Department, where she was again denied her deferred compensation monies- for no reason and in violation of the terms of the American Home Mortgage Deferred Compensation Plan ("Plan") and American Home Mortgage Deferred Compensation Plan Trust Agreement ("Trust").

### Argument

6.      Valerie was vested in the monies due her under the American Home Mortgage Holding, Inc. Deferred Compensation Plan. She was not paid those monies after she was terminated, contrary to the terms of the Plan and Trust and she was also unable to obtain those monies when she contact the Trustee of the Plan, prior to the American Home Mortgage bankruptcy filing, contrary to the terms of the Plan and Trust.  Accordingly, the

Debtors' Motion to terminate the Non-Qualified Deferred Compensation Plan and direct the Trustee to Return Assets in Trust to the Debtor should be denied in Valerie's case as a matter of law and equity since the Debtor and the Trustee's actions violates the terms of the Plan, the Trust, New York State law and ERISA.

7.    Section 1.4 of the Plan defines the term "Benefit Commencement Date" as the date on which the distribution of a Participant's accounts under the Plan shall occur.  The next sentence of this section states that "This shall be a period of time as is <u>reasonably required</u> by the Administrator to arrange for distribution of benefits." (emphasis added) As referenced in paragraph 3, Valerie was terminated the Debtors on June 4, 2007, over **two months** before the Debtor's bankruptcy filing-certainly a reasonable amount of time to a arrange a distribution of Plan benefits to Valerie.

8.    Section 1.33 of the Plan, defines "Vested" to mean when a Participant's Nonqualified Account is not subject to forfeiture and unconditionally subject to distribution in accordance with the Plan.

9.    Section 7.1(a) of the Plan provides that each Participant's interest in the Nonqualified Deferred Compensation Account shall be vested at all times.  Section 7.1(b) of the Plan also provides that based on Valerie's one year of service, she was also 20% vested in the Nonqualified Company Matching Account.

10.    **Section 8.1(a) of the Plan provides that a Participant who has a Termination of Employment for any reason other than death shall receive on account of their Benefit Commencement Date the Vested amount credited to their Nonqualified Accounts determined as of the last Valuation Date for such Nonqualified Accounts.  Accordingly, pursuant to the clear terms of the Plan and**

**Trust, after Valerie was terminated, she should have received her distribution of Nonqualified Deferred Compensation monies prior to the Debtor's bankruptcy filing. Thereafter, she contacted the Trustee seeking her monies, prior to the Debtor's bankruptcy filing but they were not paid to her. The failure to distribute monies to Valerie was a forfeiture under the Plan and a violation of law and equity. (emphasis added)**

11.    The wrongful actions by Merrill Lynch and the Debtor in not distributing Valerie's deferred compensation monies to her should not be condoned by this Court and the Debtors' motion should be denied with respect to Valerie.

12.    In fact, section 11.8 of the Plan provides that the Plan shall be uniformly and consistently administered, interpreted and applied with regard to all Participants. Further this section provides that the Plan shall be administered, interpreted and applied fairly and equitably and accordance with the specified purposes of the Plan. The facts of this case clearly show that the Plan was not administered fairly and equitably with respect to Valerie. Other employees in the past who were terminated by the Debtor were paid there Deferred Compensation Plan monies and Valerie was not.

13.    Moreover, section 1 (b) of the Trust provides that the Trust is irrevocable.

14.    Section 3(a) of the Trust provides that the Trustee shall cease payment of benefits to Plan participants if the Company is insolvent. Section 3(b)(ii) provides that the Trustee shall have no duty to inquire whether the Company is insolvent. Accordingly, when Valerie, requested that the Trustee distribute her Non-Qualified Deferred Compensation monies to her, prior to the Companies bankruptcy filing, the American Home Mortgage was not insolvent and the distribution should have been made to her.

4

## Conclusion

15.    For the reasons provided above, Valerie respectfully requests that this Court

deny the Debtor's Motion For An Order (I) Terminating Their Non-Qualified Deferred

Compensation Plan Pursuant To Section 363(b)(1) Of The Bankruptcy Code and (II)

Directing The Trustee Of The Debtor's Non-Qualified Deferred Compensation Plan Trust

to Return Debtor's Assets Held In Trust To The Debtor's Estates Pursuant To Section

105(a) of the Bankruptcy Code and directing the Debtor or Merrill Lynch to distribute the

monies in Valerie's Deferred Compensation Plan, consisting of $36,341.05 to her  and for

such other and further relief as this Court deems proper.

Dated: September 12, 2007

Garvan F. McDaniel (#4167)
BIFFERATO GENTILOTTI LLC
800 N. King Street, Plaza Level
Wilmington, Delaware 19801
Phone: (302) 429-1900
Fax: (302) 429-8600
Email:  gmcdaniel@bglawde.com

-and-

James H. Shenwick (JS 7825)
Shenwick & Associates
655 Third Avenue
20th Floor
New York, NY 10017
Phone: (212)-541-6224

Attorneys for Valerie Lynn Scruggs