# EXHIBIT A

## AGREEMENT AND GENERAL RELEASE

This Agreement and General Release (the "Agreement") is made and entered into as of ___June___  12___, 2007 by and between American Home Mortgage Corp., which maintains its principal offices at 538 Broadhollow Road, Melville, New York 11747 ("AHM"), and Valerie Scruggs, her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee").

WHEREAS, AHM and Employee wish to amicably terminate their relationship;

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, AHM and Employee agree as follows:

1.    **Last Day of Employment.** Employee's last day of employment with AHM was June 4, 2007 (the "Separation Date").

2.    **Consideration.** In consideration for Employee: (i) delivering to AHM (1) all materials in the possession of Employee received from AHM, (2) any records maintained at AHM's request, (3) any records maintained by Employee related to AHM, (4) any proprietary documentation or trade secrets, and (5) all duplicates and/or recordings of the above; (ii) signing this Agreement; and (iii) complying with the promises made herein, AHM agrees as follows:

(a)    AHM shall pay Employee a total of $24,230.77, less applicable taxes and withholdings, as salary continuation for the 6-week period following the Separation Date. The payments pursuant to this section 2(a) shall be payable to Employee in semi-monthly installments coinciding with AHM's regularly scheduled payroll dates; and

(c)    AHM shall contribute towards the total premiums associated with the Employee's continued medical and dental coverage, pursuant to COBRA, for the period from July 1, 2007 through July 31, 2007, at the premium contribution rate in existence immediately preceding the Separation Date. Employee acknowledges that Employee must elect continuation coverage pursuant to COBRA in order to obtain the benefits set forth in this section 2(b).

In the event of a breach of this Agreement by Employee, AHM's obligation to continue to provide the consideration set forth in this section 2 shall cease, and Employee shall, at AHM's discretion, be required to repay to AHM the amounts paid by AHM, pursuant to this section 2, through the date of Employee's breach (collectively, the "Breach Remedies"). The invocation of the Breach Remedies available to AHM shall not affect the validity or enforceability of this Agreement, and all other terms and conditions of this Agreement shall remain in full force and effect.

3.    **No Consideration Absent Execution of this Agreement.** Employee understands and agrees Employee would not receive the benefits specified in section 2 above, except for Employee's execution of this Agreement and the fulfillment of the promises contained herein.

1

EMPLOYEE AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL FORTY-FIVE (45) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN SECTION 2 ABOVE, EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST EMPLOYER.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and General Release as of the date set forth below:

AMERICAN HOME MORTGAGE CORP.

VALERIE SCRUGGS

By: _____
Alan B. Horn
Executive Vice President and
General Counsel

Date: 6/12/2007

Date: _____

6