IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ------------------------------------------------------------ x | |
| In re: : | Chapter 11 |
| : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., : | Case No. 07-11047 (CSS) |
| a Delaware corporation, et al., : | |
| : | Jointly Administered |
| Debtors. : | |
| : | |
| ------------------------------------------------------------ x | |

**LIMITED OBJECTION TO THE EMERGENCY MOTION OF THE DEBTORS FOR ORDERS: (A)(I) APPROVING SALE PROCEDURES; (II) SCHEDULING A HEARING TO CONSIDER SALE OF CERTAIN ASSETS USED IN THE DEBTORS' LOAN SERVICING BUSINESS; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF; AND (B)(I) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING PURCHASE AGREEMENT THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND
(IV) GRANTING RELATED RELIEF**

Fannie Mae respectfully submits the following limited objection (the "Objection") to the Emergency Motion of the Debtors for Orders (a)(i) Approving Sale Procedures; (ii) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (iii) Approving Form and Manner of Notice Thereof; and (iv) Granting Related Relief; and (b)(i) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing and Approving Purchase Agreement Thereto; (iii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (iv) Granting Related Relief (the "Sale Procedures Motion") filed by American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and

certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors").[1]

## SUMMARY OF OBJECTION

1. By the Sale Procedures Motion, the Debtors propose to implement certain sale procedures (the "Sale Procedures") to be utilized in selling, among other things, the Debtors' mortgage loan servicing business (the "Servicing Business"), which is composed of certain mortgage servicing rights. Among the mortgage servicing rights the Debtors seek to sell pursuant to the Sale Procedures are those relating to a portfolio of loans owned by Fannie Mae (the "Servicing Rights"). After the filing of the Sale Procedure Motion, Fannie Mae and the Debtors entered into a Compromise and Settlement Agreement (the "Settlement") which was approved by order of this Court on September 4, 2007. The Settlement sets forth the terms and conditions upon which the Debtors may market and sell the Servicing Rights. To the extent that the Sale Procedures vary from the terms of the Settlement with respect to the sale of the Servicing Rights, Fannie Mae objects to the Sale Procedures Motion. While Fannie Mae expects the Debtors to honor their agreements under the Settlement, because of the ambiguity created by potential discrepancies between the Sale Procedures Motion and the Settlement, Fannie Mae is filing this limited objection out of an abundance of caution.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

**BACKGROUND**

2. Prior to July 31, 2007, the Debtors had been servicing a portfolio of mortgages (the "Fannie Mae Portfolio") owned by Fannie Mae pursuant to a Mortgage Selling and Servicing Contract (the "Contract").

3. On July 31, 2007 - prior to the Debtors' filing of their voluntary petition for relief under chapter 11 of Title 11 of the United State Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") on August 6, 2007 (the "Petition Date") - Fannie Mae sent notice (the "Termination Notice") to the Debtors terminating the Contract.

4. The Debtors dispute whether Fannie Mae effectively terminated the Contract prior to the Petition Date.

5. On September 4, 2007, the Court approved the Settlement between Fannie Mae and the Debtors. Pursuant to the Settlement, the Debtors were granted the right to continue to service, on an interim basis, the Fannie Mae Portfolio in order to allow the Debtors to market the Servicing Rights and to negotiate and close a sale of the Servicing Rights on or before October 31, 2007, subject to the Debtors' obligation to satisfy certain conditions. The Settlement sets forth the terms and conditions upon which the Debtors may market and sell the Servicing Rights.

6. On August 6, 2007, the Debtors filed their Sale Procedures Motion, which this Court approved by an order (the "Order") on August 9, 2007. The Order set a September 13, 2007 deadline for objecting to certain relief sought in the Sale Procedures Motion, including the application of the Sale Procedures to a given Servicing Business related contract.

## **ARGUMENT**

7.    The terms and conditions upon which the Debtors may market and sell the Servicing Rights are contained in the Settlement, and the terms of the Settlement must govern over any inconsistent provisions in the Sale Procedures Motion.

WHEREFORE, Fannie Mae respectfully requests that this Court require that any sale of the Servicing Rights must be handled in accordance with the terms of the Settlement and grant Fannie Mae such other and further relief as is just.

Dated: September 12, 2007
       Wilmington, Delaware                        CROSS & SIMON, LLC

                                        By:  */s/ Christopher P. Simon*
                                            Christopher P. Simon (No. 3697)
                                            913 N. Market Street, 11th Floor
                                            Wilmington, DE 19801
                                            Telephone: (302) 777-4200
                                            Facsimile: (302) 777-4224

                                            -and-

                                            Catherine L. Steege (IL Bar No. 06183529)
                                            Jenner & Block LLP
                                            330 N. Wabash Avenue
                                            Chicago, IL 60611
                                            Telephone: (312) 222-9350
                                            Facsimile: (312) 527-0484

                                            *Counsel for Fannie Mae*