**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | : | Case No. 07-11047 (CSS) |
| | : | Jointly Administered |
| Debtors. | : | |

**OBJECTION TO THE DEBTORS' NOTICE OF (I) POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES, LICENSE AGREEMENTS, AND EXECUTORY CONTRACTS; AND (II) PROPOSED CURE OBLIGATIONS, IF ANY**

Fannie Mae respectfully submits the following objection (the "Objection") to the Notice of (i) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (ii) Proposed Cure Obligations, If Any (the "Assumption Notice") filed by American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors").[1]

**SUMMARY OF OBJECTION**

1. By the Assumption Notice, the Debtors propose to assume, among other things, a Mortgage Selling and Servicing Contract (the "Contract") entered into by one of the Debtors and Fannie Mae. The assumption of the Contract proposed by the Assumption Notice

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

would violate the terms of the Compromise and Settlement Agreement (the "Settlement") entered into by the Debtors and Fannie Mae and approved by order of this Court on September 4, 2007. Because the relief sought by the Assumption Notice would violate the terms of the Settlement, Fannie Mae objects to the Assumption Notice. While Fannie Mae expects the Debtors to honor their agreements under the Settlement, because of the ambiguity created by the discrepancies between the Assumption Notice and the Settlement, Fannie Mae is filing this objection out of an abundance of caution.

**BACKGROUND**

2. Prior to July 31, 2007, the Debtors had been servicing a portfolio of mortgages (the "Fannie Mae Portfolio") owned by Fannie Mae, pursuant to the Contract (the "Servicing Rights").

3. On July 31, 2007 - prior to the Debtors' filing of their voluntary petition for relief under chapter 11 of Title 11 of the United State Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") on August 6, 2007 (the "Petition Date") - Fannie Mae sent notice (the "Termination Notice") to the Debtors terminating the Contract.

4. The Debtors dispute whether Fannie Mae effectively terminated the Contract prior to the Petition Date.

5. On September 4, 2007, the Court approved the Settlement between Fannie Mae and the Debtors. Pursuant to the Settlement, the Debtors were granted the right to continue to service, on an interim basis, the Fannie Mae Portfolio in order to allow the Debtors to market the Servicing Rights and to negotiate and close a sale of the Servicing Rights on or before October 31, 2007, subject to the Debtors' obligation to satisfy certain conditions.

6. On August 27, 2007, the Debtors filed their Assumption Notice, by which they sought the Court's approval to assume and assign, subject to corresponding proposed cure amounts, certain agreements. Among the many agreements that the Debtors sought to assume and assign is the Contract, for which the Debtors have proposed a cure amount of $0. Assumption Notice, Ex. A.

**ARGUMENT**

7. The assumption and assignment of the Contract, as proposed in the Assumption Notice, would violate the terms of the Settlement. The Settlement provides certain conditions under which the Debtors may market the Servicing Rights and sell such Servicing Rights. The Settlement specifically provides that the Contract may not be assumed. Fannie Mae objects to any assumption and assignment of the Contract.

8. Fannie Mae also objects to the $0 cure amount proposed by the Debtors. The Debtors owe Fannie Mae various obligations, including, without limitation, repurchase and make whole obligations, mortgage insurance-related amounts, foreclosure sale proceeds, technology fees, including DOR and DUR fees, and any unpaid guaranty fees (the "Obligations"). Under the Settlement, the Debtors have agreed to allocate proceeds from the sale of the Servicing Rights - if the Debtors are able to close a sale of the Servicing Rights on or before October 31, 2007, and comply with all other obligations of the Settlement - first to Fannie Mae in payment for the Obligations, then to certain other parties asserting valid liens to the Servicing Rights, and then, last, to the Debtors. Further, pursuant to the Settlement, the Debtors have a contingent obligation to pay Fannie Mae an additional $3.25 million at closing if the Debtors exercise their option to have Fannie Mae waive the requirement that the purchaser of the Servicing Rights assume the loan-level recourse obligations and selling warranties associated

with the Servicing Rights (the "Recourse/Warranty Buy-Out Fee"). Thus, the proposed cure amount is not $0 as stated in Exhibit A to the Debtors' Assumption Notice, but rather the amount to be paid to Fannie Mae in the event of a sale of the Servicing Rights is the amount of the Obligations and, if applicable, the Recourse/Warranty Buy-Out Fee. Accordingly, the Court should not allow the Debtors to assume and assign the Contract pursuant to the terms set forth in the Assumption Notice.

WHEREFORE, Fannie Mae respectfully request that this Court deny the Debtors' motion, pursuant to the Assumption Notice, to assume and assign the Contract and further states that any sale of the Servicing Rights must be handled in accordance with the terms of the Settlement.

Dated: September 12, 2007
Wilmington, Delaware

CROSS & SIMON, LLC

By: */s/ Christopher P. Simon*

Christopher P. Simon (No. 3697)
913 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224

-and-

Catherine L. Steege (IL Bar No. 06183529)
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

*Counsel for Fannie Mae*