IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          ) Chapter 11
                                                                )
AMERICAN HOME MORTGAGE                                          ) Case No. 07-11047
HOLDINGS, INC., a Delaware corporation, et. al.                 ) Jointly Administered
                                                                )
                                                                ) Objection Deadline : September 13, 2007 at 4:00 p.m
                                                                ) Hearing Date: September 17, 2007 at 11:00 am
                          Debtors.                              ) Related Docket Nos. 11, 113, 403 and 674
---------------------------------------------------------------- x

## OBJECTION OF EMC MORTGAGE CORPORATION TO THE EMERGENCY MOTION OF THE DEBTORS FOR AN ORDER: (I) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING PURCHASE AGREEMENT THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (IV) GRANTING RELATED RELIEF

EMC Mortgage Corporation ("EMC"), by its undersigned attorneys, hereby submits this objection (the "Objection") to the (i) Motion of the above captioned debtors (the "Debtors") pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") for entry of an order authorizing, among other things, the sale of the Debtors' mortgage loan serving business (the "Servicing Business") free and clear of liens, claims, encumbrances, and other interests filed on August 6, 2007 [Docket No. 11] (the "Motion"), and (ii) notice of proposed cure amounts filed on September 10, 2007 [Docket No. 674] (the "Cure Notice"), and in support of the Objection, respectfully represents as follows:

### PRELIMINARY STATEMENT

By their Motion, the Debtors seek to assume and assign a certain mortgage loan purchase and interim servicing agreement that has been terminated and to sell certain servicing

rights that do not belong to them. Pursuant to that certain mortgage loan purchase agreement, on or about August 1, 2007, EMC purchased certain mortgage loans together with all servicing rights from the Debtors. The Debtors, therefore, have no legal or equitable interest in the mortgage loan purchase and interim servicing agreement, nor to any servicing rights under the agreement. In addition, as a result of EMC's lawful closeout under the terms of the underlying mortgage loan purchase agreement and pursuant to section 555 of the Bankruptcy Code, the mortgage loan purchase agreement is incapable of assumption because it was terminated and therefore any servicing rights belong to EMC. Indeed, a sale of such assets is simply not permitted under the Bankruptcy Code and non-bankruptcy law. The Debtors' request for approval of the Motion and the assumption and assignment of the mortgage loan purchase and interim servicing agreement puts this Court at odds with the clear and unambiguous language of section 555 that restricts this Court from entering any order that will interfere with the rights of a holder of a securities contract.

## BACKGROUND

1. On May 1, 2002, EMC, as purchaser, entered into a Mortgage Loan Purchase and Interim Servicing Agreement (as amended, modified and supplemented from time to time, the "MLPA") with American Home Mortgage Corporation, as seller ("AHMC"). Pursuant to the MLPA, EMC purchased, from time to time, certain mortgage loans (the "Purchased Mortgage Loans") from AHMC. On August 1, 2007, EMC, as purchaser, entered into a certain term sheet (the last transaction under the MLPA) with American Home Mortgage Acceptance, Inc. ("AHMA") and AHMC, whereby EMC purchased the Purchased Mortgage Loans on a servicing released basis from AHMC and AHMA, which means servicing rights are purchased as part of the mortgage loans by the purchaser. Pursuant to the MLPA, EMC owned

the Purchased Mortgage Loans "together with the Servicing Rights". MLPA § 2. Pursuant to the MLPA, it was the intent of the parties that the transfers of the Purchased Mortgage Loans constituted purchases of the Purchased Mortgage Loans on a servicing released basis.

2.  The MLPA expressly provides that unless and until there was an event of default, AHMC would cause the Purchased Mortgage Loans to be serviced[1] for the benefit of EMC until August 20, 2007, the "Servicing Transfer Date" (as defined in the MLPA).

3.  On August 6, 2007 (the "Petition Date"), each of the Debtors (which included AHMC) filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. As provided in Section 13.01 of the MLPA, the Debtors' chapter 11 filing constituted an Event of Default under the MLPA.

4.  On August 14, 2007, in accordance with Section 13.01 of the MLPA, EMC delivered a notice of default (the "Default Notice") to AHMC resulting from, inter alia, the filing of AHMC's bankruptcy case. AHMC's bankruptcy case constituted an Event of Default (as such term is defined in the MLPA) pursuant to Sections 13.01(v) of the MLPA. The Default Notice notified AHMC of the event of default that occurred upon, inter alia, AHMC's bankruptcy filing.

5.  Upon the issuance of the Default Notice, pursuant to Section 13.01 of the MLPA, "all authority and power of [AHMC] to interim service the [Purchased] Mortgage Loans under [the] Agreement shall on the date set forth in such notice pass to and be vested in [EMC]." As such, pursuant to the MLPA, the servicing rights and related servicing files and documents (the "Servicing Documents") and any amounts received by AHMC, including principal and interest payments, escrow amounts and other income and amounts of any kind with respect to the

---

[1] Servicing involves, among other things, collecting principal and interest payments and other income and amounts received in connection with the Purchased Mortgage Loans and maintaining control of the collection process.

3

Purchased Mortgage Loans (collectively, the "Collections") related to the Purchased Mortgage Loans are property of EMC, and AHMC and AHMA have no interest in such servicing rights whatsoever.

6. Furthermore, on August 20, 2007, the Servicing Transfer Date, pursuant to section 14 of the MLPA, the MLPA terminated in accordance with its own terms and all rights, title and interest in the Purchased Mortgage Loans automatically vested with EMC.

**BASIS FOR OBJECTION**

7. The Debtors have no legal ability to either (a) assume and assign the terminated MLPA or (b) sell or transfer EMC's property, including its servicing rights under the MLPA, the Purchased Mortgage Loans, the Servicing Documents or the Collections. Accordingly, EMC objects to the entry of an order on the Motion (the "Sale Order") to the extent that the Debtors seek (x) to sell free and clear of EMC's interests (i) the Purchased Mortgage Loans and the proceeds related thereto, (ii) the servicing rights, including the Servicing Documents, related to the Purchased Mortgage Loans, and (iii) the Collections related to MLPA or (y) to otherwise affect the protected rights of BSMCC under the MLPA and section 555 of the Bankruptcy Code.

## The Terminated MLPA is not an Executory Contract that can be Assumed and Assigned under Section 365 of the Bankruptcy Code[2]

8. The MLPA is listed in the Cure Notice as a "Potential Executory Contract" (as that term is defined in the Cure Notice). The Debtors cannot assume and assign the MLPA and rights thereunder because the agreement was terminated, is no longer executory and, therefore, incapable of being assumed and assigned under section 365 of the Bankruptcy Code. The Third Circuit has found that "[f]or section 365 to apply, the contract or lease must be in existence, if the contract or lease has expired by its own terms . . ., then there is nothing left for the trustee to assume or assign." Kopelman v. Halvajian (In re Triangle Laboratories), 663 F.2d 463, 467 (3d Cir. 1981) (citations omitted). Thus, upon the termination of the MLPA, such agreement no longer constituted property of the Debtors' estates and, therefore, the MLPA cannot be assumed and assigned pursuant to section 365 of the Bankruptcy Code. See Coast Cities Truck Sales, Inc. v. Navistar Int'l Trans. Co. (In re Coast Cities Truck Sales, Inc.), 147 B.R. 674, 677 (D. N.J. 1992) (finding that a terminated dealership agreement could not be assumed by the debtor). Moreover, because the servicing has been terminated, the assets "for sale" are not property of the estate. It is axiomatic that the Debtors cannot sell any property that it does not own or have an interest in.

---

[2] To the extent this Court determines that the MLPA is an executory contract and, therefore, can be assumed and assigned by the Debtors pursuant to section 365 of the Bankruptcy Code, before the Debtors can assume and assign the MLPA the Debtors must cure all defaults. 11 U.S.C. § 365(b); see also N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 531 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract cum onere and the expenses and liability incurred may be treated as administrative expenses, which are afforded the highest priority on the debtor's estate") (citing In re Italian Cook Oil Corp., 190 F.2d 994, 996 (3d Cir. 1951) ("The trustee, however, may not blow hot or cold. If he accepts the contract be accepts it cum onere. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other")). EMC objects to the Debtor's stated cure amount on the MLPA of $0.00 and EMC reserves the right to supplement and further object to the cure amounts by September 20, 2007 at 4:00 p.m. in accordance with the Modified Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, if Any.

### The Servicing Rights Were Transferred to EMC Upon Termination of the MLPA

9. Pursuant to the asset purchase agreement (the "Asset Purchase Agreement") which is exhibited to the Motion, the Debtors purport to be selling, inter alia, "all of the [Debtors'] Servicing Rights[3] and rights to receive Servicing Fees." Asset Purchase Agreement § 2.1(a). EMC exercised its protected rights under the MLPA and section 555 of the Bankruptcy Code and terminated the MLPA on August 14, 2007, in accordance with the Default Notice. Pursuant to the Default Notice, EMC notified the Debtors "that EMC hereby terminated its obligations to purchase mortgage loans in any future transactions . . . ." Such obligations were terminated because AHMC, among other things, "has caused more than one Event of Default under the [MLPA]," by filing its bankruptcy case. As such, "[AHMC] is responsible for any damages suffered by EMC as a result of [AHMC's] failure of performance." Upon the termination of the MLPA, any right AHMC might have had to service the Purchased Mortgage Loans was terminated and, therefore, the Purchased Mortgage Loans, the servicing rights and the Collections are not property of the estate under section 541 of the Bankruptcy Code.

10. Indeed, the Debtors have no legal or equitable interest in the MLPA, the Purchased Mortgage Loans, the servicing rights to the Purchased Mortgage Loans, the Servicing Documents or the Collections and, therefore, cannot seek to transfer them. See In re Wey, 854 F.2d 196, 199 (7th Cir. 1988) ("Possession of expired rights is the equivalent of the possession of no rights"). Any rights of the Debtors to service the Purchased Mortgage Loans were extinguished and the servicing rights, Servicing Documents and the Collections became the property of EMC.

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Asset Purchase Agreement.

11. Further, pursuant to the terms of the MLPA, the Servicing Transfer Date occurred on August 20, 2007. Indeed, the Debtors have already transferred the servicing rights to EMC, and therefore cannot seek to transfer EMC's servicing rights pursuant to the Motion. By listing the MLPA as a Potential Executory Contract to be assumed and assigned pursuant to the Motion the Debtors are not only violating the property interests and rights of EMC, but are also misleading any potential bidder of the Debtors' Servicing Business. As such, this Court cannot approve the Sale Order.

### Section 555 of the Bankruptcy Code Prevents the Issuance of Orders that Frustrate EMC's Rights Under the MLPA

12. In accordance with section 555 of the Bankruptcy Code, upon and Event of Default, EMC had the right to terminate the MLPA and terminate all the rights and obligations of AHMC and AHMA as interim servicer under the MLPA. Moreover, upon such termination, pursuant to Section 14 of the MLPA, AHMC is obligated to transfer the servicing rights including the Servicing Documents and Collections to EMC.

13. Section 555 of the Bankruptcy Code provides that:

> [t]he exercise of a contractual right of a stockbroker, financial institution, financial participant or securities clearing agency to cause the liquidation, termination, or acceleration of a securities contract, as defined in section 741 of this title, because of a condition of the kind specific in section 365(e)(1) of this title shall not be stayed, avoided or otherwise limited by operation of any provision of this title . . .

11 U.S.C. § 555. The MLPA constitutes a securities contract, and is therefore protected under section 555 of the Bankruptcy Code, because it is "a contract for the purchase . . . of . . . a mortgage loan." 11 U.S.C. § 741(7)(a)(i). Indeed, the Default Notice states that "[r]eference is . . . made to section[] 555 . . . of the Bankruptcy Code." Thus, pursuant to section 555 of the Bankruptcy Code, EMC's exercise of its right to terminate the MLPA cannot be stayed, avoided

or otherwise limited by operation of any provision of the Bankruptcy Code or order of this Court. Since the MLPA was terminated and the Purchased Mortgage Loans were transferred to EMC, the Debtors cannot assume and assign the MLPA or sell the servicing rights thereunder. Compare In re R.M. Cordova Int'l, Inc., 77 B.R. 441, 446 (Bankr. D. N.J. 1987) (finding that the exercise of an ipso facto clause was protected under section 556 of the Bankruptcy Code (relating to forward contracts) and that such termination caused the forward contracts to not be executory and, therefore, not subject to assumption pursuant to section 365).

14.   Pursuant to section 555 of the Bankruptcy Code, EMC's right to terminate the MLPA and any interim servicing rights of AHMC and AHMA, thereby requiring the transfer of all servicing rights, including the Servicing Documents and Collections to EMC, cannot be stayed or otherwise limited by this Court and the Debtors should not be allowed to trample the property rights of EMC, nor mislead potential bidders of the Debtors' Servicing Business.

WHEREFORE, without in any way limiting its rights, EMC specifically requests that the Court (i) finds that (a) EMC's property, including, but not limited to, the Purchased Mortgage Loans and any proceeds related thereto, the servicing rights, including the Servicing Documents, and the Collections will not be sold, transferred or otherwise encumbered, because such property is not property of the Debtors' estates; (b) the Debtors are not permitted to assume and assign the MLPA pursuant to section 365 of the Bankruptcy Code because such contract was terminated and does not constitute an executory contract; (c) nothing in the Sale Order will affect the rights of EMC under the MLPA and section 555 of the Bankruptcy Code; and (ii) grants such other relief that is just and proper.

Dated: September 13, 2007

        Respectfully submitted,

        DUANE MORRIS LLP

        */s/ Richard W. Riley*

        Richard W. Riley (DE 4052)
        Frederick B. Rosner (DE 3995)
        1100 North Market Street, Suite 1200
        Wilmington, DE 19801-1246
        Telephone: (302) 657-4943
        Facsimile: (302) 657-4901

        and

        SIDLEY AUSTIN LLP
        William M. Goldman
        Geoffrey T. Raicht
        Alex R. Rovira
        Lori A. Kujawski
        787 Seventh Avenue
        New York, NY 10019
        Telephone: (212) 839-5300
        Facsimile: (212) 839-5599