IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ------------------------------------------------------------- x <br> In re: <br><br> AMERICAN HOME MORTGAGE <br> HOLDINGS, INC., a Delaware corporation, et. al. <br><br><br> Debtors. <br> ------------------------------------------------------------- x | ) Chapter 11 <br> ) <br> ) Case No. 07-11047 <br> ) Jointly Administered <br> ) <br> ) Objection Deadline : September 13, 2007 at 4:00 p.m <br> ) Hearing Date: September 17, 2007 at 11:00 am <br> ) Related Docket Nos. 11, 113, 403 and 674 |

**OBJECTION OF LIQUID FUNDING, LTD. TO THE EMERGENCY MOTION OF THE DEBTORS FOR AN ORDER: (I) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING PURCHASE AGREEMENT THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

Liquid Funding, Ltd. ("Liquid Funding"), by its undersigned attorneys, hereby submits this objection (the "Objection") to the (i) Motion of the above captioned debtors (the "Debtors") pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") for entry of an order authorizing, among other things, the sale of the Debtors' mortgage loan serving business (the "Servicing Business") free and clear of liens, claims, encumbrances, and other interests filed on August 6, 2007 [Docket No. 11] (the "Motion"), and (ii) notice of proposed cure amounts filed on September 10, 2007 [Docket No. 674] (the "Cure Notice"), and in support of the Objection, respectfully represents as follows:

**PRELIMINARY STATEMENT**

By their Motion, the Debtors seek to assume and assign a certain master repurchase agreement that has been terminated and to sell certain servicing rights that do not belong to them.

Pursuant to a certain master repurchase agreement, Liquid Funding purchased certain mortgage loans with, among other things, servicing provided by the Debtors for the benefit of Liquid Funding until payment by the Debtors to Liquid Funding of the Repurchase Price (as that term is defined in the master repurchase agreement) or upon an Event of Default under the master repurchase agreement. The Debtors have no legal or equitable interest to the master repurchase agreement or to any servicing rights pursuant to the agreement because the Debtors have sold the remaining mortgage loans under the master repurchase agreement to EMC on a servicing released basis pursuant to a certain mortgage loan purchase agreement with a term sheet dated August 1, 2007, paid the Repurchase Price to Liquid Funding and transferred all servicing rights to EMC.

The master repurchase agreement is incapable of assumption because it was terminated pursuant to its terms and any servicing rights were transferred when the Debtors sold the mortgage loans to EMC and paid the Repurchase Price to Liquid Funding. Indeed, a sale of such assets which the Debtors have already sold is simply not permitted under the Bankruptcy Code and non-bankruptcy law. The Debtors' request for approval of the Motion and the assumption and assignment of the master repurchase agreement is a request for the Court to enter an order that will trample the proper ownership rights of Liquid Funding and EMC.

## BACKGROUND

1. On May 22, 2006, Liquid Funding, as buyer, entered into a Master Repurchase Agreement (as amended, modified and supplemented from time to time) and Annex I and Annex II to the Master Repurchase Agreement (the "Repurchase Agreement") with American Home Mortgage Corporation ("AHMC") and American Home Mortgage Acceptance, Inc. ("AHMA"), as sellers. Pursuant to the Repurchase Agreement, Liquid Funding purchased,

2

from time to time, certain mortgage loans (the "Purchased Mortgage Loans") from AHMC or AHMA. Additionally, on May 22, 2006, Liquid Funding, AHMC and AHMA entered into a Custody Agreement, together with Deutsche Bank National Trust Company (the "Custodian"), in which the Custodian agreed to act as custodian for Liquid Funding, AHMC and AHMA of all notes, mortgages and other documents related to the Purchased Mortgage Loans.

2. On July 30, 2007, in accordance with Paragraphs 4(a) and 4(c) of the Repurchase Agreement, Liquid Funding delivered, before 9:00 a.m. New York City time, a margin deficit notice to AHMC and AHMA resulting from a Margin Deficit (as that term is defined in the Repurchase Agreement) in the amount of $13,626,390.00. Pursuant to Paragraph 4(c) of the Repurchase Agreement, AHMA and AHMC were required to transfer cash in the amount of the Margin Deficit to Liquid Funding by 5:00 p.m. New York City time on that same day, July 30, 2007.

3. AHMC's and AHMA's failure to meet the Margin Deficit by 5:00 p.m. New York City time on July 30, 2007, constituted an Event of Default pursuant to Paragraph 11(a)(ii) of the Repurchase Agreement.

4. On August 1, 2007, AHMC and AHMA entered into a certain term sheet pursuant to a Mortgage Loan Purchase and Interim Servicing Agreement (as amended, modified and supplemented from time to time, the "MLPA") with EMC, as purchaser. Pursuant to the MLPA, EMC purchased the remaining Purchased Mortgage Loans from AHMC and AHMA that were on Liquid Funding's mortgage line under the Repurchase Agreement on a servicing released basis from AHMC and AHMA, which means that all servicing rights under the Repurchase Agreement were purchased as part of the Purchased Mortgage Loans by EMC.

3

AHMC and AHMA used the proceeds from the sale of the Mortgage Loans on a servicing released basis as payment to Liquid Funding of the Repurchase Price under the Repurchase Agreement.

5.  As such, on August 1, 2007, upon the payment of the Repurchase Price by AHMC and AHMA, the Repurchase Agreement was thereby terminated and all obligations under the Repurchase Agreement of AHMC and AHMA, as well as of Liquid Funding, were terminated. Paragraph 13 (a) of the Repurchase Agreement expressly provides that the "obligation of [AHMC and AHMA] to service, or cause to be serviced, the related Purchased Mortgage Loans for the benefit of [Liquid Funding] as aforesaid shall cease upon the payment by [AHMC and AHMA] to [Liquid Funding] of the Repurchase Price therefor." Repurchase Agreement, Annex I, ¶13(a).

6.  Furthermore, by email dated August 1, 2007, AHMC and AHMA directed the Custodian, that "[u]pon receipt of the funding proceeds from EMC Mortgage Corp. American Home authorizes Deutsche Bank to release the loans to EMC Mortgage." Accordingly, the Custodian delivered to EMC all of the notes, mortgages and other documents related to the Purchased Mortgage Loans to EMC. As such, AHMC and AHMA transferred the servicing rights and related servicing files and documents (the "Servicing Documents") and any amounts received by AHMC or the Custodian, including principal and interest payments, escrow amounts and other income and amounts of any kind with respect to the Purchased Mortgage Loans (collectively, the "Collections") related to the Purchased Mortgage Loans to EMC.

7.  On August 6, 2007 (the "Petition Date"), each of the Debtors (which included AHMC and AHMA) filed voluntary petitions for relief under chapter 11 of the

4

Bankruptcy Code. As provided in Paragraph 11(iv) of the Repurchase Agreement, the Debtors' chapter 11 filing constituted an additional Event of Default under the Repurchase Agreement.

### BASIS FOR OBJECTION

8. The Debtors have no legal ability to either (a) assume and assign the terminated Repurchase Agreement or (b) sell or transfer Liquid Funding's property, including its servicing rights under the Repurchase Agreement, the Purchased Mortgage Loans, the Servicing Documents or the Collections. Accordingly, Liquid Funding objects to the entry of an order on the Motion (the "Sale Order") to the extent that the Debtors seek (i) to sell free and clear of Liquid Funding's interests (a) the Purchased Mortgage Loans and the proceeds related thereto, (b) the servicing rights, including the Service Documents, related to the Purchased Mortgage Loans, and (c) the Collections related to the Repurchase Agreement or (ii) to otherwise assume and assign the Repurchase Agreement.

### The Terminated Repurchase Agreement is not an Executory Contract that can be Assumed and Assigned under Section 365 of the Bankruptcy Code[1]

9. The Repurchase Agreement is listed in the Cure Notice as a "Potential Executory Contract" (as that term is defined in the Cure Notice). The Debtors cannot assume and assign the Repurchase Agreement and rights thereunder because the agreement was terminated, is no longer executory and, therefore, incapable of being assumed and assigned under

---

[1] To the extent this Court determines that the Repurchase Agreement is an executory contract and, therefore, can be assumed and assigned by the Debtors pursuant to section 365 of the Bankruptcy Code, before the Debtors can assume and assign the Repurchase Agreement, the Debtors must cure all defaults. 11 U.S.C. § 365(b); see also N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 531 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract cum onere and the expenses and liability incurred may be treated as administrative expenses, which are afforded the highest priority on the debtor's estate") (citing In re Italian Cook Oil Corp., 190 F.2d 994, 996 (3d Cir. 1951) ("The trustee, however, may not blow hot or cold. If he accepts the contract he accepts it cum onere. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other")). Liquid Funding objects to the Debtor's stated cure amount on the Repurchase Agreement of $0.00 and reserves the right to supplement and further object to the cure amounts by September 20, 2007 at 4:00 p.m. in accordance with the Modified Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, if Any.

5

section 365 of the Bankruptcy Code. The Third Circuit has found that "[f]or section 365 to apply, the contract or lease must be in existence, if the contract or lease has expired by its own terms or has been terminated prior to the commencement of the bankruptcy case, then there is nothing left for the trustee to assume or assign." Kopelman v. Halvajian (In re Triangle Laboratories), 663 F.2d 463, 467 (3d Cir. 1981) (citations omitted). "[A]n executory contract or lease validly terminated prior to the institution of bankruptcy proceedings is not resurrected by the filing of the petition in bankruptcy, and cannot therefore be included among the debtor's assets." Triangle Laboratories, 663 F.2d at 467-68. Thus, upon the termination of the Repurchase Agreement, such agreement no longer constituted property of the Debtors' estates and, therefore, the Repurchase Agreement cannot be assumed and assigned pursuant to section 365 of the Bankruptcy Code. See Coast Cities Truck Sales, Inc. v. Navistar Int'l Trans. Co. (In re Coast Cities Truck Sales, Inc.), 147 B.R. 674, 677 (D. N.J. 1992) (finding that a terminated dealership agreement could not be assumed by the debtor). Moreover, because the servicing rights of AHMC and AHMA have been terminated under the Repurchase Agreement, the assets "for sale" are not property of the estate. It is axiomatic that the Debtors cannot sell any property that it does not own or have an interest in.

10.     Furthermore, even assuming that the Repurchase Agreement was still executory (which it is not), it clearly could not be assumed by the Debtors under the plain language of subsection (c)(2) of section 365 because it is beyond dispute that the Repurchase Agreement is a "contract … to … extend other debt financing or financial accommodations, to or for the benefit of the debtor."

### The Servicing Rights Were Transferred to Liquid
### Funding Upon Termination of the Repurchase Agreement

11.     Any rights of the Debtors to service the Purchased Mortgage Loans were extinguished upon the termination of the Repurchase Agreement and payment of the Repurchase Price by AHMC and AHMA. As such, there are no servicing rights, Servicing Documents and Collections under the Repurchase Agreement to be sold, and the Debtors have no interests in the servicing rights that have already been terminated under the Repurchase Agreement. Simply stated, the Debtors have no legal or equitable interest, whatsoever, in the Repurchase Agreement, the Purchased Mortgage Loans, the servicing rights to the Purchased Mortgage Loans, the Servicing Documents or the Collections and therefore, cannot seek to transfer them. See In re Wey, 854 F.2d 196, 199 (7th Cir. 1988) ("Possession of expired rights is the equivalent of the possession of no rights").

12.     Indeed, the Debtors have already transferred the servicing rights on the remaining Repurchased Mortgage Loans to EMC on or about August 20, 2007, and therefore cannot seek to transfer EMC's servicing rights or any servicing rights under the Master Repurchase Agreement pursuant to the Motion. By listing the Repurchase Agreement as a Potential Executory Contract to be assumed and assigned pursuant to the Motion the Debtors are not only violating the property interests and rights of Liquid Funding, but are also misleading any potential bidder of the Debtors' Servicing Business. As such, this Court cannot approve the Sale Order.

WHEREFORE, without in any way limiting its rights, Liquid Funding specifically requests that the Court (i) finds that (a) Liquid Funding's property, including, but not limited to,

the Purchased Mortgage Loans and any proceeds related thereto, the servicing rights, including the Servicing Documents, and the Collections will not be sold, transferred or otherwise encumbered, because such property is not property of the Debtors' estates; (b) the Debtors are not permitted to assume and assign the Repurchase Agreement pursuant to section 365 of the Bankruptcy Code because such contract was terminated and does not constitute an executory contract; (c) nothing in the Sale Order will affect the rights of Liquid Funding under the Repurchase Agreement and section 559 of the Bankruptcy Code; and (ii) grants such other relief that is just and proper.

Dated: September 13, 2007

Respectfully submitted,

DUANE MORRIS LLP

_____
Richard W. Riley (DE 4052)
Frederick B. Rosner (DE 3995)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone: (302) 657-4943
Facsimile: (302) 657-4901

and

SIDLEY AUSTIN LLP
William M. Goldman
Geoffrey T. Raicht
Alex R. Rovira
Lori A. Kujawski
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

NY1 6331112