**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AMERICAN HOME MORTGAGE | § | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | § | |
| <u>et</u> <u>al</u>., | § | (Jointly Administered) |
| | § | |
| | § | **Ref. Docket Nos. 11, 113, 403, 674** |
| Debtors. | § | **Sale Hearing Date: October 1, 2007 @ 10:00 a.m.** |
| | § | **Objection Deadline: September 13, 2007@ 4:00 p.m.** |

**LIMITED OBJECTION OF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**
**TO EMERGENCY MOTION OF THE DEBTORS FOR ORDERS: (A)(I) APPROVING SALE**
**PROCEDURES; (II) SCHEDULING A HEARING TO CONSIDER SALE OF CERTAIN**
**ASSETS USED IN THE DEBTORS' LOAN SERVICING BUSINESS; (III) APPROVING**
**FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF;**
**AND (B)(I) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS,**
**CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING THE**
**ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND**
**UNEXPIRED LEASES RELATED THERETO; (III) APPROVING THE ASSUMPTION AND**
**ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
**RELATED THERETO; AND (IV) GRANTING RELATED RELIEF *AND***
**TO CERTAIN RELATED NOTICES OF ASSUMPTION**

JPMorgan Chase Bank, National Association ("<u>JPMC</u>") and certain of its affiliates

(collectively, the "<u>JPMC Entities</u>"), by and through their undersigned counsel, and in accordance with

Section 363(b) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 6004 and

9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") hereby file this Limited

Objection (the "<u>Objection</u>") to the *Emergency Motion of the Debtors for Orders: (A)(I) Approving*

*Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors'*

*Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting*

*Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims,*

*Encumbrances, and other Interests; (II) Authorizing the Assumption and Assignment of Certain*

*Executory Contracts and Unexpired Leases Related Thereto; (III) Approving the Assumption and*

*Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting*

*Related Relief* [Dkt. No. 11] (the "Sale Motion") and to the *Notice of Service of (I) Possible*

*Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and*

*(II) Proposed Cure Obligations, If Any* [Dkt. No. 403] (the "Assumption Notice"), and in support of

their Objection, respectfully state as follows:

## BACKGROUND

1.      On August 6, 2007 (the "Petition Date"), American Home Mortgage Investment Corp.

("AHMIC") and certain of its affiliates and subsidiaries (collectively, the "Debtors" and, individually,

a "Debtor") commenced voluntary cases under Chapter 11 of the Bankruptcy Code in this Court (the

"Bankruptcy Cases").

2.      The Debtors remain in possession of their property and are managing their businesses as

debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On August 14, 2007, the United States Trustee appointed an Official Committee of

Unsecured Creditors.  No Chapter 11 trustee or examiner has been appointed in these cases.

4.      On August 6, 2007, the Debtors filed the Sale Motion. On August 9, 2007, this Court

entered its *Order Approving (I) Sale Procedures; (II) Scheduling a Hearing to Consider Sale of*

*Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of*

*Notice Thereof; and (IV) Granting Related Relief* [Dkt. No. 113] ("Sales Procedure Order")

establishing procedures for the sale of the Debtors' mortgage-servicing business (the "Proposed Sale")

and providing, among other things, that an auction (the "Auction") to sell that business would take

place on September 10, 2007.  As of the date of this Objection, the deadline for submitting bids to the

Auction is September 18, 2004, the current date for the Auction is September 24, 2007, and the

scheduled hearing date to approve the purchaser(s) at the Auction is October 1, 2007.

5.      On August 27, 2007, the Debtors filed the Assumption Notice in which they identified several alleged executory contracts that they intended to assume and assign to the party(ies) approved as the final purchaser(s) at the Auction. The Assumption Notice originally set September 13, 2007 as the deadline for filing any and all objections to the proposed assumption of executory contracts set forth in the Assumption Notice. On September 10, 2007, the Debtors filed their *Modified Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any* [Dkt. No. 674] ("Modified Assumption Notice") in which the Debtors extended the deadline for objecting to any assumption and assignments to September 20, 2007 at 4:00 p.m. The Modified Assumption Notice replaced the Assumption Notice in its entirety.  This Limited Objection also constitutes an objection to the Modified Assumption Notice.

6.      JPMC is one of the Debtors' warehouse lenders.  It acts as both administrative agent and lender under a warehouse facility with the Debtors.  Other JPMC Entities also executed various agreements with the Debtors. Several of these agreements are listed in the Modified Assumption Notice as potential contracts for assumption and assignment by the Debtors and, therefore, as possible assets for purchase by Qualified Bidders (as defined in the Sale Motion and Sale Procedures Order) at the Auction. As explained in detail below, the JPMC Entities have many concerns about the Debtors' attempted assumption and assignment of these agreements.  Prior to filing this Objection, the JPMC Entities raised these concerns with the Debtors on an informal basis by having their counsel send a letter to the Debtors' counsel outlining these various issues.

## LIMITED OBJECTION

7.      The JPMC Entities have at least four general concerns about the Sale Motion, the Modified Assumption Notice, and the Proposed Sale.  First, the JPMC Entities question whether

several of the contracts listed in the Modified Assumption Notice are even capable of assumption and assignment as executory contracts under the Bankruptcy Code.  Second, to the extent that the Sale Motion, the Proposed Sale and/or the Modified Assumption Notice purport to transfer mortgage loans, any servicing rights related to those loans or any other property constituting the collateral of the JPMC Entities under any loan facility or other financial arrangement between them and the Debtors, then the JPMC Entities' liens and security interests shall continue to encumber those mortgage loans and property unless the JPMC Entities' provide their affirmative consent to any release (which they have not, as of the filing date of this Objection, granted).  On this basis, the JPMC Entities would object to any purported free and clear sale of their collateral via the Sale Motion, the Sales Procedures, the Sale Procedures Order, or the Modified Assumption Notice.

8.      Third, the Modified Assumption Notice also suggests that the Debtors intend to assume and assign their interests only in the servicing rights associated with certain of these agreements, but not in the agreements themselves.  In other words, the Debtors intend to assume and assign only a portion of the underlying agreements. This attempted partial assumption contravenes Bankruptcy Code § 365, which requires a trustee or debtor-in-possession to assume an executory contract in its entirety. *See* 11 U.S.C. § 365; *In re Rickel Home Centers, Inc.*, 209 F.3d 291, 298 (3d. Cir. 2000) (Debtor "may assume the contract or lease, but it must do so in its entirety.); *In re Indian River Homes, Inc.*, 108 B.R. 46, 49 (D.Del. 1989) ("An executory contract must be assumed or rejected in its entirety."). Fourth, any agreements that constitute contracts for a financial accommodation, as defined in section 365(c)(2) of the Bankruptcy Code, may not be assumed and assigned by the Debtors. *See* 11 U.S.C. § 365(c)(2); *In re Sun Runner Marine, Inc.*, 945 F.2d 1089, 1091-1092 (9th Cir. 1991).  The JPMC Entities object to any effort to assume and assign such agreements.

9.      In addition to these more general objections, the JPMC Entities have the following

additional specific issues with each of the contracts listed on the Modified Assumption Notice (and

therefore scheduled to be assumed and assigned at the Auction):

10.    The ACH PAYMENTS AND COLLECTIONS AGREEMENT, dated October 31, 2005 ("ACH

Agreement") between JPMC and American Home Mortgage Servicing, Inc. ("AHM Servicing"):

       a.   No Right to Assume and Assign Financial Accommodation Contract: Section 7 of the ACH Agreement expressly contemplates an exposure limit on all ACH credit/debit entries made under it.  As such, the ACH Agreement constitutes a contract to make a financial accommodation to AHM Servicing.  Bankruptcy Code § 365(c)(2) prohibits the assumption of financial accommodation contracts.  The Debtors therefore cannot assume the ACH Agreement, and the JPMC Entities object to its purported assumption.

       b.   Existing ACH Accounts. The Debtors have established the ACH accounts called for in the ACH Agreement under their respective tax identification numbers.  Any purported assignee cannot use these existing accounts since the Debtors' tax identification numbers are unique to them.

       c.   Cure Amount: The Debtors have identified the cure amount for the ACH Agreement as zero.  At this time, the JPMC Entities have not yet calculated the cure amount, if any, on the ACH Agreement and reserve the right to supplement this Objection by providing a cure figure pending further analysis.

11.    The ASSIGNMENT, ASSUMPTION AND RECOGNITION AGREEMENT, dated May 1, 2007

("JPALT 2007-S1—AAR Agreement") among J.P. Morgan Acceptance Corporation I (the

"Depositor"), U.S. Bank National Association ("U.S. Bank"), as trustee, J.P. Morgan Alternative Loan

Trust 2007-S1 ("JPALT 2007-S1"), J.P. Morgan Mortgage Acquisition Corp. ("JPMAC"), JPMC,

AHM Servicing, and Wells Fargo Bank, N.A. ("Wells Fargo").

       a.   Completed Loan Pool Transfers: The JPALT 2007-S1—AAR Agreement contemplates transferring to JPALT 2007-S1 on specific dates certain pools of loans purchased by JPMAC.  The interim servicing of these loans also transfers at the same time from AHM Servicing to JPMC.  Two loan pools (as well as the servicing of the loans in these pools) were transferred on August 1, 2007 and September 1, 2007.  AHM Servicing no longer has any servicing rights on these transferred loans.  The JPMC Entities object to the assumption and assignment of the JPALT 2007-S1—AAR Agreement to the extent that the Debtors are attempting to assume and assign servicing rights on these transferred loans in contravention of the agreement's express terms.

b.    Future Loan Pool Transfers: The JPALT 2007-S1—AAR Agreement also contemplates the transfer of two additional loan pools on October 1, 2007 and November 1, 2007. All transfers will be complete by November 1. After these transfers are completed, AHM Servicing will no longer have any interim servicing rights under this agreement. The JPMC Entities object to any effort by AHM Servicing to assume and assign servicing rights in such loans beyond November 1, 2007. Furthermore, for operational reasons, the JPMC Entities object to any effort to transfer the interim servicing rights on these loans from AHM Servicing's current mortgage-servicing platform in the short interim period before these rights are finally transferred to JPMC. Such a dual transfer would impair these loans' value substantially, thereby causing significant injury to JPALT 2007-S1.

c.    Follow-Up Documentation: Neither the Modified Assumption Notice nor the Sales Motion explains how AHM Servicing (or any subsequent servicer to whom AHM Servicing may transfer these pooled loans) intends to provide JPMC with sufficient documentation to address any follow-up issues that may arise after the servicing on these loans is finally transferred to JPMC. AHM Servicing is obligated to provide such documentation under Section 4 of the JPALT 2007-S1—AAR Agreement and Section 7 of the Interim Servicing Agreement (as defined below). JPMC objects to the extent that this question is not addressed.

d.    Cure Amount: The Debtors have identified the cure amount for the JPALT 2007-S1—AAR Agreement as zero.   The JPMC Entities have not yet calculated the cure amount, if any, on this agreement and reserve the right to supplement this Objection by providing a cure figure pending further analysis.

12.    The ASSIGNMENT, ASSUMPTION AND RECOGNITION AGREEMENT, dated May 1, 2007 ("JPMMT 2007-S2—AAR Agreement") among the Depositor, U.S. Bank, as trustee, J.P. Morgan Mortgage Trust 2007-S2 ("JPMMT 2007-S2"), JPMAC, JPMC, AHM Servicing and Wells Fargo.

a.    Completed Loan Pool Transfers: The JPMMT 2007-S2—AAR Agreement has the same issues as the JPALT 2007-S1 AAR Agreement. The JPMC Entities object to the assumption and assignment of the JPALT 2007-S2—AAR Agreement to the extent that it attempts to assume and assign servicing rights on these transferred loans in contravention of the agreement's express terms.

b.    Future Loan Pool Transfers: Here again, all transfers of pooled loans under the JPMMT 2007-S2—AAR Agreement should be completed by October 1, 2007 and November 1, 2007, respectively, and AHM Servicing will have no interim servicing rights on these loans after that date. The JPMC Entities object to any effort by AHM Servicing to assume and assign servicing rights in such loans beyond November 1, 2007, and for operational reasons, object to

6

any effort to transfer the interim servicing rights on these loans from AHM Servicing's current mortgage-servicing platform in the short interim period before these rights are finally transferred to JPMC.

    c.    <u>Follow-Up Documentation</u>: The JPMC Entities object to the extent that the Sales Procedures and the Modified Assumption Notice do not address how AHM Servicing (or any subsequent servicer to whom AHM Servicing may transfer these pooled loans) intends to provide JPMC with sufficient documentation to address any follow-up issues that may arise after the servicing on these loans is finally transferred to JPMC, as AHM Servicing is obligated to do under Section 4 of the JPALT 2007-S2—AAR Agreement and Section 7 of the Interim Servicing Agreement.

    d.    <u>Cure Amount</u>: The JPMC Entities reserve the right to calculate a cure amount, if any, for this agreement and to supplement this Objection by including that cure figure.

13.    <u>A</u><u>SSIGNMENT</u>, <u>A</u><u>SSUMPTION AND</u> <u>R</u><u>ECOGNITION</u> <u>A</u><u>GREEMENT</u>, <u>dated July 1, 2007</u> ("<u>JPMMT 2007-S3—AAR Agreement</u>") among the Depositor, U.S. Bank, as trustee, J.P. Morgan Mortgage Trust 2007-S3 ("<u>JPMMT 2007-S3</u>"), JPMAC, JPMC, AHM Servicing and Wells Fargo.

    a.    <u>Completed Loan Pool Transfers</u>: The JPMC Entities reiterate the same objections as they had to the two previous AAR Agreements.

    b.    <u>Future Loan Pool Transfers</u>: The JPMC Entities reiterate the same objections as to the two previous AAR Agreements.

    c.    <u>Follow-Up Documentation</u>: The JPMC Entities reiterate the same objections as to the two previous AAR Agreements.

    d.    <u>Cure Amount</u>: The JPMC Entities reiterate the same objections as to the two previous AAR Agreements.

14.    <u>The A</u><u>SSIGNMENT</u>, <u>A</u><u>SSUMPTION AND</u> <u>R</u><u>ECOGNITION</u> <u>A</u><u>GREEMENT</u>, <u>dated June 1, 2006</u> ("<u>JPALT 2006-A3—AAR Agreement</u>") among the Depositor, U.S. Bank, as trustee, J.P. Morgan Alternative Loan Trust 2006-A3 ("<u>JPALT 2006-A3</u>"), JPMAC, JPMC, and Wells Fargo.

    a.    <u>No Right to Assume and Assign</u>: By its terms, no Debtor or Debtor-affiliate is a party to the JPALT 2006-A3—AAR Agreement. This agreement is among various JPMC Entities, Wells Fargo and U.S. Bank, as trustee. The Debtors have no contractual right to assume and assign an agreement to which they are not parties. *See* 11 U.S.C. § 365.

b.  Cure Amount: The Debtors have identified a cure amount of zero. A zero cure amount is inapposite in this case since the Debtors are not parties to this agreement.

15.  MORTGAGE LOAN SALE AGREEMENT, dated April 1, 2006 ("4/1/06 Purchase Agreement") among AHM, as seller, AHM Servicing, as servicer and JPMAC, as Purchaser.

a.  Issues Related to Rights Transferred: The 4/1/06 Purchase Agreement constitutes the overarching sale agreement regarding the loans sold to JPMAC that were then transferred pursuant to the JPALT 2007-S1—AAR Agreement, the JPMMT 2007-S2—AAR Agreement, and the JPMMT 2007-S3—AAR Agreement) (collectively, the "AAR Agreements"). Consequently, all the issues raised above with regard to the AAR Agreements apply with equal force to the 4/1/06 Purchase Agreement. The JPMC Entities therefore object to the assumption and assignment of the 4/1/06 Purchase Agreement to the extent it purports to assume and assign any permanent servicing rights related to those loans sold under the 4/1/06 Purchase Agreement after the last loan pools are transferred on November 1, 2007. The loans sold under the 4/1/06 Purchase Agreement are whole loans and were sold to JPMAC on a servicing-released basis. AHM Servicing's servicing rights consist only of the interim servicing prior to the loans' final transfer. The Debtors have no right to transfer to any Purchaser at the Auction any permanent servicing rights under these loans.

b.  Cure Amount: The Debtors have identified a cure amount of zero. According to the JPMC Entities' records, however, the Debtors owe JPMAC approximately $84 million in early-payment default obligations and other amounts under this agreement. If the Debtors intend to assume and assign the 4/1/06 Purchase Agreement, they will have to promptly pay these amounts in full as required by § 365 of the Bankruptcy Code.

16.  FLOW MORTGAGE INTERIM SERVICING AGREEMENT, dated April 1, 2006 ("Interim Servicing Agreement") among AHM Servicing, as servicer and JPMAC, as Purchaser.

a.  Issues Related to Rights Transferred: The Interim Servicing Agreement outlines the terms under which AHM Servicing conducts interim servicing on the loans sold to JPMAC pursuant to the 4/1/06 Purchase Agreement and ultimately transferred under the AAR Agreements. For this reason, all the issues the JPMC Entities have raised with respect to the AAR Agreements and the 4/1/06 Purchase Agreement also apply to the Interim Servicing Agreement. The JPMC Entities object to the Modified Assumption Notice, the Sale Motion and the Auction to the extent that they purport to transfer any permanent servicing rights under the loans sold pursuant to the 4/1/06 Purchase Agreement.

8

    b.    <u>Cure Amount</u>: The Debtors have identified the cure amount for the Interim Servicing Agreement as zero. The JPMC Entities have not yet calculated the cure amount, if any, on this agreement and reserve the right to supplement this Objection by providing a cure figure pending further analysis.

17.    <u>1/06 Senior Secured Credit Agreement, dated January 24, 2006 ("1/06 Credit Agreement")</u> among AHM, American Home Mortgage Investment Corp. ("AHM Investment") and JPMC (including any and all amendments and other related agreements).

    a.    <u>No Right to Assume and Assign Financial Accommodation Contract</u>: The 1/06 Credit Agreement, as amended, establishes the $200 million senior, secured revolving Warehouse Facility (the "Warehouse Facility") between JPMC and the Debtors. Among other things, the Warehouse Facility extended financing to the Debtors on a pre-petition basis to enable the Debtors to originate and fund mortgage loans in their continuing operations. In exchange for this financing, the Debtors granted JPMC a lien and security interest in these mortgage loans. The 1/06 Credit Agreement and its accompanying documents are without question contracts to make a loan and/or financial accommodation under Bankruptcy Code § 365(c)(2). As a result, the Debtors have no right to assume and assign the 1/06 Credit Agreement, and the JPMC Entities object to the Debtors' attempt to do so.

    b.    <u>Mortgage Loans Remain Subject to JPMC's Liens</u>. The mortgage loans funded under the 1/06 Credit Agreement remain JPMC's pre-petition collateral. These loans are whole loans, and, as the secured party, JPMC retains the right to terminate the Debtors' servicing of these loans and to assign their own servicer to them. Furthermore, any purported sale of these loans (or of the servicing rights associated with them) will remain subject to JPMC's lien under the Warehouse Facility. JPMC therefore objects to any effort to sell these loans via the Sale Motion, the Auction, or the Modified Assumption Notice free and clear of JPMC's lien or to transfer the servicing rights on these loans without JPMC's consent.

    c.    <u>Cure Amount</u>: The Debtors have identified the cure amount for the 1/06 Credit Agreement as zero. According to the JPMC Entities' records, the amount owed on the 1/06 Credit Agreement is no less than $160 million. To the extent that it is even possible to "cure" the 1/06 Credit Agreement as an executory contract (and the JPMC Entities deny that it is), then the Debtors would have to promptly pay this entire balance in full to assume and assign this agreement.

18.    <u>Mortgage Loan Sale Agreement, dated June 1, 2006 ("6/1/06 Purchase Agreement")</u> among AHM, as seller, AHM Servicing, as servicer and JPMAC, as Purchaser.

    a.    <u>Rights Transferred</u>: The JPMC Entities object to any effort by the Debtors to transfer any long-term servicing rights related to the loans sold under the 6/1/06 Purchase Agreement to the extent that the Debtors lack such permanent servicing rights under the terms of the 6/1/06 Purchase Agreement.

    b.    <u>Cure Amount</u>: The Debtors have identified a cure amount of zero for the 6/1/06 Purchase Agreement. Though the JPMC Entities believe the Debtors may owe early-payment default obligations on this agreement, the JPMC Entities have not yet calculated any cure amount. The JPMC Entities therefore reserve the right to supplement this Objection by providing a cure figure pending further analysis.

19.    With respect to the Cure Amounts identified in this Objection, the JPMC Entities would reiterate that the Debtors cannot assume and assign any of these agreements without making full and prompt cure of the entire cure amount, as calculated by the JPMC Entities. The JPMC Entities are also entitled to adequate assurance of future performance of these agreements and to all other rights and remedies afforded to them under Bankruptcy Code § 365. The JPMC Entities generally object to the Sales Motion, the Auction, the Proposed Sale, and the Modified Assumption Notice to the extent that they attempt to impair or curtail these rights of the JPMC Entities in contravention of the Bankruptcy Code.

<h2 style="text-align:center"><u>RESERVATION OF RIGHTS</u></h2>

20.    The JPMC Entities reserve the right to amend, supplement, modify, or withdraw this Objection in whole or in part at their discretion at any time and/or to object to the Modified Assumption Notice by a separate pleading, if necessary. The JPMC Entities do not waive any right they may have by filing this Objection. The JPMC Entities also reserve the right to provide additional briefing on the legal issues presented here. Finally, the JPMC Entities specifically reserve their right to seek relief from the automatic stay and/or to assert any other arguments with respect to any rights and remedies they may have *vis a vis* the Debtors.

**WHEREFORE**, the JPMC Entities request that: (i) the Sale Motion and the Modified Assumption Notice be denied to the extent that they purport to limit, abridge, affect, modify, or alter in

any respect any right of the JPMC Entities under any of the agreements specifically identified in this Objection or under any other agreements between one or more of the JPMC Entities and the Debtors not otherwise identified herein, and (ii) that the Court grant such other and further relief as just and proper.

Dated: Wilmington, Delaware
September 13, 2007

LANDIS RATH & COBB LLP

_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE  19801
(302) 467-4400

-and-

LOCKE LIDDELL & SAPP PLLC
Thomas H. Grace
Texas Bar No. 00785453
Federal I.D. No. 12618
W. Steven Bryant
Texas Bar No. 24027413
Federal I.D. No. 32913
600 Travis Street, Suite 3400
Houston, Texas  77002
Telephone:  713-226-1200
Facsimile:  713-223-3717

ATTORNEYS FOR JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,
AS ADMINISTRATIVE AGENT AND LENDER