**EXHIBIT D**

FORM OF INITIAL PURCHASE DATE NOTICE

[Date]

Société Générale,
 as Administrative Agent
1221 Avenue of the Americas
New York, New York 10020

[_____],
as Funding Agent

_____
_____
_____

Ladies and Gentlemen:

1. Reference is hereby made to that certain Mortgage Loan Purchase and Sale Agreement dated as of October 16, 2006 (as the same may be amended, restated, supplemented or otherwise modified from time to time, the "Agreement"), by and among American Home Mortgage Corp., as Seller, American Home Mortgage Servicing Inc., as Servicer, certain Purchasers and Funding Agents parties thereto, and Société Générale, as Administrative Agent for such Purchasers.  To the extent not defined herein, capitalized terms used herein have the meanings assigned to such terms in the Agreement.

  a. Pursuant to Section 2.01(b) of the Agreement, the undersigned hereby requests the aggregate Purchase Price for the Mortgage Loans to be purchased on the requested Purchase Date in an aggregate amount equal to the following (which shall be equal to at least $10,000,000 in the aggregate):

    $_____

  b. The requested Purchase Date is:

    _____

  c. The unpaid principal balance of all Mortgage Loans to be purchased on such Purchase Date is:

    $_____

      d.      The aggregate Purchase Price for the Mortgage Loans to be purchased on such Purchase Date are requested to be remitted to the following account of the Seller:

_____

2.      Seller hereby certifies that the Purchase Price payable for the Mortgage Loans to be sold on such Purchase Date, after giving effect to the resulting increase in the Net Investment, shall not cause the Net Investment to exceed the Maximum Purchase Limit.

3.      The Seller hereby represents and warrants that each of the conditions set forth in <u>Section 3.02</u> of the Agreement shall be satisfied (unless otherwise waived in accordance with the terms thereof) as of the Purchase Date.

Dated:_____

AMERICAN HOME MORTGAGE CORP., as Seller

By:_____
Name:
Title:

**EXHIBIT E**

FORM OF MONTHLY STATEMENT

[To be provided separately]

**EXHIBIT F**

FORM OF TRADE ASSIGNMENT

TAKEOUT ASSIGNMENT
COMMITMENT

_____ ("<u>Takeout Investor</u>")
(Address)
Attention: _____

Ladies and Gentlemen:

      Set forth below are the trade terms of your commitment (the "<u>Commitment</u>"), to purchase a pool of Mortgage Loans:

Seller:_____      Pool Type:
Trade Date:_____      Settlement Date:
Amount:_____      Purchase Price:
Coupon:_____
Trade Stipulations (if any):


This is to confirm that (i) the Commitment is in full force and effect, (ii) the Commitment has been assigned to Société Générale, as administrative agent (the "<u>Administrative Agent</u>") on behalf of the Purchasers, whose acceptance of such assignment is indicated below, (iii) you will accept delivery of such Mortgage Loans directly from the Administrative Agent, or from American Home Mortgage Corp. ("<u>AHM</u>"), as agent for the Administrative Agent and (iv) you will pay the Administrative Agent, for the benefit of the Purchasers for such Mortgage Loans the full amount of the Purchase Price on the Settlement Date, each as set forth above. Payment will be made "delivery versus payment (DVP)" to the Administrative Agent, for the benefit of the Purchasers, in immediately available funds and shall be remitted to:

      WIRE INSTRUCTIONS:

      Deutsche Bank National Trust Company
      ABA Routing Number: 021001033
      Account Number: 01419663
      Account Name: NYLTD Funds Control – Stars West
      Ref.: American Home/Societe Generale Custody – AH06AC

The Administrative Agent, for the benefit of the Purchasers shall have the right to require you to fulfill your obligation to purchase the Mortgage Loans.

Notwithstanding the foregoing, the obligation to deliver the Mortgage Loans to you shall be that of AHM, as agent for the Administrative Agent, and your sole recourse for the failure of such delivery shall be against AHM, as agent for the Administrative Agent.

Please execute this letter in the space provided below and send it by telecopy immediately to the Administrative Agent at _____, (telecopy no. (    ) ), Attention: _____. If you have any questions, please call _____ at (    ) _____ immediately.

Very truly yours,

**AMERICAN HOME MORTGAGE CORP.,**
as Seller

By: _____
Name:
Title:
Date:

Agreed to:

**SOCIETE GENERALE,** as administrative agent

By: _____
Title: _____
Date: _____

Agreed to:

[TAKEOUT BUYER]
By: _____
Title: _____
Date: _____

Exhibit F-3

**EXHIBIT G**

FORM OF PURCHASE DATE NOTICE

[Date]

Société Générale,
    as Administrative Agent
1221 Avenue of the Americas
New York, New York 10020

[                       ],
as Funding Agent

_____
_____
_____

Ladies and Gentlemen:

1.      Reference is hereby made to that certain Mortgage Loan Purchase and Sale Agreement dated as of October 16, 2006 (as the same may be amended, restated, supplemented or otherwise modified from time to time, the "Agreement"), by and among American Home Mortgage Corp., as Seller, American Home Mortgage Servicing Inc., as Servicer, certain Purchasers and Funding Agents parties thereto, and Société Générale, as Administrative Agent for such Purchasers. To the extent not defined herein, capitalized terms used herein have the meanings assigned to such terms in the Agreement.

        a.      Pursuant to Section 2.01(c) of the Agreement, the undersigned hereby requests the aggregate Purchase Price for the Mortgage Loans to be purchased on the requested Purchase Date in an aggregate amount equal to the following (which shall be equal to at least $10,000,000 in the aggregate):

                                                                  $_____

        b.      The requested Purchase Date is:

                                                            _____

        c.      The unpaid principal balance of all Mortgage Loans to be purchased on such Purchase Date is:

                                                                  $_____

      d.      The aggregate Purchase Price for the Mortgage Loans to be purchased on such Purchase Date are requested to be remitted to the following account of the Seller:

_____

2.      Seller hereby delivers this Purchase Date Notice in accordance with <u>Section 2.01(c)</u> of the Agreement to the Administrative Agent and each of the Funding Agents, and in connection herewith sets forth certain  information related to each Mortgage Loan to be purchased on such Purchase Date as detailed on <u>Schedule A</u> attached hereto.

3.      Seller hereby certifies that the Purchase Price payable for the Mortgage Loans to be sold on such Purchase Date, after giving effect to the resulting increase in the Net Investment, shall not cause the Net Investment to exceed the Maximum Purchase Limit.

4.      Upon payment of the Purchase Price for the Mortgage Loans to be purchased on such Purchase Date, Seller hereby transfers, assigns, sets over and otherwise conveys to the Purchasers on such Purchase Date the Mortgage Loans designated under <u>Schedule A</u> of this Purchase Date Notice.

5.      The Seller hereby represents and warrants that each of the conditions set forth in <u>Section 3.02</u> of the Agreement shall be satisfied (unless otherwise waived in accordance with the terms thereof) as of the Purchase Date.

6.      The Seller hereby sets forth certain information with respect to all of the Mortgage Loans subject to the Agreement as detailed on <u>Schedule B</u> attached hereto.

Dated:_____

AMERICAN HOME MORTGAGE CORP.,
as Seller

By:_____
Name:
Title:

SCHEDULE A TO PURCHASE DATE NOTICE

| loan_no | alt_loan_no | svc_loan_no | originator | custodian | mortgagor_name | prop_addr | prop_addr2 | prop_city | prop_state |
|---------|-------------|-------------|------------|-----------|----------------|-----------|------------|-----------|------------|
|         |             |             |            |           |                |           |            |           |            |
|         |             |             |            |           |                |           |            |           |            |

G-13

SCHEDULE A TO PURCHASE DATE NOTICE

| prop_zip | prop_county | product | product_code | loan_type | note_type | note_date | orig_rate | orig_term | amort_term | orig_balance | first_pay_date |
|----------|-------------|---------|--------------|-----------|-----------|-----------|-----------|-----------|------------|--------------|----------------|
|          |             |         |              |           |           |           |           |           |            |              |                |
|          |             |         |              |           |           |           |           |           |            |              |                |

G-14

SCHEDULE A TO PURCHASE DATE NOTICE

| mature_date | pmi_coverage | pmi_insurer_code | margin | balloon_flag | adjustable | first_pymt_adj_freq | pymt_adj_freq | first_rate_chg_date |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |

G-15

SCHEDULE A TO PURCHASE DATE NOTICE

| pymt_chg_date | first_rate_adj_freq | rate_adj_freq | first_rate_cap | period_rate_cap | min_int_rate | max_int_rate | io_flag | io_term | prepay_flag |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |

G-16

SCHEDULE A TO PURCHASE DATE NOTICE

| prepay_type | prepay_term | neg_amort_flag | neg_amort_limit | payment_type | period_pymt_cap | pi_constant | orig_pi_pymt | purpose_code |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |

G-17

SCHEDULE A TO PURCHASE DATE NOTICE

| appraisal_value | purchase_price | silent_2nd | manuf_housing_flag | prop_type | units | occupied_flag | doc_type | fico_score | tape_ltv | tape_cltv | front_ratio |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |

G-18

SCHEDULE A TO PURCHASE DATE NOTICE

| debt_ratio | jumbo_flag | self_employ_flag | highcost_flag | lien_position | other_lien_balance | fund_date | grade | channel_code | corresp_broker_code |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |

G-19

SCHEDULE A TO PURCHASE DATE NOTICE

| corresp_broker | mers_flag | mers_id | net_margin | prop_value | net_rate | service_fee | ltv_ratio | loan_ltv | cltv_ratio | reo_flag | heloc_flag | orig_draw |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

G110

SCHEDULE A TO PURCHASE DATE NOTICE

| draw_term | orig_date | pledge_amt | arm_index | as_of_date | act_balance | curr_balance | paid_to_date | next_due_date | curr_note_rate | fpd_flag |
|-----------|-----------|------------|-----------|------------|-------------|--------------|--------------|---------------|----------------|----------|
|           |           |            |           |            |             |              |              |               |                |          |
|           |           |            |           |            |             |              |              |               |                |          |

G111

SCHEDULE A TO PURCHASE DATE NOTICE

| pi_pymt | foreclosure | bankruptcy | rate_chg_date | commit_exp_date | inv_code | investor | takeout_amt | takeout_inv_code | takeout_inv_name |
|---------|-------------|------------|---------------|-----------------|----------|----------|-------------|------------------|------------------|
|         |             |            |               |                 |          |          |             |                  |                  |
|         |             |            |               |                 |          |          |             |                  |                  |

G112

SCHEDULE A TO PURCHASE DATE NOTICE

| takeout_price | takeout_wire_amt | trust_receipt | wet_status | title_co | title_co_code | wire_amt | Whse Name | Trade ID |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |

G113

SCHEDULE B TO PURCHASE DATE NOTICE

After giving effect to the purchase of such Mortgage Loans as of the requested Purchase Date:

1.      The aggregate outstanding balance of all Mortgage Loans which are Wet Loans and subject to the Agreement is $_____.  Such outstanding balance does not exceed 10% of the Maximum Purchase Limit as of such date.

2.      The aggregate outstanding balance of all Mortgage Loans which are FHA Loans or VA Loans and subject to the Agreement is $_____.  Such outstanding balance does not exceed 20% of the Maximum Purchase Limit as of such date.

3.      The aggregate outstanding balance of all Mortgage Loans which are Option ARM Loans and subject to this Agreement is $_____.  Such outstanding balance does not exceed 25% of the Maximum Purchase Limit as of such date.

4.      The aggregate outstanding balance of all Mortgage Loans which have a term of maturity of over 30 years and subject to the Agreement is $_____.  Such outstanding balance does not exceed 10% of the Maximum Purchase Limit as of such date.

5.      The aggregate outstanding balance of all Mortgage Loans which are supported by second lien Mortgages and subject to the Agreement is $_____.  Such outstanding balance does not exceed 15% of the Maximum Purchase Limit as of such date.

6.      The aggregate outstanding balance of all Mortgage Loans subject to the Agreement and which:

        (i)     were originated more than 90 days prior to such date is $_____.  Such outstanding balance does not exceed 10% of the Maximum Purchase Limit;

        (ii)    were originated more than 60 days prior to such date is $_____.  Such outstanding balance does not exceed 10% of the Maximum Purchase Limit; and

        (iii)   were originated more than 180 days prior to such date is zero.

7.      The weighted average FICO Score for all Mortgage Loans subject to the Agreement (excluding any FHA Loans and VA Loans) is _____.[3]

8.      The aggregate Anticipated Takeout Amounts for all outstanding Takeout Commitments (i) of any individual Approved Takeout Investor does not exceed the following percentages of the aggregate Anticipated Takeout Amounts for all outstanding Takeout

---

[3] Such FICO Score shall be a minimum of 690.

Commitments:  (A) 30% for each Approved Takeout Investor having a senior long-term unsecured debt rating of AA- or better by Standard & Poor's and Aa3 or better by Moody's; provided, that, for purposes of this calculation, Countrywide Securities Corp. ("CSC") shall be deemed to have satisfied such ratings requirement unless, the senior long-term unsecured debt rating of CSC has been downgraded or placed on "negative watch" by Standard & Poor's or Moody's as of October 16, 2006, (B) 20% for each Approved Takeout Investor having a senior long-term unsecured debt rating, A- or better by Standard & Poor's and A3 or better by Moody's, and (C) 10% for all other Approved Takeout Investors; provided that the Concentration Limit for ResCap shall be 5% so long as  ResCap has a senior long-term unsecured debt rating of BBB- or better by Standard &Poor's and Baa3 or better by Moody's, and (ii) the aggregate Anticipated Takeout Amounts for all outstanding Takeout Commitments of all Approved Takeout Investors having senior long-term unsecured debt ratings of less than A- by Standard & Poor's or A3 by Moody's does not exceed 20% of the aggregate Anticipated Takeout Amounts for all outstanding Takeout Commitments.

**EXHIBIT H**

FORM OF MAXIMUM PURCHASE LIMIT INCREASE NOTICE

[Date]

Société Générale,
  as Administrative Agent
1221 Avenue of Americas
New York, New York 10020

Ladies and Gentlemen:

      The undersigned, American Home Mortgage Corp. ("AHM"), refers to the Mortgage Loan Purchase and Sale Agreement dated as of October 16, 2006 (as the same may be amended, restated, supplemented or otherwise modified from time to time, the "Agreement", the terms defined therein being used herein as therein defined), among AHM, as Seller, American Home Mortgage Servicing, Inc., as Servicer, certain Purchasers and Funding Agents parties thereto, and Société Générale, as the Administrative Agent for such Purchasers, and hereby gives you notice irrevocably, pursuant to Section 2.06(b) of the Agreement, that the undersigned hereby requests an increase in the Maximum Purchase Limit, and in that connection sets forth below the information relating to such increase (the "Proposed Increase") as required by Section 2.06(b) of the Agreement:

    (i)     The Business Day the Proposed Increase is requested to become effective is _____, 20\_\_ [4].

    (ii)    The requested amount of the Proposed Increase is $_____.

    (iii)   After giving effect to the Proposed Increase, the Maximum Purchase Limit shall be $_____.

    [(iv)   The members of the additional Purchaser Group are:

    _____, as Conduit Purchaser;

    _____, as Committed Purchaser; and

    _____, as Funding Agent.][5]

---

[4]  Such date must be not less than fifteen days following the date of this notice.
[5]  This provision is only applicable if an additional Purchaser Group is added.

The undersigned hereby certifies that on the date hereof the following statements are true and on the effective date of the Proposed Increase the following statements shall be true before and after giving effect to the Proposed Increase:

(A)     the representations and warranties set forth in Sections 6.01 and 6.02 of the Agreement are true and correct in all material respects on and as of such date, as though made on and as of such date (except that in the case of any such representation and warranty that expressly speaks as to an earlier date, such representation and warranty shall be remade as to such earlier date);

(B)     no event has occurred, or would result from the Proposed Increase, that constitutes a Termination Event; and

(C)     the Termination Date shall not have occurred.

It is understood that nothing contained herein shall constitute a commitment on the part of any Purchaser to agree to such Proposed Increase, or to assume or increase any obligation to Seller at any time.  Each of the Purchasers that do agree to such Proposed Increase shall share in amount of such increase as set forth in Section 2.06(b) of the Agreement.  Upon the execution of this Maximum Purchase Limit Increase Notice, the Maximum Purchase Limit shall be automatically increased by the Proposed Increase.

This Maximum Purchase Limit Increase Notice may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same document.

Very truly yours,

AMERICAN HOME MORTGAGE CORP.


By:_____
Name:
Title:

H-2

Acknowledged and accepted this
_____ day of _____, 20__ by:


[_____],
as Conduit Purchaser


By:_____
Name:
Title:


[_____],
as Committed Purchaser and Funding Agent


By:_____
Name:
Title:


SOCIETE GENERALE,
as Administrative Agent for the Purchasers


By:_____
Name:
Title:

H-3

**EXHIBIT I-1**

FORM OF SELLER COMPLIANCE CERTIFICATE

This Compliance Certificate is furnished pursuant to that certain Mortgage Loan Purchase and Sale Agreement dated as of October 16, 2006 (as the same may be amended, restated, supplemented or otherwise modified from time to time, the "Agreement"), by and among American Home Mortgage Corp., as Seller (the "Seller"), American Home Mortgage Servicing, Inc., as Servicer, the certain Purchasers and Funding Agents parties thereto, and Société Générale, as Administrative Agent for such Purchasers. To the extent not defined herein, capitalized terms used herein have the meanings assigned to such terms in the Agreement.

THE UNDERSIGNED HEREBY CERTIFIES THAT:

1. I am the duly elected _____ of the Seller.

2. I have reviewed the terms of the Agreement and I have made, or have caused to be made under my supervision, a detailed review of the transactions and financial conditions of the Seller during the accounting period covered by the attached financial statements.

3. The examinations described in paragraph 2 above did not disclose, and I have no knowledge of, the existence of any condition or event which constitutes a Termination Event or a Potential Termination Event during or at the end of the accounting period covered by the attached financial statements or as of the date of this Certificate, except as set forth below.

4. Described below are the exceptions, if any, to paragraph 3 above by listing, in detail, the nature of the condition or event, the period during which it has existed and the action which the Seller has taken, is taking, or proposes to take with respect to each such condition or event:

_____

_____

5. Schedule I attached hereto sets forth financial data and computations evidencing the compliance with the Termination Events set forth in Section 8.01(bb) of the Agreement, all of which data and computations are true, complete and correct.

6. As of the date hereof, the jurisdiction of organization of the Seller is [insert state] and the Seller is a "registered organization" (within the meaning of Section 9-102 of the UCC in effect in such applicable jurisdiction) and the Seller has not changed its jurisdiction of organization since the date of the Agreement.

The foregoing certifications and the financial statements delivered with this Certificate in support hereof, are made and delivered this         day of                    , 20__.

By: _____

Name:

Title:

**EXHIBIT I-2**

FORM OF SERVICER COMPLIANCE CERTIFICATE

This Compliance Certificate is furnished pursuant to that certain Mortgage Loan Purchase and Sale Agreement dated as of October 16, 2006 (as the same may be amended, restated, supplemented or otherwise modified from time to time, the "Agreement"), by and among American Home Mortgage Corp., as Seller (the "Seller"), American Home Mortgage Servicing, Inc., as Servicer (the "Servicer"), the certain Purchasers and Funding Agents parties thereto, and Société Générale, as Administrative Agent for such Purchasers.  To the extent not defined herein, capitalized terms used herein have the meanings assigned to such terms in the Agreement.

THE UNDERSIGNED HEREBY CERTIFIES THAT:

1.    American Home Mortgage Servicing, Inc., as of the date hereof, is the Servicer under the Agreement.

2.    The undersigned is a Servicing Officer and is duly authorized pursuant to the Agreement to execute and deliver this Certificate to the Funding Agents.

3.    A review of the activities of the Servicer during the quarter ended _____, __, 20__, and of its performance under the Agreement was conducted under my supervision.

4.    The examinations described in paragraph 3 above did not disclose, and I have no knowledge of, the existence of any condition or event which constitutes a Servicer Termination Event during or at the end of such quarter, or as of the date of this Certificate, except as set forth below.

5. Described below are the exceptions, if any, to paragraph 4 above by listing, in detail, the nature of the condition or event, the period during which it has existed and the action which the Servicer has taken, is taking, or proposes to take with respect to each such condition or event:

_____

_____

6.    Schedule I attached hereto sets forth financial data and computations evidencing the compliance with the Termination Events set forth in Section 8.01(aa) of the Agreement, all of which data and computations are true, complete and correct.

The foregoing certifications and the financial statements delivered with this Certificate in support hereof, are made and delivered this        day of                  , 20__.


By: _____

Name:

Title:

**EXHIBIT I-3**

FORM OF AHMIC COMPLIANCE CERTIFICATE

This Compliance Certificate is furnished pursuant to that certain Mortgage Loan Purchase and Sale Agreement dated as of October 16, 2006 (as the same may be amended, restated, supplemented or otherwise modified from time to time, the "Agreement"), by and among American Home Mortgage Corp., as Seller (the "Seller"), American Home Mortgage Servicing, Inc., as Servicer (the "Servicer"), the certain Purchasers and Funding Agents parties thereto, and Société Générale, as Administrative Agent for such Purchasers. To the extent not defined herein, capitalized terms used herein have the meanings assigned to such terms in the Agreement.

THE UNDERSIGNED HEREBY CERTIFIES THAT:

1.     I am the duly elected _____ of the American Home Mortgage Investment Corp. ("AHMIC").

2.     I have reviewed the terms of the Agreement and I have made, or have caused to be made under my supervision, a detailed review of the transactions and financial conditions of AHMIC during the accounting period covered by the attached financial statements.

3.     The examinations described in paragraph 2 above did not disclose, and I have no knowledge of, the existence of any condition or event which constitutes a Termination Event or a Potential Termination Event during or at the end of the accounting period covered by the attached financial statements or as of the date of this Certificate, except as set forth below.

4.     Described below are the exceptions, if any, to paragraph 3 above by listing, in detail, the nature of the condition or event, the period during which it has existed and the action which AHMIC has taken, is taking, or proposes to take with respect to each such condition or event:

_____

_____

5.     Schedule I attached hereto sets forth financial data and computations evidencing the compliance with the Termination Events set forth in Sections 8.01(z), (cc) and (dd) of the Agreement, all of which data and computations are true, complete and correct.

The foregoing certifications and the financial statements delivered with this Certificate in support hereof, are made and delivered this        day of                 , 20__.


By: _____
Name:
Title:

SCHEDULE A

Purchaser Groups

| Conduit Purchaser | Related Funding Agent | Related Committed Purchaser | Purchaser Group Limit |
|---|---|---|---|
| Barton Capital Corporation | Société Générale | Barton Capital Corporation | $500,000,000 |

SCHEDULE B

Notice Addresses

AMERICAN HOME MORTGAGE CORP
538 Broadhollow Road
Melville, New York 11747
Facsimile: (516) 495-5411
Telephone: (516) 495-7026
Attention: Craig Pino

with a copy to Alan B. Horn, General Counsel, at the address above.


AMERICAN HOME MORTGAGE SERVICING INC.
538 Broadhollow Road
Melville, New York 11747
Facsimile: (516) 495-5411
Telephone: (516) 495-7026
Attention: Craig Pino

with a copy to Alan B. Horn, General Counsel, at the address above.

**SOCIETE GENERALE PURCHASER GROUP:**

BARTON CAPITAL LLC
c/o AMACAR Group, LLC
6525 Morrison Boulevard, Suite 318
Charlotte, North Carolina 28211
Attention:   Douglas K. Johnson


SOCIETE GENERALE
1221 Avenue of Americas
New York, New York 10020
Attention: Asset Securitization Group
Facsimile: (212) 278-7320
Telephone: (212) 278-6000

SCHEDULE C

Approved Takeout Investors

1.    Bear Stearns
2.    Citigroup
3.    Countrywide
4.    CSFB
5.    Deutsche Bank
6.    FHLMC
7.    FNMA
8.    ResCap
9.    Goldman Sachs
10.   Greenwich Capital
11.   Lehman Brothers
12.   Morgan Stanley
13.   National City
14.   Nomura
15.   UBS
16.   Wells Fargo

SCHEDULE D

Litigation

None.

SCHEDULE E

<u>Delegated Servicing Duties</u>

1.      Taxes – ZC Sterling
2.      Insurance – Assurant Insurance Group
3.      Statement Production – Check Printer's Inc.
4.      Lien Release Preparation – Security Connections, Inc.

SCHEDULE F

<u>Trade Names</u>

Attached.