IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------- x
In re:

AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corporation, et al.,[1]

                Debtors.
-------------------------------------------------------------------- x

Chapter 11

Case No. 07-11047 (CSS)

Jointly Administered

**Hearing Date: October 1, 2007 at 10:00 a.m.**
**Objection Deadline: September 24, 2007 at 4:00 p.m.**

## NOTICE OF MOTION

TO:    (I) THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (II)
COUNSEL TO THE COMMITTEE; (III) THE COUNTERPARTIES TO THE
REJECTED LEASES AND EXECUTORY CONTRACTS; (IV) COUNSEL TO BANK
OF AMERICA, N.A., AS ADMINISTRATIVE AGENT FOR THE LENDERS UNDER
THAT CERTAIN SECOND AMENDED AND RESTATED CREDIT AGREEMENT
DATED AUGUST 10, 2006; (V) THE DEBTORS' POSTPETITION LENDER; (VI)
THE SECURITIES AND EXCHANGE COMMISSION; (VII) AND ALL PARTIES
ENTITLED TO NOTICE UNDER DEL. BANKR. LR 2002-1 (b)

PLEASE TAKE NOTICE that the above-captioned debtors and debtors-in-

possession (collectively, the "Debtors") have filed the THIRD MOTION FOR AN ORDER,

PURSUANT TO SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY CODE AND

BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS TO REJECT

CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO ABANDON

CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT (the "Motion").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp.
("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM
Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a
Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558);
American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.
("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,
Texas 75063.

                                       

PLEASE TAKE FURTHER NOTICE that objections to the Motion must be filed with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **4:00 p.m. (ET) on September 24, 2007**. At the same time, you must also serve a copy of the objection upon the undersigned counsel.

A HEARING ON THIS MATTER WILL BE HELD ON **OCTOBER 1, 2007 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 N. MARKET STREET, 5TH FLOOR, COURTROOM #6, WILMINGTON, DELAWARE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OF HEARING.

Dated: Wilmington, Delaware
      September *13*, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

       066585.1001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------- x  Chapter 11

In re:

:  Case No. 07-11047 (CSS)

AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corporation, et al.,[1]

:  Jointly Administered

Debtors.

: **Hearing Date: October 1, 2007 at 10:00 a.m.**
: **Objection Deadline: September 24, 2007 at 4:00 p.m.**
--------------------------------------------------------------- x

**THIRD MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO ABANDON CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT**

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby

move the Court (the "Motion"), pursuant to sections 105(a), 365(a), and 554(a) of title 11 of the

United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 6006 and 6007

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing

the Debtors to:  (i) reject certain unexpired nonresidential real property leases identified on

Exhibit A (collectively, the "Office Leases"); (ii) reject certain unexpired equipment leases as

identified on Exhibit B (collectively, the "Equipment Leases"); and (iii) abandon any property

remaining at the premises subject to the Office Leases including, but not limited to, furniture,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

fixtures and equipment (collectively, the "FF&E").[2]  In support of this Motion, the Debtors

respectfully represent as follows:

## STATUS OF CASE AND JURISDICTION

1.      On August 6, 2007 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors have

continued in possession of their properties and have continued to operate their businesses as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      An official committee of unsecured creditors (the "Committee") was

appointed on August 14, 2007.  No trustee or examiner has been appointed.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates

for the relief requested herein are sections 105(a), 365(a) and 554(a) of the Bankruptcy Code,

along with Bankruptcy Rules 6006, 6007, and 9014.

## BACKGROUND OF DEBTORS

4.      Prior to the filing of these bankruptcy cases, AHM's business primarily

entailed the origination, servicing, and sale of mortgage loans, as well as investment in mortgage

loans and mortgage-backed securities resulting from the securitizations of residential mortgage

loans.  AHM also invested in securitized mortgage loans originated by others and originated and

sold mortgage loans to institutional investors.  AHM offered an array of mortgage products and

primarily made loans to borrowers with good credit profiles.  Most of its portfolio consisted of

securitized adjustable-rate mortgage (ARM) loans of prime and alternate A quality.

---

[2]  The Debtors submit that they have been and will continue to take steps to collect and preserve any information located in the Office Leases consistent with SEC guidelines and applicable consumer privacy laws.

5.     As of December 31, 2006, AHM held a leveraged portfolio of mortgage loans held for investment and mortgage-backed securities in the amount of approximately $15.6 billion. As of December 31, 2006, AHM operated more than 550 loan production offices located in 47 states and the District of Columbia, and made loans throughout all 50 states and the District of Columbia. Certain of the Debtors originated mortgages through a network of loan origination offices. In addition, AHM originated loans obtained from mortgage brokers and purchased loans from correspondents. AHM originated approximately $58.9 billion in aggregate principal amount of loans in 2006 and for the third quarter of 2006 was ranked as the nation's 10th largest residential mortgage lender, according to National Mortgage News.

6.     A large component of AHM's business is the servicing of loans, which is conducted through AHM Servicing. The servicing business collects mortgage payments, administers tax and insurance escrows, responds to borrower inquiries, and maintains control over collection and default mitigation processes. As of December 31, 2006, AHM Servicing serviced approximately 197,000 loans with an aggregate principal amount of approximately $46.3 billion. AHM continues to conduct its servicing business, which constitutes a valuable asset of the Debtors' estates.

## EVENTS LEADING TO THE CHAPTER 11 FILING

7.     Beginning in late 2006, and continuing through 2007, the credit markets became concerned over the quality of subprime mortgages and, specifically, the increasing default rates on such mortgages. These concerns became exacerbated by the failure of two major hedge funds with concentrated investments in subprime loans.

8.     The concern in the credit markets has spread beyond the subprime market and has been reflected in the widening of the spread between the rate of interest on U.S. Treasury issued securities and general corporate debt securities. The surge in mortgage delinquencies for

3

subprime home loans also generated anxiety in the market about borrowers with adjustable rate mortgages scheduled to reset with higher rates in 2007 and 2008.

9.      In the weeks prior to the Petition Date, this unprecedented disruption in the credit markets caused major write-downs of the Debtors' loan and security portfolios and consequently resulted in margin calls for hundreds of millions of dollars with respect to the Debtors' loans. During this time, certain of the Debtors' warehouse lenders -- the financial institutions that provide short term credit facilities needed to originate and purchase loans -- began to exercise remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and threatening the company's continued viability.

10.      On July 27, 2007, AHM Investment announced that its Board of Directors had decided to delay payment of its quarterly cash dividend on the Company's common stock and anticipated delaying payment of its quarterly cash dividends on its preferred stock to preserve liquidity.

11.      The Debtors' inability to originate loans and the exercise of remedies by certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the Debtors to discontinue their retail and indirect loan origination business. As a result, on August 3, 2007, the Debtors implemented a massive reduction in workforce, resulting in the termination of over 6,500 employees. The Debtors now employ approximately 700 persons who are absolutely essential to the Debtors' continued operations, although that number is expected to decline as various wind-up tasks are completed, the retail branches are closed and the Debtors' remaining assets are sold.

12.      In the wake of these events, the Debtors, assisted by counsel and professional advisors, sought alternative funding sources and capital infusions. Additionally, the

4

Debtors engaged in efforts to sell their businesses and assets, including, but not limited to, loans owned by the Debtors, residual securities in securitization trusts and scratch and dent loans, to financial and strategic investors.

13.    Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed these chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets.

## RELIEF REQUESTED

14.    By this Motion, the Debtors respectfully request the entry of an order, pursuant to sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, authorizing the Debtors to:  (i) reject the Office Leases; (ii) reject the Equipment Leases (together with the Office Leases, the "Rejected Leases"); and (iii) abandon the FF&E remaining at the Office Leases.  Further, the Debtors request that rejection of the Rejected Leases be effective as of September 30, 2007.

## BASIS FOR RELIEF REQUESTED

### A.    Rejection of the Rejected Leases

15.    Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject an executory contract or an unexpired lease." 11 U.S.C. § 365(a); see also University Med. Ctr. v. Sullivan (In re University Med. Ctr.), 973 F.2d 1065, 1075 (3d Cir. 1992).  The Court may approve a debtor's rejection of an executory contract or unexpired lease if such rejection is made in the exercise of such debtor's sound business judgment, and if such rejection benefits its estate.  See, e.g., Sharon Steel Corp. v. National Fuel Gas Distrib. Corp., 872 F.2d 36, 39 (3d Cir. 1989); NLRB v. Bildisco & Bildisco (In re Bildisco), 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 513 (1984); In re Patterson, 119 B.R.

59 (E.D. Pa. 1990). See, also, In re Federated Dep't. Stores, Inc., 131 B.R. 808, 811 (S.D. Ohio

1991) ("Courts traditionally have applied the business judgment standard in determining whether

to authorize the rejection of executory contracts and unexpired leases"); Westbury Real Estate

Ventures, Inc. v. Bradlees, Inc. (In re Bradlees, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y.

1996) ("[u]nder the business judgment test, . . . [a court should approve a debtor's proposed

rejection] if the debtor can demonstrate that rejection will benefit the estate"). It is enough if a

debtor determines in its business judgment that a benefit will be realized. Sharon Steel Corp.,

872 F.2d at 39 (citing Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co. (In re Wheeling-

Pittsburgh Steel Corp.), 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987)). The business judgment

standard requires that the Court approve the debtor's business decision unless that judgment is

the product of bad faith, whim or caprice. Lubrizol Enter., Inc. v. Richmond Metal Finishers,

756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986).

   16. As an integral component of the Debtors' efforts to maximize value for

their estates and creditors by, among other things, eliminating unnecessary operating costs, the

Debtors have determined, in the exercise of their business judgment, that it is in the best interest

of their estates and creditors to avoid the accrual of any further obligations under the Rejected

Leases. The real and personal property subject to the Rejected Leases largely relate to the

Debtors' loan origination platform, which the Debtors are no longer operating. The Debtors

have been in contact with entities in the loan origination industry to determine potential interest

in assignment of the Rejected Leases; however, no such assignments with respect to these

Rejected Leases are forthcoming. The economic burden associated with maintaining these

properties, the Debtors' cessation of their operations in these locations, and the lack of interest

for potential assignment provide sufficient bases for the Debtors' decision to reject the leases.

6

17.    Moreover, the Debtors have reviewed the Rejected Leases and determined that they hold no material economic value to the Debtors or their estates and are not essential to the conduct of the Debtors' bankruptcy cases. The rejection of the Rejected Leases will eliminate the Debtors' obligation to perform, and the accrual of any further administrative expense obligations, under the Rejected Leases.[3] Accordingly, the Debtors submit that the rejection of the Rejected Leases is within their sound business judgment and is in the best interest of the Debtors, their estates, creditors and other parties-in-interest.

**B.    Retroactive Rejection**

18.    The Debtors request that this Court approve the rejection of the Rejected Leases effective as of September 30, 2007. Bankruptcy courts are empowered to grant retroactive rejection of executory contracts and unexpired leases under sections 105(a) and 365(a) of the Bankruptcy Code. See e.g., Thinking Machines Corp. v. Mellon Fin. Serv. Corp. (In re Thinking Machines Corp.), 67 F.3d 1021, 1028 (1st Cir. 1995) (recognizing that bankruptcy courts are courts of equity that may enter orders authorizing retroactive rejection); In re Amber's Stores, Inc., 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (same).

19.    Courts in this jurisdiction have previously considered the question of retroactive rejection of unexpired leases. See, e.g., In re Namco Cybertainment, Inc., Case No. 98-173 (Bankr. D. Del. 1998) (Walsh, J.). In In re Namco Cybertainment, the Court permitted retroactive rejection on the condition that (a) the premises (and the keys thereto) were surrendered with an unequivocal statement of abandonment to the landlord; (b) the motion was filed and served on the landlord; and (c) the official committee has consented to the relief

---

[3] The Debtors do not concede that any of the Rejected Leases are, in fact, unexpired. The Debtors also reserve their rights to argue that any claim for damages arising from the rejection of the Rejected Leases is limited to the remedies available under any applicable termination provision of such Rejected Lease, or that any such claim is an obligation of a third party, and not that of the Debtors.

7

requested in the motion; and (d) the debtor acknowledged that it would not have the right to withdraw the motion.

20.     The Debtors will have effectively satisfied the criteria for retroactive rejection of the Rejection Leases by or before September 30, 2007. The Debtors will send letters (the "Rejection Letters") to each of the known counterparties to the Rejected Leases unequivocally surrendering the property and making available the equipment subject to each Rejected Lease, in a manner to be received by the counterparties prior to September 30, 2007. Second, the filing and service of this Motion further informs each of the counterparties to the Rejected Leases that the Debtors are unequivocally surrendering the property subject to the Office Leases and making available the equipment subject to the Equipment Leases as of September 30, 2007. To the extent that any keys were in the possession of the Debtors, such keys have previously been surrendered or are being enclosed with the respective Rejection Letters. Third, the Debtors have provided notice of their intentions with respect to the relief requested herein to the Committee, and the Committee has consented to the relief requested herein. Finally, the Debtors hereby acknowledge that they will not have the right to withdraw the Motion.

## C.     Abandonment of Certain FF&E

21.     In the event that there is any remaining FF&E left at the premises subject to the Office Leases after September 30, 2007, the Debtors request authority to abandon such FF&E. Section 554 of the Bankruptcy Code provides that: "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554. See In re New Century TRS Holdings, Case No. 07-10416 (Bankr. D. Del. April 24, 2007) (Carey, J.).

22.    The Debtors propose to abandon the FF&E at the premises subject to the Office Leases because it would be more cost-effective to do so than to transport, store, and sell the FF&E, which has little value.  As a result, the decision to reject the Office Leases and abandon the FF&E located in the Office Leases is supported by the Debtors' sound business judgment and is in the best interests of their estates, creditors, and other parties-in-interest.  For the reasons set forth above, the Debtors seek authorization, pursuant to sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, to reject the Rejected Leases and abandon any FF&E remaining at the premises of such Office Leases as of the September 30, 2007.

## NOTICE

23.    Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the counterparties to the Rejected Leases; (v) counsel to the Debtors' postpetition lender; (vi) the Securities and Exchange Commission; and (vii) all parties that have requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

9

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto authorizing: (i) the rejection of the Rejected Leases as of September 30, 2007; (ii) authorizing the abandonment of the FF&E; and (iii) granting such other and further relief as this Court deems just and proper.

Dated:    Wilmington, Delaware
          September *13*, 2007

                                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                    _____
                                    James L. Patton, Jr. (No. 2202)
                                    Joel A. Waite (No. 2925)
                                    Pauline K. Morgan (No. 3650)
                                    Sean M. Beach (No. 4070)
                                    Matthew B. Lunn (No. 4119)
                                    Kara Hammond Coyle (No. 4410)
                                    Kenneth J. Enos (No. 4544)
                                    The Brandywine Building
                                    1000 West Street, 17th Floor
                                    Wilmington, Delaware 19801
                                    Telephone: (302) 571-6600
                                    Facsimile: (302) 571-1253

                                    Counsel for Debtors and Debtors in Possession

10

# EXHIBIT A

## OFFICE LEASES

| Property Address | Property Suite | Property City | Property State | Property Zip | Landlord | Landlord Address 1 | Landlord Address 2 | Landlord City | Landlord State | Landlord Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| 1111 West 22nd Street | suite #223 | Oakbrook | IL | 60521 | IL - III 22nd st. co Equity Office / ATT: 10920 | 135 La Salle | Dept 3763 | Chicago | IL | 60674-3763 |
| 5524 - 5526 Elmwood Road | | Roscoe | IL | 61073 | Krieger Real Estate | 3304 North Halsted | | Chicago | IL | 60657 |
| 500 Colonial Center Parkway | | Roswell | GA | 30076 | A-Colonial 300/500 Owner LLC | PO Box 55079 | Department 6502 | Birmingham | AL | 35255 |
| 4200 Commerce Court | | Lisle | IL | 60532 | Capital Commerce Mortgage, co Janko Financial Group | 3030 Finley Rd | Suite 110 | Downers Grove | IL | 60515 |
| 5215 Old Orchard Road | | Skokie | IL | 60077 | TA Associates Realty | 28 State Street | 10th floor | Boston | MA | 02109 |
| 10220 SW Greenberg Road | | Tigard | OR | 97223 | OR-Meadows Lake Oswego LLC co Shorenstein Properties LLC | 555 California Street | 49th Floor | San Francisco | CA | 94104 |
| 5000 Meadows Road | Suite 385 | Lake Oswego | OR | 97035 | co Shorenstein Properties LLC | 555 California Street | 49th Floor | San Francisco | CA | 94104 |
| 116 Defense Highway | Ste. 301 | Annapolis | MD | 21401 | Direct Invest - 116 Defense Highway, LLC | 211 Congress Street | 8th Floor | Boston | MA | 02110 |
| 1827 South Michigan Avenue | | Chicago | IL | 60616 | Jeffrey P. & Lori Diamand | 4237 West 42nd Place | | Chicago | IL | 60632 |
| 1189 Ragsdale Court | Ste. B-2 | Carmel | IN | 46032 | T & J Office LLP | 12019 Edgefield Drive | | Fishers | IN | 46037 |
| 3528 W. Liberty Rd | Suite 200 | Ann Arbor | MI | 48103 | Liberty-Wagner Business Park, LLC | 1935 So. Industrial | | Ann Arbor | MI | 48104 |
| 29 & 31 E. Dover Street | | Easton | MD | 21601 | 29 East Dover Street, LLC | 8750 Absentee Bell Drive | Suite 110 | Columbia | MD | 21045 |
| 600 Jefferson Street | Suite 205 | Rockville | MD | 20852 | WRIT Limited Partnership Investment Trust | P.O. Box 70555 | | Baltimore | MD | 21279-0555 |
| 7474 Greenway Center | Suite 500 & 600 | Greenbelt | MD | 20770 | WRIT Limited Partnership | 6110 Executive Boulevard | Suite 800 | Rockville | MD | 20852 |
| 1100 Main Street | Suite 701 | Kansas City | MO | 64105 | City Center Square Equities II, LLC | 1100 Main Street | Suite 208 | Kansas City | MO | 64105 |
| 7920 Norfolk Avenue | | Bethesda | MD | 20814 | Douglas Development | 702 H Street NW | Suite 400 | Washington | DC | 20001 |
| 7142-7146 Columbia Gateway Drive | | Columbia | MD | 21046 | DDR Southeast Fountains, LLC | 4770 Perryhaw Circle | Dept 107/8330352167 | Chicago | IL | 60674 |
| 1704 & Nell St. | Suite A | Champaign | IL | 61820 | 1817 S. Neil St. Partnership co Ramshaw Real Estate | 1817 S. Neil Street | Suite 200 | Champaign | IL | 61820 |
| 610 N. Alma School Road | Suites 54-59 | Chandler | AZ | 85224-5900 | Waterfall Shopping Center, Inc. | 1138 West Baseline Road | | Mesa | AZ | 85210 |
| 5023 N. Illinois | Unit 2 | Fairview Heights | IL | 62208 | Prime Property, Inc. | #2 Club Centre Court | | Edwardsville | IL | 62025 |
| 105 S. York Road | Unit 2A | Elmhurst | IL | 60126 | 105 S. York Road, LLC co Catalano & Associates | 105 S. York Rd. | | Elmhurst | IL | 60126 |
| 14404 Old Mill Road | | Upper Marlboro | MD | 20772 | Old Mill Sheflin, LLC co NAI Utah Commercial Management, Inc. | 343 East 500 South | | Salt Lake City | UT | 84111 |
| 1601 Tiffin Avenue | | Findlay | OH | 45840 | Dunlea Commercial Properties | 1601 Tiffin Avenue | | Findlay | OH | 45840 |
| 7801 W. Bethel Avenue | | Sycamore | IL | 60178 | Dunlea Commercial Properties | 4842 Mountain Ash Drive | | Wayne | IN | 46814 |
| 10002 Auburn Park Drive | | Fort Wayne | IN | 46825 | BNG Development, LLC | 4808 Illinois Rd | | Fort Wayne | IN | 46804 |
| Two Greentree Centre | Suite 122 | Marlton | NJ | 08053 | Brandywine Operating Partnership, LP | P.O. Box 8538-563 | | Philadelphia | PA | 19171 |
| 87 Hunt Street | | Agawam | MA | 01001 | Pina Realty Partnership LP | 380 Union Street | | West Springfield | MA | 01089 |
| 4444 Mound Road | | Sterling Heights | MI | 48314 | Antonio Cavaliere | C/O Mound Investments | 24620 Schoenherr | Warren | MI | 48089 |
| 6515 - 6515 W 127th Street | | Palos Heights | IL | 60463 | Palos Heights Properties, LLC | 1 South Polo Drive | | South Barrington | IL | 60010 |
| 3701 S. Lindbergh | | Saint Louis | MO | 63127-1371 | Voss Properties Corp. | 11140 South Towne Square | | St. Louis | MO | 63123 |
| 3101 A-1 Enroe Road | | Abingdon | MD | 21009 | Multi Properties, Inc | Pikesville Professional Bldg. P.O. Box 21579 | | Baltimore | MD | 21282 |
| 2040 W. Iles Avenue | | Springfield | IL | 62704-418 | William R & Patricia A Marriott | P.O. Box 9888 | | Springfield | IL | 62791 |
| One Canal Plaza | | Portland | ME | 04101 | Curtis Thaxter Stevens Broder & Micoleau, LLC | P.O. Box 7320 | | Portland | ME | 04112-7320 |
| 3821 Leonardtown Road | | Waldorf | MD | 20602 | Justin S. Faramaco Thomas C. Hayden Jr. | 105 La Grange Avenue | P.O. Box 1119 | La Plata | MD | 20646 |
| 114 W. Water Street | | Centerville | IN | 21617 | Landlord co Joseph Stevens | 380 Union Street | | Centerville | IN | 21617 |
| 1827 S. Michigan Avenue | | Chicago | IL | 60632 | Jeffrey P. & Lori Diamond | 4237 West 42nd Place | | Chicago | IL | 60632 |
| 131 East Columbia Ave | Suite 1200/1220 | Battle Creek | MI | 49015 | Hart & Associates c/o Battle Creek | 15700 Wabash Road | | Battle Creek | MI | 49017 |
| 2100 RiverEdge Parkway | | Atlanta | GA | 30328 | CMD Realty Investment Fund IV co Bank One | PO Box 73322 | | Chicago | IL | 60673-7322 |

# **EXHIBIT B**

## LOCATIONS CONTAINING EQUIPMENT, SUBJECT TO
## EQUIPMENT LEASES THAT ARE BEING REJECTED

1707 Cole Blvd., Suite 350, Golden, CO 80401

5151 Beltline Road, Dallas, TX 75254

400 Skokie Blvd., Northbrook, IL 60062

17744 Skypark Circle, Irvine, CA 92614


## LOCATIONS CONTAINING EQUIPMENT, SUBJECT
## TO EQUIPMENT LEASES THAT ARE BEING REJECTED; PROVIDED,
## HOWEVER, THAT NO EQUIPMENT LEASE WITH PITNEY BOWES, U.S. BANK
## OR XEROX, FOR THESE LOCATIONS, IS BEING REJECTED

601 South Florida Avenue, #1, Lakeland FL 33801

1307 Franklin Road, Yuba City, CA 95993

642 Bridge Street, Yuba City, CA 95991

34 South Broad Street, Woodbury, NJ 08096

1799 Michelle Lane, Greenwood, IN 46142

304 Harper Drive, Moorestown, NJ  08054

DB02:6233973.4                                              066585.1001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
In re:                                              :    Chapter 11
                                                    :
AMERICAN HOME MORTGAGE                               :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,¹    :
                                                    :    Jointly Administered
                                                    :
                              Debtors.              :    Ref Docket No. _____
------------------------------------------------------------- x
```

**THIRD ORDER, PURSUANT TO SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS TO
REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO
<u>ABANDON CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT</u>**

Upon consideration of the motion (the "<u>Motion</u>")² of the above-captioned debtors

and debtors in possession (the "<u>Debtors</u>"), for an order pursuant to sections 105(a), 365(a), and

554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>"),

(i) authorizing the Debtors to reject the Office Leases and the Equipment Leases (the "<u>Rejected</u>

<u>Leases</u>") and (ii) abandon certain of the FF&E; and the Court being satisfied that the rejection of

the Rejected Leases and the abandonment of certain of the FF&E is in the best interests of the

Debtors, their estates and creditors and is a proper exercise of the Debtors' business judgment;

and due and proper notice of the Motion having been given; and it appearing that no other or

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc. ("<u>AHM Holdings</u>") (6303); American Home Mortgage Investment Corp.
("<u>AHM Investment</u>"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("<u>AHM</u>
<u>Acceptance</u>"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("<u>AHM Servicing</u>"), a
Maryland corporation (7267); American Home Mortgage Corp. ("<u>AHM Corp.</u>"), a New York corporation (1558);
American Home Mortgage Ventures LLC ("<u>AHM Ventures</u>"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("<u>Homegate</u>"), a New York corporation (7491); and Great Oak Abstract Corp.
("<u>Great Oak</u>"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,
Texas 75063.

² Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that the Debtors are authorized, pursuant to 11 U.S.C. § 365(a), but not required, to reject the Office Leases identified on Exhibit A attached hereto; and it is further

ORDERED, that the Office Leases are deemed rejected pursuant to 11 U.S.C. § 365(a) effective as of September 30, 2007; and it is further

ORDERED, that the Debtors are authorized, pursuant to 11 U.S.C. § 365(a), but not required, to reject the equipment leases relating to equipment located in the properties identified on Exhibit B attached hereto; and it is further

ORDERED, that the Equipment Leases are deemed rejected pursuant to 11 U.S.C. § 365(a) effective as of September 30, 2007; and it is further

ORDERED, that the Debtors are authorized, but not required, pursuant to 11 U.S.C. § 554(a), to abandon any FF&E remaining at the premises of the Office Leases as of September 30, 2007; and it is further

ORDERED, that nothing herein shall prejudice the rights of the Debtors to argue that any claim for damages arising from the rejection of the Rejected Leases is limited to the remedies available under any applicable termination provision of such Rejected Lease, or that any such claim is an obligation of a third party, and not that of the Debtors; and it is further

2

ORDERED, that this Court shall retain jurisdiction over an any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
      October _____, 2007

                                      _____
                                        Christopher S. Sontchi
                                        United States Bankruptcy Judge

## EXHIBIT A

### OFFICE LEASES

| Property Address | Property Suite | Property City | Property State | Property Zip | Landlord | Landlord Address | Landlord Address 2 | Landlord City | Landlord State | Landlord Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| 1111 West 22nd Street | suite #225 | Oakbrook | IL | 60521 | IL-III 22nd St. c/o Equity Office / ATT: 10820 | 135 La Salle | Dept 3763 | Chicago | IL | 60674-3763 |
| 5524 - 5528 Elevator Road | | Roscoe | IL | 61073 | Krenger Real Estate | 3304 North Halsted | | Chicago | IL | 60657 |
| 500 Colonial Center Parkway | | Roswell | GA | 30076 | A-Colonial 300/500 Owner LLC / Capital Commerce Mortgage, | PO Box 933379 | Department 6502 | Birmingham | AL | 35205 |
| 4200 Commerce Court | Suite 385 | Lisle | IL | 60532 | c/o Janko Financial Group | 3030 Finley Rd | Suite 110 | Downers Grove | IL | 60515 |
| 9216 Old Orchard Road | Ste. 301 | Skokie | IL | 60077 | TA Associates Realty | 28 State Street | 10th floor | Boston | MA | 02109 |
| 10220 SW Greenburg Road | | Tigard | OR | 97223 | c/o Shoreline Lake Oswego LLC | 555 California Street | 49th Floor | San Francisco | CA | 94104 |
| 5000 Meadows Road | Suite 385 | Lake Oswego | OR | 97035 | OR-Meadows Lake Oswego LLC / c/o Shoreline Properties LLC | 555 California Street | 49th Floor | San Francisco | CA | 94104 |
| 116 Defense Highway | Ste. 301 | Annapolis | MD | 21401 | Direct Invest - 116 Defense Highway, LLC | 211 Congress Street | 8th Floor | Boston | MA | 02110 |
| 1827 South Michigan Avenue | | Chicago | IL | 60616 | Jeffrey P. & Lori Diamond | 4237 West 42nd Place | | Chicago | IL | 60632 |
| 1180 Medical Court | | Carmel | IN | 46032 | T & J Office LLP | 12019 Edgefield Drive | | Fishers | IN | 46037 |
| 3528 W. Liberty Rd | Ste. B-2 | Ann Arbor | MI | 48103 | Liberty-Wagner Business Park, LLC | 1935 So. Industrial | | Ann Arbor | MI | 48104 |
| 29 & 31 E. Dover Street | Suite 200 | Easton | MD | 21601 | 29 East Dover Street | P. O. Box 78555 | | Baltimore | MD | 21279-0555 |
| 620 Jefferson Street | Suite 205 | Rockville | MD | 20852 | Washington Real Estate Investment Trust / WRIT Limited Partnership | 6110 Executive Boulevard | Suite 600 | Rockville | MD | 20852 |
| 7474 Greenway Center | Suite 600 & 680 | Greenbelt | MD | 20770 | Douglas Development | 7021 KSW Way | Suite 400 | Washington | DC | 20001 |
| 1100 Main Street | Suite 701 | Kansas City | MO | 64105 | City Center Square Equities II, LLC | 1100 Main Street | Suite 208 | Kansas City | MO | 64105 |
| 7920 Norfolk Avenue | | Bethesda | MD | 20814 | DDR Southeast Fountains, LLC | 4770 Paysphere Circle | | Chicago | IL | 60674 |
| 7142-7146 Columbia Gateway Drive | | Columbia | MD | 21046 | | 6750 Alexander Bell Drive | Suite 110 | Columbia | MD | 21046 |
| 1724 S. Neil St | Suite A | Champaign | IL | 61820 | 1817 S. Neil St. Partnership c/o Ramshaw Real Estate | 1817 S. Neil Street | Suite 200 | Champaign | IL | 61820 |
| 610 N. Alma School Road | Suites 54-56 | Chandler | AZ | 85224-3600 | Waterfall Shopping Center, Inc. / ATTN: Becky Butler | 1130 West Baseline Road | | Mesa | AZ | 85210 |
| 5023 N. Illinois | Unit 2 | Fairview Heights | IL | 62208 | Prime Development, Inc. | #2 Club Centre Court | | Edwardsville | IL | 62025 |
| 105 S. York Road | Unit 2A | Elmhurst | IL | 60126 | 105 S. York Road, LLC c/o Catalano & Associates | 105 S. York Rd, | Suite 2B | Elmhurst | IL | 60126 |
| 1440A Old Mill Road | | Upper Marlboro | MD | 20772 | Old Mill Shellin, LLC / c/o NAI Utah Commercial Management, Inc. | | 343 East 500 South | Salt Lake City | UT | 84111 |
| 1601 Tiffin Avenue | | Findlay | OH | 45840 | Huston Properties | 1601 Tiffin Avenue | | Findlay | OH | 45840 |
| 760 Foxpointe Drive | | Sycamore | IL | 60178 | Dunlee Commercial Properties | | | Wayne | IL | 60184 |
| 10002 Auburn Park Drive | | Fort Wayne | IN | 46825 | BNG Development, LLC | 49422 Mountain Ash Drive | | Fort Wayne | IN | 46804 |
| Two Greentree Centre | Suite 122 | Marlton | NJ | 08053 | Brentwyn One Operating Partnership, LP | 4608 Illinois Rd | P.O. Box 1119 | Philadelphia | PA | 19171 |
| 871 Island Drive | | Agawam | MA | 01001 | Pine Creek Agawam L.P. | 380 Union Street | | West Springfield | MA | 01089 |
| 4444 Mound Road | | Sterling Heights | MI | 48314 | C/O Mound Investments | 1 South Polo Drive | 24620 Schoenherr | Warren | MI | 48089 |
| 6915 - 6915 W 127th Street | | Palos Heights | IL | 60463 | Palos Heights Properties, LLC | 11140 South Towne Square | | South Barrington | IL | 60010 |
| 3701 S. Lindbergh | | Saint Louis | MO | 63127-1371 | Voss Properties Corp. | P.O. Box 8988 | | St. Louis | MO | 63123 |
| 3101 A-4 Emmorton Road | | Abingdon | MD | 21009 | Pikesville Professional Bldg | P.O. Box 8988 | P.O. Box 21579 | Baltimore | MD | 21282 |
| 2040 W. Iles Avenue | | Springfield | IL | 62704-418 | Multi Properties, Inc / William R & Patricia A Marriott | P.O. Box 7230 | | Springfield | IL | 62791 |
| One Canal Plaza | | Portland | ME | 04101 | Curtis Thaxter Stevens Broder & Micoleau, LLC | 105 La Grange Avenue | | Portland | ME | 04112-7320 |
| 3825 Lexinnetown Road | | Waldorf | MD | 20602 | Judith S. Farrell c/o Thomas C. Hayden Jr. | P.O. Box 146 | | La Plata | MD | 20646 |
| 114 W. Water St. | | Centerville | MD | 21617 | Jeffrey R. & Lori Diamond | | | Centerville | MD | 21617 |
| 1827 S. Michigan Avenue | | Chicago | IL | 60532 | Hart & Associates / Landlord c/o Joseph Stevens | 4237 West 42nd Place | | Chicago | IL | 60632 |
| 101 East Columbia Ave | | Battle Creek | MI | 49015 | Antonio Cavilere | 15700 Watson Road | | Battle Creek | MI | 49017 |
| 2160 Rivertedge Parkway | Suite 1200/1220 | Atlanta | GA | 30328 | CMD Realty Investment Fund IV c/o Bank One | PO Box 73322 | | Chicago | IL | 60675-7322 |

# EXHIBIT B

## LOCATIONS CONTAINING EQUIPMENT, SUBJECT TO
## EQUIPMENT LEASES THAT ARE BEING REJECTED

1707 Cole Blvd., Suite 350, Golden, CO 80401

5151 Beltline Road, Dallas, TX 75254

400 Skokie Blvd., Northbrook, IL 60062

17744 Skypark Circle, Irvine, CA 92614


## LOCATIONS CONTAINING EQUIPMENT, SUBJECT
## TO EQUIPMENT LEASES THAT ARE BEING REJECTED; PROVIDED,
## HOWEVER, THAT NO EQUIPMENT LEASE WITH PITNEY BOWES, U.S. BANK
## OR XEROX, FOR THESE LOCATIONS, IS BEING REJECTED

601 South Florida Avenue, #1, Lakeland FL 33801

1307 Franklin Road, Yuba City, CA 95993

642 Bridge Street, Yuba City, CA 95991

34 South Broad Street, Woodbury, NJ 08096

1799 Michelle Lane, Greenwood, IN 46142

304 Harper Drive, Moorestown, NJ  08054