UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| *In re* | : | Chapter 11 |
|   | : |   |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation *et al.,* [1] | : |   |
|   | : | Case Number 07-11047 (CSS) |
| Debtors. |   | (Jointly Administered) |
|   | : |   |

**Hearing Date: September 17, 2007 at 12 noon**

**OBJECTION OF THE UNITED STATES TRUSTEE TO (I) THE APPLICATION FOR ORDER PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 APPROVING THE RETENTION OF MILESTONE ADVISORS, LLC AS INVESTMENT BANKERS AND FINANCIAL ADVISORS FOR THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE AND (II) THE APPLICATION FOR ORDER PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 APPROVING THE RETENTION OF PHOENIX CAPITAL, INC. AS INVESTMENT BANKERS FOR THE DEBTORS NUNC PRO TUNC
(DOCKET ENTRY #s 227, 529)**

In support of her objection to (i) the application for an order pursuant to sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014 approving the retention of Milestone Advisors, LLC ("Milestone") as investment bankers and financial advisors for the Debtors nunc pro tunc to the Petition Date and (ii) the application for an order pursuant to sections 327 and 328 of the

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: AHM Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Bankruptcy Code and Bankruptcy Rule 2014 approving the retention of Phoenix Capital, Inc. ("Phoenix") as investment bankers for the Debtors nunc pro tunc (the "Applications"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

## INTRODUCTION

1. Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Applications and this objection.

2. Under 28 U.S.C. § 586(a)(3)(I), the UST is charged with monitoring applications filed under 11 U.S.C. § 327 "and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications." This duty is part of the U.S. Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Applications and the issues raised in this objection.

**OBJECTION**

4.   The U.S. Trustee objects to the Applications on the following grounds:[2]

(a.)   The Debtors are seeking approval of the compensation proposed to be paid to Milestone and Phoenix under 11 U.S.C. § 328(a). 11 U.S.C. § 328(a) provides:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under 327 or 1103 of this title, as the case may be, on any reasonable terms or conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

The U.S. Trustee is discussing a potential agreement with the Debtors and the affected professionals that would provide for the review of their fees under the standards contained in 11 U.S.C. § 330. In the absence of an agreement in that regard, the U.S. Trustee leaves the Debtors to their burden to establish that the compensation proposed to be paid to Milestone and Phoenix warrants approval under 11 U.S.C. § 328(a); the Applications do not contain information sufficient to justify the reasonableness of the proposed compensation.

(b.)   The second page of the proposed forms of order indicates that Milestone and Phoenix are seeking a waiver of the information requirements of Local Rule 2016-2 to ". . . submit time records in summary format which shall set forth a description of the services rendered by each of its professionals and the amount of time spent on each date by each such individual in rendering

---

[2] The U.S. Trustee and the Debtors have reached an agreement in principle (subject to documentation) on a number of issues relating to the Applications. The unresolved issues are identified in this objection.

services on behalf of the Debtors . . . ." The U.S. Trustee is discussing a potential agreement with the Debtors and the affected professionals regarding the scope of an appropriate waiver of the information-keeping requirements of Local Rule 2016-2. In the event that an agreement is not reached on this point, the U.S. Trustee leaves the professionals to their burden to establish "cause" for a waiver under Local Rule 2016-2(g).

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Application or granting other relief consistent with this objection.

        Respectfully submitted,

        **KELLY BEAUDIN STAPLETON**
        **UNITED STATES TRUSTEE**


        BY:  /s/ Joseph J. McMahon, Jr.
              Joseph J. McMahon, Jr., Esquire (# 4819)
              Trial Attorney
              United States Department of Justice
              Office of the United States Trustee
              J. Caleb Boggs Federal Building
              844 King Street, Room 2207, Lockbox 35
              Wilmington, DE  19801
              (302) 573-6491
              (302) 573-6497 (Fax)

Date:  September 14, 2007