MARK R. JAMES
2911 Pacific Heights Road
Honolulu, Hawaii 96813
Tel.: (808) 221-3636
Pro Se

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | BK. NO. 07-11047 (CSS) |
| | ) | (Chapter 11) |
| AMERICAN HOME MORTGAGE | ) | |
| HOLDINGS, INC., a Delaware | ) | Jointly Administered |
| corporation, et al., | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**MEMORANDUM IN OPPOSITION TO DEBTORS'
MOTION FOR AN ORDER (I) TERMINATING THEIR
NON-QUALIFIED DEFERRED COMPENSATION PLAN
PURSUANT TO SECTION 363(b)(1) OF THE BANKRUPTCY CODE
AND (II) DIRECTING THE TRUSTEE OF THE DEBTORS' NON-QUALIFIED
DEFERRED COMPENSATION PLAN TRUST TO RETURN DEBTORS'
ASSETS HELD IN TRUST TO THE DEBTORS' ESTATES PURSUANT
TO SECTION 105(a) OF THE BANKRUPTCY CODE "Motion")**

MARK R. JAMES ("James"), hereby files this Memorandum in

Opposition to the Motion.

59260.1

**ORIGINAL**

## BACKGROUND

James was employed by American Home Mortgage Corp. ("AHMC"), one of the affiliates of American Home Mortgage Holdings, Inc. ("Debtors") from April 5, 2005, through and including August 3, 2007. During that time, I served as the Honolulu Branch Manager for AHMC in its operations in Honolulu, Hawaii.

In December 2005, I was advised that as a upper level executive of AHMC, I was eligible to participate in AHMC's deferred compensation plan. At that time, I received a packet of information entitled, "December 2005 Enrollment Kit - Destinations," outlining all of the benefits I would receive by participating in AHMC's deferred compensation plan. The cover letter from the kit, a copy of which is attached hereto as Exhibit "A" outlined "Some of the important plan features." Noticeably absent from the important plan features outline was any indication that the deferred funds would not be protected for the benefit of the plan participants. At the time the plan was promoted to me, no one took the time to advise me of the major caveat that the funds would not be protected from other creditors of AHMC. Had that fact been made clear to me, I may not have elected to participate in the plan.

Attached hereto as Exhibit "B" is a copy of my plan account summary for the period April 1, 2007, through June 30, 2007, showing a total invested balance of $63,374.45.

I received a copy of the Debtors' Motion on the afternoon of August 31, 2007, just before the Labor Day holiday weekend.

I am filing this objection pro se since I have had insufficient time to retain bankruptcy counsel in Delaware to represent me, given the extremely shortened notice period for objections to the Debtors' Motion.

## OBJECTIONS

1. <u>The Motion Should be Continued</u>. The Court should deny the Debtors' Motion at the present and continue this matter for further hearing to allow individuals like myself sufficient time to retain counsel to make an appropriate response to the Debtors' Motion. While shortened notice in a case may be appropriate when given to sophisticated bankruptcy practitioners, neither I, nor I assume most of my fellow employees, are such. From what I can determine from the Debtors' filing, the notice was sent out to the individual participants on or about August 30, 3007, none of whom appear to have been represented by counsel in the case since the case was brand new, with the expectation that they would be able to retain counsel in Delaware to adequately represent them individually or as a group on or before September 12, 2007. Given that the

participants are scattered throughout the United States, I assume the Debtors did this intentionally to insure that no real objections would be filed to the Debtors' Motion. Additionally, the Debtors withheld the contact information for other plan participants, again to insure that no organized opposition could occur before the scheduled response date. This matter should be continued for at least thirty (30) days to allow individuals like myself sufficient time to obtain bankruptcy counsel in Delaware.

2. **The Motion Should be Denied for Failure to Provide Adequate Notice and a Complete Filing.** On page 2 of the Debtors' Motion there is a reference to a footnote 2, which refers to some further declaration of Michael Strauss, filed in support of the Debtors' Petition for relief. Copies of that declaration, apparently which supports the Debtors' Motion affecting my compensation plan, was not included in the materials forwarded to me. Therefore, it is difficult for me at this point to respond to the proposed use of these funds in the Debtors' business. The Debtors should be required to serve the supporting declaration on all affected parties prior to the Court's consideration of the Motion.

3. **The Use of the Funds Should be Limited.** To the extent the Debtors intend to use these funds for any business other than the business of AHMC, the Court should deny the Motion. To the extent the Debtors are correct in their assertion that these funds were not protected and were an asset of AHMC,

available for AHMC's expenses, then the Court should limit the use of the funds to only AHMC's expenses and not allow the funds to be used for the expenses of the Debtors or any of the Debtors' other affiliates.

4. <u>The Use of the Funds Should Not Prejudice the Plan Participants' Other Claims</u>.  To the extent the Court is inclined to grant the Motion, the order approving the Debtors' Motion should be without prejudice to (a) any member of the deferred compensation plans' rights to make priority or other claims against the Debtors or to the funds, and (b) any claims the plan participants might have against officers and directors and other entities outside the Debtors' group who may be liable to plan participants for representations made in connection with the Debtors' deferred compensation plans.

DATED: Honolulu, Hawaii, _____9-10-07_____.

_____
MARK R. JAMES
Pro Se

59260.1

-5-