IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE | : | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., Delaware corporation, et al.,[1] | : | Jointly Administered |
| | : | |
| Debtors. | : | **Re: Dkt. Nos. 14, 66** |

## SECOND STIPULATION EXTENDING RESPONSE DEADLINE

The Debtors and the Official Committee of Unsecured Creditors ("Committee" and together with the Debtors, the "Parties"), by and through their respective undersigned counsel, hereby stipulate and agree (the "Stipulation") as set forth below:

WHEREAS, on August 6, 2007 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, on August 14, 2007, the Office of the United States Trustee appointed the following members to the Committee: (i) Wilmington Trust Company, (ii) The Bank of New York Trust Company, N.A., (iii) Deutsche Bank National Trust Co., (iv) Nomura Credit & Capital, Inc., (v) Impac Funding Corporation, (vi) Waldners Business Environments, Inc., and (vii) United Parcel Service;

WHEREAS, on August 14, 2007, the Committee selected Blank Rome and Hahn & Hessen LLP as its co-counsel;

---

[1] The Debtors are the following entities: American Home Mortgage Holdings, Inc., a Delaware corporation; American Home Mortgage Investment Corp., a Maryland corporation; American Home Mortgage Acceptance, Inc., a Maryland corporation; American Home Mortgage Servicing, Inc., a Maryland corporation; American Home Mortgage Corp., a New York corporation; American Home Mortgage Ventures LLC, a Delaware limited liability company; Homegate Settlement Services, Inc., a New York corporation; and Great Oak Abstract Corp., a New York corporation.

WHEREAS, on the Petition Date the Debtor filed various "first day" motions, including a motion seeking authorization to maintain and continue using existing bank accounts and business forms and authorization to maintain and continue using its existing cash management system [Dkt. No. 14] ("Cash Management Motion").  The Bankruptcy Court entered an order approving the Cash Management Motion on August 7, 2007 [Dkt. No. 66] ("Cash Management Order");

WHEREAS, the Committee and its professionals are in the process of investigating the issues raised in the Cash Management Motion and are working with the Debtors to understand the cash management system and to identify and resolve any related disputes.  The Committee has raised a number of questions regarding the Cash Management Order and the process is on-going;

WHEREAS, pursuant to Del. Bankr. L.R. 9013-1(m)(v) parties in interest may file a motion to reconsider a "first day" order within 30 days of entry of such order, unless the court orders otherwise.  The Committee's initial deadline to file a motion for reconsideration of the Cash Management Order was September 6, 2007, however, the Committee and the Debtor entered into a Stipulation extending the deadline to September 17, 2007, which extension was approved by Order of this Court on September 7, 2007;

WHEREAS, the Committee has requested a further extension of time and the Parties have agreed to extend the Committee's deadline to file a motion to reconsider the Cash Management Order through and including September 24, 2007 to allow the Parties additional time to resolve any disputes without necessitating the Committee's filing of such a motion;

**NOW, THEREFORE**, for and in consideration of the mutual promises and covenants herein contained, the sufficiency of which is acknowledged by the Parties, and with the foregoing background deemed incorporated hereinafter, the Debtor and the Committee, intending

to be legally bound, hereby stipulate and agree as follows:

1. The Parties agree that the Committee's deadline under Del. Bankr. L.R. 9013-1(m)(v) is extended, solely with respect to the Cash Management Order, through September 24, 2007.

2. Nothing in this Stipulation can be construed as a waiver of any of the Parties' rights and defenses with respect to the Cash Management Motion and the Parties hereby reserve and preserve any and all of their respective rights and defenses with respect to the Cash Management Motion. The adjournment is intended to facilitate the Parties' attempt to resolve any issues and the adjournment shall not be deemed as a delay in the exercise of any of the Parties' rights and defenses.

3. The Debtors and the Committee, by written agreement, may extend further the September 24, 2007 deadline.

| | |
|---|---|
| **YOUNG, CONAWAY, STARGATT & TAYLOR** | **BLANK ROME LLP** |
| */s/ Sean M. Beach* <br> Edward J. Kosmowski <br> Pauline K. Morgan <br> Sean M. Beach <br> 1000 West Street, 17th Floor <br> P.O. box 391 <br> Wilmington Delaware 19899 <br> Telephone: (302) 571-6600 <br> Facsimile: (302) 571-1253 <br><br> *Counsel to the Debtors* | */s/ Bonnie Glantz Fatell* <br> Bonnie Glantz Fatell (No. 3809) <br> 1201 Market Street, Suite 800 <br> Wilmington, Delaware 19801 <br> Telephone: (302) 425-6400 <br> Facsimile: (302) 425-6464 <br><br> -and- <br><br> HAHN & HESSEN LLP <br> Mark S. Indelicato <br> Mark T. Power <br> 488 Madison Avenue <br> New York, New York 10022 <br> Telephone: (212) 478-7200 <br> Facsimile: (212) 478-7400 <br><br> *Proposed Co-Counsel to the Official Committee of Unsecured Creditors of American Home Mortgage Holdings, Inc., et al.* |