IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | CHAPTER 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | CASE NO. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | Ref. Docket Nos. 135 & 137 and 425 |
| | Hearing Date: September 17, 2007 |
| | Time 12:00 noon |

## SUPPLEMENTAL OBJECTIONS OF LESSOR TPRF/THC HAVENPARK, LLC TO PROPOSED CURE AMOUNT

To American Home Mortgage Corp. ("AHM" or "Debtor"), one of the above-captioned debtors and debtors in possession and its attorneys of record:

Lessor TPRF/THC HavenPark, LLC ("Lessor") hereby submits this Supplement to Objections and Supplemental Declaration of Diane C. Stanfield, attached hereto as Exhibit 1, and the Supplemental Declaration of Lisa Hood, attached hereto as Exhibit 2, in support of Objections of Lessor TPRF/THC HavenPark, LLC To Proposed Cure Amount previously filed on September 7, 2007.

### Supplemental Support for Attorneys' Fees Claim

Debtor's counsel has requested copies of documents to support Lessor's claim for attorneys' fees. Accordingly, Lessor is submitting the Supplemental Declaration of Diane C. Stanfield, which attaches as Exhibits a copy of the Retainer Agreement with Lessor, and copies of the relevant invoices. With respect to those documents, Lessor wishes to make clear that by submitting such documents, it does not waive, nor does it intend to waive, the attorney-client privilege that attaches to any portions of those documents. For that reason, Lessor has redacted

all portions of the documents that it believes to be protected by the privilege. In so doing, Lessor relies on the following authorities:

In re Horn, 976 F.2d 1314, 1317 (9th Cir. 1992) ("An attorney may invoke the privilege to protect the identity of a client or information regarding a client's fee arrangements if disclosure would 'convey information which ordinarily would be conceded to be part of the usual privileged communication between attorney and client.' Baird v. Koerner, 279 F.2d 623, 632, 5 A.F.T.R.2d (P-H) 1683 (9th Cir. 1960)." The matters in an engagement letter which generally are not privileged include "the fact of a retainer, the identity of the client, the conditions of employment and the amount of the fee." In re Semel, 411 F.2d 195, 197 (3d Cir. 1969); accord, In re Michaelson, 511 F.2d 882, 885 (9th Cir. 1975). See also, Leach v. Quality Health Servs., 162 F.R.D. 499, 501 (D. Pa. 1995) ("It is generally accepted, however, that 'attorney billing statements and time records are protected by the attorney-client privilege ... **to the extent that they reveal litigation strategy and/or the nature of services performed**.' United States v. Keystone Sanitation Co., 885 F. Supp. 672, 675 (M.D. Pa. 1994) (citing cases)." [Bold emphasis added.])

Based thereon, Lessor is submitting (i) a copy of its engagement letter, redacted to show only the facts related to a retainer (none in this case), the identity of the client, the conditions of employment and the amount of the fee, and (ii) copies of the invoices actually sent to Lessor, with all information related to the nature of services provided and/or litigation strategy redacted.

**Conditional Reduction in Amount of Rent in Default**

On or about September 9, 2007, Indy Mac Bank, F.S.B., delivered to Lessor a check in the sum of $22,944.00 for September 2007 rent. The check has not yet been negotiated, because to Lessor's knowledge, no assignment of the subject Lease has been actually made to Indy Mac, and the License Agreement approved by the Court provides for Indy Mac to pay the Debtor, and the Debtor to pay Lessor in turn. Rather than take the chance of prejudicing its position (or that of Indy Mac), Debtor requested an agreement from Debtor's counsel as follows:

"To update you, the Landlord received a check from Indy Mac for

September rent, which it has not yet negotiated. Provided that you will confirm that it will not prejudice our Objections to the Debtor's proposed cure amount in any other way, we will have the Landlord negotiate the check and agree to deduct that amount from the demanded cure amount. Please let me know if this is agreeable.

In response, Debtor's counsel, Curtis Crowther, e-mailed:

"I am not in the business of giving comfort to non-clients. I would think that you should already know the answer to your question anyway. We do not agree that any rent is in default that is prohibited from being paid by the Bankruptcy Code."

In light of this cryptic and unclear message, Lessor has elected to raise the issue here.

Lessor will reduce the amount of rent sought in its Objections by the amount of $22,944.00, provided that the Court approves Lessor's acceptance of the payment by Indy Mac, which Lessor respectfully requests.

Respectfully submitted,

Dated: Wilmington, Delaware  
September 14, 2007

Pinckney Harris & Poppiti, LLC

_____  
Donna L. Harris (Del. Bar No. 3740)  
1000 N. West Street, Suite 1200  
Wilmington, De 19801  
Telephone: (302) 295-5065  
Facsimile: (302) 295-5066

Weston Benshoof Rochefort Rubalcava  
  & MacCuish LLP  
Dean G. Rallis Jr. (CA Bar No. 94266)  
(Appearance pro hac vice)  
Diane C. Stanfield (CA Bar No. 106366)  
(Appearance pro hac vice)  
333 S. Hope Street, Sixteenth Floor  
Los Angeles, California 90071  
Telephone: (213) 576-1000  
Facsimile: (213) 576-1100

Attorneys for Lessor TPRF/THC HavenPark, LLC

1049601.2