IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-11047 (CSS) |
| | : | Jointly Administered |
| Debtors. | : | **Doc. Ref. Nos: 192 & 643** |
| | x | Objection Deadline: October 8, 2007 |

**NOTICE OF FILING OF THE ORDINARY COURSE PROFESSIONAL AFFIDAVIT OF CULLEN & DYKMAN LLP**

PLEASE TAKE NOTICE that, on August 16, 2007, the above-captioned debtors and debtors in possession (the "Debtors") filed the Motion for an Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to Petition Date [Docket No. 192] (the "Motion").

PLEASE TAKE NOTICE that on September 4, 2007, the Court entered the Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to Petition Date [Docket No. 607] (the "Order").

PLEASE TAKE NOTICE that on September 5, 2007, the Debtors filed the Certificate of Counsel Regarding Order Pursuant to Sections 105(a), 327, 328 and 330 of the

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to the Petition Date (the "Revised Order") [Docket No. 618].

PLEASE TAKE NOTICE that on September 7, 2007, the Court entered the Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to Petition Date (the "Revised Order") [Docket No. 643].

PLEASE TAKE NOTICE that, in accordance with the procedures set forth in the Revised Order, the Debtors hereby file the ordinary course professional retention affidavit of Matthew G. Roseman of Cullen & Dykman LLP (the "Retention Affidavit") which is attached hereto as Exhibit A.

PLEASE TAKE NOTICE that, objections to the Retention Affidavit, if any, must be filed on or before October 8, 2007 at 4:00 p.m. (ET) (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801.

PLEASE TAKE NOTICE that, objections, if any, to the Retention Affidavit must be made in accordance with the Revised Order and by the Objection Deadline, be served upon: (i) the Office of the United States Trustee, (ii) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, counsel for the Committee; (iii) counsel to Bank of America N.A., as Administrative Agents under that certain and Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Debtors' pospetition lender, (v) the Securities and Exchange Commission; (vi) all other parties entitled to notice under Del. Bankr. LR 2002-1(b) (collectively, the "Notice

Parties"); (vii) counsel for the Debtors; and (viii) and the Ordinary Course Professional.

PLEASE TAKE NOTICE that if the objection cannot be consensually resolved, then the objection shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing or such other date otherwise agreeable to the parties thereto.

PLEASE TAKE NOTICE that if no objections are filed on or before the Objection Deadline, then **the Debtors shall be authorized to compensate professionals associated with the firm that submitted the Retention Affidavit after complying with the other procedures contained in the Revised Order.**

Dated: September 17, 2007
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Travis Turner (No. 4926)

James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

# EXHIBIT A

# RETENTION AFFIDAVIT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

In re:

AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.[1],

Debtors.

------------------------------------------------------------x

Chapter 11

Case No. 07-11047 (CSS)

Jointly Administered

**Doc. Ref. Nos: 192 and 643**

**AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL**

STATE OF NEW YORK )
) ss:
COUNTY OF NASSAU )

MATTHEW G. ROSEMAN, being duly sworn, deposes and says:

1. I am a member of the firm Cullen and Dykman LLP (the "Firm"), which maintains offices at 100 Quentin Roosevelt Boulevard, Garden City, New York 11530.

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about September 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively the "Debtors") to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3. Prior to the filing of the petitions which initiated the above-captioned cases, the Firm has represented and advised the Debtors as litigation counsel. The Debtors have

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates, subject to change from time to time, are partners $300 to $450, Associates $125 to $295 and paralegals $50 to $80. In the normal course of its business, the Firm revises its billing rates on the 30th of November of each year and requests that, effective January 1st of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5. In the ordinary course of business, the Firm maintains a database for purposes of performing "conflict checks". The Firm's database contains information regarding the firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections on Exhibit 1 annexed hereto.

6. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the firm does not perform services for any such person in connection with these chapter 11 cases.

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. §504(b).

8. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9. Prior to the filing of the above-captioned cases, the Firm was employed by the Debtors. The Debtors owe the Firm $3,699.65 for prepetition services. If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm will waive the prepetition claim..

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

11. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. §328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 14, 2007

Matthew G. Roseman

Sworn to and subscribed before me
this 14th day of September, 2007.

Notary Public

ANNMARIE GAROFALO
Notary Public, State of New York
No. 01GA6150363
Qualified in Nassau County
Commission Expires July 24, 20 10

**EXHIBIT 1**

| Name of Creditor | Type of Representation |
|---|---|
| JPMorgan Chase Bank | loan transactions, litigation and collections |
| Bank of America, N.A. | loan transactions |
| Wells Fargo Bank, N.A. | litigation and collections |
| HSBC Bank | loan transactions |
| Washington Mutual Bank F.A. | loan transactions, litigation and collections |
| Wachovia N.A. | loan transactions |
| Citibank | loan transactions |
| ABN Ambro Bank | loan transactions, mortgage satisfactions |
| Bank of New York | loan transactions |
| Barclays Bank N.A. | loan transactions |
| Zurich American Insurance Company | insurance defense litigation |