IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          :   Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                          :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                 :
                                                                :   Jointly Administered
    Debtors.                                                    :
                                                                :   **Doc. Ref. Nos. 137, 357, 425, 541, 557,**
                                                                :   **622, 638, 639, 642, 645, 682, 683, 684,**
---------------------------------------------------------------- x   **687, 700 and 757**

**ORDER ESTABLISHING AND FIXING CURE AMOUNTS RELATED TO ORDER, PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN REAL PROPERTY LEASES AND THE SALE OF FURNITURE, FIXTURES AND EQUIPMENT LOCATED THEREIN, (II) APPROVING THE TERMS OF THE LETTER AGREEMENT; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the Emergency Motion for an Order, Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code, (I) Authorizing the Assumption and Assignment of Certain Real Property Leases and the Sale of Furniture, Fixtures and Equipment Located Therein; (II) Approving the Terms of the Letter Agreement; and (III) Granting Related Relief [Docket No. 137] (the "Motion"); and this Court having entered the Order, Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code, (I) Authorizing the Assumption and Assignment of Certain Real Property Leases and the Sale of Furniture, Fixtures and Equipment Located Therein, (II) Approving the Terms of the Letter Agreement, and (III) Granting Related Relief [Docket No. 357] (the "Order"), which established September 7, 2007 as the deadline by which any objections to the Proposed Cure Amounts[1] would have to be filed; and the above-captioned debtors and debtors in possession (collectively, the "Debtors") having served the Notice of (I) Assumption and Assignment of Certain Real Property Leases and Sale of Furniture, Fixtures and Equipment Located Therein; and (II) Proposed Cure Obligations, If Any [Docket No. 425] (the "Original Notice") and the Corrected Notice of (I) Assumption and Assignment of Certain Real

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Property Leases and Sale of Furniture, Fixtures and Equipment Located Therein; and (II) Proposed Cure Obligations, If Any [Docket No. 541] (the "Corrected Notice," and collectively, with the Original Notice, the "Notice") in accordance with the Order; and the following parties having filed formal objections to the Proposed Cure Amounts: (i) GE Capital Information Technology Solutions, Inc. d/b/a IKON Financial Services [Docket No. 557]; (ii) Caldwell Commercial Real Estate Services [Docket No. 622]; (iii) American Commercial Realty Corp. [Docket No. 638]; (iv) DDR Southeast Fountains, L.L.C. [Docket No. 639]; (v) Highwoods Properties [Docket No. 642]; (vi) TPRF/THC HavenPark, LLC [Docket No. 645]; (vii) RAM International [Docket No. 682]; (viii) SLO L.L.C. [Docket No. 683]; (ix) Vintage Park, LLC [Docket No. 684]; (x) Landlord (Branch 02950) Palm Beach Gardens, Florida [Docket No. 687]; and (xi) Hazeltine Gates LLC [Docket No. 700]; and the following parties having asserted informal objections to the Proposed Cure Amounts: (i) One Main Plaza ; (ii) MVCC Sierra, LLC; (iii) ICP 2700, LLC; (iv) Temecula Corporate Plaza Center, LLC; (v) American National Bank; and (vi) Bridon Realty Co., LLC; and the Court having overruled any objections to the Proposed Cure Amounts not otherwise resolved pursuant to the terms of this Order, except as set forth on the record at the hearing on this matter; and due and adequate notice of the Proposed Cure Amounts having been provided to the non-debtor parties to the Office Leases; and no further or other notice being necessary; and adequate cause appearing therefor; it is hereby

ORDERED, that the Proposed Cure Amounts shall be fixed at the amounts listed on Exhibit A hereto; provided, however, that to the extent September monthly lease obligations are included in the Proposed Cure Amounts, as identified on Exhibit A hereto, and such September monthly lease obligations have been paid or are subsequently paid, the Proposed Cure Amounts shall be reduced to reflect the payment of September monthly lease obligations; and it is further

ORDERED, that the Proposed Cure Amounts listed on Exhibit A shall constitute the maximum and only cure amounts deemed owing under the corresponding Office Leases, and

no other amounts, defaults, conditions or pecuniary losses exist under such Office Leases through and including September 30, 2007; and it is further

ORDERED, that each non-debtor party to each Office Lease that failed to timely file a Cure Amount Objection or that filed a Cure Amount Objection which has been resolved hereby or overruled, is hereby (i) forever barred from objecting to the Proposed Cure Amount and from asserting any additional cure amounts with respect to such Office Lease and the Debtors shall be entitled to rely solely upon the Proposed Cure Amount; and (ii) be deemed to have consented to the assumption and assignment of such Office Lease and shall be forever barred and estopped from asserting or claiming against the Debtors or such other successful bidder or any other assignee of the Office Lease that any additional amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied under such Office Lease; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: Wilmington, Delaware
       September 17, 2007

Christopher S. Sontchi
United States Bankruptcy Judge