IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :  Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :  Jointly Administered
                    Debtors.                                     :
                                                                 :  Ref No.: 510
---------------------------------------------------------------- x

## SECOND ORDER, PURSUANT TO SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO ABANDON CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors"), for an order pursuant to sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), (i) authorizing the Debtors to reject the Office Leases and the Rejected Equipment Leases (the "Rejected Leases") and (ii) abandon certain of the FF&E; and the Court being satisfied that the rejection of the Rejected Leases and the abandonment of certain of the FF&E is in the best interests of the Debtors, their estates and creditors and is a proper exercise of the Debtors' business judgment; and due and proper notice of the Motion having been given; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that the Debtors are authorized, pursuant to 11 U.S.C. § 365(a), but not required, to reject the Office Leases identified on Exhibit A attached hereto;

ORDERED, that the Office Leases are deemed rejected pursuant to 11 U.S.C. § 365(a) effective as of August 31, 2007, except as otherwise agreed to in writing by the Debtors and Inland US Management, LLC; and it is further

ORDERED, that the Debtors are authorized, pursuant to 11 U.S.C. § 365(a), but not required, to reject all equipment leases other than those leases relating to equipment located in the properties identified on Exhibit B;

ORDERED, that the Rejected Equipment Leases are deemed rejected pursuant to 11 U.S.C. § 365(a) effective as of August 31, 2007; and it is further

ORDERED, that the Debtors are authorized pursuant to 11 U.S.C. § 554(a), to abandon any FF&E remaining at the premises of the Office Leases as of August 31, 2007; and it is further

ORDERED, that the Debtors shall reasonably cooperate with De Lage Landen in its efforts to protect and repossess the Equipment; and it is further

ORDERED, that De Lage Landen reserve all rights and claims under the Bankruptcy Code, including, without limitation, the right to assert administrative claims and all rights and claims under section 365(d)(5) of the Bankruptcy Code, and the Debtors reserve all rights to dispute any such claims;

ORDERED, that the Debtors and De Lage Landen shall negotiate an agreement whereby the Debtors shall be permitted the continued use of the equipment currently at the locations set forth on Exhibit B, substantially on the terms of the subject lease(s), which

agreement shall provide that the Debtors' will continue to make payments for the use of the equipment as provided for in the subject leases and further permit the Debtors to assume, assume and assign or reject the equipment at a later date under 11 U.S.C. §365.

ORDERED, that nothing herein shall prejudice the rights of the Debtors to argue that any claim for damages arising from the rejection of the Rejected Leases is limited to the remedies available under any applicable termination provision of such Rejected Lease, or that any such claim is an obligation of a third party, and not that of the Debtors; and it is further

ORDERED, that this Court shall retain jurisdiction over an any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
September 17, 2007

_____
Christopher S. Sontchi
United States Bankruptcy Judge

→ ORDERED, that the Debtors shall provide a list of GE Capital Information Technology Solutions, Inc. d/b/a Ikon Financial Services ("GE") leased equipment located in the offices identified on Exhibit B hereto to GE on or before ten (10) business days from the entry of this Order, and it is further