IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------- x
                                         :
                                         :  Chapter 11
In re:                                   :
                                         :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                   :
HOLDINGS, INC., a Delaware Corporation, et al.,  :  (Jointly Administered)
                                         :
                                         :
              Debtors.                   :  Re: Docket No. 647
---------------------------------------- x

### LIMITED OBJECTION OF LEHMAN BROTHERS INC. AND BRACEBRIDGE CAPITAL, LLC TO EXTENDED BID DEADLINE AND RESCHEDULED AUCTION (BROADHOLLOW AND MELVILLE)

Lehman Brothers Inc. ("Lehman") and Bracebridge Capital, LLC ("Bracebridge"), acting on behalf of FFI Fund Ltd., FYI Ltd. and Olifant Fund, Ltd., each a party in interest in the above-captioned cases (collectively, the "Objectors"), by and through their counsel, hereby submit this limited objection (the "Limited Objection") to the Extended Bid Deadline and Rescheduled Auction relating to the assets of Broadhollow Funding, LLC ("Broadhollow") and Melville Funding, LLC ("Melville"). In support of their Limited Objection, the Objectors state as follows:

670583-1

## PRELIMINARY STATEMENT

1. The Objectors are creditors of Broadhollow, a non-Debtor entity for which American Home Mortgage Servicing, Inc. ("AHM Servicing") acts as a servicer. AHM Servicing was obligated under the transaction documents to sell the Broadhollow and Melville Assets[1] no later than September 2, 2007,[2] and the Auction Procedures approved on August 22, 2007 (with an anticipated closing date of September 12, 2007) were intended to effectuate the obligations of AHM Servicing. The Auction was postponed by the Debtors without the prior agreement of the Objectors. The Objectors do not object to the postponement of the Bid Deadline to Noon on September 25, 2007 or the Auction to 8:30 a.m. on September 26, 2007, but only provided that there be no further postponement of the Bid Deadline, the Auction or the closing. As the Debtors indicated in their *Emergency* Motion, time is of the essence: for the Debtors to maximize recovery for all of their stakeholders, and to protect the interests of creditors of non-Debtor subsidiaries, the sale of the Broadhollow and Melville Assets must proceed expeditiously.

## LIMITED OBJECTION

2. On August 17, 2007, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the Emergency Motion (the "Emergency Motion") of the Debtors for Entry of Orders (A)(I) Authorizing the Debtors to Enter Into

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Sale Procedures (defined below).

[2] A Termination Event under the MLPSA occurred on or around August 3, 2007 when Citibank failed to extend its Interest Rate Swap. Pursuant to the terms of the MLPSA, the Servicer has 30 days from the date of such Termination Event to sell or securitize all Broadhollow and Melville non-Delinquent Loans and non-Defaulted Loans. If any such Loans are not sold or securitized within 30 days, the Collateral Agent is to sell any remaining Broadhollow and Melville non-Delinquent and non-Defaulted Loans no later than 45 days after the Termination Event (or September 17, 2007).

2

670583-1

and Perform Under Auction Procedures Agreement; (II) Approving Sale Procedures In Connection With the Sale of Certain Assets of Non-Debtors Broadhollow and Melville; (III) Approving the Form of Notice of Auction; and (IV) Approving the Sale to the Successful Bidder (Docket No. 203).

3. The Debtors explain in paragraph 10 of the Emergency Motion that:

> Prior to the Petition Date, at least one termination event occurred under the MLPSAs [defined below] with respect to the failure to have in place the requisite amount of swaps with at least one (1) year prior to the scheduled termination date thereof. As a result of this termination event, Broadhollow and Melville are required to sell or securitize the Assets within thirty (30) days of the date of the termination event . . . .

4. The Debtors reiterate the urgency of the Asset Sale in paragraph 26 of the Emergency Motion:

> Simply put, given the requirements of the MPLSAs that the Mortgage Loans be sold within thirty (30) days of the termination event and the market challenges relating to the Assets, the Debtors believe in their reasonable business judgment that the relief sought by this [*Emergency*] Motion is not only reasonable, but necessary, to maximize the value of their estates for all stakeholders.

5. On August 22, 2007, the Bankruptcy Court entered an order (the "Sale Procedures Order") granting the Motion and (i) Authorizing the Debtors to enter and perform under that certain Agreement, dated August 16, 2007 (the "Auction Procedures Agreement"), by and between Broadhollow, Melville, AHM Servicing, and the swap providers listed on Schedules IA and IB thereto (collectively, the "Swap Providers"); (ii) approving the sale procedures (the "Sale Procedures") with respect to the proposed sale (the "Sale") of the Assets; (iii) approving the form of this notice of auction for the Assets (the "Auction"); and approving the sale to the Successful Bidder.

670583-1

6. On September 7, 2007, in consultation with and by apparent agreement of only the Official Committee of Unsecured Creditors and the Swap Providers (but not the Objectors), the Debtors filed a Notice of Extended Bid Deadline And Rescheduled Auction.

7. Broadhollow Funding, LLC ("Broadhollow") is a non-Debtor, special purpose entity that issued (i) Variable Rate Subordinated Notes, Series 2004-A (the "Series 2004-A Subordinated Notes"), pursuant to a Series 2004-A Supplement to the Base Indenture (the "Series 2004-A Supplement"), dated as of May 27, 2004, between Broadhollow, Deutsche Bank Trust Company Americas ("Deutsche Bank"), as Indenture Trustee, and Deutsche Bank, as Paying Agent for the benefit of the holders of Series 2004-A Subordinated Notes and (ii) Variable Rate Subordinated Notes, Series 2005-A (the "Series 2005-A Subordinated Notes," and collectively with the Series 2004-A Subordinated Notes, the "Subordinated Notes"), pursuant to a Series 2005-A Supplement to the Base Indenture (the "Series 2005-A Supplement," and together with the Series 2004-A Supplement, the "Supplements"), dated as of June 7, 2005, between Broadhollow and Deutsche Bank, as Indenture Trustee and Paying Agent.

8. The Subordinated Notes are secured pursuant to a Security Agreement (the "Security Agreement"), dated as of May 27, 2004, among Broadhollow, Deutsche Bank, as Indenture Trustee, and Deutsche Bank, as Collateral Agent. The Subordinated Notes are secured by mortgage loans that Broadhollow purchased pursuant to a Mortgage Loan Purchase and Servicing Agreement (the "MLPSA") dated as of May 27, 2004, by and among Broadhollow, as Purchaser, American Home Mortgage Corp. ("AHM"), as Seller, Columbia National, Incorporated (now AHM Servicing), as Servicer, and AHM Investment Corp., as Performance Guarantor.

670583-1

9. Lehman holds the largest aggregate amount of Subordinated Notes, and Bracebridge holds a significant amount of Subordinated Notes.

10. The Subordinated Notes are secured by mortgage loans that Broadhollow and Melville purchased from time to time pursuant to that certain Mortgage Loan Purchase and Servicing Agreement (the "MLPSA") dated as of May 27, 2004, by and among Broadhollow, as purchaser, AHM Corp., as seller, AHM Sevicing, as servicer, and AHM Investment, as performance guarantor of the servicer's obligations.

11. Article 11.2(q) of the MLPSA provides that:

> If a Termination Event described in clauses (l) through (o) above occurs or an Indenture Event . . . occurs, (x) the Servicer shall use commercially reasonable efforts to sell or Securitize all non-Delinquent Loans and non-Defaulted Loans within thirty (30) days of the date on which such Termination Event or Indenture Event of Default occurred . . . . ***In the event that all non-Delinquent Loans and non-Defaulted Loans have not been sold or securitized, on such thirtieth (30th) day the Collateral Agent shall hold an auction (a "Termination Event Auction") of the remaining non-Delinquent Loans and non-Defaulted Loans for settlement not later than the forty-fifth day following the date on which such termination Event or Indenture Event of Default Occurred.*** (Emphasis added).

12. Furthermore, the MLPSA provides that a Termination Event shall have occurred upon the failure of "one (1) or more Swap Counterparties . . . to agree to any extension of any Interest Rate Swap" and a replacement Swap Counterparty shall not have been obtained at least one (1) year prior to the scheduled Termination Event.

13. On or about August 3, 2007 (but in any event prior to the bankruptcy filing of AHM Servicing on August 6, 2007), Citibank failed to extend its Interest Rate Swap, triggering a Termination Event under the MLPSA. Accordingly, pursuant to the terms of the MLPSA, holders of the Subordinated Notes are entitled to

have the Broadhollow and Melville Assets sold in an Auction no later than on or around September 17, 2007 (45 days after the Termination Event).

14.     The Objectors do not object to the Auction proceeding on September 26, 2007, but only provided that their rights under the MLPSA and related transaction documents are preserved by preventing any further extensions. As the Debtors argued in their *Emergency* Motion, in order for holders of the Subordinated Notes to obtain maximum value, the Broadhollow and Melville Assets must be sold without delay. As the holders of the largest aggregate amount of Subordinated Notes, the Objectors' economic interests are directly at stake and directly in line with those of the Debtors – to maximize the value obtained for the Assets through an expeditious sale.

Dated: New York, New York
September 18, 2007

THE BAYARD FIRM

By: _____
Charlene D. Davis (No. 2336)
Steven M. Yoder (No. 3885)
Eric M. Sutty (No. 4007)
222 Delaware Avenue, 9th Floor
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

- and -

Douglas R. Davis (DD 0874)
Kelley A. Cornish (KC 0754)
PAUL, WEISS, RIFKIND, WHARTON &
    GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Attorneys for Lehman Brothers Inc.
and Bracebridge Capital, LLC