# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*, | Case No. 07-11047 (CSS) |
| Debtors. | Jointly Administered |
| | **Ref. Docket No. _____** |

## ORDER APPROVING STIPULATION OF SETTLEMENT BETWEEN AND AMONG THE DEBTORS, BANK OF AMERICA, N.A., AND FEDERAL HOME LOAN MORTGAGE CORPORATION REGARDING INTERIM SERVICING OF FEDERAL HOME LOAN MORTGAGE CORPORATION'S LOANS

Upon consideration of the Debtors' Motion for Order Approving Stipulation of Settlement Between and Among the Debtors, Bank of America, N.A. and Federal Home Loan Mortgage Corporation and American Home Mortgage Holdings, Inc. (the "Motion")[1] pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") ; and upon review of the Motion of Federal Home Loan Mortgage Corporation for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and after an opportunity for a hearing; and after consideration of objections to the Motion, if any; and upon the record and after due deliberation thereon; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors and other parties in interests; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the Motion.

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Stipulation attached hereto as <u>Exhibit A</u> entered into between

the Debtors, Freddie Mac and BofA is APPROVED; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order and the Stipulation.


Dated:  September _____, 2007


_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*, | Case No. 07-11047 (CSS) |
| Debtors. | Jointly Administered |

### STIPULATION OF SETTLEMENT BETWEEN AND AMONG THE DEBTORS, BANK OF AMERICA, N.A., AND FEDERAL HOME LOAN MORTGAGE CORPORATION REGARDING INTERIM SERVICING OF FEDERAL HOME LOAN MORTGAGE CORPORATION LOANS

A.    WHEREAS, on August 6, 2007 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors are operating their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

B.    WHEREAS, the Federal Home Loan Mortgage Corporation ("Freddie Mac") is a corporate instrumentality of the United States of America, chartered by Congress under the Federal Home Loan Mortgage Corporation Act, Title III of the Emergency Home Finance Act of 1970, 12 U.S.C. §§ 1451-59. Freddie Mac purchases mortgage loans from approved mortgage loan originators or "seller/servicers" and contracts with those seller/servicers to service the loans. Mortgage seller/servicers agree to sell and service mortgages pursuant to the terms and conditions contained in certain purchase documents (collectively, the "Purchase Documents") consisting of, *inter alia*, a purchase contract, Freddie Mac's Single-Family Seller/Servicer Guide (the "Guide"), and bulletins issued periodically by Freddie Mac to its seller/servicers which supplement the parties' agreement as set forth in the Purchase Documents.

C.    WHEREAS, prior to the Petition Date, certain of the Debtors were Freddie Mac sellers/servicers.  The Debtors serviced approximately 4,547 Freddie Mac mortgage loans with a total value of approximately $796,782,744.55 (the "Freddie Mac Loans").

D.    WHEREAS, certain of the Debtors and Bank of America, N.A. ("BofA"), as administrative agent, are parties to a Security and Collateral Agency Agreement, dated August 30, 2004 (as amended, restated, modified, ratified or supplemented from time to time, the "Security Agreement") and a credit agreement dated August 10, 2006 (as amended and restated and together with all agreements, documents, notes and instruments delivered pursuant thereto or in connection therewith), pursuant to which Debtors granted BofA a security interest in, among other things, the right of the Debtors to service single-family mortgages for Freddie Mac (hereinafter the "Servicing Security Interest").  BofA's Servicing Security Interest is subject to the terms of the Acknowledgment Agreement, as defined below.

E.    WHEREAS, the Debtors, Freddie Mac and BofA, as administrative agent, are parties to an acknowledgement agreement executed on or about July, 2005 (referred to hereinafter, including, without limitation, any addendums thereto, as the "Acknowledgement Agreement"), pursuant to which (a) Freddie Mac consented to the grant of the Servicing Security Interest to BofA and (b) the parties set forth certain rights and obligations with respect thereto including, without limitation, the rights and obligations of the parties in connection with the transfer of the Servicing.

F.    WHEREAS, Freddie Mac asserts that pursuant to the Guide and effective August 1, 2007, (the "Termination Date"),  it terminated the eligibility of the Debtors to sell mortgages to and service mortgages for Freddie Mac with "cause" (hereinafter, the "Termination"); the Debtors dispute the validity of such Termination.

- 2 -

G.    WHEREAS, thereafter on or about August 1, 2007, Freddie Mac took possession of Debtors' Custodial Account funds related to the Freddie Mac Loans in the amounts of $5,539,329.48 and $1,416,074.60 for Principal and Interest ("P&I Funds") and Taxes and Insurance ("T&I Escrows") respectively.  Without access to the T&I Escrows, the Debtors are unable to make required real estate tax, insurance and other applicable impound fund payments for the Freddie Mac Loans.

H.    WHEREAS, on August 1, 2007, and thereafter until the Petition Date, Freddie Mac demanded and sought to obtain the files, including all electronic documentation of any kind, relating to the Freddie Mac Loans, which were being held in the custody of the Debtors.  Those files include at a minimum, the information and documentation set forth in Chapter 47 and Section 52.1 of the Guide, including without limitation:

(a)    All loan origination documentation, including, but not limited to, the original recorded deed of trust or mortgages and original recorded assignments, to Freddie Mac, original participation certificates, policies, and all loan underwriting documents;

(b)    All loan servicing documents, including, but not limited to, tax receipts and bills, insurance policies, insurance premium receipts, ledger sheets, payment records, insurance claim files and correspondence, foreclosure files and correspondence, current historical data files, and current loan level trial balances (including documents and records in whatever form compiled, existing or stored, whether in printed, handwritten, electronic, and/or computer form or format);

(c)    Any document of the type described above which comes into the Debtors' possession after the Debtors have delivered the loan files to BofA pursuant to the terms of this Stipulation; and

(d)    All imaged data of loan documents and all electronic data that Debtors maintain to service the Freddie Mac Loans, including but not limited to, all data that Debtors are required to report to Freddie Mac as a servicer of Freddie Mac mortgages pursuant to Volume 2 of the Guide.

Collectively, all the foregoing is hereinafter referred to as the "Freddie Mac Files."

- 3 -

I.    WHEREAS, pursuant to its rights under the Acknowledgement Agreement and specifically Section 8(c) thereof, by letter dated August 16, 2007, BofA notified Freddie Mac that it was electing to enforce its Servicing Security Interest pursuant to the Acknowledgment Agreement.

J.    WHEREAS, Freddie Mac maintains that by reason of the foregoing, the Termination and the contractual rights and obligations of the parties under the Guide and Acknowledgement Agreement, the Debtors have no right, title, claim or interest in and to any of the Servicing or the revenues related thereto, and further assert that such Servicing and revenues are not property of the estate, and assert further that the automatic stay provided by 11 U.S.C. § 362(a) does not apply thereto.

K.    WHEREAS, the Debtors dispute the position taken by Freddie Mac as to the Debtors' rights to the Servicing and revenues related thereto, and further dispute that such Servicing or revenues related thereto are not property of the estate, or that the automatic stay is inapplicable thereto.

L.    WHEREAS, in order to avoid expensive and protracted litigation and the further deterioration of the value of the Servicing, the parties wish to compromise and settle the controversy between them on the terms and conditions hereinafter set forth.

IT IS HEREBY STIPULATED AND AGREED BETWEEN AND AMONG the Debtors, Freddie Mac and BofA, in its individual capacity, and this Stipulation being acknowledged by the Official Committee of Unsecured Creditors of the Debtors (the "Committee"), AS FOLLOWS:

1.    Subject to order of the Bankruptcy Court, the Debtors shall transmit the electronic servicing files as currently maintained in the Debtors' servicing system (in "LSAMS"

- 4 -

or any other form, format or system readily available to Debtors) to BofA, on or before

September 21, 2007 (hereinafter, the "Interim Electronic Servicing Transfer").  Upon transfer of

such files, the Debtors shall have no liability with respect to the prospective usage of the data

thereafter.

        2.      Debtors shall turn over the imaged, microfiche, hard copies and any other

form of the Freddie Mac Files in its physical possession in their existing format, to BofA, which

transfer shall begin no later than the date of the order approving this Stipulation and be

substantially complete on or before November 2, 2007, provided that, Debtors shall use their best

efforts to make all available imaged documents available by September 30, 2007, and all

available microfiche documents by October 11, 2007 (hereinafter, the "Interim Hard Copy

Servicing Transfer" and together with the Interim Electronic Servicing Transfer, the "Interim

Servicing Transfer").

        3.      BofA agrees to take possession of the Freddie Mac Files and to service the

Freddie Mac Loans on an interim basis (i) subject to a separate agreement between Freddie Mac

and BofA on terms acceptable to both parties (the "Interim Servicing Agreement"), a copy of

which will be promptly provided to the Debtors upon execution, and (ii) pending the conduct,

conclusion and closing of a sale of the right to service the Freddie Mac Files (the "Servicing

Sale") pursuant to a separate stipulation between Debtors and Freddie Mac (the "Servicing Sale

Stipulation").  The Debtors agree to account for and turn over to BofA any payments received in

connection with the Freddie Mac Loans on and subsequent to the Termination Date which have

not previously been disbursed or turned over to Freddie Mac.  Debtors and BofA agree to work

together to prepare joint "Hello/Goodbye Letters" in a form to be agreed by the parties, that

BofA will send to the borrowers on the Freddie Mac Loans informing them (a) that they should

thereafter make their monthly mortgage payments to BofA, but (b) any such payments which had already been made would be forwarded by Debtors to BofA and credited to their account, provided that, BofA's obligations are subject to receiving appropriate information from the Debtors.

      4.     Nothing in this Stipulation shall affect or reduce the rights of BofA under the Acknowledgment Agreement, all of which are reserved, including the right of BofA to implement a Servicing Transfer with Assumption of Warranties, as provided in the Acknowledgment Agreement.  All of the Debtors rights are reserved regarding the consideration arising, if any, on account of a Servicing Transfer with Assumption of Warranties.

      5.     The Debtors agree to use their best efforts cooperate fully with Freddie Mac and BofA in effectuating the Interim Servicing Transfer to BofA by performing, without limitation, the following additional acts:

    (a)    **P&I Account Reconciliation.**  Debtors shall provide written confirmation of final agreement on reconciliation of all P&I accounts.

    (b)    **T&I Account Reconciliation.**  Debtors shall provide written confirmation of final agreement on reconciliation of all T&I accounts.

    (c)    **MERS and Non-MERS Loans.**  Debtors shall execute (i) assignments to BofA of any loans not registered in MERS and (ii) release documents in recordable form for any non-MERS loans that have been paid off to date. Debtors shall execute a transfer of any loans on the MERS system to BofA.

    (d)    **Forwarding Recorded Documents.**  To the extent that Debtors receive recorded documents on the Freddie Mac Loans or have received such documents which are still in their possession, Debtors shall promptly forward them to BofA.

    (e)    **Additional Acts.**  Debtors agree to take such other action and execute such other documents as reasonably necessary and requested by Freddie Mac and/or BofA to effectuate the Interim Servicing Transfer.

6.     Upon execution of this Stipulation, Freddie Mac shall reimburse the Debtors from the T&I Escrows for all amounts paid by Debtors to borrowers as a return of their escrow balances, because the borrowers' loans were paid in full.  Following execution of this Stipulation through and including the date of the Interim Servicing Transfer to BofA, the Debtors shall provide Freddie Mac with a detailed list of all necessary tax and insurance payments as such payments come due, whereupon Freddie Mac shall transfer to the Debtors from the T&I Escrows the applicable amounts needed to pay required real estate taxes, insurance and other applicable impound fund amounts on account of the loans covered by such T&I Escrows.

7.     Freddie Mac shall assume all liabilities with respect to any loss incurred by the Debtors arising out of pecuniary losses of the borrowers of the Freddie Mac loans serviced by the Debtors, as a result of Freddie Mac having swept the T&I Escrows and the Debtors' failure to make timely required real estate tax, insurance and other applicable impound fund payments.

8.     To the fullest extent required by law and consistent with and pursuant to the terms of this Stipulation, Freddie Mac and BofA are granted relief from the automatic stay pursuant to 11 U.S.C. §362, in order to implement the terms of this Stipulation.

9.     Contemporaneously with the Interim Electronic Servicing Transfer, Freddie Mac shall reimburse the Debtors for any and all advances and fees of whatever type incurred or made on behalf of the Freddie Mac Loans since the Petition Date.

- 7 -

10.    Upon entry an order of the Bankruptcy Court authorizing and approving the Debtors' entry into this Stipulation and the terms and provisions hereof, this Stipulation shall be binding upon and inure to the benefit of the parties, and their respective legal representatives, successors and assigns, including any Chapter 11 trustee that may be appointed or Chapter 7 trustee in the event this Bankruptcy proceeding is converted to a case under Chapter 7 of the Bankruptcy Code.

11.    This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

12.    No amendment, modification or waiver of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by the parties hereto and then such amendment, modification or waiver shall be effective only in the specific instance and for the specific purpose for which given.

13.    Debtors' agreement to this Stipulation is subject to Bankruptcy Court approval of the Servicing Sale Stipulation and, as a result, Court approval of this Stipulation is conditioned upon Court approval of the Servicing Sale Stipulation.

14.    Each of the undersigned represents that he/she has the authorization to execute this Stipulation on behalf of his/her respective client.

15.    Nothing in this Stipulation shall create a negative implication, waiver, release, estoppel, admission against interest, or law of the case and all rights of the parties are fully reserved.

Dated:  September 18, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert S. Brady (No. 2847)
John T. Dorsey (No. 2988 )
Edward J. Kosmowski (No. 3849)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Tel:  (302) 571-6600
Fax:   (302) 571-1253
Email:  rbrady@ycst.com
           jdorsey@ycst.com
           ekosmowski@ycst.com

Counsel for the Debtors and Debtors in Possession


Potter Anderson & Corroon LLP


Laurie Selber Silverstein, Esq.
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
lsilverstein@potteranderson.com

- and -

KAYE SCHOLER, LLP
Mark F. Liscio
425 Park Avenue
New York, New York, 10022
Tel:  (212) 836-7550
Fax:  (212) 836-6545
mliscio@kayescholer.com

Counsel for Bank of America, N.A.

- 9 -

REED SMITH, LLP

J. Cory Falgowski, Esquire
1201 N. Market Street, Suite 1500
Wilmington, Delaware 19801
Tel: (302) 778-7500
Fax: (302) 778-7575
jfalgowski@reedsmith.com

- and -

George Kielman, Esquire
FREDDIE MAC
8200 Jones Branch Drive – MS 202
McLean, Virginia 22102
Tel: (703) 903-2640
Fax: (703) 903-3691
George_kielman@freddiemac.com

Counsel for Federal Home Loan Mortgage Corporation

**ACKNOWLEDGED AND
COMPROMISE CONSENTED TO:**

BLANK ROME LLP

Bonnie Glantz Fatell (No. 3809)
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel: (302) 425-6400
Fax: (302) 425-6464
Email: fatell@blankrome.com

and

HAHN & HESSEN, LLP
Mark S. Indelicato
Mark T. Power
488 Madison Avenue
New York, NY 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
Email: mindelicato@hahnhessen.com
        mpower@hahnhessen.com

Counsel for the Official Committee of Unsecured
Creditors of American Home Mortgage Holdings, Inc., *et al.*

- 10 -

066585.1001

# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*, | Case No. 07-11047 (CSS) |
| Debtors. | (Jointly Administered) |

## ORDER APPROVING STIPULATION OF SETTLEMENT BETWEEN AND AMONG THE DEBTORS AND FEDERAL HOME LOAN MORTGAGE CORPORATION REGARDING THE SALE OF SERVICING OF FEDERAL HOME MORTGAGE CORPORATION'S LOANS

Upon consideration of the Debtor's Motion for Order Approving Stipulation of Settlement Between and Among the Debtors and Federal Home Loan Mortgage Corporation Regarding the Sale of Servicing of Federal Home Loan Mortgage Corporation's Loans (the "Motion"),[1] pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon review of the Motion of Federal Home Loan Mortgage Corporation for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and after an opportunity for a hearing; and after consideration of objections to the Motion, if any; and upon the record and after due deliberation thereon; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors and

---

[1]      Capitalized terms not defined herein shall have the meanings set forth in the Motion.

other parties in interests; and after due deliberation and sufficient cause appearing therefor, it is

hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Stipulation attached hereto as <u>Exhibit A</u> entered into between

the Debtors and Freddie Mac is APPROVED; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order and the Stipulation.


Dated: _____, 2007


_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*, | Case No. 07-11047 (CSS) |
| Debtors. | (Jointly Administered) |

## STIPULATION OF SETTLEMENT BETWEEN AND AMONG THE DEBTORS AND FEDERAL HOME LOAN MORTGAGE CORPORATION REGARDING THE SALE OF SERVICING OF FEDERAL HOME LOAN MORTGAGE CORPORATION'S LOANS

A.    WHEREAS, on August 6, 2007 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

B.    WHEREAS, the Federal Home Loan Mortgage Corporation ("Freddie Mac") is a corporate instrumentality of the United States of America, chartered by Congress under the Federal Home Loan Mortgage Corporation Act, Title III of the Emergency Home Finance Act of 1970, 12 U.S.C. §§ 1451-59. Freddie Mac purchases mortgage loans from approved mortgage loan originators or "seller/servicers" and contracts with those seller/servicers to service the loans. Mortgage seller/servicers agree to sell and service mortgages pursuant to the terms and conditions contained in certain purchase documents (collectively, the "Purchase Documents") consisting of, *inter alia*, a purchase contract, Freddie Mac's Single-Family Seller/Servicer Guide (the "Guide"), and bulletins issued periodically by Freddie Mac to its seller/servicers which supplement the parties' agreement as set forth in the Purchase Documents.

C.     WHEREAS, prior to the Petition Date, certain of the Debtors were Freddie Mac sellers/servicers.  The Debtors serviced approximately 4,547 Freddie Mac mortgage loans with a total value of approximately $796,782,744.55 (the "Freddie Mac Loans").

D.     WHEREAS, pursuant to certain agreements between and among certain of the Debtors and Bank of America, N.A. ("BofA"), as administrative agent, and other lenders (collectively, "Lenders"), Debtors granted BofA a security interest in, among other things, the right of the Debtors to service single-family mortgages for Freddie Mac (hereinafter the "Servicing Security Interest").  BofA's Servicing Security Interest is subject to the terms of the Acknowledgment Agreement, as defined below.

E.     WHEREAS, the Debtors and  Freddie Mac assert that they are parties, along with BofA, as administrative agent, to an acknowledgement agreement executed on or about July, 2005 (referred to hereinafter, including, without limitation, any addendums thereto, as the "Acknowledgement Agreement"), pursuant to which (a) Freddie Mac consented to the grant of the Servicing Security Interest to BofA and (b) the parties set forth certain rights and obligations with respect thereto including, without limitation, the rights and obligations of the parties in connection with the transfer of the Servicing.

F.     WHEREAS, Freddie Mac asserts that pursuant to the Guide and effective August 1, 2007, it terminated the eligibility of the Debtors to sell mortgages to and service mortgages for Freddie Mac with "cause" (the "Termination"); the Debtors dispute the validity of such Termination.

G.     WHEREAS, subsequent to August 1, 2007 and pending a Permanent Servicing Transfer, as that term is defined in the Acknowledgement Agreement, by separate Stipulation between and among Debtors, Freddie Mac and BofA, BofA agreed to act as the interim servicer ("Interim Servicer").

2

H.      WHEREAS, Freddie Mac maintains that by reason of the foregoing, the Termination and the contractual rights and obligations of the parties under the Guide and Acknowledgement Agreement, the Debtors have no right, title, claim or interest in and to any of the Servicing or the revenues related thereto, and further assert that such Servicing and revenues are not property of the estate, and assert further that the automatic stay provided by 11 U.S.C. §§ 362(a) does not apply thereto.

I.      WHEREAS, the Debtors dispute the position taken by Freddie Mac as to the Debtors' rights to the Servicing and revenues related thereto, and further dispute that such Servicing or revenues related thereto are not property of the estate, or that the automatic stay is inapplicable thereto.

J.      WHEREAS, in order to avoid expensive and protracted litigation and the further deterioration of the value of the Servicing, the parties wish to compromise and settle the controversy between them on the terms and conditions hereinafter set forth.

IT IS HEREBY STIPULATED AND AGREED BETWEEN AND AMONG the Debtors and Freddie Mac (this Stipulation being acknowledged by the Official Committee of Unsecured Creditors of the Debtors (the "Committee")), AS FOLLOWS:

1.      The Debtors acknowledge and agree that Freddie Mac has a first priority right of payment from the proceeds (the "Servicing Transfer Proceeds")generated by the Auction Sale (as defined below).  The total amount of "Freddie Mac's Claims" and "Freddie Mac's Servicing Transfer Costs" (as such terms are defined in the Acknowledgement Agreement) to be deducted from the Servicing Transfer Proceeds are estimated as of September 20, 2007, to be $447,960.00 plus $2,056,296.19 related to required repurchases, and will be determined as of the date of the Permanent Serving Transfer in accordance with the Acknowledgment Agreement.

2.      The Debtors agree that a sale of the Servicing through an auction sale conducted by a broker agreed to by the parties and subject to a brokerage agreement approved by the parties (hereinafter, respectively, the "Auction Sale" and the "Broker") is acceptable to the Debtors. The Parties agree that the Auction Sale will be conducted in a commercially reasonable manner, consistent with and permitted by the Acknowledgment Agreement and pursuant to the court's order on this Stipulation, in order to effect the Permanent Servicing Transfer with Representations and Warranties. The Debtors acknowledge that the market value of the Servicing fluctuates and Freddie Mac does not represent, warrant or guaranty to the Debtors that there will be any Surplus Proceeds, as defined in the Acknowledgement Agreement, following the Auction Sale and the Permanent Servicing Transfer. Debtors acknowledge and agree that the transferee of the Servicing must meet the eligibility and performance requirements set forth in the Guide and the Acknowledgement Agreement in order to be acceptable to Freddie Mac. Nothing in this Stipulation shall affect or reduce the rights of BofA under the Acknowledgment Agreement, all of which are reserved, including the right of BofA to implement a Servicing Transfer with Assumption of Warranties, as provided in the Acknowledgment Agreement. All of the Debtors rights are reserved regarding the consideration arising, if any, on account of a Servicing Transfer with Assumption of Warranties.

3.      After receipt by Freddie Mac of the Servicing Transfer Proceeds, if any, of the Auction Sale, Freddie Mac will comply with the terms and provisions of Section 8(g) of the Acknowledgement Agreement, including without limitation, the provision for disbursement of Surplus Proceeds, if any, due to BofA, and will disburse the remainder, if any, to the Debtors, provided that, the disbursement to BofA shall be applied in all respects in accordance with the terms of the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain pre-Petition Secured Parties

4

entered on September 4, 2007 (as amended or extended with the prior written consent of Bank of America, the "Cash Collateral Order").

4.    Debtors and Freddie Mac acknowledge and agree that provided (i) there is a Servicing Transfer With Assumption of Warranties and (ii) sufficient Servicing Transfer Proceeds are generated by the Auction Sale to pay the Freddie Mac Claims and the Freddie Mac Servicing Transfer Costs in full, then such claims and costs shall be paid from the Servicing Transfer Proceeds, and that thereafter the disbursement of Surplus Proceeds due to BofA to be applied in accordance with the Cash Collateral Order shall be made to BofA, with the remainder, if any, to the Debtors, and thereafter Freddie Mac shall not assert any additional claims or liabilities against the Debtors' estates arising out of or related to the Termination or any obligations of Debtors to Freddie Mac under the Guide or the Acknowledgement Agreement.

5.    Except for the rights and obligations of the parties hereunder and the rights and obligations between Freddie Mac and the Debtors under the Stipulation Regarding Interim Servicing of Federal Home Loan Mortgage Corporation Loans, upon the closing of the Auction Sale, Freddie Mac, on the one hand, and the Debtor, on the other hand, hereby release each other and their current and former directors, officers, employees and shareholders, from any and all claims, counterclaims, setoffs and causes of action including, which each may have against the other, whether known or unknown, as of the date hereof, including without limitation, claims, counterclaims, setoffs and causes of action arising out of or related to the Termination, the Guide, the Servicing relationship, the Security Agreement and the Acknowledgement Agreement, at law, in equity or otherwise.

6.    To the fullest extent required by law and consistent with and pursuant to the terms of this Stipulation, Freddie Mac is granted relief from the automatic stay pursuant to 11 U.S.C. §362, in order to implement the terms of this Stipulation and to take all actions

066585.1001

reasonably necessary to complete the Servicing Transfer Procedures and to enforce the terms of the Guide and this Stipulation.

       7.     The Debtors agree to keep the Committee fully and timely informed of the Auction Sale process, including, without limitation, providing the Committee's professionals with advance copies of, or information concerning, the form of agreement to be entered into with the Broker, the method to identify and the parties approached to submit bids, the results of such solicitations, the party ultimately identified by the Debtors as the winning bidder and the proposed terms of sale.  Nothing contained herein shall prejudice the rights of the Committee to seek appropriate relief from the Bankruptcy Court on an expedited basis, in the event the Committee believes that the Debtors have not exercised proper business judgment in connection with the retention of the Broker or the proposed Auction Sale.  The Debtors agree not to contest any such request by the Committee for an expedited hearing on its request for relief.

       8.     Upon entry of an order of the Bankruptcy Court authorizing and approving the Debtors' entry into this Stipulation and the terms and provisions hereof, this Stipulation shall be binding upon and inure to the benefit of the parties, and their respective heirs, legal representatives, successors and assigns, including any Chapter 11 trustee that may be appointed or Chapter 7 trustee in the event this bankruptcy proceeding is converted to a case under Chapter 7 of the Bankruptcy Code.

       9.     This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

       10.     No amendment, modification or waiver of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by the parties hereto

6

and then such amendment, modification or waiver shall be effective only in the specific instance and for the specific purpose for which given.

      11.    This Stipulation is subject to approval by the parties to the agreement for the Interim Servicing Transfer and Court approval of this Stipulation is conditioned upon Court approval of the agreement for the Interim Servicing Transfer. Each of the undersigned represents that he/she has the authorization to execute this Stipulation on behalf of his/her respective client.

      12.    Nothing in this Stipulation shall create a negative implication, waiver, release, estoppel, admission against interest, or law of the case and all rights of the parties are fully reserved.

      Dated:  September18, 2007

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                Robert S. Brady (No. 2847)
                John T. Dorsey (No. 2988 )
                Edward J. Kosmowski (No. 3849)
                The Brandywine Building
                1000 West Street, 17th Floor
                Wilmington, Delaware 19801
                Tel: (302) 571-6600
                Fax: (302) 571-1253
                Email:  rbrady@ycst.com
                        jdorsey@ycst.com
                        ekosmowski@ycst.com

                Counsel for the Debtors and Debtors in Possession

                REED SMITH, LLP

                J. Cory Falgowski, Esquire
                1201 N. Market Street, Suite 1500
                Wilmington, Delaware 19801
                Tel: (302) 778-7500
                Fax: (302) 778-7575
                jfalgowski@reedsmith.com

7

- and -

_George Kielman_

George Kielman, Esquire
FREDDIE MAC
8200 Jones Branch Drive – MS 202
McLean, Virginia 22102
Tel: (703) 903-2640
Fax: (703) 903-3691
George_kielman@freddiemac.com

Counsel for Federal Home Loan Mortgage Corporation

**ACKNOWLEDGED AND
COMPROMISE CONSENTED TO:**

BLANK ROME LLP

Bonnie Glantz Fatell (No. 3809)
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel: (302) 425-6400
Fax: (302) 425-6464
Email: fatell@blankrome.com

and

HAHN & HESSEN, LLP
Mark S. Indelicato
Mark T. Power
488 Madison Avenue
New York, NY 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
Email: mindelicato@hahnhessen.com
        mpower@hahnhessen.com

Counsel for the Official Committee of Unsecured
        Creditors of American Home Mortgage Holdings, Inc., *et al.*

DB02:6199235.11                                              066585.1001