IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                    :    Chapter 11
                                          :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,    :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,           :
                                          :    Jointly Administered
                  Debtors.                :
                                          :    **Objection Deadline:  Objections may be raised at the Hearing.**
                                          :    **Hearing Date:  September 20, 2007 at 2:30 p.m.**
---------------------------------------------------------------- x

### DEBTORS' MOTION PURSUANT TO DEL. L.R. 9006-1(e) FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF THE HEARING TO CONSIDER DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 4001(d) AND 9019(a) FOR AN ORDER APPROVING AND AUTHORIZING COMPROMISES AND SETTLEMENT AGREEMENTS WITH FREDDIE MAC AND BANK OF AMERICAN, N.A.

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware

corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and

debtors in possession in the above cases (collectively, "AHM" or the "Debtors")[1], by and

through their undersigned attorneys, hereby submit this motion (the "Motion to Shorten") for

entry of an order shortening the applicable notice period for the *Debtors' Motion Pursuant to*

*Section 105 of the Bankruptcy Code and Bankruptcy Rules 4001(d) and 9019(a) for an Order*

*Approving and Authorizing Compromises and Settlement Agreements With Freddie Mac and Bank*

*of American, N.A.* (the "Settlement Motion," filed contemporaneously herewith),[2] pursuant to

Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Del. Bankr.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Motion.

LR 2002-1(b) and 9006-1(e) (the "Local Rules") and 11 U.S.C. § 105(a). The Debtors propose that the hearing to consider the Settlement Motion be conducted on September 20, 2007 at 2:30 p.m. (ET), and that objections to the relief requested therein be raised at the hearing. In support of the Motion to Shorten, the Debtors respectfully state as follows:

1.    Bankruptcy Rule 4001(d)(4) provides that, under certain circumstances, agreements relating to relief from the automatic stay may be approved without a hearing. The Debtors submit that, pursuant to Bankruptcy Rule 4001(d)(4), the Settlement Motion may be approved without further notice or a hearing.

2.    Bankruptcy Rule 2002(a) requires twenty (20) days' notice prior to the hearing date for motions filed in chapter 11 cases involving the relief requested in the Settlement Motion. *See* Fed.R.Bankr.P. 2002(a). Pursuant to Local Rule 9006-1(e), however, such period may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice. The Debtors submit that there is sufficient cause to justify shortening the notice period for the hearing on approval of the relief requested in the Settlement Motion.

3.    On September 10, 2007, Federal Home Loan Mortgage Corporation filed the *Motion of Federal Home Loan Mortgage Corporation for an Order Granting Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362* [Docket No. 676] (the "Freddie Mac Motion").

4.    By the Settlement Motion, the Debtors seek approval of the Stipulations appended to the Settlement Motion (the "Stipulations") that resolve the Freddie Mac Motion, and among other things: (i) allow for BofA to immediately provide interim servicing of the Freddie Mac Loans that the Debtors are currently servicing, and (ii) establish procedures governing the ultimate sale and transfer of the Freddie Mac loans. Further, the Stipulations enable the Debtors

to avoid litigation over the issue of whether Freddie Mac terminated the servicing rights prepetition; thereby preserving the value associated with such servicing rights for the Debtors' estates. As part of the Stipulations, however, the Debtors are required to immediately transfer the servicing rights to BofA.

5.  The expedited consideration of the Stipulations is an important component of the court-approved sale and servicing transfer process, and is in the best interests of the Debtors, their estates and creditors as it will further the Debtors' goal of maximizing the value of their servicing business. Unless the Stipulations are approved now (while the sale process is ongoing) rather than later (as the sale process winds down) the Debtors risk losing value or alienating potential bidders. Additionally, Freddie Mac has required that the Debtors transfer the servicing rights to BofA immediately, and in order to do so, and preserve value for their estates, the Debtors need to have both Stipulations approved. Accordingly, shortening notice so that the Settlement Motion can be heard on September 20, 2007, is of critical import to the Debtors.

6.  The Debtors submit that the shortened notice period requested herein will not prejudice any party-in-interest, because the Freddie Mac Motion was already scheduled to be considered by this Court at the September 20, 2007 hearing. Pursuant to Bankruptcy Rule 4001(d), the Stipulations may be approved without further notice or hearing, because the Freddie Mac Motion, which sought relief from the automatic stay, was served on the Committee, whom consents to the relief the Debtors now seek to obtain through the Settlement Motion, and along with Bank of America and Freddie Mac, is an executory to the Stipulations.

7.  Additionally, as set forth in the Stipulation of Settlement Between and Among the Debtors, Bank of America, N.A., and Federal Home Loan Mortgage Corporation Regarding Interim Servicing of Federal Home Loan Mortgage Corporation Loans, on or about

August 1, 2007, Freddie Mac took possession of Debtors' Custodial Account funds related to the Freddie Mac loans in the amounts of $5,539,329.48 and $1,416,074.60 for Principal and Interest ("P&I Funds") and Taxes and Insurance ("T&I Escrows") respectively. Without access to the T&I Escrows, the Debtors are unable to make required real estate tax, insurance and other applicable impound fund payments for the Freddie Mac loans. Shortening notice so that the Settlement Motion can be heard on September 20, 2007 is appropriate to avoid any consequences which could potentially stem from any nonpayment of required real estate tax, insurance and other applicable impound fund payments for the Freddie Mac loans.

8.  The Debtors will serve the Settlement Motion on all parties in the notice section thereof by facsimile or hand delivery (or, to the extent the Debtors do not have facsimile numbers, they will do so by electronic mail or overnight courier).

WHEREFORE, the Debtors respectfully request that the Court enter an order approving this Motion to Shorten, scheduling a hearing on the Settlement Motion for September 20, 2007 at 2:30 p.m., and permitting that any responses or objections to the Settlement Motion be raised at the hearing.

Dated:    Wilmington, Delaware       YOUNG CONAWAY STARGATT & TAYLOR, LLP
         September 18, 2007

_____

Robert S. Brady (No. 2847)
John T. Dorsey (No. 2988)
Edward J. Kosmowski (No. 3849)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------------- x

In re:                                                    :     Chapter 11

                                                :

AMERICAN HOME MORTGAGE HOLDINGS, INC.,    :     Case No. 07-11047 (CSS)
a Delaware corporation, et al.,

                                                :     Jointly Administered

                Debtors.                      :     **Ref. Docket No. _____**

                                                :

--------------------------------------------------------------------- x

**ORDER SHORTENING THE TIME FOR NOTICE OF THE HEARING TO CONSIDER
DEBTORS' MOTION PURSUANT TO DEL. L.R. 9006-1(e) FOR AN ORDER
SHORTENING THE TIME FOR NOTICE OF THE HEARING TO CONSIDER
DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 4001(d) AND 9019(a) FOR AN ORDER APPROVING AND
AUTHORIZING COMPROMISES AND SETTLEMENT AGREEMENTS WITH
<u>FREDDIE MAC AND BANK OF AMERICAN, N.A.</u>**

Upon consideration of the motion (the "<u>Motion to Shorten</u>")[1] of the above

captioned debtors and debtors in possession (the "<u>Debtors</u>") for entry of an order providing that

the applicable notice period for the Settlement Motion be shortened pursuant to Local Rule 9006-

1(e) and section 102 of the Bankruptcy Code; and the Court having determined that granting the

relief requested in the Motion to Shorten is appropriate; and it appearing that due and adequate

notice of the Motion to Shorten has been given under the circumstances, and that no other or

further notice need be given; and after due deliberation and sufficient cause appearing therefor, it

is hereby

ORDERED that the Motion to Shorten is granted; and it is further

ORDERED that the hearing to consider the relief requested in the Settlement

Motion will be held on September 20, 2007 at 2:30 p.m., and any response to the relief requested

in the Settlement Motion may be raised at the hearing; and it is further

---

[1] Capitalized terms not defined herein shall have the meanings given to them in the Motion to Shorten.

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and/or implementation of this Order.

Dated: Wilmington, Delaware
_____, 2007

_____

Christopher S. Sontchi
United States Bankruptcy Judge