IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE, | : | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware | : | |
| Corporation, et al., | : | Jointly Administered |
| | : | |
| Debtors. | : | |
| | : | SEPTEMBER 19, 2007 |

## OBJECTION TO MODIFIED NOTICE OF (I) POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES, LICENSE AGREEMENTS, AND EXECUTORY CONTRACTS; AND (II) PROPOSED CURE OBLIGATIONS, IF ANY

Connecticut Housing Finance Authority ("CHFA"), by and through its counsel

Shipman & Goodwin LLP[1], hereby objects to the Debtors' Modified Notice of Possible

Assumption and Assignment of Certain Leases, License Agreements and Executory

Contracts and proposed cure obligations, if any, dated August 27, 2007 (the "Modified

Notice"), as follows:

1.    As set forth in the Modified Notice, the Debtors are proposing to assume

and assign to an unidentified third party a Home Mortgage Servicing Agreement

entered into on or about August 21, 1996, by and between CHFA and American Home

Mortgage Holdings, Inc., f/k/a Columbia National Incorporated ("AHM"), as modified

or revised from time to time (the "Servicing Agreement").

---

[1]    CHFA has not yet been able to retain local counsel in this matter, but anticipates it will be able to do so on or before September 25, 2007. CHFA hereby reserves its right to supplement this Objection prior to the Sale Hearing presently scheduled to be held on October 9, 2007, and to file any other pleadings it deems necessary and appropriate in this matter.

2.     Pursuant to the terms of the Servicing Agreement, AHM has been servicing a portfolio of home mortgages which were either serviced or purchased by CHFA (the "CHFA mortgages") prior to the execution of the Servicing Agreement.

3.     The Servicing Agreement provides that AHM is responsible for the servicing of the CHFA mortgages, which at the present time have an outstanding balance in excess of $4,000,000.00.

4.     In its capacity as servicer for the CHFA mortgages, AHM is required to collect all principal and interest payments due under the CHFA mortgages on behalf of CHFA, and to hold such amounts in trust for CHFA.

5.     AHM is also required to remit all principal and interest payments collected on a monthly basis to an account established in CHFA's name (the "pledged account").

6.     The other obligations of AHM under the Servicing Agreement include servicer reporting, servicer loan accounting, escrow responsibilities, the maintenance of insurance, and the maintenance of a collection program to address delinquencies and defaults under the CHFA mortgages.

7.     Paragraph 5 of the Servicing Agreement, entitled "Termination," provides that CHFA shall have the right to terminate the Servicing Agreement by notice in writing to the servicer in the event that the servicer files a Chapter 11 petition.

8.     Paragraph 15 of the Servicing Agreement provides that the Servicing Agreement shall not be assigned, whether by operation of law or otherwise, by the

2

servicer or its successor and assigns without the written consent of CHFA, which CHFA does not and will not provide.

9.    Due to the uncertainty regarding AHM's continued ability to perform under the Servicing Agreement, the uncertainty regarding to what entity, if any, the Servicing Agreement may be assigned, and the fact that CHFA does not consent to the proposed assignment of the Servicing Agreement, CHFA intends to file a Motion for Relief from the Automatic Stay to terminate the Servicing Agreement.

<u>Objections to Proposed Assumption and Assignment</u>

10.    CHFA objects to the proposed assumption and assignment of the Servicing Agreement for several reasons including, but not limited to, the fact that AHM lists the cure amount of any obligations due under the Servicing Agreements as "$ 0.00".

11.    Given the short amount of time to object to the proposed assumption and assignment of the Servicing Agreement, it is impossible to determine with certainty what amounts may be due under the Servicing Agreement. There are different and varying payment and reporting dates in connection with amounts due under the CHFA mortgages, all of which must be reviewed prior to determining what amounts are due and owing under the Servicing Agreement.

12.    It is also possible that certain non-monetary defaults exist under the Servicing Agreement which may not be able to be cured by the Debtors prior to the proposed assumption and assignment of the Servicing Agreement.

13.    Furthermore, as noted above, CHFA does not consent to the assignment of the Servicing Agreement.

14.    In addition, given the Debtors' obvious plan to liquidate their business operations and to assume and assign to third parties of all of their servicing agreements, AHM appears to be incapable of performing the core obligations under the Servicing Agreement. A failure to perform the obligations under the Servicing Agreement can result in, among other things, a default under the Servicing Agreement, which the Debtors may not be able to cure.

15    Finally, it is not clear which, if any, of the CHFA mortgages AHM is proposing to assume and assign. At the very least, the Debtors must provide CHFA with a complete list of the CHFA mortgages which they propose to assume and assign.

16.    CHFA hereby reserves the right to supplement this Objection prior to the hearing on the Sale of the Debtors' Assets presently scheduled to be held on October 9, 2007.

CONNECTICUT HOUSING FINANCE
AUTHORITY,

By: /s/ Julie A. Manning
Julie A. Manning, Esq.
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06013
(860) 251-5000
Its Attorneys

4

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Objection was served electronically or via overnight mail this 19th day of September, 2007, to:

American Home Mortgage Holdings, Inc.
Attn: Alan Horn, General Counsel
538 Broadhollow Road
Melville, NY 11747

James L. Patton, Jr., Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street
17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Counsel to Debtors

Milestone Advisors, LLC
Attn: Jeffrey M. Levine
1775 Eye Street, NW
Suite 800
Washington, DC 20006

Mark S. Indelicato, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY 10022
Counsel to the Official Committee of Unsecured Creditors

Margot B. Schonholtz, Esq.
Scott D. Talmadge, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
Counsel to Bank of America, N.A.

Laurie Selber Silverstein, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Counsel to Bank of America, N.A

Corinne Ball, Esq.
Erica M. Ryland, Esq.
Jones Day
222 East 41st Street
New York, NY  10017
Counsel to Debtors' Postpetition Lenders

Victoria Counihan, Esq.
Greenberg Traurig LLP
1007 North Orange Street
Suite 1200
Wilmington, DE  19801
Counsel to Debtors' Postpetition Lenders

Joseph McMahon, Esq.
Office of the United States Trustee
844 King Street
Room 2313
Wilmington, DE  19801


                              By: /s/  Julie A. Manning
                                  Julie A. Manning



483686 v.01