UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | |
| **AMERICAN HOME MORTGAGE** | ) | Case No. 07-11047 (CSS) |
| **HOLDINGS, INC.,** *et al.*, | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | Related to Docket Nos. 11, 113 and 674 |

**OBJECTION OF SECURITY CONNECTIONS, INC. TO
DEBTORS'** *MODIFIED* **NOTICE OF (I) POSSIBLE ASSUMPTION
AND ASSIGNMENT OF CERTAIN LEASES, LICENSE AGREEMENTS,
AND EXECUTORY CONTRACTS; AND (II) PROPOSED CURE
OBLIGATIONS, IF ANY**

Security Connections, Inc. ("SCI"), by and through its undersigned counsel, hereby objects to the above captioned debtors' (the "Debtors") Modified Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any (the "Modified Notice"), as follows:

**BACKGROUND**[1]

1.   On August 6, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in possession of their respective properties and have continued to operate their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.   Debtor American Home Mortgage Servicing, Inc. ("AHMS") and SCI are parties to a Processing Agreement (the "Agreement") dated August 1, 2005, pursuant to which SCI provides processing services to process releases and/or satisfactions for residential real estate

---

[1] Capitalized terms not defined herein shall have the same meaning as set forth in the Notice.

loans serviced by AHMS and certain permanent records storage services,[2] all as more fully detailed in the Agreement.

3. SCI invoices AHMS monthly for services (the "Services") provided by SCI during the previous month. In addition, each month SCI issues AHMS an invoice for approximately $130,000, representing the estimated recording fees and third-party expenses (collectively the "Third-Party Expenses") to be incurred by SCI the following month. SCI provides Services and pays Third-Party Expenses on a daily basis.

4. On the Petition Date, the Debtors filed their Sale Motion pursuant to which, *inter alia*, the Debtors seek to sell their Servicing Business and to assume and assign certain executory contracts and leases used in connection with that business.

5. By the Modified Notice, the Debtors have identified the Agreement as a potential executory contract to be assumed and assigned as part of the proposed sale of the Servicing Business. The Modified Notice lists the proposed cure amount for the Agreement as $168,854.08.

## OBJECTION

6. SCI hereby objects to the Modified Notice because the proposed cure amount listed for the Agreement is incorrect.

7. Through close of business on September 19, 2007, and taking into account all payments made by AHMS through September 19, 2007, SCI is owed $141,719.55 for Services invoiced, without considering SCI's right to setoff or recoup against pre-paid Third Party Expenses of $341,042.38. The amounts due SCI are detailed on the spreadsheet attached hereto as **Exhibit "A"** and incorporated by reference herein.

---

[2] The permanent records storage services are provided by SCI's sister company SCI Records Storage, LLC.

8. The amount necessary to cure the Agreement will increase prior to closing of any sale, as SCI will invoice AHMS in early October for Services incurred in September, plus $130,000 for anticipated Third-Party Expenses to be incurred in October. Invoices for Services and anticipated Third-Party Expenses will continue on a monthly basis thereafter. SCI estimates that Services provided in September will be approximately $87,100.

9. Accordingly, the correct cure amount for the Agreement will be that amount which pays SCI's Services in full as of the closing (estimated at $228,819.55 through September), plus $130,000 for one month's anticipated future Third-Party Expenses.[3]

10. SCI reserves its right to object to any proposed assumption and assignment of the Agreement on all other grounds.

---

[3] SCI will work with AHMS and any proposed assignee acceptable to SCI to satisfy the correct cure amounts due SCI through payment and/or application of pre-paid Third Party Expenses. Where necessary, SCI is prepared to repay any overpayments to AHMS.

**WHEREFORE**, SCI prays that the Court enter an order (a) requiring AHMS pay SCI $141,719.55, plus (i) the cost of any additional Services and Third-Party Expenses incurred prior to any assumption and assignment of the Agreement and (ii) $130,000 in pre-paid Third-Party Expenses; and (b) granting SCI such further relief as is just and proper.

Mark Minuti (No. 2659)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899
(302) 421-6840
(302) 421-5873 (Fax)

-and-

Gregory P. Meacham
**McGRATH, MEACHAM & SMITH, PLLC**
414 Shoup Avenue
P.O. Box 50731
Idaho Falls, ID  83405
(208) 524-0731
(208) 529-4166 (Fax)

Attorneys for Security Connections, Inc.

Dated:  September 20, 2007