**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGES HOLDINGS, INC., | ) Case No. 07-11047 (CSS) |
| a Delaware corporation, et al., | ) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) **Related Docket Nos. 11, 113, 674** |
| | ) |

---------------------------------------------------------

**OBJECTION OF UBS REAL ESTATE SECURITIES INC. TO THE DEBTORS'
MODIFIED NOTICE OF (I) POSSIBLE ASSUMPTION AND ASSIGNMENT OF
CERTAIN LEASES, LICENSE AGREEMENT, AND EXECUTORY CONTRACTS;
AND (II) PROPOSED CURE OBLIGATIONS, IF ANY**

UBS Real Estate Securities Inc. ("RESI"), hereby objects (the "Objection") to the Modified

Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and

Executory Contracts; and (II) Proposed Cure Obligations, If Any (the "Cure Notice") filed by

American Home Mortgages Holdings, Inc. and its affiliated debtors and debtors-in-possession (the

"Debtors") in the above-captioned case.[1] RESI objects to the Cure Notice on the basis that the

Debtors incorrectly list contracts with RESI as having cure amounts of $0.00 when there are, in fact,

existing defaults in an aggregate amount equal to at least $7,052,392 that would have to be cured to

permit the Debtors to assume and assign the contracts.[2]

**INCORRECTLY LISTED CONTRACTS**

**The Master Purchase Agreements**

RESI and American Home Mortgage Corp. ("AHMC") were parties to that certain Master

Seller's Purchase, Warranties and Interim Servicing Agreement, dated as of May 1, 2005 (the

---

[1]   All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Cure Notice.

[2]   RESI is in the process of reviewing its books and records with respect to its claims against the Debtors and
reserves the right to assert additional cure amounts and additional claims upon completion of such review.

"Master Purchase Agreement"). Pursuant to the Master Purchase Agreement, AHMC agreed to (and did) sell, and RESI agreed to (and did) purchase, from time to time, certain residential Mortgage Loans (as defined therein), secured by a mortgage, deed of trust or other security instrument creating a first or second lien, and the servicing rights thereon. AHMC is a Debtor in the above-captioned chapter 11 proceeding.

In connection with each sale pursuant to the Master Purchase Agreement, AHMC made numerous representations and warranties including, among other things, the quality of the Mortgage Loans and the accuracy of the corresponding information provided to RESI. The Master Purchase Agreement provides that within sixty (60) days of AHMC's discovery or receipt of notice from RESI of a breach of a representation or warranty which materially and adversely affects the value of a Mortgage Loan or the interest of RESI as purchaser of such Mortgage Loan, AHMC must cure such breach or, at the option of RESI, repurchase the Mortgage Loan subject to such breach at a specified repurchase price (the "Repurchase Price"), or substitute a mortgage loan for the defective Mortgage Loan as provided for under the Master Purchase Agreement. The Repurchase Price is a price specified on schedules related to the defective Mortgage loan, plus interest, plus reasonable and customary third-party transfer expenses, plus any costs and damages incurred in connection with any violation of any predatory or abusive lending laws, less amounts previously received by RESI on account of the Mortgage Loan.

In addition, the Master Purchase Agreement provides for early payment default protection. That is, if the first or second monthly payment with respect to a Mortgage Loan due after closing, or any monthly payment due and unpaid as of closing, is not paid in full within thirty (30) days of when such payment was due, then RESI could elect to require AHMC to repurchase such Mortgage Loan at the Repurchase Price ("Early Payment Default"). The Master Purchase Agreement also

provides for prepayment protection. That is, if a Mortgage Loan is paid in full prior to the last day of the third full month following the related closing date, AHMC must reimburse RESI an amount equal to the product of the excess of the Purchase Price percentage (as calculated under the Master Purchase Agreement) paid by RESI for such Mortgage Loan over 100%, times the outstanding principal balance of the Mortgage Loan as of the date of such prepayment in full ("Prepayment").

On August 6, 2007, the date Debtors commenced their chapter 11 cases (the "Petition Date"), and through the date of this Objection, breaches of several representations and warranties, Prepayments and Early Payment Defaults with respect to Mortgage Loans have occurred. AHMC was, and is, obligated to repurchase certain Mortgage Loans and/or pay certain penalties and has not done so. Based on RESI's preliminary review of its books and records—which, as noted, is ongoing—AHMC's defaults under the Master Purchase Agreement are in an amount not less than $4,463,553, which would have to be cured to permit the Debtors to assume and assign the Master Purchase Agreement.

RESI and AHMC were also parties to that certain Master Loan Purchase and Servicing Agreement, dated as of December 1, 2005 (the "Master Loan Purchase and Servicing Agreement"). Pursuant to the Master Loan Purchase and Servicing Agreement, in a similar manner as under the Master Purchase Agreement, AHMC agreed to (and did) sell, and RESI agreed to (and did) purchase, from time to time, certain residential Mortgage Loans (as defined therein), secured by a mortgage, deed of trust or other security instrument creating a first or second lien, and the servicing rights thereon. As of the Petition Date, AHMC is in breach of the Master Loan Purchase and Servicing Agreement. Based on RESI's preliminary review of its books and records—which is ongoing—AHMC's defaults under the Master Loan Purchase and Servicing Agreement are in an

3

500171087v4

amount not less than $2,588,839, which would have to be cured to permit the Debtors to assume

and assign the Master Loan Purchase and Servicing Agreement.[3]

**The Assignment, Assumption and Recognition Agreements**

RESI was also a party to certain Assignment, Assumption and Recognition Agreements

listed on the attached Annex A (the "Assignment Agreements"). Pursuant to the Assignment

Agreements, RESI (the "Assignor") assigned certain mortgage loans purchased from AHMC (the

"Company") to Mortgage Asset Securitization Transactions, Inc. (the "Assignee"), and American

Home Mortgage Servicing, Inc. ("AHMS" or the "Servicer") was obligated to perform certain

servicing on such loans. RESI reserves its rights with respect to any subsequent or presently

unknown defaults under the Assignment Agreements.

## CONCLUSION

For the foregoing reasons, the Debtors should be directed to revise the Cure Notice to

correct the cure amounts listed for the contracts to which RESI is a counterparty.

---

[3]  In addition to defaults under the Master Purchase Agreement and the Master Loan Purchase and Servicing
Agreement, RESI intends to assert claims against the Debtors based upon losses incurred in connection with
RESI's sales of mortgage loans to third parties at prices that were depressed due to AHMC. Moreover, AHMC's
representations and warranties with respect to each Mortgage Loan are co-extensive with the life of such loan such
that (a) subsequent breaches may occur and (b) existing breaches may yet be discovered. RESI reserves its rights
with respect to any such subsequent or presently unknown breaches.

4

Dated:  September 20, 2007

By: _____

William P. Bowden (I.D. #2553)
Amanda M. Winfree (I.D. #4615)
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone:  (302) 654-1888
Facsimile:  (302) 654-2067

-and-

PILLSBURY WINTHROP SHAW PITTMAN
LLP
Rick B. Antonoff (*pro hac vice*)
Brandon R. Johnson (*pro hac vice*)
1540 Broadway
New York, NY 10036
Telephone:  (212) 858-1000
Facsimile:  (212) 858-1500

*Attorneys for UBS Real Estate Securities Inc.*

184311.1

5

500171087v4

## Annex A

1.  Assignment, Assumption and Recognition Agreement, dated as of May 26, 2006, among UBS Real Estate Securities Inc. (the "Assignor"), Mortgage Asset Securitization Transactions, Inc. (the "Assignee") and American Home Mortgage Corp. (the "Company")

2.  Assignment, Assumption and Recognition Agreement, dated as of March 30, 2006, among UBS Real Estate Securities Inc. (the "Assignor"), Mortgage Asset Securitization Transactions, Inc. (the "Assignee"), American Home Mortgage Corp. (the "Company") and American Home Mortgage Servicing, Inc. (the "Servicer")

3.  Assignment, Assumption and Recognition Agreement, dated as of June 29, 2006, among UBS Real Estate Securities Inc. (the "Assignor"), Mortgage Asset Securitization Transactions, Inc. (the "Assignee"), American Home Mortgage Corp. (the "Company") and American Home Mortgage Servicing, Inc. (the "Servicer")

4.  Assignment, Assumption and Recognition Agreement, dated as of November 15, 2006, among UBS Real Estate Securities Inc. (the "Assignor"), Mortgage Asset Securitization Transactions, Inc. (the "Assignee"), American Home Mortgage Corp. (the "Company") and American Home Mortgage Servicing, Inc. (the "Servicer")

5.  Assignment, Assumption and Recognition Agreement, dated as of January 16, 2007, among UBS Real Estate Securities Inc. as Assignor, Mortgage Asset Securitization Transactions, Inc., as Assignee, American Home Mortgage Corp., and American Home Mortgage Servicing, Inc., as Servicer

6.  Assignment, Assumption and Recognition Agreement, dated as of May 15, 2007, among UBS Real Estate Securities Inc. (the "Assignor"), Mortgage Asset Securitization Transactions, Inc. (the "Assignee"), American Home Mortgage Corp. (the "Company") and American Home Mortgage Servicing, Inc. (the "Servicer")

7.  Assignment, Assumption and Recognition Agreement, dated as of March 29, 2006, among UBS Real Estate Securities Inc. (the "Assignor"), Mortgage Asset Securitization Transactions, Inc. (the "Assignee"), American Home Mortgage Corp. (the "Company") and American Home Mortgage Servicing, Inc. (the "Servicer")

8.  Assignment, Assumption and Recognition Agreement, dated as of April 20, 2006, among UBS Real Estate Securities Inc. (the "Assignor"), Mortgage Asset Securitization Transactions, Inc. (the "Assignee"), American Home Mortgage Corp. (the "Company") and American Home Mortgage Servicing, Inc. (the "Servicer")

184311.1

500171087v4