IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware Corporation, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>Jointly Administered<br><br>**Objection Deadline: September 20, 2007 at 4:00 p.m.**<br><br>Re: Docket No. 674 |

**OBJECTION OF QWEST COMMUNICATIONS CORPORATION TO
MODIFIED NOTICE OF (I) POSSIBLE ASSUMPTION AND ASSIGNMENT OF
CERTAIN LEASES, LICENSE AGREEMENTS, AND EXECUTORY
CONTRACTS; AND (II) PROPOSED CURE OBLIGATIONS, IF ANY**

Qwest Communications Corporation ("QCC"), by and through its undersigned counsel, hereby objects to the Modified Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any (the "Modified Cure Notice") filed by American Home Mortgage Holdings, Inc. and certain of its direct and indirect affiliates and subsidiaries (the "Debtors"), and in support thereof states as follows:

**FACTUAL BACKGROUND**

1. On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11, title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors have remained in possession of their property and have continued to operate their businesses pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On August 6, 2007, the Debtors filed the Emergency Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain

Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the "Sale Motion") (D.I. 11).

3.  On August 27, 2007, the Debtors filed the Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any (D.I. 403).

4.  On September 10, 2007, the Debtors filed the Modified Cure Notice (D.I. 674).

5.  Exhibit A of the Modifed Cure Notice identifies the "Amendment 4 of agreement for telecommunications services" between the Debtors and QCC as a contract possibly being assumed and assigned. The cure amount listed is $479,845.59.

6.  Prior to the Petition Date, QCC and the Debtors entered into that certain Qwest Total Advantage™ Agreement – Option Z and twelve amendments thereto pursuant to which QCC furnishes telecommunications services to the Debtors (the "Agreement").

## ARGUMENT

7.  Section 365(a) provides that a "trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. Section 365(a).[1]

---

1   Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, a "debtor in possession" has the rights and duties of a Chapter 11 trustee. See American Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 83 n.3 (3d Cir. 1999) ("debtor in possession" is synonymous with "trustee").

8.  A trustee or debtor in possession generally has the discretion to assume or reject an executory contract or unexpired lease. See Sharon Steel Corp. v. National Fuel Gas Dist. Corp., 872 F.2d 36, 39 (3d Cir. 1989). When a debtor assumes an executory contract or an unexpired lease it becomes a binding obligation of the debtor's bankruptcy estate. The debtor must cure defaults and provide adequate assurance of future performance in order to assume an executory contract or unexpired lease. See 11 U.S.C. § 365(b)(1)(A)-(C).

9.  It is well established that when a debtor assumes an executory contract, it does so *cum onere*, with all the benefits as well as the burdens. See NLRB v. Bildisco and Bildisco, 465 U.S. 513, 531 (1984) (debtor assumes executory contract *cum onere*); Cinicola v. Scharffenberger, 248 F.3d 110, 119-120 (3d Cir. 2001); American Flint, 197 F.3d at 78 ; See Sharon Steel, 872 F.2d at 39; In re Italian Cook Oil Corp., 190 F.2d 994, 996-97 (3d Cir. 1951).

10. Whether a debtor assumes or rejects an executory contract, it must do so in its "entirety." See, e.g., Cinicola, 248 F.3d at 119-120.

11. A debtor may not "cherry pick" pieces of an agreement. Cinicola, 248 F.3d at 119-120; Pieco, Inc. v. Atlantic Computer Sys., Inc. (In re Atlantic Computer Sys., Inc.), 173 B.R. 844, 849 (S.D.N.Y. 1994).

12. Accordingly, the Debtors must assume the entire Agreement (including all amendments thereto). If the Debtors do not assume the entire Agreement (including all amendments thereto), the Modified Cure Notice should be denied to the extent that the Debtors seek to only assume the Fourth Amendment.

13. Section 365 requires the Debtors to cure "defaults" and to compensate the non-debtor party to the contract for such defaults. See 11 U.S.C. §§ 365(b)(1)(A) and (B).

14. The Modified Cure Notices lists the cure amount as $479,845.59.

15.     As of September 14, 2007, the total cure amount for the Agreement is $672,176.68, however, based upon the nature of the Agreement and the telecommunications services rendered to the Debtors, the cure amount will continue to accrue on a daily basis up to the closing of the sale pursuant to the Sale Motion.

16.     Therefore, the Modified Cure Notice should be denied unless the entire cure amount of $672,176.68 plus any additional amounts that accrue prior to the closing of the sale is paid at or prior to the sale closing.

WHEREFORE, QCC respectfully requests that the Court (i) deny the relief requested in the Modified Cure Notice unless the entire Agreement is assumed, (ii) deny the relief requested in the Modified Cure Notice unless the entire cure amount is paid at or prior to the sale closing; and (iii) grant such other and further relief as is just and proper.

Dated: September 20, 2007  
Wilmington, Delaware

REED SMITH LLP

By:    */s/ Kimberly E.C. Lawson*  
Kimberly E.C. Lawson (No. 3966)  
1201 Market Street, Suite 1500  
Wilmington, DE 19801  
Telephone: (302) 778-7500  
Facsimile: (302) 778-7575  
Email: klawson@reedsmith.com

Counsel for Qwest Communications Corporation