**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| _____x | | |
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE | : | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | : | |
| et al., | : | (Jointly Administered) |
| | : | |
| | : | **Ref. Docket Nos. 11, 113, 403, 674** |
| Debtors. | : | **Sale Hearing Date: October 1, 2007 @ 10:00 a.m.** |
| _____x | | **Objection Deadline: September 20, 2007 @ 4:00 p.m.** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF HSI ASSET
SECURITIZATION CORPORATION AND HSBC BANK USA, NATIONAL
ASSOCIATION TO EMERGENCY MOTION OF THE DEBTORS FOR ORDERS: (A)(I)
APPROVING SALE PROCEDURES; (II) SCHEDULING A HEARING TO CONSIDER
SALE OF CERTAIN ASSETS USED IN THE DEBTORS' LOAN SERVICING BUSINESS;
(III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING
RELATED RELIEF; AND (B)(I) AUTHORIZING THE SALE OF SUCH ASSETS FREE
AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS;
(II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; (III)
APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (IV) GRANTING
RELATED RELIEF *AND* TO CERTAIN RELATED
NOTICES OF ASSUMPTION**

HSI Asset Securitization Corporation ("HSI"), and HSBC Bank USA, National

Association ("HSBC") and certain of its affiliates (collectively with HSBC, "HSBC Entities"),

by their undersigned counsel, pursuant to Section 363(b) of Title 11 of the United States Code

(the "Bankruptcy Code") and Rules 6004 and 9014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") file this Limited Objection (the "Objection") to: Emergency

Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing

to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III)

Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I)

Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and other

Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and

Unexpired Leases Related Thereto; (III) Approving the Assumption and Assignment of Certain

Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief

[Dkt. No. 11] (the "Sale Motion"), and Notice of Service of (I) Possible Assumption and

Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed

Cure Obligations, If Any [Dkt. No. 403] (the "Assumption Notice"), and Modified Notice of (I)

Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory

Contracts; and (II) Proposed Cure Obligations, If Any [Dkt. No. 674] ("Modified Assumption

Notice"), and in support of their Objection, respectfully state as follows:

## BACKGROUND

1.      On August 6, 2007 (the "Petition Date"), American Home Mortgage Investment

Corp. ("AHMIC") and certain of its affiliates and subsidiaries (collectively, the "Debtors" and,

individually, a "Debtor") commenced voluntary cases under Chapter 11 of the Bankruptcy Code

in this Court (the "Bankruptcy Cases").

2.      The Debtors remain in possession of their property and are managing their

businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy

Code.

3.      On August 14, 2007, the United States Trustee appointed an Official Committee

of Unsecured Creditors.  No Chapter 11 trustee or examiner has been appointed in these cases.

4.      On August 6, 2007, the Debtors filed the Sale Motion.  On August 9, 2007, this

Court entered its Order Approving (I) Sale Procedures; (II) Scheduling a Hearing to Consider

Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and

Manner of Notice Thereof and (IV) Granting Related Relief [Dkt. No. 113] ("Sales Procedure Order") establishing procedures for the sale of the Debtors' mortgage-servicing business (the "Proposed Sale") and providing, among other things, that an auction (the "Auction") to sell that business would take place on September 10, 2007.  As of the date of this Objection, the deadline for submitting bids to the Auction is September 18, 2004, the current date for the Auction is September 24, 2007, and the scheduled hearing date to approve the purchaser(s) at the Auction is October 1, 2007.

5.       On August 27, 2007, the Debtors filed the Assumption Notice in which they identified several contracts that they intended to assume and assign to the party(ies) approved as the final purchaser(s) at the Auction.  The Assumption Notice originally set September 13, 2007 as the deadline for filing any and all objections to the proposed assumption of executory contracts set forth in the Assumption Notice.  On September 10, 2007, the Debtors filed their Modified Assumption Notice in which the Debtors extended the deadline for objecting to any assumption and assignments to September 20, 2007 at 4:00 p.m.  The Modified Assumption Notice (which fixes the cure amounts for HSI and the HSBC Entities at zero) replaced the Assumption Notice in its entirety.

THE HSI AND HSBC ENTITIES INTERESTS

6.       HSI is the assignee under two securitization transactions:

   a.       Assignment, Assumption and Recognition Agreement, made as of May 1, 2007, among HSBC Bank, National Association (the "Assignor"), HSI Asset Securitization Corporation (the "Assignee"), CitiMortgage Inc. as Master Servicer (the "Master Servicer"), Deutsche Bank National Trust Company (the "Trustee") not individually but solely as trustee on behalf of the holders of the HSI Asset Loan Obligation Trust, Series 2007-1, Asset-Backed Certificates, American Home Mortgage Corp. (the "Company") and American Home Mortgage Servicing, Inc. (the "Servicer") ("HALO 2007-1").

b.     Assignment, Assumption and Recognition Agreement, made as of January 1, 2007, among HSBC Bank, National Association (the "Assignor"), HSI Asset Securitization Corporation (the "Assignee"), CitiMortgage Inc. as Master Servicer (the "Master Servicer"), Deutsche Bank National Trust Company (the "Trustee") not individually but solely as trustee on behalf of the holders of the HSI Asset Loan Obligation Trust, Series 2007-AR1, Asset-Backed Certificates, American Home Mortgage Corp. (the "Company") and American Home Mortgage Servicing, Inc. (the "Servicer") ("HALO 2007-AR1").

7.     The HSBC Entities are parties to:

a.     Master Mortgage Loan Purchase and Servicing Agreement, dated as of June 21, 2006, by and among American Home Mortgage Corp. (Seller), American Home Mortgage Servicing, Inc. (Servicer), and HSBC Bank USA, National Association (Initial Purchaser).

b.     Master Mortgage Loan Purchase and Interim Servicing Agreement, dated as of November 1, 2006, by and among American Home Mortgage Corp. (Seller), American Home Mortgage Servicing, Inc. (Interim Servicer), and HSBC Bank USA, National Association (Initial Purchaser).

c.     Loan Sale and Servicing Agreement – HSBC Mortgage Corporation (USA).

## LIMITED OBJECTION

8.     HSI and the HSBC Entities have several concerns about the Sale Motion, the Modified Assumption Notice, and the Proposed Sale.

9.     First, HSI and the HSBC Entities assume each of their respective contracts listed in the Modified Assumption Notice and above are capable of assumption and assignment as executory contracts under the Bankruptcy Code.

10.     Second, the Modified Assumption Notice also suggests that the Debtors intend to assume and assign their interests only in the servicing rights associated with certain of these agreements but not in the agreements themselves. Any attempted partial assumption contravenes Bankruptcy Code § 365, which requires a trustee or debtor-in-possession to assume an executory contract in its entirety. See 11 U.S.C. § 365; *In re Rickel Home Centers, Inc.*, 209 F.3d 291, 298

(3d. Cir. 2000) (Debtor "may assume the contract or lease, but it must do so in its entirety.); *In re*

*Indian River Homes, Inc.*, 108 B.R. 46, 49 (D.Del. 1989) ("An executory contract must be

assumed or rejected in its entirety.").

11.     Third, any agreements that constitute contracts for a financial accommodation, as

defined in section 365(c)(2) of the Bankruptcy Code, may not be assumed and assigned by the

Debtors.  *See* 11 U.S.C. § 365(c)(2).  The HSBC Entities object to any effort to assume and

assign such agreements.

12.     In addition to these more general objections, HSI and the HSBC Entities have the

following additional specific issues with each of the contracts listed on the Modified Assumption

Notice plus those additional contracts as set forth above (and therefore scheduled to be assumed

and assigned at the Auction):

    a.    Completed Loan Pool Transfers:  HSI and the HSBC Entities object to the
          assumption and assignment of any servicing agreement to the extent that
          the Debtors are attempting to assume and assign servicing rights on loans
          as to which servicing has already been transferred.

    b.    Follow-Up Documentation:  Neither the Modified Assumption Notice nor
          the Sale Motion explains how AHM Servicing (or any subsequent servicer
          to whom AHM Servicing may transfer these pooled loans) intends to
          provide HSI and the HSBC Entities with sufficient documentation to
          address any follow-up issues that may arise.

    c.    Cure Amount:  The Debtors have identified the cure amounts for each
          agreement as zero.  HSI and the HSBC Entities have not yet been able to
          ascertain (given the Debtors' free fall into bankruptcy) the cure amounts,
          if any, and reserve the right to supplement this Objection by providing a
          cure figure pending further discussion with the Debtors and analysis.

13.     With respect to the Cure Amounts identified in this Objection, HSI and the HSBC

Entities emphasize that the Debtors cannot assume and assign any of these agreements without

making full and prompt cure of the entire cure amounts as calculated by HSI and the HSBC

Entities.    HSI and the HSBC Entities are also entitled to adequate assurance of future

performance of these agreements and to all other rights and remedies afforded to them under

Bankruptcy Code § 365.  HSI and the HSBC Entities generally object to the Sales Motion, the

Auction, the Proposed Sale, and the Modified Assumption Notice to the extent that they attempt to impair or curtail these rights of HSI or the HSBC Entities in contravention of the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

14.     HSI and the HSBC Entities reserve the right to amend, supplement, modify, or withdraw this Objection in whole or in part at their discretion at any time.  HSI and the HSBC Entities do not waive any right they may have by filing this Objection.

**WHEREFORE**, HSI and the HSBC Entities request that: (i) the Sale Motion and the Modified Assumption Notice be denied to the extent that they purport to limit, abridge, affect, modify, or alter in any respect any right of HSI or the HSBC Entities under any of the agreements specifically identified in this Objection or under any other agreements between one or more of the and the Debtors not otherwise identified herein, and (ii) that the Court grant such other and further relief as just and proper.

Dated: September 20, 2007                    BUCHANAN INGERSOLL & ROONEY, PC


By:  /s/ Mary F. Caloway
Mary F. Caloway (No. 3059)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801-1054
Telephone:  (302) 552-4200
Facsimile:  (302) 552-4295

- and -

PHILLIPS LYTLE LLP
William J. Brown, Esq.
3400 HSBC Center
Buffalo, New York 14203
Telephone: (716) 847-8400
Facsimile:  (716) 852-6100

ATTORNEYS FOR HSI ASSET
SECURITIZATION CORPORATION AND HSBC
BANK USA, NATIONAL ASSOCIATION AND
ITS AFFILIATES

Doc # 01-1689290.3