**IN THE UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

IN RE:

AMERICAN HOME MORTGAGE, INC.,
A Delaware Corporation, et al.

Debtors.

Chapter 11 Case

Case No. 07-11047 (CSS)

Objection Deadline: September 20, 2007
Hearing Date: October 1, 2007 @ 10:00 A.M.

-------------------------------------------------------X       Related to Doc 674

**DE LAGE LANDEN FINANCIAL SERVICES, INC.'S OBJECTION
TO THE DEBTORS' PROPOSED EQUIPMENT SALE, AND ASSUMPTION,
ASSIGNMENT AND CURE OF DE LAGE LANDEN FINANCIAL
SERVICES, INC.'S LEASE, AS PROPOSED WITHIN THE DEBTORS' NOTICE**

**TO THE HONORABLE CHRISTOPHER S. SONTCHI,
UNITED STATES BANKRUPTCY JUDGE:**

De Lage Landen Financial Services, Inc. ("De Lage Landen"), by its attorneys, Platzer, Swergold, Karlin, Levine, Goldberg, & Jaslow, LLP, and Duane Morris LLP hereby submits its objection ("Objection") to the Debtors' notice of (I) possible assumption and assignment, and executory contracts; and (II) proposed cure amount for a "Copier Lease"[1], made between one of the Debtors, and De Lage Landen.

**RELIEF SOUGHT BY THE DEBTOR**

1.   American Home Mortgage Holdings, Inc. (the "Debtor") and certain of its direct and indirect affiliates and subsidiaries', the debtors and debtors in possession in

---

[1] Debtor's Notice fails to identify the specific "copier lease" the Debtors intend to assume and assign.
DM3\567416.1

the above cases (collectively, the "Debtors") seek within their notice (Doc # 674) (the "Notice") pursuant to 11 U.S.C. §§ 105, 363, 365 and 554 of Title 11 of the United States Code (the "Bankruptcy Code"), the Bankruptcy Court's approval for the assumption, cure and assignment of a certain equipment lease identified by the Debtors as the "copier lease", and made between the Debtor and De Lage Landen, which provided for the lease of equipment.

## GENERAL STATEMENT OF OBJECTION TO RELIEF SOUGHT

2.  The Debtors' Notice is defective and legally insufficient in that it does not identity which of the De Lage Landen Leases the Debtors are seeking to assume, cure and assign. The Notice merely describes the De Lage Landen lease generically as a "copier lease". In order to determine which De Lage Landen's Leases the Debtors are proposing to assume, cure and assign, De Lage Landen must be provided with a more detailed description of the Lease contemplated in Debtors' Notice. Accordingly, De Lage Landen submits its objection to the proposed Noticed lease assumption and cure, since it is unclear which of the Leases, the Debtors propose to assume and cure.

## BACKGROUND

3.  On August 6, 2007 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11, the Bankruptcy Code.

### I. The Leases

4. Prior to the Petition Date, various Debtors, as lessee[2], entered into approximately two-hundred fifty (250) equipment leases ("Leases") with De Lage Landen for the lease of various pieces of equipment ("Leased Equipment"), as described within the Leases and which generally consists of, but not limited to, facsimile machines, photocopier machines, postal/mail machines, and computer printers and which were required by the terms of each of relevant leases, to be located at the locations (collectively, the "Equipment Locations") designated within each of the Leases.

### A. Debtors' Notice does not identify the particular De Lage Landen lease the Debtors seek to assume, and merely refers to the lease as the "Copier Lease"

5. The Debtors' notice is defective in that it fails to identify which of the many Leases the Debtors want to assume and cure. The Debtors' Notice merely identifies the subject lease the Debtors wish to assume as the "copier lease" (the "Noticed Copier Lease").

6. In response to the Notice, Debtors' counsel was contacted for more information concerning the identity of Noticed Copier Lease. In response, the Debtors' counsel stated in a telephone conversation on September 18, 2007, that they did not know the specific lease(s) the Debtors wanted to assume under the Notice. However, Debtors' counsel went on to say that after the Debtors' 3rd lease rejection motion (doc # 742) is heard and decided, and in conjunction with the Debtors' 2nd Lease rejection motion (doc # 510), and the Court's order (doc #779) on the Doc # 510 motion, the

---

[2]American Home Mortgage Holdings, Inc.; First Home Mortgage Corp.; and M Team Financial

DM3\567416.1

following real property locations will be the remaining locations at which the Debtors will continue to use the leased equipment and may in the future wish to assume the Leases for the Leased Equipment located at the following locations (Collectively, the "Remaining Locations"):

> 538 Broad Hollow Road, Melville, New York 11747
> 4650 Regent Blvd, Irving, TX 75063
> 4600 Regent Blvd, Irving, Texas 75063
> 220 West Huron Street, Chicago, IL 60610
> 5818 Archer Road, # 3RL, Summit, IL 60501
> 950 North Elmhurst Road, Mount Prospect, IL 60056

7.  Since the Debtors have not identified the Noticed Copier Lease or even the identity of the leased equipment the Noticed Copier Lease covers, it is not possible for De Lage Landen to determine which of its leases is the Noticed Copier Lease. This is especially true since the Debtors may have moved some of the Leased Equipment from its original Equipment Location to one of the Remaining Locations, without De Lage Landen's knowledge or consent.

8.  With respect to the Remaining Locations, based on De Lage Landen's records pertaining to the Equipment Locations listed in the Leases, De Lage Landen believes the following Leases have 4600 Regent Blvd, Irving, Texas 75063 as the designated Equipment Location:

> a. Lease # 24619975 ("Lease # 24619975"), which is for the lease of a Ricoh copier 2045esp;
>
> b. Lease # 24620425 ("Lease # 24620425"), which is for the lease of a Ricoh copier 2238C. ( Collectively, Lease # 24619975 and Lease # 24620425, referred herein as the "4600 Regent Blvd Leases")

9. With respect to the Remaining Locations and based on the De Lage Landen's records pertaining to the Equipment Locations listed in the Leases, De Lage Landen believes the following Leases have 538 Broad Hollow Road, Melville, New York 11747 as a designated Equipment Location:

a. Lease # 24663648 ("Lease # 24663648") which is for the lease of twenty copier and fax machines, <u>some</u> of which are designated with the lease as being located at the 538 Broadhollow Road location;

b. Lease # 24800906 ("Lease # 24800906") which is for the lease of a Ricoh AF3045SPF imaging system;

c. Lease # 24694704 ("Lease # 24694704") which is for lease of a Ricoh fax machine;

d. Lease # 24839904 ("Lease # 24839904") which is for the lease of a Ricoh copier;

e. Lease # 24694600 ("Lease # 24694600") which is for the lease of a Toshiba copier;

f. Lease # 24839529 ("Lease # 24839529") which is for the lease of a Ricoh copier;

g. Lease # 24626695 ("Lease # 24626695") which is for the lease of two Ricoh fax machines;

h. Lease # 24812209 ("Lease # 24812209") which is for the lease of a Ricoh copier.

( Collectively, Lease # 24663648, Lease # 24800906, Lease # 24694704, Lease # 24839904, Lease # 24694600, Lease # 24839529 and Lease # 24626695 referred herein as the "538 Broad Hollow Road Leases").

10. Until the identity of the Noticed Copier Lease is particularized by the Debtors, De Lage Landen reserves all of its rights, including its right to amend and further object to the Debtors' Notice.

11. If the Noticed Copier Lease is one of the 538 Broad Hollow Road Leases

DM3\567416.1

or one of the 4600 Regent Blvd Leases, De Lage Landen submits the following further objection and relevant portions of De Lage Landen's opposition, as stated herein.

### Lease # 24663648

12. Prior to the Petition Date, the Debtor, American Home Mortgage and De Lage Landen, entered in an equipment lease, bearing the lease number 24663648 ("Lease # 24663648") for the lease of numerous pieces of equipment (the "Lease # 24663648 Equipment").

13. As stated in Lease # 24663648, and the records kept by De Lage Landen, the Lease # 24663648 Equipment is located at the following locations:

1060 Maitland CTR Commons, Longwood, Fl
115 River Road, Edgewater, NJ
2411 N. Oak Street, Myrtle Beach, SC
45 Braintree Hill Park, Braintreet, MA
4th Fl Thmoas McCambridge 520 I, Melville, NY
520 Broad hollow RD, Melville, NY
538 Broad hollow RD, Melville, NY ("538 Broad Hollow Rd location")
600 Jefferson St, Rockville, MD
700 Veterans memorial Hwy Ste, Hauppauge, New York
7100 Commerce Way, Brentwood, TN
7365 Merchant Court, Sarasota, FL

14. As stated within the Debtors' Notice, the Debtors seek to assume a De Lage Landen "copier lease". With the exception for the 538 Broad Hollow Rd location, the Debtors have sought or will seek to reject all leases that have equipment located at all the other listed Equipment Locations listed in Lease # 24663648, as a result of Debtors' Motions Doc # 510 and Doc # 742. As such, if the Debtors seek to assume Lease # 24663648 with respect to only the equipment located at 538 Broad Hollow Rd Location, then the Debtors do not seek to assume Lease # 24663648 in its entirety.

## DE LAGE LANDEN'S OBJECTION TO THE PROPOSED ASSUMPTION, ASSIGNMENT AND CURE STATED WITHIN THE DEBTORS' NOTICE

### I. The Debtors cannot partially assume or partially cure a lease with respect to only some of the leased equipment or lease provisions.

15. Based on the Debtors' Notice, it is not known if the Debtor is proposing to assume the Noticed Copier Lease in whole or in part. De Lage Landen objects to any such proposed partial lease assumption, If the Debtors are proposing a partial lease assumption or any of the Leases, including a partial assumption of any of the 538 Broad Hollow Road Leases and the 4600 Regent Blvd Leases.

16. A partial lease assumption is <u>not allowed and is without authority</u> under the Bankruptcy Code. The Bankruptcy Code does not allow a debtor to pick and choose which part of a lease it may assume, cure and thereafter perform under.

17. Section 365(d)(2) of the Bankruptcy Code states in relevant part as follows:
"In a case under chapter 9, 11, 12 or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of . . . personal property of the debtor at any time before confirmation of a plan . . ."

18. Section 365(b)(1) of the Bankruptcy Code states in relevant part as follows:
If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee
(A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . "

19. The Bankruptcy Code does <u>not</u> authorize Debtors to assume or

DM3\567416.1

cure a lease with respect to only some portion or parts of a lease and with respect to only some of the Leased Equipment that the Debtors may wish to assume, while ignoring the remaining leased equipment that is subject to the very same lease. The Debtors cannot "cherry-pick" those portions of any Lease the Debtors want to assume without assuming the Lease in its entirety[3].

20.     Further, the Debtors have not proposed to De Lage Landen any written modification of any of the Leases for De Lage Landen's consideration with respect to any portion or specific pieces of the Leased Equipment and the monthly rental amounts due under the Leases. The Debtors do not have the right or power to unilaterally change any provision or part of any of the Leases.

21.     If the Debtors seek to return some of the Leased Equipment due to its location, but retain other pieces of Leased Equipment that is subject to the very same Lease, De Lage Landen is open to the idea of entering into a modification agreement with the Debtors with respect to the particular lease, to provide for the return of some equipment and a modification of the rental amounts due under the particular Lease. De Lage Landen understands that there is a possibility that such a modified lease may then be assumed by the Debtors, provided the amounts due under the modified lease

---

[3] See In re Three Star Telecast, Inc., 73 B.R 270, 274 (Bankr., D.P.R, 1987)(If the debtor in possession opts to assume, it must assume the contract in its entirety, cure all defaults . . . ")(emphasis added); In re Winn-Dixie Stores, Inc., 345 B.R.402, 405-406 (Bankr. M.D.F.L, 2006)("If Debtor chooses to assume the Lease, Winn-Dixie must assume it in its entirety, cure the default . . . ") (emphasis added); In re Sweetwater, 40 B.R.733, 743 note 23 (Bankr., U.T, 1984)("if the trustee or the debtor instead chooses to assume the lease, he has the responsibility of curing any existing default, and then must comply with the lease, term by term. The full amount of the payments provided for in the lease must be made, and they must be made under the same schedule as provided in the lease."); In re Holland Enterprises, 25 B.R. 301, 303 (E.D.N.C, 1982)("It is axiomatic that an assumed contract under 365 is accompanied by all its provisions and conditions. Similarly, an executory contract or unexpired lease must be rejected *in toto* [in the whole; completely]. To hold otherwise, would construe the bankruptcy law as providing a debtor in bankruptcy with greater rights and powers under a contract then the debtor had outside of the bankruptcy.")

DM3\567416.1

are cured and De Lage Landen is provided with "adequate assurance", under Section 365 of the Bankruptcy Code.

## II. The Debtors' have not proposed a correct cure amount for the amounts due Lease # 24620425

22.     Debtors' Notice does not state the correct cure amount for Lease # 24620425.  The Debtor is in default of its payment obligations due under Lease # 24620425, since it has not paid the amounts due under the Lease # 24620425 lease for the months of August and September, 2007.  If the Debtors were to assume the Lease # 24620425 under the Bankruptcy Code, the Debtor would have to pay all the past due amounts due under the Lease # 24620425 to date, in the amount of $809.52, which represents amounts due under Lease # 24620425 for the months of August and September 2007.

23.     The proposed "Zero" cure amount stated within the Debtors' Notice does not cure Lease # 24620425 in toto.

## III. The Debtors' have not proposed a correct cure amount for the amounts due Lease # 24619975

24.     Debtors' Notice does not state the correct cure amount for Lease # 24619975. The Debtor is in default of its payment obligations due under Lease # 24619975, since it has not paid the amounts due under the Lease # 24619975 lease for the months of August and September, 2007.  If the Debtors were to assume the Lease # 24619975 under the Bankruptcy Code, the Debtor would have to pay all the past due amounts due under the Lease # 24619975 to date, in the amount of $963.30, which represents amounts due under Lease # 24619975 for the month of August and

September 2007.

25. The proposed "Zero" cure amount stated within the Debtors' Notice does not cure Lease # 24619975 in toto.

## IV. The Debtors' have not proposed a correct cure amount for the amounts due Lease # 24626695

26. Debtors' Notice does not state the correct cure amount for Lease # 24626695. The Debtor is in default of its payment obligations due under Lease # 24626695, since it has not paid the amounts due under the Lease # 24626695 for the months of August and September, 2007. If the Debtors were to assume the Lease # 24626695 under the Bankruptcy Code, the Debtor would have to pay all the past due amounts due under the Lease # 24626695 to date, in the amount of $451.88, which represents amounts due under Lease # 24626695 for the month of August and September 2007.

27. The proposed "Zero" cure amount stated within the Debtors' Notice does not cure Lease # 24626695 in toto.

## V. The Debtors' have not proposed a correct cure amount for the amounts due under Lease # 24694600

28. Debtors' Notice does not state the correct cure amount for Lease # 24694600. The Debtor is in default of its payment obligations due under Lease # 24694600, since it has not paid the amounts due under the Lease # 24694600 for the months of August and September, 2007. If the Debtors were to assume the Lease # 24694600 under the Bankruptcy Code, the Debtor would have to pay all the past due

amounts due under the Lease # 24694600 to date, in the amount of $815.22, which represents amounts due under Lease # 24694600 for the months of August and September 2007.

29. The proposed "Zero" cure amount stated within the Debtors' Notice does not cure Lease # 24694600 in toto.

### VI. The Debtors' have not proposed a correct cure amount for the amounts due under Lease # 24800906

30. Debtors' Notice does not state the correct cure amount for Lease # 24800906. The Debtor is in default of its payment obligations due under Lease # 24800906, since it has not paid the amounts due under the Lease # 24800906 for the months of August and September, 2007. If the Debtors were to assume the Lease # 24800906 under the Bankruptcy Code, the Debtor would have to pay all the past due amounts due under the Lease # 24800906 to date, in the amount of $1,051.60, which represents amounts due under Lease # 24800906 for the months of August and September 2007.

31. The proposed "Zero" cure amount stated within the Debtors' Notice does not cure Lease # 24800906 in toto.

### VII. The Debtors' have not proposed a correct cure amount for the amounts due under Lease # 24694704

32. Debtors' Notice does not state the correct cure amount for Lease # 24694704. The Debtor is in default of its payment obligations due under Lease # 24694704, since it has not paid the amounts due under the Lease # 24694704 for the

DM3\567416.1

months of August and September, 2007. If the Debtors were to assume the Lease # 24694704 under the Bankruptcy Code, the Debtor would have to pay all the past due amounts due under the Lease # 24694704 to date, in the amount of $261.32, which represents amounts due under Lease # 24694704 for the months of August and September 2007.

33.  The proposed "Zero" cure amount stated within the Debtors' Notice does not cure Lease # 24694704 in toto.

## VIII. The Debtors' have not proposed a correct cure amount for the amounts due under Lease # 24839904

34.  Debtors' Notice does not state the correct cure amount for Lease # 24839904. The Debtor is in default of its payment obligations due under Lease # 24839904, since it has not paid the amounts due under the Lease # 24839904 for the month of September, 2007. If the Debtors were to assume the Lease # 24839904 under the Bankruptcy Code, the Debtor would have to pay all the past due amounts due under the Lease # 24839904 to date, in the amount of $318.64, which represents amounts due under Lease # 24839904 for the month of September 2007.

35.  The proposed "Zero" cure amount stated within the Debtors' Notice does not cure Lease # 24839904 in toto.

## IX. The Debtors' have not proposed a correct cure amount for the amounts due under Lease # 24839529

36.  Debtors' Notice does not state the correct cure amount for Lease #

DM3\567416.1

24839529. The Debtor is in default of its payment obligations due under Lease # 24839529, since it has not paid the amounts due under the Lease # 24839529 for the month of September, 2007. If the Debtors were to assume the Lease # 24839529 under the Bankruptcy Code, the Debtor would have to pay all the past due amounts due under the Lease # 24839529 to date, in the amount of $318.53, which represents amounts due under Lease # 24839529 for the month of September 2007.

37. The proposed "Zero" cure amount stated within the Debtors' Notice does not cure Lease # 24839529 in toto.

### X. The Debtors' have not proposed a correct cure amount for the amounts due under Lease # 24812209

38. Debtors' Notice does not state the correct cure amount for Lease # 24812209. The Debtor is in default of its payment obligations due under Lease # 24812209, since it has not paid the amounts due under the Lease # 24812209 for the months of August and September, 2007. If the Debtors were to assume the Lease # 24812209 under the Bankruptcy Code, the Debtor would have to pay all the past due amounts due under the Lease # 24812209 to date, in the amount of $1,281.04, which represents amounts due under Lease # 24812209 for the month of August and September 2007.

39. The proposed "Zero" cure amount stated within the Debtors' Notice does not cure Lease # 24812209 in toto.

DM3\567416.1

## IX. The Debtors' have not proposed a correct cure amount for the amounts due under Lease # 24663648

40.  Debtors' Notice does not state the correct cure amount for Lease # 24663648.  The Debtor is in default of its payment obligations due under Lease # 24663648, since it has not paid the amounts due under the Lease # 24663648 for the months of August and September, 2007.  If the Debtors were to assume the Lease # 24663648 under the Bankruptcy Code, the Debtor would have to pay all the past due amounts due under the Lease # 24663648 to date, in the amount of $12,591.06, which represents amounts due under Lease # 24663648 for the month of August and September 2007.

41.  Assuming the Debtors may wish to enter into modification agreement for the modification of Lease # 24663648 in order to provide for the return of all of the leased equipment, other than the leased equipment designated within Lease # 24663648 as being located at the 538 Broad Hollow Road, then under such a modification agreement the cure amount for the potentially retained 538 Broad Hallow Rd equipment for the months of August and September 2007 would be $7,174.74 in sum.

42.  The proposed "Zero" cure amount stated within the Debtors' Notice does not cure Lease # 24663648 in toto.

43.  In order to determine which De Lage Landen's Leases the Debtors propose to assume, cure and assign, De Lage Landen must be provided with a more detailed description of the Lease contemplated in Debtors' Notice of assumption, cure and assignment.

DM3\567416.1

44. The need for a more precise description of the Noticed "copier lease", that the Debtors intend to assume, is clear. Accordingly, De Lage Landen submits its objection to the proposed Noticed lease assumption, cure and assignment, since it is unclear which of the Leases, the Debtors propose to assume and cure. Therefore, De Lage Landen respectfully requests that the Debtors provide De Lage Landen with the exact description of the noticed "copier lease", that the Debtors propose to assume, cure, and assign and, De Lage Landen reserves all of its rights, including the right to further object to any attempted assumption, cure and assignment of any of its Leases.

**WHEREFORE,** it is respectfully requested that the Court deny the Debtors' Notice with respect to the proposed lease assumption, assignment and cure, together with such other and further relief the Court finds just and proper.

Dated:   September 20, 2007
         Wilmington, Delaware

**DUANE MORRIS LLP**

_____
Frederick B. Rosner (DE 3995)
1100 N. Market Street, Suite 1200
Wilmington, DE 19801
Telephone: 302.657.4900

- and -

**PLATZER, SWERGOLD, KARLIN, LEVINE GOLDBERG & JASLOW, LLP**
Scott K. Levine, Esq.
Evan Salan, Esq.
Teresa Sadutto, Esq.
1065 Avenue of the Americas, 18th Floor
New York, New York 10018
*Counsel for De Lage Landen Financial Services, Inc.*

DM3\567416.1