IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE | : Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : Ref No.: 220 |

---

**FIRST ORDER, PURSUANT TO SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES AND TO ABANDON CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors"), for an order pursuant to sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), (i) authorizing the Debtors to reject the Unexpired Leases and (ii) abandon certain of the FF&E; and the Court being satisfied that the rejection of the Unexpired Leases and the abandonment of certain of the FF&E is in the best interests of the Debtors, their estates and creditors and is a proper exercise of the Debtors' business judgment; and due and proper notice of the Motion having been given; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

ORDERED, that the Motion is GRANTED to the extent set forth herein; and it is further

ORDERED, that the Debtors are authorized pursuant to 11 U.S.C. § 365(a), but not required, to reject the Unexpired Leases listed on <u>Exhibit A</u> attached hereto, effective as of the Effective Date of Rejection; and it is further

ORDERED, that nothing herein shall prejudice the rights of the Debtors to withdraw the motion with respect to certain Unexpired Leases up to and including the Effective Date of Rejection for such Unexpired Leases listed on <u>Exhibit A</u>;

ORDERED, that nothing herein shall prejudice the rights of the Debtors to assume, assume and assign, or later reject certain Unexpired Leases listed on <u>Exhibit A</u>; <u>provided, however</u>, that a notice withdrawing the rejection of such Unexpired Leases is filed up to and including the Effective Date of Rejection that pertains to each such Unexpired Lease;

ORDERED, that nothing herein shall prejudice the rights of the Debtors to argue that any claim for damages arising from the rejection of the Unexpired Leases is limited to the remedies available under any applicable termination provision of the Unexpired Leases, or that any such claim is an obligation of a third party, and not that of the Debtors; and it is further

ORDERED, that the Debtors shall be authorized pursuant to 11 U.S.C. § 554(a), but not required, to abandon any FF&E remaining at the premises of the Unexpired Leases as of the Effective Date of Rejection that pertains to such Unexpired Lease; and it is further

ORDERED, that the automatic stay set forth in 11 U.S.C. § 362 be, and hereby is, modified and lifted solely for the purpose of allowing De Lage Landen to protect and repossess equipment that is the subject of equipment leases by and between the Debtors and De Lage

Landen and which equipment is located at any of the premises covered by the Unexpired Leases (the "Equipment"); and it is further

ORDERED, that the Debtors shall reasonably cooperate with De Lage Landen in its efforts to protect and repossess the Equipment; and it is further

ORDERED, that De Lage Landen reserves all rights and claims under the Bankruptcy Code, including, without limitation, the right to assert administrative claims and all rights and claims under section 365(d)(5) of the Bankruptcy Code and the Debtors reserve all rights to contest any and all motions, claims or rights asserted by De Lage Landen on any and all bases; and it is further

ORDERED, that this Court shall retain jurisdiction over an any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
September 20, 2007

Christopher S. Sontchi
United States Bankruptcy Judge

DB02:6221189.3    066585.1001