**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **AMERICAN HOME MORTGAGE** | : | **Case No. 07-11047 (CSS)** |
| **HOLDINGS, INC.,** | : | |
| a Delaware corporation, <u>et al.</u>,[1] | : | **Jointly Administered** |
| | : | |
| | : | **Sale Objection Deadline: October 1, 2007 at 4:00pm** |
| | : | **Assumption and Assignment Objection Deadline:** |
| | : | **September 20, 2007 at 4:00pm** |
| **Debtors.** | : | **Sale Hearing: October 9 at 2:30pm** |

**OBJECTION OF GOLDMAN SACHS MORTGAGE COMPANY
AND GS MORTGAGE SECURITIES CORP. TO THE
EMERGENCY MOTION OF THE DEBTORS FOR ORDERS:
(A)(I) APPROVING SALE PROCEDURES; (II) SCHEDULING A HEARING
TO CONSIDER SALE OF CERTAIN ASSETS USED IN THE DEBTORS'
LOAN SERVICING BUSINESS; (III) APPROVING FORM AND MANNER
OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF; AND (B)(I)
AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING
AND APPROVING THE PURCHASE AGREEMENT THERETO; (III)
APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED
THERETO; AND (IV) GRANTING RELATED RELIEF AND
TO CERTAIN RELATED NOTICES OF ASSUMPTION (D.I.s 11, 113, 403, 647)**

Goldman Sachs Mortgage Company ("<u>GSMC</u>") and GS Mortgage

Securities Corp. ("<u>GSMSC</u>"), by and through their undersigned counsel, hereby submit

this objection (the "<u>Objection</u>") to the possible assumption and assignment of certain

executory contracts and the Debtors' proposed cure amounts for such contracts in

connection with the above-referenced *Emergency Motion of the Debtors for Orders:*

*(A)(1) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain*

---

[1] The Debtors are the following entities: American Home Mortgage Holdings, Inc., a Delaware corporation;
American Home Mortgage Investment Corp., a Maryland corporation; American Home Mortgage
Acceptance, Inc., a Maryland corporation; American Home Mortgage Servicing, Inc., a Maryland
corporation; American Home Mortgage Corp., a New York corporation; American Home Mortgage

1

*Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and other Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* (D.I. 11) (the "Sale Motion") and the *Modified Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any* (D.I. 674) (the "Modified Assumption Notice").  In support of their objection, GSMC and GSMSC respectfully represent as follows:

## PRELIMINARY STATEMENT

1.      In connection with the Debtors' proposed sale of their servicing business, they identified certain contracts they may seek to assume and assign in connection with the sale, including certain contracts to which GSMC and GSMSC are listed as counterparties.  GSMC and GSMSC's rights under certain of these contracts, including as they relate to mortgage loans being serviced by the Debtors, generally have been assigned to the trustees of certain securitization trusts in connection with the sale of mortgage loans to such trusts, and it is not clear the extent to which the Debtors intend to assume other contracts to which GSMC and/or GSMSC remain a party.  GSMC and GSMSC file this Objection out of an abundance of caution because they are identified as nominal parties to agreements listed in the Modified Assumption Notice, and because the

---

Ventures LLC, a Delaware limited liability company; Homegate Settlement Services, Inc., a New York corporation; and Great Oak Abstract Corp., a New York corporation (collectively, the "Debtors").

Sale Motion and Modified Assumption Notice fail to provide information necessary to evaluate whether the relief sought therein is appropriate and consistent with applicable law.

2.      As an initial matter, the Debtors do not provide sufficient detail regarding which agreements (or portions of agreements) they actually intend to assume and assign, which makes it impossible to determine whether such assumption is consistent with applicable bankruptcy law.  Additionally, the Debtors make no provision for the cure of any monetary and non-monetary breaches of the agreements that have occurred.  The proposed cure amount for each of the contracts identified in the Modified Assumption Notice is listed as $0.00.  This proposed amount appears to fail to account for current defaults, as required under section 365(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), or estimated unknown damages, as required under section 502(c) of the Bankruptcy Code.

3.      The Debtors also fail to offer any form of adequate assurance of future performance of the obligations under the contracts to be assumed and assigned -- in no small part because the deadline for assumption and assignment objections is prior to the date of the Auction and the Sale Hearing (each as defined below).  As a result, prior to the deadline to file this Objection, the Debtors have not identified the prospective purchaser of the Debtors' mortgage loan servicing business, to whom the Debtors propose potentially to assign the contracts listed in the Modified Assumption Notice, and thus the Debtors have not provided adequate assurance that any such successor servicer will be able to perform the servicing and other obligations under the assumed and assigned contracts.

**BACKGROUND**

4.      On August 6, 2007 (the "Petition Date"), the Debtors filed for

relief under chapter 11 of the Bankruptcy Code.

5.      On August 6, 2007, the Debtors also filed the Sale Motion, brought

pursuant to sections 105(a), 363, 365, 503 and 507 of the Bankruptcy Code and Rules

2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedures (the

"Bankruptcy Rules"), requesting court orders to establish notice and sale procedures for

the auction of certain assets used in Debtors' mortgage servicing business (the "Sale"), as

described in the form Purchase and Sale Agreement (the "Purchase Agreement") attached

thereto as Exhibit D, and to approve the assumption and assignment of executory

contracts and unexpired leases, as necessary in connection with the Sale.  See Sale

Motion ¶ 28.

6.      On August 9, 2007, the Court entered an order approving

procedures in connection with the Sale Motion (the "Sale Procedures Order"), which

required Debtors to identify the particular contracts they sought to assume and assign and

the proposed cure amounts for such contracts on or before August 27, 2007.  Sale

Procedures Order ¶ 11.  The Sale Procedures Order set the date of the auction of the

assets (the "Auction") for September 10, 2007, an objection deadline of September 17,

2007 and scheduled a hearing on September 17, 2007.  ¶¶ 5, 8, 12.

7.      On August 27, 2007, the Debtors filed Notice of (i) Possible

Assumption and Assignment of Certain Leases, License Agreements, and Executory

Contracts; and (ii) Proposed Cure Obligations, If Any (D.I. 403) (the "Assumption

Notice").  On September 10, 2007, the Debtors filed the Modified Assumption Notice.

The Modified Assumption Notice specified that any objections to the assumption and assignment of the contracts identified therein and the corresponding proposed cure obligations, if any, must be received on or before September 20, 2007.  Modified Assumption Notice ¶ 4.

8.     On September 14, 2007, the Debtors filed a Notice of Rescheduled Dates in Connection with the Sale Motion.  The Notice of Rescheduled Dates set a Sale Objection Deadline of October 1, 2007, a bid deadline of October 2, 2007, an auction date of October 5, 2007, and a Sale Hearing date of October 9, 2007.  The Notice of Rescheduled Dates did not purport to further extend the deadline to file objections in connection with the Modified Assumption Notice.

9.     Pursuant to various Mortgage Loan Purchase and Servicing Agreements entered into by the Debtors and GSMC (collectively, the "MLPSAs"), GSMC purchased mortgage loans from the Debtors from time to time on a servicing retained basis.[2]  From time to time, GSMC and GSMSC also sold and assigned their right, title and interest in the mortgage loans and in the MLPSAs (as they related to the assigned mortgage loans) to the relevant trustee for certain securitization trusts pursuant to certain Assignment, Assumption and Recognition Agreements (collectively, the "AARs") and Pooling and Servicing Agreements  (collectively, the "PSAs").  The relevant trustee and/or master servicer for the relevant securitization trusts have filed or may file objections with respect to their rights under the relevant AARs and PSAs relating to their respective securitization trusts.  See, e.g., Objection of Citibank, N.A. To Possible Assumption And Assignment Of Certain Executory Contracts And Proposed

Cure Amounts In Connection With Emergency Motion Of The Debtors For Orders:

(A)(I) Approving Sale Procedures; (II) Scheduling A Hearing To Consider Sale Of

Certain Assets Used In The Debtors' Loan Servicing Business; (III) Approving Form

And Manner Of Notice Thereof; And (IV) Granting Related Relief; And (B)(I)

Authorizing The Sale Of Such Assets Free And Clear Of Liens, Claims, Encumbrances,

And Other Interests; (II) Authorizing And Approving Purchase Agreement Thereto; (III)

Approving The Assumption And Assignment Of Certain Executory Contracts And

Unexpired Leases Related Thereto; And (IV) Granting Related Relief (D.I. 723).

Nevertheless, because GSMC and GSMSC are parties to certain of the agreements that

the Debtors may intend to assume and assign, they are filing this Objection in an

abundance of caution, and also incorporate the objections raised by other counterparties

regarding agreements to which GSMC and/or GSMSC are parties, to the extent

applicable.

> 10.     The Modified Assumption Notice identifies several purported

executory contracts relating to the Debtors' mortgage loan servicing business (the

"Servicing Business") that the Debtors propose potentially to assume and assign in

connection with the Sale, including the ten agreements, listed below, to which GSMC

and/or GSMSC are counterparties:[3]

---

[2]     Summaries of the terms of the agreements are provided for descriptive purposes only. In the event of any inconsistency between the summaries herein and the actual terms of the agreements, the terms of the relevant agreements would govern.

[3]     As a note, there are three additional securitization trusts to which GSMSC sold certain mortgage loans purchased from the Debtors and assigned GSMSC's right, title and interest in such mortgage loans to those trusts, for which the Debtors have not given notice of their possible intention to assume and assign the relevant contracts. These three trusts are: GSAA Home Equity Trust 2006-4, GSAA Home Equity Trust 2006-7 and GSR Mortgage Loan Trust 2006-2F.

| Document | GSMC/ GSMSC Role(s) | Debtors' and Affiliate Participants' Role(s) | Other Counterparties' Role(s) |
|---|---|---|---|
| Second Amended And Restated Mortgage Loan Sale And Servicing Agreement, dated as of May 1, 2006, by and between Goldman Sachs Mortgage Company, and American Home Mortgage Corp. and American Home Mortgage Servicing, Inc. (the "May 2006 MLPSA"). | GSMC, as Purchaser | American Home Mortgage Corp., as Seller<br><br>American Home Mortgage Servicing, Inc., as Servicer | |
| Assignment, Assumption and Recognition Agreement, made on the 1st day of January, 2006, among American Home Mortgage Servicing Inc. as servicer, American Home Mortgage Corp. as seller, U.S. Bank National Association, not in its individual capacity but solely as trustee on behalf of GSR Mortgage Loan Trust 2006-AR1, and GS Mortgage Securities Corp., as assignor and is acknowledged by Wells Fargo Bank, N.A., as master servicer. (GSR 2006-AR1) | GSMSC, as Assignor and Depositor | American Home Mortgage Corp., as Seller<br><br>American Home Mortgage Servicing Inc., as Servicer | U.S. Bank National Association, as Assignee and Trustee<br><br>Wells Fargo Bank, N.A., as Master Servicer |
| Assignment, Assumption And Recognition Agreement, made the 1st day of April, 2006, among American Home Mortgage Servicing, Inc. as servicer, American Home Mortgage Corp. as seller, Citibank, N.A., not in its individual capacity but solely as trustee on behalf of GSR Mortgage Loan Trust 2006-AR2, and GS Mortgage Securities Corp., as assignor and is acknowledged by Wells Fargo Bank, N.A., as master servicer. (GSR2006-AR2) | GSMSC, as Assignor and Depositor | American Home Mortgage Corp., as Seller<br><br>American Home Mortgage Servicing Inc., as Servicer | Citibank, N.A., as Assignee and Trustee<br><br>Wells Fargo Bank, N.A., as Master Servicer |
| Assumption And Recognition Agreement, is made this 28th day of April, 2006, among American Home Mortgage Servicing, Inc., American Home Mortgage Corp., GS Mortgage Securities Corp., and U.S. Bank National Association, not in its individual capacity, but solely as trustee on behalf of GSAA Home Equity Trust 2006-6, and as acknowledged by JPMorgan Chase Bank, National Association, as master servicer. (GSAA 2006-6) | GSMSC, as Assignor | American Home Mortgage Corp., as Seller<br><br>American Home Mortgage Servicing Inc., as Servicer | U.S. Bank National Association, as Assignee and Trustee<br><br>JPMorgan Chase Bank, National Association, as Master Servicer |

| Document | GSMC/ GSMSC Role(s) | Debtors' and Affiliate Participants' Role(s) | Other Counterparties' Role(s) |
|---|---|---|---|
| Assumption And Recognition Agreement, made the 26th day of April, 2006, among American Home Mortgage Servicing, Inc., GS Mortgage Securities Corp., and U.S. Bank National Association, not in its individual capacity, but solely as trustee on behalf of GSAA Home Equity Trust 2006-9, and as acknowledged by JPMorgan Chase Bank, National Association as master servicer. (GSAA 2006-9) | GSMSC, as Assignor | American Home Mortgage Servicing Inc., as Servicer | U.S. Bank National Association, as Assignee and Trustee<br><br>JPMorgan Chase Bank, National Association, as Master Servicer |
| Assumption And Recognition Agreement, made the 29th day of June, 2006, among American Home Mortgage Servicing, Inc., GS Mortgage Securities Corp., and Deutsche Bank National Trust Company, not in its individual capacity, but solely as trustee on behalf of GSAA Home Equity Trust 2006-10, and as acknowledged by Wells Fargo Bank, National Association as master servicer. (GSAA 2006-10) | GSMSC, as Assignor | American Home Mortgage Servicing Inc., as Servicer | Deutsche Bank National Trust Company, as Assignee and Trustee<br><br>Wells Fargo Bank, National Association, as Master Servicer |
| Pooling And Servicing Agreement, dated as of June 1, 2006, among GS Mortgage Securities Corp., IndyMac Bank, F.S.B., a federally chartered savings bank, as a servicer, American Home Mortgage Servicing, Inc., as a servicer, Ocwen Loan Servicing, LLC, as a servicer, Wells Fargo Bank, N.A., as master servicer and securities administrator, and Deutsche Bank National Trust Company, as trustee. (GSAMP 2006-S4) | GSMSC, as Depositor | American Home Mortgage Servicing, Inc., as Servicer | Ocwen Loan Servicing, LLC, as Servicer<br><br>IndyMac Bank, F.S.B., as Servicer<br><br>Wells Fargo Bank, N.A., as Master Servicer and Securities Administrator<br><br>Deutsche Bank National Trust Company, as Trustee |
| Assumption And Recognition Agreement, made the 30th day of June, 2006, among American Home Mortgage Servicing, Inc., GS Mortgage Securities Corp., and Deutsche Bank National Trust Company, not in its individual capacity, but solely as trustee on behalf of GSAA Home Equity Trust 2006-11, and acknowledged by Wells Fargo Bank, National Association as master servicer. (GSAA 2006-11) | GSMSC, as Assignor | American Home Mortgage Servicing Inc., as Servicer | Deutsche Bank National Trust Company, as Assignee and Trustee<br><br>Wells Fargo Bank, National Association, as Master Servicer |

| Document | GSMC/ GSMSC Role(s) | Debtors' and Affiliate Participants' Role(s) | Other Counterparties' Role(s) |
|---|---|---|---|
| Assumption And Recognition Agreement, made the 1st day of August, 2006, among American Home Mortgage Servicing Inc. as servicer, American Home Mortgage Corp. as seller, Deutsche Bank National Trust Company, not in its individual capacity but solely as trustee on behalf of GSR Mortgage Loan Trust 2006-OA1, and GS Mortgage Securities Corp., as assignor, and acknowledged by Wells Fargo Bank, N.A., as master servicer. (GSAA 2006-OA1) | GSMSC, as Assignor and Depositor | American Home Mortgage Corp., as Seller American Home Mortgage Servicing Inc., as Servicer | Deutsche Bank National Trust Company, as Assignee and Trustee Wells Fargo Bank, N.A., as Master Servicer |
| Assumption And Recognition Agreement, made the 1st day of April, 2007, is among American Home Mortgage Servicing Inc. as servicer, American Home Mortgage Corp. as seller, Deutsche Bank National Trust Company, not in its individual capacity but solely as trustee on behalf of GSR Mortgage Loan Trust 2007-OA1, and GS Mortgage Securities Corp., as assignor, and acknowledged by Wells Fargo Bank, N.A., as master servicer. (GSAA 2007-OA1) | GSMSC, as Assignor and Depositor | American Home Mortgage Corp., as Seller American Home Mortgage Servicing Inc., as Servicer | Deutsche Bank National Trust Company, as Assignee and Trustee Wells Fargo Bank, N.A., as Master Servicer |

11.     The Debtors have not sought assumption of certain other AARs to which GSMC and GSMSC are parties, including AARs associated with the agreements the Debtors propose to assume and assign. Additionally, while the Debtors propose to assume and assign the May 2006 MLPSA, they do not list certain prior MLPSAs to which they and GSMC are parties and which relate to AARs identified for potential assumption and assignment (including (i) a Mortgage Loan Sale And Servicing Agreement, dated as of December 1, 2005, by and between Goldman Sachs Mortgage Company, as Purchaser, American Home Mortgage Corp., as Seller, and American Home Mortgage Servicing, Inc., as Servicer, and (ii) an Amended and Restated Mortgage Loan Sale And Servicing Agreement, dated as of March 1, 2006, by and between Goldman

Sachs Mortgage Company, as Purchaser, American Home Mortgage Corp., as Seller, and

American Home Mortgage Servicing, Inc., as Servicer).

   12.  With respect to each of the agreements listed in the Modified

Assumption Notice, the Debtors have set forth the proposed cure amount of "$0.00."[4]

**OBJECTIONS**

   13.  GSMC and GSMSC object on several grounds to the relief

requested in the Sale Motion and the Modified Assumption Notice, and to the extent

applicable, adopts the objections filed by the trustees and servicers for the securitization

trusts that relate to agreements to which they are parties.  In particular, GSMC and

GSMSC raise the following objections.  First, the Debtors are required to comply with

section 365(b) of the Bankruptcy Code to cure all outstanding defaults, including both

payment and performance deficiencies, and compensate the trusts (or GSMC or GSMSC,

if applicable) for any damages flowing from such defaults, whether now known or

unknown, prior to the assumption of any of the agreements identified in the Modified

Assumption Notice.  By setting the proposed cure amounts as $0.00 for each of the

contracts proposed to be assumed and assigned, it appears that the Debtors have not

accounted for any actual or potential current defaults, including any defaults related to the

servicing of the mortgage loans subject to each agreement, and any amounts owed for

known loan-level breaches of underlying representations and warranties made by

American Home Mortgage Corporation ("AHM Corp.") relating to the mortgage loans,

as well as estimated unknown damages arising from additional unknown defaults

---

[4]  The Modified Assumption Notice lists an eleventh contract to which the Debtors list GSMC as a counterparty, namely a "Servicing Agreement dated May 26, 2006."  GSMC is not aware of the existence of such an agreement.  Accordingly, GSMC requests that the Debtors provide a copy of such agreement to it and reserves its rights with respect to the relief sought in connection with that agreement.

10

pursuant to § 502(c) of the Bankruptcy Code.  Second, as it is currently drafted, the

Purchase Agreement appears to contemplate the carve-out of obligations under the

contracts that the Debtors seek to assume and assign in violation of § 365(f) of the

Bankruptcy Code.  Third, the Debtors fail to provide adequate assurance that the

proposed purchaser will be able to perform the Debtors' future obligations under the

agreements being assigned.

### A.    The Debtors Must Comply With Sections 365(b) And 502(c) Prior To Assuming The Agreements

14.    Section 365(f) provides for the assignment of executory contracts

on the condition that the non-debtor counterparties are made whole in accordance with

§ 365(b).  11 U.S.C. § 365(f); In re Kiwi Int'l Air Lines, Inc., 344 F.3d 311, 318 (3d Cir.

2003) ("In other words, the debtor must cure all defaults, assure future performance, and

make the other contracting party whole before it may be permitted to assume the

agreement.").  In relevant part, section 365(b) requires that prior to the assumption of an

executory contract, the bankruptcy trustee must (1) cure current defaults (or provide

adequate assurance of prompt cure); (2) compensate for pecuniary losses (or provide

adequate assurance of prompt compensations); and (3) provide adequate assurance of

future performance under such assumed contract.  11 U.S.C. § 365(b)(1)(A)-(C).

15.    The Sale Motion, Purchase Agreement and Modified Assumption

Notice fail to identify defaults or propose how the Debtors will cure such defaults prior to

the assumption of the agreements identified in the Modified Assumption Notice.  The

Debtors do not identify or propose a cure for any servicing or other breaches or defaults

that have occurred or may occur prior to any assumption of the various agreements.  The

$0.00 proposed cure obligation currently asserted by the Debtors for each of the

agreements listed, therefore, does not appear to accurately reflect the amount required to cure all defaults and would not seem to make the counterparties whole prior to assumption of each of the agreements. The Debtors also do not make any alternative proposal for addressing a cure or other compensation for these defaults.[5]

16.     Thus, it appears that the Debtors have not fulfilled their obligations under section 365(b) to cure all current defaults under the agreements identified in the Modified Assumption Notice or provide the counterparties with adequate assurance that the Debtors will promptly cure such defaults by paying all damages arising therefrom prior to assumption of the contracts.

17.     Further, the Debtors are required to provide an estimate of or a process for estimating all unliquidated and unknown defaults (including any non-monetary defaults) under the agreements they seek to assume and assign pursuant to section 502(c) of the Bankruptcy Code. Section 502(c) provides that when the exact amount of a claim is unknown, the court may be requested to estimate (1) any contingent or unliquidated claims when the liquidation of the claim would delay the administration of the estate or (2) any right to payment arising from a right to an equitable remedy for breach of performance. 11 U.S.C. § 502(c); In re Federal Mogul Global, 330 B.R. 133, 153 (D. Del. 2005). The Debtors have not provided such an estimate nor suggested that they will do so at a later time.

---

[5]     For example, it appears that certain mortgage loan-level breaches of representations and warranties have occurred with respect to mortgage loans sold by AHM Corp. and serviced by American Home Mortgage Servicing Inc., with a total loan unpaid principal balance of $7,352,528.00, which loans are subject to the AAR relating to GSAA 2006-6, to which U.S. Bank National Association and GSMSC are parties. Additional breaches under this and other agreements may also exist, or may arise in the future.

**B.**      **The Debtors Are Required To Assume Executory Contracts In Their Entirety, Without Modification**

18.      Certain provisions of the Purchase Agreement appear to contemplate that material bargained-for terms of the agreements the Debtors seek to assume and assign may be excluded from such assumption and assignment.  For example, and without limitation, the definitions of "Servicing Rights," Retained Liabilities," and "Assumed Liabilities" contained in the proposed form of Purchase Agreement appear to provide that obligations under contracts otherwise assumed and assigned may be carved out.  However, those definitions do not provide sufficient information to determine which, if any, obligations will be carved out from the assumptions and assignments, nor do they clarify whether those obligations constitute material terms of the relevant contracts.  Moreover, the Modified Assumption Notice states that the Debtors "are only seeking to assume and assign . . . the loan servicing rights related to the potential executory contracts identified."  Modified Assumption Notice at 2.  To the extent that this indicates an intent by the Debtors to carve out material bargained-for terms of the contracts, it is impermissible under the Bankruptcy Code.

19.      In a recent decision, the Third Circuit Court of Appeals emphasized the long-standing prohibition against modifying material terms of contracts that are assumed and assigned.  In re Fleming Cos., Inc., 2007 WL 2390776 (3d Cir. Aug. 22, 2007) (holding that debtor could not assume and assign contract where assignee could not perform material term of contract).  As the Third Circuit articulated in Fleming, "[s]ection 365(f) requires a debtor to assume a contract subject to the benefits and burdens thereunder."  Id. at *7.  The assignment of a contract cannot change the obligations under the contract, only the party performing those obligations.  Id. at *8

13

("'[A]n assignment is intended to change only who performs an obligation, not the obligation to be performed.'") (citing Medtronic Ave., Inc. v. Adv. Cardiovascular Sys., Inc., 247 F.3d 44, 60 (3d Cir. 2001)).

20.     Moreover, as stated above, see ¶ 11, supra, the Debtors have failed to list certain agreements that relate to contracts listed in the Modified Assumption Notice.  For example, the Debtors list the May 2006 MLPSA associated with certain AARs, but do not list other prior MLPSAs or AARs to which they and GSMC and/or GSMSC are parties that similarly relate to AARs identified for possible assumption.  To the extent these contracts are integrated, they are required to be assumed together.  See In re Exide Technologies, 340 B.R. 222, 228-229 (Bankr. D. Del. 2006) ("All of the contracts that comprise an integrated agreement must either be assumed or rejected, since they all make up one contract.") (citing Philip Servs. Corp. v. Luntz (In re Philip Servs., Inc.), 284 B.R. 541, 547-548 (Bankr. D. Del. 2002), aff'd 303 B.R. 574 (D. Del. 2003); In re Karfakis, 162 B.R. 719, 725 (Bankr. E.D. Pa. 1993)).

### C.     The Debtors Fail To Give Adequate Assurance Of Future Performance As Required Under § 365(f)

21.     Section 365(f) prohibits the Debtors from assuming and assigning the agreements at issue unless they provide "adequate assurance of future performance by the assignee of such contract[s]."  11 U.S.C. § 365(f)(2)(B).

22.     The Debtors have failed to provide the required adequate assurance because they do not yet have a purchaser (or an identified potential purchaser) for the Debtors' loan servicing business, and thus do not have an identified assignee for the contracts the Debtors propose to assume and assign.  GSMC and GSMSC, as well as other counterparties to the listed contracts, are therefore wholly unable to determine at

14

this time whether such successor to the agreements will be able to perform in the future

the servicing and other obligations under the contracts to be assumed and assigned.

**RESERVATION OF RIGHTS**

   23.  The Debtors have set the deadline to file this Objection prior to the

date of the Auction, and thus prior to the Debtors giving notice of the identity of the

purchaser, as well as prior to the final identification of which contracts the Debtors intend

to assume and assign.  Accordingly, GSMC and GSMSC reserve the right to amend or

supplement this Objection, to raise additional objections to the potential assumption and

assignment of the agreements identified in the Modified Assumption Notice and any

proposed cure amounts, including without limitation any of their rights under the

MLPSAs, AARs, PSAs, and any other agreements that the Debtors have identified or will

identify prior to or at the hearing on the Sale Motion presently scheduled to be held on

October 9, 2007.  GSMC and GSMSC further reserve the right to amend or supplement

this Objection upon conclusion of the Auction and identification of a proposed successor

servicer, to raise additional objections on the basis of the identity of the successor

servicer, including without limitation the ability of such successor to give adequate

assurance of future performance under the contracts to be assumed and assigned.

## CONCLUSION

WHEREFORE, Goldman Sachs Mortgage Company and GS Mortgage

Securities Corp. respectfully request that the Court deny the relief sought by the Debtors

in the Sale Motion with respect to the assumption and assignment of the contracts listed

in the Modified Assumption Notice insofar as such relief does not comply with

applicable law.

Dated: Wilmington, Delaware
       September 20, 2007

KLEHR, HARRISON, HARVEY, BRANZBURG &
ELLERS LLP

 */s/  Christopher A. Ward*

Christopher A. Ward (Del. Bar No. 3877)
Mellon Bank Center
919 Market Street, Suite 1000
Wilmington, Delaware 19801
(302) 568-6060

– and –

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Lisa M. Schweitzer (pro hac vice pending)
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for Goldman Sachs Mortgage Company and GS
Mortgage Securities Corp.