IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------- x
In re                                                :
                                                     :   Chapter 11
American Home Mortgage Holdings, Inc.,               :
                                                     :   Case No. 07-11047 (CSS)
*et al.*                                             :
                                                     :   (Jointly Administered)
Debtors.                                             :
                                                     :   Relates to Docket Nos. 11, 113, 403, 674
                                                     :   Objection Deadline: September 20, 2007 at 4 p.m.
                                                     :   Sale Hearing: October 9, 2007 at 2:30 p.m.
                                                     :
---------------------------------------------------- x

**OBJECTION OF MORGAN STANLEY MORTGAGE CAPITAL
HOLDINGS LLC TO NOTICE OF (I) POSSIBLE ASSUMPTION
AND ASSIGNMENT OF CERTAIN LEASES, LICENSE AGREEMENTS AND
EXECUTORY CONTRACTS; AND (II) PROPOSED CURE OBLIGATIONS, IF ANY**

Morgan Stanley Mortgage Capital Holdings LLC, successor-in-interest by merger to Morgan Stanley Mortgage Capital Inc. ("Morgan Stanley"), hereby files this objection (the "Objection") to the Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements and Executory Contracts; and (II) Proposed Cure Obligations, if any (the "Notice"), as modified on September 10, 2007 (the "Modified Notice"), filed in connection with the Emergency Motion of the Debtors for Orders (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Lease Related Thereto; and (IV) Granting Related Relief (the "Sale Motion"). In support of the Objection, Morgan Stanley respectfully states as follows:

## PRELIMINARY STATEMENT

1.     In what was a clear attempt by the Debtors to make the sale of their servicing business all encompassing, the Debtors have proposed a list of contracts for potential assumption and assignment as part of the servicing sale that is not only overinclusive, but also fails to reflect the economics of those contracts. In fact, a review of that list shows that many of the contracts included have nothing to do with servicing and, if they do, would require substantial cure payments that are not reflected on the list in order to be assumed and assigned. Such an attempt is inconsistent with sections 363 and 365 of the Bankruptcy Code, and certainly cannot be permitted as a "back door" attempt to preclude the assertion of valid contract claims. Moreover, in their haste to sell their servicing business, the Debtors have established deadlines for objecting to the sale and the proposed cure amounts that are well in advance of the bid deadline and auction, thereby potentially precluding counterparties' rights to know the identity of the successful bidder in order to determine whether there will be any adequate assurance of future payment. With regard to Morgan Stanley's agreements described below, the Debtors cannot, therefore, assume and assign those agreements as a part of their servicing sale.

## PROCEDURAL HISTORY

A.     **Debtors' Chapter 11 Proceedings**

2.     On August 6, 2007, each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3.     On that same day, the Debtors filed the Sale Motion.

4.     On August 9, 2007, the Court entered an order approving the procedures in connection with the Sale Motion (the "Sale Procedure Order"). The Sale Procedure Order provided, inter alia, that, on or before August 27, 2007, the Debtors serve a notice (a) identifying

any contracts and leases that they proposed to assume; (b) the Debtors' proposed cure amount; and (c) the deadline to object to the proposed assumption and cure amount.

5. On August 27, 2007, the Debtors filed the Notice, which, inter alia, established September 13, 2007 as the deadline for objecting to any proposed assumption and any proposed cure amount.

6. On September 10, 2007, the Debtors filed the Modified Notice, which, inter alia, extended the deadline for objecting to any proposed assumption and any proposed cure amount to September 20, 2007. The deadline to submit bids currently is October 2, 2007, and the auction currently is set to take place on October 5, 2007.

7. On an exhibit to the Modified Notice, the Debtors included, among others, the following contracts, which the Debtors propose to assume and assign as part of the sale of their servicing rights (the "Sale"):

   a. Assignment, Assumption and Recognition Agreement (Servicing Retained), dated as of March 1, 2006, among Morgan Stanley Mortgage Capital Inc. ("MSMCI"), Morgan Stanley Capital I Inc. ("MS Capital"), American Home Mortgage Corporation ("AHM Corp.") and American Home Mortgage Servicing, Inc. ("AHM Servicing"), and acknowledged by LaSalle Bank National Association ("LaSalle") and Wells Fargo Bank, NA ("Wells Fargo");

   b. Assignment, Assumption and Recognition Agreement (Servicing Released), dated as of March 1, 2006, among MSMCI, MS Capital, AHM Corp. and AHM Servicing, and acknowledged by LaSalle;

   c. Assignment, Assumption and Recognition Agreement (Servicing Retained), dated as of April 1, 2006, among MSMCI, MS Capital, AHM Corp. and AHM Servicing, and acknowledged by LaSalle and Wells Fargo;

   d. Assignment, Assumption and Recognition Agreement (Servicing Released), dated as of April 1, 2006, among MSMCI, MS Capital, AHM Corp. and AHM Servicing, and acknowledged by LaSalle;

  e.  Assignment, Assumption and Recognition Agreement, dated as of May 1, 2006, among MSMCI, MS Capital, AHM Corp. and AHM Servicing, and acknowledged by LaSalle and Wells Fargo;

  f.  Mortgage Loan Sale and Servicing Agreement, dated as of January 1, 2006, between MSMCI and AHM Corp. (the "Retained Purchase Agreement");

  g.  First Amended and Restated Interim Servicing Agreement, dated as of June 1, 2005, between MSMCI and AHM Servicing (the "Interim Servicing Agreement");

  h.  Second Amended and Restated Mortgage Loan Purchase and Warranties Agreement, dated as of December 1, 2005, between MSMCI and AHM Corp. (the "Second Amended Purchase Agreement"); and

  i.  Third Amended and Restated Mortgage Loan Purchase and Warranties Agreement, dated as of June 1, 2006, between MSMCI and AHM Corp. (the "Third Amended Purchase Agreement", and with the Second Amended Purchase Agreement, the "Released Purchase Agreements");

((a) – (i), collectively, the "Agreements"). The Debtors listed the proposed cure amount with respect to each of the Agreements as $0.

  8.  The Modified Notice also made clear that the Debtors are "only seeking to assume and assign, to the extent such potential executory contracts are executory, the loan servicing rights related to the potential executory contracts identified on the [exhibits to the Modified Notice]."

B. **The Adversary Proceeding**

  9.  On August 15, 2007, Morgan Stanley initiated an adversary proceeding in this Court (the "Adversary Proceeding"). By the Adversary Proceeding, Morgan Stanley sought, inter alia, the transfer of sub-servicing, including the transfer of all files related to such sub-servicing, with regard to certain mortgage loans that AHM Corp. sold to Morgan Stanley on a servicing released basis pursuant to the Third Amended Purchase Agreement, and that AHM

Servicing had agreed to sub-service on an interim basis pursuant to the Interim Servicing Agreement.

10. On August 24, 2007, the Debtors and Morgan Stanley entered into a stipulation and agreement (the "Stipulation"), whereby the Debtors agreed, inter alia, to transfer the sub-servicing of the mortgage loans to a servicer designated by Morgan Stanley "on an orderly basis as soon as practicable, but in no event later than August 28, 2007." Stipulation, ¶ 5.

11. That same day, the Court entered an order approving the Stipulation.

C. **The Retained Purchase Agreement**

12. On January 1, 2006, Morgan Stanley entered into the Retained Purchase Agreement with AHM Corp. and AHM Servicing. Pursuant to the Retained Purchase Agreement, Morgan Stanley purchased, from time to time, certain mortgage loans from AHM Corp. on a servicing retained basis.

13. The Retained Purchase Agreement provides that AHM Corp. is required to repurchase mortgage loans from Morgan Stanley in circumstances where (a) a mortgagor is "delinquent" in the payment of any of the first three (3) scheduled monthly payments of principal and interest on a mortgage loan either (i) after origination of the mortgage loan; or (ii) after Morgan Stanley's purchase of the mortgage loan; or (b) AHM Corp. breaches any of the representations and warranties made in the Retained Purchase Agreement. See Retained Purchase Agreement, §§ 7.01-7.04.

14. AHM Corp. also is obligated to reimburse Morgan Stanley for any premium purchase price paid on any mortgage loan that is prepaid in full within three months of Morgan Stanley's purchase of the mortgage loan. See Retained Purchase Agreement, § 7.05.

15. AHM Corp. further is obligated to indemnify Morgan Stanley and its present and former directors, officers, employees and agents, as well as any successor servicer

and its present and former directors, officers, employees and agents, and hold such parties harmless against, <u>inter alia</u>, any losses, damages, penalties, fines, forfeitures, legal fees and expenses relating to a breach by AHM Corp. of any of the representations, warranties and covenants set forth in the Retained Purchase Agreement or any Reconstitution Agreement (as defined in the Retained Purchase Agreement). <u>See</u> Retained Purchase Agreement, § 7.03.

16. In addition to the indemnification obligations of AHM Corp., AHM Servicing is obligated to indemnify Morgan Stanley and any successor servicer, and their respective present and former directors, officers, employees and agents, and hold such parties harmless against, <u>inter alia</u>, any losses, damages, penalties, fines, forfeitures, legal fees and expenses relating to AHM Servicing's failure to, <u>inter alia</u>, (a) observe and perform any or all of its servicing duties, warranties or representations contained in the Retained Purchase Agreement or in the related Purchase Price and Terms Agreement (as defined in the Retained Purchase Agreement); or (b) to comply with all applicable requirements contained in the Retained Purchase Agreement or in the related Purchase Price and Terms Agreement with respect to the servicing of the mortgage loans and the transfer of servicing rights. <u>See</u> Retained Purchase Agreement, § 12.01.

17. As of the date of this Objection, AHM Corp. owes Morgan Stanley no less than $154,000 with respect to its outstanding repurchase obligations under the Retained Purchase Agreement.[1]

D. **<u>The Released Purchase Agreements</u>**

18. On December 1, 2005, Morgan Stanley entered into the Second Amended Purchase Agreement with AHM Corp. On June 1, 2006, Morgan Stanley entered into the Third

---

[1] This figure does not include (a) any of the amounts that have accrued, but are not payable, as of the filing of the Objection; (b) any as-yet unliquidated amounts for damages or indemnification; or (c) any attorney's fees. Morgan Stanley therefore reserves all rights to amend and supplement this figure.

Amended Purchase Agreement with AHM Corp. The Released Purchase Agreements were listed on the Modified Notice.

19.   Pursuant to the Released Purchase Agreements, Morgan Stanley purchased, from time to time, certain mortgage loans (the "Mortgage Loans") from AHM Corp. on a servicing released basis. In other words, when selling the Mortgage Loans, AHM Corp. also sold to Morgan Stanley all servicing rights related to these Mortgage Loans.

20.   The Released Purchase Agreements each provide that AHM Corp. is required to repurchase Mortgage Loans from Morgan Stanley in circumstances where (a) a mortgagor is "delinquent" in the payment of any of the first three (3) scheduled monthly payments of principal and interest on a Mortgage Loan either (i) after origination of the Mortgage Loan; or (ii) after Morgan Stanley's purchase of the Mortgage Loan; or (b) AHM Corp. breaches any of the representations and warranties made in the Released Purchase Agreements (the "Repurchase Obligations"). See Released Purchase Agreements, §§ 9.01-9.04.

21.   In addition to the Repurchase Obligations, AHM Corp. is obligated to reimburse Morgan Stanley for any premium purchase price paid on any Mortgage Loan that is prepaid in full within three months of Morgan Stanley's purchase of the Mortgage Loan (the "Premium Recapture Claims"). See Released Purchase Agreements, § 9.05.

22.   AHM Corp. also is obligated to indemnify Morgan Stanley and its present and former directors, officers, employees and agents, as well as any successor servicer and its present and former directors, officers, employees and agents, and hold such parties harmless against, inter alia, any losses, damages, penalties, fines, forfeitures, legal fees and expenses relating to (a) AHM Corp.'s failure to perform its duties under the Released Purchase Agreements or any Reconstitution Agreement (as defined in the Released Purchase Agreements);

(b) a breach by AHM Corp. of any of the representations, warranties and covenants set forth in the Released Purchase Agreements or any Reconstitution Agreement; or (c) the enforcement of AHM Corp.'s indemnification obligations under the Released Purchase Agreements. See Released Purchase Agreements, §§ 9.03, 15.01.

23. As of the date of this Objection, AHM Corp. owes Morgan Stanley no less than $59,026,172 with respect to its outstanding Repurchase Obligations and no less than $90,778 with respect to its outstanding Premium Recapture Claims under the Third Amended Purchase Agreement.[2]

## OBJECTION

### A. The Released Purchase Agreements and the Interim Servicing Agreement Should Be Excluded From the Sale

24. Neither of the Released Purchase Agreements or the Interim Servicing Agreement should have been included in the Sale. As the Debtors have made clear in the Modified Notice, the Debtors are "only seeking to assume and assign…the loan servicing rights related to the potential executory contracts identified on the [exhibits to the Modified Notice]." The Released Purchase Agreements are both servicing released agreements, which means that AHM Corp. sold all of the rights relating to the Mortgage Loans, including the right to service those Mortgage Loans. The Debtors do not therefore have any right, title or interest in the Mortgage Loans or in the servicing rights associated with those Mortgage Loans. Moreover, to the extent that the Debtors may have had any right to sub-service the Mortgage Loans sold under the Released Purchase Agreements pursuant to the Interim Servicing Agreement, those rights already have been transferred to a servicer designated by Morgan Stanley pursuant to the

---

[2] These figures do not include (a) any of the amounts that have accrued, but are not payable, as of the filing of the Objection; (b) any as-yet unliquidated amounts for damages or indemnification; or (c) any attorney's fees. Morgan Stanley therefore reserves all rights to amend and supplement these figures.

Stipulation approved by this Court almost a month ago. Accordingly, the Debtors do not have any servicing rights to sell with respect to the Released Purchase Agreements or the Interim Servicing Agreement, and those agreements should be excluded from the Sale.

B. **The Proposed Cure Amounts are Wholly Inadequate**

25.  Pursuant to section 365(b)(1) of the Bankruptcy Code, a trustee may not assume or assign an executory contract until the trustee: (a) cures or provides adequate assurance that it will promptly cure any defaults under the contract; (b) compensates or provides adequate assurance of prompt future compensation for actual pecuniary loss resulting from the default; and (c) provides adequate assurance of future performance under the contract. See 11 U.S.C. § 365(b)(1)(A)-(C); see also LRSC Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers, Inc.), 209 F.3d 291, 298 (3d Cir. 2000). The purpose of this subsection is to require the trustee to "give[ ] the other contracting party the full benefit of [its] bargain" before requiring it to perform under the contract. Kimmelman v. Port Auth. of NY and NJ (In re Kiwi Int'l Air Lines, Inc.), 344 F.3d 311, 318 (3d Cir. 2003) (quoting H.R. Rep. No. 950595, at 348 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6304-05).

26.  Moreover, as the Third Circuit has explained, "[b]ecause assumption acts as a renewed acceptance of the terms of the executory bargain, the Bankruptcy Code provides that the cost of performing the debtor's obligations is an administrative expense of the estate, which will be paid first out of the assets of the estate." In re Columbia Gas System, Inc., 50 F.3d 233, 238-39 (3d Cir. 1995). This applies to both pre-petition and post-petition defaults. See In re Gold Standard at Penn, Inc., 75 B.R. 669, 674 (3d Cir. 1987).

27.  In the present case, the Debtors cannot assume and assign any of the Agreements without first curing all defaults under those agreements. In the Modified Notice, the Debtors list the Retained Purchase Agreement and the Released Purchase Agreements as

potential contracts to be assumed and assigned as part of the Sale, but have listed the related cure amount for those agreements as $0. As explained above, as of the date of this Objection, AHM Corp. had failed to pay Morgan Stanley at least $154,000 with respect to the Retained Purchase Agreement and at least $59,116,950 with respect to the Third Amended Purchase Agreement. These damages continue to accrue. The proposed cure amount of $0 is therefore wholly inadequate to cure the defaults under the Retained Purchase Agreement or Released Purchased Agreements, precluding the Debtors' ability to include those agreements in the Sale.

C. **Morgan Stanley Cannot Assess Whether There is Adequate Assurance of Future Performance With Respect to the Agreements**

28. Moreover, because the Debtors have set the deadline to object to the proposed assumption and cure amounts in advance of the bid deadline and auction, there is no basis on which Morgan Stanley can properly assess whether there is adequate assurance of future performance with respect to any of the Agreements that ultimately may be included in the Sale. Morgan Stanley therefore reserves the right to amend and/or supplement this Objection until a reasonable time after a successful bidder has been identified and the terms of the proposed purchase agreement are known.

D. **Reservation of Rights**

29. In addition to the reservation of rights with respect to the Agreements, to the extent the Notice or the Modified Notice fails to make clear the identity of all parties that may have rights or claims under the contracts to be assumed and assigned as part of the Sale, or to the extent the Debtors further modify the list of contracts to be assumed and assigned as part of the Sale, Morgan Stanley reserves the right to (a) file an additional objection to the proposed assumption and assignment of any such contract; and/or (b) file a claim for cure payments associated with any such contract.

## CONCLUSION

30. For the foregoing reasons, the Court should exclude the Retained Purchase Agreement, the Released Purchase Agreements and the Interim Servicing Agreement from the Sale or, alternatively, fix the cure amount with respect to the Retained Purchase Agreement in an amount no less than $154,000, and fix the cure amount with respect to the Third Amended Purchase Agreement in an amount no less than $59,116,950.

Dated: September 20, 2007
      Wilmington, Delaware

ASHBY & GEDDES, P.A.

_/s/ William P. Bowden_
William P. Bowden (I.D. #2553)
Don A. Beskrone (I.D. #4380)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

-and-

SIDLEY AUSTIN LLP
Lee S. Attanasio
Teresa H. Chan
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Counsel for Morgan Stanley Mortgage Capital Holdings LLC

184319.1