IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : Chapter 11 |
| | : Case No. 07-11047 (CSS) |
| American Home Mortgage Holdings, Inc., a | : Jointly Administered |
| Delaware Corporation, et al., | : |
| | : **Objection Deadline: 9/20/07 at 4:00 p.m.** |
| Debtors. | : **Hearing Date: 10/19/07 at 2:30 p.m.** |
| | : **Related to Docket No. 674** |

## LIMITED OBJECTION OF WELLS FARGO FUNDING, INC. TO DEBTORS' MODIFIED NOTICE OF (I) POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES, LICENSE AGREEMENTS, AND EXECUTORY CONTRACTS; AND (II) PROPOSED CURE OBLIGATIONS, IF ANY

Wells Fargo Funding, Inc. ("Wells Fargo Funding") hereby files this limited objection (the "Objection") to the Modified Notice of (i) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (ii) Proposed Cure Obligations, If Any (the "Assumption Notice") filed by the above-captioned debtors and debtors-in-possession (the "Debtors"). In support of this Objection, Wells Fargo Funding respectfully states as follows:

      1.      The Assumption Notice purports to provide notice to counter-parties to certain contracts with the Debtors of the "possible" assumption of their contracts and the proposed cure amounts relating thereto. For those parties whose contracts are listed on Exhibit C to the Assumption Notice, the Debtors assert that they are not seeking to assume the contracts in their entirety but are instead "potentially" seeking to assume and assign "only the loan servicing rights contained therein." The Debtors have included on Exhibit C to the Assumption Notice the Master Loan Purchase and Interim Servicing Agreement, dated as of January 25, 2007[1], by and among American Home Mortgage Corporation and Wells Fargo Funding, Inc. (the "Master Loan

---

[1] Although the date of the Master Loan Purchase Agreement set forth on Exhibit C is January 25, 2007, based upon Wells Fargo Funding's information and belief the correct date of the Master Loan Purchase Agreement is January 25, 2006.

CH1 3998592v.3

Purchase Agreement"). Exhibit C provides that the Debtors' proposed cure amount with respect to the Master Loan Purchase Agreement is "0".

2.     By this Objection, Wells Fargo Funding hereby reserves any and all rights to contest the Debtors' purported "possible" assumption of the servicing rights, if any[2], under the Master Loan Purchase Agreement and the proposed cure amount relating thereto. First, as a threshold matter, it is well settled that a debtor may not assume an executory contract in part. See, e.g., N.L.R.B. v. Bildisco and Bildisco, 465 U.S. 513, 531-32 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract *cum onere* . . . ."); In re Fleming Co., Inc., Case No. 05-2365, 2007 U.S. App. LEXIS 19927, at *20 (3d Cir. August 22, 2007) (stating that section 365(f) requires a debtor to assume a contract subject to the benefits and burdens thereunder); In re ANC Rental Corp., 277 B.R. 226, 238 (Bankr. D. Del. 2002) (stating that a debtor may not accept the benefits and reject the burdens of a contract). The Debtors' wholly ignore this fundamental principle, and the Assumption Notice does not set forth any legal basis for the Debtors' partial assumption of the servicing rights, if any, under the Master Loan Purchase Agreement. Accordingly, until the Debtors explain this partial assumption and the legal basis therefor, Wells Fargo objects to the assumption of the Master Loan Purchase Agreement.

3.     Second, the Debtors' assertion that the cure obligation related to the Master Loan Purchase Agreement is "0" ignores any non-monetary defaults under the Master Loan Purchase Agreement that must be cured prior to assumption and assignment. Wells Fargo Funding is in the process of evaluating its books and records to confirm both the monetary and non-monetary defaults under the Master Loan Purchase Agreement and reserves its rights to

---

[2] Under the Master Loan Purchase Agreement Wells Fargo Funding purchases mortgage loans from the Debtors on a "servicing released" basis, and, as a result, Wells Fargo Funding does not believe that there are any servicing rights under the Master Loan Purchase Agreement to be assumed and assigned.

supplement this Objection with a detailed analysis of monetary and non-monetary defaults requiring cure when that evaluation is complete.

4. Third, at this time, the Debtors have not identified the assignee of the Master Loan Purchase Agreement. Accordingly, Wells Fargo Funding is unable to evaluate whether the proposed assignment complies with the requirements of 11 U.S.C. § 365(f).

5. Finally, nothing contained herein shall be deemed an admission by Wells Fargo Funding that the Master Loan Purchase Agreement is in fact an executory contract or that it is an executory contract capable of being assumed, and Wells Fargo Funding reserves the right to supplement and amend this Objection including, among other things, to allege additional cure amounts or additional defaults under the Master Loan Purchase Agreement or to raise additional objections to the assumption and assignment of the Master Loan Purchase Agreement or the sale of the Debtors' servicing business.

Dated: September 20, 2007

_____
Karen C. Bifferato (No. 3279)
Marc J. Phillips (No. 4445)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-0380

-and-

Paul Caruso
Jessica C. Knowles
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Attorneys for Wells Fargo Funding, Inc.

#565658v1