# EXHIBIT B

Natixis Real Estate Capital Inc.
9 West 57th Street, 36th Floor
New York, NY 10019

August 3, 2007

American Home Mortgage Corp., as a Seller
538 Broadhollow Road
Melville, New York 11747
Attention: Alan B. Horn, Esq.

American Home Mortgage Investment Corp., as a Seller
538 Broadhollow Road
Melville, New York 11747
Attention: Alan B. Horn, Esq.

American Home Mortgage Acceptance, Inc., as a Seller
538 Broadhollow Road
Melville, New York 11747
Attention: Alan B. Horn, Esq.

American Home Mortgage Holdings, Inc., as a Seller
538 Broadhollow Road
Melville, New York 11747
Attention: Alan B. Horn, Esq.

American Home Mortgage Servicing, Inc.
f/k/a Columbia National Incorporated, as a Seller
538 Broadhollow Road
Melville, New York 11747
Attention: Alan B. Horn, Esq.

   Re:   Notice of Default

**NOTICE OF DEFAULT AND RESERVATION OF RIGHTS**

Ladies and Gentlemen:

We refer to (i) that certain Third Amended and Restated Master Repurchase Agreement, dated as of July 15, 2005, as amended by Amendment No. 1, dated as of September 29, 2006, Amendment No. 2, dated as of January 29, 2007, and Amendment No. 3, dated as of July 27, 2007 (as amended, restated, supplemented or otherwise modified and in effect from time to time, the "Repurchase Agreement"), by and among American Home Mortgage Corp. ("AHMC"), American Home Mortgage Investment Corp. ("AHMIC"), American Home Mortgage Acceptance, Inc. ("AHMA"), American Home Mortgage Holdings, Inc. ("AHMH"), American

Home Mortgage Servicing, Inc. f/k/a Columbia National Incorporated ("AHMS", together with AHMC, AHMIC, AHMA and AHMH, the "Seller") and Natixis Real Estate Capital Inc. f/k/a IXIS Real Estate Capital Inc. f/k/a CDC Mortgage Capital Inc. (the "Buyer"), (ii) the Third Amended and Restated Custodial and Disbursement Agreement, dated as of January 29, 2007 (as amended, restated, supplemented or otherwise modified prior to the date hereof, the "Custodial Agreement"), by and among the Seller, Buyer and Deutsche Bank National Trust Company, as custodian and disbursement agent (the "Custodian"), and (iii) the Account Agreement, dated April 15, 2002 (as amended, restated, supplemented or otherwise modified prior to the date hereof, the "Account Agreement"), by and among the Buyer, AHMC and the Deutsche Bank National Trust Company, as bank (the "Bank"). The Repurchase Agreement, the Custodial Agreement and the Account Agreement, and all documents executed in connection with each of the foregoing, are hereinafter referred to as the "Repurchase Documents". Unless otherwise defined herein, terms defined in the Repurchase Agreement and the Custodial Agreement and used herein shall have the meanings set forth in the Repurchase Agreement and the Custodial Agreement, as applicable.

This letter is to notify you that certain Defaults and/or Events of Default have occurred and are continuing under Section 12 of the Repurchase Agreement, including (i) with respect to breaches of representations and warranties of the Seller under Section 10(b) of the Repurchase Agreement, based upon the Seller's failure to maintain solvency and Section 10(g) of the Repurchase Agreement, based upon the occurrence of a material adverse change in the financial condition of the Seller; (ii) an Act of Insolvency under Section 12(f) of the Repurchase Agreement; (iii) failure to pay a matured obligation under Section 12(i) of the Repurchase Agreement, based upon the Seller's failure to fund mortgage loans; (iv) material impairment of the Seller's ability to perform or fund its obligations under the Repurchase Documents under Section 12(j) and Section 12(n) of the Repurchase Agreement; (v) failure to maintain net worth of AHMIC required under Section 11(m) of the Repurchase Agreement; and (vi) failure to maintain the profitability required under Section 11(l) of the Repurchase Agreement for the Test Period ending June 30, 2007.

Consequently, the obligations of the Buyer to enter into any additional Transactions pursuant to the Repurchase Agreement are terminated. Furthermore, pursuant to Section 13 of the Repurchase Agreement, the Repurchase Date for each Transaction currently outstanding is deemed to occur and the Purchase Price of all such Transactions are immediately due and payable, together with all Price Differential thereon and fees and expenses accruing under the Repurchase Agreement.

Pursuant to Sections 5 of the Repurchase Agreement, the Seller shall deposit all Income into the following account at the Bank subject to the Account Agreement: Account No. 01419663, Account Name: NYLTD Funds Control –Stars West, Ref: CTOL 41743 fbo American Home/CDC Collection Acct., ABA: 021001033.

We hereby further advise you (i) that the Buyer does not waive any Event of Default listed above nor any other Event of Default that may exist, and (ii) that the current non-exercise of rights, remedies, powers and privileges by the Buyer under the Repurchase Documents and applicable law with respect to such Events of Default shall not be, and shall not be construed as, a waiver thereof, and the Buyer reserves its rights fully to invoke any and all such rights, remedies,

powers and privileges under the Repurchase Documents and applicable law, including, without limitation, the right to terminate the Seller as servicer of the Mortgage Loans and transfer servicing to the Buyer's designated Servicer, and require delivery to the Buyer of all Servicing Records and any Purchased Assets subject to such Transactions, at any time the Buyer deems appropriate in respect of any Events of Default that may then exist.

Very truly yours,

**NATIXIS REAL ESTATE CAPITAL INC.,**
as Buyer

By: _____
Name:     Raymond Sullivan
Title:      Managing Director

By: _____
Name:
Title:     **Todd Luyster**
           **Director**