## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware Corporation,<br>et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>Jointly Administered<br><br>Re: Docket Nos. 11, 113, 403 and 674<br><br>Hearing Date: October 9, 2007 at 2:30 p.m. (Eastern) |

**OBJECTION OF RESIDENTIAL FUNDING COMPANY LLC
TO THE DEBTORS' PROPOSED CURE AMOUNTS
IN CONNECTION WITH EMERGENCY MOTION OF THE DEBTORS FOR ORDERS:
(A)(1) APPROVING SALE PROCEDURES; (II) SCHEDULING A HEARING TO CONSIDER
SALE OF CERTAIN ASSETS USED IN DEBTORS' LOAN SERVICING BUSINESS; (III)
APPROVING FORM AND MANNER OF NOTICE THEREOF AND (IV) GRANTING
RELATED RELIEF; AND (B)(I) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND
CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, AND OTHER INTERESTS; (II)
AUTHORIZING AND APPROVING PURCHASE AGREEMENT THERETO; (III)
APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES RELATED THERETO;
AND (IV) GRANTING RELATED RELIEF**

Residential Funding Company, LLC, f/k/a Residential Funding Corporation ("GMAC-RFC"), by and through its counsel, Reed Smith LLP, files this Objection (the "Objection") to the Debtors' proposed cure amounts as set forth in its Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, as amended by the Debtors on September 10, 2007 (collectively, the "Modified Notice of Proposed Executory Contracts and Proposed Cure Amounts") filed in connection with the Emergency Motion of the Debtors filed at Docket No. 11 seeking an Order of Court that, *inter alia*, authorizes the sale (the "Sale") of the Debtors' servicing business (the "Servicing Business") free and clear of liens, claims and encumbrances and approving the assumption and assignment of certain executory contracts and unexpired leases, and in support of the Objection, respectfully represents as follows:

## I.    PRELIMINARY STATEMENT

GMAC-RFC is a party to that certain Seller/Servicer Contract ("Contract") pursuant to which certain of the Debtors sold certain loans to GMAC-RFC and/or serviced those loans on behalf of GMAC-RFC in accordance with the terms of that certain Residential Funding Seller and Servicer Guide, as amended, supplemented or otherwise modified, from time to time (the "Guide", together with the Contract, collectively, the "Agreement").

The Debtors filed their second Notice of Rescheduled Dates pursuant to which the objection deadline to the Sale Motion was extended and rescheduled to October 1, 2007. It is not clear, however, whether the Debtors also extended the deadline for objecting to the proposed cure amounts. In an abundance of caution, GMAC-RFC files this objection to the Modified Notice of Proposed Executory Contracts and Proposed Cure Amounts with the expectation that GMAC-RFC will file supplemental objections to the Sale Motion on or before October 1, 2007. GMAC-RFC expressly reserves all rights to file such supplemental objections and to supplement this Objection as appropriate.

## II.    BACKGROUND

### A.    Procedural Background

1.    On August 6, 2007 (the "Petition Date"), the Debtors filed petitions for relief under Chapter 11 of title 11 of the United States Code. The cases are being jointly administered.

2.    On August 6, 2007 the Debtors filed the Sale Motion.

3.    On August 9, 2007, this Court entered its Order Approving (I) Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof and (IV) Granting Related Relief (the "Sales Procedure Order").

4.    On August 27, 2007, the Debtors served a Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, that was amended by the Debtors on September 10, 2007 in the Modified Notice of Proposed Executory Contracts and Proposed Cure Amounts.

5.    On or about September 14, 2007, the Debtors filed their second Notice of Rescheduled Dates pursuant to which the objection deadline to the Sale Motion was extended and rescheduled to October 1, 2007, the deadline for the submission of bids for the Assets was rescheduled to October 2, 2007, the Auction Date was rescheduled to October 5, 2007, and the Sale Hearing Date was rescheduled to October 9, 2007.

**B.    The GMAC-RFC Agreement.**

6.    Prior to the Petition Date, GMAC-RFC, entered into the Seller/Servicer Contract dated January 15, 1996 with Michael Strauss dba American Home Mortgage American Brokers Conduit, now, upon information and belief, American Home Mortgage Servicing, Inc. (the "Seller/Servicer"). A copy of the Seller/Servicer Contract is attached hereto as Exhibit A. The Guide, however, is too voluminous to attach. A copy of the Guide is available for review at gmacresidentialfunding.com.

7.    Pursuant to the Contract, the Seller/Servicer sold certain loans to, and/or serviced certain loans for, GMAC-RFC, which GMAC-RFC agreed to purchase subject to the terms and conditions set forth in the Guides.

8.    On the Exhibits to the Modified Notice of Proposed Executory Contracts and Cure Amounts, the Debtors have proposed to assume and assign the Agreement.

9.    GMAC-RFC does not consent to the assumption and assignment of the Agreement, and for the reasons set forth below, GMAC-RFC objects to the Debtors' proposed assumption and

3

assignment of the Agreement, the Sale Motion, and the Debtors' proposed cure amounts as set forth in

their Modified Notice of Proposed Executory Contracts and Cure Amounts.

**III   RELIEF REQUESTED AND BASES FOR RELIEF REQUESTED**

      **A.   The Agreement was terminated prepetition and consequently
           cannot be assumed and assigned.**

      10.     Section 218 of the Guide provides that "GMAC-RFC, in its sole discretion, may

terminate servicing by the Servicer with or without cause."

      11.     By letter dated August 3, 2007 and delivered to the Debtors via overnight mail, GMAC-

RFC terminated America Home Mortgage Servicing, Inc.'s rights to service loans for GMAC-RFC

under the Agreement pursuant to Section 218(A) of the Guide, effective August 31, 2007 (the

"Termination Notice"). A copy of the Termination Notice is attached hereto as Exhibit B.

      12.     Section 218(A) of the Guide provides that "GMAC-RFC may immediately terminate

servicing by the Servicer (in compliance with statutory requirements as applicable) without

compensation to the Servicer" for any one of the itemized reasons set forth in Section 218(A).

      13.     GMAC-RFC terminated the Debtors' servicing rights pre-petition by sending the

Termination Notice. There is no mandatory cure period associated with the grounds listed in Section

218(A) and, therefore, the Debtors' servicing rights were terminated immediately effective August 31,

2007 without an opportunity to cure.

      14.     Because the servicing rights were terminated pre-petition, the Debtors no longer have

servicing rights under the Agreement that can be assumed and assigned to a third party. *See* In re

Kopelman v. Halvajian (In re Triangle Laboratories, Inc.), 663 F.2d 463, 467-68 (3d Cir. 1981)

(holding that where a contract has been terminated prior to the commencement of the bankruptcy case,

there is nothing left for the debtor to assume or assign). Furthermore, the Debtors' estates do not have

any interest in the Agreement which may by assumed and assigned to a third party. *See* Moody v.

Amoco Oil Co., 734 F.2d 1200, 1213 (7th Cir. 1984) (holding that where the contract is terminated prepetition, without an opportunity to cure, the filing of a bankruptcy petition will not preclude the termination from taking effect on a postpetition date).

15.    Accordingly, GMAC-RFC respectfully requests that this Court deny the Sale Motion to the extent it seeks to assume and assign the Agreement.

**B.    Provided that the Court determines the Debtors' servicing rights under the Agreement were not terminated, the cure amounts submitted by the Debtors with respect to the Servicing Agreements are inaccurate.**

16.    Currently, the Debtors list $0.00 as the proposed cure amount for assuming and assigning the Agreement. This amount is incorrect. For example, GMAC-RFC has incurred certain costs, fees and expenses arising out of the defaults under the Agreement which should be required to be paid under the indemnification provisions of the Agreement (see § 2.19 of the Agreement) as damages prior to any assumption, in an amount to be determined. These damages continue to accrue and they must be fully cured prior to the sale or assumption of the Agreement and the servicing rights thereunder.

17.    GMAC-RFC must be given sufficient time to obtain information on the status of the Debtors' performance under the Agreement to determine the existence and extent of defaults thereunder. Any determination that no monetary default exists under the Agreement is premature and may well be incorrect. Due to the expedited deadlines for objecting to the Sale Motion and proposed cure amounts, GMAC-RFC is unable to determine with any real accuracy the universe of existing monetary defaults that may exist under the Agreement and the documents related thereto. While GMAC-RFC undertakes efforts to assess the existence and extent of the Debtors' defaults under the Agreement, adequate reserves should be established before the Agreement may be assumed and

assigned in order to protect against additional unknown present and future damages resulting from a breach of the Agreement.

18.    For the foregoing reasons, GMAC-RFC objects to the proposed cure amounts.

## IV.    RESERVATION OF RIGHTS.

19.    GMAC-RFC reserves the right to supplement this Objection.

20.    GMAC-RFC further reserves all rights to raise additional objections to the Sale Motion and to the proposed assumption and assignment, or sale of any servicing rights under the Agreement.

WHEREFORE, Residential Funding Company, LLC respectfully requests that the Court deny the reject the Debtors' proposed cure amounts and grant Residential Funding Company, LLC such other and further relief as the Court deems appropriate or just.

Dated:  September 20, 2007
        Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Gaston P. Loomis II
    Joseph O'Neil, Jr. (Admitted in NJ and NY)
    Gaston P. Loomis II (No. 4546)
    1201 North Market Street, Suite 1500
    Wilmington, DE 19801
    Telephone: (302) 778-7500
    Facsimile: (302) 778-7575
    E-mail: joneil@reedsmith.com
            gloomis@reedsmith.com

    and

    Robert P. Simons, Esquire
    435 Sixth Avenue
    Pittsburgh, PA 15219
    Telephone: (412) 288-7294
    Facsimile: (412) 288-3063
    E-mail: rsimons@reedsmith.com

    and

Claudia Z. Springer, Esquire
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420
E-mail: cspringer@reedsmith.com

Attorneys for Residential Funding Company, LLC