UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          : Chapter 11
                                                                :
AMERICAN HOME MORTGAGE                                          : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]              :
                                                                : Jointly Administered
   Debtors.                                                     : **Hearing Date: N/A**
                                                                : **Objection Deadline: N/A**
---------------------------------------------------------------- x

**MOTION PURSUANT TO DEL. L.R. 9006-1(e) FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF MOTION OF THE DEBTORS FOR ORDER PURSUANT TO SECTIONS 105(a), 363, 364, 365, AND 503(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 4001, 6004, 6006, 7062, 9007 AND 9014 (A) APPROVING REVISED PROCEDURES FOR THE SALE OF THE DEBTORS' MORTGAGE SERVICING BUSINESS; (B) APPROVING CERTAIN PROTECTIONS FOR THE STALKING HORSE BIDDER IN SUCH SALE; (C) DIRECTING THAT CERTAIN NOTICES OF SUCH SALE AND DEADLINES BE GIVEN; AND (D) APPROVING, ON AN INTERIM BASIS, THE DEBTORS' AUTHORITY TO GRANT <u>LIENS IN THE PURCHASER'S COLLATERAL AFTER INITIAL CLOSING</u>**

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") hereby move (the "<u>Motion to Shorten</u>") this Court, pursuant to Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") and section 102 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "<u>Bankruptcy Code</u>"), for the entry of an order shortening the time for notice of Motion of the Debtors for Order Pursuant to Sections 105(a), 363, 364, 365, and 503(b) of the Bankruptcy Code and Rules 2002, 4001, 6004, 6006, 7062, 9007 and 9014 of the Federal Rules

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("<u>AHM Holdings</u>") (6303); American Home Mortgage Investment Corp. ("<u>AHM Investment</u>"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("<u>AHM Acceptance</u>"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("<u>AHM Servicing</u>"), a Maryland corporation (7267); American Home Mortgage Corp. ("<u>AHM Corp.</u>"), a New York corporation (1558); American Home Mortgage Ventures LLC ("<u>AHM Ventures</u>"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("<u>Homegate</u>"), a New York corporation (7491); and Great Oak Abstract Corp. ("<u>Great Oak</u>"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

of Bankruptcy Procedure (the "Bankruptcy Rules") (A) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing that Certain Notices of Such Sale and Deadlines Be Given; and (D) Approving, on an Interim Basis, the Debtors' Authority to Grant Liens in the Purchaser's Collateral After Initial Closing (the "Motion") so that the Motion may be heard on September 25, 2007 at 10:00 a.m. (prevailing Eastern time).

1.  The Bankruptcy Rules provide for twenty (20) days' notice prior to a "proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time . . . ." Fed. R. Bankr. Proc. 2002(a)(3). Further, Local Rule 9006-1(e) provides that such period may be shortened by Order of the Court upon written motion specifying the exigencies supporting shortened notice. *See*, Del. Bankr. L.R. 9006-1(e).

2.  The Debtors submit that shortened noticed of the Motion is critical to their effort to maximize the value of their loan servicing business (the "Loan Servicing Business").

3.  As more particularly set forth in the Motion, on August 6, 2007, the Debtors filed a motion for approval of procedures for the sale of the Loan Servicing Business, and ultimately, the approval of a sale of the Loan Servicing Business [Docket No. 11] (the "Servicing Sale Motion"). By Order dated August 9, 2007 [Docket No. 113] (the "Previous Order") the Court granted the Servicing Sale Motion, to the extent it requested the establishment of sale procedures relating to the sale of the Loan Servicing Business, provided for certain notices, and set certain deadlines. Through the Servicing Sale Motion, the Debtors reserved the right to seek to modify the sale procedures set forth therein if they determined it to be in the best interests of their estates.

4.  After the entry of the Previous Order, the Debtors concluded, in the exercise of their business judgment, that having a stalking horse bidder for the sale would be in the best interests of their estates, and commenced good faith arm's length negotiations with AH Mortgage Acquisition Co., Inc. (the "Purchaser") with respect to a transaction whereby the Purchaser would agree to purchase the Loan Servicing Business and become the stalking horse for the sale process. To allow time to continue and finalize those negotiations, on August 31, 2007, the Debtors filed notices [D.I. 540 and 746] advising all interested parties of extended and rescheduled dates relating to the Bid Deadline, Auction, and the Sale Hearing (as all such terms are defined in the Previous Order). The current Bid Deadline is October 2, 2007, the Auction has been rescheduled to October 5, 2007, and the Sale Hearing has been rescheduled to October 9, 2007.

5.  On September 20, 2007, after arduous negotiations, and with the benefit of significant input from the Official Committee of Unsecured Creditors (the "Committee") and Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006 (the "Administrative Agent"), the Debtors and the Purchaser agreed to execute an asset purchase agreement, a copy of which is attached to the Motion (the "Asset Purchase Agreement"). Pursuant to the Asset Purchase Agreement, the Purchaser agreed to serve as the stalking horse bidder for the sale of the Loan Servicing Business, conditioned upon approval of certain revised sale procedures (the "Revised Sale Procedures") and certain auction protections (the "Auction Protections") set forth herein.

6.  The Debtors have determined that entry into the Asset Purchase Agreement is in the best interests of the estates because the purchase offer reflected therein will enhance the Debtors' ability to attract a large universe of serious, qualified bidders for the Loan

Servicing Business. Because the approval of the Asset Purchase Agreement is conditioned upon approval of the Revised Sale Procedures and the Auction Protections, the Debtors submit that cause exists to justify shortening the notice period for the hearing on approval of the relief requested in the Motion. If the Court does not hear the Motion on shortened notice, the Debtors may be forced to extend the sale deadlines or lose the commitment of the Purchaser to purchase the Loan Servicing Business.

7. The Committee and the Administrative Agent support the relief requested in this Motion to Shorten.

8. Accordingly, the Debtors request that a hearing on the relief requested in the Motion be scheduled for September 25, 2007, 2007 at 10:00 a.m. (ET), (the "Hearing") with objections to be filed and served at the Hearing. In light of the shortened notice period, the Debtors served the Motion, via Federal Express overnight delivery or hand delivery, on (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the Administrative Agent; (d) counsel to the Purchaser; (e) all parties entitled to notice under Local Rule 2002-1(b); and (f) all parties who have expressed an interest in acquiring all or a portion of the Loan Servicing Business. The Debtors also served the Motion by email on all such parties with known email addresses.

WHEREFORE, the Debtors respectfully request that the Court enter an Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: Wilmington, Delaware
September 21, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret B. Whiteman*

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Sean T. Greecher (No. 4484)
Margaret B. Whiteman (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :   Jointly Administered
    Debtors.                                                     :
                                                                 :   Ref. Docket No. _____
---------------------------------------------------------------- x

**ORDER SHORTENING THE TIME FOR NOTICE OF MOTION OF THE DEBTORS FOR ORDER PURSUANT TO SECTIONS 105(a), 363, 364, 365, AND 503(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 4001, 6004, 6006, 7062, 9007 AND 9014 (A) APPROVING REVISED PROCEDURES FOR THE SALE OF THE DEBTORS' MORTGAGE SERVICING BUSINESS; (B) APPROVING CERTAIN PROTECTIONS FOR THE STALKING HORSE BIDDER IN SUCH SALE; (C) DIRECTING THAT CERTAIN NOTICES OF SUCH SALE AND DEADLINES BE GIVEN; AND (D) APPROVING, ON AN INTERIM BASIS, THE DEBTORS' AUTHORITY TO GRANT LIENS IN THE PURCHASER'S COLLATERAL AFTER INITIAL CLOSING**

Upon consideration of the motion (the "Motion to Shorten")[2] of the above captioned debtors and debtors in possession (the "Debtors") for entry of an order providing that the applicable notice period for the Motion of the Debtors for Order Pursuant to Sections 105(a), 363, 364, 365, and 503(b) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, 6006, 7062, 9007 and 9014 (A) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing that Certain Notices of Such Sale and Deadlines Be Given; and (D) Approving, on an Interim Basis, the Debtors' Authority to Grant Liens in the Purchaser's Collateral After Initial Closing (the "Motion") be shortened pursuant to Local Rule 9006-1(e)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not defined herein shall have the meanings given to them in the Motion to Shorten.

and section 102 of the Bankruptcy Code; and the Court having determined that granting the relief requested in the Motion to Shorten is appropriate; and it appearing that due and adequate notice of the Motion to Shorten has been given under the circumstances, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion to Shorten is granted; and it is further

ORDERED, that the Motion shall be heard on September 25, 2007 at 10:00 a.m. (ET) (the "Hearing"); and it is further

ORDERED, that objections to the relief requested in the Motion shall be filed and served at the Hearing; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2007

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE