IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>(Jointly Administered)<br><br>Re: Docket Nos. 11, 113, 403 and 674 |

**LIMITED OBJECTION OF FEDERAL HOME LOAN MORTGAGE CORPORATION TO EMERGENCY MOTION OF THE DEBTORS FOR AN ORDER (I) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING PURCHASE AGREEMENT THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (IV) GRANTING RELATED RELIEF AND TO THE MODIFIED NOTICE OF (I) POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES, LICENSE AGREEMENTS, AND EXECUTORY CONTRACTS; AND (II) PROPOSED CURE OBLIGATIONS, IF ANY**

Federal Home Loan Mortgage Corporation ("Freddie Mac"), by and through its undersigned counsel, hereby files this Limited Objection (the "Limited Objection") to the Emergency Motion Of The Debtors For An Order (I) Authorizing The Sale Of Such Assets Free And Clear Of Liens, Claims, Encumbrances, And Other Interests; (II) Authorizing And Approving Purchase Agreement Thereto; (III) Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases Related Thereto; And (IV) Granting Related Relief (the "Sale Motion") (D.I. 11) and to the Modified Notice Of (I) Possible Assumption And Assignment Of Certain Leases, License Agreements, And Executory Contracts; And (II) Proposed Cure Obligations, If Any (the "Modified Cure Notice") (D.I. 674) filed by American Home Mortgage Holdings, Inc. and certain of its direct and indirect affiliates and subsidiaries (the "Debtors"), and in support thereof states as follows:

## FACTUAL BACKGROUND

1. On August 6, 2007 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. Also on August 6, 2007, the Debtors filed the Sale Motion, seeking, *inter alia*, approval of the sale of the Debtor's mortgage loan servicing business. On September 10, 2007, the Debtors filed the Modified Cure Notice. The Modified Cure Notice identifies the "FHLMC Early Indicator License and Maintenance Agreement" and "Loan Sale and Servicing Agreement" between the Debtors and Freddie Mac (collectively, the "Freddie Mac Agreements") as contracts possibly being assumed and assigned in connection with the asset sale contemplated by the Sale Motion (the "Section 363 Sale"). A cure amount of $0.00 is listed for both agreements.

3. On September 10, 2007, Freddie Mac filed the Motion of Federal Home Loan Mortgage Corporation for an Order Granting Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362 (D.I. 676) (the "Freddie Mac Stay Relief Motion"), which is incorporated by reference herein. As set forth more fully in the Freddie Mac Stay Relief Motion, Freddie Mac terminated the Debtors' right to service the Freddie Mac loan portfolio prior to the Petition Date.

4. On September 18, 2007, the Debtors and Freddie Mac executed two stipulations to resolve the Freddie Mac Stay Relief Motion and the parties' disputes concerning Freddie Mac's prepetition termination of the Debtors as servicer. The stipulations are identified as (i) the Stipulation of Settlement Between and Among the Debtors, Bank of America, N.A., and Federal Home Loan Mortgage Corporation Regarding Interim Servicing of Federal Home Loan

Mortgage Corporation Loans (the Interim Servicing Stipulation"), and (ii) the Stipulation of Settlement Between and Among the Debtors and Federal Home Loan Mortgage Corporation Regarding the Sale of Servicing of Federal Home Loan Mortgage Corporation's Loans (the "Sale Stipulation" and collectively with the Interim Servicing Stipulation, the "Stipulations"), each of which is incorporated by reference herein. In sum, the Stipulations provide for, *inter alia*, an interim servicing transfer to Bank of America N.A. ("BofA") and a subsequent auction sale of the Freddie Mac servicing rights, which shall be conducted in accordance with the Sale Stipulation separate and apart from the Debtors' Section 363 Sale.

5. On or about September 20, 2007, the Bankruptcy Court entered orders approving the Stipulations.

6. On September 21, 2007, the Debtors filed their Motion to Approve Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing That Certain Notices of Such Sale and Deadlines be Given; and (D) Approving, on an Interim Basis, the Debtors' Authority to Grant Liens in the Purchaser's Collateral After Initial Closing (D.I. 865) (the "Revised Sale Procedures Motion").

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

7. Pursuant to the Stipulations, which have been approved by the Bankruptcy Court, the servicing rights related to the Freddie Mac portfolio shall *not* be sold by the Debtors in connection with their proposed Section 363 Sale. Rather, as set forth more fully in the Stipulations, the Freddie Mac servicing rights shall be transferred to BofA on an interim basis pending a separate and independent auction sale conducted in accordance with the Sale Stipulation.

8. The Stipulations clearly provide that the Freddie Mac servicing rights are excluded from the Debtors' proposed Section 363 Sale. However, the proposed stalking-horse Asset Purchase Agreement submitted as an exhibit to the Revised Sale Procedures Motion, as filed (without schedules), does not specifically provide for the exclusion of the Freddie Mac servicing rights. Therefore, in an abundance of caution and to clarify the record for prospective purchasers submitting bids in connection with the Section 363 Sale, Freddie Mac files this Limited Objection to the Sale Motion and Modified Cure Notice.

9. To the extent that the Debtors seek to sell the Freddie Mac servicing rights as part of their proposed Section 363 Sale in violation of the Stipulations, Freddie Mac objects to that proposed Section 363 Sale on, *inter alia*, the following grounds:

   i. The Debtors may not sell the Freddie Mac servicing rights as such servicing rights are not property of the estate due to Freddie Mac's valid prepetition termination of the Debtors' eligibility to service Freddie Mac mortgage loans;

   ii. The Debtors may not assume and assign the Freddie Mac Agreements since those Freddie Mac Agreements were validly terminated prior to the Petition Date, or in the alternative, the Debtors may not assume and assign the Freddie Mac Agreements since (a) the $0.00 cure amounts sets forth in the Modified Cure Notice are inaccurate; and (b) the Debtors have not provided adequate assurance of future performance of any proposed assignee (including a demonstration that such proposed assignee is Freddie Mac-approved and otherwise meets Freddie Mac's qualification requirements for servicers);

   iii. Any proposed sale of the Freddie Mac servicing rights in connection with the Section 363 Sale violates the Stipulations; and

iv.  Freddie Mac reserves the right to supplement this Limited Objection to assert additional bases for objection.

WHEREFORE, Freddie Mac respectfully requests that the Court (i) sustain the Limited Objection; (ii) deny the relief requested in the Sale Motion and the Modified Cure Notice to the extent that the Debtors seek to sell the Freddie Mac servicing rights in connection with the Section 363 Sale; (iii) deny the relief requested in the Sale Motion and the Modified Cure Notice to the extent such relief is inconsistent with the Stipulations; and (iv) grant such other and further relief as is just and proper.

Dated: September 21, 2007
       Wilmington, Delaware

Respectfully submitted,

By: /s/ J. Cory Falgowski
J. Cory Falgowski (No. 4546)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: 302-778-7500
Facsimile: 302-778-7575
E-mail: jfalgowski@reedsmith.com

and

George Kielman, Esquire
Associate General Counsel for Litigation
FreddieMac
8200 Jones Branch Drive - MS 202
McLean, VA 22102
Telephone: 703-903-2640
Facsimile: 703-903-3691
E-mail: george_kielman@freddiemac.com

Counsel for Federal Home Loan Mortgage Corporation