## EXHIBIT A

**Sale Procedures Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------- x | | |
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE | : | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| ------------------------------------------------------- x | | Ref. Docket No. ___ |

**ORDER APPROVING (I) SALE PROCEDURES; (II)  SCHEDULING
A HEARING TO CONSIDER SALE DEBTORS' ASSETS RELATED TO THE
CONSTRUCTION LOAN BUSINESS; (III) APPROVING FORM AND MANNER OF
NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF**

Upon the consideration of the motion (the "Motion")[1] of American Home

Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the

debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[2]

pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for entry of two orders:  (A) one, substantially in the form annexed to the

Motion as Exhibit A (the "Sale Procedures Order"), (i) approving procedures (the "Sale

Procedures") with respect to the proposed sale (the "Sale") of the construction loans and related

servicing rights and construction loan platform related to the Debtors' construction loan business

(collectively, the "Assets"), as more specifically described in the form Purchase and Sale

---

[1]  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
AHM Holdings (6303); American Home Mortgage Investment Corp.  ("AHM Investment"), a Maryland corporation
(3914); American Home Mortgage Acceptance, Inc.  ("AHM Acceptance"), a Maryland corporation (1979);
American Home Mortgage Servicing, Inc.  ("AHM Servicing"), a Maryland corporation (7267); American Home
Mortgage Corp.  ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC
("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc.
("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.  ("Great Oak"), a New York
corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747,
except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Agreement (the "Purchase Agreement"), annexed to the Motion as Exhibit D; (ii) scheduling a

hearing (the "Sale Hearing") on the Sale and setting objection and bidding deadlines with respect

to the Sale, (iii) approving the form and manner of notice of an auction for the relevant assets

(the "Auction") and the Sale Hearing, and (iv) granting related relief; and (B) the other,

substantially in the form annexed to the Motion as Exhibit E (the "Sale Order"), (i) authorizing

the Sale free and clear of liens, claims, encumbrances, and interests, pursuant to the Purchase

Agreement, (ii) authorizing and approving the Purchase Agreement related thereto, (iii)

approving the assumption and assignment of executory contracts and unexpired leases, as

necessary in connection with the Sale of the Construction Loan Platform, (iv) authorizing the

distribution of the proceeds from the Sale of the ABN Construction Loans to ABN, and (v)

granting related relief; and the Court having determined that the relief provided herein is in the

best interest of the Debtors, their estates, their creditors and other parties in interest; and due and

adequate notice of the Motion having been given under the circumstances; and upon the record

of the hearing on the Motion held on October 1, 2007, and the full record of these cases; and

after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT**:

    A.    The findings and conclusions set forth herein constitute the Court's

findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to

this proceeding pursuant to Bankruptcy Rule 9014.

    B.    This Court has jurisdiction over the Motion and the transactions

contemplated by the Purchase Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).  Venue in this district is

proper under 28 U.S.C. §§ 1408 and 1409.

C.     Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Sale Hearing.  A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

D.     The Debtors' proposed notice of the Sale Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction and the Sale, and the Sale Procedures to be employed in connection therewith.

E.     The entry of this Sale Procedures Order is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest.

F.     The Sale Procedures are reasonably designed to maximize the value to be achieved for the Assets.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Motion is granted.

2.     Except as otherwise expressly provided in this Sale Procedures Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3.     The Sale Procedures, in the form attached hereto as <u>Exhibit 1</u>, are hereby incorporated herein and approved, and shall apply with respect to the Sale.

4.     The Debtors may sell the Assets by conducting the Auction in accordance with the Sale Procedures.

DB02:6215887.10                    066585.1001

5.      The Auction shall take place on October 30, 2007 at 10:00 a.m. (prevailing Eastern Time) at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19899, or such other place and time as the Debtors shall notify all Qualified Bidders, the Official Committee of Unsecured Creditors (the "Committee"), counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006 (the "Administrative Agent"), the agent for the Debtors' post-petition lenders (the "DIP Agent"), counsel for ABN AMRO Bank N.V. ("ABN"), and other invitees.

6.      A Qualified Bidder that desires to make a bid shall comply with the requirements set forth in the Sale Procedures for making such bid.

7.      The Debtors shall have the right to reject any and all bids that do not conform with the Sale Procedures, subject to the provisions of the Sale Procedures.

8.      The Sale Hearing shall be held before this Court on [●], 2007 at [●] (prevailing Eastern Time), or as soon thereafter as counsel and interested parties may be heard.

9.      Not later than two (2) business days after the entry of this Sale Procedures Order, the Debtors will serve copies of the Notice of Auction and Sale Hearing, substantially in the form attached to the Motion as Exhibit C, (a) by mail, postage prepaid to: (i) all entities known to have expressed a *bona fide* interest in acquiring the Assets; (ii) counsel to the Administrative Agent; (iii) counsel to the DIP Agent, (iv) counsel to the Committee; (v) counsel for ABN; (vi) known entities holding or asserting a security interest in or lien against any of the Assets; (vii) taxing authorities whose rights may be affected by a sale of the Assets; (viii) all government agencies required to receive notice of proceedings under the Bankruptcy Rules; and (ix) the Office of the United States Trustee for the District of Delaware; and (b) by first-class

mail, postage prepaid, to all parties that have requested notice pursuant to Bankruptcy Rule 2002 as of the date prior to the date of entry of this Sale Procedures Order.

10.    Not later than ten (10) business days after entry of the Sale Procedures Order, the Debtors will publish the Notice of Auction and Sale Hearing, substantially in the form attached to the Motion as Exhibit C in the national edition of *The Wall Street Journal*.

11.    On or before October 9, 2007, the Debtors shall serve a notice (i) identifying any Assumed Contracts to each non-Debtor party to an Assumed Contract and Lease; (ii) the Debtors' proposed cure amount; and (iii) the deadline to object to the proposed assumption and cure amount.

12.    Objections, if any, to the potential assignment of the applicable Assumed Contracts and the Debtors' proposed cure amount ("Cure and Assignment Objections"), must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on October 26, 2007, or such later date and time as the Debtors may agree, and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel and Karen Gowins, Director of Construction and Renovation Lending); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: M. Blake Cleary and Matthew B. Lunn), counsel to the Debtors; (iii) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn.: Mark Indelicato), counsel to the Committee; (iv) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D.

066585.1001

Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market

Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the

Administrative Agent; (v) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.:

Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite

1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; and

(vi) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware

19801 (Attn.: Joseph McMahon) (collectively, the "Notice Parties").

      13.    Objections if any, to the proposed purchaser's ability to provide adequate

assurance of future performance under the Assumed Contracts (the "Adequate Assurance of

Future Performance Objections") must be (a) in writing; (b) comply with the Bankruptcy Rules

and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the

District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before

4:00 p.m. (prevailing Eastern Time) on November __, 2007, or such later date and time as the

Debtors may agree, and (d) be served so as to be received no later than 4:00 p.m. (prevailing

Eastern Time) on the same day, upon the Notice Parties.

      14.    Unless a non-debtor party to an Assumed Contract files and serves a Cure

and Assignment Objection on or before 4:00 p.m. (prevailing Eastern Time) on October 26,

2007, such non-debtor party shall be (a) forever barred from objecting to the Debtors' proposed

cure amount and from asserting any additional cure or other amounts with respect to such

Assumed Contract and the Debtors shall be entitled to rely solely upon the proposed cure

amount; and (b) deemed to have consented to the assumption and assignment of such Assumed

Contract and shall be forever barred and estopped from asserting or claiming against the Debtors,

the Successful Bidder or any other assignee of the relevant Assumed Contract that any additional

amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied under such Assumed Contract.

15.    Hearings on the Cure and Assignment Objections and Adequate Assurance of Future Performance Objections, if any may be held (a) at the Sale Hearing, or (b) at such other date after the Sale Hearing as the Court may designate.

16.    Except with respect to any unresolved Cure and Assignment Objection with respect to a proposed cure amount, after the closing of the Sale, the Debtors and their estates shall have no further liabilities or obligations with respect to the Assumed Contracts (the "Post-Closing Obligations"). The Successful Bidder will expressly be responsible for all such Post-Closing Obligations.

17.    Objections, if any, to the Sale, or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on October 26, 2007, or such later date and time as the Debtors may agree and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel and Karen Gowins, Director of Construction and Renovation Lending); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: M. Blake Cleary and Matthew B. Lunn), counsel to the Debtors; (iii) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn.: Mark Indelicato), counsel to the Committee; (iv) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D.

Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (v) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; (vi) counsel for ABN, Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017 (Attn: Gregory A. Bray and Robert Jay Moore) and Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins); and (vi) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon).

     18.    The notice to be issued and published in connection with the proposed Sale, substantially in the form annexed to the Motion as Exhibit C, is approved.

     19.    The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

     20.    Nothing in this Order or the Sale Procedures shall prejudice or otherwise affect the Debtors from selecting a lead or "stalking horse" bidder and returning to the Court for approval of buyer protections and modification of this Order.

DB02:6215887.10

066585.1001

21.     This Court shall retain jurisdiction over any matters related to or arising

from the implementation of this Order.

Dated:   October  ____, 2007
         Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge

DB02:6215887.10                                                  066585.1001

# EXHIBIT 1

(Sale Procedures)

## SALE PROCEDURES

By motion dated September [•], 2007 (the "Motion"),[1] the debtors and debtors in possession (collectively, the "Debtors"),[2] sought approval of, among other things, the procedures through which they will determine the highest or otherwise best price for the sale or sales (the "Sale") of each of the construction loans and related servicing rights (collectively, the "Construction Loans") and the construction loan platform and related Assumed Contracts and/or Leases (the "Construction Loan Platform" and together with the Construction Loans, the "Assets") related to the Debtors' construction loan business, pursuant to the terms of the form Purchase and Sale Agreement (the "Purchase Agreement") attached to the Motion. On October [•], 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Sale Procedures Order"), which, among other things, authorized the Debtors to determine the highest or otherwise best price for the Assets through the process and procedures set forth below (the "Sale Procedures").

At the Auction, the Debtors will be conducting separate auctions for each of the portfolios of Construction Loans relating to an individual financial institution (individually, a "Construction Loan Portfolio," and collectively, the "Construction Loan Portfolio"), and a separate auction for the Construction Loan Platform in the event that more than one Qualified Bid is received for any such Asset. The Debtors reserve the right to waive or modify the Sale Procedures to the extent such waiver or modification is in the best interest of the Debtors' estates, in consultation with the counsel to the Official Committee of Unsecured Creditors (the "Committee"), counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006 (the "Administrative Agent") (as required by the Interim Order [Docket No. 68] and the Final Order [Docket No. 554] (I) Authorizing Debtors' Limited Use of Cash Collateral, (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001, the "Cash Collateral Order"), counsel to the agent for the Debtors' post-petition lenders (the "DIP Agent"), and counsel to ABN AMRO Bank N.V. ("ABN") solely in its capacity as Agent for Purchasers and as a Purchaser under the ABN MRA Agreements (as defined in that certain Stipulation among the ABN MRA Debtors and ABN, dated September [•], 2007 (the "Stipulation")) and solely with respect to the Sale of the Construction Loans for which, ABN is designated as "Purchaser" (the "ABN Construction Loans"); provided, however, that with respect to the withdrawal of the Motion or a modification or waiver of the Sale Procedures in any respect in connection with (i) a bid, but only to the extent that it relates to the ABN Construction Loans, such withdrawal, modification or waiver shall be made only with the prior consent of ABN, which consent shall not be unreasonably withheld and (ii) a bid, but only to the extent that it relates to the Construction Loans on which the Administrative Agent holds liens, such withdrawal,

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.
[2] The Debtors are:  American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

modification or waiver shall be made only with the prior consent of the Administrative Agent, which consent shall not be unreasonably withheld.

On November [●], 2007 at [●] (or such other date and time as may be designated), or as soon thereafter as counsel can be heard, as further described below, in the Motion and in the Sale Procedures Order, the Bankruptcy Court will conduct a hearing (the "Sale Hearing") at which the Debtors shall seek entry of an order or orders (the "Sale Order") authorizing and approving the Sale of the Construction Loan Portfolios and the Construction Loan Platform (each a "Sale Transaction") pursuant to the terms of the Successful Bid(s) (as defined below).

## Participation Requirements

To participate in the bidding process or otherwise be considered for any purpose hereunder, a person interested in the Assets (a "Potential Bidder") must first deliver the following materials to the Debtors and their counsel:

(i)    An executed confidentiality agreement in form and substance satisfactory to the Debtors and their counsel; and

(ii)   The most current audited and latest unaudited financial statements (collectively, the "Financials") of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of a Sale Transaction, (x) Financials of the equity holder(s) of the Potential Bidder or such other form of financial disclosure as is acceptable to the Debtors and their counsel and (y) the written commitment acceptable to the Debtors and their counsel of the equity holder(s) of the Potential Bidder to be responsible for the Potential Bidder's obligations in connection with a Sale Transaction.  In the event that a Potential Bidder is unable to provide Financials, the Debtors may, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, accept such other information sufficient to demonstrate to the Debtors' satisfaction that such Potential Bidder has the financial wherewithal to consummate a Sale Transaction.

A "Qualified Bidder" is a Potential Bidder whose Financials or other information demonstrate the financial capability to consummate a Sale Transaction and which the Debtors determine, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and solely with respect to the ABN Construction Loans, ABN, is reasonably likely to make a bona fide offer.

Within two (2) business days after the Debtors receive from a Potential Bidder all of the materials required by subparagraphs (i) and (ii) above, the Debtors shall determine, in consultation with their advisors, Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and ABN Agent whether the Potential Bidder is a Qualified Bidder.  In the event that the Debtors determine, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and solely with

-2-

respect to the ABN Construction Loans, ABN, that a Potential Bidder is not a Qualified Bidder, the Debtors shall provide prompt notice thereof to the Potential Bidder.

**Obtaining Due Diligence Access**

The Debtors shall afford each Qualified Bidder reasonable due diligence information. Due Diligence reports which have already been performed will be made available to Qualified Bidders. Site access shall be provided upon reasonable request to the Debtors at the discretion of the Debtors within their reasonable business judgment. The due diligence period will end on the Bid Deadline (defined below).

The Debtors shall not be obligated to furnish any information relating to the Debtors, the Assets, and/or a Sale to any person except to a Qualified Bidder. The Debtors shall give each Qualified Bidder reasonable access to all written due diligence information provided to another Qualified Bidder.

The Debtors shall coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders. No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline (as defined below).

**Bid Deadline**

**The deadline for submitting bids by a Qualified Bidder shall be October 24, 2007 at 4:00 p.m. (prevailing Eastern Time) (the "<u>Bid Deadline</u>").**

Prior to the Bid Deadline, a Qualified Bidder that desires to make a bid shall deliver written copies of its bid to: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel and Karen Gowins, Director of Construction and Renovation Lending), and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: M. Blake Cleary and Matthew B. Lunn), counsel to the Debtors. Bids may also be delivered on or before the Bid Deadline to the parties identified by email to the following email address: ConstructionLoanSaleAHM@Americanhm.com.

On or before one (1) business day after the Bid Deadline, the Debtors will deliver copies of the bids received from Qualified Bidders to: (i) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn.: Mark Indelicato), counsel to the Committee; (ii) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (iii) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; and (iv) counsel to the non-Debtor parties to the Construction Loans solely with respect to bids for their respective Construction Loans, if any.

**Due Diligence From Bidders**

Each Qualified Bidder shall comply with all reasonable requests for additional information by the Debtors or their advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the Sale. Failure by the Qualified Bidder to comply with requests for additional information may be a basis for the Debtors to determine that a bid made by the Qualified Bidder is not a Qualified Bid.

**Bid Requirements**

A bid must be a written irrevocable offer from a Qualified Bidder (i) stating that the Qualified Bidder offers to consummate a Sale Transaction pursuant to an agreement that has been marked to show amendments and modifications to the Purchase Agreement in the form (a) annexed hereto as Exhibit A if bidding for a Construction Loan Portfolio, and (b) annexed hereto as Exhibit B if bidding for the Construction Loan Platform, including the specific Assets to be purchased and price and terms that are being proposed by the Qualified Bidder, which terms shall not alter materially the terms of the Purchase Agreement, as applicable, (the "Marked Purchase Agreement"); (ii) confirming that the offer shall remain open and irrevocable until the closing of a Sale to the Successful Bidder or the Next Highest Bidder; (iii) enclosing a copy of the proposed Marked Purchase Agreement; and (iv) accompanied with a certified or bank check, wire transfer, or letter of credit reasonably acceptable to the Debtors equal to 5% of the amount of the Qualified Bid, as a minimum deposit (the "Minimum Deposit").

Any bid for the Assets must:

<ol type="a">
<li>be on terms that are not materially more burdensome or conditional than the terms of the Purchase Agreement;</li>
<li>not be conditioned on obtaining financing or the outcome of any due diligence by the bidder;</li>
<li>not request or entitle the bidder to any break-up fee, expense reimbursement or similar type of payment;</li>
<li>contain a list of the Debtors' executory contracts and unexpired leases related to the Assets with respect to which the bidder seeks assignment from the Debtors, if any (the "Assumed Contracts");</li>
<li>identify each Asset that is subject to the bid and identify separate purchase prices to each Asset (each an "Allocated Purchase Price");</li>
<li>identify whether the Construction Loan Platform is a purchased Asset and allocate the purchase price to the Construction Loan Platform;</li>
<li>if the Construction Loan Platform is a purchased Asset, provide that either the Bidder or the Debtors shall be responsible for the cure costs associated with the Assumed Contracts;</li>
</ol>

(h)     fully disclose the identity of each entity that will be bidding for the Assets or otherwise participating in connection with such bid, and the complete terms of any such participation; and

(i)     contain written evidence that the bidder has the requisite corporate or similar authority to consummate the Sale Transaction proposed.

A bid received from a Qualified Bidder and that meets the requirements set forth above will be considered a "Qualified Bid" if the Debtors believe, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and solely with respect to the ABN Construction Loans, ABN, that such bid would be consummated if selected as a Successful Bid (as defined below).

**Auction**

If more than one Qualified Bid by a Qualified Bidder is received by the Bid Deadline, an auction (the "Auction") with respect to a Sale Transaction shall take place on **October 30, 2007 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19899, or such other place and time as the Debtors shall notify all Qualified Bidders, the Committee, the Administrative Agent and the DIP Agent, and other invitees. If, however, no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held.

The Debtors will conduct an Auction for each of the Assets, on a portfolio-by-portfolio basis, that receives more than one Qualified Bid. In the event that the Auction date is changed, the Debtors will provide appropriate notice to each of the Qualified Bidders, the Committee, the Administrative Agent, ABN and the DIP Agent of the dates, times, and places for each Auction and the portions of the Assets to be sold at each Auction.

Only a Qualified Bidder who has submitted a Qualified Bid will be eligible to participate at the Auction. Only the authorized representatives of each of the Qualified Bidders, the Committee, the Administrative Agent, the DIP Agent, ABN and the Debtors shall be permitted to attend the Auction. At the Auction, Qualified Bidders will be permitted to increase their bids.

If the event a Qualified Bid include bids for more than one of the Assets, such Qualified Bid shall be treated and considered as separate and distinct bids for each of the Assets identified therein. The bidding at the Auction shall start at the purchase price stated in the highest or otherwise best Qualified Bid as disclosed to all Qualified Bidders prior to commencement of the Auction (the "Starting Qualified Bid"), and then continue in appropriate increments thereafter until there is a Successful Bid and a Next Highest Bid.

The Debtors, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and ABN (consistent with the terms of the Stipulation), may adopt rules for the Auction at or prior to the Auction that will better promote the goals of the Auction and that are not inconsistent with any of the provisions of the Sale Procedures Order. All such rules shall be fully disclosed to all Qualified Bidders, the

-5-

Administrative Agent, the DIP Agent, the Committee, and ABN (consistent with the terms of the Stipulation).

Immediately prior to concluding the Auction, the Debtors shall (i) review each Qualified Bid on the basis of its financial and contractual terms and the factors relevant to the sale process and the best interests of the Debtors' estates and creditors; (ii) determine and identify, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and ABN (solely with respect to the ABN Construction Loans), the highest or otherwise best Qualified Bid(s) (the "Successful Bid") and the next highest or otherwise best offer after the Successful Bid (the "Next Highest Bid"), provided, however, that, solely with respect to the ABN Construction Loans and consistent with the terms of the Stipulation, ABN has not requested that the ABN Construction Loans be withdrawn from the Auction; and (iii) have the right to reject any and all bids, in each case in consultation with the Committee and ABN (solely with respect to the ABN Construction Loans). Immediately upon selection of the Successful Bid, if the Minimum Deposit does not equal 5% of the purchase price of the Successful Bid, the Qualified Bidder with respect to the Successful Bid (the "Successful Bidder") shall provide the Debtors with immediately available funds so that the Minimum Deposit is equal to 5% of the purchase price of the Successful Bid. The Auction may be adjourned as the Debtors deem appropriate. Reasonable notice of the time and place for the resumption of the Auction will be given to all Qualified Bidders, the Committee, the Administrative Agent, the DIP Agent, ABN and other invited parties.

**Acceptance of the Successful Bid**

The Debtors will present the results of the Auction to the Bankruptcy Court at the Sale Hearing, at which certain findings will be sought from the Bankruptcy Court regarding the Auction, including, among other things, that (i) the Auction was conducted and the Successful Bidder(s) was selected in accordance with these Sale Procedures and the Stipulation, (ii) the Auction was fair in substance and procedure, and (iii) consummation of the Sale Transaction contemplated by the Successful Bid(s) will provide the highest or otherwise best value for such Assets and is in the best interests of the Debtors and their estates,

The Debtors shall have accepted a Qualified Bid only when (i) the Bid is declared the Successful Bid at the Sale Hearing, (ii) the Bankruptcy Court has approved the Successful Bid and an order approving such Successful Bid has been docketed, (iii) definitive documentation has been executed in respect thereof, (iv) solely with respect to the ABN Construction Loans and consistent with the terms of the Stipulation, ABN has not requested that the ABN Construction Loans be withdrawn from the Auction, and (v) the Sale closes.

In the event that, for any reason, the Successful Bidder fails to close the Sale Transaction contemplated by its Successful Bid, then, without notice to any other party or further court order, but subject to the rights of ABN under the Stipulation, the Debtors shall be authorized to close with the Qualified Bidder that submitted the Next Highest Bid (the "Next Highest Bidder").

-6-

**Return of Minimum Deposit**

Except as otherwise provided in this paragraph with respect to any Successful Bid and any Next Highest Bid, the Minimum Deposits of all Qualified Bidders required to submit such a deposit under the Sale Procedures shall be returned upon or within one (1) business day after Closing of the Sale.  The Minimum Deposit of the Successful Bidder shall be held until the closing of the sale and applied in accordance with the Successful Bid.  The Minimum Deposit of the Next Highest Bidder shall be returned upon or within one (1) business day after closing of the Sale to the Successful Bidder.

If the Successful Bidder fails to close the Sale, such party's Minimum Deposit shall be forfeited to the Debtors and thereafter paid to the lender holding valid perfected liens on the Construction Loans subject of the Successful Bid, if any; provided that in the event the Minimum Deposit relates to a Successful Bid for more than one Construction Loan Portfolio, the amount paid to each lender holding valid perfected liens on the Construction Loans subject of the Successful Bid shall be equal to the product of (i) the Minimum Deposit and (ii) the Allocated Purchase Price with respect to its Construction Loans divided by the sum of each Allocated Purchase Price related to the Construction Loans that are part of the Successful Bid.

.Notwithstanding the above, if the Successful Bidder in connection with a bid, but only to the extent that it relates to the ABN Construction Loans, fails to close the Sale, such party's Minimum Deposit shall be forfeited to ABN subject to the obligation of ABN to pay the Debtors in accordance with the terms of the Stipulation.  In the event the Debtors proceed to closing with the Next Highest Bidder, the Minimum Deposit of the Next Highest Bidder shall be held until the closing of the Sale with the Next Highest Bidder and applied in accordance with the Next Highest Bid.  If the Next Highest Bidder in connection with a bid, but only to the extent that it relates to the ABN Construction Loans, fails to close the Sale, such party's Minimum Deposit shall be forfeited to ABN subject to the obligation of ABN to pay the Debtors in accordance with the terms of the Stipulation.

**Consultation with Stakeholders**

The Debtors shall provide to the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, the Committee, and ABN information regarding the qualification of bidders, the valuation of bids, and such other information related to the sale process as may be reasonably requested by the Committee, the DIP Agent, the Administrative Agent or ABN.  Throughout the process the Debtors shall consult with the Committee, the Administrative Agent, the DIP Agent, ABN, and/or their professionals as provided herein.

**Reservation of Rights**

The Debtors reserve the right, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and ABN (solely with respect to the ABN Construction Loans), to:  (i) determine which bidders are Qualified Bidders; (ii) determine which Bids are Qualified Bids; (iii) determine which Qualified Bid is the highest and/or best proposal and which is the next highest and/or best proposal, (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Sale Procedures

Order or the requirements of the Bankruptcy Code, or (c) contrary to the best interests of the Debtors and their estates; (v) enter into one or more stalking horse agreements and seek Court approval of expense reimbursements and/or break-up fees; (vi) waive terms and conditions set forth herein with respect to any or all potential bidders, (vii) impose additional terms and conditions with respect to any or all potential bidders, (viii) extend the deadlines set forth herein, (ix) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; (x) remove some or all of the Assets from the Auction, and (xi) modify the Sale Procedures as they may determine to be in the best interests of their estates or to withdraw the Motion at any time with or without prejudice. Without limiting the generality of the foregoing, the Debtors may determine to (i) distribute or not distribute copies of other Qualified Bids to other Qualified Bidders prior to or during the Auction or (ii) proceed with sealed bidding.

DB02:6215590.13                                                                                                    066585.1001

# EXHIBIT B

## Sale Procedures

## SALE PROCEDURES

By motion dated September [•], 2007 (the "Motion"),[1] the debtors and debtors in possession (collectively, the "Debtors"),[2] sought approval of, among other things, the procedures through which they will determine the highest or otherwise best price for the sale or sales (the "Sale") of each of the construction loans and related servicing rights (collectively, the "Construction Loans") and the construction loan platform and related Assumed Contracts and/or Leases (the "Construction Loan Platform" and together with the Construction Loans, the "Assets") related to the Debtors' construction loan business, pursuant to the terms of the form Purchase and Sale Agreement (the "Purchase Agreement") attached to the Motion. On October [•], 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Sale Procedures Order"), which, among other things, authorized the Debtors to determine the highest or otherwise best price for the Assets through the process and procedures set forth below (the "Sale Procedures").

At the Auction, the Debtors will be conducting separate auctions for each of the portfolios of Construction Loans relating to an individual financial institution (individually, a "Construction Loan Portfolio," and collectively, the "Construction Loan Portfolio"), and a separate auction for the Construction Loan Platform in the event that more than one Qualified Bid is received for any such Asset. The Debtors reserve the right to waive or modify the Sale Procedures to the extent such waiver or modification is in the best interest of the Debtors' estates, in consultation with the counsel to the Official Committee of Unsecured Creditors (the "Committee"), counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006 (the "Administrative Agent") (as required by the Interim Order [Docket No. 68] and the Final Order [Docket No. 554] (I) Authorizing Debtors' Limited Use of Cash Collateral, (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001, the "Cash Collateral Order"), counsel to the agent for the Debtors' post-petition lenders (the "DIP Agent"), and counsel to ABN AMRO Bank N.V. ("ABN") solely in its capacity as Agent for Purchasers and as a Purchaser under the ABN MRA Agreements (as defined in that certain Stipulation among the ABN MRA Debtors and ABN, dated September [•], 2007 (the "Stipulation")) and solely with respect to the Sale of the Construction Loans for which, ABN is designated as "Purchaser" (the "ABN Construction Loans"); provided, however, that with respect to the withdrawal of the Motion or a modification or waiver of the Sale Procedures in any respect in connection with (i) a bid, but only to the extent that it relates to the ABN Construction Loans, such withdrawal, modification or waiver shall be made only with the prior consent of ABN, which consent shall not be unreasonably withheld and (ii) a bid, but only to the extent that it relates to the Construction Loans on which the Administrative Agent holds liens, such withdrawal,

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.
[2] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

modification or waiver shall be made only with the prior consent of the Administrative Agent, which consent shall not be unreasonably withheld.

On November [•], 2007 at [•] (or such other date and time as may be designated), or as soon thereafter as counsel can be heard, as further described below, in the Motion and in the Sale Procedures Order, the Bankruptcy Court will conduct a hearing (the "<u>Sale Hearing</u>") at which the Debtors shall seek entry of an order or orders (the "<u>Sale Order</u>") authorizing and approving the Sale of the Construction Loan Portfolios and the Construction Loan Platform (each a "<u>Sale Transaction</u>") pursuant to the terms of the Successful Bid(s) (as defined below).

**Participation Requirements**

To participate in the bidding process or otherwise be considered for any purpose hereunder, a person interested in the Assets (a "<u>Potential Bidder</u>") must first deliver the following materials to the Debtors and their counsel:

    (i)    An executed confidentiality agreement in form and substance satisfactory to the Debtors and their counsel; and

    (ii)    The most current audited and latest unaudited financial statements (collectively, the "<u>Financials</u>") of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of a Sale Transaction, (x) Financials of the equity holder(s) of the Potential Bidder or such other form of financial disclosure as is acceptable to the Debtors and their counsel and (y) the written commitment acceptable to the Debtors and their counsel of the equity holder(s) of the Potential Bidder to be responsible for the Potential Bidder's obligations in connection with a Sale Transaction. In the event that a Potential Bidder is unable to provide Financials, the Debtors may, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), and the DIP Agent, accept such other information sufficient to demonstrate to the Debtors' satisfaction that such Potential Bidder has the financial wherewithal to consummate a Sale Transaction.

A "Qualified Bidder" is a Potential Bidder whose Financials or other information demonstrate the financial capability to consummate a Sale Transaction and which the Debtors determine, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and solely with respect to the ABN Construction Loans, ABN, is reasonably likely to make a bona fide offer.

Within two (2) business days after the Debtors receive from a Potential Bidder all of the materials required by subparagraphs (i) and (ii) above, the Debtors shall determine, in consultation with their advisors, Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and ABN Agent whether the Potential Bidder is a Qualified Bidder. In the event that the Debtors determine, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and solely with

respect to the ABN Construction Loans, ABN, that a Potential Bidder is not a Qualified Bidder, the Debtors shall provide prompt notice thereof to the Potential Bidder.

**Obtaining Due Diligence Access**

The Debtors shall afford each Qualified Bidder reasonable due diligence information. Due Diligence reports which have already been performed will be made available to Qualified Bidders. Site access shall be provided upon reasonable request to the Debtors at the discretion of the Debtors within their reasonable business judgment. The due diligence period will end on the Bid Deadline (defined below).

The Debtors shall not be obligated to furnish any information relating to the Debtors, the Assets, and/or a Sale to any person except to a Qualified Bidder. The Debtors shall give each Qualified Bidder reasonable access to all written due diligence information provided to another Qualified Bidder.

The Debtors shall coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders. No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline (as defined below).

**Bid Deadline**

**The deadline for submitting bids by a Qualified Bidder shall be October 24, 2007 at 4:00 p.m. (prevailing Eastern Time) (the "<u>Bid Deadline</u>").**

Prior to the Bid Deadline, a Qualified Bidder that desires to make a bid shall deliver written copies of its bid to: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel and Karen Gowins, Director of Construction and Renovation Lending), and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: M. Blake Cleary and Matthew B. Lunn), counsel to the Debtors. Bids may also be delivered on or before the Bid Deadline to the parties identified by email to the following email address: ConstructionLoanSaleAHM@Americanhm.com.

On or before one (1) business day after the Bid Deadline, the Debtors will deliver copies of the bids received from Qualified Bidders to: (i) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn.: Mark Indelicato), counsel to the Committee; (ii) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (iii) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; and (iv) counsel to the non-Debtor parties to the Construction Loans solely with respect to bids for their respective Construction Loans, if any.

**Due Diligence From Bidders**

Each Qualified Bidder shall comply with all reasonable requests for additional information by the Debtors or their advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the Sale. Failure by the Qualified Bidder to comply with requests for additional information may be a basis for the Debtors to determine that a bid made by the Qualified Bidder is not a Qualified Bid.

**Bid Requirements**

A bid must be a written irrevocable offer from a Qualified Bidder (i) stating that the Qualified Bidder offers to consummate a Sale Transaction pursuant to an agreement that has been marked to show amendments and modifications to the Purchase Agreement in the form (a) annexed hereto as Exhibit A if bidding for a Construction Loan Portfolio, and (b) annexed hereto as Exhibit B if bidding for the Construction Loan Platform, including the specific Assets to be purchased and price and terms that are being proposed by the Qualified Bidder, which terms shall not alter materially the terms of the Purchase Agreement, as applicable, (the "Marked Purchase Agreement"); (ii) confirming that the offer shall remain open and irrevocable until the closing of a Sale to the Successful Bidder or the Next Highest Bidder; (iii) enclosing a copy of the proposed Marked Purchase Agreement; and (iv) accompanied with a certified or bank check, wire transfer, or letter of credit reasonably acceptable to the Debtors equal to 5% of the amount of the Qualified Bid, as a minimum deposit (the "Minimum Deposit").

Any bid for the Assets must:

(a)    be on terms that are not materially more burdensome or conditional than the terms of the Purchase Agreement;

(b)    not be conditioned on obtaining financing or the outcome of any due diligence by the bidder;

(c)    not request or entitle the bidder to any break-up fee, expense reimbursement or similar type of payment;

(d)    contain a list of the Debtors' executory contracts and unexpired leases related to the Assets with respect to which the bidder seeks assignment from the Debtors, if any (the "Assumed Contracts");

(e)    identify each Asset that is subject to the bid and identify separate purchase prices to each Asset (each an "Allocated Purchase Price");

(f)    identify whether the Construction Loan Platform is a purchased Asset and allocate the purchase price to the Construction Loan Platform;

(g)    if the Construction Loan Platform is a purchased Asset, provide that either the Bidder or the Debtors shall be responsible for the cure costs associated with the Assumed Contracts;

-4-

(h)    fully disclose the identity of each entity that will be bidding for the Assets or otherwise participating in connection with such bid, and the complete terms of any such participation; and

(i)    contain written evidence that the bidder has the requisite corporate or similar authority to consummate the Sale Transaction proposed.

A bid received from a Qualified Bidder and that meets the requirements set forth above will be considered a "Qualified Bid" if the Debtors believe, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and solely with respect to the ABN Construction Loans, ABN, that such bid would be consummated if selected as a Successful Bid (as defined below).

**Auction**

If more than one Qualified Bid by a Qualified Bidder is received by the Bid Deadline, an auction (the "Auction") with respect to a Sale Transaction shall take place on **October 30, 2007 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19899, or such other place and time as the Debtors shall notify all Qualified Bidders, the Committee, the Administrative Agent and the DIP Agent, and other invitees. If, however, no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held.

The Debtors will conduct an Auction for each of the Assets, on a portfolio-by-portfolio basis, that receives more than one Qualified Bid. In the event that the Auction date is changed, the Debtors will provide appropriate notice to each of the Qualified Bidders, the Committee, the Administrative Agent, ABN and the DIP Agent of the dates, times, and places for each Auction and the portions of the Assets to be sold at each Auction.

Only a Qualified Bidder who has submitted a Qualified Bid will be eligible to participate at the Auction. Only the authorized representatives of each of the Qualified Bidders, the Committee, the Administrative Agent, the DIP Agent, ABN and the Debtors shall be permitted to attend the Auction. At the Auction, Qualified Bidders will be permitted to increase their bids.

If the event a Qualified Bid include bids for more than one of the Assets, such Qualified Bid shall be treated and considered as separate and distinct bids for each of the Assets identified therein. The bidding at the Auction shall start at the purchase price stated in the highest or otherwise best Qualified Bid as disclosed to all Qualified Bidders prior to commencement of the Auction (the "Starting Qualified Bid"), and then continue in appropriate increments thereafter until there is a Successful Bid and a Next Highest Bid.

The Debtors, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and ABN (consistent with the terms of the Stipulation), may adopt rules for the Auction at or prior to the Auction that will better promote the goals of the Auction and that are not inconsistent with any of the provisions of the Sale Procedures Order. All such rules shall be fully disclosed to all Qualified Bidders, the

-5-

Administrative Agent, the DIP Agent, the Committee, and ABN (consistent with the terms of the Stipulation).

Immediately prior to concluding the Auction, the Debtors shall (i) review each Qualified Bid on the basis of its financial and contractual terms and the factors relevant to the sale process and the best interests of the Debtors' estates and creditors; (ii) determine and identify, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and ABN (solely with respect to the ABN Construction Loans), the highest or otherwise best Qualified Bid(s) (the "Successful Bid") and the next highest or otherwise best offer after the Successful Bid (the "Next Highest Bid"), provided, however, that, solely with respect to the ABN Construction Loans and consistent with the terms of the Stipulation, ABN has not requested that the ABN Construction Loans be withdrawn from the Auction; and (iii) have the right to reject any and all bids, in each case in consultation with the Committee and ABN (solely with respect to the ABN Construction Loans). Immediately upon selection of the Successful Bid, if the Minimum Deposit does not equal 5% of the purchase price of the Successful Bid, the Qualified Bidder with respect to the Successful Bid (the "Successful Bidder") shall provide the Debtors with immediately available funds so that the Minimum Deposit is equal to 5% of the purchase price of the Successful Bid. The Auction may be adjourned as the Debtors deem appropriate. Reasonable notice of the time and place for the resumption of the Auction will be given to all Qualified Bidders, the Committee, the Administrative Agent, the DIP Agent, ABN and other invited parties.

**Acceptance of the Successful Bid**

The Debtors will present the results of the Auction to the Bankruptcy Court at the Sale Hearing, at which certain findings will be sought from the Bankruptcy Court regarding the Auction, including, among other things, that (i) the Auction was conducted and the Successful Bidder(s) was selected in accordance with these Sale Procedures and the Stipulation, (ii) the Auction was fair in substance and procedure, and (iii) consummation of the Sale Transaction contemplated by the Successful Bid(s) will provide the highest or otherwise best value for such Assets and is in the best interests of the Debtors and their estates,

The Debtors shall have accepted a Qualified Bid only when (i) the Bid is declared the Successful Bid at the Sale Hearing, (ii) the Bankruptcy Court has approved the Successful Bid and an order approving such Successful Bid has been docketed, (iii) definitive documentation has been executed in respect thereof, (iv) solely with respect to the ABN Construction Loans and consistent with the terms of the Stipulation, ABN has not requested that the ABN Construction Loans be withdrawn from the Auction, and (v) the Sale closes.

In the event that, for any reason, the Successful Bidder fails to close the Sale Transaction contemplated by its Successful Bid, then, without notice to any other party or further court order, but subject to the rights of ABN under the Stipulation, the Debtors shall be authorized to close with the Qualified Bidder that submitted the Next Highest Bid (the "Next Highest Bidder").

DB02:6215590.13                                                                                      066585.1001

**Return of Minimum Deposit**

Except as otherwise provided in this paragraph with respect to any Successful Bid and any Next Highest Bid, the Minimum Deposits of all Qualified Bidders required to submit such a deposit under the Sale Procedures shall be returned upon or within one (1) business day after Closing of the Sale. The Minimum Deposit of the Successful Bidder shall be held until the closing of the Sale and applied in accordance with the Successful Bid. The Minimum Deposit of the Next Highest Bidder shall be returned upon or within one (1) business day after closing of the Sale to the Successful Bidder.

If the Successful Bidder fails to close the Sale, such party's Minimum Deposit shall be forfeited to the Debtors and thereafter paid to the lender holding valid perfected liens on the Construction Loans subject of the Successful Bid, if any; provided that in the event the Minimum Deposit relates to a Successful Bid for more than one Construction Loan Portfolio, the amount paid to each lender holding valid perfected liens on the Construction Loans subject of the Successful Bid shall be equal to the product of (i) the Minimum Deposit and (ii) the Allocated Purchase Price with respect to its Construction Loans divided by the sum of each Allocated Purchase Price related to the Construction Loans that are part of the Successful Bid.

.Notwithstanding the above, if the Successful Bidder in connection with a bid, but only to the extent that it relates to the ABN Construction Loans, fails to close the Sale, such party's Minimum Deposit shall be forfeited to ABN subject to the obligation of ABN to pay the Debtors in accordance with the terms of the Stipulation. In the event the Debtors proceed to closing with the Next Highest Bidder, the Minimum Deposit of the Next Highest Bidder shall be held until the closing of the Sale with the Next Highest Bidder and applied in accordance with the Next Highest Bid. If the Next Highest Bidder in connection with a bid, but only to the extent that it relates to the ABN Construction Loans, fails to close the Sale, such party's Minimum Deposit shall be forfeited to ABN subject to the obligation of ABN to pay the Debtors in accordance with the terms of the Stipulation.

**Consultation with Stakeholders**

The Debtors shall provide to the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, the Committee, and ABN information regarding the qualification of bidders, the valuation of bids, and such other information related to the sale process as may be reasonably requested by the Committee, the DIP Agent, the Administrative Agent or ABN. Throughout the process the Debtors shall consult with the Committee, the Administrative Agent, the DIP Agent, ABN, and/or their professionals as provided herein.

**Reservation of Rights**

The Debtors reserve the right, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and ABN (solely with respect to the ABN Construction Loans), to: (i) determine which bidders are Qualified Bidders; (ii) determine which Bids are Qualified Bids; (iii) determine which Qualified Bid is the highest and/or best proposal and which is the next highest and/or best proposal, (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Sale Procedures

-7-

Order or the requirements of the Bankruptcy Code, or (c) contrary to the best interests of the Debtors and their estates; (v) enter into one or more stalking horse agreements and seek Court approval of expense reimbursements and/or break-up fees; (vi) waive terms and conditions set forth herein with respect to any or all potential bidders, (vii) impose additional terms and conditions with respect to any or all potential bidders, (viii) extend the deadlines set forth herein, (ix) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; (x) remove some or all of the Assets from the Auction, and (xi) modify the Sale Procedures as they may determine to be in the best interests of their estates or to withdraw the Motion at any time with or without prejudice. Without limiting the generality of the foregoing, the Debtors may determine to (i) distribute or not distribute copies of other Qualified Bids to other Qualified Bidders prior to or during the Auction or (ii) proceed with sealed bidding.

DB02:6215590.13

066585.1001

## EXHIBIT C

**Notice of Auction and Sale Hearing**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------------------  x
In re:                                                          :  Chapter 11
                                                                :
AMERICAN HOME MORTGAGE                                          :  Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,                :
                                                                :  Jointly Administered
        Debtors.                                               :  Objection Deadline: October 26, 2007 at 4:00 p.m.
                                                                :  Sale Hearing: [•], 2007 at [•]
--------------------------------------------------------------  x
```

## NOTICE OF AUCTION AND SALE HEARING

　　　　PLEASE TAKE NOTICE that on [•], 2007, the above-captioned debtors and debtors in possession (the "Debtors"),[1] filed the Motion of the Debtors for Orders:  (A)(i) Approving Sale Procedures; (ii) Scheduling a Hearing to Consider Sale of the Assets Related to the Debtors' Construction Loan Business; (iii) Approving Form and Manner of Notice Thereof; and (iv) Granting Related Relief; and (B)(i) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing and Approving Purchase Agreement Thereto; (iii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; (iv) Authorizing the Distribution of the Proceeds from the Sale of the Construction Loans; and (v) Granting Related Relief (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  The Debtors seek to sell construction loans and related servicing rights (the "Construction Loans") and construction loan platform (the "Construction Loan Platform") related to the Debtors' construction loan business (collectively, the "Assets"), free and clear of all liens, claims, encumbrances and other interests pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), and seek authority to assume and assign various agreements related to the Assets.

　　　　PLEASE TAKE FURTHER NOTICE that on [•], 2007, the Bankruptcy Court entered an order (the "Sale Procedures Order") (i) approving the sale procedures with respect to the proposed sale (the "Sale") of the Assets (the "Sale Procedures"), pursuant to the terms of the forms Purchase and Sale Agreement (the "Purchase Agreement"), which were annexed to the Motion, (ii) scheduling a hearing (the "Sale Hearing") for the Sale and setting objection and bidding deadlines with respect to the Sale, (iii) approving the form and manner of notice of an auction for the relevant assets (the "Auction") and the Sale Hearing, and (iv) granting related relief:

　　　　PLEASE TAKE FURTHER NOTICE that pursuant to the terms of the Sale Procedures Order, an auction (the "Auction") with respect to the Assets shall take place on October 30, 2007 at 10:00 a.m. (prevailing Eastern Time) at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19899.  Only parties that have submitted a Qualified Bid (as defined in the Bid Procedures attached to the Sale Procedures Order) by no later than October 24, 2007 at 4:00 p.m. (Eastern Time) (the "Bid Deadline") may bid at the Auction.  Any party that wishes to take part in this process and submit a bid for the Assets must submit their bid prior to Bid Deadline and in accordance with the Sale Procedures.  The Debtors will be conducting separate auctions for each of the portfolios of Construction Loans relating to an individual financial institution and a separate auction for the Construction Loan Platform.

　　　　PLEASE TAKE FURTHER NOTICE that the Court also scheduled a hearing to consider approval of the sale of the Assets to the Successful Bidder (as defined in the Sale Procedures), before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, 824 North Market Street, 5th Floor, Wilmington, Delaware 19801-3024 on [•], 2007 at [•] (prevailing Eastern Time), or at such other time thereafter as counsel may be heard.  The Sale Hearing may be adjourned from time to time without

---

[1] The Debtors are:  American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Sale of the Assets, or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before **4:00 p.m. (prevailing Eastern Time) on October 26, 2007**, or such later date and time as the Debtors may agree and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel and Karen Gowins, Director of Construction and Renovation Lending); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: M. Blake Cleary and Matthew B. Lunn), counsel to the Debtors; (iii) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn.: Mark Indelicato), counsel to the Official Committee of Unsecured Creditors; (iv) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006, Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein); (v) counsel to the Debtors' postpetition lender, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan); (vi) counsel for ABN, Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017 (Attn: Gregory A. Bray and Robert Jay Moore) and Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins) and (vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn: Joseph McMahon).

**PLEASE TAKE FURTHER NOTICE** that this Notice of Auction and Sale Hearing is subject to the fuller terms and conditions of the Sale Motion, the Sale Procedures Order and the Sale Procedures, which shall control in the event of any conflict and the Debtors encourage parties in interest to review such documents in their entirety. Copies of the Sale Motion, the Purchase Agreement, the Sale Procedures and/or the Sale Procedures Order may be obtained by written request to counsel to the Debtors, c/o Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391, Attention: Debbie Laskin. In addition, copies of the aforementioned pleadings may be found on the Bankruptcy Court's website, www.deb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, Third Floor, 824 Market Street, Wilmington, Delaware 19801.

Dated:   Wilmington, Delaware
         _____, 2007

                          YOUNG CONAWAY STARGATT & TAYLOR, LLP

                          _____
                          James L. Patton, Jr. (No. 2202)
                          Joel A. Waite (No. 2925)
                          Pauline K. Morgan (No. 3650)
                          M. Blake Cleary (No. 3614)
                          Sean M. Beach (No. 4070)
                          Matthew B. Lunn (No. 4119)
                          The Brandywine Building
                          1000 West Street, 17th Floor
                          Wilmington, Delaware 19801
                          Telephone: (302) 571-6600
                          Facsimile: (302) 571-1253

                          Counsel for the Debtors and Debtors in Possession

DB02:6215906.5                                                                              066585.1001

# EXHIBIT D

**Purchase and Sale Agreement**


**Forms of Purchase and Sale Agreement to be Filed Subsequently**

# EXHIBIT E

**Sale Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                            :    Chapter 11
                                                                  :
AMERICAN HOME MORTGAGE                                             :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,                   :
                                                                  :    Jointly Administered
                                                                  :
        Debtors.                                                  x
---------------------------------------------------------------- x    **Ref. Docket No. _____**

## ORDER (I) AUTHORIZING THE SALE OF THE DEBTORS' ASSETS RELATED TO THE CONSTRUCTION LOAN BUSINESS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING PURCHASE AGREEMENT THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; (IV) AUTHORIZING THE DISTRIBUTION OF THE PROCEEDS FROM THE SALE OF THE ABN CONSTRUCTION LOAN TO ABN AMRO BANK N.V.; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage

Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and

debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[2] pursuant to

sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and

Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for entry of two orders:  (A) one, substantially in the form annexed to the

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Motion as Exhibit A (the "Sale Procedures Order"), (i) approving procedures (the "Sale Procedures") with respect to the proposed sale (the "Sale") of the construction loans and related servicing rights and construction loan platform related to the Debtors' construction loan business (collectively, the "Assets"), as more specifically described in the form Purchase and Purchase Agreement (the "Purchase Agreement"), annexed to the Motion as Exhibit D; (ii) scheduling a hearing (the "Sale Hearing") on the Sale and setting objection and bidding deadlines with respect to the Sale, (iii) approving the form and manner of notice of an auction for the relevant assets (the "Auction") and the Sale Hearing, and (iv) granting related relief; and (B) the other, substantially in the form annexed to the Motion as Exhibit E (the "Sale Order"), (i) authorizing the Sale free and clear of liens, claims, encumbrances, and interests, pursuant to the Purchase Agreement, (ii) authorizing and approving the Purchase Agreement related thereto, (iii) approving the assumption and assignment of executory contracts and unexpired leases, as necessary in connection with the Sale, (iv) authorizing the distribution of the proceeds from the Sale of the ABN Construction Loan to ABN, and (v) granting related relief of the debtors and debtors in possession in the above-captioned cases; and a hearing on the Sale Procedures Order having been held before this Court on October 1, 2007; and the Court having entered on the Sale Procedures Order [•], 2007; and the Court having conducted the Sale Hearing to consider the approval of the Sale and related transactions pursuant to the terms of the Purchase Agreement, dated [•], 2007 annexed hereto as Exhibit A (the "Purchase Agreement"), between the Debtors and [•] (the "Purchaser"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding the approval of the Purchase Agreement and transactions contemplated thereby; and the Court having reviewed and considered the Motion and any objections thereto, and the arguments of counsel made, and evidence adduced, related thereto;

066585.1001

and upon the record of the Sale Procedures Order hearing, the Auction and Sale Hearing held

before this Court on [●], 2007, and the full record of these cases; and it appearing that the relief

requested in the Motion is in the best interest of the Debtors, their estates, their creditors and

other parties in interest; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

### FOUND AND DETERMINED THAT:

      A.      The findings and conclusions set forth herein constitute the Court's

findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to

this proceeding pursuant to Bankruptcy Rule 9014.

      B.      This Court has jurisdiction over the Motion and the transactions

contemplated by the Purchase Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).  Venue in this district is

proper under 28 U.S.C. §§ 1408 and 1409.

      C.      A sound business purpose justified the Sale of the Assets outside the

ordinary course of business.

      D.      Good and sufficient notice of the Motion and the relief sought therein has

been given and no other or further notice is required.  A reasonable opportunity to object or be

heard regarding the relief requested in the Motion has been afforded to parties in interest.

      E.      Good and sufficient notice of the assumption and assignment of the

Assumed Contracts and Leases has been given and no other or further notice is required and a

reasonable opportunity to object or be heard has been offered to parties in interest.

      F.      The Debtors solicited offers for, conducted an auction of, and selected the

Successful Bidder for the Sale of the Assets in accordance with the Sale Procedures Order.

066585.1001

G.    The Auction was fair in substance and procedure.

H.    The Debtors have obtained a fair and reasonable price for the Sale of the Assets.

I.    The Purchaser's offer for the Assets, as embodied in the Purchase Agreement, is the highest and/or best offer received by the Debtors therefor.

J.    Consummation of the Sale transaction contemplated by the Successful Bid will provide the highest or otherwise best value for the Assets and is in the best interests of the Debtors and their estates.

K.    The Purchase Agreement has been negotiated by the Debtors and the Purchaser in good faith and at arm's length.

L.    The Purchaser is a "good faith purchaser" entitled to the benefits and protections of section 363(m) of the Bankruptcy Code.

M.    The Debtors and the Purchaser have not engaged in any conduct that would permit the Purchase Agreement or the Sale Transaction to be avoided under section 363(n) of the Bankruptcy Code.

N.    The legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein.

O.    ABN consents to the Sale of the ABN Construction Loans free and clear of all Liens to the Purchaser pursuant to the terms of the Purchase Agreement.

P.    The relief requested in the Motion is an exercise of the Debtors' sound business judgment and is in the best interests of the Debtors and their estates and creditors.

Q.    The entry of this Order is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

-4-

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

      1.      The Motion is granted.

      2.      All objections and responses to the Motion that have not been overruled, withdrawn, waived, settled or resolved, and all reservations of rights included therein, are hereby overruled and denied.

      3.      The Purchaser's offer for the Assets, as embodied in the Purchase Agreement, is the highest and best offer for the Assets and is hereby approved.

      4.      The Purchase Agreement annexed hereto as <u>Exhibit A</u> is hereby approved pursuant to section 363(b) of the Bankruptcy Code and the Debtors are authorized to consummate and perform all of their obligations under the Purchase Agreement and to execute such other documents and take such other actions as are necessary or appropriate to effectuate the Purchase Agreement.

      5.      Pursuant to section 363(f) of the Bankruptcy Code, the Assets shall be sold and transferred free and clear of all liens, claims, interests and encumbrances (collectively, "Liens") except as otherwise provided in the Purchase Agreement, with any and all such Liens to attach to proceeds of such sale with the same validity, priority, force and effect such Liens had on the Assets immediately prior to the sale, (with respect to the ABN Construction Loans, applicable only to such proceeds as are received by the Debtors pursuant to the Stipulation Between Certain Debtors and ABN AMRO Bank N.V. Regarding Marketing and Sale of Certain Construction Loans and Servicing Rights, dated September __, 2007 (the "Stipulation"), a true and correct copy of which is attached as Exhibit __ to the Motion), and subject to the rights, claims, defenses, and objections, if any, of the Debtors and all interested parties with respect to any such asserted Liens.

DB02:6218035.9                                                                                         066585.1001

6.      Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Sale to the Purchaser of the Assets and transactions related thereto, upon the closing under the Purchase Agreement are authorized and approved in all respects.

7.      Pursuant to section 365 of the Bankruptcy Code, the assignment and assumption of the Assumed Contracts and Leases, as identified in the Purchase Agreement, by the Purchaser, is hereby authorized and approved in all respects.

8.      After the payment of the applicable cure payment in the amount set forth on Exhibit A annexed hereto (the "Cure Payment") and the assignment of such contract to the Purchaser, neither the Sellers nor the Purchaser shall have any further liability to a Counterparty other than the Purchaser's obligations under the applicable Assumed Contracts and Leases that become due and payable on or after the date of the closing.  There shall be no rent accelerations, assignment fees, increases, or any other fees or costs charged to the Purchaser or the Sellers as a result of the assumption and assignment of an Assumed Contract pursuant to the provisions of this Order.

9.      All defaults or other obligations of the Debtors under any Assumed Contracts and Leases arising or accruing prior to the date of the assignment to the Purchaser shall be deemed cured by payment of the Cure Amount, and no effect shall be given to any default of the type set forth in section 365(b)(2) of the Bankruptcy Code, or the type of default concerning an unexpired lease of real property described in section 365(b)(1) of the Bankruptcy Code.

10.     The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Order shall be effective immediately upon its entry.

066585.1001

11. The terms of this Order shall be binding on the Purchaser and its successors, the Debtors, creditors of the Debtors, and all other parties in interest in the Debtors' cases, and any successors of the Debtors, including any trustee or examiner appointed in these cases or upon a conversion of these cases to chapter 7 of the Bankruptcy Code.

12. The Purchaser is a good faith purchaser entitled to the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

13. With respect to the transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and the sale transaction consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

14. As part of the Closing under the Purchase Agreement, the proceeds of the Sale that are attributed to the sale of the ABN Construction Loans, less the Minimum Deposit, shall be paid by the Purchaser in accordance with the Stipulation.. Upon consummation of the Sale to the Purchaser of the ABN Construction Loans and the transactions related thereto, the Minimum Deposit shall be released from escrow in accordance with the Stipulation and any

-7-

066585.1001

necessary post-Closing reconciliation payments shall be made, pursuant to wire instructions agreed to by ABN and the Debtors and provided to the escrow agent and one and another, in accordance with the provisions of the Stipulation.

15.    Notwithstanding anything to the contrary in this Order or elsewhere, the proceeds solely related to the Purchase Price of the Administrative Agent Construction Loans, including, but not limited to the applicable and allocated Minimum Deposit, shall be paid and applied at the closing of the Sale of the Administrative Agent Constuction Loans to the Administrative Agent by depositing such proceeds directly into an account specified by the Administrative Agent in writing in accordance with the Cash Collateral Order.

16.    This Court retains jurisdiction to interpret, implement and enforce the provisions of, and resolve any disputes arising under or related to, this Order and the Purchase Agreement, all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith.

17.    Nothing contained in any chapter 11 plan confirmed in these cases or the order of confirmation confirming any chapter 11 plan, nor any order dismissing any case or converting it to chapter 7 liquidation shall conflict with or derogate from the provisions of the Purchase Agreement, any documents or instrument executed in connection therewith, or the terms of this Order.

18.    The failure specifically to include any particular provisions of the Purchase Agreement or any of the documents, agreements or instruments executed in connection therewith in this Order shall not diminish or impair the efficacy of such provision, document, agreement or instrument, it being the intent of the Court that the Purchase Agreement and each document, agreement or instrument be authorized and approved in its entirety.

-8-

19.     The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates and, as to the ABN Construction Loans, consistent with the terms of the Stipulation.

Dated: Wilmington, Delaware
      November _____, 2007

 

                                                    _____

                                                    Christopher S. Sontchi
                                                    United States Bankruptcy Judge

