IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | Objection Deadline: N/A<br>Hearing Date: N/A |

---

**DEBTORS' MOTION PURSUANT TO DEL. L.R. 9006-1(e) FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF THE HEARING TO CONSIDER (I) DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR AN ORDER APPROVING AND AUTHORIZING STIPULATION BETWEEN CERTAIN DEBTORS AND ABN AMRO BANK N.V. REGARDING MARKETING AND SALE OF CERTAIN CONSTRUCTION LOANS AND SERVICING RIGHTS; AND ORDER THEREON; AND (II) MOTION OF THE DEBTORS FOR ORDERS: (A)(I) APPROVING SALE PROCEDURES; (II) SCHEDULING A HEARING TO CONSIDER SALE OF ASSETS RELATED TO THE DEBTORS' CONSTRUCTION LOAN BUSINESS; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF; AND (B)(I) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING PURCHASE AGREEMENT THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; (IV) AUTHORIZING THE DISTRIBUTION OF THE PROCEEDS FROM THE SALE OF THE ABN CONSTRUCTION LOANS TO ABN AMRO BANK N.V.; AND (V) GRANTING RELATED RELIEF**

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[1] by and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc.

through their undersigned attorneys, hereby submit this motion (the "Motion to Shorten") for entry of an order shortening the applicable notice period for: (i) *Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 for an Order Approving and Authorizing Stipulation Between Certain Debtors and ABN AMRO Bank N.V. Regarding Marketing and Sale of Certain Construction Loans and Servicing Rights; and Order Thereon* (the "Settlement Motion"), and (ii) *Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Assets Related to the Debtors' Construction Loan Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; (IV) Authorizing the Distribution of the Proceeds from the Sale of the ABN Construction Loans to ABN AMRO Bank N.V.; and (V) Granting Related Relief* (the "Construction Loan Sale Motion," and together with the Settlement Motion, the "Construction Sale-Related Motions"),[2] pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Del. Bankr. LR 2002-1(b) and 9006-1(e) (the "Local Rules") and 11 U.S.C. § 105(a). The Debtors propose that the hearing to consider (i) the approval of the relief requested in the Settlement Motion and (ii) the approval of the Sale Procedures (as defined below) as set forth in the Construction Loan Sale Motion be held on October 1, 2007 at 10:00 a.m. (prevailing Eastern time) and that objections to the relief

---

("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the respective Construction Sale-Related Motions.

requested therein be filed by September 26, 2007 at 4:00 p.m. (ET). In support of the Motion to Shorten, the Debtors respectfully state as follows:

1.  Bankruptcy Rule 2002(a) requires twenty (20) days' notice prior to the hearing date for motions filed in chapter 11 cases involving the relief requested in the Settlement Motion. *See* Fed.R.Bankr.P. 2002(a). A debtor must provide fifteen (15) days' notice of a hearing to consider approval of the Sale Procedures set forth in the Construction Loan Sale Motion. *See* Local Rule 9006-1(c) (additional days may be required depending on the manner of service). Under the Pursuant to Local Rule 9006-1(e), however, such periods may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice. The Debtors submit that there is sufficient cause to justify shortening the notice period for the hearing on approval of the relief requested in the Construction Sale-Related Motions.

2.  By the Construction Loan Sale Motion, the Debtors seek to, among other things, establish procedures (the "Sale Procedures") to sell construction loans and servicing rights related thereto, and the construction loan platform (collectively, the "Assets") related to their construction loan businesses in a expeditious and efficient manner to maximize the value of the Assets. The Assets include construction loan portfolios with certain financial institutions, the largest of which (the "ABN Construction Loans") is with ABN AMRO Bank N.V. ("ABN"). By this Motion to Shorten, the Debtors seek to shorten notice only with respect to the approval of the Sale Procedures, not the approval of the sale of the Assets.

3.  As background with respect to the Settlement Motion, ABN has asserted that certain of the Debtors (the "ABN MRA Debtors") are parties to a Master Repurchase Agreement, dated as of February 28, 2007 (the "ABN MRA"). ABN has additionally asserted, but the Debtors do not concede, that prior to the commencement of the Petition Date, on or about

August 1, 2007 and August 3, 2007, ABN delivered to the ABN MRA Debtors what ABN asserts to have been notices of events of default under the ABN MRA Agreements (as defined in the Stipulation attached to the Settlement Motion).

4.  In connection with the Sale of the Assets pursuant to the Sale Procedures, ABN and ABN MRA Debtors entered into extensive negotiations as to the process to sell the ABN Construction Loans. As a result of those negotiations, ABN and the ABN MRA Debtors entered into the *Stipulation Between Certain Debtors and ABN AMRO Bank N.V. Regarding Marketing and Sale of Certain Construction Loans and Servicing Rights; and Order Thereon* (the "Stipulation"). As set more fully in the Stipulation, the ABN MRA Debtors and ABN have agreed to: (a) a process under which the ABN Construction Loans and the rights to service such ABN Construction Loans shall be marketed for sale and either sold pursuant to the highest and best bid or coveyed, transferred, quitclaimed, released and/or turned over and delivered to ABN for servicing, collection and disposition at ABN's own expense; (b) the treatment to be accorded to the proceeds of such sale; and (c) the consideration to be paid by ABN to the ABN MRA Debtors upon consummation of such sale to a third party or such conveyance, transfer, quitclaim, release and/or turnover and delivery to ABN. Pursuant to the Stipulation, the Debtors will be able to transfer the ABN Construction Loans to a third party free and clear of any liens, claims or encumbrances. By the Settlement Motion, the Debtors seek approval of the Stipulation.

5.  The expedited consideration of the Construction Sale-Related Motions is an important component of the court-approved sale process, and is in the best interests of the Debtors, their estates and creditors as it will further the Debtors' goal of maximizing value of their construction loan business and minimizing administrative expenses relating to maintaining the construction loan business.

6.     Accordingly, shortening notice so that the Construction Sale-Related Motions can be heard on October 1, 2007 is of critical import to the Debtors. The Debtors submit that the shortened notice period requested herein will not prejudice to any party-in-interest, because those parties affected by Construction Sale-Related Motions have been active in the negotiations of the sale process and the Stipulation.

7.     The Debtors will serve the Construction Sale-Related Motions on all parties in the notice section thereof by overnight courier or hand delivery.

WHEREFORE, the Debtors respectfully request that the Court enter an order approving this Motion to Shorten, scheduling a hearing on the Construction Sale-Related Motions for October 1, 2007 at 10:00 a.m. and requiring that any responses or objections to the Construction Sale-Related Motions be filed with the Court, and served upon and received by the undersigned counsel for the Debtors on or before September 26, 2007 at 4:00 p.m. (ET).

Dated:    Wilmington, Delaware
          September 21, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
M. Blake Cleary (No. 3614)
Matthew B. Lunn (No. 4119)
Margaret B. Whiteman (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x
In re:                                                              :  Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                              :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                     :
                                                                    :  Jointly Administered
                    Debtors.                                        :
                                                                    :  Ref. Docket No. _____
                                                                    :
------------------------------------------------------------------- x

**ORDER SHORTENING THE TIME FOR NOTICE OF THE HEARING TO CONSIDER
(I) DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 9019 FOR AN ORDER APPROVING AND
AUTHORIZING STIPULATION BETWEEN CERTAIN DEBTORS AND ABN AMRO
BANK N.V. REGARDING MARKETING AND SALE OF CERTAIN CONSTRUCTION
LOANS AND SERVICING RIGHTS; AND ORDER THEREON; AND (II) MOTION OF
THE DEBTORS FOR ORDERS: (A)(I) APPROVING SALE PROCEDURES; (II)
SCHEDULING A HEARING TO CONSIDER SALE OF ASSETS RELATED TO THE
DEBTORS' CONSTRUCTION LOAN BUSINESS; (III) APPROVING FORM AND
MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF; AND
(B)(I) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND
APPROVING PURCHASE AGREEMENT THERETO; (III) APPROVING THE
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES RELATED THERETO; (IV) AUTHORIZING
THE DISTRIBUTION OF THE PROCEEDS FROM THE SALE
OF THE ABN CONSTRUCTION LOANS TO ABN AMRO BANK N.V.;
AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion to Shorten")[1] of the above captioned debtors and debtors in possession (the "Debtors") for entry of an order providing that the applicable notice period for the Construction Sale-Related Motions be shortened pursuant to Local Rule 9006-1(e) and section 102 of the Bankruptcy Code; and the Court having determined that granting the relief requested in the Motion to Shorten is appropriate; and it appearing that due and adequate notice of the Motion to Shorten has been given under the circumstances, and

---

[1] Capitalized terms not defined herein shall have the meanings given to them in the Motion to Shorten.

that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion to Shorten is granted; and it is further

ORDERED that the hearing to consider (i) the relief requested in the Settlement Motion, and (ii) the relief requested with respect to the Sale Procedures set forth in the Construction Loan Sale Motion will be held on October 1, 2007 at 10:00 a.m. and any response to such relief requested must be filed and served on counsel to the Debtors so as to be received not later than 4:00 p.m. (prevailing Eastern time) on September 26, 2007; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and/or implementation of this Order.

Dated: Wilmington, Delaware
_____, 2007

_____
Christopher S. Sontchi
United States Bankruptcy Judge