IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware Corporation, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>Jointly Administered<br><br>**Objection Deadline: September 24, 2007 at 4:00 p.m.**<br><br>Re: Docket No. 742 |

### OBJECTION OF GE CAPITAL INFORMATION TECHNOLOGY SOLUTIONS, INC. D/B/A IKON FINANCIAL SERVICES TO THIRD MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO ABANDON CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT

GE Capital Information Technology Solutions, Inc. d/b/a IKON Financial Services ("IFS"), by and through its counsel, Reed Smith LLP, hereby objects to the Third Motion For An Order, Pursuant To Sections 105, 365 And 554 Of The Bankruptcy Code And Bankruptcy Rules 6006 And 6007, Authorizing The Debtors To Reject Certain Executory Contracts And Unexpired Leases And To Abandon Certain Furniture, Fixtures, And Equipment filed by American Home Mortgage Holdings, Inc. and certain of its direct and indirect affiliates and subsidiaries (the "Debtors"), and in support thereof states as follows:

### FACTUAL BACKGROUND

1. On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11, title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors have remained in possession of their property and have continued to operate their businesses pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On September 13, 2007, the Debtors filed the Third Motion for an Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases and to Abandon Certain Furniture, Fixtures, and Equipment (the "Rejection Motion") (D.I. 742).

3. In the Rejection Motion, the Debtors seek, among other things, to "reject unexpired equipment leases as identified on Exhibit B." In addition, the Debtors seek to abandon any property remaining at the premises where the real property leases listed on Exhibit A are being rejection, including, any equipment at those locations.

4. Exhibit B of the Rejection Motion does not contain a list of specific equipment leases or names of specific equipment lessors. It merely lists physical addresses.

5. On September 17, 2007, the Court entered the Second Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases and to Abandon Certain Furniture, Fixtures, and Equipment (the "Second Rejection Order") (D.I. 779). In the Second Rejection Order, the Debtors have ten (10) business days from the entry of the Second Rejection Order to provide a list to IFS of leased equipment located in the offices identified on Exhibit B to the Second Rejection Order.

6. Exhibit B to the Rejection Motion, contains ten (10) of the same property locations as Exhibit B to the Second Rejection Order.

7. Prior to the Petition Date, IFS and the Debtors entered into approximately twenty-four leases (the "Leases") of office equipment (the "Equipment"). A spreadsheet summarizing each of the leases between IFS and the Debtors is attached hereto as Exhibit A. Exhibit A also

provides the last know location of the Equipment, along with the serial numbers and model numbers for each piece of Equipment.

## ARGUMENT

8. The ten (10) period in which the Debtors are required to provide IFS with a list of leased equipment located at at least ten (10) of the locations contained in Exhibit B to the Rejection Motion does not expire until after the objection deadline and hearing date for the Rejection Motion.

9. The Rejection Motion does not contain sufficient information for IFS to make a determination as to whether the Debtors are rejecting any of their Leases or whether the Debtors intend to abandon any of the Equipment.

10. As stated above, IFS has leased the Equipment to the Debtors and, as such, the Debtors do not own that Equipment and do not have the authority to sell the Equipment under 11 U.S.C. § 363. IFS is the owner of such Equipment and objects to its abandonment.

11. Section 365(a) provides that a "trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. Section 365(a).[1]

12. A trustee or debtor in possession generally has the discretion to assume or reject an executory contract or unexpired lease. See Sharon Steel Corp. v. National Fuel Gas Dist. Corp., 872 F.2d 36, 39 (3d Cir. 1989). When a debtor assumes an executory contract or an unexpired lease it becomes a binding obligation of the debtor's bankruptcy estate. The debtor

---

1   Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, a "debtor in possession" has the rights and duties of a Chapter 11 trustee. See American Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 83 n.3 (3d Cir. 1999) ("debtor in possession" is synonymous with "trustee").

must cure defaults and provide adequate assurance of future performance in order to assume an executory contract or unexpired lease. See 11 U.S.C. § 365(b)(1)(A)-(C). If a debtor assumes a contract, it must do so *cum onere*, with all the benefits as well as the burdens. Cinicola v. Scharffenberger, 248 F.3d 110, 119-120 (3d Cir. 2001); American Flint, 197 F.3d at 78 ; See Sharon Steel, 872 F.2d at 39; In re Italian Cook Oil Corp., 190 F.2d 994, 996-97 (3d Cir. 1951).

13. On the other hand, a debtor may "reject" an executory contract or unexpired lease. Rejection gives rise to a remedy for breach of contract in the non-debtor party. A rejection claim is generally treated as a pre-petition claim. See 11 U.S.C. Sections 365(g) and 502(g).

14. Whether a debtor assumes or rejects an executory contract, it must do so in its "entirety." See, e.g., Cinicola, 248 F.3d at 119-120.

15. A debtor may not "cherry pick" the benefits and shirk the obligations under the contract. Pieco, Inc. v. Atlantic Computer Sys., Inc. (In re Atlantic Computer Sys., Inc.), 173 B.R. 844, 849 (S.D.N.Y. 1994).

16. Notice of addresses where equipment may be located is not sufficient to reject the Leases. Although the Leases require the Debtors to keep the Equipment at specific locations noted in the Leases, the Debtors have moved some the Equipment without informing IFS. For example, the Debtors moved one copier from Kenosha, Wisconsin to Mentor, Ohio. Therefore, IFS does not know whether its Equipment is located at the addresses listed in the Rejection Motion.

17. Further, the Debtors cannot ask IFS to pick-up individual pieces of Equipment one at a time at various locations and still keep the Leases in effect. They must identify the specific lease being rejected and return all of the Equipment leased under that lease.

18. If the Debtors no longer need the Equipment, the proper course of action would be to reject the entire Leases and return all of the Equipment to IFS. The abandonment of the underlying Equipment and the piecemeal rejection of pieces of Equipment based upon their physical location only, however, is not an appropriate course of action for the Debtors to take nor is it permissible under the Bankruptcy Code.

WHEREFORE, IFS respectfully requests that the Court (i) deny the relief request in the Rejection Motion, (ii) require the Debtors to provide specific information to IFS regarding the location of the Equipment; (iii) require the Debtors to provide IFS with assurances that the equipment being abandoned is not IFS' Equipment, and (iv) grant such other and further relief as is just and proper.

Dated: September 24, 2007  
      Wilmington, Delaware

REED SMITH LLP

By:   /s/ *Kimberly E.C. Lawson*  
Kimberly E.C. Lawson (No. 3966)  
1201 Market Street, Suite 1500  
Wilmington, DE 19801  
Telephone: (302) 778-7500  
Facsimile: (302) 778-7575  
Email: klawson@reedsmith.com

Counsel for GE Capital Information Technology Solutions, Inc. d/b/a IKON Financial Services