IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------------x
In re:                                                                     :    Chapter 11
                                                                           :
AMERICAN HOME MORTGAGE                                                     :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, *et al.*,                          :
                                                                           :    Jointly Administered
       Debtors.                                                            :    Related to Doc. No. 865
                                                                           :    Hearing Date: 9/25/07 @ 10:00
                                                                           :    Objection Date: At the Hearing
---------------------------------------------------------------------------x

**RESERVATION OF RIGHTS OF U.S. BANK NATIONAL ASSOCIATION TO MOTION OF
THE DEBTORS FOR ORDER PURSUANT TO SECTIONS 105(a), 363, 364, 365, AND 503(b)
OF THE BANKRUPTCY CODE AND RULES 2002, 4001, 6004, 6006, 7062, 9007 AND 9014 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) APPROVING REVISED
PROCEDURES FOR THE SALE OF THE DEBTORS' MORTGAGE SERVICING
BUSINESS; (B) APPROVING CERTAIN PROTECTIONS FOR THE STALKING HORSE
BIDDER IN SUCH SALE; (C) DIRECTING THAT CERTAIN NOTICES OF SUCH SALE
AND DEADLINES BE GIVEN; AND (D) AUTHORIZING, ON AN INTERIM BASIS, THE
DEBTORS TO GRANT CERTAIN LIENS AND OTHER PROTECTIONS FOR THE
<u>PURCHASER'S COLLATERAL EFFECTIVE AFTER THE INITIAL CLOSING</u>**

U.S. Bank National Association, in its capacity as Trustee, by and through its undersigned counsel, files this Reservation of Rights (the "Reservation of Rights")[1] to the Motion of the Debtors for Order Pursuant to Sections 105(a), 363, 364, 365, and 503(b) of the Bankruptcy Code and Rules 2002, 4001, 6004, 6006, 7062, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing that Certain Notices of Such Sale and Deadlines Be Given; and (D) Authorizing, on an Interim Basis, the Debtors to Grant Certain Liens

---

[1] U.S. Bank National Association files its Reservation of Rights in an abundance of caution and by making this Reservation of Rights does not acknowledge, create or assume any obligations under any documents to which it is a party that do not otherwise exist.

and Other Protections for the Purchaser's Collateral Effective After the Initial Closing (the "Revised Sale Procedures Motion").[2]

1. U.S. Bank National Association is the Indenture Trustee in connection with the securitization transactions for which the Debtors are the servicer and which are identified by the Debtors in their *Modified* Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any (the "Modified Notice") as follows: "(JPALT 2006-A3)"; "(JPALT 2007-S1)"; "(JPMMT 2007-S2)"; "(JPMMT 2007-S3)"; "(GSR 2006-AR1)"; "(GSAA 2006-6)"; "(BSABS 2006-AC3)"; "(GSAA 2006-9)"; "(BSABS 2007-AC1)"; "(BSABS 2006-AC4)"; "(MARM 2006-OA2)"; "(MARM 2007-1);" "(MARM 2007-3)";[3] and certain servicing agreements dated October 7, 2005 listed on Exhibit B of the Modified Notice. Accordingly, U.S. Bank National Association files this Reservation of Rights in its capacity as Indenture Trustee or other trustee in connection with the foregoing transactions and any additional transactions for which the Debtors serve as servicer and for which U.S. Bank National

---

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Revised Sale Procedures Motion.

[3] These transactions are also referred to as the JP Morgan Mortgage Trust 2007-S2; JP Morgan Mortgage Trust 2007-S3; JP Morgan Alternative Loan Trust 2006-A3; JP Morgan Alternative Loan Trust 2007-S1; GSR Mortgage Loan Trust 2006-AR1; GSAA Home Equity Trust 2006-6; GSAA Home Equity Trust 2006-9; Bear Stearns Asset Backed Securities I Trust 2006-AC3; Bear Stearns Asset Backed Securities I Trust 2006-AC4; and Bear Stearns Asset Backed Securities I Trust 2007-AC1.

U.S. Bank is also the Indenture Trustee in connection with two additional securitization transactions, previously identified by the Debtors as LXS 2007-7N and LXS 2007-15N, for which the Debtors previously served as servicer under certain servicing agreements. The Debtors' servicing rights under these servicing agreements were properly terminated pre-petition and, accordingly, these servicing agreements do not constitute executory contracts which the Debtors can assume or assume and assign. It appears that these transactions were removed from the list of contracts to be assumed and assigned filed by the Debtors on August 27, 2007, and that the Debtors no longer seek to include them in the Sale Procedures Motion (defined herein) or the Revised Sale Procedures Motion. To the extent the Debtors seek to assume and assign contracts related to these transactions, U.S. Bank continues to object to the same as stated in its Limited Objection (as defined herein).

Association is the Indenture Trustee or other trustee, either as the original or successor in such capacities ("U.S. Bank" or the "Trustee").

2. On September 21, 2007, U.S. Bank filed its Limited Objection [Docket No. 836] (the "Limited Objection") to (i) the Emergency Motion of the Debtors for Orders (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the "Sale Procedures Motion"); (ii) the Modified Notice; and (iii) certain pleadings relating to the Sale Procedures Motion and the Modified Notice.

3. It appears that the Revised Sale Procedures Motion merely addresses procedural issues pertaining to the auction and certain protections the Debtors wish to provide to the stalking horse bidder, and does not seek approval of the Asset Purchase Agreement associated therewith or any sale in connection therewith. However, U.S. Bank reserves its rights with respect to the sale of the Servicing Business, including, but not limited to, the objections set forth in its Limited Objection, and further reserves its rights to file any additional objection to such sale on or before the deadline set for the filing of objections thereto.

4. U.S. Bank reserves the right to supplement its Reservation of Rights at the hearing on the Revised Sale Procedures Motion.

Dated: September 24, 2007            **DORSEY & WHITNEY (DELAWARE) LLP**

By ___/s/_____
Eric Lopez Schnabel (Del No. 3672)
1105 North Market Street, 16th Floor
Wilmington, DE 19801
Telephone: (302) 425-7162


**DORSEY & WHITNEY LLP**
Charles Sawyer (MN #140351)
Katherine A. Constantine (MN #123341)
Monica Clark (MN #28211X)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600

Attorneys for U.S. Bank National Association, in its capacity as Trustee

4811-3260-3905\1