IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC.,<br>a Delaware corporation, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br>**Relates to Docket Nos. 11, 113, 723, 724 & 865**<br><br>**Objection Deadline: At the Hearing**<br>**Hearing Date: September 25, 2007 at 10:00 a.m. (ET)** |

**RESERVATION OF RIGHTS OF CITIBANK, N.A. TO MOTION OF THE DEBTORS FOR ORDER PURSUANT TO SECTIONS 105(a), 363, 364, 365, AND 503(b) OF THE BANKRUPTCY CODE AND RULES 2002, 4001, 6004, 6006, 7062, 9007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) APPROVING REVISED PROCEDURES FOR THE SALE OF THE DEBTORS' MORTGAGE SERVICING BUSINESS; (B) APPROVING CERTAIN PROTECTIONS FOR THE STALKING HORSE BIDDER IN SUCH SALE; (C) DIRECTING THAT CERTAIN NOTICES OF SUCH SALE AND DEADLINE BE GIVEN; AND (D) AUTHORIZING, ON AN INTERIM BASIS, THE DEBTORS TO GRANT CERTAIN LIENS AND OTHER PROTECTIONS FOR THE PURCHASER'S COLLATERAL EFFECTIVE AFTER THE INITIAL CLOSING**

Citibank, N.A., solely in its capacity as indenture trustee, trustee, securities administrator, paying agent and registrar, as applicable with respect to certain transactions identified in its previous Objections[2] ("Citibank"), respectfully submits this reservation of rights (the "Reservation") to the Motion Of The Debtors For Order Pursuant To Sections 105(a), 363, 364, 365, And 503(b) Of The Bankruptcy Code And Rules 2002, 4001, 6004, 6006, 7062, 9007

---

[1]     The Debtors are the following entities: American Home Mortgage Holdings, Inc., a Delaware corporation; American Home Mortgage Investment Corp., a Maryland corporation; American Home Mortgage Acceptance, Inc., a Maryland corporation; American Home Mortgage Servicing, Inc., a Maryland corporation; American Home Mortgage Corp., a New York corporation; American Home Mortgage Ventures LLC, a Delaware limited liability company; Homegate Settlement Services, Inc., a New York corporation; and Great Oak Abstract Corp., a New York corporation.

[2]     Citibank filed its Assignment and Proposed Cure Objection (Docket No. 723) and Sale Objection (Docket No. 724) on September 13, 2007, and incorporates those objections and related exhibits herein by reference. Capitalized terms not defined herein have the meaning given in those objections or the documents identified therein.

And 9014 Of The Federal Rules Of Bankruptcy Procedure (A) Approving Revised Procedures For The Sale Of The Debtors' Mortgage Servicing Business; (B) Approving Certain Protections For The Stalking Horse Bidder In Such Sale; (C) Directing That Certain Notices Of Such Sale And Deadline Be Given; And (D) Authorizing, On An Interim Basis, The Debtors To Grant Certain Liens And Other Protections For The Purchaser's Collateral Effective After The Initial Closing, filed September 21, 2007 (Docket No. 865) (the "Revised Procedures Motion"). Because the Revised Procedures Motion provides little information about the proposed stalking horse bidder, AH Mortgage Acquisition Co., Inc. ("AH Mortgage"), Citibank reserves its rights with respect to the proposed sale terms and assumption and assignment of contracts, and requests that the Debtors provide information concerning AH Mortgage's qualifications to act as Servicer under the Servicing Agreements and capacity to operate the Debtors' Servicing Business.  In further support of this Reservation, Citibank states the following:

   1. The Debtors must meet specific contractual requirements in connection with the assumption and assignment of certain agreements identified by Debtors' Modified Notice (Docket No. 674), including the Servicing Agreements in which Citibank has an interest. Debtors are required to cure, and compensate, for all defaults in contracts proposed to be assumed, and any assignee must provide adequate assurance of future performance, including meeting relevant qualifications under the Servicing Agreements.

   2. More specifically with regard to Citibank's interests, any successor to the Servicing Business must meet certain qualifications.  For example:

- Under the **AHMIT 2004-3**, **AHMA 2006-3** and **AHMA 2006-4 Servicing Agreements**, any successor must be qualified to service mortgage loans on behalf of Fannie Mae or Freddie Mac.  AHMIT 2004-3 Servicing Agr. § 5.02 (Docket No. 723, Ex. 3); AHMA 2006-3 / AHMA 2006-4 Servicing Agr. § 5.02 (Docket No. 723, Exs. 5, 7); *see* Sale Objection ¶¶ 31-33.

2

- **GSR 2006-AR2:** Absent consent, any successor to Debtors' Servicing Business "shall be an institution whose deposits are insured by FDIC or a company whose business is the origination and servicing of mortgage loans…and shall be qualified to service mortgage loans on behalf of Fannie Mae or Freddie Mac." GSR 2006-AR2 Mortgage Loan Sale and Servicing Agr. § 12.02 (Docket No. 723, Ex. 10); *see* Sale Objection ¶ 34.

- **SAMI 2007-AR1:** Any successor "shall be an institution (i) having a GAAP net worth of not less than $25,000,000, (ii) the deposits of which are insured by the FDIC, SAIF and/or BIF, and which is a HUD-approved mortgagee whose primary business is in servicing of first lien mortgage loans, and (iii) who is a Fannie Mae or FHLMC approved servicer in good standing." SAMI 2007-AR1 Purchase, Warranties and Servicing Agr. § 8.02 (Docket No. 723, Ex. 13).

- **HALO 2007-1, HALO 2007-AR1:** Among other requirements, a successor Servicer must be an entity with a net worth of at least $25,000,000. Sale Objection ¶ 35.

In addition, as set forth in Citibank's Sale Objection (¶ 46), given the scale of the business being sold, for the proposed assignee to satisfy the requirement of adequate assurance of future performance, it must demonstrate its capacity to operate the Servicing Business as a whole and the operational and financial wherewithal to simultaneously assume servicing obligations under each and every agreement proposed to be assumed and assigned.

3.    Now, approximately a week before the bidding deadline, Debtors identify AH Mortgage – an otherwise unknown affiliate of the debtor-in-possession lender WLR Recovery Fund III, L.P. ("WLR" or the "DIP Lender") – as the proposed "Purchaser." Revised Procedures Motion at p. 4; *see id.* ¶ 7. The Debtors admit that AH Mortgage is not presently qualified to operate the Debtors' Servicing Business. Revised Procedures Motion ¶ 17 (conceding that AH Mortgage is not yet licensed to own the Servicing Business). Further, AH Mortgage will not operate the Servicing Business until a Final Closing date that has yet to be determined. *See* Revised Procedures Motion Ex. A-1 § 2.7(b) (the "Revised Purchase Agreement"). The lack of information about AH Mortgage and its lack of qualifications raises

3

concerns about whether Debtors can provide adequate assurance of future performance by AH Mortgage.

4.      Citibank therefore requests that the Debtors provide information about AH Mortgage's principals, management and financial wherewithal to be assignee and to perform under these agreements.

## RESERVATION OF RIGHTS

5.      Citibank reserves the right to amend or supplement this Reservation and reserves all rights with respect to the proposed Sale and proposed assumption and assignment of any agreements to which Citibank is a party.

## CONCLUSION

For the reasons set forth above, Citibank reserves its rights with respect to the proposed Sale and proposed assumption and assignment of any agreements to which Citibank is a party, and respectfully requests that this Court require the Debtors to provide further information as to whether AH Mortgage (or other proposed purchaser) is a proper candidate under the agreements and whether there is adequate assurance of future performance by AH Mortgage (or other proposed purchaser) under the Servicing Agreements in which Citibank has an interest, and grant Citibank such other and further relief as may be just and appropriate.

Dated:   New York, New York
         September 24, 2007

COZEN O'CONNOR

By: _____
    John T. Carroll, III (DE 4060)
Suite 1400, Chase Manhattan Centre
1201 North Market Street
Wilmington, Delaware 19801
(302) 295-2000

and

SEWARD & KISSEL LLP
    Ronald L. Cohen
    Arlene R. Alves
One Battery Park Plaza
New York, New York 10004
(212) 574-1200

*Attorneys for Citibank, N.A., solely in its capacities as Indenture Trustee, Trustee, Securities Administrator, Paying Agent and Registrar*

SK 01463 0255 813209