IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :   Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                        :
                                                                       :   Jointly Administered
    Debtors.                                                           :
                                                                       :   Ref. Docket No. 612
                                                                       :   Hrg. Date: Oct. 1, 2007 at 10:00 a.m.
---------------------------------------------------------------------- x

**DEBTORS' OBJECTION TO THE MOTION TO LIFT
AUTOMATIC STAY FILED BY RICHARD W. HORVATH, *PRO SE***

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[1] hereby object (the "Objection") to the Motion to Lift Automatic Stay, D.I. 612 (Aug. 31, 2007) (the "Motion") filed by Richard W. Horvath, *pro se*. In support of such Objection, the Debtors respectfully represent as follows:

**INTRODUCTION**

Mr. Horvath seeks relief from the automatic stay to continue a lawsuit he commenced on August 10, 2007, in which he seeks damages and other relief on account of allegedly negligent conduct occurring prior to the commencement of these chapter 11 cases. Mr. Horvath's prosecution of his lawsuit at this time would be futile, however, because any judgment

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

he might obtain would be payable only through a bankruptcy court-approved plan of reorganization. The Debtors respectfully submit that there are no grounds to lift the automatic stay and that Mr. Horvath's appropriate remedy is to file a proof of claim in the appropriate bankruptcy case(s).

## BACKGROUND

On August 10, 2007, Mr. Horvath, representing himself, filed a complaint (the "Complaint") in the United States District Court for the District of Arizona, Case No. 2:07-cv-01544-JAT, naming as defendants American Home Mortgage Corp. Construction Lending and American Home Mortgage Corp. Servicing (collectively, for the sake of discussion, "AHM" or the "Debtors"). For the Court's convenience, a copy of the Complaint is attached hereto as Exhibit A.

In his Complaint, Mr. Horvath alleges that AHM mishandled the servicing of his mortgage loan prior to the Petition Date, resulting in damages totaling $363,959.00 which represent loss of creditworthiness, loss of family income, increased interest expense on existing credit card balances, emotional pain and suffering, and resulting physical injury. Mr. Horvath demands judgment in that amount plus punitive damages, as well as orders compelling (i) a governmental investigation of AHM, (ii) correction of Mr. Horvath's credit report and FICA score, (iii) AHM to pay motor vehicle and/or property tax arrearages, and (iv) AHM to take steps to ensure that the value of Mr. Horvath's home is accurately reported on third-party websites such as Zillow.com.

## ARGUMENT

Section 362(a)(1) of the Bankruptcy Code stays the commencement or continuation of any litigation against a debtor that could have been commenced prior to

commencement of the bankruptcy case. 11 U.S.C. § 362(a)(1). Mr. Horvath could have commenced his lawsuit prior to August 6, 2007, the petition date in these chapter 11 cases. Accordingly, the stay applies and barred Mr. Horvath from filing his Complaint four days later.

This stay may only be lifted for "cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). The burden of establishing such "cause" is on the party seeking relief from the automatic stay. Wilmington Trust Co. v. Aardvark, Inc. (In re Aardvark, Inc.), Civ. Act. No. 96-412-SLR, 1997 U.S. Dist. LEXIS 3304, *13 (D. Del. Mar. 4, 1997); In re Rexene Prods. Co., 141 B.R. 574, 577 (Bankr. D. Del. 1992). Accordingly, Mr. Horvath bears the burden of establishing "cause" within the meaning of section 362(d)(1) of the Bankruptcy Code.

The term "cause" is not defined in the Bankruptcy Code, and "[t]here is no rigid test for determining whether sufficient cause exists to modify an automatic stay." In re Continental Airlines, Inc., 152 B.R. 420, 424 (D. Del. 1993) (citing IBM v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.), 938 F.2d 731, 734-37 (7th Cir. 1991)); see In re W.R. Grace & Co., Case No. 01-01139 (JKF), 2007 Bankr. LEXIS 1214, *6-7 (Bankr. D. Del. Apr. 13, 2007). In resolving motions for relief from the stay to pursue legal action against the debtor, "courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the movant." Id. In balancing the competing interests of the debtor and the movant, courts consider the following factors: "(1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted." Id.

**A.      The Policies Underlying the Automatic Stay Weigh in Favor of Denying the Relief Requested by Mr. Horvath**

The automatic stay is one of the fundamental debtor and creditor protections provided by the Bankruptcy Code. <u>Krystal Cadillac Oldsmobile GMC Truck, Inc. v. GMC (In re Krystal Cadillac Oldsmobile GMC Truck, Inc.)</u>, 142 F.3d 631, 637 (3d Cir. 1998) (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 340 (1977), <u>reprinted in</u> 1978 U.S.C.C.A.N. 5963, 6296). It gives the debtor a breathing spell from its creditors by stopping all collection efforts, harassment, and foreclosure actions, thus relieving the debtor of the financial pressures that drove it into bankruptcy and facilitating the debtor's attempts to reorganize. <u>Id.</u> For creditors, the automatic stay prevents the state-law "race of the diligent," whereby creditors who act first to pursue their remedies against the debtor's property obtain payment of their claims in preference to, and to the detriment of, other creditors. See <u>id.</u>

The Debtors filed for chapter 11 protection in order to focus on their remaining operations and sell their valuable servicing business as a going concern, thus maximizing the value of the bankruptcy estates available for distribution to creditors. The automatic stay is essential to this process; without it, the Debtors' management and professionals would be tied up in litigation with individual creditors such as Mr. Horvath rather than focusing on ongoing operations and a possible sale of the servicing business for the benefit all creditors (including Mr. Horvath). See <u>In re W.R. Grace & Co.</u>, Case No. 01-01139 (JKF), 2007 Bankr. LEXIS 1214, *10 (Bankr. D. Del. Apr. 13, 2007) (denying relief from stay to pursue litigation that would be "a distraction from the reorganization process").

**B.      Mr. Horvath Will Not be Prejudiced if the Stay is Continued**

In his Motion, Mr. Horvath asserts that lifting the stay is essential to prevent irreparable injury and to preserve his right to seek his legal remedies against AHM.

Continuation of the automatic stay at this point, however, will not prejudice Mr. Horvath, because any judgment he might obtain against the Debtors would be a prepetition "claim" payable only through a plan of reorganization. If the stay is continued, Mr. Horvath will remain free to file a proof of claim, and the validity and amount of his claim will be determined during the claim reconciliation stage of these bankruptcy cases. Subjecting Mr. Horvath's legal claims to the bankruptcy process does not amount to denying him his legal remedies, and does afford him relief.

### C.     The Balance of the Hardships Weighs Against Lifting the Stay

As noted above, Mr. Horvath will not be prejudiced by continuation of the stay. The Debtors, on the other hand, would be prejudiced by lifting the stay because they would be required to litigate in a distant forum at a critical time in these chapter 11 cases, for the sole purpose of liquidating a claim that could be liquidated just as easily at a later time and which, at any rate, is not immediately payable.

### D.     Mr. Horvath is not Likely to Succeed on the Merits of his Complaint

In the interest of preserving estate resources, counsel for the Debtors have not researched the validity of Mr. Horvath's various causes of action and alleged items of damages. Should the Court find it necessary, for purposes of its stay relief analysis, to determine whether Mr. Horvath is likely to succeed on the merits of his Complaint, the Debtors submit that he is not. Much of the relief sought in the Complaint relates to third parties (e.g., governmental authorities, credit card companies, Zillow.com) over which the Debtors have no control. And several of the categories of alleged damages (e.g., increased credit card interest, lost family income, loss of creditworthiness, physical injury) appear at best remotely related to AHM's alleged misconduct.

## RESERVATION OF RIGHTS

The Debtors reserve the right to amend, modify, or supplement this Objection, to file a reply to any response thereto, and to file additional objections to the relief sought in the Motion based upon information obtained from Mr. Horvath or subsequent developments in this dispute.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order denying the Motion and granting the Debtors such other and further relief as is just and proper.

Dated:   Wilmington, Delaware
         September 24, 2007

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                /s/ John T. Dorsey
                _____
                James L. Patton, Jr. (No. 2202)
                Robert S. Brady (No. 2847)
                John T. Dorsey (No. 2988)
                Sharon M. Zieg (No. 4196)
                Erin D. Edwards (No. 4392)
                The Brandywine Building
                1000 West Street, 17th Floor
                Wilmington, Delaware 19801
                Telephone: (302) 571-6600
                Facsimile: (302) 571-1253

                Counsel for Debtors and Debtors in Possession

## Exhibit A

## Complaint