UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **AMERICAN HOME MORTGAGE** | ) | **Case No. 07-11047-CSS** |
| **HOLDINGS, INC., et al.,** | ) | |
| **Debtors** | ) | **Jointly Administered** |
| | ) | Related to Doc. No. 900 |
| | ) | Hearing Date: September 25, 2007 at 10:00 a.m. (ET) |
| | ) | Objection Date: At the hearing |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ASSURED GUARANTY CORP. TO MOTION OF THE DEBTORS FOR ORDER PURSUANT TO SECTIONS 105(a), 363, 364, 365, AND 503(b) OF THE BANKRUPTCY CODE AND RULES 2002, 4001, 6004, 6006, 7062, 9007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) APPROVING REVISED PROCEDURES FOR THE SALE OF THE DEBTORS' MORTGAGE SERVICING BUSINESS; (B) APPROVING CERTAIN PROTECTIONS FOR THE STALKING HORSE BIDDER IN SUCH SALE; (C) DIRECTING THAT CERTAIN NOTICES OF SUCH SALE AND DEADLINE BE GIVEN; AND (D) AUTHORIZING, ON AN INTERIM BASIS, THE DEBTORS TO GRANT CERTAIN LIENS AND OTHER PROTECTIONS FOR THE PURCHASER'S COLLATERAL EFFECTIVE AFTER THE CLOSING (D.I. 900)**

Assured Guaranty Corp. ("Assured"), hereby files this limited objection (the "Limited Objection") and reservation of rights to the Motion of the Debtors for Order Pursuant to Sections 105(a), 363, 364, 365, and 503(b) of the Bankruptcy Code and Rules 2002, 4001, 6004, 6006, 7062, 9007 and 9014 of the Federal rules of Bankruptcy Procedure (a) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (b) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (c) Directing that Certain Notices of Such Sale and Deadline Be Given; and (d) Authorizing, on an Interim Basis, the Debtors to Grant Certain Liens and Other Protections for the Purchaser's Collateral Effective After the Closing [D.I. 900] (the "Motion") filed by American Home Mortgage Holdings, Inc. and certain

of its affiliates, debtors and debtors-in-possession in the above-captioned case (the "Debtors").[1] In support of the Limited Objection, Assured respectfully states as follows:

## BACKGROUND

1. Assured, which began operations in 1988, is a Maryland-domiciled financial guaranty insurance company licensed in 49 states, the District of Columbia and Puerto Rico. It is a direct financial guaranty company focused on the mortgage-backed, asset-backed, public finance, structured finance and structured credit markets.

2. On August 6, 2007, the Debtors filed petitions for relief under Chapter 11 of title 11 of the United States Code.

3. Prior to filing bankruptcy, AHM Servicing and AHM Acceptance were the contract servicers of certain securitized mortgage loans and home equity line of credit mortgage loans (the "Assured Securitizations") under certain servicing agreements (the "Assured Servicing Agreements"). Assured is a party to certain insurance agreements concerning the Assured Securitizations and is an express third party beneficiary to the Assured Servicing Agreements related to the Assured Securitization.

4. On August 6, 2007, in connection with its first days filings, the Debtors filed the Emergency Motion Of The Debtors For Orders: (A)(I) Approving Sale Procedures; (II) Scheduling A Hearing To Consider Sale Of Certain Assets Used In The Debtors' Loan Servicing Business; (III) Approving Form And Manner Of Notice Thereof; And (IV) Granting Related Relief; And (B)(I) Authorizing The Sale Of Such Assets Free And Clear Of Liens, Claims, Encumbrances, And Other Interests; (II) Authorizing And Approving Purchase Agreement

---

[1] Capitalized times not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Thereto; (III) Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases Related Thereto; And (IV) Granting Related Relief [D.I. 11] (the "Original Sale Procedures Motion").

5. On August 9, 2007, the Court entered the order granting the relief sought in the Original Sale Procedures Motion [D.I. 113] (the "Original Sale Procedures Order").

6. By the Motion the Debtors seek, inter alia, to revise the sales procedures approved by the Original Sale Procedures Order to allow them to proceed with a newly created entity affiliated with WLR Recovery Fund III, L.P. as the "stalking horse" for the Servicing Business (defined in the Motion as the "Purchaser"). The Debtors seek approval not only of sale and auction procedures and certain traditional buyer protections for the Purchaser, but on only two business days' notice also request approval of certain highly unusual provisions that would give the Debtors the authority to grant certain additional superpriority liens and claims to the Purchaser well in advance of the auction and approval of the proposed sale.

## LIMITED OBJECTION

7. Although the Debtors' proposed scheduling of the Motion is aggressive, Assured takes no position with respect to the Motion insofar as it seeks approval of traditional sale and notice procedures and buyer protections. Two aspects of the Motion, however, are highly unusual and may meaningfully and prejudicially affect the rights and claims of Assured and other parties in interest.

8. Specifically, the Debtors' have proposed a form of sales procedures order, attached as Exhibit B to the Motion (the "Proposed Sales Procedures Order"), that (a) grants superpriority administrative expense claim status to the "Seller APA Obligations" for the benefit of the Purchaser (Proposed Sales Procedures Order, ¶4) and (b) grants security interests and liens

3

to the Purchaser (or other Successful Bidder) in the Purchaser's Collateral (Proposed Sales Procedures Order, ¶13) (both (a) and (b) collectively, the "Financing Provisions"). The granting of these substantive rights in a sale procedures order, especially one served on such abbreviated notice, is premature and should be reserved, if appropriate at all, for consideration at the Sale Hearing on reasonable notice to Assured and other parties in interest

9. Both of the Financing Provisions are predicated on the Purchaser being the Successful Bidder at the Auction and this court entering a Sale Approval Order. The Financing Provisions are only necessary because, as set forth in the Motion, the Purchaser is not currently licensed to own the Servicing Business. This necessitates a "two-step" closing process while the Purchaser secures the necessary licenses to own and operate the Servicing Business. To the extent that another Successful Bidder, who is licensed to own the Servicing Business, Assured submits that such Financing Provisions would be unnecessary.

10. Due to the accelerated timing of the hearing on the Motion, Assured has not had sufficient time to determine if the Financing Provisions would adversely affect its interests. Furthermore, because neither of the Financing Provisions would take effect until after the entry of a Sale Approval Order, Assured believes that there is no valid reason for the Debtors to seek this relief as part of the Sale Procedures Order. Both of these provisions are more appropriately included in a Sale Approval Order, to the extent that the Purchaser, or another Successful Bidder, requires such relief for the sale transaction to be completed.

11. Therefore, Assured respectfully requests that this court deny entry of any Sales Procedures Order that contains the Financing Provisions because such provisions are (a) unnecessary at this time and (b) grant the Purchaser substantive rights in Debtors' assets on only two business days' notice.

## RESERVATION OF RIGHTS

12. Assured reserves all rights with regard to raising these, or any other objections, to the Sale Motion at the appropriate time.

WHEREFORE, the Assured respectfully requests that the Court (i) deny entry of the Sales Procedures Order to the extent it contains the Financing Provisions and (ii) grant such other relief as is appropriate.

Dated: Wilmington, Delaware
  September 24, 2007

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_/s/ Robert J. Dehney_
Robert J. Dehney (No. 3578)
Donna L. Culver (No. 2983)
Daniel B. Butz (No. 4227)
Chase Manhattan Centre, 18th Floor
1201 North Market Street
Wilmington, Delaware 19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: rdehney@mnat.com
Email: dculver@mnat.com

Counsel to Assured Guaranty Corp.

1240810.3