UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation *et al.,* [1] |  |
| Debtors. | Case Number 07-11047 (CSS) (Jointly Administered) |

**Hearing Date: September 25, 2007 at 10:00 a.m.**

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO THE MOTION OF THE DEBTORS FOR ORDER PURSUANT TO SECTIONS 105(a), 363, 364, 365 AND 503(b) OF THE BANKRUPTCY CODE AND RULES 2002, 4001, 6004, 6006, 7062, 9007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) APPROVING REVISED PROCEDURES FOR THE SALE OF THE DEBTORS' MORTGAGE SERVICING BUSINESS; (B) APPROVING CERTAIN PROTECTIONS FOR THE STALKING HORSE BIDDER IN SUCH SALE; (C) DIRECTING THAT CERTAIN NOTICES OF SUCH SALE AND DEADLINES BE GIVEN; AND (D) AUTHORIZING, ON AN INTERIM BASIS, THE DEBTORS TO GRANT CERTAIN LIENS AND OTHER PROTECTIONS FOR THE PURCHASER'S COLLATERAL EFFECTIVE AFTER THE INITIAL CLOSING
(DOCKET ENTRY # 865)**

In support of her limited objection to the motion of the Debtors for an order pursuant to sections 105(a), 363, 364, 365 and 503(b) of the Bankruptcy Code and Rules 2002, 4001, 6004, 6006, 7062, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (a) approving revised

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: AHM Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

procedures for the sale of the Debtors' mortgage servicing business; (b) approving certain protections for the stalking horse bidder in such sale; (c) directing that certain notices of such sale and deadlines be given; and (d) authorizing, on an interim basis, the Debtors to grant liens and other protections for the purchaser's collateral effective after the initial closing (the "Motion"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

## INTRODUCTION

1.      Under (i) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (ii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion.

2.      Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this objection.

## GROUNDS/BASES FOR RELIEF

4.      The U.S. Trustee objects to the Motion on the following grounds:

*Bid Protections*

(a.)    The Debtors are seeking authority to grant the Purchaser a $2 million expense

reimbursement and a $5 million "break-up" fee (together, the "Bid Protections"). The U.S. Trustee leaves the Debtors to their burden to establish that the requested Bid Protections should be allowed as an actual, necessary cost of preserving the Debtors' estates under 11 U.S.C. § 503(b)(1). See Calpine Corp. v. O'Brien Environmental Energy, Inc. (In re O'Brien Environmental Energy, Inc.), 181 F.3d 527 (3d Cir. 1999). As a preliminary matter, there are two problems with the request:

- **Superpriority status** – The Debtors seek allowed superpriority status for the Bid Protections. There are two sections of the Bankruptcy Code which expressly address allowed claims having superpriority status: 11 U.S.C. §§ 364(c) and 507(b). In the Motion, the Debtors do not refer to a specific section of the Code as supporting their request. That omission is not an accident; sections 364(c) and 507(b) do not permit superpriority status for the Bid Protections.

- **Definition of "Competing Transaction"** – Payment of the Break-Up Fee is tied to the closing of a Competing Transaction, a term that is defined in APA § 7.1 as including ". . . any transaction (or series of transactions) involving the direct or indirect sale, transfer or other disposition of a material portion of the Purchased Assets to a purchaser or purchasers other than Purchaser or effecting any other transaction (including a plan of reorganization or liquidation) the consummation of which would be substantially inconsistent with the transactions [] contemplated [in the APA]." The Purchaser has committed to purchasing the Debtors' assets only if the "Initial Closing Servicing Balance" is more than $38 billion; Purchaser has the right to terminate the deal if the "Initial Closing Servicing Balance" is less than $38 billion. Accordingly, Purchaser should not be entitled to the Break-Up Fee if, by way of example, the $38 billion condition was not met and the Debtors consummated a sale with a closing servicing balance of $36 billion two months later. Additionally, the definition should be limited temporally (i.e., a transaction that closes within x days of the scheduled sale hearing date) to ensure that the Purchaser's bid has actually provided value to the Debtors' estates.

*Requested Interim Authority to Grant Liens on Purchased Collateral*

(b.)   Through paragraph 13 of the proposed form of order, the Debtors are seeking interim authority to grant liens on the Purchaser's collateral, subject to several conditions, including "entry of the Sale Approval Order approving the Sale of the Servicing Business to the Purchaser pursuant to the terms of the APA or other Successful Bidder." Consideration of this request should be

postponed in its entirety to the sale hearing, and paragraph 13 should be struck from the proposed bid procedures order, because the requested relief is unnecessary at this point in the process.

## CONCLUSION

WHEREFORE the UST requests that this Court issue an order granting relief consistent with this objection.

                               Respectfully submitted,

                               **KELLY BEAUDIN STAPLETON**
                               **UNITED STATES TRUSTEE**

                          **BY:**  /s/ Joseph J. McMahon, Jr.
                               Joseph J. McMahon, Jr., Esquire (# 4819)
                               Trial Attorney
                               United States Department of Justice
                               Office of the United States Trustee
                               J. Caleb Boggs Federal Building
                               844 King Street, Room 2207, Lockbox 35
                               Wilmington, DE  19801
                               (302) 573-6491
                               (302) 573-6497 (Fax)

Date:  September 25, 2007