IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AMERICAN HOME MORTGAGE | § | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | § | |
| et al., | § | (Jointly Administered) |
| | § | |
| | § | Ref. Docket Nos. 11, 113, 403, 674, 730, 865 |
| Debtors. | § | Hearing Date: September 25, 2007 @ 10:00 a.m. |
| | § | Objections Due: September 25, 2007@ 10:00 a.m. |

**LIMITED OBJECTION OF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION TO MOTION OF THE DEBTORS PURSUANT TO SECTIONS 105(a), 363, 364, 365 AND 503(b) OF THE BANKRUPTCY CODE AND RULES 2002, 4001, 6004, 6006, 7062, 9007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) APPROVING REVISED PROCEDURES FOR THE SALE OF THE DEBTORS' SERVICING BUSINESS; (B) APPROVING CERTAIN PROTECTIONS FOR THE STALKING HORSE BIDDER IN SUCH SALE; (C) DIRECTING THAT CERTAIN NOTICES OF SUCH SALE AND DEADLINE BE GIVEN; (D) AUTHORIZING, ON AN INTERIM BASIS, THE DEBTORS TO GRANT CERTAIN LIENS AND OTHER PROTECTIONS FOR THE PURCHASER'S COLLATERAL EFFECTIVE AFTER THE INITIAL CLOSING**

JPMorgan Chase Bank, National Association ("JPMC") and certain of its affiliates (collectively, the "JPMC Entities"), by and through their undersigned counsel, and in accordance with Section 363(b) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") hereby file this Limited Objection (the "Objection") to the *Motion of the Debtors for Orders Pursuant to Sections 105(a), 363, 364, 265 and 503(b) of the Bankruptcy Code and Rules 2002, 400`, 6004, 6006, 7062, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing that Certain Notices of Such Sale and Deadline be Given; (D) Authorizing, on an Interim Basis, the Debtors to Grant Certain Liens and Other Protections for the Purchaser's Collateral Effective After the Initial Closing* [Dkt. No. 865] (the "Revised Sale Motion") and in support of their Objection, respectfully state as follows:

## BACKGROUND

1. On August 6, 2007 (the "Petition Date"), American Home Mortgage Investment Corp. ("AHMIC") and certain of its affiliates and subsidiaries (collectively, the "Debtors" and, individually, a "Debtor") commenced voluntary cases under Chapter 11 of the Bankruptcy Code in this Court (the "Bankruptcy Cases").

2. The Debtors remain in possession of their property and are managing their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On August 14, 2007, the United States Trustee appointed an Official Committee of Unsecured Creditors. No Chapter 11 trustee or examiner has been appointed in these cases.

4. On August 6, 2007, the Debtors filed the Sale Motion. On August 9, 2007, this Court entered its *Order Approving (I) Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief* [Dkt. No. 113] ("Sales Procedure Order") establishing procedures for the sale of the Debtors' mortgage-servicing business (the "Proposed Sale") and providing, among other things, that an auction (the "Auction") to sell that business would take place on September 10, 2007. The deadlines were subsequently extended and as of the date of this Objection, the deadline for submitting bids to the Auction is October 2, 2007, the current date for the Auction is October 5, 2007, and the scheduled hearing date to approve the purchaser(s) at the Auction is October 9, 2007.

5. On August 27, 2007, the Debtors filed the Assumption Notice in which they identified several alleged executory contracts that they intended to assume and assign to the party(ies) approved as the final purchaser(s) at the Auction. The Assumption Notice originally set September 13, 2007 as the deadline for filing any and all objections to the proposed assumption of executory contracts set

forth in the Assumption Notice. On September 10, 2007, the Debtors filed their *Modified Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any* [Dkt. No. 674] ("Modified Assumption Notice") in which the Debtors extended the deadline for objecting to any assumption and assignments to September 20, 2007 at 4:00 p.m. The Modified Assumption Notice replaced the Assumption Notice in its entirety.

6. On September 13, 2007, the JPMC Entities filed *Objection of JPMorgan Chase Bank, N.A. to Emergency Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and other Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* and to the *Notice of Service of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any* ( the "Initial Sale Objection"). Through the Initial Sale Objection, the JPMC Entities have objected to, among other things, the Debtors' (a) attempt to assume and assign portions of agreements, rather than the agreements in their entirety; (b) attempt to assume and assign financial accommodation contracts that, as a matter of law, cannot be assumed under section 365 of the Bankruptcy Code; (c) failure to identify appropriate cure amounts to the extent that the Debtors are permitted to assume and assign certain agreements with the JPMC Entities and (d) attempt to assign servicing rights beyond any reserved to the Debtors under the applicable agreements.

7. On September 21, 2007, the Debtors filed the Revised Sale Motion. Pursuant to the Revised Sale Motion, the Debtors, among other things, identified AH Mortgage Acquisition Co., Inc. (the "Purchaser") as the stalking horse bidder and attached an executed asset purchase agreement (the "APA") between the Debtors and AH Mortgage Acquisition Co., Inc. Pursuant to the APA, the Debtors and Purchaser agreed that they will file certain schedules identifying those executory contracts that will be assumed and assigned by the Debtors and the mortgage loans subject to those contracts – no such schedules have been filed as of the date of this Objection.

8. JPMC is one of the Debtors' warehouse lenders. It acts as both administrative agent and lender under a warehouse facility with the Debtors. Other JPMC Entities also executed various agreements with the Debtors. Several of these agreements are listed in the Modified Assumption Notice as potential contracts for assumption and assignment by the Debtors and, therefore, as possible assets for purchase by the Purchaser. Since the Initial Sale Objection was filed, the JPMC Entities have received no indication from the Debtors or Purchaser as to those assets the Purchaser is purporting to purchase or executory contracts to be assumed and assigned.

## **LIMITED OBJECTION**

9. The JPMC Entities restate and incorporate, as if fully set forth herein, the Initial Sale Objection and the objections set forth therein. The JPMC Entities further note that notwithstanding the execution of the APA and filing of the Revised Sale Motion, the Debtors have not filed or advised the JPMC Entities of the final list of assets to be sold or any schedules of executory contracts proposed to be assumed by the Debtors and assigned to the Purchaser.

10. The Revised Sale Motion and APA completely fail to address two critical issues raised by JPMC in the Initial Sale Objection; namely, (a) whether certain agreements are capable of being assumed and assigned by the Debtors; and (b) if the agreements are assumable, whether the Debtors

are capable of curing any defaults thereunder. The JPMC Entities have asserted an early-payment default claim in excess of $84 million under the 4/1/06 Purchase Agreement as well as additional amounts due under other agreements the Debtors may attempt to assume and assign to the Purchaser, yet the Debtors continue to maintain there are no cure amounts due in connection with the sale.

11. The JPMC Entities believe that the Debtors are attempting to sell and/or assume and assign certain assets that the Debtors cannot, as a matter of law, sell and/or assume and assign. The JPMC Entities continue to object to the Revised Sale Motion on this basis, as set forth in the Initial Sale Objection.

12. Beyond the concerns that the JPMC Entities have raised as set forth in the Initial Sale Objection, it is a truisim that the Debtors cannot assign any greater rights than the respective contracts confer upon them. Specifically, to the extent that an agreement permits the Debtors to provide servicing on an interim basis, the Debtors cannot assume or assign rights beyond those defined in the agreement. The JPMC Entities are entitled to a clarification of the servicing rights the Debtors intend to assign, and any assignment must be subject to the rights of the JPMC Entities with respect to such servicing.

## RESERVATION OF RIGHTS

13. The JPMC Entities reserve the right to amend, supplement, modify, or withdraw this Objection in whole or in part at their discretion at any time and/or to object to the Modified Assumption Notice by a separate pleading, if necessary. The JPMC Entities do not waive any right they may have by filing this Objection. The JPMC Entities also reserve the right to provide additional briefing on the legal issues presented here. Finally, the JPMC Entities specifically reserve their right to seek relief from the automatic stay and/or to assert any other arguments with respect to any rights and remedies they may have *vis a vis* the Debtors.

WHEREFORE, the JPMC Entities request that: (i) the Sale Motion and the Modified Assumption Notice be denied to the extent that they purport to limit, abridge, affect, modify, or alter in any respect any right of the JPMC Entities under any of the agreements specifically identified in this Objection or under any other agreements between one or more of the JPMC Entities and the Debtors not otherwise identified herein, and (ii) that the Court grant such other and further relief as just and proper.

Dated: Wilmington, Delaware
September 25, 2007

LANDIS RATH & COBB LLP

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE  19801
(302) 467-4400

-and-

LOCKE LIDDELL & SAPP PLLC
Thomas H. Grace
Texas Bar No. 00785453
Federal I.D. No. 12618
W. Steven Bryant
Texas Bar No. 24027413
Federal I.D. No. 32913
600 Travis Street, Suite 3400
Houston, Texas  77002
Telephone:  713-226-1200
Facsimile:  713-223-3717

ATTORNEYS FOR JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS ADMINISTRATIVE AGENT AND LENDER