IN THE UNITED STATES BANKRUTPCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware | ) | Jointly Administered |
| corporation, et al.,[1] | ) | |
| | ) | Relates to Docket Nos. 11, 113, 403, 674, 740, 855, 865 & 923 |
| Debtors. | ) | |
| | ) | Objection Deadline: At the Hearing |
| | ) | Hearing Date: September 25, 2007 at 10:00 a.m. |

**JOINDER AND RESERVATION OF RIGHTS OF CITIMORTGAGE, INC. FOR ORDER PURSUANT TO MOTION OF THE DEBTORS FOR ORDER PURSUANT TO SECTIONS 105(a), 363, 364, 365, AND 503(b) OF THE BANKRUPTCY CODE AND DRULES 2002, 4001, 6004, 6006, 7062, 9007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) APPROVING REVISED PROCEDURES FOR THE SALE OF THE DEBTORS' MORTGAGE SERVICING BUSINESS; (B) APPROVING CERTAIN PROTECTIONS FOR THE STALKING HORSE BIDDER IN SUCH SALE; (C) DIRCTING THAT CERTAIN NOTICES OF SUCH SALE AND DEADLINE BE GIVEN; AND (D) AUTHORIZING, ON AN INTERIM BASIS, THE DEBTORS TO GRANT CERTAIN LIENS AND OTHER PROTECTIONS FOR THE PURCHASER'S COLLATERAL EFFECTIVE AFTER THE INITIAL CLOSING**

CitiMortgage, Inc. ("CMI") in its capacity as master servicer as applicable with respect to certain transactions identified in its previous Objections[2] ("Citibank"), respectfully submits this reservation of rights (the "Reservation") to the Motion of the Debtors for Order Pursuant to Sections 105(a), 363, 364, 365, and 503(b) of the Bankruptcy Code and Rules 2002, 4001, 6004, 6006, 7062, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing that Certain

---

[1] The Debtors are the following entities: American Home Mortgage Holdings, Inc., a Delaware corporation; American Home Mortgage Investment Corp., a Maryland corporation; American Home Mortgage Acceptance, Inc., a Maryland corporation; American Home Mortgage Servicing, inc., a Maryland corporation; American Home Mortgage Corp., a New York corporation; American Home Mortgage Ventures LLC, a Delaware limited liability company; Homegate Settlement Services, Inc., a New York corporation; and Great Oak Abstract Corp., a New York corporation.

[2] CMI filed previous objections (Docket Nos. 740 and 855), and incorporates these objections herein by reference. Capitalized terms not defined herein have the meaning given in those objections or the documents identified therein.

1615095

Notices of Such Sale and Deadline be Given; and (D) Authorizing, on an Interim Basis, the Debtors to Grant Certain Liens and Other Protections for the Purchaser's Collateral Effective After the Initial Closing, filed September 21, 2007 (Docket No. 865) the "Revised Procedures Motion"). Because the Revised Procedures Motion provides little information about the proposed stalking horse bidder, AH Mortgage Acquisition Co., Inc. ("AH Mortgage"), CMI reserves its rights with respect to the proposed sale terms and assumption and assignment of contracts, and requests that the Debtors provide information concerning AH Mortgage's qualifications to act as Servicer under the Servicing Agreements and capacity to operate the Debtors' servicing business. In further support of this Reservation, CMI states the following:

1. The Debtors must meet specific contractual requirements in connection with the assumption and assignment of certain agreements identified by Debtors' Modified Notice (Docket No. 674), including the Servicing Agreements in which CMI has an interest. Debtors are required to cure, and compensate, for all defaults in contracts proposed to be assumed, and any assignee must provide adequate assurance of future performance, including meeting relevant qualifications under the Servicing Agreements.

2. For example, among other requirements, a successor Servicer must be an entity with a net worth of at least $25,000,000. In addition, given the scale of the business being sold, for the proposed assignee to satisfy the requirement of adequate assurance of future performance, it must demonstrate its capacity to operate the servicing business as a whole and the operational and financial wherewithal to simultaneously assume servicing obligations under each and every agreement proposed to be assumed and assigned.

3. Now, approximately a week before the bidding deadline, Debtors identify AH Mortgage – an otherwise unknown affiliate of the debtor-in-possession lender WLR Recovery

1615095

Fund III, L.P. ("WLR" or the "DIP Lender") – as the proposed "Purchaser." Revised Procedures Motion at p. 4 see id. ¶ 7. The Debtors admit that AH Mortgage is not presently qualified to operate the Debtors' servicing business. Revised Procedures Motion ¶ 17 (conceding that AH Mortgage is not yet licensed to own the Servicing Business). Further, AH Mortgage will not operate the Servicing Business until a Final Closing date that has yet to be determined. See Revised Procedures Motion Ex. A-1 § 2.7(b) (the "Revised Purchase Agreement"). The lack of information about AH Mortgage and its lack of qualifications raises concerns about whether Debtors can provide adequate assurance of future performance by AH Mortgage, and the propriety of such an entity serving as the stalking horse.

4.  CMI therefore requests that the Debtors provide information about AH Mortgage's principals, management and financial wherewithal to be assignee and to perform under these agreements.

5.  CMI joins in the arguments set forth in the objection by Assured Guaranty Corp. at docket no. 923.

## RESERVATION OF RIGHTS

6.  CMI reserves the right to amend or supplement this Reservation and reserves all rights with respect to the proposed Sale and proposed assumption and assignment of any agreements.

## CONCLUSION

For the reasons set forth above, CMI reserves its rights with respect to the proposed Sale and proposed assumption and assignment of any agreements, and respectfully requests that this Court require the Debtors to provide further information as to whether AH Mortgage (or other proposed purchaser) is a proper candidate under the agreements and whether there is adequate

1615095

assurance of future performance by AH Mortgage (the other proposed purchaser) under the Servicing Agreements in which CMI has an interest, and grant CMI such other and further relief as may be just and appropriate.

Dated: September 25, 2007

**MORRIS JAMES LLP**

_____
Brett D. Fallon (DE Bar No. 2480)
Stephen M. Miller (DE Bar No. 2610)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302)888-6888
Facsimile: (302) 571-1750
Email: bfallon@morrisjames.com

-and-

Andrew J. Petrie
Featherstone Petrie DeSisto LLP
600 17th Street, Suite 24005
Denver, Colorado 80202-5424
Telephone: (303) 626-7139
Facsimile: (303) 626-7101
Email: apetrie@featherstonelaw.com

*Attorneys for CitiMortage, Inc.*