IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x   Chapter 11
In re:                                                           :
                                                                 :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :   Jointly Administered
                                                                 :
    Debtors.                                                     :   **Ref. Docket No. 865**
                                                                 :
---------------------------------------------------------------- x

**ORDER PURSUANT TO SECTIONS 105(a), 363, 364, 365, AND 503(b)
OF THE BANKRUPTCY CODE AND RULES 2002, 4001, 6004, 6006, 7062, 9007 AND
9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) APPROVING
REVISED PROCEDURES FOR THE SALE OF THE DEBTORS' MORTGAGE
SERVICING BUSINESS; (B) APPROVING CERTAIN PROTECTIONS FOR THE
STALKING HORSE BIDDER IN SUCH SALE; (C) DIRECTING THAT CERTAIN
NOTICES OF SUCH SALE AND DEADLINE BE GIVEN; AND (D) AUTHORIZING,
ON AN INTERIM BASIS, THE DEBTORS TO GRANT CERTAIN LIENS
AND OTHER PROTECTIONS FOR THE PURCHASER'S COLLATERAL
EFFECTIVE AFTER THE INITIAL CLOSING**

Upon consideration of the motion dated September 21, 2007 (the "Motion") of

American Home Mortgage Holdings, Inc. and certain of its direct and indirect affiliates and

subsidiaries, as debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors") pursuant to sections 105(a), 363, 364, 365, and 503(b) of title 11 of the United States

Code (the "Bankruptcy Code") and Rules 2002, 4001, 6004, 6006, 7062, 9007 and 9014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (a)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., ("AHM Investment") a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., ("AHM Corp.") a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

approving the Revised Sale Procedures annexed hereto as Exhibit "1";[2] (b) approving the Auction Protections for the Purchaser under the APA; (c) directing that a notice be given of the Sale, the APA and the Auction (as such term is defined in the Revised Sale Procedures), substantially in the form annexed hereto as Exhibit "2" (the "Sale Notice"); and (d) granting, on an interim basis, liens on the Purchaser's Collateral after the Initial Closing; and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**FOUND AND DETERMINED THAT:**

      A.     The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. The relief requested in the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

      B.     Due and proper notice of the Motion was provided as set forth in the Motion, and no other or further notice need be provided.

      C.     The Revised Sale Procedures are reasonable and appropriate and are designed to maximize the value of the Debtors' estates.

      D.     The Debtors have demonstrated that the Seller APA Obligations are an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of section 503(b) of the Bankruptcy Code, and of substantial benefit to the Debtors' estates because (a) the provisions in the APA granting superpriority status to the Seller APA Obligations were heavily negotiated among the parties, were a precondition to, and are an essential element of the

---

[2] Unless otherwise indicated, all capitalized terms used herein shall have the meaning ascribed to them in the Motion.

transaction; (b) there are significant potential benefits for the Debtors and their estates arising under the APA; and (c) there are advantages of this arrangement as compared to other potential deal mechanisms.

E.  The Debtors have demonstrated that the Auction Protections are an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of section 503(b) of the Bankruptcy Code, and of substantial benefit to the Debtors' estates because (a) they have induced the Purchaser's bid, and without the Purchaser's bid, the bidding would correspondingly have been limited; and (b) they have induced the Purchaser to research the value of the assets to be sold and the Purchaser has converted that value to a figure on which other bidders can rely, to ensure that the assets are sold at a price reflecting their true worth.

F.  The Debtors have demonstrated that (a) there has been no self-dealing or manipulation in negotiating the APA, including its provisions requiring the Auction Protections; (b) the Auction Protections establish a bid standard for other bidders who might not have participated in the Auction and a compelling and sound business justification exists for (i) authorizing the payment of the Break-Up Fee and the Expense Reimbursement and (ii) the interim granting of liens to the Purchaser on the Purchased Assets under the circumstances and upon the satisfaction of the conditions described in the Motion; (c) the Purchaser has placed the Servicing Business in a sales configuration mode to attract other bidders to the auction; and (d) the amount of the Break-Up Fee is reasonable relative to the purchase price the Purchaser has agreed to pay.

G.  The fact that WLR, an affiliate of the Purchaser, is providing postpetition financing to the Debtors who are borrowers under the DIP Facility presents no conflict of interest for the Purchaser, WLR, or the Debtors.

H. The entry of this Order is in the best interests of the Debtors and their estates, creditors, and interest holders and all other parties in interest herein; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as provided herein.

2. All objections to the Motion or to the relief provided herein that have not been withdrawn, waived, or settled, are hereby overruled and denied on the merits.

3. The Expense Reimbursement and Break-Up Fee as set forth in the APA are approved. If incurred pursuant to the APA, the Sellers are hereby authorized and directed to pay such amounts to the Purchaser in accordance with the provisions of the APA.

4. The Expense Reimbursement and Break-Up Fee shall have superpriority administrative expense claim status pursuant to sections 105(a), 503(b)(1)(A) and 507(a)(1) of the Bankruptcy Code against the Sellers, with priority over all other administrative expenses, other than claims arising under the existing DIP Facility. The Seller APA Obligations shall have superpriority administrative expense claim status pursuant to sections 105(a), 503(b)(1)(A) and 507(a)(1) of the Bankruptcy Code, with priority over all other administrative expenses, other than claims arising under the Limited Recourse DIP Financing and the existing DIP Facility.

5. If the Bankruptcy Court enters an order approving a Competing Transaction, upon payment of the Break-Up Fee and the Expense Reimbursement in accordance with the APA, the Sellers and their respective Representatives and Affiliates (as such terms are defined in the APA) shall be fully released and discharged from any Liability (as such term is defined in the APA) under or resulting from the APA and, neither Purchaser nor any other Person (as such term is defined in the APA) shall have any other remedy or cause of action under or relating to the APA, including for reimbursement of expenses.

6.  The Revised Sale Procedures in substantially the form annexed hereto as Exhibit "1" are hereby incorporated herein as if set forth fully herein, and are approved and shall apply with respect to the Sale.

7.  The deadline for submitting bids by a Qualified Bidder (the "Bid Deadline") shall be October 2, 2007 at 4:00 PM (prevailing Eastern Time).

8.  The Debtors may sell the Servicing Business by conducting an auction described in the Revised Sale Procedures (the "Auction") in accordance with such procedures.

9.  The Auction, if any, shall take place on October 5, 2007 at 10:00 a.m. (prevailing Eastern Time) at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19899, or such later time and place as the Debtors may provide and that is reasonably acceptable to Bank of America N.A., as administrative agent under the BofA Facility (the "Administrative Agent") and the Purchaser, so long as such change is communicated reasonably in advance by the Debtors to all "Qualified Bidders" (as such term is defined in the Revised Sale Procedures), counsel to the Committee, and other invitees.

10. A Qualified Bidder that desires to make a bid shall comply with the requirements set forth in the Revised Sale Procedures for making such bid.

11. The Debtors shall have the right to reject any and all bids that do not conform with the Revised Sale Procedures, subject to the provisions of the Revised Sale Procedures.

12. A hearing (the "Sale Hearing") to consider the Sale to the winning bidder at the Auction (or if no Auction is held because no Qualified Bid (as such term is defined in the Revised Sale Procedures) other than the APA was submitted by the Bid Deadline, a hearing to

consider approval of the APA) shall be held before this Court on October 9, 2007 at 2:30 p.m. (prevailing Eastern Time), or as soon thereafter as counsel and interested parties may be heard.

13.  The Debtors are authorized on an interim basis from and after the Initial Closing, pursuant to section 364 of the Bankruptcy Code and Bankruptcy Rule 4001, to grant the Purchaser, its designee or other Successful Bidder, a valid, binding enforceable and perfected (a) first priority security interest in and lien on all the Purchaser's Collateral that is not encumbered by a Permitted Lien or a lien with respect to any Financing; and (b) security interest in and lien on the Purchaser's Collateral that is immediately junior to any Permitted Lien or a lien with respect to any Financing; provided, however, that the granting of such security interest in and lien is subject to and conditioned upon (i) the Purchaser or other Successful Bidder being selected as the Successful Bidder at the Auction; (ii) entry of the Sale Approval Order approving the Sale of the Servicing Business to the Purchaser pursuant to the terms of the APA or other Successful Bidder; (iii) payment of the Purchase Price; and (iv) the occurrence of the Initial Closing. Final approval of the foregoing grant of security interests and liens to the Purchaser, its designee or other Successful Bidder shall be heard at the Sale Hearing.

14.  The Notice of the Auction, the proposed APA, and the Sale Hearing substantially in the form of Exhibit "2" annexed hereto (the "Sale Notice") is hereby approved. Not later than one day after the entry of this Sale Procedures Order, the Debtors will serve copies of the Sale Notice, the APA, this Sale Procedures Order, and the Sale Approval Order by first class mail, postage prepaid, to (a) all entities known to have expressed a bona fide interest in acquiring the Servicing Business; (b) counsel to the Administrative Agent; (c) counsel to the administrative agent for the DIP Facility; (d) counsel to the Committee; (e) counsel to the Purchaser; (f) the Office of the United States Trustee for the District of Delaware; (g) all parties

that have requested notice pursuant to Bankruptcy Rule 2002 as of the date prior to the entry of this Sale Procedures Order; and (h) all non-Debtor parties to any agreement being assigned or otherwise conveyed to the Purchaser pursuant to the APA, addressed in the manner provided for in such agreement, or if no such provision, addressed to the Chief Executive Officer or similar responsible officer of such party.

15. Not later than two days after entry of this Sale Procedures Order, the Debtors will serve copies of the Sale Notice by first class mail, postage prepaid to all known creditors of the Debtors.

16. Not later than five days after entry of this Sale Procedures Order, the Debtors will publish the Sale Notice in the national edition of the *Wall Street Journal*.

17. Notice provided in accordance with paragraphs 14, 15 and 16 of this Sale Procedure Order shall constitute good and sufficient notice of the Auction, the Sale, the Sale Hearing, the APA and the proposed Sale Approval Order (as such term is defined in the APA) annexed to the APA.

18. Objections, if any, to the Sale and the entry of any order approving the Sale (including the Sale Approval Order) must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 PM (prevailing Eastern Time) on October 2, 2007, or such later date as the Debtors, the counsel for the Administrative Agent, and the counsel for the administrative agent for the DIP Facility may agree and (d) be served so as to actually be received no later than 4:00 (prevailing Eastern Time) on the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, NY 11747 (Attn: Alan Horn, General Counsel); (ii)

Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899 (Attn: James L. Patton, Jr., Esq.), counsel to the Debtors, (iii) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 (Attn: Mark Indelicato, Esq.), counsel to the Committee, (iv) Kaye Scholer LLP, 425 Park Avenue, New York, NY 10022 (Attn: Margot Schonholtz, Esq.) counsel to the Administrative Agent; (v) Jones Day, 222 East 41st Street, New York, NY 10017 (Attn: Erica M. Ryland, Esq.), counsel to the Purchaser; and (vi) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn: Joseph McMahon, Esq.).

19. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than the announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for such hearing. The Sale Hearing may not be adjourned by anyone other than the Court without the written permission of the Debtors, the Administrative Agent, and the Purchaser (if the Sale Hearing is to consider the Sale to the Purchaser) which permission shall not be unreasonably withheld.

20. As provided by Bankruptcy Rule 6004(h), this Order shall not be stayed for ten (10) days after entry thereof and shall be effective and enforceable immediately.

21. The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or enforcement of this Order.

Dated: September 25, 2007
Wilmington, Delaware

Christopher S. Sontchi
United States Bankruptcy Judge