# EXHIBIT 1

## REVISED SALE PROCEDURES

## REVISED SALE PROCEDURES

Set forth below are the revised procedures (the "Revised Sale Procedures") through which the debtors and debtors in possession (collectively, the "Debtors")[1] are authorized to conduct an auction for the sale (the "Sale") of the assets (the "Purchased Assets") related to the Debtors' mortgage loan servicing business (the "Servicing Business"), pursuant to terms substantially in the form of that certain Asset Purchase Agreement dated as of September 25, 2007 (the "APA") by and among AH Mortgage Acquisition Co., Inc. (the "Purchaser"), American Home Mortgage Investment Corp., American Home Mortgage Corp., and American Home Mortgage Servicing Inc. (collectively, the "Sellers"), a copy of which is on file with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and is available to interested parties by contacting Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899 (Attn: James L. Patton, Jr., Esq.), counsel to the Debtors.

These procedures have been approved by the Bankruptcy Court pursuant to an order dated September 25, 2007 (the "Sale Procedures Order") and revise and supersede in their entirety the sale procedures previously approved by the Bankruptcy Court on August 9, 2007 (the "Original Sale Procedures"). In the event of any inconsistency between the terms of the Original Sale Procedures and these Revised Sale Procedures, the terms of these Revised Sale Procedures shall control.

Whenever the Debtors are required in these Revised Sale Procedures to consult with Bank of America, N.A., Administrative Agent (the "Administrative Agent") for certain lenders under that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006, such consultation shall be as required by the Interim and Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties [Docket Nos. 68 and 554] (collectively, the "Cash Collateral Order").

The Debtors reserve the right to seek approval of the Sale of portions of the Purchased Assets and the Servicing Business through separate purchase agreements with different purchasers in the event that the combination of such Sales is determined by the Debtors, in consultation with the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases (the "Committee") and the Administrative Agent (as required by the Cash Collateral Order), to constitute the highest or best value for the assets associated with the Servicing Business (other than Servicing Rights Held for Sale (as defined in the APA)), provided, that such Sales are conducted in accordance with the provisions of these Revised Sale Procedures.

---

[1] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

**Participation Requirements**

In order to participate in the bidding process or otherwise be considered for any purpose hereunder, a person, other than the Purchaser, interested in the Servicing Business (a "Potential Bidder") must first deliver the following materials to the Debtors and their counsel (copies of which the Debtors shall provide to the Administrative Agent and the Committee):

(a) An executed confidentiality agreement in form and substance satisfactory to the Debtors and their counsel which is no less favorable to the Debtors nor more favorable to the Potential Bidder than the confidentiality agreement executed on behalf of the Purchaser; and

(b) The most current audited and latest unaudited financial statements (collectively, the "Financials") of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of the Sale, (x) Financials of the equity holder(s) of the Potential Bidder or such other form of financial disclosure as is acceptable to the Debtors, in consultation with the Administrative Agent (as required by the Cash Collateral Order) and the Committee and (y) the written commitment acceptable to the Debtors, in consultation with the Administrative Agent (as required by the Cash Collateral Order) and the Committee, of the equity holder(s) of the Potential Bidder to be responsible for the Potential Bidder's obligations in connection with the Sale. In the event that a Potential Bidder is unable to provide Financials, the Debtors may, in consultation with the Administrative Agent (as required by the Cash Collateral Order) and the Committee, accept such other information sufficient to demonstrate to the satisfaction of the Debtors that such Potential Bidder has the financial wherewithal to consummate the Sale.

A "Qualified Bidder" is a Potential Bidder whose Financials or other information demonstrate the financial capability to consummate the Sale of the Purchased Assets or a portion thereof and which the Debtors determine, in consultation with the Administrative Agent (as required by the Cash Collateral Order) and the Committee, is reasonably likely to make a bona fide offer that may lead to value greater than the value being received for the benefit of the Debtors' creditors than under the APA and would be able to consummate the proposed Sale of the Purchased Assets or a portion thereof if selected as the Successful Bidder. The Debtors will promptly advise the Potential Bidder, the Administrative Agent (as required by the Cash Collateral Order), and the Committee in writing of the Debtors' determination (made in consultation with the Committee and the Administrative Agent (as required by the Cash Collateral Order)) whether or not the Potential Bidder is a Qualified Bidder. For purposes of these Revised Sale Procedures, the Purchaser shall be deemed a Qualified Bidder.

**Obtaining Due Diligence Access**

The Debtors shall provide each Qualified Bidder reasonable due diligence information as requested. Site access shall be provided upon reasonable request to the Debtors at the discretion of the Debtors within their reasonable business judgment. The Debtors shall make available to each Qualified Bidder (including the Purchaser) copies of all written due diligence

2

information provided to any other Qualified Bidder. The due diligence period will end on the Bid Deadline (as such term is defined below).

In connection with providing information to parties interested in acquiring the Servicing Business or any of the Purchased Assets, the Debtors shall not furnish any confidential information relating to the Debtors, the Servicing Business, the Purchased Assets, or the Sale to any person except a Qualified Bidder.

The Debtors shall coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders. No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline.

**Bid Deadline**

**The deadline for submitting bids by a Qualified Bidder shall be October 2, 2007 at 4:00 p.m. (prevailing Eastern Time) (the "Bid Deadline").**

Prior to the Bid Deadline, a Qualified Bidder (other than Purchaser) that desires to make a bid shall deliver written copies of its bid to: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone Advisors, LLC 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn.: Jeffrey M. Levine); (iv) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn: Laurie Selber Silverstein), counsel to the Administrative Agent; and (v) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn: Mark Indelicato). The Debtors shall, within one calendar day of receipt of such bids, provide copies of the bids to the respective counsel for each of the Purchaser and the Committee.

**Due Diligence From Bidders**

Each Qualified Bidder (other than the Purchaser) shall comply with all reasonable requests for additional information by the Debtors or their advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the Sale. Failure by a Qualified Bidder (other than the Purchaser) to comply with requests for additional information may be a basis for the Debtors, in consultation with the Administrative Agent (as required by the Cash Collateral Order) and the Committee, to determine that a bid made by such Qualified Bidder is not a Qualified Bid.

**Bid Requirements**

A bid (other than the APA) must be a written irrevocable offer from a Qualified Bidder and:

1. State that the Qualified Bidder offers to consummate the Sale pursuant to an agreement that has been marked to show amendments and modifications to the APA,

including price and terms, that are being proposed by the Qualified Bidder, as applicable, (the "Marked Purchase Agreement");

2. Confirm that the offer shall remain open and irrevocable until the closing of a Sale to the Successful Bidder or the Next Highest Bidder;

3. Enclose a copy of the proposed Marked Purchase Agreement;

4. Be accompanied with a certified or bank check or wire transfer in an amount equal to the lesser of (i) 10% of purchase price set forth in the bid and (ii) $15 million as a minimum good faith deposit (the "Minimum Deposit"), which Minimum Deposit shall be used to fund a portion of the purchase price provided for in the bid;

5. Be on terms that are not materially more burdensome or conditional than the terms of the APA;

6. Not be conditioned on obtaining financing or the outcome of any due diligence by the bidder;

7. Not request or entitle the bidder to any break-up fee, expense reimbursement or similar type of payment;

8. Contain a list of the Debtors' executory contracts and unexpired leases related to the Servicing Business with respect to which the bidder seeks assignment from the Debtors, if any; and

9. Fully disclose the identity of each entity that will be bidding for the Servicing Business or otherwise participating in connection with such bid, and the complete terms of any such participation.

A bid received from a Qualified Bidder and that meets the requirements set forth above will be considered a "Qualified Bid" if the Debtors believe, in consultation with the Committee and the Administrative Agent (as required by the Cash Collateral Order), that such bid would be consummated if selected as a Successful Bid (as such term is defined below); provided, however, that any credit bid of the Administrative Agent must be higher than the Purchase Price provided for in the APA; provided, further, that such bid provide for cash consideration of at least $7 million. Notwithstanding anything herein to the contrary, the APA submitted by Purchaser shall be deemed a Qualified Bid, which shall remain open and irrevocable until the earlier of ~~the earlier of~~ a closing (or Initial Closing, if applicable) of a Sale to the Successful Bidder and (ii) December 31, 2007.

After the Bid Deadline, and after consulting with the Administrative Agent (as required by the Cash Collateral Order) and the Committee, the Debtors shall determine which Qualified Bid or combination of Qualified Bids represents the then-highest or otherwise best bid (the "Initial Bid"). At least 24 hours prior to the Auction, the Sellers shall distribute copies of the Initial Bid to each Qualified Bidder.

4

**Auction**

If the Debtors receive a Qualified Bid from a Qualified Bidder (other than the APA) by the Bid Deadline, an auction (the "Auction") with respect to the Sale will take place on **October 5, 2007 at 10:00 a.m. (prevailing Eastern Time)** (the "Auction Date") at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19899, or such later time and place as the Debtors may provide and that is reasonably acceptable to the Administrative Agent (as required by the Cash Collateral Order) and the Committee, so long as such change is communicated reasonably in advance by the Debtors to all Qualified Bidders, and other invitees. If, however, no such Qualified Bid other than the APA is received by the Bid Deadline, the Auction will be deemed cancelled, the APA will be deemed the Successful Bid, and the Debtors will immediately seek authority from the Bankruptcy Court to consummate the Sale contemplated by the APA.

If an Auction is held, the following rules for its conduct (the "Auction Rules") shall be observed:

1. Only a Qualified Bidder who has submitted a Qualified Bid by the Bid Deadline will be eligible to participate at the Auction. Only the authorized representatives of each of the Qualified Bidders, the Committee, the Administrative Agent, and the Debtors shall be permitted to attend the Auction.

2. At the Auction, Qualified Bidders will be permitted to increase their bids. The bidding at the Auction shall start at the purchase price stated in the Initial Bid and then continue in increments of at least $1 million. The Debtors reserve the right, in consultation with the Administrative Agent (as required by the Cash Collateral Order) and the Committee, to hold multiple rounds of bidding as necessary to attempt to obtain a combination of Qualified Bids that will result in an Initial Bid and subsequent Qualified Bids.

3. All bids will be made and received in one room, on an open basis, and all other Qualified Bidders will be entitled to present all bidding and all material terms of each bid will be fully disclosed to all other Qualified Bidders.

4. Each Qualified Bidder will be permitted a fair, but limited, amount of time (no more than one half hour, unless otherwise agreed by the Debtors in consultation with the Committee and the Administrative Agent (as required by the Cash Collateral Order)) to respond to the previous bid at the Auction. Bidding at the Auction will continue until such time as the highest or otherwise best offer is determined in accordance with these Revised Sale Procedures.

5. The Debtors will, from time to time, in an open forum, advise Qualified Bidders participating in the Auction of the then highest or otherwise best bid(s).

6. For purposes of comparing any bids by the Purchaser at the Auction that are higher or otherwise better than the bid set forth in the APA (a "Higher Purchaser Bid") against any bids that are made by another Qualified Bidder or combination thereof, each Higher Purchaser Bid shall be deemed to include $7 million in cash (representing the sum

5

of the maximum Expense Reimbursement and Break-Up Fee) (the "Break-Up Fee Increment"). In the event that a Higher Purchaser Bid is the Successful Bid at the Auction, the purchase price amount finally payable by the Purchaser in respect of such Successful Bid will not include the Break-Up Fee Increment.

7.  The Auction may be adjourned to a date no later than October 8, 2007 as the Debtors, in consultation with the Administrative Agent (as required by the Cash Collateral Order) and the Committee, and in the exercise of their reasonable business judgment deem appropriate. Reasonable notice of the time and place for the resumption of the Auction will be given to all Qualified Bidders, the Committee, the Administrative Agent, and other invited parties.

8.  Immediately prior to concluding the Auction, the Debtors shall, in consultation with the Committee and the Administrative Agent (as required by the Cash Collateral Order) (a) review each Qualified Bid on the basis of its financial and contractual terms and the factors relevant to the Sale process and the best interests of the Debtors' estates and creditors; (b) determine and identify the highest or otherwise best Qualified Bid or combination of Qualified Bids (the "Successful Bid") and the Qualified Bidder(s) submitting such bid(s) (the "Successful Bidder"); (c) determine and identify the next highest or otherwise best Qualified Bid or combination of Qualified Bids after the Successful Bid (the "Next Highest Bid") and the Qualified Bidder(s) submitting such bid(s) (the "Next Highest Bidder"); provided, however, if the Purchaser is designated as the Next Highest Bidder, the Purchaser shall remain the Next Highest Bidder until the earlier of (i) the closing (or Initial Closing, if applicable) on the Successful Bid and (ii) December 31, 2007; and (d) have the right to reject any and all bids.

9.  Within 48 hours of being selected as the Successful Bid(s), if the Minimum Deposit of the Successful Bidder(s) does not equal the lesser of (i) 10% of the purchase price of the Successful Bid and (ii) $15 million, the Successful Bidder(s) (other than the Purchaser) shall provide the Debtors with immediately available funds so that the Minimum Deposit is equal to the lesser of (i) 10% of the purchase price of the Successful Bid(s) and (ii) $15 million. Within one business day of the completion of the Auction, the Successful Bidder(s) shall complete and execute all agreements, instruments, or other documents evidencing and containing the terms and conditions upon which the Successful Bid(s) was made.

If the Purchaser has been selected as the Successful Bidder pursuant to the Auction (or if pursuant to these Revised Sale Procedures no Auction is held) then after the earlier of (1) the Auction Date or (2) the Bid Deadline if no Qualified Bids other than the APA are submitted pursuant to these Revised Sale Procedures, neither the Sellers nor any of their respective affiliates, agents, and representatives may initiate contact with, or solicit or encourage submission of any inquiries, proposals or offers by, any person (other than the Purchaser and its affiliates, agents and representatives) with respect to a Competing Transaction (as such term is defined in the APA), or accept an offer or proposal from any person (other than Purchaser and its affiliates, agents and representative) with respect to a Competing Transaction. Notwithstanding the foregoing sentence, if the Auction is held, and a Qualified Bidder(s) is selected at the Auction pursuant to these Revised Sale Procedures as the Next Highest Bidder, the Sellers and their

respective affiliates, agents, and representatives may communicate with such Next Highest Bidder(s), but solely with respect to making arrangements to consummate the Sale contemplated by the Next Highest Bid(s) as determined at the Auction.

**Acceptance of the Successful Bid**

The Debtors will present the results of the Auction to the Bankruptcy Court at the Sale Hearing, at which certain findings will be sought from the Bankruptcy Court regarding the Auction, including, among other things, that (i) the Auction was conducted and the Successful Bidder was selected in accordance with these Sale Procedures, (ii) the Auction was fair in substance and procedure, and (iii) consummation of the Sale contemplated by the Successful Bid will provide the highest or otherwise best value for the Servicing Business and is in the best interests of the Debtors and their creditors.

If an Auction is held, the Debtors shall be deemed to have accepted a Qualified Bid only when (i) such bid is declared the Successful Bid at the Auction and (ii) definitive documentation has been executed in respect thereof. Such acceptance is conditioned upon approval by the Bankruptcy Court of the Successful Bid and the entry of an Order approving such Successful Bid.

**Sale Hearing**

A hearing to consider approval of the Sale to the Successful Bidder (or to approve the APA if no Auction is held) will take place on **October 9, 2007 at 2:30 p.m. (prevailing Eastern Time)** in the courtroom of the Honorable Christopher S. Sontchi in the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 5th Floor, Wilmington, Delaware 19801 (the "Sale Hearing").

If (i) an Auction is held (ii) a Successful Bidder and Next Highest Bidder are selected, (iii) the Bankruptcy Court approves the Sale to the Successful Bidder, and (iv) the sale to such Successful Bidder is not consummated because of a breach or failure to perform on the part of such Successful Bidder, then the Sellers shall be authorized to consummate the Sale to the Next Highest Bidder without further court order or notice to any other party (other than counsel to the Administrative Agent (as required by the Cash Collateral Order) and counsel to the Committee, who shall each be given notice of the Successful Bidder's breach or failure to perform and such other information concerning the Sale to the Next Highest Bidder as they may reasonably request). Notwithstanding the foregoing sentence, if the Purchaser is the Next Highest Bidder, it shall be entitled to obtain such orders of the court as are provided for in the APA as conditions to the Interim Closing and the Final Closing (as each such term is defined under the APA), as well as the satisfaction of the other applicable conditions of the APA, prior to being obligated to consummate the APA.

The Debtors specifically reserve the right to seek all appropriate damages from a defaulting Successful Bidder or Next Highest Bidder.

**Return of Minimum Deposit**

Except as otherwise provided in this paragraph with respect to any Successful Bidder and any Next Highest Bidder, the Minimum Deposit of each other Qualified Bidders shall be returned upon or within one (1) business day after the closing (or the Initial Closing (as such term is defined in the APA), if closing occurs under the APA) of the Sale. The Minimum Deposit of the Successful Bidder shall be held until the closing (or the Initial Closing if closing occurs under the APA) of the Sale and applied in accordance with the Successful Bid. If a Successful Bidder fails to close the Sale, such party's Minimum Deposit shall be forfeited to, and retained, by the Sellers, (except that the deposit of the Purchaser shall be forfeited or returned, as applicable, in accordance with the terms of the APA) and then paid by the Sellers: first, to Purchaser if Purchaser is not selected as the Successful Bidder on account of the Break-Up Fee and Expense Reimbursement as provided in the APA; and then, any balance remaining shall be paid to the Administrative Agent and applied in accordance with the provisions of the Cash Collateral Order. The Minimum Deposit of the Next Highest Bidder shall be returned upon or within one (1) business day after closing (or Initial Closing, if closing occurs under the APA) of the Sale to the Successful Bidder. In the event the Debtors proceed to closing with the Next Highest Bidder, the Minimum Deposit of the Next Highest Bidder shall be held until the closing of the Sale with the Next Highest Bidder and applied in accordance with the Next Highest Bid. If the Next Highest Bidder fails to close the Sale, such party's Minimum Deposit shall be forfeited to, and retained by the Sellers, and then paid by the Sellers: first, to Purchaser on account of the Break-Up Fee and Expense Reimbursement (to the extent not previously paid) as provided in the APA; and then, any balance remaining shall be paid to the Administrative Agent and applied in accordance with the provision of the Cash Collateral Order.