IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :
                                                                 : Chapter 11
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,[1]               : Case No. 07-11047 (CSS)
                                                                 :
    Debtors.                                                     : Jointly Administered
                                                                 :
---------------------------------------------------------------- x

**NOTICE OF ENTRY OF ORDER PURSUANT TO SECTIONS 105(a), 363, 364, 365, AND 503(b) OF THE BANKRUPTCY CODE AND RULES 2002, 4001, 6004, 6006, 7062, 9007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) APPROVING REVISED PROCEDURES FOR THE SALE OF THE DEBTORS' MORTGAGE SERVICING BUSINESS; (B) APPROVING CERTAIN PROTECTIONS FOR THE STALKING HORSE BIDDER IN SUCH SALE; (C) DIRECTING THAT CERTAIN NOTICES OF SUCH SALE AND DEADLINE BE GIVEN; AND (D) AUTHORIZING, ON AN INTERIM BASIS, THE DEBTORS TO GRANT CERTAIN LIENS AND OTHER PROTECTIONS FOR THE PURCHASER'S COLLATERAL EFFECTIVE AFTER THE INITIAL CLOSING**

PLEASE TAKE NOTICE that the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has entered an order dated September 25, 2007 (the "Sale Procedures Order"), in the above-captioned chapter 11 cases at Docket Number 937, granting the motion (the "Motion") of the debtors in the above-captioned cases (the "Debtors") and providing for the following relief:

**1. Approving procedures for the auction and sale of the Debtors' mortgage servicing business (the "Servicing Business")** – The bid deadline is currently scheduled for October 2, 2007 at 4:00 p.m. (Eastern Time); the auction is scheduled for October 5, 2007 at 10:00 a.m. Eastern Time; and a hearing to approve the winning bidder at the auction as the purchaser of the Servicing Business is scheduled for October 9, 2007 at 2:30 p.m. (Eastern Time) (the "Sale Hearing"). These dates may be changed pursuant to the Sale Procedures Order without further notice to you.

**2. Approving AH Mortgage Acquisition Co. Inc. (the "Purchaser") as the "stalking horse" bidder in the Auction** - Purchaser has entered into a binding Asset Purchase Agreement (the "APA") to acquire the Servicing Business[2] if it is selected as the winning bidder pursuant to the procedures set forth in the Sale Procedures Order. If the Purchaser is the winning bidder, and the sale of the Servicing Business pursuant to the APA is approved by the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., ("AHM Investment") a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., ("AHM Corp.") a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Sale Procedures Order.

Bankruptcy Court, the Court may enter an order (the "Sale Approval Order") authorizing, among other things, the (a) sale of the assets and property of the Servicing Business to the Purchaser pursuant to sections 105 and 363 of the Bankruptcy Code free and clear of liens, claims, encumbrances, and other interests, including liens, claims, or interests that you may hold; and (b) the assignment by certain of the Debtors of certain contracts or other agreements, including certain residential mortgage servicing agreements, pursuant to sections 105, 363, and 365 of the Bankruptcy Code, including contracts or other agreements to which you may be a party. If you believe you (i) have a lien, claim or interest with respect to the assets and property of the Servicing Business, (ii) are a party to an affected contract or agreement with the Debtors, or (iii) have rights that might otherwise be affected by the Sale Approval Order, you are advised to obtain a copy of the Motion, the APA and its schedules and exhibits (one of which exhibits is the proposed form of the Sale Approval Order), review these documents carefully, and consult with your counsel regarding your rights.

3. Through the Sale Procedures Order, the Debtors were authorized on an interim basis, pursuant to section 364 of the Bankruptcy Code and Bankruptcy Rule 4001, to grant the Purchaser, its designee or other Successful Bidder a valid, binding enforceable and perfected (a) first priority security interest in and lien on all the Purchaser's Collateral that is not encumbered by a Permitted Lien or a lien with respect to any Financing; and (b) security interest in and lien on the Purchaser's Collateral that is immediately junior to any Permitted Lien or a lien with respect to any Financing; provided, however, that the granting of such security interest in and lien is subject to and conditioned upon (i) the Purchaser being selected as the Successful Bidder at the Auction; (ii) entry of the Sale Approval Order approving the Sale of the Servicing Business to the Purchaser pursuant to the terms of the APA; (iii) payment of the Purchase Price; and (iv) the occurrence of the Initial Closing. Final approval of the foregoing grant of security interests and liens is scheduled to be heard at the Sale Hearing.

4. Pursuant to the authority provided in the Sale Approval Order, the Debtors are seeking to assume and assign certain of their unexpired leases, license agreements, and executory contracts (collectively, the "Assumed Contracts") to the Purchaser. If you are a non-Debtor party to an Assumed Contract, you were previously served with notice of the Debtors' proposed cure amount. The Debtors' books and records reflect that postpetition amounts owing under the Assumed Contracts have been paid and will continue to be paid in the ordinary course of its business through and including the date of entry of the Sale Approval Order. Accordingly, the Sale Approval Order will establish the amount of the cure claims for the Assumed Contracts through the date of entry of the Sale Approval Order.

5. **If you are a party in interest and wish to obtain copies of the Sale Procedures Order, the APA, the Sale Approval Order, or any related documents, you can obtain them free of charge by calling Debbie Laskin of Young Conaway Stargatt & Taylor, LLP, counsel to the Debtors at (302) 571-6600 or by sending an email to Dlaskin@ycst.com.**

Dated: September 26, 2007
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
Counsel for the Debtors and Debtors-in-Possession