IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------------  x
In re:                                                            :   Chapter 11
                                                                  :
AMERICAN HOME MORTGAGE                                             :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]                :
                                                                  :   Jointly Administered
                          Debtors.                                :
                                                                  :   Ref No.: 510, 557 & 779
----------------------------------------------------------------  x
```

**CERTIFICATION OF COUNSEL REGARDING SECOND ORDER, PURSUANT TO
SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS
TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES AND TO ABANDON CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT**

On August 30, 2007, the above-captioned debtors and debtors-in-possession

(collectively, the "Debtors") filed their Second Motion for an Order, Pursuant to Sections 105,

364 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the

Debtors to Reject Certain Executory Contracts and Unexpired Leases and to Abandon Certain

Furniture, Fixtures and Equipment [Docket No. 510] (the "Second Motion"). By the Second

Motion, the Debtors requested, among other things, an order authorizing the rejection of all

equipment leases other than those leases relating to equipment located in the properties identified

on Exhibit B to the Second Motion.

On or about September 4, 2007, GE Capital Information Technology Solutions,

Inc. d/b/a Ikon Financial Services ("GE") filed Objection to the Second Motion [Docket No.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

577] (the "GE Response"), wherein GE asserted that the Second Motion, and various sale notices filed in connection with these chapter 11 cases, did not contain sufficient information for GE to make a determination as to whether the Debtors intended to include any of GE's equipment in the sales of whether the Debtors intended to reject GE's leases and abandon GE's equipment.

During the pendency of these bankruptcy cases, the Debtors have been working with interested parties to facilitate the assumption and assignment of various real property leases. However, in most cases, assignees of the real property leases have not taken an assignment of, and the Debtors have not assumed, the equipment leases for equipment located within the real property assigned to them.  The Debtors have not assumed any of the GE equipment leases. Accordingly, prior to the Hearing on the Second Motion, on September 17, 2007, the Debtors filed their Third Motion for an Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases and to Abandon Certain Furniture, Fixtures, and Equipment [Docket No. 742] (the "Third Motion"). By the Third Motion, the Debtors seek authority to reject certain equipment leases that were not previously rejected under the Second Motion (the "Subsequently Rejected Leases"), as identified by locations (the "Assigned Lease Properties") in Exhibit B to the Third Motion.

Through the Second and Third Motion, the Debtors have sought to reject all equipment leases, not otherwise assumed, other than those leases relating to equipment located in the following properties:  (i) 538 Broadhollow Road, Melville, New York 11747; (ii) 4600 Regent Blvd., Irving, TX 75063; (iii) 4650 Regent Blvd., Irving, TX 75063; (iv) 220 West Huron Street, Chicago, IL 60610; (v) 5818 Archer Road, #3RL, Summit, IL 60501; and (vi) 950 North Elmhurst Road, Mount Prospect, IL 60056 (collectively, the "Active Lease Properties").

2

A hearing on the Second Motion and the GE Response was held on September 17, 2007 (the "Hearing"). On the same day, the Court entered an order approving the relief requested in the Motion [Docket No. 779] (the "Order"). By the Order, the Court required that the Debtors provide a list of GE leased equipment located in the offices that were identified on Exhibit B to the Order on or before ten (10) business from the entry of the Order. The properties identified in the Order are both Active Lease Properties and Assigned Lease Properties.

In accordance with the Court's Order, the Debtors and/or their professionals completed a review of the Active Lease Properties and hereby confirm that they did not discover any GE leased equipment located in these Active Lease Properties.

The Debtors no longer have access to the Assigned Lease Properties and were unable to conduct a direct review of these properties. Instead, the Debtors and/or their professionals contacted each current occupant of the Assigned Lease Properties, and have received confirmation that no GE leased equipment is located in the Assigned Lease Properties.

Moreover, the Debtors have provided GE with (i) a contact list of the occupants of the Assigned Lease Properties; (ii) a contact of all of the Debtors' landlords; and (iii) a list of the last-known location of the Debtors' leased equipment, to the extent that such equipment could be identified and located.

The Debtors respectfully submit that this course of action addresses the concerns set forth in the GE Objection and complies with this Court's Order.

Dated: Wilmington, Delaware
      September 27, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Margaret B. Whiteman (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Counsel for the Debtors and
Debtors in Possession

4