UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------- x
In re                                               :    Chapter 11
                                                    :
American Home Mortgage Holdings, Inc.,              :    Case No.: 07-11047 (CSS)
et al.                                              :
                                                    :    (Jointly Administered)
Debtors.                                            :
                                                    :    **Ref. Docket No. 11**
                                                    :
---------------------------------------------------- x

## CERTIFICATION OF COUNSEL REGARDING STIPULATION AND ORDER ABATING OBJECTION OF CREDIT SUISSE FIRST BOSTON MORTGAGE CAPITAL LLC TO DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING, AMONG OTHER THINGS, SALE OF CERTAIN ASSETS USED IN THE DEBTORS' LOAN SERVICING BUSINESS AND ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO

On August 6, 2007 (the "Petition Date"), each of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors" or "AHM")[1] filed with the Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Bankruptcy Court for the District of Delaware (the "Court"). The Debtors continue their businesses as debtors and debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

Credit Suisse First Boston Mortgage Capital LLC ("CSFB") and certain of the Debtors are parties to that certain Master Repurchase Agreement, dated as of September 13,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

2006 (as amended, supplemented and otherwise modified from time to time, the "Repurchase Agreement").

On the Petition Date, CSFB commenced an adversary proceeding (Adversary Pro. No. 07-51704 (CSS)) asserting that the Repurchase Agreement has been terminated. The Debtors dispute this assertion. Pursuant to a stipulation between the parties dated on or about September 14, 2007 (the "Scheduling Stipulation"), October 16, 2007 is the date for the Phase I Trials on the merits of the Adversary Proceeding with respect to the issues outlined in the Scheduling Stipulation.

Also on the Petition Date, the Debtors filed the *Emergency Motion for Orders (A)(i) Approving Sale Procedures; (ii) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (iii) Approving Form and Manner of Notice Thereof; and (iv) Granting Related Relief; and (B)(i) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing and Approving Purchase Agreement Thereto; (iii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (iv) Granting Related Relief* [Docket No. 11] (the "Sale Motion"). The Auction (as defined in the Sale Motion) is currently scheduled to be held on October 5, 2007 at 10:00 a.m. (prevailing Eastern time). An evidentiary hearing on the relief requested in the Sale Motion is currently scheduled to be held on October 9, 2007 at 2:30 p.m. (prevailing Eastern time).

Pursuant to the Sale Motion, the Debtors are seeking authority to sell, transfer, and/or assign, among other things, the Records, Asset Files, Servicing Rights, and the Mortgage Loans (as each is defined in the Repurchase Agreement). CSFB objects to such relief on the grounds that, among other things, none of the Records, Asset Files, Servicing Rights, or Mortgage Loans are property of the Debtors' estates.

The Debtors and CSFB (collectively, the "Parties") engaged in arm's length, good faith negotiations and as a result have reached an agreement , the terms of which are embodied in the stipulation (the "Stipulation"), attached hereto.

WHEREFORE, the Debtors request that the Court enter the Order, attached hereto as Exhibit 1, approving the Stipulation attached to the Order as Exhibit A, at the Court's earliest convenience.

Dated: Wilmington, Delaware
September 27, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Counsel for the Debtors and Debtors-in-Possession

3

# EXHIBIT 1

# Proposed Order

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re                                                      :    Chapter 11
                                                           :
American Home Mortgage Holdings, Inc.,                     :    Case No.: 07-11047 (CSS)
*et al.*                                                   :
                                                           :    (Jointly Administered)
Debtors.                                                   :
                                                           :    Ref. Docket Nos. 11 and _____
                                                           :
---------------------------------------------------------- x

**ORDER APPROVING STIPULATION AND ORDER ABATING OBJECTION OF
CREDIT SUISSE FIRST BOSTON MORTGAGE CAPITAL LLC TO DEBTORS'
EMERGENCY MOTION FOR ORDER AUTHORIZING, AMONG OTHER THINGS,
SALE OF CERTAIN ASSETS USED IN THE DEBTORS' LOAN
SERVICING BUSINESS AND ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO**

Upon consideration of the stipulation (the "Stipulation") by and between the above-captioned debtors and debtors-in-possession (the "Debtors")[1] and Credit Suisse First Boston Mortgage Capital LLC ("CSFB"), which is attached hereto as Exhibit A; and after due deliberation; and it appearing that the relief requested by the parties under the Stipulation is in the best interest of the Debtors' estates and their creditors; it is hereby:

ORDERED that the Stipulation, attached hereto as Exhibit A, is approved; and it is further

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the Stipulation or this Order.

Dated: Wilmington, Delaware
       October_____, 2007

_____
Christopher S. Sontchi
United States Bankruptcy Court Judge

# EXHIBIT A

## Stipulation

EXECUTION VERSION

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re                                                : Chapter 11
                                                     :
American Home Mortgage Holdings,                     : Case Nos. 07-11047 (CSS)
Inc., et al.,                                        :
                                                     : (Jointly Administered)
                      Debtors.                       :
---------------------------------------------------------------- x

## STIPULATION AND ORDER ABATING OBJECTION OF CREDIT SUISSE FIRST BOSTON MORTGAGE CAPITAL LLC TO DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING, AMONG OTHER THINGS, SALE OF CERTAIN ASSETS USED IN THE DEBTORS' LOAN SERVICING BUSINESS AND ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO

Credit Suisse First Boston Mortgage Capital LLC ("CSFB") and the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their respective attorneys, stipulate and agree as follows:

RECITALS:

A. CSFB and certain of the Debtors are parties to that certain Master Repurchase Agreement, dated as of September 13, 2006 (as amended, supplemented and otherwise modified from time to time, the "Repurchase Agreement").

B. On August 6, 2007 (the "Commencement Date"), the Debtors commenced chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "Court").

C. On the Commencement Date, CSFB commenced an adversary proceeding (Adversary Pro. No. 07-51704 (CSS)) seeking, among other things, a declaratory judgment, a temporary restraining order, preliminary and permanent

injunctions, an accounting of funds, and a constructive trust (the "Adversary Proceeding").

D.  In the Adversary Proceeding, CSFB asserts that the Repurchase Agreement has been terminated and that it is entitled to, among other things, immediate turnover of Records and Asset Files (each as defined in the Repurchase Agreement) owned by CSFB that are being held in trust for CSFB by the Debtors and immediate transfer of the servicing rights (the "Servicing Rights") to the servicer selected by CSFB, including by transferring to such servicer and CSFB all files necessary for CSFB to transfer servicing of, gain possession and control over, and manage mortgage loans (the "Mortgage Loans") it has purchased from the Debtors. The Debtors dispute these assertions.

E.  Pursuant to a stipulation between the parties dated on or about September 14, 2007 (the "Scheduling Stipulation"), October 16, 2007 is the date for the Phase I Trials on the merits of the Adversary Proceeding with respect to the issues outlined in the Scheduling Stipulation.

F.  On the Commencement Date, the Debtors filed an Emergency Motion for Orders (A)(i) Approving Sale Procedures; (ii) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (iii) Approving Form and Manner of Notice Thereof; and (iv) Granting Related Relief; and (B)(i) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing and Approving Purchase Agreement Thereto; (iii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (iv) Granting Related Relief (the "Sale

Motion"). The Auction (as defined in the Sale Motion) is currently scheduled to be held on October 5, 2007 at 10:00 a.m. (prevailing Eastern time). An evidentiary hearing on the relief requested in the Sale Motion is currently scheduled to be held on October 9, 2007 at 2:30 p.m. (prevailing Eastern time).

G. Pursuant to the Sale Motion, the Debtors are seeking authority to sell, transfer, and/or assign, among other things, the Records, Asset Files, Servicing Rights, and the Mortgage Loans. CSFB objects to such relief on the grounds that, among other things, none of the Records, Asset Files, Servicing Rights, or Mortgage Loans are property of the Debtors' estates.

H. CSFB and the Debtors have reached a consensual resolution of CSFB's objections to the Sale Motion.

NOW THEREFORE, IT IS HEREBY AGREED BY THE PARTIES, BY AND THROUGH THEIR RESPECTIVE ATTORNEYS, AS FOLLOWS:

AGREEMENTS:

1. The Debtors agree not to sell or otherwise transfer whatever rights the Debtors may claim under the Repurchase Agreement or otherwise, including, without limitation, rights relating to the Records, Asset Files, Servicing Rights, and Mortgage Loans, until CSFB's and the Debtors' rights under the Repurchase Agreement or otherwise, including, without limitation, rights relating to the Records, Asset Files, Servicing Rights, and Mortgage Loans are resolved either by a final, non-appealable order in the Adversary Proceeding or by consent of CSFB and the Debtors.

2. The Debtors agree to segregate from other funds in the Debtors' possession all funds and collections of every type received with respect to the Mortgage

Loans on or after August 3, 2007 and to add an amount of cash equal to past collections to the extent not previously segregated, and to provide CSFB with weekly reports concerning such funds and collections.

3. In connection with the Auction, the Debtors will file this Stipulation and Order on the docket of the Debtors' chapter 11 cases, include this Stipulation and Order in any data room relating to the sale pursuant to the Sale Motion, and will inform all prospective bidders that the Debtors may not sell whatever rights the Debtors may have under the Repurchase Agreement or otherwise, including, without limitation, rights relating to the Records, Asset Files, Servicing Rights, and Mortgage Loans, until CSFB's and the Debtors' rights under the Repurchase Agreement or otherwise, including, without limitation, rights relating to the Records, Asset Files, Servicing Rights, and Mortgage Loans, are resolved either by a final, non-appealable order in the Adversary Proceeding or by consent of CSFB and the Debtors. The parties agree, and upon approval of this Stipulation and Order by the Court the Court shall have determined, that informing prospective bidders in the manner set forth in the prior sentence shall constitute good and proper notice to all prospective bidders of CSFB's assertions herein and in the Adversary Proceeding. CSFB agrees that the Debtors may solicit bids for the sale of some or all of the Debtors' claimed rights under the Repurchase Agreement, provided that the consummation of any such sale shall not be effective pending resolution by a final non-appealable order in the Adversary Proceeding or by consent of CSFB and the Debtors.

4. In consideration of the Debtors' agreements set forth in paragraphs 1-3 hereof, CSFB agrees not to object to the Sale Motion; provided, however, CSFB

61106/2223488.4                              4

reserves the right to appear at the Auction and the hearing on the Sale Motion; <u>provided further</u>, <u>however</u>, that CSFB's agreement herein shall not and shall not be deemed to have waived any and all rights, claims, or defenses that CSFB or the Debtors may assert in the Adversary Proceeding.

5. The Debtors agree that nothing in any order approving any of the relief requested in the Sale Motion will affect or alter the agreements identified in this Stipulation and Order.

6. Each person who executes this Stipulation and Order represents that he or she is duly authorized to execute this Stipulation and Order on behalf of the respective parties hereto and that each such party has full knowledge and has consented to this Stipulation and Order.

7. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copy, copies, or facsimiles signed by the parties hereto to be charged.

8. The Court shall retain jurisdiction to interpret and enforce this Stipulation and Order.

Dated: Wilmington, Delaware
September 27, 2007

*Steven K Kortanek*

Steven K. Kortanek (No. 3106)
WOMBLE CARLYLE SANDRIDGE &
RICE, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330

-and-

Howard B. Comet, Esq.
Lori R. Fife, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*[signature]*

James L. Patton, Jr. (Del. Bar No. 2202)
Robert S. Brady (Del. Bar No. 2847)
YOUNG CONAWAY STARGATT &
TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

Susheel Kirpalani, Esq.
James C. Tecce, Esq.
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor New
York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100