**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:

**CASE NO. 07-11047 (CSS)**

Movant Richard W. Horvath

## RESPONSE TO DEBTORS OBJECTION TO LIFTING OF THE AUTOMATIC STAY RE: AMERICAN HOME MORTGAGE

The Bankruptcy Code has long prohibited debtors from discharging liabilities Incurred on account of their fraud, carrying forth a basic policy of affording relief only to an "honest but unfortunate debtor." Congress did not favor giving perpetrators of fraud a fresh start (by allowing them to wipe out their debts in bankruptcy) over the interest in protecting victims of fraud when it wrote the Bankruptcy Laws. Accordingly, Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge in bankruptcy "any debt .... for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). It is not only the actual value of the "money, property, services, or . . . credit" the debtor obtained through fraud that is non-dischargeable in bankruptcy, but also treble.

The evidence presented by Movant proves beyond any reasonable doubt that American Home Mortgage acted in a <u>fraudulent</u> and <u>deceitful manner,</u> grossly <u>mismanaging Movant's account</u>, through the use of outright <u>lies</u> and <u>misrepresentations.</u> Such actions are not protected under the Federal Bankruptcy Laws, as noted above, and therefore, <u>the court is obligated by law</u> to over rule AHM objection, to a Lift of Automatic Stay.

2. Movant has been disabled since May 2005 because of Idiopathic

Hypersomnolence, and numerous other ailments, including short term memory

loss. On the Epworthy scale of 1 to 26 with 26 being worst case scenario, Movant

is a 26.  Movant started working on his civil suit long before American Home

Mortgage filed for bankruptcy but because of the inability to stay awake,

especially during redundant activities like driving, reading, writing, typing etc, so

Movant was unable to file his Civil Complaint prior to AHM filing of

bankruptcy. Movant had no idea that AHM was going to file bankruptcy, but

even if Movant knew of the pending bankruptcy, Movant's disabilities would not

have allowed Movant to file his documents any sooner .

 The court should recognize Movant's disabilities, and over rule AHM objection

that Movant filed his civil suit  four days after AHM filed for bankruptcy.

3.  AHM claims in their objection that Movant "is not likely to succeed on the merits

of his complaint".  Movant moves the court to over rule this objection on several

grounds.

 (<u>A</u>.)  It is a self serving statement with no merit whatsoever.

 <u>B</u> )  AMH  is now acting in the capacity of judge and jury by making such a

   blanket statement.

 (<u>C</u>)  AHM is in violation of section 6 of Respa (12 U.S.C. Section 2605) which

   provides a 60 day grace period on loan conversations.  Also, On April 4th

   2006 AHM refused to take a payment from Movant, claiming Movant's

   account was not in their system, four days after the loan was converted.

(D)  AHM violated the Federal Fair Credit Reporting Act when it falsely

"VERIFIED,  the 60 day lateness, on Movant's credit report.

Both of these Federal laws provide for "FULL DAMAGES" and

"PUNITIVE DAMAGES" when they are violated. These laws guaranty

Movant will prevail in his Civil action against AHM.

Arizona Revised Statutes A.R.S. s/s 44-1694 and A.R.S. s/s 44-1695 also

afford Movant the same protections as Respa, and the Fair Credit Reporting

Act. In view of this, Movant moves the court to over rule AHM objection on

their claim that Movant will not prevail.

(E)  AHM claims "Over Which Debtors Have No Control" is a total lie.  Debtor

is responsible for the examination and filing of documents such as  the

Affidavit of Affixture. Debtor is the party that falsely reported Movant

60 days late and then falsely "verified" the lateness. How can the debtors

possibly claim it was not in their control?


(5.)  AHM claims Movant will not be prejudiced if the stay is continued. This

again is a false statement since Movant is already prejudiced because Movant

is unable to secure legal consul due to Movant's inability to secure a Credit

Line against his home which is worth about $200,000.00. Since May 2007

Movant has tried to retain an attorney but no attorneys will take the case on

contingency basis. Because of AHM's false reporting on Movant's credit

bureaus, and  AHM's  failure to file an Affidavit of Affixture in a timely

manner, various websites used by lenders are reporting Movant's property

value as $ 81,607.00, and mortgage balance of $62,000.00, or equity of

$19,000.00, instead of the actual equity of approximately $140,000.00.

Movant is appearing at this court on October 10, 2007, without the benefit

of counsel because of these unlawful actions of AHM.

Movant moves the court to over rule AHM objections on this ground.

(6) AHM claims the "balance of hardships weighs against lifting the stay. The truth

is exactly the opposite!  Movant has $140,000.00 of equity in his home, unable to

retain an attorney, unable to loan his spouse money for her internet business.

**Movant takes eight types of medication only because *he can not afford the ninth*.**

For Debtors to make such a statement is grossly inaccurate, and untrue. Because

Movant was unable to secure a credit line, or loan, Movant was unable to afford

one of his medications for enlarged prostate, and could only afford to take half the

medication prescribed for his severe acid reflux causing Movant pain and

suffering, and possible further damage to his esophagus.  The evidence clearly

shows **the hardships of the Movant** demand a lift of the automatic stay.  In view of

this, Movant moves the court to over rule this objection of AHM.

(7)  AHM claims Movant will remain free to file a proof of claim. Movant's civil

suit against the debtors calls for punitive damages, **which are provided for by**

**law.**  To establish the "actual" damages, and to establish the punitive

damages Movant is entitled to,  requires litigation, and the ruling of a judge.

Movant would lose his right to a trial by jury which was requested by Movant

in his civil complaint. Furthermore, a bankruptcy court judge would, even if

unwittingly, be prejudice against Movant because of the financial constraints. Plaintiff's right to punitive damages would also be affected.

Prior to the filing of the Motion to Lift the Automatic stay, Movant called the offices of Young Conway Stargatt & Taylor, leaving a message for Mr. Taylor to call Movant, but no return call or answer was received by Movant.

Movant was in the Repossession, and Collection Business for 14 years, and through professional training and experience believes American Home Mortgage meets all the qualifications of a Predator Lender, and as such are not entitled to protection under the Bankruptcy Laws. A predator lender is one who uses unlawful, and deceptive practices to conduct their business. They constantly violate Respa, the Fair Credit Reporting Act, and The Fair Debt Collection Practices Act, as well as state and local laws designed to protect consumers.. A predator lender hides or refuses to disclose information that a borrower is entitled to receive. Movant has been ignored by Debtor, and Debtor's Counsel and it is for this reason, and for the protection of others who may follow , that the court take the following action,

<u>Entry of Omnibus Order</u>

To facilitate the necessary discovery, Movant requests that the Court enter the Proposed Order granting the Motion, and requiring the Debtors to produce documents responsive to schedules to be served by Movant, and or other parties seeking relief substantially in the form of the schedule annexed to the Proposed order.

## APPLICABLE AUTHORITY

Bankruptcy Rule 2004 provides, in relevant part, as follows:

(a) <u>Examination on Motion.</u> On motion of any party of interest, the court may order the examination of any entity

(b) <u>Scope of Examination.</u> The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge...

(c) <u>Compelling Attendance and Production of Documentary Evidence.</u> The attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.

Examinations under Bankruptcy Rules 2004(a) and (c) may include within their scope, among many other things: any matter which may relate to the property and assets of the estate; the financial condition of the debtor; any matter which may affect the administration of the debtor's estate; and, in a chapter 11 case, any matter relevant to the case or to the formulation of a plan.

Movant has been made aware that American Home Mortgage may not be the owner of Movant's note. That an interested third party not covered by this bankruptcy may own Movant's note, and of whom Movant can pursue outside of the bankruptcy court restraints. Movant respectfully requests that any and all information regarding an interested third party be supplied to Movant forthwith.

## **CONCLUSION**

**WHEREFORE, the Movant respectfully request that the Court enter an Order <u>Approving</u> Movant's Motion for Lift of the Automatic Stay as is just and proper.**

**Dated: Mesa Arizona**
**September 27, 2007**

_per se._

_____
**Movant Richard W. Horvath _pro se_**