## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x

| | |
|---|---|
| In re: | :   Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE | :   Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | : |
| | :   Jointly Administered |
| Debtors. | :   **Hearing Date: N/A** |
| | :   **Objection Deadline: N/A** |

-------------------------------------------------------------- x

### MOTION PURSUANT TO DEL. L.R. 9006-1(e) FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF MOTION FOR ORDER EXTENDING THE DEADLINE PURSUANT TO SECTION 365(d)(4) TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

The above-captioned debtors and debtors in possession (collectively, the

"Debtors") hereby move (the "Motion to Shorten") this Court, pursuant to Rule 9006-1(e) of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules") and section 102 of title 11 of the United States Code, 11

U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), for the entry of an order shortening the time for

notice of Motion for Order Extending the Deadline Pursuant to Section 365(d)(4) to Assume or

Reject Unexpired Leases of Nonresidential Real Property (the "Motion") so that the Motion may

be heard in connection with the hearing to approve of the Sale (as defined below) on October 9,

2007 at 2:30 p.m. (prevailing Eastern Time).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

1.      Local Rule 9006-1(c) provides for sixteen days notice period (if service is by overnight delivery) for motions not otherwise governed by the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or the Local Rules.  Further, Local Rule 9006-1(e) provides that such period may be shortened by Order of the Court upon written motion specifying the exigencies supporting shortened notice.  *See*, Del. Bankr. L.R. 9006-1(e).

2.      The Debtors submit sufficient cause exists to justify shortening the notice period specified in Bankruptcy Rule 2002 for the Motion.  The relief requested in the Motion is necessary and is related to the sale of the Debtors' Servicing Business to AH Mortgage Acquisition Co. (the "Purchaser") or another successful bidder (the "Sale").

3.      On September 25, 2007, after arduous negotiations, and with the benefit of significant input from the Official Committee of Unsecured Creditors (the "Committee") and Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006 (the "Administrative Agent"), the Sellers and the Purchaser entered into the Asset Purchase Agreement (the "APA").  Pursuant to the APA,[2] the Sellers are required to use commercially reasonable efforts to consumate the transactions contemplated in the APA and to satisfy certain conditions with respect to both the Initial Closing and the Final Closing.  Under the APA, the Final Closing Date may occur any time after the Initial Closing Date, but no later than September 30, 2008.  Section 6.16 of the APA requires the Sellers to extend the deadline under section 365(d)(4) of the Bankruptcy Code in the event the Final Closing has not occurred before that deadline.  The Debtors filed the Motion requesting an extension of the Assumption/Rejection Period with respect to the Real Property Leases because of the possibility that the Final Closing Date will occur after December

---

[2] The summary of the APA provisions are for the convenience of the Court, and the APA is the governing document in all respects.

4, 2007, the current deadline to assume or reject non-residential real property leases under section 365(d)(4) of the Bankruptcy Code such that the Real Property Leases can be transferred to the Purchaser. *See* APA §§ 2.1(b), 6.4(a), 6.16. Accordingly, the Debtors submit that consideration of the Motion at the hearing to approve the Sale is necessary and furthermore is in the best interests of the Debtors and their estates and creditors such that the Debtors are in the position to comply with the provisions of the APA.

4.      Because of the shortened notice period, the Debtors propose to give any party objecting to the Motion on October 9, 2007 at 12:00 p.m. to file and serve any objections upon the undersigned counsel for the Debtors.

5.      Accordingly, the Debtors request that the Motion be heard at the hearing currently scheduled for October 9, 2007 at 2:30 p.m. (ET) (the "Hearing") with objections to be filed and served by October 9, 2007 at 12:00 p.m. In light of the shortened notice period, the Debtors will serve the Motion by Federal Express overnight delivery or hand delivery, on (a) (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the Lessors; (v) counsel to the Debtors' postpetition lender; (vi) the Securities and Exchange Commission; (vii) counsel to the Purchaser; and (viii) all parties that have requested notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtors respectfully request that the Court enter an Order granting the relief requested herein and such other and further relief as is just and proper.

Dated:    Wilmington, Delaware
          September 28, 2007

                          YOUNG CONAWAY STARGATT & TAYLOR, LLP


                          _____
                          James L. Patton, Jr. (No. 2202)
                          Pauline K. Morgan (No. 3650)
                          Sean M. Beach (No. 4070)
                          Matthew B. Lunn (No. 4119)
                          Travis N. Turner (No. 4926)
                          The Brandywine Building
                          1000 West Street, 17th Floor
                          Wilmington, Delaware 19801
                          Telephone: (302) 571-6600
                          Facsimile: (302) 571-1253

                          Counsel for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

In re:                                                : Chapter 11
                                                      :
AMERICAN HOME MORTGAGE                                 : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]    :
                                                      : Jointly Administered
       Debtors.                                       :
---------------------------------------------------------------- x  **Ref. Docket No. _____**

## ORDER SHORTENING THE TIME FOR NOTICE OF MOTION FOR ORDER EXTENDING THE DEADLINE PURSUANT TO SECTION 365(d)(4) TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Upon consideration of the motion (the "Motion to Shorten")[2] of the above captioned debtors and debtors in possession (the "Debtors") for entry of an order providing that the applicable notice period for the Motion for Order Extending the Deadline Pursuant to Section 365(d)(4) to Assume or Reject Unexpired Leases of Nonresidential Real Property (the "Motion") be shortened pursuant to Local Rule 9006-1(e) and section 102 of the Bankruptcy Code; and the Court having determined that granting the relief requested in the Motion to Shorten is appropriate; and it appearing that due and adequate notice of the Motion to Shorten has been given under the circumstances, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion to Shorten is granted; and it is further

ORDERED, that the Motion shall be heard on October 9, 2007 at 2:30 p.m. (ET) (the "Hearing"); and it is further

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not defined herein shall have the meanings given to them in the Motion to Shorten.

ORDERED, that objections to the relief requested in the Motion shall be filed and

served on counsel for the Debtors by October 9, 2007 at 12:00 p.m. (E.T.); and it is further

ORDERED, that this Court shall retain jurisdiction over any and all matters

arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
          _____, 2007

          _____
          CHRISTOPHER S. SONTCHI
          UNITED STATES BANKRUPTCY JUDGE