IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                       :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                              :
                                                             :   Jointly Administered
Debtors.                                                     :
                                                             :   Docket Ref. No. 816
------------------------------------------------------------ x

## ORDER (I) APPROVING AND AUTHORIZING TERM SHEET WITH TRAVELERS INSURANCE; (II) AUTHORIZING DEBTORS TO OBTAIN SURETY BONDS; AND (III) GRANTING ADMINISTRATIVE CLAIMS

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[2] seeking the issuance of an order, pursuant to sections 105(a), 362, 363(b), 364(c) and 503(b) of the Bankruptcy Code and Bankruptcy Rule 4001 and 9019 approving the Term Sheet (the "Term Sheet"), a copy of which is attached hereto as Exhibit A, and Indemnity Contract, in substantially the form attached hereto as Exhibit B, by and between the Debtors and Travelers Casualty and Surety Company of America (collectively, the "Parties"); authorizing the Debtors to obtain surety bonds (the "Post-Petition Bonds"); granting certain

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

administrative claims and granting certain related relief; and it appearing that the Court has jurisdiction over this matter and the relief requested in the Motion pursuant to 28 U.S.C. sections 157 and 1335; and it appearing that this is a core proceeding pursuant to 28 U.S.C. section 157(b); due and sufficient notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates and creditors; and all objections (if any) to the requested relief having been resolved, withdrawn or overruled, ; and upon the record in these cases; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the relief requested in the Motion is hereby granted; and it is further

ORDERED, that the Term Sheet attached hereto as <u>Exhibit A</u> and the Indemnity Contract, substantially in the form attached hereto as <u>Exhibit B</u>, are approved pursuant to sections 105(a), 362, 363, 364 and 503 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9019; and it is further

ORDERED, that the Term Sheet is a valid and binding post-petition obligation of the Debtors; and it is further

ORDERED, that Travelers is authorized to use the Prepetition Collateral to satisfy any liabilities of any kind of Travelers associated with the prepetition bonds and Post-Petition Bonds described in the Term Sheet; and it is further

ORDERED, that pursuant to the terms of the Term Sheet, the Debtors are authorized and empowered to enter into, perform, execute and deliver all documents and take all actions necessary to implement the bonding contemplated herein, all of which are approved; and it is further

ORDERED, that the Debtors are authorized to pay the premiums associated with the Post-Petition Bonds; and it is further

ORDERED, that the Debtors are authorized to pay all reasonable fees and costs for all legal work of Travelers in connection with the Debtors' bankruptcy cases incurred from the Petition Date in accordance with the Term Sheet; and it is further

ORDERED, that Travelers is granted limited relief from the automatic stay pursuant to Section 362 of the Bankruptcy Code to apply the Prepetition Collateral to satisfy any claims in connection with the prepetition bonds and prepetition indemnity agreements, and Post-Petition Bonds and post-petition indemnity agreements; and it is further

ORDERED, that the rights granted herein are in addition to any security interests, liens, claims and rights of set-off, if any, existing in favor of Travelers as of the commencement of the Debtors' chapter 11 cases. Nothing contained in this Order shall limit or otherwise impair the rights of Travelers with respect to any security interests, liens, claims, and rights of setoff heretofore granted; and it is further

ORDERED, that the validity of all rights granted to Travelers under this Order shall not be affected, modified, altered, impaired or amended by, and shall survive without modification in any way: (a) the dismissal of any of these cases; (b) the conversion of any of these cases to chapter 7 of the Bankruptcy Code; (c) the confirmation of any plan of reorganization or liquidation of any of these chapter 11 cases, whether filed by one or more of the Debtors or a party in interest; (d) any order confirming such a plan for the Debtors; (e) the expiration of Travelers' obligations; and (e) Travelers' rights upon the occurrence of any event of default as set forth in an indemnity agreement with the Debtors. All liens and security interests of Travelers shall continue to remain in effect until Travelers is provided with competent written

evidence satisfactory to Travelers in its sole discretion or otherwise in accordance with the indemnity agreement that all pre and post-petition liabilities have been released and discharged in full, including that there exists no outstanding liability, loss, cost, expense, unpaid premium or other unreimbursed amounts due to Travelers associated therewith; and it is further

ORDERED, that nothing contained in this Order, the Motion or the conduct or performance by Travelers or any of their agents shall be construed as a consent by Travelers to a claim, cost or charge asserted against the Prepetition Collateral by any person or entity pursuant to section 506(c) of the Bankruptcy Code; and it is further

ORDERED, that the release and waiver provided by the Debtors to Travelers is a sound and prudent exercise of the Debtors' business judgment and reasonable in light of the facts and circumstances of these cases and due cause exists under Bankruptcy Rule 9019 for the Court to approve the settlement embodied in the Term Sheet and it is hereby approved; and it is further

ORDERED, that Travelers shall be entitled to an allowed administrative claim pursuant to Section 503(b) of the Bankruptcy Code (behind existing claims of the DIP Lender, the Pre-Petition Secured Parties, and the Carve Out, as each such term is defined in either the Final Cash Collateral Order and/or the Final DIP Order) for any claim or loss, arising post-petition, sustained on account of any bonds written for the account post-petition (or reinstated, increased or renewed post-petition); and it is further

ORDERED, that Travelers shall not seek to enforce, directly or indirectly, any administrative or priority claim in respect of any asset which constitutes collateral of the Administrative Agent, for the ratable benefit of the Pre-Petition Secured Parties, or the DIP Lender unless all of the Indebtedness and DIP Obligations have been indefeasibly paid in full in cash, or otherwise authorized with the prior written consent of the Administrative Agent and the

DIP Lender (as each such capitalized term is defined in either the Final Cash Collateral Order and/or the Final DIP Order) (either of the foregoing constituting a "Payoff Event"). Upon the occurrence of a Payoff Event and without the requirement of any further order of the Bankruptcy Court, Travelers shall be granted an allowed administrative claim pursuant to Section 364 of the Bankruptcy Code for any claim or loss, arising post-petition, sustained on account of any bonds written for the account post-petition (or reinstated, increased or renewed post-petition); and it is further

ORDERED, that the administrative claim treatment provided to Travelers pursuant to the Term Sheet shall not be less favorable than the administrative claim treatment provided to any other administrative claim holder, with the exception of the DIP Lender, the Pre-Petition Secured Parties, and the Carve Out; and it is further

ORDERED, that the Debtors are authorized and empowered to take all such actions, pay all such amounts and incur all such expenses as may be necessary to implement the relief granted in this Order; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine any and all disputes arising out of the implementation of this Order.

Dated: Wilmington, Delaware
       October 1, 2007

_____
Christopher S. Sontchi
United States Bankruptcy Judge