## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------------- | x | |
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 |
| HOLDINGS, INC., a Delaware corporation, <u>et. al.</u> | ) | Jointly Administered |
| | ) | |
| | ) | **Hearing Date: TBD** |
| | ) | **Objection Deadline: At or Prior to Any Hearing Set** |
| Debtors. | ) | **on this Matter** |
| | ) | **Re: Docket Nos. 11, 674, 850 & 865** |
| ------------------------------------------------------------- | x | |

### EMERGENCY MOTION REQUESTING TELEPHONIC HEARING
### WITH RESPECT TO HEARING ON DEBTORS' SALE MOTION

EMC Mortgage Corporation ("EMC"), by its undersigned attorneys, hereby requests that the Court conduct an emergency status conference concerning the hearing on the Debtors' Motion (I) Authorizing The Sale Of Such Assets Free And Clear Of Liens, Claims, Encumbrances, And Other Interests; (II) Authorizing And Approving Purchase Agreement Thereto; (III) Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases Related Thereto; And (IV) Granting Related Relief And To The Notice Of (I) Possible Assumption And Assignment Of Certain Leases, License Agreements And Executory Contracts; And (II) Proposed Cure Obligations, If Any (the "Sales Motion"). The grounds of this Motion are as follows:

### Preliminary Statement

1.      By this Motion EMC is respectfully requesting that the Court hold a telephonic status conference concerning the date, procedures, and other related matters, as pertains to the Debtors' Sales Motion and the Objection thereto filed by EMC.

### Grounds for Relief

2.      On March 1, 2006, EMC, as purchaser, entered into a Purchase, Warranties and

Servicing Agreement (as amended, modified and supplemented from time to time, the "PWSA") with American Home Mortgage Corporation, as seller ("AHMC") and American Home Mortgage Servicing, Inc. ("AHMS"), as servicer.  Pursuant to the PWSA, EMC purchased, from time to time, certain mortgage loans (the "Purchased Mortgage Loans") from AHMC.

3.      On or about August 6, 2007 the Debtors filed the Sales Motion for entry of an order authorizing, among other things, the sale of certain mortgage loan serving business free and clear of liens, claims, encumbrances, and other interests [Docket No. 11], and (ii) notice of proposed cure amounts filed on September 10, 2007 [Docket No. 674] (the "Cure Notice").

4.      The Debtors' Sales Motion initially indicated that it was selling certain portions of what it contended was its mortgage servicing business.  The PWSA was listed only as a "potentially executory contract," and thus, whether it would or would not be assumed, assigned or sold was not stated.

5.      On or about September 20, 2007 EMC filed its initial Objection to the Sales Motion. EMC's initial Objection (Docket No. 850)(the "Objection"), demonstrating, among other things, that the mortgage servicing rights,[1] are an integral part of the PWSA, that the PWSA was terminated and that all servicing rights vested in EMC, as a result of the termination of the PWSA.  The Debtors have no rights to assume, assign or convey under the PWSA.

6.      On September 25, 2007, the Debtors filed the executed Asset Purchase Agreement by and among AH Mortgage Acquisition Co., Inc., (Docket No. 931) which for the first time plainly listed the PWSA on Schedule 1.1(j) as being included in the assets to be purchased (the "Purchased Assets").  (Schedule 1.1(j)cd.)   Even this Schedule was less than clear, as it indicated that "To the extent this agreement [the PWSA] relates to the Servicing

---

[1]      Servicing involves, among other things, collecting principal and interest payments and other income and amounts received in connection with the Purchased Mortgage Loans and maintaining control of the collection process.

Rights Held for Sale, it will be deleted from this Schedule 1.1.(j)."

7.      This Court has scheduled a hearing on the Sale Motion for October 9, 2007 at

2:30 pm for the purpose, among other things, of determining whether to approve the sale of the

Debtors' assets to the highest or best bidder.

8.      EMC now seeks a status conference in order to determine how the Court wishes

the parties to proceed with respect to a determination of both its Initial Objection, and a

Supplemental Objection which will be filed on October 2, 2007, unless such date is changed by

order of this Court.

9.      EMC respectfully submits that the Court should not utilize the summary and

expedited proceedings associated with the sale hearing to determine such issues as title to the

Servicing rights, and that the ruling on the Objection should be resolved in an adversary

proceeding.  See Rule 7001(2).  EMC anticipates filing an adversary proceeding seeking, among

other things, a declaratory judgment that the servicing rights have vested with it, and that such

rights are not property of the estate.  Further, EMC anticipates moving for summary judgment on

such issues.  EMC would request that no assumption or assignment of the servicing rights under

the PWSA be permitted pending the Court's ruling in an adversary proceeding.

10.     The courts have held that a motion to assume under Code section 365 is a

summary proceeding and does not authorize a court to resolve questions concerning the validity

of a contract, breach, or title issues.   Orion Pictures  Corp. v. Showtime Networks, Inc. (In re

Orion Pictures Corp.) 4 F.3d 1095 (2d Cir. 1993).  Section 365 was "intended to efficiently

review the trustee's or debtor's decision to adhere to or reject a particular contract in the course

of a swift administration of the bankruptcy estate. . . . It is not the place for an extended breach of

contract suit."  Id. at 1098.  Further, "Permitting a bankruptcy court to rule conclusively on a

3

decisive issue of breach of contract would render the use of "business judgment" required by In re Minges unnecessary, and is incompatible with the limited purpose of motions to assume. . ." Id. at 1099.   See also In re Interiors of Yesterday, LLC, 2007 Bankr. LEXIS 449, *23 (Bankr. D. Conn. Feb. 2, 2007) (The threshold question of whether the property sought to be sold by the Debtors is property of the estate must be decided before such property may be sold free and clear under section 363(f) of the Bankruptcy Code.)  See Moldo v. Clark (In re Clark), 266 B.R. 163, 172 (9th Cir. B.A.P. 2001).  Questions of title to the Servicing Rights should not and must not be resolved in a contested matter.  See Warnick v. Yassian (In re Rodeo Canon Development Corp.), 362 F.3d 603, 608-09 (9th Cir. 2004) ("A bankruptcy court may not allow the sale of property as 'property of the estate' without first determining whether the debtor in fact owned the property") (subsequently withdrawn based on stipulation of parties regarding the facts).

11.      The adversary proceeding is the proper vehicle for resolving such issues.  See In re Claywell, 341 B.R. 396, 398 (Bankr. D. Conn. 2006). [2]  If the Debtors ultimately proceed with the sale without resolving the issue of who owns title to the servicing rights under the PWSA, a purported sale under section 363 will be subject to reversal despite the mootness provisions of section 363(m) of the Bankruptcy Code.  Darby v. Zimmerman (In re Popp), 323 B.R. 260, 217 n. 16 (9th Cir. B.A.P. 2005).   In addition, the Debtors are seeking an injunction as part of the Sale Motion.  See paragraph 19, Revised Motion, (Docket 865).  An injunction may not be ordered as a result of a contested matter.

12.      Alternatively, if the Court determines that the resolution of EMC's title to the servicing rights should proceed as part of a contested matter, despite the assertions herein, then EMC respectfully requests that it be given a fair opportunity to (a) be informed of the legal and

---

[2]      While the Debtors should have initiated an adversary proceeding to determine title or other similar issues, EMC reserves the right to initiate an adversary proceeding to determine ownership or entitled to the Servicing Rights under the PWSA.

factual arguments of the Debtor and (b) be given a fair opportunity to provide post hearing briefs. EMC recently contacted Debtors' counsel to determine how the Debtors intended to proceed, and whether the Debtors would voluntarily provide a list of witnesses, documents and any expert reports. A copy of the e-mail to Debtors' counsel is attached hereto and incorporated herein Exhibit A.

### Relief Requested

13.     EMC further requests that the Court hold a status conference to consider the following:

13.1.     The request of EMC that the EMC Objections be heard subsequent to October 9, 2007 and that the Court not authorize nor permit the Sale to be confirmed with respect to the PWSA unless and until there is a final determination as to whether the servicing rights are property of the estate under 11 U.S.C. § 541.

13.2.     Whether the Court will defer any ruling on the merits until the filing and determination by an adversary proceeding on the issue of whether EMC is the vested owner of the Servicing Rights and whether such Servicing Rights are property of the estate.

13.3.     To consider a request that the Debtors hold any sales proceeds in escrow which arise from the assumption and assignment of any rights in the PWSA pending a ruling by this Court on whether the servicing rights are, or are not, property of the estate.

13.4.     To otherwise consider whether the hearing on the merits of the Objection will or will not proceed on October 9, 2007;

13.5.     Whether the proceeding will be an evidentiary hearing.

13.6.     Whether EMC will be granted the right to file post hearing briefs on all issues raised by the Debtors.

13.7.     Any other matter relating to the manner and basis for the hearing on the

Objections by EMC.

WHEREFORE, EMC respectfully requests that the Court enter an order scheduling an emergency telephonic hearing at the earliest convenience of the Court and grant such other relief as is just and proper.

Dated: October 1, 2007

Respectfully submitted,

DUANE MORRIS LLP

_____
Frederick B. Rosner (DE 3995)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone: (302) 657-4943

and

SIDLEY AUSTIN LLP
William M. Goldman
Geoffrey T. Raicht
Alex R. Rovira
Lori A. Kujawski
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

SIDLEY AUSTIN LLP
David R. Kuney
1501 K. St. N.W.
Washington, D.C. 20005
Telephone: (202) 736-8650
Facsimile: (202) 736-8711