**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | **Objection Deadline: Oct. 1, 2007 @ 4:00 pm** |
| | ) | **Sale Hearing: Oct. 9, 2007 @ 2:30 pm** |
| | | **Related Docket Nos.: 11, 113** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF UBS REAL ESTATE SECURITIES INC. WITH RESPECT TO THE EMERGENCY MOTION OF THE DEBTORS FOR ORDERS: (A)(I) APPROVING SALE PROCEDURES; (II) SCHEDULING A HEARING TO CONSIDER SALE OF CERTAIN ASSETS USED IN THE DEBTORS' LOAN SERVICING BUSINESS; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF; AND (B)(I) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING PURCHASE AGREEMENT THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

UBS Real Estate Securities Inc. ("RESI"), hereby submits this limited objection and reservation of rights (the "Limited Objection") with respect to the proposed sale (the "Sale") by American Home Mortgage Holdings, Inc. and its affiliated debtors and debtors-in-possession in the above-captioned case (the "Debtors") of assets used in the Debtors' loan servicing business (the "Servicing Platform"). Pursuant to the proposed Sale, the Debtors seek to assume and assign certain agreements to which RESI is a party (the "RESI Agreements").[1] While RESI does not object in principle to the Debtors' sale of the Servicing Platform, RESI is compelled to file this Limited Objection because the deadline for doing so precedes that date on which (a) the identity of the assignee of the RESI Agreements will be known, and (b) the Debtors will be able

[1] A list of the RESI Agreements is attached hereto at Annex A. This list excludes contracts the Debtors have withdrawn from assumption and assignments pursuant to their Notice of Contracts *Excluded* From (I) Possible

to demonstrate compliance with sections 365(b) and (f) of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

1. The Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on August 6, 2007 (the "Petition Date"). The Debtors remain in possession of their estates and are managing their businesses pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

2. On the Petition Date, the Debtors filed an Emergency Motion for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; and (IV) Granting Related Relief (the "Sale Motion").

3. The Court granted the Sale Motion on August 9, 2007 (the "Sale Order"). Pursuant to the Sale Order, the Court scheduled an auction for September 10, 2007 (the "Original Auction Date") and established September 13, 2007 as the deadline for parties in interest to object to the Debtors' sale of the Servicing Platform (the "Original Objection Deadline"). The Court also set a hearing date with respect to the Sale for September 17, 2007.

4. The Original Objection Deadline was consistent with the Original Auction Date in that *after* the auction was to take place on September 10, 2007, parties in interest would have

---

Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any, which was filed on September 27, 2007.

three days to contemplate whether or not they had any objections to the performance abilities of the Successful Bidder[2] or the terms of the proposed Sale.

5. On August 31, 2007, the Debtors filed a Notice of Rescheduled Dates in Connection With the Sale Motion (the "First Rescheduling Notice"). Pursuant to the First Rescheduling Notice, the auction was rescheduled to September 24, 2007 and the hearing date with respect to the planned Sale was rescheduled to October 1, 2007. Thereafter, on September 10, 2007, the Debtors filed their *Modified* Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any (the "Modified Notice"), which rescheduled the Original Objection Deadline to September 20, 2007 (the "First Rescheduled Objection Deadline"). The Modified Notice also stated that the "Debtors are only seeking to assume and assign … the loan servicing rights" pursuant to the Sale of the Debtors' Servicing Platform. Modified Notice at 2 (Emphasis deleted). The Modified Notice was later supplemented by the Supplemental Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any (the "Supplemental Notice"), filed by the Debtors on September 26, 2007. The Supplemental Notice listed additional contracts the Debtors sought to assume and assign with respect to their planned sale of the Servicing Platform.

6. On September 14, 2007, the Debtors again filed a Notice of Rescheduled Dates in Connection With the Sale Motion (the "Second Rescheduling Notice"). Pursuant to the Second Rescheduling Notice, the auction was rescheduled to October 5, 2007 and the hearing date with respect to the planned Sale was rescheduled to October 9, 2007. The Second Rescheduling Notice also set the objection deadline with respect to the Debtors' transfer of the Servicing Platform for October 1, 2007 (the "Second Rescheduled Objection Deadline").

---

2 All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

**LIMITED OBJECTIONS**

7. Currently, the Second Rescheduled Objection Deadline, October 1, 2007, is set *before* the auction, now scheduled for October 5, 2007, and the sale hearing now scheduled for October 9, 2007. However, it is only until after the auction that parties in interest will be able to know the identity of the proposed assignee and to assess the terms of the proposed transaction, including whether the Successful Bidder is able to adequately perform under the executory contracts it will be assigned as purchaser of the Debtors' Servicing Platform.

8. Sections 365(b) and (f) of the Bankruptcy Code require the Debtors to provide adequate assurance of future performance by the assignee as a condition to the assumption and assignment of any contract. 11 U.S.C. 365(b)(1) and (f)(2); *see, e.g.*, *In re Kiwi Int'l Air Lines, Inc.*, 344 F.3d 311, 318 (3d Cir. 2003). RESI objects to the Sale Motion and reserves its rights to the extent that the Debtors do not provide adequate assurance of the currently unknown assignee's future performance of the RESI Agreements and, moreover, to the extent that the Debtors do not provide an adequate opportunity for RESI to raise objections once the Successful Bidder is identified.

9. RESI also objects to the extent that the Debtors seek, as stated in their Modified Notice and Supplemental Notice, to assume and assign only the servicing rights of the RESI Agreements. *See, e.g.*, *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531-32 (1984) ("Should the debtor-in-possession elect to assume [an] executory contract ... it assumes the contract *cum onere* ... ."); *In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 298 (3d Cir. 2000) (noting a debtor may assume an executory contract or unexpired lease, "but it must do so in its entirety").

10. RESI further objects to the extent that any of the RESI Agreements are financial accommodations. *See* 11 U.S.C. § 365(c)(2) (stating that a debtor may not assume and assign a contract that is a financial accommodation).

**RESERVATION OF RIGHTS**

11. RESI reserves its rights to amend, supplement or modify this Limited Objection in whole or in party at its discretion at any time. RESI does not waive any right it may have by filing this Limited Objection. Specifically, RESI reserves its rights to object to the Sale Motion on the basis of the Successful Bidder's inability to adequately perform under the RESI Agreements. RESI also reserves its rights under the RESI Agreements and the Bankruptcy Code, including its rights pursuant to sections 555 and 559 of the Bankruptcy Code.

WHEREFORE, RESI respectfully requests that (i) the Debtors' Sale Motion be denied to the extent necessary to protect RESI's rights and interests under the RESI Agreements, and (ii) the Court grant such other and further relief as is just and proper.

Dated: October 1, 2007

By: AMWinfree

William P. Bowden (I.D. #2553)
Amanda M. Winfree (I.D. #4615)
**ASHBY & GEDDES, P.A.**
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

and

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Rick B. Antonoff (*pro hac vice* admission)
Brandon R. Johnson (*pro hac vice* admission)
1540 Broadway
New York, NY 10036
Telephone: (212) 858-1000
Facsimile: (212) 858-1500

Attorneys for UBS Real Estate Securities Inc.

**Annex A**

1. Master Loan Purchase and Servicing Agreement, dated as of December 1, 2005 by and between American Home Mortgage Corp. (Seller), American Home Mortgage Servicing, Inc. (Servicer) and UBS Real Estate Securities, Inc. (Initial Purchaser)

2. Assignment, Assumption and Recognition Agreement, dated as of June 29, 2006, among UBS Real Estate Securities Inc. (the "Assignor"), Mortgage Asset Securitization Transactions, Inc. (the "Assignee"), American Home Mortgage Corp. (the "Company") and American Home Mortgage Servicing, Inc. (the "Servicer")

3. Assignment, Assumption and Recognition Agreement, dated as of November 15, 2006, among UBS Real Estate Securities Inc. (the "Assignor"), Mortgage Asset Securitization Transactions, Inc. (the "Assignee"), American Home Mortgage Corp. (the "Company") and American Home Mortgage Servicing, Inc. (the "Servicer")

4. Assignment, Assumption and Recognition Agreement, dated as of January 16, 2007, among UBS Real Estate Securities Inc. as Assignor, Mortgage Asset Securitization Transactions, Inc., as Assignee, American Home Mortgage Corp., and American Home Mortgage Servicing, Inc., as Servicer

5. Assignment, Assumption and Recognition Agreement, dated as of May 15, 2007, among UBS Real Estate Securities Inc. (the "Assignor"), Mortgage Asset Securitization Transactions, Inc. (the "Assignee"), American Home Mortgage Corp. (the "Company") and American Home Mortgage Servicing, Inc. (the "Servicer")

6. Assignment, Assumption and Recognition Agreement, dated as of March 29, 2006, among UBS Real Estate Securities Inc. (the "Assignor"), Mortgage Asset Securitization Transactions, Inc. (the "Assignee"), American Home Mortgage Corp. (the "Company") and American Home Mortgage Servicing, Inc. (the "Servicer")

7. Assignment, Assumption and Recognition Agreement, dated as of April 20, 2006, among UBS Real Estate Securities Inc. (the "Assignor"), Mortgage Asset Securitization Transactions, Inc. (the "Assignee"), American Home Mortgage Corp. (the "Company") and American Home Mortgage Servicing, Inc. (the "Servicer")

8. Assignment, Assumption and Recognition Agreement, dated as of December 29, 2005, among UBS Real Estate Securities Inc, (the "Assignor"), Mortgage Asset Securitization Transactions, Inc. (the "Assignee"), American Home Mortgage Corp. (the "Company") and American Home Mortgage Servicing, Inc. (the "Servicer")