IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AMERICAN HOME MORTGAGE | § | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., | § | (Jointly Administered) |
| et al., | § | |
| | § | |
| Debtors. | § | |

**CALYON NEW YORK BRANCH'S LIMITED OBJECTION TO, AND RESERVATION OF RIGHTS REGARDING, THE EMERGENCY MOTION OF THE DEBTORS FOR ORDERS: (A)(I) APPROVING SALE PROCEDURES; (II) SCHEDULING A HEARING TO CONSIDER SALE OF CERTAIN ASSETS USED IN THE DEBTORS' LOAN SERVICING BUSINESS; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF; AND (B)(I) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING PURCHASE AGREEMENT THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

Calyon New York Branch, as Administrative Agent ("Calyon" or "Plaintiff"), by counsel, submits the following as its limited objection to, and reservation of rights regarding (the "Objection"), the Emergency Motion of the Debtors for Orders (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (Docket No. 11) (the "Motion"):

**Preliminary Statement**

1.      The Debtors have indicated that they are not attempting to sell the servicing of certain mortgage loans (the "Mortgage Loans"), mortgage funds ("Mortgage Funds") and mortgage files ("Mortgage Files") related to the Repurchase Agreement (as defined herein), or to assume and assign any part of the Repurchase Agreement, in connection with the Motion and the sale of the Debtors' servicing business. Calyon does not object to the Motion, or to the sale of the Debtors' servicing business requested therein (the "Servicing Sale"), to the extent the Motion does not seek to sell or otherwise transfer, including by placing a lien on, the servicing of the Mortgage Loans, the Mortgage Funds or the Mortgage Files, or to assume and assign any part of the Repurchase Agreement.

2.      Calyon files this Objection for the limited purpose of reserving its rights to object to any attempt by the Debtors to sell or otherwise transfer, including by placing a lien on, the servicing of the Mortgage Loans, the Mortgage Funds or the Mortgage Files, or to assume and assign any part of the Repurchase Agreement. In sum, such relief would be inappropriate because the servicing of the Mortgage Loans, the Mortgage Funds and the Mortgage Files are not property of the Debtors' estates and the Debtors can not assume and assign any part of the Repurchase Agreement.

**Background**

**A.      The Debtors' Bankruptcy Cases**

3.      On August 6, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

4.      On August 6, 2007, the Debtors filed the Motion. In the Motion, the Debtors

requested approval of, among other things, an expedited sale process and the Servicing Sale.

5. On August 9, 2007, the Court entered the Order (I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief (Docket. No. 113) (the "Procedures Order"). Among other things, the Procedures Order required the Debtors to provide non-debtor counterparties to contracts to be assumed and assigned with a notice of assumption and assignment ("Notice of Assumption and Assignment") setting forth the Debtors' intent to assume and assign such contracts and the proposed cure amounts for the contracts.

6. On August 27, 2007, the Debtors filed the Notice of Assumption and Assignment (Docket No. 403). Exhibit A to the Notice of Assumption and Assignment identified part of the Repurchase Agreement as a contract the Debtors may seek to assume and assign, and listed the cure amount for the Repurchase Agreement as $0.00.

7. Thereafter, on September 24, 2007, the Debtors informed Calyon that the Debtors no longer intended to sell or otherwise transfer, including by placing a lien on, the servicing of the Mortgage Loans, the Mortgage Funds or the Mortgage Files related to the Repurchase Agreement, or to assume and assign any part of the Repurchase Agreement, in connection with the Servicing Sale.

8. On September 25, 2007, the Debtors filed the executed copy of the Asset Purchase Agreement (Docket No. 931) (the "APA") for the Servicing Sale, including schedules to the APA. The schedules to the APA do not identify any part of the Repurchase Agreement as a contract which the Debtors seek to assume and assign in connection with the Servicing Sale.

9. On September 27, 2007, the Debtors filed the Notice of Contracts Excluded From

(I) Possible Assumption and Assignment of Certain Leases, License Agreements and Executory Contracts; and (II) Proposed Cure Obligations If Any (Docket No. 979) (the "Exclusion Notice"). The Exclusion Notice states that the Debtors are removing the contracts identified in the Exclusion Notice from the Servicing Sale and withdrawing the request to assume and assign such contracts (collectively, the "Withdrawn Contracts"). The Exclusion Notice identifies the Repurchase Agreement as a Withdrawn Contract.

**B.    The Repurchase Agreement and the Adversary Proceeding**

10.    Calyon and certain of the Debtors, among others, are parties to that certain Repurchase Agreement dated November 21, 2006 (the "Repurchase Agreement").

11.    Under the Repurchase Agreement and applicable law, the Debtors are obligated to turnover the servicing of the Mortgage Loans, the Mortgage Funds and the Mortgage Files, to Calyon or its designees. Based on the Debtors' refusal to comply with the Repurchase Agreement and applicable law, on August 28, 2007, Calyon filed its Complaint and Request for Declaratory Judgment, Injunctive Relief and Damages (Adv. Proc. Docket No. 1) (the "Complaint") against certain of the Debtors (the "Defendants"), thereby initiating adversary proceeding 07-51704 (the "Adversary Proceeding"). Calyon hereby incorporates by reference the Complaint.

12.    On August 28, 2007, Calyon also filed (i) Calyon New York Branch's Motion for a Preliminary Injunction and Declaratory and Injunctive Relief (Adv. Proc. Docket No. 2) (the "Preliminary Injunction Motion"); (ii) the Memorandum of Law in Support of Plaintiff Calyon New York Branch's Motion for a Preliminary Injunction and Declaratory and Injunctive Relief (Adv. Proc. Docket No. 5) (the "Preliminary Injunction Memorandum"); and (iii) the Declaration of Alan Sidrane in Support of (I) Complaint and Request for Declaratory Judgment, Injunctive

Relief and Damages; and (II) Motion of Plaintiff Calyon New York Branch for a Preliminary Injunction and Declaratory and Injunctive Relief (Adv. Proc. Docket No. 3) (the "Declaration"). Calyon hereby incorporates by reference the Preliminary Injunction Motion, the Preliminary Injunction Memorandum and the Declaration.

13. Subsequently, Calyon and the Defendants entered into the Stipulation and Order, which the Court signed and entered in the Adversary Proceeding on September 7, 2007 (Adv. Proc. Docket No. 15) (the "Stipulation and Order"). Among other things, the Stipulation and Order provides that

> Defendants agree not to sell or otherwise transfer whatever rights Defendants may claim under the Repurchase Agreement or otherwise, including, without limitation, rights related to the servicing of the Mortgage Loans, the Mortgage Funds and the Mortgage Files, until Calyon's and Defendants' rights under the Repurchase Agreement or otherwise, including, without limitation, rights related to the servicing of the Mortgage Loans, the Mortgage Funds and the Mortgage Files, are resolved either by an order in this adversary proceeding or by consent of both Calyon and Defendants.

Stipulation and Order, ¶ 4.

14. On September 21, 2007, Calyon filed the Motion for Summary Judgment of Calyon New York Branch Regarding First Counterclaim (Adv. Proc. Docket No. 22) (the "Summary Judgment Motion") and the Opening Brief in Support of Motion for Summary Judgment of Calyon New York Branch Regarding First Counterclaim (Adv. Proc. Docket No. 23) (the "Summary Judgment Brief"). Calyon hereby incorporates by reference the Summary Judgment Motion and the Summary Judgment Brief.

## Limited Objection

15. The Debtors have indicated that they do not intend to sell or otherwise transfer, including by placing a lien on, the servicing of the Mortgage Loans, the Mortgage Funds or the Mortgage Files, or to assume and assign any part of the Repurchase Agreement, in connection

with the Motion and the Servicing Sale. As a result, Calyon files this Objection for the limited purpose of reserving its rights to object and raise additional arguments against any attempt by the Debtors to sell or otherwise transfer, including by placing a lien on, the servicing of the Mortgage Loans, the Mortgage Funds or the Mortgage Files related to the Repurchase Agreement, or to assume and assign any part of the Repurchase Agreement. Calyon does not object to the Motion or the Servicing Sale to the extent the Debtors do not seek to sell or otherwise transfer, including by placing a lien on, the servicing of the Mortgage Loans, the Mortgage Funds or the Mortgage Files, or to assume and assign any part or all of the Repurchase Agreement.

16. As discussed more fully in the Complaint, the Preliminary Injunction Memorandum and the Summary Judgment Brief, the Mortgage Funds and the Mortgage Files are not property of the Debtors' estates and the Repurchase Agreement has been terminated. As a result, the Debtors can not transfer the servicing of the Mortgage Loans, the Mortgage Funds or the Mortgage Files to a third party. Moreover, the Debtors can not assume and assign any part or all of the Repurchase Agreement. In addition, to the extent the Debtors could assume and assign any part or all of the Repurchase Agreement, the cure amount for any such assumption and assignment would be well in excess of the $0.00 identified by the Debtors in the Notice of Assumption and Assignment, and Calyon reserves the right to object to any proposed cure amount identified by the Debtors in the future.

**[remainder of this page intentionally left blank]**

WHEREFORE, for the reasons set forth above and more fully in the Complaint, the Preliminary Injunction Memorandum and the Summary Judgment Brief, Calyon respectfully requests that the Court not enter any order approving the Motion to the extent such order authorizes the Debtors to sell or otherwise transfer, including by placing a lien on, the servicing of the Mortgage Loans, the Mortgage Funds and the Mortgage Files, or to assume and assign any part or all of the Repurchase Agreement.

Dated: October 1, 2007

    ECKERT SEAMANS CHERIN & MELLOTT, LLP

    */s/ Michael G. Busenkell*

    Michael G. Busenkell (DE No. 3933)
    Margaret F. England
    300 Delaware Avenue, Suite 1210
    Wilmington, DE 19801
    Telephone: (302) 425-0430
    Telecopier: (302) 425-0432

    -and-

    Benjamin C. Ackerly
    Jason W. Harbour (DE No. 4176)
    HUNTON & WILLIAMS LLP
    Riverfront Plaza, East Tower
    951 E. Byrd Street
    Richmond, Virginia 23219-4074
    Telephone: (804) 788-8200
    Telecopier: (804) 788-8218

    -and-

    Peter S. Partee
    Scott H. Bernstein
    200 Park Avenue, 53rd Floor
    New York, New York 100166-0136
    Telephone: (212) 309-1000
    Telecopier: (212) 309-1100

    Counsel to Calyon New York Branch