IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

|  |  |
|---|---|
| | x  Chapter 11 |
| In re: | : |
| | :  Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE | : |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | :  Jointly Administered |
| | : |
| Debtors. | :  **Hearing Date: October 17, 2007 at 10:00 a.m.** |
| | :  **Objection Deadline: October 10, 2007 at 4:00 p.m.** |

---

**APPLICATION FOR ORDER (I) APPROVING THE RETENTION AND
EMPLOYMENT OF CODILIS & ASSOCIATES, PC AS FORECLOSURE
PROFESSIONALS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE;
(II) APPROVING ITS FEE STRUCTURE;
AND (III) GRANTING A PARTIAL WAIVER OF LOCAL RULE 2016-2(d)**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

hereby file this application (the "Application") seeking (i) entry of an order, pursuant to sections

327(e), 328, 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the

"Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), (i) approving the retention and employment of Codilis & Associates,

PC ("Codilis & Associates" or the "Firm") as foreclosure professionals for the Debtors effective,

*nunc pro tunc* to the Petition Date (as defined below); (ii) approving the Firm's Fee Structure (as

defined below); and (iii) waiving Rule 2016-2(d) of the Local Rules of Bankruptcy Practice and

Procedure of the U.S. Bankruptcy Court for the District of Delaware (the "Local Rules") to the

extent set forth therein.  In support of this Application, the Debtors rely upon the Affidavit of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp.
("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM
Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a
Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558);
American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.
("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road,

Berton J. Maley, Esq., a copy of which is attached hereto as <u>Exhibit A</u> (the "<u>Maley Affidavit</u>").

In further support of this Application, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157
and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this
District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal
predicates for the relief sought herein are sections 327(e), 328, 330 and 331 of the Bankruptcy
Code and Bankruptcy Rules 2014 and 2016.

## STATUS OF THE CASE

2.      On August 6, 2007 (the "<u>Petition Date</u>"), each of the Debtors filed with
this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.      Each Debtor is continuing to operate its business and manage its
properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy
Code.

4.      The Debtors' chapter 11 cases are being jointly administered pursuant to
Bankruptcy Rule 1015(b).

5.      No trustee or examiner has been appointed.  On August 14, 2007, the
Office of the Unites States Trustee appointed an official committee of unsecured creditors for
these cases.

Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,
Texas 75063.

## THE DEBTORS' BUSINESS[2]

6.    Prior to the filing of these bankruptcy cases, AHM's business primarily entailed the origination, servicing, and sale of mortgage loans, as well as investment in mortgage loans and mortgage-backed securities resulting from the securitizations of residential mortgage loans. AHM also invested in securitized mortgage loans originated by others and originated and sold mortgage loans to institutional investors. AHM offered an array of mortgage products and primarily made loans to borrowers with good credit profiles. Most of its portfolio consisted of securitized adjustable-rate mortgage (ARM) loans of prime and alternate A quality.

7.    As of December 31, 2006, AHM held a leveraged portfolio of mortgage loans held for investment and mortgage-backed securities in the amount of approximately $15.6 billion. As of December 31, 2006, AHM operated more than 550 loan production offices located in 47 states and the District of Columbia, and made loans throughout all 50 states and the District of Columbia. Certain of the Debtors originated mortgages through a network of loan origination offices. In addition, AHM originated loans obtained from mortgage brokers and purchased loans from correspondents. AHM originated approximately $58.9 billion in aggregate principal amount of loans in 2006 and for the third quarter of 2006 was ranked as the nation's 10th largest residential mortgage lender, according to National Mortgage News.

8.    A large component of AHM's business is the servicing of loans, which is conducted through AHM Servicing. The servicing business collects mortgage payments, administers tax and insurance escrows, responds to borrower inquiries, and maintains control over collection and default mitigation processes. As of December 31, 2006, AHM Servicing serviced approximately 197,000 loans with an aggregate principal amount of approximately

---

[2]    The facts set forth herein are derived from the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief [Docket No. 2], which is incorporated by reference as if fully set forth

$46.3 billion. AHM continues to conduct its servicing business, which constitutes a valuable asset of the Debtors' estates.

## RELEVANT BACKGROUND

9.    On August 16, 2007, the Debtors filed their Motion for an Order Pursuant to Sections 105, 327, 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business *Nunc Pro Tunc* to the Petition Date [Docket No. 192] (the "OCP Motion"). By the OCP Motion, the Debtors sought to retain and employ Codilis & Associates as a professional utilized in the ordinary course of the Debtor's business effective, *nunc pro tunc*, to the Petition Date.

10.    On September 7, 2007, the Court entered the Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business *Nunc Pro Tunc* to the Petition Date (the "OCP Order"). Pursuant to the OCP Order, the Debtors were authorized to retain Codilis & Associates, *nunc pro tunc* to the Petition Date, without the need to file an individual retention application. Moreover, as set forth more fully in the OCP Order, upon the filing of an affidavit of disinterestedness (the "Disinterestedness Affidavit") and the running of the objection deadline, Codilis & Associates could have been paid monthly for postpetition compensation and reimbursement of postpetition expenses in the manner customarily made by the Debtors prior to the commencement of their chapter 11 cases, in the full amount billed, up to $75,000 (the "Monthly Cap"), without the need to file monthly fee applications. Payments to Codilis & Associates could not exceed $185,000 during any three

herein at length.

month period absent (i) written consent from the Committee or (ii) an order of the Court authorizing the Debtors to make such payments.

11.    As the Debtors and Codilis & Associates began preparing the Disinterestedness Affidavit, it was discovered that, given the volume of the Firm's outstanding foreclosure matters and the new matters referred by the Debtors monthly, Codilis & Associates would exceed the Monthly Cap by a significant amount and on a consistent basis. As a result, the Debtors have filed this Application.

### RELIEF REQUESTED

12.    By this Application and pursuant to sections 327(e), 328, 330 and 331 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, the Debtors seek entry of an order (i) authorizing the retention and employment of Codilis & Associates as foreclosure professionals effective, *nunc pro tunc* to the Petition Date; (ii) approving the Fee Structure; and (iii) waiving Local Rule 2016-2(d) to the extent set forth herein.

### BASIS FOR RELIEF

**A.    Codilis & Associates' Qualifications**

13.    The Debtors seek to retain Codilis & Associates, P.C. as their foreclosure professionals because of the Firm's extensive experience handling foreclosures, including bankruptcy related property matters, and evictions. In addition to foreclosures, the Firm has represented the Debtors in bankruptcy proceedings where borrowers have filed a bankruptcy petition and eviction matters throughout Illinois and the federal districts thereof. The Firm has provided the Debtors with such services since 2004. In addition to its work for the Debtors, Codilis & Associates, P.C. has 30 years of experience in Illinois foreclosure, bankruptcy, and eviction practice. Accordingly, the Debtors believe that Codilis & Associates, P.C. will

effectively and efficiently handle the matters for which it is retained in a manner that is cost effective for the Debtors' estates.

**B.    Payment of Fees and Expenses**

14.    Codilis & Associates will seek approval of payment of compensation and reimbursement of actual, necessary expenses and other charges upon the filing of appropriate applications for allowance of interim and/or final compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of this Court. The Firm employs a two-tier fee structure (the "Fee Structure") for its performance of foreclosure services.

- o    Fixed Rate Foreclosure Fees: The Firm provides foreclosure related services at the fixed-rate of $1,250.00 for non-contested, non-appearance cases and $350 to $500 for foreclosure related bankruptcy objections and motions for relief from stay (the "Fixed-Rate Foreclosure Fees").

- o    Contested Foreclosure Compensation: In the event that the foreclosure becomes a litigated matter, the firm seeks compensation at the rate of $150 to $250 per hour for its attorneys ("Contested Foreclosure Compensation"). The Contested Foreclosure Compensation hourly rate varies depending on the court level or experience of the attorney assigned.

- o    Expenses: In addition to the Fixed-Rate Foreclosure Fee and any Contested Foreclosure Compensation, the Firm advances actual and necessary expenses on behalf of the Debtors in the amounts set forth below for each state:

    1.    Court Filing Fees: $95 to $300 per file;
    2.    Service of Process: $100 to $1,000 per file;
    3.    Publication: $250 to $1,000 per file;
    4.    Selling Officer Fees: $350 to $600 per file;
    5.    Instrument Recording Fees: $30 to $125 per file;
    6.    Title Costs: Title costs range from $825-$2,625 and are determined by the property purchase price;
    7.    Foreclosure Title Searches/Minutes of Foreclosure: $475; and
    8.    Bankruptcy Court Filing Fees: $150 per motion for relief.

15.    The fees and expenses set forth above are subject to periodic adjustments to reflect economic and other conditions.

16.     The Debtors seek approval of the Fee Structure pursuant to 11 U.S.C. § 328(a). Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment including . . . on a fixed or percentage fee basis." 11 U.S.C. § 328(a). The Fixed-Rate Foreclosure Fee charged by the Firm for each foreclosure file is a reasonable fee, especially when taken in light of the related costs and expenses required for each foreclosure. Additionally, the hourly rates for attorneys requested as Contested Foreclosure Compensation represent reasonable fees and are consistent with the fees provided to other legal professionals in this case.

17.     Notwithstanding the approval of the Fee Structure requested herein, all of the Firm's fees and expenses in these chapter 11 cases will be subject to the approval of the Court upon proper application by Codilis & Associates in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee and expense guidelines established by the United States Trustee, and any other applicable requirements.

18.     In accordance with Local Rule 2016-2(g), the Debtors seek a waiver of Local Rule 2016-2(d) with respect to submission of detailed time entries for the Fixed-Rate Foreclosure Fee. Because the activities performed with respect to the Fixed-Rate Foreclosure Fee are billed at a fixed-rate, the Firm does not keep detailed time entries in the ordinary course of its business for any matters covered by the Fixed-Rate Foreclosure Fee, and as such, the Debtors request that the Court waive the requirements of Local Rule 2016-2(d) with respect to these activities. In lieu of detailed time entries, the Debtors propose that the Firm provide a list of the foreclosure matters subject to the Fixed-Rate Foreclosure Fee during the monthly application period. By this Application, the Debtors do not seek a waiver of the requirement to

submit detailed time entries as to the activities related to a Contested Foreclosure Matter;
accordingly, the Firm will provide detailed time entries in accordance with Local Rule 2016-2(d)
for any Contested Foreclosure Compensation requested.

## C.    Services To Be Provided

19.    The professional services that Codilis & Associates will render to the
Debtors are foreclosures, evictions and matters wherein the mortgagor has filed a bankruptcy
petition in Illinois.  These services will primarily be performed in connection with the Debtors'
mortgage servicing business.

## D.    Nunc Pro Tunc Retention

20.    Since the Petition Date, Codilis & Associates has continued to diligently
handle the Debtors' foreclosure matters for the benefit of the Debtors' and their estates.

21.    As set forth more fully above, on September 7, 2007, the Court authorized
the Debtors to retain Codilis & Associates, in the ordinary course of their business, *nunc pro tunc*
to the Petition Date.  However, upon subsequent review of the volume of the Firm's outstanding
foreclosure matters and the new matters referred by the Debtors monthly, the Debtors, in
consultation with Codilis & Associates, anticipate that Codilis & Associates would consistently
exceed the Monthly Cap set forth in the OCP Order by a significant amount.

22.    Based on the foregoing, the Debtors submit that the retention of Codilis &
Associates should be approved *nunc pro tunc* to the Petition Date.

## E.    Disclosure Summary

23.    As set forth more fully in the Maley Affidavit, to the best of the Debtors'
knowledge, and except as disclosed in the Maley Affidavit, the Firm does not have any interest
adverse to the Debtors or their estates with respect to the matters on which the Firm is being
engaged as provided in section 327(e) of the Bankruptcy Code.

24.    The Debtors currently owe the Firm $173,654.75 for pre-petition services.

25.    For the above reasons, The Debtors submit that Codilis & Associates, PC's retention and employment is necessary and in the best interest of the Debtors and their estates.

## NOTICE

26.    Notice of this Application will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Agent for the Debtors' postpetition lender; (v) the Securities and Exchange Commission, and (vi) all parties entitled to notice under Del. Bankr. LR 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## PRIOR REQUEST

27.    As set forth above, Codilis & Associates has previously been approved by this Court as an Ordinary Course Professional in this case.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit B, (i) authorizing the retention and employment of Codilis & Associates pursuant to the terms of the Application effective, *nunc pro tunc* to the Petition Date; (ii) approving the Fee Structure; (iii) granting a partial waiver to Local Rule 2016-2(d); and (iv) granting the Debtors such other and further relief as is just and proper.

Wilmington, Delaware
October ⎤ , 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Travis Turner (No. 4926)
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Attorneys for the Debtors and
Debtors-in-Possession

# EXHIBIT A

**Maley Affidavit**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                          :
In re:                                    :    Chapter 11
                                          :
AMERICAN HOME MORTGAGE                    :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]  :
                                          :    Jointly Administered
                          Debtors.        :
------------------------------------------------------------ x

**AFFIDAVIT OF BERTON J. MALEY IN SUPPORT OF APPLICATION FOR ORDER
(I) APPROVING THE RETENTION AND EMPLOYMENT OF CODILIS &
ASSOCIATES, P.C. AS FORECLOSURE PROFESSIONALS FOR THE DEBTORS
*NUNC PRO TUNC* TO THE PETITION DATE;
(II) APPROVING ITS FEE STRUCTURE; AND (III) GRANTING A PARTIAL
WAIVER OF LOCAL RULE 2016-2(d)**

Berton J. Maley, Esq. being duly sworn, deposes and says:

      1.     I am a Supervising Attorney with the law firm Codilis & Associates, P.C.

("Codilis & Associates" or the "Firm"), which maintains offices at 15W030 North Frontage

Road, Burr Ridge, Illinois.  This affidavit is submitted in support of the Application for Order (I)

Approving the Retention and Employment of Codilis & Associates as Foreclosure Professionals

for the Debtors, *Nunc Pro Tunc* to the Petition Date; (II) Approving Its Fee Structure; and (III)

Granting a Partial Waiver of Local Rule 2016-2(d) (the "Application").

      2.     Codilis & Associates has conducted a series of searches in the Firm's

conflicts databases to identify relationships with creditors and other parties-in-interest (or

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage
Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance,
Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM
Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York
corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability
company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great
Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538
Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd.,
Suite 200, Irving, Texas 75063.

potential parties-in-interest) in these chapter 11 cases. Based on the conflicts, connections, and

relationships searches and reviews conducted, to the best of my knowledge, neither I, the Firm,

nor any members or employees thereof, have connections with the above-captioned debtors and

debtors in possession (collectively the "Debtors"), their creditors, or any other parties-in-interest,

or their respective attorneys and professionals, the United States Trustee or any person employed

in the Office of the United States Trustee, and Judges serving in the U.S. District Court and the

U.S. Bankruptcy Court for the District of Delaware, except as stated in Paragraph 3.

       3.     Codilis & Associates has represented the following entities or their related

entities or servicers in connection with bankruptcy, foreclosure, building court, real estate or

related proceedings: Deutsche Bank, Wilmington Trust Company, JP Morgan Chase Bank, NA,

Bank of America, NA, Citigroup, Wells Fargo Bank, NA, Suntrust Mortgage, Inc., Bear, Stearns

& Co/EMC Mortgage, Lehman Capital, HSBC Bank, FNMA, Washington Mutual Bank, FA,

IndyMac Bank, FSB, Morgan Stanley Capital, Credit Suisse First Boston, GMAC, Barclays

Capital Real Estate, Inc., ABN AMRO Bank, Citibank, Federal Home Loan Mortgage

Corporation, First American GNMA, Merrill Lynch, Sovereign Bank, Wachovia/Wachovia

Mortgage and Washington Mutual. Codilis & Associates is not aware of any direct conflicts.

       4.     Codilis & Associates has searched its database to determine whether they

or any affiliate had any relationships with the following (collectively, the "Interested Parties"):

    a) The Debtors;

    b) The Debtors' non-debtor affiliates and client affiliates;

    c) Current and former officers and directors of the Debtors;

    d) Significant shareholders of the Debtors;

    e) The largest unsecured creditors as provided by the Debtors;

f)  The warehouse lenders and

g)  various other parties-in-interest, as identified by the Debtors.

5.      Codilis & Associates is continuing to review the Debtors' list of creditors. To the extent that I become aware of any additional connections or relationships that may be relevant to Codilis & Associates' services rendered on behalf of the Debtors, I will file a supplemental affidavit.

6.      Codilis & Associates has not executed a postpetition Engagement Letter with the Debtors.  Instead, Codilis & Associates bills the Debtors on a periodic basis after services are performed.

7.      Codilis & Associates will seek approval of payment of compensation and reimbursement of actual, necessary expenses and other charges upon the filing of appropriate applications for allowance of interim and/or final compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of this Court.  The Debtors have requested a waiver of Local Rule 2016-2(d).

8.      In support of the request to waive Local Rule 2016-2(d), I affirm that Codilis & Associates, in the ordinary course of its business, does not keep detailed time entries with respect to the activities covered by the Fixed-Rate Foreclosure Fee.

9.      The Firm employs a two-tier fee structure (the "Fee Structure") for its performance of foreclosure services.

o  Fixed Rate Foreclosure Fees:  The Firm provides foreclosure related services at the fixed-rate of $1,250.00 for non-contested, non-appearance cases and $350 to $500 for foreclosure related bankruptcy objections and motions for relief from stay (the "Fixed-Rate Foreclosure Fees").

o  Contested Foreclosure Compensation:  In the event that the foreclosure becomes a litigated matter, the firm seeks compensation at the rate of $150 to $250 per hour for its attorneys ("Contested Foreclosure Compensation").  The Contested Foreclosure

Compensation hourly rate varies depending on the court level or experience of the attorney assigned.

o  Expenses: In addition to the Fixed-Rate Foreclosure Fee and any Contested Foreclosure Compensation, the Firm advances actual and necessary expenses on behalf of the Debtors in the amounts set forth below for each state:

1. Court Filing Fees: $95 to $300 per file;
2. Service of Process: $100 to $1,000 per file;
3. Publication: $250 to $1,000 per file;
4. Selling Officer Fees: $350 to $600 per file;
5. Instrument Recording Fees: $30 to $125 per file;
6. Title Costs: Title costs range from $825-$2,625 and are determined by the property purchase price;
7. Foreclosure Title Searches/Minutes of Foreclosure: $475; and
8. Bankruptcy Court Filing Fees: $150 per motion for relief.

10.   The fees and expenses set forth above are subject to periodic adjustments to reflect economic and other conditions.

11.   The Debtors owe Codilis & Associates $173,654.75 for unpaid services rendered and expenses advanced on behalf of the Debtors prepetition. Codilis & Associates agrees to take no action in regard to collecting prepetition amounts owed other than filing a proof of claim against the Debtors.

12.   The Debtors have not provided the Firm with any retainer fee.

13.   No promises have been received by the Firm or by any officer or employee thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received (excluding amounts paid to vendors advanced on behalf of the Debtors) by the Firm in connection with these chapter 11 cases.

WHEREFORE, pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

_____
Berton J. Maley, Esq.
Codilis & Associates, P.C.

Sworn to before me this 20th day of September, 2007.

_____
Notary Public
My Commission Expires: 5-21-09

OFFICIAL SEAL
PAMELA J FOTINO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/21/09

DB02:6265834.2

066585.1001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                             :    Chapter 11
                                                   :
AMERICAN HOME MORTGAGE                             :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[2] :
                                                   :    Jointly Administered
                        Debtors.                   :
------------------------------------------------------------ x

## STATEMENT PURSUANT TO RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURES AND SECTION 329 OF THE BANKRUPTCY CODE

1.        Codilis & Associates, PLLC ("Codilis & Associates" or the "Firm"),

pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

section 329 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy

Code"), and Rule 2014 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules"), states that the

undersigned is a foreclosure professional seeking retention by the Court in the cases of the

above-captioned debtors and debtors in possession (the "Debtors").

2.        Compensation agreed to be paid by the Debtors to Codilis & Associates is

to be for services rendered in connection with these cases.  The Debtors agreed to pay Codilis &

Associates for the services rendered or to be rendered by its various foreclosure professionals.

---

[2]        The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

DB02:6265834.2                                                      066585.1001

The Debtors have also agreed to reimburse Codilis & Associates for its actual and necessary expenses incurred in connection with these cases.

3. Codilis & Associates intends to apply to the Court for payment of compensation and reimbursement of expenses and payment of other charges in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, the Local Rules, and orders of this Court. Codilis & Associates has requested a limited waiver of Local Rule 2016-2(d) with respect to the Fixed-Rate Foreclosure Fee.

4. The Debtors owe Codilis & Associates approximately $173,654.75 for unpaid services rendered and expenses advanced on behalf of the Debtors prepetition. Codilis & Associates agrees to take no action in regard to collecting prepetition amounts owed other than filing a proof of claim against the Debtors.

5. The professional services that Codilis & Associates will render to the Debtors are foreclosures, evictions and matters wherein the mortgagor has filed a bankruptcy petition in Illinois. These services will primarily be performed in connection with the Debtors' mortgage servicing business.

6.    Codilis & Associates further states that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members, employees, or shareholders of Codilis & Associates (excluding amounts paid to vendors advanced on behalf of the Debtors), or (b) any compensation another person or party has received or may receive.

Dated:    September 28, 2007

_____

Berton J. Maley
Codilis & Associates, P.C.