IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 : Jointly Administered
                    Debtors.                                     :
                                                                 : Ref. Docket No.: 529
---------------------------------------------------------------- x

**ORDER PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 2014 APPROVING THE RETENTION OF PHOENIX
CAPITAL, INC. AS INVESTMENT BANKERS FOR THE DEBTORS *NUNC PRO TUNC*
TO THE PETITION DATE**

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014 approving the employment of Phoenix Capital, Inc. ("Phoenix") as the Debtors' investment bankers; and upon the Declaration of Brett Schaffer of the Debtors' Application to employ Phoenix, as the Debtors' investment bankers; and it appearing that good and sufficient notice having been given and no other or further notice need be given; and this Court finding, further, that Phoenix does not hold or represent any interest adverse to the Debtors or their estates in the matters on which Phoenix is to be retained, that Phoenix is a "disinterested" person as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code"), that the terms and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Application.

DB02:6182065.6                                                                                  066585.1001

conditions of Phoenix's employment as set forth in the Application and the Engagement Letter are reasonable and that its employment as investment bankers to the Debtors and the terms thereof are in the best interests of the estates; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is granted to the extent set forth herein; and it is further

ORDERED, that pursuant to section 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtors are authorized to employ and retain Phoenix as investment bankers, effective *nunc pro tunc* to the Petition Date, pursuant to the terms and conditions set forth in the Application and Engagement Letter as modified by this Order; and it is further

ORDERED, that Phoenix shall file interim and final fee applications for allowance of its compensation and expenses with respect to its services on behalf of the Debtors with the Court in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of the Court; provided, however, that a limited waiver of the information requirements of Local Rule 2016-2 is granted from and after the date of entry of this Order such that Phoenix may submit time records in one-half hour increments; and it is further

ORDERED that all of Phoenix's fees and expenses in these cases, including without limitation the Core Asset Fee (as such term is defined in the Engagement Letter) are approved pursuant to section 328(a) of the Bankruptcy Code; provided, however, that all such fees and expenses shall be subject to approval by the Court in accordance with the standard set forth in section 328(a) of the Bankruptcy Code and upon proper application by Phoenix in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court; and it is further

2

ORDERED that, notwithstanding the foregoing, the United States Trustee retains the rights to object to the Core Asset Fee based on the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that notwithstanding the Application or the Engagement Letter (or Appendix I to the Engagement Letter), the indemnification provision shall be modified as follows:

(a) Phoenix shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than those described in the Engagement Letter, unless such services and indemnification therefore are approved by the Court;

(b) The Debtors shall have no obligation to indemnify Phoenix, or provide contribution or reimbursement to Phoenix, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Phoenix's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Phoenix's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Phoenix should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Phoenix believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Phoenix must file an application therefore in this Court, and the Debtors may not pay any such amounts to Phoenix before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Phoenix for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Phoenix. All parties in interest shall retain the right to object to any demand by Phoenix for indemnification, contribution or reimbursement; and it is further

ORDERED, that notwithstanding the limitation of liability provision or provisions in the Engagement Letter or any agreements incorporated by reference therein (including, without limitation Appendix I), the Engagement Letter shall be modified to delete such provision or provisions from the Engagement Letter; and it is further

ORDERED, that paragraph 4 of the Engagement Letter is modified to delete the phrase "(including all fees, disbursements and other reasonable charges of one firm of counsel, if any, to be retained by Phoenix, and of other consultants and advisors retained by Phoenix with the Company's consent)"; provided, however, the foregoing deletion shall not impair or otherwise effect Phoenix's non-contractual rights to request the reimbursement of fees and expenses incurred by counsel during these chapter 11 cases through interim and final fee applications; and it is further

ORDERED, that paragraph 5 of the Engagement Letter is modified to provide that in the event the Debtors enter into a Core Asset Sale within a 12 month period following the termination or expiration of the Engagement Letter, Phoenix shall file an application with the Court for approval of such Core Asset Sale Fee on notice and with an opportunity for parties in interest to file objections to such Core Asset Sale Fee; and it is further

ORDERED, that this Court shall retain jurisdiction in matters related to the interpretation and enforcement of this Order.

Dated: Wilmington, Delaware
October 1, 2007

Christopher S. Sontchi
United States Bankruptcy Judge