# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
In re:

AMERICAN HOME MORTGAGE
HOLDINGS, INC., et al.,

                      Debtors.
------------------------------------------------------x

Chapter 11
Case No. 07-11047 (CSS)

(Jointly Administered)

**Related Docket No. 865, 931, 937 and 957**

**Hearing Date: October 9, 2007**
**Objection Deadline: October 2, 2007**

## DE LAGE LANDEN FINANCIAL SERVICES, INC.'S LIMITED OBJECTION TO THE DEBTORS' NOTICE OF AUCTION SALE AND SALE HEARING

TO:    HONORABLE CHRISTOPHER S. SONTCHI
         UNITED STATES BANKRUPTCY JUDGE;

De Lage Landen Financial Services, Inc. ("De Lage Landen"), by its attorneys, Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP, and Duane Morris LLP as and for its limited objection (the "Limited Objection") to American Home Mortgage Holdings, Inc. and certain of its direct and indirect affiliates and subsidiaries', the debtors and debtors in possession in the above cases (collectively, the "Debtors"), to the notice of auction and sale (the "Sale Notice") of the Debtors' mortgage servicing business and assets related to thereto (the "Servicing Business").

1. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11, title 11 of the United States Code (the "Bankruptcy Code").

2. On or about September 26, 2007, the Debtors filed the Debtors' motion for an order approving Debtors' revised sale procedures for the sale of Debtors' Servicing Business (Doc # 865) (the "Sale Procedures Motion").

3. On or about September 25, 2007, the Court entered an order (the "Order")

(Doc # 937) approving the Debtor's Sale Procedure Motion. As per the Order, October 2, 2007 was established as the date by which opposition to the sale of the Servicing Business must be filed, and October 9, 2007 was established as the date for the hearing to consider the approval of the sale of the Servicing Business.

4.     On or about September 25, 2007, the Debtors filed its' Notice of the Executed Asset Purchase Agreement (the "Asset Purchase Agreement") (Doc # 931), related to the Debtors' Sale Procedure Motion (Doc # 865).

5.     On or about September 26, 2007, the Debtors' filed its Notice of Entry of Order (Doc # 957), noticing the sale and sale hearing dates for the sale of the Debtors' Servicing Business.

6.     Pursuant to Section 2.1 of the Asset Purchase Agreement, the Debtors seek to "sell, convey, transfer, assign and deliver to the Purchaser,...free and clear of all claims and liens...all of the right, title and interest of [the Debtors].... in and to all assets and properties Related to the Business [Mortgage Loans Servicing Business] (the Purchased Assets").

7.     The Debtors have not specifically described what equipment the Debtors are including or excluding from the assets the Debtor is seeking to sell under the Asset Purchase Agreement and at the auction sale.

8.     De Lage Landen is an equipment lessor and prior to the Petition Date, the Debtors entered into approximately two-hundred fifty (250) equipment leases with De Lage Landen (the "Leases"). Pursuant to the terms of the Leases, the Debtors were required to maintain De Lage Landen's equipment (the "Leased Equipment") at the stated locations identified in each of the particular leases (each a "Designated

Equipment Location").

9.  De Lage Landen has not received any notices from the Debtors that any of the Leased Equipment has been removed from its Designated Equipment Location by the Debtors. Further, De Lage Landen has not consented to any change of any of the Leased Equipment's designated locations, as identified within each of the particular Leases.

10.  Pursuant to the Debtors' second (Doc # 510) and third (Doc # 742) lease rejection motions (the "Lease Rejection Motions"), the Debtors sought to reject equipment Leases, if the Leased Equipment was located at specific real property locations that was stated within the Debtors' Lease Rejection Motions. As a result of the Debtors Lease Rejection Motion, some but not all of the De Lage Landen's Leases have or will be rejected by the Debtors to date.

11.  Even though the Debtors have never identified the specific equipment and the actual locations of any of the rejected Leased Equipment, De Lage Landen is attempting diligently to locate and repossess the rejected Leased Equipment. To date not all of the rejected Leased Equipment has been located or accounted for. De Lage Landen is concerned that prior to and/or after the filing of these bankruptcy cases, the Leased Equipment may have been removed from the Designated Locations to the Debtors' other locations.

12.  De lage Landen is also concerned that the Debtors may be attempting to sell some the De Lage Landen's Leased Equipment at auction or under the Asset Purchase Agreement. Given the vague and general description of what personal property is being sold pursuant to the Sale Notice, it is unclear whether any of De Lage

Landen's Leased Equipment is subject to the proposed sale.

13. In order to determine whether the Leased Equipment is part of the proposed sale, De Lage Landen must be provided with a detailed description of the equipment that the Debtors are attempting to sell under the Sale Notice, the Asset Purchase Agreement and at the scheduled action sale.

14.. The Leased Equipment is De Lage Landen's property and the Debtors do not own any of the Leased Equipment and do not have title to convey to any potential buyer. See *In re R.L. Larson,* 128 B.R. 257, 262 (Bankr.D.N.D. 1990) ("... [equipment] leases... do not convey ownership interest to the debtors, but merely a leasehold interest which is a cognizable interest under section 541 [of the Bankruptcy Code]".

15. Accordingly, De Lage Landen submits this Limited Objection as it is unclear whether the Sale Notice contemplates the sale of De Lage Landen's Leased Equipment. De Lage Landen respectfully requests that the Debtors be directed to provide De Lage Landen with the exact description of all equipment being sold pursuant to the Sale Notice. De Lage Landen reserves all of its rights, including the right to further object to any attempted sale of its Leased Equipment.

Dated:   October 2, 2007
         Wilmington, Delaware

**DUANE MORRIS LLP**

/s/ Frederick B. Rosner
Frederick B. Rosner (DE 3995)
1100 N. Market Street, Suite 1200
Wilmington, DE 19801
Telephone: 302.657.4900

- and -

**PLATZER, SWERGOLD, KARLIN, LEVINE GOLDBERG & JASLOW, LLP**
Scott K. Levine, Esq.
Evan Salan, Esq.
Teresa Sadutto, Esq.
1065 Avenue of the Americas, 18th Floor
New York, New York  10018

*Counsel for De Lage Landen Financial Services, Inc.*