# EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                                         :   Chapter 11
                                                               :
AMERICAN HOME MORTGAGE                                          :   Case No.  07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,                :
                                                               :   Jointly Administered
         Debtors.                                              :
                                                               :   Ref. Docket No. ——900
------------------------------------------------------------- x

### ORDER APPROVING (I) SALE PROCEDURES; (II)  SCHEDULING A HEARING TO CONSIDER SALE DEBTORS' ASSETS RELATED TO THE CONSTRUCTION LOAN BUSINESS; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF

Upon the consideration of the motion (the "Motion")[1] of American Home

Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the

debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[2]

pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for entry of two orders:  (A) one, substantially in the form annexed to the

Motion as Exhibit A (the "Sale Procedures Order"), (i) approving procedures (the "Sale

Procedures") with respect to the proposed sale (the "Sale") of the construction loans and related

servicing rights and construction loan platform related to the Debtors' construction loan business

(collectively, the "Assets"), as more specifically described in the form Purchase and Sale

---

[1]  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.
☐
[2]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Agreement (the "Purchase Agreement"), annexed to the Motion as Exhibit D; (ii) scheduling a

hearing (the "Sale Hearing") on the Sale and setting objection and bidding deadlines with respect

to the Sale, (iii) approving the form and manner of notice of an auction for the relevant assets

(the "Auction") and the Sale Hearing, and (iv) granting related relief; and (B) the other,

substantially in the form annexed to the Motion as Exhibit E (the "Sale Order"), (i) authorizing

the Sale free and clear of liens, claims, encumbrances, and interests, pursuant to the Purchase

Agreement, (ii) authorizing and approving the Purchase Agreement related thereto, (iii)

approving the assumption and assignment of executory contracts and unexpired leases, as

necessary in connection with the Sale of the Construction Loan Platform, (iv) authorizing the

distribution of the proceeds from the Sale of the ABN Construction Loans to ABN, and (v)

granting related relief; and the Court having determined that the relief provided herein is in the

best interest of the Debtors, their estates, their creditors and other parties in interest; and due and

adequate notice of the Motion having been given under the circumstances; and upon the record of

the hearing on the Motion held on October 1, 2007, and the full record of these cases; and after

due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT**:

   A.  The findings and conclusions set forth herein constitute the Court's

findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to

this proceeding pursuant to Bankruptcy Rule 9014.

   B.  This Court has jurisdiction over the Motion and the transactions

contemplated by the Purchase Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is

proper under 28 U.S.C. §§ 1408 and 1409.

C.    Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Sale Hearing.  A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

D.    The Debtors' proposed notice of the Sale Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction and the Sale, and the Sale Procedures to be employed in connection therewith.

E.    The entry of this Sale Procedures Order is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest.

F.    The Sale Procedures are reasonably designed to maximize the value to be achieved for the Assets.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is granted to the extent set forth herein.

2.    Except as otherwise expressly provided in this Sale Procedures Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3.    The Sale Procedures, in the form attached hereto as <u>Exhibit 1</u>, are hereby incorporated herein and approved, and shall apply with respect to the Sale.

4.    The Debtors may sell the Assets by conducting the Auction in accordance with the Sale Procedures.

DB02:6215887.106215887.14

066585.1001

5.    The Auction shall take place on October 30,29, 2007 at 10:00 a.m.

(prevailing Eastern Time) at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West

Street, 17th Floor, Wilmington, Delaware 19899, or such other place and time as the Debtors

shall notify all Qualified Bidders, the Official Committee of Unsecured Creditors (the

"Committee"), counsel to Bank of America, N.A., as Administrative Agent for the lenders under

that certain Second Amended and Restated Credit Agreement dated August 10, 2006 (the

"Administrative Agent"), the agent for the Debtors' post-petition lenders (the "DIP Agent"),

counsel for ABN AMRO Bank N.V. ("ABN"), counsel for JPMorgan Chase Bank, N.A.

("JPMC"), and other invitees.

6.    A Qualified Bidder that desires to make a bid shall comply with the

requirements set forth in the Sale Procedures for making such bid.

7.    The Debtors shall have the right to reject any and all bids that do not

conform with the Sale Procedures, subject to the provisions of the Sale Procedures.

8.    The Sale Hearing shall be held before this Court on [•],October 30, 2007 at

[•]10:00 a.m. (prevailing Eastern Time), or as soon thereafter as counsel and interested parties

may be heard.

9.    Not later than two (2) business days after the entry of this Sale Procedures

Order, the Debtors will serve copies of the Notice of Auction and Sale Hearing, substantially in

the form attached to the Motion as Exhibit C, (a) by mail, postage prepaid to: (i) all entities

known to have expressed a *bona fide* interest in acquiring the Assets; (ii) counsel to the

Administrative Agent; (iii) counsel to the DIP Agent, (iv) counsel to the Committee; (v) counsel

for ABN; (vi) counsel to JPMC; (vii) known entities holding or asserting a security interest in or

lien against any of the Assets; (viiviii) taxing authorities whose rights may be affected by a sale

066585.1001

of the Assets; (~~viii~~ix) all government agencies required to receive notice of proceedings under the Bankruptcy Rules; and (~~ix~~x) the Office of the United States Trustee for the District of Delaware; and (b) by first-class mail, postage prepaid, to all parties that have requested notice pursuant to Bankruptcy Rule 2002 as of the date prior to the date of entry of this Sale Procedures Order.

10.    Not later than ten (10) business days after entry of the Sale Procedures Order, the Debtors will publish the Notice of Auction and Sale Hearing, substantially in the form attached to the Motion as Exhibit C in the national edition of *The Wall Street Journal*.

11.    On or before October 9, 2007, the Debtors shall serve a notice (i) identifying any Assumed Contracts to each non-Debtor party to an Assumed Contract and Lease; (ii) the Debtors' proposed cure amount; and (iii) the deadline to object to the proposed assumption ~~and~~of such Assumed Contracts and/or to the Debtors' proposed cure amount.

12.    Objections, if any, to the potential assumption and assignment of the applicable Assumed Contracts and/or to the Debtors' proposed cure amount ("Cure and ~~Assignment~~Assumption Objections"), must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on October ~~26,~~24, 2007, or such later date and time as the Debtors may agree, and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel and Karen Gowins, Director of Construction and Renovation Lending); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: M. Blake Cleary and Matthew B. Lunn), counsel to the Debtors; (iii) Hahn & Hessen

LLP, 488 Madison Avenue, New York, New York 10022 (Attn.: Mark Indelicato), counsel to the

Committee; (iv) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.:

Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules

Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.:  Laurie Selber

Silverstein), counsel to the Administrative Agent; (v) Jones Day, 222 East 41st Street, New

York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP,

1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan),

counsel to the DIP Agent; and (vi) the Office of the United States Trustee, 844 King Street,

Room 2313, Wilmington, Delaware 19801 (Attn.:  Joseph McMahon) (collectively, the "Notice

Parties").

13.    Objections if any, to the proposed purchaser's ability to provide adequate

assurance of future performance under the Assumed Contracts  (the "Adequate Assurance of

Future Performance Objections") must be (a) in writing; (b) comply with the Bankruptcy Rules

and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the

District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before

4~~9~~:00 p~~a~~.m. (prevailing Eastern Time) on ~~November  ,~~October 30, 2007, or such later date and

time as the Debtors may agree, and (d) be served so as to be received no later than 4~~9~~:00 p~~a~~.m.

(prevailing Eastern Time) on the same day, upon the Notice Parties.

14.    Unless a non-debtor party to an Assumed Contract files and serves a Cure

and ~~Assignment~~Assumption Objection on or before 4:00 p.m. (prevailing Eastern Time) on

October ~~26,~~24, 2007, such non-debtor party shall be (a) forever barred from objecting to the

Debtors' proposed cure amount and from asserting any additional cure or other amounts with

respect to such Assumed Contract and the Debtors shall be entitled to rely solely upon the

proposed cure amount; and (b) deemed to have consented to the assumption and assignment of

such Assumed Contract and shall be forever barred and estopped from asserting or claiming

against the Debtors, the Successful Bidder or any other assignee of the relevant Assumed

Contract that any additional amounts are due or defaults exist, or conditions to assumption and

assignment must be satisfied under such Assumed Contract.

15.    Hearings on the Cure and ~~Assignment~~Assumption Objections and

Adequate Assurance of Future Performance Objections, if any may be held (a) at the Sale

Hearing, or (b) at such other date after the Sale Hearing as the Court may designate.

16.    Except with respect to any unresolved Cure and ~~Assignment~~Assumption

Objection with respect to a proposed cure amount, after the closing of the Sale, the Debtors and

their estates shall have no further liabilities or obligations with respect to the Assumed Contracts

(the "Post-Closing Obligations").  The Successful Bidder will expressly be responsible for all

such Post-Closing Obligations.

17.    Objections, if any, to the Sale, or the relief requested in the Motion must:

(a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be

filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824

Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time)

on October ~~26,~~24, 2007, or such later date and time as the Debtors may agree and (d) be served

so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i)

American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747

(Attn.:  Alan Horn, General Counsel and Karen Gowins, Director of Construction and

Renovation Lending); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor,

P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.:  M. Blake Cleary and Matthew B.

Lunn), counsel to the Debtors; (iii) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn.: Mark Indelicato), counsel to the Committee; (iv) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (v) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; (vi) counsel for ABN, Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017 (Attn: Gregory A. Bray and Robert Jay Moore) and Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins); ~~and~~ (vi) counsel for JPMC, Landis Rath & Cobb, LLP, 919 Market Street, Suite 600, Wilmington, Delaware 19801 (Attn: Adam G. Landis and Matthew B. McGuire) and (vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon).

18.    The notice to be issued and published in connection with the proposed Sale, substantially in the form annexed to the Motion as Exhibit C, is approved.

19.    The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

20.    Notwithstanding anything contained in the Sale Procedures, nothing shall expand, limit or otherwise affect the obligations of the Debtors to obtain consent of the DIP

Agent and/or DIP Lenders with respect to any sale of the Assets in the manner provided for in the DIP Agreement.

21. 20. Nothing in this Order or the Sale Procedures shall prejudice or otherwise affect the Debtors from selecting a lead or "stalking horse" bidder  and returning to the Court for approval of buyer protections and modification of this Order.

22. 21.

DB02:6215887.106215887.14

066585.1001

This Court shall retain jurisdiction over any matters related to or arising from the

implementation of this Order.

Dated:  October _____, 2007
        Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge

## EXHIBIT 1

(Sale Procedures)

Document comparison done by Workshare DeltaView on Tuesday, October 02, 2007 10:50:02 AM

| Input: | |
|---|---|
| Document 1 | interwovenSite://WSDMS/DB02/6215887/10 |
| Document 2 | interwovenSite://WSDMS/DB02/6215887/14 |
| Rendering set | standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | Count |
|---|---|
| Insertions | 31 |
| Deletions | 30 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 61 |

## SALE PROCEDURES

By motion dated September [•],21, 2007 (the "Motion"),[1] the debtors and debtors in possession (collectively, the "Debtors"),[2] sought approval of, among other things, the procedures through which they will determine the highest or otherwise best price for the sale or sales (the "Sale") of each of the construction loans and related servicing rights (collectively, the "Construction Loans") and the construction loan platform and related Assumed Contracts and/or Leases (the "Construction Loan Platform" and together with the Construction Loans, the "Assets") related to the Debtors' construction loan business, pursuant to the terms of the form Purchase and Sale Agreement (the "Purchase Agreement"), substantially in the form attached to the Notice of Filing of Exhibit D to the Motion [Docket No. 1010]. On October [•],1, 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Sale Procedures Order"), which, among other things, authorized the Debtors to determine the highest or otherwise best price for the Assets through the process and procedures set forth below (the "Sale Procedures").

At the Auction, the Debtors will be conducting separate auctions for each of the portfolios of Construction Loans relating to an individual financial institution (individually, a "Construction Loan Portfolio," and collectively, the "Construction Loan Portfolio"), and a separate auction for the Construction Loan Platform in the event that more than one Qualified Bid is received for any such Asset. The Debtors reserve the right to waive or modify the Sale Procedures to the extent such waiver or modification is in the best interest of the Debtors' estates, in consultation with the following parties: 1) counsel to the Official Committee of Unsecured Creditors (the "Committee"), 2) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006 (the "Administrative Agent") (as required by the Interim Order [Docket No. 68] and the Final Order [Docket No. 554] (I) Authorizing Debtors' Limited Use of Cash Collateral, (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001, the "Cash Collateral Order"), 3) counsel to the agent for the Debtors' post-petition lenders (the "DIP Agent"), and 4) counsel to ABN AMRO Bank N.V. ("ABN") solely in its capacity as Agent for Purchasers and as a Purchaser under the ABN MRA Agreements (as defined in that certain Stipulation among the ABN MRA Debtors and ABN, dated September [•],21, 2007 (the "Stipulation")) and solely with respect to the Sale of the Construction Loans for which, ABN is designated as "Purchaser" (the "ABN Construction Loans") and 5) counsel to JP Morgan Chase Bank, N.A. ("JPMC"), solely in its capacity as Administrative Agent and lender for certain Construction Loans (the "JPMC Construction Loans") constituting "Warehouse Facility Collateral" of JPMC as defined and set forth in that certain Stipulation By and Between Debtors and JP Morgan Chase Bank, National Association, approved by the Court on August 9, 2007 [Docket No. 105] and solely with respect to the Sale of the JPMC Construction Loans; provided, however, that with respect to the withdrawal of the Motion or a modification or waiver of the

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

[2] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

Sale Procedures in any respect in connection with (i) a bid, but only to the extent that it relates to the ABN Construction Loans, such withdrawal, modification or waiver shall be made only with the prior consent of ABN, which consent shall not be unreasonably withheld and (ii) a bid, but only to the extent that it relates to the Construction Loans on which the Administrative Agent holds liens (the "BofA Construction Loans"), such withdrawal, modification or waiver shall be made only with the prior consent of the Administrative Agent, which consent shall not be unreasonably withheld, and (iii) a bid, but only to the extent that it relates to the JPMC Construction Loans and JPMC or any of its affiliates is not a bidder for the JPMC Construction Loans, such withdrawal, modification or waiver shall be made only with the prior consent of JPMC.

On ~~November [*],~~October 30, 2007 at ~~[*]~~10:00 a.m. (prevailing Eastern Time) (or such other date and time as may be designated), or as soon thereafter as counsel can be heard, as further described below, in the Motion and in the Sale Procedures Order, the Bankruptcy Court will conduct a hearing (the "Sale Hearing") at which the Debtors shall seek entry of an order or orders (the "Sale Order") authorizing and approving the Sale of the Construction Loan Portfolios and the Construction Loan Platform (each a "Sale Transaction") pursuant to the terms of the Successful Bid(s) (as defined below).

## Participation Requirements

To participate in the bidding process or otherwise be considered for any purpose hereunder, a person interested in the Assets (a "Potential Bidder") must first deliver the following materials to the Debtors and their counsel:

(i)     An executed confidentiality agreement in form and substance satisfactory to the Debtors and their counsel; and

(ii)    The most current audited and latest unaudited financial statements (collectively, the "Financials") of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of a Sale Transaction, (x) Financials of the equity holder(s) of the Potential Bidder or such other form of financial disclosure as is acceptable to the Debtors and their counsel and (y) the written commitment acceptable to the Debtors and their counsel of the equity holder(s) of the Potential Bidder to be responsible for the Potential Bidder's obligations in connection with a Sale Transaction. In the event that a Potential Bidder is unable to provide Financials, the Debtors may, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), ~~and the~~ DIP Agent, ABN (solely with respect to the ABN Construction Loans), and JPMC (solely with respect to the JPMC Construction Loans) accept such other information sufficient to demonstrate to the Debtors' satisfaction that such Potential Bidder has the financial wherewithal to consummate a Sale Transaction.

A "Qualified Bidder" is a Potential Bidder whose Financials or other information demonstrate the financial capability to consummate a Sale Transaction and which the Debtors

- 2-

066585.1001

determine, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and _ABN (solely with respect to the ABN Construction Loans, ABN), and JPMC (solely with respect to the JPMC Construction Loans), is reasonably likely to make a bona fide offer. Notwithstanding the foregoing, JPMC shall automatically be deemed a Qualified Bidder with respect to any bidding for the JPMC Construction Loans and may credit bid for the JPMC Construction Loans in accordance with its rights under the Bankruptcy Code and other applicable law.

Within two (2) business days after the Debtors receive from a Potential Bidder all of the materials required by subparagraphs (i) and (ii) above, the Debtors shall determine, in consultation with their advisors, Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and ABN AgentABN (solely with respect to the ABN Construction Loans), and JPMC (solely with respect to the JPMC Construction Loans) whether the Potential Bidder is a Qualified Bidder. In the event that the Debtors determine, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and ABN (solely with respect to the ABN Construction Loans, ABN,), and . JPMC (solely with respect to the JPMC Construction Loans) that a Potential Bidder is not a Qualified Bidder, then the Debtors shall provide prompt notice thereof to the Potential Bidder.

**Obtaining Due Diligence Access**

The Debtors shall afford each Qualified Bidder reasonable due diligence information. Due Diligence reports which have already been performed will be made available to Qualified Bidders. Site access shall be provided upon reasonable request to the Debtors at the discretion of the Debtors within their reasonable business judgment. To the extent practicable, the due diligence information will contain an index of documents the Debtors hold concerning the Assets as well as the status of such documents. The due diligence period will end on the Bid Deadline (defined below).

The Debtors shall not be obligated to furnish any information relating to the Debtors, the Assets, and/or a Sale to any person except to a Qualified Bidder. The Debtors shall give each Qualified Bidder reasonable access to all written due diligence information provided to another Qualified Bidder.

The Debtors shall coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders. No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline (as defined below).

**Bid Deadline**

**The deadline for submitting bids by a Qualified Bidder shall be October 24,25, 2007 at 4:00 p.m. (prevailing Eastern Time) (the "Bid Deadline").**

Prior to the Bid Deadline, a Qualified Bidder that desires to make a bid shall deliver written copies of its bid to: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel and Karen Gowins, Director of Construction and Renovation Lending), and (ii) Young Conaway Stargatt & Taylor,

- 3 -

LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: M. Blake Cleary and Matthew B. Lunn), counsel to the Debtors. Bids may also be delivered on or before the Bid Deadline to the parties identified by email to the following email address: ConstructionLoanSaleAHM@Americanhm.com.

On or before one (1) business day after the Bid Deadline, the Debtors will deliver copies of the bids received from Qualified Bidders to: (i) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn.: Mark Indelicato), counsel to the Committee; (ii) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (iii) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; and (iv) counsel to the non-Debtor parties to the Construction Loans solely with respect to bids for their respective Construction Loans, if any.

**Due Diligence From Bidders**

Each Qualified Bidder shall comply with all reasonable requests for additional information by the Debtors or their advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the Sale. Failure by the Qualified Bidder to comply with requests for additional information may be a basis for the Debtors to determine that a bid made by the Qualified Bidder is not a Qualified Bid.

**Bid Requirements**

A bid must be a written irrevocable offer from a Qualified Bidder (i) stating that the Qualified Bidder offers to consummate a Sale Transaction pursuant to an agreement that has been marked to show amendments and modifications to the Purchase Agreement ~~in the form (a) annexed hereto as Exhibit A if bidding for a Construction Loan Portfolio, and (b) annexed hereto as Exhibit B if bidding for the Construction Loan Platform~~, including the specific Assets to be purchased and price and terms that are being proposed by the Qualified Bidder, which terms shall not alter materially the terms of the Purchase Agreement, as applicable, (the "Marked Purchase Agreement"); (ii) confirming that the offer shall remain open and irrevocable until the closing of a Sale to the Successful Bidder or the Next Highest Bidder; (iii) enclosing a copy of the proposed Marked Purchase Agreement; and (iv) accompanied with a certified or bank check, wire transfer, or letter of credit reasonably acceptable to the Debtors equal to 5% of the amount of the Qualified Bid, as a minimum deposit (the "Minimum Deposit"); provided, however, JPMC shall not be required to provide the Debtors with a cash Minimum Deposit if it submits a credit bid solely for the JPMC Construction Loans.

-4-

Any bid for the Assets must:

(a)  be on terms that are not materially more burdensome or conditional than the terms of the Purchase Agreement;

(b)  not be conditioned on obtaining financing or the outcome of any due diligence by the bidder;

(c)  not request or entitle the bidder to any break-up fee, expense reimbursement or similar type of payment;

(d)  contain a list of the Debtors' executory contracts and unexpired leases related to the Assets with respect to which the bidder seeks assignment from the Debtors, if any (the "Assumed Contracts");

(e)  identify each Asset that is subject to the bid and identify separate purchase prices to each Asset (each an "Allocated Purchase Price");

(f)  identify whether the Construction Loan Platform is a purchased Asset and allocate the purchase price to the Construction Loan Platform;

(g)  if the Construction Loan Platform is a purchased Asset, provide that either the Bidder or the Debtors shall be responsible for the cure costs associated with the Assumed Contracts;

(h)  fully disclose the identity of each entity that will be bidding for the Assets or otherwise participating in connection with such bid, and the complete terms of any such participation; and

(i)  contain written evidence that the bidder has the requisite corporate or similar authority to consummate the Sale Transaction proposed.

A bid received from a Qualified Bidder and that meets the requirements set forth above will be considered a "Qualified Bid" if the Debtors believe, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and ABN (solely with respect to the ABN Construction Loans, ABN,), and JPMC (solely with respect to the JPMC Construction Loans) that such bid would be consummated if selected as a Successful Bid (as defined below).

**Auction**

If more than one Qualified Bid by a Qualified Bidder is received by the Bid Deadline, an auction (the "Auction") with respect to a Sale Transaction shall take place on **October 30,29, 2007 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19899, or such other place and time as the Debtors shall notify all Qualified Bidders, the Committee, the Administrative Agent

and the DIP Agent, JPMC and other invitees.  If, however, no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held.

The Debtors will conduct an Auction for each of the Assets, on a portfolio-by-portfolio basis, that receives more than one Qualified Bid.  In the event that the Auction date is changed, the Debtors will provide appropriate notice to each of the Qualified Bidders, the Committee, the Administrative Agent, ABN, JPMC and the DIP Agent of the dates, times, and places for each Auction and the portions of the Assets to be sold at each Auction.

Only a Qualified Bidder who has submitted a Qualified Bid will be eligible to participate at the Auction.  Only the authorized representatives of each of the Qualified Bidders, the Committee, the Administrative Agent, the DIP Agent, ABN, JPMC and the Debtors shall be permitted to attend the Auction.  At the Auction, Qualified Bidders will be permitted to increase their bids.

IfIn the event a Qualified Bid include bids for more than one of the Assets, such Qualified Bid shall be treated and considered as separate and distinct bids for each of the Assets identified therein.  The bidding at the Auction shall start at the purchase price stated in the highest or otherwise best Qualified Bid as disclosed to all Qualified Bidders prior to commencement of the Auction (the "Starting Qualified Bid"), and then continue in appropriate increments thereafter until there is a Successful Bid and a Next Highest Bid.  A credit bid may be deemed an acceptable Starting Qualified Bid, if such bid is determined to be the highest or otherwise best Qualified Bid.

The Debtors, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, and ABN (consistent with the terms of the Stipulation), and JPMC (solely with respect to the JPMC Construction Loans and only to the extent JPMC or any of its affiliates is not a bidder with respect to the JPMC Construction Loans) may adopt rules for the Auction at or prior to the Auction that will better promote the goals of the Auction and that are not inconsistent with any of the provisions of the Sale Procedures Order.  All such rules shall be fully disclosed to all Qualified Bidders, the Administrative Agent, the DIP Agent, the Committee, and ABN (consistent with the terms of the Stipulation) and JPMC.

Immediately prior to concluding the Auction, the Debtors shall (i) review each Qualified Bid on the basis of its financial and contractual terms and the factors relevant to the sale process and the best interests of the Debtors' estates and creditors; (ii) determine and identify, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, JPMC (solely with respect to the JPMC Construction Loans and only to the extent JPMC or any of its affiliates is not a bidder with respect to the JPMC Construction Loans) and ABN (solely with respect to the ABN Construction Loans), the highest or otherwise best Qualified Bid(s) (the "Successful Bid") and the next highest or otherwise best offer after the Successful Bid (the "Next Highest Bid"), provided, however, that, solely with respect to the ABN Construction Loans and consistent with the terms of the Stipulation, ABN has not requested that the ABN Construction Loans be withdrawn from the Auction; and (iii) have the right to reject any and all bids, in each case in consultation with the Committee and ABN (solely with respect to the ABN Construction Loans), and JPMC (solely with respect to the JPMC Construction

- 6 -

Loans and only to the extent JPMC or any of its affiliates is not a bidder with respect to the JPMC Construction Loans). Immediately upon selection of the Successful Bid, if the Minimum Deposit does not equal 5% of the purchase price of the Successful Bid, the Qualified Bidder with respect to the Successful Bid (the "Successful Bidder") shall provide the Debtors with immediately available funds so that the Minimum Deposit is equal to 5% of the purchase price of the Successful Bid. The Auction may be adjourned as the Debtors deem appropriate. Reasonable notice of the time and place for the resumption of the Auction will be given to all Qualified Bidders, the Committee, the Administrative Agent, the DIP Agent, ABN and other invited parties.

**Acceptance of the Successful Bid**

The Debtors will present the results of the Auction to the Bankruptcy Court at the Sale Hearing, at which certain findings will be sought from the Bankruptcy Court regarding the Auction, including, among other things, that (i) the Auction was conducted and the Successful Bidder(s) was selected in accordance with these Sale Procedures and the Stipulation, (ii) the Auction was fair in substance and procedure, and (iii) consummation of the Sale Transaction contemplated by the Successful Bid(s) will provide the highest or otherwise best value for such Assets and is in the best interests of the Debtors and their estates.

The Debtors shall have accepted a Qualified Bid only when (i) the Bid is declared the Successful Bid at the Sale Hearing, (ii) the Bankruptcy Court has approved the Successful Bid and an order approving such Successful Bid has been docketed, (iii) definitive documentation has been executed in respect thereof, (iv) solely with respect to the ABN Construction Loans and consistent with the terms of the Stipulation, ABN has not requested that the ABN Construction Loans be withdrawn from the Auction, and (v) the Sale closes.

In the event that, for any reason, the Successful Bidder fails to close the Sale Transaction contemplated by its Successful Bid, then, without notice to any other party or further court order, but subject to the rights of ABN under the Stipulation, the Debtors shall be authorized to close with the Qualified Bidder that submitted the Next Highest Bid (the "Next Highest Bidder").

**Return of Minimum Deposit**

Except as otherwise provided in this paragraph with respect to any Successful Bid and any Next Highest Bid, the Minimum Deposits of all Qualified Bidders required to submit such a deposit under the Sale Procedures shall be returned upon or within one (1) business day after Closing of the Sale. The Minimum Deposit of the Successful Bidder shall be held until the closing of the Sale and applied in accordance with the Successful Bid. The Minimum Deposit of the Next Highest Bidder shall be returned upon or within one (1) business day after closing of the Sale to the Successful Bidder.

If the Successful Bidder fails to close the Sale, such party's Minimum Deposit shall be forfeited to the Debtors and thereafter paid to the lender holding valid perfected liens on the Construction Loans subject of the Successful Bid, if any; provided that in the event the Minimum Deposit relates to a Successful Bid for more than one Construction Loan Portfolio, the amount paid to each lender holding valid perfected liens on the Construction Loans subject of the

- 7 -

066585.1001

Successful Bid shall be equal to the product of (i) the Minimum Deposit and (ii) the Allocated Purchase Price with respect to its Construction Loans divided by the sum of each Allocated Purchase Price related to the Construction Loans that are part of the Successful Bid.

Notwithstanding the above, if the Successful Bidder in connection with a bid, but only to the extent that it relates to the ABN Construction Loans, fails to close the Sale, such party's Minimum Deposit shall be forfeited to ABN subject to the obligation of ABN to pay the Debtors in accordance with the terms of the Stipulation. In the event the Debtors proceed to closing with the Next Highest Bidder, the Minimum Deposit of the Next Highest Bidder shall be held until the closing of the Sale with the Next Highest Bidder and applied in accordance with the Next Highest Bid. If the Next Highest Bidder in connection with a bid, but only to the extent that it relates to the ABN Construction Loans, fails to close the Sale, such party's Minimum Deposit shall be forfeited to ABN subject to the obligation of ABN to pay the Debtors in accordance with the terms of the Stipulation.

**Consultation with Stakeholders**

The Debtors shall provide to the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, the Committee, JPMC (solely with respect to the JPMC Construction Loans and only to the extent JPMC or any of its affiliates is not a bidder with respect to the JPMC Construction Loans) and ABN information regarding the qualification of bidders, the valuation of bids, and such other information related to the sale process as may be reasonably requested by the Committee, the DIP Agent, the Administrative Agent or ABN. Throughout the process the Debtors shall consult with the Committee, the Administrative Agent, the DIP Agent, ABN, and/or their professionals as provided herein.

**Reservation of Rights**

The Debtors reserve the right, in consultation with the Committee, the Administrative Agent (as required by the Cash Collateral Order), the DIP Agent, JPMC (solely with respect to the JPMC Construction Loans and only to the extent JPMC or any of its affiliates is not a bidder with respect to the JPMC Construction Loans) and ABN (solely with respect to the ABN Construction Loans), to: (i) determine which bidders are Qualified Bidders; (ii) determine which Bids are Qualified Bids; (iii) determine which Qualified Bid is the highest and/or best proposal and which is the next highest and/or best proposal, (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Sale Procedures Order or the requirements of the Bankruptcy Code, or (c) contrary to the best interests of the Debtors and their estates; (v) enter into one or more stalking horse agreements and seek Court approval of expense reimbursements and/or break-up fees; (vi) waive terms and conditions set forth herein with respect to any or all potential bidders, (vii) impose additional terms and conditions with respect to any or all potential bidders, (viii) extend the deadlines set forth herein, (ix) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; (x) remove some or all of the Assets from the Auction, and (xi) modify the Sale Procedures as they may determine to be in the best interests of their estates or to withdraw the Motion at any time with or without prejudice. Without limiting the generality of the foregoing, the Debtors may determine to (i) distribute or

- 8 -

066585.1001

not distribute copies of other Qualified Bids to other Qualified Bidders prior to or during the Auction or (ii) proceed with sealed bidding.

The Administrative Agent reserves the right to request that the Debtors withdraw the BofA Construction Loans from the Auction.

Document comparison done by Workshare DeltaView on Tuesday, October 02, 2007 10:46:54 AM

| Input: | |
|---|---|
| Document 1 | interwovenSite://WSDMS/DB02/6215590/13 |
| Document 2 | interwovenSite://WSDMS/DB02/6215590/17 |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 46 |
| Deletions | 29 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 75 |