IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :   Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                        :
                                                                       :   Jointly Administered
    Debtors.                                                           :
                                                                       :   Related to D.I. 865
                                                                       :
---------------------------------------------------------------------- x

**LIMITED SUPPLEMENTAL OBJECTION TO THE MOTION
OF THE DEBTORS FOR ORDER APPROVING THE SALE
OF THE DEBTORS' MORTGAGE SERVICING BUSINESS**

Fannie Mae respectfully submits the following limited supplemental objection (the "Objection") to the Debtors' Motion for Order Approving the Sale of the Debtors' Mortgage Servicing Business, and states:

**SUMMARY OF OBJECTION**

1.  Fannie Mae files this Limited Supplemental Objection to the Debtors' Motion to Approve its Asset Purchase Agreement ("APA") with AH Mortgage Acquisition Co., Inc. ("AH Acquisition") because the APA does not comply with terms of a Compromise and Settlement Agreement (the "Settlement") between the Debtors and Fannie Mae which was approved by order of this Court on September 4, 2007 and which governs the process of selling the Fannie Mae Servicing Rights. While Fannie Mae is continuing to work with the Debtors to determine whether an agreement can be reached to allow for a sale of its Servicing Rights, unless and until an agreement is reached, Fannie Mae objects to any sale of its Servicing Rights which fails to comply with the terms of the Settlement.

**BACKGROUND**

2.　　Prior to July 31, 2007, the Debtors had been servicing a portfolio of mortgages (the "Fannie Mae Portfolio") owned by Fannie Mae pursuant to a Mortgage Selling and Servicing Contract (the "Contract").

3.　　On July 31, 2007 - prior to the Debtors' filing of their voluntary petition for relief under chapter 11 of Title 11 of the United State Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") on August 6, 2007 (the "Petition Date") - Fannie Mae sent notice (the "Termination Notice") to the Debtors terminating the Contract.

4.　　The Debtors disputed whether Fannie Mae effectively terminated the Contract prior to the Petition Date.

5.　　On September 4, 2007, the Court approved the Settlement between Fannie Mae and the Debtors.  Pursuant to the Settlement, the Debtors were granted the right to continue to service, on an interim basis, the Fannie Mae Portfolio in order to allow the Debtors to market the Servicing Rights and to negotiate a binding agreement to sell the Servicing Rights to a Fannie Mae approved servicer on or before September 17, 2007 (subsequently extended to October 9, 2007) with a closing of such sale to occur on or before October 31, 2007.  The settlement required, among other things, the purchaser's assumption of the responsibilities, duties, selling warranties, and loan-level recourse obligations set forth in the Contract or, alternatively, the payment of a $3.25 million "Buy-Out Fee" to Fannie Mae.  The Settlement sets forth the only terms and conditions upon which the Debtors may market and sell the Servicing Rights.

6.　　On August 6, 2007, the Debtors filed their Sale Procedures Motion, which this Court approved by an order (the "Order") on August 9, 2007.  The Order set a September 13, 2007 deadline for objecting to certain relief sought in the Sale Procedures Motion, including the

application of the Sale Procedures to a given Servicing Business related contract. Fannie Mae filed a Limited objection to the Sales Procedure Motion because certain terms set forth in that motion - which was filed before the Settlement was reached - were inconsistent with those found in the Settlement.

7.      On September 21, 2007, the Debtors filed a Motion to Approve Revised Sales Procedures, which the Court granted on September 25, 2007. On the same day as the Court approved the Revised Sales Procedures, the Debtors entered into the APA with AH Acquisition. AH Acquisition is not currently an approved Fannie Mae servicer. Also, because AH Acquisition does not hold any servicing licenses, the proposed sale to AH contemplates a two-part closing with the Debtor continuing to service the mortgages including the Fannie Mae portfolio until AH Acquisition is licensed. Thus, contrary to the terms of the Settlement, the proposed sale of the Servicing Portfolio to AH Acquisition will not be to a Fannie Mae approved servicer and will not close on or before October 31, 2007.

## ARGUMENT

8.      Fannie Mae objects to the proposed sale to AH Acquisition or any other bidder which does not comply with the terms of the Settlement. While Fannie Mae continues to work with the Debtors to determine whether an agreement may be reached to allow the transfer of its Servicing Rights, unless such an agreement is reached, Fannie Mae objects to the proposed sale.

WHEREFORE, Fannie Mae respectfully requests that this Court (a) require that any sale of the Servicing Rights must be handled in accordance with the terms of the Settlement, (b) refuse to approve any sale which does not comply, and (c) grant Fannie Mae such other and further relief as is just.

Dated:   Wilmington, Delaware
         October 2, 2007

CROSS & SIMON, LLC

/s/   *Christopher P. Simon*
      Christopher P. Simon (No. 3697)
      913 N. Market Street
      11th Floor
      Wilmington, DE 19801
      Telephone: (302) 777-4200
      Facsimile: (302) 777-4224

      and

      Catherine L. Steege
      Jenner & Block LLP
      330 N. Wabash Avenue
      Chicago, IL 60611
      Telephone: (312) 222-9350
      Facsimile: (312) 527-0484

      Counsel for Fannie Mae