UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., *et al.*, | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | Related to Docket Nos. 11, 674, 865 and 937 |

## LIMITED OBJECTION OF SECURITY CONNECTIONS, INC. TO DEBTORS' SALE MOTION

Security Connections, Inc. ("SCI"), by and through its undersigned counsel, hereby files this limited objection to the Emergency Motion of the Debtors for Orders: (A)(i) Approving Sale Procedures; (ii) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Serving Business; (iii) Approving Form and Manner of Notice Thereof; and (iv) Granting Related Relief; and (B)(i) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing and Approving Purchase Agreement Thereto; (iii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (iv) Granting Related Relief [Docket No. 11] and the subsequent Motion of the Debtors for Order Pursuant to Sections 105(a), 363, 364, 365, and 503(b) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, 6006, 7062, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing that Certain Notices of Such Sale and Deadline Be Given; and (D) Authorizing, on an Interim Basis, the Debtors to Grant Certain Liens and Other Protections for the Purchaser's Collateral Effective After the Initial Closing [Docket No. 865] (collectively the "Sale Motion"), as follows:

## BACKGROUND

1. On August 6, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in possession of their respective properties and have continued to operate their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. Debtor American Home Mortgage Servicing, Inc. ("AHMS") and SCI are parties to a Processing Agreement (the "Agreement") dated August 1, 2005, pursuant to which SCI provides processing services to process releases and/or satisfactions for residential real estate loans serviced by AHMS and certain permanent records storage services,[1] all as more fully detailed in the Agreement.

3. SCI invoices AHMS monthly for services (the "Services") provided by SCI during the previous month. In addition, each month SCI issues AHMS an invoice for approximately $130,000, representing the estimated recording fees and third-party expenses (collectively the "Third-Party Expenses") to be incurred by SCI the following month. SCI provides Services and pays Third-Party Expenses on a daily basis.

4. By the Sale Motion, the Debtors seek, *inter alia*, to sell their Servicing Business and to assume and assign certain executory contracts and leases used in connection with that business to AH Mortgage Acquisition Co. (the "Stalking Horse Bidder"), subject to higher and better bids. The Debtors have identified the Agreement as an executory contract to be assumed and assigned as part of the proposed sale of the Servicing Business.

---

[1] The permanent records storage services are provided by SCI's sister company SCI Records Storage, LLC.

5.  On September 20, 2007, SCI filed the Objection of Security Connections, Inc. to Debtors' Modified Notice of (I) Possible Assumption and Assignment of Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any [Docket No. 823] (the "Cure Claim Objection"), to assert the appropriate claim to be cured in connection with the assumption and assignment of the Agreement.

6.  As detailed in the Cure Claim Objection, through close of business on September 19, 2007, and taking into account all payments made by AHMS through September 19, 2007, SCI is owed $141,719.55 for Services invoiced, without considering SCI's right to setoff or recoup against pre-paid Third Party Expenses of $341,042.38 (the "Setoff or Recoupment Claim").

7.  While unclear, it appears that by the Sale Motion, the Debtors seek to transfer to the Stalking Horse Bidder the Debtors' alleged claim to pre-paid Third Party Expenses "free and clear" of SCI's Setoff or Recoupment Claim.

## OBJECTION

8.  SCI files this limited objection, out of an abundance of caution, solely to preserve its Setoff or Recoupment Claim. SCI generally supports the proposed sale to the Stalking Horse Bidder and is delighted that the Agreement will be assumed and assigned to the Stalking Horse Bidder. In the event that the Agreement is assumed and assigned to the Stalking Horse Bidder and the appropriate cure claim paid, this limited objection will be moot.

9. Section 553 of the Bankruptcy Code provides, in pertinence:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

11 U.S.C. § 553(a). Notwithstanding the filing and pendency of a bankruptcy case, Section 553(a) recognizes that any setoff rights which exist under relevant non-bankruptcy law are preserved, insofar as they relate to pre-petition obligations. See **Official Comm. of Unsecured Creditors v. Mfrs. & Traders Trust Co. (In re Bennett Funding Group, Inc.)**, 146 F.3d 136, 138-39 (2nd Cir. 1998); **In re Telephone Warehouse, Inc.**, 259 B.R. 64, 68-69 (Bankr. D. Del. 2001). In essence, Section 553(a) is designed to avoid the "absurdity of 'making A pay B when B owes A.'" **Cohen v. Savings Bldg. & Loan Co. (In re Bevill, Bresler & Schulman Asset Management Corp.)**, 896 F.2d 54, 57 (3d Cir. 1990) (*quoting* **Studley v. Boylston Nat'l Bank**, 229 U.S. 523, 528 (1913)).

10. The Agreement contains an Idaho choice of law provisions. Setoff is an equitable doctrine that is recognized under Idaho state law. See **Beard v. George**, 23 P.3d 147, 150 (Idaho 2001); **International Equip. Serv., Inc. v. Pocatello Indus. Park Co.**, 695 P.2d 1255, 1258 (Idaho 1985).

11.     Once it is established that applicable non-bankruptcy law recognizes the right of setoff, Section 553(a) of the Bankruptcy Code requires the existence of four conditions:

> (1)     The creditor holds a claim against the debtor that arose before the commencement of the case;
>
> (2)     The creditor owes a debt to the debtor that also arose before the commencement of the case;
>
> (3)     The claim and debt are mutual; and
>
> (4)     The claim and debt are each valid and enforceable.

5 Collier on Bankruptcy ¶ 553.01[1], at 553-7 (Lawrence P. King ed., 15th ed. rev. 2007); see also **Public Serv. Co. of New Hampshire v. New Hampshire Elec. Coop., Inc. (In re Public Serv. Co.)**, 884 F.2d 11, 14 (1st Cir. 1989); **MetCo Mining & Minerals, Inc. v. PBS Coals, Inc. (In re MetCo Mining & Minerals, Inc.)**, 171 B.R. 210, 216 (Bankr. W.D. Pa. 1994). With respect to the "mutuality" requirement, a claim and debt are mutual if they are owed by and to the same two parties. **Telephone Warehouse**, 259 B.R. at 69; see also **Bennett Funding Group**, 146 F.3d at 139 (explaining the "mutuality" test as "whether the creditor and the bankrupt debtor each incurred a debt to the other in the same right or capacity").

12.     "Recoupment is an equitable remedy which permits the offset of mutual debts when the respective obligations are based on the same transaction or occurrence." **In re Telephone Warehouse**, 259 B.R. at 67 (citing **Anes v. Dehart (In re Anes)**, 195 F.3d 177, 182 (3d Cir. 1999)).

13.     In the present case, and as set forth above, SCI has a right of recoupment or setoff against any pre-paid Third Party Expenses for amounts owed to SCI by the Debtors. The claims between SCI and AHMS are mutual and arise under the Agreement.

14. Accordingly, the Debtors' alleged claim to any pre-paid Third-Party Expenses cannot be transferred to the Stalking Horse Bidder (or any other bidder for that matter) "free and clear" of SCI's Setoff or Recoupment Claim under Section 363(f) of the Bankruptcy Code, unless the Debtors are prepared to pay SCI's Setoff or Recoupment Claim prior to closing, or sale proceeds equal to SCI's Setoff or Recoupment Claim are segregated and subject only to the liens and claims of SCI. Otherwise, SCI's Setoff or Recoupment Claim will be diminished, as such claim will attached to the sale proceeds, but be subject to the competing claims of other creditors.

**WHEREFORE**, SCI prays that the Court enter an order (a) approving the proposed sale to the Stalking Horse Bidder, subject to the preservation of SCI's Setoff or Recoupment Claim and (b) granting SCI such further relief as is just and proper.

_____
Mark Minuti (No. 2659)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6840
(302) 421-5873 (Fax)

-and-

Gregory P. Meacham
**McGRATH, MEACHAM & SMITH, PLLC**
414 Shoup Avenue
P.O. Box 50731
Idaho Falls, ID 83405
(208) 524-0731
(208) 529-4166 (Fax)

Attorneys for Security Connections, Inc.

Dated: October 2, 2007