IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AMERICAN HOME MORTGAGE | § | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | § | |
| et al., | § | (Jointly Administered) |
| | § | |
| | § | Ref. Nos. 11, 113, 403, 674, 730, 865, 931, 937, 962 |
| Debtors. | § | Sale Hearing Date: October 9, 2007 @ 2:30 p.m. (ET) |
| | § | Objections Due: October 2, 2007 @ 4:00 p.m. (ET) |

**SUPPLEMENTAL LIMITED OBJECTION OF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION TO EMERGENCY MOTION OF THE DEBTORS FOR ORDERS: (A)(I) APPROVING SALE PROCEDURES; (II) SCHEDULING A HEARING TO CONSIDER SALE OF CERTAIN ASSETS USED IN THE DEBTORS' LOAN SERVICING BUSINESS; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF; AND (B)(I) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

JPMorgan Chase Bank, National Association ("JPMC") and certain of its affiliates (collectively, the "JPMC Entities"), by and through their undersigned counsel, and in accordance with Section 363(b) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") hereby file this Supplemental Limited Objection (the "Supplemental Objection") to the *Emergency Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and other Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related*

519.005-18114.DOC

*Thereto; and (IV) Granting Related Relief* [Dkt. No. 11] (the "Sale Motion") (and certain additional motions and filings subsequently made by the Debtors in conjunction with the Sale Motion), and in support of their Supplemental Objection, respectfully state as follows:

## BACKGROUND

1. On August 6, 2007 (the "Petition Date"), American Home Mortgage Investment Corp. ("AHMIC") and certain of its affiliates and subsidiaries (collectively, the "Debtors" and, individually, a "Debtor") commenced voluntary cases under Chapter 11 of the Bankruptcy Code in this Court (the "Bankruptcy Cases"). The Debtors remain in possession of their property and are managing their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. On August 14, 2007, the United States Trustee appointed an Official Committee of Unsecured Creditors. No Chapter 11 trustee or examiner has been appointed in these cases.

2. JPMC is one of the Debtors' warehouse lenders. It acts as both administrative agent and lender under a warehouse facility with the Debtors. Other JPMC Entities also executed various agreements with the Debtors. The JPMC Entities filed a Limited Objection to the Sale Motion and its various accompanying Notices of Assumption of Executory Contracts on September 13, 2007 [Dkt. No. 730] (the "Limited JPMC Objection").

3. On September 21, 2007, the Debtors filed their *Motion of the Debtors for Order Pursuant to Sections 105(a), 363, 364, 365 and 503(b) of the Bankruptcy Code and Rules 2002, 4001, 6004, 6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing that Certain Notices of Such Sale and Deadline Be Given; and (D) Authorizing, on an Interim Basis, the Debtors to Grant Certain Liens and Other Protections for the Purchaser's Collateral Effective After the Initial Closing* [Dkt.

No. 865] ("Revised Sale Motion"). The Revised Sale Motion sought to amend the Sale Motion to, among other things, establish AH Mortgage Acquisition Co., Inc. (the "Purchaser") as a stalking-horse bidder at the Auction to be held pursuant to the Sale Motion.

4. On September 25, 2007, the JPMC Entities filed a Limited Objection ("First Supplemental JPMC Objection") to the Revised Sale Motion [Dkt. No. 927]. The Court subsequently entered an order [Dkt. No. 937] ("Stalking Horse Procedures Order") approving sales procedures established under the Revised Sale Motion on September 25, 2007. On that same date, the Debtors also filed an executed Asset Purchase Agreement with the Purchaser [Dkt. No. 931] (the "Executed APA"). Since then, the Debtors have filed two follow-up Notices regarding the various executory contracts the Debtors propose to assume and assign under the Executed APA [Dkt. Nos. 937, 962] (together with the previous assumption notices filed by the Debtors, the "Contract Assumption Notices").

5. The Stalking Horse Procedures Order established October 2, 2007 as the deadline for filing objections to any sale contemplated by the Sale Motion, the Revised Sale Motion and the Executed APA. The JPMC Entities hereby file their Second Supplemental Objection to these documents and to the Contract Assumption Notices. This Second Supplemental Objection incorporates and reiterates the objections set forth in the Limited JPMC Objection and the First Supplemental JPMC Objection.

## LIMITED OBJECTION

6. The sale process the Debtors have set in motion has required no less than three seperate written objections, most of which could have been avoided had the Debtors followed ordinary procedure and well established legal precedent in attempting to sell estate assets. Instead, the Debtors persist in their attempt to transfer assets they cannot sell, assume or assign as a matter of law and the

3

JPMC Entities must reiterate many of the concerns previously set forth in the Limited JPMC Objection and the First Supplemental JPMC Objection. Most importantly, to the extent that the Sale Motion, the Revised Sale Motion, the Executed APA, the Contract Assumption Notices, and all their accompanying documents and pleadings purport to transfer mortgage loans, any servicing rights related to those loans or any other property constituting the collateral of the JPMC Entities under any loan facility or other financial arrangement between them and the Debtors, then the JPMC Entities' liens and security interests shall continue to encumber those mortgage loans and property unless the JPMC Entities' provide their affirmative consent to any release (which they have not granted as of the filing date of this Second Supplemental Objection).

7. Moreover, any proceeds generated by the sale of the servicing rights related to the JPMC Entities' specific loans rightly belong to the JPMC Entities in their capacity as secured parties holding a valid security interest in those mortgage loans, their proceeds and any other rights or appurtenances associated with those loans (including the servicing rights). On this basis, the JPMC Entities also object to any effort by the Debtors to direct these proceeds to any other parties before the Debtors' indebtedness to the JPMC Entities is satisfied in full.

8. In short, the JPMC Entities continue to object to the Sale Motion, the Revised Sale Motion, the Executed APA, the Contract Assumption Notices, and their accompanying documents, to the extent that they would impair or curtail the JPMC Entities' rights in contravention of the Debtors' contractual agreements with the JPMC Entities, the Bankruptcy Code, and other applicable law.

9. More specifically, the JPMC Entities continue to have specific concerns about the following contracts:

10. JPMORGAN TREASURY SERVICES MASTER IMPLEMENTATION FORM, dated October 31, 2005 ("ACH Agreement") between JPMC and American Home Mortgage Servicing, Inc. ("AHM

Servicing") (appearing in Schedule 2.1(b)(i) of the Executed APA, at 2):

    a.     <u>Reiteration of Previous Objections</u>: The Debtors persist in attempting to assume and assign the ACH Agreement. In the Limited JPMC Objection, the JPMC Entities objected to the purported assumption and assignment of this agreement and now reiterate those previous objections.

    b.     <u>No Right to Assume and Assign Financial Accommodation Contract</u>: First, Section 7 of the ACH Agreement contemplates an exposure limit on all ACH credit/debit entries made under it. As such, the ACH Agreement constitutes a contract to make a financial accommodation to AHM Servicing. Bankruptcy Code § 365(c)(2) prohibits the assumption of financial accommodation contracts. The Debtors therefore cannot assume the ACH Agreement, and the JPMC Entities object to its purported assumption.

    c.     <u>Existing ACH Accounts</u>. The Debtors have established the ACH accounts called for in the ACH Agreement under their respective tax identification numbers. Any purported assignee cannot use these existing accounts since the Debtors' tax identification numbers are unique to them. As a national banking association, JPMC must comply with, among other things, various "know-your-customer" rules. Under these rules, JPMC cannot keep the Debtors' old ACH accounts open even though different customers with whom JPMC is unfamiliar (i.e., the Purchaser) now purport to own them. Further, JPMC has a right to determine whether to accept the Purchaser as an ACH customer once the Purchaser applies for such an account. Nothing prevents the Purchaser from seeking to open a new ACH account with JPMC (or any other bank) as necessary if it is successful in purchasing the Debtors' servicing business.

    d.     <u>Cure Amount</u>: The Debtors have identified the cure amount for the ACH Agreement as zero. The JPMC Entities have previously asked the Debtors to provide the basis for this determination. They have not done so. JPMC thus continues to object to the proposed cure amount.

11.   MORTGAGE LOAN SALE AGREEMENT, dated April 1, 2006 ("4/1/06 Purchase Agreement") among AHM, as seller, AHM Servicing, as servicer and J.P. Morgan Mortgage Acquisition Corp. ("JPMAC"), as Purchaser (appearing in Schedule 1.1(j) of the Executed APA and identified as Index# 1.1(j)ch).

    a.     <u>Assumption of Agreement is Moot</u>. There is no reason for the Debtors to continue to include the 4/1/06 Purchase Agreement in their list of Assumed Contracts under the Executed APA. As the Debtors have made clear in their recent filings, they no longer seek to assume and assign any of the servicing rights on mortgage loans securitized in the following trusts: JPALT 2007-S1 (as defined in the Original JPMC Objection), JPMMT 2007-S2, and JPMMT 2007-

S3. To that end, the Debtors have removed the three Assignment, Assumption and Recognition Agreements related to these trusts. As explained in the Limited JPMC Objection, the 4/1/06 Purchase Agreement constitutes the overarching sale agreement regarding the very same mortgage loans sold to JPMAC that were then securitized in these three trusts. Since the Debtors are not transferring the servicing rights under any of these loans, they do not need to assume and assign the 4/1/06 Purchase Agreement. Consequently, the JPMC Entities seek clarification from the Debtors regarding why they have not removed the 4/1/06 Purchase Agreement from their list of Assumed Contracts.

  b.  <u>Cure Amount</u>. Assuming, *arguendo*, that the Debtors do intend to assume the 4/1/06 Purchase Agreement, the Debtors will have to cure the monetary defaults on this agreement (as more fully described in the Original JPMC Objection). To wit, the Debtors owe JPMAC approximately $84 million in early-payment defaults and other amounts under this agreement. They will have to promptly pay these amounts as required by Bankruptcy Code § 365 in order to assume and assign this agreement.

12. <u>FLOW MORTGAGE INTERIM SERVICING AGREEMENT, dated April 1, 2006 ("Interim Servicing Agreement")</u> among AHM Servicing, as servicer and JPMAC, as Purchaser (appearing in Schedule 1.1(j) of the Executed APA and identified as Index# 1.1(j)ci).

  a.  <u>Assumption of Agreement is Moot</u>. Here again, there is no reason for the Debtors to include the Interim Servicing Agreement from their list of Assumed Contracts. The Interim Servicing Agreement is (as explained in the Limited JPMC Objection) the interim servicing agreement under which AHM Servicing conducts interim servicing under the loans in the JPALT 2007-S1, JPMMT 2007-S2, and JPMMT 2007-S3 trusts. Since the Debtors are not transferring the servicing rights on these loans, they do not need to assume and assign the Interim Servicing Agreement. The JPMC Entities therefore seek clarification from the Debtors regarding why they have not removed the Interim Servicing Agreement from their list of Assumed Contracts.

13. In conclusion, the JPMC Entities note (as mentioned above) that the Debtors do not intend to transfer the servicing rights related to the mortgage loans in the JPALT 2007-S1, JPMMT 2007-S2, and JPMMT 2007-S3 trusts. In light of this decision, the JPMC Entities seek assurance from the Debtors that the October 1, 2007 and November 1, 2007 transfers of mortgages from these pools to JPMC will take place without interruption. As explained in the Limited JPMC Objection, these transfers were <u>already</u> scheduled to occur under the relevant AAR agreements. The JPMC Entities

6

simply request that these transfers be completed in accordance with the parties' pre-petition contractual arrangements. To the extent that the Debtors cannot give the JPMC Entities these assurances, then the JPMC Entities object to the Sale Motion, the Revised Sale Motion, the Executed APA, the Contract Assumption Notices and all their accompanying documents.

## RESERVATION OF RIGHTS

14. The JPMC Entities reserve the right to amend, supplement, modify, or withdraw this Supplemental Objection in whole or in part at their discretion at any time. The JPMC Entities do not waive any right they may have by filing this Supplemental Objection. The JPMC Entities also reserve the right to provide additional briefing on the legal issues presented here. Finally, the JPMC Entities specifically reserve their right to seek relief from the automatic stay and/or to assert any other arguments with respect to any rights and remedies they may have *vis a vis* the Debtors.

**WHEREFORE**, the JPMC Entities request that: (i) the Sale Motion, the Revised Sale Motion and/or any sale held pursuant to their auspices be denied to the extent they limit, abridge, affect, modify, or alter in any respect any right of the JPMC Entities under any of the agreements specifically identified in this Supplemental Objection, any previous Objections by the JPMC Entities, or any other agreements between one or more of the JPMC Entities and the Debtors not otherwise identified herein, and (ii) the Court grant such other and further relief as just and proper.

Dated: Wilmington, Delaware
October 2, 2007

LANDIS RATH & COBB LLP

_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
John H. Strock (No. 4965)
919 Market Street, Suite 600
Wilmington, DE 19801
(302) 467-4400

-and-

LOCKE LIDDELL & SAPP PLLC
Thomas H. Grace
Texas Bar No. 00785453
Federal I.D. No. 12618
W. Steven Bryant
Texas Bar No. 24027413
Federal I.D. No. 32913
600 Travis Street, Suite 3400
Houston, Texas 77002
Telephone: 713-226-1200
Facsimile: 713-223-3717

ATTORNEYS FOR JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,
AS ADMINISTRATIVE AGENT AND LENDER