# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
In re:                                                              : Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE                      : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware                          : (Jointly Administered)
corporation, et al.,                                            :
                                                                    :
                      Debtors.           : **RE: D.I. Nos. 11, 113, 403, 674, 856, 937, 962**
---------------------------------------------------------X

**LIMITED OBJECTION OF MERRILL LYNCH MORTGAGE LENDING, INC. TO:
(1) EMERGENCY MOTION OF THE DEBTORS FOR ORDERS:
(A)(I) APPROVING SALE PROCEDURES; (II) SCHEDULING A HEARING TO
CONSIDER SALE OF CERTAIN ASSETS USED IN THE DEBTORS' LOAN
SERVICING BUSINESS; (III) APPROVING FORM AND MANNER OF NOTICE
THEREOF; AND (IV) GRANTING RELATED RELIEF; AND
(B)(I) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF
LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS;
(II) AUTHORIZING AND APPROVING PURCHASE AND SALE AGREEMENT
THERETO; (C) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO;
AND (IV) GRANTING RELATED RELIEF; AND (2) SUPPLEMENTAL NOTICE
OF (I) POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES,
LICENSE AGREEMENTS, AND EXECUTORY CONTRACTS; AND
<u>(II) PROPOSED CURE OBLIGATIONS, IF ANY</u>**

Merrill Lynch Mortgage Lending, Inc. ("MLML"), by and through its undersigned counsel, files this limited objection to the: (1) Emergency Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase and Sale Agreement Thereto; (c) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the "Sale Motion") <u>and</u> (2) the Supplemental Notice of (I) Possible Assumption

and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, if Any [Docket No. 962] (the "Supplemental Notice"). In support thereof, MLML respectfully sets forth as follows:

## PRELIMINARY STATEMENT

1. MLML does not object generally to the sale of the loan servicing business that is the subject of the Sale Motion. MLML files this limited objection to the assumption and assignment of servicing rights (the "Servicing Rights") pertaining to either or both: (a) the "Loan Sale and Servicing Agreement" with "Merrill Lynch" and an unidentified debtor (the "APA Agreement") that is listed on page 23 of Schedule 1.1(j) to the Asset Purchase Agreement between AH Mortgage Acquisition Co., Inc., American Home Mortgage Investment Corp., American Home Mortgage Corp. and American Home Mortgage Servicing Inc. (the "APA"), and/or (b) the "Loan Sale and Servicing Agreement with Merrill Lynch" listed in the Supplement Notice (the "Supplemental Agreement", together with the APA Agreement, the "Purported Agreements").

2. Because Debtors fail to provide any information regarding the Purported Agreements to enable MLML to identify the servicing rights that Debtors seek to assume and assign, including the date of such agreement(s), the relevant Merrill Lynch entity that is purportedly a party to such agreement(s) or the Debtor(s) that is or are counterparties, MLML objects to the Sale Motion and the Supplemental Notice to the extent Debtors seek to assume and assign the Servicing Rights in connection with these unidentified Purported Agreements. MLML has attempted on several occasions to solicit assistance from Debtors' counsel to help identify whatever "Merrill Lynch" servicing rights Debtors believe they may sell to the successful bidder. To date, Debtors' counsel has not responded.

**BACKGROUND**

3.  In their prior notices designating potential servicing rights and related contracts that Debtors may seek to assume and assign, Debtors scheduled a Master Mortgage Loan Purchase and Servicing Agreement with MLML, American Home Mortgage Corp. and American Home Mortgage Servicing, Inc., dated as of July 1, 2007 (the "Prior Agreement"). On September 27, 2007, Debtors withdrew their request to assume and assign the servicing rights related to the Prior Agreement. See "Notice of Contracts Excluded from: (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If, Any," dated September 27, 2007 [Docket No. 979].

4.  On September 25, 2007, Debtors filed a Notice of Filing of Executed Asset Purchase Agreement [Docket No. 931] which attached an executed copy of the APA and its schedules. Schedule 1.1(j) to the APA, which lists the servicing agreements and related servicing rights that Debtors seek to assume and assign to the purchaser, provides:

| Index | Name of Agreement | Type of Agreement/Arrangement |
|---|---|---|
| 1.1(j) fo | Loan Sale and Servicing Agreement with Merrill Lynch [MISSING CONTRACT] | Loan Sale/Servicing Agreement |

5.  Moreover, Schedule 2.1(b)(ii), entitled "Contracts Not Provided by Seller Under Section 2.1(b)(i)," contains the following entry:

| Name of Counterparty | Type of Agreement | Agreement |
|---|---|---|
| Merrill Lynch | Servicing Agreement | Loan Sale and Servicing Agreement with Merrill Lynch |

6.  Thus, it appears that Debtors intend to assume and assign the purported Servicing Rights, even though they apparently do not have a copy of the APA Agreement and

cannot identify any contract the may relate to the Servicing Rights, or the purported Merrill Lynch counterparty.

7. The September 26, 2007 Supplemental Notice lists the Supplemental Agreement and related servicing rights. That agreement is also undated and refers to a "Merrill Lynch MTS" at a Texas address as the notice party under the Supplemental Agreement.

## LIMITED OBJECTION

8. MLML objects to the Sale Motion and the Supplemental Notice to the extent that Debtors seek authority pursuant thereto to assume and assign the unidentified Servicing Rights. At this point, MLML does not know what servicing rights of "Merrill Lynch" Debtors seek to assume and assign. Without knowing this information, it is not possible to properly respond to the Debtors' request to assume and assign the Servicing Rights.

9. MLML does not believe that Debtors are currently servicing any loans of MLML or its affiliates, and thus there can be no servicing rights of "Merrill Lynch" to assume and assign to any successful bidder for the servicing business. Moreover, MLML is not aware of a "Merrill Lynch MTS" and it appears that the address listed for that entity in the Supplemental Notice is in fact the Debtors' address in Irving, Texas (rather than a Merrill Lynch address). In sum, MLML is not aware of any servicing rights of "Merrill Lynch" that could be sold to any successful bidder.

10. In the event that Debtors can, in fact, identify the contract(s) and/or the related servicing rights of "Merrill Lynch", MLML asks that Debtors provide additional information to counsel for MLML concerning whatever servicing rights of MLML or its affiliates that Debtors believe may be assumed and assigned in connection with the sale.

11. Until additional information is provided regarding the Servicing Rights to enable MLML to identify precisely what it is Debtors seek to assume and assign, MLML objects to the assumption and assignment of those Servicing Rights. In the meantime, MLML incorporates by reference all objections filed by financial institutions to the Assumption Notice, Amended Notice and Supplemental Notice, including, without limitation, the following:

- MLML disputes the cure amount (whatever it may be) and reserves the right to assert a greater cure amount in the event Debtors can identify precisely which servicing rights and/or related contract(s) they seek to assume and assign;

- There may be non-monetary defaults under the relevant agreement(s) pertaining to the purported Servicing Rights that cannot be cured by Debtors;

- The Purported Agreements, and any servicing agreement of MLML or its affiliates, are not executory and thus not capable of being assumed;

- Debtors have not provided adequate assurance of future performance under section 365(f) of the Bankruptcy Code;

- Debtors must assume all related burdens and benefits of the Purported Agreements (or whatever agreement(s) relate to the Servicing Rights) and cure all defaults, as Debtors cannot cherry pick the Servicing Rights from any such agreement(s);

- Debtors have no legal or equitable interest in the Servicing Rights or any agreement pertaining thereto; and

- Debtors may not be parties to whatever agreement pertains to the Servicing Rights, and thus they cannot assume and assign the Servicing Rights.

**RESERVATION OF RIGHTS**

12. MLML reserves the right to amend or supplement this objection in the event Debtors accurately identify the servicing rights, if any, of MLML or its affiliates that they seek to assume and assign, and to file additional and further objections to assumption and assignment of any such servicing rights and related agreements.

WHEREFORE, MLML respectfully requests that the Court deny the relief requested in the Sale Motion to the extent Debtors intend thereby to assume and assign the purported Servicing Rights that relate to unidentified contracts with "Merrill Lynch", and respectfully requests that the Court grant MLML such other and further relief that it believes is just and proper.

| | |
|---|---|
| Dated:   October 2, 2007 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | /s/ Daniel B. Butz<br>Derek C. Abbott (No. 3376)<br>Daniel B. Butz (No. 4227)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>Telephone:   (302) 658-9200<br>Facsimile:   (302) 658-3989 |
| | -and- |
| | LOEB & LOEB, LLP<br>Lance N. Jurich<br>10100 Santa Monica Boulevard<br>Los Angeles, CA  90067<br>Telephone:   (310) 282-2000<br>Facsimile:   (310) 282-2200 |
| | Vadim J. Rubinstein<br>345 Park Avenue<br>New York, NY  10154<br>Telephone: (212) 407-4000<br>Facsimile:  (212) 407-4990 |
| | *Attorneys for Merrill Lynch Mortgage Lending, Inc.* |

1252258