IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation., et al.,<br><br>      Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>(Jointly Administered)<br><br>Hearing Date: October 17, 2007 at 10:00 am<br>Objection Due: October 12, 2007 at 4:00 pm |

**MOTION OF UNITED HEALTH GROUP FOR
(I) RELIEF FROM STAY TO EXERCISE SETOFF RIGHTS PURSUANT TO
SECTION 553 OF THE BANKRUPTCY CODE AND (II) OTHER RELATED RELIEF**

    United Health Group ("United"), by its undersigned counsel, hereby submits this Motion For (I) Relief From Stay to Exercise Setoff Rights Pursuant to Section 553 of the Bankruptcy Code and (II) Other Related Relief (the "Motion"). In support of the Motion, United respectfully states as follows:

**INTRODUCTION**

    1. On August 6, 2007 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware, thereby commencing the above-captioned cases (the "Cases").

    2. The Cases are being jointly administered pursuant to an order of this Court entered on August 7, 2007.

    3. On or about September 17, 2007, this Court entered the Second Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases and to Abandon Certain Furniture, Fixtures, and Equipment (the "Order"), which authorized Debtors to reject certain office leases identified on Exhibit A attached thereto. The Order further stated

490284 v. 3

that the leases were deemed rejected effective August 31, 2007, except as otherwise agreed to in writing by the Debtors and Inland US Managements, LLC.

## BACKGROUND OF UNITED LEASE

4.   On or about December 16, 1999, Oxford Health Plans, Inc. (as predecessor to United) entered into a lease agreement (the "Lease") with Columbia National Incorporated (predecessor in interest to one of the Debtors) ("Tenant"), whereby Tenant occupied property located at 111 Wood Avenue South, Iselin, New Jersey ("Leased Property").

5.   Pursuant to the terms of the Lease, the Lease term was to run until November 16, 2007.  The Tenant was obligated to pay rent monthly in the amount of $4,713.71.

6.   The Lease also required Debtor to provide a security deposit in the amount of $9,427.42 ("Security Deposit").  The Security Deposit was paid by Debtor to United at the beginning of the Lease term and remains in United's possession.

7.   On or about August, 2007, Debtor failed to make the monthly payment required under the terms of the Lease.  Additionally, as a result of the rejection of the Lease, United has a claim ("United Claim") of not less than $16,655.11 for unpaid rent through the remaining term of the Lease.

## RELIEF REQUESTED

8.   By this Motion, United seeks an Order of the Court granting it relief from the automatic stay to allow the immediate exercise of setoff rights by United of the United Claim against the Security Deposit.

## BASIS FOR RELIEF

### United is Entitled to Relief From the Automatic Stay to Exercise Its Right of Setoff

9. Section 362(a)(7) of the Bankruptcy Code provides that the filing of the Debtors' voluntary petition operates as an automatic stay, applicable to all parties, against "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." 11 U.S.C. § 362(a)(7). However, Section 362(a)(7) "does not affect the right of" a creditor to setoff. H.R. Rep. No. 595, 95th Cong., 1st Sess., at 342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess., at 51 (1978). Section 362(a)(7) "simply stays its enforcement pending an orderly examination of the debtors' and creditors' rights." Id. Thus, a party may still exercise its right to setoff in a bankruptcy proceeding but must first obtain relief from the automatic stay or obtain an order allowing setoff prior to exercising any right to setoff. In re NTG Industries, Inc., 103 B.R. 195, 197 (Bankr. N.D. Ill. 1989).

10. Section 553 of the Bankruptcy Code governs setoffs in bankruptcy. In relevant part, Section 553 provides:

> [T]his title does not affect any right of a creditor to a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

11 U.S.C. § 553(a). Essentially, the right to setoff allows entities that have mutual obligations to apply their mutual debts against each other, thereby avoiding "the absurdity of making A pay B when B owes A." In re Gordon Sel-Way, Inc., 270 F.3d 280, 290 (5th Cir. 2001) (citing Citizens Bank v. Strumpf, 516 U.S. 16, 18 (1995)).

11. Thus in order for a creditor to establish its right to setoff, it must demonstrate one of the following:

3

> (a) a debt exists from the creditor to the debtor and that debt arose prior to the commencement of the case;
>
> (b) the creditor has a claim against the debtor that arose prior to the commencement of the bankruptcy case; and
>
> (c) the debt and the claim are mutual obligations.

See, e.g. In re Nerland Oil, Inc., 303 F.3d 911 (8th Cir. 2002); United States v. Gerth, 991 F.2d 1428, 1431 (8th Cir. 1993); Braniff Airways, Inc. v. Exxon Co., U.S.A., 814 F.2d 1030, 1035 (5th Cir. 1987). Debts are mutual when the debts and credits are in the same right and are between the same parties, standing in the same capacity. See In re Bennett Funding Group, Inc., 146 F.3d 136, 139 (2d Cir. 1998); In re Drexel Burnham Lambert Group, Inc., 113 B.R. 830, 847 (Bankr. S.D.N.Y. 1990).

**United Is Entitled to Setoff
the United Claim Against the Security Deposit**

12.  The United Claim and the Security Deposit arise out of the same transaction, namely United's pre-petition Lease with Debtors. The claims and debts qualify as mutual obligations of United on the one hand and the Debtors on the other. Furthermore, both claims and debts arose prior to the commencement of these bankruptcy cases. In addition, United does not know of any substantial dispute as to the amounts due and owing between the parties. Therefore, United is entitled to relief from the automatic stay, so that it may immediately setoff $9,427.42 of the United Claim against the Security Deposit.

**RESERVATION OF RIGHTS**

13.  The United Claim is not less than $16,655.11 which is greater than the amount of the Security Deposit. Accordingly, after United exercises its setoff rights, United will be left with a substantial deficiency claim against the Debtors (the "Deficiency Claim"). United

reserves all of its rights and or causes of action with respect to the unsatisfied portion of the United Claim and any other amounts that may be due to United under the terms of the Lease, including without limitation, the right to file a proof of claim in the Debtors' chapter 11 cases.

WHEREFORE, United respectfully requests that this Court enter an order, substantially in the form attached: (i) granting the Motion; (ii) authorizing the immediate exercise of setoff rights by United of the United Claim against the Security Deposit; and (iii) granting such further relief as is appropriate.

Dated: October 2, 2007                    DORSEY & WHITNEY (DELAWARE) LLP


By___/s/_____
    Eric Lopez Schnabel (Del. No. 3672)
1105 North Market Street, 16th Floor
Wilmington, DE 19801
Telephone: (302) 425-7162
Facsimile: (302) 355-0830

            and

Steven J. Heim, Esq.
Michelle Kreidler Dove , Esq.
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

Attorneys for United Health Group

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation., et al., | Case No. 07-11047 (CSS) |
| | (Jointly Administered) |
| Debtors. | |

## ORDER

Upon consideration of the Motion of United For (I) Relief From Stay to Exercise Setoff Rights Pursuant to Section 553 of the Bankruptcy Code, and (II) Other Related Relief (the "Motion");[1] and sufficient notice of the Motion having been given to parties in interest as required under the circumstances; and it appearing that no other or further notice of the Motion need to be given; and the Court having determined that good cause exists for granting the relief requested in the Motion; and objections to the Motion, if any, having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefore, it is hereby so

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that the automatic stay is hereby lifted so as to authorize the immediate exercise of setoff rights by United against the Debtors of the United Claim against the Security Deposit; and it is further

**ORDERED** that the Debtors and United are authorized to take all necessary steps to implement the terms of this Order; and it is further

**ORDERED** that the relief set forth in this Order is without prejudice to United's right to file a proof of claim in the Debtors' chapter 11 cases and recover upon its Deficiency Claim; and it is further

---

[1] All undefined capitalized terms herein shall have the same meaning as set forth in the Motion.

490284 v. 3

**ORDERED** that this Court shall retain jurisdiction regarding the implementation of this Order.

SO ORDERED BY THE COURT:

_____
United States Bankruptcy Judge