UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation *et al.*,[1] | : | |
| | : | Case Number 07-11047 (CSS) |
| Debtors. | : | (Jointly Administered) |
| | : | |

Hearing Date:  October 9, 2007 at 2:30 P.M.

**RESPONSE OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105, 363, 364 AND 365 OF THE BANKRUPTCY CODE, AND RULES 2002, 4001, 6004, 6006, 7062, 9007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) APPROVING (i) THE SALE OF THE DEBTORS' MORTGAGE SERVICING BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, (ii) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATING THERETO, AND (B) GRANTING RELATED RELIEF**

In support of her response to the Debtors' motion for an order pursuant to sections 105, 363, 364 and 365 of the Bankruptcy Code, and Rules 2002, 4001, 6004, 6006, 7062, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (a) approving (i) the sale of the Debtors' mortgage servicing business free and clear of liens, claims and interests, (ii) the assumption and assignment of certain executory contracts and unexpired leases relating thereto, and (b) granting related relief

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: AHM Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

(the "Motion"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

## INTRODUCTION

1. Under (i) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (ii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion.

2. Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this response.

## RESPONSE

*11 U.S.C. § 363(o)*

4. Added to the Bankruptcy Code through the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005), 11 U.S.C. § 363(o) provides as follows:

> Notwithstanding [11 U.S.C. § 363(f)], if a person purchases any interest in a consumer credit transaction that is subject to the Truth in Lending Act ["TILA"] or any interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations (January 1, 2004), as amended from time to time), and if such interest is purchased through a sale under this section, then

2

such person shall remain subject to all claims and defenses that are related to such consumer credit transaction or such consumer credit contract, to the same extent as such person would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under this section.

5. The sale order should acknowledge that, to the extent that the Debtors propose to sell any interests in either consumer credit transactions that are subject to TILA or interests in consumer credit contracts, the sale will not be free and clear of such claims and defenses that are related to the consumer credit transaction subject to TILA or the consumer credit contract in accordance with Section 363(o) of the Bankruptcy Code.

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court issue an order granting relief consistent with this response.

Respectfully submitted,

**KELLY BEAUDIN STAPLETON**
**UNITED STATES TRUSTEE**

BY:  /s/ Joseph J. McMahon, Jr.
　　　Joseph J. McMahon, Jr., Esquire (# 4819)
　　　Trial Attorney
　　　United States Department of Justice
　　　Office of the United States Trustee
　　　J. Caleb Boggs Federal Building
　　　844 King Street, Room 2207, Lockbox 35
　　　Wilmington, DE  19801
　　　(302) 573-6491
　　　(302) 573-6497 (Fax)

Date:  October 2, 2007