IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| AMERICAN HOME MORTGAGE ) | |
| HOLDINGS, INC., ) | Case No. 07-11047 (CSS) |
| ) | |
| Debtors. ) | Re: Docket Nos. 11 and 113 |

**OBJECTION OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. TO DEBTORS' EMERGENCY MOTION TO SELL CERTAIN <u>ASSETS USED IN THE DEBTORS' LOAN SERVICING BUSINESS</u>**

Mortgage Electronic Registration Systems. Inc. ("MERS") hereby submits this objection to the (i) Emergency Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto and (IV) Granting Related Relief [Docket No. 11] (the "Sale Motion"). In support of its objection, MERS respectfully represents as follows:

<u>**BACKGROUND**</u>

A. <u>**General Background**</u>

1. The above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") on August 6, 2007 (the "Petition Date").

2.  On the Petition Date, the Debtors filed, inter alia, the Sale Motion. Pursuant to the Sale Motion, the Debtors sought authority to sell the rights and assets necessary to service approximately $45 billion in loans (the "Servicing Platform") to the highest and best bidder. On August 9, 2007, this Court entered its Order Approving (I) Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof and (IV) Granting Related Relief [Docket No. 113] (the "Sale Order"). By notice dated September 14, 2007 [Docket No. 746] (the "September 14 Notice"), the Debtors revised the various deadlines established by the Sale Order including rescheduling the auction for the Servicing Platform to October 5, 2007 and the hearing to approve the sale of the Servicing Platform to October 9, 2007. Pursuant to the September 14 Notice, the deadline to object to the sale of the Servicing Platform was rescheduled to October 1, 2007 (the "Objection Deadline").[1]

**B.    The Debtors' Relationship With MERS**

3.  MERS was created by the mortgage banking industry to streamline the sale of mortgage loans in the secondary mortgage market by using electronic commerce to eliminate paper. MERS acts as the mortgagee (or beneficiary on a Deed of Trust) in a nominee capacity in the county land records on behalf of its members. MERS remains the nominal mortgagee no matter how many times servicing of a particular loan is traded, so long as servicing rights are traded to another MERS member.

---

[1] Although it is a known creditor and its rights obviously will be affected by the entry of an order selling the Servicing Platform to a third party, MERS did not receive actual notice of the Sale Motion, the entry of the Sale Order or the September 14 Notice. Accordingly, MERS requests that it be permitted to file this objection one day late and that the Court consider this objection as if it had been filed by the Objection Deadline.

4. Each mortgage loan for which MERS serves as nominee is tracked electronically through the MERS® System. Each time a registered MERS® System mortgage loan for which MERS is the mortgagee as nominee is sold or transferred, the MERS® System is updated to reflect the new servicer and/or investor. Only members of MERS are authorized to utilize the MERS® System. Accordingly, if a mortgage loan for which MERS is the mortgagee as nominee, or the servicing rights related thereto, is sold to a non-MERS member, such loans must be transitioned off the MERS® System by de-registering the mortgage loan from the MERS® System and preparing and executing an assignment for each mortgage loan out of MERS name to the non-MERS member and each assignment must be recorded in the applicable state and county land records to reflect the new mortgagee of record. The non-MERS member has the option of becoming a MERS member and retaining MERS as the mortgagee of record which allows the mortgage loans to continue to be registered and tracked on the MERS® System. By exercising this option the purchaser only incurs the MERS $4.95 transfer fee.

5. In exchange for its agreement to serve as mortgagee as nominee, members of MERS pay a transaction fee each time an eligible mortgage loan, or the servicing rights associated therewith, are sold or transferred. An eligible mortgage loan is any mortgage loan that was originated more than 270 days before the sale. The current fee for tracking on the MERS® System the transferring of rights to service an eligible loan registered with MERS is $4.95 per loan (if sold to another MERS member). There is no fee associated with transferring a non-eligible mortgage loan (a "flow loan transaction") to another MERS member. There is a de-registration fee for transferring any loan (whether eligible or otherwise) to a non-MERS member of $1.00 per loan. An assignment out of MERS name for each loan sold to a non-

MERS member is required to be recorded in the applicable land records and the county recording fee for each assignment must be paid to the applicable county by either the Debtor or the purchaser. See MERS Fee Schedule annexed hereto as Exhibit A.

6. Pursuant to its Application for Membership, dated January 21, 2000, the Debtors are MERS members. Accordingly, they are bound by the Terms and Conditions of Membership and Rules of Membership, copies of which are annexed hereto as Exhibit B. The Application of Membership, MERS Fee Schedule, Terms and Conditions and Rules of Membership are collectively referred to herein as the MERS Agreement. As of September 20, 2007, the Debtors were acting as servicer for approximately 322,678 loans registered on the MERS® System.

## OBJECTION

7. MERS does not object to the sale of the Servicing Platform, per se. Rather, by this objection, MERS wishes to protect its rights to ensure that the Debtors comply with their obligations under the MERS Agreement in connection with such sale.

8. In the first instance, the Sale Motion does not identify the number of registered loans (including eligible and non-eligible loans) that the Debtors intend to transfer to the proposed non-MERS member purchaser. It is unclear if the Sale contemplates MERS remaining the mortgagee with the non-MERS member becoming a MERS member and thus incurring the MERS $4.95 transaction fee for eligible loans (approximately 266,269). Or, if the mortgages will be assigned out of MERS name and assignments recorded for each of the mortgage loans (approximately over 322,000) in the applicable land records and requiring the Debtor to pay the $1.00 MERS de-registration fee as well as the fees and costs associated with recording

assignments removing MERS as the mortgagee of record for the subject loans. Absent this information, MERS is unable to calculate the appropriate fee to be paid to MERS in connection with the sale of the Servicing Platform.

9. Moreover, the Objection Deadline is set before the auction, which is scheduled for October 5, 2007. However, MERS will not know the identity of the proposed purchaser of the Servicing Platform, including whether such proposed purchaser is a member of MERS, a non-MERS member that chooses to become a MERS member, or a non-MERS member that chooses not to become a member of MERS, until after the auction. Accordingly, MERS is unable to determine at this time whether the Debtors will owe MERS a $4.95 per loan transaction fee (if the proposed purchaser is a MERS member or if a non-MERS member, chooses to become a MERS member) or a $1.00 per loan deactivation fee (if the proposed purchaser is not a MERS member and does not want to become a MERS member) as well as the fees and costs associated with recording assignments removing MERS as the mortgagee of record for the subject loans until after the auction has concluded.

10. In any of these circumstances, the order approving the sale of the Servicing Platform should provide that the Debtors are obligated to pay the fee due and owing to MERS out of the proceeds of the sale immediately after such proceeds are received. Failure to do so will result in the Debtors losing their status as members in good standing of MERS, which will violate the Debtors' representations made in Section 5.12 of the proposed Asset Purchase Agreement for the Servicing Platform [Docket No. 931] and will cause the Debtors to be in breach of their obligations under their current debtor in possession financing facility.[2]

---

[2] See Section 7.23 of Exhibit A to Final Order Pursuant to Sections 105(a), 362 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014: (A) Approving Debtor-In-Possession Financing, (B) Granting Liens and Allowing Superpriority Administrative claims, and (C) Granting Related Relief [Docket No. 555].

11. Moreover, if the proposed purchaser is not a MERS member, the order approving the Sale Motion must provide that the sale cannot close until such time as (i) the proposed purchaser becomes a MERS member (in which case, the $4.95 transfer fee will apply) or (ii) all of the affected mortgage loans are de-registered from the MERS System and MERS is removed as the mortgagee of record (in which case, the $1.00 de-registration fee will apply as well as the costs and fees associated with preparing and recording assignments removing MERS as the mortgagee in the land records).

## CONCLUSION

WHEREFORE, MERS respectfully requests that the Court (i) direct the Debtors to provide MERS with specific information identifying the number of loans for which servicing rights are to be transferred pursuant to the Sale Motion, (ii) modify any order approving the Sale Motion to provide that (a) the Debtors must promptly pay of the appropriate fee to MERS consistent with the MERS Agreement and (b) the sale of the Servicing Platform may not be consummated until such time as (1) the proposed purchaser becomes a MERS member or (2) all of the affected mortgage loans are de-registered from the MERS System and MERS is removed as the mortgagee of record and (iii) grant such other relief as is just and proper under the circumstances.

Dated: October 2, 2007
Philadelphia, Pennsylvania

/S/ Rebecca L. Booth
Michael A. Bloom, Esq.
Rebecca L. Booth (Del. Bar No. 4031)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Phone: 215.963.5000
Fax: 215.963.5001Attorneys for MERS

-1-

I, Rebecca L. Booth, hereby certify that on October 2, 2007, I caused a copy of the foregoing, Objection of Mortgage Electronic Registration System to Debtors' Emergency Motion to Sell Certain Assets Used in the Debtor's Loan Servicing Business, to be served by overnight mail upon:

American Home Mortgage Holdings, Inc.
538 Broadhollow Road
Melville, New York  11747
Attn: Alan Horn, General Counsel

Milestone Advisors, LLC
1775 Eye Street, NW, Suite 800
Washington, DC  20006
Attn: Jeffrey M. Levine

Kaye Scholer LLP
425 Park Avenue
New York, New York  10022
Attn: Margot B. Schonholtz, Esq.

Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
Attn: Laurie Selber Silverstein, Esq.

Jones Day
222 East 41st Street
New York, New York  10017
Attn: Erica M. Ryland

Office of the United States Trustee
844 King Street, Room 2313
Wilmington, Delaware  19801
Attn: Joseph McMahon, Esq.

Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
Attn: James L. Patton, Jr., Esq.

Bonnie Glantz Fatell, Esq.
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE  19801

Kaye Scholer LLP
425 Park Avenue
New York, New York  10022
Attn: Scott D. Talmadge, Esq.

Jones Day
222 East 41st Street
New York, New York  10017
Attn: Corinne Ball, Esq.

Greenberg Traurig LLP
1007 North Orange Street, Suite 1200
Wilmington, Delaware  19801
Attn: Victoria Counihan, Esq.

Dated: Philadelphia, PA
       October 2, 2007

                                        /S/ Rebecca L. Booth
                                          Rebecca L. Booth

1-PH/2512611.1