## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------------x
In re:                                                : Chapter 11
                                                      :
AMERICAN HOME MORTGAGE                                : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, *et al.*,     :
                                                      : Jointly Administered
    Debtors.                       : Related to Doc. No. 11
                                                      : Hearing Date: 10/9/07 @ 2:30
                                                      : Objection Date: 10/2/07 @ 4:00
---------------------------------------------------------------------------x

**SUPPLEMENTAL OBJECTION OF U.S. BANK NATIONAL ASSOCIATION TO EMERGENCY MOTION OF THE DEBTORS FOR ORDERS: (A)(I) APPROVING SALE PROCEDURES; (II) SCHEDULING A HEARING TO CONSIDER SALE OF CERTAIN ASSETS USED IN THE DEBTORS' LOAN SERVICING BUSINESS; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF; AND (B)(I) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING PURCHASE AGREEMENT THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (IV) GRANTING RELATED RELIEF <u>AND TO PROPOSED CURE OBLIGATIONS</u>**

    U.S. Bank National Association, in its capacity as Trustee, by and through its undersigned counsel, files this Supplemental Objection (the "Supplemental Objection") to the Debtors' motion to sell their loan servicing business and to the proposed assumption and assignment of certain executory contracts and the proposed cure amounts associated with such sale (the "Sale Motion").

## BACKGROUND

    1.    U.S. Bank National Association is the indenture trustee or other trustee in connection with the securitization transactions for which the Debtors are the servicers, subservicers, sellers, or originators and which were previously identified by the Debtors in their *Modified* Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any (the "Modified Notice") as follows: "(JPALT

2006-A3")"; "(JPALT 2007-S1)"; "(JPMMT 2007-S2)"; "(JPMMT 2007-S3)"; "(GSR 2006-AR1)"; "(GSAA 2006-6)"; "(BSABS 2006-AC3)"; "(GSAA 2006-9)"; "(BSABS 2007-AC1)"; "(BSABS 2006-AC4)"; "(MARM 2006-OA2)"; "(MARM 2007-1)" and "(MARM 2007-3);"[1] and certain servicing agreements dated October 7, 2005 listed on Exhibit B of the Modified Notice. In addition, on September 26, 2007, the Debtors filed a Supplemental Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any (the "Supplemental Notice") [Docket No. 962]. The Supplemental Notice includes, among other additional contracts, a HELOC Subservicing Agreement dated as of October 7, 2005 among the 2005-4A Trust, AHM Servicing, AHM Acceptance and U.S. Bank; a RMBS Subservicing Agreement dated as of October 7, 2005 among the 2005-4A Trust, AHM Servicing, AHM Acceptance and U.S. Bank; and a Servicing Agreement dated as of October 7, 2005 among the 2005-4C Trust, Wells Fargo Bank, N.A., U.S. Bank, AHM Acceptance and AHM Servicing. Accordingly, U.S. Bank National Association files this Supplemental Objection in its capacity as Indenture Trustee or other trustee in connection with the foregoing transactions, contracts, and any additional transactions for which the Debtors serve as servicer, subservicer, seller or originator and for which U.S. Bank National Association is the Indenture Trustee or other trustee, either as the original or successor in such capacities ("U.S. Bank" or the "Trustee"). On the exhibits to the Modified Notice, the Debtors have identified each of the above-listed securitization transactions as "Third Party

---

[1] U.S. Bank is also the Indenture Trustee in connection with two additional securitization transactions, previously identified by the Debtors as LXS 2007-7N and LXS 2007-15N, for which the Debtors previously served as servicer under certain servicing agreements. The Debtors' servicing rights under these servicing agreements were properly terminated pre-petition and, accordingly, these servicing agreements do not constitute executory contracts which the Debtors can assume or assume and assign. It appears that these transactions were removed from the list of contracts to be assumed and assigned filed by the Debtors on August 27, 2007, and that the Debtors no longer seek to include them in the Sale Motion. To the extent that the Debtors seek to assume and assign contracts related to these transactions, U.S. Bank continues to object to same.

Securitizations" (together with additional listed transactions and any other transactions that may be a subject of the Sale Motion, if any, for which U.S. Bank is the Indenture Trustee, or other trustee, either as the original or successor in such capacities, but which additional listed securitization transactions do not specifically identify U.S. Bank collectively, the "Securitization Transactions").

2. In furtherance of the foregoing, U.S. Bank is a trustee for certain mortgage loan securitization transactions sponsored by the Debtors pursuant to which Debtor entities service mortgage loans. Debtor entities are also the originator and/or seller of mortgage loans included in the Securitization Transactions, and in that capacity have various other obligations to the Securitization Transactions. To the extent that any Joined Objection (as defined hereinbelow) asserts objections on behalf of some, but not all, of the Securitization Transactions, U.S. Bank adopts, extends and asserts such objections on behalf of all of the Securitization Transactions.

3. On September 20, 2007, U.S. Bank filed a Limited Objection to the Sale Motion (the "Limited Objection") [Docket No. 836]. The Limited Objection is incorporated herein.

4. On September 27, 2007, the Debtors filed their Notice of Contracts *Excluded* from (I) Possible Assumption and Assignment of Certain Leases, Licenses, and Executory Contracts; and (II) Proposed Cure Obligations, If Any, removing certain contracts from the Modified Notice, including the following transactions for which U.S. Bank is the Trustee: "(JPALT 2007-S1);" "(JPMMT 2007-S2);" and "(JPMMT 2007-S3)" (the "U.S. Bank Withdrawn Contracts"). Accordingly, and in reliance on such notice, the U.S. Bank Withdrawn Contracts are no longer a part of the Limited Objection nor a part of the Supplemental Objection. In the event the Debtors seek to assume and assign contracts related to the U.S. Bank Withdrawn Contracts, U.S. Bank reserves its rights, and does object, to same.

## DISCUSSION

5.  U.S. Bank objects[2] to the Sale Motion for the reasons already set forth in its Limited Objection.  In addition, in support of its Supplemental Objection, U.S. Bank joins in and incorporates, without further restatement and for and on its own behalf, as applicable to the Securitization Transactions, (i) the Supplemental Objection to the Sale Motion filed by Financial Guaranty Insurance Company ("FGIC") [Docket No. 1036]; (ii) the Supplemental Objection to Proposed Cure Obligations of Wells Fargo Bank, National Association ("Wells Fargo") [Docket No. 1053]; (iii) the Joinder filed by Deutsche Bank National Trust Company ("Deutsche Bank") [Docket No. 800]; and (iv) the Objection of GMAC Mortgage LLC ("GMAC") [Docket No. 857] (collectively, the "Joined Objections").[3]

6.  It appears that the Debtors intend to assume and assign all of their rights and obligations solely in their capacity as loan servicer, but not in other capacities, with respect to all of the Securitization Transactions, with the possible exception of the U.S. Bank Withdrawn Contracts.  The Modified and Supplemental Notices, however, do not list all of the relevant agreements associated with the Securitization Transactions and the terms of the recently filed and executed asset purchase agreement are unclear as to what obligations are being assumed under the agreements listed in such Notices.  Moreover, the sale of Debtors' servicing business should not affect any rights or obligations of the Debtors, or claims of U.S. Bank, with respect to the obligations of Debtors as originators and/or sellers of mortgage loans.  The Modified and Supplemental Notices and executed form of asset purchase agreement filed with the Court are so unclear, however, that U.S. Bank has been unable to

---

[2]  U.S. Bank files this Supplemental Objection in an abundance of caution and by making this Supplemental Objection does not acknowledge, create or assume any obligations under any documents to which it is a party that do not otherwise exist.

[3]  To the extent the pleadings filed by FGIC, Wells Fargo, Deutsche Bank, and/or GMAC assert facts of which U.S. Bank is without knowledge, U.S. Bank joins and incorporates such assertions upon information and belief.

verify this basic material fact. Accordingly, U.S. Bank reserves the right to modify and supplement the objections set forth herein as new information becomes available including without limitation the identity of the ultimate purchaser and the final terms of the asset purchase agreement.

7. Further, U.S. Bank asserts on behalf of itself and the Securitization Transactions as additional cure damages, all rights to payment of fees and expenses and all rights to indemnification (whether contingent, non-contingent, matured or unmatured) under each of the agreements relating to the Securitization Transactions which the Debtors intend to assume, or assume and assign. Such amounts include the fees and expenses of U.S. Bank, as well as certain fees and expenses of the other parties to the Joined Objections, which expenses may be borne by the Securitization Transactions if not paid by the Debtors in accordance with the terms and conditions of the Securitization Transactions. As of the date of the preparation of this Supplemental Objection, U.S. Bank's fees and expenses reimbursable by the Debtors under the agreements relating to the Securitization Transactions are not less than $100,000.

8. Finally, U.S. Bank continues to reserve the right to supplement its Limited Objection, this Supplemental Objection, and to commence related proceedings, all as more fully set forth in its Limited Objection. Although Debtors have filed an executed form of asset purchase agreement, its terms continue to fail to adequately deal with previously expressed concerns, including those discussed above relating to uncertainty surrounding the assumption of obligations. U.S. Bank reserves its rights to assert these and additional objections to the form of asset purchase agreement which may become evident upon further review and as such agreement is modified.

WHEREFORE, U.S. Bank hereby requests that (a) the Court deny the Sale Motion to the extent the Sale Motion seeks to include or assume and assign the HELOC Servicing Agreements (as defined in the objection to the Sale Motion filed by FGIC); (b) the Court hold that the purported cure claim

related to the HELOC Servicing Agreements is thus not applicable, or if applicable, is incorrect and that such Agreements may not be assumed or assigned until fully cured by payment of the unpaid amounts as described in the Limited Objection; (c) any Order approving the Sale Motion establish an appropriate reserve or escrow for the benefit of the Trusts created pursuant to the Securitization Transactions to cure the above described defaults and any latent or other defects or breaches under the terms of the Servicing Agreements; (d) all of its rights, remedies and claims with respect to the identity of the purchaser or purchasers of the loan servicing related to the Securitization Transactions, including but not limited to, the ability of such purchaser to provide adequate assurance of future performance, be reserved and preserved; (e) all of its rights, remedies and claims with respect to the form of the Asset Purchase Agreement be reserved and preserved pending the availability of such document in final and sufficient form; and (f) the Court grant such other and further relief as it deems equitable, just and proper.

Dated:  October 2, 2007

**DORSEY & WHITNEY (DELAWARE) LLP**

By ___/s/_____
Eric Lopez Schnabel (Del No. 3672)
1105 North Market Street , 16th Floor
Wilmington, DE  19801
Telephone: (302) 425-7162

**DORSEY & WHITNEY LLP**
Charles Sawyer (MN #140351)
Katherine A. Constantine (MN # 123341)
Monica Clark (MN # 28211X)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600

Attorneys for U.S. Bank National Association, in its capacity as Trustee