IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware Corporation, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br>Ref. Docket Nos. 11, 113, 403, 674, 957 and 962<br><br>Objection Deadline: 10/03/07 at 4:00 p.m.<br>Hearing Date: 10/09/07 at 2:30 p.m. |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ZC REAL ESTATE TAX SOLUTIONS LIMITED TO THE SUPPLEMENTAL NOTICE OF (I) POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES, LICENSE AGREEMENTS, AND EXECUTORY CONTRACTS; AND (II) PROPOSED CURE OBLIGATIONS, IF ANY**

ZC Real Estate Tax Solutions Limited ("ZCRETS"), by and through its undersigned attorneys, Reed Smith LLP, hereby files this limited objection (the "Limited Objection") to Debtors' Supplemental Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any, and respectfully states as follows:

## BACKGROUND

1. On August 6, 2007 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

2. On August 27, 2007, the Debtors filed a Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any (D.I. 403), which was modified on September 10, 2007 (the "Modified Notice")(D.I. 674), and supplemented on September 26, 2007 (the "Supplemental Notice") (D.I. 962).

3.  On September 26, 2007, the Debtors filed a Notice of Entry of the Sale Procedures Order ("Notice of Sale Procedure Order")(D.I. 957) which, in paragraph 4, states: "The Debtors' books and records reflect that postpetition amounts owing under the Assumed Contracts have been paid and will continue to be paid in the ordinary course of its business through and include the entry of the Sale Approval Order."

4.  Prior to the Petition Date, on June 6, 2005, ZCRETS and Homegate Settlement Services, Inc. ("Homegate"), one of the Debtors herein, entered into an agreement pursuant to which Homegate engaged ZCRETS "to perform certain services for the management and administration of Homegate's real estate tax management and payment obligations (the "Tax Services") for present and future real estate loans owned, serviced, or sub-serviced by Homegate and any of its Affiliates"[1], which agreement was amended on May 1, 2006 (the "Tax Servicing Agreement").

5.  ZCRETS continues to provide services to the Debtors under the Tax Servicing Agreement.

**LIMITED OBJECTION**

6.  Pursuant to the Supplemental Notice, the Debtors notified ZCRETS of their intent to *possibly* assume and assign the Tax Servicing Agreement, which Supplemental Notice:

    a.  improperly lists the name of ZCRETS as "ZC Sterling Insurance Agency"; and

    b.  improperly listing the cure amount at "$575,262.41."

---

[1] "Affiliates" is defined in the Tax Servicing Agreement to mean "a business entity now or hereafter that directly, or indirectly through one of more intermediaries, controls, is controlled by or is under common control with a party. Control exists when an entity owns or controls more than 50% of the outstanding shares or securities representing the right to vote for the election of directors or other managing authority of another entity."

7.    As set forth in the beginning of this Limited Objection, the counter party to the Tax Servicing Agreement is "ZC Real Estate Tax Solutions Limited" and not "ZC Sterling Insurance Agency."

8.    The cure amount stated in the Supplemental Notice is $575,262.41; this amount is wrong.[2] As admitted by the Debtors in their Modified Notice, $1,125,804.15 is the total amount due ZCRETS on account of *pre-petition* invoices; none of which has been paid. Additionally, while the Debtors recently tendered partial payment to ZCRETS under the Tax Servicing Agreement on account of services rendered and expenses incurred post-petition, no less than $42,015.69 remains due and owing ZCRETS for services rendered post-petition and in August 2007. Additional amounts will be due ZCRETS for services rendered and expenses incurred during September 2007 and for each day thereafter up until any assumption and assignment of the Tax Servicing Agreement.

9.    Because the Debtors are not current on all post-petition payments due ZCRETS, this Limited Objection is also directed to the Notice of Sale Procedures Order, which represents that the Debtors "have paid all post-petition obligation due under the Assumed Contracts."

10.    ZCRETS files this Limited Objection to: (a) correct the name on the schedule to the Supplemental Notice to "ZC Real Estate Solutions Limited"; (b) to correct the cure amount listed on the Supplemental Notice; (c) to advise that all post-petition charges under the Tax Servicing Agreement have not been paid; and (d) to make clear that the cure amount must include all prepetition and post-petition fees and expenses due ZCRETS at the time of any assumption and assignment to the extent such fees and expenses have not otherwise been paid by the Debtors in the ordinary course. Furthermore, ZCRETS reserves all rights to object to the

---

[2] In the prior Modified Notice, the cure amount for ZCRETS was listed as $1,125,804.15, which reflected the total amount due ZCRETS on account of *pre-petition* invoices. No amount has been paid on account of the pre-petition invoices.

assignment of its contract absent fulfillment by the purchaser/debtor of their obligations under section 365 of the Bankruptcy Code.

## RESERVATION OF RIGHTS

11.     ZCRETS reserves all of its rights to amend, supplement and/or modify this Limited Objection at any time up to and at any and all hearings held in connection with the Debtors' sale of its servicing business or any hearings held in connection with the assumption and assignment of the ZCRETS contract.

WHEREFORE, for the reasons set forth herein, ZCRETS respectfully requests that the Court (i) sustain the Limited Objection; (ii) require that the Debtors cure all defaults under the Tax Servicing Agreement; (iii) require that the Debtors pay all cure amounts to bring the ZCRETS account current; (iii) require that the Debtors assume and assign the Tax Servicing Agreement in its entirety; (iv) require that any assignee be bound by all the terms, provisions and obligations under the Tax Servicing Agreement; and (v) grant such other and further relief as the Court deems appropriate.

Dated:  October 3, 2007                                    **REED SMITH LLP**

/s/ Kimberly E. C. Lawson
Kimberly E. C. Lawson, Esq. (No. 3966)
1201 Market Street, Suite 1500
Wilmington, DE  19801
Telephone:  (302) 778-7500
Facsimile:  (302) 778-7575

-and-

Richard P. Norton, Esq.
Amy M. Tonti, Esq.
599 Lexington Avenue
29th Floor
New York, NY 10022
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450

*Attorneys for ZC Real Estate Tax Solutions Limited*