IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | **Doc. Ref. Nos: 192 & 643** |
| | Objection Deadline: October 23, 2007 |

---------------------------------------------------------------- x

## NOTICE OF FILING OF THE ORDINARY COURSE PROFESSIONAL ANTHONY COLAS

PLEASE TAKE NOTICE that, on August 16, 2007, the above-captioned debtors and debtors in possession (the "Debtors") filed the Motion for an Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to Petition Date [Docket No. 192] (the "Motion").

PLEASE TAKE NOTICE that on September 4, 2007, the Court entered the Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to Petition Date [Docket No. 607] (the "Order").

PLEASE TAKE NOTICE that on September 5, 2007, the Debtors filed the Certificate of Counsel Regarding Order Pursuant to Sections 105(a), 327, 328 and 330 of the

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals

Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to the Petition Date (the

"Revised Order") [Docket No. 618].

PLEASE TAKE NOTICE that on September 7, 2007, the Court entered the Order

Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rule

2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the

Debtors' Business Nunc Pro Tunc to Petition Date (the "Revised Order") [Docket No. 643].

PLEASE TAKE NOTICE that, in accordance with the procedures set forth in the

Revised Order, the Debtors hereby file the ordinary course professional retention affidavit of

Anthony Colas of Central 2000's Management (the "Retention Affidavit") which is attached

hereto as Exhibit A.

PLEASE TAKE NOTICE that, objections to the Retention Affidavit, if any, must

be filed on or before October 23, 2007 at 4:00 p.m. (ET) (the "Objection Deadline") with the

United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington,

Delaware 19801.

PLEASE TAKE NOTICE that, objections, if any, to the Retention Affidavit must

be made in accordance with the Revised Order and by the Objection Deadline, be served upon:

(i) the Office of the United States Trustee, (ii) Hahn & Hessen LLP, 488 Madison Avenue, New

York, NY 10022 and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801,

counsel for the Committee; (iii) counsel to Bank of America N.A., as Administrative Agents

under that certain and Second Amended and Restated Credit Agreement dated August 10, 2006;

(iv) counsel to the Debtors' pospetition lender, (v) the Securities and Exchange Commission; (vi)

all other parties entitled to notice under Del. Bankr. LR 2002-1(b) (collectively, the "Notice

Parties"); (vii) counsel for the Debtors; and (viii) and the Ordinary Course Professional.

PLEASE TAKE NOTICE that if the objection cannot be consensually resolved, then the objection shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing or such other date otherwise agreeable to the parties thereto.

PLEASE TAKE NOTICE that if no objections are filed on or before the Objection Deadline, then **the Debtors shall be authorized to compensate professionals associated with the firm that submitted the Retention Affidavit after complying with the other procedures contained in the Revised Order.**

Dated:  October 3 , 2007
   Wilmington, Delaware

     YOUNG CONAWAY STARGATT & TAYLOR, LLP

     *James Turner*

     James L. Patton, Jr. (No. 2202)
     Joel A. Waite (No. 2925)
     Pauline K. Morgan (No. 3650)
     Sean M. Beach (No. 4070)
     Matthew B. Lunn (No. 4119)
     Kara Hammond Coyle (No. 4410)
     Travis N. Turner (No. 4926)
     The Brandywine Building
     1000 West Street, 17th Floor
     Wilmington, Delaware 19801
     Telephone: (302) 571-6600
     Facsimile: (302) 571-1253

     Counsel for Debtors and Debtors in Possession

EXHIBIT A

RETENTION AFFIDAVIT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | x : | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | : : : | Case No. 07-11047 (CSS) |
| Debtors. | : : | Jointly Administered |
| | x | Doc. Ref. Nos: 192 & 643 |

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF [ _New Jersey_ ]  )
                                              )  ss:
COUNTY OF [ _Essex_     ]  )

_ANTHONY COLAS_ [INSERT NAME OF AFFIANT], being duly
sworn, deposes and says:

1.     I am a _Real Estate Broker_ [INSERT POSITION] of
_Central 2000's Management_ [INSERT FIRM NAME] (the "Firm"), which
maintains offices at _329 CENTRAL AVENUE. ORANGE, NJ_ _07050_ [INSERT
ADDRESS].

2.     This Affidavit is submitted in connection with an Order of the United
States Bankruptcy Court for the District of Delaware, entered on or about September 7, 2007,
authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors")
to employ and compensate certain professionals in the ordinary course of business during the
pendency of these chapter 11 cases.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage
Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance,
Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM
Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York
corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability
company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great
Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538
Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd.,
Suite 200, Irving, Texas 75063.

3.      Prior to the filing of the petitions which initiated the above-captioned

cases, the Firm has represented and advised the Debtors as _REAL ESTATE BROKERAGE Service_

[INSERT DESCRIPTION OF SERVICES]. The Debtors have requested, and the Firm has

agreed, to continue to provide such services to the Debtors on a post-petition basis during the

course of these chapter 11 cases.

4.      The Firm's current customary rates, subject to change from time to time,

are _5% of the Sale Proceeds_ [INSERT DESCRIPTION OF

RATES]. In the normal course of its business, the Firm revises its billing rates on

_N/A_ [INSERT DATE, IF APPLICABLE] of each year and requests that, effective

_N/A_ [INSERT DATE, IF APPLICABLE] of each year, the aforementioned rates

be revised to the regular hourly rates which will be in effect at that time.

5.      In the ordinary course of its business, the Firm maintains a database for

purposes of performing "conflicts checks." The Firm's database contains information regarding

the firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure

2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for

purposes of searching the aforementioned database and determining the connection(s) which the

Firm has with such entities. The Firm's search of the database identified the following

connections:

[DISCLOSE CONNECTIONS HERE, ATTACH SEPARATE SHEET IF NEEDED]

None

6.     The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.  To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

7.     Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

8.     Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9.     Prior to the filing of the above-captioned cases, the Firm ___Was___ [WAS/WAS NOT] employed by the Debtors.  The Debtors owe the Firm $_____ [INSERT FIGURE, IF APPLICABLE] for prepetition services.  If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm _____ [WILL/WILL NOT] waive the pre-petition claim.

10.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

11.    I understand that any compensation paid to the Firm is subject to

disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _Oct 2_, 2007

_Anthony Colas_
Affiant

Sworn to and subscribed before me
this _2nd_ day of _October_ 2007

_Notary Public_

**CAROL A. SCELFO**
A Notary Public of New Jersey
My Commission Expires:
December 9, 2011

DB02:6214345.1

066585.1001