IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

|  | x |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| AMERICAN HOME MORTGAGE | : | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, et al., | : |  |
|  | : | Jointly Administered |
| Debtors. | : | **Ref. Docket No. 900** |
|  | x |  |

---

### ORDER APPROVING (I) SALE PROCEDURES; (II) SCHEDULING A HEARING TO CONSIDER SALE DEBTORS' ASSETS RELATED TO THE CONSTRUCTION LOAN BUSINESS; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF

Upon the consideration of the motion (the "Motion")[1] of American Home

Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the

debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[2]

pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for entry of two orders: (A) one, substantially in the form annexed to the

Motion as Exhibit A (the "Sale Procedures Order"), (i) approving procedures (the "Sale

Procedures") with respect to the proposed sale (the "Sale") of the construction loans and related

servicing rights and construction loan platform related to the Debtors' construction loan business

(collectively, the "Assets"), as more specifically described in the form Purchase and Sale

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Agreement (the "Purchase Agreement"), annexed to the Motion as Exhibit D; (ii) scheduling a

hearing (the "Sale Hearing") on the Sale and setting objection and bidding deadlines with respect

to the Sale, (iii) approving the form and manner of notice of an auction for the relevant assets

(the "Auction") and the Sale Hearing, and (iv) granting related relief; and (B) the other,

substantially in the form annexed to the Motion as Exhibit E (the "Sale Order"), (i) authorizing

the Sale free and clear of liens, claims, encumbrances, and interests, pursuant to the Purchase

Agreement, (ii) authorizing and approving the Purchase Agreement related thereto, (iii)

approving the assumption and assignment of executory contracts and unexpired leases, as

necessary in connection with the Sale of the Construction Loan Platform, (iv) authorizing the

distribution of the proceeds from the Sale of the ABN Construction Loans to ABN, and (v)

granting related relief; and the Court having determined that the relief provided herein is in the

best interest of the Debtors, their estates, their creditors and other parties in interest; and due and

adequate notice of the Motion having been given under the circumstances; and upon the record

of the hearing on the Motion held on October 1, 2007, and the full record of these cases; and

after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A.    The findings and conclusions set forth herein constitute the Court's

findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to

this proceeding pursuant to Bankruptcy Rule 9014.

B.    This Court has jurisdiction over the Motion and the transactions

contemplated by the Purchase Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).  Venue in this district is

proper under 28 U.S.C. §§ 1408 and 1409.

-2-

C.    Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Sale Hearing. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

D.    The Debtors' proposed notice of the Sale Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction and the Sale, and the Sale Procedures to be employed in connection therewith.

E.    The entry of this Sale Procedures Order is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest.

F.    The Sale Procedures are reasonably designed to maximize the value to be achieved for the Assets.

## NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is granted to the extent set forth herein.

2.    Except as otherwise expressly provided in this Sale Procedures Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3.    The Sale Procedures, in the form attached hereto as <u>Exhibit 1</u>, are hereby incorporated herein and approved, and shall apply with respect to the Sale.

4.    The Debtors may sell the Assets by conducting the Auction in accordance with the Sale Procedures.

066585.1001

5.      The Auction shall take place on October 29, 2007 at 10:00 a.m.

(prevailing Eastern Time) at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West

Street, 17th Floor, Wilmington, Delaware 19899, or such other place and time as the Debtors

shall notify all Qualified Bidders, the Official Committee of Unsecured Creditors (the

"Committee"), counsel to Bank of America, N.A., as Administrative Agent for the lenders under

that certain Second Amended and Restated Credit Agreement dated August 10, 2006 (the

"Administrative Agent"), the agent for the Debtors' post-petition lenders (the "DIP Agent"),

counsel for ABN AMRO Bank N.V. ("ABN"), counsel for JPMorgan Chase Bank, N.A.

("JPMC"), and other invitees.

6.      A Qualified Bidder that desires to make a bid shall comply with the

requirements set forth in the Sale Procedures for making such bid.

7.      The Debtors shall have the right to reject any and all bids that do not

conform with the Sale Procedures, subject to the provisions of the Sale Procedures.

8.      The Sale Hearing shall be held before this Court on October 30, 2007 at

10:00 a.m. (prevailing Eastern Time), or as soon thereafter as counsel and interested parties may

be heard.

9.      Not later than two (2) business days after the entry of this Sale Procedures

Order, the Debtors will serve copies of the Notice of Auction and Sale Hearing, substantially in

the form attached to the Motion as Exhibit C, (a) by mail, postage prepaid to:  (i) all entities

known to have expressed a *bona fide* interest in acquiring the Assets; (ii) counsel to the

Administrative Agent; (iii) counsel to the DIP Agent, (iv) counsel to the Committee; (v) counsel

for ABN; (vi) counsel to JPMC; (vii) known entities holding or asserting a security interest in or

lien against any of the Assets; (viii) taxing authorities whose rights may be affected by a sale of

066585.1001

the Assets; (ix) all government agencies required to receive notice of proceedings under the

Bankruptcy Rules; and (x) the Office of the United States Trustee for the District of Delaware;

and (b) by first-class mail, postage prepaid, to all parties that have requested notice pursuant to

Bankruptcy Rule 2002 as of the date prior to the date of entry of this Sale Procedures Order.

          10.     Not later than ten (10) business days after entry of the Sale Procedures

Order, the Debtors will publish the Notice of Auction and Sale Hearing, substantially in the form

attached to the Motion as Exhibit C in the national edition of *The Wall Street Journal*.

          11.     On or before October 9, 2007, the Debtors shall serve a notice (i)

identifying any Assumed Contracts to each non-Debtor party to an Assumed Contract and Lease;

(ii) the Debtors' proposed cure amount; and (iii) the deadline to object to the proposed

assumption of such Assumed Contracts and/or to the Debtors' proposed cure amount.

          12.     Objections, if any, to the potential assumption and assignment of the

applicable Assumed Contracts and/or to the Debtors' proposed cure amount ("Cure and

Assumption Objections"), must: (a) be in writing; (b) comply with the Bankruptcy Rules and the

Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of

Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m.

(prevailing Eastern Time) on October 24, 2007, or such later date and time as the Debtors may

agree, and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on

the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road,

Melville, New York 11747 (Attn.: Alan Horn, General Counsel and Karen Gowins, Director of

Construction and Renovation Lending); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West

Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: M. Blake Cleary

and Matthew B. Lunn), counsel to the Debtors; (iii) Hahn & Hessen LLP, 488 Madison Avenue,

New York, New York 10022 (Attn.: Mark Indelicato), counsel to the Committee; (iv) Kaye

Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and

Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North

Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the

Administrative Agent; (v) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.:

Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite

1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; and

(vi) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware

19801 (Attn.: Joseph McMahon) (collectively, the "Notice Parties").

13.    Objections if any, to the proposed purchaser's ability to provide adequate

assurance of future performance under the Assumed Contracts (the "Adequate Assurance of

Future Performance Objections") must be (a) in writing; (b) comply with the Bankruptcy Rules

and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the

District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before

9:00 a.m. (prevailing Eastern Time) on October 30, 2007, or such later date and time as the

Debtors may agree, and (d) be served so as to be received no later than 9:00 a.m. (prevailing

Eastern Time) on the same day, upon the Notice Parties.

14.    Unless a non-debtor party to an Assumed Contract files and serves a Cure

and Assumption Objection on or before 4:00 p.m. (prevailing Eastern Time) on October 24,

2007, such non-debtor party shall be (a) forever barred from objecting to the Debtors' proposed

cure amount and from asserting any additional cure or other amounts with respect to such

Assumed Contract and the Debtors shall be entitled to rely solely upon the proposed cure

amount; and (b) deemed to have consented to the assumption and assignment of such Assumed

-6-

Contract and shall be forever barred and estopped from asserting or claiming against the Debtors, the Successful Bidder or any other assignee of the relevant Assumed Contract that any additional amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied under such Assumed Contract.

15.    Hearings on the Cure and Assumption Objections and Adequate Assurance of Future Performance Objections, if any may be held (a) at the Sale Hearing, or (b) at such other date after the Sale Hearing as the Court may designate.

16.    Except with respect to any unresolved Cure and Assumption Objection with respect to a proposed cure amount, after the closing of the Sale, the Debtors and their estates shall have no further liabilities or obligations with respect to the Assumed Contracts (the "Post-Closing Obligations"). The Successful Bidder will expressly be responsible for all such Post-Closing Obligations.

17.    Objections, if any, to the Sale, or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on October 24, 2007, or such later date and time as the Debtors may agree and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel and Karen Gowins, Director of Construction and Renovation Lending); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: M. Blake Cleary and Matthew B. Lunn), counsel to the Debtors; (iii) Hahn & Hessen LLP, 488 Madison Avenue, New York, New

DB02:6215887.14                                                                                      066585.1001

York 10022 (Attn.: Mark Indelicato), counsel to the Committee; (iv) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (v) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; (vi) counsel for ABN, Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017 (Attn: Gregory A. Bray and Robert Jay Moore) and Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins); (vi) counsel for JPMC, Landis Rath & Cobb, LLP, 919 Market Street, Suite 600, Wilmington, Delaware 19801 (Attn: Adam G. Landis and Matthew B. McGuire) and (vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon).

18.    The notice to be issued and published in connection with the proposed Sale, substantially in the form annexed to the Motion as Exhibit C, is approved.

19.    The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

20.    Notwithstanding anything contained in the Sale Procedures, nothing shall expand, limit or otherwise affect the obligations of the Debtors to obtain consent of the DIP Agent and/or DIP Lenders with respect to any sale of the Assets in the manner provided for in the DIP Agreement.

-8-

21.     Nothing in this Order or the Sale Procedures shall prejudice or otherwise affect the Debtors from selecting a lead or "stalking horse" bidder and returning to the Court for approval of buyer protections and modification of this Order.

22.     This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated:   October 4, 2007
          Wilmington, Delaware

Christopher S. Sontchi
United States Bankruptcy Judge

-9-

DB02:6215887.14

066585.1001