# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> AMERICAN HOME MORTGAGE <br> HOLDINGS, INC., et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 07-11047 (CSS) <br> (Jointly Administered) |

### NOTICE OF DEPOSITION OF THE DEBTORS PURSUANT TO
### FED.R.CIV.P. 30(b)(6), AS INCORPORATED BY FED.R.BANKR.P. 7030

Please take notice that, pursuant to Fed.R.Civ.P. 30(b)(6), as incorporated by Fed.R.Bankr.P. 7030, Wells Fargo Bank, National Association as Master Servicer, Securities Administrator, Trust Administrator and Indenture Trustee, by and through its counsel, will take the oral deposition of one or more officers, directors, or managing agents of American Home Mortgage Investment Corp., et al (the "*Debtors*")[1] concerning:

1. The Debtors' sale of their servicing businesses, including, without limitation, the negotiation of the Asset Purchase Agreement by and among AH Mortgage Acquisition Co., Inc., American Home Mortgage Investment Corp., American Home Mortgage Corp. and American Home Mortgage Servicing Inc. dated as of September 25, 2007 or any other asset purchase agreement being negotiated, negotiated, or executed by the Debtors in connection with the sale of their servicing businesses (collectively, the "*APA*") and the auction of the Debtors' servicing businesses;

---

[1] Wells Fargo is aware that other parties that have filed responses or objections to the Debtors' motion to sell its servicing assets or business desire to take a deposition of the same individual Wells Fargo desires to depose. Wells Fargo understands that each party will file its own notice of deposition. However, Wells Fargo agrees to permit other parties to be present at and participate in its deposition of the witness in an effort to reduce redundancy and save expense.

WIL:69032.1/WEL079-247173

2. The Debtors' intent regarding the assumption and assignment of the Servicing Agreements listed in Wells Fargo's Objection of Cure Amounts filed on September 20, 2007 (the "*Servicing Agreements*");

3. Any provision in any of the Servicing Agreements and the documents related thereto that the debtors intend to exclude, modify, alter, or in any way change in connection with the assumption and assignment of the Servicing Agreements;

4. AH Mortgage Acquisition Co., Inc. or any other successful bidder's (the "*Buyer*") ability or inability to comply with conditions for qualification as a substitute servicer in the Servicing Agreements;

5. Potential defaults under the APA, including, without limitation, defaults under the Servicing Agreements in servicing, inability of Buyer to obtain the requisite licenses, and failure to satisfy cure costs associated with the assumption and assignment of the Servicing Agreements; and

6. The ability, if any, for the Purchaser to not assume one or more Servicing Agreements after the Initial Closing.

7. The Cure Amount and the Cure Escrow Agreement (as those terms are defined in the APA.

8. The schedule associated with the closing of the sale, including the Initial Closing (as defined in the APA), the obtaining necessary consents under the APA, the nature of the consents required under the APA, the Final Closing Date (as defined in the APA), and any extension of dates permitted under the APA.

The deposition(s) will take place at the offices of **Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE 19801; commencing on October 12, 2007 at 10:00 a.m. (Eastern)**.  The depositions will be recorded stenographically or by sound and video.

Absent a court order permitting additional time pursuant to Fed.R.Civ.P. 30(d)(2), each deposition will conclude after one day and no more than seven (7) hours of examination.  The depositions will take place before a person duly authorized to administer oaths, who will stenographically record the deponent's testimony.  The Debtors are required to designate one or more officers, directors, or managing agents of the Debtors and to set forth the matters on which each person will testify, and to produce such person(s) at the law office of Reed Smith LLP (at the address and the time and date set forth above) for examination.

Dated:  October 5, 2007
       Wilmington, Delaware

/S/ TODD C. SCHILTZ_____
**WOLF, BLOCK, SCHORR AND SOLIS-COHEN, LLP**
Todd C. Schiltz (#3253)
1100 North Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 777-0313
tschiltz@wolfblock.com


and


**CHAPMAN AND CUTLER, LLP**
FRANKLIN H. TOP, III
111 WEST MONROE STREET
CHICAGO, IL 60603
TELEPHONE: (312) 845-3824
top@chapman.com

*Attorneys for Wells Fargo Bank, National Association, as Master Servicer, Securities Administrator, Trust Administrator or Indenture Trustee*