IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **AMERICAN HOME MORTGAGE HOLDINGS, INC., et. al.,** | ) ) ) | Case No. 07-11047-CSS |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NOTICE OF DEPOSITION OF DEBTORS PURSUANT TO
FED.R.CIV.P. 30(b)(6), AS INCORPORATED BY FED.R.BANKR.P. 7030**

Please take notice that, pursuant to Fed.R.Civ.P. 30(b)(6), as incorporated by Fed.R.Bankr.P. 7030, CIFG Assurance North America, Inc. ("CIFG"), by and through its undersigned counsel, will take the oral deposition of one or more officers, directors, or managing agents of the debtors in the above-captioned jointly administered cases (the "Debtors") concerning:

1. The Debtors' sale of their servicing businesses, including, without limitation, the terms of and the negotiation of the Asset Purchase Agreement by and among AH Mortgage Acquisition Co., Inc., American Home Mortgage Investment Corp., American Home Mortgage Corp. and American Home Mortgage Servicing Inc. dated as of September 25, 2007 or any other asset purchase agreement being negotiated, negotiated, or executed by the Debtors in connection with the sale of their servicing businesses (collectively, the "APA"), the proposed treatment of Disputed Servicing Agreements[1] thereunder, and the auction of the Debtors' servicing businesses;

2. The Debtors' intent regarding the assumption and assignment of that certain HELOC Servicing Agreement, dated June 30, 2006, by and among American Home Mortgage

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the APA.

Acceptance, Inc., GMAC Mortgage Corporation, Deutsche Bank National Trust Company and American Home Mortgage Investment Trust 2006-2 (the "HELOC Servicing Agreement");[2]

3. The provisions in the HELOC Servicing Agreement and the documents related thereto that the Debtors intend to exclude, modify, alter, or in any way change in connection with the assumption and assignment of the HELOC Servicing Agreement and the APA;

4. The ability or inability of AH Mortgage Acquisition Co., Inc. or any other successful bidders (the "Buyer") to perform under the HELOC Servicing Agreement, including the ability or inability of the Buyer to obtain the requisite licenses and comply with the conditions for qualification as a successor servicer under the HELOC Servicing Agreement;

5. Defaults under the HELOC Servicing Agreement and the satisfaction or failure to satisfy cure costs associated with the assumption and assignment thereof;

6. The Debtors' proposed cure costs and the bases therefor and the Cure Amount and the Cure Escrow Agreement; and

7. The schedule associated with the closing of the sale, including the Initial Closing, the necessary consents to be obtained under the APA, the nature of the consents required under the APA, the Final Closing Date, and any extensions of dates permitted under the APA.

The deposition(s) will take place at the offices of **Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, Delaware 19801; commencing on October 12, 2007 at 10:00 a.m. (Eastern)**. The depositions will be recorded stenographically or by sound and video.

Absent a court order permitting additional time pursuant to Fed.R.Civ.P. 30(d)(2), each deposition will conclude after one (1) day and no more than seven (7) hours of examination. The deposition(s) will take place before a person duly authorized to administer oaths, who will

---

[2] CIFG is an express third party beneficiary under the HELOC Servicing Agreement and is entitled to certain rights set forth more fully therein.

stenographically record each deponent's testimony. The Debtors are required to designate one or more officers, directors, or managing agents and to set forth the matters on which each person will testify, and to produce such person(s) at the law office of Reed Smith LLP (at the address and the time and date set forth above) for examination.

CIFG is on notice that other parties intend to participate in the above-referenced deposition(s) and have filed or will file separate notices of deposition. It is acceptable to CIFG that such other parties participate in the above-referenced deposition(s) at the same time in an effort to reduce redundancy and save expense.

Dated: Wilmington, Delaware
October 5, 2007

**ASHBY & GEDDES, P.A.**

_____
William P. Bowden (I.D. No. 2553)
Benjamin W. Keenan (I.D. No. 4724)
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
wbowden@ashby-geddes.com
bkeenan@ashby-geddes.com

and

**KING & SPALDING LLP**
Barry N. Seidel
Stefanie J. Greer *(admitted pro hac vice)*
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
bseidel@kslaw.com
sjgreer@kslaw.com

*Attorneys for CIFG Assurance North America, Inc.*

184771.1