IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| AMERICAN HOME MORTGAGE | ) | |
|     HOLDINGS, INC., et al., | ) | Case No. 07-11047 (CSS) |
| | ) | |
|     Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**CROSS-NOTICE OF DEPOSITION OF MILESTONE ADVISORS, LLC AS INVESTMENT BANKERS AND FINANCIAL ADVISORS FOR AMERICAN HOME MORTGAGE HOLDINGS, INC., ET AL., PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6), AND INCORPORATED BY <u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 7030</u>**

PLEASE TAKE NOTICE that, pursuant to Fed.R.Civ.P. 30(b)(6), as incorporated by reference into Fed.R.Bankr.P. 7030, The Bank of New York ("BNY"), in various capacities, by and through its undersigned counsel, shall take the oral deposition(s) of a designee or designees of Milestone Advisors, LLC as Investment Bankers and Financial Advisors ("Milestone) for American Home Mortgage Holdings, Inc., et al. (the "Debtors") on October 12, 2007, in the offices of Reed Smith LLP, 1301 K Street, N.W., Suite 1100 East Tower, Washington, D.C. 20005. The deposition will begin at 2:00 PM (Eastern) and continue until completed. The testimony shall be recorded stenographically or by sound and video by a notary public or other person authorized to administer oaths.

Pursuant to Fed.R.Civ.P 30(b)(6) as incorporated by reference into Fed.R.Bankr.P. 7030, Milestone is required to designate one or more officers, directors, or managing agents, or other persons duly authorized and consenting to testify on Milestone's behalf and, for each such person, Milestone may set forth the matters on which such person(s) will testify. The person(s)

so designated shall testify as to the matters known or available to Milestone. The designated representative(s) produced shall be prepared to testify at the law office of Reed Smith LLP (as set forth above) as to matters known, or reasonably available, including but not limited to the following matters:

1. AH Mortgage Acquisition Co., Inc. ("AHMAC")'s qualification as an entity able to service mortgage loans on behalf of Fannie Mae or Freddie Mac, including but not limited to any and all licenses that have already been obtained or steps that have been taken with the appropriate government agencies in furtherance of obtaining appropriate qualification;

2. AHMAC's willingness to service the mortgage loans related to the 2004-4 Notes and HELOC mortgage loans, including but not limited to information or expressions of intent made during negotiation of the Asset Purchase Agreement[1] by AHMAC to Milestone or the Debtors related to this point;

3. AHMAC's willingness to maintain in force a policy of insurance covering errors and omissions in the performance of its obligations as RMBS Master Servicer and/or HELOC Subservicer in accordance with the agreements related to the 2004-4 Notes as well as a fidelity bond in respect of its officers, employee and agents, including but not limited to steps that have been taken, fees that have been paid and forms that have been completed in furtherance of obtaining such insurance policy and fidelity bond;

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in BNY's Limited Objection and Reservation of Rights to the Emergency Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (Docket No. 826).

4. The Debtors' requests to relevant Rating Agencies regarding the required letter stating that AHMAC is satisfactory to the relevant Rating Agencies such that they will not reduce their ratings on the 2004-4 Notes as a result of the change in servicer and any information that was supplied to each of the Rating Agencies to establish that AHMAC should receive the same credit rating as AHM Servicing as well as any communication received from the Rating Agencies in response to said request;

5. AHMAC's independent status, as it is defined in section 12.04 of the servicing agreements related to the 2006-6 Certificates and the 2009-9 Certificates;

6. The Debtors' evaluation of AHMAC's servicing facilities, including but not limited to information obtained regarding the size of each facility and whether each can house the AHM Servicing business;

7. All information gathered by the Debtors during negotiations with AHMAC regarding AHMAC's plan to effectively to take over AHM Servicing's duties, including but not limited to steps taken by AHMAC to execute said plan;

8. All information gathered by the Debtors during negotiations with AHMAC regarding AHMAC's personnel, and what steps AHMAC has take to demonstrate the adequacy of said personnel to conduct the business of AHM Servicing or to increase the number of personnel in order to conduct the business of AHM Servicing;

9. All information gathered by the Debtors during negotiations with AHMAC regarding AHMAC's records and procedures regarding the servicing of mortgage loans;

10. All information gathered by the Debtors during negotiations with AHMAC regarding AHMAC's integrity and reputation in the mortgage loan servicing industry including but not limited to information gathered from other parties; and

11. All information gathered by the Debtors during negotiations with AHMAC regarding AHMAC's current financial standing including but not limited to pro forma balance sheets, income projections and cash flow statements.

Absent a court order permitting additional time pursuant to Fed.R.Civ.P. 20(d)(2), each deposition will conclude after one day and no more than seven (7) hours of examination. BNY is on notice that other parties intend to participate in the above-referenced deposition(s) and will file separate notices of deposition. It is acceptable to BNY that such other parties participate in the above-referenced deposition(s) at the same time in an effort to reduce redundancy and save expense.

Dated: October 5, 2007
       Wilmington, Delaware

/s/ *signature*
Russell C. Silberglied (No. 3462)
Christopher M. Samis (No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

-and-

Leo T. Crowley (LC 1311)
Margot P. Erlich (ME 2117)
PILLSBURY WINTHROP
SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036
(212) 858-1000

Attorneys for The Bank of New York
in various capacities