**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In Re: AMERICAN HOME MORTGAGE HOLDINGS, INC.                                    Case No. 07-11047  Chapter 11

## STATEMENT OF FINANCIAL AFFAIRS

      This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

      Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

      "In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

      "Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☐   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE ( if more than one ) |
|---|---|
| ($2,655,929) | FY 2005 (January 1 - December 31) |
| ($18,315,326) | FY 2006 (January 1 - December 31) |
| ($14,894,350) | YTD 2007 (January 1 - July 31) |

**2. Income other than from employment or operation of business**

None ☑   State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT        SOURCE

**3. Payments to creditors**

None ☑ a. Individual or joint debtor(s) with primary consumer debts: List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐ b. Debtor whose debts are not primary consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

See American Home Mortgage Corp. Question 3b

None ☐ c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

See American Home Mortgage Corp. Question 3c.

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

See American Home Mortgage Corp. Question 4a.

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ☐ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Credit Suisse First Boston Mortgage Capital LLC | Various Dates | Loans and/or Securities Unknown |
| IXIS Real Estate Capital, Inc. | Various Dates | Loans and/or Securities Unknown |
| UBS Real Estate Securities Inc. | Various Dates | Loans and/or Securities Unknown |

**6. Assignments and receiverships**

None ☑ a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERM OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE AND NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ☑ List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| See American Home Mortgage Investment Corp. Question 9. | | |

**10. Other transfers**

None ☐ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Credit Suisse First Boston Mortgage Capital LLC | Various Dates | Unknown |
| IXIS Real Estate Capital, Inc. | Various Dates | Unknown |
| UBS Real Estate Securities Inc. | Various Dates | Unknown |

None ☑ b. List all other property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|
| | | | |

### 13. Setoffs

None ☐  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| Credit Suisse First Boston Mortgage Capital LLC | Various Dates | Unknown |
| IXIS Real Estate Capital, Inc. | Various Dates | Unknown |
| UBS Real Estate Securities Inc. | Various Dates | Unknown |

### 14. Property held for another person

None ☑  List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| | | |

### 15. Prior address of debtor

None ☑  If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| | | |

### 16. Spouses and Former Spouses

None ☑  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ☑  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18. Nature, location and name of business

None ☐  a  If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case. If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case. If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| American Home Bank | 36-3549899 | 220 W. Huron Street Chicago, IL 60610 | Federal savings associated organized under the laws of the United States | June 1, 2001 - Current |
| American Home Mortgage Corp. | 13-3461558 | 538 Broadhollow Road Melville, NY 11747 | Originates residential mortgage loans through retail and wholesale loan production officers and its correspondent channel as well as its direct-to-consumer channel supported by the Originator's call center | April 5, 1988 - Current |
| American Home Mortgage Servicing, Inc. | 52-0957267 | 4600 Regent Blvd Suite 200 Irving, TX 75063 | Services single family residential mortgage loans secured by properties located in all 50 states and the District of Columbia | August 3, 1972 - Current |

| | | | | |
|---|---|---|---|---|
| American Home Mortgage Ventures LLC | 36-4571407 | 538 Broadhollow Road Melville, NY 11747 | Residential mortgage broker | December 3, 2003 - Current |
| American Home Securities, LLC | N/A | 538 Broadhollow Road Melville, NY 11747 | Application currently pending with the NASD and the SEC for registration as a broker-dealer | January 11, 2007 - Current |
| Baylis Trust II | 75-6783071 | 538 Broadhollow Road Melville, NY 11747 | Special Purpose Entity formed in connection with trust preferred securities issuance | July 26, 2005 - Current |
| Baylis Trust III | 51-6570667 | 538 Broadhollow Road Melville, NY 11747 | Special Purpose Entity formed in connection with trust preferred securities issuance | November 10, 2005 - Current |
| Baylis Trust IV | 75-6783072 | 538 Broadhollow Road Melville, NY 11747 | Special Purpose Entity formed in connection with trust preferred securities issuance | November 28, 2005 - Current |
| Baylis Trust V | 20-8574292 | 538 Broadhollow Road Melville, NY 11747 | Special Purpose Entity formed in connection with trust preferred securities issuance | April 25, 2006 - Current |
| Baylis Trust VI | 51-6579066 | 538 Broadhollow Road Melville, NY 11747 | Special Purpose Entity formed in connection with trust preferred securities issuance | August 15, 2006 - Current |
| Baylis Trust VII | 51-6581444 | 538 Broadhollow Road Melville, NY 11747 | Special Purpose Entity formed in connection with trust preferred securities issuance | November 6, 2006 - Current |
| Baylis Trust VIII | 20-8574378 | 538 Broadhollow Road Melville, NY 11747 | Special Purpose Entity formed in connection with trust preferred securities issuance | November 29, 2006 - Current |

None ☑  b  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None ☐  a.  List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                    DATES SERVICES RENDERED

Robert Bernstein                                    Dec 2002 - Present

538 Broadhollow Road
Melville, NY  11747

Nicholas Parrinelli August 2003 - Present
538 Broadhollow Road
Melville, NY  11747

Richard Silver December 2000 - Decemeber 2002
538 Broadhollow Road
Melville, NY  11747

None ☐  b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| Deloitte & Touche LLP | Two World Financial Center<br>New York, NY  10281 | August 2005 - Current |

None ☐  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| Stephen A. Hozie<br>Executive Vice President & Chief Financial Officer | 538 Broadhollow Road<br>Melville, NY  11747 |
| Robert Bernstein<br>Controller | 538 Broadhollow Road<br>Melville, NY  11747 |

None ☑  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

Information has been sent to various constituencies, some of these parties include:

NAME AND ADDRESS DATE ISSUED

**20. Inventories**

None ☑  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY INVENTORY SUPERVISOR DOLLAR AMOUNT OF INVENTORY
(Specify cost, market or other basis)

None ☑  b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY NAME AND ADDRESSES OF CUSTODIAN
OF INVENTORY RECORDS

**21. Current Partners, Officers, Directors and Shareholders**

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Michael Strauss | President and Director | N/A |
| Stephen A. Hozie | Executive Vice President and Chief Financial Officer | N/A |
| Alan B. Horn | Executive Vice President, General Counsel and Secretary | N/A |
| Richard S. Loeffler | Executive Vice President and Chief Administrative Officer | N/A |
| Robert F. Johnson, Jr. | Executive Vice President, Capital Markets | N/A |
| Craig S. Pino | Senior Vice President and Treasurer | N/A |
| Robert Bernstein | Senior Vice President and Controller | N/A |

**22. Former partners, officers, directors and shareholders**

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☐ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| Thomas M. McDonagh<br>30 Chestnut St<br>Garden City, NY  11530 | Executive Vice President and Chief Investment Officer | July 27, 2007 |

**23. Withdrawals from a partnership or distributions by a corporation**

None ☐ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| See American Home Mortgage Corp. Question 3c. | | - |

**24. Tax Consolidation Group**

None ☐ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER |
|---|---|
| American Home Mortgage Holdings, Inc. | 13-4066303 |

**25. Pension Funds**

None ☑ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

# GLOBAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS OF AMERICAN HOME MORTGAGE HOLDINGS, INC.

American Home Mortgage Holdings, Inc., (the "Debtor") submits its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statements") pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007. The Schedules and Statements prepared by the Debtor are unaudited and were prepared with data as near as possible to August 6, 2007 (the "Petition Date"). While the Debtor's management has exercised reasonable best efforts to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, inadvertent errors or omissions may exist. Accordingly, the Debtor reserves the right to amend the Schedules and Statements from time to time as may be necessary or appropriate and expects it will do so as information becomes available. These global notes (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Debtor reserves the right to dispute, or to assert offset or defenses to, any claim reflected on the Schedules and/or Statements as to amount, liability or classification. The Debtor also reserves all rights with respect to the values, amounts and characterizations of the assets and liabilities listed in its Schedules and Statements.

Any failure to designate a claim listed on the Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated". The Debtor reserves the right to dispute, or to assert setoff rights, counterclaims or defenses to, any claim reflected on its Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated". Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts. Further, the claims of individual creditors for, among other things, merchandise, goods, services, or taxes are listed as the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all of its rights with respect to any such credits and allowances.

As it would be expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests, unless otherwise noted, the carrying value on the Debtor's books (net book value), rather than the current market values, of the Debtor's interests in property and of the Debtor's liabilities, is reflected on the Debtor's Schedules and Statements.

The Debtor has not set forth all causes of action against all third parties as assets in its Schedules and Statements. The Debtor reserves all of its rights with respect to any causes of action it may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

      The Schedules and Statements have been signed by the Debtor's Executive Vice President and Chief Financial Officer, Stephen A. Hozie. In reviewing and signing the Schedules and Statements, Mr. Hozie has necessarily relied upon the efforts, statements and representations of other Debtor personnel and professionals. Mr. Hozie has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

      In addition to the foregoing, the following conventions were adopted by the Debtor in the preparation of the Schedules and Statements:

<u>Schedules of Assets and Liabilities</u>

<u>Schedule B Notes</u>

- Unless otherwise noted, Schedule B lists the net book value for each of the Debtor's assets as of July 31, 2007, as reflected on the Debtor's books and records.

- Schedule B2 does not include custodial and escrow accounts maintained by the Debtor in the ordinary course of its business.

- Schedule B2 – Due to the timing of certain automatic transfers, some accounts have been listed with a negative balance. For those accounts, there are corresponding accounts listed in Schedule B2 from which funds would be withdrawn and therefore the total for Schedule B2 is correct.

- Schedule B35 – Mortgage Backed Securities are listed at face value.

- Schedule B35 – Loans are listed at unpaid principal balance.

<u>Schedule D Notes</u>

- Except as otherwise agreed in accordance with a stipulation or agreed order or any other order entered by the Bankruptcy Court, the Debtor reserves its rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.

- Holders of secured claims by virtue of holding setoff rights against the Debtor or leasing equipment to the Debtor are not included on Schedule D. Lessors, utility companies and other parties which may hold security deposits have also not been listed on Schedule D.

2

- Although the Debtor has scheduled the claims of various creditors as secured claims, the debtor reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction, or any document or instrument, related to such creditor's claim.

- In certain instances, the Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of its affiliates, and no claim schedule on Schedule D is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

- The descriptions provided are intended only to be a summary. Reference to the applicable credit agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing herein shall be deemed a modification or interpretation of the terms of such agreements.

Schedule E Notes

- The Bankruptcy Court has approved the payment of certain unsecured claims against the Debtor including, without limitation, certain claims of employees for wages, salaries, and benefits. While the Debtor has made every effort to reflect such payments in Schedule E, some payments may not have been accounted for.

- The listing of any claim on this Schedule E does not constitute an admission by the Debtor that such claim is entitled to priority treatment under 11 U.S.C. § 507. The Debtor reserves the right to take the position that any claim listed on Schedule E is not entitled to priority.

- Due to confidentiality concerns, the Debtor has suppressed the addresses of the employee claimants listed in this Schedule.

Schedule F Notes

- The Bankruptcy Court has approved the payment of certain unsecured claims against the Debtor including, without limitation, certain claims of critical vendors. While the Debtor has made every effort to reflect such payments in Schedule F, some payments made after the Petition Date pursuant to the first day order may not be accounted for in Schedule F.

- The Debtor expressly incorporates by reference into Schedules F all parties to pending and potential litigation listed in 4(a) of the Debtor's Statements as contingent, unliquidated and disputed claims, to the extent not already listed on Schedule F.

3

- While the Debtor has made an effort to identify the entity owing the accounts payable obligation to each creditor, the Debtor and its affiliated debtors utilized a consolidated cash management and accounts payable systems which were administered by American Home Mortgage Corp. As such, most of the creditors will appear on the Schedules of American Home Mortgage Corp. notwithstanding the fact that certain of those obligations may be obligations of one or more of American Home Mortgage Corp.'s affiliated debtors.

- Due to confidentiality concerns, the Debtor has suppressed the addresses of the employee claimants listed in this Schedule.

Schedule G Notes

- While reasonable best efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. To the extent the Debtor becomes aware of additional executory contracts and unexpired leases, it will supplement this Schedule.

- The Debtor hereby reserves all rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Additionally, the placing of a contract or lease onto this Schedule shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid and enforceable contract. Any and all of the Debtor's rights, claims and causes of action with respect to the contracts and agreements listed on this Schedule are hereby reserved and preserved.

- Omission of a contract or agreement from this Schedule does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. This Schedule may be amended at any time to add any omitted contract or agreement.

- The contracts, agreements and leases listed on Schedule G may have expired or may have been rejected, terminated, assigned, modified, amended and/or supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings, and the inclusion of such on Schedule G is not an admission that the agreement is an executory contract, financing agreement or otherwise.

4

Statement of Financial Affairs

Statement of Financial Affairs Question 3b
The Debtor has scheduled known payments to creditors aggregating more than $5,475 that were made during the 90 days prior to the Petition Date other than ordinary course wages/expense reimbursements of employees. Additionally, payments made to the Debtor's professionals are listed in response to Statement of Financial Affairs Question 9.

The Debtor and its affiliates use a consolidated cash management system and the obligations of the Debtor and certain of its affiliated debtors were paid by and through American Home Mortgage Corp. (Case No. 07-11051), notwithstanding the fact that certain of those obligations may be obligations of one or more of American Home Mortgage Corp.'s affiliated debtors. Accordingly, the response to Question 3b of American Home Mortgage Corp. (Case No. 07-11051) should be reviewed for a complete list of payments to creditors aggregating more than $5,475 that were made during the 90 days prior to the Petition Date.

Certain payments made to creditors were made via corporate credit card. Those payments to creditors will not be reflected in the Debtor's response to Question 3b.

Disbursements made from custodial and escrow accounts have not been listed. While most of the funds disbursed from these accounts were disbursed in the ordinary course of the Debtors' loan servicing business and would not constitute payments or transfers to or for the benefit of creditors, a relatively minor amount of disbursements may relate to payments or transfers made by the Debtors to or for the benefit of creditors. Without expending a substantial amount of time and effort from its limited resources, the Debtors are unable to segregate the small number of disbursements made to or for the benefit of creditors from the vast number of payments made on behalf of others.

Refer to Schedule F for creditors' addresses not listed on Exhibit 3b.

Statement of Financial Affairs Question 3c
Payments, if any, to any insiders of this Debtor are included among the payments listed in response to Statement of Financial Affairs Question 3c of American Home Mortgage Corp. (Case No. 07-11051).

Schedule 3c of each Debtor includes payments to insiders in the form of checks, wire transfers and other similar disbursements made from bank accounts historically used for payroll and other employee-related disbursements. This schedule does not include payments made directly to credit card issuers for employee business expenses incurred by insiders.

Statement of Financial Affairs Question 4

5

The Debtor has made every effort to include on Exhibit 4 a complete list of all suits and proceedings to which the Debtor and its affiliated debtors were a party within the one year immediately preceding the Petition Date. To the extend the Debtor has omitted any suits or proceedings, it will amend its Statements.

Statement of Financial Affairs Question 5

While various lenders purported to exercise certain remedies under their respective agreements, the Debtor reserves all of its rights with respect to whether the remedies exercised by such lenders were proper or were properly exercised.

Statement of Financial Affairs Question 9

The obligations of the Debtor and its affiliated debtors are paid by and through American Home Mortgage Investment Corp. (Case No. 07-11048). Accordingly, the payments related to debt counseling or bankruptcy appear for affiliated debtors appear in the response to Statement of Financial Affairs Question 9 of American Home Mortgage Investment Corp.

Statement of Financial Affairs Question 14

The Debtor maintains and services loan portfolios owned by various institutions. At any given time, in the ordinary course of business, the Debtor received and maintained documents and received and disbursed funds related to the loans that it serviced. In conjunction with its loan servicing, the debtor controlled and continues to maintain custodial bank accounts, which are detailed on the attached Exhibit 14. The Debtor reserves the right to dispute or challenge the ownership interest of assets held in the custodial bank accounts.

In addition, in the ordinary course of its business, the Debtor leases equipment from certain third-party lessors for use in the daily operation of its business. Any such leases are set forth in Schedule G. The property subject to any of such leases is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtor. Neither is the property subject to any such leases reflected in the Debtor's Statement of Financial Affairs as property or assets of third-parties within the control of the Debtor. Nothing in the Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtor reserves all rights with respect to any of such issues.

Statement of Financial Affairs Question 17

From time to time, the Debtor has, in the ordinary course of business, foreclosed on real estate property subject to minor problems which were subsequently resolved.

Statement of Financial Affairs Question 19

In addition to the parties included in the Debtor's response to Statement of Financial Affairs Question 19, the Debtor provided financial statements in the ordinary course of business to

6

7

various parties including regulatory agencies, financial institutions and investment banks.  In addition, financial statements have been provided to other parties as requested.  While every effort has been made to provide a complete and accurate list, inadvertent errors or omissions may exist.

*** END OF GLOBAL NOTES ***

[If completed by an individual or individual and spouse]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____    Signature _____
                          of Debtor

Date _____    Signature _____
                          of Joint Debtor
                          ( if any )

* * * * * * * * * * * * * * *

[If completed on behalf of a partnership or corporation]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  October 5, 2007    Signature  \S\  _____

                         Stephen A. Hozie - Executive Vice President & Chief Financial Officer
                         _____
                         Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

**Penalty for making a false statement:** Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571

Statement of Financial Affairs