## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF DELAWARE

In re  **GREAT OAK ABSTRACT CORP.**

Debtor

Case No.  <u>07-11054</u>

Chapter  <u>11</u>

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0.00 | | |
| B - Personal Property | Yes | 5 | $903,861.98 | | |
| C - Property Claimed As Exempt | No | | | | N/A |
| D - Creditors Holding Secured Claims | Yes | 1 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 2 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | | | | N/A |
| Total Number of Sheets of ALL Schedules | | 12 | | | |
| Total Assets | | | $903,861.98 | | |
| Total Liabilities | | | | $0.00 | |

## GLOBAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS OF GREAT OAK ABSTRACT CORP.

Great Oak Abstract Corp., (the "Debtor") submits its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statements") pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007. The Schedules and Statements prepared by the Debtor are unaudited and were prepared with data as near as possible to August 6, 2007 (the "Petition Date"). While the Debtor's management has exercised reasonable best efforts to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, inadvertent errors or omissions may exist. Accordingly, the Debtor reserves the right to amend the Schedules and Statements from time to time as may be necessary or appropriate and expects it will do so as information becomes available. These global notes (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Debtor reserves the right to dispute, or to assert offset or defenses to, any claim reflected on the Schedules and/or Statements as to amount, liability or classification. The Debtor also reserves all rights with respect to the values, amounts and characterizations of the assets and liabilities listed in its Schedules and Statements.

Any failure to designate a claim listed on the Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated". The Debtor reserves the right to dispute, or to assert setoff rights, counterclaims or defenses to, any claim reflected on its Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated". Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts. Further, the claims of individual creditors for, among other things, merchandise, goods, services, or taxes are listed as the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all of its rights with respect to any such credits and allowances.

As it would be expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests, unless otherwise noted, the carrying value on the Debtor's books (net book value), rather than the current market values, of the Debtor's interests in property and of the Debtor's liabilities, is reflected on the Debtor's Schedules and Statements.

The Debtor has not set forth all causes of action against all third parties as assets in its Schedules and Statements. The Debtor reserves all of its rights with respect to any causes of action it may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

The Schedules and Statements have been signed by the Debtor's Executive Vice President and Chief Financial Officer, Stephen A. Hozie. In reviewing and signing the Schedules and Statements, Mr. Hozie has necessarily relied upon the efforts, statements and representations of other Debtor personnel and professionals. Mr. Hozie has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

In addition to the foregoing, the following conventions were adopted by the Debtor in the preparation of the Schedules and Statements:

<u>Schedules of Assets and Liabilities</u>

<u>Schedule B Notes</u>

- Unless otherwise noted, Schedule B lists the net book value for each of the Debtor's assets as of July 31, 2007, as reflected on the Debtor's books and records.

- Schedule B2 does not include custodial and escrow accounts maintained by the Debtor in the ordinary course of its business.

- Schedule B2 – Due to the timing of certain automatic transfers, some accounts have been listed with a negative balance. For those accounts, there are corresponding accounts listed in Schedule B2 from which funds would be withdrawn and therefore the total for Schedule B2 is correct.

- Schedule B35 – Mortgage Backed Securities are listed at face value.

- Schedule B35 – Loans are listed at unpaid principal balance.

<u>Schedule D Notes</u>

- Except as otherwise agreed in accordance with a stipulation or agreed order or any other order entered by the Bankruptcy Court, the Debtor reserves its rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.

- Holders of secured claims by virtue of holding setoff rights against the Debtor or leasing equipment to the Debtor are not included on Schedule D. Lessors, utility companies and other parties which may hold security deposits have also not been listed on Schedule D.

- Although the Debtor has scheduled the claims of various creditors as secured claims, the debtor reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction, or any document or instrument, related to such creditor's claim.

- In certain instances, the Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of its affiliates, and no claim schedule on Schedule D is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

- The descriptions provided are intended only to be a summary.  Reference to the applicable credit agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing herein shall be deemed a modification or interpretation of the terms of such agreements.

Schedule E Notes

- The Bankruptcy Court has approved the payment of certain unsecured claims against the Debtor including, without limitation, certain claims of employees for wages, salaries, and benefits.  While the Debtor has made every effort to reflect such payments in Schedule E, some payments may not have been accounted for.

- The listing of any claim on this Schedule E does not constitute an admission by the Debtor that such claim is entitled to priority treatment under 11 U.S.C. § 507. The Debtor reserves the right to take the position that any claim listed on Schedule E is not entitled to priority.

- Due to confidentiality concerns, the Debtor has suppressed the addresses of the employee claimants listed in this Schedule.

Schedule F Notes

- The Bankruptcy Court has approved the payment of certain unsecured claims against the Debtor including, without limitation, certain claims of critical vendors. While the Debtor has made every effort to reflect such payments in Schedule F, some payments made after the Petition Date pursuant to the first day order may not be accounted for in Schedule F.

- The Debtor expressly incorporates by reference into Schedules F all parties to pending and potential litigation listed in 4(a) of the Debtor's Statements as contingent, unliquidated and disputed claims, to the extent not already listed on Schedule F.

- While the Debtor has made an effort to identify the entity owing the accounts payable obligation to each creditor, the Debtor and its affiliated debtors utilized a consolidated cash management and accounts payable systems which were administered by American Home Mortgage Corp. As such, most of the creditors will appear on the Schedules of American Home Mortgage Corp. notwithstanding the fact that certain of those obligations may be obligations of one or more of American Home Mortgage Corp.'s affiliated debtors.

- Due to confidentiality concerns, the Debtor has suppressed the addresses of the employee claimants listed in this Schedule.

Schedule G Notes

- While reasonable best efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. To the extent the Debtor becomes aware of additional executory contracts and unexpired leases, it will supplement this Schedule.

- The Debtor hereby reserves all rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Additionally, the placing of a contract or lease onto this Schedule shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid and enforceable contract. Any and all of the Debtor's rights, claims and causes of action with respect to the contracts and agreements listed on this Schedule are hereby reserved and preserved.

- Omission of a contract or agreement from this Schedule does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. This Schedule may be amended at any time to add any omitted contract or agreement.

- The contracts, agreements and leases listed on Schedule G may have expired or may have been rejected, terminated, assigned, modified, amended and/or supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings, and the inclusion of such on Schedule G is not an admission that the agreement is an executory contract, financing agreement or otherwise.

<u>Statement of Financial Affairs</u>

<u>Statement of Financial Affairs Question 3b</u>
The Debtor has scheduled known payments to creditors aggregating more than $5,475 that were made during the 90 days prior to the Petition Date other than ordinary course wages/expense reimbursements of employees. Additionally, payments made to the Debtor's professionals are listed in response to Statement of Financial Affairs Question 9.

The Debtor and its affiliates use a consolidated cash management system and the obligations of the Debtor and certain of its affiliated debtors were paid by and through American Home Mortgage Corp. (Case No. 07-11051), notwithstanding the fact that certain of those obligations may be obligations of one or more of American Home Mortgage Corp.'s affiliated debtors. Accordingly, the response to Question 3b of American Home Mortgage Corp. (Case No. 07-11051) should be reviewed for a complete list of payments to creditors aggregating more than $5,475 that were made during the 90 days prior to the Petition Date.

Certain payments made to creditors were made via corporate credit card. Those payments to creditors will not be reflected in the Debtor's response to Question 3b.

Disbursements made from custodial and escrow accounts have not been listed. While most of the funds disbursed from these accounts were disbursed in the ordinary course of the Debtors' loan servicing business and would not constitute payments or transfers to or for the benefit of creditors, a relatively minor amount of disbursements may relate to payments or transfers made by the Debtors to or for the benefit of creditors. Without expending a substantial amount of time and effort from its limited resources, the Debtors are unable to segregate the small number of disbursements made to or for the benefit of creditors from the vast number of payments made on behalf of others.

Refer to Schedule F for creditors' addresses not listed on Exhibit 3b.

<u>Statement of Financial Affairs Question 3c</u>
Payments, if any, to any insiders of this Debtor are included among the payments listed in response to Statement of Financial Affairs Question 3c of American Home Mortgage Corp. (Case No. 07-11051).

Schedule 3c of each Debtor includes payments to insiders in the form of checks, wire transfers and other similar disbursements made from bank accounts historically used for payroll and other employee-related disbursements. This schedule does not include payments made directly to credit card issuers for employee business expenses incurred by insiders.

5

Statement of Financial Affairs Question 4
The Debtor has made every effort to include on Exhibit 4 a complete list of all suits and
proceedings to which the Debtor and its affiliated debtors were a party within the one year
immediately preceding the Petition Date.  To the extend the Debtor has omitted any suits or
proceedings, it will amend its Statements.


Statement of Financial Affairs Question 5
While various lenders purported to exercise certain remedies under their respective agreements,
the Debtor reserves all of its rights with respect to whether the remedies exercised by such
lenders were proper or were properly exercised.


Statement of Financial Affairs Question 9
The obligations of the Debtor and its affiliated debtors are paid by and through American Home
Mortgage Investment Corp. (Case No. 07-11048).  Accordingly, the payments related to debt
counseling or bankruptcy appear for affiliated debtors appear in the response to Statement of
Financial Affairs Question 9 of American Home Mortgage Investment Corp.

Statement of Financial Affairs Question 14
The Debtor maintains and services loan portfolios owned by various institutions.  At any given
time, in the ordinary course of business, the Debtor received and maintained documents and
received and disbursed funds related to the loans that it serviced.  In conjunction with its loan
servicing, the debtor controlled and continues to maintain custodial bank accounts, which are
detailed on the attached Exhibit 14.  The Debtor reserves the right to dispute or challenge the
ownership interest of assets held in the custodial bank accounts.

In addition, in the ordinary course of its business, the Debtor leases equipment from certain
third-party lessors for use in the daily operation of its business.  Any such leases are set forth in
Schedule G.  The property subject to any of such leases is not reflected in either Schedule A or
Schedule B as either owned property or assets of the Debtor.  Neither is the property subject to
any such leases reflected in the Debtor's Statement of Financial Affairs as property or assets of
third-parties within the control of the Debtor.  Nothing in the Schedules is or shall be construed
as an admission or determination as to the legal status of any lease (including whether any lease
is a true lease or a financing arrangement), and the Debtor reserves all rights with respect to any
of such issues.


Statement of Financial Affairs Question 17
From time to time, the Debtor has, in the ordinary course of business, foreclosed on real estate
property subject to minor problems which were subsequently resolved.


Statement of Financial Affairs Question 19
In addition to the parties included in the Debtor's response to Statement of Financial Affairs
Question 19, the Debtor provided financial statements in the ordinary course of business to

various parties including regulatory agencies, financial institutions and investment banks.  In addition, financial statements have been provided to other parties as requested.  While every effort has been made to provide a complete and accurate list, inadvertent errors or omissions may exist.

* * * END OF GLOBAL NOTES * * *

In re  **GREAT OAK ABSTRACT CORP.**                              Case No.  **07-11054**

Debtor                                                                    (if known)

### SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G- Executory Contracts and Unexpired Leases.

If any entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |

Sheet no. 1 of 1 sheets attached to
Schedule of Real Property

| | |
|---|---|
| Subtotal (Total of this page) | |
| Total (Use only on the last page of the completed Schedule A) | $0.00 |

(Report total also on Summary of Schedules)

In re  **GREAT OAK ABSTRACT CORP.**                          Case No.  **07-11054**

                                   Debtor                                              (if known)

## SCHEDULE B - PERSONAL PROPERTY

  Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

  Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

  If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  CASH ON HAND. | X | | | |
| 2.  CHECKING, SAVINGS OR OTHER FINANCIAL ACCOUNTS, CERTIFICATES OF DEPOSIT, OR SHARES IN BANKS, SAVINGS AND LOAN, THRIFT, BUILDING AND LOAN, AND HOMESTEAD ASSOCIATIONS, OR CREDIT UNIONS, BROKERAGE HOUSES, OR COOPERATIVES. | | Chase Acct #:  3765 | | $331,950.68 |
| | | Chase Acct #:  5365 | | $93,206.62 |
| | | Chase Acct #:  6165 | | $331,950.68 |
| 3.  SECURITY DEPOSITS WITH PUBLIC UTILITIES, TELEPHONE COMPANIES, LANDLORDS, AND OTHERS. | X | | | |
| 4.  HOUSEHOLD GOODS AND FURNISHINGS, INCLUDING AUDIO, VIDEO, AND COMPUTER EQUIPMENT. | X | | | |

Sheet no. 1 of 5 sheets attached to
Schedule of Personal  Property

                                                                      Subtotal                    $757,107.98
                                                             (Total of this page)

                                                                         Total
                             (Use only on the last page of the completed Schedule B)

                                                          (Report total also on Summary of Schedules

In re  **GREAT OAK ABSTRACT CORP.**

Debtor

Case No.  **07-11054**

(if known)

## SCHEDULE B - PERSONAL PROPERTY

### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 5.  BOOKS, PICTURES AND OTHER ART OBJECTS, ANTIQUES, STAMP, COIN, RECORD, TAPE, COMPACT DISC, AND OTHER COLLECTIONS OR COLLECTIBLES. | X | | | |
| 6.  WEARING APPAREL. | X | | | |
| 7.  FURS AND JEWELRY. | X | | | |
| 8.  FIREARMS AND SPORTS, PHOTOGRAPHIC, AND OTHER HOBBY EQUIPMENT. | X | | | |
| 9.  INTERESTS IN INSURANCE POLICIES.  NAME INSURANCE COMPANY OF EACH POLICY AND ITEMIZE SURRENDER OR REFUND VALUE OF EACH. | X | | | |
| 10. ANNUITIES.  ITEMIZE AND NAME EACH INSURER. | X | | | |
| 11. INTERESTS IN AN EDUCATION IRA AS DEFINED IN 26 U.S.C. § 530(b)(1) OR UNDER A QUALIFIED STATE TUITION PLAN AS DEFINED IN 26 U.S.C. § 529(b)(1). GIVE PARTICULARS. (FILE SEPARATELY THE RECORD(S) OF ANY SUCH INTEREST(S). 11 U.S.C. § 521(c) RULE 1007(B)) | X | | | |
| 12. INTERESTS IN IRA, ERISA, KEOGH, OR OTHER PENSION OR PROFIT SHARING PLANS. ITEMIZE. | X | | | |

Sheet no. 2 of 5 sheets attached to
Schedule of Personal  Property

Subtotal
(Total of this page)

$0.00

Total
(Use only on the last page of the completed Schedule B)

(Report total also on Summary of Schedules

In re  **GREAT OAK ABSTRACT CORP.**                                  Case No.  **07-11054**

Debtor                                                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13. STOCK AND INTERESTS IN INCORPORATED BUSINESSES. ITEMIZE. | X | | | |
| 14. INTERESTS IN PARTNERSHIPS OR JOINT VENTURES.  ITEMIZE. | X | | | |
| 15. GOVERNMENT AND CORPORATE BONDS AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS. | X | | | |
| 16. ACCOUNTS RECEIVABLE. | | Accounts Receivable - Great Oak | | $36,615.00 |
| 17. ALIMONY, MAINTENANCE, SUPPORT, AND PROPERTY SETTLEMENTS TO WHICH THE DEBTOR IS OR MAY BE ENTITLED.  GIVE PARTICULARS. | X | | | |
| 18. OTHER LIQUIDATED DEBTS OWING DEBTOR INCLUDING TAX REFUNDS.  GIVE PARTICULARS. | X | | | |
| 19. EQUITABLE OR FUTURE INTERESTS, LIFE ESTATES, AND RIGHTS OR POWERS EXERCISABLE FOR THE BENEFIT OF THE DEBTOR OTHER THAN THOSE LISTED IN SCHEDULE OF REAL PROPERTY. | X | | | |
| 20 CONTINGENT AND NON-CONTINGENT INTERESTS IN ESTATE OF A DECEDENT, DEATH BENEFIT PLAN, LIFE INSURANCE POLICY, OR TRUST. | X | | | |

Sheet no. 3 of 5 sheets attached to
Schedule of Personal  Property

| | |
|---|---|
| Subtotal (Total of this page) | $36,615.00 |
| Total (Use only on the last page of the completed Schedule B) | |

(Report total also on Summary of Schedules

In re  **GREAT OAK ABSTRACT CORP.**                                    Case No.  **07-11054**
_____                                    _____
                    Debtor                                                              (if known)

### SCHEDULE B - PERSONAL PROPERTY

### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OF EVERY NATURE, INCLUDING TAX REFUNDS, COUNTERCLAIMS OF THE DEBTOR, AND RIGHTS TO SETOFF CLAIMS.  GIVE ESTIMATED VALUE OF EACH. | X | | | |
| 22. PATENTS, COPYRIGHTS, AND OTHER INTELLECTUAL PROPERTY.  GIVE PARTICULARS. | X | | | |
| 23. LICENSES, FRANCHISES, AND OTHER GENERAL INTANGIBLES.  GIVE PARTICULARS. | X | | | |
| 24. CUSTOMER LISTS OR OTHER COMPILATIONS CONTAINING PERSONALLY IDENTIFIABLE INFORMATION PROVIDED TO THE DEBTOR BY INDIVIDUALS IN CONNECTION WITH OBTAINING A PRODUCT OR SERVICE FROM THE DEBTOR PRIMARILY FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES. | X | | | |
| 25. AUTOMOBILES, TRUCKS, TRAILERS, OTHER VEHICLES AND ACCESSORIES. | X | | | |
| 26. BOATS, MOTORS, AND ACCESSORIES. | X | | | |
| 27. AIRCRAFT AND ACCESSORIES. | X | | | |
| 28. OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES. | | Furniture and Fixtures, net | | $5,339.00 |

Sheet no. 4 of 5 sheets attached to
Schedule of Personal  Property

|  | Subtotal (Total of this page) | $5,339.00 |
|---|---|---|
|  | Total (Use only on the last page of the completed Schedule B) | |

(Report total also on Summary of Schedules

In re  **GREAT OAK ABSTRACT CORP.**                                    Case No.  **07-11054**
_____                              _____
                        Debtor                                                        (if known)

## SCHEDULE B - PERSONAL PROPERTY

### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 29. MACHINERY, FIXTURES, EQUIPMENT AND SUPPLIES USED IN BUSINESS. | X | | | |
| 30. INVENTORY. | X | | | |
| 31. ANIMALS. | X | | | |
| 32. CROPS - GROWING OR HARVESTED. GIVE PARTICULARS. | X | | | |
| 33. FARMING EQUIPMENT AND IMPLEMENTS. | X | | | |
| 34. FARM SUPPLIES, CHEMICALS, AND FEED. | X | | | |
| 35. OTHER PERSONAL PROPERTY OF ANY KIND NOT ALREADY LISTED.  ITEMIZE. | | Great Oak - Other Assets | | $104,800.00 |

Sheet no. 5 of 5 sheets attached to
Schedule of Personal  Property

|  |  |
|---|---|
| Subtotal (Total of this page) | $104,800.00 |
| Total (Use only on the last page of the completed Schedule B) | $903,861.98 |

(Report total also on Summary of Schedules

In re  **GREAT OAK ABSTRACT CORP.**                                    Case No.  **07-11054**

Debtor                                              (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED  CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.  List creditors in alphabetical order to the extent practicable.  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent".  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated".  If the claim is disputed, place an "X" in the column labeled "Disputed".  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☑  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE / ACCOUNT NO. | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS  INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | | Value: | | | | | |

Sheet no. 1 of 1 sheets attached to Schedule of
Creditors Holding Secured Claims

Subtotal
(Total of this page)

Total
(Use only on the last page of the completed Schedule D)

(Report total also on Summary of Schedules

In re  **GREAT OAK ABSTRACT CORP.**                                            Case No.  **07-11054**
_____                                      _____
                    Debtor                                                        (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided.  Only holders of unsecured claims entitled to priority should be listed in this schedule.  In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent".  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated".  If the claim is disputed, place an "X" in the column labeled "Disputed".  (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet.  Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule.  Repeat this total also on the Summary of Schedules.

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)**

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(2).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3), as amended by  § 1401 of Pub L. 109-8.

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days  immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).  See Note Schedule E.

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to a maximum of $4,300* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐  **Deposits by individuals**

Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☐  **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐  **Taxes and Other Certain Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in  11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C § 507(a)(9).

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

In re  **GREAT OAK ABSTRACT CORP.**                                    Case No.  **07-11054**
_____                                _____
                        Debtor                                                      (if known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |

Sheet no. 2 of 2 sheets attached to Schedule of
Creditors Holding Unsecured Priority Claims

|  | Subtotal | |
|---|---|---|
|  | (Total of this page) | |
|  | Total | |

(Use only on the last page of the completed Schedule E)
(Report total also on Summary of Schedules)

In re  **GREAT OAK ABSTRACT CORP.**                                        Case No.  **07-11054**
_____                         _____
                              Debtor                                                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  Do not include claims listed in Schedules D and E.   If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent".  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated".  If the claim is disputed, place an "X" in the column labeled "Disputed".  (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☑  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME  AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |

Sheet no. 1 of 1 sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal (Total of this page) | |
| Total (Use only on the last page of the completed Schedule F) | |

(Report total also on Summary of Schedules)

In re  **GREAT OAK ABSTRACT CORP.**                                    Case No.  **07-11054**

Debtor                                                                    (if known)

## SCHEDULE  G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

   Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.

   State nature of debtor's interest in contract, i.e. "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of the lease.

   Provide the names and complete mailing addresses of all other parties to each lease or contract described.
   NOTE:  A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| NATIONAL SETTLEMENT SERVICES GROUP, LLC | VENDOR CONTRACT PROCESSING/SERVICING EFFECTIVE DATE:  3/9/2006 |
| NATIONAL SETTLEMENT SERVICES GROUP, LLC | VENDOR CONTRACT PROCESSING/SERVICING EFFECTIVE DATE:  3/9/2006 |
| SOFTPRO | VENDOR CONTRACT SOFTWARE |

Note: The information provided on this Schedule G is based on the Debtor's investigation of its books and records to date and inclusion or exclusion on or omission from this Schedule G of a particular contract or lease does not constitute an admission by the Debtor that such contract or lease is executory or unexpired, or not, as the case may be.  The Debtor reserves its rights to amend this Schedule G by deleting items hereon or listing additional items.

In re  **GREAT OAK ABSTRACT CORP.**                                    Case No.  **07-11054**

                          Debtor                                                              (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule.  Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☑  Check this box if debtor has no codebtors.

| NAME AND ADDDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

In re  **GREAT OAK ABSTRACT CORP.**                          Case No.  **07-11054**

                    Debtor                                              (if known)


## DECLARATION CONCERNING DEBTOR'S SCHEDULES


### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION


I , the Executive Vice President & Chief Financial Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, and that they are true and correct to the best of my knowledge, information, and belief.


Date  October 5, 2007                    Signature  \S\ _[signature]_


Stephen A. Hozie

(print or type name of individual signing on behalf of debtor)


Executive Vice President & Chief Financial Officer

(indicate position or relationship to debtor)


Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571.