# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE | : | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., et al., | : | Jointly Administered |
| | : | |
| Debtors. | : | |

### STIPULATION AND AGREEMENT BETWEEN THE DEBTORS AND AON CONSULTING, INC. AND AON INVESTMENT CONSULTING, INC. REGARDING STATUS AND SERVICES OF AON CONSULTING, INC. AND AON INVESTMENT CONSULTING, INC.

NOW COME Aon Consulting, Inc. and Aon Investment Consulting, Inc. (collectively, "Aon"), by and through their attorneys, Post & Schell, P.C. and Duane Morris LLP and American Home Mortgage Holdings, Inc. and its affiliated debtors (collectively, the "Debtors"), by and through their attorneys, Young Conaway Stargatt & Taylor, LLP, and hereby enter into this Stipulation and Agreement Regarding Status and Services of Aon Consulting, Inc. and Aon Investment Consulting, Inc.

### BACKGROUND

A.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to Section 1107(a) and 1108 of Tile 11 of the United States Code (as amended, the "Bankruptcy Code"), the Debtors continue to operate their businesses and manage their properties as debtors-in-possession.

B.      Prior to the Petition Date, Aon provided various employee benefit administration services to the Debtors, including, but not limited to, investment and fiduciary consulting, plan

administration, preparing cost and expense estimates, compliance consulting and related services

for the Debtors' 401(k) plan, and similar services for the Debtors' other employee benefit plans

and programs. The prepetition services provided by Aon to the Debtors are collectively referred

to as the "Aon Prepetition Services."

    C.  Based on the Aon Prepetition Services, Aon does not consider itself to be a

professional for purposes of the Chapter 11 Cases.

    D.  Case law interpreting the Bankruptcy Code holds that "[p]ersons in occupations

ordinarily considered professions are not necessarily professionals whose retention by the estate

requires court approval. For the purposes of Section 327(a), a 'professional person' is limited to

persons in those occupations which play a central role in the administration of the debtor

proceedings." In the Matter of Seatrain Lines, Inc., 13 B.R. 980, 981 (Bankr. S.D.N.Y. 1981).

See also In re Napoleon, 255 B.R. 910, 913 (Bankr. D. N.J. 1999); Butler v. Indiano, Williams &

Weinstein-Bacal (In re Ponce Marine Farm, Inc.), 259 B.R. 484, 494 (D. Puerto Rico 2001). The

duties considered central to the administration of the estate include assisting in the negotiation of

the debtor's plan, assisting in the adjustment of the debtor/creditor relationship, disposing of

assets of the estate, and acquiring assets on behalf of the estate. In re Sieling Associates, Ltd.

Partnership, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991). See also Committee of Asbestos-

Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 621 Bankr.

S.D.N.Y. 1986). Aon is not providing services to the Debtors which fall into any of these

categories.

    E.  The Debtors have requested that Aon continue to render postpetition the Aon

Prepetition Services, and Aon is willing to do so, subject to the provisions hereof.

- 2 -

NOW THEREFORE, each in consideration of the mutual promises of the other, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties, specifically intending to be legally bound hereby, subject only to approval by the Bankruptcy Court, hereby stipulate and agree as follows:

1.    The recitations as set forth in the Background section hereof are incorporated herein by reference.

2.    To the extent Aon renders postpetition services to the Debtors of the same type as the Aon Prepetition Services, the Debtors may pay Aon for such postpetition services and Aon is not a "professional person" as that term is defined by courts interpreting the Bankruptcy Code and Aon need not (i) be employed in these bankruptcy cases as a professional or (ii) file fee applications for compensation and reimbursement of expenses in these Chapter 11 Cases.

3.    Notwithstanding the foregoing, if Aon subsequently renders services which are materially different from the Aon Prepetition Services and which would require approval of Aon's employment under Section 327 of the Bankruptcy Code, the Debtors and Aon will file an appropriate application to approve such employment.

4.    Nothing herein shall be construed or deemed to: (i) amend or modify any of the agreements between and among the parties hereto; (ii) constitute an assumption or a rejection of any of the parties' agreements; (iii) waive or release any amounts asserted by Aon to be owed for Aon Prepetition Services; nor (iv) require any payment by the Debtors of any amounts asserted to be owed for Aon Prepetition Services.

5.    Within ten (10) days following the execution hereof by the Debtors and Aon, Aon shall provide notice of this Stipulation and Agreement to (i) the United States Trustee,

- 3 -

(ii) counsel to all official committees appointed by the United States Trustee, and (iii) all those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002.

6.      This Stipulation and Agreement shall be binding upon, and inure to the benefit of, the parties hereto, their successors and assigns.

7.      This Stipulation and Agreement shall not become effective until approved by the Court.

8.      This Stipulation and Agreement may be executed in counterparts and by facsimile, both of which together shall constitute the single, original instrument.

9.      The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from the interpretation or implementation of this Stipulation and Agreement.

[THIS PORTION OF PAGE INTENTIONALLY LEFT BLANK]

- 4 -

DM3\569750.3

IN WITNESS WHEREOF, the parties have executed this Stipulation and Agreement on the dates set forth below.

James L. Patton (DE 2202)
Edward J. Kosmowski (DE 3849)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 576-3307
E-mail:        jpatton@ycst.com.
                ekosmowski@ycst.com

Counsel for the Debtors

Dated: October 8, 2007

Richard W. Riley (DE 4052)
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone:    (302) 657-4900
Facsimile:    (302) 657-4901
E-Mail:        rwriley@duanemorris.com

- and -

Brian W. Bisignani, Esquire
Post & Schell, P.C
17 North Second Street, 12th Floor
Harrisburg, PA 17101-1601
Telephone:    (717) 612-6041
Facsimile:    (717) 731-1985
E-Mail:        bbisignani@postschell.com

Counsel for Aon Consulting, Inc. and Aon
Investment Consulting, Inc.

Dated: October 8, 2007

DM3:5097663