IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :   Jointly Administered
                            Debtors.                             :
                                                                 :   Ref. Docket No. 227
---------------------------------------------------------------- x

**DECLARATION OF ALAN B. HORN IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 APPROVING RETENTION OF MILESTONE ADVISORS, LLC AS INVESTMENT BANKERS AND FINANCIAL ADVISORS FOR THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE**

I, Alan B. Horn, pursuant to 28 U.S.C. §1746, declare:

      1.    I am an Executive Vice President and General Counsel of American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation and the parent company of American Home Mortgage Holdings, Inc., a Delaware corporation ("AHM Holdings," and together with AHM Investment and their various direct and indirect subsidiaries, as described below, "AHM" or the "Debtors"). I have been employed by the Debtors since January 2003 and am authorized to submit this declaration (the "Declaration") in support of the application to retain Milestone Advisors, LLC as investment bankers and financial advisors for the Debtors [D.I. 227] (the "Application").

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

1

2.  The Debtors file this Declaration in support of the Application and to clarify the payment of the $500,000 non-refundable financial advisory fee to Milestone described in Section 2(a)i of the Engagement Letter attached to the Application as Exhibit B.

3.  In the beginning of July 2007, the Debtors retained Milestone to seek alternative funding sources including potential capital infusions or a sale and agreed upon a fee arrangement. Based upon the extraordinary demands placed upon AHM during July, an engagement letter was not executed at that time.

4.  Specifically, AHM tasked Milestone to sell their businesses and/or assets, including, but not limited to, the origination and servicing platforms, loans owned by the Debtors, residual securities in securitization trusts and scratch and dent loans, to financial and strategic investors and also to raise equity or debt capital through borrowing or the pledging of assets. Moreover, the Debtors agreed to pay Milestone a $500,000 non-refundable financial advisory fee.

5.  As a result of the engagement, Milestone contacted numerous strategic and financial partners, arranging a series of meetings on behalf of the Debtors to discuss potential transaction structures and outcomes. Additionally, Milestone facilitated discussions with certain of the Debtors' junior subordinated debt holders in an effort to restructure the Debtors' capital structure. Unfortunately, in the short time available and given the financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed their chapter 11 cases to preserve and maximize the value of their estates through orderly sales of their assets.

6.  Milestone provided to AHM certain services during July 2007 including, but not limited to, the following:

a)   Reviewed and analyzed the Debtors' business, operations, properties, financial condition, and future prospects;

b)   Assisted the Debtors' in negotiations with certain lenders and other parties;

c)   Determined the range of values for the Debtors' assets;

d)   Advised and attended meetings of the Debtors' Board of Directors;

e)   Facilitated discussions with the Debtors' junior subordinated debt holders in an effort to restructure the Debtors' capital structure;

f)   Provided financial advice and assistance to the Debtors with strategies relating to the disposition of certain assets owned by the Debtors, including residual securities in securitization trusts, scratch and dent loans, securities, and whole loans. In addition, contacted potential buyers to solicit interest levels and values associated with such assets;

g)   Contacted potential acquirors regarding the sale of the entire business of the Debtors as well as its divisions, including its origination platform (both retail and wholesale) and its servicing business;

h)   With respect to the sale of assets and/or certain of the Debtors' operating divisions, advise and assist the Debtors' in structuring and effecting the financial aspect of such transactions, subject to the terms and conditions of the Engagement Letter;

i)   Assisted the Debtors in preparing information materials which were used in soliciting potential acquirers of their assets; and

j)   Assisted the Debtors and/or participated in negotiations with potential acquirers of its assets.

7.   Upon information and belief, during July 2007, five (5) professionals from Milestone (three managing directors, one vice president and one analyst) were assigned full time to the engagement with AHM and rendered approximately 1,300 hours of services to AHM prior to the Petition Date.

8.   Prior to the filing of the Debtors' chapter 11 petitions, on or about August 1, 2007, AHM paid Milestone the agreed upon $500,000 non-refundable financial advisory fee

(the "Prepetition Fee"). Thereafter, on August 8, 2007, AHM and Milestone executed the Engagement Letter. The $500,000 non-fundable financial advisory fee referenced in Section 2(a)i of the Engagement Letter is no longer due and owing and Milestone does not seek payment of a $500,000 financial advisory fee in addition to the Prepetition Fee.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Dated: October 8th, 2007

_____
Alan B. Horn