IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------------- x
In re:                                                                  :   Chapter 11
                                                                        :
AMERICAN HOME MORTGAGE                                                   :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]                       :
                                                                        :   Jointly Administered
                            Debtors.                                     :
                                                                        :   **Objection Deadline: October 18, 2007 at 4:00 p.m.**
                                                                        :   **Hearing Date: October 31, 2007 at 10:00 a.m.**
----------------------------------------------------------------------- x       **(Only if Objections Filed)**

## MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) AND LOCAL RULE 2002-1(e) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware

corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and

debtors in possession in the above cases (collectively, "AHM" or the "Debtors"), by and through

their undersigned attorneys, hereby move this Court (the "Motion"), pursuant to Rule 3003(c)(3)

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(e) of

the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court

for the District of Delaware (the "Local Rules"), for the entry of an order:  (i) establishing

December 28, 2007 at 4:00 p.m. (Eastern Time) (the "General Bar Date") as the general bar date

by which all entities, other than governmental units, must file proofs of claim in these chapter 11

cases; (ii) establishing February 5, 2008 at 4:00 p.m. (Eastern Time) (the "Government Bar

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Date") as the date by which all governmental units must file proofs of claim in these cases;
(iii) establishing the date by which proofs of claim relating to the Debtors' rejection of executory
contracts or unexpired leases must be filed in these cases (the "Rejection Bar Date," and together
with the General Bar Date and the Government Bar Date, collectively, the "Bar Dates"); and (iv)
approving the form and manner of the notice of the Bar Dates (the "Bar Date Notice") and
finding that the proposed notice of the Bar Dates to creditors and equity interest holders in the
form and manner set forth herein is fair, reasonable, and adequate.  In support of this Motion, the
Debtors respectfully represent as follows:

## JURISDICTION

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157
and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter
is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      The predicates for the relief requested herein are Bankruptcy Rule
3003(c)(3) and Local Rule 2002-1(e).

## BACKGROUND

3.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with
this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11
U.S.C. §§ 101 et seq. (the "Bankruptcy Code").  Each Debtor is continuing to operate its
business and manage its properties as a debtor in possession pursuant to sections 1107(a) and
1108 of the Bankruptcy Code.

4.      The Debtors' cases have been consolidated for procedural purposes only
and are being jointly administered pursuant to an order of this Court.

5.    On August 14, 2007, the United States Trustee for the District of Delaware appointed The Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

6.    On September 18, 2007, the section 341(a) meeting of creditors (the "341 Meeting") was held.

7.    On October 5, 2007, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules").

### THE DEBTORS' BUSINESS[2]

8.    Prior to the filing of these bankruptcy cases, AHM's business primarily entailed the origination, servicing, and sale of mortgage loans, as well as investment in mortgage loans and mortgage-backed securities resulting from the securitizations of residential mortgage loans. AHM also invested in securitized mortgage loans originated by others and originated and sold mortgage loans to institutional investors. AHM offered an array of mortgage products and primarily made loans to borrowers with good credit profiles. Most of its portfolio consisted of securitized adjustable-rate mortgage (ARM) loans of prime and alternate A quality.

9.    As of December 31, 2006, AHM held a leveraged portfolio of mortgage loans held for investment and mortgage-backed securities in the amount of approximately $15.6 billion. As of December 31, 2006, AHM operated more than 550 loan production offices located in 47 states and the District of Columbia, and made loans throughout all 50 states and the District of Columbia. Certain of the Debtors originated mortgages through a network of loan origination offices. In addition, AHM originated loans obtained from mortgage brokers and purchased loans from correspondents. AHM originated approximately $58.9 billion in aggregate principal

---

[2]    The facts set forth herein are derived from the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief (the "First Day Declaration") [Docket No. 2], which is incorporated by reference as if fully set forth herein at length.

amount of loans in 2006 and for the third quarter of 2006 was ranked as the nation's 10th largest residential mortgage lender, according to National Mortgage News.

10.    A large component of AHM's business is the servicing of loans, which is conducted through AHM Servicing. The servicing business collects mortgage payments, administers tax and insurance escrows, responds to borrower inquiries, and maintains control over collection and default mitigation processes. As of December 31, 2006, AHM Servicing serviced approximately 197,000 loans with an aggregate principal amount of approximately $46.3 billion.

11.    In the weeks prior to the Petition Date, an unprecedented disruption in the credit markets caused major write-downs of the Debtors' loan and security portfolios and consequently resulted in margin calls for hundreds of millions of dollars with respect to the Debtors' loans. During this time, certain of the Debtors' warehouse lenders began to exercise remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and threatening the company's continued viability.

12.    The Debtors' inability to originate loans and the exercise of remedies by certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the Debtors to discontinue their retail and indirect loan origination business. As a result, on August 3, 2007, the Debtors implemented a massive reduction in workforce, resulting in the termination of over 6,500 employees.

13.    Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets.

## RELIEF REQUESTED

14.     In order for the Debtors to fully administer these estates and to make distributions under any chapter 11 plan confirmed in these cases, the Debtors must obtain complete and accurate information regarding the nature, validity and amount of all claims[3] that will be asserted in these chapter 11 cases.  Consequently, the Debtors request that, pursuant to Bankruptcy Rule 3003(c)(3), the Court (a) establish the Bar Dates and related claims procedures proposed herein, and (b) approve the form and manner of the Bar Date Notice.

A.     *Establishment of the Bar Dates.*

15.     The General Bar Date.  Bankruptcy Rule 3003(c)(3) requires that the Court fix a time within which proofs of claim must be filed.  The Debtors anticipate that they, through their claims agent, will serve the Bar Date Notice and a proof of claim form[4] upon all known entities holding potential prepetition claims within five (5) business days after the date that an order is entered approving this Motion and establishing the Bar Dates (the "Bar Date Order").  The date on which the Debtors actually serve the Bar Date Notice and proof of claim forms is referred to herein as the "Service Date."  The Debtors request that the Court establish December 28, 2007 at 4:00 p.m. (Eastern Time) as the General Bar Date.  The General Bar Date would be the date by which all entities[5] holding prepetition claims, other than governmental units,[6] must file proofs of claim.  Except as provided below, the General Bar Date would apply to all entities, other than governmental units, holding claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on the Petition Date.

---

[3]    The term "claim," as used herein, has the meaning given to it in section 101(5) of the Bankruptcy Code.

[4]    A complete description of the procedures by which this service will be accomplished is set forth *infra*.

[5]    As used herein, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code.

[6]    As used herein, the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

16.    <u>The Government Bar Date</u>.    Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide." Accordingly, pursuant to section 502(b)(9) of the Bankruptcy Code, a proof of claim filed by a governmental unit in these cases is deemed timely if it is filed within 180 days after the Petition Date, or by February 4, 2008. The Debtors, therefore, request that February 4, 2008 at 4:00 p.m. (Eastern Time) be established as the Government Bar Date in these cases. The Government Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

17.    <u>The Rejection Bar Date</u>.    The Debtors anticipate that certain entities may assert claims (each a "<u>Rejection Damages Claim</u>") in connection with the Debtors' rejection of executory contracts and/or unexpired leases pursuant to section 365 of the Bankruptcy Code. Indeed, by orders dated September 17, 2007, September 20, 2007 and October 1, 2007, this Court authorized the rejection of hundreds of unexpired real property leases and executory contracts for which no claims bar date has been established. The Debtors propose that any person or entity that asserts a Rejection Damages Claim, must file a Proof of Claim on or before the later of (i) the General Bar Date or (ii) thirty (30) days after entry of an order approving the rejection of an executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damages Claim is a party.

6

B.    *Entities That Must File Proofs of Claim by the*
      *General Bar Date or the Government Bar Date*.

        18.    The Debtors propose that, subject to the provisions proposed in this

Motion for holders of claims subject to the Rejection Bar Date, all entities holding Claims

against the Debtors that arose prior to or on the Petition Date, including, without limitation, the

following entities, must file proofs of claim on or before the General Bar Date or, with respect to

claims of governmental units, on or before the Government Bar Date:

      a.    any entity whose prepetition claim against the Debtors is not listed in the
      Schedules or whose prepetition claim is listed as disputed, contingent or
      unliquidated and that desires to participate in these chapter 11 cases or
      share in any distribution in these chapter 11 cases; and

      b.    any entity that believes that its prepetition claim is improperly classified in
      the Schedules or is listed in an incorrect amount and that desires to have
      its claim allowed in a classification or amount other than that identified in
      the Schedules.

C.    *Entities Not Required to File Proofs of Claim*
      *by the General Bar Date or the Government Bar Date*.

        19.    The Debtors propose that the following entities, whose claims otherwise

would be subject to the General Bar Date or the Government Bar Date, need not file proofs of

claim:

      a.    any entity that has already properly filed a Proof of Claim against one or
      more of the Debtors with either EPIQ Bankruptcy Solutions, LLC
      ("EPIQ"), the Court-appointed claims agent in these cases, or the Clerk of
      the Court for the United States Bankruptcy Court for the District of
      Delaware;

      b.    any entity (i) whose claim is listed in the Schedules or any amendments
      thereto, and (ii) whose claim is not described therein as "disputed,"
      "contingent," or "unliquidated," and (iii) who does not dispute the amount
      or classification of its claim as set forth in the Schedules;

      c.    professionals retained by the Debtors or the Committee pursuant to orders
      of this Court, including EPIQ, who assert administrative claims for
      payment of fees and expenses subject to the Court's approval pursuant to
      sections 330, 331(a) and 503(b) of the Bankruptcy Code;

d.    any entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code;

e.    current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

f.    any Debtor asserting a claim against another Debtor;

g.    any direct or indirect non-debtor subsidiary of a Debtor asserting a claim against a Debtor;

h.    any entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the applicable Bar Date; or

i.    any person or entity whose claim has been paid by the Debtors.

20.    Bank of America, N.A., as Administrative Agent for the lenders (the "Prepetition Lenders") under that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006, may file one proof of claim against each Debtor, as applicable, on behalf of the Prepetition Lenders.  Each Prepetition Lender that relies on such proof of claim or proofs of claim shall consent to this Court's jurisdiction with respect to these Chapter 11 cases.

D.    _No Requirement to File Proofs of Interest_.

21.    The Debtors propose that any entity holding an interest in the Debtors (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a general or limited partner interest in a limited partnership, a membership interest in a limited liability company or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders that wish to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to

the sale, issuance or distribution of such Interest, must file proofs of claim on or before the

General Bar Date, unless another exception identified in this Motion applies.[7]

E.    *Filing Proofs of Claim Against Multiple*
      *Debtors and Requirement to Identify Debtor*.

22.    The Debtors propose that, any entity asserting Claims against more than

one Debtor must file a separate proof of claim with respect to each such Debtor.  In addition, any

entity filing a proof of claim must identify on its proof of claim form the particular Debtor

against which its Claim is asserted.

F.    *Effect of Failure to File Proofs of Claim*.

23.    The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any

entity that is required to file a proof of claim in these chapter 11 cases pursuant to the

Bankruptcy Code, the Bankruptcy Rules or the Bar Date Order with respect to a particular claim

against the Debtors, but fails to do so by the applicable Bar Date, should be forever barred,

estopped and enjoined from:  (a) asserting any claim against the Debtors that the entity has that

(i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of

such entity as undisputed, noncontingent and liquidated; or (ii) is of a different nature or a

different classification than any claim identified in the Schedules on behalf of such entity (any

such claim being referred to herein as an "Unscheduled Claim"); and (b) voting upon, or

receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of

an Unscheduled Claim.

G.    *Procedures for Providing Notice of Bar Dates and Filing Proofs of Claim*.

24.    The Debtors propose to serve on all known entities holding potential

prepetition claims with:  (a) a notice of the Bar Dates substantially in the form of the Bar Date

---

[7]    The Debtors reserve the right to seek relief at a later date requiring Interest Holders to file proofs of interest.

Notice attached hereto as Exhibit A and incorporated herein by reference; and (b) a proof of claim form substantially in the form of Official Form No. 10 (the "Proof of Claim Form," and together with the Bar Date Notice, collectively, the "Bar Date Notice Package").[8]

        25.    The Bar Date Notice states, among other things, that proofs of claim must be filed with EPIQ on or before the applicable Bar Date. No later than five (5) business days after the date that the Court enters the Bar Date Order, the Debtors intend to mail, through EPIQ, the Bar Date Notice Package by first class United States mail, postage prepaid, to all known potential claimants and their counsel (if known), all parties that have requested notice in these cases, all equity security holders, the U.S. Trustee, the Securities and Exchange Commission and all taxing authorities for the jurisdictions in which the Debtors do business. By fixing the General Bar Date as December 28, 2007, potential claimants shall receive no fewer than sixty (60) days' notice of the General Bar Date, which exceeds the minimum notice period provided by Bankruptcy Rule 2002(a)(7).[9]

        26.    The Proof of Claim Form will state whether the entity's claim is listed in the Schedules. Assuming that the entity's claim is listed in the Schedules, the Proof of Claim Form will also state: (a) the Debtor(s) against which the entity's claim is scheduled, (b) whether the entity's claim is listed as disputed, contingent or unliquidated, and (c) if a claim is listed in the Schedules in a liquidated amount that is not disputed or contingent, the dollar amount of the

---

[8]    The Proof of Claim Form has been modified, and may be further modified in certain limited respects, to accommodate the claims process in these cases.

[9]    Bankruptcy Rule 2002(a)(7) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 20 days' notice by mail of . . . the time fixed for filing proofs of claim pursuant to [Bankruptcy] Rule 3003(c) . . . ." Local Bankruptcy Rule 2002-1(e) provides that "the debtor may request a bar date for the filing of proofs of claim or interests." The Rule further states that if the request gives ten (10) days' notice to the U.S. Trustee and Creditors' Committee, is filed after the Schedules are filed and the section 341(a) meeting of creditors has been held "and provides that the bar date shall be not less than sixty (60) days from the date that notice of the bar date is served (and not less than 180 days from the order for relief for governmental units), the request may be granted without notice and hearing."

claim (as listed in the Schedules). Any entity that relies on the information in the Schedules will bear responsibility for determining that its claim is accurately listed therein.

27.    For any claim to be validly and properly filed, a signed original of a completed proof of claim, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d),[10] must be delivered to EPIQ at the address identified on the Bar Date Notice so as to be received **no later than 4:00 p.m., Eastern Time,** on the applicable Bar Date. The Debtors propose that claimants be permitted to submit proofs of claim in person or by courier service, hand delivery or mail. Proofs of claim submitted by facsimile or e-mail will not be accepted. Proofs of claim will be deemed filed when actually received by EPIQ. If a claimant wishes to receive acknowledgement of EPIQ's receipt of a proof of claim, the claimant also must submit to EPIQ by the applicable Bar Date and concurrently with submitting its original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, stamped return envelope.

28.    The Debtors submit that establishing December 28, 2007, as the General Bar Date in these chapter 11 cases will provide potential claimants with an adequate amount of time after the mailing of the Bar Date Notice within which to review the Schedules, compare the information contained therein with their own books and records and, if necessary, prepare and file proofs of claim. The Debtors also submit that the notice of the Bar Dates in the form and

---

[10]    Bankruptcy Rule 3001(c) requires as follows:

When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Bankruptcy Rule 3001(d) requires that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." The Debtors propose that, upon their advance express written consent, a claimant's proof of claim may be filed without the documents required by Bankruptcy Rules 3001(c) and 3001(d); provided, however, that any claimant that receives such a written consent will be required to transmit these documents in support of its claim to EPIQ, the Debtors or other parties in interest within ten (10) days after the date of a written request for such documents.

manner as proposed by the Debtors herein is fair and reasonable and will provide good, sufficient, and due notice to all creditors and Interest Holders of their rights and obligations in connection with claims they may assert against the Debtors' estates in these chapter 11 cases.

*H.    Publication of Notice.*

29.    In light of the size, complexity, geographic diversity and extensive history of the Debtors' businesses, potential claims against the Debtors may exist that the Debtors are unable to identify on the Schedules.  Such unknown potential claims may include, for example, (a) claims of trade vendors that failed to submit invoices to the Debtors, (b) claims of former employees, (c) claims of entities with potential unasserted causes of action against the Debtors and (d) claims that, for various other reasons, are not recorded in the Debtors' books and records. Accordingly, the Debtors believe that (a) it is necessary to provide notice of the Bar Dates to entities whose names and addresses are unknown to the Debtors and (b) it is advisable to provide supplemental notice to known holders of potential claims.  Therefore, pursuant to Bankruptcy Rule 2002(l),[11] the Debtors request authority to publish notice of the Bar Dates substantially in the form of the Bar Date Notice (the "Publication Notice," annexed hereto as Exhibit B) within ten (10) business days of the date of entry of the order granting this Motion in either the national edition of *The Wall Street Journal* or the national edition of *The New York Times*.

**NOTICE**

30.    Pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(e), the Debtors have already provided the United States Trustee for the District of Delaware and counsel to the Creditors' Committee with ten days' notice of this Motion.  The Debtors otherwise meet all other criteria set forth in Local Rule 2002-1(e) in that the Schedules have been filed, the 341 Meeting

---

[11]    Bankruptcy Rule 2002(l) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

has been held and the General Bar Date provides creditors with no less than sixty (60) days notice thereof.  Accordingly, pursuant to Local Rule 2002-1(e), no other or further notice or hearing is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit C:  (i) authorizing the Debtors to fix the General Bar Date for all claims other than claims asserted by governmental units and Rejection Damages Claims; (ii) establishing the Government Bar Date for all prepetition claims asserted by governmental units; (iii) establishing the Rejection Bar Date as the bar date for Rejection Damages Claims; (iv) approving the form and manner of service of the Bar Date Notice Package, pursuant to Bankruptcy Rule 2002(a)(7) and Local Bankruptcy Rule 2002-1(e); (v) approving the form and manner of publication of the Publication Notice, pursuant to Bankruptcy Rule 2002(l); and (vi) granting such other and further relief as the Court may deem proper.

Dated:    Wilmington, Delaware        YOUNG CONAWAY STARGATT & TAYLOR, LLP
          October 8, 2007

                                      James L. Patton, Jr. (No. 2202)
                                      Pauline K. Morgan (No. 3650)
                                      Sean M. Beach (No. 4070)
                                      Matthew B. Lunn (No. 4119)
                                      Kara Hammond Coyle (No. 4410)
                                      Kenneth J. Enos (No. 4544)
                                      The Brandywine Building
                                      1000 West Street, 17th Floor
                                      Wilmington, Delaware 19801
                                      Telephone: (302) 571-6600
                                      Facsimile: (302) 571-1253

                                      Counsel for Debtors and Debtors in Possession

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------------- x
In re:                             :    Chapter 11
                                  :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,   :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                 :
                                  :    Jointly Administered
                                  :
      Debtors.                        :
---------------------------------------------------------------------- x

### NOTICE OF BAR DATES FOR FILING OF PROOFS OF CLAIM

**TO ALL CREDITORS AND EQUITY INTEREST HOLDERS:**

         On October __, 2007, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bar Date Order") establishing certain claims bar dates in the chapter 11 cases of the above-captioned debtors and debtors in possession (the "Debtors").[1] By the Bar Date Order, the Court established **December 28, 2007 at 4:00 p.m. (Eastern Time)**, as the general claims bar date (the "General Bar Date"). Except as described below, the Bar Date Order requires all Entities, other than Governmental Units, that have or assert any prepetition Claims against the Debtors to file proofs of claim with EPIQ Bankruptcy Solutions, LLC ("EPIQ"), the claims noticing and balloting agent in these cases, so that their proofs of claim are received by EPIQ **on or before 4:00 p.m., Eastern Time, on December 28, 2007.** Please note that the terms "Entity," "Governmental Unit" and "Claim" are defined below.

         For your convenience, enclosed with this Notice is a proof of claim form, which identifies the amount, nature and classification of your Claim(s), if any, listed in the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these cases (collectively, the "Schedules").

### KEY DEFINITIONS

         As used in this Notice, the term "Entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and includes all persons (individuals, partnerships and corporations), estates, trusts, Governmental Units and the United States Trustee.

         As used in this Notice, the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States; states; commonwealths; districts; territories; municipalities; foreign states; or departments, agencies or instrumentalities of the foregoing.

         As used in this Notice, the term "Claim" shall mean, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

## WHO MUST FILE A PROOF OF CLAIM AND THE APPLICABLE BAR DATES

### *The Bar Dates*

The Bar Date Order establishes the following bar dates for filing proofs of claim in these cases (collectively, the "Bar Dates"):

(a)    The General Bar Date. Pursuant to the Bar Date Order, all Entities holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on August 6, 2007, are required to file proofs of claim on or before 4:00 p.m., Eastern Time, on December 28, 2007.

(b)    The Government Bar Date. In accordance with section 502(b)(9) of the Bankruptcy Code, all Governmental Units holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on August 6, 2007, are required to file proofs of claim by **February 4, 2008 at 4:00 p.m. (Eastern Time)** (the "Government Bar Date"), including Governmental Units with Claims against the Debtors for unpaid taxes, whether such Claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors was a party.

(c)    The Rejection Bar Date. Any Entity whose Claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a chapter 11 plan in the Debtors' chapter 11 cases, must file a proof of claim on or before the later of: (i) the General Bar Date or (ii) thirty (30) days after entry of an order approving the rejection of an executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damages Claim is a party. The later of these dates is referred to in this Notice as the "Rejection Bar Date."

### *Entities That Must File Proofs of Claims by the General Bar Date or the Government Bar Date*

Subject to the terms described above for holders of Claims subject to the Rejection Bar Date, the following Entities must file proofs of claim on or before the General Bar Date or, with respect to Claims of Governmental Units, on or before the Government Bar Date:

(a)    any entity whose prepetition claim against the Debtors is not listed in the Schedules or whose prepetition claim is listed as disputed, contingent or unliquidated and that desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases; and

(b)    any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

### *Entities Not Required to File Proofs of Claim by the General Bar Date or the Government Bar Date*

The Bar Date Order further provides that the following Entities need not file proofs of claim by the General Bar Date:

(a)    any entity that has already properly filed a Proof of Claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

(b)    any entity (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules;

(c)    professionals retained by the Debtors or the Committee pursuant to orders of this Court, including EPIQ, who assert administrative claims for payment of fees and expenses subject to the Court's approval pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

2

(d)     any entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code;

(e)     current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

(f)     any Debtor asserting a claim against another Debtor;

(g)     any direct or indirect non-debtor subsidiary of a Debtor asserting a claim against a Debtor;

(h)     any entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the applicable Bar Date; or

(i)     any person or entity whose claim has been paid by the Debtors.

### *No Requirement to File Proofs of Interest*

Any Entity holding an interest in the Debtors (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a general or limited partner interest in a limited partnership, a membership interest in a limited liability company or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to in this Notice as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert Claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including Claims arising out of or relating to the sale, issuance or distribution of such Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in the Bar Date Order applies.

### *Filing Proofs of Claim Against Multiple Debtors; Requirement to Identify Debtor*

Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before th applicable Bar Date.  In addition, any Entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

## CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Entity that is required to file a proof of claim, but fails to do so by the applicable Bar Date described in this Notice, shall be forever barred, estopped and enjoined from the following:

(a)     asserting any Claim against the Debtors that the Entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such Entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification than any Claim identified in the Schedules on behalf of such Entity (any such Claim being referred to in this Notice as an "Unscheduled Claim"); and

(b)     voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of an Unscheduled Claim.

**If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the applicable Bar Date.** Any Entity that relies on the information in the Schedules bears responsibility for determining that its Claim is accurately listed therein.

## RESERVATION OF RIGHTS

The Debtors reserve the right to (a) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (b) subsequently designate any Claim as disputed, contingent or unliquidated. Nothing contained in this Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

3

## PROCEDURE FOR FILING PROOFS OF CLAIM

Original proofs of claim must be sent by mail to American Home Mortgage Claims Processing, P.O. Box 5076, FDR Station, New York, NY 10150-5076 or by overnight courier or hand delivery to EPIQ Bankruptcy Solutions, LLC, Attn: American Home Mortgage Claims Processing, 757 Third Avenue, 3rd Floor, New York, NY 10017, so as to be received **no later than 4:00 p.m., Eastern Time**, on the applicable Bar Date. *Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.* Proofs of claim will be deemed filed only when actually received by EPIQ. If you wish to receive acknowledgement of EPIQ's receipt of your proof of claim, you must also submit by the applicable Bar Date and concurrently with submitting your original proof of claim, (a) a copy of your original proof of claim and (b) a self-addressed, stamped return envelope.

Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected. However, upon the advance express written consent of the Debtors, a claimant's proof of claim may be filed without the documents required by Bankruptcy Rules 3001(c) and 3001(d); provided, however, that any claimant that receives such a written consent will be required to transmit these documents in support of its Claim to EPIQ, the Debtors or other parties in interest within ten (10) days after the date of a written request for such documents.

## ADDITIONAL INFORMATION

You may be listed as the holder of a claim against the Debtors in the Schedules. If you hold or assert a claim that is not listed in the Schedules or if you disagree with the amount or priority of your claim as listed in the Schedules, or your claim is listed in the Schedules as contingent, unliquidated, or disputed, you **must** file a proof of claim. Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801. In addition, copies of the Debtors' Schedules and Bar Date Order may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.

Questions concerning the contents of this Notice and requests for proofs of claim should be directed to EPIQ at (866) 493-7277 between the hours of 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday. Please note that EPIQ's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

Dated: October ____, 2007           YOUNG CONAWAY STARGATT & TAYLOR, LLP
      Wilmington, Delaware         The Brandywine Building
                                  1000 West Street, 17th Floor
                                    Wilmington, Delaware 19801
                                    Telephone: (302) 571-6600
                                    Facsimile: (302) 571-1253
                                    Counsel to the Debtors and Debtors in Possession

# EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------  x
In re:                                                     :    Chapter 11
                                                           :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                     :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                            :
                                                           :    Jointly Administered
          Debtors.                                         :
------------------------------------------------------------------  x
```

## NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM

**TO ALL CREDITORS:**

On October __, 2007, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bar Date Order") establishing certain claims bar dates in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[1] By the Bar Date Order, the Court established **December 28, 2007 at 4:00 p.m. (Eastern Time)**, as the general claims bar date (the "General Bar Date"). Except as described below, the Bar Date Order requires all Entities, other than Governmental Units, that have or assert any prepetition Claims against the Debtors to file proofs of claim with EPIQ Bankruptcy Solutions, LLC ("EPIQ") so that their proofs of claim are received by EPIQ **on or before December 28, 2007 at 4:00 p.m. (Eastern Time)**. As used in this Notice, the term "Claim" shall mean, as to or against any of the Debtors and in accordance with section 101(5), U.S. Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

The Bar Date Order establishes the following bar dates for filing proofs of claim in these cases (collectively, the "Bar Dates"):

The General Bar Date. Pursuant to the Bar Date Order, all Entities holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on August 6, 2007, are required to file proofs of claim by on or before **December 28, 2007 at 4:00 p.m. (Eastern Time)**.

The Government Bar Date. In accordance with Section 502(b)(9) of title 11 of the United States Code (the "Bankruptcy Code"), all Governmental Units holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on August 6, 2007, are required to file proofs of claim by **February 4, 2008 at 4:00 p.m. (Eastern Time)** (the "Government Bar Date"), including Governmental Units with Claims against a Debtor for unpaid taxes, whether such Claims arise from prepetition tax years or periods or prepetition transactions to which a Debtor was a party.

The Rejection Bar Date. Any Entity whose Claim arises out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a chapter 11 plan in the Debtors' chapter 11 cases, must file a proof of claim on or before the later of: (i) the General Bar Date or (ii) thirty (30) days after entry of an order approving the rejection of

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

an executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damages Claim is a party. The later of these dates is referred to in this Notice as the "Rejection Bar Date."

*Entities That Must File Proofs of Claims by the General Bar Date or the Government Bar Date*: Subject to terms described above for holders of Claims subject to the Rejection Bar Date, the following Entities must file proofs of claim on or before the General Bar Date or, with respect to Claims of Governmental Units, on or before the Government Bar Date: (a) any entity whose prepetition claim against the Debtors is not listed in the Debtors' schedules of assets and liabilities (the "Schedules") or whose prepetition claim is listed as disputed, contingent or unliquidated and that desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases; and (b) any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

*Entities Not Required to File Proofs of Claim by the General Bar Date or the Government Bar Date*: The Bar Date Order further provides that the following Entities need not file proofs of claim by the General Bar Date: (a) any entity that has already properly filed a Proof of Claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware; (b) any entity (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules; (c) professionals retained by the Debtors or the Committee pursuant to orders of this Court, including EPIQ, who assert administrative claims for payment of fees and expenses subject to the Court's approval pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code; (d) any entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code; (e) current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors; (f) any Debtor asserting a claim against another Debtor; (g) any direct or indirect non-debtor subsidiary of a Debtor asserting a claim against a Debtor; (h) any entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the applicable Bar Date; or (i) any person or entity whose claim has been paid by the Debtors.

*No Requirement to File Proofs of Interest*: Any Entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a general or limited partner interest in a limited partnership, a membership interest in a limited liability company or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to in this Notice as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert Claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including Claims arising out of or relating to the sale, issuance or distribution of such Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in the Bar Date Order applies.

*Filing Proofs of Claim Against Multiple Debtors; Requirement to Identify Debtor*: Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the applicable Bar Date. In addition, any Entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

*Consequences of Failure to File Proof of Claim*: Any Entity that is required to file a proof of claim, but fails to do so by the applicable Bar Date described in this Notice, shall not be treated as a creditor with respect to such Claim for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases. If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the applicable Bar Date. Any Entity that relies on the information in the Schedules bears responsibility for determining that its Claim is accurately listed therein.

*Reservation of Rights*: The Debtors reserve the right to (a) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (b) subsequently designate any Claim as disputed, contingent or unliquidated. Nothing contained in this Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

*Procedure for Filing Proof of Claim*:  Original proofs of claim must be sent by mail to American Home Mortgage Claims Processing, P.O. Box 5076, FDR Station, New York, NY 10150-5076 or by overnight courier or hand delivery to EPIQ Bankruptcy Solutions, LLC, Attn: American Home Mortgage Claims Processing, 757 Third Avenue, 3rd Floor, New York, NY 10017, so as to be received **no later than 4:00 p.m., Eastern Time**, on the applicable Bar Date. *Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.*  Proofs of claim will be deemed filed only when actually received by EPIQ.  If you wish to receive acknowledgement of EPIQ's receipt of your proof of claim, you must also submit by the applicable Bar Date and concurrently with submitting your original proof of claim (a) a copy of your original proof of claim and (b) a self-addressed, stamped return envelope.  Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected.  However, upon the advance express written consent of the Debtors, a claimant's proof of claim may be filed without the documents required by Bankruptcy Rules 3001(c) and 3001(d); provided, <u>however</u>, that any claimant that receives such a written consent will be required to transmit these documents in support of its Claim to EPIQ, the Debtors or other parties in interest within ten (10) days after the date of a written request for such documents.

*Additional Information*:  You may be listed as the holder of a claim against the Debtors in the Schedules.  If you hold or assert a claim that is not listed in the Schedules or if you disagree with the amount or priority of your claim as listed in the Schedules, or your claim is listed in the Schedules as contingent, unliquidated, or disputed, you **must** file a proof of claim.  Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801.  In addition, copies of the Debtors' Schedules and Bar Date Order may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.  Questions concerning the contents of this Notice and requests for proofs of claim should be directed to EPIQ at (866) 493-7277 between the hours of 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday.  Please note that EPIQ's staff is not permitted to give legal advice.  You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

Dated: October ____, 2007
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Counsel to the Debtors and Debtors in Possession