**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                  :
                                                                 :   Jointly Administered
         Debtors.                                                :
                                                                 :   Doc. Ref. No.
---------------------------------------------------------------- x

**ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) AND LOCAL RULE
2002-1(e) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM
AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon consideration of the motion (the "Motion") of the above-captioned debtors and debtors in possession (each a "Debtor", and collectively, the "Debtors"),[1] for entry of an order, pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), establishing bar dates for filing proofs of claim and approving the form and manner of notice thereof; the Court having reviewed the Motion and the pleadings related thereto; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Motion was sufficient under the circumstances and in accordance with Local Rule 2002-1(e); and the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Capitalized terms not otherwise defined herein have the meanings given to them in the Motion. In addition, as used herein, (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

3. The forms of the Bar Date Notice and the Publication Notice, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects pursuant to Rules 2002(a)(7) and 2002(l) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(e) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"). The form and manner of notice of the Bar Dates approved herein are deemed to fulfill the notice requirements of the Bankruptcy Rules and the Local Bankruptcy Rules, and notice of the Bar Dates in the form and manner as proposed by the Debtors herein is fair and reasonable and will provide good, sufficient, and due notice to all creditors and equity interest holders of their rights and obligations in connection with claims they may assert against the Debtors' estates in these chapter 11 cases. Accordingly, the Debtors are authorized to serve the Bar Date Notice Package in the manner described in paragraph 4 below.

4. As soon as practicable, but in any event no later than five (5) business days after the date that the Court enters this Order, the Debtors, through EPIQ Bankruptcy Solutions, LLC ("EPIQ"), shall serve the Bar Date Notice Package by first class United States mail, postage prepaid, on all known entities holding potential prepetition claims and their counsel (if known), all parties that have requested notice in these cases, all equity security holders, all indenture trustees, the U.S. Trustee and all taxing authorities for the jurisdictions in which the Debtors do business. The date on which the Debtors actually serve the Bar Date Notice Package is referred to herein as the "Service Date."

5. Except as provided in paragraphs 7 and 8 of this Order, any entity holding a prepetition claim against the Debtors must file a proof of claim in accordance with the procedures described herein on or before **December 28, 2007 at 4:00 p.m. (Eastern Time)** (the "General Bar Date"). The General Bar Date shall be identified in the Bar Date Notice and the Publication Notice. Except as provided in paragraphs 7 and 8 of this Order, the General Bar Date applies to all entities, other than governmental units, holding claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on the Petition Date.

6. Except as provided in paragraphs 7 and 8 of this Order, in accordance with section 502(b)(9) of the Bankruptcy Code, any governmental unit holding a prepetition claim against the Debtors must file a proof of claim in accordance with the procedures described herein on or before **February 4, 2008 at 4:00 p.m. (Eastern Time)** (the "Government Bar Date"). The Government Bar Date shall be identified in the Bar Date Notice and the Publication Notice. Except as provided in paragraphs 7 and 8 of this Order, the Government Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority or

3

unsecured nonpriority) that arose prior to or on the Petition Date, including governmental units holding claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

7. The following entities whose claims otherwise would be subject to the General Bar Date or the Government Bar Date shall not be required to file proofs of claim in these chapter 11 cases:

   a. any entity that has already properly filed a Proof of Claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

   b. any entity (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules;

   c. professionals retained by the Debtors or the Committee pursuant to orders of this Court, including EPIQ, who assert administrative claims for payment of fees and expenses subject to the Court's approval pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

   d. any entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code;

   e. current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

   f. any Debtor asserting a claim against another Debtor;

   g. any direct or indirect non-debtor subsidiary of a Debtor asserting a claim against a Debtor;

   h. any entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the applicable Bar Date; or

   i. Any person or entity whose claim has been paid by the Debtors.

8. Any entity holding a Rejection Damages Claim arising from the rejection of an executory contract or unexpired lease pursuant to an order entered prior to the confirmation of a chapter 11 plan in the Debtors' chapter 11 cases shall be required to file a proof of claim in

respect of such Rejection Damages Claim in accordance with the procedures described herein by the Rejection Bar Date. The Rejection Bar Date shall be the later of (i) the General Bar Date or (ii) thirty (30) days after entry of an order approving the rejection of an executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damages Claim is a party.

9. Bank of America, N.A., as Administrative Agent for the lenders (the "Prepetition Lenders") under that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006, may file one proof of claim against each Debtor, as applicable, on behalf of the Prepetition Lenders. Each Prepetition Lender that relies on such proof of claim or proofs of claim shall consent to this Court's jurisdiction with respect to these Chapter 11 cases.

10. The Debtors shall retain the right to (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (b) subsequently designate any claim as disputed, contingent or unliquidated.

11. Subject to the provisions of paragraph 8 of this Order with respect to holders of claims subject to the Rejection Bar Date, the following entities must file a proof of claim on or before the General Bar Date or, with respect to claims of governmental units, on or before the Government Bar Date:

    a. any entity whose prepetition claim against the Debtors is not listed in the Schedules or whose prepetition claim is listed as disputed, contingent or unliquidated and that desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases; and

    b. any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

12. Any entity holding an interest in the Debtors (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation,

5

a general or limited partner interest in a limited partnership, a membership interest in a limited liability company or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of such Interest, must file proofs of claim on or before to the General Bar Date, unless another exception contained herein applies.

13. Any entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the applicable Bar Date. In addition, any entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

14. Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the Debtors, but that fails to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the Debtors that the entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and liquidated (if no amount is identified in the Schedules for that entity then the entity shall be forever barred, estopped and enjoined from asserting any claim at all against the Debtors) or (ii) is of a different nature or a different classification than any claim identified in the Schedules on behalf of such entity (any such claim being referred to herein as an "Unscheduled Claim"); and

(b) voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of an Unscheduled Claim.

15.   The Debtors shall serve on all known entities holding potential prepetition claims: (a) a notice of the Bar Dates substantially in the form of the Bar Date Notice attached to the Motion as Exhibit <u>A</u> and (b) a proof of claim form substantially in the form of Official Form No. 10. The Debtors shall state on each proof of claim form whether the entity's claim is listed in the Schedules. Assuming that the entity's claim is listed in the schedules, the Proof of Claim Form will also state: (a) the Debtors against which the entity's claim is scheduled, (b) whether the entity's claim is listed as disputed, contingent or unliquidated, and (c) if a claim is listed in the Schedules in a liquidated amount that is not disputed or contingent, the dollar amount of the claim (as listed in the Schedules). Any entity that relies on the information in the Schedules shall bear responsibility for determining that its claim is accurately listed therein.

16.   For any proof of claim to be validly and properly filed, a signed original of the completed proof of claim, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), must be delivered to EPIQ at the address identified on the Bar Date Notice so as to be received **no later than 4:00 p.m., Eastern Time,** on the applicable Bar Date. Proofs of claim may be submitted in person or by courier service, hand delivery or mail. <u>Proofs of claim submitted by facsimile or e-mail shall not be accepted</u>. Proofs of claim shall be deemed filed when actually received by EPIQ. If a creditor wishes to receive acknowledgement of EPIQ's receipt of a proof of claim, the creditor also must submit to EPIQ by the applicable Bar Date and concurrently with submitting its original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, stamped return envelope.

17.  Upon the advance express written consent of the Debtors, a claimant's proof of claim may be filed without the documents required by Bankruptcy Rules 3001(c) and 3001(d); *provided, however,* that any claimant that receives such a written consent shall be required to transmit these documents in support of its claim to EPIQ, the Debtors or other parties in interest within ten (10) days after the date of a written request for such documents.

18.  The Debtors shall cause the Publication Notice to be published in the national edition of *The Wall Street Journal* or the national edition of *The New York Times* within ten (10) business days of the date of entry of this order.

Dated: _____, 2007

_____
Christopher S. Sontchi
United States Bankruptcy Judge