# AFFIDAVIT

**STATE OF TEXAS )**
**) ss:**
**CITY AND COUNTY OF DALLAS)**

I, Kay Smith, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout the United States, and that the Notice attached to this Affidavit has been regularly published in THE WALL STREET JOURNAL for national distribution for one insertion(s) on the following date(s): Friday, September 28, 2007; advertiser: American Home Mortgage; and that the foregoing statements are true and correct to the best of my knowledge.

Beverly K. Smith

Sworn to before me this
28th day of September, 2007

Terri M. Knabenshue
Notary Public

TERRI M. KNABENSHUE
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
02-03-2008

THE WALL STREET JOURNAL.

# OTICES

**GLOBAL, NATIONAL, REGIONAL**
TO ADVERTISE CALL 1.800.366.3975
FAX: 214.640.7900
**ADVERTISING.WSJ.COM**
EE MW SW WE

## PUBLIC NOTICES

"equity interest" in such Securitization Vehicle is owned by one or more entities that meet the conditions of either (A), (B), (C), or (D), and (2) if any of the relevant trustee, special servicer, manager fails to meet the requirements of this clause (E), such Person must be replaced by a Person meeting the requirements of this Clause (E) within thirty (30) days. A "Qualified Trustee" means (i) a corporation, national bank, national banking association or a trust company, organized and doing business under the laws of any state or the United States of America, authorized under such laws to exercise corporate trust powers and to accept the trust conferred, having a combined capital and surplus of at least $100,000,000 and subject to supervision or examination by federal or state authority, (ii) an institution insured by the Federal Deposit Insurance Corporation, or (iii) an institution whose long-term senior unsecured debt is rated either of the then in effect top two rating categories of each of the Rating Agencies.

(F) That it is an investment fund, limited liability company, limited partnership or general partnership where a Permitted Fund Manager (i.e., any person that on the date of determination is (i) any nationally-recognized manager of investment funds investing in debt or equity interests relating to commercial real estate, (ii) investing through a fund with committed capital of at least $250,000,000 and (iii) is not subject to any proceeding relating to bankruptcy, insolvency, reorganization or relief of debtors) or an entity that otherwise meets the conditions of either (A), (B), (C), or (D) acts as the general partner, managing member or fund manager and at least 50% of the equity interests in such investment vehicle are owned, directly or indirectly by one or more entities that otherwise meet the conditions of either (A), (B), (C), or (D); or

(G) That it is any other lender or entity (including any opportunity funds) which has been approved as a Qualified Transferee hereunder by the Rating Agencies.

6. The purchaser will be required to provide written representation addressed to Secured Party stating that such purchaser (a) is acquiring the Collateral for investment purposes, solely for purchaser's own account, and not as a representative of other purchasers, and not with a view to distribution or resale of the Collateral, (b) has sufficient knowledge and experience in financial and business matters so as to be capable of evaluating the risks and merits of the investment and has sufficient financial means to afford the risk of the investment in the shares, and (c) will not resell the Collateral without a valid registration under applicable federal or state laws, including the Securities Act of 1933, or an available exemption therefrom.

7. Purchaser must demonstrate to Secured Party and its counsel's satisfaction that the purchase of the Collateral is in compliance with all state and federal laws.

8. Prospective purchasers will be furnished with additional information upon request to John W. Berry, Esq., Akin Gump Strauss Hauer & Feld LLP, 590 Madison Avenue, 42nd Floor, New York, NY 10022, (212) 872-8075.

9. Subject to the foregoing terms, consummation of the sale will be made immediately upon receipt of payment in immediately available funds of the full bid price by transfer of the Collateral, BUT WITHOUT GUARANTY OF SIGNATURES, WITHOUT PAYMENT OF ANY TRANSFER OR OTHER TAX, WITHOUT RECOURSE, AND WITHOUT REPRESENTATION OR WARRANTY BY SECURED PARTY, AND SUBJECT TO ALL DEFENSES.

**SCHEDULE A: COLLATERAL**

(a) All of Chicago H&S Senior Investors, LLC's (the "Borrower") one hundred percent (100%) limited liability company interest (the "Pledged Interest") in Chicago H&S Hotel Property, LLC (the "Fee Owner"), including without limitation:

(i) all of Borrower's interest in the capital of Fee Owner and Borrower's interest in all profits and distributions to which Borrower shall at any time be entitled in respect of the Pledged Interest or any other interest in Fee Owner owned by Borrower;

(ii) all other payments, if any, due or to become due to Borrower in respect of the Pledged Interest, whether as contractual obligations, damages, proceeds (as defined in the UCC and including, without limitation, insurance proceeds) or otherwise;

(iii) all books and records (including computerized records, software and disks), certificates and other materials to which Borrower shall at any time be entitled in respect of the Pledged Interest or any other interest in Fee Owner owned by Borrower;

(iv) all "accounts", "general intangibles", "instruments", and "investment property" (in each case as defined in the Uniform Commercial Code as in effect from time to time in the State of New York) to which Borrower shall at any time be entitled in respect of the Pledged Interest or any other interest in Fee Owner owned by Borrower;

(v) all of Borrower's rights, powers and remedies, as a member of Fee Owner or arising from Borrower's ownership of the Pledged Interest or pursuant thereto or any other equity interest in Fee Owner owned by Borrower; and

(vi) all of Borrower's rights, if any, as a member of Fee Owner to manage the affairs (including, without limitation, the power to sell, mortgage or otherwise deal with those certain premises known as Hotel 71 and located at 71 East Wacker Drive, Chicago, Illinois), to make determinations, to exercise any election (including, but not limited to, election of remedies, the filing of any petition for reorganization or dissolution of Fee Owner, and the exercise of Fee Owner's rights as debtor in possession

## BANKRUPTCIES

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | ) Chapter 11 |
| | ) Case No. 07-11047 (CSS) |
| Debtors. | ) Jointly Administered |

**NOTICE OF ENTRY OF ORDER PURSUANT TO SECTIONS 105(a), 363, 364, 365, AND 503(b) OF THE BANKRUPTCY CODE AND RULES 2002, 4001, 6004, 6006, 7062, 9007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) APPROVING REVISED PROCEDURES FOR THE SALE OF THE DEBTORS' MORTGAGE SERVICING BUSINESS; (B) APPROVING CERTAIN PROTECTIONS FOR THE STALKING HORSE BIDDER IN SUCH SALE; (C) DIRECTING THAT CERTAIN NOTICES OF SUCH SALE AND DEADLINE BE GIVEN; AND (D) AUTHORIZING, ON AN INTERIM BASIS, THE DEBTORS TO GRANT CERTAIN LIENS AND OTHER PROTECTIONS FOR THE PURCHASER'S COLLATERAL EFFECTIVE AFTER THE INITIAL CLOSING**

PLEASE TAKE NOTICE that the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has entered an order dated September 25, 2007 (the "Sale Procedures Order"), in the above-captioned chapter 11 cases at Docket Number 937, granting the motion (the "Motion") of the debtors in the above-captioned cases (the "Debtors") and providing for the following relief:

**1. Approving procedures for the auction and sale of the Debtors' mortgage servicing business (the "Servicing Business")** – The bid deadline is currently scheduled for October 2, 2007 at 4:00 p.m. (Eastern Time); the auction is scheduled for October 5, 2007 at 10:00 a.m. (Eastern Time); and a hearing to approve the winning bidder at the auction as the purchaser of the Servicing Business is scheduled for October 9, 2007 at 2:30 p.m. (Eastern Time) (the "Sale Hearing"). These dates may be changed pursuant to the Sale Procedures Order without further notice to you.

**2. Approving AH Mortgage Acquisition Co. Inc. (the "Purchaser") as the "stalking horse" bidder in the Auction** - Purchaser has entered into a binding Asset Purchase Agreement (the "APA") to acquire the Servicing Business[2] if it is selected as the winning bidder pursuant to the procedures set forth in the Sale Procedures Order. If the Purchaser is the winning bidder, and the sale of the Servicing Business pursuant to the APA is approved by the Bankruptcy Court, the Court may enter an order (the "Sale Approval Order") authorizing, among other things, the (a) sale of the assets and property of the Servicing Business to the Purchaser pursuant to sections 105 and 363 of the Bankruptcy Code free and clear of liens, claims, encumbrances, and other interests, including liens, claims, or interests that you may hold; and (b) the assignment by certain of the Debtors of certain contracts or other agreements, including certain residential mortgage servicing agreements, pursuant to sections 105, 363, and 365 of the Bankruptcy Code, including contracts or other agreements to which you may be a party. If you believe you (i) have a lien, claim or interest with respect to the assets and property of the Servicing Business, (ii) are a party to an affected contract or agreement with the Debtors, or (iii) have rights that might otherwise be affected by the Sale Approval Order, you are advised to obtain a copy of the Motion, the APA and its schedules and exhibits (one of which exhibits is the proposed form of the Sale Approval Order), review these documents carefully, and consult with your counsel regarding your rights.

**3.** Through the Sale Procedures Order, the Debtors were authorized on an interim basis, pursuant to section 364 of the Bankruptcy Code and Bankruptcy Rule 4001, to grant the Purchaser, its designee or other Successful Bidder a valid, binding enforceable and perfected (a) first priority security interest in and lien on all the Purchaser's Collateral that is not encumbered by a Permitted Lien or a lien with respect to any Financing; and (b) security interest in and lien on the Purchaser's Collateral that is immediately junior to any Permitted Lien or a lien with respect to any Financing; provided, however, that the granting of such security interest in and lien is subject to and conditioned upon (i) the Purchaser being selected as the Successful Bidder at the Auction; (ii) entry of the Sale Approval Order approving the Sale of the Servicing Business to the Purchaser pursuant to the terms of the APA; (iii) payment of the Purchase Price; and (iv) the occurrence of the Initial Closing. Final approval of the foregoing grant of security interests and liens is scheduled to be heard at the Sale Hearing.

**4.** Pursuant to the authority provided in the Sale Approval Order, the Debtors are seeking to assume and assign certain of their unexpired leases, license agreements, and executory contracts (collectively, the "Assumed Contracts") to the Purchaser. If you are a non-Debtor party to an Assumed Contract, you were previously served with notice of the Debtors' proposed cure amount. The Debtors' books and records reflect that postpetition amounts owing under the Assumed Contracts have been paid and will continue to be paid in the ordinary course of its business through and including the date of entry of the Sale Approval Order. Accordingly, the Sale Approval Order will establish the amount of the cure claims for the Assumed Contracts through the date of entry of the Sale Approval Order.

**5. If you are a party in interest and wish to obtain copies of the Sale Procedures Order, the APA, the Sale Approval Order, or any related documents, you can obtain them free of charge by calling Debbie Laskin of Young Conaway Stargatt & Taylor, LLP, counsel to the Debtors at (302) 571-6600 or by sending an email to Dlaskin@ycst.com.**

Dated: September 26, 2007, Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, (302) 571-6600, Counsel for the Debtors and Debtors-in-Possession

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., ("AHM Investment") a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., ("AHM Corp.") a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Sale Procedures Order.

## CLASS ACTIONS