IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x   Chapter 11
In re:                                                           :
                                                                 :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.[1],               :   Jointly Administered
                                                                 :
                                                                 :   **Cure and Assumption**
      Debtors.                                                   :        **Objection Deadline: October 24, 2007 at 4:00 p.m.**
                                                                 :   **Adequate Assurance of Future Performance**
---------------------------------------------------------------- x        **Objection Deadline: October 29, 2007 at 9:00 a.m.**

## NOTICE OF (I) POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES, LICENSE AGREEMENTS, AND EXECUTORY CONTRACTS; AND (II) PROPOSED CURE OBLIGATIONS, IF ANY

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On September 21, 2007, American Home Mortgage Holdings, Inc., *et al.*, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Assets Related to the Debtors' Construction Loan Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; (IV) Authorizing the Distribution of the Proceeds of the Construction Loans to; and (V) Granting Related Relief* [Docket No. 900] (the "Sale Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). By the Sale Motion, the Debtors have requested the authority to sell (the "Sale") the construction loans and related servicing rights (the "Construction Loans") and construction loan platform (the "Construction Loan Platform") related to the Debtors' construction loan business free and clear of all liens, claims, encumbrances and other interests pursuant to section 363 of title 11 of the United States Code

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

(the "Bankruptcy Code"), and the authority to assume and assign various agreements related to the construction loan business.

2.      On October 4, 2007, the Bankruptcy Court entered an order (the "Sale Procedures Order") (i) approving procedures (the "Sale Procedures") with respect to the Sale of the Construction Loans and the Construction Loan Platform (collectively, the "Assets"), as more specifically described in the form Purchase and Sale Agreement (the "Purchase Agreement"), attached to the Notice of Filing [Docket No. 1010], (ii) scheduling a hearing (the "Sale Hearing") on the Sale and setting objection and bidding deadlines with respect to the Sale, (iii) approving the form and manner of notice of an auction for the Assets (the "Auction") and the Sale Hearing, and (iv) granting related relief [Docket No. 1175].

3.      Pursuant to the Sale Motion, the Debtors intend to assume and assign certain of their unexpired leases, license agreements, and executory contracts (collectively, the "Potential Executory Contracts") pursuant to section 365(b)(1)(A) of the Bankruptcy Code. The Potential Executory Contracts that the Debtors may seek to assume and assign and corresponding proposed cure obligations as of September 30, 2007, if any, are listed on the attached Exhibit A (the "Proposed Cure Obligations").

4.      Any objections to the assumption and assignment of the Potential Executory Contracts and the corresponding Proposed Cure Obligations, if executory, must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy of the Bankruptcy Court; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, **on or before 4:00 p.m. (prevailing Eastern Time) on October 24, 2007**, or such later date and time as the Debtors may agree, and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel and Karen Gowins, Director of Construction and Renovation Lending); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: M. Blake Cleary and Matthew B. Lunn), counsel to the Debtors; (iii) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn.: Mark Indelicato), counsel to the Committee; (iv) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (v) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; and (vi) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon) (collectively, the "Notice Parties").

5.      The Sale Hearing has been scheduled on **October 30, 2007 at 10:00 a.m. (prevailing Eastern time)**, before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, at the United States District Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801. The Sale Hearing may be further

adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

6. Objections, if any, to the proposed purchaser's (or purchasers') ability to provide adequate assurance of future performance under the Potential Executory Contracts (the "Adequate Assurance of Future Performance Objections") must be (a) in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, **on or before 9:00 a.m. (prevailing Eastern Time) on October 30, 2007**, or such later date and time as the Debtors may agree, and (d) be served so as to be received no later than 9:00 a.m. (prevailing Eastern Time) on the same day, upon the Notice Parties.

7. Any person or entity receiving notice of the Sale Hearing and/or this Notice of Potential Assumption and Assignment that fails to file an objection on a timely basis shall (a) be forever barred from objecting to the Proposed Cure Obligations and from asserting any additional cure or other amounts with respect to the assumption and assignment of such Potential Executory Contracts and the Debtors shall be entitled to rely solely upon the Proposed Cure Obligations, and (b) be deemed to have consented to the assumption and assignment of such Potential Executory Contracts and shall be forever barred and estopped from asserting or claiming against the Debtors, the purchaser or purchasers of the Assets, or any other assignee of the relevant Potential Executory Contract that any additional amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied under such Potential Executory Contract.

7. In the event that an objection to the Proposed Cure Obligation (the "Cure and Assumption Objection") is filed, the Cure and Assumption Objection must set forth: (a) the basis for the objection; and (b) the amount the party asserts as the cure amount; provided, however, such Cure Amount Objection shall not be deemed to be an objection to the Sale Motion. Hearings on Cure Amount Objections may be held (a) at the Sale Hearing, or (b) at such other date after the Sale Hearing as the Court may designate.

8. The Debtors' decision to assume and assign the Potential Executory Contracts, if executory, is subject to the Court's approval and consummation of the Sale. Absent consummation of the Sale, each of the Potential Executory Contracts shall neither be deemed assumed nor assigned and shall in all respects be subject to further administration under the Bankruptcy Code.

9. The Debtors reserve the right to remove or add any Potential Executory Contract from the Sale and to withdraw the request to assume and assign any such Potential Executory Contract. The identification of a Proposed Cure Obligation is without prejudice to the Debtors' right to modify, amend or contest the validity and/or amount of such Proposed Cure Obligation prior to the assumption and assignment of the respective Potential Executory Contract.

10. The designation of any agreement as a Potential Executory Contract shall not constitute or be deemed to be a determination or admission by the Debtors that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

Dated: Wilmington, Delaware
October 9, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
M. Blake Cleary (No. 3614)
Matthew B. Lunn (No. 4119)
Margaret B. Whiteman (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Debtors and Debtors in Possession

# EXHIBIT A

**Executory Contracts and Proposed Cure Amounts As of 9/30/07**

| Vendor | Address | Date of Contract | Proposed Cure Amount |
|---|---|---|---|
| Trinity Inspection Services, Inc. | 15303 Dallas Parkway, Suite 510<br>Addison, TX 75001 | 8/24/2004 | $8,835 |
| Digital Draw Network, Inc. | 10542 South Jordan Gateway, Suite 200<br>South Jordan, UT 84095 | 7/21/2006<br>(Updated 8/8/07) | $14,070 |
| Lenders Choice Network, Inc. | 1303 East Grand Avenue, Suite 115<br>Arroyo Grande, CA 93420 | 7/6/2006 | $12,500 |
| MortgageHub | 181 Washington Street, Suite 525<br>Conshohocken, PA 19428 | 1/21/2005 | $0 |
| American Title, Inc. | 1510 Wall Street<br>Bellevue, NE 68005 | 8/14/2007 | $0 |