IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :    Chapter 11 Case No.
                                                                 :
AMERICAN HOME MORTGAGE                                           :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,                  :
                                                                 :    Jointly Administered
                    Debtors.                                     :
                                                                      Docket Ref. Nos. 937 and 1243

**DEBTORS' RESPONSES AND OBJECTIONS TO GMAC MORTGAGE LLC, F/K/A
GMAC MORTGAGE CORPORATION'S  NOTICE OF 30(b)(6) DEPOSITION**

The above captioned debtors and debtors in possession (collectively, the "Debtors") object and respond to GMAC Mortgage LLC's ("GMACM") Notice of 30(b)(6) Deposition (the "Deposition Notice") as follows:

### General Objections and Limitations

1.      Debtors object to the definitions and instructions set forth in the Deposition Notice, and the Deposition Notice itself, to the extent it seeks to impose obligations on Debtors greater than, more extensive than, or more burdensome than those required by the Federal Rules of Civil Procedure.

2.      Debtors object to the Deposition Notice to the extent the topics for examination are duplicative.

3.      Debtors object to the Deposition Notice to the extent the topics for examination call for testimony subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges.

4.      Debtors object to the Deposition Notice to the extent the topics for examination are vague and ambiguous.

5. Debtors object to the Deposition Notice to the extent that the topics for examination seek testimony which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Debtors object to the Deposition Notice to the extent that the topics do not include a temporal limitation which reasonably limits the information sought to the relevant time period.

7. Debtors object to the Deposition Notice to the extent it seeks information which is not within the possession, custody, or control of Debtors.

8. Debtors object to the Deposition Notice to the extent it seeks testimony on subject matter that is not known or reasonably available to Debtors.

9. Debtors object to the Deposition Notice to the extent it seeks testimony on subject matter that is improper at this phase in litigation.

10. Debtors object to the Deposition Notice to the extent it seeks expert testimony or opinion.

11. Debtors object to the Deposition Notice to the extent it seeks a legal conclusion.

12. The Debtors object to the Deposition Notice to the extent it calls for the disclosure of confidential business information, confidential settlement information, or documents subject to confidentiality agreements with third parties.

13. The Debtors object to the Deposition Notice to the extent it calls for testimony concerning assumptions of law or fact, which the Debtors neither admit nor deny. The provision of any response or answer may not be construed as, and is not an admission to any of the facts or legal assumptions stated in any such request. Nothing in the Debtors' responses should be construed as an admission regarding the admissibility or relevance of any fact or

document or the truth or accuracy of any characterization of any kind contained in the Notice of Deposition.

14. The Debtors object to the Notice of Deposition to the extent that any portion thereof seeks testimony or information that is equally accessible and available to GMACM or that is already in their possession, custody, or control, or available as a matter of public record, on the grounds that providing such information will impose an unnecessary burden upon the Debtors.

15. The Debtors' decision to provide responses notwithstanding the objectionable nature of any portion of the Notice of Deposition should not be construed as a waiver of any of the general or specific objections, or a waiver of the Debtors' right to seek a protective order.

16. The objections, responses, and answers herein are made without waiver of and with specific preservation of: (i) questions and objections as to competence, relevance, materiality, privilege, and admissibility; (ii) the right to object to the use of any objection, response or answer, or any testimony, in whole or in part, on any ground; (iii) the right to object on any ground at any time to a demand for further productions, responses, testimony, or answering involving or relating to the subject matter of the Notice of Deposition; (iv) the right at any time to revise, correct, add to, or clarify any of the objections, responses, and answers propounded herein; and (v) the right to move for an appropriate protective order.

17. The Debtors expressly reserve the right to amend these General Objections and Specific Objections (as defined below), including any portion thereof, for any reason.

18. These general objections and limitations (the "General Objections") are specifically incorporated by reference into the following specific objections and responses to topics (the "Specific Objections"), and an objection or response by the Debtors to any topic

identified below is made without waiver of, and subject to, these General Objections and Reservations of Rights.

## SPECIFIC OBJECTIONS

**Topic 1:** **The Debtors' sale of their servicing businesses, including, without limitation, the negotiation of the Asset Purchase Agreement by and among AH Mortgage Acquisition Co., Inc., American Home Mortgage Investment Corp., American Home Mortgage Corp. and American Home Mortgage Servicing Inc. dated as of September 25, 2007 or any other asset purchase agreement being negotiated or executed by the Debtors in connection with the sale of their servicing businesses (collectively, the "APA") and the auction of the Debtors' servicing businesses.**

RESPONSE: The Debtors object to this Topic to the extent it calls for testimony beyond the scope of the APA on file for the Sale Motion. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Eugene Weil to testify about Topic 1.

**Topic 2:** **The Debtors' intent regarding the assumption and assignment of the Servicing Agreements (as defined in the objections filed by GMACM at D.I. 857 and 1071), HELOC Back-Up Servicing Agreements (as defined in the objections filed by GMACM at D.I. 857 and 1071), and any other contracts or agreements with GMACM (collectively with the Servicing Agreements, HELOC Back-Up Servicing Agreements, the "GMACM Agreements").**

RESPONSE: The Debtors object to this Topic to the extent it is vague, ambiguous and calls for a legal conclusion. The Debtors also object to this Topic to the extent it calls for testimony concerning assumptions of law or fact, which the Debtors neither admit nor deny. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Robert Johnson to testify about Topic 2.

**Topic 3:** **The Debtors' intent regarding the assumption and assignment of the Seller/Servicer Contract and Guides incorporated thereby referenced (as defined in the objections filed by GMAC-RFC at D.I. 859 and 1061), and any other contracts or agreements with GMAC-RFC (collectively, the "GMAC-RFC Agreements").**

**RESPONSE**: The Debtors object to this Topic to the extent it is vague, ambiguous and calls for a legal conclusion. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Robert Johnson to testify about Topic 3.

**Topic 4:** **The termination of the GMACM Agreements and GMAC-RFC Agreements, including, but not limited to, Debtors' receipt of any notices of termination, the Debtors continuation or discontinuation of servicing under the GMACM Agreements and GMAC-RFC Agreements, and Debtors' authority for continuing or discontinuing servicing under the GMACM Agreements and GMAC-RFC Agreements.**

**RESPONSE**: The Debtors object to this Topic to the extent it is vague, ambiguous and calls for a legal conclusion. The Debtors also object to the extent this Topic purports to assume that a termination has occurred, which the Debtors specifically dispute. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Robert Love to testify about Topic 4.

**Topic 5:** **The provisions in each of the GMACM Agreements and GMAC-RFC Agreements and the documents related thereto that the Debtors intend to exclude, modify, alter, or in any way change in connection with the assumption and assignment of the GMACM Agreements and GMAC-RFC Agreements.**

**RESPONSE**: The Debtors object to this Topic to the extent it is vague, ambiguous and calls for a legal conclusion. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Robert Johnson to testify about Topic 5.

**Topic 6:** **AH Mortgage Acquisition Co., Inc.' or any other successful bidder's (the "Buyer") ability or inability to comply with conditions for qualification as a substitute servicer in the GMACM Agreements and GMAC-RFC Agreements.**

**RESPONSE**: Subject to, and without waiving the foregoing General Objections that are incorporated herein by reference, the Debtors designate David Storper to testify about Topic 6.

**Topic 7:** Potential defaults under the APA, including, without limitation, defaults under the GMACM Agreements and GMAC-RFC Agreements in servicing, inability of Buyer to obtain the requisite licenses, failure to satisfy cure costs associated with the assumption and assignment of the GMACM Agreements and GMAC-RFC Agreements.

**RESPONSE:** The Debtors object to this Topic to the extent it is vague, ambiguous and calls for a legal conclusion. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Robert Love to testify about Topic 7.

**Topic 8:** The Cure Amount and the Cure Escrow Agreement (as those terms are defined in the APA.

**RESPONSE:** The Debtors object to this Topic to the extent it is vague, ambiguous and calls for a legal conclusion. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Robert Love and Eugene Weil to testify about Topic 8.

**Topic 9:** The schedule associated with the closing of the sale, including the Initial Closing (as defined in the APA), the obtaining necessary consents under the APA, the nature of the consents required under the APA, the Final Closing Date (as defined in the APA), and any extensions of dates permitted under the APA.

**RESPONSE:** Subject to, and without waiving the General Objections that are incorporated herein by reference, the Debtors designate Eugene Weil to testify about Topic 9.

Dated: Wilmington, Delaware
       October 9, 2007

                        YOUNG CONAWAY STARGATT & TAYLOR, LLP

                        */s/ John T. Dorsey*

                        James L. Patton, Jr. (No. 2202)
                        Robert S. Brady (No. 2847)
                        John T. Dorsey (No. 2988)
                        Sharon M. Zieg (No. 4196)
                        Sanjay Bhatnagar (No. 4829)
                        The Brandywine Building
                        1000 West Street, 17th Floor
                        Wilmington, Delaware 19801
                        Telephone: (302) 571-6600
                        Facsimile: (302) 571-1253

                        Counsel for Debtors and Debtors in Possession