IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------- x
In re:                                                         :    Chapter 11
                                                               :
AMERICAN HOME MORTGAGE                                         :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,¹               :
                                                               :    Jointly Administered
                          Debtors.                             :
                                                               :    Docket Ref Nos. 937 and 1332
                                                               :
                                                               :
-------------------------------------------------------------- x
```

### DEBTORS' RESPONSES AND OBJECTIONS TO
### THE BANK OF NEW YORK'S CROSS-NOTICE OF DEPOSITION OF
### MILESTONE ADVISORS, LLC PURSUANT TO FED.R.CIV.P. 30(b)(6)

The above captioned debtors and debtors in possession (collectively, the "Debtors")

object and respond to The Bank of New York's ("BNY") Notice of 30(b)(6) Deposition (the

"Deposition Notice") issued to Milestone Advisors, LLC ("Milestone") as follows:

### General Objections and Limitations

1.       Debtors note that BNY's attempt to notice the deposition of Milestone

pursuant to Fed. R. Civ. P. 30(b)(6) is invalid and inappropriate as Milestone is not a party to the

Debtors' bankruptcy proceeding. Moreover, many of the topic areas requested of Milestone are

well outside the scope of Milestone's knowledge. Debtors, therefore, object to BNY's attempt to

conduct a 30(b)(6) deposition of Milestone. For purposes of these responses, Debtors, will raise

---

¹    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number,
are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment
Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM
Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a
Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558);
American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.
("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,
Texas 75063.

all appropriate objections and identify persons to testify about certain topics as if the Deposition

Notice was directed to Debtors.

        2.        Debtors object to the definitions and instructions set forth in the

Deposition Notice, and the Deposition Notice itself, to the extent it seeks to impose obligations

on Debtors greater than, more extensive than, or more burdensome than those required by the

Federal Rules of Civil Procedure.

        3.        Debtors object to the Deposition Notice to the extent the topics for

examination are duplicative.

        4.        Debtors object to the Deposition Notice to the extent the topics for

examination call for testimony subject to the attorney-client privilege, the attorney work-product

doctrine, or any other applicable privileges.

        5.        Debtors object to the Deposition Notice to the extent the topics for

examination are vague and ambiguous.

        6.        Debtors object to the Deposition Notice to the extent that the topics for

examination seek testimony which is not relevant to the subject matter of this action nor

reasonably calculated to lead to the discovery of admissible evidence.

        7.        Debtors object to the Deposition Notice to the extent that the topics do not

include a temporal limitation which reasonably limits the information sought to the relevant time

period.

        8.        Debtors object to the Deposition Notice to the extent it seeks information

which is not within the possession, custody, or control of Debtors.

        9.        Debtors object to the Deposition Notice to the extent it seeks testimony on

subject matter that is not known or reasonably available to Debtors.

DB02:6288696.1        066585.1001

10.    Debtors object to the Deposition Notice to the extent it seeks testimony on subject matter that is improper at this phase in litigation.

11.    Debtors object to the Deposition Notice to the extent it seeks expert testimony or opinion.

12.    Debtors object to the Deposition Notice to the extent it seeks a legal conclusion.

13.    The Debtors object to the Deposition Notice to the extent it calls for the disclosure of confidential business information, confidential settlement information, or documents subject to confidentiality agreements with third parties.

14.    The Debtors object to the Deposition Notice to the extent it calls for testimony concerning assumptions of law or fact, which the Debtors neither admit or deny.  The provision of any response or answer may not be construed as, and is not an admission to any of the facts or legal assumptions stated in any such request.  Nothing in the Debtors' responses should be construed as an admission regarding the admissibility or relevance of any fact or document or the truth or accuracy of any characterization of any kind contained in the Notice of Deposition.

15.    The Debtors object to the Notice of Deposition to the extent that any portion thereof seeks testimony or information that is equally accessible and available to BNY or that is already in their possession, custody, or control, or available as a matter of public record, on the grounds that providing such information will impose an unnecessary burden upon the Debtors.

16.    The Debtors' decision to provide responses notwithstanding the objectionable nature of any portion of the Notice of Deposition should not be construed as a

DB02:6288696.1    066585.1001

waiver of any of the general or specific objections, or a waiver of the Debtors' right to seek a protective order.

17.    The objections, responses, and answers herein are made without waiver of and with specific preservation of: (i) questions and objections as to competence, relevance, materiality, privilege, and admissibility; (ii) the right to object to the use of any objection, response or answer, or any testimony, in whole or in part, on any ground; (iii) the right to object on any ground at any time to a demand for further productions, responses, testimony, or answering involving or relating to the subject matter of the Notice of Deposition; (iv) the right at any time to revise, correct, add to, or clarify any of the objections, responses, and answers propounded herein; and (v) the right to move for an appropriate protective order.

18.    The Debtors expressly reserve the right to amend these General Objections and Specific Objections (as defined below), including any portion thereof, for any reason.

19.    These general objections and limitations (the "General Objections") are specifically incorporated by reference into the following specific objections and responses to topics (the "Specific Objections"), and an objection or response by the Debtors to any topic identified below is made without waiver of, and subject to, these General Objections and Reservations of Rights.

### Specific Objections and Responses

**Topic 1:**    **AH Mortgage Acquisition Co., Inc. ("AHMAC")'s qualification as an entity able to service mortgage loans on behalf of Fannie Mae or Freddie Mac, including but not limited to any and all licenses that have already been obtained or steps that have been taken with the appropriate government agencies in furtherance of obtaining appropriate qualification.**

**RESPONSE:** The Debtors object to this Topic to the extent it calls for a legal conclusion.  Subject to, and without waiving the foregoing Specific Objections and General

4

such that they will not reduce their ratings on the 2004-4 Notes as a result of the change in servicer and any information that was supplied to each of the Rating Agencies to establish that AHMAC should receive the same credit rating as AHM Servicing as well as any communication received from the Rating Agencies in response to said request.

**RESPONSE**: The Debtors object to this Topic to the extent it is overbroad, vague, and ambiguous. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference the Debtors designate Robert Love to testify about Topic 4.

**Topic 5:**    **AHMAC's independent status, as it is defined in section 12.04 of the servicing agreements related to the 2006-6 Certificates and the 2009-9 Certificates.**

**RESPONSE:** The Debtors also object to this Topic to the extent it calls for a legal conclusion. The Debtors further object to this Topic to the extent it is overbroad, vague, and ambiguous. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate David Storper to testify about Topic 5.

**Topic 6:**    **The Debtors' evaluation of AHMAC's servicing facilities, including but not limited to information obtained regarding the size of each facility and whether each can house the AHM Servicing business.**

**RESPONSE:** The Debtors object to this Topic to the extent it calls for testimony subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges. The Debtors further object to this Topic to the extent it is overbroad, vague, and ambiguous. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference the Debtors designate Robert Love to testify about Topic 6.

6

Objections that are incorporated herein by reference, the Debtors designate David Storper to testify about Topic 1.

**Topic 2:**     **AHMAC's willingness to service the mortgage loans related to the 2004-4 Notes and HELOC mortgage loans, including but not limited to information or expressions of intent made during negotiation of the Asset Purchase Agreement[2] by AHMAC to Milestone or the Debtors related to this point.**
**RESPONSE:** The Debtors object to this Topic to the extent it (a) is vague and ambiguous and (b) calls for testimony subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate David Storper to testify about Topic 2.

**Topic 3:**     **AHMAC's willingness to maintain in force a policy of insurance covering errors and omissions in the performance of its obligations as RMBS Master Servicer and/or HELOC Subservicer in accordance with the agreements related to the 2004-4 Notes as well as a fidelity bond in respect of its officers, employee and agents, including but not limited to steps that have been taken, fees that have been paid and forms that have been completed in furtherance of obtaining such insurance policy and fidelity bond.**

**RESPONSE:** The Debtors object to this Topic to the extent it (a) is vague and ambiguous and (b) calls for testimony subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate David Storper to testify about Topic 3.

**Topic 4:**     **The Debtors' requests to relevant Rating Agencies regarding the required letter stating that AHMAC is satisfactory to the relevant Rating Agencies**

---

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in BNY's Limited Objection and Reservation of Rights to the Emergency Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving he Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (Dock No. 826).

**Topic 7:**   **All information gathered by the Debtors during negotiations with AHMAC regarding AHMAC's plan to effectively to take over AHM Servicing's duties, including but not limited to steps taken by AHMAC to execute said plan.**

**RESPONSE:** The Debtors object to this Topic to the extent it (a) is overbroad and vague and (b) calls for testimony subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Eugene Weil to testify about Topic 7.

**Topic 8:**   **All information gathered by the Debtors during negotiations with AHMAC regarding AHMAC's personnel, and what steps AHMAC has take to demonstrate the adequacy of said personnel to conduct the business of AHM Servicing or to increase the number of personnel in order to conduct the business of AHM Servicing.**

**RESPONSE:** The Debtors object to this Topic to the extent it (a) is overbroad, vague, and ambiguous and (b) calls for testimony subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Eugene Weil to testify about Topic 8.

**Topic 9:**   **All information gathered by the Debtors during negotiations with AHMAC regarding AHMAC's records and procedures regarding the servicing of mortgage loans.**

**RESPONSE:** The Debtors object to this Topic to the extent it (a) is overbroad and vague and (b) calls for testimony subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Eugene Weil to testify about Topic 9.

**Topic 10:**   **All information gathered by the Debtors during negotiations with AHMAC regarding AHMAC's integrity and reputation in the mortgage loan servicing**

**industry including but not limited to information gathered from other parties.**

**RESPONSE:** The Debtors object to this Topic to the extent it (a) is overbroad and vague and (b) calls for testimony subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Eugene Weil to testify about Topic 10.

**Topic 11:**    **All information gathered by the Debtors during negotiations with AHMAC regarding AHMAC's current financial standing including but not limited to pro forma balance sheets, income projections and cash flow statements.**

**RESPONSE:** The Debtors object to this Topic to the extent it (a) is overbroad and vague and (b) calls for testimony subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Eugene Weil to testify about Topic 11.

Dated:    Wilmington, Delaware
          October 9, 2007

                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

                    James L. Patton, Jr. (No. 2202)
                    Robert S. Brady (No. 2847)
                    John T. Dorsey (No. 2988 )
                    Sharon M. Zieg (No. 4196)
                    Sanjay Bhatnagar (No. 4829)
                    The Brandywine Building
                    1000 West Street, 17th Floor
                    Wilmington, Delaware 19801
                    Telephone: (302) 571-6600
                    Facsimile: (302) 571-1253

                    Counsel for Debtors and Debtors in Possession

8