IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :   Chapter 11 Case No.
                                                             :
AMERICAN HOME MORTGAGE                                       :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,              :
                                                             :   Jointly Administered
                    Debtors.                                 :
                                                             :   Docket Ref. Nos. 937 and 1109

## DEBTORS' RESPONSES AND OBJECTIONS TO DB STRUCTURED PRODUCTS, INC.'S NOTICE OF 30(B)(6) DEPOSITION

The above captioned debtors and debtors in possession (collectively, the "Debtors") hereby objects and responds to DB Structured Products Inc.'s ("DBSP") Notice of 30(b)(6) Deposition (the "Deposition Notice") as follows:

### General Objections and Limitations

1. Debtors object to the definitions and instructions set forth in the Deposition Notice, and the Deposition Notice itself, to the extent it seeks to impose obligations on Debtors greater than, more extensive than, or more burdensome than those required by the Federal Rules of Civil Procedure.

2. Debtors object to the Deposition Notice to the extent the topics for examination are duplicative.

3. Debtors object to the Deposition Notice to the extent the topics for examination call for testimony subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges.

4. Debtors object to the Deposition Notice to the extent the topics for examination are vague and ambiguous.

5. Debtors object to the Deposition Notice to the extent that the topics for examination seek testimony which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Debtors object to the Deposition Notice to the extent that the topics do not include a temporal limitation which reasonably limits the information sought to the relevant time period.

7. Debtors object to the Deposition Notice to the extent it seeks information which is not within the possession, custody, or control of Debtors.

8. Debtors object to the Deposition Notice to the extent it seeks testimony on subject matter that is not known or reasonably available to Debtors.

9. Debtors object to the Deposition Notice to the extent it seeks testimony on subject matter that is improper at this phase in litigation.

10. Debtors object to the Deposition Notice to the extent it seeks expert testimony or opinion.

11. Debtors object to the Deposition Notice to the extent it seeks a legal conclusion.

12. The Debtors object to the Deposition Notice to the extent it calls for the disclosure of confidential business information, confidential settlement information, or documents subject to confidentiality agreements with third parties.

13. The Debtors object to the Deposition Notice to the extent it calls for testimony concerning assumptions of law or fact, which the Debtors neither admit or deny. The provision of any response or answer may not be construed as, and is not an admission to any of the facts or legal assumptions stated in any such request. Nothing in the Debtors' responses should be construed as an admission regarding the admissibility or relevance of any fact or

document or the truth or accuracy of any characterization of any kind contained in the Notice of Deposition.

14. The Debtors object to the Notice of Deposition to the extent that any portion thereof seeks testimony or information that is equally accessible and available to DBSP or that is already in their possession, custody, or control, or available as a matter of public record, on the grounds that providing such information will impose an unnecessary burden upon the Debtors.

15. The Debtors' decision to provide responses notwithstanding the objectionable nature of any portion of the Notice of Deposition should not be construed as a waiver of any of the general or specific objections, or a waiver of the Debtors' right to seek a protective order.

16. The objections, responses, and answers herein are made without waiver of and with specific preservation of: (i) questions and objections as to competence, relevance, materiality, privilege, and admissibility; (ii) the right to object to the use of any objection, response or answer, or any testimony, in whole or in part, on any ground; (iii) the right to object on any ground at any time to a demand for further productions, responses, testimony, or answering involving or relating to the subject matter of the Notice of Deposition; (iv) the right at any time to revise, correct, add to, or clarify any of the objections, responses, and answers propounded herein; and (v) the right to move for an appropriate protective order.

17. The Debtors expressly reserve the right to amend these General Objections and Specific Objections (as defined below), including any portion thereof, for any reason.

18. These general objections and limitations (the "General Objections") are specifically incorporated by reference into the following specific objections and responses to topics (the "Specific Objections"), and an objection or response by the Debtors to any topic

identified below is made without waiver of, and subject to, these General Objections and Reservations of Rights.

## Specific Objections and Responses to Topics

**Topic 1.** All documents that the Debtors intend to offer into evidence, or otherwise rely upon, at the Sale Hearing.

**RESPONSE:** The Debtors object to this Topic to the extent it is overbroad, vague and ambiguous. Debtors also object to this Topic as more properly designated as a request for production of documents. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Robert Love, Robert Johnson, and Eugene Weil to testify about Topic 1.

**Topic 2.** The facts upon which the Debtors intend to rely at the Sale Hearing to support the Sale Motion.

**RESPONSE:** The Debtors object to this Topic to the extent it is overbroad, vague and ambiguous. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Robert Love, Robert Johnson, Eugene Weil, and David Stopler to testify about Topic 2.

**Topic 3.** Debtors' contention, contained in the August 27, 2007 *Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, And Executory Contracts; and (II) Proposed Cure Obligations, If Any* [Doc. No. 403] that the "Proposed Cure Amount" (as defined therein) for the Agreement is $0.00.

**RESPONSE:** The Debtors object to this Topic to the extent it seeks a legal conclusion. The Debtors further object to this Topic to the extent it calls for testimony subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Robert Love to testify about Topic 3.

**Topic 4.**     **Debtors' contention, reflected, among other places, in paragraph J of the Proposed Sale Approval Order, that the servicing provisions of the Agreement are "severable" from the other portions of the Agreement and can be separately assumed and assigned.**

**RESPONSE:** The Debtors object to this Topic to the extent it calls for testimony subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges. The Debtors also object to this Topic to the extent it seeks a legal conclusion. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Robert Love and Robert Johnson to testify about Topic 4.

**Topic 5.**     **The negotiation of the Agreement.**

**RESPONSE:** The Debtors object to this Topic to the extent it calls for testimony subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Robert Love and Robert Johnson to testify about Topic 5.

Wilmington, Delaware
October 10, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ John Dorsey_

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
John T. Dorsey (No. 2988)
Sharon M. Zieg (No. 4196)
Sanjay Bhatnagar (No. 4829)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession