## EXHIBIT B

### Incurable Default Objections

| Objecting Party | Docket No(s). |
|---|---|
| DB Structured Products, Inc. | 675 & 1108 |
| Citibank, N.A. | 723, 724 & 1047 |
| Connecticut Housing Finance Authority | 813 |
| GMAC Mortgage LLC | 857 & 1071 |

## EXHIBIT C

## Cure Objections

| Objecting Party | Docket No(s). |
|---|---|
| Countrywide Bank, FSB | 614 & 1056 |
| DB Structured Products, Inc. | 675 & 1108 |
| Fannie Mae | 716, 717 & 1043 |
| Financial Guaranty Insurance Company | 718 & 1036 |
| Citibank, N.A. | 723, 724 & 1047 |
| EMC Mortgage Corp. | 850 & 1057 |
| Connecticut Housing Finance Authority | 813 |
| Wells Fargo, Bank N.A. | 824 & 1053 |
| The Bank of New York | 826 |
| UBS Real Estate Securities Inc. | 828 & 1029 |
| Deutsche Bank National Trust Company | 800 & 832 |
| U.S. Bank, N.A. | 836, 1067 & 1117 |
| CIFG Assurance North America, Inc. | 838 |
| HSI Asset Securitization Corp. and HSBC Bank, USA, N.A. | 840 & 1113 |
| Goldman Sach Mortgage Company and GS Mortgage Securities Corp. | 845 & 1118 |
| Morgan Stanley Mortgage Capital Holdings LLC | 849 |
| Wells Fargo Funding, Inc. | 851 & 1052 |
| GMAC Mortgage LLC | 857 & 1071 |
| Assurance Guaranty Corp. | 1065 |

## EXHIBIT D

### Anti-Assignment Objections

| Objecting Party | Docket No(s). |
|---|---|
| Financial Guaranty Insurance Company | 718 & 1036 |
| JPMorgan Chase Bank, N.A. | 730 & 1048 |
| CitiMortgage, Inc. | 740, 855 & 1056 |
| Connecticut Housing Finance Authority | 813 |
| Deutsche Bank National Trust Company | 800 & 832 |
| U.S. Bank, N.A. | 836, 1067 & 1117 |
| GMAC Mortgage LLC | 857 & 1071 |
| Residential Funding Company, LLC | 859 & 1061 |

## EXHIBIT E

## Adequate Assurance Objections

| Objecting Party | Docket No(s). |
|---|---|
| DB Structured Products, Inc. | 675 & 1108 |
| Financial Guaranty Insurance Company | 718 & 1036 |
| Citibank, N.A. | 723, 724 & 1047 |
| JP Morgan Chase Bank, N.A. | 730 & 1048 |
| CitiMortgage, Inc. | 740, 855 & 1056 |
| Wells Fargo Bank, N.A. | 824 & 1053 |
| The Bank of New York | 826 |
| Duke University Federal Credit Union | 831 |
| Deutsche Bank National Trust Company | 800 & 832 |
| U.S. Bank, N.A. | 836, 1067 & 1117 |
| CIFG Assurance North America, Inc. | 838 |
| Goldman Sach Mortgage Company and GS Mortgage Securities Corp. | 845 & 1118 |
| Morgan Stanley Mortgage Capital Holdings LLC | 849 |
| Wells Fargo Funding, Inc. | 851 & 1052 |
| GMAC Mortgage LLC | 857 & 1071 |
| Assurance Guaranty Corp. | 1065 |

## EXHIBIT F

Termination Objections

| Objecting Party | Docket No(s). | Date of Alleged Termination |
|---|---|---|
| Countrywide Bank, FSB | 614 & 1056 | September 2, 2007 |
| DB Structured Products, Inc. | 675 & 1108 | August 1, 2007 |
| Financial Guaranty Insurance Company | 718 & 1036 | August 2, 2007[*] |
| EMC Mortgage Corp. | 850 & 1057 | August 14, 2007[†] |
| Deutsche Bank National Trust Company | 800 & 832 | August 2, 2007 |
| Wells Fargo Bank, N.A. | 824 & 1053 | August 2, 2007[*] |
| U.S. Bank, N.A. | 836, 1067 & 1117 | August 2, 2007[*] |
| GMAC Mortgage LLC | 857 & 1071 | August 2, 2007[*] |
| Residential Funding Company, LLC | 859 & 1061 | August 31, 2007 |

---

[*] Limited Objection that the HELOC Servicing Agreements dated March 23, 2005, June 22, 2005 and October 7, 2005, were terminated by GMAC Mortgage LLC at the direction of Financial Guaranty Insurance Co.

[†] Termination alleged with respect to the Purchase, Warranties and Servicing Agreement dated as of March 1, 2006 and the related Term Sheets dated March 30, 2006 and June 29, 2007.

**EXHIBIT G**

**Non-Servicing Related Objections**

| Objecting Party | Docket No(s). | Relationship | Nature of Objection | Status/Proposed Resolution |
|---|---|---|---|---|
| Tuscaloosa County, Alabama | 615 | Taxing Authority | Tuscaloosa County asserts a security interest in the assets of the Sale in connection with 2007 ad valorem taxes, in an amount of $1,430.67. | This objection has been resolved. Pursuant to paragraph 3 of the proposed Sale Order, such interests "attach to the proceeds of the Sale ultimately attributable to the property against or in which the holder of an Interest claims or may claim an Interest, in the order of their priority, with the same validity, force, and effect which they now have, subject to any claims and defenses the Sellers may possess with respect thereto." |
| De Lage Landen Financial Services, Inc. | 660 841 1041 | Equipment Lessor | DLL objects to the description of the equipment as insufficient to determine which equipment leases are subject to the Sale. The Debtors do not own, and cannot convey title to, any potential buyer. DLL reserves its right to object to any attempted | The Debtors have provided DLL with a list of equipment serial numbers that are subject to lease assignment in the Sale. The Debtors are working on a global resolution with DLL that |

## Exhibit G - Non-Servicing Related Objections, cont.

| Objecting Party | Docket No(s). | Relationship | Nature of Objection | Status/Proposed Resolution |
|---|---|---|---|---|
| FNC, Inc. | 720 | Software Vendor | Sale of its leased equipment.<br><br>DLL proposes various cure amounts depending on the equipment leases to be assigned.<br><br>FNC objects to an assignment of its non-exclusive software license without FNC's express written consent.<br><br>FNC will withhold consent unless provided adequate assurance (i) that the acquirer/assignee is financially capable of completing the terms of the Agreement and (ii) that FNC finds the adequate assurance to be satisfactory.<br><br>To assume and assign, the Debtors must release FNC from any and all avoidance actions that they may have or claim to have against FNC.<br><br>FNC proposes a cure amount in | they believe will resolve this Objection.<br><br>The Debtors are working with FNC to reach a resolution of this matter. To the extent that a resolution is not reached, the Debtors will not seek to assume and assign or otherwise transfer any agreement with FNC in connection with the Sale of the Servicing Business.<br><br>To the extent that FNC contends that the Debtors must reject the FNC agreement within ten (10) days, the Debtors submit that FNC must file a motion to compel assumption or assignment of the agreement. |

## Exhibit G - Non-Servicing Related Objections, cont.

| Objecting Party | Docket No(s). | Relationship | Nature of Objection | Status/Proposed Resolution |
|---|---|---|---|---|
| | | | excess of $496,579.35. | |
| Iron Mountain Information Management, Inc. | 815 | Document Storage Vendor | If the agreement is not assumed, FNC asserts that the Debtors should be required to reject the agreement within ten (10) days. | |
| | | | The Modified Notice fails to identify which of the contracts that the Debtors seek to assume and assign. Iron Mountain attached 9 of 14 contracts. | Schedule 2.1(b)(i) of the APA identifies only one contract in which the Debtors intend to assume and assign, namely the Customer Agreement, dated as of November 1, 2001, by and between Iron Mountain and Columbia National, Inc. (the "IM Agreement"). |
| | | | Iron Mountain asserts a cure payment of $93,081.48, inclusive of attorneys' fees. | Iron Mountain and the Debtors have agreed to a cure amount of $1,122.86. |
| Security Connections, Inc. | 823 1046 | Processing Vendor | SCI supports the proposed Sale to the stalking horse. | The Debtors are working with SCI to reach a resolution of this objection. |
| | | | SCI proposes a cure amount of $228,819.55, plus a one-month prepayment of $130,000. | |

c

Exhibit G - Non-Servicing Related Objections, cont.

| Objecting Party | Docket No(s). | Relationship | Nature of Objection | Status/Proposed Resolution |
|---|---|---|---|---|
| | | | In the event that the Agreement is assumed and assigned to the Purchaser, and the appropriate cure amount is paid, the SCI states that the objection will be moot. | |
| Experian Information Solutions, Inc. | 825 | Marketing & Monitoring Vendor | EIS proposes a cure amount of $43,430.83. | The Purchaser and the Debtors have determined that the agreement subject to this objection will not be assumed and assigned or otherwise transferred in connection with the Sale of the Servicing Business. Accordingly, this objection is moot. |
| Qwest Communications Corp. | 829 1066 | Communications Vendor | Qwest asserts that the Debtors erroneously listed only one Amendment to the larger Qwest Total Advantage™ Agreement — Option Z. Qwest asserts that the entire agreement, including twelve amendments, should be assigned. Qwest proposes a cure amount of approximately $672,000.00. | Any and all agreements in which Qwest was a party were not included in Schedules 2.1(b)(i) and 2.1(b)(ii) of the APA. Therefore, the Debtors do not seek to assume and assign or otherwise transfer such agreements in connection with the Sale of their Servicing Business. |

d

Exhibit G - Non-Servicing Related Objections, cont.

| Objecting Party | Docket No(s). | Relationship | Nature of Objection | Status/Proposed Resolution |
|---|---|---|---|---|
| | | | Qwest asserts that the proposed order approving the Sale fails to provide for payment obligations that accrue, but are not yet payable, prior to the Initial Closing. | Accordingly, this objection is moot. |
| | | | Qwest further asserts that the Debtors may not be entitled to relief under section 363(k) of the Bankruptcy Code. | |
| ZC Real Estate Tax Solutions | 830<br>1115 | Tax Services Vendor | ZC proposes a cure amount consisting of (a) $1,125,804.15 on account of prepetition invoices; (b) no less than $42,015.69 for outstanding postpetition services; (c) any additional amounts accruing up to the closing of the Sale, but not otherwise paid by the Debtors in the ordinary course; and (d) attorneys' fees of approximately $46,332.54. | The Debtors confirm that $1,125,804.15 is due for prepetition services.<br><br>All postpetition obligations have been paid or will be paid at the time of closing in the ordinary course of their business. The Debtors are working with counsel for ZC with respect to these amounts and applicable attorneys' fees. |
| | | | The description of ZC's tax servicing agreement included in the Debtors' Modified Notice | |

e

Exhibit G - Non-Servicing Related Objections, cont.

| Objecting Party | Docket No(s). | Relationship | Nature of Objection | Status/Proposed Resolution |
|---|---|---|---|---|
| | | | should be "to perform certain services for the management and administration of the Debtors' real estate tax management and payment obligations for present and future real estate loans owned, serviced, or sub-serviced by Debtors." | |
| | | | ZC wants the Court to require that the Debtors assume and assign the Tax Servicing Agreement in its entirety and require that any assignee be bound by all the terms, provisions and obligations under such agreement. | |
| Travis County, Texas | 911 | Taxing Authority | Travis County, for and on behalf of various taxing authorities, hold a statutory lien against the Debtors' personal property. Travis County *et al.* claims an interest in the proceeds of the Sale of the personal property. | Pursuant to paragraph 3 of the proposed Sale Order, such interests "attach to the proceeds of the Sale ultimately attributable to the property against or in which the holder of an Interest claims or may claim an Interest, in the order of their priority, with the same validity, force, and effect which they now have, subject to any claims and defenses the Sellers may possess with respect |

f

Exhibit G - Non-Servicing Related Objections, cont.

| Objecting Party | Docket No(s). | Relationship | Nature of Objection | Status/Proposed Resolution |
|---|---|---|---|---|
| Banc of America Leasing & Capital, LLC | 995, 1051 | Equipment Lessor | Banc of America Leasing objects to the description of the equipment as insufficient to determine which equipment leases are subject to the Sale. | The Debtors have provided Banc of America Leasing with a list of equipment serial numbers that are subject to lease assignment in the Sale. |
| | | | Respondent objects to "zero" cure amount, but does not propose an alternative amount. | The Debtors are working with Banc of America Leasing to determine an appropriate cure amount. |
| United States Trustee | 1060 | Office of the United States Trustee | The United States Trustee asserts that the Sale Order should acknowledge that, to the extent that the Debtors propose to sell any interests in either consumer credit transactions that are subject to TILA or interests in consumer credit contracts, the Sale will not be free and clear of such claims and defenses that are related to the consumer credit transaction subject to TILA or the consumer credit contract in accordance with section 363(o) of the Bankruptcy | The Debtors submit that the proposed language is redundant of section 363(o) of the Bankruptcy Code; however, the Debtors will attempt to work with the United States Trustee to resolve this objection. |

8

## Exhibit G - Non-Servicing Related Objections, cont.

| Objecting Party | Docket No(s). | Relationship | Nature of Objection | Status/Proposed Resolution |
|---|---|---|---|---|
| MERS | 1062 | Vendor | Code. | |
| | | | MERS asserts that, pursuant to the MERS terms and conditions, the Debtors are required to pay certain fees relating to the transfer or de-registration of mortgage loans sold pursuant to the Sale. | The Debtors submit that no loans are being sold pursuant to the Sale of the Debtors' Servicing Business. |
| | | | MERS asserts that the Sale Order should provide that the Debtors are obligated to pay the fees out of the proceeds of the Sale immediately after such proceeds are received. | The Debtors intend to honor any and all fees incurred in connection with the terms and conditions of the MERS membership agreements. |
| | | | If AH Acquisition is not a MERS member, the Sale Order should also provide that the Sale cannot close until such time as (i) the proposed purchaser becomes a MERS member or (ii) all of the affected mortgage loans are de-registered from the MERS System and MERS is removed as the mortgagee of record. | |

h

Exhibit G - Non-Servicing Related Objections, cont.

| Objecting Party | Docket No(s). | Relationship | Nature of Objection | Status/Proposed Resolution |
|---|---|---|---|---|
| DRI Management Systems, Inc. | Informal | Software Vendor | DRI proposes a cure amount of $106,050.00 for the annual maintenance fee ($99,750) and for system training ($6,300). | All amounts owing to DRI have been paid, except for an invoice relating to the system training program in the amount of $5,712.28. |
| SoftLanding Systems, Inc. | Informal | Software Vendor | SoftLanding objects to its identification as "Softlanding Software." SoftLanding further objects to the assumption and/or assignment of its software license from Debtors to a prospective assignee in the absence of a mutually agreed-upon new license agreement or agreed-upon transfer payment. | The Purchaser and the Debtors have determined that the agreement subject to this objection will not be assumed and assigned or otherwise transferred in connection with the Sale of the Servicing Business. Accordingly, this objection is moot. |

i