## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., et al., | Case No. 07-11047 (CSS) (Jointly Administered) |
| Debtors. | **Re: Docket Nos. 11, 857, 859, 1061, 1071, 1216 & 1243** |

**EMERGENCY MOTION OF GMAC MORTGAGE LLC, FORMERLY KNOW AS GMAC MORTGAGE CORPORATION AND RESIDENTIAL FUNDING COMPANY LLC, FORMERLY KNOWN AS RESIDENTIAL FUNDING CORPORATION TO CONTINUE THE OCTOBER 15, 2007 HEARING REGARDING (I) THE EMERGENCY MOTION OF THE DEBTORS FOR ORDERS: (A)(1) APPROVING SALE PROCEDURES; (II) SCHEDULING A HEARING TO CONSIDER SALE OF CERTAIN ASSETS USED IN DEBTORS' LOAN SERVICING BUSINESS; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF AND (IV) GRANTING RELATED RELIEF; AND (B)(I) AUTHORIZING THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING PURCHASE AGREEMENT THERETO; (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (IV) GRANTING RELATED RELIEF AND (II) THE MODIFIED NOTICE OF (I) POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES, LICENSE AGREEMENTS, AND EXECUTORY CONTRACTS; AND (II) PROPOSED CURE OBLIGATIONS, IF ANY**

GMAC Mortgage LLC, formerly known as GMAC Mortgage Corporation ("GMACM") and Residential Funding Company LLC, formerly known as Residential Funding Corporation ("GMAC-RFC" and collectively with GMACM, the "GMAC Entities")[1], by and through their counsel, hereby submit this Emergency Motion of GMAC Mortgage LLC, Formerly Known as GMAC Mortgage Corporation and Residential Funding Company LLC, Formerly Known as

---

[1]    Deutsche Bank National Trust Company, Financial Guaranty Insurance Company, Assured Guaranty Corp., U.S. Bank National Association, and Deutsche Bank Trust Company Americas have represented to the GMAC Entities that they support the relief requested in this Motion and may be filing joinders to this Motion.

Residential Funding Corporation to Continue the October 15, 2007 Hearing Regarding (I) the

Emergency Motion Of The Debtors For Orders: (A)(1) Approving Sale Procedures; (II)

Scheduling A Hearing To Consider Sale Of Certain Assets Used In Debtors' Loan Servicing

Business; (III) Approving Form And Manner Of Notice Thereof And (IV) Granting Related

Relief; And (B)(I) Authorizing The Sale Of Such Assets Free And Clear Of Liens, Claims And

Encumbrances, And Other Interests; (II) Authorizing And Approving Purchase Agreement

Thereto; (III) Approving The Assumption And Assignment Of Certain Executory Contracts And

Unexpired Leases Related Thereto; And (IV) Granting Related Relief and (II) the Modified

Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and

Executory Contracts; and (II) Proposed Cure Obligations, If Any (the "Motion") and in support

thereof, the GMAC Entities state as follows:

## FACTUAL BACKGROUND

**A.      Procedural Background**

1.      On August 6, 2007 (the "Petition Date"), the Debtors each filed a  voluntary

petition for relief under chapter 11, title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*

(the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the

"Bankruptcy Court").  The Debtors have remained in possession of their property and have

continued to operate their businesses pursuant to Sections 1107 and 1108 of the Bankruptcy

Code.

2.      On August 6, 2007, the Debtors filed the Emergency Motion Of The Debtors For

Orders: (A)(1) Approving Sale Procedures; (II) Scheduling A Hearing To Consider Sale Of

Certain Assets Used In Debtors' Loan Servicing Business; (III) Approving Form And Manner Of

Notice Thereof And (IV) Granting Related Relief; And (B)(I) Authorizing The Sale Of Such

Assets Free And Clear Of Liens, Claims And Encumbrances, And Other Interests;
(II) Authorizing And Approving Purchase Agreement Thereto; (III) Approving The Assumption
And Assignment Of Certain Executory Contracts And Unexpired Leases Related Thereto; And
(IV) Granting Related Relief (the "Sale Motion") seeking an order of the Court that, *inter alia*,
authorizes the sale (the "Sale") of the Debtors' servicing business (the "Servicing Business") free
and clear of liens, claims, and encumbrances, approving the assumption and assignment of
certain executory contracts and unexpired leases (D.I. 11).

3.    On August 9, 2007, the Court entered the Order Approving (I) Sale Procedures;
(II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan
Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting
Related Relief (the "Sales Procedures Order") (D.I. 113).

4.    On August 27, 2007, the Debtors filed the Notice of (I) Possible Assumption and
Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed
Cure Obligations, If Any (D.I. 403).

5.    On September 10, 2007, the Debtors filed the Modified Notice of (I) Possible
Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts;
and (II) Proposed Cure Obligations, If Any (the "Modified Cure Notice") (D.I. 674).

6.    On September 14, 2007, the Debtors filed their second Notice of Rescheduled
Dates pursuant to which the objection deadline to the Sale Motion was extended and rescheduled
to October 1, 2007, the deadline for submission of bids for the Servicing Business was
rescheduled to October 2, 2007, the auction date was rescheduled to October 5, 2007, and the
sale hearing date was rescheduled to October 9, 2007 (D.I. 746).

7.    On September 20, 2007, GMACM filed its Objection of GMAC Mortgage LLC to Emergency Motion of the Debtors for Orders: (A)(1) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims and Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the "GMACM Objection") (D.I. 857).

8.    On September 20, 2007, GMAC-RFC filed its Objection to the Debtors' Proposed Cure Amounts In Connection With Emergency Motion Of The Debtors For Orders:  (A)(1) Approving Sale Procedures; (II) Scheduling A Hearing To Consider Sale Of Certain Assets Used In Debtors' Loan Servicing Business; (III) Approving Form And Manner Of Notice Thereof And (IV) Granting Related Relief; And (B)(I) Authorizing The Sale Of Such Assets Free And Clear Of Liens, Claims And Encumbrances, And Other Interests; (II) Authorizing And Approving Purchase Agreement Thereto; (III) Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases Related Thereto; And (IV) Granting Related Relief (the "GMAC-RFC Objection") (D.I. 859).

9.    On September 25, 2007, the Court entered the Order (A) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing That Certain Notices of Such Sale and Deadlines be Given; and (D) Authorizing, on an Interim Basis, the Debtors' to

Grant Certain Liens and Other Protections for the Purchaser's Collateral Effective After the Initial Closing (the "<u>Revised Sales Procedures Order</u>") (D.I. 937).

10.    On September 25, 2007, the Debtors filed the Notice of Filing of Executed Asset Purchase Agreement ("<u>APA</u>") (D.I. 931).

11.    On September 26, 2007, the Debtors filed the Notice of Entry of Order (A) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing That Certain Notices of Such Sale and Deadlines be Given; and (D) Authorizing, on an Interim Basis, the Debtors' to Grant Certain Liens and Other Protections for the Purchaser's Collateral Effective After the Initial Closing (D.I. 957), which set the deadline to object to the Sale Motion to October 2, 2007 at 4:00 p.m.

12.    On October 1, 2007, the Debtors filed the Motion for Leave to File Reply to the Objections to Emergency Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in The Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (D.I. 1023).

13.    On October 2, 2007, the Court entered the Order Granting Leave to File Reply to the Objections to Emergency Motion Of The Debtors For Orders: (A)(I) Approving Sale Procedures; (II) Scheduling A Hearing To Consider Sale Of Certain Assets Used In The Debtors' Loan Servicing Business; (III) Approving Form And Manner Of Notice Thereof; And

(IV) Granting Related Relief; And (B)(I) Authorizing The Sale Of Such Assets Free And Clear Of Liens, Claims, Encumbrances, And Other Interests; (II) Authorizing And Approving Purchase Agreement Thereto; (III) Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases Related Thereto; And (IV) Granting Related Relief. (D.I. 1045), which gave the Debtors and other interested parties until October 4, 2007 to file a reply to the objection filed to the Sale Motion.

14.    On October 2, 2007, GMACM filed its Supplemental Objection of GMAC Mortgage LLC to Emergency Motion of the Debtors for Orders: (A)(1) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims and Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the "GMACM Supplemental Objection") (D.I. 1071).

15.    On October 2, 2007, GMAC-RFC filed the Supplemental Objection of Residential Funding Company, LLC to Emergency Motion of the Debtors for Orders: (A)(1) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims and Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and

Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the "GMAC-RFC

Supplemental Objection") (D.I. 1061).

16.    On October 4, 2007, the Debtors filed the Notice of Cancellation of Auction (D.I.

1220) indicating that the sale hearing would be going forward on October 15, 2007 instead of

October 9, 2007 as previously noticed.  In the Notice of Cancellation of Auction, the Debtors

indicated that they intended to proceed to approve the sale to AH Mortgage Acquisition Co., Inc.

17.    On October 4, 2007, the Debtors filed the Notice of Agenda of Matters Scheduled

for Hearing on October 9, 2007 at 12:00 p.m. (ET) (D.I. 1174) indicating that the October 9,

2007 hearing on the Sale Motion was adjourned to October 15, 2007 and that their deadline to

file a reply to objections to the Sale Motion was extended until October 10, 2007 pursuant to

Local Rule 9006-1(d).

18.    The GMACM Agreements are defined and discussed in detail in the GMACM

Objection and GMACM Supplemental Objection, which are incorporated herein by reference.

19.    The GMAC-RFC Agreements are defined and discussed in detail in the GMAC-

RFC Objection and GMAC-RFC Supplemental Agreements, which are incorporated herein by

reference.

**B.    Depositions and Discovery**

20.    Prior to service of formal discovery, GMAC Entities' counsel attempted to

discuss a discovery and deposition schedule with Debtors' counsel to no avail.

21.    On October 4, 2007, the same day that the Debtors filed the Cancellation of

Auction Notice and designated the buyer that they intended to present to the Court as the highest

and best offer, the GMAC Entities filed and served the Notice of Deposition of American Home

Mortgage Holdings, Inc., *et al.*, Pursuant to Fed.R.Civ.P. 30(b)(6), as incorporated by

Fed.R.Bankr.P. 7030 (the "Notice of Deposition of Debtors") (D.I. 1243), which noticed a

deposition of the Debtors' Fed.R.Civ.P. 30(b)(6) witness for Friday, October 12, 2007 at 10:00

a.m. at the offices of Reed Smith LLP in Wilmington, Delaware.

22.    On October 4, 2007, the same day that the Debtors filed the Cancellation of

Auction Notice and designated the buyer that they intended to present to the Court as the highest

and best offer, the GMAC Entities issued and properly served a subpoena pursuant to

Fed.R.Civ.P. 45, as incorporated by Fed.R.Bankr.P. 9016, and Notice Of Deposition Of

Milestone Advisors, LLC as Investment Bankers and Financial Advisors for American Home

Mortgage Holdings, Inc., *et al.*, Pursuant To Fed.R.Civ.P. 30(b)(6), as incorporated By

Fed.R.Bankr.P. 7030 on Milestone Advisors, LLC ("Milestone") (the "Milestone Subpoena" and

collectively with the Notice of Deposition of Debtors, the "Deposition Notices") (D.I. 1216),

which noticed a deposition of Milestone's Fed.R.Civ.P. 30(b)(6) witness for Friday, October 12,

2007 at 2:00 p.m. at the offices of Reed Smith LLP in Washington, D.C.

23.    On October 8, 2007, the Debtors, for the first time, disclosed to the GMAC

Entities the persons to be deposed and the discovery schedule. The Debtors scheduled (a) Robert

Love of AHM Servicing to be deposed on Wednesday, October 10, 2007, (b) Eugene Weil of

Milestone to be deposed on Thursday, October 11, 2007 at 9:00 a.m., (c) a representative of

AHM Corp. to be deposed on Thursday, October 11, 2007 at 11:00 a.m., and (d) James Aronoff,

the Debtors' expert witness, to be deposed on Friday, October 12, 2007 at 11:00 a.m.   All

depositions are scheduled to occur at the office of the Debtors' counsel in Delaware.

24.    On October 9, 2007, the Debtors circulated via electronic mail a deposition

schedule for the various witnesses. This schedule was primarily the same, but added the

deposition of David Storper on October 12, 2007 in New York, New York.

25.    On October 10, 2007, the Debtors filed objections and responses to the Deposition

Notices identifying the specific witnesses that would be testifying in response to the areas of

discovery defined by the GMAC Entities.  The specific areas of testimony for the witnesses was

not consistent with the areas identified verbally by the Debtors on October 9, 2007.

26.    As of the date of this Motion, the Debtors have not provided the GMAC Entities

with a copy of the expert's report or made the other disclosures regarding their expert as required

by Fed.R.Civ.P. 26(a)(2), as incorporated by Fed.R.Bankr.P. 7026.

## RELIEF REQUESTED

27.    The GMAC Entities request that the Court enter an order continuing the hearing

on the Sale Motion currently scheduled for October 15, 2007.

## ARGUMENT

28.    As the Court is aware, this sale involves a two-step closing process and a buyer

that is not a qualified servicer with Freddie Mac or Fannie Mae, is not a registered member of

MERS, is not licensed in any state to be a servicer and otherwise does not qualify as a servicer

under the GMACM Agreements or the GMAC-RFC Agreements.

29.    According the Sale Motion and the APA, the Debtors are attempting to assume

and assign only the servicing rights to the buyer regardless of whether the agreement relates to

obligations beyond mere servicing rights, attempting to alter contractual obligations through the

proposed sale, and attempting to assume and assign servicing rights that were terminated pre-

petition and pursuant to the Bankruptcy Code.

30.    At this point, the Debtors have not disclosed to GMACM or to GMAC-RFC such

things as whether their respective contracts will be assumed and assigned in their entirety or

what, if any, provisions the Debtors are seeking to exclude, alter, modify or otherwise not

assume and assign as part of the entire agreement or whether the Debtors consider their

respective agreements to be executory contracts.

      31.    The GMAC Entities have requested discovery on these and other issues, however,

the Debtors have asserted the position that they are not presenting witnesses for any issues

relating to the GMACM Agreements or the GMAC-RFC agreements that go beyond the

servicing portions of those agreements or the cure associated with just the servicing obligations

under those agreements.

      32.    Some of the legal issues that may have to be litigation at the Sale Hearing are:

(a) whether the termination notices were ineffective, (b) whether the specific agreements are

executory or not executory, (c) whether the agreements have to be assumed in their entirety or

whether the non-servicing obligations are severable from the servicing obligations, (d) which

provisions in any particular agreement are actually being assumed and assigned to the buyer,

(e) whether the provisions not being assumed and assigned to the buyer are material to the

agreement bargained for by the non-debtor counterparty; (f) whether the buyer can provide

adequate assurance of future performance as required under 11 U.S.C. § 365(b), and (g) the

actual cure amounts required to cure all defaults under the assumed and assigned agreements.

      33.    Based upon the extremely short discovery time table and the limited range of

testimony being presented by the Debtors, there has not been sufficient time to investigate these

issues and to develop the record necessary for the GMAC Entities to adequately assess and

litigate the issues involved in the sale of the Debtors servicing business.

      34.    In addition, during the first deposition which was conducted earlier today, Mr.

Love indicated that he was not the appropriate witness for at least two of the areas for which he

was designated as the most knowledgeable person.  His testimony revealed that he had not seen

the termination letters of the GMAC Entities and at least one other objecting party prior to his

preparation for his deposition.  In addition, he also testified that the person that was most

knowledgeable about those issues is not a person identified by the Debtors as a Rule 30(b)(6)

witness for the Deposition Notices.  Moreover, Mr. Love's testimony demonstrated that he did

not have sufficient knowledge to testify about cure issues or the Cure Escrow Agreement (as

defined in the APA), which was an area for which he was designated to testify.

35.    As stated above, depositions in this matter have started today and are continuing

through Friday, with the substantial likelihood that further depositions will be necessary

depending on the testimony given at the currently scheduled depositions.  For example, to

determine the accurate amount of cure costs associated with the assumption and assignment of a

servicing agreement, the GMAC Entities need to determine the existence of defaults under the

servicing and non-servicing aspects of the GMACM Agreements and the GMAC-RFC

Agreement.  The Debtors, however, have stated that the witnesses they are proffering for the

currently scheduled depositions will not testify on the existence of defaults for non-servicing

aspects of an agreement.

36.    Accordingly, absent a continuance of the Sale Hearing, the GMAC Entities

cannot accurately determine the extent of the cure costs due and owing under the agreements or

complete an investigation into the other terms and circumstances relating to the sale of the

Debtors' servicing business.

37.    Further, due to the Debtors' failure to disclose their retention of an expert and

their intention to rely on the testimony of an expert at the Sale Hearing until October 8, 2007, the

GMAC Entities are unable to complete meaningful discovery prior to the Sale Hearing because,

*inter alia*, the GMAC Entities have not had time to retain their own rebuttal expert or to obtain documents relating to the expert, his opinions, and the basis therefor.

38.     Consequently, the GMAC Entities, and other similarly situated with the GMAC Entities, would be severely prejudiced if required to proceed on the merits at the hearing on October 15, 2007.

39.     The Federal Rules of Bankruptcy Procedure provide that a party is entitled to take discovery in a contested matter.  Federal Rule of Bankruptcy Procedure 9014(c) incorporates most of the discovery rules which apply in adversary proceedings and further states that "[a]n entity that desires to perpetuate testimony may proceed in the same manner as provided in Rule 7027 for the taking of a deposition in an adversary proceeding."

40.     With the number of objections filed by various parties to the Sale Motion, including GMACM and GMAC-RFC, the Sale Motion is unquestionably a contested matter. Moreover, Deutshce Bank National Trust Company, Financial Guaranty Insurance Company, Assured Guaranty Corp., U.S. Bank National Association, and Deutsche Bank Trust Company Americas have represented to the GMAC Entities that they support the relief requested in and may be filing joinders to this Motion.

41.     Accordingly, the GMAC Entities request that the Court enter an order continuing the hearing on the Sale Motion currently scheduled for October 15, 2007 to a date that would allow the GMAC Entities to conduct the necessary discovery that they are entitled to under the Bankruptcy Rules.

WHEREFORE, the GMAC Entities respectfully request that this Court enter an order

continuing the October 15, 2007 hearing and granting GMAC Entities such other and further

relief that the Court deems just and proper.


Dated: October 10, 2007                        REED SMITH LLP
       Wilmington, Delaware

                                    By:    /s/ Kimberly E. C. Lawson
                                           Kimberly E. C. Lawson (No. 3966)
                                           1201 Market Street; Suite 1500
                                           Wilmington, DE 19801
                                           Telephone: (302) 778-7500
                                           Facsimile: (302) 778-7575
                                           E-mail: klawson@reedsmith.com

                                           and

                                           Robert P. Simons
                                           435 Sixth Avenue
                                           Pittsburgh, PA 15219
                                           Telephone: (412) 288-7294
                                           Facsimile: (412) 288-3063

                                           and

                                           Claudia Z. Springer
                                           2500 One Liberty Place
                                           1650 Market Street
                                           Philadelphia, PA 19103
                                           Telephone: (215) 851-8100
                                           Facsimile: (215) 851-1420

                                           Attorneys for GMAC Mortgage LLC and
                                           Residential Funding Company LLC