**EXHIBIT A**

8256 (11/91) Subpoena in a Case under the Bankruptcy Code

# United States Bankruptcy Court
## District of Delaware

In re American Home Mortgage Holdings, Inc., et al.,

Debtors.

To: Milestone Advisors, LLC
1775 Eye Street, NW
Suite 800
Washington, D.C. 20006

SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE

Case No. 07-11047 (CSS)
(Jointly Administered)

Chapter 11

**You are commanded** to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| Place: | COURTROOM: |
|---|---|
|  | DATE AND TIME: |

**You are commanded** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case. (See attachment – Exhibit A)

| Place: Young Conaway Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 | DATE AND TIME October 11, 2007 at 3:00 P.M. |
|---|---|

**You are commanded** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): (See attachment – Exhibit B)

| Place: J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, Delaware | DATE AND TIME October 10, 2007 at 3:00 P.M. |
|---|---|

**You are commanded** to permit inspection of the following premises at the date and time specified below.

| Premises | DATE AND TIME |
|---|---|

Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matter on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030 Fed.R.Bankr.P. See Rules 1018 and 9014, FedR.Bankr.P.

| ISSUING OFFICER'S SIGNATURE AND TITLE
*[signature]*
Trial Attorney | DATE
October 10, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:

Joseph J. McMahon, Jr., Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE<br>October 10, 2007 | PLACE<br>Wilmington, Delaware |
| SERVED ON (PRINT NAME)<br>M. Blake Cleary, Esquire | | MANNER OF SERVICE:<br>Electronic mail |
| SERVED BY (PRINT NAME)<br>Bonnie Anemone | | TITLE<br>Paralegal |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____October 10, 2007____
       DATE

_____
SIGNATURE OF SERVER

J. Caleb Boggs Federal Building, 844 King Street,
Suite 2207, Lockbox 35, Wilmington, Delaware 19801
ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **EXHIBIT A**

### AREAS OF INQUIRY

Pursuant to Federal Rule of Civil Procedure 30(b)(6) (as incorporated by Federal Rules of Bankruptcy Procedure 9014 and 7030), Milestone Advisors, LLC ("Milestone") should designate a person to testify on its behalf and advise the officer that issued this subpoena of the designee's identity. The designee should be prepared to testify regarding the following areas (Note: Capitalized terms have the same meaning ascribed to them in Exhibit B):

- The application of the Debtors for an order authorizing the employment and retention of Milestone as investment bankers and financial advisors for the Debtors;

- The negotiation and preparation of the engagement agreement appended as Exhibit B to the Debtors' application to employ Milestone;

- Milestone's pre-petition employment by the Debtors, the services which Milestone provided to the Debtors prior to the Petition Date, and Milestone's transactions with the Debtors prior to the Petition Date; and

- The documents identified on Exhibit B.

Please note that this list is not all-inclusive; the designee should be prepared to testify regarding all issues raised by the Debtors' application to employ Milestone in their bankruptcy cases.

## **EXHIBIT B – PRODUCTION OF DOCUMENTS**

### DEFINITIONS AND INSTRUCTIONS

A.     As used herein, the term "document" has the meaning as the term is used in Federal Rule of Civil Procedure 34 and includes (without limitation) electronic mail and other computer or electronic data. A draft or non-identical copy is a separate document within the meaning of this term.

B.     As used herein, the term "Milestone" refers to Milestone Advisors, LLC, its partners, members, officers, directors, employees, agents, subsidiaries, affiliates, and divisions.

C.     As used herein, the term "Debtors" refers to American Home Mortgage Investment Corp., its affiliates that filed for bankruptcy protection in the United States Bankruptcy Court for the District of Delaware on August 6, 2007, and their respective partners, members, officers, directors, employees, agents, affiliates, subsidiaries, and divisions.

D.     As used herein, the term "Petition Date" means August 6, 2007.

E.     As used herein, the phrase "Bankruptcy filing" refers to the filing of (a) voluntary petition(s) under the United States Bankruptcy Code.

F.     Pursuant to Federal Rule of Civil Procedure 45(d)(1) (as incorporated by Federal Rule of Bankruptcy Procedure 9016), documents should be produced as they are kept in the usual course of business, and organized and labeled to correspond with the categories of documents demanded below. Accordingly, whenever a document or group of documents is taken out of a file folder, file drawer, file box, or notebook, retrieved from an electronic medium, before the same is produced, please also produce a copy of the label on the file folder, file drawer, file box, or notebook and/or electronic medium from which the document or group of documents was removed.

1

G.  If any document required to produced was formerly in your possession, custody, or control and has been lost or destroyed, or otherwise disposed of, then you are requested to submit in lieu of any such document a written statement (i) describing in detail the nature of the document and its contents, (ii) identifying the person who prepared or authored the document and, if applicable, the person to whom the document was sent and indicated or blind copies, (iii) specifying the date on which the document was prepared or transmitted, and (iv) specifying, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the persons requesting and performing the destruction.

H.  If any document required to be produced is withheld on the basis of any claim of privilege or work product immunity, you are requested to submit in lieu of any such document the information required by Federal Rule of Civil Procedure 45(d)(2) (as incorporated by Federal Rule of Bankruptcy Procedure 9016).

I.  Unless otherwise specified, the documents covered by this demand include all documents that have come into existence or have been used since January 1, 2005 to the date of any response to this demand.

## DOCUMENTS TO BE PRODUCED

1. Any and all invoices and time records related to services which Milestone provided to the Debtors prior to the Petition Date.

2. Any and all engagement letters and/or other written agreements between Milestone and the Debtors.

3. Any documents reflecting communications between one or more of the Debtors' employees, agents, contractors and/or representatives and Milestone related or otherwise pertaining to the negotiation of Milestone's employment by the Debtors.

4. Any and all engagement letters and/or other written agreements between Milestone and any client(s) which Milestone currently represents or has represented in connection with a Bankruptcy filing, including copies of (i) the engagement letter and/or written agreement between Milestone and the client(s), (ii) the application to employ Milestone, (iii) any affidavit filed pursuant to Federal Rule of Bankruptcy Procedure 2014, and (iv) any statement filed pursuant to Federal Rule of Bankruptcy Procedure 2016.

5. Any and all documents evidencing Milestone's receipt of payments from the Debtors from May 1, 2007 through the present date (October 4, 2007).