IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :   Jointly Administered
                        Debtors.                                 :
                                                                 :   Docket Ref Nos. 937 and 1353
                                                                 :
                                                                 :
---------------------------------------------------------------- x

### DEBTORS' RESPONSES AND OBJECTIONS TO EMC MORTGAGE CORPORATION'S NOTICE OF 30(b)(6) DEPOSITION OF MILESTONE ADVISORS, LLC

The above captioned debtors and debtors in possession (collectively, the "Debtors") object and respond to EMC Mortgage Corporation's ("EMC") Notice of 30(b)(6) Deposition (the "Deposition Notice") issued to Milestone Advisors, LLC as follows:

### General Objections and Limitations

1. Debtors note that EMC's attempt to notice the deposition of Milestone pursuant to Federal Rule of Civil Procedure 30(b)(6) is invalid and inappropriate as Milestone is not a party to the Debtors bankruptcy proceeding. Moreover, many of the topic areas requested of Milestone are well outside the scope of Milestone's knowledge. Debtors, therefore, object to EMC's attempt to conduct a 30(b)(6) deposition of Milestone. For purposes of these responses,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Debtors will raise all appropriate objections and identify persons to testify about certain topics as if the Deposition Notice was directed to Debtors.

2. Debtors object to the definitions and instructions set forth in the Deposition Notice, and the Deposition Notice itself, to the extent it seeks to impose obligations on Debtors greater than, more extensive than, or more burdensome than those required by the Federal Rules of Civil Procedure.

3. Debtors object to the Deposition Notice to the extent the topics for examination are duplicative.

4. Debtors object to the Deposition Notice to the extent the topics for examination call for testimony subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges.

5. Debtors object to the Deposition Notice to the extent the topics for examination are vague and ambiguous.

6. Debtors object to the Deposition Notice to the extent that the topics for examination seek testimony which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7. Debtors object to the Deposition Notice to the extent that the topics do not include a temporal limitation which reasonably limits the information sought to the relevant time period.

8. Debtors object to the Deposition Notice to the extent it seeks information which is not within the possession, custody, or control of Debtors.

9. Debtors object to the Deposition Notice to the extent it seeks testimony on subject matter that is not known or reasonably available to Debtors.

10. Debtors object to the Deposition Notice to the extent it seeks testimony on subject matter that is improper at this phase in litigation.

11. Debtors object to the Deposition Notice to the extent it seeks expert testimony or opinion.

12. Debtors object to the Deposition Notice to the extent it seeks a legal conclusion.

13. The Debtors object to the Deposition Notice to the extent it calls for the disclosure of confidential business information, confidential settlement information, or documents subject to confidentiality agreements with third parties.

14. The Debtors object to the Deposition Notice to the extent it calls for testimony concerning assumptions of law or fact, which the Debtors neither admit nor deny. The provision of any response or answer may not be construed as, and is not an admission to any of the facts or legal assumptions stated in any such request. Nothing in the Debtors' responses should be construed as an admission regarding the admissibility or relevance of any fact or document or the truth or accuracy of any characterization of any kind contained in the Notice of Deposition.

15. The Debtors object to the Notice of Deposition to the extent that any portion thereof seeks testimony or information that is equally accessible and available to EMC or that is already in their possession, custody, or control, or available as a matter of public record, on the grounds that providing such information will impose an unnecessary burden upon the Debtors.

16. The Debtors' decision to provide responses notwithstanding the objectionable nature of any portion of the Notice of Deposition should not be construed as a

waiver of any of the general or specific objections, or a waiver of the Debtors' right to seek a protective order.

17. The objections, responses, and answers herein are made without waiver of and with specific preservation of: (i) questions and objections as to competence, relevance, materiality, privilege, and admissibility; (ii) the right to object to the use of any objection, response or answer, or any testimony, in whole or in part, on any ground; (iii) the right to object on any ground at any time to a demand for further productions, responses, testimony, or answering involving or relating to the subject matter of the Notice of Deposition; (iv) the right at any time to revise, correct, add to, or clarify any of the objections, responses, and answers propounded herein; and (v) the right to move for an appropriate protective order.

18. The Debtors expressly reserve the right to amend these General Objections and Specific Objections (as defined below), including any portion thereof, for any reason.

19. These general objections and limitations (the "General Objections") are specifically incorporated by reference into the following specific objections and responses to topics (the "Specific Objections"), and an objection or response by the Debtors to any topic identified below is made without waiver of, and subject to, these General Objections and Reservations of Rights.

## SPECIFIC OBJECTIONS

**Topic 1:** **AH Mortgage Acquisition Co., Inc. ("AHMAC")'s qualification as an entity to service mortgage loans on behalf of Fannie Mae or Freddie Mac, including but not limited to any and all licenses that have already been obtained or steps that have been taken with appropriate government agencies in furtherance of obtaining qualification.**

**RESPONSE:** The Debtors object to this Topic to the extent it calls for legal conclusions. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate David Storper to testify about Topic 1.

**Topic 2:** AHMAC's ability and willingness to service the mortgage loans sold to EMC Mortgage Corporation ("EMC") under that certain Purchase, Warranties and Servicing Agreement dated as of March 1, 2006 ("PWSA").

**RESPONSE:** The Debtors object to this Topic to the extent it (a) calls for conclusions of fact or law and (b) seeks discovery of information protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate David Storper to testify about Topic 2.

**Topic 3:** All communications and discussions with the Debtor, or its advisors or consultants, including all e-mails and other electronic communications, concerning the PWSA and AHMAC's consideration or determination whether to acquire any rights under the PWSA.

**RESPONSE:** The Debtors object to this Topic to the extent it is overbroad, vague and ambiguous. Debtors also object to this Topic as more properly designated as a request for production of documents. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate David Storper to testify about Topic 3.

**Topic 4:** AHMAC's knowledge of, and participation in, the determination or calculation of any amounts which must be paid as a "cure" payment in order for the debtor to be able to assume and assign the PWSA to AHMAC.

RESPONSE: The Debtors object to this Topic to the extent it (a) is vague and ambiguous and (b) calls for legal conclusions. The Debtors also object to this Topic to the extent it seeks discovery of information protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate David Storper to testify about Topic 4.

**Topic 5:** **AHMAC's and the Debtor's maintenance of a blanket fidelity bond and an errors and omissions insurance policy as required by the PWSA, including as set forth in section 4.12 of the PWSA.**

RESPONSE: Subject to, and without waiving the foregoing General Objections that are incorporated herein by reference, the Debtors designate David Storper to testify about Topic 5.

**Topic 6:** **The Debtors receipt of any notice of termination of the PWSA, or any internal discussion, communication or documentation concerning the termination of the PWSA as a "securities contract" under the Bankruptcy Code, of for any other reason during the period of August 1, 2007 to the current date.**

RESPONSE: The Debtors object to this Topic to the extent it (a) is vague and ambiguous and (b) calls for legal conclusions. The Debtors also object to the extent this Topic purports to assume that a termination has occurred, which the Debtors specifically dispute. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Robert Love to testify about Topic 6.

**Topic 7:** **Any discussion, evaluation, documentation or digital information concerning the Debtors' evaluation or analysis of whether an event of default under Section 9.01 of the PWSA has occurred and may have occurred, and if so, its relationship or significance to the Debtors' right to assume or assign the PWSA.**

RESPONSE: The Debtors object to this Topic to the extent it (a) is overbroad, vague and ambiguous and (b) seeks discovery of information protected by the attorney-client privilege and/or the attorney work product doctrine. Debtors also object to this Topic as more properly designated as a request for production of documents. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Eugene Weil to testify about Topic 7.

**Topic 8:** **AHMAC's willingness or ability to comply with Section 6.07 of the PWSA, including but not limited to its compliance with the Servicing Criteria as required by Rules 13a-18 and 15d-18 of the Exchange Act and Item 1122 of Regulation AB.**

RESPONSE: Subject to, and without waiving the foregoing General Objections that are incorporated herein by reference, the Debtors designate David Storper to testify about Topic 8.

**Topic 9:** **AHMAC's requests to any relevant Rating Agency regarding required approvals under the PWSA should the court permit an assignment of any servicing rights under such agreement.**

RESPONSE: The Debtors object to this Topic to the extent it is overbroad, vague and ambiguous. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate David Storper to testify about Topic 9.

**Topic 10:** **All information, discussions and documents concerning the Debtors' decision to cancel the proposed Auction of the Debtors' assets related to its servicing business.**

RESPONSE: The Debtors object to this Topic to the extent it (a) calls for legal conclusions and (b) seeks discovery of information protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to, and without waiving the foregoing Specific Objections and General Objections that are incorporated herein by reference, the Debtors designate Eugene Weil to testify about Topic 10.

Dated: Wilmington, Delaware
      October 11, 2007

          YOUNG CONAWAY STARGATT & TAYLOR, LLP

          */s/ Sharon M. Zieg*
          James L. Patton, Jr. (No. 2202)
          Robert S. Brady (No. 2847)
          John T. Dorsey (No. 2988 )
          Sharon M. Zieg (No. 4196)
          The Brandywine Building
          1000 West Street, 17th Floor
          Wilmington, Delaware 19801
          Telephone: (302) 571-6600
          Facsimile: (302) 571-1253

          Counsel for Debtors and Debtors in Possession