IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------------ x | | Chapter 11 |
| In re: | : | |
| | : | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE | : | |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Jointly Administered |
| | : | |
| Debtors. | : | **Hearing Date: October 31, 2007 at 10:00 a.m.** |
| ------------------------------------------------------------ x | : | **Objection Deadline: October 24, 2007 at 4:00 p.m.** |

**APPLICATION FOR ORDER (I) APPROVING THE RETENTION AND
EMPLOYMENT OF SAMUEL I. WHITE, P.C. AS FORECLOSURE
PROFESSIONALS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION
DATE; (II) APPROVING ITS FEE STRUCTURE;
AND (III) GRANTING A PARTIAL WAIVER OF LOCAL RULE 2016-2(d)**

The above-captioned debtors and debtors in possession (collectively, the

"Debtors") hereby file this application (the "Application") seeking (i) entry of an order, pursuant

to sections 327(e), 328, 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330

(the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), (i) approving the retention and employment of Samuel I.

White, P.C. ("Samuel I. White" or the "Firm") as foreclosure professionals for the Debtors

effective, *nunc pro tunc* to the Petition Date (as defined below); (ii) approving the Firm's Fee

Structure (as defined below); and (iii) waiving Rule 2016-2(d) of the Local Rules of Bankruptcy

Practice and Procedure of the U.S. Bankruptcy Court for the District of Delaware (the "Local

Rules") to the extent set forth therein.  In support of this Application, the Debtors rely upon the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp.
("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM
Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a
Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558);
American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.
("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,
Texas 75063.

Affidavit of William Adam White, Esq., a copy of which is attached hereto as <u>Exhibit A</u> (the "<u>White Affidavit</u>"). In further support of this Application, the Debtors respectfully represent as follows:

## JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327(e), 328, 330 and 331 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## STATUS OF THE CASE

2.    On August 6, 2007 (the "<u>Petition Date</u>"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.    Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.    No trustee or examiner has been appointed. On August 14, 2007, the Office of the Unites States Trustee appointed an official committee of unsecured creditors for these cases (the "<u>Committee</u>").

2

## THE DEBTORS' BUSINESS[2]

6.      Prior to the filing of these bankruptcy cases, AHM's business primarily

entailed the origination, servicing, and sale of mortgage loans, as well as investment in mortgage

loans and mortgage-backed securities resulting from the securitizations of residential mortgage

loans. AHM also invested in securitized mortgage loans originated by others and originated and

sold mortgage loans to institutional investors. AHM offered an array of mortgage products and

primarily made loans to borrowers with good credit profiles. Most of its portfolio consisted of

securitized adjustable-rate mortgage (ARM) loans of prime and alternate A quality.

7.      As of December 31, 2006, AHM held a leveraged portfolio of mortgage

loans held for investment and mortgage-backed securities in the amount of approximately $15.6

billion. As of December 31, 2006, AHM operated more than 550 loan production offices located

in 47 states and the District of Columbia, and made loans throughout all 50 states and the District

of Columbia. Certain of the Debtors originated mortgages through a network of loan origination

offices. In addition, AHM originated loans obtained from mortgage brokers and purchased loans

from correspondents. AHM originated approximately $58.9 billion in aggregate principal

amount of loans in 2006 and for the third quarter of 2006 was ranked as the nation's 10th largest

residential mortgage lender, according to National Mortgage News.

8.      A large component of AHM's business is the servicing of loans, which is

conducted through AHM Servicing. The servicing business collects mortgage payments,

administers tax and insurance escrows, responds to borrower inquiries, and maintains control

over collection and default mitigation processes. As of December 31, 2006, AHM Servicing

serviced approximately 197,000 loans with an aggregate principal amount of approximately

---

[2]      The facts set forth herein are derived from the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief [Docket No. 2], which is incorporated by reference as if fully set forth herein at length.

$46.3 billion.  AHM continues to conduct its servicing business, which constitutes a valuable

asset of the Debtors' estates.

## RELEVANT BACKGROUND

9.      On August 16, 2007, the Debtors filed their Motion for an Order Pursuant

to Sections 105, 327, 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014

Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors'

Business *Nunc Pro Tunc* to the Petition Date [Docket No. 192] (the "OCP Motion").  By the

OCP Motion, the Debtors sought to retain and employ the Firm as professionals utilized in the

ordinary course of the Debtors' business effective, *nunc pro tunc*, to the Petition Date.

10.      On September 7, 2007, the Court entered the Order Pursuant to Sections

105(a), 327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the

Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business *Nunc Pro

Tunc* to the Petition Date (the "OCP Order").  Pursuant to the OCP Order, the Debtors were

authorized to retain Samuel I. White, *nunc pro tunc* to the Petition Date, without the need to file

an individual retention application.  Moreover, as set forth more fully in the OCP Order, upon

the filing of an affidavit of ordinary course professional (the "OCP Affidavit") and the running

of the objection deadline, Samuel I. White could have been paid monthly for postpetition

compensation and reimbursement of postpetition expenses in the manner customarily made by

the Debtors prior to the commencement of their chapter 11 cases, in the full amount billed, up to

$75,000 (the "Monthly Cap"), without the need to file monthly fee applications.[3]  Payments to

Samuel I. White could not exceed $185,000 during any three month period absent (i) written

---

[3]      The Firm filed its OCP Affidavit on October 5, 2007 [Docket No. 1321].

consent from the Committee or (ii) an order of the Court authorizing the Debtor to make such payments.

11.    After Samuel I. White's OCP Affidavit was filed, it was discovered that, given the volume of the Firm's outstanding foreclosure matters and the new matters referred by the Debtors monthly, Samuel I. White would exceed the Monthly Cap by a significant amount and on a consistent basis. As a result, the Debtors have filed this Application.

## RELIEF REQUESTED

12.    By this Application and pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtors seek entry of an order (i) authorizing the retention and employment of Samuel I. White as foreclosure professionals effective, *nunc pro tunc* to the Petition Date; (ii) approving the Fee Structure; and (iii) waiving Local Rule 2016-2(d) to the extent set forth herein.

## BASIS FOR RELIEF

### A.    Samuel I. White's Qualifications

13.    The Debtors seek to retain Samuel I. White as their foreclosure professionals because of the Firm's extensive experience handling foreclosures, title work and bankruptcy proceedings where a mortgagor has filed a petition for bankruptcy relief. Additionally, the Debtors submit that Samuel I. White has expertise and experience in prosecuting the matters for which it is being retained. Accordingly, the Debtors believe that Samuel I. White will effectively and efficiently handle the matters for which it is retained in a manner that is cost effective for the Debtors' estates.

### B.    Payment of Fees and Expenses

14.    Samuel I. White will seek approval of payment of compensation and reimbursement of actual, necessary expenses and other charges upon the filing of appropriate

5

applications for allowance of interim and/or final compensation and reimbursement of expenses

pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local

Rules, and Orders of this Court.  The Firm provides the following services at the rates listed (the

"Fee Structure").

- o  Non-Judicial Foreclosure Fees:  The Firm provides foreclosure related services at the fixed-rate of $600-$800 depending on the state, loan type and circumstances, plus costs.  The flat fee may increase if, after authorization from the Debtors for additional fees, additional issues not contemplated in the referral arise but must be addressed.  The costs incurred with respect to the non-judicial foreclosure are:

  - a.  Foreclosure Title Report:  The cost of the foreclosure title report varies but is typically in the range of $175, with any necessary updates typically being in the range of $50;
  - b.  Mailing Costs:  Mailing cost for a complete foreclosure range from $100 to $300 per foreclosure;
  - c.  Recording Costs:  The cost of recording varies by state and city or county;
  - d.  Publication of Foreclosure Notice:  The expense of publication varies but is usually between $350 to $2,000 per file; and
  - e.  Other Expenses:  In connection with the completion of the various tasks associated with concluding the foreclosure process, certain expenses are incurred including, but not limited to, payment of delinquent taxes, taxes, grantor's taxes, utility liens, and recording fees.  Such expenses are incurred on a per file basis.

- o  Senior Lien Monitoring Fee:  The firm provides this service for a flat-fee between $600-$800.

- o  Title Claim Fees:  The firm will file a title claim for the flat fee of $350.

- o  Real Estate Owned Fees:  The firm charges a settlement fee of $495-$525 and charges an additional fee of $85 per document for each document which needs to be prepared.

- o  Bankrupcty Fees and Costs:  In the instance when a borrower has filed a petition for bankruptcy relief the firm provides the following services at fixed rates:

  - a.  Filing a Proof of Claim:  The firm charges $100 and also advances filing costs of $150;
  - b.  Filing an Objection to Confirmation:  The firm charges $250 and also advances filing costs of $150; and
  - c.  Filing a Motion for Relief from Stay:  The firm charges $500 and also advances filing costs of $150.

15.     The fees and expenses set forth above are subject to periodic adjustments to reflect economic and other conditions.

16.     The Debtors seek approval of the Fee Structure pursuant to 11 U.S.C. § 328(a).  Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment including . . . on a fixed or percentage fee basis." 11 U.S.C. § 328(a).  The fixed-rate fees charged by the Firm under the Fee Structure for each foreclosure file are reasonable fees, especially when taken in light of the related costs and expenses required for each foreclosure.

17.     Notwithstanding the approval of the Fee Structure requested herein, all of the Firm's fees and expenses in these chapter 11 cases will be subject to the approval of the Court upon proper application by Samuel I. White in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee and expense guidelines established by the United States Trustee, and any other applicable requirements.

18.     In accordance with Local Rule 2016-2(g), the Debtors seek a waiver of Local Rule 2016-2(d) with respect to submission of detailed time entries.  Because the activities performed are billed at a fixed-rate, the Firm does not keep detailed time entries in the ordinary course of its business for any matters covered by the Fee Structure, and as such, the Debtors request that the Court waive the requirements of Local Rule 2016-2(d) with respect to these activities.  In lieu of detailed time entries, the Debtors propose that the Firm provide a list of each service performed under the Fee Structure for each mortgage file during the monthly application period.

**C.    Services To Be Provided**

19.    The professional services that Samuel I. White will render to the Debtors include, but shall not be limited to:  non-judicial foreclosure services, senior lien monitoring, the filing of title claims and real property related matters in the bankruptcy courts when a mortgagor has filed a bankruptcy petition in the state of Virginia.

**D.    Nunc Pro Tunc Retention**

20.    Since the Petition Date, Samuel I. White has continued to diligently handle the Debtors' foreclosure matters for the benefit of the Debtors' and their estates.

21.    As set forth more fully above, on September 7, 2007, the Court authorized the Debtors to retain Samuel I. White, in the ordinary course of their business, *nunc pro tunc* to the Petition Date.  However, upon subsequent review of the volume of the Firm's outstanding foreclosure matters and the new matters referred by the Debtors monthly, the Debtors, in consultation with the Firm, anticipate that Samuel I. White would consistently exceed the Monthly Cap set forth in the OCP Order by a significant amount.

22.    Based on the foregoing and the fact that the Firm has complied with the procedures set forth in the OCP Order, the Debtors submit that the retention of Samuel I. White should be approved *nunc pro tunc* to the Petition Date.

**E.    Disclosure Summary**

23.    As set forth more fully in the White Affidavit, to the best of the Debtors' knowledge, and except as disclosed in the White Affidavit, the Firm does not have any interest adverse to the Debtors or their estates with respect to the matters on which the Firm is being engaged as provided in section 327(e) of the Bankruptcy Code.

24.    The Debtors currently owe the Firm $36,005 for pre-petition services and $103,801.71 for expenses advanced on behalf of the Debtors prepetition.

8

25.     For the above reasons, the Debtors submit that the Firm's retention and employment is necessary and in the best interest of the Debtors and their estates.

## NOTICE

26.     Notice of this Application will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Agent for the Debtors' postpetition lender; (v) the Securities and Exchange Commission, and (vi) all parties entitled to notice under Del. Bankr. LR 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## PRIOR REQUEST

27.     As set forth above, the Firm has previously been approved by this Court as an Ordinary Course Professional in this case.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form attached hereto as Exhibit B, authorizing the retention and employment

of Samuel I. White pursuant to the terms of the Application effective, *nunc pro tunc* to the

Petition Date, and grant the Debtors such other and further relief as is just and proper.


Wilmington, Delaware
October 11 , 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Travis Turner  (No. 4926)
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Attorneys for the Debtors and Debtors-in-Possession

066585.1001

## **EXHIBIT A**

**White Affidavit**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
                                                                  :
In re:                                                            :    Chapter 11
                                                                  :
AMERICAN HOME MORTGAGE                                            :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]                :
                                                                  :    Jointly Administered
                              Debtors.                            :
---------------------------------------------------------------- x

**AFFIDAVIT OF ADAM WHITE IN SUPPORT OF APPLICATION FOR ORDER
PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 2014 APPROVING THE RETENTION AND
EMPLOYMENT OF SAMUEL I. WHITE, P.C. AS FORECLOSURE
PROFESSIONALS FOR THE DEBTORS *NUNC PRO TUNC* TO
THE PETITION DATE**

William Adam White being duly sworn, deposes and says:

1.    I am an attorney at Samuel I. White, P.C. ("Samuel I. White" or the

"Firm"), 209 Business Park Drive, Virginia Beach, Virginia 23462.  This affidavit is submitted

in support of the Application for Order Pursuant to Section 327(e) of the Bankruptcy Code and

Bankruptcy Rule 2014 Approving the Retention and Employment of Samuel I. White as

Foreclosure Professionals for the Debtors, *Nunc Pro Tunc* to the Petition Date (the

"Application").

2.    Samuel I. White has conducted a series of searches in the Firm's conflicts

databases to identify relationships with creditors and other parties-in-interest (or potential

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage
Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance,
Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM
Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York
corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability
company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great
Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538
Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd.,
Suite 200, Irving, Texas 75063.

parties-in-interest) in these chapter 11 cases. Based on the conflicts, connections, and relationships searches and reviews conducted, to the best of my knowledge, neither I, the Firm, nor any members or employees thereof, insofar as I have been able to ascertain, has any connections with the above-captioned debtors and debtors in possession (collectively the "Debtors"), their creditors, or any other parties-in-interest, or their respective attorneys and professionals, and the United States Trustee or any person employed in the Office of the United States Trustee, except as set forth in the following two paragraphs.

3.      Samuel I. White has performed foreclosure, bankruptcy and title work for the following entities, but is not aware of any direct conflicts: Wells Fargo Bank, N.A., Homecomings Financial, GMAC Mortgage LLC, Countrywide Home Loans, Inc., CitiMortgage, Inc., Chase, Litton, EMC Mortgage. While Samuel I. White may receive foreclosure referrals for subordinate or superior liens incident to properties upon which American Home Mortgage holds deeds of trust, any such situations have been and will continue to be disclosed.

4.      Samuel I. White searched its database to determine whether they or any affiliate had any relationships with the following (collectively, the "Interested Parties"):

      a)  Debtors and its affiliated entities;

      b)  current and former officers and directors of the Debtors;

      c)  significant lenders to the Debtors;

      d)  significant shareholders of the Debtors;

      e)  largest secured creditors as provided by the Debtors;

      f)  largest unsecured creditors as provided by the Debtors; and

      g)  various other parties-in-interest, as identified by the Debtors.

066585.1001

5.      The Firm is continuing to review the Debtors' list of creditors. To the extent that I become aware of any additional connections or relationships that may be relevant to the Firm's services rendered on behalf of the Debtors, I will file a supplemental affidavit.

6.      Samuel I. White has not executed a postpetition Engagement Letter with the Debtors. Instead, the Firm bills the Debtors on a periodic basis after services are performed.

7.      Samuel I. White will seek approval of payment of compensation and reimbursement of actual, necessary expenses and other charges upon the filing of appropriate applications for allowance of interim and/or final compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of this Court. The Firm provides the following services at the rates listed (the "Fee Structure").

- o  Non-Judicial Foreclosure Fees:  The Firm provides foreclosure related services at the fixed-rate of $600-$800 depending on the state, loan type and circumstances, plus costs. The flat fee may increase if, after authorization from the Debtors for additional fees, additional issues not contemplated in the referral arise but must be addressed. The costs incurred with respect to the non-judicial foreclosure are:

  - a.  Foreclosure Title Report:  The cost of the foreclosure title report varies but is typically in the range of $175, with any necessary updates typically being in the range of $50;
  - b.  Mailing Costs:  Mailing cost for a complete foreclosure range from $100 to $300 per foreclosure;
  - c.  Recording Costs:  The cost of recording varies by state and city or county;
  - d.  Publication of Foreclosure Notice:  The expense of publication varies but is usually between $350 to $2,000 per file; and
  - e.  Other Expenses:  In connection with the completion of the various tasks associated with concluding the foreclosure process, certain expenses are incurred including, but not limited to, payment of delinquent taxes, taxes, grantor's taxes, utility liens, and recording fees. Such expenses are incurred on a per file basis.

- o  Senior Lien Monitoring Fee:  The firm provides this service for a flat-fee between $600-$800.

- o  Title Claim Fees:  The firm will file a title claim for the flat fee of $350.

3

o   <u>Real Estate Owned Fees</u>:  The firm charges a settlement fee of $495-$525 and charges an additional fee of $85 per document for each document which needs to be prepared.

o   <u>Bankrupcty Fees and Costs</u>:  In the instance when a borrower has filed a petition for bankruptcy relief the firm provides the following services at fixed rates:

    a.    <u>Filing a Proof of Claim</u>:  The firm charges $100 and also advances filing costs of $150;

    b.    <u>Filing an Objection to Confirmation</u>:  The firm charges $250 and also advances filing costs of $150; and

    c.    <u>Filing a Motion for Relief from Stay</u>:  The firm charges $500 and also advances filing costs of $150.

8.    The fees and expenses set forth above are subject to periodic adjustments to reflect economic and other conditions.

9.    No promises have been received by the Firm or by any officer or employee thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

4

WHEREFORE, pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury

that the foregoing is true and correct.

William Adam White, Esq.

Sworn to before me this 10 th day of October, 2007.

Notary Public
My Commission Expires:  12/31/08

SYLVIA C. MILLER
NOTARY ID # 180820
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES DECEMBER 31, 2008

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                     :    Chapter 11
                                                           :
AMERICAN HOME MORTGAGE                                      :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]         :
                                                           :    Jointly Administered
                                                           :
                         Debtors.                          :
---------------------------------------------------------------- x

## STATEMENT PURSUANT TO RULE 2014 OF THE
## FEDERAL RULES OF BANKRUPTCY PROCEDURES
## AND SECTION 329 OF THE BANKRUPTCY CODE

      1.      Samuel I. White, P.C. ("Samuel I. White" or the "Firm"), pursuant to Rule

2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), section 329 of

title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), and Rule

2014 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), states that the undersigned is a

foreclosure professional seeking retention by the Court in the cases of the above-captioned

debtors and debtors in possession (the "Debtors").

      2.      Compensation agreed to be paid by the Debtors to the Firm is to be for

services rendered in connection with these cases. The Debtors agreed to pay the Firm for the

services rendered or to be rendered by its various foreclosure professionals. The Debtors have

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

also agreed to reimburse the Firm for its actual and necessary expenses incurred in connection with these cases.

3.      Samuel I. White intends to apply to the Court for payment of compensation and reimbursement of expenses and payment of other charges in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, the District of Delaware Local Bankruptcy Rules, and orders of this Court.

4.      The Debtors currently owe the Firm $36,005 for pre-petition services and $103,801.71 for expenses advanced on behalf of the Debtors prepetition.  The Firm agrees to take no action in regard to collecting prepetition amounts owed other than filing a proof of claim against the Debtors.

5.      The professional services that Samuel I. White will render to the Debtors include, but shall not be limited to:  non-judicial foreclosure services, senior lien monitoring, the filing of title claims and real property related matters in the bankruptcy courts when a borrower has filed a bankruptcy petition, in the state of Virginia

6.      Samuel I. White further states that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members, employees, or shareholders of Samuel I. White or (b) any compensation another person or party has received or may receive.

DB02:6251790.1

066585.1001

Dated:      October _10_, 2007

William Adam White
Samuel I. White, P.C.