IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ------------------------------------------------------------------ x | Chapter 11 |
| In re: | : |
| | : Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE | : |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Jointly Administered |
| | : |
| Debtors. | : **Hearing Date: October 31, 2007 at 10:00 a.m.** |
| ------------------------------------------------------------------ x | **Objection Deadline: October 24, 2007 at 4:00 p.m.** |

## APPLICATION FOR ORDER (I) APPROVING THE RETENTION AND EMPLOYMENT OF ORLANS ASSOCIATES, P.C. AS FORECLOSURE PROFESSIONALS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE; (II) APPROVING ITS FEE STRUCTURE; <u>AND (III) GRANTING A PARTIAL WAIVER OF LOCAL RULE 2016-2(d)</u>

The above-captioned debtors and debtors in possession (collectively, the

"Debtors") hereby file this application (the "Application") seeking (i) entry of an order, pursuant

to sections 327(e), 328, 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330

(the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), (i) approving the retention and employment of Orlans

Associates, P.C. ( "Orlans Associates" or the "Firm") as foreclosure professionals for the

Debtors effective, *nunc pro tunc* to the Petition Date (as defined below); (ii) approving the

Firm's Fee Structure (as defined below); and (iii) waiving Rule 2016-2(d) of the Local Rules of

Bankruptcy Practice and Procedure of the U.S. Bankruptcy Court for the District of Delaware

(the "Local Rules") to the extent set forth therein. In support of this Application, the Debtors

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

rely upon the Affidavit of Marshall R. Isaacs, Esq., a copy of which is attached hereto as <u>Exhibit A</u> (the "<u>Isaacs Affidavit</u>"). In further support of this Application, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327(e), 328, 330 and 331 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## STATUS OF THE CASE

2.      On August 6, 2007 (the "<u>Petition Date</u>"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.      Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      No trustee or examiner has been appointed. On August 14, 2007, the Office of the Unites States Trustee appointed an official committee of unsecured creditors for these cases (the "<u>Committee</u>").

## THE DEBTORS' BUSINESS[2]

6.     Prior to the filing of these bankruptcy cases, AHM's business primarily
entailed the origination, servicing, and sale of mortgage loans, as well as investment in mortgage
loans and mortgage-backed securities resulting from the securitizations of residential mortgage
loans.  AHM also invested in securitized mortgage loans originated by others and originated and
sold mortgage loans to institutional investors.  AHM offered an array of mortgage products and
primarily made loans to borrowers with good credit profiles.  Most of its portfolio consisted of
securitized adjustable-rate mortgage (ARM) loans of prime and alternate A quality.

7.     As of December 31, 2006, AHM held a leveraged portfolio of mortgage
loans held for investment and mortgage-backed securities in the amount of approximately $15.6
billion.  As of December 31, 2006, AHM operated more than 550 loan production offices located
in 47 states and the District of Columbia, and made loans throughout all 50 states and the District
of Columbia.  Certain of the Debtors originated mortgages through a network of loan origination
offices.  In addition, AHM originated loans obtained from mortgage brokers and purchased loans
from correspondents.  AHM originated approximately $58.9 billion in aggregate principal
amount of loans in 2006 and for the third quarter of 2006 was ranked as the nation's 10th largest
residential mortgage lender, according to National Mortgage News.

8.     A large component of AHM's business is the servicing of loans, which is
conducted through AHM Servicing.  The servicing business collects mortgage payments,
administers tax and insurance escrows, responds to borrower inquiries, and maintains control
over collection and default mitigation processes.  As of December 31, 2006, AHM Servicing
serviced approximately 197,000 loans with an aggregate principal amount of approximately

---

[2]     The facts set forth herein are derived from the Declaration of Michael Strauss in Support of the Debtors'
Chapter 11 Petitions and First Day Relief [Docket No. 2], which is incorporated by reference as if fully set forth
herein at length.

DB02:6251844.2                                                                                    066585.1001

$46.3 billion. AHM continues to conduct its servicing business, which constitutes a valuable asset of the Debtors' estates.

## RELEVANT BACKGROUND

9.    On August 16, 2007, the Debtors filed their Motion for an Order Pursuant to Sections 105, 327, 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business *Nunc Pro Tunc* to the Petition Date [Docket No. 192] (the "OCP Motion"). By the OCP Motion, the Debtors sought to retain and employ Orlans Associates as a professional utilized in the ordinary course of the Debtor's business effective, *nunc pro tunc*, to the Petition Date.

10.    On September 7, 2007, the Court entered the Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business *Nunc Pro Tunc* to the Petition Date (the "OCP Order") [Docket No. 643]. Pursuant to the OCP Order, the Debtors were authorized to retain Orlans Associates, *nunc pro tunc* to the Petition Date, without the need to file an individual retention application. Moreover, as set forth more fully in the OCP Order, upon the filing of an affidavit of an ordinary course professional (the "OCP Affidavit") and the running of the objection deadline, Orlans Associates could have been paid monthly for postpetition compensation and reimbursement of postpetition expenses in the manner customarily made by the Debtors prior to the commencement of their chapter 11 cases, in the full amount billed, up to $75,000 (the "Monthly Cap"), without the need to file monthly fee applications. Payments to Orlans Associates could not exceed $185,000 during any three month

4

period absent (i) written consent from the Committee or (ii) an order of the Court authorizing the

Debtor to make such payments.

11.    As the Debtors and Orlans Associates filed the OCP Affidavit on

September 28, 2007 [Docket No. 1002], it was discovered that, given the volume of the Firm's

outstanding foreclosure matters and the new matters referred by the Debtors monthly, Orlans

Associates would exceed the Monthly Cap by a significant amount and on a consistent basis.  As

a result, the Debtors have filed this Application.

## RELIEF REQUESTED

12.    By this Application and pursuant to section 327(e) of the Bankruptcy

Code and Bankruptcy Rule 2014, the Debtors seek entry of an order (i) authorizing the retention

and employment of Orlans Associates as foreclosure professionals effective, *nunc pro tunc* to the

Petition Date; (ii) approving the Fee Structure; and (iii) waiving Local Rule 2016-2(d) to the

extent set forth herein.

## BASIS FOR RELIEF

A.    **Orlans Associates' Qualifications**

13.    The Debtors seek to retain Orlans Associates as their foreclosure

professionals because of the Firm's extensive experience handling foreclosures.  Prior to the

Petition Date, the Firm provided the Debtors with real-estate related services in the state of

Michigan, including mortgage foreclosures on residential real-estate; various bankruptcy matters

for cases where the mortgagors have filed bankruptcy petitions; eviction matters and various

other litigation related to the servicing and/or foreclosing of their mortgages.  The Debtors

submit that Orlans Associates has expertise and experience in prosecuting the matters for which

it is being retained.  Accordingly, the Debtors believe that Orlans Associates will effectively and

efficiently handle the matters for which it is retained in a manner that is cost effective for the Debtors' estates.

## B.   Payment of Fees and Expenses

14.     Orlans Associates will seek approval of payment of compensation and reimbursement of actual, necessary expenses and other charges upon the filing of appropriate applications for allowance of interim and/or final compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of this Court. The Firm employs a two-tier fee structure (the "Fee Structure") for its performance of foreclosure services.

- Fixed-Rate Foreclosure Fees: The Firm provides foreclosure related services on a fixed-fee basis, as set forth in Exhibit 2 to the Isaacs Affidavit (the "Fixed-Rate Foreclosure Fees"). In addition to the Fixed-Rate Foreclosure Fees, the Firm advances the actual and necessary expenses on behalf of the Debtors in the amounts set forth in Exhibit 3 to the Isaacs Affidavit.

- Contested Foreclosure Compensation: In the event that litigation is commenced, the Firm seeks compensation at the rate of $175/hour for its attorneys (the "Contested Foreclosure Compensation").

15.     The fees and the expenses set forth above are subject to periodic adjustments to reflect economic and other conditions.

16.     The Debtors seek approval of the Fee Structure pursuant to 11 U.S.C. § 328(a). Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment including . . . on a fixed or percentage fee basis." 11 U.S.C. § 328(a). The Fixed-Rate Foreclosure Fee charged by the Firm for each foreclosure file is a reasonable fee, especially when taken in light of the related costs and expenses required for each foreclosure. Additionally, the hourly rates for attorneys

6

requested as Contested Foreclosure Compensation represent reasonable fees and are consistent with the fees provided to other legal professionals in this case.

17.     Notwithstanding the approval of the Fee Structure requested herein, all of the Firm's fees and expenses in these chapter 11 cases will be subject to the approval of the Court upon proper application by Orlans Associates in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, the fee and expense guidelines established by the United States Trustee, and any other applicable requirements.

18.     In accordance with Local Rule 2016-2(g), the Debtors also seek a waiver of Local Rule 2016-2(d) with respect to submission of detailed time entries for the Fixed-Rate Foreclosure Fee. Because the activities performed with respect to the Fixed-Rate Foreclosure Fee are billed at a fixed-rate, the Firm does not keep detailed time entries in the ordinary course of its business for any matters covered by the Fixed-Rate Foreclosure Fee, and as such, the Debtors request that the Court waive the requirements of Local Rule 2016-2(d) with respect to these activities. In lieu of detailed time entries, the Debtors propose that the Firm provide a list of the foreclosure matters subject to the Fixed-Rate Foreclosure Fee during the monthly application period. By this Application, the Debtors do not seek a waiver of the requirement to submit detailed time entries as to the activities related to a Contested Foreclosure Matter. Accordingly, the Firm will provide detailed time entries in accordance with Local Rule 2016-2(d) for any Contested Foreclosure Compensation requested.

**C.     Services To Be Provided**

19.     The professional services that Orlans Associates will render to the Debtors include, but shall not be limited to, real estate and bankruptcy services related to mortgage foreclosures in the state of Michigan. There services will primarily be performed in connection with the Debtors' mortgage servicing business.

DB02:6251844.2                                    066585.1001

**D.**    **Nunc Pro Tunc Retention**

20.    Since the Petition Date, Orlans Associates has continued to diligently handle the Debtors' foreclosure matters for the benefit of the Debtors' and their estates.

21.    As set forth more fully above, on September 7, 2007, the Court authorized the Debtors to retain Orlans Associates, in the ordinary course of their business, *nunc pro tunc* to the Petition Date.  However, upon subsequent review of the volume of the Firm's outstanding foreclosure matters and the new matters referred by the Debtors monthly, the Debtors, in consultation with Orlans Associates, anticipate that Orlans Associates would consistently exceed the Monthly Cap set forth in the OCP Order by a significant amount.

22.    Based on the foregoing and the fact that Orlans and Associates has complied with procedures set forth in the OCP Order, the Debtors submit that the retention of Orlans Associates should be approved *nunc pro tunc* to the Petition Date.

**E.**    **Disclosure Summary**

23.    As set forth more fully in the Isaacs Affidavit, to the best of the Debtors' knowledge, and except as disclosed in the Isaacs Affidavit, the Firm does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which the Firm is being engaged as provided in section 327(e) of the Bankruptcy Code.

24.    The Debtors currently owe the Firm $204,630.15 for pre-petition services.

25.    For the above reasons, the Debtors submit that Orlans Associates, P.C.'s retention and employment is necessary and in the best interest of the Debtors and their estates.

**NOTICE**

26.    Notice of this Application will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated

066585.1001

Credit Agreement dated August 10, 2006; (iv) counsel to the Agent for the Debtors' postpetition

lender; (v) the Securities and Exchange Commission, and (vi) all parties entitled to notice under

Del. Bankr. LR 2002-1(b).  In light of the nature of the relief requested herein, the Debtors

submit that no other or further notice is required.

## **PRIOR REQUEST**

27.    As set forth above, Orlans Associates has previously been approved by

this Court as an Ordinary Course Professional in this case.

9

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit B, (i) authorizing the retention and employment of Orlans Associates pursuant to the terms of the Application effective, *nunc pro tunc* to the Petition Date; (ii) approving the Fee Structure; (iii) granting a partial waiver to Local Rule 2016-2(d); and (iv) granting the Debtors such other and further relief as is just and proper.

Wilmington, Delaware
October 11, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Travis Turner*

James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Travis N. Turner (No. 4926)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Debtors and Debtors-in-Possession

DB02:6251844.2

066585.1001

## EXHIBIT A

**Isaacs Affidavit**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          :    Chapter 11
                                                                :
AMERICAN HOME MORTGAGE                                          :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]             :
                                                                :    Jointly Administered
                                       Debtors.                 :
---------------------------------------------------------------- x

### AFFIDAVIT OF MARSHALL R. ISAACS IN SUPPORT OF APPLICATION FOR ORDER (I) APPROVING THE RETENTION AND EMPLOYMENT OF ORLANS ASSOCIATES, LLP AS FORECLOSURE PROFESSIONALS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE; (II) APPROVING ITS FEE STRUCTURE; AND (III) GRANTING A PARTIAL WAIVER OF LOCAL RULE 2016-2(d) AND SUPPLEMENTING ITS PRIOR AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

Marshall R. Isaacs being duly sworn, deposes and says:

1.      I am an attorney with the law firm Orlans Associates, P.C. ("Orlans Associates" or the "Firm"), which maintains offices at 2501 Rochester Court, Troy, Michigan 48083. This affidavit is submitted in support of the Application for Order (I) Approving the Retention and Employment of Orlans Associates as Foreclosure Professionals for the Debtors, *Nunc Pro Tunc* to the Petition Date; (II) Approving Its Fee Structure; and (III) Granting a Partial Waiver of Local Rule 2016-2(d) (the "Application").

2.      On September 28, 2007, Orlans Associates, P.C. filed the Affidavit of Ordinary Course Professional, pursuant to the Order of this Court entered on September 7, 2007

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

authorizing the Debtors to retain ordinary course professionals (the "Initial OCP Affidavit"). This affidavit incorporates the Initial OCP Affidavit and is meant to supplement the Initial OCP Affidavit with respect to the information contained herein with respect to eTitle Agency, Inc.

3.    Orlans Associates has conducted a series of searches in the Firm's conflicts databases to identify relationships with creditors and other parties-in-interest (or potential parties-in-interest) in these chapter 11 cases. Based on the conflicts, connections, and relationships searches and reviews conducted, to the best of my knowledge, neither I, the Firm, nor any of members or employees thereof, have connections with the above-captioned debtors and debtors in possession (collectively the "Debtors"), their creditors, or any other parties-in-interest, or their respective attorneys and professionals, the United States Trustee or any person employed in the Office of the United States Trustee, and Judges serving in the U.S. District Court and the U.S. Bankruptcy Court for the District of Delaware except as stated in paragraph 4.

4.    Orlans Associates has performed mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers, for the entities listed in Exhibit 1, but is not aware of any direct conflicts with the entities listed on Exhibit 1.

5.    Orlans Associates has searched its database to determine whether they or any affiliate had any relationships with the following (collectively, the "Interested Parties"):

   a) The Debtors;

   b) The Debtors' non-debtor affiliates and client affiliates;

   c) Current and former officers and directors of the Debtors;

   d) Significant shareholders of the Debtors;

2

    e)  The largest unsecured creditors as provided by the Debtors;

    f)  The warehouse lenders; and

    g)  Various other parties-in-interest, as identified by the Debtors.

6.    Orlans Associates is continuing to review the Debtors' list of creditors. To the extent that I become aware of any additional connections or relationships that may be relevant to Orlans Associates' services rendered on behalf of the Debtors, I will file a supplemental affidavit.

7.    Orlans Associates has not executed a postpetition Engagement Letter with the Debtors. Instead, Orlans Associates bills the Debtors on a periodic basis after services are performed.

8.    Orlans Associates will seek approval of payment of compensation and reimbursement of actual, necessary expenses and other charges upon the filing of appropriate applications for allowance of interim and/or final compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of this Court. The Firm employs a two-tier fee structure (the "Fee Structure") for its performance of foreclosure services.

- Fixed-Rate Foreclosure Fees: The Firm provides foreclosure related services on a fixed-fee basis, as set forth in Exhibit 2 (the "Fixed-Rate Foreclosure Fees"). In addition to the Fixed-Rate Foreclosure Fees, the Firm advances the actual and necessary expenses on behalf of the Debtors in the amounts set forth in Exhibit 3.

- Contested Foreclosure Compensation: In the event that litigation is commenced, the Firm seeks compensation at the rate of $175/hour for its attorneys (the "Contested Foreclosure Compensation").

9.    The fees and expenses set forth above are subject to periodic adjustments to reflect economic and other conditions.

3

10.     In support of the request to waive Local Rule 2016-2(d), I affirm that Orlans Associates, in the ordinary course of its business, does not keep detailed time entries with respect to the activities covered by the Fixed-Rate Foreclosure Fee.

11.     When not otherwise instructed to do so by its clients, Orlans Associates refers residential real estate closings and title insurance policy issuances to eTitle Agency, Inc., a Michigan corporation.  In the state of Michigan, title insurance premium rates are regulated by the state of Michigan and must be filed with the appropriate state office.

12.     Linda Orlans owns a 100% interest in Orlans Associates.  Linda Orlans also own a 51% interest in eTitle Agency, Inc., and Alison Orlans owns the remaining 49% interest in eTitle Agency, Inc.

13.     No fees are shared by Orlans Associates and eTitle Agency, Inc.  Both companies are separate Michigan corporations and maintain separate accountings.

14.     The Debtors owe Orlans Associates $204,630.15 for unpaid services rendered and expenses advanced on behalf of the Debtors prepetition.  Orlans Associates agrees to take no action in regard to collecting prepetition amounts owed other than filing a proof of claim against the Debtors.

15.     The Debtors have not provided the Firm with any retainer fee.

16.     No promises have been received by the Firm or by any officer or employee thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received (excluding amounts paid to vendors advanced on behalf of the Debtors) by the Firm in connection with any matters for which Orlans Associates, P.C. prosecutes on behalf of the Debtors.

4

WHEREFORE, pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury

that the foregoing is true and correct.

Marshall R. Isaacs

Sworn to before me this 10th day of October, 2007.

Notary Public
My Commission Expires: 4-01-2013

BELLA KHARSON
Notary Public, State of Michigan
County of Oakland
My Commission Expires Apr. 1, 2013
Acting in the County of Oakland

5

# EXHIBIT 1

**Orlans & Associates Conflicts & Connections Disclosure**

## Connections/Relationships for conflicts checking purposes

**American Home Mortgage:** client of Orlans Associates, P.C.

**Deutsche Bank**: Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

**JP Morgan Chase Bank**:  Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

**Countrywide Capital**: Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

**Citigroup**: Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

**Morgan Stanley**: Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

**Wells Fargo Bank**: Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

**EMC**: Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

**Lehman Brothers, Inc.**: Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

**HSBC Bank**: Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

**FNMA (Fannie Mae):** Orlans Associates, P.C. is a member of the Fannie Mae Retained Attorney Foreclosure Network

**Washington Mutual Bank**: Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

**IndyMac Bank, FSB**: Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

**Credit Suisse First Boston**: Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

**GMAC**: Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

**ABN AMRO**: Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

**Bank of America**: Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

**Bank of New York**: Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

**Citibank**: Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

**Federal Home Loan Mortgage Corp. (Freddie Mac)**: Orlans Associates, P.C. is designated counsel for the Federal National Mortgage Association (FNMA) in Michigan.

**Wachovia Bank, N.A.**: Orlans Associates, P.C. represents their interest in mortgage foreclosures, bankruptcy actions, evictions and other litigation relating to foreclosure matters, by and through their authorized mortgage servicers.

# EXHIBIT 2

**Orlans Associates, P.C. Fee Schedule**

# ORLANS

**Orlans**
**P.O. Box 5041**
**Troy, MI 48007-5041**
**248- 457-1000**



*Simply the Best*

## Fee Schedule - 2007

| **Foreclosure** | | |
|---|---|---|
| By Advertisement | Freddie Mac | $ 675.00 |
| | All Other Loans | $ 650.00 |
| Judicial | Judgment by Default | $ 1,100.00 |
| | Contested – Hourly Fee | $ 175.00 |
| **Eviction** | | |
| Eviction Proceedings | Freddie Mac | $ 425.00 |
| | Other Loan Types | $ 300.00 |
| Additional Hearings | Freddie Mac | $ 100.00 |
| | Other Loan Types | $ 300.00 |
| | Hourly Fee | $ 175.00 |
| **Bankruptcy** | | |
| Freddie Mac | Chapter 7 Maximum | $ 500.00 |
| | Chapter 13 Maximum | $ 675.00 |
| Other Loan Types | File Open/Review | $ 150.00 |
| | Proof of Claim | $ 250.00 |
| | Motion for Relief | $ 600.00 |
| | Objection to Confirmation | $ 250.00 |
| | Defense of Objections | $ 350.00 |
| | Feasibility of Chapter 13 Plan Only | $ 50.00 |
| **Land Contract Forfeitures** | | $ 750.00 |
| **Additional Services** | | |
| Adjournment Fee Per Week | | $ 20.00 |
| Deed in Lieu of Foreclosure | | $ 350.00 |
| Demand Letters | | $ 50.00 |
| Forbearance Agreement | | $ 200.00 |
| Preparation of Affidavits of Abandonment (Freddie Mac) | | $ 150.00 |
| Order Tax Statement | | $ 75.00 |
| Payment of Taxes and/or Insurance | | $ 150.00 |
| Affidavit for Taxes | | $ 75.00 |
| Preparation of Discharge of Mortgage | | $ 75.00 |
| Title Analysis | | $ 50.00 |
| Title Claims | | $ 250.00 |
| Preparation of Assignments | | $ 75.00 |
| Cash for Keys Letter | | $ 75.00 |
| Cash for Keys Agreement | | $ 425.00 |
| Cash for Redemption Letter | | $ 75.00 |
| Cash for Redemption Agreement | | $ 425.00 |

| | | |
|---|---|---|
| Set Aside Non- Bankruptcy Sale (Uncontested) | $ | 700.00 | |
| *Contest Litigation Work: Hourly Fee | $ | 175.00 | |

## **EXHIBIT 3**

**Orlans Associates, P.C. Schedule of Costs & Expenses**



**Orlans Associates, P.C.**
**P.O. Box 5041**
**Troy, MI 48007-5041**
**248-457-1000**



*Simply the Best*

## Cost Schedule - 2007

| | |
|---|---|
| Adjournment Cost (Dependent on County) | $ 8.00  to  $ 29.00 |
| Claim Letter | $ 250.00 |
| Document Fee (Mortgage and Assignment) | $ 50.00 |
| Preparation of Title Report | $ 50.00 |
| Posting Cost | $ 60.00  to  $ 120.00 |
| Publication Cost | $ 214.75  to  $ 465.00 |
| Recording of Affidavits/Assignments | $ 60.00 |
| Recording of Sale – Wayne County | $ 52.00 |
| Recording of Sale – All Other Counties | $ 26.00  to  $ 29.00 |
| Sheriff Fee | $ 50.00 |
| Title Commitment | $ 350.00 (additional charges for Loans over $200,000.00) |
| Title Updates | $ 75.00 |
| Transfer Tax | Bid Amount X 1.1 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------- x
|                                                    |   |
| In re:                                             | : | Chapter 11
|                                                    | : |
| AMERICAN HOME MORTGAGE                             | : | Case No. 07-11047 (CSS)
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | : |
|                                                    | : | Jointly Administered
|                        Debtors.                    | : |
----------------------------------------------------------------- x

## STATEMENT PURSUANT TO RULE 2014 OF THE
## FEDERAL RULES OF BANKRUPTCY PROCEDURES
## AND SECTION 329 OF THE BANKRUPTCY CODE

      1.      Orlans Associates, P.C. ("Orlans Associates" or the "Firm"), pursuant to

Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), section 329

of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), and Rule

2014 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), states that the undersigned is a

foreclosure professional seeking retention by the Court in the cases of the above-captioned

debtors and debtors in possession (the "Debtors").

      2.      Compensation agreed to be paid by the Debtors to Orlans Associates is to

be for services rendered in connection with these cases.  The Debtors agreed to pay Orlans

Associates for the services rendered or to be rendered by its various foreclosure professionals.

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

                        

The Debtors have also agreed to reimburse Orlans Associates for its actual and necessary expenses incurred in connection with these cases.

3.     Orlans Associates intends to apply to the Court for payment of compensation and reimbursement of expenses  and payment of other charges in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, the District of Delaware Local Bankruptcy Rules, and orders of this Court.  Orlans Associates has requested a limited waiver of Local Rule 2016-2(d) with respect to the Fixed-Rate Foreclosure Fee.

4.     The Debtors owe Orlans Associates approximately $204,630.15 for unpaid services rendered and expenses advanced on behalf of the Debtors prepetition.  Orlans Associates agrees to take no action in regard to collecting prepetition amounts owed other than filing a proof of claim against the Debtors.

5.     The services to be rendered include all those services set forth in the Application for Order (i) Approving the Retention and Employment of Orlans Associates, P.C. as Foreclosure Professionals for the Debtors *Nunc Pro Tunc* to the Petition Date; (ii) Approving Its Fee Structure; and (iii) Granting a Partial Waiver of Local Rule 2016-2(d).

6.     Orlans Associates further states that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members, employees, or shareholders of Orlans Associates, or (b) any compensation another person or party has received or may receive.

2

Dated:      October 11, 2007

_____

Marshall R. Isaacs
Orlans Associates P.C.