IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           ) Chapter 11
                                                                 )
AMERICAN HOME MORTGAGE                                           ) Case No. 07-11047
a Delaware corporation, et. al.                                  ) Jointly Administered
                                                                 )
                                                                 ) Hearing Date: October 15, 2007 at 12:00 p.m.
                                                                 )
                    Debtors.                                     ) Related to Docket No. 1443
---------------------------------------------------------------- x

**MOTION OF EMC MORTGAGE CORPORATION FOR LEAVE TO FILE
A SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO THE
EMERGENCY MOTION OF THE DEBTORS FOR ORDERS: (A) (I) APPROVING
SALE PROCEDURES; (II) SCHEDULING A HEARING TO CONSIDER SALE OF
CERTAIN ASSETS USED IN THE DEBTORS LOAN SERVICING BUSINESS;
(III) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND
(IV) GRANTING RELATED RELIEF; AND (B) (I) AUTHORIZING THE SALE OF
SUCH ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES,
AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING ASSET
PURCHASE AGREEMENT RELATED THERETO; (III) APPROVING THE
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES RELATED THERETO; AND (IV) GRANTING RELATED
RELIEF AND TO THE NOTICES OF (I) POSSIBLE ASSUMPTION AND
ASSIGNMENT OF CERTAIN LEASES, LICENSE AGREEMENTS AND
EXECUTORY CONTRACTS; AND (II) PROPOSED CURE OBLIGATIONS, IF ANY**

This motion (the "Motion") by EMC Mortgage Corporation ("EMC") seeks leave to file a sur-reply memorandum (the "Sur-reply") in further opposition to the debtors' (the "Debtors") Emergency Motion of the Debtors for an Orders: (A) (I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B) (I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreement Related Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief and to the

DM3\574270.1

Notices of (I) Possible Assumption and Assignment of Certain Leases, License Agreements and Executory Contracts; and (II) Proposed Cure Obligations, If Any.  EMC's need to file a Sur-reply results from, among other things, the new arguments relied upon by the Debtors in their Omnibus Response to Certain Objections to the Sale of Certain Assets and the Assumption and Assignment of Executory Contracts Relating to the Debtors' Loan Servicing Business dated October 10, 2007 [Docket No. 1443] (the "Reply").  These new arguments have been raised at the eleventh hour and include, inter alia, that (i) the servicing agreements are not executory contracts and therefore may be sold pursuant to section 363 of the Bankruptcy Code and (ii) the servicing agreements are severable from the other agreements and may be assumed and assigned independently.  Accordingly, EMC seeks to file the accompanying Sur-reply attached hereto as **Exhibit A** (and which has been separately filed on the docket).  The Sur-reply will assist the Court in understanding the law and clarify the facts in response to the Debtors' new arguments.

Sur-replies are regularly and properly permitted to allow a party the opportunity to respond to issues raised for the first time in reply.  Otherwise the reply should be stricken.  Leave to file a sur-reply should be granted where the party ". . . 'would be unable to contest matters presented to the court for the first time in the opposing party's reply.'" Groobert v. President and Dirs. of Georgetown Coll., 219 F.Supp. 2d 1, 13 (D. D.C. 2002) (citation omitted).  For example, in Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003), the Third Circuit observed:

> [i]n its reply brief in support of its motion to dismiss, Graphnet argued for the first time that Worldcom's claims were precluded by the so-called "filed rate doctrine." Worldcom objected to the issue being raised for the first time in Graphnet's reply brief and the district court properly allowed Worldcom to file a sur-reply brief in response to Graphnet's arguments.

2

DM3\574270.1

See also, Mullen v. Port Auth. of New York and New Jersey, 100 F.Supp. 2d 249, 256 n. 5 (D. N.J. 1999) ("Although defendant raised this argument for the first time in his reply brief, plaintiff had the opportunity to address this point in his sur-reply").

In the instant case, the Debtors have crafted new arguments, to which EMC should be entitled to respond. The following new arguments all warrant reply:

> (i) The Debtors for the first time argue that the servicing agreements are not executory contracts and therefore the Debtors may sell the servicing rights under section 363 of the Bankruptcy Code irrespective of the requirements of section 365 of the Bankruptcy Code. (Reply at 17-29.)

> (ii) The Debtors wrongly argue that the servicing agreements are severable from the other agreements and therefore may be assumed and assigned independently. (Reply at 29-55.)

> (iii) The Debtors argue for the first time that the Purchase, Warranties and Servicing Agreement with EMC is not a securities contract subject to the Bankruptcy Code's instruction in Section 555 that termination rights are not to be avoided or limited. (Reply at 58-63.)

> (iv) The Debtors argue that they have no responsibility to provide adequate assurances of future performance. (Reply at 55-58.)

In light of the foregoing newly raised arguments, pursuant to this Motion, EMC respectfully requests leave to file the attached Sur-reply.

Dated: October 11, 2007
Wilmington, Delaware

Respectfully submitted,

DUANE MORRIS LLP

_____
Frederick B. Rosner (DE 3995)
Richard W. Riley (DE 4052)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone:    (302) 657-4943
Facsimile:    (302) 657-4901

and

3

SIDLEY AUSTIN LLP
William M. Goldman
Geoffrey T. Raicht
Alex R. Rovira
787 Seventh Avenue
New York, NY 10019
Telephone:    (212) 839-5300
Facsimile:    (212) 839-5599

SIDLEY AUSTIN LLP
David R. Kuney
1501 K. St. N.W.
Washington, D.C. 20005
Telephone:    (202) 736-8650
Facsimile:    (202) 736-8711