# Exhibit A

*Exhibit "A"* [handwritten]

# COHN, GOLDBERG & DEUTSCH, LLC

ATTORNEYS AT LAW
600 BALTIMORE AVENUE
SUITE 208
TOWSON, MARYLAND 21204

EDWARD S. COHN *
STEPHEN N. GOLDBERG *
RONALD S. DEUTSCH *
RICHARD E. SOLOMON *

RICHARD J. ROGERS *

*ALSO ADMITTED IN D.C.

JEROME F. COHN
(1935 – 1982)

TEL: 410-296-2550
FAX: 410-296-2558

April 26, 2007

Paula Lynn Rush
2651 Peery Drive
Churchville, MD  21028

RE:   2651 Peery Drive
       Churchville, MD  21028
       Loan #1001222336
       Our File #414505

Dear Paula Lynn Rush:

On April 3, 2006 you executed a Deed of Trust and Note secured by the above referenced property, and borrowed money in connection with a loan made by American Brokers Conduit.  The current holder of the Note is Mortgage Electronic Registration Systems, Inc., as Nominee for American Home Mortgage Corporation.  The loan has been referred to this office for legal action based upon a default under the terms of the loan agreement.

The amount owed pursuant to the terms of the Deed of Trust and Note through the date of this letter is $636,714.95. Be advised, however, that interest continues to accrue on the principal balance of the loan at a rate of $129.72 per day. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day paid may be greater than the above-referenced "amount owed."  Hence, if the above "amount owed," is paid, an adjustment may be necessary after we receive the funds, in which event we will inform the person making payment before depositing the check for collection.

**If within thirty (30) days from receipt of this letter you fail to dispute all or part of the debt, the amount recited herein will be assumed as valid.  If you notify this office in writing within the thirty (30) day period that the debt or any portion thereof is disputed, this office will obtain verification of the debt and a copy of such verification will be mailed to you.  Upon your written request within the thirty (30) day period, this office will provide the name and address of the original creditor if different from the current creditor.**

**This is an attempt to collect a debt and any information obtained will be used for that purpose.  However, if you have obtained an order of discharge from the United States Bankruptcy Court, which includes this debt, and have not reaffirmed your liability for the debt, or if you have not signed a Note in connection with this loan, this firm is not attempting to obtain a judgment against you, nor are we alleging that you have any personal liability for this debt.  We may, however, take action against the property pledged as collateral for the debt, which may include repossession and/or foreclosure of the property.**

For further information, write or call Darlene Buzzard of this office.

Very truly yours,

Cohn, Goldberg & Deutsch, LLC

Via Regular Mail

Edward S. Cohn

*Exhibit 3* [handwritten]

December 29, 2007

Cohn, Goldberg & Deutsch
Attention; Foreclosure Department
File # 414505
Loan # 1001222336

Mr. Edward Cohn,

On December 12, I received a letter from your office stating if I had any dispute I was to notify you in writing within 30 days. I have enclosed a Good Faith estimate I received from your client, which was willfully changed at loan closing. In addition, the terms/and provisions under the loan that I entered into were never fully explained to me. A notary came to my house and put papers in front of me with no explanation of said papers. This loan was not closed at a reputable title company. An appraisal, which I paid for, was never provided to me. Because of this I have been saddled with an unbelievable debt. Under my Good Faith estimate I was to receive cash out of $56,207. In addition, there was to be no prepayment penalty and now there is a 2% prepayment penalty. The loan was not explained to me as when I made the minimum payment a negative amortization would take place. The interest rate at which this negative amortization is figured was also not explained.

When I took this loan I owed $567,000 on my home. Now according to you, I owe a whopping $614,000 just nine months later. An unbelievable $47,000 more then what I owed then plus the payments I've made. I was only given $10,000 cash out at closing. That's still $37,000 more then what I owed. Even if you factor in that and legal fees, it's still an astronomical number. This is loan sharking. Not legitimate lending.

I suggest that your client reevaluate this situation and negotiate a different solution to this issue. I will be filing for bankruptcy to protect my house. I will also be filing a damages suit against your client for misrepresentation of this loan from the beginning. It was their failure to give me the original loan promised and unbelievable additional funds owed which have put me in this situation. I will be pursuing all legal remedies available to me.

Paula Rush
2651 Peery Drive
Churchville, Md. 21028
443-676-3509

**Paula Rush**
**2651 Peery Drive   Churchville, Md 21028**

American Home Mortgage
520 Broadhollow Road
Melville NY 11747 Attn: Mail Stop 800

American Home Mortgage Servicing
4600 Regent Drive Suite 200
Irving Texas 75063

Cohn, Goldberg & Deutsch, LLC
Attorneys at Law
600 Baltimore Ave. Ste. 208
Towson Md. 21204

April 1, 2007
Loan # 0001222336  Dated April 3, 2006
Ref: Demand of Loan RECESSION as of April 3, 2007

I'm sending you my notice of right of extended recession covered under TILA and RESPA.  Upon giving of this notice, the security interest in 2651 Peery Drive Churchville Md. 21028 giving rise to the right of recession becomes void and the I shall not be liable for any amount, including any finance charge. CFR226.23(d)(1)

The "tender" amount due upon recession, if any, will be determined in court arising out of litigation pending which you will receive notice of shortly after this letter.

I assert my right to rescind under federal laws, state laws, and civil laws, designed to protect consumers in mortgage refinance transactions. I also assert my affirmative claims against American Home Mortgage in relation to these claims.

TILA "The Seventh Circuit, like most courts interpreting TILA, maintains that disclosures made pursuant to the statute should be viewed from the vantage point of an ordinary consumer as opposed to that of a skilled or informed business person. TILA is aimed at deceptive practices by lenders, not the subjective beliefs or actions of borrowers. Moreover, a plaintiff need not show actual harm to recover from a technical violations of TILA., as they are strict liability offenses. Adams v Nationscredit Financial Services Corp. 351 F. Supp. 2d 829 (N.D. Ill. 2004).

➤  Statute 1 year for affirmative claims 15 USC 1640  3 Years for Recission   Unlimited as a defense to foreclosure in the nature or a recoupment or set off. 735 ILC 5/13-207 Bank of New York c Heath, 2001 WL 1771825, at *1 ( Ill. Cir. Oct. 26, 2001)
➤  Prohibition under RESPA against kickbacks and referral fees:  RESPA prohibits the giving or receiving of any fee, kickback, or other thing of value for the referral of a "settlement service." 12 USC  2602(3) and 24 CFR 3500.2
➤  Md. Code Ann., Comm. Law §§ 13-101, *et seq.* Naming a wide variety of deceptive trade practices in many type of consumer transactions, the CPA expressly prohibits "[d]eception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with ... [t]he promotion or sale of ... consumer realty." *Id.* § 13-301(9).

**Paula Rush**
2651 Peery Drive
Churchville Md 21028