# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | **Chapter 11** |
| | : | |
| **American Home Mortgage** | : | **Jointly Administered** |
| **Holdings, Inc. et al.,** | : | **Under Case No. 07-11047 (CSS)** |
| | : | |
| **Debtors** | : | |
| | : | |

### ORDER UNDER U.S.C. § 323, § 363, § 1106,
### AND BANKRUPTCY RULE 2004, DIRECTING EXAMINATION OF,
### AND PRODUCTION OF DOCUMENTS BY DEBTORS
### AND
### LIMITED OBJECTION TO ASSET PURCHASE AGREEEMENT
### INJUNCTION AGAINST SALE OF MORTGAGE NOTES FREE AND CLEAR OF
### LIENS OR LIABILITIES
### AND
### APPOINTMENT OF
### CONSUMER PRIVACY OMBUDSMAN PURSUANT TO U.S.C. § 332
### AND TRUSTEE OR EXAMINER PURSUANT TO U.S.C. § 1104

Upon the motion ( the "Motion") of the Plaintiff, Ms. Rush, for entry of an order pursuant to section 323, 363, 1106 of title 11, United States Code, 11 U.S.C. §§101, et seq, ( the "Bankruptcy Code") and rule 2004 ( "Rule 2004") of the Federal Rules of Bankruptcy Procedure ( the "Bankruptcy Rules"), directing the examination of, and production of documents by, the Debtors that are related to the Plaintiff's loan; and this matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B); and upon consideration of the Motion; and due and proper notice of the Motion having been given, it is hereby ORDERED that:

1.  The Motion is granted to the extent set forth herein.

---

1.  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification Number are: American Home Mortgage Holdings, Inc.("AHM Holdings") (6303); American Home Mortgage Investment Corp. ( "AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Investment"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc.( "AHM Servicing"), aMaryland corporation(7257); American Home Mortgage Corp. ("AHM Corp"), a New York corporation (1558); American Home Mortgage Ventures LLC ( "AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ( "Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.

( "Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

2.  The Debtors shall produce documents on or before the date that is twenty(20) days after entry of this Order responsive to requests to be served by the Plaintiff's substantially in the form of the schedule annexed hereto.

3.  The Debtors shall appear for oral examination by the Plaintiff on or before the date that is twenty (20) days after service of a request therefor is served by the Plaintiff, which request shall be authorized upon substantial completion of document discovery.

4.  The Plaintiff is authorized to compel attendance or production in accordance with rule 9016 of the Bankruptcy Rules.

5.  The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: October ___, 2007.

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

2

**SCHEDULE OF DOCUMENTS TO BE PRODUCED BY DEBTORS OR OTHER
PARTIES OF INTEREST IN THE LOAN NOTE ASSOCIATED
WITH THE SECURITY INTEREST HELD ON PROPERTY
2651 Peery Drive Churchville Md. 21028**

## DEFINITIONS

**The terms used herein shall have the meanings acribed to them in the defintions set forth
below.**

1. "AHM" means American Home Mortgage Investment Corp. ( and any predecessor

thereof), any of its subsidiaries ( and any predecessors thereof), directors, officers,

employees, affilitates ( as defined in the Bankruptcy Code), representatives, advisors,

agents, attorneysm associates or any other person acting on their behalf.

2. "Collateral Asset(s)" means property, including Mortgage-Related Assets, that is the

subject of the the loan in question.

3. "Concerning" means relating to, referring to, describing, evidencing or constituting.

4. "Counterparty" means any Loan or Repurchase Agreement counterparty, inlcuding

Debtor, its predecessors, all parents, subsidiaries, partners, principals, managers and

employees and any successors in interest.

5. The term "document" is intended to have the broadest possible meaning under Rule
   34 of the Federal Rules of Civil Procedure and includes, without limitation, any
   writings, drawings, graphs, charts, photographs, phonorecords, electronic, recorded,
   digitally encoded, graphic, and/or other data compilations from which information
   can be obtained, translated if necessary, by the Debtors through detection devices into
   reasonably usable form, or other information, including originals, translations and
   drafts thereof and all copies bearing notations and marks not found on the original.
   The term "document" includes, without limitation, affadavits, analyses, appointment
   books, appraisals, articles from publications,(whether in paper, database, electronic or
   other format(s), calculations( whether in paper, database, electronic or other
   format(s)), books, books of accounts, statements, cables, calendars, charts,
   checks,(cancelled or uncancelled), check stubs, confirmations, contracts,
   correspondence, credit card receipts, desk calendars, desk pads, diaries, diskettes,
   drafts, estimates, evaluations, filings, financial statements, forms, invoices, journals,
   ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders,

pamphlets, papers, partners' and employees' personal files, partners' and employees' review check lists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, converstaions or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, copies of AHM records and documents, and sheets or things similar to any of the foregoing however denominated. The term "document" further includes email, and electronic communication whether stored on a personal computer, network computer system, backup computer tape and/or disk, or by some other storage mechanism. The term "document" further means any document now or at any time in the possession, custody, or control of the entity to whom this document request is directed ( together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy of thereof from another person having actual possession thereof, including but not limited to, work product contracted by you from professional firms.

6.  "Financing Agreement" means any agreement for the provision of financing, whether

secured, unsecured, structured as a Loan or Repurchase Agreeement.

7.  "Loan" means an agreement, regardless of the terminology employed, concerning the

temporary provision of funds or assets in exchange for the promise to repay an equivalent

amount of funds or assets, plus interest, fees, expenses, and other charges.

8.  "Mortgage Related Asset(s)" means any residential mortgage or home equity loans

evidenced by a promissory note and secured by a mortgage and any securities issues by

an entity that has pooled such mortgage or home equity loans through a securitization

vehicle.

9.  "Regulators" means any  governmental unit to which regulate Debtors through

Federal or State law mandates or licensing regulations in regards to the origination and

servicing of residential mortgage loans.

10. "Repurchase Agreements" means an agreement, including a master agreement,

regardless of the terminology employed, that provides, in whole or in part, for the transfer

of property or interests in property against the transfer of funds by the transferee of such property or interests in property with a simultaneous agreement by such transferee to transfer to the transferor thereof such property or interests in property, or the equivalent, at a date not later than one year after such transfer or on demand against the transfer of funds.

11. "<u>Debtor</u>" means the entity listed above and each of its affiliates, as that term is defined in the Bankruptcy Code.

12. "<u>Value</u>" means unpaid principal balance (UPB), market value, appraised value, opinions of value, estimates of value, stated value, agreed value, liquidation value, discounted present value, future value, historical value, bids, comparable sales or purchases, expressions of interest, book value, or reported value.

13. The words, "<u>you</u>" or "<u>your</u>" means Debtors and any or all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on behalf of Debtors.

## **INSTRUCTIONS**

A.    The documents covered by this request include all documents in your possession, custody or control. Unless otherwise specified, each request herein seeks all documents generated or received by you during the period from January 1, 2007 through and including the date of production.

B.    Each request for the production of documents shall be deemed to be continuing in nature. If at any time additional documents come into your possession, custody or control or are brought to your attention, prompt supplementation of your response to these requests is required.

C.    You shall produce all documents in the manner in which they are maintained in the usual course of your business or you shall organize and label the documents to correspond with the categories in this request. A request shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachements to the document in addition to the document itself.

D.    If and to the extent documents are maintained in a database or other electronic format, you shall produce along with the document(s) software that will enable access to the electronic document(s) or database as you would access such electronic document(s) or database in the ordinary course of your business.

E.    Documents shall be produced in such fashion as to identify the department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

F.    Any document withheld from production based on a claim of privilege or any similar claim shall be identified by (1) the type of document, (2) the general subject matter of the document, (3) the date of the document, and (4) such other information as is sufficient to identify the document including the author of the document, the addressee of the document, and, each claim of privilege shall be set forth.

G.    Documents attached to each other should not be separated.

H.    Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this discovery request.

I.    The fact that a document is produced by another party does not relieve you of the

obligation to produce your copy of the same document, even if the two documents are identical.

J.      In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants, investigators, or by your attorneys or their agents, employees, representatives or investigators.

K.      If you object to any part of any request, you shall state fully in writing the nature of the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request to which you are not objecting.

L.      Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation.

M.      The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

N.      The terms "all" and "each" shall be construed as "all and each."

O.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

P.      The term "including" means "including, without limitation."

## <u>REQUEST FOR PRODUCTION</u>

<u>REQUEST No. 1:</u>

All documents concerning Financing Agreements between Debtors and parties of interest

7

on Plaintiffs note, including any communications concerning the same.

REQUEST No. 2:

All documents concerning any credit enhancements, credit insurance, or other special credit protections and communications in reference to same.

REQUEST No. 3

All documents which prove chain of title and any pledges, trades, or other subordination of the note and all communications in reference to same.

REQUEST No. 4:

All documents relating to the origination of the loan including but not limited to, the full loan package and all attachments, riders, rate sheets, advertising materials, index and margin calculations, YSP based incentives, original loan application, payoff's of previous loans, title insurance, a recorded copy of deed.

REQUEST No. 5:

All documents relating to the payment history, interest rate calculations,

REQUEST No. 6:

All documents relating to the request Ms. Rush has made to address issues of concern with Ms. Rush's loan.

REQUEST No. 7:

All documents relating to servicing and collections calls and conversations, notes, written requests or offers, and any and all notes, communications between Servicing and other departments or affiliated entities in reference to Ms. Rush's loan servicing.

REQUEST No. 8:

All documents relating to the lawsuit pending in Federal Court including any emails, formal or informal communications in reference to the lawsuit.

REQUEST No. 9:

All documents relating to the communications between American Brokers Conduit and The Loan Corporation, including rate sheet provided or advertising materials.

REQUEST No. 10:

All documents relating to the communications and agreements between ServiceLink/ Chicago Title concerning property transfer taxes, and and reinsurance agreements.

REQUEST No. 10:

All documents relating to the communications and agreements between American Home Mortgage and any financing partner, credit default swap partner, or loan pool insurer on Ms. Rush's loan.

REQUEST No. 10:

All documents relating to the communications and agreements between American Home Mortgage and Cohn, Goldberg & Deutsch concerning foreclosure proceeding against Ms. Rush's property.

REQUEST No. 11:

All documents relating to the communications and agreements between American Home Mortgage servicing and any other related companies, affiliates, financing partners, insurers, or American Home Debtor entities or other LLC's concerning Ms. Rush loan origination, servicing, RESPA qualified written request, or any other matter relating to the loan on 2651 Peery Drive Churchville Md. 21028.

REQUEST No. 12:

All documents relating to the payments made or receipt of payments in reference to any ancillary agreements with Credit insurers, captive reinsurance, Great Oak Abstract, or any other method of fee sharing on Ms. Rush's loan transaction.

REQUEST No. 13:

All documents relating to the any representations made to investors or insurers about the credit score, loan to value ratio, appraisal, or any other representations or warranties in reference to Ms. Rush's loan.

REQUEST No. 14:

Plaintiff request the Debtor provide all documents relating in any way to her loan transaction or subsequent servicing, and litigation as defined under #5 Defintions contained within this document.