FILED

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: | : | **Chapter 11** |
|  | : |  |
| **American Home Mortgage** | : | **Jointly Administered** |
| **Holdings, Inc. et al.,** | : | **Under Case No. 07-11047 (CSS)** |
|  | : |  |
| **Debtors** | : |  |
|  | : |  |

### MOTION FOR DISCLOSURE UNDER U.S.C. § 363, § 1106, AND BANKRUPTCY RULE 2004, DIRECTING EXAMINATION OF, AND PRODUCTION OF DOCUMENTS BY DEBTORS AND COMPLAINT FOR INJUNCTION AND PROTECTION OF TAX ESCROW ACCOUNTS AND REQUEST FOR APPOINTMENT OF CONSUMER PRIVACY OMBUDSMAN PURSUANT TO U.S.C. § 332 <u>AND TRUSTEE OR EXAMINER PURSUANT TO U.S.C. § 1104</u>

Laura Beall, appears in this matter, pro se, and moves this court for entry of an order

pursuant to U.S.C. §323, and U.S.C. §1106 of title 11 of the United States Code,

11 U.S.C. § § 101, <u>et seq</u>. (the "<u>Bankruptcy Code</u>") and rule 2004 ("<u>Rule 2004</u>") of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the

examination of, an production of documents by, American Home Mortgage, et al

( "<u>Debtors</u>"). Plaintiff moves this court for an appointment of Consumer Privacy

Ombudsman pursuant to U.S.C. §332 and Trustee or Examiner pursuant to U.S.C. §1104.

---

1.   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numberare: American Home Mortgage Holdings, Inc.("<u>AHM Holdings</u>") (6303); American Home Mortgage Investment Corp. ( "<u>AHM Investment</u>"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("<u>AHM Investment</u>"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc.( "<u>AHM Servicing</u>"), aMaryland corporation(7257); American Home Mortgage Corp. ("<u>AHM Corp</u>"), a New York corporation (1558); American Home Mortgage Ventures LLC ( "<u>AHM Ventures</u>"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ( "<u>Homegate</u>"), a New York corporation (7491); and Great Oak Abstract Corp. ( "<u>Great Oak</u>"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

In support of the Motion, and for protection of the asset of the estate known as; 11002

Blue Roan Road, Oakton VA 22124, loan number #1000570969.

The Plaintiff states as follows:

Upon information and belief the bankruptcy court may be involved in the transfer

of assets from American Home Mortgage to unrelated third parties. Ms. Beall moves this

court to provide adequate protections in reference to her equitable interest in her property

and decisions which may otherwise effect or seek to affect in any way any rights or

interests in Ms. Beall's Property, 11002 Blue Roan Road, Oakton VA 22124, loan #

1000570969. (See Exhibit A)

Upon information and belief American Brokers Conduit, 520 Broadhollow Road,

Melville NY 11747 processed this loan on May 20, 2004. American Home or "unknown"

related financing partner holds security interest in 11002 Blue Roan Road Oakton, VA

22124. The original mortgage loan was brokered through Eagle Funding Inc. for American
Brokers

Conduit, 7142 Columbia Gateway Drive, Columbia MD 21045.  And informed loan was

to be serviced by American Home Mortgage Servicing entity (previously "Columbia National")

7142 Columbia Gateway Drive, Columbia MD 21045. The mortgage loan was later transferred

to American Home Mortgage Servicing unit 4600 Regent Blvd. #200 Irving

Texas 75063.

Upon information and belief the property in question loan number 1000570969

may be part of the Broadhollow LLC or Melville LLC loan pools or a part of the sale of

American Home Servicing unit assets to Wilbur Ross. It is imperative that

Ms. Beall determine the true owner of her loan as she has repeatedly requested from AHM

2

Servicing and AHM Corp. beginning May 17, 2007 to present.

Ms. Beall, appears in this matter, pro se, in accordance with 11 USC

§1109 and Bankruptcy Rule 2004, and requests a hearing on this urgent matter for cause:


TRUTH IN LENDING ACT (TILA) 15 USC 1601-1667f

Sec. 1641. - Liability of assignees; .

**(d)** Rights upon assignment of certain mortgages

 (f) Treatment of servicer
(2) Servicer not treated as owner on basis of assignment for administrative convenience A
servicer of a consumer obligation arising from a consumer credit transaction shall not be treated
as the owner of the obligation for purposes of this section on the basis of an assignment of the
obligation from the creditor or another assignee to the servicer solely for the administrative
convenience of the servicer in servicing the obligation. **Upon written request by the obligor,
the servicer shall provide the obligor, to the best knowledge of the servicer, with the name,
address, and telephone number of the owner of the obligation or the master servicer of the
obligation.**
(3) "Servicer" defined
For purposes of this subsection, the term "servicer" has the same meaning as in section 2605(i)(2)
of title 12.

This filing will serve as notice to any and all prospective purchasers of this note

of the issues regarding this loan, to the bankruptcy Trustee if the true owner is one of the

American Home Mortgage bankrupt entities, or to the true owner of the note which

American Home Servicing has refused to reveal.


Ms. Beall sent a RESPA Qualified Written Request to American Home Mortgage Corp. at 520

Broadhollow, Mellville NY 11747 and to American Home Mortgage Servicing at P.O. Box

631730, Irving, TX 75063-1730.  Signed receipts of delivery are dated August 29, 2007 and

August 30, 2007. American Home Mortgage Servicing stated that they did not receive the

document and were not obligated to comply to any request due their bankruptcy status.

Please take further notice that, as provided in Bankruptcy Rule 3017 (a), Ms. Beall requests that the undersigned be provided with copies of any and all disclosure statements and plans of reorganization.

## JURISDICTION

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §157, and §§§1334, 1135 and 1357. This matter is a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(A)(O). Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

## STATUS OF THIS CASE

2.    On August 6, 2007 ( the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.    Each Debtor is continuing to operate its business an manage its properties as a debtor in possesion pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

## RELIEF REQUESTED AND REASONS THEREOF

Ms. Beall seeks authorization to obtain the production of documents from Debtors concerning (i) the property of the Debtors, including interests in such

property; (ii) the identification and prosecution of certain potential claims against third

parties by the Ms. Beall. seeks entry of the Proposed Order, which includes

and initial examination through document discovery and, subsequent to such document

discovery, depositions of the entities named herein. Ms. Beall's initial examination is

currently limited to the issue of true owner of the mortgage note.

     5.   By this motion ("Motion"), Ms. Beall requests that this Court enter an order,

pursuant to Rule 2004, substantially in the form attached as <u>Exhibit A</u> ( the "<u>Proposed Order</u>")

authorizing the examination of, and production of documents by, Debtors, so that the Ms. Beall

can ascertain the appropriate parties of interest and true holders in due course of the deed of trust

and note held on her property at 11002 Blue Roan Road, Oakton, VA 22124.

     6.   Ms. Beall seeks authorization to obtain the production of documents from AHM

Concerning (i) the property of the Debtors, including interests in such property;(ii) matters that

may affect the administration of the Debtors' estate; and (iii) the identification of certain note

holders, and loan insurers, in reference to Ms. Beall's loan.

     7.   Ms. Beall seeks entry of the Proposed Order, which includes an initial

examination through document discovery and, subsequent to such document discovery,

depositions of the entities named herein. Ms. Beall's initial examination is currently limited to

discrete issues involving the true owner of Ms. Beall's note and mortgage related

securities, other financing partners of interest, credit enhancement providers  and mortgage

insurers for Ms.Beall's loan.

     8.   Ms. Beall expressly reserves the right to serve supplemental and additional

document requests that are within the scope of Rule 2004, and the Plaintiff will schedule

depositions in an efficient manner following the substantial completion of document discovery in

order to minimize the burden on the Debtors. The Plaintiff also expressly reserves the right to seek examination of entities other than the Debtors on similar or other areas of direct correlation to this issue.

## A. Entities From Whom Examination Is Sought

9.   Ms. Beall seeks authority to serve a document request and deposition notice on the AHM Debtors including Broadhollow LLC, Melville LLC,  including by subpoena if necessary, to determine the true owner of Ms. Beall's mortgage note.

10.   Debtors are now in control Ms. Beall's loan through the now bankrupt entity Amercian Home Mortgage Servicing, which is scheduled to be sold and Ms. Beall seeks preservation of documents relating to servicing issues of her loan.

11.  Upon revelation of the true parties of interest in the note, the Ms. Beall  seeks authority to serve a document request and deposition on any affiliated counterparts with an interest in Ms. Beall's loan; including credit default swap partners, credit enhancement partners, financing partners, the mortgage insurers and the true holder of the mortgage note.

## B. Areas of Requested Discovery

12.   Ms. Beall seeks in writing from AHM Servicing stating the restrictions and terms the holder of her mortgage note has placed on her loan for loan modifications, forebearance agreements, loss mitigation and all and any other issues that may arise with her loan.

13.   Ms. Beall seeks in writing from AHM Servicing the name of the mortgage insurer that insures the pool her loan is part of.

14,   Ms. Beall seeks the right to discover the true owner of the mortgage note and have direct dialogue with that party in reference to possible loan modification.

15.     Ms. Beall seeks the right to ensure that documents in reference to her mortgage origination and servicing account are preserved and protected for future legal action against the AHM Debtor entities.

16.     The Rule 2004 discovery requested in this Motion will provide Ms. Beall with information required from those uniquely positioned to have it. Ms. Beall must obtain such information to protect and preserve the plaintiffs' rights and the possible interest of the Debtor's estate in her property which is an asset to the estate valued at over $523,000. Ms. Beall is entitled to seek and obtain discovery regarding these and other matter relating to the acts, conduct, property, and potential liabilities of the Debtor's and their estate. The Ms. Beall requires the requested information to assess fully potential claims against third parties – including, among other parties, some or all of the Debtors.

17.     The discovery sought herein is narrowly tailored to the factual matters raised or implicated by certain issues contained throughout this document. Compliance with the annexed Rule 2004 subpoenas and document requests by the Debtors will not be burdensome and can be achieved without undue hardship in the time period requested.

## C.  Entry of Omnibus Order

18.     To facilitate the necessary discovery, Ms. Beall requests that the Court enter the Proposed Order granting the Motion, and requiring the Debtors to produce documents responsive to schedules to be served by Ms. Beall substantially in the form of the schedule annexed to the Proposed Order. Ms. Beall requests that the Court order that such production be made on or before the date that is twenty (20) days after entry of the Proposed Order.

## APPLICABLE AUTHORITY

19.    Bankruptcy Rule 2004 provides, in relevant part, as follows:

    (a) Examination on Motion. On motion of any party of interest, the court may order the examination of any entity.

    (b) Scope of Examination. The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge...

    (c) Compelling Attendance and Production of Documentary Evidence. The attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.

20.    Examinations under Bankruptcy Rules 2004(a) and (c) may include within their scope, among many other things: any matter which may relate to the property and assets of the estate; the financial condition of the debtor; any matter which may affect the administration of the debtor's estate; and, in a chapter 11 case, any matter relevant to the case or to the formulation of a plan.

21.    A Rule 2004 examination is "designed to bring the Debtor's affairs to light, not to hide them." In re PRS Ins. Group. Inc. 274 B.R. 381, 385 ( Bankr. D. Del. 2001). "The purpose of Rule 2004 examination is 'to show the condition of the estate and to enable the court to discover its extent and whereabouts and to come into possession of it that the rights of creditors may be preserved.'" In re Coffee Cupboard, Inc., 128 B.R. 509, 514 ( Bankr. E.D.N.Y. 1991) (citing Cameron v. United States, 231 U.S. 710, 717 (1914)). See also In red Ionosphere Clubs. Inc., 156 B.R. 414, 432 ( S.D.N.Y. 1993) ( "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation."), aff'd, 17 F. 3d 600 (2d Cir.

1994). The scope of inquiry permitted under a Rule 2004 investigation is generally very broad and can "legitimately be in the nature of a fishing expedition." In re Wilcher, 56 B.R. 428, 433 ( Bankr. N.D. Ill. 1985). See also In re Bakalis, 199 B.R. 443, 447 ( Bankr. E.D.N.Y. 1996)(same); In re Johns-Manville Corp., 42 B.R. 362, 364 (S.D.N.Y. 1984)(same).

22.    The information sought by Ms. Beall concerns the Debtors' "acts, conduct, or property" or "liabilities and financial condition." Bankruptcy Rule 2004. Consequently, the documents sought by Ms. Beall are clearly within the scope of a Rule 2004 examination.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 2004-1

23.    Ms. Beall has discussed with counsel for the Debtors whether the Debtor would agree to voluntarily produce documents and make witnesses available consistent with this Motion. Debtors in the past have not responded to the RESPA qualified written request, however Ms. Beall has attempted to obtain consent before filing of this motion. As of the filing of this Motion, Debtors have not indicated a willingness to proceed voluntarily. In order to prevent unnecessary delay arising from disputes concerning, among other things, the entitlement to the information requested and claims of confidentiality,  Ms. Beall seeks to put this Motion on for a hearing and thereby ensure a fair and expeditious resolution. Prior to the hearing on this Motion, Ms. Beall  will continue discussing the relief sought herein and attempt to resolve any legitimate objections raised by the Debtors.

## TRUSTEE OR EXAMINER

24.    Ms. Beall  moves this court pursuant to §1104(a)(1)(2) for an appointment of Trustee or Examiner  (1) for cause, including fraud, dishonesty, incompetence, or gross

mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause; (2) such appointment is in the interest of creditors, equity security holders, and other interests of the estate, known and unknown parties of interest.

25.    Ms. Beall moves this court pursuant to pursuant to §1106 (3) and requests this court to appoint an independent examiner to investigate the acts, conduct, assets, liabilities, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the formation of a plan. Under §1106 (4)(A)(B) Ms. Beall moves this court to file a statement of any investigation conducted under paragraph (3), including an fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the estate and transmit a summary of any such statement pursuant to §1106 (4)(B).

## AMERICAN HOME MORTGAGE BANKRUPTCY

26.    Upon the filing of this bankruptcy case, the estate was created. The property 11002 Blue Roan Road Oakton, VA 22124, loan number #1000570969, became property of the estate, or is the subject of other assets which numerous banks and government entities are in the process petitioning the court to regain control of. This includes, but is not limited to, all of the debtor's legal or equitable property interests, servicing rights, escrow accounts, loan modification rights, as well as interests in property either recovered by a trustee, preserved for the benefit of the estate, or ordered transferred to the estate, such as avoidable preferences and fraudulent transfers. See 11 U.S.C. §541 (aX1-7).

27.    The Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, carrying forth a basic policy of affording relief only to an

"honest but unfortunate debtor." Congress did not favor giving perpetrators of fraud a fresh start

(by allowing them to wipe out their debts in bankruptcy) over the interest in protecting victims of

fraud when it wrote the Bankruptcy Laws. Accordingly, Section 523(a)(2)(A) of the Bankruptcy

Code excepts from discharge in bankruptcy "any debt .... for money, property, services, or an

extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false

representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

    28.    It is not only the actual value of the "money, property, services, or . . . credit" the

debtor obtained through fraud that is non-dischargeable in bankruptcy, but also treble

 "punitive" damages and attorneys fees and costs related to the fraud. This was made clear

in a March 25, 1998 decision of the Supreme Court of the United States in Cohen v. de la Cruz.

Debts which can't be discharged in bankruptcy....(8) Debts incurred due to false statements

made with the intent to deceive (9) Fraud committed in a fiduciary capacity, such as

embezzlement or larceny(10) Punitive damage claims for "willful and malicious" acts

### CONSUMER PRIVACY OMBUDSMAN

    29.    Upon information and belief borrowers personal information is at risk, and is

being shared with a variety of other entities and potential bidders for the American Home

Servicing business and loan pools such as Broadhollow LLC and Melville LLC.

    30.    The trustee pursuant to U.S.C. § 363 (b)(1) is required to protect the personally

identifiable information about individuals to persons that are not affiliated with the

debtor and if such policy is in effect on the date of the commencement of the case, then the

trustee may not sell personally identifiable information to any person unless(A) such sale or such

lease  is consistent with such policy; or (B) after appointment of a consumer privacy ombudsman

in accordance with section 332, and after notice and a hearing, the court approves such sale (I) giving due consideration to the facts, circumstances, and conditions of such sale; and(ii) finding that no showing was made that such sale would violate applicable nonbankruptcy law. (2) If notification is required under subsection of section 7A of the Clayton Act in the case of a transaction under this subsection, then, (A) notwithstanding subsection (a) of such section, the notification required by such subsection to be given by the debtor shall be given by the trustee; and not disclose to an individual Consumer's have the right to know that personal information is being protected, loan files are being protected, documents related to potential claims are being secured and protected, and private information is not transferred to unknown entities.

31.    Ms. Beall further moves this court to appoint a Consumer privacy ombudsman pursuant to U.S.C. § 332 et seq. in order to protect personal information and property rights pursuant to U.S.C. §363 et seq. of all borrowers whose loans are now part of American Home Mortgage Servicing to protect the interest of all borrowers in reference to currently pending sales of negotiable instruments, documents of title, deposit accounts, and other assets of the estate under 363(a)(b)(1), which may or may not include Ms. Beall's property.

32.    Ms. Beall moves this court, for the bankruptcy trustee as the representative of the estate, pursuant to U.S.C. §323 (a) and U.S.C. §363 (a) to protect all  negotiable instruments, documents of title, securities, deposit accounts, whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, or profits of property and the fees, charges, accounts or other payments for the use or occupancy, whether existing before or after the commencement of a case.

## FAILURE TO PAY PROPERTY TAXES AND ESCROW ACCOUNTS

33.     Upon information and belief, it has been widely reported that in several counties American Home Mortgage has failed to make Property tax payments and bounced checks to various counties for property tax payments. Monies American Home collected and is required to held in escrow for borrowers. AHM continues to demand from borrowers, including Ms. Beall, that they continue to pay taxes and escrows when borrowers have no guarantee the taxes or escrows will be paid. Ultimately the borrower's home could be sold at tax sale if they do not pay the taxes irregardless of the fact the AHM has collected tax money. AHM Servicing refused to to accept Ms. Beall's mortgage payment minus the tax escrow as being insufficient. Told her she would have to write a letter requesting permission to pay her own taxes and insurance with no guarantee it would be allowed. A month after they received her written request, they wrote back and stated that they would allow her to pay her real estate taxes directly to Fairfax County and her hazard insurance premium directly to Liberty Mutual if she sent them a $1300.00 processing fee. Then told her it would take a month to process. And the current balance in her escrow account would "most likely" not be returned to her and held in a suspense fund.

## NOTICE

34.    Notice of this Application will be provided to (i) the United States Trustee of the District of Delaware;(ii) counsel to the Official Committee of Unsecured Creditors; (iii) all parties entitled to notice under Del. Bankr. LR 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

35.    No prior Application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Plaintiff respectfully requests entry of the Proposed Order, in the form attached hereto as Exhibit A, granting relief requested herein directing each of the Debtors to produce the documents requested and appear for depositions, including by subpoenae, to be served on each of the Debtors.

Laura Beall
Pro Se
11002 Blue Roan Road
Oakton, VA 22124
703-691-9092

14

I hereby certify that on this 2nd day of October, 2007, a copy of the foregoing

Motion was mailed by first class mail, postage prepaid to:


Pauline K. Morgan, Esquire
Young, Conoway, Stargatt & Taylor
1000 West Street, 17th Floor
P.O. Box. 391
Wilmington DE 19899-0391


Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207 - Lockbox #35
Wilmington, DE 19801
Phone: 302-573-6491
Fax: 302-573-6497
Attn: Joseph M. McMahon, Esq.

By Fax to:
Senator Dodd
Phone) 202-224-6542
Fax) 202-224-5137
Senator Shumer
Phone) 202-224-7391
Fax) 202-228-3027

*Laura Beall*
Laura Beall
11002 Blue Roan Road
Oakton, Virginia 22124
(703) 691-9092

15