# Exhibit A

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| **American Home Mortgage** | : | Jointly Administered |
| **Holdings, Inc. et al.,** | : | Under Case No. 07-11047 (CSS) |
| | : | |
| | : | |
| **Debtors** | : | |
| | : | |

**ORDER UNDER U.S.C. § 323, § 363, § 1106,
AND BANKRUPTCY RULE 2004, DIRECTING EXAMINATION OF,
AND PRODUCTION OF DOCUMENTS BY DEBTORS
AND COMPLAINT FOR INJUNCTION AND PROTECTION OF TAX ESCROW
ACCOUNTS AND REQUEST FOR APPOINTMENT OF
CONSUMER PRIVACY OMBUDSMAN PURSUANT TO U.S.C. § 332
AND TRUSTEE OR EXAMINER PURSUANT TO U.S.C. § 1104**

Upon the motion ( the "Motion") of the Plaintiff, Ms. Beall, for entry of an order pursuant to section 323, 363, 1106 of title 11, United States Code, 11 U.S.C. §§101, et seq, ( the "Bankruptcy Code") and rule 2004 ( "Rule 2004") of the Federal Rules of Bankruptcy Procedure ( the "Bankruptcy Rules"), directing the examination of, and production of documents by, the Debtors that are related to the Plaintiff's loan; and this matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B); and upon consideration of the Motion; and due and proper notice of the Motion having been given, it is hereby ORDERED that:

1. The Motion is granted to the extent set forth herein.

---

1. The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification Number are: American Home Mortgage Holdings, Inc.("AHM Holdings") (6303); American Home Mortgage Investment Corp. ( "AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Investment"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc.( "AHM Servicing"), a Maryland corporation(7257); American Home Mortgage Corp. ("AHM Corp"), a New York corporation (1558); American Home Mortgage Ventures LLC ( "AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ( "Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ( "Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

1

2. The Debtors shall produce documents on or before the date that is twenty(20) days after entry of this Order responsive to requests to be served by Ms. Beall substantially in the form of the schedule annexed hereto.

3. The Debtors shall appear for oral examination by Ms. Beall on or before the date that is twenty (20) days after service of a request therefor is served by Ms. Beall which request shall be authorized upon substantial completion of document history.

4. The Plaintiff is authorized to compel attendance or production in accordance with rule 9016 of the Bankruptcy Rules.

5. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: October 2, 2007.

                The Honorable Christopher S. Sontchi
                United States Bankruptcy Judge

**SCHEDULE OF DOCUMENTS TO BE PRODUCED BY DEBTORS OR OTHER PARTIES OF INTEREST IN THE LOAN NOTE ASSOCIATED WITH THE SECURITY INTEREST HELD ON PROPERTY 1102 BLUE ROAN ROAD OAKTON,VA 22124, LOAN NUMBER #1000570969**

### DEFINITIONS

**The terms used herein shall have the meanings acribed to them in the definitions set forth below.**

1. "AHM" means American Home Mortgage Investment Corp. (and any predecessor thereof), any of its subsidiaries ( and any predecessors thereof), directors, officers, employees, affililates ( as defined in the Bankruptcy Code), representatives, advisors, agents, attorneysm associates or any other person acting on their behalf.

2. "Collateral Asset(s)" means property, including Mortgage-Related Assets, that is the subject of the loan in question.

3. "Concerning" means relating to, referring to, describing, evidencing or constituting.

4. "Counterparty" means any Loan or Repurchase Agreement counterparty, including Debtor, its predecessors, all parents, subsidiaries, partners, principals, managers and employees and any successors in interest.

5. The term "document" is intended to have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any writings, drawings, graphs, charts, photographs, phone records, electronic, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary, by the Debtors through detection devices into reasonably usable form, or other information, including originals, translations and drafts thereof and all copies bearing notations and marks not found on the original. The term "document" includes, without limitation, affidavits, analyses, appointment books,

3

appraisals, articles from publications,(whether in paper, database, electronic or other format(s), calculations( whether in paper, database, electronic or other format(s)), books, books of accounts, statements, cables, calendars, charts, checks,(cancelled or uncancelled), check stubs, confirmations, contracts, correspondence, credit card receipts, desk calendars, desk pads, diaries, diskettes, drafts, estimates, evaluations, filings, financial statements, forms, invoices, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, partners' and employees' personal files, partners' and employees' review check lists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, copies of AHM records and documents, and sheets or things similar to any of the foregoing however denominated. The term "document" further includes email, and electronic communication whether stored on a personal computer, network computer system, backup computer tape and/or disk, or by some other storage mechanism. The term "document" further means any document now or at any time in the possession, custody, or control of the entity to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy of thereof from another person having actual possession thereof, including but not limited to, work product contracted by you from professional firms.

6. "Financing Agreement" means any agreement for the provision of financing, whether secured, unsecured, structured as a Loan or Repurchase Agreement.

7. "Loan" means an agreement, regardless of the terminology employed, concerning the temporary provision of funds or assets in exchange for the promise to repay an equivalent amount of funds or assets, plus interest, fees, expenses, and other charges.

8. "Mortgage Related Asset(s)" means any residential mortgage or home equity loans evidenced by a promissory note and secured by a mortgage and any securities issues by an entity that has pooled such mortgage or home equity loans through a securitization vehicle.

9. "Regulators" means any governmental unit to which regulate Debtors through Federal or State law mandates or licensing regulations in regards to the origination and servicing of residential mortgage loans.

10. "Repurchase Agreements" means an agreement, including a master agreement, regardless of the terminology employed, that provides, in whole or in part, for the transfer of property or interests in property against the transfer of funds by the transferee of such property or interests in property with a simultaneous agreement by such transferee to transfer to the transferor thereof such property or interests in property, or the equivalent, at a date not later than one year after such transfer or on demand against the transfer of funds.

11. "Debtor" means the entity listed above and each of its affiliates, as that term is defined in the Bankruptcy Code.

12. "Value" means unpaid principal balance (UPB), market value, appraised value, opinions of value, estimates of value, stated value, agreed value, liquidation value,

discounted present value, future value, historical value, bids, comparable sales or purchases, expressions of interest, book value, or reported value.

13. The words, "you" or "your" means Debtors and any or all past or present employees, partners, agents, representatives, officers, attorneys, or other persons or entities acting or purporting to act for or on behalf of Debtors.

### INSTRUCTIONS

A. The documents covered by this request include all documents in your possession, custody or control. Unless otherwise specified, each request herein seeks all documents generated or received by you during the period from January 1, 2007 through and including the date of production.

B. Each request for the production of documents shall be deemed to be continuing in nature. If at any time additional documents come into your possession, custody or control or are brought to your attention, prompt supplementation of your response to these requests is required.

C. You shall produce all documents in the manner in which they are maintained in the usual course of your business or you shall organize and label the documents to correspond with the categories in this request. A request shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

D. If and to the extent documents are maintained in a database or other electronic format, you shall produce along with the document(s) software that will enable access to the electronic document(s) or database as you would access such electronic document(s)

or database in the ordinary course of your business.

E.Documents shall be produced in such fashion as to identify the department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

F.Any document withheld from production based on a claim of privilege or any similar claim shall be identified by (1) the type of document, (2) the general subject matter of the document, (3) the date of the document, and (4) such other information as is sufficient to identify the document including the author of the document, the addressee of the document, and, each claim of privilege shall be set forth.

G.Documents attached to each other should not be separated.

H.Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this discovery request.

I.The fact that a document is produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

J.In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants, investigators, or by your attorneys or their agents, employees, representatives or investigators.

K.If you object to any part of any request, you shall state fully in writing the nature

of the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request to which you are not objecting.

L.    Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation.

M.    The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

N.    The terms "all" and "each" shall be construed as "all and each."

O.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

P.    The term "including" means "including, without limitation."

## REQUEST FOR PRODUCTION

REQUEST No. 1:

All documents concerning Financing Agreements between Debtors and parties of interest on Ms. Beall's note, including any communications concerning the same.

REQUEST No. 2:

All documents concerning any credit enhancements, credit insurance, or other special credit protections and communications in reference to same.

REQUEST No. 3

All documents which prove chain of title and any pledges, trades, or other subordination of the note and all communications in reference to same.

REQUEST No. 4:

All documents relating to the origination of the loan including but not limited to, the full loan package and all attachments, riders, rate sheets, advertising materials, index and margin calculations, YSP based incentives and original loan application.

8

REQUEST No. 5:

All documents relating to the payment history to include interest rate calculations.

REQUEST No. 6:

All documents relating to the request Ms. Beall has made to address issues of concern with Ms. Beall's loan.

REQUEST No. 7:

All documents relating to servicing: records of phone calls, notes in my files, written requests or offers, records of communications between Servicing and other departments or affiliated entities in reference to Ms. Beall's loan servicing.

REQUEST No. 8:

All documents included in Ms. Beall's refinance application dated May 27, 2007 in AHM's Retention Department.

REQUEST No. 9:

Written reason why offered loan modification of a 7/1 ARM on May 27, 2007, changed 9.75% 30 year fixed on June 3, 2007.

REQUEST No. 10:

Documents disclosing the true owner of Ms. Beall's note, and the name of the mortgage insurance company that insures the pool her loan is a part of.

REQUEST No. 11

Documents disclosing the restrictions the investor of Ms. Beall's loan has dictated with regards to loan modifications, forebearances, loss mitigation and any other issues that may potentially arise with the mortgage loans pledged in the pool her loan is a part of.