# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x  Chapter 11

In re:                                                  :
                                                        :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                   :
HOLDINGS, INC., a Delaware corporation, et al.,[1]      :  Jointly Administered
                                                        :
        Debtors.                                        :
                                                        :  **Hearing Date: October 31, 2007 at 10:00 a.m.**
                                                        :  **Objection Deadline: October 24, 2007 at 4:00 p.m.**
------------------------------------------------------- x

**DEBTORS' MOTION PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY
CODE AND FED. R. BANKR. P. 9018 FOR AN ORDER AUTHORIZING THE
DEBTORS TO FILE, UNDER SEAL, THE PURCHASE PRICE OF THE SUCCESSFUL
BIDS AT THE AUCTION FOR THE BROADHOLLOW AND MELVILLE LOANS**

The above-captioned debtors and debtors-in-possession (collectively, "the

"Debtors"), by and through their undersigned attorneys, hereby submit this motion (the

"Motion") for entry of an order pursuant to section 107(b) of title 11 of the United States Code,

11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

"Local Rules"), authorizing the Debtors to file the purchase prices of the successful bids received

at the auction (the "Auction") conducted by AHM Servicing in accordance with the sale

procedures approved by Order of the United States Bankruptcy Court for the District of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

066585.1001

Delaware, dated August 22, 2007 (as modified prior to and during the Auction with the consent of the Official Committee of Unsecured Creditors, the "Sale Procedures") for the sale of the Broadhollow and Melville Mortgage Loans (as defined below) under seal.  In support of the Motion, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.    On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1005(b) of the Federal Rules of Bankruptcy Procedure.  Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On August 14, 2007, the United States Trustee for the District of Delaware appointed The Official Committee of Unsecured Creditors (the "Committee").  No trustee or examiner has been appointed.

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested are sections 107(b) and Bankruptcy Rule 9018.

## BACKGROUND

4.    A detailed description of the background of giving rise to these chapter 11 cases and this Motion is set forth in *Emergency Motion of the Debtors for Entry of an Order (I) Authorizing Debtors to Enter into and Perform Under Auction Procedures Agreement; (II) Approving Sale Procedures in Connection with the Sale of Certain Assets of Non-Debtors*

*Broadhollow Funding, LLC and Melville Funding, LLC; (III) Approving the Form of Notice of Auction; and (IV) Approving the Sale to the Successful Bidder* [Docket No. 203] (the "Broadhollow and Melville Loan Sale Motion"). The Broadhollow and Melville Loan Sale Motion and the Sale Procedures were approved by Order dated August 22, 2007 [Docket No. 282] (the "Broadhollow and Melville Loan Sale Order").[2]

5.    In accordance with the Sale Procedures, AHM Servicing, one of the Debtors, conducted the sale (the "Sale") by auction of certain mortgage loans purchased by (i) Broadhollow Funding, LLC ("Broadhollow") pursuant to that certain Mortgage Loan Purchase and Servicing Agreement, dated as of May 27, 2004, by and between Broadhollow, as purchaser, American Home Mortgage Corp., as seller, American Home Mortgage Servicing, Inc. (as successor to Columbia National, Inc.), as servicer, and American Home Mortgage Investment Corp., as performance guarantor, and (ii) Melville Funding, LLC ("Melville") pursuant to that certain Mortgage Loan Purchase and Servicing Agreement, dated as of May 27, 2004, by and between Melville, as purchaser, American Home Mortgage Corp., as seller, American Home Mortgage Servicing, Inc. (as successor to Columbia National, Inc.), as servicer, and American Home Mortgage Investment Corp., as performance guarantor.

6.    The mortgage loans purchased by Broadhollow and Melville for sale by auction (collectively, the "Broadhollow and Melville Mortgage Loans") were categorized into the following six pools for the Auction: (i) Broadhollow Agency Eligible Performing Loans, (ii) Melville Agency Eligible Performing Loans, (iii) Broadhollow Non-Agency Eligible Performing Loans, (iv) Melville Non-Agency Eligible Performing Loans, (v) Broadhollow Non-Performing Loans, and (vi) Melville Non-Performing Loans.

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to such terms in the

7.      On September 26, 2007, AHM Servicing conducted the Auction in accordance with the Sale Procedures resulting in the Sale of the Broadhollow and Melville Mortgage Loans to the Successful Bidders identified on Exhibit A annexed hereto.  At the hearing to approve the Sale Procedures and the Sale of the Broadhollow and Melville Mortgage Loans, the Court requested that the Debtors file the results of the Auction, but recognized that the purchase prices may be sensitive and confidential information.  In accordance with those instructions, on October 3, 2007, the Debtors filed a notice identifying the Successful Bidders of the Broadhollow and Melville Mortgage Loans [Docket No. 1122].  The notice, however, does not identify the purchase prices (collectively, the "Purchase Prices") due to the sensitivity and confidential nature of the Purchase Prices.  Annexed hereto as Exhibit A is a schedule that identifies the Successful Bidders for the Broadhollow and Melville Mortgage Loans, but redacts the Purchase Prices.

## RELIEF REQUESTED

8.      By this Motion, the Debtors respectfully request that the Court enter an order authorizing the Debtors to file an unredacted version Exhibit A under seal and directing that the unredacted Exhibit A shall remain under seal, confidential and not be made available to anyone, except to counsel to (i) the U.S. Trustee; (ii) the Committee; (iii) Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; or (iv) others (a) at the discretion of the Debtors or (b) upon further order of the Bankruptcy Court.[3]

---

Broadhollow and Melville Loan Sale Order.

[3]  An unredacted copy of Exhibit A will be submitted to the Court in a separate prominently marked envelope as directed by Local Rule 9018-1(b).

## BASIS FOR RELIEF

9.    Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may --
>
> (1)    protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)    protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

10.    Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code section 107(b), and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information...." Fed. R. Bankr. P. 9018.  Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

11.    Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio

1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d at 27.

12.    The Debtors submit that the Purchase Prices for the Broadhollow and Melville Mortgage Loans satisfy one of the categories in section 107(b) of the Bankruptcy Code. The Debtors submit that the Purchase Prices constitute confidential commercial information. Commercial information has been defined as information that would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." In re Orion Pictures Corp., 21 F.3d at 27.

13.    The Debtors have filed and anticipate filing additional motions for the authority to sell assets, including mortgage loans, in order to maximize the value of their estates for the benefit of their stakeholders. In order to ensure that the Debtors can maximize the value of the remaining assets, filing the Purchase Prices for the Broadhollow and Melville Mortgage Loans under seal is necessary to allow the Debtors to negotiate the best possible terms of sale agreements for other mortgage loan asset sales. Disclosure of the Purchase Price may harm and prejudice the Debtors by enabling other potential buyers access to confidential sale information. Such potential buyers may use the Purchase Price as leverage against the Debtors as they negotiate the terms of other mortgage loan asset sales with the Debtors.

14.    In order to safeguard the Debtors' ability to negotiate even more advantageous agreements with other potential buyers, the Debtors respectfully request that this Court grant the relief requested herein. Based on the circumstances described above, the Debtors believe that they have provided sufficient evidence to show that filing of the Purchase Prices for the Broadhollow and Melville Mortgage Loans under seal outweighs the presumption of public

access to court records and the settlements.  See In re Muma Services, Inc. et al., 279 B.R. 478, 485 (Bankr. D. Del. 2002).  Permitting the Debtors to file the unredacted version of Exhibit A under seal will serve the purpose of maximizing value for the Debtors' creditors, as well as to assist the Debtors in furtherance of pending and future sales.  Id.

15.    To ensure that the key constituencies in these cases receive adequate disclosure, the Debtors will provide copies of the unredacted Exhibit A to (i) the U.S. Trustee; (ii) the Committee; (iii) Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; or (iv) others (a) at the discretion of the Debtors or (b) upon further order of the Bankruptcy Court, which parties shall be required to the unredacted version of Exhibit A confidential.  The Debtors submit that such disclosure will provide sufficient safeguards to ensure that the relief requested in this Motion will not adversely affect the interests of parties to these chapter 11 proceedings.

## NOTICE

16.    The Debtors will serve this Motion on (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to agent for the Debtors' postpetition lenders; (v) the U.S. Securities and Exchange Commission; and (vi) all parties entitled to notice under Local Rule 2002-1(b).

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit B authorizing the Debtors to file an unredacted version of Exhibit A under seal and grant such other relief as the Court deems just and proper.

Dated: Wilmington, Delaware
October 12, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
M. Blake Cleary (No. 3614)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

**EXHIBIT A**

| MORTGAGE LOAN | SUCCESSFUL BIDDER | PURCHASE PRICE |
|---|---|---|
| Broadhollow Non-Performing Loans | Citibank, N.A. | *REDACTED* |
| Melville Non-Performing Loans | Citibank, N.A. | *REDACTED* |
| Broadhollow Agency Eligible Performing Loans | Lehman Brothers Bank, FSB | *REDACTED* |
| Broadhollow Non-Agency Eligible Performing Loans | Lehman Brothers Bank, FSB | *REDACTED* |
| Melville Agency Eligible Performing Loans | JP Morgan Acquisition Corp. | *REDACTED* |
| Melville Non-Agency Eligible Performing Loans | JP Morgan Acquisition Corp. | *REDACTED* |