IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             :   Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                    :
                                                                   :   Jointly Administered
    Debtors.                                                       :
                                                                   :   Ref. Docket No. 1449
                                                                   :   Hrg. Date: Oct. 17, 2007 at 12:00 p.m.
------------------------------------------------------------------ x

## DEBTORS' OBJECTION TO THE EMERGENCY MOTION OF GMAC MORTGAGE LLC F/K/A GMAC MORTGAGE CORP. AND RESIDENTIAL FUNDING CO. LLC F/K/A RESIDENTIAL FUNDING CORP. TO CONTINUE OCTOBER 15, 2007 SALE HEARING

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[1] object (the "Objection") to the Emergency Motion of GMAC Mortgage LLC f/k/a GMAC Mortgage Corp. and Residential Funding Co. LLC f/k/a Residential Funding Corp. (collectively, "GMAC") to continue the October 15, 2007 Sale Hearing,[2] [D.I. 1449] (Oct. 10, 2007) (the "Motion"). In support of such Objection, the Debtors respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Debtors' Omnibus Response to Certain Objections to the Sale of Certain Assets and the Assumption and Assignment of Executory Contracts Relating to the Debtors' Loan Servicing Business, D.I. 1443 (Oct. 10, 2007) (the "Debtors' Sale Brief").

## FACTS

The Modified Cure Notice, filed on September 10, 2007, identified the GMAC Servicing Agreements at issue and made clear the Debtors' position that such agreements were severable from any Other Agreements associated with them. The APA, docketed on September 25, 2007, again identified the GMAC Servicing Agreements at issue and made clear that the Buyer would not be assuming any liabilities under the Other Agreements. The APA also designated as "disputed" those GMAC Servicing Agreements that were allegedly terminated prepetition and, further, provided that such disputes would *not* be litigated prior to the Initial Closing on October 31, 2007.

On September 25, 2007, the Court scheduled the Sale Hearing for October 9, 2007. On October 4, 2007, the Debtors, the Buyer, and the Administrative Agent, with the consent of the Committee, agreed to continue the Sale Hearing to October 15, 2007. In accordance with the Order Granting Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 for an Order Approving and Authorizing Compromise and Settlement Agreement with Fannie Mae [D.I. 611], the Debtors' deadline to sell the Fannie Mae portfolio of loans, a valuable component of the Purchased Assets, is October 31, 2007. The date of the Initial Closing under the APA is also October 31, 2007. Accordingly, the Debtors do not consent to any further continuance of the Sale Hearing.

On October 4, 2007, GMAC noticed depositions of the Debtors and their financial advisor ("Milestone"). The Debtors objected to the scope of such depositions on October 10, 2007 [D.I. 1413 & 1414] but agreed to produce four witnesses. The depositions are ongoing.

## ARGUMENT

With the deadline looming, GMAC's Motion is nothing more than an attempt to gain leverage in negotiations with the Debtors. The GMAC Servicing Agreements are Stand-

Alone Servicing Agreements, and any assumption and assignment of such agreements[3] will be *in toto*, save for any provisions that are invalidated by the Bankruptcy Code (e.g., cross-default, *ipso facto*, and express or *de facto* anti-assignment provisions as discussed in the Debtors' Sale Brief). The validity of the alleged prepetition termination of certain of the GMAC Servicing Agreements that were the subject of questions posed to the Debtors' 30(b)(6) witness[4] will *not* be addressed at the Sale Hearing. Thus, the issues to be determined at the Sale Hearing are largely *legal*, a point that is underscored by the fact that GMAC does not indicate in its Motion what, if any, relevant issues it plans to investigate or facts it hopes to discover should the Sale Hearing be further continued.

Although the Debtors had their doubts about GMAC's motives from the start,[5] the Debtors have bent over backwards to accommodate GMAC's and other objectors' discovery requests and informal inquiries[6]—only to have their witnesses' and attorneys' time wasted due to GMAC's insistence on inquiring about matters *not* at issue in the Sale Hearing, such as the alleged prepetition termination of the GMAC Servicing Agreements and the existence and nature of alleged defaults under Other Agreements unrelated to servicing. To add insult to injury, GMAC now accuses the Debtors of discovery abuse, misstating applicable law in the process.

---

[3] As discussed in the Debtors' Sale Brief, the Servicing Agreements are not executory contracts, and the Servicing Rights may be sold pursuant to § 363 of the Bankruptcy Code.

[4] The only GMAC agreements counsel to GMAC discussed with respect to an allegation by GMAC prepetition termination related to American Home Mortgage Investment Trust 2005-1, 2005-and 2005-4a.

[5] GMAC is the Backup/Master Servicer with respect to other HELOC Servicing Agreements not expressly at issue in this Motion, and thus has an obvious pecuniary interest in derailing the sale of the Debtors' servicing business.

[6] For example, under Fed. R. Civ. P. 45(a)(2)(B), made applicable to these proceedings by Fed. R. Bankr. P. 9016, a subpoena for attendance at a deposition "must issue . . . in the name of the court for the district where the deposition is to be taken." The purpose of this requirement is to ensure that the issuing court will have power to control disputes arising from the discovery that is the subject of the subpoena. United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., 444 F.3d 462, 468 (6th Cir. 2006). The place of deposition set forth in the Milestone subpoena was Washington, D.C., but the subpoena was issued from this Court. As such, the subpoena was improperly issued. Nonetheless, the Debtors produced an appropriate witness for deposition by GMAC. In addition, the Debtors uploaded all documents received by their expert witness to an FTP website and provided GMAC's counsel access to such website.

For example, GMAC complains that the Debtors have not provided disclosures regarding their expert witness "as required by Fed. R. Civ. P. 26(a)(2), as incorporated by Fed. R. Bankr. P. 7026" (Motion ¶ 26) and complain of the Debtors' "failure to disclose their retention of an expert . . . until October 8" (Motion ¶ 37).  Yet, Rule 26(b)(2) does not apply to a contested matter in the absence of a Court order stating otherwise.  Fed. R. Bankr. P. 9014(c) ("The following subdivisions of Fed. R. Civ. P. 26, as incorporated by Rule 7026, shall not apply in a contested matter unless the court directs otherwise: . . . 26(a)(2) (disclosures regarding expert testimony) . . . .").  GMAC itself acknowledges that "the Sale Motion is unquestionably a contested matter" governed by Fed. R. Bankr. P. 9014(c) (Motion ¶ 40), but it cannot cite an order of this Court directing the Debtors to comply with Rule 26(a)(2).  Accordingly, it is not clear what legal basis GMAC has for accusing the Debtors of noncompliance with the discovery rules.

GMAC further complains that the Debtors' Fed. R. Civ. P. 30(b)(6) witness ("Mr. Love") was not the "most knowledgeable person" about the matters for which GMAC wished to question him.  However, there is no such requirement in Rule 30(b)(6), made applicable to these proceedings by Fed. R. Bankr. P. 9014(c) and 7030.  See Fed. R. Civ. P. 30(b)(6); Sidney I. Schenkier, Trial Practice: Federal Rule of Civil Procedure 30(b)(6), 20 GPSOLO Magazine 6 (Sept. 2003)[7] ("[A] common error in Rule 30(b)(6) notices is the demand that the corporation produce the person(s) 'most knowledgeable' about the matter in issue.  There is no requirement that the corporation produce the 'most knowledgeable' witness.").  The Rule 30(b)(6) designee need only "testify as to matters known or reasonably available to the organization."  Id.  The Debtors designated Mr. Love to testify about (i) the Debtors' continuation of servicing under the GMAC Servicing Agreements and (ii) the existence and/or cure of servicing-related defaults.

---

[7]  Available at http://www.abanet.org/genpractice/magazine/2003/sep/civilprocedure.html (last accessed Oct. 12, 2007).  The author is a United States Magistrate Judge for the Northern District of Illinois.

Rule 30(b)(6) required nothing more from the Debtors. GMAC's disappointment that Mr. Love was unable to answer questions beyond the scope of testimony for which he was offered (e.g., concerning the alleged prepetition termination of the GMAC Servicing Agreements or defaults under non-servicing related agreements) does not amount to a discovery violation.

In sum, the Court need not continue the Sale Hearing in order to "allow [GMAC] to conduct the necessary discovery they are entitled to under the Bankruptcy Rules." (Motion ¶ 41.) GMAC has had all the discovery to which it was entitled (if not more) by the Bankruptcy Rules. If GMAC squandered its opportunity to obtain relevant facts in the course of such discovery, that is not the Debtors', the Buyer's, the Administrative Agent's, or this Court's problem. The Sale Hearing should proceed as planned on October 15, 2007.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an Order denying the Motion and granting the Debtors such other and further relief as is just and proper.

Dated:   Wilmington, Delaware
         October 12, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ signature

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
John T. Dorsey (No. 2988)
Sharon M. Zieg (No. 4196)
Erin D. Edwards (No. 4392)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession