## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------x

In re

AMERICAN HOME MORTGAGE HOLDINGS,
INC., *et al.*, [1]

                                    Debtors.

-------------------------------------------------------------------x

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)

**Re: Docket No. 1449**

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO EMERGENCY MOTION OF GMAC MORTGAGE LLC,
FORMERLY KNOWN AS GMAC MORTGAGE CORPORATION AND
RESIDENTIAL FUNDING COMPANY LLC, FORMERLY KNOWN AS
RESIDENTIAL FUNDING CORPORATION TO CONTINUE THE
OCTOBER 15, 2007 HEARING REGARDING (I) THE EMERGENCY
MOTION OF THE DEBTORS FOR ORDERS: (A)(I) APPROVING SALE
PROCEDURES; (II) SCHEDULING A HEARING TO CONSIDER SALE OF
CERTAIN ASSETS USED IN DEBTORS' LOAN SERVICING BUSINESS;
(III) APPROVING FORM AND MANNER OF NOTICE THEREOF AND (IV)
GRANTING RELATED RELIEF; AND (B)(I) AUTHORIZING THE SALE OF
SUCH ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND
ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND
APPROVING PURCHASE AGREEMENT THERETO; (III) APPROVING
THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (IV)
GRANTING RELATED RELIEF AND (II) THE MODIFIED NOTICE OF (I)
POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES,
LICENSE AGREEMENTS, AND EXECUTORY CONTRACTS; AND (II)
<u>PROPOSED CURE OBLIGATIONS, IF ANY</u>**

The Official Committee of Unsecured Creditors (the "*Committee*") of the above-

captioned debtors and debtors-in-possession (the "*Debtors*"), by and through its counsel,

objects (the "*Objection*") to the Emergency Motion of GMAC Mortgage LLC, formerly known

as GMAC Mortgage Corporation ("GMACM") and Residential Funding Company LLC,

formerly known as Residential Funding Corporation ("GMAC-RFC" and collectively with

---

[1]  The Debtors in these cases are: AHM Holdings; American Home Mortgage Investment Corp.; American Home
Mortgage Acceptance, Inc.  ("*AHM Acceptance*"); American Home Mortgage Servicing, Inc.  ("*AHM Servicing*");
American Home Mortgage Corp.  ("*AHM Corp.*"); American Home Mortgage Ventures LLC; Homegate Settlement
Services, Inc.; and Great Oak Abstract Corp.

GMACM, the "GMAC Entities") to Continue the October 15, 2007 Hearing Regarding (I) the

Emergency Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II)

Scheduling a Hearing to Consider Sale of Certain Assets Used in Debtors' Loan Servicing

Business; (III) Approving Form and Manner of Notice thereof and (IV) Granting Related

Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims and

Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement

thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and

Unexpired Leases Related thereto; and (IV) Granting Related Relief and (II) the Modified

Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and

Executory Contracts; and (II) Proposed Cure Obligations, if any (the "*Motion*") [Docket No.

1449].  In support of the Objection, the Committee respectfully states as follows:

## BACKGROUND

1.      On August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary

petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*

(the "*Bankruptcy Code*") with the United States Bankruptcy Court for the District of Delaware

(the "*Court*").

2.      Also on the Petition Date, the Debtors filed a motion to approve the

procedures for a sale of the Debtors' loan servicing platform (the "*Servicing Platform*"), to

authorize the sale of the Servicing Platform free and clear of liens, claims and encumbrances and

other interests, and to approve the assumption and assignment of certain executory contracts and

unexpired leases related to the Servicing Platform (the "*Sale Motion*") [Docket No. 11].

3.      Since the Petition Date, the Debtors have continued in the operation of

their business and management of their properties as debtors-in-possession pursuant to sections

2

1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

4.       On August 9, 2007, the Court entered an Order establishing procedures for the sale of the Debtors' Servicing Platform and providing, *inter alia*, that an auction to sell the Servicing Platform shall take place on September 11, 2007 [Docket No. 113], which date was initially extended to September 24, 2007.

5.       On August 14, 2007, the Office of the United States Trustee for the District of Delaware appointed the Committee.

6.       On September 14, 2007, a notice was filed which extended the deadlines for parties to object to the Sale Motion to October 1, 2007 and for the submission of bids for the Servicing Platform to October 2, 2007.  Furthermore, the auction of the Servicing Platform was rescheduled to October 5, 2007 and the hearing on the Sale Motion was rescheduled to October 9, 2007 [Docket No. 746].

7.       On September 20, 2007, GMACM and GMAC-RFC both filed individual objections to the Sale Motion [Docket Nos. 857 and 859, respectively].  Supplemental objections were filed by GMACM and GMAC-RFC on October 2, 2007 [Docket Nos. 1071 and 1061, respectively].

8.       On September 25, 2007, the Debtors filed the notice of filing of executed Asset Purchase Agreement (the "APA") [Docket No. 931] which included an executed copy of the APA with the appropriate schedules as well as a form of the proposed sale Order.  These documents clearly provided the GMAC Entities with notice of many of the issues that are addressed in their objections.

3

9.      On October 2, 2007, the Court entered an Order granting the Debtors and other interested parties leave to file a reply to the objections that were filed to the Sale Motion until October 4, 2007.  [Docket No. 1045].

10.     On October 4, 2007, the Debtors filed a notice of cancellation of the auction indicating that the hearing on the Sale Motion would be going forward on October 15, 2007 and that the Debtors intended to seek approval of the sale of the Servicing Platform to AH Mortgage Acquisition Co., Inc. (the "Purchaser") [Docket No. 1220].

11.     Also on October 4, 2007, the GMAC Entities filed and served notices of depositions on the Debtors and on Milestone Advisors, LLC, as investment bankers and financial advisors to the Debtors ("Milestone"), pursuant to a subpoena.  [Docket Nos. 1243 and 1216, respectively].

12.     On October 8, 2007, the Debtors provided a list of witnesses that would be made available on behalf of the Debtors and Milestone to provide testimony in response to the subpoenas.  On October 9, 2007, the Debtors circulated a schedule for the depositions and provided for an additional deponent to be added to the schedule.  Five depositions are scheduled to be taken over the course of three days in order to provide the GMAC Entities and the other parties who object to the Sale Motion sufficient information to address any outstanding concerns.

13.     On October 10, 2007, the Debtors filed their Omnibus Response to the objections that were filed opposing the approval of the Sale Motion [Docket No. 1443]. Additionally on October 10, 2007, the Committee filed a Joinder and Response in support of the Debtors' Omnibus Reponses [Docket No. 1446].  Furthermore, the Committee and the Debtors have been working diligently with several of the parties that filed objections to the Sale Motion in an effort to come to an agreement on certain issues that would resolve their objections.

## **OBJECTION**

14.     The GMAC Entities seek an order of the Court to continue the hearing on the Sale Motion currently scheduled for October 15, 2007.  The GMAC Entities do not assert a specific time-frame for the requested continuance nor do they provide a specific date on which they seek for the Sale Motion to be heard by this Court.  For the reasons set forth below, the Committee respectfully requests that the GMAC Entities' Motion be denied and the hearing on the Sale Motion go forward as currently scheduled on October 15, 2007.

15.     The detriment that the Debtors' estates will suffer far outweighs any benefit that GMAC believes it will receive by continuing the hearing on the Sale Motion to a later date.  The sale of the Debtors' Servicing Platform has been on an expedited track from the very commencement of these cases.  The accelerated nature of the sale of the Debtors' Servicing Platform has been driven by the nature of the assets being sold and the volatile nature of the industry at the present time.  Thus, the Committee and the Debtors seek to proceed in an expedited manner in order to maximize the value of the Debtors' estates for the benefit of their creditors.

16.     Additionally, an extensive delay in the closing of the sale of the Debtors' Servicing Platform could result in a default under the Stipulation between the Debtors and Fannie Mae approved by this Court that resolved a dispute between the Debtors and Fannie Mae regarding servicing certain of the Fannie Mae loans (the "Stipulation") [Docket No. 611]. Pursuant to the Stipulation, the Debtors continue to be a Fannie Mae qualified servicer but are required to market their Servicing Platform such that a sale would occur resulting in the transfer of the Fannie Mae loans to a new servicer by October 31, 2007.  If the Debtors do not fulfill this condition, Fannie Mae is entitled to terminate the servicing of this portfolio of loans which would result in a significant loss to the Debtors' estates.  Thus, the hearing for the Sale Motion

5

must go forward as scheduled in order to avoid a potentially devastating effect on the Debtors'

estates that such a delay would cause.

    17.  Furthermore, the GMAC Entities are not entitled to any additional time to

conduct discovery as requested in the Motion because GMAC has had sufficient notice of the

proposed sale of the Debtors' Servicing Platform and effectively, have waited to conduct

discovery until they felt the time was appropriate.  As noted above, notice of the Debtors' sale of

the Servicing Platform was first provided on the Petition Date, August 6, 2007, and, thus, many

of the issues raised by the GMAC Entities in the GMAC Objections have existed since the

Petition Date.  Furthermore, the issues raised in the GMAC Objections and reiterated in the

Motion are not particular to this Purchaser and are issues that would have been germane in a sale

to any purchaser of the Debtors' Servicing Platform.  As such, all parties, including the GMAC

Entities were provided with sufficient notice of the sale of the Debtors' Servicing Platform and

could have commenced this discovery prior to October 4, 2007.

    18.  However, the GMAC Entities failed to file formal discovery on the

Debtors and Milestone until October 4, 2007, which was the same day that a notice was entered

indicating that the original date for the hearing on the Sale Motion, October 9, 2007, had been

adjourned to October 15, 2007.  Accordingly, had the originally scheduled date for the hearing

on the Sale Motion not been adjourned, the GMAC Entities' discovery requests would have been

filed only five days prior to the scheduled hearing on the Sale Motion (on a Thursday for a

Tuesday hearing).  The GMAC Entities cannot now reasonably justify their request for additional

time when they themselves chose to wait to commence formal discovery.

    19.  The Debtors and Milestone have diligently responded to the GMAC

Entities' discovery requests by providing a list of the four witnesses that the Debtors have made

6

available to be deposed and a schedule for the depositions on October 8, 2007, just four days after the Notices of Deposition were filed.  Additionally, on October 9, 2007, the Debtors provided notice that a fifth witness was to be included in the schedule of depositions.  Depositions were conducted on October 10, and October 11, 2007 and will continue on October 12, 2007 in both New York and Delaware.  The Debtors and Milestone have provided extensive discovery in order to be responsive to the outstanding discovery requests.  Accordingly, the Debtors have fully cooperated with the GMAC Entities' demands for discovery and any prejudice suffered by the GMAC Entities by the rapid nature of this sale process is far outweighed by the harm that the Debtors' estates will suffer if this sale is delayed.  As such, the GMAC Entities' request for a continuance of the hearing regarding the Sale Motion should be denied.

128189/01600/40171630v1

WHEREFORE, the Committee respectfully requests that the Court (i) deny the Motion and (ii) grant such other and further relief as the Court deems appropriate.

Dated:  October 12, 2007

**BLANK ROME LLP**

*/s/ David W. Carickhoff*
Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
1201 Market Street, Suite 800
Wilmington, DE  19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

- and -

**HAHN & HESSEN LLP**
Mark S. Indelicato
Mark T. Power
Huria S. Naviwala
488 Madison Avenue
New York, NY 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Proposed Co-Counsel to the Committee*

128189/01600/40171630v1