# **<u>Exhibit A</u>**

James H. Aronoff

Page 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | |
| HOLDINGS, INC., et al., | ) | Case No. 07-11047 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |

   Deposition of JAMES H. ARONOFF taken pursuant to notice at the law offices of Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware, beginning at 11:05 a.m., on Thursday, October 12, 2007, before Debra A. Donnelly, Registered Professional Reporter and Notary Public.

APPEARANCES:

   JOHN DORSEY, ESQUIRE
   YOUNG CONAWAY STARGATT & TAYLOR
      1000 West Street, 17th Floor
      Wilmington, Delaware  19801
      for Debtors

   KURT F. GWYNNE, ESQUIRE
   REED SMITH, LLP
      1201 Market Street, Suite 1500
      Wilmington, Delaware  19801
      for GMAC Mortgage and Residential
      Funding Corporation

- - - - - - - - - - - - - - - - - - - - -
CORBETT & WILCOX
REGISTERED PROFESSIONAL REPORTERS
230 N. MARKET STREET   WILMINGTON, DELAWARE   19801
(302) 571-0510
Corbett & Wilcox is not affiliated
with Wilcox & Fetzer, Court Reporters

1   Home Corp and American Home Mortgaging, I'm sorry,
2   Servicing as parties to an MLPA where they are both
3   liable for the reps and warranties related to the sale,
4   if you are going to transfer that servicing to somebody
5   else, you would need to either modify that agreement or
6   you would need a new agreement that would separate the
7   reps and warranties relating to the sale from the
8   servicing. It's the same situation, right?
9       A.   No, it's not.
10      Q.   Why not?
11      A.   Because in my reading of the master purchase
12  and sale agreements in this case, it's clear that the
13  servicing rights are separate and distinct from the
14  obligations of the seller to make good on the reps and
15  warranties.
16      Q.   You are bucking my hypothetical again.
17           My hypothetical is I want you to assume
18  for me that there is a master, an MLPA in this case in
19  which both American Home Servicing and American Home Corp
20  have each indemnified the purchaser for the reps and
21  warranties associated with the sale.
22           Can you assume that for me?
23      A.   Yes.
24      Q.   If American Home wanted to sell those

James H. Aronoff

Page 49

1  servicing rights to a third party, to a third-party
2  servicer, you would need to modify that agreement or
3  enter into a new servicing agreement, as you said, with
4  XYZ Bank, that would make it clear that that new servicer
5  was not also assuming the reps and warranties relating to
6  the sale. Isn't that right?
7      A.  If you didn't do that, the, those servicing
8  rights, under your hypothetical, would be unsalable.
9      Q.  Exactly. So, again, you are agreeing -- you
10 are agreeing with me right. You would have to do that?
11 You would need a separate agreement or you would need a
12 modification of the agreement to separate out the
13 servicing rights from the sale rights. Right? Otherwise
14 you couldn't sell it? It would be unsalable. Correct?
15     A.  Yes.
16            MR. GALLO: Can we take five minutes.
17            MR. DORSEY: Sure.
18            (Brief recess taken.)
19 BY MR. GALLO:
20     Q.  Mr. Aronoff, are you familiar -- have you ever
21 seen the term "embedded servicing agreement" used before?
22     A.  Not before this hearing.
23     Q.  So that, the term "embedded servicing
24 agreement," that's not a term that's widely used in the