IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE HOLDINGS, | ) Case No. 07-11047 (CSS) |
| INC., a Delaware corporation, et al., | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |
| | ) |

## MOTION *IN LIMINE* AND JOINDER
## OF DB STRUCTURED PRODUCTS, INC. TO
## PRECLUDE EXPERT TESTIMONY OF JAMES ARONOFF

DB Structured Products, Inc. ("DBSP"), by and through its undersigned counsel, moves *in limine* to preclude James H. Aronoff from testifying as an expert at the Sale Hearing scheduled for October 15, 2007 in the above-captioned cases. DBSP moves for the reasons set forth in the Motion *In Limine* submitted by EMC Mortgage Corporation ("EMC") [Docket No. 1532], and therefore joins in EMC's motion and incorporates the arguments set forth therein. In further support of its motion and joinder, DBSP states as follows:

1. The subject matter of Mr. Aronoff's testimony concerns legal issues that are not properly the subject of expert testimony, as EMC points out through reference to Mr. Aronoff's deposition testimony. In addition, one of the Debtors' 30(b)(6) witnesses, Robert Johnson, admitted that the severability question is ultimately a question of law. Mr. Johnson testified that he could not determine, in his business judgment, which provisions of any given contract are severable:

| | |
|---|---|
| Question: | But ultimately, in order to split this agreement apart, you believe that it's ultimately a legal conclusion as to which provisions obligated the servicer and which provisions obligate the seller. |
| Answer: | I think that's probably right, yeah. |

Transcript of October 11, 2007 Deposition of Robert F. Johnson, Jr. at 213:2-6 (excerpt attached as Exhibit A).

2.      Mr. Aronoff's deposition testimony also makes plain that he is not qualified to testify as an expert under Fed. R. Evid. 702 (applicable here pursuant to Fed. R. Bankr. P. 9017), since his opinion is not based on "sufficient facts or data." Fed. R. Evid. 702.

3.      Mr. Aranoff testified that he formulated his opinion after he knew what opinions the Debtors wanted him to reach:

| | |
|---|---|
| Question: | So you knew when you were being retained what opinion they [the Debtors' counsel] wanted you to reach? |
| Answer: | Yes. |
| Question: | And that is, in fact, the opinions that you've given here today, Correct? |
| Answer: | I think my opinions concur with what they originally expressed would be the opinions they are looking for, yes. |

Transcript of October 12, 2007 Deposition of James H. Aronoff at 190:5-12 (excerpt attached as Exhibit B).

4.      He also testified that he formed his opinion as to whether the servicing provisions in the agreements at issue in this case are severable from the sale-related provisions in those agreements *before* he had read any of the agreements. Id. at 150:3-14.

5.      The second opinion that the Debtors propose to offer from Mr. Aronoff – relating to provisions in the agreements that require the servicer to meet the qualifications of a Fannie Mae or Freddie Mac servicer – suffers from the same deficiencies as his opinion on severability. Mr. Aronoff is prepared to testify that, in his opinion, these provisions have virtually no bearing on the agreements because the Fannie Mae and Freddie Mac guidelines are not relevant to the quality of a servicer. Id. at 5:16 – 6:2.[1] However, Mr. Aronoff formulated his opinions with respect to the Fannie Mae and Freddie Mac guidelines *without having recently read* the

---

[1] This despite the fact that Mr. Aronoff testified that a servicer meets the qualifications of a Fannie Mae or Freddie Mac servicer only where they satisfy "certain standards set by the agencies with respect to the quality of their personnel, the quality of their facilities and systems, insurance coverages and financial strength." Aronoff Dep. at 53:8-14.

guidelines. Mr. Aronoff testified that he has not looked at the Fannie Mae guide "for a long time" (id. at 54:2-3); that it has been "ten years" since he looked at the Freddie Mac guidelines (id. at 68:1-4); and when pressed could not testify as to the specific qualifications contained in the Fannie Mae guide (id. at 54:4 – 55:4).

## CONCLUSION

For the reasons set forth in EMC's motion *in limine*, those added here, and as may be urged at oral argument, DBSP requests that the Court preclude Mr. Aronoff from testifying as an expert at the Sale Hearing or otherwise offering expert testimony in relation to the Sale Motion.

Dated: October 14, 2007

**BINGHAM McCUTCHEN LLP**
Steven Wilamowsky
399 Park Avenue
New York, NY 10022
(212) 705-7000

**BINGHAM McCUTCHEN LLP**
Andrew J. Gallo
150 Federal Street
Boston, MA 02110
(617)-951-8000

- and -

**ASHBY & GEDDES, P.A.**

/s/ Amanda Winfree

William P. Bowden (I.D. #2553)
Don A. Beskrone (I.D. #4380)
Gregory A. Taylor (I.D. #4008)
Amanda M. Winfree (I.D. #4615)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Counsel to DB Structured Products, Inc.*

184965.1