UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------ x
In re                                                  :   Chapter 11
                                                       :
American Home Mortgage Holdings, Inc.,                 :   Case No.: 07-11047 (CSS)
et al.                                                 :
                                                       :   (Jointly Administered)
        Debtors.                                       :
                                                       :   Ref. Docket Nos.: 11, 113, 403, 611, 674, 716,
                                                       :   717, 931, 937, 962, 1043, 1443, and 1446
------------------------------------------------------ x
```

**CERTIFICATION OF COUNSEL REGARDING STIPULATION AND AGREEMENT
BY AND BETWEEN THE DEBTORS, AH MORTGAGE ACQUISITION CO., INC.,
AND FANNIE MAE**

On August 6, 2007, each of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors" or "AHM")[1] filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Bankruptcy Court for the District of Delaware (the "Court").

The Debtors have been servicing (the "FNMA Servicing Rights") a portfolio of mortgages (the "FNMA Portfolio") owned by Fannie Mae pursuant to the terms of a Mortgage Selling and Servicing Contract (the "Contract").

On July 31, 2007, Fannie Mae sent notice to the Debtors purporting to terminate the Contract and the Debtors disputed whether Fannie Mae effectively terminated the Contract.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

On August 6, 2007, the Debtors filed their Motion (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [D.I. 11] (the "Sale Motion").

On August 27, 2007, the Debtors filed their Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any [D.I. 403] (the "Original Assumption Notice").

On September 4, 2007, the Court approved the Order Granting Debtors' Motion Pursuant To Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 For An Order Approving And Authorizing Compromise And Settlement Agreement With Fannie Mae [D.I. 611] (the "Stipulation").

On September 10, 2007, the Debtors filed their Modified Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts and (II) Proposed Cure Obligations, if any [D.I. 674] (the "Modified Assumption Notice").

On September 12, 2007, Fannie Mae filed Fannie Mae's Limited Objection to the Sale Motion [D.I. 716] (the "Sale Objection").

On September 12, 2007, Fannie Mae filed Fannie Mae's Objection to the Original Assumption Notice [D.I. 717] (the "Assumption Objection").

On September 25, 2007, this Court entered the Order (A) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain

Protections for the Stalking Horse Bidder in Such Sale; (C) Directing That Certain Notices of Such Sale and Deadlines be Given; and (D) Authorizing, on an Interim Basis, the Debtors' to Grant Certain Liens and Other Protections for the Purchaser's Collateral Effective After the Initial Closing [D.I. 937] (the "Revised Sale Procedures Order").

On September 25, 2007, the Debtors filed their Notice of Filing of Executed Asset Purchase Agreement [D.I. 931] (the "APA")[1] in connection with the Sale Motion and Revised Sale Procedures Order.

On September 26, 2007, the Debtors filed their Supplemental Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, if any [D.I. 962] (the "Supplemental Assumption Notice," and with the Original Assumption Notice and Modified Assumption Notice, the "Assumption Notices").

On October 2, 2007, Fannie Mae filed Fannie Mae's Limited Supplemental Objection to the Motion of the Debtors for Order Approving the Sale of the Debtors' Mortgage Servicing Business [D.I. 1043] (the "Supplemental Objection," and with the Sale Objection and Assumption Objection, the "Objections").

The Sale Motion and Objections are set for a hearing on October 15, 2007, wherein the Debtors shall seek an order (the "Sale Order") approving the Sale Motion and the terms of the APA, including the sale of the FNMA Servicing Rights pursuant to the APA.

The Debtors, AH Mortgage Acquisition Co., Inc. ("AH Acquisition" or "Purchaser") and Fannie Mae (collectively, the "Parties") have engaged in arm's length, good faith negotiations and have reached an agreement (the "Supplemental Stipulation") to modify the Stipulation and resolve the Objections. A copy of the Supplemental Stipulation, which has been

---

[1] All terms used but not defined herein shall have the meaning ascribed to such terms in the APA.

reviewed by the counsel to the Official Committee of Unsecured Creditors who has indicated that it has no objection, is attached hereto.

WHEREFORE, the Debtors request that the Court enter the Order, attached hereto as <u>Exhibit I</u>, approving the Supplemental Stipulation attached to the Order as Exhibit A, at the Court's earliest convenience.

Dated: Wilmington, Delaware
October 14, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ EJK

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Edward J. Kosmowski (No. 3849)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Counsel for the Debtors and Debtors-in-Possession