**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:                                          )
                                                ) Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                          )
HOLDINGS, INC., a Delaware Corp., et. al.,      ) Jointly Administered
                                                )
        Debtors.                                )
                                                )

---

**ORDER GRANTING MOTION OF WATERFIELD SHAREHOLDER LLC AND UNION FEDERAL BANK OF INDIANAPOLIS FOR ORDER PURSUANT TO 11 U.S.C. § 362 MODIFYING THE AUTOMATIC STAY**

Upon consideration of the motion (the "Lift Stay Motion") of Waterfield Shareholder LLC ("Waterfield") and Union Federal Bank of Indianapolis ("Union Federal," collectively, "Movants") to modify, under 11 U.S.C. § 362(d)(1), the automatic stay of 11 U.S.C. § 362(a) (the "Automatic Stay") to permit Waterfield to intervene and the Movants to liquidate claims, in a case pending in the United States District Court for the Southern District of New York captioned *American Home Mortgage Corp. v. Union Federal Bank of Indianapolis*, Case No. 06-CV-7864 (the "Federal Action"), it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Lift Stay Motion is GRANTED.

2. The Automatic Stay is modified to permit the parties to prosecute, defend against, and/or settle (i) the claims of American Home Mortgage Corp. ("AHM") asserted in the Federal Action and (ii) the Counterclaims (as defined in the Lift Stay Motion), including, but not limited to, discovery and depositions and

to take such actions as are necessary or appropriate to exercise their respective rights of appeal, until such rights have been exhausted, <u>provided</u>, <u>however</u>, that Movants may not enforce or execute upon any settlement or judgment or other disposition in the Federal Action against property of the estate of AHM without further order of this Court. Nothing herein shall affect the Movants' right to seek additional relief from the Automatic Stay (the "Additional Relief"), or AHM's right to object to the Additional Relief, on any and all grounds.

3.  Nothing stated herein shall affect the rights of the parties to prosecute or defend against the merits of any allegations that may be asserted in the Federal Action except as set forth in paragraph 2 of this Order.

4.  Nothing stated herein shall (a) affect the rights of the parties to prosecute or defend against or settle the merits of the allegations asserted in the Federal Action and any subsequent appellate proceedings with respect to the Federal Action; or (b) constitute an admission as to the merits of any arguments, procedurally or substantively, that the parties may have with respect to the Federal Action.

5. This Court shall retain jurisdiction over the parties hereto and this Order for the purposes of interpreting, implementing and enforcing the Order's terms and conditions.

Dated: October ___, 2007
       Wilmington, Delaware

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE