IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------x
In re:                                                    :    Chapter 11
                                                          :
AMERICAN HOME MORTGAGE                                    :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, *et al.*,         :
                                                          :    Jointly Administered
    Debtors.                                              :
                                                          :
------------------------------------------------------------------x

**EMERGENCY MOTION OF U.S. BANK NATIONAL ASSOCIATION, IN ITS CAPACITY AS TRUSTEE, TO (A) CONTINUE FOR THREE TO FOUR WEEKS THE OCTOBER 15, 2007 HEARING REGARDING THE EMERGENCY MOTION OF THE DEBTORS FOR ORDERS APPROVING THE SALE OF CERTAIN ASSETS USED IN THE DEBTORS' LOAN SERVICING BUSINESS TO AH MORTGAGE ACQUISITION CO. AND OTHER RELIEF, AND/OR (B) FOR THE COURT TO DEFER RULING ON THE DEBTORS' MOTIONS FOR THREE TO FOUR WEEKS**

U.S. Bank National Association, in its capacity as Trustee ("U.S.Bank"), by and through its undersigned counsel, hereby submits this emergency motion (a) requesting that the Court continue for up to three to four weeks the hearing regarding Debtors' motion for orders approving a sale of their loan servicing business and other relief ("Debtors' Sale Motion"), presently scheduled to begin October 15, 2007 at 12 noon, and/or, in the alternative (b) requesting that even if the Court commences the hearing and permits the Debtors to present their case in chief that the Court thereafter continue the hearing for up to three or four weeks to allow the objecting parties to conduct meaningful discovery and the opportunity to present additional evidence to the Court, and to further allow all parties to continue the negotiations that have begun with the Debtors to address the concerns of the objecting parties, resolve the objections, fully and properly document such resolutions, and thereby either obviate the need for a hearing or narrow the issues in dispute for the hearing. By this Motion, U.S. Bank also joins in the Emergency Motion of GMAC Mortgage LLC to Continue the October 15, 2007

[Docket No. 1449] (the "GMAC Motion), and Assured Guarantee Corp.'s Joinder in the GMAC Motion, Motion and Reply [Docket No. 1537] (the "AGC Joinder") In support of this Motion, U. S. Bank adopts and incorporates the arguments made in the GMAC Motion and the AGC Joinder, and the arguments of others who have sought, or may seek, a continuance of the October 15. 2007 hearing, and further states the following.[1]

## DISCUSSION

1. The mountain of paper filed with the Court in connection with the Debtors' Sale Motion demonstrates that the matters before the Court are not simple, and have far reaching ramifications for the parties involved and the securities markets, and therefore those matters warrant careful consideration by the Court after affording the parties a reasonable opportunity to conduct discovery and present evidence. The Debtors offer no good reason why the Court needs to rush to approve a sale that by its own terms will not be legally and finally closed for many months while trampling on the rules of civil procedure and fundamental principles of fairness and due process.

2. The various parties objecting to the sale, including U.S. Bank, have not been given a fair and reasonable opportunity to conduct discovery. There has been no chance to request and obtain documents and our understanding is that the Debtors have not produced any documents, including documents that were requested during the course of the depositions over the past three days. In addition, the four depositions that were conducted established that the witnesses offered were not able to answer many key questions with respect to the issues at the planned hearing, including, for example, the proper amount to be set aside for cure obligations. Those depositions also showed that there are other witnesses that should be deposed and documents that should be produced to give the objecting parties a full and fair opportunity to present evidence for the Court's consideration at a hearing on the

---

[1] The capitalized defined terms herein are the same as those used by U.S. Bank in its objections and supplemental objections that were previously filed.

Debtors' Sale Motion. U.S. Bank seeks a very brief three to four week continuance to allow the parties to obtain further discovery and prepare to present evidence at a hearing in an orderly manner.

3. The various interested parties also could use additional time to continue negotiations to attempt to resolve the objections. As the Official Committee of Unsecured Creditors acknowledge in paragraph 13 of their opposition to the GMAC continuance motion, the "Committee and the Debtors have been working diligently with several of the parties that filed objections to the [Debtors'] Sale Motion in an effort to come to agreement on certain issues that would resolve their objections." U.S. Bank is one of those parties. Work in connection with those negotiations continued through the past weekend. U.S. Bank is not unalterably opposed to the proposed sale, but it has reasonable concerns about the terms of the proposed sale and its effect on the bondholders that U.S. Bank represents. Moreover, there has been insufficient time to thoughtfully and properly document the transaction for which Debtors seek approval. A short delay will provide time for negotiations that may resolve the objections or at least narrow or simplify the issues for which a hearing and Court decision may be required, provide time to properly document the parties' agreements, and thereby save time, conserve judicial resources, and avoid future litigation over the implications of the Court's decision.

4. The brief extension that U.S. Bank requests will not prejudice the Debtors and will not prevent the proposed sale from proceeding in a timely manner. First, Robert Johnson, Executive Vice President of Debtors American Home Mortgage Corp. and American Home Mortgage Servicing, could not identify at his October 11, 2007 deposition any negative impact on the Debtor's servicing business if the Court deferred approval of any sale for two to four weeks. He also could not identify any negative impact on the value of the Debtor's servicing business if the Court deferred approval of any sale for two to four weeks except that the value of the business could either increase or decrease to

some degree if interest rates went up or down over the next two to four weeks. (Johnson Dep. 178, L. 18 – 183, L.8).

5. Second, and even more significantly, the proposed purchaser made clear that it would not walk away from the proposed sale if the Court deferred approving the proposed sale for two to four weeks. David Storper, Senior Managing Director of W.L. Ross & Co. and the future Vice President, Secretary and Treasurer of the purchaser's acquisition entity, testified at his October 12, 2007 deposition as follows:

"Q. Mr. Storper, I have very few questions. You testified that your company is interested in getting into the mortgage servicing business, correct?

A. Correct.

Q. Would the purchaser walk away from this transaction if the court delayed its decision with respect to approval by two to four weeks?

R. MR. CROWTHER: Objection to form.

A. I don't anticipate that."

(Storper Dep. 115, L. 19 – 119, L.6). U.S. Bank reserves its right to state additional grounds for this motion at the October 15, 2007 hearing.

WHEREFORE, U.S. Bank hereby requests that (a) the Court continue the October 15, 2007 hearing regarding Debtors' motion for orders approving a sale of their loan servicing business and other relief ("Debtors' Sale Motion") for up to three to four weeks, and/or (b) requesting that even if the Court commences the hearing and permits the Debtors to present their case in chief that the Court thereafter continue the hearing for up to three or four weeks to allow the objecting parties to conduct meaningful discovery and the opportunity to present additional evidence to the Court, and to further allow all parties to continue the negotiations that have begun with the Debtors to address the concerns of the objecting parties, resolve the objections, fully and properly document such resolutions, and thereby either obviate the need for a hearing or narrow the issues in dispute for the hearing; and (c) the Court grant such other and further relief as it deems equitable, just and proper.

Dated: October 15, 2007

**DORSEY & WHITNEY (DELAWARE) LLP**

By _____
Eric Lopez Schnabel (Del No. 3672)
1105 North Market Street, 16th Floor
Wilmington, DE 19801
Telephone: (302) 425-7162

**DORSEY & WHITNEY LLP**
Steven R. Schoenfeld
Michael Foreman
250 Park Avenue
New York, New York 10177
212-415-9200

Katherine A. Constantine
Patrick Mclaughlin
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600

Attorneys for U.S. Bank National Association, in its capacity as Trustee