# Exhibit A

**SUPPLEMENTAL STIPULATION AND AGREEMENT BETWEEN THE DEBTORS, AH ACQUISITION CO., INC., AND FANNIE MAE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re:                                          :    Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,          :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]               :
                                                :    Jointly Administered
        Debtors.                                :
                                                :    **Ref. Dkt. Nos. 11, 113, 403, 611, 674,**
                                                :    **716, 717, 931, 937, 962, 1043, 1443, and**
                                                :    **1446**
                                                :    **Hrg. Date: Oct. 15, 2007 at 12:00 p.m.**
------------------------------------------------------------ x

### SUPPLEMENTAL STIPULATION AND AGREEMENT AMONG THE DEBTORS, AH MORTGAGE ACQUISITION CO., INC., AND FANNIE MAE

The debtors and debtors in possession in the above-captioned cases

(collectively, the "Debtors"), AH Mortgage Acquisition Co., Inc. ("AH Acquisition" or

"Purchaser") and Fannie Mae, hereby stipulate (the "Supplemental Stipulation") and agree as

follows:

### RECITALS

A.      The Debtors have been servicing (the "FNMA Servicing Rights") a

portfolio of mortgages (the "FNMA Portfolio") owned by Fannie Mae pursuant to the terms of a

Mortgage Selling and Servicing Contract (the "Contract").

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

B.      On July 31, 2007, Fannie Mae sent notice to the Debtors purporting to terminate the Contract and the Debtors disputed whether Fannie Mae effectively terminated the Contract.

C.      On August 6, 2007, each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

D.      On August 6, 2007, the Debtors filed their Motion (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [D.I. 11] (the "Sale Motion").

E.      On August 27, 2007, the Debtors filed their Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any [D.I. 403] (the "Original Assumption Notice").

F.      On September 4, 2007, the Court approved the Order Granting Debtors' Motion Pursuant To Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 For An Order Approving And Authorizing Compromise And Settlement Agreement With Fannie Mae [D.I. 611] (the "Stipulation").

G.      On September 10, 2007, the Debtors filed their Modified Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory

2

Contracts and (II) Proposed Cure Obligations, if any [D.I. 674] (the "Modified Assumption Notice").

      H.     On September 12, 2007, Fannie Mae filed Fannie Mae's Limited Objection to the Sale Motion [D.I. 716] (the "Sale Objection").

      I.     On September 12, 2007, Fannie Mae filed Fannie Mae's Objection to the Original Assumption Notice [D.I. 717] (the "Assumption Objection").

      J.     On September 25, 2007, this Court entered the Order (A) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing That Certain Notices of Such Sale and Deadlines be Given; and (D) Authorizing, on an Interim Basis, the Debtors' to Grant Certain Liens and Other Protections for the Purchaser's Collateral Effective After the Initial Closing [D.I. 937] (the "Revised Sale Procedures Order").

      K.     On September 25, 2007, the Debtors filed their Notice of Filing of Executed Asset Purchase Agreement [D.I. 931] (the "APA")[2] in connection with the Sale Motion and Revised Sale Procedures Order.

      L.     On September 26, 2007, the Debtors filed their Supplemental Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, if any [D.I. 962] (the "Supplemental Assumption Notice," and with the Original Assumption Notice and Modified Assumption Notice, the "Assumption Notices").

      M.     On October 2, 2007, Fannie Mae filed Fannie Mae's Limited Supplemental Objection to the Motion of the Debtors for Order Approving the Sale of the

---

[2]    All terms used but not defined herein shall have the meaning ascribed to such terms in the APA.

                   

Debtors' Mortgage Servicing Business [D.I. 1043] (the "Supplemental Objection," and with the Sale Objection and Assumption Objection, the "Objections").

   N. The Sale Motion and Objections are set for a hearing on October 15, 2007, wherein the Debtors shall seek an order (the "Sale Order") approving the Sale Motion and the terms of the APA, including the sale of the FNMA Servicing Rights pursuant to the APA.

   O. The Debtors, the Purchaser and Fannie Mae (collectively, the "Parties") have engaged in arm's length, good faith negotiations and have reached an agreement to modify the Stipulation and resolve the Objections.

   **NOW, THEREFORE,** subject to an order of the Court approving this Supplemental Stipulation, the Parties agree as follows:

   1. The FNMA Servicing Rights shall be "Purchased Assets" under the APA. However, notwithstanding anything in the APA or the Sale Order to the contrary, the FNMA Servicing Rights shall be governed by the following provisions:

   a. From and after the date of the entry of the Sale Order until the Final Closing, the Debtors shall continue to service the FNMA Portfolio in accordance with the terms of the Stipulation except as otherwise modified herein, provided however, that Fannie Mae shall have the right to waive its rights under the Stipulation in its sole and absolute discretion. Fannie Mae has permanently waived the requirement that the sale of the FNMA Servicing Rights close by October 31, 2007 and has agreed that the deadline for the Initial Closing Date of the sale to Purchaser shall be on or before December 31, 2007 and that the Final Closing Date of the sale to Purchaser shall be on or before September 30, 2008. Fannie Mae further agrees that deadlines set forth in subsections 2(a), (b) and (c) of the Stipulation and the second decretal paragraph of the order approving the Stipulation have been satisfied or permanently waived, it being understood that nothing in the Stipulation or this Supplemental Stipulation shall relieve Purchaser from the obligation to satisfy the conditions outlined in the letter dated October 12, 2007 (the "Conditional Approval Letter", a copy of which is annexed hereto as Annex 1) from Fannie Mae to Purchaser conditionally approving Purchaser as an approved Fannie Mae servicer. Fannie Mae has also agreed to extend the cure period for an "Event of Default" under the Stipulation to ten calendar days from receipt of written notice by the Debtors and the Purchaser, provided, however, that a two business day cure period from receipt of written notice to the Debtors and the Purchaser for an "Event of Default" pursuant to paragraphs 4(a), (b), and (c) of the Stipulation or the failure to pay the funds required by paragraph 1(c) below, shall nonetheless apply. Fannie Mae agrees to give written notice of the occurrence of an "Event of Default" by

confirmed facsimile transmission and overnight courier delivery to both Debtors and Purchaser as follows:

>To Debtors:
>
>Mr. Kevin Nystrom
>Kroll Zolfo Cooper
>900 Third Avenue
>New York, NY 10022
>Email: knystrom@kroll.com
>Fax:    (212) 213-1749
>
>- and -
>
>Pauline K. Morgan, Esquire
>Young Conaway Stargatt & Taylor, LLP
>The Brandywine Building, 17th Floor
>1000 West Street
>Wilmington, DE 19802
>Email: pmorgan@ycst.com
>Fax:    (302) 576-3318
>
>To Purchaser:
>
>AH Mortgage Acquisition Co., Inc.
>c/o Josh Seegopaul
>WL Ross & Co., L.P.
>1166 Avenue of the Americas – 27th Floor
>New York, New York 10036
>Email: jseegopaul@wlross.com
>Fax:    (212) 371-4891
>
>With a copy (that shall not constitute notice hereunder) to:
>
>Erica M. Ryland, Esq.
>Jones Day
>222 East 41st Street
>New York, New York 10017
>Email: emryland@jonesday.com
>Fax:    (212) 755-7306

The releases contained in paragraph eight (8) of the Stipulation shall be effective upon the Initial Closing Date.

        b.      Provided that the Debtors are in compliance with the Stipulation, as modified hereby, and that no Uncured Event of Default (as such term is defined therein and herein) shall have occurred, American Home Mortgage Corp. and American Home Mortgage Servicing, Inc. shall continue to be approved as servicers of Fannie Mae loans until the Final

                                         

Closing. Immediately following the Final Closing, the "approved" servicer status of American Home Mortgage Corp. and American Home Mortgage Servicing, Inc. shall terminate.

        c.     At the Initial Closing, Fannie Mae shall be paid a minimum of $7,456,624.37 and a maximum of $7,966,949.18 from the Purchase Price, directly from Purchaser and prior to any other payments of the Purchase Price by Purchaser to the Debtors or the Administrative Agent pursuant to Section 4.1(a) of the APA, on account of: (i) $3.25 million Recourse/Warranty Buy-Out Fee as such term is defined in the Stipulation and (ii) obligations due and owing by the Debtors to Fannie Mae pursuant to paragraph 3(a)(i) of the Stipulation. The Parties will continue to work together to resolve by agreement prior to the Initial Closing Date an additional (i) $110,324.81 and (ii) MI claim issues and additional amounts due and owing by the Debtors to Fannie Mae which have arisen or will arise in the course of the on-going servicing of the FNMA Portfolio accruing prior to the Initial Closing up to an aggregate amount not to exceed $400,000.00 (the "Unresolved Amount") in obligations, such sum representing the difference between the minimum and maximum amounts referenced in this paragraph (c). If the Parties are unable to reach an agreement upon the additional amount owed above the minimum, the Purchaser shall pay the minimum amount and withhold the Unresolved Amount from the Purchase Price in trust for Fannie Mae pending a resolution of the Unresolved Amount. If the Parties are unable to resolve the Unresolved Amount within 30 days of the Initial Closing Date, Fannie Mae shall file a motion with the Bankruptcy Court seeking approval and payment of the amounts it contends are due and owing. If the Bankruptcy Court determines that such amounts are not due and owing to Fannie Mae, Purchaser shall remit the Unresolved Amount to the Administrative Agent within 2 Business Days of the date such order becomes a Final Order. If the Bankruptcy Court determines that such amounts are due and owing to Fannie Mae, Purchaser shall remit the Unresolved Amount to Fannie Mae within 2 Business Days of the date such order becomes a Final Order.

        d.     The Parties acknowledge that there are also amounts due and owing by the Debtors to Fannie Mae for foreclosure sale proceeds collected by the Debtors and not yet remitted to Fannie Mae (in the amount of at least $374,483.28). The Parties also acknowledge that there are or will be additional amounts due and owing by the Debtors to Fannie Mae which have arisen or will arise in the course of the on-going servicing of the FNMA Portfolio, including but not limited to, all foreclosure sale proceeds collected by the Debtors but not yet remitted to Fannie Mae, and all guaranty fees due to Fannie Mae (all amounts collected by the Debtors but not remitted to Fannie Mae, the "Fannie Mae Proceeds"). All Fannie Mae Proceeds represent cash in the Debtors' possession, or will be payable from the Debtors' cash. The Debtors shall pay to Fannie Mae in the ordinary course of business all Fannie Mae Proceeds to Fannie Mae through the Final Closing in conjunction with the on-going servicing of the FNMA Portfolio and the Debtors shall not pay or be obligated to pay any Fannie Mae Proceeds to the Administrative Agent on account of any lien or security interest it may hold. Any additional amounts, other than the Fannie Mae Proceeds, due and owing by the Debtors to Fannie Mae which have arisen or will arise in the course of the on-going servicing of the FNMA Portfolio through the Final Closing shall be paid by the Debtors to Fannie Mae in the ordinary course of business and, as applicable, in accordance with the Final Cash Collateral Order [D.I. 554] or as an Unresolved Amount pursuant to paragraph 1(c) above, provided however, that the Unresolved Amount shall not serve to limit or cap the amount of such ordinary course obligations. Within 60 days from the last calendar day of the month in which the Final Closing

6

Date occurs, the Parties will attempt to agree upon the amount, if any, then due and owing from the Debtors to Fannie Mae for the period up to and including the Final Closing. If the Parties are unable to reach an agreement upon the amount owed, if any, Fannie Mae may file a motion with the Bankruptcy Court within 75 days of the last calendar day of the month in which the Final Closing Date occurred seeking approval and payment of the amounts it contends are due and owing.

        e.      Provided that Purchaser has satisfied the conditions outlined in the Conditional Approval Letter, from and after the Final Closing the Purchaser shall service the FNMA Portfolio in accordance with the terms of that certain Mortgage Selling and Servicing Contract between Fannie Mae and the Purchaser as a transferee servicer of the FNMA Portfolio, provided however, that by virtue of the payment of the Recourse/Warranty Buy-Out Fee, the Purchaser shall not be deemed to have assumed the Debtors' loan-level recourse obligations or selling warranties.

        f.      Fannie Mae owns all mortgage records reasonably required to document or properly service any mortgage Fannie Mae owns. Fannie Mae consents to the Debtors (and, after the Final Closing Date, the Purchaser) possessing the mortgage records and acting as Fannie Mae's custodian for the mortgage records.

        g.      If an Uncured Event of Default occurs under the Stipulation (as modified by this Supplemental Stipulation) prior to the Initial Closing Date, the terms of the Stipulation (as modified by this Supplemental Stipulation) and the order of the Bankruptcy Court approving it, as modified hereby, shall govern Fannie Mae's rights. Failure to timely pay the amounts required by paragraphs 1(c) and (d) above or to meet the deadlines for the Initial Closing Date or the Final Closing Date set forth in paragraph 1(a) above shall also constitute Events of Default under the Stipulation.

        h.      If an Uncured Event of Default occurs after the Initial Closing but prior to the Final Closing, Fannie Mae shall be entitled without further order of the Court to take possession of all servicing records (including files and electronic data) and funds related to the FNMA Portfolio, and Debtors shall cooperate in all respects with the transition of the servicing of the FNMA Portfolio to an interim subservicer who will act on behalf of Fannie Mae. Subsequent to any such transfer of the FNMA Servicing Rights to an interim subservicer, the parties shall act in accordance with the following:

        i.      Within a reasonable period of time, Fannie Mae shall select and engage a mortgage servicing broker, with relevant industry experience in such sales, to solicit bids for the FNMA Portfolio in accordance with standard industry practice. The Bid requirements will include requiring the purchaser to be a Fannie Mae-approved servicer qualified operationally and financially to service loans of the type included in the FNMA Portfolio and bids will be obtained for a sale without recourse and without selling representations and warranties from the purchaser.

ii.    When Fannie Mae concludes a sale of the FNMA Portfolio, the Proceeds will be paid to Fannie Mae and distributed as follows:

a.    Payment to Fannie Mae for all amounts due from the Debtors for any valid claims plus all additional costs and expenses incurred in moving the servicing to the interim subservicer, including all broker fees and attorneys' fees in finalizing all contracts.

iii.    To the extent there are Proceeds remaining after payment of all amounts due Fannie Mae, then to Purchaser.

2.    This Supplemental Stipulation may not be modified other than by a signed writing executed by each of the Parties.

3.    The Bankruptcy Court shall have exclusive jurisdiction to hear disputes arising out of or related to the Parties' rights and obligations under this Supplemental Stipulation and the Supplemental Stipulation is subject to Bankruptcy Court approval.

4.    This Supplemental Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Supplemental Stipulation to present any copy, copies or facsimiles signed by the Parties hereto to be charged.

5.    In the event of a conflict between the express terms of the Stipulation as modified by this Supplemental Stipulation and the terms of the Sale Order or APA, the Stipulation as modified by this Supplemental Stipulation shall govern.

**[Intentionally Blank]**

Dated:  October 14, 2007

By: _____
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Edward J. Kosmowski (No. 3849)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and
Debtors in Possession

By: _____
GREENBERG TRAURIG LLP
Victoria Watson Counihan (No. 3488)
The Nemours Building
1007 North Orange Street, Ste. 1200
Wilmington, DE  19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360

-and-

JONES DAY
Erica M. Ryland
222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3416
Facsimile: (212) 755-7306

Co-Counsel for AH Mortgage Acquisition
Co., Inc.

By: _____
FANNIE MAE
S. Todd Barton
Associate General Counsel
14221 Dallas Parkway, Suite 1000
Dallas, TX  75254
Telephone:  (972) 773-7659
Facsimile:  (972) 767-0012

-and-

CROSS & SIMON, LLC
Christopher P. Simon (No. 3697)
913 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone:  (302) 777-4200
Facsimile:  (302) 777-4224

-and-

9

Dated: October 14, 2007

By: _____
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and
Debtors in Possession

By: _____
GREENBERG TRAURIG LLP
Victoria Watson Counihan (No. 3488)
The Nemours Building
1007 North Orange Street, Ste. 1200
Wilmington, DE 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360

-and-

JONES DAY
Erica M. Ryland
222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3416
Facsimile: (212) 755-7306

Co-Counsel for AH Mortgage Acquisition
Co., Inc.

By: _____
FANNIE MAE
S. Todd Barton
Associate General Counsel
14221 Dallas Parkway, Suite 1000
Dallas, TX 75254
Telephone: (972) 773-7659
Facsimile: (972) 767-0012

-and-

CROSS & SIMON, LLC
Christopher P. Simon (No. 3697)
913 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224

-and-

9

Dated:  October 14, 2007

By: _____
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and
Debtors in Possession

By: _____
GREENBERG TRAURIG LLP
Victoria Watson Counihan (No. 3488)
The Nemours Building
1007 North Orange Street, Ste. 1200
Wilmington, DE 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360

-and-

JONES DAY
Erica M. Ryland
222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3416
Facsimile: (212) 755-7306

Co-Counsel for AH Mortgage Acquisition
Co., Inc.

By: _____
FANNIE MAE
S. Todd Barton
Associate General Counsel
14221 Dallas Parkway, Suite 1000
Dallas, TX 75254
Telephone: (972) 773-7659
Facsimile: (972) 767-0012

-and-

CROSS & SIMON, LLC
Christopher P. Simon (No. 3697)
913 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224

-and-

DB02:6294883.9

9

JENNER & BLOCK LLP
Catherine L. Steege
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

Counsel for Fannie Mae

DB02:6294863.9

066585.1001

# **Annex 1**

## CONDITIONAL APPROVAL LETTER

000211

 **FannieMae**

Zach Oppenheimer

Senior Vice President
Single-Family Mortgage Business

1835 Market Street, Suite 2300
Philadelphia, PA 19103
215 575 1440
215 575 1900 (fax)
zach_oppenheimer@fanniemae.com

October 12, 2007

Mr. Wilbur L. Ross
AH Mortgage Acquisition Co., Inc.
1209 Orange Street
Wilmington, DE  19801

Dear Mr. Ross:

We are pleased to inform you that, subject to the satisfaction of the conditions outlined in this letter, AH Mortgage Acquisition Co., Inc. ("AH Acquisition") has been approved as a Fannie Mae Servicer of one- to four- family first and second lien mortgages for Fannie Mae.

Our approval is conditioned on your satisfaction of the following conditions:

- Entry of an Order of the Bankruptcy Court satisfactory in form and substance to Fannie Mae approving the Asset Purchase Agreement between AH Acquisition and American Home Mortgage Corp. and certain of its affiliates (hereinafter the "APA") and approving that certain Supplemental Stipulation between the Debtors, AH Acquisition Co., Inc., and Fannie Mae.

- By October 19, 2007, AH Acquisition shall provide to Fannie Mae executed *Authorization for Verification of Credit and Business References* forms (Fannie Mae form 1001) for AH Acquisition, WLR Recovery Fund III, LP, and WLR Recovery Fund IV, LP.

- By October 31, 2007, AH Acquisition must obtain and provide Fannie Mae with proof of the Fidelity Bond and Errors and Omissions coverage required by Part I sections 305, 305.01, and 305.02 of Fannie Mae's Servicing Guide.

- Within 30 days of the Initial Closing Date (as defined in the APA), AH Acquisition must provide Fannie Mae with an audited balance sheet of AH Acquisition, which balance sheet must reflect net worth in the amount required by Part I, section 302 of Fannie Mae's Servicing Guide, i.e., at least $250,000 plus a dollar amount that represents two-tenths percent of the outstanding principal balance of its total portfolio of mortgages serviced for Fannie Mae.

- Substantially all of the management team and servicing policies and procedures presently in place at American Home Mortgage Corp. shall remain in place.

- The occurrence of the Final Closing Date (as defined in the APA).

000212

A Fannie Mae Servicer Number will be assigned to your organization. It is extremely important that this number appear on all reports, documents, and communications with Fannie Mae after the Final Closing Date (as defined in the APA).

To assist AH Acquisition we are pleased to inform you that Robert Hamilton, a Fannie Mae Servicing Consultant, (214) 242-8216 has been assigned to manage your account. Robert's expertise will provide you with a vast array of knowledge and support in every aspect of doing business with Fannie Mae.

Please feel free to call upon your Fannie Mae representatives for any additional information that you may need.

Sincerely,

Zach Oppenheimer