

# THE WORLDWIDE COMPANIES, INC.

10151 University Boulevard, #111, Orlando, Florida. Telephone (321) 251-6430, Fax (321) 593-1599

October 14, 2007

H. William Marrero

Re: Letter of Intent

Gentlemen,

    Please let this letter serve as my explanation for the documents filed with the Court in the matter of American Home Mortgage Holdings, Inc..

    I realize that I come to this rather late in the game. That fact notwithstanding, my offer to purchase is legitimate. I have provided the Court with a commercially viable stipulation for bond in support of my offer. The reason for doing this is to give the Court reason to extend the time I need to perform in this matter. I have read through the data room files and I am convinced that American Home Mortgage Holdings, Inc. is worth the price I am offering. All I ask is that the Court grant me more time to perform as required by the Asset Purchase Agreement I filed with the Court.

    The offer I made is for all cash, subject only to the terms and conditions of the APA already on file with the Court. My source of funds simply could not move as quickly as the circumstances dictated. Perhaps I can explain further.

    In my normal daily activities, I represent The WorldWide Companies. We are in the market for distressed assets in the form of REO pools and Non-Performing notes.

    As I mentioned earlier, I came to this deal in a roundabout way. I was looking for new ways to acquire the types of assets we invest in when I read an article on the Market Watch website that disclosed the offer by Wilbur Ross for the assets of AHM. The article reported that Mr. Ross was offering 500mm for the assets. I thought this offer was low, so I called the attorneys for AHM, a law firm by the name of Young Conaway. I spoke with Sean Beach.

    Mr. Beach informed me that the bidding was closed and that I was too late. I informed Mr. Beach that because this was an administrative matter subject to the Uniform Commercial Code, the matter was still open as contracts in the Law Merchant are always open to modification. He then arranged for my team to have access to the data room at Intralinks. I obtained more information from the Pacer System for the BK Court in Delaware.

Upon further review of the information I had available to me, I determined that I could offer more for the assets of AHM because I am acting as the principal in the matter. As a private entity, I am not beholding to shareholders. With a little help from my friends, I could put together the funds necessary to pay cash for AHM. I believe the premium I am offering should be considered carefully as it represents a substantial benefit to the bankruptcy estate. I would ask the Court to grant me an extension of thirty days.

Respectfully,

*H. William Marrero*

H. William Marrero, UCC 1.308