UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
In re:                                                  : Chapter 11
                                                        :
AMERICAN HOME MORTGAGE                                  : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]      :
                                                        : Jointly Administered
    Debtors.                                            :
                                                        : **Ref. Docket No. _____**
                                                        :
------------------------------------------------------- x

## ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE: (A) APPROVING THE MORTGAGE SERVICING PURCHASE AGREEMENT; AND (B) AUTHORIZING THE DEBTORS TO SELL CERTAIN PROPERTY FREE AND CLEAR OF LIENS, INTERESTS, AND ENCUMBRANCES, AND (C) GRANTING RELATED RELIEF

Upon the *Motion for an Order Pursuant to Sections 105 and 363 of the Bankruptcy Code: (A) Approving the Mortgage Servicing Purchase Agreement; and (B) Authorizing the Debtors to Sell Certain Property Free and Clear of Liens, Interests, and Encumbrances, and (C) Granting Related Relief* (the "Motion"), filed by the above-captioned debtors-in-possession (the "Debtors"), and the Debtors and the Buyer[2] having agreed to enter into the Purchase Agreement, a copy of which is hereto annexed as Exhibit A; and due and sufficient notice having been given to all parties-in-interest; and any objections to the relief requested in the Motion having been withdrawn or resolved and to the extent not withdrawn or

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

resolved, are hereby overruled; and it appearing that entry into the Purchase Agreement and sale of the Property to the Buyer, are in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and sufficient cause appearing therefore,

IT IS HEREBY FOUND AND DETERMINED that:

A. It is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties-in-interest to grant the relief requested in the Motion and authorize the Debtors to enter into the Purchase Agreement;

B. The Debtors are authorized to sell the Property free and clear of all interests of any kind or nature whatsoever, except as set forth in the Motion, because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) have been satisfied. Those holders of interests who did not object to the Motion or the relief requested therein, or who imposed and then withdrew their objections, are deemed to have consented to the sale pursuant to 11 U.S.C. § 363(f)(2). Those holders of interests who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any, attach to the proceeds of the sale of the Property.

C. To the extent any inconsistency arises as between this Order and the Purchase Agreement, this Order shall control.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The relief requested in the Motion is granted.

2. The Purchase Agreement, each of its terms and conditions, and each of the transactions contemplated therein are approved in their entirety.

3. Pursuant to 11 U.S.C. § 363(b), the Debtors are authorized to perform their obligations under and comply with the terms of the Purchase Agreement and consummate

the sale of the Property to the Buyer pursuant to and in accordance with the terms and conditions of the Purchase Agreement.

4. The Debtors are authorized to execute and deliver, and are empowered to perform under, consummate and implement, the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement, and to take all further actions as may be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer the Property, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement.

5. Notwithstanding anything set forth to the contrary in the Purchase Agreement, the Buyer understands and agrees that the Debtors are conveying their rights to the Property as is, without warranties or representations of any kind, whether express or implied, except as otherwise set forth in the Purchase Agreement.

6. The Debtors and the Buyer are authorized to take any and all actions as may be necessary or desirable to implement the Purchase Agreement and each of the transactions contemplated thereunder.

7. The sale of the Property by the Debtors to the Buyer is free and clear of all liens, claims, security interests, pledges or other encumbrances thereon.

8. The Buyer is hereby deemed to be a good faith purchaser of the Property and is entitled to the protections of 11 U.S.C. § 363(m).

9. The sale of the Property by the Debtors to the Buyer is not subject to the ten (10) day stay provided for in Bankruptcy Rule 6004(h).

10. All net proceeds of the sale of the Property received by the Debtors, including, without limitation, the proceeds from all outstanding documented advances, shall be paid in accordance with the terms of the *Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties*, approved by the Court on September 4, 2007.

11. The Buyer is authorized to execute, on behalf of the Debtors, mortgage assignments, note endorsements and satisfactions and releases related to the Loans, and to endorse loss draft checks, payoff checks, payment checks, refund checks and claim checks.

12. This Court hereby retains jurisdiction over any and all matters arising from or related to the implementation or integration of this Order or the Purchase Agreement.

Dated: Wilmington, Delaware
       October ___, 2007

                                             Christopher S. Sontchi
                                             United States Bankruptcy Judge