# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------ x
In re:                                              :  Chapter 11
                                                    :
AMERICAN HOME MORTGAGE                              :  Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,¹    :
                                                    :  Jointly Administered
      Debtors.                                      :
------------------------------------------------------ x
```

**DEBTORS' MOTION PURSUANT TO DEL. L.R. 9006-1(e) FOR AN ORDER SHORTENING THE TIME FOR NOTICE FOR: (1) DEBTORS' MOTION FOR ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE: (A) APPROVING THE MORTGAGE SERVICING PURCHASE AGREEMENT; (B) AUTHORIZING THE DEBTORS TO SELL CERTAIN PROPERTY FREE AND CLEAR OF LIENS, INTERESTS, AND ENCUMBRANCES AND (C) GRANTING RELATED RELIEF (THE "SALE MOTION"); AND (2) DEBTORS' MOTION FOR ORDER PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE (A) AUTHORIZING THE DEBTOR TO FILE, UNDER SEAL, AN UNREDACTED SALE MOTION AND (B) DIRECTING PARTIES FILING RESPONSIVE PLEADINGS TO FILE UNREDACTED PLEADINGS UNDER SEAL**

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby move (the "Motion to Shorten") this Court, pursuant to Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and section 102 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), for the entry of an order shortening the time for notice for: (1) Debtors' Motion for Order Pursuant to Sections 105 and 363 of the Bankruptcy Code: (a) Approving the Mortgage Servicing Purchase Agreement; (b) Authorizing the Debtors to Sell

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Certain Property Free and Clear of Liens, Interests and Encumbrances and (c) Granting Related Relief (the "Sale Motion") and (2) Debtors' Motion Pursuant to Section 107(b) of the Bankruptcy Code for an Order (a) Authorizing the Debtors to File, Under Seal, An Unredacted Sale Motion and (b) Directing Parties Filing Responsive Pleadings to File Unredacted Pleadings Under Seal (the "Motion to File Under Seal", together with the Sale Motion, the "Motions").[2] In support of the Motion to Shorten, the Debtors respectfully represent as follows:

1.    The Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides for twenty (20) days' notice prior to a "proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time . . . ." Fed. R. Bankr. Proc. 2002(a)(3).  Further, Local Rule 9006-1(e) provides that such period may be shortened by Order of the Court upon written motion specifying the exigencies supporting shortened notice.  See, Del. Bankr. L.R. 9006-1(e).

2.    The Debtors submit that there is sufficient cause to justify shortening the notice period for the hearing on approval of the relief requested in the Motions.  As more particularly set forth in the Motions, on August 6, 2007, the Debtors filed a motion for approval of procedures for the sale of certain assets used in the Debtors' loan servicing business, and ultimately the approval of a sale of such assets [Docket No. 11] (the "Servicing Sale Motion"), which was approved by order dated August 9, 2007 [Docket No. 113] (the "Servicing Sale Order").

3.    Several of the loans that the Debtors service were issued in conjunction with the Government National Mortgage Association ("GNMA").  AHM Servicing was approved as a GNMA mortgage-backed securities issuer and was a signatory and subject to

---

[2] All capitalized terms used, but not defined herein, shall have the meanings given to them in the Sale Motion.

certain guaranty agreements with GNMA whereby AHM Servicing assigned ownership of certain first lien, adjustable-rate residential mortgage loans on a servicing retained basis to GNMA (the "GNMA Portfolio").

4.      On August 3, 2007, GNMA gave notice to AHM Servicing that AHM Servicing had defaulted under the terms of the guaranty agreements and that all rights, title and interest of the Debtors in the GNMA Portfolio terminated, and GNMA became the owner of the loans.  The Debtors disputed the purported termination and did not turn over the GNMA Portfolio to GNMA.

5.      On August 20, 2007, GNMA filed with this Court a *Motion of the United States for an Order (I) Requiring Turn-Over of Non-Estate Property Belonging to the Government National Mortgage Association and (II) Declaring that the Government National Mortgagee Association Is Not Subject to the Automatic Stay*, (the "Turn-Over Motion") [D.I. 243], and the Debtors filed an objection thereto [D.I. 600].

6.      On September 20, 2007, at the request of the Debtors and GNMA, this Court entered a *Stipulation and Order Resolving Motion of United States for an Order (I) Requiring Turnover of Non-Estate Property Belonging to the Government National Mortgage Association and (II) Declaring that the Government National Mortgage Association Is Not Subject to the Automatic Stay* (the "Stipulation") wherein, *inter alia*, the Debtors and GNMA agreed to allow the Debtors to have until October 9, 2007 to execute a binding contract to sell the GNMA Portfolio to a GNMA approved issuer/servicer in good standing, and until November 1, 2007 (the "Sale Deadline") to close such a sale [D.I. 863].

7.      If the Court does not hear the Sale Motion on shortened notice, the Debtors will be unable to meet the Sale Deadline set pursuant to the Stipulation.

8.      With respect to the Motion to File Under Seal, the Debtors submit that in order to give parties a meaningful opportunity to be heard on such motion, and in order for the parties to ensure that the information it deems confidential commercial information will remain protected, the Motion to File Under Seal must be heard in connection with the Sale Motion.

9.      Based on the foregoing, the Debtors submit that cause exists to justify shortening the notice period for the hearing on approval of the relief requested in the Motions. Accordingly, the Debtor requests that a hearing on the relief requested in the Motions be scheduled for October 23, 2007 at 2:00 p.m. (ET), with objections due on or before 5:00 p.m. (ET) on October 19, 2007.  In light of the shortened notice period, the Debtors will serve the Motions via Federal Express, overnight delivery, fax or email, on (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) the Administrative Agent; (iv) counsel to the DIP Lender; (v) counsel to the MidFirst; (vi) counsel to GNMA;  (vii) the U.S. Securities and Exchange Commission; (viii) any creditor known by the Debtors to be asserting a Lien on the Property; (ix) all parties known to have expressed an interest in purchasing the Property; (x) local, state and federal taxing authorities, and (xi) all parties entitled to notice under Local Rule 2002-1(b) (the "Notice Parties").

10.     If the relief requested herein is granted, the Debtors will serve a copy of the order entered by the Court on the Notice Parties.

WHEREFORE, the Debtors respectfully request that the Court enter an Order granting the relief requested herein and such other and further relief as is just and proper.

Dated:  Wilmington, Delaware
       October 15, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------x
In re:                                              :   Chapter 11
                                                    :
AMERICAN HOME MORTGAGE                               :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, <u>et al.</u>, :
                                                    :   Jointly Administered
  .  Debtors.                                       :
                                                    :   **Ref. Docket Nos. _____, _____ & _____**
                                                    :
------------------------------------------------------------------x

**ORDER SHORTENING THE TIME FOR NOTICE FOR: (1) DEBTORS' MOTION
FOR ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE:
(A) APPROVING THE MORTGAGE SERVICING PURCHASE AGREEMENT; (B)
AUTHORIZING THE DEBTORS TO SELL CERTAIN PROPERTY FREE AND CLEAR
OF LIENS, INTERESTS, AND ENCUMBRANCES AND (C) GRANTING RELATED
RELIEF (THE "SALE MOTION"); AND (2) DEBTORS' MOTION FOR ORDER
PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE (A) AUTHORIZING
THE DEBTOR TO FILE, UNDER SEAL, AN UNREDACTED SALE MOTION AND (B)
DIRECTING PARTIES FILING RESPONSIVE PLEADINGS TO FILE UNREDACTED
<u>PLEADINGS UNDER SEAL</u>**

Upon consideration of the motion (the "<u>Motion to Shorten</u>")[1] of the above

captioned debtors and debtors-in-possession (the "<u>Debtors</u>") for entry of an order providing that

the applicable notice period for the Sale Motion and the Motion to File Under Seal Motion be

shortened pursuant to Local Rule 9006-1(e) and section 102 of the Bankruptcy Code; and the

Court having determined that granting the relief requested in the Motion to Shorten is

appropriate; and it appearing that due and adequate notice of the Motion to Shorten has been

given under the circumstances, and that no other or further notice need be given; and after due

deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion to Shorten is granted; and it is further

---

[1] Capitalized terms not defined herein shall have the meanings given to them in the Motion to Shorten or the Sale Motion.

ORDERED, that the Motions shall be heard on October 23, 2007 at 2:00 p.m. (ET); and it is further

ORDERED, that objections to the relief requested in the Motion shall be filed and served no later than 5:00 p.m. (ET) on October 19, 2007; and it is further

ORDERED, that the Debtors, shall serve this order on (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) the Administrative Agent; (iv) counsel to the DIP Lender; (v) counsel to the MidFirst; (vi) counsel to GNMA; (vii) the U.S. Securities and Exchange Commission; (viii) any creditor known by the Debtors to be asserting a Lien on the Property; (ix) all parties known to have expressed an interest in purchasing the Property; (x) local, state and federal taxing authorities and (xi) all parties entitled to notice under Local Rule 2002-1(b); and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       October ____, 2007

_____
Christopher S. Sontchi
United States Bankruptcy Judge