`IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-11047 (CSS) |
| | : | Jointly Administered |
| Debtors. | : | **Doc. Ref. Nos: 192 & 643** |
| | x | Objection Deadline: November 5, 2007 |

**NOTICE OF FILING OF THE ORDINARY COURSE PROFESSIONAL BETTY MINOR**

PLEASE TAKE NOTICE that, on August 16, 2007, the above-captioned debtors and debtors in possession (the "Debtors") filed the Motion for an Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to Petition Date [Docket No. 192] (the "Motion").

PLEASE TAKE NOTICE that on September 4, 2007, the Court entered the Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to Petition Date [Docket No. 607] (the "Order").

PLEASE TAKE NOTICE that on September 5, 2007, the Debtors filed the Certificate of Counsel Regarding Order Pursuant to Sections 105(a), 327, 328 and 330 of the

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to the Petition Date (the "Revised Order") [Docket No. 618].

PLEASE TAKE NOTICE that on September 7, 2007, the Court entered the Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to Petition Date (the "Revised Order") [Docket No. 643].

PLEASE TAKE NOTICE that, in accordance with the procedures set forth in the Revised Order, the Debtors hereby file the ordinary course professional retention affidavit of Betty Minor of Action Real Estate, LLC (the "Retention Affidavit") which is attached hereto as Exhibit A.

PLEASE TAKE NOTICE that, objections to the Retention Affidavit, if any, must be filed on or before November 5, 2007 at 4:00 p.m. (ET) (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801.

PLEASE TAKE NOTICE that, objections, if any, to the Retention Affidavit must be made in accordance with the Revised Order and by the Objection Deadline, be served upon: (i) the Office of the United States Trustee, (ii) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, counsel for the Committee; (iii) counsel to Bank of America N.A., as Administrative Agents under that certain and Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Debtors' pospetition lender, (v) the Securities and Exchange Commission; (vi) all other parties entitled to notice under Del. Bankr. LR 2002-1(b) (collectively, the "Notice

Parties"); (vii) counsel for the Debtors; and (viii) and the Ordinary Course Professional.

PLEASE TAKE NOTICE that if the objection cannot be consensually resolved, then the objection shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing or such other date otherwise agreeable to the parties thereto.

PLEASE TAKE NOTICE that if no objections are filed on or before the Objection Deadline, then **the Debtors shall be authorized to compensate professionals associated with the firm that submitted the Retention Affidavit after complying with the other procedures contained in the Revised Order.**

Dated: October 15, 2007
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

[signature]

James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Travis N. Turner (No. 4926)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

# EXHIBIT A

## RETENTION AFFIDAVIT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-11047 (CSS) |
| | : | Jointly Administered |
| Debtors. | : | Doc. Ref. Nos: 192 & 643 |

**AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL**

STATE OF [ Alabama ] )
) ss:
COUNTY OF [ Jefferson ] )

Betty Minor **[INSERT NAME OF AFFIANT]**, being duly sworn, deposes and says:

1. I am a Broker **[INSERT POSITION]** of Action Real Estate, LLC **[INSERT FIRM NAME]** (the "Firm"), which maintains offices at 104 Oxmoor Rd.Suite 136 **[INSERT ADDRESS]**.

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about September 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

3. Prior to the filing of the petitions which initiated the above-captioned cases, the Firm has represented and advised the Debtors as RealEstate Broker **[INSERT DESCRIPTION OF SERVICES]**. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates, subject to change from time to time, are direct reimbursement of expenses **[INSERT DESCRIPTION OF RATES]**. In the normal course of its business, the Firm revises its billing rates on N/A **[INSERT DATE, IF APPLICABLE]** of each year and requests that, effective N/A **[INSERT DATE, IF APPLICABLE]** of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections:

**[DISCLOSE CONNECTIONS BELOW, DO NOT LEAVE SECTION BLANK, USE SEPARATE PAPER IF NECESSARY]**

None known

6. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

8. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9. Prior to the filing of the above-captioned cases, the Firm ________ **[WAS/WAS NOT]** employed by the Debtors. The Debtors owe the Firm $475.00 **$[INSERT FIGURE OF AMOUNTS OWED AS OF AUGUST 6, 2007, IF APPLICABLE]** for prepetition services. If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm **WILL** waive the pre-petition claim.

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should

discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

11. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Oct. 9, , 2007

Betty Minor
Affiant

Sworn to and subscribed before me
this 9TH day of Oct. 2007
Denise E. Helms
Notary Public

DENISE E HELMS
Notary Public
Alabama
State At Large
My Commission Expires August 7, 2010