IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE | : Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | : |
| *et al.*, | : Jointly Administered |
| | : |
| Debtors. | : Objection Deadline: November 6, 2007 at 4:00 p.m. |
| | Hearing Date: November 14, 2007 at 10:00 a.m. |

**MOTION OF VICOM COMPUTER SERVICES, INC. FOR RECLAMATION OF GOODS PURSUANT TO 11.U.S.C. § 546(c) OR, IN THE ALTERNATIVE, FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. § 503(b)**

Vicom Computer Services, Inc. ("Vicom"), by and through its undersigned counsel, hereby moves (the "Motion") for (1) reclamation of goods pursuant to 11 U.S.C. § 546(c) with a value of $76,969.07 (the "Reclamation Claim"); or, alternatively (2) allowance of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(9) in the amount of $76,969.07 (the "Administrative Claim"). In support of this Motion, Vicom respectfully represents as follows:

## THE PARTIES RELATIONSHIP

1. Prior to the Petition Date (as defined herein), Vicom had an established business relationship with American Home Mortgage Corporation ("AHMC"), one of the above-captioned debtors (the "Debtors"), wherein Vicom would provide computers and computer-related products (the "Goods") to AHMC.

2. During the 45 days preceding the Petition Date, AHMC received – while insolvent – delivery of the Goods from Vicom in the ordinary course of business. Copies of shipping receipts, which identify the dates that the Debtors received the Goods, are

attached hereto as Exhibit A. A summary of the invoices, shipping dates and claims calculation is attached hereto as Exhibit B.

## BACKGROUND

3.     On August 6, 2007 (the "Petition Date"), the Debtors filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.     On August 7, 2007, Vicom served upon AHMC a timely written demand (the "Written Demand") for reclamation of the Goods. A copy of the Written Demand is attached hereto as Exhibit C.

5.     As of the date of this Motion, the Debtors have neither paid to Vicom the value of the Goods, or any part thereof, nor returned any of the Goods to Vicom.

## RELIEF REQUESTED

6.     By this Motion, Vicom seeks the entry of an order requiring the Debtors to return the Goods to Vicom pursuant to section 546(c) of the Bankruptcy Code or, in the alternative, granting immediate payment of the Administrative Claim pursuant to Section 503(b)(9) of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

### I. VICOM IS ENTITLED TO RECLAMATION OF THE GOODS PURSUANT TO 11 U.S.C. § 546(c)

7.     Section 546(c) of the Bankruptcy Code provides in relevant part:

> (1)    the rights and powers of the trustee under sections 544(a), 545, 547, and 549 are subject to the right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, within 45 days before the date of the commencement of a case under this title, but such a seller may not reclaim such goods unless such seller demands in writing reclamation of such goods—

> (A)   not later than 45 days after the date of receipt of such goods by the debtor; or
>
> (B)   not later than 20 days after the date of commencement of the case, if the 45-day period expires after the commencement of the case.

11 U.S.C. § 546(c).

8.   In order to succeed in establishing its right to reclamation of goods under Section 546(c), a seller must establish that: (1) the sale to the buyer was in the ordinary course of the seller's business; (2) the buyer was insolvent when it received the goods; (3) the seller demanded reclamation of the goods within the statutory period of time; and (4) the buyer possessed the goods and the goods were identifiable at the time of the demand. *See e.g.*, In re Waccamaw's Homeplace, et al., 298 B.R. 233, 237 (Bankr. D. Del. 2003); The Scotts Company v. Hechinger Company (In re The Hechinger Investment Company of Delaware, Inc.), 274 B.R. 402, 405 (Bankr. D. Del. 2001). The seller must prove the elements by a preponderance of the evidence. In re Advanced Marketing Services, Inc., 360 B.R. 421, 426 (Bankr. D. Del. 2007). With regard to the Goods at issue, Vicom can establish each element by a preponderance of the evidence, as follows.

### A.   The Sale of the Goods Was in the Ordinary Course of Business

9.   First, the Goods were sold to the Debtors in the ordinary course of Vicom's business. Vicom, an information technology company that provides technology-related products and services, supplied AHMC with computers and associated products that AHMC used in the day-to-day operation of its business. As substantiated by the invoices in Exhibit C, Vicom provided recurrent shipments of its products to AHMC. The Goods supplied to AHMC were germane to Vicom's business, and the

regularity in delivery of the Goods provides sufficient evidence that Vicom sold the Goods to AHMC in the ordinary course of Vicom's business.

**B.   The Debtors Were Insolvent at the Time of the Receipt of the Goods**

10. Second, the Debtors were insolvent at the time of receipt of the goods. Under the Bankruptcy Code, an entity is "insolvent" when the sum of its debts are greater than the sum of its property or assets. *See* 11 U.S.C. § 101(32). As indicated in the Debtors' schedules of assets and liabilities, the aggregate of the Debtors' debts exceeds the value of the Debtors' assets with regard to the period of time at issue.

**C.   Vicom Timely Demanded Reclamation**

11. Third, Vicom made a timely Written Demand for reclamation of the Goods. *See* Exhibit C. The Debtors took physical possession of the Goods within the 45-day statutory period prior to the Petition Date as evidenced by the proofs of delivery attached hereto. *See* Exhibit A. The Written Demand was made one day after the Petition Date and not later than 45 days after AHMC received the Goods, clearly well within the requisite periods under sections 546(c)(1)(A) and 546(c)(1)(B).

**D.   The Goods Were Identifiable at the Time of the Demand**

12. Fourth, the Goods are sufficiently identified with serial numbers such that the Debtors could have returned the Goods to Vicom upon notice. The Written Demand issued by Vicom included copies of invoices that specifically referenced each product sought to be reclaimed by both product number and description. *See* Exhibit C. Moreover, to the best of Vicom's knowledge, information and belief, the Debtors possessed the Goods at the time Vicom demanded the reclamation. The Goods were at all times identifiable by the invoices Vicom attached to its Written Demand, and by the Goods themselves in the Debtors' possession.

13. Presently, the Debtors have not returned any of the Goods to Vicom and, since the statutory elements for a valid reclamation claim have been satisfied, this Court should permit Vicom to reclaim and recover its Goods from Debtors.

## II. IN THE ALTERNATIVE, IF THE DEBTORS ARE UNABLE TO RETURN THE GOODS, VICOM IS ENTITLED TO THE ADMINISTRATIVE CLAIM

14. Section 503(b) of the Bankruptcy Code provides:

> [a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title including—
>
> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtors' business.

11 U.S.C. § 503(b)(9).

15. The Goods, which were received by AHMC within twenty days before the Petition Date, are valued at not less than $50,668.78. *See* Exhibit B.

16. As referenced herein, Vicom sold the Goods to AHMC in the ordinary course of AHMC's business. Specifically, the Goods were used to support AHMC's technology needs for its day-to-day operations. Accordingly, Vicom is entitled to an administrative expense claim in the amount of $50,668.78. In addition, in the interest of fairness, if the Debtors do not return the Goods to Vicom, based upon Vicom's right to reclaim the Goods, Vicom is entitled to an administrative expense claim for the total value of the Goods, $76,969.07.

17. Vicom expressly reserves its right to assert additional claims against the Debtors and to amend, modify and/or supplement this request.

WHEREFORE, Vicom respectfully requests the relief requested herein and any further relief as this Court deems just and proper.

Dated: October 16, 2007
       Wilmington, Delaware

THE BAYARD FIRM

*/s/ M. Augustine*

Ashley B. Stitzer (No. 3891)
Mary E. Augustine (No. 4477)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Tel: 302-655-5000
Facsimile: 302-658-6395

*Counsel for Vicom Computer Services, Inc.*