IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| ------------------------------------------------------------- x | |
| In re: | Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE | : Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : **Ref. Docket No.: 227, 750** |
| ------------------------------------------------------------- x | |

**CERTIFICATION OF COUNSEL WITH RESPECT TO APPLICATION
FOR ORDER PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 2014 APPROVING RETENTION OF
MILESTONE ADVISORS, LLC AS INVESTMENT BANKERS AND FINANCIAL
ADVISORS FOR THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE**

The undersigned counsel hereby certifies that:

1.      On August 17, 2007, the above captioned debtors and debtors in

possession (the "Debtors") filed the **Application for Order Pursuant to Sections 327 and 328**

**of the Bankruptcy Code and Bankruptcy Rule 2014 Approving Retention of Milestone**

**Advisors, LLC As Investment Bankers and Financial Advisors for the Debtors *Nunc Pro***

***Tunc* to Petition Date** [Docket No. 227] (the "Application").

2.      The Office of the United States Trustee (the "Trustee") filed an objection

to the Application [Docket No. 750] (the "Objection"), indicating various objections to the terms

of the proposed order approving the Application.

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

3.    Attached hereto as <u>Exhibit A</u> is a revised form of order approving the

Application (the "<u>Order</u>"), which modifies the relief requested in the Application based on the

issues raised by the Trustee raised both informally and in the context of the Objection.  A

blacklined version of the Order, indicating the changes made to the Order from the version filed

with the Application, is attached hereto as <u>Exhibit B</u>.  Accordingly, as the Trustee has consented

to entry of the Order, it is requested that the Order be entered at the earliest convenience of the

Court.

4.    Counsel for the Debtors is available should the Court have any further

questions or concerns with the foregoing.

Dated:    Wilmington, Delaware
          October 16, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
M. Blake Cleary (No. 3614)
Sean T. Greecher (No. 4484)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Attorneys for the Debtors and
Debtors-in-Possession

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------   x
In re:                                                         :   Chapter 11
                                                               :
AMERICAN HOME MORTGAGE                                          :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,¹               :
                                                               :   Jointly Administered
                         Debtors.                              :
                                                               :   Ref. Docket No.: 2 2 7
------------------------------------------------------------   x
```

**ORDER PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 2014 APPROVING RETENTION OF MILESTONE
ADVISORS, LLC AS INVESTMENT BANKERS AND FINANCIAL ADVISORS FOR
THE DEBTORS _NUNC PRO TUNC_ TO THE PETITION DATE**

Upon consideration of the application (the "Application")² of the above-captioned

debtors and debtors in possession (collectively the "Debtors"), for entry of an order pursuant to

sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014 approving the

employment of Milestone Advisors, LLC ("Milestone") as the Debtors' investment bankers and

financial advisors; and upon the Declarations of John J. Nelligan and Alan B. Horn in support of

the Debtors' Application to employ Milestone, as the Debtors' investment bankers and financial

advisors; and the issues and objection raised by the United States Trustee in connection with the

Application having been resolved; and given that both Milestone and the Debtors have consented

to the various modifications to the Application and the Engagement Letter reflected in this

Order; and it appearing that good and sufficient notice having been given and no other or further

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp.
("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM
Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a
Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558);
American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.
("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,
Texas 75063.

notice need be given; and this Court finding, further, that Milestone does not hold or represent any interest adverse to the Debtors or their estates in the matters on which Milestone is to be retained, that Milestone is a "disinterested" person as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code"), that the terms and conditions of Milestone's employment as set forth in the Application and the Engagement Letter are reasonable and that its employment as investment bankers to the Debtors and the terms thereof are in the best interests of the estates; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is granted to the extent set forth herein; and it is further

ORDERED, that pursuant to section 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtors are authorized to employ and retain Milestone as investment bankers and financial advisors, effective *nunc pro tunc* to the Petition Date, pursuant to the terms and conditions set forth in the Application and Engagement Letter as modified by this Order; and it is further

ORDERED, that Milestone shall file interim and final fee applications for allowance of its compensation and expenses with respect to its services on behalf of the Debtors with the Court in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of the Court; provided, however, that (i) a waiver of the information requirements of Local Rule 2016-2 is granted for the period from the Petition Date through August 31, 2007 such that Milestone may submit time records in summary format which shall set forth a description of the services rendered by each of its professionals and the amount

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Application.

DB02:6239444.4                                                                                          066585.1001

of time spent on each date by each such individual in rendering services on behalf of the Debtors, and (ii) a limited waiver of the information requirements of Local Rule 2016-2 is granted for periods covering September 1, 2007 forward such that Milestone may submit time records in one-half hour increments; for avoidance of doubt, the waiver granted in subpart (i) of this paragraph shall not be effective after September 1, 2007; and it is further

ORDERED that all of Milestone's fees and expenses in these cases, including without limitation the Advisory Fee, the Restructuring Advisory Fees and a Core Asset Fee (as such terms are defined in the Engagement Letter) are approved pursuant to section 328(a) of the Bankruptcy Code; provided, however, that all such fees and expenses shall be subject to approval by the Court in accordance with the standard set forth in section 328(a) of the Bankruptcy Code and upon proper application by Milestone in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court; and it is further

ORDERED that, notwithstanding the foregoing, the United States Trustee retains the rights to object to the Advisory Fee, the Restructuring Advisory Fees and a Core Asset Fee based on the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that notwithstanding paragraph 12 or Appendix I of the Engagement Letter, the indemnification provision shall be modified as follows:

(a)     Milestone shall not be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services other than those described in the Agreement, unless such services and indemnification therefore are approved by the Court;

(b)     The Debtors shall have no obligation to indemnify Milestone, or provide contribution or reimbursement to Milestone, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Milestone's gross negligence or willful

misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Milestone's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Milestone should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and

(c)     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Milestone believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation the advancement of defense costs, Milestone must file an application therefore in this Court, and the Debtors may not pay any such amounts to Milestone before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Milestone for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Milestone. All parties in interest shall retain the right to object to any demand by Milestone for indemnification, contribution or reimbursement; and it is further

ORDERED, that notwithstanding the limitation of liability provision or provisions and/or contribution provision or provisions in paragraph 12 or Appendix I of the Engagement Letter or any agreements incorporated by reference therein, the Engagement Letter shall be modified to delete such provision or provisions from the Engagement Letter; and it is further

ORDERED, that paragraph 2(a)(i) of the Engagement Letter is deleted in its entirety; and it is further

ORDERED, that paragraph 2(b)(i) of the Engagement Letter is modified to provide that the phrase "$435 million" will be deleted and replaced by the phrase "$446 million"; and it is further

4

ORDERED, that paragraph 4 of the Engagement Letter shall be deleted; and it is further

ORDERED, that paragraph 5 of the Engagement Letter is modified to delete the phrase "(including all fees, disbursements and other reasonable charges of one firm of counsel, if any, to be retained by Milestone, and of other consultants and advisors retained by Milestone with the Company's consent)"; provided, however, that the foregoing deletion shall not impair or otherwise affect Milestone's non-contractual rights to request the reimbursement of fees and expenses incurred by counsel during these chapter 11 cases through interim and final fee applications; and it is further

ORDERED, that paragraph 9 of the Engagement Letter is modified to provide that in the event the Debtors enter into a Core Asset Sale within a 12 month period following the termination or expiration of the Engagement Letter, Milestone shall file an application with the Court for approval of such Core Asset Sale Fee on notice and with an opportunity for parties in interest to file objections to such Core Asset Sale Fee; and it is further

ORDERED, that notwithstanding anything in the Engagement Letter to the contrary, after March 31, 2008, the Debtors and the Committee shall confer on whether the Debtors should continue to engage Milestone pursuant to the terms of the Engagement Letter as modified by this Order; and it is further

ORDERED, that in the event that the Debtors or Milestone terminate the Engagement Letter pursuant to the provisions of paragraph 9, Milestone shall be entitled to a daily pro ration of the Restructuring Advisory Fee through the termination date; and it is further

ORDERED, that the term "proceeds" as used in paragraphs 2(b)(i) and (ii) shall mean the proceeds realized from a Core Asset Sale that are delivered to the Debtors and/or their

5

creditors, but shall not include proceeds realized from a Core Asset Sale that are held in escrow or other similar type of arrangement until such proceeds are released from escrow and delivered to the Debtors and/or their creditors; and it is further

ORDERED, that this Court shall retain jurisdiction in matters related to the interpretation and enforcement of this Order.

Dated:   Wilmington, Delaware
         September ____, 2007

_____
Christopher S. Sontchi
United States Bankruptcy Judge

# **Exhibit B**

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| ------------------------------------------------------------ x | Chapter 11 |
| In re: : | |
| : | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE : | |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] : | |
| : | Jointly Administered |
| : | |
| Debtors. : | **Ref. Docket No.: _____** |
| ------------------------------------------------------------ x | |

**ORDER PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 2014 APPROVING RETENTION OF MILESTONE
ADVISORS, LLC AS INVESTMENT BANKERS AND FINANCIAL ADVISORS FOR
THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the application (the "Application")[2] of the above-captioned

debtors and debtors in possession (collectively the "Debtors"), for entry of an order pursuant to

sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014 approving the

employment of Milestone Advisors, LLC ("Milestone") as the Debtors' investment bankers and

financial advisors; and upon the ~~Declaration~~Declarations of John J. Nelligan and Alan B. Horn in

support of the Debtors' Application to employ Milestone, as the Debtors' investment bankers and

financial advisors; and the issues and objection raised by the United States Trustee in connection

with the Application having been resolved; and given that both Milestone and the Debtors have

consented to the various modifications to the Application and the Engagement Letter reflected in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Application.

this Order; and it appearing that good and sufficient notice having been given and no other or

further notice need be given; and this Court finding, further, that Milestone does not hold or

represent any interest adverse to the Debtors or their estates in the matters on which Milestone is

to be retained, that Milestone is a "disinterested" person as that term is defined in section 101(14)

of title 11 of the United States Code (the "Bankruptcy Code"), that the terms and conditions of

Milestone's employment as set forth in the Application and the Engagement Letter are reasonable

and that its employment as investment bankers to the Debtors and the terms thereof are in the

best interests of the estates; and after due deliberation and sufficient cause appearing therefor, it

is hereby

ORDERED, that the Application is granted to the extent set forth herein; and it is

further

ORDERED, that pursuant to section 327 and 328 of the Bankruptcy Code and

Bankruptcy Rule 2014, the Debtors are authorized to employ and retain Milestone as investment

bankers and financial advisors, effective *nunc pro tunc* to the Petition Date, pursuant to the terms

and conditions set forth in the Application and Engagement Letter as modified by this Order; and

it is further

ORDERED, that Debtors will pay Milestone as set forth in the Engagement

Letter; and it is furtherORDERED, that Milestone shall file interim and final fee applications for

allowance of its compensation and expenses with respect to its services on behalf of the Debtors

with the Court in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules and orders of the Court; provided, however, that (i) a waiver of the

information requirements of Local Rule 2016-2 is granted for the period from the Petition Date

through August 31, 2007 such that Milestone may submit time records in summary format which

shall set forth a description of the services rendered by each of its professionals and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors, and, therefore, (ii) a limited waiver of the information requirements of Local Rule 2016-2 are hereby modified and waived, to the extent necessary, with respect to Milestone. is granted for periods covering September 1, 2007 forward such that Milestone may submit time records in one-half hour increments; for avoidance of doubt, the waiver granted in subpart (i) of this paragraph shall not be effective after September 1, 2007; and it is further

ORDERED that all of Milestone's fees and expenses may be paid and reimbursed as providedin these cases, including without limitation the Advisory Fee, the Restructuring Advisory Fees and a Core Asset Fee (as such terms are defined in the Engagement Letter only upon approval of the Court of interim and final applications; and it is further ) are approved pursuant to section 328(a) of the Bankruptcy Code; provided, however, that all such fees and expenses shall be subject to approval by the Court in accordance with the standard set forth in section 328(a) of the Bankruptcy Code and upon proper application by Milestone in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court; and it is further

ORDERED that, notwithstanding the foregoing, the United States Trustee retains the rights to object to the Advisory Fee, the Restructuring Advisory Fees and a Core Asset Fee based on the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that notwithstanding the Application or the Engagement Letter (ORDERED that notwithstanding paragraph 12 or Appendix I toof the Engagement Letter), the indemnification provision shall be modified as follows:

(a)     Milestone shall not be entitled to indemnification, contribution or
reimbursement pursuant to the Agreement for services other than those
described in the Agreement, unless such services and indemnification
therefore are approved by the Court;

(b)     The Debtors shall have no obligation to indemnify Milestone, or provide
contribution or reimbursement to Milestone, for any claim or expense that
is either:  (i) judicially determined (the determination having become final)
to have arisen from Milestone's gross negligence or willful misconduct;
(ii) for a contractual dispute in which the Debtors allege the breach of
Milestone's contractual obligations unless the Court determines that
indemnification, contribution or reimbursement would be permissible
pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003);
or (iii) settled prior to a judicial determination as to the exclusions set
forth in clauses (i) and (ii) above, but determined by the Court, after notice
and a hearing to be a claim or expense for which Milestone should not
receive indemnity, contribution or reimbursement under the terms of the
Agreement as modified by this Order; and

(c)     If, before the earlier of (i) the entry of an order confirming a chapter 11
plan in these cases (that order having become a final order no longer
subject to appeal), and (ii) the entry of an order closing these chapter 11
cases, Milestone believes that it is entitled to the payment of any amounts
by the Debtors on account of the Debtors' indemnification, contribution
and/or reimbursement obligations under the Agreement (as modified by
this Order), including without limitation the advancement of defense costs,
Milestone must file an application therefore in this Court, and the Debtors
may not pay any such amounts to Milestone before the entry of an order by
this Court approving the payment.  This subparagraph (c) is intended only
to specify the period of time under which the Court shall have jurisdiction
over any request for fees and expenses by Milestone for indemnification,
contribution or reimbursement, and not a provision limiting the duration of
the Debtors' obligation to indemnify Milestone.  All parties in interest
shall retain the right to object to any demand by Milestone for
indemnification, contribution or reimbursement; and it is further

ORDERED, that notwithstanding the limitation of liability provision or provisions

in~~in~~and/or contribution provision or provisions in paragraph 12 or Appendix I of the Engagement

Letter or any agreements incorporated by reference therein ~~(including, without limitation~~

~~Appendix I)~~, the Engagement Letter shall be modified to delete such provision or provisions

from the Engagement Letter.~~—~~ ; and it is further

ORDERED, that paragraph 2(a)(i) of the Engagement Letter is deleted in its entirety; and it is further

ORDERED, that paragraph 2(b)(i) of the Engagement Letter is modified to provide that the phrase "$435 million" will be deleted and replaced by the phrase "$446 million"; and it is further

ORDERED, that paragraph 4 of the Engagement Letter shall be deleted; and it is further

ORDERED, that paragraph 5 of the Engagement Letter is modified to delete the phrase "(including all fees, disbursements and other reasonable charges of one firm of counsel, if any, to be retained by Milestone, and of other consultants and advisors retained by Milestone with the Company's consent)"; provided, however, that the foregoing deletion shall not impair or otherwise affect Milestone's non-contractual rights to request the reimbursement of fees and expenses incurred by counsel during these chapter 11 cases through interim and final fee applications; and it is further

ORDERED, that paragraph 9 of the Engagement Letter is modified to provide that in the event the Debtors enter into a Core Asset Sale within a 12 month period following the termination or expiration of the Engagement Letter, Milestone shall file an application with the Court for approval of such Core Asset Sale Fee on notice and with an opportunity for parties in interest to file objections to such Core Asset Sale Fee; and it is further

ORDERED, that notwithstanding anything in the Engagement Letter to the contrary, after March 31, 2008, the Debtors and the Committee shall confer on whether the Debtors should continue to engage Milestone pursuant to the terms of the Engagement Letter as modified by this Order; and it is further

ORDERED, that in the event that the Debtors or Milestone terminate the Engagement Letter pursuant to the provisions of paragraph 9, Milestone shall be entitled to a daily pro ration of the Restructuring Advisory Fee through the termination date; and it is further

ORDERED, that the term "proceeds" as used in paragraphs 2(b)(i) and (ii) shall mean the proceeds realized from a Core Asset Sale that are delivered to the Debtors and/or their creditors, but shall not include proceeds realized from a Core Asset Sale that are held in escrow or other similar type of arrangement until such proceeds are released from escrow and delivered to the Debtors and/or their creditors; and it is further

ORDERED, that this Court shall retain jurisdiction in matters related to the interpretation and enforcement of this Order.

Dated:   Wilmington, Delaware
              September ____, 2007

_____
Christopher S. Sontchi

United States Bankruptcy Judge