IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :   Jointly Administered
                        Debtors.                                 :
                                                                 :   Ref. Docket No.: 227
---------------------------------------------------------------- x

**ORDER PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 APPROVING RETENTION OF MILESTONE ADVISORS, LLC AS INVESTMENT BANKERS AND FINANCIAL ADVISORS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively the "Debtors"), for entry of an order pursuant to sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014 approving the employment of Milestone Advisors, LLC ("Milestone") as the Debtors' investment bankers and financial advisors; and upon the Declarations of John J. Nelligan and Alan B. Horn in support of the Debtors' Application to employ Milestone, as the Debtors' investment bankers and financial advisors; and the issues and objection raised by the United States Trustee in connection with the Application having been resolved; and given that both Milestone and the Debtors have consented to the various modifications to the Application and the Engagement Letter reflected in this Order; and it appearing that good and sufficient notice having been given and no other or further

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

notice need be given; and this Court finding, further, that Milestone does not hold or represent any interest adverse to the Debtors or their estates in the matters on which Milestone is to be retained, that Milestone is a "disinterested" person as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code"), that the terms and conditions of Milestone's employment as set forth in the Application and the Engagement Letter are reasonable and that its employment as investment bankers to the Debtors and the terms thereof are in the best interests of the estates; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is granted to the extent set forth herein; and it is further

ORDERED, that pursuant to section 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtors are authorized to employ and retain Milestone as investment bankers and financial advisors, effective *nunc pro tunc* to the Petition Date, pursuant to the terms and conditions set forth in the Application and Engagement Letter as modified by this Order; and it is further

ORDERED, that Milestone shall file interim and final fee applications for allowance of its compensation and expenses with respect to its services on behalf of the Debtors with the Court in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of the Court; provided, however, that (i) a waiver of the information requirements of Local Rule 2016-2 is granted for the period from the Petition Date through August 31, 2007 such that Milestone may submit time records in summary format which shall set forth a description of the services rendered by each of its professionals and the amount

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Application.

DB02:6239444.4                                                                                          066585.1001

of time spent on each date by each such individual in rendering services on behalf of the Debtors, and (ii) a limited waiver of the information requirements of Local Rule 2016-2 is granted for periods covering September 1, 2007 forward such that Milestone may submit time records in one-half hour increments; for avoidance of doubt, the waiver granted in subpart (i) of this paragraph shall not be effective after September 1, 2007; and it is further

ORDERED that all of Milestone's fees and expenses in these cases, including without limitation the Advisory Fee, the Restructuring Advisory Fees and a Core Asset Fee (as such terms are defined in the Engagement Letter) are approved pursuant to section 328(a) of the Bankruptcy Code; provided, however, that all such fees and expenses shall be subject to approval by the Court in accordance with the standard set forth in section 328(a) of the Bankruptcy Code and upon proper application by Milestone in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court; and it is further

ORDERED that, notwithstanding the foregoing, the United States Trustee retains the rights to object to the Advisory Fee, the Restructuring Advisory Fees and a Core Asset Fee based on the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that notwithstanding paragraph 12 or Appendix I of the Engagement Letter, the indemnification provision shall be modified as follows:

(a) Milestone shall not be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services other than those described in the Agreement, unless such services and indemnification therefore are approved by the Court;

(b) The Debtors shall have no obligation to indemnify Milestone, or provide contribution or reimbursement to Milestone, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Milestone's gross negligence or willful

        misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Milestone's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Milestone should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and

(c)    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Milestone believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation the advancement of defense costs, Milestone must file an application therefore in this Court, and the Debtors may not pay any such amounts to Milestone before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Milestone for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Milestone. All parties in interest shall retain the right to object to any demand by Milestone for indemnification, contribution or reimbursement; and it is further

ORDERED, that notwithstanding the limitation of liability provision or provisions and/or contribution provision or provisions in paragraph 12 or Appendix I of the Engagement Letter or any agreements incorporated by reference therein, the Engagement Letter shall be modified to delete such provision or provisions from the Engagement Letter; and it is further

ORDERED, that paragraph 2(a)(i) of the Engagement Letter is deleted in its entirety; and it is further

ORDERED, that paragraph 2(b)(i) of the Engagement Letter is modified to provide that the phrase "$435 million" will be deleted and replaced by the phrase "$446 million"; and it is further

4

ORDERED, that paragraph 4 of the Engagement Letter shall be deleted; and it is further

ORDERED, that paragraph 5 of the Engagement Letter is modified to delete the phrase "(including all fees, disbursements and other reasonable charges of one firm of counsel, if any, to be retained by Milestone, and of other consultants and advisors retained by Milestone with the Company's consent)"; provided, however, that the foregoing deletion shall not impair or otherwise affect Milestone's non-contractual rights to request the reimbursement of fees and expenses incurred by counsel during these chapter 11 cases through interim and final fee applications; and it is further

ORDERED, that paragraph 9 of the Engagement Letter is modified to provide that in the event the Debtors enter into a Core Asset Sale within a 12 month period following the termination or expiration of the Engagement Letter, Milestone shall file an application with the Court for approval of such Core Asset Sale Fee on notice and with an opportunity for parties in interest to file objections to such Core Asset Sale Fee; and it is further

ORDERED, that notwithstanding anything in the Engagement Letter to the contrary, after March 31, 2008, the Debtors and the Committee shall confer on whether the Debtors should continue to engage Milestone pursuant to the terms of the Engagement Letter as modified by this Order; and it is further

ORDERED, that in the event that the Debtors or Milestone terminate the Engagement Letter pursuant to the provisions of paragraph 9, Milestone shall be entitled to a daily pro ration of the Restructuring Advisory Fee through the termination date; and it is further

ORDERED, that the term "proceeds" as used in paragraphs 2(b)(i) and (ii) shall mean the proceeds realized from a Core Asset Sale that are delivered to the Debtors and/or their

creditors, but shall not include proceeds realized from a Core Asset Sale that are held in escrow or other similar type of arrangement until such proceeds are released from escrow and delivered to the Debtors and/or their creditors; and it is further

ORDERED, that this Court shall retain jurisdiction in matters related to the interpretation and enforcement of this Order.

Dated: Wilmington, Delaware
September 17, 2007
October

Christopher S. Sontchi
United States Bankruptcy Judge

DB02:6239444.4                                    066585.1001