IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | Chapter 11 |
| : | |
| AMERICAN HOME MORTGAGE : | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware : | Jointly Administered |
| corporation, et al., : | |
| : | Objection Deadline: November 7, 2007 at 4:00 p.m. |
| Debtors. : | Hearing Date: November 14, 2007 at 10:00 a.m. |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ORDER AUTHORIZING AND APPROVING THE
EMPLOYMENT AND RETENTION OF COZEN O'CONNOR AS SPECIAL
CONFLICTS COUNSEL, *NUNC PRO TUNC* TO AUGUST 28, 2007**

TO: THE HONORABLE CHRISTOPHER S. SONTCHI,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors")[1] hereby applies for an order (the "Application"), pursuant to sections 328 and 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing it to retain Cozen O'Connor ("Cozen") as special conflicts counsel for the Committee in connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases") effective as of August 28, 2007. In support of this application, the Committee relies on the Declaration of Mark E Felger, sworn to on October 10, 2007 (the "Felger Declaration"), filed concurrently herewith. In further support of this Application, the Committee respectfully represents as follows:

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

## Background

1. On August 6, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On August 14, 2007, the United States Trustee for the District of Delaware, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 Cases. The members of the Committee are: (i) Wilmington Trust Company; (ii) The Bank of New York Trust Company, N.A.; (iii) Deutsche Bank National Trust Co.; (iv) Nomura Credit & Capital, Inc.; (v) Impac Funding Corporation; (vi) Waldners Business Environments, Inc.; and (vii) United Parcel Service.

3. Certain of the Debtors are parties to that certain pre-petition Second Amended and Restated Credit Agreement dated as of August 10, 2006 (the "Pre-Petition Credit Agreement") under which Bank of America, N.A. ("BofA") acts as administrative agent for itself and certain lenders (the "Pre-Petition Secured Lenders"). As of the Petition Date, the Debtors allege that they were indebted to the Pre-Petition Secured Lenders under the Pre-Petition Credit Agreement in the aggregate principal amount of approximately $1,104,550,000. Pursuant to a Security Agreement dated as of August 30, 2004, as amended, modified, supplemented, ratified, and restated from time to time BofA, for the ratable benefit of the Pre-Petition Secured Lenders, asserts first priority security interests in and liens upon certain of the Debtors' assets, including all of the Purchased Assets (as such term is defined below).

4.  On August 27, 2007, this Court entered the Interim Order (i) Authorizing Debtors' Limited Use of Cash Collateral, (ii) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties and (iii) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001 [Docket No. 68] (the "<u>Interim Cash Collateral Order</u>"), pursuant to which the Debtors were authorized to use the cash collateral pledged to the Administrative Agent for the ratable benefit of Pre-Petition Secured Lenders for the operations of the Servicing Business until September 5, 2007. On September 4, 2007, this Court entered the Final Order (i) Authorizing Debtors' Limited Use of Cash Collateral and (ii) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties [Docket No. 554] (the "<u>Final Cash Collateral Order</u>," together with the Interim Cash Collateral Order, the "<u>Cash Collateral Order</u>"), pursuant to which the Debtors were authorized to use such cash collateral for the operations of the Servicing Business until October 31, 2007.

### Jurisdiction and Venue

5.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of these proceedings is proper in this district pursuant to 27 U.S.C. §§ 1408 and 1409.

### Relief Requested

6.  This Application is made by the Committee for an order, pursuant to sections 328 and 1103 of the Bankruptcy code and Bankruptcy Rule 2014, authorizing it to retain and employ Cozen as its special conflicts counsel, effective as of August 28, 2007.

## Basis for Relief Requested

7. The Committee has selected Cozen to serve as special conflicts counsel to the Committee and to represent its interests in connection with any matter in which the Committee may be adverse to BofA, including any matter relating to the Debtors' use of BofA's cash collateral and the investigation of the extent, validity and priority of BofA's asserted security interests in Debtors' assets. Due to certain existing relationships, the Committee's current counsel can not assert claims against or otherwise be directly adverse to BofA in any contested matter or adversary proceeding.

## Services to be Rendered

8. It is expected that Cozen will represent and advise the Committee with respect to all matters in which the interests of holders of general unsecured claims are adverse to BofA.

## Professional Compensation

9. Cozen has indicated its willingness to serve as special conflicts counsel to the Committee and to receive compensation and reimbursement in accordance with its standard billing practices for services rendered and expenses incurred on behalf of the Committee, in accordance with the provisions of sections 328, 330 and 331 of the Bankruptcy Code, or as otherwise ordered by the Court. The range of Cozen's hourly billing rates are subject to periodic adjustments to reflect economic and other conditions. Cozen's current hourly rates for its attorneys and paralegals are as follows: Members: $320-$575; Associates: $225-$300; and Paralegals: $170-$190.

10. Cozen's hourly billing rates for professionals are not intended to cover out-of-pocket expenses and certain elements of overhead that are typically billed separately. Accordingly, Cozen regularly charges its clients for the expenses and disbursements incurred in

connection with the client's case, including, *inter alia*, word processing, secretarial time, telecommunications, photocopying, postage and package delivery charges, court fees, transcript costs, travel expenses, expenses for "working meals" and computer-aided research.

### Connections of Professionals

11.   To the best of the Committee's knowledge, except as stated in the Felger Declaration, neither Cozen or its professionals (i) have any connection with the Debtors or significant creditors or other parties-in-interest; or (ii) hold or represent any interest adverse to the Committee in the matters for which it is to be retained.

### Nunc Pro Tunc Approval

12.   Cozen commenced performing services immediately upon the Committee's request on or about August 28, 2007. In light of the emergent need for Cozen to perform immediate services for the Committee in connection with the pending cash collateral motion, Cozen was unable to file its retention application prior to filing the objection on behalf of the Committee to the cash collateral motion. Cozen submits that approximately one month has passed since the commencement of its services; that no party is prejudiced by the short delay in filing this application; and that cause exists to grant *nunc pro tunc* approval of the Application.

### Notice

13.   The Committee has provided notice of this Application to: (a) the United States Trustee for the District of Delaware; (b) Debtors' counsel; (c) counsel to BofA; and (d) all other parties requested service pursuant to Rule 2002 of the Bankruptcy Rules. In light of the nature of the relief requested, the Committee submits that such notice is sufficient and not further notice of the relief requested in the Application need be given to any party.

## No Prior Request

14. No prior request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court enter an order authorizing (i) the Committee's retention of Cozen as its special conflicts counsel effective as of August 28, 2007; (ii) the payment and reimbursement of Cozen's fees and disbursements, subject to interim and final allowance thereof in accordance with section 330 and 331 of the Bankruptcy Code or as otherwise ordered by the Court; and (iii) granting such other and further relief as may be just and proper.

Dated: October 17, 2007

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AMERICAN HOME MORTGAGE HOLDINGS, INC. *et al.*, Debtors

Wilmington Trust Company, as Trustee

By: _____
James J. McGinley
Co-Chair of the Committee