# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE | : Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware | : Jointly Administered |
| corporation, et al., | : |
| | : |
| Debtors. | : |

**AFFIDAVIT OF MARK E. FELGER IN SUPPORT OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS APPLICATION PURSUANT
TO SECTION 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 2014 FOR AN ORDER AUTHORIZING AND APPROVING
THE EMPLOYMENT AND RETENTION OF COZEN O'CONNOR AS SPECIAL
<u>CONFLICTS COUNSEL, *NUNC PRO TUNC* TO AUGUST 28, 2007</u>**

STATE OF DELAWARE    )
                     )  SS:
COUNTY OF NEW CASTLE )

MARK E. FELGER, being duly sworn, deposes and says:

1. I am a senior member of the firm of Cozen O'Connor ("Cozen"), which maintains an office for the practice of law at Suite 1400, Chase Manhattan Centre, 1201 North Market Street, Wilmington, Delaware 19801. Cozen's principal office is located in Philadelphia, Pennsylvania.

2. I am admitted to practice law in the State of Delaware; the State of New Jersey; the State of New York; and the Commonwealth of Pennsylvania, as well as the United States District Courts for the District of Delaware, the District of New Jersey and the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit. I was certified in 2005 by the American Board of Certification as a business bankruptcy specialist.

3. I submit this affidavit pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure in support of the Application Pursuant to 11 U.S.C. §1103 of the Bankruptcy Code for Authorization to Employ Cozen O'Connor as Counsel to the Official Committee of Unsecured Creditors (the "Application"). The information set forth herein regarding connections to parties-in-interest and fees and expenses is based primarily upon books and records of the firm and information provided by other attorneys and personnel at the firm. Except as otherwise indicated above and elsewhere herein, I have personal knowledge of the matters set forth herein, and, if called as a witness, would testify competently thereto.

4. In preparing this affidavit, I followed Cozen's conflict procedures which are intended to adhere to the requirements of the Bankruptcy Code and Bankruptcy Rules for retention of professionals. I submitted the names of significant parties in interest through our conflicts resolution system including, without limitation, the Debtor, the Debtor's professionals, the members of the Committee, The Bank of America, N.A. and certain other parties-in-interest identified by the Debtor. We are in the process of completing our conflict search and will supplement this affidavit over the coming days, if necessary. The preliminary results of our conflict search revealed certain representations that we deem necessary to disclose, but which do not pose a conflict of interest. These representations are set out on the Schedule annexed hereto.

5. I do not have and, to the best of my knowledge, none of the other attorneys of Cozen has, any connection with the Debtor, its major creditors or any other significant party in interest which would disqualify Cozen from this representation.

6. From time to time, Cozen may represent, or may have represented the Debtor's account debtors, creditors or interest holders of the Debtor in matters unrelated either to the Debtor's case or to those entities' transactions or dealings with the Debtor.

7. Although Cozen may utilize the services of additional attorneys, I will be assisted in this representation, assuming the Application is approved, primarily by Eric Freed, a shareholder in the firm's Philadelphia office and Jeffrey R. Waxman, a member of the firm in the firm's Delaware office.

8. Cozen is a national firm, whose attorneys are recognized for their expertise and experience in insurance, corporate, real estate, securities, health law, bankruptcy, intellectual property, and tax law as well as complex commercial litigation.

9. The Committee desires to retain Cozen to represent it as special conflicts counsel in connection with this Chapter 11 case.

10. Cozen is willing and able to perform the services that the Committee requires, subject to this Court's approval. Cozen will coordinate its activities with other professionals that may be retained by the Committee with a view to avoiding duplication of effort and needlessly repetitious submissions to the Court.

11. Cozen will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Court's local rules and any applicable orders of the Court.

12. Cozen will seek compensation on an hourly basis, plus reimbursement of reasonable, actual, necessary expenses. The current hourly rates for Messrs. Felger, Freed and Waxman are $485, $485 and $320, respectively. The current hourly rates for Cozen attorneys who may provide services in this matter range from $265 to $575. These hourly rates are subject to periodic increases in the normal course of the firm's business, typically as of January 1 of each calendar year.

13. The hourly rates set forth above are the firm's standard hourly rates for work of this nature. This rates are set at a level designed to compensate Cozen fairly for the work of its attorneys and staff and to cover fixed and routine overhead expenses. It is the firm's policy to charge its clients for all services provided and for disbursements and expenses incurred in the rendition of services. This disbursements and expenses include, among other things, costs for long distance telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

14. Cozen has not agreed to and will not share with any other entity any compensation received for services rendered in this case, except as permitted by the provisions of the Bankruptcy Code and applicable rules.

15. Subject to paragraph 4 above, I do not represent and, to the best of my knowledge, none of the other attorneys of Cozen represent, any other entity having an adverse interest in connection with the discrete matter for which Cozen is being retained in this matter.

MARK E. FELGER

Sworn to before me this 16th day of October, 2007

Monica J. Buckley
Notary Public

MONICA L. BRICKLEY
Notary Public, State of Delaware
My Commission Expires December 26, 2008

4

## **SCHEDULE A**

(1)     CitiBank, N.A. – Cozen is Delaware counsel for CitiBank, as Indenture Trustee in these cases. In an abundance of caution, the Cozen attorneys representing CitiBank will be screened from this representation and the Cozen attorneys representing the Committee will be screened from the CitiBank representation. CitiBank has waived any conflict in connection with Cozen's limited representation of the Committee.