IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | Ref. Docket Nos. 967 and 1011 |

**FOURTH ORDER, PURSUANT TO SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO ABANDON CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors"), for an order pursuant to sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), (i) authorizing the Debtors to reject the Office Leases and the Rejected Equipment Leases (the "Rejected Leases") and (ii) abandon certain of the FF&E; and the Court being satisfied that the rejection of the Rejected Leases and the abandonment of certain of the FF&E is in the best interests of the Debtors, their estates and creditors and is a proper exercise of the Debtors' business judgment; and due and proper notice of the Motion having been given; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that the Debtors are authorized, pursuant to 11 U.S.C. § 365(a), but not required, to reject the Office Leases identified on <u>Exhibit A</u> attached hereto;

ORDERED, that the Office Leases are deemed rejected pursuant to 11 U.S.C. § 365(a) effective as of September 30, 2007; and it is further

ORDERED, that the Debtors are authorized, pursuant to 11 U.S.C. § 365(a), but not required, to reject the equipment leases relating to equipment located in the properties identified on <u>Exhibit B</u> attached hereto; and it is further

ORDERED, that the Rejected Equipment Leases are deemed rejected pursuant to 11 U.S.C. § 365(a) effective as of September 30, 2007; and it is further

ORDERED, that the Debtors are authorized, but not required, pursuant to 11 U.S.C. § 554(a), to abandon any FF&E remaining at the premises of the Office Leases as of September 30, 2007; and it is further

ORDERED, that the Debtors shall reasonably cooperate with De Lage Landen in its efforts to protect and repossess the Equipment; and it is further

ORDERED, that De Lage Landen reserve all rights and claims under the Bankruptcy Code, including, without limitation, the right to assert administrative claims and all rights and claims under section 365(d)(5) of the Bankruptcy Code, and the Debtors reserve all rights to dispute any such claims; and it is further

ORDERED, that the Motion is adjourned with respect to the rejection of the leases for premises located at 225 Townpark Drive, Kennesaw, Georgia and 112 Turnpike Road, Westborough, Massachusetts; and it is further

ORDERED, that nothing herein shall prejudice the rights of the Debtors to argue that any claim for damages arising from the rejection of the Rejected Leases is limited to the remedies available under any applicable termination provision of such Rejected Lease, or that any such claim is an obligation of a third party, and not that of the Debtors; and it is further

ORDERED, that this Court shall retain jurisdiction over an any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
October 17, 2007

Christopher S. Sontchi
United States Bankruptcy Judge