## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

In re:                        :   Chapter 11

                           :

AMERICAN HOME MORTGAGE      :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1] :

                           :   Jointly Administered

      Debtors.                 :

                           :   **Hearing Date:  October 18, 2007 at 9:00 a.m. (ET)**
                           :   **Objection Deadline:  at the hearing**

---------------------------------------------------------------- x

### DEBTORS' MOTION PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING AND DIRECTING THAT THE DEBTORS' EXHIBITS CONTAINING CERTAIN CONFIDENTIAL SERVICING AGREEMENTS BE ADMITTED INTO EVIDENCE UNDER SEAL

        The above-captioned debtors and debtors-in-possession (collectively, "AHM" or

the "Debtors"), by and through their undersigned attorneys, hereby submit this motion (the

"Motion") for entry of an order pursuant to section 107(b) of title 11 of the United States Code,

11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and Rules 9018-1(b) and (c) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"), authorizing and directing that the Debtors' exhibits containing

certain confidential servicing agreements be admitted into evidence under seal.  In support of the

Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

## STATUS OF THE CASE AND JURISDICTION

1.    On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1005(b) of the Federal Rules of Bankruptcy Procedure. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On August 14, 2007, the United States Trustee for the District of Delaware appointed The Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9014, and 9019.

## RELEVANT BACKGROUND

4.    On August 6, 2007, the Debtors filed the (1) Debtors' Motion for Orders: (A)(I) Approving Sale Procedures, (ii) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business, (iii) Approving Form and Manner of Notice Thereof, and (IV) Granting Related Relief, and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and other Interest, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (IV) Granting Related Relief (the "Servicing Sale Motion") [D.I. 11] and (2) the Notice of Service of

(I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any (the "Assumption Notice") [D.I. 403] regarding a sale of the Debtors' servicing business (the "Sale").

       5.      On September 21, 2007, the Debtors filed the Motion of the Debtors for Orders Pursuant to Sections 105(a), 363, 364, 365 and 503(b) of the Bankruptcy Code and Rules 2002, 4001, 6004, 6006, 7062, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing that Certain Notices of Such Sale and Deadline be Given; (D) Authorizing, on an Interim Basis, the Debtors to Grant Certain Liens and Other Protections for Purchaser's Collateral Effective After the Initial Closing (the "Revised Servicing Sale Motion") [D.I. 865] requesting modified procedures for the Sale as a result of the Debtors' selection of the AH Mortgage Acquisition Co., Inc. (the "Purchaser") as the stalking horse bidder and entry into the Asset Purchase Agreement by and between certain of the Debtors and the Purchaser.

       6.      A hearing on the Sale was commenced on October 15, 2007 (the "Sale Hearing"). As part of the Sale Hearing, the Debtors requested that the Court admit into evidence various servicing agreements. However, certain of these servicing agreements (the "Confidential Servicing Agreements"), a list of which is attached hereto as Exhibit A, contain confidentiality provisions which appear to prohibit the public disclosure of the agreements and the terms therein.

## RELIEF REQUESTED

7.      By this Motion, the Debtors respectfully request that the Court enter an

order authorizing and directing that the Debtors' exhibits containing the Confidential Servicing

Agreements be admitted into evidence under seal and not made publicly available.

## BASIS FOR RELIEF

8.      Section 107(b) of the Bankruptcy Code provides bankruptcy courts with

the authority to issue orders that will protect entities from potential harm that may result from the

disclosure of certain confidential information.  This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on
> the bankruptcy court's own motion, the bankruptcy court may --
>
> (1)    protect an entity with respect to a trade secret or
>        confidential research, development, or commercial
>        information; or
>
> (2)    protect a person with respect to scandalous or
>        defamatory matter contained in a paper filed in a
>        case under this title.

11 U.S.C. § 107(b).

9.      Bankruptcy Rule 9018 sets forth the procedures by which a party may

move for relief under Bankruptcy Code section 107(b), and provides that "[o]n motion, or on its

own initiative, with or without notice, the court may make any order which justice requires (1) to

protect the estate or any entity in respect of a trade secret or other confidential research,

development, or commercial information...." Fed. R. Bankr. P. 9018.  Local Rule 9018-1(b)

additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal

must file a motion to that effect."  Del. Bankr. L.R. 9018-1(b).

10.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil

Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such

protection to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d at 27.

11.     The Debtors submit that the information contained Confidential Servicing Agreements satisfies one of the categories in section 107(b). Section 107(b) of the Bankruptcy Code provides that "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may - (1) protect an entity with respect to a trade secret or confidential research, development or commercial information." 11 U.S.C. § 107(b).

12.     Rule 9018 further provides that "On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity with respect of a trade secret or other confidential research, development or commercial information... If an order is entered under this rule without notice, any entity thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion." Fed. R. Bankr. Proc. 9018. The Debtors submit that the Confidential Servicing Agreements contain confidential commercial information which is sensitive to both the Debtors and the other parties to the Confidential Servicing Agreements, and therefore are subject to confidentiality provisions which prohibit the public disclosure of these agreements.

13.     It appears that the public disclosure of the Confidential Servicing Agreements may violate the confidentiality provisions of the agreements. At least one counter-

party to a servicing agreement has advised the Debtors that it believes the admission of its agreements with the Debtors would violate the confidentiality provisions. The Debtors have moved into evidence the Confidential Servicing Agreements as part of their case in chief, but wish to avoid any argument that submission would constitute a breach of the confidentiality provisions. Accordingly, the Debtors request that the exhibits be submitted under seal.

## NOTICE

14.    The Debtors will serve this Motion via fax, email or hand delivery on the following Parties: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) the Administrative Agent; (iv) counsel to the DIP Lender; (v) the parties listed on Exhibit A, and (vi) all parties entitled to notice under Local Rule 2002-1(b).

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached hereto (i) authorizing and directing that the Debtors' exhibits containing the Confidential Servicing Agreements be admitted into evidence under seal and not made publicly available and (ii) granting such other relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       October 17, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x

In re:                                               : Chapter 11
                                                     :
AMERICAN HOME MORTGAGE                               : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1] :
                                                     : Jointly Administered
        Debtors.                                     :
                                                     : **Ref. Docket No.:** _____
                                                     :
                                                     :
---------------------------------------------------------- x

### ORDER AUTHORIZING AND DIRECTING THAT THE DEBTORS' EXHIBITS CONTAINING CERTAIN CONFIDENTIAL SERVICING AGREEMENTS BE ADMITTED INTO EVIDENCE UNDER SEAL

Upon consideration of the motion (the "Motion")[2] for entry of an order pursuant

to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy

Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

Rules 9018-1(b) and (c) of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules"), order authorizing and

directing that the Debtors' exhibits containing the Confidential Servicing Agreements be

admitted into evidence under seal and not made publicly available; and the Court having

determined that the relief requested in the Motion is in the best interests of the Debtors, their

estates, creditors and other parties-in-interest; and due and adequate notice of the Motion having

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

been given under the circumstances; and upon the remainder of the record herein; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is Granted; and it is further

ORDERED that the Confidential Servicing Agreements, a list of which is attached hereto as Exhibit A, are confidential and that the Debtors' exhibits containing the Confidential Servicing Agreements are admitted into evidence in connection with the Sale Hearing under seal and shall not made publicly available pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b) and (c); and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
      October _____, 2007

                                  _____
                                  Christopher S. Sontchi
                                  United States Bankruptcy Judge

---

[2] All capitalized terms included but not defined herein shall have the meaning ascribed to such terms in the Motion.

                                     

# EXHIBIT A

## CONFIDENTIAL SERVICING AGREEMENTS

American Home Mortgage (Case No. 07-11047)

| Exhibit No. | Sch. 1.1(i) Reference Primary Document | Title of Agreement |
|---|---|---|
| 16 | ar | ASSIGNMENT, ASSUMPTION AND RECOGNITION AGREEMENT, made the 1st day of April, 2007, is among AMERICAN HOME MORTGAGE SERVICING, INC., as servicer (the "Servicer"), AMERICAN HOME MORTGAGE CORP. as seller (the "Seller"), DEUTSCHE BANK NATIONAL TRUST COMPANY ("Deutsche Bank"), not in its individual capacity but solely as trustee on behalf of GSR Mortgage Loan Trust 2007-OA1 (the "Assignee"), and GS MORTGAGE SECURITIES CORP., as assignor (the "Assignor" or the "Depositor") and acknowledged by Wells Fargo Bank, N.A. ("Wells Fargo"), as master servicer (in such capacity, the "Master Servicer") |
| 22 | bc | SECOND AMENDED AND RESTATED MORTGAGE LOAN SALE AND SERVICING AGREEMENT, dated as of May 1, 2006, by and between GOLDMAN SACHS MORTGAGE COMPANY, a New York limited partnership (the "Purchaser"), and AMERICAN HOME MORTGAGE CORP., a New York corporation (the "Seller"), and American Home Mortgage Servicing, Inc., a Maryland corporation (the "Servicer") |
| 33 | dc | Mortgage Loan Purchase and Servicing Agreement, dated as of March 14, 2006, by and between American Home Mortgage Corp. (Seller) and Countrywide Bank, NA (Purchaser) |
| 34 | dd | Mortgage Loan Sale and Servicing Agreement, dated as of January 1, 2006, by and between American Home Mortgage Corp. (Servicer) and Morgan Stanley Capital Inc. (Purchaser |
| 37 | dk | Mortgage Loan Purchase and Servicing Agreement, dated as of May 1, 2007, by and between American Home Mortgage Corp. and Countrywide Home Loans, Inc., as Purchaser |
| 52 | ea | HELOC Subservicing Agreement, dated as of October 7, 2005, among American Home Mortgage Investment Trust 2005-4A, as Issuer, U.S. Bank National Association, as Indenture Trustee, American Home Mortgage Acceptance, Inc., as HELOC Servicer, and American Home Mortgage Servicing, Inc., as HELOC Subservicer |
| 86 | gf | Mortgage Loan Sale and Servicing Agreement, dated as of December 1, 2005, between American Home Mortgage Corp., as Seller, American Home Mortgage Servicing, Inc., as Servicer, and Goldman Sachs Mortgage Company, as Purchaser |

066585.1001