IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| AMERICAN HOME MORTGAGE ) | |
| HOLDINGS, INC., ) | Case No. 07-11047 (CSS) |
| ) | |
| Debtors. ) | Re: Docket No. 1553 |

**OBJECTION OF MORTGAGE ELECTRONIC
REGISTRATION SYSTEM TO DEBTORS' MOTION
TO SELL THE DEBTORS' GNMA PORTFOLIO**

Mortgage Electronic Registration System ("MERS") hereby submits this objection to the Debtors' Motion for an Order Pursuant to Sections 105 and 363 of the Bankruptcy Code: (A) Approving the Mortgage Servicing Purchase Agreement; and (B) Authorizing the Debtors to Sell Certain Property Free and Clear of Liens, Interests and Encumbrances, and (C) Granting Related Relief [Docket No. 1553] (the "Sale Motion"). In support of its objection, MERS respectfully represents as follows:

## BACKGROUND

**A.  General Background**

1. The above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") on August 6, 2007 (the "Petition Date").

2. On October 15, 2007 the Debtors filed the Sale Motion. Pursuant to the Sale Motion, the Debtors seek authority to sell the right to service the Debtors' GNMA Portfolio (as that term is defined in the Sale Motion) to MidFirst Bank (the "Purchaser"). The Debtors established October 19, 2007 as the deadline by with parties in interest must object to the Sale Motion.

**B.      The Debtors' Relationship With MERS**

3.      MERS was created by the mortgage banking industry to streamline the mortgage process by using electronic commerce to eliminate paper. MERS acts as the mortgage of record (or beneficiary under a deed of trust) on behalf of its members. MERS remains the nominal mortgagee no matter how many times servicing of a particular loan is traded, so long as servicing rights are traded to another MERS member. By engaging MERS to act as nominee, therefore, lenders and servicers registered with MERS avoid the costs associated with assignment of loans, tracking of loans, correction of documents and errors in chain of title.

4.      Each mortgage loan for which MERS serves as nominee is tracked electronically through MERS's online database (the "MERS® System"). Each time a mortgage loan registered on the MERS® System, or the servicing rights associated therewith, is sold or transferred from one MERS member to another, the MERS® System is updated to reflect the new loan owner (each, an "Investor") or the new servicer.

5.      In exchange for its agreement to serve as mortgage nominee, members of MERS pay a transaction fee each time an eligible mortgage loan, or the servicing rights associated therewith, are sold or transferred. An eligible mortgage loan is any mortgage loan that was originated more than 270 days before the sale. The current fee for tracking the sale of servicing rights associated with an eligible mortgage loan registered on the MERS® System is $4.95 per loan (if sold to another MERS member). There is no fee associated with transferring a non-eligible mortgage loan to another MERS member.

6.      Pursuant to its Application for Membership, dated January 21, 2000, the Debtors are MERS members. Accordingly, they are bound by the Terms

and Conditions of Membership and Rules of Membership, copies of which are annexed hereto as Exhibit A. The Application of Membership, MERS Fee Schedule, Terms and Conditions and Rules of Membership are collectively referred to as the MERS Agreement. As of September 20, 2007, the Debtors were acting as servicer for approximately 332,000 loans registered on the MERS System.

7.     The Purchaser of the GNMA Portfolio also is a MERS member.

## **OBJECTION**

8.     MERS does not object to the sale of the GNMA Portfolio, per se. Rather, by this objection, MERS wishes to protect its rights ensure that the Debtors comply with their obligations under the MERS Agreement in connection with such sale.

9.     The asset purchase agreement annexed to the Sale Motion (the "APA") provides that the Debtors shall "direct MERS to provide Buyer with any notifications received by MERS as assignee of the Mortgage" and further obligates the Debtors to "on the Transfer Date, cause MERS to transfer ownership of such Loans under the MERS System from Seller to Buyer." MERS is not a party to the APA and should not be obligated to provide notices or recognize transfer of the ownership of or servicing rights related to any loan registered on the MERS® System other than as required by the MERS Agreement.

10.    The MERS Agreement provides, in relevant part, that "[t]he seller must initiate all [t]ransfer of [s]ervicing [r]ights transactions within 14 calendar days of the effective transfer date." The APA defines the effective transfer date of the GNMA Portfilio as the close of business on October 31, 2007. Accordingly, the Debtors must update the MERS® System to reflect the sale of the GNMA Portfolio

no later than November 14, 2007. It is at this point, and not earlier, that MERS will be able to provide the Purchaser with notices associated with loans in the GNMA Portfolio and will recognize the Purchaser as the Investor for each of the loans.

11. Moreover, because the Debtors and the Purchaser both are MERS Members, the Debtors will incur a fee of $4.95 per eligible loan transferred to the Purchaser in connection with the sale of the Debtors' GNMA Portfolio. The Debtors should be obligated to represent to this Court and to MERS that it will pay the fee associated with such transfers and that it has sufficient assets on hand to pay such fee as and when due. Failure to pay the fee due to MERS will result in the Debtors losing their status as members in good standing of MERS, which will cause the Debtors to be in breach of their obligations under their current debtor in possession financing facility.[1]

---

[1] See Section 7.23 of Exhibit A to Final Order Pursuant to Sections 105(a), 362 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014: (A) Approving Debtor-In-Possession Financing, (B) Granting Liens and Allowing Superpriority Administrative claims, and (C) Granting Related Relief [Docket No. 555].

## CONCLUSION

WHEREFORE, MERS respectfully requests that the Court (i) modify any order approving the Sale Motion to provide that MERS is not obligated to provide notices or recognize a transfer of ownership or servicing rights under any loan registered on the MERS® System other than in accordance with the MERS Agreement, (ii) obligate the Debtors to represent to the Court and MERS that it will pay any fee due to MERS in connection with the sale of the GNMA Portfolio as and when due under the MERS Agreement and that it has sufficient funds on hand to pay any such fee and (iii) grant such other relief as is just and proper under the circumstances.

Dated: October 22, 2007
       Philadelphia, Pennsylvania

*/s/ Rebecca L. Booth*
Michael A. Bloom, Esq.
Rebecca L. Booth (Del. Bar No. 4031)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Phone: 215.963.5000
Fax: 215.963.5001

Attorneys for MERS

-1-

    I, Rebecca L. Booth, hereby certify that on October 22, 2007, I caused a copy of the foregoing, Objection of Mortgage Electronic Registration System to Debtors' Motion to Sell the Debtors' GNMA Portfolio, to be served by overnight mail upon:

American Home Mortgage Holdings, Inc.
538 Broadhollow Road
Melville, New York  11747
Attn: Alan Horn, General Counsel

Milestone Advisors, LLC
1775 Eye Street, NW, Suite 800
Washington, DC  20006
Attn: Jeffrey M. Levine

Kaye Scholer LLP
425 Park Avenue
New York, New York  10022
Attn: Margot B. Schonholtz, Esq.

Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
Attn: Laurie Selber Silverstein, Esq.

Jones Day
222 East 41st Street
New York, New York  10017
Attn: Erica M. Ryland

Office of the United States Trustee
844 King Street, Room 2313
Wilmington, Delaware  19801
Attn: Joseph McMahon, Esq.

Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
Attn: James L. Patton, Jr., Esq.

Bonnie Glantz Fatell, Esq.
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE  19801

Kaye Scholer LLP
425 Park Avenue
New York, New York  10022
Attn: Scott D. Talmadge, Esq.

Dated: Philadelphia, PA
      October 22 2007

                                    /S/ Rebecca L. Booth
                                    Rebecca L. Booth