## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 : Jointly Administered
   Debtors.                                                      :
                                                                 : **Hearing Date: November 14, 2007 at 10:00 a.m. (ET)**
                                                                 : **Objection Deadline: November 7, 2007 at 4:00 p.m. (ET)**
---------------------------------------------------------------- x

### DEBTORS' MOTION PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE DEBTORS TO FILE, UNDER SEAL, AN UNREDACTED PURCHASE AGREEMENT BY AND BETWEEN THE DEBTORS AND EMC MORTGAGE CORPORATION

The above-captioned debtors and debtors-in-possession (collectively, "AHM" or the "Debtors"), by and through their undersigned attorneys, hereby submit this motion (the "Motion to File Under Seal") for entry of an order pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to file an unredacted version of the Purchase Agreement (as defined below) by and between the Debtors and EMC Mortgage

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Corporation ("EMC"). In support of the Motion to File Under Seal, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1005(b) of the Federal Rules of Bankruptcy Procedure. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On August 14, 2007, the United States Trustee for the District of Delaware appointed The Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9014, and 9019.

## RELEVANT BACKGROUND

4. On August 6, 2007, the Debtors filed a motion for approval of procedures for the sale of certain assets used in the Debtors' loan servicing business, and ultimately the approval of a sale of such assets [D. I. 11] (the "Servicing Sale Motion"), which was approved by order dated August 9, 2007 [D. I. 113] (the "Servicing Sale Order").

5. As stated on the record at the hearing on the Servicing Sale Motion (the "Hearing") on October 18, 2007, the Debtors determined that it became necessary to sell the servicing rights related to the EMC Servicing Rights separately and immediately. Accordingly, the Debtors and EMC agreed to the terms embodied in the Purchase Agreement which provides for the Debtors to transfer of all of the Debtors' right, title and interest (the "EMC Servicing Rights") set forth under the EMC Servicing Agreement (as described at the Hearing) and confirms the termination of the EMC Servicing Agreement itself.

## RELIEF REQUESTED

6. Based on representations made to the Court at the Hearing and upon an oral motion by the Debtors to approve the sale of EMC Servicing Rights, the Court entered an order approving the sale (the "Sale Order") [D. I. 1619] which attached a redacted Purchase Agreement that revealed the purchase price percentage of the total aggregate outstanding principal balance of the Mortgage Loans (as defined in the Purchase Agreement) that will be paid to the Debtors under the Purchase Agreement (the "Purchase Price Percentage").

7. By this Motion, the Debtors respectfully request that the Court enter an order authorizing the Debtors to file an unredacted version of the Purchase Agreement, attached hereto as Exhibit A, under seal and directing that the unredacted Purchase Agreement shall remain under seal, confidential and not be made available to anyone, except to counsel to the U.S. Trustee, counsel to the Committee, Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004, or others (i) at the discretion of the Debtors or (ii) upon further order of the Bankruptcy Court.

## BASIS FOR RELIEF

8. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may --
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

9. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code section 107(b), and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information...." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

10. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio

1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d at 27.

11. As represented to the Court at the Hearing, the Debtors submit that the information contained in the publicly filed Purchase Agreement satisfies one of the categories in section 107(b). The Debtors submit that the Purchase Price Percentage constitutes confidential commercial information. Commercial information has been defined as information that would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." In re Orion Pictures Corp., 21 F.3d at 27. The disclosure of the Purchase Price Percentage would provide an unfair advantage to the competitors of the Debtors' and EMC by divulging highly sensitive business strategies.

12. In order to ensure that the Debtors can maximize the value of the remaining servicing assets, filing certain portions of the Purchase Agreement under seal that disclose the Purchase Price Percentage is necessary to allow the Debtors to negotiate the best possible terms of agreements for other servicing assets with parties who are similarly situated to EMC. Disclosure of the Purchase Price Percentage would harm and prejudice the Debtors by enabling other potential buyers access to confidential sale information. Such potential buyers may use the Purchase Price Percentage contained in the unredacted Purchase Agreement as leverage against the Debtors and EMC as they negotiate the terms of other servicing asset sales with the Debtors. Accordingly, EMC has also requested that the Purchase Price Percentage be kept under seal. Therefore, in order to safeguard the Debtors' ability to negotiate even more advantageous agreements with other potential buyers, the Debtors respectfully request that this Court grant the relief requested herein

13. Based on the circumstances outlined above, the Debtors believe that sufficient evidence to show that filing certain portions of the Purchase Agreement under seal outweighs the presumption of public access to court records and the settlements. See In re Muma Services, Inc. et al., 279 B.R. 478, 485 (Bankr. D. Del. 2002). Permitting the Debtors to file the unredacted Purchase Agreement under seal will serve the purpose of maximizing value for the Debtors' creditors and protect highly sensitive and confidential information.

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached hereto authorizing the Debtors to file an unredacted version of the Purchase Agreement under seal and grant such other relief as the Court deems just and proper.

Dated: Wilmington, Delaware
October 22, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Donald J. Bowman, Jr. (No. 4383)
Sean T. Greecher (No. 4484)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

## **EXHIBIT A**

## **UNDER SEAL**