IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------- x
In re:                                                           ) Chapter 11
                                                                 )
AMERICAN HOME MORTGAGE                                           ) Case No. 07-11047
HOLDINGS, INC., a Delaware corporation, et. al.                 ) Jointly Administered
                                                                 )
                                                                 ) Hearing Date: November 14, 2007 at 10:00 a.m.
                                                                 ) Objection Deadline: November 9, 2007 at 4:00 p.m.
                       Debtors.                                  )
--------------------------------------------------------------- x

**MOTION OF EMC MORTGAGE CORPORATION PURSUANT TO SECTION 107(b)
OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING AND DIRECTING
THAT EMC MORTGAGE CORPORATION'S EXHIBIT CONTAINING CERTAIN
<u>CONFIDENTIAL INFORMATION BE ADMITTED INTO EVIDENCE UNDER SEAL</u>**

EMC Mortgage Corporation ("EMC"), by its undersigned attorneys, hereby

submits this motion (the "Motion") for entry of an order pursuant to section 107(b) of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and Rules 9018-1(b) and (c) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"), authorizing and directing that EMC's exhibits containing certain

confidential information be admitted into evidence under seal.  In support of the Motion, EMC

respectfully represents as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On August 6, 2007 (the "Petition Date"), each of the above-captioned

debtors and debtors-in-possession (collectively, the "Debtors") filed with this Court a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases are

being jointly administered pursuant to Bankruptcy Rule 1005(b).  Each Debtor is continuing to

operate its business and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On August 14, 2007, the United States Trustee for the District of Delaware appointed The Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested is section 107(b) of the Bankruptcy Code and Bankruptcy Rules 2002 and 9018.

## RELEVANT BACKGROUND

4.    On August 6, 2007, the Debtors filed the (1) Debtors' Motion for Orders: (A)(I) Approving Sale Procedures, (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business, (III) Approving Form and Manner of Notice Thereof, and (IV) Granting Related Relief, and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims Encumbrances, and other Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (III) Granting Related Relief (the "Servicing Sale Motion") [D.I. 11] and (2) the Notice of Service of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, if Any (the "Assumption Notice") [D.I. 403] regarding the sale of the servicing business (the "Sale").

5.    On September 21, 2007, the Debtors filed the Motion of the Debtors for Orders Pursuant to Sections 105(a), 363, 364, 365 and 503(b) of the Bankruptcy Code and Rules 2002, 4001, 6004, 6006, 7062, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (A)

Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B)

Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing that

Certain Notices of Such Sale and Deadline be Given; (D) Authorizing, on an Interim Basis, the

Debtors to Grant Certain Liens and Other Protections for Purchaser's Collateral Effective After

the Initial Closing (the "Revised Servicing Sale Motion") [D.I. 865] requesting modified

procedures for the Sale as a result of the Debtors' selection of AH Mortgage Acquisition Co.,

Inc. (the "Purchaser") as the stalking horse bidder and entry into the Asset Purchase Agreement

by and between certain of the Debtors and the Purchaser.

6.    A hearing on the Sale was commenced on October 15, 2007 (the "Sale

Hearing").  As part of the Sale Hearing, EMC requested that the Court admit into evidence the

Purchase, Warranties and Services Agreement between EMC, American Home Mortgage Corp.

and American Home Mortgage Servicing Inc. dated March 1, 2006 (the "PWSA").  However,

the PWSA contains confidential commercial information which is protected from public

disclosure pursuant to Section 107(b) of the Bankruptcy Code and the confidentiality provision

contained in the PWSA.

## RELIEF REQUESTED

7.    By this Motion, EMC respectfully requests that the Court enter an order

authorizing and directing that EMC's PWSA containing confidential commercial information be

admitted into evidence under seal and not be made publicly available.

## BASIS FOR RELIEF

8.    Section 107(b)(1) of the Bankruptcy Code provides bankruptcy courts

with the authority to issue certain orders that will protect entities from potential harm that may

result from the disclosure of certain confidential information.  This section provides in part that:

On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –

(1) protect an entity with respect to a trade secret of confidential research, development, or commercial information....

11 U.S.C. § 107(b)(1).

9.      Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code section 107(b), and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect to estate or any entity in respect of a trade secret or other confidential research, development, or commercial information...." Bankruptcy Rule 9018. Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Local Rule 9018-1(b).

10.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected qualifies as one of the categories listed in 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d at 27.

11.     EMC submits that the information contained in the PWSA satisfies the category in section 107(b)(1), which provides that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development or

4

commercial information." 11 U.S.C. § 107(b)(1). Indeed, the PWSA contains confidential commercial information.

12.    Rule 9018 further provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect to a trade secret or other confidential research, development, or commercial information…. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion." Bankruptcy Rule 9018. EMC submits that the PWSA contains confidential commercial information which is sensitive to both EMC and the Debtors, and therefore is subject to protection pursuant to Section 107(b) of the Bankruptcy Code. The PWSA also contains a confidentiality provision which prohibits the public disclosure of confidential commercial information under the PWSA. Accordingly, EMC requests that the PWSA be submitted under seal.

## NOTICE

13.    Notice of this motion was provided to the following parties: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Committee; (iii) the Administrative Agent; (iv) counsel to the DIP Lender; and (v) all parties entitled to notice under Local Rule 2002-1(b).

WHEREFORE, EMC respectfully requests that this Court enter an order substantially in the form attached hereto (i) authorizing and directing that EMC's exhibit containing the PWSA be admitted into evidence under seal and not made publicly available and (ii) granting such other and further relief as the Court deems just and proper.

Dated: October 25, 2007

<div style="margin-left:40%">

Respectfully submitted,

DUANE MORRIS LLP

_____
Frederick B. Rosner
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone: (302) 657-4943
Facsimile: (302) 657-4901

and

SIDLEY AUSTIN LLP
William M. Goldman
Geoffrey T. Raicht
Alex R. Rovira
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

SIDLEY AUSTIN LLP
David R. Kuney
1501 K. St. N.W.
Washington, D.C. 20005
Telephone: (202) 736-8650
Facsimile: (202) 736-8711

</div>