IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11
In re:                                                           :
                                                                 :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :  Jointly Administered
                                                                 :
                           Debtors.                              :  Ref. Docket Nos. 1225, 1227, 1229, 1231, 1233,
                                                                 :  1235, 1237, 1239 & 1241
---------------------------------------------------------------- x

**DEBTORS' OMNIBUS LIMITED OBJECTION TO CERTAIN MOTIONS FOR RELIEF FROM AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE [DOCKET NOS. 1225, 1227, 1229, 1231, 1233, 1235, 1237, 1239 & 1241]**

AHM Holdings, a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"), hereby object (the "Objection") to certain motions for relief from stay (the "Motions") filed by mortgagees (the "Senior Mortgagees") seeking to foreclose upon real property (the "Property") in which the Debtors have (or may have) a junior mortgage interest.[2] While the Debtors generally consent to the relief sought in the Motions, they have certain

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] The Motions, listed by Senior Mortgagee and Docket Number(s) only, are as follows: Fannie Mae (D.I. 1225); Countrywide Home Loans, Inc. (D.I. 1227); Aurora Loan Services, LLC (D.I. 1229 & 1231); Lehman Brothers LBB (D.I. 1233); Bank of New York (D.I. 1235, 1237 & 1239); and Wells Fargo Bank, N.A. (D.I. 1241).

specific objections to the proposed forms of order (the "Order") with respect to the Motions. All of the proposed orders are substantially identical with respect to all of the Motions.[3]

First, because the Debtors are willing to stipulate that "cause" for relief from the stay exists within the meaning of 11 U.S.C. § 362(d)(1), the Court need not make findings under 11 U.S.C. § 362(d)(2)(A) & (B) concerning the Debtors' interest (i.e., equity) in the Property or the Property's necessity for an effective reorganization. The Senior Mortgagees bear the burden of proof on the issue of the Debtors' equity in the Property, 11 U.S.C. § 362(g)(1), and have not provided sufficient evidence from which the Court could make a determination. However, while it is possible the Senior Mortgagees could produce evidence at the hearing on the Motions, doing so would be a waste of the Court's and the parties' time in light of the Debtors' willingness to stipulate to "cause." Furthermore, whether there is any value in the Property beyond the amount necessary to satisfy the Senior Mortgagees' liens is better determined by the foreclosure and sale process itself than by judicial valuation of the Property based on whatever evidence the Senior Mortgagees could produce at an evidentiary hearing.

Second, the Order should include standard language indicating that the Motion is granted "to the extent set forth" in the Order and no further.

Third, the Order should provide that the automatic stay is "modified" solely with respect to the Senior Mortgagees' interests in the Property, rather than "terminated." The Debtors consent to relief from the stay for the limited purpose of the Senior Mortgagees' foreclosure upon their mortgage liens. The automatic stay should continue in effect for other

---

[3] Because the Debtors anticipate more stay relief motions in the future by the Senior Mortgagees and/or others similarly situated, the Debtors believe it particularly important to settle upon an agreed form of consensual order that can be used with respect to such motions.

purposes, e.g., to protect any surplus from the foreclosure sales that might inure to the Debtors' account.

Finally, the Order should provide that the Senior Mortgagees, in addition to exercising their foreclosure rights under applicable non-bankruptcy law, are required to satisfy any obligations under applicable non-bankruptcy law to holders of junior interests in the Property, including any duty to conduct the foreclosure sale in a commercially reasonable manner and to account for and remit any surplus generated by such sale to junior interest holders in the order of their priority.

WHEREFORE, the Debtors respectfully request that the Court deny the Motions except to the extent set forth above and grant the Debtors such other and further relief as is just and proper.

Dated:   Wilmington, Delaware
         October 25, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret W.*

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Margaret B. Whiteman (No. 4652)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession