# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
|    AMERICAN HOME MORTGAGE ) | |
|    HOLDINGS, INC, a Delaware ) | Case No. 07-11047(CSS) |
|    corporation, *et al.*, ) | |
|                       Debtors. ) | Jointly Administered |
| ) | |
| -------------------------------------------------- ) | |
| ) | Adv. Proc. No. _____ |
| WELLS FARGO BANK, N.A., in its ) | |
| capacity as Securities Administrator ) | |
| ) | |
|                       Plaintiff, ) | |
| ) | |
|                       v. ) | |
| ) | |
| AMERICAN HOME MORTGAGE ) | |
| INVESTMENT CORP., AMERICAN HOME ) | |
| MORTGAGE ACCEPTANCE, INC., BEAR ) | |
| STEARNS MORTGAGE CAPITAL CORP., ) | |
| BEAR, STEARNS & CO. INC., and BEAR, ) | |
| STEARNS INTERNATIONAL LIMITED. ) | |
| ) | |
| ) | |
| ) | |
|                       Defendants. ) | |

## COMPLAINT IN THE NATURE OF INTERPLEADER

Plaintiff Wells Fargo Bank, N.A. ("*Wells Fargo*") as Securities Administrator brings this Complaint in the Nature of Interpleader against the Defendants named herein and alleges as follows:

### Jurisdiction and Venue

1.    This adversarial proceeding arises from and is related to the bankruptcy case captioned *In re American Home Mortgage Holdings, Inc., a Delaware corporation, et al.*, Case

69267_1.DOC
WIL:69267.1/WEL079-247173

No. 07-11047, which is currently pending pursuant to Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

2.      The Court has jurisdiction over the subject matter of this adversarial proceeding under 28 U.S.C. § 157 and 28 U.S.C. § 1334.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

4.      The Court has personal jurisdiction over the defendants under Rule 7004(f) of the Federal Rules of Bankruptcy Procedure.

**Parties**

5.      Plaintiff Wells Fargo is a national banking association duly organized and existing under the laws of the United States.

6.      Defendant American Home Mortgage Investment Corp. is a Maryland corporation ("*AHMIC*").

7.      Defendant American Home Mortgage Acceptance, Inc. is a Maryland Corporation ("*AHMA*", and with AHMIC, the "*Debtor*").

8.      Defendant Bear Stearns Mortgage Capital Corp. is a Delaware Corporation ("*BSMCC*")

9.      Defendant Bear, Stearns & Co. Inc. is a Delaware corporation ("*BSC*").

10. On information and belief, defendant Bear, Stearns International Limited is a limited company organized under the laws of the United Kingdom ("*BSIL*", and with BSMCC and BSC, the "*Bear Entities*").

## Nature of the Case

11. This is an action in the nature of interpleader brought under Rule 7022 of the Federal Rules of Bankruptcy Procedure and Rule 22(1) of the Federal Rules of Civil Procedure.

12. Wells Fargo brings this action in its capacity as securities administrator, paying agent, and/or note or certificate registrar (collectively, "*Securities Administrator*") for a series of mortgage-backed certificates held by the Bear Entities (the "*Mortgage Certificates*") that were issued in connection with a "securitization transaction" (described below).[1]

13. The Bear Entities assert ownership of the Mortgage Certificates by virtue of exercising certain remedies in August 2007 under repurchase agreements between the Debtor and each of the Bear Entities. Upon exercising such remedies, the Bear Entities claim a right to the principal and interest payments related thereto for August 2007 that were payable on September 25, 2007 (the "*August Payment*"). However, as of the record date for the August Payment (generally, August 31, 2007), the Bear Entities had not re-registered the Mortgage Certificates in their own name, which is necessary to make the Bear Entities the holders of record of the Mortgage Certificates under the Transaction Agreements. As of the record date for the August Payment, the Mortgage Certificates were registered in the name of the Debtor or its

---

[1] The Mortgage Certificates are identified in **Exhibit A** hereto. A partial list of documents governing the securitization transaction, and Wells Fargo's obligations as securities administrator thereunder, is set forth in **Exhibit B** hereto (collectively, the "*Transaction Agreements*").

affiliates. The Debtor declines to instruct Wells Fargo to make the August Payment to the Bear Entities.

14. Wells Fargo seeks by way of this Complaint to remit the August Payment, and subsequent payments under the Mortgage Certificates, to the proper party.

## Background

15. The securitization transactions pursuant to which the Mortgage Certificates were issued arise from American Home Mortgage Securities LLC, ("*AHMSLLC*", an affiliate of the Debtor) depositing mortgage loans into newly-formed trusts in consideration of the trusts issuing certificates to AHMSLLC that obligate the trusts to make principal and interest payments to the holders thereof. AHMSLLC sold or otherwise distributed the trust-issued certificates to investors and/or affiliates thereof. Under the transactions, Wells Fargo serves as Securities Administrator for the certificates, including the Mortgage Certificates, and master servicer of the underlying mortgage loans. The terms of the applicable Indenture provide for a payment "waterfall" to the holders of each series of the certificates.[2] Wells Fargo, in coordination with the mortgage servicer, calculates each month the payments to be made to holders of the certificates for the immediately preceding month. Payments based on these calculations are made to the holders of record of such certificates on the applicable distribution date, which is generally the twenty-fifth (25th) day of the following month.

16. On information and belief, the Mortgage Certificates (in addition, presumably, to other securities) were sold or pledged by the Debtor to the Bear Entities under the terms of

---

[2] For example, *see* Section 3.05 of the *Indenture*, which is attached hereto as **Exhibit C**.

- 4 -

certain repurchase agreements between the Debtor and each of the Bear Entities. On information and belief, the repurchase agreements meet the "safe harbor" provisions of the Bankruptcy Code, which entitles the Bear Entities to exercise its remedies thereunder even after the Debtor filed its bankruptcy petition.

17. On information and belief, on August 2, August 3 and August 6, 2007, BSMCC, BSIL and BSC, respectively, notified the Debtor that the Debtor was in default in regard to the aforementioned repurchase agreements. Upon exercising contractual remedies arising due to such alleged defaults prior to the record date for the August Payment, the Bear Entities assert ownership of the Mortgage Certificates and entitlement thereto (at least in the capacity of beneficial owner of such Mortgage Certificates).

18. However, the Bear Entities did not contact Wells Fargo to re-register the Mortgage Securities prior to September 19, 2007, which is after the payment record date for the August Payment.

19. Each of the Bear Entities and the Debtor appear to have valid arguments supporting a claim to the August Payment.

20. Wells Fargo contacted the defendants on several occasions to attempt to resolve Wells Fargo's involvement with respect to disbursement of the August Payment, without success. The Bear Entities have threatened to hold Wells Fargo strictly liable for failure to make the August Payment to the Bear Entities.[3]

---

[3] *See* Letter, from the Bear Entities to Wells Fargo, dated September 24, 2007, Re: *September 25, 2007 Principal Interest Payments for American Home Mortgage Investment Corp. and Homebanc Corp.*, which is set forth as **Exhibit D** hereto.

21. In the ordinary course, in a similar situation, Wells Fargo would make payment to the beneficial holder of the Mortgage Certificates upon receipt of a letter of direction from the holder of record. Upon information and belief, the Bear Entities requested the Debtor to provide such letter. In addition, Wells Fargo asked the Debtor whether they would send authorization to redirect the payment to the applicable Bear Entity. Wells Fargo has not received such letter or authorization.

22. By letter dated September 28, 2007, Wells Fargo again requested confirmation that the Debtor and the Bear Entities assert rights to the August Payment. Attached as **Exhibit E** is a true and connect copy of Wells Fargo's letter. Wells Fargo received a response from the Bear Entities on September 28, 2007, claiming an interest therein. As of October 16, 2007, the Debtor has not responded to Wells Fargo's request. A copy of the letter from the Bear Entities is attached as **Exhibit F**.

23. Because Wells Fargo is unable to determine which party is entitled to the August Payment, Wells Fargo commences this adversarial proceeding in the nature of interpleader against those that claim an interest in such monies.

24. Wells Fargo stands neutral as to the proper party in interest with respect to which party or parties is entitled to the August Payment due under the Mortgage Certificates.

25. Unless the defendants in this adversarial proceeding are restrained or enjoined from prosecuting suits against Wells Fargo, Wells Fargo will be subject to multiple claims in regard to the August Payment, and, possibly, subsequent payments due under the Mortgage Certificates.

26.     Wells Fargo is prepared to deposit with the Court the amount of $1,863,786.18, which corresponds to the amount of the August Payment, as the Court may deem appropriate, until a determination can be made as to the proper claimant of the August Payment and subsequent payments under the Mortgage Certificates.

WHEREFORE, Wells Fargo respectfully requests that the Court enter an order:

A.     Requiring defendants to interplead in this case all of their claims under or in respect to the August Payment and subsequent payments related to the Mortgage Certificates and litigate their differences;

B.     Instructing Wells Fargo to deposit the amount of the August Payment into the registry of the Court to await a determination of ownership;

C.     Determining whether the Debtor or the Bear Entities are entitled to the August Payment and subsequent payments under the Mortgage Certificates;

D.     Directing the payment of the August Payment and subsequent payments under the Mortgage Certificates to such party or parties, notwithstanding any provision of law, including any provision of the United States Bankruptcy Code;

E.     Enjoining each of the Defendants from instituting any and all actions against Wells Fargo relating to or concerning the August Payment and subsequent payments related to the Mortgage Certificates;

WIL:69267.1/WEL079-247173

- 8 -

F. Relieving and discharging Wells Fargo from any and all liability relating to or concerning any claim that might arise in connection with the August Payment or subsequent payments related to the Mortgage Certificates; and

G. Awarding Wells Fargo its reasonable costs, attorney's fees, disbursements and allowances incurred in connection with this action out of the monies at issue or otherwise.

Dated: October 25, 2007

/s/ Todd C. Schiltz
Todd C. Schiltz, Esq. (No. 3253)
Wolf, Block, Schorr and Solis-Cohen, LLP
1100 North Market Street, Suite 1001
Wilmington, Delaware 19801
Tel: (302) 777-0312