**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case Nos. 07-11047 (CSS) |
| HOLDINGS, INC., et al., | ) | |
| | ) | Hearing Date:  October 31, 2007 at 10:00 a.m. |
| Debtors. | ) | |
| | ) | Related Docket No. 1521 |
| | ) | |
| | ) | |

**RESPONSE OF BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT,**
**TO DEBTORS' MOTION PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY**
**CODE AND FED. R. BANKR. P. 9018 FOR AN ORDER AUTHORIZING THE**
**DEBTORS TO FILE, UNDER SEAL, THE PURCHASE PRICE OF THE SUCCESSFUL**
**BIDS AT THE AUCTION FOR THE BROADHOLLOW AND MELVILLE LOANS**

TO:   THE HONORABLE CHRISTOPHER S. SONTCHI,
      UNITED STATES BANKRUPTCY JUDGE

Bank of America, N.A., as administrative agent (the "Administrative Agent") for

certain other banking and financial institutions as pre-petition secured lenders under that certain

Second Amended and Restated Credit Agreement, dated as of August 10, 2006, by its

undersigned attorneys, hereby responds (the "Response") to the Debtors' Motion Pursuant to

Section 107(b) of the Bankruptcy Code and Fed. R. Bankr. P. 9018 for an Order Authorizing the

Debtors to File, Under Seal, the Purchase Price of the Successful Bids at the Auction for the

Broadhollow and Melville Loans [D.I. 1521] (the "Motion"), and in support thereof, respectfully

represents as follows:

**BACKGROUND**

1.      On August 6, 2007 (the "Petition Date"), American Home Mortgage

Holdings, Inc. and certain of its affiliates (the "Debtors")[1] filed with this Court voluntary

---

[1]     The Debtors are American Home Mortgage Holdings, Inc., American Home Mortgage Acceptance, Inc., American Home Mortgage Corp., American Home Mortgage Investment Corp., American Home Mortgage

petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code"). The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1005(b)

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Each Debtor is

continuing to operate its business and manage its properties as a debtor in possession pursuant to

section 1107(a) and 1108 of the Bankruptcy Code.

2.      On August 17, 2007, the Debtors filed the Broadhollow and Melville Loan

Sale Motion[2] [D.I. 203] with this Court seeking, *inter alia*, authority to enter into and perform

under an auction procedures agreement and approving the sale procedures in connection with the

sale of the Broadhollow and Melville Mortgage Loans. On August 22, 2007, this Court entered

the Broadhollow and Melville Loan Sale Order [D.I. 282], which approved Broadhollow and

Melville Loan Sale Motion and the Sale Procedures.

3.      On September 26, 2007, AHM Servicing conducted the Auction in

accordance with the Sale Procedures resulting in the Sale of the Broadhollow and Melville

Mortgage Loans to the Successful Bidders. At the hearing to approve the Sale Procedures and

the Sale of the Broadhollow and Melville Mortgage Loans, the Court directed that the Debtors

file the results of the Auction with the Court, and recognized that, due to the sensitive nature of

the Purchase Prices, the Debtors should consider whether the Purchase Prices should be filed

under seal. In accordance with the Court's directive, on October 3, 2007, the Debtors filed a

notice identifying the Successful Bidders [D.I. 1122], however, due to their confidential and

sensitive nature, the notice did not identify the Purchase Prices. Also in accordance with the

Court's suggestion, on October 12, 2007, the Debtors filed the instant Motion requesting that this

---

Servicing, Inc., American Home Mortgage Ventures LLC, Homegate Settlement Services, Inc., and Great Oak Abstract Corp.

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Motion.

Court enter an order authorizing the Debtors to file the Purchase Prices under seal and directing that they remain under seal, confidential and not be made available to anyone, except counsel to (i) the U.S. Trustee, (ii) the Creditors' Committee and (iii) the Administrative Agent.

4.     On October 22, 2007, while the Motion was pending, the American Home Mortgage Servicing, Inc. filed the complaint, commencing Adversary Proceeding 07-51738-CSS (the "Adversary Proceeding"), captioned *Broadhollow Funding LLC; Melville Funding, LLC and American Home Mortgage Servicing, Inc. (f/k/a Columbia National Incorporated) v. Bank of America, N.A.* (the "Complaint"), a copy of which is annexed hereto as Exhibit A. Paragraph 34 of the Complaint publicly discloses the Purchase Prices.

## RESPONSE

5.     Due to the inexplicable conduct of the Debtors and their counsel, the Debtors very well may have subjected these estates and their creditors to significant losses and irreparable harm as a result of filing the Complaint and the disclosure of the Purchase Prices in the public domain. Indeed, the Debtors stated in the Motion that the Purchase Prices "constitute confidential commercial information," warranting protection under section 107(b) of the Bankruptcy Code. See Motion at ¶ 12. The Debtors further stated in the Motion that they have filed and anticipate filing additional motions for the authority to sell additional mortgage loans and related assets and that "[i]n order to ensure that the Debtors can maximize the value of the remaining assets, filing the Purchase Prices for the Broadhollow and Melville Mortgage Loans under seal is necessary to allow the Debtors to negotiate the best possible terms of the sale agreements for other mortgage loan asset sales." See Motion at ¶ 13. The Debtors went on to state that "[d]isclosure of the Purchase Prices may harm and prejudice the Debtors by enabling other potential buyers access to confidential sale information. Such potential buyers may use the

Purchase Price as leverage against the Debtors as they negotiate the terms of other mortgage loan asset sales with the Debtors." See Motion at ¶ 13.

6.      Rather than heeding their own fervent warnings to the Court concerning the dire consequences of disclosing the confidential and sensitive Purchase Prices -- which include prejudicing the Debtors by giving potential buyers leverage against the Debtors as they negotiate the terms of other mortgage loan asset sales -- the Debtors and their counsel disclosed the Purchase Prices for the world to see by filing the Complaint.  To make matters worse, the media has seized upon this disclosure and the Purchase Prices appeared in an article on the front page of the business section of today's New York Times.  See *Banished by the Big Banks, Risk Finds its Way Back Home*, N.Y. Times, October 26, 2007, at C1, a copy of which is annexed hereto as Exhibit B.

7.      The Debtors have acknowledged that there are pending asset sales and forthcoming sales of mortgage loans and related assets that the Debtors are still holding, which could be adversely affected by the disclosure of the Purchase Prices.  However, the Debtors have disclosed the Purchase Prices despite their explicit acknowledgement of the significant harm and prejudice that would result.  Therefore, given the state of the loan market and the very sensitive and confidential nature of the Purchase Prices, to the extent that this baffling disclosure impacts the prospective prices of the significant portfolio of loans yet to be auctioned, the Administrative Agent reserves all of its rights against the Debtors and their officers, directors, employees, agents, counsel and other persons for any resultant decline in the purchase prices for those remaining mortgage loans or other assets.

8.      Based on the foregoing, the Administrative Agent submits that, given their conduct during the pendency of the Motion, curative measures must be implemented to ensure

that there are no future breaches of the Debtors' fiduciary duties that could potentially harm the creditors of these estates.

<h2 style="text-align:center">CONCLUSION</h2>

9.      The Administrative Agent requests that this Court (i) require the Debtors and their counsel to refrain from making any further disclosures of the Purchase Prices or other substantive details of the sale of the Broadhollow and Melville Mortgage Loans and (ii) grant such other and further relief as is just and proper.

Dated:  October 26, 2007
        Wilmington, Delaware

POTTER ANDERSON & CORROON LLP

By:
Laurie Selber Silverstein (DE Bar No. 2396)
Gabriel R. MacConaill (DE Bar No. 4734)
P. O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware  19899
(302) 984-6000

- and -

KAYE SCHOLER LLP
Margot B. Schonholtz
Mark F. Liscio
Scott D. Talmadge
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

*Counsel for Bank of America, N.A. as Administrative Agent under that certain Second Amended and Restated Credit Agreement, dated as of August 10, 2006*

Pac#827966

5