## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------------  x
In re:                                                            :   Chapter 11
                                                                  :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                            :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                  :
                                                                  :   Jointly Administered
                                                                  :
        Debtors.                                                  :   Doc. Ref. No. 1373
----------------------------------------------------------------  x
```

### CERTIFICATION OF COUNSEL REGARDING ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) AND LOCAL RULE 2002-1(e) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

On October 8, 2007, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] filed the Motion of the Debtors for an Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Docket No. 1373] (the "Motion").

Subsequent to the filing of the Motion, the Office of the United States Trustee for the District of Delaware (the "United States Trustee"), the Official Committee of Unsecured Creditors (the "Committee") and Bank of America, N.A. ("Bank of America") requested that the Debtors make certain revisions to the form of order, the Bar Date Notice[2] and the Publication Notice attached to the Motion.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Attached hereto as Exhibit 1 is a revised form of order (the "Revised Order") that incorporates the United States Trustee's, the Committee's and Bank of America's requested revisions. For the Court's convenience, a blackline highlighting the changes made to the original form of order attached to the Motion is attached hereto as Exhibit 2. The Debtors have circulated the Revised Order to the United States Trustee, the Committee and Bank of America and such parties have not objected to the form of the Revised Order.

As the Revised Order incorporates each of the revisions requested by the United States Trustee, the Committee and Bank of America, and as no other responses to the Motion were received, the Debtors respectfully request that the Court enter the Revised Order at its earliest convenience without further notice or hearing.

Dated:    Wilmington, Delaware        YOUNG CONAWAY STARGATT & TAYLOR, LLP
          October 26, 2007

          _____
          James L. Patton, Jr. (No. 2202)
          Pauline K. Morgan (No. 3650)
          Sean M. Beach (No. 4070)
          Matthew B. Lunn (No. 4119)
          Kara Hammond Coyle (No. 4410)
          The Brandywine Building
          1000 West Street, 17th Floor
          Wilmington, Delaware 19801
          Telephone: (302) 571-6600
          Facsimile: (302) 571-1253

          Counsel for Debtors and Debtors in Possession

## Exhibit 1

**Revised Form of Order**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------------------------  x
In re:                                                   :  Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS, INC.,    :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                           :
                                                         :  Jointly Administered
         Debtors.                                         :
--------------------------------------------------------------------  x  Doc. Ref. No. 1373
```

### ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) AND LOCAL RULE 2002-1(e) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon consideration of the motion (the "Motion") of the above-captioned debtors

and debtors in possession (each a "Debtor", and collectively, the "Debtors"),[1] for entry of an

order, pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), establishing bar dates for filing proofs of claim and approving the form and manner of

notice thereof; the Court having reviewed the Motion and the pleadings related thereto; the Court

finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Motion

was sufficient under the circumstances and in accordance with Local Rule 2002-1(e); and the

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as modified herein.

2.      Capitalized terms not otherwise defined herein have the meanings given to them in the Motion. In addition, as used herein, (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

3.      The forms of the Bar Date Notice and the Publication Notice, attached hereto as <u>Exhibits A</u> and <u>C</u> respectively, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects pursuant to Bankruptcy Rules 2002(a)(7) and 2002(l) and Local Rule 2002-1(e). The form and manner of notice of the Bar Dates approved herein are deemed to fulfill the notice requirements of the Bankruptcy Rules and the Local Rules, and notice of the Bar Dates in the form and manner as proposed by the Debtors herein is fair and reasonable and will provide good, sufficient, and due notice to all creditors and equity interest holders of their rights and obligations in connection with claims they may assert against the Debtors' estates in these chapter 11 cases. Accordingly, the Debtors are authorized to serve the Bar Date Notice Package in the manner described in paragraph 4 below.

4.      As soon as practicable, but in any event no later than five (5) business days after the date that the Court enters this Order, the Debtors, through EPIQ Bankruptcy Solutions, LLC ("EPIQ"), shall serve the Bar Date Notice Package by first class United States mail, postage prepaid, on all known entities holding potential prepetition claims and their counsel (if known), all parties that have requested notice in these cases, all equity security holders, all indenture trustees, the U.S. Trustee and all taxing authorities for the jurisdictions in which the Debtors do business.  The date on which the Debtors actually serve the Bar Date Notice Package is referred to herein as the "Service Date."  Copies of the Bar Date Notice Package and, separately, the proof of claim form shall be posted to EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").

5.      Except as provided in paragraphs 7 and 8 of this Order, any entity holding a prepetition claim against the Debtors must file a proof of claim in accordance with the procedures described herein **on or before 4:00 p.m., Eastern Time, on January 11, 2008** (the "General Bar Date").  The General Bar Date shall be identified in the Bar Date Notice and the Publication Notice.  Except as provided in paragraphs 7 and 8 of this Order, the General Bar Date applies to all entities, other than governmental units, holding claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on the Petition Date.

6.      Except as provided in paragraphs 7 and 8 of this Order, in accordance with section 502(b)(9) of the Bankruptcy Code, any governmental unit holding a prepetition claim against the Debtors must file a proof of claim in accordance with the procedures described herein

3

**on or before 4:00 p.m., Eastern Time, on February 4, 2008** (the "Government Bar Date").[2]

The Government Bar Date shall be identified in the Bar Date Notice and the Publication Notice.

Except as provided in paragraphs 7 and 8 of this Order, the Government Bar Date applies to all

governmental units holding claims against the Debtors (whether secured, unsecured priority or

unsecured nonpriority) that arose prior to or on the Petition Date, including governmental units

holding claims against the Debtors for unpaid taxes, whether such claims arise from prepetition

tax years or periods or prepetition transactions to which the Debtors were a party.

       7.      The following entities whose claims otherwise would be subject to the

General Bar Date or the Government Bar Date shall not be required to file proofs of claim in

these chapter 11 cases:

      a.      any entity that has already properly filed a Proof of Claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

      b.      any entity (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules;

      c.      professionals retained by the Debtors or the Committee pursuant to orders of this Court, including EPIQ, who assert administrative claims for payment of fees and expenses subject to the Court's approval pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

      d.      any entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code;

      e.      current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

      f.      any Debtor asserting a claim against another Debtor;

---

[2] Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide." In the instant case, 180 days after the Petition Date is February 2, 2008. Pursuant to Bankruptcy Rule 9006(a), as February 2, 2008 is a Saturday, the Government Bar Date is Monday, February 4, 2008.

g.  any direct or indirect non-debtor subsidiary of a Debtor asserting a claim against a Debtor;

h.  any entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the applicable Bar Date; or

i.  Any person or entity whose claim has been paid by the Debtors.

8.  Any entity holding a Rejection Damages Claim arising from the rejection of an executory contract or unexpired lease pursuant to an order entered prior to the confirmation of a chapter 11 plan in the Debtors' chapter 11 cases shall be required to file a proof of claim in respect of such Rejection Damages Claim in accordance with the procedures described herein by the Rejection Bar Date. The Rejection Bar Date shall be the later of (i) the General Bar Date or (ii) thirty (30) days after entry of an order approving the rejection of an executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damages Claim is a party.

9.  Notwithstanding anything in this Order to the contrary, pursuant to the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties dated September 4, 2007 (the "Final Cash Collateral Order"), Bank of America, N.A. as Administrative Agent (the "Administrative Agent") for the Pre-Petition Secured Parties (as defined in the Final Cash Collateral Order), is authorized to file in the lead chapter 11 case (Case No. 07-11047) (CSS)) a single, master proof of claim on behalf of the Pre-Petition Secured Parties (as defined in the Final Cash Collateral Order) on account of any and all of their respective claims arising under the Loan Documents (as defined in the Final Cash Collateral Order) and hereunder (the "Master Proof of Claim") against each of the Debtors.

10.  Notwithstanding anything in this Order to the contrary, pursuant to the Final Cash Collateral Order upon the filing of the Master Proof of Claim against the Debtors, the Administrative Agent and each Pre-Petition Secured Party (as defined in the Final Cash

5

Collateral Order), and each of their respective successors and assigns, shall be deemed to have

filed a proof of claim in the amount set forth opposite its name therein in respect of its claims

against the Debtors of any type or nature whatsoever with respect to the Loan Documents (as

defined in the Final Cash Collateral Order), and the claim of each Pre-Petition Secured Party

(and each of the respective successors and assigns), named in the Master Proof of Claim shall be

treated as if such entity had filed a separate proof of claim in each of these cases.

11.    Notwithstanding anything in this Order to the contrary, pursuant to the

Final Cash Collateral Order the Administrative Agent shall not be required to file with the

Master Proof of Claim any instruments, agreements, or other documents evidencing the

obligations owing by the Debtors to the Pre-Petition Secured Parties (as defined in the Final

Cash Collateral Order), which instruments, agreements or other documents will be provided on

written request to counsel for the Administrative Agent.

12.    Subject to the provisions of paragraph 8 of this Order with respect to

holders of claims subject to the Rejection Bar Date, the following entities must file a proof of

claim on or before the General Bar Date or, with respect to claims of governmental units, on or

before the Government Bar Date:

    a.    any entity whose prepetition claim against the Debtors is not listed in the
          Schedules or whose prepetition claim is listed as disputed, contingent or
          unliquidated and that desires to participate in these chapter 11 cases or
          share in any distribution in these chapter 11 cases; and

    b.    any entity that believes that its prepetition claim is improperly classified in
          the Schedules or is listed in an incorrect amount and that desires to have
          its claim allowed in a classification or amount other than that identified in
          the Schedules.

13.    Any entity holding an interest in the Debtors (an "Interest Holder"), which

interest is based exclusively upon the ownership of common or preferred stock in a corporation,

a general or limited partner interest in a limited partnership, a membership interest in a limited

liability company or warrants or rights to purchase, sell or subscribe to such a security or interest

(any such security or interest being referred to herein as an "Interest"), need not file a proof of

interest on or before the General Bar Date; provided, however, that Interest Holders who wish to

assert claims against the Debtors that arise out of or relate to the ownership or purchase of an

Interest, including claims arising out of or relating to the sale, issuance or distribution of such

Interest, must file proofs of claim on or before to the General Bar Date, unless another exception

contained herein applies.

      14.     Except as set forth in paragraphs 9, 10 and 11 of this Order, any entity

asserting Claims against more than one Debtor must file a separate proof of claim with respect to

each such Debtor on or before the applicable Bar Date.  In addition, any entity filing a proof of

claim must identify on its proof of claim form the particular Debtor against which its Claim is

asserted.

      15.     Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file

a proof of claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy

Rules or this Order with respect to a particular claim against the Debtors, but that fails to do so

by the applicable Bar Date, shall not be treated as a creditor for purposes of voting upon, or

receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of

that claim.

      16.     The Debtors shall serve on all known entities holding potential prepetition

claims:  (a) a notice of the Bar Dates substantially in the form of the Bar Date Notice attached

hereto as Exhibit A and (b) a proof of claim form, a copy of which is attached hereto as Exhibit

B, substantially in the form of Official Form No. 10.  The Debtors shall state on each proof of

claim form whether the entity's claim is listed in the Schedules.  Assuming that the entity's claim

is listed in the Schedules, the Proof of Claim Form will also state: (a) the Debtors against which the entity's claim is scheduled, (b) whether the entity's claim is listed as disputed, contingent or unliquidated, and (c) if a claim is listed in the Schedules in a liquidated amount that is not disputed or contingent, the dollar amount of the claim (as listed in the Schedules). Any entity that relies on the information in the Schedules shall bear responsibility for determining that its claim is accurately listed therein.

17.    For any proof of claim to be validly and properly filed, a signed original of the completed proof of claim, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d) (except as set forth in paragraph 11 of this Order), must be delivered to EPIQ at the address identified on the Bar Date Notice so as to be received **no later than 4:00 p.m., Eastern Time,** on the applicable Bar Date. Proofs of claim may be submitted in person or by courier service, hand delivery or mail. Proofs of claim submitted by facsimile or e-mail shall not be accepted. Proofs of claim shall be deemed filed when actually received by EPIQ. If a creditor wishes to receive acknowledgement of EPIQ's receipt of a proof of claim, the creditor also must submit to EPIQ by the applicable Bar Date and concurrently with submitting its original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, stamped return envelope.

18.    Except as set forth in paragraph 11 of this Order, upon the advance express written consent of the Debtors, a claimant's proof of claim may be filed without the documents required by Bankruptcy Rules 3001(c) and 3001(d); provided, however, that any claimant that receives such a written consent shall be required to transmit these documents in support of its claim to EPIQ, the Debtors or other parties in interest within ten (10) days after the date of a written request for such documents.

8

19.    The Debtors shall cause the Publication Notice attached hereto as <u>Exhibit</u> <u>C</u> to be published in the *Dallas Morning Star*, the *Saint Louis Post- Dispatch* and the national edition of *The Wall Street Journal* or the national edition of *The New York Times* within five (5) business days of the date of entry of this Order.

Dated: _____, 2007     _____

Christopher S. Sontchi
United States Bankruptcy Judge

## EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                          :    Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,          :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                 :
                                                :    Jointly Administered
          Debtors.                              :
------------------------------------------------------------------ x

### NOTICE OF BAR DATES FOR FILING OF PROOFS OF CLAIM

#### TO ALL CREDITORS AND EQUITY INTEREST HOLDERS:

On October __, 2007, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bar Date Order") establishing certain claims bar dates in the chapter 11 cases of the above-captioned debtors and debtors in possession (the "Debtors").[1] By the Bar Date Order, the Court established **January 11, 2008 at 4:00 p.m. (Eastern Time)**, as the general claims bar date (the "General Bar Date"). Except as described below, the Bar Date Order requires all Entities, other than Governmental Units, that have or assert any prepetition Claims against the Debtors to file proofs of claim with EPIQ Bankruptcy Solutions, LLC ("EPIQ"), the claims noticing and balloting agent in these cases, so that their proofs of claim are received by EPIQ **on or before 4:00 p.m., Eastern Time, on January 11, 2008.** Please note that the terms "Entity," "Governmental Unit" and "Claim" are defined below.

For your convenience, enclosed with this Notice is a proof of claim form, which identifies the amount, nature and classification of your Claim(s), if any, listed in the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these cases (collectively, the "Schedules"). **Copies of the Bar Date Notice Package and, separately, the proof of claim form are also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").**

#### KEY DEFINITIONS

As used in this Notice, the term "Entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and includes all persons (individuals, partnerships and corporations), estates, trusts, Governmental Units and the United States Trustee.

As used in this Notice, the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States; states; commonwealths; districts; territories; municipalities; foreign states; or departments, agencies or instrumentalities of the foregoing.

As used in this Notice, the term "Claim" shall mean, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

## WHO MUST FILE A PROOF OF CLAIM AND THE APPLICABLE BAR DATES

### *The Bar Dates*

The Bar Date Order establishes the following bar dates for filing proofs of claim in these cases (collectively, the "Bar Dates"):

(a)     The General Bar Date. Pursuant to the Bar Date Order, all Entities holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on August 6, 2007, are required to file proofs of claim **on or before 4:00 p.m., Eastern Time, on January 11, 2008.**

(b)     The Government Bar Date. In accordance with section 502(b)(9) of the Bankruptcy Code, all Governmental Units holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on August 6, 2007, are required to file proofs of claim **on or before 4:00 p.m., Eastern Time, on February 4, 2008**[2] (the "Government Bar Date"), including Governmental Units with Claims against the Debtors for unpaid taxes, whether such Claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors was a party.

(c)     The Rejection Bar Date. Any Entity whose Claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a chapter 11 plan in the Debtors' chapter 11 cases, must file a proof of claim on or before the later of: (i) the General Bar Date or (ii) thirty (30) days after entry of an order approving the rejection of an executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damages Claim is a party. The later of these dates is referred to in this Notice as the "Rejection Bar Date."

### *Entities That Must File Proofs of Claims by the General Bar Date or the Government Bar Date*

Subject to the terms described above for holders of Claims subject to the Rejection Bar Date, the following Entities must file proofs of claim on or before the General Bar Date or, with respect to Claims of Governmental Units, on or before the Government Bar Date:

(a)     any entity whose prepetition claim against the Debtors is not listed in the Schedules or whose prepetition claim is listed as disputed, contingent or unliquidated and that desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases; and

(b)     any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

### *Entities Not Required to File Proofs of Claim by the General Bar Date or the Government Bar Date*

The Bar Date Order further provides that the following Entities need not file proofs of claim by the General Bar Date:

(a)     any entity that has already properly filed a Proof of Claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

---

[2]     Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide." In the instant case, 180 days after the Petition Date is February 2, 2008. Pursuant to Bankruptcy Rule 9006(a), as February 2, 2008 is a Saturday, the Government Bar Date is Monday, February 4, 2008.

(b)     any entity (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules;

(c)     professionals retained by the Debtors or the Committee pursuant to orders of this Court, including EPIQ, who assert administrative claims for payment of fees and expenses subject to the Court's approval pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

(d)     any entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code;

(e)     current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

(f)     any Debtor asserting a claim against another Debtor;

(g)     any direct or indirect non-debtor subsidiary of a Debtor asserting a claim against a Debtor;

(h)     any entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the applicable Bar Date; or

(i)     any person or entity whose claim has been paid by the Debtors.

### *No Requirement to File Proofs of Interest*

Any Entity holding an interest in the Debtors (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a general or limited partner interest in a limited partnership, a membership interest in a limited liability company or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to in this Notice as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert Claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including Claims arising out of or relating to the sale, issuance or distribution of such Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in the Bar Date Order applies.

### *Filing Proofs of Claim Against Multiple Debtors; Requirement to Identify Debtor*

Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the applicable Bar Date. In addition, any Entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

### CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Entity that is required to file a proof of claim, but fails to do so by the applicable Bar Date described in this Notice, shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim.

**If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the applicable Bar Date. Any Entity that relies on the information in the Schedules bears responsibility for determining that its Claim is accurately listed therein. Moreover, Entities should verify the accuracy of the amount listed, if any, on the individualized proof of claim forms such Entities receive in the Bar Date Notice Package with the amount listed on the Schedules. Any Entity that relies on the amount listed on its individualized proof of claim form bears responsibility for determining that its Claim is accurately listed therein.**

## PROCEDURE FOR FILING PROOFS OF CLAIM

Original proofs of claim must be sent by mail to American Home Mortgage Claims Processing, P.O. Box 5076, FDR Station, New York, NY 10150-5076 or by overnight courier or hand delivery to EPIQ Bankruptcy Solutions, LLC, Attn: American Home Mortgage Claims Processing, 757 Third Avenue, 3rd Floor, New York, NY 10017, so as to be received **no later than 4:00 p.m., Eastern Time**, on the applicable Bar Date. *Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.* Proofs of claim will be deemed filed only when actually received by EPIQ. If you wish to receive acknowledgement of EPIQ's receipt of your proof of claim, you must also submit by the applicable Bar Date and concurrently with submitting your original proof of claim, (a) a copy of your original proof of claim and (b) a self-addressed, stamped return envelope.

Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected. However, upon the advance express written consent of the Debtors, a claimant's proof of claim may be filed without the documents required by Bankruptcy Rules 3001(c) and 3001(d); provided, however, that any claimant that receives such a written consent will be required to transmit these documents in support of its Claim to EPIQ, the Debtors or other parties in interest within ten (10) days after the date of a written request for such documents.

## ADDITIONAL INFORMATION

You may be listed as the holder of a claim against the Debtors in the Schedules. If you hold or assert a claim that is not listed in the Schedules or if you disagree with the amount or priority of your claim as listed in the Schedules, or your claim is listed in the Schedules as contingent, unliquidated, or disputed, you **must** file a proof of claim. Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801. In addition, copies of the Debtors' Schedules and Bar Date Order may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website. **Copies of the Schedules and the Bar Date Order are also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").**

Questions concerning the contents of this Notice and requests for proofs of claim should be directed to EPIQ at (866) 493-7277 between the hours of 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday. Please note that EPIQ's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

Dated: October ____, 2007
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Counsel to the Debtors and Debtors in Possession

4

**EXHIBIT B**

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|

| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors.<br><sub>Name of Debtor Against Which Claim is Held</sub> | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered<br>Case No. of Debtor | |
|---|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name and address of Creditor :** (and name and address where notices should be sent if different from Creditor)

THIS SPACE IS FOR COURT USE ONLY

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

Telephone number:
Email Address:

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**Account or other number by which creditor identifies debtor:**

Check here if this claim:
☐ replaces    ☐ amends a previously filed claim, dated:_____

**1.    Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other_____ (explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)

Last Four Digits of your SS#:  ____  ____  ____  ____

Unpaid compensation for services performed

from _____ to _____
     (date)        (date)

**2.    Date debt was incurred:**

**3.    If court judgment, date obtained:**

**4.    Total Amount of Claim at Time Case Filed:** $_____  _____ + _____ + _____ = _____
                                                   (unsecured nonpriority)  (secured)  (unsecured priority)  (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5.    Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____

Value of Collateral:  $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

**6.    Unsecured Nonpriority Claim:** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7.    Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**8.    Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9.    Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.

**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10**   Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## DEFINITIONS

### Debtor
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed

### Secured Claim
A claim is a secured claim if the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

### Unsecured Claim
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Name of Debtor and Case Number:**
   Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| American Home Mortgage Holdings, Inc | 07-11047 |
| American Home Morgage Investment Corp | 07-11048 |
| American Home Mortgage Acceptance, Inc | 07-11049 |
| American Home Mortgage Servicing, Inc | 07-11050 |
| American Home Mortgage Corp | 07-11051 |
| American Home Mortgage Ventures LLC | 07-11052 |
| Homegate Settlement Services, Inc. | 07-11053 |
| Great Oak Abstract Corp | 07-11054 |

**Information about Creditor:**
   Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
   Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
   Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
   If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**
   Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**
   Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**6. Unsecured Nonpriority Claim:**
   Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**7. Unsecured Priority Claim:**
   Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**8. Credits:**
   By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9. Supporting Documents:**
   You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------  x
In re:                                                        :   Chapter 11
                                                              :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                         :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                               :
                                                              :   Jointly Administered
        Debtors.                                              :
------------------------------------------------------------  x
```

## NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM

**TO ALL CREDITORS:**

        On October __, 2007, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bar Date Order") establishing certain claims bar dates in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[1]  By the Bar Date Order, the Court established **January 11, 2008 at 4:00 p.m. (Eastern Time)**, as the general claims bar date (the "General Bar Date").  Except as described below, the Bar Date Order requires all Entities, other than Governmental Units, that have or assert any prepetition claims against the Debtors to file proofs of claim with EPIQ Bankruptcy Solutions, LLC ("EPIQ") so that their proofs of claim are received by EPIQ **on or before 4:00 p.m., Eastern Time, on January 11, 2008.**  As used in this Notice, the term "Claim" shall mean, as to or against any of the Debtors and in accordance with section 101(5), U.S. Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

        The Bar Date Order establishes the following bar dates for filing proofs of claim in these cases (collectively, the "Bar Dates"):

The General Bar Date.  Pursuant to the Bar Date Order, all Entities holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on August 6, 2007, are required to file proofs of claim by **on or before 4:00 p.m., Eastern Time, on January 11, 2008.**

The Government Bar Date.  In accordance with Section 502(b)(9) of title 11 of the United States Code (the "Bankruptcy Code"), all Governmental Units holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on August 6, 2007, are required to file proofs of claim **on or before 4:00 p.m., Eastern Time, on February 4, 2008** (the "Government Bar Date"), including Governmental Units with Claims against a Debtor for unpaid taxes, whether such Claims arise from prepetition tax years or periods or prepetition transactions to which a Debtor was a party.

The Rejection Bar Date.  Any Entity whose Claim arises out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a chapter 11 plan in the Debtors' chapter 11 cases, must file a proof of claim on or before the later of:  (i) the General Bar Date or (ii) thirty (30) days after entry of an order approving the rejection of

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

an executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damages Claim is a party. The later of these dates is referred to in this Notice as the "Rejection Bar Date."

*Entities That Must File Proofs of Claims by the General Bar Date or the Government Bar Date*: Subject to terms described above for holders of Claims subject to the Rejection Bar Date, the following Entities must file proofs of claim on or before the General Bar Date or, with respect to Claims of Governmental Units, on or before the Government Bar Date: (a) any entity whose prepetition claim against the Debtors is not listed in the Debtors' schedules of assets and liabilities (the "Schedules") or whose prepetition claim is listed as disputed, contingent or unliquidated and that desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases; and (b) any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

*Entities Not Required to File Proofs of Claim by the General Bar Date or the Government Bar Date*: The Bar Date Order further provides that the following Entities need not file proofs of claim by the General Bar Date: (a) any entity that has already properly filed a Proof of Claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware; (b) any entity (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules; (c) professionals retained by the Debtors or the Committee pursuant to orders of this Court, including EPIQ, who assert administrative claims for payment of fees and expenses subject to the Court's approval pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code; (d) any entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code; (e) current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors; (f) any Debtor asserting a claim against another Debtor; (g) any direct or indirect non-debtor subsidiary of a Debtor asserting a claim against a Debtor; (h) any entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the applicable Bar Date; or (i) any person or entity whose claim has been paid by the Debtors.

*No Requirement to File Proofs of Interest*: Any Entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a general or limited partner interest in a limited partnership, a membership interest in a limited liability company or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to in this Notice as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert Claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including Claims arising out of or relating to the sale, issuance or distribution of such Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in the Bar Date Order applies.

*Filing Proofs of Claim Against Multiple Debtors; Requirement to Identify Debtor*: Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the applicable Bar Date. In addition, any Entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

*Consequences of Failure to File Proof of Claim*: Any Entity that is required to file a proof of claim, but fails to do so by the applicable Bar Date described in this Notice, shall not be treated as a creditor with respect to such Claim for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases. **If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the applicable Bar Date. Any Entity that relies on the information in the Schedules bears responsibility for determining that its Claim is accurately listed therein. Moreover, Entities should verify the accuracy of the amount listed, if any, on the individualized proof of claim forms such Entities receive in the Bar Date Notice Package with the amount listed on the Schedules. Any Entity that relies on the amount listed on its individualized proof of claim form bears responsibility for determining that its Claim is accurately listed therein.**

*Procedure for Filing Proof of Claim*: Original proofs of claim must be sent by mail to American Home Mortgage Claims Processing, P.O. Box 5076, FDR Station, New York, NY 10150-5076 or by overnight courier or hand delivery to EPIQ Bankruptcy Solutions, LLC, Attn: American Home Mortgage Claims Processing, 757 Third

Avenue, 3rd Floor, New York, NY 10017, so as to be received **no later than 4:00 p.m., Eastern Time**, on the applicable Bar Date. *Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.* Proofs of claim will be deemed filed only when actually received by EPIQ. If you wish to receive acknowledgement of EPIQ's receipt of your proof of claim, you must also submit by the applicable Bar Date and concurrently with submitting your original proof of claim (a) a copy of your original proof of claim and (b) a self-addressed, stamped return envelope. Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected. However, upon the advance express written consent of the Debtors, a claimant's proof of claim may be filed without the documents required by Bankruptcy Rules 3001(c) and 3001(d); provided, however, that any claimant that receives such a written consent will be required to transmit these documents in support of its Claim to EPIQ, the Debtors or other parties in interest within ten (10) days after the date of a written request for such documents.

*Additional Information*: You may be listed as the holder of a claim against the Debtors in the Schedules. If you hold or assert a claim that is not listed in the Schedules or if you disagree with the amount or priority of your claim as listed in the Schedules, or your claim is listed in the Schedules as contingent, unliquidated, or disputed, you **must** file a proof of claim. Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801. In addition, copies of the Debtors' Schedules and Bar Date Order may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website. **Copies of the proof of claim form, the Schedules and the Bar Date Order are also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com – click on "American Home Mortgage").** Questions concerning the contents of this Notice and requests for proofs of claim should be directed to EPIQ at (866) 493-7277 between the hours of 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday. Please note that EPIQ's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

Dated: October ____, 2007
    Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Counsel to the Debtors and Debtors in Possession

## Exhibit 2

**Blackline**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------- x
In re:                                                              :    Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                               :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                     :
                                                                    :    Jointly Administered
        Debtors.                                                    :
                                                                    :    Doc. Ref. No. 1373
------------------------------------------------------------------- x

**ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) AND LOCAL RULE
2002-1(e) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM
AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon consideration of the motion (the "Motion") of the above-captioned debtors

and debtors in possession (each a "Debtor", and collectively, the "Debtors"),[1]

for entry of an order, pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), establishing bar dates for filing proofs of claim and approving the form and manner of

notice thereof; the Court having reviewed the Motion and the pleadings related thereto; the Court

finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334,

(b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Motion was

sufficient under the circumstances and in accordance with Local Rule 2002-1(e); and the Court

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

having determined that the legal and factual bases set forth in the Motion establish just cause for

the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as modified herein.

2.      Capitalized terms not otherwise defined herein have the meanings given to

them in the Motion. In addition, as used herein, (a) the term "claim" has the meaning given to it

in section 101(5) of the Bankruptcy Code, (b) the term "entity" has the meaning given to it in

section 101(15) of the Bankruptcy Code and (c) the term "governmental unit" has the meaning

given to it in section 101(27) of the Bankruptcy Code.

3.      The forms of the Bar Date Notice and the Publication Notice, attached

hereto as Exhibits A and C respectively, and the manner of providing notice of the Bar Dates

proposed in the Motion, are approved in all respects pursuant to Bankruptcy Rules 2002(a)(7)

and 2002(l) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local

Rule 2002-1(e) of the Local Rules for the United States Bankruptcy Court for the District of

Delaware (the "Local Bankruptcy Rules"). The form and manner of notice of the Bar Dates

approved herein are deemed to fulfill the notice requirements of the Bankruptcy Rules and the

Local Bankruptcy Rules, and notice of the Bar Dates in the form and manner as proposed by the

Debtors herein is fair and reasonable and will provide good, sufficient, and due notice to all

creditors and equity interest holders of their rights and obligations in connection with claims they

may assert against the Debtors' estates in these chapter 11 cases. Accordingly, the Debtors are

authorized to serve the Bar Date Notice Package in the manner described in paragraph 4 below.

4.    As soon as practicable, but in any event no later than five (5) business days after the date that the Court enters this Order, the Debtors, through EPIQ Bankruptcy Solutions, LLC ("EPIQ"), shall serve the Bar Date Notice Package by first class United States mail, postage prepaid, on all known entities holding potential prepetition claims and their counsel (if known), all parties that have requested notice in these cases, all equity security holders, all indenture trustees, the U.S. Trustee and all taxing authorities for the jurisdictions in which the Debtors do business. The date on which the Debtors actually serve the Bar Date Notice Package is referred to herein as the "Service Date." Copies of the Bar Date Notice Package and, separately, the proof of claim form shall be posted to EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").

5.    Except as provided in paragraphs 7 and 8 of this Order, any entity holding a prepetition claim against the Debtors must file a proof of claim in accordance with the procedures described herein **on or before ~~December 28, 2007 at~~ 4:00 p.m., (Eastern Time), on January 11, 2008** (the "General Bar Date"). The General Bar Date shall be identified in the Bar Date Notice and the Publication Notice. Except as provided in paragraphs 7 and 8 of this Order, the General Bar Date applies to all entities, other than governmental units, holding claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on the Petition Date.

6.    Except as provided in paragraphs 7 and 8 of this Order, in accordance with section 502(b)(9) of the Bankruptcy Code, any governmental unit holding a prepetition claim against the Debtors must file a proof of claim in accordance with the procedures described herein **on or before 4:00 p.m., Eastern Time, on February 4, 2008 ~~at 4:00 p.m. (Eastern Time)~~** (the

"Government Bar Date").[2]  The Government Bar Date shall be identified in the Bar Date Notice and the Publication Notice.  Except as provided in paragraphs 7 and 8 of this Order, the Government Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on the Petition Date, including governmental units holding claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

7.     The following entities whose claims otherwise would be subject to the General Bar Date or the Government Bar Date shall not be required to file proofs of claim in these chapter 11 cases:

a.     any entity that has already properly filed a Proof of Claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

b.     any entity (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules;

c.     professionals retained by the Debtors or the Committee pursuant to orders of this Court, including EPIQ, who assert administrative claims for payment of fees and expenses subject to the Court's approval pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

d.     any entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code;

e.     current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

f.     any Debtor asserting a claim against another Debtor;

---

[2]   Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide."  In the instant case, 180 days after the Petition Date is February 2, 2008.  Pursuant to Bankruptcy Rule 9006(a), as February 2, 2008 is a Saturday, the Government Bar Date is Monday, February 4, 2008.

g.  any direct or indirect non-debtor subsidiary of a Debtor asserting a claim against a Debtor;

h.  any entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the applicable Bar Date; or

i.  Any person or entity whose claim has been paid by the Debtors.

8.  Any entity holding a Rejection Damages Claim arising from the rejection of an executory contract or unexpired lease pursuant to an order entered prior to the confirmation of a chapter 11 plan in the Debtors' chapter 11 cases shall be required to file a proof of claim in respect of such Rejection Damages Claim in accordance with the procedures described herein by the Rejection Bar Date.  The Rejection Bar Date shall be the later of (i) the General Bar Date or (ii) thirty (30) days after entry of an order approving the rejection of an executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damages Claim is a party.

9.  ~~Bank of America, N.A., as Administrative Agent for the lenders (the "Prepetition Lenders") under that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006, may file one proof of claim against each Debtor, as applicable, on behalf of the Prepetition Lenders.  Each Prepetition Lender that relies on such proof of claim or proofs of claim shall consent to this Court's jurisdiction with respect to these Chapter 11 cases.~~Notwithstanding anything in this Order to the contrary, pursuant to the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties dated September 4, 2007 (the "Final Cash Collateral Order"), Bank of America, N.A. as Administrative Agent (the "Administrative Agent") for the Pre-Petition Secured Parties (as defined in the Final Cash Collateral Order), is authorized to file in the lead chapter 11 case (Case No. 07-11047) (CSS)) a single, master proof of claim on behalf of the Pre-Petition Secured Parties (as defined in the Final Cash Collateral

Order) on account of any and all of their respective claims arising under the Loan Documents (as defined in the Final Cash Collateral Order) and hereunder (the "Master Proof of Claim") against each of the Debtors.

10.    ~~The Debtors shall retain the right to (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (b) subsequently designate any claim as disputed, contingent or unliquidated.~~Notwithstanding anything in this Order to the contrary, pursuant to the Final Cash Collateral Order upon the filing of the Master Proof of Claim against the Debtors, the Administrative Agent and each Pre-Petition Secured Party (as defined in the Final Cash Collateral Order), and each of their respective successors and assigns, shall be deemed to have filed a proof of claim in the amount set forth opposite its name therein in respect of its claims against the Debtors of any type or nature whatsoever with respect to the Loan Documents (as defined in the Final Cash Collateral Order), and the claim of each Pre-Petition Secured Party (and each of the respective successors and assigns), named in the Master Proof of Claim shall be treated as if such entity had filed a separate proof of claim in each of these cases.

11.    Notwithstanding anything in this Order to the contrary, pursuant to the Final Cash Collateral Order the Administrative Agent shall not be required to file with the Master Proof of Claim any instruments, agreements, or other documents evidencing the obligations owing by the Debtors to the Pre-Petition Secured Parties (as defined in the Final Cash Collateral Order), which instruments, agreements or other documents will be provided on written request to counsel for the Administrative Agent.

12.    ~~11.~~Subject to the provisions of paragraph 8 of this Order with respect to holders of claims subject to the Rejection Bar Date, the following entities must file a proof of

claim on or before the General Bar Date or, with respect to claims of governmental units, on or before the Government Bar Date:

    a.    any entity whose prepetition claim against the Debtors is not listed in the Schedules or whose prepetition claim is listed as disputed, contingent or unliquidated and that desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases; and

    b.    any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

13.    12. Any entity holding an interest in the Debtors (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a general or limited partner interest in a limited partnership, a membership interest in a limited liability company or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to

assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of such Interest, must file proofs of claim on or before to the General Bar Date, unless another exception contained herein applies.

14.    13. AnyExcept as set forth in paragraphs 9, 10 and 11 of this Order, any entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the applicable Bar Date. In addition, any entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

15. ~~14.~~ Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the Debtors, but that fails to do so by the applicable Bar Date, shall ~~be forever barred, estopped and enjoined from:  (a) asserting any claim against the Debtors that the entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and liquidated (if no amount is identified in the Schedules for that entity then the entity shall be forever barred, estopped and enjoined from asserting any claim at all against the Debtors) or (ii) is of a different nature or a different classification than any claim identified in the Schedules on behalf of such entity (any such claim being referred to herein as an "Unscheduled Claim"); and (b)~~<u>not be treated as a creditor for purposes of</u> voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of ~~an Unscheduled Claim~~<u>that claim</u>.

16. ~~15.~~ The Debtors shall serve on all known entities holding potential prepetition claims:  (a) a notice of the Bar Dates substantially in the form of the Bar Date Notice attached ~~to the Motion~~<u>hereto</u> as Exhibit A and (b) a proof of claim form<u>, a copy of which is attached hereto as Exhibit B,</u> substantially in the form of Official Form No. 10.  The Debtors shall state on each proof of claim form whether the entity's claim is listed in the Schedules. Assuming that the entity's claim is listed in the ~~schedules~~<u>Schedules,</u> the Proof of Claim Form will also state:  (a) the Debtors against which the entity's claim is scheduled, (b) whether the entity's claim is listed as disputed, contingent or unliquidated, and (c) if a claim is listed in the Schedules in a liquidated amount that is not disputed or contingent, the dollar amount of the claim (as listed in the Schedules).  Any entity that relies on the information in the Schedules shall bear responsibility for determining that its claim is accurately listed therein.

17.    ~~16.~~ For any proof of claim to be validly and properly filed, a signed original of the completed proof of claim, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d) (except as set forth in paragraph 11 of this Order), must be delivered to EPIQ at the address identified on the Bar Date Notice so as to be received **no later than 4:00 p.m., Eastern Time,** on the applicable Bar Date. Proofs of claim may be submitted in person or by courier service, hand delivery or mail. Proofs of claim submitted by facsimile or e-mail shall not be accepted. Proofs of claim shall be deemed filed when actually received by EPIQ. If a creditor wishes to receive acknowledgement of EPIQ's receipt of a proof of claim, the creditor also must submit to EPIQ by the applicable Bar Date and concurrently with submitting its original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, stamped return envelope.

18.    ~~17. Upon~~ Except as set forth in paragraph 11 of this Order, upon the advance express written consent of the Debtors, a claimant's proof of claim may be filed without the documents required by Bankruptcy Rules 3001(c) and 3001(d); provided, however, that any claimant that receives such a written consent shall be required to transmit these documents in support of its claim to EPIQ, the Debtors or other parties in interest within ten (10) days after the date of a written request for such documents.

19.    ~~18.~~ The Debtors shall cause the Publication Notice attached hereto as Exhibit C to be published in the *Dallas Morning Star*, the *Saint Louis Post- Dispatch* and the national edition of *The Wall Street Journal* or the national edition of *The New York Times* within ~~ten~~five (~~10~~5) business days of the date of entry of this ~~order~~Order.

Dated: _____, 2007    _____
                                            Christopher S. Sontchi
                                            United States Bankruptcy Judge

9

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------------- x
In re:                                                                 :    Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                  :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                        :
                                                                       :    Jointly Administered
          Debtors.                                                     :
---------------------------------------------------------------------- x

**NOTICE OF BAR DATES FOR FILING OF PROOFS OF CLAIM**

**TO ALL CREDITORS AND EQUITY INTEREST HOLDERS:**

          On October __, 2007, the United States Bankruptcy Court for the District of Delaware (the "Court")
entered an order (the "Bar Date Order") establishing certain bar dates in the chapter 11 cases of the above-captioned
debtors and debtors in possession (the "Debtors").[1]  By the Bar Date Order,
the Court established ~~December 28, 2007~~January 11, 2008 at 4:00 p.m. (Eastern Time), as the general claims bar date
(the "General Bar Date").  Except as described below, the Bar Date Order requires all Entities, other than Governmental
Units, that have or assert any prepetition Claims against the Debtors to file proofs of claim with EPIQ Bankruptcy
Solutions, LLC ("EPIQ"), the claims noticing and balloting agent in these cases, so that their proofs of claim are received by
EPIQ **on or before 4:00 p.m., Eastern Time, on** ~~December 28, 2007~~**January 11, 2008.**  Please note that the terms
"Entity," "Governmental Unit" and "Claim" are defined below.

          For your convenience, enclosed with this Notice is a proof of claim form, which identifies the amount,
nature and classification of your Claim(s), if any, listed in the Debtors' schedules of assets and liabilities and statements of
financial affairs filed in these cases (collectively, the "Schedules").  **Copies of the Bar Date Notice Package and,
separately, the proof of claim form are also available free of charge to you on EPIQ's dedicated web page related to
these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").**

**KEY DEFINITIONS**

          As used in this Notice, the term "Entity" has the meaning given to it in section 101(15) of the Bankruptcy
Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and includes all persons (individuals, partnerships and
corporations), estates, trusts, Governmental Units and the United States Trustee.

          As used in this Notice, the term "Governmental Unit" has the meaning given to it in section 101(27) of the
Bankruptcy Code and includes the United States; states; commonwealths; districts; territories; municipalities; foreign states;
or departments, agencies or instrumentalities of the foregoing.

          As used in this Notice, the term "Claim" shall mean, as to or against the Debtors and in accordance with
section 101(5) of the Bankruptcy Code:  (a) any right to payment, whether or not such right is reduced to judgment,
liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or
unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment,
whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed,
undisputed, secured or unsecured.

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings
     (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage
     Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM
     Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558);
     American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement
     Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation
     (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose
     address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

## WHO MUST FILE A PROOF OF CLAIM AND THE APPLICABLE BAR DATES

### *The Bar Dates*

The Bar Date Order establishes the following bar dates for filing proofs of claim in these cases (collectively, the "Bar Dates"):

(a) The General Bar Date. Pursuant to the Bar Date Order, all Entities holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on August 6, 2007, are required to file proofs of claim **on or before 4:00 p.m., Eastern Time, on** December 28, 2007, **January 11, 2008.**

(b) The Government Bar Date. In accordance with section 502(b)(9) of the Bankruptcy Code, all Governmental Units holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on August 6, 2007, are required to file proofs of claim by February 4, 2008 at **on or before** 4:00 p.m. (**,** Eastern Time)**, on February 4, 2008**[2] (the "Government Bar Date"), including Governmental Units with Claims against the Debtors for unpaid taxes, whether such Claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors was a party.

(c) The Rejection Bar Date. Any Entity whose Claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a chapter 11 plan in the Debtors' chapter 11 cases, must file a proof of claim on or before the later of: (i) the General Bar Date or (ii) thirty (30) days after entry of an order approving the rejection of an executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damages Claim is a party. The later of these dates is referred to in this Notice as the "Rejection Bar Date."

### *Entities That Must File Proofs of Claims by the General Bar Date or the Government Bar Date*

Subject to the terms described above for holders of Claims subject to the Rejection Bar Date, the following Entities must file proofs of claim on or before the General Bar Date or, with respect to Claims of Governmental Units, on or before the Government Bar Date:

(a) any entity whose prepetition claim against the Debtors is not listed in the Schedules or whose prepetition claim is listed as disputed, contingent or unliquidated and that desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases; and

(b) any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

### *Entities Not Required to File Proofs of Claim by the General Bar Date or the Government Bar Date*

The Bar Date Order further provides that the following Entities need not file proofs of claim by the General Bar Date:

(a) any entity that has already properly filed a Proof of Claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

(b) any entity (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules;

---

[2] Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide." In the instant case, 180 days after the Petition Date is February 2, 2008. Pursuant to Bankruptcy Rule 9006(a), as February 2, 2008 is a Saturday, the Government Bar Date is Monday, February 4, 2008.

(c)     professionals retained by the Debtors or the Committee pursuant to orders of this Court, including EPIQ, who assert administrative claims for payment of fees and expenses subject to the Court's approval pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

(d)     any entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code;

(e)     current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

(f)     any Debtor asserting a claim against another Debtor;

(g)     any direct or indirect non-debtor subsidiary of a Debtor asserting a claim against a Debtor;

(h)     any entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the applicable Bar Date; or

(i)     any person or entity whose claim has been paid by the Debtors.

### _No Requirement to File Proofs of Interest_

Any Entity holding an interest in the Debtors (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a general or limited partner interest in a limited partnership, a membership interest in a limited liability company or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to in this Notice as an "Interest"), need not file a proof of interest on or before the General Bar Date; _provided, however,_ that Interest Holders who wish to assert Claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including Claims arising out of or relating to the sale, issuance or distribution of such Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in the Bar Date Order applies.

### _Filing Proofs of Claim Against Multiple Debtors; Requirement to Identify Debtor_

Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before th̶e̶the applicable Bar Date. In addition, any Entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

### CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Entity that is required to file a proof of claim, but fails to do so by the applicable Bar Date described in this Notice, shall b̶e̶ ̶f̶o̶r̶e̶v̶e̶r̶ ̶b̶a̶r̶r̶e̶d̶,̶ ̶e̶s̶t̶o̶p̶p̶e̶d̶ ̶a̶n̶d̶ ̶e̶n̶j̶o̶i̶n̶e̶d̶ ̶f̶r̶o̶m̶ ̶t̶h̶e̶ ̶f̶o̶l̶l̶o̶w̶i̶n̶g̶:̶

(̶a̶)̶     a̶s̶s̶e̶r̶t̶i̶n̶g̶ ̶a̶n̶y̶ ̶C̶l̶a̶i̶m̶ ̶a̶g̶a̶i̶n̶s̶t̶ ̶t̶h̶e̶ ̶D̶e̶b̶t̶o̶r̶s̶ ̶t̶h̶a̶t̶ ̶t̶h̶e̶ ̶E̶n̶t̶i̶t̶y̶ ̶h̶a̶s̶ ̶t̶h̶a̶t̶ ̶(̶i̶)̶ ̶i̶s̶ ̶i̶n̶ ̶a̶n̶ ̶a̶m̶o̶u̶n̶t̶ ̶t̶h̶a̶t̶ ̶e̶x̶c̶e̶e̶d̶s̶ ̶t̶h̶e̶ ̶a̶m̶o̶u̶n̶t̶,̶ ̶i̶f̶ ̶a̶n̶y̶,̶ ̶t̶h̶a̶t̶ ̶i̶s̶ ̶i̶d̶e̶n̶t̶i̶f̶i̶e̶d̶ ̶i̶n̶ ̶t̶h̶e̶ ̶S̶c̶h̶e̶d̶u̶l̶e̶s̶ ̶o̶n̶ ̶b̶e̶h̶a̶l̶f̶ ̶o̶f̶ ̶s̶u̶c̶h̶ ̶E̶n̶t̶i̶t̶y̶ ̶a̶s̶ ̶u̶n̶d̶i̶s̶p̶u̶t̶e̶d̶,̶ ̶n̶o̶n̶c̶o̶n̶t̶i̶n̶g̶e̶n̶t̶ ̶a̶n̶d̶ ̶l̶i̶q̶u̶i̶d̶a̶t̶e̶d̶ ̶o̶r̶ ̶(̶i̶i̶)̶ ̶i̶s̶ ̶o̶f̶ ̶a̶ ̶d̶i̶f̶f̶e̶r̶e̶n̶t̶ ̶n̶a̶t̶u̶r̶e̶ ̶o̶r̶ ̶a̶ ̶d̶i̶f̶f̶e̶r̶e̶n̶t̶ ̶c̶l̶a̶s̶s̶i̶f̶i̶c̶a̶t̶i̶o̶n̶ ̶t̶h̶a̶n̶ ̶a̶n̶y̶ ̶C̶l̶a̶i̶m̶ ̶i̶d̶e̶n̶t̶i̶f̶i̶e̶d̶ ̶i̶n̶ ̶t̶h̶e̶ ̶S̶c̶h̶e̶d̶u̶l̶e̶s̶ ̶o̶n̶ ̶b̶e̶h̶a̶l̶f̶ ̶o̶f̶ ̶s̶u̶c̶h̶ ̶E̶n̶t̶i̶t̶y̶ ̶(̶a̶n̶y̶ ̶s̶u̶c̶h̶ ̶C̶l̶a̶i̶m̶ ̶b̶e̶i̶n̶g̶ ̶r̶e̶f̶e̶r̶r̶e̶d̶ ̶t̶o̶ ̶i̶n̶ ̶t̶h̶i̶s̶ ̶N̶o̶t̶i̶c̶e̶ ̶a̶s̶ ̶"̶U̶n̶s̶c̶h̶e̶d̶u̶l̶e̶d̶ ̶C̶l̶a̶i̶m̶"̶)̶;̶ ̶a̶n̶d̶

(̶b̶)̶ not treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of a̶n̶ ̶U̶n̶s̶c̶h̶e̶d̶u̶l̶e̶d̶ ̶C̶l̶a̶i̶m̶.̶that claim.

**If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the applicable Bar Date. Any Entity that relies on the information in the Schedules bears responsibility for determining that its Claim is accurately listed therein.**

R̶E̶S̶E̶R̶V̶A̶T̶I̶O̶N̶ ̶O̶F̶ ̶R̶I̶G̶H̶T̶S̶The Debtors reserve the right to (a) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (b) subsequently designate any Claim as disputed, contingent or unliquidated.  Nothing contained in this Notice shall

3

~~preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.~~ **Moreover, Entities should verify the accuracy of the amount listed, if any, on the individualized proof of claim forms such Entities receive in the Bar Date Notice Package with the amount listed on the Schedules. Any Entity that relies on the amount listed on its individualized proof of claim form bears responsibility for determining that its Claim is accurately listed therein.**

## PROCEDURE FOR FILING PROOFS OF CLAIM

Original proofs of claim must be sent by mail to American Home Mortgage Claims Processing, P.O. Box 5076, FDR Station, New York, NY 10150-5076 or by overnight courier or hand delivery to EPIQ Bankruptcy Solutions, LLC, Attn: American Home Mortgage Claims Processing, 757 Third Avenue, 3rd Floor, New York, NY 10017, so as to be received **no later than 4:00 p.m., Eastern Time**, on the applicable Bar Date. *Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.* Proofs of claim will be deemed filed only when actually received by EPIQ. If you wish to receive acknowledgement of EPIQ's receipt of your proof of claim, you must also submit by the applicable Bar Date and concurrently with submitting your original proof of claim, (a) a copy of your original proof of claim and (b) a self-addressed, stamped return envelope.

Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected. However, upon the advance express written consent of the Debtors, a claimant's proof of claim may be filed without the documents required by Bankruptcy Rules 3001(c) and 3001(d); provided, however, that any claimant that receives such a written consent will be required to transmit these documents in support of its Claim to EPIQ, the Debtors or other parties in interest within ten (10) days after the date of a written request for such documents.

## ADDITIONAL INFORMATION

You may be listed as the holder of a claim against the Debtors in the Schedules. If you hold or assert a claim that is not listed in the Schedules or if you disagree with the amount or priority of your claim as listed in the Schedules, or your claim is listed in the Schedules as contingent, unliquidated, or disputed, you **must** file a proof of claim. Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801. In addition, copies of the Debtors' Schedules and Bar Date Order may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website. **Copies of the Schedules and the Bar Date Order are also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").**

Questions concerning the contents of this Notice and requests for proofs of claim should be directed to EPIQ at (866) 493-7277 between the hours of 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday. Please note that EPIQ's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

Dated: October _____, 2007
    Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Counsel to the Debtors and Debtors in Possession

**EXHIBIT C**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------------------- x
In re:                                                          :   Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                          :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                 :
                                                                :   Jointly Administered
            Debtors.                                            :
--------------------------------------------------------------- x
```

## ~~NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM~~

**TO ALL CREDITORS:**

On October __, 2007, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bar Date Order") establishing certain claims bar dates in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[1]

By the Bar Date Order, the Court established ~~December 28, 2007~~January 11, 2008 at 4:00 p.m. (Eastern Time), as the general claims bar date (the "General Bar Date"). Except as described below, the Bar Date Order requires all Entities, other than Governmental Units, that have or assert any prepetition Claims against the Debtors to file proofs of claim with EPIQ Bankruptcy Solutions, LLC ("EPIQ") so that their proofs of claim are received by EPIQ **on or before** ~~December 28, 2007 at 4:00 p.m.~~, on January 11, 2008. As used in this Notice, the term "Claim" shall mean, as to or against any of the Debtors and in accordance with section 101(5), U.S. Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

The Bar Date Order establishes the following bar dates for filing proofs of claim in these cases (collectively, the "Bar Dates"):

The General Bar Date. Pursuant to the Bar Date Order, all Entities holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on August 6, 2007, are required to file proofs of claim by **on or before** ~~December 28, 2007 at~~4:00 p.m. (Eastern Time). on January 11, 2008.

The Government Bar Date. In accordance with Section 502(b)(9) of title 11 of the United States Code (the "Bankruptcy Code"), all Governmental Units holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on August 6, 2007, are required to file proofs of claim ~~by February 4, 2008 at~~on or before 4:00 p.m. (Eastern Time). on February 4, 2008 (the "Government Bar Date"), including Governmental Units with Claims against a Debtor for unpaid taxes, whether such Claims arise from prepetition tax years or periods or prepetition transactions to which a Debtor was a party.

The Rejection Bar Date. Any Entity whose Claim arises out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a chapter 11 plan in the Debtors' chapter 11 cases, must file a proof of claim on or before the later of: (i) the General Bar Date or (ii) thirty (30) days after entry of an order approving the rejection of an executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damages Claim is a party. The later of these dates is referred to in this Notice as the "Rejection Bar Date."

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

*Entities That Must File Proofs of Claims by the General Bar Date or the Government Bar Date*:  Subject to terms described above for holders of Claims subject to the Rejection Bar Date, the following Entities must file proofs of claim on or before the General Bar Date or, with respect to Claims of Governmental Units, on or before the Government Bar Date: (a) any entity whose prepetition claim against the Debtors is not listed in the Debtors' schedules of assets and liabilities (the "Schedules") or whose prepetition claim is listed as disputed, contingent or unliquidated and that desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases; and (b) any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

*Entities Not Required to File Proofs of Claim by the General Bar Date or the Government Bar Date*: The Bar Date Order further provides that the following Entities need not file proofs of claim by the General Bar Date: (a) any entity that has already properly filed a Proof of Claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware; (b) any entity (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules; (c) professionals retained by the Debtors or the Committee pursuant to orders of this Court, including EPIQ, who assert administrative claims for payment of fees and expenses subject to the Court's approval pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code; (d) any entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code; (e) current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors; (f) any Debtor asserting a claim against another Debtor; (g) any direct or indirect non-debtor subsidiary of a Debtor asserting a claim against a Debtor; (h) any entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the applicable Bar Date; or (i) any person or entity whose claim has been paid by the Debtors.

*No Requirement to File Proofs of Interest*:  Any Entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a general or limited partner interest in a limited partnership, a membership interest in a limited liability company or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to in this Notice as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert Claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including Claims arising out of or relating to the sale, issuance or distribution of such Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in the Bar Date Order applies.

*Filing Proofs of Claim Against Multiple Debtors; Requirement to Identify Debtor*:  Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the applicable Bar Date.  In addition, any Entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

*Consequences of Failure to File Proof of Claim*:  Any Entity that is required to file a proof of claim, but fails to do so by the applicable Bar Date described in this Notice, shall not be treated as a creditor with respect to such Claim for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases. **If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the applicable Bar Date.  Any Entity that relies on the information in the Schedules bears responsibility for determining that its Claim is accurately listed therein.** ~~Reservation of Rights:  The Debtors reserve the right to (a) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; and (b) subsequently designate any Claim as disputed, contingent or unliquidated.  Nothing contained in this Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.~~ **Moreover, Entities should verify the accuracy of the amount listed, if any, on the individualized proof of claim forms Entities receive in the Bar Date Notice Package with the amount listed on the Schedules.  Any Entity that relies on the amount listed on its individualized proof of claim form bears responsibility for determining that its Claim is accurately listed therein.**

*Procedure for Filing Proof of Claim*:  Original proofs of claim must be sent by mail to American Home Mortgage Claims Processing, P.O. Box 5076, FDR Station, New York, NY  10150-5076 or by overnight courier or hand

delivery to EPIQ Bankruptcy Solutions, LLC, Attn: American Home Mortgage Claims Processing, 757 Third Avenue, 3rd Floor, New York, NY 10017, so as to be received **no later than 4:00 p.m., Eastern Time,** on the applicable Bar Date. *Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.* Proofs of claim will be deemed filed only when actually received by EPIQ. If you wish to receive acknowledgement of EPIQ's receipt of your proof of claim, you must also submit by the applicable Bar Date and concurrently with submitting your original proof of claim (a) a copy of your original proof of claim and (b) a self-addressed, stamped return envelope. Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected. However, upon the advance express written consent of the Debtors, a claimant's proof of claim may be filed without the documents required by Bankruptcy Rules 3001(c) and 3001(d); provided, however, that any claimant that receives such a written consent will be required to transmit these documents in support of its Claim to EPIQ, the Debtors or other parties in interest within ten (10) days after the date of a written request for such documents.

*Additional Information:* You may be listed as the holder of a claim against the Debtors in the Schedules. If you hold or assert a claim that is not listed in the Schedules or if you disagree with the amount or priority of your claim as listed in the Schedules, or your claim is listed in the Schedules as contingent, unliquidated, or disputed, **you must** file a proof of claim. Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801. In addition, copies of the Debtors' Schedules and Bar Date Order may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website. **Copies of the proof of claim form, the Schedules and the Bar Date Order are also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").** Questions concerning the contents of this Notice and requests for proofs of claim should be directed to EPIQ at (866) 493-7277 between the hours of 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday. Please note that EPIQ's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

Dated: October ____, 2007
    Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Counsel to the Debtors and Debtors in Possession

Document comparison done by Workshare DeltaView on Friday, October 26, 2007 4:57:30 PM

| Input: | |
|---|---|
| Document 1 | interwovenSite://WSDMS/DB02/6274465/2 |
| Document 2 | interwovenSite://WSDMS/DB02/6274465/4 |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | Count |
|---|---|
| Insertions | 52 |
| Deletions | 49 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 101 |