UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation *et al.,* [1] |  |
| Debtors. | Case Number 07-11047 (CSS) (Jointly Administered) |

Hearing Date: October 31, 2007 at 10:00 A.M.

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE APPLICATION FOR AN ORDER AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY AND RETAIN ALLEN & OVERY, LLP AS SPECIAL REGULATORY, SECURITIES AND CLASS ACTION LITIGATION COUNSEL PURSUANT TO SECTION 327 OF THE BANKRUPTCY CODE, <u>NUNC PRO TUNC TO SEPTEMBER 7, 2007</u> <u>(DOCKET ENTRY # 1320)</u>**

In support of her objection to the application for an order authorizing the Debtors and Debtors in possession to employ and retain Allen & Overy, LLP as special regulatory, securities and class action litigation counsel pursuant to section 327 of the Bankruptcy Code, <u>nunc pro tunc</u> to September 7, 2007 (the "Application"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: AHM Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

**INTRODUCTION**

1.	Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Application and this objection.

2.	Under 28 U.S.C. § 586(a)(3)(I), the UST is charged with monitoring applications filed under 11 U.S.C. § 327 "and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications." This duty is part of the U.S. Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts.  See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.	Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Application and the issues raised in this objection.

**GROUNDS/BASES FOR RELIEF**

4.	The U.S. Trustee objects to the Application on the following grounds:

(a.)	In paragraph 9 of the Chepiga affidavit submitted in support of the Application, Allen & Overy discloses that it currently represents Citibank and certain of its affiliates in matters unrelated to the Debtors.  Given that Citicorp served as underwriter in connection with the May 2007 public offering that is the subject of one or more of the securities class action lawsuits filed against the Debtors to date, the U.S. Trustee needs to receive additional information regarding Allen & Overy's representation of Citibank and its affiliates (collectively, "Citibank") before making a

judgment about its ability to meet the requirement for employment under 11 U.S.C. § 327(e). Specifically, the U.S. Trustee would like to see the Chepiga affidavit supplemented to provide additional information regarding the following topics (without prejudice to the U.S. Trustee's rights to request additional information):  (i) the nature of Allen & Overy's representation of Citibank, (ii) the percentage of the firm's gross revenues which are derived from representing Citibank, and (iii) whether Citibank has placed any restrictions on Allen & Overy's ability to take positions adverse to it.  The U.S. Trustee reserves the right to supplement this objection at or before the hearing based upon the information (if any) she receives from Allen & Overy in this regard.

(b.)    In footnote 3 to paragraph 19 of the Application, the Debtors indicate that Allen & Overy intends to continue its representation of the Debtors' directors and officers in addition to its proposed representation of the Debtors in connection with securities class action matters.  As stated in the U.S. Trustee's objection to the Debtors' application to employ Cadwalader Wickersham & Taft LLP, this proposal is problematic.  See In re F & C Int'l, Inc., 159 B.R. 220, 222 (Bankr. S.D. Ohio 1993) (court refused to permit special counsel to represent both the debtor and the debtors' outside directors in matters concerning alleged fraud and mismanagement – "[I]n cases alleging fraud and mismanagement, the passage of time sometimes creates shifts in allegiances and differences in people's perceptions of fault, and thus, what is unity today may be discord tomorrow.").

(c.)    With regard to the "General Terms" appended to the engagement letter (see Exhibit B to the Application), paragraph 7.1 (titled "Conflicts/Relationships with Other Clients") indicates that the Debtors – going forward – are waiving any objections to the firm's representation of adverse parties unless the New York Code of Professional Responsibility requires the Debtors' written

permission to consent to the representation. In the event the firm's employment was permitted by this Court, the Debtors and Allen & Overy need to make three acknowledgments: first, 11 U.S.C. § 327(e) provides the applicable criteria for evaluating Allen & Overy's ability to be employed by the Debtors; second, notwithstanding anything to the contrary in paragraph 7.1 of the "General Terms," the Debtors are not waiving any potential conflicts of interest that Allen & Overy has not disclosed in the Chepiga Affidavit; and third, at a minimum, it is unclear whether the New York Code of Professional Conduct governs Allen & Overy's conduct before this Court. See In re Meridian Automotive Sys. – Composite Operations, Inc., 340 B.R. 740, 744 (concluding that Model Rules of Professional Conduct applied by incorporation of District Court local rule via this Court's Local Rules; this Court's Rules have since been amended to delete reference to District Court local rules). With regard to paragraph 2.1 of the "General Terms") (titled "Liability"), the paragraph should be struck from the "General Terms," as no "applicable laws or regulation" of this Court would permit a firm employed under 11 U.S.C. § 327(e) to limit its liability in connection with the engagement. See In re United Cos. Fin. Corp., 241 B.R. 521 (Bankr.D.Del. 1999); In re Dailey Int'l, No. 99-1233 (Bankr. D. Del. July 1, 1999).

**[Conclusion on next page – space intentionally left blank]**

**CONCLUSION**

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Application.

        Respectfully submitted,

        **KELLY BEAUDIN STAPLETON**
        **UNITED STATES TRUSTEE**


**BY:**  /s/ Joseph J. McMahon, Jr.
        Joseph J. McMahon, Jr., Esquire (# 4819)
        Trial Attorney
        United States Department of Justice
        Office of the United States Trustee
        J. Caleb Boggs Federal Building
        844 King Street, Room 2207, Lockbox 35
        Wilmington, DE  19801
        (302) 573-6491
        (302) 573-6497 (Fax)

Date:  October 29, 2007