UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation *et al.,* [1] | : | |
| | : | Case Number 07-11047 (CSS) |
| Debtors. | | (Jointly Administered) |
| | : | |

Hearing Date: October 31, 2007 at 10:00 A.M.

**RESPONSE OF THE UNITED STATES TRUSTEE TO THE MOTIONS FOR DISCLOSURE UNDER 11 U.S.C. § 363, § 1106, AND BANKRUPTCY RULE 2004, DIRECTING EXAMINATION OF, AND PRODUCTION OF DOCUMENTS BY DEBTORS AND COMPLAINT FOR INJUNCTION AND PROTECTION OF TAX ESCROW ACCOUNTS AND REQUEST FOR APPOINTMENT OF CONSUMER PRIVACY OMBUDSMAN PURSUANT TO U.S.C. § 332 AND TRUSTEE OR EXAMINER PURSUANT TO U.S.C. § 1104 (DOCKET ENTRY #s 1489, 1490, and 1491)**

In support of her response to the motions for disclosure under 11 U.S.C. § 363, § 1106, and Bankruptcy Rule 2004, directing examination of, and production of documents by debtors and complaint for injunction and protection of tax escrow accounts and request for appointment of consumer privacy ombudsman pursuant to U.S.C. § 332 and trustee or examiner pursuant to § 1104 (the "Motions"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: AHM Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

and through her counsel, submits:

## INTRODUCTION

1.       Under (i) an applicable order of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (ii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Motions.

2.       Under 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system.  See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the United States trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States trustee as a "watchdog").

3.       Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motions and the issues raised in this response.

## RESPONSE

4.       The parties who filed the Motions suggest that the Debtors may have engaged in a series of improprieties in operating their loan origination business prior to their bankruptcy filings. Specifically, the following potential issues have been raised: (1) inadequate Truth-in-Lending Act disclosures regarding pay option adjustable rate mortgage loans; (2) abuses involving the payment of yield spread premiums to brokers; and (3) faulty fraud detection controls.

5.       Under 11 U.S.C. § 1104(c)(2), if the Court concludes that "cause" does not exist for the appointment of a chapter 11 trustee, this Court must direct the appointment of an examiner

> to conduct such an investigation of [American Home] as is appropriate, including an investigation of any allegations of fraud,

dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of [American Home] of or by current or former management of [American Home], if –

\* \* \*

(2) [American Home's] fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.

6. Under the Junior Subordinated Indenture dated as of May 13, 2005 by and between AHM Investment and JPMorgan Chase Bank, National Association, as trustee, AHM Investment is liable on $51.55 million in notes. Because these debts clearly exceed the $5 million threshold of section 1104(c)(2) of the Bankruptcy Code, the appointment of an examiner under that section to investigate the affairs of the Debtors is mandatory. See In re Revco D.S. Inc., 898 F.2d 498 (6th Cir.1990); In re Loral Space & Communications Ltd., No. 04 Civ. 8645RPP, 2004 WL 2979785 at \*4, 5 (S.D.N.Y. Dec. 23, 2004) (reversing Bankruptcy Court's decision denying appointment of examiner where $5 million debt threshold under section 1104(c)(2) was met and parties seeking appointment had standing to do so); In re UAL Corp., 307 B.R. 80, 83-86 (Bankr. N.D. Ill. 2004) ("best reading of the statute" is that appointment of an examiner is mandatory if the requirements of section 1104(c)(2) are satisfied); In re Mechem Fin. of Ohio, Inc., 92 B.R. 760 (Bankr. N.D. Ohio 1988); In re The Bible Speaks, 74 B.R. 511, 514 (Bankr. D. Mass.1987); In re 1243 20th Street, Inc., 6 B.R. 683 (Bankr. D.D.C.1980); In re Lenihan, 4 B.R. 209 (Bankr. D.R.I.1980).

7. The U.S. Trustee is prepared to appoint an examiner if the Court directs her to make the appointment. The U.S. Trustee believes that the issues identified in paragraph 4 of this Response outline an appropriate scope of examination.

       Respectfully submitted,

       **KELLY BEAUDIN STAPLETON**
       **UNITED STATES TRUSTEE**


**BY:** /s/ Joseph J. McMahon, Jr.
       Joseph J. McMahon, Jr., Esquire (# 4819)
       Trial Attorney
       United States Department of Justice
       Office of the United States Trustee
       J. Caleb Boggs Federal Building
       844 King Street, Room 2207, Lockbox 35
       Wilmington, DE  19801
       (302) 573-6491
       (302) 573-6497 (Fax)

Date:  October 29, 2007