## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE | : Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] : | |
| | : Jointly Administered |
| Debtors. | : |
| | : **Ref. Docket Nos.: 1553** |
| | : |

------------------------------------------------------------- x

## CERTIFICATION OF COUNSEL REGARDING ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE: (A) APPROVING THE MORTGAGE SERVICING PURCHASE AGREEMENT; AND (B) AUTHORIZING THE DEBTORS TO SELL CERTAIN PROPERTY FREE AND CLEAR OF LIENS, INTERESTS, AND ENCUMBRANCES, AND (C) GRANTING RELATED RELIEF

On October 15, 2007, the above-captioned debtors and debtors-in-possession

(collectively, "AHM" or the "Debtors"), in the above-captioned jointly administered cases by

and through their undersigned attorneys, filed the Debtors' Motion for an Order Pursuant to

Sections 105 and 363 of the Bankruptcy Code: (A) Approving the Mortgage Servicing Purchase

Agreement; and (B) Authorizing the Debtors to Sell Certain Property Free and Clear of Liens,

Interests, and Encumbrances, and (C) Granting Related Relief (the "Motion") [D.I. 1553] by

which the Debtors sought to sell certain servicing rights to MidFirst Bank ("MidFirst").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

066585.1001

On October 19, 2007, the Official Committee of Unsecured Creditors (the "Committee") filed a limited objection to the Motion (the "Committee Objection") [D.I. 1621]. On October 19, 2007, Bank of America, N.A. as Administrative Agent (the "BofA") also filed a limited objection to the Motion (the "BofA Objection" [D.I. 1627] together with the Committee Objection, the "Objections"). On October 22, 2007, Mortgage Electronics Registration Systems, Inc. ("MERS") file an objection to the Motion (the "MERS Objection") [D.I. 1629][2·] A hearing on the matter was held on October 25, 2007 (the "Hearing").

As a result of continued discussions between the Debtors, BofA, the Committee and MidFirst Bank ( collectively, the "Parties") in an attempt to resolve the matter, a consensual resolution with respect to the issues raised in the Objections was reached, subject to agreed upon revised language in the proposed form of order and the Purchase Agreement.[3] As approved by the Court at the Hearing, the Parties agreed to submit to the Court a revised form of order and Purchase Agreement under certification of counsel upon reaching an agreement on the revised language. Since the Hearing, the Parties have been working diligently to finalize the Purchase Agreement and Order (as defined below). The anticipated modifications were described to the Court at the Hearing; however, the Debtors believe that it is important to highlight certain changes herein. In particular, the Debtors represented that a custodial reconciliation amount of $400,000.00 would be added to the Purchase Agreement, which concept has been added with a new defined term of "Reconciliation Threshold" and inserted, as appropriate, in sections, 3.2.2, 3.2.3, 3.2.4 and 9.4. Midfirst intends to conduct a preliminary audit and reconciliation (the "Initial Reconciliation") this week and prior to closing with respect to the custodial accounts. In the event the Initial Reconciliation results in a determination that the Reconciliation Threshold is

---

[2] As stated on the record by counsel to MERS, the MERS Objection was withdrawn.
[3] All capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

insufficient, the Debtors shall have the option (with the consent of the Administrative Agent and in consultation with the Committee) to increase the Reconciliation Threshold by the amount of any shortfall. See Purchase Agreement, Section 9.4. If the Debtors elect not to fund the shortfall by increasing the Reconciliation Threshold by an amount not to exceed $800,000.00, then Midfirst may elect to waive the obligation or terminate the Purchase Agreement. Id.

Attached hereto as Exhibit A is a revised order (the "Order"), and the accompanying Purchase Agreement attached to the Order which embodies the agreement reached by the Parties. For the Court's convenience, a blackline of the Order and the Purchase Agreement is attached hereto as Exhibit B.4 The Parties have consented to the Order and Purchase Agreement attached hereto as Exhibit A.

WHEREFORE, the Debtors respectfully requests that the Court enter the order attached hereto as Exhibit A, without further notice or hearing at the Court's earliest convenience

Dated: Wilmington, Delaware
        October 26, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_James L. Patton, Jr. (No. 2202)_
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

---

4 The blacklined Order and Purchase Agreement reflect all changes from the filed versions.

DB02:6329114.1                                                                    066585.1001

**Exhibit A**

**Proposed Order**

 066585.1001

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
In re:                                                  :   Chapter 11
                                                        :
AMERICAN HOME MORTGAGE                                  :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]      :
                                                        :   Jointly Administered
Debtors.                                                :
                                                        :   **Ref. Docket No.:  1553**
                                                        :
------------------------------------------------------- x

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY
CODE: (A) APPROVING THE MORTGAGE SERVICING PURCHASE
AGREEMENT; AND (B) AUTHORIZING THE DEBTORS TO SELL CERTAIN
PROPERTY FREE AND CLEAR OF LIENS, INTERESTS, AND
ENCUMBRANCES, AND (C) GRANTING RELATED RELIEF**

Upon the *Motion for an Order Pursuant to Sections 105 and 363 of the*

*Bankruptcy Code: (A) Approving the Mortgage Servicing Purchase Agreement; and*

*(B) Authorizing the Debtors to Sell Certain Property Free and Clear of Liens, Interests, and*

*Encumbrances, and (C) Granting Related Relief* (the "Motion"), filed by the above-captioned

debtors-in-possession (the "Debtors"), and the Debtors and the Buyer[2] having agreed to enter

into the Purchase Agreement, as modified, a copy of which is hereto annexed as Exhibit A; and

due and sufficient notice having been given to all parties-in-interest; and any objections to the

relief requested in the Motion having been withdrawn or resolved and to the extent not

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp.
("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM
Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a
Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558);
American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.
("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,
Texas 75063.
[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

withdrawn or resolved, are hereby overruled; and it appearing that entry into the Purchase Agreement and sale of the Property to the Buyer, are in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and sufficient cause appearing therefore,

IT IS HEREBY FOUND AND DETERMINED that:

A.    It is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties-in-interest to grant the relief requested in the Motion and this Order and authorize the Debtors to enter into the Purchase Agreement;

B.    The Debtors are authorized to sell the Property free and clear of all interests of any kind or nature whatsoever, except as set forth in the Motion, because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) have been satisfied.  Those holders of interests who did not object to the Motion or the relief requested therein, or who interposed and then withdrew their objections, are deemed to have consented to the sale pursuant to 11 U.S.C. § 363(f)(2).  Those holders of interests who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any, attach to the proceeds of the sale of the Property.

C.    The Purchase Agreement was negotiated and proposed, and has been entered into by the parties, in good faith, from arms-length bargaining positions, and without collusion.  The Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof.

D.    The Debtors are not selling personally identifiable information to the Buyer.  Additionally, (i) the privacy policy given by Debtors to homeowners does not prohibit the sale contemplated under the Purchase Agreement and (ii) the sale is consistent with the privacy policy given by the Debtors to homeowners.

DB02:6278938.9                                                                                                    066585.1001

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.    The relief requested in the Motion is granted.

2.    The modified Purchase Agreement in the form attached hereto as <u>Exhibit</u> <u>A</u>, each of its terms and conditions, and each of the transactions contemplated therein are approved in their entirety.

3.    Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to execute, deliver, and perform their obligations under and comply with the terms of the Purchase Agreement and consummate the sale of the Property to the Buyer pursuant to and in accordance with the terms and the conditions of the Purchase Agreement and this Order, together with all additional instruments and documents that may be reasonably necessary or desirable to perform under, consummate and implement the transactions contemplated by the Purchase Agreement, and to take all further actions as may be reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer the Property, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement and this Order.

4.    Notwithstanding anything to the contrary in this Order or the Purchase Agreement, to the extent any of the Property consist of an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the Buyer shall remain subject to the same claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as the Buyer would be subject to such claims and defenses of the consumer if such interest had been purchased at a sale not under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the Bankruptcy Code.

- 3 -

066585.1001

5.    Notwithstanding anything set forth to the contrary in the Purchase Agreement, the Buyer understands and agrees that the Debtors are conveying their rights to the Property as is, without warranties or representations of any kind, whether express or implied, except as otherwise set forth in the Purchase Agreement.

6.    The sale of the Property by the Debtors to the Buyer is free and clear of all liens, claims, security interests, pledges or other encumbrances thereon, provided that the liens and security interests of the Administrative Agent in the Property shall attach to the proceeds thereof.

7.    From and after the Sale Date, any funds received by the Debtors or Debtors' agent in connection with servicing the GNMA Portfolio are for the account of and shall be held in trust for the Buyer, and Debtors' lockbox function shall be segregated with respect to the GNMA Portfolio.

8.    Based on the Debtors' representation that the GNMA Portfolio is over-collateralized by no less than $300,000, the Buyer is entitled to any amounts realized from such over-collateralization.

9.    From the date of this Order through November 30, 2007, Buyer shall at Buyer's option, have the right to enter the Debtors' premises during normal business hours for the purpose of performing any audit or reconciliation that Buyer deems necessary with respect to the GNMA Portfolio. Buyer and Debtors shall mutually cooperate in all respects to facilitate and coordinate such audit and reconciliation as time is of the essence.

10.    The Buyer is hereby deemed to be a good faith purchaser of the Property and is entitled to the protections of 11 U.S.C. § 363(m).

- 4 -

11.    The sale of the Property by the Debtors to the Buyer is not subject to the ten (10) day stay provided for in Bankruptcy Rule 6004(h).

12.    The Buyer hereby waives the requirement of section 9.1(C) of the Purchase Agreement that the Sale Order shall have become a Final Order on or before November 1, 2007.

13.    All proceeds of the sale of the Property (including, without limitation, the proceeds and amounts retained or received from all outstanding documented advances) and in excess of the amount to be paid to GNMA pursuant to the Stipulation and this Order, shall be paid to the Administrative Agent in accordance with the terms of the *Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties*, approved by the Court on September 4, 2007 (the "Cash Collateral Order").

14.    All rights of the Debtors under and pursuant to the Purchase Agreement including, without limitation, the Debtors' rights to enforce the provisions of the Purchase Agreement, constitute "Collateral" (as defined in the Cash Collateral Order) of the Administrative Agent.

15.    To the extent there are any inconsistencies between this Order and the Purchase Agreement, the terms of this Order shall govern.

16.    The Buyer is authorized to execute, on behalf of the Debtors, mortgage assignments, note endorsements and satisfactions and releases related to the Loans, and to endorse loss draft checks, payoff checks, payment checks, refund checks and claim checks.

DB02:6278938.9                                                          066585.1001

17.    This Court hereby retains exclusive jurisdiction over the Buyer and the

Debtors to enforce or to resolve any dispute arising from or related to the Purchase Agreement or

this Order.

Dated:  Wilmington, Delaware
           October _____, 2007

_____
Christopher S. Sontchi
United States Bankruptcy Judge