**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x

In re:                                                                          :    Chapter 11
                                                                                      :
AMERICAN HOME MORTGAGE                                  :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]  :
                                                                                      :    Jointly Administered
          Debtors.                                                       :
                                                                                      :    **Ref. Docket No.:  1553**
                                                                                      :
---------------------------------------------------------------- x

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY
CODE: (A) APPROVING THE MORTGAGE SERVICING PURCHASE
AGREEMENT; AND (B) AUTHORIZING THE DEBTORS TO SELL CERTAIN
PROPERTY FREE AND CLEAR OF LIENS, INTERESTS, AND
ENCUMBRANCES, AND (C) GRANTING RELATED RELIEF**

Upon the *Motion for an Order Pursuant to Sections 105 and 363 of the*

*Bankruptcy Code: (A) Approving the Mortgage Servicing Purchase Agreement; and*

*(B) Authorizing the Debtors to Sell Certain Property Free and Clear of Liens, Interests, and*

*Encumbrances, and (C) Granting Related Relief* (the "Motion"), filed by the above-captioned

debtors-in-possession (the "Debtors"), and the Debtors and the Buyer[2] having agreed to enter

into the Purchase Agreement, as modified, a copy of which is hereto annexed as Exhibit A; and

due and sufficient notice having been given to all parties-in-interest; and any objections to the

relief requested in the Motion having been withdrawn or resolved and to the extent not

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp.
("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM
Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a
Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558);
American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.
("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,
Texas 75063.
[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

withdrawn or resolved, are hereby overruled; and it appearing that entry into the Purchase

Agreement and sale of the Property to the Buyer, are in the best interests of the Debtors, their

estates, creditors and other parties-in-interest; and sufficient cause appearing therefore,

      IT IS HEREBY FOUND AND DETERMINED that:

      A.     It is in the best interests of the Debtors, the Debtors' estates, their

creditors, and other parties-in-interest to grant the relief requested in the Motion and this Order

and authorize the Debtors to enter into the Purchase Agreement;

      B.     The Debtors are authorized to sell the Property free and clear of all

interests of any kind or nature whatsoever, except as set forth in the Motion, because one or more

of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) have been satisfied.  Those holders of

interests who did not object to the Motion or the relief requested therein, or who interposed and

then withdrew their objections, are deemed to have consented to the sale pursuant to 11 U.S.C. §

363(f)(2).  Those holders of interests who did object fall within one or more of the other

subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any,

attach to the proceeds of the sale of the Property.

      C.     The Purchase Agreement was negotiated and proposed, and has been

entered into by the parties, in good faith, from arms-length bargaining positions, and without

collusion.  The Buyer is a good faith purchaser within the meaning of section 363(m) of the

Bankruptcy Code and is entitled to the protection thereof.

      D.     The Debtors are not selling personally identifiable information to the

Buyer.  Additionally, (i) the privacy policy given by Debtors to homeowners does not prohibit

the sale contemplated under the Purchase Agreement and (ii) the sale is consistent with the

privacy policy given by the Debtors to homeowners.

                                                  

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The relief requested in the Motion is granted.

2. The modified Purchase Agreement in the form attached hereto as <u>Exhibit A</u>, each of its terms and conditions, and each of the transactions contemplated therein are approved in their entirety.

3. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to execute, deliver, and perform their obligations under and comply with the terms of the Purchase Agreement and consummate the sale of the Property to the Buyer pursuant to and in accordance with the terms and the conditions of the Purchase Agreement and this Order, together with all additional instruments and documents that may be reasonably necessary or desirable to perform under, consummate and implement the transactions contemplated by the Purchase Agreement, and to take all further actions as may be reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer the Property, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement and this Order.

4. Notwithstanding anything to the contrary in this Order or the Purchase Agreement, to the extent any of the Property consist of an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the Buyer shall remain subject to the same claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as the Buyer would be subject to such claims and defenses of the consumer if such interest had been purchased at a sale not under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the Bankruptcy Code.

5.      Notwithstanding anything set forth to the contrary in the Purchase Agreement, the Buyer understands and agrees that the Debtors are conveying their rights to the Property as is, without warranties or representations of any kind, whether express or implied, except as otherwise set forth in the Purchase Agreement.

6.      The sale of the Property by the Debtors to the Buyer is free and clear of all liens, claims, security interests, pledges or other encumbrances thereon, provided that the liens and security interests of the Administrative Agent in the Property shall attach to the proceeds thereof.

7.      From and after the Sale Date, any funds received by the Debtors or Debtors' agent in connection with servicing the GNMA Portfolio are for the account of and shall be held in trust for the Buyer, and Debtors' lockbox function shall be segregated with respect to the GNMA Portfolio.

8.      Based on the Debtors' representation that the GNMA Portfolio is over-collateralized by no less than $300,000, the Buyer is entitled to any amounts realized from such over-collateralization.

9.      From the date of this Order through November 30, 2007, Buyer shall at Buyer's option, have the right to enter the Debtors' premises during normal business hours for the purpose of performing any audit or reconciliation that Buyer deems necessary with respect to the GNMA Portfolio.  Buyer and Debtors shall mutually cooperate in all respects to facilitate and coordinate such audit and reconciliation as time is of the essence.

10.     The Buyer is hereby deemed to be a good faith purchaser of the Property and is entitled to the protections of 11 U.S.C. § 363(m).

- 4 -

11.     The sale of the Property by the Debtors to the Buyer is not subject to the ten (10) day stay provided for in Bankruptcy Rule 6004(h).

12.     The Buyer hereby waives the requirement of section 9.1(C) of the Purchase Agreement that the Sale Order shall have become a Final Order on or before November 1, 2007.

13.     All proceeds of the sale of the Property (including, without limitation, the proceeds and amounts retained or received from all outstanding documented advances) and in excess of the amount to be paid to GNMA pursuant to the Stipulation and this Order, shall be paid to the Administrative Agent in accordance with the terms of the *Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties*, approved by the Court on September 4, 2007 (the "Cash Collateral Order").

14.     All rights of the Debtors under and pursuant to the Purchase Agreement including, without limitation, the Debtors' rights to enforce the provisions of the Purchase Agreement, constitute "Collateral" (as defined in the Cash Collateral Order) of the Administrative Agent.

15.     To the extent there are any inconsistencies between this Order and the Purchase Agreement, the terms of this Order shall govern.

16.     The Buyer is authorized to execute, on behalf of the Debtors, mortgage assignments, note endorsements and satisfactions and releases related to the Loans, and to endorse loss draft checks, payoff checks, payment checks, refund checks and claim checks.

- 5 -

17.     This Court hereby retains exclusive jurisdiction over the Buyer and the

Debtors to enforce or to resolve any dispute arising from or related to the Purchase Agreement or

this Order.

Dated:  Wilmington, Delaware
        October 29 , 2007

Christopher S. Sontchi
United States Bankruptcy Judge