**EXHIBIT "E"**

Exhibit "E"

Issuer's/Seller 's Initials _____
Buyer's Initials _____

The following is a list of items and procedures that the Seller agrees to deliver or perform prior to and after the Transfer Date. If there is a conflict between this Exhibit and the Agreement, the Agreement shall govern. Everything sent to MidFirst Bank (herein called "Buyer") shall be clearly labeled and boxed according to the instructions provided below.

Please forward all items covered in these instructions, unless otherwise requested, via overnight delivery to the attention of **Stormi McDow, Stormi.Mcdow@midfirst.com (405) 426-1116**, at Three Grand Park as defined below:

**MidFirst Bank**
**999 N.W. Grand Boulevard, Suite 100**
**Oklahoma City, OK 73118**

**Following are the items and procedures to be delivered or performed by Seller along with the agreed upon date of completion segregated by each critical area. Seller shall deliver all items or perform such procedures described below in the time and manner herein provided. Unless an actual date is specified in the column titled "Deadline to Transfer", all dates for completion are expressed in the number of Business Days either before or after the Transfer Date.**

| Deadline to Transfer | Data Processing/Computer Conversion |
| --- | --- |

*Unless specifically stated otherwise, all computer tapes and conversion files are to be sent to Buyer on an encrypted CD, FTP transmission, or other method mutually agreed upon.*

| Monthly 1 Day After GNMA Cut-off | 1. Seller shall deliver to Buyer the LSAMS equivalent of the CPI service release computer tapes listed below as of close of business on the GNMA cut-off, **November 1, 2007**. The tapes shall include all information held by Seller with respect to these Loans, including without limitation, any and all accrued and uncollected late charges an ancillary fees. |
| --- | --- |

    a.  EZY. Master Tape
    b.  EZY. Eschdr
    c.  EZY. Sec. Hldr. Name. Hdr
    d.  EZY. Pool.Tape
    e.  EZY.Fees.Tape
    f.  Transactional history data file in format agreed upon by Buyer and Seller.

Seller 's Initials _____
Buyer's Initials _____

g. Loan histories in an PDF file format agreed upon by Buyer and Seller

h. Escrow account analysis in an electronic format agreed upon by Buyer and Seller

i. ACH or "Draft Tape"

j. EZY.Security.Holder Tape

The following reports shall be generated as of the same GNMA cut-off date as the computer tapes described in the paragraph above, and shall be delivered to Buyer concurrently with such computer tapes.

a. Trial Balance by investor subtotaled by pool (soft copy).

b. Report (from Trial Balance) of negative escrow balances or escrow advances.

c. List (from Trial Balance) of all unapplied funds, restricted escrow or suspense funds describing Seller's reasons for holding such funds (i.e., partial payment). All loss draft funds are to be deposited into restricted escrow custodial accounts (soft copy).

d. If applicable, a list of active, suspended, and terminated 235 Loans with the government subsidy amount and last recertification date that have been updated since files were viewed by Buyer during due diligence .

e. Report showing outstanding miscellaneous fees by type as updated since files were viewed by Buyer during due diligence.

f. Report or equivalent spreadsheets, listing the government assistance Loans with overpaid assistance balances (with monthly recovery amounts).

g. Loan level report listing all buydown Loans that displays current buydown balance, buydown amount, and expiration date of buydown. (PCI to provide)

h. Loan level listing of Soldier and Sailors Loans with monthly assistance amount.(PCI to provide)

i. Loan level listing of Farm Loans including monthly assistance payments. (PCI to provide)

j. List of Texas VLB primary Loans tied to secondary Loans. (PCI to provide)
   Include the paid to date and system Loan type of each Loan.

k. If applicable, Seller shall deliver to Buyer a report of all Loans that do not amortize correctly according to original Loan documents. Amortization issues corrected from last schedule shall be clearly explained as to how the correction occurred.

l. Loan level list of late charges accrued and if available. The collected balances. (PCI to provide)

2

Seller 's Initials _____
Buyer's Initials _____

    m.  If applicable, Loan level list of loans negatively amortizing with the original principal balance, current unpaid principal balance, current due date, amount of negative amortization.

n.        Loan level list of all servicing fees and ancillary income.**7 Days After**  2.
        Seller shall deliver to Buyer a copy of the final GNMA reporting tape delivered to ACS-GSG as of the **November 1, 2007** GNMA cut-off.

**Transfer Date**  3.   If applicable, Seller shall deliver to Buyer a copy of the billing to HUD for 235 assistance due in the month of the Transfer Date.  This information shall be presented on a computer tape or electronic spreadsheet (Excel Document), and forwarded to the attention of **Deborah Scarberry** at 3 Grand Operation Center.

**10 Days After**  4.   Seller shall deliver to Buyer the tape containing security holder information, which is updated after the security holder checks have been produced for the GNMA remittance immediately following the Transfer Date:

    a.  EZY.Security.Tape
    b.  EZY.Pool.Tape
    c.  EZY.Sec.Hldr.Name.Hdr

**10 Days After**  5.  Seller shall deliver to Buyer an electronic report of the Certificate Status Report. The Certificate Status Report is a list of certificate holders by pool that contains the pool number, certificate number, certificate holder name, beginning certificate balance, current certificate balance, rate for the pool and issue date.

Seller 's Initials _____
Buyer's Initials _____

| **Deadline to Transfer** | **Foreclosure/Bankruptcy/Collections** |
|---|---|

**3 Days Prior**    6.    Seller shall Prepare all documents and forward to the appropriate foreclosure attorney in sufficient time such that the first legal deadline is met for all Loans which have a 1st legal deadline of **November 1, 2007** or prior

**Transfer Date**    7.    Refer for foreclosure for all Loans that have a first legal deadline of **January 1, 2008** or earlier.

**Transfer Date**    8.    Complete all necessary servicing to ensure that no delays are incurred or deadlines are not met, which include the following:

     a.   Submit judgment figures to attorneys or trustees, if requested.
     b.   Complete and return required affidavits for attorneys or trustees, if requested.
     c.   Complete and submit VA Form 567 to VA, if required.
     d.   Order VA appraisals, if required.
     e.   Complete and return any documents received by the Seller prior to the Transfer Date.
     f.   Complete (or initiate property preservation work if the work cannot be completed by the Transfer Date) any property preservation work identified prior to the Transfer Date to ensure that the mortgaged property is maintained in accordance with Insurer Requirements. Notify Five Brothers of the transfer of these Loans to Buyer and provide Buyer with a list of open orders outstanding with Five Brothers.

**10/11/07**    9.    Seller shall deliver to Buyer in electronic format a list of all Loans due for 1 or more payments including all delinquent, foreclosure and/or bankruptcy Loans and the Mortgagor's mailing address. System fields used to calculate the payoff include but are not limited to UPB, interest due, escrow balance, fees and advances. Seller shall provide all earned but unpaid fees and costs through **10/1/07** from any outside party. This information shall be as of the 1st calendar day of the month before transfer (e.g. – **October 1**).

**3 Days After**    10.    Seller shall deliver to Buyer, via electronic format (Excel document), a list of all Loans in foreclosure or bankruptcy as of Transfer Date. (PCI to provide)

4

Seller 's Initials _____
Buyer's Initials _____

**Transfer Date**    11.    Seller shall deliver to Buyer an electronic list (Excel document) of all Litigation Loans in Default with a brief summary of the litigation and status.

**Transfer Date**    12.    Seller shall deliver to Buyer an electronic list (Excel document) of all Loans in foreclosure or bankruptcy, which have active hazard insurance claims.

**3 Days After**    13.    With respect to each Loan which is in Foreclosure, or in Bankruptcy, an electronic file that contains information from the LSAM's or DRI systems used for the tracking of insurer deadlines, servicing notes, and payment histories (for bankruptcy – post-petition and contractual history dating back to the bankruptcy filing) in each default file, including without limitation, the applicable screen prints.

**Transfer Date**    14.    Deliver to Buyer an electronic file for all active bankruptcies which contains the following information: Bankruptcy filing date, case number, state, district, division, chapter, proof-of claim filing date, confirmation date, motion for relief filing date and motion for relief hearing date.   (PCI to provide)

**3 Days After**    15.    Seller shall deliver to Buyer all files related to Loans, which have a status of pending foreclosure, current foreclosure, bankruptcy or 120 days or more past due.  Also include all bankruptcy and loss mitigation files for Loans currently in foreclosure, all foreclosure and loss mitigation files for Loans currently in bankruptcy, all foreclosure and bankruptcy files for Loans currently in loss mitigation and all loss mitigation, foreclosure and bankruptcy files for Loans currently in default. All of these files shall include all working documents. Seller shall request pleading documentation from all attorneys 30 days prior to Transfer Date and include any documentation received in each file.  An electronic list of all Loans including the category and box number will also be provided. If portions of the default file (foreclosure, bankruptcy, loss mitigation or claim file) is in an electronic/imaged document format, then all of these imaged documents related to the Loans shall be printed out by Seller and the paper documents (including but not limited to attorney invoices, property preservation invoices, and property inspection invoices) shall be placed in the Loan files.   All of these files shall be identified and boxed separately according to the following criteria:

    a.    Delinquent Loans that need to be referred to foreclosure.
    b.    Loans in foreclosure.
    c.    Loans in bankruptcy and current under the terms of the Mortgage Note.
    d.    Loans in bankruptcy and 30 days or more past due under the terms of the Mortgage Note.
    e.    Bankruptcy Loans with a motion for relief requested.

f.    Loans which are 120 days or more past due and not in one of the categories discussed in a-e above.

**Deliver to:**

**Midland Mortgage Co.**
**999 N.W. Grand Boulevard**
**Oklahoma City, OK  73118**
**Attn:  Thad Burr**

**3 Days After**    16. Seller shall include in each foreclosure or bankruptcy an electronic copy of all on-line collection activities and notes, which includes copies of all required default notices for delinquent Loans (NOD, NOI, HUD letters).

**15 Days Prior**    17. Seller shall deliver to Buyer an electronic file of attorneys handling foreclosure and bankruptcies. Information items to include are attorney name, address, phone number, E-mail address, if applicable, and attorney code.

**15 Days Prior**    18. Buyer will deliver to Seller a list of telephone numbers and contact names to provide to the foreclosure and bankruptcy attorneys as required in the notification letters.

**3 Days Prior**    19. Seller shall prepare and send a written notification to the foreclosure attorneys or trustees notifying them that as of the Transfer Date Seller is transferring the servicing to Buyer.   In addition, Seller shall deliver to Buyer a confirmation  of each written notification  sent to each attorney or trustee prior to the Transfer Date. Seller will provide an e-mail to Melissa.Poage@MidFirst.com, and any additional  foreclosure attorney correspondence shall be addressed as follows:

**Foreclosure Department**
**Midland Mortgage Co.**
**999 N.W. Grand Boulevard, Suite 100**
**Oklahoma City, OK  73118**

**3 Days Prior**    20. Seller shall provide written notification  the bankruptcy attorneys advising that as of the Transfer Date Seller is transferring the servicing to Buyer, and advise them to contact Buyer's Default Management Department after such date.. In addition, Seller shall provide to Buyer an e-mail confirmation of each notification  sent to each attorney or trustee prior to the Transfer Date. Such confirmation will be provided via an e-mail to Melissa.Poage@MidFirst.com.

Seller 's Initials _____
Buyer's Initials _____

**Transfer Date**  21. Seller shall prepare and send the *Transfer of Claim* form (Buyer to provide to Seller an example of the Transfer of Claim form) to the respective bankruptcy trustee as notification that as of the Transfer Date, Seller is transferring the servicing to Buyer and advise the trustees to contact Buyer's Default Management Department after this date. The original *Transfer of Claim* form or electronic file as applicable shall be sent to such bankruptcy trustee to be filed at the bankruptcy court on or before the Transfer Date. Seller shall forward a sample of this form and electronic file to Buyer 15 days prior to transfer for approval. In addition, all copies of the *Transfer of Claim* forms shall be placed in the default file prior to the Transfer Date. Any bankruptcy correspondence should be addressed as follows:

**Bankruptcy Department**
**Midland Mortgage Co.**
**999 N.W. Grand Boulevard, Suite 100**
**Oklahoma City, OK  73118**

**5 Business Days**
**after Transfer**
**Date**  22. Seller shall perform the SFDMS reporting for the month of **October 2007**
**and all prior months.** Seller will provide a sample screen print for 10 loans in the file.

**10 Days Prior**  23. Seller shall not send any letters demanding payment or threatening foreclosure pertaining to all Loans after the tenth calendar day prior to the month of transfer. Seller shall send letters demanding payment or threatening foreclosure that are normally sent between the 10th and 31st prior to the 10th unless regulations prohibit it in which time Seller  and Buyer shall come to agreement on when to send the letter.

**5 Days After**  24. Seller shall deliver to Buyer, a report in electronic format (Excel document) of all Loans that the property is identified as vacant. This report shall include (i) Seller's Loan number, and (ii) the date the property was first identified to be vacant.

**3 Days After**  25. Seller shall deliver to Buyer all information related to foreclosure, bankruptcy, property preservation, transfer of utility requests and proper inspection advances. The information to be delivered is as follows:

   1) Reports
      a) Report of each Loan with outstanding advances Seller shall submit to Buyer for reimbursement. This report shall include Seller's Loan number, current Loan status, and total advances outstanding on the Loan. Buyer will provide example report to Seller.

Seller 's Initials _____
Buyer's Initials _____

    b) Report containing the transaction level detail to support the advance balances for each Loan listed above. This report shall include Seller's Loan number, transaction date, transaction amount, transaction code and transaction description. Buyer will provide example report to the Seller.

2) Supporting documentation – Seller shall provide all documentation required to support Buyer's ability to collect such advance from the Mortgagor, FHA or VA as applicable.

    a) Foreclosure and bankruptcy advances – Seller shall provide an invoice to support each advance transaction requested for reimbursement. Seller shall provide any receipts to support actual costs required by FHA or VA to claim such cost for reimbursement, such as, but not limited to, publication costs and sheriff's receipts. To the extent practicable, invoices will be delivered in a soft copy format mutually agreed to by Buyer and Seller.

    b) Property preservation advances – Seller shall provide an invoice to support each advance transaction requested for reimbursement. Any advance that exceeds the published FHA or VA guidelines must be supported by written approval from the appropriate insurer. To the extent practicable, invoices delivered in a soft copy format mutually agreed to by Buyer and Seller.

**15 Days Prior**    26. Seller shall pay all outstanding invoices by October 15, 2007. Any invoice due after that date will be sorted in Loan number order and sent to Buyer under separate cover with information detailing Loan number, payee and amount due. If invoices are received after 10/15/07 requiring payment, they will be forwarded to Buyer under separate cover. Any invoice determined by Buyer to not be claimable with insurer will not be paid and shall be forwarded back to the Seller within 30 days of receipt by Buyer.

**1 Day After**    27. Seller shall deliver to Buyer, via soft or hard copy, property inspection results for all inspections completed during the month immediately preceding the Transfer Date. From the Transfer Date through the date Buyer receives such information, Seller shall promptly provide to Buyer copies of on-line collection activities on an as needed basis but in any event no later than three (3) Business Days after receipt of request. Seller shall cancel all routine preservation work that was scheduled to occur after the Transfer Date.

**15 Days Prior**    28. Seller shall file all Part A claims prior to 10/15/07. Do not file any Part A claims after 10/15/07.

**Transfer Date**    29. Seller shall provide a loan-level listing of all post-sale loans with a current status of each loan including:

Seller 's Initials _____
Buyer's Initials _____

    a.  Vacancy date
    b.  Status of eviction
    c.  Status of conveyance
    d.  Conveyance deadline
    e.  Title package date
    f.  Title approval date
    g.  Status of Part B filing

**Transfer Date** 30. Seller shall provide a status of all field service activity and HUD approvals for work ordered but not completed.

**Transfer Date** 31. Seller shall provide a listing of suspended claims.

**Transfer Date** 32. Seller shall forward all FHA and VA claim funds to Buyer within 5 Business Days of receipt.

**Transfer Date** 33. Seller shall provide a listing of REO loans.

Seller 's Initials _____
Buyer's Initials _____

**Deadline to
Transfer**

**Loss Mitigation**

**1 Day After
Transfer**

34. Seller shall deliver to Buyer all Loss Mitigation files including Loans currently in Loss Mitigation or Loans that have been in Loss Mitigation in the past.  Loss Mitigation includes, but is not limited to, Special Forbearance plans, Formal Forbearance plans, Loan modifications, Partial Claims, Short Sales, Compromise Sales, Pre-foreclosure Sales, and Deed-in-Lieu.  Such reports are acceptable to Buyer when generated from either LSAM's or DRI.

a) Seller shall deliver Reports to Buyer with the following information

1) ACTIVE LOANS – Provide a report in Excel or Access format detailing every Loan that is active in Loss Mitigation on the Transfer Date. This includes Loans currently on active forbearance plans, Loans that have applied for Loss Mitigation but no decision has been made, and files that have been approved for Loss Mitigation but the processing has not been completed. The report shall include Loan number, due date, Loan type, plan type, date plan executed, date incentive claim received from HUD (if applicable), current status of plan and box number. (PCI to provide)

2) INACTIVE LOANS – Provide a report in Excel or Access format detailing every loan that has been approved for and had a Loss Mitigation plan executed in the past or has applied for loss mitigation and been denied. The report shall include Loan number, loan type, plan type, date plan executed, date incentive claim received from HUD (if applicable), dollar amount of partial claim (if applicable), denial date, denial reason (if available) and box number. Loan with multiple plans should have multiple entries.

b) Seller shall deliver Loss Mitigation files to Buyer organized by status:

1) ACTIVE LOANS – Seller shall deliver to Buyer, files for all Loans that have applied for, are currently being considered for, or are on an active Loss Mitigation plan. This includes Loans currently on an active forbearance plan, Loans that have applied for Loss Mitigation, but no decision has been made, and files that have been approved for Loss Mitigation, but the processing has not been completed

The files shall include:

10

Seller 's lnitials _____
Buyer's lnitials _____

    a. Copies of written correspondence with the Mortgagor regarding Loss Mitigation

    b. Documentation to support any plan decision, including, but not limited to, Income Verification, Credit Bureau Report, Cash Flow Analysis, HUD Checklists, Internal Checklists, Plan Documents, Claim Forms, Signed Plan Documents, and Title Search.

    c. An electronic copy of all on-line collection activities and notes.

    d. Documentation to support extensions of time (automatic extensions, HUD-approved extensions, VA Hold Request, and VA Interest Cut).

    e. Any documentation required by the Insurer or Investor.

The files shall be boxed separately and the corresponding box number added to the "Active Loans" report, as requested above.

2) INACTIVE LOANS – Seller shall deliver to Buyer, files for all Loans that have been approved for Loss Mitigation and a Loss Mitigation plan has been executed, but the plan is no longer active. The files shall include all documentation to support the plan decision, signed copies of all plan documents, copies of recorded Partial Claim or Modification documents and any other working documentation used during the completion of the Loss Mitigation process, to the extent the above information is available.

The files shall include the following information, if available.

    a. Copies of written correspondence with the Mortgagor regarding Loss Mitigation

    b. documentation to support any plan decision, including, but not limited to, Income Verification, Credit Bureau Report, Cash Flow Analysis, HUD Checklists, Internal Checklists, Plan Documents, Claim Forms, Signed Plan Documents, and Title Search.

    c. paper copy of all on-line collection activities and notes.

    d. documentation to support extensions of time (automatic extensions, HUD-approved extensions, VA Hold Request, and VA Interest Cut).

    e. any documentation required by the Insurer or Investor.

The files shall be boxed separately and the corresponding box number added to the "Inactive Loans" report, as requested above.

All Loss Mitigation files shall be delivered to:

**Midland Mortgage Co.**

Seller 's Initials _____
Buyer's Initials _____

**999 N.W. Grand Boulevard**
**Oklahoma City, OK  73118**
**Attn:  Thad Burr**

**One Month
Prior**

35. Seller shall deliver to Buyer a list of Loans on formal or informal forbearance plans including; the contractual due date, the payment plan due date, and whether the Mortgagor is current on the plan.

**Transfer Date**

36. Seller shall deliver a list of all Loans on formal or informal forbearance plans as identifiable through on-line collection activity (provided in CD format), and a screen print of the forbearance plan maintained on the system.  From the Transfer Date through the date Buyer receives such screen prints, Seller shall deliver to Buyer copies of on-line collection activities on an as needed basis within two (2) Business Days of request.  Such files shall be delivered to:

**Midland Mortgage Co.**
**999 N.W. Grand Boulevard**
**Oklahoma City, OK  73118**
**Attn:  Thad Burr**

Seller 's Initials _____
Buyer's Initials _____

| **Deadline to Transfer** | **Customer Service** |
|---|---|

**15 Days Prior**   37. A draft of Seller's "Goodbye Letter" and Buyer's "Welcome Letter" otherwise known as a "Joint Letter" shall be delivered to Seller and Buyer, respectively. The drafting party shall receive from the reviewing party recommended changes to the letter no later than five (5) Business Days after receipt of the draft.

**11/15/07**   38. Seller shall complete mailing of all "Joint Letters." The letter form will be agreed upon by Seller and Buyer as described above.

**5 Days After**   39. Seller shall deliver to Buyer a hard copy listing and an electronic listing (excel document) of incomplete written and verbal customer requests along with the original incomplete written requests, as applicable. The electronic listing shall include the Seller's Loan number, customer name, nature of the issue, status of the resolution, whether or not an acknowledgement letter has been sent, and the dates that the written inquiry will be out of compliance based on the 20-day and 60-day RESPA guidelines.

**5 Days After**   40. Seller shall deliver to Buyer a hard copy listing and an electronic listing (Excel document) of Loans involved in non-default litigation. The electronic listing shall include the Seller's Loan number, customer name, nature of the issue, and status of the litigation/research.

**5 Days After**   41. Seller shall deliver to Buyer a hard copy listing and an electronic listing (excel document) of all pending (incomplete) partial releases, name changes and the related files associated with the work in progress. The electronic listing shall include the Seller's Loan number, customer name, and status of the release.

**5 Days After**   42. Seller shall deliver to Buyer an electronic listing (excel document) of Loans that are currently in the process of completing a qualified or non-qualified assumption and the related files associated with the work in progress. The electronic listing shall include the Seller's Loan number, customer name, and status of the assumption.

**10 Days After**   43. Seller shall provide to Buyer a computer tape, microfiche or CD(s) containing Seller's copies of the last escrow account analyses for each Loan. An electronic spreadsheet (Excel or CSV document) containing index information will be provided that lists the Loan number, document type, and the related file name. If the total size is less than 3 GB, the data can be

provided on no more than 5 CD's; otherwise the data will be provided on a DLT backup tape using standard NT backup format.

**15 Days Prior**   44.   Seller shall provide a sample file containing at least 10 Loan numbers, with two (2) most recent escrow account analysis, for testing purposes.

**Ongoing**   45.   After the Transfer Date, Seller  will provide to Buyer copies of previous escrow analysis as requested by Buyer on a case by case basis, within five (5) Business Days of receipt of request, or sooner if required by governing regulations.

**10 Days After**   46.   Seller shall deliver to Buyer a computer tape, microfiche or CDs containing Loan account histories for the twenty-four (24) months preceding the Transfer Date. The files must be either a Word, PDF file or a TIFF group 4 file. An electronic spreadsheet (Excel document) containing index information will be provided that lists the Loan number, document type, and the related file name. If the total size is less than 3GB, the data can be provided on no more than 5 CDs; otherwise, the data will be provided on a DLT backup tape using standard NT backup format.

**15 Days Prior**   47.   Seller shall provide a sample file of at least 10 Loan numbers, containing history for the twenty-four (24) month preceding the Transfer Date, for

**Ongoing**   48.   After the Transfer Date, Seller shall provide to Buyer copies of Loan payment histories, as requested by Buyer on a case by case basis, but in any event no later than five (5) Business Days after receipt of written request from Buyer.

**Ongoing**   49.   Seller shall use Buyers address for a return address on the "Goodbye Letter" envelopes sent to Mortgagor.  If Seller is unable to use Buyer's address for the envelope return address then Seller shall forward to Buyer an electronic (Excel document) list of Loan numbers of Goodbye Letters returned in the mail.  Seller shall send the actual letters and envelopes and label the list and package to the attention of Customer Service.

**Ongoing**   50.   Seller shall forward to Buyer on a daily basis after the Transfer Date a hard copy listing and an electronic listing of all written customer requests received subsequent to the Transfer Date along with the original written requests. Label these items to the attention of Customer Service.

**Ongoing**   51.   Seller shall deliver to Buyer copies of all screen prints of servicing notes and/or microfiche of servicing notes as requested by Buyer on a case by case basis, but in any event no later than five (5) Business Days after receipt of written request from Buyer.

Seller 's Initials _____
Buyer's Initials _____

**10 Days After**  52. Seller shall deliver to Buyer either the field names on the service release tape that contains the Mortgagors E-mail address or an electronic Excel spreadsheet, listing the email addresses of Mortgagors for any loans for which Seller has the email address. The file shall include the loan number, Mortgagor name, and email address. (PCI to provide)

Seller's Initials _____
Buyer's Initials _____

| **Deadline to Transfer** | **Escrow Administration** |

**10/12/07**   53. Seller shall deliver to Buyer LSAM equivalents to the CPI screen prints of the MAS1 screens and P190 screens showing the following information as of 10/11/07 for twenty-five (25) Loans selected by Buyer.

> Loan
> Mortgagor
> Property and mailing address
> Collection notes
> Hazard, Tax, Escrow Analysis, MIP optional insurance screens
> Bi-Saver ACH, Government Subsidy,
> Personal and Property Data screen,
> Histories

Buyer will deliver a list of such Loans to Seller.   Seller will prepare additional screen prints and histories on a case-by-case basis as reasonably requested by Buyer.

**10/20/07**   54. Seller shall deliver to Buyer a loan level listing, which is provided on the data file, ) of all pending payment changes, including but not limited to, escrow payment changes, P&I payment changes, and optional insurance payment changes.  The list will include the Seller's loan number, the current payment amount and payment type (escrow, P&I, etc.), the pending payment amount and type, the effective date of the payment change, and the due date of the loan.

**10/12/07**   55. Seller shall deliver to Buyer an electronic listing (Excel document) of all Loans which paid in full between **9/26/07** and **10/12/07**. These Loans may be excluded from the Welcome Packet, joint mailing.  Such date of 10/12/07 can be modified to a later date as mutually agreed upon between Seller and Buyer.

**Transfer Date**   56. Seller shall deliver to ZC Sterling (ZC)  a tape, as of  the Transfer Date, containing the Loans scheduled to transfer to Buyer, along with the associated Loan numbers of Seller.   In addition, the data fields provided to Buyer will be adequate so that Buyer can use the data fields, and tape to order life-of-loan, fully transferable tax service contracts with First American Real Estate Tax Service, Inc. ("FARETS").

Seller 's Initials _____
Buyer's Initials _____

**15 Days Prior**  57. If different from the questionnaire information provided at due diligence, deliver to Buyer the Seller's HUD Lender ID number and the Seller's name and address for the HUD 92080 file.

**Transfer Date**  58. Seller shall submit the 92080 transfer of servicer and transfer of holder to HUD to change the Servicer and Holder fields to Midland Mortgage (ID 39276).

**Transfer Date**  59.    Seller will provide Buyer with a detailed report identifying  all outstanding HUD audit and billing exceptions, and will work with Buyer to provide any supplemental information that is needed with regard to terminated cases, unendorsed cases, premium end date corrections, unapplied funds balances, and HUD no pay transfers.    Seller will execute or cause to transfer to Buyer all Servicer and Holder of Record changes.

**15 Days Prior**  60. Seller shall deliver an electronic listing (Excel document) of all Loans in Maryland, their tax payment frequency, next disbursement date, anticipated tax amount for each disbursement and occupancy code. (PCI to provide).

**15 Days Prior**  61. Seller shall deliver to Buyer a listing (Excel document) of all Loans with active and pending optional/credit insurance policies sorted by insurance carrier. This list should total the premium amount and number of Loans per carrier and within carrier, each product type and commission rate, if available. This report shall contain information only for the Loans in the portfolio being reviewed.

**Transfer Date**  62. Seller shall deliver to Buyer a listing (Excel document) of all Loans identified for non-solicitation of optional products.

**15 days Prior**  63. Seller shall notify all optional product vendors of pending transfer to Buyer. Notice will include both the Loan number for Buyer and Seller.

**15 Days Prior**  64. Seller shall deliver to Buyer a listing (Excel document) of the allowable escrow cushion amounts being used in this portfolio. This list shall define how the allowable cushion was determined (state statute, document type, or other).

**15 Days Prior**  65. Seller shall deliver to Buyer a Loan level listing (Excel document) of all Escrow disbursements that were scheduled to be paid in September that were not paid. The list will include Seller's loan number, type of disbursement (tax, hazard, flood, MI, etc.), the original due date, the payee, and the current amount due (including any penalties, interest, etc.)

Seller 's Initials _____
Buyer's Initials _____

**15 Days Prior**   66.   Seller shall deliver to Buyer a Loan level listing (Excel document) of all checks previously issued for payment of Escrow items that have been returned and remain unpaid. This list will include Seller's loan number(s), type of disbursement, amount of original check issued, date of original check, payee, any penalties or interest due, and status of unpaid items.

**Transfer Date**   67.   Seller shall deliver to Buyer a Loan level listing (Excel document) of all pending tax sales as of Transfer Date and research files and/or information for each item.

**Transfer Date**   68.   Seller shall deliver to Buyer the master file field name or an electronic listing (Excel document) of all Loans with escrow shortages spread greater than 12 months. This list will contain Seller s' Loan number, total escrow shortage at the time of analysis, shortage spread start date, number of months shortage is spread, screen prints and notes, most recent analysis when not available on the system, and shortage spread end date.

**Transfer Date**   69.   Seller shall deliver to Buyer the master file field name or an electronic Loan level listing (Excel document) of the number of month's escrow cushion held for each Loan (e.g., 0 months, 1 month, 2 months, not dollar amounts).

**Transfer Date**   70.   Seller shall deliver to Buyer an electronic listing (Excel document) of all Loans with mortgage insurance refunds due from HUD. This list will contain Seller's Loan number, FHA case number, amount due from HUD, premium months remitted or applied in error, and reason for refund.

**Transfer Date**   71.   Seller shall cancel lender placed **hazard and flood** insurance coverage effective on the Transfer Date, and will forward all refunds due Mortgagors to Buyer within 2 business days of Seller's receipt of the refunds. Buyer will initiate lender placed hazard and flood insurance coverage through its vendor on the same day. Seller will provide an electronic listing (Excel document) of all Loans receiving a refund for lender-placed hazard or flood insurance including the Buyer Loan number, Mortgagor name, and refund amount for each Loan.

**5 Days After**   72.   Seller shall deliver to Buyer a Loan level listing (Excel document) of all loans without active HUD mortgage insurance. This list will include Seller's loan number, current FHA case status as reflected on FHAC (i.e., Non-claim termination, Prepayment, NOR, etc.), and action required to obtain and/or reinstate FHA insurance.

Seller's Initials _____
Buyer's Initials _____

**5 Days After**   73. Seller shall deliver to Buyer a Loan level listing (Excel document) of all Escrow disbursements that were scheduled to be paid in September and October that were not paid. The list will include Seller's loan number, type of disbursement (tax, hazard, flood, MI, etc.), the original due date, the payee, and the current amount due (including any penalties, interest, etc).

**5 Days After**   74. Seller shall deliver to Buyer a Loan level listing (Excel document) of all checks previously issued for payment of Escrow items that have been returned and remain unpaid. This list will include Seller's loan number(s), type of disbursement, amount of original check issued, date of original check, payee, any penalties or interest due, and status of unpaid items.

**10 Days After**   75. Seller shall deliver to Buyer an electronic listing (Excel document), of all loans with lender placed insurance that have had the policy upgraded per the borrower's request.

**Transfer Date**   76. Seller shall notify the Flood Mapping Agent for all life of Loan flood contracts of the servicing transfer to Buyer and will transfer flood contract to Buyer. Seller will furnish Buyer a listing (Excel document) of the affected Loans This list will include Seller's loan number and Flood Mapping Agent.

**Transfer Date**   77. Seller shall deliver to Buyer a listing (Excel document) of all Loans with optional/credit insurance pending claims and the Associate working the files.

**15 Days Prior**   78. Seller shall deliver to Buyer a listing (Excel document) of all loans with a listing (Excel document) of all loans with active and pending optional/credit insurance policies sorted by insurance carrier. This list should total the premium amount and number of Loans per carrier and within carrier, each product type and commission rate, if any. This report shall contain information only for the Loans in the portfolio being reviewed.

**Transfer Date**   79. Seller as approved by GNMA, shall: Pay all insurance due between 1 and 30 days after the Transfer Date; pay all invoices received for insurance up to 30 days in advance of the Transfer Date; forward all invoices received but not paid to Buyer; pay all invoices for taxes due between 1 and 30 days after the Transfer Date and all taxes that are reported to Seller by the tax service prior to the Transfer Date. If all taxes reported to Seller prior to the Transfer Date are not paid, Seller will provide an electronic listing (Excel document) of any taxes reported prior to the Transfer Date but not paid. This electronic listing will be provided by 5 days after the Transfer Date and will include Seller 's

Loan number, parcel number(s), tax payee(s), tax amount(s) reported, and tax due date(s).

**10 Days After**  80.  Pursuant to **Paragraph 6.11** of the Agreement, Buyer shall prepare a list of all tax lines that will be billed within 60 days after Transfer Date but are not paid and will not be reported **to Buyer by** a tax service. Seller shall use this list to obtain the tax bills that have not been received by either Buyer or Seller. Seller shall forward all tax bills obtained to Buyer within 1 Business Days of receipt by Seller.    Seller will notify Buyer via e-mail to, **Leigh.Leary@midfirst.com** and **Casey.Schilling@midfirst.com** on the day any tax bills are being sent to Buyer. This notification will include the Seller's Loan number and each tax bill being sent.

**Transfer Date**  81.  Pursuant to **Paragraph 8.10**, Seller shall calculate the amount of all interest owed by Seller to the Mortgagor(s) for the Escrow Deposits and deposit such funds into the Custodial Accounts prior to the Transfer Date. Provide an electronic Loan level listing (Excel document) of interest deposited for each Loan, including Seller's and Buyer's Loan numbers and the amount of interest deposited by Loan.

**Transfer Date**  82.  For FHA mortgage insurance under HUD Section 530 or with Risk Based Mortgage Insurance premiums, and as approved by GNMA, Seller will disburse to FHA all **October** premiums due by **November 10, 2007.** Buyer will disburse the **November** premiums due by **December 10, 2007.** Seller will provide Loan level detail, in an excel spreadsheet, of the **October** premiums to be paid by Seller by **November 10**. In the event such mortgage insurance disbursement creates an escrow advance by Seller, Seller shall send an invoice or Excel document to Buyer for the amount of such escrow advances along with all reasonable supporting documents.   Buyer shall reimburse such advances within (5) business days of receipt of such information.

**5 Days After**  83.  Seller shall deliver to Buyer pending insurance loss draft files with individual status reports detailing the history of the loss which includes disbursements, inspections, and contact with Mortgagor and also includes the amount of loss draft funds held by Seller with respect to each Loan.

**3 Days Prior**  84.  Seller shall Prepare and mail hazard and or flood insurance mortgage clause endorsement change notices in accordance with **Paragraph 8.8** of the Purchase Agreement. The mortgage clause should be:  Midland Mortgage Co., its Successors and/or Assigns, **P.O. Box 24814, Jacksonville, FL 32241-4814.** Seller will provide Buyer with evidence of the compliance with this transfer instruction item as mutually agreed upon by Buyer and Seller (soft copy if possible).  In the event Seller is unable to add the Buyer Loan

Seller 's Initials _____
Buyer's Initials _____

number to the notices, Buyer will prepare and mail the notices and bill the Seller for postage, supplies and other processing costs.

**10 Days After** 85. For those Loans scheduled to analyze the month preceding the Transfer Date (October 2007), Seller shall provide a list (Excel document) of all loans analyzed in October that includes Seller's loan number, date analyzed, effective date of analysis, and reason for analysis (analyzed in accordance with state schedule, delinquent tax paid, LPI placed, etc.).

**10 Days After** 86. Seller shall resolve all past due or delinquent tax items prior to the Transfer Date. For any remaining, unresolved tax items, Seller shall deliver to Buyer an electronic listing (Excel document) of all outstanding and past due tax items. This listing will reflect any taxes due as of the Transfer Date and prior and any taxes reported by the tax service but not paid prior to Transfer Date and the corresponding original bills. The listing will contain Seller 's Loan number, parcel number(s), state, tax payee(s), tax amount report (if applicable) and tax due date.

**10 days after** 87. Seller shall provide Loan level listing (Excel document) of MIP and RBP premiums withheld for final month's premium payment made to FHA by Seller. Buyer will use this report to assist in balancing the custodial account balances at the time of settlement.

**10 days after** 88. Seller shall deliver to Buyer a payee and escrow type cross-reference listing (Excel document). This information will assist Buyer in indentifying Homeowner Association Dues, escrow, and payee items paid by Seller.

**Ongoing** 89. Within five (5) Business Days of receipt, Seller shall deliver to Buyer information related to the Loans hazard and flood insurance, including without limitation, all insurance renewals, cancellation notices, reinstatement notices, additional premium notices, and notifications from insurance carriers of payments, which is received by Seller after the Transfer Date.

**Ongoing** 90. Within five (5) Business Days of receipt, Seller shall deliver to Buyer all information related to Loans real estate taxes, including without limitation, unpaid tax bills, notice of tax sales, delinquent tax bills, and notices of tax payments on incorrect parcel numbers, which is received by Seller after the Transfer Date.

**1/31/08** 91. Seller shall prepare and send all annual statements of taxes paid, interest received and interest paid on escrows to the Mortgagors in accordance with **Paragraph 8.9** of the Agreement. Seller will deliver a copy of such statements within five (5) Business Days of a written request.

Seller 's Initials _____
Buyer's Initials _____

| Deadline to Transfer | | Servicing Files |
|---|---|---|

**Deadline to Transfer**

**Servicing Files**

**5 Days After**  92.  Pursuant to **Paragraph 4.2.10**, Seller shall deliver to Buyer at the address described below, all servicing/credit Files labeled with Seller's Loan number. Such servicing/credit files shall be boxed in Seller Loan number order, lowest to highest, with the contents identified on the top of each box. Each box shall be appropriately numbered in sequence (i.e., 1 of 50). A hard copy and an electronic master listing (Excel document) shall also accompany the files, which references the box number to the Loan level contents. Fiche files shall be boxed separately in a consistent fashion with a similar master listing. A servicing file/fiche shall include, without limitation, the origination file, completed assumption packets, and completed partial release information. Image documents shall be delivered in a group 4 TIFF file format via a in an encrypted CD. Tapes shall be indexed by each Loan and readable by Buyer. Seller will reasonably assist Buyer in reading and converting such files.

**ATTN: Dennis Karr**
**(405) 717-2580**
**Dennis.Karr@MidFirst.com**
**MidFirst Bank**
**400 N. Ann Arbor**
**Oklahoma City, OK  73107**

**30 Days Prior**  93.  Seller shall send a test file of 50 loans via CD, including indexing and document mapping, to Buyer for review and approval.

**5 Days After**  94.  Seller shall deliver to Buyer, Attention Dennis Karr, a hard copy listing and an electronic listing (Excel document) of all servicing files not delivered to Buyer. The electronic listing shall include the Seller's Loan number, customer name, and a status on obtaining the servicing file.

**Monthly post Transfer Date**  95.  Deliver to Buyers, Attention Dennis Karr, subsequent files, as available to Seller for any trailing documents not previously sent to Buyer. Subsequent hard copy documentation will be sent to Buyer with an Excel list of each loan document included.

**5 Days After**  96.  Seller shall deliver to Buyer at the address described below, all other files and other information related to the Loans. Including without limitation, active

Seller 's Initials _____
Buyer's Initials _____

and inactive government assistance files, active Bi-weekly files, pending qualified or non-qualified assumption files, pending partial release files, incomplete loss draft files, farm Loans, and any unresolved customer service correspondence.  This information shall be identified and boxed separately from the servicing files.  Each box shall be numbered in sequence (i.e., 1 of 10).  The contents shall be identified on the top of each box.  A hard copy listing and an electronic listing (Excel document) shall also accompany the files.  The listing shall identify the box number and describe the box contents, including the Loan number, customer name, description of the type of pending item (i.e., pending partial release, pending qualified assumption, etc.).  This listing shall also include a status on each item and Loan number.

**Stormi McDow**
**MidFirst Bank**
**999 NW Grand Blvd**
**Oklahoma City, OK 73118**

**5 Days After**    97.    Seller shall deliver imaged servicing files via an encrypted CD to Janet Bell at the Three Grand Operation Center.  Data shall be indexed by each loan number and readable by Buyer.  Seller shall reasonably assist Buyer in reading and converting such files.

Seller 's Initials _____
Buyer's Initials _____

| Deadline To Transfer | Custodial Files/Documentation |
|---|---|

**Both Seller and Buyer will work together in resolving any outstanding issues relating to the preparation and delivery of the custodian files.**

**2 Days Prior    98.** **For Non-MERS Loans,** identification of the assignment vendor to be utilized, if applicable, and a formal timeline signed and agreed-upon by Seller and the assignment vendor. Prior to Seller signing an agreement with the assignment vendor, Buyer and Seller will mutually agree on the vendor. Each assignment printed shall incorporate a printed bar code identifying the Buyer Loan number. Each assignment printed shall reference to Buyer address as follows:

**MidFirst Bank, a federally chartered savings association**
**999 N.W. Grand Boulevard, Suite 100,**
**Oklahoma City, OK 73118.**

**Transfer Date    99.** **For Non-MERS Loans,** a sample of fifty (50) assignments selected by Buyer and prepared by the vendor, shall be delivered to Buyer along with copies of the Mortgages for each of the fifty (50) assignments. Buyer will respond with any exceptions noted within five (5) Business Days. A material exception rate shall be corrected prior to delivery of the sale assignments to the respective counties for recordation. If any exceptions are identified by Midland, Seller agrees to cooperate with Midland to reach an acceptable solution to ensure the assignments have been properly prepared. The solution may include sampling additional assignments for review, replacement of incorrect assignments with proper assignments, or other possible resolutions.

**5 Days After    100.** **For Non-MERS Loans, pursuant to Paragraph 8.19** of the Agreement, Seller will deliver an electronic listing (Excel document) to Buyer, identifying all Non-MERS Loan which as of the Transfer Date, are (i) ninety (90) days or more past due under the terms of the Mortgage Note, (ii) in Bankruptcy and ninety (90) days or more past due under the terms of the Mortgage Note, (iii) in Foreclosure or (iv) in Litigation at the time of transfer.

**5 Days After    101.** **For Non-MERS Loans, pursuant to Paragraph 8.19** of the Agreement, Seller will deliver to Buyer, for all Loans which as of the Transfer Date, are (i) ninety (90) days or more past due under the terms of the Mortgage note, (ii) In Bankruptcy and ninety (90) days or more past due under the terms of the Mortgage Note, (iii) In Foreclosure or (iv) In Litigation, a complete but unrecorded assignment from Seller to Buyer accompanied by a check made payable to the county for payment of all costs and fees necessary to record such assignments.

Seller 's Initials _____
Buyer's Initials _____

**10 Days After**    102. **For Non-MERS Loans,** Seller and Buyer will complete a Loan level reconciliation between the transfer tape and the assignment vendor database to ensure assignments are sent for recording on only those Non-MERS Loans that the servicing transferred to Buyer. The reconciliation needs to be signed off on by the Seller, assignment vendor, and Buyer.

**10 Days After**    103. **For Non-MERS Loans,** pursuant to **Paragraph 8.20** of the Agreement, Seller will have forwarded to the appropriate recording office, for all Loans which as of the Transfer Date, are **not** (i) ninety (90) day or more past due under the terms of the Mortgage Note, (ii) In Bankruptcy and ninety (90) days or more past due under the terms of the Mortgage Note, (iii) In Foreclosure or (iv) In Litigation, the assignment from the Seller to Buyer for each such Loan. Each assignment printed shall incorporate a printed bar code identifying the Buyer Loan number.

**Ongoing**    104. **For Non-MERS Loans,** provide On-line internet or equivalent access to assignment vendor data (including a weekly electronic report) identifying the Loan level status of each assignment along with the recording information when it becomes available to the vendor. This access must include date sent to county, reason not sent to county, county turnaround time, check number, date check cashed, date received from county, recording information, and date sent to Buyer. In addition, if an assignment is at the county in excess of the county turnaround time, Buyer will require the assignment vendor to perform weekly follow up with the county until the assignment is received. This follow up process needs to be documented within the access given to Buyer.

**10 Days Prior**    105. **For MERS Loans,** Seller shall provide to Buyer an electronic report (excel document) of all MERS Loans. This report shall include the Seller Loan Number, the Min numbers, Servicer name, Investor name, and QC Flag Status identified in the MERS system for all Loans assigned to MERS.

**5 Days After Transfer Date**    106. **For MERS Loans,** pursuant to **Paragraph 8.22** of the Agreement, Seller will cause MERS to transfer ownership of all such Loans under the MERS System from Seller to Buyer. Seller will provide Buyer all information required to be retained by MERS including but not limited to MIN number and recording information in an electronic spreadsheet format (Excel document). Buyer's Orig ID Number is 1002192.

**5 Days After Transfer Date**    107. **For MERS Loans,** Seller shall update all missing or incorrect information needed to set the MERS QC flag to "Yes" and complete the update within the MERS system before the Transfer Date.

**Transfer Date** 108. Seller or Custodian shall deliver to Buyer, an electronic version of the GNMA Profile Report identifying the pool certification status per GNMA. A GNMA Profile Report will be required every 30 days thereafter, until the GNMA Transfer Date is completed for all subject pools.

**Transfer Date** 109. Seller or Custodian shall deliver originals or copies of written releases (GNMA form 11708) for all active or inactive Loans related to this transfer from Seller's custodian should be in the Master Pool files, if applicable. If electronic release forms are maintained, Buyer will require an electronic report (excel document) for all active or inactive Loans related to this transfer. The electronic information shall be in the format that is acceptable to GNMA.

**Transfer Date** 110. Pursuant to **Paragraph 4.2.10,** All Master pool files and certified custodial files (i.e., note, mortgage, title policy, interim assignments, and MIC/LGC) shall be sent to our custodian at the following address:

**Jeri Bassett**
**Jeri.bassett@midfirst.com**
**(405) 426-1602**
**MidFirst Bank**
**2730 N. Portland**
**Oklahoma City, OK 73107**

Seller or Custodian shall label each custodial file with Seller's Loan number. The master pool files and custodial files shall be boxed in pool number order then in Seller's Loan number order, lowest to highest, with the contents identified on the top of each box. Each box shall be appropriately numbered in sequence (i.e., 1 of 50). A hard copy and an electronic master listing (Excel document) shall also accompany the files that reference the box number to the pool and Loan level contents.

**Transfer Date** 111. If an original custodial file is not provided as outlined above, a signed trust receipt, in the form of **Exhibit "D"** to the agreement, shall be required; to be provided by Seller or Custodian, along with copies of the released documents. These files shall be identified and boxed separately from the custodial files. Each box shall be numbered in sequence (i.e., 1 of 10). The contents shall be identified on the top of each box. A hard copy and an electronic listing (Excel document) shall also accompany the files, which reference the box number pool and Loan level contents. These files shall also be sent to the attention of **Jeri Bassett.**

Seller 's Initials _____
Buyer's Initials _____

**Transfer Date** 112. Seller or Custodian shall deliver to Buyer, attention **Jeri Bassett,** a hard copy listing and an electronic listing (Excel document) of all Loans that either the original custodial file or trust receipt, **Exhibit "D",** was not delivered to Buyer. The electronic listing shall include the pool number, Seller's Loan number, customer name, and a status on obtaining the custodial file.

**As Requested** 113. Buyer will have the option of conducting an on-site visit, to each external custodian, to monitor procedures and conduct a quality control audit of the custodian boxing the custodial files. Seller is required to provide Buyer with a 2 week advance notice of when the process will begin. Buyer will give the Seller a 1 week notice prior to conducting it's visit.

**Transfer Date** 114. Seller shall provide copies of legal evidence of corporate mergers and name changes (not previously provided) for which assignments and endorsements were not completed in the chain of title.

**Transfer Date** 115. An electronic listing (Excel document) of Loans associated with a GNMA documentation waiver. The electronic listing shall include a Seller Loan number and a cross-reference to any existing documentation waivers.

**Transfer Date** 116. Blanket assignments shall be copied and included in each Loan's custodial file related to such blanket assignment in accordance with GNMA Requirements.

**Monthly** 117. Seller shall require each external Custodian to provide a monthly electronic Liquidation and Non-liquidation Release Register (excel document) for active Loans in this portfolio. The report needs to include the pool number, Seller Loan number, document description, release date, and release reason. The Seller will provide an updated report every month until the GNMA Transfer occurs.

**Transfer Date** 118. Seller shall provide Buyer with a Corporate Resolution to sign assignments, note endorsements, and/or satisfaction of mortgages on behalf of the seller.

**Monthly** 119. Seller shall require each external custodian to provide an electronic report (excel document) of all documentation defects. This report shall include the pool number, Seller Loan number, document description, defect description, timeframe for curing the defect, and an on going status update. The Seller will provide an updated report every month until the GNMA Transfer occurs.

**Ongoing** 120. Electronic transmittals (spreadsheet) along with all documents presented for curing documentation defects known or otherwise identified by Buyer. The electronic transmittal needs to include the pool number, Buyer Loan number,

Seller 's Initials _____
Buyer's Initials _____

Seller Loan number, document name, and document type (i.e. original, copy, original recorded, etc.). These documents need to be mailed to:

**MidFirst Bank**
**Mail Processing**
**2730 N. Portland**
**Oklahoma City, OK 73107**

Seller 's Initials _____
Buyer's Initials _____

| **Deadline to Transfer** | **Investor Services/Cashiers/ACH** |

**NO PAYMENTS OR DISBURSEMENTS SHALL BE PROCESSED AFTER THE TRANSFER DATE AND THE PROCESSING OF THE SERVICE RELEASE TAPES.**

**15 Calendar Days Prior**    121. Pursuant to **Paragraph 7.0,** Seller will prepare GNMA transfer approval packet and forward to buyer for their review, approval, and submission to GNMA.

**10 Calendar Days Prior**    122. Pursuant to **Paragraph 7.0,** Seller will prepare and send bond approval and VLB approval packets to the respective authorities.

**3 Calendar Days Prior**    123. Seller shall send a loan level listing to each Third Party Vendor for the Bi-weekly program loans being serviced by each vendor respectively. The listing should designate the date of the transfer for each loan. Seller shall provide the vendor with the following address to forward payments to Buyer:

> Midland Mortgage Co.
> PO Box 268888
> Oklahoma City, OK 73126

**10 Days prior**    124. If applicable, Seller shall have researched and corrected on their system all Loans not properly amortizing. A reasonable explanation regarding the action taken by the Seller to correct the amortization issue shall be provided to Buyer for all corrected Loans

**10 Days prior**    125. Seller shall have researched and corrected on their system all buydown Loans to ensure sufficient funds are available to complete the term of the buydown. A reasonable explanation regarding the action taken by the Seller to correct the issues shall be provided to Buyer for all corrected Loans

**Transfer Date**    126. Seller shall cease sending coupon books and/or billing statements to Mortgagors.

**Transfer Date**    127. Seller shall discontinue any ACH or Bi-weekly drafts scheduled after the Transfer Date. Any drafts scheduled to occur on the Transfer Date or later will be handled by the Buyer. All ACH or Bi-weekly drafts processed prior to the Transfer Date will be posted by Seller prior to the Transfer Date.

Seller 's Initials _____
Buyer's Initials _____

**Transfer Date**   128. All Soldier and Sailor Loans shall transfer to Buyer without assistance advances. All advances from Seller will be collected from appropriate Investor by Seller. Buyer will set up all such Loans with advance amounts as applicable and Buyer will collect their advances from appropriate Investor.

**Transfer Date**   129. All funds received on or prior to the Transfer Date shall be posted by Seller on or prior to the Transfer Date. Any items not posted as of the Transfer Date, shall be overnighted to the Buyer. If Buyer receives payments prior to the Transfer Date, Buyer shall overnight the payment to Seller at the following address:

> **American Home Mortgage**
> **4600 Regent Blvd., Suite 200**
> **Irving, Texas   75063**
> **Attention:  Cash Management**

**2 Days After**   130. Seller shall deliver a loan level listing of ARM loans including the ARM type, index, margin, base rate, period cap, life cap, next rate change date, next payment change date, rate change frequency, payment change frequency, ARM plan, fixed interest rate, fixed P&I, fixed conversion date, origination date, first rate change date, first payment change date, current due date, original rate, first payment date, first payment change frequency, and fixed conversion date. In addition, for Interest Only loans, a loan level listing of interest only term, expiration date, interest method, first payment date, first payment change frequency, and conversion P&I payment.

**2 Days After**   131. Listing of ARM plans to include final days (number of days prior to effective date of change the rate/payment change is calculated), index, index selection days (number of days from the change date that the system goes back to select the index rate), change totice day (number of days prior to change being effective that the mortgagor should be notified), index rounding factor, change amount rounding factor, maximum over base rate, cycles between rate changes, maximum under base rate, maximum rate increase/decrease at change, minimum rate increase/decrease at change, cycles between payment changes, maximum payment change amount, minimum payment change amount.

**2 Days After**   132. Loan level listing of parameters set to control pool level pass thru and service fees for ARM loans. Pool level listing of parameters set forth on GNMA Form 11705, for all ARM loans, to set the parameters to control pool level pass-through and service fees. This listing should include the pool #, security rate, and security margin.

Seller 's Initials _____
Buyer's Initials _____

| | |
|---|---|
| **2 Days After** | 133. Seller shall send a copy of all notification letters sent to Mortgagors with ARM changes in the month prior to cut off. |
| **2 Days After** | 134. Seller shall send a copy of orders for all Soldiers and Sailor loans. |
| **5 Days After** | 135. Seller shall deliver to Buyer the following reports in paper and electronic form as of the GNMA cutoff date: |

a. Preliminary and ongoing copies of all revised GNMA forms 11710 A, 11710 E, and 11710 D reports, with final forms provided to Buyer by 11/12/07.
b. Reconciliation of Pool to Security (Soft copy if available)
c. Expected Test of P & I (Soft copy if available).
d. Copy of each GNMA certificate transfer advice received by Seller for reporting month **October 2007**, Related to each Mortgage Pool
e. Hard copy and diskette of Loan level report of MIP adjustments listing Loan number and adjustment amount (if any).

| | |
|---|---|
| **5 Days After** | 136. Seller shall deliver to Buyer a report comparing GNMA forms 11710A for the transferring pools to the trial balance with a reconciliation of any differences. |
| **14 Days After and Monthly For 7 Months** | 137. Seller shall deliver to Buyer a list of all mortgage pools related to any funds on deposit with GNMA for outstanding checks prior to the Transfer Date. Such list shall include the mortgage pool number, the amount on deposit with GNMA, the date of the uncashed security holder's check, and the date such funds were sent to GNMA. After the Transfer Date, Seller will provide information reasonably requested by Buyer regarding security holder's checks on an as needed basis within five (5) Business Days of receipt of Buyer's written request. Deliver to GNMA all funds related to checks that remain outstanding after 180 days from the date such check was issued by Seller from the Custodial Account. Seller will deliver to Buyer a list of such event for a period not to exceed seven (7) months from the applicable Transfer Date. This list shall include the above mentioned information. |

**Daily for
2 Months After** 138. Pursuant to **Paragraph 8.7**, Seller shall deliver to Buyer all Loan payments (with the accompanying coupon) to Buyer (endorsement format shown below).

> **Pay to the order of MidFirst Bank**
> **By:** _____
> **Name:  Vice President**
> **American Home Mortgage**

For two months following the Transfer Date, Seller shall instruct its lock box to place stop codes on Loans associated with this service release to prevent them from being processed, and upon receipt of payments the lock box shall forward them to Seller via <u>overnight delivery</u>.  Seller shall forward these payments to Buyer via overnight delivery within one (1) business day of receipt by Seller.  If Seller has received payments via wire or any electronic format, the Seller will reject the wires and instruct the appropriate parties to wire these funds to Buyer to the following account:

> **MidFirst Bank**
> **ABA # 303087995**
> **Account # 701001906**
> **Attn: Danny Sullivan / Payment Processing**

For any payments being forwarded to Buyer, Seller shall also include a loan level listing of all payments to **Danny.Sullivan@MidFirst.com** and **Kristal.Fugate@MidFirst.com** and a hard copy of this listing with the remittance of any checks.  The payment summary shall include the following information:  Loan #, Customer Name, Payment Amount, date Funds forwarded to Buyer, and method of delivery to Buyer (i.e. Overnight Mail, Wire).  The summary must be formatted such that the total of all payments sent to Buyer agrees to a manual register tape that the Seller runs on the individual checks and/or wires being forwarded.  Non-agreement of the totals could delay Buyer's acceptance of the payments.  The overnight delivery shall be directed to Danny Sullivan at the Three Grand Operations Center.  After such two month period, Seller shall promptly return all scheduled payments to the Mortgagor via first class mail and provide a list to Buyer of all payments returned.  Buyer will provide Seller with a letter to include with such returned payments.

**Ongoing** 139. Seller shall deliver to Buyer all Bankruptcy Trustee funds received by Seller within one (1) Business Day of receipt by Seller (endorsement format shown above).  For any funds being forwarded to Buyer, Seller shall forward a loan level list of all payments to both **Kristal.Fugate@MidFirst.com** and

Seller 's Initials _____
Buyer's Initials _____

**Danny.Sullivan@MidFirst.com** and a hard copy of this listing with the remittance of any checks.  Present information in same format as listed above.

**Daily for
2 Months After** 140. Pursuant  to **Paragraph 8.7,** Seller shall deliver to Buyer all payoff funds received by Seller (with the accompanying payoff statement) within one (1) Business Day of receipt by Seller (endorsement format shown above).  With respect to payoff funds received on the first business day of the two (2) months following such Transfer Date, Seller shall send to Buyer via facsimile at **(405) 858-3086 Attn: Kristal Fugate,** copies of the payoff check or wire advice and the accompanying payoff statement.  Originals of these documents shall be forwarded via overnight delivery as discussed above.  After such two (2) month period, Seller shall promptly return all payoff funds received to the remitter and provide a list to Buyer of all payoffs returned.   Buyer will provide Seller with a letter to include with such returned payoffs.

**Ongoing** 141. Upon instances where Seller identifies a misapplication or lock box adjustment (i.e. prior to transfer, a payment was applied to a Loan within this sale, but shall have been applied to a Loan not the subject of this sale), the Seller shall request reimbursement for the misapplication using the following procedures.

Seller   shall   e-mail   both   **Danny.Sullivan@MidFirst.com**   and Kristal.Fugate@MidFirst.com a spreadsheet of the items requested for reimbursement.  Seller shall send an overnight package to the address below:

**MidFirst Bank**
**Attn: Danny Sullivan**
**999 NW Grand Boulevard**
**Oklahoma City, OK 73118**

Documentation to send in the overnight package shall include:  (1) a Cover Sheet including:   Seller   Loan #, Mortgage Name, Mortgage Address, Amount of Item, Date Misapplication occurred;   (2) Check copies;   (3) Screen print of the servicing history clearly marked to identify when/where the item was originally posted.  If the misapplication requested was not actually posted to the Seller's system, but was deposited by Seller and sent to Midland via bulk check, then provide a copy of the check OR the date mailed, date on check, check # and check amount.

Provided the Loan is not in Bankruptcy (unless the bankruptcy court or Trustee permits such refund) or has not subsequently paid in full, Buyer will reimburse any funds due Seller within five (5) Business Days after receiving the documentation.  A check will be sent via regular mail to:

**American Home Mortgage
4600 Regent Blvd., Suite 200
Irving, Texas 75063
Attn: Cash Management
Attention: Lori Hughes**

In turn Buyer will provide proper documentation (histories, check copies, and any other documents to support the claim), to the Seller to reverse a misapplication that occurred prior to transfer from a Loan, which is not the subject of this sale, but that should have been applied to a Loan that is the subject of the sale. Seller will reimburse funds to Buyer within five (5) Business Days after receiving the documentation.

**5 Days Prior**   142. Seller shall send Buyer a copy of the Bond Authority agreement(s) for all bond Loans in the portfolio.

**Ongoing**   143. Upon instances where Seller receives an NSF check on payment that was posted prior to transfer, Seller shall request reimbursement for the NSF check using the following procedures. Seller shall e-mail **both Danny.Sullivan@MidFirst.com** and **Kristal.Fugate@MidFirst.com** a spreadsheet of the items requested for reimbursement. Seller shall send an overnight package to the address below:

**MidFirst Bank
Attn: Danny Sullivan
999 NW Grand Boulevard
Oklahoma City, OK 73118**

Documentation to send in the overnight package shall include: (1) a Cover Sheet including: Seller Loan #, Mtgr Name, Mtgr Address, Amount of item, Date Item returned and reason; (2) Returned Item (i.e.: physical check validation of electronic payment, validation of pay-by-phone); (3) Screen print of the servicing history clearly marked to identify when/where the item was originally posted. If the return item requested was not actually posted to the Seller's system, but was deposited by Seller and sent to Midland via bulk check, then provide a copy of the check OR the date mailed, date on check, check #, and check amount.

All items received will be reviewed, and upon confirmation that the Loan has not paid in full, Buyer will process a reimbursement check within ten (10) Business Days. A check will be sent via regular mail to:

Seller 's Initials _____
Buyer's Initials _____

**American Home Mortgage**
**4500 Regent Blvd., Suite #200**
**Irving, Texas  75063**
**Attn: Cash Management**
**Attention:  Lori Hughes**

Seller 's Initials _____
Buyer's Initials _____

| Deadline to Transfer | Contract Administration |
|---|---|

**Deadline to Transfer** | **Contract Administration**

**11/1/07**  144. Pursuant to **Paragraph 4.1,** Seller shall deliver to Buyer a fully executed assignment in the form of **Exhibit "B".**

**11/3/07**  145. Pursuant to **Paragraph 4.2.2,** Seller shall deliver to Buyer a Servicing Portfolio Purchase Schedule in the form of **Exhibit "C".**

**11/5/07**  146. Pursuant to **Paragraph 4.2.3,** Seller shall deliver to Buyer copy of **Exhibits "A" and "F"** as of Sale Date.

**11/5/07**  147. Pursuant to **Paragraph 4.2.4,** Seller shall transfer all Custodial Accounts into accounts described in Paragraph 8.12.

**11/5/07**  148. Pursuant to **Paragraph 4.2.8.2,** Seller shall deliver to Buyer an electronic file (Excel document) detailing unpaid principal balance, next due date and total interest due for all Three Month Mortgage Loans.

**11/1/07**  149. Pursuant to **Paragraph 8.27,** Seller shall deliver to Buyer an executed Corporate Resolution granting officers of Buyer authority to sign on behalf of Seller.

**10/30/07**  150. Pursuant to **Paragraph 8.6,** Seller shall notify each Mortgagor of the assignment of servicing in accordance with the Real Estate Settlement Procedures Act ("RESPA").

**30 Days After**  151. Pursuant to **Paragraph 8.20,** Seller shall deliver to Buyer copies of all such executed Mortgage Assignments sent for recording. Copies may be provided in hard copy or soft copy (CD) format.

**10 Days Prior**  152. Seller to send Buyer a copy of their **September 2007** GNMA Monthly Exception report.

**Transfer Date**  153. Seller shall wire transfer the 203(k) rehab funds to Buyer along with appropriate files including distribution information.

**154.  Timeline of Settlement between AHM and MFB**

| Due Date | Transaction |
|---|---|
| Prior to 11/2/2007 | Seller shall prepare and send Assignment Agreement to Ginnie Mae. |

Seller 's Initials _____
Buyer's Initials _____

| | |
|---|---|
| **11/2/2007** | Ginnie Mae to approve Assignment Agreement and transfer custodial funds to Seller. |
| **3 Business Days after Transfer (11/6/07)** | Seller to send custodial funds, P&I, T&I, buydown and any other funds to Buyer. |
| **5 Days after Transfer (11/7/07) (11/12/07)** | Seller to send investor reports to Buyer to include Test of Expected, Pool to Security, and Trial Balance reporting. Seller to send 11/1/2007 ACS data report to Buyer including copies of any revised 11710A, 11710E, and 11710D reports. |
| **11/13/2007** | Seller and Buyer to agree upon all settlement related calculation amounts:<br>   * Test of Expected<br>   * Pool to Security<br>   * Ginnie Mae Remittances |
| **11/15/2007** | Buyer to send remittances for Ginnie Mae I pools (November 15, 2007 remittance) to Seller. |
| **11/15/2007** | Ginnie Mae to draft Seller's accounts for Ginnie Mae I pools remittance. |
| **11/19/2007** | Buyer to send remittances for Ginnie Mae II pools (November 19, 2007 remittance) to Seller. |
| **11/19/2007** | Ginnie Mae to draft Seller's accounts for Ginnie Mae II pools remittance. |