**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et. al. | : | Case No. 07-11047 (CSS) |
| | : | Jointly Administered |
| Debtors. | : | **Relates to Docket No. 1638** |
| | : | **Hearing: November 14, 2007 at 10:00 a.m.** |

**JOINDER OF EMC MORTGAGE CORPORATION TO DEBTORS' MOTION PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE DEBTORS TO FILE, UNDER SEAL, AN UNREDACTED PURCHASE AGREEMENT BY AND BETWEEN THE DEBTORS AND EMC MORTGAGE CORPORATION**

EMC Mortgage Corporation ("EMC"), by its undersigned attorneys, hereby joins the arguments and authorities set forth by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in the Debtors' Motion For An Order Authorizing The Debtors To File, Under Seal, An Unredacted Purchase Agreement By And Between The Debtors And EMC Mortgage Corporation (the "Motion"). In joining the Debtors' Motion, EMC respectfully represents as follows:

**RELEVANT BACKGROUND**

1. On August 6, 2007, the Debtors filed the (1) Debtors' Motion for Orders: (A)(I) Approving Sale Procedures, (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business, (III) Approving Form and Manner of Notice Thereof, and (IV) Granting Related Relief, and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims Encumbrances, and other Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (III) Granting Related Relief (the "Servicing Sale Motion") [D.I. 11]. The sale procedures set forth in

the Debtors' Servicing Sale Motion were approved by order dated August 9, 2007 (the "Servicing Sale Order") [D.I. 113].

2. On October 18, 2007, the Debtors held a hearing on the Servicing Sale Motion (the "Sale Hearing"), and at that hearing determined that it was necessary and in the best interest of all creditors and the Debtors' estates to sell the servicing rights related to the EMC Servicing Agreement (as defined below) separately and immediately. Therefore, the Debtors and EMC agreed to the terms set forth in the Purchase Agreement (the "Purchase Agreement") which provides for the Debtors to transfer all of the Debtors' right, title and interest in the servicing rights (the "EMC Servicing Rights") under that certain Purchase, Warranties and Servicing Agreement dated March 1, 2006 (the "EMC Servicing Agreement") (as further described at the Sale Hearing) and which confirms the termination of the EMC Servicing Agreement itself.

3. Based on representations made to the Court at the Sale Hearing and an oral motion by the Debtors to approve the sale of the EMC Servicing Rights, the Court entered an order approving the sale (the "Sale Order") [D.I. 1619] which attached a redacted Purchase Agreement that temporarily kept confidential (subject to the Debtors' Motion) the purchase price percentage of the total aggregate outstanding principal balance of the Mortgage Loans (as defined in the Purchase Agreement) that will be paid to the Debtors under the Purchase Agreement (the "Purchase Price Percentage").

**BASIS FOR JOINDER**

4. EMC joins the Debtors' Motion for all the reasons set forth more fully by the Debtors therein. In particular, EMC agrees that certain portions of the Purchase Agreement constitute confidential commercial information which should be protected from public disclosure pursuant to Section 107(b)(1) of the Bankruptcy Code.

5. Section 107(b)(1) of the Bankruptcy Code provides bankruptcy courts with the authority to issue certain orders that will protect entities from potential harm that may result from the disclosure of certain confidential information including confidential commercial information. See 11 U.S.C. § 107(b)(1); see also Fed. R. Bankr. P. 9018. Section 107(b)(1) does not require an entity seeking such protection to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected qualifies as one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d at 27.

6. The Purchase Price Percentage contained in the publicly filed Purchase Agreement satisfies the category in section 107(b)(1), which provides in pertinent part, that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development or commercial information." 11 U.S.C. § 107(b)(1). Indeed, the Purchase Price Percentage is the type of commercial information that, if disclosed, would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." In re Orion Pictures Corp., 21 F.3d at 27.

7. EMC is in the business of purchasing and selling servicing rights related to mortgage loans. The disclosure of the Purchase Price Percentage would expose highly sensitive commercial information of EMC and negatively affect EMC's ability to competitively purchase and sell servicing rights in accordance with its normal practice.

8. Furthermore, leading up to and throughout the Sale Hearing, the Debtors and EMC heavily negotiated the Purchase Agreement resolving EMC's objections to the Servicing Sale Motion. Throughout those negotiations, EMC understood and expected that the Purchase Price Percentage would remain confidential and under seal. Thus, disclosure of the Purchase Price Percentage subsequent to completion of the negotiations would be prejudicial to EMC.

9. In light of the foregoing, EMC believes that authorizing the Debtors to file an unredacted version of the Purchase Agreement under seal is necessary to safeguard EMC's ability to conduct its normal business practice of purchasing and selling servicing rights.

Dated: October 29, 2007
Wilmington, Delaware

Respectfully submitted,

DUANE MORRIS LLP

Frederick B. Rosner (DE 3995)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone: (302) 657-4943

and

SIDLEY AUSTIN LLP
William M. Goldman
Geoffrey T. Raicht
Alex R. Rovira
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

SIDLEY AUSTIN LLP
David R. Kuney
1501 K. St. N.W.
Washington, D.C. 20005
Telephone: (202) 736-8650
Facsimile: (202) 736-8711

5

NY1 6390666v.1
DM3\580839.1