UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047-CSS |
| HOLDINGS, INC., et al., | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | Re: D.I. 1702 |
| | ) | |

**ASSURED GUARANTY CORP.'S LIMITED OBJECTION TO THE DEBTORS'
PROPOSED FORM OF ORDER APPROVING SALE OF DEBTORS' SERVICING
BUSINESS TO AH MORTGAGE ACQUISITION CO., INC.**

Assured Guaranty Corp. ("Assured"), by and through its undersigned counsel, hereby files this limited objection (the "Objection") to the proposed order (the "Proposed Order") approving the sale of the servicing business of the above-captioned debtors and debtors-in-possessions (the "Debtors") to AH Mortgage Acquisition Co., Inc. (the "Purchaser"). By this Objection, Assured respectfully states as follows:

1. Pursuant to the Proposed Order and the related asset purchase agreement ("APA"), the Debtors are stipulating to the executory nature of certain servicing agreements (defined in the Proposed Order as "Stipulated Servicing Agreements") and are assuming and assigning these Stipulated Servicing Agreements to the Purchaser pursuant to section 365 of Title 11 of the United States Code.

2. Assured is an express third party beneficiary of one of the Stipulated Servicing Agreements (the "Assured Servicing Agreement").[1] The relevant section of the

---

[1] The Servicing Agreement, dated as of June 6, 2007, among Wells Fargo Bank, N.A., as Master Servicer, Deutsche Bank National Trust Company, as Trustee, American Home Mortgage Corp., as Sponsor, and American Home Mortgage Servicing Inc., as Servicer, which is identified on Exhibits B and C to the Proposed Order under index "1.1(j) ey."

Assured Servicing Agreement states that Assured "shall be entitled to all the rights and benefits accruing herein as if it were a direct party to this Servicing Agreement." *Assured Servicing Agreement*, § 7.05.

3. At a hearing on October 25, 2007 (the "Hearing"), Assured objected to entry of the Proposed Order because the Proposed Order failed to preserve or recognize Assured's express third-party beneficiary rights under the Assured Servicing Agreement.

4. At the Hearing, this Court sustained Assured's objection; however, the Court directed that any such language added to the Proposed Order should not expand Assured's rights under the Assured Servicing Agreement. At the Hearing, both the Debtors and the Purchaser proposed to insert a stand-alone paragraph reserving third-party beneficiary rights into the Proposed Order rather than inserting third-party beneficiary language in particular paragraphs of the Proposed Order. Assured agreed.

5. After the Hearing, the Debtors and Purchaser reconsidered and refused to include a stand-alone paragraph reserving third-party beneficiary rights in the Proposed Order. Instead, the Debtors and Purchaser agreed to the insertion of certain language concerning third-party beneficiaries in three specific paragraphs of the Proposed Order. Unfortunately, given other changes to the Proposed Order made by the Debtors and Purchaser, these insertions do not clearly preserve Assured's third-party beneficiary rights under the assigned Assured Servicing Agreement.

6. These insertions do not clearly preserve Assured's rights because the Debtors have revised the definition of "Other Agreements" in Paragraph J of the Proposed Order in such a way that creates a new ambiguity. The relevant portion of this new definition reads:

> As used in this Order, "Other Agreements" means any right, obligation, representation, covenant or agreement . . . (ii) that

relates to mortgage loan origination, mortgage loan sales or *credit enhancement of securities backed by Mortgage Loans* (and not credit enhancement relating to a specific Mortgage Loan) *(regardless of whether such Other Agreement arises from, or is memorialized in, the same writing as a Servicing Agreement).*

*Proposed Order*, ¶ J (emphasis added).

6. Assured is concerned that this new language creates an ambiguity regarding Assured's express third-party beneficiary rights under the Assured Servicing Agreement. This ambiguity could be read by a party to support the interpretation, notwithstanding the fact that Assured's rights are clearly delineated under the Assured Servicing Agreement (without reference to any other agreement), that such rights are an "Other Agreement" that is not being assigned to the Purchaser because such rights might be construed to "relate[] to . . . credit enhancement of securities."

7. Although the record created by the Debtors in these cases refutes this interpretation, the language in the Proposed Order could be used to support such an interpretation unless clarifying language is added to the Proposed Order.

8. For this reason, Assured respectfully requests that the Proposed Order be modified to include clarifying language such as the following:

> Except as set forth in this Order, nothing herein shall affect (expand or limit) the rights of any express third-party beneficiary of any Assumed Contracts that are Servicing Agreements.

9. Assured submits that this proposed language is necessary to prevent a mistaken reading of the order approving the sale and is entirely consistent with this Court's ruling at the Hearing. Assured further submits that the third-party beneficiary language inserted by the Debtors in Paragraphs Q, 57 and 60 does not address this potential ambiguity.

WHEREFORE, Assured respectfully requests that the Court (i) include the requested language in any order entered by this Court and (ii) grant such other relief as is appropriate.

Dated: Wilmington, Delaware
October 29, 2007

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

/s/ Daniel B. Butz
Robert J. Dehney (No. 3578)
Donna L. Culver (No. 2983)
Daniel B. Butz (No. 4227)
Chase Manhattan Centre, 18th Floor
1201 North Market Street
Wilmington, Delaware 19899
Telephone: (302) 658-9200

Counsel to Assured Guaranty Corp.

1298742.1