IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------------ x | | Chapter 11 |
| In re: | : | |
| | : | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE | : | |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Jointly Administered |
| | : | |
| Debtors. | : | **Hearing Date: Nov. 28, 2007 at 10:00 a.m.** |
| ------------------------------------------------------------ x | | **Objection Deadline: Nov. 21, 2007 at 4:00 p.m.** |

## APPLICATION FOR ORDER (I) APPROVING THE RETENTION AND EMPLOYMENT OF WELTMAN, WEINBERG & REIS CO., LPA AS FORECLOSURE PROFESSIONALS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE; (II) APPROVING ITS FEE STRUCTURE; <u>AND (III) GRANTING A PARTIAL WAIVER OF LOCAL RULE 2016-2(d)</u>

The above-captioned debtors and debtors in possession (collectively, the

"Debtors") hereby file this application (the "Application") seeking (i) entry of an order, pursuant

to sections 327(e), 328, 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330

(the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), (i) approving the retention and employment of Weltman,

Weinberg & Reis Co., LPA ( "Weltman, Weinberg & Reis" or the "Firm") as foreclosure

professionals for the Debtors effective, *nunc pro tunc* to the Petition Date (as defined below); (ii)

approving the Firm's Fee Structure (as defined below); and (iii) waiving Rule 2016-2(d) of the

Local Rules of Bankruptcy Practice and Procedure of the U.S. Bankruptcy Court for the District

of Delaware (the "Local Rules") to the extent set forth therein.  In support of this Application,

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

the Debtors rely upon the Affidavit of Allen J. Reis, Esq., a copy of which is attached hereto as

Exhibit A (the "Reis Affidavit").  In further support of this Application, the Debtors respectfully

represent as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal

predicates for the relief sought herein are sections 327(e), 328, 330 and 331 of the Bankruptcy

Code and Bankruptcy Rules 2014 and 2016.

## STATUS OF THE CASE

2.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court

a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.      Each Debtor is continuing to operate its business and manage its properties as a

debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Debtors' chapter 11 cases are being jointly administered pursuant to

Bankruptcy Rule 1015(b).

5.      No trustee or examiner has been appointed.  On August 14, 2007, the Office of

the Unites States Trustee appointed an official committee of unsecured creditors for these cases.

## THE DEBTORS' BUSINESS[2]

6.      Prior to the filing of these bankruptcy cases, AHM's business primarily entailed

the origination, servicing, and sale of mortgage loans, as well as investment in mortgage loans

---

[2]      The facts set forth herein are derived from the Declaration of Michael Strauss in Support of the Debtors'
Chapter 11 Petitions and First Day Relief [Docket No. 2], which is incorporated by reference as if fully set forth
herein at length.

2

and mortgage-backed securities resulting from the securitizations of residential mortgage loans. AHM also invested in securitized mortgage loans originated by others and originated and sold mortgage loans to institutional investors. AHM offered an array of mortgage products and primarily made loans to borrowers with good credit profiles. Most of its portfolio consisted of securitized adjustable-rate mortgage (ARM) loans of prime and alternate A quality.

7.     As of December 31, 2006, AHM held a leveraged portfolio of mortgage loans held for investment and mortgage-backed securities in the amount of approximately $15.6 billion. As of December 31, 2006, AHM operated more than 550 loan production offices located in 47 states and the District of Columbia, and made loans throughout all 50 states and the District of Columbia. Certain of the Debtors originated mortgages through a network of loan origination offices. In addition, AHM originated loans obtained from mortgage brokers and purchased loans from correspondents. AHM originated approximately $58.9 billion in aggregate principal amount of loans in 2006 and for the third quarter of 2006 was ranked as the nation's 10th largest residential mortgage lender, according to National Mortgage News.

8.     A large component of AHM's business is the servicing of loans, which is conducted through AHM Servicing. The servicing business collects mortgage payments, administers tax and insurance escrows, responds to borrower inquiries, and maintains control over collection and default mitigation processes. As of December 31, 2006, AHM Servicing serviced approximately 197,000 loans with an aggregate principal amount of approximately $46.3 billion. AHM continues to conduct its servicing business, which constitutes a valuable asset of the Debtors' estates.

## RELEVANT BACKGROUND

9.      On August 16, 2007, the Debtors filed their Motion for an Order Pursuant to

Sections 105, 327, 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing

the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc

Pro Tunc to the Petition Date [Docket No. 192] (the "OCP Motion"). By the OCP Motion, the

Debtors sought to retain and employ Weltman, Weinberg & Reis as a professional utilized in the

ordinary course of the Debtor's business effective, nunc pro tunc, to the Petition Date.

10.     On September 7, 2007, the Court entered the Order Pursuant to Sections 105(a),

327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the

Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro

Tunc to the Petition Date (the "OCP Order"). Pursuant to the OCP Order, the Debtors were

authorized to retain Weltman, Weinberg & Reis, nunc pro tunc to the Petition Date, without the

need to file an individual retention application. Moreover, as set forth more fully in the OCP

Order, upon the filing of an affidavit of disinterestedness (the "Disinterestedness Affidavit") and

the running of the objection deadline, Weltman, Weinberg & Reis could have been paid monthly

for postpetition compensation and reimbursement of postpetition expenses in the manner

customarily made by the Debtors prior to the commencement of their chapter 11 cases, in the full

amount billed, up to $75,000 (the "Monthly Cap"), without the need to file monthly fee

applications. Payments to Weltman, Weinberg & Reis could not exceed $185,000 during any

three month period absent (i) written consent from the Committee or (ii) an order of the Court

authorizing the Debtor to make such payments.

11.     As the Debtors and Weltman, Weinberg & Reis began preparing the

Disinterestedness Affidavit, it was discovered that, given the volume of the Firm's outstanding

4

066585.1001

foreclosure matters and the new matters referred by the Debtors monthly, Weltman, Weinberg &

Reis would exceed the Monthly Cap by a significant amount and on a consistent basis. As a

result, the Debtors have filed this Application.

## RELIEF REQUESTED

12.    By this Application and pursuant to section 327(e) of the Bankruptcy Code and

Bankruptcy Rule 2014, the Debtors seek entry of an order (i) authorizing the retention and

employment of Weltman, Weinberg & Reis as foreclosure professionals effective, nunc pro tunc

to the Petition Date; (ii) approving the Fee Structure; and (iii) waiving Local Rule 2016-2(d) to

the extent set forth herein.

## BASIS FOR RELIEF

**A.    Weltman, Weinberg & Reis's Qualifications**

13.    The Debtors seek to retain Weltman, Weinberg & Reis as their foreclosure

professionals because of the Firm's extensive experience handling foreclosures, evictions, title

curative matters and contested real estate matters in Ohio, Kentucky, Indiana, Illinois,

Pennsylvania and Michigan and bankruptcy related services for cases where the mortgagors have

filed bankruptcy petitions. Additionally, the Debtors submit that Weltman, Weinberg & Reis has

expertise and experience in prosecuting the matters for which it is being retained. Accordingly,

the Debtors believe that Weltman, Weinberg & Reis will effectively and efficiently handle the

matters for which it is retained in a manner that is cost effective for the Debtors' estates.

**B.    Payment of Fees and Expenses**

14.    Weltman, Weinberg & Reis will seek approval of payment of compensation and

reimbursement of actual, necessary expenses and other charges upon the filing of appropriate

applications for allowance of interim and/or final compensation and reimbursement of expenses

pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local

Rules, and Orders of this Court. The Firm employs a two-tier fee structure (the "Fee Structure") for its performance of foreclosure services. The Firm provides its foreclosure related services on a fixed fee basis, as set forth in Exhibit 2 of the Reis Affidavit (the "Fixed-Rate Foreclosure Fees"). In the event that non-routine services must be provided, the firm seeks compensation at the rate of $195/hour for its attorneys ("Non-Routine Services Compensation"). Non-routine services, as identified in Exhibit 2 of the Reis Affidavit, include, but are not limited to, contested foreclosures, counterclaims against the Debtors, the litigation of special issues and the appointment of a receiver. In addition to the Fixed-Rate Foreclosure Fees, the Firm advances the actual and necessary expenses on behalf of the Debtors in the amounts set forth below for each state:

    *a.*    ***Ohio***

1. Filing Complaint: The amount varies by county with a range of $75 to $1,000. The average cost is $550;
2. Service of Complaint: The amount varies by county with a range of $100 to $500. The average cost is $350;
3. Praecipe for Sale: The amount varies by county with a range of $45 to $1,000. The average cost is $550; and
4. Title Costs: Title costs range from $375-$5,000 and are determined by the unpaid principal balance of the mortgage loan.

    b.    ***Kentucky***

1. Cost of Complaint: Estimated cost is $200;
2. Service of Complaint: Estimated cost is $200;
3. Master Commissioner Deposits for Sale: The amount varies by county with a range of $500 to $3,000. The average cost is $1,200.
4. Title Costs: Title costs range from $525-$4,000 and are determined by the unpaid principal balance of the mortgage loan.

    c.    ***Indiana***

1. Cost of Complaint: Estimated Cost is $200;
2. Praecipe for Sale: The amount varies by county with a range of $72.62 to $500.00;
3. Title Costs: Title costs range from $450-$2,000 and are determined by the unpaid principal balance of the mortgage loan.

6

d.    ***Michigan***

1.    Title Costs:  Title costs are $325;
2.    Publication:  Cost of publication is $1,000;
3.    Sale Re-Sets:  $8.00 per sale.

15.    In addition to the state-specific costs advanced for foreclosure proceedings, the

Firm also advances the following costs when required:

1.    Filing of Motion for Relief from the Automatic Stay in
       Bankruptcy Proceedings: $150;
2.    Filing an Adversary Complaint in Bankruptcy Proceedings:  $250;
3.    Costs Advanced for Securing an Eviction:  $150 to $750.

16.    The fees and expenses set forth above are subject to periodic adjustments to

reflect economic and other conditions.

17.    The Debtors seek approval of the Fee Structure pursuant to 11 U.S.C. § 328(a).

Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor, "with the court's

approval, may employ or authorize the employment of a professional person under section 327 . .

. on any reasonable terms and conditions of employment including . . . on a fixed or percentage

fee basis." 11 U.S.C. § 328(a).  The Fixed-Rate Foreclosure Fee charged by the Firm for each

foreclosure file is a reasonable fee, especially when taken in light of the related costs and

expenses required for each foreclosure.  Additionally, the hourly rates for attorneys requested as

Non-Routine Services Compensation represent reasonable fees and are consistent with the fees

provided to other legal professionals in this case.

18.    Notwithstanding the approval of the Fee Structure requested herein, all of the

Firm's fees and expenses in these chapter 11 cases will be subject to the approval of the Court

upon proper application by Weltman, Weinberg & Reis in accordance with sections 330 and 331

of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, the fee and expense

guidelines established by the United States Trustee, and any other applicable requirements.

7

19.    In accordance with Local Rule 2016-2(g), the Debtors also seek a waiver of Local Rule 2016-2(d) with respect to submission of detailed time entries for the Fixed-Rate Foreclosure Fee.  Because the activities performed with respect to the Fixed-Rate Foreclosure Fee are billed at a fixed-rate, the Firm does not keep detailed time entries in the ordinary course of its business for any matters covered by the Fixed-Rate Foreclosure Fee, and as such, the Debtors request that the Court waive the requirements of Local Rule 2016-2(d) with respect to these activities.  In lieu of detailed time entries, the Debtors propose that the Firm provide a list of the foreclosure matters subject to the Fixed-Rate Foreclosure Fee during the monthly application period.  By this Application, the Debtors do not seek a waiver of the requirement to submit detailed time entries as to the activities related to a Non-Routine Services Matter; accordingly, the Firm will provide detailed time entries in accordance with Local Rule 2016-2(d) for any Non-Routine Services Compensation requested.

## C.    **Services To Be Provided**

20.    The professional services that Weltman, Weinberg & Reis will render to the Debtors include, but shall not be limited to, real estate and bankruptcy services related to mortgage foreclosures in Ohio, Indiana, Kentucky and Michigan.  These services will primarily be performed in connection with the Debtors' mortgage servicing business.

## D.    **Nunc Pro Tunc Retention**

21.    Since the Petition Date, Weltman, Weinberg & Reis has continued to diligently handle the Debtors' foreclosure matters for the benefit of the Debtors' and their estates.

22.    As set forth more fully above, on September 7, 2007, the Court authorized the Debtors to retain Weltman, Weinberg & Reis, in the ordinary course of their business, *nunc pro tunc* to the Petition Date.  However, upon subsequent review of the volume of the Firm's outstanding foreclosure matters and the new matters referred by the Debtors monthly, the

8

Debtors, in consultation with Weltman, Weinberg & Reis, anticipate that Weltman, Weinberg & Reis would consistently exceed the Monthly Cap set forth in the OCP Order by a significant amount.

23.     Based on the foregoing, the Debtors submit that the retention of Weltman, Weinberg & Reis should be approved nunc pro tunc to the Petition Date.

**E.     Disclosure Summary**

24.     As set forth more fully in the Reis Affidavit, to the best of the Debtors' knowledge, and except as disclosed in the Reis Affidavit, the Firm  does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which the Firm is being engaged as provided in Section 327(e) of the Bankruptcy Code.

25.     The Debtors currently owe the Firm $192,110.29 for pre-petition services.

26.     For the above reasons, the Debtors submit that Weltman, Weinberg & Reis's retention and employment is necessary and in the best interest of the Debtors and their estates.

## NOTICE

27.     Notice of this Application will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Agent for the Debtors' postpetition lender; (v) the Securities and Exchange Commission, and (vi) all parties entitled to notice under Del. Bankr. LR 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## PRIOR REQUEST

28.     As set forth above, Weltman, Weinberg & Reis has previously been approved by this Court as an Ordinary Course Professional in this case.

9

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit B, (i) authorizing the retention and employment of Weltman, Weinberg & Reis pursuant to the terms of the Application effective, *nunc pro tunc* to the Petition Date; (ii) approving the Fee Structure; (iii) granting a partial waiver to Local Rule 2016-2(d); and (iv) granting the Debtors such other and further relief as is just and proper.

Wilmington, Delaware
October 30, 2007

          YOUNG CONAWAY STARGATT & TAYLOR, LLP

          *Margatter* (4652)

          James L. Patton, Jr. (No. 2202)
          Joel A. Waite (No. 2925)
          Pauline K. Morgan (No. 3650)
          Sean M. Beach (No. 4070)
          Matthew B. Lunn (No. 4119)
          Kara Hammond Coyle (No. 4410)
          Kenneth J. Enos (No. 4544)
          The Brandywine Building
          1000 West Street, 17th Floor
          Wilmington, Delaware 19801
          Telephone: (302) 571-6600
          Facsimile: (302) 571-1253

          Attorneys for the Debtors and
          Debtors-in-Possession

# EXHIBIT A

**Reis Affidavit**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             :    Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE                                             :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]                 :
                                                                   :    Jointly Administered
                                       Debtors.                    :
------------------------------------------------------------------ x

**AFFIDAVIT OF ALLEN J. REIS IN SUPPORT OF APPLICATION FOR ORDER
(I) APPROVING THE RETENTION AND EMPLOYMENT OF WELTMAN,
WEINBERG & REIS, LLP AS FORECLOSURE PROFESSIONALS FOR
THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE;
(II) APPROVING ITS FEE STRUCTURE; AND (III) GRANTING
A PARTIAL WAIVER OF LOCAL RULE 2016-2(d)**

Allen J. Reis being duly sworn, deposes and says:

1.      I am a shareholder and officer of Weltman, Weinberg & Reis Co., LPA

("Weltman, Weinberg & Reis" or the "Firm"), which maintains offices at 965 Keynote Circle,

Brooklyn Heights, Ohio, 44131; 323 W. Lakeside Avenue, Suite 200, Cleveland, Ohio 44113;

175 S. Third St., Suite 900, Columbus, Ohio 43123; N. Lasalle St., Suite 2400, Chicago, Illinois

60601; 2155 Butterfield Dr., Troy, Michigan 48084; 325 Chestnut St., Suite 501, Philadelphia,

Pennsylvania 19106; 436 Seventh Ave., Suite 2718, Pittsburgh, Pennsylvania 15219.  This

affidavit is submitted in support of the Application for Order (I) Approving the Retention and

Employment of Weltman, Weinberg & Reis as Foreclosure Professionals for the Debtors, *Nunc*

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

*Pro Tunc* to the Petition Date; (II) Approving Its Fee Structure; and (III) Granting a Partial Waiver of Local Rule 2016-2(d) (the "Application").

       2.      Weltman, Weinberg & Reis has conducted a series of searches in the Firm's conflicts databases to identify relationships with creditors and other parties-in-interest (or potential parties-in-interest) in these chapter 11 cases. Based on the conflicts, connections, and relationships searches and reviews conducted, to the best of my knowledge, I, the Firm, or one or more members or employees thereof, have the connections identified in Exhibit 1 with the above-captioned debtors and debtors in possession (collectively the "Debtors"), their creditors, or any other parties-in-interest, or their respective attorneys and professionals, the Office of the United States Trustee, and Judges serving in the U.S. District Court and the U.S. Bankruptcy Court for the District of Delaware.

       3.      Weltman, Weinberg & Reis has performed the stated work for the following entities identified on Exhibit 1, but is not aware of any direct conflicts:

       4.      Weltman, Weinberg & Reis has searched its database to determine whether they or any affiliate had any relationships with the following (collectively, the "Interested Parties"):

a)   The Debtors;

b)   The Debtors' non-debtor affiliates and client affiliates;

c)   Current and former officers and directors of the Debtors;

d)   Significant shareholders of the Debtors;

e)   The largest unsecured creditors as provided by the Debtors;

f)   The warehouse lenders and

g)   various other parties-in-interest, as identified by the Debtors.

                                           

5.      Weltman, Weinberg & Reis is continuing to review the Debtors' list of creditors.  To the extent that I become aware of any additional connections or relationships that may be relevant to Weltman, Weinberg & Reis's services rendered on behalf of the Debtors, I will file a supplemental affidavit.

6.      Weltman, Weinberg & Reis has not executed a postpetition Engagement Letter with the Debtors.  Instead, Weltman, Weinberg & Reis bills the Debtors on a periodic basis after services are performed.

7.      Weltman, Weinberg & Reis will seek approval of payment of compensation and reimbursement of actual, necessary expenses and other charges upon the filing of appropriate applications for allowance of interim and/or final compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of this Court.  The Firm employs a two-tier fee structure (the "Fee Structure") for its performance of foreclosure services.  The Firm provides its foreclosure related services on a fixed fee basis, as set forth in Exhibit 2 of the Reis Affidavit (the "Fixed-Rate Foreclosure Fees").  In the event that non-routine services must be provided, the firm seeks compensation at the rate of $195/hour for its attorneys ("Non-Routine Services Compensation").  Non-routine services, as identified in Exhibit B of the Reis Affidavit, include, but are not limited to, contested foreclosures, counterclaims against the Debtors, the litigation of special issues and the appointment of a receiver.  In addition to the Fixed-Rate Foreclosure Fees, the Firm advances the actual and necessary expenses on behalf of the Debtors in the amounts set forth below for each state:

   a) *Ohio*

      i)  Filing Complaint:  The amount varies by county with a range of $75 to
          $1,000.  The average cost is $550;

3

    ii) <u>Service of Complaint</u>:  The amount varies by county with a range of $100 to $500.  The average cost is $350;

    iii) <u>Praecipe for Sale</u>:  The amount varies by county with a range of $45 to $1,000.  The average cost is $550; and

    iv) <u>Title Costs</u>:  Title costs range from $375-$5,000 and are determined by the unpaid principal bAllence of the mortgage loan.

b) *Kentucky*

    i) <u>Cost of Complaint</u>:  Estimated cost is $200;

    ii) <u>Service of Complaint</u>:  Estimated cost is $200;

    iii) <u>Master Commissioner Deposits for Sale</u>:  The amount varies by county with a range of $500 to $3,000.  The average cost is $1,200.

    iv) <u>Title Costs</u>:  Title costs range from $525-$4, 000 and are determined by the unpaid principal bAllence of the mortgage loan.

c) *Indiana*

    i) <u>Cost of Complaint</u>:  Estimated Cost is $200;

    ii) <u>Praecipe for Sale</u>:  The amount varies by county with a range of $72.62 to $500.00;

    iii) <u>Title Costs</u>:  Title costs range from $450-$2, 000 and are determined by the unpaid principal bAllence of the mortgage loan.

d) *Michigan*

    i) <u>Title Costs</u>:  Title costs are $325;

    ii) <u>Publication</u>:  Cost of publication is $1,000;

    iii) <u>Sale Re-Sets</u>:  $8.00 per sale.

8.    In addition to the state specific costs advanced for foreclosure

proceedings, the Firm also advances the following costs when required:

    1.    Filing of Motion for Relief from the Automatic Stay in Bankruptcy Proceedings: $150;

    2.    Filing an Adversary Complaint in Bankruptcy Proceedings:  $250;

    3.    Costs Advanced for Securing an Eviction:  $150 to $750.

9.    The fees and expenses set forth above are subject to periodic adjustments

to reflect economic and other conditions. In support of the request to waive Local Rule 2016-

2(d), I affirm that Weltman, Weinberg & Reis, in the ordinary course of its business, does not

4

2(d), I affirm that Weltman, Weinberg & Reis, in the ordinary course of its business, does not keep detailed time entries with respect to the activities covered by the Fixed-Rate Foreclosure Fee.

    10.    The Debtors owe Weltman, Weinberg & Reis $192,110.29 for unpaid services rendered and expenses advanced on behalf of the Debtors prepetition. Weltman, Weinberg & Reis agrees to take no action in regard to collecting prepetition amounts owed other than filing a proof of claim against the Debtors.

    11.    The Debtors have not provided the Firm with any retainer fee.

    12.    No promises have been received by the Firm or by any officer or employee thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received (excluding amounts paid to vendors advanced on behalf of the Debtors) by the Firm in connection with any matters for which Weltman, Weinberg & Reis prosecutes on behalf of the Debtors.

    WHEREFORE, pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

_____
Allen J. Reis

Sworn to before me this 26th day of October, 2007.

_____
Notary Public
My Commission Expires: 05-28-08

MARSHA D. MAKEL
Notary Public, State of Ohio
My Commission Expires 05-28-08

5

066585.1001

# EXHIBIT 1

**Weltman, Weinberg & Reis Co., LPA Connection Disclosure**

Debtors

The Firm performed the work indicated for the following entities:

- American Home Mortgage Servicing Inc. relating to bankruptcy, foreclosure, and eviction matters; and

- American Home Mortgage Corp. relating to collection matters involving former employees of debtors, and other collection matters including actions against broker firms handling debtors' mortgage business (EPO/pair off litigation).

Non-Debtor Affiliates/Client Affiliates

The Firm had no connections relating to "Non-Debtor Affiliates/Client Affiliates" in its database.

Debtor's Officers and Directors

The Firm had no connections with the Debtors' Officers and Directors.

Shareholders

The Firm had no connections relating to "Shareholders" in its database.

Largest Unsecured Creditors

The Firm performed default work and/or defense work for the following entities:

- JPMorgan Chase Bank, NA
- Bank of America, N.A.
- 406 Partners
- Wells Fargo Bank, N.A.
- Bear, Stearns & Co. Inc.
- Wells Fargo
- HSBC Bank
- Washington Mutual Bank, FA
- IndyMac Bank, F.S.B.
- GMAC
- American Express

The Firm is not aware of any direct conflicts between its representation of the above clients and its representation of the Debtors. The defense work typically involves defending the client against claims brought by the borrower. The Firm may also handle issues of priority among lenders. The defense work does not typically involve prosecution or defense of indemnification claims of servicers.

Warehouse Lenders

The Firm performed default work and/or defense work for the following entities:

- Bank of America, N.A.
- Bear Stearns & Co. Inc.

The Firm is not aware of any direct conflicts between its representation of the above clients and its representation of Debtors. The defense work typically involves defending the client against claims brought by the borrower. The Firm may also handle issues of priority among lenders. The defense work does not typically involve prosecution or defense of indemnification claims of servicers.

Other Adverse Parties

The Firm performed default work and/or defense work for the following entities:

- ABN AMRO Bank
- CB Richard Ellis
- Citibank
- First American Bank
- GMAC
- Sovereign Bank
- Wachovia Bank, N.A.
- Washington Mutual

The Firm is not aware of any direct conflicts between its representation of the above clients and its representation of the Debtors. The defense work typically involves defending the client against claims brought by the borrower. The Firm may also handle issues of priority among lenders. The defense work does not typically involve prosecution or defense of indemnification claims of servicers.

The Firm also has the indicated connections with the following entity:

Members First Credit Union, an Ohio Corporation, referred the "Modified Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, if any" filed by Debtor (Docket #674). The Firm reviewed and referred the matter to local counsel in Delaware on behalf of Members First Credit Union. Members First Credit Union decided not to file an objection. The Firm was not compensated. The Firm placed Members First Credit Union on notice that the Firm could not represent them due to their representation of American Home Mortgage Servicing Inc. and American Home Mortgage Corp.

Professionals of the Debtor

The Firm had no connections relating to "Professionals of the Debtor" in its database.

United States Trustee

The Firm had no connections relating to "United States Trustee" in its database. The firm handles cases in which Kelly Beaudin Stapelton, U.S. Trustee and Andrew Vara, Assistant U.S. Trustee have been involved

United States Bankruptcy Court Judges for the District of Delaware

The firm had connections with the following individuals[1] that may or may not be the individual referenced in Debtor's list:

Kevin J. Carey: The firm represented clients with possible claims against individuals with the name Kevin J. Carey in Ypsilanti, Michigan.

Judith Fitzgerald: The firm represented clients with possible claims against individuals with the name Judith Fitzgerald in Lexington, Kentucky.

Kevin Gross: The firm represented clients with possible claims against individuals with the name Kevin Gross. The individuals were identified as having addresses in Springfield, Ohio; Beattyville, Kentucky; Winchester, Kentucky; Wayne, Michigan; New Castle, Delaware; Indianapolis, Indiana; and Williamsport, Maryland.

---

[1] Specific addresses have been omitted. To the extent more information is needed, the Firm will provide specific addresses.

## **EXHIBIT 2**

**Weltman, Weinberg & Reis Co., LPA Fee Schedule**

# WELTMAN, WEINBERG & REIS CO., L.P.A.
## FEE SCHEDULE

| Foreclosure: | | Ohio | Illinois | Kentucky | Indiana | Pennsylvania | Michigan non-judici |
|---|---|---|---|---|---|---|---|
| VA | | $850 | $850 | $700* | $750 | $850 | $500 |
| FHLMC | | 900 | 900 | 900 | 900 | 900 | 500 |
| FNMA | | 1,100 | 1100 | 1,100* | 1,000 | 1,250 | 650 |
| HUD/FHA | Effective 09/01/05 | 1,150 | 1,150 | 1,150 | 1,050 | 1,300 | 700 |
| HUD/FHA | Prior to 09/01/05 | 1,100 | 1,100 | 1,100 | 1,000 | 1,250 | 650 |
| Other/Conv | | 1,100 | 1100 | 1,100* | 1,000 | 1,250 | 650 |
| Each additional sale after first sale: | | 100 | 100 | 100 | 100 | 100 | 100 |

*Flat fee in Kentucky covers routine services including attendance at 1 hearing. If the court requires multiple appearances for routine hearings, an additional fee of $150 will apply to each subsequent hearing.

| Third-Party Foreclosure with Passive (Protective) Representation: | | $500 | $500 | $500 | $500 | $500 | $500 |
|---|---|---|---|---|---|---|---|
| Breach/Demand Letter: | | $75 | $75 | $75 | $75 | $75 | $75 |
| Preparation of Forbearance Agreement or Loan Modification Agreement: | | $350 | $350 | $350 | $350 | $350 | $350 |
| Preparation of Assignment of Mortgage: | | $100 | $100 | $100 | $100 | $100 | $100 |

| Deed-in-Lieu: | | | | | | | |
|---|---|---|---|---|---|---|---|
| VA | | $300 | $300 | $300 | $350 | $300 | $275 |
| FHLMC | | 250 | 250 | 250 | 300 | 225 | 250 |
| FNMA | | 350 | 350 | 350 | 350 | 350 | 350 |
| HUD | Effective 09/01/05 | 400 | 400 | 400 | 400 | 400 | 400 |
| HUD | Prior to 09/01/05 | 350 | 350 | 350 | 350 | 350 | 350 |
| Other | | 350 | 350 | 350 | 350 | 350 | 350 |

| Possessory Action (Eviction or Writ of Possession): | | | | | | | |
|---|---|---|---|---|---|---|---|
| FHLMC | | $200 | $300 | $400 | $200 | $225 | $300 |
| FNMA | | 300 | 300 | 350 | 300 | 400 | 300 |
| HUD | Effective 09/01/05 | 325 | 325 | 375 | 325 | 425 | 325 |
| HUD | Prior to 09/01/05 | 300 | 350 | 350 | 300 | 400 | 300 |
| All Others | | 300 | 300 | 350 | 300 | 400 | 300 |

| Bankruptcy: | | | | | | | |
|---|---|---|---|---|---|---|---|
| Proof of Claim (POC) Only | | $150 | $150 | $150 | $150 | $150 | $150 |
| POC and Objection to Plan | | 350 | 350 | 350 | 350 | 350 | 350 |
| Objection to Plan Only | | 200 | 200 | 200 | 200 | 200 | 200 |
| Relief from Stay/Abandonment and Arrearage POC: | | | | | | | |
| VA | | | | | | | |
| | Ch. 7 | $450 | $450 | $450 | $450 | $450 | $450 |
| | Ch. 13 | $650 | $650 | $650 | $650 | $650 | $650 |
| | Additional Appearances | 100 | 100 | 100 | 100 | 100 | 100 |

FHLMC

| | | | | | | |
|---|---|---|---|---|---|---|
| Ch. 7 | 400 | 400 | 400 | 400 | 400 | 400 |
| Ch. 12 & 13 | 450 | 450 | 450 | 450 | 450 | 450 |
| FNMA | 650 | 650 | 650 | 650 | 650 | 650 |
| HUD – Effective 09/01/05 – CH 7 | 650 | 650 | 650 | 650 | 650 | 650 |
| HUD – Effective 09/01/05 – CH 13 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 |
| HUD – Prior to 09/01/05 - ALL | 750 | 750 | 750 | 750 | 750 | 750 |
| Other | 650 | 650 | 650 | 650 | 650 | 650 |

Non-Routine Services:

Contested Cases, Counterclaims,
Litigating Special Issues,

| | | | | | | |
|---|---|---|---|---|---|---|
| Appointing Receiver, etc. | $195/hr | $195/hr | $195/hr | $195/hr | $195/hr | $195 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                          :    Chapter 11
                                                :
AMERICAN HOME MORTGAGE                          :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]  :
                                                :    Jointly Administered
                          Debtors.              :
------------------------------------------------------------------ x

### STATEMENT PURSUANT TO RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURES AND SECTION 329 OF THE BANKRUPTCY CODE

1.      Weltman, Weinberg & Reis Co., LPA ("Weltman, Weinberg & Reis" or

the "Firm"), pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), section 329 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330

(the "Bankruptcy Code"), and Rule 2014 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), states that the undersigned is a foreclosure professional seeking retention by the Court

in the cases of the above-captioned debtors and debtors in possession (the "Debtors").

2.      Compensation agreed to be paid by the Debtors to Weltman, Weinberg &

Reis is to be for services rendered in connection with these cases. The Debtors agreed to pay

Weltman, Weinberg & Reis for the services rendered or to be rendered by its various foreclosure

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

professionals. The Debtors have also agreed to reimburse Weltman, Weinberg & Reis for its actual and necessary expenses incurred in connection with these cases.

3.      Weltman, Weinberg & Reis intends to apply to the Court for payment of compensation and reimbursement of expenses and payment of other charges in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, the District of Delaware Local Bankruptcy Rules, and orders of this Court. Weltman, Weinberg & Reis has requested a limited waiver of Local Rule 2016-2(d) with respect to the Fixed-Rate Foreclosure Fee.

4.      The Debtors owe Weltman, Weinberg & Reis approximately $192,110.29 for unpaid services rendered and expenses advanced on behalf of the Debtors prepetition. Weltman, Weinberg & Reis agrees to take no action in regard to collecting prepetition amounts owed other than filing a proof of claim against the Debtors.

5.      The professional services that Weltman, Weinberg & Reis will render to the Debtors include, but shall not be limited to, real estate and bankruptcy services related to mortgage foreclosures in Ohio, Indiana, Kentucky and Michigan. These services will primarily be performed in connection with the Debtors' mortgage servicing business.

6.      Weltman, Weinberg & Reis further states that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members, employees, or shareholders of Weltman, Weinberg & Reis (excluding amounts paid to vendors advanced on behalf of the Debtors), or (b) any compensation another person or party has received or may receive.

2

Dated:    October ___, 2007

_____
Allen J. Reis
Weltman, Weinberg & Reis Co., LPA

3

066585.1001