**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 : Jointly Administered
    Debtors.                                  :
---------------------------------------------------------------- x

### DEBTORS' MOTION PURSUANT TO DEL. L.R. 9006-1(e) FOR AN ORDER SHORTENING THE TIME FOR NOTICE FOR DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR AN ORDER APPROVING AND AUTHORIZING SETTLEMENT AGREEMENT BY AND BETWEEN THE DEBTORS AND BEAR STEARNS MORTGAGE CAPITAL CORP. AND EMC MORTGAGE CORP. RESOLVING ADVERSARY PROCEEDING (07-51701)

    The above-captioned debtors and debtors-in-possession (the "Debtors") hereby move (the "Motion to Shorten") this Court, pursuant to Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and section 102 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), for the entry of an order shortening the time for notice for Debtors Motion Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 for an Order Approving and Authorizing the Settlement Agreement By and Between the Debtors and Bear Stearns Mortgage Corp. ("BSMCC") and EMC Mortgage Corp. ("EMC" together with the Debtors and BSMCC, the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

"Parties") Resolving Adversary Proceeding (07-51701) (the "Motion").[2] In support of the Motion to Shorten, the Debtors respectfully represent as follows:

1. Pursuant to Bankruptcy Rule 2002(a)(3), a motion to approve "a compromise or settlement of a controversy other than approval of an agreement pursuant to Rule 4001(d) requires at least twenty (20) days notice by mail." Fed. R. Bankr. Proc. 2002(a)(3). Further, Local Rule 9006-1(e) provides that such period may be shortened by Order of the Court upon written motion specifying the exigencies supporting shortened notice. See, Del. Bankr. L.R. 9006-1(e).

2. As more particularly set forth in the Motion, BSMCC and AHM Corp., AHM Investment, AHM Acceptance and AHM Servicing (collectively, the "Defendants") were parties to a certain Whole Loan Master Repurchase Agreement, dated June 23, 2004 (as amended, supplemented and otherwise modified, the "Repurchase Agreement") pursuant to which BSMCC purchased certain mortgage loans (the "Purchased Mortgage Loans") from the Defendants and the Defendants were to repurchase the Purchased Mortgage Loans from BSMCC on demand, or at a later, agreed upon date (the "Repurchase Date").

3. On August 10, 2007, BSMCC sold the Purchased Mortgage Loans to EMC on a servicing related basis as the result of the Defendants' alleged prepetition failure to meet a certain Margin Call and requested that the Defendants turn over all documents and subsequently received funds related to the Purchased Mortgage Loans.

4. On August 24, 2007, BSMCC and EMC (together, the "Plaintiffs") filed their Complaint for Declaratory and Injunctive Relief (the "Complaint") [D.I. 1], thereby initiating an adversary proceeding, Adv. Proc. Case No. 07-51701 (the "Adversary Proceeding"). By the Complaint, the Plaintiffs sought a declaratory judgment that, among other things, (i) the Defendants

---

[2] All capitalized terms used, but not defined herein, shall have the meanings given to them in theMotion.

were obligated to provide access to and deliver certain documents related to the Purchased Mortgage Loans to EMC, (ii) the Defendants were obligated to transfer certain documents related to the Purchased Mortgage Loans to EMC, (iii) the Defendants were obligated to prevent commingling of funds or payments related to the Purchased Mortgage Loans, (iv) the Defendants breached the Repurchase Agreement, and (v) the Defendants exercised and assumed an unauthorized right of ownership of the Purchased Mortgage Loans by failing to turn same over to EMC upon request. On September 11, 2007, the Defendants filed their Answer to the Complaint for Declaratory and Injunctive Relief (the "Answer") [D.I. 8] by which the Defendants opposed the relief sought in the Complaint.

5. As a result of extensive negotiations, the Parties have reached an agreement the terms of which are embodied in the executed settlement agreement (the "Settlement Agreement"), attached to the Motion as Exhibit A.

6. The Debtors submit that there is sufficient cause to justify shortening the notice period for the hearing on approval of the relief requested in the Motions. The Settlement Agreement provides for a Transfer Date (as defined in the Settlement Agreement) of November 2, 2007. While the Parties have mutually agreed to modify the Transfer Date in order to seek this Court's approval of the Settlement Agreement, the Transfer Date must occur on or before November 5, 2007 in order to preserve the deal. Moreover, the approval of the Settlement Agreement is in the best interest of the Debtors, their estate and creditors by avoiding the time and expense associated with litigating the Adversary Proceeding.

7. Based on the foregoing, the Debtors submits that cause exists to justify shortening the notice period for the hearing on approval of the relief requested in the Motion. Accordingly, the Debtor requests that a hearing on the relief requested in the Motion be scheduled

for November 5, 2007 at 3:00 p.m. (ET), with objections due on or before 10:00 a.m. (ET) on November 5, 2007. In light of the shortened notice period, the Debtor will serve the Motions via overnight delivery, fax or email, on (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) Counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006 (the "Administrative Agent"); (iv) counsel to the DIP Lender; (v) counsel to the Plaintiffs; and (vi) all parties entitled to notice under Local Rule 2002-1(b).

8. If the relief requested herein is granted, the Debtors will serve a copy of the order entered by the Court via overnight delivery, fax or email on (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) the Administrative Agent; (iv) counsel to the DIP Lender; (v) counsel to the Plaintiffs; and (vi) all parties entitled to notice under Local Rule 2002-1(b).

WHEREFORE, the Debtors respectfully request that the Court enter an Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: Wilmington, Delaware
October 31, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x  Chapter 11
In re:                                                         :
                                                               :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                         :
HOLDINGS, INC., a Delaware corporation, et al.,                :  Jointly Administered
                                                               :
         Debtors.                                              :  **Ref. Docket Nos. _____ & _____**
---------------------------------------------------------------x

**ORDER SHORTENING THE TIME FOR NOTICE FOR DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR AN ORDER APPROVING AND AUTHORIZING THE SETTLEMENT AGREEMENT BY AND BETWEEN THE DEBTORS AND BEAR STEARNS MORTGAGE CAPITAL CORP. AND EMC MORTGAGE CORP. RESOLVING ADVERSARY PROCEEDING (07-51701)**

Upon consideration of the motion (the "Motion to Shorten")[1] of the above captioned debtors and debtors-in-possession (the "Debtors") for entry of an order providing that the applicable notice period for the Motion be shortened pursuant to Local Rule 9006-1(e) and section 102 of the Bankruptcy Code; and the Court having determined that granting the relief requested in the Motion to Shorten is appropriate; and it appearing that due and adequate notice of the Motion to Shorten has been given under the circumstances, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion to Shorten is granted; and it is further

ORDERED, that the Motion shall be heard on November 5, 2007 at 3:00 p.m. (ET); and it is further

ORDERED, that objections to the relief requested in the Motion shall be filed and served no later than 10:00 a.m. (ET) on November 5, 2007; and it is further

---

[1] Capitalized terms not defined herein shall have the meanings given to them in the Motion.

ORDERED, that the Debtors, shall serve this order via overnight delivery, fax or email on (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) the Administrative Agent; (iv) counsel to the DIP Lender; (v) counsel to the Plaintiffs; and (vi) all parties entitled to notice under Local Rule 2002-1(b).; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       October _____, 2007

                                             Christopher S. Sontchi
                                             United States Bankruptcy Judge

2

DB02:6334885.1                                                          066585.1001