IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re:

AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,

Debtors.

Chapter 11

Case No. 07-11047 (CSS)

Jointly Administered

**Hearing Date: November 28, 2007 @ 10:00 a.m.**
**Objection Deadline: November 20, 2007 @ 4:00 p.m.**

**MOTION FOR ORDER COMPELLING DEBTOR-IN-POSSESSION TO ASSUME OR REJECT UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY**

Pursuant to 11 U.S.C. Section 365(d)(2), lessor and administrative creditor 1140 Galaxy Way, Inc. ("Galaxy") hereby moves this Honorable Court for an order compelling the Debtors-in-Possession, American Home Mortgage Holdings, Inc. et al. (hereinafter the "Debtors"), to assume or reject a lease of non-residential real property located at 1140 Galaxy Way, Suite 150, Concord, California (the "Premises") within seven days of entry of an order directing the Debtor to assume or reject its lease of the Premises, and in support thereof states as follows:

1. Galaxy owns the Premises. This property is the only real estate that Galaxy owns.

2. On or about November 5, 2002, Galaxy, as lessor, entered into a "Standard Office Lease" of the Premises with Irwin Mortgage Corporation ("Irwin"), as lessee (the "Lease.") A true and correct copy of that Lease is attached hereto as Exhibit "A".

3. The term of the Lease ends on April 30, 2009. It requires payments of base rent, operating expenses, and common area charges as defined therein. For the months of August, September, October and November 2007, the rental obligation was $13,747.50 per month.

4. On or about April 3, 2005, Irwin assigned its rights and obligations as lessee under the Lease to the Debtor. Galaxy consented to the assignment. A true and correct copy of the assignment of the Lease (the "Assignment") is attached hereto as Exhibit "B".

5. On or about August 6, 2007, the Debtors filed their voluntary Chapter 11 bankruptcy petitions, thereby commencing the above-captioned bankruptcy cases.

6. Rental payments are due on the first day of each month. The Debtors missed their last pre-petition payment, which came due on August 1, 2007. The Debtors sent a check in the amount of $13,747.50 (the correct amount) on or about July 23, 2007, but stopped payment on the check. A true and correct copy of that check is attached hereto as Exhibit "C."

7. Since filing bankruptcy, the Debtors have missed no fewer than three monthly lease payments. The Debtors failed to send anything in September. On or about October 8, 2007, the Debtors did send a check – a true and correct copy of which is attached as Exhibit "D" – but then stopped payment on it. Then the Debtors failed to pay anything in November 2007. As a result, the Debtors owe no less than $54,990 in administrative rent as of the date of this Motion.

8. The Debtors have given no assurances that they will be able to assume the Lease. The Debtors have gone silent, have refused to respond to Galaxy's inquiries and have effectively abandoned the Premises, out of which no business is being conducted. The Debtors' estates face the potential of substantial administrative liability as well as a large lease rejection damages claim if the Debtors are not forced to make a decision soon.

9. The Debtors are parties to virtually hundreds of different office leases and the particular Lease at issue herein is not a substantial asset of the Debtors. Nor is there any indication that it is essential to the Debtors' prospects for reorganization.

10. In the meantime, Galaxy has worked diligently to mitigate its damages by arranging a new tenant for the Premises. That tenant, Fleetcor, would be able to take over the Premises by January 15, 2008, provided that Galaxy can promptly assure Fleetcor that it will be able to deliver possession of the Premises. This will require the Debtors to (1) reject the lease and (2) promptly vacate the Premises.

**Legal Argument**

11. 11 U.S.C. Section 365 states in pertinent part as follows:

> In a case under chapter 9, 11, 12, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

11 U.S.C. § 365(d)(2).

12. The Court has broad discretion in determining whether to shorten the period for assumption or rejection. In re Monroe Well Service, Inc., 83 B.R. 317, 323 (Bankr. E.D. Pa. 1988). Where, as here, the non-debtor party to an executory contract or unexpired lease has requested a shortening of the statutory time period, the Court must determine what period would be reasonable based on the facts and circumstances of the case. Matter of Holly's, Inc., 140 B.R. 643, 682 (Bankr. W.D. Mich. 1992), citing, inter alia, Theatre Holding Corp. v. Mauro, 681 F.2d 102, 105 (2d Cir. 1982).

13. In determining what constitutes a reasonable period of time, the Court should consider a number of factors, including: (1) the nature of the interests at stake; (2) the balance of harm to the parties; (3) the safeguards afforded to the parties; and (4) whether the action to be taken is so in derogation of Congress' scheme that the court may be said to be arbitrary. In re GHR Energy Corp., 41 B.R. 668, 676 (Bankr. D. Mass. 1984). In the present case, those facts and circumstances weigh heavily in favor of granting the relief requested herein.

**A. The Nature of the Interests at Stake and Balance of Hardships.**[1]

14. The Debtors have virtually no interests at stake concerning this Lease. They are not currently using the Premises and do not value it enough to bother paying rent. The Debtors

[1] While these are listed as separate factors in the GHR Energy case, the two are so closely intertwined that they are not separated here.

have hundreds of different lease locations and there is no indication that this particular Lease is a substantial asset of the Debtors or that it is essential for a successful reorganization.

15. In contrast, Galaxy owns but one office space. The Debtors' continued failure to pay administrative rents has essentially cut off all of Galaxy's income stream. Worse, the Debtors have given no assurances that they will be able to meet their obligations under the Lease and, to the contrary, have stopped payment on at least two post-petition rent checks. These two factors alone should warrant relief. See, e.g., In re Monroe Well Service, Inc., supra, 83 B.R. at 323. In the meantime, Galaxy's justifiable efforts to locate a substitute tenant would be seriously jeorpardized if Galaxy cannot provide assurances that it will be able to deliver possession.

**B. Safeguards Afforded to the Parties.**

16. Galaxy's motion is being heard nearly four months after the Debtor's Chapter 11 filing. The Debtor has had ample time to consider the desirability of maintaining the Lease and the Premises and has chosen not to do so. Given the amount of time the Debtor has had since the outset of this case, the procedural safeguards are more than sufficient to protect the Debtor's due process rights.

**C. The Requested Relief is Not Arbitrary.**

17. The Bankruptcy Code clearly permits the Court to order the relief requested herein. Section 362(d)(2) allows the Court to shorten the period for making a decision to any time that is reasonable. In this case, the proposed deadline is eminently reasonable – especially in view of the amount of time since the petition was filed. Accordingly, the relief requested by Galaxy is not in derogation of the congressional scheme and the Court should grant the instant Motion.

18. Indeed, the proposed Motion is to the benefit of the Debtors and their estates. As set forth above, the Debtors' estate – and creditors generally – will be harmed by the continued

accrual of administrative rent obligations if the Debtors are not forced to reject the Lease (or, in the alternative, to cure and assume the Lease). On the other hand, to the extent the Debtors ultimately have no choice but to reject the Lease, Galaxy's efforts to mitigate damages are to the benefit of the estate and its creditors. But those efforts will be dealt a serious blow if Galaxy is unable to promptly deliver possession of the Premises to Fleetcor.

**Conclusion**

WHEREFORE, Galaxy respectfully requests the Court to enter an order: (1) compelling the Debtors to assume or reject the Lease within seven calendar days of the date of entry of said Order; (2) deeming the Lease rejected if the Debtors fail to assume or reject it within seven calendar days of the entry of said Order; (3) requiring the Debtors to cure all outstanding arrearages within seven calendar days of the date of said Order if the Debtors elect to assume the Lease; (4) if the Debtors fail to assume the Lease within the prescribed time, allowing Galaxy to enter the premises and remove all personal property of the Debtors in Possession and place it in storage at the expense of the Debtors in Possession; and (5) such further relief as the Court deems just and proper.

WERB & SULLIVAN

[signature]

Regina A. Iorii (#2600)
300 Delaware Avenue, Suite 1300
P.O. Box 25046
Wilmington, DE 19899
(302) 652-1100 (telephone)
(302) 652-1111 (facsimile)
riorii@werbsullivan.com

and

SNELL & WILMER L.L.P.
Michael B. Reynolds (CA Bar No. 174534)
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Movant 1140 Galaxy Way, Inc.

Dated: October 31, 2007