# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE | : | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., et al., | : | Jointly Administered |
| | : | |
| Debtors. | : | |

**STIPULATION AND AGREEMENT BETWEEN THE DEBTORS
AND AON CONSULTING, INC. AND AON INVESTMENT
CONSULTING, INC. REGARDING STATUS AND SERVICES OF
AON CONSULTING, INC. AND AON INVESTMENT CONSULTING, INC.**

NOW COME Aon Consulting, Inc. and Aon Investment Consulting, Inc. (collectively, "Aon"), by and through their attorneys, Post & Schell, P.C. and Duane Morris LLP and American Home Mortgage Holdings, Inc. and its affiliated debtors (collectively, the "Debtors"), by and through their attorneys, Young Conaway Stargatt & Taylor, LLP, and hereby enter into this Stipulation and Agreement Regarding Status and Services of Aon Consulting, Inc. and Aon Investment Consulting, Inc.

## BACKGROUND

A.  On August 6, 2007 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to Section 1107(a) and 1108 of Tile 11 of the United States Code (as amended, the "Bankruptcy Code"), the Debtors continue to operate their businesses and manage their properties as debtors-in-possession.

B.  Prior to the Petition Date, Aon provided various employee benefit administration services to the Debtors, including, but not limited to, investment and fiduciary consulting, plan

administration, preparing cost and expense estimates, compliance consulting and related services for the Debtors' 401(k) plan, and similar services for the Debtors' other employee benefit plans and programs. The prepetition services provided by Aon to the Debtors are collectively referred to as the "Aon Prepetition Services."

C. Based on the Aon Prepetition Services, Aon does not consider itself to be a professional for purposes of the Chapter 11 Cases.

D. Case law interpreting the Bankruptcy Code holds that "[p]ersons in occupations ordinarily considered professions are not necessarily professionals whose retention by the estate requires court approval. For the purposes of Section 327(a), a 'professional person' is limited to persons in those occupations which play a central role in the administration of the debtor proceedings." In the Matter of Seatrain Lines, Inc., 13 B.R. 980, 981 (Bankr. S.D.N.Y. 1981). See also In re Napoleon, 255 B.R. 910, 913 (Bankr. D. N.J. 1999); Butler v. Indiano, Williams & Weinstein-Bacal (In re Ponce Marine Farm, Inc.), 259 B.R. 484, 494 (D. Puerto Rico 2001). The duties considered central to the administration of the estate include assisting in the negotiation of the debtor's plan, assisting in the adjustment of the debtor/creditor relationship, disposing of assets of the estate, and acquiring assets on behalf of the estate. In re Sieling Associates, Ltd. Partnership, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991). See also Committee of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 621 Bankr. S.D.N.Y. 1986). Aon is not providing services to the Debtors which fall into any of these categories.

E. The Debtors have requested that Aon continue to render postpetition the Aon Prepetition Services, and Aon is willing to do so, subject to the provisions hereof.

NOW THEREFORE, each in consideration of the mutual promises of the other, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties, specifically intending to be legally bound hereby, subject only to approval by the Bankruptcy Court, hereby stipulate and agree as follows:

1. The recitations as set forth in the Background section hereof are incorporated herein by reference.

2. To the extent Aon renders postpetition services to the Debtors of the same type as the Aon Prepetition Services, the Debtors may pay Aon for such postpetition services and Aon is not a "professional person" as that term is defined by courts interpreting the Bankruptcy Code and Aon need not (i) be employed in these bankruptcy cases as a professional or (ii) file fee applications for compensation and reimbursement of expenses in these Chapter 11 Cases.

3. Notwithstanding the foregoing, if Aon subsequently renders services which are materially different from the Aon Prepetition Services and which would require approval of Aon's employment under Section 327 of the Bankruptcy Code, the Debtors and Aon will file an appropriate application to approve such employment.

4. Nothing herein shall be construed or deemed to: (i) amend or modify any of the agreements between and among the parties hereto; (ii) constitute an assumption or a rejection of any of the parties' agreements; (iii) waive or release any amounts asserted by Aon to be owed for Aon Prepetition Services; nor (iv) require any payment by the Debtors of any amounts asserted to be owed for Aon Prepetition Services.

5. Within ten (10) days following the execution hereof by the Debtors and Aon, Aon shall provide notice of this Stipulation and Agreement to (i) the United States Trustee,

DM3\569750.3

(ii) counsel to all official committees appointed by the United States Trustee, and (iii) all those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002.

6. This Stipulation and Agreement shall be binding upon, and inure to the benefit of, the parties hereto, their successors and assigns.

7. This Stipulation and Agreement shall not become effective until approved by the Court.

8. This Stipulation and Agreement may be executed in counterparts and by facsimile, both of which together shall constitute the single, original instrument.

9. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from the interpretation or implementation of this Stipulation and Agreement.

[THIS PORTION OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties have executed this Stipulation and Agreement on the dates set forth below.

| | |
|---|---|
| /s/ *signature* | /s/ *signature* |
| James L. Patton (DE 2202) | Richard W. Riley (DE 4052) |
| Edward J. Kosmowski (DE 3849) | Duane Morris LLP |
| Young Conaway Stargatt & Taylor, LLP | 1100 North Market Street, Suite 1200 |
| The Brandywine Building | Wilmington, DE 19801 |
| 1000 West Street, 17th Floor | Telephone: (302) 657-4900 |
| Wilmington, DE 19801 | Facsimile: (302) 657-4901 |
| Telephone: (302) 571-6600 | E-Mail: rwriley@duanemorris.com |
| Facsimile: (302) 576-3307 | |
| E-mail: jpatton@ycst.com | - and - |
| ekosmowski@ycst.com | |
| | Brian W. Bisignani, Esquire |
| | Post & Schell, P.C. |
| | 17 North Second Street, 12th Floor |
| | Harrisburg, PA 17101-1601 |
| | Telephone: (717) 612-6041 |
| | Facsimile: (717) 731-1985 |
| | E-Mail: bbisignani@postschell.com |
| *Counsel for the Debtors* | *Counsel for Aon Consulting, Inc. and Aon Investment Consulting, Inc.* |
| Dated: October 8, 2007 | Dated: October 8, 2007 |