IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :  Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                     :
                                                                       :  Jointly Administered
    Debtors.                                                           :
                                                                       :  Objection Deadline: November 20, 2007 at 4:00 p.m.
                                                                       :  Hearing Date: November 28, 2007 at 10:00 a.m.
---------------------------------------------------------------------- x

**DEBTORS' MOTION TO EXTEND THE PERIOD WITHIN WHICH THE
DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452
AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 9006 AND 9027**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby move the Court for entry of an order, pursuant to 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the period within which the Debtors may remove various actions that were pending in multiple state courts (collectively, the "State Court Actions") as of August 6, 2007 (the "Petition Date"). In support of this motion (the "Motion"), the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servcing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

DB02:6338120.4                                                                                              066585.1001

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested is 28 U.S.C. § 1452, as supplemented by Bankruptcy Rules 9006 and 9027.

## BACKGROUND

2.  On the Petition Date each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code"). Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4.  On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

## THE DEBTORS' BUSINESS[2]

5.  Prior to the filing of these bankruptcy cases, the Debtors' business primarily entailed the origination, servicing, and sale of mortgage loans, as well as investment in mortgage loans and mortgage-backed securities resulting from the securitizations of residential mortgage loans. The Debtors also invested in securitized mortgage loans originated by others and originated and sold mortgage loans to institutional investors. The Debtors offered an array of mortgage products and primarily made loans to borrowers with good credit profiles. Most of its portfolio consisted of securitized adjustable-rate mortgage (ARM) loans of prime and alternate A quality.

---

[2] The facts set forth herein are derived from the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief [D.I. 2], which is incorporated by reference as if fully set forth herein at length.

6. As of December 31, 2006, the Debtors held a leveraged portfolio of mortgage loans held for investment and mortgage-backed securities in the amount of approximately $15.6 billion. As of December 31, 2006, the Debtors operated more than 550 loan production offices located in 47 states and the District of Columbia, and made loans throughout all 50 states and the District of Columbia. Certain of the Debtors originated mortgages through a network of loan origination offices. In addition, the Debtors originated loans obtained from mortgage brokers and purchased loans from correspondents. The Debtors originated approximately $58.9 billion in aggregate principal amount of loans in 2006. For the third quarter of 2006, the Debtors were ranked as the nation's 10th largest residential mortgage lender, according to National Mortgage News.

7. A large component of the Debtors' business is the servicing of loans, which is conducted through AHM Servicing. The servicing business collects mortgage payments, administers tax and insurance escrows, responds to borrower inquiries, and maintains control over collection and default mitigation processes. As of December 31, 2006, AHM Servicing serviced approximately 197,000 loans with an aggregate principal amount of approximately $46.3 billion.

8. In the weeks prior to the Petition Date, an unprecedented disruption in the credit markets caused major write-downs of the Debtors' loan and security portfolios and consequently resulted in margin calls for hundreds of millions of dollars with respect to the Debtors' loans. During this time, certain of the Debtors' warehouse lenders began to exercise remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and threatening the company's continued viability.

9. The Debtors' inability to originate loans and the exercise of remedies by certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the Debtors to discontinue their retail and indirect loan origination business. As a result, on August 3, 2007, the Debtors implemented a massive reduction in workforce, resulting in the termination of over 6,500 employees.

10. Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets.

## RELIEF REQUESTED

11. By this Motion and pursuant to Bankruptcy Rule 9006(b)(1), the Debtors seek an extension of the November 5, 2007[3] deadline (the "Current Deadline") to file notices to remove the State Court Actions for approximately one hundred and twenty (120) days through and including March 4, 2008.[4] The Debtors request that the proposed March 4, 2008 deadline to file notices of removal apply to all matters specified in Bankruptcy Rule 9027(a)(2)(A), (B) and (C).

12. The Debtors further request that the order approving this Motion be without prejudice to (a) any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any given civil action pending against the Debtors, and (b) the

---

[3] Bankruptcy Rule 9027 provides that the Debtors should file a notice of removal within 90 days after the order for relief. Ninety days after August 6, 2007 is November 4, 2007. As November 4, 2007 is a Sunday, the deadline is extended until Monday, November 5, 2007 pursuant to Bankruptcy Rule 9006(a).

[4] Pursuant to Del. Bankr. LR 9006-2, the filing of this Motion prior to the Current Deadline shall serve to automatically extend the Current Deadline without the necessity for the entry of a bridge order, until the Court rules on this Motion. See Del. Bankr. LR 9006-2.

right of the Debtors to seek further extensions of the period in which they may remove civil actions pursuant to Bankruptcy Rule 9027.

## BASIS FOR RELIEF

13. Bankruptcy Rule 9027 and section 1452 of title 28 of the United States Code govern the removal of pending civil actions. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027 sets forth the time period for filing notices to remove claims or causes of action and provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

14. Bankruptcy Rule 9006(b)(1) permits the Court to enlarge unexpired time periods as follows:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period

permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

15. Since the Petition Date, the Debtors have focused primarily on maximizing the value of the Debtors' estates for the benefit of their stakeholders through the orderly liquidation of their assets. To that end, the Debtors have solicited, negotiated and sought approval for several sales of various assets of the Debtors. The largest of these, the sale of the Debtors' mortgage loan servicing business, was approved after a week-long trial that commenced on October 15, 2007 by Order dated October 39, 2007 [D.I. 1711]. In addition, chapter 11 imposes additional obligations on the Debtors to prepare schedules of assets and liabilities, produce monthly operating reports and other reports, respond to creditor inquiries, retain professionals and handle the other various tasks of the administration of their bankruptcy estates. As a result, as of yet, the Debtors have not had an opportunity to fully investigate all of the State Court Actions to determine whether removal is appropriate. Accordingly, the Debtors seek an extension of the Current Deadline to protect their right to remove any of the State Court Actions.

16. The Debtors submit that granting the Debtors this additional opportunity to consider removal of the State Court Actions will assure that the Debtors' decisions are fully informed and consistent with the best interests of these estates. Furthermore, nothing herein will prejudice any party to a proceeding that the Debtors may ultimately seek to remove from seeking the remand of such action under 28 U.S.C. § 1452(b) at the appropriate time.

17. For the foregoing reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors and their estates and creditors. Furthermore, the Court is authorized to grant the relief requested and extend the Current Deadline. See Pacor v.

Higgins, 743 F.2d 984, 996 n.17 (3d Cir. 1984); Raff v. Gordon, 58 B.R. 988 (E.D. Pa. 1986) (period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.), 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (same); see also Doan v. Loomis (In re Fort Dodge Creamery Co.), 117 B.R. 438 (N.D. Iowa 1990) (implying that time period in which removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); In re Boyer, 108 B.R. 19 (Bankr. N.D.N.Y. 1988) (same). Moreover, requests by debtors for extensions of the removal period have been granted routinely by courts in this district. See, e.g., In re FLYi, Inc., No. 05-20011 (Bankr. D. Del. Feb. 17, 2006) (Walrath, J.); In re Meridian Automotive Systems Composites Operations, Inc., No. 05-1168 (Bankr. D. Del. Oct. 14, 2005) (Walrath, J.); In re The Glass Group, Inc., No. 05-10532 (Bankr. D. Del. June 16, 2005) (Walrath, J.).

## NOTICE

18.  Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Agent for the Debtors' Postpetition Lender; (v) the known non-Debtor parties to the State Court Actions or counsel, if known, to such parties; and (vi) all parties entitled to notice under Del. Bankr. LR 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

19.  No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as is just and proper.

Dated: Wilmington, Delaware
November 1, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Kara Hammond Coyle*

James Patton (No. 2202)
Pauline Morgan (No. 3650)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
    Debtors.                                                     :
                                                                 :   **Ref. Docket No. ____**
                                                                 :
---------------------------------------------------------------- x

### ORDER EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 9006 AND 9027

Upon consideration of the motion of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for the entry of an order pursuant to 28 U.S.C. § 1452 and rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") extending the time within which the Debtors may file notices of removal of the State Court Actions and related proceedings; and it appearing that the Court has jurisdiction over this matter; and due and adequate notice of the Motion having been given and no other or further notice being necessary; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates, creditors and other parties in interest; and after due deliberation and sufficient cause appearing thereof, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.   The Motion is granted.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servcing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

2. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3. Pursuant to Bankruptcy Rule 9006, the Current Deadline to file notices of removal of any and all civil actions pending as of the Petition Date is extended through and including March 4, 2008.

4. This Order shall be without prejudice to (a) any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any litigation pending against the Debtors, or (b) the Debtors' right to seek a further extension or extensions of the time within which to file notices of removal of actions and related proceedings upon motion filed with the Court.

Dated: Wilmington, Delaware
       November ___, 2007

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE