## Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :   Jointly Administered
                          Debtors.                               :
                                                                 :   Ref No.: 510 & 679
---------------------------------------------------------------- x

**STIPULATION BY AND AMONG THE DEBTORS AND LIBERTY PROPERTY LIMITED PARTNERSHIP REGARDING THE DEBTORS' SECOND MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO ABANDON CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT**

The above captioned debtors and debtors-in-possession (collectively, the "Debtors") and Liberty Property Limited Partnership ("Liberty Property," and together with the Debtors, the "Parties") hereby agree and stipulate as follows:

## RECITALS

A. One or more of the Debtors and Liberty Property are parties to individual lease agreements (each a "Lease" and together, the "Leases") for the following to properties: (a) 300 Welsh Road, Building Four, Horsham, Pennsylvania 19044 (the "Horsham Property"), and (b) 3000 Atrium Way, Suite 108, Mt. Laurel, New Jersey 08054 (the "Mt. Laurel Property" and together with the Horsham Property, the "Properties").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

B. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code

C. On August 30, 2007, Debtors filed their Second Motion for an Order, Pursuant to Sections 105, 364 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases and to Abandon Certain Furniture, Fixtures and Equipment [Docket No. 510] (the "Motion"). By the Motion, the Debtors requested, among other things, an order authorizing the rejection of the Leases.

D. On or about September 10, 2007, Liberty Property filed its Limited Objection to the Motion [Docket No. 679] (the "Limited Objection"). By the Limited Objection, Liberty Property objected to, among other things, the Debtors' request for retroactive rejection of the Leases.

E. The Debtors and Liberty Property have engaged in good faith negotiations regarding the Motion and the Limited Objection.

**IT IS THEREFORE STIPULATED, CONSENTED, AND AGREED** by and among the Debtors and Liberty Property, subject to entry of an Order by the Bankruptcy Court approving this Stipulation (the "Stipulation"), as follows:

1. The Leases are deemed rejected pursuant to 11 U.S.C. § 365(a) as of October 31, 2007 (the "Rejection Date").

2. Pursuant to 11 U.S.C. § 554(a), the Debtors abandon their interest, if any, in any FF&E (as defined in the Motion) remaining at the leased Properties to Liberty Property as of the Rejection Date. By abandoning their interest in the FF&E to Liberty Property, the Debtors do not make any representations or warranties regarding third party interests in such FF&E.

2

3.  The Debtors shall reasonably cooperate with Liberty Property in its efforts to determine the ownership rights of any FF&E remaining at the Properties.

4.  Liberty Property shall have two allowed administrative claims pursuant to 11 U.S.C. § 503(b) as follows: (a) an administrative claim in the amount of $9,551.66 for rent relating to the Horsham Property from the Petition Date through the Rejection Date, and (b) an administrative claim in the amount of $8,446.92 for rent relating to the Mt. Laurel Property from the Petition Date through the Rejection Date (collectively, the "Administrative Claims").

5.  The Debtors shall pay the Administrative Claims within ten (10) business days from entry of this Order.

6.  Subject to payment of the Administrative Claim, Liberty Property releases and waives any and all other administrative claims that have been or could be asserted pursuant to 11 U.S.C. §§ 365 and 503; provided, however, such release and waiver is without prejudice to Liberty Property's right to assert non-payment of any claims as an affirmative defense in any applicable action.

7.  Nothing herein shall prejudice (i) the rights of Liberty Property to file a general unsecured claim including, without limitation, any claim for rejection damages in connection with the rejection of the Leases and any claim resulting from the abandonment of FF&E (as defined in the Motion), (ii) or the Debtors' rights to object to or otherwise dispute such claim(s).

8.  The persons signing on behalf of the Parties each represent and warrant that they have authority to bind, and hereby bind, each Party hereto.

9.  The Parties hereto confirm the accuracy of the recitals hereto, which recitals are incorporated herein and are a material part of this Stipulation.

10. This Stipulation is intended by the Parties to be binding upon their successors, agents and assigns, including bankruptcy trustees and estate representatives and any parent, subsidiary and affiliated entity of each party.

11. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same document. Facsimile and electronic signatures shall be deemed original.

12. This Stipulation shall be deemed to have been drafted jointly by the Parties and shall not be construed against or interpreted to the disadvantage of a Party by reason of that Party's having or being alleged to have drafted any provision.

Dated: Wilmington, Delaware
October 31, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret B. Whiteman*
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Margaret B. Whiteman (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Counsel for the Debtors and
Debtors in Possession

Dated: Wilmington, Delaware
October 31, 2007

SCHNADER HARRISON SEGAL & LEWIS LLP

*/s/ Michael J. Barrie*
Michael J. Barrie, Esq.
824 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 888-4554

OF COUNSEL:

Barry E. Bressler, Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286

Counsel for Liberty Property Limited Partnership