UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| AMERICAN HOME MORTGAGE | ) | |
| HOLDINGS, INC., a Delaware | ) | Case No 07-11047 (CSS) |
| corporation, *et al.*, | ) | |
| | ) | Jointly Administered |
| Debtor. | ) | |

ORDER COMPELLING DEBTOR TO PROVIDE ADEQUATE
PROTECTION AND RELIEF FROM THE AUTOMATIC STAY WITH
ORDER AUTHORIZING THE ASSUMPTION OF A MODIFIED
LEASE AND COMPELLING REJECTION OF THE LEASE

This matter coming before the Court on FNC, Inc.'s *Motion of FNC, Inc. for Adequate Protection and Relief from Automatic Stay with Respect to Collateral Management System License Agreement, or in the Alternative, to Compel Debtors to Assume or Reject Agreement as an Executory Contract* (Docket No. ___) (the "Motion"); the Court having reviewed the Motion, all responses to the Motion, if any, and all related pleadings; and having heard the arguments of counsel with respect thereto at a hearing held before the Court on November 28, 2007 (the "Hearing"); the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish sufficient cause for the relief granted herein; and for the reasons stated by the Court on the record at the Hearing,

IT IS HEREBY ORDERED as follows:

1. The Motion is Granted.

2. FNC is authorized to limit access to the HGSS System to FNC personnel while the HGSS system is dormant and inactive and until such time as the Debtors are

1630461

participating actively as a user of the system with FNC (as the provider) in maintaining the integrity of the security of the HGSS System, including requiring the Debtors to be involved in the audit processes that is inherent in the maintenance of proper security for the system and the data contained therein.

3. The Debtors shall provide adequate protection of FNC's interests, insofar as the REO System is concerned, by participating actively as the user of the system with FNC (as the provider) in maintaining the integrity of the security of the HGSS System, including requiring the Debtors to be involved in the audit processes that is inherent in the maintenance of proper security for the system and the data contained therein.

4. The Debtors shall provide adequate protection of FNC's interests by requiring the Debtors comply with the requirements of 11 U.S.C. § 363(b)(1) with respect to personally identifiable information.

5. The Debtors shall provide adequate protection of FNC's interests financially by paying FNC in the ordinary course for the reasonable costs and expenses incurred by FNC pursuant to the CMS Agreement for the use of the HGSS System prior to the Debtors' decision to assume or reject the CMS Agreement as an executory contract, including charges for providing requested information and documentation contained in the dormant HGSS System, as set forth in the motion thirty (30) days from the date of the filing of this Motion.

[remainder of page intentionally left blank]

6.   In the alternative, FNC is granted relief from the automatic stay to permit FNC to give written notice of its intent to terminate under the express terms of the CMS Agreement.

Dated: November 2, 2007

The Honorable Christopher S. Sontchi
United States Bankruptcy Court Judge
