IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------x  Chapter 11

In re:                                                      :  Case No. 07-11047 (CSS)

AMERICAN HOME MORTGAGE                                       :
HOLDINGS, INC., a Delaware corporation, et al.,[1]          :  Jointly Administered

Debtors.                                                    :  **Hearing Date: November 28, 2007 at 10:00 a.m.**
--------------------------------------------------------x  **Objection Deadline: November 20, 2007 at 4:00 p.m.**

## APPLICATION FOR ORDER (I) APPROVING THE RETENTION AND EMPLOYMENT OF THE LAW OFFICES OF DANIEL C. CONSUEGRA AS FORECLOSURE PROFESSIONALS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE; (II) APPROVING ITS FEE STRUCTURE; AND (III) GRANTING A PARTIAL WAIVER OF LOCAL RULE 2016-2(d)

The above-captioned debtors and debtors in possession (collectively, the

"Debtors") hereby file this application (the "Application") seeking (i) entry of an order, pursuant

to sections 327(e), 328, 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330

(the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), (i) approving the retention and employment of the Law

Offices of Daniel C. Consuegra (the "Consuegra Firm" or the "Firm") as foreclosure

professionals for the Debtors effective, *nunc pro tunc*, to the Petition Date (as defined below);

(ii) approving the Firm's Fee Structure (as defined below); and (iii) waiving Rule 2016-2(d) of

the Local Rules of Bankruptcy Practice and Procedure of the U.S. Bankruptcy Court for the

District of Delaware (the "Local Rules") to the extent set forth therein.  In support of this

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

066585.1001

Application, the Debtors rely upon the Affidavit of Daniel C. Consuegra, Esq., a copy of which is attached hereto as <u>Exhibit A</u> (the "<u>Consuegra Affidavit</u>"). In further support of this Application, the Debtors respectfully represent as follows:

## JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327(e), 328, 330 and 331 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## STATUS OF THE CASE

2.    On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.    Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.    No trustee or examiner has been appointed. On August 14, 2007, the Office of the Unites States Trustee appointed an official committee of unsecured creditors for these cases.

DB02:6334596.4

066585.1001

## THE DEBTORS' BUSINESS[2]

6.       Prior to the filing of these bankruptcy cases, AHM's business primarily entailed the origination, servicing, and sale of mortgage loans, as well as investment in mortgage loans and mortgage-backed securities resulting from the securitizations of residential mortgage loans. AHM also invested in securitized mortgage loans originated by others and originated and sold mortgage loans to institutional investors. AHM offered an array of mortgage products and primarily made loans to borrowers with good credit profiles. Most of its portfolio consisted of securitized adjustable-rate mortgage (ARM) loans of prime and alternate A quality.

7.       As of December 31, 2006, AHM held a leveraged portfolio of mortgage loans held for investment and mortgage-backed securities in the amount of approximately $15.6 billion. As of December 31, 2006, AHM operated more than 550 loan production offices located in 47 states and the District of Columbia, and made loans throughout all 50 states and the District of Columbia. Certain of the Debtors originated mortgages through a network of loan origination offices. In addition, AHM originated loans obtained from mortgage brokers and purchased loans from correspondents. AHM originated approximately $58.9 billion in aggregate principal amount of loans in 2006 and for the third quarter of 2006 was ranked as the nation's 10th largest residential mortgage lender, according to National Mortgage News.

8.       A large component of AHM's business is the servicing of loans, which is conducted through AHM Servicing. The servicing business collects mortgage payments, administers tax and insurance escrows, responds to borrower inquiries, and maintains control over collection and default mitigation processes. As of December 31, 2006, AHM Servicing serviced approximately 197,000 loans with an aggregate principal amount of approximately

---

[2]       The facts set forth herein are derived from the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief [Docket No. 2], which is incorporated by reference as if fully set forth herein at length.

066585.1001

$46.3 billion. AHM continues to conduct its servicing business, which constitutes a valuable asset of the Debtors' estates.

## RELEVANT BACKGROUND

9.      On August 16, 2007, the Debtors filed their Motion for an Order Pursuant to Sections 105, 327, 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business *Nunc Pro Tunc* to the Petition Date [Docket No. 192] (the "OCP Motion"). By the OCP Motion, the Debtors sought to retain and employ the Consuegra Firm as a professional utilized in the ordinary course of the Debtor's business effective, *nunc pro tunc*, to the Petition Date.

10.      On September 7, 2007, the Court entered the Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business *Nunc Pro Tunc* to the Petition Date (the "OCP Order"). Pursuant to the OCP Order, the Debtors were authorized to retain the Consuegra Firm, *nunc pro tunc*, to the Petition Date, without the need to file an individual retention application. Moreover, as set forth more fully in the OCP Order, upon the filing of an affidavit of disinterestedness (the "OCP Affidavit") and the running of the objection deadline, the Consuegra Firm could have been paid monthly for postpetition compensation and reimbursement of postpetition expenses in the manner customarily made by the Debtors prior to the commencement of their chapter 11 cases, in the full amount billed, up to $35,000 (the "$35,000 Monthly Cap"), without the need to file monthly fee applications. Payments to the Consuegra Firm could not exceed $85,000 during any three month period absent

(i) written consent from the Committee or (ii) an order of the Court authorizing the Debtor to make such payments.

11.    The Consuegra Firm filed its OCP Affidavit with the Court on October 1, 2007 [Docket No. 1026]. The retention of the Consuegra Firm was subsequently approved pursuant to the terms of the OCP Order.

12.    After reviewing the fees and expenses submitted by the Consuegra Firm for the month of August and consulting with the Firm, the Debtors determined that the Consuegra Firm would consistently exceed the limits of the $35,000 Monthly Cap. On October 3, 2007, the Debtors filed its Notice of Filing of Second Supplemental List of Ordinary Course Professionals [Docket No. 1129] (the "Supplemental Notice") requesting, among other things, that the Consuegra Firm be approved subject to a higher monthly cap (the "$75,000 Monthly Cap"). The compensation received by firms subject to the $75,000 Monthly Cap was limited to $75,000 in any one month and could not exceed $185,000 during any three month period absent (i) written consent from the Committee or (ii) an order of the Court authorizing the Debtor to make such payment. Subsequent to the filing of the Supplemental Notice, the Consuegra Firm's retention under the $75,000 Monthly Cap was approved pursuant to the terms of the OCP Order.

13.    After the Debtors reviewed the fees and expenses submitted by the Consuegra Firm for the month of September and after reviewing the current matters being handled by the Firm, the Debtors and the Consuegra Firm determined that the Consuegra Firm would exceed the Monthly Cap on a consistent basis.

## RELIEF REQUESTED

14.    By this Application and pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtors seek entry of an order (i) authorizing the retention and employment of the Consuegra Firm as foreclosure professionals effective, *nunc pro tunc*, to

the Petition Date; (ii) approving the Fee Structure; and (iii) waiving Local Rule 2016-2(d) to the extent set forth herein.

## BASIS FOR RELIEF

### A.    The Consuegra Firm's Qualifications

15.    The Debtors seek to retain the Consuegra Firm as their foreclosure professionals because of the Firm's extensive experience handling foreclosures and contested real estate matters and bankruptcy related services for cases where the mortgagors have filed bankruptcy petitions in Florida.  Additionally, the Debtors submit that the Consuegra Firm has expertise and experience in prosecuting the matters for which it is being retained.  Accordingly, the Debtors believe that the Firm will effectively and efficiently handle the matters for which it is retained in a manner that is cost effective for the Debtors' estates.

### B.    Payment of Fees and Expenses

16.    The Consuegra Firm will seek approval of payment of compensation and reimbursement of actual, necessary expenses and other charges upon the filing of appropriate applications for allowance of interim and/or final compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of this Court.  The Firm employs a two-tier fee structure (the "Fee Structure") for its performance of foreclosure services.  The Firm provides its foreclosure related services on a fixed-fee basis, as set forth in Exhibit 2 of the Consuegra Affidavit (the "Fixed-Rate Foreclosure Fees").  In addition to the Fixed-Rate Foreclosure Fees, the Firm advances the actual and necessary expenses on behalf of the Debtors in the amounts set forth in Exhibit 3 of the Consuegra Affidavit (the "Foreclosure Expenses").  In the event that a foreclosure becomes a contested matter, the firm seeks compensation at the rate of $150 per hour for its attorneys ("Contested Matter Compensation").

6

17.     The fees and expenses set forth above are subject to periodic adjustments to reflect economic and other conditions.

18.     The Debtors seek approval of the Fee Structure pursuant to 11 U.S.C. § 328(a). Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment including . . . on a fixed or percentage fee basis." 11 U.S.C. § 328(a). The Fixed-Rate Foreclosure Fees charged by the Firm for each foreclosure file are reasonable fees, especially when taken in light of the related costs and expenses required for each foreclosure. Additionally, the hourly rates for attorneys requested as Contested Matter Compensation represent reasonable fees and are consistent with the fees provided to other legal professionals in this case.

19.     Notwithstanding the approval of the Fee Structure requested herein, all of the Firm's fees and expenses in these chapter 11 cases will be subject to the approval of the Court upon proper application by the Consuegra Firm in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee and expense guidelines established by the United States Trustee, and any other applicable requirements.

20.     In accordance with Local Rule 2016-2(g), the Debtors seek a waiver of Local Rule 2016-2(d) with respect to submission of detailed time entries for the activities covered by the Fixed-Rate Foreclosure Fees. Because the activities performed with respect to the Fixed-Rate Foreclosure Fees are billed at a fixed-rate, the Firm does not keep detailed time entries in the ordinary course of its business for any activities covered by the Fixed-Rate Foreclosure Fees. Accordingly, the Debtors request that the Court waive the requirements of Local Rule 2016-2(d) with respect to these activities. In lieu of detailed time entries, the Debtors

propose that the Firm provide a list of the foreclosure matters subject to the Fixed-Rate Foreclosure Fees during the monthly application period. By this Application, the Debtors do not seek a waiver of the requirement to submit detailed time entries as to the activities related to any Contested Matter Compensation. The Firm will provide detailed time entries in accordance with Local Rule 2016-2(d) for any Contested Matter Compensation requested.

**C.     Services To Be Provided**

21.     The professional services that the Consuegra Firm will render to the Debtors include, but shall not be limited to, real estate and bankruptcy services related to mortgage foreclosures in Florida. These services will primarily be performed in connection with the Debtors' mortgage servicing business.

**D.     Nunc Pro Tunc Retention**

22.     Since the Petition Date, the Consuegra Firm has continued to diligently handle the Debtors' foreclosure matters for the benefit of the Debtors' and their estates.

23.     As set forth more fully above, on September 7, 2007, the Court authorized the Debtors to retain the Consuegra Firm, in the ordinary course of their business, *nunc pro tunc* to the Petition Date.

24.     Following the entry of the OCP Order, the Consuegra Firm submitted its OCP Affidavit and was retained pursuant to the terms of the OCP Order. The Consuegra Firm's retention was modified by the filing of the Supplemental Notice to approve the Firm's retention subject to the $75,000 Monthly Cap. However, upon subsequent review of the volume of the Firm's outstanding foreclosure matters and the new matters referred by the Debtors monthly, the Debtors, in consultation with the Consuegra Firm, anticipate that the Consuegra Firm will continue to exceed the $75,000 Monthly Cap set forth in the OCP Order by a significant amount.

DB02:6334596.4

066585.1001

25.     Based on the foregoing, the Debtors submit that the retention of the Consuegra Firm should be approved, *nunc pro tunc*, to the Petition Date.

**E.     Disclosure Summary**

26.     As set forth more fully in the Consuegra Affidavit, to the best of the Debtors' knowledge, and except as disclosed in the Consuegra Affidavit, the Firm does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which the Firm is being engaged as provided in Section 327(e) of the Bankruptcy Code.

27.     The Debtors currently owe the Firm $12,990 for pre-petition services.

28.     For the above reasons, the Debtors submit that the Consuegra Firm's retention and employment is necessary and in the best interest of the Debtors and their estates.

## NOTICE

29.     Notice of this Application will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Agent for the Debtors' postpetition lender; (v) the Securities and Exchange Commission, and (vi) all parties entitled to notice under Del. Bankr. LR 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## PRIOR REQUEST

30.     As set forth above, the Consuegra Firm has previously been approved by this Court as an Ordinary Course Professional in this case.

066585.1001

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit B, (i) authorizing the retention and employment of the Consuegra Firm pursuant to the terms of the Application effective, *nunc pro tunc*, to the Petition Date; (ii) approving the Fee Structure; (iii) granting a partial waiver to Local Rule 2016-2(d); and (iv) granting the Debtors such other and further relief as is just and proper.

Wilmington, Delaware
November 2 , 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Margaret U*         (4652)
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Attorneys for the Debtors and
Debtors-in-Possession

DB02:6334596.4

066585.1001

## EXHIBIT A

**Consuegra Affidavit**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------x    Chapter 11
In re:                                                 :
                                                       :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                  :
HOLDINGS, INC., a Delaware corporation, et al.,¹       :   Jointly Administered
                                                       :
                          Debtors.                     :   Hearing Date: November 28, 2007 at 10:00 a.m.
                                                       :   Objection Deadline: November 21, 2007 at 4:00 p.m.
------------------------------------------------------x
```

### AFFIDAVIT OF DANIEL C. CONSUEGRA IN SUPPORT OF APPLICATION FOR ORDER (I) APPROVING THE RETENTION AND EMPLOYMENT OF THE LAW OFFICES OF DANIEL C. CONSUEGRA AS FORECLOSURE PROFESSIONALS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE; (II) APPROVING ITS FEE STRUCTURE; AND (III) GRANTING A PARTIAL WAIVER OF LOCAL RULE 2016-2(d)

Daniel C. Consuegra being duly sworn, deposes and says:

1.       I am a shareholder and officer of the Law Offices of Daniel C. Consuegra (the "Consuegra Firm" or the "Firm") which maintains an office at 9204 King Palm Drive Tampa, FL 33619. This affidavit is submitted in support of the Application for Order (i) Approving the Retention and Employment of the Law Offices of Daniel C. Consuegra as Foreclosure Professionals for the Debtors *Nunc Pro Tunc* to the Petition Date; (ii) Approving Its Fee Structure; and (iii) Granting a Partial Waiver of Local Rule 2016-2(d) (the "Application").

2.       The Consuegra Firm has conducted a series of searches in the Firm's conflicts databases to identify relationships with creditors and other parties-in-interest (or

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

066585.1001

potential parties-in-interest) in these chapter 11 cases. Based on the conflicts, connections, and relationships searches and reviews conducted, to the best of my knowledge neither I, the Firm, nor any of the members or employees thereof, have connections with the above-captioned debtors and debtors in possession (collectively the "Debtors"), their creditors, or any other parties-in-interest, or their respective attorneys and professionals, the Office of the United States Trustee, and Judges serving in the U.S. District Court and the U.S. Bankruptcy Court for the District of Delaware except as stated in Paragraph 3.

3.     The Consuegra Firm has performed foreclosure and foreclosure-related bankruptcy and eviction work for the entities identified on Exhibit 1, but is not aware of any direct conflicts.

4.     The Consuegra Firm has searched its database to determine whether they or any affiliate had any relationships with the following (collectively, the "Interested Parties"):

a)  The Debtors;

b)  The Debtors' non-debtor affiliates and client affiliates;

c)  Current and former officers and directors of the Debtors;

d)  Significant shareholders of the Debtors;

e)  The largest unsecured creditors as provided by the Debtors;

f)  The warehouse lenders and

g)  various other parties-in-interest, as identified by the Debtors.

5.     The Consuegra Firm is continuing to review the Debtors' list of creditors. To the extent that I become aware of any additional connections or relationships that may be relevant to the Consuegra Firm's services rendered on behalf of the Debtors, I will file a supplemental affidavit.

6.     The Consuegra Firm has not executed a postpetition Engagement Letter with the Debtors. Instead, the Consuegra Firm bills the Debtors on a periodic basis after services are performed.

7.     The Consuegra Firm will seek approval of payment of compensation and reimbursement of actual, necessary expenses and other charges upon the filing of appropriate applications for allowance of interim and/or final compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of this Court. The Firm employs a two-tier fee structure (the "Fee Structure") for its performance of foreclosure services. The Firm provides its foreclosure related services on a fixed-fee basis, as set forth in Exhibit 2 of the Consuegra Affidavit (the "Fixed-Rate Foreclosure Fees"). In addition to the Fixed-Rate Foreclosure Fees, the Firm advances the actual and necessary expenses on behalf of the Debtors in the amounts set forth in Exhibit 3 of the Consuegra Affidavit (the "Foreclosure Expenses"). In the event that a foreclosure becomes a contested matter, the firm seeks compensation at the rate of $150 per hour for its attorneys ("Contested Matter Compensation").

8.     The fees and expenses set forth in this Affidavit are subject to periodic adjustments to reflect economic and other conditions.

9.     In support of the request to waive Local Rule 2016-2(d), I affirm that the Consuegra Firm, in the ordinary course of its business, does not keep detailed time entries with respect to the activities covered by the Fixed-Rate Foreclosure Fees.

10.    The Debtors have not provided the Consuegra Firm with any retainer fee.

11.    No promises have been received by the Consuegra Firm or by any officer or employee thereof as to compensation in connection with these cases other than in accordance

DB02:6334596.4

066585.1001

🖂 002

11/02/07  FRI 15:17 FAX 813 915 0559          DANIEL C. CONSUEGRA

with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received (excluding amounts paid to vendors advanced on behalf of the Debtors) by the Firm in connection with any matters for which the Consuegra Firm prosecutes on behalf of the Debtors.

WHEREFORE, pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Daniel C. Consuegra

Sworn to before me this 2nd day of November, 2007.

Notary Public
My Commission Expires: 9/17/08

Shelley A. Eggleston
Commission # DD345671
Expires September 17, 2008
Bonded Troy Fain · Insurance, Inc. 800-385-7019

066585.1001

DB02:6334596.4

## EXHIBIT 1

**The Consuegra Firm's Conflicts and Connections Disclosure**

We represent on occasion and have named in a foreclosure the following entities:

**DEBTORS**:
American Home Mortgage Holdings, Inc.
American Home Mortgage Acceptance, Inc.
American Home Mortgage Servicing, Inc.

We represent and on occasion we have named in a foreclosure Avelo Mortgage, LLC which is a subsidiary of :

**SHAREHOLDERS**:
Goldman Sachs Asset Management, L.P.

We represent or have represented and named in a foreclosure the following entities:

**LARGEST UNSECURED CREDITORS**:
Deutsche Bank
JP Morgan Chase Bank, N.A.
Countrywide Capital
Bank of America, N.A.
CitiGroup
Wells Fargo Bank, N.A.
Impac Funding Corporation
Bear, Stearns & Capital, Inc
Wells Fargo
Nomura Credit & Capital, Inc.
EMC
Greenwich Capital Financial Products, Inc.
HSBC Bank
FNMA
Washington Mutual Bank, FA
IndyMac Bank. F.S.B
Credit Suisse First Boston
GMAC

**WAREHOUSE LENDERS**:
Bank of America, N.A.
Credit Suisse First Boston Mortgage Capital LLC
Bears Stearns (or its subsidiary EMC)

**OTHER ADVERSE PARTIES**:
ABN AMBRO Bank N.V
ABN AMBRO Bank
Citibank
CitiGroup Global
Fannie Mae
Federal Home Loan Mortgage, Corp.
GMAC
Greenwich Capital Markets, Inc.
Sovereign Bank
Wachovia Bank, N.A.

Washington Mutual

We are affiliated with the following and working with:
**PROFESSIONALS of the DEBTOR:**
Young Conaway Stargatt & Taylor, LLP

## EXHIBIT 2

**The Consuegra Firm's Fixed-Rate Foreclosure Fees Schedule**

066585.1001

## The Consuegra Firm's Fixed-Rate Foreclosures Fees Schedule

1.  Demand Letter: Fee incurred and billed when letter is sent.                                                    $50.00

2.  Foreclosure Lawsuit: Half of fee incurred and billed when suit is          $1,200.00
    filed and half of fee incurred and billed when the sale occurs
    or the file is closed.

3.  Answer Foreclosure Lawsuit: Fee is incurred and billed at the time the     $200.00
    answer is filed.

4.  Deed in Lieu of Foreclosure: Fee incurred and billed when deed            $350.00
    is recorded or the file is closed.

5.  Writ of Possession After Foreclosure. Fee incurred and billed             $350.00
    when writ is filed.

6.  Prepare Proof of Claim in Bankruptcy Matter:                              $200.00
    Fee incurred and billed when filed.

7.  Motion to Lift Stay: Fee incurred and billed when filed.                  $525.00

8.  Response to Motion to Value, Motion to                                    $525.00
    Redeem, or Motion to Avoid Lien: Fee incurred and  billed when filed.

9.  Objection to Plan or Proof of Claim in Bankruptcy Matter:                 $375.00
    Fee incurred and  billed when filed.

10. Stipulation: Fee incurred and billed at the time the stipulation is prepared.   $250.00

11. Reset Sale: Fee incurred and billed at the time the motion is filed.      $350.00

12. Assigment of Mortgage:  Fee incurred and billed at the time of preparation.   $125.00

13. Title Claim:  Fee incurred and  billed when claim sent.                   $300.00

14. Motion to Vacate:  Fee incurred and billed when prepared and filed.       $350.00

## EXHIBIT 3

**The Consuegra Firm's Foreclosure Expense Schedule**

## The Consuegra Firm's Foreclosure Expense Schedule

1.  Foreclosure Title Searches:                          $275.00 to $525.00

2.  Court Filing Fees:                                   $255.00 to $480.00

3.  Service of Process:                                  $250.00 to $1,250.00

4.  Publication: Notice of Action.                       $250.00 to $1,200.00

5.  Publication: Notice of Sale.                         $200.00 to $1,200.00

6.  Hydra Skiptrace: Personal defendant.                 $45.00

7.  Hydra Skiptrace: Corporate defendant.                $150.00

8.  Court Call: Per hearing.                             $50.00 to $75.00

9.  Clerk's Sale fee:                                    $60.00

10. Documentary Stamp Tax:                               $.70 per $100.00 of the bid

11. Instrument Recording Fees:                           $18.50 to $75.00

12. Registry Fees to Clerk: When we receive              $600.00 to $4,000.00
    proceeds.

13. Clerk Fees: For post judgment motions.               $50.00

14. Attorney Ad Litem Cost:                              $375.00 to $2,750.00

15. Transfer of Mobile Home Titles:                      $157.50 to $2,500.00

16. Death Certificates:                                  $34.50 to $95.00

17. Lost Mortgage Bond:                                  $300.00 to $4,000.00

18. Lien Pay through County:                             $20.00 to $40.00

066585.1001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                          :    Chapter 11
                                                :
AMERICAN HOME MORTGAGE                          :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]  :
                                                :    Jointly Administered
                     Debtors.                   :
---------------------------------------------------------------- x

## STATEMENT PURSUANT TO RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURES AND SECTION 329 OF THE BANKRUPTCY CODE

1.    The Law Offices of Daniel C. Consuegra (the "Consuegra Firm" or the "Firm"), pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), section 329 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), and Rule 2014 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), states that the undersigned is a foreclosure professional seeking retention by the Court in the cases of the above-captioned debtors and debtors in possession (the "Debtors").

2.    Compensation agreed to be paid by the Debtors to the Consuegra Firm is to be for services rendered in connection with these cases. The Debtors agreed to pay the Consuegra Firm for the services rendered or to be rendered by its various foreclosure

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

066585.1001

professionals. The Debtors have also agreed to reimburse the Consuegra Firm for its actual and necessary expenses incurred in connection with these cases.

3.     The Consuegra Firm intends to apply to the Court for payment of compensation and reimbursement of expenses  and payment of other charges in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, the District of Delaware Local Bankruptcy Rules, and orders of this Court. The Consuegra Firm has requested a limited waiver of Local Rule 2016-2(d) with respect to the Fixed-Rate Foreclosure Fee.

4.     The Debtors owe the Consuegra Firm approximately $12,990 for unpaid services rendered and expenses advanced on behalf of the Debtors prepetition. The Firm agrees to take no action in regard to collecting prepetition amounts owed other than filing a proof of claim against the Debtors.

5.     The services to be rendered include all those services set forth in the Application for Order (i) Approving the Retention and Employment of the Law Offices of Daniel C. Consuegra as Foreclosure Professionals for the Debtors *Nunc Pro Tunc* to the Petition Date; (ii) Approving its Fee Structure; and (iii) Granting a Partial Waiver of Local Rule 2016-2(d).

6.      The Consuegra Firm further states that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members, employees, or shareholders of the Consuegra Firm (excluding amounts paid to vendors advanced on behalf of the Debtors), or (b) any compensation another person or party has received or may receive.

Dated:    November **2**, 2007

Daniel C. Consuegra, Esquire
The Law Offices of Daniel C. Consuegra

3

066585.1001