**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case Nos. 07-11047 (CSS) |
| HOLDINGS, INC., et al., | ) | |
| | ) | Objection Deadline: November 5, 2007 at 4:00 p.m. |
| Debtors. | ) | Hearing Date:  November 7, 2007 at 4:00 p.m. |
| | ) | |
| | ) | Related Docket No. 1713 |
| | ) | |

**OBJECTION OF BANK OF AMERICA, N.A., AS ADMINISTRATIVE
AGENT, TO THE EMERGENCY MOTION OF DB STRUCTURED
PRODUCTS, INC. FOR LIMITED STAY PENDING APPEAL**

TO:    THE HONORABLE CHRISTOPHER S. SONTCHI,
       UNITED STATES BANKRUPTCY JUDGE

Bank of America, N.A., as administrative agent (the "<u>Administrative Agent</u>") for

itself and certain other banking and financial institutions as pre-petition secured lenders (the

"<u>Lenders</u>") under that certain Second Amended and Restated Credit Agreement, dated as of

August 10, 2006, by its undersigned attorneys, hereby objects (the "<u>Objection</u>") to the

Emergency Motion of DB Structured Products, Inc. for Limited Stay Pending Appeal [D.I. 1713]

(the "<u>Motion</u>").  In support of its Objection, the Administrative Agent joins in the Debtors'

Opposition to the Motion [D.I. 1783] (the "<u>Debtors' Opposition</u>") and further represents as

follows:

1. After conducting a five-day trial and considering substantial briefing and

evidence submitted by the Debtors and other parties in interest, including DBSP[1], the Court

approved the sale of the Debtors' mortgage loan servicing business (the "<u>Servicing Business</u>") to

AH Mortgage Acquisition Co., Inc. (the "<u>Buyer</u>").  The net proceeds of the sale will be paid to

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Motion or the Sale
Order, as the case may be.

the Administrative Agent, which holds first priority liens and security interests in substantially all of the assets being sold under the APA.

2.    One of DBSP's primary arguments in opposition to the Sale was that the Sale could and should proceed without including the Servicing Agreement embedded within its MLPSA with the Debtors (the "DB MLPSA").  It was obvious then, as it is now, that DBSP hopes to prevent the sale of those Servicing Rights and to force the Debtors to forfeit them, thereby permitting DBSP to obtain them for free.[2]  The Court overruled DBSP's objections to the Sale on October 23, 2007, when the Court issued its ruling and approved the Sale.  The Court also overruled most of DBSP's objections to the form of the Sale Order at the October 25, 2007 hearing.

3.    By the Motion, DBSP again seeks to obtain the same relief that this Court denied multiple times by characterizing it as a "limited stay" of the effectiveness of the provisions of the Sale Order solely to the extent that the Sale Order authorizes the transfer and assignment of the Servicing Agreement under the DB MLPSA.  However, the asset purchase agreement (the "APA") entered into between the Debtors and the Buyer requires, as a condition to the Buyer closing the Sale, that the Sale Approval Order has been entered, has become final, and is not subject to *any* stay of effectiveness.  See APA, at § 8.1(b).  Therefore, the imposition of even a "limited stay" pending appeal could relieve the Buyer of its obligation to consummate the Sale.

4.    Upon consideration of the substantial harm that would result from any stay pending DBSP's appeal, after the filing of the Motion, the Debtors and the Buyer agreed – with the Administrative Agent's consent – to an amendment to the APA (the "Second Amendment"),

---

[2]      DBSP previously sought the same relief when it moved for relief from the automatic stay so that it could terminate the DB MLPSA [D.I. 229] (the "Lift Stay Motion"), which the Court denied after an evidentiary hearing on September 17, 2007 [D.I. 835].

which places the Servicing Agreement under the DB MLPSA on a separate schedule 1.1(l) of "Disputed Servicing Agreements." The Purchase Price attributable to that Servicing Agreement will be paid by the Buyer and placed in escrow while DBSP's appeal is pending. Since the Second Amendment allows the Debtors to close the sale notwithstanding any appeal by DBSP, the Administrative Agent submits that the Motion is moot.

        5. In addition to being moot, the Motion is meritless. In determining whether to stay an order pending appeal, the Court must examine the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). DBSP's burden is to establish *each* of these elements. The party moving for a stay has the burden on each of these elements. *In re Shenandoah Realty Partners, L.P.*, 248 B.R. 505, 510 (W.D. Va. 2000); *see also Morgan v. Polaroid Corp, (In re Polaroid Corp.*), No. 02-1353, No. 01-10864, 2004 WL 253477, at *1 (D. Del. Feb. 9, 2004) ("If a party fails to establish one of the four prongs, a court may deny the requested stay").

        6. DBSP has presented no competent evidence to establish any of these elements:

        (A)   <u>It is not probable that DBSP will prevail on appeal</u>. The Court's Ruling was supported by the law and the evidence and is correct. DBSP's Motion reargues the same issues adjudicated in connection with the Sale Motion (as well as the Lift Stay Motion) and merely constitutes a back-door motion for reconsideration. DBSP's arguments are no more compelling now than when the Sale was approved.

(B)    <u>DBSP will not suffer irreparable injury</u>.    DBSP's motion contains no discussion of *any* injury it might suffer, much less an irreparable injury, if the Motion is denied. Instead, DBSP complains that its appellate rights may be rendered moot by operation of section 363(m) of the Bankruptcy Code.    But the great weight of authority holds that mootness resulting from the application of Bankruptcy Code section 363(m) to a sale and assignment does not, as a matter of law, constitute irreparable harm.    If it did, all sales would be subject to stays pending appeal.    That is simply not the law.    *See, e.g., In re Trans World Airlines, Inc.*, 2001 WL 1820325, *10 (Bankr. D. Del. 2001) ("Even if § 363(m) adversely impacts the EEOC's objection, '[i]t is well settled that an appeal being rendered moot does not itself constitute irreparable harm.'") (internal citations omitted).    In any event, the Second Amendment should eliminate DBSP's concern that the Sale will moot its appeal.

(C)    <u>A stay would pose unnecessary risk of harm to the Debtors' estates and their creditors.</u>    The Buyer is not obligated to consummate the Sale while a stay of the Sale Order is in effect.    The Court is well aware of the risk of harm that would be suffered by the Debtors' estates and their creditors if the Sale is not consummated or is delayed for any reason.    The Administrative Agent, which will receive the net proceeds from the Sale in partial satisfaction of the secured claims of the Administrative Agent and the Lenders, submits that this clearly constitutes substantial harm to the estates and their creditors generally and to the Administrative Agent and the Lenders specifically.

(D)    <u>A stay does not promote the public interest</u>.    The public interest in a bankruptcy case favors the maximization of the value of the estate.    Indeed, an overriding policy of Bankruptcy Code section 363 is to facilitate quick dispositions of a debtor's assets if it will result in the greatest recovery for the debtor's creditors.    *See, e.g., In re Hovis*, 356 F.3d 820, 822

(7th Cir 2004) ("sometimes the best means to administer an estate is to sell the assets quickly in order to maximize their value."). There is no countervailing public interest to be served by granting DBSP a limited stay. DBSP's assertion that the subject matter of its appeal is important to provide guidance to other market participants is irrelevant.

7. At a minimum, as a condition to entry of a stay, DBSP should be required to post a bond in the full amount of the Purchase Price. *See, e.g., Andy Frain Servs., Inc.*, 798 F.2d at 1125 ("requiring the appellant to post a bond or other security ... is, of course, essential in bankruptcy cases, for without such protection for good faith purchasers, few, if any, persons would participate in federal bankruptcy sales."). DBSP's unwillingness to offer a bond is itself a basis for the Court to deny the Motion. *See In re Continental Airlines*, 91 F.3d 553, 562 (3d Cir. 1996) (noting district court's denial of the stay was based in part on the appellants' unwillingness to post a satisfactory bond).

8. The facts and the law do not support the issuance of a stay, and DBSP has failed to demonstrate otherwise. In light of the foregoing, the Administrative Agent respectfully requests that the Motion be denied.

**CONCLUSION**

9.     For all of the foregoing reasons and the reasons set forth in the Debtors'
Opposition, the Administrative Agent respectfully requests that this Court (i) deny the relief
requested in the Motion and (ii) grant such other and further relief as is just and proper.

Dated: November 5, 2007
       Wilmington, Delaware

POTTER ANDERSON & CORROON LLP

By Laurie Selber Silverstein /

Laurie Selber Silverstein (DE Bar 2396)
David J. Baldwin (DE Bar 1010)
P. O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware  19899
(302) 984-6000

- and -

KAYE SCHOLER LLP
Margot B. Schonholtz
Mark F. Liscio
Scott D. Talmadge
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

*Counsel for Bank of America, N.A.
as Administrative Agent*

*Pac#829789*

6