IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re:* | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, | ) | Case No. 07-11047 (CSS) |
| INC., a Delaware corporation, et al., | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Related Docket No. 1778** |
| | ) | |

**EXPEDITED MOTION TO SHORTEN NOTICE AND FOR
EMERGENCY HEARING ON THE MOTION AND JOINDER OF
UBS REAL ESTATE SECURITIES INC. TO EMERGENCY MOTION OF
DB STRUCTURED PRODUCTS, INC. FOR LIMITED STAY PENDING APPEAL**

UBS Real Estate Securities Inc. ("RESI"), by and through its undersigned counsel, hereby moves (the "Motion to Shorten"), pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), section 102 of Title 11 of the United States Code (the "Bankruptcy Code") and rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order shortening the time for hearing with respect to the *Motion and Joinder of UBS Real Estate Securities Inc. to Emergency Motion of DB Structured Products, Inc. for Limited Stay Pending Appeal* [Docket No. 1778] (the "RESI Motion and Joinder") and allowing RESI to participate at the emergency hearing with respect to the *Emergency Motion of DB Structured Products, Inc. For Limited Stay Pending Appeal* (the "DBSP Emergency Stay Motion"), already scheduled for November 7, 2007, at 4:00 p.m. (ET) (the "Emergency Hearing"). In support of the Motion to Shorten, RESI respectfully refers to and incorporates by reference those facts, circumstances, and arguments set forth in the RESI Motion and Joinder, and further respectfully states as follows:

On October 30, 2007, this Court entered its order (the "Order") granting the *Emergency Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing*

*to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Doc. No. 11] (the "Sale Motion").

In rendering its ruling in support of the Order, the Court found that the Master Loan Purchase and Servicing Agreement between UBS and the Debtors (the "RESI MLPSA") [1] was *not* executory and authorized its transfer pursuant to Section 363 of the Bankruptcy Code. *See* October 23, 2007 Hearing Transcript pp. 10-11. The Court relied extensively on *The Shaw Group, Inc. v. Bechtel Jacobs Company, LLC*, and concluded that the indemnity and waterfall provisions of the Agreement were "unenforceable cross-default provisions that serve as de facto anti-assignment provisions." Transcr. p. 33; *see The Shaw Group v. Bechtel Jacobs Co., LLC (In re The IT Group)*, 350 B.R. 166 (Bankr. D. Del. 2006). However, according to *Shaw*, contracts transferred pursuant to section 363 remain subject to applicable defenses and obligations. *Id.* at 173 (citing *Folger Adam Sec., Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 263 (3d Cir. 2000)). Thus, the Court's reliance upon discussion of Section 365 of the Bankruptcy Code in *Shaw Group* is misplaced and cannot support the Court's finding that the RESI MLPSA may be severed and certain portions transferred to the purchaser under Section 363 of the Bankruptcy

---

[1] American Home Mortgage Corporation (the "Seller"), as seller, and American Home Mortgage Servicing, Inc. (the "Servicer"), as servicer, are parties to that certain Master Mortgage Loan Purchase and Servicing Agreement dated as of December 1, 2005 (the "MLPSA"), pursuant to which UBS purchased mortgages from Seller and Servicer performed servicing functions with respect to the purchased mortgages.

2

Code free and clear of the Debtors' obligations and RESI's defenses. Thus, the Court's approval of the Sale Motion as it relates to the RESI MLPSA constitutes a clear error of law.

Under the circumstances here, irreparable harm to RESI in the absence of a stay pending appeal will occur if the Debtors are allowed to render RESI's appeal potentially moot by substantively consummating the sale prior to the conclusion of the appeals. While the enforcement of the Order has been stayed for 10-days pursuant to Bankruptcy Rule 6004(h), it is imperative that RESI be heard within that 10-day period on the Motion for Stay. If the Court is inclined to deny the Motion for Stay, it is equally as imperative that the Court issue its ruling sufficiently in advance of the expiration of the 10-day period so that RESI may seek relief from the District Court before the automatic stay provided by Rule 6004(h) expires.

If the motion for stay is not granted prior to the expiration of the automatic stay under 6004(h), there is a risk that the Debtors could close the sale transaction and that an appellate Court could find RESI's recourse on an appeal to be limited, or even find its appeal moot, by virtue of the application of Bankruptcy Code section 363(m). While RESI does not concede that section 363(m) would apply with respect to the initial "economic closing" contemplated by the APA, upon information and belief, the Debtors do not concede this point. The Second Circuit Court of Appeals, noting the limited scope of review under section 363(m) after a sale is consummated, expressed concern that the district court's denial of the stay request effectively denied meaningful review on appeal and stated:

> [W]here an appellant timely moves to stay a judicially authorized sale, a district court's denial of that motion will similarly limit the issues on appeal. Although an appellant's challenge to a sale authorization might raise meritorious arguments, a district court's denial of a requested stay has the effect of precluding this Court from reviewing those issues, other than the good faith of the purchaser, if the sale has closed in the interim. It becomes important for a district judges to appreciate

the special consequences of denying a stay of a bankruptcy sale, even a very brief stay to permit this Court time to consider whether a stay pending appeal is warranted.

*In re Gucci*, 105 F.3d 837, 840 (2d Cir. 1997).

Given the imminent irreparable harm facing RESI if its appeal is rendered moot, RESI requests that the Court allow RESI to participate at the Emergency Hearing already scheduled for November 7, 2007 at 4:00 p.m. (ET). Moreover, because the RESI Motion and Joinder raise identical arguments to those already raised in the DBSP Emergency Stay Motion, RESI submits that no parties are prejudiced by allowing the RESI Motion and Joinder to be heard at the Emergency Hearing.

WHEREFORE, RESI respectfully requests the Court enter of an order in the form attached (i) scheduling the RESI Motion and Joinder to be heard at the Emergency Hearing already scheduled for November 7, 2007 at 4:00 p.m. (ET), (ii) shortening the applicable notice period such that the Motion and Joinder can be heard at the Emergency Hearing, (iii) permitting responses to the RESI Motion and Joinder to be filed by Noon on the day prior to the scheduled Emergency Hearing, and (iv) for such other and further relief as the Court deems just and appropriate.

Dated: November 5, 2007

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Rick B. Antonoff
Brandon R. Johnson
1540 Broadway
New York, NY 10036
Telephone: (212) 858-1000
Facsimile: (212) 858-1500

-and-

**ASHBY & GEDDES, P.A.**

*/s/ Amanda M. Winfree*

William P. Bowden (I.D. #2553)
Don A. Beskrone (I.D. #4380)
Gregory A. Taylor (I.D. #4008)
Amanda M. Winfree (I.D. #4615)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Counsel to UBS Real Estate Securities Inc.*

185602.1