IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x

In re:        :   Chapter 11

      :

AMERICAN HOME MORTGAGE HOLDINGS, INC.,   :   Case No. 07-11047 (CSS)

a Delaware corporation, et al.,      :   Jointly Administered

      :

       Debtors.       :   **Hearing Date: N/A**
                                                     **Objection Deadline: N/A**

------------------------------------------------------------------- x

## MOTION FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF THE HEARING TO CONSIDER DEBTORS' MOTION FOR AUTHORITY TO MODIFY NON-INSIDER EMPLOYEE RETENTION PLAN

American Home Mortgage Holdings, Inc., a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[1] having filed, contemporaneously herewith, the: *Debtors' Motion for Authority to Modify Non-Insider Employee Retention Plan* (the "Motion")[2] hereby move this Court, pursuant to Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order shortening the time for notice of the hearing to consider the Motion as it relates to the relief sought therein so that the matter may be heard on November 14, 2007 at 10:00 a.m. (ET).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp. , a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] All terms not otherwise defined herein shall be given the meanings ascribed to them in the Motion.

1.    The Federal Rules of Bankruptcy Procedure require twenty (20) days' notice prior to the hearing date for motions involving the use or sale of estate property. See Fed. R. Bankr. P. 2002(a)(2). Pursuant to Local Rule 9006-1(e), however, such period may be shortened by Order of the Court upon written motion specifying the exigencies supporting shortened notice. The Debtors submit that there is sufficient cause to justify shortening the notice period for the hearing on approval of the Motion as it relates to the relief sought therein.

2.    As it pertains to the Servicing Business employees, the Debtors initiated the Non-Insider Employee Retention Plan in order to successfully maintain the Debtors' Servicing Business throughout the sale process. Now that the Sale has been approved by the Court and the Initial Close is about to occur, the Debtors seek entry of an order authorizing the Debtors to modify the Non-Insider Employee Retention Plan with respect to the Transferring Employees effective as of the Initial Close.

3.    Under the terms of the Asset Purchase Agreement, the initial closing of the Sale will be taking place shortly. During the period between the Initial Close and the Final Close (the "Interim Period"), the Debtors will operate the Servicing Business for the benefit of the Purchaser; however, although the Debtors will be operating the Servicing Business during the Interim Period, the Purchaser, pursuant to the terms of the Asset Purchase Agreement, is: (1) entitled to all income derived from the Servicing Business, (2) obligated for any losses of the Servicing Business, and (3) required to fund all working capital needs of the Servicing Business, including all the expenses, wages, benefits, etc. related to certain of the Servicing Business employees. Additionally, during the Interim Period, the Purchaser will determine the salaries and benefits that are provided to the Transferring Employees.

066585.1001

4.    The Non-Insider Employee Retention Plan was designed to incentivize the Non-Insider Servicing Business Employees to remain employed by the Debtors through the sale of the Servicing Business. Now that the Sale has been approved, the Debtors seek entry of an order authorizing them to clarify and modify the Non-Insider Employee Retention Plan to deem the assignments of the Transferring Employees complete and to pay Transferring Employees their Deferred Payments and Final Payment upon the Initial Close. The Debtors submit that it is necessary and in the best interest of these estates for the relief sought in the Motion to be considered and approved in conjunction with the Initial Close so that the Debtors' obligations and responsibilities with respect to the Transferring Employees can be completed.

5.    Accordingly, the Debtors request that a hearing on the relief sought in the Motion be scheduled for November 14, 2007 at 10:00 a.m. (ET). The parties set forth in the notice section of the Motion will be served by overnight delivery or hand delivery on the date hereof. The Debtors also request that the Court establish a deadline of November 13, 2007 at 10:00 a.m. (ET) for filing responses to the Motion and require that any response be served pursuant to the notice so that it is actually received by that date and time.

DB02:6345599.2                                                                              066585.1001

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) scheduling a hearing on the relief requested in the Motions for November 14, 2007 at 10:00 a.m. (ET); and (ii) requiring that any responses to the Motion be filed and served so as to be received on or before November 13, 2007 at 10:00 a.m. (ET)

Dated: Wilmington, Delaware
 November 6, 2007

                              YOUNG CONAWAY STARGATT & TAYLOR, LLP

                              James L. Patton, Jr. (No. 2202)
                              Joel A. Waite (No. 2925)
                              Pauline K. Morgan (No. 3650)
                              M. Blake Cleary (No. 3614)
                              Edward J. Kosmowski (No. 3849)
                              Sean M. Beach (No. 4070)
                              Kenneth J. Enos (No. 4544)
                              The Brandywine Building
                              1000 West Street, 17th Floor
                              Wilmington, Delaware 19801
                              Telephone: (302) 571-6600
                              Facsimile: (302) 571-1253

                              Counsel for Debtors and Debtors in Possession

DB02:6345599.2                                                    066585.1001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re:                                                    :   Chapter 11
                                                          :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                    :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                           :   Jointly Administered
                                                          :
      Debtors.                                            :   **Ref. Docket No. _____**

------------------------------------------------------------------ x

**ORDER SHORTENING THE TIME FOR NOTICE OF THE HEARING
TO CONSIDER DEBTORS' MOTION FOR AUTHORITY TO
MODIFY NON-INSIDER EMPLOYEE RETENTION PLAN**

Upon consideration of the Motion for an Order Shortening the Time for Notice of the Hearing to Consider Debtors' Motion for Authority to Modify Non-Insider Employee Retention Plan (the "Motion to Shorten"),[1] pursuant to Rules 2002, and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure, and Rules 2002-1(b) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; and the Court having determined that granting the relief requested by the Motion to Shorten is in the best interest of the Debtors' estates and creditors; and it appearing that due and adequate notice of the Motion to Shorten has been given, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion to Shorten is granted; and it is further

ORDERED, that a hearing on the Motions will be held on November 14, 2007 at 10:00 a.m. (ET), and that the deadline to file any responses to the Motions shall be November 13, 2007 at 10:00 a.m. (ET); and it is further

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion to Shorten.

ORDERED, that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.


Dated:_____, 2007
　　　　　Wilmington, Delaware


　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Christopher S. Sontchi
　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

066585.1001