## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------ x
In re:                                          :   Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,          :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                 :
                                                :   Jointly Administered
      Debtors.                                  :
                                                :   Doc. Ref. Nos. 493, 515, 688, 711, 712, 731
                                                :   and 753
------------------------------------------------------------------ x
```

### CERTIFICATION OF COUNSEL REGARDING ORDER (I) TERMINATING DEBTORS' NON-QUALIFIED DEFERRED COMPENSATION PLAN PURSUANT TO SECTION 363(b)(1) OF THE BANKRUPTCY CODE AND (II) DIRECTING THE TRUSTEE OF THE DEBTORS' NON-QUALIFIED DEFERRED COMPENSATION PLAN TRUST TO RETURN DEBTORS' ASSETS HELD IN TRUST TO THE DEBTORS' ESTATES PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE

On August 30, 2007, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] filed the Debtors' Motion for an Order (I) Terminating Their Non-Qualified Deferred Compensation Plan Pursuant to Section 363(b)(1) of the Bankruptcy Code and (II) Directing the Trustee of the Debtors' Non-Qualified Deferred Compensation Plan Trust to Return Debtors' Assets Held in Trust to the Debtors' Estates Pursuant to Section 105(a) of the Bankruptcy Code [Docket No. 493] (the "Motion").

The Debtors received six objections to the Motion. Three of the six were letter objections filed *pro se* by individual Plan participants, Patricia L. Shepard [Docket No. 515], George E. Hart [Docket No. 688], and Gail Thakarar [Docket No. 731] (collectively, the "Letter Objectors").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp, a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

In addition to the Letter Objections, on September 10, 2007, Mark James ("Mr. James") filed a Memorandum in Opposition to the Motion [Docket No. 753].

On September 12, 2007, Valerie Lynn Scruggs ("Ms. Scruggs") filed her Objection to the Motion [Docket No. 711].

Also on September 12, 2007, 43 Plan participants (the "Participant Group," and collectively with the Letter Objectors, Mr. James and Ms. Scruggs, the "Objecting Parties")[2] filed the Objection of Participant Group to the Motion [Docket No. 712].

A hearing (the "Hearing") on the Motion was held on October 30, 2007. At the Hearing, the Debtors advised the Court that the Debtors had reached a settlement in principle with each of the Objecting Parties but that the Official Committee of Unsecured Creditors (the "Committee") was still conducting a due diligence inquiry into the proposed settlement. The Court directed the Debtors, in the event the Debtors, the Committee and the Objecting Parties reached a final settlement, to submit a consensual form of order under certification of counsel.

Attached hereto as Exhibit 1 is a consensual form of order (the "Order") that has been agreed to by the Debtors, the Committee and the Objecting Parties. For the Court's convenience, a blackline highlighting the changes made to the original form of order attached to the Motion is attached hereto as Exhibit 2.

---

[2] The Participant Group now consists of 102 Plan participants and includes the Letter Objectors and Mr. James.

The Debtors respectfully submit that the Order is consistent with the record established at the Hearing and request that the Court enter the Order at its earliest convenience without further notice or hearing.

Dated:    Wilmington, Delaware
          November 6, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

## Exhibit 1

**Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                       :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.[1]                            :
                                                             :   Jointly Administered
                                                             :
        Debtors.                                             :   Doc. Ref. Nos. 493, 515, 688, 711, 712,
------------------------------------------------------------ x   731, 753 and 958
```

### ORDER (I) TERMINATING DEBTORS' NON-QUALIFIED DEFERRED COMPENSATION PLAN PURSUANT TO SECTION 363(b)(1) OF THE BANKRUPTCY CODE AND (II) DIRECTING THE TRUSTEE OF THE DEBTORS' NON-QUALIFIED DEFERRED COMPENSATION PLAN TRUST TO RETURN DEBTORS' ASSETS HELD IN TRUST TO THE DEBTORS' ESTATES PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE

Upon consideration of the motion (the "Motion")[2] of American Home Mortgage

Holdings, Inc., a Delaware corporation, and certain of its direct and indirect affiliates and

subsidiaries, the debtors and debtors in possession in the above cases (collectively, the

"Debtors"), for entry of an order pursuant to sections 363(b)(1) and 105(a) of the Bankruptcy

Code, (i) authorizing the Debtors to terminate the American Home Mortgage Holdings, Inc.

Deferred Compensation Plan (the "Plan") and (ii) directing Merrill Lynch Trust Company, FSB

as trustee (the "Trustee") under the American Home Mortgage Holdings, Inc. Deferred

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Debtors' Omnibus Reply to Objections Debtors' Motion for an Order (I) Terminating Their Non-Qualified Deferred Compensation Plan Pursuant to Section 363(b)(1) of the Bankruptcy Code and (II) Directing the Trustee of the Debtors' Non-Qualified Deferred Compensation Plan Trust to Return Debtors' Assets Held in Trust to the Debtors' Estates Pursuant to Section 105(a) of the Bankruptcy Code [Docket No. 958].

066585.1001

Compensation Plan Trust Agreement (the "Trust Agreement") to return the assets held in trust

(the "Trust") to the Debtors' estates; and it appearing that the Court has jurisdiction to consider

the Motion pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the relief

requested in the Motion is in the best interests of the Debtors, their estates and creditors; and the

Court having determined that the termination of the Plan constitutes an exercise of sound

business judgment made in good faith by the Debtors; and it appearing that due and adequate

notice and disclosure of the Motion has been given; and upon consideration of the objections of

Patricia L. Shepard [Docket No. 515], George E. Hart [Docket No. 688], Gail Thakarar [Docket

No. 731], Mark James [Docket No. 753], Valerie Lynn Scruggs [Docket No. 711], and the

Participant Group [Docket No. 712] (collectively, the "Objections"); and the Court finding that

the settlement of the Objections, on the terms set forth herein, (i) is fair and equitable; (ii)

represents a settlement that rests well above the lowest point in the reasonable range of potential

litigation outcomes; (iii) obviates the expense, delay, inconvenience and uncertainty that would

attend any litigation of the Objections; and (iv) advances the paramount interests of creditors;

and after due deliberation and sufficient cause appearing therefor; it is hereby

       ORDERED, that the Motion is granted as set forth herein; and it is further

       ORDERED, that the Debtors are hereby authorized to exercise their contractual

rights to terminate the Plan and the Plan shall be deemed terminated as of August 29, 2007; and

it is further

       ORDERED, that the Trustee shall return the assets held in the Trust to the

Debtors' bankruptcy estates within seven (7) days of the entry of this Order; and it is further

       ORDERED, that the settlement of the Participant Group Objection, pursuant to

the following terms, is hereby approved: (1) the Debtors shall pay the Participant Group

$400,000, to be shared pro rata among the members of Participant Group, within ten (10) days of the entry of this Order; (2) each member of the Participant Group, a list of which is attached hereto as Exhibit A, shall have an allowed priority wage claim pursuant to section 507(a)(4) of the Bankruptcy Code, if and to the extent each such member of the Participant Group has an unpaid claim for deferred compensation in the 180 days prior to August 6, 2007, up to a maximum of $10,950, payable on the earlier of (a) when such claims are payable pursuant to a chapter 11 plan or otherwise in these cases or (b) when other priority claims of terminated employees are paid; (3) each member of the Participant Group shall be entitled to assert a general unsecured claim for the amount of compensation each such member deferred under the Plan, which amount shall be reduced by any amount of deferred compensation allowed as a priority wage claim, provided, however, that the Debtors or any party acting on behalf of the Debtors retain the right to object to the amount of any claim filed by a member of the Participant Group which asserts an amount in excess of the amount such member deferred under the Plan or in excess of the priority amount to which such party is entitled; (4) except as otherwise set forth herein, including the priority and unsecured claims reserved in subparagraphs (2) and (3) above, upon receipt of his/her portion of the $400,000 payment, each member of the Participant Group shall be deemed to release the Debtors, their estates, and their current and former affiliates, officers, directors, agents, employees, successors and/or assigns from any and all claims or causes of action related to the Plan or the Trust, but not other claims or causes of action; and (5) the Debtors shall waive their right to bring any actions under 11 U.S.C. § 547 against the members of the Participant Group solely with respect to payouts of deferred compensation under the Plan; and it is further

ORDERED, that the settlement of the Scruggs Objection, pursuant to the following terms, is hereby approved: (1) the Debtors shall pay Ms. Scruggs $7,000 within ten (10) days of the entry of this Order; (2) Ms. Scruggs shall have an allowed priority wage claim pursuant to section 507(a)(4) of the Bankruptcy Code, if and to the extent Ms. Scruggs has an unpaid claim for deferred compensation that was designated as such in the 180 days prior to August 6, 2007, up to a maximum of $10,950, payable when other priority claims of terminated employees are paid; (3) Ms. Scruggs shall be entitled to assert a general unsecured claim for the amount of compensation she deferred under the Plan, which amount shall be reduced by any amount of deferred compensation allowed as a priority wage claim, provided, however, that the Debtors or any party acting on behalf of the Debtors retain the right to object to any claim filed by Ms. Scruggs which asserts an amount in excess of the amount Ms. Scruggs deferred under the Plan or in excess of the priority amount to which such party is entitled; (4) except as otherwise set forth herein, upon receipt of the $7,000 payment, Ms. Scruggs shall be deemed to release the Debtors, their estates and their current and former affiliates, officers, directors, agents, employees, successors and/or assigns from any and all claims or causes of action related to the Plan or the Trust; and (5) the Debtors shall waive their right to bring any actions under 11 U.S.C. § 547 against Ms. Scruggs solely with respect to payouts of deferred compensation under the Plan, against Ms. Scruggs; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all matters arising between the Debtors, the Trustee, and the Plan participants as they relate to the Plan, the Trust Agreement, and the implementation or interpretation of this Order or the issues addressed by the Motion.

Dated: Wilmington, Delaware
          November ___, 2007

_____

Christopher S. Sontchi
United States Bankruptcy Judge

## **EXHIBIT A**

**List of Individuals in Participant Group**

LIST OF INDIVIDUALS IN PARTICIPANT GROUP

| | |
|---|---|
| 1 | Angellotti, Anthony |
| 2 | Arce, Frank |
| 3 | Barnett, Mitzi R. |
| 4 | Bell, Charles E. |
| 5 | Belote, James P. |
| 6 | Bergum, Ronald L. |
| 7 | Bergum, Stan |
| 8 | Berry, John A. |
| 9 | Bianchi, Katie G. |
| 10 | Blomberg, Ronald S. |
| 11 | Butler, Tracy L. |
| 12 | Carnahan, John |
| 13 | Chyz, Gwyn R. |
| 14 | Colagiovane Miller, Liana L. |
| 15 | Chrisanty, Al |
| 16 | De Rosa, Jeremy |
| 17 | Depodesta, David |
| 18 | Devine, Suzanne C. |
| 19 | Eininger, Mitchell |
| 20 | Geiger, Steven D. |
| 21 | Gerber, Sharon |
| 22 | Gerrity, Sean T. |
| 23 | Gomez, Roland J. |
| 24 | Griffith, Ann M. |
| 25 | Hart, George |
| 26 | Hausmann, Robert F. |
| 27 | Heath, Andrew P. |
| 28 | Henig, Donald |
| 29 | Hertling, Dieter R. |
| 30 | Horrocks, Stephen |
| 31 | Houston, Truxton Crain |
| 32 | Huston, Douglas W. |
| 33 | James, Mark Robert |
| 34 | Jeremiah, Noreen A. |
| 35 | Johnston, John A. |
| 36 | Keller, Rocca |
| 37 | Kelly, Aileen B. |
| 38 | Kerr, Kevin J. |
| 39 | Knag, Paul E. |
| 40 | Lake, Jeffrey |
| 41 | Larsen, Linda K. |
| 42 | Linden, John H. |
| 43 | Livian, Darius D. |
| 44 | Lucero, Jimmy V. |
| 45 | Mahan, Richard K. |
| 46 | Manginelli III, Danie |
| 47 | Martinez, Mark G. |
| 48 | Massella, Ralph A. |
| 49 | Mazarakis, Roxanne V. |
| 50 | Mazella, Michael |

| | |
|---|---|
| 51 | McGowen, Mark E. |
| 52 | McGraw, Jeanette R. |
| 53 | McKay, Christina A. |
| 54 | McLane, Vanessa P. |
| 55 | Mercer, Robert C. |
| 56 | Meyer, David C. |
| 57 | Meyer, Richard P. |
| 58 | Michaud, David P. |
| 59 | Miller, Julie L. |
| 60 | Moore, Michael R. |
| 61 | Muniz, Eleidy C. |
| 62 | Nerland, David E. |
| 63 | Nieto, Daniel R. |
| 64 | Nuckols, Kathryn M. |
| 65 | Nunez, Emilio |
| 66 | Nyovich, Jacquelyn |
| 67 | O'brien, Baron N. |
| 68 | Pace, Donald J. |
| 69 | Perry, Joseph C. |
| 70 | Reeg, Brian C. |
| 71 | Rivera, Edwin L. |
| 72 | Roberts, David E. |
| 73 | Robin Jarrett, Eve |
| 74 | Rosenblatt, Ronald R. |
| 75 | Scharrer, David F. |
| 76 | Schmersahl, Laura E. |
| 77 | Schoolfied, Matthew B. |
| 78 | Serkes, Michael H. |
| 79 | Sexauer, Mary Jo |
| 80 | Shearer, Lyle E. |
| 81 | Sheehy, Frank |
| 82 | Shepherd, Patricia |
| 83 | Shinn, Vicki Lombardi |
| 84 | Shoop, James L. |
| 85 | Simon, Kimberly J. |
| 86 | Somerman, Steven M. |
| 87 | Stanton, Shane M. |
| 88 | States, Chad |
| 89 | Thakarar, Gool |
| 90 | Theriault, Clifford J. |
| 91 | Thoet, Lance |
| 92 | Tragale, Denise M. |
| 93 | Trahan, Robert |
| 94 | Waterhouse, Drew D. |
| 95 | Wesolowski, Keith M. |
| 96 | Wheeler, Michael J. |
| 97 | Wilhelm, Baron |
| 98 | Williams, J. Hunter |
| 99 | Wright, Larry L. |
| 100 | Wynne, David |
| 101 | Yeckley, Robert Q |
| 102 | Zell, Gary S. |

**Exhibit 2**

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------ x
In re:                                                             :   Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.¹                                    :
                                                                   :   Jointly Administered
                                                                   :
         Debtors.                                                  :   Doc. Ref. Nos. 493, 515, 688, 711, 712,
------------------------------------------------------------------ x   731 and 731, 753 and 958
```

### ORDER (I) TERMINATING DEBTORS' NON-QUALIFIED DEFERRED COMPENSATION PLAN PURSUANT TO SECTION 363(b)(1) OF THE BANKRUPTCY CODE AND (II) DIRECTING THE TRUSTEE OF THE DEBTORS' NON-QUALIFIED DEFERRED COMPENSATION PLAN TRUST TO RETURN DEBTORS' ASSETS HELD IN TRUST TO THE DEBTORS' ESTATES PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE

Upon consideration of the motion (the "Motion")¹² of American Home Mortgage

Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect

affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively,

---

¹   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

¹²   Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion Debtors' Omnibus Reply to Objections Debtors' Motion for an Order (I) Terminating Their Non-Qualified Deferred Compensation Plan Pursuant to Section 363(b)(1) of the Bankruptcy Code and (II) Directing the Trustee of the Debtors' Non-Qualified Deferred Compensation Plan Trust to Return Debtors' Assets Held in Trust to the Debtors' Estates Pursuant to Section 105(a) of the Bankruptcy Code [Docket No. 958].

"~~AHM~~ ~~or~~ the "Debtors"²), for

entry of an order pursuant to sections 363(b)(1) and 105(a) of the Bankruptcy Code, (i)

authorizing the Debtors to terminate the ~~Plan~~American Home Mortgage Holdings, Inc. Deferred

Compensation Plan (the "Plan") and (ii) directing Merrill Lynch Trust Company, FSB as

~~Trustee~~trustee (the "Trustee") under the American Home Mortgage Holdings, Inc. Deferred

Compensation Plan Trust Agreement (the "Trust Agreement") to return ~~Assets~~the assets held in

trust (the "Trust") to the Debtors' estates; and it appearing that the Court has jurisdiction to

consider the Motion pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the

relief requested in the Motion is in the best interests of the Debtors, their estates and creditors;

and the Court having determined that the termination of the Plan constitutes an exercise of sound

business judgment made in good faith by the Debtors; and it appearing that due and adequate

notice and disclosure of the Motion has been given; and upon consideration of the ~~letter~~

~~objection~~objections of Patricia L. Shepard [Docket No. 515], ~~letter objection of~~ George E. Hart

[Docket No. 688], ~~letter objection of~~ Gail Thakarar [Docket No. 731], ~~Memorandum in~~

~~Opposition to Debtors' Motion for an Order (I) Terminating Their Non-Qualified Deferred~~

~~Compensation Plan Pursuant to Section 363(b)(1) of the Bankruptcy Code and (II) Directing the~~

~~Trustee of the Debtors' Non-Qualified Deferred Compensation Plan Trust to Return Debtors'~~

~~Assets Held in Trust to the Debtors' Estates Pursuant to Section 105(a) of the Bankruptcy~~

~~Code~~Mark James [Docket No. 753], ~~Objection by Valerie Lynn Scruggs to Debtors' Motion for~~

² The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

an Order (I) Terminating Their Non-Qualified Deferred Compensation Plan Pursuant to Section ~~363(b)(1) of the Bankruptcy Code and (II) Directing the Trustee of the Debtors' Non-Qualified Deferred Compensation Plan Trust to Return Debtors' Assets Held in Trust to the Debtors' Estates Pursuant to Section 105(a) of the Bankruptcy Code~~Valerie Lynn Scruggs [Docket No. 711], and the ~~Objection of Participant Group to Debtors' Motion for an Order (I) Terminating Their Non-Qualified Deferred Compensation Plan Pursuant to Section 363(b)(1) of the Bankruptcy Code and (II) Directing the Trustee of the Debtors' Non-Qualified Deferred Compensation Plan Trust to Return Debtors' Assets Held in Trust to the Debtors' Estates Pursuant to Section 105(a) of the Bankruptcy Code~~ Participant Group [Docket No. 712] (collectively, the "Objections"); and the Court ~~having overruled the Objections;~~ finding that the settlement of the Objections, on the terms set forth herein, (i) is fair and equitable; (ii) represents a settlement that rests well above the lowest point in the reasonable range of potential litigation outcomes; (iii) obviates the expense, delay, inconvenience and uncertainty that would attend any litigation of the Objections; and (iv) advances the paramount interests of creditors; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is granted as set forth herein; and it is further

ORDERED, that the Debtors are hereby authorized to exercise their contractual rights to terminate the Plan and the Plan shall be deemed terminated as of August 29, 2007; and it is further

ORDERED, that the Trustee shall return the ~~Assets~~assets held in the Trust to the Debtors' bankruptcy estates within ~~ten~~seven (~~10~~7) days of the entry of this Order; and it is further

~~ORDERED, this Order is without prejudice to the rights of the Plan participants to assert any and all claims or causes of action which they may deem appropriate; and it is further~~

ORDERED, that the settlement of the Participant Group Objection, pursuant to the following terms, is hereby approved: (1) the Debtors shall pay the Participant Group $400,000, to be shared pro rata among the members of Participant Group, within ten (10) days of the entry of this Order; (2) each member of the Participant Group, a list of which is attached hereto as Exhibit A, shall have an allowed priority wage claim pursuant to section 507(a)(4) of the Bankruptcy Code, if and to the extent each such member of the Participant Group has an unpaid claim for deferred compensation in the 180 days prior to August 6, 2007, up to a maximum of $10,950, payable on the earlier of (a) when such claims are payable pursuant to a chapter 11 plan or otherwise in these cases or (b) when other priority claims of terminated employees are paid; (3) each member of the Participant Group shall be entitled to assert a general unsecured claim for the amount of compensation each such member deferred under the Plan, which amount shall be reduced by any amount of deferred compensation allowed as a priority wage claim, provided, however, that the Debtors or any party acting on behalf of the Debtors retain the right to object to the amount of any claim filed by a member of the Participant Group which asserts an amount in excess of the amount such member deferred under the Plan or in excess of the priority amount to which such party is entitled; (4) except as otherwise set forth herein, including the priority and unsecured claims reserved in subparagraphs (2) and (3) above, upon receipt of his/her portion of the $400,000 payment, each member of the Participant Group shall be deemed to release the Debtors, their estates, and their current and former affiliates, officers, directors, agents, employees, successors and/or assigns from any and all claims or causes of action related to the Plan or the Trust, but not other claims or causes of action; and (5) the Debtors shall waive their right to bring any actions under 11 U.S.C. § 547 against the

members of the Participant Group solely with respect to payouts of deferred compensation under the Plan; and it is further

ORDERED, that the settlement of the Scruggs Objection, pursuant to the following terms, is hereby approved: (1) the Debtors shall pay Ms. Scruggs $7,000 within ten (10) days of the entry of this Order; (2) Ms. Scruggs shall have an allowed priority wage claim pursuant to section 507(a)(4) of the Bankruptcy Code, if and to the extent Ms. Scruggs has an unpaid claim for deferred compensation that was designated as such in the 180 days prior to August 6, 2007, up to a maximum of $10,950, payable when other priority claims of terminated employees are paid; (3) Ms. Scruggs shall be entitled to assert a general unsecured claim for the amount of compensation she deferred under the Plan, which amount shall be reduced by any amount of deferred compensation allowed as a priority wage claim, provided, however, that the Debtors or any party acting on behalf of the Debtors retain the right to object to any claim filed by Ms. Scruggs which asserts an amount in excess of the amount Ms. Scruggs deferred under the Plan or in excess of the priority amount to which such party is entitled; (4) except as otherwise set forth herein, upon receipt of the $7,000 payment, Ms. Scruggs shall be deemed to release the Debtors, their estates and their current and former affiliates, officers, directors, agents, employees, successors and/or assigns from any and all claims or causes of action related to the Plan or the Trust; and (5) the Debtors shall waive their right to bring any actions under 11 U.S.C. § 547 against Ms. Scruggs solely with respect to payouts of deferred compensation under the Plan, against Ms. Scruggs; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all matters arising between the Debtors, the Trustee, and the ~~Participants~~Plan participants as they relate to the Plan~~, the Assets~~, the Trust Agreement, and the implementation or interpretation of this Order or the issues addressed by the Motion.

Dated: Wilmington, Delaware
      ~~October~~November ___, 2007

_____

Christopher S. Sontchi
United States Bankruptcy Judge

Document comparison done by Workshare DeltaView on Tuesday, November 06, 2007 5:45:30 PM

| Input: | |
|---|---|
| Document 1 | interwovenSite://WSDMS/DB02/6261578/2 |
| Document 2 | interwovenSite://WSDMS/DB02/6261578/7 |
| Rendering set | standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | Count |
|---|---|
| Insertions | 30 |
| Deletions | 28 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 58 |