IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             :   Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.[1]                                  :
                                                                   :   Jointly Administered
         Debtors.                                                  :
                                                                   :   Doc. Ref. Nos. 493, 515, 688, 711, 712,
------------------------------------------------------------------ x   731, 753 and 958

### ORDER (I) TERMINATING DEBTORS' NON-QUALIFIED DEFERRED COMPENSATION PLAN PURSUANT TO SECTION 363(b)(1) OF THE BANKRUPTCY CODE AND (II) DIRECTING THE TRUSTEE OF THE DEBTORS' NON-QUALIFIED DEFERRED COMPENSATION PLAN TRUST TO RETURN DEBTORS' ASSETS HELD IN TRUST TO THE DEBTORS' ESTATES PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE

Upon consideration of the motion (the "Motion")[2] of American Home Mortgage Holdings, Inc., a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors"), for entry of an order pursuant to sections 363(b)(1) and 105(a) of the Bankruptcy Code, (i) authorizing the Debtors to terminate the American Home Mortgage Holdings, Inc. Deferred Compensation Plan (the "Plan") and (ii) directing Merrill Lynch Trust Company, FSB as trustee (the "Trustee") under the American Home Mortgage Holdings, Inc. Deferred

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Debtors' Omnibus Reply to Objections Debtors' Motion for an Order (I) Terminating Their Non-Qualified Deferred Compensation Plan Pursuant to Section 363(b)(1) of the Bankruptcy Code and (II) Directing the Trustee of the Debtors' Non-Qualified Deferred Compensation Plan Trust to Return Debtors' Assets Held in Trust to the Debtors' Estates Pursuant to Section 105(a) of the Bankruptcy Code [Docket No. 958].

Compensation Plan Trust Agreement (the "Trust Agreement") to return the assets held in trust (the "Trust") to the Debtors' estates; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and the Court having determined that the termination of the Plan constitutes an exercise of sound business judgment made in good faith by the Debtors; and it appearing that due and adequate notice and disclosure of the Motion has been given; and upon consideration of the objections of Patricia L. Shepard [Docket No. 515], George E. Hart [Docket No. 688], Gail Thakarar [Docket No. 731], Mark James [Docket No. 753], Valerie Lynn Scruggs [Docket No. 711], and the Participant Group [Docket No. 712] (collectively, the "Objections"); and the Court finding that the settlement of the Objections, on the terms set forth herein, (i) is fair and equitable; (ii) represents a settlement that rests well above the lowest point in the reasonable range of potential litigation outcomes; (iii) obviates the expense, delay, inconvenience and uncertainty that would attend any litigation of the Objections; and (iv) advances the paramount interests of creditors; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is granted as set forth herein; and it is further

ORDERED, that the Debtors are hereby authorized to exercise their contractual rights to terminate the Plan and the Plan shall be deemed terminated as of August 29, 2007; and it is further

ORDERED, that the Trustee shall return the assets held in the Trust to the Debtors' bankruptcy estates within seven (7) days of the entry of this Order; and it is further

ORDERED, that the settlement of the Participant Group Objection, pursuant to the following terms, is hereby approved: (1) the Debtors shall pay the Participant Group

$400,000, to be shared pro rata among the members of Participant Group, within ten (10) days of the entry of this Order; (2) each member of the Participant Group, a list of which is attached hereto as Exhibit A, shall have an allowed priority wage claim pursuant to section 507(a)(4) of the Bankruptcy Code, if and to the extent each such member of the Participant Group has an unpaid claim for deferred compensation in the 180 days prior to August 6, 2007, up to a maximum of $10,950, payable on the earlier of (a) when such claims are payable pursuant to a chapter 11 plan or otherwise in these cases or (b) when other priority claims of terminated employees are paid; (3) each member of the Participant Group shall be entitled to assert a general unsecured claim for the amount of compensation each such member deferred under the Plan, which amount shall be reduced by any amount of deferred compensation allowed as a priority wage claim, provided, however, that the Debtors or any party acting on behalf of the Debtors retain the right to object to the amount of any claim filed by a member of the Participant Group which asserts an amount in excess of the amount such member deferred under the Plan or in excess of the priority amount to which such party is entitled; (4) except as otherwise set forth herein, including the priority and unsecured claims reserved in subparagraphs (2) and (3) above, upon receipt of his/her portion of the $400,000 payment, each member of the Participant Group shall be deemed to release the Debtors, their estates, and their current and former affiliates, officers, directors, agents, employees, successors and/or assigns from any and all claims or causes of action related to the Plan or the Trust, but not other claims or causes of action; and (5) the Debtors shall waive their right to bring any actions under 11 U.S.C. § 547 against the members of the Participant Group solely with respect to payouts of deferred compensation under the Plan; and it is further

ORDERED, that the settlement of the Scruggs Objection, pursuant to the following terms, is hereby approved: (1) the Debtors shall pay Ms. Scruggs $7,000 within ten (10) days of the entry of this Order; (2) Ms. Scruggs shall have an allowed priority wage claim pursuant to section 507(a)(4) of the Bankruptcy Code, if and to the extent Ms. Scruggs has an unpaid claim for deferred compensation that was designated as such in the 180 days prior to August 6, 2007, up to a maximum of $10,950, payable when other priority claims of terminated employees are paid; (3) Ms. Scruggs shall be entitled to assert a general unsecured claim for the amount of compensation she deferred under the Plan, which amount shall be reduced by any amount of deferred compensation allowed as a priority wage claim, _provided_, _however_, that the Debtors or any party acting on behalf of the Debtors retain the right to object to any claim filed by Ms. Scruggs which asserts an amount in excess of the amount Ms. Scruggs deferred under the Plan or in excess of the priority amount to which such party is entitled; (4) except as otherwise set forth herein, upon receipt of the $7,000 payment, Ms. Scruggs shall be deemed to release the Debtors, their estates and their current and former affiliates, officers, directors, agents, employees, successors and/or assigns from any and all claims or causes of action related to the Plan or the Trust; and (5) the Debtors shall waive their right to bring any actions under 11 U.S.C. § 547 against Ms. Scruggs solely with respect to payouts of deferred compensation under the Plan, against Ms. Scruggs; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all matters arising between the Debtors, the Trustee, and the Plan participants as they relate to the Plan, the Trust Agreement, and the implementation or interpretation of this Order or the issues addressed by the Motion.

Dated: Wilmington, Delaware
November 7, 2007

*Christopher S. Sontchi*
Christopher S. Sontchi
United States Bankruptcy Judge