IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :  Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :  Jointly Administered
                    Debtors.                                     :
                                                                 :  Ref. Docket No. 967, 1600 and 1769
---------------------------------------------------------------- x

**AGREED ORDER BY AND BETWEEN THE DEBTORS AND METROPOLITAN LIFE INSURANCE COMPANY REGARDING THE DEBTORS' FOURTH MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASE AND TO ABANDON CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT**

Upon consideration of the Fourth Motion for an Order, Pursuant to Sections 105, 364 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases and to Abandon Certain Furniture, Fixtures and Equipment [Docket No. 967] (the "Fourth Motion")[2] of the above captioned debtors and debtors in possession (the "Debtors"); and the informal objection lodged by Metropolitan Life Insurance Company, successor to Townpark Commons, Inc. ("Metropolitan Life", and collectively with the Debtors, the "Parties"); and the Court being satisfied that the relief requested by the Parties is in the best interests of the Debtors, their estates

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] All terms not otherwise defined herein shall be given the meanings ascribed to them in the Fourth Motion.

and creditors and is a proper exercise of the Debtors' business judgment; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED, that the lease between one or more of the Debtors and Metropolitan Life (the "Lease") located at 225 Town Park Drive, Kennesaw, Georgia (the "Premises") is hereby rejected pursuant to 11 U.S.C. § 365(a) effective as of October 12, 2007; and it is further

ORDERED, that the Debtors abandon their interest, if any, in any FF&E remaining at the Premises to Metropolitan Life as of the Rejection Date; and it is further

ORDERED, that by abandoning their interest in the FF&E to Metropolitan Life, the Debtors do not make any representations or warranties regarding third party interests in such FF&E; and is further

ORDERED, that Metropolitan Life shall have an allowed administrative claim pursuant to 11 U.S.C. § 503(b) in the amount of $4,582.63 (the "Administrative Claim"); and it is further

ORDERED, that the Debtors shall pay the Administrative Claim within fifteen (15) business days from entry of this Order; and it is further

ORDERED, that subject to payment of the Administrative Claim, Metropolitan Life releases and waives any and all other administrative claims for post-petition rent at the Premises (and not in regard to other locations) that have been or could be asserted pursuant to 11 U.S.C. §§ 365 and 503; and it is further

ORDERED, that Metropolitan Life is authorized to hold the security deposit in the amount of $11,299.75 (the "Security Deposit") and offset the Security Deposit against any Rejection Damages prior to the application of the limitation imposed by 11 U.S.C. § 502(b)(6); provided, however, that Metropolitan Life shall return the excess of the Security Deposit over

Rejection Damages, if any, within thirty (30) days of the filing of a proof of claim; and it is further

ORDERED, that nothing herein shall prejudice (i) the rights of Metropolitan Life to file a general unsecured claim including, without limitation, any claim for prepetition amounts due under the Lease and rejection damages in connection with the rejection of the Lease and any claim resulting from the abandonment of FF&E (as defined in the Motion) (the "Rejection Damages"), (ii) or the Debtors' rights to object to or otherwise dispute such claim(s), and that Metropolitan Life shall have sixty (60) days from the execution date of the Stipulation to file a proof of claim; and it is further

ORDERED, that this Court shall retain jurisdiction over an any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
November 7, 2007

Christopher S. Sontchi
United States Bankruptcy Judge