IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :    Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                            :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :    Jointly Administered
                                                                 :
                              Debtors.                           :    **Ref. Docket Nos. 779, 843, 1018, and 1600**
---------------------------------------------------------------- x

## CERTIFICATION OF COUNSEL REGARDING STIPULATION MODIFYING CERTAIN EQUIPMENT LEASES ENTERED INTO BETWEEN THE DEBTOR, AMERICAN HOME MORTGAGE CORP., AND De LAGE LANDEN FINANCIAL SERVICES, INC.

Prior to the Petition Date, American Home Mortgage Corp., one of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and De Lage Landen Financial Services, Inc. ("De Lage Landen") (collectively, De Lage Landen and the Debtors, the "Parties") were parties to multiple equipment leases (the "Leases") by which the Debtors leased from De Lage Landen, among other office equipment, copiers and fax machines. Since the Petition Date, pursuant to Orders entered by the Court [Docket Nos. 779, 843, 1018, and 1600] the Debtors have rejected many of the Leases, however, certain Leases remain in effect.

De Lage Landen has taken an active role in these cases; filing objections and responses (collectively, the "Objections") to many of the pleadings that the Debtors have filed, including the Debtors' rejection and sale motions. Docket Nos. 173, 263, 381, 521, 660, 663,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

841, and 1041. In an effort to resolve certain remaining issues with respect to the Objections, avoid the filing of future objections by De Lage Landen, and permit the Debtors flexibility with respect to their post-petition relationship with De Lage Landen, the Parties entered into negotiations, and have reached an agreement that modifies the Leases, the terms and conditions of which are set forth in the stipulation attached hereto as Exhibit A (the "Stipulation"). Importantly, the Stipulation does not impose any additional financial obligations upon the Debtors beyond those already in existence pursuant to the Leases.

Accordingly, the Debtors respectfully request that the Court enter an order approving the Stipulation, substantially in the form attached hereto as Exhibit B, at its earliest convenience without further notice or hearing.

Dated: Wilmington, Delaware
      November __7__, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Counsel for the Debtors and Debtors in Possession

## Exhibit A

IN THE UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | x | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-11047 (CSS) |
| Debtors | : | Jointly Administered |
| | x | |

### STIPULATION MODIFYING CERTAIN EQUIPMENT LEASES ENTERED INTO BETWEEN THE DEBTOR, AMERICAN HOME MORTGAGE CORP., AND De LAGE LANDEN FINANCIAL SERVICES, INC.

This stipulation and agreement (the "Stipulation") is entered into and agreed to by

and between American Home Mortgage Corp. (the "Debtor") and certain of its direct and

indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases

(collectively, the "Debtors") and De Lage Landen Financial Services, Inc. ("De Lage Landen")

(collectively, De Lage Landen and the Debtors, the "Parties"), as follows:

*WHEREAS,* on August 6, 2007 (the "Petition Date") the Debtors filed voluntary

petitions for relief pursuant to Chapter 11, Title 11 of the United States Code (the "Bankruptcy

Code"); and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability Firm (1407); Homegate Settlement Services, Inc ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

*WHEREAS,* prior to the Petition Date, the Debtor leased certain equipment (the "Leased Equipment") from De Lage Landen pursuant to multiple equipment leases (the "Leases"); and

*WHEREAS,* pursuant to the *Second Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases and to Abandon Certain Furniture, Fixtures, and Equipment* [Docket No. 779] (the "Second Order"), and the *Third Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases and to Abandon Certain Furniture, Fixtures, and Equipment* [Docket No. 1018] (the "Third Order"), the Debtors rejected the Leases as to all Leased Equipment, with the exception of the Leased Equipment located at 538 Broad Hollow Road, Melville, New York 11747, and 4600 Regent Blvd, Irving, Texas 75063 (collectively, the "Remaining Leased Equipment"); and

*WHEREAS,* the Debtors may seek in the future to assume and assign the Remaining Leased Equipment, either in the aggregate, or on a piece-by-piece basis, pursuant to the Bankruptcy Code, and as such, the Debtors wish to enter into an agreement with De Lage Landen modifying the Leases applicable to the Remaining Leased Equipment (the "Remaining Leases"), under which they will continue to lease the Remaining Leased Equipment and shall make the payments due under the Remaining Leases for such Leased Equipment; and

*WHEREAS,* the Debtors wish to enter into a lease modification agreement to modify the payments due under the Remaining Leases in order to reflect the Debtors continued use of the Remaining Leased Equipment, and to recognize the Debtors' rejection and abandonment of all other equipment formerly leased from De Lage Landen pursuant to the

2

Leases (collectively, the "Rejected Leased Equipment"), as of the date of August 31, 2007 or

September 30, 2007, respectively and pursuant to the Second Order and Third Order.

## NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED PARTIES AS FOLLOWS:

1.      The recitals as set forth above are incorporated herein as if fully set forth

herein at length.

2.      The Remaining Leases are hereby modified and amended for the period

only after the date an Order is entered by the United States Bankruptcy Court for the District of

Delaware (the "Bankruptcy Court") approving this Stipulation.

3.      The Debtors shall pay the amounts due under the Remaining Leases with

respect to the Remaining Leased Equipment, including but not limited to the rental amounts due

(the "Lease Payments") under the Remaining Leases.  The Lease Payments, for each piece of

Remaining Leased Equipment, are set forth on the schedule attached hereto as Exhibit A.

4.      The Lease Payments and other amounts due under the Remaining Leases

with respect to the Remaining Leased Equipment shall be paid as an administrative expense

pursuant to section 503 of the Bankruptcy Code, as such amounts become due under the

Remaining Leases.

5.      The Debtors shall be permitted to assume, or assume and assign, any

Remaining Lease either with respect to an individual piece(s) of the Remaining Leased

Equipment, or the applicable Remaining Lease in its entirety; provided however, that the Debtors

shall be required to cure all the then existing default(s) under the Remaining Lease the Debtors

wish to assume, or assume and assign, with respect to the applicable Remaining Leased

Equipment, pursuant to section 365(b) of the Bankruptcy Code.  The total amount of the Lease

Payment owing under the applicable Remaining Lease shall be automatically adjusted, without

3

Bankruptcy Court approval, to reflect the Debtors' assumption, or assumption and assignment, of any of the Remaining Leased Equipment that is subject to the same Remaining Lease.

6.    The Debtors shall be permitted to reject any Remaining Lease, either for an individual piece(s) of the Remaining Leased Equipment, or the applicable Remaining Lease in its entirety.  The total amount of the Lease Payment owing under the applicable Remaining Lease shall be automatically adjusted, without Bankruptcy Court approval, to reflect the Debtors' rejection of any of the Remaining Leased Equipment that is subject to the same Remaining Lease.

7.    The Debtors assumption, assumption and assignment, or rejection of any Remaining Lease, either for an individual piece(s) of the Remaining Leased Equipment, or the applicable Remaining Lease in its entirety, shall not require Bankruptcy Court approval but shall require twenty (20) days prior written notice sent to De Lage Landen at the following addresses:

> De Lage Landen Financial Services, Inc.
> 1111 Old Eagle School Road
> Wayne, PA 19087
> Attn. James Meyer

And,

> Platzer, Swergold, et al
> 1065 Avenue of the Americas
> New York, New York 10018
> Attn. Scott Levine, Esq.
> Evan Salan, Esq.

8.    Neither the Debtors, nor their officers, agents nor employees shall transfer or dissipate any of the Remaining Leased Equipment in the possession, custody or control of the Debtors or their agents, employees, third parties or anyone acting on their behalf.

DB02:6331417.1                                    066079.1001

9.      With respect to the Rejected Leased Equipment and any Remaining

Leased Equipment subsequently rejected by the Debtors, the Debtors shall use their best efforts

to cooperate with De Lage Landen in its efforts to repossess the Rejected Leased Equipment and

the Remaining Leased Equipment subsequently rejected by the Debtors by providing information

to De Lage Landen that is reasonably accessible to Debtors.  To the extent the Rejected Leased

Equipment and any Remaining Leased Equipment subsequently rejected by the Debtors is within

Debtors' control, the Debtors shall immediately surrender possession of the Rejected Leased

Equipment and the Remaining Leased Equipment subsequently rejected by the Debtors to De

Lage Landen and/or De Lage Landen's designated representatives by making such Leased

Equipment available for pick-up by De Lage Landen, at reasonable times during normal business

hours.  To the extent the Rejected Leased Equipment and any Remaining Leased Equipment

subsequently rejected by the Debtors to De Lage is in the control of a third party (the "Third

Party"), the Debtors shall use their best efforts to inform De Lage Landen of the Third Party's

contact information.

10.     Nothing herein shall prejudice or be deemed to be a waiver or release of

De Lage Landen's right to assert any claims against the Debtor(s), under applicable law or the

Bankruptcy Code, including but not limited to pre-petition claim(s), lease rejection damages

claim(s), or administrative claim(s) for amounts due under or related to the Leases, Leased

Equipment, Remaining Equipment or the Remaining Leases both before and after the lease

modifications, as provided for herein.  The Debtors reserve any and all rights to dispute any such

claims.

11.     Unless otherwise specifically started herein, nothing herein shall be

construed as converting the Remaining Leases to post-petition agreements, or obligations of the

Debtors, and all rights and obligations of the Parties under the Remaining Leases, with the exceptions of the modifications described herein, remain unchanged.

        12.     The Stipulation is binding upon the Parties, their successors, assigns and any subsequent trustee appointed in the Debtors' bankruptcy proceeding.

        13.     The Bankruptcy Court shall retain jurisdiction to enforce the terms and conditions contained herein.

        14.     The Stipulation may be executed in any number of counterparts, and such counterpart will, for the purposes, be deemed an original instrument, but all such counterparts together will constitute but one and the same document, and facsimile signatures shall be deemed to be original signatures.

        15.     The Stipulation contains the entire agreement between the Parties, and may not be modified, superseded, terminated or amended and no provision hereto may be waived except by a writing making specific reference hereto signed by the Parties to be bound and approved by the Bankruptcy Court.

        16.     The Stipulation shall have no force and effect unless it is approved by the Bankruptcy Court. Should the Bankruptcy Court fail to approve the Stipulation, the Stipulation shall be deemed of no force and effect, and none of the provisions shall be deemed prejudicial or impair any of the rights or remedies of the Parties.

**In Witness thereof,** the Parties hereto have duly executed this Stipulation and consent to the form, substance, provisions and entry of the within Stipulation.

Dated: Wilmington, Delaware
     November _5_ , 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

Dated: Wilmington, Delaware
     November _5_ , 2007

PLATZER, SWERGOLD, KARLIN, LEVINE,
GOLDBERG & JASLOW, LLP

_____

Scott Levine, Esq.
Evan Salan, Esq.
Teresa Sadutto, Esq.
1065 Avenue of the America
New York, New York 10018
Telephone: (212) 593-3000
Facsimile: (212) 593-0353

and

DUANE MORRIS LLP
Frederick Rosner (No. 3995)
1100 North Market Street
Wilmington, DE 19801
Telephone: (302) 657-4900

Counsel for De Lage Landen Financial Services, Inc.

7

066079.1001

# Exhibit A

# Lease Payments

DB02:6331417.1

066079.1001

| Description | Lease Number | Equipment Location | Base[1] Monthly Lease Payment |
|---|---|---|---|
| Ricoh Copier | 24620425 | 4600 Regent Blvd Irving, Texas 75063 | $373.91 |
| Ricoh Copier | 24619975 | 4600 Regent Blvd Irving, Texas 75063 | $444.94 |
| Toshiba Copier | 24663648 | 538 Broadhollow Road Melville, NY 11747 | $650.00 |
| Toshiba Copier | 24663648 | 538 Broadhollow Road Melville, NY 11747 | $650.00 |
| Toshiba Copier | 24663648 | 538 Broadhollow Road Melville, NY 11747 | $650.00 |
| Toshiba Copier | 24663648 | 538 Broadhollow Road Melville, NY 11747 | $650.00 |
| Toshiba Copier | 24663648 | 538 Broadhollow Road Melville, NY 11747 | $209.00 |
| Okidata Fax Machine | 24663648 | 538 Broadhollow Road Melville, NY 11747 | $75.00 |
| Okidata Fax Machine | 24663648 | 538 Broadhollow Road Melville, NY 11747 | $75.00 |
| Ricoh Copier | 24663648 | 538 Broadhollow Road Melville, NY 11747 | $343.50 |
| Ricoh Copier | 24800906 | 538 Broadhollow Road Melville, NY 11747 | $209.00 |
| Ricoh Copier | 24800906 | 538 Broadhollow Road Melville, NY 11747 | $209.00 |
| Ricoh Fax Machine | 24626695 | 538 Broadhollow Road Melville, NY 11747 | $104.00 |
| Ricoh Fax Machine | 24626695 | 538 Broadhollow Road Melville, NY 11747 | $104.00 |
| Ricoh Copier | 24839904 | 538 Broadhollow Road Melville, NY 11747 | $293.24 |
| Ricoh Copier | 24839529 | 538 Broadhollow Road Melville, NY 11747 | 293.24 |
| Toshiba Copier | 24694600 | 538 Broadhollow Road Melville, NY 11747 | $299.00 |
| Ricoh Copier | 24790025 | 538 Broadhollow Road Melville, NY 11747 | $155.68 |
| Ricoh Copier | 24812209 | 538 Broadhollow Road Melville, NY 11747 | $557.59 |
| | | **Total Lease Payment** | **$6,346.10** |

[1] Does not include additional, variable use charges that may be associated with the applicable Remaining Lease.

9

# Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
In re:                                          :   Chapter 11
                                                :
AMERICAN HOME MORTGAGE                          :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,¹:
                                                :   Jointly Administered
                     Debtors.                   :
                                                :   Ref. Docket Nos. 779, 843, 1018, 1600 and _____
------------------------------------------------------------ x
```

**ORDER APPROVING STIPULATION MODIFYING CERTAIN EQUIPMENT LEASES**
**ENTERED INTO BETWEEN THE DEBTOR, AMERICAN HOME MORTGAGE**
**CORP., AND De LAGE LANDEN FINANCIAL SERVICES, INC.**

Upon consideration of the stipulation (the "Stipulation") by and between

American Home Mortgage, Corp., one of the above-captioned debtors and debtors-in-

possession (collectively, the "Debtors"), and De Lage Landen Financial Services, Inc., a copy

of which is attached hereto as Exhibit A; and after due deliberation; and it appearing that the

relief requested by the parties under the Stipulation is in the best interest of the Debtors' estates

and their creditors; it is hereby:

ORDERED that the Stipulation, attached hereto as Exhibit A, is approved; and it

is further

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from or related to the Stipulation or this Order.

Dated: Wilmington, Delaware
      November_____, 2007

                                    _____
                                    Christopher S. Sontchi
                                    United States Bankruptcy Court Judge

## Exhibit A

### IN THE UNITED STATE BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | x | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-11047 (CSS) |
| | : | Jointly Administered |
| Debtors | : | |
| | : | |
| | x | |

### STIPULATION MODIFYING CERTAIN EQUIPMENT LEASES ENTERED INTO BETWEEN THE DEBTOR, AMERICAN HOME MORTGAGE CORP., AND De LAGE LANDEN FINANCIAL SERVICES, INC.

This stipulation and agreement (the "Stipulation") is entered into and agreed to by and between American Home Mortgage Corp. (the "Debtor") and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors") and De Lage Landen Financial Services, Inc. ("De Lage Landen") (collectively, De Lage Landen and the Debtors, the "Parties"), as follows:

WHEREAS, on August 6, 2007 (the "Petition Date") the Debtors filed voluntary petitions for relief pursuant to Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"); and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability Firm (1407); Homegate Settlement Services, Inc ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

DB02:6272181.1
DB02:6331417.1

066585.1001
066079.1001

*WHEREAS,* prior to the Petition Date, the Debtor leased certain equipment (the "Leased Equipment") from De Lage Landen pursuant to multiple equipment leases (the "Leases"); and

*WHEREAS,* pursuant to the *Second Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases and to Abandon Certain Furniture, Fixtures, and Equipment* [Docket No. 779] (the "Second Order"), and the *Third Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases and to Abandon Certain Furniture, Fixtures, and Equipment* [Docket No. 1018] (the "Third Order"), the Debtors rejected the Leases as to all Leased Equipment, with the exception of the Leased Equipment located at 538 Broad Hollow Road, Melville, New York 11747, and 4600 Regent Blvd, Irving, Texas 75063 (collectively, the "Remaining Leased Equipment"); and

*WHEREAS,* the Debtors may seek in the future to assume and assign the Remaining Leased Equipment, either in the aggregate, or on a piece-by-piece basis, pursuant to the Bankruptcy Code, and as such, the Debtors wish to enter into an agreement with De Lage Landen modifying the Leases applicable to the Remaining Leased Equipment (the "Remaining Leases"), under which they will continue to lease the Remaining Leased Equipment and shall make the payments due under the Remaining Leases for such Leased Equipment; and

*WHEREAS,* the Debtors wish to enter into a lease modification agreement to modify the payments due under the Remaining Leases in order to reflect the Debtors continued use of the Remaining Leased Equipment, and to recognize the Debtors' rejection and abandonment of all other equipment formerly leased from De Lage Landen pursuant to the

2

Leases (collectively, the "Rejected Leased Equipment"), as of the date of August 31, 2007 or

September 30, 2007, respectively and pursuant to the Second Order and Third Order.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED
BY AND BETWEEN THE UNDERSIGNED PARTIES AS FOLLOWS:**

      1.      The recitals as set forth above are incorporated herein as if fully set forth

herein at length.

      2.      The Remaining Leases are hereby modified and amended for the period

only after the date an Order is entered by the United States Bankruptcy Court for the District of

Delaware (the "Bankruptcy Court") approving this Stipulation.

      3.      The Debtors shall pay the amounts due under the Remaining Leases with

respect to the Remaining Leased Equipment, including but not limited to the rental amounts due

(the "Lease Payments") under the Remaining Leases. The Lease Payments, for each piece of

Remaining Leased Equipment, are set forth on the schedule attached hereto as <u>Exhibit A</u>.

      4.      The Lease Payments and other amounts due under the Remaining Leases

with respect to the Remaining Leased Equipment shall be paid as an administrative expense

pursuant to section 503 of the Bankruptcy Code, as such amounts become due under the

Remaining Leases.

      5.      The Debtors shall be permitted to assume, or assume and assign, any

Remaining Lease either with respect to an individual piece(s) of the Remaining Leased

Equipment, or the applicable Remaining Lease in its entirety; provided however, that the Debtors

shall be required to cure all the then existing default(s) under the Remaining Lease the Debtors

wish to assume, or assume and assign, with respect to the applicable Remaining Leased

Equipment, pursuant to section 365(b) of the Bankruptcy Code. The total amount of the Lease

Payment owing under the applicable Remaining Lease shall be automatically adjusted, without

Bankruptcy Court approval, to reflect the Debtors' assumption, or assumption and assignment, of any of the Remaining Leased Equipment that is subject to the same Remaining Lease.

6.    The Debtors shall be permitted to reject any Remaining Lease, either for an individual piece(s) of the Remaining Leased Equipment, or the applicable Remaining Lease in its entirety. The total amount of the Lease Payment owing under the applicable Remaining Lease shall be automatically adjusted, without Bankruptcy Court approval, to reflect the Debtors' rejection of any of the Remaining Leased Equipment that is subject to the same Remaining Lease.

7.    The Debtors assumption, assumption and assignment, or rejection of any Remaining Lease, either for an individual piece(s) of the Remaining Leased Equipment, or the applicable Remaining Lease in its entirety, shall not require Bankruptcy Court approval but shall require twenty (20) days prior written notice sent to De Lage Landen at the following addresses:

> De Lage Landen Financial Services, Inc.
> 1111 Old Eagle School Road
> Wayne, PA 19087
> Attn. James Meyer

> And,

> Platzer, Swergold, et al
> 1065 Avenue of the Americas
> New York, New York 10018
> Attn. Scott Levine, Esq.
> Evan Salan, Esq.

8.    Neither the Debtors, nor their officers, agents nor employees shall transfer or dissipate any of the Remaining Leased Equipment in the possession, custody or control of the Debtors or their agents, employees, third parties or anyone acting on their behalf.

DB02:6331417.1

066079.1001

9.     With respect to the Rejected Leased Equipment and any Remaining Leased Equipment subsequently rejected by the Debtors, the Debtors shall use their best efforts to cooperate with De Lage Landen in its efforts to repossess the Rejected Leased Equipment and the Remaining Leased Equipment subsequently rejected by the Debtors by providing information to De Lage Landen that is reasonably accessible to Debtors.  To the extent the Rejected Leased Equipment and any Remaining Leased Equipment subsequently rejected by the Debtors is within Debtors' control, the Debtors shall immediately surrender possession of the Rejected Leased Equipment and the Remaining Leased Equipment subsequently rejected by the Debtors to De Lage Landen and/or De Lage Landen's designated representatives by making such Leased Equipment available for pick-up by De Lage Landen, at reasonable times during normal business hours.  To the extent the Rejected Leased Equipment and any Remaining Leased Equipment subsequently rejected by the Debtors to De Lage is in the control of a third party (the "Third Party"), the Debtors shall use their best efforts to inform De Lage Landen of the Third Party's contact information.

10.     Nothing herein shall prejudice or be deemed to be a waiver or release of De Lage Landen's right to assert any claims against the Debtor(s), under applicable law or the Bankruptcy Code, including but not limited to pre-petition claim(s), lease rejection damages claim(s), or administrative claim(s) for amounts due under or related to the Leases, Leased Equipment, Remaining Equipment or the Remaining Leases both before and after the lease modifications, as provided for herein.  The Debtors reserve any and all rights to dispute any such claims.

11.     Unless otherwise specifically started herein, nothing herein shall be construed as converting the Remaining Leases to post-petition agreements, or obligations of the

Debtors, and all rights and obligations of the Parties under the Remaining Leases, with the exceptions of the modifications described herein, remain unchanged.

12.     The Stipulation is binding upon the Parties, their successors, assigns and any subsequent trustee appointed in the Debtors' bankruptcy proceeding.

13.     The Bankruptcy Court shall retain jurisdiction to enforce the terms and conditions contained herein.

14.     The Stipulation may be executed in any number of counterparts, and such counterpart will, for the purposes, be deemed an original instrument, but all such counterparts together will constitute but one and the same document, and facsimile signatures shall be deemed to be original signatures.

15.     The Stipulation contains the entire agreement between the Parties, and may not be modified, superseded, terminated or amended and no provision hereto may be waived except by a writing making specific reference hereto signed by the Parties to be bound and approved by the Bankruptcy Court.

16.     The Stipulation shall have no force and effect unless it is approved by the Bankruptcy Court. Should the Bankruptcy Court fail to approve the Stipulation, the Stipulation shall be deemed of no force and effect, and none of the provisions shall be deemed prejudicial or impair any of the rights or remedies of the Parties.

6

**In Witness thereof,** the Parties hereto have duly executed this Stipulation and consent to the form, substance, provisions and entry of the within Stipulation.

Dated: Wilmington, Delaware
      November _5_, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

Dated: Wilmington, Delaware
      November _5_, 2007

PLATZER, SWERGOLD, KARLIN, LEVINE, GOLDBERG & JASLOW, LLP

Scott Levine, Esq.
Evan Salan, Esq.
Teresa Sadutto, Esq.
1065 Avenue of the America
New York, New York 10018
Telephone: (212) 593-3000
Facsimile: (212) 593-0353

and

DUANE MORRIS LLP
Frederick Rosner (No. 3995)
1100 North Market Street
Wilmington, DE 19801
Telephone:  (302) 657-4900

Counsel for De Lage Landen Financial Services, Inc.

7

DB02:6331417.1                                                                                          066079.1001

# Exhibit A

## Lease Payments

DB02:6331417.1

066079.1001

| Description | Lease Number | Equipment Location | Base[1] Monthly Lease Payment |
|---|---|---|---|
| Ricoh Copier | 24620425 | 4600 Regent Blvd Irving, Texas 75063 | $373.91 |
| Ricoh Copier | 24619975 | 4600 Regent Blvd Irving, Texas 75063 | $444.94 |
| Toshiba Copier | 24663648 | 538 Broadhollow Road Melville, NY 11747 | $650.00 |
| Toshiba Copier | 24663648 | 538 Broadhollow Road Melville, NY 11747 | $650.00 |
| Toshiba Copier | 24663648 | 538 Broadhollow Road Melville, NY 11747 | $650.00 |
| Toshiba Copier | 24663648 | 538 Broadhollow Road Melville, NY 11747 | $650.00 |
| Toshiba Copier | 24663648 | 538 Broadhollow Road Melville, NY 11747 | $209.00 |
| Okidata Fax Machine | 24663648 | 538 Broadhollow Road Melville, NY 11747 | $75.00 |
| Okidata Fax Machine | 24663648 | 538 Broadhollow Road Melville, NY 11747 | $75.00 |
| Ricoh Copier | 24663648 | 538 Broadhollow Road Melville, NY 11747 | $343.50 |
| Ricoh Copier | 24800906 | 538 Broadhollow Road Melville, NY 11747 | $209.00 |
| Ricoh Copier | 24800906 | 538 Broadhollow Road Melville, NY 11747 | $209.00 |
| Ricoh Fax Machine | 24626695 | 538 Broadhollow Road Melville, NY 11747 | $104.00 |
| Ricoh Fax Machine | 24626695 | 538 Broadhollow Road Melville, NY 11747 | $104.00 |
| Ricoh Copier | 24839904 | 538 Broadhollow Road Melville, NY 11747 | $293.24 |
| Ricoh Copier | 24839529 | 538 Broadhollow Road Melville, NY 11747 | 293.24 |
| Toshiba Copier | 24694600 | 538 Broadhollow Road Melville, NY 11747 | $299.00 |
| Ricoh Copier | 24790025 | 538 Broadhollow Road Melville, NY 11747 | $155.68 |
| Ricoh Copier | 24812209 | 538 Broadhollow Road Melville, NY 11747 | $557.59 |
| | | Total Lease Payment | $6,346.10 |

[1] Does not include additional, variable use charges that may be associated with the applicable Remaining Lease.

9