IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :  Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                                  :
a Delaware corporation, et al.,                                  :  Jointly Administered
                                                                 :
        Debtors.                                                 :
                                                                 :  Objection Deadline: November 21, 2007 at 4:00 p.m. (ET)
                                                                 :  Hearing Date: November 28, 2007 at 10:00 a.m. (ET)
---------------------------------------------------------------- x

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTION 107(b) AND FED R. BANKR. P. 9018 FOR AUTHORIZATION TO FILE PORTIONS OF EXHIBIT TO DEBTORS' MOTION FOR ORDER AUTHORIZING PAYMENT OF INCENTIVE PAY TO SENIOR MANAGEMENT PURSUANT TO SECTIONS 105(a), 363(b)(1) AND 503(c)(3) OF THE BANKRUPTCY CODE UNDER SEAL**

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors")[1], by and through their undersigned attorneys, hereby file this motion (the "Motion"), pursuant to section 107(b) under chapter 11 of title 11, United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking authorization for the Debtors to file Exhibits A and C (the "EIP Exhibits") to the EIP, which is Exhibit 1 to the *Debtors' Motion for Order Authorizing Payment of Incentive Pay to Senior Management Pursuant to Sections 105(a), 363(b)(1) and 503(c)(3) of the Bankruptcy Code* (the "Incentive

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Motion")[2], under seal. In support of this Motion, the Debtors respectfully represent and state as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 107(b) of the Bankruptcy Code and Bankruptcy Rule.

## BACKGROUND PERTINENT TO THIS MOTION

2. On the date hereof, the Debtors filed the Incentive Motion seeking authority to make certain payments to members of their Senior Management. The EIP Exhibits contain detailed information regarding the identities of the Plan Participants and the incentive payments that will be paid to the Plan Participants if the relief sought in the Incentive Motion is approved.

## RELIEF REQUESTED

3. By this motion, the Debtors respectfully request entry of an order authorizing the Debtors to file the EIP Exhibits under seal, and directing that the EIP Exhibits shall remain under seal, confidential and not be made available to anyone, except for the Court, the office of the U.S. Trustee, counsel to the Committee, counsel to Bank of America, N.A., and counsel to the DIP Lender, or others (i) at the discretion of the Debtors or (ii) upon further order of the Bankruptcy Court.

---

[2] Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Incentive Motion.

## BASIS FOR RELIEF REQUESTED

4. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may --
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

5. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under the section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code ...." Fed. R. Bankr. P. 9018.

6. The Debtors submit that good cause exists for the Court to grant the relief requested herein. The EIP Exhibits contain non-public information, which is highly confidential, regarding the identities of the Plan Participants and the proposed payments to be made to such Plan Participants if the Incentive Motion is approved. Filing the EIP Exhibits under seal is thus necessary for several reasons. Disclosure of the names of the Plan Participants and the proposed amounts to be paid to the Plan Participants may create a competitive and unhealthy work

3

environment. Moreover, as set forth in the Incentive Motion, these critical employees are necessary for the closing of the Servicing Business Sale, and to assist the Debtors' professionals with the Debtors' other asset sales, and remaining issues that are certain to arise in these bankruptcy cases, and if the highly confidential information contained in the EIP Exhibits is exposed, those in the Debtors' industry may use such information to lure away highly-important employees at a critical juncture in these cases by offering enhanced compensation and bonuses. This, in turn, would cause a significant disruption in the Debtors' operations and may jeopardize the outcome of these cases.

7. In light of the above, the Debtors submit that approval of this motion is necessary and appropriate.

## NOTICE

8. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A.; (iv) counsel to the DIP Lender; and (v) all parties entitled to notice under Local Rule 2002-1(b). The Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully requests that the Court grant this motion and grant such other and further relief as is just and proper.

Dated: Wilmington, Delaware
November 8, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
M. Blake Cleary (No. 3614)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession