IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re:                                                   :    Chapter 11
                                                         :
AMERICAN HOME MORTGAGE HOLDINGS,                         :    Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]                 :
                                                         :    Jointly Administered
Debtors.                                                 :
                                                         :    **Objection Deadline: November 20, 2007 at 4:00 p.m. (ET)**
                                                         :    **Hearing Date: November 28, 2007 at 10:00 a.m. (ET)**
------------------------------------------------------------------ x

## DEBTORS' MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULE 9019 AND SECTION 105 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO ADOPT AND IMPLEMENT OMNIBUS SETTLEMENT PROCEDURES FOR NOTICE AND SETTLEMENT OF CERTAIN CAUSES OF ACTION FILED BY THE DEBTORS

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to adopt and implement omnibus settlement procedures for the notice and settlement of certain causes of action filed by the Debtors. In support of this Motion, the Debtors respectfully state and represent as follows:

### JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested are Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code.

## BACKGROUND[2]

2.       On August 6, 2007 (the "Petition Date") each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.       The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4.       On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

5.       In the weeks prior to the Petition Date, an unprecedented disruption in the credit markets caused major write-downs of the Debtors' loan and security portfolios and consequently resulted in margin calls for hundreds of millions of dollars with respect to the Debtors' loans. During this time, certain of the Debtors' warehouse lenders began to exercise remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and threatening the company's continued viability.

6.       The Debtors' inability to originate loans and the exercise of remedies by certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the Debtors to discontinue their retail and indirect loan origination business. As a result, on August

---

[2] A detailed description of the Debtors' businesses and related business information is set forth in the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief [D.I. 2] and is incorporated herein by reference.

3, 2007, the Debtors implemented a massive reduction in workforce, resulting in the termination of over 6,500 employees.

7.    Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets.

## RELEVANT BACKGROUND

8.    The Debtors are parties to approximately 150 prepetition causes of action in which the Debtors are the plaintiffs.  These causes of action can be classified in three different categories.  Specifically, the Debtors have pending causes of action (i) against former employees and related parties for breaches of (a) restrictive covenants and/or (b) obligations relating to receipt of bonuses pursuant to certain employment agreements with one or more of the Debtors (the "Employment Breach Cases"); (ii) against appraisers, insurers, settlement agents, mortgage brokers and other third parties for alleged fraud, irregularities and other misdeeds committed during the mortgage loan process (the "Loan Related Cases"), and (iii) against certain sellers of mortgage loans for their refusal to repurchase certain loans which did not meet expressed representations and warranties (the "Repurchase Cases" together with the Employment Breach Cases and the Loan Related Cases, the "Affirmative Cases").

9.    These Affirmative Cases are currently being prosecuted in the ordinary course of the Debtors' businesses.[3]  While the Debtors believe that they will ultimately prevail in these Affirmative Cases, the Debtors may determine, in their business judgment, that it is in the Debtors' best interest to resolve certain Affirmative Cases to minimize the risks involved and eliminate the additional costs associated with continuing the litigation.  Due to the volume of

---

[3]  To that end, the Debtors have employed various ordinary course professionals pursuant to the Court's order entered on September 4, 2007 [D.I. 607].

DB02:6344106.5                                                                                          066585.1001

Affirmative Cases, the Debtors believe that the implementation of the below procedures for

entering into certain settlements in these cases will streamline the settlement process thus

minimizing additional costs to the Debtors' estates while still affording interested parties notice

and an opportunity to be heard.

## RELIEF REQUESTED

10.    By this Motion, the Debtors request authority, pursuant to Bankruptcy

Rule 9019 and section 105(a) of the Bankruptcy Code, to adopt and implement the Settlement

Procedures (as defined below) for the notice and settlement of the Affirmative Cases.

11.    The Debtors seek authorization to settle Affirmative Cases in accordance

with the procedures set forth below (the "Settlement Procedures"):

a.    The Debtors may negotiate, compromise or settle any Affirmative Cases. The Debtors shall file notice of the proposed settlement along with a copy of the proposed settlement agreement (the "Settlement Notice") and serve same on (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the Debtors' Postpetition Lender; and (iv) all parties entitled to notice under Del. Bankr. LR 2002-1(b) (collectively, the "Notice Parties");

b.    Objections must be filed with the Bankruptcy Court and served upon counsel to the Debtors and the Notice Parties so as to be received on or before twenty (20) days (the "Notice Period") after service of the Settlement Notice;

c.    If no objection to the proposed settlement is filed and served within the Notice Period, then the Debtors shall file with the Bankruptcy Court a certificate of no objection after which the proposed settlement shall be deemed approved pursuant to Bankruptcy Rule 9019 and section 105 of the Bankruptcy Code;

d.    If an objection is received from one or more of the Notice Parties, during the Notice Period the Debtors shall not proceed with the proposed settlement unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the settlement by separate order entered after the Debtors file a motion and notice;

e.    With respect to a proposed settlement reached and approved pursuant to the Settlement Procedures, such settlement shall be

binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing.

## BASIS FOR RELIEF REQUESTED

12.     Section 105(a) of the Bankruptcy Code states, in pertinent part, that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

13.     Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the Court may approve a compromise or settlement." The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged. See In re Penn Central Transportation Co., 596 F.2d 1102, 1113 (3d Cir. 1979) ("'administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims . . . .'" (quoting In re Protective Committee for Independent Stockholders of TMT Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968))). In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has noted that a bankruptcy court should "apprise[] itself of all facts necessary to form an intelligent and objective opinion of the probabilities of ultimate success should the claims be litigated, and estimate[] the complexity, expense and likely duration of such litigation, and other factors relevant to a full and fair assessment of the [claims]." See In re Penn Central Transportation Co., 596 F.2d at 1153; see also In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) ("the ultimate inquiry [is] whether 'the compromise is fair, reasonable, and in the interest of the estate.'" (quoting, In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997))).

14.     More recently, the Third Circuit Court of Appeals enumerated the following four-factor test to be used in deciding whether a settlement should be approved: "(1)

DB02:6344106.5                                                                                                    066585.1001

the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re RFE Industries, Inc., 283 F.3d 159, 165 (3d Cir. 2002) (citation omitted).

15.     Approval of a proposed settlement is within the "sound discretion" of the bankruptcy court. See In re Neshaminy Office Building Associates, 62 B.R. 798, 803 (E.D. Pa. 1986). The bankruptcy court should not substitute its judgment for that of the debtor. See id. The court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to see whether the settlement falls below the lowest point in the range of reasonableness. See In re W.T. Grant and Co., 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 22 (1983).

16.     Bankruptcy Rule 9019(b) provides, in pertinent part, that "[a]fter a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee [or debtor in possession] to settle controversies within such class or classes without further hearing or notice." The court is given wide discretion under Bankruptcy Rule 9019 to establish classes of controversies and to authorize settlements without further notice or hearing. Bankruptcy Rule 9019(b) was adopted to simplify the procedures associated with settlements in large scale bankruptcies in order to allow debtors in possession to avoid the burden of filing separate motions to settle certain classes of claims as ordinarily required by Bankruptcy Rule 9019(a). The 1983 Advisory Committee Notes to the Rule indicate that Bankruptcy Rule 9019(b) "permits the court to deal efficiently with a case in which there may be a large number of settlements."

17.     The Settlement Procedures are reasonable and in the best interests of the Debtors, their creditors and estates. The proposed Settlement Procedures will permit the Debtors

6

to settle Affirmative Cases efficiently. The Debtors have focused substantial time, effort and resources towards maximizing and enhancing the value of the Debtors' estates while minimizing the liabilities. The Settlement Procedures will further the Debtors' efforts to maximize the value of their estates by reducing the administrative costs associated with drafting, filing and prosecuting separate motions for approval of each independent proposed settlement of an Affirmative Case. The proposed Notice Period will still provide interested parties sufficient notice to respond to assess the reasonableness of the proposed settlement and to any proposed settlement. Accordingly, implementation of the Settlement Procedures, while minimizing costs and promoting judicial economy, will also promote the fair and efficient compromise and settlement of the Affirmative Cases.

18.    For the foregoing reasons, the Debtors believe that the ability to settle Affirmative Cases in accordance with the Settlement Procedures is in the best interests of the Debtors and their estates. Accordingly, the Debtors respectfully request that the Court enter an order approving the Settlement Procedures and the settlement of any Affirmative Cases through the Settlement Procedures, pursuant to Bankruptcy Rule 9019 and Bankruptcy Code section 105(a).

**NOTICE**

19.    Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Agent for the Debtors' Postpetition Lender; and (v) all parties entitled to notice under Del. Bankr. LR 2002-1(b).

7

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form annexed hereto, granting the relief requested herein and granting the Debtors such other and further relief as is just and proper.

Dated: Wilmington, Delaware
November 8, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James Patton (No. 2202)
Robert S. Brady (No. 2847)
Pauline Morgan (No. 3650)
Matthew B. Lunn (No. 4119)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to Debtors and Debtors-in-Possession

DB02:6344106.5

066585.1001