# **EXHIBIT A**

## Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Jointly Administered |
| Debtors. | **Doc. Ref. No:** |

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363 AND 554 AND BANKRUPTCY RULE 6004 APPROVING CERTAIN PROCEDURES GOVERNING THE SALE, DONATION OR ABANDONMENT OF MISCELLANEOUS ASSETS**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession, for an order pursuant to sections 105, 363, and 554 of the Bankruptcy Code (i) approving certain sale procedures (the "Sale Procedures") to govern the sales of office furniture, equipment, computers and computer related equipment, and other miscellaneous personal property (collectively, the "Miscellaneous Assets"); (ii) authorizing the Debtors to donate Miscellaneous Assets; and (iii) authorizing the Debtors to abandon Miscellaneous Assets; and it appearing that reasonable and adequate notice of the Motion has been provided; and no further or other notice being necessary; and adequate cause appearing therefor; it is hereby

ORDERED that the Motion is granted; and it is further

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] All capitalized terms not otherwise defined herein have the meanings ascribed in the Motion.

ORDERED that the Debtors are authorized, but not required, to sell the Miscellaneous Assets in accordance with the Sale Procedures; and it is further

ORDERED that pursuant to section 363(b)(1) of the Bankruptcy Code the Debtors are authorized to sell Miscellaneous Assets as part of a Proposed Sale, not to exceed $100,000; and it is further

ORDERED that, if the consideration to be received in any Proposed Sale is equal to or less than $100,000, the Debtors will file with the Court a notice of such Proposed Sale (the "Sale Notice") and serve the Sale Notice by overnight delivery, facsimile or hand delivery on the following parties: (i) the U.S. Trustee; (ii) all known parties holding or asserting liens, claims, encumbrances or other interests in the assets that are the subject of the Proposed Sale and their respective counsel, if known; (iii) counsel to the Committee; and (iv) counsel to the Debtors' postpetition lender (collectively, the "Notice Parties"); and it is further

ORDERED that the contents of the Sale Notice shall include: (i) a description of the Miscellaneous Assets that are the subject of the Proposed Sale; (ii) the location of such Miscellaneous Assets; (iii) the economic terms of the Proposed Sale; (iv) the identity of any nondebtor party to Proposed Sale and whether that party is an "affiliate" or "insider" as those terms are defined in section 101 of the Bankruptcy Code; (v) the identity of the party, if any, holding liens, claims, encumbrances or other interests in such Miscellaneous Assets; and (vi) a statement indicating that all such liens, claims, encumbrances or interests are capable of monetary satisfaction or that the parties may object to the Proposed Sale; and it is further

ORDERED that the Notice Parties, other than the Committee, shall have five (5) business days after the Sale Notice is filed to object to a Proposed Sale (the "Sale Objection Deadline") and to file any objections with the Court and serve such objections by overnight

delivery or hand delivery on the Notice Parties and counsel to the Debtors. The Committee shall have ten (10) days following the filing and service of the Sale Notice to file with the Court and serve an objection to the Proposed Sale (the "Committee's Sale Objection Deadline" and together with the Sale Objection Deadline, the "Sale Objection Deadlines"); and it is further

ORDERED that if no objection is filed on or before the Sale Objection Deadlines, the Debtors may consumate the Proposed Sale without further notice or a hearing and such Proposed Sale shall be deemed fully authorized by the Court; and it is further

ORDERED that if an objection to a Proposed Sale is timely filed and served, the Debtors will not proceed with the sale unless (i) the objection is withdrawn or otherwise resolved; or (ii) this Court overrules such objection at the next regularly schedule omnibus hearing that is at least five (5) days after the service of the objection upon counsel to the Debtors, or at the next omnibus hearing that is agreed to by the objecting party and the Debtors; and it is further

ORDERED that all Miscellaneous Assets sold by the Debtors are sold "AS IS-WHERE IS," without any representations or warranties from the Debtors as to the quality or fitness of such assets for either their intended or any other purposes; provided, however, that buyers will take title to the assets free and clear of liens, claims, encumbrances and other interests pursuant to Bankruptcy Code section 363(f), with all such liens, claims, encumbrances and other interests, if any, attaching to the proceeds of the sale of the Miscellaneous Assets; and it is further

ORDERED that in the event the Debtors cannot sell Miscellaneous Assets or determine that a Proposed Sale is not in the best interests of the Debtors' estates and creditors, the Debtors are authorized to donate Miscellaneous Assets (the "Proposed Donation") to the

charity of their choosing, such determination being solely within the Debtors discretion (the "Proposed Donee"); and it is further

ORDERED that, if the Debtors determine to donate Miscellaneous Assets to a Proposed Donee, the Debtors shall file with the Court a notice of such Proposed Donation (the "Donation Notice") and serve the Donation Notice by overnight delivery, facsimile or hand delivery upon the Notice Parties; and it is further

ORDERED that the contents of the Donation Notice shall include: (i) a description of the Miscellaneous Assets that are the subject of the Proposed Donation; (ii) the location of such Miscellaneous Assets; (iii) the estimated value of such Miscellaneous Assets; (iv) the identity of the Proposed Donee and specify whether that party is an "affiliate" or "insider" as those terms are defined under section 101 of the Bankruptcy Code; and (v) the identity of the party, if any, holding liens, claims, encumbrances or other interests in the Miscellaneous Assets to be donated; and it is further

ORDERED that the Notice Parties, other than the Committee, shall have five (5) business days after the Donation Notice is filed to object to a Proposed Donation (the "Donation Objection Deadline") and to file any objections with the Court and serve such objections by overnight delivery or hand delivery on the Notice Parties and counsel to the Debtors. The Committee shall have ten (10) days following the filing and service of the Donation Notice to file with the Court and serve an objection to the Proposed Donation (the "Committee's Donation Objection Deadline" and together with the Donation Objection Deadline, the "Donation Objection Deadlines"); and it is further

ORDERED that if no objection is filed on or before the Donation Objection Deadlines, the Notice Parties shall be deemed to have consented to such Proposed Donation, the

Debtors may consumate the Proposed Donation without further notice or a hearing, and such Proposed Donation shall be deemed fully authorized by the Court; and it is further

ORDERED that if an objection to a Proposed Donation is timely filed and served, the Debtors will not proceed with the Proposed Donation unless (i) the objection is withdrawn or otherwise resolved; or (ii) this Court overrules such objection at the next regularly schedule omnibus hearing that is at least five (5) days after the service of the objection upon counsel to the Debtors, or at the next omnibus hearing that is agreed to by the objecting party and the Debtors; and it is further

ORDERED that if the Debtors are unable to sell Miscellaneous Assets and the Debtors determine not to donate Miscellaneous Assets, the Debtors are authorized to abandon any Miscellaneous Assets (the "Proposed Abandonment") pursuant to Bankruptcy Code section 554; and it is further

ORDERED that if the Debtors determine to abandon Miscellaneous Assets, the Debtors shall file with the Court a notice of abandonment (the "Notice of Abandonment") and serve the Notice of Abandonment by overnight delivery, facsimile or hand delivery on the Notice Parties and the party currently in possession of the Miscellaneous Assets subject to the Proposed Abandonment; and it is further

ORDERED that the contents of the Notice of Abandonment shall include: (i) a description of the Miscellaneous Assets that are the subject of the Proposed Abandonment; (ii) the location of such Miscellaneous Assets; (iii) the estimated value of such Miscellaneous Assets; (iv) the identity of the party currently in possession of the Miscellaneous Assets subject to the Proposed Abandonment and specify whether that party is an "affiliate" or "insider" as those terms are defined under section 101 of the Bankruptcy Code; and (iv) the identity of the

party, if any, holding liens, claims, encumbrances or other interests in the Miscellaneous Assets to be abandoned; and it is further

ORDERED that the Notice Parties and the party currently in possession of the Miscellaneous Assets subject to the Proposed Abandonment shall have ten (10) days after the Notice of Abandonment is filed to object to a Proposed Abandonment (the "Abandonment Objection Deadline") and to file any objections with the Court and serve such objections by overnight delivery or hand delivery on the Notice Parties and counsel to the Debtors; and it is further

ORDERED that if no objection is filed on or before the Abandonment Objection Deadline, the Debtors may abandon the Miscellaneous Assets subject to the Notice of Abandonment without further notice or a hearing, and such Proposed Abandonment shall be deemed fully authorized by the Court; and it is further

ORDERED that if an objection to a Proposed Abandonment is timely filed and served, the Debtors will not proceed with the Proposed Abandonment unless (i) the objection is withdrawn or otherwise resolved; or (ii) this Court overrules such objection at the next regularly schedule omnibus hearing that is at least five (5) days after the service of the objection upon counsel to the Debtors, or at the next omnibus hearing that is agreed to by the objecting party and the Debtors; and it is further

ORDERED that the 10-day stay applicable to sale of property under Bankruptcy Rule 6004(h) is hereby waived; and it is further

ORDERED that this Court will retain jurisdiction regarding the interpretation, implement, or all matters related to this Order.

Dated: Wilmington, Delaware
November ____, 2007

______________________________
Christopher S. Sontchi
United States Bankruptcy Judge