**EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :   Jointly Administered
                    Debtors.                                     :
                                                                 :   **Ref. Docket No. _____**
---------------------------------------------------------------- x

### ORDER AUTHORIZING AND APPROVING PROCEDURES FOR THE SALE OF LOANS OWNED BY OF CERTAIN NON-DEBTOR SUBSIDIARIES

Upon consideration of the motion (the "Motion")[2] of the above-captioned Debtors for entry of an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, authorizing and approving procedures enabling the Debtors to take all actions to sell the Non-Debtor Loans without any further need to seek this Court's approval in connection with such sales; and upon consideration of the Motion; and due and proper notice of this Motion having been given; and it appearing that no other or further notice is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303) ("AHM Holding"); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

it appearing that the relief requested is in the best interest of the Debtors, their estates, and creditors and after due deliberation, and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Debtors are authorized to implement and act upon the following procedures for the sale of the Non-Debtor Assets:

i. The Debtors shall give written notice (a "Sale Notice") of a proposed sale of any Non-Debtor Loans to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Debtors' postpetition lenders (the "DIP Lender"); and (d) any party known to assert a lien on the Non-Debtor Loans (collectively, the "Non-Debtor Loan Sale Notice Parties") at least ten (10) days prior to closing such sale or effectuating such transfer (the "Notice Period"); *provided, however,* that in the event the Debtors receive a higher and/or better offer from another bidder (an "Improved Offer") after providing such notice, the Debtors may elect, in their discretion, to close on such Improved Offer on the later of (i) the end of the Notice Period and (ii) three (3) business days after written notice of such Improved Offer has been delivered to the Non-Debtor Loan Sale Notice Parties (such later date being the "Improved Offer Notice Period"), subject to and in accordance with the procedures provided herein.

ii. The Sale Notice shall consist of (a) a disclosure that the Sale Notice is being provided in accordance with the order approving this Motion, (b) an identification of the Non-Debtor Loans being sold, (c) a general description of the relationship of the potential purchaser, or potential purchasers in the event more than one purchaser is still being considered as of the time the Sale Notice is provided, (d) the estimated purchase price, (e) the proposed application of the sale proceeds, and (f) a summary of the proposed significant terms of the sale agreement; *provided, however,* that the Sale Notice shall be deemed fully confidential and shall not be shared with any party other than the Non-Debtor Loan Sale Notice Parties absent written consent from the Debtors or further order of this Court.

iii. Objections to a proposed sale as set forth in a Sale Notice shall be filed with the Court and served on counsel for the Debtors and the Non-Debtor Loan Sale Parties by the later of the end of the Notice Period or the Improved Notice Period, as applicable

iv. If no written objections are filed and served in accordance with the Sale Notice Procedures, the Non-Debtor Subsidiaries are authorized by the Court to take any and all actions, and to execute any and all resolutions and other documents necessary to effectuate such sale, without any further

      v.      need to seek the Court's review or approval of such sale, and any objection filed after the expiration of the 10-day objection period shall be deemed untimely and shall not be considered by the Court.

      v.      If a written objection is filed and served in accordance with the Sale Notice Procedures that cannot be resolved, a hearing on the matter will be scheduled with the Court so as to seek the Court's determination of (a) whether the sale of a Non-Debtor Loan requires this Court's approval, and (b) if Court approval is required, whether to approve the proposed sale.

      vi.      Upon consummation of a sale of a Non-Debtor Loan, the Debtors will file and serve a notice of consummation of the Non-Debtor Loan sale on the Non-Debtor Loan Sale Notice Parties and those parties that have requested notice pursuant to Bankruptcy Rule 2002.

      vii.      Notwithstanding anything to the contrary herein, the foregoing procedures may be modified with respect to any particular sale of Non-Debtor Loans as and to the extent agreed in writing by the Non-Debtor Loan Sale Notice Parties.

and it is further

ORDERED, that pursuant to this Order, the foregoing Sale Notice Procedures and sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors and the Non-Debtor Subsidiaries are authorized to take any necessary action to effectuate the sale of the Non-Debtor Loans pursuant to the Sale Notice Procedures; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
         _____, 2007

                                          Christopher S. Sontchi
                                          United States Bankruptcy Judge