UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| AMERICAN HOME MORTGAGE | : |  |
|  HOLDINGS, INC., a Delaware corporation | : |  |
| *et al.,* [1] |  |  |
|  | : | Case Number 07-11047 (CSS) |
|  Debtors. |  | (Jointly Administered) |
|  | : |  |

Hearing Date:  November 14, 2007 at 10:00 A.M.

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION
PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE FOR AN ORDER
AUTHORIZING THE DEBTORS TO FILE, UNDER SEAL, AN UNREDACTED
PURCHASE AGREEMENT BY AND BETWEEN THE DEBTORS AND EMC
MORTGAGE CORPORATION
(DOCKET ENTRY # 1638)**

In support of her objection to the Debtors' motion pursuant to section 107(b) of the

Bankruptcy Code for an order authorizing the Debtors to file, under seal, an unredacted copy of the

purchase agreement by and between the Debtors and EMC Mortgage Corporation (the "Motion"),

Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her

counsel, avers:

---

[1]    The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number,
are: AHM Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland
corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979);
American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home
Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM
Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New
York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address
for all of the Debtors is 538 Broadhollow Road, Melville, New York  11747, except for AHM Servicing, whose address
is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

**INTRODUCTION**

1.      Under (i) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (ii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion.

2.      Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.   See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this objection.

**GROUNDS/BASIS FOR RELIEF**

4.      11 U.S.C. § 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

5.      Federal Rule of Bankruptcy Procedure 9018 provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that

2

are made confidential by statute or regulation.  If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

6.      There is a strong, compelling presumption of open access to judicial records and proceedings in civil matters.  See 11 U.S.C. § 107(a) ("Except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."); United States v. Continental Airlines, Inc. (In re Continental Airlines), 150 B.R. 334, 340 (D. Del. 1993) (citing In re Revco D.S., Inc., No. 588-1308, 1990 WL 269887 (Bankr. N.D. Ohio Dec. 30, 1990)); cf. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 785-86 (3d Cir. 1994) (discussing public interest in access to court records).   In In re Foundation for New Era Philanthropy, No. 95-13729, 1995 WL 478841 (Bankr. E.D. Pa. 1995), the court observed:

> [Section 107(b)] was not intended to save the debtor or its creditors from embarrassment, or to protect their privacy in light of countervailing statutory, constitutional and policy concerns . . . . Full disclosure of bankruptcy records may help insure that the bankruptcy statute is applied effectively in this case. It may also assist governmental entities in the performance of their duties vis-a-vis this debtor and its officers . . . .  Thus, there are significant public concerns which favor full public access to all documents filed in this case.  Id. at *4, 6.

7.      The Debtors argue that the information sought to be sealed – the Purchase Price Percentage – constitutes "confidential . . . commercial information" under 11 U.S.C. § 107(b). Mot. ¶ 11.  "Confidential . . . commercial information" is not defined in the Bankruptcy Code, so the term must "be interpreted as taking [its] ordinary, contemporary, common meaning."  See Perrin v. United States, 444 U.S. 37, 42 (1979).  "Commercial information has been defined as information that would cause 'an unfair advantage to competitors by providing them information as to the

commercial operations of the debtor.'" <u>Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)</u>, 21 F.3d 24, 27 (2d Cir. 1994) (citation omitted).

8.      The amount of consideration which the Debtors are to receive in exchange for the sale of their assets is not "confidential . . . commercial information."  Initially, the Debtors are complaining about giving potential counterparties at the bargaining table information that, they believe, may (i) discourage interest in the Debtors' assets on a going-forward basis or (ii) make negotiations more difficult; armed with the information at issue, the Debtors apparently fear that the counterparties may say to them, "I want the deal that XYZ Corp. got."  Mot. ¶ 12 ("Disclosure of the Purchase Price Percentage would harm and prejudice the Debtors by enabling other potential buyers access to confidential sale information.  Such potential buyers may use the Purchase Price Percentage contained in the unredacted Sale Motion as leverage against the Debtors and EMC as they negotiate the terms of other servicing asset sales with the Debtors.").  The problem with the Debtors' reasoning is that disclosure of the price that a debtor-seller will accept to part with mortgage servicing rights via a section 363 sale does not affect the Debtors' ability to compete vis-a-vis the acquirer (or other potential acquirers) in the market for servicing mortgage loans.

9.      At bottom, the Debtors are advancing an argument that is analogous to the one rejected by this Court in <u>In re Alterra Healthcare Corp.</u>, 353 B.R. 66 (Bankr. D. Del. 2006).  In <u>Alterra Healthcare</u>, a newspaper moved to unseal several settlement agreements which the debtors had previously reached with tort claimants.  The debtor objected to the motion, claiming that the information contained in the settlement agreements was "confidential . . . commercial information" under 11 U.S.C. § 107(b).  <u>See</u> <u>id.</u> at 75.  This Court rejected that argument, noting that the information at issue – the settlement terms of third-party tort claims against the debtor – "does not

relate to the Reorganized Debtor's commercial operations nor does it unfairly advantage competitors." See id. at 76. In stark contrast to the Purchase Price Percentage at issue in these cases, this Court cited license agreements for the use of intellectual property, investor lists and marketing plans as some examples of commercial information under 11 U.S.C. § 107(b). See id.

10.     Like the Debtors argue here, the debtor in Alterra Healthcare also argued that, if the settlement terms were disclosed, claimants would use that information in an effort to extract favorable settlements from the debtor and to deplete its resources. See Alterra Healthcare, 353 B.R. at 76. By extension, the debtor maintained that the value of the debtor's estate would be diminished because non-tort, general unsecured creditors would receive a lower distribution. See id. This Court rejected the debtor's pleas and stated that disclosure would not create an unfair advantage for the debtor's competitors. See id.

11.     In light of the Debtors' argument, it is difficult to understand why the Debtors are comfortable with exposing purchase price information relating to the sale of the bulk of their remaining servicing rights for nearly a half-billion dollars to the public, yet the Purchase Price Percentage needs to be cloaked to protect the Debtors' interests. The same arguments that support disclosure of the purchase price in connection with the WL Ross sale support disclosure of the purchase price in connection with the EMC sale. While the Debtors maintain that the requested relief will assist them "in furtherance of the servicing asset sale process," the Motion is devoid of discussion as to how sealing the Purchase Price Percentage actually assists that process.

12.     The U.S. Trustee leaves the Debtors to their burden under 11 U.S.C. § 107(b).

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Motion.

Respectfully submitted,

**KELLY BEAUDIN STAPLETON**
**UNITED STATES TRUSTEE**


BY:  /s/ Joseph J. McMahon, Jr.
    Joseph J. McMahon, Jr., Esquire (# 4819)
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Room 2207, Lockbox 35
    Wilmington, DE  19801
    (302) 573-6491
    (302) 573-6497 (Fax)

Date:  November 9, 2007