IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
                                                        )    Chapter 11
In re:                                                  )
                                                        )    Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE HOLDINGS,                        )    Jointly Administered
INC., Delaware corporation, et al.,                     )
                                                        )    Hearing Date: November 9, 2007 at 4:00 p.m.
                                                        )
                    Debtors.                            )    Related Docket Items Nos. 1713, 1778, 1794
                                                        )    & 1914
------------------------------------------------------- x
```

## UBS REAL ESTATE SECURITIES INC.'S REPLY TO DEBTORS' OPPOSITION TO MOTION AND JOINDER TO EMERGENCY MOTION OF DB STRUCTURED PRODUCTS, INC. FOR LIMITED STAY PENDING APPEAL

In their opposition to UBS Real Estate Securities Inc's ("RESI") motion and joinder, the Debtors (and joinders Bank of America and the Official Unsecured Creditors Committee) miss the simple and obvious point that if the RESI MLPSA is transferred to the buyer under the Court's October 23, 2007 ruling and October 30, 2007 Sale Order, and RESI and DB Structured Products, Inc. ("DB") ultimately prevail in their appeals from the Sale Order, then the RESI MLPSA will have been improvidently transferred in violation of RESI's legal rights and RESI would, at best, then have to come back to this Court seeking to "undo" the illegal transfer of its contract. In view of the negligible effect holding the RESI MLPSA in abeyance pending appeal (as the parties have done with DB) would have on the overall assets being transferred, the Court should grant RESI's request for a limited stay.

The Debtors make much of the fact that no loans owned by RESI are being serviced under the RESI MLPSA. That fact is quite completely irrelevant – RESI asserts defaults under the RESI MLPSA that must be cured if the appellate court determines that the servicing provisions of the RESI MLPSA can not be severed from the loan purchase/repurchase provisions and separately assigned under section 365 and/or that section 363 does not pre-empt RESI's state

law contract right to enforce the RESI MLPSA's actual (in addition to *de facto*) restriction on transfer.[1] The Sale Order clearly serves to diminish and impair RESI's contractual rights and thereby confers standing upon RESI.

RESI's request meets the standards for limited stay –

1. Likelihood of success on the merits of the appeal: This Court's ruling and order conflict with (a) controlling Third Circuit law on pre-emption and (b) prevailing law on severance.
2. Irreparable harm: If RESI's contract is transferred and RESI prevails in its appeal, it will have to ask this Court to "undo" the illegal transfer of its contract.
3. Absence of harm to Debtors: The parties can place the RESI MLPSA next to DB's on the "delay" schedule pending the appeal and otherwise complete the sale.
4. Public interest: The public interest in enforcing contract rights, such as restrictions on assignment and non-severability, outweighs the Debtors' and Purchaser's motive (whatever it may be) for not treating the RESI MLPSA the same as DB's contract.

The purported fear that the Purchaser will refuse to close because RESI's contract is held in abeyance is manufactured for the purpose of denying RESI the ability to prosecute a meaningful appeal – the likelihood that the Purchaser will walk away from a $500 million transaction because one single contract out of hundreds is held in suspense is so remote as to be practically non-existent.[2]

RESI should not be required to post a bond. RESI is part of one of the largest financial institutions in the world and is generally subject to regulation, supervision and jurisdiction in the United States.

---

[1] To the extent of any validity to the Debtors' argument that they can violate contractual restrictions and pay damages, they must concede that such damages would include, at a minimum, the current default and would constitute administrative expense claims as the transaction giving rise to the damages would occur post-petition.

[2] RESI is not in a position to know whether the aggregate principal balance of loans serviced under the contracts, other than RESI MLPSA, is above the $38 billion threshold, but none of the pleadings filed in opposition to RESI's request for a stay raise that as a basis to deny the motion.

RESI reserves its rights raise additional arguments in support of its motion and to address other arguments in opposition at the hearing.

## CONCLUSION

For the foregoing reasons, RESI respectfully requests that the Court stay the Order approving the Sale insofar as it would authorize the assignment of, and/or otherwise impair, RESI's rights under the RESI MLPSA pending expedited appeal of that portion of the Order, or for such other and further relief as the Court deems just and proper.

Dated: November 9, 2007

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Rick B. Antonoff
Brandon R. Johnson
1540 Broadway
New York, NY 10036
Telephone: (212) 858-1000
Facsimile: (212) 858-1500

- and -

**ASHBY & GEDDES, P.A.**

_____
William P. Bowden (I.D. #2553)
Don A. Beskrone (I.D. #4380)
Amanda M. Winfree (I.D. #4615)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

*Counsel to UBS Real Estate Securities Inc.*

185740.1