## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x

In re:                                                     : Chapter 11
                                                           :
AMERICAN HOME MORTGAGE                                      : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]         :
                                                           : Jointly Administered
                        Debtors.                           : **Objection Deadline: N/A**
                                                           : **Hearing Date: N/A**
------------------------------------------------------------------- x

### MOTION OF DEBTOR BORROWERS FOR AN ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 4001(c) AND LOCAL RULE AND 9006-1(e) SCHEDULING PRELIMINARY HEARING TO CONSIDER MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING CERTAIN DEBTORS TO OBTAIN LIMITED RECOURSE POSTPETITION FINANCING AND GRANT OF CERTAIN LIENS AND SECURITY INTEREST PURSUANT TO 11 U.S.C. §§ 105, 362, 363, AND 364(c); (II) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(c); AND (III) GRANTING RELATED RELIEF

American Home Mortgage Investment Corp., American Home Mortgage Corp.

and American Home Mortgage Servicing, Inc., each a debtor and debtor in possession in the

above-captioned chapter 11 cases (collectively, the "Debtor Borrowers"), having filed the Motion

for Interim and Final Orders (i) Authorizing Certain Debtors to Obtain Limited Recourse

Postpetition Financing and Grant Liens and Security Interest Pursuant to 11 U.S.C. §§ 105, 362,

363 and 364(c); (ii) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001(c); and (iii)

Granting Related Relief (D.I. [1967]; the "Motion"),[2] hereby move this Court (the "Scheduling

Motion") pursuant to Rule 4001(c) of the Federal Rules of Bankruptcy Procedure (the

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to those terms in the Motion.

"Bankruptcy Rules"), 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the

United States Bankruptcy Court for the District of Delaware (the "Local Rules") and 11 U.S.C.

§ 105(a) for an order scheduling a preliminary hearing to consider the Motion such that the

matter may be heard on November 14, 2007 at 10:00 a.m. (ET).

1.      Bankruptcy Rule 4001(b) provides that the debtor must give fifteen days

advance notice of a final hearing concerning a motion for obtaining credit.  See Fed. R. Bankr. P.

4001(c).  However, Bankruptcy Rule 4001(c) allows the court to conduct a preliminary hearing

during the fifteen-day period.  See id.  Pursuant to Local Rule 9006-1(e), a request for a

preliminary hearing must be made upon written motion specifying the exigencies supporting the

requested relief.  See Del. Bankr. L.R. 9006-1(e); see also Del. Bankr. L.R. 4001-2 (permitting

interim relief when a "financing motion" is filed on or shortly after the petition date and requiring

proof of immediate and irreparable harm, i.e., extraordinary circumstances).

2.      The Debtors submit that there is sufficient cause to justify conducting a

preliminary hearing to consider the relief requested in the Motion.  The Limited Recourse DIP

Credit Facility is necessary to operate the Servicing Business from and after the Initial Closing

because of the two step closing of the Sale.

3.      The APA requires the Purchaser, from and after the Initial Closing, to fund

the obligations associated with the Servicing Business and, at the Purchaser's cost and expense,

provide or arrange financing to operate the Servicing Business.  APA at § 6.2.  The APA further

requires the Debtors to reasonably cooperate with the Purchaser in connection with arranging

financing and to promptly seek approval of such financing.  APA at § 6.14(b).

4.      The Initial Closing is expected to occur shortly after the November 14,

2007 hearing.  To date, the Debtors have operated the Servicing Business through the use of

Cash Collateral.  However, upon the Initial Closing, the liens under the Loan Agreement on the Purchased Assets will be released and the Debtors will no longer be using Cash Collateral to operate the Servicing Business until the Final Closing.  Without the availability under the Limited Recourse DIP Facility, there will be no financing to satisfy the working capital needs associated with the Servicing Business as of the Initial Closing, thereby potentially resulting in harm to the Debtors' estates.  The financing provided by the Limited Recourse DIP Credit Facility was contemplated by the APA.  Accordingly, obtaining the relief requested in the Motion on an expedited basis is essential being able to have the Initial Closing and the ability to operate the Servicing Business as of the Initial Closing.

5.    The prejudice, if any, to parties in interest with respect to scheduling a preliminary hearing on the Motion should be weighed against the fact that (i) the liability of the Debtor Borrowers under the Limited Recourse DIP Credit Facility is limited solely to the Purchased Assets; (ii) the security interest and lien is only being granted on the Purchased Assets, not any other assets of the Debtors; (iii) the concept of the Limited Recourse DIP Credit Facility was disclosed through the terms of the APA; and (iv) the Sale Order approved the Sellers' granting of a lien and security interest in the Purchased Assets to the Purchaser as of the Initial Closing.

6.    The Debtor Borrowers propose to serve the Motion on those parties entitled to notice pursuant to Local Rule 2002-1(b) by (i) e-mail on those parties for which the Debtor Borrowers have a valid e-mail address, or (ii) hand or overnight delivery on all other parties.

7.    In light of the circumstances, the Debtor Borrowers submit that holding a preliminary hearing on November 14, 2007 at 10:00 a.m. (ET), is necessary and appropriate and

3

will not unfairly prejudice any party in interest.  Under the circumstances, the Debtor Borrowers also propose that the Court permit parties to submit any objections to entry of the proposed Interim Order on or before November 14, 2007 at 9:00 a.m.

WHEREFORE, the Debtor Borrowers respectfully request that the Court enter an order, in substantially the form annexed as Exhibit A, granting the relief requested herein and such other and further relief as is just and proper.

Dated:    Wilmington, Delaware
          November 12, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr.  (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Attorneys for Debtors and Debtors in Possession

066585.1001

# EXHIBIT A

## Proposed Form of Order

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------ x
In re:                                                              :    Chapter 11 Case No.
                                                                    :
AMERICAN HOME MORTGAGE                                              :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]                  :
                                                                    :    Jointly Administered
                                     Debtors.                       :
                                                                    :    **Ref Docket No. ____**
------------------------------------------------------------------ x

**ORDER APPROVING MOTION OF DEBTOR BORROWERS FOR AN ORDER
PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 4001(c) AND LOCAL RULE AND 9006-1(e)
SCHEDULING PRELIMINARY HEARING TO CONSIDER MOTION FOR INTERIM
AND FINAL ORDERS (I) AUTHORIZING CERTAIN DEBTORS TO OBTAIN
LIMITED RECOURSE POSTPETITION FINANCING AND GRANT OF CERTAIN
LIENS AND SECURITY INTEREST PURSUANT TO 11 U.S.C. §§ 105, 362, 363, AND
364(c); (II) SCHEDULING FINAL HEARING PURSUANT TO
BANKRUPTCY RULE 4001(c); AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Scheduling Motion")[2] for entry of an

order pursuant to Bankruptcy Rule 4001(c), Local Rule 9006-1(e), and 11 U.S.C. § 105(a) for an

order scheduling a preliminary hearing on the Motion; and the Court finding that (a) it has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Scheduling Motion was due and proper under

the circumstances; and it appearing that the relief requested in the Scheduling Motion is in the

---

[1]        The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a
Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979);
American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New
York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407);
Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York
corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except
for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.
[2]        Capitalized terms used but not defined herein shall have the meanings ascribed to those terms in the Motion
to Shorten.

best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the relief requested in the Scheduling Motion is; and it is further

ORDERED, that a preliminary hearing on the Motion will be held on November 14, 2007 at 10:00 a.m. (ET); and it is further

ORDERED, that objections, if any, to the relief requested in the Motion on an interim basis shall be filed on or before November 14, 2007 at 9:00 a.m.; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated: Wilmington, Delaware
      November ___, 2007

_____
Christopher S. Sontchi
United States Bankruptcy Judge