IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

| | |
|---|---|
| In re: | : | Chapter 11 |

In re:                                        :    Chapter 11
                                              :
AMERICAN HOME MORTGAGE                        :    Case No.  07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al., :
                                              :    Jointly Administered
                                              :
      Debtors.                                :    **Ref. Docket Nos. 133, 511, and 1984**

------------------------------------------------------------ x

**CERTIFICATION OF COUNSEL REGARDING ORDER PURSUANT TO SECTION
327(e) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a)
APPROVING THE RETENTION AND EMPLOYMENT OF CADWALADER,
WICKERSHAM & TAFT LLP AS SPECIAL COUNSEL TO THE DEBTORS**

On August 10, 2007, the above-captioned debtors and debtors in possession
(collectively, the "Debtors") filed the Application for an Order Pursuant to Section 327(e) of the
Bankruptcy Code and Bankruptcy Rule 2014(a) Approving the Retention and Employment of
Cadwalader, Wickersham & Taft LLP as Special Counsel to the Debtors [Docket No. 133] (the
"Application").

On August 30, 2007, the Office of the United States Trustee (the "UST") filed the
Objection of the United States Trustee to the Application [Docket No. 511] (the "Objection").
Since the filing of the Objection, Cadwalader, Wickersham & Taft LLP ("Cadwalader") and the
United States Trustee engaged in discussions to address the issues raised by the UST in the
Objection.  As a result of those discussions and to resolve the Objection, Cadwalader agreed to
revise the proposed order approving the Application.  A copy of the revised order is attached
hereto as Exhibit A (the "Proposed Order").  For the convenience of the Court, attached hereto as
Exhibit B is a redline of the Proposed Order marked against the version filed with the
Application.  Also, to further resolve the Objection and at the request of the United States

Trustee, Cawalader filed the Supplemental Affidavit of Gregory M. Petrick In Support of the

Application of American Home Mortgage Holdings, Inc. to Employ Cadwalader as Special

Counsel [Docket No. 1984], a copy of which is attached hereto as Exhibit C.

The Proposed Order has been provided to and agreed to by UST.  The Debtors

submit that the Proposed Order is consistent with the changes requested by the UST and agreed

to by Cadwalader and request that the Court enter the Proposed Order attached hereto as Exhibit

A at its earliest convenience without further notice or hearing.

Dated:  Wilmington, Delaware
        November 13, 2007

                                   YOUNG CONAWAY STARGATT & TAYLOR, LLP


                                   James L. Patton, Jr. (No. 2202)
                                   Pauline K. Morgan (No. 3650)
                                   Sean M. Beach (No. 4070)
                                   Matthew B. Lunn (No. 4119)
                                   The Brandywine Building
                                   1000 West Street, 17th Floor
                                   Wilmington, Delaware 19801
                                   Telephone: (302) 571-6600
                                   Facsimile: (302) 571-1253

                                   Counsel for Debtors and Debtors in Possession

2

## Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------------- x
In re:                                          :   Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,          :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                 :
                                                :   Jointly Administered
          Debtors.                              :
                                                :   Doc. Ref. No. 133
-------------------------------------------------------------------- x
```

### ORDER PURSUANT TO SECTION 327(e) OF
### THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a)
### APPROVING THE RETENTION AND EMPLOYMENT OF CADWALADER,
### WICKERSHAM & TAFT LLP AS SPECIAL COUNSEL TO THE DEBTORS

Upon consideration of the application dated August 10, 2007 (the "Application")

of American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and

certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession

in the above cases (collectively, "AHM" or the "Debtors"), seeking entry of an order pursuant to

section 327(e) of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code")

and rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

authorizing and approving the employment and retention of Cadwalader, Wickersham & Taft

LLP ("CWT") as Special Counsel to the Debtors, all as more fully set forth in the Application;

and upon the Affidavit of Gregory M. Petrick, a member of CWT (the "Petrick Affidavit"),

annexed to the Application as Exhibit A; and upon discussions with the Office of the United

States Trustee; and the Court being satisfied, based on the representations made in the

Application and the Petrick Affidavit, that CWT represents or holds no interest adverse to the

Debtors or their estates with regard to matters identified below upon which the firm is to be

retained; and the Court having jurisdiction to consider the Application and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of the Application having

been provided; and it appearing that no other or further notice of the Application need be

provided; and the Court having determined that the relief sought in the Application, as modified

below, is in the best interests of the Debtors, their estates and all parties in interest; and upon the

Application, the Petrick Affidavit, and the Michael Strauss Declaration; and the proceedings had

before the Court on the Application; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Application is granted and approved as modified herein; and

it is further

ORDERED that, pursuant to section 327(e) of the Bankruptcy Code, the Debtors,

as debtors in possession, are authorized to employ and retain CWT as Special Counsel to the

Debtors, in accordance with CWT's normal hourly rates and disbursement policies as set forth in

the Petrick Affidavit, effective as of the commencement of these cases; and it is further

ORDERED that, notwithstanding anything in the Application to the contrary,

CWT shall be employed as Special Counsel for the following matters:

(i) from August 6, 2007 (the "Petition Date") through September 26, 2007, non-bankruptcy

transactional work with respect to the sale of the Debtors' servicing business;

(ii) from the Petition Date through September 3, 2007, representation of the Debtors in

connection with the inquiry of the Securities and Exchange Commission;

(iii) non-bankruptcy transactional work with respect to the sale of a non-debtor bank entity;

and

(iv) representation of the Debtors in a pre-petition litigation entitled <u>American Home</u>

<u>Mortgage Corp. v. Union Federal Bank of Indianapolis</u>, Case No. 06-CV-7864 (JGK) (RLE)

(S.D.N.Y. filed Sept. 29, 2006); under the terms of this Order, CWT is not being authorized

to represent the Debtors in connection with other litigation matters referenced in the

Application; and it is further

ORDERED that the Debtors' application to employ CWT in connection with the

securities class action litigation matters referenced in paragraph 20(f) of the Application is

adjourned to a date to be determined by the Debtors in consultation with the U.S. Trustee

and the Committee, said date to coincide with the hearing on the same part of the Debtors'

application to employ Allen & Overy as special counsel; and it is further

ORDERED that CWT shall be compensated in accordance with the procedures

set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, local

rules and orders of the Court, guidelines established by the Office of the United States Trustee,

and such other procedures as may be fixed by order of this Court; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters,

claims, rights or disputes arising from or related to the implementation of this Order; and it is

further

ORDERED that service of the Application as provided therein shall be deemed

good and sufficient notice of such Application; and it is further

ORDERED that the relief granted herein is without prejudice to the Debtors' right to request a modification or supplement to CWT's retention application and scope of employment to expand or modify services and the rights of parties in interest (including the U.S. Trustee) to object to same; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated:    Wilmington, Delaware
          _____, 2007


                              _____
                              Christopher S. Sontchi
                              U.S. Bankruptcy Judge

**Exhibit B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------- x
In re:                                            :   Chapter 11
                                                  :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,            :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                  :
                                                  :   Jointly Administered
         Debtors.                                 :   Doc. Ref. No. 133
------------------------------------------------- x
```

**ORDER PURSUANT TO SECTION 327(e) OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a)
APPROVING THE RETENTION AND EMPLOYMENT OF CADWALADER,
WICKERSHAM & TAFT LLP AS SPECIAL COUNSEL TO THE DEBTORS**

Upon consideration of the ~~motion~~application dated August 10, 2007 (the

"~~Motion~~Application") of American Home Mortgage Holdings, Inc. ("AHM Holdings"), a

Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors

and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"), seeking

entry of an order pursuant to section 327(e) of title 11, United States Code, 11 U.S.C. §§ 101 et

seq. (the "Bankruptcy Code") and rule 2014(a) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") authorizing and approving the employment and retention of

Cadwalader, Wickersham & Taft LLP ("CWT") as Special Counsel to the Debtors, all as more

---

¹ ~~The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.~~

fully set forth in the Application; and upon the Affidavit of Gregory M. Petrick, a member of

CWT (the "Petrick Affidavit"), annexed to the Application as Exhibit A; and upon discussions

with the Office of the United States Trustee; and the Court being satisfied, based on the

representations made in the Application and the Petrick Affidavit, that CWT represents or holds

no interest adverse to the Debtors or their estates with regard to matters identified below upon

which the firm is to be retained; and the Court having jurisdiction to consider the Application

and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of

the Application having been provided; and it appearing that no other or further notice of the

Application need be provided; and the Court having determined that the relief sought in the

Application, as modified below, is in the best interests of the Debtors, their estates and all parties

in interest; and upon the Application, the Petrick Affidavit, and the Michael Strauss Declaration;

and all of the proceedings had before the Court on the Application; and after due deliberation and

sufficient cause appearing therefor, it is

      ORDERED that the Application is granted and approved as modified herein; and

it is further

      ORDERED that, pursuant to section 327(e) of the Bankruptcy Code, the Debtors,

as debtors in possession, are authorized to employ and retain CWT as Special Counsel to the

Debtors, in accordance with CWT's normal hourly rates and disbursement policies as set forth in

the Petrick Affidavit, effective as of the commencement of these cases; and it is further

      ORDERED that, notwithstanding anything in the Application to the contrary,

CWT shall be employed as Special Counsel for the following matters:

(i) from August 6, 2007 (the "Petition Date") through September 26, 2007, non-bankruptcy transactional work with respect to the sale of the Debtors' servicing business;

(ii) from the Petition Date through September 3, 2007, representation of the Debtors in connection with the inquiry of the Securities and Exchange Commission;

(iii) non-bankruptcy transactional work with respect to the sale of a non-debtor bank entity; and

(iv) representation of the Debtors in a pre-petition litigation entitled American Home Mortgage Corp. v. Union Federal Bank of Indianapolis, Case No. 06-CV-7864 (JGK) (RLE) (S.D.N.Y. filed Sept. 29, 2006); under the terms of this Order, CWT is not being authorized to represent the Debtors in connection with other litigation matters referenced in the Application; and it is further

ORDERED that the Debtors' application to employ CWT in connection with the securities class action litigation matters referenced in paragraph 20(f) of the Application is adjourned to a date to be determined by the Debtors in consultation with the U.S. Trustee and the Committee, said date to coincide with the hearing on the same part of the Debtors' application to employ Allen & Overy as special counsel; and it is further

ORDERED that CWT shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, local rules

and orders of the Court, guidelines established by the Office of the United States Trustee, and

such other procedures as may be fixed by order of this Court; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters,

claims, rights or disputes arising from or related to the implementation of this Order; and it is

further

ORDERED that service of the Application as provided therein shall be deemed

good and sufficient notice of such Application; and it is further

ORDERED that the relief granted herein is without prejudice to the Debtors' right

to request a modification or supplement to CWT's retention application and scope of

employment to expand or modify services and the rights of parties in interest (including the U.S.

Trustee) to object to same; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters,

claims, rights or disputes arising from or related to the implementation of this Order.

Dated:      Wilmington, Delaware
            _____, 2007


                                        _____
                                        Christopher S. Sontchi
                                        U.S. Bankruptcy Judge

Document comparison done by Workshare DeltaView on Tuesday, November 13, 2007 4:01:03 PM

| Input: | |
|---|---|
| Document 1 | interwovenSite://WSDMS/DB02/6369736/1 |
| Document 2 | interwovenSite://WSDMS/DB02/6369728/1 |
| Rendering set | standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |

| | |
|---|---|
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 24 |
| Deletions | 8 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 32 |

**Exhibit C**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------- x
In re:                                                         :   Chapter 11
                                                               :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                         :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                :
                                                               :   Jointly Administered
        Debtors.                                               :
                                                               :   Doc. Ref. No.
-------------------------------------------------------------- x
```

### SUPPLEMENTAL AFFIDAVIT OF GREGORY M. PETRICK IN SUPPORT OF THE APPLICATION OF AMERICAN HOME MORTGAGE HOLDINGS, INC. TO EMPLOY CADWALADER, WICKERSHAM & TAFT LLP AS SPECIAL COUNSEL

1.    I am a member of the firm of Cadwalader, Wickersham & Taft LLP ("CWT").  I make this affidavit to supplement the disclosures set forth in my affidavit dated August 10, 2007 in support of American Home Mortgage Holdings, Inc.'s ("AHM" or the "Debtors") application to retain CWT as Special Counsel to the Debtors for limited purposes pursuant to Section 327(e) of the Bankruptcy Code.

2.    AHM filed its original application to employ CWT with respect to (i) SEC regulatory matters; (ii) the sale of the Debtors' servicing business and non-debtor bank; (iii) certain class action litigation filed shortly before and after the petition; and (iv)  pre-petition litigation captioned American Home Mortgage Corp. v. Union Federal Bank of Indianapolis, (No. 06 CV-7864 (JGK) (RLE) pending in the United States District Court for the Southern District of New York. ("the Waterfield Litigation")

3.    On August 30, 2007 the United States Trustee (the "UST") objected to CWT's employment and thereafter the Debtors' application to employ CWT was adjourned sine die pending discussions between CWT and the UST.

4.     CWT and UST have resolved the UST's objections in accordance with the terms set forth in the Order submitted herewith.

5.     As disclosed in my previous affidavit, CWT represented several entities in connection with certain mortgage loan repurchase transactions involving AHM, including, in 2006, Credit Suisse First Boston Mortgage Capital LLC ("Credit Suisse").  CWT understands that certain of these transactions may be, or are the subject of litigation in an Adversary Proceeding pending in this Court captioned <u>Credit Suisse First Boston Mortgage Capital LLC v. American Home Mortgage Corp.</u> et al, (Case No. 07-51684 (CSS)).  At Credit Suisse's request, CWT has returned files related to this transaction to Credit Suisse. Further, Credit Suisse has asked CWT to provide information as a fact witness regarding this transaction, including testimony by a CWT partner in the Adversary Proceeding. CWT has agreed to provide such factual information and such witness.

6.     As previously disclosed in my affidavit of August 10, 2007, CWT has advised AHM since it became a public company, regarding substantially all of its filings and disclosures required by Securities and Exchange Commission under the Securities Exchange Act of 1934, including forms 10K, 10Q, and press releases relating to public offerings, and other disclosure documents.

7.      As set forth in my affidavit at paragraph 20, CWT will not represent any client of the

Firm with respect to matters relating to the Debtors.

DATED:      New York, New York
            November 13, 2007

                                        _/s/ Gregory M. Petrick_____
                                            Gregory M. Petrick

Sworn to before me
this 13th day of November 2007


_/s/ Doreen Cusumano_____
        Notary

DOREEN CUSUMANO
Notary Public, State of New York
No. 01-CU6065126
Qualified in Richmond County
Commission Expires October 9, 2009