IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                  :
                                                                 :   Jointly Administered
    Debtors.                                                     :
                                                                 :   **Doc. Ref. No. 133**
---------------------------------------------------------------- x

## ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a) APPROVING THE RETENTION AND EMPLOYMENT OF CADWALADER, WICKERSHAM & TAFT LLP AS SPECIAL COUNSEL TO THE DEBTORS

Upon consideration of the application dated August 10, 2007 (the "Application") of American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"), seeking entry of an order pursuant to section 327(e) of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing and approving the employment and retention of Cadwalader, Wickersham & Taft LLP ("CWT") as Special Counsel to the Debtors, all as more fully set forth in the Application; and upon the Affidavit of Gregory M. Petrick, a member of CWT (the "Petrick Affidavit"), annexed to the Application as Exhibit A; and upon discussions with the Office of the United States Trustee; and the Court being satisfied, based on the representations made in the Application and the Petrick Affidavit, that CWT represents or holds no interest adverse to the Debtors or their estates with regard to matters identified below upon which the firm is to be retained; and the Court having jurisdiction to consider the Application and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of the Application having been provided; and it appearing that no other or further notice of the Application need be provided; and the Court having determined that the relief sought in the Application, as modified below, is in the best interests of the Debtors, their estates and all parties in interest; and upon the Application, the Petrick Affidavit, and the Michael Strauss Declaration; and the proceedings had before the Court on the Application; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted and approved as modified herein; and it is further

ORDERED that, pursuant to section 327(e) of the Bankruptcy Code, the Debtors, as debtors in possession, are authorized to employ and retain CWT as Special Counsel to the Debtors, in accordance with CWT's normal hourly rates and disbursement policies as set forth in the Petrick Affidavit, effective as of the commencement of these cases; and it is further

ORDERED that, notwithstanding anything in the Application to the contrary, CWT shall be employed as Special Counsel for the following matters:

(i) from August 6, 2007 (the "Petition Date") through September 26, 2007, non-bankruptcy transactional work with respect to the sale of the Debtors' servicing business;

(ii) from the Petition Date through September 3, 2007, representation of the Debtors in connection with the inquiry of the Securities and Exchange Commission;

(iii) non-bankruptcy transactional work with respect to the sale of a non-debtor bank entity; and

(iv) representation of the Debtors in a pre-petition litigation entitled <u>American Home Mortgage Corp. v. Union Federal Bank of Indianapolis</u>, Case No. 06-CV-7864 (JGK) (RLE) (S.D.N.Y. filed Sept. 29, 2006); under the terms of this Order, CWT is not being authorized to represent the Debtors in connection with other litigation matters referenced in the Application; and it is further

ORDERED that the Debtors' application to employ CWT in connection with the securities class action litigation matters referenced in paragraph 20(f) of the Application is adjourned to a date to be determined by the Debtors in consultation with the U.S. Trustee and the Committee, said date to coincide with the hearing on the same part of the Debtors' application to employ Allen & Overy as special counsel; and it is further

ORDERED that CWT shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, local rules and orders of the Court, guidelines established by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order; and it is further

ORDERED that service of the Application as provided therein shall be deemed good and sufficient notice of such Application; and it is further

ORDERED that the relief granted herein is without prejudice to the Debtors' right to request a modification or supplement to CWT's retention application and scope of employment to expand or modify services and the rights of parties in interest (including the U.S. Trustee) to object to same; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated:   Wilmington, Delaware
         November 14, 2007

                                                    Christopher S. Sontchi
                                                    U.S. Bankruptcy Judge