IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case Nos. 07-11047 (CSS) |
| HOLDINGS, INC., et al., | ) | |
| | ) | Related Docket No. 554, 1718, 1731 |
| Debtors. | ) | |
| | ) | |
| | ) | |

**FIRST FINAL STIPULATION AND ORDER EXTENDING LIMITED USE OF CASH COLLATERAL PURSUANT TO THE FINAL ORDER (I) AUTHORIZING DEBTORS' LIMITED USE OF CASH COLLATERAL AND (II) GRANTING REPLACEMENT LIENS AND ADEQUATE PROTECTION TO CERTAIN PRE-PETITION SECURED PARTIES**

**WHEREAS:**

A.     On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc. and certain of its affiliates (the "Debtors")[1] filed with this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1005(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

B.     On August 7, 2007, this Court entered its *Interim Order (I) Authorizing Debtors' Limited Use of Cash Collateral, (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001* [D.I. 68].

---

[1] The Debtors are American Home Mortgage Holdings, Inc., American Home Mortgage Acceptance, Inc., American Home Mortgage Corp., American Home Mortgage Investment Corp., American Home Mortgage Servicing, Inc., American Home Mortgage Ventures LLC, Homegate Settlement Services, Inc., and Great Oak Abstract Corp.

DB02:6370527.1                                                                                                              066585.1001

C. On September 4, 2007, this Court entered its *Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties* [D.I. 554] (the "Final Cash Collateral Order"), a copy of which is attached hereto. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Final Cash Collateral Order.

D. The Final Cash Collateral Order authorized the Debtors to use the Pre-Petition Collateral, including the Cash Collateral, solely in accordance with the terms and conditions set forth therein through no later than October 31, 2007.

E. On October 30, 2007, this Court entered its *Order Pursuant to Sections 105, 363, 364, 365, and 503(b) of the Bankruptcy Code, and Rules 2002, 4001, 6004, 6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving (i) the Sale of the Debtors' Mortgage Servicing Business Free and Clear of Liens, Claims and Interests, (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (B) Granting Certain Related Relief* [D.I. 1711], attached to which is a copy of the Asset Purchase Agreement (the "APA") pursuant to which the Servicing Business is being sold.

F. On October 31, 2007, this Court entered its *First Interim Stipulation and Order Extending Limited Use of Cash Collateral Pursuant to the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral, (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001* (the "First Interim Stipulation and Order"), pursuant to which the Court extended, on an interim basis, the Debtors' use of the Collateral, including Cash Collateral, solely in accordance with the terms and conditions of the Final Cash Collateral Order, as amended and supplemented by the First Interim Stipulation and Order, through no later than November 16, 2007.

G.   In order to ensure that the Debtors have sufficient cash necessary to continue operating the Servicing Business until the Initial Closing (as such term is defined in the APA), the Debtors and the Administrative Agent have agreed to a limited extension of the use of Cash Collateral. Without such continued use of Cash Collateral, the Debtors will be unable to pay necessary expenses of the Servicing Business including, without limitation, payroll and servicing advances to the date of the Initial Closing. The ability of the Debtors to fund the Servicing Business through the use of Cash Collateral is vital to the Debtors and their efforts to maximize the value of their assets. Accordingly, the parties to this First Final Stipulation and Order seek entry hereof pursuant to Bankruptcy Rule 4001(b)(2) in connection with the Debtors' need to obtain continued use of Cash Collateral pursuant to the terms of the Final Cash Collateral Order, as amended and supplemented by the First Interim Stipulation and Order and this First Final Stipulation and Order.

**NOW, THEREFORE,** the parties hereto hereby stipulate and agree to amend and supplement the Final Cash Collateral Order as follows:

1.   The following new paragraph is hereby added to the Final Cash Collateral Order following paragraph M on page 6 of the Final Cash Collateral Order:

>   N.   On October 30, 2007 this Court entered its *Order Pursuant to Sections 105, 363, 364, 365, and 503(b) of the Bankruptcy Code, and Rules 2002, 4001, 6004, 6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving (i) the Sale of the Debtors' Mortgage Servicing Business Free and Clear of Liens, Claims and Interests, (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (B) Granting Certain Related Relief* [D.I. 1711], attached to which is a copy of the Asset Purchase Agreement (the "APA") pursuant to which the Servicing Business is being sold.

2.   Paragraph 6 of the Final Cash Collateral Order is hereby amended and replaced in its entirety with the following new paragraph 6:

>   6.   As additional adequate protection and without prejudice to the right of any other party (but subject to the limitations thereon described below in paragraph 20), the Debtors shall pay indefeasibly in cash: (A) immediately upon entry of the Interim

DB02:6370527.1                                3                                066585.1001

Order and on the first business day of each week thereafter, to the Administrative Agent, for the ratable benefit of the Pre-Petition Secured Lenders, in permanent reduction of the outstanding principal amount of the Indebtedness, all amounts on deposit in the Collateral Agent Accounts, the Cash Collateral Accounts and the Construction Lock Box Account (other than amounts maintained in the Servicing Account) on each such date; (B) (x) following the entry of the Interim Order, to the Administrative Agent, for the benefit of the Pre-Petition Secured Parties, an amount equal to all incurred but unpaid usual and customary fees, expenses and costs of the Pre-Petition Secured Parties, including administrative or collateral fees, owing as of the Petition Date; and (y) the reasonable professional fees and expenses (including, but not limited to, the fees and disbursements of counsel, third-party consultants, including financial consultants, and auditors) incurred by the Administrative Agent under the Credit Agreement arising prior to the Petition Date; (C) (x) on September 5, 2007, in permanent reduction of Indebtedness, all Cash Collateral on hand in respect of the Servicing Business (including, without limitation, all funds in the Servicing Account) in excess of $10 million, (y) on October 24, 2007, in permanent reduction of Indebtedness, all Cash Collateral on hand in respect of the Servicing Business (including, without limitation, all funds in the Servicing Account) in excess of $5 million, and (z) on the Initial Closing Date (as defined in the APA), in permanent reduction of Indebtedness, all Cash Collateral on hand in respect of the Servicing Business (including, without limitation, all funds in the Servicing Account) other than an amount of Cash Collateral necessary to pay the disbursements set forth in the Budget that were properly and actually incurred prior to the Initial Closing Date pursuant to this Final Order (including any extensions or amendments hereof), which amount shall be acceptable to the Administrative Agent in its reasonable discretion with any disputes regarding such amount to be resolved by the Court (it being understood that notwithstanding anything to the contrary in this Final Order or elsewhere, the Administrative Agent and the Pre-Petition Secured Lenders shall not be obligated to fund any such disbursements from any source other than cash balances on hand from "Sources of Cash" set forth in the Budget); and (D) on a current basis, to the Administrative Agent, for the benefit of the Pre-Petition Secured Parties, (x) all incurred but unpaid usual and customary fees, expenses, and costs of the Pre-Petition Secured Parties, including administrative or collateral fees, arising subsequent to the Petition Date, and (y) the reasonable professional fees and expenses (including, but not limited to, the fees and disbursements of counsel, third-party consultants, including financial consultants, and auditors) incurred by the Administrative Agent under the Credit Agreement arising subsequent to the Petition Date. The payment of the fees, expenses and disbursements set forth in this paragraph 6 of the Final Order (including professional fees and expenses of Kaye Scholer LLP, Potter Anderson & Corroon LLP and any other professionals or advisors retained by or on behalf of the Administrative Agent) shall be made within ten (10) days after the receipt by the Debtors (the "Review Period") of invoices thereof (the "Invoiced Fees") (subject in all respects to applicable privilege or work product doctrines) and without the necessity of filing formal fee applications, including such amounts arising before and after the Petition Date; provided, however, that the Debtors, the United States Trustee and the Committee may preserve their right to dispute the payment of any portion of the Invoiced Fees (the "Disputed Invoiced Fees") if, within the Review Period, (i) the Debtors pay in full the Invoiced

Fees, including the Disputed Invoiced Fees; and (ii) the Debtors, the Committee or the United States Trustee file with the Court a motion or other pleading, on at least ten (10) days prior written notice to the Administrative Agent of any hearing on such motion or other pleading, setting forth the specific objections to the Disputed Invoiced Fees. The Collateral Agent is hereby authorized and directed to transfer all amounts on deposit in the Collateral Agent Accounts which constitute proceeds of the Pre-Petition Collateral or the Collateral to the Administrative Agent, for the ratable benefit of the Pre-Petition Secured Lenders, which amounts will be applied by the Administrative Agent in permanent reduction of the outstanding principal amount of the Indebtedness. Each of the Pre-Petition Secured Lenders is hereby authorized and directed to transfer all amounts on deposit with each such Pre-Petition Secured Lender which constitute proceeds of the Pre-Petition Collateral or the Collateral to the Administrative Agent, for the ratable benefit of the Pre-Petition Secured Lenders, which amounts will be applied by the Administrative Agent in permanent reduction of the outstanding principal amount of the Indebtedness. Any dispute regarding the amount to be transferred pursuant to the last two sentences of this paragraph 6 shall be resolved by the Court on at least ten (10) days prior written notice of any hearing to resolve such dispute.

3. Paragraph 11 of the Final Cash Collateral Order is hereby amended and replaced in its entirety with the following new paragraph 11:

11. The Debtors' use of the Collateral (including, without limitation, Cash Collateral) shall terminate (subject to any applicable notice requirements as set forth below) on the earliest to occur of (each such occurrence being hereinafter referred to as a "Termination Event"): (a) November 16, 2007 (the "Expiration Date"); (b) the dismissal of the Cases or the conversion of the Cases to cases under Chapter 7 of the Bankruptcy Code; (c) the entry by this Court of one or more orders granting relief from the automatic stay imposed by Section 362 of the Bankruptcy Code to any entity other than the Administrative Agent or the Pre-Petition Secured Parties without the written consent of the Administrative Agent (which consent may be withheld in its sole discretion) with respect to Pre-Petition Collateral or Collateral having an aggregate value in excess of $1,000,000; (d) the appointment or election of a trustee, examiner with expanded powers or any other representative with expanded powers; (e) the occurrence of the effective date or consummation date of a plan of reorganization for the Debtors; (f) the failure by the Debtors to make any payment required pursuant to the Interim Order or this Final Order (including any extensions or amendments hereof) when due; (g) the failure by the Debtors to deliver to the Administrative Agent any of the documents or other information required to be delivered pursuant to this Final Order (including any extensions or amendments hereof) when due or any such documents or other information shall contain a material misrepresentation; (h) the failure by the Debtors to observe or perform any of the material terms or material provisions contained herein; (i) the entry of an order of this Court approving the terms of any debtor-in-possession financing for any of the Debtors which creates any liens with respect to any of the Pre-Petition Collateral or the Collateral at any time or that allows any party to seek to enforce, directly or indirectly, an administrative or priority claim in respect thereto unless and until all of

the Indebtedness has been indefeasibly paid in full in cash; (j) the entry of an order of this Court reversing, staying, vacating or otherwise modifying in any material respect the terms of the Interim Order, this Final Order, the *First Interim Stipulation and Order Extending Limited Use of Cash Collateral Pursuant to the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral, (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001* or the *First Final Stipulation and Order Extending Limited Use of Cash Collateral Pursuant to the Final Order (I) Authorizing Debtors Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties* or (k) the occurrence of the Initial Closing Date (as defined in the APA). On and after the occurrence of (x) a Termination Event specified in Clauses (a), (b), (c), (d), (e), (f), (i), (j) and (k) above, the Debtors shall immediately cease using Cash Collateral and (y) any other Termination Event, on the earlier of the third business day after the date on which the Debtors receive written notice from the Administrative Agent of such Termination Event (if on that date such Termination Event remains uncured) and the date upon which an officer of the Debtors obtains knowledge of any such Termination Event, the Debtors shall immediately cease using Cash Collateral (in each case in (x) and (y) above, the date of such cessation being referred to as the "Termination Date"); provided, however, that the Administrative Agent may, absent further order of the Court, withdraw or direct the Collateral Agent to withdraw from the Existing Accounts and the Cash Collateral Accounts, free from any stay imposed or applicable pursuant to Sections 105 or 362 of the Bankruptcy Code, principal, fees and expenses payable to the Pre-Petition Secured Parties pursuant to paragraphs 5 and 6 of the Interim Order or this Final Order (including any extensions or amendments hereof) without further order of the Court following the Termination Date and apply the same to such obligations. Subject to further order of this Court, if any, and until the Indebtedness has been indefeasibly paid in full in cash, the Administrative Agent shall be entitled to receive all proceeds from the collection, sale, disposition or liquidation of the Collateral as set forth in this Final Order (including any extensions or amendments hereof) regardless of whether the Termination Date has occurred including, but not limited to (i) all collections of principal and interest on the Mortgage Loans and (ii) all collections of revenues, fees and other amounts due from the Servicing Business on account of any portion of the Collateral that does not constitute "Purchased Assets" under the APA (the "Non-Purchased Collateral"), with such collections to be paid at the same time as the payments to be made pursuant to the preceding clause (i); provided, however, that following the occurrence of the Initial Closing (as defined in the APA), the Debtors or the Purchaser, as the case may be, shall be entitled to retain a portion of the collections on account of (x) the Mortgage Loans and (y) the Non-Purchased Collateral, in each case in an amount sufficient to pay but not to exceed the servicing fees payable pursuant to Sections 6.2(f) and 6.10(f) of the APA. All notices set forth in this paragraph 11 shall be provided to the Debtors, the Committee and the United States Trustee. Following the occurrence of the Termination Date, the Debtors shall not have the right to use Cash Collateral without the prior written consent of the Administrative Agent; provided, however, that (i) the Debtors shall have the right to seek authority from this Court to use Cash Collateral thereafter on proper notice to the Pre-Petition Secured Parties which request the Pre-Petition Secured Parties shall have

the right to oppose and (ii) the Debtors may use Cash Collateral to pay the disbursements set forth in the Budget that were properly and actually incurred by the Debtors prior to the Termination Date.

4.  The Budget attached as Exhibit A to the Final Cash Collateral Order shall be replaced with the attached Exhibit B.

5.  The terms of the Final Cash Collateral Order except as modified hereby shall remain in full force and effect with respect to any use by the Debtors of the Collateral including, without limitation, Cash Collateral, for the periods both prior and subsequent to the entry by the Court of this First Final Stipulation and Order.

6.  This First Final Stipulation and Order may be executed in one or more counterparts, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same instrument. Facsimile versions of signatures hereto shall be deemed original signatures, which may be relied upon by any party and shall be binding on the respective signor.

7. This First Final Stipulation and Order shall be effective upon entry by the Court. In the event that the Court does not enter this First Final Stipulation and Order, the terms hereof shall be of no force or effect.

Dated: November 14, 2007
Wilmington, Delaware

/s/ _____
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for Debtors and
Debtors in Possession*

/s/ _____
POTTER ANDERSON & CORROON LLP
Laurie Selber Silverstein (No. 2396)
P. O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19899
Telephone: (302) 984-6000

and

KAYE SCHOLER LLP
Margot B. Schonholtz
Mark F. Liscio
Scott D. Talmadge
425 Park Avenue
New York, NY 10022
Telephone (212) 836-8000
Facsimile (212) 836-8689

*Counsel for Bank of America, N.A. as
Administrative Agent under that
certain Second Amended and Restated
Credit Agreement, dated as of August 10, 2006*

**SO ORDERED**
this 14 day of November, 2007

/s/ _____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge