| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF KERSHAW ) | 06-CP-28-259 |
| Robin Guertin and Timothy Guertin, Plaintiffs ) | |
| VS ) | AMENDED SUMMONS |
| Magnolia Bay Homes, LLC, Champion Home Builders Co., American Home Mortgage, Inc., Stephanie Gardner, Rick Ard, Brad Greenburg, Lewis Carter and Christie McGougan, Defendants ) | (Jury trial demanded) |

**TO THE DEFENDANTS ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED and required** to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the Complaint upon the Plaintiffs or their attorney, Jeffrey M. Tzerman, 304 Hampton Park, Camden, South Carolina, within thirty (30) days after the service hereof, exclusive of the day of such service. If you fail to Answer the Complaint within that time, the Plaintiffs will apply to the Court for the relief demanded in the Complaint.

July 10, 2007

Jeffrey M. Tzerman, Esquire
Attorney for the Plaintiffs
304 Hampton Park
Post Office Box 1317
Camden, South Carolina 29021
803-432-8459

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF KERSHAW ) <br> ) <br> Robin Guertin and ) <br> Timothy Guertin, ) <br>  Plaintiffs ) <br> VS ) <br> Magnolia Bay Homes, LLC, ) <br> Champion Home Builders Co., ) <br> American Home Mortgage, Inc., ) <br> Stephanie Gardner, Rick Ard, ) <br> Brad Greenburg, Lewis Carter, ) <br> and Christie McGougan ) <br>  Defendants ) <br> _____ ) | IN THE COURT OF COMMON PLEAS <br> 06-CP-28-259 <br><br> AMENDED <br> COMPLAINT <br><br> (jury trial demanded) |

The Plaintiffs, complaining of the Defendants, alleges:

1. The Plaintiffs are citizens and residents of Kershaw County, South Carolina.

2. Upon information and belief Magnolia Bay Homes, LLC is a South Carolina Corporation with its primary place of business in Kershaw County, South Carolina.

3. Upon information and belief Champion Home Builders Co. is a corporation of one (1) of the states other than South Carolina and currently and previously doing business within the state of South Carolina.

4. Upon information and belief American Home Mortgage, Inc. is a corporation of one (1) of the states other than South Carolina and currently and previously doing business within the state of South Carolina.

5. Upon information and belief Stephanie Gardner is a citizen and resident of Richland County, South Carolina.

6. Upon information and belief Rick Ard is a citizen and resident of Kershaw County, South Carolina.

7. Upon information and belief Brad Greenburg is a citizen and resident of the state of North Carolina.

8. Upon information and belief Lewis Carter is a citizen and resident of Richland County, South Carolina.

9. That, upon information and belief, Christie McGougan is a citizen and resident of Kershaw County, South Carolina.

10. That, upon information and belief and at all times hereinafter mentioned, Stephanie Gardner was an agent, servant or employee of American Home Mortgage, Inc.

11. That upon information and belief and at all times hereinafter mentioned, Rick Ard was an agent, servant or employee of Magnolia Bay Homes, LLC.

12. That upon information and belief at all times, hereinafter mentioned, Brad Greenburg was an agent, servant or employee of Magnolia Bay Homes, LLC.

13. That upon information and belief and at all times hereinafter mentioned Lewis Carter was an agent, servant or employee of Magnolia Bay Homes, LLC.

14. That, upon information and at all times hereinafter mentioned, Christie McGougan was an agent, servant or employee of Magnolia Bay Homes, LLC.

15. That at all times hereinafter mentioned, the Plaintiffs are the owners of a certain tract of land located in Kershaw County, South Carolina, and more particularly described as follows:

All of that certain piece, parcel or tract of land with the improvements thereon, situate lying and being in the County of Kershaw, State of South Carolina, being shown and designated as Lot Number Twenty (20) (containing 2.00 acres), upon a plat of

Woodstream Subdivision Phase II, prepared by Glenn Associates Land Surveying Company, Michael R. Mills, RLS 11606, dated August 16, 1996 and recorded in the Office of the Register of Deeds for Kershaw County in Plat Book A-56, Page 2 and 3. Also, see survey prepared by Thomas W. Broadway, for Timothy and Robin Guertin, dated 1/11/05 and to be recorded.

16. That on or about January 21, 2005 the Plaintiffs did execute a Note and Mortgage in favor of Mortgage Electronic Registration Systems as nominee for American Home Mortgage.

17. Upon information and belief National City Mortgage Co. is the current note and mortgage holder or servicer thereof and as such is subject to all claims of the Plaintiffs.

18. That on or about November 12, 2004 the Plaintiffs entered into a contract to purchase an on frame modular home from the Defendant Magnolia Bay Homes, said home being a Champion Model No. 23-3475 manufactured by the Defendant Champion Home Builders Co.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

19. The Plaintiff re-alleges each and every allegation of the Complaint as if fully repeated herein verbatim.

20. That the Plaintiffs entered into a contract with the Defendant Magnolia Bay Home, LLC for the purchase of an 'on frame modular home' for the purchase price of $140,000.00 and being Champion Model No. 23-3475. (Serial# 10315)

21. That the home delivered and constructed on the Plaintiffs' property is not the home contracted for and is deficient in the following particulars, to wit:

A. The pitch of the roof is a 3/12 and not a 5/12 or steeper.

B. The rafters are 2" by 3" instead of 2" by 6".

C. The eaves of overhangs are 8" instead of 12".

D. The roof is not vented.

E. The doors on all two (2) entrances are mobile home doors with extender door jambs to fit 2" by 3" wall exteriors.

F. Wall exteriors are 2" by 4" instead of 2" by 6".

G. Interior walls are 2" by 3" instead of 2" by 4".

H. Electrical receptacles are mobile home type and not mounted to any stud.

I. The living room, dining room, family room, and kitchen have sheet rock with mobile home trimming and the rest of the home has mobile home board cover with slots instead of being mud and taped.

J. Interior doors are mobile home doors with mobile home hinges.

K. The heating and air unit is a mobile home unit.

L. The cabinets are mobile home cabinets.

M. The oven is not vented.

N. The 220 plug for the dryer is as per a mobile home 220 outlet.

O. There is a serial number located in a cabinet.

P. Tongues are under the home to re-mobilize the mobile home.

Q. Dog ears are under the home to re-attach axles.

R. The home is on a steel frame for which there is no option at all to be able to be removed.

S. Black plastic covering installation.

T. There is no house wrap under vinyl in some areas.

22. That the home received from the Defendants is an inferior home and of lesser value and a breach of the contract entered.

23. As a direct and proximal result of the Defendants' conduct in breaching the contract, the Plaintiffs are informed and believe they have suffered actual damages in the amount of Fifty Thousand and no/100 ($50,000.00) dollars.

## FOR A SECOND CAUSE OF ACTION
### Consumer Protection Code Violation

24. The Plaintiffs re-allege each and every allegation of the Complaint.

25. That this cause of action is pursuant to Sections 37-10-101, et seq of the Consumer Protection Code of the South Carolina Code of Laws.

26. On or about October of 2004, the Plaintiffs owned a mobile home situated on two (2) acres of real estate which is above described and which the Plaintiffs were purchasing pursuant to a land sales contract.

27. At this time the Plaintiffs shopped for a larger home at the Defendant Magnolia Bay Homes, LLC.

28. The Plaintiffs looked at various homes and sought to qualify for a loan of nearly $100,000.00 through the Defendant American Home Mortgage and their loan officer Defendant Stephanie Gardner, who were recommended by the Defendant Magnolia Bay Homes LLC and its agents.

29. The original loan application and interview was conducted at the premises of the Defendant Magnolia Bay Homes, LLC on or about October 8, 2004.

30. Thereafter, the Defendants, while knowingly taking advantage of the Plaintiffs' inability to reasonably protect their interests, persuaded the Plaintiffs that they

needed a larger loan and to do this they would need to purchase a more expensive home, culminating in the entry of the aforementioned contract on November 12, 2004.

31. That the Defendants, at the time of the execution of the contract, knew that there was no reasonable probability of payment in full of the obligation of the Plaintiffs under the contract nor of re-payment of the loan of $149,561.00 that the Defendants persuaded the plaintiffs to seek.

32. Thereafter, in order to make the transaction work, the Defendants engaged in unconscionable conduct in order to further the transaction, to wit:

A. Failed to obtain the preference of the borrower as to the legal counsel to be employed to represent the debtor in all matters at least three (3) business days after the application;

B. Persuaded the Plaintiffs to move their current home from the premises set up at the mobile home park of one (1) of the principals of the Defendant Magnolia Bay Homes, LLC and enter into a one (1) year lease on a form provided by said Defendant, leasing the property to an employee of said Defendant for $400.00 per month and requiring no lot rent;

C. Thereafter, falsifying by switching out the first page of said written lease so it appeared that the Plaintiffs were receiving $800.00 per month rent;

D. Falsifying the Plaintiffs new loan application with the false lease information to make it appear the Plaintiffs' monthly income is larger;

E. In using a false and misleading appraisal which overstates the value of the home and lot in order to obtain loan approval;

F. Demanding that the closing take place in the hospital room of the Plaintiff,

Robin Guertin, where she was recovering from pneumonia;

G. In obtaining a contract addendum on the day of closing substantially increasing the contract price;

H. In knowingly taking advantage of the inability of the Plaintiffs to reasonably protect their interest by reason of physical and mental infirmities, ignorance and inability to understand the language of the agreement and similar factors.

I. In extending credit to the Plaintiffs, considering their current and expected income, current obligations and employment status, knowing or should having known that the Plaintiffs would be unable to make the scheduled payment on the obligation of the note and mortgage when due.

33. That as a direct and proximate result the Defendants have violated Section 32-10-105 of the consumer protection code and the Plaintiffs are informed and believe they are entitled to a penalty against the Defendants of not less than one thousand five hundred dollars, nor more than seven thousand five hundred dollars, and furthermore, do the unconscionable nature of the agreement and transaction, the Court should refuse to enforce the agreement in *toto*, or such terms that are unconscionable, all as prescribed in Section 32-10-105 ( c ) of the consumer protection code.

34. The Plaintiffs are informed and believe the Court should award to the Plaintiffs their costs of the action and to their attorney his reasonable fee.

## FOR A THIRD CAUSE OF ACTION
### (Unfair Trade Practice)

35. The Plaintiffs re-allege each and every allegation of the Complaint.

36. This cause of action is brought pursuant to Section 39-5-10 *et seq*, of the

South Carolina Unfair Trade Practices Act of the South Carolina Code.

37. That the activities of the Defendant herein are or should be deemed unfair methods of competition and unfair or deceptive acts or practices in the conduct of their trade or business and that said acts are likely to be repeated.

38. The Plaintiffs are informed and believe that as a direct and proximate result of the Defendants actions they have suffered actual damages.

39. The Plaintiffs are informed and believe the Defendants acted willfully or knowingly and that the Court should award three (3) times the actual damages sustained by the Plaintiffs.

40. The Plaintiffs are informed and believe they should be awarded their reasonable attorneys fee and court costs for this cause of action.

## FOR A FOURTH CAUSE OF ACTION
### (Fraud and Deceit)

41. The Plaintiffs re-allege each and every allegation of the Complaint.

42. In addition to the other representations made herein by the Defendants, the Defendant Magnolia Bay Homes, LLC through its named agents, servants and employees represented that the home they contracted for would appreciate in value because it was a modular home and not a manufactured (mobile) home and they held themselves out as knowledgeable and expert on this issue.

43. That the representation was material to the Plaintiffs, and that they had the right to rely on it and they did rely on it when entering the contract.

44. That the representation has proven false and the Defendants knew or should have known it was false and intended that the Plaintiffs rely on said

representation.

45. The Plaintiffs were ignorant of the falsity of the representation and relied on it to their detriment.

46. That, as a direct and proximate result of the fraud of the Defendants the Plaintiff suffered actual damages of Fifty Thousand and no/100 ($50,000.00) dollars, and punitive damages in an amount to be determined by the Court.

## FOR A FIFTH CAUSE OF ACTION
### (Conspiracy)

47. The Plaintiff re-alleges each and every allegation of the complaint as if fully repeated herein.

48. That the individual Defendants named herein acted in concert and conspired together to talk the Plaintiffs into entering the unconscionable contracted purchase and loan.

49. That as a direct and proximate result of the scheme and plan, the Defendants, other than the current note and mortgage holder, profited from their conspiracy to the detriment of the Plaintiffs.

50. That as a direct and proximate result of the Defendant's conduct, the Plaintiffs suffered actual damages in the amount of $50,000.00 and punitive damages in an amount to be determined by the Court.

**WHEREFORE**, the Plaintiffs pray that the Court inquire into the matters set forth herein and grant them judgment as follows:

A. For Fifty Thousand ($50,000.00) dollars, actual damages under the First Cause of Action;

B. For a penalty between One Thousand Five Hundred ($1,500.00) dollars and Seven Thousand Five Hundred ($7,500.00) dollars, together with voiding the unconscionable agreement and loan or such portions thereof as the Court deems unconscionable and attorney's fees and Court costs under the Second Cause of Action;

C. Actual and treble damages, together with attorneys fees and Court costs under the Third Cause of Action;

D. Actual damages of Fifty Thousand ($50,000.00) dollars and punitive damages in an amount to be determined by the Court under the Fourth Cause of Action.

E. Actual damages of Fifty Thousand ($50,000.00) dollars and punitive damages in an amount to be determined by the Court under the Fifth Cause of Action;

F. Remaining Court costs; and

G. Such other relief as the Court may deem just and proper.

____July 10____, 2006

_____
Jeffrey M. Tzerman, Esquire
Attorney for the Plaintiffs
304 Hampton Park
Post Office Box 1317
Camden, South Carolina 29020
803-432-8459