IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :   Jointly Administered
            Debtors.                                             :
                                                                 :   **Doc. Ref. Nos: 192 & 643**
                                                                 :
---------------------------------------------------------------- x   Objection Deadline: December 5, 2007 at
                                                                                         4:00 p.m.

## NOTICE OF FILING OF THE AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL ROSETTA HAYES

PLEASE TAKE NOTICE that, in accordance with the procedures set forth in the Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to Petition Date [Docket No. 643] (the "OCP Order"), the Debtors hereby file the attached ordinary course professional retention affidavit (the "Retention Affidavit") of Rosetta Hayes of Tri-County 1st Choice Realty (the "Ordinary Course Professional").

PLEASE TAKE FURTHER NOTICE that, objections to the Retention Affidavit, if any, must be filed in accordance with the OCP Order on or before December 5, 2007 at 4:00 p.m. (ET) (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Third Floor, Street, Wilmington, Delaware 19801.

PLEASE TAKE FURTHER NOTICE that, objections, if any, to the Retention Affidavit must also be served upon the following entities on or before the Objection Deadline: (i) the Office of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd.,

United States Trustee, (ii) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, counsel for the Committee; (iii) counsel to Bank of America N.A., as Administrative Agents under that certain and Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Debtors' pospetition lender, (v) the Securities and Exchange Commission; (vi) all other parties entitled to notice under Del. Bankr. LR 2002-1(b; (vii) counsel for the Debtors; and (viii) and the Ordinary Course Professional.

PLEASE TAKE FURTHER NOTICE that if the objection cannot be consensually resolved, then the objection shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing or such other date otherwise agreeable to the parties thereto.

PLEASE TAKE FURTHER NOTICE that if no objections are filed on or before the Objection Deadline, then **the Debtors shall be authorized to compensate professionals associated with the firm that submitted the Retention Affidavit after complying with the other procedures contained in the OCP Order.**

Dated: November 15, 2007
       Wilmington, Delaware

                           YOUNG CONAWAY STARGATT & TAYLOR, LLP

                           /s/ [signature]
                           James L. Patton, Jr. (No. 2202)
                           Joel A. Waite (No. 2925)
                           Pauline K. Morgan (No. 3650)
                           Sean M. Beach (No. 4070)
                           Matthew B. Lunn (No. 4119)
                           Margaret B. Whiteman (No. 4652)
                           The Brandywine Building
                           1000 West Street, 17th Floor
                           Wilmington, Delaware 19801
                           Telephone: (302) 571-6600
                           Facsimile: (302) 571-1253

                           Counsel for Debtors and Debtors in Possession

EXHIBIT A

RETENTION AFFIDAVIT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :   Jointly Administered
                       Debtors.                                  :
                                                                 :   Doc. Ref. Nos: 192 & 643
---------------------------------------------------------------- x

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF OHIO            )
                         ss:
COUNTY OF **FRANKLIN**   )

**ROSETTA HAYES**, being duly sworn, deposes and says:

1. I am a real estate agent with **TRI-COUNTY 1ST CHOICE REALTY**, which maintains offices at **1418 BRICE ROAD, REYNOLDSBURG, OHIO 43068**.

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about September 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3. Prior to the filing of the petitions which initiated the above-captioned cases, the I and/or the Firm have provided professional real estate brokerage services to the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Debtors. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4. The current rates for the brokerage services are UP TO SIX PERCENT (6%) OR A MINIMUM OF $2,000.00. Such rates are subject to increase consistent with the Firm's normal course of its business.

5. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm has identified the following connections:

**None**

6. The Firm may have performed real estate services in the past, may currently perform such services, and may perform such services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

7. To the extent that a selling agent is engaged in a real estate transaction, a percentage of the commission for the sale of such real estate may be shared with the selling agent in accordance with the applicable listing agreement with the Debtors and industry standards. Except with respect to the foregoing, neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

8. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents

any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9. Prior to the filing of the above-captioned bankruptcy cases, the Debtors engaged the real estate services of the Firm. **I WAS ENGAGED TO PROVIDE REAL ESTATE SERVICES.** The Debtors owe the Firm $ **7,875.00** for prepetition services. If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm *will* waive the pre-petition claim.

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

11. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___11/6___, 2007

_____
Affiant

Sworn to and subscribed before me
this ___6__ day of _November_, 2007

_____
Notary Public

CHESTER A. SHARP, JR.
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES JANUARY 5, 2009