**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) | Jointly Administered |
| *et. al.,* | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

| | | |
|---|---|---|
| CUTISHA CAUTHORNE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | **Objection Deadline: TBD** |
| AMERICAN HOME MORTGAGE CORP., | ) | **Hearing Date: TBD** |
| *et. al.,* | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**EMERGENCY MOTION**
**OF CUTISHA CAUTHORNE FOR AN ORDER FOR RELIEF FROM THE**
**AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**

Cutisha Cauthorne ("Movant"), party in interest herein, hereby moves the Court for an emergency order terminating or annulling the automatic stay, imposed in this case by § 362(a) of Title 11, United States Code, to permit Movant to initiate a complaint against Debtors in The Eastern District of Virginia before the statute of limitation runs on November 27, 2007, and in support of said Motion, respectfully represents to the Court as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

1.      Movant is seeking relief from the automatic stay to permit her to file a complaint in the United States District Court for the Eastern District of Virginia, Richmond Division,

against Debtor American Home Mortgage Corp., *et. al.*, ("Debtor").  The complaint Movant seeks to file stems from Debtor's participation in the violation of Movants rights under (1) the Consumer Protection Act, 15 U.S.C. §1601 et seq.; (2) the Truth in Lending Act - Regulation Z of the Federal Reserve Board, 12 C.F.R. Part 226; and (3) the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et seq..  Movant has been unable to initiate her suit against Debtor because of the automatic stay imposed in this action.  The statute of limitation for filing suit will run on November 27, 2007.

2.      Denying relief from stay will significantly prejudice Movant.  Debtor is a necessary and indispensable party to Movant's suit.


### BACKGROUND FACTS

3.      On or about August 18, 2006, Movant purchased a home, her principal dwelling, at 5417 Silver Maple Lane, Fredericksburg, Virginia (the "Property" (Fredericksburg is the mailing address; the Property is physically located in Spotsylvania County)).

4.      The financing for the purchase of the Property was provided by American Home Mortgage Corp. ("American Home"), for a loan to Movant in the amount of $409,850.00, secured by a first deed of trust on the Property. (the "Initial Loan").

5.      Movant became dissatisfied with the terms of the Initial Loan and on or about October, 2006, contacted an employee with Aggressive Mortgage Corp., a broker for American Home, ("Broker") regarding a refinance of the Initial Loan.

6.      On or about November 27, 2006, the refinance of the Initial Loan was scheduled for settlement, however, Movant declined to close the refinance due to a discrepancy in the loan

documents for the refinance.  The refinancing loan documents did not match the documents previously provided by the Broker during the application process.

7.      Closing was rescheduled for November 30, 2006, however, the documents presented by Broker on November 30, 2006, were dated November 27, 2006, shortening Movant's rescission period from three days to a few hours.

8.      Movant reluctantly proceeded with the refinance transaction on November 30, 2006.

9.      On November 30, 2006, prior to midnight, Movant faxed to Broker a notice of rescission, effectively rescinding the refinance transaction.

10.      On December 1, 2006, Movant was contacted numerous times by the Broker who demanded the cancellation of the rescission.

11.      On December 1, 2006, Movant requested a copy of the 60 Month Fixed Rate Truth in Lending document she had signed at the November 30, 2006, closing; a document that had been omitted from her copy of the loan documents.  Instead, Movant received a copy of a 20 Month Fixed Rate Truth in Lending document to which her alleged signature had been forged. A true and correct copy of the 20 Month Fixed Rate Truth In Lending document is attached as **Exhibit A** and incorporated herein by reference.

12.      On or about July 10, 2007, Movant had the 20 Month Fixed Rate Truth In Lending document examined by Katherine Mainolfi Koppenhaver, Certified Document Examiner, Board Certified by the Board of Forensic Document Examiners 2004, who concluded the following:

> "Based on the documents submitted, the evidence supports my opinion to a reasonable degree of scientific certainty that the signature of Cutisha Cauthorne that appears on the Questioned Document is not genuine."

A true and correct copy of the Katherine Mainolfi Koppenhaver's forensic report is attached hereto as **Exhibit B** and incorporated herein by reference.

13.     Movant has a complaint prepared to file against American Home Mortgage, Aggressive Mortgage Corp., First Choice Title & Settlement, LLC, Amy Porterfield (an employee of First Choice), and Kimberly Garnett (an employee of Aggressive Mortgage Corp.), jointly, severally and/or in the alternative, in the United States District Court for the Eastern District of Virginia, Richmond Division.  A copy of the draft of the complaint is attached hereto as **Exhibit C** and incorporated herein by reference.  (the "Federal Court Action").

14.     On or about August 6, 2007, American Home Mortgage Holdings, Inc., and its affiliates (collectively the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

15.     As a result of the Debtors' bankruptcy case, Movant is prevented from initiating the Federal Court Action due to the automatic stay provisions of section 362 of the Bankruptcy Code.

16.     The statute of limitations in the Federal Court Action will run on November 27, 2007.

### THERE IS CAUSE FOR THE COURT TO GRANT RELIEF FROM THE STAY

17.     Section 362(d)(1) of the Bankruptcy Code provides that the court shall grant relief from the automatic stay for "cause."  11 U.S.C. § 3269(d).  There is no rigid test for determining whether sufficient cause exists to modify an automatic stay.  American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines), 152 B.R. 420, 424 (D.Del. 1993).  Cause may be established by a single factor such as a desire to permit an action to proceed in another tribunal or the lack of any connection with or interference with the pending bankruptcy case.

Izzarelli v. Rexene (In re Rexene), 141 B.R. 574, 576 (Bankr.D.Del.1992); American Airlines, Inc., 152 B.R. at 426, ("Where neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay.") (emphasis added).

18.    In determining whether to grant relief from stay, courts generally consider three factors: (1) whether any great prejudice to either the bankrupt estate or the Debtor will result from continuation of the civil suit, (2) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the Debtor and (3) whether the creditor has a probability of prevailing on the merits.  American Airlines, 152 B.R. at 424; Izzarelli, 141 B.R. at 576; Save Power Ltd. v. Pursuit Athletic Footwear, Inc., (In re Pursuit Athletic Footwear), 193 B.R. 713, 718 (Bankr.D.Del 1996).

### A. LIFTING THE STAY WILL NOT PREJUDICE AMERICAN HOME OR THE BANKRUPT ESTATE

19.    American Home Mortgage Holdings, Inc., et. al., is a large corporation, operating on a nation-wide scale.  Because Movant's Federal Court Action concerns Debtor's alleged tortuous and negligent conduct, the action is presumably covered by Debtor's liability insurance. Thus, in the event of a ruling in favor of Cutisha Cauthorne in the Federal Court Action, the insurer, not Debtor, will be saddled with the burden and cost of defending the suit and any subsequent recovery.  See, Collier on Bankruptcy, 15th Ed. Revised, § 362.07[3][a][i] ("When the court is reasonably confident that the policy proceeds will be sufficient to satisfy all creditors with claims that may be paid under the policy, the court should grant relief from the stay to permit an action either against the Debtor, if necessary, or directly against the insurer.  Because the policy proceeds will be available only to creditors with the type of claims covered by the

policy, there is no depletion of assets...[m]oreover, the insurer will almost invariably be responsible for the cost of defense, so there should be no added expense for the estate.")

20.    In sum, the lack of any prejudice to Debtor or the estate supports Movant's request for relief from stay.


## B. THE HARDSHIP TO CUTISHA CAUTHORNE
## OUTWEIGHS ANY HARDSHIP TO DEBTOR

21.    Movant will be severely prejudiced if relief from stay is not granted.

22.    American Home is a necessary and indispensable party in the Federal Court Action, whose participation as a defendant is critical to Movant's presentation of her case. Overall, the prejudice to Cutisha Cauthorne from maintaining the stay considerably outweighs any possible prejudice to Debtor.


## C. CUTISHA CAUTHORNE WILL
## PREVAIL ON THE MERITS

23.    The facts set forth in Cutisha Cauthorne's complaint demonstrate the seriousness of her allegations and the substantial likelihood that she will prevail on the merits of her claim. (See, draft of Complaint attached hereto as **Exhibit C.**)

24.    Based on the foregoing, Movant has demonstrated a sufficiently strong possibility of prevailing on the merits to justify granting relief from the automatic stay.    (See, American Airlines, Inc., 152 B.R. at 426, ("Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay.")

## **CONCLUSION**

25.    Movant is entitled to relief from the automatic stay for the reasons stated herein. Movant's right to petition for redress of her grievances would not be adequately protected if the stay is to remain in full force and effect, in that Debtor will not be made to answer for its alleged tortuous and negligent acts.

**WHEREFORE**, Movant prays:

(1)  For an Order granting Movant relief from the automatic stay provisions of section 362 of the Bankruptcy Code;

(2)  For an Order permitting Movant to initiate the Federal Court Action to prosecute her cause of action against American Home Mortgage Corp., *et. al.*; and

(3)  For such other and further relief as is to the Court just and proper.


Dated: November 16, 2007                    */s/Daniel K. Hogan*
                                            Daniel K. Hogan (DE Bar #2814)
                                            THE HOGAN FIRM
                                            1311 Delaware Avenue
                                            Wilmington, Delaware 19806
                                            Telephone: 302-656-7540
                                            Facsimile: 302-656-7599
                                            E-Mail: dkhogan@dkhogan.com
                                            Attorney for Movants