IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1]<br><br>Debtors. | x | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered |
| Credit Suisse First Boston Mortgage Capital, LLC,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>American Home Mortgage Corp., American Home Mortgage Acceptance, Inc., American Home Mortgage Servicing, Inc., American Home Mortgage Investment Corp., and American Home Mortgage Holdings, Inc.,<br><br>Debtor-Defendants and Counterclaim Plaintiffs. | x | Adv. Proc. No. 07-51684 (CSS) |

**DEBTORS' MOTION PURSUANT TO DEL. L.R. 9006-1(e) FOR AN ORDER SHORTENING THE TIME FOR NOTICE FOR DEBTORS' MOTION PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 4001 AND 9019 FOR AN ORDER APPROVING AND AUTHORIZING GLOBAL SETTLEMENT AGREEMENT WITH CREDIT SUISSE FIRST BOSTON MORTGAGE CAPITAL LLC, CREDIT SUISSE SECURITIES (USA) LLC AND DLJ MORTGAGE CAPITAL INC.**

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby move (the "Motion to Shorten") this Court, pursuant to Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and section 102 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), for the entry of an order shortening the time for notice for Debtors Motion Pursuant to Sections 105 and 362 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9019 for an Order Approving and Authorizing the Global Settlement Agreement (the "Global Settlement Agreement") by and among the Debtors and Credit Suisse First Boston Mortgage Capital, LLC ("CS Mortgage"), Credit Suisse Securities (USA) LLC ("CS Securities"), and DLJ Mortgage Capital, Inc. ("DLJ" and, collectively with CS Mortgage and CS Securities, "CSFB") (the "Motion").[2] In support of the Motion to Shorten, the Debtors respectfully represent as follows:

1. Pursuant to Bankruptcy Rule 2002(a)(3), a motion to approve "a compromise or settlement of a controversy other than approval of an agreement pursuant to Rule 4001(d) requires at least twenty (20) days notice by mail." Fed. R. Bankr. Proc. 2002(a)(3). Further, Local Rule 9006-1(e) provides that such period may be shortened by Order of the Court upon written motion specifying the exigencies supporting shortened notice. See, Del. Bankr. L.R. 9006-1(e).

2. On or about August 6, 2007, CS Mortgage commenced the above-captioned Adversary Proceeding (the "Adversary Proceeding"), seeking, among other things, a declaratory judgment with respect to CS Mortgage's rights under that certain Master Repurchase Agreement among CS Mortgage, AHM Corp., AHM Acceptance, AHM Servicing, AHM Investment, and AHM Holdings, dated as of September 13, 2006.

---

[2] All capitalized terms used, but not defined herein, shall have the meanings given to them in the Motion.

3. On or about August 24, 2007, the Debtors filed a Motion for Order Under Bankruptcy Rule 2004 Directing Examination Of, and Production of Documents By, Certain Loan and Purported Repurchase Counterparties authorizing the examination of, and production of certain documents by, CSFB and other respondents.

4. On or about August 31, 2007, the Debtors filed their Answer and First Counterclaim, disputing the rights asserted by CS Mortgage in the Adversary Proceeding.

5. A trial in the Adversary Proceeding commenced on November 6, 2007. As represented to the Court on November 8, 2007, after extensive negotiations, the Debtors and CSFB reached a global resolution of their issues, evidenced in a term sheet of principal terms (the "Term Sheet") executed by the parties. The Debtors advised the Court that the Term Sheet obligates the Debtors to seek approval of the Motion on no more than five days' notice.[3] In response, the Court tentatively scheduled a hearing to consider the Motion for November 20, 2007 at 2:00 p.m. (ET). Since this time, the Court provided the alternative date of November 21, 2007 at 10:00 a.m. (ET).

6. The Debtors submit that there is sufficient cause to justify shortening the notice period for the hearing on approval of the relief requested in the Motion. The Global Settlement Agreement provides that the Debtors shall take all necessary steps to obtain approval of the Global Settlement Agreement under Fed. R. Bank. P. 9019 by no later than November 21, 2007. Thus, the Motion must be heard by November 21, 2007 in order to preserve the deal. Moreover, the approval of the Global Settlement Agreement is in the best interest of the Debtors, their estate and creditors for the multiple reasons set forth in detail in the Motion.

---

[3] [The Term Sheet requires the Debtors to file the Motion by November 14, 2007; however, the parties agreed to extended this date to November 16, 2007, which still provides five days notice prior to the hearing on the Motion scheduled on November 21, 2007.]

7.      Based on the foregoing, the Debtors submit that cause exists to justify shortening the notice period for the hearing on approval of the relief requested in the Motion. Accordingly, the Debtors request that a hearing on the relief requested in the Motion be scheduled for November 21, 2007 at 10:00 a.m. (ET), with objections due on or before 12:00 p.m. (ET) on November 20, 2007. In light of the shortened notice period, the Debtors will serve the Motions via overnight delivery, fax or email, on (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) Counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006 (the "<u>Administrative Agent</u>"); (iv) counsel to the DIP Lender; (v) counsel to the Plaintiffs; and (vi) all parties entitled to notice under Local Rule 2002-1(b).

8.      If the relief requested herein is granted, the Debtors will serve a copy of the order entered by the Court via overnight delivery, fax or email on (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) the Administrative Agent; (iv) counsel to the DIP Lender; (v) counsel to the Plaintiffs; and (vi) all parties entitled to notice under Local Rule 2002-1(b).

WHEREFORE, the Debtors respectfully request that the Court enter an Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: Wilmington, Delaware
November 16, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/*

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Robert S. Brady (No. 2847)
Erin Edwards (No. 4392)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :  Jointly Administered
            Debtors.                                             :
                                                                 :
---------------------------------------------------------------- x

---------------------------------------------------------------- x
Credit Suisse First Boston Mortgage Capital, LLC,                :
                                                                 :
            Plaintiff and                                        :
            Counterclaim Defendant,                              :
                                                                 :
v.                                                               :
                                                                 :
American Home Mortgage Corp., American Home Mortgage             :
Acceptance, Inc., American Home Mortgage Servicing, Inc.,        :
American Home Mortgage Investment Corp., and American            :  Adv. Proc. No. 07-51684 (CSS)
Home Mortgage Holdings, Inc.,                                    :
                                                                 :
            Debtor-Defendants and                                :
            Counterclaim Plaintiffs.                             :
---------------------------------------------------------------- x

**ORDER SHORTENING THE TIME FOR NOTICE FOR DEBTORS' MOTION PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 4001 AND 9019 FOR AN ORDER APPROVING AND AUTHORIZING THE GLOBAL SETTLEMENT AGREEMENT WITH CREDIT SUISSE FIRST BOSTON MORTGAGE CAPITAL LLC, CREDIT SUISSE SECURITIES (USA) LLC AND DLJ MORTGAGE CAPITAL INC.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Upon consideration of the motion (the "<u>Motion to Shorten</u>")[2] of the above captioned debtors and debtors-in-possession (the "<u>Debtors</u>") for entry of an order providing that the applicable notice period for the Motion be shortened pursuant to Local Rule 9006-1(e) and section 102 of the Bankruptcy Code; and the Court having determined that granting the relief requested in the Motion to Shorten is appropriate; and it appearing that due and adequate notice of the Motion to Shorten has been given under the circumstances, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion to Shorten is granted; and it is further

ORDERED, that the Motion shall be heard on November 21, 2007 at 10:00 a.m. (ET); and it is further

ORDERED, that objections to the relief requested in the Motion shall be filed and served no later than 12:00 p.m. (ET) on November 20, 2007; and it is further

ORDERED, that the Debtors, shall serve this order via overnight delivery, fax or email on (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) the Administrative Agent; (iv) counsel to the DIP Lender; (v) counsel to the Plaintiffs; and (vi) all parties entitled to notice under Local Rule 2002-1(b).; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
      November _____, 2007

                                                   Christopher S. Sontchi
                                                   United States Bankruptcy Judge

---

[2] Capitalized terms not defined herein shall have the meanings given to them in the Motion.

DB02:6370160.1                               066585.1001