IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 : Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                        :
                                                                       : Jointly Administered
     Debtors.                                                          :
---------------------------------------------------------------------- x

## FIRST APPLICATION OF CADWALADER, WICKERSHAM & TAFT LLP AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE INTERIM PERIOD AUGUST 6, 2007 THROUGH OCTOBER 31, 2007

| | |
|---|---|
| Name of Applicant: | Cadwalader, Wickersham & Taft LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective as of August 6, 2007 |
| Period for which compensation and reimbursement is sought: | August 6, 2007 through October 31, 2007 |
| Amount of Interim Compensation sought as actual, reasonable and necessary: | $807,207.50 |
| Amount of Interim Expense Reimbursement sought as actual, reasonable and necessary: | $37,279.54 |

This is an:  __X__ interim  ____ final application

This application includes no hours incurred in connection with the preparation of fee applications.

USActive 10894163.6

Prior fee applications:

|  |  | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| Date Filed / Docket No. | Period Covered | Fees | Expenses | Fees | Expenses |

## INTERIM COMPENSATION BY INDIVIDUAL

| Name of Professional Person | Title/Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|
| Gregory Markel | Partner/Litigation | 1973 | 900.00 | 29.10 | 26,190.00 |
| Mark Ellenberg | Partner/Financial Restructuring | 1975 | 900.00 | 0.50 | 450.00 |
| Charles Adelman | Partner/Tax | 1974 | 875.00 | 1.50 | 1,312.50 |
| David S. Miller | Partner/Tax | 1991 | 875.00 | 1.50 | 1,312.50 |
| Louis Bevilacqua | Partner/Corporate | 1978 | 875.00 | 204.40 | 178,850.00 |
| Bruce Hiler | Partner/Litigation | 1978 | 825.00 | 1.60 | 1,320.00 |
| Gregory Petrick | Partner/Financial Restructuring | 1983 | 825.00 | 60.00 | 49,500.00 |
| Ronit Setton | Partner/Litigation | 1993 | 725.00 | 3.40 | 2,465.00 |
| Douglas Koff | Partner/Litigation | 1995 | 685.00 | 75.80 | 51,923.00 |
| Robert Ughetta | Partner/Capital Markets | 1994 | 650.00 | 17.80 | 11,570.00 |
| Douglas Landy | Counsel/Funds, Reg., and Eq. Deriv. | 1994 | 690.00 | 8.00 | 5,520.00 |
| Mark Holdsworth | Counsel/Tax | 1995 | 640.00 | 5.00 | 3,200.00 |
| Nancy Eisner | Counsel/Litigation | 1981 | 585.00 | 2.00 | 1,170.00 |
| Deborah Piazza | Counsel/Financial Restructuring | 1997 | 555.00 | 49.50 | 27,472.50 |
| Joshua Weiss | Counsel/Litigation | 1997 | 555.00 | 25.70 | 14,263.50 |
| Matthew Weber | Counsel/Financial Restructuring | 1998 | 555.00 | 0.70 | 388.50 |
| Richard Nugent | Counsel/Tax | 1996 | 555.00 | 1.80 | 999.00 |
| Colman Welby | Associate/Capital Markets | 2000 | 550.00 | 3.20 | 1,760.00 |
| Gregory Zimmer | Associate/Litigation | 2000 | 550.00 | 72.80 | 40,040.00 |
| Ngoc Hulbig | Associate/Litigation | 2002 | 540.00 | 2.50 | 1,350.00 |
| Peter Isajiw | Associate/Litigation | 2003 | 525.00 | 84.50 | 44,362.50 |
| Albert Soler | Associate/Litigation | 2004 | 500.00 | 74.90 | 37,450.00 |
| Hanh Huynh | Associate/Financial Restructuring | 2005 | 500.00 | 9.10 | 4,550.00 |
| Jeffrey Weissmann | Associate/Corporate | 2004 | 500.00 | 266.50 | 133,250.00 |
| David Ward | Associate/Litigation | 2005 | 475.00 | 5.60 | 2,660.00 |
| David Flamholz | Associate/Litigation | 2007 | 355.00 | 89.60 | 31,808.00 |

| Name of Professional Person | Title/Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|
| Kaitlin Walsh | Associate/Financial Restructuring | 2007 | 355.00 | 0.90 | 319.50 |
| Kawezya Burris | Associate/Litigation | 2007 | 355.00 | 56.80 | 20,164.00 |
| Penny Williams | Associate/Corporate | 2007 | 355.00 | 232.50 | 82,537.50 |
| Ryan Blumel | Associate/Capital Markets | Departed From Firm | 355.00 | 6.80 | 2,414.00 |
| Doreen Cusumano | Paralegal/Financial Restructuring | N/A | 235.00 | 3.60 | 846.00 |
| Santina Uribe | Paralegal/Financial Restructuring | N/A | 205.00 | 1.00 | 205.00 |
| Stephen Bincarowsky | Paralegal/Litigation | N/A | 205.00 | 13.00 | 2,665.00 |
| Agnes Wysoczanski | Paralegal/Financial Restructuring | N/A | 185.00 | 1.70 | 314.50 |
| Vanessa Pagnani | Paralegal/Litigation | N/A | 170.00 | 4.00 | 680.00 |
| Jennifer Reynolds | Paralegal/Litigation | N/A | 150.00 | 61.60 | 9,240.00 |
| Katie Seno | Paralegal/Corporate | N/A | 150.00 | 11.30 | 1,695.00 |
| Lindsay Thomas | Paralegal/Litigation | N/A | 150.00 | 14.70 | 2,205.00 |
| Megan McMahon | Paralegal/Litigation | N/A | 150.00 | 42.40 | 6,360.00 |
| Jesse Raspler | Para Lit Support | N/A | 145.00 | 0.50 | 112.50 |
| David Moura | Managing Clerk | N/A | 175.00 | 12.10 | 2,117.50 |
| Josephine Gregorio | Other Timekeeper | N/A | 150.00 | 1.30 | 195.00 |
| **GRAND TOTAL:** | | | | 1561.2 | $807,207.50 |

## INTERIM COMPENSATION BY PROJECT CATEGORY

| Project Category | Project Code | Total Hours | Total Fees ($) |
|---|---|---|---|
| Administrative | AHM-A | 142.10 | 89,952.50 |
| SEC Investigation | AHM-S | 578.60 | 253,723.00 |
| Waterfield Investigation | AHM-W | 116.70 | 72,769.00 |
| Sale of Servicing Business | AHM-X | 705.50 | 381,707.00 |
| Non-Working Travel | B195 | 18.30 | 9,056.00 |
| **TOTALS** | | **1561.2** | **$807,207.50** |

## INTERIM EXPENSE SUMMARY

| Expenses Category | Total Expenses ($) |
|---|---:|
| Process Service | 3,036.65 |
| Copying | 3,348.35 |
| Outside Printing | 6,079.47 |
| Telephone | 305.35 |
| Online Research | 10,763.43 |
| Delivery Services/Messengers | 452.53 |
| Postage | 81.83 |
| Local Travel | 7,080.89 |
| Out Of Town Travel | 5,068.30 |
| Meals | 961.74 |
| Litigation Support Vendors | 101.00 |
| **TOTAL** | **$37,279.54** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------ x
In re:                                              :  Chapter 11
                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,              :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                     :
                                                    :  Jointly Administered
        Debtors.                                    :
------------------------------------------------------------------ x
```

## FIRST APPLICATION OF
## CADWALADER, WICKERSHAM & TAFT LLP
## AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION
## FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
## OF EXPENSES INCURRED FOR THE INTERIM PERIOD
## AUGUST 6, 2007 THROUGH OCTOBER 31, 2007

Pursuant to sections 330 and 331 of title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the law firm of Cadwalader, Wickersham & Taft LLP ("CWT") hereby moves this Court for reasonable compensation for professional legal services rendered as special counsel to American Home Mortgage Holdings, Inc., et al., the debtors and debtors in possession in the above-captioned cases (the "Debtors"), in the amount of $807,207.50 together with reimbursement for actual and necessary expenses incurred in the amount of $37,279.54, for the interim period August 6, 2007 through October 31, 2007 (the "Interim Fee Period"). In support of its application (the "Application"), CWT respectfully represents as follows:

1. CWT was employed under a general retainer to represent the Debtors as special counsel in connection with certain matters, effective as of August 6, 2007 (the "Petition Date"), pursuant to an Order entered by this Court on November 14, 2007 (the "Order," see Docket No. 2000). The Order authorized CWT to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses related to the following matters:

USActive 10894163.6

(i) from the Petition Date through September 26, 2007, non-bankruptcy transactional work with respect to the sale of the Debtors' servicing business;

(ii) non-bankruptcy transactional work with respect to the sale of a non-debtor bank entity;

(iii) from the Petition Date through September 3, 2007, representation of the Debtors in connection with the inquiry of the Securities and Exchange Commission; and

(iv) representation of the Debtors in a prepetition litigation entitled <u>American Home Mortgage Corp. v. Union Federal Bank of Indianapolis</u>, Case No. 06-CV-7864 (JGK) (RLE) (S.D.N.Y. filed Sept. 29, 2006).[2]

2. All services for which compensation is requested by CWT were performed for or on behalf of the Debtors.

## **COMPENSATION PREVIOUSLY PAID**

3. CWT was employed by the Debtors in the prepetition period in connection with various matters. On July 31, 2007, CWT received a retainer for its services in the amount of $2,000,000 (the "Retainer"). After applying the Retainer to CWT's prepetition fees and expenses, the balance of the Retainer was $1,080,899.46 as of the Petition Date. The balance of the Retainer will be applied to the postpetition fees and expenses sought in this Application.

## **SUMMARY OF SERVICES RENDERED**

4. Attached hereto as <u>Exhibit A</u> is a detailed statement of fees incurred during the Interim Fee Period, which shows total fees due in the amount of $807,207.50. Attached hereto as <u>Exhibit B</u> is a detailed statement of expenses paid during the Interim Fee Period, which shows total actual and necessary expenses in the amount of $37,279.54.

---

[2] On August 10, 2007, the Debtors filed an application with the Court (the "Employment Application") seeking entry of an order authorizing and approving the employment and retention of CWT as Special Counsel to the Debtors. <u>See</u> Docket No. 133. On November 14, 2007, the Court entered the Order, which granted the Employment Application in part; the Debtors' application to employ CWT in connection with the securities class action litigation matters referenced in paragraph 20(f) of the Employment Application is adjourned by the Order to a date to be determined by the Debtors, in consultation with the U.S. Trustee and the Official Committee of Unsecured Creditors, to coincide with the hearing on the Debtors' application to employ Allen & Overy LLP as special counsel with respect to the securities class action litigation.

USActive 10894163.6                    2

5. The services rendered by CWT during the Interim Fee Period are grouped into categories as set forth in Exhibit A. Specifically, the professional services rendered by CWT include:

(i) Drafting sale documentation and related ancillary documents to be reviewed and commented on by all bidders for the sale of the Debtors' servicing platform and servicing assets; conducting negotiations with stalking horse bidder and other interested parties;

(ii) Consulting with the Debtors with respect to an inquiry of the Securities and Exchange Commission and document production related thereto; meetings with the SEC; aiding in the transition of this work to successor counsel; and

(iii) Representing the Debtors in a prepetition litigation entitled <u>American Home Mortgage Corp. v. Union Federal Bank of Indianapolis</u>, Case No. 06-CV-7864 (JGK) (RLE) (S.D.N.Y. filed Sept. 29, 2006), which involved preparing for and presenting oral arguments in opposition to a motion to dismiss the complaint of AHM filed by Union Federal; conducting legal research on several issues in order to develop a strategy for prosecuting the litigation; conferring with counsel for Union Federal regarding scheduling and procedural matters and submitting correspondence to the District Court related thereto; drafting document requests and interrogatories; consulting with Debtor's bankruptcy counsel regarding Union Federal's motion for relief from the automatic stay for purposes of asserting counterclaims against AHM and to permit a third-party to intervene in the litigation.

6. The exhibits attached hereto identify the attorneys and paralegals who rendered services relating to each category, the number of hours expended by each individual and the total compensation sought for each category.

## COSTS AND EXPENSES

7. CWT has incurred out-of-pocket costs and expenses during the Interim Fee Period in the amount of $37,279.54. The expenses are broken down into categories of charges, including, among other things, managing attorney's charges, process service charges, photocopying charges, outside printing charges, telephone and telecopier charges, online research costs, delivery charges, postage charges, travel expenses, expenses for working meals and costs for litigation support vendors. A complete review by category of the expenses incurred for the Interim Fee Period may be found in Exhibit B.

8. Costs incurred for overtime and computer assisted research are not included in CWT's normal hourly billing rates and, therefore, are itemized and included in CWT's expenses. Pursuant to rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), CWT's rate for duplication is $.10 per page, its rate for outgoing telecopier transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming telecopier transmissions and there is no surcharge for computerized research.

## VALUATION OF SERVICES

9. Attorneys, paralegals and other professionals of CWT have expended a total of 1,561.20 hours in connection with this matter during the Interim Fee Period. The amount of time spent by each of these persons providing services to the Debtors for the Interim Fee Period is fully set forth in Exhibit A. These are CWT's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by CWT for the Interim Fee Period as special counsel for the Debtors and Debtors in Possession in these cases is $807,207.50.

10. CWT believes that this Application, the time entries included in Exhibit A attached hereto and the expense breakdown set forth in Exhibit B attached hereto are in compliance with the requirements of Local Rule 2016-2.

11. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested in this Application are fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

12. This Application covers the Interim Fee Period August 6, 2007 through October 31, 2007.

WHEREFORE, CWT respectfully requests that the Court enter an order allowing (i) compensation in the amount of $807,207.50 for necessary professional services rendered to the Debtors and Debtors in Possession during Interim Fee Period, and (ii) reimbursement of actual necessary costs and expenses incurred during the Interim Fee Period in the amount of $37,279.54, and (iii) such other and further relief as this Court may deem just and proper.

Dated: November 19, 2007
      Wilmington, Delaware

                              CADWALADER, WICKERSHAM & TAFT LLP

                              */s/ Gregory M. Petrick*
                              Gregory M. Petrick (GP 2175)
                              One World Financial Center
                              New York, New York 10281
                              Telephone: (212) 504-6000
                              Facsimile: (212) 504-6666

                              Special Counsel to the Debtors
                              and Debtors in Possession

## VERIFICATION

STATE OF DELAWARE   )
                    )   SS:
NEW CASTLE COUNTY   )

Gregory M. Petrick, Esquire, after being duly sworn according to law, deposes and says:

1. I am a Partner at the applicant firm, Cadwalader, Wickersham & Taft LLP.

2. I am admitted and in good standing as a member of the Bar of New York and the United States District Court for the Southern District of New York and I have been admitted pro hac vice in the above-captioned bankruptcy case of the Debtors pending in the United States Bankruptcy Court for the District of Delaware.

2. I have personally performed some of the legal services rendered by Cadwalader, Wickersham & Taft LLP, as special counsel to the Debtors, and I am familiar with all other work performed on behalf of the lawyers and paraprofessionals in the firm.

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

Respectfully Submitted,

/s/ Gregory M. Petrick
GREGORY M. PETRICK

SWORN TO AND SUBSCRIBED before me this 19th day of November 2007.

/s/ Agnes Wysoczanksi
Agnes Wysoczanksi
Notary Public, State of New York
No. 01WY6121473
Qualified in Richmond County
My Commission Expires January 18, 2009

USActive 10894163.6