IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x    Chapter 11
In re:                                                       :
                                                             :    Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                       :
HOLDINGS, INC., a Delaware corporation, et al.,              :    Jointly Administered
                                                             :
                                   Debtors.                  :    Ref. Docket Nos. 2065 and 2080
------------------------------------------------------------ x

**DEBTORS' RESPONSE TO MOTION TO SHORTEN NOTICE
AND PRELIMINARY OBJECTION TO EMERGENCY MOTION OF CUTISHA
CAUTHORNE FOR AN ORDER FOR RELIEF FROM THE AUTOMATIC STAY
UNDER SECTION 362 OF THE BANKRUPTCY CODE**

American Home Mortgage Holdings, Inc., a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[1] hereby file their response to the *Motion to Shorten Notice With Respect Thereto On the Motion of Cutisha Cauthorne for an Order for Relief From the Automatic Stay Under Section 362 of the Bankruptcy Code* [Docket No. 2080] (the "Motion to Shorten"), and preliminarily objection to the *Emergency Motion of Cutisha Cauthorne for an Order for Relief From the Automatic Stay Under Section 362 of the Bankruptcy Code* [Docket No. 2065] (the "Lift Stay Motion"), and request entry of an order either denying the Motion to Shorten, or in the alternative, deeming the proposed November 21,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

2007 hearing on the Lift Stay Motion a preliminary hearing. In support of this objection (the "Objection"), the Debtors respectfully represent as follows:

## BACKGROUND

### A. General Background

1. Prior to the filing of these bankruptcy cases, AHM's business primarily entailed the origination, servicing, and sale of mortgage loans, as well as investment in mortgage loans and mortgage-backed securities resulting from the securitizations of residential mortgage loans. AHM also invested in securitized mortgage loans originated by others and originated and sold mortgage loans to institutional investors. AHM offered an array of mortgage products and primarily made loans to borrowers with good credit profiles. Most of its portfolio consisted of securitized adjustable-rate mortgage (ARM) loans of prime and alternate A quality.

2. In the weeks prior to the Petition Date, an unprecedented disruption in the credit markets caused major write-downs of the Debtors' loan and security portfolios and consequently resulted in margin calls for hundreds of millions of dollars with respect to the Debtors' loans. During this time, certain of the Debtors' warehouse lenders began to exercise remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and threatening AHM's continued viability.

3. The Debtors' inability to originate loans and the exercise of remedies by certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the Debtors to discontinue their retail and indirect loan origination business. As a result, on August 3, 2007, the Debtors implemented a massive reduction in workforce, resulting in the termination of over 6,500 employees. The Debtors now employ or contract approximately 650 persons who

are absolutely essential to the Debtors' continued operations, although that number is expected to decline as various wind-up tasks are completed and the Debtors' remaining assets are sold.

4. In the wake of these events, the Debtors, assisted by counsel and professional advisors, sought alternative funding sources and capital infusions. Additionally, the Debtors engaged in efforts to sell their businesses and assets, including, but not limited to, loans owned by the Debtors, residual mortgage-backed securities in securitization trusts and "scratch and dent" loans, to financial and strategic investors.

5. Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed these chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets.

### B. Relevant Background

6. On November 16, 2007, Cautisha Cauthorne (the "Movant") filed the Lift Stay Motion. The notice (the "Notice") filed and served with the Lift Stay Motion simply provided that a hearing on the Motion would be held at the Court's convenience. *See* Notice.

7. The Movant seeks relief from the automatic stay so that she may file a complaint (the "Complaint") in the United States District Court for the Eastern District of Virginia, Richmond Division, against, among others, AHM Corp. As the basis for her Complaint, Movant alleges that AHM Corp. participated in the violation of certain of her rights under various federal regulations. *See* Motion at ¶ 1.

8. On November 19, 2007, the Movant filed the Motion to Shorten. Pursuant to the Motion to Shorten, the Movant requests that the Court consider the Lift Stay Motion at the

hearing scheduled for November 21, 2007 on another matter in these cases, with objections to be filed by November 20, 2007 at 12:00 noon (ET). *See* Motion to Shorten at p. 1.

## RELIEF REQUESTED AND BASIS THEREOF

9. By this Objection, the Debtors request that the Court enter an order either denying the Motion to Shorten, or in the alternative, deeming the proposed November 21, 2007 hearing on the Lift Stay Motion a preliminary hearing.

### A. The Motion to Shorten Should be Denied.

10. The sole reason that the Movant is seeking an expedited hearing with respect to the Lift Stay Motion is because Movant asserts that the statute of limitations to file the Complaint will expire on November 27, 2007. This premise is simply not accurate. As set forth in section 108(c) of the Bankruptcy Code:

> (c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. 108(c).

11. Accordingly, as set forth in section 108 of the Bankruptcy Code, the statute of limitations to file the Complaint cannot expire against any of the Debtors[2] while the

---

[2] Obviously, the automatic stay does not prevent the commencement of an action against any of the non-debtor parties identified in the draft complaint attached to the Lift Stay Motion.

4

automatic stay is in effect. Therefore, cause does not exist to grant the Motion to Shorten, because the Movant will suffer no prejudice if the Lift Stay Motion is considered by the Court at a later date.

**B.     In the Alternative, the November 21, 2007
        Hearing Should Be a Preliminary Hearing.**

12.     In the event the Court grants the relief sought in the Motion to Shorten, the Debtors submit that the relief should be limited so that the proposed November 21, 2007 hearing on the Lift Stay Motion is a preliminary hearing to consider scheduling issues.

13.     The Movant asserts that the Debtors will not be prejudiced by the filing of the Complaint, and that the balance of harms weighs in favor of lifting the automatic stay provisions of section 362 of the Bankruptcy Code. The Debtors strongly disagree.

14.     Initially, having received the Lift Stay Motion only five (5) calendar days prior to the proposed hearing date, the Debtors have not had sufficient time to evaluate the facts asserted by the Movant in the Motion. Further, allowing the Movant to commence a lawsuit and to prosecute her alleged claim to judgment at this point in the bankruptcy cases will result in significant prejudice to the Debtors. The Debtors filed for chapter 11 protection in order to preserve and liquidate their assets so as to obtain maximum value for the benefit of their creditors. The automatic stay is essential to this process; without it, the Debtors' management and professionals would be tied up in litigation with individual creditors such as the Movant, rather than focusing on preserving the value of their remaining assets while sales of such assets are planned and consummated. *See In re W.R. Grace & Co.*, Case No. 01-01139 (JKF), 2007 Bankr. LEXIS 1214, *10 (Bankr. D. Del. Apr. 13, 2007) (denying relief from stay to pursue litigation that would be "a distraction from the reorganization process").

15. Moreover, the Movant has failed to present sufficient evidence that demonstrates lifting the stay is essential to prevent her from sustaining irreparable injury and to preserve her right to seek legal remedies against AHM Corp. As set forth above, the statute of limitations to file the Complaint will not expire except as set forth in section 108 of the Bankruptcy Code. Therefore, continuation of the automatic stay at this point, will not prejudice the Movant. Any judgment the Movant might obtain against AHM Corp. would be a prepetition "claim" payable only through a plan of liquidation. If the stay is continued, the Movant will remain free to file a proof of claim, and the validity and amount of her claim will be determined during the claim reconciliation process of these bankruptcy cases.[3] Subjecting the Movant's legal claims to the bankruptcy process does not amount to denying her legal remedies, and does afford her relief.

## RESERVATION OF RIGHTS

16. The Debtors expressly reserve the right to amend, modify, or supplement this Objection, to seek authority to file a reply to any response thereto, and to file additional objections to the relief sought in the Lift Stay Motion based upon additional information that they may obtain.

---

[3] The Court has entered an Order [Docket No. 1708] in these cases establishing that any entity holding a prepetition claim against the Debtors must a proof of claim on or before January 11, 2008 (the "Bar Date"). To the extent the Movant has not received notice of the Bar Date, notice is hereby given by this Objection, and the Movant is directed to review the procedures for filing a proof of claim set forth in the Bar Date notice [Docket No. 1802].

WHEREFORE, the Debtors respectfully request that the Court enter an order denying the Motion to Shorten, or in the alternative, deeming the November 21, 2007 hearing on the Lift Stay Motion a preliminary hearing, and granting such other and further relief as is just and proper.

Dated: Wilmington, Delaware
November 20, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession