IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., et al.,<br><br>              Debtors. | Chapter 11<br>Case No. 07-11047-CSS, et seq.<br>(jointly administered)<br><br>**Objections due by: December 5. 2007, 4:00 p.m.**<br>**Hearing Date: December 12. 2007 at 10:00 a.m.** |

## MOTION OF FORUM CREDIT UNION FOR RELIEF
## FROM AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

Forum Credit Union ("Movant"), by its undersigned counsel, files this motion for relief

from the automatic stay to exercise its non-bankruptcy rights with respect to each parcel of real

property listed on **Exhibit A** hereto (each a "Property," and collectively, the "Properties") and, as

grounds therefor, states as follows:

1.       This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C.

§ 1409(a).  The statutory basis for the relief requested in this motion is 11 U.S.C. §§ 362 and 105.

2.       On April 2, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc.

and certain of its affiliates (the "Debtors") filed a voluntary petition for relief under Chapter 11 of

the United States Bankruptcy Code.  Since the Petition Date, the Debtors have managed their affairs

as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.       At various times, Viki J. Holland and Christopher T. Holland (the "Obligors")

executed promissory notes in the respective[1] principal amounts described in that exhibit (each a

---

[1] As used in connection with terms identified on Exhibit A hereto, "respective" means appearing on the same row of the table.

"Note," and collectively, the "Notes").  In addition, each of the Notes provides for the recovery of attorneys' fees, late charges, and other costs.

4.     To secure the repayment of the sums due under the Notes, the Obligors executed and delivered a mortgage, deed of trust, or comparable instrument of security on the Property (each a "Mortgage," and collectively, the "Mortgages").  Each of the Mortgages was recorded among the land records in the state and county in which the respective Property is situated.[2]

5.     To the extent Movant was not the original obligee in connection with any of the Properties, the Mortgages and Notes were later transferred to Movant, and Movant is the present holder of the Mortgages and Notes.

6.     Review of the title to the Properties shows that the Debtor may hold a lien on each of the Properties junior to the Mortgages by virtue of the following:

(i)     A judgment entered on October 23, 2007 in the Marion County, Indiana Superior Court No. 2 in favor of the Debtor against the Obligors in the amount of $65,328.07 in a case styled as *American Home Mortgage Services, Inc. vs. Vicki Holland,* Case No. 49D02-0705-MF-21355.

(ii)    A judgment entered on August 14, 2007 in the Marion County, Indiana Superior Court No. 11 in favor of the Debtor against the Obligors in the amount of $66,758.31 in a case styled as *American Home Mortgage Services, Inc. vs. Vicki Holland,* Case No. 49D11-0705-MF-21668.

(iii)   A judgment entered on August 16, 2007 in the Marion County, Indiana Superior Court No. 5 in favor of the Debtor against the Obligors in the amount of $74,588.22 in a case styled as *American Home Mortgage Services, Inc. vs. Christopher Holland,* Case No. 49D05-0705-MF-21445.

Under the law of the state and county in which each respective Property is situated, the Judgment may have become a lien on the Properties collectively in the amount of the Judgment and continue to accrue interest.

7.      The Obligors are now in default under the respective Notes, and Movant seeks to exercise its non-bankruptcy rights and remedies with respect to the Notes, including but not limited to enforcement of its rights against the respective Mortgages.

8.      According to Movant's records, the amount owed under each of the respective Mortgages is set forth in the column of Exhibit A entitled "Current Payoff."

9.      According to the opinion of a broker qualified to sell real property in the region in which each Property is located, or a certified real estate appraiser, each Property is worth approximately the amount set forth in the column of Exhibit A entitled "Current Value," before deducting costs of sale, broker's fees, and other fees that might be incurred in the liquidation of the Property.

10.     Because its junior liens described in ¶ 6 above are subordinate to the Mortgages, the Debtor has no equity in the Properties.

11.     Because the Debtor's junior liens add little or no value to the Debtor's bankruptcy estate, the Properties are not necessary for the Debtor's reorganization.

12.     Because the Debtor has no equity in the Properties and the Properties are not necessary for an effective reorganization, relief from the automatic stay is appropriate under § 362(d)(2) of the Bankruptcy Code to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgages.

13.     Moreover, upon information and belief, the value of each Property is decreasing, or not increasing at the same rate as the Obligor's indebtedness under the respective Note is increasing.  Therefore, Movant's interest in each of the Mortgages is not adequately protected.

---

[2] In some instances, a particular Property may be listed on the exhibit more than once.  In such instances, Movant holds more than one Mortgage on the same Property, both of which are senior to the mortgage or lien asserted by the Debtor.

14.     Movant does not know whether the Properties, including but not limited to Movant's interest in the Mortgages, are properly insured.   Therefore, Movant's interest in the Mortgages is not adequately protected.

15.     Movant does not know whether the Obligors are properly maintaining the physical premises of the Properties.   Therefore, Movant's interest in the Mortgages is not adequately protected.

16.     A continued stay of Movant's action against the Obligors and the Properties will cause Movant significant prejudice.

17.     Therefore, cause exists to terminate the automatic stay to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgages pursuant to § 362(d)(1) of the Bankruptcy Code.

18.     Movant believes that this motion will be unopposed or granted upon consensual terms.   A stay of any order granting this motion would, in such instance, be inappropriate. Therefore, Movant is seeking relief from the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

19.     Copies of this motion and notice hereof have been served upon the Debtor, counsel for the Debtor, counsel for the Committee, counsel for the United States Trustee, and counsel for Mortgage Electronic Registration Systems.   In light of the extremely high volume of similar motions being filed in this case and the fact that the parties most likely to seek a position with respect to this motion are receiving notice, Movant believes that limiting notice to these parties is appropriate and requests that the Court consider the merits of this motion accordingly.

WHEREFORE, for the foregoing reasons, Movant respectfully requests that this Court enter an Order terminating the automatic stay and allowing Movant to exercise its non-bankruptcy rights

and remedies as to each of the Properties, including but not limited to foreclosure of each of the

Mortgages, and granting such other and further relief as this court deems just and proper.

Dated: November 21, 2007                    Respectfully submitted,
        Wilmington, Delaware
                                            DRAPER & GOLDBERG, PLLC


                                             /s/ Adam Hiller
                                            Adam Hiller (DE No. 4105)
                                            1500 North French Street, 2nd Floor
                                            Wilmington, Delaware 19801
                                            (302) 339-8776 telephone
                                            (302) 213-0043 facsimile

                                            and

                                            Thomas D.H. Barnett (DE No. 994)
                                            Draper & Goldberg, PLLC
                                            P.O. Box 947
                                            512 East Market Street
                                            Georgetown, Delaware 19947

                                            *Attorneys for Movant*