**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------------X

| | |
|---|---|
| **In re:** | Chapter 11 |
| **American Home Mortgage Holdings, Inc.,** | Case No. 07-11047 (CSS) |
| **A Delaware Corporation, et al.,** | |
| | Objection Deadline: |
| Debtors. | Nov. 21, 2007 at 4:00 p.m. |
| | Hearing: Nov. 28, 2007, 10:00 a.m. |

------------------------------------------------------------------X

## OBJECTION OF KAREN C. GOWINS TO THE EXECUTIVE INCENTIVE PLAN

Karen C. Gowins, by and through her undersigned counsel, hereby objects to the Debtor's November 8, 2007 Motion for an "Order Authorizing Payment of Incentive Pay to Senior Management" (Docket # 1885) and in support thereof states as follows:

1. Ms. Gowins is a Senior Vice President at American Home Mortgage ("American" or the "Debtor") and serves as the Director of Construction Lending. In her role at American, Ms. Gowins created and managed the very successful Construction Loan Portfolio and Construction Loan Platform, which is currently for sale and is on the Court's November 28, 2007 agenda. Her duties place her in charge of the Construction Loan Portfolio and she serves as the head of the Construction Loan Platform.

2. Upon information and belief, Ms. Gowins is a member of Senior Management at American and a proposed recipient of incentive pay under the above proposed Executive Incentive Plan ("EIP"). Further, as an employee owed significant sums of money for American's failure to pay Ms. Gowins her monthly profitability bonus pre- and post-petition, Ms. Gowins is, *inter alia*, an unsecured creditor. Ms. Gowins filed a Proof of Claim on October 25, 2007.

**Background**

3. Despite her repeated requests, Ms. Gowins has not been paid the amounts due her under her Employment Agreement. Attached as Exhibit A is a fully signed copy of her "Employment Agreement" ("Employment Agreement") with American.

4. Attached as Exhibit B is a copy of her Proof of Claim for the unpaid amounts owed to her by American. This Proof of Claim was current as of October 24, 2007 and the amount has subsequently increased.

5. Attached as Exhibit C is a report entitled Construction Lending P & L Snapshot ("Snapshot"), which is the basis for the calculation of my monthly profitability bonus from American. This Snapshot was current as of October 24, 2007 and the amount has subsequently increased.

6. Further, the numbers reflected in the Snapshot post-bankruptcy filing reflect Ms. Gowins's understanding of the numbers, but she has been unable at this time to determine the exact amounts owed in the absence of a review of the books and records. Ms. Gowins has made repeated requests, both oral and in writing, for the final numbers, which has been repeatedly been ignored by American. In order to calculate the final monthly profitability bonus for July through the present, the following data must be confirmed or provided by American's Accounting Department: the cost of funds; interest expense; revenue (borrower points); variable origination expense; and direct expense and facilities allocation.

7. Request was made to American for payment of the statutory amount allowed for pre-petition wages owed, as well as post-petition administrative expenses.

8. Upon information and belief, this amount owed was not included in the financial documents provided to potential purchasers of the Construction Loan Portfolio and Construction Loan Platform.

9. Upon information and belief, American conducted an investigation of Ms. Gowins claims as stated in her Proof of Claim and does not dispute any of the facts laid out in the Proof of Claim.

**Basis for Objection**

10. As part of the EIP, any recipient of the proposed EIP payment is required to release any and all claims against American.

11. Others, who perhaps are owed nothing by American, may benefit from the EIP and be incentivized from the "found money."

12. However, as stated above and described in further detail in the attached exhibits, Ms. Gowins has significant claims against the Debtor for the Debtor's failure to pay her monthly profitability bonus both prior to and after the filing of the Debtors' bankruptcy petition. At present, her claims total at least $250,000. *See, e.g.* the Proof of Claim filed by Ms. Gowins on October 25, 2007, attached as Exhibit B, which listed the then-amount owed of $247,332.

13. As noted above, there has been no denial from the Debtor that she is owed this amount.

14. There has been no justification from the Debtor why Ms. Gowins was not paid these amounts prior to the filing of the petition, or afterward.

15. Subsequent to the filing and objection, senior executives at the Debtor and Kroll confirmed the accuracy of the facts stated in Ms. Gowins' Proof of Claim. Further, the basis for the claimed monetary amounts have been substantiated. Yet, the money remains unpaid.

16. Given the significant sum owed, with a significant portion of the amount owed as an unpaid administrative expense in addition to the owed pre-petition amount, there is no benefit to Ms. Gowins to release her claims in order to receive a significantly lower amount as an EIP.

17. If the basis of the EIP is to provide an incentive for Ms. Gowins to perform her duties in a way to maximize the estate of the Debtor, the offer of a small percentage less than the full amount owed fails to provide an incentive for her to stay with the Debtor, let alone perform her duties well and in such a way as described in the Debtor's motion.

18. It is difficult to understand how an incentive can be created while taking away via a contractual waiver something that is indisputably owed to Ms. Gowins.

19. What would be an incentive is to require American to pay Ms. Gowins on a monthly basis, as required, and for American to provide the relevant financial information to allow for a timely calculation of her monthly profitability bonus.

20. A further objection is that no basis for the incentive payments is specified in the EIP.

21. As for others who are allegedly a part of Senior Management, it is virtually impossible for anyone to evaluate the possible benefits because significant information has not been provided, namely the identity of the others and the amounts each other person is due to receive under the EIP.

22. As part of the objection of Ms. Gowins, the Court should require public disclosure of all names listed in Exhibit A ("Participant List") and the amounts listed in Exhibit C ("Minimum Plan Pool Payment Allocations") to Exhibit 1 of the Debtors' Motion for an Order Authorizing Payment of Incentive Pay to Senior Management Pursuant to Sections 105(a), 363(b)(1) and 503(c)(3) of the Bankruptcy Code.

23. The Bankruptcy Codes provides for open records. 11 U.S.C §107 ("Public Access to Papers-Except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge").

24. As noted by Justice Louis Brandeis, "sunshine is the best disinfectant." Louis D. Brandeis, *Other People's Money* 902 (1914).

25. Upon information and belief, nothing in the list of names is secret, confidential, scandalous or defamatory within the meaning of the statute or Bankruptcy Rule.

26. The filing under seal only serves to hide what each senior manager will receive and openness will invite scrutiny as to how the EIP amounts were determined and what, if anything, the recipients will be required to waive in order to receive the EIP payments.

27. Further, even if the dollar amounts and recipients were disclosed, one cannot objectively determine how each payment was determined and how and why that payment would provide an incentive to each of the individual retained employees. For example, in Ms. Gowins' case, and despite her inclusion in the EIP, there is no incentive because the offered amount is but a small percentage of what she is owed by American, both in comparison to the previously owed amount and on an ongoing basis as an administrative expense. In the absence of any explanation for the Court and any interested party to review, and the provision of a reasonable incentive for the retained employees (including but not limited to Ms. Gowins), the Court should not approve the EIP at this time.

28. The Court should deny Debtors' request to maintain the filing under seal.

29. The Court should extend the period of time for submission of objections after the two exhibits are publicly filed with the Court.

30. Even if the Debtors' withdraw the instant motion, the exhibits should be publicly available.

31. For example, Ms. Gowins is the second most senior female executive at AHM and the most senior female in the Construction Loan Portfolio. She created and managed the very successful Construction Loan Portfolio and Construction Loan Platform and is the person most intimately knowledgeable and familiar with the business and any opportunities to maximize the performance and economic benefit of the portfolio. Yet, upon information and belief, the EIP provides for only 2% of the EIP minimum amount, or $77,350. Given her undisputed claim, the amount is insulting.

32. Ms. Gowins brings significant value to the Debtor, including but not limited to bringing in $1 million into the estate and recapturing other amounts for secured creditors.

33. As noted, the EIP amounts to Ms. Gowins does not even cover the amount owed post-petition as an administrative expense, which means that even from the outset, Gowins would receive less than the amount she is otherwise entitled to receive. It makes no sense to waive such a claim and there may be others for whom there really is no incentive under the EIP.

34. In addition, Ms. Gowins requests that the Court waive paragraph 4(d) of the Employment Agreement, which requires that:

> Notwithstanding anything to the contrary, the Executive [Ms. Gowins] will not be entitled to any unpaid Monthly Profitability Bonus if she ceases to be employed by the Company, for any reason, prior to the Company paying such bonus, and any potential bonus will be forfeited.

It is unfair to Ms. Gowins that she be required to stay at American while being denied her monthly payments. Upon information and belief, one can reasonably believe that the goal of American is to get Ms. Gowins to quit or otherwise leave in the hope that the

payment will then not be required, which will then excuse AHM's errors. This is simply inappropriate.

35. Ms. Gowins reserves the right to amend this Objection.

Dated: November 21, 2007

                              Respectfully submitted,

                              /s/ David L. Finger
                              David L. Finger (DE Bar ID #2556)
                              Finger & Slanina, LLC
                              One Commerce Center
                              1201 Orange Street, Suite 725
                              Wilmington, DE  19801-1155
                              (302) 884-6755

                                 -   and –

                              Steven S. Landis, P.C.
                              Attorney at Law
                              485 Madison Avenue, 15th Floor
                              New York, NY  10022
                              (212) 308-5035

                              Attorneys for Karen C. Gowins

...

## **CERTIFICATE OF SERVICE**

I, David L. Finger, hereby certify that on this 21st day of November, 2007, I caused a copy of the foregoing **OBJECTION OF KAREN C. GOWINS TO THE EXECUTIVE INCENTIVE PLAN** to be served via e-mail and CM/ECF on the below-listed counsel:

Alan Horn, Esq.
American Home Mortgage Holdings, Inc.,
alan.horn@americanhm.com

M. Blake Cleary, Esq.
Young Conaway Stargatt & Taylor LLP
mbcleary@ycst.com

Mark Indelicato, Esq.
Hahn & Hessen, Esq.
mindelicato@hahnhessen.com

Laurie Selber Silverstein, Esq.
Potter Anderson & Corroon
lsilverstein@potteranderson.com

Margot B. Schonholtz, Esq.
Kaye Scholer, LLP
mschonholtz@kayescholer.com

Corinne Ball, Esq.
Jones Day
cball@jonesday.com

Victoria Counihan, Esq.
Greenberg Traurig
counihanv@gtlaw.com

Gregory A. Bray, Esq.
Hadley & McCloy LLP
gbray@milbank.com

Mark D. Collins, Esq.
Richards Layton & Finger
collins@rlf.com

Adam G. Landis, Esq.
Landis Rath & Cobb, LLP
landis@lrclaw.com

U.S. Trustee
USTPREGION03.WL.ECF@USDOJ.GOV

*/s/ David L. Finger*
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE  19801-1155
(302) 884-6766