IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:

AMERICAN HOME MORTGAGE HOLDINGS, INC.,
a Delaware corporation, et al.,

        Debtors.

---

Credit Suisse First Boston Mortgage Capital, LLC,

        Plaintiff and
        Counterclaim Defendant,

v.

American Home Mortgage Corp., American Home Mortgage Acceptance, Inc., American Home Mortgage Servicing, Inc., American Home Mortgage Investment Corp., and American Home Mortgage Holdings, Inc.,

        Debtor-Defendants and
        Counterclaim Plaintiffs.

---

Chapter 11

Case No. 07-11047 (CSS)

Jointly Administered

Adv. Proc. No. 07-51684 (CSS)

REFERENCE DOCKET NO. 2074 (07-11047)
68 (07-51684)

---

## ORDER PURSUANT TO BANKRUPTCY RULE 9019 APPROVING GLOBAL SETTLEMENT AGREEMENT WITH CREDIT SUISSE FIRST BOSTON MORTGAGE CAPITAL LLC, CREDIT SUISSE SECURITIES (USA) LLC AND DLJ MORTGAGE CAPITAL INC.

Upon the motion, dated November 16, 2007 (the "Motion")[1], of American Home Mortgage Holdings, Inc., and its direct and indirect subsidiaries and affiliates, as debtors and debtors in possession (collectively, "Debtors") pursuant to Rules 9019 and

---

[1] Any capitalized terms not defined herein shall have the meanings ascribed in the Motion.

4001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code") for approval of a settlement pursuant to the terms of the Global Settlement Agreement, dated November 16, 2007 (the "Global Settlement Agreement"), between and among Credit Suisse First Boston Mortgage Capital LLC ("CS Mortgage"), Credit Suisse Securities (USA) LLC ("CS Securities"), and DLJ Mortgage Capital Inc. ("DLJ" and, collectively with CS Mortgage and CS Securities, "CSFB") and the Debtors, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

    ORDERED, that the Motion is granted; and it is further

    ORDERED, that, pursuant to Bankruptcy Rule 9019, the Global Settlement, in the form attached hereto as Exhibit A, is approved; and it is further

ORDERED, that the Global Settlement Agreement was entered into following good-faith, arm's-length negotiations between the Debtors, the Official Committee of Unsecured Creditors, and CSFB and the compromise and settlement reflected in the Global Settlement Agreement is in the best interests of the Debtors, their estates and creditors and all other parties in interest and falls within the range of reasonableness; and it is further

ORDERED, that the Debtors are authorized and directed to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate and fully execute the Global Settlement Agreement; and it is further

ORDERED, that CSFB is authorized to setoff of the Securities Cash Collateral against its claims under the Securities Repurchase Agreement as contemplated by section 2.1 of the Global Settlement Agreement; and it is further

ORDERED, that the Rule 2004 Motion is hereby dismissed with prejudice; and it is further

ORDERED, that this Adversary Proceeding is hereby dismissed with prejudice; and it is further

ORDERED, that due and proper notice of the Motion having been provided, and no other or further notice need be provided; and it is further

DB02:6370160.1    066585.1001

ORDERED, that this Court shall retain jurisdiction to hear any and all disputes arising out of the interpretation or enforcement of this Order.

Dated: Wilmington, Delaware
November 21, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

DB02:6370160.1    066585.1001