UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **IN RE:** | ) | **Chapter 11** |
| | ) | |
| **AMERICAN HOME MORTGAGE** | ) | **Case No. 07-11047 (CSS)** |
| **HOLDINGS, INC.,** *et al.*, | ) | |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | **Related to Docket Nos. 11, 674, 823, 865,** |
| | | **937, 1046 and 1711** |

## NOTICE OF CURE AMOUNT DUE SECURITY CONNECTIONS, INC.

Security Connections, Inc. ("SCI"), by and through its undersigned counsel, hereby files

this notice of cure amount (the "Notice") pursuant to paragraph 33 of the Order Pursuant to

Sections 105, 363, 364, 365, and 503(b) of the Bankruptcy Code, and Rules 2002, 4001, 6004,

6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving (i) the

Sale of the Debtors' Mortgage Servicing Business Free and Clear of Liens, Claims and Interests;

(ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases

Related Thereto, and (B) Granting Certain Related Relief [Docket No. 1711] (the "Sale Order"),

as follows:

1.    On August 6, 2007, the Debtors filed voluntary petitions for relief under chapter

11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.    The Debtors have continued in possession of their respective properties and have

continued to operate their businesses as debtors in possession pursuant to Sections 1107(a) and

1108 of the Bankruptcy Code.

3.    Debtor American Home Mortgage Servicing, Inc. ("AHMS") and SCI are parties

to a Processing Agreement (the "Agreement") dated August 1, 2005, pursuant to which SCI

provides processing services to process releases and/or satisfactions for residential real estate

loans serviced by AHMS and certain permanent records storage services,[1] all as more fully detailed in the Agreement.

4.    SCI invoices AHMS monthly for services (the "Services") provided by SCI during the previous month, plus each month SCI issues AHMS an invoice for approximately $130,000, representing the estimated recording fees and third-party expenses to be incurred by SCI the following month.

5.    The Debtors filed the Emergency Motion of the Debtors for Orders: (A)(i) Approving Sale Procedures; (ii) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Serving Business; (iii) Approving Form and Manner of Notice Thereof; and (iv) Granting Related Relief; and (B)(i) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing and Approving Purchase Agreement Thereto; (iii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (iv) Granting Related Relief [Docket No. 11] and the subsequent Motion of the Debtors for Order Pursuant to Sections 105(a), 363, 364, 365, and 503(b) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, 6006, 7062, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing that Certain Notices of Such Sale and Deadline Be Given; and (D) Authorizing, on an Interim Basis, the Debtors to Grant Certain Liens and Other Protections for the Purchaser's Collateral Effective After the Initial Closing [Docket No. 865] (collectively the "Sale Motion").

---

[1]    The permanent records storage services are provided by SCI's sister company SCI Records Storage, LLC.

6.      By the Sale Motion, the Debtors sought, *inter alia*, to sell their Servicing Business and to assume and assign certain executory contracts and leases used in connection with that business to AH Mortgage Acquisition Co.

7.      The Debtors have identified the Agreement as an executory contract to be assumed and assigned as part of the proposed sale of the Servicing Business.

8.      On September 20, 2007, SCI filed the Objection of Security Connections, Inc. to Debtors' Modified Notice of (I) Possible Assumption and Assignment of Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any [Docket No. 823] (the "Cure Claim Objection").

9.      On October 2, 2007, SCI filed the Limited Objection of Security Connections, Inc. to Debtors' Sale Motion [Docket No. 1046] (collectively with the Cure Claim Objection as the "Sale Objections").

10.     On October 30, 2007, the Court entered the Sale Order. SCI's Sale Objections were resolved by, *inter alia*, the addition of paragraph 59 to the Sale Order.

11.     SCI's cure claim is identified on the exhibits to the Cure Escrow Agreement in the amount of $140,344.14 and SCI is a Certain Objector as that term is defined in the Sale Order.

12.     As of November 6, 2007, and after effectuating the Asserted $140,344.14 Recoupment as defined in the Sale Order, the amount due to SCI for Services under the Agreement is $62,976.85 as detailed on the spreadsheet attached hereto as Exhibit "A" and incorporated by reference herein. In the unlikely event that someone were to successfully challenge SCI's Asserted $140,344.14 Recoupment, then SCI's cure claim will be $203,320.99.

13.    Accordingly, the correct amount to be included in the Cure Escrow for SCI's cure claim and/or setoff claim is **$203,320.99**.

14.    The foregoing cure amount does not include the cost of Services rendered by SCI to the Debtors in November, which will be invoiced by SCI in late November or early December (the "November Services Invoice"). To the extent that the Debtors fail to timely pay the November Services Invoice, or any invoices issued thereafter, then such amounts must be added to SCI's cure claim.

Mark Minuti (No. 2659)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899
(302) 421-6840
(302) 421-5873 (Fax)

Attorneys for Security Connections, Inc.

Dated:  November 21, 2007