**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------x
In re:                                    :
                                          :
                                          :        Chapter 11
AMERICAN HOME MORTGAGE                     :
HOLDINGS, INC., a Delaware corporation, et al.,  :   Case No. 07-11047 (CSS)
                                          :
                                          :        Jointly Administered
                     Debtors.             :
-----------------------------------------------------------x
```

**FIRST MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER &
HEDGES LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL
TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE
<u>PERIOD FROM AUGUST 10, 2007 THROUGH AUGUST 31, 2007</u>**

| | |
|---|---|
| Name of applicant: | <u>Quinn Emanuel Urquhart Oliver & Hedges, LLP</u> |
| Authorized to provide professional services to: | <u>Debtors</u> |
| Date of retention: | <u>September 13, 2007 (nunc pro tunc to August 10, 2007)</u> |
| Period for which compensation and reimbursement is sought: | <u>August 10 - August 31, 2007</u> |
| Amount of compensation requested: | <u>$217,865.00</u> |
| Amount of expense reimbursement requested: | <u>$1,404.26</u> |

This is an:____X____ interim _____ final application.

This is the first monthly fee application filed by Quinn Emanuel Urquhart Oliver & Hedges LLP
in these cases.

**ATTACHMENT TO FIRST MONTHLY FEE APPLICATION OF
QUINN EMANUEL URQUHART OLIVER & HEDGES LLP:  SPECIAL INVESTIGATORY,
LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS.**

| NAME | POSITION; EXPERIENCE | HOURLY RATE | TOTAL HOURS | TOTAL COMPENSATION |
|------|---------------------|-------------|-------------|--------------------|
| Richard A. Schirtzer | Partner for 17 years; admitted in 1985. | $875 | 10.2 | $8,925.00 |
| Susheel Kirpalani | Bankruptcy Partner for 6 years; admitted in 1995. | $760 | 158 | $120,080.00 |
| James Tecce | Of Counsel for 10 months; admitted in 1995. | $605 | 49.5 | $29,947.50 |
| Priya Sopori | Associate for 6 years; admitted in 2000 | $425 | 76.5 | $32,512.50 |
| Carlos Rodriguez | Associate for 2 years; admitted in 2006 | $375 | 65.7 | $24,637.50 |
| Grace Yoon | Paralegal | $235 | 7.5 | $1,762.50 |
| TOTAL | | **$592.99 (BLENDED RATE)** [1] | **367.4 HOURS** | **$217,865.00** |

---

[1]   The blended rate excluding paraprofessionals is $600.45 per hour.

**SUMMARY TABLE OF SERVICES RENDERED DURING**
**FIRST MONTHLY FEE PERIOD**
**(AUGUST 10, 2007 TO AUGUST 31, 2007)**

| ACTIVITY | HOURS | FEES |
|---|---|---|
| Court Hearings | 17.6 | $11,276.00 |
| Insurance Issues | 3.8 | $2,888.00 |
| Lender Claims | 184.2 | $101,297.50 |
| Recharacterization | 144.3 | $89,879.00 |
| Rule 2004 Investigations | 10.2 | $7,395.00 |
| Servicing Platform Issues | 7.3 | $5,129.50 |
| **TOTAL** | **367.4** | **$217,865.00** |

**SUMMARY BY CATEGORY TYPE OF DISBURSEMENTS BILLED**
**(AUGUST 10, 2007 THROUGH AUGUST 31, 2007)**

| DISBURSEMENTS | AMOUNT |
|---|---|
| Computer Database Research | $1,362.46 |
| Document Reproduction | $26.80 |
| Photocopies/Printing | $15.00 |
| **TOTAL DISBURSEMENTS** | **$1,404.26** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------x
In re:                                                    :
                                                          :
                                                          :    Chapter 11
                                                          :
AMERICAN HOME MORTGAGE                                     :
HOLDINGS, INC., a Delaware corporation, <u>et</u> <u>al.</u>,  :    Case No. 07-11047 (CSS)
                                                          :
                                                          :    Jointly Administered
                                Debtors.                  :
------------------------------------------------------------x    **Objection Deadline:  December 12, 2007**

**FIRST MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER &**
**HEDGES LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL**
**TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES**
**RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE**
<u>**PERIOD FROM AUGUST 10, 2007 THROUGH AUGUST 31, 2007**</u>

Quinn, Emanuel, Urquhart, Oliver & Hedges LLP ("**<u>Quinn Emanuel</u>**"), special

investigatory, litigation and conflicts counsel to American Home Mortgage Holdings, Inc., a

Delaware Corporation, and its affiliated debtors and debtors-in-possession in the above-

captioned cases (collectively, the "**<u>Debtors</u>**" or "**<u>American Home</u>**"), hereby submits its

application (the "**<u>Application</u>**") to this Court pursuant to sections 330 and 331 of chapter 11 of

title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "**<u>Bankruptcy</u>**

**<u>Code</u>**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**<u>Bankruptcy Rules</u>**"),

Local Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure For United States

Bankruptcy Court For the District of Delaware ("**<u>Local Rule No. 2016-2</u>**"), for an order (i)

allowing compensation of $217,865.00 for actual, reasonable and necessary professional services

rendered, and reimbursement of $1,404.26 for actual, reasonable and necessary expenses

incurred, during the period from August 10, 2007 through August 31, 2007 (the "**<u>First Monthly</u>**

**Fee Period**"), and (ii) authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $175,696.26, which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of expense reimbursement, and represents as follows:

## I.    INTRODUCTION

### A.    Background

1.    <u>Bankruptcy Filing</u>.  On August 6, 2007, (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    <u>Jurisdiction</u>.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases and this Application is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Local Rule No. 2016-2.  This Application is made pursuant to the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant To Sections 331 and 105(a) of the Bankruptcy Code (the "**Compensation Order**"), entered on September 3, 2007 by this Court.

### B.    Retention Of Quinn Emanuel And Billing History

3.    On September 13, 2007, the Court authorized Quinn Emanuel's retention as special investigatory, litigation and conflicts counsel to American Home <u>nunc</u> <u>pro</u> <u>tunc</u> to August 10, 2007, pursuant to the Order Pursuant to Section 327(a) of The Bankruptcy Code and Bankruptcy Rule 2014(a) Approving the Retention of Quinn, Emanuel Urquhart Oliver &

Hedges, LLP, <u>Nunc</u> <u>Pro</u> <u>Tunc</u>, as Special Investigatory, Litigation and Conflicts Counsel for the

Debtors (Docket No. 741) (the "**Retention Order**").  The Retention Order authorized Quinn

Emanuel to be compensated pursuant to the procedures set forth in the Bankruptcy Code, the

Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court, including the

Compensation Order.

    4.  This Application is Quinn Emanuel's first monthly application for

approval and allowance of compensation. Quinn Emanuel makes this monthly application for

approval and allowance of compensation pursuant to section 331 of the Bankruptcy Code and the

Compensation Order.  No prior application has been made to this or any other court for the relief

requested herein, nor has payment been received by Quinn Emanuel for legal services provided

to and on behalf of the Debtors, or for out-of-pocket expenses incurred in connection therewith.

    5.  Quinn Emanuel has not entered into any agreement, express or implied,

with any other party for the purpose of fixing or sharing fees or other compensation to be paid

for professional services rendered in these cases.

    6.  No promises have been received by Quinn Emanuel or any member

thereof as to compensation in connection with these cases other than in accordance with the

provisions of the Bankruptcy Code.

## II.  CASE STATUS

    7.  As of the date hereof, no disclosure statements or plans of reorganization

have been filed in respect of the Debtors.

## III.  APPLICATION

    8.  By this Application, Quinn Emanuel is seeking (a) allowance of

reasonable compensation for actual and necessary professional services rendered by Quinn

Emanuel, as special investigatory, litigation, and conflicts counsel for the Debtors, during the First Monthly Fee Period, and (b) reimbursement of actual, reasonable and necessary expenses incurred by Quinn Emanuel in connection with such services during the First Monthly Fee Period.

9.     Specifically, Quinn Emanuel seeks approval of the sum of $217,865.00 for actual, reasonable and necessary legal services rendered on behalf of the Debtors during the First Monthly Fee Period, and $1,404.26 for reimbursement of actual, reasonable and necessary expenses incurred in connection with the rendition of such services.  The fees sought by the Application reflect an aggregate of 367.4 hours of attorney and paraprofessional time spent and recorded in performing services for the Debtors during the First Monthly Fee Period, at a blended average hourly rate of $592.99 for both professionals and paraprofessionals.  The blended hourly rate for professionals only is $600.45.

10.     Quinn Emanuel rendered to the Debtors all services for which compensation is sought solely in connection with these cases, in furtherance of the duties and functions of the Debtors.

11.     Quinn Emanuel maintains written records of the time expended in the rendition of the professional services required by the Debtors.  These records are maintained in the ordinary course of Quinn Emanuel's practice.  For the convenience of the Court and parties in interest, attached hereto as part of the cover sheet, is a billing summary for the First Monthly Fee Period, setting forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate of the time expended by each such attorney and paraprofessional, the hourly billing rate for each such attorney and paraprofessional at Quinn Emanuel's current billing rates, and an indication of the

individual amounts requested as part of the total amount of compensation requested.  Also set

forth in the billing summary is additional information indicating whether each attorney is a

partner or associate, and how many years each attorney has held such position.  The

compensation requested by Quinn Emanuel is based on the customary compensation charged by

comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

    12.    Attached hereto as Exhibit "A" are time entry records broken down in

tenths of an hour by project category, in accordance with the U.S. Trustee Guidelines, setting

forth a detailed description of services performed by each attorney and paraprofessional on

behalf of the Debtors.

    13.    Quinn Emanuel also maintains records of all actual and necessary

expenses incurred in connection with the performance of professional services, a summary of

which also is attached hereto as part of the cover sheet.  The summary lists the amounts and

categories of expenses for which reimbursement is sought, a breakdown of expenses by project

category and an itemization of each expense within each category.  Attached hereto as Exhibit

"B" is a summary of the expenses, including the date the expense was incurred and the charge.

## IV.    SUMMARY OF PROFESSIONAL SERVICES RENDERED

    14.    To provide an orderly and meaningful summary of the services rendered

on behalf of the Debtors by Quinn Emanuel, in accordance with the U.S. Trustee Guidelines,

Quinn Emanuel has established the following separate project billing categories in connection

with these cases:

    a)  Bank/Thrift Issues
    b)  Cash Collateral and DIP Financing
    c)  Case Management/Calendar Maintenance/Service of
    d)  Class Actions
    e)  Court Hearings
    f)  Creditor Inquiries

g) Employee Issues
h) Fee Application Preparation/Fee Issues
i) Government Issues/Investigations
j) Insurance Issues
k) Lender Claims
l) Meetings
m) Non-Working Travel (Only 50% Requested)
n) Other Conflicts
o) Plan and Disclosure Statement
p) Recharacterization
q) Retention of Professionals
r) Rule 2004 Investigations
s) Servicing Platform Issues
t) Stay Relief Matters
u) Travel Time

15.    The following summary is intended only to highlight a number of the services rendered by Quinn Emanuel in the separate project billing categories where Quinn Emanuel expended a considerable number of hours on behalf of the Debtors.  It is not meant to be a detailed description of all of the work performed by Quinn Emanuel during the First Monthly Fee Period.  Detailed descriptions of the day-to-day services provided by Quinn Emanuel and the time expended performing such services in each project billing category are fully set forth in Exhibit "A" hereto.  Such detailed descriptions show that Quinn Emanuel was heavily involved in the performance of services for the Debtors on a daily basis, including night and weekend work, often under extreme time pressure to meet the needs of the Debtors in these cases.

A.    **Court Hearings**:  (Total Hours:  17.6; Total Fees:  $11,276.00)

16.    During the First Monthly Fee Period, Quinn Emanuel, among other things, prepared for and attended court hearings on August 16 and August 17 related to an adversary proceeding commenced by one of the Debtors' warehouse lenders (Credit Suisse First Boston Mortgage Capital LLC) seeking expedited, injunctive relief.

B.    **Lender Claims**:  (Total Hours: 184.2; Total Fees: $101,297.50)

17.    Having been retained as special investigatory and litigation counsel to the

Debtors, one of Quinn Emanuel's principal tasks is to review and analyze the myriad transactions

among the Debtors and their various lenders.  In addition to warehouse financing arrangments,

the Debtors also were party to a number of ISDA "swap" agreements with various financial

institutions.  Quinn Emanuel attorneys dedicated time during the First Monthly Fee Period

reviewing and analyzing various financial relationships and agreements with these institutions,

with an eye toward identifying the Debtors' claims (if any) and rights under these agreements.

D.    **Recharacterization**:  (Total Hours:  144.3; Total Fees:  $89,979.00)

18.    Prior to the Petition Date, the Debtors were party to various financing

agreements with warehouse lenders, including Calyon New York Branch, Credit Suisse First

Boston Mortgage Capital LLC, Bear Stearns Mortgage Capital Corporation and others.  Often,

these financing agreements took the purported form of "repurchase agreements" (e.g., with

Calyon, Credit Suisse and Bear Stearns) which allegedly are entitled to safe harbor protection

under section 559 of the Bankruptcy Code.  Indeed, each of these three institutions initiated

adversary proceedings in August 2007 seeking emergency relief directing the Debtors to turn

over certain servicing files and documents.  During the First Monthly Fee Period, Quinn

Emanuel's attorneys dedicated considerable time researching those safe harbor provisions (and

the possible recharacterization of these agreements as disguised financings).  Quinn Emanuel

attorneys also dedicated time during this period to responding to Credit Suisse's applications for

injunctive relief, which included preparing for and attending an expedited hearing on August 16

and 17 with respect to Credit Suisse's application for an order directing the Debtors to turn over

those servicing files.  Ultimately, each of these adversary proceedings were scheduled for

disposition on an expedited basis -- with expedited discovery and trial -- through September,

October, and November 2007.

## V.      FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

19.     The factors to be considered in awarding attorneys fees have been

enumerated in In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir.

1977), cert. denied, 431 U.S. 904, which standards have been adopted by most courts.  See, e.g.,

In re Lan Assoc., 192 F.3d 109, 123 n.8 (3d Cir. 1999) (suggesting that First Colonial factors

apply to § 330 compensation requests).  Quinn Emanuel respectfully submits that a consideration

of these factors should result in this Court's allowance of the full compensation sought.

(1)     The Time and Labor Required.  The professional services rendered by Quinn
        Emanuel on behalf of the Debtors have required the continuous expenditure of
        substantial time and effort, under time pressures which sometimes required the
        performance of services late into the evening and, on a number of occasions, over
        weekends. The services rendered required a high degree of professional
        competence and expertise in order to be administered with skill and dispatch.

(2)     The Novelty and Difficulty of Questions.  Novel and complex issues have already
        arisen in the course of the Chapter 11 Cases, and it can be anticipated that other
        such issues will be encountered.  In these cases, as in many others in which the
        firm is involved, Quinn Emanuel's effective advocacy and creative approach to
        problem solving have helped clarify and resolve difficult issues and will continue
        to prove beneficial.

(3)     The Skill Requisite to Perform the Legal Services Properly.  Quinn Emanuel
        believes that its recognized expertise in the area of bankruptcy related litigation
        and its practical approach to the resolution of issues are contributing to
        maximizing the size of the Debtors' estate.

(4)     The Preclusion of Other Employment by Applicant Due to Acceptance of the
        Case.  The matters in which Quinn Emanuel's bankruptcy litigation practice group
        are involved need attention on a continuous basis and require several of Quinn
        Emanuel's attorneys to commit significant portions of their time to these cases.

(5)     The Customary Fee.  The compensation sought herein is based upon Quinn
        Emanuel's normal hourly rates for services of this kind. Quinn Emanuel
        respectfully submits that the compensation sought herein is not unusual given the

magnitude and complexity of these cases and the time dedicated to the representation of the Debtors. Such compensation is commensurate with fees charged by other attorneys of comparable experience.

(6)     Whether the Fee is Fixed or Contingent. Quinn Emanuel charges customary hourly rates for the time expended by its attorneys and paraprofessionals in representing the Debtors and Quinn Emanuel's fee is not outcome dependent. Pursuant to sections 330 and 331 of the Bankruptcy Code, all fees sought by professionals retained under section 327 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court, and are subject to adjustment by the Court depending upon the services rendered and the results obtained.

(7)     Time Limitation Imposed by Client or Other Circumstances. As stated above, Quinn Emanuel has been required to attend to various issues as they have arisen in these cases. Occasionally, Quinn Emanuel has had to perform those services under significant time constraints requiring attorneys and paraprofessionals assigned to these cases to work evenings and on weekends.

(8)     The Amount Involved and Results Obtained. Through the efforts of Quinn Emanuel, the Debtors are poised to initiate actions against Third Parties and maximize value for the Debtors' estates.

(9)     The Experience, Reputation and Ability of the Attorneys. Quinn Emanuel's attorneys involved in this representation have played a major role in numerous complex restructurings including, for example, the chapter 11 cases of Refco Inc., Enron Corp., et al., Safety-Kleen Corp., et al., and Adelphia Communications Corp., et al. Quinn Emanuel's experience enables it to perform the services described herein competently and expeditiously.

(10)    The "Undesirability" of the Case. These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of Quinn Emanuel's attorneys.

(11)    Nature and Length of Professional Relationship. Quinn Emanuel was selected as the Debtors special investigatory, litigation and conflicts counsel shortly after the Petition Date, on August 10, 2007, and was retained nunc pro tunc to that date pursuant to an order of this Court dated September 13, 2007.

## VI.    ALLOWANCE OF COMPENSATION

20.    The professional services rendered by Quinn Emanuel have required a

high degree of professional competence and expertise so that the numerous issues requiring

evaluation and action by the Debtors could be addressed with skill and dispatch. It is

respectfully submitted that the services rendered to the Debtors were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' estates.

21.    The allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> Any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331.  This Court has authorized the filing of this Application in the Compensation Order.

22.    With respect to the level of compensation, section 330(a)(1) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person: "reasonable compensation for actual, necessary services rendered." Section 330(a)(3)(A), in turn, provides that:

> [i]n determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issues or task addressed; and

(E)     whether the compensation is reasonable based on the
customary compensation charged by comparably skilled
practitioners in cases other than cases under this title.

11 U.S.C. § 330(a) (3) (A) .

23.     The congressional policy expressed in this statute is to provide for
adequate compensation in order to continue to attract qualified and competent professionals to
bankruptcy cases.  See In re Busy Beaver Building Centers, Inc., 19 F.3d 833, 850 (3d Cir. 1994)
("Congress rather clearly intended to provide sufficient economic incentive to lure competent
bankruptcy specialists to practice in the bankruptcy courts") (citation and internal quotation
marks omitted).

24.     The total time spent by Quinn Emanuel attorneys and paraprofessionals
during the First Monthly Fee Period was 367.4 hours, which services have a fair market value of
$217,865.00.  As shown by this Application and supporting exhibits, Quinn Emanuel spent its
time economically and without unnecessary duplication of time (or duplication of the efforts of
the Debtors' other retained professionals).  In addition, the work involved, and thus the time
expended, was carefully assigned in light of the experience and expertise required for a particular
task.

## VII.    EXPENSES

25.     Quinn Emanuel has expended the total amount of $1,404.26 actual,
reasonable and necessary expenses in connection with representing the Debtors during the First
Monthly Fee Period.  Quinn Emanuel maintains records of all actual and necessary expenses
incurred in connection with the performance of professional services.  A breakdown of expenses,
including the date the expense was incurred and the charge, is annexed hereto as Exhibit "B."

26.     In connection with the reimbursement of actual, reasonable and necessary
expenses, it is Quinn Emanuel's policy to charge its clients in all areas of practice for expenses,

other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to Quinn Emanuel's clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document word-processing charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses particularly attributable to an individual client or cases such as secretarial and other overtime.

27.    Quinn Emanuel charges the Debtors for these expenses at rates consistent with those charged to Quinn Emanuel's other bankruptcy clients, which rates are equal to or less than the rates charged by Quinn Emanuel to its non-bankruptcy clients.  Quinn Emanuel seeks reimbursement from the Debtors at the following rates for the following expenses:  (a) ten cents per page for photocopying; and (b) one dollar per page for out-going facsimiles.  In accordance with section 330 of the Bankruptcy Code and with the U.S. Trustee Guidelines, Quinn Emanuel will seek reimbursement only for the actual cost of such expenses to Quinn Emanuel.

28.    In providing or obtaining from third parties services which are reimbursable by clients, Quinn Emanuel does not include in such reimbursable amount any costs of investment, equipment or capital outlay, except that the reimbursable cost of photocopying and faxes includes a factor for the cost of equipment.

29.    Quinn Emanuel regularly charges its non-bankruptcy clients for ordinary business hour fees and expenses for secretarial, library, word processing, and other staff services because such items are not included in the firm's overhead for the purpose of setting the billing rates.

30.     Attorneys at Quinn Emanuel have not incurred expenses for luxury accommodations, deluxe meals or air travel in excess of coach fares.  Throughout the First Monthly Fee Period, Quinn Emanuel has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

## VIII.   <u>NOTICE</u>

31.     No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Application has been given to (a) the United States Trustee, (b) the Debtors, (c) counsel for the Debtors, (d) the Creditors' Committee, and (e) counsel for the Creditors' Committee.  Quinn Emanuel submits that no further notice need be given in accordance with the Compensation Order.

## IX.   CONCLUSION

**WHEREFORE**, Quinn Emanuel respectfully requests the Court to enter an order, substantially in the form attached hereto (i) approving and allowing Quinn Emanuel compensation in the amount of $217,865.00 for actual, reasonable and necessary professional services rendered and reimbursement of $1,404.26 for actual, reasonable and necessary expenses incurred, and authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $175,696.26, which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of such expense reimbursement; and (ii) granting such further relief as is just.

Dated: Wilmington, Delaware
       November 21, 2007

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

By _____
       James C. Tecce
       Susheel Kirpalani
       Harrison Denman

       51 Madison Avenue, 22nd Floor
       New York, New York  10010
       Telephone:  (212) 849-7000
       Telecopier: (212) 849-7100

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
In re:                                          :
                                                :
                                                :    Chapter 11
AMERICAN HOME MORTGAGE                           :
HOLDINGS, INC., a Delaware corporation, et al., :    Case No. 07-11047 (CSS)
                                                :
                                                :    Jointly Administered
                      Debtors.                  :
-------------------------------------------------------------x
```

### CERTIFICATION OF JAMES C. TECCE

James C. Tecce, an attorney-at-law, duly admitted in good standing to practice in the State of New York hereby certifies that:

1.        I am of counsel to the firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP ("**Quinn Emanuel**"), and I am duly authorized to make this Certification on behalf of Quinn Emanuel. Quinn Emanuel was retained by the Debtors as special investigatory litigation and conflicts counsel  pursuant to an order of the Court. This certification is made in support of Quinn Emanuel's First Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses During the Period from August 10, 2007 Through August 31, 2003 (the "**Application**"), and in compliance with Local Rule 2016-2 of this Court (the "**Rule**"), and with the United States Trustee's Guidelines for Review Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "**Guidelines**").

2.    I have read the Application and I certify that the Application substantially

complies with the Rule and the Guidelines.


Dated:
November 21, 2007

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**

James C. Tecce
51 Madison Avenue - 32nd Floor
New York, NY 10010
(212) 849 - 7199

# EXHIBIT A

# quinn emanuel trial lawyers

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
new york

September 19, 2007
**REVISED**

Craig Pino
Treasurer
American Home Mortgage Corp.
538 Broadhollow Road
Melville, NY 11747

Matter # : 61106-E
Invoice # : 1112760-R
Responsible Attorney: Susheel Kirpalani

AHM - Court Hearings

For Professional Services through August 31, 2007 including preparing for and attending a chambers conference and court hearings relating to pending adversary proceedings.

|  |  |
|---|---|
| Fees | <u>$11,276.00</u> |
| Total Due This Invoice | $11,276.00 |

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 08/08/07 | GY | Prepare binder of "first day" and other pleadings for S. Kirpalani | 2.00 |
| 08/16/07 | SK2 | Attend preliminary injunction hearing on CSFB matter (6.1); TC w/S. Cooper re results of same (.5); confer w/C. Pino re same (.3). | 6.90 |
| 08/17/07 | SK2 | Attend closing arguments on CSFB adversary (4.5); draft corresp. to S. Cooper, C. Pino re results of hearing (.5). | 5.00 |
| 08/30/07 | SK2 | Attend chambers conference w/J. Carey to discuss emergency hearings by Calyon and Bear Stearns (.9); review proposed order from Calyon re scheduling before J. Sontchi (.4); review Young Conaway proposed order (.2); confer w/J. Dorsey re same (.2). | 1.70 |
| 08/31/07 | GY | Prepare Credit Suisse court documents for Susheel | 2.00 |
| | | **Total Hours** | 17.60 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Susheel Kirpalani | SK2 | Partner | 13.60 | 760.00 | 10,336.00 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|-------------------|-------|-------|-------|------|--------|
| Grace Yoon | GY | Paralegal | 4.00 | 235.00 | 940.00 |

# quinn emanuel trial lawyers
## quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
new york

**Current Invoice Summary**

Matter Name : AHM - Court Hearings

Matter #: 61106-E
Bill Date: September 24, 2007
Invoice # 1112760

Total Fees ................................................. $11,276.00

Total Due this Invoice ................................................. $11,276.00

<u>Please remit payment to:</u>

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax  ID:  95-4004138



# quinn emanuel trial lawyers

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
new york

September 19, 2007

Craig Pino
Treasurer
American Home Mortgage Corp.
538 Broadhollow Road
Melville, NY 11747.

Matter # : 61106-J
Invoice # : 1112761
Responsible Attorney: Susheel Kirpalani

AHM - Insurance Issues

For Professional Services through August 31, 2007 including preparing and reviewing correspondence with
insurers seeking to terminate insurance agreements.

|  |  |
|---|---|
| Fees | $2,888.00 |
| Total Due This Invoice | $2,888.00 |

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 08/23/07 | SK2 | TC from R. Semple re insurance company issues (.1) | 0.10 |
| 08/29/07 | SK2 | Review latest proposal (.5); review facts of insurance company's transfer pre-petition (.7); TC w/R. Semple re same (.3); draft corresp. re views on settlement (.6). | 2.10 |
| 08/30/07 | SK2 | Review letter from insurer seeking to terminate agreement (.3); drafting stay violation notice in response (.5); corresp. w/client re draft letter (.1); finalize same (.2). | 1.10 |
| 08/31/07 | SK2 | Review insurance company's final settlement term sheet (.3); corresp. w/A. Horn re same (.2). | 0.50 |
| | | **Total Hours** | **3.80** |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Susheel Kirpalani | SK2 | Partner | 3.80 | 760.00 | 2,888.00 |

# quinn emanuel trial lawyers
## quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
new york

### Current Invoice Summary

Matter Name : AHM - Insurance Issues

Matter #: 61106-J

Total Fees .................................................... $2,888.00

Bill Date: September 24, 2007

Invoice # 1112761

Total Due this Invoice .................................................... $2,888.00

Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax ID: 95-4004138



# quinn emanuel trial lawyers

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
new york

September 19, 2007
**REVISED**

Craig Pino
Treasurer
American Home Mortgage Corp.
538 Broadhollow Road
Melville, NY 11747

Matter # : 61106-K
Invoice # : 1112762-R
Responsible Attorney: Susheel Kirpalani

AHM - Lender Claims

For Professional Services through August 31, 2007 including research and analysis of potential lender liability claims; and participation in meeting and settlement discussions regarding same.

| | |
|---|---|
| Fees | $101,297.50 |
| Expenses | $41.80 |
| Total Due This Invoice | $101,339.30 |

61106/2301937.1

**Statement Detail**

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 08/10/07 | SK2 | Conf. call w/S. Cooper, P. Basta (K&E), Citi re Broadhollow auction process issues (.7); review Broadhollow documents and structure diagram (1.8). | 2.50 |
| 08/12/07 | SK2 | Review auction issues relating to structured financing vehicles (1.1); review cases on recharacterization issues (1.5); review Broadhollow auction procedures proposed by Citi (.9); attend conf. call w/K&E, S. Cooper, C. Pino, K. Nystrom, P. Morgan to review claim allowance issue (1.2). | 1.00 |
| 08/13/07 | SK2 | Attend meetings at AHM w/M. Strauss, S. Cooper, K. Nystrom. M. Taylor, C. Pino and other senior management re margin calls, lender liability theories, structure of repos and secured loans (4.5). | 4.50 |
| 08/13/07 | SK2 | Review transaction documents re special purpose vehicles (3.3); review         . residual issues (.8); conf. call w/S. Cooper, C. Pino re Broadhollow auction process and comments to bid procedures (1.2). | 5.30 |
| 08/15/07 | SK2 | Attend meeting w/S. Cooper, C. Pino, M. Taylor, K. Nystrom re outstanding projects to be done w/respect to Bear Stearns, CSFB, BoA, repo research, rule 2004 pleading ( 2.2); attend meeting w/M. Taylor, K. Nystrom re SPV issues, and allowability of claims (.6); TC w/P. Morgan (YCST) re views on claim allowance (.4); review MGIC letter re stay violation (.2). | 1.20 |
| 08/16/07 | SK2 | TC w/L. Dunham (AHM Bank) re CAPS issues (.4) | 0.40 |
| 08/20/07 | SK2 | Confer w/S. Cooper, C. Pino re CSFB, Lehman, Broadhollow issues (1.1); conf. call w/J. Tecce, R. Schirtzer, P. Sopori re background of case and tasks (1.1). | 2.20 |
| 08/20/07 | SK2 | Corrsp.  w/R. Schirtzer, P. Sopori re CAPS trade (.3). | 0.30 |
| 08/20/07 | SK2 | Research issues relating to lender liability (1.1); drafting rule 2004 pleading re valuation of collateral (3.4). | 4.50 |
| 08/20/07 | JCT | American Home: call with SK and California attorneys re. next steps (1.1). | 1.10 |
| 08/20/07 | PS | Conference with RAS regarding case background and facts (2.3); TC Kirpalani, RAS, and team regarding assignments and research to be done (1.1); several email with team regarding materials to be reviewed (.8). | 4.20 |
| 08/20/07 | CAR | Review background materials(1.7); legal research regarding Article 9 (2). | 3.70 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 08/21/07 | PS | Emails with Kirpalani regarding assignment re interest CAPS release (.3); Review materials regarding interest CAPS (3.1) TC Sakamoto regarding AHM dealings with counterparty (.3); .. everal emails with Dunham regarding CAPS (.6); review materials from Sakamoto regarding same; discuss strategy with team and AMH regarding same (1.3); meeting with RAS regarding research assignments; legal research regarding SMMEA and mortgage backed securities (2.6); prepare email to RAS regarding same (.3); legal research regarding lender liability (2.7). | 11.40 |
| 08/21/07 | CAR | Meet and confer with S. Kirlapani, J. Tecce, R. Schirtzer and P. Sopori (1); Review background materials (1.5); legal research regarding Article 9(4.6). | 7.10 |
| 08/22/07 | RAS | Multiple e-mails w/S. Kirpalani, P.S. regarding CAPS. | 0.40 |
| 08/22/07 | RAS | E-mails w/S. Kirpalani and P. Sopori regarding lender liability claims. | 0.40 |
| 08/22/07 | RAS | E-mails regarding theories with P. Sopori. | 0.20 |
| 08/22/07 | PS | Several emails with Dunham and AHM regarding interest CAPS (1.1); review financial records, internal correspondence, and trade notes from AHB regarding same (2.3); legal research regarding lender liability (2.5); email correspondence with Kirpalani regarding same (.3); prepare demand letter to counterparty regarding release of CAPS; select exhibits for same (2.1); legal research regarding lender claims. (2.4) | 10.70 |
| 08/22/07 | CAR | Legal research regarding repurchase agreements (9.3); draft memorandum re same (1.1). | 10.40 |
| 08/22/07 | GY | Prepare binder of Calyon/AHM documents for Susheel | 3.50 |
| 08/23/07 | PS | Legal research regarding lender claims (2.5); legal research in lender liability treatise regarding case theories for counterclaim (1.8); emails with Dunham regarding letter to counterparty re CAPS (.4); legal research regarding foreclosure (2.1). | 6.80 |
| 08/24/07 | RAS | Multiple e-mails from S. Kirpalani re theories. | 0.40 |
| 08/25/07 | RAS | E-mails from SK regarding lender theories. | 0.40 |
| 08/25/07 | SK2 | Researching potential lender liability issues (3.3); corresp. w/R. Schirtzer, P. Sopori re same (.2). | 3.50 |
| 08/26/07 | RAS | E-mails from SK regarding lender liability issues. | 0.30 |
| 08/27/07 | RAS | Research lender liability claims. | 1.00 |
| 08/27/07 | RAS | Multiple e-mails w/P. Sopori, S. Kirpalani regarding lender liabilities claims. | 0.40 |
| 08/27/07 | RAS | Conference with PS regarding lender liability claims. | 0.20 |

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 08/27/07 | SK2 | Resume meeting w/S. Cooper, C. Pino re cash collateral and BoA litigation issues (1.5); confer w/C. Pino reviewing lender claims matrix (3.1); TC w/potential litigation consultant (.2); review documents for meeting tomorrow w/Bear Stearns (.9); draft memo re comments to cash collateral order for use by Young Conaway and company based on today's meeting (2.7); revising CSFB counterclaim (1.5). | 4.20 |
| 08/27/07 | PS | Review emails from Kirpalani regarding (lender liability theories) (.6); TC Schirtzer regarding research assignments (.6); several emails with Dunham regarding interest CAPS (1.1); review and revise counterparty letter accordingly (1.6); review response from same (.8); several emails with team and AHM regarding ˌ response (.4); conference with Schirtzer regarding lender liability theories(.4); review cases re same (.5). | 8.90 |
| 08/28/07 | RAS | Multiple e-mails w/P. Sopori re CAPS. | 0.60 |
| 08/28/07 | SK2 | Attend pre-meeting conference w/S. Cooper, C. Pino, K. Nystrom, B. Johnson re Bear Stearns strategy (1.4); attend liquidity committee meeting to discuss lender claims (1.5); revising letter to CSFB re due diligence and use of data room information in litigation (.5); review construction loan litigation angles (.7); attend meeting at Bear Stearns to discuss overall settlement and litigation issues (1.5); confer w/S. Sakamoto re ˍˍ ; and ˍˍ issues relating to ISDA offset issues (.6); review diagrams of same (.8); review agreements relating to ˍSDA arrangements (1.7). | 8.70 |
| 08/28/07 | JCT | Research Article 9 issues (1.3); review Articles 9 research performed by C. Rodriguez and conference w. same regarding same (.7) | 2.00 |
| 08/28/07 | PS | Several emails with team and AHM regarding letter agreement for counterparty (1.6); prepare response letter to counsel; prepare letter agreement foɪ ˍˍ regarding CAPS and indemnification (2.4); legal counsel research regarding good faith (6.0); breach of contract claims, and associated damages; several emails with Dunham regarding response (.6); review and revise response letter accordingly (1.1) | 12.90 |
| 08/28/07 | CAR | Legal research regarding disposition of collateral (6.1); review and revise research memorandum (1.8). | 7.90 |
| 08/29/07 | RAS | Review draft counterclaim. | 0.50 |
| 08/29/07 | RAS | Review memorandum regarding implied covenant claim against lenders. | 0.30 |
| 08/29/07 | RAS | Review e-mail regarding Art. 9 commercial reasonableness requirement; e-mails regarding CAPS letter. | 0.20 |

| Date | Timekeeper | Description | Hours |
|------|------------|-------------|-------|
| 08/29/07 | SK2 | Attend liquidity committee call to discuss impact of Bear, Calyon, CSFB litigation (1.3); TC w/R. Brady, J. Dorsey re Bear Stearns scheduling (.4); TC w/N. Crowell (Sidley) re Bear Stearns consensual scheduling attempt (.4); prepare draft stipulation for Bear review (.5); review _ ISDA setoff issues (1.6); TC w/W. Bowden re scope of rule 2004 motion pending (.2); meeting w/C. Rodriguez, J. Tecce re Article 9 memo (.5); revising same (.6); finalize same (.3); revising memo on margin call issues (1.2); revising memo on recharacterization (1.1). | 8.60 |
| 08/29/07 | JCT | Call with Bear Stearns counsel re. complaint (.2); research article 9 provisions, review of cases and articles (4.4); email memorandum to S. Kirpalani re. same (.9); revise Article 9 client memo (1.0); review lender filings (.4) | 6.90 |
| 08/29/07 | PS | Legal research regarding counterclaim theories (4.0); prepare memo to team regarding theories (1.8); emails with team regarding practical counterclaim possibilities from research (1.2); several emails with Dunham regarding response and letter agreement (.8); fax same to insurer (.6) | 8.40 |
| 08/29/07 | CAR | Review and revise memorandum regarding Article 9 of the UCC. | 2.70 |
| 08/30/07 | RAS | E-mails regarding potential consulting experts. | 0.20 |
| 08/30/07 | SK2 | Researching master netting cases (1.3); review ISDA form agreements (.9); reviewing scope of setoff under master agreements (1.1). | 3.30 |
| 08/30/07 | PS | Electronic research regarding foreclosure in NY. | 2.10 |
| 08/31/07 | RAS | Review and interview potential experts. | 1.00 |
| 08/31/07 | RAS | Analyze potential counterclaims. | 1.30 |
| 08/31/07 | RAS | Multiple emails to and from Susheel Kirpalani. | 0.80 |
| 08/31/07 | SK2 | Review master netting agreements (1.2); review S. Sakamoto communications re same (.9); draw master diagram reflecting netting obligations and rights (1.1); draft explanatory notes to S. Sakamoto and C. Pino re same (.5); research cases interpreting master netting rights (1.7); draft notes to S. Sakamoto and C. Pino re same (.3); review final version of answer and first counterclaim in CSFB adversary (.9); corresp. w/J. Dorsey re same (.2); review proposed Calyon order on emergency motion (. 3); prepare list of outstanding tasks for lender claims (.5); TC w/R. Schirtzer re margin call issues (.4); review scope of pending Rule 2004 motion (.3). | 8.30 |
| 08/31/07 | PS | Review legal memos from Kirpalani regarding lender liability issues (3.1); review emails from Kirpalani regarding warehouse loan contracts (1.5); review bankruptcy article from RAS and memo regarding repo recharacterization (1.2); TC RAS results of legal research on lender liability (.6) | 6.40 |

Total Hours   184.20

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Richard A. Schirtzer | RAS | Partner | 8.60 | 875.00 | 7,525.00 |
| Susheel Kirpalani | SK2 | Partner | 58.50 | 760.00 | 44,460.00 |
| James C. Tecce | JCT | Counsel | 10.00 | 605.00 | 6,050.00 |
| Priya Sopori | PS | Associate | 71.80 | 425.00 | 30,515.00 |
| Carlos Rodriguez | CAR | Associate | 31.80 | 375.00 | 11,925.00 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Grace Yoon | GY | Paralegal | 3.50 | 235.00 | 822.50 |

## Expense Summary

| Description | | Amount |
|---|---|---|
| Telecopier | | 15.00 |
| Document Reproduction | $0.10  per page | 26.80 |
| | Total Expenses | $41.80 |

# quinn emanuel trial lawyers
### quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
new york

## Current Invoice Summary

Matter Name : AHM - Lender Claims

| | |
|---|---|
| Matter #: 61106-K | Total Fees .............................................. $101,297.50 |
| Bill Date: September 25, 2007 | Expenses ....................................................... $41.80 |
| Invoice # 1112762 | Total Due this Invoice ............................................... $101,339.30 |

Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax  ID:  95-4004138



61106/2301937.1

# quinn emanuel trial lawyers

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
new york

September 19, 2007
**REVISED**

Craig Pino
Treasurer
American Home Mortgage Corp.
538 Broadhollow Road
Melville, NY 11747

Matter # : 61106-P
Invoice # : 1112763-R
Responsible Attorney: Susheel Kirpalani

AHM - Recharacterization

For Professional Services through August 31, 2007 including review and analysis of opposition briefs in adversary proceedings; review of documents for use in adversary proceedings.

| | |
|---|---|
| Fees | $89,879.00 |
| Expenses | $1,362.46 |
| Total Due This Invoice | $91,241.46 |

61106/2301951.1

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 08/10/07 | SK2 | Meeting w/S. Cooper re potential issues w/AHM lenders (1.6); attend meeting w/S. Cooper, C. Pino, B. Johnson, K. Nystrom re background of mortgage finance issues arising (1.5); attend meeting w/CSFB, S. Cooper, K. Nystrom, C. Pino, B. Johnson re alleged prepetition termination (1.5); review draft brief and affidavit for TRO reply (.9); revising same (.8); confer w/C. Pino re same (.5); conf. call w/R. Brady and J. Dorsey re coordinating for CSFB adversary and avoidance of duplication of efforts (.4). | 7.20 |
| 08/10/07 | SK2 | Review CSFB complaint and memo/law for TRO (1.7). | 1.70 |
| 08/12/07 | SK2 | Revise draft opposition brief for CSFB adversary proceeding (1.1); review cases on recharacterization issues (1.5). | 2.60 |
| 08/13/07 | SK2 | Meeting w/C. Pino re CSFB background facts for trial (.9); further meeting w/S. Cooper, C. Pino re CSFB (1.5); meeting w/C. Pino, S. Sakamoto, M. Taylor, M. Strauss re REIT laws and structures , securities issues; overall strategic issues (2.2). | 4.60 |
| 08/14/07 | SK2 | Conf. call w/S. Cooper, C. Pino re outstanding warehouse lender issues and agreements with each (2.5); attend meeting w/S. Cooper, C. Pino, K. Nystrom re CSFB proposal for settlement (1.5); reviewing issues relating to TMP conversion (1.1); confer w/S. Sakamoto re same (.5); review written settlement for conf. call w/L. Fife, H. Comet, CSFB re proposal for settlement (.9); TC w/C. Pino re compliance w/CSFB interim settlement for information exchange (.8); review information provided by servicing (.5); draft corresp. to L. Fife enclosing promised information (.5); TC w/L. Fife re same (.4); review CSFB loan agreement (.9); TC w/S. Cooper re board meeting and next steps (.5). | 10.10 |
| 08/15/07 | SK2 | Review reply brief filed by CSFB on adversary proceeding (1.1); review e-mails and other documents in connection w/possible use at trial (1.5); review transaction documents for CSFB purported repo of mortgage loans in preparation for hearing (1.1); TC w/L . Fife to settle issues (.5); exchange corresp. re potential settlement w/L. Fife (.4); review facts w/C. Pino re CSFB loan (1.1); review pleadings in connection w/tomorrow's CSFB hearing (2.5); prepare draft of C. Pino direct testimony outline (1.9). | 11.30 |
| 08/15/07 | JCT | American Home Repo Transaction Research | 0.90 |
| 08/16/07 | SK2 | Revising C. Pino direct testimony outline (2.1); confer w/C. Pino for direct testimony (1.9); review cases regarding recharacterization of repos (1.7); confer w/J. Dorsey, R. Love, C. Pino re handling of today's hearing (2.5); review documents in connection w/Exhibit use (1.2). | 9.40 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 08/17/07 | SK2 | Drafting outline for closing arguments for CSFB adversary (3.5). | 3.50 |
| 08/20/07 | SK2 | Reviewing documents relating to repurchase agreements (2.7). | 2.70 |
| 08/22/07 | SK2 | TC w/J. Dorsey re potential counterclaims and timing for CSFB adversary (.7); TC w/S. Cooper re same (.4); draft corresp. to L. Fife and H. Comet requesting meet and confer (.2); conf. call w/L. Fife, H. Comet, J. Dorsey re same (.9); draft corresp. to S. Cooper, C. Pino re proposed scheduling (.3); conf. call w/S. Cooper, K. Nystrom, M. Taylor, C. Pino, S. Sakamoto, B. Johnson re CSFB, Calyon, insurance, executory contract and other issues (.9); review Calyon agreements (1.1); confer w/J. Tecce re same (.2). | 4.70 |
| 08/23/07 | SK2 | Review issues relative to CSFB scheduling/bifurcation proposal from Weil (.4); TC w/S. Cooper re same (.5); corresp. w/H. Comet, L. Fife re consensual scheduling (.3); confer w/J. Tecce re CSFB counterclaims (.6); conf. call w/L. Fife, H. Comet re acceptable scheduling (.7); TC w/S. Cooper re same (.2); review written proposal from H. Comet (.5); TC w/J. Dorsey re review of scheduling proposal (.6); revising written proposal (.4); review responses to same (.3); draft corresp. confirming agreement (.1); TC from R. Semple re           issues (.1); TC from K. Nystrom re CSFB message (.1). | 4.70 |
| 08/23/07 | JCT | Research repo contracts for CSFB counterclaim (2.7); confs. w/ S. Kirpalani re. same (.6); | 3.30 |
| 08/23/07 | CAR | Legal research regarding characterization of repurchase agreements; review cases and articles. | 8.60 |
| 08/24/07 | SK2 | Meeting w/J. Tecce to review cases and academia on recharacterization issues (1.1); TC w/C. Pino re questions on particular alleged repo agreements (.4); further TC w/C. Pino re arguments from other cases, CSFB, Calyon,        Bear issues (1.5); review Cal yon agreements (.9); review cases re repo recharacterization (1.4); review proposed stipulation from Weil re CSFB scheduling (.6); revising same (.4). | 6.30 |
| 08/24/07 | JCT | Credit Suisse - Conf. w/ S. Kirpalani regarding theories; review underlying repo agreements. | 1.30 |
| 08/24/07 | PS | Legal research regarding lender liability (1.6); review documents provided by Kirpalani regarding bankruptcy and repo issues (1.0); per RAS, conduct legal research regarding implied covenant and breach of contract theories (2.1) | 4.70 |
| 08/24/07 | CAR | Legal research regarding applicability of UCC to repurchase agreements (6.0); review and revise memorandum (.9) | 6.90 |
| 08/25/07 | RAS | Review complaint to recharactarize filed. | 1.20 |
| 08/25/07 | JCT | Review cases regarding repo. transaction characterizations. Review cases regarding repo recharacterizations; review CSFB repo agreement; review market "forms" (3.0); related research (1.2); draft memorandum to clients re repo agreements ( 4.2); | 10.60 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 08/26/07 | CAR | Legal research regarding applicability of UCC to repurchase agreements; review and revise memorandum. | 7.20 |
| 08/27/07 | SK2 | Revising CSFB counterclaim (1.5). | 1.50 |
| 08/27/07 | JCT | Research recharacterization issues relating to "repo" transactions, including decisions, articles (3.6); draft recharacterization counterclaim for answer to Credit Suisse complaint (7.3) | 10.90 |
| 08/27/07 | CAR | Legal research regarding applicability of UCC to repurchase agreements (10.0); review and revise memorandum (1.2). | 11.20 |
| 08/28/07 | JCT | Draft memorandum to clients regarding recharacterization (5.2); revise CSFB counterclaims with S. Kirpalani comments and forward same to YCST and clients (1.2) | 6.40 |
| 08/29/07 | JCT | Revise client memo regarding recharacterization (.3) and revise CSFB counterclaim (.4) | 0.80 |

Total Hours    144.30

### Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Richard A. Schirtzer | RAS | Partner | 1.20 | 875.00 | 1,050.00 |
| Susheel Kirpalani | SK2 | Partner | 70.30 | 760.00 | 53,428.00 |
| James C. Tecce | JCT | Counsel | 34.20 | 605.00 | 20,691.00 |
| Priya Sopori | PS | Associate | 4.70 | 425.00 | 1,997.50 |
| Carlos Rodriguez | CAR | Associate | 33.90 | 375.00 | 12,712.50 |

### Expense Summary

| | | |
|---|---|---|
| Westlaw | | 1,362.46 |
| Total Expenses | | $1,362.46 |

# quinn emanuel trial lawyers
## quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
new york

### Current Invoice Summary

Matter Name : AHM - Recharacterization

Matter #: 61106-P
Bill Date: September 25, 2007
Invoice # 1112763

Total Fees ................................................. $89,879.00
Expenses .................................................. $1,362.46
Total Due this Invoice ................................. $91,241.46

Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax  ID:  95-4004138



# quinn emanuel trial lawyers

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
new york

September 19, 2007
**Revised 10/25/07**

Craig Pino
Treasurer
American Home Mortgage Corp.
538 Broadhollow Road
Melville, NY 11747

Matter # : 61106-R
Invoice # : 1112764-R
Responsible Attorney: Susheel Kirpalani

### AHM - Rule 2004 Investigations

For Professional Services through August 31, 2007 including review of Debtor's Rule 2004 motion.

|  |  |  |
|---|---|---|
| Fees | | $7,395.00 |
| Total Due This Invoice | | $7,395.00 |

61106/2301946.1

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 08/21/07 | SK2 | Review Rule 2004 pleading (.6); TC w/S. Sakamoto re same (.3); research definitions of same (.2). | 1.10 |
| 08/22/07 | RAS | Review 2004 exam motion. | 0.40 |
| 08/22/07 | SK2 | TC w/S. Sakamoto re Rule 2004 discovery (.5); revising Rule 2004 discovery pleading (1.5); researching lender liability issues, recharacterization issues, and repurchase agreement treatment (2.8). | 4.80 |
| 08/22/07 | JCT | American Home: Confs. with S. Kirpalani re. next steps, repos, servicer (.7); Attend call with company re. 2004, CSFB, servicer (.8); review bankruptcy court filings, draft 2004 motion (1.1) | 2.60 |
| 08/24/07 | SK2 | Corresp. w/S. Cooper re Bank of America issues and rule 2004 (.2); finalize revisions to rule 2004 motion for CSFB (.9); confer w/Young Conaway re filing of same (.2). | 1.30 |
| | | Total Hours | 10.20 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Richard A. Schirtzer | RAS | Partner | 0.40 | 875.00 | 350.00 |
| Susheel Kirpalani | SK2 | Partner | 7.20 | 760.00 | 5,472.00 |
| James C. Tecce | JCT | Counsel | 2.60 | 605.00 | 1,573.00 |

# quinn emanuel trial lawyers
## quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
new york

### Current Invoice Summary

Matter Name : AHM - Rule 2004 Investigations

Matter #: 61106-R                          Total Fees ................................................... $7,395.00
Bill Date: October 25, 2007

Invoice # 1112764                          Total Due this Invoice ................................................... $7,395.00

Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax  ID:  95-4004138

REMITTANCE

# quinn emanuel trial lawyers

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
213.443.3000

los angeles
silicon valley
san francisco
new york

September 19, 2007

Craig Pino
Treasurer
American Home Mortgage Corp.
538 Broadhollow Road
Melville, NY 11747

Matter # : 61106-S
Invoice # : 1112765
Responsible Attorney: Susheel Kirpalani

### AHM - Servicing Platform Issues

For Professional Services through August 31, 2007 including participation in numerous meetings researching the sale of mortgage servicing platforms.

|  |  |
|---|---|
| Fees | $5,129.50 |
| Total Due This Invoice | $5,129.50 |

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 08/13/07 | SK2 | Meeting w/G. Gotti and team re sale of servicing platform and impact of litigation re same (1.1). | 1.10 |
| 08/23/07 | JCT | Review servicing Wide Contract, research relevant cases, email memorandum to SK re. same (2.7) | 2.70 |
| 08/27/07 | SK2 | Confer w/M. Taylor re servicing disposition litigation matters anticipated and impact on sale (.6). | 0.60 |
| 08/29/07 | SK2 | Research Countrywide servicing termination issues (.6); review Countrywide agreement and J. Tecce memo re same (.5). | 1.10 |
| 08/30/07 | SK2 | Attend liquidity committee meeting to discuss servicing litigation issues necessary to sale process (1.5); TC w/P. Morgan re agency issues (.3). | 1.80 |

Total Hours    7.30

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Susheel Kirpalani | SK2 | Partner | 4.60 | 760.00 | 3,496.00 |
| James C. Tecce | JCT | Counsel | 2.70 | 605.00 | 1,633.50 |

# quinn emanuel trial lawyers
### quinn emanuel urquhart oliver & hedges, llp

los angeles
silicon valley
san francisco
new york

### Current Invoice Summary

Matter Name : AHM - Servicing Platform Issues

Matter #: 61106-S                                    Total Fees ...................................................... $5,129.50
Bill Date: September 24, 2007
Invoice # 1112765                               Total Due this Invoice ...................................................$5,129.50



Please remit payment to:

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 S. Figueroa St. 10th Floor
Los Angeles, CA 90017

Federal Tax ID:  95-4004138

**EXHIBIT B**

Summary by Expenses Incurred
(August 10, 2007 through August 31, 2007)

| Date Incurred | Expense | Amount |
|---|---|---|
| 8/24/07 | Document Reproduction | $12.60 |
| 8/27/07 | Document Reproduction | $.50 |
| 8/27/07 | Document Reproduction | $.90 |
| 8/27/07 | Document Reproduction | $.70 |
| 8/27/07 | Telecopier | $8.00 |
| 8/29/07 | Document Reproduction | $10.30 |
| 8/29/07 | Document Reproduction | $.50 |
| 8/29/07 | Telecopier | $4.00 |
| 8/30/07 | Document Reproduction | $.40 |
| 8/30/07 | Document Reproduction | $.40 |
| 8/30/07 | Telecopier | $3.00 |
| 8/31/07 | Computer Database Research | $171.78 |
| 8/31/07 | Computer Database Research | $245.11 |
| 8/31/07 | Computer Database Research | $843.14 |
| 8/31/07 | Computer Database Research | $102.43 |
| 8/31/07 | Document Reproduction | $.10 |
| 8/31/07 | Document Reproduction | $.20 |
| 8/31/07 | Document Reproduction | $.20 |
| **TOTAL** | | **$1,404.26** |