## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x
In re:                                                     :
                                                           :
                                                           :    Chapter 11
AMERICAN HOME MORTGAGE                                      :
HOLDINGS, INC., a Delaware corporation, et al.,            :    Case No. 07-11047 (CSS)
                                                           :
                                                           :    Jointly Administered
                              Debtors.                     :
-----------------------------------------------------------x


## SECOND MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE <u>PERIOD FROM SEPTEMBER 1, 2007 THROUGH SEPTEMBER 30, 2007</u>

| | |
|---|---|
| Name of applicant: | <u>Quinn Emanuel Urquhart Oliver & Hedges, LLP</u> |
| Authorized to provide professional services to: | <u>Debtors</u> |
| Date of retention: | <u>September 13, 2007 (nunc pro tunc to August 10, 2007)</u> |
| Period for which compensation and reimbursement is sought: | <u>September 1 - September 30, 2007</u> |
| Amount of compensation requested: | $293,619.00 |
| Amount of expense reimbursement requested: | $37,757.62 |

This is an:___X___ interim _____ final application.

This is the Second monthly fee application filed by Quinn Emanuel Urquhart Oliver & Hedges LLP in these cases.

**Prior Applications:**

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed/ Docket No. | Period Covered | Fees | Expenses | Fees | Expenses |
| — | August 10, 2007 - August 31, 2007 | $217,865.00 | $1,404.26 | | |

**ATTACHMENT TO SECOND MONTHLY FEE APPLICATION OF
QUINN EMANUEL URQUHART OLIVER & HEDGES LLP: SPECIAL INVESTIGATORY,
LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS.**

| NAME | POSITION; EXPERIENCE | HOURLY RATE | TOTAL HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Richard A. Schirtzer | Partner for 17 years; admitted in 1985. | $875 | 67.4 | $58,975.00 |
| Susheel Kirpalani | Partner for 6 years; admitted in 1995 | $760 | 68.8 | $52,288.00 |
| Duane Lyons | Partner for 6 years; admitted in 1986. | $760 | 11.6 | $8,816.00 |
| James Tecce | Of Counsel for 10 months; admitted in 1995. | $605 | 155 | $93,775.00 |
| Priya Sopori | Associate for 6 years; admitted in 2000. | $425 | 19.2 | $8,160.00 |
| Joseph Minias | Associate for 5 years, admitted in 2003. | $415 | 38.2 | $15,853.00 |
| Danielle Brown | Associate for 3 years, admitted in 2005. | $385 | 7.7 | $2,964.50 |
| Carlos Rodriguez | Associate for 2 years; admitted in 2006 | $375 | 56.4 | $21,150.00 |
| Aidan McGlaze | Law Clerk | $275 | 38.6 | $10,615.00 |
| Grace Yoon | Paralegal | $235 | 82.5 | $19,387.50 |
| Jaan Rannik | Paralegal | $235 | .8 | $188.00 |
| Megan Kerr | Case Assistant | $235 | 10 | $2,350.00 |
| Sofia Kolidas | Case Assistant | $235 | .2 | $47.00 |
| **TOTAL** | | **$529.42 (BLENDED RATE)** [1] | **556.4 HOURS** | **$294,569.00** |

---

[1]    The blended rate <u>excluding</u> paraprofessionals is $588.89 per hour.

**SUMMARY TABLE OF SERVICES RENDERED DURING**
**SECOND MONTHLY FEE PERIOD**
**(SEPTEMBER 1, 2007 TO SEPTEMBER 30, 2007)**

| ACTIVITY | HOURS | FEES |
|---|---|---|
| Case Management/Calendar Maintenance/Service of Pleadings | 11.8 | $3,069.00 |
| Cash Collateral and DIP Financing | 16.6 | $12,058.00 |
| Court Hearings | 16.9 | $7,331.50 |
| Fee Application Preparation/Fee Issues | 19.8 | $9,376.50 |
| Lender Claims | 26.3 | $19,836.00 |
| Meetings | 2.2 | $1,672.00 |
| Recharacterization | 445 | $229,498.50 |
| Rule 2004 Investigations | .9 | $557.50 |
| Servicing Platform Issues | 14.4 | $9,270.00 |
| Travel Time (Only 50% Requested) | 2.5 | $1,900.00 (less $950) |
| **TOTAL** | **556.4** | **$293,619.00** |

## SUMMARY BY CATEGORY TYPE OF DISBURSEMENTS BILLED
### (SEPTEMBER 1, 2007 THROUGH SEPTEMBER 30, 2007)

| DISBURSEMENTS | AMOUNT |
|---|---|
| Computer Database Research | $1,708.26 |
| Document Reproduction | $7,530.50 |
| Expert Retained For Purposes of Recharacterization Trials | $26,900.00 |
| Local Travel | $244.29 |
| Outside Photocopies | $905.77 |
| Other Litigation Support Services | $211.00 |
| Telecopier | $30.00 |
| Telephone | $11.80 |
| Word Processing | $216.00 |
| **TOTAL DISBURSEMENTS** | **$37,757.62** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
In re:                                        :
                                              :
                                              :    Chapter 11
AMERICAN HOME MORTGAGE                         :
HOLDINGS, INC., a Delaware corporation, et al., :   Case No. 07-11047 (CSS)
                                              :
                                              :    Jointly Administered
                    Debtors.                  :
-----------------------------------------------------------x    Objection Deadline:
```

### SECOND MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE PERIOD FROM SEPTEMBER 1, 2007 THROUGH SEPTEMBER 30, 2007

Quinn, Emanuel, Urquhart, Oliver & Hedges LLP ("**Quinn Emanuel**"), special

investigatory, litigation and conflicts counsel to American Home Mortgage Holdings, Inc., a

Delaware Corporation, and its affiliated debtors and debtors-in-possession in the above-

captioned cases (collectively, the "**Debtors**" or "**American Home**"), hereby submits its

application (the "**Application**") to this Court pursuant to sections 330 and 331 of chapter 11 of

title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), Local Rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedure For United States Bankruptcy Court For the District of

Delaware ("**Local Rule No. 2016-2**"), for an order (i) allowing compensation of $293,619.00 for

actual, reasonable and necessary professional services rendered, and reimbursement of

$37,757.62 for actual, reasonable and necessary expenses incurred during the period from

September 1, 2007 through September 30, 2007 (the "**Second Monthly Fee Period**"), and (ii)

authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $272,652.82, which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of expense reimbursement, and represents as follows:

## I.    INTRODUCTION

### A.    Background

1.    Bankruptcy Filing.  On August 6, 2007, (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    Jurisdiction.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases and this Application is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Local Rule No. 2016-2.  This Application is made pursuant to the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant To Sections 331 and 105(a) of the Bankruptcy Code (the "**Compensation Order**"), entered on September 3, 2007 by this Court.

### B.    Retention Of Quinn Emanuel And Billing History

3.    On September 13, 2007, the Court authorized Quinn Emanuel's retention as special investigatory, litigation and conflicts counsel to American Home nunc pro tunc to August 10, 2007, pursuant to the Order Pursuant to Section 327(a) of The Bankruptcy Code and Bankruptcy Rule 2014(a) Approving the Retention of Quinn, Emanuel Urquhart Oliver &

Hedges, LLP, Nunc Pro Tunc, as Special Investigatory, Litigation and Conflicts Counsel for the Debtors (Docket No. 741) (the "**Retention Order**"). The Retention Order authorized Quinn Emanuel to be compensated pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court, including the Compensation Order.

4.    This Application is Quinn Emanuel's second monthly application for approval and allowance of compensation. Quinn Emanuel makes this monthly application for approval and allowance of compensation pursuant to section 331 of the Bankruptcy Code and the Compensation Order.  No prior application has been made to this or any other court for the relief requested herein, nor has payment been received by Quinn Emanuel for legal services provided to and on behalf of the Debtors, or for out-of-pocket expenses incurred in connection therewith.

5.    Quinn Emanuel has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

6.    No promises have been received by Quinn Emanuel or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

## II.    CASE STATUS

7.    As of the date hereof, no disclosure statements or plans of reorganization have been filed in respect of the Debtors.

## III.    APPLICATION

8.    By this Application, Quinn Emanuel is seeking (a) allowance of reasonable compensation for actual and necessary professional services rendered by Quinn

Emanuel, as special investigatory, litigation and conflicts counsel for the Debtors, during the Second Monthly Fee Period, and (b) reimbursement of actual, reasonable and necessary expenses incurred by Quinn Emanuel in connection with such services during the Second Monthly Fee Period.

9.      Specifically, Quinn Emanuel seeks approval of the sum of $293,619.00 for actual, reasonable and necessary legal services rendered on behalf of the Debtors during the Second Monthly Fee Period, and $37,757.62 for reimbursement of actual, reasonable and necessary expenses incurred in connection with the rendition of such services. The fees sought by the Application reflect an aggregate of 556.4 hours of attorney and paraprofessional time spent and recorded in performing services for the Debtors during the Second Monthly Fee Period, at a blended average hourly rate of $529.42 for both professionals and paraprofessionals. The blended hourly rate for professionals only is $588.89.

10.     Quinn Emanuel rendered to the Debtors all services for which compensation is sought solely in connection with these cases, in furtherance of the duties and functions of the Debtors.

11.     Quinn Emanuel maintains written records of the time expended in the rendition of the professional services required by the Debtors. These records are maintained in the ordinary course of Quinn Emanuel's practice. For the convenience of the Court and parties in interest, attached hereto as part of the cover sheet, is a billing summary for the Second Monthly Fee Period, setting forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate of the time expended by each such attorney and paraprofessional, the hourly billing rate for each such attorney and paraprofessional at Quinn Emanuel's current billing rates, and an indication of the

individual amounts requested as part of the total amount of compensation requested. Also set forth in the billing summary is additional information indicating whether each attorney is a partner or associate, and how many years each attorney has held such position. The compensation requested by Quinn Emanuel is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

12.     Attached hereto as Exhibit "A" are time entry records broken down in tenths of an hour by project category, in accordance with the U.S. Trustee Guidelines, setting forth a detailed description of services performed by each attorney and paraprofessional on behalf of the Debtors.

13.     Quinn Emanuel also maintains records of all actual and necessary expenses incurred in connection with the performance of professional services, a summary of which also is attached hereto as part of the cover sheet. The summary lists the amounts and categories of expenses for which reimbursement is sought. Attached hereto as Exhibit "B" is a summary of the expenses, including the date the expense was incurred and the charge.

## IV.    SUMMARY OF PROFESSIONAL SERVICES RENDERED

14.     To provide an orderly and meaningful summary of the services rendered on behalf of the Debtors by Quinn Emanuel, in accordance with the U.S. Trustee Guidelines, Quinn Emanuel has established the following separate project billing categories in connection with these cases:

a)  Bank/Thrift Issues
b)  Cash Collateral and DIP Financing
c)  Case Management/Calendar Maintenance/Service of
d)  Class Actions
e)  Court Hearings
f)  Creditor Inquiries
g)  Employee Issues
h)  Fee Application Preparation/Fee Issues

    i)   Government Issues/Investigations
    j)   Insurance Issues
    k)   Lender Claims
    l)   Meetings
    m)  Non-Working Travel (Only 50% Requested)
    n)   Other Conflicts
    o)   Plan and Disclosure Statement
    p)   Recharacterization
    q)   Retention of Professionals
    r)   Rule 2004 Investigations
    s)   Servicing Platform Issues
    t)   Stay Relief Matters
    u)   Travel Time

15.    The following summary is intended only to highlight a number of the services rendered by Quinn Emanuel in the separate project billing categories where Quinn Emanuel expended a considerable number of hours on behalf of the Debtors. It is not meant to be a detailed description of all of the work performed by Quinn Emanuel during the Second Monthly Fee Period. Detailed descriptions of the day-to-day services provided by Quinn Emanuel and the time expended performing such services in each project billing category are fully set forth in Exhibit "A" hereto. Such detailed descriptions show that Quinn Emanuel was heavily involved in the performance of services for the Debtors on a daily basis, including night and weekend work, often under extreme time pressure to meet the needs of the Debtors in these cases.

A.    **Lender Claims**: (Total Hours: 26.3; Total Fees: $19,836.00)

16.    As special investigatory, litigation and conflicts counsel for the Debtors, Quinn Emanuel attorneys have undertaken a comprehensive review and analysis of the various lending relationships to which the Debtors were party prior to the Petition Date. These agreements include warehouse lending facilities and "swap" agreements with various financial institutions. During the Second Monthly Fee Period, Quinn Emanuel continued its review and

analysis of these various agreements and transactions to ascertain whether the Debtors' estates had potential claims or causes of actions relating to these agreements.

      B.    **Recharacterization**: (Total Hours: 445; Total Fees: $229,498.50)

      17.    Shortly after the commencement of the Debtors' Chapter 11 cases, three of its warehouse lenders, Credit Suisse First Boston Mortgage Capital LLC, Calyon New York Branch, and Bear Stearns Mortgage Capital Corporation, filed emergency applications for injunctive relief seeking the entry of Orders directing the Debtors to turn over certain files relating to servicing mortgage loans and to surrender certain servicing rights. Each of these lenders is party to a purported "repurchase agreement" with American Home which covers whole mortgage loans, and the warehouse lenders each insisted (a) the automatic stay provisions of the Bankruptcy Code do not apply to these agreements and (b) American Home was required to surrender servicing, including files relating to servicing, to the lenders. American Home disputed these assertions, maintaining, among other things, that   each of the purported repurchase agreements were disguised secured financings that did not fall within the Bankruptcy Code safe harbors (and should be separately recharacterized); that the automatic stay applied to servicing; and that servicing remained property of the Debtors' estates after the commencement of the cases.

      18.    After a preliminary injunction hearing in late August 2007 (with respect to Credit Suisse's complaint), American Home agreed to coordinate these cases to be tried on an expedited basis, with expedited discovery and trial scheduled for late October 2007. During the Second Monthly Fee Period, Quinn Emanuel attorneys negotiated on American Home's behalf with Credit Suisse, Calyon and Bear Stearns, a stipulation governing the expedited discovery and trial schedule. Quinn Emanuel attorneys also participated in the expedited discovery effort by,

among other things, preparing and propounding document demands; interviewing and identifying expert witnesses; reviewing and responding to Rule 30(b)(6) notices propounded by plaintiffs; reviewing and responding to plaintiffs' document demands; coordinating review and analysis of plaintiffs' document production; preparing for and attending a discovery "meet and confer" with plaintiffs; preparing correspondence relating to the foregoing to plaintiffs' counsel (and responding to the same); and conducting related research.

## V.    **FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES**

19.    The factors to be considered in awarding attorneys fees have been enumerated in In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), cert. denied, 431 U.S. 904, which standards have been adopted by most courts. See, e.g., In re Lan Assoc., 192 F.3d 109, 123 n.8 (3d. Cir. 1999) (suggesting First Colonial factors apply to § 330 compensation requests). Quinn Emanuel respectfully submits that a consideration of these factors should result in this Court's allowance of the full compensation sought.

(1)    The Time and Labor Required. The professional services rendered by Quinn Emanuel on behalf of the Debtors have required the continuous expenditure of substantial time and effort, under time pressures which sometimes required the performance of services late into the evening and, on a number of occasions, over weekends. The services rendered required a high degree of professional competence and expertise in order to be administered with skill and dispatch.

(2)    The Novelty and Difficulty of Questions. Novel and complex issues have already arisen in the course of the Chapter 11 Cases, and it can be anticipated that other such issues will be encountered. In these cases, as in many others in which the firm is involved, Quinn Emanuel's effective advocacy and creative approach to problem solving have helped clarify and resolve difficult issues and will continue to prove beneficial.

(3)    The Skill Requisite to Perform the Legal Services Properly. Quinn Emanuel believes that its recognized expertise in the area of bankruptcy related litigation and its practical approach to the resolution of issues are contributing to maximizing the size of the Debtors' estate.

(4)    The Preclusion of Other Employment by Applicant Due to Acceptance of the Case. The matters in which Quinn Emanuel's bankruptcy litigation practice group

are involved need attention on a continuous basis and require several of Quinn Emanuel's attorneys to commit significant portions of their time to these cases.

(5)     The Customary Fee. The compensation sought herein is based upon Quinn Emanuel's normal hourly rates for services of this kind. Quinn Emanuel respectfully submits that the compensation sought herein is not unusual given the magnitude and complexity of these cases and the time dedicated to the representation of the Debtors. Such compensation is commensurate with fees charged by other attorneys of comparable experience.

(6)     Whether the Fee is Fixed or Contingent. Quinn Emanuel charges customary hourly rates for the time expended by its attorneys and paraprofessionals in representing the Debtors and Quinn Emanuel's fee is not outcome dependent. Pursuant to sections 330 and 331 of the Bankruptcy Code, all fees sought by professionals retained under section 327 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court, and are subject to adjustment by the Court depending upon the services rendered and the results obtained.

(7)     Time Limitation Imposed by Client or Other Circumstances. As stated above, Quinn Emanuel has been required to attend to various issues as they have arisen in these cases. Occasionally, Quinn Emanuel has had to perform those services under significant time constraints requiring attorneys and paraprofessionals assigned to these cases to work evenings and on weekends.

(8)     The Amount Involved and Results Obtained. Through the efforts of Quinn Emanuel, the Debtors are poised to initiate actions against Third Parties and maximize value for the Debtors' estates.

(9)     The Experience, Reputation and Ability of the Attorneys. Quinn Emanuel's attorneys involved in this representation have played a major role in numerous complex restructurings including, for example, the chapter 11 cases of Refco Inc., Enron Corp., et al., Safety-Kleen Corp., et al., and Adelphia Communications Corp., et al. Quinn Emanuel's experience enables it to perform the services described herein competently and expeditiously.

(10)    The "Undesirability" of the Case. These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of Quinn Emanuel's attorneys.

(11)    Nature and Length of Professional Relationship. Quinn Emanuel was selected as the Debtors special investigatory, litigation and conflicts counsel shortly after the Petition Date, on August 10, 2007, and was retained nunc pro tunc to that date pursuant to an order of this Court dated September 13, 2007.

## VI.    ALLOWANCE OF COMPENSATION

20.    The professional services rendered by Quinn Emanuel have required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and action by the Debtors could be addressed with skill and dispatch.  It is respectfully submitted that the services rendered to the Debtors were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' estates.

21.    The allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> Any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331. This Court has authorized the filing of this Application in the Compensation Order.

22.    With respect to the level of compensation, section 330(a)(1) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person: "reasonable compensation for actual, necessary services rendered." Section 330(a)(3)(A), in turn, provides that:

> [i]n determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issues or task addressed; and

(E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a) (3) (A).

23.    The congressional policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. See In re Busy Beaver Building Centers, Inc., 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts") (citation and internal quotation marks omitted).

24.    The total time spent by Quinn Emanuel attorneys and paraprofessionals during the Second Monthly Fee Period was 556.4 hours, which services have a fair market value of $294,569.00. As shown by this Application and supporting exhibits, Quinn Emanuel spent its time economically and without unnecessary duplication of time (or duplication of the efforts of the Debtors' other retained professionals). In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

## VII.    EXPENSES

25.    Quinn Emanuel has expended the total amount of $37,757.62 in actual, reasonable and necessary expenses in connection with representing the Debtors during the Second Monthly Fee Period. Quinn Emanuel maintains records of all actual and necessary expenses incurred in connection with the performance of professional services. A breakdown of

expenses, including the date the expense was incurred and the charge, is annexed hereto as Exhibit "B." Quinn Emanuel also seeks reimbursement for those expenses incurred by virtue of its retention of an expert for purposes of the recharacterization trials, a summary of which is annexed hereto as Exhibit "C."

26.    In connection with the reimbursement of actual, reasonable and necessary expenses, it is Quinn Emanuel's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to Quinn Emanuel's clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, document word-processing charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses particularly attributable to an individual client or cases such as secretarial and other overtime.

27.    Quinn Emanuel charges the Debtors for these expenses at rates consistent with those charged to Quinn Emanuel's other bankruptcy clients, which rates are equal to or less than the rates charged by Quinn Emanuel to its non-bankruptcy clients. Quinn Emanuel seeks reimbursement from the Debtors at the following rates for the following expenses: (a) ten cents per page for photocopying; and (b) one dollar per page for out-going facsimiles. In accordance with section 330 of the Bankruptcy Code and with the U.S. Trustee Guidelines, Quinn Emanuel will seek reimbursement only for the actual cost of such expenses to Quinn Emanuel.

28.    In providing or obtaining from third parties services which are reimbursable by clients, Quinn Emanuel does not include in such reimbursable amount any costs

of investment, equipment or capital outlay, except that the reimbursable cost of photocopying and faxes includes a factor for the cost of equipment.

29.    Quinn Emanuel regularly charges its non-bankruptcy clients for ordinary business hour fees and expenses for secretarial, library, word processing, and other staff services because such items are not included in the firm's overhead for the purpose of setting the billing rates.

30.    Attorneys at Quinn Emanuel have not incurred expenses for luxury accommodations, deluxe meals or air travel in excess of coach fares.  Throughout the Second Monthly Fee Period, Quinn Emanuel has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

## VIII.   NOTICE

31.    No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Application has been given to (a) the United States Trustee, (b) the Debtors, (c) counsel for the Debtors, (d) the Creditors' Committee, and (e) counsel for the Creditors' Committee.  Quinn Emanuel submits that no further notice need be given in accordance with the Compensation Order.

## IX.   CONCLUSION

**WHEREFORE**, Quinn Emanuel respectfully requests the Court to enter an order, substantially in the form attached hereto (i) approving and allowing Quinn Emanuel compensation in the amount of $293,619.00 for actual, reasonable and necessary professional services rendered and reimbursement of $37,757.62 for actual, reasonable and necessary expenses incurred, and authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $272,652.82, which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of such expense reimbursement; and (ii) granting such further relief as is just.

Dated: Wilmington, Delaware
     November 21, 2007

                       **QUINN EMANUEL URQUHART OLIVER &**
                       **HEDGES, LLP**

By _____
                        James C. Tecce
                        Susheel Kirpalani
                        Harrison Denman

                       51 Madison Avenue, 22nd Floor
                       New York, New York  10010
                       Telephone: (212) 849-7000
                       Telecopier: (212) 849-7100

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
In re:                                       :
                                             :
                                             :   Chapter 11
AMERICAN HOME MORTGAGE                        :
HOLDINGS, INC., a Delaware corporation, et al.,  :   Case No. 07-11047 (CSS)
                                             :
                                             :   Jointly Administered
                        Debtors.             :
-------------------------------------------------------x
```

## <u>CERTIFICATION OF JAMES C. TECCE</u>

James C. Tecce, an attorney-at-law, duly admitted in good standing to practice in the State of New York hereby certifies that:

1.     I am of counsel to the firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP ("**Quinn Emanuel**"), and I am duly authorized to make this Certification on behalf of Quinn Emanuel. Quinn Emanuel was retained by the Debtors as special investigatory litigation and conflicts counsel  pursuant to an order of the Court. This certification is made in support of Quinn Emanuel's Second Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses During the Period from September 1, 2007 Through September 30, 2007 (the "**Application**"), and in compliance with Local Rule 2016-2 of this Court (the "**Rule**"), and with the United States Trustee's Guidelines for Review Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "**Guidelines**").

2.      I have read the Application and I certify that the Application substantially complies with the Rule and the Guidelines.

Dated:
November 21, 2007

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**

James C. Tecce
55 Madison Avenue - 22nd Floor
New York, NY 10010
(212) 849 - 7200