UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation *et al.,* [1] | |
| Debtors. | Case Number 07-11047 (CSS) (Jointly Administered) |

Hearing Date:  November 28, 2007 at 10:00 A.M.

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363 AND 554 AND BANKRUPTCY RULE 6004 APPROVING CERTAIN PROCEDURES GOVERNING THE SALE, DONATION OR ABANDONMENT OF MISCELLANEOUS ASSETS
(DOCKET ENTRY # 1917)**

In support of her limited objection to the Debtors' motion for an order pursuant to Bankruptcy Code sections 105, 363 and 554 and Bankruptcy Rule 6004 approving certain procedures governing the sale, donation and abandonment of miscellaneous assets (the "Motion"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: AHM Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York  11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

## INTRODUCTION

1.  Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Motion.

2.  Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  See <u>United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)</u>, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); <u>Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)</u>, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.  Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this objection.

## GROUNDS/BASIS FOR RELIEF

4.  To the extent this Court authorizes the implementation of procedures to govern the sale, donation or abandonment of miscellaneous assets, such procedures must be narrowly drawn and limited in scope.  The U.S. Trustee's specific concerns with, and objections to, the relief requested are noted below.

    - *Sale of Personally Identifiable Information and 11 U.S.C. § 363(b)(1)* – Initially, it is unclear whether, under the proposed procedures, the Debtors intend to sell personally identifiable information concerning individuals which they obtained by offering a product or a service.  The U.S. Trustee submits that the Debtors should not be authorized to sell such property pursuant to the proposed procedures. Alternatively, if this Court authorizes the sale of such property pursuant to the procedures, this Court must ensure that there is ample opportunity to consider whether appointment of a consumer privacy ombudsman is required pursuant to 11 U.S.C. § 363(b)(1) before a sale is authorized.

- *Carve-Out for Employees, Insiders and Affiliates* – Given that transactions with employees, insiders and affiliates raise distinct concerns regarding the "arms-length" nature of the arrangements, such transactions should not be permitted under the proposed procedures.

- *Expanded Notice Contents* – The transaction notice must provide sufficient information to enable the Notice Parties to evaluate the proposed transaction. Accordingly, the following information should be included in the transaction notice: first, the identity of the Debtor-owner of the property at issue; second, with regard to sales, the book value of the property as reflected on the Debtors' books and records or, if no such value is available, an estimated value of the property; third, with regard to sales, a copy of the sale agreement, if there is one; and the procedures governing objections to the notice.

- *Time for Filing Objections, Service of Notice* – To the extent that the Debtors agree to extend the objection deadline, the Notice Period should be extended accordingly. Additionally, given the short temporal deadlines sought by the Debtors, service of objections by electronic mail should be permitted.

- *Dollar Cap on Donation/Abandonment Authority* – The Debtors should agree to limit their ability to donate/abandon assets to a reasonable dollar figure per transaction. Given that the purpose of the donation/abandonment procedures (generally speaking) is to allow for the orderly disposition of property where the cost of selling the property would be greater than a reasonable projection of the market value of such property, the Debtors should be allotted limited authority to donate and/or abandon property.

- *Rights of Notice Parties to Object to Proposed Donee* – The rights of Notice Parties to object to a proposed donee should be expressly reserved.

- *Carve-Out for Property Not Owned by the Debtors* – To the extent that the Debtors do not own the property at issue, such property should not be permitted to be sold pursuant to the proposed procedures.

- *Carve-Out for Property Subject to 11 U.S.C. § 363(o)* – To the extent that the Debtors propose to transfer any interests which they may have in consumer credit contracts which are subject to the Truth in Lending Act or any interest in a consumer credit contract (as defined in section 433.1 of title 15 of the Code of Federal Regulations (January 1, 2004) as amended from time to time, the U.S. Trustee submits that the Debtors should not be authorized to sell, donate or abandon such property pursuant to the proposed procedures. Alternatively, in the event that this Court authorizes the transfer of such interests pursuant to the procedures, the text of 11 U.S.C. § 363(o) should be included in the procedures order.

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court issue an order granting relief consistent with this objection.

        Respectfully submitted,

        **KELLY BEAUDIN STAPLETON**
        **UNITED STATES TRUSTEE**


        **BY:** /s/ Joseph J. McMahon, Jr.
            Joseph J. McMahon, Jr., Esquire (# 4819)
            Trial Attorney
            United States Department of Justice
            Office of the United States Trustee
            J. Caleb Boggs Federal Building
            844 King Street, Room 2207, Lockbox 35
            Wilmington, DE  19801
            (302) 573-6491
            (302) 573-6497 (Fax)

Date:  November 23, 2007