IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re: : Chapter 11
:
American Home Mortgage Holdings, Inc., et al. : Case No. 07-11047 (CSS)
: (Jointly Administered)
Debtors :

---

## SUPPLEMENTAL AFFIDAVIT OF MARK T. POWER

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK  )

Mark T. Power, being duly sworn, deposes and says:

1. On September 14, 2007, I filed my affidavit (the "Affidavit") in connection with the Application for Authorization to Retain Hahn & Hessen LLP ("H&H") as co-counsel for the Official Committee of Unsecured Creditors [Docket No. 758] dated September 14, 2007 (the Application").

2. At the request of the Office of the United States Trustee, I have been asked to provide this Supplemental Affidavit.

3. Based on a further search of H&H's records of all of its clients and the matters on which it represented or represents those clients, H&H has not in the past, and does not currently, represent Wilbur Ross (or Ross), or to my knowledge any entity controlled by Wilbur Ross and will not do so in connection with these proceedings.

4. In my Affidavit, I stated that while H&H had in the past, it does not currently represent Merrill Lynch Business Financial Services and/or certain of its affiliates.

1358011.v2

After the execution of my Affidavit, H&H has been retained in a single new matter, unrelated to these cases, in which it represents a consortium of institutions, including, upon information and belief, an affiliate of Merrill Lynch. H&H will not represent Merrill Lynch in connection with these proceedings.

5. As referenced in my Affidavit, H&H received a conflict waiver letter dated September 7, 2007 from Bank of America, N.A., in its capacity as administrative agent and various other capacities ("BoA"). The September 7th letter was a limited waiver, which was expressly "conditioned upon the understanding that [H&H may not] represent or advise any party with respect to the commencement or continuation of any adversary proceeding, contested matter or lawsuit against BoA, including, without limitation, any of the foregoing proceedings which involve BoA's rights, obligations or liabilities under or in connection with (i) that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006 (as heretofore amended, restated, modified or supplemented from time to time, and all other documentation executed in connection therewith), among Bank of America, N.A., as administrative agent, certain Debtors, as borrowers, and the lenders from time to time party thereto, (ii) any other of its warehouse lending facilities, (iii) its repurchase agreements, (iv) other of its credit facilities, and (v) the safe harbor provisions of the Bankruptcy Code that may be applicable in the Debtors' bankruptcy proceeding." By letter dated November 14, 2007, BoA clarified that H&H in its capacity as counsel to the Committee (as well as its co-counsel Blank Rome) is permitted to conduct an investigation of the prepetition secured parties in respect of the matters specified in clause (i)(x) of paragraph 20 of the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition

- 3 -

Secured Parties dated September 2, 7007, as amended and extended. H&H is proceeding to conduct that investigation.

6. Most of the current clients of the Firm listed in paragraph 8 of my Affidavit have policies which prohibit their outside law firms from representing an adversary in a lawsuit filed against such institution or its affiliates. In addition, H&H has its own internal policy that it will not represent a client in a litigation commenced against another client of the Firm. Consequently, as I stated in my Affidavit, "H&H will not represent the Committee in any adversary proceedings involving any of the Firm's current clients, but will defer to co-counsel, or, if co-counsel is also conflicted, to special conflicts counsel engaged for that purpose." The Committee was informed of this limitation in connection with my Firm's engagement.

7. Other than as disclosed in my Affidavit and herein and my Firm's obligations under applicable canons of professional responsibility, I am not aware of any known restrictions on H&H's ability to represent zealously the Committee in these cases, including the taking of positions adverse to any parties in interest.

8. Otherwise, I reaffirm the statements made in my Affidavit.

Dated: November 27, 2007

_____
MARK T. POWER

Sworn to before me this
27 day of November, 2007

_____
Notary Public

ANNE S. MELDON
Notary Public, State of New York
No. 01ME6047317
Qualified in New York County
Commission Expires July 31, 2009