IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

American Home Mortgage Holdings, Inc., et al.,[1]

Debtors.

Chapter 11

Case No. 07-11047 (CSS)

(Jointly Administered)

Re: 966

## ORDER AUTHORIZING THE RETENTION OF BDO SEIDMAN LLP AS ACCOUNTANT FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Official Committee of Unsecured Creditors (the "Committee") of American Home Mortgage Holdings, Inc., et al., the above-referenced debtors and debtors-in-possession (collectively, the "Debtors"), by application dated September 27, 2007 [Dkt. No. 966], for entry of an order pursuant to Section 327 of the Bankruptcy Code authorizing the Committee to retain BDO Seidman LLP ("BDO Seidman") as its financial advisors in these cases (the "Application"); and upon the affidavit of William K. Lenhart, a member of BDO Seidman, duly sworn to on the 13th day of September (the "Lenhart Affidavit"), 2007, and it appearing that notice of the Application has been given to the Office of the United States Trustee, counsel to the Debtors, the Debtors' pre-petition and post-petition secured lender, other parties-in-interest and those entities filing notices of appearance pursuant to Bankruptcy Rule 2002 and that no further notice need be given; and the Office of the United States Trustee having raised an informal objection to the retention of BDO Seidman and its affiliate, Trenwith Securities, LLC ("Trenwith") as part of a single application; and BDO having agreed to file a separate application

---

[1] The Debtors in these cases, are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

900200/00001/40172397v1

from the Commmmittee's retention of Trenwith; and the Court being satisfied based upon the representations made in the Application and Lenhart Affidavit that (i) the employment of BDO Seidman is necessary and in the best interest of the Debtors' estates, (ii) BDO Seidman serves no interest adverse to the Debtors and their estates, and (iii) BDO Seidman is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code; and after due deliberation, and sufficient cause appearing therefor; it is therfore

**ORDERED**, that the Committee is authorized to employ BDO Seidman as its financial advisors to assist it in this proceeding effective as of August 14, 2007; and it is further

**ORDERED,** that that part of the Application relating to the retention of Trenwith is deemed withdrawn without prejudice to Trenwith filing a separate application for retention; and it is further

**ORDERED**, that BDO Seidman shall be compensated at its customary hourly rates in effect at the time its services are rendered, in accordance with the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules as may then be applicable and any procedures established by orders of this Court.

Dated: Wilmington, Delaware
November 27, 2007

_____
UNITED STATES BANKRUPTCY JUDGE