IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------------- x
In re:                                                    :   Chapter 11
                                                          :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                    :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                           :
                                                          :   Jointly Administered
        Debtors.                                          :
                                                          :   Ref. Docket Nos. 1885 and 2137
--------------------------------------------------------- x
```

### ORDER AUTHORIZING PAYMENT OF INCENTIVE PAY TO SENIOR MANAGEMENT PURSUANT TO SECTIONS 105(a), 363(b)(1) AND 503(c)(3) OF THE BANKRUPTCY CODE

Upon consideration of the motion (the "Motion") of the debtors and debtors in possession in the above cases (collectively, the "Debtors") for entry of an order, pursuant to sections 105(a), 363(b)(1) and 503(c)(3) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing, but not directing, payment of incentive pay to certain members of Senior Management; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested by this Motion is in the best interest of the Debtors, their estates and creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

### ORDERED, ADJUDGED, AND DECREED that:

1.      The Motion is granted, as modified herein.

2.      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3.      Pursuant to sections 105(a), 363(b) and 503(c)(3) of the Bankruptcy Code, the Debtors are authorized, but not required, (a) to adopt and implement the Executive Incentive Plan ("EIP"), (b) to make Contributions into the Plan Pool in accordance with the terms of the EIP in an amount not to exceed $9 million, (c) to make payments consistent with the EIP; and (d)

to take such other actions as may be necessary to implement the EIP, including, without limitation, designing and/or altering the EIP in any manner necessary to comply with applicable law.

4.      The authorization granted hereby to make payments to Senior Management under the EIP shall not create any obligation on the part of the Debtors or their officers, directors, attorneys or agents to make payments under the EIP and none of the foregoing persons shall have any liability on account of any decision by the Debtors not to honor the EIP. Notwithstanding any language in the EIP to the contrary, and regardless of whether a Plan Participant is employed by the Debtors at the time of the event, payments under the EIP to particular Plan Participants may be subject to disgorgement to the estates, upon the motion of any party in interest (including the United States Trustee), after appropriate notice and a hearing, if one or both of the following events occur(s): (i) such Plan Participant is determined by a court or governmental entity to have civil liability and/or criminal liability relating to such Plan Participant's employment (unless such civil and/or criminal liability results from a negotiated settlement in which the Plan Participant does not admit to the alleged conduct giving rise to such liability); and (ii) the Debtors discover that the Plan Participant had a material and direct conflict of interest that was not specifically waived in advance by the Debtors.

5.      Neither this Order nor any payment or performance by the Debtors authorized hereunder shall be deemed an assumption of any executory contract or otherwise affect the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract.

6.      Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

2

7.    This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
        *November 28*  , 2007

Christopher S. Sontchi
United States Bankruptcy Judge

3