## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation, *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br><br>(Jointly Administered) |

### INITIAL OMNIBUS CURE CLAIM OF WELLS FARGO BANK, N.A. AS MASTER SERVICER, SECURITIES ADMINISTRATOR, TRUST ADMINISTRATOR AND/OR INDENTURE TRUSTEE AGAINST CURE ESCROW

1.     *Name of Claimant and Name/Address Where Notices Should be Sent.*  In accordance with paragraph 33 of the Sale Approval Order,[1] this omnibus cure claim (the "*Initial Cure Claim*") is made by Wells Fargo Bank, N.A., as the Master Servicer, Securities Administrator, Trust Administrator and/or Indenture Trustee ("*Wells Fargo*") with respect to approximately 78 securitization transactions for which American Home Mortgage Servicing, Inc. or one of the other Debtors serves as servicer.  The undersigned is duly authorized and empowered to make this Initial Cure Claim on behalf of Wells Fargo.

Wells Fargo files this Initial Cure Claim in the aggregate amount of $596,066.35 subject to the reservation of rights set forth below as follows:

---

[1]   Unless otherwise indicated, capitalized terms not defined herein shall have the same meaning ascribed to such terms in the Order Pursuant to Sections 105, 363, 364, 365, and 503(b) of the Bankruptcy Code, and Rules 2002, 4001, 6004, 6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving (i) the Sale of the Debtors' Mortgage Servicing Business Free and Clear of Liens, Claims and Interests, (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (B) Granting Certain Related Relief (the "*Sale Approval Order*") (Docket No. 1711).

a.      Indemnification for the fees and expenses of outside legal counsel through October 31, 2007 in connection with the bankruptcy proceeding and the sale of the servicing business to the Purchaser the amount of $517,229.99 consisting of $488,989.79 for Chapman and Cutler LLP and $28,240.20 for Wolf, Block, Schorr and Solis-Cohen LLP;

b.      Indemnification for the extraordinary default management and administration fees and expenses of Wells Fargo through October 31, 2007 in the amount of $78,836.36;

All court orders and notices with respect to this Initial Cure Claim should be sent to:

> Wells Fargo Bank, N.A.
> Attn:  William Fay
> Default & Restructuring Account Manager
> Wells Fargo Bank, N.A.
> Corporate Trust Services, Asset Securitization Group
> 9062 Old Annapolis Road, MAC N2702-011
> Columbia, MD 21045
> Phone:  (410) 884-2286

**With copies to**:

> Franklin H. Top, III
> Chapman and Cutler LLP
> 111 West Monroe Street, 18th Floor
> Chicago, Illinois 60603
> Phone:  (312) 845-3000
>
> and
>
> Todd C. Schiltz
> Wolf, Block, Schorr and Solis-Cohen LLP
> 1100 N. Market St., Suite 1001
> Wilmington, DE 19801
> Phone:  (302) 777-0312

2.      *Procedural Background.*  On August 6, 2007 (the *"Petition Date"*), each of the Debtors filed a voluntary bankruptcy petition for relief under Chapter 11 of Title 11 of the United States Code (the *"Bankruptcy Code"*).

On August 6, 2007, the Debtors filed their Emergency Motion of the Debtors for Orders: (A)(I) Approving Sales Procedures; (II) Scheduling A Hearing to Consider Sale of Certain Assets Used in the Debtor's Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Fee and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the *"Motion"*).  The Court approved the Motion on August 7, 2007, establishing certain auction and sales procedures with respect to the loan servicing business, establishing August 27, 2007 as the date upon which assumption notices were required to be filed.  In addition, the Court approved the Cash Management Order, as defined below.

On or about August 27, 2007, the Debtors filed their Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations (the "*Assumption Notice*").  The Debtors proposed a cure amount of "$0" for each of the servicing agreements listed on the schedule attached to the Assumption Notice.

The Debtors filed a Modified Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, if Any, (the *"Modified Assumption Notice"*) which added additional contracts to the list of those contracts to be assumed and established an extended objection deadline to September 20, 2007.

On September 20, 2007, Wells Fargo filed its Objection and Reservation of Rights to the Motion, Assumption Notice and Sale of the Loan Servicing Business.  On October 2, 2007, Wells Fargo filed a Supplement to its Objection.

WIL:70026.1/WEL079-247173

Based upon resolutions reached with the Debtors, including but not limited to the establishment of a Cure Escrow in the amount of $10,000,000 to cover any cure costs as set forth in the Sale Approval Order entered on the docket on October 30, 2007, Wells Fargo withdrew its objections to the sale. Pursuant to Paragraph 33 of the Sale Approval Order, Wells Fargo has the right to assert a claim against the Cure Escrow for amounts owed under the terms of its Servicing Agreements with respect to the servicing business.

3.     *Basis for Claim.*   Under the terms of the relevant Servicing Agreements, the Debtors have agreed to pay the fees and expenses of the Master Servicer in connection with the transfer of the servicing of the mortgage loans. In addition, Wells Fargo is entitled to be indemnified in connection with any and all claims, losses and costs incurred by it as a result of the actions of the Servicer. Wells Fargo has retained the law firms of Chapman and Cutler LLP and Wolf Block to perform legal services on behalf of the Master Servicer in connection with these bankruptcy proceedings and the transfer of the servicing business to a third party. The fees and expenses of outside legal counsel relate to extraordinary default management and sale of the Debtors' loan servicing business. As of October 31, 2007, these fees and expenses totaled $517,229.99. These fees and expenses will be updated through the Initial Close within thirty days of the receipt of the notice thereof. In addition, Wells Fargo has incurred internal costs for extraordinary default management and administration  in the amount of $78,836.36. Wells Fargo estimates the additional transfer costs through the Final Closing will likely be not more than $500,000.

Wells Fargo also asserts this Initial Cure Claim pursuant to the Order Pursuant to Sections 105(a), 345, and 503(b)(1) of the Bankruptcy Code (I) Authorizing the Debtors to Maintain and Use Existing Bank Accounts and Business Forms, (II) Authorizing the Debtors to Maintain and Use Existing Cash Management System, and (III) Extending The Debtors' Time to

WIL:70026.1/WEL079-247173

Comply with Section 345 of the Bankruptcy Code, dated August 7, 2007 (the "*Cash Management Order*") (Docket No. 66).  The Cash Management Order provides, in relevant part, that:

> The Debtors shall perform each of their Securitization Servicing Functions in accordance with the terms and conditions of the Securitization Documents until the Termination Date (as defined below).  Without limiting the generality of the foregoing, the Debtors are authorized and directed to make all required Advances and to perform indemnification obligations as provided under the Securitization Documents without further application to, or order of, this Court,  In addition, parties to the securitization transactions are authorized free and clear of any constraints imposed by the Bankruptcy Code, including, without limitation, section 362 of the Bankruptcy Code, to continue any customary prepetition practices of billing, reporting or otherwise making demands on each other as to amounts due and to the extent that the relevant parties continue to agree to do so, of "netting" amounts currently due to and from such parties

Cash Management Order, page. 6

The Cash Management Order further provides, in relevant part, that:

> The reasonable costs of such trustee monitoring efforts shall be considered a reasonable expense of administration of the securitization trust reimbursable under the indemnification provisions of the Securitization Documents in accordance with the Securitization Documents or, alternatively, such expenses shall be afforded administrative expense priority under section 503(b)(1)(A) and 507(a)(2) to the extent provided in the relevant Securitization Documents

Cash Management Order, pages 7-8.

Wells Fargo reserves the right to assert claims for indemnification and its monitoring efforts as administrative priority expense claims.

4.    *Reservation of Certain Rights.*  The Debtors have represented in their cure notices that no defaults exist under the terms of the Servicing Agreements.  As such, Wells Fargo

reserves its rights to further amend this claim in the event it becomes aware of the following types of breaches:

     a.    Litigation.  The servicer's indemnification obligations include an indemnity for any losses suffered as a result of any litigation brought against a trust or the Master Servicer as a result of, *inter alia*, any unfair debt collection practices employed by AHM as servicer.  While Wells Fargo is not aware of any litigation seeking to hold it or any trust liable (or seeking to set off against any note held by a trust), Wells Fargo notes that (a) the Debtors Statement of Financial Affairs reveal more than 100 actions brought by or against the Debtors as of the date of the petition, and (b) the servicer regularly institutes foreclosure proceedings which theoretically may give rise to counterclaims (whether or not meritorious) against the servicer and/or the trusts, trustees or master servicer.  As such Wells Fargo cannot be certain that there are no litigation matters which might give rise to an indemnity claim.

     b.    Assignments.  The servicer's indemnification obligations would include an indemnity as a result of the failure of the servicer to adequately reflect the transfer of the relevant mortgage loan on either the MERS system or the appropriate recording office. Wells Fargo currently does not have sufficient information to determine whether the Purchaser or Seller will complete or have completed all necessary filings and therefore it reserves its right to assert further claims to the extent of any damage caused by any such failure.

     c.    General Breaches of Servicing Standards.  The servicer's indemnification obligations would also cover damages arising from the Debtors' breach of their obligations under the Servicing Agreements. The Debtors have represented that there are no such claims by asserting zero as the cure amount, and Wells Fargo is currently unaware of any such breaches.  Thus Wells Fargo reserves the right to supplement or amend this claim if such representation proves incorrect.

     *5.*    *Allocation of Damages.*  The total damages are set forth on <u>Exhibit A</u> hereto and allocated to each securitization transaction on the basis of the unpaid balance of the mortgages related to each securitization transaction per Schedule 5.6(a) to the Asset Purchase Agreement approved pursuant to the Sale Approval Order or per Wells Fargo's records as of June 30, 2007.

     6.    *Reservation of Rights to Document Claim.*  Wells Fargo reserves its rights to support its claim with any additional documents but believes all of the relevant agreements are in the control of the Debtors.

7.    *General Reservation of Rights and Claims.*  Wells Fargo expressly reserves any rights, remedies, liens, interests, priorities, protections, defenses and claims which it may have against the Debtors or any subsidiaries, creditors, management and other parties under the Bankruptcy Code, and the rights and benefits at law or in equity to all the rights and interests under and with respect to the Servicing Agreements.

The filing of this Initial Cure Claim is not intended to be and should not be construed as (a) an election of a remedy, a waiver of any past, present or future defaults or events of default or a waiver or limitation of any rights, claims or causes of action of Wells Fargo; (b) a consent by Wells Fargo to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Wells Fargo; or (c) a waiver of any right to (i) move to withdraw reference, or otherwise challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Wells Fargo; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Wells Fargo.  Wells Fargo specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Wells Fargo by the Debtors, any of its successors and assigns or by any trustee for the Debtors' estate.

[Remainder of page intentionally left blank.]

WIL:70026.1/WEL079-247173

Dated:  November 29, 2007

                              **WELLS FARGO BANK, NATIONAL
                              ASSOCIATION**


                              By: /s/ Todd C. Schiltz _____
                                  Todd C. Schlitz (# 3253)
                                  Wolf, Block, Schorr and Solis-Cohen LLP
                                  1100 North Market Street, Suite 1001
                                  Wilmington, Delaware 19801
                                  Tel: (302) 777-0312

WIL:70026.1/WEL079-247173