**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | ) | Case No. 07-11047 (CSS) Jointly Administered |
| Debtors. | ) | Re: Docket Nos. 11, 674, 865, 937, and 1711 |

**NOTICE OF CURE AMOUNT DUE RESIDENTIAL FUNDING COMPANY LLC**

Residential Funding Company LLC ("GMAC-RFC"), by and through its counsel, hereby files this Notice of Cure Amount (the "Notice") pursuant to paragraph 33 of the Order Pursuant to Sections 105, 363, 364, 365, and 503(b) of the Bankruptcy Code, and Rules 2002, 4001, 6004, 6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving (i) the Sale of the Debtors' Mortgage Servicing Business Free and Clear of Liens, Claims and Interests; (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (B) Granting Certain Related Relief [Docket No. 1711] (the "Sale Order"), as follows:

1. On August 6, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. The Debtors have continued to operate their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. Prior to the Petition Date, GMAC-RFC entered into a Seller/Servicer Contract dated January 15, 1996 with Michael Strauss dba American Home Mortgage American Brokers

Conduit, now, upon information and belief, American Home Mortgage Servicing, Inc. (the "Debtor Servicer").

4. Pursuant to the Seller/Servicer Contract, the Debtor Servicer sold certain loans to, and/or serviced certain loans for, GMAC-RFC, which GMAC-RFC agreed to purchase and have serviced subject to the terms and conditions set forth in that certain Residential Funding Seller and Servicer Guides, as amended, supplemented, or otherwise modified from time to time (the "Guides"; together with the Seller/Servicer Contract collectively, the "Agreement").

5. The Debtors filed the Emergency Motion of the Debtors for Orders: (A)(i) Approving Sale Procedures; (ii) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (iii) Approving Form and Manner of Notice Thereof; and (iv) Granting Related Relief; and (B)(i) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing and Approving Purchase Agreement Thereto; (iii) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (iv) Granting Related Relief [Docket No. 11], as modified, supplemented, and/or amended by the subsequent Motion of the Debtors for Order Pursuant to Sections 105(a), 363, 364, 365, and 503(b) of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, 6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing that Certain Notices of Such Sale and Deadline be Given; and (D) Authorizing, on an Interim Basis, the Debtors to Grant Certain Liens and Other Protections for the Purchaser's Collateral Effective After the Initial Closing [Docket No. 865] (collectively, the "Sale Motion").

6. Pursuant to the Sale Motion, the Debtors, *inter alia*, have sought to assume and assign the servicing-related aspects of the Agreement to AH Mortgage Acquisition Co.

7. On September 20, 2007, GMAC-RFC filed its Objection To Debtors' Proposed Cure Amounts [Docket No. 859].

8. On October 2, 2007, GMAC-RFC filed its Objection to the Debtors' Sale Motion [Docket No. 1061].

9. On October 30, 2007, the Court entered the Sale Order.

10. Schedule I of the Sale Order provides to pay $0.00 on account of GMAC-RFC's cure claim, unless GMAC-RFC files a notice of cure claim (Sale Order, ¶ 33).

11. Pursuant Section 219 to the Guides,[1] the Debtors owe certain indemnification obligations to GMAC-RFC. As of October 30, 2007, the indemnification obligations owed by the Debtors to GMAC-RFC, including reasonable attorney fees and costs associated with the

---

[1] Section 219 of the Guides provides in relevant part:

> **Indemnification.** The [Debtor Servicer] indemnifies GMAC-RFC from and holds it harmless against all losses, damages, penalties, fines, forfeitures, court costs and reasonable attorneys' fees and expenses (collectively, the losses) heretofore or hereafter resulting from any Event of Servicer Default, including but not limited to any act or failure to act or any breach of any warranty or representation or obligation contained in or made pursuant to the Client/Servicer Contract ... and from any claim, demand, defense, or assertion against it involving GMAC-RFC based on or grounded upon, or resulting from such breach or a breach of any representation, warranty, or obligation made by GMAC-RFC in reliance upon any warranty, obligation or representation made by the [Debtor Servicer] contained in or made pursuant to the Client/Servicer Contract. The [Debtor Servicer] shall indemnify GMAC-RFC and hold it harmless against all court costs, attorney's fees, and any other costs, fees and expenses incurred by GMAC-RFC in enforcing the Client/Servicer Contract...The obligations of the [Debtor Servicer] under this Section will survive ... the termination of the Client/Servicer Contract, and the disqualification or suspension of the [Debtor Servicer].

Debtor Servicer's Event of Servicer Default.[2] GMAC-RFC is not attaching the billing statements to this Notice because the billing detail is subject to the attorney-client privilege and work product privilege.

12. Pursuant to paragraphs 33-39 of the Sale Order, GMAC-RFC hereby files this Notice of Cure Claim in the aggregate amount of $98,952.15, consisting of the Debtors' indemnification obligations under the Agreement to be paid out of the Cure Escrow in accordance with the terms of the Sale Order.

Dated: November 29, 2007
Wilmington, Delaware

REED SMITH LLP

By: /s/ Kimberly E. C. Lawson

Kimberly E. C. Lawson (No. 3966)
1201 Market Street; Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: klawson@reedsmith.com

and

Robert P. Simons
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-7294
Facsimile: (412) 288-3063

and

[2] The Debtors are also obligated to repurchase eight (8) loans from GMAC-RFC in the aggregate original principal amount of $3,758,450 (the "Repurchase Obligations"). While GMAC-RFC has agreed not to pursue the Repurchase Obligations as cure costs, the Repurchase Obligations are still outstanding and are due and owing to GMAC-RFC by the Debtors' bankruptcy estates.

Claudia Z. Springer
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420

*Attorneys for Residential Funding Company LLC*