UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| AMERICAN HOME MORTGAGE | ) |
| HOLDINGS, INC., et al., | ) Case No. 07-11047 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. 1711 |

## PROOF OF CURE CLAIM AND ESTIMATE OF TRANSFER COST CLAIM OF THE BANK OF NEW YORK, IN VARIOUS CAPACITIES

1. The Bank of New York in its capacity (a) as Indenture Trustee for the American Home Mortgage Investment Trust Series 2004-4 Mortgage-Backed Notes, and (b) as Master Servicer, Securities Administrator and Custodian for the GSAA Home Equity Trust 2006-6 Asset Back Certificates Series 2006-6 and the GSAA Home Equity Trust 2006-9 Asset Back Certificates Series 2006-9[1] (the "Claimant"), hereby files this proof of cure claim and estimate of transfer cost claim (the "Cure and Transfer Cost Claim") asserting its right to cure payments and potential transfer costs under certain mortgage loan servicing agreements.

2. American Home Mortgage Servicing Inc. (the "Debtor" or "AHM Servicing") entered into certain agreements with the Claimant in connection with the following three securitizations in which AHM Servicing services or subservices certain mortgage loans: (a) American Home Mortgage Investment Trust Series 2004-4 Mortgage-Backed Notes (the "2004-4 Notes"), (b) GSAA Home Equity Trust 2006-6 Asset Back Certificates Series 2006-6 (the "2006-6 Certificates") and (c) GSAA Home Equity Trust 2006-9 Asset Back Certificates Series

---

[1] The Bank of New York is successor to JPMorgan Chase Bank, National Association, as Master Servicer, Securities Administrator and Custodian for the 2006-6 Certificates (as defined below) and the 2006-9 Certificates (as defined below)

500184529v6
RLF1-3228742-1

2006-9 (the "2006-9 Certificates"). A table listing the specific agreements is attached hereto as Exhibit A (the "Servicing Agreements").

3. In September, 2007, the Debtors filed the Emergency Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the "Sale Motion"). The hearing to approve the Sale Motion commenced on October 15, 2007 and the Court approved the sale and entered an order to that effect on October 30, 2007 (the "Sale Order").

4. Under Schedule I to the Sale Order, the Debtors have set out their position as to the liquidated cure amount for each contract that the Debtor will be assuming and assigning, which includes the Servicing Agreements (collectively, the "Assumed Contracts"). This amount is said to represent the maximum amounts owed or claimed to be owed with respect to defaults relating to such Assumed Contracts that occurred prior to the date of the entry of the Sale Order. A cure amount of $0.00 has been designated with respect to the Claimant's Servicing Agreements. The Sale Order further provides that if certain parties, which includes the Claimant, disagree with the amount on Schedule I, such party has 30 days to file a claim. See ¶ 33 of the Sale Order.

5. Between August, 2007 and October, 2007, the Claimant has accrued $23,905.00 in default administration fees and $482,138.73 in legal fees, which amounts need to be cured

before the Debtor may assume and assign the Servicing Agreements under the Sale Order. Pursuant to certain provisions of the agreements to which it is a party, the Claimant is entitled to recovery of these fees from the Debtor. Such provisions include, but not limited to, sections 5.06 and 6.01 of the 2004-4 Servicing Agreement and section 12.01 of the 2006-6 and 2006-9 Servicing Agreement. Additionally, BNY has identified an as-yet unexplained $72,159.17 discrepancy in AHM Servicing's accounts for 2006-6 Certificates which discrepancy must be resolved.

6. Paragraph 39 of the Sale Order also provides that a counterparty to any Assumed Contract may file a claim for any reasonable out of pocket expenses incurred as a result of the assignment and assumption of the Assumed Contracts to the extent that such contracts allow for such expenses to be charged to the Debtors ("Transfer Costs") within 10 days after the occurrence of the Final Closing (as defined in the Sale Order). A good faith estimate of such amounts, however, must be filed in accordance with Paragraph 34 of the Sale Order within 30 days of the entry of the Sale Order. In accordance with said paragraph, the Claimant hereby estimates that its potential Transfer Costs will be $100,000.

7. Accordingly, BNY hereby asserts a Cure and Transfer Cost Claim of $678,202.90.

8. Based on the Debtors' testimony at the Sale Hearing and the Claimant's initial review, the Claimant is not presently aware of any other defaults or other basis for cure claims under the Servicing Agreements. The Claimant, however, has had limited time to investigate and hereby reserves the right to amend or supplement this Cure and Transfer Cost Claim in any respect, to fix or liquidate any claims stated herein, to specify and quantify expenses or other charges or claims incurred by Claimant.

3

9. The execution and filing of this Cure and Transfer Cost Claim is not a waiver of any of Claimant's rights including, without limitation, the right to move to withdraw the reference with respect to the subject matter of this claim or otherwise, and any right to trial by jury that Claimant may have in any civil proceeding arising in or related to this case, nor is it a consent to jurisdiction of this or any court except with respect to the allowance of the claims asserted herein.

*[Remainder of page intentionally left blank]*

10. The address to which all notices to the Claimant should be addressed is:

> The Bank of New York
> 101 Barclay Street, 8W
> New York, New York 10286
> Attn: Martin Feig
>
> with a copy to:
>
> Pillsbury Winthrop Shaw Pittman LLP
> 1540 Broadway
> New York, New York 10036
> Attention: Leo T. Crowley, Esq.

Dated: November 29, 2007
Wilmington, Delaware

*/s/ Christopher M. Samis*
Russell C. Silberglied (DE No. 3462)
Christopher M. Samis (DE No. 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

-and-

PILLSBURY WINTHROP SHAW PITTMAN LLP
Leo T. Crowley
Margot P. Erlich
1540 Broadway
New York, New York 10036
(212) 858-1000

Attorneys for The Bank of New York,
in various capacities

5

## EXHIBIT A

| Name of Agreement | Type of Agreement | Deal to which Agreement is Related | BNY's Role |
|---|---|---|---|
| RMBS Servicing Agreement dated as of December 21, 2004 by and among American Home Mortgage Trust 2004-4, as Issuer, AHM Servicing, as RMBS Master Servicer and The Bank of New York, as Indenture Trustee (the "2004-4 RMBS Servicing Agreement") | Servicing Agreement | American Home Mortgage Investment Trust Series 2004-4 Mortgage-Backed Notes | Indenture Trustee, Certificate Registrar, Certificate Paying Agent and Securities Intermediary |
| Mortgage Loan Sale and Servicing Agreement dated as of December 1, 2005 by and among American Home Mortgage Corp., as seller, AHM Servicing as servicer and Goldman Sachs Mortgage Company as purchaser (the "2006-6 and 2006-9 Servicing Agreement") | Servicing Agreement | GSAA Home Equity Trust 2006-6 Asset Back Certificates Series 2006-6 and GSAA Home Equity Trust 2006-6 Asset Back Certificates Series 2006-9 | Master Servicer, Securities Administrator and Custodian |
| Assignment and Assumption and Recognition Agreement dated as of April 28, 2006 by and among AHM Servicing, as servicer American Home Mortgage Corp., GS Mortgage Securities Corp., as assignor, U.S. Bank National Association, as trustee and assignee and acknowledged by JPMorgan Chase Bank, National Association, as master servicer | Third Party Securitization | GSAA Home Equity Trust 2006-6 Asset Back Certificates Series 2006-6 | Master Servicer, Securities Administrator and Custodian |
| Assignment and Assumption and Recognition Agreement dated as of May 26, 2006 by and among AHM Servicing, as servicer American Home Mortgage Corp., Goldman Sachs Mortgage Company, as assignor and GS Mortgage Securities Corp, as assignee | Third Party Securitization | GSAA Home Equity Trust 2006-6 Asset Back Certificates Series 2006-9 | Master Servicer, Securities Administrator and Custodian |

6

500184529v6
RLF1-3228742-1