UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re:                                                          :     Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS, INC.,      :     Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                             :
                                                                :     Jointly Administered
    Debtors.                                           :

------------------------------------------------------------------ x

### NOTICE OF FILING OF SETTLEMENT AGREEMENTS PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019

TO:        (I) THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE;
           (II) COUNSEL TO THE COMMITTEE; (III) COUNSEL TO THE DEBTORS'
           POSTPETITION LENDER; AND (IV) ALL PARTIES ENTITLED TO NOTICE
           UNDER DEL. BANKR. LR 2002-1(B)

**PLEASE TAKE NOTICE** that, in accordance with the Order Pursuant to

Bankruptcy Rule 9019 and Section 105 of the Bankruptcy Code, Authorizing the Debtors to

Adopt and Implement Omnibus Settlement Procedures for Notice and Settlement of Certain State

Court Causes of Action Filed By the Debtors [Docket No. 2209] (the "Order"),[2] the Debtors in

the above captioned bankruptcy cases have filed the following seven settlements: (1) a Full

Release, Settlement and Indemnity Agreement between the Debtors and James C. Boudreau,

State Appraisals, Inc., General Star National Insurance Company and General Star Management

Company (attached as Exhibit B); (2) a Full and Final Release, Hold Harmless and Indemnity

Agreement between the Debtors and Pamela Siira, Pamela Notturno and the Appraisal Place, Inc.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]    A copy of the Order is attached hereto as Exhibit A.

(attached as Exhibit C); (3) a Release between the Debtors and NBGI, Inc. d/b/a/ National Bankers Group, Inc. (attached as Exhibit D); (4) a Release between the Debtors and Allied Home Mortgage Capital Corp. (attached as Exhibit E); (5) a Release between the Debtors and United General Mortgage Corporation (attached as Exhibit F)[3]; (6) a between the Debtors and JLM Direct Funding, Ltd., Intac Funding, Inc., Dow Hickman, Thomas Mays, Louis V. Danna II, Green Tree Partnership, Walsh Family Partnership, Ltd., Michael R. Walsh, Patria Walsh Gillis a/k/a Patricia Gillies and Kathryn O. Walsh (attached as Exhibit G); and (7) a Release between the Debtors and USA Funding Corp. (attached as Exhibit H) (together, the "Settlements").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, any objections or responses are to be filed on or before **December 19, 2007 at 4:00 p.m. (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801 and served upon each of the following parties so as to be received on or before the Objection Deadline: (i) the Office of the United States Trustee, (ii) counsel to the Debtor, (iii) counsel to the Committee, (iv) counsel to the Debtors' Postpetition Lender, and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b).

---

[3] It should be noted that the $190,000 settlement amount referenced in Exhibit F, is the aggregate settlement amount of three separate suits; namely, (i) *American Home Mortgage Corp. v. United General Mortgage Corporation*, Case No. 07- CIV 6218 (S.D.N.Y.), (ii) *American Home Mortgage Corp. v. United General Mortgage Corporation*, Case No. 07-1174 (E.D.N.Y), and (iii) *American Home Mortgage Corp. v. United General Mortgage Corporation*, Case No. 07-2404 (E.D.N.Y.).

**PLEASE TAKE FURTHER NOTICE** that if an objection or response is not filed by the Objection Deadline, the Debtors will file a certificate of no objection after which the Settlements shall be deemed approved pursuant to Bankruptcy Rule 9019, section 105 of the Bankruptcy Code, and the terms set forth in the Order without further order from the Court.

Dated:  Wilmington, Delaware
        November 30, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James Patton (No. 2202)
Robert S. Brady (No. 2847)
Pauline Morgan (No. 3650)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

Counsel for the Debtor and Debtor-in-Possession

## <u>EXHIBIT A</u>

### Order

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------------------- x
In re:                                        :   Chapter 11
                                              :
AMERICAN HOME MORTGAGE HOLDINGS,              :   Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]      :
                                              :   Jointly Administered
                                              :
Debtors.                                      :   Ref. Docket No.:  1916
                                              :
--------------------------------------------------------------- x
```

**ORDER, PURSUANT TO BANKRUPTCY RULE 9019 AND SECTION
105 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO
ADOPT AND IMPLEMENT OMNIBUS SETTLEMENT PROCEDURES FOR
NOTICE AND SETTLEMENT OF CERTAIN STATE COURT CAUSES OF
ACTION FILED BY THE DEBTORS**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors") for entry of an order,

pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the

Debtors to adopt and implement the omnibus Settlement Procedures for the notice and settlement

of Affirmative Cases; and it appearing that the Court has jurisdiction to consider the Motion and

the relief requested therein; and due notice of the Motion having been provided, and it appearing

that no other or further notice need be provided; and it further appearing that the relief requested

in the Motion is the best interests of the Debtors, their estates, creditors, and all parties in

interest; and after due deliberation and sufficient cause appearing therefore; it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment
Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979);
American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home
Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited
liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak
Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,
Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, in their sole discretion, to settle

Affirmative Cases pursuant to the Settlement Procedures set forth below:

a.  The Debtors may negotiate, compromise or settle any Affirmative Cases. The Debtors shall file notice of the proposed settlement along with a copy of the proposed settlement agreement (the "Settlement Notice") and serve same on (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the Debtors' Postpetition Lender; and (iv) all parties entitled to notice under Del. Bankr. LR 2002-1(b) (collectively, the "Notice Parties");

b.  Objections must be filed with the Bankruptcy Court and served upon counsel to the Debtors and the Notice Parties so as to be received on or before twenty (20) days or such later date agreed to by the Debtors (the "Notice Period") after service of the Settlement Notice;

c.  If no objection to the proposed settlement is filed and served within the Notice Period, then the Debtors shall file with the Bankruptcy Court a certificate of no objection after which the proposed settlement shall be deemed approved pursuant to Bankruptcy Rule 9019 and section 105 of the Bankruptcy Code;

d.  If an objection is received from one or more of the Notice Parties, during the Notice Period the Debtors shall not proceed with the proposed settlement unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the settlement by separate order entered after the Debtors file a motion and notice;

e.  With respect to a proposed settlement reached and approved pursuant to the Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing.

f.  The Debtors shall use good-faith efforts to timely respond to informal requests for information from Notice Parties relating to settlements proposed under the Settlement Procedures.

and it is further

DB02:6385066.2    066585.1001

ORDERED that nothing contained in this Order is intended to abrogate or otherwise affect the jurisdiction of courts in which Affirmative Cases are pending; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Date:  Wilmington, Delaware
       November 23, 2007

Christopher S. Sontchi
United States Bankruptcy Judge

DB02:6385066.2                                                      066585.1001

# **EXHIBIT B**

# FULL RELEASE, SETTLEMENT
# AND INDEMNITY AGREEMENT

This Full Release, Settlement and Indemnity Agreement ("Agreement") is made between American Home Mortgage Acceptance, Inc. ("American Home") on the one hand and James C. Boudreau ("Boudreau"), State Appraisals, Inc. ("State Appraisals"), and General Star National Insurance Company and General Star Management Company (collectively referred to as "General Star"), on the other hand (American Home, Boudreau, State Appraisals and General Star shall be collectively referred to as the "Parties"):

**WHEREAS,** on February 6, 2006, American Home filed a Complaint against Boudreau, State Appraisals, and others in the United States District Court for the Eastern District of Michigan, Civil Action No. 4:06-cv-10498-PVG-SDP, captioned *American Home Mortgage Acceptance, Inc. v. The Appraisal Place, Inc., et al.* (the "American Home Litigation"), and American Home filed an Amended Complaint in the American Home Litigation against Boudreau, State Appraisals, and others on October 9, 2007; and

**WHEREAS,** American Home alleged in the American Home Litigation that it sustained damages as a result of a negligent and/or fraudulent real estate property appraisal issued by State Appraisals and signed by Boudreau dated November 8, 2004 (the "Occurrence"); and

**WHEREAS,** General Star National Insurance Company issued to Boudreau Real Estate Appraisers Errors & Omissions Liability Insurance Policy No. NJA979597 for the Policy Period of March 31, 2004 to March 31, 2005, Real Estate Appraisers Errors & Omissions Liability

Insurance Policy No. NJA979597A for the Policy Period of March 31, 2005 to March 31, 2006 (the "2005/06 Policy"), and Real Estate Appraisers Errors & Omissions Liability Insurance Policy No. NJA979597B for the Policy Period of March 31, 2006 to March 31, 2007 (collectively referred to as the "Policies"); and

**WHEREAS,** Boudreau and State Appraisals sought coverage from General Star for the American Home Litigation pursuant to the terms and conditions of the 2005/06 Policy, and General Star provided a defense to Boudreau and State Appraisals for the American Home Litigation subject to a full reservation of rights; and

**WHEREAS,** General Star National Insurance Company filed in the Circuit Court for the County of Oakland, Michigan a Complaint for Declaratory Judgment against Boudreau, State Appraisals, American Home, and others, captioned *General Star National Insurance Company v. James Boudreau, et al.*, case number 06-079640-CZ, seeking rescission of the Policies, a declaration that the Policies were void *ab initio* and of no effect whatsoever due to certain alleged material misrepresentations made by Boudreau in his applications for the Policies, and a declaration that there is no coverage and no duty to defend or indemnify Boudreau and State Appraisals for the American Home Litigation as well as other civil litigation (the "Insurance Coverage Litigation"); and

**WHEREAS,** the Parties, without any admission of liability on any of their part but to the contrary denying same, desire to amicably resolve their disputes as follows;

**NOW, THEREFORE,** in consideration of the foregoing and of the mutual promises contained herein, the Parties understand, covenant and agree as follows:

1.    Upon the Effective Date (as defined in Paragraph 3 of this Agreement), General Star shall pay the sum of Fifty Thousand and 00/100 Dollars ($50,000.00) to American Home on behalf of Boudreau and State Appraisals (the "Settlement Payment").

2.    For and in consideration of the Settlement Payment, American Home and its parents, subsidiaries, affiliates, shareholders, directors, officers, employees, successors, heirs, insurers, reinsurers, agents, insurance brokers, administrators, trustees, executors, representatives, former or present dependents, partners, principals, attorneys and other legal representatives and assigns (collectively "Releasor") do hereby release, discharge and acquit Boudreau, State Appraisals, and General Star, and their past, present and future directors, officers, shareholders, brokers, underwriters, insurers, reinsurers, attorneys, agents, servants, representatives, employees, subsidiaries, parent companies, affiliates, partners, successors, heirs, insurance brokers, trustees, representatives, former or present dependents, spouses, principals, executors, administrators, predecessors and assigns (collectively "Releasees"), of and from any and all past, present or future claims, demands, obligations, liabilities, actions, causes of action, suits, rights, damages, benefits, costs, losses of services, expenses and/or demands of any and every kind and nature whatsoever, whether based on tort, contract or other theory of recovery, and whether for alleged or actual damages, punitive damages, property losses, business losses, loss of profits, injuries, or other losses or expenses, as well as all potential claims of whatever kind or nature relating to any and all damages, injuries or other losses, whether known or

unknown, foreseen or unforeseen, which Releasor now has or claims to have, or which may hereafter accrue or otherwise be acquired, on account of, or in any way growing out of, in connection with, in any way relating to, arising out of, directly or indirectly resulting from or in consequence of:

    a.  the American Home Litigation;

    b.  the Occurrence;

    c.  any real estate appraisal signed, prepared, or submitted by Boudreau and/or State Appraisals;

    d.  the Insurance Coverage Litigation;

    e.  any of the allegations made in the American Home Litigation;

    f.  any of the acts, facts, circumstances or situations alleged directly or indirectly in, related to, or that are the subject of the American Home Litigation;

    g.  any of the acts, facts, circumstances or situations alleged directly or indirectly in, related to, or that are the subject of the Insurance Coverage Litigation; and

    h.  any cost, expense, fee or other expenditure of funds or forgiveness of debt by any other financial transaction relating directly or indirectly to the American Home Litigation and the Insurance Coverage Litigation.

3.    The "Effective Date" shall be the first business day immediately after the expiration of five (5) consecutive calendar days following the date that all of the conditions listed below in this Paragraph 3 have been satisfied or waived by a writing executed and delivered by all Parties to this Agreement:

a. Entry of an Order by the Circuit Court of Oakland County, Michigan in the Insurance Coverage Litigation as follows:

    (1) approving the Settlement and payment herein for Settlement of the American Home Litigation;

    (2) finding that the Settlement of the American Home Litigation is being made without waiver of any Parties' rights, remedies and defenses in the Insurance Coverage Litigation;

    (3) finding that the Settlement of the American Home Litigation and this Agreement do not constitute an admission of liability by any Party in the Insurance Coverage Litigation and cannot be used in any way to prove the liability of any Party in the Insurance Coverage Litigation or as a defense against any claim made in the Insurance Coverage Litigation;

    (4) finding that the Settlement of the American Home Litigation and this Agreement do not constitute any ratification by General Star of the validity of any of the Policies;

    (5) finding that the Settlement of the American Home Litigation and this Agreement shall not be deemed or construed to constitute any acceptance or acknowledgment of any obligation by General Star to defend, indemnify or otherwise provide coverage to Boudreau and/or State Appraisals for the American Home Litigation, the Fifth Third Litigation, the Flagstar Litigation and any other claim; and

(6)  finding that the Settlement Payment reduces the Aggregate Limit of Liability of the 2005/06 Policy; and

b.  The Order identified in this Paragraph 3.a. has become Final. "Final" means (i) that the time period to file an appeal of the Order has expired, with respect to which no notice of appeal has been docketed, and that the Order has not been stayed, vacated, modified on reconsideration or reversed, in whole or in part, or (ii) the right to file an appeal of the Order has been expressly waived; and

c.  Entry of an Order by the United States Bankruptcy Court for the District of Delaware, in which court American Home has filed a voluntary petition for bankruptcy that remains pending, approving of this Settlement. Counsel for American Home is responsible for notifying counsel for General Star when this requirement has been satisfied.

4.      Releasor acknowledges and agrees that Boudreau and State Appraisals have denied and continue to deny liability for the damages allegedly sustained by Releasor by reason of the Occurrence. It is further understood and agreed that this settlement is a compromise of a disputed claim and that the payments as specified herein are not to be construed as an admission of liability on the part of Boudreau and State Appraisals.

5.      General Star, by entering into this Agreement, makes no admission regarding the validity of any of its Policies, makes no admission regarding the availability of insurance

coverage under any of its Policies, makes no admission of liability to Boudreau or State Appraisals, and makes no admission of liability for the American Home Litigation and the Occurrence.

6.    The Parties acknowledge and agree that this Settlement does not constitute any ratification by General Star of the validity of any of the Policies, and that this Agreement shall not be deemed or construed to constitute any acceptance or acknowledgment of any obligation by General Star to defend, indemnify or otherwise provide coverage to Boudreau and/or State Appraisals. The Parties acknowledge and agree that this Agreement shall not be deemed or construed to constitute any acceptance or acknowledgment of any obligation by General Star to defend, indemnify or otherwise provide coverage to Boudreau or State Appraisals.

7.    The Parties acknowledge and agree that General Star has denied and continues to deny that any of the Policies were in effect or provide coverage for the American Home Litigation, for any claims resulting from the Occurrence, and for any claims made against Boudreau or State Appraisals. The Parties agree and acknowledge that by entering into this Agreement, General Star does not waive any of its rights, remedies or defenses concerning the Policies or any other matter relating to or in any way involving Boudreau or State Appraisals or any other persons or entities under the Policy; and the Parties agree and acknowledge that General Star enters into this Agreement subject to a full reservation of rights.

8.    It is further understood and agreed that the injuries and damages claimed by Releasor may result in further monetary loss, injury, disability, and/or effect, which may not now

appear, but which may appear at a later date, and that the Occurrence may result in injuries or damages not now known or suspected, and with the understanding that the said injuries or damages may be or may become more extensive, it is the intent of this Agreement to compromise any and all claims which Releasor now has or may hereafter acquire in any manner by reason of, or even remotely arising out of the American Home Litigation, the Occurrence, or any real estate appraisal signed, prepared, or submitted by Boudreau and/or State Appraisals.

9.      It is further understood and agreed that Releasor expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but of which Releasor does not know or suspect to exist, whether through ignorance, oversight, error, negligence or otherwise, and which, if known, would materially affect Releasor's decision to enter into this Agreement.  Releasor assumes the risk that the facts or law may be other than what Releasor believes.

10.     It is further understood and agreed by Releasor that there is a risk that subsequent to the execution of this Agreement, Releasor may incur or suffer loss, damage or injuries which are in some way caused by or related to the American Home Litigation or the Occurrence, but which are unknown or unanticipated at the time of the execution of this Agreement. Furthermore, there is a risk that the loss or damage presently known may be or become greater than Releasor now expects or anticipates.  Releasor assumes this risk and this Agreement shall apply to all unknown or unanticipated results, as well as those known and anticipated.

11.     It is further understood and agreed that Releasor shall be responsible for the

payment of its own attorneys' fees and legal expenses incurred in the American Home Litigation and the Insurance Coverage Litigation, as well as all other costs and expenses arising from and in connection with any matters relating to the American Home Litigation, the Occurrence, or the Insurance Coverage Litigation.

12.    It is further understood and agreed that in the event any claim, lien, demand, counterclaim, cause of action or lawsuit is made or instituted against Releasees by any person or entity who claims to have such a claim, lien, demand, counterclaim, cause of action or lawsuit arising out of the American Home Litigation or the Occurrence, including but not limited to The Appraisal Place, Inc. and/or Pamela S. Notturno (nee Siira), Releasor hereby agrees to defend, protect, indemnify and hold harmless Releasees against any such claim, lien, demand, counterclaim, cause of action or lawsuit, including the reasonable expenses of investigation and attorneys' fees and expenses of any attorneys of Releasees' selection.

13.    It is further understood and agreed that any litigation arising out of the substance or effect of this Agreement shall result in the award of attorneys' fees and costs to the prevailing party.

14.    It is further understood and agreed that this Agreement may be treated as a complete defense to any further or additional action or proceeding resulting from the American Home Litigation or the Occurrence which may be brought by Releasor.

15.    It is further understood and agreed that each of the Parties to this Agreement

expressly acknowledges that it participated in the drafting of this Agreement. Accordingly, the language contained within and comprising the substance of this Agreement shall not be presumptively construed either in favor of or against any one party on the grounds that said party or parties drafted this Agreement.

16.    Releasor represents and warrants that no other person or entity has or had any interest in the claims, demands, rights, obligations, causes of action and/or damages referred to in this Agreement, and that, except as otherwise set forth herein, Releasor has the sole right and exclusive authority to execute this Agreement and to receive the sum specified in it, and that Releasor has not sold, assigned, transferred, conveyed or otherwise disposed of, and will not sell, assign, transfer, convey or otherwise dispose of any claims, demands, rights, obligations, causes of action and/or damages arising out of or in any way relating to or resulting from the American Home Litigation or the Occurrence. The Releasor further represents and warrants that no liens, claims, demands, rights, obligations, causes of action or damages have been asserted against the Releasor arising out of or in any way involving, relating to or resulting from the American Home Litigation or the Occurrence. The Releasor hereby agrees to defend, protect, indemnify and hold harmless Releasees from any claim, demand, right, obligation, cause of action and/or damage they suffer as a result of any breach by the Releasor of any representation or warranty made herein, and the Releasor further agrees to defend, protect, indemnify and hold harmless Releasees from any lien, claim, demand, right, obligation, cause of action and/or damage arising out of or in any way involving, relating to or resulting from the American Home Litigation or the Occurrence.

17.    Releasor represents and warrants that Releasor, Releasor's attorneys and other representatives have fully investigated all facts concerning the issues resulting in and related to Releasor's alleged injuries and damages, and based upon such investigation, is fully satisfied with the terms and effects of this Agreement and expressly waives any claim of duress, mistake of law or fact, unconscionability, or any other applicable defense to the enforcement of this Agreement.

18.    Releasor represents and warrants that Releasor has relied upon its own judgment, belief and knowledge of the nature, extent and duration of its alleged injuries and damages, and in executing this Agreement, Releasor has neither relied upon nor been influenced by any representations or statements regarding said damages, or regarding any other matters, made by Releasees to this Agreement.

19.    It is further understood and agreed that Releasor hereby authorizes and directs that the Settlement Payment be paid by check payable to "Varga Berger Ledsky Hayes & Casey Client Fund", and said check shall be delivered to American Home's counsel of record.

20.    It is further understood and agreed that this Agreement and the Settlement Payment is expressly conditioned and contingent upon the entry of the Orders as described in Paragraph 3 of this Agreement.

21.    It is further understood and agreed that in further consideration of the Settlement Payment, Releasor hereby agrees that, upon the Effective Date, Releasor shall take all steps

necessary to ensure that Boudreau and State Appraisals are dismissed with prejudice from the American Home Litigation, with each party to bear their own costs.

22.    It is further understood and agreed that General Star hereby agrees that, upon the Effective Date, General Star shall take all steps necessary to ensure that American Home is dismissed with prejudice from the Insurance Coverage Litigation, with each party to bear their own costs. The Parties acknowledge and agree that the Insurance Coverage Litigation shall remain ongoing and pending against the remaining Defendants, including without limitation, Boudreau and State Appraisals.

23.    It is further understood and agreed that this Agreement shall be construed and interpreted in accordance with the laws of the State of Michigan, and in the event of any dispute or future litigation concerning the terms, conditions, interpretation or legal effects of this Agreement, then the law of the aforementioned state shall apply to the resolution of such dispute or litigation.

24.    It is further understood and agreed that in the event any term or condition of this Agreement is adjudged unenforceable, then such term or condition shall not effect the remaining terms and conditions of this Agreement, which shall remain enforceable in their entirety.

25.    It is further understood and agreed that this Agreement is an integrated document, containing the entire undertaking between Releasor, on the one hand, and Releasees, on the other hand, regarding the matters addressed herein, and except as set forth in this Agreement, no

representations, warranties, promises or inducements have been offered, made or relied upon by the parties to this Agreement. This Agreement shall prevail over prior communications between the parties or their representatives regarding the matters contained herein and the terms of this Agreement are contractual and not a mere recital. This Agreement does not contain the entire undertaking among the Releasees, whose relations are also governed by a contemporaneous Settlement Agreement and Partial Release.

26.    It is further understood and agreed that the payment of the above-mentioned sum as directed by Releasor terminates for all time any and all obligations or duties Releasees may owe to Releasor as a result of or arising from the American Home Litigation or the Occurrence, whether accruing before or after the date of this Agreement.

27.    It is further understood and agreed that American Home will cooperate and comply with all reasonable requests that may be submitted from time to time by and through General Star's counsel with respect to the Insurance Coverage Litigation.

28.    Each person signing this Agreement declares and represents that he or she is of legal age, sound mind, and otherwise competent to execute this Agreement and that he or she has reached the age of majority at the time of the execution of this Agreement. Each person further declares and represents that he or she is duly authorized, and has the full right and authority to execute this agreement on such party's behalf.

29.    The Parties further represent and warrant that the terms of this Agreement have

FULL RELEASE, SETTLEMENT AND INDEMNITY AGREEMENT

been completely read and are fully understood and the Parties voluntarily accept them and expressly agree to each and every provision herein. The Parties further declare that the scope, purpose and effect of this Agreement has been explained to them by their own counsel and this Agreement has been accepted.

30.    This Agreement may be executed simultaneously in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement.

REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

SIGNATURE PAGE TO FOLLOW ON NEXT PAGE

American Home Mortgage Acceptance, Inc.

By: _JOHN KALAS_____

Its: _SVP ._____

James C. Boudreau, for himself individually, and on behalf of State Appraisals, Inc., as the sole owner, shareholder, director and officer of State Appraisals, Inc.,

Dated: _____

_____
By: James C. Boudreau

General Star National Insurance Company and General Star Management Company

Dated: _____

_____
By: _____

Its: _____

FULL RELEASE, SETTLEMENT AND INDEMNITY AGREEMENT

Page 15 of 15

American Home Mortgage Acceptance, Inc.

Dated: _____

By: _____

Its: _____

James C. Boudreau, for himself individually, and on behalf of State Appraisals, Inc., as the sole owner, shareholder, director and officer of State Appraisals, Inc.,

Dated: 10/31/07

By: James C. Boudreau

General Star National Insurance Company and General Star Management Company

Dated: _____

By: _____

Its: _____

FULL RELEASE, SETTLEMENT AND INDEMNITY AGREEMENT
Page 15 of 15

American Home Mortgage Acceptance, Inc.

Dated: _____

By: _____

Its: _____

James C. Boudreau, for himself individually, and on behalf of State Appraisals, Inc., as the sole owner, shareholder, director and officer of State Appraisals, Inc.,

Dated: _____

_____

By: James C. Boudreau

General Star National Insurance Company and General Star Management Company

Dated: **November 1st, 2007**

By: **John G. Carroll**

Its: **Vice President & Claim Counsel**

FULL RELEASE, SETTLEMENT AND INDEMNITY AGREEMENT

Page 15 of 15

# EXHIBIT C

## FULL AND FINAL RELEASE, HOLD HARMLESS
## AND INDEMNITY AGREEMENT

For the sole consideration of FIFTY-FIVE THOUSAND and 00/100 ($55,000.00)

DOLLARS payable to AMERICAN HOME MORTGAGE ACCEPTANCE, INC., and its

attorneys, VARGA, BERGER, LEDSKY, HAYES & CASEY, P.C., AMERICAN HOME

MORTGAGE ACCEPTANCE, INC., does for itself, and its executors, administrators,

successors, and assigns, hereby release and discharge PAMELA SIIRA, individually and d/b/a

THE APPRAISAL PLACE, PAMELA NOTTURNO, individually and d/b/a THE APPRAISAL

PLACE, and THE APPRAISAL PLACE, INC., a Michigan Corporation, and their officers,

directors, employees, agents, representatives, divisions, heirs, executors, successors, assigns and

insurers from any and all claims, counter-claims, actions, causes of action, third-party actions and

demands, known or unknown, which AMERICAN HOME MORTGAGE ACCEPTANCE, INC.,

now has or may have arising out of any and all damages, expenses, compensation, costs, attorneys

fees, interest, property devaluation, and any loss or damage of whatever kind or nature resulting

from, and/or arising out of the preparation of an appraisal report dated November 11, 2004,

evaluating and/or appraising the value of a property generally described as 32450 Rockridge,

Farmington Hills, Michigan, which incident and alleged theories of liability are more specifically

set forth in the pleadings on file in United States District Court, Eastern District of Michigan,

Southern Division, Civil Action # 2:06-cv-10498, assigned to the Honorable Sean F. Cox.

It is further understood that the damages and the legal liability for the above-described

appraisal report and litigation are disputed and denied, and that this Release is to compromise and

terminate all claims for both known and unknown injuries and damages of whatever nature,

including all future developments thereof, in any way growing out of or connected with or which

may hereafter in any way grow out of or be connected with said appraisal report and litigation and that all agreements and understandings between the parties in reference thereto are embodied herein.

It is further understood that in the event the parties herein released may be liable by any way of contribution, indemnity, or otherwise, to any other parties as a result of this incident, the execution of this agreement shall operate as a satisfaction of the claims of AMERICAN HOME MORTGAGE ACCEPTANCE, INC., against such other parties to the extent that such other parties are or may be entitled to recover, by way of contribution, indemnity or otherwise, from the parties herein released.

It is further agreed that AMERICAN HOME MORTGAGE ACCEPTANCE, INC. agrees to indemnify and save harmless the parties herein released from any and all further claims or demands, legal liens, asserted or not, and costs or expenses arising out of the afore-described appraisal report and litigation sustained by the undersigned no matter who might bring said claim, if any be brought.

AMERICAN HOME MORTGAGE ACCEPTANCE, INC. agrees to indemnify and hold harmless the released parties from and against all costs, including the amount of any judgments (including interest thereon), settlements, fines or penalties, expenses, attorneys fees, interest, and damages incurred by the released parties in connection with any action or threatened action, suit, or proceeding arising out of the afore-described appraisal report and litigation. Any indemnity obligation under this Agreement shall be a prepetition obligation of AMERICAN HOME MORTGAGE ACCEPTANCE, INC. and shall be limited to the amount paid in settlement.

It is expressly warranted by AMERICAN HOME MORTGAGE ACCEPTANCE, INC., that no promise or inducement has been offered except as herein set forth, that this Release is executed without reliance upon any statement or representation of the person or parties released or their representatives, concerning the nature and extent of the injuries, damages and/or legal liability therefor; that acceptance of the consideration, set forth herein, is in full accord and satisfaction of a disputed claim for which liability is expressly denied.

AMERICAN HOME MORTGAGE ACCEPTANCE, INC. agrees that neither it, nor its attorneys or representatives, shall reveal to anyone, other than as may be mutually agreed to, in writing, any of the terms of this Settlement or any of the amounts, terms or conditions of any sums payable to AMERICAN HOME MORTGAGE ACCEPTANCE, INC., except as shall be required by law.  Nothing herein shall prohibit AMERICAN HOME MORTGAGE ACCEPTANCE, INC. from disclosing the terms of this Settlement to the United States Bankruptcy Court for the District of Delaware, and no filings with respect to that disclosure need be under seal.

This Agreement is effective only upon the approval of its terms by the United States Bankruptcy Court for the District of Delaware.

### [SIGNATURE PAGE FOLLOWS – REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

AMERICAN HOME MORTGAGE ACCEPTANCE, INC., A MARYLAND CORPORATION,
Plaintiff, vs.
THE APPRAISAL PLACE, INC., A MICHIGAN CORPORATION, STATE APPRAISALS,
INC., A MICHIGAN CORPORATION, PAMELA S. SIIRA, AND JAMES BOUDREAU,
Defendants.

UNITED STATES DISTRICT COURT, Eastern District of Michigan, Southern Division
CASE NO.: 06-10498

WITNESSED:                                    CAUTION!! READ BEFORE SIGNING


Address:                                      AMERICAN HOME MORTGAGE
                                              ACCEPTANCE, INC.
                                              By: _JOHN KALAS_____
                                              Its: _SVP -_____

_538 Broad Hollow Rd, Melville 2y11747_

Address:

Subscribed and sworn to before me this 5th day of _November_.


_Arlene Parks_
_____, Notary Public
_Suffolk_ County,                   **ARLENE PARKS**
State of _New York_          Notary Public State of New York
My Commission Expires: _2008_        No. 01PA6111185
                                     Qualified in Suffolk County
                                     Commission Expires June 4, 2008
L:\FEC0\03762\PLEADINGS\MISO 3762 FULL AND FINAL RELEASE 071031.DOC

# EXHIBIT D

6

## ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5357
bgoodman@zeklaw.com

November 13, 2007

**BY E-MAIL**

Lisa M. Lewis, Esq.
Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza, 24th Floor
New York, New York 10112

**American Home Mortgage Corp. v. NBGI, Inc.**
**d/b/a National Bankers Group, Inc.**
**Case No.: 07 CV 2776 (ADS) (ETB)**

Dear Ms. Lewis:

   This shall confirm that the American Home Mortgage Corp. ("American Home") and National Bankers Group, Inc. ("NBGI") have agreed to a settlement in the referenced action (the "Action") on the following terms:

   NBGI shall pay American Home $27,500. in settlement of the Action (the "Settlement Payment"). (We acknowledge receipt of the Settlement Payment from you on November 1, 2007.) We will deposit the Settlement Payment in escrow for the benefit of American Home pending approval of this settlement by the United States Bankruptcy Court for the District of Delaware, the Court in which the American Home bankruptcy is proceeding (the "Bankruptcy Court"). The parties to this agreement understand that by this agreement NBGI acquires no rights in any mortgages or underlying real property securing such mortgages (or to any proceeds of either) that is the subject of the Action, or otherwise. Upon approval of the settlement embodied in this agreement by the Bankruptcy Court, (i) American Home and NBGI will discontinue the Action with prejudice, (ii) American Home will provide NBGI with a Release, and (iii) we will disburse from our escrow account the Settlement Payment to and for the benefit of American Home. In the event that the Bankruptcy Court does not approve this settlement, we will return the Settlement Payment to NBGI within 30 days of our receipt of written notice of such disapproval by the Bankruptcy Court.

ZEICHNER ELLMAN & KRAUSE LLP

Lisa M. Lewis, Esq.
November 9, 2007
Page 2

If any payments of money made to American Home by NBGI pursuant to the terms of this Agreement should for any reason subsequently be declared to be "fraudulent" (within the meaning of any state or federal law relating to fraudulent conveyances), preferential, or otherwise voidable or recoverable, in whole or in part for any reasons, under the Bankruptcy Code or any other federal or state law (collectively referred to herein as "Voidable Transfers") and American Home is required to repay or restore the amount of any such Voidable Transfers or any portion thereof, then, as to the amount repaid or restored pursuant to any such Voidable Transfer (including all costs, expenses and attorneys' fees of American Home thereto) American Home's claim against NBGI shall automatically be revived, reinstated and restored in the full amount of American Home's claim, and shall exist as though such Voidable Transfer had never been made to American Home.  Nothing set forth herein is an admission that such Voidable Transfer has occurred or will occur.  NBGI expressly acknowledges that American Home may rely upon advice of counsel and, if so advised by counsel, may settle, without defending, any action to void any alleged Voidable Transfer, and that upon such settlement NBGI shall again be liable for any deficiency resulting from such settlement as provided in this Agreement.

Please countersign this letter below and return it to me to confirm the agreement of your client to the terms set forth in this letter.

Very truly yours,

Bruce S. Goodman

Accepted and Agreed:
Sheppard, Mullin, Richter & Hampton LLP


By: _____
    Lisa M. Lewis, Esq.
    Attorneys for Defendant
    National Bankers Group, Inc.

BG/jd
513840.02

ZEICHNER ELLMAN & KRAUSE LLP

Lisa M. Lewis, Esq.
November 9, 2007
Page 2

If any payments of money made to American Home by NBGI pursuant to the terms of this Agreement should for any reason subsequently be declared to be "fraudulent" (within the meaning of any state or federal law relating to fraudulent conveyances), preferential, or otherwise voidable or recoverable, in whole or in part for any reasons, under the Bankruptcy Code or any other federal or state law (collectively referred to herein as "Voidable Transfers") and American Home is required to repay or restore the amount of any such Voidable Transfers or any portion thereof, then, as to the amount repaid or restored pursuant to any such Voidable Transfer (including all costs, expenses and attorneys' fees of American Home thereto) American Home's claim against NBGI shall automatically be revived, reinstated and restored in the full amount of American Home's claim, and shall exist as though such Voidable Transfer had never been made to American Home. Nothing set forth herein is an admission that such Voidable Transfer has occurred or will occur. NBGI expressly acknowledges that American Home may rely upon advice of counsel and, if so advised by counsel, may settle, without defending, any action to void any alleged Voidable Transfer, and that upon such settlement NBGI shall again be liable for any deficiency resulting from such settlement as provided in this Agreement.

Please countersign this letter below and return it to me to confirm the agreement of your client to the terms set forth in this letter.

Very truly yours,

Bruce S. Goodman

Accepted and Agreed:
Sheppard, Mullin, Richter & Hampton LLP

By: _____
Lisa M. Lewis, Esq.
Attorneys for Defendant
National Bankers Group, Inc.

BG/jd
513840.02

B 1 1 1—General Release by Corporation: 11-98

BlumbergExcelsior, Inc.
PUBLISHER NYC 10013

# To all to whom these Presents shall come or may Concern, Know That

American Home Mortgage Corp.

A corporation organized under the laws of the State of  Delaware                                              , as RELEASOR,
in consideration of the sum of

($27,500.00     ),

received from

NBGI, Inc. d/b/a National Bankers Group, Inc.

as RELEASEE,

receipt whereof is hereby acknowledged, releases and discharges

the RELEASEE, RELEASEE'S heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE, relating to the claims in the action captioned American Home Mortgage Corp. v. NBGI, Inc. d/b/a National Bankers Group, Inc., Case No. 07 CV 2776 (ADS)(ETB), pending in the United States District Court for the Eastern District of New York.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE shall not be changed orally.

**In Witness Whereof,** the RELEASOR has *caused this RELEASE to be executed by its duly authorized officers and its corporate seal to be hereunto affixed* on

### In presence of:

...................................................................

By ...................................................................

**State of New York, County of**                        SS.:   ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)
On                                    before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

...................................................................
*(signature and office of individual taking acknowledgment)*

*If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."*

ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)

ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)

State of New York
County of

} ss.:

On                                    before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
*(signature and office of individual taking acknowledgment)*

State of
County of

} ss.:

On                                    before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in

*(insert city or political subdivision and state or county or other place acknowledgment taken)*

_____
*(signature and office of individual taking acknowledgment)*

RELEASOR

RELEASEE

General Release

Dated

LAW OFFICES OF

# EXHIBIT E

7

# ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5357
bgoodman@zeklaw.com

November 9, 2007

**BY E-MAIL**

Amish R. Doshi, Esq.
Day Pitney LLP
7 Times Square
New York, New York 10036

**American Home Mortgage Corp. v. Allied Home Mortgage Capital Corp.**
**Index No.: 108113/07**

Dear Mr. Doshi:

This shall confirm that the Debtor-in-Possession American Home Mortgage Holdings, Inc., its affiliated and subsidiary companies, as successor in interest to American Home Mortgage Corp. ("American Home") and Allied Home Mortgage Capital Corp. ("Allied") have agreed to a settlement in the referenced action (the "Action") on the following terms:

Allied shall pay American Home $5,000. in settlement of the Action (the "Settlement Payment"). (We acknowledge receipt of the Settlement Payment from you on October 19, 2007.)  We will deposit the Settlement Payment in escrow for the benefit of American Home pending approval of this settlement by the United States Bankruptcy Court for the District of Delaware, the Court in which the American Home bankruptcy is proceeding (the "Bankruptcy Court").  The parties to this agreement understand that by this agreement Allied acquires no rights in any mortgages or underlying real property securing such mortgages (or to any proceeds of either) that is the subject of the Action, or otherwise.  Upon approval of the settlement embodied in this agreement by the Bankruptcy Court, (i) American Home and Allied will discontinue the Action with prejudice, (ii) American Home will provide Allied with a Release in the form annexed hereto, and (iii) we will disburse from our escrow account the Settlement Payment to and for the benefit of American Home.  In the event that the Bankruptcy Court does not approve this settlement, we will return the Settlement

ZEICHNER ELLMAN & KRAUSE LLP

Amish R. Doshi, Esq.
November 9, 2007
Page 2

Payment to Allied within 30 days of our receipt of written notice of such disapproval by the Bankruptcy Court.

If any payments of money made to American Home by Allied pursuant to the terms of this Agreement should for any reason subsequently be declared to be "fraudulent" (within the meaning of any state or federal law relating to fraudulent conveyances), preferential, or otherwise voidable or recoverable, in whole or in part for any reasons, under the Bankruptcy Code or any other federal or state law (collectively referred to herein as "Voidable Transfers") and American Home is required to repay or restore the amount of any such Voidable Transfers or any portion thereof, then, as to the amount repaid or restored pursuant to any such Voidable Transfer (including all costs, expenses and attorneys' fees of American Home thereto) the liability of Allied shall automatically be revived, reinstated and restored in the full amount of American Home's claim, and shall exist as though such Voidable Transfer had never been made to American Home. Nothing set forth herein is an admission that such Voidable Transfer has occurred or will occur. Allied expressly acknowledges that American Home may rely upon advice of counsel and, if so advised by counsel, may settle, without defending, any action to void any alleged Voidable Transfer, and that upon such settlement Allied shall again be liable for any deficiency resulting from such settlement as provided in this Agreement.

Please countersign this letter below and return it to me to confirm the agreement of your client to the terms set forth in this letter.

Very truly yours,

Bruce S. Goodman

Accepted and Agreed:
Day Pitney LLP

By: _____
   Amish R. Doshi, Esq.
   Attorneys for Defendant
   Allied Home Mortgage Capital Corp.

BG/jd
513841.01/10731-036/BG

# RELEASE

## TO ALL TO WHOM THESE PRESENTS
## SHALL COME OR MAY CONCERN

GREETING: KNOW YE, that American Home Mortgage Corp., individually and as assignee of Union Federal Bank of Indianapolis (the "RELEASOR"), for and in consideration of the sum of Five Thousand Dollars ($5,000.00) Dollars, lawful money of the United States of America to it in hand paid by, and other good and valuable consideration received from,

### Allied Home Mortgage Capital Corp.
### (the "RELEASEE"),

receipt of which is hereby acknowledged, remises, releases and forever discharges the RELEASEE, the RELEASEE's predecessors and successors, parents, subsidiaries, affiliates, present or former officers, directors, employees, attorneys, representatives or agents, and their heirs, executors, administrators, successors and assigns from all actions, causes of actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR's successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE relating in any way or arising from the claims which were brought or could have been brought in the action entitled *American Home Mortgage Corp, individually and as assignee of Union Federal Bank of Indianapolis vs. American Home Mortgage Capital Corp.,* Index No. 108113/07, pending in the Supreme Court of New York, County of New York.

This RELEASE may not be changed orally.

IN WITNESS WHEREOF, the RELEASOR has caused this RELEASE to be executed by its duly authorized officers and its corporate seal to be hereunto affixed on the _____ day of _____, 2007.

American Home Mortgage Corp.,
Individually and as assignee of Union Federal Bank of Indianapolis

By: _____

Its _____

## ACKNOWLEDGMENT

**STATE OF NEW YORK**    )
                               ) S.S.:
**COUNTY OF** _____   )

        On the \_\_\_\_ day of _____, 2007, before me came _____, to me known
to be the _____ of
American Home Mortgage Corp., a Delaware Corporation described in the foregoing instrument,
and who executed the foregoing instrument described as a Release and acknowledged that he
executed the same in such capacity and with authority to so execute same.


                                   _____
                                   Notary Public
                                   State of New York

[seal]

2

# EXHIBIT F

NEW YORK | 17 State Street
Los Angeles | Suite 2400
Redwood City | New York, NY 10004
San Francisco | Telephone (212) 668-5927
San Jose | Facsimile (212) 668-5929
| www.rmkb.com



Jung H. Park
(212) 668-5927

jungpark@rmkb.com

November 9, 2007

**<u>Via E-Mail and Regular Mail</u>**

Bruce S. Goodman, Esq.
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, NY 10022

     Re:  *American Home Mortgage Corp. v. United General Mortgage*
         *Corporation*

Dear Mr. Goodman:

   This is to confirm that the parties have reached a settlement in the three pending litigation matters: *American Home Mortgage Corp. v. United General Mortgage Corporation*, Case No. 07 CIV 6218(PAC) (S.D.N.Y.); *American Home Mortgage Corp. v. United General Mortgage Corporation*, Case No. 07 1174 (JW/MLO) (E.D.N.Y.); and *American Home Mortgage Corp. v. United General Mortgage Corporation*, Case No. 07 2404 (JW/MLO) (E.D.N.Y.).

   The terms of the settlement are as follows. United General Mortgage Corporation ("United General") shall pay to your escrow account $160,000 upon execution by you of this letter, $10,000 by December 1, 2007, $10,000 by January 1, 2008, and $10,000 by February 1, 2008. The total settlement amount is $190,000 and each installment will be made payable to "Zeichner Ellman & Krause LLP Attorney Trust Account." Your office will maintain these payments in your escrow account on behalf of Plaintiff American Home Mortgage Corporation ("American Home") pending the approval of this settlement by the United States Bankruptcy Court for the District of Delaware. American Home's bankruptcy counsel will be responsible for preparing the necessary documents to obtain approval of this settlement by the Delaware Bankruptcy Court. The terms of this agreement convey no rights to United General to any mortgages, or to any underlying real property securing any mortgages (or the proceeds of same), sold by United General to American Home, or otherwise.

   Upon the approval of the settlement by the Delaware Bankruptcy Court, settlement payments may be released to American Home but only after American Home executes the attached Release and executes a Stipulation and Order of Discontinuance ("Stipulation") for the three pending lawsuits. If at the time of bankruptcy approval, United General has made all payments to American Home, your office agrees to file the executed Stipulation, provide the executed Release to United General, and dismiss the cases with prejudice. If at the time of bankruptcy approval, United General has not yet made full and complete payment, United General's counsel will maintain the executed Release and executed Stipulation in escrow and file

RC1/5024026.1/JPS



Bruce S. Goodman Esq.
November 9, 2007                                                                                  Page 2

the executed Stipulation only upon United General's full and complete payment of all the
settlement payments to American Home

    If the Delaware Bankruptcy Court does not approve this settlement, you agree to return
any and all payments to our office within 10 business days, *after we receive notice of such disapproval.* ⟨BG⟩

    In the event United General files for bankruptcy, if any payments of money made to
American Home by United General pursuant to the terms of this  agreement should for any
reason subsequently be declared to be "fraudulent" (within the meaning of any state or federal
law relating to fraudulent conveyances), preferential, or otherwise voidable or recoverable, in
whole or in part for any reasons, under the Bankruptcy Code or any other federal or state law
(collectively referred to herein as "Voidable Transfers") and  American Home is required to
repay or restore the amount of any such Voidable Transfers or any portion thereof, then, as to the
amount repaid or restored pursuant to any such Voidable Transfer (including all costs, expenses
and attorneys' fees of  American Home thereto)  the liability of  United General  shall
automatically be revived, reinstated and restored  for the full amount of American Home's claims
, and shall exist as though such Voidable Transfer had never been made to  American Home.
Nothing set forth herein is an admission that such Voidable Transfer has occurred or will occur.
United General expressly acknowledges that American Home may rely upon advice of counsel
and, if so advised by counsel, may settle, without defending, any action to void any alleged
Voidable Transfer, and that upon such settlement  United General shall again be liable for any
deficiency resulting from such settlement as provided in this  agreement.

    If this comports with your understanding of our agreement, please sign below and return
this signed letter to our office.  Upon receipt of the letter we will forward the $160,000 check.

    If you have any questions or comments, please contact me.  Thank you for your attention
to this matter.

                      Sincerely,

                      Jung H. Park

 

Bruce S. Goodman, Esq.
Zeichner Ellman & Krause LLP
Attorneys for Plaintiff American Home Mortgage Corporation

RC1/5024026.1/JP5

B 111—General Release by Corporation: 11-98

BlumbergExcelsior, Inc.
PUBLISHER NYC 10013

# To all to whom these Presents shall come or may Concern, Know That

American Home Mortgage Corp.

A corporation organized under the laws of the State of Delaware , as RELEASOR,
in consideration of the sum of

($ 190,000.00 ),

received from

United General Mortgage Corporation

as RELEASEE,

receipt whereof is hereby acknowledged, releases and discharges

the RELEASEE, RELEASEE'S heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE, relating to the claims in the actions captioned American Home Mortgage Corp. v. United General Mortgage Corporation, Case No. 07 CV 6218 (PAC), pending in the United States District Court for the Southern District of New York; and American Home Mortgage Corp. v. United General Mortgage Corporation, Case Nos. 07 CV 1174 (JW)(MLO) and 07 CV 2404 (JW)(MLO), pending in the United States District Court for the Eastern District of New York.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.
This RELEASE shall not be changed orally.

**In Witness Whereof,** the RELEASOR has *caused this RELEASE to be executed by its duly authorized officers and its corporate seal to be hereunto affixed on*

**In presence of:**

..............................................................

By .............................................................

State of New York, County of          SS.: ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)
On                     before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
*(signature and office of individual taking acknowledgment)*

*If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."*

**ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)**

State of New York } ss.:
County of }

On                                    before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
*(signature and office of individual taking acknowledgment)*

**ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)**

State of } ss.:
County of }

On                                    before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in

*(Insert city or political subdivision and state or county or other place acknowledgment taken)*

_____
*(signature and office of individual taking acknowledgment)*

RELEASOR

RELEASEE

General Release

Dated:

LAW OFFICES OF

# **EXHIBIT G**

9

## Zeichner Ellman & Krause LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5357
bgoodman@zeklaw.com

November 9, 2007

**BY E-MAIL**

O.W. Bussey, Jr., Esq.
1811 Bering Drive, Suite 125
Houston, Texas 77057

**American Home Mortgage Corp. v. JLM Direct Funding, Ltd., et al**
**Case No. 07 CV 1116 (ADS) (ETB)**

Dear Mr. Bussey:

This shall confirm that the Debtor-in-Possession American Home Mortgage Holdings, Inc., its affiliated and subsidiary companies, as successor in interest to American Home Mortgage Corp. ("American Home") and JLM Direct Funding, Ltd., Intac Funding, Inc., Dow Hickman, Thomas Mays, Louis V. Danna II, Green Tree Partnership, Walsh Family Partnership, Ltd., Michael R. Walsh, Patricia Walsh Gillis a/k/a Patricia Gillies and Kathryn O. Walsh (collectively, "JLM") have agreed to a settlement in the referenced action (the "Action") on the following terms:

JLM shall pay American Home $25,000. in settlement of the Action (the "Settlement Payment"). (We acknowledge receipt of the Settlement Payment from you on November 8, 2007.) We will deposit the Settlement Payment in escrow for the benefit of American Home pending approval of this settlement by the United States Bankruptcy Court for the District of Delaware, the Court in which the American Home bankruptcy is proceeding (the "Bankruptcy Court"). The parties to this agreement understand that by this agreement JLM acquires no rights in any mortgages or underlying real property securing such mortgages (or to any proceeds of either) that is the subject of the Action, or otherwise. Upon approval of the settlement embodied in this agreement by the Bankruptcy Court, (i) American Home and JLM will discontinue the Action with prejudice, (ii) American Home will provide JLM with a Release, and (iii) we will disburse from our escrow account the Settlement Payment to and for the benefit of American Home. In the event that the Bankruptcy Court does not approve

ZEICHNER ELLMAN & KRAUSE LLP

O.W. Bussey, Jr., Esq.
November 9, 2007
Page 2

this settlement, we will return the Settlement Payment to JLM within 120 days of the Settlement Payment.

If any payments of money made to American Home by JLM pursuant to the terms of this Agreement should for any reason subsequently be declared to be "fraudulent" (within the meaning of any state or federal law relating to fraudulent conveyances), preferential, or otherwise voidable or recoverable, in whole or in part for any reasons, under the Bankruptcy Code or any other federal or state law (collectively referred to herein as "Voidable Transfers") and American Home is required to repay or restore the amount of any such Voidable Transfers or any portion thereof, then, as to the amount repaid or restored pursuant to any such Voidable Transfer (including all costs, expenses and attorneys' fees of American Home thereto) the liability of JLM shall automatically be revived, reinstated and restored in the full amount of American Home's claim, and shall exist as though such Voidable Transfer had never been made to American Home. Nothing set forth herein is an admission that such Voidable Transfer has occurred or will occur. JLM expressly acknowledges that American Home may rely upon advice of counsel and, if so advised by counsel, may settle, without defending, any action to void any alleged Voidable Transfer, and that upon such settlement JLM shall again be liable for any deficiency resulting from such settlement as provided in this Agreement.

Please countersign this letter below and return it to me to confirm the agreement of your client to the terms set forth in this letter.

Very truly yours,

Bruce S. Goodman

Accepted and Agreed:

By: _____
      O.W. Bussey, Jr.
      Attorney for Defendants

BG/jd

513836.01/10331-018/BG

ZEICHNER ELLMAN & KRAUSE LLP

O.W. Bussey, Jr., Esq.
November 9, 2007
Page 2

this settlement, we will return the Settlement Payment to JLM within 120 days of the Settlement Payment.

If any payments of money made to American Home by JLM pursuant to the terms of this Agreement should for any reason subsequently be declared to be "fraudulent" (within the meaning of any state or federal law relating to fraudulent conveyances), preferential, or otherwise voidable or recoverable, in whole or in part for any reasons, under the Bankruptcy Code or any other federal or state law (collectively referred to herein as "Voidable Transfers") and American Home is required to repay or restore the amount of any such Voidable Transfers or any portion thereof, then, as to the amount repaid or restored pursuant to any such Voidable Transfer (including all costs, expenses and attorneys' fees of American Home thereto) the liability of JLM shall automatically be revived, reinstated and restored in the full amount of American Home's claim, and shall exist as though such Voidable Transfer had never been made to American Home. Nothing set forth herein is an admission that such Voidable Transfer has occurred or will occur. JLM expressly acknowledges that American Home may rely upon advice of counsel and, if so advised by counsel, may settle, without defending, any action to void any alleged Voidable Transfer, and that upon such settlement JLM shall again be liable for any deficiency resulting from such settlement as provided in this Agreement.

Please countersign this letter below and return it to me to confirm the agreement of your client to the terms set forth in this letter.

Very truly yours,

Bruce S. Goodman

Accepted and Agreed:

By: _____
O.W. Bussey, Jr.
Attorney for Defendants

BG/jd

513836.01/10331-018/BG

B 1 1 1—General Release by Corporation: 11-98

BlumbergExcelsior, Inc.
PUBLISHER NYC 10013

# To all to whom these Presents shall come or may Concern, Know That

American Home Mortgage Corp.

A corporation organized under the laws of the State of Delaware , as RELEASOR,
in consideration of the sum of

($ 25,000.00   ),

received from JLM Direct Funding, Ltd., Intac Funding, Inc., Dow Hickman, Thomas Mays, Louis V.
Danna II, Green Tree Partnership, Walsh Family Partnership, Ltd., Michael R. Walsh, Patricia
Walsh Gillis a/k/a Patricia Gillies and Kathryn O. Walsh

as RELEASEES,

receipt whereof is hereby acknowledged, releases and discharges

the RELEASEE, RELEASEE'S heirs, executors, adminis-
trators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings,
bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments,
extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the
RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by
reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.,
relating to the claims in the action captioned American Home Mortgage Corp. v. JLM
Direct Funding, Ltd., et al., Case No. 07 CW 1116 (ADS)(ETB), pending in the United
States District Court for the Eastern District of New York.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.
This RELEASE may not shall be changed orally.

**In Witness Whereof,** the RELEASOR has *caused this RELEASE to be executed by its duly authorized officers
and its corporate seal to be hereunto affixed* on

**In presence of:**

...........................................................................................

By ...........................................................................................

State of New York, County of                ss.: ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)
On                before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose
name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s),
or the person upon behalf of which the individual(s) acted, executed the instrument.

.........................................................................
*(signature and office of individual taking acknowledgment)*

*If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."*

ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)

**State of New York**
**County of** } ss.:

On                              before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
*(signature and office of individual taking acknowledgment)*

ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)

**State of**
**County of** } ss.:

On                              before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in

*(Insert city or political subdivision and state or county or other place acknowledgment taken)*

_____
*(signature and office of individual taking acknowledgment)*

RELEASOR

RELEASEE

General Release

Dated

LAW OFFICES OF

# EXHIBIT H

# ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5357
bgoodman@zeklaw.com

November 9, 2007

**BY E-MAIL**

Patrick R. Walters, President
USA Funding Corp.
17035 N. Wisconsin Avenue
Brookfield, Wisconsin 53005

### American Home Mortgage Corp. v. USA Funding Corp.
### Case No.: 06 CV 5956 (JG) (MLO)

Dear Mr. Walters:

This shall confirm that the Debtor-in-Possession American Home Mortgage Holdings, Inc., its affiliated and subsidiary companies, as successor in interest to American Home Mortgage Corp. ("American Home") and USA Funding Corp. have agreed to a settlement in the referenced action (the "Action") on the following terms:

USA Funding Corp. shall pay American Home $55,000. in settlement of the Action (the "Settlement Payment"). (We acknowledge receipt of the Settlement Payment from you on October 11, 2007.) We will deposit the Settlement Payment in escrow for the benefit of American Home pending approval of this settlement by the United States Bankruptcy Court for the District of Delaware, the court in which the American Home bankruptcy is proceeding (the "Bankruptcy Court"). The parties to this agreement understand that by this agreement USA Funding Corp. acquires no rights in any mortgages or underlying real property securing such mortgages (or to any proceeds of either) that are the subject of the Action, or otherwise. Upon approval of the settlement embodied in this agreement by the Bankruptcy Court: (i) American Home and USA Funding Corp. will discontinue the Action with prejudice, (ii) American Home will provide USA Funding Corp. with a Release in the form annexed hereto, and (iii) we will disburse from our escrow account the Settlement Payment to and for the benefit of American Home. In the event that the Bankruptcy Court does not approve this settlement, we will return the Settlement Payment to USA Funding Corp.

ZEICHNER ELLMAN & KRAUSE LLP

Patrick R. Walters, President
November 9, 2007
Page 2

within 30 days of our receipt of written notice of such disapproval by the Bankruptcy Court.

If any payments of money made to American Home by USA Funding Corp. pursuant to the terms of this Agreement should for any reason subsequently be declared to be "fraudulent" (within the meaning of any state or federal law relating to fraudulent conveyances), preferential, or otherwise voidable or recoverable, in whole or in part for any reasons, under the Bankruptcy Code or any other federal or state law (collectively referred to herein as "Voidable Transfers") and American Home is required to repay or restore the amount of any such Voidable Transfers or any portion thereof, then, as to the amount repaid or restored pursuant to any such Voidable Transfer (including all costs, expenses and attorneys' fees of American Home thereto) the liability of USA Funding Corp. shall automatically be revived, reinstated and restored in the full amount of American Home's claim, and shall exist as though such Voidable Transfer had never been made to American Home. Nothing set forth herein is an admission that such Voidable Transfer has occurred or will occur. USA Funding Corp. expressly acknowledges that American Home may rely upon advice of counsel and, if so advised by counsel, may settle, without defending, any action to void any alleged Voidable Transfer, and that upon such settlement USA Funding Corp. shall again be liable for any deficiency resulting from such settlement as provided in this Agreement.

Please countersign this letter below and return it to me to confirm the agreement of your client to the terms set forth in this letter.

Very truly yours,

Bruce S. Goodman

Accepted and Agreed:
USA Funding Corp.

By: _____
     Patrick R. Walters
     President

BG/jd

513806.01/10331-012/BG

ZEICHNER ELLMAN & KRAUSE LLP

>Patrick R. Walters, President
>November 9, 2007
>Page 2

within 30 days of our receipt of written notice of such disapproval by the Bankruptcy Court.

If any payments of money made to American Home by USA Funding Corp. pursuant to the terms of this Agreement should for any reason subsequently be declared to be "fraudulent" (within the meaning of any state or federal law relating to fraudulent conveyances), preferential, or otherwise voidable or recoverable, in whole or in part for any reasons, under the Bankruptcy Code or any other federal or state law (collectively referred to herein as "Voidable Transfers") and American Home is required to repay or restore the amount of any such Voidable Transfers or any portion thereof, then, as to the amount repaid or restored pursuant to any such Voidable Transfer (including all costs, expenses and attorneys' fees of American Home thereto) the liability of USA Funding Corp. shall automatically be revived, reinstated and restored in the full amount of American Home's claim, and shall exist as though such Voidable Transfer had never been made to American Home. Nothing set forth herein is an admission that such Voidable Transfer has occurred or will occur. USA Funding Corp. expressly acknowledges that American Home may rely upon advice of counsel and, if so advised by counsel, may settle, without defending, any action to void any alleged Voidable Transfer, and that upon such settlement USA Funding Corp. shall again be liable for any deficiency resulting from such settlement as provided in this Agreement.

Please countersign this letter below and return it to me to confirm the agreement of your client to the terms set forth in this letter.

Very truly yours,

Bruce S. Goodman

Accepted and Agreed:
USA Funding Corp.

By: _____
Patrick R. Walters
President

BG/jd

513806.01/10331-012/BG

☐ ▨ Blumberg Law Products    B 111—General Release by Corporation: 11-98    Blumberg Excelsior, Inc.
PUBLISHER NYC 10013

# To all to whom these Presents shall come or may Concern, Know That

American Home Mortgage Corp.

A corporation organized under the laws of the State of Delaware
in consideration of the sum of                                                               , as RELEASOR,

                                                                            ($ 55,000.00    ),
received from

            USA Funding Corp.

                                                                              as RELEASEE,
receipt whereof is hereby acknowledged, releases and discharges

the RELEASEE, RELEASEE'S heirs, executors, adminis-
trators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings,
bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments,
extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the
RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by
reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE,
relating to the claims in the action captioned American Home Mortgage Corp. v. USA Funding
Corp., Case No. 06 CV 5956 (JG)(MLO), pending in the United States District Court for the
Eastern District of New York.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.
This RELEASE shall not be changed orally.

**In Witness Whereof,** the RELEASOR has *caused this RELEASE to be executed by its duly authorized officers
and its corporate seal to be hereunto affixed* on

**In presence of:**

............................................................

By ............................................................

State of New York, County of          **SS.:  ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)**
On                        before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose
name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s),
or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
*(signature and office of individual taking acknowledgment)*

*If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."*

ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)

**State of New York**
**County of**                                               } ss.:

On                                    before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satisfac-
tory evidence to be the individual(s) whose name(s) is (are) sub-
scribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their capacity(ies), and
that by his/her/their signature(s) on the instrument, the individ-
ual(s), or the person upon behalf of which the individual(s) acted,
executed the instrument.

_____
*(signature and office of individual taking acknowledgment)*

ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)

**State of**
**County of**                                               } ss.:

On                                    before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satis-
factory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their capacity(ies),
and that by his/her/their signature(s) on the instrument, the indi-
vidual(s), or the person upon behalf of which the individual(s)
acted, executed the instrument, and that such individual made
such appearance before the undersigned in

*(insert city or political subdivision and state or county or other place acknowl-
edgment taken)*

_____
*(signature and office of individual taking acknowledgment)*

*RELEASOR*

*RELEASEE*

**General Release**

Dated

**LAW OFFICES OF**