# **EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| **AMERICAN HOME MORTGAGE** ) | Case Nos. 07-11047 (CSS) |
| **HOLDINGS, INC., et al.,** ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

## SECOND STIPULATION BETWEEN CERTAIN DEBTORS AND ABN AMRO BANK N.V. REGARDING POST-PETITION ADVANCES AND SALE OF CONSTRUCTION LOAN PORTFOLIO; ORDER THEREON

American Home Mortgage Acceptance, Inc., American Home Mortgage Corp., American Home Mortgage Investment Corp., and American Home Mortgage Servicing, Inc. (collectively, the "AHM MRA Debtors") as chapter 11 debtors and debtors in possession on the one hand, and ABN AMRO Bank N.V. ("ABN") on the other hand (the AHM MRA Debtors and ABN, collectively, the "Parties"), hereby enter into this "Second Stipulation Between Certain Debtors and ABN AMRO Bank N.V. Regarding Post-Petition Advances and Sale of Construction Loan Portfolio" (the "Second Stipulation"), by and through their respective counsel of record, effective as of the date of entry of an order approving this Second Stipulation, based upon the following Recitals.

### Recitals

1. On August 6, 2007 (the "Petition Date"), the Debtors[1] commenced voluntary cases (the "Bankruptcy Cases") under chapter 11 of Title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the

---

[1] The Debtors and Debtors in Possession are American Home Mortgage Holdings, Inc., American Home Mortgage Acceptance, Inc., American Home Mortgage Corp., American Home Mortgage Investment Corp., American Home Mortgage Servicing, Inc., American Home Mortgage Ventures LLC, Homegate Settlement Services, Inc., and Great Oak Abstract Corp. (individually, a "Debtor," and collectively, the "Debtors").

District of Delaware (the "Court"). The Debtors remain in possession of their property and are managing their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. On August 14, 2007, the United States Trustee appointed an official committee of unsecured creditors.

        2. On August 22, 2007, the AHM MRA Debtors and ABN entered into the "Stipulation Between Certain Debtors and ABN AMRO Bank N.V.; Order Thereon" (the "Post-Petition Advances Stipulation"), pursuant to which, among other things, ABN agreed to fund certain Additional Mortgagor Advances in connection with the Mortgage Loans that are the subject of the Master Repurchase Agreement, dated as of February 28, 2007, between the AHM MRA Debtors and ABN, and to fund certain Servicing Payments, as each of those capitalized terms are described and defined in the Post-Petition Advances Stipulation. The Court entered its order approving the Post-Petition Advances Stipulation on August 22, 2007 (docket no. 284).

        3. On or about September 21, 2007, ABN and the AHM MRA Debtors entered into the "Stipulation Between Certain Debtors and ABN AMRO Bank N.V. Regarding Marketing and Sale of Certain Construction Loans and Servicing Rights; and Order Thereon" (the "Sale Procedures Stipulation"), pursuant to which, among other things, the AHM MRA Debtors and ABN: (a) agreed on the procedures under which the Mortgage Loans that were the subject of the Master Repurchase Agreement would be marketed and sold; (b) agreed that, upon entry of an order approving the Sale Procedures Stipulation, ABN would be obligated to pay the AHM MRA Debtors the ABN Payment (as defined in the Sale Procedures Stipulation) in the amount of $700,000, and (c) further agreed (as provided in paragraph 20 of the Sale Procedures Stipulation) that "upon…the ABN MRA Debtors' conveyance, transfer, quitclaim, release, and/or turnover and delivery of possession of the Mortgage Loans and the Servicing Rights to

ABN pursuant to paragraphs 12(b) or 17… [of the Sale Procedures Stipulation], ABN shall not retain, nor shall it assert, a claim or interest of any kind against or in the Debtors or the Debtors' bankruptcy estates under or with respect to the ABN MRA Agreements, the Mortgage Loans, or the Servicing Rights; provided, however, that notwithstanding the foregoing, ABN shall retain the right to pursue recovery of any of the ABN Advances (but not including Servicing Payments earned by the ABN MRA Debtors but then remaining unpaid) applied or used by any of the Debtors in any manner inconsistent with the ABN MRA Agreements, the ABN Post-Petition Advances Stipulation, or the Advances Order, and the Debtors reserve the right to object to or contest the exercise of such retained right" (the "Waiver of Claims Provision").

4. On October 4, 2004, the Court entered its order approving the Sale Procedures Stipulation (docket no. 1176), and entered a related order approving the sales procedures (docket no. 1175).

5. An auction for the Mortgage Loans was scheduled for October 29, 2007. Only one bid for the Mortgage Loans was received by the Bid Deadline from a Qualified Bidder, and the Debtors filed a notice with the Court cancelling the auction (docket no. 1695), and notified the parties.

6. Paragraphs 17 and 18 of the Sale Procedures Stipulation provided that if there were no Qualified Bidder for the Mortgage Loans, or if ABN exercised its right to notify the AHM MRA Debtors not to accept the Successful Bid at the Auction, then: (a) ABN would pay to AHM the $700,000 ABN Payment; and (b) within twenty business days of the Bid Deadline or such later date that the parties might agree to, the AHM MRA Debtors would transfer, convey and turn over to ABN all of the AHM MRA Debtors' rights in and to the Mortgage Loans.

DB02:6360681.7                                                                                              066585.1001

7. On November 8, 2007, ABN made the ABN Payment.

8. ABN has requested that the applicable twenty business day deadline in paragraphs 17 or 18 of the Sale Procedures Stipulation be extended to provide ABN additional time to find a substitute servicer and/or transferee with respect to the Mortgage Loans. The AHM MRA Debtors have agreed to use commercially reasonable efforts to keep in place the construction loan servicing group to service the Mortgage Loans through the remainder of calendar 2007 and the first quarter of calendar 2008, as long as ABN (i) continues to make Additional Mortgagor Advances and Servicing Payments in accordance with the provisions of the Post-Petition Advances Stipulation (as amended and supplemented herein), and (ii) agrees the Waiver of Claims Provision shall be effective pursuant to paragraph 15 below.

9. Attached hereto as Exhibit A and incorporated herein by reference is the Debtor's budget for the servicing of the Debtors' construction loan portfolio for first quarter of calendar 2008 (the "2008 Budget").

10. Based upon the foregoing, the Parties hereby stipulate and agree as follows.

## Agreements

11. Each of the Recitals contained in paragraphs 2 through 10 of the Post-Petition Advances Stipulation and each of the Recitals contained in paragraphs 2 through 9 of the Sale Procedures Stipulation are incorporated herein by this reference, and, unless amended herein, the Agreements contained in those two stipulations shall remain in full force and effect.

12. Paragraph 12 of the Post-Petition Advances Stipulation is hereby amended to increase the reference therein from "$32 million" to "$70 million."

13. ABN shall pay its pro-rata share of the 2008 Budget amounts, as the term "pro-rata" is used in the Post-Petition Advances Stipulation, on the same terms as provided for payment of the Budget amounts in the Post-Petition Advances Stipulation.

14. The turnover of the AHM MRA Debtors' rights in and to the Mortgage Loans to ABN as provided in paragraphs 17 and 18 of the Sale Procedures Stipulation shall: (a) be conditioned upon ABN's performance of each of the payment obligations contained in the Post-Petition Advances Stipulation and this Second Stipulation, and (b) occur on the first business day that is fifteen calendar days after ABN provides written notice to the AHM MRA Debtors and their counsel that it has obtained an acceptable substitute servicer and/or transferee (or such later date as the AHM MRA Debtors and ABN may mutually agree to), and upon such transfer and substitution of servicer, ABN shall no longer be obligated to make any further Servicing Payments. In the event the AHM MRA Debtors are unable to keep in place the construction loan servicing group to service the Mortgage Loans despite their reasonably commercial efforts to keep the construction loan servicing group in place, then AHM MRA Debtors shall provide written notice (in advance of discontinuing service, but only if practicable) to ABN of the last day they will be servicing the Mortgage Loans (after which the AHM MRA Debtors shall have no obligation to service the Mortgage Loans), and the parties thereupon shall effectuate the conveyance, transfer, quitclaim, release, and/or turnover and delivery of possession of the Mortgage Loans and the Servicing Rights to ABN.

15. On the date the Debtors convey, transfer, quit claim, release and/or turnover and deliver possession of the Mortgage Loans and Servicing Rights to ABN pursuant to the terms of this Second Stipulation, ABN hereby shall not retain, nor shall it assert, a claim or interest of any kind against or in the Debtors or the Debtors' bankruptcy estates under or with respect to the ABN MRA Agreements, the Mortgage Loans, or the Servicing Rights; provided, however, that notwithstanding the foregoing, ABN shall retain the right to pursue recovery of any of the ABN Advances (but not including Servicing Payments earned by the ABN MRA Debtors but then remaining unpaid) applied or used by any of the Debtors in any manner inconsistent with the ABN MRA Agreements, the ABN Post-Petition Advances Stipulation, the Advances Order, or this Second Stipulation, and the Debtors reserve the right to object to or contest the exercise of such retained right.

16. This Second Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

17. The Parties hereto represent and warrant to each other that, subject to entry of an order approving this Second Stipulation, they are authorized to execute this Second Stipulation, each has full power and authority to enter into and perform in accordance with the terms of this Second Stipulation, and this Second Stipulation is duly executed and delivered and constitutes a valid and binding agreement in accordance with its terms.

18.  This Second Stipulation shall become effective immediately upon entry of an order approving the Second Stipulation.

Dated: December 3, 2007
      Wilmington, Delaware

| | |
|---|---|
| ABN AMRO BANK N.V.,<br>by its counsel,<br><br>MILBANK, TWEED, HADLEY &<br>McCLOY LLP<br>Gregory A. Bray<br>Robert Jay Moore<br>Fred Neufeld<br>601 South Figueroa Street, 30th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 892-4000<br>Facsimile: (213) 629-5063<br><br>-and-<br><br>RICHARDS, LAYTON & FINGER, P.A.<br><br>_____<br>Mark D. Collins (No. 2981)<br>John H. Knight (No. 3848)<br>One Rodney Square,<br>920 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701 | AMERICAN HOME MORTGAGE<br>ACCEPTANCE, INC., AMERICAN HOME<br>MORTGAGE CORP., AMERICAN HOME<br>MORTGAGE INVESTMENT CORP.,<br>AMERICAN HOME MORTGAGE<br>SERVICING, INC., by their counsel,<br><br>YOUNG CONAWAY STARGATT &<br>TAYLOR LLP<br><br>_____<br>M. Blake Cleary (No. 3614)<br>Matthew B. Lunn (No. 4119)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253 |