IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x   Chapter 11
In re:                                                           :
                                                                 :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,                  :   Jointly Administered
                                                                 :
    Debtors.                                                     :   **Docket Ref. No. 2257**
                                                                 :
                                                                 :   **Hearing Date: December 5, 2007 at 3:30 p.m.**
---------------------------------------------------------------- x

### DEBTORS' OBJECTION TO MOTION OF BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT, FOR EXPEDITED HEARING, AND TO SHORTEN TIME REGARDING MOTION OF BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT, FOR RELIEF FROM AUTOMATIC STAY, PURSUANT TO 11 U.S.C. § 362(d), TO EXERCISE ITS RIGHTS AS A SECURED CREDITOR TO SELL COLLATERAL CONSISTING OF OUTSTANDING CONSTRUCTION-TO-PERM MORTGAGE LOANS ON SINGLE-FAMILY RESIDENCES

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors"),[1] hereby object (the "Objection") to the *Motion of Bank of America, N.A., as Administrative Agent, for Expedited Hearing, and to Shorten Time Regarding Motion of Bank of America, N.A., as Administrative Agent, for Relief from Automatic Stay, Pursuant to 11 U.S.C. § 362(d), to Exercise its Rights as a Secured Creditor to Sell Collateral Consistent of Outstanding Construction-to-Perm Mortgage*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

*Loans on Single-Family Residences* [Docket No. 2257] (the "Motion to Shorten").[2] In support of this Objection, the Debtors respectfully represent as follows:

## OBJECTION

1. By the Motion to Shorten, the Administrative Agent requests that the Court shorten the applicable notice periods so that the Motion [Docket No. 2255], which seeks relief from the automatic stay to permit the Administrative Agent to sell or otherwise dispose of the Construction-to-Perm Loans, may be heard on December 12, 2007, a mere eight days after the Motion was filed. The Motion to Shorten additionally requests that the objection deadline for the Motion be set for December 10, 2007 at 10:00 a.m., only six days from the date the Motion was filed.

2. Motions for relief from the automatic stay pursuant to section 362(d) require a minimum of fifteen days notice pursuant to Local Rule 2002-1(b) for a reason – the automatic stay is one of the fundamental debtor protections provided by the Bankruptcy Code. *Krystal Cadillac Oldsmobile GMC Truck, Inc. v. GMC (In re Krystal Cadillac Oldsmobile GMC Truck, Inc.)*, 142 F.3d 631, 637 (3d Cir. 1998) (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 340 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6296) (explaining the purpose of section 362 of the Bankruptcy Code).

3. As purported justification for shortening the mandated notice period of Local Rule 2002-1(b), the Administrative Agent alleges, *inter alia,* that: (i) the Debtors have "refused to provide reasonable diligence to a prospective purchaser and act upon" such purchaser's offer to buy the Construction-to-Perm Loans; (ii) the value of the Construction-to-Perm Loans may diminish if they are not sold "in the very near future"; and (iii) it would be

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion to Shorten.

2

DB02:6416182.3                                                                                                              066585.1001

more "efficient" to hear the Motion on December 12, because a stay relief motion filed by JP Morgan Chase National Association [Docket No. 2135], also relating to construction-to-perm loans, is scheduled at that time. Simply put, these allegations either are without merit or do not constitute sufficient cause to shorten notice pursuant to Bankruptcy Rule 9006(c).

4.      It is without question that the Administrative Agent has been the most active and vocal creditor in the Debtors' chapter 11 cases. The Debtors and the Administrative Agent discuss matters related to the Debtors' chapter 11 cases frequently. As a result, the Administrative Agent has been well aware of the circumstances surrounding the Construction-to-Perm Loans for some time. The Administrative Agent is also well aware that the Debtors continue to explore all available alternatives to maximize creditor recoveries – not only with respect to the Construction-to-Perm Loans, but for all of their assets.

5.      One such alternative involved the active pursuit of an expression of interest from a prospective buyer for the Construction-to-Perm Loans, as referenced in paragraph 3 of the Motion to Shorten. The Administrative Agent's assertion that the Debtors "refused to provide reasonable due diligence" to such prospective buyer is wholly inaccurate. The prospective purchaser actually conducted significant due diligence, with a team of four or five people at the Debtors' premises for several days having complete access to the loan files. The Debtors fully responded to requests for due diligence information. The Debtors also engaged in good faith discussions with such purchaser in an effort to obtain an acceptable offer for the Construction-to-Perm Loans.

6.      However, the Debtors have not limited themselves to these particular discussions. In addition, the Debtors are analyzing alternative strategies which they believe may achieve greater value for the estates with respect to the Construction-to-Perm Loans. The

Debtors have made a presentation to the Committee's professionals regarding such alternatives and intend to make a similar presentation to the Administrative Agent within the next day or so. Requiring the Debtors to defend against the Administrative Agent's Motion by December 12 will undermine these efforts to achieve maximum value.

7. With respect to the JPMorgan Motion, which was not filed on shortened notice, the parties have agreed to continue the hearing to the December 21, 2007 omnibus hearing date. Since the Administrative Agent "believes it would be efficient" to hear the Motion at the same time as the JPMorgan Motion (Motion to Shorten at ¶5), the Court should schedule the Motion for the December 21 hearing.

8. The issues raised in the Motion are extremely important and affect not only the Debtors and the Administrative Agent, but various other creditor constituencies. To the extent the Debtors, the Committee and the Administrative Agent cannot agree upon an acceptable course of action regarding the Construction-to-Perm Loans in the next several days, the Debtors will need to devote substantial time and resources to preparing for a hearing on the Motion. The merits of the Motion are best addressed before the Court after proper preparations and the completion of discovery, which will not occur if the Court grants the Motion to Shorten. Put differently, the Debtors would be prejudiced if forced to address the merits of the Motion on such short notice.

9. Accordingly, for the foregoing reasons, the circumstances do not justify shortening the notice periods for the Motion and scheduling it to be heard on December 12, 2007. Consideration of the Motion on December 21 – a mere nine days later – will result in a prompt adjudication of the Motion, while also affording the Debtors sufficient time to explore other alternatives and, if necessary, adequately prepare for the hearing.

## RESERVATION OF RIGHTS

10. This Objection is without prejudice to the Debtors' right to file an objection to the Motion on any and all bases.

## CONCLUSION

WHEREFORE, based on the foregoing, the Debtors respectfully request that the Motion to Shorten be DENIED.

Dated: Wilmington, Delaware
December 5, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Pauline K. Morgan*
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
John T. Dorsey (No. 2988)
Sharon M. Zieg (No. 4196)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession