**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| | : | Case No. 07-11047 (CSS) |
| American Home Mortgage Holdings, Inc., *et al.* [1] | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Objections Due By: December 26, 2007 @ 4 p.m.** |
| | : | **Hearing Date: Only in the Event of an Objection** |

---

**SECOND MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL**
**FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR**
**THE PERIOD FROM SEPTEMBER 1, 2007 THROUGH SEPTEMBER 30, 2007**

**SUMMARY SHEET**

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | November 28, 2007 (effective August 14, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | September 1, 2007 through September 30, 2007 |
| Amount of Compensation sought as actual, reasonable and necessary: | $347,084.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $10,120.65 |

This is a ☒ monthly ☐ interim ☐ final application.

| | | |
|---|---|---|
| 80% OF FEES FOR PERIOD 9/1/07-9/30/07: | $277,667.60 | (Holdback: $69,416.90) |
| 100% OF DISBURSEMENTS: | $10,120.65 | |
| TOTAL DUE: | <u>$287,788.25</u> | |

---

[1] The Debtors in these cases, are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

1371151.1

- 2 -

|  |  | **Requested** | | **Approved** | |
|---|---|---|---|---|---|
| **Date Filed** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 11/30/2007 | 8/14/2007-8/31/2007 | $213,416.00 | $3,416.60 | Pending | Pending |

- 3 -

## ATTORNEY/PARAPROFESSIONAL SUMMARY

| Name of Professional Person | Position of the Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jeffrey L. Schwartz | Partner (1977) | $650.00 | 16.10 | $10,465.00 |
| Mark S. Indelicato | Partner (1986) | $625.00 | 204.90 | $128,062.50 |
| Mark T. Power | Partner (1989) | $625.00 | 95.30 | $59,562.50 |
| John P. McCahey | Partner (1986) | $625.00 | 8.60 | $5,375.00 |
| Joshua I. Divack | Partner (1988) | $575.00 | 2.00 | $1,150.00 |
| Don D. Grubman | Partner (1979) | $575.00 | 85.00 | $48,875.00 |
| Edward L. Schnitzer | Associate (1998) | $400.00 | 39.50 | $15,800.00 |
| Katharine G. Craner | Associate (2002) | $325.00 | 0.70 | $227.50 |
| Jeffrey Zawadzki | Associate (2004) | $260.00 | 70.40 | $18,304.00 |
| Emmet Keary | Associate (2006) | $215.00 | 128.80 | $27,692.00 |

| Howard Ruda | Of Counsel (1959) | $475.00 | 2.30 | $1,092.50 |
|---|---|---|---|---|
| James P. Laughlin | Special Counsel (1989) | $625.00 | 39.10 | $24,437.50 |
| Robert J. Malatak | Special Counsel (1994) | $450.00 | 1.60 | $720.00 |
| Joselyn Fine | Paralegal (N/A) | $180.00 | 0.30 | $54.00 |
| Michael Marhyan | Paralegal (N/A) | $190.00 | 20.70 | $3,933.00 |
| Mary Porch | Paralegal (N/A) | $175.00 | 1.00 | $175.00 |
| Jason Smith | Paralegal (N/A) | $190.00 | 6.10 | $1,159.00 |
| **Grand Totals:** | | | **71.10722.40** | **$31,571.00** |
| **Blended Rate:** | | **$ 442.24406.88** | | |
| **Blended Rate excluding Paraprofessionals:** | | **$ 442.24494.23** | | |

- 5 -

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General; Case Administration | 19.20 | $7,171.50 |
| Creditors' Committee | 268.80 | $88,449.50 |
| Retentions | 4.50 | $2,677.50 |
| Executory Contracts/Leases | 0.40 | $140.50 |
| DIP/Investigation of Lien | 16.60 | $5,794.50 |
| Sale of Assets | 346.20 | $203,587.50 |
| Litigation | 48.30 | $29,479.00 |
| Employee Issues | 15.20 | $7,784.50 |
| Investigation of Company | 3.20 | $2,000.00 |
| **Total:** | **722.40** | **$347,084.50** |
| **Project Category** | **Total Hours** | **Total Fees** |

**EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | Skyline Credit Ride Inc. | $2,022.76 |
| Duplicating [at 10¢ per page] | | $895.90 |
| Lexis | Lexis – Nexis | $1,073.49 |
| Long Distance Telephone | | $243.92 |
| Postage | | $5.01 |
| Search Fees | Pacer Service Center | $494.00 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | Seamless Web Professional Solutions, Inc. | $1,712.77 |
| Travel | | $1,334.00 |
| UCC Fees | | $2,338.80 |
| **Total:** | | $10,120.65 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------
In re:

American Home Mortgage Holdings, Inc., <u>et al.</u> [2]

Debtors.

---------------------------------------------------------------

: Chapter 11
:
: Case No. 07-11047 (CSS)
: (Jointly Administered)
:
: **Objections Due By: December 26, 2007 @ 4 p.m.**
: **Hearing Date:  Only in the Event of an Objection**


**SECOND MONTHLY APPLICATION OF HAHN & HESSEN LLP,
FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR THE PERIOD SEPTEMBER 1, 2007 THROUGH SEPTEMBER 30, 2007**

TO:   THE HONORABLE CHRISTOPHER S. SONTCHI,
        UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the Court's approval of its second monthly request for compensation and reimbursement of expenses as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") during the period of September 1, 2007 through September 30, 2007 (the "Compensation Period"), and in support thereof respectfully represents:

---

[2]   The Debtors in these cases, are:  American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

1321417.v2

1. H&H submits this second monthly application for allowance of $287,788.25 for services provided to the Committee during the Compensation Period consisting of (i) fees in the amount of $277,667.60 and (ii) out-of-pocket expenses in the amount of $10,120.65.

**Background**

2. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc., et al. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The Debtors have continued in the management and operation of their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Debtors' cases.

3. On August 14, 2007, the United States Trustee for the District of Delaware appointed the Committee, which is comprised of the following seven (7) members: Wilmington Trust Company; United Parcel Service, c/o The Receivable Management Services Corporation, Its Agent; The Bank of New York Trust Company, N.A.; Deutsche Bank National Trust Co.; as Trustee; Nomura Credit & Capital, Inc.; Impac Funding Corporation; and Waldners Business Environments, Inc.

4. The Committee elected Wilmington Trust Company, as Trustee, and The Receivable Management Services Corporation, Agent for United Parcel Service, as Co-Chairpersons of the Committee. The Committee then selected H&H as its counsel, Blank Rome LLP as co-counsel, and BDO Seidman as financial advisors.

5.  Pursuant to an order of this Court dated November 28, 2007, a copy of which is annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee under a general retainer, effective as of August 14, 2007.

6.  The attorneys at H&H with primary responsibility for the representation of the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each of whom is a partner at H&H. Mr. Schwartz is a 1973 graduate of Cornell University and a 1976 graduate of New York University School of Law. Mr. Indelicato is a 1982 graduate of New York University, Stern School of Business and a 1985 graduate of Fordham University School of Law. Mr. Power graduated in 1985 from George Washington University and earned his Juris Doctor in 1988 from Boston College Law School. In an effort to keep duplication of efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by Mr. Schwartz, Indelicato and Power to separate and discrete tasks. Mr. Schwartz has particular expertise regarding issues involving counter-parties to financial contracts in subprime lending, and has been particularly involved in these cases in that area. Mr. Indelicato's and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights, with a substantial focus on representing creditors committees in Chapter 11 cases. As such, they are responsible for the day-to-day oversight of the case.

7.  This Monthly Fee Application is submitted in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated September 4, 2007 [Docket No. 547] (the "Administrative Fee Order").

**Summary of H&H Services During the Compensation Period**

8.      From the outset, these cases have been extremely active and challenging, with a multitude of substantial motions and adversary proceedings commenced during the first few weeks of the case.  Applicant devoted considerable time and attention at the inception of its retention to getting up to speed quickly on the underlying facts and be able to respond appropriately to the myriad of expedited matters filed in the case.  During the month of September 2007, H&H expended 722.40 hours in connection with its services on behalf of the Committee.  H&H submits that the services it has rendered to the Committee have been necessary and in the best interests of creditors and the Debtors' estates and have furthered the goals of all parties in interest.  H&H's services concentrated in, but were not limited to, the following areas:

**(a)      General; Case Administration**

9.      H&H expended 19.20 hours with respect to services under this category, for which total compensation amounts to $7,171.50.  Applicant's services included review of docket regarding status updates and review of recently filed pleadings.  Applicant's attorneys also frequently met or participated in conference calls with the Debtors and/or their professionals on multiple topics including, but not limited to, settlement of disputes and sale of assets.  Applicant also spent time attending to general administrative and case management matters and preparing service lists, contact sheets and e-mail distribution lists.

**(b)    Creditors' Committee**

10. H&H expended 268.80 hours with respect to services under this category, for which total compensation amounts to $88,449.50. Applicant's services included reviewing the numerous motions filed by the Debtors and responses and/or objections filed to these motions. Pleadings were summarized for consideration by the Committee during our meetings. Applicant spent time conducting research regarding the status of ex officio members to the Committee and issues concerning the Debtors' "Rabbi" trust. Applicant drafted, reviewed, revised and finalized the Committee by-laws. Applicant's services included frequent communications with Committee members through telephone conferences, face-to-face meetings, e-mails and memoranda. Applicant prepared for and participated in several meetings with the Committee, local counsel and BDO, to discuss strategy and vote on various matters before the Committee. Applicant also had multiple conference calls with Debtors and Debtors' counsel to address concerns raised by the Committee; and thereafter discussed results of these meetings with other parties-in-interest. Applicant's attorneys met frequently on multiple topics including, but not limited to, numerous pending motions, negotiations regarding objections to retentions, sale procedures and stipulations regarding the Debtors' construction loan business.

**(c)    Retentions**

11. H&H expended 4.50 hours with respect to services under this category, for which total compensation amounts to $2,677.50. Applicant's services included discussions regarding the retention of Milestone Advisors, Kroll Zolfo Cooper and Phoenix Capital, including the Committee's issues and concerns regarding the specific terms of their retention.

**(d)     Executory Contracts or Leases**

12.    H&H expended 0.40 hours with respect to services under this category for which total compensation amounts to $140.00.  Applicant reviewed issues regarding rejection of executory contracts.

**(e)     DIP and Cash Collateral/Investigation of Lien**

13.    H&H expended 16.60 hours with respect to services under this category, for which total compensation amounts to $5,794.50.  Applicant analyzed the terms of the proposed new final post petition DIP financing between the Debtor and WLR Recovery Fund III, L.P.  Applicant reviewed the terms of the final DIP order with the Committee and resolved any issues with counsel for the DIP lender.  Applicant prepared for and participated in numerous teleconference calls to negotiate a resolution of the disputes concerning the terms of the final DIP order.

14.    Applicant also reviewed and analyzed the proposed final order authorizing the Debtors to utilize cash collateral which Bank of America, N.A. as Administrative Agent ("BofA") claimed an interest.  Applicant was involved in numerous discussions and meetings with representatives of the Debtors, BofA and their counsel to resolve all issued related thereto.  Applicant prepared for and attended the final hearings to approve both the final DIP order and the final cash collateral order.

**(f)     Sale of Assets**

15.    H&H expended 346.20 hours with respect to services under this category, for which total compensation amounts to $203,587.50.  At the inception of the case the Debtor

scheduled for sale loans owned by a non debtor subsidiary with an unpaid principal balance in excess of $1 billion. Applicant was involved in the sale process and the sale hearing.

16. Applicant was also involved in reviewing and analyzing the proposed purchase agreements for the sale of the Debtors servicing business. Applicant worked with the Debtors' counsel in negotiating this asset purchase agreement with the proposed stalking horse bidder. There were very intense negotiations over a three week period to finalize all open issues regarding the final stalking horse bid such that it was supported by the Debtors and the Committee. Applicant was also involved in the Debtors sale of other assets during this period.

**(g)    Litigation**

17. H&H expended 48.30 hours with respect to services under this category, for which total compensation amounts to $29,479.00. Credit Suisse First Boston ("CSFB"), Morgan Stanley, Calyon and Ginnie Mae commenced litigation immediately after the Petition Date to terminate the Debtors' servicing of their mortgage loans and requiring the Debtor to turn over all documentation so that servicing could be transferred to a new servicer. Applicatiant reviewed all pleadings and related issues regarding these various litigations. Applicant attended the hearings and had discussion with counsel for all parties regarding the status of these various litigations and the issues central to each case.

**(h)    Employee Issues**

18. H&H expended 15.20 hours with respect to services under this category, for which total compensation amounts to $7,784.50. Applicant's services included review of, response to and negotiations concerning the Debtors' KERP motion and wage and salary issues. Applicant spent time conducting research regarding the WARN Act, Top Hat Plans and Rabbi Trust. Applicant had numerous conversations with the Debtors' professionals and its financial

advisors to resolve disputes regarding the incentive compensation motions and the Debtors' motion to terminate its Top Hat plan and Rabbi Trust.

**(i)      Investigation of Company**

19.     H&H expended 3.20 hours with respect to services under this category, for which total compensation amounts to $2,000.00. Applicant's services included a preliminary review of documents on the Debtors' financial condition.

### H&H Fees for the Compensation Period

20.     Under all of the criteria normally examined in Chapter 11 reorganization cases, H&H's total requested compensation of $347,084.50 is reasonable in light of the significant work performed by H&H to date. The hourly rate for each attorney and paraprofessional who performed the foregoing services on behalf of the Committee is set forth in detail in the prefixed Summary Cover Sheet.

21.     Annexed hereto and made a part hereof as Exhibit "B" are computer-generated invoices taken from the timesheets maintained by the individuals who performed services during the Compensation Period. The invoices indicate the dates of and description of the services for which H&H seeks compensation, and the hours spent in performance of such services.

22.     In certain instances, H&H's time records may indicate that two or more attorneys attended the same meeting or hearing. Where more than one attorney attended a meeting or hearing, it was due in part to the expertise related to a specific issue that one particular attorney was handling and/or because one attorney was more familiar with specific topics to be discussed or presented at the meeting or hearing. Applicant made every effort to minimize such dual attendance while at the same time assuring that the interests of the

Committee and the creditor body was adequately represented. Applicant, therefore, believes that the time for both attorneys at such meetings and/or hearings are properly compensable.

23. Based on the above and in accordance with the Administrative Fee Order, H&H requests allowance of monthly compensation for September 2007 in the amount of $347,084.50, and payment of $277,667.60 representing eighty percent (80%) of such compensation.

## Disbursements Incurred During the Compensation Period

24. The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period. Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet. H&H charges its clients $0.10 per page photocopying expense. Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page. Actual long-distance carrier charges for outgoing facsimile transmission are reflected in the long-distance telephone charges. H&H believes these expenses are reasonable and were necessarily made. H&H respectfully requests reimbursement thereof in the sum of $10,120.65.

25. In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

26. H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in H&H's billing system, or have not yet been billed by a third party vendor.

**WHEREFORE**, H&H respectfully requests that the Court enter an order allowing compensation in the amounts set forth herein and provide such other and further relief as may be just and equitable.

Dated:  New York, New York
        December 5, 2007

                                        **HAHN & HESSEN LLP**
                                        Co-Counsel to The Official Committee of
                                        Unsecured Creditors of American Home Mortgage
                                        Holdings, Inc., et al. Debtors

                        By:     __/s/ Mark S. Indelicato_____
                                        Mark S. Indelicato
                                        A Member of the Firm
                                        488 Madison Avenue
                                        New York, NY  10022
                                        (212) 478-7200
                                        (212) 478-7400 facsimile