IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11
In re:                                                           :
                                                                 :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :  Jointly Administered
                                                                 :
                    Debtors.                                     :  **Ref. Docket Nos. 1955 and 2143**
                                                                 x
                                                                    Hearing Date: December 12, 2007 at 10:00 a.m. (ET)
----------------------------------------------------------------

**DEBTORS' SUPPLEMENT TO THEIR LIMITED RESPONSE TO THE MOTION OF CIFG ASSURANCE NORTH AMERICA, INC. FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT TERMINATION OF RIGHTS AND RESPONSIBILITIES OF DEBTOR AS SERVICER UNDER THE HELOC SERVICING AGREEMENT FOR SERIES 2006-2 AND REPLY TO GMAC MORTGAGE LLC'S RESPONSE TO MOTION OF CIFG ASSURANCE NORTH AMERICA, INC. FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT TERMINATION OF RIGHTS AND RESPONSIBILITIES OF DEBTOR AS SERVICER UNDER THE HELOC SERVICING AGREEMENT FOR SERIES 2006-2**

The above-captioned debtors and debtors-in-possession (collectively, "AHM" or the "Debtors") hereby file this supplement (the "Supplemental Response") to their limited response [Docket No. 2143] (the "Limited Response") to the Motion of CIFG Assurance North America, Inc. for Relief from the Automatic Stay to Permit Termination of Rights and Responsibilities of Debtor as Servicer Under the HELOC Servicing Agreement for Series 2006-2

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[Docket No. 1955] (the "Motion")[2] and reply to GMAC Mortgage LLC's ("GMACM") Response to the Motion [Docket No. 2310] (the "Response") and respectfully state as follows:

1.  As the Court is fully aware, the Debtors have sold and consummated the economic close of their loan servicing business to AH Mortgage Acquisition Co., Inc. ("Purchaser"). Other than through an arrangement with the Purchaser, the Debtors are without the necessary resources to perform the servicing under the Servicing Agreement.[3] Further, the Debtors believe that the loan servicing rights under the HELOC Servicing Agreement are of inconsequential value to the Debtors' estates. As a result, the Debtors consent to the abandonment and termination of their loan servicing rights under the HELOC Servicing Agreement and seek to efficiently and timely permit GMACM to succeed to the Debtors' servicing rights under the HELOC Servicing Agreement.

2.  However, since the filing of the Limited Response, the Debtors, despite their best efforts, have been unable to negotiate a consensual form of order granting relief from the Debtors' automatic stay to CIFG and, to the extent necessary GMACM, to permit GMACM to succeed to the Debtors' servicing rights under the Servicing Agreement. Instead, CIFG, and now GMACM[4], continue to demand relief well beyond that customarily granted by a Court on a motion for relief from the automatic stay.

3.  Specifically, in the Motion, CIFG improperly requests entry of an order requiring Debtors to "pay all costs and expenses related to the transition of the servicing to

---

[2]  Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

[3]  Pursuant to the Asset Purchase Agreement by and among the Purchaser and certain of the Debtors dated September 25, 2007, as amended (the "APA"), the Purchaser is providing loan servicing for certain loans that do not constitute Purchased Assets under the APA, including the loan servicing under the HELOC Servicing Agreement.

[4]  GMACM in the Response joins in the Motion.

GMAC[M] or the successor servicer[.]" Motion at p. 15. Further, in the Response, GMACM demands that the Debtors (i) pay for the cost and expense of the "complete transfer of all servicing data and the completion, correction, and manipulation of such servicing data as may be required by GMACM" and (ii) "pay all reasonable costs and expenses (including, but not limited to, attorneys' fees and disbursements) incurred by GMACM or a successor servicer in connection with its succession as servicer." Response at p. 6. In addition, without support in the Servicing Agreement, GMACM demands that AHMA send a notice to the HELOC Borrowers that the 2006-2 HELOCs are "frozen" and that no further loans will be made to such HELOC Borrowers thereunder.

4.  As the case law makes clear, a motion for relief "is not designed to short circuit nonbankruptcy substantive and procedural requirements." Grimes v. Munoz (In re Munoz), 83 B.R. 334, 338 (Bankr. E.D. Pa. 1988) (citing In re W.L. Bradley Co., Inc., 75 B.R. 505 (Bankr. E.D. Pa. 1987)). Rather, "the effect of granting relief from the stay is to allow a creditor to proceed and assert nonbankruptcy created rights (e.g. state law rights) ...." in the proper forum. Id. A motion for relief does not provide a basis for substantive relief. See Grella v. Salem Five Cent Savings Bank, 42 F.3d 26, 32 (1st Cir. 1994) ("The limited grounds set forth in the statutory language, read in the context of the overall scheme of §362, and combined with preliminary, summary nature of the relief from stay proceedings, have led most courts to find that such hearings do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim to property of the estate."); Johnson v. Righetti (In re Johnson), 756 F.2d 738, 740 (9th Cir. 1985) (relief from stay hearings are limited in scope to adequacy of protection, equity, and necessity to an effective reorganization, and validity of underlying claims is not litigated).

3

5.  Here, the Debtors consent to the termination of the automatic stay to permit GMACM or its designated successor to immediately succeed to the Debtors' property right to service the mortgage loans under the HELOC Servicing Agreement. However, the Debtors vehemently oppose the inappropriate attempts of CIFG and GMACM to go beyond the procedural and summary relief granted on a motion for relief from the stay. If CIFG and GMACM seek substantive relief such as payment of administrative claims, such request should be procedurally proper.[5]

6.  The Debtors submit that any order on the Motion should simply provide for the termination of the automatic stay and preserve and reserve rights with respect to the Debtors' assets. Specifically, the Debtors request that any order on the Motion include language as follows to protect the estates' assets:

> **IT IS FURTHER ORDERED** that notwithstanding anything to the contrary in this Order, AHMA, as Servicer of the HELOC Mortgage Loans pursuant to the HELOC Servicing Agreement, shall be entitled to receive, out of any late collection of a payment on a HELOC Mortgage Loan which was due on or before the termination of the HELOC Servicing Agreement, that portion to which AHMA would have been entitled pursuant to sections 3.07 and 3.15 of the HELOC Servicing Agreement as well as its HELOC Servicing Fee in respect thereof, and any other amounts payable to AHMA, as HELOC Servicer, the entitlement to which arose prior to the termination of the HELOC Servicing Agreement; and

---

[5] Bankruptcy Rule 7001 is clear that " a proceeding to recover money or property" or "to obtain a declaratory judgment relating to" the same is an adversary proceeding covered by the adversary rules. Fed. R. Bankr. P. 7001(1) & (7).

4

7.     Finally, the Debtors request that any order on the Motion provide as follows:

> **IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be an admission of liability or waiver of claims of the Debtors with respect to any claim or cause of action arising under or related to the HELOC Servicing Agreement, the Amended and Restated Trust Agreement dated as of June 30, 2006 between Bear Sterns Asset Backed Securities I LLC, Wilmington Trust Company, and Wells Fargo Bank, N.A. (the "Trust Agreement"), the Insurance and Indemnity Agreement dated as of June 30, 2006 between CIFG, American Home Mortgage Corp., American Home Mortgage Securities LLC (the "Insurance Agreement"), the Mortgage Loan Purchase Agreement dated as of June 30, 2006, the Indenture dated as of June 30, 2006 between American Home Mortgage Investment Trust 2006-2, Wells Fargo Bank, N.A., and Deutsche Bank Trust Company Americas (the "Indenture") and the HELOC Back-Up Servicing Agreement between GMAC Mortgage Corporation, Deutsche Bank Trust Company Americas, and American Home Mortgage Investment Trust 2006-2 (the "HELCO Back-Up Servicing Agreement"). The Debtors reserve any and all rights to contest any and all motions, claims or causes action arising from or related to the HELOC Servicing Agreement, the Trust Agreement, the Insurance Agreement, the Indenture or the HELOC Back-Up Servicing Agreement on any and all bases.

8.     Given there is no authority for the language that CIFG and GMACM demand to be included in the proposed form of order to the Motion that seeks to impose a significant administrative expense and burden on the Debtors' estates, such relief requested in the Motion and Response should be denied.

DB02:6418605.3

066585.1001

WHEREFORE, the Debtors respectfully request that the Court deny the relief requested in the Motion to the extent set forth herein and grant the Debtors such other and further relief as is just and proper.

Dated: Wilmington, Delaware
December 10, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Blake Cleary*

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
M. Blake Cleary (No. 3614)
Matthew B. Lunn (No. 4119)
Erin Edwards (No. 4392)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession