IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x  Chapter 11
In re:                                                             :
                                                                   :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                             :
HOLDINGS, INC., a Delaware corporation, et al.,[1]                 :  Jointly Administered
                                                                   :
                            Debtors.                               :
------------------------------------------------------------------ x

## NOTICE OF 30(b)(6) DEPOSITION

TO:   BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT UNDER THAT
      CERTAIN SECOND AMENDED AND RESTATED CREDIT AGREEMENT,
      DATED AS OF AUGUST 10, 2006

      c/o Scott D. Talmadge, Esquire
      Kaye Scholer LLP
      425 Park Avenue
      New York, NY 10022

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal

Rules of Civil Procedure, and Rules 7026 and 7030 of the Federal Rules of Bankruptcy

Procedure, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors")

will take the deposition upon oral examination of Bank of America, N.A. regarding the subject

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

matters set forth in Schedule A to this Notice.[2] The deposition shall commence at 9:00 a.m. (ET) on December 18, 2007,[3] at the offices of Young, Conaway, Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801.[4] The deposition will be taken pursuant to all applicable rules of the Court before a notary public or other such person authorized by law to administer oaths. The deposition will be recorded by stenographic means.

Dated:  December 10, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
John T. Dorsey (No. 2988)
Erin Edwards (No. 4392)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Phone:  (302) 571-6600
Facsimile:  (302) 571-1253
*Counsel to the Debtors*

---

[2]   This deposition is being taken in connection with the Motion of Bank of America, N.A. as Administrative Agent, for Relief from Automatic Stay, Pursuant to 11 U.S.C. §362(d), to Exercise Its Rights as a Secured Creditor to Sell Collateral Consisting of Outstanding Construction-to-Perm Mortgage Loans on Single-Family Residences [Docket No. 2255].

[3]   The deposition may be rescheduled, adjourned or cancelled upon mutual agreement of the parties.

[4]   Or at some other mutually agreed upon location.

## SCHEDULE A

## DEFINITIONS

A. "And" as well as "or" shall be construed both disjunctively and conjunctively in order to bring within the scope of the interrogatory any and all responses which might otherwise be construed or interpreted to be outside the scope of the interrogatory or request for production.

B. "Administrative Agent" refers to Bank of America, N.A. as administrative agent for itself and certain other banking and financial institutions as pre-petition secured lenders under the Credit Agreement.

C. "Auction" refers to the auction for the proposed sale of the Debtors' construction loans free and clear of all liens, claims and interests to the winning bidder(s) that was the subject of the Debtors motion to establish sale procedures dated September 21, 2007 [Docket No. 900].

D. "Collateral" refers to collectively the Construction-to-Perm Loans and the Other Collateral.

E. "Communication" as used herein shall mean any document, oral statement, meeting or conference, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded or in any manner transmitted or transferred.

F. "Construction-to-Perm Loans" refer to a portion of the Debtors' assets that constitute the Collateral that are residential loans supporting the construction or improvement of

single-family homes which convert to regular (i.e. "permanent") mortgage loans, or which mature in anticipation of refinancing by third parties, once the home is built or the improvements are completed.

      G.    "Credit Agreement" refers to that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006.

      H.    "Indebtedness" refers to the amount owed by the Debtors to the Administrative Agent and certain other banking and financial institutions as pre-petition secured lenders under the Credit Agreement.

      I.    "Other Collateral" refers to any collateral other than the Construction-to-Perm Loans which the Administrative Agent or the Pre-Petition Secured Parties contend they possess a security interest in pursuant to the Credit Agreement.

      J.    "Pre-Petition Secured Parties" refers to certain other banking and financial institutions as pre-petition secured lenders under the Credit Agreement.

      K.    "Proposed Purchaser" refers to the party with an offering to purchase the Construction-to-Perm Loans referenced in the Motion.

      L.    "Relating to" or "related to" means and includes anything that constitutes, contains, embodies, reflects, identifies, states, refers to or is in any way relevant and responsive to the subject matter of the interrogatory or request for production.

      M.    "You" and "Yours" means and refers to the Administrative Agent, as defined above.

## **TOPICS**

1. Your contention that the Indebtedness is under-collateralized.

2. Your contention that the Proposed Purchaser of the Construction-to-Perm Loans will fully fund remaining advances under the Construction-to-Perm Loans.

3. Your contention that the Construction-to-Perm Loans have lost value during these bankruptcy cases and are currently losing value as time passes.

4. The nature of your relationship with the Proposed Purchaser of the Construction-to-Perm Loans.

5. The general nature of Your communications with the Proposed Purchaser relating to the Construction-to-Perm Loans.

6. The general nature of Your communications with the Pre-Petition Secured Parties relating to the Construction-to-Perm Loans and/or the Other Collateral.

7. Any methodology used by You in determining the value of the Construction-to-Perm Loans in connection with the Motion.

8. Any facts You considered in the valuation of the Construction-to-Perm Loans other than the Auction.

9. The general nature of communications between You and any third parties relating to the Construction-to-Perm Loans.

10. All attempts by You to identify potential purchasers for the Construction-to-Perm Loans.

11. Any methodology used by You in determining the value of the Other Collateral in connection with the Motion.

12. Any facts You considered in the valuation of the Other Collateral in connection with the Motion.

13. The general nature of communications between You and any third parties relating to the Other Collateral.

14. All Collateral You contend secures the Debtors' Indebtedness under the Credit Agreement.