IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case Nos. 07-11047 (CSS) |
| HOLDINGS, INC., et al., | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |

NOTICE OF DEPOSITION OF THE
DEBTORS PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Bank of America, N.A., as administrative agent for itself and certain other banking and financial institutions as pre-petition secured lenders under that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006, by its undersigned attorneys, will take the deposition of the above-captioned debtors (the "Debtors")[1] in connection with the Administrative Agent's Motion for Relief from the Automatic Stay, Pursuant to 11 U.S.C. § 362(d), to Exercise Its Rights as a Secured Creditor to Sell Collateral Consisting of Outstanding Construction-To-Permanent Mortgage Loans of Single-Family Residences (the "Motion") regarding the matters set forth on Schedule A attached hereto. The Debtors shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf as corporate representative(s) regarding those matters. The Debtors' deposition will take

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).

place before a Notary Public or other officer duly authorized to administer oaths at the time, place and date set forth below (and/or at such other places, dates and times agreed upon by the parties), and will be recorded by stenographic and videographic means.

| | |
|---|---|
| Name: | Representative(s) of Debtors |
| Date and Time: | December 19, 2007; 9:30 a.m. |
| Location: | Kaye Scholer LLP |
| | 425 Park Avenue |
| | New York, NY 10022 |

The deposition is being taken for the purposes of discovery, for use at the hearing on the Motion, and for such other purposes as are permitted under the Federal Rules of Civil Procedure.

Dated: December 11, 2007
       Wilmington, Delaware

POTTER ANDERSON & CORROON LLP

By: /s/ Laurie Selber Silverstein
Laurie Selber Silverstein (No. 2396)
Gabriel R. MacConaill (No. 4734)
P. O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19899
(302) 984-6000

- and –

KAYE SCHOLER LLP
Margot B. Schonholtz
Myron Kirschbaum
Scott D. Talmadge
425 Park Avenue
New York, NY 10022

*Counsel for Bank of America, N.A. as Administrative Agent under that certain Second Amended and Restated Credit Agreement, dated as of August 10, 2006*

2

## **SCHEDULE A**

I. **Definitions and Terms**

  A. "Administrative Agent" shall mean Bank of America, N.A., as administrative agent for itself and the Pre-Petition Secured Parties under the Credit Agreement.

  B. "And" as well as "or" shall be construed both disjunctively and conjunctively in order to bring within the scope of the subject area for designation any and all matters which might otherwise be construed or interpreted to be outside the scope of the subject area for designation.

  C. "Cash Collateral Order" shall mean the Final Order (i) Authorizing Debtors' Limited Use of Cash Collateral and (ii) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties that this Court entered on September 4, 2007 [Docket No. 554], together with the interim order entered in connection therewith and any amendments or extensions thereto.

  D. "Collateral" shall mean the portion of the Debtors' assets that have not been sold pursuant to an Order of the Bankruptcy Court in which the Administrative Agent, for the ratable benefit of the Pre-Petition Secured Parties, holds security interests in and liens upon pursuant to the Security Agreement and the Cash Collateral Order.

  E. "Communication" shall mean any document, oral statement, meeting or conference, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded or in any manner transmitted or transferred.

  F. "Construction-to-Perm Loans" shall mean the Debtors' assets identified on Exhibit C to the Motion that constitute a portion of the Collateral that are residential loans supporting the construction or improvement of single-family homes which convert to regular (i.e. "permanent") mortgage loans, or which mature in anticipation of refinancing by third parties, once the home is built or the improvements are completed.

  G. "Correspondence" shall mean any document that constitutes a communication between two or more persons or entities, or that records, memorializes, reflects or otherwise summarizes the substance of such a communication, whether made directly or otherwise.

  H. "Credit Agreement" shall mean that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006 among the Administrative Agent, the Pre-Petition Secured Parties and certain of the Debtors.

  I. The term "date" shall mean the exact year, month and date, if known, or, if not, your best approximation thereof.

J.     "Hearing" shall mean to the hearing on the Motion currently scheduled on December 21, 2007 at 10:00 a.m.

K.     The term "including" shall mean "including, but not limited to;" the term "includes" means "includes, but not limited to."

L.     "Indebtedness" shall mean the aggregate principal amount owed by the Debtors to the Pre-Petition Secured Parties under the Credit Agreement.

M.     "Notice Canceling Auction" shall mean the notice canceling the Proposed Auction dated October 29, 2007 [Docket No. 1695].

N.     "Other Collateral" shall mean any Collateral other than the Construction-to-Perm Loans.

O.     "Petition Date" shall mean August 6, 2007.

P.     "Pre-Petition Secured Parties" shall mean the Administrative Agent and certain other banking and financial institutions as pre-petition secured lenders under the Credit Agreement.

Q.     "Proposed Auction" shall mean the proposed auction for the sale of the Debtors' construction loans, including the Construction-to-Perm-Loans, free and clear of all liens, claims and interests that was the subject of the Debtors' motion to establish sale procedures dated September 21, 2007 [Docket No. 900].

R.     "Proposed Purchaser" shall mean any party offering to purchase the Construction-to-Perm Loans whether in connection with the Sale Procedures and the Proposed Auction or otherwise.

S.     "Refer," "reflect" and "relate" shall mean referring to, or having any relationship with whatsoever, or regarding or pertaining to, or comprising, or indicating, or supporting, or constituting evidence related to or pertaining to any subject area for designation.

T.     "Relating to" or "related to" means and includes anything that constitutes, contains, embodies, reflects, identifies, states, refers to or is in any way relevant and responsive to any subject area for designation.

U.     "Sale Procedures" shall mean the sale procedures approved pursuant to an order dated October 4, 2007 [Docket No. 1175].

V.     "Security Agreement" shall mean that certain Security Agreement dated as of August 30, 2004, as amended, modified, supplemented, ratified, and restated from time to time, among the Administrative Agent and certain of the Debtors.

W.     "You" and "Yours" means and refers to the Debtors, as defined above, and any officers, agents, servants, independent contractors or affiliates thereof and any other person or entity acting or purporting to act on behalf of the Debtors or under their control.

**II.     Additional Instructions**

      A.     The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

      B.     The topics are to be construed broadly so as to bring within their scope all testimony that by a more restrictive interpretation might be deemed non-responsive.

      C.     Terms not otherwise defined are to be accorded the range of their reasonable meanings.

**III.    Subject Areas for Designation**

1. All payments made by the Debtors from and after the Petition Date to the Administrative Agent on account of the Indebtedness.

2. The Construction-to-Perm Loans including: (i) the total loan amount, principal balance and remaining commitment for each Construction-to-Perm Loan from and after the Petition Date; (ii) the total past due amounts for each Construction-to-Perm Loan from and after the Petition Date; (iii) the source, amount and date of any advance for each Construction-to-Perm Loan from and after the Petition Date; (iv) the stage of construction for each Construction-to-Perm Loan from and after the Petition Date; and (v) the value of the Construction-to-Perm Loans and the methodology used in determining the value of the Construction-to-Perm Loans as of the Petition Date and as of the date of the Motion.

3. All attempts by the Debtors to sell or otherwise dispose of the Construction-to-Perm Loans pursuant to the Sale Procedures and the Proposed Auction.

4. Any offers or proposals to purchase the Construction-to-Perm Loans pursuant to the Sale Procedures and the Proposed Auction.

5. Any offers or proposals to purchase any other assets the Debtors sought to sell pursuant to the Sale Procedures and the Proposed Auction.

6. All attempts by the Debtors to sell or otherwise dispose of the Construction-to-Perm Loans following the filing of the Notice Canceling Auction.

7. Any offers or proposals to purchase the Construction-to-Perm Loans following the filing of the Notice Canceling Auction.

8. Any offers or proposals to purchase any other assets the Debtors sought to sell pursuant to the Sale Procedures and the Proposed Auction following the filing of the Notice Canceling Auction.

9. All communications between the Debtors' and any potential purchasers relating to the Debtors attempts to sell or otherwise dispose of the Construction-to-Perm Loans.

        10.    The value of the Other Collateral and the methodology used in determining the value of the Other Collateral as of the Petition Date and as of the date of the Motion.

        11.    Any and all forms of adequate protection, as such term is defined in 11 U.S.C. § 361, which the Debtors will provide to the Pre-Petition Secured Parties for any diminution in the value of the Collateral.

Pac#836586