## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------

In re:

American Home Mortgage Holdings, Inc., *et al.* [1]

                                            Debtors

: Chapter 11
:
:
: Case No. 07-11047 (CSS)
: (Jointly Administered)
:
: **Objections Due By: January 2, 2008**
: at 4:00 p.m.          **Hearing Date: N/A**

---------------------------------------------------------------

## THIRD MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM OCTOBER 1, 2007 THROUGH OCTOBER 31, 2007

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | November 28, 2007 (effective August 14, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | October 1, 2007 through October 31, 2007 |
| Amount of Compensation sought as actual, reasonable and necessary: | $510,177.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $18,483.01 |

This is a ☒ monthly ☐ interim ☐ final application.

    80% OF FEES FOR PERIOD 10/1/07-10/31/07: $408,141.60 (Holdback: $102,035.40)

    100% OF DISBURSEMENTS:          $18,483.01

    TOTAL DUE:                      $426,624.61

---

[1]     The Debtors in these cases, are:  American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

1375723.1

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 11/30/2007 | 8/14/2007-8/31/2007 | $213,416.00 | $3,416.60 | Pending | Pending |
| 12/5/2007 | 9/1/2007-9/30/2007 | $347,084.50 | $10,120.65 | Pending | Pending |
| 12/11/2007 | 10/1/2007-10/31/2007 | $510,177.00 | $18,483.01 | | |

## ATTORNEY/PARAPROFESSIONAL SUMMARY

| Name of Professional Person | Position of the Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jeffrey L. Schwartz | Partner (1977) | $745.00 | 21.70 | $16,166.50 |
| Mark S. Indelicato | Partner (1986) | $695.00 | 217.10 | $150,884.50 |
| Mark T. Power | Partner (1989) | $695.00 | 136.40 | $94,798.00 |
| John P. McCahey | Partner (1986) | $695.00 | 13.80 | $9,591.00 |
| Don D. Grubman | Partner (1979) | $625.00 | 136.30 | $85,187.50 |
| Edward L. Schnitzer | Associate (1998) | $465.00 | 99.50 | $46,267.50 |
| Jeffrey Zawadzki | Associate (2004) | $325.00 | 36.50 | $11,862.50 |
| Emmet Keary | Associate (2006) | $280.00 | 215.80 | $60,424.00 |
| Huria Naviwala | Associate (2006) | $280.00 | 81.50 | $22,820.00 |

| | | | | |
|---|---|---|---|---|
| James P. Laughlin | Special Counsel (1989) | $675.00 | 1.10 | $742.50 |
| Robert J. Malatak | Special Counsel (1994) | $525.00 | 1.50 | $787.50 |
| Gregory P. Kochansky | Special Counsel (2005) | $325.00 | 3.50 | $1,137.50 |
| Michael Marhyan | Paralegal (N/A) | $220.00 | 2.00 | $440.00 |
| Mary Porch | Paralegal (N/A) | $210.00 | 8.90 | $1,869.00 |
| Jason Smith | Paralegal (N/A) | $210.00 | 31.30 | $7,199.00 |
| **Grand Totals:** | | | **1,006.90** | **$510,177.00** |
| **Blended Rate:** | | **$ 464.67** | | |
| **Blended Rate excluding Paraprofessionals:** | | **$ 527.50** | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General; Case Administration | 7.30 | $4,034.50 |
| Creditors' Committee | 151.20 | $57,493.50 |
| Retentions | 10.80 | $6,043.00 |
| DIP/Investigation of Lien | 14.00 | $4,410.00 |
| Sale of Assets | 762.20 | $400,877.00 |
| Professional Fees | 8.20 | $1,886.00 |
| Litigation | 37.30 | $24,892.50 |
| Employee Issues | 12.60 | $8,482.00 |
| Claims Administration | 2.30 | $1,363.50 |
| Investigation of Company | 1.00 | $695.00 |
| **Total:** | **1,006.90** | **$510,177.00** |
| **Project Category** | **Total Hours** | **Total Fees** |

**EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | Skyline Credit Ride Inc. | $2,736.76 |
| | Vital Transportation Inc. | $675.24 |
| | Petty Cash | $259.89 |
| Duplicating [at 10¢ per page] | | $2,891.70 |
| Hotel | | $660.80 |
| Lexis | Lexis – Nexis | $657.07 |
| Long Distance Telephone | | $204.54 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | Seamless Web Professional Solutions, Inc. | $1,132.26 |
| Off Site Transcribing | Corbett & Wilcox | $5,794.75 |
| Travel | | $3,470.00 |
| **Total:** | | $18,483.01 |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------

In re:

American Home Mortgage Holdings, Inc., _et al._ [2]

Debtors

: Chapter 11
:
: Case No. 07-11047 (CSS)
: (Jointly Administered)
:
:
:

-----------------------------------------------------------

## THIRD MONTHLY APPLICATION OF HAHN & HESSEN LLP, FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD OCTOBER 1, 2007 THROUGH OCTOBER 31, 2007

TO: THE HONORABLE CHRISTOPHER S. SONTCHI,
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the Court's approval of its third monthly request for compensation and reimbursement of expenses as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") during the period of October 1, 2007 through October 31, 2007 (the "Compensation Period"), and in support thereof respectfully represents:

---

[2]   The Debtors in these cases, are:  American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

1.      H&H submits this third monthly application for allowance of $526,998.21 for services provided to the Committee during the Compensation Period consisting of (i) fees in the amount of $510,177.00 and (ii) out-of-pocket expenses in the amount of $18,483.01.

### Background

2.      On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc., et al. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code.  The Debtors have continued in the management and operation of their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' cases.

3.      On August 14, 2007, the United States Trustee for the District of Delaware appointed the Committee, which is comprised of the following seven (7) members:  Wilmington Trust Company; United Parcel Service, c/o The Receivable Management Services Corporation, Its Agent; The Bank of New York Trust Company, N.A.[3]/Law Debenture Trust Company of New York; Deutsche Bank National Trust Co.; as Trustee; Nomura Credit & Capital, Inc.; Impac Funding Corporation; and Waldners Business Environments, Inc.

4.      The Committee elected Wilmington Trust Company, as Trustee, and The Receivable Management Services Corporation, Agent for United Parcel Service, as Co-Chairpersons of the Committee.  The Committee then selected H&H as its counsel, Blank Rome LLP as co-counsel, and BDO Seidman as financial advisors.

---

[3] The Bank of New York Trust Company resigned from the Committee and was replaced with Law Debenture Trust Company of New York pursuant to notice of the Office of the United States Trustee dated December 7, 2007.

5.      Pursuant to an order of this Court dated November 28, 2007, a copy of

which is annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the

Committee under a general retainer, effective as of August 14, 2007.

6.      The attorneys at H&H with primary responsibility for the representation of

the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each

of whom is a partner at H&H.  Mr. Schwartz is a 1973 graduate of Cornell University and a 1976

graduate of New York University School of Law.  Mr. Indelicato is a 1982 graduate of New

York University, Stern School of Business and a 1985 graduate of Fordham University School of

Law.  Mr. Power graduated in 1985 from George Washington University and earned his Juris

Doctor in 1988 from Boston College Law School.  In an effort to keep duplication of efforts

down to a minimum, Applicant has allocated, where appropriate, the tasks performed by Mr.

Schwartz, Indelicato and Power to separate and discrete tasks.  Mr. Schwartz has particular

expertise regarding issues involving counter-parties to financial contracts in subprime lending,

and has been particularly involved in these cases in that area.  Mr. Indelicato's and Mr. Power's

legal careers have both been in the area of bankruptcy and creditors' rights, with a substantial

focus on representing creditors committees in Chapter 11 cases.  As such, they are responsible

for the day-to-day oversight of the case.

7.      This Monthly Fee Application is submitted in accordance with the Court's

Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of

Expenses for Professionals, dated September 4, 2007 [Docket No. 547] (the "Administrative Fee

Order").

### Summary of H&H Services During the Compensation Period

8.     From the outset, these cases have been extremely active and challenging, with a multitude of substantial motions and adversary proceedings commenced during the first few weeks of the case. Applicant devoted considerable time and attention at the inception of its retention to getting up to speed quickly on the underlying facts to be able to respond appropriately to the myriad of expedited matters filed in the case. During the month of October 2007, H&H expended 1,006.90 hours in connection with its services on behalf of the Committee. H&H submits that the services it has rendered to the Committee have been necessary and in the best interests of creditors and the Debtors' estates and have furthered the goals of all parties in interest. H&H's services concentrated in, but were not limited to, the following areas:

**(a)     General; Case Administration**

9.     H&H expended 7.30 hours with respect to services under this category, for which total compensation amounts to $4,034.50. Applicant's services included a review of the docket regarding status updates and the review of recently filed pleadings. Applicant's attorneys also frequently met or participated in conference calls with the Debtors and/or their professionals on multiple topics including, but not limited to, settlement of disputes and sale of assets. Applicant also spent time attending to general administrative and case management matters and preparing service lists, contact sheets and e-mail distribution lists.

**(b)**    **Creditors' Committee**

10.    H&H expended 151.20 hours with respect to services under this category, for which total compensation amounts to $57,493.50. Applicant's services included reviewing the numerous motions filed by the Debtors and responses and/or objections filed to these motions. Pleadings were summarized for consideration by the Committee during our meetings. Applicant's services included frequent communications with Committee members through telephone conferences, face-to-face meetings, e-mails and memoranda. Applicant prepared for and participated in several meetings with the Committee, local counsel and BDO, to discuss strategy and vote on various matters before the Committee. Applicant also had multiple conference calls with the Debtors and Debtors' counsel to address concerns raised by the Committee; and thereafter discussed results of these meetings with other parties-in-interest. Applicant's attorneys met frequently on multiple topics including, but not limited to, numerous pending motions, negotiations regarding objections to retentions, sale procedures and stipulations regarding the Debtors' construction loan business.

**(c)**    **Retentions**

11.    H&H expended 10.80 hours with respect to services under this category, for which total compensation amounts to $6,043.00. Applicant's services included discussions regarding the retention of Milestone Advisors and Allen & Overy, including the Committee's issues and concerns regarding the specific terms of Allen & Overy's retention. In order to insure that the Committee's concerns were addressed, Applicant drafted an objection to Allen & Overy's retention but ultimately resolved its concerns with the Debtors.

**(d)**    **DIP and Cash Collateral/Investigation of Lien**

12.    H&H expended 14.00 hours with respect to services under this category, for which total compensation amounts to $4,410.00. Applicant began the analysis of the Debtors' prepetition secured lenders position. Applicant reviewed the terms of the final DIP order with the Committee and resolved any issues with counsel for the DIP lender.

13.    Applicant also reviewed and analyzed the proposed extension of the final order authorizing the Debtors to utilize cash collateral which Bank of America, N.A. as Administrative Agent ("BofA") claimed an interest. Applicant was involved in numerous discussions with representatives of the Debtors, BofA and their counsel to resolve all issued related thereto. Applicant prepared for and attended the hearings related to the extension of the final cash collateral order.

**(e)**    **Sale of Assets**

14.    H&H expended 762.20 hours with respect to services under this category, for which total compensation amounts to $400,877.00. Applicant was extensively involved in the sale of the servicing business to an affiliate of Wilbur Ross. Applicant attended numerous meetings and conferences, and participated in numerous e-mail exchanges with the Debtors, their professionals and the Purchaser and its professionals in preparation for the hearing on the sale of the servicing business. There were over sixty five (65) objections filed to the sale motion raising many different legal and factual issues. Applicant reviewed, analyzed and researched the myriad of issues raised in the objections filed to the Sale Motion to be able to advise the Committee of options available. Applicant also participated in the expedited discovery that occurred immediately prior to the Sale Hearing.

15.     Applicant then prepared and filed pleadings in support of the Sale Motion. Applicant also attended and actively participated in the five day sale hearing after which the Court approved the sale of the servicing business.

**(f)     Professional Fees**

16.     H&H expended 8.20 hours with respect to services under this category, for which total compensation amounts to $1,886.00. Applicant worked on preparation of the monthly fee applications to be submitted to this Court.

**(g)     Litigation**

17.     H&H expended 37.30 hours with respect to services under this category, for which total compensation amounts to $24,892.50. Credit Suisse First Boston, Morgan Stanley, Calyon and Ginnie Mae commenced litigation immediately after the Petition Date to terminate the Debtors' servicing of their mortgage loans and requiring the Debtor to turn over all documentation so that servicing could be transferred to a new servicer. The Debtors also commenced litigation against BofA and Lehman Brothers Inc. related to the Broadhollow sale. Applicant reviewed all pleadings and researched related issues regarding these various litigations. Applicant attended the hearings and had discussion with counsel for all parties regarding the status of these various litigations and the issues central to each case.

**(h)     Employee Issues**

18.     H&H expended 12.60 hours with respect to services under this category, for which total compensation amounts to $8,482.00. Applicant's services included review of, response to and negotiations concerning the Debtors' KERP motion and wage and salary issues. Applicant spent time conducting research regarding the WARN Act, Top Hat Plans and Rabbi Trust. Applicant had numerous conversations with the Debtors' professionals and its financial

advisors to resolve disputes regarding the incentive compensation motions and the Debtors'

motion to terminate its Top Hat plan and Rabbi Trust.

**(i)**      **Claims Administration**

19.      H&H expended 2.30 hours with respect to services under this category, for

which total compensation amounts to $1,363.50.  Applicant services include a review of and

comments to the claims bar order.

**(j)**      **Investigation of Company**

20.      H&H expended 1 hour with respect to services under this category, for

which total compensation amounts to $695.00.  Applicant's services included a preliminary

review of documents on the Debtors' financial condition.

<b>H&H Fees for the Compensation Period</b>

21.      Under all of the criteria normally examined in Chapter 11 reorganization

cases, H&H's total requested compensation of $510,177.00 is reasonable in light of the

significant work performed by H&H to date.  The hourly rate for each attorney and

paraprofessional who performed the foregoing services on behalf of the Committee is set forth in

detail in the prefixed Summary Cover Sheet.

22.      Annexed hereto and made a part hereof as Exhibit "B" are computer-

generated invoices taken from the timesheets maintained by the individuals who performed

services during the Compensation Period.  The invoices indicate the dates of and description of

the services for which H&H seeks compensation, and the hours spent in performance of such

services.

23.      In certain instances, H&H's time records may indicate that two or more

attorneys attended the same meeting or hearing.  Where more than one attorney attended a

meeting or hearing, it was due in part to the expertise related to a specific issue that one particular attorney was handling and/or because one attorney was more familiar with specific topics to be discussed or presented at the meeting or hearing. Applicant made every effort to minimize such dual attendance while at the same time assuring that the interests of the Committee and the creditor body was adequately represented. Applicant, therefore, believes that the time for both attorneys at such meetings and/or hearings are properly compensable.

24.     Based on the above and in accordance with the Administrative Fee Order, H&H requests allowance of monthly compensation for October 2007 in the amount of $510,177.00, and payment of $408,141.60 representing eighty percent (80%) of such compensation.

### Disbursements Incurred During the Compensation Period

25.     The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period. Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet. H&H charges its clients $0.10 per page photocopying expense. Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page. Actual long-distance carrier charges for outgoing facsimile transmission are reflected in the long-distance telephone charges. H&H believes these expenses are reasonable and were necessarily made. H&H respectfully requests reimbursement thereof in the sum of $18,483.01.

26.     In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

27.    H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in H&H's billing system, or have not yet been billed by a third party vendor.

**WHEREFORE**, H&H respectfully requests that the Court enter an order allowing compensation in the amounts set forth herein and provide such other and further relief as may be just and equitable.

Dated:    New York, New York
          December 13, 2007

                          **HAHN & HESSEN LLP**
                          Co-Counsel to The Official Committee of
                          Unsecured Creditors of American Home Mortgage
                          Holdings, Inc., et al. Debtors

                          By:    _Mark Indelicato_
                                 Mark S. Indelicato
                                 A Member of the Firm
                                 488 Madison Avenue
                                 New York, NY  10022
                                 (212) 478-7200
                                 (212) 478-7400 facsimile