# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., et al., | Case No. 07-11047 (CSS)<br>(Jointly Administered) |
| Debtors. | Docket No.: 1,955 |

**ORDER GRANTING, IN PART, MOTION OF CIFG ASSURANCE NORTH AMERICA, INC. FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT TERMINATION OF THE RIGHTS AND RESPONSIBILITIES OF DEBTOR AS SERVICER UNDER THE HELOC SERVICING AGREEMENT FOR SERIES 2006-2**

Upon the motion dated November 9, 2007 (the "Motion")[1] of CIFG Assurance North America, Inc. ("CIFG") for an order pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") modifying the automatic stay to permit the termination and transition of rights and responsibilities of American Home Mortgage Acceptance, Inc. ("AHMA"), as servicer, under that certain HELOC Servicing Agreement dated June 30, 2006 (the "HELOC Servicing Agreement"), as more fully described in the Motion; the Response to the Motion filed by GMACM Mortgage Corporation ("GMACM"); Joinder of Deutsche Bank National Trust Co. (the "Indenture Trustee") in Certain Provisions of GMAC Mortgage LLC's Response to Motion of CIFG Assurance North America, Inc. for Relief from the Automatic Stay to Permit Termination of the Rights and Responsibilities of Debtor as Servicer Under the HELOC Servicing Agreement for Series 2006-2 [Docket No. 2331]; the Debtors' Limited Response to Motion of CIFG Assurance North America, Inc. for Relief from the Automatic Stay to Permit Termination of the Rights and Responsibilities of Debtor as Servicer under the HELOC Servicing Agreement for Series 2006-2 [Docket No. 2143]; and the Debtors' Supplement to their

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Motion.

Limited Response to the Motion of CIFG Assurance North America, Inc. for Relief from the Automatic Stay to Permit Termination of Rights and Responsibilities of Debtor as Servicer Under the HELOC Servicing Agreement for Series 2006-2 and Reply to GMAC Mortgage LLC's Response to Motion of CIFG Assurance North America, Inc. for Relief from the Automatic Stay to Permit Termination of Rights and Responsibilities of Debtor as Servicer under the HELOC Servicing Agreement for Series 2006-2 [Docket No. 2322]; and the Court having jurisdiction over this proceeding; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Debtors having consented to the termination of the automatic stay on the terms and conditions set forth herein; and due and proper notice of the Motion having been provided; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that the relief requested in the Motion and the Response is granted solely to the extent set forth herein;

**IT IS FURTHER ORDERED** that the automatic stay imposed by Section 362 of the Bankruptcy Code is hereby modified to permit CIFG, GMACM and the parties to the HELOC Servicing Agreement to take any and all actions necessary to terminate AHMA in its role as servicer under the HELOC Servicing Agreement and transfer the rights and responsibilities of AHMA as servicer of the HELOC Mortgage Loans pursuant to the HELOC Servicing Agreement (the "Servicing Rights") to GMACM;

**IT IS FURTHER ORDERED** that notwithstanding anything to the contrary in this Order, AHMA, as servicer of the HELOC Mortgage Loans pursuant to the HELOC Servicing Agreement, shall be entitled to receive, out of any late collection of a payment on a HELOC Mortgage Loan which was due on or before January 14, 2008, that portion to which AHMA would have been entitled pursuant to sections 3.07 and 3.15 of the HELOC Servicing Agreement

**Deleted:** S

**Deleted:** S
**Deleted:** under the Heloc Servicing Agreement

**Deleted:** O
**Deleted:** S

as well as its HELOC Servicing Fee in respect thereof, and any other amounts payable to AHMA, as servicer, the entitlement to which arose prior to the date of the entry of this Order, and

**IT IS FURTHER ORDERED** that AHMA's rights and obligations as servicer of the HELOC Mortgage Loans shall be deemed terminated effective as of January 14, 2008 and that AHMA shall be relieved of the obligations as servicer of the HELOC Mortgage Loans from and after January 14, 2008;

**IT IS FURTHER ORDERED** that the Debtors shall cooperate with GMACM to transfer the Servicing Rights to GMACM; provided that the Debtors shall only be required to cooperate to the extent commercially practicable;

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of the Debtors with respect to any claim or cause of action arising under or related to the HELOC Servicing Agreement, the Amended and Restated Trust Agreement dated as of June 30, 2006 between Bear Sterns Asset Backed Securities I LLC, Wilmington Trust Company, and Wells Fargo Bank, N.A. (the "Trust Agreement"), the Insurance and Indemnity Agreement dated as of June 30, 2006 between CIFG, American Home Mortgage Corp., American Home Mortgage Securities LLC (the "Insurance Agreement"), the Mortgage Loan Purchase Agreement dated as of June 30, 2006 (the "Mortgage Loan Purchase Agreement"), the Indenture dated as of June 30, 2006 between American Home Mortgage Investment Trust 2006-2, Wells Fargo Bank, N.A., and Deutsche Bank Trust Company Americas (the "Indenture") and the HELOC Back-Up Servicing Agreement between GMACM Mortgage Corporation, Deutsche Bank Trust Company Americas, and American Home Mortgage Investment Trust 2006-2 (the "HELOC Back-Up Servicing Agreement"). The Debtors reserve any and all rights to contest any and all motions, claims, proofs of claim or

Margin comments:
- Deleted: HELOC
- Deleted: S
- Deleted: , reduced by any and all fees and costs associated with the transition of the servicing to GMACM as described herein;
- Deleted: S
- Deleted: S

causes of action arising from or related to HELOC Servicing Agreement, the Trust Agreement, the Insurance Agreement, the Indenture, the Mortgage Loan Purchase Agreement, or the HELOC Back-Up Servicing Agreement on any and all bases;

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of CIFG with respect to any claim or cause of action arising under or related to the HELOC Servicing Agreement, the Trust Agreement the Insurance Agreement, the Mortgage Loan Purchase Agreement, the Indenture and the HELOC Back-Up Servicing Agreement; provided; however, that, as of January 14, 2008, CIFG waives the right to assert as an administrative expense claim under section 503 of the Bankruptcy Code any claims arising under or related to the HELOC Servicing Agreement, the Trust Agreement, the Insurance Agreement, the Mortgage Loan Purchase Agreement, the Indenture and the HELOC Back-Up Servicing Agreement for the period after the date of entry of this Order, provided that such waiver shall be effective only so long as the Debtors comply with this Order. CIFG reserves any and all rights to contest any and all motions, claims or causes action arising from or related to HELOC Servicing Agreement, the Trust Agreement, the Insurance Agreement, the Indenture, the Mortgage Loan Purchase Agreement, or the HELOC Back-Up Servicing Agreement on any and all bases;

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of GMACM with respect to any claim or cause of action arising under or related to the HELOC Servicing Agreement, the Trust Agreement the Insurance Agreement, the Mortgage Loan Purchase Agreement, the Indenture and the HELOC Back-Up Servicing Agreement. GMACM reserves any and all rights to contest any and all motions, claims or causes action arising from or related to HELOC Servicing Agreement, the

Trust Agreement, the Insurance Agreement, the Mortgage Loan Purchase Agreement, the Indenture, or the HELOC Back-Up Servicing Agreement on any and all bases:

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of the Indenture Trustee with respect to any claim or cause of action arising under or related to the HELOC Servicing Agreement, the Trust Agreement the Insurance Agreement, the Mortgage Loan Purchase Agreement, the Indenture, and the HELOC Back-Up Servicing Agreement.  The Indenture Trustee reserves any and all rights to contest any and all motions, claims or causes action arising from or related to HELOC Servicing Agreement, the Trust Agreement, the Insurance Agreement, the Mortgage Loan Purchase Agreement, the Indenture, or the HELOC Back-Up Servicing Agreement on any and all bases;

**IT IS FURTHER ORDERED** that the deadline for CIFG, GMACM and the Indenture Trustee to each file their respective claims against any of the Debtors related to the transition of the Servicing Rights to GMACM is hereby extended to 5:00 p.m. (EST) on February 13, 2008; and

IT IS FURTHER ODERED that nothing in this Order is intended to, nor shall anything in this Order, (a) waive, or (b) limit, modify or affect the rights of AH Mortgage Acquisition Co., Inc. (the "Purchaser") with respect to, any claim under the Asset Purchase Agreement dated as of September 25, 2007 (as amended from time to time) and under any documents related thereto that Purchaser may assert against the Debtors with respect or related to this Order or any action to be taken pursuant to, or in connection with, this Order; and

IT IS FURTHER ORDERED that nothing in this Order is intended to, nor shall anything in this Order, (a) waive, or (b) limit, modify or affect the rights of the Debtors with respect to,

any claim under the Asset Purchase Agreement dated as of September 25, 2007 (as amended from time to time) and under any documents related thereto that the Debtors may assert against the Purchaser with respect or related to this Order or any action to be taken pursuant to, or in connection with, this Order; and

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

DATED: December ___, 2007

186575.3

_____
Honorable Christopher S. Sontchi
United States Bankruptcy Judge

Deleted: ¶
¶