IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x   Chapter 11
In re:                                                           :
                                                                 :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :   Jointly Administered
                                                                 :
                            Debtors.                             .   Ref. Docket No. 2224
                                                                 :   Hearing Date: December 21, 2007, at 10:00 a.m. (ET)
                                                                 :
---------------------------------------------------------------- x

## DEBTORS' LIMITED RESPONSE TO THE MOTION OF FINANCIAL GUARANTY INSURANCE COMPANY FOR RELIEF FROM THE AUTOMATIC STAY

The above-captioned debtors and debtors-in-possession (collectively, "AHM" or the "Debtors") hereby file this limited response (the "Response") to the Motion of Financial Guaranty Insurance Company for Relief from the Automatic Stay [Docket No. 2224] (the "Motion")[2] and respectfully state as follows:

        1.        On November 29, 2007, Financial Guaranty Insurance Company ("FGIC") filed the Motion seeking an order from this Court: (i) modifying the automatic stay to permit FGIC and the non-debtor parties to the HELOC Servicing Agreements to take any and all actions necessary to terminate AHM Servicing and AHM Acceptance as servicers and subservicer of the HELOC Mortgage Loans; (ii) directing AHM Servicing and AHM Acceptance and the Debtors

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

to (a) transfer to GMAC all documents, files, records and data related to the HELOC Mortgage Loans, (b) cooperate in connection with transitioning the servicing function to GMAC, including sending "goodbye" letters to borrowers under HELOC Mortgage Loans directing all future collections on the HELOC Mortgage Loans to GMAC, (c) provide an accounting of all amounts collected on account of the HELOC Mortgage Loans, (d) pay all costs and expenses related to the transition of the servicing to GMAC, and (e) otherwise comply with the HELOC Servicing Agreements in transitioning the servicing of the HELOC Mortgage Loans; and (iii) granting such other and further relief as the Court deems, equitable, just and proper. Motion at 18-19.

2.  As this Court is fully aware, the Debtors have sold and consummated the economic close of their loan serving business to AH Mortgage Acquisition Co., Inc. (the "Purchaser"). Other than through an arrangement with the Purchaser, the Debtors are without the necessary resources to perform the servicing under the HELOC Servicing Agreements.[3] Furthermore, the Debtors believe that the loan servicing rights under the HELOC Servicing Agreements are of inconsequential value to the Debtors' estates.

3.  As a result, the Debtors have no objection to an orderly and prompt transition of their rights and obligations under the HELOC Servicing Agreements to the HELOC Back-Up Servicers provided such transfer is effective promptly. To this end, the Debtors intend to work with FGIC and GMAC with respect to the form of order on the Motion.

---

[3] Pursuant to the Asset Purchase Agreement (the "APA"), the Purchaser is providing loan servicing for certain loans that do not constitute Purchased Assets under the APA, including the loan servicing under the HELOC Servicing Agreements.

2

4.      The Debtors note, however, that the proposed form of order attached to the Motion demands relief well beyond that customarily granted by a Court on a motion for relief from the automatic stay. For example, in the Motion, FGIC improperly requests entry of an order requiring Debtors to "pay all costs and expenses related to the transition of the servicing to GMAC." Motion at 18.

5.      As the case law makes clear, a motion for relief "is not designed to short circuit nonbankruptcy substantive and procedural requirements." Grimes v. Munoz (In re Munoz), 83 B.R. 334, 338 (Bankr. E.D. Pa. 1988) (citing In re W.L. Bradley Co., Inc., 75 B.R. 505 (Bankr. E.D. Pa. 1987)). Rather, "the effect of granting relief from the stay is to allow a creditor to proceed and assert nonbankruptcy created rights (e.g. state law rights) ...." in the proper forum. Id. A motion for relief does not provide a basis for substantive relief. See Grella v. Salem Five Cent Savings Bank, 42 F.3d 26, 32 (1st Cir. 1994) ("The limited grounds set forth in the statutory language, read in the context of the overall scheme of §362, and combined with preliminary, summary nature of the relief from stay proceedings, have led most courts to find that such hearings do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim to property of the estate."); Johnson v. Righetti (In re Johnson), 756 F.2d 738, 740 (9th Cir. 1985) (relief from stay hearings are limited in scope to adequacy of protection, equity, and necessity to an effective reorganization, and validity of underlying claims is not litigated).

3

6.      The Debtors vehemently oppose the inappropriate attempts of FGIC to go beyond the procedural and summary relief granted on a motion for relief from the stay. If FGIC seeks substantive relief such as payment of administrative claims, such request should be procedurally proper.[4]

7.      The Debtors submit that any order on the Motion should simply provide for the termination of the automatic stay and preserve and reserve rights with respect to the Debtors' assets. Specifically, the Debtors request that any order on the Motion include language as follows to protect the estates' assets:

> **IT IS FURTHER ORDERED** that notwithstanding anything to the contrary in this Order, AHM Servicing and AHM Acceptance, as Servicers of the HELOC Mortgage Loans pursuant to the HELOC Servicing Agreements, shall be entitled to receive, out of any late collection of a payment on a HELOC Mortgage Loan which was due on or before the termination of the HELOC Servicing Agreements, that portion to which AHM Servicing and AHM Acceptance would have been entitled pursuant to sections 3.07 and 3.15 of the HELOC Servicing Agreements as well as its HELOC Servicing Fee in respect thereof, and any other amounts payable to AHM Servicing and AHM Acceptance, as HELOC Servicers, the entitlement to which arose prior to the termination of the HELOC Servicing Agreements; and

8.      Finally, the Debtors request that any order on the Motion provide as follows:

> **IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be an admission of liability or waiver of claims of the Debtors with respect to any claim or cause of action arising under or related to the HELOC Servicing Agreements; the Amended and Restated Trust Agreement dated as of March 23, 2005 between AHM Securities LLC, Wilmington Trust Company, and Wells Fargo Bank, N.A. (the "<u>2005-1 Trust Agreement</u>"), the

---

[4] Bankruptcy Rule 7001 is clear that " a proceeding to recover money or property" or "to obtain a declaratory judgment relating to" the same is an adversary proceeding covered by the adversary rules. Fed. R. Bankr. P. 7001(1) & (7).

4

Amended and Restated Trust Agreement dated as of June 22, 2005 between AHM Securities LLC, M&T Trust Company of Delaware, and Wells Fargo Bank, N.A. (the "2005-2 Trust Agreement"), and the Amended and Restated Trust Agreement dated as of October 7, 2005 between Bear Stearns Asset Backed Securities I LLC, Wilmington Trust Company, and Wells Fargo Bank, N.A. (the "2005-4A Trust Agreement," collectively, the "Trust Agreements"); the Insurance and Indemnity Agreement dated as of March 23, 2005 between Deutsche Bank National Trust Company, AHM Acceptance, American Home Mortgage Trust 2005-1, AHM Investment Corp., AHM Servicing, GMAC, AHM Securities LLC, and FGIC (the "2005-1 Insurance Agreement"), the Insurance and Indemnity Agreement dated as of March 23, 2005 between Deutsche Bank National Trust Company, AHM Acceptance, American Home Investment Mortgage Trust 2005-2, AHM Investment Corp., AHM Servicing, GMAC, AHM Securities LLC, and FGIC (the "2005-2 Insurance Agreement"), and the Insurance and Indemnity Agreement dated as of October 7, 2005 between U.S. Bank National Association, AHM Acceptance, American Home Mortgage Investment Trust 2005-4A, AHM Investment Corp., GMAC, Bear Stearns Asset Backed Securities I LLC, and FGIC (the "2005-4A Insurance Agreement," collectively, the "Insurance Agreements); the Mortgage Loan Purchase Agreement dated as of March 23, 2005 between AHM Acceptance and AHM Securities LLC (the "2005-1 Mortgage Loan Purchase Agreement"), the Mortgage Loan Purchase Agreement dated as of March 23, 2005 between AHM Acceptance and AHM Securities LLC (the "2005-2 Mortgage Loan Purchase Agreement"), and the Mortgage Loan Purchase Agreement dated as of October 7, 2005 between AHM Acceptance and AHM Securities LLC (the "2005-4A Mortgage Loan Purchase Agreement," collectively, the "Mortgage Loan Purchase Agreements"); the Indenture dated as of March 23, 2005 between American Home Mortgage Investment Trust 2005-1, Wells Fargo Bank, N.A., and Deutsche Bank National Trust Company (the "2005-1 Indenture"), the Indenture dated as of June 22, 2005 between American Home Mortgage Investment Trust 2005-2, Wells Fargo Bank, N.A., and Deutsche Bank National Trust Company (the "2005-2 Indenture"), and the Indenture dated as of October 7, 2005 between American Home Mortgage Investment Trust 2005-4A, Wells Fargo Bank, N.A., and U.S. Bank National Association (the "2005-4A Indenture," collectively, the "Indentures"); and the HELOC Back-Up Servicing Agreement dated as of March 23, 2005 between GMAC, Deutsche Bank National Trust Company, and American Home Mortgage Trust 2005-1 (the "2005-1 HELOC Back-Up Servicing Agreement"), the HELOC Back-Up Servicing Agreement dated as

of June 22, 2005 between GMAC, Deutsche Bank National Trust Company, and American Home Mortgage Investment Trust 2005-2 (the "<u>2005-2 HELOC Back-Up Servicing Agreement</u>"), and the HELOC Back-Up Servicing Agreement dated as of October 7, 2005 between GMAC, U.S. Bank National Association, and American Home Mortgage Investment Trust 2005-4A (the "<u>2005-4A HELOC Back-Up Servicing Agreement</u>," collectively, the "<u>HELOC Back-Up Servicing Agreements</u>").

The Debtors reserve any and all rights to contest any and all motions, claims or causes of action arising from or related to the HELOC Servicing Agreements, the Trust Agreements, the Insurance Agreements, the Mortgage Loan Purchase Agreements, the Indentures or the HELOC Back-Up Servicing Agreements on any and all bases.

9. Because there is no authority for the language FGIC demands be included in the proposed form of order that would impose a significant administrative expense and burden on the Debtors' estates, such relief requested in the Motion should be denied.

10. Finally, the Debtors file this Response to reserve their rights with respect to the factual allegations raised in the Motion. The Debtors disagree with many of the factual allegations in the Motion, including the allegation that GMAC, as instructed by FGIC, validly terminated prepetition the servicing rights of AHM Servicing and AHM Acceptance under each HELOC Servicing Agreement or that a Rapid Amortization Event under the Indentures has occurred. Therefore, the Debtors and their estates fully reserve the right to dispute any and all of the factual allegations in the Motion in the context of the claims resolution process or for any other reason.

WHEREFORE, the Debtors respectfully request that the Court deny the relief requested in the Motion to the extent set forth herein and grant the Debtors such other and further relief as is just and proper.

Dated: Wilmington, Delaware
December 14, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Blake Cleary_

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
M. Blake Cleary (No. 3614)
Sharon M. Zieg (No. 4196)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession