**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x

In re:                        :

                             :     Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS,  :

INC., *et al.*                   :     Case No. 07-11047 (CSS)

                            :Objection Deadline: December 28, 2007 at 5:00 p.m. EST

             Debtors.          :Hearing Date:  January 4, 2008 at 11:00 a.m. EST

----------------------------------------------------------------X

**MOTION OF EDWARD ABRAM, JR., NAJLA WAHEED, RICHARD ZEMEL,
ROSALYN CEASAR, DUSTIN JONES, JOHN SOGLUIZZO AND ANTHONY FAUX,
ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY-SITUATED, FOR
(i) RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362 OF THE
BANKRUPTCY CODE TO RESUME PENDING WAGE AND HOUR LITIGATION
AGAINST THE DEBTORS IN A NON-BANKRUPTCY COURT AND (ii) AN
<u>EXTENSION OF OR RELIEF WITH RESPECT TO THE BAR DATE</u>**

Edward Abram, Jr., Najla Waheed, Richard Zemel, Rosalyn Ceasar, Dustin Jones, John

Sogluizzo, and Anthony Faux (these seven being the "Named Plaintiffs" and/or the "Movants"),

on behalf of themselves and others similarly-situated, by and through the undersigned counsel,

hereby respectfully request entry of an Order, in a form substantially similar to that annexed

hereto as Exhibit A, pursuant to Section 362(d) of chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code"). The Movants seek two things:

        (i)     <u>stay relief allowing them to</u>

    a.     resume certain class-action "wage and hour" litigation filed against the Debtors

pre-petition in a California federal court, and specifically

    b.     file papers in that court that will authorize Movants to provide potential class

members with a written "opt-in notice" in connection with that litigation - just as would be done

absent this bankruptcy;

    c.     seek class certification under Federal Rule 23 in the California court; **and**

1

(ii)    **either a brief extension** of the bar date herein (January 11, 2008) so that putative class members may timely file their claims herein **or** a judgment that Movants' timely-filed class proof of claim is deemed a timely-filed claim on behalf of each person who eventually returns an "opt-in" form or otherwise becomes a member of the class to be certified in the California suit.

### OVERVIEW

As set forth below, certain former employees of Debtors pre-petition sued the Debtors for violations of federal and state "wage and hour" laws. The Movants filed their complaint in the Northern District of California prior to the commencement of these chapter 11 cases. In that litigation, the Movants seek to represent not only the named Plaintiffs but also a class of all other similarly-situated persons, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Upon information and belief, thousands of the Debtors' former employees have claims of the type Movants seek to prosecute and that would have been adjudicated in that action but for the Debtors' bankruptcy filings. Hence, the Movants have contemporaneously herewith filed a class proof of claim in these bankruptcy cases.

The putative class members have not received any written notice of their potential "wage and hour law" claims in the California litigation. Further, upon information and belief, many if not most of them have not received notice of the impending bar date in these chapter 11 cases. If this Court lifts the automatic stay, the Movants will promptly request that the California Court approve the form and manner of a notice Movants can send to putative class members to apprise them of the pendency of this action and their potential rights therein. The Court should also provide limited relief with respect to the January 11, 2008 bar date. In support hereof, the Movants respectfully represent as follows:

2

## JURISDICTION / VENUE / CORE PROCEEDING /
## STATUTORY BASIS FOR RELIEF REQUESTED

1.       This Court has jurisdiction over these bankruptcy cases because they were referred to this Court, by standing order in effect at the time they were filed, of the United States District Court for the District of Delaware (the "District Court"), pursuant to 28 U.S.C. §§ 157(a).  Absent the referral, the District Court had original and exclusive jurisdiction over the Debtors' bankruptcy cases pursuant to 28 U.S.C. § 1334(a).

2.       This motion is a civil proceeding that seeks to assert rights granted to the Movants by section 362(d) of the Bankruptcy Code, and accordingly it "arises under" these bankruptcy cases.  See, e.g., In re Menk, 241 B.R. 896 (B.A.P. 9th Cir. 1999).  As a result, pursuant to 28 U.S.C. § 1334(b) the District Court holds original but not exclusive jurisdiction over Movants' request for relief via this motion, and properly referred same to this Court, as noted above.

3.       Venue of these cases in Delaware is proper pursuant to 28 U.S.C. § 1408(i) and/or (ii), as some or all of the Debtors apparently are or were Delaware corporations.  Venue of this motion is proper here pursuant to 28 U.S.C. § 1409(a) and the referral noted above.

4.       This motion is itself a "core proceeding" under 28 U.S.C. § 157(b)(2)(G), however the Movants' underlying claims (and those of the putative class members) against the Debtors arise not from the Bankruptcy Code but from applicable non-bankruptcy law, specifically the Fair Labor Standards Act ("FLSA) and analogous state "wage and hour" laws.  Accordingly, the claims of the Movants and the putative class members are non-core.

5.       Bankruptcy Code Section 362(d) provides the statutory basis for the relief sought herein.  If it draws an objection, this Motion will initiate a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure.

## **FACTUAL BACKGROUND**

6.     On August 6, 2007 (the "Petition Date"), the Debtors and various affiliated entities filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Honorable Court.  Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  Upon information and belief, the Debtors are organized and existing under the laws of the State of Delaware with offices nationwide.

## **THE NORTHERN DISTRICT OF CALIFORNIA ACTION**

7.     On June 20, 2007, four of the Named Plaintiffs filed a class and collective action against the Debtors captioned <u>Edward Abram, Jr., Najla Waheed, Richard Zemel, Rosalyn Ceasar, individually, on behalf of all others similarly situated, and on behalf of the general public v. American Home Mortgage Investment Corp., American Home Mortgage Corp., and Defendant Does 1-50</u> in the United States District Court for the Northern District of California, Case No. C07-03252 (the "Northern District of California Action").  Plaintiffs filed their First Amended Complaint on July 31, 2007, which added Dustin Jones, John Sogluizzo, and Anthony Faux as named plaintiffs.

8.     Movants' First Amended Complaint asserts a collective action under the Fair Labor Standards Act ("FLSA"), and class actions under the state wage and hour laws of California, New York, Illinois, Wisconsin, Colorado, New Jersey, and Washington.  Movants and the class they seek to represent were employed by Debtors as Loan Officers.  They allege that they were misclassified as exempt employees, and therefore were not paid overtime wages and minimum wages as required by state and federal law.  A copy of Movants' First Amended

4

Complaint is attached hereto as Exhibit B. A copy of the current Northern District of California docket sheet is attached hereto as Exhibit C. Because Debtors filed for bankruptcy on in early August, 2007, they have not answered Movants' First Amended Complaint.

9.      This Court entered an Order setting a Bar Date of January 11, 2008 for the filing of proof of claims. (*See* Docket No. 1708 (Order), 1802 (Notice)).

**RELIEF REQUESTED**

10.     The Movants respectfully request that this Court enter an order, in a form substantially similar to that annexed hereto as Exhibit A, lifting the automatic stay and permitting Movants to file a "conditional certification and class certification motion" against Debtors in the California suit. If approved by the California court, the Movants will be authorized to distribute a written notice to potential class members of the wage and hour claims that are pending in the Northern District of California. Movants also request limited relief regarding the bar date, as set forth below.

**ARGUMENT**

**I.    Because Of The Unique Nature Of FLSA And State Law Wage And Hour Litigation, Cause Exists For This Court To Grant Relief From The Automatic Stay**

11.     The bankruptcy code provides Courts with the power to lift the automatic stay the code imposes "for cause." 11 U.S.C. § 362(d)(1). Because the code does not provide a definition of "cause," courts determine whether cause exists based on the totality of the circumstances in each individual case. In re Wilson, 116 F.3d 87, 90 (3rd Cir. 1997). Movants have the burden of making a *prima facie* case that cause exists for lifting the stay. In re RNI Wind Down Corp., 348 B.R. 286, 299 (Bkrtcy.D.Del. 2006).

12.     Here, movants seek relief from the automatic stay so that they can move for conditional and class certification of their wage and hour claims. Conditional certification is a

particularly important step in an FLSA case, and is a product of the collective action's unique procedural quirks. An FLSA "collective action" under 29 U.S.C. 216(b) is defined by three important features. First, in order to participate in a collective action, an employee must "opt in," meaning the employee must consent in writing to join the suit, and that consent must be filed with the court. <u>Hoffmann-La Roche v. Sperling</u>, 493 U.S. 165, 168 (1989); <u>Gerlach v. Wells Fargo & Co.</u>, 2006 WL 824652 at *1 (N.D. Cal. 2006). Second, the statute of limitations runs on each employee's claim until his individual opt-in form is filed with the court. <u>See</u> <u>Grayson v. K-Mart Corp.</u>, 79 F.3d 1086, 1106 (11th Cir. 1996) (holding that the statute of limitations ceases to run only when each employee files a consent form); <u>Hoffmann v. Sbarro, Inc.</u>, 982 F. Supp. 249, 260 (S.D.N.Y. 1997). Third, to serve the "broad remedial purpose" of the FLSA, courts can and frequently do order that written notice be provided to other, similarly-situated employees to inform them of their right to "opt in" to the case. <u>Hoffmann-La Roche</u>, 493 U.S. at 173; <u>Leuthold v. Destination America, Inc.</u>, 224 F.R.D. 462, 466-467 (N.D. Cal. 2004). Each of these unique features of an FLSA action mitigates in favor of this Court lifting the stay to allow notice, as addressed in detail below.

### a. Because Of The FLSA's Opt-In Requirement, Notice Should Be Distributed To Putative Class Members

13.     Unlike a conventional Rule 23 class action lawsuit, claims brought under the FLSA and the Age Discrimination in Employment Act (ADEA) operate under an opt-in procedure, which requires every potential Plaintiff to file a consent form with the court. 29 U.S.C. § 216(b); <u>Hoffmann-La Roche</u>, 493 U.S. at 168. Therefore, the simple filing of an FLSA collective action does not attach any putative class members' claims to that complaint, and an individual's claims will not attach to the complaint unless and until the individual files a consent form.

14.     Following the instruction of <u>Hoffman-LaRoche</u>, courts take an active role in overseeing the notice and consent process in FLSA cases, in order to inform putative class members of their rights and to allow them the opportunity to participate in the case. <u>See, e.g.</u>, <u>Gerlach</u>, 2006 WL 824652. The bar for conditional certification of an FLSA collective action is very low. Plaintiffs are only required to show "that there is some factual basis beyond the mere averments in their complaint for the class allegations" in order for the case to be conditionally certified and for notice to be issued. <u>Adams v. Inter-Con Security Sys., Inc.</u>, 242 F.R.D. 530, 536 (N.D. Cal. 2007).

15.     Under the FLSA conditional certification and opt-in procedure, cause exists for the Court to lift the stay over the Northern District of California action. Putative class members in that case have not yet received notice of their claims, and as such are unaware of their rights to participate in that action. Unless and until they receive proper notice, they will be unable to assert their FLSA claims in that venue. Given the low standard for conditional certification in FLSA cases, it is highly likely that Movants' conditional certification motion will be successful and the Court will allow Movants to provide notice to the putative FLSA class.

### b. The Stay Should Be Lifted Because The FLSA Statute Of Limitations Continues To Run On Putative Class Members' Claims Who Have Not Received Notice

16.     Judicially approved notice is also important in FLSA cases because an individual FLSA plaintiff's statute of limitations is not tolled with the filing of a complaint; it continues to run until he or she files a consent form in the case. <u>Grayson</u>, 79 F.3d at 1106.[1]  Therefore, individuals who have not yet received notice of their right to file a consent form in the Northern District of California action are suffering the deterioration of their claims with each day that

---

[1] The statute of limitations in an FLSA case is two years, extended to three if the plaintiff can show that the violation of law was willful. 29 U.S.C. § 255(a).

passes. In cases such as the one at bar, employers often misrepresent to their employees that they are exempt employees, and as such are not eligible for overtime pay. See Exhibit B, ¶ 1. Employees therefore may remain unaware that their employer engaged in illegal pay practices until they receive court ordered notice. Even employees suspect that their employer engaged in illegal pay practices may believe that their individual claim is too small to warrant bringing a lawsuit. Judicial notice of the pending lawsuit is imperative so that employees are informed of their opportunity to pursue their claims before they fall victim to the statute of limitations.

### c. The Broad Remedial Purpose Of The FLSA Requires Notice To Affected Employees

17.    Finally, the Supreme Court has recognized that the FLSA has a "broad remedial purpose." Hoffmann-La Roche, 493 U.S. at 173. For that reason, notice should be distributed to all potential class members so that they might act enforce their rights under the act. See Id. If judicial notice is not distributed, "some potential plaintiffs might not become aware of the lawsuit and would not have an opportunity to join the suit." Leuthold, 224 F.R.D. at 468. "[T]he FLSA was designed to give specific minimum protections to individual workers and to ensure that each employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from 'the evil of overwork as well as underpay.'" Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 739 (1981) (quoting Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 578 (1942)). If the employees affected by Debtors' pay practices do not receive notice of their FLSA rights, the remedial purpose of the FLSA will not be served, simply because of the timing of Debtors' petition.

**d. Cause Also Exists For The Court To Lift The Stay For The Purposes Of Moving For Rule 23 Class Certification**

18.     Movants also request that that Court lift the stay so that they move for Rule 23 class certification of their claims under California, New York, Illinois, Wisconsin, Colorado, New Jersey, and Washington state law. As noted above, Plaintiffs intend to file a class proof of claim on behalf of these state law classes. Allowing Plaintiffs to move for class certification on their claims, in the venue in which they brought those claims, would define the scope of the claim which will be at issue in the bankruptcy proceeding. Just like FLSA collective class members, putative state law class members are likely unaware that they have claims against Debtors for unpaid overtime. Because Debtors likely did not provide bar date notice to former employees who were not employed at the time of bankruptcy filing, state law class members are probably unaware that a bar date exists. In order to preserve the rights of these state law class members, this Court should allow Movants to proceed with their class certification motion and, if successful, provide notice to state law class members.

19.     Further, it is efficient to allow Movants to bring their motion as a joint FLSA and Rule 23 certification motion. Movants' FLSA and state law claims are based upon the same facts, and very similar law, and the Northern District of California should adjudicate both motions at the same time.

**II.     Balancing The Competing Interests Of Movants And Debtors, It Is Appropriate To Grant Relief From The Stay**

20.     In determining whether "cause" exists to lift the stay for the purposes of allowing underlying litigation to proceed, courts in the Third Circuit have considered the competing interests of the debtors and movants. In balancing those interests, courts have looked to three factors: (1) whether any great prejudice to either the bankruptcy estate or the debtors will result

from continuation of the civil suit; (2) whether the hardship to the (non-bankruptcy party) by maintenance of the stay considerably outweighs the hardship of the debtors should it be lifted; and (3) whether the creditor has a probability of prevailing on the merits. In re Continental Airlines, Inc., 152 B.R. 420, 423 (D. Del. 1993); See also, In re Rexene Products Co., 141 B.R. 574 (Bankr. D. Del. 1992); In re Donington, Karcher, Salmond, Ronan & Rainone, P.A., 194 B.R. 750 (D.N.J. 1996).

21.     In cases addressing relief from the stay under §362(d)(1) to allow the commencement or continuation of non-bankruptcy litigation, the overriding consideration is whether the debtor's estate or the debtor will be prejudiced if the litigation is permitted in another forum.     Absent a showing of prejudice, relief has generally been granted. In re Continental Airlines, 152 B.R. at 424.

22.     In the case at hand, Debtors would suffer minimal prejudice if the stay were lifted. Movants are requesting only the opportunity to make one motion in the Northern District of California. Responding to this single motion will not cause Debtors to expend significant time or resources. After Plaintiffs' motion is heard, and notice is distributed, Plaintiffs' claims will be adjudicated in the same manner as other claims.

23.     By contrast, the prejudice of the stay to Movants and the class they seek to represent is significant. The FLSA statute of limitations continues to run against putative class members who have not received notice of their claim. While arguably the Named Plaintiffs may have rights under section 108(c) of the Bankruptcy Code to alleviate this problem, it is not clear whether this statute inures (in theory or in practice) to the benefit of all potential class members, who will likely not assert its application and are unaware of the law.

24.     Finally, the Movants need only show a slight probability of success on the merits to lift the stay in appropriate cases. In re Continental, 152 B.R. at 426. See also, In re Rexene Products Co., 141 B.R. 547, 578 (Bankr. D. Del. 1992) (regarding the probability of success on the merits, "the required showing is very slight"). This Court recognized in In re Levitz Furniture Inc., 267 B.R. 516 (Bankr. D. Del. 2000), that relief "from the stay to proceed with a state court action may be granted where no great prejudice to the Debtor will result from its continuance, where hardship will inure to the non-debtor if relief is not granted and where the creditor has some chance of prevailing." Id. at 523. The Levitz Furniture court emphasized that a probability of success on the merits "merely requires a showing that [a] claim is not frivolous." Id. (citing In re Rexene Products Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992)).

25.     As outlined above, Movants face a very low bar for conditional certification of their FLSA claims. Motions for conditional class certification are rarely denied. Attached hereto as Exhibit D is a collection of orders granting conditional class certification to classes of Loan Officers, with facts that are almost identical to the facts Movants will present in their motion. Movants' motion for conditional class certification is almost a sure success; it is clearly not "frivolous."

**III.     This Court Should Grant Putative Class Members Relief on the Bar Date**

26.     Finally, given the impending **January 11, 2008** bar date herein and the fact that this motion may not be heard and decided until the first week of January, 2008, it is critical that the Court order either one of two things: either a brief extension of the bar date herein so that putative class members may timely file their claims herein **or** a judgment that Movants' timely-filed class proof of claim is deemed a timely-filed claim on behalf of each person who eventually

11

returns an "opt-in" form or otherwise becomes a member of the class to be certified in the California suit.

27.    As to putative class members who are personally served with the bar date notice, if any, absent the relief requested herein there is a major problem: if they are entirely unaware of their rights under the FLSA and analogous state "wage and hour" laws against the Debtors - as is surely the case for most of them – they may file no claims at all herein, or file claims for other debts but not include claims of the type at issue in the California litigation. And as to putative class members who are not personally served with the bar date notice, since the Debtors will provide at least some "publication notice" thereof, there is a serious risk these employees will nevertheless be barred from asserting their claims herein on the basis of that "publication," though Movants respectfully assert few of these people routinely read the "tombstone" notices in the Wall Street Journal, etc.

28.    Certainly, whether in mailed out or published form, the bar date notice will not apprise the putative class members of their rights against the Debtors in connection with the California litigation. The requested stay relief, even if granted, will not solve the "bar date problem" because there is no way that between January 4, 2008 and January 11, 2008 the Movants can gain conditional class certification in California, have an "opt-in" notice approved and served out, and wait the allowed period for class members to return their forms. Hence, the likelihood putative class members will understand and timely/properly assert – that is, by returning an "opt-in" notice - these claims is diminished each day they do not receive notice; eventually, their entire claims will be extinguished. The remedial purpose of the FLSA requires that FLSA putative class members are informed of their right to pursue their claims.

## NOTICE

29.     The Movants have provided notice of this Motion, in accordance with Bankruptcy Rule 4001(a)(1), to (i) the Office of the United States Trustee for the District of Delaware, (ii) counsel for the Debtors, (iii) counsel for the Official Committee of Unsecured Creditors appointed in the Debtors' cases, and (iv) those parties that have filed notices of appearance in the Debtors' cases as of the date herein.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Movants respectfully request entry of an order approving two things:

(i)     **stay relief allowing them to**

a.     resume certain class-action "wage and hour" litigation filed against the Debtors pre-petition in a California federal court, and specifically

b.     file papers in that court that will authorize Movants to provide potential class members with a written "opt-in notice" in connection with that litigation - just as would be done absent this bankruptcy – sufficiently in advance of the bar date in these bankruptcy cases;

c.     seek class certification under Federal Rule 23 in the California court; **and**

(ii)     **either a brief extension** of the bar date herein (January 11, 2008) so that putative class members may timely file their claims **or** a judgment that Movants' timely-filed class proof of claim is deemed a timely-filed claim on behalf of each person who eventually returns an "opt-in" form or otherwise becomes a member of the class to be certified in the California suit.

Dated: December 14, 2007
Wilmington, Delaware

Respectfully submitted,
MARGOLIS EDELSTEIN

James E. Huggett (DE Id No. 3956)
Sally Sobzyk (DE Id No. 4762)
Meghan Kelly (DE Id No. 4968)
Lucian Murley (DE Id No. 4892)
750 S. Madison Street, Suite 102
Wilmington, Delaware 19801
(T) (302) 888-1112
(F) (302) 888-1119
E-mail: jhuggett@margolisedelstein.com

OUTTEN & GOLDEN, LLP
Rene S. Roupinian
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone:  (212) 245-1000
Fax:  (212) 977-4005

NICHOLS KASTER & ANDERSON PLLP
Matthew Helland
80 South 8th Street, Suite 4600
Minneapolis, MN 55402
Telephone: (612) 256-3275
Fax: (612) 215-6870

Counsel to Edward Abram, Najla Waheed,
Richard Zemel, Rosalyn Ceasar, Anthony Faux,
Dustin Jones, John Sogluizzo and Luis Arvizu
on their own behalf and on behalf of all other
persons similarly situated