# EXHIBIT B

1   NICHOLS KASTER & ANDERSON, LLP
    Bryan J. Schwartz, CA State Bar No. 209903
2   Matthew C. Helland, MN State Bar No. 346214, CA Bar No. Pending
    One Embarcadero Center, Suite 720
3   San Francisco, CA  94111
    Telephone: 415-277-7235
4   Facsimile: 415-277-7238

5   NICHOLS KASTER & ANDERSON, PLLP
    Paul J. Lukas, MN State Bar No. 22084X
6   (pro hac vice application pending)
    Donald H. Nichols, MN State Bar No. 78918
7   (pro hac vice application pending)
    80 South Eighth Street, Suite 4600
8   Minneapolis, MN 55402
    Telephone: 612-256-3200

9   OUTTEN & GOLDEN, LLP
    Adam T. Klein, NY Bar No. AK 3293
10  (admitted pro hac vice)
    Jack A. Raisner, NY Bar No. JR 6171
11  (admitted pro hac vice)
    3 Park Avenue, 29th Floor
12  New York, New York 10016
    Telephone:  212-245-1000

13  Attorneys for Individual and Representative Plaintiffs

14          IN THE UNITED STATES DISTRICT COURT
15          NORTHERN DISTRICT OF CALIFORNIA

16  EDWARD ABRAM, JR., NAJLA               Case No.: C07-03252 (MJJ)
    WAHEED, RICHARD ZEMEL,
17  ROSALYN CEASAR, DUSTIN JONES,          CLASS ACTION
    JOHN SOGLUIZZO and ANTHONY
18  FAUX individually, on behalf of all others    AMENDED COMPLAINT FOR
    similarly situated, and on behalf of the      DAMAGES, RESTITUTION AND
19  general public,                               INJUNCTIVE RELIEF

20                      Plaintiffs,        (1)  Violations of Fair Labor Standards
                                                Act, 29 U.S.C. Section 201, et seq.
21          vs.
                                           (2)  Overtime   and   Minimum   Wage
22  AMERICAN HOME MORTGAGE                      Violations  (California  Labor  Code
    INVESTMENT CORP., AMERICAN                  Sections 510, 1182.11, 1194 and 1198,
23  HOME MORTGAGE CORP., and                    and IWC Wage Order(s))
    DEFENDANT DOES
24  1-50,                                 (3)  Failure  to  Provide  Itemized  Wage
                                                Statements (California Labor Code
25                      Defendants.             Section 226)

26                                         (4)  Failure to Provide and/or Authorize
                                                Meal and Rest Periods (California
27                                              Labor Code Section 512 and IWC
                                                Wage Order(s))
28

1

2

(5)  **Failure to Timely Pay Wages** (California Labor Code Section 201, 202, 203)

3

(6)  **Violation of California Business and Professions Code Sections 17200 et seq.**

4

5

(7)  **Overtime and Minimum Wage Violations (New York Labor Law Article 19, §§ 650 *et seq.*, and New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142)**

6

7

8

(8)  **Overtime and Minimum Wage Violations (Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1 *et. seq*; the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. § 115/1, et seq. )**

9

10

(9)  **Overtime and Minimum Wage Violations (Wisconsin Statute §§ 103 and 104 and Wisconsin Administrative Code §§ DWD 274.03, 272.03 and 272.11)**

11

12

13

(10)  **Overtime and Minimum Wage Violations (Colorado Minimum Wage Act, C.R.S. §§ 8-6-101 *et seq.* and Colorado Wage Order No. 22, 7 C.C.R. 11030l, C.C.H. 6041,801 *et seq.*)**

14

15

16

(11)  **Overtime and Minimum Wage Violations (New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq*.)**

17

18

(12)  **Overtime and Minimum Wage Violations (Washington Minimum Wage Act, R.C.W. 49.46.005 *et seq*)**

19

**DEMAND FOR JURY TRIAL**

20

21

22

## PRELIMINARY STATEMENT

23

1.     This is a collective and class action brought by Individual and

24

Representative Plaintiffs Edward Abram, Jr., Najla Waheed, Richard Zemel, Rosalyn Ceasar,

25

Dustin Jones, John Sogluizzo and Anthony Faux (collectively "Plaintiffs"), on their own behalf

26

and on behalf of the proposed class identified below.  Plaintiffs and the putative class members

27

were or are employed by Defendants American Home Mortgage Corp. and American Home

28

Mortgage Investment Corp. (collectively "Defendants").     Plaintiffs and the putative class

2

members have been or are employed as "Loan Officers" and were misclassified as exempt and therefore erroneously denied overtime, minimum wage, meal and rest period compensation as required by state and federal wage and hour laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 ("Rule 23") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.     The Collective Class (FLSA) is made of all persons who are or have been employed by Defendants as loan officers and were misclassified as exempt, and therefore erroneously denied overtime and minimum wage compensation as required by federal wage and hour laws, at any time within the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

3.     The Class (Rule 23) is made up of all persons who are or have been employed by Defendants as loan officers who were misclassified as exempt, and therefore erroneously denied overtime, minimum wage, meal and rest period compensation as required by state wage and hour laws, within the State of California within the period four years, in the State of New York within the period of six years, in the States of Illinois and Washington within the period of three years prior to the filing date of this Complaint, and in the States of Wisconsin, Colorado and New Jersey within the period of two years prior to the filing of this complaint (collectively the "Class Periods").

4.     During the Collective Class Period and the Class Periods, Defendants failed to pay overtime, minimum wage, meal and rest period compensation to each member of the Class as required by state and federal law. Plaintiffs seek relief for the Class pursuant to the applicable provisions of the laws of the states of California., New York, Illinois, Wisconsin, Colorado, New Jersey and Washington. Plaintiffs also seek relief for the Collective Class under the Fair Labor Standards Act. All of the relief sought is to remedy the Defendants' failure to pay all wages and premiums due, pay appropriate overtime and minimum wage compensation, to provide and authorize meal and rest periods, to pay waiting time penalties, and maintain accurate time records, in addition to injunctive relief.

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

**THE PARTIES**

5.      Individual and California representative Plaintiff Edward Abram, Jr. (the "California Named Plaintiff") resides in Alameda County, California.  He was employed by Defendants from approximately May 2005 to January 2007 as a loan officer working in Alameda County, California. Plaintiff brings his claims on behalf of himself and the Collective and California Classes.

6.      Individual and representative Plaintiff Najla Waheed (the "New York Named Plaintiff") resides in Syosset, New York.  She was employed by Defendants from approximately February 2005 until approximately September 2006 as a loan officer working in Hauppauge, New York.  Plaintiff brings her claims on behalf of herself and the Collective and New York Classes.

7.      Individual and representative Plaintiff Richard Zemel (the "Illinois Named Plaintiff") resides in Highland Park, Illinois.  He was employed by Defendants from approximately June 2005 until approximately June 2006 as a loan officer working in Mt. Prospect, Illinois.  Plaintiff brings his claims on behalf of himself and the Collective and Illinois Classes.

8.      Individual and representative Plaintiff Rosalyn Ceasar (the "Wisconsin Named Plaintiff") resides in Milwaukee, Wisconsin.  She was employed by Defendants from approximately October 2005 until approximately March 2006 as a loan officer working in Brookfield, Wisconsin.  Plaintiff brings her claims on behalf of herself and the Collective and Wisconsin Classes.

9.      Individual and representative Plaintiff Dustin Jones (the "Colorado Named Plaintiff") resides in Loveland, Colorado. He was employed by Defendants from approximately February 2005 until approximately April 2006 as a loan officer working in Fort Collins, Colorado.  Plaintiff brings his claims on behalf of himself and the Collective and Colorado

4

1  Classes.

2      10.    Individual and representative Plaintiff John Sogluizzo (the "New Jersey

3  Named Plaintiff") resides in Middletown, New Jersey. He was employed by Defendants from

4  approximately November 2004 until approximately January 2006 as a loan officer working in

5
   Iselin, New Jersey. Plaintiff brings his claims on behalf of himself and the Collective and New

6
7  Jersey Classes.

8      11.    Individual and representative Plaintiff Anthony Faux resides in Arlington,

9  Washington. He was employed by Defendants from approximately October 2005 until

10  approximately June 2006 as a loan officer working in Bellingham, Washington. Plaintiff brings

11  his claims on behalf of himself and the Collective and Washington Classes.

12
       12.    Upon information and belief, Defendant American Home Mortgage Corp.,
13
   is a corporation doing business and maintaining branches in many states throughout the United
14
15  States, including the facilities in which the Named Plaintiffs worked in Oakland, California

16  Hauppauge, New York, Highland Park, Illinois, Brookfield, Wisconsin, Loveland, Colorado,

17  Iselin, New Jersey and Bellingham, Washington.

18
       13.    Upon information and belief, Defendant American Home Mortgage
19
   Investment Corp. is a corporation doing business throughout the United States, including business
20
   through its wholly-owned subsidiary, Defendant American Home Mortgage Corp.
21
       14.    Defendants Does 1-50, inclusive, are sued herein under fictitious names.
22
23  Their true names and capacities are unknown to Plaintiffs. When their true names and capacities

24  are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities

25  herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named

26  Defendants is responsible in some manner for the occurrences herein alleged, and that the

27  damages of Plaintiffs and the putative class members herein alleged were proximately caused by

28  such Defendants.

5

15.     Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all times relevant to this action, an "employer" for purposes of the FLSA or applicable state laws, or an agent, employee, representing partner, integrated enterprise with, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is being brought under the FLSA, 29 U.S.C. § 207 *et seq.* Each representative Plaintiff has signed a consent form to join this lawsuit, copies of which have been filed with the Court. This Court also has supplement jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

17.     Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391, because Defendants operates facilities in over sixty (60) branch offices in the State of California, and because a substantial part of the events giving rise to the claims occurred in this district at Defendants' branch office in Oakland, California.

18.     This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action in which: (1) there are 100 or more members in the Plaintiffs' proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

19.     Pursuant to Civil L.R. 3-2(c) and (d), this action is properly assigned to the Northern District of California because a substantial portion of the events giving rise to this dispute occurred in Alameda County, California.

## COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiffs bring this action on behalf of themselves and other similarly

6

1   situated employees as authorized under FLSA § 16(b), 29 U.S.C. § 216(b). The employees

2   similarly situated are:

3       **Collective Class**:    All persons who are or have been employed by Defendants as
4       ""Loan Officers," who were misclassified as exempt, and therefore
        erroneously denied overtime and minimum wage compensation as
5       required by federal wage and hour laws, at any time within the
        United States within three years prior to this action's filing date
6       through the date of final disposition of this action.

7       21.   Upon information and belief, Defendants suffered and permitted Plaintiffs

8
9   and the Collective Class to work more than forty hours per week without overtime compensation.

10  As a result of the numerous hours worked, upon information and belief Plaintiffs were not always

11  paid the mandatory minimum wage during each work week.

12      22.   Defendants' unlawful conduct has been widespread, repeated and

13  consistent.

14      23.   Upon information and belief, Defendants knew that Plaintiffs and the

15  Collective Class performed work that required overtime and minimum wage pay. Defendants

16
17  have operated under a scheme to deprive these employees of overtime compensation by failing to

18  properly compensate them for all hours worked.

19      24.   Defendants' conduct, as set forth in this Complaint, was willful and in bad

20  faith, and has caused significant damages to Plaintiffs and the Collective Class.

21      25.   Defendants are liable under the FLSA for failing to properly compensate

22  Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class.

23  There are numerous similarly situated current and former employees of Defendants who have

24
25  been denied overtime and minimum wage pay in violation of the FLSA who would benefit from

26  the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the

27  present lawsuit. Those similarly situated employees are known to Defendants and are readily

28  identifiable through Defendants' records.

## CALIFORNIA CLASS ALLEGATIONS

26.     The California Named Plaintiff brings the Second, Third, Fourth, Fifth and Sixth Claims for Relief on his own behalf and as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. The California Rule 23 Class is defined as "all persons who worked for Defendants as loan officers in the State of California at any time from four years prior to the filing of this Complaint to the entry of judgment in the case" (the "California Rule 23 Class").

27.     The persons in the California Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendants have employed hundreds of persons who satisfy the definition of the California Class.

28.     There are questions of law and fact common to this California Rule 23 Class that predominate over any questions solely affecting individual members of the California Rule 23 Class, including but not limited to:

a.     Whether Defendants unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal Bus. & Prof. Code § 17200 *et seq*., and the California Labor Code and related regulations, Ca. Labor Code §§ 201, 202, 203, 226, 1174, 1174.5, 1194, Cal Wage Order No. 4.

b.     Whether the California Named Plaintiff and the California Rule 23 Class are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

c.     Whether Defendants employed the California Named Plaintiff and the California Rule 23 Class within the meaning of the California law;

8

1    d.  Whether Defendants failed to keep accurate time records for all

2 hours worked by the California Named Plaintiff and the California Rule 23 Class in

3 violation of Labor Code §§ 226 and 1174;

4    e.  Whether Defendants' policy and practice of failing to pay its

5 employees all wages due within the time required by law after their employment ended

6

7 violates California law;

8    f.  Whether Defendants failed to provide the California Named

9 Plaintiff and members of the California class with meal and rest periods in violation of

10 California Labor Code § 512 and applicable wage order(s);

11    g.  The proper measure of damages sustained by the California Rule 23

12 Class;

13

14    h.  Whether Defendants' violations of law constituted oppressive,

15 fraudulent, and/or malicious conduct sufficient to support an award of punitive damages;

16 and

17    i.  Whether Defendants' actions were "willful."

18    29.  The California Named Plaintiff's claims are typical of those of the

19 California Rule 23 Class.  The California Named Plaintiff, like other members of the California

20

21 Rule 23 Class, was subjected to Defendants' policy and practice of refusing to pay overtime in

22 violation of California law.  The California Named Plaintiff's job duties were typical of those

23 other California Rule 23 Class members.

24    30.  The California Named Plaintiffs will fairly and adequately protect the

25 interests of the California Rule 23 Class, and has retained counsel experienced in complex wage

26 and hour class and collective action litigation.

27

28

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1    31.    A class action is superior to other available methods for the fair and

2    efficient adjudication of the controversy, particularly in the context of wage and hour litigation

3    where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits

4    in federal court against a large corporate defendant, particularly those with relatively small claims

5    and those concerned with adverse consequences relating to their employment or role in the

6

7    industry.

8    32.    Class certification of the Second, Third, Fourth, Fifth and Sixth Claims for

9    Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or

10    refused to act on grounds generally applicable to the California Rule 23 Class, thereby making

11    appropriate declaratory and injunctive relief.  The California Rule 23 Class is also entitled to

12

13    injunctive relief to end Defendants' common and uniform practice of failing to properly

14    compensate its employees for all work performed for the benefit of Defendant.

15    33.    Class certification of the Second, Third, Fourth, Fifth Claims and Sixth

16    Claims for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and

17    fact common to the California Rule 23 Class predominate over any questions affecting only

18    individual members of the California Rule 23 Class, and because a class action is superior to

19    other available methods for the fair and efficient adjudication of this litigation.  Defendants'

20

21    common and uniform policies and practices denied the California Rule 23 Class the minimum

22    wage and overtime pay to which they are entitled.  The damages suffered by the individual

23    California Rule 23 Class members are small compared to the expense and burden of individual

24    prosecution of this litigation.  In addition, class certification is superior because it will obviate the

25    need for unduly duplicative litigation that might result in inconsistent judgments about

26    Defendants' practices.

27

28
                                            10

34. The Named Plaintiff intends to send notice to all members of the California Rule 23 Class to the extent required by Rule 23.

## NEW YORK CLASS ALLEGATIONS

35. The New York Named Plaintiff brings the Seventh Claim for Relief on her own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure. The New York Rule 23 Class is defined as "all persons who worked for Defendants as loan officers in the State of New York at any time from six years prior to the filing of this Complaint to the entry of judgment in the case" (the "New York Rule 23 Class").

36. The persons in the New York Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendants have employed hundreds of persons who satisfy the definition of the New York Class.

37. There are questions of law and fact common to this New York Rule 23 Class that predominate over any questions solely affecting individual members of the New York Rule 23 Class, including but not limited to:

a. Whether Defendants unlawfully failed to pay overtime and/ or minimum wage compensation in violation of and within the meaning of New York Labor Law, New York Labor Law Article 6, § 190 *et. seq.*, the New York Minimum Wage Act, New York Labor Law § 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142;

b. Whether the New York Named Plaintiff and the New York Rule 23 Class are non-exempt from entitlement to overtime and minimum wage compensation for hours worked under the pay requirements of New York Law;

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

c.     Whether Defendants employed the New York Named Plaintiff and the New York Rule 23 Class within the meaning of the New York Labor Law;

d.     Whether Defendants failed to keep accurate time records for all hours worked by the New York Named Plaintiff and the New York Rule 23 Class;

e.     The proper measure of damages sustained by the New York Rule 23 Class; and

f.     Whether Defendants should be enjoined from such violations in the future.

38.     The New York Named Plaintiff's claims are typical of those of the New York Rule 23 Class. The New York Named Plaintiff, like other members of the New York Rule 23 Class, were subjected to Defendants' policy and practice of refusing to pay proper overtime and minimum wage compensation in violation of New York law.    The New York Named Plaintiff's job duties as a loan officer were typical of those other New York Rule 23 Class members.

39.     The New York Named Plaintiff will fairly and adequately protect the interests of the New York Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

40.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant, particularly those with relatively small claims and those concerned with adverse consequences relating to their employment or role in the industry.

12

41.     Class certification of the Seventh Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the New York Rule 23 Class, thereby making appropriate declaratory and injunctive relief.   The New York Rule 23 Class is also entitled to injunctive relief to end Defendants' common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendants.

42.     Class certification of the Seventh Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Rule 23 Class predominate over any questions affecting only individual members of the New York Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the New York Rule 23 Class the minimum wage and overtime pay to which they are entitled. The damages suffered by the individual New York Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

43.     The New York Named Plaintiff intends to send notice to all members of the New York Rule 23 Class to the extent required by Rule 23.

### ILLINOIS CLASS ALLEGATIONS

44.     The Illinois Named Plaintiff brings the Eighth Claim for Relief on his own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure. The Illinois Rule 23 Class is defined as "all persons who worked for Defendant as loan officers in the State of Illinois at any time from three years prior to the filing of this Complaint to the entry of judgment in the case" (the "Illinois Rule 23 Class").

45.    The persons in the Illinois Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendants have employed hundreds of persons who satisfy the definition of the Illinois Class.

46.    There are questions of law and fact common to this Illinois Rule 23 Class that predominate over any questions solely affecting individual members of the Illinois Rule 23 Class, including but not limited to:

a.    Whether Defendants unlawfully failed to pay overtime and/ or minimum wage compensation in violation of and within the meaning of Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1 *et. seq*; the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. § 115/1, et seq. and the regulations promulgated there under, 56 IL ADC § 210.100 *et. seq.*

b.    Whether the Illinois Named Plaintiff and the Illinois Rule 23 Class are non-exempt from entitlement to overtime and minimum wage compensation for hours worked under the pay requirements of Illinois Law;

c.    Whether Defendants employed the Illinois Named Plaintiff and the Illinois Rule 23 Class within the meaning of the Illinois Labor Law;

d.    Whether Defendants failed to keep accurate time records for all hours worked by the Illinois Named Plaintiff and the Illinois Rule 23 Class;

e.    The proper measure of damages sustained by the Illinois Rule 23 Class; and

f.    Whether Defendants should be enjoined from such violations in the future.

47.    The Illinois Named Plaintiff's claims are typical of those of the Illinois Class. The Illinois Named Plaintiff, like other Illinois Class members, was subjected to Defendants' policy and practice of refusing to pay overtime in violation of Illinois law. The Illinois Named Plaintiff's job duties were and are typical of those of other Illinois Class members.

14

48.     The Illinois Named Plaintiff will fairly and adequately protect the interests of the Illinois Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

49.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant, particularly those with relatively small claims and those concerned with adverse consequences relating to their employment or role in the industry.

50.     Class certification of the Eighth Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Illinois Rule 23 Class, thereby making appropriate declaratory and injunctive relief.  The Illinois Rule 23 Class is also entitled to injunctive relief to end Defendants' common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendants.

51.     Class certification of the Eighth Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Illinois Rule 23 Class predominate over any questions affecting only individual members of the Illinois Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendants' common and uniform policies and practices denied the Illinois Rule 23 Class the minimum wage and overtime pay to which they are entitled.  The damages suffered by the individual Illinois Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is

1    superior because it will obviate the need for unduly duplicative litigation that might result in

2    inconsistent judgments about Defendants' practices.

3        52.    The Illinois Named Plaintiff intends to send notice to all members of the

4    Illinois Rule 23 Class to the extent required by Rule 23.

5                    **WISCONSIN CLASS ALLEGATIONS**

6

7        53.    The Wisconsin Named Plaintiff brings the Ninth Claim for Relief on her

8    own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil

9    Procedure. The Wisconsin Rule 23 Class is defined as "all persons who worked for Defendant as

10   loan officers in the State of Wisconsin at any time from two years prior to the filing of this

11   Complaint to the entry of judgment in the case" (the "Wisconsin Rule 23 Class").

12       54.    The persons in the Wisconsin Rule 23 Class identified above are so

13   numerous that joinder of all members is impracticable. Although the precise number of such

14   persons is unknown, upon information and belief, Defendants have employed hundreds of

15

16   persons who satisfy the definition of the Wisconsin Class.

17       55.    There are questions of law and fact common to this Wisconsin Rule 23

18   Class that predominate over any questions solely affecting individual members of the Wisconsin

19   Rule 23 Class, including but not limited to:

20

21       a.    Whether Defendants unlawfully failed to pay overtime and/or

22   minimum wage compensation in violation of and within the meaning of Wisconsin

23   Statute §§ 103 and 104  and Wisconsin Administrative Code §§ DWD 274.03 and

24   272.03;

25       b.    Whether the Wisconsin Named Plaintiff and the Wisconsin Rule

26   23 Class are non-exempt from entitlement to overtime and minimum wage compensation

27   for hours worked under the pay requirements of Wisconsin Law;

28

                                16

c.    Whether Defendants employed the Wisconsin Named Plaintiff and the Wisconsin Rule 23 Class within the meaning of Wisconsin Law;

d.    Whether Defendants failed to keep accurate time records for all hours worked by the Wisconsin Named Plaintiff and the Wisconsin Rule 23 Class;

e.    The proper measure of damages sustained by the Wisconsin Rule 23 Class; and

f.    Whether Defendants should be enjoined from such violations in the future.

56.    The Wisconsin Named Plaintiff's claims are typical of those of the Wisconsin Class. The Wisconsin Named Plaintiff, like other Wisconsin Class members, was subjected to Defendants' policy and practice of refusing to pay overtime in violation of Wisconsin law. The Wisconsin Named Plaintiff's job duties were and are typical of those of other Wisconsin Class members.

57.    The Wisconsin Named Plaintiff will fairly and adequately protect the interests of the Wisconsin Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

58.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant, particularly those with relatively small claims and those concerned with adverse consequences relating to their employment or role in the industry.

59.    Class certification of the Ninth Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Wisconsin Rule 23 Class, thereby making appropriate declaratory and injunctive

17

1    relief.   The Wisconsin Rule 23 Class is also entitled to injunctive relief to end Defendants'

2    common and uniform practice of failing to compensate its employees for all work performed for

3    the benefit of Defendant.

4           60.    Class certification of the Ninth Claim for Relief is also appropriate under

5    Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Wisconsin Rule 23

6

7    Class predominate over any questions affecting only individual members of the Wisconsin Rule

8    23 Class, and because a class action is superior to other available methods for the fair and

9    efficient adjudication of this litigation. Defendants' common and uniform policies and practices

10   denied the Wisconsin Rule 23 Class the minimum wage and overtime pay to which they are

11   entitled.   The damages suffered by the individual Wisconsin Rule 23 Class members are small

12
     compared to the expense and burden of individual prosecution of this litigation. In addition, class
13
     certification is superior because it will obviate the need for unduly duplicative litigation that
14

15   might result in inconsistent judgments about Defendants' practices.

16          61.    The Wisconsin Named Plaintiff intends to send notice to all members of

17   the Wisconsin Rule 23 Class to the extent required by Rule 23.

18                              **COLORADO CLASS ALLEGATIONS**

19          62.    The Colorado Named Plaintiff brings the Tenth Claim for Relief on his

20
     own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil
21
     Procedure. The Colorado Rule 23 Class is defined as "all persons who worked for Defendant as
22

23   loan officers in the State of Colorado at any time from two years prior to the filing of this

24   Complaint to the entry of judgment in the case" (the "Colorado Rule 23 Class").

25          63.    The persons in the Colorado Rule 23 Class identified above are so

26   numerous that joinder of all members is impracticable.  Although the precise number of such

27

28
                                              18

persons is unknown, upon information and belief, Defendants have employed more than one hundred persons who satisfy the definition of the Colorado Class.

64. There are questions of law and fact common to this Colorado Rule 23 Class that predominate over any questions solely affecting individual members of the Colorado Rule 23 Class, including but not limited to:

a. Whether Defendants unlawfully failed to pay overtime and/ or minimum wage compensation in violation of and within the meaning of Colorado Minimum Wage Act, C.R.S. §§ 8-6-101;

b. Whether the Colorado Named Plaintiff and the Colorado Rule 23 Class are non-exempt from entitlement to overtime and minimum wage compensation for hours worked under the pay requirements of Colorado Law;

c. Whether Defendant employed the Colorado Named Plaintiff and the Colorado Rule 23 Class within the meaning of the Colorado Labor Law;

d. Whether Defendant failed to keep accurate time records for all hours worked by the Colorado Named Plaintiff and the Colorado Rule 23 Class;

e. The proper measure of damages sustained by the Colorado Rule 23 Class; and

f. Whether Defendants should be enjoined from such violations in the future.

65. The Colorado Named Plaintiff's claims are typical of those of the Colorado Class. The Colorado Named Plaintiff, like other Colorado Class members, was subjected to Defendants' policy and practice of refusing to pay overtime in violation of Colorado law. The Colorado Named Plaintiff's job duties were and are typical of those of other Colorado Class members.

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

66.     The Colorado Named Plaintiff will fairly and adequately protect the interests of the Colorado Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

67.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant, particularly those with relatively small claims and those concerned with adverse consequences relating to their employment or role in the industry.

68.     Class certification of the Tenth Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Colorado Rule 23 Class, thereby making appropriate declaratory and injunctive relief.    The Colorado Rule 23 Class is also entitled to injunctive relief to end Defendants' common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendant.

69.     Class certification of the Tenth Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Colorado Rule 23 Class predominate over any questions affecting only individual members of the Colorado Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.    Defendants' common and uniform policies and practices denied the Colorado Rule 23 Class the minimum wage and overtime pay to which they are entitled.    The damages suffered by the individual Colorado Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation.    In addition, class certification is

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1  superior because it will obviate the need for unduly duplicative litigation that might result in

2  inconsistent judgments about Defendants' practices.

3      70.    The Colorado Named Plaintiff intends to send notice to all members of the

4  Colorado Rule 23 Class to the extent required by Rule 23

5

6                          **NEW JERSEY CLASS ALLEGATIONS**

7      71.    The New Jersey Named Plaintiff brings the Eleventh Claim for Relief on

8  his own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil

9  Procedure. The New Jersey Rule 23 Class is defined as "all persons who worked for Defendant

10 as loan officers in the State of New Jersey at any time from two years prior to the filing of this

11 Complaint to the entry of judgment in the case" (the "New Jersey Rule 23 Class").

12     72.    The persons in the New Jersey Rule 23 Class identified above are so

13 numerous that joinder of all members is impracticable. Although the precise number of such

14

15 persons is unknown, upon information and belief, Defendants have employed hundreds of

16 persons who satisfy the definition of the New Jersey Class.

17     73.    There are questions of law and fact common to this New Jersey Rule 23

18 Class that predominate over any questions solely affecting individual members of the New Jersey

19 Rule 23 Class, including but not limited to:

20     a.     Whether Defendants unlawfully failed to pay minimum wage

21

22 and/or overtime compensation in violation of and within the meaning of the New Jersey

23 Wage and Hour Law, N.J.S.A. 34:11-56a et seq., and supporting New Jersey State

24 Department of Labor and Workforce Development regulations, including N.J.S.A. 34:11-

25 56a4 and N.J.A.C. 12:56-3.1.

26     b.     Whether the New Jersey Named Plaintiff and the New Jersey Rule

27 23 Class are non-exempt from entitlement to minimum wage and overtime compensation

28

                                        21

for hours worked under the pay requirements of New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., and supporting New Jersey State Department of Labor and Workforce Development regulations, including N.J.S.A. 34:11-56a4 and N.J.A.C. 12:56-3.1 et seq.

c.     Whether Defendants employed the New Jersey Named Plaintiff and the New Jersey Rule 23 Class within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., and supporting New Jersey State Department of Labor and Workforce Development regulations, including N.J.S.A. 34:11-56a1. and N.J.A.C. 12:56-2.1;

d.     Whether Defendant failed to keep accurate time records for all hours worked by the New Jersey Named Plaintiff and the New Jersey Rule 23 Class as required by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., and supporting New Jersey State Department of Labor and Workforce Development regulations, including N.J.S.A. 34:11-56a20; N.J.A.C. 12:56-4.1

e.     The proper measure of damages sustained by the New Jersey Rule 23 Class; and

f.     Whether Defendants should be enjoined from such violations in the future.

74.     The New Jersey Named Plaintiff's claims are typical of those of the New Jersey Rule 23 Class. The New Jersey Named Plaintiff, like other members of the New Jersey Rule 23 Class, was subjected to Defendant's policy and practice of refusing to pay proper minimum wage and overtime compensation in violation of New Jersey law. The New Jersey Named Plaintiff's job duties as a loan consultant were typical of those other New Jersey Rule 23 Class members.

22

75.    The New Jersey Named Plaintiff will fairly and adequately protect the interests of the New Jersey Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

76.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

77.    Class certification of the Eleventh Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the New Jersey Rule 23 Class, thereby making appropriate declaratory and injunctive relief.  The New Jersey Rule 23 Class is also entitled to injunctive relief to end Defendants' common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendants.

78.    Class certification of the Eleventh Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Jersey Rule 23 Class predominate over any questions affecting only individual members of the New Jersey Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendants' common and uniform policies and practices denied the New Jersey Rule 23 Class the minimum wage and overtime pay to which they are entitled.  The damages suffered by the individual New Jersey Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

79.     The New Jersey Named Plaintiff intends to send notice to all members of the New Jersey Rule 23 Class to the extent required by Rule 23.

## WASHINGTON CLASS ALLEGATIONS

80.     The Washington Named Plaintiff brings the Twelfth Claim for Relief on his own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure. The Washington Rule 23 Class is defined as "all persons who worked for Defendants as home loan officers in the state of Washington at any time from three years prior to the filing of this Complaint to the entry of judgment in the case" (the "Washington Rule 23 Class" and "Washington Class Period," respectively).

81.     The persons in the Washington Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed hundreds of persons who satisfy the definition of the Washington Class.

82.     There are questions of law and fact common to this Washington Rule 23 Class that predominate over any questions solely affecting individual members of the Washington Rule 23 Class, including but not limited to:

a)      Whether Defendants unlawfully failed to pay minimum wage and/or overtime compensation in violation of and within the meaning of the Washington Minimum Wage Act, R.C.W. 49.46.005 et seq.;

b)      Whether the Washington Named Plaintiff and the Washington Rule 23 Class are non-exempt employees entitled to minimum wage and overtime compensation for hours worked under the pay requirements of the Washington Minimum Wage Act, R.C.W. 49.46.005 et seq., including R.C.W 49.46.130;

24

1    c)    Whether Defendants employed the Washington Named

2   Plaintiff and the Washington Rule 23 Class within the meaning of the Washington

3   Minimum Wage Act, R.C.W. 49.46.005 *et seq.*, including R.C.W. 49.46.010;

4    d)    Whether Defendants failed to keep accurate time records

5
6   for all hours worked by the Washington Named Plaintiff and the Washington Rule 23

7   Class as required by the Washington Minimum Wage Act, R.C.W. 49.46.005 *et seq.*,

8   including R.C.W. 49.46.070;

9    e)    The proper measure of damages sustained by the

10  Washington Rule 23 Class; and

11    f)    Whether Defendants should be enjoined from such

12  violations in the future.

13

14    83.    The Washington Named Plaintiff's claims are typical of those of the

15  Washington Rule 23 Class.    The Washington Named Plaintiff, like other members of the

16  Washington Rule 23 Class, was subjected to Defendant's policy and practice of refusing to pay

17  proper minimum wage and overtime compensation in violation of Washington law.    The

18  Washington Named Plaintiff's job duties as a loan consultant were typical of those other

19  Washington Rule 23 Class members.

20

21    84.    The Washington Named Plaintiff will fairly and adequately protect the

22  interests of the Washington Rule 23 Class, and has retained counsel experienced in complex wage

23  and hour class and collective action litigation.

24    85.    A class action is superior to other available methods for the fair and

25  efficient adjudication of the controversy stated in the Twelfth Claim for Relief, particularly in the

26  context of wage and hour litigation where individual plaintiffs lack the financial resources to

27  vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

28

25

86.    Class certification of the Twelfth Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Washington Rule 23 Class, thereby making appropriate declaratory and injunctive relief.  The  Washington Rule 23 Class is also entitled to injunctive relief to end Defendant's common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendants.

87.    Class certification of the Twelfth Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Washington Rule 23 Class predominate over any questions affecting only individual members of the Washington Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Washington Rule 23 Class the minimum wage and overtime pay to which they are entitled.  The damages suffered by the individual Washington Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

88.    The Washington Named Plaintiff intends to send notice to all members of the Washington Rule 23 Class to the extent required by Rule 23.

### FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)

89.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

90.     Plaintiffs consent in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs written consent forms are attached hereto. Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

91.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiffs, and the Collective Class. At all relevant times, upon information and belief, each Defendant corporation has had gross operating revenues in excess of $500,000.00.

92.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than $5.15 per hour worked and one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

93.     During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per workweek without overtime compensation, and on some occasions, without the minimum wage. Despite the hours worked by Plaintiffs and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them overtime and minimum wage compensation.

94.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the Collective Class, Defendants has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

95.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

27

96.    Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the amount of their respective unpaid overtime and minimum wage compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

97.    Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**(Failure to Pay Overtime Compensation and Minimum Wage in Violation of California Law)**

98.    The California Named Plaintiff and the Rule 23 California Class allege and incorporate by reference the allegations in the preceding paragraphs.

99.    At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 required an employer, such as Defendants, to pay overtime premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. At all relevant times herein, California Labor Code § 1182.11 required an employer, such as Defendants, to pay a minimum wage of not less than $5.75 per hour.  The minimum wage, as established by the Industrial Welfare Commission ("IWC"), was $6.75 per hour from January 1, 2002 through December 31, 2006, $7.50 per hour from January 1, 2007 through December 31, 2008, and will raise to $8.00 per hour on January 1, 2008.   Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the IWC, or under conditions prohibited by the applicable wage orders of the IWC.

100.    Plaintiffs are informed and believe, and thereon allege, that members of the Class worked in excess of eight hours per day and in excess of 40 hours per week, and Defendants knowingly and unlawfully failed to pay members of the Class the overtime required in violation of IWC Wage Order 4 (8 C.C.R. § 11040, as amended during the Class Period), and

28

the California Labor Code §§ 510 and 1198. Pursuant to California Labor Code § 1194, Plaintiffs and the other Class Members are entitled to recover their unpaid overtime compensation.

101.   Plaintiffs are informed and believe, and thereon allege, that members of the Class worked for periods during the Class Period in which Defendants knowingly and unlawfully paid them less than the applicable minimum wage established by the IWC and therefore are entitled to recover their minimum wages pursuant to California Labor Code § 1182.11.

102.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, the California Named Plaintiff and the Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, plus interest, attorneys' fees and costs. Further, Defendants' failure to pay employees for all hours worked constitutes oppressive, fraudulent, and/or malicious conduct, supporting an award of punitive damages.

## THIRD CLAIM FOR RELIEF
### (Failure to Provide Accurate Itemized Wage Statements in Violation of California Law)

103.   The California Named Plaintiff and the Rule 23 California Class allege and incorporate by reference the allegations in the preceding paragraphs.

104.   California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys fees and costs.

105.   Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to the California Named Plaintiff and the Class in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiffs and the Class members, by, among other things, impeding them from knowing the total hours

29

worked and the amount of wages to which they are and were entitled.  The California Named Plaintiff and the Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e).  Pursuant to Labor Code section 226(g), The California Named Plaintiff and the Class are also entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a).

## FOURTH CLAIM FOR RELIEF
**(Failure to Provide Rest Breaks and Meal Periods in Violation of California Law)**

106.   The California Named Plaintiff and the Rule 23 California Class allege and incorporate by reference the allegations in the proceeding paragraphs.

107.   California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

108.   Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.  If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

30

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

109.    Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

110.    California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

111.    Defendants knowingly failed to provide Plaintiffs and Class Members with meal periods as required by law, and knowingly failed to authorize and permit Plaintiffs and Class Members to take rest periods as required by law.  The California Named Plaintiff and the Class Members are therefore entitled to payment of the meal and rest period premiums as provided by law.  Further, Defendants' failure to pay employees for all hours worked constitutes oppressive, fraudulent, and/or malicious conduct, supporting an award of punitive damages.

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

## FIFTH CLAIM FOR RELIEF
### (Failure to Timely Pay Wages in Violation of California Law)

112.   The California Named Plaintiff and the California Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

113.   California Labor Code §§ 201 and 202 require Defendants to pay its employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

114.   The California Named Plaintiff and the California Rule 23 Class who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation.

115.   More than thirty days have passed since certain California Rule 23 Class Members left Defendants' employ.

116.   As a consequence of Defendants' willful conduct in not paying proper compensation for all hours worked, the California Named Plaintiff and the California Rule 23 Class whose employment ended during the California Class Period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon, and attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF
### (Unfair Practice under the California Unfair Competition Act)

117.   The California Named Plaintiff and the Rule 23 California Class allege and incorporate by reference the allegations in the preceding paragraphs.

118.   Section 17200 of the California Business and Professions Code — California's Unfair Competition Law — prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.  The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of Section 17200, *et seq.*

32

119.    Pursuant to Business and Professions Code § 17200 *et seq.*, the California Named Plaintiff and the Class Members are entitled to restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Defendants have improperly withheld and retained during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendants to pay minimum wage and overtime to all workers as defined herein, in California, an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs

## SEVENTH CLAIM FOR RELIEF
### (Failure to Pay Overtime and Minimum Wage Compensation in Violation of New York Law)

120.    The New York Named Plaintiff and the New York Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

121.    At all times relevant to this action, The New York Named Plaintiff and the New York Rule 23 Class were employed by Defendant within the meaning of New York Labor Law, Article 19.

122.    By the course of conduct set forth above, Defendants have violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

123.    New York Labor Law requires an employer, such as Defendants to pay the minimum wage, and overtime compensation to all non-exempt employees. The New York Labor Law also requires an employer to pay employees for all hours worked at the agreed upon rate of pay.

124.    Defendants have had a policy and practice of failing and refusing to pay minimum wages and proper overtime pay to the New York Named Plaintiff and to the New York Rule 23 Class for their hours worked.

33

125. As a result of Defendants' failure to pay wages earned and due, and its decision to withhold wages earned and due to the New York Named Plaintiff and the New York Rule 23 Class, Defendants have violated and continues to violate the New York Labor Law.

126. The New York Named Plaintiff, on behalf of themselves and the New York Rule 23 Class, seek the amount of their underpayments based on Defendants' failure to pay wages of at least the minimum wage for all hours worked, and one and one half times the regular rate of pay for work performed in excess of forty per week, as provided by the New York Labor Law, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper. The New York Named Plaintiff does not seek liquidated damages on behalf of the New York Rule 23 Class.

127. The New York Named Plaintiff, on behalf of herself and the New York Rule 23 Class, seeks recovery of attorneys' fees and costs to be paid by Defendants as provided by the New York Labor Law.

## EIGHTH CLAIM FOR RELIEF
### (Failure to Pay Overtime and Minimum Wage Compensation in Violation of Illinois Law)

128. The Illinois Named Plaintiff and the Illinois Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

129. The foregoing conduct, as alleged, violates Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 115/1, *et seq.* and the regulations promulgated there under, Illinois Administrative Code § 210.100, *et seq.* (collectively, "Illinois Wage Laws").

130. At all relevant times, Defendants have been, and continues to be, an "employer" within the meaning of the Illinois Wage Laws. At all relevant times, Defendants have employed, and/or continues to employ, "employee[s]," including the Illinois Named Plaintiff, and each of the members of the prospective Illinois Class, within the meaning of the Illinois Wage Laws.

34

131.    The Illinois Minimum Wage Act requires employers, such as Defendant, to pay minimum wage and overtime compensation to all non-exempt employees. The Illinois Named Plaintiff and the Illinois Class members are non-exempt employees entitled to be paid at least at the minimum wage for all hours worked and overtime compensation for all hours worked in excess of 40 hours in a workweek.

132.    At all relevant times, Defendant had a policy and practice of failing and refusing to pay the Illinois Named Plaintiff and the Illinois Class members at least the minimum wage for all hours worked and overtime pay for all hours worked in excess of forty hours per week.

133.    As a result of Defendants' willful failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Illinois Named Plaintiff and the Illinois Class Members Defendant has violated, and continues to violate, the Illinois Wage Laws.

134.    As a result of Defendant's failure to record, report, credit, and furnish to each of the Illinois Named Plaintiff and the Illinois Class Members their respective wage and hour records showing all wages earned and due for all work performed, Defendant has failed to make, keep, preserve, and furnish such records in violation of Illinois Administrative Code § 210.770.

135.    The Illinois Named Plaintiff, on behalf of himself and members of the prospective Illinois Class, seek recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by 820 Ill. Comp. State § 105/12a..

136.    The Illinois Named Plaintiff, on behalf of himself and members of the prospective Illinois Class, seek the amount of their underpayments based on Defendant's failure to pay lawfully due wages, as provided by 820 Ill. Comp. State § 105/4a; punitive damages as provided for by 820 Ill. Comp. Stat. § 105/12a; and such other legal and equitable relief as the Court deems just and proper.

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

## NINTH CLAIM FOR RELIEF
### (Failure to Pay Overtime and Minimum Wage Compensation in Violation of Wisconsin Law)

137.   The Wisconsin Named Plaintiff and the Wisconsin Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

138.   The foregoing conduct, as alleged, violates Wisconsin Statute §§ 103 and 104 and Wisconsin Administrative Code §§ DWD 274.03, 272.03 and 272.11.

139.   At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of Wisconsin Statute §§ 103 and 104 and Wisconsin Administrative Code §§ DWD 274.03 and 272.03.   At all relevant times, Defendants have employed, and/or continues to employ, "employee[s]," including the Wisconsin Named Plaintiff, and each of the members of the prospective Wisconsin Class, within the meaning of Wisconsin Statute §§ 103 and 104 and Wisconsin Administrative Code §§ DWD 274.03 and 272.03.

140.   Wisconsin Statute § 103 and Wisconsin Administrative Code § DWD 274.03 requires an employer, such as Defendants, to pay overtime compensation to all non-exempt employees. The Wisconsin Named Plaintiff and members of the Wisconsin Class are not exempt from overtime pay requirements under Wisconsin law.

141.   At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime pay the Wisconsin Named Plaintiff and the Wisconsin Class members for their hours worked in excess of forty hours per workweek.

142.   As a result of Defendants' willful failure to pay wages earned and due to the Wisconsin Named Plaintiff and the Wisconsin Class members for work performed at the regular hourly wage rate or at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated, and continue to violate, Wisconsin Statute § 103 and Wisconsin Administrative Code § DWD 274.03.

143.   Wisconsin Statute § 104 requires an employer, such as Defendants, to pay all employees a "living wage" for all hours worked, as established by Wisconsin Administrative Code § DWD 272.03.

36

1       144.   As a result of Defendants' willful failure to pay employees the established

2   living wage for all hours worked, Defendants have violated, and continue to violate, Wisconsin

3   Statute § 104 and Wisconsin Administrative Code § DWD 272.03.

4       145.   As a result of Defendants' failure to record, report, credit, and furnish to

5   the Wisconsin Named Plaintiff and the Wisconsin Class members their respective wage and hour

6   records showing all wages earned and due for all work performed, Defendants have failed to

7   make, keep, preserve, and furnish such records in violation of Wisconsin Statute § 104.09 and

8   Wisconsin Administrative Code § DWD 272.11.

9       146.   The Wisconsin Named Plaintiff, on behalf of herself and members of the

10  prospective Wisconsin Class, seek recovery of attorneys' fees, costs, and expenses of this action

11  to be paid by Defendants, as provided by Wisconsin Statute § 109.03(6).

12      147.   The Wisconsin Named Plaintiff, on behalf of herself and members of the

13  prospective Wisconsin Class, seeks damages in the amount of the unpaid wages earned and due

14  as provided by Wisconsin Statute §§ 103 and 104 and Wisconsin Administrative Code §§ DWD

15  274.03, respectively, for unpaid wages earned and due at a rate not less than the living wage

16  established by Wisconsin Statute § 104 and Wisconsin Administrative Code § DWD 272.03 and

17  § 274.03, as well as such other legal and equitable relief from Defendants' unlawful and willful

18  conduct as the Court deems just and proper.

19

20  **TENTH CLAIM FOR RELIEF**

21  **(Failure to Pay Overtime and Minimum Wage Compensation in Violation of Colorado Law)**

22      148.   The Colorado Named Plaintiff and the Colorado Rule 23 Class allege and

23  incorporate by reference the allegations in the preceding paragraphs.

24

25      149.   The foregoing conduct, as alleged, violates Colorado Minimum Wage Act,

26  C.R.S. §§ 8-6-101 *et seq.* and Colorado Wage Order No. 22, 7 C.C.R. 110301, C.C.H. 6041,801

27  *et seq.* (collectively, "Colorado Wage Laws").

28

150.    At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the Colorado Wage Laws. At all relevant times, Defendants have employed, and/or continues to employ, "employee[s]," including the Colorado Named Plaintiff, and each of the members of the prospective Colorado Class, within the meaning of the Colorado Wage Laws.

151.    Colorado Wage Laws require employers, such as Defendants, to pay minimum wage and overtime compensation to all non-exempt employees. The Colorado Named Plaintiff and the Colorado Class members are non-exempt employees entitled to be paid at least at the minimum wage for all hours worked and overtime compensation for all hours worked in excess of 40 hours in a workweek.

152.    At all relevant times, Defendants have had a policy and practice of failing and refusing to pay the Colorado Named Plaintiff and the Colorado Class members at least the minimum wage for all hours worked and overtime pay for all hours worked in excess of forty hours per week.

153.    As a result of Defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Colorado Named Plaintiff and the Colorado Class Members Defendant has violated, and continues to violate, the Colorado Wage Laws.

154.    As a result of Defendants' failure to keep a true and accurate record of the hours worked by the Colorado Named Plaintiff and the Colorado Class Members, Defendants have violated, and continues to violate, the Colorado Wage Laws.

155.    The Colorado Named Plaintiff, on behalf of himself and members of the prospective Colorado Class, seek damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek or twelve (12)

hours in a day, plus costs of action, as provided by the Wage Order, C.C.H. 6-41, 804 and 818

and C.R.S. § 8-6-118, along with any other such other legal and equitable relief as the Court

deems just and proper.

### ELEVENTH CLAIM FOR RELIEF
### (Failure to Pay Overtime and Minimum Wage Compensation in Violation of New Jersey Law)

156.     The New Jersey Named Plaintiff and the New Jersey Rule 23 Class allege

and incorporate by reference the allegations in the preceding paragraphs.

157.     The foregoing conduct, as alleged, violates New Jersey Wage and Hour

Law, N.J.S.A. 34:11-56a et seq., and supporting New Jersey State Department of Labor and

Workforce Development regulations (collectively, "New Jersey Wage Laws").

158.     At all relevant times, Defendants have been, and continue to be, an

"employer" within the meaning of the New Jersey Wage Laws. At all relevant times, Defendants

have employed, and/or continues to employ, "employee[s]," including the New Jersey Named

Plaintiff, and each of the members of the prospective New Jersey Class, within the meaning of the

New Jersey Wage Laws.

159.     New Jersey Wage Laws require employers, such as Defendants, to pay

minimum wage and overtime compensation to all non-exempt employees.   The New Jersey

Named Plaintiff and the New Jersey Class members are non-exempt employees entitled to be paid

at least at the minimum wage for all hours worked and overtime compensation for all hours

worked in excess of 40 hours in a workweek.

160.     At all relevant times, Defendants have had a policy and practice of failing

and refusing to pay the New Jersey Named Plaintiff and the New Jersey Class members at least

the minimum wage for all hours worked and overtime pay for all hours worked in excess of forty

hours per week.

39

161.    As a result of Defendants' failure to pay wages earned and due, and their decision to withhold wages earned and due, to the New Jersey Named Plaintiff and the New Jersey Class Members Defendants have violated, and continue to violate, the New Jersey Wage Laws.

162.    As a result of Defendants' failure to keep a true and accurate record of the hours worked by the New Jersey Named Plaintiff and the New Jersey Class Members, Defendants have violated, and continues to violate, the New Jersey Wage Laws.

163.    The New Jersey Named Plaintiff, on behalf of himself and members of the prospective New Jersey Class, seek recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants, as provided by  N.J.S.A. 34:11-56a25

164.    The New Jersey Named Plaintiff, on behalf of himself and members of the prospective New Jersey Class, seek the amount of their underpayments based on Defendants' failure to pay lawfully due wages, as provided by  N.J.S.A. 34:11-56a4 and N.J.A.C. 12:56-3.1; punitive damages; and such other legal and equitable relief as the Court deems just and proper.

## TWELFTH CLAIM FOR RELIEF
### (Failure to Pay Overtime and Minimum Wage Compensation in Violation of Washington Law)

165.    The Washington Named Plaintiff and the Washington Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

166.    The foregoing conduct, as alleged, violates the Washington Minimum Wage Act, R.C.W. 49.46.005 *et seq.* (collectively, "Washington Wage Laws").

167.    At all relevant times, Defendants have been, and continues to be, an "employer" within the meaning of the Washington Wage Laws. At all relevant times, Defendants have employed, and/or continues to employ, "employee[s]," including the Washington Named

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

Plaintiff, and each of the members of the prospective Washington Class, within the meaning of the Washington Wage Laws.

168.    Washington Wage Laws require employers, such as Defendants, to pay minimum wage and overtime compensation to all non-exempt employees. The Washington Named Plaintiff and the Washington Class members are non-exempt employees entitled to be paid at least at the minimum wage for all hours worked and overtime compensation for all hours worked in excess of 40 hours in a workweek.

169.    At all relevant times, Defendants have had a policy and practice of failing and refusing to pay the Washington Named Plaintiff and the Washington Class members at least the minimum wage for all hours worked and overtime pay for all hours worked in excess of forty hours per week.

170.    As a result of Defendants' failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Washington Named Plaintiff and the Washington Class Members Defendants have violated, and continues to violate, the Washington Wage Laws.

171.    As a result of Defendants' failure to keep a true and accurate record of the hours worked by the Washington Named Plaintiff and the Washington Class Members, Defendants have violated, and continues to violate, the Washington Wage Laws.

172.    The Washington Named Plaintiff, on behalf of himself and members of the prospective Washington Class, seek damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, plus attorney's fees and costs of action to be paid by Defendants, as provided by R.C.W. 49.46.090, along with other such legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, the Named Plaintiffs, on behalf of themselves and all members of the Nationwide FLSA Collective pray for the following relief:

A.    Designation of this action as a collective action on behalf of the Nationwide FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Nationwide FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.    Judgment against Defendant for an amount equal to the Named Plaintiffs and the Nationwide FLSA Collective's unpaid back wages at the applicable overtime rate;

C.    An equal amount to the overtime damages as liquidated damages;

D.    All costs and attorneys' fees incurred prosecuting this claim;

E.    An award of prejudgment interest (to the extent liquidated damages are not awarded);

F.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

G.    Such further relief as the Court deems just and equitable.

WHEREFORE, each Named Plaintiff on behalf of him- or herself and all members of the Class he or she represents, prays for relief as follows:

H.    Certification of this action as a class action on behalf of each proposed Class;

I.    Designation of each Named Plaintiff as a Representative of the Class he or she seeks to represent;

J.    A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

K.    Appropriate equitable and injunctive relief to remedy Defendant's violations of state law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

L.    Appropriate statutory penalties;

42

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1    M. An award of damages, liquidated damages,[1] punitive damages as applicable and restitution to be paid by Defendant according to proof;

2

3    N. Pre-Judgment and Post-Judgment interest, as provided by law;

4

    O. Such other injunctive and equitable relief as the Court may deem just and proper; and

5

6    P. Attorneys' fees and costs of suit, including expert fees and fees.

7

8           **JURY DEMAND**

9

   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs,

10

individually and on behalf of all others similarly situated, demand a trial by jury.

11

12 Dated: July 31, 2007   s/ Bryan J. Schwartz
             **NICHOLS KASTER & ANDERSON, LLP**

13

14         Bryan J. Schwartz, CA State Bar No. 209903
         Matthew C. Helland, MN State Bar No. 346214,
         CA Bar No. forthcoming

15         One Embarcadero Center, Suite 720
         San Francisco, CA 94111

16         Telephone: 415-277-7235
         Facsimile: 415-277-7238

17         NICHOLS KASTER & ANDERSON, PLLP
         Paul J. Lukas, MN State Bar No. 22084X

18         (*pro hac vice* application pending)
         Donald H. Nichols, MN State Bar No. 78918

19         (admitted *pro hac vice*)
         80 South 8th Street, Suite 4600

20         Minneapolis, MN 55402
         Telephone: 612-256-3200

21

         OUTTEN & GOLDEN, LLP

22         Adam T. Klein, NY Bar No. AK 3293
         (*pro hac vice* application pending)

23         Jack A. Raisner, NY Bar No. JR 6171
         (admitted *pro hac vice*)

24         3 Park Avenue, 29th Floor
         New York, New York 10016

25         Telephone: 212-245-1000

26         Attorneys for Individual and Representative Plaintiffs

27

28 [1] However, the New York Named Plaintiff does not seek liquidated damages under the New York Labor Law or the New York MWA.

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1
2

**CERTIFICATE OF SERVICE**
Abram et al v. American Home Mortgage Investment Corp et al
**Case No. 07-3252 MJJ**

3

I hereby certify that on July 31, 2007, I caused the following document(s):

4

**Amended Complaint For Damages, Restitution And Injunctive Relief**

5

to be served via ECF to the following:

6
7
8
9

Scott O. Obourne
Jackson & Lewis
121 SW Salmon Street, 11th Floor
Portland, OR 97204
obornes@jacksonlewis.com

10

Dated: July 31, 2007          **NICHOLS KASTER & ANDERSON, PLLP**

11

s/ Bryan J. Schwartz

12
13
14
15

Bryan J. Schwartz State Bar No. 209903
**NICHOLS KASTER & ANDERSON, LLP**
One Embarcadero Center
Suite 720
San Francisco, CA 94111

16

ATTORNEYS FOR PLAINTIFFS AND
THE PUTATIVE CLASS

17
18
19
20
21
22
23
24
25
26
27
28

AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF