**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **AMERICAN HOME MORTGAGE** | ) | **Case No. 07-11047 (CSS)** |
| **HOLDINGS, INC., a Delaware** | ) | |
| **Corporation, et al.,** | ) | **(Jointly Administered)** |
| Debtors.[1] | ) | Related to Docket No.: 2166 |

**OBJECTION OF ZC REAL ESTATE TAX SOLUTIONS
LIMITED TO INTERIM PERIOD CURE SCHEDULE**

ZC Real Estate Tax Solutions Limited ("ZCRETS"), by and through its undersigned

attorneys, Hunton & Williams LLP, hereby files this objection (the "Objection") to the *Interim*

*Period Cure Schedule* [Docket No. 2166] (the "Interim Period Cure Schedule") filed by the

Debtors pursuant to paragraph 34 of the *Order Pursuant to Sections 105, 363, 364, 365, and*

*503(b) of the Bankruptcy Code, and Rules 2002, 4001, 6004, 6006, 7062, 9007 and 9014 of the*

*Federal Rules of Bankruptcy Procedure (A) Approving (i) the Sale of the Debtors' Mortgage*

*Servicing Business Free and Clear of Liens, Claims and Interests, (ii) the Assumption and*

*Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (B)*

*Granting Certain Related Relief* [Docket No. 1711] (the "Sale Order").  In support of the

Objection, ZCRETS respectfully represents as follows:

## I.    Background

1.    On August 6, 2007 (the "Petition Date"), the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors") filed their voluntary petitions for relief under

chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the

"Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the

---

[1]    The other Debtors in these cases are:  American Home Mortgage Investment Corp., American Home
Mortgage Acceptance, Inc., American Home Mortgage Servicing, Inc., American Home Mortgage Corp.,
American Home Mortgage Ventures LLC, Homegate Settlement Services, Inc., and Great Oak Abstract
Corp.

"Court").  The Debtors have continued in possession of their respective properties and have continued to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.        Prior to the Petition Date, on June 6, 2005, ZCRETS and Homegate Settlement Services, Inc. ("Homegate"), one of the Debtors herein, entered into an agreement pursuant to which Homegate engaged ZCRETS "to perform certain services for the management and administration of Homegate's real estate tax management and payment obligations (the "Tax Services") for present and future real estate loans owned, serviced, or sub-serviced by Homegate and any of its Affiliates," which agreement was amended on May 1, 2006 (the "Tax Servicing Agreement").

3.        ZCRETS continues to provide services to the Debtors under the Tax Servicing Agreement.  ZCRETS invoices the Debtors for Tax Services provided by ZCRETS during the previous month.

4.        On August 6, 2007, the Debtors filed the *Emergency Motion of the Debtors For Orders:  (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 11] (the "August Sale Motion").

5.        On September 21, 2007, the Debtors filed the *Motion of the Debtors for Order Pursuant to Sections 105(a), 363, 364, 365, and 503(b) of the Bankruptcy Code and Rules 2002,*

*4001, 6004, 6006, 7062, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing That Certain Notices of Such Sale and Deadlines be Given; and (D) Approving, on an Interim Basis, the Debtors' Authority to Grant Liens in the Purchaser's Collateral After Initial Closing* [Docket No. 865] (together with the August Sale Motion, the "Sale Motion").

6.    By the Sale Motion, the Debtors sought, *inter alia*, to sell their mortgage servicing business and to assume and assign certain executory contracts and leases in connection with the mortgage servicing business to AH Mortgage Acquisition Co.

7.    The Debtors have identified the Tax Servicing Agreement as an executory contract to be assumed and assigned as part of the sale of their mortgage servicing business. *See Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any* [Docket No. 403]; *Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any* [Docket No. 674]; *Supplemental Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any* [Docket No. 962].

8.    On September 20, 2007, ZCRETS filed the *Limited Objection and Reservation of Rights of ZC Real Estate Tax Solutions Limited to the Modified Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements and Executory Contracts; and (II) Proposed Cure Obligations, If Any* [Docket No. 830] (the "First Limited Objection").

9.    On October 3, 2007, ZCRETS filed the *Limited Objection and Reservation of Rights of ZC Real Estate Tax Solutions Limited to the Supplemental Notice of (I) Possible*

*Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any* [Docket No. 1115] (together with the First Limited Objection, the "Sale Objections").

10.     On October 30, 2007, the Court entered the Sale Order.  The Sale Objections were resolved, *inter alia*, by paragraph 34 of the Sale Order, which provides ZCRETS with the right to file an objection to the proposed cure amount set forth in the Interim Period Cure Schedule for acts or omissions that occurred between the date of entry of the Sale Order on the Court's docket and the Initial Closing (as defined in the Sale Order) (the "Interim Period").  Pursuant to the Debtors' Interim Period Cure Schedule, the Initial Closing occurred on November 16, 2007. Thus, the Interim Period runs between October 30, 2007 and November 16, 2007.  The Interim Period Cure Schedule states that ZCRETS has a cure claim in the amount of $0.00 for monetary defaults under the Tax Servicing Agreement that occurred during the Interim Period.

## II.     Objection

11.     As of the date hereof, the cure amount due to ZCRETS for Tax Services rendered to the Debtors during the Interim Period under the Tax Services Agreement is $150,949.20 (the "Interim Period Cure Amount").

12.     Accordingly, the correct amount to be included in the Cure Escrow (as defined in the Sale Order) for ZCRETS' claim for Tax Services performed during the Interim Period is $150,949.20.

## III.     Conclusion

WHEREFORE, ZCRETS respectfully request that the Court enter an order (i) requiring the Debtors to cure all defaults under the Tax Servicing Agreement, including paying the Interim

Period Cure Amount and any other amounts due, and (ii) granting such other and further relief as the Court may deem just and proper.

Dated:  December 17, 2007       Respectfully submitted,

                                       HUNTON & WILLIAMS LLP

                                       /s/ Michael G. Wilson
                                       Michael G. Wilson (DE. No. 4022)
                                       Riverfront Plaza, East Tower
                                       951 East Byrd Street
                                       Richmond, Virginia 23219-4074
                                       (804) 788-8200

                                               -and-

                                       Richard P. Norton (admitted *pro hac vice*)
                                       Scott H. Bernstein, Esq.
                                       200 Park Avenue, 53rd Floor
                                       New York, New York 10166-0136
                                       (212) 309-1000

                                       *Attorneys for ZC Real Estate Tax Solutions*
                                         *Limited*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 17, 2007, he caused a true and complete copy of the *Objection of ZC Real Estate Tax Solutions Limited to Interim Period Cure Schedule* to be served by first class mail, postage prepaid, on the attached service list.

/s/ Michael G. Wilson
Michael G. Wilson (DE. No. 4022)

**<u>SERVICE LIST</u>**

James L. Patton, Jr., Esq.
Pauline K. Morgan, Esq.
Matthew B. Lunn, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Bldg., 17th Floor
1000 West Street
Wilmington, Delaware 19899

Joseph M. McMahon, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207 - Lockbox #35
Wilmington, Delaware 19801

Bonnie Glantz Fatell, Esq.
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, Delaware 19801

Laurie S. Silverstein, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, Delaware 19899

Victoria Counihan, Esq.
Greenberg Traurig
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801

Alan Horn, Esq.
General Counsel
American Home Mortgage Holdings, Inc.
538 Broadhollow Road
Melville, New York 11747

Mark Indelicato, Esq.
Hahn & Hessen LLP
488 Madison Avenue, 14th and 15th Floor
New York, New York 10022

Margot B. Schortholtz, Esq.
Scott D. Talmadge, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022-3596

Erica Ryland, Esq.
Connie Ball, Esq.
Scott J. Friedman, Esq.
Jones Day
222 East 41st Street
New York, New York 10017

Jeffrey M. Levine
Milestone Advisors, LLC
1775 Eye Street, NW, Suite 800
Washington, DC 20006

99999.000309 NEW_YORK 265117v1