## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------- x
                                                   :   Chapter 11
In re:                                             :
                                                   :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                             :
HOLDINGS, INC., a Delaware corporation,            :   Jointly Administered
et al.,¹                                           :
                                                   :   Hearing Date: January 4, 2008 at 11:00 a.m.
        Debtors.                                   :   Objection Deadline: December 28, 2007 at 4:00 p.m.
-------------------------------------------------- x
```

### NOTICE OF MOTION

TO:    The Office of the United States Trustee for the District of Delaware; counsel to the Committee; counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; counsel to agent for the Debtors' postpetition lenders; and all parties entitled to notice under Local Rule 2002-1(b).

       **PLEASE TAKE NOTICE** that American Home Mortgage Investment Corp., American Home Mortgage Corp., and American Home Servicing, Inc., as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") have filed the **Debtors' Motion for an Order Authorizing Amendment to Limited Recourse Debtor-in-Possession Financing Facility** (the "Motion").

       **PLEASE TAKE FURTHER NOTICE** that that objections to the attached Motion must be filed with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **December 28, 2007 at 4:00 p.m.** At the same time, you must also serve a copy of the objection upon the undersigned counsel to the Debtors.

       **PLEASE TAKE FURTHER NOTICE** THAT A HEARING ON THIS MATTER WILL BE HELD ON **JANUARY 4, 2008 AT 11:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 N. MARKET STREET, 5TH FLOOR, COURTROOM #6, WILMINGTON, DELAWARE 19801.

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE
COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT
FURTHER NOTICE OF HEARING

Dated:  Wilmington, Delaware
       December 19, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

DB02:6449141.1

066585.1001

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------  x
In re:                                          :   Chapter 11
                                                :
AMERICAN HOME MORTGAGE                          :   Case No.  07-11047 (CSS)
HOLDINGS, INC., et al.,¹                        :
                                                :   Jointly Administered
                     Debtors.                   :
                                                :   Hearing Date:  January 4, 2008 at 11:00 a.m.
                                                :   Objection Deadline:  December 28, 2007 at 4:00 p.m.
----------------------------------------------  x
```

## DEBTORS' MOTION FOR AN ORDER AUTHORIZING AMENDMENT
## TO LIMITED RECOURSE DEBTOR-IN-POSSESSION FINANCING FACILITY

American Home Mortgage Investment Corp., American Home Mortgage Corp. and American Home Mortgage Servicing, Inc., each a debtor and debtor in possession (collectively, the "Debtor Borrowers"), hereby move this Court (the "Motion") for entry of an order pursuant to sections 105, 363 and 364 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), authorizing and approving the increase of the financing commitment under the previously-approved Limited Recourse DIP Facility (as defined below) by $50 million pursuant to and on the terms and conditions of that certain *Amendment Agreement No. 1* (the "First Limited Recourse DIP Facility Amendment") by and among the Debtor Borrowers, the lenders to the Limited Recourse DIP Facility (collectively, the "Lenders") and AH Mortgage Acquisition Co., Inc., as administrative agent for the Lenders (the "Administrative

---

¹ The Debtors (as defined below) in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303) ("AHM Holding"); American Home Mortgage Investment Corp. ("AHM Investment" or "Administrative Borrower"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580) (collectively, "AHM" or the "Debtors").  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Agent"), a copy of which in substantially final form is annexed hereto as Exhibit A.  In support

of this Motion, the Debtor Borrowers respectfully represent as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these cases

and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory

predicates for the relief requested herein are sections 105, 363 and 364 of the Bankruptcy Code

and Bankruptcy Rules 2002 and 4001.

## GENERAL BACKGROUND[2]

2.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with

this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Each Debtor

is continuing to operate its business and manage its properties as a debtor in possession pursuant

to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to an order of this Court.

4.      On August 14, 2007, the United States Trustee appointed an Official

Committee of Unsecured Creditors (the "Committee").  No trustee or examiner has been

appointed.

5.      By Order dated October 30, 2007 [Docket No. 1711] (the "Sale Order"),

the Court approved the sale (the "Sale") of the Debtors' mortgage loan servicing business (the

"Servicing Business") to AH Mortgage Acquisition Co., Inc. (the "Purchaser") pursuant to the

---

[2]  The facts set forth herein are derived from the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief [Docket No. 2], which is incorporated by reference as if fully set forth herein at length.

DB02:6438514.2

066585.1001

terms of that certain Asset Purchase Agreement dated September 25, 2007 (as amended and together with all exhibits and schedules thereto, the "APA"). The Sale will be closed in two steps; an initial (or economic) closing (the "Initial Closing"), which occurred on November 16, 2007, and a final closing anticipated to occur as early as within the next few months, but in no event later than September 30, 2008 (the "Final Closing").

## THE LIMITED RECOURSE DIP FACILITY

6.    On November 12, 2007, the Debtor Borrowers filed a motion requesting approval and authorization to obtain limited recourse postpetition financing in the principal amount of $50 million pursuant to that certain *Debtor-in-Possession Loan and Security Agreement (Limited Recourse)* dated as of November 16, 2007 by and among the Debtor Borrowers, the Lenders and the Administrative Agent (together with any and all exhibits and schedules annexed thereto, and as may be modified or amended from time-to-time, the "Limited Recourse DIP Facility").[3] By order dated November 14, 2007, the Court approved the Limited Recourse DIP Facility on an interim basis [Docket No. 1999]. By Order dated November 28, 2007, the Court approved the Limited Recourse DIP Facility on a final basis (together with the exhibits thereto, the "Final Limited Recourse DIP Order") [Docket No. 2205].

7.    As set forth more fully in the Limited Recourse DIP Facility Motion, the Limited Recourse DIP Facility is necessary because of how the closing of the Sale is structured under the APA. The Initial Closing occurred on November 16, 2007. However, the Final

---

[3] The terms and conditions of the Limited Recourse DIP Facility are described in greater detail in the *Motion for Interim and Final Orders (I) Authorizing Certain Debtors to Obtain Limited Recourse Postpetition Financing and Grant of Certain Liens and Security Interest Pursuant to 11 U.S.C. §§ 105, 362, 363 and 364(c); (II) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001(c); and (III) Granting Related Relief* filed by the Debtor Borrowers on November 12, 2007 [Docket No. 1967] (the "Limited Recourse DIP Facility Motion") as well as the Limited Recourse DIP Facility, a copy of which was annexed to the Final Limited Recourse DIP Order (as defined below), each of which are incorporated herein by reference. Unless otherwise defined, capitalized terms used in this section shall have the meanings ascribed to them in the Limited Recourse DIP Facility.

Closing (at which legal title to the Purchased Assets (as defined in the APA) will pass to the Purchaser) is not expected to occur for at least a few months. Prior to the Initial Closing, the Debtors operated the Servicing Business through the use of cash derived from operating the Servicing Business, which cash served as collateral (the "Cash Collateral") held by Bank of America, N.A., as administrative agent, swing line lender and a lender and other lenders, pursuant to that certain Second Amended and Restated Credit Agreement dated August 10, 2006. On the Initial Closing, the Debtors' ability to use Cash Collateral to operate the Servicing Business terminated. Therefore, to operate the Servicing Business from the Initial Closing to the Final Closing, as contemplated and provided for under the APA, the Purchaser arranged for the Limited Recourse DIP Facility to satisfy the working capital needs associated with the Servicing Business.

8.     The liability of the Debtor Borrowers under the Limited Recourse DIP Facility is limited solely to the Purchased Assets (as defined in the APA). Specifically, if an Event of Default occurs, the sole and exclusive remedy of the Secured Parties is limited to the collection by the Secured Parties of the cash proceeds received by the Debtor Borrowers from the Collateral. The amount of the availability under the Limited Recourse DIP Facility is currently $50 million. However, since operating the Servicing Business from the Initial Closing without the use of the Cash Collateral, it has been determined that additional availability is necessary to satisfy the obligations associated with the Servicing Business.

DB02:6438514.2

066585.1001

## THE DIP FACILITY AMENDMENTS[4]

9.      Pursuant to the terms and conditions of the First Limited Recourse DIP Facility Amendment, the Debtor Borrowers, the Lenders and the Administrative Agent have agreed to increase the financing commitment from $50,000,000 to $100,000,000. Except as set forth in the First Limited Recourse DIP Amendment, all other terms and conditions of the Limited Recourse DIP Facility, including, but not limited to, the limited recourse provisions, shall remain in full force and effect.

### RELIEF REQUESTED

10.      By this Motion, the Debtor Borrowers request entry of an order authorizing and approving the First Limited Recourse DIP Facility Amendment, pursuant to sections 105, 363 and 364 of the Bankruptcy Code.

### BASIS FOR RELIEF REQUESTED

11.      The Limited Recourse DIP Facility was approved by this Court through the Final Limited Recourse DIP Order pursuant to the provisions of, *inter alia*, section 364 of the Bankruptcy Code. The Final Limited Recourse DIP Order contemplates amendments and/or modifications to the Limited Recourse DIP Facility, which, if material, are subject to the approval of the Court. See Final Limited Recourse DIP Order, at ¶ 29. Except as modified by the First Limited Recourse DIP Facility Amendment, the Limited Recourse DIP Facility and Final Limited Recourse DIP Order shall remain in full force and effect in accordance with their terms.

---

[4] The summary of the terms of the First Limited Recourse DIP Facility Amendment herein is for descriptive purposes only. To the extent this description and the terms of the First Limited Recourse DIP Facility Amendment vary, the First Limited Recourse DIP Facility Amendment shall control.

12.    Bankruptcy courts consistently defer to a debtor's business judgment on most business decisions, including the decision to borrow money, unless such decision is arbitrary and capricious.  See In re Trans World Airlines, Inc., 163 B.R. 964, 974 (Bankr. D. Del. 1994) (noting that an interim loan, receivables facility and asset-based facility were approved because they "reflect[ed] sound and prudent business judgment…[were] reasonable under the circumstances and in the best interest of [the debtor] and its creditors").  In fact, "[m]ore exacting scrutiny [of the debtor's business decisions] would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially."  Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1311 (5th Cir. 1985).  When scrutinizing a debtor's business decision, such as the type and scope of a debtor-in-possession credit facility, bankruptcy courts routinely defer to the debtor's judgment, including the decision to borrow money on certain terms, so long as the decision at issue "involve[d] a business judgment made in good faith, upon a reasonable basis, and within the scope of [such debtor's] authority under the [Bankruptcy] Code."  In re Curlew Valley Assocs., 14 B.R. 506, 513-14 (Bankr. D. Utah 1981).  For the reasons set forth below, the decision to amend the Limited Recourse DIP Facility through the First Limited Recourse DIP Facility Amendment is supported by the sound and reasonable business judgment of the Debtor Borrowers.  Accordingly, consistent with the foregoing authority, the amendment of the Limited Recourse DIP Facility by the First Limited Recourse DIP Facility Amendment should be approved.

13.    Section 6.2(a) of the APA requires the Sellers (as defined in the APA) to operate the Servicing Business from the Initial Closing to the Final Closing in the Ordinary Course of Business (as defined in the APA) for the benefit (and risk) of the Purchaser.  To the

satisfy the obligations of the Servicing Business, section 6.2(a) of the APA requires the

Purchaser, at the Purchaser's cost and expense, to provide or arrange financing to enable the

Sellers to operate the Servicing Business from the Initial Closing to the Final Closing.  In

connection with the Purchaser obtaining such financing, section 6.14(a) of the APA requires the

Sellers to reasonably cooperate with the Purchaser.

14.     The Debtor Borrowers, in consultation with their professionals, the

Purchaser, and the Administrative Agent, have determined that increased availability under the

Limited Recourse DIP Credit Facility is required to operate the Servicing Business.  The

necessity for additional funding is due to, among other reasons, the increased amount of

servicing advances and other costs associated with operating the Servicing Business.  The Debtor

Borrowers believe that increasing the availability under the Limited Recourse DIP Facility by

$50 million will meet the borrowing needs necessary to operate the Servicing Business to the

Final Closing and thus, enable the Debtor Borrowers to operate the Servicing Business as

required under the terms of the APA.  Moreover, the increased availability does not affect the

limited liability of the Debtor Borrowers under the Limited Recourse DIP Facility.  The liability

of the Debtor Borrowers under the Limited Recourse DIP Facility, as amended by the First

Limited Recourse DIP Facility Amendment, shall continue to be limited solely to Purchased

Assets.  If an Event of Default occurs, the sole and exclusive remedy of the Secured Parties shall

remain limited to the collection by the Secured Parties of the cash proceeds received by the

Debtor Borrowers from the Collateral.

15.     There is little risk or downside to the Debtor Borrowers entering into the

First Limited Recourse DIP Facility Amendment.  Rather, the increased financing commitment

will help to ensure the continued operation of the Servicing Business through the Final Closing.

As such, entering into the First Limited Recourse DIP Facility Amendment is justified under the circumstances. Accordingly, based on the foregoing, the Debtor Borrowers submit that more than ample business justification exists for the approval of the First Limited Recourse DIP Facility Amendment.

16.     Moreover, the terms and conditions of the First Limited Recourse DIP Facility Amendment are fair and reasonable and were negotiated by the parties in good faith and at arm's length. Accordingly, the Administrative Agent and the Lenders should be afforded the benefits of Bankruptcy Code section 364(e) with respect to the postpetition financing under the First Limited Recourse DIP Facility Amendment.

## NOTICE

17.     Notice of this Motion has been given to:  (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (d) counsel to the Purchaser; (e) the Lenders and Administrative Agent; and (f) all parties entitled to notice under Local Rule 2002-1(b). The Debtor Borrowers submit that, under the circumstances, no further notice of the hearing is necessary.

## CONCLUSION

WHEREFORE, the Debtor Borrowers respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit B, (i) granting the relief requested herein, and (ii) granting such other relief as is just and proper.

Dated: Wilmington, Delaware
       December 19, 2007

                          YOUNG CONAWAY STARGATT & TAYLOR, LLP


                          James L. Patton, Jr. (No. 2202)
                          Joel A. Waite (No. 2925)
                          Pauline K. Morgan (No. 3650)
                          Sean M. Beach (No. 4070)
                          Matthew B. Lunn (No. 4119)
                          The Brandywine Building
                          1000 West Street, 17th Floor
                          Wilmington, Delaware 19801
                          Telephone: (302) 571-6600
                          Facsimile: (302) 571-1253

                          Counsel for Debtors and Debtors in Possession

066585.1001