# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          : Chapter 11
                                                                :
AMERICAN HOME MORTGAGE                                          : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]              :
                                                                : Jointly Administered
Debtors.                                                        :
                                                                : **Ref. Docket Nos. 11, 113, 614, 865, 924, and 1056**
---------------------------------------------------------------- x

## ORDER (I) RESOLVING OBJECTIONS OF COUNTRYWIDE BANK, N.A. TO DEBTORS' MOTION AUTHORIZING THE SALE OF THE DEBTORS' SERVICING BUSINESS; (II) AUTHORIZING THE PRIVATE SALE OF CERTAIN SERVICING RIGHTS TO COUNTRYWIDE BANK, N.A. FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS; (III) APPROVING THE TERMS OF THE PURCHASE AGREEMENT; AND (IV) GRANTING RELATED RELIEF

This matter coming on to be heard on the Emergency Motion of the Debtors for Orders: (A) (i) Approving Sale Procedures; (ii) Scheduling a Hearing to Consider Sale of Certain Assets Used In the Debtors' Loan Servicing Business; (iii) Approving Form and Manner of Notice Thereof; and (iv) Granting Related Relief; and (B) (i) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing and Approving Purchase Agreement Thereto; (iii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (iv) Granting Related Relief [Docket No. 11] (the "Servicing Sale Motion") and the subsequent Motion of the Debtors for Order Pursuant to Sections 105(a), 363, 364, 365, and 503(b) of the Bankruptcy Code and Rules 2002, 4001, 6004, 6006, 7062, 9007 and 9014 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road,

Procedure (A) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing that Certain Notices of Such Sale and Deadline be Given; and (D) Authorizing, on an Interim Basis, the Debtors to Grant Certain Liens and Other Protections for the Purchaser's Collateral Effective After the Initial Closing [Docket No. 865] (the "Revised Sale Procedures Motion" and collectively, with the Servicing Sale Motion, the "Motion") of the above-captioned debtors (collectively, the "Debtors"), pursuant to sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and upon the various objections of Countrywide Bank, FSB (the "Purchaser" or "Countrywide") to the relief requested in the Motion [Docket Nos. 614, 924, and 1056] (the "Objections"), regarding the proposed sale of the servicing rights (the "Countrywide Servicing Rights") related to certain loans the Debtors have been servicing on a servicing retained basis pursuant to that certain Mortgage Loan Purchase and Servicing Agreement dated as of March 14, 2006 (as may have been amended from time to time, the "Servicing Agreement"), and the Debtors and Countrywide having stated on the record at the hearing on the Motion (the "Hearing") that they had agreed to a consensual resolution of the Objections and would be entering into a purchase agreement to effectuate that resolution, and the Debtors and Countrywide having entered into the Purchase Agreement (the "Purchase Agreement"), attached to hereto as Exhibit A; and the Court having reviewed the Purchase Agreement; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record

---

Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

set forth at the Hearing on the remainder of the record herein; and after due deliberation thereon, and good and sufficient cause appearing therefor:

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9019.

C. For the reasons set forth in the Motion, due and adequate notice of the Motion, the Purchase Agreement, the hearing, and the subject matter thereof has been provided to all parties-in-interest herein, and no other or further notice is necessary. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

D. Resolution of the Objections and approval of the Purchase Agreement is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested herein.

E. The Purchase Agreement was negotiated and proposed, and has been entered into by the parties, in good faith, from arms-length bargaining positions, and without collusion. The Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the Purchase Agreement, or the sale of the Countrywide Servicing Rights to the Purchaser pursuant thereto and hereto, to be avoided under section 363(n) of the Bankruptcy Code.

3

F. Under the circumstances, and due and adequate notice having been provided, for the reasons stated at the Hearing, it is in the best interests of the Debtors, their creditors, and all other parties-in-interest herein that the Countrywide Servicing Rights be sold to the Purchaser in a private sale under Section 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(c)(1) and 6004(f)(1).

G. The consideration provided by Purchaser for the Countrywide Servicing Rights pursuant to the Purchase Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Countrywide Servicing Rights, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession.

H. The Debtors are authorized to sell the Countrywide Servicing Rights free and clear of all interests of any kind or nature whatsoever, because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) have been satisfied. Those holders of interests who did not object to the Motion or the relief requested therein, or who imposed and then withdrew their objections, are deemed to have consented to the sale pursuant to 11 U.S.C. § 363(f)(2). Those holders of interests who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any, attach to the proceeds of the sale of the Countrywide Servicing Rights. The Purchaser does not constitute a successor to the Debtors or their estates.

I. Because the Purchaser is already the owner of the Mortgage Loan Documents (as defined in the Purchase Agreement), the Debtors are not selling personally identifiable information to the Purchaser. Additionally, (i) the privacy policy given by the

Debtors to homeowners does not prohibit the sale contemplated under the Purchase Agreement and (ii) the sale is consistent with the privacy policy given by the Debtors to homeowners.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to sections 105 and 363 of the Bankruptcy Code, as well as Rule 9019 of the Bankruptcy Rules, the Debtors are hereby authorized and empowered to enter into the Purchase Agreement and to sell, transfer, and convey the Countrywide Servicing Rights to the Purchaser.

2. The Objections are hereby resolved and withdrawn in their entirety.

3. The Countrywide Sale and the Purchase Agreement and all of its terms are APPROVED, and this Order and the Purchase Agreement, upon execution, shall be binding upon the Debtors, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest herein.

4. Pursuant to 11 U.S.C. § 363(b), the Debtors and the Purchaser, as well as their officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Purchase Agreement and to sell, transfer, and convey the Countrywide Servicing Rights and all ancillary rights to the Purchaser. Any actions taken by the Debtors and the Purchaser necessary or desirable to consummate such transactions prior to the entry of this Order are hereby ratified.

5. The Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof.

6. Upon the Transfer Date, the Countrywide Servicing Rights shall be transferred to Purchaser free and clear of all liens, claims, encumbrances, or other interests,

pursuant to Bankruptcy Code sections 105 and 363, provided that the liens and security interests of the Administrative Agent in the Countrywide Servicing Rights shall attach to the proceeds thereof. All persons and entities (including, without limitation, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, and trade and other creditors) holding liens, claims, encumbrances, or other interests of any kind or nature whatsoever against or in the Debtors or the Countrywide Servicing Rights (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated) arising under or out of, in connection with, or in any way relating to the Debtors, the Countrywide Servicing Rights, the operation of the Debtors' businesses prior to the Transfer Date, or the transfer of the Countrywide Servicing Rights to Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting against Purchaser, its successors or assigns, or the Countrywide Servicing Rights, such persons' or entities' liens, claims, encumbrances, or other interests.

7.      To the extent of any conflict between this Order and the Order Approving (i) Sale Procedures; (ii) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors' Loan Servicing Business; (iii) Approving Form and Manner of Notice Thereof; and (iv) Granting Related Relief [Docket No. 113], the terms of this Order shall govern.

8.      The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court; provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates, and provided further that, with respect to any modifications, amendments, and supplements, the Debtors shall consult with, and notice shall be provided to, the Committee, the DIP Lender, and the Administrative Agent.

6

9. The failure specifically to include any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement substantially in the form attached hereto as <u>Exhibit A</u> be authorized and approved in its entirety.

10. The Debtors and Purchaser agree that none of the representations and warranties set forth in the Purchase Agreement shall survive the Transfer Date, and neither party has agreed to the indemnification of the other pursuant to the Purchase Agreement.

11. Except as expressly set forth herein or in the Purchase Agreement, Purchaser shall have no right of setoff, counterclaim or recoupment for any liability or claim not arising out of the Purchase Agreement against any amounts the Purchaser owes the Seller pursuant to the Purchase Agreement.

12. Notwithstanding anything to the contrary in the Order or the Purchase Agreement, to the extent any of the Countrywide Servicing Rights consist of an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the Purchaser shall remain subject to the same claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as the Purchaser would be subject to such claims and defenses of the consumer if such interest had been purchased at a sale not under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the Bankruptcy Code.

13. Except as otherwise expressly provided for in this Order or the Purchase Agreement, the Purchaser shall not have any liability or responsibility for any liability or other obligation of the Debtors arising prior to the Transfer Date and arising under or related to the Countrywide Servicing Rights or otherwise. Without limiting the generality of the foregoing,

7

and except as otherwise specifically provided herein or in the Purchase Agreement, the Purchaser shall not be liable for any claims against the Debtors or any of their predecessors or affiliates, whether known or unknown as of the Transfer Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtors or any obligations of the Debtors arising prior to the Transfer Date.

14. All proceeds of the sale received by the Debtors, including, without limitation, the proceeds from all outstanding documented advances, shall be paid in accordance with the terms of (i) the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties, approved by the Court on September 4, 2007 [D.I. 554], and (ii) the First Final Stipulation and Order Extending Limited Use of Cash Collateral Pursuant to the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties [D.I. 2002] (collectively, the "Cash Collateral Order").

15. All rights of the Debtors under and pursuant to the Purchase Agreement including, without limitation, the Debtors' rights to enforce the provisions of the Purchase Agreement, shall constitute "Collateral," as such term is defined in the Cash Collateral Order, of the Administrative Agent.

16. To the extent that Countrywide intends to assert a general unsecured claim for a Servicer Breach Claim, Countrywide shall be obligated to file a proof of claim with respect to such Servicer Breach Claim on or before January 11, 2008 (CSS). Failure to timely file any such proof of claim shall result in Countrywide being forever barred from asserting such a claim.

17. To the extent that there are any inconsistencies between the Purchase Agreement and this Order, the terms of this Order shall govern.

8

18. The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the terms and conditions of the Purchase Agreement and the provisions of this Order.

19. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Debtors and the Purchaser are free to close under the Purchase Agreement at any time, subject to the terms of the Purchase Agreement.

20. The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to the Purchase Agreement or this Order.

Dated: Wilmington, Delaware
December 20, 2007

Christopher S. Sontchi
United States Bankruptcy Judge