# EXHIBIT B



## IRON MOUNTAIN™
The Leader in Records & Information Management

### CUSTOMER AGREEMENT

**Iron Mountain Entity (check one)**

☐ Iron Mountain Records Management, Inc.  ☒ Iron Mountain Off-Site Data Protection, Inc.  ☐ Iron Mountain Confidential Destruction LLC

Address of Iron Mountain Branch/District Office:
8928 McGaw Ct
Columbia MD 21045

Contract Effective Date: 11/1/01

**FOR IRON MOUNTAIN PURPOSES ONLY**

| Account Number: | Branch/District Cost Center No.: |
|---|---|
| 2150 \ | 71 |

SIC Code:

| Customer: COLUMBIA NAT'L INC. | Billing Address (If Different): Same |
| Street Address: 7142 Columbia Gateway Dr. | Street or Box No.: Same |
| City: Columbia,  State: MD  Zip+4: 21046 | City:  State:  Zip+4: |
| Primary Contact and Title: DALE CLARK | Billing Contact: |
| Telephone: 410.872.2505  Fax:  E-Mail Address: | Telephone:  Fax:  E-Mail Address: |

The Iron Mountain entity checked above, as the contracting entity ("Iron Mountain"), will perform the services described on schedules annexed to this Agreement either physically or by reference (each a "Schedule"), and Customer will pay Iron Mountain for such services according to the rates and provisions in the Schedules. All services will be provided subject to the terms and conditions below and on the reverse hereof and in any Schedule.

**VALUE OF DEPOSITS.** Customer declares, for the purposes of this Agreement, that (a) with respect to hard-copy records, microfilm and microfiche stored pursuant to this Agreement, the value of such stored items is $1.00 per carton, linear foot of open-shelf files, container or other hard-copy storage unit, and (b) with respect to round reel tape, audio tape, video tape, film, data cartridges or data cassettes or other non-paper media stored pursuant to this Agreement, the value of such stored items is limited to the cost of replacing the physical media. Customer acknowledges that it has declined to declare an excess valuation, for which an excess valuation fee would have been charged.

**LIMITATION OF LIABILITY.** Iron Mountain's liability, if any, for loss or destruction of or damage to materials stored with Iron Mountain ("Deposits") is limited to the value of each Deposit as described above, or as otherwise set forth on the reverse side hereof. Iron Mountain reserves the right to provide replacement of media for which liability is limited to replacement cost rather than payment of replacement cost. Iron Mountain's liability with respect to services not related to storage is the amount paid by Customer for a discrete project or, if less, six months of fees paid by Customer for such service. Other limitations on Iron Mountain's liability are set forth on the reverse side of this Agreement

| CUSTOMER: Columbia Nat'l Inc. | IRON MOUNTAIN Raymond E. Archibald |
| Individual Signing [print name]: PINCHOS L. ANDREEN | Individual Signing [print name]: Ray Archibald |
| Signature: M. Andreen | Signature: General Manager |
| Title: VP, Director IS Ops. | Title: 10-23-01 |
| Signing Date: 10/19/01 | Signing Date: |

WHITE – IRON MOUNTAIN CORPORATE    CANARY – CUSTOMER    PINK – IRON MOUNTAIN DISTRICT
IM-31    © 2001 Iron Mountain Incorporated

## STANDARD TERMS AND CONDITIONS
(Based on terms and conditions promulgated by Professional Records & Information Services Management, Inc.)

The following terms and conditions shall apply to this Agreement.

1. **Term.** The term of this Agreement shall commence on the date of Customer's signature or, if later, the Effective Date set forth on the front side of this Agreement. The initial term of this Agreement shall continue for one (1) year after commencement, unless otherwise set forth in a Schedule. Unless otherwise provided in a Schedule, upon expiration of the initial term, the term will continue with automatic renewals, for additional one (1) year terms, unless written notice of non-renewal is delivered by either party to the other not less than thirty (30) days prior to the expiration date. In the event that Iron Mountain continues to hold Deposits after the expiration or termination of this Agreement, the terms of this Agreement shall continue to apply until all of Customer's Deposits have been removed from Iron Mountain's facility, except that Iron Mountain may adjust rates upon thirty (30) days' notice.
2. **Charges.** Rates and charges shall be as specified in Schedules. Unless otherwise provided in a Schedule: (i) rates for storage shall remain fixed for the first year of this Agreement, and may thereafter be changed at any time upon thirty (30) days' written notice, and (ii) rates for services may be adjusted by Iron Mountain at any time.
3. **Principal Records Services Provider.** The charges for records management and storage set forth in the Schedules are predicated upon the expectation that Customer will utilize Iron Mountain as its primary commercial provider of records service and storage (for paper and/or magnetic media, as applicable) for Customer's locations identified on the Schedules, including accretion in records, during the term of this Agreement. In the event that Customer does not so utilize Iron Mountain's services, Iron Mountain reserves the right to adjust rates and charges to the standard list rates and charges then applicable to the services provided by Iron Mountain to Customer.
4. **Authorization; Customer Instructions.** Deposits may be delivered pursuant to direction of Customer's agent(s) identified pursuant to Iron Mountain's standards. Authority granted to any persons on standard authorization forms shall constitute Customer's representation that the identified persons have full authority to order any service for, or disposal or removal of, Customer's Deposits. Such orders may be given in person, by telephone or in writing (fax, electronically or hard-copy).
5. **Operational Procedures.** Customer shall comply with Iron Mountain's reasonable operational requirements, as modified from time to time, regarding containers, delivery/pick-up volumes, security, access and similar matters. Customer acknowledges that volume requests that exceed one hundred twenty-five percent (125%) of normal volume may require Iron Mountain to incur additional costs, which Customer will pay at Iron Mountain's overtime rates, provided that Iron Mountain shall have advised Customer thereof in advance.
6. **Force Majeure.** Iron Mountain shall not be liable for delay or inability to perform caused by acts of God, governmental actions, labor unrest, riots, unusual traffic delays or other causes beyond its control.
7. **Governmental Orders.** Iron Mountain is authorized to comply with any subpoena or similar order related to the Deposits, provided that Iron Mountain notifies Customer promptly upon receipt thereof, unless such notice is prohibited by law. Customer shall pay Iron Mountain's reasonable charges for such compliance. Iron Mountain will cooperate with Customer's efforts to quash or limit any subpoena, at Customer's expense.
8. **Confidentiality.** "Confidential Information" means any information concerning or relating to the property, business and affairs of Customer that is furnished to Iron Mountain, except for information that was previously known to Iron Mountain free of any obligation to keep it confidential, is subsequently made public by Customer or is disclosed by a third party having a legal right to make such disclosure. Confidential Information shall be held in confidence by Iron Mountain and shall be used only in the manner contemplated by this Agreement. Iron Mountain shall use the same degree of care to safeguard Confidential Information as it utilizes to safeguard its own confidential information.
9. **Liability in Event of Loss of Stored Material.** Iron Mountain shall not be liable for any loss or destruction of, or damage to, Deposits, however caused, unless such loss or damage resulted from the failure by Iron Mountain to exercise such care as a reasonably careful person would exercise under like circumstances; Iron Mountain is not liable for loss or damage which could not have been avoided by the exercise of such care. If liable, the amount of Iron Mountain's damages is limited as provided on the front page hereof. Deposits are not insured by Iron Mountain against loss or damage, however caused. Customer may insure Deposits through third-party insurers for any amount, including amounts in excess of the limitation of liability. Customer shall cause its insurers of Deposits to waive any right of subrogation against Iron Mountain. If Deposits are placed in the custody of a common carrier for transportation, the common carrier shall be solely responsible for any loss or destruction of, or damage to, such Deposits while in the custody of the common carrier.
10. **No Product Warranty.** Iron Mountain hereby assigns to Customer any manufacturers' warranties applicable to any products sold by Iron Mountain pursuant to this Agreement. Iron Mountain provides no warranties related to products sold. WITH RESPECT TO PRODUCTS SOLD BY IRON MOUNTAIN TO CUSTOMER, IRON MOUNTAIN MAKES NO EXPRESS OR IMPLIED WARRANTIES, INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.
11. **Liability with Respect to Non-Storage Services.** With respect to services not related to storage of Deposits, Iron Mountain's maximum liability for any loss or default shall be: (i) if such loss or default relates to a discrete project, the total fees paid by Customer to Iron Mountain for such project; or (ii) if such loss or default arises from services that are of an ongoing and continuing nature, the total amount of fees paid by Customer to Iron Mountain for the performance of such services during the immediately preceding six-month period.
12. **Liability with Respect to Confidential Destruction (by Iron Mountain Confidential Destruction, LLC).** Iron Mountain shall not be responsible or liable in any manner whatsoever for the release or loss of any materials deposited in bins or otherwise delivered to it for destruction unless the release or loss is due to Iron Mountain's gross negligence or willful misconduct. Iron Mountain's maximum liability for any and all claims arising with respect to confidential destruction service shall not exceed the aggregate amount paid by Customer with respect to Iron Mountain Confidential Destruction services provided during the six (6) months preceding the event which gives rise to the claim.
13. **No Consequential Damages, etc.** In no event shall Iron Mountain be liable for any consequential, incidental, special or punitive damages, regardless of whether an action is brought in tort, contract or any other theory.
14. **Notice of Claims.** Claims by Customer must be presented in writing within a reasonable time, and in no event longer than ninety (90) days after delivery or return of the Deposits to Customer or ninety (90) days after Customer is notified that loss, damage or destruction to part or all of the Deposits has occurred.
15. **Filing of Actions.** No action may be maintained against Iron Mountain for loss, damage or destruction of Deposits, unless timely written claim has been given as provided in Section 14, and unless such action is commenced either within one (1) year after (i) the date of delivery or return of the Deposits by Iron Mountain or (ii) the date Customer is notified that loss, damage or destruction to part or all of the Deposits has occurred.
16. **Notice of Loss.** When Deposits have been lost, damaged or destroyed, notice thereof may be given by mailing a certified letter (return receipt requested) to Customer. In the event notice of loss, damage or destruction is given by certified letter, the time limitation for presentation of a claim and commencement of action or suit begins on the date of Customer's receipt of such notice.
17. **Payment.** Payment terms are net, thirty (30) days. If Customer fails to pay Iron Mountain's charges (other than disputed charges) within forty-five (45) days after the date of an invoice, Iron Mountain may, at its option: (a) refuse access to Deposits, (b) suspend service, (c) redeliver Deposits to Customer or (d) terminate this Agreement. Customer shall be liable for late charges at the rate of fifteen percent (15%) per annum, compounded monthly, on unpaid balances and all expenses incurred in collection, including reasonable attorneys' fees. If Customer is consistently delinquent (defined as being late in the payment of any three (3) or more undisputed invoices in a 12-month period) and/or upon the expiration or termination of this Agreement, Iron Mountain may require payment by certified check prior to performance of services, including delivery of Deposits. Upon default by Customer, Iron Mountain shall have other rights and remedies as may be provided by law. In the event Iron Mountain takes any actions pursuant to this Section, it shall have no liability to Customer or anyone claiming by or through Customer.
18. **Ownership Warranty.** Customer warrants that it is the owner or legal custodian of the Deposits and has full authority to store the Deposits and direct their disposition in accordance with the terms of this Agreement. Customer shall reimburse Iron Mountain for any expenses reasonably incurred by Iron Mountain (including reasonable legal fees) by reason of Iron Mountain's complying with the instructions of Customer in the event of a dispute concerning the ownership, custody or disposition of Deposits stored by Customer with Iron Mountain.
19. **Restrictions on Stored Material; Customer Premises.** Customer shall not store with Iron Mountain any material that is highly flammable, explosive, toxic or otherwise dangerous or unsafe to store or handle, or any material which is regulated under any federal or state law or regulation relating to the environment or hazardous materials. Customer shall not store negotiable instruments, jewelry, check stock or other items that have intrinsic value. All Customer's premises where Iron Mountain's employees perform services or make deliveries hereunder shall be free of hazardous substances and any other hazardous or dangerous conditions.
20. **Software License.** If access to or use of Iron Mountain inventory management software and computer programs (the "Software") is provided hereunder (as set forth in a Schedule), Iron Mountain hereby grants Customer a limited, nonexclusive license to use the Software solely in conjunction with records storage services provided by Iron Mountain during the term of this Agreement. Customer acknowledges that all Software and the inventory management system comprised of the Software belong to Iron Mountain. During the term of this Agreement, Iron Mountain shall have the exclusive right to use Deposit inventory information to provide records management services to Customer; upon expiration of this Agreement, Iron Mountain shall have the right to maintain inventory information for record-keeping purposes.
21. **Modifications to Add Customer Locations, Services.** In the event that Customer locations or lines of service are added to or deleted from this Agreement, the term of this Agreement shall not change unless the parties so agree. Pricing adjustments for all Customer's locations and/or services under this Agreement may be made on dates pricing adjustments are permitted under Section 2, regardless of the dates when new locations or services are added. Any modification of Customer locations serviced or lines of services provided will be effected by an amendment of this Agreement or a Schedule.
22. **Performance of Services by Subsidiaries.** Certain lines of service may be performed by a subsidiary of Iron Mountain Incorporated other than the entity identified as the contracting party at the head of this Agreement. In such event, such other subsidiary will perform such service as a subcontractor to the Iron Mountain contracting entity. The subcontracting entity may invoice Customer directly, but the original Iron Mountain contracting entity will remain liable for all services performed for Customer.
23. **Miscellaneous.** This Agreement binds the successors and assigns of the respective parties and cannot be changed orally. This Agreement may not be assigned by the Customer (other than to an affiliate which shall assume the obligations of its assignor by written instrument) without the written consent of Iron Mountain, which shall not be unreasonably withheld or delayed. Any notice made pursuant to this Agreement may be given in writing at the addresses set out on the front side hereof until written notice of a change of address has been received. Notices to Iron Mountain shall be sent to the attention of its General Manager at such address. Iron Mountain shall have, and may exercise, all rights granted to warehousemen by the Uniform Commercial Code as adopted in the state where the Deposits are stored. In the event of inconsistency between these printed Terms and Conditions and the terms of a Schedule, the Schedule shall prevail.