# EXHIBIT C

/41

*Columbia National* [handwritten]

# NATIONAL BUSINESS ARCHIVES, INC.
## SERVICE AND STORAGE AGREEMENT

R' DEC 16 1992

M0 70 K

National Business Archives, Inc. (the "Company") agrees to accept from time to time for a term of five (5) years (the "Initial Storage Period") under its records and vault management program the records and/or vault media of ___Painewebber Mortgage Finance___ (the "Customer"), subject to all the terms and conditions contained herein.

Customer agrees to pay the Company for service and storage at the rates provided for and to otherwise perform and be bound by the terms of this Agreement.

1. **Effective Date:** This order shall be effective for storage to commence on ___4/1/93___ (the "Effective Date").

2. **Reservation of Space:** Commencing on the Effective Date the Company shall make available for Customer's use approximately ___9204___ cubic feet of storage space in its Storage Facility (the "Reserved Space"). Customer acknowledges that the Company must reserve space for storage of Customer's deposits in its Storage Facility.

3. **Payments and Charges:** Customer will pay storage charges for the amount of the Reserved Space for the Initial Storage Period and any renewal period with the Company. Storage charges for additional space used for subsequent deposits of Customer shall be paid at the time of the deposit on a pro-rated basis for the remainder of the then existing storage period at the same rate then being paid by Customer for the Reserved Space. Charges for other services will be billed monthly as they occur. All invoices are due and payable 25 days after the invoice date. A monthly late charge of 1.5% will be applied to all past due accounts (see Section 9).

4. **Liabilities:** The liability of the Company shall be limited to damages or loss caused by its negligence in amounts not to exceed $1.00 per cubic foot of storage. Any value in excess of $1.00 may be covered by insurance purchased directly by Customer. Without limiting the foregoing the Company shall not be liable for any damages due to vermin, gradual deterioration, acts of God or public enemy, labor disputes, riots, or any cause beyond its control. Any claims against the Company must be made in writing and delivered to the Company by registered mail not later than ten (10) days after return of the affected or subject deposits to the Customer.

5. **Changes in Rates:** Storage rates throughout the initial storage period shall be at the rates set forth in the Rate Schedule attached. The storage rate during subsequent renewal term will be at the Company's then effective rates as of the first day of the renewal term. Charges for other services will be set forth on the Rate Schedule attached, provided that changes in rates and charges for new or additional services may be made at any time with thirty (30) days' prior written notice to Customer.

Customer agrees to above terms and conditions and has read and agrees to those listed on reverse side (items 6 through 16).

___Painewebber Mortgage Finance___
Customer (Type or Print)

___10440 Little Patuxent Parkway___
Address (Type or Print)

___Columbia, Maryland 21044___

___Debbie Waldron___
Account Executive Name

*[signature: Debbie Waldron]*
Account Executive Signature

___Sandy Bahr___
Typed Name & Title

*[signature]*
Customer Signature

___12-11-92___
Date

___Francis X. Smyth, President___
Officer Name

*[signature]*
Officer Signature

___12/16/92___
Date

rev. date 6/92

6. **Deposits:** No record deposits will be accepted unless accompanied by a National Business Archives New Box Input Form or a mutually approved substitute. All containers of records tendered to the Company for storage must be conspicuously marked for identification and handling. Customer shall properly pack the contents of all containers for handling and storage.

7. **Access and Retrieval and Delivery:** Only the Company's authorized personnel will have access to place containers in or remove containers from the Company's storage facility. None of the subject containers will be picked-up, retrieved, surrendered, delivered or transferred by the Company except upon written instructions including those provided by facsimile or on-line computer device, or oral instructions, of the Customer or its designee.

   Whenever Customer or its designee requests the retrieval, pick-up or delivery of any container by the Company (which shall not exceed 50 items per day, unless otherwise agreed to), a reasonable period of time during the Company's business hours will always be allowed to carry out such instructions. The Company shall not be liable if the Company is unable or is delayed in carrying out such instructions because of force majeure or any other cause beyond the Company's reasonable control.

   For the convenience of Customer, the Company provides, at a supplemental charge, pick-up and delivery services between the Company's Storage Facility and the Customer's place of business only. The Company is not a contract or common carrier and is not to be construed as such.

8. **Confidentiality:** The Company and its employees will hold confidential all information obtained by it with respect to Customer and its records. Also, the Company shall exercise that degree of care in safeguarding deposits entrusted to it by the Customer which a reasonable and careful company would exercise with respect to similar records of its own, provided liability of the Company to Customer shall be limited to damages or loss in amounts set forth in Section 4 hereof.

9. **Non-Payment:** If Customer fails to pay the charges of the Company by the invoice due date (see section 3), Customer agrees to pay a late charge of 1.5% which shall be applied each month on the amount of delinquency. In addition, the Company may refuse to access deposits of delinquent accounts and it may suspend all services for any account unpaid for sixty (60) days. If Customer fails to pay charges for a period of one hundred and twenty (120) days, the Company may, at its option, after giving notice by registered mail, either destroy the deposits or sell any or all of the deposits and containers as scrap and apply the proceeds thereof to the sums due; all without liability of the Company to the Customer. Nothing herein shall preclude the Company from recourse to other remedies provided in this Agreement, by statute or otherwise.

10. **Liens; Other Remedies:** The Company shall have a lien on all record deposits of Customer for all amounts now or hereafter owing by Customer to the Company. In addition to all other available rights and remedies, the Company reserves the right to withhold access, retrieval and delivery of all record deposits and their contents until all amounts owing hereunder by Customer, including any applicable late charges and other amounts, have been fully paid. Customer shall pay all costs of collection (including, but not limited to, reasonable attorneys' fees) incurred by the Company in collecting amounts due from Customer which have not been timely paid or in enforcing any terms or provisions of this Agreement.

11. **Duration:** The terms of this Agreement shall apply for the Initial Storage Period and renew automatically for successive one (1) year terms, commencing with the completion of the Initial Storage Period, unless either party has provided written notice of termination at least 90 days' prior to the end of the then current term. In the event of any such termination, Customer will be charged for the full Initial Storage Period or remaining term of the then effective renewal period irrespective of such termination and all service charges related to termination.

12. **Destruction of Records:** Upon written instructions from Customer, the Company will destroy deposits. Deposits which have been stored for at least one year will receive prorated storage credit when destroyed. Customer releases the Company from any liability by reason of destruction of such deposits pursuant to such authority.

13. **Addresses:** Any notice or redelivery of deposits hereunder may be given or made at the address set out herein until written notice of change of address has been received.

14. **Rules:** Customer agrees to comply with the operating procedures of the Company adopted from time to time as set forth in the client manual or proposal for safety, care and management of the Storage Facility. Customer covenants that it will be the owner or legal custodian of all records tendered for storage and will at all times have full authority to store such records in accordance with the terms of this Agreement. Customer agrees not to store drugs, explosives or any material that is perishable, odorous, combustible, highly flammable, illegal or otherwise dangerous.

15. **Binding Effect; Modification:** This Agreement binds and benefits the parties and the heirs, executors, administrators, successors and assigns of the respective parties. It can be changed only by written agreement of the parties. If any part of this Agreement is deemed unenforceable, only that portion of the contract shall be effected. The remaining clauses and contract shall still be enforceable. This Agreement shall be enforced to the maximum extent permitted by law.

16. **Governing Law:** This Agreement shall be governed by and construed in accordance with the laws of Maryland.

rev. date 6/92