IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | ) Case No. 07-11047 (CSS) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Related Docket Item Nos. 11, 403, 674, 1711, 2166 |
| | ) |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF DB STRUCTURED PRODUCTS, INC. REGARDING DEBTORS' CURE NOTICE

DB Structured Products, Inc. ("DBSP"), by and through its undersigned counsel, hereby files this limited objection and reservation of rights regarding that portion of the Notice of Interim Period Cure Schedule (the "Interim Period Cure Notice") proposing a cure amount of $0.00 for the Master Mortgage Loan Purchase and Servicing Agreement (the "MLPSA") between American Home Mortgage Corp. (the "Seller"), American Home Mortgage Servicing, Inc. (the "Servicer", and collectively with the Seller, the "Contracting Debtors") and DBSP.

### I.    BACKGROUND

1.    On August 6, 2007, the Contracting Debtors and certain of their affiliates (the "Debtors") filed a motion (as amended, the "Sale Motion") seeking approval of the sale of substantially all of the Debtors' assets relating to its loan servicing business (the "Sale"), including the Contracting Debtors' servicing rights under the MLPSA, to AH Mortgage Acquisition Co., Inc. (the "Buyer") pursuant to a stalking horse asset purchase agreement (as modified, the "APA").  The MLPSA provides that the Contracting Debtors are obligated to repurchase certain defaulted mortgage loans (the "EPD" claims) and to otherwise pay amounts to DBSP in respect of certain mortgages that are prepaid (the "Premium Recapture" claims).

A/72354112.5

2. On August 27, 2007 and September 10, 2007, the Debtors filed notices of proposed cure amounts, proposing a cure of $0.00 in respect of the MLPSA. *See* Doc. Nos. 403 and 674. DBSP objected to the Sale and the proposed cure amount (as supplemented, the "<u>DBSP Objection</u>"), asserting that the cure amount owed to DBSP was approximately $18 million for EPD and Premium Recapture Claims under the MLPSA. *See* Doc. Nos. 675, 1108, and 1533.

3. On October 30, 2007, the Court entered an order (the "<u>Sale Order</u>") overruling the DBSP Objection and approving the Sale Motion. Doc. No. 1711. On October 30, 2007, DBSP filed an emergency motion for limited stay pending appeal (the "<u>Motion for Stay</u>").

4. On November 6, 2007, DBSP filed a notice of appeal (the "<u>Appeal</u>") whereby DBSP appealed, *inter alia,* the Court's findings that: (i) the servicing portions of the MLPSA could be transferred pursuant to section 363 of the Bankruptcy Code notwithstanding the MLPSA's express anti-assignment provisions; and (ii) the servicing rights are severable from the balance of the MLPSA. *See* Doc. Nos. 1713 and 1799.

5. In order to moot DBSP's Motion for Stay, the Debtors filed and the Court approved an amendment to the APA (the "<u>Second Amendment</u>"), placing the MLPSA on Schedule 1.1(l) of the APA as a Disputed Servicing Agreement which would not be assumed and assigned pending a decision on the Appeal. *See* Doc. Nos. 1783, 1986 and 1996.

6. However, on November 26, 2007, the Debtors filed the Interim Period Cure Notice purporting to propose interim cure amounts for Assumed Contracts, including the MLPSA in the amount of $0.00, for the period of October 30, 2007 (the date of the Sale Order) through November 16, 2007 (the date of the Initial Closing as defined in the APA), notwithstanding that, pursuant to the Second Amendment, the MLPSA was designated a Disputed Servicing Agreement which would not be not assumed and assigned to Buyer at the

Initial Closing (as defined in the APA).

## II.    LIMITED OBJECTION AND RESERVATION OF RIGHTS

7.    DBSP objects to the Interim Period Cure Notice to the extent it would purport to sever cure obligations applicable to the MLPSA from the servicing portion of the MLPSA prior to the resolution of the Appeal, in contravention of the Second Amendment.

8.    DBSP notes its prior objection to the Debtors' assertion that it is not obligated to cure defaults relating to EPD and Premium Recapture claims. While the Court previously has overruled such objection, DBSP maintains its objection to the extent that the Court's ruling and resulting order is reversed, vacated, or modified as a result of the Appeal, or any subsequent appeals.

Dated:  December 20, 2007

**BINGHAM McCUTCHEN LLP**
Steven Wilamowsky
399 Park Avenue
New York, NY 10022
(212) 705-7000

Andrew J. Gallo
150 Federal Street
Boston, MA  02110
(617) 951-8117

- and -

**ASHBY & GEDDES, P.A.**

*/s/ Amanda Winfree*
William P. Bowden (I.D. #2553)
Amanda M. Winfree (I.D. #4615)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Counsel to DB Structured Products, Inc.*

186846.1

3

A/72354112.5