IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, ) | Case No. 07-11047 (CSS) |
| INC., a Delaware corporation, *et al.*, ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Related Docket Nos. 11, 1711 & 2166** |

**CURE OBJECTION OF AMERICAN SECURITY INSURANCE COMPANY, STANDARD GUARANTY INSURANCE COMPANY, VOYAGER INDEMNITY INSURANCE COMPANY AND ASSURANT GROUP TO DEBTORS' NOTICE OF INTERIM PERIOD CURE SCHEDULE RELATING TO CERTAIN ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF ITS SERVICING BUSINESS**

American Security Insurance Company ("American Security"), Standard Guaranty Insurance Company ("Standard Guaranty"), Voyager Indemnity Insurance Company ("Voyager"), and Assurant Group ("Assurant"), (hereinafter, collectively, the "Insurance Companies"), submit this objection (the "Cure Objection") to the cure amount asserted in the Notice of Interim Period Cure Schedule dated November 26, 2007 (the "Cure Notice") [Docket No. 2166]. In support hereof, the Insurance Companies respectfully represent:

1. This Cure Objection relates to the Compliance Plus Insurance Administration Agreement, dated effective April 1, 2005 (the "Administration Agreement"), the Hazard Plus and Compliance Plus Outsourcing Agreement, dated effective April 1, 2005 (the "Outsourcing Agreement"), the Hazard Plus Insurance Administration Agreement, dated effective April 1, 2005 (the "Hazard Administration Agreement"), as amended to add additional party in the Amendment – Additional Party – VIIC, dated effective November 1, 2006, the Confidentiality and Non-disclosure and Joint Marketing Agreement, dated effective August 31, 2006 (the "Non-disclosure Agreement"), the Billing and Collections Services Agreement, dated effective August

17, 2006 (the "Billing Agreement"), and Operations Manual, dated effective August 17, 2006 (the "Manual"). All of the agreements listed above will be collectively referred to as the "Insurance Agreements").

2. The Cure Notice sets the Debtors' proposed cure amount at $0.00 for the assumption and assignment of the Insurance Agreements, pursuant to 11 U.S.C. § 365.

3. A review of the books and records of American Security and Standard Guaranty indicates that there is a cure amount that must be paid prior to any assumption and assignment of the Outsourcing Agreement to any purchaser.

4. Pursuant to the Outsourcing Agreement, American Security and Standard Guaranty agreed to supply the Debtors with insurance monitoring services, including, but not limited to, automated service for the monitoring of acceptable insurance for eligible properties and processing of insurance documents covering mortgage loans to determine whether mortgagors have obtained and have continued to maintain acceptable insurance as required by American Home. American Security and Standard Guaranty provided the administrative and technical services for a fee.

5. According to American Security and Standard Guaranty's records, the proper cure amount that must be paid prior to any assumption and assignment of the Agreements is $69,487.94 in outsourcing fees and $2,444.64 in Blanket Mortgage Fees (collectively, the "Cure Amount").[1]

6. 11 U.S.C. § 365 states, in pertinent part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such

---

[1] The amounts set forth above are based on current knowledge of the records of the Insurance Companies, who reserve the right to amend and supplement this Cure Objection as they become aware of other cure obligations.

2

contract or lease unless, at the time of assumption of such contract or lease, the trustee –

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . ..

\* \* \*

11 U.S.C. § 365(b)(1)(A).

7. In the Cure Notice, the Debtors state that "any objections to the Proposed Interim Cure Amounts must (a) be in writing" and be filed on or before December 26, 2007.

8. By way of this Cure Objection, the Insurance Companies assert that the Debtors are in default of the Insurance Agreements and hereby object to the proposed cure amount set forth in the Cure Notice. Furthermore, the Insurance Companies do not consent to the assumption and assignment of the Insurance Agreements without the Debtors first paying the proper Cure Amount, pursuant to 11 U.S.C. § 365(b)(1)(A), as set forth herein.

WHEREFORE, the Insurance Companies respectfully request that the relief requested in the assumption and assignment of the Insurance Agreements and amounts set forth in the Cure Notice not be granted by this Court unless and until the proper cure amounts are paid-in-full, pursuant to 11 U.S.C. § 365(b)(1)(A), as set forth herein, and for such other and further relief as the Court deems just and proper.

Dated: December 21, 2007

ASHBY & GEDDES, P.A.

/s/ *signature*

Don A. Beskrone (I.D. #4380)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19801
Telephone: 302-654-1888
Facsimile: 302-654-2067

-and-

3

        JORDEN BURT LLP
Raul A. Cuervo (*Pro Hac Vice*)
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, D.C.  20007
Telephone: (202) 965-8100
Facsimile: (202) 965-8104

Counsel to the Insurance Companies

186845.1