## EXHIBIT C

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :   Jointly Administered
         Debtors.                                                :
                                                                 :   Doc. Ref. No. _____
                                                                 :
---------------------------------------------------------------- x

### ORDER AUTHORIZING AND APPROVING (I) THE DEBTORS' EMPLOYMENT AND RETENTION OF DOVEBID, INC. AS AUCTIONEER; (II) THE TERMS OF COMPENSATION TO DOVEBID; (III) A WAIVER OF LOCAL RULE 2016-2(d); AND (IV) PROCEDURES FOR DOVEBID'S SALE OF ASSETS PURSUANT TO THE DOVEBID AGREEMENT AND THE AUCTION

Upon consideration of the motion (the "Motion")[2] of American Home Mortgage Holdings, Inc. and its affiliated above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order, pursuant to sections 327(a), 328(a) and 363 of title 11 of the United States Code 11 U.S.C. §§101-1330 (the "Bankruptcy Code") and Rules 2014, 2016, 6004 and 6005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving (i) the employment and retention of DoveBid, Inc. ("DoveBid") as auctioneer pursuant to the agreement between the Debtors and DoveBid (the "DoveBid Agreement"), (ii) the terms of compensation to DoveBid as set forth in the DoveBid Agreement, (iii) a waiver of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] All capitalized terms not otherwise defined herein have the meaning ascribed in the Motion.

Rule 2016-2(d) of the Local Rules of Bankruptcy Procedure for the District of Delaware (the "Local Rules"), and (iv) the sale of Assets, as defined herein, pursuant to the DoveBid Agreement and the Auction Procedures; and the Court having reviewed the Motion and the Dove Affidavit; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that reasonable and adequate notice of the Motion has been provided; and no other or further notice need be provided; and the relief requested in the Motion being in the best interest of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having determined that the legal and factual bases set forth therein establish just cause for the relief granted herein; and upon all the proceeding had before the Court in these cases and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED, that the Motion is granted; and it is further

ORDERED, that in accordance with sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, the Debtors are authorized and empowered to retain and employ DoveBid as an auctioneer in these chapter 11 cases, and to perform any necessary and appropriate services related thereto as may be requested by the Debtors and as described in the Motion and the DoveBid Agreement; and it is further

ORDERED, that, pursuant to section 363(b)(1) of the Bankruptcy Code, the Debtors are authorized to consummate transactions for the sale of Assets pursuant to the DoveBid Agreement on the terms and subject to the conditions set forth in the Motion and the Auction Procedures; provided, however, that no officer, director or affiliate of the Debtors shall be entitled to purchase any Assets pursuant to an auction conducted by DoveBid; and it is further

ORDERED, that the Auction Procedures are approved; and it is further

ORDERED, that the Debtors and DoveBid may negotiate and execute a mutually acceptable Plan for each proposed auction of Assets. Each Plan will address, among other things: (i) the Assets subject to a particular Auction; (ii) which Debtor entity owns the Assets; (iii) whether the Assets will be sold by public auction, private sale or otherwise; (iv) if the Assets are to be sold by public auction, whether the auction will be promoted on DoveBid's Website at www.dovebid.com as a "Featured On-Line Auction" or otherwise broadcast live over the Internet as a Webcast Auction and/or consigned into one or more Exchange Auctions; (v) the estimated expenses of DoveBid; and (vi) the maximum amount of expenses to be incurred by DoveBid in connection with a particular Auction; and it is further

ORDERED, that the Debtors shall file and serve by overnight or hand delivery each Plan developed under the DoveBid Agreement as promptly as practicable in accordance with the Sale Procedures to (i) the Office of the United States Trustee (the "U.S. Trustee"); (ii) all known parties holding or asserting liens, claims, encumbrances or other interests in the Assets subject to the Plan, if any; (iii) counsel to the Committee; and (iv) counsel to the DIP Lender (collectively, the "Notice Parties"). The Notice Parties shall have ten (10) business days after the Plan is served upon the Notice Parties to file an objection with the Court and serve such objection by overnight or hand delivery on counsel for the Debtors (the "Plan Objection Deadline"); and it is further

ORDERED, that if no objections are filed on or before the Plan Objection Deadline, the Debtors are authorized, but not required, to proceed with such Plan without further notice and hearing, and any sale of Assets conducted pursuant to such Plan shall be deemed fully authorized by the Court; and it is further

3

ORDERED, that if an objection to a Plan is filed and served on or before the Plan Objection Deadline, the Debtors shall not proceed with the Plan unless (i) the objection is withdrawn or otherwise resolved; or (ii) the objection is overruled by the Court at the next regularly scheduled omnibus hearing that is at least ten (10) days after the service of the objection upon counsel to the Debtors, or at the next omnibus hearing that is agreed to by the objecting party and the Debtors; and it is further

ORDERED, that DoveBid may, in its discretion, offer the Assets for sale by piece or lot, and/or include the Assets in other sales conducted by DoveBid; provided, however, that the Assets will not be commingled with any third parties' assets. DoveBid shall sell all Assets at auction to the highest bidder (subject only to the purchaser's timely payment in full and removal of purchased Assets); provided, however, no officer, director or affiliate of the Debtors shall be entitled to purchase any Assets pursuant to an auction conducted by DoveBid. DoveBid shall not guarantee the consummation of any sale and is not responsible in the event a purchaser fails to complete a purchase. DoveBid shall not permit any purchaser to take possession of Assets without full payment and DoveBid assumes the risk of collection for any equipment it allows to be removed; and it is further

ORDERED, that in the event that some Assets remain unsold (the "Unsold Assets") at the conclusions of a Sale, or a purchaser fails to perform its obligation to pay the purchase price of an Asset, DoveBid shall have the right to surrender, and shall have no further obligations with respect to the Unsold Assets; provided, however, DoveBid may, in its sole discretion, have the option of including the Unsold Assets in a subsequent sale event to be conducted within the following 60 day period which subsequent sale event shall be subject to a further Plan. The Debtors may request that DoveBid arrange for removal and temporary storage

of any Unsold Assets; provided, however, that (i) DoveBid shall have no obligation to arrange for such removal or storage, and (ii) in the event that DoveBid consents to arrange for such removal and storage, the Debtors will reimburse DoveBid for the reasonable costs and expenses incurred by DoveBid in connection therewith (any such reimbursement will be noted in the Settlement Report); and it is further

ORDERED, that all Assets sold pursuant to the Auction Procedures shall be sold "AS IS-WHERE IS," without any representations or warranties from the Debtors as to the quality or fitness of such assets for either their intended or any other purposes; provided, however, that buyers will take title to the assets free and clear of liens, claims, encumbrances and other interests pursuant to Bankruptcy Code section 363(f), with all such liens, claims, encumbrances and other interests, if any, attaching to the proceeds of the sale of the Assets with the same validity, priority, force and effect such liens, claims, encumbrances and other interest had on the Assets immediately prior to the sale; and it is further

ORDERED, that upon the conclusion of each auction, DoveBid shall issue a Settlement Report to the Debtors showing a record of sales of the Assets and the allocation of the funds generated by such sales, including the compensation received by and the total amount of expenses reimbursed to DoveBid. Each Settlement Report shall be prepared in such a manner as to comply with Federal Rule of Bankruptcy Procedure 6004(f)(1); and it is further

ORDERED, that the Debtors shall file a report (the "Compensation Report") with the Court and shall serve it upon the Notice Parties that identifies (i) the Assets sold and aggregate purchase price pursuant to the applicable Plan; (ii) the aggregate Buyer's Premium received by DoveBid pursuant to the applicable Plan; (iii) the aggregate Rebate remitted to the Debtors; and (iv) the aggregate expenses paid by the Debtors to DoveBid pursuant to the

applicable Plan. The Notice Parties shall have fifteen (15) days after the Compensation Report is filed and served to object to the compensation received by DoveBid (the "Compensation Objection Deadline"); and it is further

ORDERED, that unless an objection is filed and served before the Compensation Objection Deadline, DoveBid shall be entitled to receive the compensation and expenses reimbursement provided in the Compensation Report without further order of this Court. If an objection to the Compensation Report is filed and served by the Compensation Objection Deadline, the objection(s) will be heard at the next regularly scheduled omnibus hearing that is at least ten (10) days after the service of the objection upon counsel to the Debtors, or at the next omnibus hearing that is agreed to be the objecting party and the Debtors; and it is further

ORDERED, that DoveBid shall collect payment from the buyers of any Assets at the rate of sixteen percent (16%) of the purchase price for each Asset (the "Buyer's Premium"). The Buyer's Premium shall be reduced by one percent (1%) of the purchase price of any Asset for which a purchaser pays by cash, cashier's check, company check (with a letter of guarantee) or wire transfer provided payment in full is received by DoveBid within 72 hours from receipt of DoveBid's invoice shall be collected by DoveBid directly from each purchaser in addition to the purchase price as bid for such disposition services. The Buyer's Premium shall be 0% and DoveBid shall receive no compensation for any Asset sold to a current employee of the Debtors provided that such Asset is purchased for personal use or consumption; and it is further

ORDERED, that DoveBid shall remit to the Debtors with each Settlement Check an amount (the "Rebate") that is a percentage of the aggregate Gross Proceeds realized as a result of the sale of Assets sold subject to the respective Plan. The Rebate for the aggregate Gross

Proceeds realized between (i) $0.00 and $1,000,000 shall be 2%; (ii) $1,000,001 and $2,000,000 shall be 3%; and (iii) in excess of $2,000,000 shall be 4%; and it is further

ORDERED, that, notwithstanding the above, DoveBid shall receive such compensation and reimbursement of expenses attributable to each Plan, as set forth in the DoveBid Agreement between DoveBid and the Debtors, without further order of the Court directly from the Settlement Account; provided, however, that any amounts received by DoveBid are subject to disgorgement in the event that an order of this Court sustaining an objection to any Compensation Report under the standards of section 328 of the Bankruptcy Code. DoveBid shall not be reimbursed for any expenses that exceed the expense cap for each Plan; and it is further

ORDERED, that if any Plan provides for the sale of computers and/or computer related equipment, the Debtors shall remove all information and software applications from the computers and/or computer related equipment. Additionally, the Debtors will back-up or store the information existing on such computers and/or computer related equipment; and it is further

ORDERED, that the ten-day stay of any order authorizing the sale of property established by Bankruptcy Rule 6004(h) shall not apply to this order or to the sale of Assets and this Order is immediately effective and enforceable; and it is further

ORDERED, that the Debtors are authorized empowered to take all actions necessary to implement that the relief granted in this Order; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: January _____, 2008
       Wilmington, Delaware

                                              Christopher S. Sontchi
                                              United States Bankruptcy Judge