IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> AMERICAN HOME MORTGAGE HOLDINGS, INC., et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 07-11047 (CSS) <br> (Jointly Administered) <br><br> Docket No.: 2224 |

**ORDER GRANTING, IN PART, MOTION OF FINANCIAL GUARANTY INSURANCE COMPANY FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT TRANSFER OF THE RIGHTS AND RESPONSIBILITIES OF DEBTOR AS SERVICER UNDER THE HELOC SERVICING AGREEMENTS FOR SERIES 2005-1, 2005-2 AND 2005-4A**

Upon the motion dated November 29, 2007 (the "Motion")[1] of Financial Guaranty Insurance Company ("FGIC") for an order pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") modifying the automatic stay to permit the termination and transition of rights and responsibilities of American Home Mortgage Servicing, Inc. ("AHM Servicing") and American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), as servicer and subservicer, under HELOC Servicing Agreement dated as of March 23, 2005, HELOC Servicing Agreement dated as of June 22, 2005, HELOC Servicing Agreement dated as of October 7, 2005 and HELOC Subservicing Agreement dated on or about October 7, 2005 (collectively, the "HELOC Servicing Agreements"), as more fully described in the Motion; the Response to the Motion filed by GMAC Mortgage LLC ("GMAC") [Docket No. 2412]; Joinder of U.S. Bank National Association (an "Indenture Trustee") in Certain Provisions of GMAC Mortgage LLC's Response to Motion of FGIC for Relief from the Automatic Stay [Docket No. 2441]; and the Debtors' Limited Response to Motion of FGIC for Relief from the Automatic Stay [Docket No. 2390]; and the Court having jurisdiction over this proceeding; and venue being

---

[1]  Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Motion.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Debtors having consented to the termination of the automatic stay on the terms and conditions set forth herein; and due and proper notice of the Motion having been provided; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that the relief requested in the Motion and the Response is granted solely to the extent set forth herein;

**IT IS FURTHER ORDERED** that the automatic stay imposed by Section 362 of the Bankruptcy Code is hereby modified to permit FGIC, GMAC and the parties to the HELOC Servicing Agreements to take any and all actions necessary to transfer the rights and responsibilities of AHM Servicing and AHM Acceptance as servicer and/or subservicer of the HELOC Mortgage Loans pursuant to the HELOC Servicing Agreements (the "Servicing Rights") to GMAC;

**IT IS FURTHER ORDERED** that notwithstanding anything to the contrary in this Order, AHM Servicing and AHM Acceptance, as servicer and subservicer of the HELOC Mortgage Loans pursuant to the HELOC Servicing Agreements, shall be entitled to receive, out of any late collection of a payment on a HELOC Mortgage Loan which was due on or before January 11, 2008, that portion to which AHM Servicing and AHM Acceptance would have been entitled pursuant to sections 3.07 and 3.15 of the HELOC Servicing Agreements as well as the HELOC Servicing Fee in respect thereof, and any other amounts payable to AHM Servicing and AHM Acceptance, as servicer and subservicer, the entitlement to which arose prior to the date of the entry of this Order;

**IT IS FURTHER ORDERED** that AHM Servicing's and AHM Acceptance's rights and obligations as servicer and subservicer of the HELOC Mortgage Loans shall be transferred

effective as of January 11, 2008 (the "Transferred Date") and that AHM Servicing and AHM Acceptance shall be relieved of the obligations as servicer and subservicer of the HELOC Mortgage Loans from and after January 11, 2008, subject to the other terms of this Order;

**IT IS FURTHER ORDERED** that the Debtors shall cooperate with GMAC to transfer the Servicing Rights to GMAC; provided that the Debtors shall only be required to cooperate to the extent commercially practicable in light of the Debtors' status debtors and debtors in possession;

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of the Debtors with respect to any claim or cause of action arising under or related to the HELOC Servicing Agreements; the Amended and Restated Trust Agreement dated as of March 23, 2005 between American Home Mortgage Securities LLC, Wilmington Trust Company and Deutsche Bank National Trust Company (the "2005-1 Trust Agreement"), the Amended and Restated Trust Agreement dated as of dated as of June 22, 2005 between American Home Mortgage Securities LLC, M&T Trust Company of Delaware and Deutsche Bank National Trust Company (the "2005-2 Trust Agreement"), and the Amended and Restated Trust Agreement dated as of October 7, 2005 between Bear Stearns Asset Backed Securities I LLC, Wilmington Trust Company and U.S. Bank National Association (the "2005-4A Trust Agreement," collectively, the "Trust Agreements"); the Insurance and Indemnity Agreement dated as of March 23, 2005 between Deutsche Bank National Trust Company, AHM Acceptance, American Home Mortgage Investment Trust 2005-1, American Home Mortgage Investment Corp., AHM Servicing, GMAC, AHM Securities LLC and FGIC (the "2005-1 Insurance Agreement"), the Insurance and Indemnity Agreement dated as of June 22, 2005 between Deutsche Bank National Trust Company, AHM Acceptance, American Home

Mortgage Investment Trust 2005-2, American Home Mortgage Investment Corp., AHM Servicing, GMAC, American Home Mortgage Securities LLC and FGIC (the "2005-2 Insurance Agreement"), and the Insurance and Indemnity Agreement dated as of October 7, 2005 between U.S. Bank National Association, AHM Acceptance, American Home Mortgage Investment Trust 2005-4A, American Home Mortgage Investment Corp., GMAC, Bear Stearns Asset Backed Securities I LLC and FGIC (the "2005-4A Insurance Agreement," collectively, the "Insurance Agreements"); the Mortgage Loan Purchase Agreement dated as of March 23, 2005 between AHM Acceptance and American Home Mortgage Securities LLC (the "2005-1 Mortgage Loan Purchase Agreement"), the Mortgage Loan Purchase Agreement dated as of June 22, 2005 between AHM Acceptance and American Home Mortgage Securities LLC (the "2005-2 Mortgage Loan Purchase Agreement"), and the Mortgage Loan Purchase Agreement dated as of October 7, 2005 between AHM Acceptance and Bear Stearns Asset Backed Securities I LLC (the "2005-4A Mortgage Loan Purchase Agreement," collectively, the "Mortgage Loan Purchase Agreements"); the Indenture dated as of March 23, 2005 between American Home Mortgage Investment Trust 2005-1, Wells Fargo Bank, N.A. and Deutsche Bank National Trust Company (the "2005-1 Indenture"), the Indenture dated as of June 22, 2005 between American Home Mortgage Investment Trust 2005-2, Wells Fargo Bank, N.A. and Deutsche Bank National Trust Company (the "2005-2 Indenture"), and the Indenture dated as of October 7, 2005 between American Home Mortgage Investment Trust 2005-4A, Wells Fargo Bank, N.A. and U.S. Bank National Association (the "2005-4A Indenture," collectively, the "Indentures"); and the HELOC Back-Up Servicing Agreement dated as of March 23, 2005 between GMAC, Deutsche Bank National Trust Company and American Home Mortgage Investment Trust 2005-1 (the "2005-1 HELOC Back-Up Servicing Agreement"), the HELOC Back-Up Servicing Agreement dated as

of June 22, 2005 between GMAC, Deutsche Bank National Trust Company and American Home Mortgage Investment Trust 2005-2 (the "2005-2 HELOC Back-Up Servicing Agreement"), and the HELOC Back-Up Servicing Agreement dated as of October 7, 2005 between GMAC, U.S. Bank National Association and American Home Mortgage Investment Trust 2005-4A (the "2005-4A HELOC Back-Up Servicing Agreement," collectively, the "HELOC Back-Up Servicing Agreements"). The Debtors reserve any and all rights to contest any and all motions, claims, proofs of claim or causes of action arising from or related to the HELOC Servicing Agreements, the Trust Agreements, the Insurance Agreements, the Indentures, the Mortgage Loan Purchase Agreements, or the HELOC Back-Up Servicing Agreements on any and all bases;

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of FGIC with respect to any claim or cause of action arising under or related to the HELOC Servicing Agreements, the Trust Agreements, the Insurance Agreements, the Mortgage Loan Purchase Agreements, the Indentures and the HELOC Back-Up Servicing Agreements; provided; however, that, as of January 11, 2008, FGIC waives the right to assert as an administrative expense claim under section 503 of the Bankruptcy Code any claims arising under or related to the HELOC Servicing Agreements, the Trust Agreements, the Insurance Agreements, the Mortgage Loan Purchase Agreements, the Indentures and the HELOC Back-Up Servicing Agreements for the period after the date of entry of this Order, provided that such waiver shall be effective only so long as the Debtors comply with this Order and this Order constitutes a final, non-appealable Order. FGIC reserves any and all rights to contest any and all motions, claims or causes action arising from or related to HELOC Servicing Agreements, the Trust Agreements, the Insurance Agreements, the

Indentures, the Mortgage Loan Purchase Agreements, or the HELOC Back-Up Servicing Agreements on any and all bases;

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of GMAC with respect to any claim or cause of action arising under or related to the HELOC Servicing Agreements, the Trust Agreements, the Insurance Agreements, the Mortgage Loan Purchase Agreements, the Indentures and the HELOC Back-Up Servicing Agreements. GMAC reserves any and all rights to contest any and all motions, claims or causes action arising from or related to HELOC Servicing Agreements, the Trust Agreements, the Insurance Agreements, the Mortgage Loan Purchase Agreements, the Indentures, or the HELOC Back-Up Servicing Agreements on any and all bases:

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of any Indenture Trustee with respect to any claim or cause of action arising under or related to the HELOC Servicing Agreements, the Trust Agreements, the Insurance Agreements, the Mortgage Loan Purchase Agreements, the Indentures, and the HELOC Back-Up Servicing Agreements. Each Indenture Trustee reserves any and all rights to contest any and all motions, claims or causes action arising from or related to HELOC Servicing Agreements, the Trust Agreements, the Insurance Agreements, the Mortgage Loan Purchase Agreements, the Indentures, or the HELOC Back-Up Servicing Agreements on any and all bases;

**IT IS FURTHER ORDERED** that the deadline for FGIC, GMAC and each Indenture Trustee to each file their respective claims against any of the Debtors related to the transition of the Servicing Rights to GMAC is hereby extended to 5:00 p.m. (EST) on February 13, 2008;

**IT IS FURTHER ORDERED** that amounts held in a Reserve Fund[2] shall be used to pay the costs and expenses incurred by the GMAC in connection with its succession as HELOC Servicer and to pay the costs and expenses incurred by each Indenture Trustee in connection such successions by GMAC; <u>provided</u>, <u>however</u>, that prior to release of any amounts held in a Reserve Fund, each Indenture Trustee to the Indentures, shall release to the applicable Debtor an amount equal to $30 times each Mortgage Loan which was released from the Trust Estate during any Calendar Quarter preceding the Transferred Date for which such reconciliation has not yet been performed or such funds have not yet been released following a reconciliation;

**IT IS FURTHER ORDERED** that nothing in this Order is intended to, nor shall anything in this Order, (a) waive, or (b) limit, modify or affect the rights of AH Mortgage Acquisition Co., Inc. (the "Purchaser") with respect to, any claim under the Asset Purchase Agreement dated as of September 25, 2007 (as amended from time to time) (the "APA") and under any documents related thereto that Purchaser may assert against the Debtors with respect or related to this Order or any action to be taken pursuant to, or in connection with, this Order;

**IT IS FURTHER ORDERED** that nothing in this Order is intended to, nor shall anything in this Order, (a) waive, or (b) limit, modify or affect the rights of the Debtors with respect to, any claim under the APA and under any documents related thereto that the Debtors may assert against the Purchaser with respect or related to this Order or any action to be taken pursuant to, or in connection with, this Order; and

---

[2] Unless otherwise defined herein or in the Motion, such capitalized terms shall have the meanings ascribed to them in the applicable HELOC Servicing Agreement and HELOC Subservicing Agreement.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

DATED: December 21, 2007

Honorable Christopher S. Sontchi
United States Bankruptcy Judge