# EXHIBIT B

## Sale Procedures

## SALE PROCEDURES

These sale procedures (the "Sale Procedures") set forth the process by which the debtors and debtors in possession (the "Debtors")[1] will conduct one or more sales (the "Sales") by auction of certain mortgage loans that are sixty (60) days or more delinquent or defaulted mortgage loans, and/or mortgage loans that may contain some underwriting or compliance issue (collectively, the "Non-Performing Loans"). These procedures have been approved by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") pursuant to an order dated January __, 2008 (the "Sale Procedures Order").

The Non-Performing Loans are owned by the Debtors, but are subject to the liens of certain secured lenders (each, a "Secured Lender"). The Debtors propose to pool and sell the Non-Performing Loans as follows:

(a) Non-Performing Loans owned by the Debtors, but subject to the liens of AH Mortgage Acquisition Co., Inc., in its capacity as Lender and Administrative Agent, and the other lenders (the "DIP Lenders") under that certain Debtor-in-Possession Loan and Security Agreement (the "DIP Facility") dated as of November 16, 2007 (the "Unencumbered Non-Performing Loans"). The Debtors propose to sell approximately 83 Unencumbered Non-Performing Loans with an aggregate unpaid principal balance of approximately $24.0 million.

(b) Non-Performing Loans owned by the Debtors that constitute a portion of the collateral securing the obligations owing by certain of the Debtors to the pre-petition secured lenders (the "Pre-Petition Secured Lenders") under that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006, among Bank of America, N.A., as Administrative Agent (the "Administrative Agent"), the Pre-Petition Secured Lenders and certain of the Debtors (the "BofA Non-Performing Loans"). The Administrative Agent for the ratable benefit of itself and the Pre-Petition Secured Lenders was granted liens upon and security interests in, among other assets, the BofA Non Performing Loans pursuant to (i) a certain Security and Collateral Agency Agreement dated as of August 30, 2004, as amended, restated, modified, ratified or supplemented from time to time and (ii) the Interim Order [Docket No. 68] and the Final Order [Docket No. 554] (I) Authorizing Debtors' Limited Use of Cash Collateral, (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001, and any extensions thereof. The Debtors propose to sell approximately 208 BofA Non-Performing Loans with an aggregate unpaid principal balance of approximately $14.0 million.

(c) Non-Performing Loans owned by the Debtors that constitute a portion of the collateral securing the obligations owing by certain of the Debtors pursuant to the

---

[1] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

that certain Senior Secured Credit Agreement, dated as of January 23, 2006 (the "JPMorgan Credit Agreement"), between JPMorgan Chase Bank, N.A. ("JPM") and certain of the Debtors (the "JPM Non-Performing Loans"). The Debtors propose to sell approximately 327 JPM Non-Performing Loans with an aggregate unpaid principal balance of approximately $127.0 million.

In the event that the Debtors receive more than one Qualified Bid (as defined below), the Debtors shall hold an auction on February 13, 2008 (the "Auction"). The Sales will be documented in the asset purchase agreements (the "Purchase Agreements"), between the Debtors and the Successful Bidder(s) (as defined below).

These Sale Procedures are subject to amendment by the Debtors, in consultation with the applicable Secured Lenders and the Committee, at any time, including during the Auction, upon notice to the Qualified Bidders (as defined below). The Sale Procedures established are binding upon all bidders and the bidders will have no right to alter these Sale Procedures.

1.  Assets to be Sold

The Debtors provide these Sale Procedures, whereby prospective bidders may qualify for and participate in the Auction, thereby competing to make the highest offer for the purchase of approximately 618 Non-Performing Loans with an aggregate unpaid principle balance of approximately $164 Million (collectively, the "Assets"). The Assets include Non-Performing Loans which consist of fixed rate, adjustable rate, balloon and interest only loans originated with full and alternative documentation.

2.  Access to Information

The Debtors shall afford each Qualified Bidder reasonable due diligence information. Information relevant to the Assets for evaluation by interested parties, including certain books and records, material contracts, and other financial information for due diligence investigation shall be made available on the Debtors' Intralinks website to any bidders who have executed a valid nondisclosure agreement within twenty-four (24) hours following the execution of such non-disclosure agreement. No later than January 14, 2008, the Debtors will designate and post to the Debtors' Intralinks website three (3) categories of Non-Performing Loans which are, as of close of business on January 14, 2008, (i) Unencumbered Non-Performing Loans, (ii) BofA Non-Performing Loans, and (iii) JPM Non-Performing Loans. To obtain a copy of a non-disclosure agreement, contact American Home Mortgage Investment Corp., 538 Broadhollow Road, Mellville, New York 11747 (Attn.: Robert Johnson) Telephone: (631) 622-3246. Specific instructions for accessing the information will be provided after execution of such agreements. Interested bidders requesting information about the qualification process, and information in connection with their due diligence, should contact American Home Mortgage Investment Corp., 538 Broadhollow Road, Mellville, New York 11747 (Attn.: Robert Johnson) Telephone: (631) 622-3246.

**The diligence period will take place from January 14, 2008 to February 11, 2008.** The Debtors will coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders.

3.     Bid Deadlines

The Debtors will be accepting indicative bids (each, an "Indicative Bid") and formal, binding, unconditional, irrevocable bids (each, a "Bid"). The purpose of the Indicative Bids shall be to allow the Debtors, with the prior written consent of the Administrative Agent or JPM, as applicable, which consent may not be unreasonably withheld, and in consultation with the Committee, to determine which, if any, of the bidders submitting such Indicative Bids should be entitled to receive an Expense Reimbursement (as defined below) in accordance with the Sale Procedures Order and as described in Section 5 below.

All Indicative Bids must be submitted in writing so that they are **actually** received no later than 12:00 NOON (ET) on **January 25, 2008** (the "Indicative Bid Deadline").

All Bids must be submitted in writing so that they are **actually** received no later than 12:00 NOON (ET) on **February 11, 2008** (the "Bid Deadline").

Each Qualified Bidder must deliver its Indicative Bid and/or its Bid to: American Home Mortgage Investment Corp., 538 Broadhollow Road, Mellville, New York 11747 (Attn.: Robert Johnson) Telephone: (631) 622-3246, **with copies to:** (a) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (b) Young, Conaway, Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-0391 (Attn.: M. Blake Cleary and Sean M. Beach), counsel to the Debtors; (c) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 (Attn.: Mark S. Indelicato and Mark Power) counsel to the Official Committee of Unsecured Creditors (the "Committee"); and (d) one of the following: (i) solely with respect to Bids on the Unencumbered Non-Performing Loans, Jones Day, 222 East 41st Street, New York, New York 10017, (Attn: Erica M. Ryland and Brett Barragate); (ii) solely with respect to Bids on the BofA Non-Performing Loans, Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn: Margot B. Schonholtz and Scott D. Talmadge), counsel to the Administrative Agent; or (iii) solely with respect to Bids on the JPM Non-Performing Loans, Landis Rath & Cobb LLP, 919 Market Street, Suite 600, Wilmington, DE 19899 (Attn: Adam G. Landis).

*Indicative Bids and Bids also may be submitted by email to _____ on or prior to the Bid Deadline.*

3

4. Bid Requirements

Indicative Bid Requirements: Indicative Bids must contain: (a) a letter setting forth the identity of the bidder (including an authorized representative thereof), such bidder's counsel, and contact information for such bidder, its authorized representative and its counsel; (b) a non-binding proposal to purchase one or more of the three (3) pools of Assets, which shall identify separate purchase prices for each pool of Assets; (c) written evidence of the bidder's financial ability to pay cash to consummate the Sales (in a form satisfactory to the Debtors, in consultation with the applicable Secured Lenders and the Committee); and (d) such other information as the Debtors, in consultation with the interested Secured Lender and the Committee, may request. Bids that contain the foregoing shall be "Qualified Indicative Bids." Persons that comply with the foregoing shall be "Qualified Indicative Bidders.".

Bid Requirements: Bids must contain: (a) executed versions of the Purchase Agreement in the form of the agreement annexed hereto as **Exhibit A**; (b) a letter setting forth the identity of the bidder (including an authorized representative thereof), such bidder's counsel, and contact information for such bidder, its authorized representative and its counsel; (c) a proposal to purchase one or more of the three (3) pools of Assets, which shall identify separate purchase prices for each pool of Assets (if a Bid does not allocate a portion of the Bid to a pool, the Bid for such pool shall be deemed to be zero); (d) written evidence of the bidder's financial ability to pay cash to consummate the Sales (in a form satisfactory to the Debtors, in consultation with the applicable Secured Lenders and the Committee); (e) written acknowledgement that such Bid is unconditional and not contingent upon any event, including, without limitation, any due diligence investigation, the receipt of financing or any further bidding approval; (f) written confirmation that such Bid shall remain open and irrevocable until the closing of a Sale to the Successful Bidder or Second Best Bidder; (g) written evidence that the bidder has the requisite corporate or similar authority to consummate the Sales; and (h) such other information as the Debtors, in consultation with the Administrative Agent and the Committee, may request. Bids that contain the foregoing shall be "Qualified Bids." Persons that comply with the foregoing shall be "Qualified Bidders.".

Each Qualified Bidder shall comply with all reasonable requests for additional information by the Debtors or their advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the Sales. Failure by a Qualified Bidder to comply with requests for additional information may be a basis for the Debtors, in consultation with the applicable Secured Lenders and the Committee, to determine that a Bid made by such Qualified Bidder is not a Qualified Bid.

Bank of America, N.A. ("BofA"), for its own account and not in its capacity as Administrative Agent, each of the Pre-Petition Secured Lenders, for their respective own accounts and not in their respective capacities as Pre-Petition Secured Lenders, and JPM, for its own account and not in its capacity as lender under the JPMorgan Credit Agreement, may submit a Bid and may become a Qualified Bidder in accordance with the provisions of these Sale Procedures. Notwithstanding anything to the contrary in the Sale Procedures or the Sale

Procedures Order, if any Secured Lender submits a Bid on any pool of Assets, then they shall forfeit all consultation and consent rights with respect to any such pool of Assets. If any Pre-Petition Secured Lender submits a bid on any pool of Assets, the Administrative Agent and the other Pre-Petition Secured Lenders shall be prohibited from sharing or providing access to information to such bidder with respect to any other bids for such pool of Assets. The Secured Lenders are prohibited from sharing or providing access to information with respect to the Assets to any of their respective affiliates other than to inform such affiliates that such Assets are being sold.

5. Expense Reimbursement

Pursuant to the Sales Procedures Order, within two (2) business days following the Indicative Bid Deadline, the Debtors, with the prior written consent of the Administrative Agent or JPM, as applicable, which consent may not be unreasonably withheld, and in consultation with the Committee, are authorized to select no more than three (3) designated Qualified Indicative Bidders who shall be entitled to be paid the reasonable costs and expenses in connection with the due diligence process of the Qualified Indicative Bidder in an amount not to exceed $150.00 for each Non-Performing Loan in the pool of Assets for which a Qualified Indicative Bidder has submitted a Qualified Indicative Bid (the "Expense Reimbursement"); provided however, that payment of the Expense Reimbursement is contingent on the Qualified Indicative Bidder submitting a Qualified Bid and the Qualified Bid must be in an amount that is no less than the Qualified Indicative Bid or, if lower, the Qualified Bidder must provide reasonable justification for the decrease between the Qualified Indicative Bid and the Qualified Bid. The Debtors, in their sole discretion, but with the prior written consent of the Administrative Agent or JPM, as applicable, which consent may not be unreasonably withheld, and in consultation with the Committee, shall determine whether the decrease is reasonably justified. The Expense Reimbursement shall be payable only from the proceeds received from the Sale of the Assets for which the Qualified Bidder submitted the Qualified Bid, and from no other source.

Notwithstanding the foregoing, the Debtors, with the prior written consent of the Administrative Agent or JPM, as applicable, which consent may not be unreasonably withheld, and in consultation with the Committee, reserve the right seek court approval of a stalking horse bidder and the terms of a stalking horse bid.

6. One Qualified Bid Received

If only one timely, conforming Qualified Bid is submitted by the Bid Deadline for a particular pool of Assets, the Debtors shall not hold an Auction and, if such Qualified Bid is acceptable to the Debtors, in consultation with the applicable Secured Lenders and the Committee, instead shall seek an order of the Bankruptcy Court approving the Qualified Bid on February 14, 2008 and shall close the Sale of the Assets with the party submitting the Qualified Bid on February 14, 2008.

The Debtors, in consultation with the applicable Secured Lenders and the Committee, reserve the right to cancel the Auction or not proceed with a Sale of any pool of Assets at any time, including during the Auction, if the Debtors determine that the Qualified Bids received for any pool of Assets are not sufficiently high in relation to the aggregate principal balance of a pool of Assets.

7. Auction

If two or more timely, conforming Qualified Bids are received by the Bid Deadline for any or all of the pools of Assets, the Debtors will conduct an auction (the "Auction"). The Auction will take place on **February 13, 2008,** at the offices of Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801 at 10:00 a.m. (ET) or such later time and place as the Debtors may provide, in consultation with the applicable Secured Lenders and the Committee, so long as such change is communicated reasonably in advance by the Debtors to all Qualified Bidders.

Qualified Bidders may appear at the Auction in person or telephonically. Telephones and "breakout" rooms will be available to the authorized representatives for use to contact other bidder personnel that are not physically present at the Auction. Any Qualified Bidder that desires to participate at the Auction telephonically shall make such request in writing to the parties identified in Section 3 above. The Debtors, in consultation with the applicable Secured Lenders and the Committee, shall advise such Qualified Bidders whether they will be permitted to appear telephonically at the Auction.

8. Auction Procedures

Only the parties who have submitted a Qualified Bid will be eligible to participate at the Auction. Only the authorized representatives of each of the Qualified Bidders, the Debtors, the applicable Secured Lenders and the Committee, (collectively, the "Auction Participants") shall be permitted to attend the Auction.

Prior to the commencement of the Auction, the Debtors will announce the highest Qualified Bid submitted for each pool of Assets and the Qualified Bidder that submitted each such highest Qualified Bid. The Debtors will not announce the Qualified Bids submitted by any other Qualified Bidder. The Auction shall be conducted by the Debtors on a pool by pool basis. The bidding at the Auction for each of the pools of Assets shall start at the purchase price stated in the highest Qualified Bid for each of the pools of Assets. At the Auction, the Qualified Bidders will bid for a pool of Assets in amounts greater than the then highest Qualified Bid by at least the minimum overbid and the minimum overbid increments for each successive overbid thereafter, as determined by the Debtors, in consultation with the applicable Secured Lenders and the Committee. The Auction shall continue until there is only one Qualified Bid for each pool of the Assets that is the highest Qualified Bid for each such pool of the Assets.

Upon the failure of the Debtors to receive an overbid for a pool of Assets, or such other time as the Debtors may determine prior to the conclusion of the Auction of such pool of Assets, the Debtors, in consultation with the applicable Secured Lenders and the Committee, may determine, at which time the highest Qualified Bid for each pool of the Assets (the "Successful Bid") and the bidder making such Qualified Bid (the "Successful Bidder") and the next highest Qualified Bid for each pool of the Assets (the "Second Best Bid") and the bidder making such Qualified Bid (the "Second Best Bidder") and the price shall be identified.

The Debtors anticipate conducting, but shall not be obligated to conduct, the Auction with respect to the pools of Assets in the following order: (i) the Unencumbered Non-Performing Loans; (ii) the BofA Non-Performing Loans; and (iii) the JPM Non-Performing Loans. The Debtors intend to close the Auction on or 2:00 p.m. (ET) on February 13, 2008, but reserve the right to continue the Auction beyond such time if bidding on the Assets continues.

9. Closing of the Sales

Immediately following the conclusion of the Auction, the Successful Bidder and the Second Best Bidder for each pool of Assets shall execute definitive documentation in respect of their respective Bids. The Debtors shall seek an order of the Bankruptcy Court approving the Successful Bid and the Second Best Bid for each pool of Assets at a hearing to be held at 11:00 a.m. (ET) on February 14, 2008 (the "Sale Hearing"). The closing of the Sale for each pool with the Successful Bidder for that pool shall occur on or before 10:00 a.m. (ET) on February 15, 2008. In the event that the Successful Bidder does not close before 2:00 p.m. (ET) on February 15, 2008, the Debtors shall be authorized to close with the Second Best Bidder at 10:00 a.m. (ET) on February 18, 2008.

The Debtors will present the results of the Auction to the Bankruptcy Court at the Sale Hearing, at which certain findings will be sought from the Bankruptcy Court regarding the Auction, including, among other things, that (i) the Auction was conducted and the Successful Bidder(s) was selected in accordance with these Sale Procedures, (ii) the Auction was fair in substance and procedure, and (iii) consummation of the Sale Transaction contemplated by the Successful Bid(s) will provide the highest or otherwise best value for such Assets and is in the best interests of the Debtors and their estates.

The Debtors shall have accepted a Qualified Bid only when (i) the Bid is declared the Successful Bid at the Sale Hearing, (ii) the Bankruptcy Court has approved the Successful Bid and an order approving such Successful Bid has been docketed, (iii) definitive documentation has been executed in respect thereof, and (iv) the Sale closes.

In the event that, for any reason, the Successful Bidder fails to close the Sale Transaction contemplated by its Successful Bid, then, in consultation with the applicable Secured Lender and the Committee and without notice to any other party or further court order, the Debtors shall be authorized to close with the Second Best Bid submitted the Second Best Bidder.

10. <u>Reservation of Rights</u>

The Debtors reserve the right, in consultation with the applicable Secured Lenders and the Committee (or if prior written consent is otherwise required under the terms of these Sale Procedures, then by prior written consent), to: (i) enter into one or more stalking horse agreements and seek Court approval of same; (ii) waive terms and conditions set forth herein with respect to any or all potential bidders, (iii) impose additional terms and conditions with respect to any or all potential bidders, (iv) extend the deadlines set forth herein, (v) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; (vi) remove some or all of the Assets from the Auction, and (vii) modify the Sale Procedures as they may determine to be in the best interests of their estates or to withdraw the Motion at any time with or without prejudice.