**EXHIBIT C**

**Sale Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) | |
| et al., | ) | Jointly Administered |
| | ) | |
| Debtors | ) | Ref. Docket No. _____ |

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE: (I) AUTHORIZING THE SALE OF NON-PERFORMING
LOANS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER
INTERESTS; (II) AUTHORIZING AND APPROVING SALE AGREEMENT
THERETO; (III) AUTHORIZING THE DISTRIBUTION OF THE
PROCEEDS; AND (IV) GRANTING RELATED RELIEF**

Upon the consideration of the motion (the "Motion")[1] of American Home Mortgage

Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and

debtors in possession in the above-captioned cases (collectively, "AHM" or the "Debtors"),[2]

pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101

et seq. (the "Bankruptcy Code"), for entry of an order: (i) authorizing the sale or sales (the

"Sale") of certain non-performing mortgage loans (collectively, the "Non-Performing Loans")

free and clear of liens, claims, encumbrances, and interests, pursuant to the Sale Agreement, (ii)

authorizing and approving the Sale Agreement related thereto, (iii) authorizing the distribution of

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Sale Procedures, respectively.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

certain of the proceeds from the Sale to the secured lenders, which include, Bank of America, N.A., as Administrative Agent (the "BofA"), under that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006, and JPMorgan Chase Bank, N.A. ("JPMorgan"), under that certain Senior Secured Credit Agreement, dated as of January 23, 2006, as applicable, and (iv) granting such other related relief as the Court deems just and proper; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and the Court having entered an order on January 14, 2008 [Docket No. ____], approving the Sale Procedures and the form of Notice of Auction annexed thereto, and scheduling the Auction and a hearing (the "Sale Hearing") to approve the Sale of the Non-Performing Loans; and upon the record of the hearing on the Motion held on February 14, 2008, and the full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor:

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C.    For the reasons set forth in the Motion, due and adequate notice of the Motion, and the subject matter thereof has been provided to all parties-in-interest herein, and no other or further notice is necessary. A reasonable opportunity to object or to be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

2

D.    Granting the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested herein.

E.    The Sale Agreement between the Debtors and the Successful Bidder annexed hereto as Exhibit A (the "Successful Bidder Sale Agreement") and the Sale Agreement between the Debtors and the Second Best Bidder (together with the Successful Bidder, the "Purchaser") annexed hereto as Exhibit B (the "Second Best Bidder Sale Agreement") (together with the Successful Bidder Sale Agreement, the "Sale Agreement") has been entered into by the parties in good faith, from arms-length bargaining positions and without collusion. The Purchaser purchasing the pool of Non-Performing Loans set forth in the Sale Agreement in accordance with the Sale Procedures and pursuant to the Sale Agreement is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the Sale Agreement, or the Sale of the Non-Performing Loans set forth in the Sale Agreement, to be avoided under 11 U.S.C. § 363(n).

F.    Under the circumstances, and due and adequate notice having been provided, it is in the best interests of the Debtors, their creditors, and all other parties-in-interest herein that the Non-Performing Loans set forth in the Sale Agreement be sold to the Purchaser under section 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(c)(1) and 6004(f)(1).

G.    The consideration provided by the Purchaser for the Non-Performing Loans set forth in the Sale Agreement (i) is fair and reasonable, (ii) is the highest for the Non-Performing Loans set forth in the Sale Agreement, (iii) will provide a greater recovery for the

3

Debtors' creditors than would be provided by any other available alternative, and (iv) constitutes

reasonably equivalent value and fair consideration under the Bankruptcy Code and under the

laws of the United States, any state, territory or possession.

    H.  The Debtors are authorized to sell the Non-Performing Loans set forth in

the Sale Agreement free and clear of all interests of any kind or nature whatsoever, with such

interests transferring and attaching to the proceeds of the Sale with the same validity and priority

as such interests had in the Non-Performing Loans set forth in the Sale Agreement immediately

prior to the Sale, because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) have

been satisfied.  Those holders of interests who did not object to the Motion or the relief requested

therein, or who interposed and then withdrew their objections, are deemed to have consented to

the sale pursuant to 11 U.S.C. § 363(f)(2).  Those holders of interests who did object fall within

one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by

having their interests, if any, attach to the proceeds of the Sales of the Non-Performing Loans.

  IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

    1.  The Motion is granted.

    2.  Except as otherwise expressly provided in this Order, all objections to the

Motion or the relief provided herein that have not been withdrawn, waived or settled, are hereby

overruled and denied on the merits.

    3.  The Sale Agreement is hereby approved and shall apply with respect to the

Non-Performing Loans set forth in the Sale Agreement.

    4.  Pursuant to this Order and sections 105(a) and 363(b) of the Bankruptcy

Code, the Debtors and the Purchaser, as well as their respective officers, employees, and agents,

shall be, and hereby are, authorized to take any and all actions and/or execute any and all

4

documents as may be necessary or desirable to consummate the transactions contemplated by the Sale Agreement and to sell, transfer, and convey the Non-Performing Loans set forth in the Sale Agreement. The Debtors shall transfer the Non-Performing Loans set forth in the Sale Agreement to the Purchaser upon and as of the closing date and such transfer shall constitute a legal, valid, binding and effective transfer of such Non-Performing Loans.

5.    Upon consummation of the Sale, the Non-Performing Loans set forth in the Sale Agreement shall be transferred to the Purchaser free and clear of all liens, claims, encumbrances, or other interests pursuant to Bankruptcy Code sections 105 and 363.

6.    This Order and the Sale Agreement shall be binding upon the Debtors, the Purchaser, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest.

7.    The Purchaser shall be deemed to be good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof.

8.    The failure specifically to include any particular provisions of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

9.    All proceeds of the Sale received by the Debtors pursuant to the Sale Agreement, but only to the extent of the Secured Lenders' liens, with respect to the BofA Non-Performing Loans and the JPMorgan Non-Performing Loans, shall be paid to BofA and JPMorgan, respectively, after the payment of the Expense Reimbursement and the costs and expenses incurred by the Debtors in connection with disposing of such Secured Lenders' collateral.

5

10.     To the extent that there are any inconsistencies between the Sale Agreement and this Order, the terms of this Order shall govern.

11.     Upon the closing of the Sale, the Debtors' rights and obligations to service the Non-Performing Loans with respect to such Sale shall terminate and the Purchaser shall have the right to designate a new servicer; provided, however, that the Debtors shall provide interim servicing for the Non-Performing Loans pursuant to the Sale Agreement following the closing of each of the Sales until the Non-Performing Loans are transferred to a replacement servicer and the Debtors shall be entitled to receive the fees for such interim servicing set forth in the Sale Agreement.

12.     Pursuant to Bankruptcy Rules 7062, 9014 and 6004(h), this Order shall be effective immediately upon entry.

13.     This Court shall retain exclusive jurisdiction over any matters related to arising from the implementation of this Order and the Sale Agreement.


Dated: _____, 2008
          Wilmington, Delaware


                                        _____
                                        Christopher S. Sontchi
                                        United States Bankruptcy Judge

066585.1001

## EXHIBIT A TO SALE ORDER

**Successful Bidder Sale Agreement (to be filed)**

## EXHIBIT B TO SALE ORDER

**Second Best Bidder Sale Agreement (to be filed)**

## EXHIBIT D

**Non-Performing Loan Auction and Sale Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| AMERICAN HOME MORTGAGE | ) Case Nos. 07-11047 (CSS) |
| HOLDINGS, INC., et al., | ) |
|  | ) Jointly Administered |
| Debtors. | ) |
|  | ) **Bid Deadline: February 11, 2008 at 12:00 NOON** |
|  | ) **Auction Date: February 13, 2008 at 10:00 a.m. (ET)** |
|  | ) **Hearing Date: February 14, 2008 at 11:00 a.m. (ET)** |
|  | ) **Objection Deadline: February 7, 2008 at 4:00 p.m. (ET)** |

## NOTICE OF AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE** that on December 22, 2007 the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] filed the Motion of the Debtors for Orders: (a)(i) Approving Sale Procedures; (ii) Approving Payment of the Expense Reimbursement (iii) Scheduling a Hearing to Consider Sale of Certain Non-Performing Loans; (iv) Approving Form and Manner of Notice Thereof; and (v) Granting Related Relief; and (b)(i) Authorizing the Sale of Non-Performing Loans Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing and Approving Sale Agreement Thereto; (iii) Authorizing the Distribution of the Proceeds; and (iv) Granting Related Relief (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on January 14, 2008, the Bankruptcy Court entered an order (the "Order") granting the Motion and (i) approving the sale procedures (the "Sale Procedures") with respect to one or more proposed sales (each, a "Sale") of certain non-performing mortgage loans (the "Non-Performing Loans") pursuant to an auction (the "Auction"), (ii) approving payment of the Expense Reimbursement (iii) approving the form of this Notice of Auction and Sale Hearing, (iv) scheduling a hearing (the "Sale Hearing") for the Sales and setting objection and bidding deadlines with respect to the Sales; and (v) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Order, the Auction shall take place on **February 13, 2008, at 10:00 a.m. (prevailing Eastern Time)** at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19899.

**PLEASE TAKE FURTHER NOTICE** that only the parties who have submitted a Bid (as defined in the Sales Procedures attached to the Order) will be eligible to participate at the Auction. All Indicative Bids (as defined in the Sales Procedures attached to the Order) must be submitted in writing so that they are **actually** received no later than 12:00 NOON (ET) on **January 25, 2008**. The sole purpose of the Indicative Bids shall be to allow the Debtors to determine which, if any, of the bidders submitting such Indicative Bids should be entitled to receive an Expense Reimbursement (as defined in the Sales Procedures attached to the Order). All Bids must be submitted in writing so that they are **actually** received no later than 12:00 NOON (ET) on **February 11, 2008**.

**PLEASE TAKE FURTHER NOTICE** that the Court scheduled the Sale Hearing before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, 824 North Market Street, 5th Floor, Wilmington, Delaware 19801 on **February 14, 2008 at 11:00 a.m. (prevailing Eastern Time)**, or at such other time thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without

---

[1] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Sale, or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before **4:00 p.m. (prevailing Eastern Time) on February 7, 2008**, and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) the Debtors, American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: James L. Patton, Jr.); (iii) counsel to the Official Committee of Unsecured Creditors, Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 (Attn.: Mark S. Indelicato) and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801 (Attn.: Bonnie Glantz Fatell) (iv) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 10, 2006, Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein); (v) counsel to the DIP Lender, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan); (vi) counsel to JPMorgan Chase Bank, N.A., Landis Rath & Cobb LLP, 919 Market Street, Suite 600, Wilmington, Delaware 19801 (Attn.: Adam G. Landis and Matthew B. McGuire); and (vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon).

**PLEASE TAKE FURTHER NOTICE** that this Notice of Auction is subject to all of the terms and conditions of the Motion, the Order and the Sale Procedures and the Debtors encourage parties in interest to review such documents in their entirety. Copies of the Motion, the Sale Agreement (as defined in the Sale Procedures), the Sale Procedures and the Order may be obtained by written request to counsel to the Debtors, c/o Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391, Attention: Debbie Laskin. In addition, copies of the aforementioned pleadings may be found on the website of the Debtors' notice and claims agent, Epiq Systems - Bankruptcy Solutions LLC, at http://www.epiqbankruptcysolutions.com, the Bankruptcy Court's website, www.deb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801.

Dated: Wilmington, Delaware
_____, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession