## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 07-11047(CSS) |
| American Home Mortgage Holdings, Inc., a | ) |  |
| Delaware corporation, *et al.*, | ) | Jointly Administered |
|  | ) |  |
| Debtors | ) | Related to D.I. 2166 |
|  | ) | Objection Deadline 12/26/07 @ 4 PM |
|  | ) | Hearing Date: TBD |

### OBJECTION OF WELLS FARGO BANK, N.A. TO THE NOTICE OF INTERIM PERIOD CURE SCHEDULE (D.I. 2166)

Wells Fargo Bank, National Association (*"Wells Fargo"*), as Master Servicer, Securities Administrator, Trust Administrator, and/or Indenture Trustee for approximately 70 securitization transactions for which American Home Mortgage Servicing, Inc., (*"AHM Servicing"*) or one of the other Debtors serve as servicer, hereby files its Objection to the Notice of Interim Period Cure Schedule (the *"Objection"*). In support of this Objection, Wells Fargo states as follows:

### I.    SUMMARY OF OBJECTION

1.    Wells Fargo, as Master Servicer, Securities Administrator, Trust Administrator, and/or Indenture Trustee, files this Objection for, among other things, the following reasons:

   a.    The Proposed Interim Cure Amounts (defined below) of $0 contained in the Interim Period Cure Schedule (defined below) fail to reflect Wells Fargo's outside legal fees and expenses in connection with these bankruptcy proceedings and the transfer of the servicing business to a third party as well as Wells Fargo's internal costs for extraordinary default management and the transfer of the Debtors' servicing business; and

   b.    The Proposed Interim Cure Amounts fail to consider latent defects or defaults under the terms of the Servicing Agreements which to a high degree of mathematical certainty exist in connection with the servicing of any portfolio of loans, including, but not limited to, any losses incurred in connection with the transfer of servicing.

All court orders and notices with respect to this Objection should be sent to:

> Wells Fargo Bank, N.A.
> Attn:  William Fay
> Default & Restructuring Account Manager
> Wells Fargo Bank, N.A.
> Corporate Trust Services, Asset Securitization Group
> 9062 Old Annapolis Road, MAC N2702-011
> Columbia, MD 21045
> Phone: (410) 884-2286

**With copies to**:

> Franklin H. Top, III
> Chapman and Cutler LLP
> 111 West Monroe Street, 18th Floor
> Chicago, Illinois 60603
> Phone:  (312) 845-3000
>
> and
>
> Todd C. Schiltz
> Wolf, Block, Schorr and Solis-Cohen LLP
> 1100 N. Market St., Suite 1001
> Wilmington, DE 19801
> Phone:  (302) 777-0312

## II.    BACKGROUND

### A.    PROCEDURAL BACKGROUND

1.    On August 6, 2007, each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.    On August 6, 2007, the Debtors filed their Emergency Motion of the Debtors for Orders:  (A)(I) Approving Sales Procedures; (II) Scheduling A Hearing to Consider Sale of Certain Assets Used in the Debtor's Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of

Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the *"Sale Motion"*).    The Court approved the Sale Motion on August 7, 2007, establishing certain auction and sales procedures with respect to the loan servicing business, establishing August 27, 2007 as the date upon which assumption notices were required to be filed.

3.    On or about August 27, 2007, the Debtors filed their Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations (the *"Assumption Notice"*).    The Debtors proposed a cure amount of "$0" for each of the servicing agreements listed on the schedule attached to the Assumption Notice.

4.    On August 31, 2007, the Debtors filed a Notice amending certain dates in the sale process.    The date upon which initial bids were due was moved to September 18, 2007, with an auction scheduled for September 24, 2007 and a hearing to approve the sale on October 1, 2007.

5.    The Debtors filed a Modified Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, if Any, (the *"Modified Assumption Notice"*) which added additional contracts to the list of those contracts to be assumed and established an extended objection deadline of September 20, 2007.    Finally, on September 14, 2007, the Debtors filed a further Notice rescheduling the auction, setting October 2, 2007 as the date on which bids must be received, establishing October 5, 2007 as the date of the auction, and setting a hearing to approve the sale for October 9, 2007.    An extended deadline of October 1, 2007 was established with respect to objections to the sale or "the relief requested in the Sale Motion."

6.     On October 30, 2007, the Court entered an Order Pursuant to Sections 105, 363, 364, 365, and 503(b) of the Bankruptcy Code, and Rules 2002, 4001, 6004, 6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving (i) the Sale of the Debtors' Mortgage Servicing Business Free and Clear of Liens, Claims and Interests, (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (B) Granting Certain Related Relief (the *"Sale Approval Order"*) (Docket No. 1711).

7.     Pursuant to the Sale Approval Order, Wells Fargo filed the Initial Omnibus Cure Claim of Wells Fargo Bank, N.A., as Master Servicer, Securities Administrator, Trust Administrator and/or Indenture Trustee Against Cure Escrow (Docket No. 2229) (the *"Initial Omnibus Cure Claim"*) on or about November 29, 2007, setting forth amounts owed with respect to defaults relating to Assumed Contracts[1] related to acts or omissions that occurred prior to October 30, 2007.

8.     Pursuant to the Sale Approval Order, the Debtors filed their Notice of Interim Period Cure Schedule (Docket No. 2166) (the *"Interim Period Cure Schedule"*) on or about November 26, 2007, setting forth proposed cure amounts with respect to the Assumed Contracts related to acts or omissions that occurred between October 30, 2007 and November 16, 2007 (the *"Proposed Interim Cure Amounts"*).

9.     In accordance with paragraph 34 of the Sale Approval Order, Wells Fargo files this Objection to the Proposed Interim Cure Amounts.

---

[1]     Unless otherwise indicated, capitalized terms not defined herein shall have the same meaning given to such terms in the Sale Approval Order.

### III.    OBJECTION

#### A.    WELLS FARGO OBJECTS TO THE PROPOSED INTERIM CURE AMOUNTS

10.    Wells Fargo, as Master Servicer, Securities Administrator, Trust Administrator, and/or Indenture Trustee, asserts that the Interim Cure Amount owed is $33,401.45, subject to the reservations of rights set forth below.

11.    *Basis for Claim.*  Under the terms of the relevant Servicing Agreements, the Debtors have agreed to pay the fees and expenses of the Master Servicer in connection with the transfer of the servicing of the mortgage loans.  In addition, Wells Fargo is entitled to be indemnified in connection with any and all claims, losses and costs incurred by it as a result of the actions of the servicer.  Wells Fargo has retained the law firms of Chapman and Cutler LLP and Wolf Block to perform legal services on behalf of the Master Servicer in connection with these bankruptcy proceedings and the transfer of the servicing business to a third party.  The legal fees and expenses of outside counsel relate to extraordinary default management and sale of the Debtors' loan servicing business.  For the period between October 30, 2007 and November 16, 2007, these outside legal fees and expenses total $33,401.45.   These amounts are all in addition to the amounts set forth in the Initial Omnibus Cure Claim.

12.    Wells Fargo also asserts this Interim Cure Amount pursuant to the Order Pursuant to Sections 105(a), 345, and 503(b)(1) of the Bankruptcy Code (I) Authorizing the Debtors to Maintain and Use Existing Bank Accounts and Business Forms, (II) Authorizing the Debtors to Maintain and Use Existing Cash Management System, and (III) Extending The Debtors' Time to Comply with Section 345 of the Bankruptcy Code, dated August 7, 2007 (the *"Cash Management Order"*) (Docket No. 66).  The Cash Management Order provides that:

> The Debtors shall perform each of their Securitization Servicing
> Functions in accordance with the terms and conditions of the

> Securitization Documents until the Termination Date (as defined below). Without limiting the generality of the foregoing, the Debtors are authorized and directed to make all required Advances and to perform indemnification obligations as provided under the Securitization Documents without further application to, or order of, this Court, In addition, parties to the securitization transactions are authorized free and clear of any constraints imposed by the Bankruptcy Code, including, without limitation, section 362 of the Bankruptcy Code, to continue any customary prepetition practices of billing, reporting or otherwise making demands on each other as to amounts due and to the extent that the relevant parties continue to agree to do so, of "netting" amounts currently due to and from such parties.

Cash Management Order, page 6.

The Cash Management Order further provides that:

> The reasonable costs of such trustee monitoring efforts shall be considered a reasonable expense of administration of the securitization trust reimbursable under the indemnification provisions of the Securitization Documents in accordance with the Securitization Documents or, alternatively, such expenses shall be afforded administrative expense priority under section 503(b)(1)(A) and 507(a)(2) to the extent provided in the relevant Securitization Documents.

Cash Management Order, pages 7-8.

Wells Fargo reserves the right to assert claims for indemnification and its monitoring efforts as administrative priority expense claims.

13.    *Allocation of Interim Cure Amount.*  Set forth on <u>Exhibit A</u> hereto is an allocation of the Interim Cure Amount to each securitization transaction on the basis of the unpaid balance of the mortgages related to each securitization transaction per Schedule 5.6(a) to the Asset Purchased Agreement approved pursuant to the Sale Approval Order or per Wells Fargo's records as of June 30, 2007.

## RESERVATION OF RIGHTS

14.    Wells Fargo hereby incorporates by reference all its Reservation of Rights contained in the Initial Omnibus Cure Claim.

15.     Wells Fargo reserves the right to amend or supplement this Objection.

## CONCLUSION

WHEREFORE, Wells Fargo, as Master Servicer, Securities Administrator, Trust Administrator and/or Indenture Trustee, respectfully requests that: (a) it be granted the Interim Cure Amount in the amount set forth herein and (b) the Court grant such other and further relief as it deems equitable, just and proper.

/S/ TODD C. SCHILTZ

**WOLF, BLOCK, SCHORR AND SOLIS-COHEN, LLP**
Todd C. Schiltz (#3253)
1100 North Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 777-0313
tschiltz@wolfblock.com


and


**CHAPMAN AND CUTLER LLP**
FRANKLIN H. TOP, III
111 WEST MONROE STREET
CHICAGO, IL 60603
TELEPHONE: (312) 845-3824
top@chapman.com

*Attorneys for Wells Fargo Bank, National Association, as Master Servicer*