**IN THE UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 Case |
| | ) | |
| AMERICAN HOME MORTGAGE, INC., | ) | Case No. 07-11047 (CSS) |
| A Delaware Corporation, et al. | ) | |
| | ) | Objection Deadline: December 26, 2007 |
| Debtors. | ) | |
| | ) | Related to Doc # 11, 1711, & 2166 |

**DE LAGE LANDEN FINANCIAL SERVICES, INC.'S LIMITED
OBJECTION TO THE DEBTORS' PROPOSED CURE WITH RESPECT
TO CERTAIN DE LAGE LANDEN FINANCIAL SERVICES, INC.'S
LEASES, AS PROPOSED WITHIN THE DEBTORS CURE NOTICE**

De Lage Landen Financial Services, Inc. ("De Lage Landen"), by its attorneys, Platzer,

Swergold, Karlin, Levine, Goldberg, & Jaslow, LLP, and Duane Morris LLP  hereby submits its

limited objection and reservation of rights ("Limited Objection") to the Debtors' notice of cure

("Cure Notice")(docket # 2166) of possible assumption and assignment of certain leases made

between one of the Debtors, and De Lage Landen and the proposed cure amounts, as stated

within the Cure Notice.

**RELIEF SOUGHT BY THE DEBTOR**

1.      American Home Mortgage Holdings, Inc. (the "Debtor") and certain of its direct

and indirect affiliates and subsidiaries', the debtors and debtors in possession in the above cases

(collectively, the "Debtors") seek within their Cure Notice pursuant to 11 U.S.C. §§ 105, 363,

365 and 554 of Title 11 of the United States Code (the "Bankruptcy Code"), the Bankruptcy

Court's approval for the  assumption, cure and assignment of certain De Lage Landen equipment

leases identified by the Debtors in the Cure Notice as the follows:

a.  "Copier Lease (as may be amended)" (the "Generic Designation")

b.  "Ricoh Copier Lease 2462045, dated March 23, 2005" ( "Lease # 2462045")

c.  "Ricoh Copier Lease 24619975, dated March 22, 2005" ( "Lease # 24619975")

## GENERAL STATEMENT OF LIMITED OBJECTION TO CURE NOTICE

    a.    <u>The Generic Designation</u>

2.    The Debtors' Cure Notice is defective and legally insufficient with respect to the "Copier Lease (as may be amended)"designation, since this designation in the Cure Notice listing does <u>not</u> identity which of the De Lage Landen Leases the Debtors may be seeking to assume, cure and assign.

3.    As per an e-mail communication had between Debtors counsel and Counsel for De Lage Landen on December 10, 2007 (the "December 10th E-mail"), the inclusion of the generic designation of "Copier Lease (as may be amended)" was Debtors' inadvertent mistake. A copy of the December 10th E-mail is annexed hereto as "Exhibit A".   To the extent the Generic Designation is not deleted from Cure Notice listing, De Lage Landen objects and reserves its rights to all cure amounts due under any of the Leases that the Debtor may at a latter date claim falls under the Generic Designation.

    b.    <u>Lease # 2462045</u>

4.    With respect to Lease #2462045, the Debtors' Cure Notice is defective in that it states the cure amount is "zero" , when the Debtors have failed to pay <u>any</u> of the amounts due under this lease post-petition, although the Debtors were required to pay De Lage the amounts due under this lease post-petition under the Court's order dated November 13, 2007 (Docket # 1845) (the "November 13th Order"). The November 13th Order directs the Debtors to pay the sums due under Lease #2462045 and further provides that before Lease #2462045 may be

2

assumed, all amounts due under the Lease #2462045 must be cured. A copy of the November 13th Order is annexed hereto as "Exhibit B". The cure amount due through December 2007 for Lease #2462045 is $2,023.80.

       c.    <u>Lease # 24619975</u>

       5.    With respect to Lease # 24619975, the Debtors' Cure Notice is defective in that it states the cure amount is "zero" , when the Debtors have failed to pay <u>any</u> of the amounts due under this lease post-petition, although the Debtors were required to pay De Lage the amounts due under Lease # 24619975 post-petition under the November 13th Order. The November 13th Order directs the Debtors to pay the sums due under the lease and further provides that before Lease # 24619975 may be assumed, all amounts due under Lease # 24619975 must be cured.   A copy of the November 13th Order is annexed hereto as "Exhibit B".   The cure amount due through December 2007 for Lease #24619975 is $2,408.25.

## BACKGROUND

       6.    On August 6, 2007 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11, the Bankruptcy Code.

### The Leases

       7.    Prior to the Petition Date, various Debtors, as lessee[1], entered into approximately two-hundred fifty (250) equipment leases ("Leases") with De Lage Landen for the lease of various pieces of equipment ("Leased Equipment"), as described within the Leases and which generally consists of, but not limited to, facsimile machines, photocopier machines, postal/mail machines, and computer printers and which were required by the terms of each of relevant

---

[1] American Home Mortgage Holdings, Inc.; First Home Mortgage Corp.; and M Team Financial

leases, to be located at the locations (collectively, the "Equipment Locations") designated within each of the Leases.

8.      Pursuant to the Court's prior orders, docket # 779 and docket # 1018, respectively, the majority of the Leases were rejected by the Debtors. With respect to the remaining Leases (the "Remaining Leases") which the Debtor did not reject, the Debtors were required by the November 13th Order  to pay the specified rental amounts due under the remaining leases, and cure all payment defaults prior to any assumption of any of the Remaining Leases. The November 13th Order sets forth the monthly rental amounts due under the Remaining Leases the Debtors are required to pay.  The Debtors have not paid any of the amounts due under any of the Remaining Leases post-petition.

### DE LAGE LANDEN'S LIMITED OBJECTION AND RESERVATION OF RIGHTS

A.      Debtors' Cure Notice's Generic Designation does not
identify the particular Remaining Lease the Debtors seek to assume

9.      The Debtors' Cure Notice is defective in that it fails to identify which of the many Remaining Leases the Debtors want to assume and cure. The Debtors' Cure Notice is defective and legally insufficient with respect to the Generic Designation of "Copier Lease (as may be amended)", since this designation does not identity which of the De Lage Landen Leases the Debtors may be seeking to assume, cure and assign.

10.      As per an e-mail communication had between Debtors counsel and Counsel for De Lage Landen in the December 10th E-mail, the inclusion of the Generic Designation was an inadvertent mistake.  To the extent the Generic Designation is not deleted from Cure Notice listing, De Lage Landen objects and reserves its rights to all cure amounts due under any of the

Remaining Leases that the Debtor may at a latter date claim fall to have fallen under the Generic Designation.

B.    Debtors' Cure Notice does not state the
correct cure amount for Lease # 2462045 or Lease # 24619975

11.    With respect to Lease #2462045 and Lease # 24619975, the Debtors' Cure Notice is defective in that it states the cure amounts are "zero" for these two Leases.  The Debtors have failed to pay any of the amounts due under these leases post-petition, although the Debtor were required to pay De Lage the amounts due under these lease post-petition pursuant to the November 13th Order. The November 13th Order directs the Debtors to pay the sums due under these Leases and further provides that before any of these leases may be assumed, all amounts due under the leases must be cured. The cure amount due through December 2007 for Lease #2462045 is $2,023.80. The cure amount due through December 2007 for Lease #24619975 is $2,408.25.

12.    Section 365(d)(2) of the Bankruptcy Code states in relevant part as follows:

> "In a case under chapter 9, 11, 12 or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of . . . personal property of the debtor at any time before confirmation of a plan . . . "

5

13.     Section 365(b)(1) of the Bankruptcy Code states in relevant part as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . "

14.     The Bankruptcy Code does <u>not</u> authorize the Debtors to assume or cure a lease with respect to only some portion or parts of a lease.  The Debtors cannot "cherry-pick" those portions of any Lease the Debtors want to assume without assuming the Lease in its entirety[2].

15.     Debtors' Cure Notice does <u>not</u> state the correct cure amount for Lease # 24619975 or Lease # 24620425. The Debtors have not paid <u>any</u> of the amounts due under these leases post-petition.

16.     The proposed "Zero" cure amount stated within the Debtors' Cure Notice does not cure Lease # 24619975 or Lease # 24620425 in toto. The cure amount due through December 2007 for Lease #24619975 is $2,408.25. The cure amount due through December 2007 for Lease #2462045 is $2,023.80. De Lage Landen objects to the cure amounts stated within the Debtors' Cure Notice.

---

[2] <u>See</u> <u>In re Three Star Telecast, Inc.</u>, 73 B.R 270, 274 (Bankr., D.P.R, 1987)(If the debtor in possession opts to assume, it must assume the contract in its <u>entirety</u>, cure all defaults  . . . ")(emphasis added); <u>In re Winn-Dixie Stores, Inc.</u>, 345 B.R.402, 405-406 (Bankr. M.D.F.L, 2006)("If Debtor chooses to assume the Lease, Winn-Dixie must assume it in its <u>entirety</u>, cure the default . . . ") (emphasis added); <u>In re Sweetwater</u>, 40 B.R.733, 743 *note 23* (Bankr., U.T, 1984)("if the trustee or the debtor instead chooses to assume the lease, he has the responsibility of curing any existing default, and then must comply with the lease, term by term. The full amount of the payments provided for in the lease must be made, and they must be made under the same schedule as provided in the lease."); <u>In re Holland Enterprises</u>, 25 B.R. 301, 303 (E.D.N.C, 1982)("It is axiomatic that an assumed contract under 365 is accompanied by all its provisions and conditions. Similarly, an executory contract or unexpired lease must be rejected *in toto* [in the whole; completely]. To hold otherwise, would construe the bankruptcy law as providing a debtor in bankruptcy with greater rights and powers under a contract then the debtor had outside of the bankruptcy.")

6

17.     Additionally, De Lage Landen reserves its rights to amend or supplement its

Limited Objection to the extent that it becomes aware of additional information concerning any

of the Remaining Leases the Debtor may seek to assume, including but not limited to Lease

#24619975 and  Lease # 24620425.


Dated: December 26, 2007                **DUANE MORRIS LLP**
       Wilmington, Delaware

                                        By:/s/ Frederick B. Rosner_____
                                           Frederick B. Rosner (DE 3995)
                                           1100 N. Market Street, Suite 1200
                                           Wilmington, DE  19801
                                           Telephone:    (302) 657-4900
                                           Facsimile:    (302) 657-4901
                                           E-mail:       fbrosner@duanemorris.com

                                           - and -

                                        **PLATZER, SWERGOLD, KARLIN, LEVINE
                                        GOLDBERG & JASLOW, LLP**
                                        Scott K. Levine, Esq.
                                        Evan Salan, Esq.
                                        1065 Avenue of the Americas, 18th Floor
                                        New York, NY  10018

                                        *Counsel for De Lage Landen Financial
                                        Services, Inc.*