UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC.,<br>a Delaware corporation, et al.,<br><br>　　　　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br>**[RE: D.I. 2166]** |

**INTERIM PERIOD CURE CLAIM, OBJECTION TO THE DEBTORS'
INTERIM PERIOD CURE SCHEDULE, AND AMENDMENT TO INITIAL
CLAIM OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE**

U.S. Bank National Association, in its capacity as trustee ("U.S. Bank"), by and through its undersigned counsel, files this Interim Period Cure Claim, Objection to the Debtors' Interim Period Cure Schedule, and Amendment to Initial Claim (the "Objection") pursuant to the Order Pursuant to Sections 105, 363, 364, 365, and 503(b) of the Bankruptcy Code and Rules 2002, 4001, 6004, 6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving (i) The Sale of the Debtors' Mortgage Servicing Business Free and Clear of Liens, Claims and Interests, (ii) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (B) Granting Certain Related Relief [Docket No. 1711] (the "Sale Order").

**A.    Background**

1.    U.S. Bank is the indenture trustee or trustee in connection with certain securitization trusts for which Debtors are the servicer, or are otherwise a party, and which are the subject of the Sale Order (the "Trusts"). The Trusts are described in more detail in the Initial Cure Amount and Transfer Cost Claim Estimate of U.S. Bank National Association, as Trustee [Docket No. 2231] (the "Initial Claim"), and U.S. Bank hereby incorporates such descriptions by

reference.[1]

2. On October 30, 2007, the Court entered the Sale Order.

3. In accordance with the Sale Order, the Debtors are assuming certain agreements, or portions thereof, relating to the Trusts (collectively, the "U.S. Bank Servicing Agreements") and assigning the same to the Purchaser.[2] The U.S. Bank Servicing Agreements are described in more detail in the Initial Claim, and U.S. Bank hereby incorporates such descriptions by reference.

4. The Sale Order provides that at the Initial Closing, $10,000,000 from the Purchase Price shall be placed into escrow in full satisfaction of the Sellers' Cure Amount. Sale Order ¶ 32. To the extent the Cure Escrow is insufficient for the payment in full of all cure claims, any Counterparty may assert a general unsecured claim against the Debtors for the deficiency. Sale Order ¶ 35.

5. For each Assumed Contract, the Sale Order provides that Initial Cure Amounts were to be filed within thirty (30) days of the entry of the Order, by, among others, Certain Objectors, as provided therein. Sale Order ¶ 33. The Sale Order also provides that estimates of Transfer Cost Claims could be filed within thirty (30) days of the entry of the Sale Order. Sale Order ¶ 34. Accordingly, on November 29, 2007, U.S. Bank, a Certain Objector and Counterparty under the terms of the Sale Order, filed its Initial Claim, setting forth its Initial

---

[1] U.S. Bank is the indenture trustee, trustee or master servicer in connection with additional securitization trusts for which the Debtors are the servicers or are otherwise a party but which are not the subject of the Sale Order. Such trusts are not included in the list of trusts set forth in numbered paragraph 1 of the Initial Claim because they are not the subject of the Sale Order and this Objection, and the claims stated herein and in the Initial Claim do not include U.S. Bank's claims related to such trusts. U.S. Bank may be the indenture trustee, trustee or master servicer in connection with additional securitization trusts for which the Debtors are the servicers or are otherwise a party and which are the subject of the Sale Order but U.S. Bank has not been identified by Debtors, nor has it otherwise determined, that it is a party to such trusts. All rights to make claims against the Debtors in connection with and on behalf of all of such foregoing trusts are reserved and no waiver is hereby made.

[2] Defined terms not otherwise defined herein shall have the meanings set forth in the Sale Order.

Cure Amount, an estimate of its Transfer Cost Claim, and reserving certain rights.

6. The Sale Order also requires the Debtors to serve an Interim Period Cure Schedule setting forth the proposed cure amount for the Assumed Contracts with respect to acts or omissions that occurred between the date of the Sale Order and the Initial Closing, which is the period between October 30, 2007 and November 16, 2007 (the "Interim Period"). Sale Order ¶ 34. Accordingly, on November 26, 2007, the Debtors filed their Notice of Interim Period Cure Schedule [Docket No. 2166] (the "Proposed Interim Cure Amounts").

7. The Debtors' total Proposed Interim Cure Amounts with respect to the U.S. Bank Servicing Agreements is $0.00.

8. U.S. Bank disputes the Proposed Interim Cure Amounts; and, thus, pursuant to the provisions of the Sale Order, files and serves this Objection. *See* Sale Order ¶ 34. The cure amounts and claims set forth in this Objection are in addition to the claims set forth in the Initial Claim; and, except to the extent this Objection amends the Initial Claim as expressly provided in paragraph 21 below, nothing in this Objection should be construed to waive or modify the claims set forth in the Initial Claim.

9. The correct cure amount with respect to the U.S. Bank Servicing Agreements for the Interim Period (the "Interim Period Cure Amount") is asserted herein and is set forth in more detail below.

10. U.S. Bank also asserts this Objection and its Interim Period Cure Amount pursuant to the Order Pursuant to Sections 105(a), 345, and 503(b)(1) of the Bankruptcy Code (I) Authorizing the Debtors to Maintain and Use Existing Bank Accounts and Business Forms, (II) Authorizing the Debtors to Maintain and Use Existing Cash Management System, and (III) Extending The Debtors' Time to Comply with Section 345 of the Bankruptcy Code, dated August 7, 2007 [Docket No. 66] (the "Cash Management Order") provides that:

> The Debtors shall perform each of their Securitization Servicing Functions in accordance with the terms and conditions of the Securitization Documents until the Termination Date (as defined below). Without limiting the generality of the foregoing, the Debtors are authorized and directed to make all required Advances and to perform indemnification obligations as provided under the Securitization Documents without further application to, or order of, this Court, In addition, parties to the securitization transactions are authorized free and clear of any constraints imposed by the Bankruptcy Code, including, without limitation, section 362 of the Bankruptcy Code, to continue any customary prepetition practices of billing, reporting or otherwise making demands on each other as to amounts due and to the extent that the relevant parties continue to agree to do so, of "netting" amounts currently due to and from such parties

Cash Management Order, at 6.

11. The Cash Management Order further provides that:

> The reasonable costs of such trustee monitoring efforts shall be considered a reasonable expense of administration of the securitization trust reimbursable under the indemnification provisions of the Securitization Documents in accordance with the Securitization Documents or, alternatively, such expenses shall be afforded administrative expense priority under section 503(b)(1)(A) and 507(a)(2) to the extent provided in the relevant Securitization Documents

Cash Management Order, at 7-8. U.S. Bank reserves the right to assert claims for indemnification and its monitoring efforts as administrative priority expense claims.

12. As trustee or indenture trustee, U.S. Bank has the right to enforce the Debtors' obligations, representations, and warranties under the U.S. Bank Servicing Agreements and other related agreements for the benefit of itself and each Trust's noteholders and certificateholders.[3]

---

[3] With respect to the U.S. Bank Servicing Agreements, U.S. Bank is relying on its master servicers to enforce such obligations on its behalf and incorporates by reference any and all claims asserted by such master servicers on behalf of or against the Trusts. If such master servicers do not enforce such obligations on its behalf, U.S. Bank may be required to enforce such obligations itself. U.S. Bank by filing this Objection does not acknowledge, create, or assume any obligations that do not otherwise exist. In addition, U.S. Bank incorporates by reference any and all claims asserted by any insurers of securities issued by any of the Trusts.

**B.**     **Interim Period Cure Amount**

13. The Debtors, or certain of them including AHM Servicing, under the U.S. Bank Servicing Agreements (the "Servicer"), agreed to indemnify U.S. Bank for: (a) the Servicer's failure to perform under the Servicing Agreements and the related transaction documents ("Transaction Documents"); (b) U.S. Bank's performance of certain duties under the Transaction Documents; and (c) certain reporting requirements of the Securities Exchange Commission.

14. The Servicer also agreed to pay U.S. Bank for all of its fees and expenses, including the fees and expenses of counsel, including those relating to a transition of servicing.

15. U.S. Bank may have been named (and may be named in the future) as a defendant in litigation matters relating to the Trusts or the Servicer. With one exception, U.S. Bank is currently unaware, however, of any such litigation in which it is a named party.[4] Most of these actions were commenced by mortgage loan obligors and are being defended by the Servicer. The Servicer is obligated to defend and indemnify U.S. Bank relating to these actions. To the extent these claims arose during the Interim Period, and the Purchaser has not assumed the Servicer's indemnification obligation to U.S. Bank with respect thereto, this Interim Period Cure Amount includes U.S. Bank's indemnification claim relating to these matters. U.S. Bank neither maintains files relating to, nor is it responsible to monitor these lawsuits, because they are to be defended by the Servicer. The Debtors, not U.S. Bank, have access to the information required to determine whether or not Debtors have breached their obligations under the U.S. Bank Servicing Agreements and the claim amounts arising from any such breach. This information has been requested but it has not been provided to U.S. Bank. Debtors have represented that no

---

[4] U.S. Bank has reviewed the Debtors' Statement of Financial Affairs which lists more than 250 lawsuits. Only one of those actions expressly includes U.S. Bank as a party and U.S. Bank has no further information regarding this action.

defaults exist and that there are no cure claims arising under the terms of the U.S. Bank Servicing Agreements. Based on these representations, U.S. Bank has not included a liquidated amount for this indemnification claim and reserves the right to supplement this Interim Period Cure Amount to the extent it incurs any liability, the Debtors provide further information to U.S. Bank, or there are any changes in the facts as represented by the Debtors.

16. The Servicer is generally obligated (a) with respect to mortgage loans registered with the Mortgage Electronic Registration System, Inc. ("MERS"), to cause MERS to show on its records that U.S. Bank is the "investor" and the assignee of each mortgage securing such a mortgage loan, and to cause MERS to show on its records that the Purchaser is the servicer of those mortgage loans; and (b) with respect to mortgage loans not registered with MERS, to record with applicable state and/or county land record offices any mortgage assignments necessary for the enforcement of a defaulted mortgage loan on behalf of the applicable Trust. To the extent the Servicer failed to properly record the assignment of any of the mortgage loans to the Trusts, this Interim Period Cure Amount includes any fees and expenses related to the proper recordation of the mortgage assignment to the extent such fees and expenses arose during the Interim Period. Debtors have represented that they have not defaulted in these obligations and that there are no cure claims arising under the terms of the U.S. Bank Servicing Agreements. Moreover, because a breach of this representation by Debtors may not become apparent for years (when a mortgage loan defaults and the mortgage must be enforced by the successor servicer on behalf of the applicable Trust), U.S. Bank cannot provide a liquidated amount for the Servicer's failure to perform this obligation and its indemnification claim with respect thereto. Accordingly, and based on Debtors' representations, U.S. Bank has not included a liquidated amount for the Servicer's failure to perform these obligations and its indemnification claim with respect thereto. To the extent the Debtors' representations are inaccurate or the Servicer fails to

6

perform these obligations, U.S. Bank reserves the right to amend this Objection to include such amounts arising from such claims.

17. Debtors have also represented that they have not defaulted in any other obligations under the U.S. Bank Servicing Agreements by representing that there are no cure claims arising in connection with same. U.S. Bank is currently unaware of any such breaches but reserves the right to amend this Objection if such representations are inaccurate.

18. Accordingly, U.S. Bank asserts its Interim Period Cure Amount in the aggregate amount of $288,590.06. This amount includes (a) default administration fees and expenses, and (b) legal fees and expenses, as more fully described below.[5]

19. U.S. Bank is entitled to charge administration fees and reimbursement of expenses for its services related to this matter. These administration fees include the hourly fees of U.S. Bank's officers and any related expenses. The aggregate administration charges of U.S. Bank for the Interim Period are $11,842.50.

20. U.S. Bank retained Dorsey & Whitney, LLP to provide legal services in connection with these bankruptcy cases and the transfer of the servicing business. The aggregate fees and expenses of counsel for the Interim Period are $23,914.43.

21. U.S. Bank has received a claim for reimbursement of fees and expenses in the amount of $252,833.13 from Financial Guaranty Insurance Company (the "FGIC Claim"). A copy of the letter asserting this claim is attached as Exhibit A. The FGIC Claim is asserted as an Interim Period Cure Amount. To the extent the FGIC Claim, or portions thereof, are more properly asserted as a Transfer Cost or an Initial Cure Amount (collectively, the "FGIC Initial

---

[5] This amount is in addition to, and does not include, the fees and expenses (in the amount of $362,596.00) set forth in the Initial Claim of U.S. Bank as it existed as of November 29, 2007 and prior to any amendment of same pursuant to paragraph 21 herein below.

Cure Amount"), the Initial Claim of U.S. Bank is hereby amended to include the FGIC Initial Cure Amount.

### C.     Reservation of Rights

22.     This Objection includes the Interim Period Cure Amount of U.S. Bank. In addition to the reservations hereinabove, U.S. Bank reserves the right to amend or supplement this Objection and the Interim Period Cure Amount to the extent that it becomes aware of additional information concerning claims against the Servicer and to support this Objection with additional documents and information.

23.     The Debtors have repeatedly represented that there are no defaults in connection with their obligations as Servicer or Master Servicer under the Servicing Agreements, including the U.S. Bank Servicing Agreements. In preparing this Objection, U.S. Bank has relied on the Debtors' representations that there are no defaults under the U.S. Bank Servicing Agreements. To the extent the Debtors' representations are invalidated, repudiated, or determined to be unwarranted or untrue, U.S. Bank reserves the right to amend this Objection and the Interim Period Cure Amount to include claims and amounts relating to any claims against any of the Debtors.

24.     Pursuant to the Sale Order, U.S. Bank may file additional claims.

25.     U.S. Bank expressly reserves any rights, remedies, liens, interests, priorities, protections, defenses, and claims which it may have against the Debtors or any affiliates, subsidiaries, creditors, management, and other parties under the Bankruptcy Code, and the rights and benefits at law or in equity to all the rights and interests under and with respect to the Transaction Documents and the U.S. Bank Servicing Agreements.

26.     Nothing contained herein shall be construed as a waiver of any rights or remedies of holders of notes and certificates issued by the Trusts or U.S. Bank with respect to the

Transaction Documents.  Furthermore, nothing contained herein shall be construed as a waiver of any rights or remedies of U.S. Bank or the holders of the notes and certificates issued by the Trusts with respect to any other claims against any of the Debtors, including, without limitation, claims set forth in the Initial Claim.

Dated:   Wilmington, Delaware
        December 26, 2007

        **DORSEY & WHITNEY (DELAWARE) LLP**

        By:  /s/ Eric Lopez Schnabel
        Eric Lopez Schnabel(Del No. 3672)
        1105 North Market Street, 16th Floor
        Wilmington, Delaware 19801
        Telephone:  (302) 425-7162

        **DORSEY & WHITNEY LLP**
        Charles Sawyer (MN #140351)
        Katherine A. Constantine (MN #123341)
        50 South Sixth Street, Suite 1500
        Minneapolis, MN  55402
        Telephone:  (612) 340-2600

        *Attorneys for U.S. Bank National Association, in its capacity as Trustee*