IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>American Home Mortgage Holdings, Inc., a Delaware Corporation, et al.,[1]<br><br>Debtors. | : Chapter 11<br>: Case No. 07-11047 (CSS)<br>: Jointly Administered<br>:<br>: **Hearing Date: January 4, 2008 at 11 a.m. (ET)**<br>: **Objection Deadline: December 27, 2007 at 4 p.m. (ET)**<br>: **Related to Docket No. 2395** |

**OBJECTION OF WELLS FARGO FUNDING, INC. TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE (I) ABANDONMENT AND DESTRUCTION OF CERTAIN DUPLICATE MORTGAGE LOAN FILES OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT OF <u>REASONABLE COSTS AND EXPENSES</u>**

Wells Fargo Funding, Inc. ("Wells Fargo Funding") hereby files this objection (the "Objection") to the motion of the above-captioned debtors and debtors-in-possession (the "Debtors") seeking an order of this Court pursuant to sections 105, 363 and 554 of title 11 of the United States Code (the "Bankruptcy Code") authorizing the (i) abandonment and destruction of certain duplicate mortgage loan files or (ii) return of mortgage loan files to the owner of such loans upon payment of reasonable costs and expenses (the "Motion").

## SUMMARY OF OBJECTION

1.   In the Motion, the Debtors move pursuant to section 554 of the Bankruptcy Code for an order authorizing the Debtors to destroy or abandon certain mortgage loan files, including the Wells Fargo Files (as defined below), which are owned by third parties and in which the Debtors have no legal or equitable interest.  As a threshold matter, section 554

---

[1] The Debtors are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp. (3914); American Home Mortgage Acceptance, Inc. (1979); American Home Mortgage Servicing, Inc. (7267); American Home Mortgage Corp. (1558); American Home Mortgage Ventures LLC (1407); Homegate Settlement Services, Inc. (7491); and Great Oak Abstract Corp. (8580). The address for Debtors is 538 Broadhollow Road, Melville, New York 11747, except for American Home Mortgage Servicing, Inc., whose address if 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

of the Bankruptcy Code only provides for the abandonment of estate property. Because the Debtors have no interest in the Wells Fargo Files, such Files are not property of the Debtors' bankruptcy estates and therefore do not fall within the purview of section 554. Consequently, this Court cannot authorize the Debtors to destroy the Wells Fargo Files.

2.   As an alternative to destroying the mortgage loan files, the Debtors have offered to return the mortgage loan files to interested third parties, including Wells Fargo Funding, provided that such interested parties reimburse the Debtors for their "reasonable costs and expenses" incurred in connection with the turnover of the mortgage loan files – reimbursement for which the Debtors are not otherwise entitled. Notwithstanding that delivery of the Wells Fargo Files is conditioned upon payment to the Debtors by Wells Fargo Funding, the Debtors do not set forth any procedures governing the turnover process and have expressly refused to commit to a deadline by which the turnover will be completed.[2]

3.   Although Wells Fargo Funding is certainly supportive of the Debtors' stated intent to return the Wells Fargo Files, Wells Fargo Funding objects to any order requiring Wells Fargo Funding to reimburse the Debtors for the costs and expenses incurred in connection with such turnover absent specific procedures governing that process, consistent with those set forth below.

## BACKGROUND

4.   On August 6, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[2] Wells Fargo Funding is particularly sensitive to the fact that the Debtors are not committing to a definitive deadline for the turnover of the Wells Fargo Files. Wells Fargo has expended substantial time and financial resources engaging in negotiations with the Debtors and their agent, ACRC (as defined below) for approximately the last five months in a thus far unsuccessful effort to retrieve the Wells Fargo Files from the Melville Warehouse (as defined below).

5. Prior to the Petition Date, Debtor American Home Mortgage Corporation ("AHMC") and Wells Fargo Funding entered into that certain Loan Purchase Agreement, dated July 8, 1996 (the "Loan Purchase Agreement"), pursuant to which Wells Fargo Funding purchased from AHMC all right, title and interest to certain FHA-insured and VA-guaranteed mortgage loans as well as certain other qualifying conventional and non-conventional residential mortgage loans (collectively, the "Mortgage Loans"). A true and correct copy of the Loan Purchase Agreement is attached hereto as Exhibit A.

6. The Loan Purchase Agreement was subsequently amended on November 20, 2003 (the "Zip Fund Amendment")[3] to permit AHMC to sell certain qualifying mortgage loans to Wells Fargo Funding pursuant to Wells Fargo Funding's "Zip Fund Program," under which AHMC was allowed to sell certain qualifying Mortgage Loans to Wells Fargo Funding based on Wells Fargo Funding's receipt and review of a reduced document file and an electronic dataset containing additional information required to underwrite and service the applicable Mortgage Loan. A true and correct copy of the Zip Fund Amendment is attached hereto as Exhibit B.

7. The Loan Purchase Agreement incorporates by reference the Wells Fargo Funding Seller Guide (as amended, restated, supplemented or otherwise modified from time to time, the "Seller Guide"), which sets forth additional terms and conditions governing the relationship between AHMC and Wells Fargo Funding.[4]

8. Pursuant to the Loan Purchase Agreement, AHMC conveyed and assigned its "right, title and interest in and to each Mortgage Loan purchased by Wells Fargo [Funding],"

---

[3] All references herein to the "Loan Purchase Agreement" shall be deemed a reference to the Loan Purchase Agreement and the Seller Guide (as defined below), each as amended by the Zip Fund Amendment.

[4] Due to its voluminous and proprietary nature, Wells Fargo Funding has not included a copy of the Seller Guide as an Exhibit to this Objection. Wells Fargo Funding will provide a copy of the Seller Guide to the Court or the Debtors upon request.

3

including, without limitation, the corresponding right to service the Mortgage Loans. See Seller Guide at 310.01, 13; Loan Purchase Agreement § 1. Moreover, AHMC gave Wells Fargo Funding the "full power to endorse the Note to Wells Fargo [Funding], execute an assignment of the security instrument to Wells Fargo [Funding], to do and perform all and every act and thing whatsoever requisite and necessary to be done with full power of substitution and revocation in connection with Wells Fargo [Funding]'s purchase of the Mortgage Loan." See Seller Guide at 310.01, 13.

9. In addition to purchasing all right, title and interest in the Mortgage Loans and related servicing rights, Wells Fargo Funding purchased all right, title and interest in all documentation supporting the Mortgage Loans including, without limitation, mortgage loan files, which include highly sensitive and proprietary personal information of end-borrowers such as loan applications, legal and regulatory disclosures, bank statements, tax forms, and underwriting forms.[5] The Loan Purchase Agreement further provides that any mortgage loan files in AHMC's possession are held by AHMC as "custodian" for Wells Fargo Funding. See Zip Fund Amendment § 5.

10. Pursuant to the Loan Purchase Agreement, AHMC serves as custodian for approximately 185,000 mortgage loan files owned by Wells Fargo Funding (the "Wells Fargo Files"). Prior to the Petition Date, AHM contracted with a third-party vendor - American Corporate Record Center, Inc. ("ACRC") – to store the Wells Fargo Files at a third party-owned

---

[5] In their Motion, the Debtors acknowledge the highly sensitive nature of the information contained in the mortgage loan files, noting that federal regulations govern how such information must be disposed of. See Motion ¶17. The Wells Fargo Files also contain bank records, which are also subject federal regulation.

document storage facility in Melville, New York, which is leased by ACRC (the "Melville Warehouse"). See Motion at ¶12.[6]

11.   Since the Petition Date, Wells Fargo Funding has expended substantial time and financial resources engaging the Debtors and ACRC in negotiations to secure the turnover of the Wells Fargo Files in a good faith and amicable manner. Nevertheless, such efforts have been unsuccessful, as the parties have been unable to agree upon terms for the turnover of the Wells Fargo Files.

12.   On December 14, 2007, the Debtors filed the Motion seeking this Court's authority to abandon and destroy certain duplicate mortgage loan files or, in the alternative, to return mortgage loan files to the legal owners of such files upon payment of reasonable costs and expenses to the Debtors. The relief sought in the Motion would affect the Wells Fargo Files stored at the Melville Warehouse.

## ARGUMENT

### I.   The Mortgage Loan Files Are Not Property of the Debtors' Estates and Cannot be Abandoned or Destroyed Pursuant to Section 554 of the Bankruptcy Code

13.   The Debtors seek authorization to destroy or otherwise abandon the Wells Fargo Files pursuant to section 554(a) of the Bankruptcy Code. Section 554(a) provides that, "after notice and a hearing, a [debtor-in-possession] may abandon <u>property of the estate</u> that is burdensome to the estate or that is of inconsequential value and benefit to the estate." See 11 U.S.C. §554(a) (emphasis added). Thus, section 554(a) of the Bankruptcy Code is only applicable to the extent a debtor-in-possession seeks to abandon or destroy property that comprises part of its bankruptcy estate. See In re Weiss, 111 F.3d 1159, 1167 (4th Cir.

---

[6]   The Wells Fargo Files, along with the other mortgage loan files stored at the Melville Warehouse, are stored by ACRC pursuant to a Record Storage and Service Agreement (the "Storage Agreement") between the Debtors and ACRC dated November 29, 2005.

5

1997)(holding that bankruptcy court only has jurisdiction over a motion to abandon property pursuant to section 554 of the Bankruptcy Code to the extent debtor has an interest in the property); In re Pepper Ridge Blueberry Farms, 33 B.R. 696, 698-99 (Bankr. W.D. Mich. 1983) (holding that an order authorizing the abandonment of property pursuant to section 554 of the Bankruptcy Code, which is not property of the estate "would be a nullity."); In re Lima Days Inn, LTD., 10 B.R. 173, 175 (Bankr. N.D. Ohio 1981) (denying motion pursuant to section 554 of the Bankruptcy Code to abandon property, in which debtor had no interest and was not property of the estate).

14.  Section 541(a) of the Bankruptcy Code broadly defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).[7] Property in which a debtor has no legal or equitable interest as of the commencement of its bankruptcy case is not property of the estate, and therefore cannot properly be the subject of a motion pursuant to section 554 of the Bankruptcy Code. See Weiss, 111 F.3d at 1167 (holding that bankruptcy court only has jurisdiction over a motion to abandon property pursuant to section 554 of the Bankruptcy Code to the extent debtor has an interest in the property); Pepper Ridge Blueberry Farms, 33 B.R. at 698-99 (holding that an order authorizing the abandonment of property pursuant to section 554 of the Bankruptcy Code, which is not property of the estate "would be a nullity."); Lima Days Inn, LTD., 10 B.R. at 175 (denying motion pursuant to section 554 of the Bankruptcy Code to abandon property, in which debtor had no interest and was not property of the estate); see also Biase v. Congress Fin. Corp. (In re Tops Alliance City, Inc.), 372 F.3d 510, 513-14 (3d Cir. 2004) (stating that the debtor no longer held an interest in property after it conveyed "all of [its] right, title and interest" in the

---

[7]  Sections 541(a)(2)-(7) of the Bankruptcy Code also set forth categories of property that comprise part of a debtor-in-possession's bankruptcy estate, but those sections are not applicable under the present circumstances.

6

property to another party); Robin Assoc. v. Metro. Bank & Trust Co. (In re Robin Assoc.), 275 B.R. 218, 221 (Bankr. W. D. Pa. 2001) (holding that certain rent payments were not property of the estate because the debtor did not possess an ownership interest in the rents as of the debtor's bankruptcy petition filing date); MacArthur Exec. Assoc. v. State Farm Life Ins. Co., 190 B.R. 189, 195 (D.N.J. 1995) (holding that rents assigned to the debtor's creditor prior to commencement of the bankruptcy case were not property of the estate because the debtor did not hold title to the rents on the petition date); First Fidelity Bank, N.A. v. Jason Realty, L.P. (In re Jason Realty, L.P.), 59 F.3d 423, 428 (3d Cir. 1995) (same); In re Meybin, 104 B. R. 709, 712 (Bankr. W. D. Pa. 1989) (stating that certain property was not property of the estate because the debtor "possessed neither a legal nor an equitable interest in the [property] when the . . . case was commenced").

15. Under the plain and unequivocal language of the Loan Purchase Agreement, the Debtors have neither a legal nor an equitable interest in the Wells Fargo Files. Indeed, in addition to purchasing all right, title and interest in the Mortgage Loans and related servicing rights, Wells Fargo Funding purchased all right, title and interest in all Mortgage Loan "supporting documentation," including, without limitation, the Wells Fargo Files. See Seller Guide § 310.01, 13. The Loan Purchase Agreement further provides that the Wells Fargo Files in AHMC's possession are simply held by AHMC as "custodian" for Wells Fargo Funding. See Zip Fund Amendment § 5.[8]

16. Because the Debtors do not have any interest in the Wells Fargo Files, such Files are not property of the Debtors' estates and cannot be the subject of a motion under

---

[8] The Debtors appear to take inconsistent positions in the Motion with respect whether the mortgage loan files are property of the estate. On the one hand, the Debtors move pursuant to section 554(a) of the Bankruptcy Code for authorization to destroy the mortgage loan files. On the other hand, the Debtors clearly state that the mortgage loan files are owned by third parties, and request third parties attest to ownership of the mortgage loans. See Motion ¶29.

section 554(a) of the Bankruptcy Code. Consequently, Wells Fargo Funding respectfully requests this Court deny the Motion to the extent the Debtors seek authorization to destroy or abandon the Wells Fargo Files pursuant to section 554 of the Bankruptcy Code.

### II.    Debtors Must Establish Procedures for the Return of the Wells Fargo Files

17.    As an alternative to destroying the mortgage loan files stored at the Melville Warehouse, the Debtors have offered to return the mortgage loan files, including the Wells Fargo Files, to interested parties who, among other things, (i) submit a written request to the Debtors for the return of mortgage loan files, (ii) attest to their rightful ownership of the mortgage loan files and (iii) agree to reimburse the Debtors for the "reasonable costs and expenses" incurred by the Debtors in connection with turning over the mortgage loan files.

18.    Section 310.01, 13 of the Seller Guide states that Wells Fargo Funding holds all right, title and interest in the Wells Fargo Files. In addition, sections 10 and 11 of the Zip Fund Amendment provide for the turnover of the Wells Fargo Files to Wells Fargo Funding upon request and neither section contemplates the reimbursement of costs and expenses incurred by the Debtors in connection therewith. See Zip Fund Amendment §§ 10 & 11. In light of Wells Fargo Funding's exclusive ownership of the Wells Fargo Files and the Debtors' obligation, as custodian of the Wells Fargo Files under the Loan Purchase Agreement, to deliver the Wells Fargo Files to Wells Fargo Funding upon request and at their cost, it is somewhat brazen to condition the return of the Wells Fargo Files upon the reimbursement of the Debtors' costs and expenses incurred in connection therewith.

19.    Nevertheless, while Wells Fargo Funding welcomes the Debtors' acknowledgement that the Wells Fargo Files are property of Wells Fargo Funding and is anxious after five months of negotiations to have the Wells Fargo Files returned, Wells Fargo Funding

objects to the Motion to the extent that the Debtors seek reimbursement for the costs and expenses of retrieving the Wells Fargo Files without first establishing or proposing any specific procedures governing the turnover of the Wells Fargo Files or committing to a specific deadline by which the Wells Fargo Files will be returned.

20. Wells Fargo Funding understands that many, if not most, of the Wells Fargo Documents may be commingled with loan documents owned by other parties and that retrieving the Wells Fargo Documents will be a considerable task. Nevertheless, since the Petition Date, Wells Fargo Funding has endured significant delay and uncertainty in the return of the Wells Fargo Files and is unwilling to expend funds, which it is *not* otherwise obligated to expend pursuant to the terms of the Loan Purchase Agreement, in order to secure the return of the Wells Fargo Files only to face further delay and uncertainty as the process unfolds.

21. Moreover, establishing the terms and conditions upon which the Wells Fargo Files will be returned creates a more efficient process that will serve the interests of both Wells Fargo Funding and the Debtors, and reduce the likelihood of the Debtors withholding mortgage loan files, under the threat of destruction or abandonment or delaying their return to Wells Fargo Funding's detriment.

22. At a minimum, Wells Fargo Funding respectfully requests that this Court require the Debtors to:

(i) establish a definitive formula for calculating their "reasonable costs and expenses," not to exceed $3.50 per File, before requiring Wells Fargo Funding to attest to its agreement to reimburse such costs and expenses and establish the timing for payment of any such amounts to the Debtors;

(ii) set forth a specific deadline by which all of the Wells Fargo Funds will be returned to Wells Fargo Funding; and

(iii) establish specific guidelines pursuant to which the Debtors must return the Wells Fargo Files, including establishing: (a) the location where the Wells

Fargo Files will be stored pending turnover, (b) the condition in which Wells Fargo Files will be turned over to Wells Fargo Funding (i.e., placed in storage appropriate boxes, placed on pallets and shrink-wrapped), (c) the location where the Wells Fargo Files will be delivered to Wells Fargo Funding, and (d) the method for identifying the Wells Fargo Files that are being turned over by the Debtors to Wells Fargo Funding.

23. Wells Fargo Funding additionally requests that the Court require the Debtors to provide it with reasonable access to any facility in which the Wells Fargo Files are stored pending turnover for purposes of overseeing the turnover process and ensuring that the Debtors are taking the necessary steps to deliver the Wells Fargo Files to Wells Fargo Funding in a timely manner.

## CONCLUSION

24. To the extent the Debtors are seeking to destroy, abandon or otherwise dispose of the Wells Fargo Files pursuant to section 554 of the Bankruptcy Code, the relief sought by the Motion is inappropriate because the Wells Fargo Files are not property of the Debtors' estates. In addition, to the extent that the Debtors seek authorization to turn over the Wells Fargo Files to Wells Fargo Funding, this Court should require the Debtors to establish specific criteria, consistent with those set forth herein, to govern the turnover of the Wells Fargo Files.[9]

---

[9] Nothing in this Objection shall prejudice Wells Fargo Funding's rights or remedies under the Loan Purchase Agreement (as amended) or any other agreement between Wells Fargo Funding and any of the Debtors, including, without limitation, Wells Fargo Funding's right to file proofs of claim in the Debtors' bankruptcy cases seeking payment from the Debtors for any and all amounts owing to Wells Fargo Funding pursuant to or in accordance with the Loan Purchase Agreement (as amended).

Dated: December 27, 2007

*[signature]*
Karen C. Bifferato (No. 3279)
Marc J. Phillips (No. 4445)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-0380

-and-

Paul S. Caruso
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
*Attorneys for Wells Fargo Funding, Inc.*

#583539