**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| American Home Mortgage Holdings, Inc., | ) | |
| a Delaware corporation, *et al.* | ) | Case No. 07-11047(CSS) |
| | ) | Jointly Administered |
| | ) | |
| | ) | Related to: D.I. 2395 |
| | ) | Objection Deadline: 12/27/07 @ 4:00 PM |
| | ) | Hearing Date: 1/4/08 @ 11:00 AM |

**OBJECTION OF WELLS FARGO BANK, N.A. TO THE MOTION FOR AN ORDER
PURSUANT TO 11 U.S.C §§ 105, 363 AND 554 AUTHORIZING THE (I)
ABANDONMENT OF CERTAIN DUPLICATE LOAN FILES OR (II) RETURN OF
MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT OF
REASONABLE COSTS AND EXPENSES (D.I. 2395)**

Wells Fargo Bank, National Association (*"Wells Fargo"*), as Master Servicer, Securities

Administrator, Trust Administrator, and/or Indenture Trustee for approximately 70 securitization

transactions for which American Home Mortgage Servicing, Inc. (*"AHM Servicing"*), or one of

the other Debtors serve as Servicer (the "Servicer"), hereby files its Objection to the Motion for

an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (I) Abandonment and

Destruction of Certain Duplicate Loan Files or (II) Return of Mortgage Loan Files to the Owner

of such Loans Upon Payment of Reasonable Costs and Expenses (the *"Objection"*). In support

of this Objection, Wells Fargo states as follows:

## I.    SUMMARY OF OBJECTION

1.    Wells Fargo, as Master Servicer, Securities Administrator, Trust Administrator,

and/or Indenture Trustee, files this Objection because it believes that the Duplicate Loan Files

may contain original loan documents and is concerned about the ultimate ability of the Servicer

to realize upon loans, through foreclosure or otherwise, without these original documents. Wells

Fargo objects to the extent that the Debtors seek authority to destroy any original documents.

## II.    BACKGROUND

### A.    Procedural Background

2.    On August 6, 2007, each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3.    On August 6, 2007, the Debtors filed their Emergency Motion of the Debtors for Orders:  (A)(I) Approving Sales Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtor's Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the *"Sale Motion"*).   The Court approved the Sale Motion on August 7, 2007, establishing certain auction and sales procedures with respect to the loan servicing business and establishing August 27, 2007 as the date upon which assumption notices were required to be filed.

4.    On August 31, 2007, the Debtors filed a Notice amending certain dates in the sale process.  The date upon which initial bids were due was moved to September 18, 2007, with an auction scheduled for September 24, 2007 and a hearing to approve the sale on October 1, 2007.

5.    Finally, on September 14, 2007, the Debtors filed a further Notice rescheduling the auction, setting October 2, 2007 as the date by which bids must be received, establishing October 5, 2007 as the date of the auction, and setting a hearing to approve the sale for October 9, 2007.

6.    On October 30, 2007, the Court entered an Order Pursuant to Sections 105, 363, 364, 365, and 503(b) of the Bankruptcy Code, and Rules 2002, 4001, 6004, 6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving (i) the Sale of the Debtors' Mortgage Servicing Business Free and Clear of Liens, Claims and Interests, (ii) the

- 2 -

Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (B) Granting Certain Related Relief (the *"Sale Approval Order"*) (Docket No. 1711).

7.     Pursuant to the Sale Approval Order, the "economic sale" of the loan servicing business occurred on November 16, 2007.  Pursuant to the terms of the sale agreement AHM Servicing continues to act as Servicer for loans held in the securitization transactions for the benefit of the purchaser thereunder until the final closing of the transaction is consummated.  By its Motion AHM Servicing seeks to destroy certain "Duplicate Hard Copy Loan Files".  The Motion, however, does not describe the contents of these files in any meaningful detail making it impossible to determine whether or not the documents which are being destroyed should cause any concern.  The rationale for destroying the documents centers on the fact that AHM Servicing purportedly has an "electronic" copy of these files.

### III.     RELEVANT PROVISIONS OF A TYPICAL SERVICING AGREEMENT

8.     The Servicer's role is defined in a servicing agreement (each a "Servicing Agreement"). Each Servicing Agreement provides standards under which the Servicer is required to service mortgage loans.  These standards include provisions with respect to the use and retention of mortgage files, collections of principal and interest on mortgage loans and the exercise of remedies with respect to defaulted mortgage loans.  Section 2.02 of the Servicing Agreement dated June 30, 2006 with respect to the American Home Mortgage Assets Trust 2006- 2 (the *"Sample Servicing Agreement"*) provides the following with respect to the retention of the mortgage files by the Servicer:

> Each Mortgage File delivered to the Servicer shall be held in trust by the Servicer for the benefit of the Trust Fund and Certificateholders; provided, however, that the Servicer shall have no liability for any Mortgage Files (or portions thereof) not delivered by the Sponsor.  The Servicer's possession of any

- 3 -

> portion of the mortgage documents shall be on behalf of the Trust
> Fund for the sole purpose of facilitating servicing of the related
> Mortgage Loan pursuant to this Servicing Agreement, and such
> retention and possession by the Servicer shall be in a custodial
> capacity only. The ownership of each Mortgage Note, Mortgage,
> and the contents of the Mortgage File shall be vested in the Trust
> Fund and the ownership of all records and documents with respect
> to the related Mortgage Loan prepared by or which come into the
> possession of the Servicer shall immediately vest in the Trust Fund
> and shall be retained and maintained, in trust, by the Servicer on
> behalf of the Trust Fund in such custodial capacity only.

The Servicer does not own the mortgage file; rather, the Servicer holds it in trust for the benefit of the relevant securitization trust. To the extent the Servicer seeks to destroy original documents, it would appear the Servicer is seeking court approval to violate the terms of the relevant servicing agreement.

9. The Servicer obviously uses these Mortgage Files to service the Mortgage Loans. This includes the collection of principal and interest due on the Mortgage Loans and the exercise of remedies in the event of a default under a Mortgage Loan. The Servicing Agreement likewise provides the standards under which the loans are to be serviced:

> The Servicer shall service, or take such actions as are necessary to
> ensure, the servicing and administration of the Mortgage Loans
> and any REO Property in accordance with this Servicing
> Agreement and its normal servicing practices, which generally
> shall conform to the standards of an institution prudently servicing
> mortgage loans for its own account and shall have full authority to
> do anything it reasonably deems appropriate or desirable in
> connection with such servicing and administration. The Servicer
> may perform its responsibilities relating to servicing through other
> agents or independent contractors, but shall not thereby be released
> from any of its responsibilities for the servicing and administration
> of the Mortgage Loans. The authority of the Servicer, in its
> capacity as Servicer, and any SubServicer acting on its behalf,
> shall include, without limitation, the power on behalf of the
> Depositor and the Trustee to . . . (iv) effectuate foreclosure or
> other conversion of the ownership of the Mortgaged Property
> securing a related Mortgage Loan, including the employment of
> attorneys, the institution of legal proceedings, the collection of
> deficiency judgments, the acceptance of compromise proposals,

- 4 -

> the filing of any claims under any Primary Mortgage Insurance
> Policy, and any other matter pertaining to a delinquent Mortgage
> Loan. . .

Sample Servicing Agreement at Section 3.01.  In addition Section 3.06 of the Sample Servicing

Agreement provides:

> The Servicer shall make its best reasonable efforts to collect or
> cause to be collected all payments required under the terms and
> provisions of the Mortgage Loans and shall follow, and use its best
> reasonable efforts to cause SubServicers to follow, collection
> procedures comparable to the collection procedures of prudent
> mortgage lenders servicing mortgage loans for their own account
> to the extent such procedures shall be consistent with this
> Servicing Agreement. . .

In the ordinary course of business, therefore, the Servicer exercises remedies for the benefit of

securitization trusts.  Wells Fargo as Master Servicer is concerned that if the Debtor destroys

certain original documents, including, but not limited to, any original Notes, the Servicer's

ability to exercise remedies with respect to the mortgage loans will be impaired.  This is

particularly true given the current climate in the mortgage industry where judges in remedial

proceedings may be more stringent in requiring the Servicer to prove up the indebtedness and

produce original documentation.  See e.g. *Deutsche Nat. Bank Trust Co. v. Mays* 2007 WL

4270664 (challenging the ability of the Trustee to bring the action for failure to produce an

assignment) (attached as Exhibit A hereto).

### III.    OBJECTION

### WELLS FARGO OBJECTS TO THE DESTRUCTION OF ANY ORIGINAL MORTGAGE DOCUMENTS

10.    As a result of the foregoing, Wells Fargo believes that the proposed document

destruction request may violate the terms of the Servicing Agreements to the extent it seeks to

destroy original documents because (a) the Servicer only holds such documents in trust for the

benefit of the relevant securitization trust, and (b) the Servicer may be unable to adequately

exercise remedies in the absence of original documentation.

- 5 -

CONCLUSION

WHEREFORE, Wells Fargo, as Master Servicer, Securities Administrator, Trust Administrator and/or Indenture Trustee, respectfully requests that: (a) the Motion be denied to the extent it requests the destruction of original documents and (b) the Court grant such other and further relief as it deems equitable, just and proper.

/S/ TODD C. SCHILTZ
**WOLF, BLOCK, SCHORR AND SOLIS-COHEN, LLP**
Todd C. Schiltz (#3253)
1100 North Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 777-0313
tschiltz@wolfblock.com


and


**CHAPMAN AND CUTLER LLP**
FRANKLIN H. TOP, III
111 WEST MONROE STREET
CHICAGO, IL 60603
TELEPHONE: (312) 845-3824
top@chapman.com

*Attorneys for Wells Fargo Bank, National Association, as Master Servicer*

Dated: December 27, 2007

WIL:70327.1/WEL079-247173