# Exhibit A

Westlaw.

Slip Copy                                                                                                                        Page 1

Slip Copy, 2007 WL 4270664 (N.D.Ohio)

(Cite as: 2007 WL 4270664 (N.D.Ohio))

Only the Westlaw citation is currently available.

United States District Court,
N.D. Ohio.
DEUTSCHE NATIONAL BANK TRUST COMPANY, Plaintiff,
v.
Sheryl MAYS, Keith Mays, Defendants.
No. 1:07-cv-02334.

Dec. 3, 2007.

Kevin L. Williams, Manley Deas Kochalski, Columbus, OH, for Plaintiff.

Sheryl Mays, pro se.

Keith Mays, pro se.

OPINION & ORDER

JAMES S. GWIN, District Judge:

*1 Before this Court is an application for default judgment, filed by the Plaintiff, Deutsche National Bank Trust Company ("Deutsche Bank"). [Doc. 13.] The Defendants have not opposed the motion. For the following reasons, this Court **DENIES** the Plaintiff's application for default judgment and **DISMISSES** this case without prejudice.

I. Background

On July 31, 2007, the Plaintiff filed a complaint against the Defendant for foreclosure on the property located at 2925 East 59th Street, Cleveland, OH 44127. [Doc. 1.] The Plaintiff claimed that this Court possessed subject matter jurisdiction over the case based on federal diversity jurisdiction. *Id.* The Plaintiff alleged that Defendants had defaulted on the note and mortgage that they executed on the property. *Id.* On September 9, 2007, the Court, upon learning the Defendants had filed for Chapter 13 bankruptcy, stayed this action. [Doc. 10]. On November 6, 2007, the Court lifted the stay pursuant to the Bankruptcy Judge's ruling that New Century Mortgage Corporation be relieved from the stay. [Doc. 12, Ex. 2].

II. Discussion

Parties that file cases in federal court on the basis of diversity jurisdiction bear the burden of establishing that such subject matter jurisdiction exists. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999). As a jurisdictional prerequisite, the plaintiff must establish that he or she has standing to bring the lawsuit in federal court. *Id.* at 494; *Lewis v. Casey*, 518 U.S. 343, 349 n. 1 (1996). The issue of standing must remain open to judicial review at every stage of the litigation. *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994). In order to demonstrate standing, a plaintiff must prove that he has suffered an injury in fact, the injury must be "fairly traceable" to the defendant, and the requested relief must be capable of redressing the injury. *Coyne*, 183 F.3d at 494. Article III of the U.S. Constitution requires that the plaintiff demonstrate that he has personally suffered an actual injury due to the defendant's conduct. *Id.*

In this case, the Plaintiff, Deutsche Bank, claims that it is the holder and owner of the Note and Mortgage executed on the Defendants' property. However, upon close examination of the record, the Note and Mortgage provided by the Plaintiff show that the mortgagee at the time of the filing of the complaint was the original lender, New Century Mortgage Corp. [Docs. 1, Ex. 4.] Indeed, New Century Mortgage Corp participated in litigation at the Bankruptcy Court, suggesting this is their interest.

The Court's Fifth Amended General Order No.2006-16, governing foreclosure cases based on diversity jurisdiction, requires the Plaintiff to file an affidavit with the complaint that identifies the

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Slip Copy                                                                                           Page 2

Slip Copy, 2007 WL 4270664 (N.D.Ohio)

**(Cite as: 2007 WL 4270664 (N.D.Ohio))**

Plaintiff either as the original mortgage holder, an assignee, trustee, or successor-in-interest. [Doc. 1, Ex. 4]. In its affidavit, the Plaintiff asserted that it was the owner and holder of the relevant promissory note and mortgage, but did not indicate any assignment of interest. [Doc. 1, Ex. 4]. Plaintiff subsequently filed a notice of assignment. [Doc. 11 ] This notice of assignment shows that the assignment did not occur until September 19, 2007. [Doc. 11]

*2 The record, therefore, does not show that the Plaintiff was the owner and holder of the interest, title, and rights under the Mortgage and Note at the time of the filing of the foreclosure complaint on July 31, 2007. Plaintiff Deutsche Bank does not appear to have had any ownership interest at the time that this lawsuit was commenced. The Plaintiff, therefore, has not carried its burden of proving standing because it has not shown that it personally suffered an actual injury prior to the filing of the complaint. *Coyne*, 183 F.3d at 494. Plaintiff Deutsche Bank has thus not met the prerequisite for establishing that subject matter jurisdiction exists in this case.

### III. Conclusion

The Court, therefore, **DISMISSES** this case without prejudice. Accordingly, all orders of the Court and any entries by the Clerk are vacated. If the Plaintiff has information to establish that it was the owner and holder of the Note and Mortgage as of the date that the complaint was filed, the Plaintiff may provide that evidence to the Court and seek reconsideration of this Order.

IT IS SO ORDERED.

Slip Copy, 2007 WL 4270664 (N.D.Ohio)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.