**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AMERICAN HOME MORTGAGE | § | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., | § | (Jointly Administered) |
| et al., | § | |
| | § | Re:  Docket No. 2395 |
| Debtors. | § | |

**OBJECTION OF CALYON NEW YORK BRANCH TO MOTION OF THE DEBTORS
FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE
(I) ABANDONMENT AND DESTRUCTION OF CERTAIN DUPLICATE MORTGAGE
LOAN FILES OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF
SUCH LOANS UPON PAYMENT OF REASONABLE COSTS AND EXPENSES**

Calyon New York Branch, as Administrative Agent under the Repurchase Agreement

("Calyon"), by and through its undersigned counsel, submits the following as its objection to the

Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (I)

Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of

Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and

Expenses (the "Motion") filed by the captioned debtors and debtors in possession (the

"Debtors"):

**PRELIMINARY STATEMENT**

1.      Calyon objects to the Motion to the extent the Debtors seek relief with respect to

mortgage loan files related to that certain Repurchase Agreement dated November 21, 2006 (the

"Repurchase Agreement").   Capitalized terms not defined herein have the meanings given to

them in the Repurchase Agreement.  Mortgage loan files related to the Repurchase Agreement

are not property of the Debtors' estates.  Sections 105, 363 and 554 of the title 11 of the United

States Code (the "Bankruptcy Code") *only* authorize the Debtors to take the actions requested in

the Motion with respect to *property of the Debtors' estates*.  Thus, the Debtors are not authorized

to take the actions requested in the Motion with respect to mortgage loan files related to the Repurchase Agreement because such mortgage loan files are not property of the Debtors' estates.

2.      More particularly, Calyon objects to the relief requested in the Motion with respect to hard copy mortgage loan files ("Hard Copy Files") related to the Repurchase Agreement which do not have a corresponding *complete* electronically imaged mortgage loan files ("Electronic Files"). Such relief may substantially prejudice Calyon because the destruction of such Hard Copy Files may destroy documents which have not been imaged and sent into the Electronic Files. Calyon also objects to the relief requested in the Motion with respect to Hard Copy Files which contain original documents because the destruction of certain original documents may substantially prejudice Calyon's ability to enforce, and comply with, the terms of the applicable mortgage loans.

3.      Nevertheless, although the Bankruptcy Code does not authorize the Debtors to take the actions requested in the Motion regarding *any* of the Hard Copy Files related to the Repurchase Agreement, Calyon does not object to the destruction of Hard Copy Files which (i) have corresponding *complete* Electronic Files; and (ii) do not contain original documents.

4.      In addition, Calyon objects to the alternative relief requested in the Motion regarding the proposed procedure for the return of mortgage loan files to third parties, including the imposition of a fee. The Debtors are not entitled to such relief under the Repurchase Agreement, the Bankruptcy Code or otherwise applicable law.

## BACKGROUND

5.      American Home Mortgage Corp. ("AHMC"), American Home Mortgage Servicing, Inc. ("AHMS"), American Home Mortgage Acceptance, Inc. ("AHMA"), and

American Home Mortgage Investment Corp. ("AHMI"; together with AHMC, AHMS, and AHMA, the "Defendants") are each Sellers under the Repurchase Agreement.

6.    On August 6, 2007, along with the other Debtors, the Defendants filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code.

7.    On August 28, 2007, Calyon filed its Complaint and Request for Declaratory Judgment, Injunctive Relief and Damages (the "Complaint"). In the Complaint, Calyon sought declaratory and injunctive relief, and damages, due to the termination of the Repurchase Agreement and the Defendants' failure and refusal to take the actions required by such termination, including, without limitation, transferring certain records and funds as required to transition the day to day servicing of certain mortgage loans. More particularly, in the Complaint Calyon sought, among other things, (i) a declaratory judgment that the Repurchase Agreement is a repurchase agreement within the meaning of the safe harbor provisions and therefore pursuant to sections 362(b)(7), 555, and 559 of the Bankruptcy Code, Calyon's rights to liquidate, terminate and accelerate the Repurchase Agreement are not stayed, avoided or otherwise limited by the operation of any provision of the Bankruptcy Code; (ii) injunctive relief compelling the Defendants to transfer certain records and funds as required to transition the day to day servicing of the Mortgage Loans; and (iii) damages.

8.    On September 11, 2007, the Defendants filed their Answer (the "Answer") and First Counterclaim (the "Counterclaim"). In the Answer, the Defendants argued that the Repurchase Agreement is not safe harbored under sections 555 and 559 because it should be recharacterized as a secured loan or, alternatively, if the Court determines that it is safe harbored, then the servicing provisions should be severed and treated as a separate contract which is not safe harbored. In the Counterclaim, the Defendants sought a declaratory judgment that the

Repurchase Agreement is not a repurchase agreement within the meaning of Section 101(47) because it should be recharacterized as a secured financing.

9.      The Phase I Trial in the adversary proceeding (the "Adversary Proceeding") was held on November 6, 7 and 8, 2007.  Following post-trial briefing, oral argument on the Phase I Trial was held on November 26, 2007.  Calyon incorporates by reference in this objection: (i) the pleadings and other documents Calyon filed in the Adversary Proceeding; (ii) Calyon's Exhibits from the Phase I Trial; and (iii) the transcript of the Phase I Trial.  To date, the Court has not issued a ruling on the Phase I Trial.

## THE MOTION

10.      In the Motion, the Debtors seek authority to abandon and destroy certain Hard Copy Files.  *See* Motion, ¶ 21.  Although the Debtors identify the documents they seek authority to destroy as "Duplicate Hard Copy Loan Files," the Motion does not confirm whether each of the "Duplicate Hard Copy Loan Files" has a corresponding *complete* Electronic File.  *See* Motion.  Similarly, the Motion is unclear about whether the "Duplicate Hard Copy Loan Files" the Debtors seek authority to destroy include irreplaceable original documents such as original notes and security instruments.  *See id.*  Consequently, it appears that through the Motion the Debtors may be seeking authority to destroy both Hard Copy Files that do not have corresponding *complete* Electronic Files, and Hard Copy Files that contain original documents.

11.      In addition, in the Motion the Debtors alternatively seek authority

to return the Duplicate Hard Copy Loan Files to the owner of such loans upon written request and payment of all reasonable costs and expenses associated with the retrieval, review and return (the "Returned Loan Files"), in accordance with the federal and state laws which protect confidential consumer information.

Motion, ¶ 21; *see id.* ¶¶ 27 and 29.

12.    The Debtors rely on Bankruptcy Code sections 105, 363 and 554 for the relief requested in the Motion. *See* Motion, ¶¶ 22 - 25.

## ARGUMENT

13.    The Bankruptcy Code does not authorize the relief requested in the Motion regarding the Hard Copy Files related to the Repurchase Agreement because such files are not property of the Debtors' estates. Sections 363 and 554 each explicitly refer to actions which may be taken with respect to *property of the estate*. 11 U.S.C. §§ 363(b)(1) and 554. Sections 363 and 554 *only* authorize the relief requested in the Motion to the extent the Hard Copy Files are property of the Debtors' estates.

14.    Section 105 does not expand the authority granted by sections 554 and 363 to property that is not property of the Debtors' estates. It is well-established that section 105 supplements courts' powers to enter orders in furtherance of provisions of the Bankruptcy Code, but that section 105 does not create substantive rights which otherwise do not exist under the Bankruptcy Code. *See, e.g., Joubert v. ABN AMRO Mortgage Group, Inc.*, 411 F.3d 452, 455 (3d Cir. 2005). Thus, section 105 does not authorize the relief requested in the Motion regarding Hard Copy Files that are not property of the Debtors' estates.

### A.    The Hard Copy Files Related to the Repurchase Agreement Are Not Property of the Debtors' Bankruptcy Estates.

15.    As set forth in the Complaint, the other documents and pleadings filed in the Adversary Proceeding, and at the Phase I Trial, the mortgage files related to the Repurchase Agreement, including without limitation the Hard Copy Files, are Calyon's property and are not property of the Debtors' estates. Such files are not property of the Debtors' estates for at least three (3) different reasons.

16.    First, the Repurchase Agreement, including the servicing provisions, constitutes a single contract which is protected by the Bankruptcy Code's safe harbor provisions. Accordingly, on the Petition Date, the Repurchase Agreement terminated, and any rights the Debtors may have had to the Hard Copy Files were eliminated. Therefore, the Hard Copy Files are not property of the Debtors' estates.

17.    Second, even if the Repurchase Agreement, including the servicing provisions, was not protected by the safe harbor provisions, the Repurchase Agreement terminated prior to the Petition Date as a result of the Defendants' pre-petition defaults. Therefore, the Hard Copy Files were not property of the Debtors on the Petition Date, and did not become property of the Debtors' estates.

18.    Third, even if the Repurchase Agreement, including the servicing provisions, was not protected by the safe harbor provisions and the Repurchase Agreement did not terminate pre-petition, as of November 20, 2007, any rights the Defendants may have had to the Hard Copy Files automatically terminated under the terms of the Repurchase Agreement. Thus, the Hard Copy Files are not property of the Debtors' estates.

19.    As a result, the Hard Copy Files related to the Repurchase Agreement are not property of the Debtors' estates and the Bankruptcy Code does not authorize the relief requested in the Motion with respect to such files.

**B.    The Relief Requested Would Substantially Prejudice Calyon.**

20.    The destruction of certain Hard Copy Files related to the Repurchase Agreement would substantially prejudice Calyon. Through the Motion, the Debtors appear to seek authority to destroy both Hard Copy Files that do not have corresponding *complete* Electronic Files, and Hard Copy files that contain critical original documents. *See* Motion.

21.    The destruction of Hard Copy Files related to the Repurchase Agreement which do not have corresponding *complete* Electronic Files may destroy documents which have not been imaged and sent to the Electronic Files.  Approximately 5,600 mortgage loans remain outstanding under the Repurchase Agreement.  Approximately *half* of these 5,600 mortgage loans have incomplete mortgage files.  More particularly, there are approximately *3,800 missing documents*, otherwise known as "exceptions," for the mortgage files related to the Repurchase Agreement.

22.    Despite the statements in the Motion which suggest otherwise, the Debtors' duplicating system contains flaws which result in documents found in Hard Copy Files not being imaged and sent to the corresponding Electronic Files.  The Debtors make at least two types of mistakes when they attempt to image and send documents from Hard Copy Files to Electronic Files.  First, the Debtors sometimes fail to image documents found in Hard Copy Files, and therefore the Debtors do not send images of such documents to the corresponding Electronic Files.  Second, the Debtors sometimes image documents found in Hard Copy Files, but fail to send the images to the corresponding Electronic Files.  This second type of mistake may occur, *inter alia*, because a borrower's name is misspelled, an address is incorrect, or there is some other discrepancy in a document which results in the electronic image being saved but not sent to the corresponding Electronic File.

23.    Calyon is aware of these mistakes because, among other things, the Debtors made both types of mistakes in connection with certain mortgage loans related to Broadhollow Funding, LLC which the Debtors sold during these bankruptcy cases (the "Broadhollow Sale").  In connection with the Broadhollow Sale, the Debtors eventually located numerous previously missing documents which (a) were contained in the Hard Copy Files but were not imaged and

sent to the corresponding Electronic File or (b) were imaged but not sent to the corresponding Electronic File. The existence of such mistakes in connection with the loan files related to the Broadhollow Sale suggests that the Debtors made similar mistakes regarding the Hard Copy Files related to the Repurchase Agreement. Thus, it is highly likely that the destruction of Hard Copy Files which do not have corresponding *complete* Electronic Files, would destroy documents which have not been imaged and/or sent to the correct Electronic Files.

24.    In addition, through the Motion the Debtors appear to seek authority to destroy original documents such as original notes and security instruments. These original documents are necessary for the processing of any payoffs, refinances, assumptions, foreclosures and other transactions involving the mortgage loans related to the Repurchase Agreement.

25.    The destruction of Hard Copy Files which do not have corresponding *complete* Electronic Files, or the destruction of critical original documents, would substantially prejudice Calyon, including by limiting or even eliminating Calyon's ability (a) to enforce its rights under certain of the mortgage loans; and (b) to provide releases and/or discharges of the notes and security instruments upon payoff, as potentially required by the applicable documents and state law. Thus, Calyon objects to the relief requested in the Motion to the extent (a) the Hard Copy Files related to the Repurchase Agreement do not have corresponding complete Electronic Files; or (b) the Hard Copy Files contain original documents.

**C.    Calyon Consents to Certain of the Relief Requested in the Motion.**

26.    Although the Bankruptcy Code does not authorize the Debtors to take the actions requested in the Motion regarding *any* of the Hard Copy Files related to the Repurchase Agreement, subject to appropriate verification by the Debtors, Calyon does not object to the

destruction of Hard Copy Files to the extent the Hard Copy Files (i) have corresponding *complete* Electronic Files; and (ii) do not contain original documents.

### D.    Calyon Objects to the Alternative Relief Requested in the Motion.

27.    Apart from section 105, which is inapplicable because there are no substantive Bankruptcy Code provisions on point, the Debtors cite no authority to support unilaterally re-writing the Debtors' contracts with third-parties to arbitrarily impose the notice/information and payment requirements proposed in the Motion.

28.    Neither the notice/information requirements nor the imposition of a fee, which fee apparently would be left to the Debtors' discretion, should apply to the mortgage loan files related to the Repurchase Agreement. As set forth in the Complaint, the other pleadings and documents filed in the Adversary Proceeding, and at the Phase I Trial, Calyon has repeatedly requested the turnover of the mortgage loan files related to the Repurchase Agreement. The Debtors are well aware of both the mortgage loans related to the Repurchase Agreement and Calyon's position that the Debtors must turnover all files and funds related to those mortgage loans. As a result, there is no need, or justification, for any of the notice/information requirements for the mortgage loan files related to the Repurchase Agreement.

29.    Moreover, nothing in the Repurchase Agreement, the Bankruptcy Code or otherwise applicable law, supports re-writing the Repurchase Agreement to impose a fee on Calyon for the Debtors to transfer the mortgage loan files to Calyon or Calyon's designee. Further, the application of the safe harbor provisions to the Repurchase Agreement, and Calyon's claims against the Debtors, including without limitation, potential setoff and recoupment claims, weigh against imposing any fee on Calyon.

## **RESERVATION OF RIGHTS**

30.     Calyon reserves the right to object and otherwise respond to the Motion on such other and further grounds as Calyon deems appropriate at the hearing on the Motion.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE Calyon respectfully requests that this Court (i) deny the Motion to the extent the relief requested concerns Hard Copy Files related to the Repurchase Agreement which (a) do not have corresponding complete Electronic Files or (b) contain original documents; (ii) deny the alternative relief requested in the Motion to the extent it relates to mortgage loan files related to the Repurchase Agreement; and (iii) grant Calyon such other and further relief as is just and appropriate.

Dated: December 27, 2007

ECKERT SEAMANS CHERIN & MELLOTT, LLC

Michael G. Busenkell (DE No. 3933)
Margaret F. England
300 Delaware Avenue, Suite 1210
Wilmington, DE  19801
Telephone:  (302) 425-0430
Telecopier:  (302) 425-0432

-and-

HUNTON & WILLIAMS LLP
Benjamin C. Ackerly
Jason W. Harbour (DE No. 4176)
Riverfront Plaza, East tower
951 E. Byrd Street
Richmond, Virginia  23219-4074
Telephone:  (804) 788-8200
Telecopier:  (804) 788-8218

-and-

Peter S. Partee
Scott H. Bernstein
200 Park Avenue, 53rd Floor
New York, New York  100166-0136
Telephone:  (212) 309-1000
Telecopier:  (212) 309-1100

Counsel to Calyon New York Branch