IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE | ) Case No. 07-11047 (CSS) |
| HOLDINGS, INC., *et al.*, | ) |
| | ) |
| Debtors. | ) Objection Deadline: December 27, 2007 at 4:00 p.m. (ET) |
| | ) Hearing Date: January 4, 2008 at 11:00 a.m. (ET) |

**OBJECTION OF CITIMORTGAGE, INC. TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 553 AUTHORIZING THE (I) ABANDONMENT AND DESTRUCTION OF CERTAIN DUPLICATE MORTGAGE LOAN FILES OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT OF REASONABLE COSTS AND EXPENSES (DOCKET NO. 2395)**

CitiMortgage, Inc. ("CMI"), hereby objects, in accordance with Sections 363(b) and 554(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 6004(b) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the motion of American Home Mortgage Corp., American Home Mortgage Servicing, Inc. and certain affiliates (collectively, the "Debtors" or "AHM") for An Order Pursuant to 11 U.S.C. §§ 105, 363 and 553 Authorizing the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses (the "Abandonment Motion"). [Docket No. 2395].

Debtors are not authorized to abandon and destroy or otherwise charge a retrieval fee for Mortgage Loan Files held in its custody because, contrary to Debtors' suggestions, the documents in these files are not property of the estate. Indeed, Debtors admit this fact in their Omnibus Response to Certain Objections to the Sale of Certain Assets and the Assumption and Assignment of Executory Contracts Relating to the Debtors' Loan Servicing Business (the "Omnibus Response"). [Docket No. 1443].

1642111/1

As CMI sets forth in greater detail in its Motion to Lift the Automatic Stay and to Compel Debtors to Release Loan Documents (the "Motion to Release") (also filed today), Debtors currently hold in custody many of CMI's Mortgage Loan Files[1] – the contents of which are CMI's property per contract and statutory law, and thus must be released immediately without charge to CMI. A copy of the Motion To Release is attached hereto. If anyone is entitled to payment on these documents, it is CMI, as Debtors failed to deliver these documents either before or after CMI purchased the respective Loans.

Accordingly, CMI asks this Court to deny Debtors' Abandonment Motion and instruct Debtors to release CMI's Mortgage Loan Files without cost.

## JURISDICTION

1. The Court has jurisdiction over this objection pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief CMI seeks in this objection are Sections 363(b), 541(d) and 554(a) of the Bankruptcy Code, and Bankruptcy Rules 6004(b) and 9014.

## BACKGROUND

3. CMI in its Motion to Release describes in detail the background to the Correspondent Loan Agreements, and in particular, Debtors' contractual obligation to deliver the documentation for each Loan to CMI. That description at pp. 3-5 of the Motion to Release is incorporated by reference herein and will not be repeated. To date, AHM is in breach of the Correspondent Loan Agreements because it has failed to deliver a number of Loan documents to CMI.

---

[1] All capitalized terms or phrases not defined in this motion or the Debtors' Abandonment Motion shall have the meanings ascribed to them in the Correspondent Loan Purchase Agreement and attached addendums dated August 9, 2001, the Correspondent Loan Purchase Agreement and attached addendums dated January 27, 2005, the Bulk Purchase Amendment dated July 16, 2003 and the Citimortgage Correspondent Manual, last revised on February 8, 2007 (collectively, the "Correspondent Loan Agreements").

4. On August 6, 2007 (the "Petition Date"), and before AHM delivered the relevant Loan documentation to CMI pursuant to the Correspondent Loan Agreements, Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Cases"). This Court is jointly administering the Cases as per this Court's August 7, 2007 order. [Docket No. 60].

5. On August 6, 2007, Debtors filed the Sale Motion in order to sell the servicing rights retained under servicing-retained loan agreements, and the Court issued an order on October 30 granting the Debtors' requested relief. [Docket Nos. 11-12 and 1711].

6. Debtors did not assume the Correspondent Loan Agreements because Debtors did not retain the right to service the Loans for CMI; thus, the Correspondent Loan Agreements were not assumed and assigned and/or purchased in the sale of its servicing business.

7. On December 14, 2007, Debtors filed the Abandonment Motion, seeking to abandon and destroy or otherwise charge CMI a retrieval fee for Mortgage Loan Files it currently holds in custody for CMI.

8. CMI files this objection to Debtors' Abandonment Motion because Debtors have no authority to dispose of or charge a retrieval fee for Loan documents that are not property of the estate. Instead, Debtors must deliver the Mortgage Loan Files immediately to CMI without cost as required under the Correspondent Loan Agreements and Section 541(d) of the Bankruptcy Code.

## OBJECTIONS

I. **Debtors Are Not Entitled to Abandon and Destroy the Mortgage Loan Files Because These Files Are Not Property of the Estate.**

9. As set forth in detail at pp. 6-9 of the Motion to Release, although a Chapter 11 petition serves to "create an estate" comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. §§ 362(a)(3) and 541(a)(1), property in which a debtor holds bare legal title, but not an equitable interest, does not become property of the estate. 11 U.S.C § 541(d);

*see In re Kaiser Aluminum Corp.*, No. 02-10429(JFK), 2004 WL 97658, at *3 (Bankr. D. Del. Jan. 16, 2004) (attached as Exhibit 5 to the Motion To Release) (excluding from property of the estate funds in which debtor held legal interest, but no equitable interest, and where agreement with third party showed third party's superior interest in the funds); *In re Edison Bros.*, 243 B.R. 231, 235 (Bankr. D. Del. 2000) ("[C]ourts have concluded that property which a debtor holds in trust (express or constructive) for another does not become property of the estate when the debtor files for bankruptcy.").

10. Thus, a debtor cannot use, sell, lease, abandon or otherwise dispose of property that is not part of its estate. *See* 11 U.S.C. § 363 ("The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, *property of the estate*."); 11 U.S.C. § 554 ("After notice and a hearing, the trustee may abandon any *property of the estate* that is burdensome to the estate or that is of inconsequential value and benefit to the estate.") (emphasis added).

11. Here, the Correspondent Loan Agreements establish that the documents contained in the Mortgage Loan Files are CMI's property and were never property of the estate, and Debtors admit this in their Omnibus Response. AHM had, if anything, a mere possessory or legal interest in the Mortgage Loan Files. However, a mere possessory or legal interest is not sufficient to place these documents in the Debtors' estates. As stated in the legislative history of Section 541(d), mortgage notes and related documents never become the debtor's property and must be turned over to the purchaser to ensure that "the operations of the secondary mortgage market [are] not ...disrupted." *See* The Advisory Committee Notes to 11 U.S.C. § 541(d) ("The seller of mortgages in the secondary mortgage market will often retain the original mortgage notes and related documents . . . . These facts are irrelevant and the seller's retention of the mortgage documents . . . do[es] not change the trustee's obligation to turn the mortgages or interests in mortgages over to the purchaser . . . . Under section 541(d), the trustee is required to recognize the purchaser's title to the mortgages or interests in mortgages and to turn this property over

1642111/1

to the purchaser."); *In re Fid. Standard Mortgage Corp.*, 36 B.R. 496, 500 (Bankr. S.D. Fla. 1983) (Exhibit B); *In re Malmart Mortgage Co.*, No. 87-11681-K, 1988 WL 1004731, at *3 (Bankr. D. Mass. Jan. 25, 1988) (Exhibit 6 to the Motion To Release) (requiring turnover of all notes, mortgages, books and records of mortgage loans not being serviced by debtor). Thus, CMI respectfully requests that this Court deny Debtors' Abandonment Motion and require Debtors to release the Mortgage Loan Files pursuant to the Correspondent Loan Agreements and Section 541(d) of the Bankruptcy Code.

### II. Debtors Must Deliver the Mortgage Loan Files to CMI Without Charge Pursuant to the Correspondent Loan Agreements and Section 541(d) of the Bankruptcy Code.

12. Not only are Debtors not authorized to abandon and destroy the Mortgage Loan Files, but they are also not entitled to require CMI to pay a retrieval fee for the return of their own documents – a fee Debtors acknowledge is for expenses they will incur, regardless, when they destroy the documents. [Abandonment Motion ¶¶ 20-21]. As discussed above and in the Release Motion, the documents are not property of the estate, and indeed should have been delivered long ago per the Correspondent Loan Agreements. Debtors are thus required to return these documents to CMI free of charge, or risk having to repurchase or otherwise cure the relevant Loans, which are now deficient under the Correspondent Loan Agreements. Accordingly, CMI asks this Court to deny Debtors' Abandonment Motion and require Debtors to deliver the Mortgage Loan Files to CMI without cost.

### CONCLUSION

13. Debtors are not authorized to dispose of the Mortgage Loan Files because the documents contained therein are not property of the estate. Rather, the Mortgage Loan Files are CMI's property pursuant to both the Correspondent Loan Agreements and Section 541(d) of the Bankruptcy Code, and Debtors are required to deliver these files to CMI without cost. Thus, CMI respectfully requests that this Court enter an order (a) denying Debtors' Abandonment Motion; (b) requiring Debtors to release and

1642111/1

deliver to CMI the Mortgage Loan Files immediately without cost; and (c) granting such further relief as this Court deems just and proper.

Dated:  December 27, 2007

**MORRIS JAMES LLP**

_____
Brett D. Fallon (DE Bar No. 2480)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware  19899-2306
Telephone:  (302) 888-6888
Facsimile:  (302) 571-1750
Email:  bfallon@morrisjames.com

-and-

Andrew J. Petrie *(admitted pro hac vice)*
FEATHERSTONE PETRIE DESISTO LLP
600 17th Street, Suite 2400S
Denver, Colorado  80202-5424
Telephone:  (303) 626-7139
Facsimile:  (303) 626-7101
Email:  apetrie@featherstonelaw.com

*Attorneys for CitiMortage, Inc.*