UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11
In re:                                                          :
                                                                :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                          :
HOLDINGS, INC., a Delaware corporation, et al.,[1]              :  Jointly Administered
                                                                :
     Debtors.                                                   :  Proposed Hearing Date: January 4, 2008 at 11:00 a.m.
                                                                :  Proposed Objection Deadline: January 3, 2008 at 12:00 p.m.
                                                                :
---------------------------------------------------------------- x

## NOTICE OF MOTION

TO: The Office of the United States Trustee for the District of Delaware; counsel to the Committee; counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; counsel to agent for the Debtors' postpetition lenders; counsel to GMAC; counsel to MBIA; counsel to The Bank of New York; and all parties entitled to notice under Local Rule 2002-1(b).

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the **Motion for an Order Pursuant to 11 U.S.C. §§ 105(a) and 554 Authorizing the Abandonment of HELOC Servicing Rights under the 2004-4 HELOC Servicing Agreements and Granting Related Relief** (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Debtors have requested that objections to the attached Motion be filed with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **January 3, 2008 at 12:00 p.m.**. At the same time, you must also serve a copy of the objection upon the undersigned counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE** THAT THE DEBTORS HAVE REQUESTED THAT A HEARING ON THIS MATTER BE HELD ON **JANUARY 4, 2008 AT 11:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 N. MARKET STREET, 5TH FLOOR, COURTROOM #6, WILMINGTON, DELAWARE 19801.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

     IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OF HEARING

Dated: Wilmington, Delaware
       December 27, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
M. Blake Cleary (No. 3614)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS,                                 :   Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]                         :
                                                                 :   Jointly Administered
        Debtors.                                                 :
                                                                 :   Objection Deadline: January 3, 2008 at 12:00 p.m.
                                                                 :   Hearing Date: January 4, 2008 at 11:00 a.m. (ET)
---------------------------------------------------------------- x

## MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 554 AUTHORIZING THE ABANDONMENT OF HELOC SERVICING RIGHTS UNDER THE 2004-4 HELOC SERVICING AGREEMENTS AND GRANTING RELATED RELIEF

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), by and through their counsel, hereby submit this motion (the "Motion") for entry of an order, pursuant to sections 105 and 554 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to abandon their loan servicing rights (the "HELOC Servicing Rights") under the 2004-4 HELOC Servicing Agreements (defined below) related to home equity line of credit mortgage loans (collectively, the "HELOC Mortgage Loans") issued by the Debtors and to take such actions as are necessary to effectuate and facilitate the abandonment. In support of the Motion, the Debtors respectfully represent and state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

## JURISDICTION

1.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105 and 554 of the Bankruptcy Code, as complimented by Rule 6007 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

2.  On the August 6, 2007 (the "Petition Date") each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4.  On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

**A.   The Debtors' Business**

5.  Prior to the filing of these bankruptcy cases, the Debtors' business primarily entailed the origination, servicing, and sale of mortgage loans, as well as investment in mortgage loans and mortgage-backed securities resulting from the securitizations of residential mortgage loans. The Debtors also invested in securitized mortgage loans originated by others and originated and sold mortgage loans to institutional investors. The Debtors offered an array of mortgage products and primarily made loans to borrowers with good credit profiles. Most of

their portfolio consisted of securitized adjustable-rate mortgage (ARM) loans of prime and alternate A quality.

6.     As of December 31, 2006, the Debtors held a leveraged portfolio of mortgage loans held for investment and mortgage-backed securities in the amount of approximately $15.6 billion. As of December 31, 2006, the Debtors operated more than 550 loan production offices located in 47 states and the District of Columbia, and made loans throughout all 50 states and the District of Columbia. Certain of the Debtors originated mortgages through a network of loan origination offices. In addition, the Debtors originated loans obtained from mortgage brokers and purchased loans from correspondents. The Debtors originated approximately $58.9 billion in aggregate principal amount of loans in 2006. For the third quarter of 2006, the Debtors were ranked as the nation's 10th largest residential mortgage lender, according to National Mortgage News.

7.     A large component of the Debtors' business is the servicing of loans (the "Mortgage Loan Servicing Business"), which is conducted through AHM Servicing. The servicing business collects mortgage payments, administers tax and insurance escrows, responds to borrower inquiries, and maintains control over collection and default mitigation processes. As of December 31, 2006, AHM Servicing serviced approximately 197,000 loans with an aggregate principal amount of approximately $46.3 billion.

8.     In the weeks prior to the Petition Date, an unprecedented disruption in the credit markets caused major write-downs of the Debtors' loan and security portfolios and consequently resulted in margin calls for hundreds of millions of dollars with respect to the Debtors' loans. During this time, certain of the Debtors' warehouse lenders began to exercise

remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and threatening the company's continued viability.

9. The Debtors' inability to originate loans and the exercise of remedies by certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the Debtors to discontinue their retail and indirect loan origination business. As a result, on August 3, 2007, the Debtors implemented a massive reduction in workforce, resulting in the termination of over 6,500 employees.

10. Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets.

**B.     The HELOC Servicing Agreements**

11. Certain of the Debtors are parties to servicing agreements and subservicing agreements for the HELOC Mortgage Loans related to the American Home Mortgage Investment Trust 2004-4 (the "2004-4 HELOC Servicing Agreements"). Specifically, the 2004-4 HELOC Servicing Agreements are as follows:

(i)   HELOC Servicing Agreement dated as of December 21, 2004 by and among GMAC Mortgage Corporation, as HELOC Master Servicer, American Home Mortgage Trust 2004-4, as Issuer, American Home Mortgage Acceptance, Inc., as Seller, and The Bank of New York, as Indenture Trustee

(ii)  HELOC Subservicing Agreement dated as of December 21, 2004 by and among GMAC Mortgage Corporation, as HELOC Master Servicer, and American Home Mortgage Servicing, Inc., as HELOC Subservicer

12. The 2004-4 HELOC Servicing Agreements are part of the American Home Mortgage Investment Trust 2004-4 (the "2004-4 Trust"). Generally, the Trust acquired

and own the HELOC Mortgage Loans and issued securities that are "backed" by, or that rely directly on, the HELOC Mortgage Loans and related collections owned by the Trusts as the source of payment. MBIA Insurance Corporation ("MBIA") insures the securities and The Bank of New York is the indenture trustee under the 2004-4 Trust.

C. **Sale of the Debtors' Mortgage Loan Servicing Business**

13. On the Petition Date, the Debtors filed a motion [D.I. 11] (the "Sale Motion") requesting, among other things, authority to establish sale procedures and approve the sale of the Debtors' Mortgage Loan Servicing Business. By Order dated August 9, 2007, [D.I. 113], the Court granted the Sale Motion to the extent it requested the establishment of sale procedures (the "Original Procedures Order"). After the selection of AH Mortgage Acquisition Co., Inc. (the "Purchaser"), the Debtors, through the Order dated September 25, 2007 [D.I. 937] (the "Revised Procedures Order"), granted the Purchaser certain auction protections and modified the sale procedures for the sale of the Mortgage Loan Servicing Business.

14. In accordance with the Original Procedures Order and Revised Procedures Order, the Debtors filed and served notices identifying the HELOC Servicing Agreements, among others, as agreements that may be potentially assumed and assigned to the Purchaser. The parties to the HELOC Servicing Agreements filed objections to the proposed assumption and assignment of the HELOC Servicing Agreements. On October 15, 2007, the Debtors filed a notice that excluded the HELOC Servicing Agreements from the sale of the Mortgage Loan Servicing Business to the Purchaser [D.I. 1546].

15. By Order dated October 30, 2007 [D.I. 1711] (the "Sale Order"), the Court approved the sale (the "Sale") of the Mortgage Loan Servicing Business to the Purchaser pursuant to the terms of that certain Asset Purchase Agreement dated September 25, 2007 (as

amended and together with all exhibits and schedules thereto, the "APA"). The Sale will close in two steps; an initial (or economic) closing, which occurred on November 16, 2007 (the "Initial Closing"), and a final closing anticipated to occur on or prior to September 30, 2008 (the "Final Closing").

**D.   Requests for Relief from Stay by Issuers to HELOC Mortgage Loans**

16.   On November 9, 2007, CIFG Assurance North America, Inc. ("CIFG") filed a motion [D.I. 1955] (the "CIFG Motion") requesting relief from the automatic stay to terminate the Debtors' rights as servicer to the HELOC Mortgage Loans under the American Home Mortgage Investment Trust 2006-2 (the "2006-2 Trust"). On November 29, 2007, Financial Guaranty Insurance Company filed a similar motion [D.I. 2224] (the "FGIC Motion") requesting relief from the automatic stay to terminate the Debtors' rights as servicer to the HELOC Mortgage Loans under the American Home Investment Trust 2005-1, the American Home Investment Trust 2005-2 and the American Home Investment Trust 2005-4A (collectively, the "2005 Securitizations"). On December 17, 2007, Assured Guaranty Corp. filed a motion [D.I. 2416] (the "Assured Motion") requesting virtually the identical relief requested in the CIFG Motion and the FGIC Motion. The Assured Motion is currently scheduled for the January 4, 2008 omnibus hearing.

17.   By agreed Order dated December 14, 2007 [D.I. 2398] (the "CIFG Order"), the Court approved the CIFG Motion, in part, allowing relief from the automatic so that the Debtors' servicing rights under the 2006-2 Trust related to the HELOC Mortgage Loans could be transferred to GMAC Mortgage LLC ("GMAC") on January 14, 2008. By agreed Order dated December 21, 2007 [D.I. 2484] (the "FGIC Order"), the Court approved the FGIC Motion, in part, allowing relief from the automatic stay so that the Debtors' servicing rights

under the 2005 Securitizations related to the HELOC Mortgage Loans could be transferred to GMAC on January 11, 2008.

19. Given the pending Assured Motion and entry of the CIFG Order and the FGIC Order, the only servicing rights remaining with respect to HELOC Mortgage Loans are related to the 2004-4 Trust.

### E. Servicing of HELOC Mortgage Loans Post-Initial Closing

19. The Debtors continue to service the HELOC Mortgage Loans in accordance with, and pursuant to the terms of, the HELOC Servicing Agreements. The APA provides that from and after the Initial Closing, "the Sellers shall operate the Business and manage the Purchased Assets, Assumed Liabilities and Assumed Contracts in the Ordinary Course of Business ...". APA, at Sec. 6.2(a). With respect to the Mortgage Loans[2] under the Disputed Servicing Agreements and the Mortgage Loans identified on Schedule 6.10(f) of the APA, which, through the First Amendment to Asset Purchase Agreement, includes the HELOC Servicing Agreements, the Debtors are required to pay certain fees to the Purchaser for the continued servicing of such Mortgage Loans. Specifically, section 6.10(f) of the APA provides:

> [i]n consideration of such subservicing (A) Purchaser or its designee shall retain all Servicing Fees payable to the servicing agent for servicing the Mortgage Loans described in subclauses (i) and (ii) [of section 6.10(f) of the APA], (B) Sellers shall pay to Purchaser or its designee, on a monthly basis ... for servicing the Mortgage Loans described in subclauses (i) and (ii) [of section 6.10(f) of the APA] (I) $15 per month per Mortgage Loan serviced during the two month period following the Initial Closing Date, $20 per month per Mortgage Loan serviced during the two month period following such period and $25 per Mortgage Loan serviced after the four month period following the Initial Closing Date minus (II) the monthly Servicing Fees

---

[2] Capitalized terms not defined in this section shall have the meanings provided in the APA. The description of the terms of the APA herein is for descriptive purposes only. To the extent this description and the terms of the APA vary, the APA shall control.

> collected by the Business with respect to servicing such Mortgage Loan and (C) Sellers shall pay to Purchaser or its designee ... $25 for each Mortgage Loan [set forth on Schedule 6.10(f)] that is deboarded.

APA, at Sec. 6.10(f).

## RELIEF REQUESTED

20. By this Motion, the Debtors request entry of an order, pursuant to sections 105 and 554 of the Bankruptcy Code, authorizing the Debtors to abandon the HELOC Servicing Rights under the 2004-4 HELOC Servicing Agreements effective as of January 11, 2008 and to take such actions as are necessary to effectuate and facilitate the abandonment of such HELOC Servicing Rights.

## BASIS FOR RELIEF

21. Section 554 of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Additionally, section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The purpose of section 105(a) of the Bankruptcy Code is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy, ¶ 105.01 at 105-6 (15th ed. rev. 1999).

22. Courts should apply the business judgment standard in reviewing a debtor's decision to abandon property. See In re Slack, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) ("The trustee's power to abandon property is discretionary. . . . The court only needs to find the trustee made: 1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority.") (internal citations omitted). A debtor need only make a

business judgment that the property to be abandoned is *either* "burdensome to the estate" *or* "of inconsequential value and benefit to the estate." Reich v. Burke (In re Reich), 54 B.R. 995, 1004 (Bankr. E.D. Mich. 1985) ("[I]f a trustee feels an asset is of inconsequential value and benefit to the estate *or* that it is 'burdensome to the estate,' he may abandon it." (emphasis in original)).

23. The abandonment of the HELOC Servicing Rights is warranted under sections 105 and 554(a) of the Bankruptcy Code. The Sale of the Mortgage Loan Servicing Business originally proposed the transfer of the HELOC Servicing Rights, but, after analyzing the benefits and burdens associated with the transfer to the Purchaser and discussions with the Purchaser, the HELOC Servicing Rights were excluded from the Sale. To date, the Debtors have been unable to sell the HELOC Servicing Rights and pursuant to CIFG Order and FGIC Order, have consented to the transfer of HELOC Servicing Rights under the 2006-2 Trust and the 2005 Trusts to GMAC.

24. Moreover, in connection with the negotiation of the FGIC Order, GMAC requested that the Debtors transfer or abandon the servicing rights for all of the HELOC Mortgage Loans effective as of January 11, 2008 to facilitate and ease the transition of servicing to GMAC. The Debtors agreed to GMAC's request because they believe that it is most efficient to transfer servicing for all of the HELOC Mortgage Loans on January 11, 2008. Additionally, GMAC has indicated that it supports the abandonment of the HELOC Servicing Rights under the 2004-4 HELOC Servicing Agreements and the transitioning of the HELOC Servicing Rights under the 2004-4 HELOC Servicing Agreements to GMAC effective as of January 11, 2008, subject to certain terms and conditions.

25. The Debtors continue to service the HELOC Mortgage Loans pursuant to the HELOC Servicing Agreements and continue to receive the relevant servicing fees. However,

the Debtors are operating the Mortgage Loan Servicing Business for the benefit (and risk) of the Purchaser as required by section 6.2(a) of the APA. As a result, the Debtors are required to pay the Purchaser the fees provided in section 6.10(f) of the APA for the continued servicing of the HELOC Mortgage Loans. The Debtors estimate that beginning on January 15, 2008, due to the payment of $20 per HELOC Mortgage Loan serviced as provided in section 6.10(f) of the APA, the consideration received by the Debtors for the continued servicing of the HELOC Mortgage Loans will be minimal. Beginning on March 15, 2008, the Debtors estimate that they may actually lose money for the servicing the HELOC Mortgage Loans. As such, the Debtors have determined that obligations and expenses related to the continued servicing of the HELOC Mortgage Loans are unnecessary administrative burdens on the estates. Moreover, given the minimal consideration realized after the payment of the fees to the Purchaser, the HELOC Servicing Rights are of inconsequential value to the Debtors' estates.

26.   Accordingly, based on the foregoing, the Debtors' decision to abandon the HELOC Servicing Rights under the 2004-4 HELOC Servicing Agreements effective as of January 11, 2008, which are burdensome and of inconsequential value, should be approved and the Debtors should be authorized to take such actions as are necessary to facilitate and effectuate the abandonment of the HELOC Servicing Rights under the 2004-4 HELOC Servicing Agreements.

## NOTICE

27.   Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Agent for the Debtors' Postpetition Lender; (v) counsel to GMAC; (vi) counsel to The Bank of New York; (vii) counsel to MBIA;

and (viii) all parties entitled to notice under Del. Bankr. LR 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form annexed hereto, authorizing the Debtors to abandon their HELOC Servicing Rights and to take such actions as are necessary to effectuate the abandonment of the HELOC Servicing Rights under the 2004-4 HELOC Servicing Agreements pursuant to sections 105 and 554 of the Bankruptcy Code.

Dated: December 27, 2007  
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James Patton (No. 2202)  
Pauline Morgan (No. 3650)  
M. Blake Cleary (No. 3614)  
Matthew B. Lunn (No. 4119)  
The Brandywine Building  
1000 West Street - 17th Floor  
P.O. Box 391  
Wilmington, Delaware 19899  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

Counsel to Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>(Jointly Administered)<br><br>Docket No.: _____ |

**ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 554 AUTHORIZING THE
ABANDONMENT OF HELOC SERVICING RIGHTS UNDER THE 2004-4 HELOC
SERVICING AGREEMENTS AND GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to abandon of the HELOC Servicing Rights under the 2004-4 HELOC Servicing Agreements and to take actions that are necessary to effectuate such abandonment pursuant to sections 105(a) and 554 of the Bankruptcy Code; and the Court having jurisdiction over this proceeding; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; GMAC having consented to the abandonment of the HELOC Servicing Rights under the 2004-4 HELOC Servicing Agreements on the terms and conditions set forth herein; and due and proper notice of the Motion having been provided; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that the relief requested in the Motion is granted solely to the extent set forth herein;

**IT IS FURTHER ORDERED** that that the Debtors are authorized to abandon the HELOC Servicing Rights under the 2004-4 HELOC Servicing Agreements effective as of January 11, 2008; and it is further

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

**IT IS FURTHER ORDERED** that, to the extent applicable, the automatic stay imposed by Section 362 of the Bankruptcy Code is hereby modified to permit GMAC and the parties to the 2004-4 HELOC Servicing Agreements to take any and all actions necessary to transfer the rights and responsibilities of the Debtors to service the HELOC Mortgage Loans pursuant to the 2004-4 HELOC Servicing Agreements to GMAC as master servicer under that certain Servicing Agreement dated as of December 21, 2004 among GMAC, American Home Mortgage Investment Trust 2004-4 (the "2004-4 Trust"), American Home Mortgage Acceptance, Inc, as seller ("AHM Acceptance") and The Bank of New York, as Indenture Trustee (the "Servicing Agreement");

**IT IS FURTHER ORDERED** that notwithstanding anything to the contrary in this Order, American Home Mortgage Servicing, Inc. ("AHM Servicing") as subservicer of the HELOC Mortgage Loans pursuant to the HELOC Subservicing Agreement dated as of December 21, 2004 by and among GMAC, as HELOC Master Servicer, and AHM Servicing, as HELOC Subservicer (the "HELOC Subservicing Agreement"), shall be entitled to receive, out of any late collection of a payment on a HELOC Mortgage Loan which was due on or before January 11, 2008, that portion to which AHM Servicing would have been entitled pursuant to sections 3.07 and 3.15 of the HELOC Subservicing Agreement as well as the HELOC Subservicing Fee in respect thereof, and any other amounts payable to AHM Servicing as subservicer, the entitlement to which is specifically provided for in the HELOC Subservicing Agreement and arose prior to the date of the entry of this Order;

**IT IS FURTHER ORDERED** that AHM Servicing's rights and obligations as subservicer of the HELOC Mortgage Loans shall be transferred effective as of January 11, 2008 (the "Transferred Date") and that AHM Servicing shall be relieved of the obligations as

subservicer of the HELOC Mortgage Loans from and after January 11, 2008, except for those obligations specifically set forth in this Order;

**IT IS FURTHER ORDERED** that the Debtors shall cooperate with GMAC to transition the HELOC Servicing Rights with respect to the HELOC Mortgage Loans back to GMAC, provided that the Debtors shall only be required to cooperate to the extent commercially practicable in light of the Debtors' status as debtors and debtors in possession;

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of the Debtors with respect to any claim or cause of action arising under or related to the HELOC Subservicing Agreement; the Amended and Restated Trust Agreement dated as of December 21, 2004 among American Home Mortgage Securities LLC ("AHM Securities"), Wilmington Trust Company, as owner trustee and The Bank of New York as certificate registrar and certificate paying agent (the "2004-4 Trust Agreement"); the Insurance Agreement dated as of December 21, 2004 among, GMAC, AHM Securities, AHM Acceptance, the 2004-4 Trust, American Home Mortgage Investment Corp., Wilmington Trust Company, The Bank of New York and MBIA Insurance Corporation. ("MBIA") (the "Insurance Agreement"), the Mortgage Loan Purchase Agreement dated as of December 21, 2004 among AHM Acceptance and AHM Securities (the "2004-4 Mortgage Loan Purchase Agreement"), the Indenture dated as of December 21, 2004 between the 2004-4 Trust and The Bank of New York, as indenture trustee (the "2004-4 Indenture"), the Indemnification Agreement dated as of December 21, 2004 among MBIA, AHM Acceptance, AHM Securities, the 2004-4 Trust, American Home Mortgage Investment Corp. and Lehman Brothers (the "Indemnification Agreement") and the Servicing Agreement. The Debtors reserve any and all rights to contest any and all motions, claims, proofs of claim or causes of action arising from or

related to the HELOC Subservicing Agreement, the 2004-4 Trust Agreement, the Insurance Agreement, the 2004-4 Mortgage Loan Purchase Agreement, the 2004-4 Indenture, the Indemnification Agreement or the Servicing Agreement on any and all bases;

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of MBIA with respect to any claim or cause of action arising under or related to the HELOC Subservicing Agreement, the 2004-4 Trust Agreement, the Insurance Agreement, the 2004-4 Mortgage Loan Purchase Agreement, the 2004-4 Indenture, the Indemnification Agreement or the Servicing Agreement. MBIA reserves any and all rights to contest any and all motions, claims or causes action arising from or related to the HELOC Subservicing Agreement, the 2004-4 Trust Agreement, the Insurance Agreement, the 2004-4 Mortgage Loan Purchase Agreement, the 2004-4 Indenture, the Indemnification Agreement and the Servicing Agreement on any and all bases;

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of GMAC with respect to any claim or cause of action arising under or related to the HELOC Subservicing Agreement, the 2004-4 Trust Agreement, the Insurance Agreement, the 2004-4 Mortgage Loan Purchase Agreement, the 2004-4 Indenture, the Indemnification Agreement or the Servicing Agreement. GMAC reserves any and all rights to contest any and all motions, claims or causes action arising from or related to the HELOC Subservicing Agreement, the 2004-4 Trust Agreement, the Insurance Agreement, the 2004-4 Mortgage Loan Purchase Agreement, the 2004-4 Indenture, the Indemnification Agreement and the Servicing Agreement on any and all bases:

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of the Indenture Trustee with respect to any claim

or cause of action arising under or related to the HELOC Subservicing Agreement, the 2004-4 Trust Agreement, the Insurance Agreement, the 2004-4 Mortgage Loan Purchase Agreement, the 2004-4 Indenture, the Indemnification Agreement or the Servicing Agreement. The Indenture Trustee reserves any and all rights to contest any and all motions, claims or causes action arising from or related to the HELOC Subservicing Agreement, the 2004-4 Trust Agreement, the Insurance Agreement, the 2004-4 Mortgage Loan Purchase Agreement, the 2004-4 Indenture, the Indemnification Agreement and the Servicing Agreement on any and all bases;

**IT IS FURTHER ORDERED** that the deadline for MBIA, GMAC and the Indenture Trustee to each file their respective claims against any of the Debtors related to the transition of the Servicing Rights back to GMAC is hereby extended to 5:00 p.m. (EST) on February 13, 2008;

**IT IS FURTHER ORDERED** that nothing in this Order is intended to, nor shall anything in this Order, (a) waive, or (b) limit, modify or affect the rights of AH Mortgage Acquisition Co. (the "Purchaser") with respect to, any claim under the Asset Purchase Agreement dated as of September 25, 2007 (as amended from time to time) (the "APA") and under any documents related thereto that Purchaser may assert against the Debtors with respect or related to this Order or any action to be taken pursuant to, or in connection with, this Order;

**IT IS FURTHER ORDERED** that nothing in this Order is intended to, nor shall anything in this Order, (a) waive, or (b) limit, modify or affect the rights of the Debtors with respect to, any claim under the APA and under any documents related thereto that the Debtors may assert against the Purchaser with respect or related to this Order or any action to be taken pursuant to, or in connection with, this Order; and

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

DATED: January ___, 2008

_____<br>
Honorable Christopher S. Sontchi<br>
United States Bankruptcy Judge