UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation *et al.,* [1] | : |  |
|  | : | Case Number 07-11047 (CSS) |
| Debtors. |  | (Jointly Administered) |
|  | : |  |

Hearing Date: January 4, 2008 at 11:00 a.m.

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE
DEBTORS' MOTION FOR AN ORDER MODIFYING EXISTING PROCEDURES FOR
THE COMPENSATION AND REIMBURSEMENT OF EXPENSES OF CERTAIN
FORECLOSURE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE,
<u>NUNC PRO TUNC</u> TO THE PETITION DATE
<u>(DOCKET ENTRY # 2389)</u>**

In support of her objection to the Debtors' motion for an order modifying existing procedures for the compensation and reimbursement of expenses of certain foreclosure professionals utilized in the ordinary course, <u>nunc pro tunc</u> to the Petition Date (the "Motion"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: AHM Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York  11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

**INTRODUCTION**

1. Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion.

2. Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this objection.

**GROUNDS/BASES FOR RELIEF**

4. The Debtors seek to compensate Foreclosure Professionals without the need for compliance with the OCP Order and/or the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and/or the Local Rules of this Court. The Debtors seek this relief on a theory that, because the Purchaser is <u>ultimately</u> responsible for the costs of operating the Servicing Business following the Initial Closing Date (including advances to Foreclosure Professionals), the Foreclosure Professionals are not <u>ultimately</u> seeking compensation from the bankruptcy estate. While the Purchaser is ultimately responsible for the risk of the servicing enterprise between the Initial and Final Closing Dates, the Debtors are the parties employing the Foreclosure Professionals through and including the final close. If the Debtors fail to make payments on account of the

Foreclosure Professionals' allowed administrative claims, the Foreclosure Professionals have recourse against the Debtors for their failure to do so; the Foreclosure Professionals are not employed by the Purchaser. Accordingly, the Foreclosure Professionals are <u>initially</u> seeking compensation and reimbursement from the bankruptcy estates and should be obligated to comply with the OCP Order and/or applicable law. Mot. ¶ 45 (acknowledging that the Debtors' bankruptcy estates are "<u>nominally</u> responsible" for compensating and reimbursing the expenses of the Foreclosure Professionals).

5.    After filing the OCP Motion and, with the assistance of counsel, negotiating the resolution of objections to the OCP Motion from both the Official Committee of Unsecured Creditors and the Office of the United States Trustee with the assistance of their counsel, the Debtors have concluded – less than four months after the OCP Order was entered – that they cannot comply with its terms. Initially, the Debtors cite "administrative difficulties" relating to "Flat-Fee Legal Services." Specifically, the Debtors claim that the Foreclosure Professionals are not submitting "reasonably detailed" billing invoices "from a bankruptcy standpoint rather than a business standpoint." Mot. ¶ 22. Additionally, the Debtors contend that it is difficult to determine when specific fees and expenses accrued and, by extension, it is difficult to monitor (i) whether the "caps" in the OCP Order were being honored and (ii) whether pre-petition claims were being paid post-petition.

6.    In light of the Debtors' familiarity with their servicing business and how it operates, it is difficult to understand why the Debtors did not anticipate these types of issues prior to filing the OCP Motion – certainly, the fact that the Foreclosure Professionals prepared and submitted invoices consistent with fee guidelines established by Fannie Mae and Freddie Mac is and has been

well-known to the Debtors.[2]  Second, the "administrative" concerns raised by the Debtors do not justify abandoning the OCP Procedures (as they apply to Foreclosure Professionals) in their entirety. Going forward, the Debtors may request limited relief relating to (i) the form of the invoices and (ii) the calculation of accrued fees for purposes of evaluating whether the compensation caps in the OCP Order are being met.

7.  The Debtors also identify other issues with the OCP Procedures which (i) they should have identified prior to the filing of the OCP Motion and (ii) do not warrant a total departure from the OCP Procedures going forward.  For example, the Debtors indicate that certain brokers' fees and expenses were paid from closing escrows upon the sale of REO Property postpetition, apparently without compliance with the OCP Procedures.  The Debtors complain that the OCP Procedures do not provide for a minimum transaction fee for real estate brokers.  The Debtors also state that the OCP Procedures are interfering with their ability to collect Servicing Advances from Liquidation Proceeds after REO property is sold.  Again, putting aside the fact that the Debtors agreed to the OCP Procedures as being in the best interests of their estates at the time the OCP Order was submitted, the Debtors are free to seek specific relief from the OCP Procedures on notice to parties in interest.

8.  Finally, the Debtors' request for retroactive relief should be denied in its entirety. For the time period running from the Petition Date through the Initial Closing Date, the Debtors were/are paying the Foreclosure Professionals with estate funds.  Nowhere in the Motion do the Debtors provide a basis for ignoring the OCP Procedures and the Bankruptcy Code for services

---

[2] In the Motion, the Debtors refer to costs attendant to monitoring compliance with the OCP Procedures that were incurred by their professionals.  The U.S. Trustee reserves all rights with respect to reviewing the reasonableness of those costs.

```
```

rendered by the Foreclosure Professionals prior to the initial close. The Debtors cite Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b) in support of their request for relief, but those Rules cannot be used to evade application of 11 U.S.C. § 330. If the OCP Order was violated, this Court will be in a position to address the issue of what penalties, if any, flow from the violation after a party in interest seeks such relief.

## CONCLUSION

WHEREFORE the UST requests that this Court issue an order denying the Motion.

Respectfully submitted,

**KELLY BEAUDIN STAPLETON**
**UNITED STATES TRUSTEE**

BY:  /s/ Joseph J. McMahon, Jr.
Joseph J. McMahon, Jr., Esquire (# 4819)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Room 2207, Lockbox 35
Wilmington, DE  19801
(302) 573-6491
(302) 573-6497 (Fax)

Date:  December 28, 2007