UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | : | |
| *In re* | | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE | | |
| HOLDINGS, INC., a Delaware corporation | : | |
| *et al.,* [1] | | |
| | : | Case Number 07-11047 (CSS) |
| Debtors. | | (Jointly Administered) |
| | : | |

**Hearing Date: January 4, 2008 at 11:00 a.m.**

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE
DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554
AUTHORIZING THE (I) ABANDONMENT AND DESTRUCTION OF CERTAIN
DUPLICATE MORTGAGE LOAN FILES OR (II) RETURN OF MORTGAGE LOAN
FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT OF
REASONABLE COSTS AND EXPENSES
(DOCKET ENTRY # 2395)**

In support of her objection to the Debtors' motion for an order pursuant to 11 U.S.C. §§ 105,

363 and 554 authorizing the (i) abandonment and destruction of certain duplicate mortgage loan files

or (ii) return of mortgage loan files to the owner of such loans upon payment of reasonable costs and

expenses (the "Motion"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S.

Trustee"), by and through her counsel, avers:

---

[1]

The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: AHM Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

**INTRODUCTION**

1.        Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion.

2.        Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.    See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.        Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this objection.

**GROUNDS/BASES FOR RELIEF**

4.        Through the Motion, the Debtors propose to abandon and destroy the Duplicate Hard Copy Loan Files.  There are several problems with the Debtors' proposal.  First, notice of the Motion was not given to homeowners.  Homeowners may have claims against the Debtors and/or third parties stemming from the origination of their mortgage loans.[2]  These homeowners may need access to the original copy of the loan file to prove their claims.  Accordingly, it would be inappropriate to permit the Debtors to destroy the Duplicate Hard Copy Loan Files without providing homeowners with notice and an opportunity to obtain documents from the files.

---

[2]

The Motion indicates that "all parties that hold an interest in the Hard Copy Loan Files" were served with the Motion.  The U.S. Trustee assumes that such parties include all owners of the loans.  To the extent that it does not, the U.S. Trustee objects to the relief requested on grounds that the loan owners were entitled to notice.

5.      11 U.S.C. § 554(a) provides that, "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value to the estate."  11 U.S.C. § 554(a).  As Debtors in possession, the Debtors must establish that the property to be abandoned is burdensome or of inconsequential value.  To the extent that this Court were to approve relief under 11 U.S.C. § 554(a), the Court has the inherent authority to condition relief in order to balance the competing interests of other parties with an interest in the Duplicate Hard Copy Loan Files.  In this situation, the competing interests include the interests of homeowners, the owners of the loans, and federal/state regulatory agencies who have a legitimate interest in the handling of the Loan Files and the personally identifiable information contained therein.

6.      While the Debtors cite 11 U.S.C. § 554(a) in support of the Motion, the Debtors do not represent themselves as the owners of the Duplicate Hard Copy Loan Files.  Assuming that the owners of the loans own the Duplicate Hard Copy Loan Files, those files are not property of the Debtors' estates, and section 554(a) of the Bankruptcy Code would apply only to the extent that the Debtors have a possessory interest in the Loan Files.

7.      Further, the Debtors seek to condition the return of the Duplicate Hard Copy Loan Files to the owners of such loans "upon written request and payment of all reasonable costs and expenses associated with the retrieval, review and return" of such files.  It is unclear whether, by seeking approval of this condition, the Debtors are attempting to impermissibly modify the terms of their respective servicing agreements with the owners of the loans and/or their authorized agents.

8.      The U.S. Trustee leaves the Debtors to their burden.

## CONCLUSION

WHEREFORE the UST requests that this Court issue an order denying the Motion.

Respectfully submitted,

**KELLY BEAUDIN STAPLETON**
**UNITED STATES TRUSTEE**


BY:  /s/ Joseph J. McMahon, Jr.
    Joseph J. McMahon, Jr., Esquire (# 4819)
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Room 2207, Lockbox 35
    Wilmington, DE  19801
    (302) 573-6491
    (302) 573-6497 (Fax)

Date:  December 28, 2007