IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x  Chapter 11
In re:                                                              :
                                                                    :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                              :
HOLDINGS, INC., a Delaware corporation, et al.,[1]                  :  Jointly Administered
                                                                    :
                         Debtors.                                   :  Ref. Docket No. 2416
                                                                    :  Hearing Date: January 4, 2008, at 11:00 a.m. (ET)
                                                                    :
------------------------------------------------------------------- x

### DEBTORS' LIMITED RESPONSE TO THE MOTION OF ASSURED GUARANTY CORP. FOR RELIEF FROM THE AUTOMATIC STAY

The above-captioned debtors and debtors-in-possession (collectively, "AHM" or the "Debtors") hereby file this limited response (the "Response") to the Motion of Assured Guaranty Corp. for Relief from the Automatic Stay [Docket No. 2416] (the "Motion")[2] and respectfully state as follows:

1.   On December 17, 2007, Assured Guaranty Corp. ("Assured") filed the Motion seeking an order from this Court: (i) modifying the automatic stay to permit Assured and the non-debtor parties to the 2007-A HELOC Servicing Agreement to take any and all actions necessary to terminate AHM Servicing as servicer of the 2007-A HELOC Servicing Agreement; (ii) directing AHM Servicing and the Debtors to (a) transfer to GMAC all documents, files,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

records and data related to the HELOC Mortgage Loans, (b) cooperate in connection with transitioning the servicing function to GMAC, including sending "goodbye" letters to borrowers under HELOC Mortgage Loans directing all future collections on the HELOC Mortgage Loans to GMAC, (c) provide an accounting of all amounts collected on account of the HELOC Mortgage Loans, (d) pay all costs and expenses related to the transition of the servicing to GMAC, and (e) otherwise comply with the HELOC Servicing Agreements in transitioning the servicing of the HELOC Mortgage Loans; and (iii) granting such other and further relief as the Court deems, equitable, just and proper. Motion at p. 14.

2. As this Court is fully aware, the Debtors have sold and consummated the economic close of their loan serving business to AH Mortgage Acquisition Co., Inc. (the "Purchaser"). Other than through an arrangement with the Purchaser, the Debtors are without the necessary resources to perform the servicing under the 2007-A HELOC Servicing Agreement.[3] Furthermore, the Debtors believe that the loan servicing rights under the 2007-A HELOC Servicing Agreement are of inconsequential value to the Debtors' estates.

3. As a result, the Debtors have no objection to an orderly and prompt transition of their rights and obligations under the 2007-A HELOC Servicing Agreement to the HELOC Back-Up Servicer provided such transfer is effective promptly. To this end, the Debtors intend to work with Assured and GMAC with respect to the form of order on the Motion.

---

[3] Pursuant to the Asset Purchase Agreement (the "APA"), the Purchaser is providing loan servicing for certain loans that do not constitute Purchased Assets under the APA, including the loan servicing under the 2007-A HELOC Servicing Agreement.

2

4. The Debtors note, however, that the proposed form of order attached to the Motion demands relief well beyond that customarily granted by a Court on a motion for relief from the automatic stay. For example, in the Motion, Assured improperly requests entry of an order requiring Debtors to "pay all costs and expenses related to the transition of the servicing to GMAC." Motion at p. 14.

5. As the case law makes clear, a motion for relief "is not designed to short circuit nonbankruptcy substantive and procedural requirements." Grimes v. Munoz (In re Munoz), 83 B.R. 334, 338 (Bankr. E.D. Pa. 1988) (citing In re W.L. Bradley Co., Inc., 75 B.R. 505 (Bankr. E.D. Pa. 1987)). Rather, "the effect of granting relief from the stay is to allow a creditor to proceed and assert nonbankruptcy created rights (e.g. state law rights) ...." in the proper forum. Id. A motion for relief does not provide a basis for substantive relief. See Grella v. Salem Five Cent Savings Bank, 42 F.3d 26, 32 (1st Cir. 1994) ("The limited grounds set forth in the statutory language, read in the context of the overall scheme of §362, and combined with preliminary, summary nature of the relief from stay proceedings, have led most courts to find that such hearings do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim to property of the estate."); Johnson v. Righetti (In re Johnson), 756 F.2d 738, 740 (9th Cir. 1985) (relief from stay hearings are limited in scope to adequacy of protection, equity, and necessity to an effective reorganization, and validity of underlying claims is not litigated).

6. The Debtors vehemently oppose the inappropriate attempts of Assured to go beyond the procedural and summary relief granted on a motion for relief from the stay. If Assured seeks substantive relief such as payment of administrative claims, such request should be procedurally proper.[4]

7. The Debtors submit that any order on the Motion should simply provide for the termination of the automatic stay and preserve and reserve rights with respect to the Debtors' assets. Specifically, the Debtors request that any order on the Motion include language as follows to protect the estates' assets:

> **IT IS FURTHER ORDERED** that notwithstanding anything to the contrary in this Order, AHM Servicing, as Servicer of the HELOC Mortgage Loans pursuant to the 2007-A HELOC Servicing Agreement, shall be entitled to receive, out of any late collection of a payment on a HELOC Mortgage Loan which was due on or before the termination of the 2007-A HELOC Servicing Agreement, that portion to which AHM Servicing would have been entitled pursuant to sections 3.07 and 3.15 of the 2007-A HELOC Servicing Agreement as well as its HELOC Servicing Fee in respect thereof, and any other amounts payable to AHM Servicing, as HELOC Servicer, the entitlement to which arose prior to the termination of the 2007-A HELOC Servicing Agreement; and

8. Finally, the Debtors request that any order on the Motion provide as follows:

> **IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be an admission of liability or waiver of claims of the Debtors with respect to any claim or cause of action arising under or related to the 2007-A HELOC Servicing Agreement; the American Home Mortgage Investment Trust 2007-A securitization transaction (the "Assured Securitization"); the Insurance and Indemnity Agreement dated as of March 13, 2007 by and among American Home Mortgage Securities, LLC, AHM Investment,

---

[4] Bankruptcy Rule 7001 is clear that " a proceeding to recover money or property" or "to obtain a declaratory judgment relating to" the same is an adversary proceeding covered by the adversary rules. Fed. R. Bankr. P. 7001(1) & (7).

AHM Acceptance, the 2007-A Trust, AHM Servicing, GMAC and Deutsche Bank National Trust Company (the "Insurance Agreement"); the HELOC Back-Up Servicing Agreement dated as of March 13, 2007 among GMAC, as back-up servicer, the 2007-A Trust, as issuing entity, and Deutsche Bank, as indenture trustee (the "HELOC Back-Up Servicing Agreement").

The Debtors reserve any and all rights to contest any and all motions, claims or causes of action arising from or related to the 2007-A HELOC Servicing Agreement, the Assured Securitization, the Insurance Agreement, or the HELOC Back-Up Servicing Agreement on any and all bases.

9. Because there is no authority for the language Assured demands be included in the proposed form of order that would impose a significant administrative expense and burden on the Debtors' estates, such relief requested in the Motion should be denied.

10. Finally, the Debtors file this Response to reserve their rights with respect to the factual allegations raised in the Motion. The Debtors disagree with many of the factual allegations in the Motion, including the allegation that a Rapid Amortization Event under the Indenture has occurred. Therefore, the Debtors and their estates fully reserve the right to dispute any and all of the factual allegations in the Motion in the context of the claims resolution process or for any other reason.

WHEREFORE, the Debtors respectfully request that the Court deny the relief requested in the Motion to the extent set forth herein and grant the Debtors such other and further relief as is just and proper.

Dated: Wilmington, Delaware
December 28, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/_____
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
M. Blake Cleary (No. 3614)
Sharon M. Zieg (No. 4196)
Erin Edwards (No. 4392)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession