IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------------- x | | Chapter 11 |
| In re: | : | |
| | : | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE | : | |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Jointly Administered |
| | : | |
| Debtors. | : | **Hearing Date: February 1, 2008 at 11:00 a.m.** |
| | : | **Objection Deadline: January 25, 2008 at 4:00 p.m.** |
| ------------------------------------------------------------- x | | |

## NOTICE OF MOTION

TO:   (I) THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (II) COUNSEL TO THE COMMITTEE; (III) THE COUNTERPARTIES TO THE EXECUTORY CONTRACTS; (IV) COUNSEL TO BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT FOR THE LENDERS UNDER THAT CERTAIN SECOND AMENDED AND RESTATED CREDIT AGREEMENT DATED AUGUST 10, 2006; (V) THE DEBTORS' POSTPETITION LENDER; (VI) THE SECURITIES AND EXCHANGE COMMISSION; AND (VII) ALL PARTIES ENTITLED TO NOTICE UNDER DEL. BANKR. LR 2002-1 (b)

PLEASE TAKE NOTICE that the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") have filed the SIXTH MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND TO ABANDON CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT (the "Motion").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

PLEASE TAKE FURTHER NOTICE that objections to the Motion must be filed with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **4:00 p.m. (ET) on January 25, 2008**. At the same time, you must also serve a copy of the objection upon the undersigned counsel.

A HEARING ON THIS MATTER WILL BE HELD ON **FEBRUARY 1, 2008 AT 11:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 N. MARKET STREET, 5TH FLOOR, COURTROOM #6, WILMINGTON, DELAWARE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OF HEARING.

Dated: Wilmington, Delaware
      December 28, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

                       /s/ Kenneth J. Enos
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

                                                  

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------ x   Chapter 11
In re:                                                             :
                                                                   :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                             :
HOLDINGS, INC., a Delaware corporation, et al.,¹                  :   Jointly Administered
                                                                   :
                                    Debtors.                       :   Hearing Date: February 1, 2008 at 11:00 a.m.
                                                                   :   Objection Deadline: January 25, 2008 at 4:00 p.m.
------------------------------------------------------------------ x
```

**SIXTH MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND TO ABANDON CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT**

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby

move the Court (the "Motion"), pursuant to sections 105(a), 365(a), and 554(a) of title 11 of the

United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 6006 and 6007

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing

the Debtors to:  (i) reject certain executory contracts identified on Exhibit A (collectively, the

"Rejected Contracts") and (ii) abandon any property remaining at the premises subject to the

Rejected Contracts including, but not limited to, furniture, fixtures and equipment (collectively,

the "FF&E").² In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] The Debtors submit that they have been and will continue to take steps to collect and preserve any information located in the premises subject to the Rejected Contracts consistent with SEC guidelines and applicable consumer privacy laws.

## STATUS OF CASE AND JURISDICTION

1.      On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their properties and have continued to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      An official committee of unsecured creditors (the "Committee") was appointed on August 14, 2007. No trustee or examiner has been appointed.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a), 365(a) and 554(a) of the Bankruptcy Code, along with Bankruptcy Rules 6006, 6007, and 9014.

## BACKGROUND OF DEBTORS

4.      Prior to the filing of these bankruptcy cases, AHM's business primarily entailed the origination, servicing, and sale of mortgage loans, as well as investment in mortgage loans and mortgage-backed securities resulting from the securitizations of residential mortgage loans. AHM also invested in securitized mortgage loans originated by others and originated and sold mortgage loans to institutional investors. AHM offered an array of mortgage products and primarily made loans to borrowers with good credit profiles. Most of its portfolio consisted of securitized adjustable-rate mortgage (ARM) loans of prime and alternate A quality.

5.      As of December 31, 2006, AHM held a leveraged portfolio of mortgage loans held for investment and mortgage-backed securities in the amount of approximately $15.6 billion. As of December 31, 2006, AHM operated more than 550 loan production offices located in 47 states and the District of Columbia, and made loans throughout all 50 states and the District

2

of Columbia. Certain of the Debtors originated mortgages through a network of loan origination offices. In addition, AHM originated loans obtained from mortgage brokers and purchased loans from correspondents. AHM originated approximately $58.9 billion in aggregate principal amount of loans in 2006, and for the third quarter of 2006 was ranked as the nation's 10th largest residential mortgage lender, according to National Mortgage News.

6.    A large component of AHM's business is the servicing of loans, which is conducted through AHM Servicing. The servicing business collects mortgage payments, administers tax and insurance escrows, responds to borrower inquiries, and maintains control over collection and default mitigation processes. As of December 31, 2006, AHM Servicing serviced approximately 197,000 loans with an aggregate principal amount of approximately $46.3 billion. AHM continues to conduct its servicing business, which constitutes a valuable asset of the Debtors' estates.

## EVENTS LEADING TO THE CHAPTER 11 FILING

7.    Beginning in late 2006, and continuing through 2007, the credit markets became concerned over the quality of subprime mortgages and, specifically, the increasing default rates on such mortgages. These concerns became exacerbated by the failure of two major hedge funds with concentrated investments in subprime loans.

8.    The concern in the credit markets has spread beyond the subprime market and has been reflected in the widening of the spread between the rate of interest on U.S. Treasury issued securities and general corporate debt securities. The surge in mortgage delinquencies for subprime home loans also generated anxiety in the market about borrowers with adjustable rate mortgages scheduled to reset with higher rates in 2007 and 2008.

9.    In the weeks prior to the Petition Date, this unprecedented disruption in the credit markets caused major write-downs of the Debtors' loan and security portfolios and

consequently resulted in margin calls for hundreds of millions of dollars with respect to the

Debtors' loans. During this time, certain of the Debtors' warehouse lenders -- the financial

institutions that provide short term credit facilities needed to originate and purchase loans --

began to exercise remedies against the Debtors, thereby restricting the Debtors' ability to

originate loans and threatening the company's continued viability.

      10.     On July 27, 2007, AHM Investment announced that its Board of Directors

had decided to delay payment of its quarterly cash dividend on the Company's common stock

and anticipated delaying payment of its quarterly cash dividends on its preferred stock to

preserve liquidity.

      11.     The Debtors' inability to originate loans and the exercise of remedies by

certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the

Debtors to discontinue their retail and indirect loan origination business. As a result, on August

3, 2007, the Debtors implemented a massive reduction in workforce, resulting in the termination

of over 6,500 employees. The Debtors now employ approximately 700 persons who are

absolutely essential to the Debtors' continued operations, although that number is expected to

decline as various wind-up tasks are completed, the retail branches are closed and the Debtors'

remaining assets are sold.

      12.     In the wake of these events, the Debtors, assisted by counsel and

professional advisors, sought alternative funding sources and capital infusions. Additionally, the

Debtors engaged in efforts to sell their businesses and assets, including, but not limited to, loans

owned by the Debtors, residual securities in securitization trusts and scratch and dent loans, to

financial and strategic investors.

4

13.    Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets.

**RELIEF REQUESTED**

14.    By this Motion, the Debtors respectfully request the entry of an order, pursuant to sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, authorizing the: (i) rejection of the Rejected Contracts and (ii) abandonment of the FF&E remaining at the premises subject to the Rejected Contracts. Further, the Debtors request that rejection of the Rejected Contracts be effective retroactively as of December 31, 2007.

**BASIS FOR RELIEF REQUESTED**

**A.    Rejection of the Rejected Contracts**

15.    Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject an executory contract or an unexpired lease." 11 U.S.C. § 365(a); see also University Med. Ctr. v. Sullivan (In re University Med. Ctr.), 973 F.2d 1065, 1075 (3d Cir. 1992). The Court may approve a debtor's rejection of an executory contract or unexpired lease if such rejection is made in the exercise of such debtor's sound business judgment, and if such rejection benefits its estate. See, e.g., Sharon Steel Corp. v. National Fuel Gas Distrib. Corp., 872 F.2d 36, 39 (3d Cir. 1989); NLRB v. Bildisco & Bildisco (In re Bildisco), 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 513 (1984); In re Patterson, 119 B.R. 59 (E.D. Pa. 1990). See also, In re Federated Dep't. Stores, Inc., 131 B.R. 808, 811 (S.D. Ohio 1991) ("Courts traditionally have applied the business judgment standard in determining whether to authorize the rejection of executory contracts and unexpired leases"); Westbury Real Estate

5

Ventures, Inc. v. Bradlees, Inc. (In re Bradlees, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y.

1996) ("[u]nder the business judgment test, . . . [a court should approve a debtor's proposed

rejection] if the debtor can demonstrate that rejection will benefit the estate").  It is enough if a

debtor determines in its business judgment that a benefit will be realized.  Sharon Steel Corp.,

872 F.2d at 39 (citing Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co. (In re Wheeling-

Pittsburgh Steel Corp.), 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987)).  The business judgment

standard requires that the Court approve the debtor's business decision unless that judgment is

the product of bad faith, whim or caprice.  Lubrizol Enter., Inc. v. Richmond Metal Finishers,

756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986).

      16.     As an integral component of the Debtors' efforts to maximize value for

their estates and creditors by, among other things, eliminating unnecessary operating costs, the

Debtors have determined, in the exercise of their business judgment, that it is in the best interest

of their estates and creditors to avoid the accrual of any further obligations under the Rejected

Contracts.  The economic burden associated with performing under these agreements, the wind-

down of the Debtors' operations, and the lack of interest for potential assignment provide

sufficient bases to justify the relief sought herein.

      17.     Moreover, the Debtors have reviewed the Rejected Contracts and

determined that they hold no material economic value to the Debtors or their estates and are not

essential to the conduct of the Debtors' bankruptcy cases.  The rejection of the Rejected

Contracts will eliminate the Debtors' obligation to perform, and the accrual of any further

administrative expense obligations under the Rejected Contracts.[3]  Accordingly, the Debtors

---

[3]  The Debtors do not concede that any of the Rejected Contracts are, in fact, unexpired or executory.  Indeed, the
Debtors contend that certain of the Rejected Contracts included on Exhibit A have either expired or been terminated
prior to the Petition Date.  Nonetheless, out of an abundance of caution, such agreements are included in the relief
requested herein.  The Debtors also reserve their rights to argue that any claim for damages arising from the

submit that the rejection of the Rejected Contracts is within their sound business judgment and is

in the best interest of the Debtors, their estates, creditors and other parties-in-interest.

**B.**    **Retroactive Rejection**

18.    The Debtors request that this Court approve the rejection of the Rejected

Contracts effective as of December 31, 2007. Bankruptcy courts are empowered to grant

retroactive rejection of executory contracts and unexpired leases under sections 105(a) and

365(a) of the Bankruptcy Code. See, e.g., Thinking Machines Corp. v. Mellon Fin. Serv. Corp.

(In re Thinking Machines Corp.), 67 F.3d 1021, 1028 (1st Cir. 1995) (recognizing that

bankruptcy courts are courts of equity that may enter orders authorizing retroactive rejection); In

re Amber's Stores, Inc., 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (same).

19.    Courts in this jurisdiction have previously considered the question of

retroactive rejection of unexpired leases and executory contracts. See, e.g., In re Namco

Cybertainment, Inc., Case No. 98-173 (Bankr. D. Del. 1998) (Walsh, J.). In In re Namco

Cybertainment, the Court permitted retroactive rejection on the condition that (a) the premises

(and the keys thereto) were surrendered with an unequivocal statement of abandonment to the

landlord; (b) the motion was filed and served on the landlord; (c) the official committee has

consented to the relief requested in the motion; and (d) the debtor acknowledged that it would

not have the right to withdraw the motion.

20.    The Debtors will have effectively satisfied the criteria for retroactive

rejection of the Rejected Contracts by or before December 31, 2007. The Debtors will send

letters (the "Rejection Letters") to each of the known counterparties to the Rejected Contracts

unequivocally surrendering any property subject to such agreements, in a manner to be received

---

rejection of the Rejected Contracts is limited to the remedies available under any applicable termination provision of
such Rejected Contract, or that any such claim is an obligation of a third party, and not that of the Debtors.

7

by the counterparties prior to December 31, 2007. Second, the filing and service of this Motion

further informs each of the counterparties to the Rejected Contracts that the Debtors are

unequivocally surrendering any property subject to the Rejected Contracts as of December 31,

2007. To the extent that any keys were in the possession of the Debtors, such keys have

previously been surrendered or are being enclosed with the respective Rejection Letters. Finally,

the Debtors hereby acknowledge that they will not have the right to withdraw the Motion.

C.      **Abandonment of Certain FF&E**

21.      In the event that there is any remaining FF&E left at the premises subject

to the Rejected Contracts after December 31, 2007, the Debtors request authority to abandon

such FF&E. Section 554 of the Bankruptcy Code provides that "[a]fter notice and a hearing, the

trustee may abandon any property of the estate that is burdensome to the estate or that is of

inconsequential value and benefit to the estate." 11 U.S.C. § 554. See In re New Century TRS

Holdings, Case No. 07-10416 (Bankr. D. Del. April 24, 2007) (Carey, J.). The Debtors propose

to abandon the FF&E at the premises subject to the Rejected Contracts because it would be more

cost-effective to do so than to transport, store and sell the FF&E, which has little value.

22.      Based upon the foregoing facts and circumstances, the Debtors submit that

the rejection of the Rejected Contracts and the abandonment of any FF&E remaining at the

premises subject to such Rejected Contracts in the manner set forth above is supported by sound

business judgment, and is necessary, prudent and in the best interests of the Debtors, their

estates, creditors and parties in interest.

23.      In accordance with the *Order Pursuant to Bankruptcy Rule 3003(c)(3) and*

*Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the*

*Form and Manner of Notice Thereof* [Docket No. 1708], the Debtors respectfully request that the

8

Order authorizing the relief requested herein (the "Rejection Order") provide that all claims allegedly arising from the rejection of the Rejected Contracts (each, a "Rejection Claim") must be filed on or before the date which is thirty (30) days from the entry of such Rejection Order (the "Rejection Bar Date").  Any holder of a Rejection Claim who fails to timely file a proof of such claim on or before the Rejection Bar Date shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim.

## NOTICE

24.    Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the counterparties to the Rejected Contracts; (v) counsel to the Debtors' postpetition lender; (vi) the Securities and Exchange Commission; and (vii) all parties that have requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto authorizing: (i) the rejection of the Rejected Contracts as of December 31, 2007; (ii) authorizing the abandonment of the FF&E; and (iii) granting such other and further relief as this Court deems just and proper.

Dated:    Wilmington, Delaware
          December 28, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____/s/ Kenneth J. Enos_____
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

## EXHIBIT A

### Executory Contracts to be Rejected

| DESCRIPTION OF CONTRACT | COUNTERPARTY TO CONTRACT | EFFECTIVE DATE OF REJECTION |
|---|---|---|
| Storage Unit 1024<br>PS Texas Holding, Ltd.<br>(Public Storage Co.)<br>1474 Justin Road #407<br>Lewisville, TX 75077<br><br>(storage agreement) | PS Texas Holding, Ltd.<br>(Public Storage Co.)<br>1474 Justin Road #407<br>Lewisville, TX 75077 | December 31, 2007 |
| Storage Unit 1057<br>PS Texas Holding, Ltd.<br>(Public Storage Co.)<br>1474 Justin Road #407<br>Lewisville, TX 75077<br><br>(storage agreement) | PS Texas Holding, Ltd.<br>(Public Storage Co.)<br>1474 Justin Road #407<br>Lewisville, TX 75077 | December 31, 2007 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
In re:                                                   :   Chapter 11
                                                         :
AMERICAN HOME MORTGAGE                                    :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,¹         :
                                                         :   Jointly Administered
                                                         :
                          Debtors.                       :   Ref. Docket No. _____
-------------------------------------------------------- x
```

**SIXTH ORDER, PURSUANT TO SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS TO
REJECT CERTAIN EXECUTORY CONTRACTS AND TO
ABANDON CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT**

Upon consideration of the motion (the "Motion")² of the above-captioned debtors

and debtors in possession (the "Debtors"), for an order pursuant to sections 105(a), 365(a), and

554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"),

authorizing the Debtors to (i) reject the Rejected Contracts and (ii) abandon certain of the FF&E;

and the Court being satisfied that the rejection of the Rejected Contracts and the abandonment of

certain of the FF&E is in the best interests of the Debtors, their estates and creditors and is a

proper exercise of the Debtors' business judgment; and due and proper notice of the Motion

having been given; and it appearing that no other or further notice need be given; and after due

deliberation and sufficient cause appearing therefor, it is hereby:

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp.
("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM
Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a
Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558);
American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.
("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,
Texas 75063.

[2]  Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

DB02:6455418.4                                                                              066585.1001

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that the Debtors are authorized, pursuant to 11 U.S.C. § 365(a), but not required, to reject the Rejected Contracts identified on Exhibit A attached hereto; and it is further

ORDERED, that the Rejected Contracts are deemed rejected pursuant to 11 U.S.C. § 365(a) effective as of December 31, 2007; and it is further

ORDERED, that the Debtors are authorized, but not required, pursuant to 11 U.S.C. § 554(a), to abandon any FF&E remaining at the premises of the Rejected Contracts as of December 31, 2007; and it is further

ORDERED, that the Rejection Bar Date for filing a Rejection Claim pursuant to this Order is hereby fixed as a date which is thirty (30) days from the date of the entry of this Order.  Any holder of a Rejection Claim who fails to timely file a proof of such claim on or before the Rejection Bar Date shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim; and it is further

ORDERED, that nothing herein shall prejudice the rights of the Debtors to argue that any claim for damages arising from the rejection of the Rejected Contracts is limited to the remedies available under any applicable termination provision of such Rejected Contract, or that any such claim is an obligation of a third party, and not that of the Debtors; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
      February \_\_\_, 2008

 

_____
Christopher S. Sontchi
United States Bankruptcy Judge

## EXHIBIT A

### Executory Contracts to be Rejected

| DESCRIPTION OF CONTRACT | COUNTERPARTY TO CONTRACT | EFFECTIVE DATE OF REJECTION |
|---|---|---|
| Storage Unit 1024<br>PS Texas Holding, Ltd.<br>(Public Storage Co.)<br>1474 Justin Road #407<br>Lewisville, TX 75077<br><br>(storage agreement) | PS Texas Holding, Ltd.<br>(Public Storage Co.)<br>1474 Justin Road #407<br>Lewisville, TX 75077 | December 31, 2007 |
| Storage Unit 1057<br>PS Texas Holding, Ltd.<br>(Public Storage Co.)<br>1474 Justin Road #407<br>Lewisville, TX 75077<br><br>(storage agreement) | PS Texas Holding, Ltd.<br>(Public Storage Co.)<br>1474 Justin Road #407<br>Lewisville, TX 75077 | December 31, 2007 |