IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>(Jointly Administered)<br><br>Re: Docket No. 2395<br><br>**Objection Deadline: Extended until December 28, 2007**<br>**Hearing Date: January 4, 2008 at 11:00 a.m.** |

**LIMITED OBJECTION OF BANK OF AMERICA, N.A., AS ADMINISTRATIVE
AGENT, TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C.
§§ 105, 363 AND 554 AUTHORIZING THE (I) ABANDONMENT AND
DESTRUCTION OF CERTAIN DUPLICATE MORTGAGE LOAN FILES
OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF
SUCH LOANS UPON PAYMENT OF REASONABLE COSTS AND EXPENSES**

Bank of America, N.A., as administrative agent (the "Administrative Agent") for itself and certain other banking and financial institutions as pre-petition secured lenders (the "Pre-Petition Secured Parties") under that certain Second Amended and Restated Credit Agreement (the "Credit Agreement"), dated as of August 10, 2006, by its undersigned attorneys, hereby submits this Limited Objection (the "Objection") to the Motion For An Order Pursuant To 11 U.S.C. §§ 105, 363 And 554 Authorizing The (I) Abandonment And Destruction Of Certain Duplicate Mortgage Loan Files Or (II) Return Of Mortgage Loan Files To The Owner Of Such Loans Upon Payment Of Reasonable Costs And Expenses (the "Motion") (D.I. 2395) filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] and in support thereof states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHMIC"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558);
(continued...)

## FACTUAL BACKGROUND

1. On August 6, 2007 (the "Petition Date"), the Debtors commenced voluntary cases under Chapter 11 of the Bankruptcy Code in this Court (the "Bankruptcy Cases"). The Debtors remain in possession of their property and are managing their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No Chapter 11 trustee has been appointed in the Bankruptcy Cases as of the date of this Motion. On August 14, 2007, an official committee of unsecured creditors was appointed to represent the interests of the general unsecured creditors in these Bankruptcy Cases.

### A. Second Amended and Restated Credit Agreement and the Cash Collateral Order.

2. Prior to the Petition Date, the Pre-Petition Secured Parties extended secured credit to the Debtors pursuant to the Credit Agreement. As of the Petition Date, the Debtors were indebted to the Pre-Petition Secured Parties in the aggregate principal amount of approximately $1,104,550,000 (the "Indebtedness"). Pursuant to a Security Agreement dated as of August 30, 2004, as amended, modified, supplemented, ratified, and restated from time to time (the "Security Agreement"), the Administrative Agent, for the ratable benefit of the Pre-Petition Secured Parties, holds first priority security interests in and liens upon certain of the Debtors' assets, including the Mortgage Loans (as hereafter defined).

3. On September 4, 2007, this Court entered the Final Order (i) Authorizing Debtors' Limited Use of Cash Collateral and (ii) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties [Docket No. 554] (the "Final Cash Collateral

---

American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Order," together with the interim order entered in connection therewith and any amendments or extensions thereto, collectively the "Cash Collateral Order").

4. Pursuant to the Cash Collateral Order, the Debtors (subject to the Committee's rights as set forth in paragraph 20 of the Cash Collateral Order): (i) admitted that the Indebtedness constitutes valid and binding obligations of the Debtors and that no portion of the Indebtedness or any amounts paid to the Pre-Petition Secured Parties prior to the Petition Date is subject to avoidance, subordination, recharacterization, offset, counterclaim, defense or Claim (as such term is defined in the Bankruptcy Code) of any kind pursuant to the Bankruptcy Code or applicable non-bankruptcy law; (ii) acknowledged the Administrative Agent's valid, perfected, enforceable, first priority security interests in and liens upon the Pre-Prepetition Collateral (as defined in the Cash Collateral Order) which includes the Mortgage Loans; and (iii) further admitted that the Administrative Agent's first priority security interests in and liens upon the Pre-Prepetition Collateral and the Collateral (as defined in the Cash Collateral Order), for the ratable benefit of the Pre-Petition Secured Parties, are not subject to avoidance, subordination, recharacterization, defense or Claim of any kind pursuant to the Bankruptcy Code or applicable non-bankruptcy law.

**B.     The Mortgage Loan Collateral.**

5. A portion of the Debtors' assets that constitute the Pre-Petition Collateral and the Collateral are residential mortgages, which consist of fixed rate, adjustable rate, balloon and interest only loans originated with full and alternative documentation (collectively, the "Mortgage Loans"). As of the date hereof, approximately 3,300 Mortgage Loans constitute Pre-Petition Collateral and Collateral.

C. **Debtors' Motion to Abandon and Destroy Certain Mortgage Files.**

6. On December 14, 2007, the Debtors filed the Motion, seeking authority to, *inter alia*, abandon and destroy approximately 490,000 "Duplicate Hard Copy Loan Files." The Motion also provides that the Debtors will "return the Duplicate Hard Copy Loan Files to the owner of such loans upon written request and payment of all reasonable costs and expenses associated with the retrieval, review and return." Motion, ¶ 21, p. 7.

## OBJECTION

7. Pursuant to the Security Agreement and the Cash Collateral Order, the Administrative Agent has been granted valid, perfected, enforceable, first priority security interests in and liens upon the Pre-Prepetition Collateral and the Collateral, which include the Mortgage Loans, for the ratable benefit of the Pre-Petition Secured Parties. The Administrative Agent hereby objects to the Motion to the extent that the Debtors are seeking to abandon or destroy any original documents or mortgage files relating to the Mortgage Loans inasmuch as the Debtors' Motion is silent as to whether any original documents will or will not be destroyed. The Debtors are obligated to maintain the original files and documents relating to the Mortgage Loans which files and documents will be necessary to consummate the ultimate sale or other disposition of the Mortgage Loans. To the extent that the Debtors' proposed abandonment and destruction of the loan files includes such original documentation, the Mortgage Loans would not be adequately documented. Inadequate documentation could have a negative impact on the value of such Mortgage Loans and the Debtors ability to consummate the sale or other disposition of such loans. In the alternative, since the Motion does not make clear whether the Debtors intend to destroy original documents or copies of such documents, the Debtors should be directed to retain all original documents and only be permitted to destroy duplicates of such original documents.

8. The Debtors' Motion seeking authority to destroy almost one-half million unidentified hard copy loan files in their possession is especially problematic because there is no way to determine whether such files include any documents relating to the Mortgage Loans. Therefore, the Administrative Agent submits that in order to avoid the destruction of irreplaceable mortgage loan files, plus potentially original notes and security instruments which may very well adversely affect the value of the Mortgage Loans and/or the Debtors' ability to consummate the sale or other disposition of the Mortgage Loans, the Court should deny that portion of the Debtors' Motion as it relates to the Mortgage Loans until the completion of the Debtors' sale, transfer or other disposition of such Mortgage Loans.

9. Denial of the Motion is appropriate given the relatively insignificant harm to the Debtors as weighed against the considerable damages which would be suffered by the Administrative Agent and the Pre-Petition Secured Parties in the event loan files relating to the Mortgage Loans were destroyed. According to the Motion, the Debtors are currently paying approximately $45,000 per month to store 1.1 Million hard copy loan files. The immediate destruction of the 490,000 "Duplicate Hard Copy Loan Files" would save the Debtors approximately $20,000 per month, a relatively insignificant sum in this case. Conversely, the Administrative Agent and the Pre-Petition Secured Parties stand to suffer significant harm from any destruction of the mortgage loan files, including (i) the possible adverse impact on the Debtors' ability to close a sale on the Mortgage Loans to the extent that the Debtors destroy or abandon integral documents relating such loans and (ii) the significant adverse affect on the value of the Mortgage Loans that would result from the inadvertent destruction of the underlying loan documents.

10. Accordingly, the Motion should be denied to the extent that it seeks to destroy or abandon any original documents or mortgage files relating to the Mortgage Loans.

WHEREFORE, the Administrative Agent respectfully requests that the Court (i) sustain the Objection; (ii) deny the relief requested in the Motion to the extent that the Debtors seek to destroy any original files or records relating to the Mortgage Loans prior to the entry of a final order by this Court approving the sale or other disposition of the Mortgage Loans; and (iii) grant such other and further relief as is just and proper.

Dated: December 28, 2007
      Wilmington, Delaware

                                  POTTER ANDERSON & CORROON LLP

                                  By: _____
                                  Laurie Selber Silverstein (No. 2396)
                                  Gabriel R. MacConaill (No. 4734)
                                  P. O. Box 951
                                  1313 N. Market Street, 6th Floor
                                  Wilmington, Delaware 19899
                                  (302) 984-6000

                                            - and -

                                  KAYE SCHOLER LLP
                                  Margot B. Schonholtz
                                  Scott D. Talmadge
                                  Mark F. Liscio
                                  425 Park Avenue
                                  New York, NY 10022

                                  *Counsel for Bank of America, N.A. as*
                                  *Administrative Agent under that certain Second*
                                  *Amended and Restated Credit Agreement, dated*
                                  *as of August 10, 2006*

Pac#840062