IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>(Jointly Administered)<br><br>Re: Docket No. 2395<br><br>**Objection Deadline: Extended until December 28, 2007**<br>**Hearing Date: January 4, 2008 at 11:00 a.m.** |

**LIMITED OBJECTION OF BANK OF AMERICA, N.A. TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE (I) ABANDONMENT AND DESTRUCTION OF CERTAIN DUPLICATE MORTGAGE LOAN FILES OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT OF REASONABLE COSTS AND EXPENSES**

Bank of America, N.A., ("BofA") in its capacity as a loan purchaser pursuant to certain Purchase Agreements (as hereafter defined) with the Debtors, by its undersigned attorneys, hereby submits this Limited Objection (the "Objection") to the Motion For An Order Pursuant To 11 U.S.C. §§ 105, 363 And 554 Authorizing The (I) Abandonment And Destruction Of Certain Duplicate Mortgage Loan Files Or (II) Return Of Mortgage Loan Files To The Owner Of Such Loans Upon Payment Of Reasonable Costs And Expenses (the "Motion") (D.I. 2395) filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] and in support thereof states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHMIC"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

**FACTUAL BACKGROUND**

1. On August 6, 2007 (the "Petition Date"), the Debtors commenced voluntary cases under Chapter 11 of the Bankruptcy Code in this Court (the "Bankruptcy Cases"). The Debtors remain in possession of their property and are managing their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No Chapter 11 trustee has been appointed in the Bankruptcy Cases as of the date of this Motion. On August 14, 2007, an official committee of unsecured creditors was appointed to represent the interests of the general unsecured creditors in these Bankruptcy Cases.

A. **BofA's Purchase Agreements with the Debtors.**

2. Prior to the Petition Date, BofA purchased pools of mortgage loans from the Debtors pursuant to the three following agreements: (1) the Master Bulk Sale and Interim Servicing Agreement, dated as of May 1, 2006, between BofA and AHM Corp. (together with all exhibits, amendments, modifications, Trade Confirmations, Memoranda of Sale and other documents executed in connection therewith, the "May 2006 Agreement"); (2) the Master Bulk Sale and Interim Servicing Agreement, dated as of August 1, 2006, among BofA, AHM Corp., and AHM Servicing (together with all exhibits, amendments, modifications, Trade Confirmations, Memoranda of Sale and other documents executed in connection therewith, the "August 2006 Agreement"); and (3) the Master Bulk Sale and Servicing Agreement, dated as of June 1, 2007, among BofA, AHM Corp. and AHM Servicing (together with all exhibits, amendments, modifications, Trade Confirmations, Memoranda of Sale and other documents executed in connection therewith, together with the May 2006 Agreement and the August 2006 Agreement, the "Purchase Agreements").

3. Pursuant to Section 3.02 of the Purchase Agreements, AHM Corp. made certain representations and warranties relating to the mortgage loans purchased by BofA under the

Purchase Agreements, several of which relate to documents required to be obtained and provided to BofA or to be included in each mortgage loan's Mortgage File (as defined in the Purchase Agreements) or Servicing File (as defined in the Purchase Agreements). BofA has prepared and recently submitted to the Debtors a request for the production of certain documents that BofA believes are missing and which BofA hopes are in the Debtors' possession. In addition, Section 2.01(C) of the Purchase Agreements sets forth certain requirements of AHM Corp. with respect to maintaining Servicing Files and Mortgage Files in trust for the benefit of and as custodian for BofA.

**B.    Debtors' Motion to Abandon and Destroy Certain Mortgage Files.**

4.    On December 14, 2007, the Debtors filed the Motion, seeking authority to, *inter alia*, abandon and destroy approximately 490,000 "Duplicate Hard Copy Loan Files." The Motion also provides that the Debtors will "return the Duplicate Hard Copy Loan Files to the owner of such loans upon written request and payment of all reasonable costs and expenses associated with the retrieval, review and return." Motion, ¶ 21, p. 7.

### OBJECTION

5.    Pursuant to the Purchase Agreements, the Debtors have certain obligations under to provide BofA with documents relating to the mortgage loans that BofA purchased under such agreements. BofA has prepared and recently submitted a request for documents that BofA believes are missing from the Mortgage Files and the Servicing Files in connection with the loans that BofA purchased pursuant to the Purchase Agreements. In addition, the Purchase Agreements require the Debtors to maintain the Servicing Files and Mortgage Files in trust for the benefit of and as custodian for BofA. Accordingly, BofA submits that the relief requested in the Motion must be denied until the Debtors have fully complied with the BofA's forthcoming document request as well as with all of the Debtors' obligations to maintain and/or provide BofA

3

with the relevant documents under the Purchase Agreements. In the alternative, since the Motion does not make clear whether the Debtors intend to destroy original documents or copies of such documents, the Debtors should be directed to retain all original documents and only be permitted to destroy duplicates of such original documents.

6. Denial of the Motion is appropriate given the relatively insignificant harm to the Debtors as weighed against the considerable damages which would be suffered by BofA in the event loan files relating to the Purchase Agreements were destroyed. According to the Motion, the Debtors are currently paying approximately $45,000 per month to store 1.1 Million hard copy loan files. The immediate destruction of the 490,000 "Duplicate Hard Copy Loan Files" would save the Debtors approximately $20,000 per month, a relatively insignificant sum in this case. Conversely, BofA stands to suffer significant harm from any destruction of the mortgage loan files, including (i) BofA's ability to enforce its rights under any loan that it purchased under the Purchase Agreements for which the underlying loan documents were inadvertently destroyed or (ii) to provide releases and/or discharges of the notes and security instruments upon payoff, as potentially required by the loan documents and applicable state law.

7. Accordingly, the Motion should be denied to the extent that it seeks to destroy or abandon any original documents or mortgage files relating to the loans that BofA purchased under the Purchase Agreements.

WHEREFORE, BofA respectfully requests that the Court (i) sustain the Objection; (ii) deny the relief requested in the Motion to the extent that the Debtors seek to destroy any original files or records relating to the loans that BofA purchased under the Purchase Agreements prior to the Debtors' compliance with all of their obligations and satisfaction of all the conditions

set forth in the Purchase Agreements; and (iii) grant such other and further relief as is just and proper.

Dated: December 28, 2007
      Wilmington, Delaware

                              POTTER ANDERSON & CORROON LLP

                              By: _____
                              Laurie Selber Silverstein (No. 2396)
                              Gabriel R. MacConaill (No. 4734)
                              P. O. Box 951
                              1313 N. Market Street, 6th Floor
                              Wilmington, Delaware  19899
                              (302) 984-6000

                                    - and -

                              KAYE SCHOLER LLP
                              Margot B. Schonholtz
                              Scott D. Talmadge
                              Mark F. Liscio
                              425 Park Avenue
                              New York, NY  10022

                              *Counsel for Bank of America, N.A.*

Pac#840064