IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:
:
:   Chapter 11
:
:   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corporation, et al.,[1]
:   Jointly Administered
:
Debtors.
:   Hearing Date: January 4, 2008 at 11:00 a.m. (ET)
:   Docket Ref. No. 2135
------------------------------------------------------------------ x

## DEBTORS' LIMITED OBJECTION TO MOTION OF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION FOR RELIEF FROM THE AUTOMATIC STAY

The above-captioned debtors and debtors-in-possession (the "Debtors") file this limited objection (the "Limited Objection") to the Motion of JPMorgan Chase Bank, National Association ("JPMC") for Relief from the Automatic Stay, Pursuant to Motion 11 U.S.C. §362(d), to Foreclose on and Preserve Collateral Consisting of Outstanding Construction/Permanent Loans on Single-Family Residences [Docket No. 2135] (the "Motion") filed on November 21, 2007. In support of this Limited Objection, the Debtors respectfully represent as follows:

1.  The Debtors do not object to lifting the stay to allow JPMC to proceed with exercising its remedies under the Warehouse Credit Agreement; however, lifting the stay does not include granting substantive relief to JPMC.

2.  As the case law makes clear, a motion for relief "is not designed to short

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

circuit nonbankruptcy substantive and procedural requirements." <u>Grimes v. Munoz (In re Munoz)</u>, 83 B.R. 334, 338 (Bankr. E.D. Pa. 1988) (citing <u>In re W.L. Bradley Co., Inc.</u>, 75 B.R. 505 (Bankr. E.D. Pa. 1987)). Rather, "the effect of granting relief from the stay is to allow a creditor to proceed and assert nonbankruptcy created rights (e.g. state law rights) ...." in the proper forum. <u>Id.</u> A motion for relief does not provide a basis for substantive relief. <u>See Grella v. Salem Five Cent Savings Bank</u>, 42 F.3d 26, 32 (1st Cir. 1994) ("The limited grounds set forth in the statutory language, read in the context of the overall scheme of §362, and combined with the preliminary, summary nature of the relief from stay proceedings, have led most courts to find that such hearings do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim to property of the estate."); <u>Johnson v. Righetti (In re Johnson)</u>, 756 F.2d 738, 740 (9th Cir. 1985) (relief from stay hearings are limited in scope to adequacy of protection, equity, and necessity to an effective reorganization, and validity of underlying claims is not litigated).

       3.      In the Motion, JPMC simply requests that the Court "lift or otherwise modify the automatic stay in the Bankruptcy Cases so that JPMC may exercise its rights and remedies with respect to the Construction/Permanent Loans (including without limitation the underlying C/P Loan Collateral) under the Warehouse Facilities Papers..." Motion at p. 14. In spite of this limited request in the Motion, JPMC seeks authority in the proposed form of order attached to the Motion (the "JPMC Proposed Order") to:

> [I]mmediately do one or more of the following: (a) foreclose its lien and security interest in the Construction/Permanent Loans in accordance with the Warehouse Facility Papers and applicable law; (b) direct, as necessary, the Debtors to assign *in toto* to JPMC and/or its designated assignee the Construction/Permanent Loans and all related loan documentation; (c) advance any and all amounts JPMC may deem necessary to protect its liens and security interest in the Construction/Permanent Loans (including,

without limitation, in the underlying C/P Loan Collateral); (d) assume the servicing functions on the Construction/Permanent Loans from AHM Servicing and/or transfer such servicing functions to a third-party as JPMC deems appropriate; and (e) take any other actions that JPMC may in its discretion deem necessary to protect and preserve its liens and security interests in the Construction/Permanent Loans (including without limitation in the underlying C/P Loan Collateral).

JPMC Proposed Order at p.2. The proposed order also seeks to compel the Debtors to "cooperate" without providing any support for requiring the Debtors to perform under a pre-petition agreement.[2]

4. Here, the Debtors consent to the termination of the automatic stay to permit JPMC to exercise its rights and remedies with respect to the Construction/Permanent Loans (including without limitation the underlying C/P Loan Collateral) under the Warehouse Facilities Papers. However, the Debtors oppose the inappropriate attempt of JPMC to go beyond the procedural and summary relief granted on a motion for relief from the stay. If JPMC seeks substantive relief such as foreclosing its asserted lien and security interest, such request must be procedurally proper.[3]

5. The Debtors submit that any order on the Motion should simply provide for the lifting of the automatic stay and otherwise preserve and reserve rights with respect to the Debtors' assets. Specifically, the Debtors request that any order on the Motion include language as follows to protect the estates' assets:

---

[2] In fact, this Court has already denied a request for preliminary injunction requiring transfer of files and servicing rights, even though the Plaintiff asserted that the Debtors had no right to continue servicing and were in violation of the contract, because the moving party could not sustain its burden of establishing irreparable injury given that it had a claim against the debtors' estates for any damages resulting from any breach, which is an economic injury compensable in money. See Credit Suisse First Boston Mortgage Capital, LLC v. American Home Mortgage Corp. (In re American Home Mortgage Holdings, Inc.), Ch. 11 Case No. 07-11047 (CSS), Adv. No. 07-51684 (CSS), slip op. at 53 and 103 (Bankr. D. Del. August 17, 2007).

[3] For instance, Bankruptcy Rule 7001 is clear that "a proceeding to recover money or property" or "to obtain a declaratory judgment relating to" the same is an adversary proceeding covered by the adversary rules. Fed. R. Bankr. P. 7001(1) & (7).

3

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be an admission of liability or waiver of claims of the Debtors with respect to any claim or cause of action arising under or related to the Warehouse Credit Agreement. The Debtors reserve any and all rights to contest any and all motions, claims or causes action arising from or related to the Warehouse Credit Agreement on any and all bases.

6. Given there is no authority for the language that JPMC demands to be included in the JPMC Proposed Order that seeks to impose a significant administrative expense and burden on the Debtors' estates, such relief requested in the Motion should be denied.

WHEREFORE, the Debtors respectfully request that the Court deny the relief requested in the Motion to the extent set forth herein and grant the Debtors such other and further relief as is just and proper.

Dated: Wilmington, Delaware
December 28, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
M. Blake Cleary (No. 3614)
Erin Edwards (No. 4392)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession