UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | )     Chapter 11 |
| AMERICAN HOME MORTGAGE | ) |
|         HOLDINGS, INC., et al., | )     Case No. 07-11047 (CSS) |
| | ) |
| Debtors. | )     (Jointly Administered) |
| | ) |
| | )     Objection Deadline: 12/27/07 at 4:00 p.m. |
| | )     Hearing Date: 1/4/08 at 11:00 a.m. |

**JOINDER OF THE BANK OF NEW YORK, IN CERTAIN CAPACITIES, TO THE OBJECTION OF WELLS FARGO BANK, N.A. TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE (I) ABANDONMENT AND DESTRUCTION OF CERTAIN DUPLICATE MORTGAGE LOAN FILES OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT OF REASONABLE COSTS AND EXPENSES**

The Bank of New York in its capacity (a) as Indenture Trustee for the American Home Mortgage Investment Trust Series 2004-4 Mortgage-Backed Notes, (b) as successor to JPMorgan Chase Bank, National Association as Master Servicer, Securities Administrator and Custodian for the GSAA Home Equity Trust 2006-6 Asset Back Certificates Series 2006-6 and the GSAA Home Equity Trust 2006-9 Asset Back Certificates Series 2006-9, and (c) as Trustee for the Structured Asset Mortgage Investments II Trust 2006-AR5 Mortgage Pass-Through Certificates Series 2006-AR5 (in all capacities, hereinafter "BNY"), by and through its undersigned counsel, hereby joins in the Objection of Wells Fargo Bank, N.A. ("Wells Fargo") to Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses (the "Objection"), and states as follows:

       1.        BNY is in a position similar to that of Wells Fargo, which also serves as Master Servicer, Securities Administrator, Trust Administrator and/or Indenture Trustee for several

securitization transactions for which American Home Mortgage Servicing, Inc. or one of the other Debtors act as Servicer.[1]

2.  BNY agrees with Wells Fargo that the destruction of original documents may violate the terms of the Servicing Agreements to the extent that it seeks to destroy original documents because (a) the Servicer only holds the Mortgage Files in trust and (b) the Servicer may be unable to adequately exercise remedies set forth in the Mortgage Files without the original documentation. Accordingly, BNY hereby joins the Objection, and reserves the right to be heard before this Court with respect to the foregoing.

3.  The Servicing Agreements to which BNY is a party only allow the Debtors to release all Mortgage Files upon repayment of a loan. Until then, the Mortgage Files are to be held in trust by the Servicer. The destruction of original Mortgage Files prior to the repayment of a loan goes against the mandate of the Servicing Agreements and should not be allowed.

---

[1] The servicing agreements relevant to the securitizations in which BNY is involved include: (i) RMBS Servicing Agreement dated as of December 21, 2004 by and among American Home Mortgage Investment Trust 2004-4, as Issuer, American Home Mortgage Servicing, Inc. as RMBS Master Servicer and The Bank of New York, as Indenture Trustee; (ii) Mortgage Loan Sale and Servicing Agreement dated as of December 1, 2005 by and among American Home Mortgage Corp., as seller, American Home Mortgage Servicing, Inc., as Servicer and Goldman Sachs Mortgage Company as Purchaser; and (iii) Amended and Restated Pooling and Servicing Agreement dated as of December 5, 2006 by and among Structured Asset Mortgage Investment II Inc. as depositor, The Bank of New York as successor to JPMorgan Chase Bank, N.A., as Trustee, Wells Fargo Bank, National Association as Master Servicer and Securities Administrator and EMC Mortgage Corporation. Additionally American Home Mortgaging Servicing, Inc is HELOC Subservicer in connection with the American Home Mortgage Investment Trust 2004-4 transaction. The debtors have represented that the files for the HELOC loans are not included in the instant motion.

WHEREFORE, for the reasons set forth in the Objection, BNY requests that this Court (i) deny the Debtors' request to the extent that it requests the destruction of original documents; and (ii) grant such other and further relief as the Court may deem necessary and proper.

Dated: December 31, 2007
      Wilmington, Delaware

                                          */s/ Christopher M. Samis*
                                    Russell C. Silberglied (No. 3462)
                                    Christopher M. Samis (No. 4909)
                                    RICHARDS, LAYTON & FINGER, P.A.
                                    One Rodney Square
                                    920 North King Street
                                    Wilmington, Delaware 19801
                                    (302) 651-7700

                                    -and-

                                    Leo T. Crowley
                                    Margot P. Erlich
                                    PILLSBURY WINTHROP SHAW PITTMAN LLP
                                    1540 Broadway
                                    New York, New York 10036
                                    (212) 858-1000

                                    Attorneys for The Bank of New York, in various capacities

RLF1-3239574-1