UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047-CSS |
| HOLDINGS, INC., et al., | ) | |
|         Debtors | ) | Jointly Administered |
| | ) | Related to Doc. No. 2449 |
| | ) | Hearing Date: January 4, 2008 at 11:00 a.m. (ET) |
| | ) | Objection Date: January 3, 2008 at 12:00 (ET) |

## RESERVATION OF RIGHTS OF FINANCIAL GUARANTY INSURANCE COMPANY IN CONNECTION WITH GMAC MORTGAGE LLC'S MOTION TO COMPEL THE DEBTORS TO SEND NOTICE TO THE HELOC BORROWERS REGARDING THE "FREEZING" OF THE HELOC LOANS

Financial Guaranty Insurance Company ("FGIC") hereby files its Reservation of Rights in connection with the above-captioned Motion of GMAC Mortgage LLC ("GMAC") to Compel the Debtors to Send Notice to the HELOC Borrowers Regarding the "Freezing" of the HELOC Loans (D.I. 2449) (the "Motion").

      1.    In the Motion, GMAC seeks an order of the Court requiring the Debtors to send a notice (the "Notice") to borrowers ("HELOC Borrowers") under home equity line of credit mortgage loans ("HELOC Mortgage Loans") in several securitization transactions in which GMAC is or will become the HELOC servicer. As described in the GMAC Motion, the Notice will alert HELOC Borrowers that the applicable Debtor as lender (the "AHM Lender") will no longer fund draws by HELOC Borrowers under the HELOC Mortgage Loans.

      2.    The securitization transactions at issue include the following three securitization transactions: American Home Mortgage Investment Trust 2005-1, American Home Mortgage

4834-4145-5618.3

Investment Trust 2005-2 and American Home Mortgage Investment Trust 2005-4A (collectively, the "FGIC Securitizations").[1]

3. FGIC does not object to GMAC's request that a Notice be sent to HELOC Borrowers alerting the HELOC Borrowers that the AHM Lender will no longer fund draws under the HELOC Mortgage Loans. However, because the Motion relates to HELOC Mortgage Loans in the FGIC Securitizations and references certain terms of the transaction documents in the FGIC Securitizations, FGIC hereby files this Reservation of Rights reserving all of its rights under and relating to the transaction documents in the FGIC Securitizations, including without limitation its rights relating to the matters summarized herein.

4. GMAC's Motion refers to the Rapid Amortization provisions of the indentures in the FGIC Securitizations.[2] As set forth more fully in FGIC's Complaint in adversary proceeding No. 07-51725-CSS, FGIC asserts that several Rapid Amortization Events (as set forth in the Indentures) have occurred in the FGIC Securitizations, including certain Rapid Amortization Events that occurred pre-petition. To the extent necessary, the terms of the Complaint are incorporated herein. The Debtors have failed to properly apply collections on the HELOC Mortgage Loans consistent with the Rapid Amortization provisions of the transaction documents in the FGIC Securitizations. Instead, the Debtors have improperly diverted collections on HELOC Mortgage Loans contrary to the Rapid

---

[1] The HELOC Mortgage Loans are owned by the Trusts in the FGIC Securitizations. However, the related mortgage loan purchase agreements in the FGIC Securitizations expressly specify that purchasers thereunder do not assume any obligation to fund draws by HELOC Borrowers under the HELOC Mortgage Loans. True and correct copies of the mortgage loan purchase agreements are attached as Exhibit I-1, Exhibit I-2 and Exhibit I-3 to FGIC's Complaint in adversary proceeding No. 07-51725-CSS. Thus, the AHM Lender remained, and still remains, obligated to fund draws by HELOC Borrowers.

[2] True and correct copies of the Indentures are attached as Exhibit D-1, Exhibit D-2 and Exhibit D-3 to FGIC's Complaint in adversary proceeding No. 07-51725-CSS.

4834-4145-5618.3                                    2

Amortization provisions to enable the AHM Lender to fund additional draws by HELOC Borrowers from <u>the Trusts'</u> funds in the FGIC Securitizations, rather than from the AHM Lender's own funds. FGIC reserves its right to assert any and all Rapid Amortization Events and any and all claims related thereto. Moreover, because the use of the Trusts' funds to finance further draws under HELOC Mortgage Loans would be contrary to the transaction documents in the FGIC Securitizations, the Trusts' funds should not be used to finance any further draws under HELOC Mortgage Loans.

5. FGIC requests that the Notice as attached to the GMAC Motion be modified in certain respects. The Notice should be modified to be effective immediately, rather than have an effective date in the future before which HELOC Borrowers would be permitted to draw. As stated above, the use of the Trusts' funds to finance further draws under HELOC Mortgage Loans would be contrary to the transaction documents in the FGIC Securitizations.[3] Thus, the Trusts' funds should not be used to finance any further draws under HELOC Mortgage Loans. FGIC also requests that the form of Notice sent to HELOC Borrowers contain a statement that the HELOC Mortgage Loans are no longer owned by the AHM Lender (or any American Home entity) and that the HELOC Borrowers are required to make all payments on their HELOC Mortgage Loans notwithstanding the failure of the AHM Lender to fund future draws. Such a statement in the Notice would be consistent with the advice of the Federal Trade Commission ("FTC") to borrowers in a recent FTC release, attached hereto as Exhibit A. While the FTC release does not address HELOCs specifically, the release advises consumers that they are required to repay their mortgage loans if their lender or servicer files

---

[3] Any such further use of the Trusts' funds would also require the Trusts to provide financial accommodations to the Debtors, increase the claims of the Trusts and FGIC against the Debtors and require an inappropriate reformation of the transaction documents in the FGIC Securitizations. The Debtors have also not assumed any transaction document in the FGIC Securitizations (and any such further use of the Trusts' funds would be contrary to such transaction documents in any event).

bankruptcy. In addition, FGIC requests that the Notice inform HELOC Borrowers that they may hold claims against the Debtors for any failure of the AHM Lender to fund future draws under the HELOC Mortgage Loans.

6.  The costs associated with the Notices should not be an expense, directly or indirectly, of any Trust or of FGIC.

7.  FGIC reserves all other rights and remedies under and relating to the transaction documents in the FGIC Securitizations and otherwise at law and in equity.

Dated: Wilmington, Delaware
January 2, 2008

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*Donna L. Culver*
Robert J. Dehney (No. 3578)
Donna L. Culver (No. 2983)
Chase Manhattan Centre, 18th Floor
1201 North Market Street
Wilmington, Delaware 19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: rdehney@mnat.com
Email: dculver@mnat.com

and

**KUTAK ROCK LLP**
Bruce A. Wilson, Esq. (NE Bar # 18885), *pro hac vice*
1650 Farnam Street
Omaha, Nebraska 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
Email: bruce.wilson@kutakrock.com

ATTORNEYS FOR FINANCIAL GUARANTY INSURANCE COMPANY