IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| **AMERICAN HOME MORTGAGE** ) | Case No. 07-11047-CSS |
| **HOLDINGS, INC., et. al.,** ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Objection Deadline: January 3, 2008 at 12:00 p.m. |
| ) | Hearing Date: January 4, 2008 at 11:00 a.m. |
| ) | Related Document No. 2449 |
| ) | |

**LIMITED OBJECTION OF CIFG ASSURANCE NORTH AMERICA, INC. TO
GMAC MORTGAGE LLC'S MOTION TO COMPEL THE DEBTORS
TO SEND NOTICE TO THE HELOC BORROWERS
<u>REGARDING THE "FREEZING" OF THE HELOC LOANS</u>**

CIFG Assurance North America, Inc. ("CIFG"), insurer of American Home Mortgage Investment Trust 2006-2, Mortgage-Backed Notes, Series 2006-2, Class V-A (the "Securities"), which are collateralized by a pool of prime quality home equity lines of credit (the "HELOC Mortgage Loans") that were sold to American Home Mortgage Investment Trust 2006-2, a Delaware statutory trust (the "Trust"), and serviced by American Home Mortgage Acceptance, Inc., one of the above captioned debtors (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this limited objection to the motion (the "Motion") of GMAC Mortgage LLC ("GMAC") to compel the Debtors to send notice to the borrowers on the HELOC Mortgage Loans (collectively, the "Borrowers") and other HELOC mortgage loans, regarding the "freezing" of such loans. In support of this limited objection, CIFG respectfully represents as follows:

## Argument

1. CIFG does not object to GMAC's request that the Court enter an order compelling the Debtors to send a notice to the HELOC Borrowers. However, to the extent GMAC's request is granted, CIFG objects to the form of such notice proposed by GMAC, which is attached to the Motion as <u>Exhibit A</u> (the "Proposed Notice"). The Proposed Notice is problematic because (i) it does not provide sufficient information to the HELOC Borrowers as to why the revolving periods of the HELOC Mortgage Loans have ended and no further draws will be honored and (ii) it does not provide a certain effective date therefor. CIFG, as insurer of the Securities, submits that sending the Proposed Notice in its current form will increase the risk that Borrowers will default under the HELOC Mortgage Loans and will significantly diminish the value of such loans.

2. In particular, the Proposed Notice provides that "effective January ___, 2008, you may no longer obtain loans . . ." and does not include the intended "effective date." If such date were, for example, after the date the proposed notice is received by a Borrower, this would likely result in a run on the bank by Borrowers seeking to draw on their HELOC Mortgage Loans before the Borrowers' ability to draw is terminated. Instead, the Borrowers' access to additional funds should be terminated as of the date of the notice.[1]

3. In light of the foregoing, if the Court grants GMAC's request and orders the Debtors to send a notice to the Borrowers, CIFG requests that such notice provide as follows (the "Revised Notice"):

---

[1] CIFG believes that a "Rapid Amortization Event" has occurred under the applicable transaction documents. Upon the occurrence of the Rapid Amortization Event, the Debtors were required to cease reimbursing itself from Trust funds for any draws paid to Borrowers. Nothing herein shall affect CIFG's arguments that a Rapid Amortization Event has occurred with respect to the HELOC Mortgage Loans, and CIFG reserves all rights related thereto, including any and all rights to assert any claims related thereto.

3

Dear Borrower:

As you may already be aware, your lender, American Home Mortgage Acceptance, Inc., and its affiliates filed for Chapter 11 bankruptcy protection on August 6, 2007. The bankruptcy filing was a result of, among other things, the company's diminishing liquidity.

Though home equity draws have been honored since the bankruptcy filing, there is no longer a source to fund any future draws. Therefore, as of the date of this notice, you will no longer be able to borrow any funds that may have otherwise been available under your credit line. Please be further advised that, if you have any pending draw requests under your home equity line of credit, such requests will not be honored.

Please remember that your existing loan balance remains outstanding and must be repaid in accordance with the terms of your home equity credit line agreement. As of the date hereof, your outstanding balance is $_____.

Very truly yours,

American Home Acceptance, Inc.

**-Remainder of Page Left Intentionally Blank-**

## Conclusion

WHEREFORE, CIFG respectfully requests that, to the extent the Court enters an order directing the Debtors to send a notice to the Borrowers, such order (i) require the Debtors to send a notice in substantially the form of the Revised Notice and (ii) grant CIFG, the Trust, and the holders of the Securities such other and further relief as the Court deems equitable, just and proper.

Dated: Wilmington, Delaware
January 3, 2008

**ASHBY & GEDDES, P.A.**

_____
William P. Bowden (No. 2553)
Don A. Beskrone (No. 4380)
Amanda M. Winfree (No. 4615)
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
wbowden@ashby-geddes.com
dbeskrone@ashby-geddes.com
awinfree@ashby-geddes.com

and

**KING & SPALDING LLP**
Barry N. Seidel
Stefanie J. Greer *(admitted pro hac vice)*
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
bseidel@kslaw.com
sjgreer@kslaw.com

*Attorneys for CIFG Assurance North America, Inc.*

187003.1