UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| AMERICAN HOME MORTGAGE ) | |
|     HOLDINGS, INC., et al., ) | Case No. 07-11047 (CSS) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Re: Docket No. 2449 |
| ) | Objection Deadline: January 3, 2008 at 12:00 p.m. |
| ) | Hearing Date: January 4, 2008 at 11:00 a.m. |

**LIMITED RESPONSE OF THE BANK OF NEW YORK, IN ITS CAPACITY AS INDENTURE TRUSTEE, TO GMAC MORTGAGE LLC'S MOTION TO COMPEL THE DEBTORS TO SEND NOTICE TO THE HELOC BORROWERS REGARDING THE "FREEZING" OF THE HELOC LOANS**

The Bank of New York, in its capacity as Indenture Trustee (hereinafter "BNY") for the American Home Mortgage Investment Trust Series 2004-4 Mortgage-Backed Notes (the "Notes"), by and through its undersigned counsel, hereby files this Limited Response (the "Response") to GMAC Mortgage LLC's Motion to Compel the Debtors to Send Notice to the HELOC Borrowers Regarding the "Freezing" of the HELOC Loans (the "Motion"), and states as follows:

1. BNY has no objection to the relief sought by GMAC Mortgage LLC ("GMAC") in its Motion. It does, however, seek to clarify certain assertions made in the Motion with respect to the Trust Documents related to the 2004-4 HELOCs as to which outstanding balances were irrevocably sold to a non-debtor entity which in turn deposited them into a trust which secures the Notes.[1] The issuer of the Notes is American Home Mortgage Investment Trust 2004-4 (the "2004-4 Trust") a special purpose entity which is not a debtor.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

500198180v4
RLF1-3239957-1

2. Paragraph 15 of the Motion states that "prior to the occurrence of a 'Rapid Amortization Event' (as such term is defined in the Trust Documents) the servicer may use a portion of the principal and interest payments collected from the HELOC Borrowers to honor draw requests made under the HELOCs. To the extent that such funds are insufficient to cover the draw requests or to the extent a Rapid Amortization Event has occurred, the Lender is obligated to fund the entire draw request or that portion of the draw request that is not covered by the Trust funds."

3. The manner in which draw requests under the HELOCs are transferred to the Trust is too complicated to address comprehensively at this time and is not necessary to decide the Motion. However, BNY believes that clarification is required. The Trust Documents related to the 2004-4 HELOCs clearly state that the obligation to honor future draws under the 2004-4 HELOCs is not transferred to the purchaser of such HELOCs under the Mortgage Loan Purchase Agreement, dated as of December 21, 2004 (the "Purchase Agreement"), between American Home Mortgage Acceptance Inc., a debtor (the "Seller") and American Home Mortgage Securities LLC, a non-debtor entity (the "Purchaser") and the Purchase Agreement states that the Purchaser "will not be obligated or permitted to fund such future Draws."[2]

4. Under the Trust Documents, after the Notes are issued, if the HELOC Borrowers make draw requests and if such requests are honored by the applicable Lender, they are sold by the Seller to the Purchaser as "Additional Balances". The Additional Balances are then deposited by the Purchaser in the 2004-4 Trust. Payment of the purchase price for such Additional Balances is made as follows:

(a) Prior to the earlier to occur of December 28, 2009 and the occurrence of a Rapid Amortization Event, by utilizing principal collections received by the 2004-4 Trust on the

---

[2] The Purchaser's right, title and interests under the Purchase Agreement were assigned to the 2004-4 Trust under the related Trust Documents.

underlying HELOCs to the extent such principal collections exceed the amount of the draw request and/or if such principal collections do not exceed the amount of the draw request, the Transferor Interest (as defined in Appendix A to the Indenture, dated as of December 21, 2004, by and between the 2004-4 Trust and BNY as indenture trustee) is increased in an amount equal to such draw request.

(b) After the earlier to occur of December 28, 2009 and the occurrence of a Rapid Amortization Event, the Transferor Interest is increased in the amount of the draw request.

The key point is that in neither (a) nor (b) are principal collections used to fund draw requests by HELOC Borrowers. Rather such draws are to be funded by the applicable Lender and then *after* such funding such draws become Additional Balances (as defined in Appendix A to the Indenture) that are then sold to the 2004-4 Trust.

With that clarification, BNY has no objection to the relief sought in the Motion.

Dated: January 3, 2008

RICHARDS, LAYTON & FINGER, P.A.

By: ________________________

Russell C. Silberglied (3462)
Christopher Samis (4909)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

-and-

PILLSBURY WINTHROP SHAW PITTMAN LLP
Leo T. Crowley
Margot P. Erlich
1540 Broadway
New York, New York 10036
(212) 858-1000

Attorneys for The Bank of New York, as Indenture Trustee

500198180v4
RLF1-3239957-1