**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                                         :  Chapter 11
                                                               :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                         :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                :
                                                               :  Jointly Administered
    Debtors.                                                   :
                                                               :
---------------------------------------------------------------x

## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is entered into by and between: (a) the above-captioned debtors and debtors-in-possession (the "Debtors") and (b) the Texas Comptroller of Public Accounts (the "Texas Comptroller", and collectively, with the Debtors, the "Parties"), and is subject to the following terms:

## RECITALS

**WHEREAS**, on August 6, 2007 (the "Petition Date"), each of the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of the Bankruptcy Court. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors. No trustee or examiner has been appointed.

**WHEREAS**, prior to the Petition Date, the Debtors conducted operations in many states, including Texas. As part of its taxing obligations with respect to the state of Texas, the Debtors were required to pay franchise taxes.

**WHEREAS**, the Parties have determined that a Texas franchise tax credit in the amount of $1,919,729.65, plus additional interest accruing at a rate of 5.066 % from December 14, 2007 through December 31, 2007, and then at the rate set by Texas Tax Code Sec. 111.064 from January 1, 2008, through the date of payment pursuant to this Settlement Agreement (the "Tax Credit"), exists for the 2006 tax year.

**WHEREAS**, the Parties have determined that a Texas franchise tax liability in the amount of $134,939.33, plus additional interest accruing at a rate of 9.25 % from December 14, 2007 through December 31, 2007, and then at the rate established by Texas Tax Code Sec. 111.060 from January 1, 2008, through the date of payment pursuant to this Settlement Agreement (the "Tax Liability"), exists for the 2007 tax year.

**WHEREAS**, both the Tax Credit and the Tax Liability are prepetition claims.

**NOW THEREFORE**, in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

A.  The automatic stay shall be lifted, to the extent necessary, for the sole and express purpose of allowing the Texas Comptroller the right to setoff the Tax Liability with the Tax Credit (the "Setoff").

B.  On or before the tenth (10th) business day after entry of an order approving this Settlement Agreement, the Texas Comptroller shall pay to the Debtors the remaining amount of the 2006 tax credit, plus interest, owed to the Debtors after the Setoff, which amount is subject to variation because of the interest accruing on both the Tax Credit and the Tax Liability.

C. Nothing herein waives or settles any claims or rights that the Debtors or the Debtors' estates may hold against the Texas Comptroller other than the Setoff described above. Nothing herein waives or settles any claims or rights that Texas Comptroller may hold against the Debtors other than the Setoff described above.

D. This Settlement Agreement is subject to approval of the Bankruptcy Court. The Parties agree to present the Settlement Agreement promptly to the Bankruptcy Court for approval. If the Bankruptcy Court does not approve this Settlement Agreement, the Settlement Agreement shall be null and void and the Parties' rights shall return to the status quo ante. Faxed signatures hereon shall be deemed binding, as if originals.

Respectfully submitted,

OFFICE OF THE TEXAS
ATTORNEY GENERAL

*/s/ Mark Browning*

Mark Browning (No. 3407)
Assistant Attorney General
Bankruptcy-Collections Division
P.O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 475-4883
Facsimile: (512) 482-8341

Counsel for Texas Comptroller

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/*

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession