**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., et al.<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 07-11047(CSS)<br>Jointly Administered<br><br>**Docket Nos. 1711, 2166** |

### CURE OBJECTION OF MICROSOFT

COME NOW Microsoft Corporation, a Washington corporation, and its wholly-owned subsidiary Microsoft Licensing GP, formerly known as MSLI, GP (collectively "Microsoft"), and hereby make their Cure Objection:

1. Schedule I to the Sale Order, Docket No. 1711 (entered on October 30, 2007), identifies the following agreement with Microsoft

Software Contracts

| Counter Party | AHM Contracting Entity | Description of Agreement | Effective Date | Maximum Cure Amount |
|---|---|---|---|---|
| Microsoft | American Home Mortgage Corp. | Microsoft Enterprise Agreement – Volume Licensing***Only license for OS and Office for desktops and OS for applications for servers being transferred. | 6/20/2005 | $0.00 |

2. Microsoft presumes that Debtors are referring to the Enterprise Agreement and related documents under Microsoft No. 01E64704 ("EA"). The EA is the contractual

vehicle by which Debtors obtained licenses to use on their desktops Microsoft software and intellectual property.

3. Under EA No. 01E62741, there was a payment due on July 1, 2007 in the amount of $1,421,718.97. Debtors never made this payment. A copy of the pertinent invoice is attached as Exhibit A.

4. Debtors should be obligated as a condition of the cure procedure to state fully and accurately the cure amounts as shown on Debtors' books and records, which should be the invoiced amount and not $0.00.

5. Debtors do not "own" the Microsoft licensed products and software obtained via the EA. Rather, the products and software are copyrighted materials that Debtors have licensed from Microsoft.

6. The licenses that Debtors have of Microsoft software products are licenses of copyrighted materials and, therefore, may not be assumed or assigned without Microsoft's consent. In re Catapult Entertainment, 165 F.3d 747 (9th Cir. 1999) (since federal patent law excused non-debtor licensor from rendering performance, debtor could not assume or assign the non-exclusive patent license without the non-debtor's licensor's consent). The analysis of the court in In re Catapult holds true for non-exclusive copyright licenses. See In re Access Beyond Technologies, Inc., 237 B.R. 32, 48 49 (Bankr. D. Del. 1999) (citing In re West Elec., Inc., 852 F.2d 79 (3d Cir. 1988)); In re Patient Educ. Media, 210 B.R. 237, 243 (Bankr. S.D.N.Y. 1997) (holding that debtor could not assume and assign nonexclusive license without copyright owner's consent).

7.  Microsoft has not yet retained local counsel, but intends to have its attorneys associate with a member of the Bar of this Court in accordance with D. Del. LR 83.5.

WHEREFORE, Microsoft states that cure of $1,421,718.97 is due for the EA.

DATED this 3rd day of January, 2008.

> RIDDELL WILLIAMS P.S.
>
> By: _____
> Joseph E. Shickich, Jr.
> Washington State Bar No. 8751
> Riddell Williams P.S.
> Seattle WA  98154-1192
> (206) 624-3600 Telephone
> (206) 389-1708 Facsimile
> jshickich@riddellwilliams.com
> Counsel for Microsoft Corporation

## DECLARATION OF SERVICE

Sheila Rowden declares:

1. I am an employee of Riddell Williams P.S. which represents Microsoft Corporation and Microsoft Licensing GP (f/k/a MSLI, GP). I am a United States citizen, over the age of 18, competent to make this Declaration, and have personal knowledge of the facts herein.

2. On January 3, 2008, I electronically filed via the U.S. Bankruptcy Court's CM/ECF System the foregoing pleading:

- **Cure Objection of Microsoft**

It is my understanding that at the time of filing this document on the ECF System, the Court will automatically send electronic notification to each of the individuals and/or entities (that are ECF participants) who appeared and/or requested special notice in this case.

3. On January 3, 2008, I also caused to be served via facsimile a copy of this same pleading on:

American Home Mortgage Holdings, Inc.
 Attn: Alan Horn, General Counsel
538 Broadhollow Road
Melville, NY 11747
Fax: 516-620-1073

Young Conaway Stargatt & Taylor, LLP
 Attn: Pauline Morgan, Matthew Lunn
1000 West Street, 17th Fl
P.O. Box 391
Wilmington, DE 19899-0391
Fax: 302-576-3318

Milestone Advisors, LLC
 Attn: Jeffrey M. Levine
1775 Eye Street NW, Suite 800
Washington, DC 20006
Fax: 202-367-3001

Hahn & Hessen LLP
 Attn: Mark S. Indelicato
488 Madison Avenue, 14th Fl.
New York, NY 10022
Fax: 212-478-7400

Kaye Scholer LLP
 Attn: Margot Schonholtz, Scott Talmadge
425 Park Avenue
New York, NY 10022
Fax: 212-836-8689

Potter Anderson & Corroon LLP
 Attn: Laurie Selber Silverstein
Hercules Plaza, 6th Fl
1313 North Market Street
Wilmington, DE 19801
Fax: 302-658-1192

Jones Day
 Attn: Erica Ryland, Scott Friedman
222 East 41st Street
New York, NY 10017
Fax: 212-755-7306

Greenberg Traurig LLP
 Attn: Victoria Counihan
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Fax: 302-661-7360

Office of the United States Trustee
  Attn: Joseph McMahon
844 King Street, Room 2313
Wilmington, DE  19801
Fax: 302-573-6491

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 3rd day of January, 2008.

*/s/ Sheila Rowden*

Sheila Rowden
Riddell Williams P.S.
1001 4th Ave Ste 4500
Seattle WA  98154-1192
(206) 624-3600 Telephone
(206) 389-1708 Facsimile
srowden@riddellwilliams.com