IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
2007 DEC 28  AM 10: 22
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          :  Chapter 11
                                                                :
AMERICAN HOME MORTGAGE                                          :  Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]              :
                                                                :  Jointly Administered
                        Debtors.                                :
                                                                :
---------------------------------------------------------------- x

# AFFIDAVIT IN SUPPORT OF EMPLOYMENT OF SHAPIRO & FELTY, LLP AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS

STATE OF OHIO            )
                         ) ss:
COUNTY OF CUYAHOGA       )

**Mark R. Lembright,** being duly sworn, deposes and says:

1. I am a partner of the firm Shapiro & Felty, LLP (the "Firm"), which has been employed by the debtors and debtors in possession in the above-captioned cases (collectively the "Debtors") in the ordinary course of their business. The Debtors wish to retain the Firm to continue providing such ordinary-course services during their chapter 11 cases. This Affidavit is submitted in compliance with the Order Approving the Motion Pursuant to Sections 105(a), 327 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business (the "Ordinary Course Professionals Order").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

2. Prior to the filing of the petitions which initiated the above-captioned chapter 11 cases, the Firm represented and advised the Debtors as foreclosure and bankruptcy counsel in the State of Ohio. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a postpetition basis during the course of these chapter 11 cases.

3. Neither I, the Firm, nor any member, counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or stockholders, or any party in interest herein, except as set forth hereinafter:

(a) American Home Mortgage Corp.

(b) ABN AMRO

(c) Bank of New York

(d) Citigroup

(e) Fannie Mae

(f) Federal Home Loan Mortgage Corporation

(g) GMAC

(h) Sovereign Bank

(i) Washington Mutual

4. The Firm does not represent or hold any interest adverse to the Debtors or their estates with respect to the engagement for which we are to be retained.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the Firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Bankruptcy Rule 2014(a) from counsel to

the Debtors for the purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections: None.

6. This Firm and certain of its members, counsel, and associates may have in the past represented, currently represent, and may in the future represent entities that are claimants or equity security holders of the Debtors in matters totally unrelated to the Debtors' chapter 11 cases. None of those past or current representations are material. This Firm will be in a position to identify with specificity all such persons or entities when lists of all creditors of the Debtors have been prepared and will make any further disclosures as may be appropriate at that time. The Firm intends to apply for compensation for professional services rendered in connection with these chapter 11 cases directly to the Debtors, in accordance with the Ordinary Course Professionals Order, with such application to request compensation for services based on the hourly rates set forth below, plus reimbursement of actual necessary expenses and other charges incurred by the Firm. The principal attorneys designated to represent the Debtors and their current standard rates are:

(a) Litigated matters will be billed by the assigned attorney at the rate of $150.00 per hour.
(b) Foreclosures are billed on a flat rate depending on the insurer/investor rate schedule.
(c) Bankruptcies are billed at flat rate depending on the insurer/investor rate schedule.

7. The rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Such rates are the Firm's standard rates for work of this nature. The rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The

expenses charged to clients include, among other things, court filing fees, title insurance examination fees, title insurance premium fees and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

8. Prior to the filing of the above-captioned cases, the Firm was employed by the Debtors. As of the Petition Date, the Debtors owed the Firm $907.00 in connection with professional services rendered to the Debtors (the "Prepetition Fees"). If the Firm's employment is authorized pursuant to the Ordinary Course Professionals Order, the Firm will not waive the Prepetition Fees.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these chapter 11 cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10. Except as provided in the Ordinary Course Professionals Order, no representations or promises have been received by the Firm [nor by any member, counsel, or associate thereof] as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

WHEREFORE, affiant respectfully submits this Affidavit in Support of Employment of Shapiro & Felty, LLP as a Professional Utilized in the Ordinary Course of Business.

*Mark R. Lembright* (signature)

Mark R. Lembright
**Partner, Shapiro & Felty, LLP**
**1500 West Third Street, Suite 400**
**Cleveland, Ohio 44113**

SUBSCRIBED AND SWORN TO before me this 27th day of December, 2007.

_____
Notary Public

PHILLIP C. BARRAGATE, ATTORNEY
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION HAS NO EXPIRATION
SECTION 147.03 R.C.