# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>(Jointly Administered)<br><br>Docket No.: 2523 |

## ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 554 AUTHORIZING THE ABANDONMENT OF HELOC SERVICING RIGHTS UNDER THE 2004-4 HELOC SERVICING AGREEMENTS AND GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to abandon of the HELOC Servicing Rights under the 2004-4 HELOC Servicing Agreements and to take actions that are necessary to effectuate such abandonment pursuant to sections 105(a) and 554 of the Bankruptcy Code; and the Court having jurisdiction over this proceeding; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; GMAC having consented to the abandonment of the HELOC Servicing Rights under the 2004-4 HELOC Servicing Agreements on the terms and conditions set forth herein; and due and proper notice of the Motion having been provided; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that the relief requested in the Motion is granted solely to the extent set forth herein;

**IT IS FURTHER ORDERED** that that the Debtors are authorized to abandon the HELOC Servicing Rights under the 2004-4 HELOC Servicing Agreements effective as of January 11, 2008; and it is further

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

**IT IS FURTHER ORDERED** that, to the extent applicable, the automatic stay imposed by Section 362 of the Bankruptcy Code is hereby modified to permit GMAC and the parties to the 2004-4 HELOC Servicing Agreements to take any and all actions necessary to transfer the rights and responsibilities of the Debtors to service the HELOC Mortgage Loans pursuant to the 2004-4 HELOC Servicing Agreements to GMAC as master servicer under that certain Servicing Agreement dated as of December 21, 2004 among GMAC, American Home Mortgage Investment Trust 2004-4 (the "2004-4 Trust"), American Home Mortgage Acceptance, Inc, as seller ("AHM Acceptance") and The Bank of New York, as Indenture Trustee (the "Servicing Agreement");

**IT IS FURTHER ORDERED** that notwithstanding anything to the contrary in this Order, American Home Mortgage Servicing, Inc. ("AHM Servicing") as subservicer of the HELOC Mortgage Loans pursuant to the HELOC Subservicing Agreement dated as of December 21, 2004 by and among GMAC, as HELOC Master Servicer, and AHM Servicing, as HELOC Subservicer (the "HELOC Subservicing Agreement"), shall be entitled to receive, out of any late collection of a payment on a HELOC Mortgage Loan which was due on or before January 11, 2008, that portion to which AHM Servicing would have been entitled pursuant to sections 3.07 and 3.15 of the HELOC Subservicing Agreement as well as the HELOC Subservicing Fee in respect thereof, and any other amounts payable to AHM Servicing as subservicer, the entitlement to which is specifically provided for in the HELOC Subservicing Agreement and arose prior to the date of the entry of this Order;

**IT IS FURTHER ORDERED** that AHM Servicing's rights and obligations as subservicer of the HELOC Mortgage Loans shall be transferred effective as of February 1, 2008 (the "Transferred Date") and that AHM Servicing shall be relieved of the obligations as

subservicer of the HELOC Mortgage Loans from and after January 11, 2008, except for those obligations specifically set forth in this Order;

**IT IS FURTHER ORDERED** that the Debtors shall cooperate with GMAC to transition the HELOC Servicing Rights with respect to the HELOC Mortgage Loans back to GMAC, provided that the Debtors shall only be required to cooperate to the extent commercially practicable in light of the Debtors' status as debtors and debtors in possession;

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of the Debtors with respect to any claim or cause of action arising under or related to the HELOC Subservicing Agreement; the Amended and Restated Trust Agreement dated as of December 21, 2004 among American Home Mortgage Securities LLC ("AHM Securities"), Wilmington Trust Company, as owner trustee and The Bank of New York as certificate registrar and certificate paying agent (the "2004-4 Trust Agreement"); the Insurance Agreement dated as of December 21, 2004 among, GMAC, AHM Securities, AHM Acceptance, the 2004-4 Trust, American Home Mortgage Investment Corp., Wilmington Trust Company, The Bank of New York and MBIA Insurance Corporation. ("MBIA") (the "Insurance Agreement"), the Mortgage Loan Purchase Agreement dated as of December 21, 2004 among AHM Acceptance and AHM Securities (the "2004-4 Mortgage Loan Purchase Agreement"), the Indenture dated as of December 21, 2004 between the 2004-4 Trust and The Bank of New York, as indenture trustee (the "2004-4 Indenture"), the Indemnification Agreement dated as of December 21, 2004 among MBIA, AHM Acceptance, AHM Securities, the 2004-4 Trust, American Home Mortgage Investment Corp. and Lehman Brothers (the "Indemnification Agreement") and the Servicing Agreement. The Debtors reserve any and all rights to contest any and all motions, claims, proofs of claim or causes of action arising from or

related to the HELOC Subservicing Agreement, the 2004-4 Trust Agreement, the Insurance Agreement, the 2004-4 Mortgage Loan Purchase Agreement, the 2004-4 Indenture, the Indemnification Agreement or the Servicing Agreement on any and all bases;

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of MBIA with respect to any claim or cause of action arising under or related to the HELOC Subservicing Agreement, the 2004-4 Trust Agreement, the Insurance Agreement, the 2004-4 Mortgage Loan Purchase Agreement, the 2004-4 Indenture, the Indemnification Agreement or the Servicing Agreement. MBIA reserves any and all rights to contest any and all motions, claims or causes action arising from or related to the HELOC Subservicing Agreement, the 2004-4 Trust Agreement, the Insurance Agreement, the 2004-4 Mortgage Loan Purchase Agreement, the 2004-4 Indenture, the Indemnification Agreement and the Servicing Agreement on any and all bases;

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of GMAC with respect to any claim or cause of action arising under or related to the HELOC Subservicing Agreement, the 2004-4 Trust Agreement, the Insurance Agreement, the 2004-4 Mortgage Loan Purchase Agreement, the 2004-4 Indenture, the Indemnification Agreement or the Servicing Agreement. GMAC reserves any and all rights to contest any and all motions, claims or causes action arising from or related to the HELOC Subservicing Agreement, the 2004-4 Trust Agreement, the Insurance Agreement, the 2004-4 Mortgage Loan Purchase Agreement, the 2004-4 Indenture, the Indemnification Agreement and the Servicing Agreement on any and all bases;

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of the Indenture Trustee with respect to any claim

or cause of action arising under or related to the HELOC Subservicing Agreement, the 2004-4 Trust Agreement, the Insurance Agreement, the 2004-4 Mortgage Loan Purchase Agreement, the 2004-4 Indenture, the Indemnification Agreement or the Servicing Agreement. The Indenture Trustee reserves any and all rights to contest any and all motions, claims or causes action arising from or related to the HELOC Subservicing Agreement, the 2004-4 Trust Agreement, the Insurance Agreement, the 2004-4 Mortgage Loan Purchase Agreement, the 2004-4 Indenture, the Indemnification Agreement and the Servicing Agreement on any and all bases;

**IT IS FURTHER ORDERED** that the deadline for MBIA, GMAC and the Indenture Trustee to each file their respective claims against any of the Debtors related to the transition of the Servicing Rights back to GMAC is hereby extended to 5:00 p.m. (EST) on February 13, 2008;

**IT IS FURTHER ORDERED** that nothing in this Order is intended to, nor shall anything in this Order, (a) waive, or (b) limit, modify or affect the rights of AH Mortgage Acquisition Co. (the "Purchaser") with respect to, any claim under the Asset Purchase Agreement dated as of September 25, 2007 (as amended from time to time) (the "APA") and under any documents related thereto that Purchaser may assert against the Debtors with respect or related to this Order or any action to be taken pursuant to, or in connection with, this Order;

**IT IS FURTHER ORDERED** that nothing in this Order is intended to, nor shall anything in this Order, (a) waive, or (b) limit, modify or affect the rights of the Debtors with respect to, any claim under the APA and under any documents related thereto that the Debtors may assert against the Purchaser with respect or related to this Order or any action to be taken pursuant to, or in connection with, this Order; and

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

DATED: January 4, 2008

Honorable Christopher S. Sontchi
United States Bankruptcy Judge