IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., et al., | Case No. 07-11047 (CSS) (Jointly Administered) |
| Debtors. | Re: D.I. 2416 |

**ORDER GRANTING, IN PART, MOTION OF ASSURED GUARANTY CORP. FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT TRANSFER OF THE RIGHTS AND RESPONSIBILITIES OF DEBTOR AS SERVICER UNDER THE HELOC SERVICING AGREEMENT FOR SERIES 2007-A**

Upon the motion dated December 17, 2007 (the "Motion")[1] of Assured Guaranty Corp. ("Assured") for an order pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") modifying the automatic stay to permit the transfer of rights and responsibilities of American Home Mortgage Servicing, Inc. ("AHM Servicing"), as servicer under that certain HELOC Servicing Agreement dated as of March 13, 2007 (the "HELOC Servicing Agreement"), as more fully described in the Motion [D.I. 2416]; GMAC Mortgage LLC's ("GMAC") Response To Motion Of Assured Guaranty Corp. For Relief Form The Automatic Stay [D.I 2542]; and the Debtors' Limited Response To The Motion of Assured Guaranty Corp. for Relief from the Automatic Stay [D.I. 2540]; and the Court having jurisdiction over this proceeding; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Debtors having consented to the termination of the automatic stay on the terms and conditions set forth herein; and due and proper notice of the Motion having been provided; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED** that the relief requested in the Motion and the Response is granted solely to the extent set forth herein;

**IT IS FURTHER ORDERED** that the automatic stay imposed by Section 362 of the Bankruptcy Code is hereby modified to permit Assured, GMAC and the parties to the HELOC Servicing Agreement to take any and all actions necessary to transfer the rights and responsibilities of AHM Servicing as servicer of the HELOC Mortgage Loans pursuant to the HELOC Servicing Agreement (the "Servicing Rights") to GMAC; and

**IT IS FURTHER ORDERED** that notwithstanding anything to the contrary in this Order, AHM Servicing as servicer of the HELOC Mortgage Loans pursuant to the HELOC Servicing Agreement, shall be entitled to receive, out of any late collection of a payment on a HELOC Mortgage Loan which was due on or before January 11, 2008, that portion to which AHM Servicing and AHM Acceptance would have been entitled pursuant to sections 3.07 and 3.15 of the HELOC Servicing Agreement as well as its HELOC Servicing Fee in respect thereof, and any other amounts payable to AHM Servicing, as servicer, the entitlement to which arose prior to the date of the entry of this Order; and

**IT IS FURTHER ORDERED** that AHM Servicing's rights and obligations as servicer of the HELOC Mortgage Loans shall be transferred effective as of January 11, 2008 (the "Transfer Date") and that AHM Servicing shall be relieved of the obligations as servicer of the HELOC Mortgage Loans from and after January 11, 2008, subject to the other terms of this Order;

**IT IS FURTHER ORDERED** that the Debtors shall cooperate with GMAC to transfer the Servicing Rights to GMAC; provided that the Debtors shall only be required to cooperate to the extent commercially practicable provided that the Debtors shall only be required to cooperate

to the extent commercially practicable in light of the Debtors' status as debtors and debtors in possession; and

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of the Debtors with respect to any claim or cause of action arising under or related to the HELOC Servicing Agreement; the Amended and Restated Trust Agreement dated as March 13, 2007 between American Home Mortgage Securities LLC, Wilmington Trust Company, Deutsche Bank National Trust Company and Wells Fargo Bank, N.A. (the "Trust Agreement"), the Insurance and Indemnity Agreement dated as of March 13, 2007, between Deutsche Bank National Trust Company, American Home Mortgage Acceptance, Inc., American Home Mortgage Investment Trust 2007-A, American Home Mortgage Investment Corp., AHM Servicing, GMAC, American Home Mortgage Securities LLC and Assured (the "Insurance Agreement"), the Mortgage Loan Purchase Agreement dated as of March 13, 2007 between American home Mortgage Acceptance, Inc. and American Home Mortgage Securities LLC (the "Mortgage Loan Purchase Agreement"), the Indenture dated as of March 13, 2007 between American Home Mortgage Investment Trust 2007-A, Wells Fargo Bank, N.A. and Deutsche Bank National Trust Company (the "Indenture"), and the HELOC Back-Up Servicing Agreement dated as of March 13, 2007 between GMAC, Deutsche Bank National Trust Company and American Home Mortgage Investment Trust 2007-A (the "HELOC Back-Up Servicing Agreement"). The Debtors reserve any and all rights to contest any and all motions, claims, proofs of claim or causes of action arising from or related to the HELOC Servicing Agreement, the Trust Agreement, the Insurance Agreement, the Indenture, the Mortgage Loan Purchase Agreement, or the HELOC Back-Up Servicing Agreement on any and all bases; and

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of Assured with respect to any claim or cause of action arising under or related to the HELOC Servicing Agreement, the Trust Agreement, the Insurance Agreement, the Mortgage Loan Purchase Agreement, the Indenture and the HELOC Back-Up Servicing Agreement; provided; however, that, as of January 11, 2008, Assured waives the right to assert as an administrative expense claim under section 503 of the Bankruptcy Code any claims arising under or related to the HELOC Servicing Agreement, the Trust Agreement, the Insurance Agreement, the Mortgage Loan Purchase Agreement, the Indenture and the HELOC Back-Up Servicing Agreement for the period after the date of entry of this Order, provided that such waiver shall be effective only so long as the Debtors comply with this Order and this Order constitutes a final, non-appealable Order. Assured reserves any and all rights to contest any and all motions, claims or causes action arising from or related to HELOC Servicing Agreement, the Trust Agreement, the Insurance Agreement, the Indenture, the Mortgage Loan Purchase Agreement, or the HELOC Back-Up Servicing Agreement on any and all bases; and

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of GMAC with respect to any claim or cause of action arising under or related to the HELOC Servicing Agreement, the Trust Agreement, the Insurance Agreement, the Mortgage Loan Purchase Agreement, the Indenture and the HELOC Back-Up Servicing Agreement. GMAC reserves any and all rights to contest any and all motions, claims or causes action arising from or related to HELOC Servicing Agreement, the Trust Agreement, the Insurance Agreement, the Mortgage Loan Purchase Agreement, the Indenture, or the HELOC Back-Up Servicing Agreement on any and all bases; and

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to be (a) an admission of liability or (b) a waiver of claims of the Indenture Trustee with respect to any claim or cause of action arising under or related to the HELOC Servicing Agreement, the Trust Agreement, the Insurance Agreement, the Mortgage Loan Purchase Agreement, the Indenture, and the HELOC Back-Up Servicing Agreement. The Indenture Trustee reserves any and all rights to contest any and all motions, claims or causes action arising from or related to HELOC Servicing Agreement, the Trust Agreement, the Insurance Agreement, the Mortgage Loan Purchase Agreement, the Indenture, or the HELOC Back-Up Servicing Agreement on any and all bases; and

**IT IS FURTHER ORDERED** that the deadline for Assured, GMAC and the Indenture Trustee to each file their respective claims against any of the Debtors related to the transition of the Servicing Rights to GMAC is hereby extended to 5:00 p.m. (EST) on February 13, 2008; and

**IT IS FURTHER ORDERED** that nothing in this Order is intended to, nor shall anything in this Order, (a) waive, or (b) limit, modify or affect the rights of AH Mortgage Acquisition Co., Inc. (the "Purchaser") with respect to, any claim under the Asset Purchase Agreement dated as of September 25, 2007 (as amended from time to time) (the "APA") and under any documents related thereto that Purchaser may assert against the Debtors with respect or related to this Order or any action to be taken pursuant to, or in connection with, this Order; and

**IT IS FURTHER ORDERED** that nothing in this Order is intended to, nor shall anything in this Order, (a) waive, or (b) limit, modify or affect the rights of the Debtors with respect to, any claim under the APA and under any documents related thereto that the Debtors

may assert against the Purchaser with respect or related to this Order or any action to be taken pursuant to, or in connection with, this Order; and

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

DATED: January 4, 2008

Honorable Christopher S. Sontchi
United States Bankruptcy Judge