IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,                  :
                                                                 :   Jointly Administered
         Debtors.                                                :
                                                                 :   **Docket Ref. No. 2255**
---------------------------------------------------------------- x

### STIPULATION AND ORDER BY AND BETWEEN THE DEBTORS AND BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT, RESOLVING MOTION FOR RELIEF FROM STAY WITH RESPECT TO CONSTRUCTION-TO-PERM MORTGAGE LOANS

American Home Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors"),[1] and Bank of America, N.A., as administrative agent (the "Administrative Agent") for itself and certain other banking and financial institutions as prepetition secured lenders (the "Prepetition Secured Parties") under that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006, hereby stipulate and agree pursuant to this Stipulation and Order (the "Stipulation and Order") as follows:

### WHEREAS:

A.    On August 6, 2007 (the "Petition Date"), each of the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") a voluntary

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road,

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in possession of their properties and have continued to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

        B.      Prior to the Petition Date and pursuant to that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006 (as amended and restated and together with all agreements, documents, notes and instruments delivered pursuant thereto or in connection therewith, the "Loan Agreement") by and between certain of the Debtors (the "Borrowers and Guarantors")[2] and the Prepetition Secured Parties, the Prepetition Secured Parties made various loans, advances and extensions of credit to or for the benefit of the Borrowers. As set forth in the Cash Collateral Orders (as hereafter defined) and subject to the rights of the Committee (as hereafter defined) as provided therein, the Debtors admitted that as of the Petition Date the Borrowers and Guarantors were justly and lawfully indebted to the Prepetition Secured Parties in the aggregate principal amount of approximately $1,104,550,000 in respect of loans and other advances made, together with accrued and unpaid interest and costs and expenses including, without limitation, attorneys' fees, agent's fees, other professional fees and disbursements and all other obligations owing under the Loan Agreements (collectively, the "Indebtedness").

        C.      As set forth in the Cash Collateral Orders and subject to the rights of the Committee as provided therein, the Debtors admitted that to secure the Indebtedness, pursuant to

---

Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] The Borrowers are American Home Mortgage Investment Corp., American Home Mortgage Acceptance, Inc., American Home Mortgage Servicing, Inc. and American Home Mortgage Corp. Additionally, American Home Mortgage Holdings Inc. and American Home Mortgage Investment Corp. are guarantors under the Loan Agreement.

2

a certain Security and Collateral Agency Agreement dated as of August 30, 2004 (as heretofore amended, restated, modified, ratified or supplemented from time to time, the "Security Agreement"), they granted valid, perfected, enforceable, first priority liens upon and security interests to the Administrative Agent (for the ratable benefit of the Prepetition Secured Parties) in the property described in the Security Agreement (together with any other property in or upon which the Administrative Agent holds a lien upon or security interest in, the "Collateral"), including the BofA Construction-to-Perm Loans (as hereafter defined).

D. On the Petition Date, the Debtors sought authority to use cash upon which the Administrative Agent, for the ratable benefit of itself and the Prepetition Secured Parties, held security interests and liens (the "Cash Collateral") through filing the *Motion of the Debtors Pursuant to Sections 105(a), 361, 362, 363, 364, and 552 of the Bankruptcy Code and Bankruptcy Rule 4001(b) for Entry of Interim and Final Orders (A) Authorizing Limited Use of Cash Collateral in Connection with Operating the Servicing Business; (B) Granting Adequate Protection; and (C) Scheduling a Final Hearing on the Motion* [D.I. 16] (the "Cash Collateral Motion"). On August 7, 2007, the Court entered an interim order [D.I. 68] approving the relief requested by the Cash Collateral Motion on an interim basis. On September 4, 2007, the Court entered a final order [D.I. 554] (the "Final Order") approving the relief requested by the Cash Collateral Motion on a final basis. Pursuant to the Final Order, the Court authorized the Debtors to use Cash Collateral on a limited basis in accordance with the budget attached to the Final Order through October 31, 2007.

E. On October 31, 2007, the Court approved the *First Interim Stipulation and Order Extending Limited Use of Cash Collateral Pursuant to Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate*

*Protection to Certain Pre-Petition Secured Parties* [D.I. 1731], which extended the Debtors' use of Cash Collateral, on an interim basis, through November 16, 2007. By the *First Final Stipulation and Order Extending Limited Use of Cash Collateral Pursuant to Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties*, which was approved by the Court on November 14, 2007 [D.I. 2002], the Debtors' authorized use of Cash Collateral was extended from October 31, 2007 through November 16, 2007 on a final basis (together with the Final Order, the "Cash Collateral Orders").

F. On September 21, 2007, the Debtors filed a motion requesting approval of sale procedures and the authority to sell construction-to-perm loans and related servicing rights and the construction loan platform related to the Debtors' construction loan business free and clear of all liens, claims, encumbrances and other interests. On October 4, 2007, the Court entered an order [D.I. 1175] (i) approving sale procedures with respect to the sale of the construction-to-perm loans and the construction loan platform, (ii) scheduling a hearing on the sale (the "Sale Hearing") and setting objection and bidding deadlines (the "Bid Deadline") with respect to the sale, and (iii) approving the form and manner of notice of an auction (the "Auction") and the Sale Hearing. However, despite the Debtors' efforts to market the construction-to-perm loans and construction loan platform, the Debtors did not receive an acceptable bid on or before the Bid Deadline. The Auction was therefore canceled, and the Sale Hearing was adjourned so that the Debtors could continue their marketing efforts with respect to the construction loans and construction loan platform.

G. The Debtors subsequently received a proposal from a potential purchaser (the "Potential Purchaser") to purchase the BofA Construction-to-Perm Loans. The Debtors,

however, determined not to proceed with a sale of the BofA Construction-to-Perm Loans to the Potential Purchaser.

H.  On December 4, 2007, the Administrative Agent filed a motion [D.I. 2255] (the "Motion") requesting relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code to allow the Administrative Agent to sell the construction-to-perm loans in which the Administrative Agent held security interests and liens (the "BofA Construction-to-Perm Loans") to the Potential Purchaser. The BofA Construction-to-Perm Loans are specifically identified on Exhibit A annexed hereto.

I.  The Debtors dispute the allegations raised and the relief requested in the Motion. The Debtors believe that they can obtain greater value for the BofA Construction-to-Perm Loans than the value estimated to be realized from the sale to the Potential Purchaser proposed by the Administrative Agent in the Motion.

J.  Certain of the Debtors and WLR Recovery Fund, III, L.P., as administrative agent for the lenders (the "DIP Lenders") pursuant to that certain *Debtor-in-Possession Loan and Security Agreement*, dated as of August 6, 2007 (together with any and all exhibits and schedules annexed thereto, and as may be modified or amended from time-to-time, the "DIP Facility") have agreed to amend the DIP Facility to, among other things, consent to the Debtors' use of their cash, on which the DIP Lenders have a lien, to pay the Administrative Agent the Payment Amount (as defined below) (the "First DIP Facility Amendment").

K.  The Debtors and the Administrative Agent (collectively, the "Parties") have engaged in arm's length, good faith negotiations and have reached an agreement with respect to the relief requested in the Motion.

L.      The Official Committee of Unsecured Creditors (the "Committee") has reviewed and consented to the terms of this Stipulation and Order.

**NOW, THEREFORE,** the parties hereto hereby stipulate and agree as follows:

1.      Within one business day following (i) approval of this Stipulation and Order and (ii) entry of an Order approving the First DIP Facility Amendment by the Court (the "Payment Date"), the Debtors shall pay to the Administrative Agent an amount (the "Payment Amount") equal to $9,143,406, less all amounts actually received by the Administrative Agent from the Debtors on account of the BofA Construction-to-Perm Loans from November 28, 2007 to the Payment Date (the "Paid Sums"), including, without limitation, payoffs, refinancing, or pay-downs of the BofA Construction-to-Perm Loans.[3]  The Payment Amount shall be made from funds other than funds which constitute Collateral or the proceeds of Collateral.  The Payment Amount shall be by wire transfer of immediately available funds to an account, which shall be designated by the Administrative Agent in writing on or before January 4, 2008.

2.      Until the Payment Date, the Debtors shall continue to make all payments to the Administrative Agent that are required by and in accordance with the Cash Collateral Orders in respect of the BofA Construction-to-Perm Loans.

3.      The Payment Amount shall be applied by the Administrative Agent in permanent reduction of the outstanding principal balance of the Indebtedness.

4.      Upon receipt of the Payment Amount and the Paid Sums, the Administrative Agent's security interest in and lien upon the BofA Construction-to-Perm Loans, the servicing rights associated therewith and the proceeds thereof (other than the Paid Sums), shall be deemed and hereby are released. The Administrative Agent shall take any and all

---

[3]     As of the date of this Stipulation and Order, the Paid Sums were in the amount of $4,846,723.70, which amount may increase between the date of this Stipulation and Order and the Payment Date.

actions reasonably necessary to effectuate the release of such Liens, effective as of the Debtors' payment of the Payment Amount, provided, however, that any actual and necessary out-of-pocket costs incurred in taking such actions shall be borne by the Debtors.

5. Upon payment of the Payment Amount and the Paid Sums in accordance with the terms of this Stipulation and Order, the Motion shall be deemed withdrawn with prejudice, and the Administrative Agent shall promptly file a notice of withdrawal of the Motion with prejudice.

6. The Debtors shall take all necessary steps to obtain Court approval of this Stipulation and Order at the hearing on the Motion currently scheduled for January 4, 2008, or at the earliest subsequent hearing date as permitted by the Court. This Stipulation and Order shall be effective only upon (i) entry by the Court of the Stipulation and Order and (ii) entry of an Order by the Court approving the First DIP Facility Amendment. In the event that the Court does not enter this Stipulation and Order or approve the First DIP Facility Amendment, the terms hereof shall be of no force or effect.

7. The Court shall retain exclusive jurisdiction to interpret, enforce, and resolve any disputes arising under or related to this Stipulation and Order. Any motion or application brought before the Court to resolve any dispute arising under or related to this Stipulation and Order shall be brought on proper notice in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Rules of the Court.

8. This Stipulation and Order may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A signature transmitted by facsimile shall be deemed an original signature for purposes of this Stipulation and Order.

9. This Stipulation and Order shall constitute the entire agreement between the Parties with respect to the subject matter hereof and shall supersede any previous negotiations, commitments, writings, orders or judgments with respect to such subject matter, and no provision of this Stipulation and Order may be changed except by a written instrument executed by the Parties and approved by the Court.

10. Nothing contained in this Stipulation and Order shall affect the Administrative Agent's and the Prepetition Secured Lenders' rights and remedies regarding any other assets of the Debtors, other than the BofA Construction-to-Perm Loans, that constitute Collateral and/or the Administrative Agent's and the Prepetition Secured Lenders' rights and remedies under the Loan Agreement, the Security Agreement and the Cash Collateral Orders or any other agreements among the Administrative Agent, the Prepetition Secured Lenders and the Debtors, and applicable law.

11. Nothing contained in this Stipulation and Order shall affect the Debtors' rights and defenses regarding any other assets of the Debtors, other than the BofA Construction-to-Perm Loans, that constitute Collateral and/or the Debtors' rights and remedies under the Loan Agreement, the Security Agreement and the Cash Collateral Orders or any other agreements among the Administrative Agent, the Prepetition Secured Lenders and the Debtors, and applicable law.

12. The parties hereto consent to the exclusive jurisdiction of the Court for all matters concerning this Stipulation and Order to the fullest extent that the Court has jurisdiction under 28 U.S.C. § 1334.

13. It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and Order and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

Dated: January 4, 2008
       Wilmington, Delaware

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/ [signature]

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
M. Blake Cleary (No. 3614)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for Debtors and
Debtors in Possession*

POTTER ANDERSON & CORROON LLP

/s/ [signature]

Laurie Selber Silverstein (No. 2396)
P. O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19899
Telephone: (302) 984-6000

-and-

KAYE SCHOLER LLP
Margot B. Schonholtz
Mark F. Liscio
Scott D. Talmadge
425 Park Avenue
New York, NY 10022
Telephone (212) 836-8000
Facsimile (212) 836-8689

*Counsel for Bank of America, N.A. as
Administrative Agent under that
certain Second Amended and Restated
Credit Agreement, dated as of August 10, 2006*

**CONSENTED TO BY THE COMMITTEE:**

BLANK ROME LLP

   /s/ *Bonnie Glantz Fatell*
Bonnie Glantz Fatell (No. 3809)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400

-and-

DB02:6435190.12                                                                 066585.1001

HAHN & HESSEN LLP
Mark S. Indelicato
488 Madison Avenue
New York, NY 10022
Telephone: (212) 478-7200

**SO ORDERED**
this 4th day of January, 2008

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge