UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                         :   Chapter 11
                                                               :
AMERICAN HOME MORTGAGE                                         :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]             :
                                                               :   Jointly Administered
        Debtors.                                               :
                                                               :   **Ref. Docket No. 2527**
---------------------------------------------------------------- x

## ORDER APPROVING MOTION OF THE DEBTORS FOR ORDERS PURSUANT TO SECTIONS 105, 107(b), AND 363 OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULES 2002 AND 9018 AUTHORIZING THE DEBTORS TO UNDERTAKE CERTAIN ACTIVITIES TO PREPARE FOR CONSUMMATION OF THE PREVIOUSLY-APPROVED SALE OF THEIR SERVICING BUSINESS

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession, and upon consideration of the supporting papers and the files and records in these cases, and upon the arguments and testimony presented at the hearing before the Court (if any), and any objections to the Motion having been withdrawn or overruled on the merits, this Court finds and concludes that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334; (b) this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (d) the legal and factual bases set forth in the Motion and at the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] All capitalized terms not otherwise defined herein have the meanings ascribed in the Motion.

hearing (if any), establish just cause for the relief granted herein; (e) the Debtors have established good business justification for the relief sought in the Motion; (f) the terms and provisions of the Fourth Amendment and the transactions authorized thereunder were entered into and made in good faith by all parties thereto; (g) the relief requested is in the best interest of the Debtors, their estates, and their creditors; (h) the Debtors' entry into the Fourth Amendment is consistent with, and authorized by, the Sale Order and the APA; and (i) reasonable and adequate notice of the Motion was provided, and no further or other notice is necessary.

Based upon the above findings and conclusions, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED** that the Motion is granted to the extent set forth herein;

**IT IS FURTHER ORDER** that where appropriate herein, findings of fact shall be deemed conclusions of law and conclusions of law shall be deemed findings of fact;

**IT IS FURTHER ORDERED** that the Sellers are authorized to create, incorporate, form, organize or otherwise bring into existence one or more Transition Entities in accordance with applicable state law. Upon the existence of a Transition Entity, the Sellers' interest in such Transition Entity shall immediately become a Purchased Asset and be subject to the liens in favor of the Purchaser granted pursuant to the Sale Order, the APA (and related documents) and the order approving the Limited Recourse DIP;

**IT IS FURTHER ORDERED** that except for the claims and liens in favor of the Purchaser granted pursuant to the Sale Order, the APA (and related documents) or the order approving the Limited Recourse DIP, all interests of the Sellers in the Transition Entities shall not in any way be subject to any liens, claims, encumbrances, and interests;

**IT IS FURTHER ORDERED** that the Sellers are authorized to fund the Transition Entities, provided, however, the Sellers shall not fund the Transition Entities other than with funds that (a) have been transferred by the Purchaser to the Sellers as working capital pursuant to a non-recourse line of credit provided by the Purchaser or otherwise, or (b) have been generated by the operation of the Servicing Business, and are thereby subject to a lien held by the Purchaser;

**IT IS FURTHER ORDERED** that the Debtors shall not have any direct liability to counterparties to any Transition Entities Agreements;

**IT IS FURTHER ORDERED** that (a) the Sellers are authorized to enter into and perform all of their obligations under the Fourth Amendment, and that all such obligations shall constitute legal, valid and binding obligations of the Sellers enforceable in accordance with their respective terms and (b) the Sellers shall enter into the Fourth Amendment in substantially the form annexed hereto as Exhibit A;

**IT IS FURTHER ORDERED** that in the event that this Order is hereafter reversed, stayed, modified or vacated by a subsequent order of this Court or any other court of competent jurisdiction, such reversal, stay, modification or vacatur shall not impair, release or affect the validity of any rights granted to the parties to the Fourth Amendment or the validity of any transaction consummated pursuant to and in reliance on the foregoing paragraphs of this Order prior to the effective date of such reversal, stay, modification or vacatur;

**IT IS FURTHER ORDERED** that notwithstanding Bankruptcy Rules 6004(h), 6006(d), 7062, or 9014 of the Bankruptcy Rules or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order;

**IT IS FURTHER ORDERED** that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion;

**IT IS FURTHER ORDERED** that the hearing with respect to authorizing AHM Servicing to enter into and perform the obligations under the Employment Agreements is adjourned to January 14, 2008 at 2:00 p.m.;

**IT IS FURTHER ORDERED** that this Court will retain jurisdiction regarding the interpretation, implement, or all matters related to this Order.

Dated: Wilmington, Delaware
January 4, 2008

Christopher S. Sontchi
United States Bankruptcy Judge