UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       : Chapter 11
                                                             :
AMERICAN HOME MORTGAGE                                       : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[9]           :
                                                             : Jointly Administered
    Debtors.                                                 :
                                                             : Ref. Docket No. 2525
------------------------------------------------------------ x

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF
THE BANKRUPTCY CODE APPROVING (A) PROCEDURES
FOR AHM SERVICING'S ENTRY INTO SUBSERVICING AGREEMENTS
AND (B) THE ENTRY INTO ONE OR MORE SUBSERVICING AGREEMENTS**

Upon consideration of the motion (the "Motion")[10] of the above-captioned debtors and debtors in possession, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order approving procedures for AHM Servicing's entry into subservicing agreements without further order of the Court and approving entry into one or more subservicing agreements; this Court finds and concludes that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334; (b) this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (d) the legal and factual bases set

---

[9] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[10] All capitalized terms not otherwise defined herein have the meanings ascribed in the Motion.

NYI-4047730v14

forth in the Motion and at the hearing (if any), establish just cause for the relief granted herein; (e) the Debtors have established good business justification for the relief sought in the Motion; and (f) reasonable and adequate notice of the Motion was provided, and no further or other notice is necessary.

Based upon the above findings and conclusions, and after due deliberation and sufficient cause appearing therefor;

ORDERED that the Motion is granted; and it is further

ORDERED that AHM Servicing is hereby authorized to enter into new subservicing agreements or be assigned and assume existing subservicing agreements in [between non-Debtor parties] accordance with the Subservicing Procedures; and it is further

ORDERED that, before a subservicing agreement that is entered into or that is assigned and assumed in connection with these procedures can become effective, the Debtors shall file with the Court, upon the Purchaser's reasonable request, a notice (the "Subservicing Notice") of such proposed subservicing (the "Proposed Subservicing") and serve the Subservicing Notice by overnight delivery, facsimile, hand delivery, or electronic mail on the following parties: (i) the Office of the United States Trustee (the "U.S. Trustee"); (ii) counsel to the Committee; (iii) counsel to the Debtors' postpetition lender; (iv) counsel to counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006, and (v) counsel to the Purchaser [and (vi) Counsel for Citi Mortgage, Inc.] (collectively, the "Notice Parties"); and it is further

ORDERED that the Subservicing Notice shall include: (i) the identity of the Servicing Rights Seller, (ii) the approximate amount of the unpaid principal balance (or estimate thereof) for which the subservicing relates, and (iii) a copy of an indemnity by the Purchaser and

providing for substantially the same protection for AHM Servicing and the Debtors as described in paragraph 16 of the Motion. The form of the proposed Subservicing Notice is annexed to the Motion as Exhibit A is hereby approved; and it is further

ORDERED that the Notice Parties shall have five (5) business days after the Subservicing Notice is filed and served to object to a Proposed Subservicing and to file such objection with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 and to serve such objection by overnight delivery or hand delivery on the Notice Parties and counsel to the Debtors (the "Subservicing Agreement Objection Deadline"); and it is further

ORDERED that in the absence of an objection on or before the Subservicing Agreement Objection Deadline or such objection having been withdrawn, overruled or otherwise resolved, AHM Servicing is hereby authorized to and shall enter into or assume, as applicable, and perform under the subservicing agreements contemplated by the Subservicing Notice, each without further notice or hearing and such subservicing shall be deemed fully authorized by the Court, and the subservicing rights under each of such subservicing agreements and the one or more subservicing agreements contemplated by paragraphs 24 and 25 of the Motion shall be subject to the liens in favor of the Purchaser under the Sale Order, the APA (and related documents), and Limited Recourse DIP Facility without further Order of the Court (and, for the sake of clarity, the proceeds of such servicing rights, and the revenues generated thereby, are a "Source of Cash" for purposes of Exhibit G of the APA, are to be maintained in separate accounts as contemplated by Section 6.14(d) of the APA and, are subject to the liens in favor of the Purchaser under the Sale Order and Limited Recourse DIP Facility); and it is further

ORDERED that except for the claims and liens in favor of the Purchaser granted pursuant to this Order, the Sale Order, the APA (and related documents) or the order approving the Limited Recourse DIP, any and all subservicing rights of AHM Servicing acquired under the authority of this Order, and the proceeds thereof and the revenues (or cash or other funds) earned with respect thereto, shall not be subject to any liens, claims, encumbrances, and interests; and it is further

ORDERED that if an objection to a Proposed Subservicing is timely filed and served by the Subservicing Agreement Objection Deadline, AHM Servicing shall not proceed with the Proposed Subservicing unless (i) the objection is withdrawn or otherwise resolved; or (ii) this Court overrules such objection at the next regularly scheduled omnibus hearing that is at least five (5) business days after service of the objection upon counsel to the Debtors, or at the next omnibus hearing that is agreed to by the objecting party and the Debtors; and it is further

ORDERED that the Committee and the Administrative Agent shall not unreasonably object ~~(other than as described in the immediately following decretal paragraph)~~ to any Proposed Subservicing or to AHM Servicing entering into or assuming additional subservicing agreements pursuant to the Subservicing Procedures, subject to their prior review of any proposed form or forms of new subservicing agreements, any existing subservicing agreements to be assigned to and assumed by AHM Servicing and any assignment and assumption agreement pursuant to which such existing subservicing agreement is to be assigned to and assumed by AHM Servicing, and <u>so long as</u> the Purchaser provides AHM Servicing and its Affiliates an indemnity with respect to the provision of such subservicing, in substantially the form as described in paragraph 16 of the Motion; and it is further

ORDERED that the Committee or the Administrative Agent may ~~object to~~ [assert an objection to] any [notwithstanding the immediately foregoing decretal paragraph,]

-4-

NY1-4047730v14

Proposed Subservicing based upon the assumption by AHM Servicing of a liability that accrued prior to the date of the assumption of an existing subservicing agreement by AHM Servicing; provided that ~~the foregoing objection may be overruled upon a demonstration by the Purchaser~~ nothing in this paragraph shall prejudice the Purchaser's ability to oppose the objection on its merits ~~that such assumption is reasonable in light of the Proposed Subservicing, any offsetting assets to be acquired by AHM Servicing as a result of such Proposed Subservicing, any reasonably anticipated revenues of AHM Servicing~~ as a result of such Proposed Subservicing, any indemnity provided by the Purchaser and any other considerations relevant ~~to the Court~~; and it is further

ORDERED that AHM Servicing is hereby authorized to and shall enter into one or more new subservicing agreements and be assigned and assume one or more existing subservicing agreements with respect to mortgage loans that Greenwich Capital Financial Products, Inc. currently has the right to appoint the servicer of such loans as contemplated in paragraphs 24 and 25 of the Motion, subject to the Debtors', the Committee's and the Administrative Agent's review of the forms of new subservicing agreements, any existing subservicing agreements to be assigned to and assumed by AHM Servicing and any assignment and assumption agreement pursuant to which such existing subservicing agreement is to be assigned to and assumed by AHM Servicing to which the Committee and the Administrative Agent shall, in each case, not unreasonably object and to which the Debtors shall not unreasonably withhold their consent or unreasonably delay the execution thereof; and it is further

ORDERED that, for the avoidance of doubt, this Order shall not excuse any of the Debtors' obligations under the Fannie Mae Stipulation Order (as defined in the APA), including any obligation therein of the Debtors to not acquire servicing of additional "Fannie Mae loans" without the consent of FNMA (as defined in the APA); and it is further

NY1-4047730v14

ORDERED that notwithstanding Bankruptcy Rules 6004(h), 6006(d), 7062, or 9014 of the Bankruptcy Rules or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order; and it is further

ORDERED that this Court will retain jurisdiction regarding the interpretation, implement, or all matters related to this Order.

Dated: Wilmington, Delaware  
January 4, 2008

Christopher S. Sontchi  
United States Bankruptcy Judge

NY1-4047730v14