## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
In re:                                          :   Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS,                :   Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,¹          :
                                                :   Jointly Administered
                                                :
        Debtors.                                :   Objection Deadline: January 28, 2008 at 4:00 p.m. (ET)
-------------------------------------------------------- x
```

### NOTICE OF FILING OF SETTLEMENT AGREEMENTS PURSUANT TO
### SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019

TO:    (I) THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (II) COUNSEL TO THE COMMITTEE; (III) COUNSEL TO THE DEBTORS' POSTPETITION LENDER; AND (IV) ALL PARTIES ENTITLED TO NOTICE UNDER DEL. BANKR. LR 2002-1(B)

**PLEASE TAKE NOTICE** that, in accordance with the Order Pursuant to Bankruptcy Rule 9019 and Section 105 of the Bankruptcy Code, Authorizing the Debtors to Adopt and Implement Omnibus Settlement Procedures for Notice and Settlement of Certain State Court Causes of Action Filed By the Debtors [Docket No. 2209] (the "Order"),[2] the Debtors in the above captioned bankruptcy cases have filed the following settlements: (i) a settlement agreement by and between the Debtors and Castle & Cooke Mortgage, LLC, attached hereto as Exhibit B, which settles three separate actions for the aggregate amount of $250,000; and (ii) a settlement agreement by and between the Debtors and Federal Guaranty Mortgage Corp.,

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]  A copy of the Order is attached hereto as Exhibit A.

attached hereto as <u>Exhibit C</u>, which settles three separate actions for the aggregate amount of $60,000 (together, the "<u>Settlements</u>").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, any objections or responses are to be filed on or before **January 28, 2008 at 4:00 p.m. (ET)** (the "<u>Objection Deadline</u>") with the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801 and served upon each of the following parties so as to be received on or before the Objection Deadline: (i) the Office of the United States Trustee, (ii) counsel to the Debtor, (iii) counsel to the Committee, (iv) counsel to the Debtors' Postpetition Lender, and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b).

**PLEASE TAKE FURTHER NOTICE** that if an objection or response is not filed by the Objection Deadline, the Debtors will file a certificate of no objection after which the Settlements shall be deemed approved pursuant to Bankruptcy Rule 9019, section 105 of the Bankruptcy Code, and the terms set forth in the Order without further order from the Court.

Dated: Wilmington, Delaware
      January 7, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline Morgan (No. 3650)
Matthew B. Lunn (No. 4119)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Debtor and Debtor-in-Possession

# **EXHIBIT A**

## **Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x

In re:                                                    :    Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS,          :    Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]                   :
                                                          :    Jointly Administered

Debtors.                                                  :    **Ref. Docket No.: 1916**

---------------------------------------------------------- x

**ORDER, PURSUANT TO BANKRUPTCY RULE 9019 AND SECTION
105 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO
ADOPT AND IMPLEMENT OMNIBUS SETTLEMENT PROCEDURES FOR
NOTICE AND SETTLEMENT OF CERTAIN STATE COURT CAUSES OF
ACTION FILED BY THE DEBTORS**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors") for entry of an order,

pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the

Debtors to adopt and implement the omnibus Settlement Procedures for the notice and settlement

of Affirmative Cases; and it appearing that the Court has jurisdiction to consider the Motion and

the relief requested therein; and due notice of the Motion having been provided, and it appearing

that no other or further notice need be provided; and it further appearing that the relief requested

in the Motion is the best interests of the Debtors, their estates, creditors, and all parties in

interest; and after due deliberation and sufficient cause appearing therefore; it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, in their sole discretion, to settle Affirmative Cases pursuant to the Settlement Procedures set forth below:

a.   The Debtors may negotiate, compromise or settle any Affirmative Cases. The Debtors shall file notice of the proposed settlement along with a copy of the proposed settlement agreement (the "Settlement Notice") and serve same on (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the Debtors' Postpetition Lender; and (iv) all parties entitled to notice under Del. Bankr. LR 2002-1(b) (collectively, the "Notice Parties");

b.   Objections must be filed with the Bankruptcy Court and served upon counsel to the Debtors and the Notice Parties so as to be received on or before twenty (20) days or such later date agreed to by the Debtors (the "Notice Period") after service of the Settlement Notice;

c.   If no objection to the proposed settlement is filed and served within the Notice Period, then the Debtors shall file with the Bankruptcy Court a certificate of no objection after which the proposed settlement shall be deemed approved pursuant to Bankruptcy Rule 9019 and section 105 of the Bankruptcy Code;

d.   If an objection is received from one or more of the Notice Parties, during the Notice Period the Debtors shall not proceed with the proposed settlement unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the settlement by separate order entered after the Debtors file a motion and notice;

e.   With respect to a proposed settlement reached and approved pursuant to the Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing.

f.   The Debtors shall use good-faith efforts to timely respond to informal requests for information from Notice Parties relating to settlements proposed under the Settlement Procedures.

and it is further

DB02:6385066.2                                                                                   066585.1001

ORDERED that nothing contained in this Order is intended to abrogate or otherwise affect the jurisdiction of courts in which Affirmative Cases are pending; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Date:   Wilmington, Delaware
         November 2̲3̲ , 2007

_____
Christopher S. Sontchi
United States Bankruptcy Judge

3

# **EXHIBIT B**

ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5357
bgoodman@zeklaw.com

December 17, 2007

**BY E-MAIL**

Keith L. Flicker, Esq.
Flicker, Garelick & Associates
45 Broadway
New York, New York 10006

**American Home Mortgage Corp. v. Castle & Cooke Mortgage, LLC**
**Case Nos.: 07-1277, 07-2056 and 07-2786**

Dear Mr. Flicker:

This shall confirm that American Home Mortgage Corp. ("American Home") and Castle & Cooke Mortgage, LLC ("Castle & Cooke") have agreed to a settlement in the referenced actions (the "Actions") on the following terms:

Upon execution of this agreement, Castle & Cooke shall pay American Home $250,000. in settlement of the Actions (the "Settlement Payment"). We will deposit the Settlement Payment in escrow for the benefit of American Home pending approval of this settlement by the United States Bankruptcy Court for the District of Delaware, the Court in which the American Home bankruptcy is proceeding (the "Bankruptcy Court"). The parties to this agreement understand that by this agreement Castle & Cooke acquires no rights in any mortgages or underlying real property securing such mortgages (or to any proceeds of either) that are the subject of the Actions, or otherwise. Upon approval of the settlement embodied in this agreement by the Bankruptcy Court, (i) American Home and Castle & Cooke will discontinue the Actions with prejudice, (ii) the parties shall exchange Releases in the forms annexed hereto, and (iii) we will disburse from our escrow account the Settlement Payment for the benefit of American Home. In the event that the Bankruptcy Court does not approve this settlement, we will return the Settlement Payment to Castle & Cooke within 30 days of our receipt of written notice of such disapproval by the Bankruptcy Court.

ZEICHNER ELLMAN & KRAUSE LLP

Keith L. Flicker, Esq.
December 17, 2007
Page 2

If any payments of money made to American Home by Castle & Cooke pursuant to the terms of this agreement should for any reason subsequently be declared to be "fraudulent" (within the meaning of any state or federal law relating to fraudulent conveyances), preferential, or otherwise voidable or recoverable, in whole or in part for any reasons, under the Bankruptcy Code or any other federal or state law (collectively referred to herein as "Voidable Transfers") and American Home is required to repay or restore the amount of any such Voidable Transfers or any portion thereof, then, as to the amount repaid or restored pursuant to any such Voidable Transfer (including all costs, expenses and attorneys' fees of American Home thereto) the liability of Castle & Cooke shall automatically be revived, reinstated and restored in the full amount of American Home's claim, and shall exist as though such Voidable Transfer had never been made to American Home. Nothing set forth herein is an admission that such Voidable Transfer has occurred or will occur. Castle & Cooke expressly acknowledges that American Home may rely upon advice of counsel and, if so advised by counsel, may settle, without defending, any action to void any alleged Voidable Transfer, and that upon such settlement Castle & Cooke shall again be liable for any deficiency resulting from such settlement as provided in this Agreement.

Please countersign this letter below and return it to me to confirm the agreement of your client to the terms set forth in this letter, along with a check in the amount of the Settlement Payment payable to the order of "Zeichner Ellman & Krause LLP, as attorneys."

Very truly yours,

Bruce S. Goodman

Accepted and Agreed:
Flicker, Garelick & Associates, LLP

By: _____
Keith L. Flicker
Attorneys for Defendant    12·31·07

BG/jd

515316.01/10331-028/BG

# **EXHIBIT C**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") dated as of December 20, 2007, is entered into by and between American Home Mortgage Corp., a New York corporation with offices at 538 Broadhollow Road, Melville, New York 11747 ("Purchaser"), and Federal Guaranty Mortgage Corp., a Florida Corporation with offices at 7985 113th Street N, Suite 208, Seminole, Florida, 33772 ("Correspondent"), by and through their respective counsel. Purchaser and Correspondent will be individually referred to as a "Party" and collectively referred to as the "Parties."

WHEREAS, Purchaser and Correspondent are Parties to a certain Mortgage Loan Purchase Agreement and Correspondent Agreement dated March 21, 2006 (the "MLPA") pursuant to which Correspondent sold Purchaser certain residential mortgage loans to Purchaser; and

WHEREAS, Purchaser is also the assignee of a certain Correspondent Lending Agreement (the "CLA") between Union Federal Bank of Indianapolis and Correspondent dated November 17, 2004, pursuant to which Correspondent sold Purchaser's assignor certain residential mortgage loans; and

WHEREAS, certain disputes and controversies have arisen between Correspondent and Purchaser with respect to the MLPA and the CLA; and

WHEREAS, Purchaser commenced an action against Correspondent in the United States District Court for the Eastern District of New York captioned American Home Mortgage Corp., individually and as assignee of Union Federal Bank of

<u>Indianapolis v. Federal Guaranty Mortgage Corp.</u>, Case No. 07 CV 2333 ("Action No. 1"); and

WHEREAS, Purchaser commenced an action against Correspondent in the United States District Court for the Eastern District of New York captioned <u>American Home Mortgage Corp., individually and as assignee of Union Federal Bank of Indianapolis v. Federal Guaranty Mortgage Corp.</u>, Case No. 07 CV 650 ("Action No. 2"); and

WHEREAS, Purchaser commenced an action against Correspondent in the United States District Court for the Eastern District of New York captioned <u>American Home Mortgage Corp. v. Federal Guaranty Mortgage Corp.</u>, Case No. 06 CV 6493 ("Action No. 3") (Action No.1, Action No. 2 and Action No. 3, collectively referred to herein as the "Actions");

WHEREAS, on August 6, 2007 Purchaser and certain affiliates filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, (the "Bankruptcy Court"), Case No. 07-11047 (CSS); and

WHEREAS, the Parties wish to reach an amicable agreement to avoid further time and expense and desire to fully and finally settle and resolve all disputes between them, including, but not limited to, disputes concerning the MLPA, the CLA, and the Actions, on the terms and subject to the conditions set forth in this Agreement; and

WHEREAS, this Agreement, and the settlement agreed to herein, are subject to the approval of the Bankruptcy Court;

NOW, THEREFORE, in consideration of the above recitals, the representations, warranties and covenants set forth below, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    Correspondent agrees to pay to Purchaser on or before December 21, 2007 $60,000. in full satisfaction of Purchaser's claims pertaining to the MLPA, the CLA, and the Actions (the "Settlement Payment"). The Settlement Payment shall be made by check drawn to the order of "Zeichner Ellman & Krause LLP Attorney Trust Account," and shall be deposited and held in escrow by counsel to Purchaser pending approval of this Agreement by the Bankruptcy Court. Upon approval of this Agreement by the Bankruptcy Court counsel for Purchaser is authorized to release the Settlement Payment from escrow to be paid for the benefit of American Home.

2.    The terms of this Agreement convey no rights to Correspondent to any mortgages, or to any underlying real property securing such mortgages, sold by Correspondent to Purchaser (or the proceeds of same), or otherwise.

3.    Simultaneously with the execution of this Agreement by the Parties hereto, Purchaser and Correspondent, through their respective legal counsel, shall execute a stipulation of discontinuance with prejudice with respect to each of the Actions in the form attached as Exhibit A. Correspondent's counsel shall hold the stipulations of

discontinuance with prejudice in escrow pending approval of this Agreement by the Bankruptcy Court.

4.    <u>Mutual Release</u>.    Upon approval of this Agreement by the Bankruptcy Court the Parties shall exchange Releases in the forms annexed hereto as Exhibits B and C, respectively.

5.    If any payments of money made to Purchaser by Correspondent pursuant to the terms of this Agreement should for any reason subsequently be declared to be "fraudulent" (within the meaning of any state or federal law relating to fraudulent conveyances), preferential, or otherwise voidable or recoverable, in whole or in part for any reasons, under the Bankruptcy Code or any other federal or state law (collectively referred to herein as "Voidable Transfers") and Purchaser is required to repay or restore the amount of any such Voidable Transfers or any portion thereof, then, as to the amount repaid or restored pursuant to any such Voidable Transfer (including all costs, expenses and attorneys' fees of Purchaser thereto) the liability of Correspondent shall automatically be revived, reinstated and restored in the full amount of Purchaser's claim, and shall exist as though such Voidable Transfer had never been made to Purchaser.  Nothing set forth herein is an admission that such Voidable Transfer has occurred or will occur. Correspondent expressly acknowledges that Purchaser may rely upon advice of counsel and, if so advised by counsel, may settle, without defending, any action to void any alleged Voidable Transfer, and that upon such settlement Correspondent shall again be liable for any deficiency resulting from such settlement as provided in this Agreement.

6.    <u>Miscellaneous</u>.  (a)  This  Agreement  sets  forth  the  entire understanding of the Parties with respect to the subject matter hereof and supersedes all previous  or  contemporaneous  negotiations,  representations  and  writings  among  them relating thereto.  This Agreement shall be construed without regard to the Party or Parties responsible for the preparation of the same and shall be deemed as prepared jointly by the Parties.  Any ambiguity or uncertainty existing herein shall not be interpreted or construed against either Party hereto on the basis that such Party may have drafted such provision. (b) This Agreement shall inure to the benefit of and be binding upon the Parties, their respective Affiliates, t heir respective successors and assigns, and any successors and assigns to the MLPA and the CLA.  (c) No provision of this Agreement may be amended or waived except by a writing of subsequent date hereto, executed by the Party against whom the amendment is sought to be enforced.  (d) This Agreement shall not constitute a partnership,  joint  venture,  agency  relationship,  fiduciary  relationship  or  other  joint enterprise among the parties.  (e) This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall together constitute  one  and  the  same  instrument.    Execution  may  be  effected  by  delivery  of facsimiles or electronic copies of signature pages and the parties waive any objection to the use of facsimile or electronic copies of signatures in lieu of their paper equivalents for any purpose and in any forum, venue or jurisdiction.  (f) This Agreement will be deemed to have been made in, and the validity, performance, construction and effect of this Agreement and the transactions to which it relates, shall be governed by the law of the State of New York (without giving effect to its conflicts of law principles).  The Parties consent that all disputes arising under this Agreement shall be exclusively resolved in the

Bankruptcy Court, and agree to submit to the exclusive personal jurisdiction of such courts.    (g) In the event any provision hereof, or the application thereof in any circumstances, is held to be invalid, illegal or unenforceable the provision in question shall be deemed replaced with a valid and enforceable provision most closely reflecting the intent and purpose of the original provision.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of December 20, 2007.

ZEICHNER ELLMAN & KRAUSE LLP

By:_____
    Mark Zeichner, Esq.
    Bruce S. Goodman, Esq.
    Attorneys for Plaintiff
      American Home Mortgage Corp.
    575 Lexington Avenue
    New York, New York 10022
    (212) 223-0400

NIMKOFF ROSENFELD & SCHECHTER, LLP

By:_____
    Steven Blatt, Esq.
    Attorneys for Defendant
      Federal Guaranty Mortgage Corp.
    One Pennsylvania Plaza, Suite 2424
    New York, New York  10019
    (212) 868-8100

513400.04/10331-006/BG

**Exhibit A**

Mark Zeichner
Bruce S. Goodman
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN HOME MORTGAGE CORP. | Case No.: 07 CV 2333 (JS) (ETB) |
| Plaintiff, | |
| - against - | **STIPULATION OF DISMISSAL WITH PREJUDICE** |
| FEDERAL GUARANTY MORTGAGE CORP., | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for plaintiff American Home Mortgage Corp., individually and as assignee of Union Federal Bank of Indianapolis, and defendant Federal Guaranty Mortgage Corp., that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, that the action be, and hereby is, dismissed with prejudice , and without costs to any party as against the other pursuant to Fed. R. Civ. P. 41(a)(1)(ii); and

IT IS FURTHER STIPULATED AND AGREED that this stipulation may be signed in counterparts all of which shall constitute one document, and that facsimile copies of this stipulation shall be deemed originals.

Dated:    New York, New York
          December 20, 2007

ZEICHNER ELLMAN & KRAUSE LLP

NIMKOFF ROSENFELD & SCHECTER, LLP

By: _____
    Mark Zeichner
    Bruce S. Goodman
    Attorneys for Plaintiff
    575 Lexington Avenue
    New York, New York  10022
    (212) 223-0400

By: _____
    Steven Blatt
    Attorneys for Defendant
    One Pennsylvania Plaza, Suite 2424
    New York, New York  10019
    (212) 868-8100

SO ORDERED:

_____
Hon. Joanna Seybert, U.S.D.J.

Mark Zeichner
Bruce S. Goodman
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN HOME MORTGAGE CORP.,<br><br>                                        Plaintiff,<br><br>                - against -<br><br>FEDERAL GUARANTY MORTGAGE CORP.,<br>                                        Defendant. | Case No.:  06CV 6493 (JFB) (ETB)<br><br>**STIPULATION OF DISMISSAL<br>WITH PREJUDICE** |

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for plaintiff American Home Mortgage Corp., individually and as assignee of Union Federal Bank of Indianapolis, and defendant Federal Guaranty Mortgage Corp., that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, that the action be, and hereby is, dismissed with prejudice , and without costs to any party as against the other pursuant to Fed. R. Civ. P. 41(a)(1)(ii); and

IT IS FURTHER STIPULATED AND AGREED that this stipulation may be signed in counterparts all of which shall constitute one document, and that facsimile copies of this stipulation shall be deemed originals.

Dated:     New York, New York
           December 20, 2007

ZEICHNER ELLMAN & KRAUSE LLP                 NIMKOFF ROSENFELD & SCHECTER, LLP

By: _____              By: _____
    Mark Zeichner                                Steven Blatt
    Bruce S. Goodman                             Attorneys for Defendant
    Attorneys for Plaintiff                      One Pennsylvania Plaza, Suite 2424
    575 Lexington Avenue                         New York, New York 10019
    New York, New York 10022                     (212) 868-8100
    (212) 223-0400

SO ORDERED:


_____
Hon. Joseph F. Bianco, U.S.D.J.

Mark Zeichner
Bruce S. Goodman
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN HOME MORTGAGE CORP. individually and as assignee of Union Federal Bank of Indianapolis, | Case No.: 07 CV 650 (JFB) (ETB) |
| Plaintiff, | **STIPULATION OF DISMISSAL WITH PREJUDICE** |
| - against - | |
| FEDERAL GUARANTY MORTGAGE CORP., | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for plaintiff American Home Mortgage Corp., individually and as assignee of Union Federal Bank of Indianapolis, and defendant Federal Guaranty Mortgage Corp., that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, that the action be, and hereby is, dismissed with prejudice , and without costs to any party as against the other pursuant to Fed. R. Civ. P. 41(a)(1)(ii); and

IT IS FURTHER STIPULATED AND AGREED that this stipulation may be signed in counterparts all of which shall constitute one document, and that facsimile copies of this stipulation shall be deemed originals.

Dated:    New York, New York
          December 20, 2007

ZEICHNER ELLMAN & KRAUSE LLP             NIMKOFF ROSENFELD & SCHECTER, LLP

By: _____             By: _____
    Mark Zeichner                            Steven Blatt
    Bruce S. Goodman                         Attorneys for Defendant
    Attorneys for Plaintiff                  One Pennsylvania Plaza, Suite 2424
    575 Lexington Avenue                     New York, New York  10019
    New York, New York  10022                (212) 868-8100
    (212) 223-0400

SO ORDERED:

_____
Hon. Joseph F. Bianco, U.S.D.J.

514775.01/10331-007/BG

**Exhibit B**

B 111—General Release by Corporation: 11-98

BlumbergExcelsior, Inc.
PUBLISHER NYC 10013

# To all to whom these Presents shall come or may Concern, Know That

American Home Mortgage Corp.

A corporation organized under the laws of the State of
in consideration of the sum of
, as RELEASOR,

received from ($ 60,000.00 ),

Federal Guaranty Mortgage Corp.

receipt whereof is hereby acknowledged, releases and discharges as RELEASEE,

the RELEASEE, RELEASEE'S heirs, executors, adminis-
trators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings,
bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments,
extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the
RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by
reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE,
relating to (i) claims in the actions captioned American Home Mortgage Corp., individually and
as assignee of Union Federal Bank of Indianapolis v. Federal Guaranty Mortgage Corp., Case
Nos. 07 CV 2333, 07 CV 650, and 08 CV 6495, all pending in the United States District Court
for the Eastern District of New York (the "Actions"); and (ii) any claims that Releasor may
have against Releasee under the American Home Correspondent Agreement dated March 21, 2006 or
the Correspondent Lending Agreement, dated November 17, 2004.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.
This RELEASE ~~may~~ shall not be changed orally.

**In Witness Whereof,** the RELEASOR has *caused this RELEASE to be executed by its duly authorized officers
and its corporate seal to be hereunto affixed* on

**In presence of:**

.............................................................................

By ...........................................................................

State of New York, County of                    SS.: ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)
On                                      before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose
name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s),
or the person upon behalf of which the individual(s) acted, executed the instrument.

...........................................................................
*(signature and office of individual taking acknowledgment)*

*If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."*

**Exhibit C**

B 111—General Release by Corporation: 11-98

BlumbergExcelsior, Inc.
PUBLISHER NYC 10013

## To all to whom these Presents shall come or may Concern, Know That

Federal Guaranty Mortgage Corp.

A corporation organized under the laws of the State of
in consideration of the sum of                                                                    , as RELEASOR,

received from                                                                                          ($ 10.00        ),

American Home Mortgage Corp.

receipt whereof is hereby acknowledged, releases and discharges                          as RELEASEE,

the RELEASEE, RELEASEE'S heirs, executors, adminis-
trators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings,
bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments,
extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the
RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by
reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.
This RELEASE may not be changed orally. [shall]

**In Witness Whereof,** the RELEASOR has *caused this RELEASE to be executed by its duly authorized officers
and its corporate seal to be hereunto affixed on*

**In presence of:**

......................................................................

By ................................................................

State of New York, County of                    **SS.:** ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)
On                            before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose
name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s),
or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
*(signature and office of individual taking acknowledgment)*

*If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."*