IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             :   Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE                                             :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]                 :
                                                                   :   Jointly Administered
            Debtors.                                               :
                                                                   :   **Doc. Ref. Nos: 192 & 643**
                                                                   :
------------------------------------------------------------------ x   Objection Deadline: January 28, 2008 at
                                                                            4:00 p.m.

## NOTICE OF FILING OF THE AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL KNUCKLES.& KOMOSINSKI, P.C.

PLEASE TAKE NOTICE that, in accordance with the procedures set forth in the Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to Petition Date [Docket No. 643] (the "OCP Order"), the Debtors hereby file the attached ordinary course professional retention affidavit (the "Retention Affidavit") of Mark R. Knuckles of Knuckles & Komosinski, P.C. (the "Ordinary Course Professional").

PLEASE TAKE FURTHER NOTICE that, objections to the Retention Affidavit, if any, must be filed in accordance with the OCP Order on or before January 28, 2008 at 4:00 p.m. (ET) (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Third Floor, Street, Wilmington, Delaware 19801.

PLEASE TAKE FURTHER NOTICE that, objections, if any, to the Retention Affidavit must also be served upon the following entities on or before the Objection Deadline: (i) the Office of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

United States Trustee, (ii) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, counsel for the Committee; (iii) counsel to Bank of America N.A., as Administrative Agents under that certain and Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Debtors' pospetition lender, (v) the Securities and Exchange Commission; (vi) all other parties entitled to notice under Del. Bankr. LR 2002-1(b; (vii) counsel for the Debtors; and (viii) and the Ordinary Course Professional.

PLEASE TAKE FURTHER NOTICE that if the objection cannot be consensually resolved, then the objection shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing or such other date otherwise agreeable to the parties thereto.

PLEASE TAKE FURTHER NOTICE that if no objections are filed on or before the Objection Deadline, then **the Debtors shall be authorized to compensate professionals associated with the firm that submitted the Retention Affidavit after complying with the other procedures contained in the OCP Order.**

Dated: January 7, 2008
      Wilmington, Delaware

                              YOUNG CONAWAY STARGATT & TAYLOR, LLP

                              /s/ Margaret B. Whiteman
                              James L. Patton, Jr. (No. 2202)
                              Joel A. Waite (No. 2925)
                              Pauline K. Morgan (No. 3650)
                              Sean M. Beach (No. 4070)
                              Matthew B. Lunn (No. 4119)
                              Margaret B. Whiteman (No. 4652)
                              The Brandywine Building
                              1000 West Street, 17th Floor
                              Wilmington, Delaware 19801
                              Telephone: (302) 571-6600
                              Facsimile: (302) 571-1253

                              Counsel for Debtors and Debtors in Possession

EXHIBIT A

RETENTION AFFIDAVIT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :  Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :  Jointly Administered
                        Debtors.                                 :
---------------------------------------------------------------- x

**AFFIDAVIT IN SUPPORT OF EMPLOYMENT OF KNUCKLES & KOMOSINSKI, P.C.
AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

STATE OF **NEW YORK**       )
                            ) ss:
COUNTY OF WESTCHESTER       )

**MARK R. KNUCKLES,** being duly sworn, deposes and says:

1. I am a partner and the President of the firm KNUCKLES & KOMOSINSKI, P.C. (the "Firm"), which has been employed by the debtors and debtors in possession in the above-captioned cases (collectively the "Debtors") in the ordinary course of their business. The Debtors wish to retain the Firm to continue providing such ordinary-course services during their chapter 11 cases. This Affidavit is submitted in compliance with the Order Approving the Motion Pursuant to Sections 105(a), 327 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business (the "Ordinary Course Professionals Order").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

2.  Prior to the filing of the petitions which initiated the above-captioned chapter 11 cases, the Firm represented and advised the Debtors **as attorney prosecuting foreclosures in the State of New York.** The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a postpetition basis during the course of these chapter 11 cases.

3.  Neither I, the Firm, nor any member, counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or stockholders, or any party in interest herein, except as set forth hereinafter:

(a)  **Attorneys in the State of New York prosecuting foreclosures**

4.  The Firm does not represent or hold any interest adverse to the Debtors or their estates with respect to the engagement for which we are to be retained.

5.  In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the Firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Bankruptcy Rule 2014(a) from counsel to the Debtors for the purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections: **None.**

6.  This Firm and certain of its members, counsel, and associates may have in the past represented, currently represent, and may in the future represent entities that are claimants or equity security holders of the Debtors in matters totally unrelated to the Debtors' chapter 11 cases. None of those past or current representations are material. This Firm will be in a position to identify with specificity all such persons or entities when lists of all creditors of the

Debtors have been prepared and will make any further disclosures as may be appropriate at that time. The Firm intends to apply for compensation for professional services rendered in connection with these chapter 11 cases directly to the Debtors, in accordance with the Ordinary Course Professionals Order, with such application to request compensation for services based on the hourly rates set forth below, plus reimbursement of actual necessary expenses and other charges incurred by the Firm. The principal [attorneys and paralegals / other professionals] designated to represent the Debtors and their current standard rates are:

> (a) **Flat rate fee schedule attached. Contested actions billed at hourly rate of $175.00 per hour. Invoices to be submitted as the work is performed.**

7. The rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Such rates are the Firm's standard rates for work of this nature. The rates are set at a level designed to fairly compensate the Firm for the work of its [attorneys and paralegals / other professionals] and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, **Court fees, Process Service Fees, Advertising fees for foreclosure sales, statutory referee fees in foreclosure, Bankruptcy Court motion fees, Title search and foreclosure search fees, real estate tax continuations,** and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

8. Prior to the filing of the above-captioned cases, the Firm WAS NOT employed by the Debtors. As of the Petition Date, the Debtors did not owe the Firm any money.

3

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these chapter 11 cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10. Except as provided in the Ordinary Course Professionals Order, no representations or promises have been received by the Firm [nor by any member, counsel, or associate thereof] as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

WHEREFORE, affiant respectfully submits this Affidavit in Support of Employment of KNUCKLES & KOMOSINSKI, P.C. as a Professional Utilized in the Ordinary Course of Business.

_____
Mark R. Knuckles, Esq., President
**Knuckles and Komosinski, P.C.**
**220 White Plains Rd., 6th Floor**
**Tarrytown, NY 10591**

SUBSCRIBED AND SWORN TO
before me this 7th day of January, 2008.

_____
Notary Public

Stephanie A. Salvatore
Notary Public, State of New York
No. 01SA6150334
Qualified in Westchester County
Commission Expires 7/24/2010

4

# AMERICAN HOME MORTGAGE
## NEW YORK STATE
## FEE SCHEDULE

### I. UNCONTESTED FORECLOSURE ACTIONS: Fannie Mae Guidelines

(A) $1,800.00 for downstate counties (NYC and Long Island); $1,250.00 for all other counties; per uncontested foreclosure as and for legal fees for foreclosure. Foreclosures to be completed within 280 days for upstate counties and 300 days in downstate counties. This amount does not include disbursements and filing fees. The average disbursements for an uncontested foreclosure should be as follows:

| | | |
|---|---|---|
| (1) | Foreclosure certificate: | $ 400.00 |
| (2) | Index number: | 210.00 |
| (3) | Filing notice of pendency: | 35.00/85.00 |
| (4) | Tax search (each): | 50.00 |
| (5) | Service of process (per defendant)*: | 40.00/50.00 |
| (6) | Referee's fee on reference: | 50.00/200.00 |
| (7) | Request for judicial intervention: | 95.00 |
| (8) | Referee's fee on sale: | 500.00 |
| (9) | Advertising expense (approx): (depends upon length of advertisement and the rates for particular media) | 350.00 -3,000.00 |
| (10) | Court monitoring fee (per file): | 50.00 |
| (11) | Motion Fee: | 45.00 |
| (12) | Continuation Fee: | 20.00/40.00 |

* Special service, such as investigation, service on Secretary of State or out of state service, may require additional expense, which expense will only be incurred upon your consent.

** Photocopies and postage will only be charged on contested files, in which the copies and postage are substantial. Notice to client will be provided before charge submitted.

The amount of the fees at each stage of the proceeding would be as follows:

## Downstate: Long Island and NYC (Nassau, Suffolk, Queens, Bronx, Richmond, New York, Kings.)

| | |
|---|---|
| **Summons and Complaint:** | **$850.00** |
| **Order of Reference:** | **$400.00** |
| **Judgment:** | **$400.00** |
| **Sale:** | **$150.00** |

# Upstate Counties (All other counties):

| | |
|---|---|
| **Summons and Complaint:** | $650.00 |
| **Order of Reference:** | $225.00 |
| **Judgment:** | $225.00 |
| **Sale:** | $150.00 |

**(B) FOREBEARANCE AGREEMENTS/Stipulations of Settlements**: Processed at a rate of $275.00.

## II. CONTESTED FORECLOSURES:

Foreclosure actions in which a defendant interposes an answer (such as general denials, specific denials, jurisdiction, usury, conflict questions, TIL questions, and the like) will be processed on an hourly rate basis. Any foreclosure action which is being contested will, of course, be immediately brought to the attention of Robert Hardman with a request for instructions.

## III. SPECIAL PROCEEDINGS (without court appearance)

| | |
|---|---|
| ORDER OF PUBLICATION SUPPLEMENTAL SUMMONS AND AMENDED COMPLAINT: | $400.00 |
| GUARDIAN AD LITEM: | $325.00 |
| MOTION CONSOLIDATING ACTIONS: | $200.00 |
| STIPULATION DISCONTINUING ACTION: | $350.00 |
| DEED IN LIEU OF FORECLOSURE: | $550.00 |
| RECEIVERSHIPS (entire process through discharge): | $700.00 |

## IV. BANKRUPTCY:

| | | |
|---|---|---|
| A. | Proof of claim and Notice of Appearance: | $ 150.00 |
| B. | Motion to Lift Stay with no court appearance: ($150 if court appearance necessary) | $ 550.00 |
| C. | In rem or motions to defeat bad faith filings: (Court appearance included as mandated by Court) | $ 650.00 |
| D. | Conditional Order: | $ 150.00 |

## V. SENIOR MORTGAGE FORECLOSURE:

| | | |
|---|---|---|
| A. | Notice of Appearance without surplus money affidavit and provision*: | $ 150.00 |
| B. | Notice of appearance and affidavit for incorporation of surplus | |

|   |   |   |
|---|---|---|
|    | money provisions in senior mortgage foreclosure judgment*: | $ 300.00 |
| C. | Cross-motion on judgment: | $ 200.00 |
| D. | Attendance at foreclosure sale (depending upon County: | $ 250.00 to 450.00 |
| E. | Preparation for and attendance at closing if AMH is successful bidder: | $ 950.00 |

## VI. POST JUDGMENT PROCEEDINGS

SURPLUS MONEY PROCEEDINGS:          $ 950.00
EVICTIONS:                                          $ 900.00
    (includes one court appearance. All other court appearances billed at hourly rate as they are contested)

## VIII. RESALE OF HOUSE (REO or ORE)          $ 950.00

## VIX:  HOURLY RATE:
Foreclosure:          $ 220.00
Eviction:              $ 200.00

This schedule does not include charges for title examination or title insurance after foreclosure completed and property purchased by client.

2007 FEES FOR FORECLOSURE - .

    Approved:     By:_____