IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE | ) Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation | ) |
| et al.,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) Hearing Date: February 1, 2008 at 11:00 a.m. |
| | ) Objection Deadline: January 25, 2008 at 4:00 p.m. |

**MOTION OF LBA MELVILLE ASSOCIATES LP FOR AN ORDER
TO ALLOW CERTAIN ADMINISTRATIVE EXPENSES AND COMPEL
PAYMENT OF SUCH ADMINISTRATIVE EXPENSES PURSUANT TO
SECTIONS 503(a) AND (b)(1)(A) AND 507(A)(1) OF THE BANKRUPTCY CODE**

LBA Melville Associates (the "Landlord"), a lessor-creditor, by and through its undersigned attorneys, hereby requests that this Court enter an order that allows and requires immediate payment of its administrative expense claim pursuant to sections 503(b)(1)(A) and 507(a)(1) of title 11 of the United States Code, 11 U.S.C. § 101-1532 (as amended, the "Bankruptcy Code"), for rent and other charges due under a real property lease. In support hereof, the Landlord respectfully states as follows:

### Background

1. On August 6, 2007 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have been authorized to continue in possession

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. (AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Boulevard, Suite 200, Irving, Texas 75063.

RLF1-3236097-3

of their property and to operate and manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. Prior to the Petition Date, the Debtors, as tenant, and the Landlord entered into a lease (the "Lease"), pursuant to which the Debtors leased from the Landlord certain non-residential real property located at 270 South Service Road, Melville, New York 11747 (the "Premises"). A copy of the Lease is attached hereto as Exhibit A.

3. Pursuant to the Lease, the Debtors were required to pay the Landlord monthly rent and other charges, including utility charges for electricity and gas.

4. The Lease was rejected by the Debtors by order of this Court, dated September 17, 2007, effective as of August 31, 2007 (the "Rejection Date"). See Docket No. 779. The Debtors never paid the Landlord the $50,396.22 owing under the Lease attributable to the period of time from the Petition Date through the Rejection Date. A table detailing the charges attributable to the period of time from the Petition Date through the Rejection Date is attached hereto as Exhibit B.

## Relief Requested

5. By this Motion, the Landlord respectfully requests that this Court enter an order that allows and requires the immediate payment of its claim in the amount of $50,396.22 for post-petition amounts due under the Lease (the "Claim") as an administrative expense claim pursuant to sections 503(b)(1)(A) and 507(a)(1) of the Bankruptcy Code.

## Basis for Relief

6. The Landlord is entitled to an administrative expense claim under sections 503(a) and (b)(1)(A) if the transaction is between a creditor and the debtor and the estate receives a benefit from the transaction. See, e.g., In re O'Brien Environmental Energy, Inc., 181 F.3d 527

(3d Cir. 1989). The lessor is entitled to the fair rental value of the lessor's property. See, e.g., Zagato Fabricators, Inc. v. Superior Air Products, 893 F.2d 624 (3d Cir. 1990). The rent set forth in the Lease is presumed to be the reasonable value of the lessor's property. See, e.g., In re Raymond Cossette Trucking, Inc., 231 B.R. 80, 84 (Bankr. N.D. 1999); In re Mr. Gatti's, Inc., 164 B.R. 929, 946 (Bankr. W.D. Texas 1994).

7.  The Claim is an administrative expense claim pursuant to sections 503(b)(1)(A) and 507(a)(1) of the Bankruptcy code because it was incurred by the Debtors' estate and preserved the Debtors' estate. Specifically, the Debtors continued to use the Premises after the Petition Date up until the Rejection Date to the benefit of their estates. On information and belief, the Premises housed the Debtors' technology center and other technical support facilities of vital importance to the Debtors. Consequently, the Landlord submits that the Debtors and their estates benefited from the use of the Premises through the Rejection Date.

WHEREFORE, the Landlord specifically requests this Court enter an Order, substantially in the form attached hereto as Exhibit C:

(a) Allowing Landlord an administrative expense claim for rent under sections 503(b)(1)(a) of the Bankruptcy Code of $50,396.22 for the rent and other charges accruing subsequent to the Petition Date and prior to the Rejection Date;

(b) Directing the Debtors to pay the aforementioned administrative expense claim; and

(c) Granting such other and further relief that is just, equitable and proper.

Dated: January 8, 2008  
       Wilmington, Delaware

Respectfully submitted,

/s/ Jason M. Madron
_____
Mark D. Collins (No. 2981)  
Jason M. Madron (No. 4431)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
920 North King Street  
Wilmington, DE 19801  
Telephone: (302) 651-7700  
Facsimile: (302) 651-7701

*Counsel to LBA Melville Associates*