IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ---------------------------------------------------------------- x | | Chapter 11 |
| In re: | : | |
| | : | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE | : | |
| HOLDINGS, INC., a Delaware corporation, et al., | : | Jointly Administered |
| | : | |
| Debtors. | : | |
| ---------------------------------------------------------------- x | | **Ref. Docket No. 2065** |

**DEBTORS' OBJECTION TO EMERGENCY MOTION OF CUTISHA
CAUTHORNE FOR AN ORDER FOR RELIEF FROM THE AUTOMATIC STAY
UNDER SECTION 362 OF THE BANKRUPTCY CODE**

American Home Mortgage Holdings, Inc., a Delaware corporation, and certain of

its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the

above cases (collectively, the "Debtors"),[1] hereby file their objection to the *Emergency Motion of*

*Cutisha Cauthorne for an Order for Relief From the Automatic Stay Under Section 362 of the*

*Bankruptcy Code* [Docket No. 2065] (the "Lift Stay Motion"). In support of this objection, the

Debtors respectfully represent as follows:

**PRELIMINARY STATEMENT**

1.      Through the Lift Stay Motion, Cutisha Cauthorne (the "Movant") seeks

permission to file a complaint in the United States District Court for the Eastern District of

Virginia (the "District Court") against, among others, AHM Corp. However, the limited

justification offered by the Movant, which can essentially be summarized as an argument that the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Court should grant the relief requested merely because the Movant would like to commence her lawsuit against the Debtors notwithstanding these bankruptcy cases, fails to satisfy the appropriate standards that the Court must consider in determining whether relief from the automatic stay should be granted.  Therefore, the Lift Stay Motion should be denied.

2.      At this stage of the Debtors' chapter 11 cases it is crucial that the Debtors' management and remaining employees focus on ongoing operations, asset sales, and a plan of liquidation.  The Debtors should not be required to defend against a lawsuit arising from prepetition acts allegedly orchestrated primarily by non-debtor third parties, which would be more appropriately dealt with vis-à-vis the Debtors through the claims reconciliation process.

### RELEVANT BACKGROUND

3.      On November 16, 2007, the Movant filed the Lift Stay Motion, by which she seeks relief from the automatic stay so that she may file a complaint (the "Complaint")[2] in the District Court against AHM Corp., among others.  As the basis for her Complaint, Movant alleges that AHM Corp., as the entity that initially funded her mortgage, participated in the violation of certain of Movant's rights under various federal regulations.  *See* Motion at ¶ 1.

4.      On November 19, 2007, the Movant filed the *Motion to Shorten Notice With Respect Thereto on the Motion of Cutisha Cauthorne for an Order for Relief From the Automatic Stay Under Section 362 of the Bankruptcy Code* (the "Motion to Shorten") [Docket No. 2080], pursuant to which she sought a hearing on the Lift Stay Motion at the November 21, 2007 omnibus hearing (the "Initial Hearing").  On November 20, 2007 the Debtors filed the *Debtors' Response to Motion to Shorten Notice and Preliminary Objection to Emergency Motion of Cutisha Cauthorne for an Order for Relief From the Automatic Stay Under Section 362 of the*

---

[2] A draft copy of the Complaint is attached to the Lift Stay Motion.

*Bankruptcy Code* [Docket No. 2085]. Also on November 20, 2007, the Court entered an Order granting the Motion to Shorten [Docket No. 2087].

5.      At the Initial Hearing, the Court heard limited argument from the parties, and reached the conclusion that an evidentiary hearing with respect to the Lift Stay Motion should be scheduled the week of January 14, 2008 after the claims bar date passed. Subsequent to the Initial Hearing, the parties agreed that the evidentiary hearing would be held on January 14, 2008.

6.      The Court has entered an Order [Docket No. 1708] in these cases establishing that any entity holding a prepetition claim against the Debtors must file a proof of claim on or before January 11, 2008. As of December 28, 2007, twenty-four proofs of claim, not including duplicate claims, have been filed concerning litigation arising from alleged prepetition conduct of the Debtors.

**ARGUMENT**

7.      Pursuant to section 362(d) of the Bankruptcy Code, a movant must demonstrate sufficient cause to justify the lifting or modification of the automatic stay. Although the Bankruptcy Code does not define the term "cause," courts "generally consider the policies underlying the automatic stay [and]…the competing interests of the debtor and the movant." In re Continental Airlines, Inc., 152 B.R. 420, 424 (D. Del. 1993). In particular, the court will typically consider the following three factors in balancing the competing interests of the parties when considering whether to grant relief from the automatic stay:

(1)      the prejudice that would be suffered by the debtors should the stay be lifted;

(2)      the balance of the hardships facing the parties if the stay is lifted; and

(3)      the probable success on the merits if the stay is lifted.

3

In re Pursuit Athletic Footwear, Inc., 193 B.R. 713, 718 (Bankr. D. Del. 1996) (citing In re Rexene Prods. Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992); Continental, 152 B.R. at 424 (Bankr. D. Del. 1993). As the party seeking relief from the stay, Movant bears the initial burden of demonstrating that cause exists to lift the stay. See In re Rexene Prods. Co., 141 B.R. at 577. Only upon a showing of cause does the burden shift to the Debtors. Id.

    8. The Movant asserts that the stay should be lifted because the Debtors will not be prejudiced by the filing of the Complaint, and that the balance of harms weighs in her favor. The Debtors strongly disagree. The limited justification for relief set forth in the Motion and advanced at the Initial Hearing fail to establish even the basic *prima facia* requirements for relief from the automatic stay and, as a result, the Motion should be denied.

**A. The Policies Underlying the Automatic Stay Weigh
  in Favor of Denying the Relief Requested by the Movant.**

    9. The automatic stay is one of the fundamental debtor and creditor protections provided by the Bankruptcy Code. Krystal Cadillac Oldsmobile GMC Truck, Inc. v. GMC (In re Krystal Cadillac Oldsmobile GMC Truck, Inc.), 142 F.3d 631, 637 (3d Cir. 1998) (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6296). It gives the debtor a breathing spell from its creditors by stopping all collection efforts, harassment, and foreclosure actions, thus relieving the debtor of the financial pressures that drove it into bankruptcy and facilitating the debtor's attempts to reorganize. Id. For creditors, the automatic stay prevents the state-law "race of the diligent," whereby creditors who act first to pursue their remedies against the debtor's property obtain payment of their claims in preference to, and to the detriment of, other creditors. See id.

    10. The Debtors filed for chapter 11 protection to liquidate their business and assets in an orderly fashion in order to maximize the value of the bankruptcy estates available for

                066585.1001

distribution to creditors. The automatic stay is essential to this process; without it, the Debtors'

management and professionals would be tied up in litigation with individual creditors such as the

Movant rather than focusing on ongoing operations, the sale of their remaining assets and

negotiating and drafting of a plan of reorganization. See In re W.R. Grace & Co., Case No. 01-

01139 (JKF), 2007 Bankr. LEXIS 1214, *10 (Bankr. D. Del. Apr. 13, 2007) (denying relief from

stay to pursue litigation that would be "a distraction from the reorganization process"). Twenty-

four proofs of claim have been filed in these cases by parties seeking to advance claims based

upon litigation associated with alleged prepetition acts. At least eleven of these proofs of claim

include allegations similar to those raised by the Movant. Movant has offered no explanation as

to why she differs from these other claimants, and needs to prosecute her claims now, rather than

during the claims reconciliation process.

**B.    The Debtors Will Be Significantly Prejudiced If the Stay is Lifted.**

       11.    The most important factor in determining whether to grant relief from the

automatic stay to allow litigation to proceed against a debtor in another forum is the effect of

such litigation on the administration of the estate. See In re Curtis, 40 B.R. 795, 806 (Bankr. D.

Utah 1984); In re Penn-Dixie Industries, Inc., 6 B.R. 832, 836 (Bankr. S.D.N.Y. 1980).

       12.    As discussed in greater detail below, Movant will not be prejudiced by

continuation of the stay. The Debtors, on the other hand, have many critical tasks that must be

accomplished and would be significantly prejudiced by lifting the stay. For example, the

Debtors have recently completed the initial close with respect to the sale of their servicing

business, and are now working with the purchaser to handle the many tasks that remain prior to

the Sale's final closing. In addition, the Debtors are in the midst of planning and proceeding

with the sale of their remaining assets, which include loans, real estate, and their federally

                                               

chartered thrift.  Finally, the Debtors have begun the process of negotiating and formulating their

plan of liquidation.  Because the Debtors have a limited number of remaining personnel, every

one of their employees is critical to the aforementioned efforts, and cannot be distracted from the

present tasks at hand.

      13.    Moreover, if the relief sought by the Movant is granted, the Debtors will

likely be presented with a series of motions seeking stay relief from similarly situated creditors

emboldened by the Movant's success.  Accordingly, granting the Lift Stay Motion is in essence

an outcome that will prejudice not only the Debtors, but also every creditor of these estates that

is not in a position to proceed with, or initiate, litigation outside this Court.

**C.**      **The Movant Will Not be Prejudiced if the Stay is Continued.**

      14.    Establishing that the balance of hardships tips in favor of an unsecured

creditor to obtain relief from the stay imposes a significant burden on Movant, "which is rarely,

if ever, sustained on the basis of pure allegations."  In re Ronald Perlstein Enterprises, Inc., 70

B.R. 1005, 1014-1015 (E.D. Pa. 1987).  The above-described burdens of presently responding to

the Complaint and subsequently dealing with the litigation commenced by the Complaint

outweigh any slight prejudice or inconvenience encountered by the Movant.  Movant argues that

"[d]enying relief from stay will significantly prejudice Movant [because].  Debtor is a necessary

and indispensable party to Movant's suit."  See Motion at ¶ 2.  The information set forth in the

Motion and the Complaint however, simply do not support this statement.

      15.    AHM Corp. is the entity that initially funded the Movant's mortgage

through its wholesale channel, American Brokers Conduit, nothing more.  In the wholesale

channel, the mortgage loan broker meets with the borrower, prepares the loan application with

the borrower, and assists the borrower with the selection of a loan program.  The mortgage loan

broker further orders the property appraisal and credit information, and, when the loan is approved, selects and coordinates the closing and settlement of the loan. AHM Corp.'s role in the origination of Movant's loan was limited to reviewing and verifying the information provided to it, and basing its lending decision upon that information. AHM Corp. neither met with the borrower nor participated in any way with the borrower's and mortgage loan broker's selection of the loan program, AHM Corp. did not select the settlement agent responsible for Movant's loan, AHM Corp. was not involved in the closing of the Movant's loan or supervise the signing of the documents at closing, and AHM Corp. did not employ the mortgage loan broker that worked with the Movant in selecting a loan product. In fact, Movant's mortgage loan broker could have assisted the Movant with selecting a loan product from any number of lenders. All documentation prepared by AHM Corp. was consistent with the information provided by the mortgage loan broker, and in compliance with applicable law. The protections of the automatic stay afforded by section 362 of the Bankruptcy Code do not impact the Movant's ability to proceed with the Complaint as to the other parties named in the Complaint, and because the alleged wrongs asserted in the Complaint were committed by these parties, not AHM Corp., the Movant will not be prejudiced if the Lift Stay Motion is denied.

16.    Upon information and belief, the Debtors surmise that the Movant seeks to define AHM Corp. as a "necessary party" because Movant hopes to obtain any insurance proceeds that may be available from the settlement agent named in the Complaint, among others, by pursuing claims against AHM Corp.[3]  Initially, it should be noted that the Debtors are not a

---

[3]  Originally, Movant alleged that relief from stay was necessary to prevent the expiration of the statute of limitations with respect to the claims set forth in the Complaint. This contention is contrary to section 108 of the Bankruptcy Code and was dismissed by the Court at the Hearing. Unless the stay is terminated by the Court, the stay continues until the earliest of closing of the case, dismissal of the case, or confirmation of the plan of reorganization. 11 U.S.C. § 362(c)(2). Thus, under section 108(c) the statute of limitations for the Movant to file the Complaint is tolled until thirty days after the Debtors' plan is confirmed.

066585.1001

party to any insurance policy that would cover the claims raised in the Complaint. And, as it pertains to Movant's ability to obtain available insurance proceeds from the settlement agent, to the extent any insurance proceeds exist, Movant can proceed directly against the settlement agent without the need to commence a lawsuit against the Debtors.

17.     Accordingly, other than a general desire to commence the litigation as to all parties, including AHM Corp., there is no basis provided in the Motion for the need for relief from the automatic stay. Therefore, continuation of the automatic stay at this point will not prejudice the Movant. If the stay is continued, the Movant will remain free to file a proof of claim, and the validity and amount of her claim can be liquidated during the claims reconciliation process of these bankruptcy cases. Subjecting the Movant's legal claims to the bankruptcy process does not amount to denying her legal remedies, and does afford her relief.

**D.     Movant is Not Likely to Succeed With Her Claims Against the Debtors.**

18.     Finally, aside from a single conclusory sentence referencing the allegations set forth in the Complaint, see Motion at ¶ 23, the Lift Stay Motion is entirely devoid of any attempt to demonstrate a likelihood of success as to the Debtors. As set forth above, AHM Corp.'s role in the origination of Movant's loan was quite limited. Consequentially, even assuming that every allegation asserted in the Complaint is accurate, it is highly unlikely that any action commenced by the Movant as to the Debtors will be successful.

8

066585.1001

WHEREFORE, the Debtors respectfully request that the Court enter an order denying the Lift Stay Motion, and granting such other and further relief as is just and proper.

Dated:    Wilmington, Delaware
          January _9_, 2008

                              YOUNG CONAWAY STARGATT & TAYLOR, LLP

                              James L. Patton, Jr. (No. 2202)
                              Robert S. Brady (No. 2847)
                              Pauline K. Morgan (No. 3650)
                              John T. Dorsey (No. 2988)
                              Kenneth J. Enos (No. 4544)
                              The Brandywine Building
                              1000 West Street, 17th Floor
                              Wilmington, Delaware 19801
                              Telephone: (302) 571-6600
                              Facsimile: (302) 571-1253

                              Counsel for the Debtors and Debtors in Possession

DB02:6479838.4

066585.1001