## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In Re:

                Chapter 11

AMERICAN HOME MORTGAGE CORP.,

                Case No. 07-11047-CSS

        Debtor.               Hearing Date:  February 14, 2008 @ 11:00

                Objections Due by February 7, 2008

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## PURSUANT TO 11 U.S.C. SECTION 362(d)(1)

      DCFS Trust, by its counsel, Kristi J. Doughty, Esq., as and for a Motion for Relief from Automatic Stay pursuant to 11 U.S.C. Section 362(d)(1), states the following as grounds therefore:

      1.      On August 6, 2007, the debtor, above named, filed a voluntary petition in Bankruptcy under Title 11, Chapter 11, U.S.C., in the United States Bankruptcy Court, for the District of Delaware.

      2.      The Court has jurisdiction to entertain this motion under 28 U.S.C. Section 157.

      3.      DCFS Trust is the record owner of one (1) 2005 Mercedes-Benz S600V (hereinafter "Vehicle" or "Leased Property") (V.I.N. WDBNG76J25A453580).  A copy of the Certificate of Title is annexed hereto as Exhibit "A" and made a part hereof.

      4.      Pursuant to 11 U.S.C. Section 362, upon the commencement of the instant bankruptcy case, DCFS Trust is stayed from taking any action against the debtor to obtain possession of the Leased Property.

      5.      On January 22, 2005, Mercedes Benz Manhattan, Inc. (hereinafter "dealer"), as lessor and the debtor, as lessee, entered into a Retail Lease Agreement (hereinafter "Lease") pursuant to which the debtor leased the Vehicle from the dealer at the rate of $2,184.00 per month for a term of twenty-four (24) months, commencing on January 22, 2005.  A copy of the Retail Lease Agreement is also annexed hereto as Exhibit "B" and made a part hereof.  Said lease was later extended such that it presently matures in January, 2008.

6. Pursuant to the terms and provisions thereof, and for good and valuable consideration, the Lease was duly assigned by the dealer to DCFS Trust, which is now the holder and owner of same. As of December 26, 2007, the debtor was in default of the payment obligations to DCFS Trust pursuant to the terms and conditions of the Lease Agreement, as follows:

- a. Gross balance due:   $5,313.30
  Net balance due:    $55,103.90

- b. Post-petition arrears: $2,184.00 for the months of October, November and December, 2007, together with applicable late charges.

(**NOTE:** The foregoing does not represent any amounts which may be due for costs and attorneys' fees as may be allowed by the Court.)

7. DCFS Trust has ascertained that the wholesale value of the Vehicle is FIFTY-SEVEN THOUSAND FIVE HUNDRED FIFTY and 00/100 ($57,550.00) DOLLARS based on estimated value of the vehicle in average condition. Any potential equity in the Vehicle does not accrue to the benefit of the Debtor since this is a leased vehicle owned by Movant.

8. Pursuant to the terms and conditions of the Lease Agreement, upon the failure of the Lessee to cure any default thereunder, which include non-payment of rental charges, DCFS Trust is entitled to immediate possession of the vehicle.

9. Upon information and belief, the debtor continues to enjoy the use and possession of the leased property.

10. It is respectfully asserted that DCFS Trust's interest in the Vehicle will not be adequately protected if the automatic stay is allowed to remain in effect.

11. Accordingly, sufficient cause exists to grant DCFS Trust relief from the automatic stay herein, which includes, but is not limited to, the following:

- a. The debtor is in default under the terms and provisions of the Lease Agreement by, among other things, failing to make the monthly payments due thereunder;

      b.      The ownership interests of DCFS Trust with respect to the Vehicle are not adequately protected as envisioned under 11 U.S.C. Section 361;

      c.      The Vehicle is not necessary for an effective reorganization of the bankruptcy estate; and

      d.      The Vehicle, by it intrinsic nature, is mobile, thereby subject to the foreseeable possibility of injury thereto by way of accident or collision.

12.      It is respectfully submitted that DCFS Trust is in a more advantageous position to obtain an optimum price for the sale of the Vehicle, thereby increasing the possibility of avoiding a deficiency balance on this account, thereby removing such creditor as a potential unsecured claimant in this case.

13.      No prior application for the relief requested herein has been made.

WHEREFORE, DCFS Trust respectfully requests that the Court issue an Order, pursuant to 11 U.S.C. Section 362 granting DCFS Trust relief from automatic stay in order to obtain possession and dispose of its property, and for such other and further relief as to the Court may seem just and proper.

DATED:      January 9, 2008  
                Middletown, Delaware      DCFS TRUST  
                                              By Its Counsel

                                            /s/ Kristi J. Doughty_____  
                                            Robert T. Aulgur, Jr., Esq. (No. 165)  
                                            Kristi J. Doughty, Esq. (No. 3826)  
                                            Whittington & Aulgur  
                                            651 N. Broad Street, Suite 206  
                                            P.O. Box 1040  
                                            Middletown, DE  19709  
                                            (302) 378-1661 telephone  
                                            (302) 285-0236 facsimile

07.05170