IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE | ) Case No. 07-11047 (CSS) |
| HOLDINGS, INC., *et al.*, | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Related to Docket No. 2395 |
| | ) Objection Deadline: December 27, 2007 at 4:00 p.m. (ET) |
| | ) |

**RESERVATION OF RIGHTS OF COUNTRYWIDE BANK, FSB AND COUNTRYWIDE HOME LOANS, INC., TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE (I) ABANDONMENT AND DESTRUCTION OF CERTAIN DUPLICATE LOAN FILES OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT OF REASONABLE COSTS AND EXPENSES**

Countrywide Bank, FSB, formerly Countrywide Bank, N.A. ("Countrywide Bank"), and Countrywide Home Loans, Inc. (collectively, "Countrywide"), by and through their undersigned counsel, hereby file this reservation of rights to the Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses [D.I. 2395] (the "Motion"), and respectfully represent as follows:

## BACKGROUND

1. On August 6, 2007 (the "Petition Date"), American Home Mortgage Corp. ("AHM Corp."), and certain affiliates (collectively, the "Debtors"), commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Cases").

2. Prior to the Petition Date, Countrywide Bank and AHM Corp. were parties to that certain Mortgage Loan Purchase and Servicing Agreement, dated March 14, 2006 (as

supplemented by the related Trade Confirmations and Purchase Confirmations, the "Countrywide Agreement").

3. On December 20, 2007, this Court entered the *Order (I) Resolving Objections of Countrywide Bank, N.A. to Debtors' Motion Authorizing the Sale of the Debtors' Servicing Business; (II) Authorizing the Private Sale of Certain Servicing Rights to Countrywide Bank, N.A. Free and Clear of Liens, Claims and Interests; (III) Approving the Terms of the Purchase and Interests; and (IV) Granting Related Relief* [D.I. 2462] (the "Sale Order"). Pursuant to the Sale Order, the Court approved the Purchase Agreement (as defined therein, and attached thereto as Exhibit "A"), allowing Countrywide to acquire the servicing rights under the Countrywide Agreement.

4. Pursuant to the Section 2.07 of Purchase Agreement, "[AHM Corp.] shall be responsible for ensuring all documents comprising the Mortgage File held by or on behalf of [AHM Corp.], related to the Mortgage Loans and that are not already held by the Custodian, are transferred to [Countrywide] in a timely manner including, but not limited to, Mortgage Notes, riders, loan modification documents and servicing files." The Debtors have agreed to not destroy documents that it is required to send to Countrywide under the terms of the Purchase Agreement.

5. Additionally, Countrywide and AHM Corp. are parties to the following agreements: (i) Mortgage Loan Purchase and Interim Servicing Agreement, dated and effective as of April 27, 2007; (ii) Mortgage Loan Purchase and Interim Servicing Agreement, dated and effective as of November 26, 2003; (iii) Mortgage Loan Purchase and Servicing Agreement, dated and effective as of March 14, 2006; (iv) Mortgage Loan Purchase and Servicing Agreement, dated as of May 1, 2007; and (v) HELOC Loan Purchase Agreement, dated and

WLM_512107_3/MOLIVERE

effective as of April 30, 2007 (the "Additional Agreements"), pursuant to which, AHM Corp. sold certain mortgage loans to Countrywide.

6. Pursuant to the Purchase Agreement, certain documents that were held in trust under the Countrywide Agreement are required to be returned to Countrywide. Furthermore, pursuant to the Additional Agreements, the Debtors may be holding original Mortgage Files and Mortgage Loan Documents (each as defined in the Additional Agreements) in trust for Countrywide that the Debtors are obligated to return at their cost to Countrywide. With the Debtors assistance, Countrywide is in the process of determining whether the Debtors are in possession of original Mortgage Files and Mortgage Loan Documents related to the Additional Agreements.

## RESERVATION OF RIGHTS

7. Countrywide has been working with counsel for the Debtors to consensually resolve its issues relating to the Motion and confirm that none of the original Mortgage Files and Mortgage Loan Documents (each as defined in the Additional Agreements and the Countrywide Agreement) will be destroyed. Countrywide is hopeful that it will resolve any issues relating to the Motion with the Debtors prior to the hearing, however, out of an abundance of caution, Countrywide hereby files this reservation of rights to the extent the Debtors seek to destroy, and not return at their cost, Countrywide's original Mortgage Files and Mortgage Loan Documents, which are not property of the Debtors' estates.

**WHEREFORE**, Countrywide requests that this Court deny the Debtors' Motion to the extent it: (i) seeks fees to return Countrywide's property; or (ii) provides for the destruction of Countrywide's property, in violation of the Purchase Agreement or the Additional Agreements.

Dated: Wilmington, Delaware
       January 9, 2008

                                Respectfully submitted,

                                EDWARDS ANGELL PALMER & DODGE LLP

                                */s/ Mark D. Olivere*
                                William E. Chipman, Jr. (No. 3818)
                                Mark D. Olivere (No. 4291)
                                919 North Market Street
                                15th Floor
                                Wilmington, Delaware 19801
                                (302) 777-7770

                                *Counsel to Countrywide Bank, FSB and Countrywide Home Loans, Inc.*