# EXHIBIT A

## TERM SHEET BETWEEN AMERICAN HOME MORTGAGE
## AND AMERICAN CORPORATE RECORD CENTER, INC.

The parties hereby set out this term sheet of changes/modifications to the Record and Storage and Service Agreement effective as of November 21, 2005 and such other matters necessary to continue the mutually beneficial relationship between the parties:

1.      The rates/charges on Schedule "A" shall be fixed for a period of six (6) months from the date hereof and shall not be subject to any modification or change unless consented to by AHM. Where the term reasonable is used herein, the parties agree that such rates are reasonable. ACRC agrees that it shall not charge any other customer/entity claiming through AHM lower rates/charges than are charged to AHM for the same or similar services.

2.      AHM agrees that a minimum storage charge of $45,000 under the Record and Storage and Service Agreement shall be guaranteed for a period of six (6) months from the date hereof. AHM will endeavor to establish a document relocation/destruction program now to remove the stored files from ACRC within six (6) months of the date of this Agreement.

3.      Provided that the Court approves the payment of the $200,000 as set forth in paragraph 5 and the payment is received by ACRC, ACRC shall relinquish, waive and/or release any and all liens (whether statutory or otherwise, including but not limited to any warehouseman's lien) on the records in storage at ACRC's facility and ACRC further releases any and all secured claims it may in AHM's bankruptcy case.

4.      AHM shall, in good faith, seek approval from the Bankruptcy Court to deposit the sum of One Million Dollars ($1,000,000.00) into an escrow account of AHM's selection for purposes of offsetting any document destruction and/or mass removal or relocation costs relating to the AHM documents in storage at the ACRC facility if for any reason AHM terminates its contemplated storage removal plan. During the period it operates under a storage removal plan, AHM will continue to pay ACRC the contract rates for such services provided under the contract including but not limited to, permanent termination of delivery of records. The only reduction from the escrow will be for the pro rata reduction in total cartons as set forth below. Any interest earned on the escrow shall be the property of AHM and may be withdrawn from the escrow account by AHM so that it maintains a balance of least $1,000,000.00. Any balance of the escrow account remaining after reasonable document destruction costs incurred by ACRC shall be the property of AHM or its bankruptcy estate. The escrow account amount is based on 115,000 storage cartons at the facility. The escrow account will be automatically adjusted downward as complete cartons are removed from the facility. For example, if the number of

cartons is reduced by 10%, the escrow amount is to be concurrently reduced by 10%.

5.   AHM shall, in good faith, seek approval from the Bankruptcy Court to pay to ACRC the sum of $200,000.00 on account of its prepetition claim of $276,000.00. ACRC agrees that this payment will go to ACRC's landlord unless ACRC's landlord agrees otherwise. In the event that ACRC receives compensation or payment from third parties for the release of it liens on any of the files stored for AHM for the benefit of such third parties by ACRC, ACRC agrees to refund up to $50,000.00 of the funds paid to ACRC by AHM hereunder. For instance, if a third party pays $100,000.00 to ACRC, ACRC shall remit $50,000.00 to AHM. For purposes of this paragraph, any amounts charged to such third parties and collected by ACRC that exceed the charges listed on Schedule "A" referenced herein, shall be deemed, for purposes of this paragraph only, to be on account of or in exchange for a release of ACRC's lien on such files.

6.   Upon establishment of the escrow account and the payment on account of ACRC's prepetition claim as described above, ACRC agrees to release, waive and otherwise discharge any potential contract rejection damages claim in the event AHM rejects the agreement pursuant to 11 U.S.C. § 365.

7.   AHM will agree to a modified billing/payment schedule under the Storage Agreement. AHM will commence an advance payment system. AHM has already advanced the sum of One Hundred Twenty Thousand Dollars ($120,000.00) to ACRC for October charges. ACRC will reach its own agreement with the landlord on how much of the dollars advanced, and any subsequent payments made by AHM, shall be paid to the landlord during the wind down period. The parties hereto fully expect the landlord to consent to receiving a share of the payments hereunder to go to current rent and then to arrears and that the landlord will forbear from asserting its rights in consideration for the payments to be made and for the certainty that AHM's files will either be removed within six (6) months of the date of this agreement or there will be the escrow created to offset some of the costs of destruction. Landlord consent and forbearance for the sixth (6) month period consistent with this paragraph shall be obtained by ACRC.

ACRC shall deduct from the advanced payment, on an on-going basis, the charges under the Storage Agreement. To the extent the advance payment is exhausted prior to the first business day of the following month, ACRC may request additional funds from AHM to cover services until the end of the then-current month. ACRC and AHM will agree to use their best efforts to agree upon an amount. If the parties cannot agree, AHM shall be required to pay any undisputed amount.

On November 1 and December 1, AHM advanced the sum of $100,000.00 to ACRC for purposes of ACRC deducting for services under the Storage Agreement. To the extent there are still funds remaining from the prior month, such remaining funds may be deducted by AHM from the funding requirement. The same replenishment system as described in Paragraph 7, above, shall apply.

8.   Nothing herein shall alter or impact the right of AHM to reject the Storage Agreement at a later time pursuant to section 365 of the Bankruptcy Code and ACRC expressly waives any such argument or objection. It is agreed, however, that the escrow account will survive any such rejection of the Storage Agreement to be used for its intended purpose only.

9.   The parties agree to work in good faith and use their best efforts to draft or agree to formal agreements/documents relating to this Term Sheet to the extent such documents/agreements are needed to effectuate its provisions. For example, the parties will use such best efforts to agree to a form of escrow agreement.

AGREED TO AND ACCEPTED SUBJECT TO BANKRUPTCY COURT APPROVAL:

AMERICAN HOME MORTGAGE CORP.

By: _____

Printed Name: __Alan Horn_____

Title: _Executive Vice President, General Counsel_____

Date: _December 13, 2007_____


AMERICAN CORPORATE RECORD CENTER, INC.

By: _____

Printed Name: _____

Title: _____

Date: _____

On November 1 and December 1, AHM advanced the sum of $100,000.00 to ACRC for purposes of ACRC deducting for services under the Storage Agreement. To the extent there are still funds remaining from the prior month, such remaining funds may be deducted by AHM from the funding requirement. The same replenishment system as described in Paragraph 7, above, shall apply.

8.  Nothing herein shall alter or impact the right of AHM to reject the Storage Agreement at a later time pursuant to section 365 of the Bankruptcy Code and ACRC expressly waives any such argument or objection. It is agreed, however, that the escrow account will survive any such rejection of the Storage Agreement to be used for its intended purpose only.

9.  The parties agree to work in good faith and use their best efforts to draft or agree to formal agreements/documents relating to this Term Sheet to the extent such documents/agreements are needed to effectuate its provisions. For example, the parties will use such best efforts to agree to a form of escrow agreement.

---

AGREED TO AND ACCEPTED SUBJECT TO BANKRUPTCY COURT APPROVAL:

AMERICAN HOME MORTGAGE CORP.

By:_____

Printed Name:_____

Title:_____

Date:_____


AMERICAN CORPORATE RECORD CENTER, INC.

By:_____ *President*

Printed Name: *CHRISTOPHER T. SHEA*

Title: *President*

Date: *12/12/07*

