# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| AMERICAN HOME MORTGAGE ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., *et al.*, ) | |
| ) | Ref. 2478 |
| Debtors. ) | (Jointly Administered) |
| ------------------------------------------X | |
| WALDNER'S BUSINESS ENVIRONMENTS ) | |
| INC., ) | |
| ) | |
| Plaintiff, ) | |
| -against- ) | Adv. Pro. No. 07-51697 (CSS) |
| ) | |
| AMERICAN HOME MORTGAGE CORP., ) | Ref. No. 7 |
| ) | |
| Defendant. ) | |
| ------------------------------------------X | |

### STIPULATION AND SETTLEMENT AGREEMENT BETWEEN
### DEBTOR AND WALDNER'S BUSINESS ENVIRONMENTS INC.

This stipulation and settlement agreement (the "Stipulation") is made effective as of the date hereof by and between Waldner's Business Environments Inc. ("the "Plaintiff" or "Waldner's")), a corporation organized and existing under the laws of the State of New York with an office for the transaction of business at 125 Route 110, Farmingdale, New York 11735 and American Home Mortgage Corp. (the "Defendant" or "Debtor"), a corporation organized and existing under the laws of the State of New York with an office for the transaction of business at 538 Broadhollow Road, Melville, New York 11747 (the Defendant along with the Plaintiff, the "Parties"), by and through their respective undersigned counsel.

::ODMA\PCDOCS\RMF_DOC\403259\3

WHEREAS, on August 6, 2007 (the "Petition Date"), the Debtor and certain affiliates filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*; and

WHEREAS, the Debtor continues in the management and operation of its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108; and

WHEREAS, on August 22, 2007, the Plaintiff filed a Complaint (the "Complaint") against Defendant alleging that the Plaintiff had reclamation right to certain goods consisting for the most part of furniture as more particularly described in the invoices annexed to the Complaint as Exhibit "A" (the "Reclaimed Goods"), for which Defendant agreed to pay the aggregate sum of $348,061.05; and

WHEREAS, on October 24, 2007, the Plaintiff filed a proof of claim (the "Proof of Claim") against the Defendant's estate for $348,061.05 and alleged that a portion thereof was entitled to administrative expense priority status pursuant to 11 U.S.C. § 503(b)(9) and that the entire amount was subject to Plaintiff's right of reclamation under 11 U.S.C. § 546(c)(1); and

WHEREAS, the Parties each claim to possess various rights and/or defenses with respect to the allegations contained in the Complaint; and

WHEREAS, the Defendant and the Plaintiff have engaged in negotiations in an attempt to settle and resolve the claims of each without the necessity of costly and time-consuming litigation between the Parties; and

WHEREAS, in view of the risks, uncertainties and costs associated with litigation, the Parties now wish to resolve the claims of each upon the following terms and conditions;

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Upon the Court's approval of this Stipulation pursuant to Fed. R. Bankr. P. 9019, Waldner's shall withdraw the Proof of Claim, with prejudice, and the Complaint shall be voluntarily dismissed, with prejudice.

2. Upon the Court's approval and execution of this Stipulation, the Debtor shall immediately surrender possession of the Reclaimed Goods to Waldner's and cooperate with Waldner's to identify same and allow Waldner's a reasonable amount of time (not to exceed ten (10) business days from the time Debtor's counsel faxes a copy of the order approving this Stipulation to each of Waldner's counsel at the fax numbers set forth below or by email) to retrieve and remove same from the Debtor's premises, at Waldner's sole cost and expense. It is expressly understood that the Reclaimed Goods in Debtor's possession were shown to Waldner's representative at Debtor's main office prior to entering into this Stipulation and such Reclaimed Goods were located in five (5) offices in the main office of Debtor. All references to "Reclaimed Goods" herein and hereinafter shall be deemed to expressly include this clarification and limitation of the Reclaimed Goods in Debtor's possession to be returned to Waldner's.

3. Upon execution of this Stipulation, the Debtor shall not tamper with, destroy, damage, disassemble, fabricate, transport, remove, transfer, sell, assign, pledge, or otherwise dispose of the Reclaimed Goods. The terms of this paragraph "3" shall survive until such time that the Bankruptcy Court may authorize otherwise.

4. Upon approval by the Bankruptcy Court of this Stipulation, this Stipulation shall supersede any and all other agreements between the Parties.

5. This Stipulation, when approved by the Bankruptcy Court, shall constitute full satisfaction, discharge, and release of the Parties hereto and their respective representatives, agents, successors, and assigns as against each other, from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants (including, but not limited to, restrictive employment covenants), contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity against each other, which the other party ever had, now has, or hereafter can, shall, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever, from the beginning of the world to the date hereof. Notwithstanding the foregoing, nothing herein shall prevent or prohibit the Parties from pursuing their rights under this Stipulation.

6. This Stipulation may be signed in counterparts and by facsimile, with each signed counterpart being deemed a part of the original document.

7. This Stipulation may not be modified, altered, or amended except by a writing signed by or on behalf of the Parties and shall be binding on any Trustee appointed in this Chapter 11 case or subsequently in a Chapter 7 case.

8. This Stipulation is subject to the approval of the Bankruptcy Court under Fed. R. Bank. P. 9019. In the event the Bankruptcy Court does not approve this Stipulation, then the provisions of this Stipulation shall be deemed null and void and of no force or effect. Unless expressly stated herein, nothing contained in this Stipulation shall constitute an admission by any party hereto with respect to any fact, issue or matter.

9. Each of the signatories expressly warrant that they are authorized to execute this Stipulation on behalf of their respective clients, that each has the full authority and legal power to do so, and that each relies on the representations of the other contained herein.

10. This Stipulation shall be binding upon and inure to the benefit of each of the Parties and upon their respective assignees, successors, and partners.

11. It is specifically understood that this Stipulation must be approved by the Bankruptcy Court and, further, the Debtor agrees to expeditiously seek such approval as soon as reasonably practicable.

12. All disputes regarding this Stipulation shall be decided by the Bankruptcy Court.

13. Each party shall execute such instruments and documents and perform such acts as may be necessary to consummate the transactions contemplated herein.

Dated: Uniondale, New York
December 19, 2007

RUSKIN MOSCOU FALTISCHEK, P.C.
Attorney for Waldner's Business Environments Inc.

By: _____
Harold S. Berzow (HB-8261)
Matthew V. Spero (MS-3991)
East Tower, 15th Floor
1425 RexCorp Plaza
Uniondale, NY 11556-0190
Ph (516) 663-6604
Fax (516) 663-6804

and

Dated: Wilmington, Delaware
      December 19, 2007

SAUL EWING LLP
Co-Attorneys for Waldner's Business Environments, Inc.

By: _____
Patrick J. Reilley (No. 4451)
222 Delaware Avenue, Suite 1200
Wilmington, DE 19899
Ph (302) 421-6885
Fax (302) 421-5887

Dated: Wilmington, Delaware
      December 20, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Attorneys for American Home Mortgage Corp.

By: _____ (No. 4460)
Curtis J. Crowther (No. 3238)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6755