# EXHIBIT B

## Declaration in Support of Retention

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

In re:                                     : Chapter 11
                                           :
AMERICAN HOME MORTGAGE HOLDINGS,           : Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]   :
                                           : Jointly Administered
Debtors.                                   :
                                           :
---------------------------------------------------------------- x

## DECLARATION OF CHRISTINA M. GATTUSO
## IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(a), 328(a) AND 330(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a) FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MULDOON MURPHY & AGUGGIA LLP AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO DECEMBER 15, 2007

Christina M. Gattuso, hereby declares, under penalty of perjury:

1.      I am a member of the firm of Muldoon Murphy & Aguggia LLP ("Muldoon" or the "Firm"), a law firm with offices at 5101 Wisconsin Avenue, NW, Suite 500 Washington, DC 20016.

2.      I submit this declaration in connection with the application of American Home Mortgage Holdings, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, "AHM" or the "Debtors") to employ and retain Muldoon, *nunc pro tunc* to December 15, 2007, as Special Counsel to the Debtors ("Special Counsel") in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

connection with their sale of American Home Bank (the "Application")[2], at its normal hourly rates in effect from time to time, and in accordance with its normal reimbursement policies, pursuant to section 327(a) of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and to provide the disclosure required under Rules 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein. I will supplement this declaration if additional information becomes available during the pendency of these cases concerning any relationship between the creditors or interest holders of the Debtors and Muldoon.

## MULDOON'S PRE-PETITION RELATIONSHIP WITH THE DEBTORS

3.    Muldoon has not previously represented the Debtors and is not a creditor or equity holder of the Debtors. Muldoon has not received any retainer from the Debtors.

## MULDOON'S DISCLOSURE PROCEDURES

4.    Muldoon, which employs approximately 28 attorneys, has a large and complex legal practice that encompasses the representation of select financial institutions and commercial corporations, some of which are or may consider themselves to be creditors, equity holders, or other parties in interest in the Debtors' pending chapter 11 cases, or otherwise to have interests in these cases.

5.    In preparing this declaration, I used a set of procedures developed by Muldoon to comply with ethical constraints, including the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") regarding the retention

---

[2] All terms not otherwise defined herein shall be given the meanings ascribed to them in the Application.

of professionals by debtors and statutory committees under the Bankruptcy Code (the "<u>Muldoon</u> <u>Disclosure Procedures</u>"). Pursuant to the Muldoon Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this declaration and to ascertain Muldoon's connection to such parties:

(a)    Based on the best information currently available, a list of the Debtors' forty (40) largest unsecured creditors as reflected in the Debtors' bankruptcy petitions and related filings, together with a list of its current executive officers and directors, holders of 5% or more of the Debtors' voting securities, and other potentially material adverse parties in interest as of the Petition Date was developed through discussions with senior management of the Debtors and Debtors' counsel (the "<u>Potential Party List</u>"). To the best of my knowledge, the Potential Party List is the most comprehensive of potential claimants against or interest holders in the Debtors currently available. The Debtors may supplement the list and Muldoon will supplement its disclosures herein at the time of such supplements as may be necessary.

(b)    Muldoon maintains a database containing the name of each current and former client, the name of the parties who are or were related or adverse to such current or former client, and the names of the Muldoon personnel who are or were responsible for current or former matters for such client (the "<u>Database</u>"). Muldoon maintains the Database to include additional entities that become related to current and former clients.

(c)    Muldoon compared the names included in the Potential Party List to the names in the Database to identify any matches, determine whether such matches are current or former clients and identify the Muldoon personnel responsible for such matters (the "<u>Client Match List</u>").

(d)     Using information in the Database and by making specific inquiries of Muldoon personnel, I verified that Muldoon did not represent any entity on the Client Match List in connection with the Debtors or these chapter 11 cases. An attorney under my supervision and I then reviewed the Client Match List and deleted obvious name coincidences. The remaining client connections were compiled for purposes of preparing this declaration.

## MULDOON'S CONNECTIONS WITH PARTIES IN INTEREST IN MATTERS UNRELATED TO THESE CHAPTER 11 CASES

6.     Muldoon is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Muldoon, its partners, counsel and associates: (a) are not creditors, equity security holders or insiders of the Debtors; (b) are not and were not, within two (2) years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors; and (c) does not have an interest materially adverse to the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in any of the Debtors, or for any other reason, except as otherwise stated herein.

7.     Following the foregoing procedures, entities in the Client Match List in which Muldoon had represented the client in the last three years were reviewed by me or an attorney working under my supervision and from such review it was determined that, in respect of each connection between Muldoon and such parties, Muldoon does not hold or represent an interest that is adverse to the Debtors' estates, except as otherwise stated herein.

8.     To the best of my knowledge and information, the annual fees paid in the past three years to Muldoon by any one of the parties on the Potential Party List did not exceed 1% (one percent) of Muldoon's annual gross revenue for such year.

4

9.      From the Potential Party List, Muldoon currently represents Wilmington Trust Company in connection with providing advice on captive insurance companies and matters related thereto, which are wholly unrelated to the Debtors' and these chapter 11 cases.

10.     Muldoon has not, does not, and will not represent any entity or any respective affiliates or subsidiaries thereof, in matters directly related to the Debtors or their chapter 11 cases or in other matters directly adverse to the Debtors during the pendency of these chapter 11 cases. Muldoon may in the future represent entities that are claimants of, or interest holders in, the Debtors in matters totally unrelated to the Debtors.

11.     As a matter of retention and disclosure policy, Muldoon will continue to apply the Muldoon Disclosure Procedures as additional information concerning entities having a material connection to the Debtors is developed and will file appropriate supplemental disclosures with this Court, if necessary.

12.     Muldoon will work with the Debtors' other counsel to coordinate tasks in matters where any particular firm cannot be adverse to opposing parties and to otherwise ensure there is no duplication of effort.

## MULDOON'S RATES AND BILLING PRACTICES

13.     Subject to Court approval under section 330(a) of the Bankruptcy Code, compensation will be payable to Muldoon on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. As is the case with respect to rates charged in non-bankruptcy matters of this type, Muldoon's rates are subject to periodic adjustment to reflect economic and other conditions. Currently, hourly rates of attorneys at Muldoon range from $215 to $495. The hourly rates charged for Muldoon's paralegals range from $160 to $180. Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by the Firm from time to time.

5

14.    The hourly rates of the primary attorneys from Muldoon assigned to this matter are as follows:

- Paul M. Aguggia          $495
- Christina M. Gattuso      $415
- Kelli Provenzano          $215

15.    Muldoon's disbursement policies pass through all out-of-pocket expenses at actual cost, or at estimated actual cost when the actual cost is difficult to determine. These expenses include facsimiles, toll calls, overtime meals, computerized research, deliveries, court costs, transcript fees, travel, clerk fees, certain secretarial and other overtime expenses, and other expenses.

16.    No promises have been received by Muldoon or any member, counsel, or associate thereof as to payment or compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. Muldoon has no agreement with any other entity to share with such entity any compensation received by Muldoon or by any such entity.

17.    The Debtors' Application requests approval of its retention of Muldoon as Special Counsel on rates, terms and conditions consistent with what Muldoon charges non-title 11 debtors, namely, prompt payment of its hourly rates as adjusted from time to time and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable. Subject to these terms and conditions, and consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, Muldoon intends to apply for compensation for professional services rendered in these

6

chapter 11 cases at its customary hourly rates and for reimbursement of expenses incurred in connection therewith.

18.    The foregoing constitutes the statement of Muldoon pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

19.    I certify that the foregoing statements are true and correct to the best of my knowledge information and belief.

Washington, DC

December 28, 2007

Christina M. Gattuso
A Member of the Firm

7