UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation *et al.,* [1] | : | |
| | : | Case Number 07-11047 (CSS) |
| Debtors. | | (Jointly Administered) |
| | : | |

Hearing Date: January 14, 2008 at 2:00 P.M.

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE MOTION OF THE DEBTORS FOR AN ORDER: (I) APPROVING SALE PROCEDURES, (II) APPROVING PAYMENT OF EXPENSE REIMBURSEMENT; (III) SCHEDULING A HEARING TO CONSIDER SALE OF CERTAIN NON-PERFORMING LOANS; (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (V) GRANTING RELATED RELIEF**
<u>**(DOCKET ENTRY # 2490)**</u>

In support of her objection to the motion of the Debtors for an order: (i) approving sale procedures, (ii) approving payment of expense reimbursement; (iii) scheduling a hearing to consider the sale of certain non-performing loans; (iv) approving the form and manner of notice thereof; and (v) granting related relief (the "Motion"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: AHM Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

1

**INTRODUCTION**

1.  Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion.

2.  Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  See <u>United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)</u>, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); <u>Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)</u>, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.  Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this objection.

**GROUNDS/BASIS FOR RELIEF**

4.  The U.S. Trustee objects to the Motion on the following grounds:

(a.)  On Thursday, January 10, the U.S. Trustee was informed by counsel to the Debtors that the Debtors, after consulting with Bank of America, N.A. in its capacity as Administrative Agent, J.P. Morgan Chase Bank, N.A., and the Official Committee of Unsecured Creditors (the "Committee"), have elected to abandon the open auction process described in the motion in favor of a "sealed bid" process.  Putting the merits of the amended sale procedures aside, notice of the Debtors' revised procedures should be given to parties in interest and a new objection deadline should be established, given that the relief presently requested is materially different than the relief sought in the Motion.

(b.)    Notwithstanding the move to a "sealed bid" process, the Debtors continue to seek authority to award an expense reimbursement to select bidders. Interested bidders will deliver their "indicative" bids to the Debtors and, two days after the indicative bid deadline, the Debtors (with the prior written consent of the banks, and after consultation with the Committee), may award an expense reimbursement of up to $150 per loan for one bid in each of the three loan pools, provided that the expense reimbursement does not exceed 1% of the bid. The Debtors' proposal is materially different than the typical situation where a debtor in possession negotiates the terms of an asset purchase agreement with a "stalking horse" bidder and seeks bid protections to draw other bidders to an open auction process. Under the procedures described in the Motion and the Debtors' revisions thereto, it is unclear how the protected bid(s) will attract other bids or induce qualified bidders to put their best foot forward. Accordingly, the U.S. Trustee leaves the Debtors to their burden to establish that the proposed expense reimbursement will benefit the Debtors' estates. See Calpine Corp. v. O'Brien Environmental Energy, Inc. (In re O'Brien Environmental Energy, Inc.), 181 F.3d 527 (3d Cir. 1999).

**[Continued on next page – space intentionally left blank]**

**CONCLUSION**

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Motion or granting other relief consistent with this objection.

        Respectfully submitted,

        **KELLY BEAUDIN STAPLETON**
        **UNITED STATES TRUSTEE**


**BY:**  /s/ Joseph J. McMahon, Jr.
      Joseph J. McMahon, Jr., Esquire (# 4819)
      Trial Attorney
      United States Department of Justice
      Office of the United States Trustee
      J. Caleb Boggs Federal Building
      844 King Street, Room 2207, Lockbox 35
      Wilmington, DE  19801
      (302) 573-6491
      (302) 573-6497 (Fax)

Date:  January 11, 2008