IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-11047-CSS, et seq.<br><br>**Objections due by: January 25, 2008, 4:00 p.m.**<br>**Hearing Date: February 1, 2008 at 11:00 a.m.** |

### MOTION OF ALPINE LUMBER CO. FOR RELIEF FROM AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

Alpine Lumber Co. ("Movant"), by its undersigned counsel, files this motion for relief from the automatic stay to exercise its non-bankruptcy rights with respect to the parcel of real property located at Lot 28, Belmont Farms, Phase One, County of Weld, State of Colorado (the "Property"), and in support hereof states as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. §§ 362 and 105.

2. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc. and certain of its affiliates (the "Debtors") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Since the Petition Date, the Debtors have managed their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. At all relevant times, Justin D. Grow and Penn P. Grow have been the owners of the Property.

4. Before the Petition Date, Movant furnished lumber and building materials reasonably valued in the amount of $2,431.56, which lumber and building materials were

ordered by Plural Advantage Corporation d/b/a Front Range Enterprise for incorporation in the construction of improvements upon the Property.

5. Under the laws of the State of Colorado, Movant asserts that it and various other vendors are entitled to impose and/or enforce mechanic's liens or similar statutory liens on the Property on account of goods or services furnished but not paid for.

6. Review of the title to the Properties shows that one or more of the Debtors may hold a mortgage on the Property.

7. Movant does not know whether the Property, including but not limited to Movant's interest in the Property, is properly insured. Therefore, Movant's interest in the Property is not adequately protected.

8. Movant does not know whether the owners of the Property are properly maintaining the physical premises of the Property. Therefore, Movant's interest in the Property is not adequately protected.

9. A continued stay of Movant's action against the Property will cause Movant significant prejudice.

10. Various parties are participating in the litigation to determine the validity and amount of Movant's lien claims against the Property. Thus, even if Movant is granted relief from the automatic stay, this relief will be inadequate unless all parties asserting liens, claims, or encumbrances against the Property are granted similar relief.

11. Therefore, cause exists to terminate the automatic stay to permit Movant and all other parties asserting liens, claims, or encumbrances against the Property to exercise its non-bankruptcy rights and remedies with respect to the Mortgages pursuant to § 362(d)(1) of the Bankruptcy Code.

12. Movant believes that this motion will be unopposed or granted upon consensual terms. A stay of any order granting this motion would, in such instance, be inappropriate. Therefore, Movant is seeking relief from the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

13. Copies of this motion and notice hereof have been served upon the Debtor, counsel for the Debtor, counsel for the Committee, counsel for the United States Trustee, and counsel for Mortgage Electronic Registration Systems. In light of the extremely high volume of similar motions being filed in this case and the fact that the parties most likely to seek a position with respect to this motion are receiving notice, Movant believes that limiting notice to these parties is appropriate and requests that the Court consider the merits of this motion accordingly.

WHEREFORE, for the foregoing reasons, Movant respectfully requests that this Court enter an Order terminating the automatic stay and allowing Movant and all other parties asserting liens, claims, or encumbrances against the Property to seek a determination of, and enforce as applicable, their non-bankruptcy rights and remedies against the Property, and granting such other and further relief as this court deems just and proper.

Dated: January 11, 2008         Respectfully submitted,
       Wilmington, Delaware
                                DRAPER & GOLDBERG, PLLC


                                 /s/ **Adam Hiller**
                                Adam Hiller (DE No. 4105)
                                1500 North French Street, 2nd Floor
                                Wilmington, Delaware 19801
                                (302) 339-8776 telephone
                                (302) 213-0043 facsimile

                                and

Thomas D.H. Barnett (DE No. 994)
Draper & Goldberg, PLLC
P.O. Box 947
512 East Market Street
Georgetown, Delaware 19947

*Attorneys for Movant*