# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :  Chapter 11
                                                             :
AMERICAN HOME MORTGAGE                                       :  Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]           :
                                                             :  Jointly Administered
                        Debtors.                             :
                                                             :  Ref Docket Nos.: 220, 390 & 843
------------------------------------------------------------ x

## STIPULATION REGARDING, INTER ALIA, LEASE REJECTION, SURRENDER OF PREMISES AND ABANDONMENT OF PROPERTY (1601 TRAPELO ROAD, WALTHAM, MASSACHUSETTS)

This Stipulation Regarding, Inter Alia, Lease Rejection, Surrender of Premises and Abandonment of Property (the "Stipulation") is entered into by and between American Home Mortgage Holdings, Inc. (the "Debtor") and its affiliated debtors and debtors in possession (collectively, the "Debtors") and Boston Properties Limited Partnership (the "Landlord"), and is based on the following facts:

### A.    The Chapter 11 Cases

1.    The Debtors commenced the above-captioned chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") on August 6, 2007 (the "Petition Date"). The Debtors continue to operate its business and manage its affairs as a debtor in possession pursuant to section 1107 and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

1

DB02:6278342.3                                                                                    066585.1001

**B.     The Lease**

2.     The Debtor and the Landlord are parties to an Indenture of Lease, dated May 10, 2001 (as amended, the "Lease") pursuant to which the Debtor leased approximately 11,123 rentable square feet of non-residential real property in the building known as Reservoir Place II, 1601 Trapelo Road, Waltham, Massachusetts (the "Premises") from Landlord. The monthly rent payment under the Lease is $28,771.10. As security for its obligations under the Lease, the Debtor provided a cash security deposit in the amount of $49,937.26. The Lease has an expiration date of March 31, 2008.

**C.     The Rejection Motion, the Landlord's Objection and Rejection Order**

3.     On or about August 17, 2007, the Debtors filed the Debtors' First Motion for an Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Unexpired Leases and to Abandon Certain Furniture, Fixtures and Equipment (D.I. 220) (the "Motion"). In the Motion, the Debtors sought, among other things, the authority to reject the Lease as of August 31, 2007 and the authority to abandon certain furniture, fixtures and equipment (the "FF&E") on the subject premises.

4.     On August 27, 2007, the Landlord filed the Limited Objection of Boston Properties Limited Partnership to Debtors' First Motion for an Order, Pursuant to Section s 105, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Unexpired Leases and to Abandon Certain Furniture, Fixtures, and Equipment (the "Limited Objection") (D.I. 390). In the Limited Objection, the Landlord contended, among other things, that the Debtor should be required to remove the FF&E from the Premises before the effective date or rejection of the Lease, and that the Landlord was entitled to

2

relief under Sections 365 and 503 of the Bankruptcy Code until that time.

5. After the Landlord filed the Limited Objection, the Debtor and the Landlord engaged in discussions regarding a resolution of the Limited Objection and have reached the agreement set forth herein.

6. On September 20, 2007, the Court entered an Order authorizing and approving the Debtors' rejection of the Lease, effective as of August 31, 2007 (the "Effective Date of Rejection") (D.I. 843).

7. On September 21, 2007, the remaining FF&E was removed from the Premises.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

A. The Debtor shall pay to Landlord pro rata rent under the Lease, in the amount of $20,139.77, for the twenty-one (21) days in September, 2007 between the Effective Date of Rejection and the date upon which the FF&E were removed from the Premises, and shall pay such amount by check within ten business days of the entry of an order approving this Stipulation to the undersigned counsel for the Landlord (the "Pro Rata Rent Payment").

B. Upon payment of Pro Rata Rent Payment, the Landlord hereby releases and forever discharges the Debtors of and from any and all claims related to the Lease that may be asserted as administrative claims pursuant to sections 365 or 503 of the Bankruptcy Code.

C. Section 362 of the Bankruptcy Code shall be modified solely to permit the Landlord (i) to exercise its right to terminate the Lease effective as of the date of the entry of an order approving this Stipulation, and (ii) to apply the Security Deposit to the Debtor's damages for rejection/breach of the Lease.

D. The Landlord shall be entitled to file a proof of claim for damages arising out of the rejection of the Lease on or before January 11, 2008 and in accordance with the Order

Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Docket No. 1708], and the Debtor shall be entitled to file an objection to or otherwise contest the validity, amount or priority of any such claim on any and all bases.

      E.      The Debtors shall submit this Stipulation to the Bankruptcy Court for approval and the parties shall in good faith seek to obtain approval of the Stipulation by the Bankruptcy Court in a timely fashion.

      F.      This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**[SIGNATURE PAGE FOLLOWS]**

Dated: ~~December~~ January 10, 2007
Wilmington, Delaware

_____
James L. Patton, Jr., Esquire (No. 2202)
Pauline K. Morgan, Esquire (No. 3650)
Sean M. Beach, Esquire (No. 4070)
Matthew B. Lunn, Esquire (No. 4119)
Young Conaway Stargatt & Taylor, LLP
100 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

Dated: December 28, 2007
Wilmington, Delaware

_____
William J. Burnett, Esquire (ID No. 4078)
Flaster/Greenberg P.C.
913 Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 351-1910

-and-

J. David Folds, Esquire
DLA Piper US LLP
500 8th Street NW
Washington, D.C. 20015
Telephone: (202) 799-4537

ATTORNEY FOR BOSTON PROPERTIES LIMITED PARTNERSHIP