## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11
In re:                                                          :
                                                                : Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                          :
HOLDINGS, INC., a Delaware corporation, et al.,[1]              : Jointly Administered
                                                                :
                           Debtors.                              : Ref. Docket No. _____
                                                                :
---------------------------------------------------------------- x

### ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN DELOITTE TAX LLP AS TAX SERVICES PROVIDERS, *NUNC PRO TUNC* AS OF JANUARY 14, 2008

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to sections 327(a) and 330 of the Bankruptcy Code, authorizing the Debtors to retain and employ Deloitte Tax as their tax services providers in these chapter 11 cases *nunc pro tunc* to January 14, 2008; and upon consideration of the Application and all pleadings related thereto, including the Niemiec Declaration; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134 and (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that Deloitte Tax neither holds nor represents

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

any interest adverse to the Debtors or their estates; and it further appearing that Deloitte Tax is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and the Court being satisfied that the employment and retention of Deloitte Tax is in the best interests of the Debtors, their estates and their creditors; and due and proper notice of the Application having been given; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing thereof, it is hereby:

ORDERED, that the Application is GRANTED; and it is further

ORDERED, that the Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, to retain Deloitte Tax as their tax services providers on the terms and conditions set forth in the Application and the Engagement Letter, *nunc pro tunc* as of January 14, 2008; and it is further

ORDERED, that Deloitte Tax shall be compensated for its services and reimbursed for any related expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders or procedures of the Court; and it is further

ORDERED, that the indemnification provisions of the Engagement Letter, including, without limitation, the language found in paragraph 15 on page 13 of the Engagement Letter, are modified as follows:

   a) Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, Deloitte Tax, in accordance with the Engagement Letter, for any claim arising from, related to or in connection with their performance of the tax services described in the Engagement Letter;

   b) Deloitte Tax shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services other than the tax services provided under the Engagement Letter, unless such services and

the indemnification, contribution, or reimbursement therefore are approved by this Court;

c) Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person, or provide contribution, or reimbursement to any person, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from that person's gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to that person's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by the proposed order on this Application; and

d) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Deloitte Tax believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by the proposed order on this Application), including without limitation the advancement of defense costs, Deloitte Tax must file an application before this Court, and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify Deloitte Tax;

and it is further

ORDERED, that if any subsequent work orders are entered into between the Debtors and Deloitte Tax during these cases, such work orders shall be filed with this Court; and it is further;

ORDERED, that to the extent this Order is inconsistent with the Engagement Letter, the terms of this Order shall govern; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

Dated: Wilmington, Delaware
       February ____, 2008

                                                                  Christopher S. Sontchi
                                                                  United States Bankruptcy Judge