**EXHIBIT A**

NYI-4054913v2
DB02:6494827.2

066585.1001

FIFTH AMENDMENT
TO ASSET PURCHASE AGREEMENT

This Fifth Amendment to Asset Purchase Agreement dated as of January __, 2008 (this "Fifth Amendment"), is entered into by and among AH Mortgage Acquisition Co., Inc., a Delaware corporation ("Purchaser"), American Home Mortgage Investment Corp., a Maryland corporation, as a debtor and debtor-in-possession ("Parent"), American Home Mortgage Corp., a New York corporation, as a debtor and debtor-in-possession, and American Home Mortgage Servicing, Inc, a Maryland corporation, as a debtor and debtor-in-possession (the "Company" and together with American Home Mortgage Corp. and Parent, the "Sellers").

WHEREAS, Purchaser and Sellers are parties to that certain Asset Purchase Agreement, dated as of September 25, 2007, as amended by that certain First Amendment to Asset Purchase Agreement, dated as of November 1, 2007, that certain Second Amendment to Asset Purchase Agreement, dated as of November 6, 2007, that certain Third Amendment to Asset Purchase Agreement dated as of November 16, 2007, and that certain Fourth Amendment to Asset Purchase Agreement dated as of January 7, 2008 (the "Agreement");

WHEREAS, Section 11.4 of the Agreement permits amendment of the Agreement by a written instrument signed by all of the parties to the Agreement with the prior written consent of the Administrative Agent (as defined in the Agreement) and with prior consultation with the official committee of unsecured creditors (the "Committee") appointed in the Bankruptcy Cases (as defined in the Agreement); and

WHEREAS, the parties to the Agreement desire to amend certain provisions of the Agreement pursuant to this Fifth Amendment in order to clarify the assets that will be acquired on the Final Closing Date by Purchaser.

NOW, THEREFORE, in consideration of the foregoing and the mutual representations, warranties, covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound hereby, agree as follows:

Section 1.    Definitions. Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Agreement.

Section 2.    Assignment and Assumption of Employment Agreement. The Company shall enter into an employment agreement with David Friedman (the "Friedman Agreement") in substantially the form attached hereto as Exhibit A. For purposes of Sections 2.7(b), 6.2(a)-(c), 6.3, 6.5, 6.7, 6.9, 6.14(b) and 6.14(d) of the Agreement, the Friedman Agreement shall be deemed to be a part of the Business, and to be a Purchased Asset and an Assumed Contract. In addition, for purposes of Sections 2.5 and 2.7(b) of the Agreement, Liabilities incurred by the Company under the Friedman Agreement in accordance with Sections 6.1 and 6.2 of the Agreement shall be deemed Assumed Liabilities.

Section 3.    Consent; Consultation. Sellers jointly and severally represent and warrant to Purchaser that Sellers have obtained the prior written consent of the Administrative Agent to

enter into this Fifth Amendment and have consulted with the Committee prior to entering into this Fifth Amendment.

Section 4.    Amendment.    This Fifth Amendment may be amended, modified and supplemented only by a written instrument signed by all of the parties hereto expressly stating that such instrument is intended to amend, modify or supplement this Fifth Amendment. Sellers shall not agree to amend, modify or supplement this Fifth Amendment, or waive any provision of this Fifth Amendment without the prior written consent of the Administrative Agent and without prior consultation with the official committee of unsecured creditors appointed in the Bankruptcy Cases.

Section 5.    Counterparts.    This Fifth Amendment may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when two or more counterparts have been signed by each of the parties and delivered to the other parties. Copies of executed counterparts transmitted by telecopy or other electronic transmission service shall be considered original executed counterparts, provided receipt of such counterparts is confirmed.

Section 6.    Entire Agreement; No Third Party Beneficiaries.    The Agreement as amended by this Fifth Amendment (a) constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, among the parties with respect to the subject matter hereof and thereof, except for the Confidentiality Agreement, which shall remain in full force and effect until the Initial Closing Date, and (b) is not intended to confer any rights or remedies upon any Person other than the parties hereto and thereto, including without limitation any Business Employee or Transferred Employee.

Section 7.    Governing Law.    THIS FIFTH AMENDMENT SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH (A) THE INTERNAL LAWS OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO RULES GOVERNING THE CONFLICT OF LAWS AND, (B) TO THE EXTENT APPLICABLE, THE BANKRUPTCY CODE.

**[SIGNATURES ON FOLLOWING PAGE]**

IN WITNESS WHEREOF, Purchaser and Sellers have executed this Fifth Amendment or caused this Fifth Amendment to be executed by their respective officers thereunto duly authorized as of the date first written above.

        AH MORTGAGE ACQUISITION CO., INC.,
           as Purchaser

By: _____
      Name:
      Title:

AMERICAN HOME MORTGAGE
    INVESTMENT CORP.,
    as Seller and Debtor and Debtor-in-Possession

By: _____
      Name:
      Title:

AMERICAN HOME MORTGAGE CORP,
    as Seller and Debtor and Debtor-in-
    Possession

By: _____
      Name:
      Title:

AMERICAN HOME MORTGAGE
    SERVICING, INC.,
    as Seller and Debtor and Debtor-in-Possession

By: _____
      Name:
      Title:

Exhibit A

Friedman Agreement

DLI-6165769v1
DB02:6499434.1

066585.1001