## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) <br> ) <br> AMERICAN HOME MORTGAGE ) <br> HOLDINGS, INC., a Delaware Corp., et al., ) <br> ) <br> Debtors. ) <br> ) <br> ) <br> _____) | Chapter 11 <br><br> Case No. 07-11047 (CSS) <br> Jointly Administered <br><br> **Objection Deadline: Feb. 4, 2008, 4:00 p.m.** <br> **Hearing Date: Feb. 14, 2008, 11:00 a.m.** |

## MOTION OF FIDELITY AND DEPOSIT COMPANY OF MARYLAND, ITS AFFILIATES, PARENTS AND SUBSIDIARIES, INCLUDING, BUT NOT LIMITED TO, ZURICH AMERICAN INSURANCE COMPANY, FOR RELIEF FROM THE AUTOMATIC STAY

Fidelity and Deposit Company of Maryland, its affiliates, parents and subsidiaries, including, but not limited to, Zurich American Insurance Company (together, "F&D"), by and through undersigned counsel, Eckert Seamans Cherin & Mellott, LLC, respectfully submits the following Motion for Relief From the Automatic Stay (the "Motion"):

### I. JURISDICTION AND VENUE

1. The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (G) and (O).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. FACTUAL AND PROCEDURAL BACKGROUND

3. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc., and a number of its affiliates (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors'

bankruptcy cases are being jointly administered pursuant to an Order of this Court entered August 7, 2007.

4.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5.  On August 14, 2007, an Official Committee of Unsecured Creditors was appointed pursuant to § 1102 of the Bankruptcy Code.

6.  Prior to the Petition Date, one of the Debtors, American Home Mortgage Investment Corp. ("AHMI"), entered into a Financial Institution Select Bond agreement with F&D at Bond Number FIB 0006145-03 (the "Banker's Bond")[1]. The effective date of the Banker's Bond was May 5, 2007, and the expiration date is May 5, 2008.

7.  On or about July 26, 2007 AHMI added a Joint Insured Varying Deductible Rider, Rider Number U-FIB-1008-B (the "Rider"), to the Banker's Bond.

8.  While AHMI, as first-named insured, is solely responsible for payment of the additional premium due in consideration for the Rider (the "Rider Premium"), the Rider does not benefit AHMI or any of the Debtors, but has the sole purpose of lowering certain deductibles under the Banker's Bond for a joint insured, non-debtor, American Home Bank.[2]

9.  The Rider Premium is $25,000, which was due post-petition, but has not been paid by AHMI to date.

---

[1] A "banker's bond" is an insurance policy purchased by a financial institution that insures against loss of cash due to, *inter alia*, theft and certain frauds. Certain of the Debtors are also parties to traditional bond agreements with F&D. As the Banker's Bond is distinct from any other agreement the Debtors may have with F&D, nothing in this Motion is intended to be, or may be construed as, a waiver of any rights that F&D may have under any agreement that may exist between it and the Debtors.

[2] Specifically, the Rider lowers American Home Bank's deductible under certain provisions of the Banker's Bond from $500,000 to $50,000.

10. Accordingly, American Home Bank, a non-debtor, is benefitting from a Rider for which the Rider Premium has not been paid to F&D.

11. As the Rider Premium remains unpaid, and the Rider does not benefit any of the Debtors, but only benefits a non-debtor, F&D respectfully moves for relief from stay to cancel the Rider.[3]

### III. BASIS FOR RELIEF

**Relief from the Automatic Stay**

12. Relief from the automatic stay is permitted under 11 U.S.C. § 362(d), which states, in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay --
>
> > (1) for cause, including lack of adequate protection of an interest in property of such party in interest; or
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if --
> >
> > > (A) the debtor does not have an equity interest in such property, and
> > >
> > > (B) such property is not necessary to an effective reorganization . . . .

11 U.S.C. § 362(d).

13. F&D should be granted relief from stay for cause under 11 U.S.C. § 362(d)(1).

14. Specifically, "Lack of adequate protection is the most common basis for finding cause to grant relief [from the automatic stay]." 3 Collier on Bankruptcy 362.07[b] (15th Ed. Revised).

---

[3] Cancellation of the Rider will result in no amount of Rider Premium being due to F&D.

15. To date, AHMI has failed to pay any portion of the Rider Premium or provide adequate protection that the Rider Premium will be paid. AHMI's failure to pay the Rider Premium, while F&D continues to provide benefits under the Rider, supports a showing of cause under § 362(d)(1).

16. Moreover, the beneficiary of the Rider, American Home Bank, is a non-debtor. Automatic stay provision are not available and do not inure to the benefit of non-debtors. *Matter of GEC Industries, Inc.*, 116 B.R. 932 (Bankr. D. Del. 1990).

17. In addition, F&D should be granted relief from the stay under § 362(d)(2) because the Rider constitutes property in which the AHMI has no equity and which is not necessary to an effective reorganization.

18. Specifically, AHMI has no equity in the Rider because (A) AHMI has not paid any of the Rider Premium, and (B) the Rider is solely for the benefit of a non-debtor, American Home Bank. The Rider is not necessary to an effective reorganization because the beneficiary of the Rider is not one of the Debtors.

19. Notably, F & D, by the relief requested, does not seek to cancel the Banker's Bond in its entirety, but rather restore the Banker's Bond to its original terms, prior to the entry of the Ride and prior to incurring the Rider Premium obligations.

WHEREFORE, F&D respectfully prays that this Court enter an Order modifying the automatic stay so that F&D may cancel the Rider.

Dated: January 15, 2008

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

By: /s/ Ronald S. Gellert
Ronald S. Gellert, Esq. (DE # 4259)
Brya M. Keilson, Esq. (DE # 4643)
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
(302) 425-0430
(302) 425-0432 (Facsimile)

and

Karen Lee Turner, Esq.
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two Liberty Place
50 S. 16th Street, 22nd Floor
Philadelphia, PA 19102
(215) 851-8400
(215) 851-8383

*Attorneys for Fidelity and Deposit Company of Maryland, its affiliates, parents and subsidiaries, including, but not limited to Zurich American Insurance Company*