## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
In re:                                                  :   Chapter 11
                                                        :
AMERICAN HOME MORTGAGE HOLDINGS,                        :   Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,¹                  :
                                                        :   Jointly Administered
                                                        :
        Debtors.                                        :   Objection Deadline: February 5, 2008 at 4:00 p.m. (ET)
------------------------------------------------------- x
```

### NOTICE OF FILING OF SETTLEMENT AGREEMENTS PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019

TO:    (I) THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (II) COUNSEL TO THE COMMITTEE; (III) COUNSEL TO THE DEBTORS' POSTPETITION LENDER; AND (IV) ALL PARTIES ENTITLED TO NOTICE UNDER DEL. BANKR. LR 2002-1(B)

**PLEASE TAKE NOTICE** that, in accordance with the Order Pursuant to Bankruptcy Rule 9019 and Section 105 of the Bankruptcy Code, Authorizing the Debtors to Adopt and Implement Omnibus Settlement Procedures for Notice and Settlement of Certain State Court Causes of Action Filed By the Debtors [Docket No. 2209] (the "Order"),[2] the Debtors in the above captioned bankruptcy cases have filed the following settlements: (i) a settlement agreement by and between the Debtors and Agency Mortgage Corporation, attached hereto as Exhibit B, which settles certain causes of action by the Debtor for the amount of $110,000; and (ii) a settlement agreement by and between the Debtors and 3rd Financial Service Corporation,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] A copy of the Order is attached hereto as Exhibit A.

attached hereto as <u>Exhibit C,</u> which settles a certain cause of actions for the amount of $25,000

(together, the "<u>Settlements</u>").

      **PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, any

objections or responses are to be filed on or before **February 5, 2008 at 4:00 p.m. (ET)** (the

"<u>Objection Deadline</u>") with the United States Bankruptcy Court for the District of Delaware, 3rd

Floor, 824 Market Street, Wilmington, Delaware 19801 and served upon each of the following

parties so as to be received on or before the Objection Deadline: (i) the Office of the United

States Trustee, (ii) counsel to the Debtor, (iii) counsel to the Committee, (iv) counsel to the

Debtors' Postpetition Lender, and (iv) those parties requesting notice pursuant to Bankruptcy

Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b).

      **PLEASE TAKE FURTHER NOTICE** that if an objection or response is not

filed by the Objection Deadline, the Debtors will file a certificate of no objection after which the

Settlements shall be deemed approved pursuant to Bankruptcy Rule 9019, section 105 of the

Bankruptcy Code, and the terms set forth in the Order without further order from the Court.

Dated: Wilmington, Delaware      YOUNG CONAWAY STARGATT & TAYLOR, LLP
       January 16, 2008

                    James L. Patton, Jr. (No. 2202)
                    Robert S. Brady (No. 2847)
                    Pauline Morgan (No. 3650)
                    Matthew B. Lunn (No. 4119)
                    Donald J. Bowman, Jr. (No. 4383)
                    The Brandywine Building
                    1000 West Street, 17th Floor
                    P.O. Box 391
                    Wilmington, Delaware 19899-0391
                    Telephone:  (302) 571-6600
                    Facsimile:  (302) 571-1253

                    Counsel for the Debtor and Debtor-in-Possession

# EXHIBIT A

## Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
In re:                                           :   Chapter 11
                                                 :
AMERICAN HOME MORTGAGE HOLDINGS,                 :   Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]         :
                                                 :   Jointly Administered
                                                 :
Debtors.                                         :   Ref. Docket No.: 1916
                                                 :
------------------------------------------------------------- x
```

### ORDER, PURSUANT TO BANKRUPTCY RULE 9019 AND SECTION 105 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO ADOPT AND IMPLEMENT OMNIBUS SETTLEMENT PROCEDURES FOR NOTICE AND SETTLEMENT OF CERTAIN STATE COURT CAUSES OF ACTION FILED BY THE DEBTORS

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to adopt and implement the omnibus Settlement Procedures for the notice and settlement of Affirmative Cases; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefore; it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, in their sole discretion, to settle

Affirmative Cases pursuant to the Settlement Procedures set forth below:

a. The Debtors may negotiate, compromise or settle any Affirmative Cases. The Debtors shall file notice of the proposed settlement along with a copy of the proposed settlement agreement (the "Settlement Notice") and serve same on (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the Debtors' Postpetition Lender; and (iv) all parties entitled to notice under Del. Bankr. LR 2002-1(b) (collectively, the "Notice Parties");

b. Objections must be filed with the Bankruptcy Court and served upon counsel to the Debtors and the Notice Parties so as to be received on or before twenty (20) days or such later date agreed to by the Debtors (the "Notice Period") after service of the Settlement Notice;

c. If no objection to the proposed settlement is filed and served within the Notice Period, then the Debtors shall file with the Bankruptcy Court a certificate of no objection after which the proposed settlement shall be deemed approved pursuant to Bankruptcy Rule 9019 and section 105 of the Bankruptcy Code;

d. If an objection is received from one or more of the Notice Parties, during the Notice Period the Debtors shall not proceed with the proposed settlement unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the settlement by separate order entered after the Debtors file a motion and notice;

e. With respect to a proposed settlement reached and approved pursuant to the Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing.

f. The Debtors shall use good-faith efforts to timely respond to informal requests for information from Notice Parties relating to settlements proposed under the Settlement Procedures.

and it is further

ORDERED that nothing contained in this Order is intended to abrogate or

otherwise affect the jurisdiction of courts in which Affirmative Cases are pending; and it is

further

ORDERED that this Court shall retain jurisdiction over any and all matters

arising from or related to the interpretation or implementation of this Order.

Date:   Wilmington, Delaware
        November 2ᵯ, 2007

Christopher S. Sontchi
United States Bankruptcy Judge

3

# **EXHIBIT B**

## SETTLEMENT AGREEMENT

This agreement (the "Agreement") is entered into this ___ day of December, 2007 (the "Execution Date") by and between American Home Mortgage Corporation, a Delaware corporation with a principal place of business at 358 Broadhollow Road, Melville, New York ("AHMC"); Agency Mortgage Corporation, a New Jersey corporation with a principal place of business at 6000 Sagemore Drive, Suite 6302, Marlton, New Jersey ("Agency"), and Attorneys' Title Insurance Fund, Inc., a Florida corporation with a place of business at 6545 Corporate Centre Blvd., Orlando, Florida 32862 ("The Fund") (AHMC, Agency, and the Fund will be individually referred to as a "Party," and collectively referred to as the "Parties.")

## BACKGROUND

A.    On or about March 27, 2007, AHMC, individually and as assignee of Union Federal Bank of Indianapolis, commenced suit against Agency in federal court, which suit is currently pending in the United States District Court for the District of New Jersey at No. 07-cv-2942 (the "Litigation"). Agency filed a Third Party Complaint against The Fund. This Third Party Complaint is also encompassed within the definition of the "Litigation."

B.    In the Litigation, AHMC asserts claims against Agency alleging that Agency is obligated pursuant to contract to repurchase six mortgage loans (the "Florida Mortgage Loans") that AHMC had purchased from Agency after Agency funded the Florida Mortgage Loans to residential borrowers to acquire certain condominium properties in Florida (the "AHMC Claims"). The Florida Mortgage Loans are identified in Exhibit "A" annexed hereto. AHMC alleges, among other things, that Agency breached certain representations and

warranties with respect to the Florida Mortgage Loans and failed to repurchase the Florida Mortgage Loans as required by contract.

C.    Two of the Florida Mortgage Loans were made to Daniel Colon as borrower (the "Colon Mortgage Loans"). On or about June 12, 2007, Agency gave written notice of its claim against The Fund for indemnification pursuant to a closing protection letter allegedly issued by The Fund in connection with the Colon Mortgage Loans (the "Colon CPL Claim"), and Agency has filed a third-party complaint against The Fund in the Litigation, setting forth the Colon CPL Claim.

D.    AHMC commenced a bankruptcy case in the United States Bankruptcy Court for the District of Delaware (the "AHMC Bankruptcy Court") on or about August 6, 2007, by filing a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

E.    In order to avoid the burden and expense of further litigation as to the AHMC Claims against Agency and the Colon CPL Claim against The Fund, the Parties have entered into this Agreement in order to resolve these specific issues.

## AGREEMENT

NOW, THEREFORE, in consideration of these premises, and the mutual promises, covenants and conditions below, and intending to be legally bound hereby, the Parties agree as follows:

1.    The above recitals are incorporated herein by reference.

2

1031250.1 12/27/07

2.     AHMC agrees to settle the AHMC Claims against Agency, and to assign to Agency any interest it may have in the Colon CPL Claim against The Fund (along with any other claims against certain third parties relating to the Florida Mortgage Loans, as set forth in Exhibit "B" hereto) for a payment of $110,000, on the Effective Date (as hereinafter defined) (the "AHMC Payment."). The AHMC Payment shall be made by check issued by The Fund or its counsel as provided in paragraph 4 below, which check shall be payable to the order of "Zeichner, Ellman & Krause LLP Attorney Trust Account" and shall be deposited and held in escrow for the benefit of AHMC.

3.     Agency agrees to settle the Colon CPL Claim against The Fund, including the interest of AHMC in such claim assigned hereunder, in consideration of the payments to be made by The Fund set forth in paragraph 4 below, on the Effective Date (as hereinafter defined).

4.     Within ten (10) days of the Effective Date (as hereinafter defined), The Fund agrees to pay a total of Two Hundred Thousand Dollars ($200,000) in full and final settlement of any and all claims by Agency and/or AHMC in connection with the Colon CPL Claim. The settlement proceeds shall be distributed as follows:  $110,000 to AHMC made payable as provided in Paragraph 2 above; $60,000 to Agency; and $30,000 to Saul Ewing LLP, a Delaware Limited Liability Partnership, acting as counsel to Agency in this matter. Agency's counsel shall notify The Fund's counsel in writing when the order approving this Agreement is entered by the Bankruptcy Court, and shall provide a certified copy of the Order. Agency's counsel shall further notify The Fund's counsel in writing when the Effective Date, as that term is defined herein, has come to pass.

5.    On the Effective Date, the Parties shall exchange the Assignments and the Releases described below:

a.    An Assignment of Claims from AHMC to Agency in the form annexed hereto as Exhibit "B";

b.    A Release of Claims relating to the Colon Mortgage Loan, including but not limited to the Colon CPL Claim, from Agency and AHMC to The Fund in the form annexed hereto as Exhibit "C";

c.    A Release of the AHMC Claims, from AHMC to Agency, in the form annexed hereto as Exhibit "D", and

d.    A Release of Claims from Agency to AHMC, in the form annexed hereto as Exhibit "E."

Exhibits "B" through "E" to this Agreement are incorporated herein by reference and are made a part of this Agreement. Notwithstanding anything to the contrary in this Agreement or any of the Exhibits hereto, The Fund shall have the exclusive right to pursue claims relating to the transaction involving the Colon Mortgage Loans (wherein Daniel Colon purchased 1331 Brickell Bay Drive, Unit 1601, from Pablo Enrique Bonilla Gomez and Gloria Perez de Bonilla), against The Fund's closing agent, Gustavo Fernandez, Gustavo Fernandez P.A., and any insurance carrier for such closing agent.

6.    Upon the Effective Date (as hereinafter defined), AHMC and Agency, through their respective legal counsel, shall make such filings as necessary to cause the

4

1031250.1 12/27/07

Litigation, and all claims asserted in the Litigation, to be discontinued and dismissed with prejudice.

7.    The "Effective Date" of this Agreement shall mean the Effective Date as defined in subparagraph (A) or (B) below, whichever is later to occur:

(A)  This Agreement is subject to approval by the AHMC Bankruptcy Court and shall become effective the date on which such order approving this Agreement becomes final and non-appealable or, in the alternative, on the date upon which such order is affirmed upon any and all appeals therefrom (the "Effective Date"), provided, however, that, in the absence of a timely objection to the entry by the AHMC Bankruptcy Court of such order, and notwithstanding the applicability of the Fed.R.Bankr.P. 6004(g), 7062, 9014 or otherwise, such order shall be immediately effective and enforceable upon its entry and the Effective Date shall be the date of entry of such order by the AHMC Bankruptcy Court.

(B)  PROVIDED, HOWEVER, that in the event that Agency files a Voluntary Petition for relief, or an involuntary petition is filed against Agency under Chapter 11 or Chapter 7 of the Bankruptcy Code, before the Effective Date as defined in paragraph 5(A) above, this Agreement shall also be subject to approval by the Agency Bankruptcy Court and shall become effective the date on which such order approving this Agreement becomes final and non-appealable or, in the alternative, on the date upon which such order is affirmed upon any and all appeals therefrom (the "Effective Date"), provided, however, that, in the absence of a timely objection to the entry by the Agency Bankruptcy Court of such order, and notwithstanding the applicability of the Fed.R.Bankr.P. 6004(g), 7062, 9014 or otherwise, such order shall be

5

immediately effective and enforceable upon its entry and the Effective Date shall be the date of entry of such order by the Agency Bankruptcy Court.

8.    It is expressly understood and agreed that:

a.    The terms of this Agreement convey no rights to Agency or to The Fund to any mortgages sold by Agency to AHMC, or to any underlying real property securing such mortgages (or the proceeds of same), or otherwise.

b.    If any payments of money made to AHMC by Agency or the Fund pursuant to the terms of this Agreement should for any reason subsequently be declared to be "fraudulent" (within the meaning of any state or federal law relating to fraudulent conveyances), preferential, or otherwise voidable or recoverable, in whole or in part for any reasons, under the Bankruptcy Code or any other federal or state law (collectively referred to herein as "Voidable Transfers") and AHMC is required to repay or restore the amount of any such Voidable Transfers or any portion thereof, then, as to the amount repaid or restored pursuant to any such Voidable Transfer (including all costs, expenses and attorneys' fees of AHMC thereto) the liability of Agency shall automatically be revived, reinstated and restored in the full amount of AHMC's claim, and shall exist as though such Voidable Transfer had never been made to AHMC. Nothing set forth herein is an admission that such Voidable Transfer has occurred or will occur. Agency expressly acknowledges that AHMC may rely upon advice of counsel and, if so advised by counsel, may settle, without defending, any action to void any alleged Voidable Transfer, and that upon such settlement Agency shall again be liable for any deficiency resulting from such settlement as provided in this Agreement.

6

c.    The releases provided to The Fund under this Agreement are limited to any and all claims relating to the Colon Mortgage Loan, including but not limited to the Colon CPL Claim, and shall not release, remise, acquit and discharge any other claims of Agency or AHMC.

d.    Neither this Agreement nor any proceeding hereunder shall be construed as or deemed to be evidence or an admission on the part of any party to this Agreement of any liability or wrongdoing whatsoever, and shall not be offered or received in evidence as an admission of any liability, fault, misconduct or wrongdoing of or by any party to this Agreement in any civil, criminal or administrative action or proceeding in any court, and may not be referred to in any proceeding other than as may be necessary to enforce this Agreement.

9.    If the AHMC Bankruptcy Court (and/or the Agency Bankruptcy Court, if applicable) does not approve this Agreement and the settlement provided hereunder in its entirety, and this failure to approve becomes final by reason of its affirmance on appeal, or by the lapse of time to appeal, or otherwise, or if the AHMC Bankruptcy Court (and/or the Agency Bankruptcy Court, if applicable) approves this Agreement and the settlement provided hereunder but the order of approval is finally reversed on appeal or other appellate review except for the provisions of this paragraph (which shall survive in the event of disapproval of this Agreement), this Agreement shall be null and void, and shall have no further force and effect, without any further act by any party hereto.

7

10.     This Agreement together with the Exhibits hereto constitutes the entire agreement between the Parties relating to the subject matter hereof, and all prior discussions and negotiations have been and are merged and integrated into, and superseded by, this Agreement.

11.     Each of the Parties hereto warrants and represents to each other party that:

a.     Such Party is the sole owner of all right, title, and interest in its claim(s) being assigned and/or released hereunder, and has not sold, assigned, granted or transferred to any other person or entity any claim, demand or cause of action or any part thereof which is embraced within the claims being assigned and/or released hereunder.

b.     The person executing this Agreement on behalf such Party has the authority to do so, and to bind that party as well as those persons and entities on whose behalf releases are being given, to the terms of this Agreement.

c.     Such Party has received the advice of independent counsel of its own choice in connection with the preparation and execution of this Agreement and the releases and assignments contained in the Exhibits hereto, has carefully read this Agreement and the releases and assignments contained in the Exhibits hereto, has conferred with its counsel with respect thereto, has had all terms fully explained to such party by its counsel, fully understands the meaning and effect of the terms hereof, and has not relied on any statement or representation other than the representations expressly contained herein, and no promise or inducement has been made that is not herein expressed.

8

12.    Within sixty (60) business days of the Execution Date, AHMC shall seek all appropriate approval of this Agreement from the AHMC Bankruptcy Court and the settlement provided for herein.

13.    The Agreement and the releases and assignments in the Exhibits hereto shall be binding upon and inure to the benefit of each of the Parties hereto, and their respective successors and assigns, and any existing or future committee or trustee appointed under the Bankruptcy Code, corporation, partnership or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

14.    This Agreement may be executed in one or more original or telecopied counterparts, all of which together shall be one instrument, and all of which shall be considered duplicate originals.

15.    The foregoing Agreement of the Parties hereto may not be modified or amended except in a writing that is signed by all Parties hereto and approved by the AHMC Bankruptcy Court (and/or the Agency Bankruptcy Court, if applicable) after notice and hearing.

16.    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

9

17.    This Agreement will be governed by the internal laws of the State of New York, without regard to its choice of law provisions, and the Bankruptcy Code.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties enter into this Agreement on date set forth above.

AMERICAN HOME MORTGAGE CORP.          AGENCY MORTGAGE CORPORATION

By: _____          By: _____
       BRUCE S. GOODMAN, ESQ, As Attorneys

ATTORNEYS' TITLE INSURANCE FUND, INC.

By: _____

1031250.1 12/27/07

17.     This Agreement will be governed by the internal laws of the State of New York, without regard to its choice of law provisions, and the Bankruptcy Code.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties enter into this Agreement on date set forth above.

AMERICAN HOME MORTGAGE CORP.     AGENCY MORTGAGE CORPORATION

By: _____     By: _____

ATTORNEYS' TITLE INSURANCE FUND, INC.

By: _Connie Clark_
         Senior Claims Attorney

1031250.1 12/27/07

17.   This Agreement will be governed by the internal laws of the State of New York, without regard to its choice of law provisions, and the Bankruptcy Code.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties enter into this Agreement on date set forth above.

AMERICAN HOME MORTGAGE CORP.       AGENCY MORTGAGE CORPORATION

By: _____       By: _____

                                       CHARLES MITCHELL

ATTORNEYS' TITLE INSURANCE FUND, INC.

By: _____

## EXHIBIT A

## THE FLORIDA MORTGAGE LOANS

Agency Loan Nos.:    98-2234, 98-2235
AMHC Loan Nos.:    1198913, 1198922
Borrower:    Laura Victoria
Property:    1331 Brickell Bay Drive #2409
Miami, Florida 33131
$1,680,000
(the "Victoria Mortgage Loans")

Agency Loan No.:    98-2289, 98-2290
AHMC Loan Nos.:    1203175, 1203310
Borrower:    Daniel Colon
Property:    1331 Brickell Bay Drive #1601
Miami, Florida 33131
$1,640,000
(the "Colon Mortgage Loans")

Agency Loan Nos.:    98-2251, 98-2252
AHMC Loan Nos.:    1198855, 1198894
Borrower:    Fleta Sellers
Property:    1331 Brickell Bay Drive #BL24
Miami, Florida 33131
$1,520,000
(the "Sellers Mortgage Loans")

**EXHIBIT B**

**ASSIGNMENT OF CLAIMS**

WHEREAS, American Home Mortgage Corporation, a corporation organized and existing under the laws of the state of Delaware, with a principal place of business at 358 Broadhollow Road, Melville, New York ("Assignor"), may have claims for damages and/or indemnification (the "Claims") against certain third parties; and

WHEREAS, Agency Mortgage Corporation, a New Jersey banking corporation with its principal place of business at 6000 Sagemore Drive, Suite 6302, Marlton, New Jersey ("Assignee"), and Assignor are entering into a Settlement Agreement with an Execution Date of December ___, 2007, pursuant to which Assignor and Assignee are resolving certain disputes between them (the "Agreement") on account of the sale of the Florida Mortgage Loans (as that term is defined in the Agreement) sold by Assignee to Assignor; and

WHEREAS, as part of the consideration for the Settlement in the Agreement, Assignor agrees to assign and set over unto Assignee any or all of Assignor's claims against certain third parties in connection with the Florida Mortgage Loans; and

WHEREAS, Assignee acknowledges and agrees that by this assignment it is not acquiring any rights in or to mortgages underlying the Florida Mortgage Loans, or in or to any mortgages that Assignee sold to Assignor, or to any real property securing any such mortgages (or any proceeds therefrom),

NOW, THEREFORE, intending to be legally bound, Assignor has conveyed to, and does hereby confirm that it has conveyed to Assignee all of its rights, title and interest in and to any and all claims for injury or damages to Assignor which Assignor may have against any title agent, mortgage broker, underwriter, appraiser, title insurance company (to the extent any

such claim arises under a closing protection letter), real estate agent or other third party involved in the underwriting and closing of the Florida Mortgage Loans; including but not limited to Attorneys' Title Insurance Fund, Inc. It is understood and agreed by Assignor and Assignee that this Assignment of Claims shall not include claims Assignor may have against Daniel Colon, Laura Victoria, or Fleta Sellers, as borrowers in the Florida Mortgage Loan transactions, or any of their representatives, successors, heirs, executors, or assigns, and by this assignment Assignee is not acquiring any rights in or to the mortgages underlying the Florida Mortgage Loans, or in or to any other mortgage that Assignee sold to Assignor, or to any real property securing any such mortgages (or to any proceeds therefrom).

WITNESS, the due execution hereof as of the _____ day of _____, 200__

AMERICAN HOME MORTGAGE CORPORATION

By:_____

**EXHIBIT C**

**LIMITED POLICY HOLDER'S RELEASE/COMMITMENT RELEASE**

KNOW ALL MEN BY THESE PRESENTS: that Agency Mortgage Corp., a New Jersey Banking Corporation, and American Home Mortgage Corporation, a Delaware Corporation; together with their assigns, predecessors, successors, employees, agents, legal representatives, related companies, parent companies, sister companies, shareholders, directors, officers, and any other person or entity claiming by or through them, collectively referred to as First Party, for and in consideration of the sum of TWO HUNDRED THOUSAND AND NO/100 ($200,000.00) Dollars (payable as follows: $110,000 to American Home Mortgage Corporation; $60,000 to Agency Mortgage Corp.; and $30,000 to Saul Ewing LLP as counsel for Agency Mortgage Corp.), and other valuable consideration, received from or on behalf of ATTORNEYS' TITLE INSURANCE FUND, INC., Second Party, the receipt whereof is hereby acknowledged by each First Party as to the specific amount received,

(The term "Second Party" shall include Attorneys' Title Insurance Fund, Inc., its assignees, successors, related companies, agents, employees, attorneys, shareholders officers, directors, successors.)

HEREBY remise, release, acquit, satisfy, and forever discharge the said Second Party, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages (inclusive of all attorneys' fees and costs), judgments, executions, claims and demands whatsoever, in law or in equity, which said First Party ever had, now has, or which any personal representatives, successor, heir or assign of said First Party, hereafter can, shall or may have, against said Second Party, for upon or by reason of any matter, cause or thing whatsoever in regard to any alleged fraud, misrepresentation, dishonesty, or other misconduct by any agent of Second Party in connection with that certain real estate transaction wherein Daniel J. Colon purchased from Pablo Enrique Bonilla Gomez and Gloria Perez de Bonilla the subject real property located at 1331 Brickell Bay Drive, Unit 1601, Miami, Florida 33143 on or about March 1, 2006 for $2,080,000, and wherein Agency Mortgage Corp. extended mortgage loans to Daniel J. Colon in the amounts of $1,435,000.00 and $205,000.00. This release is limited to any liability of Second Party under the following:

> Attorneys' Title Insurance Fund, Inc.'s Title Commitment containing Fund File No. 01-2006-004298 and any Closing Protection Letter(s) covering the subject real property described above, including Closing Protection Letter 2006-1036598 and any Title Insurance Policy issued relative to the transaction identified above but only to the extent that such liability relates to the claims outlined in Agency Mortgage Corporation's claim letter(s) dated June 12, 2007 and July 7, 2007, and all damages resulting from the issues raised in said claim letter(s). This release specifically

excludes any claims other than those set forth herein, including any claims for title and/or recording defects that American Home Mortgage Corp., or its successors or assigns, may have under the Attorneys' Title Insurance Fund, Inc.'s Title Commitment containing Fund File No. 01-2006-004298.

This Release specifically applies only to the subject real property transaction and does not apply to any of the other policies, claims, actions or matters that Second Party presently has with First Party or any policies that may be obtained or claims, actions or matters that might arise in the future as to other transactions. American Home Mortgage Corporation hereby warrants that it is the owner and holder of that certain note and mortgage given by Daniel Colon, a single man to Agency Mortgage Corp., in the principal amount of $1,435,000, dated March 1, 2006, the mortgage being recorded on April 3, 2006 in Official Records Book 24386, Page 3494 of the Official Records of Miami-Dade County. The undersigned further warrant that they are authorized to execute this document on behalf of Agency Mortgage Corp. and American Home Mortgage Corporation, respectively. The undersigned further warrant that the bankruptcy court has authorized this settlement, and agree to provide Second Party with a copy of the bankruptcy court's order(s) authorizing this settlement in advance of payment.

     **IN WITNESS WHEREOF** I have hereunto set my Hand and Seal this \_\_\_\_\_ day of _____, 200\_\_.

*Signed sealed and delivered in*
*the presence of:*

_____

[Print Name]:_____

By:_____
    **AGENCY MORTGAGE CORP.**
    Print Name:_____
    Position:_____

STATE OF_____ )  SS
COUNTY OF _____ )

    The foregoing instruction was acknowledged before me this \_\_\_\_\_ day of _____, 200\_\_, by _____ as an authorized agent, employee or representative of **AGENCY MORTGAGE CORP.** He (is personally known to me) or (has produced a) _____ as identification.

_____
NOTARY PUBLIC, STATE OF _____

_____
[Print, type, or stamp commissioned name of notary]

**[one only]**
\_\_\_\_\_Personally known
\_\_\_\_\_Produced identification Type of identification produced

*Signed sealed and delivered in
the presence of:*

By:_____

    **AMERICAN HOME
    MORTGAGE CORPORATION**

_____

[Print Name]:_____

    Print Name:_____
    Position:_____

STATE OF_____)
             ) SS:
COUNTY OF_____)

    The foregoing instruction was acknowledged before me this _____ day of _____,
200__, by _____ as an authorized agent, employee or
representative of **AMERICAN HOME MORTGAGE CORPORATION** He (is personally
known to me) or (has produced a) _____ as identification.

_____

NOTARY PUBLIC, STATE OF _____

_____

[Print, type, or stamp commissioned name of
notary]

**[one only]**
_____Personally known
_____Produced identification Type of identification produced

-3-

EXHIBIT D

□ ▪ ▪ ▪ — General Release by Corporation 11-98

Blumberg Excelsior, Inc.
Publisher NYC 10013

## To all to whom these Presents shall come or may Concern,

## Know That

AMERICAN HOME MORTGAGE CORP.

A corporation organized under the laws of the State of  Delaware                                                           , as RELEASOR,
in consideration of the sum of

($ 110,000.00 ).

received from              AGENCY MORTGAGE CORPORATION

as RELEASEE,

receipt whereof is hereby acknowledged, releases and discharges

the RELEASEE, RELEASEE'S heirs, executors, adminis-
trators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings,
bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments,
extents, executions, claims, and demands whatsoever, in law or equity, which against the RELEASEE, the
RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by
reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.
**relating to the claims in the action captioned American Home Mortgage Corp.,**
**individually and as assignee of Union Federal Bank of Indianapolis v. Agency**
**Mortgage Corporation, Case No. 07 CV 2922 pending in the United States District**
**Court of New Jersey.**

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.
This RELEASE ~~may~~ shall not be changed orally.

*In Witness Whereof,* the RELEASOR has caused this RELEASE to be executed by its duly authorized officers
*and its corporate seal to be hereunto affixed on*

*In presence of:*

By _____

State of New York, County of                          ss.:  ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)
On                                 before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose
name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s),
or the person upon behalf of which the individual(s) acted, executed the instrument,

_____
*(signature and office of individual taking acknowledgment)*

*If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."*

EXHIBIT E

☐ B 111—General Release by Corporation 11-93

BlumbergExcelsior, Inc.
Publisher, NYC 10018

# To all to whom these Presents shall come or may Concern, Know That

Agency Mortgage Corporation

A corporation organized under the laws of the State of New Jersey, as RELEASOR, in consideration of the sum of

($10.00 ),

received from

American Home Mortgage Corp.

as RELEASEE,

receipt whereof is hereby acknowledged, releases and discharges

the RELEASEE, RELEASEE'S heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASEE, RELEASEE'S successors and assigns ever had, now have, or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE. relating to the claims in the action captioned American Home Mortgage Corp., individually and as assignee of Union Federal Bank of Indianapolis v. Agency Mortgage Corporation, Case No. 07 CV 2342 pending in the United States District Court of New Jersey.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE shall not be changed orally.

**In Witness Whereof,** the RELEASOR has *caused this RELEASE to be executed by its duly authorized officers and its corporate seal to be hereunto affixed on*

**In presence of:**

By ......................................................

**State of New York, County of**
On                      before me, the undersigned, personally appeared

SS.: ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies); and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

.................................................
*(signature and office of individual taking acknowledgment)*

*If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."*

Fax sent by : 2123446263

01-11-08 12:00    Pg:   4/5

# ZEICHNER ELLMAN & KRAUSE LLP

Barry R. Temkin, Esq.
December 19, 2007
Page 3

        Please countersign this letter below and return it to me to confirm the
agreement of your client to the terms set forth in this letter.

                                        Very truly yours,

                                        Bruce S. Goodman

Accepted and Agreed:
The Law Offices of Edward Garfinkel

By:
    Barry R. Temkin, Esq.
    Attorneys for Defendant

BG/jd

# **EXHIBIT C**

## ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5357
bgoodman@zeklaw.com

December 19, 2007

**BY E-MAIL**

Barry R. Temkin, Esq.
The Law Offices of Edward Garfinkel
110 William Street
New York, New York  10038

**American Home Mortgage Corp. v. 3rd Financial Service Corporation**
**Case No. 07 CV 410 (E.D.N.Y.); Index No. 601944/07 (N.Y. Sup. Ct.)**

Dear Mr. Temkin:

This shall confirm that American Home Mortgage Corp. ("American Home") and 3rd Financial Services Corporation ("3rd Financial") have agreed to a settlement in the referenced actions (the "Actions") on the following terms:

3rd Financial shall pay American Home $25,000.00 in settlement of the Action payable by check to the order of "Zeichner Ellman & Krause LLP Attorney Trust Account" EIN # 13-3533097 within 30 days of the date of full execution hereof (the "Settlement Payment"). We will deposit the Settlement Payment in escrow for the benefit of American Home pending approval of this settlement by the United States Bankruptcy Court for the District of Delaware, the Court in which the American Home bankruptcy is proceeding (the "Bankruptcy Court"). The parties to this agreement understand that by this agreement 3rd Financial acquires no rights in any mortgages or underlying real property securing such mortgages (or to any proceeds of either) that are the subject of the Actions, or otherwise. Upon approval of the settlement embodied in this agreement by the Bankruptcy Court, (i) American Home and 3rd Financial will discontinue the Actions with prejudice, (ii) the parties shall exchange Releases in the forms annexed hereto, and (iii) we will disburse from our escrow account the Settlement Payment to and for the benefit of American Home. In the event that the Bankruptcy Court does not approve this settlement, we will return the Settlement Payment to 3rd Financial within 30 days of our receipt of written notice of such disapproval by the Bankruptcy Court.

ZEICHNER ELLMAN & KRAUSE LLP

> Barry R. Temkin, Esq.
> December 19, 2007
> Page 2

American Home represents and warrants that to its knowledge (i) no other person or entity has any interest in the claims, demands, obligations, or causes of action referred to in this agreement; (ii) subject to Bankruptcy Court approval, American Home has the sole right and exclusive authority to execute this agreement and receive the sum specified in it; and (iii) there has not been, and will not be, an assignment or other transfer of any interest in any claim which American Home may have against the 3rd Financial arising out of the actions. Any damages incurred by 3rd Financial on account of a breach of the representations and warranties set forth in this paragraph shall be limited to the amount of the Settlement Payment.

American Home also represents that, with the exception of the Actions, it has not filed, and will not file, any other action, arbitration, claim, lawsuit or proceeding against 3rd Financial with any local, state or federal agency, self-regulatory organization, court or other entity in connection with the Actions, and that American Home will not initiate or promote any such complaint at any time hereafter based upon the Actions.

If any payments of money made to American Home by or on behalf of 3rd Financial pursuant to the terms of this Agreement should for any reason subsequently be declared to be "fraudulent" (within the meaning of any state or federal law relating to fraudulent conveyances), preferential, or otherwise voidable or recoverable, in whole or in part for any reasons, under the Bankruptcy Code or any other federal or state law (collectively referred to herein as "Voidable Transfers"), on account of a bankruptcy filing by 3rd Financial, and American Home is required to repay or restore the amount of any such Voidable Transfers or any portion thereof, then, as to the amount repaid or restored pursuant to any such Voidable Transfer (including all costs, expenses and attorneys' fees of American Home thereto) the full amount of the claim of 3rd Financial shall be revived, reinstated and restored in the full amount of American Home's claim, and shall be claimed in the 3rd Financial bankruptcy proceeding as though such Voidable Transfer had never been made to American Home. Nothing set forth herein is an admission that such Voidable Transfer has occurred or will occur. 3rd Financial expressly acknowledges that American Home may rely upon advice of counsel and, if so advised by counsel, may settle, without defending, any action to void any alleged Voidable Transfer, and that upon such settlement 3rd Financial shall again be liable for any deficiency resulting from such settlement as provided in this Agreement.

ZEICHNER ELLMAN & KRAUSE LLP

Barry R. Temkin, Esq.
December 19, 2007
Page 3


Please countersign this letter below and return it to me to confirm the agreement of your client to the terms set forth in this letter.

Very truly yours,

Bruce S. Goodman

Accepted and Agreed:
The Law Offices of Edward Garfinkel


By: _____
    Barry R. Temkin, Esq.
    Attorneys for Defendant


BG/jd

B 111—General Release by Corporation: 11-98

BlumbergExcelsior, Inc.
PUBLISHER NYC 10013

# To all to whom these Presents shall come or may Concern, Know That

3rd Financial Service Corporation

A corporation organized under the laws of the State of , as RELEASOR,
in consideration of the sum of

($10.00 ),
received from

American Home Mortgage Corp.

as RELEASEE,
receipt whereof is hereby acknowledged, releases and discharges

the RELEASEE, RELEASEE'S heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.
relating to the claims in the actions captioned American Home Mortgage Corp. v.
3rd Financial Service Corporation, Case No. 07 CV 410, pending in the United States
District Court for the Eastern District of New York; and American Home Mortgage Corp. v.
3rd Financial Service Corporation, Index No. 601944/07, pending in the Supreme Court
of the State of New York, New York County.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE shall not be changed orally.

In Witness Whereof, the RELEASOR has *caused this RELEASE to be executed by its duly authorized officers and its corporate seal to be hereunto affixed on*

In presence of:

......................................................

By ......................................................

**State of New York, County of**          SS.: ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)
**On**          before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

......................................................
*(signature and office of individual taking acknowledgment)*

*If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."*

ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)

**State of New York**
**County of**                                                } ss.:

On                              before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
*(signature and office of individual taking acknowledgment)*

ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)

**State of**
**County of**                                                } ss.:

On                              before me, the undersigned,
personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in

*(Insert city or political subdivision and state or country or other place acknowledgment taken)*

_____
*(signature and office of individual taking acknowledgment)*

RELEASOR

RELEASEE

**General Release**

Dated

LAW OFFICES OF

B 111—General Release by Corporation: 11-98

BlumbergExcelsior, Inc.
PUBLISHER NYC 10013

# To all to whom these Presents shall come or may Concern, Know That

American Home Mortgage Corp.

A corporation organized under the laws of the State of                               , as RELEASOR,
in consideration of the sum of

received from                                                                        ($ 25,000.00   ),

3rd Financial Service Corporation

receipt whereof is hereby acknowledged, releases and discharges                      as RELEASEE,

the RELEASEE, RELEASEE'S heirs, executors, adminis-
trators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings,
bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments,
extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the
RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by
reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE,
relating to the claims in the actions captioned American Home Mortgage Corp. v.
3rd Financial Service Corporation, Case No. 07 CV 410, pending in the United States
District Court for the Eastern District of New York; and American Home Mortgage Corp. v.
3rd Financial Service Corporation, Index No. 601944/07, pending in the Supreme Court
of the State of New York, New York County.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.
This RELEASE shall not be changed orally.

**In Witness Whereof,** the RELEASOR has *caused this RELEASE to be executed by its duly authorized officers
and its corporate seal to be hereunto affixed* on

**In presence of:**

                                                  .................................................................

                                                  By .........................................................

**State of New York, County of**                SS.:  ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)
On                        before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose
name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s),
or the person upon behalf of which the individual(s) acted, executed the instrument.

                                                  ...................................................................
                                                  *(signature and office of individual taking acknowledgment)*

*If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."*