# EXHIBIT A

## SALE PROCEDURES

These sale procedures (the "Sale Procedures") set forth the process by which the debtors and debtors in possession (the "Debtors")[1] will conduct one or more sales (the "Sales") of certain Non-Performing Loans (as defined below). These procedures, which provide for the sale of the Non-Performing Loans via a final, sealed bid process without an auction, have been approved by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") pursuant to an order dated February __, 2008 (the "Sale Procedures Order"). The Sale Procedures are binding upon all bidders and the bidders will have no right to alter these Sale Procedures.

The Non-Performing Loans are owned by the Debtors, but are subject to the liens of certain secured lenders (each, a "Secured Lender"). The Debtors propose to pool and sell the Non-Performing Loans as follows:

(a) Non-Performing Loans owned by the Debtors, but subject to the liens of AH Mortgage Acquisition Co., Inc., in its capacity as Lender and Administrative Agent, and the other lenders (the "DIP Lenders") under that certain Debtor-in-Possession Loan and Security Agreement (the "DIP Facility") dated as of November 16, 2007, as amended (the "Unencumbered Non-Performing Loans"). The Debtors propose to sell approximately 71 Unencumbered Non-Performing Loans with an aggregate unpaid principal balance of approximately $23.0 million.

(b) Non-Performing Loans owned by the Debtors that constitute a portion of the collateral securing the obligations owing by certain of the Debtors to the pre-petition secured lenders (the "Pre-Petition Secured Lenders") under that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006 (the "BofA Credit Agreement"), among Bank of America, N.A., as Administrative Agent (the "Administrative Agent"), the Pre-Petition Secured Lenders and certain of the Debtors (the "BofA Non-Performing Loans"). The Administrative Agent for the ratable benefit of itself and the Pre-Petition Secured Lenders was granted liens upon and security interests in, among other assets, the BofA Non Performing Loans pursuant to (i) a certain Security and Collateral Agency Agreement dated as of August 30, 2004, as amended, restated, modified, ratified or supplemented from time to time and (ii) the Interim Order [Docket No. 68] and the Final Order [Docket No. 554] (I) Authorizing Debtors' Limited Use of Cash Collateral, (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001, and all extensions thereof. The Debtors propose to sell approximately 46 BofA Non-Performing Loans with an aggregate unpaid principal balance of approximately $14.0 million.

---

[1] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

(c) Non-Performing Loans owned by the Debtors that constitute a portion of the collateral securing the obligations owing by certain of the Debtors pursuant to the that certain Senior Secured Credit Agreement, dated as of January 23, 2006 (the "JPMorgan Credit Agreement"), between JPMorgan Chase Bank, N.A. ("JPM") and certain of the Debtors (the "JPM Non-Performing Loans"). The Debtors propose to sell approximately 307 JPM Non-Performing Loans with an aggregate unpaid principal balance of approximately $115.0 million.

1. Non-Performing Loans to be Sold

The Debtors provide these Sale Procedures, whereby prospective bidders may compete to submit the highest bid for the purchase of each of the Unencumbered Non-Performing Loans, the BofA Non-Performing Loans and the JPM Non-Performing Loans (collectively, the "Non-Performing Loans"). The Non-Performing Loans total approximately 424 mortgage loans with an aggregate unpaid principal balance of approximately $152 million and consist of fixed rate, adjustable rate, balloon and interest only loans originated with full and alternative documentation that are sixty (60) days or more delinquent, in default, and/or that may contain some underwriting or compliance issue.

2. Access to Information

Information relevant to the Non-Performing Loans shall be made available to potential bidders on the Debtors' Intralinks website within twenty-four (24) hours following the execution by potential bidders of a valid nondisclosure agreement, including certain books and records, material contracts, and other financial information for due diligence investigation. No later than February 1, 2008, the Debtors will designate and post to the Debtors' Intralinks website three (3) categories of Non-Performing Loans which are, as of close of business on February 1, 2008, (i) Unencumbered Non-Performing Loans, (ii) BofA Non-Performing Loans, and (iii) JPM Non-Performing Loans. To obtain a copy of a non-disclosure agreement, contact American Home Mortgage Investment Corp., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Robert Johnson) Telephone: (631) 622-3246. Specific instructions for accessing the information will be provided after execution of such agreements. Interested bidders requesting information about the qualification process, and information in connection with their due diligence, should contact American Home Mortgage Investment Corp., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Robert Johnson) Telephone: (631) 622-3246.

**The diligence period will take place from February 1, 2008 to February 26, 2008.** The Debtors will coordinate all reasonable requests for additional information and due diligence access from potential bidders.

3. Bid Deadlines

The Debtors will be accepting indicative bids (each, an "Indicative Bid") and formal, binding, unconditional, irrevocable final bids (each, a "Final Bid").

All Indicative Bids must be submitted in writing so that they are **actually** received no later than 12:00 NOON (ET) on **February 8, 2008** (the "Indicative Bid Deadline"). The purpose of the Indicative Bids shall be to determine which, if any, of the bidders submitting such

Indicative Bids should be entitled to receive an Expense Reimbursement (as defined below) in accordance with the Sale Procedures Order and Section 5 below.

All Final Bids must be submitted in writing so that they are **actually** received no later than 4:00 p.m. (ET) on **February 26, 2008** (the "Final Bid Deadline"). **The Non-Performing Loans will be sold to the party or parties that submit the highest Final Bid for each pool of Non-Performing Loans, and bidders will not have the opportunity to submit bids after the Final Bid Deadline. Accordingly, bidders must submit their highest and best bid prior to the Final Bid Deadline.**

Each bidder must deliver its Indicative Bid and/or its Final Bid to: American Home Mortgage Investment Corp., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Robert Johnson) Telephone: (631) 622-3246, **with copies to:** (a) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (b) Young, Conaway, Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-0391 (Attn.: M. Blake Cleary and Sean M. Beach), counsel to the Debtors; and (c) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 (Attn.: Mark S. Indelicato and Mark Power) counsel to the Official Committee of Unsecured Creditors (the "Committee").

If the applicable Secured Lender does not submit a Final Bid on the pool of Non-Performing Loans upon which it has a lien, the Debtors shall provide a copy of each Qualified Final Bid submitted with respect to such pool of Non-Performing Loans: (i) solely with respect to Final Bids on the Unencumbered Non-Performing Loans, Jones Day, 222 East 41st Street, New York, New York 10017, (Attn: Erica M. Ryland and Brett Barragate); (ii) solely with respect to Final Bids on the BofA Non-Performing Loans, Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn: Margot B. Schonholtz and Scott D. Talmadge), counsel to the Administrative Agent; or (iii) solely with respect to Final Bids on the JPM Non-Performing Loans, Landis Rath & Cobb LLP, 919 Market Street, Suite 600, Wilmington, DE 19899 (Attn: Adam G. Landis and Matthew B. McGuire).

*Indicative Bids and Final Bids also may be submitted by email to BJohnson@americanhm.com, Alan.Horn@americanhm.com, mbcleary@ycst.com, sbeach@ycst.com, MPower@hahnhessen.com, and mindelicato@hahnhessen.com on or prior to the Final Bid Deadline.*

4.      Bid Requirements

Indicative Bid Requirements: Indicative Bids must contain: (a) a letter setting forth the identity of the bidder (including an authorized representative thereof), such bidder's counsel, and contact information for such bidder, its authorized representative and its counsel; (b) a non-binding proposal to purchase one or more of the three (3) pools of Non-Performing Loans, which shall identify separate purchase prices for each pool of Non-Performing Loans; (c) written evidence of the bidder's financial ability to pay cash to consummate the Sales (in a form satisfactory to the Debtors, in consultation with the applicable Secured Lender and the Committee); and (d) such other information as the Debtors, in consultation with the applicable Secured Lender and the Committee, may request. Indicative Bids that contain the foregoing shall be "Qualified Indicative Bids." Persons that comply with the foregoing shall be "Qualified Indicative Bidders."

Final Bid Requirements: Final Bids must contain: (a) executed versions of the Purchase Agreement in the form of the agreement annexed hereto as **Exhibit A**; (b) a letter setting forth the identity of the bidder (including an authorized representative thereof), such bidder's counsel, and contact information for such bidder, its authorized representative and its counsel; (c) a proposal to purchase one or more of the three (3) pools of Non-Performing Loans, which shall identify separate purchase prices for each pool of Non-Performing Loans; (d) written evidence of the bidder's financial ability to pay cash to consummate the Sales (in a form satisfactory to the Debtors, in consultation with the applicable Secured Lender and the Committee); (e) written acknowledgement that such Final Bid is unconditional and not contingent upon any event, including, without limitation, any due diligence investigation, the receipt of financing or any further bidding approval; (f) written confirmation that such Final Bid shall remain open and irrevocable until the closing of a Sale to the Successful Bidder or Second Best Bidder; (g) written evidence that the bidder has the requisite corporate or similar authority to consummate the Sales; and (h) such other information as the Debtors, in consultation with the applicable Secured Lender and the Committee, may request. The Administrative Agent and JPM may, but are not obligated to, credit bid with respect to the pool of Non-Performing Loans upon which its respective lien attaches in accordance with its rights under the Bankruptcy Code and the above bid requirements, except that with respect to: (i) item (a) above, it shall be required to submit an executed commitment letter in lieu of an executed Purchase Agreement, which commitment letter provides, among other information, that such credit bid includes a binding agreement to pay the Expense Reimbursement (as defined below), and (ii) item (d) above shall be waived. Final Bids that contain the foregoing shall be "Qualified Final Bids." Persons that comply with the foregoing shall be "Qualified Final Bidders."

Each Qualified Final Bidder shall comply with all reasonable requests for additional information by the Debtors, their advisors, or the applicable Secured Lender regarding such Qualified Final Bidder's financial wherewithal to consummate and perform obligations in connection with the Sales. Failure by a Qualified Final Bidder to comply with requests for additional information may be a basis for the Debtors, in consultation with the applicable Secured Lender and the Committee, to determine that a Final Bid made by such Qualified Final Bidder is not a Qualified Final Bid.

Bank of America, N.A. ("BofA"), for its own account and not in its capacity as Administrative Agent, each of the Pre-Petition Secured Lenders, for their respective own accounts and not in their respective capacities as Pre-Petition Secured Lenders, and JPM, for its own account and not in its capacity as lender under the JPMorgan Credit Agreement, may submit a Final Bid and may become a Qualified Final Bidder in accordance with the provisions of these Sale Procedures. Notwithstanding anything to the contrary in the Sale Procedures or the Sale Procedures Order, if any Secured Lender submits a Final Bid on any pool of Non-Performing Loans, then that specific Secured Lender shall forfeit all consultation and consent rights with respect to any such pool of Non-Performing Loans. If any Pre-Petition Secured Lender submits a bid on the BofA Non-Performing Loans, the Administrative Agent and the other Pre-Petition Secured Lenders shall be prohibited from sharing or providing access to information to such bidder with respect to any other bids for such BofA Non-Performing Loans. The Secured Lenders must comply with all confidentiality and non-disclosure requirements under the DIP Facility, the BofA Credit Agreement and the JPMorgan Credit Agreement, as applicable, with respect to the sale of the Non-Performing Loans.

5. <u>Expense Reimbursement</u>

Pursuant to the Sale Procedures Order, within one (1) business day following the Indicative Bid Deadline, the Debtors, with the prior written consent of the Administrative Agent or JPM, as applicable, and in consultation with the Committee, are authorized to select no more than three (3) designated Qualified Indicative Bidders per pool of Non-Performing Loans who shall be entitled to be paid the reasonable costs and expenses in connection with the due diligence process of the Qualified Indicative Bidder in an amount not to exceed $150.00 for each Non-Performing Loan in the pool of Non-Performing Loans for which a Qualified Indicative Bidder has submitted a Qualified Indicative Bid (the "<u>Expense Reimbursement</u>"); <u>provided however</u>, that the Administrative Agent and JPM shall not be entitled to review the Indicative Bids and shall forfeit consent and consultation rights with respect to the Expense Reimbursement unless such party notifies the Debtors in writing prior to the Indicative Bid Deadline that they shall not bid on the pool of Non-Performing Loans to which their respective liens attach; <u>provided further</u>, that Secured Lenders shall not be entitled to an Expense Reimbursement with respect to the pool of Non-Performing Loans upon which it holds a lien; <u>provided further</u>, that the Expense Reimbursement shall not be payable to a Qualified Indicative Bidder: (i) if the Qualified Indicative Bidder does not submit a Qualified Final Bid; (ii) if the Qualified Final Bid submitted by the Qualified Indicative Bidder is less than such bidder's Qualified Indicative Bid and reasonable justification for the decrease between the Qualified Indicative Bid and the Qualified Final Bid is not provided;[2] (iii) to the extent the amount of the Expense Reimbursement is greater than one percent (1%) of the Qualified Indicative Bidder's Qualified Final Bid; or (iv) the Qualified Indicative Bidder is the Successful Bidder.[3] The Expense

---

[2] The Debtors, with the prior written consent of the Administrative Agent or JPM, as applicable, and in consultation with the Committee, shall determine in their sole discretion whether the decrease is reasonably justified.

[3] In no event shall the aggregate amount of all Expense Reimbursements exceed $200,000. The following is the approximate amount of the maximum Expense Reimbursement with respect to each pool of Non-Performing Loans: Unencumbered Non-Performing Loans - $31,950 in the aggregate, or $10,650 per Qualified Indicative Bidder; BofA Non-Performing Loans - $20,700 in the aggregate, or $6,900 per Qualified Indicative Bidder; and JPM Non-Performing Loans - $138,150 in the aggregate, or $46,050 per Qualified Indicative Bidder.

Reimbursement shall be payable only from the proceeds received from the Sale of the specific pool of Non-Performing Loans for which the Qualified Final Bidder submitted the Qualified Final Bid, and from no other source, except as required to be paid by the Administrative Agent or JPM as a credit bidder.

Although the Expense Reimbursement shall not be paid to the Successful Bidder (as defined below), the Debtors, in consultation with the Administrative Agent or JPM, as applicable, and the Committee, shall be permitted to consider the implication of the Expense Reimbursement when determining the Successful Bid.

Notwithstanding the foregoing, the Debtors, with the prior written consent of the Administrative Agent or JPM, as applicable, which consent may not be unreasonably withheld, and in consultation with the Committee, reserve the right seek court approval of a stalking horse bidder and the terms of a stalking horse bid.

6. Selection of the Successful Bidder

If one or more timely, conforming Qualified Final Bids are received by the Final Bid Deadline for any or all of the pools of Non-Performing Loans, the Debtors, in consultation with the Committee and the Administrative Agent or JPM, as applicable, shall determine the highest Qualified Final Bid for each pool of Non-Performing Loans (the "Successful Bid") and the bidder making such Qualified Final Bid (the "Successful Bidder") and the next highest Qualified Final Bid for each pool of the Non-Performing Loans (the "Second Best Bid") and the bidder making such Qualified Final Bid (the "Second Best Bidder"). If only one timely conforming Qualified Final Bid is submitted by the Final Bid Deadline for a particular pool of Non-Performing Loans and, if such Qualified Final Bid is acceptable to the Debtors, in consultation with the Committee and the Administrative Agent or JPM, as applicable, such bid shall be the Successful Bid and the bidder that submitted such Qualified Final Bid shall be named the Successful Bidder.

The Debtors shall notify each of the Successful Bidder and the Second Best Bidder of their selection as same and file with the Bankruptcy Court the identity of the Successful Bidder and Second Best Bidder, and the amount of the Successful Bid and the Second Best Bid, for each pool of Non-Performing Loans on or before 12:00 NOON on **February 27, 2008**.

The Debtors, in consultation with the Committee and the Administrative Agent or JPM, as applicable, reserve the right to not proceed with a Sale of any pool of Non-Performing Loans at any time if the Debtors determine that the Qualified Final Bids received for any pool of Non-Performing Loans are not sufficiently high in relation to the aggregate principal balance of a pool of Non-Performing Loans.

7. Closing of the Sales

The Debtors shall seek an order of the Bankruptcy Court approving the Successful Bid and the Second Best Bid for each pool of Non-Performing Loans at a hearing to be held at 11:00 a.m. (ET) on **February 28, 2008** (the "Sale Hearing"). The closing of the Sale for each pool with the Successful Bidder for that pool shall occur on or before 10:00 a.m. (ET) on February 29, 2008. In the event that the Successful Bidder does not close before 2:00 p.m. (ET) on February

29, 2008, the Debtors shall be authorized to close with the Second Best Bidder at 10:00 a.m. (ET) on March 3, 2008.

The Debtors will present the Successful Bidder and the Successful Bid for each pool of Non-Performing Loans to the Bankruptcy Court at the Sale Hearing, at which certain findings will be sought from the Bankruptcy Court regarding the sale process, including, among other things, that (i) the process leading to the selection of the Successful Bid was conducted and the Successful Bidder(s) was selected in accordance with these Sale Procedures, (ii) the sale process was fair in substance and procedure, and (iii) consummation of the Sale Transaction contemplated by the Successful Bid(s) will provide the highest or otherwise best value for such Non-Performing Loans and is in the best interests of the Debtors and their estates.

The Debtors shall have accepted a Qualified Final Bid only when (i) the Final Bid is declared the Successful Bid at the Sale Hearing, (ii) the Bankruptcy Court has approved the Successful Bid and an order approving such Successful Bid has been docketed, (iii) definitive documentation has been executed in respect thereof, and (iv) the Sale closes.

8. <u>Reservation of Rights</u>

The Debtors reserve the right, in consultation (or if prior written consent is otherwise required under the terms of these Sale Procedures, then by prior written consent) with the Committee and the Administrative Agent or JPM, as applicable, upon notice to all parties that have demonstrated an interest in bidding for all or part of the Non-Performing Loans, to: (i) enter into one or more stalking horse agreements and seek Court approval of same; (ii) waive terms and conditions set forth herein with respect to any or all potential bidders, (iii) impose additional terms and conditions with respect to any or all potential bidders, (iv) extend the deadlines set forth herein, (v) cancel the sale of the Non-Performing Loans and/or Sale Hearing in open court without further notice; (vi) remove some or all of the Non-Performing Loans from the Non-Performing Loans to be sold, and (vii) amend the Sale Procedures as they may determine to be in the best interests of their estates or to withdraw the Motion at any time with or without prejudice.