# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------x

In re:                                    Chapter 11

AMERICAN HOME MORTGAGE           Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, *et al.*,[1]     (Jointly Administered)

                             Debtors.         **Related to Docket No. 2710**

-----------------------------------------------------------------x

## LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE, *NUNC PRO TUNC*, APPROVING PAYMENT OF TRAVEL AND ENTERTAINMENT EXPENSES INCURRED BY CERTAIN OF THE DEBTORS' TERMINATED EMPLOYEES

The Official Committee of Unsecured Creditors (the "*Committee*") of American Home Mortgage Holdings, Inc., *et al*. (the "*Debtors*"), by its co-counsel, Hahn & Hessen LLP and Blank Rome LLP, hereby files this limited objection (the "*Limited Objection*") to the *Motion of the Debtors for an Order, Nunc Pro Tunc, Pursuant to Sections 105 and 363 of the Bankruptcy Code Approving Payment of Travel and Entertainment Expenses Incurred by Certain of the Debtors' Terminated Employees* (the "*Motion*") [Docket No. 2710], and in support thereof respectfully states as follows:

## BACKGROUND

1.        On August 6, 2007 (the "*Petition Date*"), the Debtors commenced voluntary cases (the "*Cases*") under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*")

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("*AHM Investment*"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("*AHM Acceptance*"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("*AHM Servicing*"), a Maryland corporation (7267); American Home Mortgage Corp. ("*AHM Corp.*"), a New York corporation (1558); American Home Mortgage Ventures LLC ("*AHM Ventures*"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("*Homegate*"), a New York corporation (7491); and Great Oak Abstract Corp. ("*Great Oak*"), a New York corporation (8580).

with this Court.  Since the Petition Date, the Debtors have continued in the operation of their businesses and the management of their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Cases.

2.      On the Petition Date, the Debtors filed a motion (the "*Employee Wage Motion*") [Docket No. 9] requesting the authority to reimburse, *inter alia*, travel and entertainment expenses ("*T&E Expenses*") to its current, but not terminated, employees.

3.      On August 7, 2007, the Court entered an Order (the "*Employee Wage Order*") [Docket No. 69] authorizing the reimbursement of T&E Expenses to the Debtors' current employees.

4.      On August 14, 2007, the United States Trustee for the District of Delaware appointed seven (7) of the Debtors' largest unsecured creditors to serve on the Committee.[2] Thereafter, the Committee selected Hahn & Hessen LLP and Blank Rome LLP as its counsel.

5.      Pursuant to the Employee Wage Order, the Debtors reimbursed outstanding T&E Expenses.  In doing so, however, the Debtors improperly and without Bankruptcy Court authorization, reimbursed T&E Expenses to two hundred thirty-six (236) of its terminated employees (the "*Terminated Employees*") in the aggregate amount of $190,249.00 (the "*T&E Payments*").

6.       On January 11, 2008, the Debtors filed the instant Motion seeking the *nunc pro tunc* approval of the T&E Payments made to the Terminated Employees.

---

[2] The Committee presently consists of the following members: Wilmington Trust Company, The Bank of New York Trust Company, N.A., Deutsche Bank National Trust Co., Nomura Credit & Capital, Inc., Impac Funding Corporation, Waldners Business Environments, Inc. and United Parcel Service.

128189/01600/21661462v1

## LIMITED OBJECTION

7.    The Committee agrees that the cost associated with seeking repayment of the improper T&E Payments made to the Terminated Employees at this point would likely outweigh the benefit the Debtors' estates would receive from such an effort.  However, the Terminated Employees should not receive a windfall over other creditors from the Debtors' error.  To avoid this outcome, the improper T&E Payments should be required to be set off against any claims that Terminated Employees receiving such payments hold against the Debtors' estates.  Since the improper T&E Payments are avoidable under section 549 of the Bankruptcy Code, section 502(d) permits the disallowance of these claims as a cost-neutral alternative to recovery by litigation.

8.    Accordingly, the Committee respectfully requests that the Order granting the Motion contain the following conditions: (a) Within ten (10) days of the date of the entry of the Order, the Debtors shall provide the Committee with a schedule showing the name of each Terminated Employee who received an improper payment, the amount of such payment, the date of such employee's terminated employment, and the time period in which such expenses were incurred, and (b) the relief granted in this Order is specifically conditioned on, and the estates' representative authorized to make distributions to creditors in these Cases, is hereby authorized and directed to recoup from any distributions to be paid on claims (whether administrative, priority or unsecured) held by Terminated Employees of the Debtors the amount of the T&E Payments improperly paid to such employee (to the extent that such employee's claim for the unreimbursed T&E Expenses would not have qualified as a priority claim had it remained

- 3 -

unpaid).[3]  Doing so would permit the recoupment of the T&E Payments, at least with respect to

those payments made to Terminated Employees with claims against the Debtors' estates, without

the incurrence of any prohibitive costs.

WHEREFORE, the Committee respectfully requests that the Court (a) sustain the

Limited Objection; (b) enter an Order subject to the two conditions outlined above; and (c) grant

such other and further relief as may be just and proper.


Dated:   January 25, 2008

**BLANK ROME LLP**

By:  /s/ *David W. Carickhoff*
     Bonnie Glantz Fatell (No. 3809)
     David W. Carickhoff (No. 3715)
     1201 Market Street, Suite 800
     Wilmington, DE  19801
     Telephone: (302) 425-6400
     Facsimile: (302) 425-6464

       - and -

**HAHN & HESSEN LLP**
Mark S. Indelicato
Mark T. Power
Jeffrey Zawadzki
488 Madison Avenue
New York, NY 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel to the Official Committee of Unsecured Creditors of American Home Mortgage Holdings, Inc., et al.*

---

[3] A class action lawsuit, *Koch, et al. v. American Home Mortgage Corp., et al.*, Adv. Pro. 07-51688 (CSS), has been commenced seeking 60 days' back pay and benefits with respect to purported violations of the Workers Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* (the "*WARN Act*") that may involve certain Terminated Employees.  It is unclear to what extent claims will be priority or non-priority.  However, the existence of the WARN Act litigation raises the likelihood that claims would exceed the statutory priority cap.

128189/01600/21661462v1