IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : | Chapter 11 |
| : | |
| AMERICAN HOME MORTGAGE : | Case No. 07-11047 (CSS) |
| INVESTMENT CORP., *et al.*[1] : | (Jointly Administered) |
| : | |
| Debtors. : | Hearing: February 28, 2008 @ 11:00 a.m. |
| | Objection Deadline: February 21, 2008 |

## MOTION OF NATIONAL CITY CAPITAL COMMERCIAL CORPORATION FOR ENTRY OF ORDER GRANTING ALLOWANCE AND PAYMENT OF POST-PETITION RENT AS AN ADMINISTRATIVE EXPENSE PURSUANT TO 11 U.S.C. § 503(b)(1)(A)

National City Capital Commercial Corporation ("National City"), by and through its undersigned counsel, hereby files its Motion for Entry of an Order Granting allowing and Payment of Post-Petition Rent as an Administrative Expense Pursuant to 11 U.S.C. § 503(b)(1)(A), and in support thereof, respectfully states as follows:

### Background

1. On August 6, 2007 (the "Petition Date"), American Home Mortgage Investment Corporation and its affiliates, (collectively referred to as "Debtors") filed voluntary petitions for relief under Chapter 11, now jointly administered under Case No. 07-11047.

2. Prior to the Petition Date, Debtor American Home Mortgage Investment Corporation and Oracle Credit Corporation entered into an Payment Plan Agreement No. 4728, Payment Schedule No. 17965 dated April 11, 2006 and related documents (the "Agreement") , whereby Oracle Credit Corporation agreed to loan to debtor the amount of $1,045.440.00 for the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures, LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).

376575-1

purchase of various database, software licenses and intellectual equipment, together with technical support (the "Equipment"), with a payment schedule, including financed taxes, as follows: two payments of $283,902.30 due June 1, 2006 and November 1, 2006, one payment of $110,406.45 due May 1, 2007 and one payment of $283,902.30 due November 1, 2007. A true and correct copy of the Agreement is attached hereto, made a part hereof and marked as Exhibit "A."

3. On May 12, 2006, Oracle Credit Corporation assigned its payments and rights under the Agreement to National City Vendor Finance, LLC ("NCVF"), and notified Debtor of the assignment and directed Debtor to remit all payments to NCVF. A true and correct copy of the Notification of Assignment Letter is attached hereto, made a part hereof and marked as Exhibit "B."

4. NCVF thereafter assigned all of its rights, title and interest in, to and under the Agreement and its related documents, instruments, writings and agreements to National City, and all payments due thereunder.

5. Debtor has failed to make scheduled payments to National City as required under the Agreement causing the debtor to be in default of the Agreement.

6. On information and belief, Debtor is in possession and continues to use the Equipment as well as accessing the support center for Oracle assistance.

7. By failing to make payments as required under the Agreement, Debtor has failed to provide National City with adequate protection to compensate National City for its continued possession and use of the Equipment.

8. From the Petition Date through January 2, 2008, the amount of $283,902.30 is due and owing to National City representing unpaid post petition rent and expenses.

**Grounds for Relief**

9. Second 503(b)(1)(A) of the Bankruptcy Code states that administrative expenses shall be allowed for "actual, necessary costs and expenses of preserving the estate...for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A).

10. National City is entitled to an administrative claim for the rental of the Equipment as an actual and necessary cost of preserving the estate.

11. The Debtor has retained possession of the Equipment since the Petition Date and continues to be in possession of the Equipment as of the date of this motion.

12. During this period, Debtor has use of the Equipment for the purposes of, among other things, continuing operation of its business.

13. Despite Debtor's promise to pay, the Debtor has failed to make any post-petition payment to National City.

14. Accordingly, pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, National City seeks allowance and immediate payment as an administrative claim.

WHEREFORE, National City Commercial Capital Company, LLC respectfully requests that this Honorable Court enter an Order Granting Allowance and Payment of Post-Petition Rent as an Administrative Expense Pursuant to 11 U.S.C. § 503(b)(1)(A), together with such other and further relief as this Court deems just, proper and equitable.

Date: January 25, 2008.

                WEIR & PARTNERS
By:  /s/Jeffrey S. Cianciulli
       Jeffrey S. Cianciulli, Esquire
       1339 Chestnut Street, Suite 500
       Philadelphia, PA 19109
       215-665-8181
       Attorneys for Movant,
       National City Capital Commercial Corporation

376575-1