UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | : <br> : Chapter 11 <br> : |
| AMERICAN HOME MORTGAGE <br> HOLDINGS, INC., a Delaware corporation <br> *et al.,* [1] | : <br> : |
| Debtors. | : Case Number 07-11047 (CSS) <br> (Jointly Administered) <br> : |

Hearing Date: February 1, 2008 at 11:00 A.M.

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' APPLICATION PURSUANT TO SECTION 327(a) AND 328(a) OF THE BANKRUPTCY CODE FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CB RICHARD ELLIS, INC. AS REAL ESTATE BROKER, <u>NUNC PRO TUNC</u> TO JANUARY 10, 2008 <u>(DOCKET ENTRY # 2720)</u>**

In support of her objection to the Debtors' application pursuant to section 327(a) and 328(a) of the Bankruptcy Code for an order authorizing the retention and employment of CB Richard Ellis, Inc. ("CBRE") as real estate broker, <u>nunc pro tunc</u> to January 10, 2008 (the "Application"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: AHM Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

**INTRODUCTION**

1.      Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Application and this objection.

2.      Under 28 U.S.C. § 586(a)(3)(I), the U.S. Trustee is charged with monitoring applications filed under 11 U.S.C. § 327 "and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications." This duty is part of the U.S. Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts. See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Application and the issues raised in this objection.

**GROUNDS/BASIS FOR RELIEF**[2]

4.      The U.S. Trustee questions why, as a threshold matter, the Debtors are seeking to employ CBRE to market property which is not property of the Debtors' estates. Paragraph 10 of the Application clearly states that AHM SPV II, LLC (a non-debtor) holds the repurchase "right" with respect to the Broadhollow Property. Simply put, the Debtors should not be obligating themselves to pay for the administration of non-estate property, regardless of the fact that AHM SPV II is a

---

[2] Subject to the Court ruling on this Objection, the U.S. Trustee and the Debtors have reached agreement on several other issues raised by the U.S. Trustee concerning the Application. Those issues are not discussed in this objection.

wholly-owned subsidiary of AHM Corp., a debtor.  Cf. 28 U.S.C. § 157(b); In re Murchinson, 54 B.R. 721, 725 (Bankr. N.D. Tex. 1985) (proceeding to dispose of property which is not an estate asset is not a core matter; bankruptcy court lacked jurisdiction to authorize sale of property pursuant to 11 U.S.C. § 363(b)(1)); see also In re Insilco Techs., Inc., 351 B.R. 315, 321-22 (Bankr. D. Del. 2006) (sole shareholder of subsidiary does not have direct interest in assets and liabilities of subsidiary).

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Application.

Respectfully submitted,

**KELLY BEAUDIN STAPLETON**
**UNITED STATES TRUSTEE**


BY:  /s/ Joseph J. McMahon, Jr.
Joseph J. McMahon, Jr., Esquire (# 4819)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Room 2207, Lockbox 35
Wilmington, DE  19801
(302) 573-6491
(302) 573-6497 (Fax)

Date:  January 29, 2008