IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>(Jointly Administered)<br><br>Re: Docket No. 2490, 2754<br><br>Objection Deadline: January 29, 2008 at 4:00 p.m.<br>Hearing Date: February 1, 2008 at 11:00 a.m. |

**RESPONSE OF BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT, TO MOTION OF THE DEBTORS FOR ORDERS: (A)(I) APPROVING SALE PROCEDURES; (II) APPROVING PAYMENT OF EXPENSE REIMBURSEMENT; (III) SCHEDULING A HEARING TO CONSIDER SALE OF CERTAIN NON-PERFORMING LOANS; (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (V) GRANTING RELATED RELIEF; AND (B)(I) AUTHORIZING THE SALE OF NON-PERFORMING LOANS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING SALE AGREEMENT THERETO; (III) AUTHORIZING THE DISTRIBUTION OF THE PROCEEDS; AND (IV) GRANTING RELATED RELIEF**

Bank of America, N.A., as administrative agent (the "Administrative Agent") for itself and certain other banking and financial institutions as pre-petition secured lenders (the "Pre-Petition Secured Parties") under that certain Second Amended and Restated Credit Agreement (the "Credit Agreement"), dated as of August 10, 2006, by its undersigned attorneys, hereby submits this Response (the "Response") to the Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Approving Payment of Expense Reimbursement; (III) Scheduling a Hearing to Consider Sale of Certain Non-Performing Loans; (IV) Approving Form and Manner of Notice Thereof; and (V) Granting Related Relief; and (B)(I) Authorizing the Sale of Non-Performing Loans Free and Clear of Liens, Claims, Encumbrances and Other Interests; (II) Authorizing and Approving Sale Agreement Thereto; (III) Authorizing the Distribution of the Proceeds; and (IV) Granting Related Relief (the "Motion") [Docket No. 2490] filed by the

above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] and in support thereof states as follows:

1. On December 22, 2007, the Debtors filed the Motion seeking approval of: (a) the proposed Sale Procedures[2] with respect to the Sale of certain Non-Performing Loans, pursuant to a certain sale agreement; and (b) the Sale of the Non-Performing Loans free and clear of liens, claims, encumbrances, and interests, pursuant to the sale agreement, authorizing and approving the sale agreement, and authorizing the distribution of certain of the proceeds from the Sale to the Secured Lenders, including the Administrative Agent. Specifically, the Motion seeks, *inter alia*, to sell certain of the BofA Non-Performing Loans upon which the Administrative Agent holds first priority, perfected security interests upon and liens in, with an aggregate unpaid principal balance of approximately $14 million.

2. Pursuant to the Sale Procedures set forth in the Motion, the Debtors originally proposed to sell the Non-Performing Loans through an auction process (the "Auction Process") pursuant to which bids for each pool of Non-Performing Loans would be subject to higher or better offers at an Auction. See Motion, ¶ 17. On January 18, 2008, the Debtors filed the Notice of Filing Modified Sale Procedures and Form Asset Purchase Agreement (the "Revised Sales Procedures") [Docket No. 2754]. Under the Revised Sale Procedures, the Debtors are

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHMIC"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

abandoning the Auction Process set forth in the Motion and are now seeking to sell the Non-Performing Loans by a completely different mechanism through the submission of final sealed bids. The Administrative Agent does not object to the Debtors' unilateral decision to change the process and sell the BofA Non-Performing Loans without the Auction Process contemplated in the Motion. The Administrative Agent, however, objects to certain discrete provisions of the Revised Sale Procedures.

3. The Administrative Agent objects to the provisions of the Revised Sale Procedures to the extent that they require that the Debtors merely "consult" with the Administrative Agent rather than obtaining the Administrative Agent's prior written consent. For example, the Revised Sale Procedures seek to allow the Debtors to modify the procedures, including canceling the Sale of the Non-Performing Loans or removing some or all of the Non-Performing Loans from the Sale, at any time without the prior written consent of the Administrative Agent. In the event that the Debtors want to change the Revised Sale Procedures after approval by the Court, they should be required to obtain the consent of the respective secured creditors whose collateral is being sold or, alternatively, seek Court approval of the proposed changes.

4. The Revised Sale Procedures also provide that the Debtors could seek approval of the ultimate Qualified Final Bid for the BofA Non-Performing Loans in their discretion without the Administrative Agent's prior written consent. The Administrative Agent submits that, as the secured creditor with the lien in the asset sought to be sold, it is entitled to a direct consent right rather than the more limited "consultation" that is currently provided for in the Revised Sale Procedures. Moreover, the direct consent right is particularly appropriate where the Debtors are

abandoning the open Auction Process and replacing that with the proposal to sell the BofA Non-Performing Loans through sealed final bids.

WHEREFORE, the Administrative Agent respectfully requests that the Court (i) sustain the objections set forth in the Response and (ii) grant such other and further relief as is just and proper.

Dated: January 29, 2008
      Wilmington, Delaware

                          POTTER ANDERSON & CORROON LLP

                          By: /s/ Laurie Selber Silverstein
                          Laurie Selber Silverstein (No. 2396)
                          Gabriel R. MacConaill (No. 4734)
                          P. O. Box 951
                          1313 N. Market Street, 6th Floor
                          Wilmington, Delaware 19899
                          (302) 984-6000

                          - and -

                          KAYE SCHOLER LLP
                          Margot B. Schonholtz
                          Scott D. Talmadge
                          425 Park Avenue
                          New York, NY 10022

                          *Counsel for Bank of America, N.A. as*
                          *Administrative Agent under that certain Second*
                          *Amended and Restated Credit Agreement, dated as*
                          *of August 10, 2006*

pac845263v1