IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :  Chapter 11
                                                             :
AMERICAN HOME MORTGAGE                                       :  Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]           :
                                                             :  Jointly Administered
            Debtors.                                         :
                                                             :  Ref. Docket No. 2541
------------------------------------------------------------ x

## SIXTH ORDER, PURSUANT TO SECTIONS 105, 365 AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND TO ABANDON CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors"), for an order pursuant to sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), authorizing the Debtors to (i) reject the Rejected Contracts and (ii) abandon certain of the FF&E; and the Court being satisfied that the rejection of the Rejected Contracts and the abandonment of certain of the FF&E is in the best interests of the Debtors, their estates and creditors and is a proper exercise of the Debtors' business judgment; and due and proper notice of the Motion having been given; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that the Debtors are authorized, pursuant to 11 U.S.C. § 365(a), but not required, to reject the Rejected Contracts identified on Exhibit A attached hereto; and it is further

ORDERED, that the Rejected Contracts are deemed rejected pursuant to 11 U.S.C. § 365(a) effective as of December 31, 2007; and it is further

ORDERED, that the Debtors are authorized, but not required, pursuant to 11 U.S.C. § 554(a), to abandon any FF&E remaining at the premises of the Rejected Contracts as of December 31, 2007; and it is further

ORDERED, that the Rejection Bar Date for filing a Rejection Claim pursuant to this Order is hereby fixed as a date which is thirty (30) days from the date of the entry of this Order. Any holder of a Rejection Claim who fails to timely file a proof of such claim on or before the Rejection Bar Date shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim; and it is further

ORDERED, that nothing herein shall prejudice the rights of the Debtors to argue that any claim for damages arising from the rejection of the Rejected Contracts is limited to the remedies available under any applicable termination provision of such Rejected Contract, or that any such claim is an obligation of a third party, and not that of the Debtors; and it is further

DB02:6455418.4                                                                                                      066585.1001

ORDERED, that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
~~February~~ ___, 2008
1/30

Christopher S. Sontchi
United States Bankruptcy Judge