# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., *et al.*, | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| ----------------------------------------------X | | |
| WALDNER'S BUSINESS ENVIRONMENTS | ) | |
| INC., | ) | |
| Plaintiff, | ) | |
| -against- | ) | Adv. Pro. No. 07-51697 (CSS) |
| | ) | |
| AMERICAN HOME MORTGAGE CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| ----------------------------------------------X | | |

**AFFIDAVIT OF MATTHEW V. SPERO IN SUPPORT
OF EMERGENCY MOTION OF WALDNER'S BUSINESS ENVIRONMENTS, INC.
FOR ENTRY OF AN ORDER COMPELLING DEBTOR TO COMPLY WITH ORDER
APPROVING STIPULATION OF SETTLEMENT AND RETURN RECLAIMED
GOODS; OR GRANTING OTHER RELIEF**

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NASSAU    )

Matthew V. Spero, being duly sworn, deposes and says:

1. I am an attorney duly admitted to practice in the Courts of New York and the Eastern and Southern Districts of New York. I was admitted to practice *pro hac vice* in the District of Delaware on August 22, 2007. I am an associate at the firm of Ruskin Moscou Faltischek, P.C., co-attorneys for Waldner's Business Environments, Inc. ("Waldner's").

2. I make this affidavit in further support of Waldner's Emergency Motion (the "Emergency Motion") For Entry of an Order Compelling Debtor to Comply with Order Approving Stipulation of Settlement and Return Reclaimed Goods or Granting Other Relief.

3. On January 10, 2008, this Court entered an order approving a stipulation between the parties dated December 19, 2007 (the "Stipulation"). The Debtor has subsequently failed to comply with its obligations under the Stipulation by failing to surrender all of the "Reclaimed Goods" to Waldner's, despite written demand by letters dated January 16, 2008 and January 18, 2008, copies of which are annexed to the Emergency Motion as Exhibit "J"[1].

4. The Debtor, by its counsel, now maintains that under the Stipulation the Debtor is not required to return all of the Reclaimed Goods to Waldner's, notwithstanding that the term "Reclaimed Goods" is defined in the third "whereas" clause at page two of the Stipulation as "... goods ... as more particularly described in the invoices [the "Invoices"] annexed to the Complaint [filed by Waldner's on August 22, 2007 against the Debtor] as Exhibit 'A'...". The referenced Invoices in turn described furniture for which the Defendant agreed to pay, upon competed installation, the aggregate sum of $348,061.05.

5. Shortly after Waldner's made Federal Rule of Civil Procedure 26(a) Initial Disclosures to the Debtor on or about October 5, 2007, the Parties began to focus their efforts on resolving the adversary proceeding.

6. I thereafter engaged in discussions with the Debtor's counsel, Curtis Crowther, Esq. of Young Conaway Stargatt & Taylor, LLP. During these discussions, we agreed to a return of all of the Reclaimed Goods due to the fact that: a) none of the Reclaimed Goods were of any use to the Debtor and that the Debtor "did not care" about the Reclaimed Goods; b) that the universe of reclamation claims filed by all creditors against the Debtor was so small that there was little chance that a settlement with Waldner's for a return of all of the Reclaimed Goods would prejudice future negotiations with other reclaiming creditors; and c) that the agreed-upon purchase price of all of the Reclaimed Goods did not warrant the litigation time and

---

[1] Capitalized terms used but not described herein shall have the meanings ascribed to them in the Stipulation.

effort that would be required to fully litigate the adversary proceeding since the Debtor might expect to only recover a relatively nominal or *de minimus* amount in a subsequent liquidation sale of the Reclaimed Goods.

7. I stated repeatedly to the Debtor's counsel that Waldner's was to recover all of the Reclaimed Goods under the Stipulation. Throughout these discussions, however, at no point did Debtor's counsel state that the settlement would result in Waldner's recovering less than all of the Reclaimed Goods or identify any of the Reclaimed Goods, by invoice number or otherwise, that he believed Waldner's was or was not entitled to recover under the Stipulation.

_____
Matthew V. Spero

Sworn to before me on this
30th day of January, 2008

_____
Notary Public

SANDRA L. McGRATH
NOTARY PUBLIC, State of New York
No. 01MC4922887
Qualified in Nassau County
Commission Expires _____

::ODMA\PCDOCS\RMF_DOC\409921\2                3