# EXHIBIT G

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., *et al.*, | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| ------------------------------------------------X | | |
| WALDNER'S BUSINESS ENVIRONMENTS | ) | |
| INC., | ) | |
| Plaintiff, | ) | |
| -against- | ) | Adv. Pro. No. 07-51697 (CSS) |
| | ) | |
| AMERICAN HOME MORTGAGE CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| ------------------------------------------------X | | |

### AFFIDAVIT OF WILLIAM HEIN

STATE OF NEW YORK     )
                                        ) ss.:
COUNTY OF SUFFOLK  )

William Hein, being duly sworn, deposes and says:

1. I am the Project Manager for Waldner's Business Environments, Inc. ("Waldner's"). Unless otherwise stated, I have personal knowledge of the facts set forth herein.

2. This affidavit is submitted in support of Waldner's Emergency Motion for Entry of an Order Compelling Debtor to Comply with Order Approving Stipulation of Settlement and Return Reclaimed Goods or Granting Other Relief (the "Emergency Motion").

3. In October 2007, I was advised by John Marsicano, Waldner's Chief Financial Officer, that Waldner's had reached an agreement with American Home Mortgage Corp. (the "Debtor") whereby Waldner's would recover from the Debtor goods it had previously sold and

delivered to the Debtor and for which it sought reclamation in an adversary proceeding commenced in the Bankruptcy Court (the "Reclaimed Goods").

4. On October 18, 2007, I was dispatched to the Debtor's main office at 538 Broadhollow Road, Melville, New York 11747 (the "Main Office") along with Anne Marie Guerra, Waldner's Sales Account Manager, to inspect, inventory, and account for all of the Reclaimed Goods. While there, we met with Tom Trepanier, a representative of the Debtor.

5. While at the Main Office, Ms. Guerra, Mr. Trepanier, and I specifically identified, accounted for, and inventoried every item listed on every invoice (the "Invoices") annexed to Waldner's Complaint dated August 22, 2007 against the Debtor, i.e. all of the Reclaimed Goods.

6. At no time did Mr. Trepanier tell me, or tell Ms. Guerra in my presence, that anything less than all of the Reclaimed Goods was to be released to Waldner's.

7. At one point, Mr. Trepanier even advised us that boxes which were blocking access to some 80 work stations to be returned could be moved so as to permit Waldner's clear access to remove all of such work stations.

8. While inventorying all of the Reclaimed Goods, representative photographs were taken, including photographs of a portion of the aforementioned 80 work stations. We took all such photographs in the presence of Mr. Trepanier and he was aware that we were photographing representative Reclaimed Goods to be recovered by Waldner's. Copies of these photographs are annexed to the Emergency Motion as Exhibit "H".

9.  At no time did Mr. Trepanier, or any other of the Debtor's representatives, describe or identify five specific offices containing less than all of the Reclaimed Goods nor did the Debtor indicate that it intended to surrender less than all of the Reclaimed Goods to Waldner's.

William Hein

Sworn to before me this
30th day of January 2008

Notary Public

MAUREEN MELIA
NOTARY PUBLIC, State of New York
No. 01ME5030866
Qualified in Nassau County
Commission Expires July 25, 2010