# EXHIBIT J



# RUSKINMOSCOUFALTISCHEK P.C.
### Counselors at Law

Writer's Direct Dial: (516) 663-6604
Writer's Direct Fax: (516) 663-6804
Writer's E-Mail: mspero@rmfpc.com

January 16, 2008

By E-Mail and Regular Mail

Curtis J. Crowther, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

    Re:   *Waldner's Business Environments* ("Waldner's")
             *and American Home Mortgage* (the "Debtor")
             Adv. Pro. No.: 07-51697

Dear Curtis:

    Please be advised that Waldner's hereby demands that the Debtor immediately comply with the clear terms of the Order (the "Order") Approving the Stipulation (the "Stipulation") and Settlement Between the Debtor and Waldner's dated January 10, 2008 by releasing the entire $348,061.05 of Reclaimed Goods to Waldner's.

    "Reclaimed Goods" is defined in the Order as "certain goods consisting for the most part of furniture as more particularly described in the invoices annexed to the Complaint [filed August 22, 2007] as Exhibit 'A'". The Reclaimed Goods set forth in Exhibit A to the Complaint clearly identify each item sought to be reclaimed and aggregate $348,061.05. You have advised me that the Debtor refuses to return the entirety of the Reclaimed Goods, with the exception of some portion contained in "five offices in the main office of the Debtor". As the Order clearly states, "Reclaimed Goods" refers to the entire $348,061.05 worth of goods shipped to the Debtor, no matter where within the Debtor's premises it may choose to move them. Moreover, Annmarie Guerra of Waldner's advises us that upon inventorying the Reclaimed Goods with Thomas Trepanier of the Debtor, at no time was she informed that the Debtor intended in any way to return less than the full $348,061.05 of Reclaimed Goods sought in the Complaint. Our client withdrew its claim in the case predicated on the belief that the entirety of the Reclaimed Goods amount was to be returned. It would have made no sense to release the claim in return for a small fraction of the goods.

East Tower, 15th Floor, 1425 RexCorp Plaza, Uniondale, NY 11556-1425 ▼ 516.663.6600 ▼ 212.688.8300 ▼ F 516.663.6601 ▼ www.rmfpc.com
NYC: 641 Lexington Avenue, New York, NY 10016 ▼ Suffolk: 350 Motor Parkway, Hauppauge, NY 11788

**RMF**
RUSKINMOSCOUFALTISCHEK P.C.
*Counselors at Law*

January 16, 2008
Page 2

      In the event the Debtor does not release the entire $348,061.05 of Reclaimed Goods to Waldner's by the close of business on January 17, 2008, Waldner's reserves the right to file a motion seeking some or all of the following relief: 1) for an order directing the Debtor to comply with the Stipulation, i.e. to release the entire $348,061.05 of Reclaimed Goods to Waldner's; 2) to vacate the Order and Stipulation on the basis of a mutual mistake over a material term resulting in a failure of the parties to reach a meeting of the minds (or any other reason justifying vacator of the Order); or 3) for an order holding the Debtor in contempt for its willful failure to comply with the Order.

      I look forward to your prompt response.

                            Very truly yours,

                            MATTHEW V. SPERO
                            For the Firm

cc:    By E-Mail:

        Mr. John Marsicano
        Patrick Reilly, Esq.
        Mark Indelicato, Esq.

::ODMA\PCDOCS\RMF_DOC\408818\1



Writer's Direct Dial: (516) 663-6604
Writer's Direct Fax: (516) 663-6804
Writer's E-Mail: mspero@rmfpc.com

January 18, 2008

By E-Mail

Curtis J. Crowther, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

    Re:    *Waldner's Business Environments* ("Waldner's")
             *and American Home Mortgage* (the "Debtor")
             Adv. Pro. No.: 07-51697

Dear Curtis:

       I reviewed your letter to me dated January 17, 2008. It is inaccurate in many respects.

       First, your contention that the Debtor did not receive all $348,061.05 of the Reclaimed Goods is wrong. Waldner's has delivery tickets and receipts for the entire $348,061.05 of Reclaimed Goods and Waldner's accounted for all $348,061.05 of the Reclaimed Goods when it visited the Debtor's premises. Moreover, the Stipulation between Waldner's and the Debtor even states at paragraph 2 that "it is expressly understood that the Reclaimed Goods in Debtor's possession were shown to Waldner's representative at the Debtor's main office prior to entering into this Stipulation and such Reclaimed Goods were located in five offices in the main office of Debtor". Therefore, by the clear terms of the Stipulation, the Debtor has already conceded that the "Reclaimed Goods", which again is a defined term meaning $348,061.05 in goods as described in Exhibit "A" to the Complaint, are *in fact* in the Debtor's possession and *in fact* were shown to Waldner's representative at the Debtor's main office.

       Moreover, it is immaterial whether you state the entire $348,061.05 of Reclaimed Goods is contained in five offices, ten offices, or twenty-five offices. The only party with dominion and control over the Reclaimed Goods is the Debtor and it therefore could move the Reclaimed Goods around its offices at will. To argue that *less* than all of the Reclaimed Goods were contained in "five offices" (which is not defined in the Stipulation) would be illogical since the Stipulation "expressly" stated that all $348,061.05 of Reclaimed Goods were located there.

       Secondly, your unsubstantiated characterizations that I am "well aware" of a "fundamental weakness" of the Complaint are without merit. Your letter may raise after-the-fact



**RMF**
RUSKINMOSCOUFALTISCHEK P.C.
*Counselors at Law*

January 18, 2008
Page 2

defenses to the Complaint, but you should recall that the Debtor never actually interposed an Answer to the Complaint, which clearly alleges that all of the Reclaimed Goods were received within the Reclamation Period. Therefore, Waldner's never learned of any alleged defenses to the Complaint, and it certainly was not informed of which specific goods the Debtor believed were received outside of the forty-five day Reclamation Period. Waldner's contention throughout this case has been that all of the Reclaimed Goods were received within the Reclamation Period. Any contention that Waldner's could not distinguish Reclaimed Goods that were received on a particular date therefore is irrelevant.

It is also puzzling as to what bearing you believe settlement e-mails clearly in furtherance of settlement and protected by the Federal Rules, have on this matter. In our view they are in fact of no force since the "Stipulation shall supercede any and all other agreements between the Parties". Stipulation, paragraph 4.

Nonetheless, your October 29, 2007 e-mail merely states that "I am advised that your client's rep was shown five offices of furniture that was known to be delivered during the Reclamation Period". Since: 1) we had never discussed Waldner's recovering anything less than the full $348,061.05 of Reclaimed Goods; 2) the Debtor's representative showed Waldner's representatives all of the Reclaimed Goods; and 3) the Debtor failed to identify a single plank of wood that it alleged was received outside of the reclamation period, you have provided no basis for your argument that Waldner's should be entitled to anything less than the entirety of the $348,061.05 of Reclaimed Goods.

The language that you proposed in paragraph 2 of the Stipulation clearly supports this view, especially when you recall that Reclaimed Goods is a defined term meaning the $348,061.05 in goods represented by invoices annexed to the Complaint as Exhibit "A": "It is expressly understood that the [$348,061.05 of] Reclaimed Goods in Debtor's possession were shown to Waldner's representative at Debtor's main office prior to entering into the Stipulation and such [$348,061.05 of] Reclaimed Goods were located in five offices of the main office of the Debtor. All references to [$348,061.05 of] 'Reclaimed Goods' herein and hereafter shall be deemed to expressly include this clarification and limitation of the [$348,061.05 of] Reclaimed Goods in Debtor's possession to be returned to Waldner's". No matter how you parse the terms or argue about "five offices", the simple fact remains that the entire Stipulation refers to $348,061.05 of Reclaimed Goods.

I sincerely hope that this letter has helped to clarify the terms of the Stipulation. Waldner's again demands turnover of the full $348,061.05 of Reclaimed Goods without further

::ODMA\PCDOCS\RMF_DOC\409051\2

**RMF**
**RuskinMoscouFaltischek** P.C.
*Counselors at Law*

January 18, 2008
Page 3

delay. Please call me so that we may make appropriate arrangements. If I do not hear from you, Waldner's will have no choice but to seek the Court's intervention.

Very truly yours,

Matthew V. Spero
For the Firm

MVS:llt

cc: <u>By E-Mail</u>

    Mr. John Marsicano
    Patrick Reilley, Esq.
    Mark S. Indelicato, Esq.

::ODMA\PCDOCS\RMF_DOC\409051\2