**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., *et al.*, | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| ------------------------------------------------X | | |
| WALDNER'S BUSINESS ENVIRONMENTS | ) | |
| INC., | ) | |
| Plaintiff, | ) | |
| -against- | ) | Adv. Pro. No. 07-51697 (CSS) |
| | ) | |
| AMERICAN HOME MORTGAGE CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| ------------------------------------------------X | | |

**MOTION TO SHORTEN NOTICE AND REQUEST FOR EMERGENCY HEARING
WITH RESPECT TO EMERGENCY MOTION OF WALDNER'S BUSINESS
ENVIRONMENTS, INC. FOR ENTRY OF AN ORDER COMPELLING
DEBTOR TO COMPLY WITH ORDER APPROVING STIPULATION OF
SETTLEMENT AND RETURN RECLAIMED GOODS;
OR GRANTING OTHER RELIEF**

Waldner's Business Environments, Inc. ("Waldner's"), by it co-counsel Ruskin Moscou Faltischek, P.C. and Saul Ewing, LLP, as and for its motion (the "Motion to Shorten"), pursuant to § 102 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to (1) shorten the notice period under Local Rule 9006-1(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") with respect to the Emergency Motion (the "Emergency Motion") For Entry of an Order Compelling Debtor to Comply with Order Approving Stipulation of Settlement and Return Reclaimed Goods; or Granting Other Relief; and (2) with respect to the Emergency Motion, schedule a: (a) telephonic hearing the morning of January 31, 2008; or

556107.1 1/30/08

(b) hearing before the Court on February 1, 2008 at 11:00 a.m., and respectfully represents as follows:

1. Waldner's seeks to shorten the period for notice of the hearing on the Emergency Motion required by Local Rule 9006(1)(c) so that this Court may consider the Emergency Motion as soon as possible at a: (a) telephonic hearing the morning of January 31, 2008; or (b) hearing before the Court on February 1, 2008 at 11:00 AM, or such other date as the Court may direct. Waldner's asserts that an emergency hearing on the Emergency Motion is appropriate considering the urgent nature of the relief requested therein under the circumstances.

2. As set forth with greater specificity in the Emergency Motion, the Debtor refuses to return certain "Reclaimed Goods"[1] (as defined in the Emergency Motion) to be returned to Waldner's pursuant to the Stipulation. Additionally, the Debtor's counsel has indicated that some portion of the Reclaimed Goods are currently being marketed and exposed to auction bids and/or sale. Debtor's counsel has refused, in a telephone conference on January 24, 2008 and via e-mail correspondence dated January 24, 2008 and January 25, 2008, to agree that the Debtor not sell, auction, destroy, tamper with, disassemble, fabricate, transport, remove, assign, pledge, or otherwise dispose of the Reclaimed Goods while the Parties seek a resolution of their dispute. See Affidavit of Matthew V. Spero in Support of Motion to Shorten, annexed hereto as **Exhibit "A"**. Accordingly, Waldner's seeks relief from this Court, pursuant to Local Rule9006-1(e), to have the Emergency Motion heard on shortened notice and by a: (a) telephonic hearing the morning of January 31, 2008; or (b) hearing before the Court on February 1, 2008 at 11:00 a.m.

3. The reduced notice period contemplated in this Motion to Shorten would not prejudice any party in interest. Waldner's counsel informed Debtor's counsel of Waldner's

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Emergency Motion.

intention to seek this Court's intervention in the event the Debtor would not agree to maintain the "status quo" while the Parties sought to resolve their dispute. Waldner's has also served the Emergency Motion and Motion to Shorten upon counsel to the Debtor and counsel to the Official Committee of Unsecured Creditors via electronic mail. Indeed, in the event that the Emergency Motion is not heard on an expedited basis, Waldner's will be prejudiced in that its Reclaimed Goods may be disposed of prior to the time the Court can hear the Emergency Motion.

WHEREFORE, Waldner's respectfully requests that the Court (i) approve the shortened notice period; (ii) schedule a: (a) telephonic hearing the morning of January 31, 2008; or (b) hearing before the Court on February 1, 2008 at 11:00 a.m.; and (iii) grant other and further relief as the Court deems just and proper.

/s/ *illegible signature*
Mark Minuti (No. 2659)
Patrick J. Reilley (No. 4451)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Ph: (302) 421-6800
Fax: (302) 421-8573

-and-

Harold S. Berzow (HB-8261)
Matthew V. Spero (MS-3991)
**RUSKIN MOSCOU FALTISCHEK, P.C.**
East Tower, 15th Floor
1425 RexCorp Plaza
Uniondale, NY 11556-1425
Ph: (516) 663-6604
Fax: (516) 663-6804

Co-Attorneys for Waldner's Business Environments, Inc.

Dated: January 30, 2008