# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., *et al.*, | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| ---------------------------------------------------------X | | |
| WALDNER'S BUSINESS ENVIRONMENTS | ) | |
| INC., | ) | |
| Plaintiff, | ) | |
| -against- | ) | Adv. Pro. No. 07-51697 (CSS) |
| | ) | |
| AMERICAN HOME MORTGAGE CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| ---------------------------------------------------------X | | |

### AFFIDAVIT OF MATTHEW V. SPERO IN
### SUPPORT OF MOTION TO SHORTEN NOTICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

Matthew V. Spero, being duly sworn, deposes and says:

1.  I am an attorney duly admitted to practice in the Courts of New York and the Eastern and Southern Districts of New York. I was admitted to practice *pro hac vice* in the District of Delaware on August 22, 2007. I am an associate at the firm of Ruskin Moscou Faltischek, P.C., co-attorneys for Waldner's Business Environments, Inc. ("Waldner's").

2.  I make this affidavit in further support of Waldner's Motion: (1) to Shorten the Notice period under Local Rule 9006-1(c) with Respect to the Emergency Motion (the "Emergency Motion") For Entry of an Order Compelling Debtor to Comply with Order Approving Stipulation of Settlement and Return Reclaimed Goods; or Granting Other Relief; and

(2) with respect to the Emergency Motion, schedule a: (a) telephonic hearing the morning of January 31, 2008; or (b) hearing before the Court on February 1, 2008 at 11:00 a.m.

3. On January 10, 2008, this Court entered an order approving a stipulation between the parties dated December 19, 2007 (the "Stipulation"). The Debtor has subsequently failed to comply with its obligations under the Stipulation by failing to surrender the "Reclaimed Goods" to Waldner's[1].

4. On January 24, 2008 at 3:08 p.m. Eastern Time, I e-mailed (the "January 24th Email") a request to Curtis Crowther, Esq., of Young Conaway Stargatt & Taylor, LLP, the Debtor's counsel, that the Debtor not sell, auction or otherwise give away, tamper with or destroy any of the goods previously sold by Waldner's to American Home Mortgage. Mr. Crowther's responsive e-mail to me on January 24, 2008 refused to grant this request. See Exhibit "A".

5. Later on January 24, 2008, I had a telephone conversation with Mr. Crowther, wherein he advised me that the Debtor was actively marketing and seeking to auction and sell some unidentified portion of the Reclaimed Goods to which Waldner's has the right of possession to, in violation of the Stipulation and Order of this Court, which states: "[u]pon execution of this Stipulation, the Debtor shall not tamper with, destroy, damage, disassemble, fabricate, transport, remove, transfer, sell, assign, pledge or otherwise dispose of the Reclaimed Goods. The terms of this paragraph 3 shall survive until such time as the Bankruptcy Court may authorize otherwise."

---

[1] Capitalized terms used but not described herein shall have the meanings ascribed to them in the Stipulation.

6.  I again requested during our telephone conversation that the Debtor not sell, auction or otherwise give away, tamper with or destroy any of the goods previously sold by Waldner's to American Home Mortgage. My request was flatly refused.

7.  I also requested, in both our telephone conference and the January 24th Email, that Mr. Crowther provide me with the specific identity of each of the Reclaimed Goods that the Debtor intended to sell or auction, along with a copy of the notice that was sent identifying such goods. To date, my request has been ignored.

8.  Finally, on January 25, 2008 at 4:23 PM Eastern Time I again emailed Mr. Crowther to request that the Debtor agree to not tamper with, destroy, damage, disassemble, fabricate, transport, remove, transfer, sell, assign, pledge, or otherwise dispose of the Reclaimed Goods. I advised counsel that "unless the Debtor agrees, we will have no choice but to seek an emergency hearing". See Exhibit "B". I have not received a response to this e-mail.

9.  In light of this, Waldner's has filed this Emergency Motion for an Order Compelling the Debtor to Comply with the Order Approving Stipulation of Settlement and Return Reclaimed Goods or Granting Other Relief. However, based on the statements and silence of Debtor's counsel, there exists the likelihood that the Debtor intends to and will sell, auction, or otherwise dispose of assets, some of which constitute the "Reclaimed Goods". Since the Debtor, through its counsel, is unwilling to maintain the *status quo* (and not even disclose the nature of the assets to be sold) while the parties attempt to resolve their dispute, Waldner's has no choice but to proceed with the Emergency Motion and Motion to Shorten Time. In the event Debtor disposes of the Reclaimed Goods in the interim, it will strip Waldner's of its contractual

right under the Stipulation to recover the Reclaimed Goods.

_____
Matthew V. Spero

Sworn to before me on this
30th day of January, 2008

_____
Notary Public

SANDRA L. McGRATH
NOTARY PUBLIC, State of New York
No. 01MC4922887
Qualified in Nassau County
Commission Expires 5/19/2010

# Exhibit A

## MATTHEW SPERO

**From:** Crowther, Curtis [ccrowther@ycst.com]
**Sent:** Thursday, January 24, 2008 3:25 PM
**To:** MATTHEW SPERO
**Subject:** RE: Waldner's/AHM

AHM agrees not to require, at this time, that Waldner's pick up the furniture in the five offices at AHM's main office.

------------------------------------
Curtis J. Crowther
Young Conaway Stargatt & Taylor, LLP
(302) 571-6755

-----Original Message-----
From:      MATTHEW SPERO [mailto:mspero@rmfpc.com]
Sent: Thursday, January 24, 2008 03:21 PM Eastern Standard Time
To:   Crowther, Curtis
Cc:   HAROLD BERZOW; Patrick J. Reilley Esq. (E-mail)
Subject:   Waldner's/AHM

Curtis, this will confirm the agreement we reached today by telephone wherein we agreed that American Home Mortgage ("AHM") would not require Waldner's to pick up any of the Reclaimed Goods, as defined in the Stipulation between the parties though now currently the subject of a dispute, within 10 days' of AHM's faxing or emailing copy of the order approving the Stipulation to Waldner's counsel, as required by paragraph 2 of the Stipulation.

If this does not comport with your understanding of our agreement, please let me know immediately.

Also, as discussed, please provide me with the specifics regarding any proposed sale of any goods sold by Waldner's to AHM, including the identity of the highest or otherwise most qualified bidder and the bid amount.

As discussed, please also let me know if AHM is amenable to returning all of the goods previously sold by Waldner's to AHM.

Additionally, Waldner's requests that AHM not sell, auction, or otherwise give away, tamper with, or destroy any of the goods previously sold by Waldner's to AHM. Please let me know whether AHM is in agreement. Waldner's would prefer not to have to seek a stay or other order from the Court if it can be avoided.

Thank you Curtis. I look forward to speaking with you.

Very truly yours,


Matthew V. Spero
Ruskin Moscou Faltischek, P.C.
1425 RexCorp Plaza
East Tower, 15th Floor
Uniondale, NY  11556-1425
ph  516-663-6604
fax 516-663-6804
mspero@rmfpc.com
www.rmfpc.com

# Exhibit B

# MATTHEW SPERO

| | |
|---|---|
| **From:** | MATTHEW SPERO |
| **Sent:** | Friday, January 25, 2008 4:23 PM |
| **To:** | 'Crowther, Curtis' |
| **Cc:** | HAROLD BERZOW; Patrick J. Reilley Esq. (E-mail) |
| **Subject:** | RE: Waldner's/AHM |
| **Importance:** | High |

Curtis, I note your response below does not include a direct answer to my request that AHM not sell, auction, or otherwise give away, tamper with, or destroy any of the goods previously sold by Waldner's to AHM.

You also informed me yesterday that some portion of the $348,061.05 of Reclaimed Goods currently sought by Waldner's (i.e. as identified in the invoices annexed to Waldner's complaint as Exhibit A) are currently being marketed for sale or auction. You also informed me yesterday that the Debtor was unwilling to agree to not tamper with, destroy, damage, disassemble, fabricate, transport, remove, transfer, sell, assign, pledge, or otherwise dispose of the Reclaimed Goods sought by Waldner's while the parties attempted to resolve their differences.

I again ask whether the Debtor will agree to not tamper with, destroy, damage, disassemble, fabricate, transport, remove, transfer, sell, assign, pledge, or otherwise dispose of the $348,061.05 of Reclaimed Goods sought by Waldner's while an attempt is being made to resolve the differences of the Parties. Unless the Debtor agrees, we will have no choice but to seek an emergency hearing on Monday.

Please advise.

Thank you.


Matthew V. Spero
Ruskin Moscou Faltischek, P.C.
1425 RexCorp Plaza
East Tower, 15th Floor
Uniondale, NY  11556-1425
ph  516-663-6604
fax 516-663-6804
mspero@rmfpc.com
www.rmfpc.com



-----Original Message-----
From: Crowther, Curtis [mailto:ccrowther@ycst.com]
Sent: Thursday, January 24, 2008 3:25 PM
To: MATTHEW SPERO
Subject: RE: Waldner's/AHM


AHM agrees not to require, at this time, that Waldner's pick up the furniture in the five offices at AHM's main office.


-------------------------------------
Curtis J. Crowther
Young Conaway Stargatt & Taylor, LLP
(302) 571-6755

1

```
-----Original Message-----
From:       MATTHEW SPERO [mailto:mspero@rmfpc.com]
Sent: Thursday, January 24, 2008 03:21 PM Eastern Standard Time
To:    Crowther, Curtis
Cc:    HAROLD BERZOW; Patrick J. Reilley Esq. (E-mail)
Subject:    Waldner's/AHM
```

Curtis, this will confirm the agreement we reached today by telephone wherein we agreed that American Home Mortgage ("AHM") would not require Waldner's to pick up any of the Reclaimed Goods, as defined in the Stipulation between the parties though now currently the subject of a dispute, within 10 days' of AHM's faxing or emailing copy of the order approving the Stipulation to Waldner's counsel, as required by paragraph 2 of the Stipulation.

If this does not comport with your understanding of our agreement, please let me know immediately.

Also, as discussed, please provide me with the specifics regarding any proposed sale of any goods sold by Waldner's to AHM, including the identity of the highest or otherwise most qualified bidder and the bid amount.

As discussed, please also let me know if AHM is amenable to returning all of the goods previously sold by Waldner's to AHM.

Additionally, Waldner's requests that AHM not sell, auction, or otherwise give away, tamper with, or destroy any of the goods previously sold by Waldner's to AHM. Please let me know whether AHM is in agreement. Waldner's would prefer not to have to seek a stay or other order from the Court if it can be avoided.

Thank you Curtis. I look forward to speaking with you.

Very truly yours,


Matthew V. Spero
Ruskin Moscou Faltischek, P.C.
1425 RexCorp Plaza
East Tower, 15th Floor
Uniondale, NY  11556-1425
ph  516-663-6604
fax 516-663-6804
mspero@rmfpc.com
www.rmfpc.com