## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------- x

In re:                                          :    Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS,                :    Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]        :
                                                :    Jointly Administered
        Debtors.                                :
                                                :    **Objection Deadline: February 19, 2008 at 4:00 p.m. (ET)**

--------------------------------------------------- x

### NOTICE OF FILING OF SETTLEMENT AGREEMENTS PURSUANT TO
### SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019

TO:     (I) THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (II)
        COUNSEL TO THE COMMITTEE; (III) COUNSEL TO THE DEBTORS'
        POSTPETITION LENDER; AND (IV) ALL PARTIES ENTITLED TO NOTICE
        UNDER DEL. BANKR. LR 2002-1(B)

        **PLEASE TAKE NOTICE** that, in accordance with the Order Pursuant to

Bankruptcy Rule 9019 and Section 105 of the Bankruptcy Code, Authorizing the Debtors to

Adopt and Implement Omnibus Settlement Procedures for Notice and Settlement of Certain State

Court Causes of Action Filed By the Debtors [Docket No. 2209] (the "Order"),[2] the Debtors in

the above captioned bankruptcy cases have filed the following settlement agreements: (i) the

settlement agreement and release by and between American Home Mortgage Acceptance, Inc.

and Diane Bell, Alltex Lending Services, LLC, Allpoints Services Corporation, United Group,

Diamond State Insurance Company, attached hereto as Exhibit B, which settles certain causes of

action for the amount of $62,500 and (ii) settlement agreement by and between American Home

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]  A copy of the Order is attached hereto as Exhibit A.

Mortgage Corp. and Met America Mortgage Bankers, Inc., attached hereto as <u>Exhibit C</u>, which

settles certain causes of action for the amount of $14,000 (the "<u>Settlements</u>").

  **PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, any

objections or responses are to be filed on or before **February 19, 2008 at 4:00 p.m. (ET)** (the

"<u>Objection Deadline</u>") with the United States Bankruptcy Court for the District of Delaware, 3rd

Floor, 824 Market Street, Wilmington, Delaware 19801 and served upon each of the following

parties so as to be received on or before the Objection Deadline: (i) the Office of the United

States Trustee, (ii) counsel to the Debtor, (iii) counsel to the Committee, (iv) counsel to the

Debtors' Postpetition Lender, and (iv) those parties requesting notice pursuant to Bankruptcy

Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b).

  **PLEASE TAKE FURTHER NOTICE** that if an objection or response is not

filed by the Objection Deadline, the Debtors will file a certificate of no objection after which the

Settlements shall be deemed approved pursuant to Bankruptcy Rule 9019, section 105 of the

Bankruptcy Code, and the terms set forth in the Order without further order from the Court.

Dated: Wilmington, Delaware   YOUNG CONAWAY STARGATT & TAYLOR, LLP
   January 30, 2008

         James L. Patton, Jr. (No. 2202)
         Robert S. Brady (No. 2847)
         Pauline Morgan (No. 3650)
         Matthew B. Lunn (No. 4119)
         Donald J. Bowman, Jr. (No. 4383)
         The Brandywine Building
         1000 West Street, 17th Floor
         P.O. Box 391
         Wilmington, Delaware 19899-0391
         Telephone:  (302) 571-6600
         Facsimile:  (302) 571-1253

         Counsel for the Debtor and Debtor-in-Possession

## EXHIBIT A

### Order

066585.1001

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
                                               :
In re:                                         :   Chapter 11
                                               :
AMERICAN HOME MORTGAGE HOLDINGS,               :   Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,¹         :
                                               :   Jointly Administered
                                               :
Debtors.                                       :   Ref. Docket No.: 1916
                                               :
------------------------------------------------------------ x
```

### ORDER, PURSUANT TO BANKRUPTCY RULE 9019 AND SECTION 105 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO ADOPT AND IMPLEMENT OMNIBUS SETTLEMENT PROCEDURES FOR NOTICE AND SETTLEMENT OF CERTAIN STATE COURT CAUSES OF ACTION FILED BY THE DEBTORS

Upon consideration of the motion (the "Motion")² of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to adopt and implement the omnibus Settlement Procedures for the notice and settlement of Affirmative Cases; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefore; it is hereby

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

² Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, in their sole discretion, to settle

Affirmative Cases pursuant to the Settlement Procedures set forth below:

a.    The Debtors may negotiate, compromise or settle any Affirmative Cases. The Debtors shall file notice of the proposed settlement along with a copy of the proposed settlement agreement (the "Settlement Notice") and serve same on (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the Debtors' Postpetition Lender; and (iv) all parties entitled to notice under Del. Bankr. LR 2002-1(b) (collectively, the "Notice Parties");

b.    Objections must be filed with the Bankruptcy Court and served upon counsel to the Debtors and the Notice Parties so as to be received on or before twenty (20) days or such later date agreed to by the Debtors (the "Notice Period") after service of the Settlement Notice;

c.    If no objection to the proposed settlement is filed and served within the Notice Period, then the Debtors shall file with the Bankruptcy Court a certificate of no objection after which the proposed settlement shall be deemed approved pursuant to Bankruptcy Rule 9019 and section 105 of the Bankruptcy Code;

d.    If an objection is received from one or more of the Notice Parties, during the Notice Period the Debtors shall not proceed with the proposed settlement unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the settlement by separate order entered after the Debtors file a motion and notice;

e.    With respect to a proposed settlement reached and approved pursuant to the Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing.

f.    The Debtors shall use good-faith efforts to timely respond to informal requests for information from Notice Parties relating to settlements proposed under the Settlement Procedures.

and it is further

ORDERED that nothing contained in this Order is intended to abrogate or

otherwise affect the jurisdiction of courts in which Affirmative Cases are pending; and it is

further

ORDERED that this Court shall retain jurisdiction over any and all matters

arising from or related to the interpretation or implementation of this Order.

Date:   Wilmington, Delaware
        November 2̲3̲, 2007

Christopher S. Sontchi
United States Bankruptcy Judge

# EXHIBIT B

## SETTLEMENT AGREEMENT AND RELEASE

STATE OF TEXAS      §
                       §      KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF HARRIS     §

1.     "Releasing Parties" are:

    a.     American Home Mortgage Acceptance, Inc. and

    b.     the bankruptcy trustee for American Home Mortgage Acceptance, Inc., the parent corporations, subsidiary corporations, successors in interest, directors, shareholders, owners, agents, employers, employees, legal representatives, attorneys and insurers of 1a.

2.     "Released Parties" are:

    a.     Diane Bell;

    b.     the heirs, executors, administrators, legal representatives and assigns of 2a above,

    c.     Alltex Lending Services, LLC

    d.     Allpoints Appraisal, Inc.;

    e.     Allpoints Services Corporation/Alltex Realty Services

    f.     United National Group;

    g.     Diamond State Insurance Company;

    h.     the subsidiaries, parent corporations, subsidiary corporations, successors in interest, directors, shareholders, owners, agents, employers, employees, legal representatives, attorneys and insurers of 2c, 2d, 2e, 2f and 2g above.

3.     Releasing Parties in consideration of the total sum of Sixty Two Thousand Five Hundred and No/100 Dollars ($62,500.00) , (hereinafter the "settlement sum") cash in hand paid, the receipt of which is hereby acknowledged and confessed do RELEASE, ACQUIT and FOREVER DISCHARGE Released Parties from any and all claims, demands and causes of action, of whatsoever nature, whether in contract or in tort, statutory or otherwise, under the Texas Deceptive Trade Practices Act or for breach of the duty of good faith and fair dealing, which have accrued or may ever accrue to Releasing Parties in anyway arising from the various appraisals done by Diane Bell while she was employed by Alltex Lending Services, LLC of a property located at 5150 Hidalgo, Unit 1902, Houston, Harris County, Texas in the years 2003 and 2004 that were provided to My House Mortgage, Inc. and subsequently submitted to American Home Mortgage Acceptance, Inc. for financing provided to Lena Patty (hereinafter the collectively referred to as the "occurrence").

4.     The Sixty Two Thousand Five Hundred and No/100 Dollars ($62,500.00) settlement sum paid to American Home Mortgage Acceptance, Inc. and its attorneys, Harold Hilborn of the law firm of Varga Berger Ledsky Hayes & Casey and Rhett Holidy of the law firm of Germer

Gertz, L.L.P., herein by the Released Parties will be apportioned among the Releasing Parties in accordance with an agreement amongst the Releasing Parties and their attorneys, the bankrupt estate and/or lienholders.

5.  Releasing Parties hereby acknowledge and agree that the Released Parties shall be fully discharged and released by payment of the settlement sum to the Releasing Parties and approval of the terms of this Settlement Agreement and Release ("Agreement") by the U.S. Bankruptcy Court for the District of Delaware ("Bankruptcy Court"). The Released Parties shall thereby be relieved of any responsibility or liability as to the manner in which this settlement sum shall be disbursed among the Releasing Parties or any of its attorneys, lienholders and/or creditors. In the event the Bankruptcy Court does not approve this Agreement, the settlement sum described in Paragraph 3 shall be promptly returned to Released Parties.

6.  The aforementioned settlement sum is accepted by the Releasing Parties in full compromise and settlement of any and all claims and causes of action which American Home Mortgage Acceptance, Inc. in any capacity, may have against Released Parties whether for any cause of action and other loss or damage of any kind whatsoever due to the above-described occurrence and the lawsuit styled Cause No. H-06-1851; *American Home Mortgage Acceptance, Inc. vs. Alltex Lending Services, LLC, My House Mortgage, L.L.C. and Diane Bell*; In the United States District Court for the Southern District of Texas, Houston Division (hereafter sometimes referred to as the "lawsuit"); which was filed as a result of the above described occurrence.

7.  In consideration of the settlement sum, Releasing Parties understand and agree that this is all of the money that Releasing Parties will ever recover against Diane Bell, Alltex Lending Services, LLC, Allpoints Appraisal, Inc. and any of the other named Released Parties as a result of the occurrence.

8.  In addition to the foregoing, Releasing Parties expressly agree to the entry of an Agreed Order, Motion to Dismiss With Prejudice, Motion for Non-Suit With Prejudice, Agreed Final Judgment or any other document to dispose of this case in its entirety in said lawsuit or any other case brought by Releasing Parties whereby Diane Bell and Alltex Lending Services, LLC and any of the named Released Parties are named as liable parties as Diane Bell and Alltex Lending Services, LLC and any of the named Released Parties are fully and finally acquitted, discharged and released from any and all liability to Releasing Parties as a result of this Settlement Agreement and Release.

9.  As a part of the consideration for the payment of the above mentioned settlement sums, Releasing Parties have expressly warranted and represented, and do hereby warrant and represent to each and all of the Released Parties that

    a.  Releasing Parties are legally competent to execute this release agreement;
    b.  Releasing Parties have the authority to execute this release agreement on behalf of

American Home Mortgage Association, Inc. even though it is currently in bankruptcy;

c.  American Home Mortgage Association, Inc. is authorizing the settlement sum to be forwarded to the law firm of Varga Berger Ledsky Hayes & Casey and any monies that need to be distributed into the bankruptcy estate for American Home Mortgage Association, Inc. from this settlement sum will be the sole responsibility of the law firm of Varga Berger Ledsky Hayes & Casey;

d.  The Releasing Parties have not assigned, pledged or otherwise in any manner whatsoever sold or transferred either by instrument in writing, or otherwise, any right, title, interest or claim which any of the Releasing Parties have or may have by reason of the occurrence described above, or any matters arising out of or relating thereto, except perhaps to their attorneys of record in this lawsuit;

f.  Releasing Parties will be solely liable and responsible for liens of record, if any, from any attorney(s), insurance companies or any other third parties as a result of the occurrence and/ or lawsuit described above.

10.  American Home Mortgage Acceptance, Inc. represents to Released Parties that Bankruptcy Court approval is necessary for any settlement pursuant to this Agreement to be effective and final and that the Bankruptcy Court approval process entails filing this Agreement with the Bankruptcy Court and allowing a 20-day objection period to lapse. Except as provided for by the Bankruptcy Court Order, pursuant to Bankruptcy Rule 9019 and Section 105 of the Bankruptcy Code authorizing the Debtors to adopt and implement Omnibus Settlement Proceedings (Bankruptcy Court Docket Entry #2209), as part of the consideration for payment of the settlement sum mentioned above, Releasing Parties represent and warrant that the existence and terms of this Settlement Agreement and Release, specifically including, but not limited to, the amount of consideration agreed to and the underlying facts and allegations of this suit not already disclosed in pleadings shall remain confidential, and shall not be disclosed to anyone unless required to do so pursuant to court order. As further consideration for payment of the settlement sum mentioned above, Releasing Parties and Releasing Parties representatives will not release, publish or otherwise communicate any of the terms or conditions of this settlement agreement or the amount paid or divulge the circumstances surrounding the alleged improper conduct made the subject of the claims and contained in this lawsuit.

11.  The Releasing Parties further understand and agree that it shall be responsible to bear and otherwise pay for all the costs and expenses incurred by it, to pay its attorneys fees, if any, and any and all liens related to the above-described occurrence for Releasing Parties, if any, not already paid, from the aforementioned sum.

12.  The payment of said sum by the Released Parties to the Releasing Parties is not to be construed as an admission of liability, all liability being expressly denied.

13.  Releasing Parties expressly warrant and represent to the Released Parties, as part of the consideration for the payment of the above-mentioned sum of money, that before executing

this instrument, Releasing Parties have fully informed themselves of its terms, contents, conditions and effects; that in making this settlement, no promise or representation of any kind has been made to Releasing Parties by the Released Parties or anyone acting for them, except as is expressly stated in this instrument. Releasing Parties have relied solely and completely upon its own judgment and the advice of counsel of its choosing, if any, and fully understand that the sum of money mentioned above is all the money that is ever to be paid to Releasing Parties or any other party by Released Parties for claims arising out of the above-described occurrence and/or lawsuit.

14. It is also expressly agreed and understood that in the event any part of this Settlement Release is declared or rendered unenforceable for any reason, such part shall be considered stricken and all other parts shall continue in full force and effect.

15. It is also expressly agreed and understood that this instrument shall be interpreted and applied according to the laws of the State of Texas.

WITNESS THESE SIGNATURES ON THE DATE EACH IS NOTARIZED.

AMERICAN HOME MORTGAGE ACCEPTANCE, INC.

By: _____
Printed Name: ___JOHN K RANS___
Title: _____SVP_____

VARGA BERGER LEDSKY HAYES & CASEY

By: _____
Printed Name: _Michael D. Hayes_
Title: _V. P. and Shareholder_
Settlement agreement and release signed only for purposes of paragraph 9c and 10

STATE OF _New York_            §
                              §
COUNTY OF _Suffolk_           §

BEFORE ME, the undersigned authority, on this day personally appeared _John Kales_ corporate representative for American Home Mortgage Acceptance, Inc.,  known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she has the authority to execute this settlement agreement and release and executed same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this ___28___ day of ___January___, 2008.

My Commission Expires:

_____          _Arlene Parks_____
**ARLENE PARKS**                         Notary Public in and for the
Notary Public State of New York          State of _New York_____
No. 01PA6111185
Qualified In Suffolk County
Commission Expires June 4, 2008

STATE OF _Illinois_           §
                              §
COUNTY OF _Cook_              §

BEFORE ME, the undersigned authority, on this day personally appeared _Michael Hayes_ authorized representative for Varga Berger Ledsky Hayes & Casey known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she has the authority to execute this settlement agreement and release and executed same for the purposes and consideration therein expressed as to the representations in paragraph 9d.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this _28th_ day of ___January___, 2008.

My Commission Expires:

_____12/05/10_____          _Rita A. Ayers_____
                                     Notary Public in and for the
                                     State of _Illinois_____

OFFICIAL SEAL
RITA A AYERS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/05/10

f:\common\u3\ahmc\02 08-01-24z

Page 5 of 5

# EXHIBIT C

066585.1001

ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5357
bgoodman@zeklaw.com

January 25, 2008

**BY E-MAIL**

Sharon H. Stern, Esq.
Troutman Sanders LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

**American Home Mortgage Corp. v. Met America Mortgage Bankers, Inc.**
**Index No. 602030/07**

Dear Ms. Stern:

This shall confirm that the American Home Mortgage Corp. ("American Home") and Met America Mortgage Bankers, Inc. ("Met America") have agreed to a settlement in the referenced action (the "Action") on the following terms:

Upon the execution of this Agreement Met America shall pay American Home $14,000. by check payable to the order of "Zeichner Ellman & Krause LLP, as Attorneys" in settlement of the Action (the "Settlement Payment"). We will deposit the Settlement Payment in escrow for the benefit of American Home pending approval of this settlement by the United States Bankruptcy Court for the District of Delaware, the Court in which the American Home bankruptcy is proceeding (the "Bankruptcy Court"). The parties to this agreement understand that by this agreement Met America acquires no rights in any mortgages or underlying real property securing such mortgages (or to any proceeds of either) that are the subject of the Action, or otherwise. Upon approval of the settlement embodied in this agreement by the Bankruptcy Court: (i) American Home and Met America will discontinue the Action with prejudice in the form annexed hereto as Exhibit A, (ii) American Home and Met America will exchange Releases in the forms annexed hereto as Exhibit B, and (iii) we will disburse from our escrow account the Settlement Payment for the benefit of American Home. In the event that the Bankruptcy Court does not approve this settlement, we will return the

ZEICHNER ELLMAN & KRAUSE LLP

Sharon H. Stern, Esq.
January 25, 2008
Page 2

Settlement Payment to Met America within 30 days of our receipt of written notice of such disapproval by the Bankruptcy Court.

If any payments of money made to American Home by Met America pursuant to the terms of this agreement should for any reason subsequently be declared to be "fraudulent" (within the meaning of any state or federal law relating to fraudulent conveyances), preferential, or otherwise voidable or recoverable, in whole or in part for any reasons, under the Bankruptcy Code or any other federal or state law (collectively referred to herein as "Voidable Transfers") and American Home is required to repay or restore the amount of any such Voidable Transfers or any portion thereof, then, as to the amount repaid or restored pursuant to any such Voidable Transfer (including all costs, expenses and attorneys' fees of American Home thereto) American Home's claim shall automatically be revived, reinstated and restored, and shall exist as though such Voidable Transfer had never been made to American Home. Nothing set forth herein is an admission that such Voidable Transfer has occurred or will occur. Met America expressly acknowledges that American Home may rely upon advice of counsel and, if so advised by counsel, may settle, without defending, any action to void any alleged Voidable Transfer, and that upon such settlement Met America shall again be liable for any deficiency resulting from such settlement as provided in this Agreement.

Please countersign this letter below and return it to me to confirm the agreement of your client to the terms set forth in this letter.

Very truly yours,

Bruce S. Goodman

Accepted and Agreed:
Troutman Sanders LLP

By: _____
    Sharon H. Stern, Esq.
    Attorneys for Defendant

BG/jd

515091.v2/10331-055/BG

ZEICHNER ELLMAN & KRAUSE LLP

Sharon H. Stern, Esq.
January 25, 2008
Page 2

Settlement Payment to Met America within 30 days of our receipt of written notice of
such disapproval by the Bankruptcy Court.

If any payments of money made to American Home by Met America
pursuant to the terms of this agreement should for any reason subsequently be declared
to be "fraudulent" (within the meaning of any state or federal law relating to fraudulent
conveyances), preferential, or otherwise voidable or recoverable, in whole or in part for
any reasons, under the Bankruptcy Code or any other federal or state law (collectively
referred to herein as "Voidable Transfers") and American Home is required to repay or
restore the amount of any such Voidable Transfers or any portion thereof, then, as to the
amount repaid or restored pursuant to any such Voidable Transfer (including all costs,
expenses and attorneys' fees of American Home thereto) American Home's claim shall
automatically be revived, reinstated and restored, and shall exist as though such
Voidable Transfer had never been made to American Home. Nothing set forth herein is
an admission that such Voidable Transfer has occurred or will occur. Met America
expressly acknowledges that American Home may rely upon advice of counsel and, if
so advised by counsel, may settle, without defending, any action to void any alleged
Voidable Transfer, and that upon such settlement Met America shall again be liable for
any deficiency resulting from such settlement as provided in this Agreement.

Please countersign this letter below and return it to me to confirm the
agreement of your client to the terms set forth in this letter.

Very truly yours,

Bruce S. Goodman

Accepted and Agreed:
Troutman Sanders LLP

By: _____
Sharon H. Stern, Esq.
Attorneys for Defendant

BG/jd

515091.v2/10331-055/BG

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------- X

AMERICAN HOME MORTGAGE CORP.,                 :    Index No. 602030/07
Individually and as assignee of Union Federal Bank of   :
Indianapolis,                                               :

                                                                 :

                                      Plaintiff,                              :

              -against-                                   :    **STIPULATION**
                                                    :    **OF DISCONTINUANCE**
MET AMERICA MORTGAGE BANKERS, INC.           :    **WITH PREJUDICE**

                                                           :

                                Defendants.                            :

-------------------------------------------------- X

                **IT IS HEREBY STIPULATED AND AGREED**, by and between the

undersigned, the attorneys of record for all parties to the above entitled action, that whereas no

party hereto is an infant, incompetent person for whom a committee has been appointed or

conservatee and no person not a party has an interest in the subject matter of the action, the

above entitled action be, and the same hereby is discontinued with prejudice, without costs to

either party as against the other.

Dated: New York, New York
       January __, 2008

ZEICHNER ELLMAN & KRAUSE LLP    TROUTMAN SANDERS LLP

By:_____    By:_____
      Bruce S. Goodman, Esq.              Sharon H. Stern, Esq.
      575 Lexington Avenue               405 Lexington Avenue
      New York, New York 10022         New York, New York 10174
      (718) 223-0400                       (212) 704-6000
      *Attorneys for Plaintiff*              *Attorneys for Defendant*

# EXHIBIT B

B 111—General Release by Corporation: 11-98                                    BlumbergExcelsior, Inc.
                                                                               PUBLISHER NYC 10013

## To all to whom these Presents shall come or may Concern, Know That

AMERICAN HOME MORTGAGE CORP. *(See attached.)

A corporation organized under the laws of the State of                         , as RELEASOR,
in consideration of the sum of

                                                                               ($14,000.00    ),
received from

        MET AMERICA MORTGAGE BANKERS, INC.

receipt whereof is hereby acknowledged, releases and discharges                as RELEASEE,

                                                          **(See attached.)
                                            the RELEASEE, RELEASEE'S heirs, executors, adminis-
trators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings,
bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments,
extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the
RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by
reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

relating to the claims in the action captioned American Home Mortgage Corp. v. Met
America Mortgage Bankers, Inc., Index No. 602030/07 pending in the Supreme Court of the
State of New York, New York County and any claims that Releasor may have against
Releasee under the American Home Correspondent's Agreement dated March 29, 2006, or the
Correspondent Lending Agreement, dated December 28, 2004, relating to the following
mortgage loans, Bryant, Loan No.: 1011736; Wynick, Loan No.: 1270075; Shifflett, Loan
No.: 1571010; and Ingram, Loan No.: 1183079.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.
This RELEASE shall not be changed orally.

    In Witness Whereof, the RELEASOR has caused this RELEASE to be executed by its duly authorized officers
and its corporate seal to be hereunto affixed on

    In presence of:

                                                    .......................................................................

                                          By .......................................................................

State of New York, County of                    SS.:  ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)
On                              before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose
name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s),
or the person upon behalf of which the individual(s) acted, executed the instrument.

                                          .......................................................................
                                          *(signature and office of individual taking acknowledgment)*

*If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."*

*

on behalf of itself and its past, present and future parents, assignors (including Union Federal Bank of Indianapolis), subsidiaries, affiliates, divisions, and unites and its and their respective employees, agents, representatives, officers, directors, stockholders, predecessors, successors, and assigns (and each of the foregoing natural person's)

**

and its past, present and future parents, assignors, subsidiaries, affiliates, division, and units and its and their respective, employees, agents, representatives, officers, directors, stockholders, predecessors, successor, and assigns (and each of the foregoing natural person's)

B 111—General Release by Corporation: 11-98

BlumbergExcelsior, Inc.
PUBLISHER NYC 10013

## To all to whom these Presents shall come or may Concern,

**Know That**    Met America Mortgage Bankers, Inc. *(See attached))

A corporation organized under the laws of the State of
in consideration of the sum of

received from    American Home Mortgage Corp.

, as RELEASOR,

($ 10.00    ),

receipt whereof is hereby acknowledged, releases and discharges

as RELEASEE,

**(See attached.)
the RELEASEE, RELEASEE'S heirs, executors, adminis-
trators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings,
bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments,
extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the
RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by
reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.
relating to the claims in the action captioned American Home Mortgage Corp. v. Met
America Mortgage Bankers, Inc., Index No. 602030/07 pending in the Supreme Court of
the State of New York, New York County, and any claims that Releasor may have against
Releasee under the American Home Correspondent's Agreement dated March 29, 2006, or the
Correspondent Lending Agreement dated December 28, 2004, relating to the following
mortgage loans, Bryant, Loan No: 1317105; Wyrick, Loan No.: 1270075; Shifflett, Loan
No.: 1571010; and Ingram, Loan No. 1188679.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE shall not be changed orally.

**In Witness Whereof,** the RELEASOR has *caused this RELEASE to be executed by its duly authorized officers
and its corporate seal to be hereunto affixed* on

**In presence of:**

.................................................................

By ..........................................................

State of New York, County of
On

SS.: ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)
before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose
name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s),
or the person upon behalf of which the individual(s) acted, executed the instrument.

.................................................................
*(signature and office of individual taking acknowledgment)*

*If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."*

*

on behalf of itself and its past, present and future parents, assignors (including Union
Federal Bank of Indianapolis), subsidiaries, affiliates, divisions, and unites and its and their
respective employees, agents, representatives, officers, directors, stockholders,
predecessors, successors, and assigns (and each of the foregoing natural person's)

**

and its past, present and future parents, assignors, subsidiaries, affiliates, division, and
units and its and their respective, employees, agents, representatives, officers, directors,
stockholders, predecessors, successor, and assigns (and each of the foregoing natural
person's)