IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | **Hearing Date: February 28, 2008 at 11:00 a.m.** **Objection Deadline: February 21, 2008 at 4:00 p.m.** |

**SEVENTH MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS**

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby move the Court (the "Motion"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing the Debtors to reject certain executory contracts identified on Exhibit A (collectively, the "Rejected Contracts"). In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

for the relief requested herein are sections 105(a) and 365(a) of the Bankruptcy Code, along with Bankruptcy Rules 6006 and 9014.

## BACKGROUND[2]

2. On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their properties and have continued to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. An official committee of unsecured creditors (the "Committee") was appointed on August 14, 2007. No trustee or examiner has been appointed.

## RELIEF REQUESTED

4. By this Motion, the Debtors respectfully request the entry of an order, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, authorizing the rejection of the Rejected Contracts. Further, the Debtors request that rejection of the Rejected Contracts be effective retroactively as of January 31, 2008.

## BASIS FOR RELIEF REQUESTED

### A. Rejection of the Rejected Contracts

5. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject an executory contract or an unexpired lease." 11 U.S.C. § 365(a); see also University Med. Ctr. v. Sullivan (In re University Med. Ctr.), 973 F.2d 1065, 1075 (3d Cir. 1992). The Court may approve a debtor's rejection of an executory contract or unexpired lease if such rejection is made in the exercise of such debtor's sound business judgment, and if such rejection benefits the debtor's estate. See, e.g., Sharon Steel Corp. v. Nat'l

[2] The facts set forth herein are derived from the Declaration of Michael Straus In Support of the Debtors' Chapter 11 Petitions and First Day Relief [D.I. 2], which is incorporated by reference as if fully set forth herein at length.

Fuel Gas Distrib. Corp., 872 F.2d 36, 39 (3d Cir. 1989); NLRB v. Bildisco & Bildisco (In re Bildisco), 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 513 (1984); In re Patterson, 119 B.R. 59 (E.D. Pa. 1990). See also, In re Federated Dep't. Stores, Inc., 131 B.R. 808, 811 (S.D. Ohio 1991) ("Courts traditionally have applied the business judgment standard in determining whether to authorize the rejection of executory contracts and unexpired leases"); Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("[u]nder the business judgment test, . . . [a court should approve a debtor's proposed rejection] if the debtor can demonstrate that rejection will benefit the estate"). It is enough if a debtor determines in its business judgment that a benefit will be realized. Sharon Steel Corp., 872 F.2d at 39 (citing Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.), 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987)). The business judgment standard requires that the Court approve the debtor's business decision unless that judgment is the product of bad faith, whim or caprice. Lubrizol Enter., Inc. v. Richmond Metal Finishers, 756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986).

6. As an integral component of the Debtors' efforts to maximize value for their estates and creditors by, among other things, eliminating unnecessary operating costs, the Debtors have determined, in the exercise of their business judgment, that it is in the best interest of their estates and creditors to avoid the accrual of any further obligations under the Rejected Contracts. The economic burden associated with performing under these agreements, the wind-down of the Debtors' operations, and the lack of interest for potential assignment provide sufficient bases to justify the relief sought herein.

7. Moreover, the Debtors have reviewed the Rejected Contracts and determined that they hold no material economic value to the Debtors or their estates and are not

essential to the conduct of the Debtors' bankruptcy cases. The rejection of the Rejected Contracts will eliminate the Debtors' obligation to perform, and the accrual of any further administrative expense obligations under the Rejected Contracts.[3]

8. Accordingly, the Debtors submit that the rejection of the Rejected Contracts is within their sound business judgment and is in the best interest of the Debtors, their estates, creditors and other parties-in-interest.

**B. Retroactive Rejection**

9. The Debtors request that this Court approve the rejection of the Rejected Contracts effective as of January 31, 2008. Bankruptcy courts are empowered to grant retroactive rejection of executory contracts and unexpired leases under sections 105(a) and 365(a) of the Bankruptcy Code. See, e.g., Thinking Machines Corp. v. Mellon Fin. Serv. Corp. (In re Thinking Machines Corp.), 67 F.3d 1021, 1028 (1st Cir. 1995) (recognizing that bankruptcy courts are courts of equity that may enter orders authorizing retroactive rejection); In re Amber's Stores, Inc., 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (same).

10. Courts in this jurisdiction have previously considered the question of retroactive rejection of unexpired leases and executory contracts. See, e.g., In re Namco Cybertainment, Inc., Case No. 98-173 (Bankr. D. Del. 1998) (Walsh, J.). In In re Namco Cybertainment, the Court permitted retroactive rejection on the condition that (a) the premises (and the keys thereto) were surrendered with an unequivocal statement of abandonment to the landlord; (b) the motion was filed and served on the landlord; (c) the official committee has

[3] The Debtors do not concede that any of the Rejected Contracts are, in fact, unexpired or executory. Indeed, the Debtors contend that certain of the Rejected Contracts included on Exhibit A have either expired or been terminated prior to the Petition Date. Nonetheless, out of an abundance of caution, such agreements are included in the relief requested herein. The Debtors also reserve their rights to argue that any claim for damages arising from the rejection of the Rejected Contracts is limited to the remedies available under any applicable termination provision of such Rejected Contract, or that any such claim is an obligation of a third party, and not that of the Debtors.

consented to the relief requested in the motion; and (d) the debtor acknowledged that it would not have the right to withdraw the motion.

11. The Debtors will have effectively satisfied the criteria for retroactive rejection of the Rejected Contracts by or before January 31, 2008. The Debtors will send letters (the "Rejection Letters") to each of the known counterparties to the Rejected Contracts unequivocally surrendering any property subject to such agreements, in a manner to be received by the counterparties by January 31, 2008. Second, the filing and service of this Motion further informs each of the counterparties to the Rejected Contracts that the Debtors are unequivocally surrendering any property subject to the Rejected Contracts as of January 31, 2008. Finally, the Debtors hereby acknowledge that they will not have the right to withdraw the Motion.

12. Based upon the foregoing facts and circumstances, the Debtors submit that the rejection of the Rejected Contracts in the manner set forth above is supported by sound business judgment, and is necessary, prudent and in the best interests of the Debtors, their estates, creditors and parties in interest.

13. In accordance with the *Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1708], the Debtors respectfully request that the Order authorizing the relief requested herein (the "Rejection Order") provide that all claims allegedly arising from the rejection of the Rejected Contracts (each, a "Rejection Claim") must be filed on or before the date which is thirty (30) days from the entry of such Rejection Order (the "Rejection Bar Date"). Any holder of a Rejection Claim who fails to timely file a proof of such claim on or before the Rejection Bar Date shall not be treated as a creditor for purposes of

voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim.

**NOTICE**

14. Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the counterparties to the Rejected Contracts; (v) counsel to the Debtors' postpetition lender; (vi) the Securities and Exchange Commission; and (vii) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto authorizing (i) the rejection of the Rejected Contracts as of January 31, 2008, and (ii) granting such other and further relief as this Court deems just and proper.

Dated: Wilmington, Delaware
January 31, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kenneth J. Enos (No. 4544)
Robert F. Poppiti, Jr. (No. 5052)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

**EXHIBIT A**

**Executory Contracts to be Rejected**

| DESCRIPTION OF CONTRACT | COUNTERPARTY TO CONTRACT | EFFECTIVE DATE OF REJECTION |
|---|---|---|
| Mortgage Metrics License Agreement, dated as of June 27, 2006<br><br>(intellectual property license agreement) | Moody's Investors Service, Inc.<br>99 Church Street<br>New York, NY 10007 | January 31, 2008 |
| License Agreement, dated as of December 22, 2005<br><br>(intellectual property license agreement) | Moody's Wall Street Analytics, Inc.<br>395 Oyster Point Boulevard, Suite 215<br>South San Francisco, CA 94080 | January 31, 2008 |