IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re:                                                            :   Chapter 11
                                                                  :
AMERICAN HOME MORTGAGE                                             :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]                :
                                                                  :   Jointly Administered
                                    Debtors.                      :
                                                                  :   **Objection Deadline: February 11, 2008 at 4:00 p.m.**
                                                                  :   **Hearing Date: February 14, 2008 at 11:00 a.m.**
------------------------------------------------------------------ x   **(Only if Objections Filed)**

## MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) AND LOCAL RULE 2002-1(e) ESTABLISHING A BAR DATE FOR FILING PROOFS OF CLAIM BY CONSTRUCTION LOAN AND HELOC BORROWERS AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware

corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and

debtors in possession in the above cases (collectively, "AHM" or the "Debtors"), by and through

their undersigned attorneys, hereby move this Court (the "Motion"), pursuant to Rule 3003(c)(3)

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(e) of

the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court

for the District of Delaware (the "Local Rules"), for the entry of an order: (i) establishing April

30, 2008 at 4:00 p.m. (Eastern Time) (the "Borrowers Bar Date") as the deadline by which all

borrowers under construction loans and home equity line of credit mortgage loans (collectively, the

"Borrowers") must file proofs of claim in these chapter 11 cases; and (ii) approving the form and

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number,
       are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland
       corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation
       (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267);
       American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage
       Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement
       Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a
       New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New
       York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

manner of the notices of the Borrowers Bar Date (the "Borrowers Bar Date Notices") and finding

that the proposed notices of the Borrowers Bar Date to Borrowers in the form and manner set

forth herein is fair, reasonable, and adequate.  In support of this Motion, the Debtors respectfully

represent as follows:

## JURISDICTION

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter

is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      The predicates for the relief requested herein are Bankruptcy Rule

3003(c)(3) and Local Rule 2002-1(e).

## BACKGROUND

3.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with

this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11

U.S.C. §§ 101 et seq. (the "Bankruptcy Code").  Each Debtor is continuing to operate its

business and manage its properties as a debtor in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

4.      The Debtors' cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to an order of this Court.

5.      On August 14, 2007, the United States Trustee for the District of Delaware

appointed The Official Committee of Unsecured Creditors (the "Committee").  No trustee or

examiner has been appointed.

6.      On September 18, 2007, the section 341(a) meeting of creditors (the "341

Meeting") was held.

2

7.      On October 5, 2007, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), which were subsequently amended on November 6, 2007.

8.      On October 30, 2007, the Court entered the Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Docket No. 1708] (the "General Bar Date Order"). Pursuant to the General Bar Date Order, the Court established January 11, 2008 at 4:00 p.m. (Eastern Time) as the deadline for all entities, other than governmental units, holding prepetition claims against the Debtors to file a proof of claim. The General Bar Date Order further established February 4, 2008 at 4:00 p.m. (Eastern Time) as the deadline for all governmental units holding prepetition claims against the Debtors to file a proof of claim.

## THE DEBTORS' BUSINESS[2]

9.      Prior to the filing of these bankruptcy cases, AHM's business primarily entailed the origination, servicing, and sale of mortgage loans, as well as investment in mortgage loans and mortgage-backed securities resulting from the securitizations of residential mortgage loans. AHM also invested in securitized mortgage loans originated by others and originated and sold mortgage loans to institutional investors. AHM offered an array of mortgage products and primarily made loans to borrowers with good credit profiles. Most of its portfolio consisted of securitized adjustable-rate mortgage (ARM) loans of prime and alternate A quality.

10.     As of December 31, 2006, AHM held a leveraged portfolio of mortgage loans held for investment and mortgage-backed securities in the amount of approximately $15.6 billion. As of December 31, 2006, AHM operated more than 550 loan production offices located

---

[2]    The facts set forth herein are derived from the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief (the "First Day Declaration") [Docket No. 2], which is incorporated by reference as if fully set forth herein at length.

in 47 states and the District of Columbia, and made loans throughout all 50 states and the District

of Columbia. Certain of the Debtors originated mortgages through a network of loan origination

offices. In addition, AHM originated loans obtained from mortgage brokers and purchased loans

from correspondents. AHM originated approximately $58.9 billion in aggregate principal

amount of loans in 2006 and for the third quarter of 2006 was ranked as the nation's 10th largest

residential mortgage lender, according to National Mortgage News.

      11.    A large component of AHM's business is the servicing of loans, which is

conducted through AHM Servicing. The servicing business collects mortgage payments,

administers tax and insurance escrows, responds to borrower inquiries, and maintains control

over collection and default mitigation processes. As of December 31, 2006, AHM Servicing

serviced approximately 197,000 loans with an aggregate principal amount of approximately

$46.3 billion.

      12.    In the weeks prior to the Petition Date, an unprecedented disruption in the

credit markets caused major write-downs of the Debtors' loan and security portfolios and

consequently resulted in margin calls for hundreds of millions of dollars with respect to the

Debtors' loans. During this time, certain of the Debtors' warehouse lenders began to exercise

remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and

threatening the company's continued viability.

      13.    The Debtors' inability to originate loans and the exercise of remedies by

certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the

Debtors to discontinue their retail and indirect loan origination business. As a result, on August

3, 2007, the Debtors implemented a massive reduction in workforce, resulting in the termination

of over 6,500 employees.

4

14.    Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets

15.    On the Petition Date, the Debtors filed a motion [Docket No. 11], seeking authority, *inter alia*, to sell substantially all assets relating to the Debtors' mortgage loan servicing business (the "Servicing Business"). After a week long trial that commenced on October 15, 2007, by Order dated October 30, 2007 [Docket No. 1711], the Court approved the sale of the Servicing Business to AH Mortgage Acquisition Co., Inc. pursuant to the terms of that certain Asset Purchase Agreement dated as of September 25, 2007 (as amended and supplemented, and including all schedules, exhibits, and attachments thereto).

## THE CONSTRUCTION LOANS AND HELOCS

16.    In July of 2004, AHM assembled a team of experienced construction lending and mortgage banking professionals to establish a residential construction to permanent mortgage business. The Debtors' construction loan business is a full-service construction and renovation lending operation, beginning from the point of closing on the construction loan through draw administration and to final permanent mortgage loan. As of the Petition Date, the Debtors acted as lender or servicer for approximately 575 construction loans (collectively, the "Construction Loans") with approximately $341 million in committed balances and approximately $217 million in outstanding balances.

17.    Additionally, certain of the Debtors originated and acted as servicer for home equity line of credit mortgages (collectively, the "HELOCs") under several securitization trusts, including American Home Mortgage Investment Trust 2004-4, American Home Mortgage Investment Trust 2005-1, American Home Mortgage Investment Trust 2005-2, American Home

Mortgage Investment Trust 2005-4A, American Home Mortgage Investment Trust 2006-2, and

American Home Mortgage 2007-A (collectively, the "Trusts"). The Debtors estimate that there

are in excess of 5,000 HELOC borrowers. By Orders dated December 17, 2007, December 21,

2007 January 4, 2008 and January 8, 2008 [Docket Nos. 2398, 2484, 2592 and 2630,

respectively], the Court approved the transfer of the servicing of the HELOCs under the Trusts

from the Debtors to GMAC Mortgage LLC.

      18.    Although the Court previously established the General Bar Date for all

entities holding prepetition claims against the Debtors (with certain exceptions), it is possible

that the Borrowers did not receive actual notice of the General Bar Date. Accordingly, to ensure

that each Borrower is given adequate notice of his/her right to file a proof of claim in these cases,

the Debtors are seeking to establish a bar date specifically for the Borrowers.

## RELIEF REQUESTED

      19.    In order for the Debtors to fully administer these estates and to make

distributions under any chapter 11 plan confirmed in these cases, the Debtors must obtain

complete and accurate information regarding the nature, validity and amount of all claims[3] that

will be asserted in these chapter 11 cases. Consequently, the Debtors request that, pursuant to

Bankruptcy Rule 3003(c)(3), the Court (a) establish the Borrowers Bar Date and related claims

procedures proposed herein, and (b) approve the form and manner of the Borrowers Bar Date

Notices.

A.    *Establishment of the Borrowers Bar Date.*

      20.    Bankruptcy Rule 3003(c)(3) requires that the Court fix a time within

which proofs of claim must be filed. The Debtors anticipate that they, through their claims

---

[3]    The term "claim," as used herein, has the meaning given to it in section 101(5) of the Bankruptcy Code.

agent, will serve the Borrowers Bar Date Notices and a proof of claim form[4] upon all known

Borrowers within ten (10) business days after the date that an order is entered approving this

Motion and establishing the Borrowers Bar Date (the "Borrowers Bar Date Order"). The date on

which the Debtors actually serve the Borrowers Bar Date Notices and proof of claim forms is

referred to herein as the "Service Date." The Debtors request that the Court establish April 30,

2008 at 4:00 p.m. (Eastern Time) as the Borrowers Bar Date. The Borrowers Bar Date would be

the date by which the Borrowers under the Debtors' construction loans and HELOCs must file

proofs of claim. Except as provided below, the Borrowers Bar Date would apply to all

Borrowers holding claims against the Debtors.

      21.     The Borrowers Bar Date is applicable only to Borrowers under the

Debtors' construction loans and HELOCs. Any other entity asserting claims against any of the

Debtors must file a proof of claim with respect to each such Debtor in accordance with the terms

of the General Bar Date Order.

B.     *Borrowers Not Required to File Proofs*
       *of Claim by the Borrowers Bar Date.*

      22.     The Debtors propose that the following Borrowers, whose claims

otherwise would be subject to the Borrowers Bar Date, need not file proofs of claim:

     a.     any Borrower that has already properly filed a proof of claim against one
          or more of the Debtors with either EPIQ Bankruptcy Solutions, LLC
          ("EPIQ"), the Court-appointed claims agent in these cases, or the Clerk of
          the Court for the United States Bankruptcy Court for the District of
          Delaware;

     b.     any Borrower whose claim against the Debtors has been allowed by an
          order of the Court entered on or before the Borrowers Bar Date; or

     c.     any Borrower whose claim has been paid by the Debtors.

---

[4]    A complete description of the procedures by which this service will be accomplished is set forth *infra*.

DB02:6490276.4                                        066585.1001

C.    *Filing Proofs of Claim Against Multiple*
      *Debtors and Requirement to Identify Debtor.*

      23.    The Debtors propose that any Borrower asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor.  In addition, any Borrower filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

D.    *Effect of Failure to File Proofs of Claim.*

      24.    The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any Borrower that is required to file a proof of claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or the Borrowers Bar Date Order with respect to a particular claim against the Debtors, but fails to do so by the Borrowers Bar Date, shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim.

E.    *Procedures for Providing Notice of Borrowers*
      *Bar Date and Filing Proofs of Claim.*

      25.    The Debtors propose to serve on all known Borrowers under the Construction Loans (the "Construction Loan Borrowers"):  (a) a notice of the Borrowers Bar Date substantially in the form of the "Construction Loan Borrowers Bar Date Notice" attached hereto as Exhibit A1 and incorporated herein by reference; and (b) a proof of claim form substantially in the form of Official Form No. 10 (the "Proof of Claim Form," and together with the Construction Loan Borrowers Bar Date Notice, collectively, the "Construction Loan Borrowers Bar Date Notice Package").[5]

---

[5]    The Proof of Claim Form has been modified, and may be further modified in certain limited respects, to accommodate the claims process in these cases and to identify the potential claimant as a Borrower.

DB02:6490276.4                                                                                              066585.1001

26.     The Debtors propose to serve on all known Borrowers under the HELOCs (the "HELOC Borrowers"): (a) a notice of the Borrowers Bar Date substantially in the form of the "HELOC Borrowers Bar Date Notice" attached hereto as Exhibit A2 and incorporated herein by reference; and (b) a Proof of Claim Form (together with the HELOC Borrowers Bar Date Notice, the "HELOC Borrowers Bar Date Notice Package," and collectively with the Construction Loan Borrowers Bar Date Notice Package, the "Borrowers Bar Date Notice Packages").

27.     The Borrowers Bar Date Notices state, among other things, that proofs of claim must be filed with EPIQ on or before the Borrowers Bar Date. No later than ten (10) business days after the date that the Court enters the Borrowers Bar Date Order, the Debtors intend to mail, through EPIQ, by first class United States mail, postage prepaid, the Construction Loan Borrowers Bar Date Notice Package to all known Construction Loan Borrowers and the HELOC Borrowers Bar Date Notice Package to all known HELOC Borrowers. By fixing the Borrowers Bar Date as April 30, 2008, the Borrowers shall receive no fewer than sixty (60) days' notice of the Borrowers Bar Date, which exceeds the minimum notice period provided by Bankruptcy Rule 2002(a)(7).[6]

28.     For any claim to be validly and properly filed, a signed original of a completed proof of claim, together with any accompanying documentation required by

---

[6]     Bankruptcy Rule 2002(a)(7) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 20 days' notice by mail of . . . the time fixed for filing proofs of claim pursuant to [Bankruptcy] Rule 3003(c) . . . ." Local Bankruptcy Rule 2002-1(e) provides that "the debtor may request a bar date for the filing of proofs of claim or interests." The Rule further states that if the request gives ten (10) days' notice to the U.S. Trustee and Creditors' Committee, is filed after the Schedules are filed and the section 341(a) meeting of creditors has been held "and provides that the bar date shall be not less than sixty (60) days from the date that notice of the bar date is served (and not less than 180 days from the order for relief for governmental units), the request may be granted without notice and hearing."

Bankruptcy Rules 3001(c) and 3001(d),[7] must be delivered to EPIQ at the address identified on

the Borrowers Bar Date Notices so as to be received **no later than 4:00 p.m., Eastern Time, on**

**April 30, 2008**. The Debtors propose that Borrowers be permitted to submit proofs of claim in

person or by courier service, hand delivery or mail. Proofs of claim submitted by facsimile or e-

mail will not be accepted. Proofs of claim will be deemed filed when actually received by EPIQ.

If a Borrower wishes to receive acknowledgement of EPIQ's receipt of a proof of claim, the

Borrower also must submit to EPIQ by the Borrowers Bar Date and concurrently with submitting

its original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed,

stamped return envelope.

29.     The Debtors submit that establishing April 30, 2008, as the Borrowers Bar

Date in these chapter 11 cases will provide potential claimants with an adequate amount of time

after the mailing of the Borrowers Bar Date Notices within which to review their own books and

records and, if necessary, prepare and file proofs of claim. The Debtors also submit that the

notice of the Borrowers Bar Date in the form and manner as proposed by the Debtors herein is

fair and reasonable and will provide good, sufficient, and due notice to all Borrowers of their

rights and obligations in connection with claims they may assert against the Debtors' estates in

these chapter 11 cases.

F.     *Publication of Notice.*

30.     The Debtors believe that (a) it is necessary to provide notice of the

Borrowers Bar Date to Borrowers whose names and addresses are unknown to the Debtors and

---

[7]     Bankruptcy Rule 3001(c) requires as follows: "When a claim, or an interest in property of the debtor securing
the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing
has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the
claim."

Bankruptcy Rule 3001(d) requires that "[i]f a security interest in property of the debtor is claimed, the proof of
claim shall be accompanied by evidence that the security interest has been perfected."

066585.1001

(b) it is advisable to provide supplemental notice to known Borrowers. Therefore, pursuant to Bankruptcy Rule 2002(l),[8] the Debtors request authority to publish notice of the Borrowers Bar Date substantially in the form of the Borrowers Bar Date Notices (the "Borrowers Publication Notice," annexed hereto as Exhibit B) within ten (10) business days of the date of entry of the order granting this Motion in either the national edition of *The Wall Street Journal* or the national edition of *The New York Times.*

## NOTICE

31.     Pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(e), the Debtors will provide the United States Trustee for the District of Delaware and counsel to the Creditors' Committee with ten days' notice of this Motion. The Debtors otherwise meet all other criteria set forth in Local Rule 2002-1(e) in that the Schedules have been filed, the 341 Meeting has been held and the Borrowers Bar Date provides Borrowers with no less than sixty (60) days notice thereof. Accordingly, pursuant to Local Rule 2002-1(e), no other or further notice or hearing is required.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

---

[8]     Bankruptcy Rule 2002(l) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit C: (i) authorizing the Debtors to fix the Borrowers Bar Date as April 30, 2008 at 4:00 p.m. (Eastern Time); (ii) approving the form and manner of service of the Borrowers Bar Date Notice Packages, pursuant to Bankruptcy Rule 2002(a)(7) and Local Bankruptcy Rule 2002-1(e); (iii) approving the form and manner of publication of the Borrowers Publication Notice, pursuant to Bankruptcy Rule 2002(l); and (iv) granting such other and further relief as the Court may deem proper.

Dated:    Wilmington, Delaware          YOUNG CONAWAY STARGATT & TAYLOR, LLP
          February 1, 2008

          James L. Patton, Jr. (No. 2202)
          Pauline K. Morgan (No. 3650)
          Sean M. Beach (No. 4070)
          Matthew B. Lunn (No. 4119)
          Kara Hammond Coyle (No. 4410)
          Kenneth J. Enos (No. 4544)
          The Brandywine Building
          1000 West Street, 17th Floor
          Wilmington, Delaware 19801
          Telephone: (302) 571-6600
          Facsimile: (302) 571-1253

          Counsel for Debtors and Debtors in Possession

DB02:6490276.4                                                          066585.1001

# EXHIBIT A1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------------ x
In re:                                              :    Chapter 11
                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,              :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                     :
                                                    :    Jointly Administered
          Debtors.                                  :
------------------------------------------------------------------------ x
```

## NOTICE OF BAR DATE FOR CONSTRUCTION LOAN
## BORROWERS FOR FILING OF PROOFS OF CLAIM

**YOU HAVE BEEN IDENTIFIED AS A BORROWER UNDER A CONSTRUCTION LOAN. ACCORDINGLY, PLEASE READ THE FOLLOWING NOTICE:**

On February __, 2008, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Borrowers Bar Date Order") establishing a claims bar date in the chapter 11 cases of the above-captioned debtors and debtors in possession (the "Debtors").[1]  By the Borrowers Bar Date Order, the Court established **April 30, 2008 at 4:00 p.m. (Eastern Time)**, as the claims bar date (the "Borrowers Bar Date") for all borrowers under the Debtors' construction loans (collectively, the "Borrowers").  Except as described below, the Borrowers Bar Date Order requires all Borrowers that have or assert any Claims[2] against the Debtors to file proofs of claim with EPIQ Bankruptcy Solutions, LLC ("EPIQ"), the claims noticing and balloting agent in these cases, so that their proofs of claim are received by EPIQ **on or before 4:00 p.m., Eastern Time, on April 30, 2008**.

For your convenience, enclosed with this Notice is a proof of claim form.  **A copy of the proof of claim form is also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").**

### WHO MUST FILE A PROOF OF CLAIM

Pursuant to the Borrowers Bar Date Order, all Borrowers holding Claims against the Debtors are required to file proofs of claim **on or before 4:00 p.m., Eastern Time, on April 30, 2008**.

**Please take notice that the Borrowers Bar Date is applicable only to Borrowers under the Debtors' construction loans.  Any other entity asserting claims against any of the Debtors must file a proof of claim with respect to each such Debtor in accordance with the terms of the Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Docket No. 1708], entered by this Court on October 30, 2007.**

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]    As used in this Notice, the term "Claim" shall mean, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"): (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

066585.1001

### *Borrowers Not Required to File Proofs of Claim by the Borrowers Bar Date*

The Borrowers Bar Date Order provides that the following Borrowers need not file proofs of claim by the Borrowers Bar Date:

(a)    any Borrower that has already properly filed a Proof of Claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

(b)    any Borrower whose claim against the Debtors has been allowed by an order of the Court entered on or before the Borrowers Bar Date; or

(c)    any Borrower whose claim has been paid by the Debtors.

### *Filing Proofs of Claim Against Multiple Debtors; Requirement to Identify Debtor*

Any Borrower asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the Borrowers Bar Date.  In addition, any Borrower filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

## CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Borrower that is required to file a proof of claim, but fails to do so by the Borrowers Bar Date described in this Notice, shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim.

## PROCEDURE FOR FILING PROOFS OF CLAIM

Original proofs of claim must be sent by mail to American Home Mortgage Claims Processing, P.O. Box 5076, FDR Station, New York, NY 10150-5076 or by overnight courier or hand delivery to EPIQ Bankruptcy Solutions, LLC, Attn: American Home Mortgage Claims Processing, 757 Third Avenue, 3rd Floor, New York, NY 10017, so as to be received **no later than 4:00 p.m., Eastern Time, on April 30, 2008**. *Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.*  Proofs of claim will be deemed filed only when actually received by EPIQ.  If you wish to receive acknowledgement of EPIQ's receipt of your proof of claim, you must also submit by the Borrowers Bar Date and concurrently with submitting your original proof of claim, (a) a copy of your original proof of claim and (b) a self-addressed, stamped return envelope.

Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected.

## ADDITIONAL INFORMATION

A copy of the Borrowers Bar Date Order is available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801.  In addition, a copy of the Borrowers Bar Date Order may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.  **A copy of the Borrowers Bar Date Order is also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").**

066585.1001

Questions concerning the contents of this Notice and requests for proofs of claim should be directed to EPIQ at (866) 493-7277 between the hours of 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday. Please note that EPIQ's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

Dated: February ____, 2008
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Counsel to the Debtors and Debtors in Possession

3

066585.1001

# EXHIBIT A2

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------------ x
In re:                                          :    Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,          :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                 :
                                                :    Jointly Administered
               Debtors.                         :
------------------------------------------------------------------------ x
```

### NOTICE OF BAR DATE FOR HELOC
### BORROWERS FOR FILING OF PROOFS OF CLAIM

**YOU HAVE BEEN IDENTIFIED AS A BORROWER UNDER A HOME EQUITY LINE OF CREDIT MORTGAGE LOAN. ACCORDINGLY, PLEASE READ THE FOLLOWING NOTICE:**

      On February __, 2008, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Borrowers Bar Date Order") establishing a claims bar date in the chapter 11 cases of the above-captioned debtors and debtors in possession (the "Debtors").[1]  By the Borrowers Bar Date Order, the Court established **April 30, 2008 at 4:00 p.m. (Eastern Time)**, as the claims bar date (the "Borrowers Bar Date") for all borrowers (collectively, the "Borrowers") under the Debtors' home equity line of credit mortgage loans (the "HELOCs").  Except as described below, the Borrowers Bar Date Order requires all Borrowers that have or assert any Claims[2] against the Debtors to file proofs of claim with EPIQ Bankruptcy Solutions, LLC ("EPIQ"), the claims noticing and balloting agent in these cases, so that their proofs of claim are received by EPIQ **on or before 4:00 p.m., Eastern Time, on April 30, 2008.**

      For your convenience, enclosed with this Notice is a proof of claim form.  **A copy of the proof of claim form is also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").**

### WHO MUST FILE A PROOF OF CLAIM

      Pursuant to the Borrowers Bar Date Order, all Borrowers holding Claims against the Debtors are required to file proofs of claim **on or before 4:00 p.m., Eastern Time, on April 30, 2008.**

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]    As used in this Notice, the term "Claim" shall mean, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"):  (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

Please take notice that the Borrowers Bar Date is applicable only to Borrowers under the Debtors' HELOCs. Any other entity asserting claims against any of the Debtors must file a proof of claim with respect to each such Debtor in accordance with the terms of the Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Docket No. 1708], entered by this Court on October 30, 2007.

### *Borrowers Not Required to File Proofs of Claim by the Borrowers Bar Date*

The Borrowers Bar Date Order provides that the following Borrowers need not file proofs of claim by the Borrowers Bar Date:

(d)     any Borrower that has already properly filed a Proof of Claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

(e)     any Borrower whose claim against the Debtors has been allowed by an order of the Court entered on or before the Borrowers Bar Date; or

(f)     any Borrower whose claim has been paid by the Debtors.

### *Filing Proofs of Claim Against Multiple Debtors; Requirement to Identify Debtor*

Any Borrower asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the Borrowers Bar Date. In addition, any Borrower filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

### CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Borrower that is required to file a proof of claim, but fails to do so by the Borrowers Bar Date described in this Notice, shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim.

### PROCEDURE FOR FILING PROOFS OF CLAIM

Original proofs of claim must be sent by mail to American Home Mortgage Claims Processing, P.O. Box 5076, FDR Station, New York, NY 10150-5076 or by overnight courier or hand delivery to EPIQ Bankruptcy Solutions, LLC, Attn: American Home Mortgage Claims Processing, 757 Third Avenue, 3rd Floor, New York, NY 10017, so as to be received **no later than 4:00 p.m., Eastern Time, on April 30, 2008**. *Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.* Proofs of claim will be deemed filed only when actually received by EPIQ. If you wish to receive acknowledgement of EPIQ's receipt of your proof of claim, you must also submit by the Borrowers Bar Date and concurrently with submitting your original proof of claim, (a) a copy of your original proof of claim and (b) a self-addressed, stamped return envelope.

Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected.

## ADDITIONAL INFORMATION

A copy of the Borrowers Bar Date Order is available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801. In addition, a copy of the Borrowers Bar Date Order may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website. **A copy of the Borrowers Bar Date Order is also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").**

Questions concerning the contents of this Notice and requests for proofs of claim should be directed to EPIQ at (866) 493-7277 between the hours of 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday. Please note that EPIQ's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

Dated: February ____, 2008
     Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Counsel to the Debtors and Debtors in Possession

DB02:6490276.4

066585.1001

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------- x
In re:                                                              :    Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                               :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                     :
                                                                    :    Jointly Administered
          Debtors.                                                  :
-------------------------------------------------------------------- x

## NOTICE OF BAR DATE FOR CONSTRUCTION LOAN
## AND HELOC BORROWERS FOR FILING OF PROOFS OF CLAIM

**TO ALL CONSTRUCTION LOAN AND HELOC BORROWERS:**

On February __, 2008, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Borrowers Bar Date Order") establishing a claims bar date in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[1] By the Borrowers Bar Date Order, the Court established **April 30, 2008 at 4:00 p.m. (Eastern Time)**, as the claims bar date (the "Borrowers Bar Date") for all borrowers under the Debtors' construction loans and home equity line of credit mortgage loans (collectively, the "Borrowers"). Except as described below, the Borrowers Bar Date Order requires all Borrowers that have or assert any Claims against the Debtors to file proofs of claim with EPIQ Bankruptcy Solutions, LLC ("EPIQ"), the claims noticing and balloting agent in these cases, so that their proofs of claim are received by EPIQ **on or before 4:00 p.m., Eastern Time, on April 30, 2008.** As used in this Notice, the term "Claim" shall mean, as to or against any of the Debtors and in accordance with section 101(5), U.S. Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

Pursuant to the Borrowers Bar Date Order, all Borrowers holding Claims against the Debtors are required to file proofs of claim by **on or before 4:00 p.m., Eastern Time, on April 30, 2008**.

**Please take notice that the Borrowers Bar Date is applicable only to Borrowers under the Debtors' HELOCs. Any other entity asserting claims against any of the Debtors must file a proof of claim with respect to each such Debtor in accordance with the terms of the Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Docket No. 1708], entered by this Court on October 30, 2007.**

*Borrowers Not Required to File Proofs of Claim by the Borrowers Bar Date:* The Borrowers Bar Date Order further provides that the following Borrowers need not file proofs of claim by the Borrowers Bar Date: (a) any Borrower that has already properly filed a Proof of Claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware; (b) any Borrower whose claim against the Debtors has been allowed by an order of the Court entered on or before the Borrowers Bar Date; or (c) any Borrower whose claim has been paid by the Debtors.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

*Filing Proofs of Claim Against Multiple Debtors; Requirement to Identify Debtor*: Any Borrower asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the Borrowers Bar Date. In addition, any Borrower filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

*Consequences of Failure to File Proof of Claim*: Any Borrower that is required to file a proof of claim, but fails to do so by the Borrowers Bar Date described in this Notice, shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim.

*Procedure for Filing Proof of Claim*: Original proofs of claim must be sent by mail to American Home Mortgage Claims Processing, P.O. Box 5076, FDR Station, New York, NY 10150-5076 or by overnight courier or hand delivery to EPIQ Bankruptcy Solutions, LLC, Attn: American Home Mortgage Claims Processing, 757 Third Avenue, 3rd Floor, New York, NY 10017, so as to be received **no later than 4:00 p.m., Eastern Time on April 30, 2008**. *Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.* Proofs of claim will be deemed filed only when actually received by EPIQ. If you wish to receive acknowledgement of EPIQ's receipt of your proof of claim, you must also submit by the Borrowers Bar Date and concurrently with submitting your original proof of claim (a) a copy of your original proof of claim and (b) a self-addressed, stamped return envelope. Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected.

*Additional Information*: A copy of the Borrowers Bar Date Order is available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801. In addition, a copy of the Borrowers Bar Date Order may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website. **A copy of the Borrowers Bar Date Order, as well as a proof of claim form, are also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").** Questions concerning the contents of this Notice and requests for proofs of claim should be directed to EPIQ at (866) 493-7277 between the hours of 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday. Please note that EPIQ's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

Dated: February ____, 2008  
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP  
The Brandywine Building  
1000 West Street, 17th Floor  
Wilmington, Delaware 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253  
Counsel to the Debtors and Debtors in Possession

DB02:6490276.4                                         066585.1001