**EXHIBIT C**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------- x
In re:                                                             :   Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                    :
                                                                   :   Jointly Administered
        Debtors.                                                   :
                                                                   :   Doc. Ref. No.
------------------------------------------------------------------- x
```

## ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) AND LOCAL RULE 2002-1(e) ESTABLISHING A BAR DATE FOR FILING PROOFS OF CLAIM BY CONSTRUCTION LOAN AND HELOC BORROWERS AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon consideration of the motion (the "Motion") of the above-captioned debtors

and debtors in possession (each a "Debtor", and collectively, the "Debtors"),[1] for entry of an

order, pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), establishing a bar date for filing proofs of claim by borrowers under the Debtors'

construction loans and home equity line of credit mortgage loans (collectively, the "Borrowers"),

and approving the form and manner of notice thereof; the Court having reviewed the Motion and

the pleadings related thereto; the Court finding that (a) the Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. , a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

§ 157(b)(2) and (c) notice of the Motion was sufficient under the circumstances and in accordance with Local Rule 2002-1(e); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.  In addition, as used herein, the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code.

3.    The forms of the Construction Loan Borrowers Bar Date Notice, the HELOC Borrowers Bar Date Notice and the Borrowers Publication Notice, attached hereto as Exhibits A1, A2 and C respectively, and the manner of providing notice of the Borrowers Bar Date proposed in the Motion, are approved in all respects pursuant to Bankruptcy Rules 2002(a)(7) and 2002(l) and Local Rule 2002-1(e).  The form and manner of notice of the Borrowers Bar Date approved herein are deemed to fulfill the notice requirements of the Bankruptcy Rules and the Local Rules, and notice of the Borrowers Bar Date in the form and manner as proposed by the Debtors herein is fair and reasonable and will provide good, sufficient, and due notice to all Borrowers of their rights and obligations in connection with claims they may assert against the Debtors' estates in these chapter 11 cases.  Accordingly, the Debtors are authorized to serve the Borrowers Bar Date Notice Packages in the manner described in paragraph 4 below.

2

066585.1001

4.      As soon as practicable, but in any event no later than ten (10) business days after the date that the Court enters this Order, the Debtors, through EPIQ Bankruptcy Solutions, LLC ("EPIQ"), shall serve by first class United States mail, postage prepaid, the Construction Loan Borrowers Bar Date Notice Package on all known Construction Loan Borrowers and the HELOC Borrowers Bar Date Notice Package on all known HELOC Borrowers. The date on which the Debtors actually serve the Borrowers Bar Date Notice Packages is referred to herein as the "Service Date." Copies of the Borrowers Bar Date Notice Packages and, separately, the proof of claim form shall be posted to EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").

5.      Any Borrower holding a claim against the Debtors must file a proof of claim in accordance with the procedures described herein **on or before 4:00 p.m., Eastern Time, on April 30, 2008** (the "Borrowers Bar Date"). The Borrowers Bar Date shall be identified in the Borrowers Bar Date Notices and the Borrowers Publication Notice. The Borrowers Bar Date applies to all Borrowers holding claims against the Debtors.

6.      **The Borrowers Bar Date is applicable only to Borrowers under the Debtors' construction loans and HELOCs. Any other entity asserting claims against any of the Debtors must file a proof of claim with respect to each such Debtor in accordance with the terms of the Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Docket No. 1708], entered by this Court on October 30, 2007. This Order shall not otherwise, in any way, amend, alter or supercede the General Bar Date Order. The General Bar Date Order shall remain in full force and effect.**

7.    The following entities whose claims otherwise would be subject to the Borrowers Bar Date shall not be required to file proofs of claim in these chapter 11 cases:

a.    any Borrower that has already properly filed a proof of claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

b.    any Borrower whose claim against the Debtors has been allowed by an order of the Court entered on or before the Borrowers Bar Date; or

c.    Any Borrower whose claim has been paid by the Debtors.

8.    Any Borrower asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the Borrowers Bar Date. In addition, any Borrower filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

9.    Pursuant to Bankruptcy Rule 3003(c)(2), any Borrower that is required to file a proof of claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the Debtors, but that fails to do so by the Borrowers Bar Date, shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim.

10.    The Debtors shall serve on all known Construction Loan Borrowers: (a) a notice of the Borrowers Bar Date substantially in the form of the Construction Loan Borrowers Bar Date Notice attached hereto as Exhibit A1; and (b) a proof of claim form, a copy of which is attached hereto as Exhibit B, substantially in the form of Official Form No. 10.

11.    The Debtors shall serve on all known HELOC Borrowers: (a) a notice of the Borrowers Bar Date substantially in the form of the HELOC Borrowers Bar Date Notice

4

attached hereto as <u>Exhibit A2</u>; and (b) a proof of claim form, a copy of which is attached hereto as <u>Exhibit B</u>, substantially in the form of Official Form No. 10.

       12.    For any proof of claim to be validly and properly filed, a signed original of the completed proof of claim, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d) (except as set forth in paragraph 13 of this Order), must be delivered to EPIQ at the address identified on the Borrowers Bar Date Notices so as to be received **no later than 4:00 p.m., Eastern Time, on April 30, 2008**. Proofs of claim may be submitted in person or by courier service, hand delivery or mail. <u>Proofs of claim submitted by facsimile or e-mail shall not be accepted</u>. Proofs of claim shall be deemed filed when actually received by EPIQ. If a Borrower wishes to receive acknowledgement of EPIQ's receipt of a proof of claim, the Borrower also must submit to EPIQ by the Borrowers Bar Date and concurrently with submitting its original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, stamped return envelope.

       13.    The Debtors shall cause the Borrowers Publication Notice attached hereto as <u>Exhibit C</u> to be published in the national edition of *The Wall Street Journal* or the national edition of *The New York Times* within five (5) business days of the date of entry of this Order

       14.    Nothing herein shall limit or otherwise prejudice the Debtors' rights to challenge any Claims filed in these cases on any and all grounds. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2008

                            _____
                            Christopher S. Sontchi
                            United States Bankruptcy Judge

**EXHIBIT A1**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------------------- x
In re:                                                              :    Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                              :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                     :
                                                                    :    Jointly Administered
          Debtors.                                                  :
-------------------------------------------------------------------- x
```

**NOTICE OF BAR DATE FOR CONSTRUCTION LOAN**
**BORROWERS FOR FILING OF PROOFS OF CLAIM**

**YOU HAVE BEEN IDENTIFIED AS A BORROWER UNDER A CONSTRUCTION LOAN.
ACCORDINGLY, PLEASE READ THE FOLLOWING NOTICE:**

On February __, 2008, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Borrowers Bar Date Order") establishing a claims bar date in the chapter 11 cases of the above-captioned debtors and debtors in possession (the "Debtors").[1]  By the Borrowers Bar Date Order, the Court established **April 30, 2008 at 4:00 p.m. (Eastern Time)**, as the claims bar date (the "Borrowers Bar Date") for all borrowers under the Debtors' construction loans (collectively, the "Borrowers").  Except as described below, the Borrowers Bar Date Order requires all Borrowers that have or assert any Claims[2] against the Debtors to file proofs of claim with EPIQ Bankruptcy Solutions, LLC ("EPIQ"), the claims noticing and balloting agent in these cases, so that their proofs of claim are received by EPIQ **on or before 4:00 p.m., Eastern Time, on April 30, 2008.**

For your convenience, enclosed with this Notice is a proof of claim form.  **A copy of the proof of claim form is also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").**

**WHO MUST FILE A PROOF OF CLAIM**

Pursuant to the Borrowers Bar Date Order, all Borrowers holding Claims against the Debtors are required to file proofs of claim **on or before 4:00 p.m., Eastern Time, on April 30, 2008.**

Please take notice that the Borrowers Bar Date is applicable only to Borrowers under the **Debtors' construction loans. Any other entity asserting claims against any of the Debtors must file a proof of claim with respect to each such Debtor in accordance with the terms of the Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Docket No. 1708], entered by this Court on October 30, 2007.**

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]  As used in this Notice, the term "Claim" shall mean, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"): (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

### *Borrowers Not Required to File Proofs of Claim by the Borrowers Bar Date*

The Borrowers Bar Date Order provides that the following Borrowers need not file proofs of claim by the Borrowers Bar Date:

(a)     any Borrower that has already properly filed a Proof of Claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

(b)     any Borrower whose claim against the Debtors has been allowed by an order of the Court entered on or before the Borrowers Bar Date; or

(c)     any Borrower whose claim has been paid by the Debtors.

### *Filing Proofs of Claim Against Multiple Debtors; Requirement to Identify Debtor*

Any Borrower asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the Borrowers Bar Date. In addition, any Borrower filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

## CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Borrower that is required to file a proof of claim, but fails to do so by the Borrowers Bar Date described in this Notice, shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim.

## PROCEDURE FOR FILING PROOFS OF CLAIM

Original proofs of claim must be sent by mail to American Home Mortgage Claims Processing, P.O. Box 5076, FDR Station, New York, NY 10150-5076 or by overnight courier or hand delivery to EPIQ Bankruptcy Solutions, LLC, Attn: American Home Mortgage Claims Processing, 757 Third Avenue, 3rd Floor, New York, NY 10017, so as to be received **no later than 4:00 p.m., Eastern Time, on April 30, 2008.** *Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.* Proofs of claim will be deemed filed only when actually received by EPIQ. If you wish to receive acknowledgement of EPIQ's receipt of your proof of claim, you must also submit by the Borrowers Bar Date and concurrently with submitting your original proof of claim, (a) a copy of your original proof of claim and (b) a self-addressed, stamped return envelope.

Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected.

## ADDITIONAL INFORMATION

A copy of the Borrowers Bar Date Order is available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801. In addition, a copy of the Borrowers Bar Date Order may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website. **A copy of the Borrowers Bar Date Order is also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").**

Questions concerning the contents of this Notice and requests for proofs of claim should be directed to EPIQ at (866) 493-7277 between the hours of 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday. Please note that EPIQ's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

Dated: February ____, 2008
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Counsel to the Debtors and Debtors in Possession

# EXHIBIT A2

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x

In re:                                                :    Chapter 11
                                                      :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                 :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                        :
                                                      :    Jointly Administered
        Debtors.                                       :
---------------------------------------------------------------------- x

### NOTICE OF BAR DATE FOR HELOC
### BORROWERS FOR FILING OF PROOFS OF CLAIM

**YOU HAVE BEEN IDENTIFIED AS A BORROWER UNDER A HOME EQUITY LINE OF CREDIT MORTGAGE LOAN. ACCORDINGLY, PLEASE READ THE FOLLOWING NOTICE:**

On February __, 2008, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Borrowers Bar Date Order") establishing a claims bar date in the chapter 11 cases of the above-captioned debtors and debtors in possession (the "Debtors").[1]  By the Borrowers Bar Date Order, the Court established **April 30, 2008 at 4:00 p.m. (Eastern Time)**, as the claims bar date (the "Borrowers Bar Date") for all borrowers (collectively, the "Borrowers") under the Debtors' home equity line of credit mortgage loans (the "HELOCs").  Except as described below, the Borrowers Bar Date Order requires all Borrowers that have or assert any Claims[2] against the Debtors to file proofs of claim with EPIQ Bankruptcy Solutions, LLC ("EPIQ"), the claims noticing and balloting agent in these cases, so that their proofs of claim are received by EPIQ **on or before 4:00 p.m., Eastern Time, on April 30, 2008**.

For your convenience, enclosed with this Notice is a proof of claim form.  **A copy of the proof of claim form is also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").**

### WHO MUST FILE A PROOF OF CLAIM

Pursuant to the Borrowers Bar Date Order, all Borrowers holding Claims against the Debtors are required to file proofs of claim **on or before 4:00 p.m., Eastern Time, on April 30, 2008.**

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]    As used in this Notice, the term "Claim" shall mean, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"): (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

Please take notice that the Borrowers Bar Date is applicable only to Borrowers under the Debtors' HELOCs. Any other entity asserting claims against any of the Debtors must file a proof of claim with respect to each such Debtor in accordance with the terms of the Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Docket No. 1708], entered by this Court on October 30, 2007.

### *Borrowers Not Required to File Proofs of Claim by the Borrowers Bar Date*

The Borrowers Bar Date Order provides that the following Borrowers need not file proofs of claim by the Borrowers Bar Date:

(d)     any Borrower that has already properly filed a Proof of Claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

(e)     any Borrower whose claim against the Debtors has been allowed by an order of the Court entered on or before the Borrowers Bar Date; or

(f)     any Borrower whose claim has been paid by the Debtors.

### *Filing Proofs of Claim Against Multiple Debtors; Requirement to Identify Debtor*

Any Borrower asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the Borrowers Bar Date.  In addition, any Borrower filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

### CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Borrower that is required to file a proof of claim, but fails to do so by the Borrowers Bar Date described in this Notice, shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim.

### PROCEDURE FOR FILING PROOFS OF CLAIM

Original proofs of claim must be sent by mail to American Home Mortgage Claims Processing, P.O. Box 5076, FDR Station, New York, NY  10150-5076 or by overnight courier or hand delivery to EPIQ Bankruptcy Solutions, LLC, Attn: American Home Mortgage Claims Processing, 757 Third Avenue, 3rd Floor, New York, NY 10017, so as to be received **no later than 4:00 p.m., Eastern Time, on April 30, 2008**. *Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.* Proofs of claim will be deemed filed only when actually received by EPIQ.  If you wish to receive acknowledgement of EPIQ's receipt of your proof of claim, you must also submit by the Borrowers Bar Date and concurrently with submitting your original proof of claim, (a) a copy of your original proof of claim and (b) a self-addressed, stamped return envelope.

Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected.

2

## ADDITIONAL INFORMATION

A copy of the Borrowers Bar Date Order is available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801. In addition, a copy of the Borrowers Bar Date Order may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website. **A copy of the Borrowers Bar Date Order is also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").**

Questions concerning the contents of this Notice and requests for proofs of claim should be directed to EPIQ at (866) 493-7277 between the hours of 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday. Please note that EPIQ's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

Dated: February ____, 2008
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Counsel to the Debtors and Debtors in Possession

DB02:6490276.4

066585.1001

# EXHIBIT B

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |

| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered | |
|---|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor | |

**NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.**

THIS SPACE IS FOR COURT USE ONLY

| Name and address of Creditor : (and name and address where notices should be sent if different from Creditor) | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | |
|---|---|---|
| Telephone number:<br>Email Address: | | |

| Account or other number by which creditor identifies debtor: | Check here if this claim: ☐ replaces   ☐ amends a previously filed claim, dated:_____ |
|---|---|

| | |
|---|---|
| 1.   **Basis for Claim**<br>   ☐ Goods sold<br>   ☐ Services performed<br>   ☐ Money loaned<br>   ☐ Personal injury/wrongful death<br>   ☐ Taxes<br>   ☐ Other_____(explain) | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br><br>Last Four Digits of your SS#: _____ _____ _____ _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>　　　　(date)　　　　　(date) |
| 2.   **Date debt was incurred:** | 3.   If court judgment, date obtained: |

4.   **Total Amount of Claim at Time Case Filed:** $ _____ + _____ + _____ = _____
　　　　　　　　　　　　　　　　　(unsecured nonpriority)　(secured)　(unsecured priority)　(Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5.   **Secured Claim.**<br>   ☐ Check this box if your claim is secured by collateral (including a right of setoff).<br>   Brief Description of Collateral:<br>   ☐ Real Estate   ☐ Motor Vehicle<br>   ☐ Other _____<br><br>   Value of Collateral: $_____<br>   Amount of arrearage and other charges at time case filed included in<br>   secured claim, if any:   $_____ | 7.   **Unsecured Priority Claim.**<br>   ☐ Check this box if you have an unsecured priority claim<br>   Amount entitled to priority $_____<br>   Specify the priority of the claim:<br>   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).<br>   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).<br>   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5). |
|---|---|
| 6.   **Unsecured Nonpriority Claim:** $ _____<br>   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br>   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___). |

| | |
|---|---|
| 8.   **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br><br>9.   **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.<br>   **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.<br><br>10   Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): | |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## DEFINITIONS

### Debtor
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed

### Secured Claim
A claim is a secured claim if the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

### Unsecured Claim
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Name of Debtor and Case Number:**
Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| American Home Mortgage Holdings, Inc | 07-11047 |
| American Home Morgage Investment Corp | 07-11048 |
| American Home Mortgage Acceptance, Inc | 07-11049 |
| American Home Mortgage Servicing, Inc | 07-11050 |
| American Home Mortgage Corp | 07-11051 |
| American Home Mortgage Ventures LLC | 07-11052 |
| Homegate Settlement Services, Inc. | 07-11053 |
| Great Oak Abstract Corp | 07-11054 |

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**
Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**6. Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**7. Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**8. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------------------- x
In re:                                             :    Chapter 11
                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,             :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                    :
                                                   :    Jointly Administered
        Debtors.                                   :
-------------------------------------------------------------------- x
```

**NOTICE OF BAR DATE FOR CONSTRUCTION LOAN**
**AND HELOC BORROWERS FOR FILING OF PROOFS OF CLAIM**

**TO ALL CONSTRUCTION LOAN AND HELOC BORROWERS:**

On February __, 2008, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Borrowers Bar Date Order") establishing a claims bar date in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[1]  By the Borrowers Bar Date Order, the Court established **April 30, 2008 at 4:00 p.m. (Eastern Time)**, as the claims bar date (the "Borrowers Bar Date") for all borrowers under the Debtors' construction loans and home equity line of credit mortgage loans (collectively, the "Borrowers").  Except as described below, the Borrowers Bar Date Order requires all Borrowers that have or assert any Claims against the Debtors to file proofs of claim with EPIQ Bankruptcy Solutions, LLC ("EPIQ"), the claims noticing and balloting agent in these cases, so that their proofs of claim are received by EPIQ **on or before 4:00 p.m., Eastern Time, on April 30, 2008**.  As used in this Notice, the term "Claim" shall mean, as to or against any of the Debtors and in accordance with section 101(5), U.S. Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

Pursuant to the Borrowers Bar Date Order, all Borrowers holding Claims against the Debtors are required to file proofs of claim by **on or before 4:00 p.m., Eastern Time, on April 30, 2008**.

**Please take notice that the Borrowers Bar Date is applicable only to Borrowers under the Debtors' HELOCs.  Any other entity asserting claims against any of the Debtors must file a proof of claim with respect to each such Debtor in accordance with the terms of the Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Docket No. 1708], entered by this Court on October 30, 2007.**

_Borrowers Not Required to File Proofs of Claim by the Borrowers Bar Date:_  The Borrowers Bar Date Order further provides that the following Borrowers need not file proofs of claim by the Borrowers Bar Date: (a) any Borrower that has already properly filed a Proof of Claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware; (b) any Borrower whose claim against the Debtors has been allowed by an order of the Court entered on or before the Borrowers Bar Date; or (c) any Borrower whose claim has been paid by the Debtors.

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

*Filing Proofs of Claim Against Multiple Debtors; Requirement to Identify Debtor*:  Any Borrower asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the Borrowers Bar Date.  In addition, any Borrower filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

*Consequences of Failure to File Proof of Claim*:  Any Borrower that is required to file a proof of claim, but fails to do so by the Borrowers Bar Date described in this Notice, shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim.

*Procedure for Filing Proof of Claim*:  Original proofs of claim must be sent by mail to American Home Mortgage Claims Processing, P.O. Box 5076, FDR Station, New York, NY 10150-5076 or by overnight courier or hand delivery to EPIQ Bankruptcy Solutions, LLC, Attn: American Home Mortgage Claims Processing, 757 Third Avenue, 3rd Floor, New York, NY 10017, so as to be received **no later than 4:00 p.m., Eastern Time on April 30, 2008**.  *Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.*  Proofs of claim will be deemed filed only when actually received by EPIQ.  If you wish to receive acknowledgement of EPIQ's receipt of your proof of claim, you must also submit by the Borrowers Bar Date and concurrently with submitting your original proof of claim (a) a copy of your original proof of claim and (b) a self-addressed, stamped return envelope.  Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected.

*Additional Information*:  A copy of the Borrowers Bar Date Order is available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801.  In addition, a copy of the Borrowers Bar Date Order may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.  **A copy of the Borrowers Bar Date Order, as well as a proof of claim form, are also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").**  Questions concerning the contents of this Notice and requests for proofs of claim should be directed to EPIQ at (866) 493-7277 between the hours of 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday.  Please note that EPIQ's staff is not permitted to give legal advice.  You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

Dated: February \_\_\_\_, 2008           YOUNG CONAWAY STARGATT & TAYLOR, LLP
      Wilmington, Delaware         The Brandywine Building
                                   1000 West Street, 17th Floor
                                   Wilmington, Delaware 19801
                                   Telephone:  (302) 571-6600
                                   Facsimile:  (302) 571-1253
                                   Counsel to the Debtors and Debtors in Possession

