IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case Nos. 07-11047 (CSS) |
| HOLDINGS, INC., et al., | ) | |
| | ) | Related Docket Nos. 554, 2002 and |
| Debtors, | ) | 2284 |
| | ) | |
| | ) | |

## SECOND STIPULATION AND ORDER REGARDING THE FINAL ORDER (I) AUTHORIZING DEBTORS' LIMITED USE OF CASH COLLATERAL AND (II) GRANTING REPLACEMENT LIENS AND ADEQUATE PROTECTION TO CERTAIN PRE-PETITION SECURED PARTIES

### WHEREAS:

A. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc. and certain of its affiliates (the "Debtors")[1] filed with this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1005(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

B. On September 4, 2007, this Court entered its *Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties* [D.I. 554] (as subsequently amended by the *First Final Stipulation and Order Extending Limited Use of Cash Collateral Pursuant to the Final Order*

---

[1]    The Debtors are American Home Mortgage Holdings, Inc., American Home Mortgage Acceptance, Inc., American Home Mortgage Corp., American Home Mortgage Investment Corp., American Home Mortgage Servicing, Inc., American Home Mortgage Ventures LLC, Homegate Settlement Services, Inc., and Great Oak Abstract Corp.

*(I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties* [D.I. 2002] and the *Stipulation and Order Regarding the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties* [D.I. 2284], the "Cash Collateral Order"). A copy of the Cash Collateral Order is attached hereto as Exhibit A. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Cash Collateral Order.

C. Pursuant to paragraph 20 of the Cash Collateral Order, the Committee has until February 1, 2008 (the "Committee Deadline") to properly file an adversary proceeding or contested matter (x) challenging the amount, validity, enforceability, priority or extent of the Indebtedness or the Pre-Petition Secured Parties' security interests in and liens upon the Pre-Petition Collateral, or (y) otherwise asserting any claims or causes of action against the Pre-Petition Secured Parties on behalf of the Debtors' estates.

D. The Committee has requested and the Administrative Agent has agreed to a thirty-two (32) day extension of the Committee Deadline solely with respect to the specific matters enumerated in Paragraph 1 below (collectively, the "Remaining Issues"). The Committee has agreed that except with respect to the Remaining Issues, it will not challenge the amount, validity, enforceability, priority or extent of the Indebtedness or the Pre-Petition Secured Parties' security interests in and liens upon the Pre-Petition Collateral, and the Committee will not otherwise assert any claims or causes of action against the Pre-Petition Secured Parties on behalf of the Debtors' estates.

**NOW THEREFORE**, the parties hereto hereby stipulate and agree to amend the Cash Collateral Order as follows:

1. The Committee Deadline is hereby extended to March 3, 2008 solely with respect to the Committee's time to properly file an adversary proceeding or contested matter seeking a determination of the following three (3) Remaining Issues:

> (a)whether the Pre-Petition Secured Parties' security interest is perfected with respect to (i) certain real property owned by any of the Debtors as the result of a foreclosure proceeding, the acceptance of a deed in lieu of foreclosure, or another enforcement proceeding with respect to a Mortgage Loan on which a Warehouse Loan (as such terms are defined in the Credit Agreement) has been previously made ("REO Property"), which REO Property is owned as of the Petition Date, (ii) any proceeds from REO Property received by the Administrative Agent on or within ninety (90) days prior to the Petition Date, and/or (iii) any proceeds from REO Property owned by a Debtor as of the Petition Date that were received by the Administrative Agent on or after the Petition Date;
>
> (b) whether all or any portion of the funds, in an amount not to exceed $11,297,750 in the aggregate, either received by the Administrative Agent from or after August 1, 2007 or currently in the following bank accounts maintained by the Collateral Agent or Bank of New York, are Pre-Petition Collateral: DB Acct. No. 380082; DB Acct. No. 373093; DB Acct. No. 381528; DB Acct No. 435450; BONY Acct. No. 944; DB Acct No. 449393; DB Acct No. 446432; DB Acct No. 430617; and DB Acct No. 1474160; and

(c) in the event that this Court or any other court of competent jurisdiction enters a final, non-appealable order determining that the value of the Pre-Petition Collateral and the Collateral is less than the amount of the Pre-Petition Parties' allowed secured claims, whether any amounts paid by the Debtors pursuant to the Cash Collateral Order on account of fees and/or expenses incurred by the Administrative Agent should be applied toward reduction of the outstanding principal amount of the Indebtedness.

2.  Subject only to the Committee's rights set forth in paragraph 1 above with respect to the Remaining Issues, effective immediately upon the Court's entry of this Stipulation and Order: (a) the Debtors' agreements, admissions and releases contained in paragraphs C, D, E, F and G of the Cash Collateral Order are binding upon the Debtors and all other parties in interest, including the Committee, for all purposes; (b) the obligations of the Debtors under the Loan Documents shall constitute allowed claims for all purposes in these Cases and any subsequent Chapter 7 case(s); (c) the Pre-Petition Secured Parties' security interests in and liens upon the Pre-Petition Collateral shall be deemed to have been, as of the Petition Date, legal, valid, binding, perfected, first priority security interests and liens, not subject to recharacterization or subordination or otherwise avoidable; and (d) the Indebtedness and the Pre-Petition Secured Parties' security interests and liens upon the Pre-Petition Collateral shall not be subject to any other or further challenge by the Committee or any other party in interest seeking to exercise the rights of the Debtors' estates, including without limitation, any successor thereto.

3.  The terms of the Cash Collateral Order except as modified hereby shall remain in full force and effect.

4.  This Stipulation and Order may be executed in one or more counterparts, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same instrument.  Facsimile versions of signatures hereto shall be deemed original signatures, which may be relied upon by any party and shall be binding on the respective signor.

5.  This Stipulation and Order shall be effective upon entry by the Court.  In the event that the Court does not enter this Stipulation and Order, the terms hereof shall be of no force or effect.

Dated:  February 1, 2008
        Wilmington, Delaware


_____
BLANK ROME LLP
Bonnie Glantz Fatell
1201 Market Street Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6423


-and-

_____
HAHN & HESSEN LLP
Mark S. Indelicato
Mark T. Power
488 Madison Avenue
New York, NY 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Official*
*Committee of Unsecured Creditors*


_____
POTTER ANDERSON & CORROON LLP
Laurie Selber Silverstein (No. 2396)
P.O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19899
Telephone: (302) 984-6000


-and-

_____
KAYE SCHOLER LLP
Margot B. Schonholtz
Mark F. Liscio
Scott D. Talmadge
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Counsel for Bank of America, N.A. as*
*Administrative Agent under that*
*certain Second Amended and Restated*
*Credit Agreement, dated as of August 10, 2006*


**SO ORDERED**
this _1st_ day of _February_ , 2008

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge