# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. 2402 |

### STIPULATION RESOLVING SHOREHAM VIEWRIDGE, LLC'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

American Home Mortgage Corp. ("AHM Corp."), one of the above captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby enters into this stipulation (the "Stipulation") with Shoreham Viewridge, LLC ("Shoreham"), dated as of January 29, 2008, in full and final settlement of all Administrative Expense Claims (as defined below) asserted by Shoreham against AHM Corp. and the Debtors.

### Recitals

WHEREAS, on August 6, 2007 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303) ("AHM Holdings"); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

WHEREAS, each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on or around August 26, 2003, AHM Corp. assumed a certain lease agreement dated February 18, 2003, executed by and between Shoreham and Capitol Commerce Mortgage Co., and as amended on April 7, 2003 (the "Lease"), for certain real property located at 5010 Shoreham Place, Suite 250, San Diego, California (the "Premises");

WHEREAS, the base monthly rent under the Lease is $10,177.14;

WHEREAS, on August 30, 2007, the Debtors filed the Second Motion for an Order, Pursuant to Sections 105, 365, and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Unexpired Leases and to Abandon Certain Furniture, Fixtures, and Equipment (the "Second Rejection Motion") [D.I. 510], seeking, among other things, to reject the Lease effective as of August 31, 2007;

WHEREAS, on September 17, 2007, the Court entered its Order granting the relief sought in the Second Rejection Motion (the "Second Rejection Order") [D.I. 779], including approval of the rejection of the Lease effective as of August 31, 2007.

WHEREAS, on December 17, 2007, Shoreham filed its *Motion for Allowance and Immediate Payment of Administrative Expense Claim* [D.I. 2402], seeking allowance and immediate payment of an administrative expense claim arising from the Lease in the total amount of $10,687.14, purportedly representing (i) $10,337.14 in unpaid rent for the entire month of August 2007 (the "Unpaid Rent"), and (ii) $350 in estimated additional monthly rents, pursuant to the terms of the Lease, for the month of August 2007 (the "Unpaid Additional Monthly Rent," and collectively with the Unpaid Rent, the "Administrative Expense Claim");

WHEREAS, on December 21, 2007, Shoreham filed proof of claim number 5899 against AHM Corp. in the amount of $78,820.43 for damages purportedly arising from the Debtors' rejection of the Lease (the "Rejection Damages Claim");

WHEREAS, the Debtors disputed the relief requested in the Motion;

WHEREAS, the Debtors and Shoreham have engaged in good faith negotiations to resolve the Motion and the Administrative Expense Claim;

WHEREAS, the Debtors and Shoreham have also determined that the proper amount for the Administrative Expense Claim is $8,489.60, representing the Unpaid Rent and Unpaid Additional Monthly Rent for the period between the Petition Date and the effective rejection of the Lease on August 31, 2007 (the "Stub Period").

**NOW, THEREFORE**, subject to approval of the Court, in order to avoid the cost, risks and inconveniences of litigation, it is hereby stipulated and agreed as follows:

1. Shoreham shall have an allowed administrative priority claim under section 503(b) of the Bankruptcy Code in the amount of $8,489.60 (the "Allowed Administrative Expense Claim").

2. The Allowed Administrative Expense Claim shall be paid pursuant to the terms of a confirmed chapter 11 plan of AHM Corp.; however, in the event that the chapter 11 case of AHM Corp. is converted to a liquidation under chapter 7, payment of the Allowed Administrative Expense Claim shall be in accordance with any and all applicable priorities of the Bankruptcy Code.

3. Upon Court approval of this Stipulation, the Motion shall be, and hereby is, withdrawn.

4. Shoreham agrees that allowance of the Allowed Administrative Expense Claim as set forth herein shall be in full settlement, satisfaction, release and discharge of any and all administrative claims arising from or related to the Lease.

5. Nothing set forth in this Stipulation, however, shall prejudice or affect the rights of Shoreham with respect to its Rejection Damages Claim under section 502(b)(6) of the Bankruptcy Code for damages arising from the Debtors' rejection of the Lease.

6. Furthermore, nothing set forth herein shall prejudice or affect the rights of the Debtors, including their successor or successors in interest, to object to the Rejection Damages Claim on any and all bases, nor shall anything in this Stipulation constitute a waiver of Shoreham's right to oppose any such objection asserted by the Debtors or their successor or successors in interest.

7. This Stipulation fully and finally resolves the Administrative Expense Claim, the Motion, and any and all other administrative expense claims arising from the Lease, now known or unknown, filed or unfilled, that Shoreham may have against the (i) the Debtors, (ii) these estates, (iii) any of the Debtors' current and former officers, directors, employees or agents, and (iv) the Debtors' successor or successors in interest.

8. If the settlement set forth in this Stipulation is not approved by the Court, the parties will revert to their pre-settlement positions and the terms of the settlement are not admissible for any purpose.

9. Each party shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

10. Each of the undersigned counsel are duly authorized and empowered to execute and deliver this Stipulation on behalf of each of his or her respective clients.

11. This Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

12. This Stipulation constitutes the complete express agreement of the parties hereto concerning the subject matter hereof, and no modification or amendment to this Stipulation shall be valid unless it is in writing, signed by the party or parties to be charged and approved by the Court.

13. It is acknowledged that each party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either party on account of such drafting.

14. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

15. This Stipulation shall become effective immediately upon entry of an order approving the Stipulation.

| Young Conaway Stargatt & Taylor, LLP | Werb & Sullivan |
|---|---|
| */s/* | */s/* |
| James L. Patton, Jr. (No. 2202) | Amy D. Brown (No. 4077) |
| Pauline K. Morgan (No. 3650) | 300 Delaware Avenue, 13th Floor |
| Sean M. Beach (No. 4070) | P.O. Box 25046 |
| Matthew B. Lunn (No. 4119) | Wilmington, Delaware 19899 |
| Robert F. Poppiti, Jr. (No. 5052) | Telephone: (302) 652-1100 |
| The Brandywine Building | Telecopier: (302) 652-1111 |
| 1000 West Street, 17th Floor | |
| Wilmington, Delaware 19801 | Attorney for Shoreham Viewridge, LLC d/b/a |
| Telephone: (302) 571-6600 | Shoreham Place |
| Facsimile: (302) 571-1253 | |
| Counsel for Debtors and Debtors in Possession | |
| Dated: 1/31/08 | Dated: 1/31/08 |

DB02:6536320.2                                                                                                           066585.1001