# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ------------------------------------------------------- x | Chapter 11 |
| In re: | : |
|  | : Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE | : |
| HOLDINGS, INC., a Delaware corporation, et al., | : Jointly Administered |
|  | : |
| Debtors. | : **Ref. Dkt. No. 2709** |
| ------------------------------------------------------- x |  |

## ORDER PURSUANT TO BANKRUPTCY RULE 9019(b) AUTHORIZING THE DEBTORS TO COMPROMISE CERTAIN CONSTRUCTION LOANS WITHOUT FURTHER HEARING OR NOTICE

Upon consideration of the motion (the "Motion") of American Home Mortgage

Holdings, Inc., a Delaware corporation, and certain of its direct and indirect affiliates and

subsidiaries, the debtor and debtors in possession in the above-captioned cases (collectively, the

"Debtors")[1], for an order, pursuant to sections 363(b)(1) and 105(a) of the Bankruptcy Code[2]

and Bankruptcy Rule 9019(b) authorizing the Debtors to compromise certain Construction

Loans, including, without limitation, by offering principal reductions, without further hearing or

notice, all as set forth more fully in the Motion; and the Court being satisfied that the relief

requested in the Motion is in the best interests of the Debtors, their estates, and creditors, and that

the compromise of such Construction Loans is a proper exercise of the Debtors' business

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

judgment; and due and proper notice of the Motion having been given; and no other or further notice of the Motion being necessary under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is GRANTED to the extent set forth herein; and it is further

ORDERED that, pursuant to sections 363(b)(1) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b), the Court hereby authorizes the Debtors, without further hearing or notice, to compromise or settle any and all claims (as defined in section 101(5) of the Bankruptcy Code) of, or against, the Debtors arising under or relating to the Construction Loans; and it is further

ORDERED that prior to agreeing to compromise a Construction Loan, the Debtors shall advise counsel for the Committee of the terms of such compromise. The Committee shall have five (5) business days (unless extended by the Debtors) to object to the proposed compromise (the "Objection Deadline"); and it is further

ORDERED that in the absence of an objection by the Committee on or before the Objection Deadline, the Debtors shall be authorized to proceed with and consummate the proposed compromise without further notice or a hearing and such compromise shall be deemed fully authorized by the Court; and it is further

ORDERED that in the event the Committee objects to a proposed compromise on or before the Objection Deadline, the Debtors shall not compromise such Construction Loan on those terms absent a motion and further order of the Court; and it is further

2

ORDERED that upon completion of the compromise of all the Construction

Loans or determination by the Debtors that no other Construction Loans will be compromised

pursuant to the authority granted in this Order, the Debtors shall file a report (the "Report").  The

Report shall identify (i) each Construction Loan by loan number that has been compromised, (ii)

the amount of the unpaid principal balance as of the date of compromise of each compromised

Construction Loan, and (iii) the amount of the compromised unpaid principal balance of each

Construction Loan.  The rights of the Debtors and any other party in interest to seek to file the

Report under seal are fully reserved, as are the rights of any party in interest (including the U.S.

Trustee) to object to such a request; and it is further

ORDERED that the Court shall retain jurisdiction over any and all matters arising

from or relating to the implementation or interpretation of this Order.

Dated:  Wilmington, Delaware
        February ___/___, 2008

_____
Christopher S. Sontchi
United States Bankruptcy Judge

3