IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                                      :   Chapter 11
                                                            :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                      :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                             :
                                                            :   Jointly Administered
         Debtors.                                           :
                                                            :   Docket Ref. No. 2710
------------------------------------------------------------x

### ORDER, *NUNC PRO TUNC*, APPROVING PAYMENT OF TRAVEL AND ENTERTAINMENT EXPENSES INCURRED BY CERTAIN OF THE DEBTORS' TERMINATED EMPLOYEES

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[2] seeking the issuance of an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, approving the Debtors' payment of travel and entertainment expenses incurred by certain of their terminated employees, *nunc pro tunc*; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates and creditors; and upon consideration of the Limited Objection of the Official Committee of Unsecured Creditors to the Motion of the

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Debtors for an Order Pursuant to Sections 105 and 363 of the Bankruptcy Code, *Nunc Pro Tunc*, Approving Payment of Travel and Entertainment Expenses Incurred by Certain of the Debtors' Terminated Employees [Docket No. 2788]; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is granted to the extent set forth herein; and it is further

ORDERED, that the payments of the T&E Expenses to the Terminated Employees in the aggregate approximate amount of $190,249 is approved (collectively, the "T&E Payments"), *nunc pro tunc*; provided, however, that the representative authorized to make distributions to holders of allowed claims against the Debtors is authorized and directed to offset or recoup the portion of the distribution made to the Terminated Employees on account of the T&E Expenses relating to the T&E Payment as set forth above after taking into account the distribution that such Terminated Employee would have received on the T&E Expense if such T&E Payment had not been made; and it is further

ORDERED, that the Debtors' right to object to or otherwise contest claims submitted by Terminated Employees or commence proceedings to recover amounts paid to Terminated Employees on account of T&E Expenses on any and all bases is expressly reserved; and it is further

ORDERED, that on or before ten (10) days after entry of this Order, the Debtors shall provide to counsel for the Committee a schedule identifying (i) the names of the Terminated Employees that received the T&E Payments; (ii) the amount of the T&E Payment to the respective Terminated Employee; (iii) the respective termination dates for the Terminated Employees that received the T&E Payments; and (iv) to the extent known, the dates the T&E

Expenses were incurred by the Terminated Employees receiving the T&E Payments; and it is further

ORDERED, that this Court shall retain jurisdiction to hear any and all disputes arising out of the implementation of this Order.

Dated: Wilmington, Delaware
       February 1    , 2008

*(signature)*
Christopher S. Sontchi
United States Bankruptcy Judge