IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       : Chapter 11
                                                             :
AMERICAN HOME MORTGAGE                                       : Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                              :
a Delaware corporation, et al.,[1]                           : Jointly Administered
                                                             :
    Debtors.                                                 :
                                                             : Objection Deadline: February 21, 2008 at 4:00 p.m. (ET)
                                                             : Hearing Date: February 28, 2008 at 11:00 a.m. (ET)
------------------------------------------------------------ x

## DEBTORS' MOTION FOR ORDER, PURSUANT TO BANKRUPTCY RULE 9019 AND SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE, APPROVING THE SETTLEMENT AGREEMENT BY AND BETWEEN THE AMERICAN HOME MORTGAGE CORP. AND GERMAN AND GLORIA PENA RESOLVING CLAIM NUMBER 8470 AND CERTAIN PENDING PREPETITION LITIGATION

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the settlement agreement (the "Settlement Agreement") by and between American Home Mortgage Corp. ("AHM Corp.") and German and Gloria Pena (the "Claimants" or the "Plaintiffs") resolving claim number 8470 ("Claim 8470") filed by the Claimants and certain prepetition litigation captioned Pena v. Freedom Mortgage Team, Inc. et al., Case No. 04-C552 (N.D. ILL). In support of this Motion, the Debtors respectfully state and represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Complaint 200, Irving, Texas 75063.

## JURISDICTION

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested are Bankruptcy Rule 9019 and sections 105(a) and 362 of the Bankruptcy Code.

## BACKGROUND[2]

2.  On August 6, 2007 (the "Petition Date") each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4.  On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

5.  In the weeks prior to the Petition Date, an unprecedented disruption in the credit markets caused major write-downs of the Debtors' loan and security portfolios and consequently resulted in margin calls for hundreds of millions of dollars with respect to the Debtors' loans. During this time, certain of the Debtors' warehouse lenders began to exercise remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and threatening the company's continued viability.

---

[2] A detailed description of the Debtors' businesses and related business information is set forth in the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief [D.I. 2] and is incorporated herein by reference.

6. The Debtors' inability to originate loans and the exercise of remedies by certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the Debtors to discontinue their retail and indirect loan origination business. As a result, on August 3, 2007, the Debtors implemented a massive reduction in workforce, resulting in the termination of over 6,500 employees.

7. Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets.

## RELEVANT BACKGROUND

8. Prepetition, the Plaintiffs were owners of a certain property located at 3815 North Osceola Avenue, Chicago, IL 60634 (the "Property"). The Plaintiffs subsequently refinanced the Property through the execution of a promissory note (the "Note") in the amount of $353,000 (the "Mortgage Loan Amount") with AHM Corp. (d/b/a American Brokers Conduit), secured by a certain mortgage (the "Mortgage") held by Mortgage Electronic Registration Systems, Inc. ("MERS") on behalf of AHM Corp. The loan was serviced by AHM Servicing.

9. On January 31, 2007, the Plaintiffs filed suit against, Freedom Mortgage Team, Graco Funes, AHM Corp., AHM Servicing and MERS (collectively, the "Defendants") in the United States District Court for the Northern District of Illinois (the "Complaint"), a copy of which is attached hereto as Exhibit A.[3] The Complaint alleged, among other things that the Defendants' alleged discriminatory conduct caused the Plaintiffs to agree to terms as part of the Note and Mortgage which were both unnecessarily expensive and otherwise unfavorable.

---

[3] While the Complaint was filed as a class action suit, the class was never certified pursuant to Fed. R. Civ. P. 23.

Accordingly, the Complaint sought damages for violations of the Fair Housing Act, Equal Credit Opportunity Act, Illinois Consumer Fraud Act, and Truth In Lending Act, Credit Repair Organizations Act, Breach of Fiduciary Duty and rescission of the Mortgage Loan.

10. On or about January 9, 2008, the Plaintiffs timely filed Claim 8470 in an unsecured contingent amount of $32,437.93[4] based on the alleged aggregate damages with respect to penalties and rescission credits as of that date.

11. As a result of subsequent discussions between the AHM Corp. and the Plaintiffs (together, the "Parties"), the Parties have reached a consensual resolution of the Complaint and Claim 8470 pursuant to the terms of the Settlement Agreement, attached hereto as Exhibit B.

## TERMS OF THE SETTLEMENT AGREEMENT[5]

12. The Settlement Agreement, in relevant part, provides that:

   a. Upon refinancing the loan, the Plaintiff shall pay off the Note and Mortgage;

   b. Plaintiffs will withdraw Claim 8470 with prejudice upon the Effective Date;

   c. Plaintiffs will dismiss the Complaint with prejudice upon the Effective Date; and

   d. Upon the Effective Date, the Claimants, for themselves and their heirs, successors and assigns, release, acquit and forever discharge AHM Corp., AHM Servicing and MERS, as well as any agent, employee, representative, officer, director, attorney, predecessor, successor, affiliate, division, subsidiary, or parent of AHM Corp., AHM Servicing or MERS, and the successors and assigns of any of the foregoing (the "Released Parties") from and against any cause of action, suit, damage, attorneys' fees, cost, injury, demand or claim of any kind or nature whatsoever which the Claimants

---

[4] This amount represents alleged prepetition and postpetition penalties.

[5] This summary is solely for convenience. To the extent that the summary differs from the Settlement Agreement, the Settlement Agreement shall govern. All capitalized terms in this section not otherwise defined shall have the meaning ascribed to them in the Settlement Agreement.

had, have, or may in the future have against any of the Released Parties, including, without limitation, those which arise from or relate to the Mortgage, Note, Property or the Complaint.

## RELIEF REQUESTED

13. By this Motion, pursuant to sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 9019, the Debtors request entry of an order approving the Settlement Agreement, substantially in the form attached hereto as <u>Exhibit B</u>.

## BASIS FOR RELIEF REQUESTED

14. Section 105(a) of the Bankruptcy Code states, in pertinent part, that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

15. Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the Court may approve a compromise or settlement." The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged. <u>See</u> <u>In re Penn Central Transportation Co.</u>, 596 F.2d 1102, 1113 (3d Cir. 1979) ("'administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims . . . .'" (quoting <u>In re Protective Committee for Independent Stockholders of TMT Ferry, Inc. v. Anderson</u>, 390 U.S. 414, 424 (1968))). In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has noted that a bankruptcy court should "apprise[] itself of all facts necessary to form an intelligent and objective opinion of the probabilities of ultimate success should the claims be litigated, and estimate[] the complexity, expense and likely duration of such litigation, and other factors relevant to a full and fair assessment of the [claims]." <u>See</u> <u>In re Penn Central Transportation Co.</u>, 596 F.2d at 1153; <u>see</u> also <u>In re Marvel Entertainment Group, Inc.</u>, 222 B.R. 243, 249 (D. Del. 1998) ("the ultimate inquiry [is] whether 'the compromise is fair, reasonable,

and in the interest of the estate.'" (quoting, In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997))).

16. More recently, the Third Circuit Court of Appeals enumerated the following four-factor test to be used in deciding whether a settlement should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re RFE Industries, Inc., 283 F.3d 159, 165 (3d Cir. 2002) (citation omitted).

17. Approval of a proposed settlement is within the "sound discretion" of the bankruptcy court. See In re Neshaminy Office Building Associates, 62 B.R. 798, 803 (E.D. Pa. 1986). The bankruptcy court should not substitute its judgment for that of the debtor. See Id. The court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to see whether the settlement falls below the lowest point in the range of reasonableness. See In re W.T. Grant and Co., 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 22 (1983).

18. In the Debtors' judgment, the resolutions embodied in the Settlement Agreement are reasonable and in the best interest of the Debtors, their estates, their creditors and other parties in interest. Moreover, a review of the above-referenced factors clearly demonstrates that the terms of the Settlement Agreement are reasonable under the circumstances. The Settlement Agreement resolves Claim 8470 and the Complaint by providing for the withdraw with prejudice of both. Moreover, the Settlement Agreement does not affect the amount of principal and interest provided for by the Note and will result in payment in full of said Note. Finally, as a result of the proposed Settlement Agreement, the Debtors avoid the need

for potentially protracted litigation and the associated litigation costs and expenses while incurring no addition cost to the estates.

19. Pursuant to section 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition operates as a stay with respect to "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1). Thus, to the extent that the Settlement Agreement implicates the automatic stay pursuant to section 362 of the Bankruptcy Code, the Debtors also request that the automatic stay be modified solely to effectuate the terms of Settlement Agreement.

20. Based on the foregoing reasons, the Debtors submit that the Settlement Agreement is fair and reasonable and that approval of the Settlement Agreement by and between AHM Corp. and the Plaintiffs and is in the best interest of the Debtors, their estates, their creditors and other parties in interest.

## NOTICE

21. Notice of this Motion shall be served on (i) the United States Trustee For the District of Delaware; (ii) the Committee; (iii) Counsel to the Administrative Agent; (iv) Counsel to the DIP Lender; (v) Counsel to the Plaintiffs; and (vi) all parties entitled to notice under Del. Bankr. LR 2002-1(B). The Debtors submit that no other notice is necessary under the circumstances.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit C</u>, granting the relief requested herein and granting the Debtors such other and further relief as is just and proper.

Dated: Wilmington, Delaware  
February 4, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ James L. Patton, Jr.*  
James L. Patton, Jr. (No. 2202)  
Pauline K. Morgan (No. 3650)  
Sean M. Beach (No. 4070)  
Matthew B. Lunn (No. 4119)  
Donald J. Bowman, Jr. (No. 4383)  
The Brandywine Building  
1000 West Street, 17th Floor  
Wilmington, Delaware 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession