## Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11
In re:                                                           :
                                                                 :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,                  :  Jointly Administered
                                                                 :
    Debtors.                                                     :  Ref. Dkt. No. 547, 643, 2389
---------------------------------------------------------------- x

## ORDER MODIFYING EXISTING PROCEDURES FOR THE COMPENSATION AND REIMBURSEMENT OF EXPENSES OF CERTAIN FORECLOSURE PROFESSIONALS AND REAL ESTATE BROKERS UTILIZED IN THE ORDINARY COURSE AND GRANTING LIMITED *NUNC PRO TUNC* RELIEF

Upon consideration of the motion (the "Motion") of American Home Mortgage Holdings, Inc., a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtor and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[1] for an order pursuant to §§ 105(a), 327, 328, 330, and 331 of the Bankruptcy Code[2] and Bankruptcy Rule 9024 for entry of an order (i) modifying existing procedures for compensation and reimbursement of expenses of certain Foreclosure Professionals utilized in the ordinary course to foreclose and liquidate mortgage loans, and (ii) authorizing the Debtors to pay the Minimum Broker Fee, effective *nunc pro tunc* to the Petition Date, all as set forth more fully in the Motion; and the Court being satisfied that the relief requested in the Motion is in the best interests of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Debtors, their estates, and creditors; and due and proper notice of the Motion having been given; and no other or further notice of the Motion being necessary under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is GRANTED to the extent set forth herein; and it is further

ORDERED that the provisions of the OCP Order, the Interim Compensation Order and the § 327 Foreclosure Orders are hereby MODIFIED to the extent set forth in the Motion and the Modified Procedures attached hereto as Exhibit 1 are hereby approved; and it is further

ORDERED that the OCP Order is modified to allow the Debtors to pay the Brokers the Minimum Broker Fee and such modification shall be effective *nunc pro tunc* to the Petition Date; and it is further

ORDERED that the Debtors, the Foreclosure Professionals and the Brokers shall continue to be obligated to fulfill all requirements necessary for the proper retention of Foreclosure Professionals and Brokers in these bankruptcy cases, including, *inter alia*, the requirement to properly file and notice Retention Affidavits; and it is further

ORDERED that any payments authorized to be made in accordance with this Order are subject to the reservation of rights set forth on the record at the January 14, 2008 hearing by the Debtors, the Committee and AH Mortgage Acquisition Co., Inc.; and it is further

ORDERED that the Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation and/or enforcement of this Order.

Dated: Wilmington, Delaware
       February __, 2008

_____
Christopher S. Sontchi
United States Bankruptcy Judge

# EXHIBIT 1

## Modified Procedures

## Modified Foreclosure Professional Procedures

The following procedures (the "Modified Procedures") shall apply to all request for compensation and reimbursement of expense made by the law firms and other professionals who commence and prosecute foreclosure actions on behalf of AHM Servicing (the "Foreclosure Professionals") made after February ____, 2008. The Modified Procedures, as set forth below, incorporate the procedures under the existing OCP Order [D.I. 643], the Interim Compensation Procedures Order [D.I. 547] and the § 327 Foreclosure Orders[1] (the "Existing Foreclosure Procedures"), as modified by the Motion and the Order (modifications to the Existing Foreclosure Procedures are emphasized in *italics*):

   a) Monthly Invoices: After the last day of a particular month, each Foreclosure Professional may submit to the Committee invoices (each an "Invoice"), *with sufficient detail to determine the date of incurrence of each fee and expense, consistent with foreclosure industry practices, for which a Critical Event has occurred within that month. The term "Critical Event," as used herein, shall mean the occurrence of an event(s) that would cause a Foreclosure Professional to submit an invoice to AHM Servicing for payment under the pre-petition relationship between AHM Servicing and that Foreclosure Professional (which may include, but are not limited to, the filing of a complaint, the completion of a foreclosure action, a borrower's bankruptcy filing, etc.).* Provided, however, that no Invoice shall (i) contain any fee earned or expenses advanced prior to the Petition Date and (ii) contain any amount previously submitted for payment or approval. *For the avoidance of doubt, an Invoice submitted in a given month, pursuant to the Modified Procedures, may contain fees earned or expenses advanced in one or more previous months, subject to the limitations of clauses (i) and (ii) of the preceding sentence.*

   All Invoices for a particular month shall be included in one packet (the "Monthly Packet"). *The Monthly Packet shall contain, in addition to the*

---

[1] As of the entry of the Order, the following firms are retained under § 327 Foreclosure Orders: Northwest Trustee Services, Inc. [D.I. 713], Codilis & Associates, P.C. [D.I. 1593], Weinreb & Associates, PLLC [D.I. 1594], Adorno & Yoss, LLP [D.I. 1707], Samuel I. White, P.C. [D.I. 1709], Orlans Associates, P.C. [D.I. 1710], Law Office of Daniel C. Consuegra [D.I. 2169], and Weltman, Weinberg & Reis, LPA [D.I. 2170].

*Invoices, a summary indicating each Invoice's number, the loan number for the respective Invoice, the amount of fees and expenses requested for each respective Invoice and the total amount of fees and expenses requested for that month.*

b) Monthly Cap:  In a particular month, each Foreclosure Professional shall be subject to a monthly cap of either $35,000 or $75,000 (the "Monthly Cap") and a three month cap of $75,000 or $185,000 (the "Three Month Cap") (as set forth in the OCP Order and subsequent notices amending the OCP Order). If the Invoices contained in a Monthly Packet request total compensation and reimbursement of expenses in excess of the Monthly Cap, they shall be required to submit a fee application (each a "Fee Application"). *The Monthly Cap will no longer be calculated based on when a particular fee or expense was incurred; instead, the monthly cap will be calculated based on the Invoices submitted for a particular month.*

No Foreclosure Professional may be paid in excess of the Three Month Cap absent (i) written consent from the Committee, or (ii) an order of the Court.

c) Committee Approval:  Upon receipt of a Monthly Packet in accordance with these Modified Procedures that does not exceed the Monthly Cap, the Debtors shall forward such Monthly Packet to the Committee. The Committee shall have ten (10) days (the "Committee Objection Deadline") to object to any Invoice contained in the Monthly Packet which does not comply with these Modified Procedures. If no objection is made on or before the Committee Objection Deadline, the Debtors are authorized, but not directed, to pay the amounts requested in the Monthly Packet without further order of the Court.

If an objection is made prior to the Committee Objection Deadline, the Debtors, the Committee, and the Foreclosure Professional shall work together to consensually resolve the objection.

d) Fee Applications:  In the event that (i) the amount of fees and expenses requested in a Monthly Packet exceed the Monthly Cap, or (ii) the Foreclosure Professional is retained pursuant to a § 327 Foreclosure Order, the Foreclosure Professional shall be required to file the Monthly Packet along with a fee application with the court, in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Orders of this Court (the "Fee Application") and to serve the same upon the Notice Parties;[2] provided,

---

[2] The Notice Parties are: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Jeffrey M. Levine); (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, counsel to the Committee; (v) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor,

2

*however, that the Foreclosure Professional is permitted to file its fee application on the day following the last day of the month for which it is requesting reimbursement*; provided, further, that Local Rule 2016-2(d) is waived for all compensation requested for which the Foreclosure Professional bills at a flat rate.

Objections to Fee Applications: Each Notice Party will have twenty (20) days after service of a Fee Application to object thereto (the "Application Objection Deadline"). Upon the expiration of the Application Objection Deadline, a Foreclosure Professional may file a certificate of no objection with the Court after which the Debtors are authorized to pay each Professional an amount (the "Authorized Amount") equal to the lesser of *(i) 100 percent of the fees and 100 percent of the expenses requested in the Fee Application (the "Requested Amount"); and (ii) 100 percent of the fees and 100 percent of the expenses not subject to an objection pursuant to the paragraph below.*

If any Notice Party objects to a Foreclosure Professional's Fee Application, it must file a written objection (an "Objection") with the Court and serve it on the affected Foreclosure Professional and each of the Notice Parties prior to the Application Objection Deadline. Thereafter, the objecting party and the affected Foreclosure Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within twenty (20) days after service of the Objection, the affected Foreclosure Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Requested Amount and the Authorized Amount made to the affected Foreclosure Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

*Payment of Fee Applications: All Authorized Amounts may be paid in their entirety, without holdback, including 100% of fees, after the expiration of the appropriate Application Objection Deadline and the filing of an appropriate certificate of no objection;* provided, however, *that payment of any Authorized Amounts is subject to disgorgement.* Any Incremental Amount that is subject to an Objection may not be paid without further order of the Court.

Interim Fee Applications: Each of the Foreclosure Professionals must file with the Court and serve on the Notice Parties a request (an "Interim Fee

---

1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (vi) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; and (vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon).

Application Request") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the Fee Applications filed during each approximately three-month period (the "Interim Fee Period"). The Interim Fee Application Request must include a summary of the Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules. Any Foreclosure Professional that fails to file an Interim Fee Application Request when due will be ineligible to receive further interim payments of fees or expenses under the compensation procedures until such time as the Interim Fee Application Request is submitted by the Professional. The time of filing of Interim Fee Application will be in accordance with the schedule set forth in the Interim Compensation Order.

e) Quarterly Reports: Each quarter, the Debtors shall file with the court a report setting forth the total compensation and expenses paid to each Foreclosure Professional, by month, for that quarter.

f) No Prejudice to Seek Additional Relief: Nothing contained herein shall prohibit the Foreclosure Professionals from (i) continuing to comply with the OCP Procedures or a § 327 Foreclosure Order, or (ii) seeking additional or further relief or modification of the OCP Order, Interim Compensation Order or § 327 Foreclosure Orders.

g) Reservation of Rights: All payments made under the Modified Procedures are subject to the reservation of rights set forth on the record at the January 14, 2008 hearing by the Debtors, the Committee and AH Mortgage Acquisition Co., Inc.