IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :   Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                        :
                                                                       :   Jointly Administered
                                                                       :
    Debtors.                                                           :   Hearing Date: N/A
                                                                       :   Objection Deadline: N/A
---------------------------------------------------------------------- x

**MOTION FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF THE HEARING TO CONSIDER DEBTORS' MOTION FOR AN ORDER MODIFYING EXISTING PROCEDURES FOR THE COMPENSATION AND REIMBURSEMENT OF EXPENSES OF CERTAIN FORECLOSURE PROFESSIONALS AND REAL ESTATE BROKERS UTILIZED IN THE ORDINARY COURSE AND GRANTING LIMITED _NUNC PRO TUNC_ RELIEF**

American Home Mortgage Holdings, Inc., a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[1] having filed, contemporaneously herewith, _Debtors' Motion For An Order Modifying Existing Procedures For The Compensation And Reimbursement Of Expenses Of Certain Foreclosure Professionals And Real Estate Brokers Utilized In The Ordinary Course And Granting Limited Nunc Pro Tunc Relief_ (the "Motion"),[2] hereby move this Court, pursuant to Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order shortening the time for notice of the hearing to consider the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] All terms not otherwise defined herein shall be given the meanings ascribed to them in the Motion.

Motion as it relates to the relief sought therein so that the matter may be heard on February 14, 2008 at 11:00 a.m. (ET).

1. Pursuant to Local Rule 9006-1(c), motions requesting the establishment of procedures, such as the instant Motion, shall be filed and served fifteen (15) days prior to the hearing date. Pursuant to Local Rule 9006-1(e), however, such period may be shortened by Order of the Court upon written motion specifying the exigencies supporting shortened notice. The Debtors submit that there is sufficient cause to justify shortening the notice period for the hearing on approval of the Motion as it relates to the relief sought therein.

2. The Debtors have previously filed a motion with this Court [D.I. 2389] (the "Original Motion") requesting modification of the OCP Procedures. Accordingly, parties in interest are generally aware of the issues that are raised in the Motion and the relief requested therein. The United States Trustee objected to the Original Motion, and the Court sustained that objection.

3. Since the hearing on the Original Motion the Debtors have been in consultation with the United State Trustee to resolve the objection to the original Motion. Additionally, the Debtors have consulted with the Committee and the Purchaser with regard to the instant Motion. Upon information and belief, the United States Trustee, the Committee and the Purchaser have all consented to hearing the Motion on shortened notice.

4. The relief requested in the Motion will create a more efficient procedure by which AHM Servicing can process the payment of its Foreclosure Professionals and will reduce the administrative burden incurred by AHM Servicing and its professionals in complying with the existing OCP Procedures. Additionally, any delay in hearing the Motion will subject AHM Servicing and its estate to the continued burdens of complying with the OCP Procedures.

5.      Furthermore, and as set forth more fully in the Motion, the relief requested in the Motion will aid AHM Servicing in minimizing the creation of Trailing Expenses and lead to the prompt reimbursement of all Servicing Advances made by AHM Servicing which are properly chargeable to the Liquidation Proceeds. Eliminating any Trailing Expenses will allow AHM Servicing to avoid the costs and burdens associated with recovering Servicing Advances which are properly owing to AHM Servicing but could not be recovered before the Liquidation Proceeds were remitted to the respective loan owners. Lastly, AHM Servicing is now in the position where properties foreclosed upon post-petition, but for which the Foreclosure Professionals have not been paid, are now being liquidated and the Liquidation Proceeds turned over to the respective loan owner. Delay in granting the relief requested in the Motion can have an increased impact on Trailing Expenses as AHM Servicing moves further away from the Petition Date.

6.      Accordingly, the benefits provided to AHM Servicing and its estate if the Motion is granted warrant that the Motion be heard on shortened notice to expedite the processing and approval of payment to their Foreclosure Professionals and to avoid creating any Trailing Expenses. Any delay in having the Motion heard results in a continued burden on the AHM Servicing and its estate to comply with the OCP Procedures and increases the risk of creating additional Trailing Expenses.

7.      Therefore, the Debtors request that a hearing on the relief sought in the Motion be scheduled for February 14, 2008 at 11:00 a.m. (ET). The parties set forth in the notice section of the Motion will be served by overnight delivery or hand delivery on the date hereof. The Debtors also request that the Court establish a deadline of February 12, 2008 at 11:00 a.m.

(ET) for filing responses to the Motion and require that any response be served pursuant to the notice so that it is actually received by that date and time.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) scheduling a hearing on the relief requested in the Motions for February 14, 2008 at 11:00 a.m. (ET); and (ii) requiring that any responses to the Motion be filed and served so as to be received on or before February 12, 2008 at 11:00 a.m. (ET).

Dated: Wilmington, Delaware
       February 7, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
M. Blake Cleary (No. 3614)
Edward J. Kosmowski (No. 3849)
Sean M. Beach (No. 4070)
Ryan M. Bartley (No. 4985)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x
In re:                                                              : Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                              : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                     :
                                                                    : Jointly Administered
                                                                    :
     Debtors.                                                       : Ref. Docket No. _____
------------------------------------------------------------------- x

**ORDER SHORTENING THE TIME FOR NOTICE OF THE HEARING TO CONSIDER DEBTORS' MOTION FOR AN ORDER MODIFYING EXISTING PROCEDURES FOR THE COMPENSATION AND REIMBURSEMENT OF EXPENSES OF CERTAIN FORECLOSURE PROFESSIONALS AND REAL ESTATE BROKERS UTILIZED IN THE ORDINARY COURSE AND GRANTING LIMITED *NUNC PRO TUNC* RELIEF**

Upon consideration of the Motion for an Order Shortening the Time for Notice of the Hearing to Consider Debtors' Motion For An Order Modifying Existing Procedures For The Compensation And Reimbursement Of Expenses Of Certain Foreclosure Professionals And Real Estate Brokers Utilized In The Ordinary Course And Granting Limited *Nunc Pro Tunc* Relief (the "Motion to Shorten"),[1] pursuant to Rules 2002, and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure, and Rules 2002-1(b) and 9006-1(c) and (e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; and the Court having determined that granting the relief requested by the Motion to Shorten is in the best interest of the Debtors' estates and creditors; and it appearing that due and adequate notice of the Motion to Shorten has been given, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion to Shorten is granted; and it is further

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion to Shorten.

ORDERED, that a hearing on the Motion will be held on February 14, 2008 at 11:00 a.m. (ET), and that the deadline to file any responses to the Motion shall be February 12, 2008 at 11:00 a.m. (ET); and it is further

ORDERED, that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: February ___, 2008
       Wilmington, Delaware

                                                  Christopher S. Sontchi
                                                  United States Bankruptcy Judge