## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------------ x | : | |
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : | Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| | : | **Objection Deadline: February 21, 2008 at 4:00 p.m. (ET)** |
| | : | **Hearing Date: February 28, 2008 at 11:00 a.m. (ET)** |
| ------------------------------------------------------------ x | | |

## DEBTORS' MOTION FOR ORDER, PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE, APPROVING THE STIPULATION BY AND BETWEEN AMERICAN HOME MORTGAGE CORP. AND AHM SPV II, LLC EXTENDING THE DEADLINE TO ASSUME OR REJECT A CERTAIN UNEXPIRED PROPERTY LEASE OF NONRESIDENTIAL REAL PROPERTY

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "Bankruptcy Code"), approving the stipulation (the "Stipulation"), attached hereto as Exhibit A, by and between the American Home Mortgage Corp. ("AHM Corp.") and AHM SPV II, LLC ("AHM SPV", together with AHM Corp., the "Parties"), extending the deadline to assume or reject that certain unexpired nonresidential real property lease for the premises located at 538 Broadhollow Road, Melville, New York (the "Broadhollow Property") under Section 365(d)(4) of the Bankruptcy Code. In support of this Motion, the Debtors respectfully state and represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Complaint 200, Irving, Texas 75063.

066585.1001

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested are sections 105(a) and 365 of the Bankruptcy Code.

## BACKGROUND[2]

2.      On August 6, 2007 (the "Petition Date") each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4.      On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

5.      In the weeks prior to the Petition Date, an unprecedented disruption in the credit markets caused major write-downs of the Debtors' loan and security portfolios and consequently resulted in margin calls for hundreds of millions of dollars with respect to the Debtors' loans. During this time, certain of the Debtors' warehouse lenders began to exercise remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and threatening the companies' continued viability.

---

[2]  A detailed description of the Debtors' businesses and related business information is set forth in the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief [D.I. 2] and is incorporated herein by reference.

066585.1001

6. The Debtors' inability to originate loans and the exercise of remedies by certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the Debtors to discontinue their retail and indirect loan origination business. Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets.

## RELEVANT BACKGROUND

7. AHM SPV is a limited liability company non-debtor entity wholly owned by AHM Corp. Pursuant to a certain Lease Agreement between Suffolk County Industrial Development Agency ("IDA") and AHM SPV, dated November 1, 2003, IDA leases the Broadhollow Property to AHM SPV for a period through January 31, 2015.

8. AHM SPV and AHM Corp., are parties to a certain Agreement of Lease Between AHM SPV and AHM Corp., dated November 24, 2003 (the "Sublease Agreement"), pursuant to which, AHM SPV subleases the Broadhollow Property to AHM Corp. for a period through November 30, 2018. The Broadhollow Property serves as the headquarters of AHM Corp.

9. On November 8, 2007, the Debtors filed the *Debtor's Motion for Order Extending the Deadline Pursuant to Section 365(d)(4) to Assume or Reject Unexpired Leases of Nonresidential Real Property* (the "Extension Motion") [D.I. 1905] which sought to extend the deadline to assume or reject certain leases including, but not limited to, the Sublease Agreement, to and including March 3, 2008 (the "Current Deadline"). On November 26, 2007, the Court entered the order (the "Extension Order") [D.I. 2168] granting the relief requested in the Extension Motion and setting the Current Deadline.

10. Subsequent to entry of the Extension Order, the Parties have reached an agreement, the terms of which are embodied in the Stipulation, pursuant to which AHM SPV consents to further extending the Current Deadline to assume or reject the Sublease Agreement.

## SUMMARY OF STIPULATION[3]

11. Pursuant to the Stipulation, AHM SPV, as the landlord to the Broadhollow Property, agrees and consents to the extension of the Current Deadline to assume or reject the Sublease Agreement under section 365(d)(4)(B)(ii) of the Bankruptcy Code through and including the earlier of (i) the effective date of a chapter 11 plan for AHM Corp. or (ii) forty-five (45) days after conversion of the bankruptcy case of AHM Corp. to chapter 7.

## RELIEF REQUESTED

12. By this Motion, pursuant to sections 105(a) and 365 of the Bankruptcy Code, the Debtors request entry of an order approving the Stipulation which further extends the Current Deadline with respect to the Sublease Agreement through and including the earlier of (i) the effective date of a chapter 11 plan for AHM Corp. or (ii) forty-five (45) days after conversion of the AHM Corp. bankruptcy case to chapter 7.

## BASIS FOR RELIEF REQUESTED

13. Section 105(a) of the Bankruptcy Code states, in pertinent part, that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

14. Section 365(d)(4)(B)(ii) of the Bankruptcy Code provides that if the court grants an extension of the deadline to assume or reject an unexpired lease of nonresidential real

---

[3] The summary of the Stipulation and its terms are qualified in their entirety by the Stipulation. If there are any inconsistencies between the summary contained herein and the Stipulation, the Stipulation shall govern. All capitalized terms in this section not otherwise defined shall have the meaning ascribed to them in the Stipulation.

property under subsection (i), "the court may grant a subsequent extension only upon the prior written consent of the lessor in each instance."

15.    In the Debtors' judgment, the agreement embodied in the Stipulation is reasonable and in the best interest of the Debtors, their estates, their creditors and other parties in interest.  As a result of the proposed Stipulation, the Debtors are afforded additional time to make the determination to either assume or reject the Sublease Agreement, and therefore, avoid (i) the potentially significant and unnecessary administrative claims incurred as the result of a premature assumption of the Sublease Agreement or (ii) the potential lost opportunity to obtain the full value of the Sublease Agreement as the result of a premature rejection.  Moreover, the proposed extension does not prejudice AHM Corp. or its creditors as AHM Corp. continues to use the Broadhollow Property as its headquarters and make all payments due under the Sublease Agreement.

16.    Based on the foregoing reasons, the Debtors submit that the Stipulation is fair and reasonable and that approval of the Stipulation is in the best interest of the Debtors, their estates, their creditors and other parties in interest.

## NOTICE

17.    Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Agent for the Debtors' Postpetition Lender; (v) AHM SPV, and (vi) all parties entitled to notice under Del. Bankr. LR 2002-1(b).

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit B,</u> granting the relief requested herein and granting the Debtors such other and further relief as is just and proper.

Dated: Wilmington, Delaware  
       February 8, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)  
Pauline K. Morgan (No. 3650)  
Sean M. Beach (No. 4070)  
Matthew B. Lunn (No. 4119)  
Donald J. Bowman, Jr. (No. 4383)  
The Brandywine Building  
1000 West Street, 17th Floor  
Wilmington, Delaware 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

# EXHIBIT A

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                        :    Chapter 11
                                                              :
AMERICAN HOME MORTGAGE                                        :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]            :
                                                              :    Jointly Administered
                              Debtors.                        :
                                                              :    Ref Docket Nos.: 1905 & 2168
------------------------------------------------------------ x

### STIPULATION BY AND BETWEEN AMERICAN HOME MORTGAGE CORP. AND AHM SPV II, LLC EXTENDING THE DEADLINE TO ASSUME OR REJECT A CERTAIN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE

American Home Mortgage Corp. ("AHM Corp."), one of the above captioned debtors and debtors-in-possession (collectively, the "Debtors"), and AHM SPV II, LLC ("AHM SPV" together with AHM Corp., the "Parties"), pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code") hereby stipulate (the "Stipulation") as follows:

### RECITALS

WHEREAS, on August 6, 2007 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

WHEREAS, the Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to section 1107 and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

066585.1001

WHEREAS, AHM SPV is a limited liability company non-debtor entity wholly owned by American Home Mortgage, Corp., one of the Debtors ("AHM Corp."). Pursuant to a certain Lease Agreement between Suffolk County Industrial Development Agency ("IDA") and AHM SPV, dated November 1, 2003, IDA leases certain real property located at 538 Broadhollow Road, Melville, New York (the "Broadhollow Property") to AHM SPV for a period ending on January 31, 2015.

WHEREAS, AHM SPV and AHM Corp., are parties to a certain Agreement of Lease Between AHM SPV and AHM Corp., dated November 24, 2003 (the "Sublease Agreement"), pursuant to which, AHM SPV subleases the Broadhollow Property to AHM Corp for a period through November 30, 2018. The Broadhollow Property serves as the headquarters of AHM Corp.

WHEREAS, on November 8, 2007, the Debtors filed the Debtor's Motion for Order Extending the Deadline Pursuant to Section 365(d)(4) to Assume or Reject Unexpired Leases of Nonresidential Real Property (the "Extension Motion") [D.I. 1905] which sought to extend the deadline to assume or reject certain leases including, but not limited to, the Sublease Agreement, to March 3, 2008 (the "Current Deadline").

WHEREAS, on November 26, 2007, the Court entered the order (the "Extension Order") [D.I. 2168] granting the relief requested in the Extension Motion and setting the Current Deadline.

WHEREAS, section 365(d)(4)(B)(ii) of the Bankruptcy Code provides that if the court grants an extension under subsection (i), the court may grant a subsequent extension only upon the prior written consent of the lessor.

DB02:6508907.2

066585.1001

NOW THEREFORE, the Parties hereby stipulate and agree, pursuant to section 365(d)(4) of the Bankruptcy Code, as follows:

1.    AHM SPV, as the landlord to the Broadhollow Property, agrees and consents to the extension of the Current Deadline to assume or reject the Sublease Agreement under section 365(d)(4)(B)(ii) of the Bankruptcy Code through and including the earlier of (i) the effective date of a chapter 11 plan for AHM Corp. or (ii) forty-five (45) days after conversion of the bankruptcy case of AHM Corp. to chapter 7.

2.    This Stipulation is intended by the Parties to be binding upon their successors, agents and assigns, including bankruptcy trustees and estate representatives and any parent, subsidiary and affiliated entity of each party.

3.    This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same document.

4.    This Stipulation shall be governed by and construed in accordance with the internal laws of the State of Delaware without reference to its conflicts of laws rules, and the Parties hereto consent to the exclusive jurisdiction of the Bankruptcy Court for all matters concerning this Stipulation to the fullest extent that the Bankruptcy Court has jurisdiction under 28 U.S.C. §1334.

5.    This Stipulation is subject to Bankruptcy Court approval.

6.    The Court shall retain jurisdiction to interpret, enforce, and resolve any disputes arising under or related to this Stipulation.  Any motion or application brought before the Court to resolve any dispute arising under or related to this Stipulation shall be brought on

3

proper notice in accordance with the relevant Federal Rules of Bankruptcy Procedure and the

Local Rules of the Court.

      7.    This Stipulation shall constitute the entire agreement between the parties

with respect to the subject matter hereof and shall supersede any previous negotiations,

commitments, writings, orders or judgments with respect to such subject matter and no provision

of this Stipulation may be changed except by a written instrument executed by the parties hereto.

      8.    The person who executes this Stipulation by or on behalf of each

respective party represents and warrants that he or she has been duly authorized and empowered

to execute and deliver this Stipulation on behalf of such party

      9.    It is acknowledged that each party has participated in and jointly

consented to the drafting of this Stipulation and that any claimed ambiguity shall not be

construed for or against either party on account of such drafting.

Dated: February 5, 2008  
       Wilmington, Delaware

American Home Mortgage Corp.

Alan B. Horn  
Executive Vice President and General Counsel  
538 Broadhollow Road  
Melville, New York 11747

Dated: February 5, 2008  
       Wilmington, Delaware

AHM SPVII, LLC

Alan B. Horn  
Executive Vice President and General Counsel  
538 Broadhollow Road  
Melville, New York 11747

4