IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-11047-CSS, et seq.<br><br>**Objections due by: February 21, 2008, 4:00 p.m.**<br>**Hearing Date: February 28, 2008 at 11:00 a.m.** |

**MOTION OF MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,
SOLELY AS NOMINEE FOR LENDER COUNTRYWIDE
FINANCIAL CORPORATION TO ANNUL THE AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT
TO REAL PROPERTY LOCATED AT 16782 BREABURN, ROMULUS, MI 48174**

Mortgage Electronic Registration Systems, Inc., solely as nominee for lender Countrywide Financial Corporation ("Movant"), by its undersigned counsel, files this motion to annul the automatic stay to exercise non-bankruptcy rights with respect to the parcel of real property located at 16782 Breaburn, Romulus, MI 48174 (the "Property"), and in support hereof states as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. §§ 362 and 105.

2. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc. and certain of its affiliates (the "Debtors") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Since the Petition Date, the Debtors have managed their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

*Property Address: 16782 Breaburn, Romulus, MI 48174*
*Movant: Mortgage Electronic Registration Systems, Inc., solely as nominee for lender Countrywide Financial Corporation*

3. On or about March 24, 2006, James L. Mann ("Obligor") executed and delivered to Mortgage Electronic Registration Systems, Inc., solely as nominee for lender American Home Mortgage, a promissory note (the "Note") in the amount of $184,856, plus interest, attorneys' fees, costs and late charges.

4. To secure the repayment of the sums due under the Note, Obligor executed and delivered to Mortgage Electronic Registration Systems, Inc., solely as nominee for lender American Home Mortgage, a mortgage, deed of trust, or comparable instrument of security on the Property recorded on April 25, 2006 (the "Mortgage").

5. The Mortgage and Note were later transferred to Movant, and Movant became the holder of the Mortgage and Note.

6. Review of the title to the Properties shows that one of the Debtors held another mortgage on the Property.

7. Movant asserts that the Mortgage and the Debtors' junior mortgage described in ¶ 6 above were recorded out of order and filed a Complaint To Quiet Title and for Other Relief (the "State Court Complaint"), a copy of which is attached hereto as **Exhibit A**, in the Circuit Court for Wayne County, Michigan (the "State Court") on November 7, 2007.

8. Movant was not aware of the bankruptcy when the State Court Complaint was filed.

9. Because the Debtors' bankruptcy petition was filed before the State Court could adjudicate the State Court Complaint, Movant seeks to annul the automatic stay in order to permit the filing of the State Court Complaint and continue pursuit of that relief in the State Court.

10. Upon correction of the recordation error associated with the Mortgage and the Debtors' junior mortgage, Movant will be deemed to have a mortgage on the Property senior to the lien held by the Debtors.

11. Upon the conclusion of the foregoing litigation, Movant also desires to exercise its rights and remedies with respect to the Mortgage.

12. To the extent the sale of the Property at Movant's foreclosure of the Mortgage does not yield proceeds in an amount higher than the amount required to satisfy the Mortgage in full, the Debtors' junior mortgage may not be paid in full.

13. The Debtors' junior mortgage thus adds no value to the bankruptcy estate, and the Property is not necessary for Debtors' reorganization.

14. Because the Debtors have no equity in the Property and the Property is not necessary for an effective reorganization, relief from the automatic stay is appropriate under § 362(d)(2) of the Bankruptcy Code to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgage.

15. Because of a cloud on the title resulting from the Debtors' junior mortgage, Movant is unable to liquidate its interest in the Mortgage for the appropriate value. A continued stay of Movant's action against the Property will therefore cause Movant significant prejudice.

16. To the extent that Movant may be required to join other parties in the litigation to determine the validity and amount of Movant's lien claims against the Property, relief from the automatic stay will be inadequate unless all parties asserting interests in, or liens, claims, or encumbrances against, the Property are granted similar relief.

17. Therefore, cause exists to terminate the automatic stay to permit Movant and all other parties asserting interests in, or liens, claims, or encumbrances against, the Property to

exercise its non-bankruptcy rights and remedies with respect to the Mortgage pursuant to § 362(d)(1) of the Bankruptcy Code.

18.     Movant believes that this motion will be unopposed or granted upon consensual terms.  A stay of any order granting this motion would, in such instance, be inappropriate.  Therefore, Movant is seeking relief from the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

19.     Copies of this motion and notice hereof have been served upon the Debtor, counsel for the Debtor, counsel for the Committee, and counsel for the United States Trustee.  In light of the extremely high volume of similar motions being filed in this case and the fact that the parties most likely to seek a position with respect to this motion are receiving notice, Movant believes that limiting notice to these parties is appropriate and requests that the Court consider the merits of this motion accordingly.

WHEREFORE, for the foregoing reasons, Movant respectfully requests that this Court enter an Order annulling the automatic stay and allowing Movant and all other parties asserting interests in, or liens, claims, or encumbrances against, the Property to seek a determination of, and enforce as applicable, their non-bankruptcy rights and remedies against the Property, the proceeds of the Property, and any liens on the same, including but not limited to the filing and pursuit of the State Court Complaint, and granting such other and further relief as this Court deems just and proper.

Dated: February 8, 2008  
       Wilmington, Delaware

Respectfully submitted,

DRAPER & GOLDBERG, PLLC

 /s/ **Adam Hiller**  
Adam Hiller (DE No. 4105)  
Maria Aprile Sawczuk (DE No. 3320)  
1500 North French Street, 2nd Floor  
Wilmington, Delaware 19801  
(302) 339-8776 telephone  
(302) 213-0043 facsimile

*Attorneys for Movant*