UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation *et al.,* [1] | : | |
| | : | Case Number 07-11047 (CSS) |
| Debtors. | | (Jointly Administered) |
| | : | |

**Hearing Date: February 14, 2008 at 11:00 a.m.**

# OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' SUPPLEMENT TO MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE (I) ABANDONMENT AND DESTRUCTION OF CERTAIN DUPLICATE MORTGAGE LOAN FILES OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT OF REASONABLE COSTS AND EXPENSES
## (DOCKET ENTRY # 2888)

In support of her objection to the Debtors' supplement (the "Supplement") to their motion for an order pursuant to 11 U.S.C. §§ 105, 363 and 554 authorizing the (i) abandonment and destruction of certain duplicate mortgage loan files or (ii) return of mortgage loan files to the owner of such loans upon payment of reasonable costs and expenses (the "Motion"), Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: AHM Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

**INTRODUCTION**

1.       Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion.

2.       Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.       Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this objection.

**GROUNDS/BASES FOR RELIEF**

4.       Initially, the Debtors have structured the loan file return program described in the Supplement as a "mandatory" program; if an owner does not request the return of its Hard Copy Loan Files, the Debtors will be permitted to destroy such files.  In her initial objection to the Motion (Docket Entry # 2539), the U.S. Trustee raised the issue of whether the Debtors were attempting to impermissibly modify the terms of existing agreements with loan owners. U.S. Trustee Obj. ¶ 7. The U.S. Trustee again leaves the Debtors to their burden to demonstrate that the relief sought pursuant to the Motion and the Supplement does not impermissibly alter preexisting obligations to loan owners.

5.       Second, to the extent that applicable law entitles mortgagors to obtain a copy of their

loan file from the Debtors, the Debtors should be obligated to honor such requests up until the time of transfer.

6. Finally, while the Debtors cite the "constant change in loan ownership in the secondary market of the loan industry" as grounds for requiring submission of a Loan File Return Declaration by each owner, Supp. ¶ 26 (". . . [T]he information requested in the Loan File Return Declaration is necessary given the constant change in loan ownership in the secondary market of the loan industry."), the Debtors do not explain how they intend to provide notice of their file return program to owners they are presently unaware of. Supp ¶ 26 (". . . [T]o the extent that an Owner purchased such a loan from the secondary market, the Debtors may have no record of the loan being subsequently purchased by the Owner."). Accordingly, to the extent that this Court authorizes the Debtors to implement the file return program, publication notice of the program is warranted.

7. The U.S. Trustee reasserts her initial objection to the Motion and incorporates that objection into this pleading.

**[Continued on next page – space intentionally left blank]**

## **CONCLUSION**

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Motion.

          Respectfully submitted,

          **KELLY BEAUDIN STAPLETON**
          **UNITED STATES TRUSTEE**


       **BY:**  /s/ Joseph J. McMahon, Jr.
              Joseph J. McMahon, Jr., Esquire (# 4819)
              Trial Attorney
              United States Department of Justice
              Office of the United States Trustee
              J. Caleb Boggs Federal Building
              844 King Street, Room 2207, Lockbox 35
              Wilmington, DE  19801
              (302) 573-6491
              (302) 573-6497 (Fax)

Date:  February 11, 2008