IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>(Jointly Administered)<br><br>Re: Docket No. 2395, 2501 and 2888 |

**OBJECTION OF FEDERAL HOME LOAN MORTGAGE CORPORATION TO DEBTORS' SUPPLEMENT TO THE MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE (I) ABANDONMENT AND DESTRUCTION OF CERTAIN DUPLICATE MORTGAGE LOAN FILES OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT OF REASONABLE COSTS AND EXPENSES**

Federal Home Loan Mortgage Corporation ("Freddie Mac"), by and through its undersigned counsel, hereby files this Objection (the "Objection") to the Supplement To Motion For An Order Pursuant To 11 U.S.C. §§ 105, 363 And 554 Authorizing The (I) Abandonment And Destruction Of Certain Duplicate Mortgage Loan Files Or (II) Return Of Mortgage Loan Files To The Owner Of Such Loans Upon Payment Of Reasonable Costs And Expenses (the "Supplemental Motion") (D.I. 2888) filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), and states as follows:

### FACTUAL BACKGROUND

1. On August 6, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. Also on August 6, 2007, the Debtors filed their Emergency Motion Of The Debtors For An Order (I) Authorizing The Sale Of Such Assets Free And Clear Of Liens, Claims, Encumbrances, And Other Interests; (II) Authorizing And Approving Purchase

Agreement Thereto; (III) Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases Related Thereto; And (IV) Granting Related Relief (the "<u>Sale Motion</u>") (D.I. 11).

3. On September 10, 2007, Freddie Mac filed the Motion of Federal Home Loan Mortgage Corporation for an Order Granting Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362 (D.I. 676) (the "<u>Freddie Mac Stay Relief Motion</u>"). As set forth more fully in the Freddie Mac Stay Relief Motion, Freddie Mac terminated the Debtors' right to service the Freddie Mac loan portfolio prior to the Petition Date.

4. On September 18, 2007, the Debtors and Freddie Mac executed two stipulations to resolve, *inter alia*, the Freddie Mac Stay Relief Motion, the parties' disputes concerning Freddie Mac's prepetition termination of the Debtors as servicer, and Freddie Mac's objections to the Sale Motion. The stipulations are identified as (i) the Stipulation of Settlement Between and Among the Debtors, Bank of America, N.A., and Federal Home Loan Mortgage Corporation Regarding Interim Servicing of Federal Home Loan Mortgage Corporation Loans (the <u>Interim Servicing Stipulation</u>"), and (ii) the Stipulation of Settlement Between and Among the Debtors and Federal Home Loan Mortgage Corporation Regarding the Sale of Servicing of Federal Home Loan Mortgage Corporation's Loans (the "<u>Sale Stipulation</u>" and collectively with the Interim Servicing Stipulation, the "<u>Stipulations</u>"), each of which is incorporated by reference herein. In sum, the Stipulations provide for, *inter alia*, an interim servicing transfer to Bank of America N.A. ("<u>BofA</u>") and a subsequent auction sale of the Freddie Mac servicing rights to be conducted in accordance with the Sale Stipulation separate and apart from the Debtors' Section 363 asset sale.

5. Specifically, the Interim Servicing Stipulation provides, among other things, that

> Debtors shall turn over the imaged, microfiche, hard copies and any other form of the Freddie Mac Files in its physical possession in their existing format, to BofA, which transfer shall begin no later than the date of the order approving this Stipulation and be substantially complete on or before November 2, 2007 . . . (hereinafter, the "Interim Hard Copy Servicing Transfer" . . .)

Interim Servicing Stipulation, ¶ 2, p. 5.

6. The Sale Stipulation provides, among other things, that

> The Debtors acknowledge and agree that Freddie Mac has a first priority right of payment from the proceeds (the "Servicing Transfer Proceeds") generated by the Auction Sale. The total amount of "Freddie Mac's Claims" and "Freddie Mac's Servicing Transfer Costs" (as such terms are defined in the Acknowledgement Agreement) to be deducted from the Servicing Transfer Proceeds . . . will be determined as of the date of the Permanent Serving Transfer in accordance with the Acknowledgment Agreement.

Sale Stipulation, ¶ 1, p. 3.

7. The Acknowledgement Agreement, executed by Freddie Mac, the Debtor and BofA on or about July, 2005 and incorporated into the Stipulations, defines "Freddie Mac's Servicing Transfer Costs" as

> all costs and expenses incurred by Freddie Mac relating to or arising from a Termination With Cause or a Termination Without Cause; all payments made or costs incurred by Freddie Mac with respect to an Interim Servicing Transfer; and all costs and expenses incurred by Freddie Mac in connection with an actual or proposed Permanent Servicing Transfer; and including Freddie Mac's attorneys' fees and costs.

Acknowledgement Agreement, § 8(a)2, p. 5.

8. On or about September 20, 2007, the Court entered orders approving the Stipulations (D.I. 861 and 862).

9. As of November 2, 2007, the Debtors had failed to substantially complete the Interim Hard Copy Servicing Transfer in accordance with the Interim Servicing Stipulation. By way of a letter dated November 16, 2007, counsel for Freddie Mac advised counsel for the

Debtors that the servicing files for about 50 percent (more than 2000) of the Freddie Mac mortgage loans had not yet been turned over to BofA, despite repeated and continual efforts to obtain them.

10. On or about November 27, 2007, counsel for the Debtor advised counsel for Freddie Mac that approximately 990 of the outstanding mortgage loan files had been shipped, and that the remainder of the files would be shipped on a rolling basis (at a rate of about a 200 per day) until the Interim Hard Copy Servicing Transfer was complete.

11. This did not occur, and the Interim Hard Copy Servicing Transfer was not completed. Instead, after additional communication between the parties, Freddie Mac was informed by counsel for the Debtor on January 29, 2008 that 800 hard-copy files were still in storage, six files were stored in microfiche format, and 51 mortgage loan files could not be located. As of the date of this Objection, Freddie Mac continues to await transfer of all of its mortgage loan files. Additionally, hundreds of the original notes and recorded security instruments relating to the Freddie Mac mortgages have not as yet been received.

12. On December 14, 2007, the Debtors filed the Motion For An Order Pursuant To 11 U.S.C. §§ 105, 363 And 554 Authorizing The (I) Abandonment And Destruction Of Certain Duplicate Mortgage Loan Files Or (II) Return Of Mortgage Loan Files To The Owner Of Such Loans Upon Payment Of Reasonable Costs And Expenses (the "Motion") (D.I. 2395). The Motion seeks authority to, *inter alia*, abandon and destroy approximately 490,000 "Duplicate Hard Copy Loan Files."

13. Due to the Debtors' failure to timely complete the Interim Hard Copy Servicing Transfer and the resultant concerns regarding the Debtors' disorganization, on December 26, 2007, Freddie Mac filed an Objection to the Motion (the "First Objection") (D.I. 2501). In

summary, Freddie Mac's First Objection objected to any destruction or abandonment of any loan files prior to the completion of the Interim Hard Copy Servicing Transfer and/or any attempt by the Debtors to impose the costs and expenses of the Interim Hard Copy Servicing Transfer upon Freddie Mac in contravention of the Stipulations.

14. On January 14, 2008, the Court entered an Order Pursuant To 11 U.S.C. §§ 105, 363 And 554 Authorizing The Abandonment And Destruction Of Certain Duplicate Mortgage Loan Files (the "Limited Destruction Order") (D.I. 2724) allowing the Debtors to destroy only those loan files for loans which the Debtors did not fund (subject to the court's precautionary comments made on the record at the January 14, 2008 hearing). Based upon the representations made the Debtor on the record at the January 14, 2008 hearing regarding their control processes, visual inspection of each loan file prior to destruction, and retention of electronic copies of all non-funded loan files, Freddie Mac consented to the entry of the Limited Destruction Order.

15. On February 5, 2008, the Debtors filed the Supplemental Motion. The Supplemental Motion seeks an Order approving certain "request and return" procedures to govern the loan owners' requests for and the Debtors' return of loan files to those owners. These proposed "request and return" procedures would require any loan owner seeking the return of its loan files to make a detailed written declaration (a "Loan File Return Declaration") requesting the return of enumerated loan files and containing the loan owner's agreement to pay all costs and expenses associated with the return of those loan files.

### **OBJECTION**

16. Freddie Mac objects to the relief requested in the Supplemental Motion as unnecessary and contrary to the parties' Stipulations. First, the Debtors do not need any further authorization from the Court to return the Freddie Mac mortgage loan files. The Court has

already authorized the Interim Hard Copy Servicing Transfer to Freddie Mac in connection with its approval of the Stipulations.

17. Furthermore, requiring Freddie Mac to submit a Loan File Return Declaration by the proposed deadline as a precondition to the Debtors' return of the Freddie Mac files is contrary to the parties' agreement embodied in the Stipulations. By way of the Interim Servicing Stipulation, the Debtors agreed to substantially complete the Interim Hard Copy Servicing Transfer by November 2, 2007. Subjecting Freddie Mac to the Supplemental Motion's proposed "request and return" procedures would effectively rewrite the Stipulations to alleviate the Debtors' current breach of the Interim Servicing Stipulation and impose new, onerous obligations upon Freddie Mac.

18. The proposed requirement that Freddie Mac agree to pay all costs and expenses stemming from the Debtors' return of its loan files is also directly contrary to the parties' agreement embodied in the Stipulations. Specifically, the Sale Stipulation provides that Freddie Mac has a "first priority right of payment" from the proceeds generated by the auction sale of the Freddie Mac servicing rights, which includes payment in full of, *inter alia*, "all costs incurred by Freddie Mac with respect to an Interim Servicing Transfer." See Sale Stipulation, ¶ 3, p. 3 (text included at ¶ 6 *supra*); Acknowledgment Agreement, § 8(a)2, p. 5 (text included at ¶ 7 *supra*). Accordingly, Freddie Mac should be expressly excluded from the operation of any order granting the relief requested in the Supplemental Motion or, alternatively, the relief requested by the Debtors in the Supplemental Motion should be denied in full.

19. Additionally, Freddie Mac renews its objections as set forth in its First Objection, which is incorporated herein by reference, and supplements its First Objection as set forth herein.

To the extent the Supplemental Motion seeks any authority to abandon or destroy any loan files, Freddie Mac renews its objections to that requested relief.

WHEREFORE, Freddie Mac respectfully requests that the Court (i) sustain the Objection; (ii) deny the relief requested in the Supplemental Motion; and (iii) grant such other and further relief as is just and proper.

Dated: February 11, 2008
       Wilmington, Delaware

Respectfully submitted,

By: /s/ J. Cory Falgowski
J. Cory Falgowski (No. 4546)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: 302-778-7500
Facsimile: 302-778-7575
E-mail: jfalgowski@reedsmith.com

and

George Kielman, Esquire
Associate General Counsel for Litigation
Freddie Mac
8200 Jones Branch Drive - MS 202
McLean, VA 22102
Telephone: 703-903-2640
Facsimile: 703-903-3691
E-mail: george_kielman@freddiemac.com

Counsel for Federal Home Loan Mortgage Corporation