**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| American Home Mortgage Holdings, Inc., a | ) | |
| Delaware corporation, *et al.*, | ) | Case No. 07-11047(CSS) |
| | ) | |
| Debtors | ) | Jointly Administered |

Supplemental Objection Deadline: February 11, 2008 @ 4:00 PM (ET)
Hearing Date: February 14, 2008 @ 11:00 AM (ET)

**SUPPLEMENTAL OBJECTION OF WELLS FARGO BANK, N.A. TO THE MOTION FOR AN ORDER PURSUANT TO 11 U.S.C §§ 105, 363 AND 554 AUTHORIZING THE (I) ABANDONMENT OF CERTAIN DUPLICATE LOAN FILES OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT OF REASONABLE COSTS AND EXPENSES (D.I. 2395 AND 2888)**

Wells Fargo Bank, National Association (*"Wells Fargo"*), as Master Servicer, Securities Administrator, Trust Administrator, and/or Indenture Trustee for approximately 70 securitization transactions for which American Home Mortgage Servicing, Inc., ("*AHM Servicing*") or one of the other Debtors serve as servicer, hereby files its Supplemental Objection to the Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (I) Abandonment and Destruction of Certain Duplicate Loan Files or (II) Return of Mortgage Loan Files to the Owner of such Lonas Upon Payment of Reasonable Costs and Expenses and the Limited Reply and Supplement filed by the Debtors in connection therewith (the *"Supplemental Objection"*). In support of this Supplemental Objection, Wells Fargo states as follows:

I.   **SUMMARY OF OBJECTION**

1.   Wells Fargo, as Master Servicer, Securities Administrator, Trust Administrator, and/or Indenture Trustee, filed its original Objection because it believed that the Duplicate Loan

Files may contain original loan documents and is concerned about the ultimate ability of the servicer to (a) realize upon loans, through foreclosure or otherwise, without these original documents or (b) defend actions or defenses brought by borrowers under such loans without original documents.  Wells Fargo objected to the extent that the Debtors seek authority to destroy any original documents.  The Debtors now seek to establish a bar date within which owners of mortgage loans may request the loan files held by the Debtors at American Corporate Record Center, Inc.  Wells Fargo is concerned that the establishment of the bar date is merely a back door way to get the ultimate relief sought without addressing the substance of the issue - that the next Motion will be to destroy any and all files remaining as not having been requested by the owner thereof.

2. As Master Servicer, Wells Fargo has no "ownership" rights over the loan files to request such files in accordance with the Limited Response and thus would have no right to seek such files.  Nonetheless, the destruction of such files may hamper the servicing of the loans.  Wells Fargo is a Trustee under a few AHM transactions and would have standing to seek these files.  In this case, however, the relief requested seems to put the cart before the horse.  Wells Fargo believes it would be appropriate and helpful to the process if the Debtors first disclosed what is contained or likely to be contained in the files in a meaningful way, based upon (a) any audits conducted by the Debtors of these files or (b) upon the manner in which the Debtors used these files in the ordinary course of business or (c) disclosure of a sample of any inventory of the contents of these files.  In particular, Wells Fargo believes it would be helpful if the Debtors expounded upon paragraph 5 of their limited objection to describe the types of documents contained in the origination file, and upon paragraph 6 to describe all of the originals likely to have been removed and sent to the custodian, and add a further statement as to what, if any, original documents might remain in such files.

## II. BACKGROUND

### A. Procedural Background

3. On August 6, 2007, each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. On August 6, 2007, the Debtors filed their Emergency Motion of the Debtors for Orders: (A)(I) Approving Sales Procedures; (II) Scheduling A Hearing to Consider Sale of Certain Assets Used in the Debtor's Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the *"Sale Motion"*). The Court approved the Sale Motion on August 7, 2007, establishing certain auction and sales procedures with respect to the loan servicing business, establishing August 27, 2007 as the date upon which assumption notices were required to be filed.

5. On August 31, 2007, the Debtors filed a Notice amending certain dates in the sale process. The date upon which initial bids were due was moved to September 18, 2007, with an auction scheduled for September 24, 2007 and a hearing to approve the sale on October 1, 2007.

6. Finally, on September 14, 2007, the Debtors filed a further Notice rescheduling the auction, setting October 2, 2007 as the date on which bids must be received, establishing October 5, 2007 as the date of the auction, and setting a hearing to approve the sale for October 9, 2007.

7. On October 30, 2007, the Court entered an Order Pursuant to Sections 105, 363, 364, 365, and 503(b) of the Bankruptcy Code, and Rules 2002, 4001, 6004, 6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving (i) the Sale of the

Debtors' Mortgage Servicing Business Free and Clear of Liens, Claims and Interests, (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (B) Granting Certain Related Relief (the *"Sale Approval Order"*) (Docket No. 1711).

8. Pursuant to the Sale Approval Order, the "economic sale" of the sale of the loan servicing business occurred on November 16, 2007. Pursuant to the terms of the sale agreement AHM Servicing continues as servicer for loans held in the securitization transactions for the benefit of the purchaser thereunder until the final closing of the transaction is consummated.

9. By its original Motion AHM Servicing seeks to destroy certain "Duplicate Hard Copy Loan Files". Wells Fargo filed an objection to this Motion. The Limited Response now seeks to establish a bar date within which "owners" of the loans can request these files. The Motion and the Limited Response, however, does not adequately describe the contents of these files to determine the types of original documents that might be contained in these files to enable any "owner" to make a meaningful decision as to whether it wants the files, particularly if it is required to pay the fees sought by the Debtors.

### III.    OBJECTION

**WELLS FARGO OBJECTS TO THE DESTRUCTION OF ANY ORIGINAL MORTGAGE DOCUMENTS**

10. Wells Fargo objected to the original Motion because it believed that the proposed document destruction request may violate the terms of the servicing agreements to the extent it seeks to destroy original documents because (a) the Servicer only holds such documents in trust for the benefit of the relevant securitization trust, and (b) the Servicer may be unable to adequately exercise remedies in the absence of original documentation. Wells Fargo was concerned that the lack of certain original documents might create a situation wherein the servicer is unable to adequately take remedial action with respect to the mortgage loans being

serviced, or leave it unable to defend claims brought by borrowers. These concerns remain today.

11. The current relief sought by the Debtors is the establishment of a bar date for "owners" of the loan files to seek to have these files shipped, for a fee, to them. The problem with the request, however is that unless the "owners" have a reasonable belief as to what these files contain and what, if any, original documents might be contained therein, it is difficult for such "owners" to make a decision as to whether to take possession of these files[1]. The issues raised by the Debtors may be easily resolved if the Trustees, Master Servicer and other owners of the loan files had a reasonable belief as to what might be contained in these files, either on the basis of any audit of the files the Debtors may have rendered, detailed lists of the contents of a sampling of the files, or a detailed statement from the Debtors as to their expectations as to the contents of such files on the basis of how their businesses were operated in the ordinary course of business. If these files are not likely to contain originals or contain originals that are not relatively important to adequately service the loans it may be that the owners of the loan files would agree to their destruction. If the files contain important documents the owner could discuss appropriate arrangements with the Debtors with respect to such important documents or files.

---

[1] Further these files, as property of the relevant Trustee, ought to be shipped for free.

**CONCLUSION**

WHEREFORE, Wells Fargo, as Master Servicer, Securities Administrator, Trust Administrator and/or Indenture Trustee, respectfully requests that: (a) the relief requested in the Limited Response be denied pending further information on the contents of the relevant files and (b) the Court grant such other and further relief as it deems equitable, just and proper.

/s/ Todd C. Schiltz
**WOLF, BLOCK, SCHORR AND SOLIS-COHEN, LLP**
Todd C. Schiltz (#3253)
1100 North Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 777-0313
tschiltz@wolfblock.com

and

**CHAPMAN AND CUTLER LLP**
FRANKLIN H. TOP, III
111 WEST MONROE STREET
CHICAGO, IL 60603
TELEPHONE: (312) 845-3824
top@chapman.com

*Attorneys for Wells Fargo Bank, National Association, as Master Servicer*