IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., et al., | § § § § | Case No. 07-11047 (CSS) (Jointly Administered) |
| | § § | Re: Docket Nos. 2395 & 2888 |
| Debtors. | § | |

**SUPPLEMENTAL OBJECTION OF CALYON NEW YORK BRANCH TO LIMITED REPLY AND SUPPLEMENT OF THE DEBTORS TO MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE (I) ABANDONMENT AND DESTRUCTION OF CERTAIN DUPLICATE MORTGAGE LOAN FILES OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT OF REASONABLE COSTS AND EXPENSES**

Calyon New York Branch, as Administrative Agent under the Repurchase Agreement ("Calyon"), by and through its undersigned counsel, submits the following as its supplemental objection to the Limited Reply and Supplement to Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses (the "Motion Supplement") filed by the captioned debtors and debtors in possession (collectively, the "Debtors"):

**PRELIMINARY STATEMENT**

1. Calyon objects to the relief requested in the Motion Supplement to the extent it would affect (i) the Debtors' obligations under the Stipulation (as defined herein); or (ii) the Debtors' obligation to provide Original Documents (as defined herein) to the Custodian (as defined herein).

## BACKGROUND

2.  American Home Mortgage Corp. ("AHMC"), American Home Mortgage Servicing, Inc. ("AHMS"), American Home Mortgage Acceptance, Inc. ("AHMA"), and American Home Mortgage Investment Corp. ("AHMI"; together with AHMC, AHMS, and AHMA, the "Defendants") are each Sellers under that certain Repurchase Agreement dated November 21, 2006 (the "Repurchase Agreement"). Capitalized terms not defined herein have the meanings given to them in the Repurchase Agreement.

3.  On August 6, 2007, along with the other Debtors, the Defendants filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code.

## THE ADVERSARY PROCEEDING

4.  On August 28, 2007, Calyon filed its Complaint and Request for Declaratory Judgment, Injunctive Relief and Damages (the "Complaint"). In the Complaint, Calyon sought declaratory and injunctive relief, and damages, due to the termination of the Repurchase Agreement and the Defendants' failure and refusal to take the actions required by such termination, including, without limitation, transferring certain records and funds as required to transition the day to day servicing of certain mortgage loans. More particularly, in the Complaint Calyon sought, among other things, (i) a declaratory judgment that the Repurchase Agreement is a repurchase agreement within the meaning of the safe harbor provisions and therefore pursuant to sections 362(b)(7), 555, and 559 of the Bankruptcy Code, Calyon's rights to liquidate, terminate and accelerate the Repurchase Agreement are not stayed, avoided or otherwise limited by the operation of any provision of the Bankruptcy Code; (ii) injunctive relief compelling the Defendants to transfer certain records and funds as required to transition the day to day servicing of the Mortgage Loans; and (iii) damages.

5.      On September 11, 2007, the Defendants filed their Answer (the "Answer") and First Counterclaim (the "Counterclaim").  In the Answer, the Defendants argued that the Repurchase Agreement is not safe harbored under sections 555 and 559 because it should be recharacterized as a secured loan or, alternatively, if the Court determines that it is safe harbored, then the servicing provisions should be severed and treated as a separate contract which is not safe harbored.  In the Counterclaim, the Defendants sought a declaratory judgment that the Repurchase Agreement is not a repurchase agreement within the meaning of Section 101(47) because it should be recharacterized as a secured financing.

6.      The phase I trial (the "Phase I Trial") in the adversary proceeding (the "Adversary Proceeding") was held on November 6, 7 and 8, 2007.  Following post-trial briefing, oral argument on the Phase I Trial was held on November 26, 2007.  Calyon incorporates by reference in this objection: (i) the pleadings and other documents Calyon filed in the Adversary Proceeding; (ii) Calyon's Exhibits from the Phase I Trial; and (iii) the transcript of the Phase I Trial.

7.      On January 4, 2008, this Court issued its Opinion regarding the Phase I Trial (the "Opinion").  On January 15, 2008, the Court entered its Order on Phase I Trial (the "Order").  The Court denied the Counterclaim and held that the Repurchase Agreement is protected by the Bankruptcy Code safe harbors.  *See* Opinion; Order.  The Court also held that the portion of the Repurchase Agreement providing for the servicing of mortgage loans is severable from the remainder of the Repurchase Agreement and is not protected by the safe harbors.  *See* Opinion; Order.  As a result of the Opinion and the Order, it is clear that Calyon owns the mortgage loans related to the Repurchase Agreement (the "Mortgage Loans") and that the Mortgage Loans are not property of the Debtors' estates.  Similarly, Calyon owns the mortgage files related to the

Mortgage Loans and the mortgage files related to the Mortgage Loans are not property of the Debtors' estates.

8. On January 25, 2008, the Court entered the Stipulation and Order regarding Mortgage Funds and Mortgage Files (the "Stipulation"). Among other things, the Stipulation provides as follows with respect to the mortgage files related to the Mortgage Loans:

> Defendants agree to use best efforts to (a) provide to Calyon electronic copies of the Mortgage Files that Calyon has identified in writing submitted to Defendants on or before February 1, 2008 (the "Requested Document List") as having not been turned over to Calyon; and (b) with respect to electronic copies of the Mortgage Files that Calyon identifies as being turned over to Calyon on the Requested Document list in an incomplete state, to cooperate with Calyon in endeavoring to provide electronic copies of the information necessary to complete such Mortgage Files by no later than March 1, 2008; provided, Plaintiffs will reimburse Defendants $100 per Mortgage File identified in subparagraph (b) hereof upon completion of such best efforts.

Stipulation, ¶ 9.

9. Calyon has identified for the Defendants (i) the mortgage files which the Defendants have not provided to Calyon; and (ii) the incomplete mortgage files Calyon has received from the Defendants. Consequently, the Stipulation requires the Defendants to provide Calyon with complete electronic copies of all of the mortgage files related to the Mortgage Loans by no later than March 1, 2008.

10. The phase II trial (the "Phase II Trial") in the Adversary Proceeding is scheduled to be held on June 17, 2008.

## THE MOTION SUPPLEMENT

11. On December 14, 2007, the Debtors filed the Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses (the "Motion"). In the Motion, the

Debtors seek authority to abandon and destroy certain Hard Copy Loan Files (as defined in the Motion). *See* Motion, ¶ 21. In addition, in the Motion the Debtors raised the possibility of returning Hard Copy Loan Files to the owners of the underlying mortgage loans for a fee. *See id.* ¶¶ 27-29.

12. On, December 27, 2007, Calyon filed the Objection of Calyon New York Branch to Motion of the Debtors for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses (the "December Objection"). In the December Objection, Calyon objected to the relief requested in the Motion. Calyon incorporates the December Objection by reference herein.

13. On February 5, 2008, the Debtors filed the Motion Supplement. In the Motion Supplement, the Debtors seek to establish procedures for a document return program that would require owners of mortgage loans to pay the Debtors to turnover mortgage files which belong to the owners and are not property of the Debtors' estates.

14. In the Motion Supplement, the Debtors also assert that they transferred the necessary original documents in the mortgage files to the respective custodians for the underlying mortgage loans. Specifically, the Debtors state as follows:

> Upon receipt of the Hard Copy Loan Files, the Debtors reviewed such files for any collateral documents (i.e., the original note, mortgage copy (recorded mortgage if received back), title insurance (binder or commitment); related addenda to mortgage or note; and paper assignments). Collateral documents were immediately pulled from the file, copies, and forwarded to the respective custodian for the underlying loan.

Motion Supplement, ¶ 6.

## ARGUMENT

15. Calyon objects to the relief requested in the Motion Supplement to the extent it would affect the Defendants' obligations under the Stipulation. In addition, Calyon objects to the relief requested in the Motion Supplement to the extent it would affect the Debtors' obligation to provide the necessary original documents in the mortgage files regarding the Mortgage Loans (the "Original Documents") to the custodian under the Repurchase Agreement (the "Custodian").

16. The Stipulation requires the Defendants to provide Calyon with complete electronic copies of all of the mortgage files related to the Mortgage Loans by no later than March 1, 2008. Accordingly, the relief requested in the Motion Supplement could be interpreted to affect the Defendants' obligations under the Stipulation. Thus, Calyon requests that any order granting the relief requested in the Motion Supplement provide that it does not affect the Stipulation or Defendants' obligations thereunder, and provide that Calyon will not be required to pay any amounts to the Debtors with respect to the mortgage files related to the Mortgage Loans other than as set forth in the Stipulation.

17. Calyon has not yet confirmed that the Custodian has all of the Original Documents. Despite the Debtors' assertion in the Motion Supplement, it is quite possible that the Debtors failed to deliver some of the Original Documents to the Custodian. As set forth more fully in the December Objection, examples of the Debtors' mistakes with respect to mortgage documents include failing to image documents and failing to send imaged documents to the corresponding electronic files. *See* December Objection, ¶¶ 21-23. In fact, Calyon has learned that the Debtors may not have copies or originals of the notes concerning two of the Mortgage Loans. As a result, the Debtors' assertion in the Motion Supplement does not mean that the Original Documents were transferred to the Custodian.

18.  The Original Documents are necessary for the processing of any payoffs, refinances, assumptions, foreclosures and other transactions involving the Mortgage Loans. Moreover, the Original Documents are critical to Calyon's ability (a) to enforce its rights under certain of the Mortgage Loans; and (b) to provide releases and/or discharges of the notes and security instruments upon payoff, as potentially required by the applicable documents and state law. Thus, Calyon requests that any order granting the relief requested in the Motion Supplement provide that it does not affect the Debtors' obligation to provide the Original Documents to the Custodian.

19.  More generally, the Bankruptcy Code does not authorize the relief requested in the Motion Supplement because the mortgage files related to the Mortgage Loans are not property of the Debtors' estates. Sections 363 and 554 each explicitly refer to actions which may be taken with respect to *property of the estate*. 11 U.S.C. §§ 363(b)(1) and 554. Section 105 does not expand the authority granted by sections 554 and 363 to property that is not property of the Debtors' estates. It is well-established that section 105 supplements courts' powers to enter orders in furtherance of provisions of the Bankruptcy Code, but that section 105 does not create substantive rights which otherwise do not exist under the Bankruptcy Code. *See, e.g., Joubert v. ABN AMRO Mortgage Group, Inc.*, 411 F.3d 452, 455 (3d Cir. 2005). Thus, section 105 does not authorize the relief requested in the Motion Supplement regarding the mortgage files related to the Mortgage Loans.

20.  Apart from section 105, which is inapplicable because there are no substantive Bankruptcy Code provisions on point, the Debtors cite no authority to support unilaterally re-writing the Debtors' contracts with third-parties to arbitrarily impose the notice/information and payment requirements proposed in the Motion Supplement. Moreover, the information

requirements proposed in the Motion Supplement are particularly inappropriate for the mortgage files related to the Mortgage Loans because the Debtors are well aware of exactly what Calyon needs in order to have complete electronic copies of all of the mortgage files related to the Mortgage Loans. Similarly, the fee requirements proposed in the Motion Supplement are particularly inappropriate for the mortgage files related to the Mortgage Loans because the safe harbor provisions apply to the Repurchase Agreement, and Calyon's claims against the Debtors, including without limitation, potential setoff and recoupment claims, weigh strongly against imposing any fee on Calyon.

21.     Nevertheless, although the Bankruptcy Code does not authorize the Debtors to take the actions requested in the Motion regarding *any* of the mortgage files related to the Mortgage Loans, Calyon does not object to the relief requested in the Motion Supplement to the extent any order granting such relief provides (i) that it does not affect the Stipulation or Defendants' obligations thereunder and that Calyon will not be required to pay any amounts to the Debtors with respect to the mortgage files related to the Mortgage Loans other than as set forth in the Stipulation; and (ii) that it does not affect the Debtors' obligation to provide the Original Documents to the Custodian.

## **RESERVATION OF RIGHTS**

22.     Calyon reserves the right to object and otherwise respond to the Motion Supplement on such other and further grounds as Calyon deems appropriate at the hearing on the Motion Supplement.

WHEREFORE Calyon respectfully requests that this Court (i) deny the relief requested in the Motion Supplement unless the order granting such relief provides (a) that it does not affect the Stipulation or Defendants' obligations thereunder and that Calyon will not be required to pay any amounts to the Debtors with respect to the mortgage files related to the Mortgage Loans other than as set forth in the Stipulation and (b) that it does not affect the Debtors' obligation to provide the Original Documents to the Custodian; and (ii) grant Calyon such other and further relief as is just and appropriate.

Dated: February 11, 2008

ECKERT SEAMANS CHERIN & MELLOTT, LLC

_/s/ Michael G. Busenkell_

Michael G. Busenkell (DE No. 3933)
Margaret F. England
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
Telephone: (302) 425-0430
Telecopier: (302) 425-0432

-and-

HUNTON & WILLIAMS LLP
Benjamin C. Ackerly
Jason W. Harbour (DE No. 4176)
Riverfront Plaza, East tower
951 E. Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Telecopier: (804) 788-8218

-and-

Peter S. Partee
Scott H. Bernstein
200 Park Avenue, 53rd Floor
New York, New York 100166-0136
Telephone: (212) 309-1000
Telecopier: (212) 309-1100

Counsel to Calyon New York Branch