IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>(Jointly Administered)<br><br>Re: Docket No. 2395, 2544, 2888 and 2902<br><br>Objection Deadline: February 11, 2008 at 4:00 p.m.<br>Hearing Date: February 14, 2008 at 11:00 a.m. |

**OBJECTION OF BANK OF AMERICA, N.A. TO DEBTORS' LIMITED REPLY AND SUPPLEMENT TO MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE (I) ABANDONMENT AND DESTRUCTION OF CERTAIN DUPLICATE MORTGAGE LOAN FILES OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT OF REASONABLE COSTS AND EXPENSES [D.I. 2888]**

Bank of America, N.A., ("BofA") in its capacity as a loan purchaser pursuant to certain Purchase Agreements with the Debtors, by its undersigned attorneys, hereby submits this Objection (the "Objection") to the Limited Reply and Supplement Motion For An Order Pursuant To 11 U.S.C. §§ 105, 363 And 554 Authorizing The (I) Abandonment And Destruction Of Certain Duplicate Mortgage Loan Files Or (II) Return Of Mortgage Loan Files To The Owner Of Such Loans Upon Payment Of Reasonable Costs And Expenses (the "Supplement") [Docket No. 2888] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] and in support thereof states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHMIC"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

## BACKGROUND

1.  As set forth in BofA's Original Objection (as defined below), prior to the Petition Date, BofA purchased pools of mortgage loans from the Debtors pursuant to three Purchase Agreements. Pursuant to Section 3.02 of the Purchase Agreements, AHM Corp. made certain representations and warranties relating to the mortgage loans purchased by BofA under the Purchase Agreements, several of which relate to documents AHM Corp. was required to obtain and provide to BofA or to documents which were required to be included in each mortgage loan's Mortgage File (as defined in the Purchase Agreements) or Servicing File (as defined in the Purchase Agreements). On December 27, 2007, BofA provided the Debtors with a schedule of documents missing from the Mortgage Files and Servicing Files and requested that the Debtors provide these documents to BofA. Subsequently, on January 25, 2008, BofA provided the Debtors with a supplemental schedule of outstanding documents missing from the Mortgage Files and the Servicing Files and once again requested that the Debtors provide these documents. Pursuant to Section 2.06 of the Purchase Agreements, AHM Corp. is required to pay all costs and expenses incurred in connection with the transfer or delivery of the mortgage loans.

2.  On December 14, 2007, the Debtors filed the Motion For An Order Pursuant To 11 U.S.C. §§ 105, 363 And 554 Authorizing The (I) Abandonment And Destruction Of Certain Duplicate Mortgage Loan Files Or (II) Return Of Mortgage Loan Files To The Owner Of Such Loans Upon Payment Of Reasonable Costs And Expenses (the "Motion") [Docket No. 2395], seeking authority to, *inter alia*, abandon and destroy approximately 490,000 Duplicate Hard Copy Loan Files.[2] The Motion also provides that the Debtors will "return the Duplicate Hard

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Supplement or the Motion.

Copy Loan Files to the owner of such loans upon written request and payment of all reasonable costs and expenses associated with the retrieval, review and return." Motion, ¶ 21, p. 7.

3.      Several parties, including BofA, filed objections to the Motion.[3] As a result, the Debtors decided to adjourn the majority of the relief sought in the Motion and only went forward with the Motion at the January 14, 2008 hearing for the limited purpose of destroying 115,000 files for loans that did not close and never funded. *See* Transcript of Hearing on January 14, 2008 ("Tr.") at p. 75. Debtors' counsel stated that "we've continued the objections so that we have time to work with those parties to start attempting to negotiate a resolution or at least addressing their concerns in connection with either the return or the destruction of documents." Tr. at 75. The Court and the United States Trustee raised numerous concerns at the hearing regarding the relief sought in the Motion, including that the Motion is premature at this stage in the Debtors' cases and could adversely impact parties with interests in the Hard Copy Loan Files. *See* Tr. at pp. 85-93.

4.      Subsequently, on February 5, 2008, the Debtors filed the Supplement which seeks to, *inter alia*, establish an arbitrary deadline of March 14, 2008 by which Owners would be required to file and serve a Loan File Return Declaration in order to have their Hard Copy Loan Files returned to them. *See* Supplement at ¶ 24. In addition, the Debtors are also requesting that the Owners bear all costs and expenses associated with the retrieval, review and return of the Hard Copy Loan Files. *See* Supplement at ¶¶ 21, 29-31. As set forth herein, the relief sought in

---

[3] BofA filed its Limited Objection To Debtors Motion For An Order Pursuant To 11 U.S.C. Sections 105, 363 And 554 Authorizing The (I) Abandonment And Destruction Of Certain Duplicate Mortgage Loan Files Or (II) Return Of Mortgage Loan Files To The Owner Of Such Loans Upon Payment Of Reasonable Costs And Expenses ("BofA's Original Objection") [Docket No. 2544].

the Supplement does not address the issues raised in BofA's Original Objection or the concerns raised at the January 14, 2008 hearing.

## OBJECTIONS

5. Through the Supplement, the Debtors now seek to establish a "bar date" of March 14, 2008, by which Owners must request the return of their loan documents. However, the Debtors, by their own admission in the Supplement, state that they have no intention of destroying or abandoning any of the Hard Copy Loan Files at this stage in the Debtors' cases. *See* Supplement at n. 4. Accordingly, if the Debtors are not seeking to destroy any documents at this time, it is premature for the Debtors to establish an arbitrary "bar date" for no apparent purpose other than as a means to prevent Owners from obtaining documents --which they own-- and potentially foreclosing such Owners' ability to object to the ultimate destruction or abandonment of their documents at a later time.[4]

6. Pursuant to the express terms of the Purchase Agreements, the Debtors have certain obligations to provide BofA with documents relating to the mortgage loans that BofA purchased under such agreements. The Purchase Agreements also expressly provide that any expenses incurred in connection with the transfer and delivery of the mortgage loans shall be paid by AHM Corp. BofA has submitted two detailed written requests for documents that are missing from the Mortgage Files and the Servicing Files in connection with the loans that BofA purchased pursuant to the Purchase Agreements. BofA also offered to discuss with the Debtors the requests for the documents as well as the logistics to obtain the documents. However, as of

---

[4] The Supplement also fails to address the concerns raised at the January 14, 2008 hearing. Specifically, the United States Trustee raised the concern, which the Court acknowledged, that the Debtors' proposed process is premature at this stage of the Debtors' cases and the Debtors should maintain the status quo with respect to the Hard Copy Loan Files. See Tr. 85-86. Indeed, the Court noted that "I'm very concerned in preserving documentation for these loan files, documentation that may or may not be necessary for claims litigation or any other kind of litigation or documentation that's just necessary for the instrument to be of use to the people who are party to it." Tr. at p. 92.

- 5 -

the date of this Objection, the Debtors have not responded to BofA's requests or contacted BofA to address the concerns that it raised in BofA's Original Objection.

7. BofA submits that the Debtors should not be permitted to unilaterally rewrite the Debtors' contracts with third-parties to arbitrarily impose the notice/information and payment requirements proposed in the Supplement. Neither the notice/information requirements nor the imposition of a fee, should apply to BofA's mortgage loan files related to the Purchase Agreements. Nothing in the Purchase Agreements, the Bankruptcy Code or otherwise applicable law, supports rewriting the Purchase Agreements to impose a fee on BofA for the Debtors to transfer the requested mortgage loan files to BofA or BofA's designee. Accordingly, BofA submits that the relief requested in the Supplement must be denied because it is the Debtors' obligation to provide BofA with the documents contained in its mortgage loan files.

WHEREFORE, BofA respectfully requests that the Court (i) sustain the Objections; (ii) deny the relief requested in the Supplement; and (iii) grant such other and further relief as is just and proper.

Dated: February 11, 2008
        Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

By: /s/
Laurie Selber Silverstein (No. 2396)
Gabriel R. MacConaill (No. 4734)
P. O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19899
(302) 984-6000

- and -

**KAYE SCHOLER LLP**
Scott D. Talmadge
Mark F. Liscio
425 Park Avenue
New York, NY 10022

*Counsel for Bank of America, N.A.*