## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE HOLDINGS, | ) Case No. 07-11047 (CSS) |
| INC., a Delaware corporation, <u>et al.</u>, | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Hearing Date: February 14, 2008 at 11:00 a.m.** |
| | ) **Related Docket Item Nos. 2395, 2888, 2902** |
| | ) |

## OBJECTION OF DB STRUCTURED PRODUCTS, INC. TO DEBTORS' SUPPLEMENT TO MOTION FOR ORDER PURSUANT TO 11 U.S.C.§§ 105, 363 AND 554 AUTHORIZING: THE (I) ABANDONMENT AND DESTRUCTION OF CERTAIN DUPLICATE MORTGAGE LOAN FILES; OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS <u>UPON PAYMENT OF REASONABLE COSTS AND EXPENSES</u> (DOC. NO. 2888)

DB Structured Products, Inc. ("DBSP"), by and through its undersigned counsel, hereby files this objection to the supplement (the "Supplement") to the motion of the above captioned debtors and debtors in possession (the "Debtors") for an order pursuant to 11 U.S.C. §§ 105, 363 and 554 authorizing the (i) abandonment and destruction of certain duplicate mortgage loan files or (ii) return of mortgage loan files to the owner of such loans upon payment of reasonable costs and expenses (the "Motion"), and in support of its objection, respectfully represents as follows:

## I.    BACKGROUND

1.    On August 6, 2007, the Debtors filed a motion (as amended, the "Sale Motion") seeking approval of the sale of substantially all of the Debtors' assets relating to its loan servicing business (the "Sale"), including the Contracting Debtors' servicing rights under the Master Mortgage Loan Purchase and Servicing Agreement (the "MLPSA") between

A/72426105.1

American Home Mortgage Corp. (the "Seller"), American Home Mortgage Servicing, Inc. (the

"Servicer", and collectively with the Seller, the "Contracting Debtors") and DBSP, to AH

Mortgage Acquisition Co., Inc. (the "Buyer") pursuant to a stalking horse asset purchase

agreement.  The MLPSA provides that the Contracting Debtors are obligated to repurchase

certain defaulted mortgage loans  and to otherwise pay amounts to DBSP in respect of certain

mortgages that are prepaid.

2.      On October 30, 2007, the Court entered an order (the "Sale Order")

overruling the DBSP Objection and approving the Sale Motion.  Doc. No. 1711.  On October 30,

2007, DBSP filed an emergency motion for limited stay pending appeal.

3.      On November 6, 2007, DBSP filed a notice of appeal (the "Appeal")

whereby DBSP appealed, *inter alia,* the Court's findings that: (i) the servicing portions of the

MLPSA could be transferred pursuant to section 363 of the Bankruptcy Code notwithstanding

the MLPSA's express anti-assignment provisions; and (ii) the servicing rights are severable from

the balance of the MLPSA.  *See* Doc. Nos. 1713 and 1799.

4.      In order to moot DBSP's Motion for Stay, the Debtors filed and the Court

approved an amendment to the APA (the "Second Amendment"), placing the MLPSA on

Schedule 1.1(l) of the APA as a Disputed Servicing Agreement which would not be assumed and

assigned pending a decision on the Appeal.  *See* Doc. Nos. 1783, 1986 and 1996.

## II.      OBJECTION AND RESERVATION OF RIGHTS

5.      DBSP objects to the Supplement to the extent it would purport to alter any

document transfer and/or retention obligations of the Debtors or any party under the MLPSA.  If

the Contracting Debtors are successful, notwithstanding the Appeal, in severing the MLPSA and

assigning its "servicing-related" component to the Buyer, it is not disputed that the Buyer will

2

need to comply with the MLPSA's servicing-related provisions, and that the Contracting Debtors will need to cure any servicing-related defaults. Thus, nothing in any order granting the Motion may excuse the Buyer from fully performing its obligations as servicer under the MLPSA in the event of a successful assignment. In the same vein, if the Debtors destroy any documents while the Appeal is pending and such destruction effectively precludes the cure of the MLPSA, the Appeal will be rendered moot and DBSP will rightly argue that assignment to the Buyer is precluded, based on subsequent events, *notwithstanding* any affirmance of the Sale Order that may occur.

Dated: February 11, 2008

**BINGHAM McCUTCHEN LLP**
Steven Wilamowsky
399 Park Avenue
New York, NY 10022
(212) 705-7000

Andrew J. Gallo
150 Federal Street
Boston, MA 02110
(617) 951-8117

- and -

**ASHBY & GEDDES, P.A.**

*AmWinfree*

William P. Bowden (I.D. #2553)
Amanda M. Winfree (I.D. #4615)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Counsel to DB Structured Products, Inc.*

188127.1

3

A/72426105.1