## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re:                                                  :     Chapter 11
                                                        :
AMERICAN HOME MORTGAGE                                   :     Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]      :
                                                        :     Jointly Administered
               Debtors.                                 :
                                                        :     **Ref. Docket No. 2649**
------------------------------------------------------------ x

### CERTIFICATION OF COUNSEL REGARDING STIPULATION RESOLVING 1140 GALAXY WAY, INC.'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM AND REQUEST FOR PAYMENT

American Home Mortgage Corp. ("AHM Corp."), one of the above captioned

debtors and debtors-in-possession (collectively, the "Debtors"), on or around April 1, 2005,

assumed a certain lease agreement dated November 5, 2002, executed by and between 1140

Galaxy Way Inc. ("Galaxy") and Irwin Mortgage Corporation, and as amended November 15,

2002 (the "Lease"), for certain real property located at 1140 Galaxy Way, Concord, California.

On August 30, 2007, the Debtors filed the Second Motion for an Order, Pursuant

to Sections 105, 365, and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007,

Authorizing the Debtors to Reject Certain Unexpired Leases and to Abandon Certain Furniture,

Fixtures, and Equipment (the "Second Rejection Motion") [D.I. 510], seeking, among other

things, to reject the Lease effective as of August 31, 2007.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303) ("AHM Holdings"); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

On September 17, 2007, the Court entered its Order granting the relief sought in the Second Rejection Motion [D.I. 779], including approval of the rejection of the Lease effective as of August 31, 2007.

On January 10, 2008, Galaxy filed its Motion for Allowance of Administrative Claim and Request for Payment (the "Motion") [D.I. 2649], seeking allowance and immediate payment of an administrative expense claim arising from the Lease.

Following good faith negotiations, the Debtors and Galaxy have reached a resolution with respect to the Motion, the terms and conditions of which are set forth in the stipulation attached hereto as Exhibit A (the "Stipulation").

Accordingly, the Debtors respectfully request that the Court enter an order approving the Stipulation, substantially in the form attached hereto as Exhibit B, at its earliest convenience without further notice or hearing.

Dated: Wilmington, Delaware
      February 11, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

2

## Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

In re:                                              :     Chapter 11
                                                    :
AMERICAN HOME MORTGAGE                               :     Case No.  07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]  :
                                                    :     Jointly Administered
                        Debtors.                    :
                                                    :     Ref. Docket No. 2649
                                                    :
------------------------------------------------------------- x

### STIPULATION RESOLVING 1140 GALAXY WAY, INC.'S MOTION
### FOR ALLOWANCE OF ADMINISTRATIVE CLAIM AND REQUEST FOR PAYMENT

American Home Mortgage Corp. ("AHM Corp."), one of the above captioned

debtors and debtors-in-possession (collectively, the "Debtors"), hereby enters into this stipulation

(the "Stipulation") with 1140 Galaxy Way, Inc. ("Galaxy"), dated as of February 6, 2008, in full

and final settlement of all Administrative Expense Claims (as defined below) asserted by Galaxy

against AHM Corp. and the Debtors.

### Recitals

WHEREAS, on August 6, 2007 (the "Petition Date"), the Debtors each filed with

this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11

U.S.C. §§ 101, et seq. (the "Bankruptcy Code");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303) ("AHM Holdings"); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc.  ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc.  ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp.  ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc.  ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

WHEREAS, each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on or around April 1, 2005, AHM Corp. assumed a certain lease agreement dated November 5, 2002, executed by and between Galaxy and Irwin Mortgage Corporation, and as amended November 15, 2002 (the "Lease"), for certain real property located at 1140 Galaxy Way, Concord, California (the "Premises");

WHEREAS, the base monthly rent under the Lease is $13,747.50;

WHEREAS, AHM Corp. under the Lease was responsible for certain common area reconciliation expenses;

WHEREAS, on August 30, 2007, the Debtors filed the Second Motion for an Order, Pursuant to Sections 105, 365, and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Unexpired Leases and to Abandon Certain Furniture, Fixtures, and Equipment (the "Second Rejection Motion") [D.I. 510], seeking, among other things, to reject the Lease effective as of August 31, 2007;

WHEREAS, on September 17, 2007, the Court entered its Order granting the relief sought in the Second Rejection Motion (the "Second Rejection Order") [D.I. 779], including approval of the rejection of the Lease effective as of August 31, 2007;

WHEREAS, on January 10, 2008, Galaxy filed its *Motion for Allowance of Administrative Claim and Request for Payment* (the "Motion") [D.I. 2649], seeking allowance and immediate payment of an administrative expense claim arising from the Lease in the total amount of $26,333.39 (the "Administrative Expense Claim");

2

WHEREAS, on January 11, 2008, Galaxy filed proof of claim number 9083 against American Home Mortgage Holdings, Inc. in the amount of $237,665.65 for damages purportedly arising from the Debtors' rejection of the Lease (the "Rejection Damages Claim");

WHEREAS, the Debtors disputed the relief requested in the Motion;

WHEREAS, the Debtors and Galaxy have engaged in good faith negotiations to resolve the Motion and the Administrative Expense Claim.

**NOW, THEREFORE**, subject to approval of the Court, in order to avoid the costs, risks and inconveniences of litigation, it is hereby stipulated and agreed as follows:

1.    Galaxy shall have an allowed administrative priority claim under section 503(b) of the Bankruptcy Code in the amount of $9,586.77 (the "Allowed Administrative Expense Claim").

2.    Payment of the Allowed Administrative Expense Claim shall be made by the Debtors within twenty (20) days of entry of a Court order approving this Stipulation.

3.    Upon Court approval of this Stipulation, the Motion shall be, and hereby is, withdrawn.

4.    Galaxy agrees that allowance and payment of the Allowed Administrative Expense Claim as set forth herein shall be in full settlement, satisfaction, release and discharge of any and all administrative claims arising from or related to the Lease.

5.    Nothing set forth herein shall prejudice or affect the rights of the Debtors, including their successor or successors in interest, to object to the Rejection Damages Claim on any and all bases, nor shall anything in this Stipulation constitute a waiver of Galaxy's right to oppose any such objection asserted by the Debtors or their successor or successors in interest.

3

6.     This Stipulation fully and finally resolves the Administrative Expense Claim, the Motion, and any and all other administrative expense claims arising from the Lease, now known or unknown, filed or unfiled, that Galaxy may have against the (i) the Debtors, (ii) these estates, (iii) any of the Debtors' current and former officers, directors, employees or agents, and (iv) the Debtors' successor or successors in interest.

7.     If the settlement set forth in this Stipulation is not approved by the Court, the parties will revert to their pre-settlement positions and the terms of the settlement are not admissible for any purpose.

8.     Each party shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

9.     Each of the undersigned counsel are duly authorized and empowered to execute and deliver this Stipulation on behalf of each of his or her respective clients.

10.    This Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

11.    This Stipulation constitutes the complete express agreement of the parties hereto concerning the subject matter hereof, and no modification or amendment to this Stipulation shall be valid unless it is in writing, signed by the party or parties to be charged and approved by the Court.

12.    It is acknowledged that each party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either party on account of such drafting.

4

13.    This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

14.    This Stipulation shall become effective immediately upon entry of an order approving the Stipulation.

**Young Conaway Stargatt & Taylor, LLP**

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

Dated:  2/11/08

**Werb & Sullivan**

Regina A. Iorii (No. 2600)
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899
Telephone: (302) 652-1100
Telecopier: (302) 652-1111

Dated:  2/8/08

- and -

Snell & Wilmer L.L.P.
Michael B. Reynolds
Eric S. Peyzold
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626
Telephone: (714) 427-7000
Fascmile:  (714) 427-7799

Attorneys for 1140 Galaxy Way, Inc.

5

## Exhibit B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                          :   Chapter 11
                                                :
AMERICAN HOME MORTGAGE                          :   Case No.  07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1] :
                                                :   Jointly Administered
                      Debtors.                  :
                                                :   Ref. Docket No. _____
------------------------------------------------------------- x

### ORDER APPROVING STIPULATION RESOLVING 1140 GALAXY WAY, INC.'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM AND REQUEST FOR PAYMENT

Upon consideration of the *Stipulation Resolving 1140 Galaxy Way, Inc.'s Motion for Allowance of Administrative Claim and Request for Payment* (the "Stipulation"), a copy of which is attached hereto as Exhibit A; and after due deliberation and sufficient cause appearing therefor; it is hereby:

ORDERED that the Stipulation is approved; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the Stipulation and the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       February ____, 2008


                                        _____
                                        Christopher S. Sontchi
                                        United States Bankruptcy Judge

----------------------------------------

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303) ("AHM Holdings"); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

## **Exhibit A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                                       :    Chapter 11
                                                             :
AMERICAN HOME MORTGAGE                                        :    Case No.  07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]           :
                                                             :    Jointly Administered
                          Debtors.                           :
                                                             :    **Ref. Docket No. 2649**
------------------------------------------------------------- x

## STIPULATION RESOLVING 1140 GALAXY WAY, INC.'S MOTION
## FOR ALLOWANCE OF ADMINISTRATIVE CLAIM AND REQUEST FOR PAYMENT

American Home Mortgage Corp. ("AHM Corp."), one of the above captioned

debtors and debtors-in-possession (collectively, the "Debtors"), hereby enters into this stipulation

(the "Stipulation") with 1140 Galaxy Way, Inc. ("Galaxy"), dated as of February 6, 2008, in full

and final settlement of all Administrative Expense Claims (as defined below) asserted by Galaxy

against AHM Corp. and the Debtors.

### Recitals

WHEREAS, on August 6, 2007 (the "Petition Date"), the Debtors each filed with

this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11

U.S.C. §§ 101, et seq. (the "Bankruptcy Code");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303) ("AHM Holdings"); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc.  ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp.  ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc.  ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

WHEREAS, each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on or around April 1, 2005, AHM Corp. assumed a certain lease agreement dated November 5, 2002, executed by and between Galaxy and Irwin Mortgage Corporation, and as amended November 15, 2002 (the "Lease"), for certain real property located at 1140 Galaxy Way, Concord, California (the "Premises");

WHEREAS, the base monthly rent under the Lease is $13,747.50;

WHEREAS, AHM Corp. under the Lease was responsible for certain common area reconciliation expenses;

WHEREAS, on August 30, 2007, the Debtors filed the Second Motion for an Order, Pursuant to Sections 105, 365, and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Unexpired Leases and to Abandon Certain Furniture, Fixtures, and Equipment (the "Second Rejection Motion") [D.I. 510], seeking, among other things, to reject the Lease effective as of August 31, 2007;

WHEREAS, on September 17, 2007, the Court entered its Order granting the relief sought in the Second Rejection Motion (the "Second Rejection Order") [D.I. 779], including approval of the rejection of the Lease effective as of August 31, 2007;

WHEREAS, on January 10, 2008, Galaxy filed its *Motion for Allowance of Administrative Claim and Request for Payment* (the "Motion") [D.I. 2649], seeking allowance and immediate payment of an administrative expense claim arising from the Lease in the total amount of $26,333.39 (the "Administrative Expense Claim");

2

WHEREAS, on January 11, 2008, Galaxy filed proof of claim number 9083 against American Home Mortgage Holdings, Inc. in the amount of $237,665.65 for damages purportedly arising from the Debtors' rejection of the Lease (the "Rejection Damages Claim");

WHEREAS, the Debtors disputed the relief requested in the Motion;

WHEREAS, the Debtors and Galaxy have engaged in good faith negotiations to resolve the Motion and the Administrative Expense Claim.

**NOW, THEREFORE**, subject to approval of the Court, in order to avoid the costs, risks and inconveniences of litigation, it is hereby stipulated and agreed as follows:

1.    Galaxy shall have an allowed administrative priority claim under section 503(b) of the Bankruptcy Code in the amount of $9,586.77 (the "Allowed Administrative Expense Claim").

2.    Payment of the Allowed Administrative Expense Claim shall be made by the Debtors within twenty (20) days of entry of a Court order approving this Stipulation.

3.    Upon Court approval of this Stipulation, the Motion shall be, and hereby is, withdrawn.

4.    Galaxy agrees that allowance and payment of the Allowed Administrative Expense Claim as set forth herein shall be in full settlement, satisfaction, release and discharge of any and all administrative claims arising from or related to the Lease.

5.    Nothing set forth herein shall prejudice or affect the rights of the Debtors, including their successor or successors in interest, to object to the Rejection Damages Claim on any and all bases, nor shall anything in this Stipulation constitute a waiver of Galaxy's right to oppose any such objection asserted by the Debtors or their successor or successors in interest.

3

6.      This Stipulation fully and finally resolves the Administrative Expense Claim, the Motion, and any and all other administrative expense claims arising from the Lease, now known or unknown, filed or unfiled, that Galaxy may have against the (i) the Debtors, (ii) these estates, (iii) any of the Debtors' current and former officers, directors, employees or agents, and (iv) the Debtors' successor or successors in interest.

7.      If the settlement set forth in this Stipulation is not approved by the Court, the parties will revert to their pre-settlement positions and the terms of the settlement are not admissible for any purpose.

8.      Each party shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

9.      Each of the undersigned counsel are duly authorized and empowered to execute and deliver this Stipulation on behalf of each of his or her respective clients.

10.     This Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

11.     This Stipulation constitutes the complete express agreement of the parties hereto concerning the subject matter hereof, and no modification or amendment to this Stipulation shall be valid unless it is in writing, signed by the party or parties to be charged and approved by the Court.

12.     It is acknowledged that each party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either party on account of such drafting.

DB02:6556159.2                                                          066585.1001

13.     This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

14.     This Stipulation shall become effective immediately upon entry of an order approving the Stipulation.

**Young Conaway Stargatt & Taylor, LLP**

_/s/ James L. Patton, Jr._

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

Dated: _2/11/08_

**Werb & Sullivan**

_/s/ Regina A. Iorii_

Regina A. Iorii (No. 2600)
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899
Telephone: (302) 652-1100
Telecopier: (302) 652-1111

Dated: _2/8/08_

- and -

Snell & Wilmer L.L.P.
Michael B. Reynolds
Eric S. Peyzold
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626
Telephone: (714) 427-7000
Fascmile:  (714) 427-7799

Attorneys for 1140 Galaxy Way, Inc.