IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*, | ) Case No. 07-11047 (CSS) |
| | ) (Jointly Administered) |
| Debtors. | ) Related to Docket No. 2395, 2644 and 2888 |
| | ) Objection Deadline: February 11, 2008 at 4:00 p.m. (ET) |
| | ) (Extended until February 12, 2007 at 10:00 a.m. (ET) by agreement) |

## LIMITED OBJECTION OF COUNTRYWIDE BANK, FSB AND COUNTRYWIDE HOME LOANS, INC., TO DEBTORS' LIMITED REPLY AND SUPPLEMENT TO MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE (I) ABANDONMENT AND DESTRUCTION OF CERTAIN DUPLICATE LOAN FILES OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT OF REASONABLE COSTS AND EXPENSES

Countrywide Bank, FSB, formerly Countrywide Bank, N.A. ("Countrywide Bank"), and Countrywide Home Loans, Inc. (collectively, "Countrywide"), by and through their undersigned counsel, hereby file their Limited Objection to Debtors' Limited Reply and Supplement (the "Reply") to Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses [D.I. 2888] (the "Motion"), and respectfully represent as follows:

### BACKGROUND

1. On August 6, 2007 (the "Petition Date"), American Home Mortgage Corp. ("AHM Corp."), and certain affiliates (collectively, the "Debtors"), commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Cases").

2.      Prior to the Petition Date, Countrywide Bank and AHM Corp. were parties to that certain Mortgage Loan Purchase and Servicing Agreement, dated March 14, 2006 (as supplemented by the related Trade Confirmations and Purchase Confirmations, the "Countrywide Agreement").

3.      On December 20, 2007, this Court entered the *Order (I) Resolving Objections of Countrywide Bank, N.A. to Debtors' Motion Authorizing the Sale of the Debtors' Servicing Business; (II) Authorizing the Private Sale of Certain Servicing Rights to Countrywide Bank, N.A. Free and Clear of Liens, Claims and Interests; (III) Approving the Terms of the Purchase and Interests; and (IV) Granting Related Relief* [D.I. 2462] (the "Sale Order"). Pursuant to the Sale Order, the Court approved the Purchase Agreement (as defined therein, and attached thereto as Exhibit "A"), allowing Countrywide to acquire the servicing rights under the Countrywide Agreement.

4.      "Mortgage File" is defined in the Purchase Agreement as:

> the file containing copies in the form set forth in Section 2.07, and original documents to the extent required by the Applicable Requirements, of the Mortgage Loan Documents with respect to a Mortgage Loan, as well as the related credit and closing packages, disclosures, custodial documents, and all other files, books, records and documents necessary, as applicable, to (i) establish the eligibility of the Mortgage Loan for insurance by an Insurer, (ii) service the Mortgage Loan in accordance with Applicable Requirements, and (iii) comply with Applicable Requirements regarding the Mortgage Loan documentation to be maintained by the servicer of the Mortgage Loan or document custodian with respect to such Mortgage Loan.

Purchase Agreement at Article I.

5.      Pursuant to the Section 2.05 of Purchase Agreement:

> "[AHM Corp.] shall, in accordance with the Servicing Transfer Instructions, package and ship to Purchaser or Purchaser's sub-servicer or Purchaser's other designee for inside delivery, to be received by Purchaser or Purchaser's sub-servicer or Purchaser's other designee no later than five

(5) Business Days after the Transfer Date, all Mortgage Files pertaining to the Mortgage Loans and the related servicing records in [AHM Corp.'s] possession. [AHM Corp.] shall provide Purchaser with prior written notice of the carrier, shipping arrangements, and insurance arrangements with respect to the delivery of the Mortgage Files.

6. Pursuant to the Section 2.07 of Purchase Agreement, "[AHM Corp.] shall be responsible for ensuring all documents comprising the Mortgage File held by or on behalf of [AHM Corp.], related to the Mortgage Loans and that are not already held by the Custodian, are transferred to [Countrywide] in a timely manner including, but not limited to, Mortgage Notes, riders, loan modification documents and servicing files."

7. Pursuant to the Section 2.10 of Purchase Agreement, *"[AHM Corp.] shall be responsible for all transfer and recording fees, costs and expenses with respect to the transfer of Servicing Rights, the delivery of Mortgage Loan Files and related documents..."* [*emphasis added*]. Countrywide has not yet received all of the Mortgage Loan Files from AHM Corp. relating to the Purchase Agreement.

8. Additionally, Countrywide and AHM Corp. are parties to the following additional agreements: (i) Mortgage Loan Purchase and Interim Servicing Agreement, dated and effective as of April 27, 2007; (ii) Mortgage Loan Purchase and Interim Servicing Agreement, dated and effective as of November 26, 2003; (iii) Mortgage Loan Purchase and Servicing Agreement, dated as of May 1, 2007; and (iv) HELOC Loan Purchase Agreement, dated and effective as of April 30, 2007 (the "Additional Agreements"), pursuant to which, AHM Corp. sold certain mortgage loans to Countrywide.

9. Under the Additional Agreements, the Debtors may be holding original Mortgage Files and Mortgage Loan Documents (each as defined in the Additional Agreements) in trust for Countrywide that the Debtors are obligated to return at their cost to Countrywide. With the

Debtors assistance, Countrywide is in the process of determining whether the Debtors are in possession of original Mortgage Files and Mortgage Loan Documents related to the Additional Agreements.

## **LIMITED OBJECTION**

10. Countrywide has been working with counsel for the Debtors to consensually resolve the Motion and the Reply and confirm that none of the original Mortgage Files and Mortgage Loan Documents (each as defined in the Additional Agreements and the Countrywide Agreement) will be destroyed.

**(a)    The Purchase Agreement Mortgage Files**

11. Pursuant to the Purchase Agreement, the Debtors have already agreed to return at, their expense, the Mortgage Files relating to the Purchase Agreement. The Purchase Agreement expressly provides that any costs incurred in connection with the transfer and delivery of the Mortgage Files shall be paid by AHM Corp. Furthermore, the Debtors and Countrywide have already identified the Mortgage Files related to the Purchase Agreement and any further requirements to file a "Loan File Return Declaration" are not required under the express terms of the Purchase Agreement. Countrywide objects to the Motion and the Reply to the extent the Debtors seek to rewrite the terms of the Purchase Agreement as approved by this Court.

**(b)    The Additional Agreements Mortgage Files**

12. Similarly, under the Additional Agreements, the Debtors may be holding original Mortgage Files and Mortgage Loan Documents (each as defined in the Additional Agreements) in trust for Countrywide that the Debtors are obligated to return at their cost to Countrywide.

13. The Debtors hold merely bare legal title to the Mortgage Loan Documents. It is well settled that property in which a debtor holds bare legal title, but not an equitable interest, is

not property of the estate. 11 U.S.C. § 541(d); In re Kaiser Aluminum Corp., 2004 WL 97658, at *3 (Bankr. D. Del. Jan 16, 2004). Section 554(a) limits the rights of abandonment to "property of the estate" See 11 U.S.C. § 554(a). The Debtors cannot use section 554(a) as means to extract a fee for the required return of Countrywide's property.

14. The Debtors reliance on lease rejection cases to assert that the return of the Mortgage Loan Documents gives rise to a pre-petition claim is equally misplaced. The Additional Agreements have not been rejected by the Debtors. The Third Circuit has held that return obligations under agreements prior to rejection should be afforded administrative priority. In re Trans World Airlines, Inc., 145 F.3d 124, 142 (3d Cir. 1998) (damages flowing from debtors failure to return planes in specified condition gives rise to administrative claim).

**WHEREFORE**, Countrywide requests that this Court deny the Debtors' Motion to the extent it: (i) seeks fees to return Countrywide's property; or (ii) provides for the destruction of Countrywide's property, in violation of the Purchase Agreement or the Additional Agreements.

Dated: Wilmington, Delaware
February 12, 2008

>Respectfully submitted,
>
>EDWARDS ANGELL PALMER & DODGE LLP
>
>/s/ Mark D. Olivere
>William E. Chipman, Jr. (No. 3818)
>Mark D. Olivere (No. 4291)
>919 North Market Street
>15th Floor
>Wilmington, Delaware 19801
>(302) 777-7770
>
>*Counsel to Countrywide Bank, FSB and Countrywide Home Loans, Inc.*

WLM 512548.1

WLM_512548_1/MOLIVERE