IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:

AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corporation, et al.,[1]

Debtors.

---

x  Chapter 11
:
:  Case No. 07-11047 (CSS)
:
:  Jointly Administered
:
:  Hearing Date: February 14, 2008 at 11:00 a.m.
:  Objection Deadline (By Agreement): February 12,
x  2008 at 10:00 a.m.
   Related Document Nos. 2395 and 2888

## RESPONSE AND RESERVATION OF RIGHTS OF AH MORTGAGE ACQUISITION CO., INC. TO DEBTORS' MOTION TO AUTHORIZE THE (I) ABANDONMENT AND DESTRUCTION OF CERTAIN DUPLICATE MORTGAGE LOAN FILES OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT OF REASONABLE COSTS AND EXPENSES

AH Mortgage Acquisition Co., Inc. (the "Purchaser") hereby submits this Response and Reservation of Rights (the "Response") to the *Motion to Authorize the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses* (the "Initial Motion") (D.I. 2395) and *Limited Reply and Supplement To Motion For An Order Pursuant To 11 U.S.C. §§ 105, 363 And 554 Authorizing The (I) Abandonment And Destruction Of Certain Duplicate Mortgage Loan Files Or (II) Return of Mortgage Loan Files To The Owner Of Such Loans Upon Payment Of Reasonable Costs And Expenses* (the "Supplemental Motion", together with the Initial Motion, the "Motion") (D.I. 2888) filed by American Home Mortgage Holdings,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

DEL 86,208,029v1

Inc. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned cases. In support of the Response, the Purchaser respectfully states as follows:

## BACKGROUND

### The Sale of the Servicing Business

1. By that certain *Order (A) Approving (i) The Sale Of The Debtors' Mortgage Servicing Business Free And Clear Of Liens, Claims And Interests, (ii) The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases Related Thereto, And (B) Granting Certain Related Relief* [D.I. 1711] dated October 30, 2007 (the "Sale Order"), the Court authorized the sale of the Servicing Business to AH Mortgage Acquisition Co., Inc. pursuant to the terms of that certain Asset Purchase Agreement dated as of September 25, 2007 (as subsequently amended, the "APA").

2. Under the APA, the Servicing Business sale will close in two steps.[2] At the "economic" close, which occurred on November 16, 2007 (the "Initial Closing Date"), the Purchaser paid the Purchase Price[3] in the manner and to the parties in interest as contemplated by the APA. From the Initial Closing Date until the "legal" close on the Final Closing Date, the Sellers will continue to operate the servicing business in the Ordinary Course of Business, subject to the Bankruptcy Exceptions, but for the economic benefit (and risk) of the Purchaser.

### The Debtors' Obligations Under the APA

3. Pursuant to the terms of the APA, the Sellers are obligated to sell, convey, transfer, assign and deliver to Purchaser all of the right, title and interest of the Sellers and their Affiliates in and to all assets and properties Related to the Business, including all of Sellers'

---

[2] The description of the APA in this Motion is by way of summary only. To the extent there is any discrepancy between such description and the actual terms of the APA, the latter are controlling.

[3] Capitalized terms not otherwise defined herein have the meanings given to them in the APA.

"Servicing Rights" as of the Final Closing, APA, § 2.1(a), p.17, which include the Sellers' "right of ownership, possession, control or use of any and all Servicing Files and Mortgage Loan Documents pertaining to the servicing of the Mortgage Loans as provided in the Servicing Agreements[.]" APA, § 1.1, p.14-15.

4. "Mortgage Loan Documents" means "for each Mortgage Loan, all documents pertaining to such Mortgage Loan, including the Mortgage Note, the mortgage or deed of trust and all assignments of the mortgage or deed of trust, all endorsements and allonges to the Mortgage Note, the title insurance policy with all endorsements thereto, any security agreement and financing statements, any account agreements, and any assignments, assumptions, modifications, continuations or amendments to any of the foregoing." APA, § 1.1, p.10.

5. "Servicing File" means, "for each Mortgage Loan, copies of the Mortgage Loan Documents and all other documents, files and other items related thereto required to be maintained by the servicer pursuant to the applicable Servicing Agreement, and, if not specifically set forth in the applicable Servicing Agreement, pursuant to the applicable servicing standard." APA, § 1.1 p.14.

6. In addition, the APA provides that the "Sellers covenant and agree that, after the date hereof and through the Final Closing Date, with respect to the Purchased Assets, the Assumed Contracts and the Business, except as expressly provided in this Agreement or as may be agreed in writing by Purchaser . . . the Business shall be conducted in the Ordinary Course of Business, subject to the Bankruptcy Exceptions, and Sellers shall use commercially reasonable efforts, to preserve the business organization of the Business intact . . . [and] Sellers and their Affiliates shall not . . . purchase, transfer, sell or dispose of any assets of the Business other than in the Ordinary Course of Business . . . ." APA, § 6.1 p.36-37.

### The Motion

7.  By the Initial Motion, the Debtors sought authority, outside of the ordinary course of business, to abandon and destroy the Duplicate Hard Copy Loan Files (as defined in the Initial Motion) and to authorize the expenditure of estate funds to complete the process or, alternatively, to return the Duplicate Hard Copy Loan Files to the owner of such loans upon written request and payment of all reasonable costs and expenses. Initial Motion, ¶ 21.

8.  On January 14, 2008, the Court entered an order authorizing the Debtors to immediately abandon and destroy *only* those Duplicate Hard Copy Loan Files for loans that the Debtors did not fund (the "Duplicate Withdrawn or Denied Loan Files") (D.I. 2724). The remainder of the relief sought in the Initial Motion was adjourned.

9.  By the Supplemental Motion, the Debtors seek authority, outside of the ordinary course of business, to return the Hard Copy Loan Files (as defined in the Supplemental Motion) to the owner of such loans upon written request, received no later than March 14, 2008 at 4:00 p.m. (ET), and payment of all reasonable costs and expenses associated with the retrieval, review and return. Supplemental Motion, ¶¶ 21 and 24.

### RESPONSE AND RESERVATION OF RIGHTS

10. As referenced above, the Hard Copy Loan Files relating to the Servicing Business constitute Purchased Assets under the APA, and the Debtors are obligated under the APA to deliver those files to the Purchaser at the Final Closing. At this point, the Debtors have neither sought nor obtained either a waiver of this obligation or the Purchaser's consent to dispose of any of these documents. The Purchaser has not at this time determined whether, and to what extent, the return of these Hard Copy Loan Files to the owners of the loans, particularly if the Debtors do not possess or make a duplicate copy, may adversely affect the operation of the Servicing Business. Accordingly, the Purchaser has informed the Debtors, through counsel, that

the Purchaser objects to the return of any Hard Copy Loan Files relating to the Servicing Business absent the Purchaser's express consent.

11.    The Purchaser understands from Debtors' counsel that the Debtors do not intend to return documents relating to the Servicing Business at this time and that the Debtors will work to put in place a process for identifying and handling such return requests in compliance with the APA. However, the relief requested in the Motion is not limited in this respect. Accordingly, the Purchaser respectfully submits that the Debtors should not be authorized to return or destroy the Hard Copy Loan Files relating to the Servicing Business, absent the Purchaser's consent. To the extent that the Debtors return or destroy any such files without the Purchaser's consent, the Purchaser hereby reserves its rights in all respects under the APA, including, without limitation, the right to file a claim for damages against the Sellers' estates.

WHEREFORE, the Purchaser hereby reserves its right in all respects under the APA and respectfully requests that the Court (a) condition any return or destruction of Hard Copy Loan Files relating to the Servicing Business on the Debtors obtaining express consent of the Purchaser, and (b) grant the Purchaser such other and further relief as is just and appropriate.

Dated:   Wilmington, Delaware
         February 12, 2008

GREENBERG TRAURIG, LLP

*/s/ Victoria W. Counihan*

Victoria W. Counihan (BAR #3488)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000

and

JONES DAY
Benjamin Rosenblum (BAR #4752)
222 East 41st Street
New York, NY 10017-6702
(212) 326-3939

Counsel for AH Mortgage Acquisition Co., Inc.