UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                  :
                                                                 :   Jointly Administered
         Debtors.                                                :
                                                                 :   Doc. Ref. No. 2848
---------------------------------------------------------------- x

**ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) AND LOCAL RULE
2002-1(e) ESTABLISHING A BAR DATE FOR FILING PROOFS OF CLAIM
BY CONSTRUCTION LOAN AND HELOC BORROWERS AND
APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon consideration of the motion (the "Motion") of the above-captioned debtors and debtors in possession (each a "Debtor", and collectively, the "Debtors"),[1] for entry of an order, pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), establishing a bar date for filing proofs of claim by borrowers under the Debtors' construction loans and home equity line of credit mortgage loans (collectively, the "Borrowers"), and approving the form and manner of notice thereof; the Court having reviewed the Motion and the pleadings related thereto; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

§ 157(b)(2) and (c) notice of the Motion was sufficient under the circumstances and in accordance with Local Rule 2002-1(e); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Capitalized terms not otherwise defined herein have the meanings given to them in the Motion. In addition, as used herein, the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code.

3. The forms of the Construction Loan Borrowers Bar Date Notice, the HELOC Borrowers Bar Date Notice and the Borrowers Publication Notice, attached hereto as Exhibits A1, A2 and C respectively, and the manner of providing notice of the Borrowers Bar Date proposed in the Motion, are approved in all respects pursuant to Bankruptcy Rules 2002(a)(7) and 2002(l) and Local Rule 2002-1(e). The form and manner of notice of the Borrowers Bar Date approved herein are deemed to fulfill the notice requirements of the Bankruptcy Rules and the Local Rules, and notice of the Borrowers Bar Date in the form and manner as proposed by the Debtors herein is fair and reasonable and will provide good, sufficient, and due notice to all Borrowers of their rights and obligations in connection with claims they may assert against the Debtors' estates in these chapter 11 cases. Accordingly, the Debtors are authorized to serve the Borrowers Bar Date Notice Packages in the manner described in paragraph 4 below.

4.  As soon as practicable, but in any event no later than ten (10) business days after the date that the Court enters this Order, the Debtors, through EPIQ Bankruptcy Solutions, LLC ("EPIQ"), shall serve by first class United States mail, postage prepaid, the Construction Loan Borrowers Bar Date Notice Package on all known Construction Loan Borrowers and the HELOC Borrowers Bar Date Notice Package on all known HELOC Borrowers. The date on which the Debtors actually serve the Borrowers Bar Date Notice Packages is referred to herein as the "Service Date." Copies of the Borrowers Bar Date Notice Packages and, separately, the proof of claim form shall be posted to EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").

5.  Any Borrower holding a claim against the Debtors must file a proof of claim in accordance with the procedures described herein **on or before 4:00 p.m., Eastern Time, on April 30, 2008** (the "Borrowers Bar Date"). The Borrowers Bar Date shall be identified in the Borrowers Bar Date Notices and the Borrowers Publication Notice. The Borrowers Bar Date applies to all Borrowers holding claims against the Debtors.

6.  **The Borrowers Bar Date is applicable only to Borrowers under the Debtors' construction loans and HELOCs. Any other entity asserting claims against any of the Debtors must file a proof of claim with respect to each such Debtor in accordance with the terms of the Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Docket No. 1708], entered by this Court on October 30, 2007. This Order shall not otherwise, in any way, amend, alter or supercede the General Bar Date Order. The General Bar Date Order shall remain in full force and effect.**

7. The following entities whose claims otherwise would be subject to the Borrowers Bar Date shall not be required to file proofs of claim in these chapter 11 cases:

    a. any Borrower that has already properly filed a proof of claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

    b. any Borrower whose claim against the Debtors has been allowed by an order of the Court entered on or before the Borrowers Bar Date; or

    c. Any Borrower whose claim has been paid by the Debtors.

8. Any Borrower asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the Borrowers Bar Date. In addition, any Borrower filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

9. Pursuant to Bankruptcy Rule 3003(c)(2), any Borrower that is required to file a proof of claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the Debtors, but that fails to do so by the Borrowers Bar Date, shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim.

10. The Debtors shall serve on all known Construction Loan Borrowers: (a) a notice of the Borrowers Bar Date substantially in the form of the Construction Loan Borrowers Bar Date Notice attached hereto as <u>Exhibit A1</u>; and (b) a proof of claim form, a copy of which is attached hereto as <u>Exhibit B</u>, substantially in the form of Official Form No. 10.

11. The Debtors shall serve on all known HELOC Borrowers: (a) a notice of the Borrowers Bar Date substantially in the form of the HELOC Borrowers Bar Date Notice

attached hereto as Exhibit A2; and (b) a proof of claim form, a copy of which is attached hereto as Exhibit B, substantially in the form of Official Form No. 10.

12. For any proof of claim to be validly and properly filed, a signed original of the completed proof of claim, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d) (except as set forth in paragraph 13 of this Order), must be delivered to EPIQ at the address identified on the Borrowers Bar Date Notices so as to be received **no later than 4:00 p.m., Eastern Time, on April 30, 2008**. Proofs of claim may be submitted in person or by courier service, hand delivery or mail. Proofs of claim submitted by facsimile or e-mail shall not be accepted. Proofs of claim shall be deemed filed when actually received by EPIQ. If a Borrower wishes to receive acknowledgement of EPIQ's receipt of a proof of claim, the Borrower also must submit to EPIQ by the Borrowers Bar Date and concurrently with submitting its original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, stamped return envelope.

13. The Debtors shall cause the Borrowers Publication Notice attached hereto as Exhibit C to be published in the national edition of *The Wall Street Journal* or the national edition of *The New York Times* within five (5) business days of the date of entry of this Order

14. Nothing herein shall limit or otherwise prejudice the Debtors' rights to challenge any Claims filed in these cases on any and all grounds. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: February 14, 2008

Christopher S. Sontchi
United States Bankruptcy Judge