LXER  Doc No: 00129620
       Book: 7915  Page: 84

Return To:
American Brokers Conduit
520 Broadhollow Road
Melville, NY 11747

(26)

Prepared By:
Aaron Gill
300 Bedford Street
Entrance D
Manchester, NH
03101

———————————— [Space Above This Line For Recording Data] ————————————

# MORTGAGE

MIN 100024200011862345

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated March 6, 2006, together with all Riders to this document.
(B) "Borrower" is Angel D. Encarnacion

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel (888) 679-MERS.

DOC  #:322411                APPL #:0001186234

RHODE ISLAND - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

-6A(RI) (0005)          Form 3040 1/01
UM31 9005.02    Initials: A.E.
Page 1 of 15

VMP MORTGAGE FORMS - (800)521-7291

Doc No: 00129620
Book: 7915  Page:  85

(D) "Lender" is American Brokers Conduit

Lender is a Corporation
organized and existing under the laws of State of New York
Lender's address is 538 Broadhollow Road, Melville, NY 11747

(E) "Note" means the promissory note signed by Borrower and dated March 6, 2006
The Note states that Borrower owes Lender Two Hundred Fifty Two Thousand and No/100
                                                                                    Dollars
(U.S. $ 252,000.00      ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than April 1, 2036
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

[X] Adjustable Rate Rider   [ ] Condominium Rider              [ ] Second Home Rider
[ ] Balloon Rider            [ ] Planned Unit Development Rider [X] 1-4 Family Rider
[ ] VA Rider                 [ ] Biweekly Payment Rider         [ ] Other(s) [specify]

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used

DOC  #:322412                APPL #:0001186234         Initials: A-E
-6A(RI) (0005)               Page 2 of 15                                    Form 3040  1/01

Doc No: 00129620
Book: 7915   Page:   97

26. **Loan Fees.** Borrower has paid the following brokerage fees, loan fees, points, finder's fees, origination fees, or similar charges in connection with the loans secured by this Security Instrument.

| | |
|---|---|
| Origination - Discount Fees (points) | $ _____ |
| Application Fees | $ 5,665.00 |
| Closing Preparation Fees | $ 1,159.00 |
| _____ | $ _____ |
| _____ | $ _____ |

As provided in Rhode Island General Laws Section 34-23-6, none of these fees will be refunded in the event the loan is prepaid in whole or in part.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____ (Seal)
Angel D. Encarnacion    -Borrower

_____ (Seal)
-Borrower

_____ (Seal)    _____ (Seal)
-Borrower    -Borrower

_____ (Seal)    _____ (Seal)
-Borrower    -Borrower

_____ (Seal)    _____ (Seal)
-Borrower    -Borrower

* Signs as "Borrower" solely for the purpose of waiving homestead rights.

DOC #:322424        APPL #:0001186234

-6A(RI) (0005)        Page 14 of 15        Form 3040 1/01

Doc No: 00129620
Book: 7915   Page: 98

STATE OF RHODE ISLAND,                                                County ss: Providence

On this   6th   day of   March, 2006   , in   Lincoln   , RI
in said County, before me personally appeared   Angel D. Encarnacion

each and all to me known and known to me to be the person(s) executing the foregoing instrument and acknowledged said execution to be his/her/their free act and deed.

_Notary Public_

Louis Marandola, Esq.
Notary Public
My commission expires
4/03/07

DOC #:322425            APPL #:0001186234
                                                      Initials: A·E
-6A(RI) (0005)           Page 15 of 15                                Form 3040  1/01

Doc No: 00129620
Book: 7915   Page: 99

EXHIBIT "A"

That lot of land, with all buildings and improvements thereon, situated in the City of Providence and State of Rhode Island, and laid out and delineated as Lot No. 28 (twenty-eight) on that plat entitled, "Adelaide Park Plat, Providence, R.I. By J.A. Latham Apr. 1906", and recorded in the Office of the Recorder of Deeds in said Providence in Plat Book 29 at Page 10 and (copy) on Plat Card No. 920.

Subject to driveway easement of record.

Being the same premises conveyed by deed in Book _5040_ at Page _109_ in the Land Evidence Records of the City of Providence.

125-127 SUMTER STREET
PROVIDENCE, R.I. 02907

ASSESSOR'S PLAT:   52
ASSESSOR'S LOT:   391

```
Doc No: 00129620
Book: 7915  Page:  109
```

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

To the extent the provisions of this addendum conflict with the provisions of the Note, Security Instrument or Adjustable Rate Rider, this Addendum shall control.

In Witness Thereof, Trustor has executed this addendum.

Witness

Date: March 6, 2006

Borrower Signature: Angel D. Encarnacion

RECEIVED:

```
Providence
Received for Record
Mar 10, 2006   at  01:55:28P
Document Num:    00129620
Barbara Troncy
Recorder of Deeds
App# 0001186234
```

1201 LIBOR Addendum to Rider
Doc # 944540/ Image: 944540.prn

AHM-2010R(MULT) (10/05)