IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------- x
In re:                                                         :    Chapter 11
                                                               :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                         :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                             :
                                                               :    Jointly Administered
            Debtors.                                           :
--------------------------------------------------------------- x    Ref. Docket Nos. 2395 and 2888

**SECOND ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554
AUTHORIZING THE (I) ABANDONMENT AND DESTRUCTION
OF CERTAIN DUPLICATE MORTGAGE LOAN FILES OR (II) RETURN OF
MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT
OF REASONABLE COSTS AND EXPENSES**

Upon consideration of the Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses [D.I. 2395] and the Debtors' Limited Reply and Supplement related thereto [D.I. 2888] (the "Motion");[2] and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court finding good and sufficient cause to grant the Motion, and good and adequate notice of the Motion having been given, it is hereby

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]   Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

ORDERED that the Motion is granted to the extent set forth herein; and it is further

ORDERED that any objections to the Motion related to the relief granted herein are hereby overruled, withdrawn or resolved; and it is further

ORDERED that the Debtors are authorized to return the Hard Copy Loan Files to the legal owners and/or Master Servicers (each, a "Requesting Party") of the underlying loans upon request as set forth below and upon payment of reasonable expenses for the retrieval, shipment and/or imaging as requested; and it is further

ORDERED that, within five (5) business days of entry of this Order, the Debtors shall serve this Order on all known entities holding an interest in the Hard Copy Loan Files and shall cause a notice, substantially in the form attached hereto as Exhibit A, to be published in the national edition of *The Wall Street Journal* or national edition of *The New York Times*; and it is further

ORDERED that any Requesting Party seeking the return of their Hard Copy Loan Files must file and serve a completed Loan File Return Declaration so that it is received no later than March 14, 2008 (the "Return Request Deadline") to: (i) the Debtors, 538 Broadhollow Road, Melville, NY 11747, Attn. Chris Cavaco; and (ii) Debtors' counsel, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801, Attn. Margaret B. Whiteman, Esq.; and it is further

ORDERED that the Loan File Return Declaration must, at a minimum, include: (i) a list of each Hard Copy Loan File requested, identified by AHM loan number; (ii) the name and contact information of the Requesting Party and a contact person; (iii) a sworn declaration that the Requesting Party legally owns (or has a legal right to receive) each loan requested and that the declarant has the requisite corporate authority to make such a declaration; (iv) the Requesting Party's preferred method to receive the Hard Copy Loan Files, including

(a) retrieval/pick-up; (b) delivery (with location); or (c) imaged DVD; (v) an attestation that the Requesting Party shall pay all reasonable costs and expenses of associated with the preferred delivery method (as outlined more fully below) Hard Copy Loan Files; and (iv) an acknowledgment that such costs are subject to increase upon further order of the Court; and it is further

ORDERED that the Requesting Party shall be responsible for the Return Costs applicable to the method of delivery selected within the Loan File Return Declaration; provided, however, that payment of such Return Costs is without prejudice to the Requesting Party's rights to file proofs of claim, administrative or otherwise, or motions for administrative expenses against the Debtors seeking recovery of the Return Costs, and to the Debtors' and/or Committee's rights to object to the validity, extent and priority of the same; and it is further

ORDERED that the Return Costs for each method of delivery, as follows, shall be deemed reasonable costs and expenses for the return of such files for the duration of the ACRC Term Sheet:

Retrieval Costs (Owner shall pick up documents at AHM-specified location): $3.50 per folder
Shipping Costs (AHM shall deliver files at Owner-specified domestic location): $6.25 per folder
DVD Costs (AHM shall image files and deliver to Owner a DVD of imaged files): $13.00 per folder

and it is further

ORDERED that the Return Costs are only subject to increase upon further order of the Court after proper notice and a hearing, and all Requesting Parties and the United States Trustee retain their rights to object to any increase in the Return Costs; and it is further

ORDERED that collateral documents (i.e., original note, mortgage copy (recorded mortgage if received from the applicable recording agency), title insurance (binder or commitment); related addenda to mortgage or note; and paper assignments) (the "Collateral Documents") shall continue to be maintained by the respective custodian; and it is further

ORDERED that, in the event that the Debtors discover any original Collateral Documents in the Hard Copy Loan Files during their review of such files pursuant to this Order or other order of the Court, the Debtors shall forward such Collateral Documents to the respective custodian at the Debtors' cost; and it is further

ORDERED that nothing herein shall be deemed a modification of the Debtors' obligation to forward to the custodian or Owner, as applicable under the relevant agreements, any recorded documents received from recording agencies (i.e., "trailing documents") without further cost to the Owner; and it is further

ORDERED that, notwithstanding anything to the contrary in this Order, absent further order of the Court, the Debtors shall not return any Servicing Files or Mortgage Loan Documents pertaining to the servicing of the Mortgage Loans as provided in the Servicing Agreements (as such terms are defined in that certain Asset Purchase Agreement between certain of the Debtors and AH Mortgage Acquisition Co., Inc. dated as of September 25, 2007, as amended) to a third party, and the Debtors and AH Mortgage Acquisition Co., Inc. shall consult on the scope of such defined terms and the process the Debtors intend to implement to identify any requests for the return of Servicing Files or Mortgage Loan Documents pertaining to the servicing of the Mortgage Loans as provided in the Servicing Agreements. To the extent that the Debtors seek further relief from the Court relating to return of the Servicing Files or Mortgage Loan Documents referenced above, the rights of parties in interest to object to such relief are reserved; and it is further

ORDERED that nothing herein shall be deemed to be a modification or interpretation of the Debtors' obligations under any other order of this Court, including orders (i) approving agreements or stipulations entered into by the Debtors post-petition, and/or (ii) approving sale procedures, sales, or asset purchase agreements relating to loans or servicing rights of such loans; and it is further

ORDERED that this Order shall not be applicable to Hard Copy Loan Files relating to loans owned by the Debtors; and it is further

ORDERED that nothing herein shall be deemed to be an authorization to destroy or otherwise dispose of documents relating to pending or threatened litigation against the Debtors or claims filed against the Debtors' estates; and it is further

ORDERED that nothing herein shall impair or otherwise affect the rights of mortgagors under applicable law (if any) to obtain copies of their respective Hard Copy Loan Files from the Debtors; and it is further

ORDERED that the remaining relief requested in the Motion and all objections related thereto are hereby adjourned to March 27, 2008 at 11:00AM; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this order.

Dated: February 19, 2008
Wilmington, Delaware

*[signature]*
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge