UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS,                                 :   Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]                         :
                                                                 :   Jointly Administered
         Debtors.                                                :
                                                                 :   Objection Deadline: March 10, 2008 at 4:00 p.m. (ET)
---------------------------------------------------------------- x

### NOTICE OF FILING OF SETTLEMENT AGREEMENT PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019

TO:   (I) THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (II) COUNSEL TO THE COMMITTEE; (III) COUNSEL TO THE DEBTORS' POSTPETITION LENDER; AND (IV) ALL PARTIES ENTITLED TO NOTICE UNDER DEL. BANKR. LR 2002-1(B)

**PLEASE TAKE NOTICE** that, in accordance with the Order Pursuant to Bankruptcy Rule 9019 and Section 105 of the Bankruptcy Code, Authorizing the Debtors to Adopt and Implement Omnibus Settlement Procedures for Notice and Settlement of Certain State Court Causes of Action Filed By the Debtors [Docket No. 2209] (the "Order"),[2] the Debtors in the above captioned bankruptcy cases have filed the Settlement Agreement, Release and Pro Rata Discharge by and between American Home Mortgage Corp. and Brown Appraisal Services, Inc. and Janet Brown (the "Settlement Agreement"), attached hereto as Exhibit B, which settles certain causes of action for the aggregate amount of $80,000.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] A copy of the Order is attached hereto as Exhibit A.

DB02:6583774.1                                                                                              066585.1001

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, any objections or responses are to be filed on or before **March 10, 2008 at 4:00 p.m. (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801 and served upon each of the following parties so as to be received on or before the Objection Deadline: (i) the Office of the United States Trustee, (ii) counsel to the Debtor, (iii) counsel to the Committee, (iv) counsel to the Debtors' Postpetition Lender, and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b).

**PLEASE TAKE FURTHER NOTICE** that if an objection or response is not filed by the Objection Deadline, the Debtors will file a certificate of no objection after which the Settlements shall be deemed approved pursuant to Bankruptcy Rule 9019, section 105 of the Bankruptcy Code, and the terms set forth in the Order without further order from the Court.

Dated: Wilmington, Delaware  
February 19, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/_  
James L. Patton, Jr. (No. 2202)  
Robert S. Brady (No. 2847)  
Pauline Morgan (No. 3650)  
Matthew B. Lunn (No. 4119)  
Donald J. Bowman, Jr. (No. 4383)  
The Brandywine Building  
1000 West Street, 17th Floor  
P.O. Box 391  
Wilmington, Delaware 19899-0391  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

Counsel for the Debtor and Debtor-in-Possession

# EXHIBIT A

## Order

DB02:6583774.1

066585.1001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS,                                 :   Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]                         :
                                                                 :   Jointly Administered
Debtors.                                                         :
                                                                 :   Ref. Docket No.: 1916
                                                                 :
---------------------------------------------------------------- x

**ORDER, PURSUANT TO BANKRUPTCY RULE 9019 AND SECTION 105 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO ADOPT AND IMPLEMENT OMNIBUS SETTLEMENT PROCEDURES FOR NOTICE AND SETTLEMENT OF CERTAIN STATE COURT CAUSES OF ACTION FILED BY THE DEBTORS**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to adopt and implement the omnibus Settlement Procedures for the notice and settlement of Affirmative Cases; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefore; it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

DB02:6385066.2                                                                                 066585.1001

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, in their sole discretion, to settle Affirmative Cases pursuant to the Settlement Procedures set forth below:

- a. The Debtors may negotiate, compromise or settle any Affirmative Cases. The Debtors shall file notice of the proposed settlement along with a copy of the proposed settlement agreement (the "Settlement Notice") and serve same on (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the Debtors' Postpetition Lender; and (iv) all parties entitled to notice under Del. Bankr. LR 2002-1(b) (collectively, the "Notice Parties");

- b. Objections must be filed with the Bankruptcy Court and served upon counsel to the Debtors and the Notice Parties so as to be received on or before twenty (20) days or such later date agreed to by the Debtors (the "Notice Period") after service of the Settlement Notice;

- c. If no objection to the proposed settlement is filed and served within the Notice Period, then the Debtors shall file with the Bankruptcy Court a certificate of no objection after which the proposed settlement shall be deemed approved pursuant to Bankruptcy Rule 9019 and section 105 of the Bankruptcy Code;

- d. If an objection is received from one or more of the Notice Parties, during the Notice Period the Debtors shall not proceed with the proposed settlement unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the settlement by separate order entered after the Debtors file a motion and notice;

- e. With respect to a proposed settlement reached and approved pursuant to the Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing.

- f. The Debtors shall use good-faith efforts to timely respond to informal requests for information from Notice Parties relating to settlements proposed under the Settlement Procedures.

and it is further

2

ORDERED that nothing contained in this Order is intended to abrogate or otherwise affect the jurisdiction of courts in which Affirmative Cases are pending; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Date: Wilmington, Delaware
November 28, 2007

_____
Christopher S. Sontchi
United States Bankruptcy Judge

3

## EXHIBIT B

**EXHIBIT B**

## SETTLEMENT AGREEMENT,
## RELEASE AND PRO RATA DISCHARGE

This Settlement Agreement, Release and Pro Rata Discharge ("Agreement") is entered into as of February 11, 2008, by and between plaintiff, American Home Mortgage Corporation ("AHMC"), and defendants, Brown Appraisal Services, Inc., and Janet Brown, individually, (collectively, "Brown Defendants"):

WHEREAS, AHMC provided financing to four purchasers in four real estate transactions ("the Transactions");

WHEREAS, the Brown Defendants performed appraisals on each of the four properties involved in the Transactions;

WHEREAS, AHMC is the current owner of the following loans on units located at 1380 Airport Road, Hot Springs, AK ("AHMC Loans"), which arose out of the Transactions:

| Loan Numbers | Borrower | Unit | Loan amounts |
|---|---|---|---|
| 1376581 and 1377294 | Janet Wilson | E-4 | $321,300 + $137,700 = $459,000 |
| 1365604 and 1367455 | Phong Tien | D-2 | $408,750 + 136,250 = $545,000 |
| ~~1364486 and 1364709~~ | ~~Setoa Teo~~ | ~~D-1~~ | ~~$412,500 + $125,000 = $537,500~~ |
| 1366422 | Philip Smith | E-1 | $163,500 |

WHEREAS, AHMC has filed suit against the Brown Defendants and others in the action styled, *American Home Mortgage Corp. v. Brown Appraisal Services, Inc., et al.*, No. 06-6073 (USDC W. D. Ark.) ("the Litigation"), seeking damages in connection with the AHMC Loans;

WHEREAS, on August 6, 2007, AHMC filed for bankruptcy protection in the Bankruptcy Court for the District of Delaware. The various petitions filed on behalf of the American Home entities are being jointly administered under *In re American Home Mortgage Holdings, Inc.*, No. 07-11047 (D. Del.);

WHEREAS, the Brown Defendants deny all of the allegations and claims made against them; and

WHEREAS, AHMC and the Brown Defendants mutually desire to resolve their disputes without further expense and litigation on the terms and conditions set forth herein;

NOW, THEREFORE, it is hereby mutually agreed as follows:

1. Upon the execution of this Agreement, AHMC shall submit this settlement agreement to the Bankruptcy Court for approval.

2. Within ten (10) days after AHMC represents to the Brown Defendants in writing that the Agreement has been filed with the Bankruptcy Court and that it has been either approved or not objected to within the period of time allowed, the Brown Defendants shall pay to AHMC the sum of Eighty Thousand and 00/100 Dollars ($80,000.00), in full and final settlement of all claims AHMC has raised or could have raised against the Brown Defendants with respect to the AHMC Loans.

3. AHMC hereby forever releases, acquits and discharges Janet Brown and Brown Appraisal Services, Inc., its shareholders, officers, directors, employees, attorneys, insurers, agents, and expert witnesses retained or consulted in connection with the Litigation, of and from any and all claims, known or unknown, past, present or future, arising from or relating to the AHMC Loans, specifically including but not limited to all claims that were raised or could have been raised in the Litigation. Similarly, Janet Brown, individually, and Brown Appraisal Services, Inc., its shareholders, officers, directors, employees, attorneys, insurers, agents, and expert witnesses retained or consulted in connection with the Litigation forever release, acquit and discharge AHMC and its shareholders, officers, directors, employees, attorneys, insurers, agents, and expert witnesses retained or consulted in connection with the Litigation from any and all claims, known and unknown, past, present or future, arising from or relating to the AHMC Loans or the litigation mentioned above.

4. Pursuant to Ark. Code Ann. § 16-61-202, it is the intent of this release and pro rata discharge to fully and completely release the liability of the Brown Defendants and to protect the Brown Defendants from contribution claims by non-settling joint tortfeasors. It is further agreed by the parties hereto that it is the intent of this Agreement to comply with the provisions of the Uniform Contribution Among Joint Tortfeasors Act (Act 315 of 1941), Ark. Code Ann. §16-61-201, et seq., and specifically Ark. Code Ann. §16-61-205, so as to provide for a reduction, to the extent of the pro rata share of the released tortfeasor, of AHMC's damages recoverable against all other tortfeasors, but this discharge does not, otherwise, affect AHMC's claims against the non-settling tortfeasors.

5. Following the receipt of the payment set forth in Paragraph 2, AHMC agrees to effect the entry of a stipulated dismissal with prejudice of the Litigation as to the Brown Defendants in the form attached as Exhibit A, or to approve of the entry by the Court of an appropriate Order of Dismissal with Prejudice.

6. The parties acknowledge that this Agreement is given in conjunction with a settlement of disputed claims, and that this Agreement and the undertakings recited herein are not, and are not to be construed to be, an admission of liability or fault by any party, each of whom expressly denies liability or fault to the others. This Agreement shall be binding upon and inure to the benefit of all heirs, successors, and assigns, and all parent, subsidiary and affiliated corporations and limited liability companies of any and all named parties to this Agreement. This Agreement is contractual in nature and shall be governed by the laws of the State of Arkansas.

7. The parties and their respective attorneys hereby agree, represent and warrant to each other that neither the payment listed herein, nor the terms or conditions of any part or portion of this Agreement shall be disclosed, made public, disseminated or otherwise released, except by having to file this Agreement with the Bankruptcy Court mentioned above, or, otherwise, as required by law. However, if inquiries are made concerning the case, the parties and their attorneys may respond that the case has been settled and/or resolved and that they are not at liberty to discuss the terms or conditions. The parties and their attorneys, further, agree that they will exercise their best efforts to prevent the disclosure or dissemination of any such information.

8. AHMC and the Brown Defendants hereby warrant and represent that each of them has caused to be read the terms of this Agreement and fully understands its terms and its effect and consequences. AHMC and the Brown Defendants, further, warrant and represent that each has had access to counsel and has been advised by counsel regarding the terms, effect and consequences of this Agreement. AHMC and the Brown Defendants each warrant and represent that they have entered into this Agreement freely and voluntarily and without duress or undue influence and that this Agreement constitutes the entire agreement and understanding among and between AHMC and the Brown Defendants and supersedes any and all prior or contemporaneous representations, negotiations, understandings, or agreements, whether written or oral.

9. If any provision in the Agreement shall, for any reason, be held invalid or ~~unenforceable, in any respect, it shall not affect any other provisions in the Agreement, but shall~~ be construed by limiting it so as to be enforceable to the maximum extent compatible with applicable law.

10. This Agreement may be executed in counterparts, and facsimile signatures shall be treated as originals.

AGREED AND ENTERED INTO as of the date hereinabove first written.

American Home Mortgage Corp.        Brown Appraisal Services, Inc.

By: _____         By: _____

Title: _____         Title: __President__

                                    _____
                                    Janet Brown, Individually

F:\98077\061\Settlement Documents\Brown Settlement(final).doc

7. The parties and their respective attorneys hereby agree, represent and warrant to each other that neither the payment listed herein, nor the terms or conditions of any part or portion of this Agreement shall be disclosed, made public, disseminated or otherwise released, except by having to file this Agreement with the Bankruptcy Court mentioned above, or, otherwise, as required by law. However, if inquiries are made concerning the case, the parties and their attorneys may respond that the case has been settled and/or resolved and that they are not at liberty to discuss the terms or conditions. The parties and their attorneys, further, agree that they will exercise their best efforts to prevent the disclosure or dissemination of any such information.

8. AHMC and the Brown Defendants hereby warrant and represent that each of them has caused to be read the terms of this Agreement and fully understands its terms and its effect and consequences. AHMC and the Brown Defendants, further, warrant and represent that each has had access to counsel and has been advised by counsel regarding the terms, effect and consequences of this Agreement. AHMC and the Brown Defendants each warrant and represent that they have entered into this Agreement freely and voluntarily and without duress or undue influence and that this Agreement constitutes the entire agreement and understanding among and between AHMC and the Brown Defendants and supersedes any and all prior or contemporaneous representations, negotiations, understandings, or agreements, whether written or oral.

9. If any provision in the Agreement shall, for any reason, be held invalid or unenforceable, in any respect, it shall not affect any other provisions in the Agreement, but shall be construed by limiting it so as to be enforceable to the maximum extent compatible with applicable law.

10. This Agreement may be executed in counterparts, and facsimile signatures shall be treated as originals.

AGREED AND ENTERED INTO as of the date hereinabove first written.

American Home Mortgage Corp.

By: _____

Title: SVP, Deputy General Counsel

John Kruss

Brown Appraisal Services, Inc.

By: _____

Title: _____


_____
Janet Brown, Individually

F:\98077\061\Settlement Documents\Brown Settlement(final).doc

3

Exhibit A

# IN THE UNITED STATES DISTIRCT COURT
## WESTERN DISTRICT OF ARKANSAS
## HOT SPRINGS DIVISION

AMERICAN HOME MORTGAGE CORP.                                PLAINTIFF

v.                              No. 06-6073

BROWN APPRAISAL SERVICES, INC., et al.                      DEFENDANTS

### STIPULATED DISMISSAL WITH PREJUDICE AS TO DEFENDANTS BROWN APPRAISAL SRVICES, INC., AND JANET BROWN

Pursuant to Fed. R. Civ. P. 41(a), and on stipulation of the affected parties, as evidenced by the signatures of their counsel below, the plaintiff's Complaint against defendants Brown Appraisal Services, Inc., and Janet Brown, is hereby dismissed with prejudice, with each party bearing its own costs and attorneys' fees.

SO STIPULATED:

NEWELL & HARGRAVES
211 Hobson Avenue
Hot Springs, AR 71913
(501) 321-2222
Fax: (501) 372-6025

Laser Law Firm, P.A.
101 S Spring St., Suite 300
Little Rock, AR 72201-2488
(501) 376-2981
Fax: (501) 376-2417

By:_____
C. Burt Newell (82118)

By:_____
Dan F. Bufford, Sr. (72104)

Attorneys for Plaintiff

Attorneys for Brown Appraisal Services, Inc., and Janet Brown

**SO ORDERED:**

**Dated:** _____

_____
**UNITED STATES DISTRICT JUDGE**