```
                  UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF DELAWARE


IN RE:                            .    Chapter 11
                                  .
AMERICAN HOME MORTGAGE            .    Case No. 07-11047(CSS)
HOLDINGS, INC., a Delaware        .    (Jointly Administered)
corporation, et al.,              .
                                  .    January 31, 2008
                                  .    5:00 p.m.
           Debtors.               .    (Wilmington, Telephonic)
                                  .
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY COURT JUDGE

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1          THE COURT: Good afternoon.  This is Judge Sontchi.

2          UNIDENTIFIED SPEAKER: Good afternoon, Your Honor.

3          MR. DORSEY: Good afternoon, Your Honor.  John

4  Dorsey on behalf of the Debtors.

5          MR. BERZOW: Harold Berzow from Ruskin, Moscou,

6  Faltischek for Waldner's Business Environments.

7          MR. REILLEY: Your Honor, this is Patrick Reilley

8  from Saul Ewing on behalf of Waldner's.

9          MS. SILVERSTEIN: Your Honor, this is Laurie

10  Silverstein on behalf of Bank of America.

11          MS. FATELL: Your Honor, Bonnie Fatell on behalf of

12  the Committee.

13          MR. INDELICATO: And Mark Indelicato on behalf of

14  the Committee.

15          THE COURT: Okay.  Well thank you for all being

16  available on such short notice to appear telephonically in

17  connection with the case.  This is, I called this to discuss

18  the motion to shorten notice in connection with the motion of

19  Waldner's Business Environments, Inc. for specific

20  performance, if you will, or I guess a motion to compel

21  performance, in connection with a stipulation and order

22  approved by the Court.  And I understood that from Mr.

23  Brady's call this morning, that the Debtors were opposed to

24  the motion to shorten.  I guess we could proceed however

25  you'd like.  I've read the papers, and it may make the most

1  sense, if no one has an objection, to actually hear from the

2  Debtors as to why I shouldn't grant the motion to shorten,

3  hear this, hear this matter tomorrow.  As it appears, at

4  least on the face of the papers, to be a fairly strong case

5  that the matter be disposed of in short order.  So I guess

6  I'm throwing it to you, Mr. Dorsey.

7           MR. DORSEY: That's fine with me, Your Honor.  We do

8  oppose the motion.  There, there is no reason for going

9  forward on an expedited matter, on an emergency basis at this

10 time.  It's clear that, we have indicated to Waldner's that

11 we are not going to sell any furniture that is even remotely

12 possibly subject to what they believe to be their reclamation

13 claim.  We have advised them of that over and over again.

14 The response has been, Well, if you'll, you have to agree you

15 will not dispose of the quote, unquote, "reclaimed property",

16 as they define that term.  And we have repeatedly told them,

17 We don't know what that entails, because we can't determine

18 it based on the invoices, and so forth, that are involved in

19 this case.  So our position has been, with Waldner's, that we

20 are not going to sell these - - by the way, these are all

21 office furniture, like work stations in an office, Your

22 Honor.

23          THE COURT: Okay.

24          MR. DORSEY: That there are hundreds and hundreds of

25 them at the Debtors' main offices in New York.  Waldner's

1  claims a reclamation claim on a small portion of those.  We
2  disputed their claim.  We engaged in negotiations to try and
3  settle it, and we entered into a settlement agreement.  That
4  we believe is clear on its face.  As to what is going to be
5  returned.  To the extent it's not clear on its face, there is
6  parole evidence that would prove that our position is correct
7  on what was going to be returned, pursuant to that settlement
8  agreement.  So, and, I'm very troubled by the fact, Your
9  Honor, that one of the statements in the moving papers is
10 that the Debtors, and by implication the Debtors' counsel,
11 was attempting to commit a fraud.  And I take that claim very
12 seriously.  And I intend to defend it very vigorously.  And I
13 would ask that the Court order all of the people who provided
14 affidavits in support of this motion be present in court, and
15 subject to cross examination, because I intend to cross them
16 very vigorously.  This is a very serious issue, Your Honor,
17 and we need the time to get ready for it.  Our witness, Mr.
18 Crowther, who was the attorney working on this case, is not
19 available.  He's in arbitration tomorrow.  He would not be
20 available to come in and testify.  So that's why we're
21 proposing - - no prejudice to Waldner's, there's no way that
22 anything they believe is subject to their claim is going to
23 be sold between now and the next omnibus hearing date, which
24 is the 14th.  Which is when we would propose that this be
25 heard.

1          MR. BERZOW: May I be heard, Your Honor?

2          THE COURT: In just a moment.  Mr. Dorsey, I
3  understand what you're saying in connection with having said
4  that, that you're not going to sell, sell the equipment that
5  is arguably the, is defined as the reclaimed goods, which are
6  attached to the, which is a defined term.  But I, I'm not
7  sure I read Mr. Crowther's email that way.  I think he was
8  very careful not to say that.

9          MR. DORSEY: Well I think his email, Your Honor, was
10 that we, what, what Waldner's is trying to get us to do, Your
11 Honor, is make an admission against interest.  They want us
12 to say there are these 80 work stations that they believe are
13 subject to their reclamation claim.  And we know what those
14 80 are, and that we won't sell those 80 workstations.  We
15 don't know what their 80 are that are subject to the
16 reclamation claim.  But we're saying we're not going to sell
17 anything that is, any of the workstations that are in the
18 Debtors' possession at this time.

19         THE COURT: Well how do you deal with the, the terms
20 of the stipulation that says, quote, "It is expressly
21 understood that the reclaimed goods in Debtors' possession
22 were shown to Waldner's representative at Debtors' main
23 office prior to entering into this stipulation, and such
24 reclaimed goods were located in five offices in the main
25 offices of the Debtor."

1          MR. DORSEY: Yes, Your Honor.

2          THE COURT: I mean, you agreed to that.

3          MR. DORSEY: They are five offices of furniture,

4   Your Honor.  One work station in each office.  These are,

5   this is an entire office of furniture.

6          THE COURT: Okay.

7          MR. DORSEY: They were shown five offices.  They

8   were told, These are what we can determine were actually

9   delivered to us during the reclamation period.  That is what

10  we're willing to return to you.  The five offices.

11         THE COURT: And that's not the bulk of the, that's

12  not the entirety of the reclaimed goods.

13         MR. BERZOW: Oh, it's substantially less.

14         THE COURT: Who is that?

15         MR. BERZOW: This is Mr. Berzow - -

16         THE COURT: Okay.

17         MR. BERZOW:  - - from, representing Waldner's.

18         THE COURT: We'll get to you in a sec.

19         MR. BERZOW: Okay.

20         MR. DORSEY: They claim there are eighty plus

21  offices worth of furniture.

22         THE COURT: Oh, so you're saying - -

23         MR. DORSEY: So I don't see how they can say we have

24  a misunderstanding here.  That we thought eighty offices

25  worth of furniture were included in five offices.  It's just

1    not physically possible, Your Honor.

2             THE COURT: All right. I understand. Okay, I

3    understand the difference. All right. But your, your

4    position, just so we're clear is - - what are we talking,

5    offices. We're talking about a location. Broadhollow.

6    Correct? Or, no. Melville.

7             MR. DORSEY: Melville, Your Honor. Correct.

8             THE COURT: It's in Melville. We're talking about

9    one location.

10            MR. DORSEY: Correct, Your Honor.

11            THE COURT: Okay. And it's your representation to

12   the Court that you're not going to sell, convey, or otherwise

13   dispose of anything at that location that may have been sold

14   to you by Waldner's prior to February 14th.

15            MR. DORSEY: That's correct, Your Honor.

16            THE COURT: All right. Let me hear from the movant.

17            MR. BERZOW: Okay, Your Honor. Our disagreement

18   which led to our request for the, for the quick hearing, was

19   that we wanted the certainty, because they were telling us

20   they were preparing to take bids on items for sale, that the

21   subject matter of our reclamation would not be sold until

22   this Court has had an opportunity to hear the motion. And

23   that's all I'm looking for. I just want to keep the status

24   quo so that the things that we say are the subject of the

25   reclamation and the subject of the stipulation won't be sold

1   prior to you having a time to determine the motion.  And we

2   could, based on our conversations and emails with counsel, we

3   could not get that kind of representation.  We were getting

4   something, what we thought, as we interpreted it, was

5   something less than that.  And that's why we, we made the

6   motion for a quick hearing.

7           THE COURT: Well, I, I think your position, frankly,

8   is, is somewhat defensible.  I, I'm looking at the emails,

9   and I don't, I'm not seeing the admission against interest

10  that Mr. Dorsey was concerned you were asking him to make.

11          MR. BERZOW: I was not.

12          THE COURT: But in any event, and it's always

13  unfortunate, but it is what it is, if it's resulted in motion

14  practice, but I've just gotten the representation of Mr.

15  Dorsey, who you don't know from a hole in the ground, but I

16  happen to know and trust, that the Debtors are not going to

17  do what you fear they would do before February 14th.  Are you

18  satisfied with that representation?

19          MR. BERZOW: If Your Honor is satisfied, I'm

20  satisfied.

21          THE COURT: Well I am satisfied.  So we'll schedule

22  this for the 14th.

23          MR. BERZOW: Does an order have to be entered, or

24  this record is, will stand on it, will be sufficient then.

25  Right?

1            THE COURT: I'm going to enter an order setting
2    February 14th, I'll just grant your motion, because that is
3    actually still shortened time.
4            MR. BERZOW: Okay.  And what time is the hearing,
5    sir?
6            THE COURT: It's 11 a.m.
7            MR. BERZOW: Thank you.
8            MR. DORSEY: And Your Honor, I still would like to
9    have all of the affiants present in the courtroom and subject
10   to cross.  Rather than having to depose everybody prior to
11   the 14th.
12           THE COURT: Well, let's put it this way.  An affiant
13   that's not in court, I'm not going to read the, the affidavit
14   won't be evidence.  It's up to them who they sort of bring as
15   a witness.  If you want to make sure they're there, you have
16   subpoena power. Or you can - -
17           MR. DORSEY: Thank you, Your Honor.
18           THE COURT: Or you can work it out amongst
19   yourselves.
20           MR. BERZOW: I think we, I think as lawyers, we can
21   work that out.
22           THE COURT: Yeah.  That's up to you.  But I'm not
23   going to order, you know, anyone to be here or not.  But you
24   know, I'm not going to, I'm not going to take an affidavit
25   without a witness in court available for cross examination.

1   Without an agreement among the parties otherwise.

2           MR. DORSEY: Thank you.

3           THE COURT: I'm not going to - - let's see, we need

4   to set an objection deadline.  Mr. Dorsey?

5           MR. DORSEY: If we could have until three days

6   before, Your Honor.  That'd be great.

7           THE COURT: Yeah.  The 11th at 4 o'clock.

8           MR. DORSEY: Thank you, Your Honor.

9           THE COURT: I'll add that to the, to the order.  All

10  right.  Anything else?

11          MR. BERZOW: No, sir.

12          THE COURT: Okay.  Thank you very much.  Hearing is

13  adjourned.

14          MR. DORSEY: Thank you, Your Honor.

15      (Whereupon at 5:15 p.m. the hearing in this matter was

16  concluded for this date.)

17

18          I, Jennifer Ryan Enslen, approved transcriber for

19  the United States Courts, certify that the foregoing is a

20  correct transcript from the electronic sound recording of the

21  proceedings in the above entitled matter.

22

23   _/s/Jennifer Ryan Enslen_                    __02/11/08__
     Jennifer Ryan Enslen
24   43 Bay Boulevard
     Newark, DE 19702
25   (302)836-1905