UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS,                                 : Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]                         :
                                                                 : Jointly Administered
    Debtors.                                                     :
                                                                 : Objection Deadline: March 11, 2008 at 4:00 p.m. (ET)
---------------------------------------------------------------- x

## NOTICE OF FILING OF SETTLEMENT AGREEMENT PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019

TO: (I) THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (II) COUNSEL TO THE COMMITTEE; (III) COUNSEL TO THE DEBTORS' POSTPETITION LENDER; AND (IV) ALL PARTIES ENTITLED TO NOTICE UNDER DEL. BANKR. LR 2002-1(B)

**PLEASE TAKE NOTICE** that, in accordance with the Order Pursuant to Bankruptcy Rule 9019 and Section 105 of the Bankruptcy Code, Authorizing the Debtors to Adopt and Implement Omnibus Settlement Procedures for Notice and Settlement of Certain State Court Causes of Action Filed By the Debtors [Docket No. 2209] (the "Order"),[2] the Debtors in the above captioned bankruptcy cases have filed the Settlement Agreement, Release and Pro Rata Discharge by and between American Home Mortgage Corp. and Daniel McCoy, James Lowry, and First Horizon Home Loans (the "Settlement Agreement"), attached hereto as Exhibit B, which settles certain causes of action for the aggregate amount of $10,000.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] A copy of the Order is attached hereto as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, any objections or responses are to be filed on or before **March 11, 2008 at 4:00 p.m. (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801 and served upon each of the following parties so as to be received on or before the Objection Deadline: (i) the Office of the United States Trustee, (ii) counsel to the Debtor, (iii) counsel to the Committee, (iv) counsel to the Debtors' Postpetition Lender, and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b).

**PLEASE TAKE FURTHER NOTICE** that if an objection or response is not filed by the Objection Deadline, the Debtors will file a certificate of no objection after which the Settlements shall be deemed approved pursuant to Bankruptcy Rule 9019, section 105 of the Bankruptcy Code, and the terms set forth in the Order without further order from the Court.

Dated: Wilmington, Delaware
February 20, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline Morgan (No. 3650)
Matthew B. Lunn (No. 4119)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Debtor and Debtor-in-Possession

# EXHIBIT A

## Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :  Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS,                             :  Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]                     :
                                                             :  Jointly Administered
Debtors.                                                     :
                                                             :  Ref. Docket No.: 1916
------------------------------------------------------------ x

### ORDER, PURSUANT TO BANKRUPTCY RULE 9019 AND SECTION 105 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO ADOPT AND IMPLEMENT OMNIBUS SETTLEMENT PROCEDURES FOR NOTICE AND SETTLEMENT OF CERTAIN STATE COURT CAUSES OF ACTION FILED BY THE DEBTORS

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to adopt and implement the omnibus Settlement Procedures for the notice and settlement of Affirmative Cases; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefore; it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

DB02:6385066.2                                                                            066585.1001

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, in their sole discretion, to settle Affirmative Cases pursuant to the Settlement Procedures set forth below:

a. The Debtors may negotiate, compromise or settle any Affirmative Cases. The Debtors shall file notice of the proposed settlement along with a copy of the proposed settlement agreement (the "Settlement Notice") and serve same on (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the Debtors' Postpetition Lender; and (iv) all parties entitled to notice under Del. Bankr. LR 2002-1(b) (collectively, the "Notice Parties");

b. Objections must be filed with the Bankruptcy Court and served upon counsel to the Debtors and the Notice Parties so as to be received on or before twenty (20) days or such later date agreed to by the Debtors (the "Notice Period") after service of the Settlement Notice;

c. If no objection to the proposed settlement is filed and served within the Notice Period, then the Debtors shall file with the Bankruptcy Court a certificate of no objection after which the proposed settlement shall be deemed approved pursuant to Bankruptcy Rule 9019 and section 105 of the Bankruptcy Code;

d. If an objection is received from one or more of the Notice Parties, during the Notice Period the Debtors shall not proceed with the proposed settlement unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the settlement by separate order entered after the Debtors file a motion and notice;

e. With respect to a proposed settlement reached and approved pursuant to the Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing.

f. The Debtors shall use good-faith efforts to timely respond to informal requests for information from Notice Parties relating to settlements proposed under the Settlement Procedures.

and it is further

ORDERED that nothing contained in this Order is intended to abrogate or otherwise affect the jurisdiction of courts in which Affirmative Cases are pending; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Date:  Wilmington, Delaware
       November 23, 2007

*Christopher S. Sontchi*
United States Bankruptcy Judge

## **EXHIBIT B**

DB02:6583774.2

066585.1001

# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND GENERAL RELEASE

**RECITALS:**

    1. Daniel McCoy, his heirs, successors, administrators, assigns, agents or representatives shall hereinafter collectively be referred to as "McCoy."

    2. James Lowry, his heirs, successors, administrators, assigns, agents or representatives shall hereinafter collectively be referred to as "Lowry."

    3. American Home Mortgage, Corp., its incorporators, Board of Directors, officers, owners, shareholders, insurers, servants, agents, attorneys, employees, representatives, successors, licensors, franchisors, assigns, partners, affiliates, parents, subsidiaries, divisions, branches, and every other person, partnership, corporation, association, organization or entity acting directly or indirectly in its interest and all others acting with or on behalf of it, personally, officially or in any capacity whatsoever shall hereinafter collectively be referred to as "Releasing Party."

    4. First Horizon Home Loans, its incorporators, Board of Directors, officers, owners, shareholders, insurers, servants, agents, attorneys, employees, representatives, successors, licensors, franchisors, assigns, partners, affiliates, parents, subsidiaries, divisions, branches, and every other person, partnership, corporation, association, organization or entity acting directly or indirectly in its interest and all others acting with or on behalf of it, personally, officially or in any capacity whatsoever shall hereinafter collectively be referred to as "First Horizon."

    5. McCoy, Lowry, and First Horizon shall hereinafter collectively be referred to as "Released Parties."

    6. This Settlement Agreement is between Releasing Party and Released Parties and may hereafter be referred to as the "Release," the "Agreement," or the "Settlement Agreement."

**PREMISES:**

    **WHEREAS**, Releasing Party has instituted suit against Released Parties in the United States District Court for the Middle District of North Carolina, Greensboro Division, captioned *American Home Mortgage Corp v Daniel McCoy, James C. Lowry, & First Horizon Home Loan Corporation*, Case No. 07-55 (the "Lawsuit"); and whereas such Lawsuit alleges that McCoy and Lowry breached their employment contracts with Releasing Party, converted and misappropriated Releasing Party's confidential information, conspired to commit unlawful acts, engaged in unfair competition, and tortiously interfered with Releasing Party's prospective economic advantage.

**WHEREAS**, the Lawsuit further alleges that First Horizon converted and misappropriated Releasing Party's confidential information, conspired to commit unlawful acts, engaged in unfair competition, tortiously interfered with prospective economic advantage, and tortiously interfered with Releasing Party's contractual relationships.

**WHEREAS**, First Horizon, Lowry, and McCoy each specifically deny any wrongdoing; and

**WHEREAS**, this Agreement is intended to extinguish any and all known and unknown, asserted and unasserted "Employment Law Claims" (as defined below in Paragraph 3(b)) of Releasing Party against McCoy, as well as any other such claim that could have been brought in the Lawsuit arising out of McCoy's employment with Releasing Party or employment with First Horizon

**WHEREAS**, this Agreement is intended to extinguish any and all known and unknown, asserted and unasserted "Employment Law Claims" of Releasing Party against First Horizon, as well as any other such claim that could have been brought in the Lawsuit arising out of First Horizon's recruitment and employment of McCoy, Lowry, and any other employees of Releasing Party.

**WHEREAS**, this Agreement is intended to extinguish any and all known and unknown, asserted and unasserted "Employment Law Claims" of Releasing Party against Lowry, as well as any other such claim that could have been brought in the Lawsuit arising out of Lowry's employment with Releasing Party or employment with First Horizon. Notwithstanding the foregoing, nothing in this Agreement is intended to extinguish claims brought by American Home Mortgage Corp. as of September 18, 2007 in the United States District Court for the Middle District of North Carolina, Greensboro Division, in the lawsuit captioned *American Home Mortgage Corp. v James C. Lowry*, Case No. 3:07-cv-00071. Those claims shall specifically survive this Agreement.

**NOW, THEREFORE**, in consideration of the Premises, the mutual promises and agreements contained herein, and other good and valuable consideration, the adequacy and sufficiency of which is hereby acknowledged, the parties agree, SUBJECT TO BANKRUPTCY COURT APPROVAL, as follows:

1. **Payments To.** In return for the promises of Releasing Party set forth in this Agreement, Released Parties will pay the total sum of Ten Thousand and No/Dollars ($10,000.00) to Releasing Party within ten (10) business days of the date First Horizon receives notice that the Bankruptcy Court has approved this Agreement.

2. **Attorneys' Fees and Costs.** Releasing Party and Released Parties agree that each will be responsible for their own attorneys' fees and costs incurred in the prosecution and/or defense of the Lawsuit.

3. **Releases and Waivers.** In consideration of the obligations of the parties as set forth in Paragraphs 1 through 2, and in consideration of the execution of this Agreement, the parties agree, based on Bankruptcy Court approval, to the following:

(a) Upon the signing of this Agreement, the parties agree that they will prepare and file a joint motion to dissolve any injunction currently in place in this action against McCoy within ten (10) days of approval by the Bankruptcy Court approval. Upon the signing of this Agreement, the parties also agree that they will prepare and file a joint Stipulation of Dismissal of Lawsuit, with prejudice within ten (10) days of approval by the Bankruptcy Court. Said dismissal will cover all claims made in the Lawsuit, and will conclude the Lawsuit.

(b) As set forth in this Agreement, the phrase "Employment Law Claims" is defined to include any and all claims that any Party has, or could have, filed against any other Party with any federal, state, or local court of law, court of equity, or administrative agency arising under: Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; the Civil Rights Act of 1866; the Civil Rights Act of 1871; the Americans with Disabilities Act; the Fair Labor Standards Act; the Family and Medical Leave Act; the Employee Retirement Income Security Act; the Equal Pay Act; the Age Discrimination in Employment Act; the Older Workers' Benefit Protection Act; the Worker Adjustment and Retraining Notification Act; the Consolidated Omnibus Budget Reconciliation Act; the Occupational Safety and Health Act; the Uniformed Services Employment and Reemployment Rights Act; the North Carolina Equal Employment Practices Act; the North Carolina Parental Leave Law for School Involvement; the North Carolina Smokers' Rights Law; the North Carolina Persons With Disabilities Protection Act; the North Carolina Communicable Disease Law; the North Carolina Discrimination on the Basis of Sickle Cell Trait Law; the North Carolina Genetic Testing Law; the North Carolina Retaliatory Employment Discrimination Law; the North Carolina Wage and Hour Act; the North Carolina Occupational Safety and Health Act; and any other statutory or common law claim for breach of employment agreement, conspiracy, unfair competition, tortuous interference with prospective economic advantage, conversion, misappropriation, retaliation, whistle-blowing, intentional or negligent infliction of emotional distress, defamation, invasion of privacy, wrongful discharge, constructive discharge, outrage, promissory estoppel, or claims or demands arising under either express or implied contract.

(c) Releasing Party releases and forever discharges McCoy for any and all liability with respect to any actual or potential, asserted or unasserted Employment Law Claims that Releasing Party has, had, or may have against McCoy through the date of this Agreement, including those claims and allegations raised in or that could have been raised in the Lawsuit arising out of his employment with Releasing Party or employment with First Horizon. McCoy likewise releases and forever discharges Releasing Party for any and all liability with respect to any actual or potential, asserted or unasserted Employment Law Claims that McCoy has, had, or may have against Releasing Party through the date of this Agreement, including those claims and allegations raised in or

that could have been raised in the Lawsuit arising out of his employment with Releasing Party or employment with First Horizon.

(d) Releasing Party releases and forever discharges First Horizon for any and all liability with respect to any actual or potential, asserted or unasserted Employment Law Claims that Releasing Party has, had, or may have against First Horizon through the date of this Agreement, including those claims and allegations raised in or that could have been raised in the Lawsuit arising out of First Horizon's recruitment and employment of McCoy, Lowry, and any other employees of Releasing Party. First Horizon likewise releases and forever discharges Releasing Party for any and all liability with respect to any actual or potential, asserted or unasserted Employment Law Claims that First Horizon has, had, or may have against Releasing Party through the date of this Agreement, including those claims and allegations raised in or that could have been raised in the Lawsuit arising out of First Horizon's recruitment and employment of McCoy, Lowry, and any other employees of Released Party.

(e) Releasing Party releases and forever discharges Lowry for any and all liability with respect to any actual or potential, asserted or unasserted Employment Law Claims that Releasing Party has, had, or may have against Lowry through the date of this Agreement, including those claims and allegations raised in or that could have been raised in the Lawsuit arising out of his employment with Releasing Party or employment with First Horizon, except those claims and allegations raised as of September 18, 2007 in the United States District Court for the Middle District of North Carolina, Greensboro Division, in the lawsuit captioned *American Home Mortgage Corp v. James C Lowry*, Case No. 3:07-cv-00071. Lowry likewise releases and forever discharges Releasing Party for any and all liability with respect to any actual or potential, asserted or unasserted Employment Law Claims that Lowry has, had, or may have against Releasing Party through the date of this Agreement, including those claims and allegations raised in or that could have been raised in the Lawsuit arising out of his employment with Releasing Party or employment with First Horizon, except those raised in defense of the lawsuit captioned *American Home Mortgage Corp. v. James C. Lowry*, Case No. 3:07-cv-00071.

(f) Releasing Party agrees that it will not file, in any forum (federal, state, local, or administrative), any lawsuit, complaint, charge, appeal, petition, claim, motion, demand for arbitration, or the like, asserting any Employment Law Claims that could have been made in the Lawsuit against Vickie Edwards, Sarah Cain, Daniel Cain, Melissa Mills, Sarah Teague, Jeannie Jordan, Rhonda Peedin, James Terry, and Jason Brett.

4. **Confidentiality.**

(a) The parties expressly agree that the terms and conditions of this Agreement, as well as the fact of and the amount of the payment made to Releasing Party by Released Parties are to be treated as <u>strictly confidential</u> and shall not be disclosed to any person by Releasing Party or Released Parties, except as set forth in paragraphs (b)

through (e) below and provided that the parties may respond to questions about the issue with the phrase, "it is resolved" or words to that effect.

(b)  Lowry and McCoy may disclose the terms of the Agreement to their spouses. McCoy and Lowry agree to advise their spouses that this is a confidential Agreement, that they are not authorized to disclose its terms and conditions or the fact of settlement to any other person or entity, and their spouses are bound by this confidentiality provision.

(c)  Releasing Party may disclose the terms and conditions of this Agreement to those within the company with a need to know. Any such persons will be advised that this is a Confidential Agreement, and that they are not authorized to disclose its terms and conditions or the fact of settlement to any other person or entity, and that such persons are bound by this confidentiality provision.

(d)  First Horizon may disclose the terms and conditions of this Agreement to those within the company with a need to know. Any such persons will be advised that this is a Confidential Agreement, and that they are not authorized to disclose its terms and conditions or the fact of settlement to any other person or entity, and that such persons are bound by this confidentiality provision.

(e)  The Parties to this agreement may disclose to Vickie Edwards, Sarah Cain, Daniel Cain, Melissa Mills, Sarah Teague, Jeannie Jordan, Rhonda Peedin, James Terry, and Jason Brett the provisions of paragraph 3(f) of this Agreement.

(f)  It is agreed that, in the event that any party hereto discloses or communicates the terms of this Agreement to any third party, other than those specified herein, the other(s), so harmed, may enjoin further violations, and seek damages resulting from any such breach of confidentiality.

5.  **Enforcement of Rights.** In the event any party to this Agreement prevails in any action, in law or equity, to enforce any right under this Agreement, Releasing Party, McCoy, Lowry, and First Horizon agree, as further consideration and inducement for this compromise settlement, that the party or parties against whom judgment is entered shall be required to pay the prevailing party's or parties' reasonable attorneys' fees and costs in addition to any damages that may be recoverable

6.  **Consultation With Counsel.** The parties hereby acknowledge that each has consulted with his/its attorneys prior to executing this Agreement.

7.  **Voluntary Execution.** The parties to this Agreement have carefully read each and every provision of this Agreement, have had a reasonable and adequate opportunity to review it, have been advised of its meaning and consequence by their attorneys and sign their names of their own free will. The parties agree that this Agreement is written in a manner calculated to be understood by them, and that they do understand them.

8. **Construction.** The parties have participated jointly in negotiating and drafting this Agreement. Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party.

9. **Waivers.** No assent, express or implied, by any party to any breach or default under this Agreement shall constitute a waiver of or assent to any breach or default of any other provision of this Agreement or any breach or default of the same provision on any other occasion.

10. **Captions.** Titles or captions contained in this Agreement are for convenience only and are not intended to affect the substantive meaning of any provision.

11. **Severability.** If any provision of this Agreement is found by a court or other tribunal of competent jurisdiction to be invalid or unenforceable, the attempt shall first be made to read that provision in such a way as to make it valid and enforceable in light of the parties' apparent intent as evidenced by this Agreement. If such a reading is impossible, the tribunal having jurisdiction may revise the provision in any reasonable manner, to the extent necessary to make it binding and enforceable. If no such revision is possible, the offending provision shall be deemed stricken from the Agreement, and every other provision shall remain in full force and effect.

12. **Entire Agreement; Modification.** This Agreement constitutes the final, written expression of all terms of this Agreement and is a complete and exclusive statement of those terms that supersedes all prior agreements, negotiations, discussions, drafts and understandings with respect to the subject matter hereof. No modification of any term or provision of this Agreement, including this Paragraph, will be effective unless it is written, is agreed to and signed by both parties, is voluntary and was freely entered into, and is supported by separate and adequate consideration.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument

14. **Additional Instruments.** The parties shall execute, or cause to be executed, any such additional instruments as may be necessary for the purpose of carrying out the transactions contemplated herein.

15. **Governing Law.** This Agreement shall be governed by and construed under the laws of the State of North Carolina.

16. **Bankruptcy Court Approval.** This Agreement is only effective upon approval by the Bankruptcy Court.

**INTENDING TO BE LEGALLY BOUND**, the parties have executed this Agreement

Dated: 2-4-08

_____
DANIEL MCCOY

STATE OF North Carolina )
COUNTY OF Guilford )

On this the 4th day of February, 2008, before me, a Notary Public in and for said State and County, duly commissioned and qualified, personally appeared Daniel McCoy to me known (or proved based upon satisfactory evidence) to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

WITNESS my hand and notatial seal, this 4th day of February, 2008.

_____
Kimberla P. Teeters
Notary Public

11-9-09
_____
My Commission Expires

KIMBERLA P. TEETERS
NOTARY PUBLIC
GUILFORD COUNTY, NC
My Commission Expires 11-9-09

- 7 -

Dated: 2/4/2008

_____
JAMES LOWRY

STATE OF NC )
                     )
COUNTY OF Mecklenburg )

On this the 4 day of February, 2008, before me, a Notary Public in and for said State and County, duly commissioned and qualified, personally appeared James Lowry to me known (or proved based upon satisfactory evidence) to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

WITNESS my hand and notarial seal, this ___ day of _____, 2008.

_____
Shakiah Ford Jones
Notary Public

11/28/2010
My Commission Expires

[Notary Seal: SHAKIAH FORD JONES, NOTARY PUBLIC, MECKLENBURG COUNTY, NC]

- 8 -

Dated: 2/8/07

_____
**FIRST HORIZON HOME LOANS**

By: Carl Morrison
    SVP & Counsel

STATE OF Tennessee )
                   )
COUNTY OF Shelby   )

On this the 8th day of February, 2008, before me, a Notary Public in and for said State and County, duly commissioned and qualified, personally appeared Carl Morrison to me known (or proved based upon satisfactory evidence) to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

WITNESS my hand and notarial seal, this 8th day of February, 2008.

_____
Notary Public

MY COMMISSION EXPIRES:
January 26, 2011
My Commission Expires

[Notary Seal: CHRISTINE L. HAYES, STATE OF TENNESSEE NOTARY PUBLIC, SHELBY COUNTY]

-9-