IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             :   Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE                                             :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]                 :
                                                                   :   Jointly Administered
                   Debtors.                                        :
                                                                   :   **Doc. Ref. Nos: 192 & 643**
                                                                   :
------------------------------------------------------------------ x   Objection Deadline: March 11, 2008 at 4:00
                                                                                                              p.m.

## NOTICE OF FILING OF THE AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL PRICEWATERHOUSECOOPERS, LLP

PLEASE TAKE NOTICE that, in accordance with the procedures set forth in the Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to Petition Date [Docket No. 643] (the "OCP Order"), the Debtors hereby file the attached ordinary course professional retention affidavit (the "Retention Affidavit") of Thomas Geppel of PriceWaterhouseCoopers, LLP (the "Ordinary Course Professional").

PLEASE TAKE FURTHER NOTICE that, objections to the Retention Affidavit, if any, must be filed in accordance with the OCP Order on or before March 11, 2008 at 4:00 p.m. (ET) (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Third Floor, Street, Wilmington, Delaware 19801.

PLEASE TAKE FURTHER NOTICE that, objections, if any, to the Retention Affidavit must also be served upon the following entities on or before the Objection Deadline: (i) the Office of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

United States Trustee, (ii) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, counsel for the Committee; (iii) counsel to Bank of America N.A., as Administrative Agents under that certain and Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Debtors' pospetition lender, (v) the Securities and Exchange Commission; (vi) all other parties entitled to notice under Del. Bankr. LR 2002-1(b; (vii) counsel for the Debtors; and (viii) and the Ordinary Course Professional.

PLEASE TAKE FURTHER NOTICE that if the objection cannot be consensually resolved, then the objection shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing or such other date otherwise agreeable to the parties thereto.

PLEASE TAKE FURTHER NOTICE that if no objections are filed on or before the Objection Deadline, then **the Debtors shall be authorized to compensate professionals associated with the firm that submitted the Retention Affidavit after complying with the other procedures contained in the OCP Order.**

Dated: February 20, 2008
      Wilmington, Delaware

                      YOUNG CONAWAY STARGATT & TAYLOR, LLP

                      <u>/s/ Ryan M. Bartley</u>
                      James L. Patton, Jr. (No. 2202)
                      Joel A. Waite (No. 2925)
                      Pauline K. Morgan (No. 3650)
                      Sean M. Beach (No. 4070)
                      Matthew B. Lunn (No. 4119)
                      Margaret B. Whiteman (No. 4652)
                      Ryan M. Bartley (No. 4985)
                      The Brandywine Building
                      1000 West Street, 17th Floor
                      Wilmington, Delaware 19801
                      Telephone: (302) 571-6600
                      Facsimile: (302) 571-1253

                      Counsel for Debtors and Debtors in Possession

EXHIBIT A

RETENTION AFFIDAVIT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :   Jointly Administered
                        Debtors.                                 :
---------------------------------------------------------------- x

## AFFIDAVIT IN SUPPORT OF EMPLOYMENT OF PRICEWATERHOUSECOOPERS, LLP AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS

STATE OF _____      )
                            ) ss:
COUNTY OF _____     )

THOMAS GEPPEL, being duly sworn, deposes and says:

1. I am a Partner of the firm PriceWaterhouseCoopers, LLP (the "Firm" or "PWC"), which has been employed by the debtors and debtors in possession in the above-captioned cases (collectively the "Debtors") in the ordinary course of their business.

2. This Affidavit is submitted in compliance with the Order Approving the Motion Pursuant to Sections 105(a), 327 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business (the "Ordinary Course Professionals Order") [D.I. 643].

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

3. On December 21, 2007, the Debtors filed their Fifth Supplemental List of Ordinary Course Professionals [D.I. 2488] (the "Notice"), and provided notice that the Debtors intended to retain PWC as an Ordinary Course Professional. No objections were filed to the Notice.

4. The Debtors subsequently entered into an engagement agreement with PWC by which PWC will assert and perfect claims against federal and state taxing authorities for Social Security and state and federal unemployment tax-related credits properly owing to the Debtors arising from the acquisition of Waterfield Financial Corporation in January of 2006 (the "Acquisition Related Services").

5. The Debtors have agreed that PWC will receive compensation for the performance of the Acquisition Related Services in the amount of $60,000.

6. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the Firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Bankruptcy Rule 2014(a) from counsel to the Debtors for the purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. This Firm and certain of its directors, members, associates, and employees may have in the past represented, currently represent, and may in the future represent entities that are claimants or equity security holders of the Debtors in matters totally unrelated to the Debtors' chapter 11 cases. None of those past or current representations are related to the Debtors or these Chapter 11 cases. A search of the firm's database has revealed the following connections, as shown within Exhibit A.

7. The Firm does not represent or hold any interest adverse to the Debtors or their estates with respect to the engagement for which we are to be retained.

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these chapter 11 cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

9. Prior to the filing of the above-captioned cases, the Firm was not employed by the Debtors. The firm does not hold a retainer from the Debtors.

10. Except as provided in the Ordinary Course Professionals Order, no representations or promises have been received by the Firm nor by any director, member, associate or employee thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

11. Notwithstanding the terms of the Engagement Agreement, in the event that any dispute arises between the parties relating to this agreement, PWC's retention, or the performance under this Affidavit of the Engagement Agreement, the parties agree, to the extent possible, that the Bankruptcy Court shall have exclusive jurisdiction to hear and resolve any such dispute.

12. Further, notwithstanding the terms of the Engagement Letter, there shall be no limitation of liability in favor of PWC.

13. Provided further, that all compensation requested by PWC under the Engagement Agreement will be paid in accordance with the procedures set forth in the Ordinary Course Professionals Order.

14. The Firm and the Debtors are currently in negotiations to expand the scope of services provided by the Firm to the Debtors the terms of which have not been finalized. In the event the Debtors reach an agreement to employ the Firm for matters not set forth herein, the Debtors will file a formal retention application pursuant to §327(a) of the Bankruptcy Code.

WHEREFORE, affiant respectfully submits this Affidavit in Support of Employment of PriceWaterhouseCoopers, LLP as a Professional Utilized in the Ordinary Course of Business.

THOMAS GEPPEL, Partner
PriceWaterhouseCoopers LLP
300 Madison Avenue
New York, NY 10017

SUBSCRIBED AND SWORN TO
before me this 20th day of February, 2008.

Notary Public

JUANA CRUZ
Notary Public, State of New York
No. 01CR5080926
Qualified in Nassau County
Commission Expires June 23, 2011

4

## PWC RELATIONSHIPS IDENTIFIED

This information is being provided in connection with the Affidavit in Support of Employment of PricewaterhouseCoopers, LLP as a Professional Utilized in the Ordinary Course of Business (the "Affidavit") (hereinafter, together with its affiliates, for this purpose only, "PricewaterhouseCoopers").

PricewaterhouseCoopers or its affiliates currently perform or have previously performed services as described in the Affidavit and/or in matters unrelated to these Chapter 11 Cases to the following individuals or entities or have other relationships with such entities, such as banking relationships.

| Party Name | Relationship Type within Chapter 11 Case |
|---|---|
| ABN Amro Bank, N.V. | Adverse |
| American Express | Adverse |
| American Home Mortgage Assets LLC | Client Affiliate |
| American Home Mortgage Corp. | Client |
| American Stock Transfer & Trust Company | Adverse |
| Banc of America Securities, LLC | Adverse |
| Bank of America | Adverse |
| Bank of America, N.A. | Adverse (Warehouse Lender) |
| Bank of America, N.A. | Adverse |
| Bank of America, N.A. | Adverse |
| Bank of New York | Adverse |
| Barclays Bank PLC | Adverse (Warehouse Lender) |
| Bear Stearns | Adverse (Warehouse Lender) |
| Bear, Stearns & Co. Inc. | Adverse |
| Calyon | Adverse |
| CB Richard Ellis on behalf of Cascade II/Principal Life Insurance Company | Adverse |
| Citibank | Adverse |
| Citigroup Global Markets Realty Corp. | Adverse |
| CNI Reinsurance, Ltd. | Client Affiliate |
| Countrywide | Adverse |
| Countrywide Capital | Adverse |
| Countrywide Capital | Adverse |
| Credit Suisse | Adverse |
| Credit Suisse First Boston Mortgage Capital LLC | Adverse (Warehouse Lender) |
| Deutsche Bank | Adverse |
| Deutsche Bank AG | Adverse |
| Deutsche Bank Securities Inc. | Adverse |
| Fidelity Mortgage Affiliates | Adverse |
| First American Bank | Adverse |

## PWC RELATIONSHIPS IDENTIFIED

| Party Name | Relationship Type within Chapter 11 Case |
|---|---|
| FNMA | Adverse |
| GMAC | Adverse |
| Goldman Sachs Asset Management, L.P. | Shareholder |
| Greenwich Capital Financial Products, Inc. | Adverse |
| HSBC | Adverse |
| Huntington Bancshares Inc. | Adverse |
| Impac Funding Corporation | Adverse |
| IndyMac Bank, F.S.B. | Adverse |
| IXIS Real Estate Capital, Inc. | Adverse (Warehouse Lender) |
| Janney Montgomery Scott LLC | Adverse |
| John A. Johnston | Client Affiliate (D&O) |
| JPMorgan Chase | Adverse |
| JPMorgan Chase Bank, National Association, as Trustee | Adverse |
| Lehman Brothers Inc. | Adverse |
| MassHousing | Adverse |
| Merrill Lynch Bank USA | Adverse |
| Merrill Lynch Pierce Fenner & Smith, Inc. | Adverse |
| Morgan Stanley | Adverse |
| Morgan Stanley Capital Services Inc. | Adverse |
| Munder Capital Management | Shareholder |
| NWQ Investment Management Company, LLC | Shareholder |
| Orix Capital Markets, LLC | Adverse |
| Societe Generale | Adverse |
| Stonehenge Capital, LLC | Adverse |
| STWB Inc. | Adverse |
| SunTrust Asset Funding, LLC | Adverse |
| The Royal Bank of Scotland plc | Adverse |
| Transwestern | Adverse |
| UBS | Adverse |
| UBS Real Estate Securities | Adverse (Warehouse Lender) |
| United Guaranty Services, Inc. | Adverse |
| Wachovia Bank, N.A. | Adverse |
| Washington Mutual | Adverse |
| Wilmington Trust Company | Adverse |
| ZC Sterling Corporation | Adverse |
| Zurich American Insurance Company | Adverse |



PricewaterhouseCoopers LLP
PricewaterhouseCoopers Center
300 Madison Avenue
New York NY 10017
Telephone (646) 471 3000
Facsimile (813) 286 6000

December 21, 2007

Mr. Alan Horn
Executive Vice President & General Counsel
American Home Mortgage Company
538 Broadhollow Road
Melville, NY 11747

Dear Mr. Horn:

This letter confirms that PricewaterhouseCoopers LLP ("we" or "us" or "PwC") is pleased to be engaged to provide the services described below to American Home Mortgage Corporations ("you" or "Client").

**Scope of Our Services**

On January 20, 2006 AHM acquired the assets and employees of Waterfield Financial Corporation ("Waterfield"). As a result of the acquisition, approximately 400 Waterfield employees joined AHM's workforce. Based on this acquisition, AHM is considered a successor employer to the Waterfield employees. As such, AHM is entitled to take credit for the wages paid by Waterford to satisfy the social security and federal and state unemployment tax wage base limits for the acquired employees. However, when these employees were transferred to AHM's payroll, successor treatment as described above was not taken. PricewaterhouseCoopers has evaluated the transaction and estimates that approximately $175,000 in refunds exists by exerting the successorship provisions in the applicable jurisdictions. PricewaterhouseCoopers proposes to perfect the federal and state claim amounts, prepare the required returns, ensure all claims are properly processed and refunds are secured.

**Ownership and Use**

We are providing these Services solely for your use and benefit and pursuant to a client relationship exclusively with you. We disclaim any contractual or other responsibility to others based upon these Services or upon any deliverables or advice we provide.

You will own all tangible written material delivered to you under this engagement letter, except as follows: PwC will own its working papers and preexisting materials and any general skills, know-how, processes, or other intellectual property (including a non-client specific version of any deliverables) which may have been discovered or

# PRICEWATERHOUSECOOPERS

Mr. Alan Horn
American Home Mortgage Company
December 21, 2007
Page 2

created by PwC as a result of its provision of the Services. You will have a nonexclusive, non-transferable license to use such materials included in the deliverables for your own use as part of such deliverables.

**Our Responsibilities**

We will perform the Services in accordance with the Statements on Standards for Tax Services established by the American Institute of Certified Public Accountants. Accordingly, we will not provide an audit or attest opinion or other form of assurance, and we will not verify or audit any information provided to us. Any spreadsheets or software tools that PwC provides to Client are for Client's convenience and are provided as is. PwC will not be responsible for results obtained by anyone other than PwC from the use of those items.

**Your Responsibilities**

To facilitate our work, you will need to make accessible all 2006 employment tax returns for AHM.

You are responsible for all management functions and decisions relating to this engagement, including evaluating and accepting the adequacy of the scope of the Services in addressing your needs. You are also responsible for the results achieved from using any Services or deliverables, and it is your responsibility to establish and maintain internal controls. You will designate a competent member of your management to oversee the Services.

We expect that you will provide timely, accurate and complete information and reasonable assistance, and we will perform the engagement on that basis.

**Fees**

The fee for services relative to this project as described in the "Summary of Services" section of this agreement will be $60,000.

**Payment Schedule**

Full payment is due upon delivery of the refund claims to be filed with the taxing jurisdictions.

We reserve the right to charge interest on any past due balances at a rate of 1% per month or part thereof.

# PricewaterhouseCoopers

Mr. Alan Horn
American Home Mortgage Company
December 21, 2007
Page 3

**Termination and Dispute Resolution**

Either party may terminate the Services by giving notice to that effect. Any dispute relating in any way to the Services or this letter shall be resolved by arbitration, except that either party shall be free to seek equitable relief in court. The arbitration will be conducted in accordance with the Rules for Non-Administered Arbitration of the International Institute for Conflict Prevention and Resolution then in effect. The arbitration will be conducted before a panel of three arbitrators. The arbitration panel shall have no power to award non-monetary or equitable relief of any sort. It shall also have no power to award damages inconsistent with the Limitations on Liability provisions below. You accept and acknowledge that any demand for arbitration arising from or in connection with the Services must be issued within one year from the date you became aware or should reasonably have become aware of the facts that give rise to our alleged liability and in any event no later than two years after any such cause of action accrued.

This engagement letter and any dispute relating to the Services will be governed by and construed, interpreted and enforced in accordance with the laws of the State of New York, without giving effect to any provisions relating to conflict of laws that would require the laws of another jurisdiction to apply.

**Limitations on Liability**

Except to the extent finally determined to have resulted from our gross negligence or intentional misconduct, our liability to pay damages for any losses incurred by you as a result of breach of contract, negligence or other tort committed by us, regardless of the theory of liability asserted, is limited to no more than the total amount of annual fees paid to us for the particular service provided under this engagement letter. In addition, we will not be liable in any event for lost profits or any consequential, indirect, punitive, exemplary or special damages. Also, we shall have no liability to you arising from or relating to any third party hardware, software, information or materials selected or supplied by you.

**Indemnification**

You agree to indemnify and hold us and our partners, principles and employees harmless from and against any and all third party claims resulting from any of the Services or Deliverables under this agreement, except to the extent determined to have resulted from our gross negligence or other intentional misconduct relating to such Services and/or Deliverables.

# PRICEWATERHOUSECOOPERS 🅿

Mr. Alan Horn
American Home Mortgage Company
December 21, 2007
Page 4

**Regulatory Matters**

Notwithstanding anything to the contrary in this agreement, you have no obligation of confidentiality with respect to any materials, advice or portions of Deliverables to the extent they concern the tax structure or tax treatment of any transaction.

**Other Written Advice.** Based on our discussions, it is anticipated that the written advice PricewaterhouseCoopers provides during the course of this engagement will be Other Written Advice as defined by Circular 230. Accordingly, unless otherwise prohibited or we agree to issue a Covered Opinion as defined by Circular 230, our written advice may include a disclosure stating that the advice was not intended or written to be used, and it cannot be used, for the purpose of avoiding tax penalties that may be imposed. Our advice will contain any other disclosures required by Circular 230.

**Tax Return Disclosure and Tax Advisor Listing Requirements.** Treasury Regulations Section 1.6011-4 requires that taxpayers disclose to the IRS their participation in certain reportable transactions. Additionally, certain states have adopted rules with purposes similar to Treasury Regulations under Internal Revenue Code Section 6011. You agree to advise us if you determine that any matter covered by this agreement is a reportable transaction that is required to be disclosed under Section 1.6011-4, or is a transaction requiring disclosure to a particular state under such state's particular statutes or regulations.

Similar rules under Internal Revenue Code Sections 6111 and 6112 require that we submit information returns and maintain lists of certain client engagements if we are material advisors to clients that have participated in a reportable transaction. Additionally, certain states have adopted rules similar in scope to Internal Revenue Code Sections 6111 and 6112, thereby creating similar registration and list maintenance requirements in those states. Therefore, if we determine, after consultation with you, that you have participated in a transaction causing us to have a registration and/or list maintenance obligation, we will place your name and other required information on a list. We will contact you if we are required to provide your name to the IRS or any state in connection with any matter under this agreement.

In order for PricewaterhouseCoopers to review or provide advice with respect to a federal tax return or claim for refund due after December 31, 2007 (including extensions) without disclosure, positions of which we are aware must have a more likely than not likelihood of prevailing on the merits. If a position does not meet the "more likely than not" standard, but has a reasonable basis, we will advise you about required disclosures and your penalty exposure, if any. If it is concluded that disclosure is required, we will advise you about the form of disclosure necessary.

# PRICEWATERHOUSECOOPERS 🅿

Mr. Alan Horn
American Home Mortgage Company
December 21, 2007
Page 5

With respect to positions that do not clearly meet the more likely than not standard, our work will include discussions with you regarding the particular position and may require consultation with a PricewaterhouseCoopers subject matter specialist to reach and document the level of technical support for the position. We will discuss with you any additional fees that may be incurred as a result of complying with these requirements.

Several states also have standards regarding positions taken on returns and claims for refund. For instance, California has a standard similar to the federal standard that applies to certain California tax returns. We will discuss these issues with you as appropriate.

**Other Matters**

By entering into this engagement letter, you are binding to its terms your subsidiaries and affiliates to the extent you have the authority to do so; we disclaim any contractual or other responsibility to any other subsidiaries and affiliates. You agree we may use your name in experience citations and recruiting materials. This engagement letter supersedes any prior understandings, proposals or agreements with respect to the Services, and any changes must be agreed to in writing.

\* \* \* \* \*

We are pleased to have the opportunity to provide services to you. If you have any questions about the contents of this letter, please discuss them with Greg Fetter at (646) 471-1202. If the Services and terms outlined in this letter are acceptable, please sign one copy of this letter in the space provided and return it to the undersigned.

Very truly yours,


PricewaterhouseCoopers LLP

By: _Tom Geppel_

    Tom Geppel

# PRICEWATERHOUSECOOPERS

Mr. Alan Horn
American Home Mortgage Company
December 21, 2007
Page 6

**ACKNOWLEDGED AND AGREED:**

**American Home Mortgage Corporation, on behalf of its subsidiaries and affiliates**

Signature of client official: *[signature]*

Please print name: *Alan Horn*

Title: *EVP + General Counsel*

Date: *1/4/2008*

cc: Susan Seoylemezian, American Home Mortgage
    Gregory Fetter, PricewaterhouseCoopers LLP
    Andre Ferguson, PricewaterhouseCoopers LLP