IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11
In re:                                                           :
                                                                 :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :  Jointly Administered
                                                                 :
                              Debtors.                           :  Hearing Date: March 13, 2008 at 10:00 a.m. (ET)
                                                                 :  Objection Deadline: March 6, 2008 at 4:00 p.m. (ET)
---------------------------------------------------------------- x

**DEBTORS' MOTION TO FURTHER EXTEND THE PERIOD WITHIN WHICH THE
DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452
AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 9006 AND 9027**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby move the Court for entry of an order, pursuant to 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), further extending the period within which the Debtors may remove various actions that were pending in multiple state courts (collectively, the "State Court Actions") as of August 6, 2007 (the "Petition Date"). In support of this motion (the "Motion"), the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested is 28 U.S.C. § 1452, as supplemented by Bankruptcy Rules 9006 and 9027.

## BACKGROUND

2.  On the Petition Date, each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4.  On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

5.  In the weeks prior to the Petition Date, an unprecedented disruption in the credit markets caused major write-downs of the Debtors' loan and security portfolios and consequently resulted in margin calls for hundreds of millions of dollars with respect to the Debtors' loans. During this time, certain of the Debtors' warehouse lenders began to exercise remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and threatening the company's continued viability.

6.  The Debtors' inability to originate loans and the exercise of remedies by certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the Debtors to discontinue their retail and indirect loan origination business. Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and,

accordingly, filed chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets.

7. Prior to the Petition Date, a large component of the Debtors' business was the servicing of mortgage loans (the "Servicing Business"). Commencing on October 2, 2007, this Court held a hearing to consider the Debtors' motion to sell the Servicing Business. By Order dated October 30, 2007, (the "Sale Order") [Docket No. 1711], the Court approved and authorized the sale of the Debtors' Servicing Business (the "Servicing Sale") to AH Mortgage Acquisition Co., Inc. (the "Purchaser"), pursuant to the terms of that certain Asset Purchase Agreement dated as of September 25, 2007 (as amended and together with all exhibits and schedules thereto, the "APA").[2]

8. Pursuant to the APA, the Servicing Sale will close in two steps. At the "economic" close, which occurred on November 16, 2007 (the "Initial Closing"), the Purchaser paid the Purchase Price in the manner and to the parties as provided in the APA and related agreements referenced therein. From the Initial Closing Date until the "legal" close (the "Final Closing"), the Debtors agreed to operate the Servicing Business in the Ordinary Course of Business, subject to the Bankruptcy Exceptions, for the economic benefit and risk of the Purchaser. The Final Closing has not yet occurred, but is required to occur no later than September 30, 2008.

**RELIEF REQUESTED**

9. By this Motion and pursuant to Bankruptcy Rule 9006(b)(1), the Debtors seek an extension of the March 4, 2008 deadline (the "Current Deadline") to file notices to remove the State Court Actions for approximately ninety (90) days through and including June 2,

---

[2] All capitalized terms used in this section with respect to the APA, but not defined herein, shall have the meanings set forth in the APA. The description of the APA in this section is by way of summary only. To the extent there is any discrepancy between such description and the actual terms of the APA, the latter are controlling.

2008.[3] The Debtors request that the proposed June 2, 2008 deadline to file notices of removal apply to all maters specified in Bankruptcy Rule 9027(a)(2)(A), (B) and (C).

10. The Debtors further request that the order approving this Motion be without prejudice to (a) any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any given civil action pending against the Debtors, and (b) the right of the Debtors to seek further extensions of the period in which they may remove civil actions pursuant to Bankruptcy Rule 9027.

## BASIS FOR RELIEF REQUESTED

11. Bankruptcy Rule 9027 and section 1452 of title 28 of the United States Code govern the removal of pending civil actions. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027 sets forth the time period for filing notices to remove claims or causes of action and provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

---

[3] Pursuant to Del. Bankr. LR 9006-2, the filing of this Motion prior to the Current Deadline shall serve to automatically extend the Current Deadline without the necessity for the entry of a bridge order, until the Court rules on this Motion. See Del. Bankr. LR 9006-2.

12. Bankruptcy Rule 9006(b)(1) permits the Court to enlarge unexpired time periods as follows:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

13. Since the Petition Date, the Debtors have focused primarily on maximizing the value of the Debtors' estates for the benefit of their stakeholders through the orderly liquidation of their assets. To that end, the Debtors solicited, negotiated and sought approval of several sales of various assets. The largest of these, the sale of the Debtors' Servicing Business, was approved after a week-long trial by the Sale Order dated October 30, 2007. During the most recent extension of the time period within which to file notices to remove the State Court Actions, the Debtors, among other things, completed the Initial Closing of the Servicing Sale, gained approval of a marketing and negotiation process to auction and sell certain loans and miscellaneous assets, negotiated the terms of the transfer of servicing under certain home equity lines of credits, gained authority to compromise certain construction loans and received approval of a process for dealing with the return of loan files. As a result, as of yet, the Debtors have not had an opportunity to fully investigate all of the State Court Actions to determine whether removal is appropriate. Accordingly, the Debtors seek an extension of the Current Deadline to protect their right to remove any of the State Court Actions.

14. The Debtors submit that granting this additional opportunity to consider

removal of the State Court Actions will assure that the Debtors' decisions are fully informed and consistent with the best interests of these estates. Furthermore, nothing herein will prejudice any party to a proceeding that the Debtors may ultimately seek to remove from seeking the remand of such action under 28 U.S.C. § 1452(b) at the appropriate time.

15.     For the foregoing reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors and their estates and creditors. Furthermore, the Court is authorized to grant the relief requested and extend the Current Deadline. See Pacor v. Higgins, 743 F.2d 984, 996 n.17 (3d Cir. 1984); Raff v. Gordon, 58 B.R. 988 (E.D. Pa. 1986) (period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.), 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (same); see also Doan v. Loomis (In re Fort Dodge Creamery Co.), 117 B.R. 438 (N.D. Iowa 1990) (implying that time period in which removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); In re Boyer, 108 B.R. 19 (Bankr. N.D.N.Y. 1988) (same). Moreover, requests by debtors for extensions of the removal period have been granted routinely by courts in this district. See, e.g., In re FLYi, Inc., No. 05-20011 (Bankr. D. Del. Feb. 17, 2006) (Walrath, J.); In re Meridian Automotive Systems Composites Operations, Inc., No. 05-1168 (Bankr. D. Del. Oct. 14, 2005) (Walrath, J.); In re The Glass Group, Inc., No. 05-10532 (Bankr. D. Del. June 16, 2005) (Walrath, J.).

## NOTICE

16.     Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Agent for the Debtors' Postpetition

Lender; (v) the known non-Debtor parties to the State Court Actions or counsel, if known, to such parties; and (vi) all parties entitled to notice under Del. Bankr. LR 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such other and further relief as is just and proper.

Dated: Wilmington, Delaware
February 22, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/*

James Patton (No. 2202)
Pauline Morgan (No. 3650)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to Debtors and Debtors in Possession