IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x   Chapter 11
In re:                                                       :
                                                             :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                       :
HOLDINGS, INC., a Delaware corporation, et al.,              :   Jointly Administered
                                                             :
                     Debtors.                                :
------------------------------------------------------------ x
```

**NOTICE OF DEPOSITION OF THE
DEBTORS PURSUANT TO RULE 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Bank of America, N.A., as Administrative Agent, by its undersigned attorneys, will take the deposition of the above-captioned debtors (the "Debtors") in connection with the Administrative Agent's Motion for Relief from the Automatic Stay, Pursuant to 11 U.S.C. § 362(d), Allowing the Administrative Agent to Exercise Its Rights as a Secured Creditor (the "Motion") regarding the matters set forth on Schedule A attached hereto. The Debtors shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf as corporate representative(s) regarding those matters. The Debtors' deposition will take place before a Notary Public or other officer duly authorized to administer oaths at the time, place and date set forth below (and/or at such other places, dates and times agreed upon by the parties), and will be recorded by stenographic and videographic means.

    Name:               Representative(s) of Debtors
    Date and Time:   March 31, 2008; 9:30 a.m.
    Location:         Kaye Scholer LLP
                        425 Park Avenue
                        New York, NY 10022

The deposition is being taken for the purposes of discovery, for use at the Hearing on the Motion, and for such other purposes as are permitted under the Federal Rules of Civil Procedure.

Dated: February 22, 2008
Wilmington, Delaware

POTTER ANDERSON & CORROON LLP

By: /s/ Laurie Selber Silverstein
Laurie Selber Silverstein (No. 2396)
Gabriel R. MacConaill (No. 4734)
P. O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware  19899
(302) 984-6000

- and -

KAYE SCHOLER LLP
Margot B. Schonholtz
Myron Kirschbaum
Scott D. Talmadge
425 Park Avenue
New York, NY  10022

*Counsel for Bank of America, N.A. as Administrative Agent under that certain Second Amended and Restated Credit Agreement, dated as of August 10, 2006*

2

## SCHEDULE A

### I. Definitions and Terms

A. "Administrative Agent" shall mean Bank of America, N.A., as administrative agent for itself and the other Secured Parties under the Credit Agreement and the Security Agreement.

B. "And" as well as "or" shall be construed both disjunctively and conjunctively in order to bring within the scope of the subject area for designation any and all matters which might otherwise be construed or interpreted to be outside the scope of the subject area for designation.

C. "Cash Collateral Order" shall mean the Final Order (i) Authorizing Debtors' Limited Use of Cash Collateral and (ii) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties that this Court entered on September 4, 2007 [Docket No. 554], together with the interim order entered in connection therewith and any amendments or extensions thereto.

D. "Collateral" shall mean the portion of the Debtors' assets that have not been sold pursuant to an Order of the Bankruptcy Court in which the Administrative Agent, for the ratable benefit of the Secured Parties, holds security interests in and liens upon pursuant to the Security Agreement and the Cash Collateral Order.

E. "Communication" shall mean any document, oral statement, meeting or conference, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded or in any manner transmitted or transferred.

F. "Correspondence" shall mean any document that constitutes a communication between two or more persons or entities, or that records, memorializes, reflects or otherwise summarizes the substance of such a communication, whether made directly or otherwise.

G. "Credit Agreement" shall mean that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006 among the Administrative Agent, the Secured Parties and certain of the Debtors.

H. The term "date" shall mean the exact year, month and date, if known, or, if not, your best approximation thereof.

I. "Debtors" shall mean the Debtors, as defined above, and any officers, agents, servants, independent contractors or affiliates thereof and any other person or entity acting or purporting to act on behalf of the Debtors or under their control, including, without limitation, Kroll, Zolfo Cooper.

J. "Hearing" shall mean to the hearing on the Motion currently scheduled on March 13, 2008 at 10:00 a.m.

K. The term "including" shall mean "including, but not limited to;" the term "includes" means "includes, but not limited to."

L. "Indebtedness" shall mean the aggregate principal amount owed by the Debtors to the Secured Parties under the Credit Agreement.

M. "Mortgage Loans" shall mean the Debtors' assets that constitute a portion of the Collateral that are residential mortgages, which consist of fixed rate, adjustable rate, balloon and interest only loans originated with full and alternative documentation.

N. "Other Collateral" shall mean any Collateral other than the Mortgage Loans.

O. "Petition Date" shall mean August 6, 2007.

P. "Potential Purchaser(s)" shall mean any persons who submitted an offer, any proposal or expression of interest to purchase all or any portion of the Mortgage Loans.

Q. "Refer," "reflect" and "relate" shall mean referring to, or having any relationship with whatsoever, or regarding or pertaining to, or comprising, or indicating, or supporting, or constituting evidence related to or pertaining to any subject area for designation.

R. "Relating to" or "related to" means and includes anything that constitutes, contains, embodies, reflects, identifies, states, refers to or is in any way relevant and responsive to any subject area for designation.

S. "Secured Parties" shall mean the Administrative Agent and the pre-petition secured lenders under the Credit Agreement and the collateral agent under the Security Agreement.

T. "Security Agreement" shall mean that certain Security Agreement dated as of August 30, 2004, as amended, modified, supplemented, ratified, and restated from time to time, among the Administrative Agent and certain of the Debtors.

U. "You" and "Yours" means and refers to the Debtors, as defined above, and any officers, agents, servants, independent contractors or affiliates thereof and any other person or entity acting or purporting to act on behalf of the Debtors or under their control, including, without limitation, Kroll, Zolfo Cooper.

**II.     Additional Instructions**

A.     The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

B.   The topics are to be construed broadly so as to bring within their scope all testimony that by a more restrictive interpretation might be deemed non-responsive.

C.   Terms not otherwise defined are to be accorded the range of their reasonable meanings.

## III.   Subject Areas for Designation

1. The Mortgage Loans including: (i) the total loan amount and the outstanding principal balance as of the Petition Date and as of the date of the Motion; (ii) the total past due amounts owed in respect of each Mortgage Loan and the extent of the delinquency with respect to each Mortgage Loan (i.e., 30, 60, 90 and greater than 90 days past due) from and after the Petition Date; (iii) any change in value of the Mortgage Loans from and after the Petition Date; and (iv) the value of the Mortgage Loans and the methodology used in determining the value of the Mortgage Loans as of the Petition Date and as of the date of the Motion.

2. All discussions, plans or strategies of the Debtors to market and sell or otherwise dispose of all or any portion of the Mortgage Loans.

3. All attempts by the Debtors to market and sell or otherwise dispose of all or any portion of the Mortgage Loans.

4. Any offers, proposals or expressions of interest to purchase all or any portion of the Mortgage Loans.

5. All communications between the Debtors or their advisors and any Potential Purchasers relating to the Debtors attempts to sell or otherwise dispose of all or any portion of the Mortgage Loans.

6. The value of the Other Collateral and the methodology used in determining the value of the Other Collateral as of the Petition Date and as of the date of the Motion.

7. Any and all forms of adequate protection, as such term is defined in 11 U.S.C. § 361, which the Debtors will provide to the Secured Parties for any diminution in the value of the Mortgage Loans.