# EXHIBIT D

## Proposed Form of Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------ x

In re:                                                              :    Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                              :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                    :
                                                                    :    Jointly Administered
            Debtors.                                                :
                                                                         **Doc. Ref. No.**
------------------------------------------------------------------------ x

**ORDER (A) MODIFYING LETTER AGREEMENT WITH INDYMAC BANK,
F.S.B.; (B) MODIFYING ORDER, PURSUANT TO SECTIONS 105(a), 363
AND 365 OF THE BANKRUPTCY CODE AND RULE 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING
THE ASSUMPTION AND ASSIGNMENT OF CERTAIN REAL PROPERTY
LEASES AND THE SALE OF FURNITURE, FIXTURES AND EQUIPMENT
LOCATED THEREIN; (II) APPROVING THE TERMS OF THE LETTER
AGREEMENT; AND (III) GRANTING RELATED RELIEF [DOCKET NO. 357];
AND (C) AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED
LEASES OF NON-RESIDENTIAL REAL PROPERTY AND TO ABANDON
CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT LOCATED THEREIN**

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage

Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect

affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively,

"AHM" or the "Debtors"),[2] for entry of an order, pursuant to sections 105(a), 363 and 365 of title 11 of

the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy

Procedure (A) modifying the letter agreement dated August 7, 2007 (the "Letter Agreement") by and

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation
(3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979);
American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home
Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC
("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc.
("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York
corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except
for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

between the Debtors and Indymac Bank F.S.B. ("Indymac"); (B) modifying the Order Pursuant to

Sections 105(a), 363 and 365 of the Bankruptcy Code, (I) Authorizing the Assumption and Assignment

of Certain Real Property Leases and the Sale of Furniture, Fixtures and Equipment Located Therein;

(II) Approving the Terms of the Letter Agreement; and (III) Granting Related Relief [Docket No. 357]

(the "Original Sale Order"); and (C) authorizing the Debtors to reject certain unexpired leases of non-

residential real property (the "Rejected Office Leases"), as identified on Exhibit A hereto, and to

abandon any property remaining at the premises subject to the Rejected Office Leases including, but

not limited to, furniture, fixtures and equipment (collectively, the "FF&E"); and the Court being

satisfied that the modifications to the Letter Agreement, the rejection of the Rejected Office Leases and

the abandonment of certain of the FF&E contained therein, is in the best interests of the Debtors, their

estates and creditors and is a proper exercise of the Debtors' business judgment; and due and proper

notice of the Motion having been given; and it appearing that no other or further notice need be given;

and after due deliberation and sufficient cause appearing therefor, the Court hereby makes the

following:

FINDINGS OF FACT AND CONCLUSIONS OF LAW:[3]

A.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157

and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these

cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief requested in the Motion are sections

105(a), 363, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6004, 6006 and 9019.

C.      For the reasons set forth in the Motion, due and adequate notice of the

Motion, the hearing, and the subject matter thereof has been provided to all parties in interest

---

[3] When appropriate, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact. See Fed. R. Bankr. P. 7052.

DB02:6569186.4                                                                                                          066585.1001

herein, and no other or further notice is necessary. A reasonable opportunity to object or be

heard with respect to the Motion and the relief requested therein has been afforded to all

interested persons and entities.

        D.      The modifications to the Letter Agreement are in the best interests of the

Debtors, their estates, their creditors, and other parties in interest. The Debtors have

demonstrated good, sufficient, and sound business purposes and justifications for the proposed

modifications.

        E.      The modifications to the Letter Agreement were negotiated and proposed,

and has been entered into by the parties, in good faith, from arm's length bargaining positions,

and without collusion. Indymac is a good faith purchaser within the meaning of section 363(m)

of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor

Indymac have engaged in any conduct that would cause or permit the modified Letter

Agreement, or the sale of the Office Assets to Indymac pursuant thereto and hereto, to be

avoided under Bankruptcy Code section 363(n).

        F.      Under the circumstances, and due and adequate notice having been

provided, it is the best interests of the Debtors, their creditors, and all other parties in interest

herein that the Office Assets be sold to Indymac in a sale under section 363(b) of the Bankruptcy

Code and Bankruptcy Rules 2002(c)(1) and 6004(f)(1)F.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

        1.      The Motion is GRANTED.

        2.      The Letter Agreement and Original Sale Order are hereby modified to the

extent set forth in the Motion, this Order and the Asset Purchase Agreement by and between

American Home Mortgage Corp. and American Home Mortgage Holdings, Inc. and Indymac

Page 3

Bank, F.S.B. and ancillary documents attached thereto (the "APA"), and the APA is hereby approved.

3.     The Phase I Closing, as provided under the terms of the APA, is hereby authorized.

4.     The Phase II Closing, as provided under the terms of the APA, is hereby authorized and shall occur on or before March 3, 2008 at 4:00 p.m. (EST).

5.     Notwithstanding the foregoing, nothing otherwise contained herein shall alter, amend or supersede the Original Sale Order and such Original Sale Order remains in full force and effect.

6.     The Rejected Office Leases are deemed rejected pursuant to 11 U.S.C. § 365(a) effective as of February 29, 2008.

7.     Any FF&E remaining at the premises of the Rejected Office Leases as of February 29, 2008 shall be deemed abandoned pursuant to 11 U.S.C. § 554(a) effective as of February 29, 2008.

8.     The Rejection Bar Date for filing a Rejection Claim with respect to the Rejected Office Leases pursuant to this Order is hereby fixed as a date which is thirty (30) days from the date of the entry of this Order.  Any holder of a Rejection Claim who fails to timely file a proof of such claim on or before the Rejection Bar Date shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim.

9.     The deadline for filing an Administrative Expense Claim with respect to the Rejected Office Leases pursuant to this Order is hereby fixed as a date which is thirty (30) days from the date of the entry of this Order.  Any holder of an Administrative Expense Claim

DB02:6569186.4                                                                    066585.1001

who fails to timely file a proof of such claim on or before the Rejection Bar Date shall be forever

barred, estopped and enjoined from asserting such Administrative Expense Claim against the

Debtors (or filing a request for the allowance thereof), and the Debtors and their property shall be

forever discharged from any and all indebtedness or liability with respect to such Administrative

Expense Claim.

10.    Nothing herein shall prejudice the rights of the Debtors to argue that any

claim for damages arising from the rejection of the Rejected Office Leases is limited to the

remedies available under any applicable termination provision of such Rejected Office Leases, or

that any such claim is an obligation of a third party, and not that of the Debtors.

11.    As provided by Bankruptcy Rule 6004(g) and 6006(d), this Order shall not

be stayed for ten (10) days after entry thereof and shall be effective and enforceable immediately.

12.    This Court shall retain jurisdiction over any and all matters arising from or

related to the implementation or interpretation of the Letter Agreement or this Order.

Dated: Wilmington, Delaware
       February ___, 2008

_____
Christopher S. Sontchi
United States Bankruptcy Judge

DB02:6569186.4                                                                                            066585.1001