# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x  Chapter 11

In re:

AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corporation, et al.,[1]

Debtors.

------------------------------------------------------------- x

Case No. 07-11047 (CSS)

Jointly Administered

**Hearing Date: N/A**
**Objection Deadline: N/A**

## MOTION PURSUANT TO DEL. L.R. 9006-1(e) FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF DEBTORS' MOTION FOR ORDER (A) MODIFYING LETTER AGREEMENT WITH INDYMAC BANK, F.S.B.; (B) MODIFYING ORDER, PURSUANT TO SECTIONS 105(a), 363, 365 AND 554 OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN REAL PROPERTY LEASES AND THE SALE OF FURNITURE, FIXTURES AND EQUIPMENT LOCATED THEREIN; (II) APPROVING THE TERMS OF THE LETTER AGREEMENT; AND (III) GRANTING RELATED RELIEF; AND (C) AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND TO ABANDON CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT LOCATED THEREIN

The above-captioned debtors and debtors-in-possession (collectively, the

"Debtors") hereby move (the "Motion to Shorten") this Court, pursuant to Rule 9006-1(e) of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules") and section 102 of title 11 of the United States Code, 11

U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), for the entry of an order shortening the time for

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

notice of the Debtors' Motion for Order (A) Modifying Letter Agreement with Indymac Bank

F.S.B.; (B) Modifying Order, Pursuant to Sections 105(a), 363, 365 and 554 of the Bankruptcy

Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the

Assumption and Assignment of Certain Real Property Leases and the Sale of Furniture, Fixtures

and Equipment Located Therein; (II) Approving the Terms of the Letter Agreement; and (III)

Granting Related Relief; and (C) Authorizing the Debtors to Reject Certain Unexpired Leases of

Non-Residential Real Property and to Abandon Certain Furniture, Fixtures, and Equipment

Located Therein (the "Motion")[2] so that the Motion may be heard at the omnibus hearing on

February 28, 2008 at 11:00 a.m. (ET) (the "Hearing") and before the Debtors' March 3, 2008

deadline under section 365(d)(4) of the Bankruptcy Code to assume or reject their unexpired

leases of non-residential real property (the "365(d)(4) Deadline").

        1.      The Debtors submit that sufficient cause exists to justify shortening the

notice period for the Motion. As set forth more fully in the Motion, the relief requested therein is

related to the Order, Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code, (I)

Authorizing the Assumption and Assignment of Certain Real Property Leases and the Sale of

Furniture, Fixtures and Equipment Located Therein; (II) Approving the Terms of the Letter

Agreement; and (III) Granting Related Relief [Docket No. 357] (the "Original Sale Order"), in

which this Court (i) authorized the Debtors to assume and assign ninety-eight (98) office leases

(collectively, the "Office Leases"), and sell certain furniture, fixtures and equipment located

therein (the "FF&E"), to Indymac Bank F.S.B. (collectively, the "Sale"), and (ii) approved a

related Letter Agreement, which established the terms of the Sale.

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

2

2.      Since entry of the Original Sale Order, the Debtors have stood ready and able to close the Sale since no later than September 30, 2007 and have worked diligently to do so. Although the Debtors have endeavored to meet all of Indymac's demands, Indymac recently sought a significant modification to the Letter Agreement by requesting that the Debtors remove fifteen (15) Office Leases from the list of Assumed Office Leases to be assigned.

3.      While the Debtors began to negotiate this requested modification with Indymac, the Debtors were mindful that their deadline under section 365(d)(4) of the Bankruptcy Code to assume and assign their unexpired leases of non-residential real property expires on March 3, 2008. Significantly, by letter dated February 7, 2008, the Debtors notified Indymac of the 365(d)(4) Deadline.

4.      Because of the fast-approaching 365(d)(4) Deadline, on February 15, 2008, the Debtors filed the Emergency Motion to Enforce the Terms of the Letter Agreement and Order, Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code, (I) Authorizing the Assumption and Assignment of Certain Real Property Leases and the Sale of Furniture, Fixtures and Equipment Located Therein; (II) Approving the Terms of the Letter Agreement; and (III) Granting Related Relief [Docket No. 3006] (the "Motion to Enforce"). The purpose of the Motion to Enforce was to ensure that, at the very least, the Sale closed on its original terms prior to the 365(d)(4) Deadline.

5.      Shortly after the filing of the Motion to Enforce, and after additional negotiations with Indymac regarding its request to modify the Letter Agreement, the Debtors agreed to seek authority from this Court to make such modifications, but only upon certain terms and conditions, as set forth more fully in the Motion.

6.      Now that Indymac has agreed to those terms and conditions, the Debtors

3

have filed the Motion, seeking expedited approval of the modifications to the Letter Agreement. Doing so necessarily requires a modification of the Original Sale Order, in addition to approval of the rejection of certain Office Leases and the abandonment of certain FF&E. For the reasons set forth in the Motion, the Debtors believe that the modifications, as well as the rejection of the Office Leases and the abandonment of the FF&E, are in the best interests of the Debtors, their estates and creditors because they will ensure that the Sale closes before the 365(d)(4) Deadline and that significant value is added to these estates.

7.    Additionally, if the Motion is not heard prior to the 365(d)(4) Deadline, any such relief would be moot as the Office Leases will have been deemed rejected and, more importantly, the Debtors will have lost the opportunity to add substantial value to these estates. As a result, the Debtors submit that it is in the best interests of the Debtors, their estates and creditors that the Motion be heard at the Hearing. Therefore, the Debtors submit that sufficient cause exists to justify shortening the notice period specified in Local Rule 9006-1(c) for the Motion to be heard at the February 28, 2008 hearing.

8.    Furthermore, allowing the Motion to be heard at the Hearing may allow the parties to avoid litigation on the Motion to Enforce. Although the Debtors remain ready and willing to prosecute the Motion to Enforce if this Court does not grant this Motion to Shorten, or if Indymac decides not to proceed with the agreed modifications to the Letter Agreement, the Debtors submit that it would be more efficient and less costly to the Debtors' estates to allow the Motion to be heard at the Hearing. Simply put, the Debtors believe that it is in the best interests of the Debtors, their estates and creditors to obtain the value the closing of the Sale will add to these estates without having to set forth the time, energy and resources that would necessarily be required to appropriately prosecute the Motion to Enforce. Accordingly, the Debtors believe that

4

there is more than ample justification to shorten the notice period and allow the Motion to be heard at the Hearing.

9.    Because of the shortened notice period, the Debtors propose to give any party objecting to the Motion until February 27, 2008 at 12:00 p.m. (ET) to file and serve any objections upon the undersigned counsel for the Debtors.

10.    Accordingly, the Debtors request that the Motion be heard at the hearing currently scheduled for February 28, 2008 at 11:00 a.m. (ET) with objections to be filed and served by February 27, 2008 at 12:00 p.m. (ET).  In light of the shortened notice period, the Debtors will serve the Motion by Federal Express overnight delivery or hand delivery, on (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the landlords to the Office Leases; (v) counsel to the Debtors' postpetition lender; (vi) the United States Securities and Exchange Commission; (vii) counsel to Indymac; and (viii) all parties that have requested notice pursuant to Bankruptcy Rule 2002.

5

WHEREFORE, the Debtors respectfully request that the Court enter an Order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
     February 22, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Robert F. Poppiti, Jr. (No. 5052)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------------- x
In re:                                                         :   Chapter 11
                                                               :
AMERICAN HOME MORTGAGE                                         :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,¹              :
                                                               :   Jointly Administered
                        Debtors.                               :
                                                               :   Hearing Date: N/A
                                                               :   Objection Deadline: N/A
                                                               :
-------------------------------------------------------------- x
```

**ORDER SHORTENING THE TIME FOR NOTICE OF DEBTORS' MOTION
FOR ORDER (A) MODIFYING LETTER AGREEMENT WITH INDYMAC BANK,
F.S.B.; (B) MODIFYING ORDER, PURSUANT TO SECTIONS 105(a), 363, 365 AND
554 OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING THE ASSUMPTION
AND ASSIGNMENT OF CERTAIN REAL PROPERTY LEASES AND THE SALE
OF FURNITURE, FIXTURES AND EQUIPMENT LOCATED THEREIN;
(II) APPROVING THE TERMS OF THE LETTER AGREEMENT; AND
(III) GRANTING RELATED RELIEF; AND (C) AUTHORIZING THE DEBTORS
TO REJECT CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL
PROPERTY AND TO ABANDON CERTAIN FURNITURE, FIXTURES,
AND EQUIPMENT LOCATED THEREIN**

Upon consideration of the motion (the "Motion to Shorten")² of the above

captioned debtors and debtors-in-possession (the "Debtors") for entry of an order providing that

the applicable notice period for the Debtors' Motion for Order (A) Modifying Letter Agreement

with Indymac Bank F.S.B.; (B) Modifying Order, Pursuant to Sections 105(a), 363, 365 and 554

of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (I)

Authorizing the Assumption and Assignment of Certain Real Property Leases and the Sale of

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

² Capitalized terms not defined herein shall have the meanings given to them in the Motion to Shorten.

Furniture, Fixtures and Equipment Located Therein; (II) Approving the Terms of the Letter Agreement; and (III) Granting Related Relief; and (C) Authorizing the Debtors to Reject Certain Unexpired Leases of Non-Residential Real Property and to Abandon Certain Furniture, Fixtures, and Equipment Located Therein (the "Motion"); and the Court having determined that granting the relief requested in the Motion to Shorten is appropriate; and it appearing that due and adequate notice of the Motion to Shorten has been given under the circumstances, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion to Shorten is granted; and it is further

ORDERED, that the Motion shall be heard on February 28, 2008 at 11:00 a.m. (ET); and it is further

ORDERED, that objections to the relief requested in the Motion shall be filed and served on counsel for the Debtors by February 27, 2008 at 12:00 p.m. (E.T.); and it is further

ORDERED, that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       February _____, 2008

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE