# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :  Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :  Jointly Administered
                    Debtors.                                     :
                                                                 :  Ref. Docket No. 2627
                                                                 :
---------------------------------------------------------------- x

## CERTIFICATION OF COUNSEL REGARDING STIPULATION RESOLVING LBA MELVILLE ASSOCIATES LP'S MOTION FOR AN ORDER TO ALLOW CERTAIN ADMINISTRATIVE EXPENSES AND COMPEL PAYMENT OF SUCH ADMINISTRATIVE EXPENSES PURSUANT TO SECTIONS 503(a) AND (b)(1)(A) OF THE BANKRUPTCY CODE

On or around July 27, 2006, American Home Mortgage Corp. ("AHM Corp."), one of the above captioned debtors and debtors-in-possession (collectively, the "Debtors"), and LBA Melville Associates LP ("Melville") executed a certain lease agreement dated July 2006, and as amended December 29, 2006 (the "Lease"), for certain real property located at 270 South Service Road, Melville, New York 11747.

On August 30, 2007, the Debtors filed the Second Motion for an Order, Pursuant to Sections 105, 365, and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Unexpired Leases and to Abandon Certain Furniture, Fixtures, and Equipment (the "Second Rejection Motion") [D.I. 510], seeking, among other things, to reject the Lease effective as of August 31, 2007.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303) ("AHM Holdings"); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

On September 17, 2007, the Court entered its Order granting the relief sought in the Second Rejection Motion [D.I. 779], including approval of the rejection of the Lease effective as of August 31, 2007.

On January 8, 2008, Melville filed its Motion for an Order to Allow Certain Administrative Expenses and Compel Payment of Such Administrative Expenses Pursuant to Sections 503(a) and (b)(1)(A) and 507(A)(1) of the Bankruptcy Code [D.I. 2627] (the "Motion"), seeking allowance and immediate payment of an administrative expense claim arising from the Lease.

Following good faith negotiations, the Debtors and Melville have reached a resolution with respect to the Motion, the terms and conditions of which are set forth in the stipulation attached hereto as Exhibit A (the "Stipulation").

Accordingly, the Debtors respectfully request that the Court enter an order approving the Stipulation, substantially in the form attached hereto as Exhibit B, at its earliest convenience without further notice or hearing.

Dated: Wilmington, Delaware
February 25, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ James L. Patton, Jr.

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       : Chapter 11
                                                             :
AMERICAN HOME MORTGAGE                                       : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]           :
                                                             : Jointly Administered
                   Debtors.                                  :
                                                             : Ref. Docket No. 2627
                                                             :
------------------------------------------------------------ x

### STIPULATION RESOLVING LBA MELVILLE ASSOCIATES LP'S MOTION FOR AN ORDER TO ALLOW CERTAIN ADMINISTRATIVE EXPENSES AND COMPEL PAYMENT OF SUCH ADMINISTRATIVE EXPENSES PURSUANT TO SECTIONS 503(a) AND (b)(1)(A) OF THE BANKRUPTCY CODE

American Home Mortgage Corp. ("AHM Corp."), one of the above captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby enters into this stipulation (the "Stipulation") with LBA Melville Associates LP ("Melville"), dated as of February 25, 2008, in full and final settlement of all Administrative Expense Claims (as defined below) asserted by Melville against AHM Corp. and the Debtors.

### Recitals

WHEREAS, on August 6, 2007 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303) ("AHM Holdings"); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

WHEREAS, each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on or around July 27, 2006, AHM Corp. and Melville executed a certain lease agreement dated July 2006, and as amended December 29, 2006 (the "Lease"), for certain real property located at 270 South Service Road, Melville, New York 11747 (the "Premises");

WHEREAS, the base monthly rent under the Lease is $36,500.00, in addition to other amounts, including utilities;

WHEREAS, on August 30, 2007, the Debtors filed the Second Motion for an Order, Pursuant to Sections 105, 365, and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Unexpired Leases and to Abandon Certain Furniture, Fixtures, and Equipment [D.I. 510] (the "Second Rejection Motion"), seeking, among other things, to reject the Lease effective as of August 31, 2007;

WHEREAS, on September 17, 2007, the Court entered its Order granting the relief sought in the Second Rejection Motion [D.I. 779] (the "Second Rejection Order"), including approval of the rejection of the Lease effective as of August 31, 2007;

WHEREAS, on January 8, 2008, Melville filed its Motion for an Order to Allow Certain Administrative Expenses and Compel Payment of Such Administrative Expenses Pursuant to Sections 503(a) and (b)(1)(A) and 507(A)(1) of the Bankruptcy Code [D.I. 2627] (the "Motion"), seeking allowance and immediate payment of an administrative expense claim arising from the Lease in the total amount of $50,396.22 (the "Administrative Expense Claim");

WHEREAS, on January 7, 2008, Melville filed proof of claim number 7611 against AHM Corp. in the amount of $448,000.00 for damages purportedly arising from the Debtors' rejection of the Lease (the "Rejection Damages Claim");

WHEREAS, on January 7, 2008, Melville also filed proof of claim number 7615 against AHM Corp. in the amount of $97,085.73 for allegedly unpaid pre-petition rent and utilities for the Premises (the "Pre-Petition Rent Claim");

WHEREAS, the Debtors disputed the relief requested in the Motion;

WHEREAS, the Debtors and Melville have engaged in good faith negotiations to resolve the Motion and the Administrative Expense Claim.

**NOW, THEREFORE**, subject to approval of the Court, in order to avoid the costs, risks and inconveniences of litigation, it is hereby stipulated and agreed as follows:

1. Melville shall have an allowed administrative priority claim under section 503(b) of the Bankruptcy Code in the amount of $37,131.79 (the "Allowed Administrative Expense Claim").

2. Payment of the Allowed Administrative Expense Claim shall be made by the Debtors within twenty (20) days of entry of a Court order approving this Stipulation.

3. Upon Court approval of this Stipulation, the Motion shall be, and hereby is, withdrawn.

4. Melville agrees that allowance and payment of the Allowed Administrative Expense Claim as set forth herein shall be in full and final settlement, satisfaction, release and discharge of any and all administrative claims arising from or related to the Lease.

DB02:6580944.4    066585.1001

5. Nothing set forth in this Stipulation shall in any way prejudice or affect (i) any and all rights of Melville with respect to the Rejection Damages Claim or the Pre-Petition Rent Claim or (ii) the rights of the Debtors, including their successor or successors in interest, and/or any party in interest, to object to the Rejection Damages Claim or the Pre-Petition Rent Claim on any and all bases.

6. This Stipulation fully and finally resolves the Administrative Expense Claim, the Motion, and any and all other administrative expense claims arising from the Lease, now known or unknown, filed or unfiled, that Melville may have against the (i) the Debtors, (ii) these estates, (iii) any of the Debtors' current and former officers, directors, employees or agents, and (iv) the Debtors' successor or successors in interest, _provided_, _however_, that nothing in this Stipulation shall in any way affect the Rejection Damages Claim or the Pre-Petition Rent Claim or prejudice any and all rights of Melville or the Debtors, including their successor or successors in interest, and/or any party in interest, with respect thereto.

7. If the settlement set forth in this Stipulation is not approved by the Court, the parties will revert to their pre-settlement positions and the terms of the settlement are not admissible for any purpose.

8. Each party shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

9. Each of the undersigned counsel are duly authorized and empowered to execute and deliver this Stipulation on behalf of each of his or her respective clients.

10. This Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

11. This Stipulation constitutes the complete express agreement of the parties hereto concerning the subject matter hereof, and no modification or amendment to this Stipulation shall be valid unless it is in writing, signed by the party or parties to be charged and approved by the Court.

12. It is acknowledged that each party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either party on account of such drafting.

13. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

14. This Stipulation shall become effective immediately upon entry of an order approving the Stipulation.

| Young Conaway Stargatt & Taylor, LLP | Richards, Layton & Finger, P.A. |
|---|---|
| /s/ | /s/ |
| James L. Patton, Jr. (No. 2202) | Mark D. Collins (No. 2981) |
| Pauline K. Morgan (No. 3650) | Jason M. Madron (No. 4431) |
| Sean M. Beach (No. 4070) | One Rodney Square |
| Matthew B. Lunn (No. 4119) | 920 North King Street |
| Robert F. Poppiti, Jr. (No. 5052) | Wilmington, Delaware 19801 |
| The Brandywine Building | Telephone: (302) 651-7700 |
| 1000 West Street, 17th Floor | Facsimile: (302) 651-7701 |
| Wilmington, Delaware 19801 | |
| Telephone: (302) 571-6600 | Counsel to LBA Melville Associates |
| Facsimile: (302) 571-1253 | Dated: 2/25/2008 |
| Counsel for Debtors and Debtors in Possession | |
| Dated: 2/25/08 | |

DB02:6580944.4    066585.1001

**Exhibit B**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------- x
In re:                                                     :  Chapter 11
                                                           :
AMERICAN HOME MORTGAGE                                     :  Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,¹          :
                                                           :  Jointly Administered
                        Debtors.                           :
                                                           :  Ref. Docket No. _____
---------------------------------------------------------- x
```

## ORDER APPROVING STIPULATION RESOLVING LBA MELVILLE ASSOCIATES LP'S MOTION FOR AN ORDER TO ALLOW CERTAIN ADMINISTRATIVE EXPENSES AND COMPEL PAYMENT OF SUCH ADMINISTRATIVE EXPENSES PURSUANT TO SECTIONS 503(a) AND (b)(1)(A) OF THE BANKRUPTCY CODE

Upon consideration of the Stipulation Resolving LBA Melville Associates LP's Motion for an Order to Allow Certain Administrative Expenses and Compel Payment of Such Administrative Expenses Pursuant to Sections 503(a) and (b)(1)(A) of the Bankruptcy Code (the "Stipulation"), a copy of which is attached hereto as Exhibit A; and after due deliberation and sufficient cause appearing therefor; it is hereby:

ORDERED that the Stipulation is approved; and it is further

ORDERED that the above-captioned debtors and debtors-in-possession and LBA Melville Associates LP are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Stipulation; and it is further

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303) ("AHM Holdings"); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the Stipulation and the implementation or interpretation of this Order.

Dated: February ____, 2008
       Wilmington, Delaware

                                      The Honorable Christopher S. Sontchi
                                      United States Bankruptcy Judge

## EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
AMERICAN HOME MORTGAGE                                       :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]           :
                                                             :   Jointly Administered
                       Debtors.                              :
                                                             :   Ref. Docket No. 2627
                                                             :
------------------------------------------------------------ x

## STIPULATION RESOLVING LBA MELVILLE ASSOCIATES LP'S MOTION FOR AN ORDER TO ALLOW CERTAIN ADMINISTRATIVE EXPENSES AND COMPEL PAYMENT OF SUCH ADMINISTRATIVE EXPENSES PURSUANT TO SECTIONS 503(a) AND (b)(1)(A) OF THE BANKRUPTCY CODE

American Home Mortgage Corp. ("AHM Corp."), one of the above captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby enters into this stipulation (the "Stipulation") with LBA Melville Associates LP ("Melville"), dated as of February 25, 2008, in full and final settlement of all Administrative Expense Claims (as defined below) asserted by Melville against AHM Corp. and the Debtors.

### Recitals

WHEREAS, on August 6, 2007 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303) ("AHM Holdings"); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

WHEREAS, each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on or around July 27, 2006, AHM Corp. and Melville executed a certain lease agreement dated July 2006, and as amended December 29, 2006 (the "Lease"), for certain real property located at 270 South Service Road, Melville, New York 11747 (the "Premises");

WHEREAS, the base monthly rent under the Lease is $36,500.00, in addition to other amounts, including utilities;

WHEREAS, on August 30, 2007, the Debtors filed the Second Motion for an Order, Pursuant to Sections 105, 365, and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, Authorizing the Debtors to Reject Certain Unexpired Leases and to Abandon Certain Furniture, Fixtures, and Equipment [D.I. 510] (the "Second Rejection Motion"), seeking, among other things, to reject the Lease effective as of August 31, 2007;

WHEREAS, on September 17, 2007, the Court entered its Order granting the relief sought in the Second Rejection Motion [D.I. 779] (the "Second Rejection Order"), including approval of the rejection of the Lease effective as of August 31, 2007;

WHEREAS, on January 8, 2008, Melville filed its Motion for an Order to Allow Certain Administrative Expenses and Compel Payment of Such Administrative Expenses Pursuant to Sections 503(a) and (b)(1)(A) and 507(A)(1) of the Bankruptcy Code [D.I. 2627] (the "Motion"), seeking allowance and immediate payment of an administrative expense claim arising from the Lease in the total amount of $50,396.22 (the "Administrative Expense Claim");

WHEREAS, on January 7, 2008, Melville filed proof of claim number 7611 against AHM Corp. in the amount of $448,000.00 for damages purportedly arising from the Debtors' rejection of the Lease (the "Rejection Damages Claim");

WHEREAS, on January 7, 2008, Melville also filed proof of claim number 7615 against AHM Corp. in the amount of $97,085.73 for allegedly unpaid pre-petition rent and utilities for the Premises (the "Pre-Petition Rent Claim");

WHEREAS, the Debtors disputed the relief requested in the Motion;

WHEREAS, the Debtors and Melville have engaged in good faith negotiations to resolve the Motion and the Administrative Expense Claim.

**NOW, THEREFORE**, subject to approval of the Court, in order to avoid the costs, risks and inconveniences of litigation, it is hereby stipulated and agreed as follows:

1. Melville shall have an allowed administrative priority claim under section 503(b) of the Bankruptcy Code in the amount of $37,131.79 (the "Allowed Administrative Expense Claim").

2. Payment of the Allowed Administrative Expense Claim shall be made by the Debtors within twenty (20) days of entry of a Court order approving this Stipulation.

3. Upon Court approval of this Stipulation, the Motion shall be, and hereby is, withdrawn.

4. Melville agrees that allowance and payment of the Allowed Administrative Expense Claim as set forth herein shall be in full and final settlement, satisfaction, release and discharge of any and all administrative claims arising from or related to the Lease.

3

5. Nothing set forth in this Stipulation shall in any way prejudice or affect (i) any and all rights of Melville with respect to the Rejection Damages Claim or the Pre-Petition Rent Claim or (ii) the rights of the Debtors, including their successor or successors in interest, and/or any party in interest, to object to the Rejection Damages Claim or the Pre-Petition Rent Claim on any and all bases.

6. This Stipulation fully and finally resolves the Administrative Expense Claim, the Motion, and any and all other administrative expense claims arising from the Lease, now known or unknown, filed or unfiled, that Melville may have against the (i) the Debtors, (ii) these estates, (iii) any of the Debtors' current and former officers, directors, employees or agents, and (iv) the Debtors' successor or successors in interest, *provided, however,* that nothing in this Stipulation shall in any way affect the Rejection Damages Claim or the Pre-Petition Rent Claim or prejudice any and all rights of Melville or the Debtors, including their successor or successors in interest, and/or any party in interest, with respect thereto.

7. If the settlement set forth in this Stipulation is not approved by the Court, the parties will revert to their pre-settlement positions and the terms of the settlement are not admissible for any purpose.

8. Each party shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

9. Each of the undersigned counsel are duly authorized and empowered to execute and deliver this Stipulation on behalf of each of his or her respective clients.

10. This Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

DB02:6580944.4                                                                                                                          066585.1001

11. This Stipulation constitutes the complete express agreement of the parties hereto concerning the subject matter hereof, and no modification or amendment to this Stipulation shall be valid unless it is in writing, signed by the party or parties to be charged and approved by the Court.

12. It is acknowledged that each party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either party on account of such drafting.

13. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

14. This Stipulation shall become effective immediately upon entry of an order approving the Stipulation.

| Young Conaway Stargatt & Taylor, LLP | Richards, Layton & Finger, P.A. |
|---|---|
| */s/* | */s/* |
| James L. Patton, Jr. (No. 2202) | Mark D. Collins (No. 2981) |
| Pauline K. Morgan (No. 3650) | Jason M. Madron (No. 4431) |
| Sean M. Beach (No. 4070) | One Rodney Square |
| Matthew B. Lunn (No. 4119) | 920 North King Street |
| Robert F. Poppiti, Jr. (No. 5052) | Wilmington, Delaware 19801 |
| The Brandywine Building | Telephone: (302) 651-7700 |
| 1000 West Street, 17th Floor | Facsimile: (302) 651-7701 |
| Wilmington, Delaware 19801 | |
| Telephone: (302) 571-6600 | Counsel to LBA Melville Associates |
| Facsimile: (302) 571-1253 | Dated: 2/25/2008 |
| Counsel for Debtors and Debtors in Possession | |
| Dated: 2/25/08 | |