**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------------------x
In re:                                                             :    Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             :    Case No. 07-11047 (CSS)
a Delaware Corporation, et al.,                                    :
                                                                   :    Jointly Administered
        Debtors.                                                   :
-------------------------------------------------------------------x
```

**VERIFIED STATEMENT OF LAW DEBENTURE TRUST
COMPANY OF NEW YORK, AS SUCCESSOR TRUSTEE
AND SUCCESSOR PROPERTY TRUSTEE, PURSUANT TO RULE
2019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Law Debenture Trust Company of New York ("Law Debenture") hereby makes the following verified statement (the "Statement"), pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure:

1. Law Debenture is a banking corporation and trust company organized under the laws of the State of New York, with a business address at 400 Madison Avenue, 4th Floor, New York, New York 10017.

**Successor Trustee**

2. Law Debenture serves as the Successor Trustee under the following Indentures (collectively, the "Indentures") pursuant to which either American Home Mortgage Investment Corp. or American Home Mortgage Holdings, Inc. (collectively, the "Issuers), as the case may be, issued certain Junior Subordinated Notes (collectively, the "Notes"):

   a. Amended and Restated Junior Subordinated Indenture between American Home Mortgage Investment Corp. and JPMorgan Chase Bank, National Association, as Trustee, Dated as of September 28, 2005 (the "September 2005 Notes");

      b.    Junior Subordinated Indenture between American Home Mortgage Holdings, Inc. and JPMorgan Chase Bank, National Association, as Trustee, Dated as of July 27, 2005 (the "July 2005 Notes");

      c.    Junior Subordinated Indenture between American Home Mortgage Holdings, Inc. and JPMorgan Chase Bank, National Association, as Trustee, Dated as of November 30, 2005 (the "November 2005 Notes"); and

      d.    Junior Subordinated Indenture between American Home Mortgage Holdings, Inc. and JPMorgan Chase Bank, National Association, as Trustee, Dated as of April 27, 2006 (the "April 2006 Notes").

3.    On August 6, 2007 (the "Petition Date"), the Issuers and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtors' Chapter 11 cases are being jointly administered.

4.    As of the Petition Date, the aggregate principal amount of the Notes outstanding, exclusive of accrued interest, fees and expenses, was as follows:

      a.    The September 2005 Notes in the amount of $52,746,454.02.

      b.    The July 2005 Notes in the amount of $52,746,454.02.

      c.    The November 2005 Notes in the amount of $52,696,335.97.

      d.    The April 2006 Notes in the amount of $51,986,697.69.

5.    Law Debenture became the Successor Trustee under the Indentures pursuant to four instruments of resignation, appointment and acceptance (collectively, the "Tri-party Agreements"), each dated as of October 29, 2007, by and among the Issuers, The Bank of New York Trust Company, N.A. ("BNY") (as successor to JPMorgan Chase Bank, National Association), as Resigning Trustee, and Law Debenture, as Successor Trustee.

6. The holders of the Notes (collectively, the "Holders") have claims that arose prior to the Petition Date as a result of the issuance by the Issuers of the Notes.

7. The amounts of the claims of the Holders and Law Debenture, as Successor Indenture Trustee, against the Issuers under the Indentures consist of the following:

    a. Regarding the September 2005 Notes, (i) principal in the amount of approximately $51,550,000.00; (ii) accrued pre-petition interest in the amount of approximately $1,196,454.02; (iii) interest accrued or accruing post-petition to the extent permitted by law; (iv) the fees and expenses of the Indenture Trustee, including the fees and disbursements of the Indenture Trustee's agents and counsel; and (v) all other amounts due or to become due to the holders of the September 2005 Notes and/or Indenture Trustee under the applicable indenture and the September 2005 Notes.

    b. Regarding the July 2005 Notes, (i) principal in the amount of approximately $51,550,000.00; (ii) accrued pre-petition interest in the amount of approximately $1,196,454.02; (iii) interest accrued or accruing post-petition to the extent permitted by law; (iv) the fees and expenses of the Indenture Trustee, including the fees and disbursements of the Indenture Trustee's agents and counsel; and (v) all other amounts due or to become due to the holders of the July 2005 Notes and/or Indenture Trustee under the applicable indenture and the July 2005 Notes.

    c. Regarding the November 2005 Notes, (i) principal in the amount of approximately $51,550,000.00; (ii) accrued pre-petition interest in the amount of approximately $1,146,335.97; (iii) interest accrued or accruing post-petition to the extent permitted by law; (iv) the fees and expenses of the Indenture Trustee, including the fees and disbursements of the Indenture Trustee's agents and counsel; and (v) all other amounts due or to become due to the holders of the November 2005 Notes and/or Indenture Trustee under the applicable indenture and the November 2005 Notes.

    d. Regarding the April 2006 Notes, (i) principal in the amount of approximately $51,545,000.00; (ii) accrued pre-petition interest in the amount of approximately $441,697.69; (iii) interest accrued or accruing post-petition to the extent permitted by law; (iv) the fees and expenses of the Indenture Trustee, including the fees and disbursements of the Indenture Trustee's agents and counsel; and

      (v) all other amounts due or to become due to the holders of the April 2006 Notes and/or Indenture Trustee under the applicable indenture and the April 2006 Notes.

8.   The Indentures are voluminous and, therefore, are not filed with this Statement. Copies of the Indentures are available upon written request to the undersigned counsel for Law Debenture.

**Successor Property Trustee**

9.   Additionally, Law Debenture serves as the Successor Property Trustee under the following Trust Agreements (collectively, the "Trust Agreements"):

  a.  Second Amended and Restated Trust Agreement among American Home Mortgage Investment Corp., as Depositor, JPMorgan Chase Bank, National Association, as Property Trustee, Chase Bank USA, National Association, as Delaware Trustee, and The Administrative Trustees Named Herein, as Administrative Trustees, Dated as of September 28, 2005 (the "Baylis Trust I");

  b.  Amended and Restated Trust Agreement among American Home Mortgage Holdings, Inc., as Depositor, JPMorgan Chase Bank, National Association, as Property Trustee, Chase Bank USA, National Association, as Delaware Trustee, and The Administrative Trustees Named Herein, as Administrative Trustees, Dated as of July 27, 2005 (the "Baylis Trust II");

  c.  Amended and Restated Trust Agreement among American Home Mortgage Holdings, Inc., as Depositor, JPMorgan Chase Bank, National Association, as Property Trustee, Chase Bank USA, National Association, as Delaware Trustee, and The Administrative Trustees Named Herein, as Administrative Trustees, Dated as of November 30, 2005 (the "Baylis Trust IV"); and

  d.  Amended and Restated Trust Agreement among American Home Mortgage Holdings, Inc., as Depositor, JPMorgan Chase Bank, National Association, as Property Trustee, Chase Bank USA, National Association, as Delaware Trustee, and The Administrative Trustees Named Herein, as Administrative Trustees, Dated as of April 27, 2006 (the "Baylis Trust V").

10. Law Debenture became the Successor Property Trustee under the Trust Agreements pursuant to four instruments of resignation, appointment and acceptance (collectively, the "Instruments"), each dated as of October 29, 2007, by and among:

    a.    American Home Mortgage Investment Corp., in its capacity as Depositor under the Trust Agreement, Taberna Capital Management LLC, in its capacity as the collateral manager to Taberna Preferred Funding II, Ltd. and Taberna Preferred Funding III, Ltd., the beneficial owners of the Preferred Securities hereinafter mentioned, BNY, in its capacity as the successor Property Trustee to JP Morgan Chase Bank, National Association under the Baylis Trust I;

    b.    American Home Mortgage Holdings, Inc., in its capacity as Depositor under the Trust Agreement, Taberna Capital Management LLC, in its capacity as the collateral manager to Taberna Preferred Funding II, Ltd. and Taberna Preferred Funding III, Ltd., the beneficial owners of the Preferred Securities hereinafter mentioned, BNY, in its capacity as the successor Property Trustee to JP Morgan Chase Bank, National Association under the Baylis Trust II;

    c.    American Home Mortgage Holdings, Inc., in its capacity as Depositor under the Trust Agreement, Taberna Capital Management LLC, in its capacity as the collateral manager to Taberna Preferred Funding II, Ltd. and Taberna Preferred Funding III, Ltd., the beneficial owners of the Preferred Securities hereinafter mentioned, BNY, in its capacity as the successor Property Trustee to JP Morgan Chase Bank, National Association under the Baylis Trust IV; and

    d.    American Home Mortgage Holdings, Inc., in its capacity as Depositor under the Trust Agreement, Kodiak CDO Management LLC, in its capacity as the collateral manager to Kodiak CDO I, Ltd. and Kodiak CDO II, Ltd., the beneficial owners of the Preferred Securities hereinafter mentioned, BNY, in its capacity as the successor Property Trustee to JP Morgan Chase Bank, National Association under the Baylis Trust V.

11. The holders of the preferred securities issued under the Trust Agreements (collectively, the "Preferred Security Holders") have claims that arose prior to the Petition

Date as a result of the issuance by the Issuers of the preferred securities pursuant to the Trust Agreements.

12. The amounts of the claims of the Preferred Security Holders and Law Debenture as the Successor Property Trustee against the Issuers under the Trust Agreements consist of the following:

    a. Regarding the Baylis I Trust and Preferred Securities issued thereunder, (i) principal in the amount of approximately $51,550,000.00; (ii) accrued pre-petition interest in the amount of approximately $1,196,454.02; (iii) interest accrued or accruing post-petition to the extent permitted by law; (iv) the fees and expenses of the Property Trustee, including the fees and disbursements of the Property Trustee's agents and counsel; and (v) all other amounts due or to become due to the holders of the preferred securities and/or Property Trustee under the applicable trust agreement and the Baylis I Trust;

    b. Regarding the Baylis II Trust and Preferred Securities issued thereunder, (i) principal in the amount of approximately $51,550,000.00; (ii) accrued pre-petition interest in the amount of approximately $1,196,454.02; (iii) interest accrued or accruing post-petition to the extent permitted by law; (iv) the fees and expenses of the Property Trustee, including the fees and disbursements of the Property Trustee's agents and counsel; and (v) all other amounts due or to become due to the holders of the preferred securities and/or Property Trustee under the applicable trust agreement and the Baylis II Trust;

    c. Regarding the Baylis IV Trust and Preferred Securities issued thereunder, (i) principal in the amount of approximately $51,550,000.00; (ii) accrued pre-petition interest in the amount of approximately $1,146,335.97; (iii) interest accrued or accruing post-petition to the extent permitted by law; (iv) the fees and expenses of the Property Trustee, including the fees and disbursements of the Property Trustee's agents and counsel; and (v) all other amounts due or to become due to the holders of the preferred securities and/or Property Trustee under the applicable trust agreement and the Baylis IV Trust; and

    d. Regarding the Baylis V Trust and Preferred Securities issued thereunder, (i) principal in the amount of approximately $51,545,000.00; (ii) accrued pre-petition interest in the amount of

approximately $441,697.69; (iii) interest accrued or accruing post-petition to the extent permitted by law; (iv) the fees and expenses of the Property Trustee, including the fees and disbursements of the Property Trustee's agents and counsel; and (v) all other amounts due or to become due to the holders of the preferred securities and/or Property Trustee under the applicable trust agreement and the Baylis V Trust.

13. The Trust Agreements are voluminous and, therefore, are not filed with this Statement. Copies of the Trust Agreements are available upon written request to the undersigned counsel for Law Debenture.

Dated: New York, New York
       February 26, 2008

PRYOR CASHMAN LLP

By: _/s/ Tina Niehold Moss_
    Tina Niehold Moss (TM7907)
    Gerald A. Gordon (GG1590)
    410 Park Avenue
    New York, New York  10022
    Telephone:  (212) 421-4100
    Facsimile:  (212) 798-6355

    Counsel to Law Debenture Trust Company of
    New York, as Successor Trustee and
    Successor Property Trustee

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------------x
In re:                                          :   Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,          :   Case No. 07-11047 (CSS)
a Delaware Corporation, et al.,                 :
                                                :   Jointly Administered
        Debtors.                                :
-----------------------------------------------------------------x
```

**DECLARATION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK, AS SUCCESSOR TRUSTEE AND SUCCESSOR PROPERTY TRUSTEE**

I, James D. Heaney, a Vice President of Law Debenture Trust Company of New York ("Law Debenture"), hereby declare, under penalty of perjury, that the representations in the foregoing Verified Statement of Law Debenture Trust Company of New York, as Successor Trustee and Successor Property Trustee, Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure, are true and correct to the best of my knowledge, information and belief.

Dated: New York, New York
       February 26, 2008

                                        LAW DEBENTURE TRUST COMPANY
                                        OF NEW YORK, as Successor Trustee and
                                        Successor Property Trustee


                                        By:  /s/ James D. Heaney
                                             James D. Heaney
                                             Vice President