# EXHIBIT 1

Third Post-Petition Advances Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **AMERICAN HOME MORTGAGE HOLDINGS, INC., et al.,** | ) ) ) | Case Nos. 07-11047 (CSS) |
| | ) | Jointly Administered |
| Debtors. | ) ) | |

**THIRD STIPULATION BETWEEN CERTAIN DEBTORS AND
ABN AMRO BANK N.V. REGARDING: (1) POST-PETITION ADVANCES;
(2) SERVICING PAYMENTS; AND (3) MORTGAGE LOAN REFINANCINGS**

American Home Mortgage Acceptance, Inc., American Home Mortgage Corp., American Home Mortgage Investment Corp., and American Home Mortgage Servicing, Inc. (collectively, the "AHM MRA Debtors") as chapter 11 debtors and debtors in possession on the one hand, and ABN AMRO Bank N.V. ("ABN") on the other hand (the AHM MRA Debtors and ABN, collectively, the "Parties"), hereby enter into this "Third Stipulation Between Certain Debtors and ABN AMRO Bank N.V. Regarding: Post-Petition Advances; (2) Servicing Payments; and (3) Loan Refinancings" (the "Third Post-Petition Advances Stipulation"), by and through their respective counsel of record, effective as of the date of entry of an order approving this Third Post-Petition Advances Stipulation, based upon the following Recitals.

### Recitals

1. On August 6, 2007 (the "Petition Date"), the Debtors[1] commenced voluntary cases (the "Bankruptcy Cases") under chapter 11 of Title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the

---

[1] The Debtors and Debtors in Possession are American Home Mortgage Holdings, Inc., American Home Mortgage Acceptance, Inc., American Home Mortgage Corp., American Home Mortgage Investment Corp., American Home Mortgage Servicing, Inc., American Home Mortgage Ventures LLC, Homegate Settlement Services, Inc., and Great Oak Abstract Corp. (individually, a "Debtor," and collectively, the "Debtors").

1

DB02:6557875.6                                                                                                                                066585.1001

District of Delaware (the "Court"). The Debtors remain in possession of their property and are managing their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. On August 14, 2007, the United States Trustee appointed an official committee of unsecured creditors.

2. On August 22, 2007, the AHM MRA Debtors and ABN entered into the "Stipulation Between Certain Debtors and ABN AMRO Bank N.V.; Order Thereon" (the "First Post-Petition Advances Stipulation"), pursuant to which, among other things, ABN agreed to fund certain Additional Mortgagor Advances in connection with the construction loans and the conventional mortgages (collectively, the "Mortgage Loans") that are the subject of the Master Repurchase Agreement, dated as of February 28, 2007, between the AHM MRA Debtors and ABN, and to fund certain Servicing Payments, as each of those capitalized terms are described and defined in the First Post-Petition Advances Stipulation. The Court entered its order approving the First Post-Petition Advances Stipulation on August 22, 2007 (docket no. 284).

3. On or about September 21, 2007, ABN and the AHM MRA Debtors entered into the "Stipulation Between Certain Debtors and ABN AMRO Bank N.V. Regarding Marketing and Sale of Certain Construction Loans and Servicing Rights; and Order Thereon" (the "Sale Procedures Stipulation"), pursuant to which, among other things, the AHM MRA Debtors and ABN agreed on the procedures under which the Mortgage Loans that were the subject of the Master Repurchase Agreement would be marketed and sold; (b) agreed that, upon entry of an order approving the Sale Procedures Stipulation, ABN would be obligated to pay the AHM MRA Debtors the ABN Payment (as defined in the Sale Procedures Stipulation) in the amount of $700,000, and (c) further agreed (as provided in paragraph 20 of the Sale Procedures Stipulation) that "upon . . . the ABN MRA Debtors' conveyance, transfer, quitclaim, release,

and/or turnover and delivery of possession of the Mortgage Loans and the Servicing Rights to ABN pursuant to paragraphs 12(b) or 17 [of the Sale Procedures Stipulation] . . . , ABN shall not retain, nor shall it assert, a claim or interest of any kind against or in the Debtors or the Debtors' bankruptcy estates under or with respect to the ABN MRA Agreements, the Mortgage Loans, or the Servicing Rights; provided, however, that notwithstanding the foregoing, ABN shall retain the right to pursue recovery of any of the ABN Advances (but not including Servicing Payments earned by the ABN MRA Debtors but then remaining unpaid) applied or used by any of the Debtors in any manner inconsistent with the ABN MRA Agreements, the ABN [First] Post-Petition Advances Stipulation, or the Advances Order, and the Debtors reserve the right to object to or contest the exercise of such retained right" (the "Waiver of Claims Provision").

4. On October 4, 2007, the Court entered its order approving the Sale Procedures Stipulation (docket no. 1176), and entered a related order approving the sales procedures (docket no. 1175).

5. An auction for the Mortgage Loans was scheduled for October 29, 2007. Only one bid for the Mortgage Loans was received by the Bid Deadline from a Qualified Bidder, and the Debtors filed a notice with the Court cancelling the auction (docket no. 1695), and notified the parties.

6. Paragraphs 17 and 18 of the Sale Procedures Stipulation provided that if there were no Qualified Bidder for the Mortgage Loans, or if ABN exercised its right to notify the AHM MRA Debtors not to accept the Successful Bid at the Auction, then: (a) ABN would pay to AHM the $700,000 ABN Payment; and (b) within twenty business days of the Bid Deadline or such later date that the parties might agree to, the AHM MRA Debtors would

transfer, convey and turn over to ABN all of the AHM MRA Debtors' rights in and to the Mortgage Loans.

7. On November 8, 2007, ABN made the ABN Payment.

8. On December 3, 2007, ABN and the AHM MRA Debtors entered into the "Second Stipulation Between Certain Debtors and ABN AMRO Bank N.V. Regarding Post-Petition Advances and Sale of Construction Loan Portfolio; Order Thereon" (the "Second Post-Petition Advances Stipulation"), pursuant to which the AHM MRA Debtors agreed to use commercially reasonable efforts to keep in place the construction loan servicing group to service the Mortgage Loans through March 31, 2008, and ABN agreed to continue making Additional Mortgagor Advances in an amount up to $70 million and to make Servicing Payments as provided in the budget attached to the Second Post-Petition Advances Stipulation.

9. On December 12, 2007, the Court entered its "Order Approving Second Stipulation Between Certain Debtors and ABN AMRO Bank N.V. Regarding Post-Petition Advances and Sale of Construction Loan Portfolio; Order Thereon," (docket no. 2355) approving the Second Post-Petition Advances Stipulation.

10. Due to regulatory issues delaying ABN's request that the AHM MRA Debtors turnover their rights in and to the Mortgage Loans to ABN as provided in the Sale Procedures Stipulation and Second Post-Petition Advances Stipulation, ABN has requested that the Debtors keep the construction loan servicing group in place through June 30, 2008 to service the remaining Mortgage Loans, and to offer certain refinancing incentives to the borrowers under those Mortgage Loans at ABN's expense, and the Debtors have agreed to do so subject the terms of this Third Post-Petition Advances Stipulation and approval thereof by the Court.

11. Attached hereto as Exhibit A and incorporated herein by reference is the Debtor's budget for the servicing of the Debtors' construction loan portfolio for second quarter of calendar 2008 (the "2008 Budget").

12. Based upon the foregoing, the Parties hereby stipulate and agree as follows.

### Agreements

13. Each of the Recitals contained in (i) paragraphs 2 through 10 of the First Post-Petition Advances Stipulation, (ii) paragraphs 2 through 9 of the Sale Procedures Stipulation, and (iii) paragraphs 2 through 9 of the Second Post-Petition Advances Stipulation are incorporated herein by this reference, and, unless amended herein, the Agreements contained in those three stipulations shall remain in full force and effect.

14. Paragraph 12 of the First Post-Petition Advances Stipulation is hereby amended to increase the reference therein from "$32 million" to "$70 million" (the same $70 million amount that governed the Second Post-Petition Advances Stipulation). ABN shall continue to fund certain Additional Mortgagor Advances and Servicing Payments (as such terms are defined in the First Post-Petition Advances Stipulation) in connection with the Mortgage Loans in accordance with the terms of the First Post-Petition Advances Stipulation and the Second Post-Petition Advances Stipulation.

15. ABN shall pay its pro-rata share of the 2008 Budget amounts, as the term "pro-rata" is used in the first Post-Petition Advances Stipulation, on the same terms as provided for payment of the Budget amounts in the First Post-Petition Advances Stipulation.

16. The Debtors shall use commercially reasonable efforts to keep in place the construction loan servicing group to service the Mortgage Loans through June 30, 2008.

provided, that, ABN (i) continues to make Additional Mortgagor Advances and Servicing Payments in accordance with the provisions of the First Post-Petition Advances Stipulation and the Second Post-Petition Advances Stipulation; and (ii) that nothing herein shall nullify or otherwise effect the Waiver of Claims Provision pursuant to paragraph 15 of the Second Post-Petition Advances Stipulation.

17. ABN shall fund all of the Debtors' obligations under a new stay and incentive bonus plan, the terms of which are described in this Stipulation (the "Bonus Plan"), for the employees working in the construction loan servicing group (the "Construction Loan Employees"), in an amount not to exceed $450,000 (the "Bonus Pool"), which Bonus Plan is designed to motivate the Construction Loan Employees to negotiate and effectuate compromises of the (i) Mortgage Loans and (ii) the construction loans the Debtors received the authority to compromise by Order dated February 1, 2008 (docket no. 2860) (the "Construction Loans").

18. Under the incentive portion of the Bonus Plan, the Construction Loan Employees will be entitled to receive payments from the Bonus Pool if the following milestones are reached: (i) a 60% reduction of the aggregate unpaid principal balance ("UPB") of the Mortgage Loans and the Construction Loans (the "60% Milestone"); (ii) a 80% reduction of the aggregate UPB of the Mortgage Loans and the Constructions Loans (the "80% Milestone"); and (iii) a 90% reduction of the aggregate UPB of the Mortgage Loans and the Construction Loans (the "90% Milestone"). The aggregate UPB of the Mortgage Loans for purposes of determining the 60% Milestone, 80% Milestone and the 90% Milestone shall be the aggregate UPB of the Mortgage Loans and the Construction Loans as of close of business on February 8, 2008.

19. If the 60% Milestone is reached, the Construction Loan Employees, other than Karen Gowins, will be entitled to receive 10% of their allocated portion of the Bonus Pool

for the incentive portion of the Bonus Plan. If the 60% Milestone is reached, Karen Gowins will be entitled to receive 20% of her allocated portion of the Bonus Pool for the incentive portion of the Bonus Plan.

20. If the 80% Milestone is reached, the Construction Loan Employees, other than Karen Gowins, will be entitled to receive 15% of their allocated portion of the Bonus Pool for the incentive portion of the Bonus Plan. If the 80% Milestone is reached, Karen Gowins will be entitled to receive 30% of her allocated portion of the Bonus Pool for the incentive portion of the Bonus Plan.

21. If the 90% Milestone is reached, the Construction Loan Employees, other than Karen Gowins, will be entitled to receive 25% of their allocated portion of the Bonus Pool for the incentive portion of the Bonus Plan. If the 90% Milestone is reached, Karen Gowins will be entitled to receive 50% of her allocated portion of the Bonus Pool for the incentive portion of the Bonus Plan.

22. Under the stay portion of the Bonus Plan, the Construction Loan Employees, other than Karen Gowins, will be entitled to receive their allocated portion of the Bonus Pool provided that they remain employed by the Debtors, and they are not terminated for cause by the Debtors, through the earlier of June 30, 2008 or the date each of the Mortgage Loans and Construction Loans are compromised or the Debtors determine that no additional Mortgage Loans and Construction Loans will be compromised.

23. In the event (i) the AHM MRA Debtors are unable to keep in place the construction loan servicing group through June 30, 2008 or the completion of the compromises of all the Mortgage Loans and Construction Loans, or (ii) ABN exercises its rights in and to the Mortgage Loans to request the turnover of the AHM MRA Debtors' rights in and to the

Mortgage Loans to ABN as provided in paragraphs 17 and 18 of the Sale Procedures Stipulation (as modified by the Second Post-Petition Advances Stipulation) prior to June 30, 2008 or the completion of the compromises of all the Mortgage Loans and Construction Loans, ABN shall be obligated for the pro-rated portion of the Bonus Pool related to the incentive portion of the Bonus Plan and 100% of the portion of the Bonus Pool related to the stay portion of the Bonus Plan. For example, if only a 30% reduction of the UPB of the Mortgage Loans and the Construction Loans has been obtained, ABN will be obligated to fund ½ of the Bonus Pool allocated to the 60% Milestone and 100% of the Bonus Pool allocated to the stay portion of the Bonus Plan.

24. The turnover of the AHM MRA Debtors' rights in and to the Mortgage Loans to ABN as provided in paragraphs 17 and 18 of the Sale Procedures Stipulation shall: (a) be conditioned upon ABN's performance of each of the payment obligations contained in the First and Second Post-Petition Advances Stipulations and this Third Post-Petition Advances Stipulation, and (b) occur on the first business day that is fifteen calendar days after ABN provides written notice to the AHM MRA Debtors and their counsel that it has obtained an acceptable substitute servicer and/or transferee (or such later date as the AHM MRA Debtors and ABN may mutually agree to), and upon such transfer and substitution of servicer, ABN shall no longer be obligated to make any further Servicing Payments. In the event the AHM MRA Debtors are unable to keep in place the construction loan servicing group to service the Mortgage Loans despite their reasonably commercial efforts to keep the construction loan servicing group in place, then the AHM MRA Debtors shall provide written notice (in advance of discontinuing service, but only if practicable) to ABN of the last day they will be servicing the Mortgage Loans (after which the AHM MRA Debtors shall have no obligation to service the Mortgage Loans),

and the parties thereupon shall effectuate the conveyance, transfer, quitclaim, release, and/or turnover and delivery of possession of the Mortgage Loans and the Servicing Rights to ABN.

25. On the date the Debtors convey, transfer, quit claim, release and/or turnover and deliver possession of the Mortgage Loans and Servicing Rights to ABN pursuant to the terms of the Third Post-Petition Advances Stipulation, ABN shall not retain, nor shall it assert, a claim or interest of any kind against or in the Debtors or the Debtors' bankruptcy estates under or with respect to the ABN MRA Agreements, the Mortgage Loans, or the Servicing Rights; provided, however, that notwithstanding the foregoing, ABN shall retain the right to pursue recovery of any of the ABN Advances (but not including Servicing Payments earned by the ABN MRA Debtors but then remaining unpaid) applied or used by any of the Debtors in any manner inconsistent with the ABN MRA Agreements, the First Post-Petition Advances Stipulation, the Advances Order, the Second Post-Petition Advances Stipulation or the Third Post-Petition Advances Stipulation, and the Debtors reserve the right to object to or contest the exercise of such retained right.

26. ABN authorizes and requests that the Debtors offer principal reductions and similar incentives to borrowers under the Mortgage Loans to encourage such borrowers to refinance their loans with other lenders such incentives to be agreed upon between the Debtors and ABN, and all such incentives, in whatever form, to be entirely a cost of ABN and not the Debtors or their estates. Upon the closing of any such refinancing of a Mortgage Loan and the distribution of the net proceeds thereof to ABN, the releases and waivers of claims contained in the Waiver of Claims Provision (referred to in Paragraph 3 herein) shall immediately apply to each such refinanced Mortgage Loan.

27. Upon completion of the compromise of all the Mortgage Loans and the Construction Loans or determination by the Debtors that no other Mortgage Loans or Construction Loans will be compromised, the Debtors will file a report (the "Report"). The Report will identify (i) each Mortgage Loan or Construction Loan by loan number that has been compromised, (ii) the amount of the unpaid principal balance as of the date of compromise of each compromised Mortgage Loan or Construction Loan, and (iii) the amount of the compromised unpaid principal balance of each Mortgage Loan or Construction Loan. ABN consents to the Debtors filing the Report and, if requested, will support a request by the Debtors to the filing of the Report under seal.

28. This Third Post-Petition Advances Stipulation is subject to approval by the Court.

29. The Debtors reserve the right to withdraw consideration of the Third Post-Petition Advances Stipulation at any time and in their sole discretion.

30. This Third Post-Petition Advances Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

31. The Parties hereto represent and warrant to each other that, subject to entry of an order approving this Third Post-Petition Advances Stipulation, they are authorized to execute this Third Post-Petition Advances Stipulation, each has full power and authority to enter into and perform in accordance with the terms of this Third Post-Petition Advances Stipulation, and this Third Post-Petition Advances Stipulation is duly executed and delivered and constitutes a valid and binding agreement in accordance with its terms.

32. This Third Post-Petition Advances Stipulation shall become effective immediately upon entry of an order approving the Third Post-Petition Advances Stipulation.

Dated: February 13, 2008
Wilmington, Delaware

ABN AMRO BANK N.V.,
by its counsel,

MILBANK, TWEED, HADLEY &
McCLOY LLP
Gregory A. Bray
Robert Jay Moore
Fred Neufeld
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063

and

RICHARDS, LAYTON & FINGER, P.A.

*/s/*

Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
One Rodney Square,
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

AMERICAN HOME MORTGAGE
ACCEPTANCE, INC., AMERICAN HOME
MORTGAGE CORP., AMERICAN HOME
MORTGAGE INVESTMENT CORP.,
AMERICAN HOME MORTGAGE
SERVICING, INC., by their counsel,

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/*

M. Blake Cleary (No. 3614)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

# EXHIBIT A

## 2008 Budget

**Exhibit A**
**American Home Mortgage**
CTP Group Budget per the Third Stipulation Between Certain Debtors and ABN AMRO Bank N.V.

|  | Jan-08 | Feb-08 | Mar-08 | Apr-08 | May-08 | Jun-08 |
|---|---|---|---|---|---|---|
| **Projected Expenses** | | | | | | |
| Inspections | $ 9,700 | $ 5,700 | $ 6,500 | $ 6,300 | $ 5,100 | $ 2,400 |
| Title Updates | 6,305 | 3,705 | 4,225 | 4,095 | 3,315 | 1,560 |
| Data Processing | 600 | 600 | 600 | 600 | 600 | 600 |
| Overnight & Postage | 150 | 150 | 100 | 100 | 75 | 50 |
| Facilities | 0 | 0 | 0 | 0 | 0 | 0 |
| Salaries | 76,918 | 70,125 | 63,333 | 63,333 | 63,333 | 63,333 |
| EIP Bonus[1] | 0 | 77,350 | 40,600 | 75,000 | 67,000 | 45,000 |
| Benefits | 6,000 | 6,000 | 5,000 | 5,000 | 5,000 | 4,500 |
| Misc | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 |
| Total Expenses | $104,673 | $168,630 | $125,358 | $159,428 | $149,423 | $122,443 |

1) *Subject to confirmation of targets being obtained and funding has occurred by AHM.*