**IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| American Home Mortgage,          ) | Case No. 07-11047 CSS |
|     et al.,                                    ) | Chapter 11 |
|                                     ) | Jointly Administered |
|                                     ) | Hearing: March 27, 2008 @ 11:00 a.m. |
| Debtors.                          ) | Response date: March 20, 2008 |

**CITIMORTGAGE INC.'S MOTION FOR RELIEF FROM
THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 (d) (1)
AS TO 2661 OASIS STREET, IMPERIAL, CA 92251**

NOW COMES Citimortgage, Inc., by and through its attorneys, Whittington & Aulgur, and moves the Court for an Order granting relief from the Automatic Stay of 11 U.S.C. §362 upon the following grounds:

JURISDICTION

1.    The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 11 U.S.C. §157 and 11 U.S.C. §362.

CLAIM FOR RELIEF

2.    Citimortgage, Inc. (hereinafter "Citimortgage") is a corporation located Coppell, Texas.

3.    On August 6, 2007 a Chapter 11 Petition initiating this proceeding was filed by the Debtors.

4.    On October 12, 2006, non-filing borrower, Beatriz Avila, (hereinafter "Borrower") executed and delivered a Deed of Trust (hereinafter "DOT 1") in the principle sum of $296,793.00 unto Mortgage Electronic Registration Systems, Inc. as nominee for the Lender, Debtor, American Home Mortgage. Said DOT 1 created a lien upon the property therein mentioned, 2661 Oasis St., Imperial, CA 92251 (hereinafter the

"Property") all of which is on record in the Imperial County Recorder's Office.  A copy of said DOT is attached hereto as Exhibit 'A".  On the same date the Borrower executed a Note, a copy of which is attached hereto as Exhibit "B".

5. On July 27, 2007 an Assignment of Deed of Trust executed by Mortgage Electronic Registration Services Inc. as nominee for American Home Mortgage, was recorded which assigned and transferred the DOT 1 to Movant, Citifinancial, as reflected in the Commitment for Title Insurance, pertinent portions of which are attached hereto as Exhibit "C".

6. On October 11, 2006 Borrower executed and delivered another Deed of Trust (hereinafter "DOT 2") in the principle sum of $74,198.00 unto the Beneficiary, Debtor, American Home Mortgage.  Said DOT 2 created a lien in second position on the Property as set forth in the Commitment for Title Insurance, Exhibit "C".  Upon information and belief the Debtor still holds this DOT 2.

7. Debtors have no ownership interest in the Property, and their lien, if any, is subordinate to Movant's.

8. At present, Borrower is contractually delinquent and Movant seeks to exercise its contractual rights and remedies with respect to the DOT 1.

9. The payoff amount on the subject DOT 1 is approximately $318,692.12. The Property has an estimated assessed value of approximately $339,000 as set forth on the Property Inquiry attached hereto as Exhibit "D".  After taking into account costs of sale and DOT 2 with a principal amount of $74,198 there is no equity in the Property.

10. Any potential equity would not benefit the Debtors' Estate since the Debtor holds no ownership interest in the Property and the Property is not necessary for the Debtors' reorganization.

11. The continuation of the Automatic Stay of 11 U.S.C. §362 will work real and irreparable harm upon Movant and therefore cause exists to vacate the stay to permit Movant to exercise its non-bankruptcy contractual rights and remedies against Borrower and the Property.

WHEREFORE, Citifinancial, Inc. hereby moves for an Order pursuant to 11 U.S.C. §362 (d) (1) terminating the Automatic Stay for cause.

WHITTINGTON & AULGUR

/s/ Kristi J. Doughty
Robert T. Aulgur, Jr.(No.165)
Kristi J. Doughty(No. 3826)
651 N. Broad Street, Suite 206
P.O. Box 1040
Middletown, DE 19709-1040
(302) 378-1661
Attorney for Movant

Dated: 2/29/08