**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | **Objection Deadline: March 20, 2008 at 4:00 p.m. (ET)** |

**NOTICE OF FILING OF SETTLEMENT AGREEMENT PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019**

TO: (I) THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (II) COUNSEL TO THE COMMITTEE; (III) COUNSEL TO THE DEBTORS' POSTPETITION LENDER; AND (IV) ALL PARTIES ENTITLED TO NOTICE UNDER DEL. BANKR. LR 2002-1(B)

**PLEASE TAKE NOTICE** that, in accordance with the Order Pursuant to Bankruptcy Rule 9019 and Section 105 of the Bankruptcy Code, Authorizing the Debtors to Adopt and Implement Omnibus Settlement Procedures for Notice and Settlement of Certain State Court Causes of Action Filed By the Debtors [Docket No. 2209] (the "Order"),[2] the Debtors in the above captioned bankruptcy cases have filed (i) the Settlement Agreement, Release and Pro Rata Discharge by and between American Home Mortgage Corp. and Paradise Bay Condos, LLC, HMI Property Company Limited Partners, and Vibra Construction, LLC, a/k/a Elite Crete Midsouth, attached hereto as Exhibit B, which settles certain causes of action for the amount of $30,000 and (ii) the Settlement Agreement, Release and Pro Rata Discharge by and between

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] A copy of the Order is attached hereto as Exhibit A.

American Home Mortgage Corp. and Investment Management Services and Richard Gray, attached hereto as Exhibit C, which settles certain causes of action for the amount of $10,000 (together, the "Settlements").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, any objections or responses are to be filed on or before **March 20, 2008 at 4:00 p.m. (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801 and served upon each of the following parties so as to be received on or before the Objection Deadline: (i) the Office of the United States Trustee, (ii) counsel to the Debtors, (iii) counsel to the Committee, (iv) counsel to the Debtors' Postpetition Lender, and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b).

**PLEASE TAKE FURTHER NOTICE** that if an objection or response is not filed by the Objection Deadline, the Debtors will file a certificate of no objection after which the Settlements shall be deemed approved pursuant to Bankruptcy Rule 9019, section 105 of the Bankruptcy Code, and the terms set forth in the Order without further order from the Court.

Dated: Wilmington, Delaware
February 29, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline Morgan (No. 3650)
Matthew B. Lunn (No. 4119)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Debtor and Debtor-in-Possession

# **EXHIBIT A**

**Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-11047 (CSS) |
| | : | Jointly Administered |
| Debtors. | : | **Ref. Docket No.: 1916** |

**ORDER, PURSUANT TO BANKRUPTCY RULE 9019 AND SECTION 105 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO ADOPT AND IMPLEMENT OMNIBUS SETTLEMENT PROCEDURES FOR NOTICE AND SETTLEMENT OF CERTAIN STATE COURT CAUSES OF ACTION FILED BY THE DEBTORS**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to adopt and implement the omnibus Settlement Procedures for the notice and settlement of Affirmative Cases; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefore; it is hereby

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, in their sole discretion, to settle Affirmative Cases pursuant to the Settlement Procedures set forth below:

a. The Debtors may negotiate, compromise or settle any Affirmative Cases. The Debtors shall file notice of the proposed settlement along with a copy of the proposed settlement agreement (the "Settlement Notice") and serve same on (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the Debtors' Postpetition Lender; and (iv) all parties entitled to notice under Del. Bankr. LR 2002-1(b) (collectively, the "Notice Parties");

b. Objections must be filed with the Bankruptcy Court and served upon counsel to the Debtors and the Notice Parties so as to be received on or before twenty (20) days or such later date agreed to by the Debtors (the "Notice Period") after service of the Settlement Notice;

c. If no objection to the proposed settlement is filed and served within the Notice Period, then the Debtors shall file with the Bankruptcy Court a certificate of no objection after which the proposed settlement shall be deemed approved pursuant to Bankruptcy Rule 9019 and section 105 of the Bankruptcy Code;

d. If an objection is received from one or more of the Notice Parties, during the Notice Period the Debtors shall not proceed with the proposed settlement unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the settlement by separate order entered after the Debtors file a motion and notice;

e. With respect to a proposed settlement reached and approved pursuant to the Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing.

f. The Debtors shall use good-faith efforts to timely respond to informal requests for information from Notice Parties relating to settlements proposed under the Settlement Procedures.

and it is further

ORDERED that nothing contained in this Order is intended to abrogate or otherwise affect the jurisdiction of courts in which Affirmative Cases are pending; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Date: Wilmington, Delaware
November 28, 2007

Christopher S. Sontchi
United States Bankruptcy Judge

# EXHIBIT B

**SETTLEMENT AGREEMENT,**
**RELEASE AND PRO RATA DISCHARGE**

This settlement agreement, release and pro rata discharge ("Agreement") is entered into as of February 27, 2008, by and between American Home Mortgage Corp. ("AHMC") and Paradise Bay Condos LLC, HMI Property Company Limited Partners, and Vibra Construction, LLC, a/k/a Elite Crete Midsouth (collectively, "Seller Defendants"):

WHEREAS, AHMC provided financing to four purchasers in four real estate transactions ("the Transactions");

WHEREAS, the Seller Defendants were sellers on the four properties that gave rise to the Transactions;

WHEREAS, AHMC is the current owner of the following loans on units located at 1380 Airport Road, Hot Springs, AK ("AHMC Loans"), which arose out of the Transactions:

| Loan Numbers | Borrower | Unit | Loan amounts |
|---|---|---|---|
| 1376581 and 1377294 | Janet Wilson | E-4 | $321,300 + $137,700 = $459,000 |
| 1365604 and 1367455 | Phong Tien | D-2 | $408,750 + 136,250 = $545,000 |
| 1364486 and 1364709 | Setoa Teo | D-1 | $412,500 + $125,000 = $537,500 |
| 1366422 | Philip Smith | E-1 | $163,500 |

WHEREAS, AHMC has filed suit against the Seller Defendants and others in the action styled, *American Home Mortgage Corp. v. Brown Appraisal Services, Inc., et al.*, No. 06-6073 (USDC W. D. Ark.) ("the Litigation"), seeking damages in connection with the AHMC Loans;

WHEREAS, on August 6, 2007, AHMC filed for bankruptcy protection in the Bankruptcy Court for the District of Delaware. The various petitions filed on behalf of the American Home entities are being jointly administered under *In re American Home Mortgage Holdings, Inc.*, No. 07-11047 (D. Del.);

WHEREAS, the Seller Defendants deny all of the allegations and claims made against them; and

WHEREAS, AHMC and the Seller Defendants mutually desire to resolve their disputes without further litigation on the terms and conditions set forth herein;

NOW, THEREFORE, it is hereby agreed as follows:

1. Upon the execution of this Agreement, AHMC shall submit the settlement agreement to the Bankruptcy Court for approval.

2. Within ten (10) days after AHMC represents to the Seller Defendants in writing that Agreement has been filed with the Bankruptcy Court and that it has been either approved or not objected to within the period of time allowed, the Seller Defendants shall pay to AHMC the sum of Thirty Thousand and 00/100 Dollars ($30,000.00), in full settlement of all claims AHMC has raised or could have raised against the Seller Defendants with respect to the AHMC Loans.

3. The Seller Defendants agree to be deposed by AHMC upon reasonable notice through the service of a notice of deposition delivered to their respective counsel and without the necessity of personal service of a subpoena for their testimony.

4. AHMC hereby forever releases, acquits and discharges the Seller Defendants, their shareholders, officers, directors, employees, attorneys, insurers and independent contractors, specifically including but not limited to Reggie Gibson, Brad Holmes, and Harold Ives, of and from any and all claims, known or unknown, past, present or future, arising from or relating to the AHMC Loans, specifically including but not limited to all claims that are raised or could have been raised in the Litigation. Similarly, the Seller Defendants, their shareholders, officers, directors, employees, attorneys, insurers, and independent contractors, specifically including but not limited to Reggie Gibson, Brad Holmes, and Harold Ives, forever release, acquit and discharge AHMC and its shareholders, officers, directors, employees, attorneys, insurers and independent contractors from any and all claims, known and unknown, past, present or future, arising from or relating to the AHMC Loans.

5. Pursuant to Ark. Code Ann. § 16-61-202, it is the intent of this release and pro rata discharge to fully and completely release the liability of the Seller Defendants and to protect the Seller Defendants from contribution claims by non-settling joint tortfeasors. It is further agreed by the parties hereto that it is the intent of this Agreement to comply with the provisions of the Uniform Contribution Among Joint Tortfeasors Act (Act 315 of 1941), Ark. Code Ann. §16-61-201, et seq., and specifically Ark. Code Ann. §16-61-205, so as to provide for a reduction, to the extent of the pro rata share of the released tortfeasor, of AHMC's damages recoverable against all other tortfeasors, but this discharge does not otherwise affect AHMC's claims against the non-settling tortfeasors.

6. Following the receipt of the payment set forth in Paragraph 2, AHMC agrees to effect the entry of a stipulated dismissal with prejudice of the Litigation as to the Seller Defendants in the form attached as Exhibit A.

7. The parties acknowledge that this Agreement is given in conjunction with a settlement of disputed claims, and this Agreement and the undertakings recited herein

are not, and are not to be construed to be, an admission of liability by any party, each of whom expressly denies liability. This Agreement shall be binding upon and inure to the benefit of all heirs, successors, and assigns, and all parent, subsidiary and affiliated corporations and limited liability companies of any and all named parties to this Agreement. This Agreement is contractual and shall be governed by the laws of the State of Arkansas.

8. AHMC and the Seller Defendants hereby warrant and represent that each of them has caused to be read the terms of this Agreement and fully understands its terms and its effect and consequences. AHMC and the Seller Defendants further warrant and represent that each has had access to counsel and has been advised by counsel regarding the terms, effect and consequences of this agreement. AHMC and the Seller Defendants each warrant and represent that they have entered into this Agreement freely and voluntarily and without duress or undue influence and that this Agreement constitutes the entire agreement and understanding among and between AHMC and the Seller Defendants and supersedes any and all prior or contemporaneous representations, negotiations, understandings, or agreements, whether written or oral.

9. This Agreement may be executed in counterparts, and facsimile signatures shall be treated as originals.

AGREED AND ENTERED INTO as of the date hereinabove first written.

American Home Mortgage Corp~~oration~~

By: ____________________

Title: SVP

Paradise Bay Condos LLC

By: ____________________

Title: Managing Member

HMI Property Company Limited Partners

By: ____________________

Title: Agent

Vibra Construction, LLC, a/k/a Elite Crete Midsouth

By: ____________________

Title: Owner

F:\98077\061\Settlement Documents\Seller Settlement.revised.doc

IN THE UNITED STATES DISTIRCT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

AMERICAN HOME MORTGAGE GROUP PLAINTIFF

v. No. 06-6073

BROWN APPRAISAL SERVICES, INC., et al. DEFENDANTS

**STIPULATED DISMISSAL WITH PREJUDICE AS TO DEFENDANTS PARADISE BAY CONDOS LLC, HMI PROPERTY COMPANY LIMITED PARTNERS, AND VIBRA CONSTRUCTION, LLC, A/K/A ELITE CRETE MIDSOUTH**

Pursuant to Fed. R. Civ. P. 41(a), and on stipulation of the affected parties, as evidenced by the signatures of their counsel below, the plaintiff's complaint against defendants Paradise Bay Condos LLC, HMI Property Company Limited Partners, and Vibra Construction, LLC, a/k/a Elite Crete Midsouth, is hereby dismissed with prejudice, with each party bearing its own costs and attorneys' fees.

SO STIPULATED:

| | |
|---|---|
| NEWELL & HARGRAVES<br>211 Hobson Avenue<br>Hot Springs, AR 71913<br>(501) 321-2222<br>FAX (501) 372-6025<br><br>By:__________<br>C. Burt Newell (82118)<br><br>Attorneys for Plaintiff | HURST, MORRISSEY & HURST, PLLC<br>213 Woodbine Street<br>Hot Springs, Arkansas 71901<br>(501) 623-2565<br>Fax: (501) 623-9391<br><br>By:__________<br>Travis Morrissey, Esq.<br><br>Attorneys for Paradise Bay Condos LLC |


| HURST, MORRISSEY & HURST, PLLC<br>213 Woodbine Street<br>Hot Springs, Arkansas 71901<br>(501) 623-2565<br>Fax: (501) 623-9391<br><br>By: ______________________<br>Travis Morrissey, Esq.<br><br>Attorneys for HMI Property Company Limited Partners | ALLISON LAW FIRM, P.A.<br>1501 N. University Ave., Suite 205<br>Little Rock, Arkansas 72207<br>(501) 664-2300<br>Fax: (501) 375-0231<br><br>By: ______________________<br>William P. Allison, Esq.<br><br>Attorneys for Vibra Construction, LLC, a/k/a Elite Crete Midsouth |
|---|---|

**SO ORDERED:**

**Dated:** ______________________

______________________
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT C**

**SETTLEMENT AGREEMENT,**
**RELEASE AND PRO RATA DISCHARGE**

This settlement agreement, release and pro rata discharge ("Agreement") is entered into as of February 27, 2008, by and between plaintiff American Home Mortgage Corp. ("AHMC") and defendants Investment Management Services ("IMS") and Richard Gray (collectively, "IMS Defendants"):

WHEREAS, AHMC provided financing to four purchasers in four real estate transactions ("the Transactions");

WHEREAS, the IMS Defendants were involved in the recruitment of the borrowers on the four properties that gave rise to the Transactions;

WHEREAS, AHMC is the current owner of the following loans on units located at 1380 Airport Road, Hot Springs, AK ("AHMC Loans"), which arose out of the Transactions:

| Loan Numbers | Borrower | Unit | Loan amounts |
|---|---|---|---|
| 1376581 and 1377294 | Janet Wilson | E-4 | $321,300 + $137,700 = $459,000 |
| 1365604 and 1367455 | Phong Tien | D-2 | $408,750 + 136,250 = $545,000 |
| 1364486 and 1364709 | Setoa Teo | D-1 | $412,500 + $125,000 = $537,500 |
| 1366422 | Philip Smith | E-1 | $163,500 |

WHEREAS, AHMC has filed suit against the IMS Defendants and others in the action styled, *American Home Mortgage Corp. v. Brown Appraisal Services, Inc., et al.*, No. 06-6073 (USDC W. D. Ark.) ("the Litigation"), seeking damages in connection with the AHMC Loans;

WHEREAS, on August 6, 2007, AHMC filed for bankruptcy protection in the Bankruptcy Court for the District of Delaware. The various petitions filed on behalf of the American Home entities are being jointly administered under *In re American Home Mortgage Holdings, Inc.*, No. 07-11047 (D. Del.);

WHEREAS, the IMS Defendants deny all of the allegations and claims made against them; and

WHEREAS, AHMC and the IMS Defendants mutually desire to resolve their disputes without further litigation on the terms and conditions set forth herein;

NOW, THEREFORE, it is hereby agreed as follows:

1. Upon the execution of this Agreement, AHMC shall submit the settlement agreement to the Bankruptcy Court for approval.

2. On or before April 1, 2008, the IMS Defendants shall pay to AHMC the sum of Twenty Thousand and 00/100 Dollars ($20,000.00), in full settlement of all claims AHMC has raised or could have raised against the IMS Defendants with respect to the AHMC Loans.

3. The IMS Defendants further agree to execute in conjunction with this Agreement, and to have their counsel execute, the attached Stipulation for Entry of Judgment form, Exhibit A attached hereto. Upon a failure by the IMS Defendants to make the payment required by paragraph 2 of this Agreement, or upon the payment, or any portion thereof, being returned because of insufficient funds or otherwise, the IMS Defendants shall be in default under this Agreement. If the IMS Defendants are in default under this Agreement, the IMS Defendants agree that AHMC may immediately, and without notice to the IMS Defendants or to their counsel, file the attached Stipulation for Entry of Judgment form reflecting the total judgment of $30,000.00. The IMS Defendants shall have no right to challenge or contest the entry of judgment except on the basis that AHMC was not entitled to file the Stipulation for Entry of Judgment form based on the fact that payment was, in fact made. The IMS Defendants further agree to pay AHMC its costs and attorney's fees incurred in connection with any efforts to collect on the Stipulation for Entry of Judgment.

4. The IMS Defendants agree to be deposed by AHMC in connection with any remaining claims in the Litigation upon reasonable notice through the service of a notice of deposition delivered to their respective counsel and without the necessity of personal service of a subpoena for their testimony.

5. AHMC hereby forever releases, acquits and discharges the IMS Defendants, their shareholders, officers, directors, employees, attorneys, insurers and agents, specifically including but not limited to Richard Gray, of and from any and all claims, known or unknown, past, present or future, arising from or relating to the AHMC Loans, specifically including but not limited to all claims that are raised or could have been raised in the Litigation. Similarly, the IMS Defendants, their shareholders, officers, directors, employees, attorneys, insurers, and agents, specifically including but not limited to Richard Gray, forever release, acquit and discharge AHMC and its shareholders, officers, directors, employees, attorneys, insurers and agents from any and all claims, known and unknown, past, present or future, arising from or relating to the AHMC Loans.

6. Pursuant to Ark. Code Ann. § 16-61-202, it is the intent of this release and pro rata discharge to fully and completely release the liability of the IMS Defendants and to protect the IMS Defendants from contribution claims by non-settling joint tortfeasors. It is further agreed by the parties hereto that it is the intent of this Agreement to comply

with the provisions of the Uniform Contribution Among Joint Tortfeasors Act (Act 315 of 1941), Ark. Code Ann. §16-61-201, et seq., and specifically Ark. Code Ann. §16-61-205, so as to provide for a reduction, to the extent of the pro rata share of the released tortfeasor, of AHMC's damages recoverable against all other tortfeasors, but this discharge does not otherwise affect AHMC's claims against the non-settling tortfeasors.

7. Following the receipt of the payment set forth in Paragraph 2, AHMC agrees to effect the entry of a stipulated dismissal with prejudice of the Litigation as to the IMS Defendants in the form attached as Exhibit B.

8. The parties acknowledge that this Agreement is given in conjunction with a settlement of disputed claims, and this Agreement and the undertakings recited herein are not, and are not to be construed to be, an admission of liability by any party, each of whom expressly denies liability. This Agreement shall be binding upon and inure to the benefit of all heirs, successors, and assigns, and all parent, subsidiary and affiliated corporations and limited liability companies of any and all named parties to this Agreement. This Agreement is contractual and shall be governed by the laws of the State of Arkansas.

9. AHMC and the IMS Defendants hereby warrant and represent that each of them has caused to be read the terms of this Agreement and fully understands its terms and its effect and consequences. AHMC and the IMS Defendants further warrant and represent that each has had access to counsel and has been advised by counsel regarding the terms, effect and consequences of this agreement. AHMC and the IMS Defendants each warrant and represent that they have entered into this Agreement freely and voluntarily and without duress or undue influence and that this Agreement constitutes the entire agreement and understanding among and between AHMC and the IMS Defendants and supersedes any and all prior or contemporaneous representations, negotiations, understandings, or agreements, whether written or oral.

10. This Agreement may be executed in counterparts, and facsimile signatures shall be treated as originals.

AGREED AND ENTERED INTO as of the date hereinabove first written.

American Home Mortgage Corporation

By: [signature]

Title: SVP

Investment Management Services,

By: RICHARD GRAY

Title: ______

[signature]
Richard Gray

F:\98077\061\Settlement Documents\Gray.IMS Settlement.revised.doc

Exhibit A

**IN THE UNITED STATES DISTIRCT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION**

AMERICAN HOME MORTGAGE GROUP PLAINTIFF

v. No. 06-6073

BROWN APPRAISAL SERVICES, INC., et al. DEFENDANTS

**STIPULATED JUDGMENT AGAINST DEFENDANTS
INVESTMENT MANAGEMENT SERVICES AND RICHARD GRAY**

The parties hereto, plaintiff American Home Mortgage Corporation ("AHMC") and defendants Investment Management Services ("IMS") and Richard Gray (collectively, "IMS Defendants"), stipulate and agree as follows, subject to the Court's approval:

WHEREAS, AHMC has filed suit against the IMS Defendants and others in the action styled, *American Home Mortgage Corp. v. Brown Appraisal Services, Inc., et al.*, No. 06-6073 (USDC W. D. Ark.) ("the Litigation"), seeking damages in connection with four loans on units located at 1380 Airport Road, Hot Springs, AK;

WHEREAS, the Complaint alleged that, among other things, the IMS Defendants engaged in fraud, conspiracy to defraud, and tortuous interference; and

WHEREAS, pursuant to a written settlement agreement entered into by AHMC and the IMS Defendants, Investment Management Services and Richard Gray, each of them agreed that in the event they failed to perform certain terms of the settlement agreement, judgment shall be entered against Investment Management Services and Richard Gray, jointly and severally in the amount of $30,000.00; and

WHEREAS, the IMS Defendants admit that they engaged in conduct that resulted in damages to AHMC;

IT IS HEREBY ORDERED that a judgment in the amount of $30,000.00 shall be entered against defendants Investment Management Services and Richard Gray, jointly and severally.

IT IS SO ORDERED.

Dated: ______________________

______________________________
UNITED STATES DISTRICT JUDGE

SO STIPULATED:

NEWELL & HARGRAVES
211 Hobson Avenue
Hot Springs, AR 71913
(501) 321-2222
Fax: (501) 372-6025

By:______________________
C. Burt Newell (82118)

Attorneys for Plaintiff

D. Scott Hickam, P.A.
Post Office Box 21878
211 Hobson Avenue, Suite C
Hot Springs, AR 71903
(501) 624-4346
Fax: (501) 624-4859

By:______________________
D. Scott Hickam (79086)

Attorneys for Investment Management Services and Richard Gray

By:______________________
Richard Gray

Exhibit B

IN THE UNITED STATES DISTIRCT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

AMERICAN HOME MORTGAGE GROUP — PLAINTIFF

v. — No. 06-6073

BROWN APPRAISAL SERVICES, INC., et al. — DEFENDANTS

**STIPULATED DISMISSAL WITH PREJUDICE AS TO DEFENDANTS INVESTMENT MANAGEMENT SERVICES AND RICHARD GRAY**

Pursuant to Fed. R. Civ. P. 41(a), and on stipulation of the affected parties, as evidenced by the signatures of their counsel below, the plaintiff's complaint against defendants Investment Management Services and Richard Gray, is hereby dismissed with prejudice, with each party bearing its own costs and attorneys' fees.

SO STIPULATED:

NEWELL & HARGRAVES
211 Hobson Avenue
Hot Springs, AR 71913
(501) 321-2222
FAX (501) 372-6025

By:______________________
C. Burt Newell (82118)

Attorneys for Plaintiff

Law Office of Scott Hickam
Post Office Box 21878
211 Hobson Avenue, Suite C
Hot Springs, AR 71903
(501) 624-4346
FAX (501) 624-4859

By: [signature]
D. Scott Hickam (79086)

Attorneys for Investment Management Services and Richard Gray

**SO ORDERED:**

**Dated:** ______________________

______________________________
**UNITED STATES DISTRICT JUDGE**