**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case Nos.  07-11047 (CSS) |
| HOLDINGS, INC., et al.,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Ref. Docket Nos.:  2477, 2727 & 2959** |
| | ) | |

**CERTIFICATION OF COUNSEL REGARDING STIPULATION BY AND BETWEEN**
**THE DEBTORS AND MARICOPA COUNTY TREASURER RESOLVING THE**
**INFORMAL OBJECTION TO DEBTORS' NOTICE OF PLAN OF SALE**

On December 21, 2007, American Home Mortgage Holdings, Inc. *et al.*, the above-

captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the *Debtors' Motion*

*For Order Authorizing and Approving (I) the Debtors' Employment and Retention of DoveBid, Inc.*

*as Auctioneer; (II) the Terms of Compensation to DoveBid; (III) A Waiver of Local Rule 2016-2(d);*

*and (IV) Procedures for DoveBid's Sale of Assets Pursuant to the Dovebid Agreement and the*

*Auction Procedures* (the "Motion") [D.I. 2477].  On January 14, 2008, the Court entered an order

(the "Order") [D.I. 2727] approving the Motion and certain Auction Procedures[2] for the auction and

sale of the Assets.  The Auction Procedures as approved by the Order, require, among other things,

that the Debtors file and serve by overnight or hand delivery on the Notice Parties a copy of any

Plan developed by the Debtors to sell the Assets and that the Notice Parties be given ten (10)

business days after receiving service to object to the Plan.  In accordance with the Order, the

Debtors filed and served upon the Notice Parties the *Debtors' Notice of Plan of Sale* (the "Notice")

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

066585.1001

[D.I. 2959] which gave notice of the Debtors' intent to conduct a sale (the "Sale") of the Assets through an auction to be held on March 5, 2008.

On or about November 15, 2007, Maricopa, filed a secured claim, in the purported amount of $5,395.10 ("Claim 2211"), in which it asserted that it had allegedly perfected statutory tax liens on ten (10) parcels of personal property located in or around the Phoenix, Arizona metropolitan area. On February 14, 2008, Maricopa contacted the Debtors after receiving the Notice and informally objected to the Sale asserting that it holds statutory liens on certain of the Assets that may be sold at the Sale (the "Informal Objection").

As a result of negotiations, the Debtors and Maricopa have reached a consensual resolution with respect to the Informal Objection, the terms of which are reflected in the stipulation (the "Stipulation"), attached hereto as Exhibit A to the Order approving the Stipulation. The Stipulation, among other things, provides that the Debtors will segregate $5,500.00 from the proceeds of the Sale while the Debtors analyze the validity of Claim 2211. The Stipulation was provided to the Official Committee of Unsecured Creditors (the "Committee") and counsel for the Debtors' postpetition lenders (the "DIP Lenders") prior to the filing of this Certification. The Committee and DIP Lenders have consented to the terms of the Stipulation..

---

[2] All capitalized terms not herein defined shall have the meaning ascribed to them in the Motion.

DB02:6590181.2    066585.1001

WHEREFORE, the Debtors request that the Court enter the Order approving the

Stipulation, attached hereto as Exhibit A, at the Court's earliest convenience.

Dated: Wilmington, Delaware          YOUNG CONAWAY STARGATT & TAYLOR, LLP
       March 3, 2008

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650
Matthew B. Lunn (No. 4119)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

Counsel to the Debtors and Debtors in Possession

DB02:6590181.2                                                          066585.1001

# EXHIBIT A

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case Nos.  07-11047 (CSS) |
| HOLDINGS, INC., et al.,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Ref. Docket Nos.:  2477, 2727 & 2959** |
| | ) | |

### STIPULATION BY AND BETWEEN THE DEBTORS AND MARICOPA COUNTY TREASURER RESOLVING THE INFORMAL OBJECTION TO DEBTORS' NOTICE OF PLAN OF SALE

American Home Mortgage Holdings, Inc., *et al.*, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and Maricopa County Treasurer ("Maricopa") by and through their undersigned counsel hereby stipulate (the "Stipulation") as follows:

### Recitals

WHEREAS, on August 6, 2007 (the "Petition Date"), the Debtors commenced voluntary cases (the "Bankruptcy Cases") under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors remain in possession of their property and are managing their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 14, 2007, the United States Trustee appointed an official committee of unsecured creditors.

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

WHEREAS, prior to the Petition Date, the Debtors accumulated certain assets, including, but not limited to, furniture, fixtures, tables, computers and computer related equipment, office equipment and supplies, telephone equipment and other such personal property commonly located in commercial office spaces (collectively, the "Assets"). Due to the shutdown of the Debtors' loan origination business, the Debtors determined that the Assets were no longer necessary to the Debtors' business operation.

WHEREAS, on December 21, 2007, the Debtors filed the *Debtors' Motion For Order Authorizing and Approving (I) the Debtors' Employment and Retention of DoveBid, Inc. as Auctioneer; (II) the Terms of Compensation to DoveBid; (III) A Waiver of Local Rule 2016-2(d); and (IV) Procedures for DoveBid's Sale of Assets Pursuant to the Dovebid Agreement and the Auction Procedures* (the "Motion") [D.I. 2477].

WHEREAS, on January 14, 2008, the Court entered an order (the "Order") [D.I. 2727] approving the Motion and certain Auction Procedures[2] for the auction and sale of the Assets. The Auction Procedures require, among other things, that the Debtors file and serve by overnight or hand delivery on the Notice Parties a copy of any Plan developed by the Debtors to sell the Assets and that the Notice Parties be given ten (10) business days after receiving service to object to the Plan.

WHEREAS, in accordance with the Order, the Debtors filed and served upon the Notice Parties the *Debtors' Notice of Plan of Sale* (the "Notice") [D.I. 2959] which gave notice of the Debtors' intent to conduct a sale (the "Sale") of certain of the Assets through an auction to be held on March 5, 2008.

---

[2] All capitalized terms not herein defined shall have the meaning ascribed to them in the Motion.

2

WHEREAS, on or about November 15, 2007, Maricopa filed a secured claim in the purported amount of $5,395.10 ("Claim 2211"),[3] and alleged perfected statutory tax liens on ten (10) parcels of personal property located in or around the Phoenix, Arizona metropolitan area.  Maricopa contends that its secured claims continue to accrue interest at the statutory rate of 16% per annum.

WHEREAS, on February 14, 2008, Maricopa contacted the Debtors after receiving the Notice and informally objected to the Sale asserting that it holds statutory liens on certain of the Assets that may be sold at the Sale (the "Informal Objection").

WHEREAS, the Debtors have not had sufficient time to thoroughly investigate either the validity of Claim 2211 or the validity of Maricopa's alleged secured status.

WHEREAS, the Debtors and Maricopa (together, the "Parties") entered into negotiations regarding the Sale and the Informal Objection and have agreed to resolve the Informal Objection as set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED AND AGREED AS FOLLOWS:**

1.     The Debtors shall place $5,500.00 from the proceeds of the Sale received by the Debtors in a segregated account on account of Maricopa's Claim 2211 pending the Debtors' review and analysis of the validity of Claim 2211.

2.     Upon execution of this Stipulation, the Informal Objection shall be deemed resolved.

---

[3] Claim 2211 amended and superseded Maricopa's previously filed claim ("Claim 1058") in the amount of $6,012.20.

066585.1001

3.    This Stipulation is subject to approval of the Court.  Whether or not this Stipulation is approved by the Court, nothing contained herein may be used as, or deemed to be, an admission of liability of either Party with respect to any matter.

4.    Nothing set forth herein shall prejudice or affect the rights of the Debtors or any party in interest to object to Claim 2211 on any and all bases, nor shall anything in this Stipulation constitute a waiver of Maricopa's right to oppose any such objection asserted by the Debtors or any party in interest.

5.    This Stipulation represents the entire agreement among the Parties hereto with respect to the subject matter hereof.  This Stipulation supersedes any and all prior and contemporaneous oral and written agreements and discussions among the Parties hereto with respect to the subject matter hereof.

6.    Any provision of this Stipulation may be amended if, and only if, such amendment is in writing and is signed by all Parties hereto.  Material amendments must be approved by the Court.

7.    The Parties agree that the Court shall have exclusive jurisdiction to determine all matters between them now or hereafter relating to this Stipulation.

8.    This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same document.

9.    The Parties hereto represent and warrant to each other that they are authorized to execute this Stipulation; that each has full power and authority to enter into and perform in accordance with the terms of this Stipulation (subject to Court approval); and that this

4

Stipulation is duly executed and delivered and constitutes a valid and binding agreement in accordance with its terms (subject to Court approval).

      10.    It is acknowledged each of the Parties have participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either party on account of such drafting.

      11.    This Stipulation shall become effective immediately upon entry of an order approving the Stipulation.

GUST ROSENFELD P.L.C            YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____    _____

Madeleine C. Wanslee             James L. Patton, Jr. (No. 2202)
201 E. Washington, Suite 800       Pauline K. Morgan (No. 3650)
Phoenix, AZ 85004-2327          Matthew B. Lunn (No. 4119)
Telephone: (602) 257-7430       Donald J. Bowman, Jr. (No. 4383)
Facsimile: (602) 340-1538        The Brandywine Building
                            1000 West Street, 17th Floor
Counsel to Maricopa           Wilmington, DE 19801
                            Telephone: (302) 571-6600
                            Facsimile: (302) 571-1253

                            Counsel to the Debtors and Debtors in Possession

                            Dated: March 3, 2008

                                 066585.1001

Stipulation is duly executed and delivered and constitutes a valid and binding agreement in accordance with its terms (subject to Court approval).

      10.    It is acknowledged each of the Parties have participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either party on account of such drafting.

      11.    This Stipulation shall become effective immediately upon entry of an order approving the Stipulation.

GUST ROSENFELD P.L.C           YOUNG CONAWAY STARGATT & TAYLOR, LLP

_Madeleine C. Wanslee  2|29|2008_      _____
Madeleine C. Wanslee                 James L. Patton, Jr. (No. 2202)
201 E. Washington, Suite 800        Pauline K. Morgan (No. 3650)
Phoenix, AZ 85004-2327             Matthew B. Lunn (No. 4119)
Telephone:  (602) 257-7430         Donald J. Bowman, Jr. (No. 4383)
Facsimile:  (602) 340-1538         The Brandywine Building
                                     1000 West Street, 17th Floor
Counsel to Maricopa               Wilmington, DE 19801
                                     Telephone:  (302) 571-6600
                                     Facsimile:  (302) 571-1253

                                     Counsel to the Debtors and Debtors in Possession

# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case Nos.  07-11047 (CSS) |
| HOLDINGS, INC., et al., | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Ref. Docket Nos.: 2477, 2727, 2959 & _____** |
| | ) | |

## ORDER APPROVING STIPULATION BY AND BETWEEN THE DEBTORS AND MARICOPA COUNTY TREASURER RESOLVING THE INFORMAL OBJECTION TO DEBTORS' NOTICE OF PLAN OF SALE

Upon consideration of the Stipulation By and Between the Debtors and Maricopa County Treasurer Resolving the Informal Objection to the Debtors' Notice of Plan of Sale (the "Stipulation"); and due and sufficient notice of the Stipulation having been given; and it appearing that the Stipulation is in the best interest of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Stipulation attached hereto as Exhibit A is hereby approved; and it is further

ORDERED, that this Court shall retain jurisdiction to hear any and all disputes arising out of the implementation of this Order.

Dated: Wilmington, Delaware
        March _____, 2008

_____
Christopher S. Sontchi
United States Bankruptcy Judge