IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case Nos. 07-11047 (CSS) |
| HOLDINGS, INC., et al., | ) | |
| | ) | Related Docket Nos. 554, 2002, 2284 |
| Debtors, | ) | and 2855 |
| | ) | |
| | ) | |

**THIRD STIPULATION AND ORDER REGARDING THE FINAL ORDER
(I) AUTHORIZING DEBTORS' LIMITED USE OF CASH COLLATERAL
AND (II) GRANTING REPLACEMENT LIENS AND ADEQUATE
PROTECTION TO CERTAIN PRE-PETITION SECURED PARTIES**

**WHEREAS:**

A. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc. and certain of its affiliates (the "Debtors")[1] filed with this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1005(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

B. On September 4, 2007, this Court entered its *Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties* [D.I. 554] (as subsequently amended by the *First Final Stipulation and Order Extending Limited Use of Cash Collateral Pursuant to the Final Order*

---

[1] The Debtors are American Home Mortgage Holdings, Inc., American Home Mortgage Acceptance, Inc., American Home Mortgage Corp., American Home Mortgage Investment Corp., American Home Mortgage Servicing, Inc., American Home Mortgage Ventures LLC, Homegate Settlement Services, Inc., and Great Oak Abstract Corp.

*(I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties* [D.I. 2002], the *Stipulation and Order Regarding the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties* [D.I. 2284], and the *Second Stipulation and Order Regarding the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties* [D.I. 2855], the "Cash Collateral Order"). A copy of the Cash Collateral Order is attached hereto as Exhibit A. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Cash Collateral Order.

C. Pursuant to the Cash Collateral Order, the Committee has until March 3, 2008 (the "Committee Deadline") to properly file an adversary proceeding or contested matter solely for purposes of seeking a determination of the Remaining Issues, which are set forth in Paragraph 1 of the *Second Stipulation and Order Regarding the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties* [D.I. 2855].

D. The Committee has requested and the Administrative Agent has agreed to a two (2) day extension of the Committee Deadline.

**NOW THEREFORE**, the parties hereto hereby stipulate and agree to amend the Cash Collateral Order as follows:

1. The Committee Deadline is hereby extended to 5:00 p.m. Eastern Standard Time on March 5, 2008, solely with respect to the Committee's time to properly file an adversary proceeding or contested matter seeking a determination of the Remaining Issues.

2. The terms of the Cash Collateral Order except as modified hereby shall remain in full force and effect.

3. This Stipulation and Order may be executed in one or more counterparts, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same instrument. Facsimile versions of signatures hereto shall be deemed original signatures, which may be relied upon by any party and shall be binding on the respective signor.

4. This Stipulation and Order shall be effective upon entry by the Court. In the event that the Court does not enter this Stipulation and Order, the terms hereof shall be of no force or effect.

Dated: March 3, 2008
       Wilmington, Delaware

*[signature]* w/perm

BLANK ROME LLP
Bonnie Glantz Fatell (No. 3809)
1201 Market Street Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6423

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Mark T. Power
488 Madison Avenue
New York, NY 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Official
Committee of Unsecured Creditors*

*[signature]*

POTTER ANDERSON & CORROON LLP
Laurie Selber Silverstein (No. 2396)
P.O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19899
Telephone: (302) 984-6000

-and-

KAYE SCHOLER LLP
Margot B. Schonholtz
Mark F. Liscio
Scott D. Talmadge
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Counsel for Bank of America, N.A. as
Administrative Agent under that
certain Second Amended and Restated
Credit Agreement, dated as of August 10, 2006*

**SO ORDERED**
this _3rd_ day of _March_, 2008

*[signature]*

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

4