IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------- x
:  Chapter 11
In re: :
: Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE :
HOLDINGS, INC., et al., : **Objection Deadline:  To be determined**
: **Hearing Date:  To be determined**
Debtors. :
: **Re:  D.I. 3054, 3056, 3058**
----------------------------------------------------- x

**MOTION OF BANK OF AMERICA, N.A., AS ADMINISTRATIVE
AGENT, UNDER FEDERAL RULES OF BANKRUPTCY PROCEDURE 7033 AND 7034,
TO SHORTEN DEBTORS' TIME TO RESPOND TO DISCOVERY IN CONNECTION
WITH THE MOTION OF BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT,
FOR RELIEF FROM AUTOMATIC STAY**

Bank of America, N.A., as administrative agent (the "Administrative Agent"), by its undersigned attorneys, hereby moves (the "Motion") under Federal Rules of Bankruptcy Procedure 7033 and 7034 to shorten the above-captioned debtors' (the "Debtors") time to respond to *The First Set of Interrogatories and Requests for Production of Documents of Bank of America, N.A., as Administrative Agent, Directed to the Debtors in Connection with the Motion of Bank of America, N.A., Pursuant to 11 U.S.C. § 362(d), Allowing the Administrative Agent to Exercise its Rights as a Secured Creditor* [noticed at D.I. 3058] (the "Discovery Requests"). The Administrative Agent requests that the Court order the Debtors to serve their responses to the Discovery Requests and produce documents responsive thereto so that the responses and documents are received no later than March 14, 2008. In support of the Motion, the Administrative Agent states as follows:

## BACKGROUND

1. On February 22, 2008, the Administrative Agent filed the *Motion of Bank of America, N.A., as Administrative Agent, for Relief from the Automatic Stay, Pursuant to 11*

*U.S.C. § 362(d), Allowing the Administrative Agent to Exercise its Rights as a Secured Creditor* [D.I. 3054] (the "Stay Relief Motion").[1] As is set forth more fully in the Stay Relief Motion, which is incorporated herein by reference, the Debtors own approximately 3,400 residential mortgages (the "Mortgage Loans") that are the principal remaining collateral for the credit extended by the Secured Parties to the Debtors.

2. Despite the fact that the value of the Mortgage Loans has declined and continues to decline and despite the repeated requests of the Administrative Agent, the Debtors have refused to take steps either to sell the Mortgage Loans expeditiously in order to protect the Secured Parties from further erosion in the value of their Collateral or to provide the Secured Parties with the required adequate protection. Instead, the Debtors appear intent on gambling with the Secured Parties' Collateral based on the speculative hope that the continuing decline in value will soon be reversed. By the Stay Relief Motion, the Administrative Agent seeks to enforce its statutory right to relief from stay to prevent the further erosion of the value of the Secured Parties' Collateral.

3. Because of the deteriorating value of the Mortgage Loans and in order to facilitate the expedient consideration of the Stay Relief Motion, the Administrative Agent also served and filed notice of the Discovery Requests on February 22, 2008. The Discovery Requests are not onerous and consist of only twenty interrogatories and fourteen requests for the production of documents. A copy of the Discovery Requests is attached hereto as Exhibit A.[2]

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Stay Relief Motion.

[2] On February 22, 2008, the Administrative Agent also served a Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure seeking to examine the Debtors' corporate representatives regarding the relief sought in the Stay Relief Motion.

4. Following the service of the Discovery Requests, the Debtors have refused to provide the Administrative Agent with ordinary course information regarding the Mortgage Loans as required under the Cash Collateral Order, asserting that such information will be provided only in response to the Discovery Requests.

5. The Stay Relief Motion is currently set to be heard on March 13, 2008, which pursuant to this Court's Local Rules will be a preliminary hearing. At that hearing, the Administrative Agent will request that the final evidentiary hearing be held at the following scheduled omnibus hearing on March 27, 2008, which would be approximately five weeks from the date on which the Stay Relief Motion was served and filed. Under the current schedule for discovery, the Debtors' responses and documents would not be due until immediately prior to the March 27th hearing date, and the Administrative Agent would not have the responses and documents in time to examine the Debtors' corporate representatives, and any other witnesses the Debtors intend to call to testify, prior to March 27th.

## RELIEF REQUESTED

6. The Court has discretion to shorten the time the Debtors have to respond to the Discovery Requests under both Federal Rules of Civil Procedure 33 and 34, which apply to this matter through Federal Rules of Bankruptcy Procedure 9014, 7033, and 7034 (collectively, the "Rules").

7. Absent order of the Court, the Debtors have until March 24, 2008 to respond to the Discovery Requests. Under the circumstances here, the Debtors' time to respond to the Discovery Requests should be shortened by 6 business days to require responses no later than March 14, 2008. Time is of the essence in light of the continued decline in value of the Mortgage Loans, the Debtors' refusal to take steps to sell the Mortgage Loans or provide adequate protection, and the Debtors' current recalcitrance concerning access to information and

documents concerning the Mortgage Loans. The Administrative Agent must be able to complete discovery and present its Stay Relief Motion as soon as possible to preserve the remaining value of the Mortgage Loans.

8. The modest relief sought herein is especially necessary given that the Debtors are now improperly refusing to provide the Administrative Agent and its representatives with information required pursuant to the Final Cash Collateral Order. Paragraph 10 of the Final Cash Collateral Order provides that:

> The Administrative Agent and its representatives shall have the right upon reasonable prior notice to inspect and copy the Debtors' books and records. Such right to inspect the Debtors' books and records shall include the *right of the Administrative Agent and its representatives to have access to all records and files of the Debtors pertaining to the Pre-Petition Collateral including, without limitation, records and files pertaining to Wet Mortgage Loans, Servicing Rights, Servicing Contracts and Servicing Receivables (as such terms are defined in the Credit Documents) and to monitor the handling and disposition of the same.* (Emphasis added.)

This provision of the Final Cash Collateral Order remains in full force and effect, as reflected in paragraph 5 of the First Final Stipulation Extending the Final Cash Collateral Order entered by this Court on November 14, 2007, and in paragraph 3 of each of the Stipulations and Orders regarding the Final Cash Collateral Order entered by this Court on December 4, 2007 and February 1, 2008, respectively.

9. The Debtors have now taken the baseless position that given the filing of the Stay Relief Motion and the Discovery Requests served in connection with that motion, the Debtors are no longer bound by these requirements in the Cash Collateral Order. The Administrative Agent has requested specific information concerning the Mortgage Loans that the Administrative Agent has previously asked for and received from the Debtors throughout the course of these Bankruptcy Cases. Using the Stay Relief Motion as a pretext, the Defendants have refused to

4

provide any of this information. The Debtors also have refused to provide the Administrative Agent's financial advisors with the routine access to the Debtors' books, records and personnel that has also been provided throughout these cases. Rather, the Debtors assert that the information relating to the Mortgage Loans now may only be obtained through the Discovery Requests. While the Administrative Agent disagrees and the Debtors' position plainly violates this Court's Cash Collateral Order, their recalcitrance heightens the need of the Administrative Agent to have a prompt response to the Discovery Requests so that the Mortgage Loans may be monitored pending a hearing on the Stay Relief Motion.

10. To prepare adequately for the evidentiary hearing, the Administrative Agent needs to examine the Debtors' corporate representative(s) and any other witnesses the Debtors intend to call to testify, before the evidentiary hearing and with the benefit of the documents and information that it seeks. Thus, if the Court grants this Motion, the Administrative Agent will re-notice its 30(b)(6) deposition of the Debtors accordingly. The Administrative Agent, therefore, requests that the Debtors' responses to and the documents sought in the Discovery Requests be provided no later than March 14, 2008 (three full weeks after the service of the Requests and only six business days before responses would otherwise be due), to permit discovery to be accomplished in a reasonably expeditious fashion prior to any final hearing date.

WHEREFORE, the Administrative Agent requests that the Court enter an order, substantially in the form attached hereto as Exhibit B, requiring the Debtors to respond to the Discovery Requests and to produce the documents sought in such requests by no later than March 14, 2008.

Dated:   March 3, 2008

POTTER ANDERSON & CORROON LLP

By: _____
Laurie Selber Silverstein (No. 2396)
Gabriel R. MacConaill (No. 4734)
P.O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware  19899
(302) 984-6000

- and -

KAYE SCHOLER LLP
Margot B. Schonholtz
Myron Kirschbaum
Scott D. Talmadge
425 Park Avenue
New York, NY  10022

*Counsel for Bank of America, N.A. as Administrative Agent under that certain Second Amended and Restated Credit Agreement, dated as of August 10, 2006*

*Pac#852328*

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7026-1(c) the undersigned counsel for Bank of America, N.A., as administrative agent, certifies that a reasonable effort has been made to reach agreement with counsel for the debtors in this bankruptcy case regarding the matters set forth in the attached *Motion of Bank of America, N.A., as Administrative Agent, under Federal Rules of Bankruptcy Procedure 7033 and 7034 for the Entry of an Order Shortening Debtors' Time to Respond to the First Set of Interrogatories and Requests for Production of Documents of Bank of America, N.A., as Administrative Agent, Directed to the Debtors in Connection with the Motion of Bank of America, N.A., as Administrative Agent, for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d)*.

                                              Laurie Selber Silverstein (No. 2396)

*Pac#851697*

v.