# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ------------------------------------------------------------ x | Chapter 11 |
| In re: | : |
|  | : Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE | : |
| HOLDINGS, INC., a Delaware corporation, et al., | : Jointly Administered |
|  | : |
| Debtors. | : |
| ------------------------------------------------------------ x |  |

**FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS OF BANK OF AMERICA, N.A.,
AS ADMINISTRATIVE AGENT, DIRECTED TO THE DEBTORS IN
CONNECTION WITH THE MOTION OF BANK OF AMERICA, N.A., AS
ADMINISTRATIVE AGENT, FOR RELIEF FROM AUTOMATIC STAY,
PURSUANT TO 11 U.S.C. § 362(d), ALLOWING THE ADMINISTRATIVE
AGENT TO EXERCISE ITS RIGHTS AS A SECURED CREDITOR**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7033 and 7034 of the Federal Rules of Bankruptcy Procedure, Bank of America, N.A., as Administrative Agent, by its undersigned attorneys, hereby propounds its First Set of Interrogatories and Requests for Production of Documents to the above-captioned debtors (the "Debtors") in connection with the Administrative Agent's Motion for Relief from the Automatic Stay, Pursuant to 11 U.S.C. § 362(d), Allowing the Administrative Agent to Exercise Its Rights as a Secured Creditor (the "Motion"). The Administrative Agent hereby requests that the Debtors answer the following Interrogatories and provide the documents subject to the Requests for Production so as to be received by counsel for the Administrative Agent, Myron Kirschbaum and Scott D. Talmadge, Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022, within thirty (30) days from the date hereof.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

A. "Administrative Agent" shall mean Bank of America, N.A., as administrative agent for itself and the other Secured Parties under the Credit Agreement and the Security Agreement.

B. "And" as well as "or" shall be construed both disjunctively and conjunctively in order to bring within the scope of the interrogatory any and all responses which might otherwise be construed or interpreted to be outside the scope of the interrogatory or request for production.

C. "Cash Collateral Order" shall mean the Final Order (i) Authorizing Debtors' Limited Use of Cash Collateral and (ii) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties that this Court entered on September 4, 2007 [Docket No. 554], together with the interim order entered in connection therewith and any amendments or extensions thereto.

D. "Collateral" shall mean the portion of the Debtors' assets that have not been sold pursuant to an order of the Bankruptcy Court in which the Administrative Agent, for the ratable benefit of the Secured Parties, holds security interests in and liens upon pursuant to the Security Agreement and the Cash Collateral Order.

E. "Communication" shall mean any document, oral statement, meeting or conference, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded or in any manner transmitted or transferred.

F. "Correspondence" shall mean any document that constitutes a communication between two or more persons or entities, or that records, memorializes, reflects

or otherwise summarizes the substance of such a communication, whether made directly or otherwise.

G. "Credit Agreement" shall mean that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006 among the Administrative Agent, the Secured Parties and certain of the Debtors.

H. The term "date" shall mean the exact year, month and date, if known, or, if not, your best approximation thereof.

I. "Debtors" shall mean the Debtors, as defined above, and any officers, agents, servants, independent contractors or affiliates thereof and any other person or entity acting or purporting to act on behalf of the Debtors or under their control, including, without limitation, Kroll, Zolfo Cooper.

J. "Document" or "documents" shall mean any book, document, or other tangible thing within the meaning of the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by means including, but not limited to handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any non-identical copies, including but not limited to working papers, preliminary intermediate, or final drafts, correspondence, memoranda, voice mail, electronic mail, charts, notes, records or any sort of meetings, ledgers, journals, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone records, visitor or other logs, desk or electronic calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of any kind.

K.   "Hearing" shall mean to the hearing on the Motion currently scheduled on March 13, 2008 at 10:00 a.m.

L.   The term "including" shall mean "including, but not limited to;" the term "includes" means "includes, but not limited to."

M.   "Identify" when referring to a document means to state the type of document, the date the document was created, the person(s) who authored or otherwise created the document, the location where the document was created, the purpose the document was made, a general description as to the subject matter of the document, the present location and custodian of the document and the names and business addresses of each and every person who has read, accessed, reviewed and/or has been provided with a copy of the document.

N.   "Identify" when referring to a natural person means to state his or her: (a) name; (b) title or position; (c) present or last known business address; (d) present or last known home address; (e) present or last known business telephone number; and (f) present or last known home telephone number.  If such person is no longer employed by the person or entity for which he/she engaged in the activity that is the subject of the interrogatory, state the date on which he/she left the employ of the person or entity and his/her title or position when he/she engaged in the activity that is the subject of the interrogatory.  "Identify" when referring to a non-natural person means to state: (a) the full name of the entity; (b) the address of its principal place of business; (c) the telephone number of its principal place of business; (d) the name and title of each person who (1) is or was an officer, director, general partner, limited partner, member or beneficiary of the organization, or (2) represented the organization with respect to the subject matter stated in the interrogatory; and (e) the relationship of the entity to the parties to this proceeding.

O.   "Indebtedness" shall mean the aggregate principal amount owed by the Debtors to the Secured Parties under the Credit Agreement.

P.   "Mortgage Loans" shall mean the Debtors' assets that constitute a portion of the Collateral that are residential mortgages, which consist of fixed rate, adjustable rate, balloon and interest only loans originated with full and alternative documentation.

Q.   "Other Collateral" shall mean any Collateral other than the Mortgage Loans.

R.   "Petition Date" shall mean August 6, 2007.

S.   "Potential Purchaser(s)" shall mean any persons who submitted an offer, any proposal or expression of interest to purchase all or any portion of the Mortgage Loans.

T.   "Refer," "reflect" and "relate" shall mean referring to, or having any relationship with whatsoever, or regarding or pertaining to, or comprising, or indicating, or supporting, or constituting evidence related to or pertaining to any interrogatory or request for production.

U.   "Relating to" or "related to" means and includes anything that constitutes, contains, embodies, reflects, identifies, states, refers to or is in any way relevant and responsive to the subject matter of the interrogatory or request for production.

V.   "Secured Parties" shall mean the Administrative Agent and the pre-petition secured lenders under the Credit Agreement and the collateral agent under the Security Agreement.

W.   "Security Agreement" shall mean that certain Security Agreement dated as of August 30, 2004, as amended, modified, supplemented, ratified, and restated from time to time, among the Administrative Agent and certain of the Debtors.

X. "You" and "Yours" means and refers to the Debtors, as defined above, and any officers, agents, servants, independent contractors or affiliates thereof and any other person or entity acting or purporting to act on behalf of the Debtors or under their control, including, without limitation, Kroll, Zolfo Cooper.

Y. When asked to "state the basis" of a given proposition or allegation, state or identify: (a) each person who has or purports to have knowledge of the facts underlying the proposition or allegation; (b) each document used or relied upon to formulate, or that supports or substantiates, the allegation or proposition; and (c) the rationale and each fact supporting the allegation or proposition.

Z. With respect to each document or communication that the respondent does not produce or divulge based upon a claim of privilege or for any other reason, state: (a) the name and address of the originator or sender of the document or communication; (b) the name and address of the author of the document or communication; (c) the name, and address of each person or entity to whom the document was directed or addressed; (d) the name and address of each person or entity to whom a copy of the document was directed or sent; (e) the name and address of each person or entity who has seen the document, any copy of the document, participated in communications about the document, or participated in the communication; (f) the job title of each person listed in items (a) through (e) above; (g) the date of the document or communication; (h) the length of the document or communication; (i) whether the document or communication contained any attachments, exhibits or appendices; (j) a general description of the nature and subject matter of the document or communication; (k) the present custodian of the document or communication; (l) the date that the document, or a copy thereof, was received by

each person or entity having possession of the document or a copy thereof; and (m) the reason the document or communication was not produced.

## INTERROGATORIES

1. Please set forth the total loan amount and principal balance for each of the Mortgage Loans as of the Petition Date and as of the date of your responses to these Interrogatories.

2. Please set forth the total past due amounts owed in respect of each Mortgage Loan and the extent of the delinquency with respect to each Mortgage Loan (i.e., 30, 60, 90 and greater than 90 days past due) as of the Petition Date and as of the date of your responses to these Interrogatories.

3. Describe all discussions, plans or strategies by You to market and sell or otherwise dispose of all or any portion of the Mortgage Loans from and after June 30, 2007.

4. Describe all attempts by You to market and sell or otherwise dispose of all or any portion of the Mortgage Loans from and after June 30, 2007.

5. Please identify all persons contacted by You or who contacted You in connection with Your attempt to sell or otherwise dispose of all or any portion of the Mortgage Loans from and after June 30, 2007.

6. Please identify all documents You provided to any person relating to the Mortgage Loans in Your attempt to sell or otherwise dispose of all or any portion of the Mortgage Loans from and after June 30, 2007.

7. Please identify all Potential Purchasers who submitted an offer, any proposal or expression of interest to purchase all or any portion of the Mortgage Loans from and after June 30, 2007, and the amount of the offer, proposal or indication of interest.

8. Please identify and describe all communications between You and any Potential Purchasers or any other third-party relating to the Mortgage Loans and Your attempts to sell or otherwise dispose of all or any portion of the Mortgage Loans from and after June 30, 2007, and describe the general nature of those communications.

9. If You contend that the Mortgage Loans have not lost value during these bankruptcy cases, will not continue to lose value or are currently maintaining or will somehow increase in value as time passes, please describe in detail the basis for this contention.

10. If You contend that the Other Collateral has not lost value during these bankruptcy cases, will not continue to lose value or is currently maintaining or will somehow increase in value as time passes, please describe in detail the basis for this contention.

11. Please identify all of Your officers, agents, servants, independent contractors or affiliates thereof and any other person or entity acting or purporting to act on behalf of the Debtors or under their control with knowledge relating to the value of the Mortgage Loans.

12. Please describe any methodology used by You in determining the value of the Mortgage Loans as of the Petition Date and as of the date of Your responses to these Interrogatories.

13. Please identify all of Your officers, agents, servants, independent contractors or affiliates thereof and any other person or entity acting or purporting to act on behalf of the Debtors or under their control with knowledge of the value of the Other Collateral.

14. Please describe any methodology used by You in determining the value of the Other Collateral as of the Petition Date and as of the date of Your responses to these Interrogatories.

15. Please set forth all forms of adequate protection, as such term is defined in 11 U.S.C. § 361, which the Debtors will provide to the Secured Parties for any diminution in the value of the Mortgage Loans.

16. Please set forth all payments made by the Debtors from and after the Petition Date to the Administrative Agent on account the Indebtedness.

17. Please identify each and every fact witness whom You will call or anticipate calling to testify at the Hearing and, for each such person, please describe in detail the subject matter of such person's anticipated testimony.

18. Please identify each and every expert witness who will testify at the Hearing and, for each such person, please provide the information set forth in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, as incorporated by Rule 7026 of the Federal Rules of Bankruptcy Procedure.

19. Please identify each and every exhibit that You will introduce or anticipate introducing at the Hearing.

20. Identify all persons who provided information used in responding to these Interrogatories and for each person identified state the nature of the information provided.

## REQUESTS FOR PRODUCTION

1. All documents identified in or referred to by You in preparing Your responses to the Interrogatories.

2. All documents relating to Your discussions, plans or strategies to market and sell or otherwise dispose of all or any portion of the Mortgage Loans from June 30, 2007 to the present.

3. All documents relating to Your efforts to sell or otherwise dispose of all or any portion of the Mortgage Loans from June 30, 2007 to the present.

4. All communications between You and any Potential Purchaser of all or any portion of the Mortgage Loans regarding such loans from June 30, 2007 to the present.

5. All communications between You and any other third party regarding the value of all or any portion of the Mortgage Loans from June 30, 2007 to the present.

6. All (i) internal communications among Your officers, agents, servants, independent contractors or affiliates thereof and any other person or entity acting or purporting to act on behalf of the Debtors or under their control and (ii) internal notes, memoranda or other documents relating to the value of the Mortgage Loans from June 30, 2007 to the present.

7. All documents relating to Your valuation of the Mortgage Loans from June 30, 2007 to the present.

8. All documents that You considered in connection with Your negotiations with any Potential Purchasers for all or any portion of the Mortgage Loans or in deciding to decline any offers from any Potential Purchaser to purchase all or any portion of the Mortgage Loans from June 30, 2007 to the present.

9. All documents relating to Your valuation of the Other Collateral from June 30, 2007 to the present.

10. All (i) internal communications among Your officers, agents, servants, independent contractors or affiliates thereof and any other person or entity acting or purporting to act on behalf of the Debtors or under their control and (ii) internal notes, memoranda or other documents relating to the value of the Other Collateral from June 30, 2007 to the present.

11. All communications between You and any expert witness You intend to call at the Hearing.

12. All documents provided to any expert testifying at the Hearing.

13. Any expert reports prepared in connection with the Motion.

14. All documents You intend to rely upon at the Hearing.

Dated: February 22, 2008

                              POTTER ANDERSON & CORROON LLP

By: */s/ Laurie Selber Silverstein*
Laurie Selber Silverstein (No. 2396)
Gabriel R. MacConaill (No. 4734)
P. O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19899
(302) 984-6000

           - and -

KAYE SCHOLER LLP
Margot B. Schonholtz
Myron Kirschbaum
Scott D. Talmadge
425 Park Avenue
New York, NY 10022

*Counsel for Bank of America, N.A. as Administrative Agent under that certain Second Amended and Restated Credit Agreement, dated as of August 10, 2006*

Pac#850413

11