IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :   Jointly Administered
             Debtors.                                            :
                                                                 :   **Doc. Ref. Nos: 192 & 643**
                                                                 :
---------------------------------------------------------------- x   Objection Deadline: March 24, 2008 at 4:00
                                                                     p.m.

**NOTICE OF FILING OF THE AFFIDAVIT OF ORDINARY COURSE
PROFESSIONAL BRENNAN, RECUPERO, CASCIONE,
SCUNGIO & MCALLISTER, LLP**

PLEASE TAKE NOTICE that, in accordance with the procedures set forth in the Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to Petition Date [Docket No. 643] (the "OCP Order"), the Debtors hereby file the attached ordinary course professional retention affidavit (the "Retention Affidavit") of Benjamin M. Scungio of Brennan, Recupero, Cascione, Scungio & McAllister (the "Ordinary Course Professional").

PLEASE TAKE FURTHER NOTICE that, objections to the Retention Affidavit, if any, must be filed in accordance with the OCP Order on or before March 24, 2008 at 4:00 p.m. (ET) (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Third Floor, Street, Wilmington, Delaware 19801.

PLEASE TAKE FURTHER NOTICE that, objections, if any, to the Retention Affidavit must also be served upon the following entities on or before the Objection Deadline: (i) the Office of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,

United States Trustee, (ii) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, counsel for the Committee; (iii) counsel to Bank of America N.A., as Administrative Agents under that certain and Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Debtors' pospetition lender, (v) the Securities and Exchange Commission; (vi) all other parties entitled to notice under Del. Bankr. LR 2002-1(b; (vii) counsel for the Debtors; and (viii) and the Ordinary Course Professional.

PLEASE TAKE FURTHER NOTICE that if the objection cannot be consensually resolved, then the objection shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing or such other date otherwise agreeable to the parties thereto.

PLEASE TAKE FURTHER NOTICE that if no objections are filed on or before the Objection Deadline, then **the Debtors shall be authorized to compensate professionals associated with the firm that submitted the Retention Affidavit after complying with the other procedures contained in the OCP Order.**

Dated:  March 3, 2008
        Wilmington, Delaware

                              YOUNG CONAWAY STARGATT & TAYLOR, LLP

                              /s/ Ryan M. Bartley
                              James L. Patton, Jr. (No. 2202)
                              Joel A. Waite (No. 2925)
                              Pauline K. Morgan (No. 3650)
                              Sean M. Beach (No. 4070)
                              Matthew B. Lunn (No. 4119)
                              Margaret B. Whiteman (No. 4652)
                              Ryan M. Bartley (No. 4985)
                              The Brandywine Building
                              1000 West Street, 17th Floor
                              Wilmington, Delaware 19801
                              Telephone: (302) 571-6600
                              Facsimile: (302) 571-1253

                              Counsel for Debtors and Debtors in Possession

Texas 75063.

EXHIBIT A

RETENTION AFFIDAVIT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :   Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE                                                 :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]                     :
                                                                       :   Jointly Administered
                        Debtors.                                       :
---------------------------------------------------------------------- x

## AFFIDAVIT IN SUPPORT OF EMPLOYMENT OF BRENNAN, RECUPERO, CASCIONE, SCUNGIO & MCALLISTER, LLP AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS

STATE OF **RHODE ISLAND**    )
                             ) ss:
COUNTY OF **PROVIDENCE**     )

**Benjamin M. Scungio,** being duly sworn, deposes and says:

1.  I am a **partner** of the firm **Brennan, Recupero, Cascione, Scungio & McAllister, LLP** (the "Firm"), which has been employed by the debtors and debtors in possession in the above-captioned cases (collectively the "Debtors") in the ordinary course of their business. The Debtors wish to retain the Firm to provide such ordinary-course services during their chapter 11 cases. This Affidavit is submitted in compliance with the Order Approving the Motion Pursuant to Sections 105(a), 327 and 330 of the Bankruptcy Code and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business (the "Ordinary Course Professionals Order").

2. Neither I, the Firm, nor any member, counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or stockholders, or any party in interest herein, except as set forth in Paragraph 4 hereof.

3. The Firm does not represent or hold any interest adverse to the Debtors or their estates with respect to the engagement for which we are to be retained.

4. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the Firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Bankruptcy Rule 2014(a) from counsel to the Debtors for the purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections: The Firm has been closing and title counsel for the following entities: JP Morgan Chase, Wells Fargo, EMC, FNMA, HSBC Bank, Washington Mutual Bank, FA and GMAC, Bank of America, N.A. (when it was formerly Fleet), Citibank and Countrywide Home Loans, Inc. (not Countrywide Capital). The Firm has also served as foreclosure counsel for the following entities: Bank of America, N.A., Citigroup, Wells Fargo, FNMA, Washington Mutual Bank, FA, IndyMac Bank, F.S.B., GMAC and Opteum Financial Services, LLC. The Firm served as defense counsel for Bank of America, N.A. as trustee of a testamentary trust. The Firm has prepared loan documentation and performed workouts for Bank of American, N.A. The Firm also served as counsel to Wachovia Bank, N.A. on a case by case basis.

5.  This Firm and certain of its members, counsel, and associates may have in the past represented, currently represent, and may in the future represent entities that are claimants or equity security holders of the Debtors in matters totally unrelated to the Debtors' chapter 11 cases. None of those past or current representations are material. This Firm will be in a position to identify with specificity all such persons or entities when lists of all creditors of the Debtors have been prepared and will make any further disclosures as may be appropriate at that time. The Firm intends to apply for compensation for professional services rendered in connection with these chapter 11 cases directly to the Debtors, in accordance with the Ordinary Course Professionals Order, with such application to request compensation for services based on the hourly rates set forth below, plus reimbursement of actual necessary expenses and other charges incurred by the Firm. The principal [attorneys and paralegals / other professionals] designated to represent the Debtors and their current standard rates are:

(a) | Benjamin M. Scungio, Partner | $300.00 per hour
    | Lauren F. Verni, Associate   | $200.00 per hour
    | Michael J. Polack, Associate | $200.00 per hour
    | Jo-Ann Lawson, Paralegal     | $90.00 per hour

The current flat fees for the Firm are as follows:

1. Demand letter: Fee incurred and billed when sent.  $350.00
2. Foreclosure Sale: Fee incurred when sale occurs.  $800.00
3. Bankruptcy Prepare Proof of Claim: Fee incurred and billed when filed.  $250.00
4. Bankruptcy, Motion to Lift Stay: covers one Court appearance. Fee incurred and billed when filed.  $500.00
5. Bankruptcy, Reaffirmation Agreement: covers one Court appearance. Fee incurred and billed when filed.  $500.00

The above are flat fees for standard uncontested matters in Rhode Island. If a matter becomes contested or complicated, it will be billed hourly. Costs are in addition to the fees herein set forth.

6. The rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Such rates are the Firm's standard rates for work of this nature. The rates are set at a level designed to fairly compensate the Firm for the work of its [attorneys and paralegals / other professionals] and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, **court costs and foreclosure advertising fees** and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

7. Prior to the filing of the above-captioned cases, the Firm WAS NOT employed by the Debtors. As of the Petition Date, the Debtors owed the Firm **$0.00** in connection with professional services rendered to the Debtors (the "Prepetition Fees").

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these chapter 11 cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

9. Except as provided in the Ordinary Course Professionals Order, no representations or promises have been received by the Firm [nor by any member, counsel, or associate thereof] as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

WHEREFORE, affiant respectfully submits this Affidavit in Support of Employment of **Brennan, Recupero, Cascione, Scungio & McAllister, LLP** as a Professional Utilized in the Ordinary Course of Business.

_____
**Benjamin M. Scungio, Esquire**
**Partner**
**362 Broadway**
**Providence, RI 02909**

SUBSCRIBED AND SWORN TO
before me this 18th day of January, 2008.

_____
Notary Public
My Commission Expires 6-21-09