IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:
:   Chapter 11
:
AMERICAN HOME MORTGAGE
:   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]
:
:   Jointly Administered
Debtors.
:   Ref. Docket No. _____
:
---------------------------------------------------------------------- x

**ORDER PURSUANT TO SECTIONS 327(a) AND 328(b) OF THE BANKRUPTCY CODE AUTHORIZING DEBTORS' EMPLOYMENT AND RETENTION OF PRICEWATERHOUSECOOPERS LLP AS DEBTORS' TAX ADVISORS, *NUNC PRO TUNC* TO FEBRUARY 12, 2008**

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, authorizing the Debtors to retain and employ PwC as their tax advisors in these chapter 11 cases *nunc pro tunc* to February 12, 2008; and upon consideration of the Application and all pleadings related thereto, including the Geppel Affidavit; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134 and (b) this matter is a core proceeding within the meaning of 28 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

§ 157(b)(2); and it appearing that PwC neither holds nor represents any interest adverse to the Debtors or their estates; and it further appearing that PwC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and as required by section 327 of the Bankruptcy Code; and the Court being satisfied that the employment and retention of PwC is in the best interests of the Debtors, their estates and their creditors; and due and proper notice of the Application having been given; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing thereof, it is hereby:

ORDERED, that the Application is GRANTED; and it is further

ORDERED, that the Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, to retain PwC as their tax advisors, *nunc pro tunc* to February 12, 2008, pursuant to the terms and conditions set forth in the Application and the Engagement Letter; and it is further

ORDERED, that PwC shall be compensated for its services and reimbursed for any related expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders or procedures of the Court; and it is further

ORDERED, that PwC shall file interim and final applications for allowance of its compensation and expenses with respect to the services rendered to the Debtors in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of the Court; provided, however, that PwC may submit time records in half-hour increments; and it is further

ORDERED, that notwithstanding the Engagement Letter, the Indemnification Provision is modified to the extent set forth below (the "Modified Indemnification Provision"):

 a. PwC shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than those described in the Engagement Letter, unless such services and indemnification therefore are approved by the Court;

 b. The Debtors shall have no obligation to indemnify PwC, or provide contribution or reimbursement to PwC, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from PwC's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of PwC's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which PwC should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

 c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, PwC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, PwC must file an application therefore in this Court, and the Debtors may not pay any such amounts to PwC before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by PwC for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify PwC. All parties in interest shall retain the right to object to any demand by PwC for indemnification, contribution or reimbursement;

and it is further

DB02:6571635.4    066585.1001

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

Dated: Wilmington, Delaware
      March ___, 2008

                                                                                     Christopher S. Sontchi
                                                                                     United States Bankruptcy Judge