IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :   Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                        :
                                                                       :   Jointly Administered
             Debtors.                                                  :
                                                                       :   **Docket Ref. No. 2969**
                                                                       :
---------------------------------------------------------------------- x

## **DEBTORS' OBJECTION TO GLORIA T. KIRK'S MOTION TO LIFT STAY**

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[1] hereby object (the "Objection") to the *Motion to Lift Stay* [D.I. 2969] (the "Motion") filed by Gloria T. Kirk (the "Movant"). In support of this Objection, the Debtors respectfully represent as follows:

### **PRELIMINARY STATEMENT**

1.    Through her two-page Motion, Movant seeks the entry of an order granting relief from the automatic stay to permit the continuation of a lawsuit she commenced prior to the filing of these cases (the "Lawsuit") in the United States District Court for the Western District of Tennessee, Western Division (the "District Court"), by which she seeks damages on account of the allegedly wrongful termination of her employment. Because of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Motion's brevity, Movant's reason for moving forward at this time is unclear. She appears however, to request that the Court grant relief from the automatic stay merely because the Lawsuit was commenced prior to the filing of these cases, and she would like to re-initiate the litigation without delay.

2. As discussed further herein, the Movant completely fails to address the appropriate standards that the Court must apply in determining whether relief from the automatic stay should be granted, much less demonstrate sufficient cause to justify the relief requested. The mere desire of the Movant to proceed with the Lawsuit does not constitute cause to justify relief from the automatic stay, particularly, because any judgment Movant might obtain would be payable only through a Court-approved plan of liquidation. The Movant has already filed a proof of claim, and any damages to which she is entitled can and should be determined through the claims reconciliation process.

3. At this time, there is simply no reason to permit the Lawsuit to divert the attention and resources of the Debtors' few remaining employees from ongoing operations, asset sales, and a plan of liquidation.

## BACKGROUND

4. On September 15, 2006, Movant filed the complaint in the District Court, Civil Action No. 2:06-cvv-02603 JDB-DKV, which named as a defendant, AHM Corp. In the Complaint, Movant alleges that she was terminated in violation of the laws of the State of Tennessee, and demands judgment in the amount of $1,394,558.02, which amount represents lost wages, lost benefits, emotional distress, punitive damages, attorney fees and discretionary expenses. On January 4, 2008, Movant filed a proof of claim that similarly asserts $1,394,558.02 in damages.

5. As described in the Motion, the Debtors answered the Complaint on October 30, 2006, and the Lawsuit was scheduled to proceed to trial in November, 2007. Notably, the amended complaint attached to Motion (the "Amended Complaint"), which names both a former and current officer of the Debtor and seeks additional damages, has not been filed in the District Court.

## ARGUMENT

6. By the Motion, Movant seeks relief from the automatic stay provided by section 362(a) of the Bankruptcy Code to proceed with the Lawsuit. Based upon the significant number of tasks that remain to be completed, the rapid pace with which the Debtors hope to accomplish these tasks, and the limited justification offered by the Movant for the relief sought, the Debtors object to this relief and respectfully request that this Court deny the Motion.

7. Pursuant to section 362(d) of the Bankruptcy Code, a movant must demonstrate sufficient cause to justify the lifting or modification of the automatic stay. Although the Bankruptcy Code does not define the term "cause," courts "generally consider the policies underlying the automatic stay [and]…the competing interests of the debtor and the movant." In re Continental Airlines, Inc., 152 B.R. 420, 424 (D. Del. 1993). In particular, the Court will typically consider the following three factors in balancing the competing interests of the parties when considering whether to grant relief from the automatic stay:

(1) the prejudice that would be suffered by the debtors should the stay be lifted;

(2) the balance of the hardships facing the parties if the stay is lifted; and

(3) the probable success on the merits if the stay is lifted.

In re Pursuit Athletic Footwear, Inc., 193 B.R. 713, 718 (Bankr. D. Del. 1996) (citing In re Rexene Prods. Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992); Continental, 152 B.R. at 424

(Bankr. D. Del. 1993). As the party seeking relief from the stay, Movant bears the initial burden of demonstrating that cause exists to lift the stay. See In re Rexene Prods. Co., 141 B.R. at 577. Only upon a showing of cause does the burden shift to the Debtors. Id. The Debtors respectfully submit that the Movant has failed to meet her burden of demonstrating sufficient cause to warrant lifting or modifying the automatic stay.

A.  **The Policies Underlying the Automatic Stay Weigh in Favor of Denying the Relief Requested by the Movant.**

8.  The automatic stay is one of the fundamental debtor and creditor protections provided by the Bankruptcy Code. Krystal Cadillac Oldsmobile GMC Truck, Inc. v. GMC (In re Krystal Cadillac Oldsmobile GMC Truck, Inc.), 142 F.3d 631, 637 (3d Cir. 1998) (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6296). It gives the debtor a breathing spell from its creditors by stopping all collection efforts, harassment, and foreclosure actions, thus relieving the debtor of the financial pressures that drove it into bankruptcy and facilitating the debtor's attempts to reorganize. Id. For creditors, the automatic stay prevents the state-law "race of the diligent," whereby creditors who act first to pursue their remedies against the debtor's property obtain payment of their claims in preference to, and to the detriment of, other creditors. See id.

9.  The Debtors filed for chapter 11 protection to liquidate their business and assets in an orderly fashion in order to maximize the value of the bankruptcy estates available for distribution to creditors. The automatic stay is essential to this process; without it, the Debtors' management and professionals would be tied up in litigation with individual creditors such as the Movant rather than focusing on ongoing operations, the sale of their remaining assets and negotiating and drafting of a plan of reorganization. See In re W.R. Grace & Co., Case No. 01-01139 (JKF), 2007 Bankr. LEXIS 1214, *10 (Bankr. D. Del. Apr. 13, 2007) (denying relief from

stay to pursue litigation that would be "a distraction from the reorganization process"). Approximately seventy-six (76) proofs of claim have been filed in these cases by parties seeking to advance claims based upon litigation associated with alleged prepetition acts (the "<u>Litigation Claims</u>"). Movant has offered no explanation as to why she differs from these other claimants, and needs to prosecute her claims now, rather than during the claims reconciliation process.

**B.      <u>The Debtors Will Be Significantly Prejudiced If the Stay is Lifted.</u>**

10.     The most important factor in determining whether to grant relief from the automatic stay to allow litigation to proceed against a debtor in another forum is the effect of such litigation on the administration of the estate. <u>See</u> In re Curtis, 40 B.R. 795, 806 (Bankr. D. Utah 1984); In re Penn-Dixie Industries, Inc., 6 B.R. 832, 836 (Bankr. S.D.N.Y. 1980).

11.     As discussed in greater detail below, Movant will not be prejudiced by continuation of the stay. On the other hand, granting relief from the stay at this time will be highly prejudicial to the Debtors as it will force their key remaining personnel to divert their attention from tasks critical to the administration of these cases. These tasks include the final closing of the sale of their servicing business, assisting with the disposition of the Debtors' numerous other assets, identifying and returning loan files to investors, assisting with the formulation and preparation of a chapter 11 plan and accompanying disclosure statement, and generally supervising and administering the winding up of the Debtors' affairs.

12.     At the present time, the Debtors' corporate workforce has been reduced to only key employees necessary to the process of administering the estate and liquidating their remaining assets, which are significant in number and complex in nature. Therefore, forcing the Debtors to divert the attention of even one employee to deal with the Lawsuit will be extremely

5
DB02:6590967.2                                                                                          066585.1001

disruptive as it will force already overburdened employees to take up new responsibilities, thereby interfering with the administration of these cases.

13. Accordingly, granting the Lift Stay Motion is in essence an outcome that will prejudice not only the Debtors, but more importantly every creditor of these estates that is not in a position to proceed with, or initiate, litigation outside this Court.

## C. **The Movant Will Not be Prejudiced if the Stay is Continued.**

14. Establishing that the balance of hardships tips in favor of an unsecured creditor to obtain relief from the stay imposes a significant burden on Movant, "which is rarely, if ever, sustained on the basis of pure allegations." In re Ronald Perlstein Enterprises, Inc., 70 B.R. 1005, 1014-1015 (E.D. Pa. 1987). The above-described burdens of moving forward with the Lawsuit, which if the Amended Complaint is any indication, includes responding to additional allegations and likely sustaining the defense costs of the present and former employees named in the Amended Complaint, outweigh any slight prejudice or inconvenience encountered by the Movant.

15. In support of the relief requested, Movant does not even allege prejudice, however she does makes a limited number of unsupported and conclusory statements as to why the stay should be lifted, including that: (i) the Lawsuit is ready to proceed to trial; (ii) the Lawsuit will not interfere with the bankruptcy proceeding; (iii) there is no prejudice to the interests of the Debtors' other creditors; and (iv) there is a probability of success on the merits. Initially, it is difficult to evaluate Movant's unsupported assertions, as they are just that, unsupported assertions. More importantly however, Movant's representations are of questionable veracity. The Amended Complaint has not been filed, and assuming that it will be filed, the Lawsuit cannot be ready to proceed to trial. The Lawsuit will interfere with the

administration of these cases and prejudice the interests of the estates' other creditors because, as was discussed above, the Debtors will be forced to expend precious time and resources in their defense of the Lawsuit. Finally, Movant's own belief as to her likelihood of success on the merits is not representative evidence of the same

16. There is no basis provided in the Motion for the need for relief from the automatic stay. The Movant was discharged in June, 2006, and commenced the Lawsuit later that same year. Most of the discovery has been concluded so there is little risk that a further delay will prejudice Movant's case. Therefore, continuation of the automatic stay at this point will not prejudice the Movant. Movant has filed a proof of claim, and the validity and amount of her claim can be liquidated during the claims reconciliation process. Subjecting the Movant's legal claims to the bankruptcy process does not amount to denying her legal remedies, and does afford her relief.

**D.** **Movant Has Not Demonstrated a Likelihood of Success on the Merits.**

17. Similar to her discussion of every other factor that this Court must consider in evaluating whether to grant relief from the stay, the Motion is entirely devoid of any discussion with respect to the issue of probability of success on the merits. Consequentially, Movant has failed to meet her burden as to this factor.

18. Movant was an at-will employee who was terminated by the Debtors because they were dissatisfied with her job conduct and performance. Movant's termination was not an actionable wrong, it was a sound business decision. Indeed, every substantive allegation set forth in the Complaint has been factually controverted after extensive deposition and other discovery, which was undertaken by the counsel representing Movant in the Lawsuit.

DB02:6590967.2                                                                                                   066585.1001

Accordingly, the Debtors submit that it is extremely unlikely that the Lawsuit will result in any damages being awarded to the Movant.

WHEREFORE, the Debtors respectfully request that the Court enter an order denying the Motion, and granting such other and further relief as is just and proper.

Dated:   Wilmington, Delaware
         March 6, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ 

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
John T. Dorsey (No. 2988)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Debtors and Debtors in Possession