IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11
In re:                                                           :
                                                                 :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :  Jointly Administered
                                                                 :
                         Debtors.                                :
---------------------------------------------------------------- x

## NOTICE OF 30(b)(6) DEPOSITION

TO: BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT UNDER THAT CERTAIN SECOND AMENDED AND RESTATED CREDIT AGREEMENT, DATED AS OF AUGUST 10, 2006

c/o Scott D. Talmadge, Esquire
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, and Rules 7026 and 7030 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") will take the deposition upon oral examination of Bank of America, N.A., as Administrative Agent, in connection with the Administrative Agent's Motion for Relief from the Automatic Stay, Pursuant to 11 U.S.C. §362(d), Allowing the Administrative Agent to Exercise Its Rights

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

as Secured Creditor (the "Motion") regarding the subject matters set forth in Schedule A to this Notice. The deposition shall commence at 9:00 a.m. (ET) on April 9, 2008,[2] at the offices of Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801.[3] Please designate all persons who consent to testify on the Administrative Agent's behalf and the topics upon which each person expects to provide testimony, no later than April 2, 2008. The deposition will be taken pursuant to all applicable rules of the Court before a notary public or other such person authorized by law to administer oaths. The deposition will be recorded by stenographic means.

Dated: March 7, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John T. Dorsey (No. 2988)
Erin Edwards (No. 4392)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Phone: (302) 571-6600
Facsimile: (302) 571-1253
*Counsel to the Debtors*

---

[2] The deposition may be rescheduled, adjourned or cancelled upon mutual agreement of the parties.
[3] Or at some other mutually agreed upon location.

## SCHEDULE A

## DEFINITIONS

A. "Cash Collateral Order" shall mean the Final Order (i) Authorizing Debtors' Limited Use of Cash Collateral and (ii) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties that this Court entered on September 4, 2007 [Docket No. 554], together with the interim order entered in connection therewith and any amendments or extensions thereto.

B. "Collateral" shall mean the portion of the Debtors' assets that have not been sold pursuant to an order of the Bankruptcy Court in which the Administrative Agent, for the ratable benefit of the Secured Parties, holds security interests in and liens upon pursuant to the Security Agreement and the Cash Collateral Order.

C. "Communication" as used herein shall mean any document, oral statement, meeting or conference, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded or in any manner transmitted or transferred.

D. "Construction Loans" refer to a portion of the Debtors' assets that are residential loans supporting the construction or improvement of single-family homes which convert to regular (i.e. "permanent") mortgage loans, or which mature in anticipation of refinancing by third parties, once the home is built or the improvements are completed.

E. "Credit Agreement" shall mean that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006 among the Administrative Agent, the Pre-Petition Secured Parties and certain of the Debtors.

F. "Indebtedness" refers to the amount owed by the Debtors to the Administrative Agent and Pre-Petition Secured Parties under the Credit Agreement.

G. "Mortgage Loans" shall mean the Debtors' assets that constitute a portion of the Collateral that are residential mortgages, which consist of fixed rate, adjustable rate, balloon and interest only loans originated with full and alternative documentation.

H. "Other Collateral" refers to any collateral other than the Mortgage Loans which the Administrative Agent or the Pre-Petition Secured Parties contend they possess a security interest in pursuant to the Credit Agreement.

I. "Petition Date" shall mean August 6, 2007.

J. "Potential Purchaser(s)" shall mean any persons who submitted an offer, any proposal or expression of interest to purchase all or any portion of the Mortgage Loans.

K. "You" and "Yours" means and refers to the Administrative Agent, as defined above.

## TOPICS

1. The value of the Mortgage Loans and the methodologies used to determine or estimate the current and/or future value of the Mortgage Loans.

2. All discussions, plans or strategies of the Administrative Agent to market, sell or otherwise dispose of all or any portion of the Mortgage Loans from the Petition Date to the present.

3. Your communications with Potential Purchasers regarding the Mortgage Loans.

4. The value of, and the methodologies used since the Petition Date to value, loans similar to the Mortgage Loans in Your portfolios with parties other than the Debtors.

5. Your contention that it would be more advantageous from an economic perspective to sell the Mortgage Loans now versus holding the Mortgage Loans for later sale.

6. Your contention that the Mortgage Loans have decreased in value since the Petition Date.

7. Your contention that the value of the Mortgage Loans continues to deteriorate.

8. The value of the Construction Loans and the methodologies used to value the Construction Loans since the Petition Date.

9. All discussions, plans or strategies of the Administrative Agent regarding the marketing, sale or disposition of the Construction Loans.

10. All of Your communications regarding the sale of the Debtors' servicing business.

11. All discussions, plans or strategies of the Administrative Agent regarding the sale of the Debtors' servicing business.

12. Your contention that the Indebtedness as of February 22, 2008, is under-collateralized.

13. All Collateral You contend secures the Debtors' Indebtedness under the Credit Agreement.

14. Communications between You and the Pre-Petition Secured Parties regarding the Other Collateral.

15. Communications between You and the Pre-Petition Secured Parties regarding the Mortgage Loans.

16. The current amount of Your claim against the Debtors.

17. All communications between you, or any agent or attorney acting on Your behalf, with any person who You have retained, or whom has been retained on Your behalf, to provide expert testimony at any hearing on the Motion.