**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE ) | |
| HOLDINGS, INC., a Delaware ) | Jointly Administered |
| Corporation, et al, ) | |
| Debtors ) | **Hearing Date: March 27, 2008 at 11:00 a.m.** |
| ) | **Objections Deadline: March 20, 2008 at 4:00 p.m.** |

**MOTION OF SANDRA KRAEGE HIGBY TO COMPEL DEBTORS' PAYMENT OF OCP FEES AND ADMINISTRATIVE EXPENSES AND FOR AN ORDER AUTHORIZING AND DIRECTING THE DEBTORS TO ADVANCE THE COSTS OF PROSECUTING FORECLOSURE MATTERS, OR IN THE ALTERNATIVE, PAYING ON A CONTEMPORANEOUS BASIS THE COSTS AND EXPENSES OF PROSECUTING FORECLOSURE MATTERS**

Sandra Kraege Higby ("SKH" or "Attorney Higby"), an attorney licensed to practice law in The Commonwealth of Massachusetts and a so-called ordinary course professional and foreclosure professional employed by the Debtors, moves pursuant to Sections 105, 327, 328, 330, 331, and 503 of Title 11 of the United States Code (the "Bankruptcy Code") for orders (1) compelling the Debtors' immediate payment to Attorney Higby of fees and expenses incurred by her on behalf of American Home Mortgage Servicing, Inc. ("AHM") in the prosecution of foreclosure matters for which she has been retained by AHM and (2) authorizing and directing AHM to advance the costs of prosecution of the foreclosure matters which AHM has requested Attorney Higby to prosecute, or, in the alternative, to pay on a contemporaneous basis the foreclosure costs incurred by Attorney Higby on AHM's behalf.

In support of her Motion, Attorney Higby states:

#9425176 v1

## BACKGROUND

1. The Debtors commenced this bankruptcy case by filing petitions for relief with this Court on August 6, 2007 ("Filing Date"). Since the Filing Date, the Debtors have continued to operate their businesses, including AHM's mortgage servicing business.

2. Attorney Higby is an attorney licensed since 1987 to practice law in The Commonwealth of Massachusetts. Her practice focuses on residential and commercial real estate foreclosures, and in her twenty plus years of practice she has prosecuted thousands of foreclosure cases. (See "Affidavit of Sandra Kraege Higby" attached hereto and incorporated herein as **Exhibit A**.) Attorney Higby has represented AHM in foreclosure matters in Massachusetts since 2005.

3. Since the Filing Date, AHM has forwarded to Attorney Higby for prosecution approximately 145 mortgage foreclosure cases. Currently, Attorney Higby has approximately 180 open and active AHM foreclosure cases in various stages of completion. The notional amount of the outstanding principal balance of the open and active foreclosure cases assigned to Attorney Higby is more than $56,000,000.00.

4. On August 7, 2007 the Debtors obtained the Court's permission to pay certain critical vendors and service providers [See Docket No. 64]. AHM considered SKH to be a critical service provider and shortly after the Filing Date paid her fees and reimbursed her expenses for services rendered and expenses incurred on AHM's behalf in June and July 2007. By "Motion For An Order Pursuant To Sections 105(a), 327, 328 And 330 Of The Bankruptcy Code And Bankruptcy Rule 2014 Authorizing The Employment Of Professionals Utilized In The Ordinary Course Of The Debtors' Business *Nunc Pro Tunc* To Petition Date" [Docket No. 192] the Debtors designated Attorney Higby a foreclosure professional.

5. On September 7, 2007 the Debtors obtained authority from this Court to retain foreclosure professionals and other ordinary course professionals ("OCPs"), and the Court established procedures for the compensation of OCPs [See Docket No. 643, hereinafter referred to as the "OCP Order"].

6. On September 25, 2007 Attorney Higby submitted to the Debtor her Affidavit of Ordinary Course Professional [Docket No. 1005]. On that same date she notified the Debtor that the OCP Order's monthly cap of $75,000 on fees and expenses and aggregate three-month cap of $185,000 was inadequate.

7. On November 26, 2007, by letter dated November 7, 2007 (the "Procedures Letter"), AHM notified Attorney Higby of a change in the procedures for the Debtors' payment of her fees and reimbursement of her expenses, and required her to resubmit all of her unpaid invoices for August through November 2007. Since the Procedures Letter AHM's payment of Attorney Higby's fees and reimbursements of her expenses has been sporadic, untimely and incomplete.

8. On December 3, 2007 and December 13, 2007 Attorney Higby re-submitted to the Debtor through its counsel re-formatted bills for the foreclosure services she rendered and costs she incurred on AHM's behalf for the months of August through November 2007.

A.  Approved but Unpaid Fees and Expenses.

9. On December 26, 2007 Attorney Higby received payment for some, but not all, of her fees and reimbursement for some, but not all, of her expenses for foreclosure services provided AHM in August, October and November 2007. Despite letters dated January 25 and February 7, 2008 from SKH's counsel to the Debtor's counsel apprising the Debtor of its failure to pay its critical service provider, the Debtor has yet to pay Attorney Higby $8,248.84 in fees and expenses incurred in August, October and November 2007. **Exhibit B** attached hereto

shows the unpaid August, October and November 2007 fees and expenses.  The Debtor has refused to pay Attorney Higby $8,248.84 in fees for services rendered and expenses incurred on its behalf.

10. On February 11, 2008 Attorney Higby received payment of some, but not all, of her December 2007 invoices.  According to a February 11, 2008 communiqué from AHM, three of Attorney Higby's invoices were forwarded "with a service release" to servicing agents for those loans.[1]  AHM has refused to pay Attorney Higby fees and expenses of $1,938.42 for "service released" loans.  A copy of AHM's February 11, 2008 communiqué to SKH is attached as **Exhibit C**.

B. Volume of AHM Foreclosure Cases.

11. Since the Filing Date AHM has continued to forward Massachusetts foreclosure cases to Attorney Higby.  Since the Filing Date the Debtor has also requested that Attorney Higby monitor loans on which AHM holds a junior mortgage position and has requested that Attorney Higby represent it in closing transfers of properties in its "REO" portfolio.

12. As of March 5, 2008 Attorney Higby has approximately 183 open foreclosure files for AHM.[2]  **Exhibit D** attached hereto and incorporated herein shows the status as of March 5, 2008 of those foreclosure cases.  As noted on **Exhibit D**, the estimated cost (exclusive of attorneys' fees) of prosecuting the AHM foreclosure cases on Attorney Higby's docket currently

---

[1] AHM did not apprise SKH of its transfer of its servicing rights to foreclosure matters for which she provided legal services and incurred expenses.

[2] Attorney Higby handles foreclosure cases in "phases."  "Phase 1" consists of the initial work on a new file; obtaining a current title report on the subject property; preparing and sending demand letters to the borrowers and guarantors; and filing a foreclosure complaint pursuant to the Servicemembers' Civil Relief Act with the Massachusetts Land Court.  "Phase 2" consists of the processing of orders from the Land Court, including the publication, recording and service of the Order of Notice; and the filing of returns with the Land Court.  "Phase 3" consists of obtaining the foreclosure judgment from the court; updating the title report; preparation, service and publication of the mortgagee's notice of sale; retention of an auctioneer; preparation of legal ads for the auction; review of auctioneer's commercial advertising of auction sale; and attendance at the foreclosure auction.

exceeds $263,906.00.[3]  The average expense of prosecuting a foreclosure case in Massachusetts ranges from $6,000 to $9,000.  Attorney Higby charges AHM a flat fee of $1,250.00 for each foreclosure case, and bills for payment of that fee according to the then-current phase of the foreclosure.  Attorney Higby passes through to AHM without markup the expenses she incurs in the prosecution of the foreclosure actions.

13.     The number of foreclosure cases sent by AHM to Attorney Higby since the Filing Date testifies as to her efficiency and competence and as to her stature as a critical service provider.  Attorney Higby is extremely efficient and effective in her prosecution of AHM's foreclosure matters and is well-qualified to service all of AHM's Massachusetts foreclosures.

## JURISDICTION

14.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A).

## RELIEF REQUESTED

15.     Because of the uncertainty of her getting reimbursed fully for out-of-pocket expenses incurred on AHM's behalf and the uncertainty of the Debtor's "service releasing" Massachusetts foreclosure files, Attorney Higby cannot afford to advance costs and provide services on AHM's behalf without a retainer.  By this motion Attorney Higby requests that the Court (1) order the Debtor to pay her immediately (i) the $8,248.84 in fees and expenses that the Debtor has failed to pay her for services rendered and expenses incurred in the months of August, October and November 2007 and (ii) $1,938.42 for approved but unpaid December 2007 invoices relating to "service released" loan files, (2) authorize and direct AHM to pay Attorney Higby a retainer for the expenses that she will incur for prosecution of the open and active AHM

---

[3] The cost of prosecuting the foreclosure cases will increase as cases "move" into Phase 3.

foreclosure cases on her docket, (3) authorize and direct the Debtor to pay Attorney Higby a retainer against the fees for legal services she will render to AHM in connection with the foreclosure cases for which AHM employs her, and (4) direct AHM to notify Attorney Higby immediately of the transfer or "service release" of any foreclosure matters for which she has been retained and to escrow sufficient amounts from those file transfers necessary to pay Attorney Higby's fees and expenses for those particular matters.

## LEGAL ARGUMENT

16. Attorney Higby is an attorney and a professional person within the meaning of sections 327, 328 and 330 of the Bankruptcy Code. She has been employed by the Debtor, with the Court's approval, to represent and assist the Debtor in carrying out its duties under Title 11. 11 U.S.C. § 327(a). [Docket No. 643; Docket No. 1005] 11 U.S.C. § 105 provides that the court may issue any order necessary or appropriate to carry out the provisions of Title 11. 11 U.S.C. § 328 provides in pertinent part:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case maybe, on any reasonable terms the conditions of employment, *including on a retainer*...

Section 330(a)(1) of the Bankruptcy Code authorizes a court to award "reasonable compensation for actual, necessary services rendered" by a professional and reimbursement of actual, necessary expenses.

17. In this case, given the number of foreclosure cases AHM has requested Attorney Higby to prosecute, it is fair, reasonable and equitable for her to be paid a retainer for the costs and expenses of handling AHM's Massachusetts foreclosure cases. Out-of-pocket costs for the conduct of a foreclosure action from file opening through conduct of foreclosure auction typically run between $6,000 and $9,000. Thus, the expense of SKH's prosecuting the

approximately 183 AHM foreclosure files currently on her docket is between $1,098,000 and $1,647,000.  It is unreasonable to expect that any practitioner would advance those expenses on behalf of a client in bankruptcy proceedings.  Given that AHM has not timely paid Attorney Higby her fees or reimbursed her expenses for approved invoices and given the large volume of cases AHM has sent to her, and the fact that she is a solo practitioner, it is equitable and just that AHM be required to pay in advance or on a contemporaneous basis for those foreclosure expenses.  Attorney Higby is not willing to be an unsecured lender to AHM.

18. Attorney Higby notified AHM at the time she submitted her OCP Affidavit that the fee and expense caps imposed by the OCP Order were inadequate.  In late January and early February 2008, Attorney Higby, through counsel, again advised AHM of the inadequacies of the OCP Order as it related to her.  AHM has done nothing to modify the OCP Order as it pertains to Attorney Higby; instead it has increased the volume of foreclosure cases it has sent to her and neglected to pay her fees or reimburse her expenses.  Given the enormous expense to prosecute the almost 183 foreclosure matters currently on SKH's docket, AHM should be directed to establish a retainer account for SKH's use in prosecuting AHM's Massachusetts foreclosure matters.

19. The Court should order the Debtor to pay Attorney Higby a retainer for her fees and services for the Massachusetts foreclosure cases for which it retains her.  11 U.S.C. § 328(a), one of the sections of the Bankruptcy Code under which the Debtor employed Attorney Higby, specifically authorizes that a professional be employed "on any reasonable terms and conditions of employment, including on a retainer. . .".  Moreover, 11 U.S.C. § 328 provides that

> Notwithstanding such terms and conditions [of employment], the court may allow compensation different from the compensation provided under such terms and conditions . . . if such terms and conditions prove to have been improvident in light of

    developments not capable of being anticipated at the time of the fixing of such terms and conditions.

Respectfully, Attorney Higby asserts that the OCP Order, at least as applied to her, is improvident in light of the fact that the out-of-pocket expenses she is being asked to incur on AHM's behalf are not less that $1,100,000. Attorney Higby is a sole practitioner; she should not be asked or required to pay out-of-pocket AHM's foreclosure costs.

  20. The Debtor's refusal to pay Attorney Higby's fees and reimburse her the expenses she has incurred on AHM's behalf is reprehensible. As a post-petition provider of professional services to AHM, Attorney Higby is an administrative claimant. 11 U.S.C. § 503. The Debtors at first treated Attorney Higby as a critical service provider then employed her as an OCP. The Debtor has an absolute duty to pay Attorney Higby's approved fees and expenses. Although the Debtor has seen fit to award retention bonuses to many of its own officers and to obtain approval for the reimbursement of certain of its terminated employees' travel and entertainment expenses, the Debtor has failed to fully compensate a professional who is being asked by AHM to collect almost $56,000,000 for its estate. The Court should order the Debtor to pay Attorney Higby immediately the $8,248.84 in fees and expenses for services rendered and expenses incurred in August, October and November 2007 and the $1,938.42 of December 2007 approved fees and expenses for "service released" files. The Court should also order the Debtor to pay Attorney Higby's fees and expenses, including attorney's fees, for having to bring this Motion to Compel the Debtor's payment of her fees and expenses.

  21. Fees and expenses incurred on AHM's behalf in prosecuting the foreclosures matters for which SKH has been employed constitute actual, necessary costs and expenses of preserving the Debtor's estate. 11 U.S.C. § 503(b)(1)(A). Attorney Higby has not agreed to become a post-petition lender to the Debtor. Although admittedly it is not the standard in the

"foreclosure industry" to require a retainer for fees or expenses, these circumstances are somewhat unique. That her client is in bankruptcy proceedings warrants payment of a retainer to Attorney Higby. The sheer volume of cases AHM has sent to Attorney Higby for prosecution is considerable. Conducting almost 180 foreclosure cases for a Debtor-in-possession requires some exceptional services and extraordinary expenses. Attorney Higby is fully capable of providing the exceptional services; the extraordinary expenses, however, are the Debtor's responsibility. The Debtor's refusal to pay timely even the modest fees and reimburse the minimal expenses incurred by Attorney Higby forces her to seek a retainer for those fees and expenses. Moreover, the fact that AHM has failed to notify Attorney Higby of "service released" files then refused to pay her approved invoices for those loan files mandates the payment of a retainer.

22.     By not paying Attorney Higby's approved invoices AHM seems to have taken the position that it has no responsibility to pay for "service released" files. By refusing to pay Attorney Higby's fees and reimburse her the expenses which she has incurred on AHM's behalf, AHM has misappropriated funds of the estate. The Debtor's estate is obligated to pay SKH's fees and expenses, but when it transfers a foreclosure file or the servicing rights to a loan and accepts money from the transferee for those files and then refuses to pay the professionals that it has employed to collect those estate assets, the Debtor converts those funds. At a minimum the Debtor should be required to segregate the monies it receives for service released files and escrow the amounts received for payment of all fees and expenses incurred by professionals such as SKH.

WHEREFORE, Sandra Kraege Higby prays that the Court enter an order requiring the Debtor's immediate payment to her of $1,938.42 for approved but unpaid December 2007 invoices relating to "service released" files and $8,248.84 for outstanding, unpaid and approved

August, October and November 2007 fees and expenses; that the Court authorize and direct the Debtor to pay Attorney Higby a retainer for the fees and expenses incurred and to be incurred in connection with the Massachusetts foreclosure matter for which AHM employs Attorney Higby; that the Court order the Debtor to notify Attorney Higby immediately of the transfer or "service release" of Massachusetts foreclosure matters for which it has employed her and order the Debtor to escrow all monies received in connection with the transfer of such files pending payment to her of fees and expenses incurred in connection with those files; and for such other further relief as the Court deems proper and just.

Dated: March 7, 2008
Wilmington, Delaware

Respectfully submitted,

PEPPER HAMILTON LLP

 /s/ Evelyn J. Meltzer
David M. Fournier (DE No. 2812)
Evelyn J. Meltzer (DE No. 4581)
Hercules Plaza, Suite 5100
1313 North Market Street
Post Office Box 1709
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

-and-

Richard A. Sheils, Jr., (BBO #457290)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA  01616-0156
Telephone: (508) 791-3511
Facsimile: (508) 929-3047

*Counsel for Sandra Kraege Higby*