**IN THE UNITED STATES BANKRUPTCY COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| American Home Mortgage, | ) | Case No. 07-11047 CSS |
| et al., | ) | Chapter 11 |
| | ) | Jointly Administered |
| | ) | Hearing: April 28, 2008 @ 2:00 p.m. |
| Debtors. | ) | Response date: April 21, 2008 |

**HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2005-6 MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C.§362(d)(1) SEEKING *NUNC PRO TUNC* RELIEF AS TO 15674 Lappin, Detroit, MI 48234**

NOW COMES HSBC Bank USA, National Association, as Trustee for the Holders of Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2005-6, (hereinafter "HSBC"), by and through its attorneys, Whittington & Aulgur, moves the Court for an Order granting relief from the Automatic Stay of 11 U.S.C. §362 *nunc pro tunc* upon the following grounds:

JURISDICTION

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 11 U.S.C. §157 and 11 U.S.C. §362.

CLAIM FOR RELIEF

2. HSBC is a corporation with the address of 3476 State View Blvd., Fort Mill, SC 29715-7200.

3. On August 6, 2007 a Chapter 11 Petition initiating this proceeding was filed by the Debtors.

4. On or about September 30, 2005, non-filing borrower, Antonio Andrews (hereinafter "Borrower") executed and delivered an indenture of mortgage in the principal sum of $83,200.00 unto Mortgage Electronic Registration Systems, Inc. as nominee for

debtor, American Broker Conduit.  Said mortgage created a lien upon the property therein mentioned, 15674 Lappin, Detroit, MI 48234, all of which is of record in the Office of the Register of Deeds in Wayne County, State of Michigan (hereinafter "Mortgage 1").  American Broker Conduit subsequently executed an Assignment of Mortgage unto HSBC Bank USA, National Association, as Trustees of the holders of Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2005-6.  Copies of said mortgage and assignment are attached collectively hereto as Exhibit "A".

5. On or about September 30, 2005, non-filing borrower Antonio Andrews (hereinafter "Borrower") executed and delivered an indenture of mortgage in the principal sum of $10,400.00 unto Mortgage Electronic Registration Systems, Inc. as nominee for American Broker Conduit (hereinafter "Mortgage 2") which created a lien upon the property therein mentioned, 15674 Lappin, Detroit, MI 48234, all of which is of record in the Office of the Register of Deeds in Wayne County, State of Michigan.  A copy of said Mortgage 2 is attached hereto as Exhibit "B".

6. Debtors have no ownership interest in the Property, and their lien is subordinate to Movant's.

7. The payoff amount on the subject Mortgage 1 through January 22, 2008 is approximately $87,914.19.  The Property has an estimated value of $73,000.00 as set forth on the Broker's Price Opinion attached hereto as Exhibit "C".  There is no equity in the property not even taking into account costs of sale.

8. Any potential equity would not benefit the Debtors' Estate since the Debtors' lien is junior to HSBC lien.

9. At present, Borrower is contractually delinquent.

10. Prior to HSBC's notification or knowledge of the within Chapter 11 Bankruptcy Petition, the property was sold at sheriff's auction on January 24, 2008, and Movant was the successful bidder, purchasing the property.

11. The continuation of the Automatic Stay of 11 U.S.C. §362 will work real and irreparable harm to Movant's pending foreclosure proceeding against Borrower and sheriff's sale of the Property.

12. Movant seeks relief from the stay *nunc pro tunc* such that the sale of the property is deemed valid. This relief is appropriate under these circumstances, and the Court has the power to annul the stay and grant retroactive relief in order to validate proceedings that would otherwise be void *ab initio*. *In re Askew,* 312 B.R. 274, 282 (Bankr. D. N.J. 2004). "Section 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." *In re Siciliano*, 13 F. 3d 748, 751 (3rd Cir. 1994) citing approvingly *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992). A Court "has the option of validating" proceedings pursuant to §362(d) of the Code in the interests of "equity and judicial economy." *Excelsior Ins. Co. v Pennsbury Pain Ctr.,* 975 F. Supp. 342, 352 (D.N.J. 1996).

13. Movant respectfully submits that the circumstances in this case warrant *nunc pro tunc* relief. Movant was unaware of the bankruptcy filing of American Home Mortgage, Inc. who held the second mortgage on the subject property at the time the sheriff's sale was conducted. The Debtor holds no ownership interest and its lien is subordinate to Movant's. Proper advance notice of the sheriff's sale was provided to American Home Mortgage, Inc. in accordance with Michigan statutes. It would be

inequitable and cause unnecessary expense and delay for Movant if *nunc pro tunc* relief is not granted because such a decision would require the sheriff's sale to be set aside and conducted again.

    WHEREFORE, HSBC hereby moves for an Order pursuant to 11 U.S.C. §362(d)(1) terminating the Automatic Stay for cause *nunc pro tunc* to January 24, 2008.

                            WHITTINGTON & AULGUR

                    By:    /s/ Kristi J. Doughty
                            Robert T. Aulgur, Jr. (No. 165)
                            Kristi J. Doughty (No. 3826)
                            651 N. Broad Street, Suite 206
                            P.O. Box 1040
                            Middletown, DE 19709-1040
                            (302) 378-1661
                            Attorney for Movant

Date: March 10, 2008