## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------   x
In re:                                                          :   Chapter 11
                                                               :
AMERICAN HOME MORTGAGE                                          :   Case No.  07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,¹               :
                                                               :   Jointly Administered
                                                               :
                              Debtors.                         :   Ref. Docket No. 2490, 2858 and 2997
-------------------------------------------------------------   x
```

## NOTICE OF FILING REVISED PROPOSED FORMS OF ORDER
## APPROVING THE SALE OF CERTAIN NON-PERFORMING LOANS

PLEASE TAKE NOTICE that, on March 11, 2008, the above-captioned debtors and debtors in possession filed the Revised Proposed Forms of Order Approving the Sale of certain Non-Performing Loans with respect to the BofA Non-Performing Loans and the JPM Non-Performing Loans (as such terms are defined in the Sale Procedures [D.I. 2858]).

Attached hereto as Exhibit A is the revised form of order and black-line of the order with respect to the BofA Non-Performing Loans and as Exhibit B is the revised form of order and black-line of the order with respect to the JPM Non-Performing Loans.

---

¹     The Debtors (as defined below) in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580) (collectively, the "Debtors"). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

**PLEASE TAKE FURTHER NOTICE** that these proposed forms of order are subject to further modification.

Dated: Wilmington, Delaware
      March 11, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

**Exhibit A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) | |
| et al., | ) | Jointly Administered |
| | ) | |
| Debtors | ) | **Ref. Docket No. _____** |

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE:
(I) AUTHORIZING THE SALE OF BOFA NON-PERFORMING LOANS AND REO
PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
OTHER INTERESTS; (II) AUTHORIZING AND APPROVING SALE AGREEMENT
THERETO; (III) AUTHORIZING THE DISTRIBUTION OF THE
PROCEEDS; AND (IV) GRANTING RELATED RELIEF**

Upon the consideration of the motion (the "Motion")[1] of American Home Mortgage

Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and

debtors in possession in the above-captioned cases (collectively, "AHM" or the "Debtors"),[2]

pursuant to sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

(the "Bankruptcy Code"), for entry of an order: (i) authorizing the sale or sales (the "Sale") of

BofA Non-Performing Loans and REO Property (as defined in the Sale Agreement) free and

clear of liens, claims, encumbrances, and interests, pursuant to the Sale Agreement,

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion , Sale Procedures or Sale Agreement, as applicable.

[2]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

(ii) authorizing and approving the Sale Agreement related thereto, (iii) authorizing the

distribution of certain of the proceeds from the Sale to Bank of America, N.A., as Administrative

Agent (the "BofA"), under that certain Second Amended and Restated Credit Agreement dated

as of August 10, 2006 (the "BofA Credit Agreement"), and (iv) granting such other related relief

as the Court deems just and proper; and the Court having determined that the relief provided

herein is in the best interest of the Debtors, their estates, their creditors and other parties in

interest; and due and adequate notice of the Motion having been given under the circumstances;

and the Court having entered an order on February 1, 2008 [Docket No. 2858] (the "Sale

Procedures Order"), approving the Sale Procedures and the form of Notice of Bid Deadlines and

Sale, and scheduling the Bid Deadlines and a hearing (the "Sale Hearing") to approve the Sale of

the BofA Non-Performing Loans; and upon the record of the hearing on the Motion, and the full

record of these cases; and after due deliberation thereon; and good and sufficient cause appearing

therefor:

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157

and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these

cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief sought in the Motion is section 363

of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C.      For the reasons set forth in the Motion, due and adequate notice of the

Motion, and the subject matter thereof has been provided to all parties-in-interest herein, and no

other or further notice is necessary. A reasonable opportunity to object or to be heard with

2

respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

        D.      Granting the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested herein.

        E.      The Sale Agreement between the Debtors and the Successful Bidder annexed hereto as Exhibit A (the "Successful Bidder Sale Agreement") and the Sale Agreement between the Debtors and the Second Best Bidder (together with the Successful Bidder, the "Purchaser") annexed hereto as Exhibit B (the "Second Best Bidder Sale Agreement") (together with the Successful Bidder Sale Agreement, the "Sale Agreement") has been entered into by the parties in good faith, from arms-length bargaining positions and without collusion. The Purchaser purchasing the pool of BofA Non-Performing Loans and REO Property set forth in the Sale Agreement in accordance with the Sale Procedures and pursuant to the Sale Agreement is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the Sale Agreement, or the Sale of the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement, to be avoided under 11 U.S.C. § 363(n).

        F.      Under the circumstances, and due and adequate notice having been provided, it is in the best interests of the Debtors, their creditors, and all other parties-in-interest herein that the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement

3

be sold to the Purchaser under section 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(c)(1) and 6004(f)(1).

G.    The consideration provided by the Purchaser for the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement (i) is fair and reasonable, (ii) represents the highest bid for the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement, and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession.

H.    The Debtors are authorized to sell the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement free and clear of all interests of any kind or nature whatsoever, with such interests transferring and attaching to the proceeds of the Sale with the same validity and priority as such interests had in the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement immediately prior to the Sale, because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) have been satisfied. Those holders of interests who did not object to the Motion or the relief requested therein, or who interposed and then withdrew their objections, are deemed to have consented to the sale pursuant to 11 U.S.C. § 363(f)(2). Those holders of interests who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any, attach to the proceeds of the Sales of the BofA Non-Performing Loans and REO Property.

I.    Notwithstanding anything to the contrary in this Order or the Sale Agreement, to the extent any of the BofA Non-Performing Loans are determined to be an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the

4

Purchaser shall remain subject to the same claims and defenses that are related to such consumer

credit transaction or such consumer credit contract to the same extent as the Purchaser would be

subject to such claims and defenses of the consumer if such interest had been purchased at a sale

not under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the

Bankruptcy Code.

    J.  The Debtors are not selling personally identifiable information to the

Purchaser.  Additionally, (i) the privacy policy given by Debtors to homeowners does not

prohibit the sale contemplated under the Sale Agreement and (ii) the sale is consistent with the

privacy policy given by the Debtors to homeowners.

  IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

    1.  The Motion is granted.

    2.  Except as otherwise expressly provided in this Order, all objections to the

Motion or the relief provided herein that have not been withdrawn, waived or settled, are hereby

overruled and denied on the merits.

    3.  The Sale Agreement is hereby approved and shall apply with respect to the

BofA Non-Performing Loans and REO Property set forth in the Sale Agreement.

    4.  Pursuant to this Order and sections 105 and 363(b) of the Bankruptcy

Code, the Debtors and the Purchaser, as well as their respective officers, employees, and agents,

shall be, and hereby are, authorized to take any and all actions and/or execute any and all

documents as may be necessary or desirable to consummate the transactions contemplated by the

Sale Agreement and to sell, transfer, and convey the BofA Non-Performing Loans and REO

Property set forth in the Sale Agreement.  The Debtors shall transfer the BofA Non-Performing

Loans and REO Property set forth in the Sale Agreement to the Purchaser upon and as of the

                           

closing date and such transfer shall constitute a legal, valid, binding and effective transfer of such BofA Non-Performing Loans and REO Property.

5.      Upon consummation of the Sale, the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement shall be transferred to the Purchaser free and clear of all liens, claims, encumbrances, or other interests pursuant to Bankruptcy Code section 363, provided that the liens and security interests of BofA in the BofA Non-Performing Loans and REO Property shall attach to the proceeds thereof to the extent of the validity and priority as such interests had in the BofA Non-Performing Loans and REO Property immediately prior to the Sale.

6.      This Order and the Sale Agreement shall be binding upon the Debtors, the Purchaser, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest.

7.      The Purchaser shall be deemed to be good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof.

8.      The failure specifically to include any particular provisions of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

9.      AHM Corp. shall pay the Expense Reimbursement(s) from the Sale proceeds to the extent any Expense Reimbursement is due and payable under the terms and requirements of the Sale Procedures Order and Sale Procedures.

10.      All proceeds of the Sale received by the Debtors pursuant to the Sale Agreement with respect to the BofA Non-Performing Loans shall be paid to the Administrative

Agent, after deducting all amounts required to pay the Expense Reimbursement(s), if any, and the amount of $24,003.88 as necessary direct costs of selling the BofA Non-Performing Loans and REO Property, in accordance with the terms of the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties, approved by the Court on September 4, 2007, including any amendments or extensions thereto (the "Cash Collateral Order").

11.     All amounts required to be paid to the Debtors pursuant to the Sale Agreement and/or this Order shall be paid to the Administrative Agent by depositing such Sale proceeds directly into an account specified by the Administrative Agent in writing and shall be paid and applied in the manner set forth in the Cash Collateral Order.

12.     All rights of the Debtors to enforce the provisions under and pursuant to the Sale Agreement with respect to the BofA Non-Performing Loans and REO Property constitute "Collateral" (as defined in the Cash Collateral Order) of the Administrative Agent.

13.     All rights of the Debtors at law or in equity to seek payment or reimbursement from the Administrative Agent, and all rights of Administrative Agent to contest such relief, are hereby reserved with respect to the following: (i) any and all servicing advances or servicing advance obligations that were paid or have accrued but have not yet been paid prior to the closing of the Sale, and (ii) any and all tax or other obligations in connection with the Sale of the REO Property.

14.     To the extent that there are any inconsistencies between the Sale Agreement and this Order, the terms of this Order shall govern.

15.     Upon the closing of the Sale, the Debtors' rights and obligations to service the Non-Performing Loans with respect to such Sale shall terminate and the Purchaser shall have

the right to designate a new servicer; provided, however, that the Debtors shall provide interim servicing for the Non-Performing Loans pursuant to the Sale Agreement following the closing of each of the Sales until the Non-Performing Loans are transferred to a replacement servicer and the Debtors shall be entitled to receive the fees for such interim servicing set forth in the Sale Agreement.

16.    Pursuant to Bankruptcy Rules 7062, 9014 and 6004(h), this Order shall be effective immediately upon entry.

17.    This Court shall retain exclusive jurisdiction over any matters related to or arising from the implementation of this Order and the Sale Agreement.

Dated: _____, 2008
       Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware | ) | |
| corporation, et al., | ) | Jointly Administered |
| | ) | |
| Debtors | ) | Ref. Docket No. _____ |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) | |
| et al., | ) | Jointly Administered |
| | ) | |
| Debtors | ) | Ref. Docket No. _____ |

## ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE:  (I) AUTHORIZING THE SALE OF BOFA NON-PERFORMING LOANS AND REO PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING SALE AGREEMENT THERETO; (III) AUTHORIZING THE DISTRIBUTION OF THE PROCEEDS; AND (IV) GRANTING RELATED RELIEF

Upon the consideration of the motion (the "Motion")[1] of American Home Mortgage

Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and

debtors in possession in the above-captioned cases (collectively, "AHM" or the "Debtors"),[2]

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion or the, Sale Procedures, respectively or Sale Agreement, as applicable.

[2]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

pursuant to sections 105~~(a)~~ and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et

seq. (the "Bankruptcy Code"), for entry of an order:  (i) authorizing the sale or sales (the "Sale")

of ~~certain non-performing mortgage loans (collectively, the "BofA~~ Non-Performing Loans" and

REO Property (as defined in the Sale Agreement) free and clear of liens, claims, encumbrances,

and interests, pursuant to the Sale Agreement, (ii) authorizing and approving the Sale Agreement

related thereto, (iii) authorizing the distribution of certain of the proceeds from the Sale to ~~the~~

~~secured lenders, which include,~~ Bank of America, N.A., as Administrative Agent (the "BofA"),

under that certain Second Amended and Restated Credit Agreement dated as of August 10, ~~2006,~~

~~and JPMorgan Chase Bank, N.A. ("JPMorgan"), under that certain Senior Secured~~2006 (the

"BofA Credit Agreement~~, dated as of January 23, 2006, as applicable, "~~"), and (iv) granting such

other related relief as the Court deems just and proper; and the Court having determined that the

relief provided herein is in the best interest of the Debtors, their estates, their creditors and other

parties in interest; and due and adequate notice of the Motion having been given under the

circumstances; and the Court having entered an order on ~~January 14,~~February 1, 2008 [Docket

No. ~~    ]~~2858] (the "Sale Procedures Order"), approving the Sale Procedures and the form of

Notice of ~~Auction annexed thereto~~Bid Deadlines and Sale, and scheduling the ~~Auction~~Bid

Deadlines and a hearing (the "Sale Hearing") to approve the Sale of the BofA Non-Performing

Loans; and upon the record of the hearing on the Motion ~~held on February 14, 2008,~~ and the full

record of these cases; and after due deliberation thereon; and good and sufficient cause appearing

therefor:

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

2

A.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief sought in the Motion ~~are sections 105 and~~is section 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C.      For the reasons set forth in the Motion, due and adequate notice of the Motion, and the subject matter thereof has been provided to all parties-in-interest herein, and no other or further notice is necessary. A reasonable opportunity to object or to be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

D.      Granting the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested herein.

E.      The Sale Agreement between the Debtors and the Successful Bidder annexed hereto as Exhibit A (the "Successful Bidder Sale Agreement") and the Sale Agreement between the Debtors and the Second Best Bidder (together with the Successful Bidder, the "Purchaser") annexed hereto as Exhibit B (the "Second Best Bidder Sale Agreement") (together with the Successful Bidder Sale Agreement, the "Sale Agreement") has been entered into by the parties in good faith, from arms-length bargaining positions and without collusion. The Purchaser purchasing the pool of BofA Non-Performing Loans and REO Property set forth in the Sale Agreement in accordance with the Sale Procedures and pursuant to the Sale Agreement is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is

3

entitled to the protection thereof. Neither the Debtors nor the Purchaser have engaged in any

conduct that would cause or permit the Sale Agreement, or the Sale of the BofA Non-Performing

Loans and REO Property set forth in the Sale Agreement, to be avoided under 11 U.S.C. §

363(n).

F.    Under the circumstances, and due and adequate notice having been

provided, it is in the best interests of the Debtors, their creditors, and all other parties-in-interest

herein that the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement

be sold to the Purchaser under section 363(b) of the Bankruptcy Code and Bankruptcy Rules

2002(c)(1) and 6004(f)(1).

G.    The consideration provided by the Purchaser for the BofA Non-

Performing Loans and REO Property set forth in the Sale Agreement (i) is fair and reasonable,

(ii) ~~is~~represents the highest bid for the BofA Non-Performing Loans and REO Property set forth

in the Sale Agreement, and (iii) ~~will provide a greater recovery for the Debtors' creditors than~~

~~would be provided by any other available alternative, and (iv)~~ constitutes reasonably equivalent

value and fair consideration under the Bankruptcy Code and under the laws of the United States,

any state, territory or possession.

H.    The Debtors are authorized to sell the BofA Non-Performing Loans and

REO Property set forth in the Sale Agreement free and clear of all interests of any kind or nature

whatsoever, with such interests transferring and attaching to the proceeds of the Sale with the

same validity and priority as such interests had in the BofA Non-Performing Loans and REO

Property set forth in the Sale Agreement immediately prior to the Sale, because one or more of

the standards set forth in 11 U.S.C. § 363(f)(1)-(5) have been satisfied. Those holders of

interests who did not object to the Motion or the relief requested therein, or who interposed and

4

then withdrew their objections, are deemed to have consented to the sale pursuant to 11 U.S.C. § 363(f)(2). Those holders of interests who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any, attach to the proceeds of the Sales of the BofA Non-Performing Loans and REO Property.

      I.      Notwithstanding anything to the contrary in this Order or the Sale Agreement, to the extent any of the BofA Non-Performing Loans are determined to be an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the Purchaser shall remain subject to the same claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as the Purchaser would be subject to such claims and defenses of the consumer if such interest had been purchased at a sale not under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the Bankruptcy Code.

      J.      The Debtors are not selling personally identifiable information to the Purchaser. Additionally, (i) the privacy policy given by Debtors to homeowners does not prohibit the sale contemplated under the Sale Agreement and (ii) the sale is consistent with the privacy policy given by the Debtors to homeowners.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     The Motion is granted.

2.     Except as otherwise expressly provided in this Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits.

        066585.1001

3.      The Sale Agreement is hereby approved and shall apply with respect to the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement.

4.      Pursuant to this Order and sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors and the Purchaser, as well as their respective officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Sale Agreement and to sell, transfer, and convey the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement.  The Debtors shall transfer the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement to the Purchaser upon and as of the closing date and such transfer shall constitute a legal, valid, binding and effective transfer of such BofA Non-Performing Loans and REO Property.

5.      Upon consummation of the Sale, the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement shall be transferred to the Purchaser free and clear of all liens, claims, encumbrances, or other interests pursuant to Bankruptcy Code sections 105 and 363.section 363, provided that the liens and security interests of BofA in the BofA Non-Performing Loans and REO Property shall attach to the proceeds thereof to the extent of the validity and priority as such interests had in the BofA Non-Performing Loans and REO Property immediately prior to the Sale.

6.      This Order and the Sale Agreement shall be binding upon the Debtors, the Purchaser, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest.

6

7.      The Purchaser shall be deemed to be good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof.

~~8.      Notwithstanding anything to the contrary in this Order or the Sale Agreement, to the extent any of the Non-Performing Loans consist of an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the Purchaser shall remain subject to the same claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as the Purchaser would be subject to such claims and defenses of the consumer if such interest had been purchased at a sale not under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the Bankruptcy Code.~~

__8.__      ~~9.~~ The failure specifically to include any particular provisions of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

__9.__      __AHM Corp. shall pay the Expense Reimbursement(s) from the Sale proceeds to the extent any Expense Reimbursement is due and payable under the terms and requirements of the Sale Procedures Order and Sale Procedures.__

10.      All proceeds of the Sale received by the Debtors pursuant to the Sale Agreement, ~~but only to the extent of the Secured Lenders' liens,~~ with respect to the BofA Non-Performing Loans ~~and the JPMorgan Non-Performing Loans,~~ shall be paid to ~~BofA and JPMorgan, respectively, after the payment of~~ the Administrative Agent, after deducting all amounts required to pay the Expense Reimbursement ~~and the costs and expenses incurred by the Debtors in connection with disposing of such Secured Lenders' collateral.~~ (s), if any, and the

7

amount of $24,003.88 as necessary direct costs of selling the BofA Non-Performing Loans and REO Property, in accordance with the terms of the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties, approved by the Court on September 4, 2007, including any amendments or extensions thereto (the "Cash Collateral Order").

11.    All amounts required to be paid to the Debtors pursuant to the Sale Agreement and/or this Order shall be paid to the Administrative Agent by depositing such Sale proceeds directly into an account specified by the Administrative Agent in writing and shall be paid and applied in the manner set forth in the Cash Collateral Order.

12.    All rights of the Debtors to enforce the provisions under and pursuant to the Sale Agreement with respect to the BofA Non-Performing Loans and REO Property constitute "Collateral" (as defined in the Cash Collateral Order) of the Administrative Agent.

13.    All rights of the Debtors at law or in equity to seek payment or reimbursement from the Administrative Agent, and all rights of Administrative Agent to contest such relief, are hereby reserved with respect to the following: (i) any and all servicing advances or servicing advance obligations that were paid or have accrued but have not yet been paid prior to the closing of the Sale, and (ii) any and all tax or other obligations in connection with the Sale of the REO Property.

14.    11. To the extent that there are any inconsistencies between the Sale Agreement and this Order, the terms of this Order shall govern.

15.    12. Upon the closing of the Sale, the Debtors' rights and obligations to service the Non-Performing Loans with respect to such Sale shall terminate and the Purchaser shall have the right to designate a new servicer; provided, however, that the Debtors shall

8

provide interim servicing for the Non-Performing Loans pursuant to the Sale Agreement following the closing of each of the Sales until the Non-Performing Loans are transferred to a replacement servicer and the Debtors shall be entitled to receive the fees for such interim servicing set forth in the Sale Agreement.

16.    ~~13.~~Pursuant to Bankruptcy Rules 7062, 9014 and 6004(h), this Order shall be effective immediately upon entry.

17.    ~~14.~~This Court shall retain exclusive jurisdiction over any matters related to or arising from the implementation of this Order and the Sale Agreement.

Dated: _____, 2008
         Wilmington, Delaware

                              _____
                              Christopher S. Sontchi
                              United States Bankruptcy Judge

~~EXHIBIT A TO SALE ORDER~~

~~Successful Bidder Sale Agreement (to be filed)~~
~~EXHIBIT B TO SALE ORDER~~

~~Second Best Bidder Sale Agreement (to be filed)~~

9

Document comparison done by Workshare DeltaView on Tuesday, March 11, 2008
11:46:13 AM

| Input: | |
|---|---|
| Document 1 | interwovenSite://WSDMS/DB02/6447523/4 |
| Document 2 | interwovenSite://WSDMS/DB02/6575056/5 |
| Rendering set | standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | Count |
|---|---|
| Insertions | 77 |
| Deletions | 47 |
| Moved from | 2 |
| Moved to | 2 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 128 |

## **Exhibit B**

DB02:6650172.1

066585.1001

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) | |
| et al., | ) | Jointly Administered |
| | ) | |
| Debtors | ) | **Ref. Docket Nos. 2490, 2858 and 2997** |

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE: (I) AUTHORIZING THE SALE OF JPM NON-PERFORMING LOANS AND REO PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING SALE AGREEMENT THERETO; (III) AUTHORIZING THE DISTRIBUTION OF THE PROCEEDS; AND (IV) GRANTING RELATED RELIEF**

Upon the consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above-captioned cases (collectively, "AHM" or the "Debtors"),[2] pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), for entry of an order: (i) authorizing the sale or sales (the "Sale") of the JPM Non-Performing Loans and REO Property (as defined in the Sale Agreement) free and clear of liens, claims, encumbrances, and interests, pursuant to the Sale Agreement, (ii) authorizing and approving the Sale Agreement related thereto, (iii) authorizing the distribution of

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion, Sale Procedures, or Sale Agreement, as applicable.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

certain of the proceeds from the Sale to JPMorgan Chase Bank, N.A. ("JPMorgan"), under that

certain Senior Secured Credit Agreement, dated as of January 23, 2006 (the "JPM Credit

Agreement"), and (iv) granting such other related relief as the Court deems just and proper; and

the Court having determined that the relief provided herein is in the best interest of the Debtors,

their estates, their creditors and other parties in interest; and due and adequate notice of the

Motion having been given under the circumstances; and the Court having entered an order on

February 1, 2008 [Docket No. 2858] (the "Sale Procedures Order"), approving the Sale

Procedures and the form of Notice of Bid Deadlines and Sale, and scheduling the Bid Deadlines

and a hearing (the "Sale Hearing") to approve the Sale of the JPM Non-Performing Loans and

REO Property; and upon the record of the hearing on the Motion held on March 13, 2008, and

the full record of these cases; and after due deliberation thereon; and good and sufficient cause

appearing therefor:

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157

and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these

cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief sought in the Motion are sections

105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C.      For the reasons set forth in the Motion, due and adequate notice of the

Motion, and the subject matter thereof has been provided to all parties-in-interest herein, and no

other or further notice is necessary.  A reasonable opportunity to object or to be heard with

respect to the Motion and the relief requested therein has been afforded to all interested persons

and entities.

2

D.    Granting the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested herein.

E.    The Sale Agreement between the Debtors and _____, as the Successful Bidder, annexed hereto as Exhibit A (the "Successful Bidder Sale Agreement") and the Sale Agreement between the Debtors and the Second Best Bidder (together with the Successful Bidder, the "Purchaser") annexed hereto as Exhibit B (the "Second Best Bidder Sale Agreement") (together with the Successful Bidder Sale Agreement, the "Sale Agreement") has been entered into by the parties in good faith, from arms-length bargaining positions and without collusion. The Purchaser purchasing the pool of JPM Non-Performing Loans and REO Property in accordance with the Sale Procedures and pursuant to the Sale Agreement is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the Sale Agreement, or the Sale of the JPM Non-Performing Loans and REO Property, to be avoided under 11 U.S.C. § 363(n).

F.    Under the circumstances, and due and adequate notice having been provided, it is in the best interests of the Debtors, their creditors, and all other parties-in-interest herein that the JPM Non-Performing Loans and REO Property be sold to the Purchaser under section 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(c)(1) and 6004(f)(1).

G.    The consideration provided by the Purchaser for the JPM Non-Performing Loans and REO Property (i) is fair and reasonable, (ii) represents the highest bid for the JPM Non-Performing Loans and REO Property received by the Debtors, and (iii) is not less than the

3

value of the JPM Non-Performing Loans and REO Property. The purchase of the JPM Non-Performing Loans and REO Property is unavoidable under the Bankruptcy Code (including, without limitation Section 363(n)) and/or the laws of the United States or any state, territory or possession thereof.

H.    The Debtors are authorized to sell the JPM Non-Performing Loans and REO Property free and clear of all interests of any kind or nature whatsoever, with such interests transferring and attaching to the proceeds of the Sale with the same validity and priority as such interests had in the JPM Non-Performing Loans and REO Property immediately prior to the Sale, because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) have been satisfied. Those holders of interests who did not object to the Motion or the relief requested therein, or who interposed and then withdrew their objections, are deemed to have consented to the sale pursuant to 11 U.S.C. § 363(f)(2). Those holders of interests who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any, attach to the proceeds of the Sales of the JPM Non-Performing Loans and REO Property.

I.    Notwithstanding anything to the contrary in this Order or the Sale Agreement, to the extent any of the JPM Non-Performing Loans and REO Property are determined to be an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the Purchaser shall remain subject to the same claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as the Purchaser would be subject to such claims and defenses of the consumer if such interest

4

had been purchased at a sale not under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the Bankruptcy Code.

      J.     The Debtors are not selling personally identifiable information to the Purchaser. Additionally, (i) the privacy policy given by Debtors to homeowners does not prohibit the sale contemplated under the Sale Agreement and (ii) the sale is consistent with the privacy policy given by the Debtors to homeowners.

      K.     The Committee filed an objection to the Sale as it relates to the distribution of Sale proceeds to JPMorgan with respect to the proceeds received on account of certain REO Property contained in the Sale (the "REO Proceeds").

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     The Motion is granted as set forth herein.

2.     Except as otherwise expressly provided in this Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits.

3.     The Sale Agreement is hereby approved and shall apply with respect to the JPM Non-Performing Loans and REO Property (as defined in the Sale Agreement).

4.     Pursuant to this Order and sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors and the Purchaser, as well as their respective officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Sale Agreement and to sell, transfer, and convey the JPM Non-Performing Loans and REO Property. The Debtors shall transfer the JPM Non-Performing Loans and REO Property to the Purchaser

DB02:6562954.9

066585.1001

upon and as of the closing date and such transfer shall constitute a legal, valid, binding and effective transfer of such JPM Non-Performing Loans and REO Property.

5.     Upon consummation of the Sale, the JPM Non-Performing Loans and REO Property shall be transferred to the Purchaser free and clear of all liens, claims, encumbrances, or other interests to the fullest extent permitted pursuant to Bankruptcy Code sections 105 and 363.

6.     This Order and the Sale Agreement shall be binding upon the Debtors, the Purchaser, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest.

7.     The Purchaser shall be deemed to be good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof.

8.     The failure specifically to include any particular provisions of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

9.     Upon consummation of the Sale, all liens, claims, interests, and encumbrances of any kind or character against the JPM Non-Performing Loans and REO Property (including without limitation the liens and security interests of JPMorgan) shall attach to the proceeds of the Sale to the same extent and at the same level of priority as to the JPM Non-Performing Loans and REO Property prior to the Sale's consummation.

10.     Notwithstanding anything to the contrary herein or in the Sale Agreement, all proceeds of the Sale received shall be paid to AHM Corp., on behalf of itself and AHM Acceptance, and distributed or retained as follows:

066585.1001

i.   AHM Corp. shall pay the Expense Reimbursement(s) to the extent any Expense Reimbursement is due and payable under the terms and requirements of the Sale Procedures Order and Sale Procedures.

ii.  AHM Corp. shall retain, in escrow, in a segregated, interest bearing account, the amount of the Servicing Advances paid as of the Cut-off Date in the amount of _____ **[estimated to be $2,445,656.58 AS OF 1/31/08 – To be updated]** (the "Servicing Advance Escrow") subject to the rights of JPMorgan to, among other things, challenge or object to the validity or reasonableness of the Servicing Advances. The Debtors will provide JPMorgan with reasonably detailed supporting documentation of the Servicing Advances (the "Servicing Advances Documentation") at the closing of the Sale or as soon as practicable thereafter, but in no event more than five (5) business days after the closing of the Sale. Absent JPMorgan's written objection within thirty (30) days, AHM Corp. may indefeasibly release those Servicing Advances paid as of the Cut-off Date. Nothing set forth herein shall constitute a waiver by JPMorgan of its rights to challenge or object to the amount of the Servicing Advances on any basis whatsoever, nor the Debtors rights and defenses to any such challenge or objection. To the extent that JPMorgan objects to any part of the Servicing Advances, the Debtors shall not release those funds until there is an agreement between the parties or a final order of the Court directing the Debtors to release such funds.

iii. AHM Corp. shall retain, in escrow, in a segregated, interest bearing account, the amount of the Servicing Advances accrued, but not paid as of the Cut-off Date in the amount of _____ **[estimated to be $740,000 AS OF 1/31/08 – To be updated]** (the "Accrued Servicing Advance Escrow"), subject to the rights of JPMorgan to, among other things, challenge or object to the validity or reasonableness of the Accrued Servicing Advances. The Debtors will provide JPMorgan with reasonably detailed supporting documentation of the Accrued Servicing Advances (the "Accrued Servicing Advances Documentation") at the closing of the Sale or as soon as practicable thereafter. Absent JPMorgan's written objection within thirty (30) days, AHM Corp. may indefeasibly release those funds related to the Accrued Servicing Advances. Nothing set forth herein shall constitute a waiver by JPMorgan of its rights to challenge or object to the amount of the Accrued Servicing Advances on any basis whatsoever, nor the Debtors rights and defenses to any such challenge or objection. To the extent that JPMorgan objects to any part of the Accrued Servicing Advances, the Debtors shall not release those funds until there is an agreement between the parties or a final order of the Court directing the Debtors to release such funds. To the extent that any funds remain in the Accrued Servicing Advances Escrow after application to the Servicing Advances that remained unpaid

DB02:6562954.9

066585.1001

as of the Cut-off Date, such funds shall be promptly distributed to JPMorgan.

iv.    AHM Corp. shall retain, in escrow, in a segregated, interest bearing account, the amount of REO Proceeds until the earlier of (1) an agreement between JPMorgan, the Debtors and the Committee; or (2) a final order of this Court directing the Debtors to release the funds.

v.    AHM Corp. shall distribute all Sale proceeds, other than those held pursuant to paragraph 10(i)-(iv), to JPMorgan within two (2) business days after the Sale is closed, subject to the Debtors' rights, if any, to seek (a) disgorgement of such proceeds from JPMorgan in connection with a final order disallowing JPMorgan's secured claim or otherwise invalidating JP Morgan's liens or (b) to surcharge JPMorgan's collateral in connection with the Sale, upon agreement with JPMorgan or motion pursuant to section 506(c) or other provision of the Bankruptcy Code or under any theory at law or in equity and subject to JPMorgan's right to object or consent thereto.

11.    To the extent that there are any inconsistencies between the Sale Agreement and this Order, the terms of this Order shall govern.

12.    Upon the closing of the Sale, the Debtors' rights and obligations to service the JPM Non-Performing Loans and REO Property with respect to such Sale shall terminate and the Purchaser shall have the right to designate a new servicer; provided, however, that the Debtors shall provide interim servicing for the JPM Non-Performing Loans and REO Property pursuant to the Sale Agreement following the closing of each of the Sales until the JPM Non-Performing Loans and REO Property are transferred to a replacement servicer and the Debtors shall be entitled to receive the fees and costs for such interim servicing set forth in the Sale Agreement.

13.    Pursuant to Bankruptcy Rules 7062, 9014 and 6004(h), this Order shall be effective immediately upon entry.

066585.1001

14.    This Court shall retain exclusive jurisdiction over any matters related to arising from the implementation of this Order and the Sale Agreement.


Dated: _____, 2008
       Wilmington, Delaware

                                     _____
                                     Christopher S. Sontchi
                                     United States Bankruptcy Judge

DB02:6562954.9

066585.1001

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware | ) | |
| corporation, et al., | ) | Jointly Administered |
| | ) | |
| Debtors | ) | Ref. Docket ~~No~~Nos.  2490, 2858 and 2997 |

## ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE: (I) AUTHORIZING THE SALE OF JPM NON-PERFORMING LOANS AND REO PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING SALE AGREEMENT THERETO; (III) AUTHORIZING THE DISTRIBUTION OF THE PROCEEDS; AND (IV) GRANTING RELATED RELIEF

Upon the consideration of the motion (the "Motion")[1] of American Home Mortgage

Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and

debtors in possession in the above-captioned cases (collectively, "AHM" or the "Debtors"),[2]

pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et

seq. (the "Bankruptcy Code"), for entry of an order:  (i) authorizing the sale or sales (the "Sale")

of ~~certain non-performing mortgage loans (collectively, the "~~the JPM Non-Performing Loans"

and REO Property (as defined in the Sale Agreement) free and clear of liens, claims,

encumbrances, and interests, pursuant to the Sale Agreement, (ii) authorizing and approving the

Sale Agreement related thereto, (iii) authorizing the distribution of certain of the proceeds from

---

[1]  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion ~~or the~~, Sale Procedures, ~~respectively~~or Sale Agreement, as applicable.

[2]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

066585.1001

the Sale to ~~the secured lenders, which include, Bank of America, N.A., as Administrative Agent~~ ~~(the "BofA"), under that certain Second Amended and Restated Credit Agreement dated as of~~ ~~August 10, 2006, and~~ JPMorgan Chase Bank, N.A. ("JPMorgan"), under that certain Senior Secured Credit Agreement, dated as of January 23, ~~2006, as applicable~~2006 (the "JPM Credit Agreement"), and (iv) granting such other related relief as the Court deems just and proper; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and the Court having entered an order on ~~January 14,~~February 1, 2008 [Docket No. ~~——]~~2858] (the "Sale Procedures Order"), approving the Sale Procedures and the form of Notice of ~~Auction annexed thereto~~Bid Deadlines and Sale, and scheduling the ~~Auction~~Bid Deadlines and a hearing (the "Sale Hearing") to approve the Sale of the JPM Non-Performing Loans and REO Property; and upon the record of the hearing on the Motion held on ~~February 14,~~March 13, 2008, and the full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor:

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C.    For the reasons set forth in the Motion, due and adequate notice of the Motion, and the subject matter thereof has been provided to all parties-in-interest herein, and no other or further notice is necessary.  A reasonable opportunity to object or to be heard with

2

respect to the Motion and the relief requested therein has been afforded to all interested persons

and entities.

D.      Granting the relief requested in the Motion is in the best interests of the

Debtors, their estates, their creditors, and other parties in interest.  The Debtors have

demonstrated good, sufficient, and sound business purposes and justifications for the relief

requested herein.

E.      The Sale Agreement between the Debtors and _____, as the

Successful Bidder, annexed hereto as <u>Exhibit A</u> (the "<u>Successful Bidder Sale Agreement</u>") and

the Sale Agreement between the Debtors and the Second Best Bidder (together with the

Successful Bidder, the "<u>Purchaser</u>") annexed hereto as <u>Exhibit B</u> (the "<u>Second Best Bidder Sale</u>

<u>Agreement</u>") (together with the Successful Bidder Sale Agreement, the "<u>Sale Agreement</u>") has

been entered into by the parties in good faith, from arms-length bargaining positions and without

collusion.  The Purchaser purchasing the pool of <u>JPM</u> Non-Performing Loans ~~set forth in the Sale~~

~~Agreement~~<u>and REO Property</u> in accordance with the Sale Procedures and pursuant to the Sale

Agreement is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy

Code and is entitled to the protection thereof.  Neither the Debtors nor the Purchaser have

engaged in any conduct that would cause or permit the Sale Agreement, or the Sale of the <u>JPM</u>

Non-Performing Loans ~~set forth in the Sale Agreement~~<u>and REO Property</u>, to be avoided under 11

U.S.C. § 363(n).

F.      Under the circumstances, and due and adequate notice having been

provided, it is in the best interests of the Debtors, their creditors, and all other parties-in-interest

herein that the <u>JPM</u> Non-Performing Loans ~~set forth in the Sale Agreement~~<u>and REO Property</u> be

3

066585.1001

sold to the Purchaser under section 363(b) of the Bankruptcy Code and Bankruptcy Rules
2002(c)(1) and 6004(f)(1).

G.    The consideration provided by the Purchaser for the JPM Non-Performing
Loans ~~set forth in the Sale Agreement~~and REO Property (i) is fair and reasonable, (ii)
~~is~~represents the highest ~~bid~~ for the JPM Non-Performing Loans ~~set forth in the Sale Agreement,~~
~~(iii) will provide a greater recovery for the Debtors' creditors than would be provided by any~~
~~other available alternative, and (iv) constitutes reasonably equivalent value and fair~~
~~consideration~~and REO Property received by the Debtors, and (iii) is not less than the value of the
JPM Non-Performing Loans and REO Property. The purchase of the JPM Non-Performing Loans
and REO Property is unavoidable under the Bankruptcy Code ~~and under~~(including, without
limitation Section 363(n)) and/or the laws of the United States~~,~~ or any state, territory or
possession thereof.

H.    The Debtors are authorized to sell the JPM Non-Performing Loans ~~set~~
~~forth in the Sale Agreement~~and REO Property free and clear of all interests of any kind or nature
whatsoever, with such interests transferring and attaching to the proceeds of the Sale with the
same validity and priority as such interests had in the JPM Non-Performing Loans ~~set forth in the~~
~~Sale Agreement~~and REO Property immediately prior to the Sale, because one or more of the
standards set forth in 11 U.S.C. § 363(f)(1)-(5) have been satisfied.  Those holders of interests
who did not object to the Motion or the relief requested therein, or who interposed and then
withdrew their objections, are deemed to have consented to the sale pursuant to 11 U.S.C. §
363(f)(2).  Those holders of interests who did object fall within one or more of the other
subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any,
attach to the proceeds of the Sales of the JPM Non-Performing Loans and REO Property.

4

066585.1001

I.    Notwithstanding anything to the contrary in this Order or the Sale Agreement, to the extent any of the JPM Non-Performing Loans and REO Property are determined to be an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the Purchaser shall remain subject to the same claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as the Purchaser would be subject to such claims and defenses of the consumer if such interest had been purchased at a sale not under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the Bankruptcy Code.

J.    The Debtors are not selling personally identifiable information to the Purchaser. Additionally, (i) the privacy policy given by Debtors to homeowners does not prohibit the sale contemplated under the Sale Agreement and (ii) the sale is consistent with the privacy policy given by the Debtors to homeowners.

K.    The Committee filed an objection to the Sale as it relates to the distribution of Sale proceeds to JPMorgan with respect to the proceeds received on account of certain REO Property contained in the Sale (the "REO Proceeds").

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is granted as set forth herein.

2.    Except as otherwise expressly provided in this Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits.

3.    The Sale Agreement is hereby approved and shall apply with respect to the JPM Non-Performing Loans set forth and REO Property (as defined in the Sale Agreement).

5

066585.1001

4.    Pursuant to this Order and sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors and the Purchaser, as well as their respective officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Sale Agreement and to sell, transfer, and convey the JPM Non-Performing Loans set forth in the Sale Agreement and REO Property.  The Debtors shall transfer the JPM Non-Performing Loans set forth in the Sale Agreement and REO Property to the Purchaser upon and as of the closing date and such transfer shall constitute a legal, valid, binding and effective transfer of such JPM Non-Performing Loans and REO Property.

5.    Upon consummation of the Sale, the JPM Non-Performing Loans set forth in the Sale Agreement and REO Property shall be transferred to the Purchaser free and clear of all liens, claims, encumbrances, or other interests to the fullest extent permitted pursuant to Bankruptcy Code sections 105 and 363.

6.    This Order and the Sale Agreement shall be binding upon the Debtors, the Purchaser, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest.

7.    The Purchaser shall be deemed to be good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof.

8.    Notwithstanding anything to the contrary in this Order or the Sale Agreement, to the extent any of the Non-Performing Loans consist of an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the Purchaser shall

~~remain subject to the same claims and defenses that are related to such consumer credit~~

~~transaction or such consumer credit contract to the same extent as the Purchaser would be subject~~

~~to such claims and defenses of the consumer if such interest had been purchased at a sale not~~

~~under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the Bankruptcy~~

~~Code.~~

8.    ~~9.~~ The failure specifically to include any particular provisions of the Sale

Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being

the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

9.    Upon consummation of the Sale, all liens, claims, interests, and encumbrances of

any kind or character against the JPM Non-Performing Loans and REO Property (including

without limitation the liens and security interests of JPMorgan) shall attach to the proceeds of the

Sale to the same extent and at the same level of priority as to the JPM Non-Performing Loans

and REO Property prior to the Sale's consummation.

10.    ~~All~~ Notwithstanding anything to the contrary herein or in the Sale Agreement, all

proceeds of the Sale received ~~by the Debtors pursuant to the Sale Agreement, but only to the~~

~~extent of the Secured Lenders' liens, with respect to the BofA Non-Performing Loans and the~~

~~JPMorgan Non-Performing Loans, shall be paid to BofA and JPMorgan, respectively, after the~~

~~payment of the Expense Reimbursement and the costs and expenses incurred by the Debtors in~~

~~connection with disposing of such Secured Lenders' collateral.~~ shall be paid to AHM Corp., on

behalf of itself and AHM Acceptance, and distributed or retained as follows:

i.    AHM Corp. shall pay the Expense Reimbursement(s) to the extent any
Expense Reimbursement is due and payable under the terms and
requirements of the Sale Procedures Order and Sale Procedures.

ii.    AHM Corp. shall retain, in escrow, in a segregated, interest bearing
account, the amount of the Servicing Advances paid as of the Cut-off Date

in the amount of _____ [estimated to be $2,445,656.58 AS OF 1/31/08 – To be updated] (the "Servicing Advance Escrow") subject to the rights of JPMorgan to, among other things, challenge or object to the validity or reasonableness of the Servicing Advances. The Debtors will provide JPMorgan with reasonably detailed supporting documentation of the Servicing Advances (the "Servicing Advances Documentation") at the closing of the Sale or as soon as practicable thereafter, but in no event more than five (5) business days after the closing of the Sale. Absent JPMorgan's written objection within thirty (30) days, AHM Corp. may indefeasibly release those Servicing Advances paid as of the Cut-off Date. Nothing set forth herein shall constitute a waiver by JPMorgan of its rights to challenge or object to the amount of the Servicing Advances on any basis whatsoever, nor the Debtors rights and defenses to any such challenge or objection. To the extent that JPMorgan objects to any part of the Servicing Advances, the Debtors shall not release those funds until there is an agreement between the parties or a final order of the Court directing the Debtors to release such funds.

iii.   AHM Corp. shall retain, in escrow, in a segregated, interest bearing account, the amount of the Servicing Advances accrued, but not paid as of the Cut-off Date in the amount of _____ [estimated to be $740,000 AS OF 1/31/08 – To be updated] (the "Accrued Servicing Advance Escrow"), subject to the rights of JPMorgan to, among other things, challenge or object to the validity or reasonableness of the Accrued Servicing Advances. The Debtors will provide JPMorgan with reasonably detailed supporting documentation of the Accrued Servicing Advances (the "Accrued Servicing Advances Documentation") at the closing of the Sale or as soon as practicable thereafter. Absent JPMorgan's written objection within thirty (30) days, AHM Corp. may indefeasibly release those funds related to the Accrued Servicing Advances. Nothing set forth herein shall constitute a waiver by JPMorgan of its rights to challenge or object to the amount of the Accrued Servicing Advances on any basis whatsoever, nor the Debtors rights and defenses to any such challenge or objection. To the extent that JPMorgan objects to any part of the Accrued Servicing Advances, the Debtors shall not release those funds until there is an agreement between the parties or a final order of the Court directing the Debtors to release such funds. To the extent that any funds remain in the Accrued Servicing Advances Escrow after application to the Servicing Advances that remained unpaid as of the Cut-off Date, such funds shall be promptly distributed to JPMorgan.

iv.   AHM Corp. shall retain, in escrow, in a segregated, interest bearing account, the amount of REO Proceeds until the earlier of (1) an agreement between JPMorgan, the Debtors and the Committee; or (2) a final order of this Court directing the Debtors to release the funds.

8

> v.    AHM Corp. shall distribute all Sale proceeds, other than those held pursuant to paragraph 10(i)-(iv), to JPMorgan within two (2) business days after the Sale is closed, subject to the Debtors' rights, if any, to seek (a) disgorgement of such proceeds from JPMorgan in connection with a final order disallowing JPMorgan's secured claim or otherwise invalidating JP Morgan's liens or (b) to surcharge JPMorgan's collateral in connection with the Sale, upon agreement with JPMorgan or motion pursuant to section 506(c) or other provision of the Bankruptcy Code or under any theory at law or in equity and subject to JPMorgan's right to object or consent thereto.

11.    To the extent that there are any inconsistencies between the Sale Agreement and this Order, the terms of this Order shall govern.

12.    Upon the closing of the Sale, the Debtors' rights and obligations to service the JPM Non-Performing Loans and REO Property with respect to such Sale shall terminate and the Purchaser shall have the right to designate a new servicer; provided, however, that the Debtors shall provide interim servicing for the JPM Non-Performing Loans and REO Property pursuant to the Sale Agreement following the closing of each of the Sales until the JPM Non-Performing Loans and REO Property are transferred to a replacement servicer and the Debtors shall be entitled to receive the fees and costs for such interim servicing set forth in the Sale Agreement.

13.    Pursuant to Bankruptcy Rules 7062, 9014 and 6004(h), this Order shall be effective immediately upon entry.

066585.1001

14.    This Court shall retain exclusive jurisdiction over any matters related to arising

from the implementation of this Order and the Sale Agreement.


Dated: _____, 2008
        Wilmington, Delaware


                                    _____
                                    Christopher S. Sontchi
                                    United States Bankruptcy Judge

10

066585.1001

## EXHIBIT A TO SALE ORDER

**Successful Bidder Sale Agreement (to be filed)**

## EXHIBIT B TO SALE ORDER

**Second Best Bidder Sale Agreement (to be filed)**

Document comparison done by Workshare DeltaView on Tuesday, March 11, 2008 11:59:40 AM

| Input: | |
|---|---|
| Document 1 | interwovenSite://WSDMS/DB02/6447523/4 |
| Document 2 | interwovenSite://WSDMS/DB02/6562954/9 |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | Count |
|---|---|
| Insertions | 87 |
| Deletions | 35 |
| Moved from | 3 |
| Moved to | 3 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 128 |