**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | |
| | **Hearing Date: TBD** |
| | **Objection Deadline: TBD** |

**DEBTORS' MOTION PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE DEBTORS TO FILE, UNDER SEAL, THE PURCHASE PRICES WITH RESPECT TO THE NOTICE OF THE SUCCESSFUL BIDS**

The above-captioned debtors and debtors-in-possession (collectively, "AHM" or the "Debtors"), by and through their undersigned attorneys, hereby submit this motion (the "Motion to File Under Seal") for entry of an order, pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to file, under seal, the Purchase Prices

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

with respect to the Debtor's Notice of the Successful Bids (the "Notice of Successful Bids"). In support of the Motion to File Under Seal, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1005(b) of the Federal Rules of Bankruptcy Procedure. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On August 14, 2007, the United States Trustee for the District of Delaware appointed The Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested are sections 107(b) and Bankruptcy Rule 9018.

## BACKGROUND[2]

4. On August 6, 2007 (the "Petition Date") each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] A detailed description of the Debtors' businesses and related business information is set forth in the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief [D.I. 2] and is incorporated herein by reference.

5. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

6. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

7. In the weeks prior to the Petition Date, an unprecedented disruption in the credit markets caused major write-downs of the Debtors' loan and security portfolios and consequently resulted in margin calls for hundreds of millions of dollars with respect to the Debtors' loans. During this time, certain of the Debtors' warehouse lenders began to exercise remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and threatening the company's continued viability.

8. The Debtors' inability to originate loans and the exercise of remedies by certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the Debtors to discontinue their retail and indirect loan origination business. Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets.

9. Prior to the Petition Date, a large component of the Debtors' business was the servicing of mortgage loans (the "Servicing Business"). Commencing on October 2, 2007, this Court held a hearing (the "Sale Hearing") to consider the Debtors' motion to sell the Servicing Business. By Order dated October 30, 2007, (the "Sale Order") [Docket No. 1711], the Court approved and authorized the sale of the Debtors' Servicing Business (the "Servicing

Sale") to AH Mortgage Acquisition Co., Inc., an affiliate of W.L. Ross & Co., LLC. (such affiliate, the "Purchaser") pursuant to the terms of that certain Asset Purchase Agreement dated as of September 25, 2007 (as amended and together with all exhibits and schedules thereto, the "APA").

10. Pursuant to the APA, the Servicing Sale will close in two steps. At the "economic" close, which occurred on November 16, 2007 (the "Initial Closing"), the Purchaser paid the Purchase Price in the manner and to the parties as provided in the APA and related agreements referenced therein. From the Initial Closing Date until the "legal" close (the "Final Closing"), the Debtors agreed to operate the Servicing Business in the Ordinary Course of Business, subject to the Bankruptcy Exceptions, for the economic benefit and risk of the Purchaser. The Final Closing has not yet occurred, but is required to occur no later than September 30, 2008.

**RELEVANT BACKGROUND**

11. On December 22, 2007, the Debtors filed the Motion of the Debtors for Orders: (a)(i) Approving Sale Procedures; (ii) Approving Payment of the Expense Reimbursement; (iii) Scheduling a Hearing to Consider Sale of Certain Non-Performing Loans; (iv) Approving Form and Manner of Notice Thereof; and (v) Granting Related Relief; and (b)(i) Authorizing the Sale of Non-Performing Loans Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing and Approving Sale Agreement Thereto; (iii) Authorizing the Distribution of the Proceeds; and (iv) Granting Related Relief [Docket No. 2490] (the "Non-Performing Loan Sale Motion").

12. On February 1, 2008, the Court entered an order granting the Non-Performing Loan Sale Motion [Docket No. 2858] (the "the Sale Procedures Order") and (i)

approving the sale procedures (the "Sale Procedures") with respect to one or more proposed sales (each, a "Sale") of certain non-performing mortgage loans (the "Non-Performing Loans"), (ii) approving payment of the Expense Reimbursement, (iii) approving the form of Notice for the Bid Deadline and the Sale Hearing, (iv) scheduling a hearing (the "Sale Hearing") for the Sales and setting objection and bidding deadlines with respect to the Sale; and (v) granting related relief.

13. The Sale Hearing with respect to the BofA and JPM Non-Performing Loans is scheduled for March 13, 2008 at 10:00 a.m. (ET). Pursuant to the Notice of Modified Bid Deadlines and Sale-Related Dates Solely with Respect to the Unencumbered Non-Performing Loans, the Sale Hearing[3] with respect to the Sale of the Unencumbered Non-Performing Loans was adjourned to March 27, 2008. Pursuant to the Sale Procedures Order, the Debtors received Qualified Bids with respect to the BofA Non-Performing Loans and JPM Non-Performing Loans. In accordance with the Sale Procedures Order, on March 12, 2008, the Debtor filed the Notice of the Successful Bids identifying the Successful Bidders of the BofA Non-Performing Loans and the JPM Non-Performing Loans. The notice, however, does not identify the purchase prices (collectively, the "Purchase Prices") due to the sensitivity and commercial nature of the Purchase Prices.

## RELIEF REQUESTED

14. By this Motion, the Debtors respectfully request that the Court enter an order authorizing the Debtors to file an unredacted version of Exhibit A to the Notice of Successful Bids under seal and directing that the unredacted Exhibit A shall remain under seal,

[3] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Sale Procedures Order.

confidential and not be made available to anyone, except to (i) the Court, (ii) the U.S. Trustee, (iii) counsel to the Committee, (iv) counsel to Bank of America, and (v) counsel to JPMorgan, as applicable, until (a) the date the Court enters an order approving the Sale of the Unencumbered Non-Performing Loans or April 14, 2008, whichever date is earlier, or (b) further order of the Bankruptcy Court.[4]

**BASIS FOR RELIEF**

15. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may --
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

16. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code section 107(b), and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information…." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b)

---

[4] An unredacted copy of the Notice of Successful Bids will be submitted to the Court in a separate prominently marked envelope as directed by Local Rule 9018-1(b).

additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

17. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d at 27.

18. The Debtors submit that the Purchase Prices for the BofA Non-Performing Loans and JPM Non-Performing Loans satisfy one of the categories in section 107(b) of the Bankruptcy Code. The Debtors submit that the Purchase Prices constitute confidential commercial information. Commercial information has been defined as information that would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." In re Orion Pictures Corp., 21 F.3d at 27.

19. Although the Debtors have received Qualified Bids and determined Successful Bidders for the BofA and JPM Non-Performing Loans, the Debtors have yet to determine a Successful Bidder for a third pool of Unencumbered Non-Performing Loans. Filing the Purchase Prices for the BofA and JPM Non-Performing Loans under seal is necessary to ensure that the Debtors maximize the value of the Unencumbered Non-Performing Loans, as publicly filing the Purchase Prices at this time may have a negative impact on the bidding on the remaining Unencumbered Non-Performing loans.

20. In order to maximize the value the Debtors receive for the remaining Unencumbered Non-Performing loans, the Debtors respectfully request that this Court grant the relief requested herein. Based on the circumstances described above, the Debtors believe that they have provided sufficient evidence to show that filing of the Purchase Prices for the BofA Non-Performing Loans and JPM Non-Performing Loans under seal outweighs the presumption of public access to court records and the settlements. See In re Muma Services, Inc. et al., 279 B.R. 478, 485 (Bankr. D. Del. 2002). Permitting the Debtors to file the unredacted version of Exhibit A to the Notice of Successful Bids under seal will serve the purpose of maximizing value for the Debtors' estates and its creditors. Id.

21. As previously stated, to ensure that the key constituencies in these cases receive adequate disclosure, the Debtors will provide copies of the unredacted Exhibit A to (i) the Court, (ii) the U.S. Trustee, (iii) counsel to the Committee, (iv) counsel to Bank of America, and (v) counsel to JPMorgan, as applicable, which parties shall be required to keep confidential the unredacted version of Exhibit A to the Notice of Successful Bids. The Debtors submit that such disclosure will provide sufficient safeguards to ensure that the relief requested in this Motion will not adversely affect the interests of parties to these chapter 11 proceedings.

**NOTICE**

22. The Debtors will hand deliver or email the Notice of Successful Bids to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America; (iv) counsel to JPMorgan; and (v) all parties entitled to notice under Local Rule 2002-1(b).

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached hereto authorizing the Debtors to file an unredacted version of the Notice of Successful Bids under seal and grant such other relief as the Court deems just and proper.

Dated: Wilmington, Delaware
March 12, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Donald J. Bowman, Jr. (No. 4383)
Robert F. Poppiti, Jr. (No. 5052)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | |
| | **Ref. Docket No.:** ________ |

**ORDER AUTHORIZING THE DEBTORS TO FILE, UNDER SEAL, THE PURCHASE PRICES WITH RESPECT TO THE NOTICE OF THE SUCCESSFUL BIDS**

Upon consideration of the motion (the "Motion to File Under Seal")[2] for entry of an order pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to file an unredacted Notice of the Successful Bids (the "Notice of Successful Bids") under seal; and the Court having determined that the relief requested in the Motion to File Under Seal is in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and due and adequate notice of the Motion to File Under Seal having been

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

given under the circumstances; and upon the remainder of the record herein; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion to File Under Seal is Granted; and it is further

ORDERED that the redacted portions of the Notice of Successful Bids (the "Redacted Portions") are confidential and the Debtors are hereby authorized to file the Redacted Portions under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b); and it is further

ORDERED that the Redacted Portions shall remain under seal, confidential and shall not be made available to anyone, except to (i) the Court, (ii) the U.S. Trustee, (iii) counsel to the Committee, (iv) counsel to Bank of America, and (v) counsel to JPMorgan, as applicable, until (a) the date the Court enters an order approving the Sale of the Unencumbered Non-Performing Loans or April 14, 2008, whichever date is earlier, or (b) further order of the Bankruptcy Court; and it is further

ORDERED that the United States Trustee, counsel to the Committee, counsel to Bank of America, and counsel to JPMorgan shall keep confidential the Redacted Portions; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
March ______, 2008

______________________________
Christopher S. Sontchi
United States Bankruptcy Judge

[2] All capitalized terms included but not defined herein shall have the meaning ascribed to such terms in the Motion to File Under Seal.