UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>(Jointly Administered)<br><br>Hearing Date: March 27, 2008 at 11:00 am (ET)<br>Objection Deadline: March 17, 2008 at 4:00 pm (ET)<br><br>RE: Docket No. 3107 |

LIMITED OBJECTION TO DEBTORS' MOTION
FOR ENTRY OF AN ORDER APPROVING THE STIPULATION BY AND
AMONG THE DEBTORS, CERTAIN CURRENT AND FORMER
DIRECTORS AND OFFICERS OF THE DEBTORS, ANDTHE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER
GRANTING RELIEF FROM THE AUTOMATIC STAY, TO ENFORCE
INSURANCE POLICY IN FAVOR OF INSURED PERSONS [D.I. No. 3107]

New England Teamsters & Trucking Industry Pension Fund, Iron Workers Local No. 25 Pension Fund, Alaska Laborers Employers Retirement Fund, Iron Workers Tennessee Valley Pension Fund and the City of Philadelphia Board of Pensions and Retirement (collectively, the "Institutional Investor Group"),[1] hereby submit this Limited Objection (the "Objection") to Debtors' Motion For Entry Of An Order Approving The Stipulation By And Among The Debtors, Certain Current And Former Directors And Officers Of The Debtors, And The Official Committee Of Unsecured Creditors For An Order Granting Relief From the Automatic Stay, To Enforce Insurance Policy In Favor Of Insured Persons (the "Motion") and state the following:

---

[1] The members of the Institutional Investor Group filed a motion seeking their appointment as Lead Plaintiffs in the securities class action pending in the United States District Court for the Eastern District of New York (the "District Court"), the lowest numbered of which is *Elliot Greenberg v. American Home Mortgage Investment Corp., et al.*, Civil Action No. 2:07-cv-03152-TCP-ETB (the "Securities Litigation").

21214/2
03/13/08 5320858.1

**PRELIMINARY STATEMENT**

1. The Institutional Investor Group does not object to the ultimate relief sought in the Motion and Stipulation,[2] but respectfully requests that any order granting the relief be clarified, as set forth herein, to avoid any confusion or prejudice.

**BACKGROUND**

2. On August 6, 2007 (the Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

3. Preceding and subsequent to the Petition Date, approximately eighteen (18) putative class action complaints, including the *Greenberg* complaint, were filed in the District Court, alleging violations by American Home Mortgage Investment Corp. ("AHMIC"), one of the Debtors, and certain current or former officers and directors of AHMIC (the "Individual Non-Debtor Defendants") of certain federal securities laws, including Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder (the "Securities Laws").

4. On or about October 1, 2007, the Institutional Investor Group filed a motion for (i) consolidation of the eighteen pending cases, (ii) its appointment as Lead Plaintiff and (iii) approval of Coughlin Stoia Geller Rudman & Robbins LLP and Schiffrin Barroway Topaz & Kessler, LLP to serve as Lead Counsel. Other plaintiffs filed motions seeking their appointment as Lead Plaintiff.

5. The District Court has not yet ruled on the competing motions for Lead Plaintiff, but it is anticipated that any Lead Plaintiff will be directed to file an amended consolidated complaint after being appointed by the District Court.

---

[2] Capitalized terms shall have the meanings ascribed to them in the Motion unless defined otherwise herein.

6.  Although AHMIC was named as a defendant in several of the (pre-petition) class action complaints (*see* ¶3, *supra*), any amended consolidated complaint, to the extent it names AHMIC, will be stayed as against AHMIC pursuant to the dictates of 11 U.S.C. § 362(a), but will proceed against the Non-Debtor Defendants.

## THE MOTION

7.  The Debtors maintain one primary and four excess insurance policies (collectively, the "Insurance Policies") providing, among other insurance coverage, reimbursement to the Insured Persons of certain legal fees and expenses incurred by them in defense of, *inter alia*, the Securities Litigation. *See* Motion, ¶8.

8.  Although prepared to advance the defense costs in accordance with the terms of the Primary Insurance Policy, the Primary Insurer is concerned that it would be at risk of violating the automatic stay if the proceeds of the Insurance Policy are later determined to be property of the Debtors' estates. *See* Motion, ¶9.

9.  The Debtors, the Insured Persons and the Committee, with the approval of the Primary Insurer, entered into the Stipulation modifying the automatic stay, to the extent it may apply, so as to permit the Primary Insurer to advance up to $5.0 million from the Primary Insurance Policy[3] to the Insured Persons. *See* Settlement, ¶7(a).

10. The Debtors filed this Motion at the request of the Primary Insurer to seek relief from the automatic stay to effectuate the Stipulation, to the extent it may apply. *See* Motion, ¶9.

11. The Debtors take no position as to whether or not the proceeds of the Policies are property of the Debtors' estates and specifically state in the Motion that "the benefits to the estates from distributing the proceeds of the Insurance Policies . . . warrant lifting the automatic

---

[3] The Primary Insurance Policy provides up to $10 million in coverage. Each of the four excess Insurance Policies provides $10 million in coverage, for a total of $50 million in coverage provided by all of the Insurance Policies.

stay, to the extent it may apply, *without determining whether or to what extent the proceeds of the policies may constitute property of the estates.*" *See* Motion, ¶16 (emphasis added).

### **LIMITED OBJECTION**

12.     Some of the Insured Persons are the Individual Non-Debtor Defendants in the Securities Litigation.

13.     The claims asserted by the Institutional Investor Group in the Securities Litigation against the Individual Non-Debtor Defendants are covered by the Insurance Policies.

14.     Accordingly, the Institutional Investor Group and the putative class have an interest in the proceeds of the Insurance Policies and, while not objecting to the payment of Defense Costs to the Insured Persons as provided in the Stipulation, request that any order entered with respect to the Motion provide language as suggested in paragraph 18, *infra*, clarifying that the order does not constitute a determination that the proceeds of the Insurance Policies are or are not property of the estates.

15.     The Parties to the Stipulation do not appear to be seeking a determination that the proceeds of the Insurance Policy or Policies are property of the estates. Indeed, the Stipulation provides that the Parties to the Stipulation "reserve all rights, including but not limited to asserting that the proceeds of the Insurance Policies are, or are not, property of the Debtors' estates." *See* Stipulation, ¶7(b).

16.     However, the nature of the relief sought by the Motion may, at the very least, imply or infer that stay relief is necessary and therefore that the proceeds of the Insurance Policies are property of the estates. Moreover, the entry of the proposed Order granting relief from the automatic stay to enforce the Stipulation may be interpreted as a determination that the underlying proceeds of the Insurance Policies are property of the Debtors' estates.

Notwithstanding the language in the Motion and the Stipulation, the proposed Order is silent as to these issues. The absence of such language in the Order, despite its inclusion in the Motion and Stipulation, may be misleading or could ultimately cause confusion.

17. The Institutional Investor Group maintains that the proceeds of the Insurance Parties are not property of the Debtors' estates and, therefore, the automatic stay is not implicated. The Institutional Investor Group reserves its rights to make that argument in more detail when and if the time comes. Therefore, the Institutional Investor Group objects to entry of the proposed Order approving the Stipulation unless any inference, implication or interpretation of that Order that the proceeds of the Insurance Policies constitute property of the Debtors' estates is expressly dealt with through the addition of appropriate language.

18. The Order, therefore, should affirmatively provide that it does not constitute a determination that the proceeds of the Insurance Policies are property of the Debtors' estates, by including the following language:

> Nothing in this Order and the Stipulation shall constitute a determination that the proceeds of the Insurance Policies are property of the Debtors' estates.

19. Additionally, the Order should affirmatively provide that the automatic stay is to be lifted or modified *only to the extent it may apply* as requested in the Motion. *See* Motion, ¶9.

20. Furthermore, pursuant to paragraph 7(b) of the Stipulation (*see* ¶15, *supra*), the Parties to the Stipulation reserve their rights to assert whether or not the proceeds of the Insurance Policies are property of the Debtors' estates. Approval of the Stipulation may infer that entities who are not Parties to the Stipulation are not reserving such rights. The Institutional Investor Group, as stated previously, has an interest in the proceeds and should not be foreclosed from taking a position on any issue relating to the Insurance Policies. The Stipulation and Order

should provide that this reservation of rights is afforded to all parties in interest, including the Institutional Investor Group, and is not limited solely to the Parties to the Stipulation.[4]

## CONCLUSION

Based upon the foregoing, the Institutional Investor Group respectfully requests that an Order be entered (i) denying the Motion unless the proposed modifications set forth herein are incorporated in the Order and Stipulation, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: March 13, 2008

**CROSS & SIMON LLC**

By: /s/ CPS
Christopher P. Simon (Bar Code 3967)
913 North Market Street, 11th Floor
Wilmington, DE 19899-1380
(302) 777-4200 (Telephone)
(302) 777-4224 (Facsimile)

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq. (ME-0570)
Ira M. Levee, Esq. (IL-9958)
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

*Bankruptcy Counsel to the Institutional Investor Group*

**COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**
Samuel H. Rudman, Esq.
David Rosenfeld, Esq.
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100 (Telephone)
(631) 367-1173 (Facsimile)

- and -

---

[4] Additionally, the Institutional Investor Group reserves its rights to further object to any global agreement regarding the Insurance Policies that may be entered into by the Parties. *See* Stipulation, ¶7.

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
Stuart L. Berman, Esq.
Sean M. Handler, Esq.
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706 (Telephone)
(610) 667-7056 (Facsimile)

*Proposed Co-Lead Counsel to the Institutional Investor Group and the Putative Class*