IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x    Chapter 11
In re:                                                       :
                                                             :    Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                       :
HOLDINGS, INC., a Delaware corporation, et al.,              :    Jointly Administered
                                                             :
                                                             :    Docket Ref. No. 3260
    Debtors.                                                 :
                                                             :    Hearing Date: N/A
------------------------------------------------------------ x

## DEBTORS' OBJECTION TO MOTION FOR AN ORDER LIMITING NOTICE OF MOTION OF NORTHWEST TRUSTEE SERVICES, INC. FOR AN ORDER DIRECTING THE DEBTORS TO IMMEDIATELY COMPLY WITH PRIOR ORDER

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors"),[1] hereby object (the "Objection") to the *Motion for an Order Limiting Notice of Motion of Northwest Trustee Services, Inc. for an Order Directing the Debtors to Immediately Comply with Prior Order* [Docket No. 3260] (the "Motion to Limit Notice").[2] In support of this Objection, the Debtors respectfully represent as follows:

### PRELIMINARY STATEMENT

1.  By the Motion to Limit Notice, Northwest Trustee Services, Inc. ("NWTS") requests that the Court disregard NWTS's failure to comply with the applicable

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion to Shorten.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") regarding the service of motions. However, NWTS fails to provide sufficient basis to support their failure to properly serve the Motion to Compel (as defined below) or any exigencies that would otherwise warrant shortening the applicable notice period.

2. Moreover, the facts underlying NWTS's compensation are already scheduled to be addressed at the next interim fee and omnibus hearing date, April 14, 2008 (the "April Hearing"). The Debtors believe that denying the relief requested in the Motion to Limit Notice will provide the parties sufficient time to resolve a vast majority – if not all – of the issues raised in the Motion to Compel. However, if a consensual resolution is not reached, the Debtors submit that a presentation of the facts and issues at one hearing, more specifically, the scheduled interim fee hearing, is more efficient and will not prejudice NWTS.

## RELEVANT FACTS

3. On September 12, 2007, this Court entered the *Order Pursuant to Section 327 of the Bankruptcy Code and Bankruptcy Rule 2014 Approving the Retention and Employment of Northwest Trustee Services, Inc. as Foreclosure Professionals for the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 713] (the "Retention Order"). The Retention Order provides that NWTS "shall be deemed to have waived any and all prepetition amounts owed to them by the Debtors."

4. Shortly after the Retention Order was entered, the Debtors' counsel attempted to work with NWTS regarding the fee application process. However, upon review of NWTS's invoices, the Debtors advised NWTS that expenses (the "Prepetition Foreclosure

Costs") incurred prior to the August 6, 2007 (the "Petition Date") were deemed waived in connection with its retention under section 327(a) of the Bankruptcy Code and, thus, could not be requested through the fee applications. In response, NWTS retained its own counsel to file the invoices that included those Prepetition Foreclosure Costs.

5. On or about December 14, 2007, NWTS filed fee applications for the months of August, September and October, and, on December 27, 2007, NWTS filed its fee application for the month of November 2007. See Docket Nos. 2391, 2392, 2394, & 2551 (collectively, the "Fee Applications"). By the Fee Applications, NWTS sought full payment (including reimbursement of the Prepetition Foreclosure Costs) for each foreclosure matter closed during the applicable month. In support of its Fee Applications, NWTS attached nearly 500 pages of invoices.

6. On January 7, 2008 and January 17, 2008, the Debtors filed limited objections to the Fee Applications [Docket Nos. 2605 and 2745] (the "Fee Objections"). The Official Committee of Unsecured Creditors (the "Committee") joined in the Fee Objections [Docket No. 2617].

7. On February 1, 2008, as a result of an interim resolution among the Debtors, the Committee and NWTS, the Court entered an *Order Allowing and Approving Undisputed Fees and Costs Contained in Applications of Northwest Trustee Services, Inc. for Allowance and Approval of Compensation for Services Rendered and Reimbursement of Expenses as Foreclosure Professionals to the Debtors-in-Possession* [Docket No. 2857] (the "NWTS Fee Order"). The parties agreed to adjourn the matter with respect to reimbursement of the disputed costs to the next interim fee hearing, which is currently scheduled for April 14, 2008.

8.     Pursuant to the NWTS Fee Order, the Debtors were "authorized and directed to promptly remit payment to NWTS in the amount of $477,575.53 . . . within twenty (20) days of the entry of this order <u>or as soon thereafter as reasonably practicable</u>." NWTS Fee Order, p. 2 (emphasis added). The amount of fees and expenses set forth in the Fee Order was based on the representation of NWTS that "none of the Undisputed Costs are a 'Pre-Petition Foreclosure Costs,' [sic] as such term is defined by the Debtors and the Committee in the Objections." <u>See</u> NWTS Fee Order, n. 1. But, unlike other foreclosure professionals, NWTS did not identify which amounts per invoice were included in their calculation of costs incurred postpetition. As a result, the Debtors have had to review each expense item by item.

9.     Since entry of the NWTS Fee Order, the Debtors have been diligently working through the numerous invoices attached to the Fee Applications, parsing out the entries that were incurred prior to and after the Petition Date to ensure that payment is consistent with the NWTS Fee Order, the Retention Order and applicable bankruptcy law. As of the date hereof, the Debtors have been unable to reconcile fully the amounts represented as being owed to NWTS on a postpetition basis. Despite these complications, the Debtors have made substantial payments with respect to the Fee Applications for the months of August, September and October. The Debtors continue to work diligently to make appropriate payments with respect to the month of November, which account for over half of NWTS's requested fees and expenses.[3]

10.    On March 10, 2008, seventeen (17) days prior to the March 27, 2008 omnibus hearing, NWTS filed its Motion to Compel. NWTS served the Motion, by hand delivery and first class mail, to only those parties required to receive notice of NWTS's Fee

---

[3] At this time, the Debtors believe that the amount of undisputed fees and expenses for the month of November actually exceeds the amount represented to the Court by NWTS at the February 1, 2008 hearing.

Applications. NWTS did not serve notice of the Motion to Compel on parties who filed a request for service of notices under Fed. R. Bankr. P. 2002(i) (the "2002 Parties").

11. Two days after the filing of the Motion to Compel, on March 12, 2008, NWTS filed its Motion to Limit Notice.

## **OBJECTION**

12. Local Rule 2002-1(b) requires that "all motions . . . shall be served only upon counsel for the debtor, the United States Trustee, counsel for all official committees, all parties who file a request for service of notices under Fed. R. Bankr. P. 2002(i) and all parties whose rights are affected by the motion." Del. Bankr. L.R. 2002-1(b)[4] (emphasis added). Moreover, Local Rule 9006-1 provides that, if service is completed by mail, all motion papers shall be filed and served at least eighteen (18) days prior to the hearing date. The Court may shorten notice only upon written motion specifying the exigencies justifying shortened notice. Del. Bankr. L.R. 9006-1(e).

13. As purported justification for limiting the parties to be noticed under Local Rule 2002-1(b), NWTS asserts that (i) requiring NWTS to provide notice in accordance with the Bankruptcy and Local Rules would be an undue hardship to NWTS; (ii) limiting such notice will not prejudice any party in the case; and (iii) because the nature of relief requested is akin to a request for compensation and reimbursement, NWTS should be required to limit notice to the notice parties set forth in the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to Sections 331 and 105(a) of the Bankruptcy Code [Docket No. 547] (the "Interim Comp Order"). Not only are

---

[4] Local Rule 2002-1(b) does provide for certain exceptions to the rule regarding service of motions; however, the Debtors respectfully submit that no such exception applies.

these assertions insufficient to merit limiting notice and shortening the notice period, they provide further basis for denying such relief requested.

14. First, the bare assertion that serving the applicable notice parties will cause undue hardship to NWTS is belied by the fact that, notwithstanding NWTS's other sources of revenue, the Debtors have paid NWTS $193,821.36 on account of postpetition fees and expenses. See Motion to Compel, para. 2. Second, the denial of service to the 2002 Parties is, in of itself, prejudicing the 2002 Parties' due process and their ability to assert any interest in or any arguments – for or against – related to the Motion to Compel. Finally, NWTS's reference to the Interim Comp Order neglects the fact that the Interim Comp Order provides the Notice Parties with a longer – not shorter – timeframe in which to object to such requests for compensation and for the Court to consider these disputes. See Interim Comp Order, subpara. (a) (providing the Notice Parties with twenty days after service of a fee application to object and, in the event an objection is filed, the Court will consider the objection at the next interim or final fee application hearing).

15. Most notably, NWTS does not identify any exigencies justifying shortened notice for the Court's consideration regarding payment of professional fees. Simply put, NWTS fails to specify any exigency because none exist. Moreover, NWTS is not prejudiced by the adjudication of the Motion to Compel at the April Hearing because all issues concerning the remaining amount of foreclosure costs sought by NWTS in the Fee Applications, including interim approval of NWTS's November Fee Application, are already scheduled for the April Hearing. Shortening the notice period for Motion to Compel will only result in a bifurcation of the facts and issues relating to NWTS's compensation and will require the Debtors to prepare for, and this Court to conduct, two hearings on the same issue.

16.  Accordingly, for the foregoing reasons, the circumstances do not justify shortening the notice periods for the Motion and scheduling it to be heard on March 27, 2008. Consideration of the Motion at the next scheduled omnibus hearing date – April 14, 2008 – will result in a prompt adjudication of the Motion to Compel, while also promoting judicial economy with respect to the disputes affording the Debtors sufficient time to explore other alternatives and, if necessary, adequately prepare for the hearing.

### RESERVATION OF RIGHTS

17.  This Objection is without prejudice to the Debtors' right to file an objection to the Motion to Compel on any and all bases.

### CONCLUSION

WHEREFORE, based on the foregoing, the Debtors respectfully request that the Motion to Limit Notice be DENIED.

Dated: Wilmington, Delaware
       March 13, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Margaret B. Whiteman_
Pauline K. Morgan (No. 3650)
Matthew B. Lunn (No. 4119)
Margaret B. Whiteman (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession