## Exhibit B

## Blackline

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE HOLDINGS, | ) Case No. 07-11047 (CSS) |
| INC., a Delaware corporation, et al., | ) |
| | ) Jointly Administered |
| Debtors | ) |
| | ) **Ref. Docket Nos.: 2490, 2858 and 2997** |

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE:
(I) AUTHORIZING THE SALE OF BOFA NON-PERFORMING LOANS AND REO
PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
OTHER INTERESTS; (II) AUTHORIZING AND APPROVING SALE AGREEMENT
THERETO; (III) AUTHORIZING THE DISTRIBUTION OF THE
PROCEEDS; AND (IV) GRANTING RELATED RELIEF**

Upon the consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above-captioned cases (collectively, "AHM" or the "Debtors"),[2] pursuant to sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), for entry of an order: (i) authorizing the sale or sales (the "Sale") of BofA Non-Performing Loans and REO Property (as defined in the Sale Agreement) free and clear of liens, claims, encumbrances, and interests, pursuant to the Sale Agreement,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion, Sale Procedures or Sale Agreement, as applicable.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

"BofA"), under that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006 (the "BofA Credit Agreement"), and (iv) granting such other related relief as the Court deems just and proper; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and the Court having entered an order on February 1, 2008 [Docket No. 2858] (the "Sale Procedures Order"), approving the Sale Procedures and the form of Notice of Bid Deadlines and Sale, and scheduling the Bid Deadlines and a hearing (the "Sale Hearing") to approve the Sale of the BofA Non-Performing Loans; and upon the record of the hearing on the Motion, and the full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor:

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion is section 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C. For the reasons set forth in the Motion, due and adequate notice of the Motion, and the subject matter thereof has been provided to all parties-in-interest herein, and no other or further notice is necessary. A reasonable opportunity to object or to be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

D. Granting the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest. The Debtors have

demonstrated good, sufficient, and sound business purposes and justifications for the relief requested herein.

E. The Sale Agreement between the Debtors and the Successful Bidder annexed hereto as Exhibit A (the "Sale Agreement") has been entered into by the parties in good faith, from arms-length bargaining positions and without collusion. The Purchaser purchasing the pool of BofA Non-Performing Loans and REO Property set forth in the Sale Agreement in accordance with the Sale Procedures and pursuant to the Sale Agreement is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the Sale Agreement, or the Sale of the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement, to be avoided under 11 U.S.C. § 363(n).

F. Under the circumstances, and due and adequate notice having been provided, it is in the best interests of the Debtors, their creditors, and all other parties-in-interest herein that the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement be sold to the Purchaser under section 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(c)(1) and 6004(f)(1).

G. The consideration provided by the Purchaser for the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement (i) is fair and reasonable, (ii) represents the highest bid for the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement, and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession.

H. The Debtors are authorized to sell the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement free and clear of all interests of any kind or nature

whatsoever, <u>except for Permitted Encumbrances (as defined in the Sale Agreement),</u> with such interests transferring and attaching to the proceeds of the Sale with the same validity and priority as such interests had in the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement immediately prior to the Sale, because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) have been satisfied. Those holders of interests who did not object to the Motion or the relief requested therein, or who interposed and then withdrew their objections, are deemed to have consented to the sale pursuant to 11 U.S.C. § 363(f)(2). Those holders of interests who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any, attach to the proceeds of the Sales of the BofA Non-Performing Loans and REO Property.

  I. Notwithstanding anything to the contrary in this Order or the Sale Agreement, to the extent any of the BofA Non-Performing Loans are determined to be an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the Purchaser shall remain subject to the same claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as the Purchaser would be subject to such claims and defenses of the consumer if such interest had been purchased at a sale not under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the Bankruptcy Code.

  J. The Debtors are not selling personally identifiable information to the Purchaser. Additionally, (i) the privacy policy given by Debtors to homeowners does not prohibit the sale contemplated under the Sale Agreement and (ii) the sale is consistent with the privacy policy given by the Debtors to homeowners.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted.

2. Except as otherwise expressly provided in this Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits.

3. The Sale Agreement is hereby approved and shall apply with respect to the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement.

4. Pursuant to this Order and sections 105 and 363(b) of the Bankruptcy Code, the Debtors and the Purchaser, as well as their respective officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Sale Agreement and to sell, transfer, and convey the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement. The Debtors shall transfer the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement to the Purchaser upon and as of the closing date and such transfer shall constitute a legal, valid, binding and effective transfer of such BofA Non-Performing Loans and REO Property.

5. Upon consummation of the Sale, the BofA Non-Performing Loans and REO Property set forth in the Sale Agreement shall be transferred to the Purchaser free and clear of all liens, claims, encumbrances, or other ~~interests~~interest, other than Permitted Encumbrances (as defined in the Sale Agreement), pursuant to Bankruptcy Code section 363, provided that the liens and security interests of BofA in the BofA Non-Performing Loans and REO Property shall attach to the proceeds thereof to the extent of the validity and priority as such interests had in the BofA Non-Performing Loans and REO Property immediately prior to the Sale.

6. This Order and the Sale Agreement shall be binding upon the Debtors, the Purchaser, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest.

7. The Purchaser shall be deemed to be good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof.

8. The failure specifically to include any particular provisions of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

9. AHM Corp. shall pay the Expense Reimbursement(s) from the Sale proceeds to the extent any Expense Reimbursement is due and payable under the terms and requirements of the Sale Procedures Order and Sale Procedures.

10. All proceeds of the Sale received by the Debtors pursuant to the Sale Agreement with respect to the BofA Non-Performing Loans shall be paid to the Administrative Agent, after deducting all amounts required to pay the Expense Reimbursement(s), if any, and the amount of $24,003.88 as necessary direct costs of selling the BofA Non-Performing Loans and REO Property, in accordance with the terms of the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties, approved by the Court on September 4, 2007, including any amendments or extensions thereto (the "Cash Collateral Order").

11. All amounts required to be paid to the Debtors pursuant to the Sale Agreement and/or this Order shall be paid to the Administrative Agent by depositing such Sale

proceeds directly into an account specified by the Administrative Agent in writing and shall be paid and applied in the manner set forth in the Cash Collateral Order.

13. All rights of the Debtors to enforce the provisions under and pursuant to the Sale Agreement with respect to the BofA Non-Performing Loans and REO Property constitute "Collateral" (as defined in the Cash Collateral Order) of the Administrative Agent.

13. All rights of the Debtors at law or in equity to seek payment or reimbursement from the Administrative Agent, and all rights of Administrative Agent to contest such relief, are hereby reserved with respect to any and all servicing advances or servicing advance obligations that were paid or have accrued but have not yet been paid prior to the closing of the Sale.

14. To the extent that there are any inconsistencies between the Sale Agreement and this Order, the terms of this Order shall govern.

15. Upon the closing of the Sale, the Debtors' rights and obligations to service the Non-Performing Loans with respect to such Sale shall terminate and the Purchaser shall have the right to designate a new servicer; provided, however, that the Debtors shall provide interim servicing for the Non-Performing Loans pursuant to the Sale Agreement following the closing of each of the Sales until the Non-Performing Loans are transferred to a replacement servicer and the Debtors shall be entitled to receive the fees for such interim servicing set forth in the Sale Agreement.

16. Pursuant to Bankruptcy Rules 7062, 9014 and 6004(h), this Order shall be effective immediately upon entry.

17. This Court shall retain exclusive jurisdiction over any matters related to or arising from the implementation of this Order and the Sale Agreement.

Dated: ~~,~~ March _____ 2008
       Wilmington, Delaware

                                                         _____
                                                         Christopher S. Sontchi
                                                         United States Bankruptcy Judge

Document comparison done by Workshare DeltaView on Thursday, March 13, 2008 6:20:32 PM

| Input: | |
|---|---|
| Document 1 | interwovenSite://WSDMS/DB02/6575056/5 |
| Document 2 | interwovenSite://WSDMS/DB02/6575056/6 |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 6 |
| Deletions | 5 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 11 |