## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

In re:                                          :    Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]              :
                                                :    Jointly Administered
        Debtors.                                :
                                                :    **Objection Deadline: April 7, 2008 at 4:00 p.m. (ET)**
                                                :    **Hearing Date: April 14, 2008 at 10:00 a.m. (ET)**

---------------------------------------------------------------- x

## DEBTORS' FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

The above-captioned debtors and debtors in possession (the "Debtors") hereby

object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on

Exhibits A and B to the proposed form of order (the "Proposed Order") attached hereto, pursuant

to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and

3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1

of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

for the District of Delaware (the "Local Rules") and request the entry of an order disallowing and

expunging such Disputed Claims in their entirety.  In support of this Objection, the Debtors rely

on the Declaration of John Kalas in Support of the Debtors' First Omnibus (Non-Substantive)

Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., ("AHM Investment") a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., ("AHM Corp.") a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

and 3007, and Local Rule 3007-1, attached hereto as <u>Exhibit I</u>.  In further support, the Debtors

respectfully represent as follows:

## JURISDICTION

      1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), in that it is a matter

concerning the administration of the Debtors' estates.  Venue is proper in this Court pursuant to

28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are section

502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

      2.     On August 6, 2007 (the "<u>Petition Date</u>"), the Debtors each filed with this

Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Each Debtor is

continuing to operate its business and manage its properties as a debtor in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

      3.     The Debtors' cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to an order of this Court.

      4.     On August 14, 2007, the United States Trustee for the District of Delaware

appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>").  No trustee or

examiner has been appointed.

## BAR DATE AND PROOFS OF CLAIM

      5.     On August 17, 2007, this Court entered an order appointing Epiq

Bankruptcy Solutions, LLC ("<u>Epiq</u>") as claims and noticing agent in these chapter 11 cases.

Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official

claims register by docketing all proofs of claim in a claims database containing, <u>inter alia</u>,

information regarding the name and address of each claimant, the date the proof of claim was

received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6.      On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date (the "Claims") and approving the form and manner of notice of the Bar Date.  Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business.  In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007.  Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court.

7.      To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

## RELIEF REQUESTED

8.      By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing in full and expunging (i) each of the Disputed Claims listed on Exhibit A of the Proposed Order as duplicative of previously-filed proofs of claim and (ii) each of the Disputed Claims listed on Exhibit B of the Proposed Order as amended and superseded by subsequently-filed proofs of claim.

## I.    Duplicate Claims

9.    The claims identified under the column titled "Duplicate Claim to be Expunged" on Exhibit A (the "Duplicate Claims") are duplicative of the previously-filed proofs of claim identified under the column titled "Remaining Claim Number" on Exhibit A. The Debtors believe that it was not the intention of the claimants asserting such claims to seek a double recovery against the Debtors' estates. Instead, the filing of Duplicate Claims appears to be a function of claimants filing the same claims with both Epiq and either the Debtors or the Clerk of the Bankruptcy Court. Regardless of the claimants' reason for filing Duplicate Claims, however, only one claim should be allowed for each claimant.

10.    Failure to disallow the Duplicate Claims will result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases. Accordingly, the Debtors hereby object to the Duplicate Claims and request entry of an order disallowing in full and expunging each of the Duplicate Claims identified on Exhibit A of the Proposed Order.

## II.    Amended Claims

11.    The claims identified under the column titled "Amended Claim to be Expunged" on Exhibit B (the "Amended Claims") have been amended and superseded by subsequently-filed proofs of claim identified under the column titled "Remaining Claim Number" on Exhibit B (the "Remaining Claims"). The Amended Claims, thus, no longer represent valid claims against the Debtors' estates.

12.    Failure to disallow the Amended Claims will result in the applicable creditors receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases. Furthermore, no prejudice will result to the holders of Amended Claims because they will receive the same treatment as other similarly-situated

claimants for their Remaining Claims. Accordingly, the Debtors hereby object to the Amended

Claims and request entry of an order disallowing in full and expunging each of the Amended

Claims.

## RESERVATION OF RIGHTS

13.     The Debtors expressly reserve the right to amend, modify or supplement

this Objection, and to file additional objections to any claims filed in these chapter 11 cases

including, without limitation, objections as to the amounts and priority asserted in the proofs of

claim, or any other claims (filed or not) against the Debtors.

## NOTICE

14.     The Debtors have provided notice of this Objection to (i) the Office of the

United States Trustee; (ii) counsel for the Committee; (iii) counsel to the Administrative Agent;

(iv) counsel to the DIP Lender; and (v) those parties who have requested notice pursuant to

Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).  In light of the nature of

the relief requested herein, the Debtors submit that no other or further notice is required.

15.     The Debtors will also provide individualized notices, in the form attached

hereto as Exhibit II, to each of the claimants identified on Exhibits A and B of the Proposed

Order.  Each claimant's notice will list the claimant's name and address, the basis for the

Debtors' objection and the number, filing date and amount of their claim that is covered by this

Objection.

## NO PREVIOUS REQUEST

16.     No previous request for the relief sought herein has been made to this or

any other Court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit III, granting this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: March 14, 2008
   Wilmington, Delaware

                              YOUNG CONAWAY STARGATT & TAYLOR, LLP


                              James L. Patton, Jr. (No. 2202)
                              Pauline K. Morgan (No. 3650)
                              Edward J. Kosmowski (No. 3849)
                              Nathan D. Grow (No. 5014)
                              The Brandywine Building
                              1000 West Street, 17th Floor
                              Wilmington, Delaware  19801
                              Telephone: (302) 571-6600
                              Facsimile: (302) 571-1253

                              Counsel to the Debtors and Debtors in Possession