IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:                                                       :  Chapter 11
                                                             :
                                                             :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                       :
HOLDINGS, INC., a Delaware corporation, et al.,¹             :  Jointly Administered
                                                             :
                Debtors.                                     :  Ref. Docket No. _____
                                                             :
------------------------------------------------------------ x
```

### ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR AN ORDER APPROVING AND AUTHORIZING THE CONSENT ORDER BETWEEN CERTAIN DEBTORS AND THE COMMISSIONER OF THE DISTRICT OF COLUMBIA DEPARTMENT OF INSURANCE, SECURITIES AND BANKING

Upon consideration of the motion (the "Motion")² of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), approving a Consent Order (the "Consent Order") by and among AHM Corp., AHM Acceptance and AHM Servicing, as identified in the Consent Order, and the Commissioner of the District of Columbia Department of Insurance, Securities and Banking; and it appearing that the Consent Order and the relief requested in the Motion is in the best interests of the Debtors,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

their creditors and estates; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the relief requested in the Motion is hereby GRANTED; and it is further

ORDERED, that the Consent Order, attached hereto as Exhibit A, is approved pursuant to Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code; and it is further

ORDERED, that the Debtors are authorized and empowered to take all necessary steps to carry out and otherwise effectuate the terms, conditions and provisions of the Consent Order; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Date:  Wilmington, Delaware
       April ____, 2008

                                                      Christopher S. Sontchi
                                                     United States Bankruptcy Judge

**Exhibit A**

GOVERNMENT OF THE DISTRICT OF COLUMBIA
Department of Insurance, Securities and Banking

Thomas E. Hampton
Commissioner

| IN THE MATTER OF: | ) |
| --- | --- |
| | ) |
| AMERICAN HOME MORTGAGE | ) ADMINISTRATIVE ORDER |
| CORPORATION, et al | ) |
| | ) No. BB-SC-02-07 |
| | ) |
| Respondents | ) |
| | ) |

## CONSENT ORDER

The Commissioner of the District of Columbia Department of Insurance, Securities and Banking ("Department"), having the power to administer and provide for enforcement of the Mortgage Lender and Broker Act of 1996 (Act), D.C. Official Code § 26-1101 et. seq., upon due consideration of the subject hereof, has determined as follows:

### STATEMENT OF FACTS

1. American Home Mortgage Corporation and American Home Mortgage Acceptance, Inc. (collectively, hereinafter "American Home Mortgage"), and American Home Mortgage Servicing, Inc. (hereinafter "AHMS"), (collectively, American Home Mortgage and AHMS are also referred to herein as "Respondents") are, and at all relevant times had been, affiliated foreign corporations conducting mortgage lending business (as that term is defined in the Act) in the District of Columbia ("District").

2. An unprecedented disruption in the credit markets caused major write-downs of the Respondents' loan and security portfolios and consequently resulted in margin calls for hundreds of millions of dollars with respect to the Respondents' loans. During this time, certain of the Respondents' warehouse lenders -- the financial institutions that provide short term credit facilities needed to originate and purchase loans -- began to exercise remedies against the Respondents, thereby

restricting the Respondents' ability to originate loans. The Respondents' inability to originate loans and the exercise of remedies by certain warehouse lenders against the Respondents forced American Home Mortgage to discontinue their retail and indirect loan origination business.

3. American Home Mortgage provided information to the District that it had approved nine (9) loans worth about three million dollars ($3,000,000.00) on District residential property that were scheduled to close between Monday, July 30th and Friday, August 17th for which American Home Mortgage had no funding source.

4. American Home Mortgage's surety bonds were cancelled by the applicable bonding companies in the second quarter of 2007. However, on August 20, 2007, Travelers rescinded the Notice of Cancellation for the licensing period ending September 30, 2007, that pertained to AHMS.

5. On August 6, 2007, the Respondents and certain of their affiliates (collectively, the "Debtors") filed for protection from creditors in the U. S. Bankruptcy Court for the District of Delaware ("Bankruptcy Court"). The Chapter 11 cases filed by the Debtors have been consolidated for procedural purposes only and are being jointly administered under *In re American Home Mortgage Holdings, Inc., a Delaware Corporation, et al.*, Case No. 07-11047 (CSS).

6. On August 13, 2007, the Department issued a Temporary Order to Cease and Desist (hereinafter "Order") to the Respondents.

7. Under the terms of the Order, American Home Mortgage was ordered *inter alia* to

   Immediately cease engaging in the activities of a mortgage lender and/or mortgage broker relative to any residential property in the District of Columbia, except for servicing of mortgage loans which was still permitted; and

   Immediately place any fees previously collected from District of Columbia consumers relative to any pending mortgage loan applications in a separate escrow account maintained at a federally insured bank; and

   Submit to the Commissioner a detailed record, prepared as of the date of submission, of all pending residential mortgage loan applications on property located in the District of Columbia. The records to be produced were to include all information on file regarding American Home Mortgage Corporation's, American Home Mortgage Acceptance, Inc.'s and American Home Mortgage Servicing, Inc.'s District of Columbia mortgage loan portfolio; and

   Immediately secure all pending mortgage loan application files and, such books and records and shall be available to the Commissioner, in their entirety, upon request.

8. By Order dated October 30, 2007, (the "Sale Order") the Bankruptcy Court authorized the sale of the Debtors' mortgage loan servicing business (the "Servicing Sale") to an affiliate of W.L. Ross & Co., LLC. (such affiliate, the "Purchaser") pursuant to the terms of that certain Asset Purchase Agreement dated as of September 25, 2007 (as subsequently amended, the "APA"). Under the APA, the Servicing Sale will close in two steps. At the "economic" close, which occurred on November 16, 2007 (the "Initial Closing Date"), the Purchaser paid the Purchase Price (as defined in the APA) in the manner and to the parties in interest contemplated by the APA. From the Initial Closing Date until the "legal" close on the Final Closing Date (as defined in the APA), the Debtors will continue to operate the Servicing Business in the Ordinary Course of Business (as defined in the APA), subject to the Bankruptcy Exceptions (as defined in the APA), but for the economic benefit of the Purchaser.

9. Until September 30, 2007, American Home Mortgage had been licensed by the Department pursuant to the Act. According to records maintained on file with the Department, American Home Mortgage held twenty-six (26) mortgage lender and mortgage broker licenses in the District.

10. There is one (1) pending renewal application. That application was submitted on behalf of AHMS for the renewal of its dual authority mortgage license for the period October 1, 2007, through September 30, 2008.

11. On October 12, 2007, a status hearing was held before the Department. At that hearing, American Home Mortgage stated that the Chapter 11 cases of the Debtors would involve an orderly liquidation of their assets pursuant to Chapter 11 of Title 11 of the United States Code. American Home Mortgage also affirmed that there is only one (1) renewal application, which is for AHMS. Other than the servicing activities conducted by AHMS, Respondents have conducted no origination or funding activities since the issuance of the Order.

12. The Department issued continuation letters, while the application was under review, to AHMS, authorizing it to continue to provide services to existing loans through March 31, 2008. The continuation letters informed AHMS that during the continuation period, it could not provide any brokerage or lending services in violation of the Order.

## THE DEPARTMENT'S ALLEGATIONS

The Department alleges as follows:

1. Through its conduct, American Home Mortgage violated D.C. Official Code § 26-1103(i)(1) in that it failed to continuously maintain a surety bond for as long as any license issued under the Act remained in force.

2. Through its conduct, American Home Mortgage violated D.C. Official Code § 26-1118(a) (5) in that it engaged in a course of conduct consisting of the failure to perform written agreements with borrowers.

3. Through its conduct, American Home Mortgage violated D.C. Official Code § 26-1118(a) (7) in that it failed to disburse funds in accordance with agreements connected with and promptly upon closing of, a mortgage loan, taking into account any applicable right of rescission.

4. Through its conduct, American Home Mortgage violated D.C. Official Code § 26-1118(a) (14) in that it demonstrated qualities that indicate that its business would not be conducted fairly, equitably and efficiently.

## ORDER

**WHEREAS,** the Respondents, without admitting or denying the Department's Statement of Facts and Allegations as set forth above, desire to resolve the alleged violations by entering into a Consent Order with the Department subject to the approval of the Department and the Bankruptcy Court;

**WHEREAS,** Respondents hereby waive any right to a hearing on the underlying allegations provided under D.C. Official Code § 26-1119 (d), or under the Administrative Procedures Act, and waives its right to appeal this Consent Order;

**WHEREAS,** the Respondents agree that the Department may, in accordance with applicable bankruptcy law, suspend or revoke its mortgage license upon its failure to satisfy any of the conditions set forth herein;

**WHEREAS,** the Department retains its right to take any action, in accordance with applicable local and bankruptcy law, necessary to enforce the provisions of this Consent Order;

**WHEREAS,** the Department retains its right to take any administrative or regulatory action to administer the Act or any other law administered by the Department which is applicable to Respondents or their business; and

**WHEREAS,** this Consent Order shall only become final upon approval of the Bankruptcy Court. In the event that the Bankruptcy Court fails to approve this Consent Order, the parties shall revert to their pre-settlement positions and nothing herein shall be deemed a waiver of either parties' rights and defenses relating hereto;

**NOW THEREFORE, IT IS HEREBY**

**ORDERED:** That American Home Mortgage Corporation, and American Home Mortgage Acceptance, Inc., and any and all officers, directors, employees,

independent contractors, or agents operating on behalf of American Home Mortgage Corporation and American Home Mortgage Acceptance, Inc., and their successors or assigns, shall immediately cease engaging in the activities of a mortgage lender and/or mortgage broker in the District of Columbia or otherwise related to any residential property in the District; and it is

**FURTHER ORDERED:** That AHMS shall pursue completion of its renewal application prior to the expiration of the continuation letter, and upon compliance with all licensing requirements, the renewal license of AHMS, shall be issued conditioned on compliance with this Order; and it is

**FURTHER ORDERED:** That within thirty (30) days from the end of each quarter, or as soon thereafter as available, AHMS shall provide to the Department copies of any monthly operating reports for the applicable preceding quarter for AHMS that have been filed with the Bankruptcy Court as required by the United States Trustee Guidelines; and it is

**FURTHER ORDERED:** That within thirty (30) days from the end of each quarter, AHMS shall provide to the Department its volume of transactions report on loans serviced in the District; and it is

**FURTHER ORDERED:** That within thirty (30) days from the end of each quarter, AHMS shall provide to the Department a report on any outstanding consumer complaints involving AHMS's business in the District of Columbia together with AHMS's response to the consumer complaints or customer inquiries; and it is

**FURTHER ORDERED:** That the Department shall be deemed to have provided a notice of appearance in the Respondents' Bankruptcy Case, in compliance with Fed. R. Bankr. P. 2002, and shall be entitled to receive service of all notices and pleadings consistent with such laws at the following address:

> Department of Insurance, Securities and Banking
> 810 First Street, NE, Suite 701
> Washington, DC  20002
> ATTN: Howard Amer, Associate Commissioner for Banking

and it is

**FURTHER ORDERED:** That AHMS shall provide this Department with a copy of correspondence from any federal, state or local regulatory or law enforcement agency documenting the revocation or suspension of its license; and it is

**FURTHER ORDERED:** That the reporting requirements placed on AHMS by this Consent Order shall expire upon the Final Closing Date for the sale of the Servicing Business; and it is

**FURTHER ORDERED:** That the Commissioner finds that this Consent Order is necessary and appropriate and in the public interest for the protection of mortgage loan consumers and consistent with the purposes fairly intended by the policy and provisions of the Act.

**Agreed to:**

**DEPARTMENT OF INSURANCE, SECURITIES AND BANKING**

By: _____   2/21/08
Howard Amer, Associate Commissioner for Banking   Date

**AMERICAN HOME MORTGAGE CORPORATION**

By: _____   2/19/08
Alan B. Horn, Executive Vice President and   Date
General Counsel

**AMERICAN HOME MORTGAGE ACCEPTANCE, INC.**

By: _____   2/19/08
Alan B. Horn, Executive Vice President and   Date
General Counsel

**AMERICAN HOME MORTGAGE SERVICING, INC.**

By: _____   2/19/08
Alan B. Horn, Executive Vice President and   Date
General Counsel

**SO ORDERED:**

Dated this 26th day of February, 2008.

SEAL

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the official seal of the Department of Insurance, Securities and Banking in the District of Columbia.

_____
Thomas E. Hampton
Commissioner

F:\98077\089\DC Consent Order(final).doc