IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AMERICAN HOME MORTGAGE ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., et al., ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Related Docket Nos. 554, 2002, 2284, |
| ) | 2855, 3142, 3172 and 3264 |
| ) | |
| ) | **Hearing Date Requested: March 27, 2008 11:00 a.m.** |
| | **Objection Deadline Requested: March 24, 2008 at 4:00 p.m.** |

**JOINT MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT, FOR ENTRY OF FINAL STIPULATION AND ORDER RESOLVING ALL REMAINING ISSUES WITH RESPECT TO THE FINAL ORDER (I) AUTHORIZING DEBTORS' LIMITED USE OF CASH COLLATERAL AND (II) GRANTING REPLACEMENT LIENS AND ADEQUATE PROTECTION TO CERTAIN PRE-PETITION SECURED PARTIES**

The Official Committee of Unsecured Creditors of the Debtors (the "Committee") and Bank of America, N.A., as administrative agent (the "Administrative Agent") for itself and certain other banking and financial institutions as pre-petition secured lenders (the "Pre-Petition Secured Parties") under that certain Second Amended and Restated Credit Agreement (the "Credit Agreement"), dated as of August 10, 2006, by and through their undersigned counsel, hereby move for the Court's approval and entry of the proposed *Final Stipulation and Order Resolving All Remaining Issues with respect to the Final Order (i) Authorizing Debtors' Limited Use of Cash Collateral and (ii) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties*, annexed hereto as Exhibit A (the "Stipulation and Order"). In support of this motion (the "Motion"), the Committee and Administrative Agent respectfully represent to the Court as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b).

2. The bases for the relief requested herein are section 105(a) of the title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc. and certain of its affiliates (the "Debtors")[1] filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. On August 14, 2007, the Office of the United States Trustee formed the Committee.

5. On September 4, 2007, the Court entered its *Final Order (i) Authorizing Debtors' Limited Use of Cash Collateral and (ii) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties* [Docket No. 554], which has been amended from time to time (see Docket Nos. 2002, 2284, 2855, 3142, 3172 and 3264, collectively, the "Cash Collateral Order"). Pursuant to the Cash Collateral Order, the Court authorized the Debtors' use of the Pre-Petition Secured Parties' pre-petition collateral, including cash collateral (the "Pre-Petition Collateral"), in accordance with certain terms and conditions set forth in the Cash Collateral Order.

---

[1] The Debtors are American Home Mortgage Holdings, Inc., American Home Mortgage Acceptance, Inc., American Home Mortgage Corp., American Home Mortgage Investment Corp., American Home Mortgage Servicing, Inc., American Home Mortgage Ventures LLC, Homegate Settlement Services, Inc., and Great Oak Abstract Corp.

6. Among other things, the Cash Collateral Order sets forth certain binding agreements, admissions and releases by the Debtors with respect to the Pre-Petition Secured Parties' claims existing as of the Petition Date (defined in the Cash Collateral Order as "Indebtedness") and their security interests and liens on the Pre-Petition Collateral.[2] In addition, the Committee was deemed to have standing, on behalf of the Debtors' estates, to: (i) challenge the amount, validity, enforceability, priority or extent of the Indebtedness or the Pre-Petition Secured Parties' security interests in and liens upon the Pre-Petition Collateral or (ii) otherwise assert any claims or causes of action against the Pre-Petition Secured Parties.

7. Thereafter, following the Committee's subsequent review and analysis of the estates' potential claims, the Committee narrowed its focus to certain limited issues. Accordingly, pursuant to consensual amendments to the Cash Collateral Order, the Committee's time to assert any claim or commence any action against the Pre-Petition Secured Parties has expired with respect to all issues <u>except</u> three issues set forth in Paragraph 1 of the *Second Stipulation and Order Regarding the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties* [D.I. 2855] (the "Remaining Issues"). The Remaining Issues relate to (i) whether the Pre-Petition Secured Parties' interests are perfected with respect to certain real property interests obtained by the Debtors as a result of foreclosures or similar enforcement proceedings ("REO Property") and certain proceeds thereof, (ii) whether certain funds received by the Administrative Agent or held in certain specified bank accounts constitute Pre-Petition Collateral, and (iii) whether, in the event that the Pre-Petition Secured Parties' claims are determined to be undersecured, certain fees and expenses that the Debtors paid to the

---

[2] The Debtors' admissions and releases became binding upon all parties in interest other than the Committee on October 22, 2007.

Administrative Agent pursuant to the Cash Collateral Order should be applied to reduce the principal amount of Indebtedness.[3]

8. Pursuant to the Cash Collateral Order, the Administrative Agent has received proceeds from the Debtors' sale of Collateral, which the Administrative Agent has applied in permanent reduction of the Indebtedness. The principal remaining Collateral to be sold consists of approximately 3,400 residential mortgage loans (the "Mortgage Loans").

9. On February 22, 2008, the Administrative Agent filed the *Motion of Bank of America, N.A., As Administrative Agent, For Relief From Automatic Stay, Pursuant To 11 U.S.C. § 362(d), Allowing The Administrative Agent To Exercise Its Rights As A Secured Creditor* [Docket No. 3054] (the "Stay Relief Motion"). The Stay Relief Motion seeks modification of the automatic stay to allow the Administrative Agent to sell the Mortgage Loans in an orderly fashion and to transfer the servicing of those loans, as appropriate, in order to maximize the value of the Collateral.

10. The Debtors have objected to the Stay Relief Motion, principally on the grounds that (i) the Administrative Agent's interests are allegedly not aligned with the interests of the unsecured creditors, and (ii) a sale of the Mortgage Loans should be postponed indefinitely until market conditions improve.

11. The Committee and the Administrative Agent have engaged in extensive negotiations over the past several months in an effort to resolve the Remaining Issues, and more recently, to address the Committee's potential opposition to the Stay Relief Motion. As a result of such negotiations, the Committee and the Administrative Agent have reached a consensual

---

[3] For the precise language delineating the Remaining Issues, the Court and interested parties are referred to the *Second Stipulation and Order Regarding the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties* [D.I. 2855].

resolution of the Remaining Issues, subject to Court approval, which will also resolve the Committee's issues regarding the Stay Relief Motion. The parties' settlement and compromise is embodied in the proposed Stipulation and Order annexed hereto as <u>Exhibit A</u>. The following is a summary of its salient terms:[4]

- <u>Waiver and Release of Remaining Issues.</u> The Committee will waive the right to file any adversary proceeding or contested matter against the Pre-Petition Secured Parties and release all claims relating to the Remaining Issues.

- <u>Certain REO Properties.</u> The Pre-Petition Secured Parties' claims against and liens on the REO Properties listed on Exhibit B to the Stipulation and Order (the "<u>Designated REO Properties</u>") will be waived and released, (ii) the Pre-Petition Secured Parties will have no responsibility for the Designated REO Properties, and (iii) all expenses incurred or advances made in connection with the Designated REO Properties will be paid by the Debtors' estates (and not from Collateral proceeds).

- <u>Sharing of Applicable Cash Receipts.</u> Solely for purposes of the Stipulation and Order, the parties have established a "benchmark" level of Indebtedness owed to the Pre-Petition Secured Parties as of the Petition Date in the amount of $1,082,867,194.76. After cash receipts from (i) the Collateral, (ii) a trustee or liquidating trustee appointed by the Court, or (iii) any Debtor party to the Loan Documents (defined as "<u>Cash Receipts</u>") have been paid to the Pre-Petition Secured Parties and irrevocably applied to the permanent reduction of the Indebtedness by an amount equal to 94% of the Benchmark Pre-Petition Claim, the remaining proceeds of Cash Receipts will be shared between the Pre-Petition Secured Parties (defined as the "<u>Pre-Petition Secured Parties' Share</u>") and the Debtors' estates (defined as the "<u>Estate Share</u>") based on the sharing formulas set forth in paragraph 3(b) the Stipulation and Order.

- <u>Committee Support of the Stay Relief Motion and Other Matters.</u> The Committee will support the Stay Relief Motion. With respect to all other motions, contested matters or adversary

---

[4] The Court and interested parties are referred to the annexed Stipulation and Order for its complete terms. In the event of any inconsistency between the summary and the Stipulation and Order, the terms of the Stipulation and Order govern. Capitalized terms not defined herein have the meanings ascribed to them in the Stipulation and Order.

proceedings concerning or affecting the Collateral or the claims or rights of the Pre-Petition Secured Parties, the Committee will either remain neutral or, in its discretion, support the Administrative Agent and the Pre-Petition Secured Parties, but will not oppose them. The Stipulation and Order provides that it shall not restrict the Committee's right to (i) enforce the terms of this Stipulation and Order or (ii) act as a fiduciary on behalf of general unsecured creditors, including supporting or proposing a plan which the Committee believes is in the best interests of general unsecured creditors (*provided, however*, that the Committee shall not oppose the Administrative Agent or the Pre-Petition Secured Parties with respect to any matter concerning (w) the agreements, releases and admissions set forth in the Cash Collateral Order, (x) the allowance of the Pre-Petition Secured Parties' claims validly arising pursuant to the Loan Documents, (y) the enforcement, validity or perfection of their liens and security interests, or (z) any other rights of the Administrative Agent or the Pre-Petition Secured Parties set forth in or arising pursuant to the Cash Collateral Order).

- Certain Fees and Expenses. The Administrative Agent's fees and expenses incurred from and after the date that the Court has approved the Stipulation and Order and has decided the Stay Relief Motion will be paid from the Pre-Petition Secured Parties' Share.

- Deficiency Claim. To the extent that the Pre-Petition Secured Parties' pre-petition claims asserted in the Administrative Agent's proof of claim (Claim No. 8165) are unsatisfied after all Cash Receipts have been applied as provided in the Stipulation and Order, the Pre-Petition Secured Parties will have a Deficiency Claim *pari passu* with all other allowed unsecured claims against the applicable Debtors' estates; *provided, however*, that the Pre-Petition Secured Parties will not be entitled to receive on account of the Deficiency Claim any distributions from the Estate Share or the Designated REO Properties.

- Reports. The Administrative Agent will deliver to counsel for the Committee quarterly reports on the application of any Cash Receipts. If the Stay Relief Motion is granted, the Administrative Agent will dispose of the Mortgage Loans in the manner provided in the Credit Agreement, the Security Agreement and applicable law.

## RELIEF REQUESTED

12. By this Motion, the Committee and the Administrative Agent request that the Court approve and "so order" the Stipulation and Order pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a).

## APPLICABLE AUTHORITY

13. Section 105 of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

See Bankruptcy Rule 9019(a). Courts have interpreted this rule, as well as its predecessor, section 27 of the Bankruptcy Act, as granting the debtor in possession broad authority to settle controversies. Since the Committee is acting on behalf of the Debtors' estates to compromise the Remaining Issues, the Committee and the Administrative Agent believe that it is appropriate for the Court to analyze the settlement embodied in the Stipulation and Order under the standard set forth in Bankruptcy Rule 9019(a).

14. A starting point in analyzing any proposed settlement agreement is the general policy of encouraging settlements and favoring compromises. See Myers v. Martin (In re Martin), 91 F. 3d 389, 894 (3rd Cir. 1996); In re Coram Healthcare Corp., 315 B.R. 321, 329-30 (Bankr. D. Del. 2004); Florida Trailer and Equip. Co. v. Deal, 284 F. 2d 567, 571 (5th Cir. 1960). The standard by which courts evaluate a proposed compromise and settlement are well established. In bankruptcy, the court should approve a proposed compromise and settlement

7

when it is fair and equitable and in the best interests of the debtor's estate and its creditors. See In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998); In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997).

15. Under the well-established standard for consideration of the merits of a settlement, a settlement should be approved unless it falls below "the lowest point in the range of reasonableness." In re Coram Healthcare Corp., 315 B.R. at 330 (quoting Official Unsecured Creditors' Comm. v. Pennsylvania Truck Lines, Inc. (In re Pennsylvania Truck Lines, Inc.), 150 B.R. 595, 598 (E.D. Pa. 1992)).

16. The Stipulation and Order is a product of the parties' extensive arm's length negotiations. The Committee and the Administrative Agent submit that the Stipulation and Order presents a very favorable resolution for the Debtors' estates. If the parties were to litigate the Remaining Issues, particularly the highly complex legal and factual issues relating to REO Property, the Debtors' estates would clearly incur substantial litigation expenses and risk an unfavorable result. The Stipulation and Order will allow the Debtors' estates to realize the full value of the Designated REO Properties (including some that are indisputably subject to perfected liens granted to the Administrative Agent for the benefit of the Pre-Petition Secured Parties pursuant to the Cash Collateral Order) while entirely avoiding litigation risks and substantial expenses.

17. Moreover, the Administrative Agent's agreement to share with the Debtors' estates a portion of the cash receipts (principally Collateral proceeds) otherwise payable to the Pre-Petition Secured Parties, beginning at a point when the Benchmark Pre-Petition Claim is still unsatisfied by a significant amount, gives unsecured creditors an opportunity to realize significant additional value. The sharing arrangement also aligns the interests of all creditors in maximizing the value of the Collateral.

18. Based on the aforementioned sharing arrangement, the Committee believes the Administrative Agent, and not the Debtors, should control the disposition process for the Mortgage Loans and will support the Stay Relief Motion, which is a positive development from the Administrative Agent's perspective. The Committee's support of the Stay Relief Motion will also simplify discovery and the hearing on the Stay Relief Motion by reducing costs that might otherwise be incurred by the Committee and its professionals.

19. As an added benefit to unsecured creditors, if the liquidation of the Collateral and any other distribution from these estates to the Prepetition Secured Parties results in the Pre-Petition Secured Parties having a Deficiency Claim, the Pre-Petition Secured Parties will not be entitled to receive on account of the Deficiency Claim any distributions from the Estate Share or the Designated REO Properties, thereby further increasing the pro rata distributions payable to other holders of allowed unsecured claims.

20. Based on these and the other compromises set forth in the Stipulation and Order, the parties submit that their resolution is well above the "lowest point in the range of reasonableness."

21. For all of the foregoing reasons, the Committee and the Administrative Agent respectfully submit that the Stipulation and Order fairly and reasonably resolves the Remaining Issues, serves the best interests of unsecured creditors of the Debtors and their estates, and should be approved by the Court.

## NOTICE

22. Notice of this Motion has been provided to: (1) the Office of the United States Trustee for the District of Delaware, (2) the Debtors; and (3) all parties who have timely filed

requests for notice under Bankruptcy Rule 2002. The Committee and the Administrative Agent submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

23.     No previous motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee and the Administrative Agent request that the Court approve and "so order" the Stipulation and Order and grant such other further relief the Court deems just and proper.

Dated:  March 14, 2008
       Wilmington, Delaware

/s/ David W. Carickhoff
BLANK ROME LLP
Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
1201 Market Street Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6423

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Mark T. Power
488 Madison Avenue
New York, NY 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Official Committee of Unsecured Creditors*

/s/ Laurie Selber Silverstein
POTTER ANDERSON & CORROON LLP
Laurie Selber Silverstein (No. 2396)
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000

-and-

KAYE SCHOLER LLP
Margot B. Schonholtz
Mark F. Liscio
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Counsel for Bank of America, N.A. as Administrative Agent under that certain Second Amended and Restated Credit Agreement, dated as of August 10, 2006*

32126/855198