IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------ x

In re:                                                          : Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                          : Case No. 07-11047 (CSS)
a Delaware corporation, et al., [1]                            :
                                                                : Jointly Administered
        Debtors.                                                :
------------------------------------------------------------------------ x

Objection Deadline: April 7, 2008 at 4:00 p.m.
Hearing Date: N/A

## NOTICE OF APPLICATION

TO:     The Debtors, the United States Trustee, Counsel for the Official Committee of Unsecured
        Creditors, Counsel for the Administrative Agent, Counsel for the DIP Agent, and
        Milestone Advisors, LLC.

        The **Fifth Monthly Application of Quinn Emanuel Urquhart Oliver &
Hedges LLP, Special Investigatory Litigation and Conflicts Counsel to the Debtors, for
Allowance of Compensation for Services Rendered and for Reimbursement of Expenses
During the Period From December 1, 2007 through December 31, 2007** (the "Application")
has been filed with the Bankruptcy Court.  The Application seeks allowance of interim fees in
the amount of $123,807.25 and interim expenses in the amount of $17,100.11.

        Objections to the Application, if any, are required to be filed on or before **April 7,
2008 at 4:00 p.m. (ET)** (the "Objection Deadline") with the Clerk of the United States
Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington,
Delaware 19801.

        At the same time, you must also serve a copy of the response so as to be received by the
following on or before the Objection Deadline: (i) American Home Mortgage Holdings, Inc., 538
Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young
Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington,

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp.
("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM
Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a
Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558);
American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.
("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,
Texas 75063.

Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Jeffrey M. Levine); (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, counsel to the Committee; (v) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (vi) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; (vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon) and, Quinn Emanuel Urquhart Oliver & Hedges LLP, 51 Madison Avenue, 22nd Fl., New York, New York 10010 (Attn: James C. Tecce)

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Application will be held at a date and time to be determined before the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801.

PLEASE TAKE FURTHER NOTICE THAT PURSUANT TO THE ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS [DOCKET NO. 547], IF NO OBJECTIONS ARE FILED AND SERVED IN ACCORDANCE WITH THE ABOVE PROCEDURE, THE DEBTORS WILL BE AUTHORIZED TO PAY 80% OF REQUESTED INTERIM FEES AND 100% OF REQUESTED INTERIM EXPENSES WITHOUT FURTHER ORDER OF THE COURT.

Dated: Wilmington, Delaware
March 17, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Patrick A. Jackson

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and
Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------X
In re:                                           :
                                                 :
                                                 :   Chapter 11
AMERICAN HOME MORTGAGE                            :
HOLDINGS, INC., a Delaware corporation, et al.,  :   Case No. 07-11047 (CSS)
                                                 :
                                                 :   Jointly Administered
                          Debtors.               :
-------------------------------------------------X
```

## FIFTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE PERIOD FROM DECEMBER 1, 2007 THROUGH DECEMBER 31, 2007

| | |
|---|---|
| Name of applicant: | Quinn Emanuel Urquhart Oliver & Hedges, LLP |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | September 13, 2007 (nunc pro tunc to August 10, 2007) |
| Period for which compensation and reimbursement is sought: | December 1 - December 31, 2007 |
| Amount of compensation requested: | $123,807.25 |
| Amount of expense reimbursement requested: | $17,100.11 |

This is an:____X____ interim _____ final application.

This is the fifth monthly fee application filed by Quinn Emanuel Urquhart Oliver & Hedges LLP in these cases.

**Prior Applications:**

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Nov. 21, 2007 / Docket No. 2141 | August 10, 2007 - August 31, 2007 | $217,865.00 | $1,404.26 | $217,865.00 | $1,404.26 |
| Nov. 21, 2007 / Docket No. 2142 | September 1, 2007 - September 30, 2007 | $293,619.00 | $37,757.62 | $293,619.00 | $37,757.62 |
| Dec. 4, 2007 / Docket No. 2277 | October 1, 2007 - October 31, 2007 | $497,748.00 | $36,429.13 | $497,748.00 | $36,429.13 |
| Feb. 7, 2007 / Docket No. 2897 | November 1, 2007 - November 30, 2007 | $287,397.00 | $13,334.64 | | |

ATTACHMENT TO FIFTH MONTHLY FEE APPLICATION OF
QUINN EMANUEL URQUHART OLIVER & HEDGES LLP: SPECIAL INVESTIGATORY,
LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS.

| NAME | POSITION; EXPERIENCE | HOURLY RATE | TOTAL HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Susheel Kirpalani | Partner for 6 years; admitted in 1995 | $760 | 12.4 | $9,424.00 |
| Duane Lyons | Partner for 6 years; admitted in 1986 | $760 | 3.6 | $2,736.00 |
| James Teece | Of Counsel for 1 year; admitted in 1995 | $605 | 104 | $59,864.75 |
| Harrison Denman | Associate for 2 years, admitted in 2006 | $375 | 115.7 | $43,387.50 |
| Aidan McGlaze | Associate | $355 | 16.3 | $5,786.50 |
| Grace Yoon | Paralegal | $235 | 11.1 | $2,608.50 |
| TOTAL | | $470.57 (BLENDED RATE)[1] | 263.1 HOURS | $123,807.25 |

---

[1]  The blended rate excluding paraprofessionals is $480.95 per hour.

SUMMARY TABLE OF SERVICES RENDERED DURING
FIFTH MONTHLY FEE PERIOD
(DECEMBER 1, 2007 TO DECEMBER 31, 2007)

| ACTIVITY | HOURS | FEES |
|---|---|---|
| Case Management/Calendar Maintenance/Service of Pleadings | 2.9 | $681.50 |
| Court Hearings | 2.0 | $1,210.00 |
| Fee Application/Fee Issues | 12.5 | $4,963.50 |
| Insurance Issues | 33.5 | $15,052.50 |
| Lender Claims | 202.1 | $98,844.50 |
| Non-Working Travel (Only 50% Requested) | 10.1 | $6,110.50 (less $3,055.25) |
| TOTAL | 263.1 | $123,807.25 |

## SUMMARY BY CATEGORY TYPE OF DISBURSEMENTS BILLED
### (DECEMBER 1, 2007 TO DECEMBER 31, 2007)[2]

| DISBURSEMENTS | AMOUNT |
|---|---|
| Client Meals | $587.23 |
| Deposition Meals | $315.75 |
| Deposition Transcripts | $4,019.30 |
| Document Review Meal | $30.05 |
| Hearing Transcripts | $2,711.77 |
| Hotel | $5,827.95 |
| Local Travel | $198.00 |
| Parking | $168.00 |
| Professional Services | $1,525.00 |
| Taxi | $222.90 |
| Travel | $73.11 |
| Trial Preparation Meals | $126.00 |
| Trial Meals | $9.25 |
| Westlaw | $2,211.76 |
| **TOTAL DISBURSEMENTS** | **$18,026.07** (minus $925.96 credit) = $17,100.11[3] |

---

[2]   In this Fifth Monthly Fee Application, Quinn Emanuel seeks reimbursement of expenses incurred in prior compensation periods. Quinn Emanuel has not previously requested reimbursement for these expenses in any prior period. A complete breakdown of all expenses for which Quinn Emanuel seeks reimbursement in this application is annexed hereto as Exhibit B.

[3]   As set forth herein, during the Fifth Monthly Fee Period, Quinn Emanuel incurred actual expenses in the amount of $18,026.07. Quinn Emanuel, however, has deducted $925.96 as a credit to the Debtors' estate for expenses that were inadvertently charged to the Debtors' estate in prior monthly fee periods.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------X
In re:                                          :
                                                :
                                                :    Chapter 11
AMERICAN HOME MORTGAGE                           :
HOLDINGS, INC., a Delaware corporation, et al., :    Case No. 07-11047 (CSS)
                                                :
                                                :    Jointly Administered
                         Debtors.               :
                                                :    Objection Deadline:
-----------------------------------------------X
```

## FIFTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE PERIOD FROM DECEMBER 1, 2007 THROUGH DECEMBER 31, 2007

Quinn, Emanuel, Urquhart, Oliver & Hedges LLP ("**Quinn Emanuel**"), special investigatory, litigation and conflicts counsel to American Home Mortgage Holdings, Inc., a Delaware Corporation, and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**" or "**American Home**"), hereby submits its application (the "**Application**") to this Court pursuant to sections 330 and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Local Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure For United States Bankruptcy Court For the District of Delaware ("**Local Rule No. 2016-2**"), for an order (i) allowing compensation of $123,807.25 for actual, reasonable and necessary professional services rendered, and reimbursement of $17,100.11 for actual, reasonable and necessary expenses incurred during the period from December 1, 2007 through December 31, 2007 (the "**Fifth Monthly Fee Period**"), and (ii)

authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $116,145.91 which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of expense reimbursement, and represents as follows:

## I.    INTRODUCTION

### A.    Background

1.    Bankruptcy Filing. On August 6, 2007, (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    Jurisdiction. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases and this Application is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Local Rule No. 2016-2. This Application is made pursuant to the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant To Sections 331 and 105(a) of the Bankruptcy Code (the "**Compensation Order**"), entered on September 3, 2007 by this Court.

### B.    Retention Of Quinn Emanuel And Billing History

3.    On September 13, 2007, the Court authorized Quinn Emanuel's retention as special investigatory, litigation and conflicts counsel to American Home nunc pro tunc to August 10, 2007, pursuant to the Order Pursuant to Section 327(a) of The Bankruptcy Code and Bankruptcy Rule 2014(a) Approving the Retention of Quinn, Emanuel Urquhart Oliver &

Hedges, LLP, _Nunc_ Pro Tunc, as Special Investigatory, Litigation and Conflicts Counsel for the Debtors (Docket No. 741) (the **"Retention Order"**). The Retention Order authorized Quinn Emanuel to be compensated pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court, including the Compensation Order.

4.    This Application is Quinn Emanuel's fifth monthly application for approval and allowance of compensation. Quinn Emanuel makes this monthly application for approval and allowance of compensation pursuant to section 331 of the Bankruptcy Code and the Compensation Order. No prior application has been made to this or any other court for the relief requested herein, nor has payment been received by Quinn Emanuel for legal services provided to and on behalf of the Debtors, or for out-of-pocket expenses incurred in connection therewith.

5.    Quinn Emanuel has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

6.    No promises have been received by Quinn Emanuel or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

## II.    CASE STATUS

7.    As of the date hereof, no disclosure statements or plans of reorganization have been filed in respect of the Debtors.

## III.    APPLICATION

8.    By this Application, Quinn Emanuel is seeking (a) allowance of reasonable compensation for actual and necessary professional services rendered by Quinn

Emanuel, as special investigatory, litigation and conflicts counsel for the Debtors, during the Fifth Monthly Fee Period, and (b) reimbursement of actual, reasonable and necessary expenses incurred by Quinn Emanuel in connection with such services during the Fifth Monthly Fee Period.

9.     Specifically, Quinn Emanuel seeks approval of the sum of $123,807.25 for actual, reasonable and necessary legal services rendered on behalf of the Debtors during the Fifth Monthly Fee Period, and $17,100.11[4] for reimbursement of actual, reasonable and necessary expenses incurred in connection with the rendition of such services.[5] The fees sought by the Application reflect an aggregate of 263.10 hours of attorney and paraprofessional time spent and recorded in performing services for the Debtors during the Fifth Monthly Fee Period, at a blended average hourly rate of $470.57 for both professionals and paraprofessionals. The blended hourly rate for professionals only is $480.95.

10.     Quinn Emanuel rendered to the Debtors all services for which compensation is sought solely in connection with these cases, in furtherance of the duties and functions of the Debtors.

11.     Quinn Emanuel maintains written records of the time expended in the rendition of the professional services required by the Debtors. These records are maintained in the ordinary course of Quinn Emanuel's practice. For the convenience of the Court and parties in

---

[4]     As set forth herein, during the Fifth Monthly Fee Period, Quinn Emanuel incurred actual expenses in the amount of $18,026.07. Quinn Emanuel, however, has deducted $925.96 as a credit to the Debtors' estate for expenses that were inadvertently charged to the Debtors' estate in prior monthly fee periods.

[5]     In this Fifth Monthly Fee Application, Quinn Emanuel seeks reimbursement expenses incurred in prior compensation periods. Quinn Emanuel has not previously requested reimbursement for these expenses in any prior period. A complete breakdown of all expenses for which Quinn Emanuel seeks reimbursement in this application is annexed hereto as Exhibit B.

interest, attached hereto as part of the cover sheet, is a billing summary for the Fifth Monthly Fee Period, setting forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate of the time expended by each such attorney and paraprofessional, the hourly billing rate for each such attorney and paraprofessional at Quinn Emanuel's current billing rates, and an indication of the individual amounts requested as part of the total amount of compensation requested. Also set forth in the billing summary is additional information indicating whether each attorney is a partner or associate, and how many years each attorney has held such position. The compensation requested by Quinn Emanuel is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

12.     Attached hereto as Exhibit "A" are time entry records broken down in tenths of an hour by project category, in accordance with the U.S. Trustee Guidelines, setting forth a detailed description of services performed by each attorney and paraprofessional on behalf of the Debtors.

13.     Quinn Emanuel also maintains records of all actual and necessary expenses incurred in connection with the performance of professional services, a summary of which also is attached hereto as part of the cover sheet. The summary lists the amounts and categories of expenses for which reimbursement is sought. Attached hereto as Exhibit "B" is a summary of the expenses, including the date the expense was incurred and the charge.

## IV.   SUMMARY OF PROFESSIONAL SERVICES RENDERED

14.     To provide an orderly and meaningful summary of the services rendered on behalf of the Debtors by Quinn Emanuel, in accordance with the U.S. Trustee Guidelines,

Quinn Emanuel has established the following separate project billing categories in connection

with these cases:

a)  Bank/Thrift Issues
b)  Cash Collateral and DIP Financing
c)  Case Management/Calendar Maintenance/Service of
d)  Class Actions
e)  Court Hearings
f)  Creditor Inquiries
g)  Employee Issues
h)  Fee Application Preparation/Fee Issues
i)  Government Issues/Investigations
j)  Insurance Issues
k)  Lender Claims
l)  Meetings
m)  Non-Working Travel (Only 50% Requested)
n)  Other Conflicts
o)  Plan and Disclosure Statement
p)  Recharacterization
q)  Retention of Professionals
r)  Rule 2004 Investigations
s)  Servicing Platform Issues
t)  Stay Relief Matters
u)  Travel Time

15.    The following summary is intended only to highlight a number of the

services rendered by Quinn Emanuel in the separate project billing categories where Quinn

Emanuel expended a considerable number of hours on behalf of the Debtors. It is not meant to

be a detailed description of all of the work performed by Quinn Emanuel during the Fifth

Monthly Fee Period. Detailed descriptions of the day-to-day services provided by Quinn

Emanuel and the time expended performing such services in each project billing category are

fully set forth in Exhibit "A" hereto. Such detailed descriptions show that Quinn Emanuel was

heavily involved in the performance of services for the Debtors on a daily basis, including night

and weekend work, often under extreme time pressure to meet the needs of the Debtors in these

cases.

A.    **Lender Claims**: (Total Hours: 202.1; Total Fees: $98,844.50)

*Lehman Litigation*

16.    As special investigatory, litigation and conflicts counsel for the Debtors, Quinn Emanuel attorneys have undertaken a comprehensive review and analysis of the various lending relationships to which the Debtors were party prior to the Petition Date, including, without limitation, various repurchase agreements. On October 24, 2007, Quinn Emanuel attorneys, on behalf of the Debtors, filed a complaint against Lehman Brothers, Inc. and Lehman Brothers Commercial Paper ("**Lehman**"), alleging, among other things, that Lehman breached a repurchase agreement by improperly devaluing the value of the securities pledged as collateral thereunder, making improper margin calls, and improperly foreclosing on the collateral.

17.    On November 26, 2007, Lehman filed a motion to dismiss the Debtors' complaint. During the Fifth Monthly Fee Period, Quinn Emanuel attorneys extensively analyzed Lehman's arguments and prepared a comprehensive response to Lehman's motion to dismiss. In so doing, Quinn Emanuel attorneys also expended time and effort conducting legal research in support of its arguments against Lehman. Quinn Emanuel attorneys filed a response to Lehman's motion to dismiss on December 10, 2007.

*Wells Fargo Litigation*

18.    On October 25, 2007, Wells Fargo Bank N.A. ("**Wells Fargo**") filed a complaint in the nature of interpleader against the Debtors and several Bear Stearns entities and affiliates ("**Bear Stearns**"). In its complaint, Wells Fargo seeks to resolve competing claims asserted by the Debtors and Bear Stearns to a monthly payment owing on account of a trust certificate owned by the Debtors and allegedly foreclosed upon by Bear Stearns. During the Fifth Monthly Fee Period, Quinn Emanuel attorneys extensively reviewed and analyzed the

transaction documents governing the disputed payment. Quinn Emanuel attorneys also analyzed Bear Stearns' arguments in support of its claim to the disputed payment, outlining possible responses to the plaintiff's complaint. Quinn Emanuel attorneys, on behalf of the Debtors, filed an Answer to Wells Fargo's complaint on December 11, 2007. Thereafter, Quinn Emanuel attorneys reviewed, revised and negotiated a proposed scheduling stipulation with counsel for Wells Fargo and Bear Stearns governing the issues to be addressed and resolved in that proceeding (and reserving the estates' rights with respect to certain claims). Ultimately, the parties entered into the finalized scheduling stipulation on January 14, 2008.

> **B.**    **Insurance Issues** (Total Hours: 33.5; Total Fees: $15,052.50)

> 19.    On November 5, 2007, Quinn Emanuel attorneys filed, on American Home's behalf, a complaint again one of its mortgage insurers, Triad Guaranty Insurance Corp. (**"Triad"**). The complaint alleges that Triad violated the relevant and applicable policies and agreements among the Debtors and Triad when it cancelled insurance certifications for fourteen loans originated by the Debtors. In response to the complaint, Triad filed an answer and counterclaim against American Home on December 6, 2007.

> 20.    During the Fifth Monthly Fee Period, Quinn Emanuel attorneys reviewed and analyzed Triad's claims against the estate set forth in the counterclaim. Ultimately, on December 26, 2007, Quinn Emanuel attorneys filed, on American Home's behalf, an answer to Triad's counterclaim. During the Fifth Monthly Fee Period, Quinn Emanuel attorneys also drafted, and negotiated with Triad, a scheduling order governing discovery and trial in the proceeding.

## V.    FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

21.    The factors to be considered in awarding attorneys fees have been enumerated in In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), cert. denied, 431 U.S. 904, which standards have been adopted by most courts. See, e.g., In re Lan Assoc., 192 F.3d 109, 123 n.8 (3d. Cir. 1999) (suggesting First Colonial factors apply to § 330 compensation requests). Quinn Emanuel respectfully submits that a consideration of these factors should result in this Court's allowance of the full compensation sought.

(1)    The Time and Labor Required. The professional services rendered by Quinn Emanuel on behalf of the Debtors have required the continuous expenditure of substantial time and effort, under time pressures which sometimes required the performance of services late into the evening and, on a number of occasions, over weekends. The services rendered required a high degree of professional competence and expertise in order to be administered with skill and dispatch.

(2)    The Novelty and Difficulty of Questions. Novel and complex issues have already arisen in the course of the Chapter 11 Cases, and it can be anticipated that other such issues will be encountered. In these cases, as in many others in which the firm is involved, Quinn Emanuel's effective advocacy and creative approach to problem solving have helped clarify and resolve difficult issues and will continue to prove beneficial.

(3)    The Skill Requisite to Perform the Legal Services Properly. Quinn Emanuel believes that its recognized expertise in the area of bankruptcy related litigation and its practical approach to the resolution of issues are contributing to maximizing the size of the Debtors' estate.

(4)    The Preclusion of Other Employment by Applicant Due to Acceptance of the Case. The matters in which Quinn Emanuel's bankruptcy litigation practice group are involved need attention on a continuous basis and require several of Quinn Emanuel's attorneys to commit significant portions of their time to these cases.

(5)    The Customary Fee. The compensation sought herein is based upon Quinn Emanuel's normal hourly rates for services of this kind. Quinn Emanuel respectfully submits that the compensation sought herein is not unusual given the magnitude and complexity of these cases and the time dedicated to the representation of the Debtors. Such compensation is commensurate with fees charged by other attorneys of comparable experience.

(6)    Whether the Fee is Fixed or Contingent. Quinn Emanuel charges customary hourly rates for the time expended by its attorneys and paraprofessionals in

representing the Debtors and Quinn Emanuel's fee is not outcome dependent. Pursuant to sections 330 and 331 of the Bankruptcy Code, all fees sought by professionals retained under section 327 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court, and are subject to adjustment by the Court depending upon the services rendered and the results obtained.

(7)     Time Limitation Imposed by Client or Other Circumstances. As stated above, Quinn Emanuel has been required to attend to various issues as they have arisen in these cases. Occasionally, Quinn Emanuel has had to perform those services under significant time constraints requiring attorneys and paraprofessionals assigned to these cases to work evenings and on weekends.

(8)     The Amount Involved and Results Obtained. Through the efforts of Quinn Emanuel, the Debtors are poised to initiate actions against Third Parties and maximize value for the Debtors' estates.

(9)     The Experience, Reputation and Ability of the Attorneys. Quinn Emanuel's attorneys involved in this representation have played a major role in numerous complex restructurings including, for example, the chapter 11 cases of Refco Inc., Enron Corp., et al., Safety-Kleen Corp., et al., and Adelphia Communications Corp., et al. Quinn Emanuel's experience enables it to perform the services described herein competently and expeditiously.

(10)     The "Undesirability" of the Case. These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of Quinn Emanuel's attorneys.

(11)     Nature and Length of Professional Relationship. Quinn Emanuel was selected as the Debtors special investigatory, litigation and conflicts counsel shortly after the Petition Date, on August 10, 2007, and was retained nunc pro tunc to that date pursuant to an order of this Court dated September 13, 2007.

## VI.     ALLOWANCE OF COMPENSATION

22.     The professional services rendered by Quinn Emanuel have required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and action by the Debtors could be addressed with skill and dispatch. It is respectfully submitted that the services rendered to the Debtors were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' estates.

23.    The allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> Any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331. This Court has authorized the filing of this Application in the Compensation Order.

24.    With respect to the level of compensation, section 330(a)(1) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person: "reasonable compensation for actual, necessary services rendered." Section 330(a)(3)(A), in turn, provides that:

> [i]n determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issues or task addressed; and
>
> (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a) (3) (A).

25.    The congressional policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. See In re Busy Beaver Building Centers, Inc., 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts") (citation and internal quotation marks omitted).

26.    The total time spent by Quinn Emanuel attorneys and paraprofessionals during the Fifth Monthly Fee Period was 263.10 hours, which services have a fair market value of $123,807.25. As shown by this Application and supporting exhibits, Quinn Emanuel spent its time economically and without unnecessary duplication of time (or duplication of the efforts of the Debtors' other retained professionals). In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

## VII.    EXPENSES

27.    During the Fifth Monthly Fee Period, Quinn Emanuel incurred actual expenses in the amount of $18,026.07. Quinn Emanuel, however, has deducted $925.96 as a credit to the Debtors' estate for expenses that were inadvertently charged to the Debtors' estate at rates charged to non-bankruptcy clients in prior monthly fee periods. Accordingly, Quinn Emanuel is only seeking reimbursement for $17,100.11 of these expenses.[6] Quinn Emanuel maintains records of all actual and necessary expenses incurred in connection with the

---

[6]    In this Fifth Monthly Fee Application, Quinn Emanuel seeks reimbursement of expenses incurred in prior compensation periods. Quinn Emanuel has not previously requested reimbursement for these expenses in any prior period. A complete breakdown of all expenses for which Quinn Emanuel seeks reimbursement in this application is annexed hereto as Exhibit B.

performance of professional services. A breakdown of expenses, including the date the expense was incurred and the charge, is annexed hereto as Exhibit "B."

28.    In connection with the reimbursement of actual, reasonable and necessary expenses, it is Quinn Emanuel's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to Quinn Emanuel's clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, document word-processing charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses particularly attributable to an individual client or cases such as secretarial and other overtime.

29.    Quinn Emanuel charges the Debtors for these expenses at rates consistent with those charged to Quinn Emanuel's other bankruptcy clients, which rates are equal to or less than the rates charged by Quinn Emanuel to its non-bankruptcy clients. Quinn Emanuel seeks reimbursement from the Debtors at the following rates for the following expenses: (a) ten cents per page for photocopying; and (b) one dollar per page for out-going facsimiles. In accordance with section 330 of the Bankruptcy Code and with the U.S. Trustee Guidelines, Quinn Emanuel will seek reimbursement only for the actual cost of such expenses to Quinn Emanuel.

30.    In providing or obtaining from third parties services which are reimbursable by clients, Quinn Emanuel does not include in such reimbursable amount any costs of investment, equipment or capital outlay, except that the reimbursable cost of photocopying and faxes includes a factor for the cost of equipment.

31. Quinn Emanuel regularly charges its non-bankruptcy clients for ordinary business hour fees and expenses for secretarial, library, word processing, and other staff services because such items are not included in the firm's overhead for the purpose of setting the billing rates.

32. Attorneys at Quinn Emanuel have not incurred expenses for luxury accommodations, deluxe meals or air travel in excess of coach fares. Throughout the Fifth Monthly Fee Period, Quinn Emanuel has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

### VIII. NOTICE

33. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Application has been given to (a) the United States Trustee, (b) the Debtors, (c) counsel for the Debtors, (d) the Creditors' Committee, and (e) counsel for the Creditors' Committee. Quinn Emanuel submits that no further notice need be given in accordance with the Compensation Order.

## IX.   CONCLUSION

WHEREFORE, Quinn Emanuel respectfully requests the Court to enter an order, substantially in the form attached hereto (i) approving and allowing Quinn Emanuel compensation in the amount of $123,807.25 for actual, reasonable and necessary professional services rendered and reimbursement of $17,100.11 for actual, reasonable and necessary expenses incurred, and authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $116,145.91, which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of such expense reimbursement; and (ii) granting such further relief as is just.

Dated: Wilmington, Delaware
      March 17, 2008

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

By  /s/ James C. Tecce
      James C. Tecce
      Susheel Kirpalani

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Telecopier: (212) 849-7100

1

# EXHIBIT A

Matter # : 61106-C

### AHM - Case Management/Calendar Maintenance/Service of Pleadings

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 12/03/07 | GY | Check new pleadings in court docket for H. Denman | 0.10 |
| 12/04/07 | GY | Check new pleadings in court docket for H. Denman | 0.20 |
| 12/05/07 | GY | Check new pleadings in court docket H. Denman | 0.10 |
| 12/06/07 | GY | Check new pleadings in court docket for H. Denman | 0.20 |
| 12/07/07 | GY | Check new pleadings in court docket for H. Denman | 0.20 |
| 12/10/07 | GY | Check new pleadings in court docket for H. Denman | 0.10 |
| 12/12/07 | GY | Check new pleadings in court docket for H. Denman | 0.10 |
| 12/13/07 | GY | Check new pleadings in court docket for H. Denman | 0.10 |
| 12/14/07 | GY | Check new pleadings in court docket for H. Denman | 0.10 |
| 12/17/07 | GY | Check new pleadings in court docket for H. Denman (.10); retrieve retention documents as requested by J. Tecce (.50) | 0.60 |
| 12/18/07 | GY | Check new pleadings in court docket for H. Denman | 0.10 |
| 12/19/07 | GY | Check new pleadings in court docket for H. Denman | 0.20 |
| 12/20/07 | GY | Check new pleadings in court docket for H. Denman | 0.20 |
| 12/26/07 | GY | Check new pleadings in court docket for H. Denman | 0.20 |
| 12/27/07 | GY | Check new pleadings in court docket for H. Denman | 0.20 |
| 12/28/07 | GY | Check new pleadings in court docket for H. Denman | 0.10 |
| 12/31/07 | GY | Check new pleadings in court docket for H. Denman | 0.10 |

Total Hours   2.90

## Fee Summary

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|-------------------|-------|-------|-------|------|--------|
| Grace Yoon | GY | Paralegal | 2.90 | 235.00 | 681.50 |

Matter # : 61106-E

AUM - Court Hearings

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 17/12/07 | JCT | Attend court hearing on pre-trial conferences (Triad; Wells Fargo) | 2.00 |
| | | Total Hours | 2.00 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| James C. Tecce | JCT | Counsel | 2.00 | 605.00 | 1,210.00 |

Matter # : 61106-}

AHM - Insurance Issues

## Statement Detail

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 12/06/07 | HLD | Reviewed Triad's answer/counterclaim (.8), emails with A. Horn and JCT re same (.6). | 1.40 |
| 12/07/07 | JCT | Review Triad answer. | 0.40 |
| 12/07/07 | HLD | Reviewed Triad's answer and counterclaim and outline response (1.4) TC with A.Horn re same (.3) | 1.70 |
| 12/08/07 | HLD | Draft/revise Triad scheduling order. | 1.40 |
| 12/10/07 | JCT | Review scheduling issues for Triad complaint; proposed deadlines | 0.30 |
| 12/10/07 | HLD | TCs with K.Mangan at Wombley (Triad counsel) re scheduling conference issues (.4); Revised draft scheduling order re same (.8). | 1.20 |
| 12/11/07 | JCT | Review complaint and counterclaim; underlying policies; scheduling order for possible discovery deadlines (1.1); conf. w/ H. Denman re same (.6); call with Womble Carlyle (Triad Counsel) re same (.3); post calls with K. Mangan re same and settlement of discovery dispute (.2); emails and calls with A Horn and J. Kalas re discovery issues and deadlines (.5) | 2.70 |
| 12/11/07 | HLD | TC Triad counsel (Wombley) re scheduling order, review drafts of order under consideration (.8); Emails with JCT, Kalas and A. Horn re Triad demands for delayed discovery (.5); Draft/revise scheduling stipulation (.8); Emails with D. Lyons re Triad litigation transition(.5) | 2.60 |
| 12/12/07 | DRL | Review complaint and related documents. Participate in conference call re: case status. | 1.80 |
| 12/12/07 | HLD | TC with D Lyons and JCT re Triad status (.5); Revised proposed scheduling order (.8); Emails with D Lyons re status of recent Triad file requests (.5). | 1.80 |
| 12/13/07 | HLD | Emails with Kalas/Horn re Tuesday's conference call. | 0.20 |
| 12/14/07 | HLD | Review to court's request for conference call and TCs/emails with Edwards (YC), D Lyons and courtcall service re same (1.3); Emails with A Horn and J Kalas re same (.3). | 1.60 |
| 12/17/07 | DRL | Review documents and prepare for conference call with court. | 0.80 |
| 12/18/07 | DRL | Prepare for (.5) and attend (.5) court conference call. | 1.00 |
| 12/18/07 | JCT | Attend telephonic hearing on Triad insurance coverage dispute regarding redactions to complaint | 0.40 |
| 12/18/07 | HLD | TC Judge Sontchi, Triad counsel re motion to file pleadings under seal (.5); TC A. Horn, Lyons, Kalas re litigation status update (.6); Revised proposed scheduling order (.3); Revise redactions to complaint per Judge's request (.5);Draft answer to Triad's counterclaim (1.9). | 3.80 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 12/19/07 | HLD | Drafted answer to Triad counterclaim (.6); TC with E. Edwards (YC) re filing answer (.3); Emails with D Lyons re revised redactions to complaint (.2). | 1.10 |
| 12/20/07 | HLD | TCs/Emails with Triad counsel and E Edwards re revised redactions to complaint (.6); Revised answer to triad counterclaim (1.3). | 1.90 |
| 12/21/07 | JCT | Review and revise Triad Answer to Counterclaims. | 1.00 |
| 12/21/07 | HLD | Revised answer to triad's counterclaim (1.5); TCs/emails with D. Lyons and P. Jackson re same (.6). | 2.10 |
| 12/23/07 | HLD | Emails with JCT re revisions to answer to triad counterclaim. | 0.30 |
| 12/26/07 | HLD | Revised Answer to Triad's counterclaim (1.1); redacted same (.5); review 5 Service issues re same (.4); TC Mangan (Triad counsel) re Debtors' motion to destroy loan files (.3); TC/emails with JCT, D. Lyons and Beach re same (.8). | 3.10 |
| 12/27/07 | HLD | TC A. Horn re initial disclosures in Triad litigation, prep re same. | 0.40 |
| 12/28/07 | HLD | Drafted AHM's initial disclosures. | 0.50 |
| | | Total Hours | 33.50 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Duane R. Lyons | DRL | Partner | 3.60 | 760.00 | 2,736.00 |
| James C. Tecce | JCT | Counsel | 4.80 | 605.00 | 2,904.00 |
| Harrison L. Denman | HLD | Associate | 25.10 | 375.00 | 9,412.50 |

Matter # : 61106-11

AHM - Fee Application Preparation/Fee Issues

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 12/03/07 | JCT | Review and revise October fee application | 1.20 |
| 12/03/07 | HLD | Revised October fee application per JCT changes. | 1.80 |
| 12/04/07 | HLD | Revised/finalized October fee application, emails with P. Jackson (YC) re same. | 2.40 |
| 12/05/07 | HLD | TC/emails with P Jackson (YC) re October Fee App. | 0.40 |
| 12/06/07 | HLD | Prepare November fee application. | 1.30 |
| 12/10/07 | HLD | Revised November fee application exhibit A. | 1.80 |
| 12/12/07 | HLD | Emails with P Jackson re filing of CNOs for Quinn's August and September fee applications. | 0.30 |
| 12/14/07 | HLD | TCs/emails with JCT re status of August and September fees applications (.4); TC/email with P Jackson re QE's first interim fee application (.5). | 0.90 |
| 12/17/07 | HLD | Emails with P Jackson at YC re September fee application (.4); Reviewed draft of first interim fee application (.5); Emailed AHM re QE's August and September fee applications (.2). | 1.10 |
| 12/26/07 | HLD | TC/emails with AHM re Aug/Sept fees applications (.2); review CNO for Quinn's October fees (.2). | 0.40 |
| 12/27/07 | HLD | Emails with P. Jackson and A. Horn re October fee application. | 0.50 |
| 12/28/07 | HLD | Emails with AHM re QE's October fee application. | 0.40 |
| | | Total Hours | 12.50 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| James C. Tecce | JCT | Counsel | 1.20 | 605.00 | 726.00 |
| Harrison L. Denman | HLD | Associate | 11.30 | 375.00 | 4,237.50 |

Matter # : 61106-K

## AHM - Lender Claims

## Statement Detail

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 12/02/07 | HLD | Draft omnibus lender motion. | 1.90 |
| 12/03/07 | JCT | Lehman: Research article 9 issues (3.3); research 562 issues (.7); draft article 9 sections of answering brief (2.4); draft factual background of answering brief (2.7); coordination call with Young Conaway regarding litigation next steps, lender claims (.3) | 9.40 |
| 12/03/07 | AM6 | Research bankruptcy safe-harbor arguments and standards on motions to dismiss for response to Lehman. | 7.20 |
| 12/03/07 | HLD | Drafted/revised Global lender motion | 2.70 |
| 12/03/07 | HLD | Revised/circulated Answer to Wells Fargo complaint (2.4); Reviewed Wells Fargo indenture re same (1.9). | 4.30 |
| 12/04/07 | SK2 | Attend meetings at AHM offices re counterparty exposure/various positions w/S. Sakamoto, S. Cooper, K. Nystrom, C. Pino (3.3); outlining action plan as per meeting instructions (3.0). | 6.30 |
| 12/04/07 | JCT | Revisions to brief in response to Lehman MTD re factual background (.9); re Article 9, with related research (7.1); review BofA scheduling stipulation, motion for relief from automatic stay (.4); outline research topics for 562 arguments (.4) | 8.80 |
| 12/04/07 | JCT | Review and revise "omnibus" motion. | 1.20 |
| 12/04/07 | AM6 | Research unjust enrichment for opposition to Lehman's Motion to Dismiss. | 3.40 |
| 12/04/07 | HLD | Revised global motion, TCs/emails with SK and P. Agrawal re same. | 1.90 |
| 12/04/07 | HLD | Review evidentiary issues in lehman litigation (.3); TCs re same (.6); Draft/finalize QE supplemental disclosure declaration re Lehman (2.4); Draft breach of contract rider for response to motion to Lehman dismiss (3.5). | 6.80 |
| 12/05/07 | JCT | Lehman: Draft and research answering brief re repurchase agreement/securities contract stats (7.8); draft and research breach of contract claim (2.4); research regarding remaining claims unjust enrichment, 562, conversion, turnover, declaratory judgement (3.4) | 13.60 |
| 12/05/07 | AM6 | Lehman: Complete research on unjust enrichment. | 0.40 |
| 12/05/07 | HLD | TCs/emails re lehman evidentiary issues (1.1); Emails with SK and S Sakamoto re same (.3); Emails with SK/JCT re revisions to answer to Wells Fargo complaint (.3); Research re conversion caselaw for response to Lehman's motion to dismiss (3.6); Research re unjust enrichment caselaw for response to Lehman's motion to dismiss (1.8); Drafted riders re same (2.0). | 9.10 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 12/06/07 | JCT | Lehman: Revise brief (preliminary statement) (2.1); argument (2.7); factual background (.8); full revisions (4.1) | 9.70 |
| 12/06/07 | HLD | Draft/revise global motion. | 1.30 |
| 12/06/07 | HLD | TC S. Sakamoto (AHM) re Answer to Wells Fargo complaint (.4); Revise Answer per Sakamoto's comments (.3); Reviewed indenture re same (.8); Reviewed evidentiary issues in lehman litigation (.3); Research re breach of contract issues for Response to Lehman's motion to dismiss (3.0). | 4.80 |
| 12/07/07 | SK2 | Attend liquidity call (1.2) | 1.20 |
| 12/07/07 | JCT | Review and revise Lehman brief (1.0); calls with S. Sakamoto (American Home) re same (.4) review email correspondence and memoranda regarding potential claims and causes of action against warehouse lenders and conf. w/ H. Denman re same (1.6); review evidentiary issues (.2); review Wells Fargo complaint, call with their counsel, revise answer (1.3) | 4.50 |
| 12/07/07 | JCT | Revise Omnibus Motion | 0.70 |
| 12/07/07 | AM6 | Review and edit response brief to Lehman motion to dismiss. | 2.70 |
| 12/07/07 | HLD | Revised global motion per JCT comments. | 0.60 |
| 12/07/07 | HLD | Revise Answer to WF complaint (.6); Review trust agreement re same (1.4); Revise response to Lehman's motion to dismiss (1.7); Review claims against counterparties (.9). | 4.60 |
| 12/08/07 | AM6 | Revise brief in opposition to Lehman's motion to dismiss the complaint. | 2.30 |
| 12/09/07 | JCT | Revise Lehman brief with S. Kirpalani comments (5.2); email correspondence w/ S. Kirpalani and H. Denman re same (.5) | 5.70 |
| 12/09/07 | HLD | Revise response to Lehman's motion to dismiss per SK changes (1.3); Emails with SK/JCT re strategy re Answer to Wells Fargo complaint (.4). | 1.70 |
| 12/10/07 | JCT | Revise Wells Fargo answer (3.2); call w/ S. Sakamoto re same (.3); review J. Dorsey email re comments to same (.2); conf call with opposing counsel (Wells and Bear) re same and pretrial conference (.2); revise and finalize Lehman answering brief for filing (5.7) | 9.60 |
| 12/10/07 | HLD | Revise motion per Sk's comments, emails with JCT re same. | 1.10 |
| 12/10/07 | HLD | TC Schlitz and BS counsel re Wells Fargo adversary proceeding scheduling conference, prep re same (.8); Revise answer to WF complaint, emails with Dorsey (YC) re same (1.8); Revise response to Lehman's motion to dismiss (3.6). | 6.20 |
| 12/10/07 | CY | Retrieve cases from response brief and create exhibit for J. Tecce | 1.50 |
| 12/11/07 | SK2 | Reviewing points for possible oral argument for Lehman matter (1.5); confer w/J. Tecce re article 9 issues (.5); reviewing analogous case law (.8). | 2.80 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 12/11/07 | JCT | Review Art. 9 questions from S. Kirpalani (.7); review Bear Stearns cross claim in Wells Fargo litigation, responses to same (1.5); emails with Sidley (Stern) and Quinn re same (.4); finalize answer to Wells Fargo complaint (1.3); prepare for hearing on adversary proceedings (.3); review scheduling issues for Bear Stearns responses (.3) | 4.70 |
| 12/11/07 | HLD | Revised answer to wells fargo complaint (3.1); Reviewed BS answer and cross claim to wells fargo complaint (1.7); emails re same with JCT and SK (.3); Research re deadline to respond to BS cross claim (.8); Drafted/circulated scheduling stipulation re same (.9); TC S. Sakamoto re lender z's demand for instructions and threat to file interpleader, emails re same (.6);Reviewed deadlines for BofA litigation (.4); | 7.70 |
| 12/11/07 | HLD | Review open issues re global motion. | 0.10 |
| 12/12/07 | JCT | Prepare for Wells pretrial; review underlying indenture, trust agreement, answers, Bear Stearns counterclaim. | 0.50 |
| 12/12/07 | HLD | Emails re evidentiary issues in lehman litigation (.3); Reviewed BS' cross-claim against AHM for attorney fees (1.0); TCs with S. Sakamoto re same (.9); Revised AHM's claim against lender x, emails/TCs with JCT re same (3.1); Revised stipulation with BS counsel re response deadline, emails with E Edwards re same (.6); Reviewed emails from S Sakamoto re potential setoff claims (.3). | 6.20 |
| 12/13/07 | JCT | Emails with Bear Stearns (.2); and confs. w/ S. Kirpalani (.3) re next steps on Wells-Bear Stearns lawsuit (.3) | 0.80 |
| 12/13/07 | HLD | TCs/emails re evidentiary issues in Lehman litigation (.4); Prepared for liquidity call with SK re claims :          (.3); Emails with Dorsey (YC) re BS' proposed discovery schedule in the Wells Fargo interpleader adversary case (.2); Reviewed setoff claims against lenders (2.0). | 2.90 |
| 12/14/07 | JCT | Review scheduling issues for Wells Fargo's adversary; review proposed deadlines; review and revise proposed stipulation; outline claims and causes of action against lender x. | 3.20 |
| 12/17/07 | SK2 | Review Lehman reply brief (1.9); confer w/J. Teece re same (.2). | 2.10 |
| 12/17/07 | JCT | Review next steps in interpleader action (.7); conf. w/ S. Kirpalani and H. Denman re same and Lehman (.4); draft stipulated agreement for bifurcated trial on limited issues (2.1) | 3.20 |
| 12/17/07 | HLD | Reviewed WF Indenture for purposes of drafting scheduling stipulation with WF re interpleader litigation (.9); review evidentiary issues for lehman litigation (.8); Emails re evidentiary issues in Lehman litigation (.2); Reviewed Lehman's response to motion to dismiss, summarized same (2.6). | 4.50 |
| 12/18/07 | JCT | Review and revise Wells Fargo stipulation; outline possible "bifurcation" of trials (.8) confs. w/ H. Denman re same (.2) | 1.00 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 12/18/07 | HLD | TC/emails with S. Sakamoto re proposed bifurcation of Wells Fargo dispute (.4); Met with JCT re same (.4); | 0.80 |
| 12/19/07 | JCT | Revise global Motion. | 1.00 |
| 12/19/07 | HLD | TCs with Sakamoto and JCT re Wells Fargo litigation. | 0.50 |
| 12/20/07 | JCT | Revise global Motion. | 0.70 |
| 12/20/07 | JCT | Email correspondence with A. Stern re Wells Fargo Interpleader. | 0.80 |
| 12/20/07 | AM6 | Confer w/ H. Denman re Lehman case status and strategy. | 0.30 |
| 12/20/07 | HLD | Reviewed emails between JCT and Stern (BS counsel) re bifurcating of Wells Fargo litigation (.6); Emails re strategy with JCT (.5). | 1.10 |
| 12/21/07 | JCT | Review disposition of Wells action; revisions to "backup" stipulation regarding counterclaim deferment. | 0.80 |
| 12/26/07 | HLD | Met with G Yoon re distribution list for global motion. | 0.40 |
| 12/26/07 | HLD | Research/emails re timing of dispositive motion. | 0.50 |
| 12/26/07 | GY | Create and revise counsel contact list for H. Denman | 3.60 |
| 12/27/07 | HLD | Met with G Yoon re mailing distribution list for global motion (.2); Draft/revise cover letter to respondents and attached contact list (1.9). | 2.10 |
| 12/27/07 | HLD | Researched/drafted rider re third circuit caselaw re dispositive motion standard. | 2.40 |
| 12/27/07 | GY | Retrieve cases from memo for H. Denman (.4); Create contact list for global motion and prepare mailing for H. Denman (1.9). | 2.30 |
| 12/28/07 | HLD | Researched/drafted rider re standards for dispositive motion. | 3.10 |
| 12/28/07 | GY | Retrieve cases from record date argument memo. | 0.80 |
| 12/30/07 | JCT | Revise dispositive motion. | 2.50 |
| 12/31/07 | JCT | Research (1.5) and revise (2.0) dispositive motion. | 3.50 |

Total Hours    202.10

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Susheel Kirpalani | SK2 | Partner | 12.40 | 760.00 | 9,424.00 |
| James C. Tecce | JCT | Counsel | 85.90 | 605.00 | 51,969.50 |
| Harrison L. Denman | HLD | Associate | 79.30 | 375.00 | 29,737.50 |
| Aidan McGlaze | AM6 | Associate | 16.30 | 355.00 | 5,786.50 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|-------------------|-------|-------|-------|------|--------|
| Grace Yoon | GY | Paralegal | 8.20 | 235.00 | 1,927.00 |

Matter # : 61106-M

AHM - Non-working Travel

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 11/08/07 | JCT | (Travel Time) Return travel from Wilmington to NYC | 5.00 |
| 12/12/07 | JCT | Travel from NYC to Wilmington for pretrial confs (Triad, Wells) (2.7); return travel from Wilmington to NYC from same (2.4) | 5.10 |
| | | Total Hours | 10.10 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| James C. Tecce | JCT | Counsel | 10.10 | 605.00 | 6,110.50 |

## EXHIBIT B

Summary by Expenses Incurred
(December 1, 2007 through December 31, 2007)

| Date Posted | Expense/Date Incurred | Amount |
|---|---|---|
| 09/30/07 | Westlaw | $55.01 |
| 11/09/07 | Travel - 10/3/07 | $25.43 |
| 11/09/07 | Travel - 9/30/07 | $47.68 |
| 11/09/07 | Hotel - 9/30/07 through 10/8/07 | $5,827.95 |
| 11/09/07 | Taxi - 9/30/07 | $55.00 |
| 12/12/07 | Taxi - 10/18/07 | $9.80 |
| 12/12/07 | Taxi - 11/8/07 | $9.80 |
| 12/12/07 | Taxi - 11/5/07 | $10.20 |
| 12/12/07 | Taxi - 11/6/07 | $11.00 |
| 12/12/07 | Taxi - 11/4/07 | $10.10 |
| 12/12/07 | Taxi - 10/22/07 | $10.00 |
| 12/12/07 | Taxi - 10/23/07 | $10.20 |
| 12/12/07 | Taxi - 10/29/07 | $10.20 |
| 12/12/07 | Taxi - 10/30/07 | $10.60 |
| 12/12/07 | Taxi - 10/24/07 | $11.00 |
| 12/12/07 | Local Travel - 11/5/07 | $99.00 |
| 12/13/07 | Trial Meals - 11/5/07 | $9.25 |
| 12/13/07 | Trial Preparation Meal - 11/5/07 | $126.00 |
| 12/13/07 | Taxi - 11/5/07 | $10 |
| 12/13/07 | Local Travel - 11/5/07 | $99.00 |
| 12/16/07 | Professional Services-CKM Legal Research - 11/21/07 | $115.00 |
| 12/17/07 | Client Meals - 8/16/07 | $197.40 |
| 12/17/07 | Taxi - 10/4/07 | $55.00 |
| 12/17/07 | Parking - 8/23/07 | $24.00 |
| 12/17/07 | Parking - 8/14/07 | $24.00 |
| 12/17/07 | Parking - 8/30/07 | $24.00 |
| 12/17/07 | Parking - 10/9/07 | $24.00 |
| 12/17/07 | Parking - 10/11/07 | $24.00 |
| 12/17/07 | Parking - 10/16/07 | $24.00 |
| 12/17/07 | Parking - 10/18/07 | $24.00 |
| 12/17/07 | Deposition Meal - 10/9/07 | $61.10 |
| 12/17/07 | Client Meals - 8/29/07 | $21.37 |
| 12/17/07 | Client Meals - 9/6/07 | $24.00 |
| 12/17/07 | Client Meals - 8/13/07 | $25.00 |
| 12/17/07 | Client Meals - 8/27/07 | $25.00 |
| 12/17/07 | Client Meals - 10/8/07 | $25.00 |
| 12/17/07 | Client Meals - 9/6/07 | $30.47 |
| 12/17/07 | Client Meals - 8/28/07 | $140.00 |

641006:K21425574

| Date | Description | Amount |
|---|---|---|
| 12/19/07 | Hearing Transcript | $1,597.00 |
| 12/19/07 | Hearing Transcript | $1,114.77 |
| 12/26/07 | Professional Services – Court Reporting Services - 10/29/07 | $1,410.00 |
| 12/26/07 | Client Meals - 11/7/07 | $25.89 |
| 12/26/07 | Client Meals - 11/6/07 | $29.78 |
| 12/26/07 | Client Meals - 11/5/07 | $30.28 |
| 12/26/07 | Deposition Transcript - 10/9/07 | $1,482.00 |
| 12/26/07 | Deposition Transcript - 10/8/07 | $2,537.30 |
| 12/31/07 | Westlaw | $20.95 |
| 12/31/07 | Westlaw | $59.47 |
| 12/31/07 | Westlaw | $69.83 |
| 12/31/07 | Westlaw | $2,006.50 |
| 12/31/07 | Client Meals - 11/8/07 | $13.04 |
| 12/31/07 | Document Review Meal - 11/26/07 | $30.05 |
| 12/31/07 | Meal for Deposition Participants - 10/29/07 | $50.93 |
| 12/31/07 | Meal for Deposition Participants - 10/30/07 | $50.93 |
| 12/31/07 | Meal for Deposition Participants - 10/29/07 | $50.93 |
| 12/31/07 | Meal for Deposition Participants - 10/26/07 | $50.93 |
| 12/31/07 | Meal for Deposition Participants - 10/31/07 | $50.93 |
| TOTAL: | | $18,026.07 (minus $925.96 credit) = $17,100.11 |

3

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------x
In re:                                          :
                                                :
                                                :    Chapter 11
AMERICAN HOME MORTGAGE                           :
HOLDINGS, INC., a Delaware corporation, et al.,  :    Case No. 07-11047 (CSS)
                                                :
                                                :    Jointly Administered
                Debtors.                         :
-----------------------------------------------x
```

## CERTIFICATION OF JAMES C. TECCE

James C. Tecce, an attorney-at-law, duly admitted in good standing to practice in the State of New York hereby certifies that:

1.    I am counsel in the firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP ("**Quinn Emanuel**"), and I am duly authorized to make this Certification on behalf of Quinn Emanuel. Quinn Emanuel was retained by the Debtors as special investigatory litigation and conflicts counsel pursuant to an order of the Court. This certification is made in support of Quinn Emanuel's Fourth Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses During the Period from December 1, 2007 Through December 31, 2007 (the "**Application**"), and in compliance with Local Rule 2016-2 of this Court (the "**Rule**"), and with the United States Trustee's Guidelines for Review Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "**Guidelines**").

2.    I have read the Application and I certify that the Application substantially complies with the Rule and the Guidelines.

Dated:
March 17 2008

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**

James C. Tecce
55 Madison Avenue - 22nd Floor
New York, NY 10010
(212) 849 - 7200