IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------------- x
In re:                                                                   :    Chapter 11
                                                                         :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                    :    Case No. 07-11047 (CSS)
a Delaware corporation, et al., [1]                                      :
                                                                         :    Jointly Administered
     Debtors.                                                            :
----------------------------------------------------------------------- x

Objection Deadline: April 7, 2008 at 4:00 p.m.
Hearing Date: N/A

## NOTICE OF APPLICATION

TO:    The Debtors, the United States Trustee, Counsel for the Official Committee of Unsecured
       Creditors, Counsel for the Administrative Agent, Counsel for the DIP Agent, and
       Milestone Advisors, LLC.

          The **Sixth Monthly Application of Quinn Emanuel Urquhart Oliver &
Hedges LLP, Special Investigatory Litigation and Conflicts Counsel to the Debtors, for
Allowance of Compensation for Services Rendered and for Reimbursement of Expenses
During the Period From January 1, 2008 through January 31, 2008** (the "Application") has
been filed with the Bankruptcy Court.  The Application seeks allowance of interim fees in the
amount of $204,209.75 and interim expenses in the amount of $7,435.31.

          Objections to the Application, if any, are required to be filed on or before **April 7,
2008 at 4:00 p.m. (ET)** (the "Objection Deadline") with the Clerk of the United States
Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington,
Delaware 19801.

          At the same time, you must also serve a copy of the response so as to be received by the
following on or before the Objection Deadline: (i) American Home Mortgage Holdings, Inc., 538
Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young
Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp.
("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM
Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a
Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558);
American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.
("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,
Texas 75063.

Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Jeffrey M. Levine); (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, counsel to the Committee; (v) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (vi) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; (vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon) and, Quinn Emanuel Urquhart Oliver & Hedges LLP, 51 Madison Avenue, 22nd Fl., New York, New York 10010 (Attn: James C. Tecce)

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Application will be held at a date and time to be determined before the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801.

PLEASE TAKE FURTHER NOTICE THAT PURSUANT TO THE ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS [DOCKET NO. 547], IF NO OBJECTIONS ARE FILED AND SERVED IN ACCORDANCE WITH THE ABOVE PROCEDURE, THE DEBTORS WILL BE AUTHORIZED TO PAY 80% OF REQUESTED INTERIM FEES AND 100% OF REQUESTED INTERIM EXPENSES WITHOUT FURTHER ORDER OF THE COURT.

Dated: Wilmington, Delaware
March 17, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Patrick A. Jackson

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and
Debtors in Possession

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------x

In re:                                          :

                                                :        Chapter 11

AMERICAN HOME MORTGAGE                          :
HOLDINGS, INC., a Delaware corporation, et al., :        Case No. 07-11047 (CSS)

                                                :        Jointly Administered

                        Debtors.                :

-------------------------------------------x

## SIXTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE PERIOD FROM JANUARY 1, 2008 THROUGH JANUARY 31, 2008

| | |
|---|---|
| Name of applicant: | Quinn Emanuel Urquhart Oliver & Hedges, LLP |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | September 13, 2007 (nunc pro tunc to August 10, 2007) |
| Period for which compensation and reimbursement is sought: | January 1 - January 31, 2008 |
| Amount of compensation requested: | $204,209.75 |
| Amount of expense reimbursement requested: | $7,435.31 |

This is an:___ X ____ interim _____ final application.

This is the sixth monthly fee application filed by Quinn Emanuel Urquhart Oliver & Hedges LLP in these cases.

**Prior Applications:**

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Nov. 21, 2007 / Docket No. 2141 | August 10, 2007 - August 31, 2007 | $217,865.00 | $1,404.26 | $217,865.00 | $1,404.26 |
| Nov. 21, 2007 / Docket No. 2142 | September 1, 2007 - September 30, 2007 | $293,619.00 | $37,757.62 | $293,619.00 | $37,757.62 |
| Dec. 4, 2007 / Docket No. 2277 | October 1, 2007 - October 31, 2007 | $497,748.00 | $36,429.13 | $497,748.00 | $36,429.13 |
| Feb. 7, 2007 / Docket No. 2897 | November 1, 2007 - November 30, 2007 | $287,397.00 | $13,334.64 | | |
| | December 1, 2007 - December 31, 2007 | $123,807.25 | $17,100.11 | | |

61194/2426131.3

### ATTACHMENT TO SIXTH MONTHLY FEE APPLICATION OF
### QUINN EMANUEL URQUHART OLIVER & HEDGES LLP: SPECIAL INVESTIGATORY,
### LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS.

| NAME | POSITION: EXPERIENCE | HOURLY RATE | TOTAL HOURS | TOTAL COMPENSATION |
|------|---------------------|-------------|-------------|--------------------|
| Sushcel Kirpalani | Partner for 6 years; admitted in 1995 | $760 | 21.6 | $16,416.00 |
| Duane Lyons | Partner for 6 years; admitted in 1986 | $760 | 8.2 | $6,232.00 |
| James Tecce | Of Counsel for 1 year; admitted in 1995 | $605 | 167.3 | $95,680.75 |
| Kristelia A. Garcia | Associate for 4 years, admitted in 2004. | $400 | 17.2 | $6,880.00 |
| Robert K. Dakis | Associate for 3 years, admitted in 2004 | $385 | 9.1 | $3,503.50 |
| Harrison Denman | Associate for 2 years, admitted in 2006 | $375 | 136.7 | $51,262.50 |
| Aidan McGlaze | Associate for 1 year, admitted in 2008 | $355 | 59 | $20,945.00 |
| S. Tyler Ricci | Paralegal | $235 | 7.8 | $1,833.00 |
| Grace Yoon | Paralegal | $235 | 6.2 | $1,457.00 |
| **TOTAL** | | **$471.50** (BLENDED RATE) [1] | **433.1 HOURS** | **$204,209.75** |

---

[1]  The blended rate <u>excluding</u> paraprofessionals is $479.41 per hour.

61194/2426131.3

## SUMMARY TABLE OF SERVICES RENDERED DURING SIXTH MONTHLY FEE PERIOD (JANUARY 1, 2007 TO JANUARY 31, 2008)

| ACTIVITY | HOURS | FEES |
|---|---|---|
| Case Management/Calendar Maintenance/Service of Pleadings | 1.40 | $329.00 |
| Court Hearings | 0.30 | $181.50 |
| Fee Application/Fee Issues | 19.20 | $7,250.00 |
| Insurance Issues | 43.00 | $20,172.00 |
| Lender Claims | 269.10 | $126,726.00 |
| Meetings | 4.20 | $2,541.00 |
| Non-Working Travel (Only 50% Requested) | 18.30 | $11,071.50 (less $5,535.75) |
| Recharacterization | 77.60 | $41,474.50 |
| TOTAL | 433.1 | $204,209.75 |

61194/2426131.3

## SUMMARY BY CATEGORY TYPE OF DISBURSEMENTS BILLED
### (JANUARY 1, 2008 TO JANUARY 31, 2008)

| DISBURSEMENTS | AMOUNT |
|---|---|
| Car Rental | $452.22 |
| Client Meals | $318.54 |
| Deposition Prep. Meal | $184.04 |
| Document Review Meal | $21.49 |
| Local Travel | $2,164.12 |
| Trial Meals | $131.00 |
| Trial Preparation Meals | $20.83 |
| Hotel | $2,530.85 |
| Professional Services | $14.48 |
| Taxi | $78.80 |
| Westlaw | $1,518.94 |
| **TOTAL DISBURSEMENTS** | **$7,435.31** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------x

In re:                                  :
                                        :
                                        :       Chapter 11
                                        :
AMERICAN HOME MORTGAGE                   :
HOLDINGS, INC., a Delaware corporation, et al.,  :   Case No. 07-11047 (CSS)
                                        :
                                        :       Jointly Administered
                                        :
                        Debtors.        :
                                        :       **Objection Deadline:**
--------------------------------------------------x

## SIXTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE PERIOD FROM JANUARY 1, 2008 THROUGH JANUARY 31, 2008

Quinn, Emanuel, Urquhart, Oliver & Hedges LLP ("**Quinn Emanuel**"), special investigatory, litigation and conflicts counsel to American Home Mortgage Holdings, Inc., a Delaware Corporation, and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**" or "**American Home**"), hereby submits its application (the "**Application**") to this Court pursuant to sections 330 and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Local Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure For United States Bankruptcy Court For the District of Delaware ("**Local Rule No. 2016-2**"), for an order (i) allowing compensation of $204,209.75 for actual, reasonable and necessary professional services rendered, and reimbursement of $7,435.31 for actual, reasonable and necessary expenses incurred during the period from January 1, 2008

61194/2426131.3                            6

through January 31, 2008 (the "**Sixth Monthly Fee Period**"),[2] and (ii) authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $170,803.11, which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of expense reimbursement, and represents as follows:

## I.    INTRODUCTION

### A.    Background

1.    Bankruptcy Filing. On August 6, 2007, (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    Jurisdiction. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases and this Application is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Local Rule No. 2016-2. This Application is made pursuant to the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant To Sections 331 and 105(a) of the Bankruptcy Code (the "**Compensation Order**"), entered on September 3, 2007 by this Court.

---

[2]  Certain fees and expenses requested by Quinn Emanuel in the Application relate to services rendered in prior fee application periods. Quinn Emanuel has not previously requested such fees or expenses in any prior application.

**B.**   **Retention Of Quinn Emanuel And Billing History**

3.    On September 13, 2007, the Court authorized Quinn Emanuel's retention as special investigatory, litigation and conflicts counsel to American Home nunc pro tunc to August 10, 2007, pursuant to the Order Pursuant to Section 327(a) of The Bankruptcy Code and Bankruptcy Rule 2014(a) Approving the Retention of Quinn, Emanuel Urquhart Oliver & Hedges, LLP, Nunc Pro Tunc, as Special Investigatory, Litigation and Conflicts Counsel for the Debtors (Docket No. 741) (the "**Retention Order**"). The Retention Order authorized Quinn Emanuel to be compensated pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court, including the Compensation Order.

4.    This Application is Quinn Emanuel's Sixth monthly application for approval and allowance of compensation. Quinn Emanuel makes this monthly application for approval and allowance of compensation pursuant to section 331 of the Bankruptcy Code and the Compensation Order. No prior application has been made to this or any other court for the relief requested herein, nor has payment been received by Quinn Emanuel for legal services provided to and on behalf of the Debtors, or for out-of-pocket expenses incurred in connection therewith.

5.    Quinn Emanuel has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

6.    No promises have been received by Quinn Emanuel or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

8

## II.    CASE STATUS

7.    As of the date hereof, no disclosure statements or plans of reorganization have been filed in respect of the Debtors.

## III.    APPLICATION

8.    By this Application, Quinn Emanuel is seeking (a) allowance of reasonable compensation for actual and necessary professional services rendered by Quinn Emanuel, as special investigatory, litigation and conflicts counsel for the Debtors, during the Sixth Monthly Fee Period, and (b) reimbursement of actual, reasonable and necessary expenses incurred by Quinn Emanuel in connection with such services during the Sixth Monthly Fee Period.

9.    Specifically, Quinn Emanuel seeks approval of the sum of $204,209.75 for actual, reasonable and necessary legal services rendered on behalf of the Debtors during the Sixth Monthly Fee Period, and $7,435.31 for reimbursement of actual, reasonable and necessary expenses incurred in connection with the rendition of such services. The fees sought by the Application reflect an aggregate of 433.1 hours of attorney and paraprofessional time spent and recorded in performing services for the Debtors during the Sixth Monthly Fee Period, at a blended average hourly rate of $471.50 for both professionals and paraprofessionals. The blended hourly rate for professionals only is $479.41.

10.    Quinn Emanuel rendered to the Debtors all services for which compensation is sought solely in connection with these cases, in furtherance of the duties and functions of the Debtors.

11.    Quinn Emanuel maintains written records of the time expended in the rendition of the professional services required by the Debtors. These records are maintained in

the ordinary course of Quinn Emanuel's practice. For the convenience of the Court and parties in interest, attached hereto as part of the cover sheet, is a billing summary for the Sixth Monthly Fee Period, setting forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate of the time expended by each such attorney and paraprofessional, the hourly billing rate for each such attorney and paraprofessional at Quinn Emanuel's current billing rates, and an indication of the individual amounts requested as part of the total amount of compensation requested. Also set forth in the billing summary is additional information indicating whether each attorney is a partner or associate, and how many years each attorney has held such position. The compensation requested by Quinn Emanuel is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

12.     Attached hereto as Exhibit "A" are time entry records broken down in tenths of an hour by project category, in accordance with the U.S. Trustee Guidelines, setting forth a detailed description of services performed by each attorney and paraprofessional on behalf of the Debtors.

13.     Quinn Emanuel also maintains records of all actual and necessary expenses incurred in connection with the performance of professional services, a summary of which also is attached hereto as part of the cover sheet. The summary lists the amounts and categories of expenses for which reimbursement is sought. Attached hereto as Exhibit "B" is a summary of the expenses, including the date the expense was incurred and the charge.

## IV.   SUMMARY OF PROFESSIONAL SERVICES RENDERED

14.     To provide an orderly and meaningful summary of the services rendered on behalf of the Debtors by Quinn Emanuel, in accordance with the U.S. Trustee Guidelines,

Quinn Emanuel has established the following separate project billing categories in connection

with these cases:

   a) Bank/Thrift Issues
   b) Cash Collateral and DIP Financing
   c) Case Management/Calendar Maintenance/Service of
   d) Class Actions
   e) Court Hearings
   f) Creditor Inquiries
   g) Employee Issues
   h) Fee Application Preparation/Fee Issues
   i) Government Issues/Investigations
   j) Insurance Issues
   k) Lender Claims
   l) Meetings
   m) Non-Working Travel (Only 50% Requested)
   n) Other Conflicts
   o) Plan and Disclosure Statement
   p) Recharacterization
   q) Retention of Professionals
   r) Rule 2004 Investigations
   s) Servicing Platform Issues
   t) Stay Relief Matters
   u) Travel Time

15.    The following summary is intended only to highlight a number of the

services rendered by Quinn Emanuel in the separate project billing categories where Quinn

Emanuel expended a considerable number of hours on behalf of the Debtors. It is not meant to

be a detailed description of all of the work performed by Quinn Emanuel during the Sixth

Monthly Fee Period. Detailed descriptions of the day-to-day services provided by Quinn

Emanuel and the time expended performing such services in each project billing category are

fully set forth in Exhibit "A" hereto. Such detailed descriptions show that Quinn Emanuel was

heavily involved in the performance of services for the Debtors on a daily basis, including night

and weekend work, often under extreme time pressure to meet the needs of the Debtors in these

cases.

A.    **Insurance Issues**: (Total Hours: 43; Total Fees: $20,172.00)

16.    On November 5, 2007, Quinn Emanuel attorneys filed, on American Home's behalf, a complaint again one of its mortgage insurers, Triad Guaranty Insurance Corp. ("**Triad**"). The complaint alleges that Triad violated the relevant and applicable policies and agreements among the Debtors and Triad when it cancelled insurance certifications for fourteen loans originated by the Debtors. In response to the complaint, Triad filed an answer and counterclaim against American Home on December 6, 2007. On December 26, 2007, Quinn Emanuel attorneys filed, on American Home's behalf, an answer to Triad's counterclaim.

17.    During the Sixth Monthly Fee Period, Quinn Emanuel attorneys engaged in various aspects of the discovery process with Triad. In particular, Quinn Emanuel attorneys drafted, on American Home's behalf, various discovery documents including initial disclosures, interrogatories and requests for the production of documents by Triad. Quinn Emanuel attorneys also reviewed and analyzed various discovery documents served by Triad, including Triad's initial disclosures and requests for the production of documents by American Home.

B.    **Lender Claims**: (Total Hours: 269.1; Total Fees: $126,726.00)

*Bank of America Litigation*

18.    On October 22, 2007, Quinn Emanuel attorneys, on behalf of American Home Mortgage Servicing, Inc. and the Broadhollow and Mellville special purpose entities (the "**American Home Parties**"), filed a complaint against BofA alleging, among other things, that BofA breached two "swap" agreements by failing to make allegedly required payments. Quinn Emanuel attorneys filed, on behalf of the American Home Parties, an amended complaint on November 16, 2007. The parties entered into a stipulated briefing schedule on December 11, 2007.

19.     On January 7, 2008, Bank of America filed a motion to dismiss the complaint, alleging that the Bankruptcy Court lacks subject matter jurisdiction to hear the dispute. During the Sixth Monthly Fee Period, Quinn Emanuel attorneys extensively reviewed and analyzed Bank of America's motion to dismiss and researched their responsive arguments. Quinn Emanuel attorneys also prepared and filed on January 28, 2008 an answer to Bank of America's motion to dismiss.

### *Wells Fargo Litigation*

20.     On October 25, 2007, Wells Fargo Bank N.A. ("**Wells Fargo**") filed a complaint in the nature of interpleader against the Debtors and several Bear Stearns entities and affiliates ("**Bear Stearns**"). In its complaint, Wells Fargo seeks to resolve competing claims asserted by the Debtors and Bear Stearns to a monthly payment owing on account of a trust certificate owned by the Debtors and allegedly foreclosed upon by Bear Stearns. Quinn Emanuel attorneys, on behalf of the Debtors, filed an Answer to Wells Fargo's complaint on December 11, 2007.

21.     During the Sixth Monthly Fee Period, Quinn Emanuel attorneys reviewed, revised and negotiated a proposed scheduling stipulation with counsel for Wells Fargo and Bear Stearns. The parties entered into the finalized scheduling stipulation on January 14, 2008. During the Sixth Monthly Fee Period, Quinn Emanuel attorneys also engaged in various aspects of the discovery process with Wells Fargo and Bear Stearns. In particular, Quinn Emanuel attorneys drafted American Home's initial disclosures and requests for production of documents from Wells Fargo and Bear Stearns. Ultimately, Quinn Emanuel attorneys, on behalf of the Debtors, served American Home's initial disclosures on February 6, 2008 and American Home's requests for production of documents on February 11, 2008.

C.    **Recharacterization**: (Total Hours: 77.6; Total Fees: $41,474.50)

22.    Shortly after the commencement of the Debtors' Chapter 11 cases, three of

its warehouse lenders, Credit Suisse First Boston Mortgage Capital LLC ("**CSFB**"), Calyon New

York Branch ("**Calyon**"), and Bear Stearns Mortgage Capital Corporation ("**Bear Stearns**"),

filed emergency applications for injunctive relief seeking the entry of Orders directing the

Debtors to turn over certain files relating to servicing mortgage loans and to surrender certain

servicing rights. Each of these lenders is party to a purported "repurchase agreement" with

American Home which covers whole mortgage loans, and the warehouse lenders each insisted

(a) the automatic stay provisions of the Bankruptcy Code do not apply to these agreements and

(b) American Home was required to surrender servicing, including files relating to servicing, to

the lenders. American Home disputed these assertions, maintaining, among other things, that

each of the purported repurchase agreements were disguised secured financings that did not fall

within the Bankruptcy Code safe harbors (and should be separately re-characterized); that the

automatic stay applied to servicing; and that servicing remained property of the Debtors' estates

after the commencement of the cases.

23.    American Home agreed to coordinate these cases to be tried on an

expedited basis, with expedited discovery and trial scheduled for early November 2007.

Ultimately, the trial commenced on November 5, 2007 with respect to both Credit Suisse and

Calyon (Bear Stearns settled shortly before). Credit Suisse settled its adversary proceeding prior

to the conclusion of trial, which spanned four days until November 8, 2007. Closing arguments

were held on November 26, 2007. Ultimately, the Court issued its decision on January 4, 2008

(the "**Phase I Decision**").

24.     During the Sixth Monthly Fee Period, Quinn Emanuel attorneys dedicated considerable time and effort to the litigation, including, among other things:

- Reviewing and analyzing issues to be determined during "Phase II" of the adversary proceeding and the timing for such a trial;

- Reviewing Calyon's requests for payment of post-petition principal and interest payments relating to the mortgage loans, and negotiating a stipulation to effectuate the same;

- Preparing for and attending two Court conferences with respect to the same; and

- Reviewing and analyzing Calyon's motion to amend the Phase I Decision, filed on January 25, 2008.

## V.     FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

25.     The factors to be considered in awarding attorneys fees have been enumerated in In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), cert. denied, 431 U.S. 904, which standards have been adopted by most courts. See, e.g., In re Lan Assoc., 192 F.3d 109, 123 n.8 (3d. Cir. 1999) (suggesting First Colonial factors apply to § 330 compensation requests). Quinn Emanuel respectfully submits that a consideration of these factors should result in this Court's allowance of the full compensation sought.

(1)     The Time and Labor Required. The professional services rendered by Quinn Emanuel on behalf of the Debtors have required the continuous expenditure of substantial time and effort, under time pressures which sometimes required the performance of services late into the evening and, on a number of occasions, over weekends. The services rendered required a high degree of professional competence and expertise in order to be administered with skill and dispatch.

(2)     The Novelty and Difficulty of Questions. Novel and complex issues have already arisen in the course of the Chapter 11 Cases, and it can be anticipated that other such issues will be encountered. In these cases, as in many others in which the firm is involved, Quinn Emanuel's effective advocacy and creative approach to problem solving have helped clarify and resolve difficult issues and will continue to prove beneficial.

(3)     The Skill Requisite to Perform the Legal Services Properly. Quinn Emanuel believes that its recognized expertise in the area of bankruptcy related litigation

and its practical approach to the resolution of issues are contributing to maximizing the size of the Debtors' estate.

(4)    **The Preclusion of Other Employment by Applicant Due to Acceptance of the Case.** The matters in which Quinn Emanuel's bankruptcy litigation practice group are involved need attention on a continuous basis and require several of Quinn Emanuel's attorneys to commit significant portions of their time to these cases.

(5)    **The Customary Fee.** The compensation sought herein is based upon Quinn Emanuel's normal hourly rates for services of this kind. Quinn Emanuel respectfully submits that the compensation sought herein is not unusual given the magnitude and complexity of these cases and the time dedicated to the representation of the Debtors. Such compensation is commensurate with fees charged by other attorneys of comparable experience.

(6)    **Whether the Fee is Fixed or Contingent.** Quinn Emanuel charges customary hourly rates for the time expended by its attorneys and paraprofessionals in representing the Debtors and Quinn Emanuel's fee is not outcome dependent. Pursuant to sections 330 and 331 of the Bankruptcy Code, all fees sought by professionals retained under section 327 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court, and are subject to adjustment by the Court depending upon the services rendered and the results obtained.

(7)    **Time Limitation Imposed by Client or Other Circumstances.** As stated above, Quinn Emanuel has been required to attend to various issues as they have arisen in these cases. Occasionally, Quinn Emanuel has had to perform those services under significant time constraints requiring attorneys and paraprofessionals assigned to these cases to work evenings and on weekends.

(8)    **The Amount Involved and Results Obtained.** Through the efforts of Quinn Emanuel, the Debtors are poised to initiate actions against Third Parties and maximize value for the Debtors' estates.

(9)    **The Experience, Reputation and Ability of the Attorneys.** Quinn Emanuel's attorneys involved in this representation have played a major role in numerous complex restructurings including, for example, the chapter 11 cases of Refco Inc., Enron Corp., et al., Safety-Kleen Corp., et al., and Adelphia Communications Corp., et al. Quinn Emanuel's experience enables it to perform the services described herein competently and expeditiously.

(10)   **The "Undesirability" of the Case.** These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of Quinn Emanuel's attorneys.

(11)   **Nature and Length of Professional Relationship.** Quinn Emanuel was selected as the Debtors special investigatory, litigation and conflicts counsel shortly after the Petition Date, on August 10, 2007, and was retained nunc pro tunc to that date pursuant to an order of this Court dated September 13, 2007.

## VI.   ALLOWANCE OF COMPENSATION

26.    The professional services rendered by Quinn Emanuel have required a

high degree of professional competence and expertise so that the numerous issues requiring

evaluation and action by the Debtors could be addressed with skill and dispatch. It is

respectfully submitted that the services rendered to the Debtors were performed efficiently,

effectively and economically, and the results obtained to date have benefited the Debtors' estates.

27.    The allowance of interim compensation for services rendered and

reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the

Bankruptcy Code:

> Any professional person . . . may apply to the court not more than
> once every 120 days after an order for relief in a case under this
> title, or more often if the court permits, for such compensation for
> services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331. This Court has authorized the filing of this Application in the Compensation

Order.

28.    With respect to the level of compensation, section 330(a)(1) of the

Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person:

"reasonable compensation for actual, necessary services rendered." Section 330(a)(3)(A), in

turn, provides that:

> [i]n determining the amount of reasonable compensation to be
> awarded, the court shall consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including -
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration
>        of, or beneficial at the time which the service was rendered
>        toward the completion of, a case under this title;

(D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issues or task addressed; and

(E)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a) (3) (A).

29.  The congressional policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. See In re Busy Beaver Building Centers, Inc., 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts") (citation and internal quotation marks omitted).

30.  The total time spent by Quinn Emanuel attorneys and paraprofessionals during the Sixth Monthly Fee Period was 433.1 hours, which services have a fair market value of $204,209.75. As shown by this Application and supporting exhibits, Quinn Emanuel spent its time economically and without unnecessary duplication of time (or duplication of the efforts of the Debtors' other retained professionals). In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

## VII.  EXPENSES

31.  Quinn Emanuel has expended the total amount of $7,435.31 in actual, reasonable and necessary expenses in connection with representing the Debtors during the Sixth Monthly Fee Period. Quinn Emanuel maintains records of all actual and necessary expenses

incurred in connection with the performance of professional services. A breakdown of expenses, including the date the expense was incurred and the charge, is annexed hereto as Exhibit "B."

32.    In connection with the reimbursement of actual, reasonable and necessary expenses, it is Quinn Emanuel's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to Quinn Emanuel's clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, document word-processing charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses particularly attributable to an individual client or cases such as secretarial and other overtime.

33.    Quinn Emanuel charges the Debtors for these expenses at rates consistent with those charged to Quinn Emanuel's other bankruptcy clients, which rates are equal to or less than the rates charged by Quinn Emanuel to its non-bankruptcy clients. Quinn Emanuel seeks reimbursement from the Debtors at the following rates for the following expenses: (a) ten cents per page for photocopying; and (b) one dollar per page for out-going facsimiles. In accordance with section 330 of the Bankruptcy Code and with the U.S. Trustee Guidelines, Quinn Emanuel will seek reimbursement only for the actual cost of such expenses to Quinn Emanuel.

34.    In providing or obtaining from third parties services which are reimbursable by clients, Quinn Emanuel does not include in such reimbursable amount any costs of investment, equipment or capital outlay, except that the reimbursable cost of photocopying and faxes includes a factor for the cost of equipment.

35.    Quinn Emanuel regularly charges its non-bankruptcy clients for ordinary business hour fees and expenses for secretarial, library, word processing, and other staff services because such items are not included in the firm's overhead for the purpose of setting the billing rates.

36.    Attorneys at Quinn Emanuel have not incurred expenses for luxury accommodations, deluxe meals or air travel in excess of coach fares.  Throughout the Sixth Monthly Fee Period, Quinn Emanuel has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

## VIII.  **NOTICE**

37.    No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Application has been given to (a) the United States Trustee, (b) the Debtors, (c) counsel for the Debtors, (d) the Creditors' Committee, and (e) counsel for the Creditors' Committee.  Quinn Emanuel submits that no further notice need be given in accordance with the Compensation Order.

### IX.    CONCLUSION

**WHEREFORE,** Quinn Emanuel respectfully requests the Court to enter an order, substantially in the form attached hereto (i) approving and allowing Quinn Emanuel compensation in the amount of $204,209.75 for actual, reasonable and necessary professional services rendered and reimbursement of $7,435.11 for actual, reasonable and necessary expenses incurred, and authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $170,803.11, which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of such expense reimbursement; and (ii) granting such further relief as is just.

Dated: Wilmington, Delaware
       March 17, 2008

                         QUINN EMANUEL URQUHART OLIVER &
                         HEDGES, LLP

                         By _____
                              James C. Tecce
                              Susheel Kirpalani
                              Harrison Denman

                         51 Madison Avenue, 22nd Floor
                         New York, New York 10010
                         Telephone: (212) 849-7000
                         Telecopier: (212) 849-7100

## EXHIBIT B

### Summary by Expenses Incurred
### (January 1, 2008 through January 31, 2008)

| Date Posted | Expense / Date Incurred | Amount |
|---|---|---|
| 1/08/08 | Local Travel - 11/26/07 | $113.00 |
| 1/08/08 | Local Travel - 11/26/07 | $113.00 |
| 1/08/08 | Local Travel - 11/26/07 | $113.00 |
| 1/08/08 | Local Travel - 11/26/07 | $113.00 |
| 1/08/08 | Local Travel - 11/28/07 | $127.00 |
| 1/08/08 | Taxi - 11/26/07 | $7.00 |
| 1/08/08 | Local Travel - 11/5/07 | $99.00 |
| 1/08/08 | Local Travel - 11/28/07 | $113.00 |
| 1/08/08 | Hotel - 11/5/07 through 11/8/07 | $821.70 |
| 1/08/08 | Trial Meals - 11/8/07 | $131.00 |
| 1/08/08 | Car Rental - 11/8/07 | $226.11 |
| 1/17/08 | Local Travel - 10/28/07 | $30.60 |
| 1/17/08 | Local Travel - 10/25/07 | $34.68 |
| 1/17/08 | Local Travel - 10/29/07 | $38.76 |
| 1/17/08 | Local Travel - 10/29/07 | $40.80 |
| 1/17/08 | Local Travel - 10/29/07 | $44.88 |
| 1/17/08 | Local Travel - 10/24/07 | $63.24 |
| 1/17/08 | Local Travel - 10/28/07 | $63.24 |
| 1/17/08 | Local Travel - 10/30/07 | $63.24 |
| 1/17/08 | Local Travel - 10/28/07 | $63.24 |
| 1/17/08 | Local Travel - 10/29/07 | $112.71 |
| 1/18/08 | Taxi - 11/13/07 | $11.10 |
| 1/18/08 | Taxi - 11/25/07 | $8.90 |
| 1/18/08 | Taxi - 11/25/07 | $9.80 |
| 1/18/08 | Taxi - 11/26/07 | $9.80 |
| 1/18/08 | Taxi - 11/28/07 | $10.20 |
| 1/18/08 | Taxi - 11/12/07 | $11.00 |
| 1/18/08 | Taxi - 11/14/07 | $11.00 |
| 1/22/08 | Local Travel - 12/12/07 | $127.00 |
| 1/22/08 | Local Travel - 12/12/07 | $141.00 |
| 1/23/08 | Local Travel - 11/8/07 | $28.00 |
| 1/23/08 | Hotel - 11/5/07 through 11/8/07 | $852.60 |
| 1/23/08 | Hotel - 11/5/07 through 11/8/07 | $856.55 |
| 1/23/08 | Client Meals - 11/8/07 | $24.00 |
| 1/23/08 | Car Rental - 11/8/07 | $226.11 |
| 1/24/08 | Local Travel - 11/3/07 | $30.60 |
| 1/24/08 | Local Travel - 10/31/07 | $44.88 |
| 1/24/08 | Local Travel - 10/30/07 | $63.24 |
| 1/24/08 | Local Travel - 11/3/07 | $63.24 |

| 1/24/08 | Local Travel - 11/4/07 | $63.24 |
|---|---|---|
| 1/25/08 | Local Travel - 11/9/07 | $35.70 |
| 1/25/08 | Local Travel - 11/15/07 | $117.81 |
| 1/29/08 | Local Travel - 12/8/07 | $35.70 |
| 1/29/08 | Local Travel - 12/9/07 | $67.32 |
| 1/31/08 | Client Meals - 10/23/07 | $23.43 |
| 1/31/08 | Client Meals - 10/24/07 | $26.44 |
| 1/31/08 | Client Meals - 10/22/07 | $27.78 |
| 1/31/08 | Client Meals - 12/19/07 | $30.56 |
| 1/31/08 | Professional Services-Pacer Service Center | $3.28 |
| 1/31/08 | Westlaw | $16.63 |
| 1/31/08 | Westlaw | $1,422.00 |
| 1/31/08 | Client Meals - 11/25/07 | $30.34 |
| 1/31/08 | Professional Services-Pacer Service Center | $5.76 |
| 1/31/08 | Westlaw | $16.08 |
| 1/31/08 | Westlaw | $64.23 |
| 1/31/08 | Deposition Prep. Meal - 10/29/07 | $15.33 |
| 1/31/08 | Deposition Prep. Meal - 10/28/07 | $16.49 |
| 1/31/08 | Deposition Prep. Meal - 10/29/07 | $18.00 |
| 1/31/08 | Deposition Prep. Meal - 10/25/07 | $21.96 |
| 1/31/08 | Deposition Prep. Meal - 11/4/07 | $22.04 |
| 1/31/08 | Deposition Prep. Meal - 10/29/07 | $23.00 |
| 1/31/08 | Deposition Prep. Meal - 11/1/07 | $33.03 |
| 1/31/08 | Deposition Prep. Meal - 10/28/07 | $34.19 |
| 1/31/08 | Trial Prep. Meal - 11/4/07 | $20.83 |
| 1/31/08 | Client Meals - 11/4/07 | $20.94 |
| 1/31/08 | Client Meals - 10/29/07 | $29.39 |
| 1/31/08 | Client Meals - 10/29/07 | $30.88 |
| 1/31/08 | Client Meals - 10/30/07 | $32.87 |
| 1/31/08 | Client Meals - 11/2/07 | $41.91 |
| 1/31/08 | Professional Services-Pacer Service Center | $5.44 |
| 1/31/08 | Document Review Meal - 11/3/07 | $21.49 |
| **TOTAL:** | | **$7,435.31** |

61194/2426131.3

03/17/2008 18:26 FAX   12128497100        QUINN EMANUEL                    ☑025/050

# EXHIBIT A

Matter # : 61106-C

AHM - Case Management/Calendar Maintenance/Service of Pleadings

# quinn emanuel trial lawyers

February 20, 2008                                         Matter # 61106-C
Page 2                                                    Invoice # 1119754

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 01/02/08 | GY | Gather new pleadings in court docket for H. Denman | 0.10 |
| 01/03/08 | GY | Gather new pleadings in court docket for H. Denman | 0.10 |
| 01/04/08 | GY | Gather new pleadings in court docket for H. Denman | 0.10 |
| 01/07/08 | GY | Gather new pleadings in court docket for H. Denman | 0.10 |
| 01/08/08 | GY | Gather new pleadings in court docket for H. Denman | 0.10 |
| 01/09/08 | GY | Gather new pleadings in court docket for H. Denman | 0.10 |
| 01/10/08 | GY | Gather new pleadings in court docket for H. Denman | 0.10 |
| 01/11/08 | GY | Gather new pleadings in court docket for H. Denman | 0.10 |
| 01/14/08 | GY | Gather new pleadings in court docket for H. Denman | 0.10 |
| 01/15/08 | GY | Gather new pleadings in court docket for H. Denman | 0.10 |
| 01/16/08 | GY | Gather new pleadings in court docket for H. Denman | 0.10 |
| 01/17/08 | GY | Gather new pleadings in court docket for H. Denman | 0.10 |
| 01/18/08 | GY | Gather new pleadings in court docket for H. Denman | 0.10 |
| 01/22/08 | GY | Gather new pleadings in court docket for H. Denman | 0.10 |

Total Hours   1.40

## Fee Summary

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|-------------------|-------|-------|-------|------|--------|
| Grace Yoon | GY | Paralegal | 1.40 | 235.00 | 329.00 |

Matter # : 61106-E

## AHM - Court Hearings

## Statement Detail

| Date | Timekeeper | Description | | Hours |
|------|-----------|-------------|---|-------|
| 01/14/08 | JCT | Attend omnibus hearing | | 0.30 |
| | | | Total Hours | 0.30 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| James C. Tecce | JCT | Counsel | 0.30 | 605.00 | 181.50 |

Matter # : 61106-H

## AHM - Fee Application Preparation/Fee Issues

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 01/09/08 | JCT | Review December time detail (AHM), prepare December application. | 1.50 |
| 01/09/08 | HLD | Reviewed QE's fees, emails with AHM re same (.3); Emails/TC re November fee app issues (.2). | 0.50 |
| 01/10/08 | HLD | Drafted/revised QE's November fee application. | 1.80 |
| 01/11/08 | HLD | Drafted QE's November fee application. | 3.80 |
| 01/12/08 | HLD | Drafted QE's November fee application. | 1.60 |
| 01/14/08 | JCT | Review and revise November Fee application | 0.30 |
| 01/14/08 | HLD | Revise November fee application. | 0.20 |
| 01/16/08 | HLD | Revised November fee application, emails with JCT re same. | 3.80 |
| 01/18/08 | HLD | Reviewed expenses for November fee application. | 0.60 |
| 01/23/08 | HLD | Reviewed QE expenses for January fee app. | 0.50 |
| 01/24/08 | HLD | Review re expenses incurred in January (.4); Preparation of QE's December fee application (.4) | 0.80 |
| 01/24/08 | STR | Meeting with H. Denman re: Fee Applications (.2); review and prepare Fee Application (.9). | 1.10 |
| 01/26/08 | STR | Reviewed invoices and prepared December Fee Application | 1.50 |
| 01/28/08 | HLD | Reviewed QE first interim fee app and emails re same from Debtors, JCT. | 0.40 |
| 01/29/08 | HLD | TC/emails with P Jackson (YC) re August, September and October fee applications. | 0.50 |
| 01/30/08 | HLD | Reviewed issues on 20% holdbacks for August , September, and October fee applications. | 0.30 |
| | | Total Hours | 19.20 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| James C. Tecce | JCT | Counsel | 1.80 | 605.00 | 1,089.00 |
| Harrison L. Denman | HLD | Associate | 14.80 | 375.00 | 5,550.00 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|-------------------|-------|-------|-------|------|--------|
| S. Tyler Ricci | STR | Paralegal | 2.60 | 235.00 | 611.00 |

Matter # : 61106-J

## AHM - Insurance Issues

## Statement Detail

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 01/02/08 | JCT | Review applicable deadlines in Triad (.3); emails w/D. Lyons and H. Denman re next steps (.3); calls and emails with Triad counsel and YCST re same and adjournment of pretrial conference (.2). | 0.80 |
| 01/02/08 | HLD | Emails with JCT and DL re open issues in Triad adversary proceeding. | 1.30 |
| 01/03/08 | JCT | Calls with D. Lyons, YCST,, Triad counsel re scheduling issues and next steps. | 0.60 |
| 01/03/08 | KAG | Meeting with D. Lyons re next steps. | 1.00 |
| 01/03/08 | HLD | Preparation for/attend conference call with JCT and DL re Triad litigation status. | 1.80 |
| 01/06/08 | KAG | Review of background documents, complaint, answer and counterclaim (1.1); preparation of discovery plan and list of initial disclosures (1.3); review of retention letter (.6). | 3.00 |
| 01/07/08 | DRL | Prepare for and attend telephonic conference with Triad counsel, TC with John Kalas re same. | 1.30 |
| 01/07/08 | KAG | TC re discovery. | 0.50 |
| 01/08/08 | DRL | Draft multiple emails re: case status and initial disclosures (.3); telephone conference with Triad counsel (.4). | 0.70 |
| 01/08/08 | KAG | TC re discovery and retention plan. | 1.00 |
| 01/09/08 | DRL | Review files and correspondence and initial disclosures, conference with K. Garcia re same. | 1.80 |
| 01/09/08 | KAG | Draft of initial disclosures. | 2.00 |
| 01/09/08 | HLD | TCs with S. Beach (YC) re Triad's concerns to motion to destroy duplicate loan files (.4); Revised motions/responses re same (1.4). | 1.80 |
| 01/10/08 | DRL | TC with J. Kalas and H. Denman (.5); review and revise draft initial disclosures (.4); conference with S. Beach at Young Conaway re: motion to destroy files (.3). | 1.20 |
| 01/10/08 | KAG | Revise and follow-up initial disclosures | 1.00 |
| 01/10/08 | HLD | TCs with Kalas (AHM) and D Lyons re loan file preservation issues (.5); TCs with S Beach (YC) re same (.3); Emails DLyons and JCT re amending AHM's answer to Triad's counterclaim (.4). | 1.20 |
| 01/11/08 | DRL | Revise initial disclosures; conference with J. Tecce and H. Denman. | 1.10 |
| 01/11/08 | JCT | Review initial disclosures; calls with D. Lyons and H. Denman re. same. | 0.60 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 01/11/08 | HLD | Reviewed draft initial disclosures, TC with Lyons and JCT re same. | 0.90 |
| 01/14/08 | DRL | Reviewed discovery requests propounded to American Home and initial disclosures received from Triad, email client re: same. | 0.70 |
| 01/15/08 | KAG | Response to written discovery (1.4); Draft American Home's written discovery (2.1). | 3.50 |
| 01/15/08 | HLD | Reviewed issues re Triad defenses, emails/tcs with D. Lyons re same. | 0.60 |
| 01/16/08 | KAG | Draft 1st interrogatories and 1st RFPs | 3.00 |
| 01/17/08 | HLD | Reviewed Triad's interrogatories and document demands. | 1.60 |
| 01/18/08 | DRL | Reviewed emails from A. Horn. | 0.30 |
| 01/22/08 | HLD | Emails with D Lyons re Triad's witnesses. | 0.30 |
| 01/25/08 | HLD | TCs/emails with Horn and Lyons re scheduling meeting re Triad's initial disclosures. | 0.60 |
| 01/28/08 | KAG | Draft discovery response | 2.00 |
| 01/29/08 | DRL | Conference with A. Horn re: discovery. | 0.40 |
| 01/29/08 | HLD | TC with A. Horn, D Lyons re review of Triad's initial disclosures, prep re same (1.8); TC/emails D Lyons re defending 30b6 deposition of Cavaco (AHM) (.9); TC Cavaco (AHM) re same (.4). | 3.10 |
| 01/30/08 | HLD | Emails with D Lyons re Cavaco depo in Triad litigation (.4); Drafted stipulation re adding AHMC as party to Triad litigation (1.5); Reviewed YC's draft status report for Triad litigation (.3). | 2.20 |
| 01/31/08 | DRL | Conference with E. Roberts re: deposition scheduling; review discovery requests. | 0.70 |
| 01/31/08 | KAG | TC to calendaring re discovery deadlines. | 0.20 |
| 01/31/08 | HLD | Emails re cavaco deposition. | 0.20 |
| | | Total Hours | 43.00 |

### Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Duane R. Lyons | DRL | Partner | 8.20 | 760.00 | 6,232.00 |
| James C. Tecce | JCT | Counsel | 2.00 | 605.00 | 1,210.00 |
| Kristelia A. Garcia | KAG | Associate | 17.20 | 400.00 | 6,880.00 |
| Harrison L. Denman | HLD | Associate | 15.60 | 375.00 | 5,850.00 |

Matter # : 61106-K

## AHM - Lender Claims

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 01/01/08 | JCT | Research caselaw in support of American Home's arguments re Wells Fargo (3.9); revise for judgment motion (.9). | 4.80 |
| 01/02/08 | JCT | Emails regarding Wells Fargo action and next steps with Sidley (lender Counsel), Wolf Block (Wells counsel) and S Kirpalani; Young Conaway (1.0); review status of Lehman hearing on Motion to Dismiss (.2); revise motion for lender litigation (2.3). | 3.50 |
| 01/03/08 | JCT | Research and revise motion for lender litigation. | 7.70 |
| 01/03/08 | HLD | Reviewed evidentiary issues for lender lawsuit. | 0.30 |
| 01/04/08 | JCT | Revise argument sections and fact sections of lender motion with related research (3.6) draft preliminary statement (2.1) | 5.70 |
| 01/06/08 | JCT | Revise motion for lender litigation (.8); draft memorandum to clients re Wells Fargo litigation (2.5) | 3.30 |
| 01/06/08 | HLD | Reviewed draft of motion, emails with JCT re same. | 1.60 |
| 01/07/08 | JCT | Reviewed lender next steps (.3); draft counterclaims against bear stearns for wells litigation (3.5) | 3.80 |
| 01/08/08 | JCT | Review Bank of America motion to dismiss, underlying pleadings; outline response. | 1.50 |
| 01/08/08 | JCT | Review next steps in Wells litigation, including possible resolutions concerning scheduling issues and assertions of claims, and prepare revised stipulation addressing the same (3.8); call with Wells counsel re same (.2); call with lender counsel re. same (.3) | 4.30 |
| 01/08/08 | AM6 | Review Bank of America motion to dismiss in preparation for response. | 0.70 |
| 01/09/08 | SK2 | Confer w/H. Denman re setoff (.4); review transaction documents (.5). | 0.90 |
| 01/09/08 | JCT | Conf. w/ H. Denman re next steps in bank litigations (.3); review response by BofA to complaint and outline responses to same (.5); conf. w/ A. McGlaze re responsive pleadings (.5); revise complaint against lender (1.1); review evidentiary issues for bank litigations with H. Denman (.4); review markups to Interpleader action Order from Wells Fargo and lender (.5); call with S. Sakamoto re same and next steps. | 3.60 |
| 01/09/08 | AM6 | Review Bank of America motion to dismiss in preparation for response (.3); confer w/ J. Tecce re: same (.5). | 0.80 |
| 01/09/08 | AM6 | Research "related to" jurisdiction caselaw for response to motion to dismiss. | 0.30 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 01/09/08 | HLD | Reviewed evidentiary issues for lender litigation (1.6); TCs re same (.4); Reviewed Bank of America's motion to dismiss (1.3); Reviewed potential setoff claims against lenders, met with JCT and SK re same (4.1); Reviewed stipulation with Wells Fargo and lender in Wells litigation (1.2); | 8.60 |
| 01/10/08 | SK2 | Review documents re non-mutual setoff rights (2.4); review cases discussing mutuality requirement (2.6); review 2005 amendments and history re same (.9). | 5.90 |
| 01/10/08 | JCT | Review evidentiary issues in bank litigations (1.2); review factual background on lender default allegations; review correspondence and underlying documents (1.2); review factual background on lender agreements and finalize Wells Fargo/lender stipulation issues (.5); review Calyon comments to Order (.3); research setoff issues for bank litigations and review related cases and treatises (5.2) | 8.40 |
| 01/10/08 | AM6 | Research "related to" jurisdiction caselaw for response to motion to dismiss. | 1.70 |
| 01/10/08 | HLD | Reviewed evidentiary issues re Lehman litigation, emails/Tcs re same (1.3); Met with JCT and SK re potential claims against lender (.9); Drafted memo re same (2.9). | 5.10 |
| 01/11/08 | SK2 | Confer w/J. Tecce re Calyon proposed order issues (.5); attend conf. call w/Hunton & Williams re negotiation over proposed order (.5); attend conf. call w/S. Cooper, C. Pino, K. Nystrom, S. Sakamoto re non-mutual setoff issues (1.3); review of documents of purported setoff counterparties (2.5); confer w/J. Tecce, H. Denman re conclusions/analyses of same (1.5). | 6.30 |
| 01/11/08 | JCT | Prepare with S. Kirpalani and H. Denman for company call regarding setoff issues, possible defendants, including research (.7); attend same (1.3). | 2.00 |
| 01/11/08 | AM6 | Research "related to" jurisdiction caselaw for response to motion to dismiss. | 2.00 |
| 01/11/08 | HLD | TC with AHM, SK, JCT re claims against lender re setoff (2.1); preparation re same (.5); TCs/emails re evidentiary issues re Lehman litigation (.8). | 3.40 |
| 01/11/08 | GY | Search/retrieve fee applications on docket for J. Tecce (1.90); Retrieve cases for BofA litigation for H. Denman (1.80) | 3.70 |
| 01/12/08 | HLD | Revised complaint against lender per strategy call with American Home. | 1.60 |
| 01/13/08 | HLD | Revised complaint against lender per strategy call with AmericanHome. | 2.10 |
| 01/14/08 | JCT | Review Wells Fargo dates, next steps (.2); review transaction history with lender and relevant documents; confs. w/ H. Denman re same (1.5) | 1.70 |
| 01/14/08 | AM6 | Research caselaw on standing requirements in federal court and draft section of response addressing this argument. | 6.70 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 01/14/08 | HLD | Drafted document preservation letter for adversary proceedings (1.7); reviewed discovery deadlines in wells fargo litigation (.4); Revised complaint against lender (2.7); met with JCT re same (1.5); TCs/emails re evidentiary issues in Lehman litigation (1.4). | 7.70 |
| 01/15/08 | JCT | Call with Creditors' Committee counsel (concerning timing of next steps in bank litigations) (.4); review same, discovery issues documents needed and email client re same (.6); review document retention letter (.5); review evidentiary issues for bank litigations and cos. w/ H. Denman re same (.3) | 1.80 |
| 01/15/08 | HLD | Revised complaint against lender (2.1); Reviewed evidentiary issues re Lehman litigation, emails/tcs with JCT re same (.8). | 2.90 |
| 01/16/08 | JCT | Review Lender repurchase agreements | 0.50 |
| 01/16/08 | HLD | Revised draft of complaint against lender; TC/emails with Sakamoto re same (1.1); Researched caselaw re same (2.1). | 4.30 |
| 01/16/08 | GY | Retrieve cases in BoFA motion for A. McGlaze | 1.10 |
| 01/17/08 | JCT | Review draft complaint against lender | 0.50 |
| 01/17/08 | AM6 | Research and draft response to BofA Motion to Dismiss, focusing on subject matter jurisdiction arguments. | 3.70 |
| 01/17/08 | HLD | Revised complaint against lender (1.8); Reviewed research for complaint against lender (4.0); Reviewed evidentiary issues re bank litigation, email JCT re same (1.4). | 7.20 |
| 01/18/08 | JCT | Revise complaint against lender and related research (3.4); confs w/ H. Denman re same (.5) | 3.90 |
| 01/18/08 | AM6 | Research and draft response to BofA Motion to Dismiss, focusing on subject matter jurisdiction arguments. | 7.20 |
| 01/18/08 | HLD | Revised lender Complaint per JCT edits (.7); Research/memo re issues for complaint against lender (6.4). | 7.10 |
| 01/21/08 | JCT | Revise complaint against lender (1.7); email to clients regarding same (.3) | 2.00 |
| 01/21/08 | HLD | Research re issues for lender complaint (4.7); Drafted memo re same (2.6); reviewed draft complaint against lender (.3). | 7.60 |
| 01/22/08 | JCT | Review complaint against Lender with H. Denman and S. Sakamoto (.6); email to H. Denman and S. Kirpalani re same (.2); review case law relating to BofA motion to dismiss complaint on jurisdictional grounds (.7) | 1.50 |
| 01/22/08 | HLD | Draft initial disclosures for Wells Fargo litigation (1.8); Research re issues for lender complaint (2.4); Research re triangular setoff (2.9) | 7.10 |
| 01/23/08 | JCT | Review cases relating to core jurisdiction for response to motion to dismiss, related research (2.6); revise brief (3.6) | 4.90 |
| 01/23/08 | AM6 | Research and draft argument re: standing in response to BofA's motion to dismiss. | 3.00 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 01/23/08 | HLD | Draft AHM's initial disclosures for Wells Fargo litigation (2.6); Draft/revise lender complaint per AHM's comments (5.5). | 8.10 |
| 01/24/08 | JCT | Revise Bank of America brief (factual background; preliminary statement) (4.9); emails w/ A. McGlaze re standing issues (.3) | 5.20 |
| 01/24/08 | AM6 | Research and draft argument re: standing in response to BofA's motion to dismiss. | 4.80 |
| 01/24/08 | HLD | Research abstention doctrine for Answer to BofA's Motion to Dismiss (4.2); Drafted Answer re same (2.4). | 6.60 |
| 01/24/08 | STR | Review and compile case law for Response to MTD Brief in B of A adversary case per H. Denman | 3.20 |
| 01/25/08 | JCT | Review argument sections of BofA Brief. | 1.30 |
| 01/25/08 | AM6 | Research and draft argument re: standing in response to BofA's motion to dismiss. | 4.20 |
| 01/25/08 | HLD | Researched abstention for Answer to BofA's Motion to Dismiss (3.3); Drafted Answer re same (2.3). | 5.60 |
| 01/25/08 | STR | Review of fee invoices for december fee application | 1.50 |
| 01/26/08 | JCT | Revise factual background of BofA Answering brief (1.5); revise argument on core/noncore (2.6); revise balance, including preliminary statement (3.7) | 7.80 |
| 01/28/08 | JCT | Revise BofA Brief for filing, incorporation comments of S. Kirpalani et al. (7.0); call w. Sakamoto re same (.2); call w/ C. Pino re same (.3) | 7.50 |
| 01/28/08 | HLD | Reviewed/revised draft of Answer to BofA Motion to dismiss. | 0.90 |
| 01/29/08 | JCT | Revise complaint against lender (2.5); call with American Home re same (.2) | 2.70 |
| 01/29/08 | HLD | TC Simon re evidentiary issues (.4); TCs/emails re same (.4); Revised lender complaint per Simon/Cooper's suggested changes (3.5); Draft/revise initial disclosures for WF litigation (.8) | 5.10 |
| 01/30/08 | JCT | Conf. w/ R. Dakis re lender actions and claims (.5); revise complaint against lender (3.6) | 4.10 |
| 01/30/08 | HLD | Draft/revise structure of lender complaint (2.9); Draft document demands for Wells Fargo litigation (2.9). | 5.80 |
| 01/30/08 | RKD | Office conference with J. Tecce regarding potential claims against lender (.3); review documents for background of case (2.1); review finance documents regarding lenders (1.2); legal research regarding aggregation of claims and debts (2.4); office conference with J. Tecce regarding research (.1). | 6.10 |
| 01/31/08 | SK2 | Prepare for conf. call w/Company re lender issues (.7); attend liquidity call portion to deal with lender liquidations (1.1). | 1.80 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 01/31/08 | JCT | Prepare for and attend conf call w/ S. Kirpalani, H. Denman, K. Nystrom, S. Sakamoto, M. Taylor re draft complaint in lender litigation (1.3); email memorandum to clients outlining next steps (.5) | 1.80 |
| 01/31/08 | HLD | Tcs with Cooper/Nystrom/Simon (at AHM), SK, and JCT re complaint against lender (1.3); preparation re same (.8); revised lender complaint per AHM's edits (2.9); research for lender complaint (2.6). | 7.60 |
| 01/31/08 | RKD | Draft memorandum regarding aggregation of claims for the purposes of setoff (1.4). | 1.40 |

Total Hours 269.10

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Susheel Kirpalani | SK2 | Partner | 14.90 | 760.00 | 11,324.00 |
| James C. Tecce | JCT | Counsel | 95.80 | 605.00 | 57,959.00 |
| Robert K. Dakis | RKD | Associate | 7.50 | 385.00 | 2,887.50 |
| Harrison L. Denman | HLD | Associate | 106.30 | 375.00 | 39,862.50 |
| Aidan McGlaze | AM6 | Associate | 35.10 | 355.00 | 12,460.50 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|-------------------|-------|-------|-------|------|--------|
| Grace Yoon | GY | Paralegal | 4.80 | 235.00 | 1,128.00 |
| S. Tyler Ricci | STR | Paralegal | 4.70 | 235.00 | 1,104.50 |

Matter # : 61106-L

**AHM - Meetings**

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 01/08/08 | JCT | Attend "liquidity" meeting telephonically with AHM (Cooper, Pino, Sakamoto, Nystrom) regarding next steps in various litigations. | 4.20 |

Total Hours  4.20

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| James C. Tecce | JCT | Counsel | 4.20 | 605.00 | 2,541.00 |

Matter # : 61106-M

## AHM - Non-working Travel

03/17/2008 18:30 FAX  12128497100     QUINN EMANUEL                    ☑ 044/050

# quinn emanuel trial lawyers

February 20, 2008                                          Matter # 61106-M
Page 2                                                     Invoice # 1119760

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 01/14/08 | JCT | Travel from NYC to DE for omnibus hearing (2.7); return travel from DE to NYC (2.9) | 5.60 |
| 01/17/08 | JCT | Travel from NYC to Wilmington for Calyon pretrial conference (2.6); return travel to NYC (4.5) | 7.30 |
| 01/25/08 | JCT | Travel from NYC to DE for Calyon hearing (2.4); return travel from DE to NYC (3.0) | 5.40 |
| | | **Total Hours** | 18.30 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| James C. Tecce | JCT | Counsel | 18.30 | 605.00 | 11,071.50 |

Matter # : 61106-P

AHM - Recharacterization

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 01/04/08 | SK2 | Review Calyon court decision (.9); TC w/J. Tecce re summary of same, impact (.4). | 1.30 |
| 01/04/08 | JCT | Review Calyon opinion and prepare email memorandum to clients regarding same (1.8); call with Calyon counsel regarding order, email to S. Kirpalani re same, review opinion, scheduling order re same (.4) | 2.20 |
| 01/07/08 | SK2 | Conf. call w/S. Cooper, K. Nystrom, C. Pino, R. Johnson re Calyon and possible settlement proposals (1.3); confer w/J. Tecce re issues to address is proposed order (.7). | 2.00 |
| 01/08/08 | SK2 | Meeting w/J. Tecce re impact of Calyon's decision and instructions for client (.7); attend liquidity conf. call re Calyon and other lender counterparty issues (1.5); corresp. w/YCST re reclamation claims issues and coordinated strategy for lender claims ( .5). | 2.80 |
| 01/09/08 | JCT | Review Calyon proposed Order and related pleadings, opinion; review proposed form of order; revise same (2.5); conf w/ S. Kirpalani re same (.5) | 3.00 |
| 01/11/08 | JCT | Conf. call with Calyon counsel regarding proposed form of Order (and S. Kirpalani) (.5); prepare "certification" regarding proposed form of order, revise Order, and review underlying documents (complaint; stipulation; opinion) re same (2.6); calls and emails with Committee counsel (M. Idelicato) re same (.3); calls with Calyon counsel and court re scheduling conference (.3) | 3.70 |
| 01/13/08 | JCT | Review and revise "Certification of Counsel" for Calyon order. | 2.60 |
| 01/14/08 | JCT | Revise certification of counsel (1.5); review Calyon submission and coordinate service and filing of American Home submission (.5) | 2.00 |
| 01/15/08 | JCT | Calls and emails w Hunton & Williams regarding their request for a scheduling conference (.4); review issues for Phase II Trial; credit agreement; discovery needs; email to C. Pino re same (2.6) | 3.00 |
| 01/16/08 | JCT | Review and determine issues for "Phase II" Calyon trial; outline possible dates; review underlying documents; emails to C. Pino and S. Kirpalani re. same (3.9); conference call with C. Pino re same (.3); call with counsel to Calyon re hearing issues; scheduling issues (.5); outline hearing remarks regarding timing disputes (1.3) | 6.00 |
| 01/17/08 | SK2 | Confer w/J. Tecce re Calyon status conference preparation and position. | 0.60 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 01/17/08 | JCT | Prepare for (.7) and attend (1.0) "pretrial" conference on Calyon Phase II trial; email memorandum to clients explaining results of same and settlement proposals (1.3) | 3.00 |
| 01/18/08 | JCT | Attend liquidity call re results from Calyon hearing (.9); calls with K. Nystrom and Calyon counsel re settlements (.3) | 1.20 |
| 01/22/08 | JCT | Emails and calls with AHM (Pino, Nystrom) re Calyon status (.7); emails and calls with Calyon counsel re same (.5) | 1.20 |
| 01/23/08 | JCT | Calls and emails with Calyon counsel, AHM regarding settlement of payments/files issues; accounting (1.3); review and revise proposed stipulation from Calyon regarding same and regarding scheduling of Phase II trial (3.8) | 5.10 |
| 01/24/08 | JCT | Revise stipulations for files/payments and hearing schedules (3.0); call with Calyon counsel, Calyon, American Home (K. Nystrom) re stipulations (.8); emails and calls w/ K. Nystrom, M. Taylor re same (.9); call with B. Johnson re hearing (.3); outline hearing issues (1.0) | 6.00 |
| 01/25/08 | JCT | Prepare for Calyon hearing; prep. R. Johnson and J. Dorsey (.7); attend same (1.1); review motion for reconsideration and emails to client re same (.6) | 2.40 |
| 01/28/08 | JCT | Review and outline Calyon response to motion for reconsideration w/ A. McGlaze (.5); review deadlines for stipulation on funds and files and email AHM re same; scheduling issues; revise Phase II stipulation (1.1) | 1.60 |
| 01/28/08 | AM6 | Review Calyon's Motion to Amend and the Court's Order; confer w/ J. Tecce re same. | 3.40 |
| 01/28/08 | AM6 | Research standard for motion to appeal; draft outline of answer to Calyon motion. | 2.80 |
| 01/29/08 | JCT | Review status on files/funds stipulation transfers; review Phase II trial stipulation, revising same to send to Calyon counsel for approval (.7); call with K. Nystrom and A. Dokus re. same (.2); emails w/ B. Ackerly re same (.1); review precedents to respond to 59(e) motion (.5) | 1.50 |
| 01/29/08 | AM6 | Research caselaw and draft response to Calyon's Motion to Amend. | 4.30 |
| 01/30/08 | JCT | Review standard of review issues relating to Calyon pleading with A. McGlaze | 0.40 |
| 01/30/08 | AM6 | Research caselaw and draft response to Calyon's Motion to Amend. | 7.30 |
| 01/30/08 | RKD | Review complaint and Bankruptcy Court decision for background (.8); review case law supplied by A. McGlaze regarding standard of review on motion for reconsideration (.3); draft email regarding standard of review (.3); review Delaware local rules regarding motions for reconsideration (.1); office conference with J. Tecce regarding same (.1). | 1.60 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 01/31/08 | AM6 | Research caselaw and draft response to Calyon's Motion to Amend. | 6.10 |
| 01/31/08 | STR | Review and compile fee materials re: fee application | 0.50 |
| | | Total Hours | 77.60 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Susheel Kirpalani | SK2 | Partner | 6.70 | 760.00 | 5,092.00 |
| James C. Tecce | JCT | Counsel | 44.90 | 605.00 | 27,164.50 |
| Robert K. Dakis | RKD | Associate | 1.60 | 385.00 | 616.00 |
| Aidan McGlaze | AM6 | Associate | 23.90 | 355.00 | 8,484.50 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|-------------------|-------|-------|-------|------|--------|
| S. Tyler Ricci | STR | Paralegal | 0.50 | 235.00 | 117.50 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------x
In re:                                           :
                                                 :
                                                 :    Chapter 11
AMERICAN HOME MORTGAGE                           :
HOLDINGS, INC., a Delaware corporation, et al.,  :    Case No. 07-11047 (CSS)
                                                 :
                                                 :    Jointly Administered
                      Debtors.                   :
-------------------------------------------------x
```

### CERTIFICATION OF JAMES C. TECCE

James C. Tecce, an attorney-at-law, duly admitted in good standing to practice in the State of New York hereby certifies that:

1.    I am counsel in the firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP ("**Quinn Emanuel**"), and I am duly authorized to make this Certification on behalf of Quinn Emanuel. Quinn Emanuel was retained by the Debtors as special investigatory litigation and conflicts counsel pursuant to an order of the Court. This certification is made in support of Quinn Emanuel's Fourth Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses During the Period from January 1, 2007 Through January 31, 2007 (the "**Application**"), and in compliance with Local Rule 2016-2 of this Court (the "**Rule**"), and with the United States Trustee's Guidelines for Review Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "**Guidelines**").

2.     I have read the Application and I certify that the Application substantially complies with the Rule and the Guidelines.

Dated:
March ___, 2008

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**

James C. Tecce
55 Madison Avenue - 22nd Floor
New York, NY 10010
(212) 849 - 7200

76802/2432598.1