IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- 
In re:

AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corporation, et al.,[1]

Debtors.

---------------------------------------------------------------- x

Chapter 11

: Case No. 07-11047 (CSS)
:
: Jointly Administered
:
: Objection Deadline: April 7, 2008 at 4:00 p.m.
. Hearing Date: April 14, 2008 at 10:00 a.m.

**DEBTORS' MOTION FOR MODIFICATION OF THE
AUTOMATIC STAY FOR CERTAIN FORECLOSURE PROCEEDINGS
WHERE THE DEBTORS HOLD A JUNIOR LIEN OR INTEREST PURSUANT TO
SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE AND APPROVING THE
FORM OF CONSENT TO MODIFICATION OF THE AUTOMATIC STAY**

The debtors and debtors in possession in the above-captioned cases (collectively, "AHM" or the "Debtors"), by and through their undersigned counsel, hereby submit this motion (the "Motion") for the entry of an order (the "Order"), in substantially the form attached hereto as Exhibit A, (i) modifying the automatic stay solely with respect to certain foreclosure proceedings where AHM has or may be named as a party in Foreclosure Actions (as defined below) pursuant to sections 105(a) and 362 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), (ii) approving the form of consent to the modification of the automatic stay (the "Consent to Modification"), in substantially the form attached to the Order as Exhibit 1, and (iii) authorizing AHM to commence and prosecute Same Party

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Foreclosures (as defined below) in the ordinary course of business without further order of this Court. In support of this Motion, AHM respectfully represents as follows:

## PRELIMINARY STATEMENT

1.  The relief requested herein relates to mortgages secured by a junior priority lien on property (each a "<u>Junior Mortgage</u>") the value of which, in many instances, has been significantly impaired as a result of the recent decline in the mortgage and housing markets. Delays caused by the effect of the automatic stay in liquidating Junior Mortgages in which AHM has an interest may have adverse effects on AHM and its estates, including, but not limited to: (i) diminishing the proceeds realized in liquidation of the property due to the decline in the real estate market; (ii) forcing the Junior Mortgage holder to bear the costs incurred by senior lien holders in obtaining relief from the automatic stay if the senior lien holder can successfully charge the cost of foreclosure against the residual proceeds due to the Junior Mortgage holder; and (iii) creating unnecessary disruptions to the performance of AHM's obligations in the Servicing Business. Additionally, the continued filing of motions for relief from stay require AHM's professionals to analyze and potentially respond to such motions, thereby, resulting in costs to the estates, even in instances when it is clearly in AHM's best interest to allow a foreclosure to proceed, such as when the Junior Mortgage is "under water." In these instances, the automatic stay does not provide AHM a "breathing spell;" instead, the automatic stay arguably creates unnecessary burdens and potential harm for AHM and its estates.

2.  The relief requested, if approved, will provide AHM the discretion to determine whether or not to agree to a foreclosure when AHM has an interest in a Junior Mortgage. Prior to the commencement of these cases, AHM was required to determine whether Junior Mortgages had any value for the purposes of determining whether it wanted to delay the foreclosure (by purchasing senior liens, funding delinquent obligations, etc.) or do nothing,

effectively consenting to the foreclosure. AHM requests the relief herein to allow it to proceed with these ordinary course transactions and to protect whatever residual value it has in liquidation proceeds by avoiding the costs associated with obtaining relief from the automatic stay. However, in the instances where a Junior Mortgage does have potential value, AHM can refuse to consent to the modification of the automatic stay. In those cases, the matter will be brought before this Court, therefore providing the necessary safeguards to protect estate property.

### JURISDICTION

3.   This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 362 and 105(a) of the Bankruptcy Code.

### BACKGROUND

4.   On August 6, 2007 (the "Petition Date"), each of the Debtors in these cases filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.   Each Debtor in these cases is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.   An official committee of unsecured creditors (the "Committee") was appointed on August 14, 2007. No trustee or examiner has been appointed.

### THE DEBTORS' BUSINESS

7.   Prior to the filing of these bankruptcy cases, AHM's business primarily entailed the origination, servicing, and sale of mortgage loans, as well as investment in mortgage loans and mortgage-backed securities resulting from the securitizations of residential mortgage

loans. These loans included both senior lien mortgages (each a "Senior Mortgage") and Junior Mortgages. While AHM primarily originated Senior Mortgages, AHM did originate a number of Junior Mortgages, and continues to own and service Junior Mortgages. AHM also invested in securitized mortgage loans originated by others and originated and sold mortgage loans to institutional investors. AHM offered an array of mortgage products and primarily made loans to borrowers with good credit profiles. Most of its portfolio consisted of securitized adjustable-rate mortgage (ARM) loans of prime and alternate A quality.

8.  A large component of AHM's business was the servicing of mortgage loans (the "Servicing Business"), by AHM Servicing. The Servicing Business collects mortgage payments, administers tax and insurance escrows, responds to borrower inquiries, and maintains control over collection and default mitigation processes for loans owned by AHM and third parties.

9.  By Order dated October 30, 2007, (the "Sale Order") [Docket No. 1711], the Court approved and authorized the sale of the Servicing Business (the "Servicing Sale") to AH Mortgage Acquisition Co., Inc. (the "Purchaser"), pursuant to the terms of that certain Asset Purchase Agreement dated as of September 25, 2007 (as amended and together with all exhibits and schedules thereto, the "APA").[2]

10.  Pursuant to the APA, the Servicing Sale will close in two steps. At the "economic" close, which occurred on November 16, 2007 (the "Initial Closing"), the Purchaser paid the Purchase Price in the manner and to the parties as provided in the APA and related agreements referenced therein. From the Initial Closing Date until the "legal" close (the "Final

---

[2]  All capitalized terms used in this section with respect to the APA, but not defined herein, shall have the meanings set forth in the APA. The description of the APA in this section is by way of summary only. To the extent there is any discrepancy between such description and the actual terms of the APA, the latter are controlling.

Closing"), AHM agreed to operate the Servicing Business in the Ordinary Course of Business, subject to the Bankruptcy Exceptions, for the economic benefit and risk of the Purchaser. The Final Closing has not yet occurred, but is required to occur no later than September 30, 2008.

11. In light of the increased mortgage defaults now affecting the U.S. mortgage industry and as a result of the substantial number of loans originated and serviced by AHM, AHM has been named as a party to an increasing number of foreclosure actions (collectively, the "Foreclosure Actions"). When AHM is named as a party, this interest is usually as the holder of a Junior Mortgage, the servicer of a Junior Mortgage or both (the Servicing Business serviced all AHM originated loans until they were sold to third parties, who may have still continued to use AHM as servicer). A large number of motions to lift the automatic stay in order to prosecute Foreclosure Actions where AHM has an interest in a Junior Mortgage have already been filed, and AHM anticipates more are forthcoming.

12. Additionally, where AHM has an interest in both a Junior Mortgage and Senior Mortgage, AHM may need to commence a Foreclosure Action on account of a Senior Mortgage and will be required to name AHM as a defendant on account of its interest in a Junior Mortgage (the "Same Party Foreclosures"). This creates the potential for AHM violating the automatic stay by commencing litigation against itself to complete an otherwise ordinary course transaction. As of the filing of this Motion, several of AHM's foreclosure professionals have informed AHM that they cannot commence any Same Party Foreclosures absent an order from this Court modifying the automatic stay. Upon information and belief, approximately 200 properties subject to pending Same Party Foreclosures. Accordingly, the purpose of this Motion is to create an efficient process to handle the issues and obstacles caused by the vast number of Foreclosure Actions and Same Party Foreclosures.

**RELIEF REQUESTED**

13. By this Motion, AHM seeks entry of an order (i) approving the Foreclosure Procedures (as defined herein) and granting a modification of the automatic stay to third parties, solely with respect to Foreclosure Actions, as set forth in the Foreclosure Procedures; and (ii) authorizing AHM to commence and prosecute Same Party Foreclosures without further order of this Court *nunc pro tunc* to the Petition Date. AHM believes that the relief requested is in the best interest of AHM and its estates as it will allow third parties and the Court to avoid numerous lift stay motions while maintaining the necessary safeguards needed to preserve the legitimate interests of the estates and their creditors.

A. Third Party Foreclosure Procedures

14. AHM proposes that any third-party desiring to name AHM in a Foreclosure Action may seek relief from the automatic stay by complying with the following procedures (the "Foreclosure Procedures"):

(a) Any party seeking to assert its rights with respect to a mortgage on property in which AHM may be named in a Foreclosure Action (the "Property") must provide notice to AHM and counsel for the Committee, including the following information (the "Notice"):

(i) the status of the (proposed) Foreclosure Action, including the location in which the action is pending and the date, time and location of any proposed foreclosure sale;

(ii) evidence regarding (a) the fair market value of the Property, (b) the value of the moving party's senior lien, and (c) the position and value of any other liens senior to those of AHM's estates to the extent known by the moving party;

(iii) all papers filed by such party with any court, agency, trustee or municipality in connection with such proposed Foreclosure Action that affect the status of the foreclosure, including, without limitation, the applicable lawsuit and notice of foreclosure or similar documents, to fully apprise AHM of the pending foreclosure action; and

8

(iv) a completed, unexecuted Consent to Modification which properly identifies the Property that is the subject of the Notice.

(v) the name, mailing address, and e-mail address of the party providing the Notice (the "Notice Party").

(b) A single Notice may cover multiple Properties on which the party has a senior lien, however the information in parts (a)(i)-(v) above must be provided for each Property.

(c) The Notice must be provided to AHM at:

> AMERICAN HOME MORTGAGE SERVICING:
> ATTN: Robert Hardman
> 4600 Regent Boulevard
> Suite 200
> Irving, Texas 75063
>
> With a copy to
>
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> ATTN: Margaret Whiteman
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> Telephone: (302) 571-6600
> Facsimile: (302) 571-1253

(d) The Notice must be provided to the Committee at:

> HAHN & HESSEN LLP
> ATTN: Mark S. Indelicato
> 488 Madison Avenue
> New York, New York 10022
> Telephone: (212) 478-7200
> Facsimile: (212) 478-7400

(e) AHM may consent to a modification of the automatic stay solely to allow the Foreclosure Action to proceed by returning to the party an executed Consent to Modification unless the Committee objects to the Consent to Modification.

(f) The Committee shall have five (5) business days, from the day it receives the Notice, to object to a modification of the automatic stay under the Foreclosure Procedures, unless extended by AHM (the "Foreclosure Action Deadline"). If the Committee does not object on or before the Foreclosure Action Deadline, AHM is authorized, but not required, to execute the Consent to

9

Modification. If the Committee does object on or before the Foreclosure Action Deadline, the Committee shall provide written notice of their objection to AHM and the Notice Party and AHM will not be permitted to execute the Consent to Modification, absent withdrawal or resolution of such objection.

15. AHM requests that the automatic stay be modified upon the return of an executed Consent to Modification to the extent provided herein and for the limited purposes of allowing that party to prosecute a Foreclosure Action upon the Property for which AHM has executed a Consent to Modification.

16. Any modification of the automatic stay pursuant to the Foreclosure Procedures and an executed Consent to Modification shall have no effect on the rights that AHM, or any party for whom AHM may act as agent for, may have under non-bankruptcy law with respect to that Property and shall not excuse any obligations that third parties may have under non-bankruptcy law to AHM, or any party for whom AHM may act as agent for, including, but not limited to, any duty to conduct the foreclosure sale in a commercially reasonable manner and to account for and remit any surplus generated by such sale to junior interest holders in the order of their priority. The automatic stay shall not be modified with respect to any amounts that may inure to the benefit of AHM, or any party for whom AHM may act as agent for, from the prosecution of Foreclosure Actions.

17. Further, any modification of the automatic stay pursuant to the Foreclosure Procedures and an executed Consent to Modification shall not (i) constitute a determination that AHM holds any interest in the Property or (ii) estop AHM from denying that it holds any interest in the Property.

18. To the extent any party who has received a Consent to Modification requires additional proof that the automatic stay has been modified with respect to a Property, such party may file an appropriate form of order, under certification of counsel, stating that the

automatic stay has been lifted for that Property and include a copy of the executed Consent to Modification for that Property. Such certification of counsel and the proposed order shall be served on counsel to AHM.

B.  Same Party Foreclosure Procedures

19.  AHM further requests that the automatic stay be modified to allow AHM to commence Same Party Foreclosures, without further order of the Court, subject to the provisions of paragraph 20 of this Motion, if AHM determines that it is necessary to commence a Foreclosure Action upon a property where AHM has an interest in both a Junior Mortgage and a Senior Mortgage. AHM requests that the relief requested in this paragraph be granted *nunc pro tunc* to the Petition Date.[3]

20.  AHM shall provide the Committee with written notice of such a proposed Same Party Foreclosure (the "Proposed Same Party Foreclosure"). The Committee shall have five (5) business days to object to the Proposed Same Party Foreclosure, unless extended by AHM (the "Same Party Foreclosure Deadline"). If the Committee does not object to the Proposed Same Party Foreclosure on or before the Same Party Foreclosure Deadline, AHM shall be permitted to institute the Same Party Foreclosure without further order of the Court. If the Committee does object to the Proposed Same Party Foreclosure, AHM shall not institute the Proposed Same Party Foreclosure unless (i) the objection is withdrawn or otherwise resolved; or (ii) the objection is overruled by the Court at the next regularly scheduled omnibus hearing that

---

[3] In *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994), the Third Circuit held that a bankruptcy court had the authority to annul the automatic stay to retroactively validate actions taken in violation of the automatic stay if the provision of section 362(d) of the Bankruptcy Code were otherwise met. While AHM does not believe that any Same Party Foreclosures were commenced in violation of the Automatic Stay, AHM requests *nunc pro tunc* out of an abundance of caution. As set forth in the Motion, the relief requested with respect to the Same Party Foreclosures is appropriate under sections 105(a) and 362(d) of the Bankruptcy Code.

11

is at least ten (10) days after AHM's receipt of the Committee's objection, or at the omnibus hearing that is agreed to by the Committee and AHM.

## BASIS FOR THE RELIEF REQUESTED

21. Section 362(d)(1) provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1).

22. Additionally, section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers in the administration of a case under the Bankruptcy Code. Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Provided that a bankruptcy court does not employ its equitable powers to achieve a result not contemplated by the Bankruptcy Code, the exercise of its section 105(a) power is proper. In re Fesco Plastics Corp., 996 F.2d 152, 154 (7th Cir. 1993); Pincus v. Graduate Loan Ctr. (In re Pincus), 280 B.R. 303, 312 (Bankr. S.D.N.Y. 2002).

23. AHM submits that the "cause" requirement is met under section 362(d)(1) of the Bankruptcy Code and that granting the relief requested herein is appropriate under section 105(a) of the Bankruptcy Code. If appropriate under the circumstances, AHM may stipulate that "cause" exists and that the automatic stay should be lifted if AHM determines, in the exercise of its sound business judgment, that the value remaining in a Junior Mortgage, if any, is best protected by allowing a Foreclosure Action to proceed and allowing AHM to recover whatever proceeds that remain after the senior lien and its associated costs are satisfied.

12

24. The relief requested is consistent with AHM's pre-petition practices and will allow AHM to engage in otherwise ordinary course transactions. Additionally, authorizing the Foreclosure Procedures will provide third parties an expedited process by which AHM may stipulate that "cause" exists for relief from the automatic stay by executing a Consent to Modification. This Court has routinely granted relief from the automatic stay in Foreclosure Actions where AHM has not opposed the relief.[4]

25. Moreover, the procedures set forth in this Motion fairly balance the equities by providing the parties, including AHM, with an expedited process to obtain a modification of the automatic stay to pursue Foreclosure Actions while preserving rights AHM may have in the Properties under non-bankruptcy law. In addition, the rights of third parties to file a motion for relief from the automatic stay to commence a foreclosure proceeding on any Property are not affected by the relief requested herein. Accordingly, the Motion establishes a beneficial procedure for AHM with respect to the foreclosure actions which has no prejudicial effect on third parties.

26. In addition to providing expedited procedures to all interested parties and the Court, the granting of this Motion will eliminate a burden on AHM's estates by reducing the amount of time and expenses that AHM's professionals would be required to expend in reviewing and responding to the numerous motions for relief from the automatic stay that AHM anticipates will continue to be filed. Therefore, a cost savings will accrue to AHM's estate by the granting of this Motion.

---

[4] See, e.g., American Home Mortgage Holdings, Inc., et al., Case No. 07-11047 (CSS) (Bankr. D. Del. Aug. 6, 2007) Docket Nos. 2806-11, 2814-15, 2817, 2819, 2832-39 (granting relief from the automatic stay to foreclose on property upon the motion of senior lien holder and AHM's filing of reservation of rights to protect whatever interest AHM had in the proceeds of the foreclosure at state law).

13

27. The relief requested herein further will provide the most efficient and fair treatment for the numerous parties seeking relief with respect to AHM's Junior Mortgages. Additionally, the procedure will allow AHM and parties in interest to effectively protect any value attributable to these lien positions without significant cost to the estates. Accordingly, good and sufficient cause exists under sections 105(a) and 362(d) of the Bankruptcy Code for the Court to enter an order modifying the automatic stay, approving the Foreclosure Procedures and granting the other relief requested herein. Similar procedures to expedite Foreclosure Actions have been used in other cases in this district. See, e.g., In re New Century TRS Holdings, Inc., Case No. 07-10416 (KJC) (Bankr. D. Del. June 7, 2007); In re Homebanc Mortgage Corp., Case No. 07-11079 (KJC) (Bankr. D. Del. Oct. 17, 2007).

28. AHM also requests that, if the Motion is granted, the Court grant a waiver of Rule 4001(a)(3) of the Federal Rules of Bankruptcy and Procedure (the "Bankruptcy Rules"), to the extent that it applies, for any Foreclosure Action commenced in compliance with the terms of the Motion, the Foreclosure Procedures, and the Order.

29. AHM will provide a copy of the Order granting this Motion to any party who notifies AHM or its counsel that they have or that they intend to commence Foreclosure Actions. Any provision of this Motion and any subsequent order entered by this Court approving this Motion shall have no effect on the right of any party to bring a motion for relief from the automatic stay in accordance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

## NOTICE

30. Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A;

(iv) counsel to the Agent for AHM's postpetition lender; (v) counsel to AH Acquisition; and (vi) all parties entitled to notice under Del. Bankr. LR 2002-1(b). In light of the nature of the relief requested herein, AHM submit that no other or further notice is required.

## **NO PRIOR REQUEST**

31. No previous motion for the relief sought herein has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, AHM request entry of an order, in the form attached hereto as Exhibit A, granting the relief requested herein and such other further relief the Court deems just and proper.

Dated: Wilmington, Delaware
       March 19, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Ryan M. Bartley
_____
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Ryan M. Bartley (No. 4985)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession