## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------

In re:

American Home Mortgage Holdings, Inc., _et al._ [1]

                            Debtors

---------------------------------------------------------------

: Chapter 11
:
: Case No. 07-11047 (CSS)
: (Jointly Administered)
:
: **Objections Due By**: April 9, 2008 at 4:00 p.m.
:

## FIFTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM DECEMBER 1, 2007 THROUGH DECEMBER 31, 2007

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | November 28, 2007 (effective August 14, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | December 1, 2007 through December 31, 2007 |
| Amount of Compensation sought as actual, reasonable and necessary: | $160,662.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $4,795.49 |

This is a ☒ monthly ☐ interim ☐ final application.

     80% OF FEES FOR PERIOD 12/1/07-12/31/07:$128,530.00     (Holdback: $32,132.50)

     100% OF DISBURSEMENTS:          $4,795.49

     TOTAL DUE:                $133,325.49

---

[1]    The Debtors in these cases, are:  American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

1370171.1

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| **Date Filed** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 11/30/2007 | 8/14/2007-8/31/2007 | $213,416.00 | $3,416.60 | Approved | Approved |
| 12/5/2007 | 9/1/2007-9/30/2007 | $347,084.50 | $10,120.65 | Approved | Approved |
| 12/12/2007 | 10/1/2007-10/31/2007 | $510,177.00 | $16,821.21 | Approved | Approved |
| 3/20/2008 | 11/1/2007-11/30/2007 | $234,233.00 | $9,396.14 | Pending | Pending |

## ATTORNEY/PARAPROFESSIONAL SUMMARY

| Name of Professional Person | Position of the Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Mark S. Indelicato | Partner (1986) | $695.00 | 71.60 | $49,762.00 |
| Mark T. Power | Partner (1989) | $695.00 | 46.00 | $31,970.00 |
| John P. McCahey | Partner (1986) | $695.00 | 7.40 | $5,143.00 |
| Don D. Grubman | Partner (1979) | $625.00 | 26.00 | $16,250.00 |
| Edward L. Schnitzer | Associate (1998) | $465.00 | 21.50 | $9,997.50 |
| Julie M. Lazarus | Associate (2004) | $325.00 | 1.60 | $520.00 |
| Jeffrey Zawadzki | Associate (2004) | $325.00 | 37.40 | $12,155.00 |
| Emmet Keary | Associate (2006) | $280.00 | 93.80 | $26,264.00 |
| Maria A. Arnott | Special Counsel (1989) | $550.00 | 0.50 | $275.00 |
| Jason Smith | Paralegal (N/A) | $230.00 | 36.20 | $8,326.00 |
| **Grand Totals:** | | | **342.00** | **$160,662.50** |
| **Blended Rate:** | | | **$ 469.77** | |
| **Blended Rate excluding Paraprofessionals:** | | | **$ 498.16** | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General; Case Administration | 28.30 | $8,092.50 |
| Creditors' Committee | 130.30 | $49,672.00 |
| DIP/Investigation of Lien | 2.30 | $1,598.50 |
| Sale of Assets | 92.60 | $60,909.00 |
| Professional Fees | 24.60 | $8,441.00 |
| Litigation | 23.00 | $15,233.00 |
| Employee Issues | 31.30 | $10,746.00 |
| Investigation of Company | 9.60 | $5,970.50 |
| **Total:** | **342.00** | **$160,662.50** |
| **Project Category** | **Total Hours** | **Total Fees** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Carfare [re: Attorney/Staff working after hours or traveling] | Skyline Credit Ride Inc. | $978.38 |
| Duplicating [at 10¢ per page] | | $442.50 |
| Lexis | Lexis-Nexis | $615.52 |
| Long Distance Telephone | | $349.08 |
| Search Fees | Pacer Service Center | $1,758.56 |
| Meals [re: Attorney/Staff working after hours or traveling] | Seamless Web Professional Solutions, Inc. | $305.45 |
| Travel | | $346.00 |
| Totals: | | $4,795.49 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------
                                              :  Chapter 11
In re:                                        :
                                              :  Case No. 07-11047 (CSS)
American Home Mortgage Holdings, Inc., et al. 2  :  (Jointly Administered)
                                              :
                                    Debtors   :
                                              :
---------------------------------------------------------
```

## FIFTH MONTHLY APPLICATION OF HAHN & HESSEN LLP,
## FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL
## TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
## FOR THE PERIOD DECEMBER 1, 2007 THROUGH DECEMBER 31, 2007

TO:    THE HONORABLE CHRISTOPHER S. SONTCHI,
       UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code

(the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule

2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware,

HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the

Court's approval of its Fifth monthly request for compensation and reimbursement of expenses

as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") during the

period of December 1, 2007 through December 31, 2007 (the "Compensation Period"), and in

support thereof respectfully represents:

---

2    The Debtors in these cases, are:  American Home Mortgage Holdings, Inc.; American Home Mortgage
     Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.;
     American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement
     Services, Inc; and Great Oak Abstract Corp.

1.      H&H submits this Fifth monthly application for allowance of $165,457.99 for services provided to the Committee during the Compensation Period consisting of (i) fees in the amount of $160,662.50, and (ii) out-of-pocket expenses in the amount of $4,795.49.

**Background**

2.      On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc., et al. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code.  The Debtors have continued in the management and operation of their businesses as Debtors and Debtors-in-Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee has been appointed in the Debtors' cases.

3.      On August 14, 2007, the United States Trustee for the District of Delaware appointed the Committee, which is comprised of the following seven (7) members:  Wilmington Trust Company; United Parcel Service, c/o The Receivable Management Services Corporation, Its Agent; The Bank of New York Trust Company, N.A.[3]; Deutsche Bank National Trust Co.; as Trustee; Nomura Credit & Capital, Inc.; Impac Funding Corporation; and Waldners Business Environments, Inc[4].

4.      The Committee elected Wilmington Trust Company, as Trustee, and The Receivable Management Services Corporation, Agent for United Parcel Service, as Co-Chairpersons of the Committee.  The Committee then selected H&H as its counsel, Blank Rome LLP as co-counsel, and BDO Seidman as financial advisors.

---

[3] The Bank of New York Trust Company resigned from the Committee and was replaced with Law Debenture Trust Company of New York pursuant to notice of the Office of the United States Trustee dated December 7, 2007.

[4] Waldner Business Environments, Inc. subsequently resigned from the Committee and has not yet been replaced.

5.     Pursuant to an order of this Court dated November 28, 2007, a copy of which is annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee under a general retainer, effective as of August 14, 2007.

6.     The attorneys at H&H with primary responsibility for the representation of the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each of whom is a partner at H&H.  Mr. Schwartz is a 1973 graduate of Cornell University and a 1976 graduate of New York University School of Law.  Mr. Indelicato is a 1982 graduate of New York University, Stern School of Business and a 1985 graduate of Fordham University School of Law.  Mr. Power graduated in 1985 from George Washington University and earned his Juris Doctor in 1988 from Boston College Law School.  In an effort to keep duplication of efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by Messrs. Schwartz, Indelicato and Power to separate and discrete tasks.  Mr. Schwartz has particular expertise regarding issues involving counter-parties to financial contracts in subprime lending, and has been particularly involved in these cases in that area.  Mr. Indelicato's and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights, with a substantial focus on representing creditors committees in Chapter 11 cases.  As such, they are responsible for the day-to-day oversight of the case.

7.     This Monthly Fee Application is submitted in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated September 4, 2007 [Docket No. 547] (the "Administrative Fee Order").

### Summary of H&H Services During the Compensation Period

8.      From the outset, these cases have been extremely active and challenging, with a multitude of substantial motions and adversary proceedings commenced during the first few weeks of the case.  Applicant devoted considerable time and attention at the inception of its retention getting up to speed quickly on the underlying facts and be able to respond appropriately to the myriad of expedited matters filed in the case.  During the month of December 2007, H&H expended 342.00 hours in connection with its services on behalf of the Committee.  H&H submits that the services it has rendered to the Committee have been necessary and in the best interests of creditors and the Debtors' estates and have furthered the goals of all parties in interest.  H&H's services concentrated in, but were not limited to, the following areas:

**(a)      General; Case Administration**

9.      H&H expended 28.30 hours with respect to services under this category, for which total compensation amounts to $8,092.50.  Applicant's services included review of docket regarding status updates and review of recently filed pleadings.  Applicant's attorneys also frequently met or participated in conference calls with the Debtors and/or their professionals on multiple topics.  Applicant also spent time attending to general administrative and case management matters.

**(b)      Creditors' Committee**

10.     H&H expended 130.30 hours with respect to services under this category, for which total compensation amounts to $49,672.00.  Applicant's services included reviewing the numerous motions filed by the Debtors and responses and/or objections filed to these motions.  Pleadings were summarized for consideration by the Committee during our meetings.

Applicant spent time conducting research regarding the Warn Act. Applicant's services included frequent communications with Committee members through telephone conferences, face-to-face meetings, e-mails and memoranda. Applicant prepared for and participated in several meetings with the Committee, local counsel and BDO, to discuss Bank of America construction loans, sale of Melville property, sale of AHM Bank and vote on various matters before the Committee.

11.    Applicant also had multiple conference calls with Debtors and Debtors' counsel to address concerns raised by the Committee; and thereafter discussed results of these meetings with other parties-in-interest. Applicant's attorneys met frequently on multiple topics including, but not limited to, numerous pending motions, negotiations regarding sale procedures and stipulations regarding the Debtors' construction loan business. Applicant also spent time preparing for and attending omnibus hearing dates before the Honorable Christopher S. Sontchi.

**(c)    DIP and Cash Collateral/Investigation of Lien**

12.    H&H expended 2.30 hours with respect to services under this category, for which total compensation amounts to $1,598.50. Applicant prepared for and participated in numerous teleconference calls concerning the terms of the amendment to nonrecourse DIP. Applicant also reviewed, analyzed and proposed changes to the motion to amend DIP.

**(d)    Sale of Assets**

13.    H&H expended 92.60 hours with respect to services under this category, for which total compensation amounts to $60,909.00. Applicant prepared and participated in multiple conference calls and e-mails with Debtors and Debtors' counsel and committee professionals to address issues concerning the construction loan sale, WLR asset purchase agreement, Friedman agreement and Fourth amendment to the APA. Applicant reviewed documents to try and develop alternative to impassse. Applicant services also included review

of, drafts of motions, order and amendment to fourth amendment to the APA, Bank of America's motion for relief from stay, Countrywide's asset purchase agreement, Countrywide's serving sale agreement, Credit Suisse's confidentiality issues and Sale of CTP portfolio of Bank of America.

**(e)    Professional Fees**

14.    H&H expended 24.60 hours with respect to services under this category, for which total compensation amounts to $8,441.00.  Applicant spent time drafting and finalizing H&H's second monthly fee application and H&H's supplement to first monthly fee application. Applicant's services included attention to and review of certain professionals' fee applications; and continually updating a spreadsheet detailing the fees and expenses of professionals and drafted summaries to submit to committee members.

**(f)    Litigation**

15.    H&H expended 23.00 hours with respect to services under this category, for which total compensation amounts to $15,233.00.  Application reviewed all pleadings and related issues regarding these various litigations including but not limited to CSFB issues, FGIC litigation, Bank of America CTP loans and review of GMAC's motion to compel.  Applicant attended the hearings and had discussions with counsel for all parties regarding the status of these various litigations and the issues central to each case.

**(g)    Employee Issues**

16.    H&H expended 31.30 hours with respect to services under this category, for which total compensation amounts to $10,746.00.  Applicant's services included review of and communications concerning the Debtors' notice and proposed order on certification. Applicant spent time conducting research and reviewing research with regards to the WARN Act issues.

**(h)**     **Investigation of Company**

       17.     H&H expended 9.60 hours with respect to services under this category, for which total compensation amounts to $5,970.50. Applicant's services included participating in conferences and telephone conversations with committee members and BDO regarding request for documents from the Debtors. Applicant also spent time reviewing Strauss affidavit.

**H&H Fees for the Compensation Period**

       20.     Under all of the criteria normally examined in Chapter 11 reorganization cases, H&H's total requested compensation of $160,662.50 is reasonable in light of the significant work performed by H&H to date. The hourly rate for each attorney and paraprofessional who performed the foregoing services on behalf of the Committee is set forth in detail in the prefixed Summary Cover Sheet.

       21.     Annexed hereto and made a part hereof as Exhibit "B" are computer-generated invoices taken from the timesheets maintained by the individuals who performed services during the Compensation Period. The invoices indicate the dates of and description of the services for which H&H seeks compensation, and the hours spent in performance of such services.

       22.     In certain instances, H&H's time records may indicate that two or more attorneys attended the same meeting or hearing. Where more than one attorney attended a meeting or hearing, it was due in part to the expertise related to a specific issue that one particular attorney was handling and/or because one attorney was more familiar with specific topics to be discussed or presented at the meeting or hearing. Applicant made every effort to minimize such dual attendance while at the same time assuring that the interests of the

Committee and the creditor body was adequately represented. Applicant, therefore, believes that the time for both attorneys at such meetings and/or hearings are properly compensable.

23.     Based on the above and in accordance with the Administrative Fee Order, H&H requests allowance of monthly compensation for December 2007 in the amount of $160,662.50, and payment of $128,530.00 representing eighty percent (80%) of such compensation.

## Disbursements Incurred During the Compensation Period

24.     The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period. Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet. H&H charges its clients $0.10 per page photocopying expense. Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page. Actual long-distance carrier charges for outgoing facsimile transmission are reflected in the long-distance telephone charges. H&H believes these expenses are reasonable and were necessarily made. H&H respectfully requests reimbursement thereof in the sum of $4,795.49.

25.     In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

26.     H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in H&H's billing system, or have not yet been billed by a third party vendor.

**WHEREFORE**, H&H respectfully requests that the Court enter an order allowing compensation in the amounts set forth herein and provide such other and further relief as may be just and equitable.

Dated:   New York, New York
         March 20, 2008

                                        **HAHN & HESSEN LLP**
                                        Co-Counsel to The Official Committee of
                                        Unsecured Creditors of American Home Mortgage
                                        Holdings, Inc., et al. Debtors

By:        _____
                                          Mark T. Power, Esq.
                                          A Member of the Firm
                                          488 Madison Avenue
                                          New York, NY  10022
                                          (212) 478-7200
                                          (212) 478-7400 facsimile