## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------

In re:

American Home Mortgage Holdings, Inc., et al.[1]

Debtors

------------------------------------------------------------

: Chapter 11
:
: Case No. 07-11047 (CSS)
: (Jointly Administered)
:
: Objections Due By: April 9, 2008 at 4:00 p.m.
:

## FOURTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM NOVEMBER 1, 2007 THROUGH NOVEMBER 30, 2007

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | November 28, 2007 (effective August 14, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | November 1, 2007 through November 30, 2007 |
| Amount of Compensation sought as actual, reasonable and necessary: | $234,223.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $9,396.14 |

This is a ☒ monthly ☐ interim ☐ final application.

    80% OF FEES FOR PERIOD 11/1/07-11/30/07: $187,378.40    (Holdback: $46,844.60)

    100% OF DISBURSEMENTS:    $9,396.14

    TOTAL DUE:    <u>$196,774.54</u>

---

[1] The Debtors in these cases, are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

1370171.1

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| **Date Filed** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 11/30/2007 | 8/14/2007-8/31/2007 | $213,416.00 | $3,416.60 | Approved | Approved |
| 12/5/2007 | 9/1/2007-9/30/2007 | $347,084.50 | $10,120.65 | Approved | Approved |
| 12/12/2007 | 10/1/2007-10/31/2007 | $510,177.00 | $16,821.21 | Approved | Approved |

## ATTORNEY/PARAPROFESSIONAL SUMMARY

| Name of Professional Person | Position of the Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jeffrey L. Schwartz | Partner (1977) | $745.00 | 1.50 | $1,117.50 |
| Mark S. Indelicato | Partner (1986) | $695.00 | 127.80 | $88,821.00 |
| Mark T. Power | Partner (1989) | $695.00 | 62.40 | $43,368.00 |
| John P. McCahey | Partner (1986) | $695.00 | 15.40 | $10,703.00 |
| Don D. Grubman | Partner (1979) | $625.00 | 34.80 | $21,750.00 |
| Edward L. Schnitzer | Associate (1998) | $465.00 | 23.70 | $11,020.50 |
| Jeffrey Zawadzki | Associate (2004) | $325.00 | 17.60 | $5,720.00 |
| Huria Naviwala | Associate (2006) | $280.00 | 0.30 | $84.00 |
| Emmet Keary | Associate (2006) | $280.00 | 116.60 | $32,648.00 |
| Gregory P. Kochansky | Special Counsel (2005) | $325.00 | 26.80 | $8,710.00 |
| Jason W. Smith | Paralegal (N/A) | $230.00 | 44.70 | $10,281.00 |
| **Grand Totals:** | | | **431.00** | **$234,223.00** |
| **Blended Rate:** | | $ 543.44 | | |
| **Blended Rate excluding Paraprofessionals:** | | $ 579.71 | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General; Case Administration | 5.40 | $1,552.50 |
| Creditors' Committee | 212.90 | $76,095.00 |
| Retentions | 7.50 | $3,324.50 |
| DIP/Investigation of Lien | 18.10 | $12,544.50 |
| Sale of Assets | 109.50 | $71,741.50 |
| Professional Fees | 7.50 | $3,312.50 |
| Litigation | 88.20 | $51,384.00 |
| Plan and Disclosure Statement | 0.50 | $347.50 |
| Employee Issues | 14.40 | $8,861.00 |
| Claims Administration | 0.10 | $32.50 |
| Investigation of Company | 7.50 | $5,027.50 |
| **Total:** | **471.60** | **$234,223.00** |
| **Project Category** | **Total Hours** | **Total Fees** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Carfare [re: Attorney/Staff working after hours or traveling] | Skyline Credit Ride Inc. | $2,078.49 |
| Duplicating [at 10¢ per page] | | $895.20 |
| Hotel Fee | | $1,564.15 |
| Lexis | Lexis – Nexis | $281.51 |
| Meals [re: Attorney/Staff working after hours or traveling] | Seamless Web Professional Solutions, Inc. | $551.65 |
| | Credit For Outside Printing CHG Inv. 133094 | -$1,661.80 |
| Report Fee | Ellen Grauer Court Reporting Co. | $1,903.65 |
| Search Fees | Pacer Service Center | $273.60 |
| Telephone Conference Call | | $263.20 |
| Long Distance Telephone | | $258.22 |
| Travel | | $3,263.00 |
| Word Processing Overtime | | $78.00 |
| Credit/Overpayment of Expenses to First Fee Application. | | -$352.73 |
| Total: | | $9,396.14 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:                                                              : Chapter 11
                                                                    :
                                                                    : Case No. 07-11047 (CSS)
American Home Mortgage Holdings, Inc., et al.[2]                    : (Jointly Administered)
                                                                    :
                              Debtors                               :
                                                                    :

---

## FOURTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD NOVEMBER 1, 2007 THROUGH NOVEMBER 30, 2007

TO:   THE HONORABLE CHRISTOPHER S. SONTCHI,
      UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the Court's approval of its Fourth monthly request for compensation and reimbursement of expenses as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") during the period of November 1, 2007 through November 30, 2007 (the "Compensation Period"), and in support thereof respectfully represents:

---

[2]   The Debtors in these cases, are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

1321417.v2

1. H&H submits this Fourth monthly application for allowance of $243,619.14 for services provided to the Committee during the Compensation Period consisting of (i) fees in the amount of $234,223.00, and (ii) out-of-pocket expenses in the amount of $9,396.14.

**Background**

2. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc., et al. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The Debtors have continued in the management and operation of their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Debtors' cases.

3. On August 14, 2007, the United States Trustee for the District of Delaware appointed the Committee, which is comprised of the following seven (7) members: Wilmington Trust Company; United Parcel Service, c/o The Receivable Management Services Corporation, Its Agent; The Bank of New York Trust Company, N.A.[3]; Deutsche Bank National Trust Co.; as Trustee; Nomura Credit & Capital, Inc.; Impac Funding Corporation; and Waldners Business Environments, Inc[4].

4. The Committee elected Wilmington Trust Company, as Trustee, and The Receivable Management Services Corporation, Agent for United Parcel Service, as Co-Chairpersons of the Committee. The Committee then selected H&H as its counsel, Blank Rome LLP as co-counsel, and BDO Seidman as financial advisors.

---

[3] The Bank of New York Trust Company resigned from the Committee and was replaced with Law Debenture Trust Company of New York pursuant to notice of the Office of the United States Trustee dated December 7, 2007.

[4] Waldner Business Environments, Inc. subsequently resigned from the Committee and has not yet been replaced.

5. Pursuant to an order of this Court dated November 28, 2007, a copy of which is annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee under a general retainer, effective as of August 14, 2007.

6. The attorneys at H&H with primary responsibility for the representation of the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each of whom is a partner at H&H. Mr. Schwartz is a 1973 graduate of Cornell University and a 1976 graduate of New York University School of Law. Mr. Indelicato is a 1982 graduate of New York University, Stern School of Business and a 1985 graduate of Fordham University School of Law. Mr. Power graduated in 1985 from George Washington University and earned his Juris Doctor in 1988 from Boston College Law School. In an effort to keep duplication of efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by Messrs. Schwartz, Indelicato and Power to separate and discrete tasks. Mr. Schwartz has particular expertise regarding issues involving counter-parties to financial contracts in subprime lending, and has been particularly involved in these cases in that area. Mr. Indelicato's and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights, with a substantial focus on representing creditors committees in Chapter 11 cases. As such, they are responsible for the day-to-day oversight of the case.

7. This Monthly Fee Application is submitted in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated September 4, 2007 [Docket No. 547] (the "Administrative Fee Order").

**Summary of H&H Services During the Compensation Period**

8. From the outset, these cases have been extremely active and challenging, with a multitude of substantial motions and adversary proceedings commenced during the first few weeks of the case. Applicant devoted considerable time and attention at the inception of its retention getting up to speed quickly on the underlying facts and be able to respond appropriately to the myriad of expedited matters filed in the case. During the month of November 2007, H&H expended 471.60 hours in connection with its services on behalf of the Committee. H&H submits that the services it has rendered to the Committee have been necessary and in the best interests of creditors and the Debtors' estates and have furthered the goals of all parties in interest. H&H's services concentrated in, but were not limited to, the following areas:

(a)    **General; Case Administration**

9. H&H expended 5.40 hours with respect to services under this category, for which total compensation amounts to $1,552.50. Applicant's services included review of docket regarding status updates and review of recently filed pleadings. Applicant also spent time attending to general administrative and case management matters and researched case law on the deferred compensation plan issues as well as e-mails regarding the proposed KERP.

(b)    **Creditors' Committee**

10. H&H expended 212.90 hours with respect to services under this category, for which total compensation amounts to $76,095.00. Applicant's services included reviewing the numerous motions filed by the Debtors and responses and/or objections filed to these motions. Pleadings were summarized for consideration by the Committee during our meetings. Applicant spent time conducting analysis and reviewing the KEIP plan and reviewing BDO's

report on the KEIP. Applicant's services included frequent communications with Committee members through telephone conferences, face-to-face meetings, e-mails and memoranda.

11. Applicant prepared for and participated in several meetings with the Committee, local counsel and BDO, to discuss strategy and vote on various matters before the Committee. Applicant also had multiple conference calls with Debtors and Debtors' counsel to address concerns raised by the Committee; and thereafter discussed results of these meetings with other parties-in-interest. Applicant's attorneys met frequently on multiple topics including, but not limited to, numerous pending motions, negotiations regarding objections to retentions, Societe Generale and Barton Capital Stipulation, examining Bank of America liens, examining UCC documents and issues of sale of assets.

(c) **Retentions**

12. H&H expended 7.50 hours with respect to services under this category, for which total compensation amounts to $3,324.50. Applicant's services included drafting and finalizing retention notice, application, and order of Trenwith and BDO. Applicant also spent with discussions regarding the retention of Trenwith and BDO, including the Committee's issues and concerns regarding the specific terms of their retention.

(d) **DIP and Cash Collateral/Investigation of Lien**

13. H&H expended 18.10 hours with respect to services under this category, for which total compensation amounts to $12,544.50. Applicant reviewed, revised and edited numerous drafts of the DIP agreement and interim order for servicing business. Applicant prepared for and participated in numerous teleconference calls, emails and conversations with debtors' counsel and Bank of America regarding issues related to funding, final draft of DIP order and proposed stipulation.

**(e)     Sale of Assets**

14.    H&H expended 109.50 hours with respect to services under this category, for which total compensation amounts to $71,741.50. Applicant spent time reviewing and analyzing various amendments of WLR asset purchase agreements for the sale of the Debtors servicing business and Countrywide's form purchase agreement for the purchase of mortgage servicing right related to its loan. Applicant also spent time participating in conferences, telephone conversations, and emails with Debtors' counsel and parties of interest relating to issues arising from the WLR asset purchase agreement including closing issues, Deutsche Bank's pending appeal and document revision. Applicant reviewed pleadings and case law in preparation for argument on stay pending appeal and attended hearings on the matter. Additionally, Applicant's attorneys communicated frequently through telephone conference, email and memoranda on sale of the construction loans, Countrywide sale confidentiality agreement and on topics concerning the foregoing.

**(f)     Professional Fees**

15.    H&H expended 7.50 hours with respect to services under this category drafting and revising H&H's first monthly fee application, Applicant also spent time reviewing and drafting summaries of non-committee professionals' fee applications, for which total compensation amounts to $3,312.50.

**(g)     Litigation**

16.    H&H expended 88.20 hours with respect to services under this category, for which total compensation amounts to $51,384.00. Credit Suisse First Boston ("CSFB"), Bear Sterns and Calyon commenced litigation immediately after the Petition Date to terminate the Debtors' servicing of their mortgage loans and requiring the Debtor to turn over all

documentation so that servicing could be transferred to a new servicer. Application reviewed all pleadings and related issues regarding these various litigations. Applicant attended the hearings and had discussion with counsel for all parties regarding the status of these various litigations and the issues central to each case. Applicant played a critical role in brokering a settlement between the Debtors and CSFB. Applicant also attended various court proceedings in relation the foregoing.

**(h)** **Plan and Disclosure Statement**

17. H&H expended 0.50 hours with respect to services under this category, for which total compensation amounts to 347.50. Applicant reviewed Debtors' objection to USB motion on stay and its potential effect on a Plan.

**(i)** **Employee Issues**

18. H&H expended 14.40 hours with respect to services under this category, for which total compensation amounts to $8,861.00. Applicant's services included review of, revise to and meetings concerning proposed order approving settlement of beneficiary litigation. Applicant had numerous correspondence with the Debtors', Committee and parties of interest professionals to resolve disputes regarding the intervention stipulation and WARN act issues.

**(j)** **Claims Administration**

19. H&H expended 0.10 hours with respect to services under this category, for which total compensation amounts to $32.50.

**(k)** **Investigation of Company**

20. H&H expended 7.50 hours with respect to services under this category, for which total compensation amounts to $5,027.50. Applicant's services included a preliminary

review of UCC searches and Debtors' statements of financial affairs in connection with transfers to Bank of America. Applicant also review and analyzed Bank of American's loan documents.

### H&H Fees for the Compensation Period

21. Under all of the criteria normally examined in Chapter 11 reorganization cases, H&H's total requested compensation of $234,223.00 is reasonable in light of the significant work performed by H&H to date. The hourly rate for each attorney and paraprofessional who performed the foregoing services on behalf of the Committee is set forth in detail in the prefixed Summary Cover Sheet.

22. Annexed hereto and made a part hereof as Exhibit "B" are computer-generated invoices taken from the timesheets maintained by the individuals who performed services during the Compensation Period. The invoices indicate the dates of and description of the services for which H&H seeks compensation, and the hours spent in performance of such services.

23. In certain instances, H&H's time records may indicate that two or more attorneys attended the same meeting or hearing. Where more than one attorney attended a meeting or hearing, it was due in part to the expertise related to a specific issue that one particular attorney was handling and/or because one attorney was more familiar with specific topics to be discussed or presented at the meeting or hearing. Applicant made every effort to minimize such dual attendance while at the same time assuring that the interests of the Committee and the creditor body was adequately represented. Applicant, therefore, believes that the time for both attorneys at such meetings and/or hearings are properly compensable.

24. Based on the above and in accordance with the Administrative Fee Order, H&H requests allowance of monthly compensation for November 2007 in the amount of

$234,223.00 and payment of $187,378.40 representing eighty percent (80%) of such compensation.

### Disbursements Incurred During the Compensation Period

25. The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period. Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet. H&H charges its clients $0.10 per page photocopying expense. Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page. Actual long-distance carrier charges for outgoing facsimile transmission are reflected in the long-distance telephone charges. H&H believes these expenses are reasonable and were necessarily made. H&H respectfully requests reimbursement thereof in the sum of $9,396.14.

26. In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

27. H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in H&H's billing system, or have not yet been billed by a third party vendor.

**WHEREFORE**, H&H respectfully requests that the Court enter an order allowing compensation in the amounts set forth herein and provide such other and further relief as may be just and equitable.

Dated:  New York, New York
March 20, 2008

>**HAHN & HESSEN LLP**
>Co-Counsel to The Official Committee of
>Unsecured Creditors of American Home Mortgage
>Holdings, Inc., et al. Debtors
>
>By: /s/ Mark T. Power
>Mark T. Power
>A Member of the Firm
>488 Madison Avenue
>New York, NY 10022
>(212) 478-7200
>(212) 478-7400 facsimile