# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, *et al.*, | |
| Debtors. | (Jointly Administered) |
| | Objection Deadline:  Apr. 7, 2008 |
| | Hearing Date: Apr. 14, 2008 @ 10:00 AM |

## MOTION OF WELLS FARGO BANK, N.A., AS SECURITIES ADMINISTRATOR, FOR RELIEF FROM THE AUTOMATIC STAY TO RECOVER A PAYMENT MADE IN ERROR TO ONE OF THE DEBTORS THROUGH RECOUPMENT, IMPOSITION OF A CONSTRUCTIVE TRUST, AND/OR AN EQUITABLE LIEN

Wells Fargo Bank, N.A., as the Securities Administrator ("*Wells Fargo*"), by and through its undersigned counsel, moves the United States Bankruptcy Court for the District of Delaware (the "*Court*") to grant it relief from the automatic stay pursuant to Sections 362(d), 553 and 105(a) of the United States Code, 11 U.S.C. §§ 101, et seq. (the "*Bankruptcy Code*"), and Rules 4001(a)(1) and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), to the extent necessary to recover a payment made in error to, and unjustly retained by, one of the Debtors through recoupment, the imposition of a constructive trust, and/or the imposition of an equitable lien against certain securities owned by one of the Debtors (the "*Motion*").  In support of the Motion, Wells Fargo states as follows:

### PRELIMINARY STATEMENT

1.      Wells Fargo made a payment in the amount of $462,049.83 to American Home Mortgage Investment Corp. ("*AHMIC*"), as a holder of a Class IV-M-4 Note (the "*Class IV-M-4 Note*") in the American Home Mortgage Investment Trust 2007-A & SD1 (the "*Trust*").  That

payment, however, was made in error, and should not have been made to AHMIC.  Wells Fargo

promptly notified AHMIC of the error and requested the immediate return of such payment to

the Trust.  Notwithstanding AHMIC's receipt of such requests, AHMIC has refused to return the

payment to the Trust.  Because AHMIC has refused to return such payment and the Debtors'

estates have been unjustly enriched at the expense of the Trust, Wells Fargo, on behalf of the

Trust, should be authorized to:  (a) recoup the payment from future distributions that become due

to AHMIC on account of its Trust Securities; (b) assert, enforce, and realize upon a constructive

trust imposed upon AHMIC's account(s) in which the payment, or proceeds thereof, were

deposited; and/or (c) assert, enforce, and realize upon an equitable lien on all securities listed on

the attached *Exhibit A* (the *"Securities"*) owned by AHMIC.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334.  Venue

is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.  This matter is a core

proceeding within the meaning of 28 U.S.C. §157(b)(2).

3.      The statutory predicates for the relief sought in this Motion are Sections 362(d),

553, and 105(a) of the Bankruptcy Code, and Rules 4001(a)(1) and 9014 of the Bankruptcy

Rules.

## FACTUAL BACKGROUND

4.      Wells Fargo is a party to that certain Indenture dated as of March 13, 2007, along

with American Home Mortgage Assets Trust 2007-A & SD1, as Issuing Entity, and Deutsche

Bank National Trust Company, as Indenture Trustee (the "*Indenture*") relating to the Trust.  A

copy of the Indenture is attached to this Motion as *Exhibit B* and a copy of the relevant

definitional appendix also is attached as *Exhibit C*.  All capitalized terms used, but not otherwise defined, in this Motion shall have the meanings ascribed to them in the Indenture.

5.      Pursuant to the terms of the Indenture, Wells Fargo maintains a custodial account that holds monetary remittances received from the relevant Servicer, which, after the payment of certain fees and expenses, are used to make payments to the holders of the Notes (the "*Available Funds*").  Wells Fargo additionally maintains a Reserve Fund and/or a Supplemental Reserve Fund for the benefit of the holders of the Notes.

6.      On or about March 26, 2007, Wells Fargo, based upon information received from the Servicers, prepared and delivered a statement to holders of the Notes that described, among other things, the amount of Available Funds, payments to be made to holders of Notes, and the balances in the Reserve Fund and the Supplemental Reserve Fund (the "*Statement*").  A copy of the Statement is attached hereto as *Exhibit D*.

7.      On or about March 26, 2007 (the "*Payment Date*"), Wells Fargo made a payment to AHMIC in the total amount of $462,049.83 (the "*Payment*") on account of the Class IV-M-4 Note held by AHMIC.

8.      Based on the Trust's payment waterfall and the amount of Available Funds, the Payment should never have been made to AHMIC on account of its Class IV-M-4 Note because no distributions were owing to any holders of Class IV-M-4 Notes at the time the Payment was made to AHMIC.  Moreover, AHMIC knew, or should have known, that it was very unlikely that any payments would be distributed to AHMIC for a substantial period of time on its Class IV-M-4 Note.

9.      On May 19, 2007, and again on July 29, 2007, Wells Fargo, on behalf of the Trust, notified AHMIC in writing that the Payment had been made in error to AHMIC because

no distributions were owing to holders of Class IV-M-4 Notes at the time the Payment was made to AHMIC, and requested in writing that AHMIC return the Payment to the Trust.

10.     On or about August 6, 2007 (the "*Petition Date*"), American Home Mortgage Holdings, Inc. and certain of its direct and indirect affiliates and subsidiaries, including AHMIC, filed voluntary bankruptcy petitions for relief under the Chapter 11 of the Bankruptcy Code with this Court.

11.     Prior to the Petition Date and since then, AHMIC respectively was, and continues to be, a holder of a number of different classes of Notes in the Trust, including, but not limited to, Class I-M2, Class I-M3, Class II-M5, Class II-M6, Class IV-M4, Class IV-M5, Class IV-M6 and OC1, OC2 and OC3 Notes (collectively, the *"Trust Securities"*).

12.     Since the Petition Date, Wells Fargo has, on a number of additional occasions, reminded AHMIC that the Payment was made in error, and requested that AHMIC return the full amount of the Payment to the Trust.

13.     Notwithstanding AHMIC's receipt of such notices that the Payment was made in error and that AHMIC was not entitled to receive a distribution on account of its Class IV-M-4 Note at the time the Payment was made, and AHMIC's receipt of such requests to return the Payment to the Trust, AHMIC has repeatedly refused to return the Payment to the Trust. As a result, AHMIC and AHMIC's bankruptcy estate have been unjustly enriched in at least the amount of the Payment.[1]

## ARGUMENT

14.     Wells Fargo seeks relief from the automatic stay to the extent necessary to recover the full amount of the Payment from AHMIC. The automatic stay may be terminated or

---

[1]     Wells Fargo has duly filed a Proof of Claim for the amount of the Payment reserving the right to seek equitable remedies to obtain its repayment.

otherwise modified for cause.  11 U.S.C. § 362(d).  In addition, a bankruptcy court has broad

discretion to "issue any order, process or judgment that is necessary or appropriate to carry out

the provisions of title 11." 11 U.S.C. § 105(a); *see also In re Joubert*, 411 F.3d 452 (3d Cir.

2005).  Such discretion enables it to "sift the circumstances . . . to see that injustice or unfairness

is not done in [the] administration of the bankrupt estate," as "[i]t is not the objective of the

bankruptcy laws to confer windfalls on debtors." *Pepper v. Litton*, 308 U.S. 295 (1939), *In re

Cybridge Corp.*, 312 B.R. 262, 272-73 (D. N.J.  2004).  A bankruptcy court also may grant

appropriate equitable relief where one party has been unjustly enriched at the expense of another.

*See gen. Lacks v. Fahmi*, 623 F.2d 254 (2d Cir. 1980); *Pierro v. Pierro*, 264 A.2d 692, 696 (Pa.

1970).  Based upon this broad discretion and for the reasons set forth herein, this Court should

grant this Motion.

A.    **The Payment May Be Recouped From Future Distributions That Become Due To AHMIC On Account Of The Trust Securities And The Securities**

15.    Recoupment is an equitable remedy that permits, without violating the automatic

stay, the offset of mutual debts when such respective debts arise under the same transaction.  *In

re HQ Global Holdings, Inc.*, 290 B.R. 78 (Bankr. D. Del. 2003); *Anes v. Dehart (In re Anes)*,

195 F.3d 177, 182 (3d Cir. 1999); *University Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973

F.2d 1065, 1081 (3d Cir. 1992).  Recoupment even permits the offset of pre-petition debts

against post-petition debts, so long as both debts arise from the same transaction.  *HQ*, 290 B.R.

at 81.  A creditor with a right of recoupment may recoup the full amount owed, to the exclusion

of other creditors.   *See In re Flagstaff Realty Associates*, 60 F.3d 1031, 1035 (3d Cir. 1995) (a

claim subject to recoupment avoids the usual bankruptcy channels and is given priority over

other creditors' claims); *see also In re B & L Oil Co.*, 782 F.2d 155, 159 (10th Cir.1986)

- 5 -

(recoupment appropriate where debtor received a windfall and was unjustly enriched by the receipt of mistaken overpayments).

16.     To determine whether respective debts arise under the same transaction, the Third Circuit applies the integrated transaction test. *University*, 973 at 1081; *Flagstaff*, 60 F.3d at 1035. This test requires that the respective debts arise out of a single integrated transaction. *University*, 973 F.2d at 1081; *Flagstaff*, 60 F.3d at 1035. In the bankruptcy context, this typically occurs when the respective debts arise under the same contract or otherwise arise out of a transaction for the same goods or services. *Id.*; *Lee v. Schweiker*, 739 F.2d 870, 875 (3d Cir. 1984). The rationale for the requirement that the respective debts arise under the same contract or out of the same transaction is that it is inequitable for a debtor to only assume the favorable aspects of a contract or transaction and then reject the unfavorable aspects of the same contract or transaction. *Lee*, 739 F.2d at 875.

17.     In the present case, this test has been satisfied. The respective debts of the Trust and AHMIC arise under the Indenture. In addition, the respective debts of the Trust and AHMIC arise out of the same transaction – distributions made, and to be made, from the Trust to AHMIC on account of its Trust Securities. It is inequitable to allow AHMIC to receive any further distributions on account of any Trust Securities held by AHMIC without also requiring AHMIC to return the full amount of the Payment, which AHMIC received on account of its Class IV-M-4 Note, to the Trust. Wells Fargo, on behalf of the Trust, therefore should be entitled to deduct and otherwise recoup the full amount of the Payment from an equal amount of any further distributions that become due to AHMIC on account of the Trust Securities without violating the automatic stay.

**B.**    **AHMIC's Unjust Enrichment From The Payment Should Result In The Imposition Of A Constructive Trust**

18.    A constructive trust is an equitable remedy that is used to prevent unjust enrichment. *Simonds v. Simonds*, 380 N.E.2d 189, 194 (N.Y. 1978). The right to impose a constructive trust is determined by state law. *Sanyo Elec., Inc. v. Howard's Appliance Corp. (In re Howard's Appliance Corp.)*, 874 F.2d 88, 93-94 (2d Cir. 1989). In this case, the Indenture is governed by the laws of the State of New York. *See* Indenture § 10.12. Pursuant to New York law, factors relevant to the imposition of a constructive trust are (a) a confidential or fiduciary relationship, (b) a promise, (c) a transfer in reliance on the promise, and (d) unjust enrichment. *Sharp v. Kosmalski*, 351 N.E.2d 721, 723 (N.Y. 1976). These factors, however, are simply guidelines and their rigid application is not required. *Matter of Estate of Knappen*, 237 A.D.2d 677, 678-79 (N.Y.App.Div. 1997); *Simonds*, 380 N.E.2d at 194. Because its ultimate purpose is to prevent unjust enrichment, a constructive trust may be imposed whenever necessary to satisfy the demands of justice or equity. *Knappen,* 237 A.D.2d at 678-79 (citations omitted); *see also Beatty v. Guggenheim Exploration Co.*, 122 N.E. 378, 381 (N.Y. 1919).

19.    This right to relief, however, does not require the performance of any unlawful or wrongful act by the one enriched. *Simonds*, 380 N.E.2d at 194; *Simonds v. Simonds,* 58 A.D.2d 305, 311 (N.Y.App. Div. 1977). Rather, what is required is that the enriched party holds property "under such circumstances that in equity and good conscience [it] ought not to retain it." *Id., citing Miller v. Schloss*, 113 N.E. 337, 339 (N.Y. 1916). Under the principle of unjust enrichment, a party may not retain payments mistakenly made by another, to which it is not entitled. *In re T.R. Acquisition Corp.*, 309 B.R. 830, 841 (S.D.N.Y.2003) (applying New York law). Therefore, a constructive trust may be imposed upon any property transferred by mistake. *Simonds*, 58 A.D.2d at 311.

20.     In this case, the Payment was made in error to AHMIC.  When the Payment was made, no holder of a Class IV-M-4 Note, including AHMIC, was entitled to receive any distributions on account of their Class IV-M-4 Note.  Upon determining that the Payment had been made in error, Wells Fargo promptly notified AHMIC in writing of the erroneous distribution, and requested that the Payment be returned immediately to the Trust.  Nevertheless, AHMIC has since ignored repeated notices and requests, and continues to refuse to return the Payment to the Trust.  In order to prevent AHMIC from being unjustly enriched from this significant and wrongfully withheld windfall, Wells Fargo, on behalf of the Trust, should be entitled to the imposition of a constructive trust over the account(s) into which AHMIC deposited the Payment.[2]

### C.     AHMIC's Unjust Enrichment From The Payment Should Result In The Imposition Of An Equitable Lien Benefiting The Trust

21.     For the same or similar reasons, Wells Fargo is entitled to an equitable lien on all of the Securities owned by AHMIC.  Generally, an equitable lien is created where an agreement, express or implied, exists that a party shall have a lien.  *Castelli v. Walton Lake Country Club*, 112 N.Y.S.2d 179 (N.Y. 1952).  However, an equitable lien may be imposed absent any such agreement to avoid injustice or inequity, or where there might otherwise be no relief to the injured party.  *In re Friedlander's Estate*, 32 N.Y.S.2d 991 (N.Y.Sur. 1941); *Nachazel v. Mira Co., Mfg.,* 466 N.W.2d 248 (Iowa 1991).  Such relief may be imposed where the one asserting the lien has provided money for the purchase, preservation, or enhancement of property.  *McGillis v. McGillis*, 154 N.Y. 532 (N.Y. 1898); *Towner v. Berg*, 172 N.Y.S 2d 258

---

[2]     The Third Circuit has held that property subject to a constructive trust is excluded from the debtor's estate under Section 541(d) of the Bankruptcy Code.  *In re Columbia Gas Systems, Inc.*, 997 F.2d 1039, 1059 (3d Cir. 1993); *see also In re Berry*, 147 F. 208 (2d Cir. 1906) ("the money in dispute never belonged to the bankrupts, and their creditors, upon broad principles of equity, have no more right to it than if the [mistaken payment] had never taken place.").

(N.Y.App.Div. 1958); *Friedlander*, 32 N.Y.S.2d at 996; *Castelli*, 112 N.Y.S.2d at 182.  In this case, Wells Fargo made such payments of money to AHMIC on account of the Securities. Moreover, the imposition of an equitable lien on all of the Securities is essential to avoid further injury and injustice to the Trust since distributions on only the Trust Securities may not fully reimburse the Trust.  To permit AHMIC to continue to receive the benefit of the Securities at the expense of the Trust constitutes a manifest injustice.  The imposition of an equitable lien upon all of the Securities held by AHMIC helps to insure that AHMIC will not further benefit from its unjust enrichment, and that Wells Fargo, on behalf of the Trust, may be fully reimbursed for the full amount of the Payment.

## CONCLUSION

Based on the foregoing, Wells Fargo respectfully requests that this Court enter an order granting Wells Fargo, on behalf of the Trust:  (a) relief from the automatic stay to recoup the Payment from future distributions that become due to AHMIC with respect to the Securities, including but not limited to the Trust Securities; (b) relief from the automatic stay to impose, and realize upon, a constructive trust over the Payment and any and all proceeds derived from the Payment; (c) relief from the automatic stay to assert and enforce an equitable lien on the Securities, including the Trust Securities, held by AHMIC, until the full amount of the Payment is recovered by the Trust; and/or (d) such other and further relief as this Court deems just, equitable, and proper.

[Remainder of page intentionally left blank.]

Dated:  March 24, 2008

__/S/ TODD C. SCHILTZ_____

**WolfBlock LLP**
Todd C. Schiltz (#3253)
1100 North Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 777-0312
tschiltz@wolfblock.com


and


**CHAPMAN AND CUTLER LLP**
Franklin H. Top, III
111 West Monroe Street
Chicago, IL 60603
Telephone:  (312) 845-3824
top@chapman.com

*Attorneys for Wells Fargo Bank, N.A., as Securities
Administrator*