UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

*FILED*

2008 MAR 24  AM 10: 28

US BANKRUPTCY CLERK
DISTRICT OF DELAWARE

IN RE:

Case No. 07-11047 (CSS)
Chapter 11

Jointly Administered
Doc Ref Nos:

AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corporation,
et al.,[1]

Debtor(s).

## AFFIDAVIT IN SUPPORT OF
## ORDINARY COURSE PROFESSIONAL

STATE OF FLORIDA                          )
                                          ) SS:
COUNTY OF HILLSBOROUGH                    )

BEFORE ME, the undersigned authority, on this day personally appeared Steven G.

Powrozek, being duly sworn on her/his oath deposes and says:

1.    I am an attorney with Shapiro & Fishman, LLP, (the "Firm"), which maintains offices

at: 10004 N. Dale Mabry Hwy, Suite 112, Tampa, FL 33618.

2.    This Affidavit is submitted in connection with an Order of the United States

Bankruptcy Court for the District of Delaware, entered on or about September 7, 2007, authorizing

the above-captioned debtors and debtors in possession (collectively, the "Debtors") to employ and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. (Homegate), a New York corporation (7491); and Great Oak Abstract Corp. (Great Oak), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 46000 Regent Blvd, Suite 200, Irving, Texas 75063.

compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 classes.

3.      Prior to the filing of the petitions which initiate the above-captioned cases, the Firm has represented and advised the Debtors as counsel in various mortgage foreclosure actions in the state of Florida. In addition, from time to time, the Firm may have represented the Debtors in various consumer bankruptcy cases filed in the state of Illinois where one of the Debtors herein was a creditor. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these Chapter 11 cases.

4.      The Firm's current customary rates, subject to change from time to time, are in compliance with the rates published by Federal Nation Mortgage Association, the Federal Housing Authority and Secretary for Veterans Affairs for work of that nature. From time to time, and in normal course of its business, the Firm revises its billing rates to remain in compliance with those published rates. To the extent that the Firm and a client mutually agree to handle a matter on an hourly basis, the applicable hourly rate charged by the firm is $150.00, or any such other figure as the firm and the client. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the firm's present and past presentations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2024(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The firm's search of the database identified the following connections: NONE

5.      The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in the interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

6.      Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be

received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

7.    Neither I nor any principal, partner, director, officers, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8.    Prior to the filing of the above-captioned cases, the Firm was employed by Debtors. The Debtors owe the Firm $1,535.00 for pre-petition services and expenses. If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm will not waive the petition claim or claims.

9.    The Firm is conducting further inquires regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10.    I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the forgoing is true and correct. Executed on this 19th day of March, 2008.

_____
Steven G. Powrozek
Affiant

Sworn to and subscribed before me
this 19th day of March,
2008.

_____
Notary Public