**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Case No. 07-11047 (CSS) |
| | : Jointly Administered |
| Debtors. | : **Ref. Docket Nos.: 3167** |

**CERTIFICATION OF COUNSEL REGARDING ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF PRICEWATERHOUSECOOPERS LLP AS DEBTORS' TAX ADVISORS, *NUNC PRO TUNC* TO FEBRUARY 12, 2008**

On March 5, 2008, the above-captioned debtors and debtors-in-possession (collectively, "AHM" or the "Debtors"), in the above-captioned jointly administered cases by and through their undersigned attorneys, filed the Debtors' Application Pursuant to Section 327(a) and 328(a) of the Bankruptcy Code for Order Authorizing the Employment and Retention of PricewaterhouseCoopers LLP ("PwC") as Debtors' Tax Advisors, *Nunc Pro Tunc* to February 12, 2008 (the "Application") [D.I. 3167].

On or about March 20, 2008, the Office of the United States Trustee (the "Trustee") contacted the Debtors and expressed an informal objection as to the extent of the

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Modified Indemnification Provision and the scope of the services to be rendered by PwC pursuant to the Application and Engagement Letter.[2]

As a result of discussions between the Debtors, PwC and the Trustee, a consensual resolution with respect to the Trustee's informal objection was reached, the terms of which are reflected in the revised proposed form of order (the "Revised Order"), attached hereto as Exhibit A. For the Court's convenience, a blackline of the Revised Order is also attached hereto as Exhibit B. The Revised Order was provided to the Official Committee of Unsecured Creditors (the "Committee") prior to the filing of this Certification. The Committee has consented to the terms of the Revised Order. No other objections or responses to the Application were received by the Debtors.

WHEREFORE, the Debtors respectfully requests that the Court enter the Revised Order attached hereto as Exhibit A, without further notice or hearing at the Court's earliest convenience.

Dated: Wilmington, Delaware
March 25, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

2 All capitalized terms not herein defined shall have the meaning ascribed to them in the Application.

**Exhibit A**

**Revised Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | **Ref. Docket No.: 3167 & ______** |

**ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING DEBTORS' EMPLOYMENT AND RETENTION OF PRICEWATERHOUSECOOPERS LLP AS DEBTORS' TAX ADVISORS, *NUNC PRO TUNC* TO FEBRUARY 12, 2008**

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, authorizing the Debtors to retain and employ PwC as their tax advisors in these chapter 11 cases *nunc pro tunc* to February 12, 2008; and upon consideration of the Application and all pleadings related thereto, including the Geppel Affidavit; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134 and (b) this matter is a core proceeding within the meaning of 28 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

§ 157(b)(2); and it appearing that PwC neither holds nor represents any interest adverse to the Debtors or their estates; and it further appearing that PwC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and as required by section 327 of the Bankruptcy Code; and the Court being satisfied that the employment and retention of PwC is in the best interests of the Debtors, their estates and their creditors; and due and proper notice of the Application having been given; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing thereof, it is hereby:

ORDERED, that the Application is GRANTED to the extent set forth herein; and it is further

ORDERED, that the Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, to retain PwC as their tax advisors, *nunc pro tunc* to February 12, 2008, pursuant to the terms and conditions set forth in the Application and the Engagement Letter, attached hereto as Exhibit A; and it is further

ORDERED, that notwithstanding section 14(q) of the Application or similar provision in the Engagement Letter, PwC shall not render such other tax advice or perform such other related duties as may be requested by the Debtors to further assist in the administration of the Debtors' bankruptcy estates without prior authorization from the Court after notice and a hearing; and it is further

ORDERED, that PwC shall be compensated for its services and reimbursed for any related expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders or procedures of the Court; and it is further

ORDERED, that PwC shall file interim and final applications for allowance of its

compensation and expenses with respect to the services rendered to the Debtors in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of the Court; provided, however, that PwC may submit time records in half-hour increments; and it is further

ORDERED, that notwithstanding the Engagement Letter, the Indemnification Provision is modified to the extent set forth below (the "Modified Indemnification Provision"):

a. PwC shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than those described in the Engagement Letter, unless such services and indemnification therefore are approved by the Court;

b. The Debtors shall have no obligation to indemnify PwC, or provide contribution or reimbursement to PwC, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from PwC's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of PwC's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which PwC should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, PwC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, PwC must file an application therefore in this Court, and the Debtors may not pay any such amounts to PwC before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by PwC for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to

> indemnify PwC. All parties in interest shall retain the right to object to any demand by PwC for indemnification, contribution or reimbursement;

and it is further

ORDERED, that notwithstanding anything in the Application, the exhibits thereto, or this Order to the contrary, the Debtors are not authorized to indemnify PwC for tax preparation services rendered by PwC; namely, (i) preparation of Federal and State Partnership income tax returns for Bayliss Trust, (ii) preparation or review of Form 1120 REIT or Form 1120 for American Home Mortgage Investment Corp. and subsidiaries for the year ended December 31, 2007 and subsequent year ending in 2008, including related research and consultation, (iii) preparation or review of Form 1120 for American Home Mortgage Holdings, Inc. and subsidiaries for the year ended December 31, 2007, and subsequent year ending in 2008, including related research and consultation, and (iv) preparation or review of state income tax returns for American Home Mortgage Investment Corp., and subsidiaries and American Home Mortgage Holdings, Inc., and subsidiaries for the year ended December 31, 2007 and subsequent year ending in 2008, including related research with respect to filing issues; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

Dated: Wilmington, Delaware
March ___, 2008

________________________________
Christopher S. Sontchi
United States Bankruptcy Judge

**Exhibit A**

**Engagement Letter**

PRICEWATERHOUSECOOPERS

PricewaterhouseCoopers LLP
PricewaterhouseCoopers Center
300 Madison Avenue
New York NY 10017
Telephone (646) 471 3000
Facsimile (813) 286 6000

February 12, 2008

Mr. Alan Horn
Executive Vice President & General Counsel
American Home Mortgage Corporation
538 Broadhollow Road
Melville, NY 11747

Dear Mr. Horn:

This letter confirms that PricewaterhouseCoopers LLP ("we" or "us" or "PwC") is pleased to be engaged to provide the services described below to American Home Mortgage Corporation ("AHM" or "you" or "Client").

**Scope of Our Services**

You are engaging us to provide the following services (the "Services"):

- Review of the calculation of taxable income for American Home Mortgage Investment Corp for the year ended December 31, 2007 and subsequent year end in 2008 including related research and consultation with respect to, but not limited to, the following; Federal Excise Tax, New York State tax issues, Excess Inclusion Income, Spillback dividends, 2007 dividends and 2008 dividends.
- Research and consultation with respect to, but not limited to, the following; tax return filing issues with respect to trust Preferred securities, amortization of mortgage servicing rights, REMIC issues, tax accounting with respect to inter-company transactions, REIT compliance and principal only strips, REIT compliance and swaps, IRC 382 and built-in gains and taxable mortgage pool issues.
- Preparation of Federal and State Partnership Income tax returns for Bayliss Trust.
- Research and consultation with respect to federal and state income tax issues regarding multi series joint ventures or other joint ventures of American Home Mortgage Investment Corp. or American Home Mortgage Holdings, Inc. and subsidiaries.
- Research, consultation and preparation of calculations with respect to Premium amortization, Discount accretion, Original Issue Discount, Excess Inclusion Income and Securitization taxable income.
- Due diligence, consultation and research with respect to proposed divestures.
- Research and consultation with respect to New York State Sales and Use tax audits and consultation on issues including reviewing and filing for potential refund claims.
- Research and consultation with respect to preparation of foreign Trust tax returns.
- Research and consultation with respect to potential loan and /or securities sales.
- Preparation or review of Form 1120 REIT or Form 1120 for American Home Mortgage Investment Corp. and subsidiaries for the year ended December 31, 2007 and subsequent year ending in 2008, including related research and consultation.

PRICEWATERHOUSECOOPERS



- Preparation or review of Form 1120 for American Home Mortgage Holdings, Inc. and subsidiaries for the year ended December 31, 2007, and subsequent year ending in 2008, including related research and consultation.
- Research and consultation with respect to REIT compliance pursuant to Internal Revenue Code Sections 856 through 858 and other referenced or applicable code sections.
- Research, consultation and preparing responses with respect to Federal, state and local income tax notices received from taxing authorities.
- Preparation or review of state income tax returns for American Home Mortgage Investment Corp. and subsidiaries and American Home Mortgage Holdings, Inc. and subsidiaries for the year ended December 31, 2007, and subsequent year ending in 2008, including related research with respect to filing issues.
- Representation, research and consultation with respect to income tax audits.
- Research, consultation and the filing of claims for refund with respect to the New York State Mortgage recording tax.
- Render such other tax advice or perform such other related duties as may be requested by the Client to further assist in the administration of the Client's bankruptcy estates.

With regard to the preparation/review of tax returns, we reserve the right to request an extension to file such returns.

**Ownership and Use**

We are providing these Services solely for your use and benefit and pursuant to a client relationship exclusively with you. We disclaim any contractual or other responsibility to others based upon these Services or upon any deliverables or advice we provide.

You will own all tangible written material delivered to you under this engagement letter, except as follows: PwC will own its working papers and preexisting materials and any general skills, know-how, processes, or other intellectual property (including a non-client specific version of any deliverables) which may have been discovered or created by PwC as a result of its provision of the Services. You will have a nonexclusive, non-transferable license to use such materials included in the deliverables for your own use as part of such deliverables.

**Our Responsibilities**

We will perform the Services in accordance with the Statements on Standards for Tax Services established by the American Institute of Certified Public Accountants. Accordingly, we will not provide an audit or attest opinion or other form of assurance, and we will not verify or audit any information provided to us. Any spreadsheets or software tools that PwC provides to Client are for Client's convenience and are provided as is. PwC will not be responsible for results obtained by anyone other than PwC from the use of those items.

**Your Responsibilities**

You are responsible for all management functions and decisions relating to this engagement, including evaluating and accepting the adequacy of the scope of the Services in addressing your needs. You





are also responsible for the results achieved from using any Services or deliverables, and it is your responsibility to establish and maintain internal controls. You will designate a competent member of your management to oversee the Services.

We expect that you will provide timely, accurate and complete information and reasonable assistance, and we will perform the engagement on that basis.

**Fees and Expenses**

Our fee is based on the time required by our professionals to complete the engagement. Individual hourly rates vary according to the experience and skill required. Below are our hourly rates by level:

| | |
|---|---|
| Partner | $700 |
| Managing Director | $585 |
| Director | $485 |
| Manager | $380 |
| Senior Associate | $285 |
| Associate | $205 |

Hourly rates may be revised from time to time, and the adjusted rates will be reflected in billings.

We will also bill AHM for all reasonable costs and expenses associated with our personnel complying with the requirements of the Bankruptcy Code, Court Orders or applicable guidelines set forth by the United States Trustee which shall include, but are not limited to, completing the appropriate retention documents, affidavit of disinterestedness and fee application.

We also will bill AHM for our reasonable out-of-pocket expenses, including, but not limited to, the costs of transportation, lodging, working meals, telephone, photocopying and messenger services, and our internal per ticket charges for booking travel. Our internal per ticket travel charge is an allocation of estimated costs of running our travel department in a manner to maximize cost savings.

The amount of our fee is based on the assumption that we will receive the information and assistance as detailed throughout this agreement. In the event we believe an additional fee is required as the result of the failure of AHM to meet any of these requests or for any other reason, we will inform you promptly.

**Payment Schedule**

Any and all fees and expenses are subject to Bankruptcy Court approval and shall be paid in accordance with sections 328, 330 and 331 of the Bankruptcy Code, such Federal Rules of Bankruptcy Procedure as may be applicable and rules or procedures fixed by the Bankruptcy Court.

**Termination and Dispute Resolution**

Either party may terminate the Services by giving written notice to that effect.

PRICEWATERHOUSECOOPERS



During the Bankruptcy proceedings, the dispute resolution provisions are as follows:

1. The Client and PwC have agreed, subject to the Bankruptcy Court's approval of this Application, that: (1) any controversy or claim with respect to, in connection with, arising out of, or in any way related to this Application or the services provided by PwC to the Client as outlined in this Application, including any matter involving a successor in interest or agent of any of the Client or of PwC, shall be brought in the Bankruptcy Court or the District Court for the District of Delaware if such District Court withdraws the reference; (2) PwC and the Client and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole and exclusive forum (unless such court does not have or retain jurisdiction over such claims or controversies) for the resolution of such claims, causes of actions or lawsuits; (3) PwC and the Client, and any and all successors and assigns thereof, waive trial by jury, such waiver being informed and freely made; (4) if the Bankruptcy Court or the District Court do not have or retain jurisdiction over the foregoing claims and controversies, PwC and the Client, and any and all successors and assigns thereof, will submit first to non-binding mediation; and, if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures set forth in Exhibit A to this letter; and (5) judgment on any arbitration award may be entered in any court having proper jurisdiction.

2. Further, PwC has agreed not to raise or assert any defense based upon jurisdiction, venue, abstention or otherwise to the jurisdiction and venue of the Bankruptcy Court or the District Court for the District of Delaware (if such District Court withdraws the reference) to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to this letter or the services provided hereunder.

If the Client emerges from the Bankruptcy proceedings, this engagement letter and any dispute relating to the Services will be governed by and construed, interpreted and enforced in accordance with the laws of the State of New York, without giving effect to any provisions relating to conflict of laws that would require the laws of another jurisdiction to apply.

**Indemnification**

You agree to indemnify and hold us harmless from and against any and all third party claims resulting from any of the Services or Deliverables under this agreement, except to the extent determined to have resulted from our gross negligence or other intentional misconduct relating to such Services and/or Deliverables.

**Regulatory Matters**

Notwithstanding anything to the contrary in this agreement, you have no obligation of confidentiality with respect to any materials, advice or portions of Deliverables to the extent they concern the tax structure or tax treatment of any transaction.

**Other Written Advice.** Based on our discussions, it is anticipated that the written advice PricewaterhouseCoopers provides during the course of this engagement will be Other Written Advice as defined by Circular 230. Accordingly, unless otherwise prohibited or we agree to issue a Covered Opinion as defined by Circular 230, our written advice may include a disclosure stating

PRICEWATERHOUSECOOPERS



that the advice was not intended or written to be used, and it cannot be used, for the purpose of avoiding tax penalties that may be imposed. Our advice will contain any other disclosures required by Circular 230.

**Tax Return Disclosure and Tax Advisor Listing Requirements.** Treasury Regulations Section 1.6011-4 requires that taxpayers disclose to the IRS their participation in certain reportable transactions. Additionally, certain states have adopted rules with purposes similar to Treasury Regulations under Internal Revenue Code Section 6011. You agree to advise us if you determine that any matter covered by this agreement is a reportable transaction that is required to be disclosed under Section 1.6011-4, or is a transaction requiring disclosure to a particular state under such state's particular statutes or regulations.

Similar rules under Internal Revenue Code Sections 6111 and 6112 require that we submit information returns and maintain lists of certain client engagements if we are material advisors to clients that have participated in a reportable transaction. Additionally, certain states have adopted rules similar in scope to Internal Revenue Code Sections 6111 and 6112, thereby creating similar registration and list maintenance requirements in those states. Therefore, if we determine, after consultation with you, that you have participated in a transaction causing us to have a registration and/or list maintenance obligation, we will place your name and other required information on a list. We will contact you if we are required to provide your name to the IRS or any state in connection with any matter under this agreement.

**Internal Revenue Code Section 6694 Preparer Standards.**

In order for PricewaterhouseCoopers to review or provide advice with respect to a federal tax return or claim for refund due after December 31, 2007 (including extensions) without disclosure, positions of which we are aware must have a more likely than not likelihood of prevailing on the merits. If a position does not meet the "more likely than not" standard, but has a reasonable basis, we will advise you about required disclosures and your penalty exposure, if any. If it is concluded that disclosure is required, we will advise you about the form of disclosure necessary.

With respect to positions that do not clearly meet the more likely than not standard, our work will include discussions with you regarding the particular position and may require consultation with a PricewaterhouseCoopers subject matter specialist to reach and document the level of technical support for the position. We will discuss with you any additional fees that may be incurred as a result of complying with these requirements.

Several states also have standards regarding positions taken on returns and claims for refund. For instance, California has a standard similar to the federal standard that applies to certain California tax returns. We will discuss these issues with you as appropriate.

**Other Matters**

By entering into this engagement letter, you are binding to its terms your subsidiaries and affiliates to the extent you have the authority to do so; we disclaim any contractual or other responsibility to any other subsidiaries and affiliates. You agree we may use your name in experience citations and recruiting materials. This engagement letter supersedes any prior understandings, proposals or

PRICEWATERHOUSECOOPERS



agreements with respect to the Services, and any changes must be agreed to in writing.

* * * * *

We are pleased to have the opportunity to provide services to you. If you have any questions about the contents of this letter, please discuss them with Tom Geppel at 646-471-3078 or Greg Fetter at 646-471-1202. If the Services and terms outlined in this letter are acceptable, please sign one copy of this letter in the space provided and return it to the undersigned.

Very truly yours,

PricewaterhouseCoopers LLP

PricewaterhouseCoopers LLP

By: Tom Geppel

**Tom Geppel**

**ACKNOWLEDGED AND AGREED:**

**American Home Mortgage Corporation, on behalf of its subsidiaries and affiliates**

**Signature of client official:** ______________________

**Please print name:** ______________________

**Title:** ______________________

**Date:** ______________________

# EXHIBIT A

## Dispute Resolution Procedures

The following procedures shall be used to resolve any controversy or claim ("dispute") as provided in this Agreement. If any of these provisions are determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding on the parties to the fullest extent permitted by law.

### Mediation

A dispute shall be submitted to mediation by written notice to the other party or parties. In the mediation process, the parties will try to resolve their differences voluntarily with the aid of an impartial mediator, who will attempt to facilitate negotiations. The mediator will be selected by agreement of the parties. If the parties cannot agree on a mediator, a mediator will be designated by the American Arbitration Association ("AAA") or JAMS/Endispute at the request of a party. Any mediator so designated must be acceptable to all parties.

The mediation will be conducted as specified by the mediator and agreed upon by the parties. The parties agree to discuss their differences in good faith and to attempt, with the assistance of the mediator, to reach an amicable resolution of the dispute.

The mediation will be treated as a settlement discussion and therefore will be confidential. The mediator may not testify for either party in any later proceeding relating to the dispute. No recording or transcript shall be made of the mediation proceedings.

Each party will bear its own costs in the mediation. The fees and expenses of the mediator will be shared equally by the parties.

### Arbitration

If a dispute has not been resolved within 90 days after the written notice beginning the mediation process (or a longer period, if the parties agree to extend the mediation), the mediation shall terminate and the dispute will be settled by arbitration. The arbitration will be conducted in accordance with the procedures in this document and the Arbitration Rules for Professional Accounting and Related Services Disputes of the AAA ("AAA Rules').

**Exhibit B**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[7] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | **Ref. Docket No. : 3167** |

**ORDER PURSUANT TO SECTIONS 327(a) AND 328(ba) OF THE BANKRUPTCY CODE AUTHORIZING DEBTORS' EMPLOYMENT AND RETENTION OF PRICEWATERHOUSECOOPERS LLP AS DEBTORS' TAX ADVISORS, *NUNC PRO TUNC* TO FEBRUARY 12, 2008**

Upon consideration of the application (the "Application")[8] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, authorizing the Debtors to retain and employ PwC as their tax advisors in these chapter 11 cases *nunc pro tunc* to February 12, 2008; and upon consideration of the Application and all pleadings related thereto, including the Geppel Affidavit; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134 and (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that PwC neither holds nor represents any interest adverse to the

[7] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.□

[8] Capitalized terms not otherwise defined herein have the meanings given to them in the Application

Debtors or their estates; and it further appearing that PwC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and as required by section 327 of the Bankruptcy Code; and the Court being satisfied that the employment and retention of PwC is in the best interests of the Debtors, their estates and their creditors; and due and proper notice of the Application having been given; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing thereof, it is hereby:

ORDERED, that the Application is GRANTED to the extent set forth herein; and it is further

ORDERED, that the Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, to retain PwC as their tax advisors, *nunc pro tunc* to February 12, 2008, pursuant to the terms and conditions set forth in the Application and the Engagement Letter, attached hereto as Exhibit A; and it is further

ORDERED, that notwithstanding section 14(q) of the Application or similar provision in the Engagement Letter, PwC shall not render such other tax advice or perform such other related duties as may be requested by the Debtors to further assist in the administration of the Debtors' bankruptcy estates without prior authorization from the Court after notice and a hearing; and it is further

ORDERED, that PwC shall be compensated for its services and reimbursed for any related expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders or procedures of the Court; and it is further

ORDERED, that PwC shall file interim and final applications for allowance of its compensation and expenses with respect to the services rendered to the Debtors in accordance

with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of the Court; provided, however, that PwC may submit time records in half-hour increments; and it is further

ORDERED, that notwithstanding the Engagement Letter, the Indemnification Provision is modified to the extent set forth below (the "Modified Indemnification Provision"):

a. PwC shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than those described in the Engagement Letter, unless such services and indemnification therefore are approved by the Court;

b. The Debtors shall have no obligation to indemnify PwC, or provide contribution or reimbursement to PwC, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from PwC's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of PwC's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which PwC should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, PwC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, PwC must file an application therefore in this Court, and the Debtors may not pay any such amounts to PwC before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by PwC for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify PwC. All parties in interest shall retain the right to object to

any demand by PwC for indemnification, contribution or reimbursement;

and it is further

ORDERED, that notwithstanding anything in the Application, the exhibits thereto, or this Order to the contrary, the Debtors are not authorized to indemnify PwC for tax preparation services rendered by PwC; namely, (i) preparation of Federal and State Partnership income tax returns for Bayliss Trust, (ii) preparation or review of Form 1120 REIT or Form 1120 for American Home Mortgage Investment Corp. and subsidiaries for the year ended December 31, 2007 and subsequent year ending in 2008, including related research and consultation, (iii) preparation or review of Form 1120 for American Home Mortgage Holdings, Inc. and subsidiaries for the year ended December 31, 2007, and subsequent year ending in 2008, including related research and consultation, and (iv) preparation or review of state income tax returns for American Home Mortgage Investment Corp., and subsidiaries and American Home Mortgage Holdings, Inc., and subsidiaries for the year ended December 31, 2007 and subsequent year ending in 2008, including related research with respect to filing issues; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

Dated: Wilmington, Delaware
March ___, 2008

______________________________
Christopher S. Sontchi
United States Bankruptcy Judge

Document comparison done by Workshare DeltaView on Tuesday, March 25, 2008 9:29:48 AM

| **Input:** | |
|---|---|
| Document 1 | interwovenSite://WSDMS/DB02/6571635/4 |
| Document 2 | interwovenSite://WSDMS/DB02/6571635/5 |
| Rendering set | standard |

| **Legend:** | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| **Statistics:** | |
|---|---|
| | Count |
| Insertions | 13 |
| Deletions | 9 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 22 |