# EXHIBIT C

HENNIGAN, BENNETT & DORMAN LLP

LAWYERS

865 SOUTH FIGUEROA STREET

SUITE 2900

LOS ANGELES, CALIFORNIA 90017

TELEPHONE (213) 694-1200
FACSIMILE (213) 694-1234

DIRECT PHONE (213) 694-1012
BENNETTB@HBDLAWYERS.COM

March 3, 2008

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Mr. James J. McGinley
Co-Chair of the Official Committee of
Unsecured Creditors
Wilmington Trust Company
520 Madison Avenue, 33rd Floor
New York, NY 10022

> **Re:**  *Retainer Agreement Between Hennigan, Bennett & Dorman LLP and The Official Committee of Unsecured Creditors of American Home Mortgage Holdings, Inc., et al.*

Dear Mr. McGinley:

This letter sets forth the terms and conditions upon which Hennigan, Bennett & Dorman LLP ("HB&D" or "us") will represent the Official Committee of Unsecured Creditors (the "Committee" or "you") of American Home Mortgage Holdings, Inc., et al. (collectively, the "Debtors"), in the Debtors' bankruptcy cases being jointly administered as *In re American Home Mortgage Holdings, Inc., et al.* (collectively, the "Bankruptcy Cases") in the United States Bankruptcy Court, District of Delaware (the "Bankruptcy Court") under Case No. 07-11047 (CSS) as its special conflicts counsel. Although HB&D's employment by the Committee is subject to the approval of the Bankruptcy Court, in light of the need for the Committee to, among other things, comply with agreed upon deadlines related to certain of the BofA Matters described below, the Committee asked HB&D to commence work beginning on March 3, 2008, with the expectation that HB&D's engagement as special conflicts counsel will be subsequently approved by the Bankruptcy Court with an effective date no later than March 3, 2008.

> **A.**    **Scope of Engagement**

HB&D will serve as special conflicts counsel to the Committee and will render such ordinary and necessary legal services as may be required in connection with the following:

Hᴇɴɴɪɢᴀɴ, Bᴇɴɴᴇᴛᴛ & Dᴏʀᴍᴀɴ ʟʟᴘ

Mr. McGinley
March 3, 2008
Page 2

      1.      Any matter in which the Committee may be adverse to Bank of America, N.A. ("BofA"), including any matter relating to the Debtors' use of BofA's cash collateral and the investigation of the extent, validity and priority of BofA's asserted security interests in the Debtors' assets (collectively, the "BofA Matters");

      2.      Any matter in which the Committee may be adverse to JPMorgan Chase (collectively, the "JPMorgan Chase Matters");

      3.      Representing the Committee in other bankruptcy and/or commercial litigation matters in the Bankruptcy Court or other courts having jurisdiction over particular matters; and

      4.      Such other advice and representation as may be necessary or appropriate in the Bankruptcy Cases concerning the foregoing.

HB&D's employment as special conflicts counsel does not include the provision of advice with respect to matters involving taxation, securities, environmental, labor, criminal, real estate, or other specialized areas of law. Finally, the limited scope of our employment as the Committee's special conflicts counsel does not include giving attention to, forming professional opinions as to, or advising you with respect to, disclosure obligations under federal securities or other nonbankruptcy laws or agreements. Should you decide to expand the scope of HB&D's representation with respect to this matter, a separate written agreement and, potentially Bankruptcy Court approval, will be necessary.

      **B.**      **Financial Arrangements.**

You have agreed to pay HB&D a reasonable fee for its services and to reimburse HB&D for the costs and expenses charged to its account with respect to this engagement as provided for in title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure.

During the course of the Bankruptcy Cases, HB&D will request the payment of monthly interim compensation from the Debtors, in accordance with the procedures for interim compensation established by the Bankruptcy Court, based upon our guideline hourly rates. These rates currently range from $265 to $875 per hour for attorneys, from $425 to $690 per hour for financial consultants, and from $85 to $265 for paralegals and clerks. We anticipate that Bruce Bennett, Michael Morris, Jeanne Irving, and Joshua D. Morse, whose guideline hourly rates currently are $875, $760, $680 and $505, respectively, will render the majority of the legal services in connection with this engagement. Our guideline hourly rates are adjusted periodically, typically on January 1 of each year, to reflect the advancing experience, capabilities and seniority of our professionals as well as general economic factors. Please note that, should it become appropriate and cost-effective to do so, we also may utilize in this engagement

HENNIGAN, BENNETT & DORMAN LLP

Mr. McGinley
March 3, 2008
Page 3

"temporary" attorneys, paralegals, and clerks who are provided to us on a contract basis from outside services and for whom we will charge a reasonable hourly rate intended to compensate us for the costs and overhead associated with such personnel.

It is HB&D's practice to charge our clients a reasonable fee for services rendered, which fee is based upon not only the total number of hours charged at guideline hourly rates, but also upon such other factors as the complexity of the problems presented to us, the amounts at issue, the nature, quality and extent of the opposition encountered, the results accomplished, the skill we exercised in accomplishing those results, the extent to which our services were rendered outside the Los Angeles area, after normal business hours or on other than normal business days, delays in our receipt of compensation, and the extent to which we were at risk in being paid. After confirmation of a plan of reorganization for the Debtors (or, if earlier, at the conclusion of our engagement), we will assess such factors and determine the amount of our total fee.  To the extent that such fee exceeds the total number of hours of service provided charged at guideline hourly rates, we will consult with the Committee before setting that final fee and, in any event, we will seek the allowance of the fee by the Bankruptcy Court.  By executing this agreement, the Committee consents to this procedure for determining HB&D's reasonable final fee.

Our invoices also will include charges for the reasonable costs and expenses that we incur in connection with this engagement.  Such costs and expenses typically include, among others, charges for messenger services, air couriers, photocopying, postage, long distance telephone, computerized legal research facilities (including the time billed for such legal research), investigative searches, computerized document management services (including scanning and coding), and other charges customarily invoiced by law firms in addition to fees for legal services, such as court fees and travel expenses.  In the event that we incur expenses that we deem to be extraordinary or significant, such as transcript costs or sizable outsourced photocopying expenses, you agree that, upon request by us, you will pay those expenses directly.

### C.      Waivers and Important Information Regarding HB&D's Representation

Because of the specialized nature of our practice, from time to time HB&D concurrently may represent one client in a particular case and the adversary of that client in an unrelated case, as summarized more specifically below.  Please be assured that, despite any such concurrent representation, we strictly preserve all client confidences and zealously pursue the interests of each of our clients, including in those circumstances in which we represent the adversary of an existing client in an unrelated case.

HENNIGAN, BENNETT & DORMAN LLP

Mr. McGinley
March 3, 2008
Page 4

**1.      Representation of Unrelated Debtors and Other Parties.**

While representing the Committee, HB&D may represent a debtor of one or more of the Debtors herein, a member of the Committee or of one or more of its affiliates, or an entity in which a member of the Committee or one or more of its affiliates has made an investment, as a debtor in a reorganization case or in connection with out-of-court negotiations concerning the entity's ability to pay its debts generally, or may otherwise represent an adversary of a member of the Committee in litigation, negotiations or other proceedings in a matter unrelated to our representation of the Committee.

Each member of the Committee consents to our representation, in unrelated matters, of entities that may be indebted to one or more of the Debtors, a member of the Committee or to one or more of its affiliates or in which a member of the Committee or one or more of its affiliates might directly or indirectly own an equity interest, and of persons or entities that may be adverse to a member of the Committee.  Each member of the Committee also agrees that it does not consider such concurrent representations of the Committee and any such adversary of a member of the Committee or its affiliates to be inappropriate, and it therefore waives any objections to any such present or future concurrent representation.  Further, each member of the Committee agrees that it will not provide us any confidential information that would prevent such representation other than the confidential information directly related to the scope of our representation set forth herein.

**2.      Representation of Creditors or Equity Security Holders in Unrelated Matters.**

From time to time, in a case involving a debtor other than the Debtors or their affiliates, HB&D, while representing the Committee, may represent a creditor (including another creditor of the Debtors or their affiliates) of a debtor who also is indebted to one or more of the Debtors, a member of the Committee (or a debtor in which one or more members of the Committee own an equity interest).  The pertinent debtor could be a debtor in a reorganization case or involved in out-of-court negotiations with its creditors and interest holders.

Each member of the Committee agrees that our representation of creditors of debtors that are also indebted to one or more of the Debtors, any of the members of the Committee (or one of their affiliates) or in which one or more of the members of the Committee (or one of their affiliates) own an equity interest are matters unrelated to our representation of the Committee in connection with the Bankruptcy Cases.  Each member of the Committee agrees that it does not consider such concurrent representations of the Committee and any adversary to be inappropriate, and it therefore waives any objections to any such present or future concurrent representation, including the representation by HB&D of creditor clients against debtors that are also indebted to any of the members of the Committee (or one of their affiliates) or in which one

HENNIGAN, BENNETT & DORMAN LLP

Mr. McGinley
March 3, 2008
Page 5

or more members of the Committee (or one of their affiliates) own an equity interest.  To the extent required by applicable law and rules of professional responsibility, each of the members of the Committee consents to HB&D's representation of creditors of debtors indebted to one or more of the Debtors, the members of the Committee or any of their affiliates in any and all such matters and agrees that it will not provide us any confidential information that would prevent such representation other than the confidential information directly related to the scope of our representation set forth herein.

<strong>3.      Relationships of HB&D Attorneys.</strong>

Also, please note that several attorneys at HB&D have spouses, parents, children, siblings, fiancés or fiancées who are attorneys at other law firms, companies and government agencies.  HB&D has strict policies against disclosing confidential information to anyone outside the firm, including spouses, parents, children, siblings, fiancés and fiancées.  You agree that you do not consider our representation of you to be inappropriate in light of any such relationships.

<strong>D.      Policy Regarding Transactional Opinion Letters.</strong>

HB&D maintains a policy that it does not provide opinion letters regarding the legal effect of proposed transactions to its clients or to others who might wish to rely on such letters. We do not alter this policy except under very unusual circumstances and then only upon further written agreement, which provides for compensation to us for the special risks attendant to the furnishing of such opinions.

<strong>E.      Miscellaneous.</strong>

1.      By this agreement, HB&D is being engaged solely by the Committee.  Our employment does not include the representation of any individual member of the Committee or of any employee, officer, director, member or affiliate of any of the members of the Committee.

2.      Subject to the approval of the Bankruptcy Court, this agreement shall be effective as of the date on which HB&D first rendered services to the Committee.  You may discharge us at any time.  We may withdraw at any time with the Committee's consent or for good cause without its consent.  Good cause for our withdrawal includes the Committee's breach of this agreement, its refusal or failure to cooperate with us, or any fact or circumstance that would render our continuing representation unlawful or unethical.

3.      This agreement constitutes the entire understanding between the Committee and HB&D regarding HB&D's employment as special conflicts counsel in connection with the Bankruptcy Cases.  By executing this agreement you acknowledge that you have read carefully and understand all of its terms.  This agreement cannot be modified except by further written agreement signed by each party.

HENNIGAN, BENNETT & DORMAN LLP

Mr. McGinley
March 3, 2008
Page 6


4.      This agreement and HB&D's representation of the Committee shall be governed, construed and interpreted in accordance with the United States Bankruptcy Code and the laws of the State of California, without giving effect to principles of conflicts of law and choice of law that would cause the laws of any other jurisdiction to apply.

5.      If you have any questions about the foregoing, please call me.  In addition, please feel free to obtain independent legal advice concerning the terms and conditions of this agreement.  If you are in agreement with the foregoing, and it accurately represents the Committee's understanding of its retainer agreement with this firm, please cause a copy of this letter to be executed by an authorized representative of the Committee where indicated and return this letter to me, together with the retainer payment.  If not, please contact me immediately.

6.      This agreement is subject to the approval of the Bankruptcy Court.  In the event that the Bankruptcy Court does not approve the Committee's engagement of HB&D on the terms set forth herein, the Committee will immediately engage other counsel to represent its interests in connection with the BofA Matters and the JPMorgan Matters.

We look forward to working with you.

Sincerely,

/s/ Bruce Bennett

Bruce Bennett

**THE FOREGOING IS APPROVED AND AGREED TO:**

Dated:  March __, 2008

**THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME MORTGAGE
HOLDINGS, INC., ET AL.**

By_____

Its_____

HENNIGAN, BENNETT & DORMAN LLP

Mr. McGinley
March 3, 2008
Page 6

    4.    This agreement and HB&D's representation of the Committee shall be governed, construed and interpreted in accordance with the United States Bankruptcy Code and the laws of the State of California, without giving effect to principles of conflicts of law and choice of law that would cause the laws of any other jurisdiction to apply.

    5.    If you have any questions about the foregoing, please call me. In addition, please feel free to obtain independent legal advice concerning the terms and conditions of this agreement. If you are in agreement with the foregoing, and it accurately represents the Committee's understanding of its retainer agreement with this firm, please cause a copy of this letter to be executed by an authorized representative of the Committee where indicated and return this letter to me, together with the retainer payment. If not, please contact me immediately.

    6.    This agreement is subject to the approval of the Bankruptcy Court. In the event that the Bankruptcy Court does not approve the Committee's engagement of HB&D on the terms set forth herein, the Committee will immediately engage other counsel to represent its interests in connection with the BofA Matters and the JPMorgan Matters.

We look forward to working with you.

Sincerely,

/s/ Bruce Bennett

Bruce Bennett

**THE FOREGOING IS APPROVED AND AGREED TO:**

Dated: March __, 2008

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AMERICAN HOME MORTGAGE HOLDINGS, INC., ET AL.**

By _____

Its _____ Vice President