**IN THE UNITED STATES BANKRUPTCY COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| American Home Mortgage, | ) | Case No. 07-11047 CSS |
|  et al., | ) | Chapter 11 |
| | ) | Jointly Administered |
| | ) | Hearing: April 28, 2008 @ 2:00 p.m. |
| Debtors. | ) | Response date:  April 21, 2008 |

**WASHINGTON MUTUAL BANK, FA'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 (d) (1) AS TO 6N472 BARBERRY STREET, ST. CHARLES, ILLINOIS**

NOW COMES Washington Mutual Bank, FA, (hereinafter "WAMU") by and through its attorneys, Whittington & Aulgur, and moves the Court for an Order granting relief from the Automatic Stay of 11 U.S.C. §362 upon the following grounds:

JURISDICTION

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 11 U.S.C. §157 and 11 U.S.C. §362.

CLAIM FOR RELIEF

2. WAMU is a corporation with a location in Milwaukee, Wisconsin.

3. On August 6, 2007 a Chapter 11 Petition initiating this proceeding was filed by the Debtors.

4. On May 1, 2003, non-filing borrowers, Lorenzo and Geraldine Estrada, (hereinafter "Borrowers") executed and delivered a Mortgage (hereinafter "Mortgage 1") in the principle sum of $260,000.00 unto Washington Mutual Bank.  Said Mortgage 1 created a lien upon the property therein mentioned, 6N472 Barberry Lane, St. Charles, Illinois (hereinafter the "Property") all of which is on record in the County Recorder's

Office of Kane County, Illinois.  A copy of said Mortgage is attached hereto as Exhibit 'A".

5. On December 23, 2005 Borrowers executed and delivered another Mortgage (hereinafter "Mortgage 2") in the principle sum of $100,000.00 unto Mortgage Electronic Registration Systems, Inc., as nominee for the Debtor, American Broker's Conduit , as set forth in a Title Search, a copy of the pertinent portion of which is attached hereto as Exhibit "B".

6. Debtors have no ownership interest in the Property, and their lien if any is subordinate to Movant's.

7. At present, Borrowers are contractually delinquent and Movant seeks to exercise its contractual rights and remedies with respect to the Mortgage 1.

8. The payoff amount on the subject Mortgage 1 through August, 2007 is approximately $255,905.70.  The Property has "an as" is value of $378,250.00 as set forth on the Broker's Price Opinion attached hereto as Exhibit "C".  After taking into account the costs of sale and amount due on the second mortgage with a principal balance noted thereon of $100,000, there is no equity in the property.

9. Any potential equity would not benefit the Debtors' Estate since the Debtors holds no ownership interest in the Property and the Property is not necessary for the Debtors' reorganization.

10. The continuation of the Automatic Stay of 11 U.S.C. §362 will work real and irreparable harm upon Movant and therefore cause exists to vacate the stay to permit Movant to exercise its non-bankruptcy contractual rights and remedies against Borrowers and the Property.

WHEREFORE, WAMU hereby moves for an Order pursuant to 11 U.S.C. §362 (d) (1) terminating the Automatic Stay for cause.

                          WHITTINGTON & AULGUR

                          /s/ Kristi J. Doughty
                          Robert T. Aulgur, Jr.(No.165)
                          Kristi J. Doughty(No. 3826)
                          651 N. Broad Street, Suite 206
                          P.O. Box 1040
                          Middletown, DE 19709-1040
                          (302) 378-1661
                          Attorney for Movant

Dated:  March  29,2008