EXHIBIT "C"

This property is or will be principally improved by a one- or two- family house or dwelling only.

# MORTGAGE

MIN 100024200011616980

**WORDS USED OFTEN IN THIS DOCUMENT**
(A) "Mortgage." This document, which is dated March 1, 2006 , will be called the "Mortgage."
(B) "Borrower." ~~DESRAINE~~ YUDEOPERSAUD
   DEORANIE



whose address is 956 EAST 231ST STREET, Bronx, NY 10462
will sometimes be called the "Borrower" and sometimes simply "I."
(C) "Lender." American Brokers Conduit

will be called the "Lender." Lender is a corporation or association which was formed and which exists under the laws of State of New York                                              Lender's address is
538 Broadhollow Road, Melville, NY 11747

(D) "Note." The junior lien note signed by Borrower and dated March 1, 2006 , and extensions and renewals of that note, will be called the "Note." The Note shows that I owe Lender U.S. $ 92,000.00
plus interest, which I have promised to pay in full by April 1, 2021 .
(E) "Property." The property that is described below in the section titled "Description of the Property" will be called the "Property."
(F) "MERS." The Mortgage Electronic Registration System, Inc. will be called "MERS." MERS is a separate corporation that is acting solely as nominee for Lender [as defined in (C) above] and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE MORTGAGEE OF RECORD.

**BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY**
I mortgage, grant and convey the Property to MERS, (solely as nominee for Lender and Lender's successors and assigns), subject to the terms of this Mortgage. I understand and agree that MERS holds only legal title to the interests granted by me in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, discharging this Mortgage. This means that, by signing this Mortgage, I am giving Lender those rights that are stated in this Mortgage and also those rights that the law gives to lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that might result if I do not:
(A) Pay all the amounts that I owe Lender as stated in the Note;
(B) Pay, with interest, any amounts that Lender spends under this Mortgage to protect the value of the Property and Lender's rights in the Property; and
(C) Keep all of my promises and agreements under this Mortgage.
With respect to the amounts that I owe under the Note and under this Mortgage, I waive the benefit of the right which is known as the "homestead exemption." A homestead exemption is a property owner's right to keep a portion of his property (usually up to a certain dollar amount) free from the claims of creditors. My waiver of this right means that the Lender may exercise all of its rights under this Mortgage as if I were not entitled, under law, to the benefits of a homestead exemption.

**DESCRIPTION OF THE PROPERTY**
I give Lender rights in the following Property:
(A) The property which is located at 956 EAST 231ST STREET                              [Street].
Bronx                                   [City].  New York             [State].  10462       [Zip Code].
This Property is in    Bronx                                      County in the State of New York.
It has the following legal description:
THIS MORTGAGE IS SUBJECT AND SUBORDINATE TO A CERTAIN MORTGAGE OF EVEN DATE
HEREWITH, MADE BY DEORANIE YUDEOPERSAUD IN FAVOR OF AMERICAN BROKERS CONDUIT IN
THE PRINCIPLE AMOUNT OF $322K

BLOCK 4866 LOT 34

DOC #:328561           APP #:0001161498

NEW YORK - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

Initials: D.Y.
Form 3833
Amended 4/01

-76N(NY) (0306)         UK11 0503         Page 1 of 6
VMP MORTGAGE FORMS - (800)521-7291

(B) All buildings, structures and other improvements that are located on the property described in paragraph (A) of this section;
(C) All rights in other property that I have as owner of the property described in paragraph (A) of this section. These rights are known as "easements, rights and appurtenances attached to the property";
(D) All rents or royalties from the property described in paragraph (A) of this section; and
(E) All of the property described in paragraphs (B) through (D) of this section that I acquire in the future, and all rights described in paragraphs (B) through (D) of this section that I acquire in the future.

It may be that I do not own the Property but am a tenant under a lease. In that case, the rights I am giving to Lender by this Mortgage are rights in my tenancy.

## BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property other than claims and charges of record. I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because, as a result of something I have done, someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

## UNIFORM PROMISES

I promise and I agree with Lender as follows:

1. **BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST UNDER THE NOTE AND TO FULFILL OTHER PAYMENT OBLIGATIONS**
I will promptly pay to Lender when due principal and interest under the Note and late charges as stated in the Note.

2. **AGREEMENTS ABOUT MONTHLY PAYMENTS FOR TAXES AND INSURANCE**
(A) Borrower's Obligation to Make Monthly Payments to Lender for Taxes and Insurance
I will pay to Lender all amounts necessary to pay for taxes, assessments, ground rents (if any), and hazard insurance on the Property and mortgage insurance (if any). I will pay those amounts to Lender (i) unless Lender tells me, in writing, that I do not have to do so or (ii) unless the law requires otherwise. Also, I will not have to pay to Lender any amount for which I am already making monthly payments to the holder of any superior mortgage or deed of trust, if it is a savings or banking institution. I will make those payments on the same day that my monthly payments of principal and interest are due under the Note.

The amount of each of my payments under this Paragraph 2 will be the sum of the following:
(i) One-twelfth of the estimated yearly taxes, assessments (including condominium and planned unit development assessments, if any) and ground rents (if any) on the Property which under the law may be superior to this Mortgage; plus
(ii) One-twelfth of the estimated yearly premium for hazard insurance covering the Property; plus
(iii) One-twelfth of the estimated yearly premium for mortgage insurance (if any).

Lender will determine from time to time my estimated yearly taxes, assessments, ground rents and insurance premiums based upon existing assessments and bills, and reasonable estimates of future assessments and bills. (Taxes, assessments, ground rents and insurance premiums will be called "taxes and insurance.")

The amounts that I pay to Lender for taxes and insurance under this Paragraph 2 will be called the "Funds." The Funds are additional protection for Lender in case I do not fulfill my obligations under the Note and under this Mortgage.

(B) Lender's Obligations Concerning Borrower's Monthly Payments for Taxes and Insurance
Lender will keep the Funds in a savings or banking institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency. If Lender is such an institution then Lender may hold the Funds. Except as described in this Paragraph 2, Lender will use the Funds to pay taxes and insurance. Lender will give to me, without charge, an annual accounting of the Funds. That accounting must show all additions to and deductions from the Funds, and the reason for each deduction.

Lender may not charge me for holding or keeping the Funds on deposit, for using the Funds to pay taxes and insurance, for analyzing my payments of Funds, or for receiving, verifying and totalling assessments and bills. However, Lender may charge me for these services if Lender pays me interest on the Funds and if the law permits Lender to make such a charge. Lender will not be required to pay me any interest or earnings on the Funds unless either (i) Lender and I agree in writing, at the time I sign this Mortgage, that Lender will pay interest on the Funds; or (ii) the law requires Lender to pay interest on the Funds.

If Lender's estimates are too high or if taxes and insurance rates go down, the amounts that I pay under this Paragraph 2 will be too large. If this happens at a time when I am keeping all of my promises and agreements made in this Mortgage, I will have the right to have the excess amount either promptly repaid to me as a direct refund or credited to my future monthly payments of Funds. There will be excess amounts if, at any time, the sum of (a) the amount of Funds which Lender is holding or keeping on deposit, plus (b) the amount of the monthly payments of Funds which I still must pay between that time and the due dates of taxes and insurance, is greater than the amount necessary to pay the taxes and insurance when they are due.

If, when payments of taxes and insurance are due, Lender has not received enough Funds from me to make those payments, I will pay to Lender whatever additional amount is necessary to pay the taxes and insurance in full. I must pay that additional amount in one or more payments as Lender may require.

When I have paid all of the amounts due under the Note and under this Mortgage, Lender will promptly refund to me any Funds that are then being held or kept on deposit by Lender. If, under Paragraph 20 below, either Lender acquires the Property or the Property is sold, then immediately before the acquisition or sale, Lender will use any Funds which Lender is holding or has on deposit at that time to reduce the amount that I owe to Lender under the Note and under this Mortgage.



Form 3833

3. **APPLICATION OF BORROWER'S PAYMENTS**

Unless the law requires otherwise, Lender will apply each of my payments under the Note and under Paragraphs 1 and 2 above in the following order and for the following purposes:
(A) First, to pay the amounts then due to Lender under Paragraph 2 above;
(B) Next, to pay interest then due under the Note; and
(C) Next, to pay principal then due under the Note.

4. **BORROWER'S OBLIGATION TO PAY PRIOR MORTGAGES, CHARGES AND ASSESSMENTS AND TO SATISFY CLAIMS AGAINST THE PROPERTY**

I will keep all promises that I have made in any superior mortgage or deed of trust, including my promises to make payments when due. I will pay all taxes, assessments, and any other charges and fines that may be imposed on the Property and that may be superior to this Mortgage. I will see that any claim, demand or charge that is made against the Property because an obligation has not been fulfilled (known as a "lien") is promptly paid or satisfied if the lien may be superior to this Mortgage. I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property.

5. **BORROWER'S OBLIGATION TO OBTAIN AND TO KEEP HAZARD INSURANCE ON THE PROPERTY**

I will obtain hazard insurance to cover all buildings, structures and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender.

I may choose the insurance company, but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All of the insurance policies and renewals of those policies must include what is known as a "standard mortgage clause" to protect Lender. The form of all policies and the form of all renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals, subject to the terms of any superior mortgage or deed of trust.

If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim for insurance benefits, then Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the date the notice is mailed, or if it is not mailed, on the date the notice is delivered.

6. **BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL OBLIGATIONS IN LEASE AND CONDOMINIUM AND PUD DOCUMENTS**

I will keep the Property in good repair. I will not destroy, damage or substantially change the Property, and I will not allow the Property to deteriorate. If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease. If the Property is a unit in a condominium or in a planned unit development, I will fulfill all of my obligations under the declaration, by-laws, regulations and other documents that create or govern the condominium or the planned unit development.

7. **LENDER'S RIGHT TO TAKE ACTION TO PROTECT THE PROPERTY**

If: (A) I do not keep my promises and agreements made in this Mortgage, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph 7 may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions.

I will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 7. This Mortgage will protect Lender in case I do not keep this promise to pay those amounts with interest.

I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will also pay interest on those amounts at the same rate stated in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and I may agree in writing to terms of payment that are different from those in this paragraph. Although Lender may take action under this Paragraph 7, Lender does not have to do so.

8. **LENDER'S RIGHT TO INSPECT THE PROPERTY**

Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times. However, before one of those inspections is made, Lender must give me notice stating a reasonable purpose for the inspection. That purpose must be related to Lender's rights in the Property.

9. **AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY**

A taking of property by any governmental authority by eminent domain is known as "condemnation." I give to Lender my right: (A) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (B) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender, subject to the terms of any superior mortgage or deed of trust.

10. **BORROWER'S OBLIGATIONS TO PAY MORTGAGE INSURANCE PREMIUMS**

If Lender required mortgage insurance as a condition of making the loan that I promise to pay under the Note, I will pay the premiums for that mortgage insurance. I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law. Lender may require me to pay premiums in the manner described in Paragraph 2 above.

11. **CONTINUATION OF BORROWER'S OBLIGATIONS**

    Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Note or under this Mortgage. Even if Lender does this, however, that person and I will both still be fully obligated under the Note and under this Mortgage.

    Lender may allow those delays or changes for a person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a person for not fulfilling obligations under the Note or under this Mortgage, even if Lender is requested to do so.

12. **CONTINUATION OF LENDER'S RIGHTS**

    Even if Lender does not exercise or enforce any right of Lender under this Mortgage or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will still have the right, under Paragraph 20 below, to demand that I make Immediate Payment In Full (see Paragraph 20 for a definition of this phrase) of the amount that I owe to Lender under the Note and under this Mortgage.

13. **LENDER'S ABILITY TO ENFORCE MORE THAN ONE OF LENDER'S RIGHTS**

    Each of Lender's rights under this Mortgage is separate. Lender may exercise and enforce one or more of those rights, as well as any of Lender's other rights under the law, one at a time or all at once.

14. **OBLIGATIONS OF BORROWERS AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS**

    Subject to the terms of Paragraph 19 below, any person who takes over my rights or obligations under this Mortgage will have all of my rights and will be obligated to keep all of my promises and agreements made in this Mortgage. Similarly, any person who takes over Lender's rights or obligations under this Mortgage will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Mortgage. (In this Mortgage, the word "person" means any person, organization, governmental authority or any other party.)

    If more than one person signs this Mortgage as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Mortgage. Lender may enforce Lender's rights under this Mortgage against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under the Note and under this Mortgage. However, if one of us does not sign the Note, then: (A) that person is signing this Mortgage only to give that person's rights in the Property to Lender under the terms of this Mortgage; and (B) that person is not personally obligated to make payments or to act under the Note or under this Mortgage. Any person signing this Mortgage but not signing the Note also agrees (i) that Lender may allow any other Borrower to delay or to change payments due under the Note or under this Mortgage and (ii) that Lender may make other accommodations under the Note or under this Mortgage. Lender may do this without obtaining anyone's consent and without modifying the effect of this Mortgage.

15. **AGREEMENT ABOUT GIVING NOTICES REQUIRED UNDER THIS MORTGAGE**

    Unless the law requires otherwise, any notice that must be given to me under this Mortgage will be given by delivering it or by mailing it by certified mail addressed to me at the address stated in the section above titled "Description Of The Property." A notice will be delivered or mailed to me at a different address if I give Lender a notice of my different address. Any notice that must be given to Lender under this Mortgage will be given by mailing it by certified mail to Lender's address stated in paragraph (C) of the section above titled "Words Used Often In This Document." A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Mortgage is given when it is mailed or when it is delivered according to the requirements of this Paragraph 15.

16. **LAW THAT GOVERNS THIS MORTGAGE**

    The state and local law that applies in the place that the Property is located will govern this Mortgage. This will not limit Federal law that applies to this Mortgage. If any term of this Mortgage or of the Note conflicts with the law, all other terms of this Mortgage and of the Note will still remain in effect if they can be given effect without the conflicting term. This means that any terms of this Mortgage and the Note which conflict with the law can be separated from the remaining terms, and the remaining terms will still be enforced.

    As used in this Mortgage, the words "costs," "expenses" and "attorneys' fees" include all amounts not prohibited by applicable law or limited in this Mortgage.

17. **BORROWER'S COPY OF THE NOTE AND OF THIS MORTGAGE**

    I will be given copies of the Note and of this Mortgage. Those copies must show that the original Note and Mortgage have been signed. I will be given those copies either when I sign the Note and this Mortgage or after this Mortgage has been recorded in the proper official records.

18. **REHABILITATION LOAN AGREEMENT**

    I will comply with all of the terms and conditions of any home rehabilitation, improvement, repair, modernization, remodeling or similar loan agreement I have with Lender. If Lender requests it, I will sign and give to Lender an assignment of any rights or claims I might have against persons who supply labor, materials or services in connection with improving the Property. This assignment will be in a form acceptable to Lender.

19. **AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

    Lender may require immediate payment in full of all sums secured by this Mortgage if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may require immediate payment in full if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person. However, Lender shall not require immediate payment in full if this is prohibited by federal law on the date of this Mortgage.

    If Lender requires immediate payment in full under this Paragraph 19, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Mortgage without giving me any further notice or demand for payment.

## NON-UNIFORM PROMISES

I also promise and agree with Lender as follows:

20. **LENDER'S RIGHTS IF BORROWER FAILS TO KEEP PROMISES AND AGREEMENTS**

    If all of the conditions stated in subparagraphs (A), (B), and (C) of this Paragraph 20 are satisfied, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. Lender may do this without making any further demand for payment. This requirement will be called "Immediate Payment In Full."

    If Lender requires Immediate Payment In Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and to have the Property sold. At this sale Lender or another person may acquire the Property. This is known as "foreclosure and sale." If the proceeds of this sale are insufficient to repay Lender the amounts due to Lender from me under the Note and under this Mortgage, Lender may obtain a court judgment against me personally for the difference between all amounts due from me under the Note and this Mortgage and the sale proceeds. In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and expenses of the foreclosure and sale allowed by law.

    Lender may require Immediate Payment In Full under this Paragraph 20 only if all of the following conditions are satisfied:

    (A) I fail to keep any promise or agreement made in this Mortgage, including the promises to pay when due the amounts that I owe to Lender under the Note and under this Mortgage; and

    (B) Lender gives to me, in the manner described in Paragraph 15 above, a notice that states:
       (i) The promise or agreement that I failed to keep;
       (ii) The action that I must take to correct that failure;
       (iii) A date by which I must correct the failure. That date must be at least 10 days from the date on which the notice is mailed to me;
       (iv) That if I do not correct the failure by the date stated in the notice, I will be in default and Lender may require Immediate Payment In Full, and Lender or another person may acquire the Property by means of foreclosure and sale;
       (v) That if I meet the conditions stated in Paragraph 21 below, I will have the right to have any lawsuit for foreclosure and sale discontinued and to have the Note and this Mortgage remain in full force and effect as if Immediate Payment In Full had never been required; and
       (vi) That I have the right in any lawsuit for foreclosure and sale to argue that I did not fail to keep any of my promises or agreements under the Note or under this Mortgage, and to present any other defenses that I may have; and

    (C) I do not correct the failure stated in the notice from Lender by the date stated in that notice.

21. **BORROWER'S RIGHT TO HAVE LENDER'S LAWSUIT FOR FORECLOSURE AND SALE DISCONTINUED**

    Even if Lender has required Immediate Payment In Full, I may have the right to have discontinued any lawsuit brought by Lender for foreclosure and sale or for other enforcement of this Mortgage. I will have this right at any time before a judgment has been entered enforcing this Mortgage if I meet the following conditions:

    (A) I pay to Lender the full amount that would have been due under this Mortgage and the Note if Lender had not required Immediate Payment In Full; and

    (B) I correct my failure to keep any of my other promises or agreements made in this Mortgage; and

    (C) I pay all of Lender's reasonable expenses in enforcing this Mortgage including, for example, reasonable attorneys' fees; and

    (D) I do whatever Lender reasonably requires to assure that Lender's rights in the Property, Lender's rights under this Mortgage, and my obligations under the Note and under this Mortgage continue unchanged.

    If all of the conditions in this Paragraph 21 are fulfilled, then the Note and this Mortgage will remain in full force and effect as if Immediate Payment In Full had never been required.

22. **LENDER'S RIGHTS TO RENTAL PAYMENTS FROM THE PROPERTY AND TO TAKE POSSESSION OF THE PROPERTY**

    As additional protection for Lender, I give to Lender all of my rights to any rental payments from the Property. However, until Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or until I abandon the Property, I have the right to collect and keep those rental payments as they become due. I have not given any of my rights to rental payments from the Property to anyone other than the holder of the Superior Mortgage, and I will not do so without Lender's consent in writing. If Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or if I abandon the Property, then Lender, persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B) enter on and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change leases. I agree that if Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 22, the tenants may make those rental payments to Lender without having to ask whether I have failed to keep my promises and agreements under this Mortgage.

    If there is a judgment for Lender in a lawsuit for foreclosure and sale, I will pay to Lender reasonable rent from the date the judgment is entered for as long as I occupy the Property. However, this does not give me the right to be a tenant on the Property.

    All rental payments collected by Lender or by a receiver, other than the rent paid by me under this Paragraph 22, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees, and the cost of any necessary bonds. Lender and the receiver will be obligated to account only for those rental payments that they actually receive.

DOC #:328585   APPL #:0001161695   Initials:    Form 3033
-76N(NY)

23. **LENDER'S OBLIGATION TO DISCHARGE THIS MORTGAGE WHEN THE NOTE AND THIS MORTGAGE ARE PAID IN FULL**
When Lender has been paid all amounts due under the Note and under this Mortgage, Lender will discharge this Mortgage by delivering a certificate stating that this Mortgage has been satisfied. I will not be required to pay Lender for the discharge, but I will pay all costs of recording the discharge in the proper official records.

24. **AGREEMENTS ABOUT NEW YORK LIEN LAW**
I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Mortgage is recorded in the proper official records, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, I will: (A) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a "trust fund"; and (B) use those amounts to pay for that construction or the work before I use them for any other purpose. The fact that I am holding those amounts as a "trust fund" means that I have a special responsibility under the law to use the amounts in the manner described in this Paragraph 24.

25. **BORROWER'S STATEMENT REGARDING THE PROPERTY.** Check box(es) as applicable.
   - [X] This Security Instrument covers real property improved, or to be improved, by a one (1) or two (2) family dwelling only.
   - [ ] This Security Instrument covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six (6) residential dwelling units with each dwelling unit having its own separate cooking facilities.
   - [ ] This Security Instrument does not cover real property improved as described above.

## REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any superior mortgage or deed of trust to notify Lender in writing, at Lender's address on page 1 of this Mortgage, if the Borrower is required to make "Immediate Payment in Full" and if there is "foreclosure and sale" under that superior mortgage or deed of trust.

By signing this Mortgage I agree to all of the above.

Witnesses:

_____  _____ (Seal)
                                  DEORANIE YUDEOPERSAUD        -Borrower

_____  _____ (Seal)
                                                                 -Borrower

_____ (Seal)   _____ (Seal)
-Borrower                                                         -Borrower

_____ (Seal)   _____ (Seal)
-Borrower                                                         -Borrower

_____ (Seal)   _____ (Seal)
-Borrower                                                         -Borrower

*[Sign Original Only]*

STATE OF NEW YORK,                                County ss.

On the 1st day of March, 2006 before me, the undersigned, a notary public in and for said state, personally appeared DEORANIE YUDEOPERSAUD

*Deorane Yudeopersaud*

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Tax Map Information:

STEPHANIE MANCINI
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01MA6138178
QUALIFIED IN RICHMOND COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES 12-12-2009

# 1-4 FAMILY RIDER
## (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this   1st           day of March, 2006           ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to  American Brokers Conduit

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:
956 EAST 231ST STREET, Bronx, NY  10462

[Property Address]

1-4 FAMILY COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT. In addition to the Property described in the Security Instrument, the following items now or hereafter attached to the Property to the extent they are fixtures are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

DOC  #:319831          APPL #:0001161698
MULTISTATE 1-4 FAMILY RIDER - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Initials: D.y

UM31 0008           Page 1 of 4                     Form 3170 1/01
VMP-57R (0008)      VMP MORTGAGE FORMS - (800)521-7291



**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until: (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii)

DOC #:319832          APPL #:0001161698

@-57R (0008)          Page 2 of 4          Initials: D-H
                                           Form 3170 1/01

Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I. CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

DOC #:319833         APPL #:0001161698

VMP-57R (0008)         Page 3 of 4         Initials: D.

Form 3170 1/01

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_Deoranie Yudeopersaud_ (Seal)
DEORANIE YUDEOPERSAUD　-Borrower

_____ (Seal)
　-Borrower

_____ (Seal)
　-Borrower

_____ (Seal)
　-Borrower

_____ (Seal)
　-Borrower

_____ (Seal)
　-Borrower

_____ (Seal)
　-Borrower

_____ (Seal)
　-Borrower

DOC #:319834
VMP-57R (0008)
APPL #:0001161698
Page 4 of 4

Form 3170 1/01

## SIENNA ABSTRACT, LLC

as Agent for
Fidelity National Title Insurance Company

SCHEDULE A (Description)

Title Number: SA2005a-2452

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Southerly side of East 231st Street as shown on Final Maps, distant 233.53 feet Westerly from the corner formed by the intersection of the Southerly side of East 231st Street and the Westerly side of Paulding Avenue as legally opened;

RUNNING THENCE Southerly parallel with Paulding Avenue and part of the way through a party wall, 110.01 feet to the center line of the block;

THENCE Westerly along the center line of the block, 19.51 feet;

THENCE Northerly again parallel with Paulding Avenue, 110.01 feet to the southerly side of East 231st Street;

THENCE Easterly along the Southerly side of East 231st Street, 19.51 feet to the point or place of BEGINNING.

Together with and subject to an easement created in the mortgage made by Wolf Housing Corporation to the Title Guarantee and Trust Company recorded July 17, 1929.

SAID PREMISES BEING KNOWN AS 956 East 231 Street, Bronx, NY 10466

# SIENNA ABSTRACT, LLC
### as Agent for
### Fidelity National Title Insurance Company

### SCHEDULE A (Description)

Title Number: SA2005a-2452

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Southerly side of East 231st Street as shown on Final Maps, distant 233.53 feet Westerly from the corner formed by the intersection of the Southerly side of East 231st Street and the Westerly side of Paulding Avenue as legally opened;

RUNNING THENCE Southerly parallel with Paulding Avenue and part of the way through a party wall, 110.01 feet to the center line of the block;

THENCE Westerly along the center line of the block, 19.51 feet;

THENCE Northerly again parallel with Paulding Avenue, 110.01 feet to the southerly side of East 231st Street;

THENCE Easterly along the Southerly side of East 231st Street, 19.51 feet to the point or place of BEGINNING.

Together with and subject to an easement created in the mortgage made by Wolf Housing Corporation to the Title Guarantee and Trust Company recorded July 17, 1929.

SAID PREMISES BEING KNOWN AS 956 East 231 Street, Bronx, NY 10466