**IN THE UNITED STATES BANKRUPTCY COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| American Home Mortgage, | ) | Case No. 07-11047 CSS |
| et al., | ) | Chapter 11 |
| | ) | Jointly Administered |
| | ) | Hearing: April 28, 2008 @ 2:00 p.m. |
| Debtors. | ) | Response date: April 21, 2008 |

**CITIMORTGAGE INC.'S MOTION FOR RELIEF FROM**
**THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 (d) (1)**
**SEEKING *NUNC PRO TUNC* RELIEF**
**AS TO 228 BROOKWOOD DRIVE #4, UNIT 155, SOUTH LYON, MICHIGAN**

NOW COMES CitiMortgage, Inc., by and through its attorneys, Whittington & Aulgur, and moves the Court for an Order granting relief from the Automatic Stay of 11 U.S.C. §362 *nunc pro tunc* upon the following grounds:

JURISDICTION

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 11 U.S.C. §157 and 11 U.S.C. §362.

CLAIM FOR RELIEF

2. CitiMortgage is a corporation located in Coppell, Texas 75014.

3. On August 6, 2007 a Chapter 11 Petition initiating this proceeding was filed by the Debtors.

4. On February 28, 2006, non-filing borrower, Charlotte M. Whitmer, (hereinafter "Borrower") executed and delivered a Mortgage (hereinafter "Mortgage 1") in the principle sum of $85,520.00 unto Mortgage Electronic Registration Systems, Inc. as nominee for the Lender, American Home Mortgage. Said Mortgage 1 created a lien upon the property therein mentioned, 228 Brookwood Drive #4, Unit 155, South Lyon, Michigan, (hereinafter the "Property") all of which is on record in the County Recorder's

Office of Oakland County, Michigan. A copy of said Mortgage is attached hereto as Exhibit 'A". On the same date the Borrower executed a Note, a copy of which is attached hereto as Exhibit "B".

5. On February 1, 2008 Mortgage Electronic Registration Systems, Inc., as nominee for the Debtor, American Home Mortgage, assigned, and transferred the Mortgage 1 to Movant, CitiMortgage, Inc., a copy of which is attached hereto as Exhibit "C".

6. On February 28, 2006, Borrower executed and delivered another Mortgage (hereinafter "Mortgage 2") in the principle sum of $21,380.00 unto Mortgage Electronic Registration Systems, Inc. as Nominee for the Debtor, American Home Mortgage. Said Mortgage 2 created a lien in second position on the Property as set forth in a Title Search summary, a copy of the pertinent portion of which is attached hereto as Exhibit "D".

7. Debtors have no ownership interest in the Property, and their lien, if any, is subordinate to Movant's.

8. At present, Borrower is contractually delinquent and Movant seeks to exercise its contractual rights and remedies with respect to the Mortgage 1.

9. The payoff amount on the subject Mortgage 1 through March 27, 2008 is approximately $92,028.00. The Property has an as is value of $87,000.00 as set forth on the Broker's Price Opinion attached hereto as Exhibit "E". There is no equity in the property not even taking into account the second Mortgage.

10. Any potential equity would not benefit the Debtors' Estate since the Debtors hold no ownership interest in the Property and the Property is not necessary for the Debtors' reorganization.

11. The continuation of the Automatic Stay of 11 U.S.C. §362 will work real and irreparable harm upon Movant and therefore cause exists to vacate the stay to permit Movant to exercise its non-bankruptcy contractual rights and remedies against Borrower and the Property.

12. Movant seeks relief from the stay *nunc pro tunc* such that the execution and recordation of the Assignment to Movant is deemed valid. This relief is appropriate under these circumstances, and the Court has the power to annul the stay and grant retroactive relief in order to validate proceedings that would otherwise be void *ab initio*. *In re Askew,* 312 B.R. 274, 282 (Bankr. D. N.J. 2004). "Section 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." *In re Siciliano*, 13 F. 3d 748, 751 (3rd Cir. 1994) citing approvingly *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992). A Court "has the option of validating" proceedings pursuant to §362(d) of the Code in the interests of "equity and judicial economy." *Excelsior Ins. Co. v Pennsbury Pain Ctr.,* 975 F. Supp. 342, 352 (D.N.J. 1996).

13. Movant respectfully submits that the circumstances in this case warrant *nunc pro tunc* relief. Movant was unaware of the bankruptcy filing of American Home Mortgage at the time of the Assignment. It would be inequitable and cause unnecessary expense and delay for Movant if *nunc pro tunc* relief is not granted because such a decision would require the execution and recordation of a new assignment.

WHEREFORE, CitiMortgage, Inc. hereby moves for an Order pursuant to 11 U.S.C. §362 (d) (1) terminating the Automatic Stay for cause *nunc pro tunc* to February 1, 2008.

                        WHITTINGTON & AULGUR

                        /s/ Kristi J. Doughty
                        Robert T. Aulgur, Jr.(No.165)
                        Kristi J. Doughty(No. 3826)
                        651 N. Broad Street, Suite 206
                        P.O. Box 1040
                        Middletown, DE 19709-1040
                        (302) 378-1661
                        Attorney for Movant

Dated:  March  31, 2008