IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :   Jointly Administered
                          Debtors.                               :
                                                                 :   **Doc. Ref. Nos: 192 & 643**
                                                                 :
---------------------------------------------------------------- x   Objection Deadline: April 22, 2008 at 4:00
                                                                     p.m.

## NOTICE OF FILING OF THE AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL MCCAFFREY PROFESSIONAL ASSOCIATION

PLEASE TAKE NOTICE that, in accordance with the procedures set forth in the Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to Petition Date [Docket No. 643] (the "OCP Order"), the Debtors hereby file the attached ordinary course professional retention affidavit (the "Retention Affidavit") of Brian McCaffrey of McCaffrey Professional Association (the "Ordinary Course Professional").

PLEASE TAKE FURTHER NOTICE that, objections to the Retention Affidavit, if any, must be filed in accordance with the OCP Order on or before April 22, 2008 at 4:00 p.m. (ET) (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Third Floor, Street, Wilmington, Delaware 19801.

PLEASE TAKE FURTHER NOTICE that, objections, if any, to the Retention Affidavit must also be served upon the following entities on or before the Objection Deadline: (i) the Office of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

United States Trustee, (ii) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, counsel for the Committee; (iii) counsel to Bank of America N.A., as Administrative Agents under that certain and Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Debtors' pospetition lender, (v) the Securities and Exchange Commission; (vi) all other parties entitled to notice under Del. Bankr. LR 2002-1(b; (vii) counsel for the Debtors; and (viii) and the Ordinary Course Professional.

PLEASE TAKE FURTHER NOTICE that if the objection cannot be consensually resolved, then the objection shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing or such other date otherwise agreeable to the parties thereto.

PLEASE TAKE FURTHER NOTICE that if no objections are filed on or before the Objection Deadline, then **the Debtors shall be authorized to compensate professionals associated with the firm that submitted the Retention Affidavit after complying with the other procedures contained in the OCP Order.**

Dated: April 2, 2008
      Wilmington, Delaware

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                /s/ Ryan M. Bartley
                James L. Patton, Jr. (No. 2202)
                Joel A. Waite (No. 2925)
                Pauline K. Morgan (No. 3650)
                Sean M. Beach (No. 4070)
                Matthew B. Lunn (No. 4119)
                Margaret B. Whiteman (No. 4652)
                Ryan M. Bartley (No. 4985)
                The Brandywine Building
                1000 West Street, 17th Floor
                Wilmington, Delaware 19801
                Telephone: (302) 571-6600
                Facsimile: (302) 571-1253

                Counsel for Debtors and Debtors in Possession

EXHIBIT A

RETENTION AFFIDAVIT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             :   Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE                                             :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]                 :
                                                                   :   Jointly Administered
                        Debtors.                                   :
                                                                   :
------------------------------------------------------------------ x   Doc. Ref. Nos: 192 & 643

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF NEW HAMPSHIRE   )
                         )  ss:
COUNTY OF ROCKINGHAM     )

Brian McCaffrey, being duly sworn, deposes and says:

1. I am an attorney of McCaffrey Professional Association (the "Firm"), which maintains offices at 163 Water Street, Post Office Box 616, Exeter, New Hampshire 03833

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about September 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

3. The Debtors have requested, and the Firm has agreed, to provide foreclosure and loan default services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates are included on <u>Exhibit 1</u>.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified no connections.

6. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

8. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9. Prior to the filing of the above-captioned cases, the Firm WAS NOT employed by the Debtors.

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

11. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 2/26/2008

_____
Affiant

Sworn to and subscribed before me
this _____ day of Feb., 2008

_____
Notary Public

My Commission exp 5-16-12

Formatted: Font: 8 pt

DB02:6214345.1                    066585.1001

# **EXHIBIT 1**

DB02:6214345.1											066585.1001

# EXHIBIT 1

## FLAT RATE FEE SCHEDULE

RE: American Home Mortgage\AHM Rates

| | | |
|---|---|---|
| 1. | **Demand Letter:** Fee Incurred and billed when sent. | $125.00 |
| 2. | **Foreclosure:** From Complaint to sale. Half fee incurred and billed when notice filed, and half when sale occurs or case closed. Deed recording fees and real estate transaction fees are billed separately upon completion of sale. | $4,000.00 |
| 3. | **Answer Foreclosure Lawsuit:** From Complaint to conclusion. Fee incurred and billed at the time the answer is filed. | N/A |
| 4. | **Deed in Lieu of Foreclosure:** Prepare special warranty deed and supporting affidavits; Supervise execution, delivery, and recording of instruments; assist in delivery of title insurance commitment. Fee incurred and billed when deed recorded or case closed. | $500.00 |
| 5. | **Writ of Possession After Foreclosure:** Fee incurred and billed when writ filed. | $500.00 |
| 6. | **Bankruptcy Prepare Proof of Claim:** Approve Chapter 13 Plan; monitor initial payments. Fee incurred and billed when filed. | $350.00 |
| 7. | **Bankruptcy, Motion to Lift Stay:** Covers one court appearance. Fee incurred and billed when filed. | $550.00 |
| 8. | **Bankruptcy, Response to Motion to Value, Motion to Redeem, or Motion to Avoid Lien:** covers one court appearance. Fee incurred and billed when filed. | $500.00 |
| 9. | **Bankruptcy, Objection to Plan or Proof of Claim:** Covers one court appearance. Fee incurred and billed when filed. | $500.00 |
| 10. | **Stipulation:** Prepare and file Stipulation, secure Order ratifying. Fee incurred and billed at the time the stipulation is prepared. | $350.00 |
| 11. | **Reset Sale:** Prepare and file motion to reset sale, publish, and attend the new sale. Fee incurred and billed at the time the motion is files. | $450.00 |

The above are flat fees for standard, uncontested matters in New Hampshire. If a matter becomes contested or complicated, it will be billed hourly. The hourly rate is $200.00. Costs are in addition to the fees herein set forth.