# EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x

In re:                                               :       Chapter 11

                                                     :

AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)

a Delaware corporation, et al.,[1]                   :

                                                     :       Jointly Administered

                                                     :

Debtors.                                             :

---------------------------------------------------------------x

### STIPULATION BY AND AMONG THE DEBTORS, CERTAIN
### CURRENT AND FORMER DIRECTORS AND OFFICERS OF THE DEBTORS,
### AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER
### GRANTING RELIEF FROM THE AUTOMATIC STAY, TO ENFORCE
### INSURANCE POLICY IN FAVOR OF INSURED PERSONS

This Stipulation and Agreement for an Order Granting Relief From Stay ("Stipulation")

is made by and among:  (i) the above-captioned debtors and debtors in possession (collectively,

"AHM" or the "Debtors"); (ii) the Official Committee of Unsecured Creditors of the Debtors (the

"Committee"); and (iii) Michael Strauss, Stephen Hozic, Robert Bernstein, Richard Loeffler, Thomas

McDonagh, Mary Feder, John A. Johnson, Nicholas R. Marfino, Michael A. McManus, Jr., C.

Cathleen Raffaeli, Kristian R. Salovaara, Kenneth P. Slosser, and Irving J. Thau  (with the Debtors and

the Committee, the "Parties").

Based on the facts set forth herein, the Parties hereto stipulate and agree that the Insured

Persons (as defined herein) shall be granted immediate relief from the automatic stay to enforce their

rights and/or receive payments for Defense Costs (as defined in the Insurance Policies (as defined

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

herein)) of up to $5.0 Million Dollars, in the aggregate for all Insured Persons, of the policy proceeds payable under the Directors, Officers and Corporate Liability/General Partners and Limited Partnership Liability Insurance Policy, policy number 673-84-28, as amended and modified, from time to time (the "Primary Insurance Policy") ($10.0 million in coverage), with American International Group, Inc., National Union Fire Insurance Company of Pittsburgh, Pa. (the "Primary Insurer").

In addition to the Primary Insurance Policy, there are four excess policies, (collectively the "Excess Policies"). The Excess Policies are as follows:

      i.      Lloyd's of London, policy number 146/LDUSA0601849 ($10.0 million in excess coverage);

      ii.     Zurich American Insurance Company, policy number EOC9680911-00 ($10.0 million in excess coverage);

      iii.    American International Group, Inc., Illinois National Insurance Company, policy number 673-86-10 ($10.0 million in excess coverage); and

      iv.    ACE American Insurance Company, policy number DOX G23651439-001 ($10.0 million in excess coverage, solely for the Insured Persons).

The Excess Insurance Policies and the Primary Insurance Policy shall be collectively referred to as the "Insurance Policies", the carriers shall be collectively referred to as the "Insurers" and, for the purposes of this Stipulation, all present and former directors, officers and employees of any of the Debtors who are Natural Person Insureds within the meaning of the Primary Insurance Policy and are (1) named in any of the Actions (defined below) or (2) who are now, or in the future, named (or otherwise required to incur legal and related expenses covered by the Insurance Policies) in any other actions, including without limitation governmental investigations (collectively, the "Other Actions"), including, but not limited to Michael Strauss, Stephen Hozie, Robert Bernstein, Richard Loeffler, Thomas McDonough, Mary Feder, John A. Johnson, Nicholas R. Marfino, Michael A. McManus, Jr., C. Cathleen Raffaeli,

Kristian R. Salovaara, Kenneth P. Slosser, and Irving J. Thau shall be collectively referred to as "Insured Persons". The Insured Persons collectively with the Debtors shall be referred to as "Insured Parties". In support thereof, the Parties state as follows:

1.    On August 6, 2007 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware. The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1005(b) of the Federal Rules of Bankruptcy Procedure. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 14, 2007, the United States Trustee for the District of Delaware appointed the Committee. No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

2.    Prior and subsequent to the Petition Date, certain of the Insured Parties were named as defendants in approximately 19 complaints, which complaints generally fall into the category of Class Action Securities Litigation (collectively, the "Actions"). A non-exclusive schedule of the Actions is attached hereto as Exhibit A.

3.    The defendants in the Actions are certain of the Insured Parties. Currently, because of the Debtors' bankruptcy cases, the Actions are stayed as against AHM. However, the Actions and certain Other Actions are proceeding as against certain of the other Insured Parties. Accordingly, certain of the Insured Persons are incurring legal and related expenses in connection with defending themselves in those proceedings. Although they believe that the allegations raised by the plaintiffs are without merit, the Insured Persons face exposure with respect to costs of defense.

4.    Prior to the commencement of the Actions, the Debtors purchased the Insurance Policies for the benefit of those identified as insureds within the meaning of the Insurance Policies.

5.      Pursuant to the Insurance Policies, the Insured Persons are entitled to have certain legal fees and expenses incurred by them in the defense of the Actions and Other Actions, and covered by the Insurance Policies, advanced to them by the Insurers, subject to the Insurers' right to be repaid by an Insured Person any amount advanced to or on behalf of such Insured Person in the event and to the extent such Insured Person shall not be entitled under the terms and conditions of the Insurance Policies to payment of such legal fees and expenses.

6.      In accordance with the Insurance Policies, the Insured Persons have made, and will continue to make demands on the Insurers to advance the Defense Costs (as defined in the Insurance Policies) they have and will continue to incur in defending themselves in the Actions and in Other Actions.

7.      The Parties have entered into this Stipulation for relief from the automatic stay with the understanding that it is only an interim resolution to permit the Primary Insurer to advance defense costs to the Insured Persons. The Parties shall continue to attempt to negotiate a more global agreement regarding the Insurance Policies and reserve all rights to seek or oppose any additional relief regarding the Insurance Policies or anything related thereto.

Based on the foregoing, it is hereby Stipulated and Agreed to by and between the Parties as follows:

a)      Subject to Bankruptcy Court approval, the provisions of section 362 of the Bankruptcy Code are modified to permit the Insured Persons to receive up to $5.0 million in the aggregate for all Insured Persons combined under the Primary Insurance Policy (the "Stipulated Payment Amount") for any past, present or future Defense Costs, (as defined in the Primary Insurance Policy) incurred or to be incurred by any Insured Person in connection with the Actions or Other Actions.

b)     Except with respect to the lifting of the automatic stay pursuant to paragraph a)
       hereof, the Parties reserve all rights, including but not limited to asserting that
       the proceeds of the Insurance Policies are, or are not, property of the Debtors'
       estates. The advance of Defense Costs up to the Stipulated Payment Amount
       shall be without prejudice to the (i) right of each of the Insured Persons to
       request, from the Bankruptcy Court or otherwise, in accordance with the terms
       of the Insurance Policies, the advance of additional Defense Costs in excess of
       the Stipulated Payment Amount, and the payment of all other elements of
       covered loss to which each of the Insured Persons is entitled up to the full limit
       of liability under the Insurance Policies; and (ii) right of the Debtors or the
       Committee to oppose any such request.

c)     Following the approval of this Stipulation by the Bankruptcy Court, until the
       earlier of:  (i) confirmation and effectiveness of a chapter 11 plan of
       liquidation; (ii) appointment of a chapter 11 trustee or conversion of one or
       more of the Debtors' cases to chapter 7; or (iii) further order of the court,
       counsel for the Insured Persons whose fees and costs are actually paid by the
       Insurers with regard to the Actions or Other Actions shall, within 30 days
       following the final day of April of this year, and then within 30 days following
       the final day of each of June, September, December, and March deliver to
       counsel for the Debtors and counsel for the Committee a statement setting
       forth the total aggregate amount of fees and costs actually paid by the Insurer
       pursuant to this Stipulation, identifying and providing a brief status of the
       Actions or Other Actions for which such fees and costs were advanced.

d)     This Stipulation is subject to and does not alter or amend the terms and/or

conditions of any of the Insurance Policies or any reservations of rights under those policies, including, without limitation, any right to reimbursement of an advance from an Insured Person and any right by the Debtors to make claims under or to receive payment of loss under the Insurance Policies subject to the terms and conditions of the Insurance Policies.

e)   This Stipulation, and any disputes that may arise out of this Stipulation, shall be subject to the jurisdiction of the Bankruptcy Court.

f)   This Stipulation shall be interpreted in accordance with the laws of the State of Delaware, without regard to any conflicts of laws principles.

g)   This Stipulation may be executed in any number of counterparts and by facsimile or electronic transmission, each of which shall be an original, with the same effect as if the signatures hereto were upon the same document.

STIPULATED AND AGREED:

Dated: _____

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Tel:  (302) 571-6600
Fax:  (302) 571-1253

*Counsel for the Debtors and Debtors in Possession*

BLANK ROME LLP

_____

Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
1201 Market Street, Suite 800
Wilmington, DE  19801
Tel:  (302) 425-6400
Fax:  (302) 425-6464

and

HAHN & HESSEN, LLP
Mark S. Indelicato
Mark T. Power
488 Madison Avenue
New York, NY  10022
Telephone:  (212) 478-7200
Facsimile:  (212) 478-7400

*Counsel for the Official Committee of Unsecured
Creditors of American Home Mortgage Holdings, Inc.,
et al.*

SIMPSON THACHER & BARTLETT LLP

Paul C. Curnin
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for Michael Strauss*

MORRISON & FOERSTER

Jack C. Auspitz
Larry Gerschwer
1290 Avenue of the Americas
New York, New York 10104-0050
Telephone: (212) 468-8046
Facsimile: (212) 468-7900

*Counsel for Stephen Hozie*

LANKLER SIFFERT & WOHL

Frank H. Wohl
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 921-8399
Facsimile: (212) 764-3701

*Counsel for Robert Bernstein*

SIMPSON THACHER & BARTLETT LLP

Paul C. Curnin
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for Michael Strauss*

MORRISON & FOERSTER

Jack C. Auspitz
Larry Gerschwer
1290 Avenue of the Americas
New York, New York 10104-0050
Telephone: (212) 468-8046
Facsimile: (212) 468-7900

*Counsel for Stephen Hozie*

LANKLER SIFFERT & WOHL

Frank H. Wohl
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 921-8399
Facsimile: (212) 764-3701

*Counsel for Robert Bernstein*

SIMPSON THACHER & BARTLETT LLP

Paul C. Curnin
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for Michael Strauss*

MORRISON & FOERSTER

Jack C. Auspitz
Larry Gerschwer
1290 Avenue of the Americas
New York, New York 10104-0050
Telephone: (212) 468-8046
Facsimile: (212) 468-7900

*Counsel for Stephen Hozie*

LANKLER SIFFERT & WOHL L.L.P

Frank H. Wohl
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 921-8399
Facsimile: (212) 764-3701

*Counsel for Robert Bernstein*

SHEARMAN & STERLING LLP

Tai H. Park
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848 4000
Facsimile: (212) 848 7179

*Counsel for Mary Feder*

WILLKIE FARR & GALLAGHER LLP

Mei Lin Kwan-Gett
787 Seventh Avenue
New York, New York 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for Richard Loeffler*

ALLEN & OVERY LLP

Pamela Rogers Chepiga
Patricia M. Hynes
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6363

*Counsel for John A. Johnson, Nicholas R.
Marfino, Michael A. McManus, Jr., C. Cathleen
Raffaeli, Kristian R. Salovaara, Kenneth P.
Slosser, and Irving J. Thau*

SHEARMAN & STERLING LLP

---

Tai H. Park
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848 4000
Facsimile: (212) 848 7179

*Counsel for Mary Feder*

WILLKIE FARR & GALLAGHER LLP

---

Mei Lin Kwan-Gett
787 Seventh Avenue
New York, New York 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for Richard Loeffler*

ALLEN & OVERY LLP

---

Pamela Rogers Chepiga
Patricia M. Hynes
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6363

*Counsel for John A. Johnson, Nicholas R.
Marfino, Michael A. McManus, Jr., C. Cathleen
Raffaeli, Kristian R. Salovaara, Kenneth P.
Slosser, and Irving J. Thau*

SHEARMAN & STERLING LLP

Tai H. Park
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

*Counsel for Mary Feder*

WILLKIE FARR & GALLAGHER LLP

Mei Lin Kwan-Gett
787 Seventh Avenue
New York, New York 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for Richard Loeffler*

ALLEN & OVERY LLP

Pamela Rogers Chepiga
Patricia M. Hynes
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6363

*Counsel for John A. Johnson, Nicholas R.
Marfino, Michael A. McManus, Jr., C. Cathleen
Raffaeli, Kristian R. Salovaara, Kenneth P.
Slosser, and Irving J. Thau*

GAGE SPENCER & FLEMING LLP

G. Robert Gage, Jr.
Laura-Michelle Rizzo
410 Park Avenue
New York, New York 10022
Telephone: (212) 768-4900
Facsimile: (212) 768-3629

*Attorneys for Thomas McDonagh*

NO OBJECTION:

AIG Domestic Claims o/b/o National Union
and Illinois National Insurance Companies

By: _____

SCCD, AIGDC

## EXHIBIT A

In re American Home Mortgage Holdings, Inc., *et al.* - Case No. 07-11047 (CSS)
D&O Proceedings (Non-Exclusive List)[1]

| Tab No. | Case Name | Venue |
|---|---|---|
| 1 | Justin Tuttleman and Albert Brandel v. John A. Johnston, et al. | United States District Court Eastern District of New York |
| 2 | Randy Stark v. American Home Mortgage Investment Corp., Michael Strauss and Stephen A. Hozie | United States District Court Eastern District of New York |
| 3 | David R. Scheall v. Michael Strauss | United States District Court Eastern District of New York |
| 4 | Claude A. Reese v. American Home Mortgage Investment Corp., Michael Strauss and Stephen A. Hozie | United States District Court Eastern District of New York |
| 5 | William J. Raniolo and Marie J. Raniolo v. Michael Strauss and Stephen Hozie | United States District Court Eastern District of New York |
| 6 | James Ramos v. American Home Mortgage Investment Corp., Stephen A. Hozie, and Michael Strauss | United States District Court Eastern District of New York |
| 7 | Richard Nieland v. American Home Mortgage Investment Corp., Michael Strauss and Stephen A. Hozie | United States District Court Eastern District of New York |
| 8 | Kenneth Bruce v. Michael Strauss and Stephen Hozie | United States District Court Eastern District of New York |
| 9 | George B. Blake v. American Home Mortgage Investment Corp., Michael Strauss and Stephen A. Hozie | United States District Court Eastern District of New York |
| 10 | Richard P. Abraham v. American Home Mortgage Investment Corp., Michael Strauss and Stephen A. Hozie | United States District Court Eastern District of New York |
| 11 | Elliott Greenburg v. American Home Mortgage Investment Corp., Michael Strauss and Stephen A. Hozie | United States District Court Eastern District of New York |
| 12 | Arthur S.K. Fong v. Michael Strauss and Stephen A. Hozie | United States District Court Eastern District of New York |
| 13 | Gail Fialkov v. American Home Mortgage Investment Corp. and Michael Strauss | United States District Court Eastern District of New York |
| 14 | KT Investments, LLC v. Michael Strauss, et al. | United States District Court Eastern District of New York |
| 15 | Mark Hollingsworth v. Michael Strauss and Stephen A. Hozie | United States District Court Eastern District of New York |
| 16 | Joshua F. Hafron v. American Home Mortgage Investment Corp., Michael Strauss and Stephen A. Hozie | United States District Court Eastern District of New York |
| 17 | Larry Massung v. American Home Mortgage Investment Corp., Michael Strauss and Stephen A. Hozie | United States District Court Eastern District of New York |
| 18 | Dana Marlin v. Citigroup Global Markets Inc., et al. | United States District Court Eastern District of New York |
| 19 | Yuk Ying Lui v. American Home Mortgage Investment Corp., Michael Strauss and Stephen A. Hozie | United States District Court Eastern District of New York |

---

[1]  All of the pending securities class actions are currently before the Hon. Thomas C. Platt in the Eastern District of New York.  It is anticipated that the matters will be consolidated and single consolidated Complaint will be filed.