# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., *et al.*,<br><br>Debtors. | Case No. 07-11047 (CSS)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>Related to Docket Nos. 3224, 3225, 3226 and 3227 |

## STIPULATION RESOLVING MOTION OF COUNTRYWIDE FOR ENTRY OF ORDER ALLOWING LATE FILING OF PROOFS OF CLAIM

This Stipulation (the "**Stipulation**") is entered into by and between American Home Mortgage Holdings, Inc., *et al.* ("**AHM**" or the "**Debtors**") and Countrywide Home Loans, Inc., Countrywide Bank, F.S.B., ReconTrust Bank, N.A. and Landsafe (collectively, "**Countrywide**" and, together with the Reorganized Debtors, the "**Parties**"), resolving the Motion of Countrywide for Entry of Order Allowing Late Filing of Proofs of Claim [Docket No. 3224] (the "**Motion**").

## RECITALS

WHEREAS, on August 6, 2007 (the "**Petition Date**"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Cases**"); and

WHEREAS, this Stipulation is based upon: (i) the Motion; (ii) the Affidavit of Katherine M. Windler in Support of Stipulation Deeming Proofs of Claim to be Timely Filed [Docket No. 3227] (the "**Windler Affidavit**"); (iii) the Affidavit of Pamela Davis in Support of Stipulation Deeming Proofs of Claim to be Timely Filed [Docket No. 3226] (the "**Davis Affidavit**"); and

(iv) the Affidavit of June Smith in Support of Stipulation Deeming Proofs of Claim to be Timely Filed [Docket No. 3225] (the "**Smith Affidavit**"), each of which are incorporated herein, and hereby made a part hereof by reference; and

WHEREAS, Countrywide respresents that in December 2007, it requested Katherine M. Windler ("**Mrs. Windler**"), a bankruptcy attorney with Bryan Cave LLP, in Santa Monica, California, assist Countrywide in the filing of Countrywide's proofs of claim (individually, a "**Claim**" collectively, the "**Claims**") in the Cases; and

WHEREAS, the bar date for filing proofs of claim against the Debtors' estates with AHM's claims noticing agent, EPIC Bankruptcy Solutions, LLC (the "**Claims Agent**"), was established as 4:00 p.m. (ET) on January 11, 2008 by order of the Court as (the "**Bar Date**"); and

WHEREAS, Countrywide represents that, in total, Mrs. Windler, together with her legal secretary, Pamela Davis ("**Ms. Davis**"), assembled ten (10) Claims in final form, which were placed in four (4) separate Federal Express delivery packages, which Claims were to be filed for Countrywide with the Claims Agent in New York, NY; and

WHEREAS, the ten (10) Claims consisted of the following:

(a) Four (4) Claims asserted by Countrywide Home Loans, Inc. against AHM (**Claim Nos. 9326, 9327, 9328 and 9329**);

(b) One (1) Claim asserted by Countrywide Bank, F.S.B. against AHM (**Claim No. 9440**);

(c) One (1) Claim asserted by ReconTust Bank, N.A. against AHM (**Claim No. 9441**);

(d)    Four (4) Claims asserted by Landsafe against AHM (**Claim Nos. 9442, 9443, 9444 and 9445**); and

WHEREAS, Countrywide represents that on January 10, 2008, Mrs. Windler personally verified that the Claims were completed and assembled in final form before the regular Federal Express pick up arrived at Bryan Cave's Santa Monica, California office at 5:00 p.m. PST; and

WHEREAS, Countrywide represents that Mrs. Windler personally reviewed each of the four (4) Federal Express order forms prepared by Ms. Davis to assure that each form was properly addressed, and that they were marked "FedEx Overnight" (*earliest next business morning*) delivery;[1] and

WHEREAS, Countrywide represents that with respect to each Claim, Mrs. Windler instructed Ms. Davis to include a conforming copy of the Claims and a return, pre-paid Federal Express envelope, addressed to Mrs. Windler, so that a stamped, conformed copy of each Claim could be returned to her directly; and

WHEREAS, Countrywide represents that on the morning of Friday, January 11, 2008, Mrs. Windler instructed Ms. Davis to check the Federal Express tracking system to verify that each of the four (4) Federal Express packages containing the Claims were, in fact, delivered in New York; and

WHEREAS, Countrywide represents that Ms. Davis used her password to access the Federal Express system directly online at www.federalexpress.com, and she told Mrs. Windler that delivery of the Claims in New York was confirmed; and

---

[1] A copy of each of the four (4) Federal Express order forms is attached to the Windler Affidavit as "Composite Exhibit B" and are incorporated herein by reference.

WHEREAS, Countrywide represents that Mrs. Windler asked Ms. Davis to print the Federal Express confirmation pages showing that each of the four (4) Federal Express packages containing the Claims were on the New York flight and had actually arrived in New York; and

WHEREAS, all Federal Express tracking shipment statements confirmed that the packages containing the Claims were picked up on Thursday, January 10, 2008 at 4:54 p.m. P.S.T., and left origin at 6:54 p.m. P.S.T.[2]; and

WHEREAS, because the Federal Express packages containing the Claims were confirmed at the New York Federal Express station, Mrs. Windler asserts she was confident that all Claims would be timely delivered that day; and

WHEREAS, Countrywide represents that later in the day on Friday, January 11, 2008, at approximately 5:30 p.m. P.S.T., Ms. Davis left for a pre-scheduled vacation; and

WHEREAS, the following week, while Ms. Davis was on vacation, Mrs. Windler received the returned Federal Express envelopes with the conformed copies of the Claims on Tuesday, January 15; and

WHEREAS, Countrywide represents that Mrs. Windler attributed the late delivery to her on January 15, 2008 to the fact that Ms. Davis was on vacation and interoffice mail had not been delivered to her on Monday, January 14, 2008; and

WHEREAS, Countrywide represents that upon opening the returned Federal Express envelopes which contained conformed copies of the Claims, Mrs. Windler learned for the first time that the Claims were not actually received by the Claims Agent until Monday, January 14, 2008, one business day after the Bar Date; and

---

[2] Copies of the Federal Express confirmations showing arrival and delivery in New York for each of the four (4) Federal Express packages containing the Claims are attached to the Windler Affidavit as "Composite Exhibit C" and are incorporated herein by reference.

WHEREAS, the Claims were visibly stamped as received on Monday, January 14, 2008; and

WHEREAS, Countrywide represents that thereafter, Mrs. Windler gathered all copies of the Claims, the Federal Express delivery receipts and the January 11, 2008 tracking sheets from Ms. Davis' desk and gave them to June Smith ("Ms. Smith"), a legal secretary in Bryan Cave LLP's Santa Monica office; and

WHEREAS, Countrywide represents that Mrs. Windler asked Ms. Smith to contact Federal Express to determine why the proofs of claim packages were delivered late; and

WHEREAS, Countrywide represents that together, Mrs. Windler and Ms. Smith confirmed with Federal Express by telephone that each of the Federal Express packages containing the Claims was properly addressed and had the proper box checked for early morning delivery with the proper fee paid for overnight delivery (not 2-day delivery); and

WHEREAS, Countrywide represents that Mrs. Windler asked Ms. Smith to print new tracking reports that indicated for the first time that the four (4) Federal Express packages transmitting the Claims to New York never actually were in New York on Friday January 11, 2008, but had actually sat in Tennessee the entire weekend from January 11-13, 2008;[3] and

WHEREAS, Countrywide represents that this new, updated tracking information directly contradicted the print out Ms. Davis and Mrs. Windler had obtained on Friday, January 11, 2008, which wrongfully represented that the Federal Express packages containing the Claims were physically in New York on Friday, January 11, 2008; and

---

[3] Copies of the tracking reports are attached to the Windler Affidavit as "Composite Exhibit D" and are incorporated herein by reference.

WHEREAS, Countrywide represents that the updated Federal Express tracking information printout on Tuesday, January 15, 2008 (*i.e.*, "Composite Exhibit D") directly contradicted the Federal Express tracking information printout on Friday, January 11, 2008 (*i.e.*, "Composite Exhibit C"); and

WHEREAS, Countrywide represents that immediately upon learning of Federal Express' errors, Mrs. Windler contacted both Countrywide and Countrywide's Delaware counsel in the AHM bankruptcy case; and

WHEREAS, Countrywide represents that Mrs. Windler informed them of the issues and sought the assistance of Countrywide's Delaware counsel in contacting AHM's counsel to determine whether AHM would stipulate to the deemed timely filing of the Claims based on the underlying facts; and

WHEREAS, Countrywide represents that on January 17, 2008, Mrs. Windler scanned in the Claims ("Composite Exhibit A"), the Federal Express tracking confirmations of January 11, 2008 and January 15, 2008 ("Composite Exhibits C and D" respectively) and provided these papers via email to Countrywide's Delaware counsel, for delivery to the AHM counsel; and

WHEREAS, on January 17, 2008, Countrywide's Delaware counsel discussed the aforementioned issues with AHM's counsel and forwarded the documents to AHM's counsel; and

WHEREAS, on March 11, 2008, Countrywide filed the Motion for entry of an order allowing the Claims to be deemed to be timely filed; and

WHEREAS, having reviewed the Motion, the Windler Affidavit, including the exhibits thereto, the Davis Affidavit, the Smith Affidavit, having spoken with counsel and based upon the

unique underlying facts as demonstrated by Countrywide, the Debtors have agreed to allow the Claims to be deemed timely filed.

**NOW, THEREFORE**, for good, valuable and sufficient consideration, the receipt and adequacy of which is acknowledged by the Parties, and based upon the foregoing recitals, which are incorporated herein as though set forth at length below, intending to be legally bound hereby, the Parties hereby **STIPULATE AND AGREE** to the following:

1. The terms of this Stipulation are effective as of the date it is approved by the Bankruptcy Court.

2. Based upon the unique and specific facts as set forthin herein and in the Motion, Countrywide's Claims shall be deemed timely filed.

3. Notwithstanding the foregoing, the Debtors, including their successors and assigns, specifically reserve any and all rights to object to each of the Claims on any basis other than timeliness.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

5. Upon approval by the Bankruptcy Court, this Stipulation shall be binding on and inure to the benefit of the Debtors, Committee, Countrywide, all parties-in-interest, including, without limitation, any trustee, examiner, committee, responsible officer, estate administrator or representative, or similar person appointed in a case for any debtor under any chapter of the Bankruptcy Code or any successor or other insolvency proceeding, whether under chapter 7 of the Bankruptcy Code, other applicable law or otherwise, and each of their respective successor and assigns.

6. This Stipulation may be executed in one or more counterparts, all of which taken together shall constitute one and the same instrument.

7. This Stipulation may be duly executed and delivered by a party by execution and facsimile or electronic mail delivery of a counterpart signature page. If delivery is made by facsimile or electronic mail, the executing party shall promptly deliver a completed original executed counterpart of this Stipulation to the other party, but this Stipulation shall be binding and enforceable against the party that utilized facsimile or electronic mail delivery whether or not it subsequently delivers an executed original signature page.

7. By executing this Stipulation, the Parties represent that each has the full authority to enter into the Stipulation.

AGREED AND ACCEPTED BY:

Dated: Wilmington, Delaware
April 2, 2008

EDWARDS ANGELL PALMER & DODGE LLP

William E. Chipman, Jr. (No. 3818)
919 North Market Street
15th Floor
Wilmington, Delaware 19801
(302) 777-7770

*Counsel to Countrywide Bank, F.S.B., Countrywide Home Loans, Inc.; ReconTrustBank, N.A. and Landsafe*

Dated: Wilmington, Delaware
April 2, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600

*Counsel to the Debtors and Debtors-in-Possession*