# **<u>EXHIBIT B</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE | ) Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware | ) |
| Corporation, <u>et al</u>.,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) |
| | ) |
| | ) |

**DECLARATION OF JOSEPH J. BODNAR IN SUPPORT OF
APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF
LAW OFFICES OF JOSEPH J. BODNAR AS SPECIAL CONFLICTS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS <u>*NUNC PRO TUNC* AS OF MARCH 6, 2008</u>**

I, JOSEPH J. BODNAR, hereby declare as follows:

1.  I am a member in good standing of the Bar of the State of Delaware. I am admitted to practice before, among other courts, the United States District Court for the District of Delaware.

2.  I am the founder of the Law Offices of Joseph J. Bodnar ("LOJJB"), proposed special conflicts Delaware counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>").

---

[1] The Debtors are the following entities: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

3.      This Declaration is submitted in support of "Application For Order Authorizing Employment Of Law Offices of Joseph J. Bodnar as Special Conflicts Delaware Counsel to the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to March 6, 2008" (the "<u>Application</u>") filed by the Committee.  Except where otherwise indicated below, I have personal knowledge of the facts set forth in this Declaration.  If called and sworn as a witness, I could and would testify competently such facts.  This Declaration is made pursuant to Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

## LOJJB'S QUALIFICATIONS

4.      LOJJB is well qualified to serve as special conflicts Delaware counsel in these chapter 11 cases.  LOJJB has experience in the carious aspects of the law that may arise in connection with the proposed representation.  Further, I have previously served as counsel in other bankruptcy cases in a similar capacity in this jurisdiction, including, but not limited to, committees in DVI, Inc. and SleepMaster, Inc. and to the debtors in Natural Gas Vehicles, Inc. and American Classic Voyages.

5.      LOJJB has stated its desire and willingness to act in these cases and render the necessary professional services as special conflicts counsel for the Committee.

## SERVICES TO BE PROVIDED BY LOJJB

6.      Subject to further Order of the Court, I understand that the Committee proposes that LOJJB be employed to represent the Committee, in accordance with the terms set forth in the Application, to provide, among other things, ordinary and necessary legal services as may be required in connection with the following:

   a.      Any matter in which the Committee may be adverse to BofA, including any matter relating to the Debtors' use of BofA's cash collateral and the investigation of the extent, validity and priority of BofA's asserted security interests in the Debtors' assets;

   b.      Any matter in which the Committee may be adverse to JPMorgan;

   c. Representing the Committee in other bankruptcy and/or commercial litigation matters in this Court or in other courts having jurisdiction over particular matters; and

   d. Providing such other advice and representation as may be necessary or appropriate in these chapter 11 cases relating to the foregoing.

  7. I am informed and believe that the Committee does not intend for LOJJB to be responsible for the provision of substantive legal advice outside of the insolvency and business litigation areas, including advice in such areas as patent, securities, trademark, corporate, taxation, labor, criminal or real estate law.  Further, it is my understanding that the Committee does not intend for LOJJB to be required to devote attention to, form professional opinions as to, or advise the Committee with respect to its disclosure obligations under federal securities or other non-bankruptcy laws or agreements.

## **LOJJB'S EMPLOYMENT**

  8. On March 6, 2008, counsel to the Committee made initial contact with me regarding this engagement.  I determined, after reviewing the results of a preliminary check for conflicts, that LOJJB could accept the representation.  Because of the expedited timetable on which objections to the Debtors' proposed sale of non-performing loans that were the property of the Debtors' estates were to be filed and the looming expiration of the time in which the Committee has to conclude the BofA Investigation, LOJJB immediately began working on the matter.  At the same time, LOJJB began preparing retention paperwork, including the Application, which was filed as promptly as possible after LOJJB accepted the retention.

  9. Because of the short amount of time between the initial contact with LOJJB and the hearing on the proposed sale of non-performing loans and the expiration of the period in which the Committee has to conclude the BofA Investigation, the Committee was unable to obtain this Court's approval of LOJJB's retention as special conflicts Delaware counsel to the Committee prior to the commencement of work by LOJJB to represent and protect the Committee's interests with respect to matters in which Committee may be adverse BofA and/or JPMorgan.  The Committee worked diligently with LOJJB and filed this Application as soon as

practicable.  Thus, I believe that approving LOJJB's retention in these cases *nunc pro tunc* to March 6, 2008, is appropriate under the circumstances.

### DISCLOSURE CONCERNING CONFLICTS OF INTEREST

10. Except as set forth below, to the best of my knowledge, information, and belief, LOJJB and myself are disinterested persons who do not hold or represent an interest adverse to the Committee and who do not have any connection with the Debtors, their creditors, or any other party in interest in these cases, or their respective attorneys or accountants.  In addition, neither LOJJB nor I have any connections with the United States Trustee or any person employed in the Office of the United States Trustee for the District of Delaware.

11. To check and clear potential conflicts of interest in these cases, and based upon information known on or near the date of this Application, see Schedule I provided on behalf of the Committee and attached hereto, I reviewed client information of LOJJB to determine whether it had any relationships with the following entities (collectively, the "Interested Parties"):

    a.    the Debtors;
    b.    the Debtors' affiliates;
    c.    the Debtors' warehouse lenders;
    d.    the current members of the Committee;
    e.    the 50 largest unsecured creditors for the Debtors on a consolidated bases;
    f.    the Debtors' shareholders;
    g.    the Debtors' directors and officers;
    h.    other creditors of the Debtors;
    i.    additional parties in interest; and
    j.    the professionals of the Debtors and the Committee involved in these chapter 11 cases.

12. Except as set forth herein, LOJJB has not, does not, and will not represent any Interested Party with respect to matters related to the Debtors' chapter 11 cases.  To the extent the research of the relationships of LOJJB with the Interested Parties indicated that it currently represents any Interested Party, the identities of such Interested Party are set forth below:

    a. LOJJB has not represented, and, does not and will not represent any entity other than the Committee in matters related to these chapter 11 cases, except Greenwich Capital Financial Products, Inc., Greenwich Capital Markets, Inc. and The Royal Bank of Scotland plc, during the course of its engagement as special conflicts Delaware counsel.

    b. In the future, LOJJB may serve as counsel to certain other Interested Parties in matters unrelated to these cases. In the event that LOJJB is so retained, LOJJB will file supplementary disclosures with the Court regarding the nature of such representation of an Interested Party.

    c. LOJJB's founder, Joseph J. Bodnar, prior to forming LOJJB, has served as counsel in matters unrelated to these chapter 11 cases where certain of the Interested Parties may have been the client or adverse to certain other Interested Parties.

## DISCLOSURE OF COMPENSATION

13. With respect to services as special conflicts Delaware counsel, I understand that the Committee has requested that all legal fees and related costs and expenses incurred by the Committee on account of services rendered by LOJJB in these cases be paid as administrative expenses of the Debtors' estates pursuant to, among other things, sections 330(a), 331 and 503(b) of the Bankruptcy Code. Subject to the Court's approval, on an interim basis, LOJJB will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered. LOJJB has informed the Committee that its billing rates currently vary from $200 to $300 per hour for attorneys and from $100 to $150 for paralegal services, and are adjusted periodically, typically on January 1 of each year.[2] See Retainer Agreement attached as Exhibit A. The range of billing rates set forth above reflects, among other considerations, the differences in experience levels within classifications, the differences between the types of services being provided, and where the services were rendered.

14. The Committee has been billed, and will continue to be billed, at the customary billing rates of LOJJB for matters of this type, together with reimbursement of all reasonable

---

[2] LOJJB submits that the aforementioned rates shall be revised to the hourly rates that are in effect in the future and from time to time. Changes in the regular hourly rates of LOJJB shall be noted on the invoices for the first period in which the revised rates became effective.

costs and expenses incurred by LOJJB in connection herewith.  I understand that such expenses include, but are not limited to, charges for messenger services, air couriers, photocopying, postage, long distance telephone service, outgoing facsimile service, computerized legal research facilities (including the time billed for such legal research), process service, investigative searches, and other charges customarily invoiced by law firms.  LOJJB requests that the Committee pay LOJJB at such rates and to reimburse it for such expenses, subject to the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware (the "<u>Local Rules</u>"), and applicable orders of this Court.  Moreover, LOJJB hereinafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any order entered by this Court establishing interim compensation procedures for all services performed and expenses incurred after the Petition Date.

15. LOJJB has received no promises regarding compensation in these chapter 11 cases other than in accordance with the Bankruptcy Code and as set forth herein.  Further, LOJJB has no agreement with any nonaffiliated entity to share any compensation earned in these chapter 11 cases.

16. LOJJB has requested that the Committee, subject to the provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and further Orders of the Court, pay LOJJB its customary hourly rates for services rendered, as set forth above, and to reimburse LOJJB according to its customary reimbursement polices, and submit that such rates are reasonable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 7, 2008, at Wilmington, Delaware.



      /s/ Joseph J. Bodnar      
         Joseph J. Bodnar