# EXHIBIT A

*Law Offices*

*Of*

# JOSEPH J. BODNAR

2101 NORTH HARRISON STREET
SUITE 101
WILMINGTON, DELAWARE 19802-3323
*Main Telephone:* (302) 652-5506
*Facsimile:* (320) 213-2709
www.BODNARLAW.net

March 27, 2008

**VIA EMAIL**

Mr. James J. McGinley
Co-Chair of the Official Committee of
Unsecured Creditors
Wilmington Trust Company
520 Madison Avenue, 33rd Floor
New York, NY 10022

**Re:** ***Retainer Agreement Between Law Offices of Joseph J. Bodnar and The Official Committee of Unsecured Creditors of American Home Mortgage Holdings, Inc., et al.***

Dear Mr. McGinley:

This letter sets forth the terms and conditions upon which *Law Offices of Joseph J. Bodnar* ("LOJJB" or "us") shall represent the Official Committee of Unsecured Creditors (the "Committee" or "you") of American Home Mortgage Holdings, Inc., et al. (collectively, the "Debtors"), in the Debtors' bankruptcy cases being jointly administered as *In re American Home Mortgage Holdings, Inc., et al.* (collectively, the "Bankruptcy Cases") in the United States Bankruptcy Court, District of Delaware (the "Bankruptcy Court") under Case No. 07-11047 (CSS) as its special conflicts counsel. Although LOJJB's employment by the Committee is subject to the approval of the Bankruptcy Court, in light of the need for the Committee to, among other things, comply with agreed upon deadlines related to certain of the BofA Matters described below, the Committee asked LOJJB to commence work beginning on March 6, 2008, with the expectation that LOJJB's engagement as special conflicts counsel would be subsequently approved by the Bankruptcy Court with an effective date no later than March 6, 2008.

**A. Scope of Engagement**

LOJJB will serve as special conflicts counsel to the Committee and will render such ordinary and necessary legal services as may be required in connection with the following:

1. Any matter in which the Committee may be adverse to Bank of America, N.A. ("BofA"), including any matter relating to the Debtors' use of BofA's cash collateral and the investigation of the extent, validity and priority of BofA's asserted security interests in the Debtors' assets (collectively, the "BofA Matters");

2. Any matter in which the Committee may be adverse to JPMorgan Chase (collectively, the "JPMorgan Chase Matters"); and

3. Such other advice and representation as may be necessary or appropriate in the Bankruptcy Cases concerning the foregoing.

LOJJB's employment as special conflicts counsel does not include the provision of advice with respect to matters involving taxation, securities, environmental, labor, criminal, real estate, or other specialized areas of law. Finally, the limited scope of our employment as the Committee's special conflicts counsel does not include giving attention to, forming professional opinions as to, or advising you with respect to, disclosure obligations under federal securities or other nonbankruptcy laws or agreements. Should you decide to expand the scope of LOJJB's representation with respect to this matter, a separate written agreement and, probably Bankruptcy Court approval, will be necessary.

**B. Financial Arrangements.**

You have agreed to pay LOJJB a reasonable fee for its services and to reimburse LOJJB for the costs and expenses charged to its account with respect to this engagement as provided for in title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure.

During the course of the Bankruptcy Cases, LOJJB will request the payment of monthly interim compensation from the Debtors, in accordance with the procedures for interim compensation established by the Bankruptcy Court. The rates currently in effect for LOJJB range from $200 to $3000 per hour for attorney services and from $100 to $150 for paralegal services. It is anticipated that Joseph J. Bodnar will render the majority, if not substantially all, of the legal services in connection with this engagement. These hourly rates are adjusted periodically, typically on January 1 of each year, to reflect the advancing experience, capabilities of professionals of LOJJB, as well as general economic factors. Please note that, should it become appropriate and cost-effective to do so, we also may utilize in this engagement "temporary" attorneys, paralegals, and clerks who are provided to us on a contract basis from outside services and for whom we will charge a reasonable hourly rate intended to compensate us for the costs and overhead associated with such personnel.

It is LOJJB's practice to charge clients a reasonable fee for services rendered, which fee is based primarily on the total number of hours charged at current hourly rates, but also upon such other factors as the complexity of the problems presented to us, the amounts at issue, the

nature, quality and extent of the opposition encountered, the results accomplished, the skill we exercised in accomplishing those results, where those services are rendered, after normal business hours or on other than normal business days, delays in our receipt of compensation, and the extent to which we were at risk in being paid. After confirmation of a plan of reorganization for the Debtors (or, if earlier, at the conclusion of our engagement), we may assess such factors and determine the amount of our total fee. To the extent that such fee exceeds the total number of hours of service provided charged at guideline hourly rates, we may consult with the Committee before setting that final fee. In any event, LOJJB shall seek the allowance of its fees by the Bankruptcy Court. By executing this agreement, the Committee consents to this procedure for determining LOJJB's reasonable final fee.

Also the invoices of LOJJB's will include charges for the reasonable costs and expenses that we incur in connection with this engagement. Such costs and expenses typically include, among others, charges for messenger services, air couriers, photocopying, postage, long distance telephone, computerized legal research facilities (including the time billed for such legal research), investigative searches, computerized document management services (including scanning and coding), and other charges customarily invoiced by law firms in addition to fees for legal services, such as court fees and travel expenses. In the event that expenses are incurred which we deem to be significant, such as transcript costs or sizable outsourced photocopying expenses, you agree that, upon request by us, you will pay those expenses directly. All expenses incurred in connection with this engagement shall be subject to review by the Bankruptcy Court.

**C. Waivers and Important Information Regarding LOJJB's Representation**

Because of the specialized nature of a bankruptcy practice, from time to time LOJJB concurrently may represent one client in a particular case and be the adversary of that client in an unrelated case. Please be assured that, despite any such concurrent representation, all client confidences are strictly preserved and that the interests of each client are pursued zealously, including in those circumstances in which we represent the adversary of an existing client in an unrelated case.

**1. Representation of Unrelated Debtors and Other Parties.**

While representing the Committee, LOJJB may represent a debtor of one or more of the Debtors herein, a member of the Committee or of one or more of its affiliates, or an entity in which a member of the Committee or one or more of its affiliates has made an investment, as a debtor in a reorganization case or in connection with out-of-court negotiations concerning the entity's ability to pay its debts generally, or may otherwise represent an adversary of a member of the Committee in litigation, negotiations or other proceedings in a matter unrelated to our representation of the Committee.

Each member of the Committee consents to our representation, in unrelated matters, of entities that may be indebted to one or more of the Debtors, a member of the Committee or to one or more of its affiliates or in which a member of the Committee or one or more of its affiliates might directly or indirectly own an equity interest, and of persons or entities that may be adverse to a member of the Committee. Each member of the Committee also agrees that it does not consider such concurrent representations of the Committee and any such adversary of a member of the Committee or its affiliates to be inappropriate, and it therefore waives any objections to any such present or future concurrent representation. Further, each member of the Committee agrees that it will not provide us any confidential information that would prevent such representation other than the confidential information directly related to this engagement.

**2. Representation of Creditors or Equity Security Holders in Unrelated Matters.**

From time to time, in a case involving a debtor other than the Debtors or their affiliates, LOJJB, while representing the Committee, may represent a creditor (including another creditor of the Debtors or their affiliates) of a debtor who also is indebted to one or more of the Debtors, a member of the Committee (or a debtor in which one or more members of the Committee own an equity interest). The pertinent debtor could be a debtor in a reorganization case or involved in out-of-court negotiations with its creditors and interest holders.

Each member of the Committee agrees that our representation of creditors of debtors that are also indebted to one or more of the Debtors, any of the members of the Committee (or one of their affiliates) or in which one or more of the members of the Committee (or one of their affiliates) own an equity interest are matters unrelated to our representation of the Committee in connection with the Bankruptcy Cases. Each member of the Committee agrees that it does not consider such concurrent representations of the Committee and any adversary to be inappropriate, and it therefore waives any objections to any such present or future concurrent representation, including the representation by LOJJB of creditor clients against debtors that are also indebted to any of the members of the Committee (or one of their affiliates) or in which one or more members of the Committee (or one of their affiliates) own an equity interest. To the

extent required by applicable law and rules of professional responsibility, each of the members of the Committee consents to LOJJB's representation of creditors of debtors indebted to one or more of the Debtors, the members of the Committee or any of their affiliates in any and all such matters and agrees that it will not provide us any confidential information that would prevent such representation other than the confidential information directly related to this engagement. e

**D. Miscellaneous.**

1. By this agreement, LOJJB is being engaged solely by the Committee. This engagement does not include the representation of any individual member of the Committee or of any employee, officer, director, member or affiliate of any of the members of the Committee.

2. Subject to the approval of the Bankruptcy Court, this agreement shall be effective as of the date on which LOJJB first rendered services to the Committee. You may discharge us at any time. We may withdraw at any time with the Committee's consent or for good cause without its consent. Good cause for our withdrawal includes the Committee's breach of this agreement, its refusal or failure to cooperate with us, or any fact or circumstance that would render our continuing representation unlawful or unethical.

3. This agreement constitutes the entire understanding between the Committee and LOJJB regarding LOJJB's employment as special conflicts counsel in connection with the Bankruptcy Cases. By executing this agreement you acknowledge that you have read carefully and understand all of its terms. This agreement cannot be modified except by further written agreement signed by each party.

4. This agreement and LOJJB's representation of the Committee shall be governed, construed and interpreted in accordance with the United States Bankruptcy Code and the laws of the State of Delaware, without giving effect to principles of conflicts of law and choice of law that would cause the laws of any other jurisdiction to apply.

5. This agreement is subject to the approval of the Bankruptcy Court. In the event that the Bankruptcy Court does not approve the Committee's engagement of LOJJB on the terms set forth herein, the Committee will immediately engage other counsel to represent its interests in connection with the BofA Matters and the JPMorgan Matters.

6. If you have any questions about the foregoing, please call me. In addition, please feel free to obtain independent legal advice concerning the terms and conditions of this agreement. If you are in agreement with the foregoing, and it accurately represents the Committee's understanding of its retainer agreement with this firm, please cause a copy of this letter to be executed by an authorized representative of the Committee where indicated and return this letter to me. If not, please contact me immediately.

If you have any questions, please contact me. I look forward to working with you.

Very truly yours,

/s/ Joseph J. Bodnar

Joseph J. Bodnar

**THE FOREGOING IS APPROVED AND AGREED TO:**

Dated: March __, 2008

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AMERICAN HOME MORTGAGE HOLDINGS, INC., ET AL.**

By________________________________

Its________________________________

5. This agreement is subject to the approval of the Bankruptcy Court. In the event that the Bankruptcy Court does not approve the Committee's engagement of LOJJB on the terms set forth herein, the Committee will immediately engage other counsel to represent its interests in connection with the BofA Matters and the JPMorgan Matters.

6. If you have any questions about the foregoing, please call me. In addition, please feel free to obtain independent legal advice concerning the terms and conditions of this agreement. If you are in agreement with the foregoing, and it accurately represents the Committee's understanding of its retainer agreement with this firm, please cause a copy of this letter to be executed by an authorized representative of the Committee where indicated and return this letter to me. If not, please contact me immediately.

If you have any questions, please contact me. I look forward to working with you.

Very truly yours,

/s/ Joseph J. Bodnar

Joseph J. Bodnar

**THE FOREGOING IS APPROVED AND AGREED TO:**

Dated: March 27, 2008

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AMERICAN HOME MORTGAGE HOLDINGS, INC., ET AL.**

By ______________________

Its Chair