IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11
In re:                                                           :
                                                                 :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :  Jointly Administered
                                                                 :
                      Debtors.                                   :
                                                                 :  Related Document Nos.: 3279 and 3318
---------------------------------------------------------------- x

**JOINT LIMITED OBJECTION OF AH MORTGAGE ACQUISITION CO., INC. AND WLR RECOVERY FUND III, L.P. TO THE JOINT MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT, FOR ENTRY OF FINAL STIPULATION AND ORDER RESOLVING ALL REMAINING ISSUES WITH RESPECT TO THE FINAL ORDER (I) AUTHORIZING DEBTORS' LIMITED USE OF CASH COLLATERAL AND (II) GRANTING REPLACEMENT LIENS AND ADEQUATE PROTECTION TO CERTAIN PRE-PETITION SECURED PARTIES**

AH Mortgage Acquisition Co., Inc. (the "Purchaser"), the Court-approved purchaser of the Debtors' mortgage servicing business, and WLR Recovery Fund III, L.P. ("WLR III"), as administrative agent on behalf of itself and certain lenders (collectively, the "DIP Lenders"), hereby submit this Joint Limited Objection (the "Limited Objection") to the *Joint Motion of the Official Committee of Unsecured Creditors and Bank of America, N.A., as Administrative Agent, for Entry of Final Stipulation and Order Resolving All Remaining Issues With Respect to the Final Order* (the "Cash Collateral Order") *(I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition*

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

*Secured Parties* (the "Motion") [D.I. 3318] filed by the Official Committee of Unsecured Creditors (the "Creditors' Committee") and Bank of America, N.A. ("BOA"), as administrative agent for certain lenders (collectively, the "Prepetition Lenders") under that certain Second Amended and Restated Credit Agreement, dated as of August 10, 2006. In support of this Limited Objection, the Purchaser and WLR III respectfully state as follows:

## BACKGROUND

1. On September 4, 2007, the Court entered the *Final Order (A) Approving Debtor-in-Possession Financing, (B) Granting Liens and Allowing SuperPriority Administrative Claims, and (C) Granting Related Relief* [D.I. 555] (the "Final DIP Financing Order"), authorizing the Debtors to obtain postpetition financing by entering into that certain $50 million Debtor-in-Possession Loan and Security Agreement dated as of August 6, 2007 (as subsequently amended, the "DIP Loan Agreement") with the DIP Lenders, including WLR III as both lender and administrative agent.

2. On October 30, 2007, the Court entered the *Order (A) Approving (i) the Sale of the Debtors' Mortgage Servicing Business Free and Clear of Liens, Claims and Interests, (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (B) Granting Certain Related Relief* [D.I. 1711], authorizing the sale of the Debtors' mortgage servicing business to the Purchaser pursuant to the terms of that certain Asset Purchase Agreement dated as of September 25, 2007 (as subsequently amended, the "APA").

3. On March 14, 2008, the Creditors' Committee and BOA filed the Motion, seeking Court approval of a final stipulation and order (the "Settlement Stipulation") resolving the outstanding disputes between the general unsecured creditors and the Prepetition Lenders relating to the Cash Collateral Order.

## LIMITED OBJECTION

4.     Although the Purchaser and WLR III do not generally object to the merits of the Settlement Stipulation, they do object to the extent that section 3 of the Settlement Stipulation could operate to permit non-priority, general unsecured creditors to receive distributions while administrative claimants, and even amounts that may become owed under the DIP Loan Agreement, remain unpaid. Specifically, section 3 (e) of the Settlement Stipulation provides that the share of the Cash Receipts[2] to be paid to the Debtors' estates as well as any proceeds of the Designated REO Properties "shall be held in trust for the benefit of general unsecured creditors of the Debtors to be distributed pursuant to a confirmed chapter 11 plan <u>or further order of the Court</u>." (emphasis added). Because such proceeds are to be "held in trust for the benefit of general unsecured creditors" and could potentially be distributed other than pursuant to a confirmed chapter 11 plan, it creates the possibility that non-priority, general unsecured creditors receive distributions in circumstances where parties like the Purchaser and WLR III could be left with unpaid administrative or even super-priority administrative claims. In fact, in a situation where the administrative claims were large enough, it could even create an incentive for the Creditors' Committee to seek conversion of the cases to chapter 7 to avoid having to utilize all or part of the recoveries under the Settlement Stipulation to pay administrative claimants.

5.     For a number of reasons, the Purchaser and WLR III submit that this aspect of the Settlement Stipulation is inappropriate. As an initial matter, even if the Settlement Stipulation proceeds could be said to come solely from what would otherwise constitute a portion of the Prepetition Lenders' recovery, courts have disapproved of such purported senior creditor gifts in pre-plan chapter 11 settlement agreements when it could leave administrative or priority

---

[2]     Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

claimants unpaid.  See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 464 (2d Cir. 2007) (vacating bankruptcy court decision approving settlement agreement between lender and unsecured creditors' committee over objection of priority claimant and holding that whether pre-plan settlement's distribution scheme complies with Bankruptcy Code's priority scheme "must be the most important factor for the bankruptcy court to consider when determining whether a settlement is 'fair and equitable' under Rule 9019"); United States v. AWECO, Inc., 725 F.2d 293, 298 (5th Cir. 1984) (vacating decision and holding that bankruptcy court abused its discretion in approving settlement between debtor and unsecured creditor over objection of priority tax claimants without determining "that priority of payment will be respected as to objecting senior creditors").[3]  The Settlement Stipulation, however, goes beyond a class-skipping gift because it provides for proceeds to go to unsecured creditors even in circumstances where those proceeds would not otherwise constitute a portion of the Prepetition Lenders' recovery.  In particular, the Settlement Stipulation provides for a portion of the Cash Receipts to go to unsecured creditors even after the aggregate Cash Receipts collected (including any portion to be shared with the Debtors' estates) equals the total amount of the obligations owed to the Prepetition Lenders.  Moreover, to the extent that the Prepetition Lenders do not have valid, perfected liens on the Designated REO Properties, proceeds from those properties cannot possibly constitute a gift to unsecured creditors of a portion of the Prepetition Lenders' recovery.

6. WLR III, as administrative agent for the DIP Lenders, additionally objects to the Settlement Stipulation because certain proceeds to go to unsecured creditors may constitute

---

[3] While the court in Official, Unsecured Creditors' Comm. v. Stern (In re SPM Mfg. Corp.), 984 F.2d 1305, 1313-14 (1st Cir. 1993) permitted a senior creditor gift over the objection of potential priority claimants, that case involved a chapter 7 liquidation proceeding. The Purchaser and WLR III are not aware of any case approving a pre-plan chapter 11 settlement that could result in unsecured creditors receiving a portion of a secured creditor's recovery where administrative or priority claimants are not paid in full.

collateral under the DIP Loan Agreement and Final DIP Financing Order. For example, the DIP Lenders may have a lien on the Designated REO Properties if the liens of the Prepetition Lenders are unperfected and were avoided, at which point those properties would no longer logically constitute "BofA Collateral" as defined in the DIP Loan Agreement. Furthermore, the DIP Lenders have been granted a lien on any proceeds of the Prepetition Lenders' collateral remaining after the Prepetition Lenders are paid in full. See Final DIP Financing Order ¶¶ 9-10.

7. For the foregoing reasons, the Purchaser and WLR III respectfully request that the Court deny the Motion unless the Settlement Stipulation is modified to make clear that proceeds of the settlement will not be distributed to general unsecured creditors unless any outstanding obligations under the DIP Loan Agreement and all administrative claims have been paid in full.

Dated:   Wilmington, Delaware
         April 7, 2008

                              GREENBERG TRAURIG, LLP

                              /s/ Victoria W. Counihan
                              _____
                              Victoria W. Counihan (BAR #3488)
                              The Nemours Building
                              1007 North Orange Street, Suite 1200
                              Wilmington, DE 19801
                              Telephone: (302) 661-7000
                              Facsimile: (302) 661-7360
                              counihanv@gtlaw.com

                              and

                              JONES DAY
                              Daniel P. Winikka (TX 00794873)
                              2727 North Harwood Street
                              Dallas, Texas 75201
                              Telephone: (214) 220-3939
                              Facsimile: (214) 969-5100

                              Counsel for AH Mortgage Acquisition Co., Inc. and
                              WLR Recovery Fund III, L.P.