IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :   Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                     :
                                                                       :   Jointly Administered
         Debtors.                                                      :
                                                                       :   Ref. Docket No. 3324
                                                                       :
---------------------------------------------------------------------- x

## DEBTORS' LIMITED OBJECTION TO SECOND QUARTERLY APPLICATION OF NORTHWEST TRUSTEE SERVICES, INC. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FORECLOSURE PROFESSIONALS TO THE DEBTORS-IN-POSSESSION

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") by and through their counsel, hereby submit this limited objection (the "Objection") to the Second Quarterly Application of Northwest Trustee Services, Inc. ("NWTS") for Compensation for Services Rendered and Reimbursement of Expenses as Foreclosure Professionals to the Debtors-in-Possession for the Period From November 1, 2007 through January 31, 2008 [Docket No. 3324] (the "Fee Application"). In support of this Objection, the Debtors respectfully represent as follows:

### BACKGROUND

1.      On August 6, 2007 (the "Petition Date") each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Each

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for

Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**A.     Foreclosure Services Provided by NTWS**

2.     Prior to the Petition Date, NTWS provided foreclosure services to AHM Servicing in connection with the Debtors' mortgage loan servicing business in California, Nevada, Washington, Oregon and Idaho. NTWS charges a flat fee (each a "Flat Fee" and collectively, the "Flat Fees") for handling the Debtors' foreclosures, depending on the state, the loan type and circumstances.

3.     In addition to the provision of such services, NTWS advances monies (the "Foreclosure Costs") to pay for third party services and costs during the pendency of the foreclosure action. Foreclosure Costs include, but are not limited to, costs related to (i) obtaining foreclosure title reports; (ii) various mailings required under applicable state law; (iii) recording costs; (iv) posting notices and process of service; and (v) publication of foreclosure notices.

4.     Each foreclosure matter spans several months. NTWS avers that, with the exception of mailing costs, all Foreclosure Costs are due from NWTS to the applicable third party vendor upon completion of the foreclosure matter. Similarly, NTWS bills the Debtors for its Flat Fee and all Foreclosure Costs incurred in connection with each loan upon completion of a foreclosure matter.

**B.     NTWS Retention and the Fee Application**

5.     On September 12, 2007, this Court entered the Order Pursuant to Section 327 of the Bankruptcy Code and Bankruptcy Rule 2014 Approving the Retention and

---

all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Employement of Northwest Trustee Services, Inc. as Foreclosure Professionals for the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 713] (the "Retention Order"). The Retention Order provided that NTWS "shall be deemed to have waived any and all prepetition amounts owed to them by the Debtors."

6. By the Fee Application, NTWS requests payment of $380,016.00 for Compensation and $958,638.90 for Foreclosure Costs allegedly incurred within the period from November 1, 2007 through January 31, 2008 (the "Fee Period") in the following amounts:

| Month | Flat Fees | Foreclosure Costs | Total |
|---|---|---|---|
| November 2007 | $119,250.00 | $289,949.17 | $409,199.17 |
| December 2007 | $83,125.00 | $210,678.53 | $293,803.53 |
| January 2008 | $177,641.00 | $458,011.24 | $635,652.24 |

7. Attached as Exhibit C to each monthly application for fees and expenses incurred within the Fee Period are the individual invoices (each an "Invoice" and collectively, the "Invoices") for each foreclosure matter completed during the applicable month. The Invoices provide the date of the Invoice, as well as dates the Flat Fee was earned (identified as a "Trustee Fee") and the dates each of the Foreclosure Costs was incurred by NTWS. For reference, one Invoice is attached hereto as Exhibit A.

## LIMITED OBJECTION

8. The Debtors do not generally dispute the post-petition accrual of Flat Fees as set forth in the Fee Application. However, the Debtors object to payment of (i) any Foreclosure Costs that are identified on the face of the Invoices as having been incurred prior to the Petition Date (the "Prepetition Foreclosure Costs"), and (ii) certain invoices (collectively, the "No Liability Invoices") that are not the obligation of the Debtors because

such invoices relate to mortgage loans that were not, or are no longer, being serviced by the Debtors.

9. Section 101(5) of the Bankruptcy Code defines "claim" as "a right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C.§ 101(5).

10. Here, the Debtors, as servicer of the loans, received the benefit of the actions related to the Prepetition Foreclosure Costs at the time such actions were rendered by the third party (i.e., at the dates set forth on the Invoices). At such time, NTWS had a right to payment from the Debtors, regardless of the billing date of the third party vendor; accordingly, such amounts constitute prepetition claims. *See Centennial & Allegheny Univ. Hospitals-East Tenet Healthsystem Phila., Inc. v. Nat'l Union of Hosp. & Health Care Emples., AFSCME, Dist. 1199C (In re Allegheny Health, Educ. and Research Found.)*, 383 F.3d 169, 178 (3d Cir. 2004) ("A contingent obligation is, nonetheless, an obligation."); *United States Trustee v. First Jersey Sec., Inc. (In re First Jersey Sec., Inc.)*, 180 F.3d 504, 511 (3d Cir. 1999) (holding that claim arises when legal services are performed, rather than when the client receives the bill because "the right to payment generally arises when the debtor obtains the goods or services").

11. Because NTWS waived any rights to receive prepetition amounts in connection with its retention, the Prepetition Foreclosure Costs should be deemed waived and the Fee Application reduced accordingly. *See* Retention Order (prepetition amounts shall be deemed waived).

12. Moreover, the Debtors have determined that the No Liability Invoices are not the obligation of the Debtors as such invoices relate to mortgage loans that were not, or are no longer, being serviced by the Debtors. First, the Debtors have identified invoice, which is set forth by loan number on Exhibit B, that relates to a mortgage loan in which the Debtors have not been able to identify (the "Unidentified Loan Invoice"). The Debtors are willing to work with NWTS to reconcile such invoice to the extent that the inability to identify the loan number is a result of typographer or other error. However, the Debtors request that the Unidentified Loan Invoices not be approved unless or until the parties reconcile any servicing obligations for such loans.

13. Second, the Debtors have identified certain invoices that relate to loans in which the Debtors are no longer servicing (the "Servicing-Released Invoices"). A list of the Servicing-Released Invoices, identified by relevant loan numbers, along with the identity of the new servicer, is attached hereto as Exhibit C. In the mortgage loan industry, secondary market transactions, which often include the transfer of servicing rights to a new servicer, are commonplace. To lessen the disruption of the foreclosure process, new servicers continue to engage the former servicers' professionals and assume liability for the foreclosure costs of such professionals. In the ordinary course of a mortgage loan sale transaction where servicing is released, the servicers (i) notify their professionals of the new servicer's information where that invoices should be sent, and (ii) include a copy of the notice with the loan file that is transferred to the new servicer.

14. Accordingly, the Debtors submit that (i) the Debtors have no liability with respect to invoices relating to loans identified on Exhibit B and Exhibit C, and (ii) NWTS should remit any such invoices to the applicable new servicer for payment.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court sustain the Objection and enter an order (i) denying payments relating to the Prepetition Foreclosure Costs and No Liability Invoices, and (ii) granting the Debtors such other and further relief as this Court deems proper.

Dated: April 7, 2008
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James Patton (No. 2202)
Pauline Morgan (No. 3650)
Sean M. Beach (No. 4070)
Margaret B. Whiteman (No. 4652)
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, Delaware 19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to Debtors and Debtors in Possession