UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation *et al.*,[1] | |
| Debtors. | Case Number 07-11047 (CSS) (Jointly Administered) |

Hearing Date: April 14, 2008 at 10:00 A.M.

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE JOINT MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT, FOR ENTRY OF FINAL STIPULATION AND ORDER RESOLVING ALL REMAINING ISSUES WITH RESPECT TO THE FINAL ORDER (I) AUTHORIZING DEBTORS' LIMITED USE OF CASH COLLATERAL AND (II) GRANTING REPLACEMENT LIENS AND ADEQUATE PROTECTION TO CERTAIN PRE-PETITION SECURED PARTIES (DOCKET ENTRY # 3318)**

In support of her objection to the joint motion of the Official Committee of Unsecured Creditors (the "Committee") and Bank of America, N.A., as Administrative Agent ("BofA"), for entry of a final stipulation and order resolving all remaining issues with respect to the final order (i) authorizing Debtors' limited use of cash collateral and (ii) granting replacement liens and adequate protection to certain pre-petition secured parties (the "Motion"), Kelly Beaudin Stapleton, United

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: AHM Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

## INTRODUCTION

1. Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion.

2. Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this objection.

## GROUNDS/BASIS FOR RELIEF

4. The U.S. Trustee objects to the motion on the following grounds: Paragraph 3(e) of the stipulation indicates that the Estate Share (that is, the portion of monies payable to the Debtors' estates pursuant to the terms of paragraph 3(a - d)) "shall be held in trust for the benefit of general unsecured creditors of the Debtors to be distributed pursuant to a confirmed chapter 11 plan or further order of the Court." The U.S. Trustee objects to this provision, as it is unclear whether it is a distribution contrary to the Bankruptcy Code's priority scheme; under chapter 11 of the Code, administrative and priority unsecured claims are paid ahead of general unsecured claims.

5. In <u>Myers v. Martin (In re Martin)</u>, 91 F.3d 389, 393 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit identified four criteria that this Court should consider in evaluating a proposed settlement of estate claims: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." The <u>Martin</u> criteria are "designed to achieve the objective of having the trustee or debtor in possession act in the best interests of the estate." <u>In re Nationwide Sports Distribs., Inc.</u>, 227 B.R. 455, 460 (Bankr. E.D. Pa. 1998) (citation omitted). The trustee or debtor in possession bears the burden of persuasion to prove that the settlement is in the estate's best interests. <u>See id.</u> (citations omitted).

6. In considering the fourth <u>Martin</u> factor – the "paramount interest of the creditors" – courts in the Third Circuit have taken the practical approach of (i) identifying the parties affected by the proposed settlement and (ii) assessing what effect the settlement has on their interests. <u>See In re Louise's, Inc.</u>, 211 B.R. 790, 801 (D. Del. 1997) (rejecting proposed compromise under Rule 9019 as a "disguised" plan of reorganization); <u>In re Key3Media Group, Inc.</u>, 336 B.R. 87, 98 (Bankr. D. Del. 2005) (noting the position of secured creditors with regard to compromise of estate claims subject to liens); <u>see also</u> <u>Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.)</u>, 283 F.3d 159, 165 (3d Cir. 2002) (noting that, on remand, bankruptcy court should consider proposed settlement's impact on equity security holders, given that unsecured creditors were paid in full). In fulfilling its gatekeeping role under <u>Martin</u>, this Court is obligated to reject settlements which favor one creditor constituency at the expense of another creditor group. <u>See</u> <u>Tindall v. Mavrode (In re Mavrode)</u>, 205 B.R. 716, 721 (Bankr. D.N.J. 1997) ("A proposed settlement will necessarily fail where one creditor

benefits at the other creditors' expense"). If "the rights of others who are not party to the settlement are unduly prejudiced," this Court should reject the settlement, as "'no one [should be] set apart for unfair treatment.'" See In re Medical Asset Management, Inc., 249 B.R. 659, 663 (Bankr. W.D. Pa. 2000) (citation omitted).

7. The payment of the Estate Share to a trust benefitting general unsecured creditors is inconsistent with the fourth Martin factor and unfair to both administrative and priority unsecured creditors, as it puts general unsecured creditors in a better position than they would have been if the Committee had successfully litigated the Remaining Issues to a best-scenario close. The Remaining Issues that are being compromised are issues involving (i) the validity and extent of the Pre-Petition Secured Parties' interests in collateral and (ii) the Pre-Petition Secured Parties' entitlement to fees and expenses pursuant to 11 U.S.C. § 506(b). In the event that the Committee were to successfully litigate those issues to a final, non-appealable judgment, the Pre-Petition Secured Parties' claim(s) would be fixed at a certain dollar amount and found to be secured against a defined collateral package. The position of general unsecured creditors would be improved in that scenario, as the prospects for confirming a chapter 11 plan which would pay allowed administrative claims and unsecured priority claims would be improved. Under no circumstances, however, would litigation of the Remaining Issues to a close result in a cash payment directly to general unsecured creditors at the expense of administrative and priority unsecured creditors.[2]

---

[2] Additionally, the trust fund described in paragraph 3(e) of the stipulation may be an attempt to effect a partial substantive consolidation of the Debtors' estates by pooling assets of multiple estates. During the pendency of the Debtors' exclusive periods, neither BofA nor the Committee has a right to pursue such relief, putting aside issues of (i) whether partial substantive consolidation may be granted outside of the plan process and/or (ii) whether the required evidentiary showing has been made. See In re Owens Corning, 419 F.3d 195 (3d Cir. 2005).

**CONCLUSION**

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Motion.

        Respectfully submitted,

        **KELLY BEAUDIN STAPLETON**
        **UNITED STATES TRUSTEE**


        BY:  /s/ Joseph J. McMahon, Jr.
              Joseph J. McMahon, Jr., Esquire (# 4819)
              Trial Attorney
              United States Department of Justice
              Office of the United States Trustee
              J. Caleb Boggs Federal Building
              844 King Street, Room 2207, Lockbox 35
              Wilmington, DE  19801
              (302) 573-6491
              (302) 573-6497 (Fax)

Date:  April 8, 2008