**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **AMERICAN HOME MORTGAGE** | ) | **Case No. 07-11047-CSS** |
| **HOLDINGS, INC., et al.,** | ) | |
| **Debtors** | ) | **Jointly Administered** |
| | ) | Related to Doc. No. 3315 |
| | ) | Hearing Date: April 14, 2008 at 10:00 a.m. (ET) |
| | ) | Objection Date: April 7, 2008 at 4:00 (ET) |

**RESPONSE OF MBIA INSURANCE CORPORATION TO
DEBTORS' FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS
PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1**

MBIA Insurance Corporation ("MBIA") hereby files its Response (the "Response") to

the Debtor's First Omnibus (Non-Substantive) Objection to Claims (the "Objection") and states as

follows:

1.      In the Objection, the Debtors object on a non-substantive basis to three separate

proofs of claim filed by MBIA.  The three proofs of claim were filed by MBIA against American Home

Mortgage Acceptance, Inc., American Home Mortgage Servicing, Inc. and American Home Mortgage

Investment Corp. under the jointly administered case number 07-11047.  The sole basis for the

Debtors' Objection is that these three claims of MBIA are duplicative.

2.      The above-referenced proofs of claim filed by MBIA are not duplicative.  While

the proofs of claim are similar in form, the three proofs of claim were filed and are asserted against

three separate Debtors.  Accordingly, these claims are not duplicative and the Debtors' Objection must

be overruled to the extent the Objection applies to these claims.  Any objection to the effect that certain

4834-3428-8129.7

claims described in the proofs of claim are not owed by a particular Debtor is a substantive issue that is not raised in the current Objection and would need to be raised by a separate objection, if any.

3.      Additionally, the proposed order relating to the Objection is overly broad. The proposed order would disallow and expunge the "Disputed Claims." As defined in the Objection, the term "Disputed Claims" includes all claims listed on Exhibits A and B to the proposed order. Neither the definition of "Disputed Claims" nor the proposed order excludes surviving claims. Any order addressing the above-referenced MBIA claims would need to specify that each of the three claims is a surviving claim.

WHEREFORE, MBIA respectfully requests that the Court deny the Objection as it relates to the claims of MBIA referenced therein and grant MBIA such other and further relief as the Court deems appropriate or just.

Dated: Wilmington, Delaware
       April 4, 2008

                                        **KUTAK ROCK LLP**

                                        *Brown*
                                        _____
                                        Bruce A. Wilson, Esq. (NE Bar # 18885), *pro hac vice*
                                        1650 Farnam Street
                                        Omaha, Nebraska 68102
                                        Telephone: (402) 346-6000
                                        Facsimile: (402) 346-1148
                                        Email: bruce.wilson@kutakrock.com

                                        ATTORNEYS FOR MBIA INSURANCE
                                        CORPORATION

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **AMERICAN HOME MORTGAGE** | ) | **Case No. 07-11047-CSS** |
| **HOLDINGS, INC., et al.,** | ) | |
| **Debtors** | ) | **Jointly Administered** |
| | ) | Related to Doc. No. 3315 |
| | ) | Hearing Date: April 14, 2008 at 10:00 a.m. (ET) |
| | ) | Objection Date: April 7, 2008 at 4:00 (ET) |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2008, a true and complete copy of the Response of MBIA Insurance Corporation to Debtors' First Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1, was served via overnight delivery, postage prepaid, on the party listed below.

Edward J. Kosmowski, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801

Bruce A. Wilson, Esq. (NE Bar # 18885), *pro hac vice*

4834-3428-8129.7