# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------- x  Chapter 11
In re:                                                      :
                                                            :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                      :
HOLDINGS, INC., a Delaware corporation, et al.,[1]          :  Jointly Administered
                                                            :
                    Debtors.                                :
----------------------------------------------------------- x

## MOTION OF AH MORTGAGE ACQUISITION CO., INC. FOR AN ORDER SHORTENING NOTICE WITH RESPECT TO EMERGENCY MOTION OF AH MORTGAGE ACQUISITION CO., INC. TO COMPEL DEBTORS TO EFFECTUATE THE FINAL CLOSING UNDER THE ASSET PURCHASE AGREEMENT FOR THE SALE OF THE DEBTORS' MORTGAGE SERVICING BUSINESS

AH Mortgage Acquisition Co., Inc. (the "Purchaser") hereby moves the Court, pursuant to Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order (i) shortening the time for notice of the hearing to consider the Emergency Motion of AH Mortgage Acquisition Co., Inc. to Compel Debtors to Effectuate the Final Closing Under the Asset Purchase Agreement for the Sale of the Debtors' Mortgage Servicing Business (the "Motion to Compel") to allow the Motion to Compel to be heard at the omnibus hearing in these cases set for April 14, 2008 at 10:00 a.m., Delaware time or as soon thereafter as the Court

---

[1] The debtors in these cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for American Home Mortgage Servicing, Inc., whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

DLI-6181172v3

deems appropriate and (ii) setting a deadline of April 11, 2008 at 4:00 p.m., Delaware time or such other deadline the Court deems appropriate, for parties in interest to file and serve any responses to the Motion to Compel. In support of this Motion, the Purchaser respectfully represents as follows:

1. Local Rule 9006-1(c) provides for a notice period of 16 days (if service is by overnight delivery) for motions, such as the Motion to Compel, which are not otherwise governed by the notice provisions of the Federal Rules of Bankruptcy Procedure or the Local Rules. Local Rule 9006-1(e) provides that the Court can shorten such notice period "on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As described below and in the Declaration of Josh R. Seegopaul (the "Seegopaul Declaration"), a copy of which is attached to the Motion to Compel as Exhibit A, shortening notice of the Motion to Compel is warranted in light of the potential significant harm and damages the Purchaser may otherwise suffer, and for which the Purchaser intends to hold the Debtors' estates liable.

2. As described in detail in the Motion to Compel and the Seegopaul Declaration, pursuant to the terms of the Asset Purchase Agreement dated as of September 25, 2007 (as subsequently amended, the "APA"), the Purchaser formally notified the Debtors on April 4, 2008 that the Purchaser's regulatory approval condition — the only remaining condition for the final closing of the sale of the Debtors' loan servicing business to the Purchaser — had been satisfied. Under the APA, the Final Closing (as such capitalized term is defined in the APA) is required to take place on the business day following the date on which the regulatory approval condition is satisfied or waived. Accordingly, the Purchaser demanded that the Debtors close no later than April 7, 2008. (Seegopaul Decl. ¶ 3.) Although there were no unsatisfied closing conditions, the Debtors informed the Purchaser on April 7 that they were not willing to

close because they had not yet obtained a consent from a third party. (Id.) As described in the Motion to Compel, obtaining that consent is not a condition to the Debtors' obligation to close, and the Debtors are in breach of the APA for failure to close. Because of the potential substantial harm the Purchaser will suffer as a result of any lengthy delay, the Purchaser filed the Motion to Compel, seeking to compel the Debtors to effectuate the Final Closing.

3.  Expedited consideration of the Motion to Compel is necessary to minimize the significant harm to the Purchaser that would result from further delay of the Final Closing and the related administrative claim that the Purchaser will assert against the Debtors' estates as a result of the Debtors' delay. As an initial matter, each day the Final Closing is delayed causes the Purchaser to suffer damages under the APA. In particular, the APA allocates certain overhead costs of the loan servicing business, totaling $350,000 per month, to the Purchaser during the period between the Initial Closing Date and the Final Closing Date (as such capitalized terms are defined in the APA). (See APA § 6.2(b); Ex. G to APA.; Seegopaul Decl. ¶ 6.) The Purchaser's responsibility for such overhead costs, however, will be substantially reduced after the Final Closing Date, pursuant to the Transition Services Agreement (as such capitalized term is defined in the APA). (Seegopaul Decl. ¶ 6.) In addition, under section 6.2(f) of the APA, the Debtors agreed to remit certain fees to the Purchaser for servicing certain mortgage loans during the period from the Initial Closing Date through the Final Closing Date. The amount of such fees following the Final Closing Date, however, is expected to be substantially more than the amount of the current fees. Thus, the longer the Final Closing Date is delayed, the more overhead costs the Purchaser will incur and the more fees the Purchaser will forego. (Id.)

4.  Furthermore, a delay of even two weeks in closing under the APA will jeopardize the targeted April 30, 2008 closing date for the Purchaser's acquisition of the mortgage servicing rights of Option One Mortgage Corporation (the "Option One Sale"). (Seegopaul Decl. ¶ 7.) Pursuant to that certain Purchase Agreement by and among Option One Mortgage Corporation, the Purchaser and certain other entities, dated March 17, 2008 (the "Option One Agreement"), Option One Mortgage Corporation has agreed to sell to the Purchaser certain assets relating to its business of servicing residential mortgage loans. Because, among other reasons, the regulatory approvals and licensing obtained to operate the mortgage servicing business to be acquired at the Final Closing under the APA will serve as the necessary licensing for the Option One servicing platform, one of the financing conditions that must be satisfied to close under the Option One Agreement is that the Final Closing has occurred on the Purchaser's acquisition of the Debtors' mortgage servicing business. (Id.) The Option One Sale is targeted to close on April 30, 2008 and, because of certain purchase price adjustments and other factors, the Purchaser will incur substantial damages if the Option One Sale fails to close on or before April 30. (Id.) The various parties involved in the Option One Sale, however, are unlikely to devote the substantial resources necessary to prepare for closing that sale until the Final Closing under the APA has occurred. As a result, if the Final Closing under the APA remains uncertain for another couple of weeks, it will seriously jeopardize the ability of the Purchaser to close the Option One Sale on or before April 30. (Id.)

5.  Additionally, any prolonged delay of the Final Closing could raise concerns among the employees to be transitioned to the Purchaser at the Final Closing, the Federal Home Loan Mortgage Corporation (Freddie Mac), the Federal National Mortgage Association (Fannie Mae), and the credit rating agencies, all of whom were already notified that

the Purchaser expected the Final Closing to occur by now. (Seegopaul Decl. ¶ 7.) It is critical to the success of the Purchaser's business that these parties have confidence in the Purchaser, and the Final Closing under the APA must occur as quickly as reasonably possible to avoid damage to the Purchaser's reputation and business prospects. (Id.)

6. Accordingly, the Purchaser requests that the Motion to Compel be heard at the hearing currently scheduled for April 14, 2008 at 10:00 a.m., Delaware time, or as soon thereafter as the Court deems appropriate, with any responses to be filed and served by April 11, 2008 at 4:00 p.m., Delaware time, or by such other deadline the Court deems appropriate. In light of the shortened notice period, the Purchaser will serve the Motion to Compel by overnight delivery or hand delivery on counsel to the Debtors, counsel to the Committee, counsel to the prepetition lenders, the Office of the United States Trustee and counsel to Calyon New York Branch; and by hand delivery to all local counsel and first class mail to all other parties requesting notices in these cases.

WHEREFORE, the Purchaser respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) granting the relief requested herein and (ii) granting such other and further relief to the Purchaser as the Court may deem proper.

Dated: Wilmington, Delaware
April 8, 2008

        GREENBERG TRAURIG, LLP

        */s/ Victoria W. Counihan*
        Victoria W. Counihan (BAR #3488)
        The Nemours Building
        1007 North Orange Street, Suite 1200
        Wilmington, DE 19801
        (302) 661-7000
        counihanv@gtlaw.com

        and

        JONES DAY
        Daniel P. Winikka
        Daniel B. Prieto
        Eric N. McKay
        2727 North Harwood Street
        Dallas, Texas 75201-1515
        (214) 220-3939

        Counsel for AH Mortgage Acquisition Co., Inc.