UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                            : Chapter 11
                                                  :
AMERICAN HOME MORTGAGE HOLDINGS,                  : Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]          :
                                                  : Jointly Administered
      Debtors.                                    :
                                                  : Objection Deadline: April 29, 2008 at 4:00 p.m. (ET)
---------------------------------------------------------------- x

**NOTICE OF FILING OF SETTLEMENT AGREEMENT PURSUANT TO
SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019**

TO:   (I) THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (II) COUNSEL TO THE COMMITTEE; (III) COUNSEL TO THE DEBTORS' POSTPETITION LENDER; AND (IV) ALL PARTIES ENTITLED TO NOTICE UNDER DEL. BANKR. LR 2002-1(B)

**PLEASE TAKE NOTICE** that, in accordance with the Order Pursuant to Bankruptcy Rule 9019 and Section 105 of the Bankruptcy Code, Authorizing the Debtors to Adopt and Implement Omnibus Settlement Procedures for Notice and Settlement of Certain State Court Causes of Action Filed By the Debtors [Docket No. 2209] (the "Order"),[2] the Debtors in the above captioned bankruptcy cases have filed the settlement agreement by and between American Home Mortgage, Corp. and Aurora Mortgage, LLC along with the accompanying unlimited guaranty agreement, attached hereto as Exhibit B, which settles certain causes of action for the aggregate amount of $20,000 (the "Settlement").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] A copy of the Order is attached hereto as Exhibit A.

DB02:6723842.1                                                                    066585.1001

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, any objections or responses are to be filed on or before **April 29, 2008 at 4:00 p.m. (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801 and served upon each of the following parties so as to be received on or before the Objection Deadline: (i) the Office of the United States Trustee, (ii) counsel to the Debtors, (iii) counsel to the Committee, (iv) counsel to the Debtors' Postpetition Lender, and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b).

**PLEASE TAKE FURTHER NOTICE** that if an objection or response is not filed by the Objection Deadline, the Debtors will file a certificate of no objection after which the Settlements shall be deemed approved pursuant to Bankruptcy Rule 9019, section 105 of the Bankruptcy Code, and the terms set forth in the Order without further order from the Court.

Dated: Wilmington, Delaware  
April 9, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)  
Robert S. Brady (No. 2847)  
Pauline Morgan (No. 3650)  
Matthew B. Lunn (No. 4119)  
Donald J. Bowman, Jr. (No. 4383)  
The Brandywine Building  
1000 West Street, 17th Floor  
P.O. Box 391  
Wilmington, Delaware 19899-0391  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

Counsel for the Debtor and Debtor-in-Possession

# **EXHIBIT A**

## Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :  Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS,                             :  Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]                     :
                                                             :  Jointly Administered
Debtors.                                                     :
                                                             :  Ref. Docket No.: 1916
------------------------------------------------------------ x

### ORDER, PURSUANT TO BANKRUPTCY RULE 9019 AND SECTION 105 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO ADOPT AND IMPLEMENT OMNIBUS SETTLEMENT PROCEDURES FOR NOTICE AND SETTLEMENT OF CERTAIN STATE COURT CAUSES OF ACTION FILED BY THE DEBTORS

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to adopt and implement the omnibus Settlement Procedures for the notice and settlement of Affirmative Cases; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefore; it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

DB02:6385066.2                                                                                      066585.1001

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, in their sole discretion, to settle Affirmative Cases pursuant to the Settlement Procedures set forth below:

    a.    The Debtors may negotiate, compromise or settle any Affirmative Cases. The Debtors shall file notice of the proposed settlement along with a copy of the proposed settlement agreement (the "Settlement Notice") and serve same on (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the Debtors' Postpetition Lender; and (iv) all parties entitled to notice under Del. Bankr. LR 2002-1(b) (collectively, the "Notice Parties");

    b.    Objections must be filed with the Bankruptcy Court and served upon counsel to the Debtors and the Notice Parties so as to be received on or before twenty (20) days or such later date agreed to by the Debtors (the "Notice Period") after service of the Settlement Notice;

    c.    If no objection to the proposed settlement is filed and served within the Notice Period, then the Debtors shall file with the Bankruptcy Court a certificate of no objection after which the proposed settlement shall be deemed approved pursuant to Bankruptcy Rule 9019 and section 105 of the Bankruptcy Code;

    d.    If an objection is received from one or more of the Notice Parties, during the Notice Period the Debtors shall not proceed with the proposed settlement unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the settlement by separate order entered after the Debtors file a motion and notice;

    e.    With respect to a proposed settlement reached and approved pursuant to the Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing.

    f.    The Debtors shall use good-faith efforts to timely respond to informal requests for information from Notice Parties relating to settlements proposed under the Settlement Procedures.

and it is further

ORDERED that nothing contained in this Order is intended to abrogate or otherwise affect the jurisdiction of courts in which Affirmative Cases are pending; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Date: Wilmington, Delaware
      November 23, 2007

_____
Christopher S. Sontchi
United States Bankruptcy Judge

## **EXHIBIT B**

ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

DIRECT DIAL
(212) 826-5357
bgoodman@zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

April 2, 2008

**BY E-MAIL**

Siddharth G. Dubal, Esq.
Dubal Law Offices, LLC
15 Corporate Place South, Suite 319
Piscataway, New Jersey 08854

**American Home Mortgage Corp. v. Aurora Mortgage, LLC
Case No.: 07 CV 0521 (E.D.N.Y.); Index No. 601884/07 (N.Y. Supreme)**

Dear Mr. Dubal:

      This shall confirm that American Home Mortgage Corp. ("American Home") and Aurora Mortgage, LLC ("Aurora") have agreed to a settlement in the referenced actions (the "Actions") on the following terms:

      Aurora shall pay American Home $20,000. in settlement of the Actions in the following payments to be received by us not later than the dates stated: (i) $5,000. – April 2, 2008; this payment shall be made by Bank Teller's Check; (ii) $3,000. – May 2, 2008; (iii) $2,000. – June 2, 2008; (iv) $2,000. – July 2, 2008; (v) $2,000. – August 2, 2008; (vi) $2,000. – September 2, 2008; (vii) $2,000. – October 2, 2008; and (viii) $2,000. – November 2, 2008 (the "Settlement Payments"). Each of the Settlement Payments shall be by check to the order of "Zeichner Ellman & Krause LLP, as attorneys" ("ZEK"). Aurora's failure to make any of the Settlement Payments within five (5) days of when it is due shall constitute an Event of Default. ZEK will deposit the Settlement Payments in escrow for the benefit of American Home pending approval of this settlement by the United States Bankruptcy Court for the District of Delaware, the Court in which the American Home bankruptcy is proceeding (the "Bankruptcy Court"). To secure the payment of the Settlement Payments, upon execution of this agreement, Suneer Prince Aurora ("Guarantor"), Aurora's president and CEO, shall execute and deliver to American Home an Unlimited Guaranty of Payment in the form annexed hereto as Exhibit A, which shall be held by ZEK pending completion of Aurora's obligations hereunder, and in the Event of Default by Aurora may be used by

ZEICHNER ELLMAN & KRAUSE LLP

Siddharth G. Dubal, Esq.
April 2, 2008
Page 2

American Home to take any and all action to recover any sums outstanding pursuant to this agreement.

Upon an Event of Default by Aurora as set forth above, American Home may enforce all of its rights including, without limitation, enforcing the Unlimited Guaranty of Payment, provided however that American Home has provided Aurora and Guarantor notice of such Event of Default by facsimile to the facsimile numbers set forth below, and neither Aurora nor Guarantor has cured the default within three (3) days of the sending of such notice:

Aurora and Guarantor:

Siddharth G. Dubal, Esq.
Dubal Law Offices, LLC
15 Corporate Place South, Suite 319
Piscataway, New Jersey 08854
Fax: (732) 465-0464

The parties to this agreement understand that by this agreement Aurora acquires no rights in any mortgages or underlying real property securing such mortgages (or to any proceeds of either) that are the subject of the Actions, or otherwise. Upon approval of the settlement embodied in this agreement by the Bankruptcy Court, American Home and Aurora will discontinue the Actions with prejudice, and ZEK may disburse from its escrow account any and all Settlement Payments received or to be received for the benefit of American Home. Upon completion of the payment of the full amount of all of the Settlement Payments by Aurora the parties shall exchange Releases in the forms annexed hereto as Exhibit B. In the event that the Bankruptcy Court does not approve this settlement, ZEK will return all Settlement Payments received from Aurora to it within 30 days of its receipt of written notice of such disapproval by the Bankruptcy Court.

If any payments of money made to American Home by Aurora pursuant to the terms of this Agreement should for any reason subsequently be declared to be "fraudulent" (within the meaning of any state or federal law relating to fraudulent conveyances), preferential, or otherwise voidable or recoverable, in whole or in part for any reasons, under the Bankruptcy Code or any other federal or state law (collectively referred to herein as "Voidable Transfers") and American Home is required to repay or restore the amount of any such Voidable Transfers or any portion thereof, then, (including all costs, expenses and attorneys' fees of American Home thereto) the liability of Aurora shall automatically be revived, reinstated and restored in the full amount of American Home's claim, and shall exist as though such Voidable Transfer

ZEICHNER ELLMAN & KRAUSE LLP

Siddharth G. Dubal, Esq.
April 2, 2008
Page 3

had never been made to American Home. Nothing set forth herein is an admission that such Voidable Transfer has occurred or will occur. Aurora expressly acknowledges that American Home may rely upon advice of counsel and, if so advised by counsel, may settle, without defending, any action to void any alleged Voidable Transfer, and that upon such settlement Aurora shall again be liable for any deficiency resulting from such settlement as provided in this Agreement.

Please countersign this letter below and return it to me, along with the executed original of the Unlimited Guaranty of Payment.

Very truly yours,

Bruce S. Goodman

Accepted and Agreed:
Dubal Law Offices, LLC


By: _____
    Siddharth G. Dubal, Esq.
    Attorneys for Defendant


BG/jd

521645.v2/10331-019/BG

ZEICHNER ELLMAN & KRAUSE LLP

Siddharth G. Dubal, Esq.
April 2, 2008
Page 3

had never been made to American Home. Nothing set forth herein is an admission that such Voidable Transfer has occurred or will occur. Aurora expressly acknowledges that American Home may rely upon advice of counsel and, if so advised by counsel, may settle, without defending, any action to void any alleged Voidable Transfer, and that upon such settlement Aurora shall again be liable for any deficiency resulting from such settlement as provided in this Agreement.

Please countersign this letter below and return it to me, along with the executed original of the Unlimited Guaranty of Payment.

Very truly yours,

Bruce S. Goodman

Accepted and Agreed:
Dubal Law Offices, LLC

By: _____
Siddharth G. Dubal, Esq.
Attorneys for Defendant

BG/jd

521645.v2/10331-019/BG

Exhibit A

## UNLIMITED GUARANTY OF PAYMENT

Vienna, Virginia
April 2, 2008

WHEREAS, American Home Mortgage Corp., a Delaware corporation having an address at 538 Broadhollow Road in Melville, New York ("American Home") and Aurora Mortgage, LLC, a Virginia corporation, having an address at 8150 Leesburg Pike, Suite 1070, Vienna, Virginia ("Aurora"), have entered into a settlement agreement dated as of April 2, 2008 in settlement of two actions captioned <u>American Home Mortgage Corp. v. Aurora Mortgage, LLC</u>, Case No. 07 CV 0521, pending in the United States District Court for the Eastern District of New York, and Index No. 601884/07, pending in the Supreme Court of the State of New York, pursuant to which Aurora is obligated to pay American Home the principal sum of $20,000. (the "Settlement Amount"), of which Guarantors agree to guaranty $15,000. (the "Guaranteed Amount");

WHEREAS, American Home is willing to enter into the Settlement Agreement only if the undersigned executes and delivers this guaranty and guarantees payment to American Home of the Guaranteed Amount in the manner hereinafter provided; and

WHEREAS, the undersigned, having an interest in the management, operations and business affairs of Aurora, and deriving a benefit from the Settlement Agreement, has agreed to execute and deliver this guaranty;

NOW, THEREFORE, in consideration of the promises and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and in order to induce American Home to enter into the Settlement Agreement, the undersigned hereby guarantees to American Home, absolutely and unconditionally, the full and immediate payment and performance of the Guaranteed Amount and covenants and agrees with American Home as follows:

The undersigned agrees that, with or without notice or demand, the undersigned will reimburse American Home, to the extent that such reimbursement is not made by Aurora, for all expenses (including, without limitation, reasonable legal counsel fees) incurred by American Home in connection with the collection of the Guaranteed Amount or any portion thereof or in any action or proceeding brought by American Home to enforce the obligations of the undersigned under this guaranty.

The undersigned hereby waives (a) notice of acceptance of this guaranty and of the making of the Settlement Agreement by American Home and Aurora; (b) presentment and demand for payment of the Guaranteed Amount or any portion thereof; (c) protest and notice of dishonor or default to the undersigned or to any other person or

party with respect to the Guaranteed Amount or any portion thereof; (d) all other notices to which the undersigned might otherwise be entitled; and (e) any demand for payment under this guaranty.

This is a guaranty of payment and not of collection and the undersigned further waives any right to require that any action be brought against Aurora or any other person or entity.

Each reference herein to American Home shall be deemed to include its successors and assigns, in whose favor the provisions of this guaranty shall also inure. Each reference herein to the undersigned shall be deemed to include the heirs, executors, administrators, legal representatives, successors and assigns of the undersigned, all of whom shall be bound by the provisions of this guaranty, provided, however, that the undersigned shall in no event or under any circumstance have the right without obtaining the prior written consent of American Home to assign or transfer the undersigned's obligations and liabilities under this guaranty, in whole or in part, to any other person, party or entity.

The undersigned acknowledges that this guaranty and the undersigned's obligations under this guaranty are and shall at all times continue to be absolute and unconditional in all respects, and shall at all times be valid and enforceable irrespective of any other agreements or circumstances of any nature whatsoever which might otherwise constitute a defense to this guaranty and the obligations of the undersigned under this guaranty or the obligations of any other person or party (including, without limitation, Aurora) relating to this guaranty or the obligations of the undersigned hereunder or otherwise with respect to the Settlement Agreement.

This guaranty may only be modified, amended, changed or terminated by an agreement in writing signed by American Home and the undersigned. No waiver of any term, covenant or provision of this guaranty shall be effective unless given in writing by American Home and if so given by American Home shall only be effective in the specific instance in which given. This guaranty sets forth the entire agreement and understanding of American Home and the undersigned, and the undersigned absolutely, unconditionally and irrevocably waives any and all right to assert any defense, setoff, counterclaim or crossclaim of any nature whatsoever with respect to this guaranty or the obligations of the undersigned under this guaranty or the obligations of any other person or party (including, without limitation, Aurora) relating to this guaranty or the obligations of the undersigned hereunder or otherwise with respect to the Settlement Agreement in any action or proceeding brought by American Home to collect the Guaranteed Amount, or any portion thereof, or to enforce the obligations of the undersigned under this guaranty. The undersigned acknowledges that no oral or other agreements, understandings, representations or warranties exist with respect to this guaranty or with respect to the

obligations of the undersigned under this guaranty, except those specifically set forth in this guaranty.

The undersigned hereby irrevocably and unconditionally waives, and American Home by its acceptance of this guaranty irrevocably and unconditionally waives, any and all right to trial by jury in any action, suit or counterclaim arising in connection with, out of or otherwise relating to this guaranty.

No delay on the part of American Home in exercising any right or remedy hereunder or failure to exercise the same shall operate as a waiver in whole or in part of any of such right or remedy. No notice to or demand on the undersigned shall be deemed to be a waiver of the obligation of the undersigned or of the right of American Home to take further action without notice or demand as provided herein.

The undersigned hereby waives any claim, right or remedy which the undersigned may now have or hereafter acquire against Aurora that arises hereunder and/or from the performance by the undersigned hereunder including, without limitation, any claim, remedy or right of subrogation, reimbursement, exoneration, contribution, indemnification or participation in any claim, right or remedy of American Home against Aurora or any security which American Home now has or hereafter acquires, whether or not such claim, right or remedy arises in equity, under contract, by statute, under common law or otherwise.

Any notice, request or demand given or made under this guaranty shall be in writing and shall be hand delivered or sent by UPS or other reputable courier service or by postage prepaid registered or certified mail, return receipt requested, and shall be deemed given (i) when received at the following addresses if hand delivered or if sent by UPS or other reputable courier service, or (ii) three (3) business days after being postmarked and addressed as follows if sent by registered or certified mail, return receipt requested:

      If to American Home:

      American Home Mortgage Corp.
      538 Broadhollow Road
      Melville, New York 11747
      Attn: John J. Kalas, Esq.

With a copy to:

Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, New York 10022
Attention: Mark Zeichner, Esq.

If to the undersigned:

Suneer Prince Aurora
[_____]
[_____]

With a copy to:

Siddharth G. Dubal, Esq.
Dubal Law Offices, LLC
15 Corporate Place South, Suite 319
Piscataway, New Jersey 08854

Each party to this guaranty may designate a change of address by notice given to the other party fifteen (15) days prior to the date such change of address is to become effective.

       This guaranty is, and shall be deemed to be, a contract entered into under and pursuant to the laws of the State of New York and shall be in all respects governed, construed, applied and enforced in accordance with the laws of said state. No defense given or allowed by the laws of any other state or country shall be interposed in any action or proceeding hereon unless such defense is also given or allowed by the laws of the State of New York. The undersigned agrees to submit to personal jurisdiction in the State of New York in any action or proceeding arising out of this guaranty and, in furtherance of such agreement, the undersigned hereby agrees and consents that without limiting other methods of obtaining jurisdiction, personal jurisdiction over the undersigned in any such action or proceeding may be obtained within or without the jurisdiction of any court located in New York and that any process or notice of motion or other application to any such court in connection with any such action or proceeding may be served upon the undersigned by registered or certified mail to or by personal service at the last known address of the undersigned, whether such address be within or without the jurisdiction of any such court.

4

    This guaranty may be executed in one or more counterparts by some or all of the parties hereto, each of which counterparts shall be an original and all of which together shall constitute a single agreement of guaranty. The failure of any party listed below to execute this guaranty, or any counterpart hereof, shall not relieve the other signatories from their obligations hereunder.

    IN WITNESS WHEREOF, the undersigned has executed this guaranty as of the date first above set forth.

_____
Suneer Prince Aurora

Sworn to before me this ___ day of _____, 2008

Exhibit B

B 111—General Release by Corporation: 11-98

BlumbergExcelsior, Inc.
PUBLISHER NYC 10013

# To all to whom these Presents shall come or may Concern, Know That

AMERICAN HOME MORTGAGE CORP.

A corporation organized under the laws of the State of DELAWARE in consideration of the sum of , as RELEASOR,

($ 20,000.00 ),

received from

AURORA MORTGAGE, LLC

as RELEASEE,

receipt whereof is hereby acknowledged, releases and discharges

the RELEASEE, RELEASEE'S heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE, relating to claims in the actions captioned American Home Mortgage Corp. v. Aurora Mortgage, LLC, Case No. 07 CV 521, pending in the United States District Court for the Eastern District of New York, and American Home Mortgage Corp. v. Aurora Mortgage, LLC Index No. 601884/07, pending in the Supreme Court of the State of New York.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE may not be changed orally.

*In Witness Whereof*, the RELEASOR has *caused this RELEASE to be executed by its duly authorized officers and its corporate seal to be hereunto affixed* on

**In presence of:**

By ................................................................................................

**State of New York, County of**                    SS.:  ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)
On                      before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
*(signature and office of individual taking acknowledgment)*

*If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."*

B 111—General Release by Corporation: 11-98

BlumbergExcelsior, Inc.
PUBLISHER NYC 10013

# To all to whom these Presents shall come or may Concern, Know That

AURORA MORTGAGE, LLC

A corporation organized under the laws of the State of Virginia, as RELEASOR,
in consideration of the sum of

($ 10.00        ),
received from

AMERICAN HOME MORTGAGE CORP.

as RELEASEE,
receipt whereof is hereby acknowledged, releases and discharges

the RELEASEE, RELEASEE'S heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE may not be changed orally.

**In Witness Whereof,** the RELEASOR has *caused this RELEASE to be executed by its duly authorized officers and its corporate seal to be hereunto affixed* on

**In presence of:**

................................................................................................

By ................................................................................................

**State of New York, County of**          SS.:   ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)
On                        before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
*(signature and office of individual taking acknowledgment)*

*If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."*