IN THE UNITED STATES BANKRUTPCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
In re:                                                                                    Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS, INC.,          Case No. 07-11047 (CSS)
a Delaware corporation, *et al.*,[1]                                        Jointly Administered

                                    Debtors.                      Re: Docket No. 3054
---------------------------------------------------------------X

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
SUPPORT OF THE MOTION OF BANK OF AMERICA, N.A., AS
ADMINISTRATIVE AGENT, FOR RELIEF FROM
AUTOMATIC STAY, PURSUANT TO 11 U.S.C. § 362(D),
ALLOWING THE ADMINISTRATIVE AGENT TO EXERCISE
<u>ITS RIGHTS AS A SECURED CREDITOR</u>**

      The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by their undersigned co-counsel, hereby files this statement in support of the *Motion of Bank of America, N.A., As Administrative Agent, For Relief From Automatic Stay, Pursuant To 11 U.S.C. § 362(d), Allowing The Administrative Agent To Exercise Its Rights As A Secured Creditor* [Docket No. 3054] (the "Stay Relief Motion") and respectfully states as follows:

**RELEVANT BACKGROUND**

      1.      On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc. and certain of its affiliates (the "Debtors") filed with this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

      2.      On August 14, 2007, the Office of the United States Trustee formed the Committee.

---

[1]     The Debtors in these cases are: AHM Holdings; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

128189.01600/40174225v.1

3. On September 4, 2007, the Court entered its Final Order (i) Authorizing Debtors' Limited Use of Cash Collateral and (ii) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties [Docket No. 554] (as amended, the "Cash Collateral Order"). Pursuant to the Cash Collateral Order, the Committee was deemed to have standing, on behalf of the Debtors' estates, to bring certain causes of action against the Pre-Petition Secured Parties.

4. After extensive negotiations, the Committee and the Administrative Agent entered into a stipulation (the "Final Stipulation") resolving all issues between the Committee and the Administrative Agent that had been reserved for the Committee in the Cash Collateral Order. On March 14, 2008, the Committee and the Administrative Agent filed a joint motion for Court approval of the Final Stipulation pursuant to Fed. R. Bankr. P. 9019. The hearing addressing approval of the Final Stipulation is presently scheduled to be heard on April 14, 2008.

*Stay Relief Motion*

5. On February 22, 2008, the Administrative Agent filed the Stay Relief Motion seeking modification of the automatic stay to allow the Administrative Agent to sell or dispose of its principal remaining Collateral, consisting of approximately 3,400 residential mortgage loans (the "Mortgage Loans"), in an orderly fashion to maximize their value.

6. The Debtors have objected to the Stay Relief Motion asserting, *inter alia*, that a sale of the Mortgage Loans should be postponed indefinitely until market conditions improve and that the Debtors should retain control of the Mortgage Loans until that unspecified future date.

## **SUPPORT**

7. The Committee hereby files this pleading in support of the relief sought by the Administrative Agent in the Stay Relief Motion.

8. Based on the present market conditions (which have experienced a downturn since the Petition Date), the terms of the Final Stipulation, and the status of the chapter 11 proceedings, the Committee believes the Administrative Agent, and not the Debtors, should be the party that controls the disposition process for the Mortgage Loans.  The Committee believes that the Administrative Agent, one of the largest financial institutions in the United States with significant connections, access and experience in monetizing these types of assets, is the party best situated, and has the best incentive, to maximize the recovery from the disposition of the Mortgage Loans.  In comparison, the Debtors are liquidating entities with no on-going servicing or origination platforms and only a skeleton staff.  The Committee is gravely concerned about the expenses being incurred on an ongoing basis by the Debtors to maintain, service and potentially to dispose of the Mortgage Loans.

9. For these reasons, the Committee supports the relief sought in the Stay Relief Motion.

**WHEREFORE**, the Committee respectfully requests that the Court approve the Stay Relief Motion and grant such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
April 9, 2008

BLANK ROME LLP

/s/ *David W. Carickhoff*
Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
1201 Market Street, Suite 800
Wilmington, Delaware  19801
(302) 425-6400 - Telephone
(302) 425-6464 - Facsimile

- and -

HAHN & HESSEN LLP
Mark S. Indelicato
Mark T. Power
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
(212) 478-7200 - Telephone
(212) 478-7400 - Facsimile

Co-Counsel to the Official Committee
of Unsecured Creditors of American Home
Mortgage Holdings, Inc., *et al*.