IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC. | ) |
| A Delaware corporation, et al., | ) Jointly Administered |
| Debtors | ) |

## OBJECTION BY MCPHERSON, INC. TO DEBTORS' SECOND OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

Now comes McPherson, Inc. who objects to the non-substantive objection of the Debtor to the claim of McPherson, Inc. In support of this objection McPherson, Inc. hereby respectfully states the following:

McPherson, Inc. is a creditor of the Debtors by way of an investment in the capital stock of American Home Mortgage Holdings, Inc. The Debtors are attempting by their objection, to negate the valid claims of McPherson, Inc. and like creditors, that are based upon violations of the Securities Act of 1933, the Securities Exchange Act of 1934, the Public Utilities Holding Act of 1935, the Trust Indenture Act of 1939, the Investment Company Act of 1940, the Investment Advisors Act of 1940, violations of the securities laws of at least three states within the United States, violations of the

1

common laws of at least three states within the United States, and violations of other federal and state securities laws, including applicable blue sky laws.

At all times relevant, the Debtor and other Debtors were engaged in a conspiracy to obtain substantial equity through investment and approached, directly, or indirectly through brokers, or broker-dealers, the Creditor and other like similarly situated creditors, with one or more plans of investment that failed to disclose known risks and was conducted at a time when the business of the Debtor and the other debtors, was so fraught with potential for failure that the likelihood for any such investment to increase in value or receive dividends was practically nil, and the probability of failure of investment was practically certain.

It would be unfair and inequitable for this Honorable Court to dismiss the claim of this and like Creditors since it would reward illegal and improper conduct to the detriment of investors.

WHEREFORE, the Creditor respectfully requests that the Objection of the Debtor as to the claims of the Creditor McPherson, Inc., be disallowed.

          McPherson, Inc.
          By its attorney,

          Dean C. Brunel, BBO # 061800
          Law Offices of Dean C. Brunel
          75 Central Street, Unit One
          Somerville, MA 02143
          (617) 628-6729

CERTIFICATE OF SERVICE

I, Dean C. Brunel, Attorney for the Creditor, McPherson, Inc., hereby certify that on the 3rd day of April, 2008 a true copy of the foregoing, Objection to the Objection of the Debtors, was served by mail, postage prepaid, directed to:

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Edward J. Kosmowski (No. 3849)
Nathan D. Grow (No 5014)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Dean C. Brunel, BBO # 061800