## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- x

In re:                                                  :    Chapter 11
                                                        :
AMERICAN HOME MORTGAGE                                   :    Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                          :
a Delaware corporation, et al.,[1]                      :    Jointly Administered
                                                        :
        Debtors.                                        :
                                                        :    **Objection Deadline: April 24, 2008 at 4:00 p.m. (ET)**
                                                        :    **Hearing Date: May 1, 2008 at 2:00 p.m. (ET)**
-------------------------------------------------------- x

## DEBTORS' MOTION FOR ORDER, PURSUANT TO BANKRUPTCY RULE 9019 AND SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE, APPROVING THE (I) SETTLEMENT AGREEMENT BY AND BETWEEN THE DEBTORS AND ACE INDUSTRIES, LLC AND (II) RELEASE AND ACKNOWLEDGEMENT AGREEMENT BY AND BETWEEN THE DEBTORS AND TITLE INSURANCE COMPANY RESOLVING CERTAIN PENDING PREPETITION LITIGATION

The debtors and debtors-in-possession in the above-captioned cases (collectively,

the "Debtors") hereby submit this motion (the "Motion") for entry of an order, pursuant to

sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code") and Rule

9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving (i) the

settlement agreement by and between the Debtors and ACE Industries, LLC ("ACE") and (ii) the

release and acknowledgement agreement by and between the Debtors and Title Insurance

Company ("Ticor") resolving certain prepetition litigation captioned ACE Industries, LLC v.

Warren Sanford, William Hunter, Mortgage Electronic Registration Systems, Inc., American

Home Mortgage Corp. and American Home Mortgage Acceptance, Inc., Case No. 06-631517,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Servicing, Inc., a Maryland corporation (1979); American Home Mortgage Acceptance, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Complaine 200, Irving, Texas 75063.

Circuit Court of Wayne County, State of Michigan (the "Litigation"), attached hereto as Exhibit A. In support of this Motion, the Debtors respectfully state and represent as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested are Bankruptcy Rule 9019 and sections 105(a) and 362 of the Bankruptcy Code.

## BACKGROUND[2]

2.      On August 6, 2007 (the "Petition Date") each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4.      On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

5.      In the weeks prior to the Petition Date, an unprecedented disruption in the credit markets caused major write-downs of the Debtors' loan and security portfolios and consequently resulted in margin calls for hundreds of millions of dollars with respect to the Debtors' loans. During this time, certain of the Debtors' warehouse lenders began to exercise

---

[2] A detailed description of the Debtors' businesses and related business information is set forth in the Declaration of Michael Strauss in Support of the Debtors' Chapter 11 Petitions and First Day Relief [D.I. 2] and is incorporated herein by reference.

remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and threatening the company's continued viability.

6.      The Debtors' inability to originate loans and the exercise of remedies by certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the Debtors to discontinue their retail and indirect loan origination business. Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets.

7.      Prior to the Petition Date, a large component of the Debtors' business was the servicing of mortgage loans (the "Servicing Business"). Commencing on October 2, 2007, this Court held a hearing (the "Sale Hearing") to consider the Debtors' motion to sell the Servicing Business. By Order dated October 30, 2007, (the "Sale Order") [Docket No. 1711], the Court approved and authorized the sale of the Debtors' Servicing Business (the "Servicing Sale") to AH Mortgage Acquisition Co., Inc., an affiliate of W.L. Ross & Co., LLC. (such affiliate, the "Purchaser") pursuant to the terms of that certain Asset Purchase Agreement dated as of September 25, 2007 (as amended and together with all exhibits and schedules thereto, the "APA").[3]

8.      Pursuant to the APA, the Servicing Sale will close in two steps. At the "economic" close, which occurred on November 16, 2007 (the "Initial Closing"), the Purchaser paid the Purchase Price in the manner and to the parties as provided in the APA and related agreements referenced therein. From the Initial Closing Date until the "legal" close (the "Final

---

[3]   All capitalized terms used in this section with respect to the APA, but not defined herein, shall have the meanings set forth in the APA. The description of the APA in this section is by way of summary only. To the extent there is any discrepancy between such description and the actual terms of the APA, the latter are controlling.

Closing"), the Debtors agreed to operate the Servicing Business in the Ordinary Course of

Business, subject to the Bankruptcy Exceptions, for the economic benefit and risk of the

Purchaser. The Final Closing has not yet occurred, but is required to occur no later than

September 30, 2008.

## RELEVANT BACKGROUND

9.      On or about November 8, 2006, ACE filed the Litigation naming Warren

Sanford and Mortgage Electronic Registration ("MERS") as co-defendants seeking to quiet title

in a certain property known as 15821 Pinehurst, Detroit, MI (the "Property"). American Home

Mortgage Corp. ("AHM Corp.") and American Home Mortgage Acceptance, Inc. ("AHM

Acceptance") subsequently intervened. The complaint in the Litigation (the "Complaint")

alleges that on or about January 12, 2005, Cynthia Cooper, who acquired the Property by devise

from the estate of Andrew Ringer conveyed the Property by warranty deed to ACE (the "ACE

Deed") which was recorded on July 15, 2005. The Complaint further alleges, however, that on

or about March 10, 2005, William Sanford ("Sanford") also conveyed the Property by warranty

deed to William Hunter (the "Hunter Deed"), which was recorded prior to the ACE Deed on

June 1, 2005.

10.     The Complaint further alleges that on or about March 10, 2005, William

Hunter ("Hunter") borrowed the sum of $42,250.00 from AHM Acceptance. The obligations

under the loan were secured by a mortgage interest in the Property conveyed by Hunter to MERS

on behalf of AHM Acceptance (the "First Mortgage"). In addition, Hunter also borrowed the

sum of $10,000.00 from AHM Corp. The obligations under that loan were also secured by a

mortgage interest in the Property conveyed by Hunter to MERS on behalf of AHM Corp. (the

"Second Mortgage")

11.    When Hunter defaulted on the First Mortgage and a foreclosure sale was conducted on December 7, 2005 by MERS, a dispute arose as to which party had proper title to the Property. The Complaint alleged that Sanford was not the owner of the Property and lacked the authority to transfer title or interest in the Property. Accordingly, the Complaint alleged the following causes of action: Count I (Quiet Title), Count II (Fraud), Count III (Negligence) and Count IV (Slander of Title). AHM Acceptance carried title insurance on the First Mortgage through Ticor. Pursuant to the terms of AHM Acceptance's title insurance policy with Ticor, AHM Acceptance made a claim against Ticor under said policy. The Litigation has been stayed pursuant to section 362 of the Bankruptcy Code since the Petition Date.

12.    As a result of discussions between the Debtors, MERS and Ticor (collectively, the "Parties"), the Parties have reached a consensual resolution regarding the Litigation, pursuant to the terms of (i) the settlement agreement by and between the Debtors and ACE (the "ACE Settlement Agreement"), attached hereto as Exhibit B, which vest title to the Property with ACE and (ii) the release and acknowledgement agreement by and between Ticor (the "Ticor Release Agreement"), attached hereto as Exhibit C, (together with the ACE Settlement Agreement, the "Settlement Agreements").

## TERMS OF THE ACE SETTLEMENT AGREEMENT[4]

13.    The ACE Settlement Agreement provides that:

    a.    Fee simple title to the Property shall be quieted, vested, affirmed and restored in the ACE pursuant to the ACE Deed;

    b.    All right, title and interest acquired by MERS or the Debtors by virtue of the First Mortgage or the Second Mortgage shall be forever terminated and extinguished as if said never existed;

---

[4] This summary is solely for convenience. To the extent that the summary differs from the ACE Settlement Agreement, the ACE Settlement Agreement shall govern.

c.     All claims for damages against the AHM Corp., AHM Acceptance and MERS shall be dismissed with prejudice; and

d.     ACE, its employees, officers, directors, shareholders, predecessors, affiliates, subsidiaries, members, successors, assignees, assignors, agents, insurers, attorneys, and anyone claiming under or through its rights hereby releases and forever discharges AHM Corp., AHM Acceptance and MERS, their employees, officers, directors, shareholders, predecessors, affiliates, subsidiaries, members, successors, assignees, assignors, agents, insurers, attorneys, and anyone claiming under or through their rights from any and all claims, damages, actions causes of action, suits, debts, contracts, agreements, transactions, damages (including reasonable attorney fees), liabilities and controversies whatsoever in law or in equity relating to the Property and/or the Complaint, whether known or unknown, fixed or contingent, arising from the beginning of time to the date of the Settlement Agreement, or which in the future arise relating to the Property, the Complaint, or the facts and transactions underlying the Complaint and/or the Property.

## TERMS OF THE TICOR RELEASE AGREEMENT[5]

14.     The Ticor Release Agreement provides:

a.     In consideration of the settlement reached as part of the ACE Settlement Agreement, Ticor shall pay AHM Acceptance $15,000.00 (the "Settlement Amount"); and

b.     Upon receipt of the Settlement Amount, AHM Acceptance agrees and acknowledges that all of Ticor's obligations under the insurance policy have been satisfied and releases and forever discharges Ticor, its parent companies, subsidiaries, affiliate entities, agents, attorneys, and all those acting with or through Ticor from any and all claims, causes of action, and/or liability of any type or nature that flow from, relate to, or involve in any way the insurance policy or the Complaint.

---

[5] This summary is solely for convenience. To the extent that the summary differs from the Ticor Release Agreement, the Ticor Release Agreement shall govern.

## RELIEF REQUESTED

15.     By this Motion, pursuant to sections 105(a) and 362 of the Bankruptcy

Code and Bankruptcy Rule 9019, the Debtors request entry of an order approving (i) the ACE

Settlement Agreement, substantially in the form attached hereto as <u>Exhibit B</u>, which among other

things, vests title in of the Property in ACE and (ii) the Ticor Release Agreement, substantially in

the form, substantially in the form attached hereto as <u>Exhibit C</u>, which among, other things

provides for payment of a Settlement Amount to AHM Acceptance as a result of the ACE

Settlement Agreement.

## BASIS FOR RELIEF REQUESTED

16.     Section 105(a) of the Bankruptcy Code states, in pertinent part, that "[t]he

court may issue any order, process or judgment that is necessary or appropriate to carry out the

provisions of this title."

17.     Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after

a hearing, the Court may approve a compromise or settlement."  The settlement of time-

consuming and burdensome litigation, especially in the bankruptcy context, is encouraged.  <u>See</u>

<u>In re Penn Central Transportation Co.</u>, 596 F.2d 1102, 1113 (3d Cir. 1979) ("'administering

reorganization proceedings in an economical and practical manner it will often be wise to

arrange the settlement of claims . . . .'" (quoting <u>In re Protective Committee for Independent</u>

<u>Stockholders of TMT Ferry, Inc. v. Anderson</u>, 390 U.S. 414, 424 (1968))).  In determining the

fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the

Third Circuit has noted that a bankruptcy court should "apprise[] itself of all facts necessary to

form an intelligent and objective opinion of the probabilities of ultimate success should the

claims be litigated, and estimate[] the complexity, expense and likely duration of such litigation,

and other factors relevant to a full and fair assessment of the [claims]." See In re Penn Central

Transportation Co., 596 F.2d at 1153; see also In re Marvel Entertainment Group, Inc., 222 B.R.

243, 249 (D. Del. 1998) ("the ultimate inquiry [is] whether 'the compromise is fair, reasonable,

and in the interest of the estate.'" (quoting, In re Louise's Inc., 211 B.R. 798, 801 (D. Del.

1997))).

18.     More recently, the Third Circuit Court of Appeals enumerated the

following four-factor test to be used in deciding whether a settlement should be approved: "(1)

the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity

of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

(4) the paramount interest of the creditors." In re RFE Industries, Inc., 283 F.3d 159, 165 (3d

Cir. 2002) (citation omitted).

19.     Approval of a proposed settlement is within the "sound discretion" of the

bankruptcy court. See In re Neshaminy Office Building Associates, 62 B.R. 798, 803 (E.D. Pa.

1986). The bankruptcy court should not substitute its judgment for that of the debtor. Id. The

court is not to decide the numerous questions of law or fact raised by litigation, but rather should

canvas the issues to see whether the settlement falls below the lowest point in the range of

reasonableness. See In re W.T. Grant and Co., 699 F.2d 599, 608 (2d Cir. 1983), cert. denied,

464 U.S. 22 (1983).

20.     In the Debtors' business judgment, the resolution of the Litigation

embodied in the ACE Settlement Agreement is reasonable and in the best interest of the Debtors,

their estates, their creditors and other parties in interest. Moreover, a review of the above-

referenced factors clearly demonstrates that the terms of the ACE Settlement Agreement are

reasonable under the circumstances. Although the Debtors are confident of their position may

ultimately prevail, the Debtors acknowledge, as with all litigation, that there is an inherent risk in this Litigation if it is permitted to proceed. Moreover, by settling the Litigation and avoiding potentially protracted litigation, the time and attention of key personnel will not be diverted from their primary task of overseeing the administration of the bankruptcy estates.

21.    In addition, a review of the above-referenced factors also demonstrates that the terms of the Ticor Settlement Agreement are reasonable under the circumstances. While pursuant to AHM Acceptance's title insurance policy with Ticor AHM Acceptance has a potential a claim against Ticor for any losses that it may incur as result of the Litigation, the Settlement Amount to be received by the AHM Acceptance under the Ticor Settlement Agreement is equivalent to the recently appraised value of the Property. Therefore, the Settlement Amount is equivalent to the amount of recovery AHM Acceptance could realize even if it was ultimately successful in the Litigation. The Debtors therefore believe that the consideration received under the Settlement Agreements is fair and reasonable under the circumstances.

22.    Pursuant to section 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition operates as a stay with respect to "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1). Thus, to the extent that the Settlement Agreement implicates the automatic stay pursuant to section 362 of the Bankruptcy Code, the Debtors also request that the automatic stay be modified solely to effectuate the terms of Settlement Agreement.

23.     Based on the foregoing reasons, the Debtors submit that the Settlement

Agreements are fair and reasonable and that approval of the Settlement Agreements is in the best

interest of the Debtors, their estates, their creditors and other parties in interest.

## NOTICE

24.     Notice of this Motion shall be served on (i) the United States Trustee For

the District of Delaware; (ii) the Committee; (iii) counsel to the Administrative Agent; (iv)

counsel to the DIP Lender; (v) counsel to ACE; (vi) counsel to MERS; (vii) counsel to Ticor;

and (viii) all parties entitled to notice under Del. Bankr. LR 2002-1(B).  The Debtors submit that

no other notice is necessary under the circumstances.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in

the form attached hereto as Exhibit D, granting the relief requested herein and granting the

Debtors such other and further relief as is just and proper.

Dated: Wilmington, Delaware           YOUNG CONAWAY STARGATT & TAYLOR, LLP
      April 10, 2008

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

# EXHIBIT A

**Complaint**

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**ACE INDUSTRIES, L.L.C.,**
a Nevada limited liability company,

      Plaintiff,

v.

**WARREN SANFORD, WILLIAM HUNTER,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,** a
Delaware corporation,

      Defendants.

and

**AMERICAN HOME MORTGAGE CORP.** and
**AMERICAN HOME MORTGAGE ACCEPTANCE,
INC.,**

      Intervening Defendants.

06-631517-CH   11/08/2006
JDG: KATHLEEN MACDONALD
ACE INDUSTRIES LLC
VS
SANFORD WARREN

**Plaintiff's Case Evaluation Summary**

---

SWISTAK LEVINE, P.C.
Lawrence P. Swistak (P24892)
William J. Trainor (P68591)
Attorneys for Plaintiff
30445 Northwestern Highway, Suite 140
Farmington Hills, Michigan 48334
(248) 851-8000
(248) 851-4620 (Fax)

BECKER LAW FIRM, P.L.C.
Carl G. Becker (P10608)
Co-Counsel for Plaintiff
5010 Old Mill Road
Rochester, Michigan 48306
(248) 608-1808
(248) 608-1809 (Fax)

PLUNKETT COONEY
Michelle R. E. Donovan (P58405)
Attorneys for Defendant MERS
38505 Woodward Ave., Suite 2000
Bloomfield Hills, Michigan 48304
(248) 901-4053

MADDIN, HAUSER, WARTELL, ROTH
& HELLER, P.C.
David E. Hart (P45084)
Randall M. Blau (P53420)
Attorneys for American Home Mortgage
28400 Northwestern Hwy, 3rd Floor
Southfield, Michigan 48034
(248) 354-4030

SWISTAK LEVINE PC



## PLAINTIFF'S CASE EVALUATION SUMMARY

### Case Evaluation Date and Time
November 6, 2007 @ 10:00 a.m.

### INTRODUCTION

Plaintiff, ACE INDUSTRIES, L.L.C., by and through its counsel, SWISTAK LEVINE, P.C., submits this Case Evaluation Summary in support of its claims in the above-referenced cause of action.

On or about November 8, 2006, Plaintiff, ACE INDUSTRIES, L.L.C., ("Ace"), initiated the subject cause of action by filing a Complaint to Quiet Title, including Counts of Fraud, Negligence and Slander of Title against Defendants, WARREN SANFORD, ("Sanford"), WILLIAM HUNTER, ("Hunter"), and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS"), with respect to a certain parcel of real property located in the City of Detroit, County of Wayne, State of Michigan, and commonly known as 15821 Pinehurst, Detroit, Michigan 48238 (the "Property").

On or about June 6, 2007, Defendant, AMERICAN HOME MORTGAGE CORP., ("AHM"), intervened, by motion, in the subject cause of action and filed an Answer and Affirmative Defenses to Plaintiff's Complaint. AHM has since filed for bankruptcy, effecting a stay of the proceedings against it in the subject cause of action.

### STATEMENT OF MATERIAL FACTS

On or about April 8, 2003, Cynthia Cooper, ("Cooper"), acquired the Property by devise from the Estate of Andrew Ringer, Deceased. The Order for Complete Estate Settlement devising the Property to Cooper was recorded on December 10, 2003, in Liber 39740, Page 521, Wayne County Records. A copy of the Order for Complete Estate Settlement is attached hereto as Exhibit "A."

On or about January 12, 2005, Cooper conveyed the Property to Ace pursuant to a warranty deed bearing that date and recorded on July 15, 2005, in Liber 43014, Page 897, Wayne County Records (the "Ace Deed"). A copy of the Ace Deed is attached hereto as Exhibit "B."

-2-

On or about March 10, 2005, Sanford conveyed the Property to Hunter pursuant to a warranty deed, (the "Sanford Deed"), for the purported sum of $55,000.00. The Sanford Deed was recorded on June 1, 2005, in Liber 42867, Page 1337, Wayne County Records. A copy of the Sanford Deed is attached hereto as Exhibit "C." At the time Sanford conveyed the Property to Hunter, Sanford was not vested with title or interest in the Property whatsoever as Ace never conveyed title to the Property to Sanford.

On or about March 10, 2005, Hunter borrowed the sum of $42,250.00 from AHM. Repayment of this loan was secured by a mortgagee interest in the Property conveyed by Hunter to MERS in the amount of the loan (the "MERS Mortgage No. 1"). The MERS Mortgage No. 1 was recorded on March 17, 2005, in Liber 42312, Page 1120, Wayne County Records. A copy of the MERS Mortgage No. 1 is attached hereto as Exhibit "D."

On or about March 10, 2005, Hunter also borrowed the sum of $10,000.00 from AHM. Repayment of this loan was secured by a mortgagee interest in the Property conveyed to MERS in the amount of the loan (the "MERS Mortgage No. 2"). The MERS Mortgage No. 2 was recorded on March 17, 2005, in Liber 42312, Page 1144, Wayne County Records. A copy of the MERS Mortgage No. 2 is attached hereto as Exhibit "E."

At the closing of both the MERS Mortgage No. 1 and the MERS Mortgage No. 2, Hunter presented to the closing agent an unrecorded, faxed copy of a quit claim deed purporting to convey the Property from Ace to Sanford. MERS and/or its agents failed to verify that the documents establishing the purported record title of the Property from Ace to Sanford and Sanford to Hunter were authentic.

Hunter subsequently defaulted under the MERS Mortgage No. 1 and a mortgage foreclosure sale of the Property was conducted on December 7, 2005 (the "MERS Foreclosure Sale"). At the MERS Foreclosure Sale, the Property was sold to MERS for the sum of $30,679.35. The Sheriff's Deed On Mortgage Foreclosure was recorded on December 27, 2005, in Liber 43868, Page 271, Wayne County

-3-

Records (the "MERS Sheriff's Deed"). A copy of the MERS Sheriff's Deed is attached hereto as Exhibit "F."

### A.    Quiet Title

MERS asserts a mortgagee interest in the Property under the MERS Sheriff's Deed, which interest it contends is superior to the interest of Ace and therefore adverse to Ace's fee simple interest in the Property.

Ace seeks the determination that Defendants, Sanford, Hunter, MERS and AHM, and any party claiming by or through them, have no right, interest or title in and to the Property as Ace never conveyed its fee simple interest in the Property to Sanford and, as such, the interests of Hunter, MERS and AHM in the Property are a nullity. "There can be no such thing as a bona fide holder under a forged deed, whose good faith gives him any rights against the party whose name has been forged, or those claiming under him." *VanderWall v Midkiff*, 166 Mich App 668, 685; 421 NW2d 263 (1988), citing *Horvath v National Mortgage Co.*, 238 Mich 354, 360; 213 NW 202 (1927). "Where a deed is forged, those innocently acquiring interests under the forged deed are in no better position as to title than if they had purchased with notice" *VanderWall*, *supra*.

Ace asserts that although the signature on the quit claim deed was that of Louise Bator, a representative of Ace, and not a forgery, Ace contends that the quit claim purporting to convey Ace's interest in the Property to Sanford was fraudulent inasmuch as Ace never tendered an authentic quit claim deed to Sanford and therefore never conveyed its fee simple interest in the Property to Sanford. In fact, Ace still has in its possession the original, unrecorded quit claim deed. For reasons unknown, MERS and/or its agents failed to verify that the quit claim deed purporting to convey the Property from Ace to Sanford was authentic, but rather closed the MERS Mortgage No. 1 and the MERS Mortgage No. 2 relying on a faxed copy of a quit claim deed. Through their actions, Sanford and Hunter defrauded Ace of its fee simple interest in the Property and thereafter fraudulently represented to MERS and/or its

-4-

agents that they were the lawful fee simple owners of the Property. Additionally, MERS and/or its agents failed to verify that the documents establishing the purported record title of the Property from Ace to Sanford and Sanford to Hunter were authentic. The law set forth in *VanderWall* equally applies to the subject cause of action, *to wit*: one who acquires title to real property under a fraudulent chain of title is not a bona fide purchaser for value and is "in no better position as to title than if they had purchased with notice." *VanderWall*, *supra*.

**B.    Fraud As To Sanford And Hunter**

Additionally, Ace seeks money damages against Sanford and Hunter by virtue of their multiple fraudulent and false representations of material facts in both written and oral form relative to the fraudulent conveyance of the Property by Sanford to Hunter. Sanford conveyed the Property to Hunter despite Sanford not being vested with title to the Property. Hunter thereafter encumbered the Property by granting the MERS Mortgage No. 1 and the MERS Mortgage No. 2 to MERS despite not being vested with title to the Property. As a direct and proximate result of the fraudulent acts and omissions of Sanford and Hunter, the fee simple interest of Ace in the Property has been adversely affected and Ace has been deprived of the use of the Property as well as business opportunities pertaining to the Property, causing Ace to sustain substantial economic losses exceeding $25,000.00.

**C.    Negligence As To MERS**

Further, Ace seeks money damages against MERS as a result of MERS' negligence in entering into the MERS Mortgage No. 1 and the MERS Mortgage No. 2 and subsequently foreclosing on same, without verifying that title to the Property was vested in Ace and not Hunter at the time it entered into the MERS Mortgage No. 1 and the MERS Mortgage No. 2, and that Hunter was incapable of conveying a mortgagee interest in the Property to MERS. MERS' negligence includes, but is not limited to: (a) negligently and carelessly failing to determine the truth of the facts relating to its acquisition of a mortgagee interest in the Property; (b) negligently and carelessly failing to review the documents

SWISTAK LEVINE PC

establishing record title of the Property; (c) failing to notify Ace of its alleged mortgagee interest in the Property; (d) negligently and carelessly failing to determine the superior interest of Ace in the Property; (e) negligently and carelessly proceeding to foreclose the MERS Mortgage No. 1 without investigating the status of the Property's title; (f) recording the MERS Mortgage No. 1 and the MERS Mortgage No. 2 with constructive notice of Ace's interest in the Property; (g) foreclosing the MERS Mortgage No. 1 and the MERS Mortgage No. 2 with constructive notice of Ace's interest in the Property; and (h) failing to respond to inquiries on behalf of Ace to rescind the foreclosure of the MERS Mortgage No. 1 and discharge the encumbrances of the MERS Mortgage No. 1 and the MERS Mortgage No. 2 upon the Property.

As a direct and proximate result of the negligence of MERS in encumbering the Property and subsequently foreclosing the MERS Mortgage No. 1, the fee simple interest of Ace in the Property has been adversely affected and Ace has been deprived of the use of the Property and its business opportunities pertaining to the Property, causing Ace to sustain substantial economic losses exceeding $25,000.00.

**D.    Slander Of Title**

Ace also seeks money damages against Sanford, Hunter and MERS, collectively, for slandering Ace's title to the Property.  Sanford, Hunter and MERS slandered Ace's right, title and interest in the Property by recording various instruments affecting Ace's title in the Property, including, but not limited to, the Sanford Deed, the MERS Mortgage No. 1, the MERS Mortgage No. 2, and the MERS Sheriff's Deed.  The Sanford Deed, the MERS Mortgage No. 1, the MERS Mortgage No. 2, and the MERS Sheriff's Deed were recorded without privilege or legal authority and rendered the Property unmarketable.  As a direct and proximate consequence of the conduct of Sanford, Hunter and MERS, the fee simple interest of Ace in the Property has been adversely affected and Ace has been deprived of the use of the Property and its business opportunities pertaining to the Property, causing Ace to sustain

substantial economic losses exceeding $25,000.00. Ace has also incurred significant attorney fees and costs in its attempt to remove the cloud collectively placed on Ace's title to the Property by Sanford, Hunter and MERS.

## ARGUMENT

Ace's quiet title claim against Defendants is equitable in nature. Ace asserts that equitable claims such as those set forth in Ace's Count to Quiet Title fall outside the scope of MCR 2.403. MCR 2.403(A)(1) provides that "[a] court may submit to case evaluation any civil action in which the relief sought is primarily money damages or division of property." MCR 2.403(K)(3) provides that "[t]he evaluation may not include a separate award on any claim for equitable relief, but the panel may consider such claims in determining the amount of an award."

Considering these rules as they relate to equitable claims, Ace asserts that it would be inappropriate for this panel to consider the quiet title issues alleged by Ace against Defendants. "Equitable relief is beyond the scope of [MCR 2.403(A)] and the subject-matter jurisdiction of the mediation panel." *R.N. Construction Co. v Barra Corp. of America, Inc.*, 148 Mich App 115, 118; 384 NW2d 96 (1986).

However, Ace asserts that it would be appropriate to consider Ace's equitable claims against Defendants to the extent they may be informative on Ace's claims for money damages in the amount of $44,077.01 for fraud, negligence and slander of title asserted by Ace against Defendants. An itemized list of damages is attached hereto as Exhibit "G."

## CONCLUSION

Based upon the aforementioned facts and arguments, Ace does not seek an evaluation award against Defendants as to the equitable claims set forth in its Count to Quiet Title. However, Ace requests that an award in favor of Ace against Defendants in the amount of $44,077.01, along with its

-7-

costs and attorney fees incurred in the prosecution of the subject cause of action as well any such further or different relief in the premises as this case evaluation panel deems just and proper.

Respectfully submitted,

SWISTAK LEVINE, P.C.
Attorneys for Plaintiff

Lawrence P. Swistak (P24892)
William J. Trainor (P68591)
30445 Northwestern Highway, Suite 140
Farmington Hills, Michigan 48334
(248) 851-8000
(248) 851-4620 (Fax)

Dated: October 22, 2007

SWISTAK LEVINE PC

**EXHIBIT A**

03255863 DEC 1 0 2003

| Approved, SCAO | | OSM CODE: OES |
|---|---|---|
| STATE OF MICHIGAN<br>PROBATE COURT<br>COUNTY OF  WAYNE | ORDER FOR<br>COMPLETE ESTATE SETTLEMENT | FILE NO.<br>2002654638-DE |

Estate of  ANDREW J. RINGER, DECEASED

1. Date of hearing: 11/03/2003        Judge: JUNE BLACKWELL-HATCHER

Bar no.

THE COURT FINDS:

2. Notice of hearing was given to or waived by all interested persons.

3. The time for presenting claims has expired.

4. ☑ The final account is correct and ought to be allowed.

5. ☐ The assets of the estate have been distributed, and all claims properly presented have been paid, settled, or disposed of.
   ☑ The schedule for distribution and payment of claims correctly identifies the manner in which assets remaining in the estate shall be paid and/or distributed.

6. ☑ a. No Michigan estate or inheritance tax is due.
   ☐ b. Michigan estate tax or inheritance tax has been paid in full (evidence of full payment from Michigan Department of Treasury is attached).

☑ 7. Decedent's heirs are determined:  ANDREW RINGER (SON), GARY RINGER (SON)

Receipt #229501

8. Decedent died
   ☐ intestate.
   ☑ with a valid, unrevoked will dated  10/28/1998
   AND ADMITTED TO PROBATE COURT 4/8/2003

BERNARD J. YOUNGBLOOD, REGISTER OF DEED
WAYNE COUNTY, MI

$0.00 RECONSIDERATION

IT IS ORDERED:

9. ☐ The decedent died intestate.

10. ☐ The will and codicil(s) are valid and admitted to probate.

11. ☑ The final account is approved.

12. ☑ Fiduciary fees and/or attorney fees are approved except: _____

13. ☑ Distributions already made or as set forth in the schedule for distribution of  remaining assets are approved.

14. ☑ Appointment of the personal representative is terminated, the personal representative is discharged, and the bond, if any, is cancelled.  Estate administration is closed.

15. ☐ Appointment of the personal representative is terminated and the bond, if any, is cancelled.  Estate administration is closed.

16. ☐ Upon filing evidence of payment of the claims and distributions as set forth above (if any) the appointment of the personal representative may be terminated and an order of discharge entered.

17. ☐ Decedent's heirs are:  (specify names and relationships)

NOV 2 4 2003
Date

AJAY GUPTA          P45739
Attorney name (type or print)          Bar no.

1020 SPRINGWELLS
Address

DETROIT, MI 48209    (313) 849-0567
City, state, zip          Telephone no.

June E. Blackwell-Hatcher
Judge
JUNE BLACKWELL-HATCHER          Bar no.

NOV 2 4 2003

RETURN TO:

Do not write below this line - For court use only.

Deputy Probate Register

PC 595  (9/00)  ORDER FOR COMPLETE ESTATE SETTLEMENT          MCL 700.3952; MSA 27.13952; MCR 5.311(B)

03255863 DEC 10 20??

6149.0412

Approved, SCAO

Legal Software Inc.
(810) 771-3650

OSM CODE: INV

Li-39740    Pa-522

| STATE OF MICHIGAN PROBATE COURT | INVENTORY | FILE NO. |
|---|---|---|
| WAYNE COUNTY CIRCUIT COURT-FAMILY DIVISION | | 2002-654-638 DE |

In the matter of  ANDREW J. RINGER, Deceased

+ Per Rep.

I, AJAY GUPTA    , SPECIAL PERSONAL REPRESENTATIVE    submit the following
Name (type or print)          Title

as a complete and accurate inventory of all the assets of the estate and the fair market valuations as of the:

[X] date of death (decedent's estate only).

[ ] date of qualification as fiduciary (all other estates).

FILED

MAR 11 2003

DEPUTY PROBATE REGISTER

| PERSONAL PROPERTY AND REAL ESTATE (If property is encumbered, show nature and amount of lien) Definitions and instructions for completing the inventory are on the other side of this form. | ESTATE'S INTEREST |
|---|---|
| REAL ESTATE LOCATED AT 15845 PINEHURST, DETROIT, MI 48238, LEGALLY | 34,000.00 |
| DESCRIBED AS: | |
| W PINEHURST S 24 FT 41 N 8 FT 40 PILGRIM VILLAGE SUB, LIBER 67, PAGE 19 | |
| OF PLATS, WAYNE COUNTY RECORDS. | |
| WARD 16   ITEM 044305 | |
| | |
| REAL ESTATE LOCATED AT 15821 PINEHURST, DETROIT, MI 48238, LEGALLY | 40,500.00 |
| DESCRIBED AS: | |
| W PINEHURST S 16 FT 38 N 16 FT 37 PILGRIM VILLAGE SUB, LIBER 67, PAGE | |
| 19 OF PLATS, WAYNE COUNTY RECORDS. | |
| WARD 16   ITEM 044309 | |
| | |
| REAL ESTATE LOCATED AT 5000-5002 WHITFIELD, DETROIT, MI 48204, LEGALLY | 46,300.00 |
| DESCRIBED AS: | |
| N WHITFIELD 570 DAILEY PARK SUB, LIBER 29, PAGE 80 OF PLATS, WAYNE | |
| COUNTY RECORDS.   WARD 16   ITEM 004052 | |
| If property has been appraised, attach a copy of the appraisal that should include a description of the property, the name of the appraiser, and the address of the appraiser.    TOTAL ASSETS | $120,800.00 |

I declare under the penalties of perjury that this inventory has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

3-10-03
Date

Attorney signature
AJAY GUPTA                          P-45739
Attorney name (type or print)      Bar no.
1020 SPRINGWELLS
Address
DETROIT, MI 48209    (313) 849-0567
City, state, zip              Telephone no.

Signature
AJAY GUPTA
Name (type or print)
1020 SPRINGWELLS
Address
DETROIT, MI 48209    (313) 849-0567
City, state, zip              Telephone no.

Do not write below this line - For court use only

MCL 700.3708; MSA 27.13706, MCL 700.3707; MSA 27.13707, MCL 700.5417; MSA 27.15417, MCR 5.307, MCR 5.310

PC 577  (4/01)  INVENTORY

Li-39740          Pa-523

NOV 2 4 2003

I certify that I have compared this copy with
the original on file in this court and that it is
a correct copy of the whole of said original.
Milton L. Mack, Jr., Chief Judge of Probate
Jeanne S. Talerico, Probate Register
Wayne County, Detroit, Michigan

By DARLENE KRETTMER
Deputy Probate Register

03255863 DEC 10 2003

Approved, SCAO

OSM CODE: SDP

| STATE OF MICHIGAN<br>PROBATE COURT<br>COUNTY OF WAYNE | SCHEDULE OF DISTRIBUTIONS AND<br>PAYMENT OF CLAIMS | FILE NO.<br><br>2002-654638-DE |
|---|---|---|

Li-39740

Pq-524

Estate of ANDREW J. RINGER, Deceased

1. I, AJAY GUPTA _____, am the personal representative.
   Name

☐ 2. The following properly presented claims have not been paid, settled, or disposed of. If approved by the court, these claims will be paid.

| CREDITOR (Name and Address) | AMOUNT<br>OF DEBT | AMOUNT<br>TO BE PAID |
|---|---|---|
| FILED<br>NOV - 9 2003<br>BY TYJUANA PALMER<br>DEPUTY PROBATE REGISTER | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

☐ 3. Distributions to the following devisees/heirs have been made:

| ASSET | DOLLAR AMOUNT<br>OR VALUE | DATE OF<br>DISTRIBUTION | NAME OF<br>RECIPIENT |
|---|---|---|---|
| | $ | | |
| | $ | | |
| | $ | | |
| | $ | | |

☒ 4. The following fees and costs will be paid before final distribution:

Attorney $ 708.00 _____    Personal Representative _____

☒ 5. If approved by the court, the remaining estate will be distributed to the following devisees/heirs in the following amounts:

| ASSET | DOLLAR AMOUNT<br>OR VALUE | NAME OF RECIPIENT |
|---|---|---|
| Real Prop. @ 15848 Pinehurst, Det., MI | $ 34,000.00 | CYNTHIA COOPER |
| Real Pro. @ 15821 Pinehurst, Det., MI | $ 40,500.00 | CYNTHIA COOPER |
| Real Prop. @ 5000-5002 Whitfield, Det., MI | $ 46,300.00 | CYNTHIA COOPER |

(REAL ESTATE AS MORE FULLY DESCRIBED ON INVENTORY
FILED ON MARCH 11, 2003).

10/31/03

| Attorney signature<br>AJAY GUPTA | P-45739 | Petitioner signature<br>AJAY GUPTA |
|---|---|---|
| Attorney name (type or print)<br>1020 SPRINGWELLS | Bar no. | Petitioner name (type or print)<br>1020 SPRINGWELLS |
| Address | | Address |
| DETROIT, MI 48209    (313) 849-0567 | | DETROIT, MI 48209    (313) 849-0567 |
| City, state, zip    Telephone no. | | City, state, zip    Telephone no. |

MCL 700.3952; MSA 27.13952,
MCL 700.3953; MSA 27.13953

# EXHIBIT B

035554646 · APR 08 2005

620185 JUL 15 2005

Li-43014      Pa-897
205306628    7/15/2005
Bernard J. Youngblood
Wayne Co. Register of Deeds



**STATE OF MICHIGAN**
WAYNE COUNTY
AUGUST 1, 2005
RECEIPT #58293

**REAL ESTATE TRANSFER TAX**
$    23.10-CO
$   157.50-ST
STAMP #100533281

## WARRANTY DEED
### Statutory Form For Individuals

KNOWN ALL MEN BY THESE PRESENTS: That CYNTHIA COOPER

whose address is  190 Booker Ave  Fayetteville, GA 30215

Convey and Warrant to ACE INDUSTRIES, LLC  A Nevada Limited Liability Co.

whose address is 37000 Woodward Ave  Bloomfield Hills, MI  48304

the following described premises situated in the City of Detroit, County of Wayne and State of Michigan, to-wit:
South 16 feet of Lot 36 and North 16 feet of Lot 37, PILGRIM VILLAGE SUBDIVISION, as recorded in Liber 67, page 19 of Plats, Wayne County Records.

Commonly known as: 15821 Pinehurst
Parcel Identification No: WARD 16 - ITEM NO. 044309

for the sum of:  Twenty One Thousand Dollars ($21,000.00)
Subject to:  the existing building and use restrictions, easements and zoning ordinances, if any

Dated this January 12, 2005

Signed and sealed in the presence of:

Signed and Sealed:

Julie A Day

Y. Renee Holman

This is to certify that there are no tax liens or titles held by the state or any individuals. Taxes are paid for FIVE YEARS previous to date of this instrument.

**MAR 2 1 2005**

No. 7746  Clerk  S. White
Treasurer, City of Detroit

State of Georgia
County of

The foregoing instrument was acknowledged before me this 12th day of January, 2005 by CYNTHIA COOPER

JULIE A. DAY
MY COMMISSION EXPIRES
JUNE 05 2005
NOTARY PUBLIC, CLAYTON CO., GEORGIA

Notary Public,  Clayton  County
State of Georgia
My Commission expires: 6-5-2005
Acting in the County of:

Drafted by:
Douglas A. Hardy, Broker
Century 21 Today, Inc.
28544 Orchard Lake Road
Farmington Hills, MI 48334

When recorded return to:
ACE INDUSTRIES, LLC
37000 Woodward Ave
Bloomfield Hills, MI 48304

INS0830198

## INTERSTATE TITLE, INC.

This is to certify that there are no tax liens or titles on the property and that taxes are paid for FIVE YEARS previous to date of this instrument EXCEPT not examined 2004

7668 R  Date 3-23-05
WAYNE COUNTY TREASURER  Clerk

03-23-2005 2017562

DEED'S
/ # 180.60

WD DS Cf

# EXHIBIT C

Q.3591400   JUN 0 1 2005

Express Recording
38800 Van Dyke
Sterling Hgts., MI 48312

Li-42867      Pa-1337
205275443   6/01/2005
Bernard J. Younsblood
Wayne Co. Resister of Deeds



**STATE OF**
**MICHIGAN**
WAYNE COUNTY
JULY 4, 2005
RECEIPT #56516

**REAL ESTATE**
**TRANSFER TAX**
$        60.50-CO
$        412.50-ST
STAMP #189526877

### WARRANTY DEED
*(Statutory Form – Individuals)*

Know all persons by these presents; that Warren Sanford, a single man
whose address is 15821 Pinehurst, Detroit, Michigan 48238

warrant(s) to, William Hunter, a single man
whose address is 25007 Stanford, Dearborn Heights, Michigan 48125

the following described premises situated in, County of Wayne, State of Michigan to-wit:
City of Detroit

South 16 feet of Lot 38 and North 16 feet of Lot 37, Pilgrim Village Subdivision, as recorded in
Liber 67, Page 19, Wayne County Records

Commonly known as: 15821 Pinehurst

Parcel ID# 16044309

Detroit, Michigan 48238

For the full consideration of Fifty Five Thousand and 00/100 ($55,000.00) Dollars
Subject to existing building and use restrictions, easements, and zoning ordinances, if any.

Dated: March 10, 2005

*Warren Sanford*
Warren Sanford

This is to certify that there are no tax liens or titles
on this property and that taxes are paid for FIVE YEARS
prior to date of this Instrument EXCEPT not examined 2004
8986 R. DWyer Date APR 0.6 2005
WAYNE COUNTY TREASURER   Clark

This is to certify that there are no tax liens or titles
on this property and that taxes are paid for FIVE
YEARS previous to date of this Instrument.
No. 8983   Clark   MAY 05 2005   Treasurer, City of Detroit

**State of Michigan**
**County of Oakland**

The foregoing instrument was acknowledged before me on this 10th day of March, 2005 by
Warren Sanford, a single man

SAMUEL BELL
Notary Public, Oakland County, MI
My Commission Expires 01/01/2006

*Samuel Bell*
Notary Public
Oakland County, Michigan
Acting in Oakland County, MI

My Commission Expires: 1/1/06

| Instrument drafted by: | When recorded return to |
|---|---|
| Warren Sanford<br>15821 Pinehurst<br>Detroit, Michigan  48238 | William Hunter ,<br>25007 Stanford<br>Dearborn Heights, Michigan 48125    EXACT TITLE<br>26500 NORTHWESTERN HWY.<br>STE 245<br>SOUTHFIELD, MI 48074 |

Recording Fees: $25.00      County Tax: $60.50      State Transfer Tax $412.50

04-06-2005  22019726       DEED'S  4.00

P05-3297        WD 189 Syl        P015-473.00   15

# EXHIBIT D

`03542944 MAR 17. 5`

Li-42312            Pa-1120
205117335    3/17/2005
Bernard J. Youngblood
Wayne Co. Register of Deeds

## MORTGAGE

Return To:

American Home Mortgage Acceptance, Inc.
520 Broadhollow Road
Melville, NY 11747

MIN 100314000007763799

**EXACT TITLE**
**26500 NORTHWESTERN HWY.**
**SUITE 245**
**SOUTHFIELD, MI 48076**

EXACT TITLE

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated March 10, 2005 together with all Riders to this document.

(B) "Borrower" is WILLIAM HUNTER, A SINGLE MAN

Borrower's address is 25007 Stanford, Dearborn Heights, MI  48125
. Borrower is the mortgagor under this Security Instrument.

DOC  #:323341                  APPL #:0000776379
MICHIGAN-Single  Family- Fannie  Mac/Freddie  Mac UNIFORM INSTRUMENT  WITH MERS        Form 3023 1/01

VMP®-6A(MI) (0009)
VM01 9905.02        Initials W.H.
Page 1 of 15

VMP MORTGAGE FORMS - (800)521-7291

PDR-3297

Li-42312        Pa-1121

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888)679-MERS.

(D) "Lender" is   American Home Mortgage Acceptance, Inc.

Lender is a   Corporation
organized and existing under the laws of   State of New York
Lender's address is   538 Broadhollow Road, Melville, NY   11747

(E) "Note" means the promissory note signed by Borrower and dated   March 10, 2005
The Note states that Borrower owes Lender   Forty Two Thousand Two Hundred Fifty and
No/100 . .                                                                             Dollars
(U.S. $42,250.00 .      ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than   April 1, 2035
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [X] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

DOC #:323342              APPL #:0000376379          :
(2222)-6A(MI) (0205)                     Page 2 of 15      Initials lWeH        Form 3023 1/01

Li-42312        Pa-1122

(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the County                                                    of  Wayne                                          :
        [Type of Recording Jurisdiction]              [Name of Recording Jurisdiction]
SEE ATTACHED LEGAL DESCRIPTION

Parcel ID Number: Ward 16 Item 044309                        which currently has the address of
15821 Pinehurst                                                                          [Street]
Detroit                                            [City] , Michigan   48238        [Zip Code]
("Property Address"):

        TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

DOC  #:323343                        APPL #:0000776379              Initials: W.H.

-6A(MI) (0005)                        Page 3 of 15                        Form 3023 1/01

Li-42312    _ Pa-1133

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____    _William Hunter_____ (Seal)
                              WILLIAM HUNTER          -Borrower

_____    _____ (Seal)
                                                     -Borrower

_____ (Seal)    _____ (Seal)
                 -Borrower                           -Borrower

_____ (Seal)    _____ (Seal)
                 -Borrower                           -Borrower

_____ (Seal)    _____ (Seal)
                 -Borrower                           -Borrower

DOC #:323354
6A(MI) (0009)                APPL #:0000776379
                             Page 14 of 15              Form 3023 1/01

Li-42512        Pa-1134

STATE OF MICHIGAN,        OAKLAND                                    County ss:

The foregoing instrument was acknowledged before me this    March 10, 2005                  ,
by    WILLIAM HUNTER, A SINGLE MAN

My Commission Expires:

Notary Public,                                    County, Michigan

This instrument was prepared by
Dametria Taylor
33481 W 14 Mile Road.
Suite 100
Farmington Hills, MI   48331

SAMUEL BELL
Notary Public, Oakland County
My Commission Expires 01/01/06
Acting in _____ County, MI

DOC #:323355                APPL #:0000776379
-6A(MI) (0009)                     Page 15 of 15          Initials: W. H.          Form 3023 1/01

Li-42312        Pa-1135

# EXHIBIT A
## LEGAL DESCRIPTION

South 16 feet of Lot 38 and North 16 feet of Lot 37, Pilgrim Village Subdivision, as recorded in Liber 67, Page 19, Wayne County Records

Commonly known as: 15821 Pinehurst

Parcel ID# 16044309



# EXHIBIT E

03542944  MAR 17 2005

LI-42312      Pa-1144
205117347    3/17/2005
Bernard J. Youngblood
Wayne Co. Register of Deeds

## MORTGAGE

MIN  100024200007764067

THIS MORTGAGE is made this   10th      day of March,  2005         , between
the Mortgagor,   WILLIAM HUNTER, A SINGLE MAN

EXACT TITLE

, whose address is

25007 Stanford, Dearborn Heights, MI  48125

(herein "Borrower"), and the Mortgagee,
Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined,
and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has
an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
AMERICAN HOME MORTGAGE CORP.

("Lender") is organized and existing under the laws of  State of New York
and has an address of   ,  ,

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S.$  10,000.00
which indebtedness is evidenced by Borrower's note dated   March 10, 2005        and extensions
and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the
balance of the indebtedness, if not sooner paid, due and payable on    April 1, 2020        ;
   TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the
payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this
Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does
hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and
assigns) and to the successors and assigns of MERS, with power of sale, the following described property located
in the County of  Wayne
State of Michigan:
SEE ATTACHED LEGAL DESCRIPTION

MICHIGAN - SECOND  MORTGAGE  - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT  WITH MERS

DOC #:329661        APPL #:0000776406      ;          ;          Initials:  _C.J.H_        Form 3823
                                                                                              Amended 2/01
ZZZ-76N(MI) (0207)    UM51 0207    Page 1 of 4
                      VMP MORTGAGE FORMS - (800)521-7291



ROS-2525

22

Li-42312        Pa-1145

which has the address of 15821 Pinehurst ............           , [Street],
Detroit ..         ..                  [City], Michigan 4823.8      [Zip Code]
(herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights,
appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this
Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a
leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only
legal title to the interests granted by Borrower in this Mortgage; but, if necessary to comply with law or custom,
MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those
interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required
of Lender including, but not limited to, releasing or canceling this Mortgage.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to
mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of
record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all
claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest
indebtedness evidenced by the Note and late charges as provided in the Note.

2. Funds for Taxes and Insurance. Subject to applicable law or a written waiver by Lender, Borrower
shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the
Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including
condominium and planned unit development assessments, if any) which may attain priority over this Mortgage
and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance,
plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated
initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof.
Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes
such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of
which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution).
Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may
not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said
assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to
make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that
interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires
such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds.
Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to
the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional
security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable
prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount
required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall
be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of
Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance
premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the
deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any
Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by
Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by
Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this
Mortgage.

3. Application of Payments. Unless applicable law provides otherwise, all payments received by Lender
under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to
Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of
the Note.

4. Prior Mortgages and Deeds of Trust; Charges; Liens. Borrower shall perform all of Borrower's
obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this
Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid
all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a
priority over this Mortgage, and leasehold payments or ground rents, if any.

5. Hazard Insurance. Borrower shall keep the improvements now existing or hereafter erected on the
Property insured against loss by fire, hazards included within the term "extended coverage," and such other
hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender;
provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall
be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form
acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of
any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may
make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from
the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance
benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration
or repair of the Property or to the sums secured by this Mortgage.

6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit
Developments. Borrower shall keep the Property in good repair and shall not commit waste or permit
impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage

DOC #:329662        .. ...    APPL #:0000776406

LI-42312                      Pa-1146

is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall mail notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence

DOC  #:329663           APPL #:0000776406

Li-42312                    Pn-1147

of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may invoke the power of sale hereby granted and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall mail a copy of a notice of sale to Borrower in the manner provided in paragraph 12 hereof. Lender shall publish and post the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Mortgage or (ii) entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. Assignment of Rents; Appointment of Receiver; Lender in Possession. [Omitted]

20. Release. Upon payment of all sums secured by this Mortgage, Lender shall prepare and file a discharge of this Mortgage without charge to Borrower, and shall pay the fee for recording the discharge.

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

Witnesses:

_____     _____*William Hunter*_____ (Seal)
                                    WILLIAM HUNTER              -Borrower

_____     _____ (Seal)
                                                              -Borrower

_____ (Seal)      _____ (Seal)
              -Borrower                                       -Borrower

_____ (Seal)      _____ (Seal)
              -Borrower                                       -Borrower

_____ (Seal)      _____ (Seal)
              -Borrower                                       -Borrower

*(Sign Original Only)*

STATE OF MICHIGAN, OAKLAND                    County ss:
     The foregoing instrument was acknowledged before me this    March 10, 2005
by   WILLIAM HUNTER, A SINGLE MAN

My Commission Expires:

          *[signature]*                   _____
                                          Notary Public,
                                                              County, Michigan

This instrument was prepared by
Dametria Taylor
33481 W 14 Mile Road, Suite 100              SAMUEL BELL
Farmington Hills, MI  48331            Notary Public, Oakland County, MI
DOC #:329664                          My Commission Expires 01/01/2006
-7GN(MI)                     APPL #:0000776406
                             Page 4 of 4

*After Recording Return to*
     EXACT TITLE
   26500 NORTHWESTERN HWY.
        SUITE 245

Li-42312        Pa-1148

# EXHIBIT A
## LEGAL DESCRIPTION

South 16 feet of Lot 38 and North 16 feet of Lot 37, Pilgrim Village
Subdivision, as recorded in Liber 67, Page 19, Wayne County Records

Commonly known as: 15821 Pinehurst

Parcel ID# 16044309



# EXHIBIT F

$6.00 REMONUMENTATI
$21.00 DEED
$34.10 TRANSFER TAX COUNTY
Receipt #118281
RECORDED
BERNARD J. YOUNGBLOOD, REGISTER OF DEED
WAYNE COUNTY, MI

$25.00 HANDLING FEES

FILE DO NOT MAIL



STATE OF
**MICHIGAN**
WAYNE COUNTY
JANUARY 18, 2006
RECEIPT #118281

REAL ESTATE
TRANSFER TAX
$    34.10-CO
$    0.00-ST
STAMP #108557008

$25.00 HANDLING FEES

## SHERIFF'S DEED ON MORTGAGE FORECLOSURE

THIS INDENTURE made the 7th day of December, 2005 between **Marshun Brooks** a deputy sheriff in and for Wayne County, Michigan, party of the first part, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., 4600 Regent Blvd. 4600 Regent Blvd., Irving, TX, 75063-1730, party of the second part (hereinafter called the grantee).

Witnesseth, that whereas, William Hunter, a single man whose address is 15821 Pinehurst, Detroit, MI 48238, made a certain mortgage to Mortgage Electronic Registration Systems, Inc. (hereinafter called "Mortgage"), which was duly recorded in the office of the Register of Deeds of Wayne County in Liber 42312, Page 1120, Wayne County Records.

WHEREAS, said mortgage contained a power of sale which has become operative by reason of default in the terms and conditions
of the mortgage; and

WHEREAS, no suit or proceeding at law or in equity has been instituted to recover the debt secured by the mortgage or any part thereof; and

WHEREAS, by virtue of the power of sale, and pursuant to the statutes of the State of Michigan in such case made and provided, a notice was duly published and a copy thereof was duly posted in a conspicuous place upon the premises described in the mortgage that the premises, or some part of them, would be sold on the 23rd day of November, 2005*, at the Jefferson Avenue entrance to the Coleman A. Young Municipal Center in Detroit, that being the place of holding the Circuit Court for Wayne County wherein the premises are located; and

WHEREAS, pursuant to said notice I did, at 1:00 p.m., local time, on the date stated above, expose for sale at public vendue the said lands and tenements described below, and on such sale did strike off and sell the said lands and tenements to the grantee for the sum of **Thirty Thousand Six Hundred Seventy-Nine & 35/100 Dollars ($30,679.35)**, that being the highest bid therefore and the grantee being the highest bidder; and

WHEREAS, said lands and tenements are situated in the City of Detroit, Wayne County, Michigan, and are more particularly described as:

South 16 feet of Lot 38 and North 16 feet of Lot 37, Pilgrim Village Subdivision, as recorded in Liber 67, Page 19, Wayne County Records.

Tax# Ward 16 Item 044309
More commonly known as 15821 Pinehurst.

Now, this indenture Witnesseth, that I, the Deputy Sheriff aforesaid, by virtue of and pursuant to the statute in such case made and provided, and in consideration of the sum of money so paid as aforesaid, have granted, conveyed, bargained and sold, and by this deed do grant, convey, bargain, and sell unto the grantee, its successors and assigns, FOREVER, all the estate, right, title, and interest which the said Mortgagor(s) had in said land and tenements and every part thereof, on 10th day of March, 2005, that being the date of said mortgage, or any time thereafter, to have and to hold the said lands and tenements and every part thereof to the said grantee, its successors and assigns forever, to their sole and only use, benefit and behoove forever, as fully and absolutely as I, the Deputy Sheriff aforesaid, under the authority aforesaid, might, could, or ought to sell the same.
In witness whereof I have set my hand and seal.

**Marshun Brooks**
Deputy Sheriff in and for the County of Wayne, Michigan

STATE OF MICHIGAN,
COUNTY OF WAYNE

This Sheriff's Deed on Mortgage Sale was acknowledged before me this 7th day of December, 2005, by
**Marshun Brooks** , Deputy Sheriff for Wayne County, Michigan.

_Debra M. Loving_
Notary Public

Wayne County, Michigan
My commission expires: Notary Public, _____ County, Michigan
                        My Commission Expires 8-24-2008

Debra M. Loving
County, Michigan

- County Revenue Required.
Exempt from State Real Estate Transfer Tax
pursuant to MCLA §207.526(u)

Adjourned from November 23, 2005 to December 7, 2005 by posting a notice of adjournment at the place of sale for Wayne County, Michigan.
File Number: 356.0070 Loan Type: CONV

SF $25.

$34.10

R SHD 21 6R 5pp SCi

Li-43868   Pg-272
EVIDENCE OF SALE

ORLANS William Hunter

THIS FIRM IS A DEBT COLLECTOR
ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL
BE USED FOR THAT PURPOSE.  PLEASE CONTACT OUR
OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE
MILITARY DUTY
MORTGAGE SALE
Default has been made in the conditions of a mortgage made by
William Hunter, a single man, to Mortgage Electronic
Registration Systems, Inc., mortgagee, dated March 10, 2005
and recorded March 17, 2005 in Liber 42312, Page 1120,
Wayne County Records.   There is claimed to be due on such
mortgage the sum of Forty-Three Thousand Three Hundred
Thirteen and 8/100 Dollars ($43,313.08) including interest at the
rate of 7.50% per annum.
Under the power of sale contained in the mortgage and the
statutes of the State of Michigan, notice is hereby given that the
mortgage will be foreclosed by a sale of the mortgaged
premises, or some part of them, at public vendue at the
Jefferson Avenue entrance to the Coleman A. Young Municipal
Center in Detroit in Wayne County, Michigan at 1:00 p.m. on
November 23, 2005.
The premises are located in the City of Detroit, Wayne County,
Michigan, and are described as:
South 16 feet of Lot 38 and North 16 feet of Lot 37, Pilgrim
Village Subdivision, as recorded in Liber 57, Page 19, Wayne
County Records.
The redemption period shall be 6 months from the date of such
sale, unless the property is determined abandoned in
accordance with MCLA 600.3241a, in which case the
redemption period shall be 30 days from the date of the sale.
TO ALL PURCHASERS: The foreclosing mortgagee can
rescind the sale in the event a 3rd party buys the property and
there is a simultaneous resolution with the borrower. In that
event, your damages, if any, are limited solely to the return of
the bid amount tendered at sale.
Dated:  October 26, 2005
ORLANS ASSOCIATES PC
Attorneys for Mortgage Electronic Registration Systems, Inc.,
As Mortgagee
P.O. Box 5041
Troy, MI 48007-5041
(248) 457-1000
File No. 356.0070
(10-26)(11-16)

(Affidavit of Publisher)

STATE OF MICHIGAN
COUNTY OF WAYNE

Resa T. Rodgers being duly sworn, deposes and says the annexed printed
copy of a notice was taken from: Detroit Legal News, a newspaper printed and
circulated in said State and County, and that said notice was published in
said newspaper on: October 26, November 2, November 9, November 16 A.D.,
2005, that she is the agent of the printers of said newspaper, and knows well
the facts stated herein.

Resa T. Rodgers
Subscribed and sworn before me this 16th day of November, A.D., 2005

Dawn M. Keith Notary Public Oakland County, Michigan
My commission expires December 18, 2007
Acting in Wayne County, Michigan

(Affidavit of Posting)

STATE OF MICHIGAN

COUNTY OF WAYNE

Bobby Bellafant _____, being duly
sworn, deposes and says that on the 31st day of October A.D.
2005 he posted a notice, a true copy of which is annexed hereto, in a
conspicious place upon the premises described in said notice by attaching the
same in a secure manner to
the door trim _____

CIRCLE IF

Multi Unit   Mobile/Manufactured Home   Vacant   No Dwelling

Bobby Bellafant
Subscribed and sworn to before me this 3rd day of
November , A.D. 2005

Notary Public Wayne County, Michigan
My Commission expires:_____
Acting in Wayne County Michigan

KEVIN MORRIS
Notary Public, Oakland County, MI
Acting in Wayne County, MI
My Commission Expires May 1, 2010

Li-43868       Pa-273

## NON-MILITARY AFFIDAVIT       :

State of Michigan )
                 )ss.
County of Oakland)

The undersigned, being first duly sworn, states that upon investigation he is informed and believes that none of the persons named in the notice attached to the sheriff's deed of mortgage foreclosure, nor any person upon whom they or any of them were dependent, were in the military service of the United States at the time of sale or for six months prior thereto; nor the present grantee(s).

The undersigned further states that this affidavit is made for the purpose of preserving a record and clearing title by virtue of the Soldiers' and Sailors' Relief Act of 1940, as amended.

Tara Cao

Subscribed and sworn to before me this
5th day of December, 2005

Ann M. Nuttle, Notary Public
Macomb County Acting in Oakland County, Michigan
My Commission Expires:  10/22/2007

File Name:      William Hunter

AFFIDAVIT OF AUCTIONEER and
CERTIFICATE OF REDEMPTION PERIOD

State of Michigan
County of Wayne

**Marshun Brooks** being first duly sworn, deposes and says that he is a Deputy Sheriff of said Wayne County; that he/she acted as Auctioneer, and made the sale as described in the annexed Deed pursuant to the annexed printed notice; that said sale was opened at 1:00 p.m., local time, on the 7th day of December, 2005, Jefferson Avenue entrance to the Coleman A. Young Municipal Center in Detroit, that being the place of holding the Circuit Court for Wayne County, and said sale was kept open for the space of one hour; that the highest bid for the lands and tenements therein described was **Thirty Thousand Six Hundred Seventy-Nine, & 35/100 Dollars ($30,679.35);** made by Mortgage Electronic Registration Systems, Inc. , that said sale was in all respects open and fair; and that he/she did strike off and sell said lands and tenements to said bidders, which purchased the said lands and tenements fairly, and in good faith, as deponent verily believes.

I DO HEREBY CERTIFY that the within Sheriff's Deed will become operative at the expiration of the redemption period, June 7, 2006, unless said date falls on a weekend, at which point the redeeming party or anyone claiming under him, will have until 5:00pm the following Monday to perfect their redemption; OR the property is determined abandoned pursuant to MCLA 600.3241a, in which case the redemption period will be 30 days from the date of sale, OR should the Sheriff's Deed not be recorded within 20 days from the date of the foreclosure sale, in which case the redemption period will be 6 months from the date of recording.  The foreclosing mortgagee can rescind the sale in the event a 3rd party buys the property and there is a simultaneous resolution with the borrower.

**Marshun Brooks**

Deputy Sheriff
Wayne County, Michigan

Subscribed and sworn to before me this Seventh day of December, 2005.

, Notary Public
Wayne County, Michigan           Debra M. Loving
My commission expires:   Notary Public  Wayne County, Michigan
                         My Commission Expires 8-22-2008

DRAFTED BY and when recorded return to:
Susan C. Myers
ORLANS ASSOCIATES PC
P.O. Box 5041
Troy, MI 48007-5041
(248) 457-1000        File No: 356.0070

Li-4386B        Pa-274

## AFFIDAVIT DECLARING REDEMPTION DESIGNEE

STATE OF MICHIGAN)
                                          ss)
COUNTY OF OAKLAND)

Susan C. Myers, being first duly sworn, deposes and says:

1.    That she is the duly authorized attorney for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and is familiar with the facts set forth herein.

2.    This affidavit is being filed to declare the redemption amount in relation to the property located in the City of Detroit, County of Wayne further described as:

South 16 feet of Lot 38 and North 16 feet of Lot 37, Pilgrim Village Subdivision, as recorded in Liber 67, Page 19, Wayne County Records.

Commonly Known as: 15821 Pinehurst Tax ID #: Ward 16 Item 044309

3.    On or about March 10, 2005 a mortgage was executed between William Hunter, a single man and Mortgage Electronic Registration Systems, Inc. for $42,250 on March 10, 2005, recorded March 17, 2005 in Liber 42312, Page 1120, Wayne County Records.

4.    Said mortgage is currently held by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC..

5.    Said mortgage is scheduled for foreclosure on December 7, 2005 for, $30,679.35.

6.    Redemption must include $30,679.35, plus interest at the rate of 7.5% from December 7, 2005; at a per diem amount of $6.3; plus additional expenses for Taxes; Redemption of Senior Liens; Condominium Assessments; Homeowner Assessments; Community Association Assessments; or Premiums for Insurance Policies and Redemption Servicing Fee. An authorized computation of the above can be received only from the designee listed below.

7.    The Redemption Servicing Fee, as allowed by Michigan Statue is $200.00, plus recording costs.  The servicing fee is payable to Orlans Associates, P.C. and will be added to the redemption amount.

TO ORDER A REDEMPTION COMPUTATION CALL:
ORLANS ASSOCIATES, P.C., REDEMPTION DEPARTMENT
P.O. Box 5041
Troy, MI 48007-5401
248-457-1000 x 291

8.    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. hereby appoints Orlans Associates, P.C. as its designee and pursuant to MCLA 600.3240 declares that a computation of the amount to redeem done by any other than Orlans Associates, P.C. is subject to the designee's audit of said computation and such redemption funds are subject to rejection.


P.O. Box 5041
Troy, MI 48007
(248) 457-1000
(248) 457-1001
fax

9.    A written, official computation of the redemption amount will be prepared by Orlans Associates, P.C., within a reasonable period of time for any and all who request such a computation.

10.    Any redemption made without a written, current, computation provided by Orlans Associates, P.C. will be subject to audit and potential subsequent rejection of said funds.

Li-43868          Pa-275

11. Attention: REGISTER OF DEEDS; DO NOT accept redemption funds without a written, current redemption computation from Orlans Associates, P.C. Acceptance of funds without an Orlans Associates, P.C. computation will subject that redemption to an audit and potential subsequent rejection of the redemption funds.

Further affiant sayeth not.

Susan C. Myers
Attorney for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
Subscribed and sworn to before me this 5th day of December, 2005.

Ann M. Nuttle, Notary Public
Macomb County Acting in Oakland County, Michigan
My Commission Expires:  10/22/2007

Date Dated: 12/05/05
File Number:  356.0070

Drafted By & when recorded return to:
Susan C. Myers
ORLANS ASSOCIATES PC
P.O. Box 5041
Troy, Michigan 48007
(248) 457-1000

ORLANS
D. Box 5041
oy, MI 48007
48) 457-1000
48) 457-1001 fax

**EXHIBIT G**

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ACE INDUSTRIES, LLC

      Plaintiff,

                             Case No. 06-631517-CH

-v-                             Hon.  Kathleen Macdonald

WARRAN SANFORD, WILLIAM
HUNTER, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., a Delaware
Corporation,

      Defendants.

_____/

SWISTAK & LEVINE, PC
BY:   LAWRENCE P. SWISTAK (P24892)
       PAUL K. VILLARRUEL (P32008)
Attorney for Plaintiff
30445 Northwestern Highway; Suite 140
Farmington Hills, Michigan  48334
(248) 851-8000

BECKER LAW FIRM, PLC
BY:   CARL G. BECKER (P10608)
Co-Counsel for Plaintiff
5010 Old Mill Road
Rochester, Michigan  48306
248-608-1808

_____/

### DAMAGE SHEET

1.   Lost profit on Option................................................ .. ...$13,000.00

2.   Attorney Fees............ ............................................$8,492.50

3.   Hold Costs to Date – Interest (February 7) ...................... .. .........$3592.38

4.   County & City Tax (prorated to February 7)........................ ......$800.00

5.   Insurance (10 Months)...................................................... . ...$666.00

6.   Estimate to Repair & Rehabilitation for Resale – Declining market...$9000.00

05/27/2007   20:38    2315491027                BECKER LAW PLC                          PAGE   01/03

7.    Costs of Sale.................... ...... .................................... ....$6,000.00

                                                    Total:  $41,550.88

8.    Additional holding costs until Resale (4 months).................... ......$1686.13

       ($421.53 per month times 4)

<u>**Total Now is: $43,236.01**</u>

Respectfully submitted;

BECKER LAW FIRM, PLC

BY:   CARL G. BECKER (P10608)
Co-Counsel for Plaintiff
5010 Old Mill Road
Rochester, Michigan  48306
248-608-1808

Dated:     Thursday, February 22, 2007

# **EXHIBIT B**

**Settlement Agreement**

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter the "Agreement") is entered into by and between Ace Industries, L.L.C. ("Ace") whose address is c/o William Trainor, Esq., Swistak Levine, P.C., 30445 Northwestern Highway, Suite 140, Farmington Hills, MI 48334, Mortgage Electronic Registration Systems, Inc. ("MERS") whose address is c/o Michelle Donovan, Esq., Plunkett Cooney, P.C., 38505 Woodward Ave., Suite 2000, Bloomfield Hills, MI 48304, American Home Mortgage Corporation ("AHM") whose address is c/o Joseph Kozely, Esq., Foster Swift Collins Smith, P.C., 32300 Northwestern Highway, Suite 230, Farmington Hills, MI 48334, and American Home Mortgage Acceptance, Inc.("AHMA"), whose address is c/o Randall Blau, Esq., Maddin, Hauser, Wartell, Roth & Heller, P.C., 28400 Northwestern Highway, 3rd Floor, Southfield, MI 48034 (collectively referred to as the "Parties").

## RECITALS

A. WHEREAS, Ace filed a lawsuit against Warren Sanford, William Hunter and MERS, and AHM and AHMA intervened as Defendants relating to property commonly known as 15821 Pinehurst, Detroit, Michigan 48238, (the "Property"), and more particularly described as:

SOUTH 16 FEET OF LOT 38 AND NORTH 16 FEET OF LOT 37, PILGRIM VILLAGE SUBDIVISION, AS RECORDED IN LIBER 67, PAGE 19 OF PLATS, WAYNE COUNTY RECORDS.

TAX IDENTIFICATION NO.:        WARD 16 – ITEM NO. 044309

in the Wayne County Circuit Court, Case No. 06-631517-CH (hereinafter the "Lawsuit"); and

B. WHEREAS, the Parties wish to avoid the hazards, delays and expenses of further litigation; and

C. WHEREAS, the Lawsuit has now been resolved by the agreement of the parties and for and in consideration of the mutual covenants and benefits set forth herein, the sufficiency and adequacy of which are hereby acknowledged and accepted, and the recitals above being incorporated herein, the Parties agree as follows:

1.    **Resolution Quieting Title.**

The Parties hereby stipulate and agree to entry of the Consent Order Quieting Title attached hereto as Exhibit _____ which provides that:

(a)    Fee simple title to the Property shall be quieted, vested, affirmed and restored in Plaintiff, ACE INDUSTRIES, L.L.C., pursuant to a certain warranty deed dated January 12, 2005 and recorded on July 15, 2005, in Liber 43014, Page 897, Wayne County Records,

(b)    All right, title and interest acquired by Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., whether acting alone or acting as nominee for AHM, and Intervening Defendants, AMERICAN HOME MORTGAGE CORP. and AMERICAN HOME MORTGAGE ACCEPTANCE, INC., and any and all successors, assigns and/or any individuals or entities claiming by, through or under MERS and/or AHM, in the Property by virtue of two (2) mortgages granted to MERS and AHM by William Hunter; a first mortgage in the amount of $42,250.00 dated March 10, 2005 and recorded on March 17, 2005, in Liber 42312, Page 1120, Wayne County Records, (the "MERS/AHM Mortgage No. 1"), and a second mortgage in the amount of $10,000.00 dated March 10, 2005 and recorded on March 17, 2005, in Liber 42312, Page 1144, Wayne County Records, (the "MERS/AHM Mortgage No. 2"), as well as a certain Sheriff's Deed on Mortgage Foreclosure in favor of MERS and AHM dated December 7, 2005 and recorded on December 27, 2005, in Liber 43868, Page 271, Wayne County Records, (the "MERS/AHM Sheriff's Deed"), shall be forever terminated and extinguished as if said interests never existed,

(c)    Plaintiff, ACE INDUSTRIES, L.L.C., may present the Stipulation and Consent Order ("Order" attached as Exhibit A) to the Wayne County Register of Deeds for recording, and the Order shall be accepted for recording and entered in the public land records for Wayne County, Michigan, and

(d)    All claims for many damages against MERS, AHM and AHMA are dismissed with prejudice.

2.    **Release.**

For and in consideration of the obligations, promises, and covenants herein undertaken, Ace, its employees, officers, directors, shareholders, predecessors, affiliates, subsidiaries, members, successors, assignees, assignors, agents, insurers, attorneys, and anyone claiming under or through its rights hereby releases and forever discharges MERS, AHM, AHMA, their employees, officers, directors, shareholders, predecessors, affiliates, subsidiaries, members, successors, assignees, assignors, agents, insurers, attorneys, and anyone claiming under or through their rights from any and all claims, damages, actions, causes of action, suits, debts, contracts, agreements, transactions, damages (including reasonable attorney fees), liabilities and controversies whatsoever in law or in equity relating to the Property and/or the Lawsuit, whether known or unknown, fixed or contingent, arising from the beginning of time to the date of this Agreement, or which in the future arise relating to the Property, the Lawsuit, or the facts and transactions underlying the Lawsuit and/or the Property. Ace acknowledges that this Agreement is final, binding, enforceable, and cannot be revoked and that it is dismissing any and all potential claims against MERS, AHM, and AHMA with prejudice and without costs or attorneys fees. By entering into this Agreement, Ace is not and has not waived its right to make claims against and/or seek money damages from Warren Sanford and William Hunter.

724474 v3/11708.0124

3.    **Disclaimer of Interest.**

MERS, AHM and AHMA agree that upon entry of the Order, MERS, AHM, and AHMA disclaim any and all interest in the Property. Ace is the fee simple absolute owner of the property and is not subject to any interest of MERS, AHM, and/or AHMA.

4.    **Disclaimer of Liability.**

Neither the existence of this Agreement nor the making of the Settlement Payment shall constitute or be construed as an admission of liability or wrongdoing by the Parties.

5.    **Entire Agreement.**

This Agreement constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous agreements and understandings (oral or written) with respect to the subject matter hereof and shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns. Any waiver, amendment, or modification of this Agreement shall be valid only if in writing signed by each Party or its authorized agent. There are no restrictions, promises, warranties, covenants, or undertakings other than those expressly set forth herein. Nothing in this Agreement shall be construed to release any party from claims arising from the breach of the terms of this Agreement. The persons signing this Agreement represent and warrant that they are vested with requisite authority to bind the respective Party to the terms of this Agreement. The Parties further acknowledge that they have executed this Agreement after having had the opportunity to consult with their respective counsel. The Parties hereby agree to take all action necessary to effectuate this Agreement and authorize their respective attorneys to do the same. This Agreement may be executed in counterparts, which counterparts together shall constitute one and the same instrument and be binding on both Parties. The Parties agree that forwarding by facsimile of a signed copy of this Agreement by a party shall be deemed an original signature of that party for the purpose of execution of this Agreement.

6.    **Modification.**

This Agreement may be modified (1) only in writing and (2) when all Parties sign the modification.

7.    **Facsimile and Counterpart Signatures.**

This Agreement may be signed and delivered (1) by facsimile (with original to follow by mail), which shall be fully effective when so signed, and (2) in counterparts, which together shall constitute an entire enforceable Agreement.

[signatures on following page]

724474 v3/11708.0124

X

Ace Industries, L.L.C.

By: Harold Kurtz

Its: Authorized Signor

Dated: 3.6.08

MERS, Inc.

By: _____

Its: _____

Dated: _____


American Home Mortgage Corporation

By: _____

Its: _____

Dated: _____

American Home Mortgage Acceptance, Inc.

By: _____

Its: _____

Dated: _____

724474 v3/11708.0124

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ACE INDUSTRIES, L.L.C.,
a Nevada limited liability company,

      Plaintiff,

v.

WARREN SANFORD, WILLIAM HUNTER,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., a
Delaware corporation,

      Defendants.

and

AMERICAN HOME MORTGAGE CORP. and
AMERICAN HOME MORTGAGE ACCEPTANCE,
INC.,

      Intervening Defendants.

**Stipulation And Consent Order Quieting Title To Real Property In Plaintiff, Ace Industries L.L.C., And Extinguishing The Interests Of Defendant, Mortgage Electronic Registration Systems, Inc., And Intervening Defendants, American Home Mortgage Corp. And American Home Mortgage Acceptance, Inc., In Real Property Under Two Mortgages And A Certain Sheriff's Deed**

---

SWISTAK LEVINE, P.C.
Lawrence P. Swistak (P24892)
William J. Trainor (P68591)
Attorneys for Plaintiff
30445 Northwestern Highway, Suite 140
Farmington Hills, Michigan 48334
(248) 851-8000
(248) 851-4620 (Fax)

BECKER LAW FIRM, P.L.C.
Carl G. Becker (P10608)
Co-Counsel for Plaintiff
5010 Old Mill Road
Rochester, Michigan 48306
(248) 608-1808
(248) 608-1809 (Fax)

SWISTAK LEVINE PC

PLUNKETT COONEY
Michelle R. E. Donovan (P58405)
Attorneys for Defendant MERS
38505 Woodward Ave., Suite 2000
Bloomfield Hills, Michigan 48304
(248) 901-4053

FOSTER, SWIFT, COLLINS & SMITH, P.C.
Joseph E. Kozely (P33327)
Attorneys for Intervening Defendant American
Home Mortgage Corp. Only
32300 Northwestern Highway, Suite 230
Farmington Hills, Michigan 48334
(248) 538-6331

MADDIN, HAUSER, WARTELL, ROTH
& HELLER, P.C.
David E. Hart (P45084)
Randall M. Blau (P53420)
Attorneys for Intervening Defendant American
Home Mortgage Acceptance, Inc. Only
28400 Northwestern Hwy, 3rd Floor
Southfield, Michigan 48034
(248) 354-4030

**STIPULATION AND CONSENT ORDER QUIETING TITLE TO REAL PROPERTY IN
PLAINTIFF, ACE INDUSTRIES, L.L.C., AND EXTINGUISHING THE INTERESTS OF
DEFENDANT, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND
INTERVENING DEFENDANTS, AMERICAN HOME MORTGAGE CORP. AND AMERICAN
HOME MORTGAGE ACCEPTANCE, INC., IN REAL PROPERTY
UNDER TWO MORTGAGES AND A CERTAIN SHERIFF'S DEED**

At a session of said Court, held in the City of Detroit,
County of Wayne, and State of Michigan, on
_____, 2008.

PRESENT:    HON. _____
                         Circuit Court Judge

**THIS MATTER** having come before the Court upon the stipulation, consent and agreement of

Plaintiff, ACE INDUSTRIES, L.L.C., ("ACE"), Defendant, MORTGAGE ELECTRONIC

REGISTRATION SYSTEMS, INC., ("MERS"), and Intervening Defendants, AMERICAN HOME

MORTGAGE CORP. and AMERICAN HOME MORTGAGE ACCEPTANCE, INC., (collectively,

"AHM"), for entry of this Consent Order Quieting Title to Real Property in Plaintiff, ACE

INDUSTRIES, L.L.C., and extinguishing the interests of Defendant, MORTGAGE ELECTRONIC

REGISTRATION SYSTEMS, INC., and Intervening Defendants, AMERICAN HOME MORTGAGE

CORP. and AMERICAN HOME MORTGAGE ACCEPTANCE, INC., In Real Property Under Two

-2-

Mortgages and a Certain Sheriff's Deed, the stipulation, consent and agreement of ACE, MERS and AHM having been voluntarily entered and obtained as evidenced by their respective counsel's signatures affixed below, and the Court being otherwise fully advised in the premises;

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that fee simple title to a certain parcel of real property located in the City of Detroit, County of Wayne, State of Michigan, commonly known as 15821 Pinehurst, Detroit, Michigan 48238, (the "Property"), and more particularly described as:

> SOUTH 16 FEET OF LOT 38 AND NORTH 16 FEET OF LOT 37, PILGRIM VILLAGE SUBDIVISION, AS RECORDED IN LIBER 67, PAGE 19 OF PLATS, WAYNE COUNTY RECORDS.

> TAX IDENTIFICATION NO.:        WARD 16 – ITEM NO. 044309

is hereby quieted, vested, affirmed and restored in Plaintiff, ACE INDUSTRIES, L.L.C., pursuant to a certain warranty deed dated January 12, 2005 and recorded on July 15, 2005, in Liber 43014, Page 897, Wayne County Records.

**IT IS FURTHER ORDERED AND ADJUDGED** that all right, title and interest acquired by Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., whether acting alone or acting as nominee for AHM, and Intervening Defendants, AMERICAN HOME MORTGAGE CORP. and AMERICAN HOME MORTGAGE ACCEPTANCE, INC., and any and all successors, assigns and/or any individuals or entities claiming by, through or under MERS and/or AHM, in the Property by virtue of two (2) mortgages granted to MERS and AHM by William Hunter; a first mortgage in the amount of $42,250.00 dated March 10, 2005 and recorded on March 17, 2005, in Liber 42312, Page 1120, Wayne County Records, (the "MERS/AHM Mortgage No. 1"), and a second mortgage in the amount of $10,000.00 dated March 10, 2005 and recorded on March 17, 2005, in Liber 42312, Page 1144, Wayne County Records, (the "MERS/AHM Mortgage No. 2"), as well as a certain Sheriff's Deed on Mortgage Foreclosure in favor of MERS and AHM dated December 7, 2005 and recorded on

-3-

December 27, 2005, in Liber 43868, Page 271, Wayne County Records, (the "MERS/AHM Sheriff's Deed"), are hereby forever terminated and extinguished as if said interests never existed.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff, ACE INDUSTRIES, L.L.C., may present this Stipulation and Consent Order to the Wayne County Register of Deeds for recording, and the Order shall be accepted for recording and entered in the public land records for Wayne County, Michigan.

**IT IS FURTHER ORDERED** that all claims against MERS and AHM, including claims for money damages, are hereby dismissed with prejudice and without costs.

THIS STIPULATION AND CONSENT ORDER RESOLVES ALL CLAIMS, INCLUDING CLAIMS FOR MONEY DAMAGES, BY AND BETWEEN PLAINTIFF, ACE INDUSTRIES, L.L.C., DEFENDANT, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND INTERVENING DEFENDANTS, AMERICAN HOME MORTGAGE CORP. AND AMERICAN HOME MORTGAGE ACCEPTANCE, INC., ONLY, AND CLOSES THE CASE AS TO SAID DEFENDANT AND INTERVENING DEFENDANTS, ONLY.

THIS STIPULATION AND CONSENT ORDER DOES NOT RESOLVE THE REMAINING CLAIMS, INCLUDING CLAIMS FOR MONEY DAMAGES, OF PLAINTIFF AGAINST DEFENDANTS, WARREN SANFORD AND WILLIAM HUNTER, AND DOES NOT CLOSE THE CASE AS TO SAID DEFENDANTS.

STIPULATED AND AGREED:


William J. Trainor (P68591)
Attorney for Plaintiff

Randall M. Blau (P53420)
Attorney for Intervening Defendant
American Home Mortgage Acceptance, Inc.

_____
Michelle R. E. Donovan (P58405)
Attorney for Defendant MERS

_____
Joseph E. Kozely (P33327)
Attorney for Intervening Defendant
American Home Mortgage Corp.

IT IS SO ORDERED:

_____
Circuit Court Judge

SWISTAK LEVINE PC

# **EXHIBIT C**

**Release Agreement**

## RELEASE AND ACKNOWLEDGMENT

**WHEREAS,** AMERICAN HOME MORTGAGE ACCEPTANCE, INC. hereinafter referred to as ("Insured") made a claim under its policy of title insurance issued by TICOR TITLE INSURANCE COMPANY (hereinafter referred to as "Ticor") regarding a certain parcel of real property located in the City of Detroit, County of Wayne, State of Michigan, commonly known as 15821 Pinehurst, Detroit, Michigan 48238 ("The Property") which policy is Ticor Title Insurance Company policy number 74107-70147374 (the "Title Policy") and which title insurance claim has been assigned Ticor Title Claim No. 228921 (referred to as the "Title Claim"); and

**WHEREAS,** Ticor accepted the Title Claim, hired counsel to represent the Insured and pursued defense of Wayne County Circuit Court Case No. 06-631517-CH entitled *Ace Industries, L.L.C. v. Warren Sanford, William Hunter, MERS, Inc., American Home Mortgage Corp. and American Home Mortgage Acceptance, Inc.* (the "Litigation"); and

**WHEREAS,** with the consent of the Insured, a resolution of the Litigation has been reached which extinguishes all interest in the Property that the Insured might have had and quiets title to the Property that is the subject of the Title Claim, to Plaintiff Ace Industries, L.L.C.; and

**WHEREAS,** Ticor has agreed to pay Fifteen Thousand and no/100 ($15,000.00) Dollars to the Insured in full and final settlement of the Title claim and Ticor's obligations under the Title Policy; and

**NOW THEREFORE,** upon the basis of the recitals above which are incorporated herein by reference and in consideration of payment of Fifteen Thousand and no/100 ($15,000.00) referred to above and the resolution of the Litigation and the Title Claim, and upon filing of the necessary dismissals with the Court by Plaintiff and Defendants of the Litigation, the Insured

721712 v1/11708.0124

hereby agrees and acknowledges that all of Ticor's obligations under the Title Policy have been

satisfied and the Title Policy will no longer be in effect. The Insured hereby releases and forever

discharges Ticor, its parent companies, subsidiaries, affiliate entities, agents, attorneys, and all

those acting with or through Ticor from any and all claims, causes of action, and/or liability of

any type or nature that flow from, relate to, or involve in any way the Title Policy, the Litigation

and/or the Title Claim.

<div style="margin-left:50%">

AMERICAN HOME MORTGAGE
ACCEPTANCE, INC.

By:_____

Its:_____

Dated:_____

</div>

721712 v1/11708.0124