UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Patrick Manley, Freya DeNitto, Shawn O'Neil,
Christian Kohl, and Thomas Marinovich, Thomas Byrnes,
David Livingstone, Kathleen Mamer, Randy Mamer,
and Scott Robisch individually and on behalf of others
similarly situated,

|  |  |
|---|---|
| Plaintiffs, | 04 CIV 8606 (JGK) |
| V. |  |

American Home Mortgage Investment Corporation
and American Home Mortgage Corporation

Defendants.

**AMENDED COMPLAINT**

**INTRODUCTION**

1. Plaintiffs bring this action for unpaid overtime. The action is brought as a class action and a collective action.

**JURISDICTION**

2. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

3. This Court has supplemental jurisdiction over the state claim raised by virtue of 28 U.S.C. §1367(a).

**VENUE**

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1). Upon information and belief, the defendant Corporation resides within this District.

5. Plaintiffs were employed by defendants within this district.

6. The causes of action accrued in this district.

**PARTIES**

**A.     Plaintiffs**

7. The named plaintiffs were employees of defendant. A Consent to Sue is attached at the back of this complaint for each such plaintiff.

8. Plaintiffs were engaged in commerce while working for defendants.

9. The term "plaintiff" or "plaintiffs" as used in this complaint refers to the named plaintiff(s) and any additional represented parties employed by any defendant as a Loan Officer or Senior Loan Officer, pursuant to the collective action provision of 29 U.S.C. §216(b).

10. The term "plaintiff" as used in this complaint refers to the named plaintiffs and any additional represented parties, employed by any defendant as a loan officer or senior loan officer in New York, pursuant to the class action provisions of the Federal Rules of Civil Procedure. Upon information and belief, the class is so numerous that joinder is impractical; there are questions of law or fact common to the class; the claims of the named plaintiff are typical of the claims of the class; the representative parties will fairly and adequately protect the interests of the class. Pursuant to FRCP Rule 23(b)(3), common questions of overtime and minimum wage eligibility predominate over

individual questions and a class action is a superior method for adjudicating this dispute.

11. Upon information and belief, defendants regularly engaged employees to work on a commission basis without payment of time and one half overtime premium pay and without paying such employees minimum wages as required by law.

12. Plaintiffs bring this action on behalf of all similarly situated employees paid without payment of minimum wages or time and one half overtime premium pay under the collective action provisions of the FLSA.

**B.    Defendants**

13. Defendant AMERICAN HOME MORTGAGE INVESTMENT CORPORATION is a New York corporation that lists its headquarter's address as 520 Broadhollow Road, Melville, NY 11747.

14. Defendant AMERICAN HOME MORTGAGE CORPORATION is a New York corporation that lists its headquarter's address as 520 Broadhollow Road, Melville, NY 11747.

15. Defendants operate a mortgage brokerage business. Upon information and belief the defendant corporations have had gross revenues in excess of $500,000 for all relevant periods herein.

16. Defendants maintain offices for plaintiffs and others within the Southern District of New York..

17. Defendants routinely conducts business within the Southern District of New York.

18. Upon information and belief, defendants operate an enterprise engaged in commerce within the meaning of the FLSA.

19. For each of the 3 years preceding the filing of the initial complaint herein, defendants

have employed 2 or more individuals "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce."

**FACTS**

20. Plaintiffs (including the named plaintiffs) were employed by defendants.

21. Plaintiffs (including the named plaintiffs) were employed as Loan Officers or Senior Loan Officers as are described above.

22. Plaintiffs (including the named plaintiffs) regularly worked more than 40 hours per week for defendants.

23. Defendants failed to pay plaintiffs overtime compensation at the rate of time and one-half for all hours worked over 40.

24. Defendants utilized a draw system for paying plaintiffs.

25. The payment of a draw to any plaintiff could be (and frequently was) recovered by defendants.

26. Payment of the plaintiffs through a draw is not payment to plaintiffs of wages "free and clear."

27. Defendants did not pay plaintiffs minimum wages free and clear during each pay period.

28. Defendants' failure to pay plaintiff the proper wages required by law was willful.

29. All actions and omissions described in this complaint were made by defendants directly or through its supervisory employees and agents.

**CAUSE OF ACTION**
**(OVERTIME)**

30. Defendants failed to pay premium overtime and minimum wages to the collective action plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. §203, 207 et seq. and its implementing regulations.

31. Defendants' failure to comply with the FLSA caused plaintiffs to suffer loss of wages and interest thereon.

32. Defendants failed to pay overtime and minimum wages to the class action plaintiffs in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, 12 NYCRR §138-2.1 *et. seq*. as well as the common law (contract) of New York.

33. Defendants' failure to comply with the NY Labor Law minimum wage and overtime protections caused plaintiffs to suffer loss of wages and interest thereon.

WHEREFORE, plaintiff requests that this Court enter judgment or an order to plaintiff:

   A. Declaring that the defendant violated the Fair Labor Standards Act and New York Labor Law, Article 19;

   B. Declaring that the defendant's violations of the FLSA and New York Labor Law were willful;

   C. Allowing this action to proceed as a class action under FRCP Rule 23 on behalf of the New York class defined above.

   D. Awarding damages for their claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages;

   E. Awarding damages for their claims of unpaid wages as secured by Articles 6 and 19 of the New York Labor Law;

   F. Awarding the plaintiffs' costs (including expert witness costs and fees) and reasonable attorneys' fees;

   G. Granting plaintiff such other and further relief, including equitable relief, as this

Court finds just and necessary.

Dated: October 24, 2006

Respectfully Submitted,

/s/

Dan Getman, Esq. (DG4613)
Getman Law Office
9 Paradies La.
New Paltz, NY  12561

(845) 255-9370
(845) 255-8649 (fax)

email: dgetman@getmanlaw.com

ATTORNEYS FOR PLAINTIFFS