# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PATRICK MANLEY, et al, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Civ. No.: 04-CV-08606(JGK) |
| -against- | ) ) | Koeltl, J. |
| AMERICAN HOME MORTGAGE INVESTMENT CORPORATION and AMERICAN HOME MORTGAGE CORPORATION, | ) ) ) ) | Peck, M.J. |
| Defendants. | ) ) ) ) ) | |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Class Action Settlement Agreement and Release of All Claims (the "Agreement") is entered into by and between Plaintiffs (as hereinafter defined) and the class of individuals that they represent (as hereinafter defined), on the one hand, and Defendants (as hereinafter defined).

### RECITALS

WHEREAS, a Complaint was filed on November 1, 2004, in which claims were asserted against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and New York State law for the alleged failure to pay certain wage and overtime amounts to Plaintiffs and all other employees who are similarly situated;

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Claims between Plaintiffs and those employees they seek to represent and Defendants, including, but not limited to, those asserted in *Patrick Manley, et al. v. American Home Investment Corporation and American Home Mortgage Corporation,* Case No. 04-CV-08606 (S.D.N.Y.) (the "Litigation");

WHEREAS, Defendants denied and continue to deny all of the allegations made by Plaintiffs in the Litigation and have denied and continue to deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever and without admitting that pay and/or overtime amounts were improperly withheld from any employees, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation.

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against Defendants in the Litigation, and the impact of this Agreement on Plaintiffs and the Class, and has

engaged in extensive discovery.  Based upon his analysis and his evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever for the Class, or might result in a recovery that is less favorable to the Class, and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Class.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.    **DEFINITIONS**

The defined terms set forth below shall have the meanings ascribed to them below.

1.1    **Class Member**.  "Class Member" shall mean any individual employed by Defendants at any time between November 1, 1998 and the present as a loan officer, senior loan officer and team leader in MortgatgeSelect.com, a division of Defendants, who was employed in New York and who did not opt-in to this Litigation pursuant to 29 U.S.C. §216(b).  The parties have exchanged a list of all Class Members, which, in order to preserve the confidentiality of certain personal information, they are not filing with the Court.

1.2    **Class Counsel**.  "Class Counsel" shall mean Dan Getman, Esq. of The Getman Law Office, 9 Paradies Lane, New Paltz, New York 12561.

1.3    **Class Fund**.  "Class Fund" shall mean the sum of all the Individual Settlement Benefits.

1.4    **Court-Ordered Notice**.  Court Ordered Notice shall mean the Notice of Pendency of Collective Action Lawsuit approved in this Lawsuit by the Court on December 23, 2005.

1.5    **Defendants**.  "Defendants" shall mean American Home Mortgage Investment Corporation and American Home Mortgage Corporation.

1.6    **Defendants' Counsel**.  "Defendants' Counsel" shall mean Marc S. Wenger, Esq. and Wendy J. Mellk, Esq., of Jackson Lewis, LLP, 58 South Service Road, Suite 410, Melville, New York 11747.

1.7    **Eligible Plaintiff**.  Eligible Plaintiff shall mean any Plaintiff (as defined below) who was employed in New York as a loan officer, senior loan officer and team leader in MortgatgeSelect.com between November 1, 1998 and the present.

1.8    **Fairness Hearing**.  "Fairness Hearing" shall mean the hearing on the joint application for Judgment and Final Approval.

1.9    **Final Approval**.  "Final Approval" shall mean the occurrence of all of the following:

(A)        the Court has entered Judgment in this Action; and

(B)        the Judgment has become Final.  "Final" means the latter of:

    (1)    The time for seeking rehearing or reconsideration and/or appellate review has expired; or

    (2)    If rehearing, reconsideration or appellate review is sought, after any and all avenues of rehearing, reconsideration and appellate review have been exhausted and no further rehearing, reconsideration or appellate review is permitted, or thirty days has expired and the Judgment has not been modified, amended or reversed in any way.

**1.10**    **Individual Settlement Benefit.** Each Plaintiff's and Class Member's Individual Settlement Benefit is listed on a confidential document that the parties have exchanged but, in order to preserve the confidentiality of certain personal information, are not filing with the Court.. The amounts are based on annual wage rates and hours believed to have been worked and were determined through use of the "Formula" set forth in Paragraph 2.1 herein, as well as liquidated damages and service payments for the time, effort, risk and expense incurred by certain Plaintiffs.

**1.11**    **Order Granting Preliminary Approval.** "Order Granting Preliminary Approval" shall mean the Order entered by the Court preliminarily approving the terms and conditions of this Agreement, including the manner and timing of providing notice to the Class, the time period for objections and the date for the Fairness Hearing. A copy of the proposed Order Granting Preliminary Approval is attached hereto as Exhibit A.

**1.12**    **Parties.** "Parties" shall mean and refer to Plaintiffs, Class Members, and Defendants.

**1.13**    **Plaintiffs.** "Plaintiffs" shall mean and include Patrick Manley, Freya Denitto, Shawn O'Neill, Christian Kohl, Thomas Marinovich, Thomas Byrnes, David Livingstone, Kathleen Mamer, and Scott Robisch (who, by themselves, shall be referred to as the "Named Plaintiffs"), and those individuals who have filed with the Court a "Consent to Become Party Plaintiff" indicating their desire to opt into the Lawsuit, which consent has not been withdrawn or dismissed as of the date of the Fairness Hearing, and shall also include any and all representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns of such individuals, as applicable and without limitation.

**1.14**    **Qualified Class Member.** "Qualified Class Member" shall mean any 1) Plaintiff who filed consents to sue prior to the issuance of Court Ordered Notice, (other than the Named Plaintiffs),who has completed and returned the Verification Form in the manner and time period set forth in the Verification Form; 2) Named Plaintiffs; 3) individuals who filed a Consent to Sue in this action following Court issued notice; or, 4) Class Member.

**1.15**    **Recovery Period.** "Recovery Period" shall mean the period from November 1, 1998 through the present.

**1.16**    **Settlement Amount.** "Settlement Amount" shall mean the sum of all the "Individual Settlement Benefits" (the Class Fund) totaling $1,227,943.59, Plaintiffs' attorney's fees in the amount of $409,314.53 and Plaintiffs' costs and expenses in the amount of $13,996.67.

**1.17    Unclaimed Funds.** "Unclaimed Funds" shall mean any part of the Settlement Amount remaining after all disbursements for Class Counsel's fees and costs, Service Payments or enhancements to Plaintiffs, and payments to Qualified Class Members and Plaintiffs have been made in accordance with the terms of this Agreement.

**1.18    Verification Form.** "Verification Form" shall mean the form, a copy of which is attached to the Notice of Proposed Settlement attached hereto, that Plaintiffs who filed consents to sue prior to the issuance of Court Ordered Notice, other than the Named Plaintiffs, must sign and return in the manner and time period set forth therein to be eligible for a distribution from the Class Fund.

**2.    SETTLEMENT PAYMENTS**

**2.1    Settlement Payments to Qualified Class Members.**

(A)    Defendants shall convey all required funds herein to the Settlement Administrator within 10 days after the **Final Approval** date. The Settlement Administrator shall keep such funds in an interest bearing escrow account for the beneficiaries described in this Agreement, and shall make all payments as provided for in this Agreement. All interest and unclaimed funds shall be returned to the Defendants after one year from the **Final Approval** date.

(B)    Defendants agree to settle Plaintiffs' and Class Members' claims pursuant to a formula ("Formula") comprised of the following conditions. The amount calculated for each Individual Class Member or Plaintiff pursuant to the Formula is the "Individual Settlement Benefit":

　　　(1)    Under the Formula, back pay is calculated as follows:

　　　　　(a)    Each Plaintiff's and Class Member's annual salary is divided by the number of weeks they were employed in a year, and then 46 hours per week to obtain an hourly rate.

　　　　　(b)    One-half of the hourly rate figure is multiplied by 6 hours per week to determine the half-time back pay owed per week.

　　　　　(c)    This per week back pay number is multiplied by the adjusted weeks worked during the recovery period, calculated by multiplying total weeks they were employed during the recovery period by 43/52, as the reasonable number of weeks that each Plaintiff and Class Member worked overtime is deemed 43 weeks of any calendar year.

　　　(2)    Every Plaintiff and Class Member will receive at least $300.00, regardless of the result of their calculation under the Formula.

　　　(3)    Liquidated damages will be paid only to Plaintiffs who opted-in to the lawsuit pursuant to 29 U.S.C. § 216(b). Liquidated damages will be paid going back two years from January 2005 or January 2006, whichever is closer to the

- 4 -

actual date of the filing of the consent to sue. Liquidated damages go forward from filing of the Consent to Sue through the termination of employment.

(C)      Each Qualified Class Member will receive, subject to the terms and conditions of this Agreement, the Individual Settlement Benefit as follows:

     (1)      Class Members' Individual Settlement Benefits will be comprised solely of back pay calculated on the basis of the Formula.

     (2)      Plaintiffs' Individual Settlement Benefits will be comprised of back pay and liquidated damages calculated on the basis of the Formula.

(D)      The Individual Settlement Benefit payments to Qualified Class Members are made solely for the purpose of settling the Litigation to avoid the burden, expense, and uncertainty of continuing the Litigation.

(E)      Except as otherwise provided herein and subject to the timely submission of any Verification Form by a Plaintiff who filed a consent to sue prior to the issuance of Court Ordered Notice, (other than the Named Plaintiffs), the Settlement Administrator shall make the payments required under this Settlement Agreement to all Qualified Class Members, as well as to Class Counsel. In any case in which (i) a Qualified Class Member is deceased; (ii) there is a dispute as to the correct amount to which the Qualified Class Member is entitled pursuant to this Agreement, (iii) the Qualified Class Members' mailing address, as it appears in Defendants' records, is inaccurate, or (iv) Defendants have not received a timely Verification Form from a Plaintiff who filed a consent to sue prior to the issuance of Court Ordered Notice (other than the Named Plaintiffs) sufficient to permit Defendants to make the payment provided for herein and contemplated hereby, Defendants shall not be in default of their obligations under this Section so long as they have made reasonable efforts to make the required payment within such time period.

(F)      Each Qualified Class Member to whom any payment is to be made under this Agreement (or any person to whom a payment as an heir, successor or assignee of a Qualified Class Member is to be made) shall execute, as a condition of and in consideration for such payment, a release of claims arising during or relating to the Recovery Period based on the alleged failure to pay compensation under federal or state law, which release shall be affixed to the back of the Individual Settlement Benefit check.    In addition, each Class Member who was employed three years preceding the date of the Notice of Proposed Settlement to whom a payment is to be made under this Agreement shall execute, as a condition of and in consideration for such payment, a consent to opt-in to this Litigation pursuant to 216(b), which shall be affixed to the back of the Individual Settlement Benefit check, and which consent to sue shall be filed with the Court.

(G)      In the event a Plaintiff or Class Member fails to submit the requisite Verification Form within the time period set forth in the Verification Form, the Plaintiff or Class Member shall not become eligible for a payment from the Class Fund.

NYI-2178306v11

(H)     In the event that there is a remaining balance in the Class Fund after all Qualified Class Members who timely applied are paid, any such Unclaimed Funds shall revert to Defendants.

(I)     Defendants will utilize the services of Rust Consulting (a mutually agreed upon third-party vendor to facilitate administrative matters and distributions to Qualified Class Members (the "Settlement Administrator")), in accordance with the terms and conditions of this Agreement. The costs of any such vendor shall be paid for by Defendants in addition to the Settlement Amount, provided that all services performed by the Settlement Administrator are subject to the approval of Defendants.

(J)     If Settlement Payments are not paid as provided for herein to one or more Qualified Class Member, the underlying action will be revived with respect to such Qualified Class Member(s) and such Qualified Class Members' releases will be void and such Qualified Class Members will be permitted to prosecute this case as if this matter was not settled and this Agreement will have no effect on them.

(K)     Defendants shall be given a set-off for ½ of the amount due class member Evan Lacon to reflect a prior individual settlement with him.

**2.2     Attorneys' Fees and Costs.** Pursuant to 29 U.S.C. § 216(b), Defendants will pay the Settlement Administrator funds to be paid to Plaintiffs' Counsel fees in an amount equal to one-fourth (1/4) of the total payout hereunder exclusive of costs (or one-third (⅓) the total of Individual Settlement Benefits) plus reasonable costs. In no event will Attorneys' Fees exceed 1/3 of the total amount of the Individual Settlement Benefits. To the extent any Class Member or Eligible Plaintiff opts-out of this settlement pursuant to Paragraph 3.4, attorneys' fees will be reduced by the amount attributable to that Class Member or Eligible Plaintiff (i.e., attorneys' fees will be reduced by one-third of the amount of the Individual Settlement Benefit to which the opting-out Class Member or Eligible Plaintiff would have been entitled hereunder). With the exception of attorney's fees attributable to Plaintiffs who elect to participate in the Dispute Resolution Process set forth below in paragraph 3.6, the Settlement Administrator will become obligated to pay fees and costs subject to provisions of this paragraph, no later than 14 days after all of the following conditions are met: 1) Final approval of the settlement; and, 2) the Defendants have not exercised their option to opt-out of the settlement as provided in this Agreement.

**2.3     Settlement Amounts Payable as Service Payments to Plaintiffs.** In recognition of the following Plaintiffs' specific service to the class in bringing this litigation, prosecuting this litigation, giving of their time for extensive discovery, and bearing risks associated with the litigation, the following service payments shall be added to the Individual Benefit Amount as indicated below.

(A)     For Patrick Manley, Freya Denitto, Shawn O'Neill, Christian Kohl, Thomas Marinovich, Thomas Byrnes, David Livingstone, Kathleen Mamer, Randy Mamer and Scott Robisch, a service payment in the amount of $30,000.00 each;

-6-

(B)        For Edward Bordon, a service payment of $10,000.00; and

(C)        For Garrett Ho, a service payment of $5,000.00.

**2.4    Taxes.** Defendants, through the Settlement Administrator, shall report the payments described in Section 2.1 and 2.3, to the appropriate taxing authorities under Qualified Class Members' names and social security numbers, and shall report the attorneys' fees and costs described and awarded in Section 2.2 under the attorneys' names and identification numbers and the Qualified Class Members' names and social security numbers. Payments to any party for back pay shall be reported on form W-2. Any other payment herein shall be reported on form 1099.

**3.    APPROVAL AND CLASS NOTICE**

**3.1    Preliminary Approval by the Court.**

On or before July 15, 2007, Plaintiffs and Defendants will submit this Agreement, under a seal of confidentiality, to the Court, together with a proposed notice (the "Class Notice") for preliminary approval by the Court.

**3.2    Class Notice.** Upon entry of an Order Granting Preliminary Approval, the Settlement Administrator shall notify Plaintiffs and Class Members of their respective rights under this Agreement, by mailing a copy of the Notice, in the form approved by the Court, to the last known address of each Plaintiff and Class Member as it appears in Defendants' records. A copy of the Notice is attached hereto as Exhibit B. Notice may be sent by first class mail, and costs of sending the Notice shall be paid by Defendants. The Settlement Administrator shall use reasonable efforts to complete the mailing of the Notice as soon as reasonably practicable, and in no event later than thirty (30) days after the date of entry of the Order Granting Preliminary Approval. Notices returned as undeliverable shall be forwarded to any forwarding address provided by the U.S. Postal Service. Any Plaintiff who filed a consent to sue prior to the issuance of Court Ordered Notice, (other than the Named Plaintiffs), who has not opted out of this action and who fails to return the Verification Form within ~~8 months~~ from Final Approval (and who has not filed an intent to contest pursuant to paragraph 3.6 below) shall have no entitlement to any portion of the Settlement Amount, but shall be bound by any Judgment entered pursuant to this Agreement.

**3.3    Waiver of Opt-Out and Right to Object.** The Named Plaintiffs, together with Garrett Ho and Edward Bordon, will receive the back pay and liquidated damages calculated on the basis of the Formula as well as the amounts set forth in paragraph 2.2, subject to their fulfillment of all obligations hereunder. The Named Plaintiffs, together with Garrett Ho and Edward Bordon, cannot contest the amount awarded to them. Pursuant to the Court-Ordered Notice, the Named Plaintiffs have the authority to bind the remaining Plaintiffs who opted in pursuant to Court-Ordered Notice.

**3.4    Class Member Opt-Out.** The deadline for Class Members and Eligible Plaintiffs to opt out of the Action will be set at thirty (30) days before the Fairness Hearing. In the event that the total number of Class Members and Plaintiffs who opt out of the lawsuit, together with the total number of Plaintiffs who choose to contest their Individual Settlement Benefit via the

- 7 -

Alternative Dispute Process (detailed below in paragraph 3.6) exceeds 25, Defendants shall have the right, in their sole discretion, to void this Agreement, which Agreement will have no further effect upon the filing with the Court of a Notice of Withdrawal from Settlement by Defendants' Counsel. If Defendants file such a Notice of Withdrawal, the case will proceed as if no settlement has been attempted. In that event, Defendants retain such right to contest whether this case should be maintained as a class or collective action and to contest the merits of the claims being asserted by Plaintiffs in this action, as existed prior to the present motion for approval of the class settlement. Plaintiffs do not waive their argument that the Defendant has already consented to class certification when the initial notice was presented to the Court.

3.5    **Motion for Judgment and Final Approval.** Plaintiffs and Defendants will submit a joint application for Judgment and Final Approval.

3.6    **Alternative Dispute Resolution Process.** Those Plaintiffs who filed consents to sue prior to the issuance of the Court- Ordered Notice (other than the Named Plaintiffs) shall be permitted to contest (by filing a "Contest" form, attached as Exhibit C) the hours of work and the weeks in which they worked more than 40 hours (and thus, their resulting Individual Settlement Benefit) in a separate dispute resolution process, the terms of which are set forth below:

(A)    The Plaintiff can challenge the number of hours worked per week, and weeks worked per year, in a binding hearing before a Magistrate Judge of the Southern District of New York, sitting without a jury. All hearings will be conducted in New York, New York. No appeal of the Magistrate Judge's decision will be permitted.

(B)    It will be the Plaintiff's burden to establish any claim to an amount higher than that calculated under the Formula. The Plaintiff will be permitted to assert a claim, and recover, for a maximum period of three years prior to the date the Plaintiff opted into this lawsuit (including liquidated damages for the two-year period described above). Any such Plaintiff eligible to participate in this dispute resolution process who also is an Eligible Plaintiff may recover for a maximum period of six years prior to the date of this Lawsuit (but may only recover liquidated damages for a two year period prior to the date the Plaintiff opted into this Lawsuit). Nothing in this section (3.6) is meant to waive any claims asserted in the complaint, except for a third year of liquidated damages.

(C)    Defendants shall be permitted to conduct discovery, including conducting the deposition of the Plaintiff and issuing interrogatories and document production requests. All depositions will take place in AHM's counsel's office in New York, New York. The Plaintiff will not be permitted to conduct further discovery other than to depose a supervisor not previously deposed in this Action. Plaintiffs shall bear their expenses associated with their travel to participate in the dispute resolution process.

(D)    Each party shall bear its own costs, except i) subject to Subsection 7(E) below; and, ii) if the Plaintiff receives 30% more than the amount set forth in the Formula, Defendants shall pay the Plaintiff's costs associated with the dispute resolution

NYI-2178306v11

proceedings (with the exception of any travel costs incurred by the Plaintiff).

(E)     Defendants shall be permitted to argue that the Plaintiff was an exempt employee who should receive no damages, and also to raise all affirmative defenses. If Defendants prevail on all claims, they shall be deemed a prevailing party entitled to costs pursuant to 28 U.S.C. §1920 for those costs expended in this alternative dispute.

(F)     Class counsel shall not be obligated to represent any individual in this alternative dispute process.

(G)     If the Plaintiff's recovery under the dispute resolution process does not exceed the settlement amount calculated on the basis of the Formula by 30% (exclusive of attorneys' fees), the Plaintiff will bear his or her own attorneys' fees and Defendants shall not be liable for any payment to Plaintiffs' counsel with regard to that Plaintiff. If Plaintiff's recovery exceeds the amount calculated under the Formula (exclusive of attorneys' fees) by at least 30%, Defendants will pay the Plaintiff's reasonable attorney's fees incurred with regard to proceeding through the dispute resolution proceeding, subject to approval by the Magistrate Judge. Plaintiff's counsel shall not be compensated for time expended on the case for which he was otherwise compensated hereunder.

(H)     Nothing shall prohibit the individual Plaintiff and Defendants from settling any claims during the dispute resolution process.

**3.7    Objections to Settlement.**

(A)     Any Class Member or Eligible Plaintiff who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the settlement contemplated hereby must file with the Clerk of the Court and serve all counsel, no later than thirty (30) days before the Fairness Hearing, a statement of the objection setting forth the specific reason(s), if any, for the objection, including any legal support that the Class Member or Eligible Plaintiff wishes to bring to the Court's attention and any evidence that the Class Member or Eligible Plaintiff wishes to introduce in support of the objection. Class Members or Eligible Plaintiffs may so act either on their own or through any attorney hired at their own expense. The Class Member or Eligible Plaintiff, or attorney acting on his or her behalf, also must, no later than thirty (30) days prior to the Fairness Hearing or as the Court may otherwise direct

        (i)     File a notice of appearance with the Clerk of Court; and,

        (ii)    Serve a copy of such notice of appearance on all counsel for the Parties.

(B)     A Class Member or Eligible Plaintiff who does not timely file and serve such a written objection shall not be heard at the Fairness Hearing.

(C)     Any Class Member or Eligible Plaintiff (or attorney) who fails to comply with the provisions of this Section 3.7, and who has not opted out of the Class as provided in

- 9 -

Section 3.4, waives and forfeits any and all rights the Class Member or Eligible Plaintiff may have to appear separately and/or to object and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in the Litigation.

(D)     Any Plaintiff eligible to participate in the Alternative Dispute Resolution process set forth above in paragraph 3.6 shall notify Plaintiffs' and Defendant's counsel of his or her intent to participate in said resolution process no later than thirty (30) days prior to the date of the Fairness Hearing.

**3.8     Entry of Judgment**. At the Fairness Hearing, the Parties will request that the Court, among other things,  (a) enter Judgment in accordance with this Agreement, (b) approve the Settlement and Agreement as final, fair, reasonable, adequate and binding on all Class Members and Eligible Plaintiffs who have not timely opted out pursuant to Section 3.4; (c) approve the payment of reasonable attorneys' fees and costs for Class Counsel pursuant to Section 2.2; (d) approve the Service Payments proposed for the Plaintiffs pursuant to Section 2.3; and, (e) approve payment of the Settlement Amount in full satisfaction of any and all claims by Plaintiffs and the Class Members for wages or overtime compensation against Defendants for work performed during the Recovery Period.

**3.9     Effect of Failure to Grant Final Approval**. In the event the Court does not enter Judgment in accordance with this Agreement (except for a modification of Service Payments in Section 2.3), or the settlement does not receive Final Approval as defined herein, the Parties shall proceed as follows:

(A)     The Litigation will resume unless:  (1) the Parties jointly agree to seek reconsideration or appellate review of the decision denying entry of Judgment; (2) the Parties jointly agree to attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement; or (3) in the event of a modification of the attorneys' fees figure set out in Section 2.2, Class Counsel seeks reconsideration or appellate review of that decision.

(B)     In the event any reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement.

(C)     If the settlement is not approved, the case will proceed as if no settlement has been attempted.  In that event, Defendants retain the right to contest whether this case should be maintained as a class or collective action and to contest the merits of the claims being asserted by Plaintiffs in this action.

- 10 -

**4.    ADMINISTRATION**

**4.1    Defendants Will Pay the Fees of the Settlement Administrator.** The parties have agreed to select Rust Consulting as Settlement Administrator.  Defendant will provide the Settlement Administrator with each Plaintiff's last known address. The Settlement Administrator shall perform a standard skip trace for all individuals whose notice is returned as undeliverable. The Settlement Administrator shall resend notices and checks upon learning the current address. Defendants shall promptly provide the Settlement Administrator with all information, including social security numbers, necessary to determine a current address.

**4.2    Responsibility for Inquiries of Class Members**. Defendants will refer to the Settlement Administrator any inquiries from Plaintiffs or Class Members concerning this Agreement and the settlement, including questions from any Plaintiff or Class Member concerning that individual's settlement payment; however, Defendants expressly reserve the right to respond to inquiries from Plaintiffs or Class Members to the extent necessary for the reasonable and orderly functioning of Defendants' business.  Class Counsel may respond to any and all inquiries concerning the reasonableness of the settlement and/or Class Counsel's attorneys fees, disbursements, costs, and Service Payments.  If a Plaintiff or Class Member provides information to the Settlement Administrator substantiating that the dates of employment and salary information used in applying the formula is incorrect, the Settlement Administrator shall contact Defendants and Plaintiff's counsel, and gain all counsel's consent, which will not be unreasonably withheld, prior to making any changes to that Plaintiff's Individual Settlement Benefit.

**4.3    Notices**. Copies of any and all notices, documents or filings required under this Agreement shall be served on the Parties as follows:

> Plaintiffs
> Dan Getman, Esq.
> Getman Law Office
> 9 Paradies Lane
> New Paltz, NY  12561
>
> Defendants
> Marc S. Wenger, Esq.
> Wendy Mellk, Esq.
> Jackson Lewis, LLP
> 58 South Service Road
> Suite 410
> Melville, New York 11747

**5.    RELEASE**

**5.1    Plaintiffs' and Class Members' Releases.**

Plaintiffs, on behalf of the Plaintiffs and Class Members, and each individual Plaintiff and member of the Class, agree that they hereby irrevocably and unconditionally release, acquit and forever discharge any claims that they had, have or may have, and they will not commence, prosecute or participate in, either as a group or individually, any action on behalf of themselves or any other person, asserting claims, against Defendants, including without limitation any owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, benefit plans, fiduciaries and/or administrators ("Releasees"), arising during or relating to the Recovery Period,  for failure to pay wages or overtime compensation under federal or state law which were or could have been asserted in the Litigation.

**5.2    Release of Fees and Costs for Settled Matters.**  Class Counsel and Plaintiffs on behalf of the Plaintiffs and Class Members and each individual Plaintiff and Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge, any claim that they may have against the Releasees for attorneys' fees or costs associated with Class Counsel's representation of Plaintiffs and the Class, except as provided herein. Class Counsel further understands and agrees that any fee payments made under this Agreement will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of these individuals.

**5.3    No Assignment.**  Class Counsel and Named Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

**5.4    Non-Admission of Liability.**  By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied.  Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs and the Class.  The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Litigation or in any other proceeding or dispute.

**6.    CONFIDENTIALITY**

**6.1    Named** Plaintiffs agree that they shall not publicize or disclose to any person the facts or circumstances relating to their claims (or the claims of any other Plaintiff) against Defendants, or any term of this Agreement. This covenant of confidentiality includes, but is not limited to, the claims that Plaintiffs have asserted against Defendants, the terms of this Agreement, and Plaintiffs' receipt of the payments hereunder, including the amounts of said payments. Disclosure will not be made to anyone by Named Plaintiffs other than to discuss the terms hereof with their spouse or life partner, psychotherapist, attorney, financial advisor, or tax advisor or to any taxing authorities in connection with any taxes or tax liability arising

from this Agreement. All parties agree that the Confidentiality of this Agreement is a material provision of the terms of the Settlement.

6.2    Plaintiffs' Counsel shall not publicize or disclose any term of this Agreement, except that Plaintiffs' counsel shall remain free to fully discuss this agreement with any represented plaintiffs and class members herein. Prior to doing so, Plaintiffs' counsel shall gain said plaintiffs' and/or class members' consent to maintain the confidentiality of this Agreement.

6.3    Both Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency, but Plaintiffs may not seek any damages or recovery in such proceeding as all claims as set forth in this Agreement are released.

6.4    If any Plaintiff contacts Class Counsel or the Settlement Administrator for an opportunity to review the Settlement Agreement prior to the date set for the Fairness Hearing, Class Counsel or the Settlement Administrator shall only permit inspection of the Settlement Agreement after the Plaintiff 1) certifies, in writing, to maintain the confidentiality of this Agreement (on the Form attached hereto as Ex. D); and 2) that certification is provided to Defendants' counsel.

7.    MISCELLANEOUS

7.1    **Cooperation Between the Parties; Further Acts**. The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms. Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

7.2    **Entire Agreement**. This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

7.3    **Binding Effect**. This Agreement shall be binding upon and inure to the benefit of the Parties and (A) with respect to Plaintiffs and the Class Members, their representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns; and, (B) with respect to Defendants, the Releasees.

7.4    **No Third-Party Beneficiaries**. This Agreement shall not be construed to create rights in, or to grant remedies to or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

7.5    **Arms Length Transaction; Materiality of Terms**. The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

NYI-2178306v11

**7.6**   **Captions**. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**7.7**   **Construction**. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**7.8**   **Governing Law**. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such Federal law shall govern.

**7.9**   **Continuing Jurisdiction**. The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

**7.10**  **Waivers, etc. to be in Writing**. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**7.11**  **When Agreement Becomes Effective; Counterparts**. This Agreement shall become effective upon its execution by al parties and delivery of counterparts to the respective opposing parties. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.

**7.12**  **Facsimile Signatures**. Any party may execute this Agreement by signing on the designated signature block below and transmitting that signature page via facsimile to counsel for the other party. Any signature made and transmitted by facsimile for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile.

AGREED TO ON BEHALF OF
ALL PARTIES:

NAME: Alan B. Horn

- 14 -

NYI-2178306v11

For Defendants

TITLE: **EVP & General Counsel**


Dated: 7/17/07

_Dan Getman_

Dan Getman, Esq.
Law Offices of Dan Getman
9 Paradies Lane
New Paltz, NY  12561
845-255-9370

For the Plaintiffs and the Class Members

## EXHIBIT A

**[ORDER PRELIMINARILY APPROVING SETTLEMENT]**

## EXHIBIT B

**[NOTICE OF PROPOSED SETTLEMENT]**

I:\Clients\A\22060_MSW\79529\Settlement\Settlement Agreement 61-07.DOC