UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                                         :  Chapter 11
                                                               :
AMERICAN HOME MORTGAGE                                         :  Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]             :
                                                               :  Jointly Administered
    Debtors.                                                   :
                                                               :  **Ref. Docket No.: 3642**
                                                               :
---------------------------------------------------------------x

### NOTICE OF AMENDED EXHIBIT A TO DEBTORS' MOTION FOR ORDER, PURSUANT TO BANKRUPTCY RULE 9019 AND SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE, APPROVING THE (I) SETTLEMENT AGREEMENT BY AND BETWEEN THE DEBTORS AND ACE INDUSTRIES, LLC AND (II) RELEASE AND ACKNOWLEDGEMENT AGREEMENT BY AND BETWEEN THE DEBTORS AND TITLE INSURANCE COMPANY RESOLVING CERTAIN PENDING PREPETITION LITIGATION [D.I. 3642]

TO: (I) THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (II) THE CREDITORS' COMMITTEE; (III) COUNSEL TO BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT FOR CERTAIN LENDERS UNDER THAT CERTAIN SECOND AMENDED AND RESTATED CREDIT AGREEMENT DATED AS OF AUGUST 10, 2006; (IV) COUNSEL TO THE AGENT FOR THE DEBTORS' POSTPETITION LENDER; (V) COUNSEL TO ACE; (VI) COUNSEL TO MERS; (VII) COUNSEL TO TICOR; AND (VIII) ALL PARTIES ENTITLED TO NOTICE UNDER DEL. BANKR. L.R. 2002-1(B).

**PLEASE TAKE NOTICE** that on April 10, 2008, the Debtors filed the *Debtors'*

*Motion for Order, Pursuant to Bankruptcy Rule 9019 and Sections 105 and 362 of the*

*Bankruptcy Code, Approving the (i) Settlement Agreement By and Between the Debtors and Ace*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

*Industries, LLC and (ii) Release and Acknowledgement Agreement By and Between the Debtors and Title Insurance Company Resolving Certain Pending Prepetition Litigation* (the "Motion") [D.I. 3642].

**PLEASE TAKE FURTHER NOTICE** that on April 11, 2008, the Debtors filed the attached amended Exhibit A to the Motion which replaces the Exhibit A initially as filed on April 10, 2008.

Dated: Wilmington, Delaware
April 11, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline Morgan (No. 3650)
Matthew B. Lunn (No. 4119)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Debtor and Debtor-in-Possession

## **EXHIBIT A**

Complaint

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ACE INDUSTRIES, LLC,
a Nevada Limited Liability Company

06-631517 CH  11/08/2006
JDG:KATHLEEN MACDONALD
CE INDUSTRIES LLC
VS
ANFORD WARREN

Plaintiff

v.

WARREN SANFORD, WILLIAM HUNTER, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, a Delaware Corporation

Defendants.



FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK
NOV 0 8 2006
BY_____

---

| SWISTAK & LEVINE, P.C. | BECKER LAW FIRM, PLC |
|---|---|
| Lawrence P. Swistak (P24892) | Carl G. Becker (P10608) |
| Attorney for Plaintiff | Co-Counsel for Plaintiff |
| 30445 Northwestern Highway, Suite 140 | 5010 Old Mill Road |
| Farmington Hills, Michigan 48334 | Rochester, Michigan 48306 |
| 248-851-8000 | 248-608-1808 |
| 248-851-4620 Facsimile | 248-608-1609 – Facsimile |

---

"There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint"

### COMPLAINT

Now comes Plaintiff, Ace Industries, LLC, a Nevada Limited Liability Company, by and through its attorneys, Swistak & Levine, P.C., and for its Complaint represents as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Ace Industries, LLC ("Ace"), a Nevada Limited Liability Company, duly authorized to conduct business in the State of Michigan, and maintains an office at 37000 Woodward Ave, Bloomfield Hills, MI 48304.

SWISTAK & LEVINE, P.C.
30445 Northwestern Hwy.
Suite 140
rmington Hills, MI 48334-3233

(248) 851-8000

2. Upon information and belief, Defendant, Warren Sanford ("Sanford") is a resident of the City of Detroit, County of Wayne, State of Michigan.

3. Upon information and belief, Defendant, William Hunter ("Hunter"), is a resident of the City of Dearborn Heights, County of Wayne, State of Michigan.

4. Defendant, Mortgage Electronic Registration Systems ("MERS") is a Delaware Corporation, conducts business in the County of Wayne, State of Michigan and has an address of P.O. Box 2026, Flint, MI 48501.

5. This action is brought with respect only to a certain parcel of property located in the City of Detroit, County of Wayne, State of Michigan commonly known as 15821 Pinehurst, Detroit, MI 48238 (the "Property") and more particularly described as:

> SOUTH 16 FEET OF LOT 38 AND NORTH 16 FEET OF LOT 37, PILGRIM VILLAGE SUBDIVISION, AS RECORDED IN LIBER 67, PAGE 19 OF PLATS, WAYNE COUNTY RECORDS
>
> WARD 16 – ITEM NO. 044309

6. The amount in controversy exceeds $25,000, exclusive of costs and interests.

7. This Court has jurisdiction over this cause of action pursuant to MCL 600.3101.

8. Venue is proper in this Court pursuant to MCL 600.1605.

9. After diligent inquiry, Ace is unaware of any other parties vested with an interest in the Property.

## COUNT I – QUIET TITLE

10. Plaintiff incorporates by reference Paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11. On or about April 8, 2003, Cynthia Cooper ("Cooper") acquired the Property by devise from the estate of Andrew Ringer, Deceased. The Order for Complete Estate Settlement

iWISTAK & LEVINE, P.C.
30445 Northwestern Hwy.
Suite 140
rmington Hills, MI 48334-3233

(248) 851-8000

devising the Property to Cooper on December 10, 2003 in Liber 39740, Page 521 in Wayne County Records. A copy of the Order for Complete Estate Settlement is attached hereto as Exhibit "A."

12. On or about January 12, 2005, Cooper conveyed the Property by warranty deed to Ace (the "Ace Deed"). The Ace Deed was recorded on July 15, 2005, in Liber 43014, Page 897 Wayne County Records. A copy of the Ace Deed is attached hereto as Exhibit "B."

13. On or about March 10, 2005, Sanford conveyed the Property by warranty deed to Hunter (the "Sanford Deed") for the purported sum of Fifty-Five Thousand Dollars ($55,000). The Sanford Deed was recorded on June 1, 2005 in Liber 42867, Page 1337 in Wayne County Records. A copy of the Sanford Deed is attached hereto as Exhibit "C."

14. At the time of the conveyance of the Property by Sanford he was not vested with title or interest in the Property whatsoever.

15. On or about March 10, 2005, Hunter borrowed the sum of Forty-Two Thousand, Two Hundred Fifty and No/100 ($42,250.00) from American Home Mortgage Acceptance, Inc. Repayment of this loan was secured by a mortgagee interest in the Property conveyed by Hunter to MERS in the amount of the Mortgage ("MERS Mortgage No. 1"). MERS Mortgage No. 1 was recorded on March 17, 2005, in Liber 42312, Page 1120. A copy of MERS Mortgage No. 1 is attached hereto as Exhibit "D."

16. On or about March 10, 2005, Hunter also borrowed the sum of Ten Thousand and No/100 Dollars ($10,000.00) from American Home Mortgage Corp. Repayment of this loan was secured by a mortgagee interest in the Property conveyed to MERS in the amount of the loan (the "MERS Mortgage No. 2"). MERS Mortgage No. 2 was recorded on March 17, 2005, in

SWISTAK & LEVINE, P.C.
30445 Northwestern Hwy.
Suite 140
Farmington Hills, MI 48334-3233

(248) 851-8000

- 3 -

Liber 42312, Liber 1144, Wayne County Records. A copy of MERS Mortgage No. 2 is attached hereto as Exhibit "E."

17. William Hunter defaulted under MERS Mortgage No. 1 and a mortgage foreclosure sale of the Property was conducted on December 7, 2005 (the "MERS Foreclosure Sale"). At the foreclosure sale the Property was sold to MERS for the sum of Thirty Thousand Six Hundred Seventy-Nine & 35/100 Dollars ($30,679.35). The Sheriff's Deed On Mortgage Foreclosure was recorded on December 27, 2005 in Liber 43868, Page 271 in Wayne County Records (the "Sheriff's Deed"). A copy of the Sheriff's Deed is attached hereto as Exhibit "F."

18. Upon information and belief, MERS asserts a mortgagee interest in the Property under the Sheriff's Deed, which interest it contends is superior to the interest of Ace and therefore adverse to Ace's interest in the Property.

19. The claim of interest of MERS in the Property jeopardizes and diminishes Ace's fee simple interest in the Property.

20. In order to provide Ace with clear, marketable title in the Property, the Defendants should be compelled to set forth their respective interests in the Property, if any, or be barred from subsequently asserting same.

21. Ace has no adequate remedy at law.

WHEREFORE, Plaintiff, ACE INDUSTRIES, L.L.C., respectfully requests that this Honorable Court grant it the following relief:

    a. Determine that Defendants, WARREN SANFORD, WILLIAM HUNTER, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, and any party claiming by or through them, have not right, title or interest in the Property, and that Plaintiff, ACE INDUSTRIES, L.L.C., is vested with a fee simple absolute interest in the Property.

    b. Set aside and extinguish the MERS Foreclosure Sale and the Sheriff's Deed.

SWISTAK & LEVINE, P.C.
30445 Northwestern Hwy.
Suite 140
Farmington Hills, MI 48334-3233

(248) 851-8000

C.  Award Plaintiff, ACE INDUSTRIES, L.L.C., its costs and attorney fees incurred in the prosecution of the subject cause of action; and

d.  Award Plaintiff, ACE INDUSTRIES, L.L.C., such further or different relief in the premises as this Court shall deem just and proper.

## COUNT II – FRAUD AS TO WARREN SANFORD, ONLY

22.  Plaintiff, Ace, incorporates by reference Paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23.  On or about March 10, 2005, Sanford conveyed the Property to Hunter pursuant to the Sanford Deed.

24.  The Sanford Deed contained express warranties and representations that Sanford was lawfully seized of an absolute, unencumbered fee simple interest in the Property.

25.  On the date Sanford conveyed the Property to Hunter, Sanford had no interest, right, or title in the Property whatsoever.

26.  Upon information and belief, Sanford knew that he had no interest, right or title in the Property at the time he conveyed it to Hunter.

27.  Upon information and belief, Sanford made multiple fraudulent and false representations of material facts in both written and oral form that Sanford knew were false at the time they were made. These representations included the warranties that Sanford was vested with a fee simple absolute title in the Property at the time he conveyed the Property to Hunter pursuant to the Sanford Deed and that Sanford was thus vested with a fee simple absolute title in the Property.

28.  Upon information and belief, Sanford made the foregoing misrepresentations intentionally, willfully, maliciously, with knowledge of, or with recklessness as to the materially incomplete, misleading, and fraudulent nature of the misrepresentations.

SWISTAK & LEVINE, P.C.
30445 Northwestern Hwy.
Suite 140
Farmington Hills, MI 48334-3233

(248) 851-8000

- 5 -

29.  Upon information and belief, Sanford intended and/or had reason to expect that his foregoing misrepresentations would be relied upon by Hunter and MERS and would induce MERS to enter into MERS Mortgage No. 1 and MERS Mortgage No. 2 and thereafter induce MERS to foreclose MERS Mortgage No. 1.

30.  Upon information and belief, the foregoing misrepresentations of Sanford did in fact induce Hunter and MERS to rely thereon and acquire an interest in the Property.

31.  As a direct and proximate result of the intentional, deceitful and fraudulent acts and omissions of Sanford, the fee simple interest of Ace in the Property has been adversely affected and Ace has been deprived of the possession and use of the Property as well as business opportunities pertaining to the Property, causing Ace to sustain substantial economic losses exceeding $25,000.00, plus costs and attorney fees.

WHEREFORE, Plaintiff, ACE INDUSTRIES, L.L.C., prays for judgment against Defendant, WARREN SANFORD, in whatever amount in excess of $25,000.00 this Court finds Plaintiff to be entitled to, plus costs, interest and attorney fees, and such further relief as this Court deems just and proper.

### COUNT III – NEGLIGENCE AS TO MERS, ONLY

32.  Plaintiff incorporates by reference Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33.  MERS carelessly and/or negligently entered into MERS Mortgage No. 1 and MERS Mortgage No. 2, and knew or should have known that title to the Property was vested in Ace and not Hunter at the time it entered into MERS Mortgage No. 1 and MERS Mortgage No. 2, and that Hunter was incapable of conveying a mortgagee interest in the Property to MERS.

SWISTAK & LEVINE, P.C.
30445 Northwestern Hwy.
Suite 140
Farmington Hills, MI 48334-3233

(248) 851-8000

34. MERS owed a duty to Ace to exercise due care with regard to its acquisition of a mortgagee interest in the Property and its subsequent foreclosure of said interest. MERS violated its duty to Ace by negligently and careless acquiring a mortgage interest in the Property and negligently and carelessly proceeding to foreclose such mortgagee interest.

35. MERS carelessness and/or negligence includes, but is not limited to: (a) negligently and carelessly failing to determine the truth of the facts relating to its acquisition of a mortgagee interest in the Property; (b) negligently and carelessly failing to review the documents establishing record title of the Property; (c) failing to notify Ace of its alleged mortgagee interest in the Property; (d) negligently and carelessly failing to determine the superior interest of Ace in the Property; (e) negligently and carelessly proceeding to foreclose MERS Mortgage No. 1 without investigating the status of the Property's title; (f) recording MERS Mortgage No. 1 and MERS Mortgage No. 2 with constructive notice of Ace's interest in the Property; (g) foreclosing MERS Mortgage No. 1 and MERS Mortgage No. 2 with constructive notice of Ace's interest in the Property; and (h) failing to respond to inquiries on behalf of Ace to rescind the foreclosure of MERS Mortgage No. 1 and discharge the encumbrances of MERS Mortgage No. 1 and MERS Mortgage No. 2 upon the Property.

36. As a direct and proximate result of the negligence of MERS in encumbering the Property and subsequently foreclosing MERS Mortgage No. 1, the fee simple interest of Ace in the Property has been adversely affected and Ace has been deprived of the possession and use of the Property and its business opportunities pertaining to the Property, causing Ace to sustain substantial economic losses exceeding $25,000.00, plus costs and attorney fees.

WHEREFORE, Plaintiff, ACE INDUSTRIES, L.L.C., prays for judgment against Defendant, MORTGAGE REGISTRATION SYSTEMS, INC., in whatever amount in excess of

SWISTAK & LEVINE, P.C.
30445 Northwestern Hwy.
Suite 140
rmington Hills, MI 48334-3233

(248) 851-8000

$25,000.00 this Court finds Plaintiff to be entitled to, plus costs, interest and attorney fees, and such further relief as this Court deems just and proper.

### COUNT IV—SLANDER OF TITLE

37. Plaintiff incorporates by reference Paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38. Ace is the fee simple absolute owner of the Property by virtue of the Ace Deed.

39. Sanford, Hunter and MERS have slandered Ace's rights, title and interest in the Property by recording various instruments affecting the Ace's title in the Property, including, but not limited to, the Sanford Deed, MERS Mortgage No. 1, MERS Mortgage No. 2, and the Sheriff's Deed.

40. The representations of Sanford and Hunter regarding their purported fee simple ownership of the Property are patently false.

41. The representations of MERS regarding their purported fee simple ownership of the Property pursuant to the Sheriff's Deed are patently false.

42. Sanford, Hunter, and MERS made such representations intentionally, maliciously, and with the utter disregard for the truthfulness thereof.

43. The Sanford Deed, MERS Mortgage No. 1, MERS Mortgage No. 2, and the Sheriff's Deed were recorded without privilege or legal authority.

44. Sanford, Hunter and MERS knew the aforesaid instruments were false when recorded or, alternatively, acted with reckless disregard regarding the veracity of such instruments.

45. The existence of the Sanford Deed, MERS Mortgage No. 1, MERS Mortgage No. 2, and the Sheriff's Deed render the Property unmarketable.

SWISTAK & LEVINE, P.C.
30445 Northwestern Hwy.
Suite 140
Farmington Hills, MI 48334-3233

(248) 851-8000

46. As a direct and proximate consequence of the conduct of Sanford, Hunter and MERS as alleged herein, the fee simple interest of Ace in the Property has been adversely affected and Ace has been deprived of the possession and use of the Property and its business opportunities pertaining to the Property, causing Ace to sustain substantial economic losses exceeding $25,000.00, plus costs and attorney fees.

47. Ace has also incurred significant attorneys' fees and costs in its attempt to remove the cloud Sanford, Hunter and MERS have placed on Ace's title to the Property.

WHEREFORE, Plaintiff, ACE INDUSTRIES, L.L.C., prays for judgment against Defendant, MORTGAGE REGISTRATION SYSTEMS, INC., in whatever amount in excess of $25,000.00 this Court finds Plaintiff to be entitled to, plus costs, interest and attorney fees, and such further relief as this Court deems just and proper.

Respectfully submitted,
SWISTAK & LEVINE, P.C.
Attorneys for Plaintiff

*[signature]*

Lawrence P. Swistak (P24892)
William J. Trainor (P68591)
30445 Northwestern Highway, Suite 140
Farmington Hills, MI 48334
(248) 851-8000
(248) 851-4620 (Fax)

Dated: November 11, 2006

SWISTAK & LEVINE, P.C.
30445 Northwestern Hwy.
Suite 140
Farmington Hills, MI 48334-3233

(248) 851-8000