IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 : Jointly Administered
    Debtors.                                                     :
                                                                 : Objection Deadline: May 5, 2008 at 4:00 p.m. (ET)
                                                                 : Hearing Date: May 12, 2008 at 10:00 a.m. (ET)
---------------------------------------------------------------- x

NOTICE OF DEBTORS' FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

TO:   (I) THE OFFICE OF THE UNITED STATES TRUSTEE; (II) COUNSEL FOR THE
      COMMITTEE; (III) COUNSEL TO THE ADMINISTRATIVE AGENT; (IV) COUNSEL
      TO THE DIP LENDER; AND (V) THOSE PARTIES WHO HAVE REQUESTED NOTICE
      PURSUANT TO BANKRUPTCY RULE 2002, IN ACCORDANCE WITH DEL. BANKR.
      LR 2002-1(B).

The above-captioned debtors and debtors in possession (the "Debtors") have filed the
**Debtors' Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b)
of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1** (the
"Objection"), a copy of which is attached hereto.

Responses to the Objection, if any, must be filed on or before **May 5, 2008 at 4:00 p.m.
(ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of
Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

At the same time, you must also serve a copy of the response upon the undersigned counsel
to the Debtors so that the response is received on or before the Objection Deadline.

A HEARING ON THE OBJECTION WILL BE HELD ON **MAY 12, 2008 AT 10:00 A.M.
(ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES
BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5th
FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a
Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979);
American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New
York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407);
Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York
corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except
for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: April 11, 2008
     Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/_____
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Edward J. Kosmowski (No. 3849)
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
         Debtors.                                                :
                                                                 :   Objection Deadline: May 5, 2008 at 4:00 p.m. (ET)
                                                                 :   Hearing Date: May 12, 2008 at 10:00 a.m. (ET)
---------------------------------------------------------------- x

## DEBTORS' FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

The above-captioned debtors and debtors in possession (the "Debtors") hereby object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on Exhibits A, B, C, D and E, to the proposed form of order (the "Proposed Order") attached hereto, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and request the entry of an order disallowing and expunging such Disputed Claims in their entirety, or reassigning them to a different case number. In support of this Objection, the Debtors rely on the Declaration of John Kalas in Support of the Debtors' Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Rule 3007-1, attached hereto as <u>Exhibit I</u>. In further support, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) in that it is a matter concerning the administration of the Debtors' estates. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 6, 2007 (the "<u>Petition Date</u>"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>"). No trustee or examiner has been appointed.

## BAR DATE AND PROOFS OF CLAIM

5. On August 17, 2007, this Court entered an order appointing Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>") as claims and noticing agent in these chapter 11 cases. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, <u>inter alia</u>, information regarding the name and address of each claimant, the date the proof of claim was

received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6. On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date (the "Claims") and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court.

7. To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

**RELIEF REQUESTED**

8. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing in full and expunging each of the Disputed Claims or reassigning them to a different case number as described in more detail below. This Objection complies in all respects with Local Rule 3007-1.

## I. Duplicate Claims

9. The claims identified under the column titled "Objectionable Claims" on Exhibit A of the Proposed Order (the "Duplicate Claims") are duplicative of the previously-filed proofs of claim identified under the column titled "Surviving Claims" on Exhibit A of the Proposed Order. The Debtors believe that it was not the intention of the claimants asserting such claims to seek a double recovery against the Debtors' estates. Instead, the filing of Duplicate Claims appears to be a function of claimants filing multiple Proof of Claim forms on account of a single claim or filing the same claim with multiple parties (e.g. Epiq, the Debtors, Debtors' Counsel and/or the Clerk of the Bankruptcy Court). Regardless of the claimants' reason for filing Duplicate Claims, however, only one claim should be allowed for each claimant.

10. Failure to disallow the Duplicate Claims will result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases. Accordingly, the Debtors hereby object to the Duplicate Claims and request entry of an order disallowing in full and expunging each of the Duplicate Claims identified on Exhibit A of the Proposed Order.

## II. Amended Claims

11. The claims identified under the column titled "Objectionable Claims" on Exhibit B of the Proposed Order (the "Amended Claims") have been amended and superseded by subsequently-filed proofs of claim identified under the column titled "Surviving Claims" on Exhibit B of the Proposed Order (the "Surviving Claims"). The Amended Claims, thus, no longer represent valid claims against the Debtors' estates.

12. Failure to disallow the Amended Claims will result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases. Furthermore, no prejudice will result to the

holders of Amended Claims because they will receive the same treatment as other similarly-situated claimants for their Surviving Claims. Accordingly, the Debtors hereby object to the Amended Claims and request entry of an order disallowing in full and expunging each of the Amended Claims.

### III. Equity Interest Claims

13. The claims listed in <u>Exhibit C</u> of the Proposed Order (the "<u>Equity Interest Claims</u>") were filed by parties on account of equity interests held by such parties in the Debtors. The Debtors object to the Equity Interest Claims because they were each filed by a shareholder based solely on ownership of stock of the Debtors, and not on account of damages or a claim against the Debtors. Therefore, the Debtors hereby object to the Equity Interest Claims and request entry of an order disallowing in full and expunging each of the Equity Interest Claims.

### IV. Wrong Debtor Claims

14. The claims listed in <u>Exhibit D</u> of the Proposed Order (the "<u>Wrong Debtor Claims</u>") were filed by the claimants against certain of the Debtors under the case numbers listed under the column titled "Objectionable Claims" on <u>Exhibit D</u> of the Proposed Order. Some of the claimants asserting the Wrong Debtor Claims failed to file their claims against any Debtor. These claimants have "no case" listed in the column titled "Objectionable Claims." After reviewing their books and records, the Debtors believe they have determined which Debtor each Wrong Debtor Claim should have been filed against and have listed that case number under the column titled "New Case Number" (the "<u>New Case Numbers</u>"). The Debtors believe that the claimants asserting the Wrong Debtor Claims intended to file their claims under the respective New Case Numbers.

15. Failure to reassign the Wrong Debtor Claims would result in claims being improperly asserted. Therefore, in order to correct the claims register, the Debtors hereby object

to the Wrong Debtor Claims and request entry of an order reassigning each of the Wrong Debtor Claims to their respective New Case Numbers.

**V.     Satisfied Claims**

16.     The claims listed in Exhibit E of the Proposed Order (the "Satisfied Claims") have been satisfied by the Debtors post-petition in accordance with the Bankruptcy Code, applicable rules or an order of this Court.  Therefore, the Debtors hereby object to the Satisfied Claims and request entry of an order disallowing in full and expunging each of the Satisfied Claims.

## RESERVATION OF RIGHTS

17.     The Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

18.     The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the Administrative Agent; (iv) counsel to the DIP Lender; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).  The Debtors will also provide individualized notices, in the forms attached Objection as Exhibits II, III, IV, and V to the claimants identified on Exhibits A, B, C, D and E of the Proposed Order.  Each claimant's notice will list the claimant's name and address, the basis for the Debtors' objection, a well as the amount of and the claim number assigned to their claim that is covered by this Objection along with the number and amount of their surviving claim, if any.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

**NO PREVIOUS REQUEST**

19.    No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit VI</u>, granting this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: April 11, 2008
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Edward J. Kosmowski (No. 3849)
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession