IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x  Chapter 11
In re:                                                      :
                                                            :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                      :
HOLDINGS, INC., a Delaware corporation, et al.,[1]          :  Jointly Administered
                                                            :
                          Debtors.                          :  Ref. Docket No. 3344
------------------------------------------------------------ x

**ORDER GRANTING DEBTORS' MOTION FOR MODIFICATION OF THE
AUTOMATIC STAY FOR CERTAIN FORECLOSURE PROCEEDINGS
WHERE THE DEBTORS HOLD A JUNIOR LIEN OR INTEREST PURSUANT TO
SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE AND APPROVING THE
FORM OF CONSENT TO MODIFICATION OF THE AUTOMATIC STAY**

Upon consideration of the Motion[2] of the above captioned debtors and debtors in possession (collectively, "AHM" or the "Debtors"), for the entry of an order (i) modifying the automatic stay solely with respect to certain foreclosure proceedings where AHM has or will be named as a party in Foreclosure Actions pursuant to sections 105(a) and 362 of the Bankruptcy Code, (ii) approving the Consent to Modification in substantially the form attached hereto as Exhibit 1, and (iii) authorizing AHM to commence and prosecute Same Party Foreclosures in the ordinary course of business without further order of this Court; and the Court having reviewed the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that reasonable and adequate notice of the Motion has been provided; and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Any capitalized term not defined herein shall have the meaning ascribed in the Motion.

no other or further notice need be provided; and the relief requested in the Motion being in the best interest of AHM and its estates and creditors; and the Court having reviewed the Motion and having determined that the legal and factual bases set forth therein establish just cause for the relief granted herein; and upon all the proceeding had before the Court in these cases and after due deliberations and sufficient cause appearing therefore, it is:

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that any party wishing to commence a Foreclosure Action and that seeks relief from the automatic stay may request such by complying with the following procedures (the "Foreclosure Procedures"):

(a) Any party seeking to assert its rights with respect to a mortgage on property in which AHM may be named in a Foreclosure Action (the "Property") must provide notice to AHM and counsel for the Committee, including the following information (the "Notice"):

(i) the status of the (proposed) Foreclosure Action, including the location in which the action is pending and the date, time and location of any proposed foreclosure sale;

(ii) evidence regarding (a) the fair market value of the property, (b) the value of the moving party's senior lien, and (c) the position and value of any other liens senior to those of AHM's estates to the extent known by the moving party;

(iii) all papers filed by such party with any court, agency, trustee or municipality in connection with such proposed foreclosure action that affect the status of the foreclosure, including, without limitation, the applicable lawsuit and notice of foreclosure or similar documents, to fully apprise AHM of the pending foreclosure action; and

(iv) a completed, unexecuted Consent to Modification which properly identifies the Property that is the subject of the Notice.

(v) the name, mailing address, and e-mail address of the party providing the Notice (the "Notice Party").

(b) A single Notice may cover multiple Properties on which the party has a senior lien, however the information in parts (a)(i)-(v) above must be provided for each Property.

(c) The Notice must be provided to AHM at:

> AMERICAN HOME MORTGAGE SERVICING:
> ATTN: Robert Hardman
> 4600 Regent Boulevard
> Suite 200
> Irving, Texas 75063
>
> With a copy to
>
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> ATTN: Margaret Whiteman
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> Telephone: (302) 571-6600
> Facsimile: (302) 571-1253

(d) The Notice must be provided to the Committee at:

> HAHN & HESSEN LLP
> ATTN: Mark S. Indelicato
> 488 Madison Avenue
> New York, New York 10022
> Telephone: (212) 478-7200
> Facsimile: (212) 478-7400

(e) AHM may consent to a modification of the automatic stay solely to allow the Foreclosure Action to proceed by returning to the party an executed Consent to Modification unless the Committee objects to the Consent to Modification.

(f) The Committee shall have five (5) business days, from the day it receives the Notice, to object to a modification of the automatic stay under the Foreclosure Procedures, unless extended by AHM (the "Foreclosure Action Deadline"). If the Committee does not object on or before the Foreclosure Action Deadline, AHM is authorized, but not required, to execute the Consent to Modification. If the Committee does object on or before the Foreclosure Action Deadline, the Committee shall provide written notice of their objection to AHM and the Notice Party and AHM will not be permitted to execute the Consent to Modification, absent withdrawal or resolution of such objection.

DB02:6279582.12                                                                                                                                                     066585.1001

and it is further

**ORDERED**, that the automatic stay shall be modified for any Property for which a party has requested relief from the automatic stay, as set forth above, and for which that party has received a Consent to Modification for that Property executed by AHM, but only for the limited purpose of instituting foreclosure proceedings upon that Property; and it is further

**ORDERED**, that, subject to the below paragraph, AHM is authorized to commence and prosecute the Same Party Foreclosures without further order of this Court and that the automatic stay is modified, *nunc pro tunc* to the Petition Date, with respect to Same Party Foreclosures; and it is further

**ORDERED**, that, prior to instituting a Same Party Foreclosure pursuant to which AHM has an ownership interest in the Junior Mortgage that is the subject of the Same Party Foreclosure, AHM shall provide the Committee with written notice of such a proposed Same Party Foreclosure (the "Proposed Same Party Foreclosure"). The Committee shall have five (5) business days to object to the Proposed Same Party Foreclosure, unless extended by AHM (the "Same Party Foreclosure Deadline"). If the Committee does not object to the Proposed Same Party Foreclosure on or before the Same Party Foreclosure Deadline, AHM shall be permitted to institute the Same Party Foreclosure without further order of the Court. If the Committee does object to the Proposed Same Party Foreclosure, AHM shall not institute the Proposed Same Party Foreclosure unless (i) the objection is withdrawn or otherwise resolved; or (ii) the objection is overruled by the Court at the next regularly scheduled omnibus hearing that is at least ten (10) days after AHM's receipt of the Committee's objection, or at the omnibus hearing that is agreed to by the Committee and AHM; and it is further

**ORDERED**, that any modification of the automatic stay pursuant to an executed Consent to Modification and the terms of this Order shall have no effect on the rights that AHM,

or any party for whom AHM may act as agent for, may have under non-bankruptcy law with respect to that Property and shall not excuse any obligations that third parties may have under non-bankruptcy law to AHM, or any party for whom AHM may act as agent for, including, but not limited to, any duty to conduct the foreclosure sale in a commercially reasonable manner and to account for and remit any surplus generated by such sale to junior interest holders in the order of their priority. The automatic stay shall not be modified with respect to any amounts that may inure to the benefit of AHM, or any party for whom AHM may act as agent for, from the prosecution of Foreclosure Actions; and it is further

**ORDERED**, that any modification of the automatic stay pursuant to an executed Consent to Modification shall not (i) constitute a determination that AHM holds any interest in the Property or (ii) estop AHM from denying that they hold any interest in the Property; and it is further

**ORDERED**, that any party who has received a Consent to Modification and that requires additional proof that the stay has been modified with respect to a Property, may file an appropriate form of order, under certification of counsel, and which is consistent with the Motion and this Order, stating that the stay has been lifted for that Property and include a copy of the executed Consent to Modification for that Property. Such certification of counsel with the proposed order shall be served on counsel to AHM; and it is further

**ORDERED**, that nothing in this Order shall affect any party's right to move for relief from the automatic stay in accordance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules; and it is further

**ORDERED**, that AHM is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

5

**ORDERED**, that to the extent applicable, Bankruptcy Rule 4001(a)(3) shall not apply to any Foreclosure Action or Same Party Foreclosure commenced in accordance with the terms of the Motion, the Foreclosure Procedures, and this Order, where applicable; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: March April 11, 2008
Wilmington, Delaware

THE HONORABLE CHRISTOPHER SONTCHI
UNITED STATES BANKRUPTCY JUDGE