IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x  Chapter 11

In re:                                                            :
                                                                  : Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                            :
HOLDINGS, INC., a Delaware corporation, et al.,[1]               : Jointly Administered
                                                                  :
                                    Debtors.                      : Hearing Date: May 12, 2008 at 10:00 a.m. (ET)
                                                                  : Objection Deadline: May 5, 2008 at 4:00 p.m. (ET)
------------------------------------------------------------------ x

**DEBTORS' MOTION FOR AN ORDER, PURSUANT TO
SECTIONS 105(a) AND 365 OF THE BANKRUPTCY CODE AND
THE SALE ORDER, (I) APPROVING THE FORM OF NOTICE AND AUTHORIZING
THE DEBTORS TO FILE A NOTICE OF PROPOSED PURCHASER'S CURE
AMOUNTS AND (II) ESTABLISHING A BAR DATE FOR FILING OBJECTIONS
TO THE PROPOSED PURCHASER'S CURE AMOUNTS**

The above captioned debtors and debtors-in-possession ("AHM" or the

"Debtors") submit this motion (the "Motion") for entry of an order, pursuant to sections 105(a)

and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code")

and the Sale Order,[2] (i) approving the form of notice and authorizing the Debtors to file a notice

setting forth the Proposed Purchaser's Cure Amount for each Assumed Contract under the APA

and the Sale Order, and (ii) establishing the Purchaser's Cure Amount Bar Date for filing an

objection to the Proposed Purchaser's Cure Amount. In support of this Motion, the Debtors

respectfully submit as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined, all capitalized terms used in the preamble shall have the meanings ascribed to such terms in the Motion.

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 365 of the Bankruptcy Code.

## BACKGROUND

**A.      General Background**

2.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4.      On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

5.      Prior to the Petition Date, a large component of the Debtors' business was the servicing of mortgage loans (the "Servicing Business"). Commencing on October 2, 2007, this Court held a hearing (the "Sale Hearing") to consider the Debtors' motion to sell the Servicing Business. By Order dated October 30, 2007 [Docket No. 1711] (the "Sale Order"), the Court approved and authorized the sale of the Debtors' Servicing Business (the "Servicing Sale") to AH Mortgage Acquisition Co., Inc., an affiliate of W.L. Ross & Co., LLC (the "Purchaser")

066585.1001

pursuant to the terms of that certain Asset Purchase Agreement dated as of September 25, 2007

(as amended and together with all exhibits and schedules thereto, the "APA").[3]

6.      Pursuant to the APA, the Servicing Sale closed in two steps.  At the

"economic" close, which occurred on November 16, 2007 (the "Initial Closing"), the Purchaser

paid the Purchase Price in the manner and to the parties as provided in the APA and related

agreements referenced therein.  From the Initial Closing Date until the "legal" close (the "Final

Closing"), the Debtors operated the Servicing Business in the Ordinary Course of Business,

subject to the Bankruptcy Exceptions, for the economic benefit and risk of the Purchaser.  The

Final Closing occurred on April 11, 2008.

**B.      Prior Cure Amounts and Notices**

7.      In connection with the sale of the Servicing Business and the proposed

assumption and assignment of certain agreements in connection therewith, on August 27, 2007,

the Debtors filed the Notice of (I) Possible Assumption and Assignment of Certain Leases,

License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any

[Docket No. 403] identifying the proposed cure amounts, if any, under the agreements proposed

to be assumed and assigned in connection with the sale of the Servicing Business.  On September

10, 2007, the Debtors filed the Modified Notice of (I) Possible Assumption and Assignment of

Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure

Obligations, If Any [Docket No. 674], and on September 26, 2007, the Debtors filed the

Supplemental Notice of (I) Possible Assumption and Assignment of Certain Leases, License

Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, If Any [Docket No.

962], again identifying the proposed cure amounts, if any, for agreements proposed to be

---

[3]  All capitalized terms used in this Motion but not otherwise defined herein shall have the meanings set forth in the
APA.  The description of the APA in this Motion, however, is by way of summary only.  To the extent there is any
discrepancy between such description and the actual terms of the APA, the latter are controlling.

assumed and assigned and identifying additional agreements proposed to be assumed and assigned in connection with the sale of the Servicing Business.

        8.      The cure amounts for the Assumed Contracts, with certain exceptions, for the period to and including the date of the entry of the Sale Order were established and identified on Schedule I to the Sale Order. (See Docket No. 1711 at ¶ 33). Pursuant to paragraph 34 of the Sale Order, no later than five (5) business days after the Initial Closing, the Debtors were required to serve the Counterparties to the Assumed Contracts a schedule setting forth the proposed cure amounts, if any, related to acts or omissions that occurred between the date of the entry of the Sale Order and the Initial Closing with respect to the Assumed Contracts. (Id. at ¶ 34). As a result, on November 26, 2007, the Debtors filed the Notice of Interim Period Cure Schedule [Docket No. 2166] (the "Interim Period Cure Schedule") setting forth such cure amounts. Unless a Counterparty to an Assumed Contract filed and served an objection to the proposed cure amount in the Interim Period Cure Schedule for such Assumed Contract, such Counterparty was deemed to have consented to the cure amount in the Interim Period Cure Schedule, and is forever barred from objecting thereto in the future with respect to any cure amounts or defaults arising from acts or omissions that occurred prior to the Initial Closing.

## C.    Purchaser's Cure Amount

        9.      Pursuant to the APA and Sale Order, the Purchaser is required to fund and is liable to the Debtors for any amounts owed with respect to defaults under Assumed Contracts for acts or omissions occuring during the period from the Initial Closing until the Final Closing (the "Purchaser's Cure Amount"). Although the Purchaser is ultimately liable to the Debtors for the Purchaser's Cure Amount for each Assumed Contract, the Sale Order provides that the Debtors, pursuant to the requirements of section 365(b)(1) of the Bankruptcy Code, remained

liable to pay (or otherwise satisfy) the Purchaser's Cure Amount, if any, for each Assumed Contract. (Docket No. 1711 at ¶ 36). The Sale Order also provides that, subject to a further order of this Court, the Debtors must promptly pay any undisputed Purchaser's Cure Amount to the respective Counterparty. (Id.). The Sale Order and the APA, however, are silent as to any procedures or deadline by which the Purchaser's Cure Amount is to be established.

## RELIEF REQUESTED

10. By this Motion, the Debtors respectfully request that this Court enter an order, pursuant to sections 105(a) and 365 of the Bankruptcy Code and the Sale Order, (i) approving the form of notice and authorizing the Debtors to file a notice setting forth the proposed Purchaser's Cure Amount for each Assumed Contract, and (ii) establishing a date by which each Counterparty to an Assumed Contract must file an objection to the Debtors' proposed Purchaser's Cure Amount for such agreement.

## BASIS FOR RELIEF REQUESTED

11. Section 365 of the Bankruptcy Code provides, in relevant part:

> (1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> > (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . .

11 U.S.C. § 365(b)(1).

12. Additionally, section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers in the administration of a case under the Bankruptcy Code. Section 105(a) provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Provided that a bankruptcy court does not employ its equitable powers to

achieve a result not contemplated by the Bankruptcy Code, the exercise of its section 105(a)

power is proper.  In re Fesco Plastics Corp., 996 F.2d 152, 154 (7th Cir. 1993); Pincus v.

Graduate Loan Ctr. (In re Pincus), 280 B.R. 303, 312 (Bankr. S.D.N.Y. 2002).  Pursuant to

section 105(a), a court may fashion an order or decree that helps preserve or protect the value of

a debtor's assets.  See, e.g., Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440, 1443

(9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as

necessary pursuant to the purposes of the Bankruptcy Code.").

13.    As set forth more fully above, the Sale Order requires the Debtors to

promptly pay (or otherwise satisfy) the Counterparty to an Assumed Contract the undisputed

Purchaser's Cure Amount, if any, and in turn, the Purchaser, in accordance with the terms of the

APA, shall fund and is liable to the Debtors for all such amounts.  Notwithstanding such

provisions, the APA and the Sale Order are silent with respect to the procedures for determining

the Purchaser's Cure Amount, and do not set forth a deadline by which such amount must be

established.  The Debtors believe that the relief requested herein is appropriate to effectively

administer their estates.

14.    Now that the Final Closing has occurred, the Debtors request authority to

file and serve on the Counterparties to the Assumed Contracts a notice identifying the proposed

amount due and owing, if any, for the period from the Initial Closing through the Final Closing

for each Assumed Contract (the "Proposed Purchaser's Cure Amount," and collectively, the

"Proposed Purchaser's Cure Amounts"), and further to establish a date by which any objections

to such amounts must filed.  The Debtors submit that doing so is an essential step towards

complying with the terms of the Sale Order and determining the Purchaser's Cure Amount

within a reasonable time period following the Final Closing.  Allowing the Debtors to file the

Proposed Purchaser's Cure Amounts and establish a bar date for any objections thereto is

necessary to afford the Debtors, the Purchaser and the Counterparties certainty with respect to

the Purchaser's Cure Amounts, if any, under the Assumed Contracts.

15.     The Debtors submit that the proposed bar date set forth below for filing

objections to the Proposed Purchaser's Cure Amounts adequately balances the Debtors' need for

a final and timely determination of the Purchaser's Cure Amounts with the need to protect the

Counterparties' rights with respect to such claims.  Consequently, the Debtors request that,

pursuant to sections 105(a) and 365 of the Bankruptcy Code and the Sale Order, the Court

establish the proposed bar date set forth below and the related procedures set forth herein.

**A.      Establishment of the Purchaser's Cure Amount Dar Date**

16.     The Debtors request approval of the form of and the authority to file with

the Court and serve on the Counterparties a notice identifying the Debtors' Proposed Purchaser's

Cure Amount for each Assumed Contract (the "Notice of Proposed Purchaser's Cure Amounts")

on or before five (5) business days after the date that an order approving this Motion (the

"Purchaser's Cure Amount Bar Date Order") is entered.  The Debtors further request that the

Counterparty to an Assumed Contract be required to file and serve an objection to the

Purchaser's Cure Amount for such Assumed Contract (an "Objection") **on or before 4:00 p.m.**

**(prevailing Eastern Time) on June 20, 2008** (the "Purchaser's Cure Amount Bar Date").

**B.      Effect of Failure to File**

17.     The Debtors request that if a Counterparty to an Assumed Contract fails to

file an Objection to the Proposed Purchaser's Cure Amount set forth in the Notice of Proposed

Purchaser's Cure Amounts on or before the Purchaser's Cure Amount Bar Date, such party will

be deemed to have consented to the Proposed Purchaser's Cure Amount for such Assumed

7

Contract, and such amount shall be deemed to be the Purchaser's Cure Amount under the Sale Order for that Assumed Contract.

18.     In the event that a Counterparty to an Assumed Contract fails to file an Objection on or before the Purchaser's Cure Amount Bar Date, such party will be deemed to have consented to the Proposed Purchaser's Cure Amount identified on the Notice of Proposed Purchaser's Cure Amounts for the respective Assumed Contract and be forever barred from objecting thereto in the future with respect to any cure amounts or defaults arising from acts or omissions that occurred after the Initial Closing but prior to the Final Closing with respect to such Assumed Contract.

C.     **Procedures for Providing Notice of Purchaser's Cure Amount Bar Date**

19.     The Debtors propose to serve all known Counterparties to the Assumed Contracts the Notice of Proposed Purchaser's Cure Amounts, substantially in the form of the Notice of Proposed Purchaser's Cure Amounts attached hereto as <u>Exhibit A</u>, by first class United States mail, postage prepaid.  The Notice of Proposed Purchaser's Cure Amounts will set forth the Debtors' Proposed Purchaser's Cure Amount for each Assumed Contract and the Purchaser's Cure Amount Bar Date, which would be 4:00 p.m. (prevailing Eastern Time) on June 20, 2008. The Notice of Proposed Purchaser's Cure Amounts will further provide, among other things, that any Objections to the Proposed Purchaser's Cure Amounts must be filed on or before the Purchaser's Cure Amount Bar Date, and that a failure to do so will forever bar such Counterparty from objecting in the future to such Proposed Purchaser's Cure Amount or asserting any other cure amounts or defaults arising from acts or omissions occuring from the Initial Closing through and including the Final Closing.

20.    The Debtors will serve the Notice of the Proposed Purchaser's Cure Amounts on the Purchaser and all known Counterparties by first class United States mail, postage prepaid within five (5) business days of entry of an order approving this Motion. The Debtors believe that serving the Purchaser and all known Counterparties with the Notice of Proposed Purchaser's Cure Amounts will provide all interested parties with sufficient notice of the Purchaser's Cure Amount Bar Date and allow such parties ample opportunity to file and serve an Objection to the Proposed Purchaser's Cure Amounts.

**D.    Procedures for Filing Objections to Proposed Purchaser's Cure Amounts**

21.    On or before the Purchaser's Cure Amount Bar Date, the Counterparty to an Assumed Contract may file an Objection to the Proposed Purchaser's Cure Amount for such Assumed Contract. Each Objection shall, in a schedule or exhibit attached thereto, set forth:  (i) the name of the Counterparty to the Assumed Contract; (ii) the title or nature of the Assumed Contract subject to the Objection; (iii) the Proposed Purchaser's Cure Amount for such Assumed Contract; (iv) the Counterparty's asserted Purchaser's Cure Amount for such Assumed Contract; and (v) the basis for the Purchaser's Cure Amount asserted in such Objection. The Counterparty shall file its Objection with the Court and serve such objection upon (i) counsel to the Debtors, (ii) counsel to the Purchaser, and (iii) counsel to the Committee.

**E.    Procedures for Responding to and Resolving Objections**

22.    If an Objection is filed, the Debtors, the Committee or the Purchaser may file a response (a "Response") to such Objection and therein request that a hearing on the Objection and Response be held on a regularly scheduled omnibus hearing that is at least twenty (20) days from the date the Response is filed or such other hearing as mutually agreed to between the Debtors, the Committee and the Purchaser and the respective Counterparty. The

DB02:6695793.10    066585.1001

Debtors or the Purchaser may resolve an Objection by entering into a settlement agreement; provided, however, that the Debtors shall obtain the consent from the Purchaser prior to entering into a settlement agreement that resolves an Objection.  Upon entering into a settlement agreement, the Debtors or Purchaser shall file a notice of proposed settlement (a "Notice of Settlement"), serve such Notice of Settlement on (i) counsel for the Debtors; (ii) counsel for the Purchaser; (iii) counsel for the Committee; and (iv) the Office of the United States Trustee and provide the aforementioned parties with a minimum of five (5) business days to file an objection to the proposed settlement.  In the event an objection to a proposed settlement is not filed on or before the deadline provided in the Notice of Settlement, the Debtors or the Purchaser may submit the proposed settlement agreement under a certification of counsel for approval by the Court without further notice or hearing.  In the event an objection is filed to a proposed settlement, the Debtors or Purchaser shall file a motion under Bankruptcy Rule 9019 for approval of the proposed settlement.

## NOTICE

23.    Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Purchaser; (v) the Securities and Exchange Commission; and (vi) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit B</u>, granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated:  Wilmington, Delaware
        April 2⁹, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

DB02:6695793.10                                    066585.1001

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------  x  Chapter 11
In re:                                                      :
                                                            :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                       :
HOLDINGS, INC., a Delaware corporation, et al.,[1]          :  Jointly Administered
                                                            :
                    Debtors.                                :
----------------------------------------------------------  x
```

## NOTICE OF (I) DEBTORS' PROPOSED PURCHASER'S CURE AMOUNTS AND (II) DEADLINE FOR FILING OBJECTIONS TO THE PROPOSED PURCHASER'S CURE AMOUNTS

      **PLEASE TAKE NOTICE** that on October 30, 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an Order [Docket No. 1711] (the "Sale Order") approving the sale of the Debtors' mortgage loan servicing business to AH Mortgage Acquisition Co., Inc. (the "Purchaser") pursuant to the terms of that certain Asset Purchase Agreement dated September 25, 2007 (as amended and together with all exhibits and schedules thereto, the "APA"). Pursuant to the Sale Order, the Debtors assumed and assigned or transferred certain unexpired leases, license agreements and executory contracts to the Purchaser (the "Assumed Contracts"). The Initial Closing (as defined in the Sale Order) occurred on November 16, 2007, and the Final Closing (as defined in the Sale Order) occurred on April 11, 2008.

      **PLEASE TAKE FURTHER NOTICE** that on May ___, 2008, the Bankruptcy Court entered an order (the "Purchaser's Cure Amount Bar Date Order") authorizing the Debtors to file and serve the Counterparties to the Assumed Contracts a notice setting forth the proposed Purchaser's Cure Amount (as defined in the Sale Order) for each Assumed Contract related to acts or omissions that occurred after the Initial Closing through and including the Final Closing (the "Proposed Purchaser's Cure Amounts"). The Proposed Purchaser's Cure Amounts are set forth on the schedule attached hereto as Exhibit A.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Purchaser's Cure Amount Bar Date Order, any objection (an "Objection") to the Proposed Purchaser's Cure Amount for an Assumed Contract must be filed *on or before 4:00 p.m. (prevailing Eastern Time) on June 20, 2008* (the "Purchaser's Cure Amount Bar Date").

**PLEASE TAKE FURTHER NOTICE** that an Objection must (a) be in writing; (b) set forth, in a schedule or exhibit attached thereto, (i) the name of the Counterparty to the Assumed Contract, (ii) the title or nature of the Assumed Contract subject to the Objection, (iii) the Proposed Purchaser's Cure Amount for such Assumed Contract, (iv) the Counterparty's asserted Purchaser's Cure Amount for such Assumed Contract, and (v) the basis for the Purchaser's Cure Amount asserted in such Objection; (c) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware; (d) be filed with the clerk of the Bankruptcy Court, Third Floor, 824 Market Street, Wilmington, Delaware 19801, *on or before 4:00 p.m. (prevailing Eastern Time) on June 20, 2008*; and (e) be served so as to be received on or before 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: Matthew B. Lunn), counsel to the Debtors, (ii) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Erica M. Ryland and Scott J. Friedman) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the Purchaser, and (iii) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 (Attn.: Mark S. Indelicato), counsel to the Committee.

**PLEASE TAKE FURTHER NOTICE** *that if the Counterparty to an Assumed Contract fails to file an Objection on or before the Purchaser's Cure Amount Bar Date, such party will be deemed to have consented to the Proposed Purchaser's Cure Amount for such Assumed Contract, and such amount shall be deemed the Purchaser's Cure Amount under the Sale Order for such Assumed Contract, and further such party shall be forever barred from objecting thereto in the future with respect to any cure amounts or defaults arising from acts or omissions that occurred on and after the Initial Closing through and including the Final Closing with respect to such Assumed Contract.*

Dated: Wilmington, Delaware
     May ___, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

**Exhibit A to Form Notice of Proposed Purchaser's Cure Amounts**

(Cure Amounts)