UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation *et al.,* [1] | : |  |
|  | : | Case Number 07-11047 (CSS) |
| Debtors. |  | (Jointly Administered) |
|  | : |  |

Hearing Date: April 28, 2008 at 2:00 P.M.

### OBJECTION OF THE UNITED STATES TRUSTEE TO THE APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF LAW OFFICES OF JOSEPH J. BODNAR AS SPECIAL DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS <u>NUNC</u> <u>PRO</u> <u>TUNC</u> AS OF MARCH 6, 2008 (DOCKET ENTRY # 3537)

In support of her objection to the application for an order authorizing the employment of the law offices of Joseph J. Bodnar ("Bodnar") as special Delaware counsel to the Official Committee of Unsecured Creditors (the "Committee") <u>nunc pro tunc</u> as of March 6, 2008, Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

### INTRODUCTION

1.      Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. §

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: AHM Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

1

157(b)(2), this Court has jurisdiction to hear and determine the Application and this objection.

2.  Under 28 U.S.C. § 586(a)(3)(I), the U.S. Trustee is charged with monitoring applications filed under 11 U.S.C. § 327 "and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications." The U.S. Trustee has a corresponding duty to review applications filed under 11 U.S.C. § 1103. See, e.g., In re Calabrese, 173 B.R. 61 (Bankr. D. Conn. 1994). This duty is part of the U.S. Trustee's responsibility to enforce the laws as written by Congress and interpreted by the courts. See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.  Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Application and the issues raised in this objection.

**GROUNDS/BASIS FOR RELIEF**

4.  In addition to its proposed representation of the Committee, Bodnar presently represents Greenwich Capital Financial Products, Inc., Greenwich Capital Markets, Inc. and Royal Bank of Scotland, plc (the "Bank Clients") in connection with the above-captioned cases. Appl. ¶¶ 17, 18(a). Unfortunately, the concurrent representation of the Bank Clients and the Committee with regard to these cases is not permitted under the Bankruptcy Code.

5.  11 U.S.C. §§ 1103(a, b) provides:

> (a)  At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select one or more attorneys, accountants, or other agents, to

> represent or perform services for such committee.
>
> (b) An attorney or accountant employed to represent a committee under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

6. The Bank Clients which Bodnar presently represents have filed proofs of claim in connection with the above-captioned cases. The proofs of claim indicate that the Bank Clients are parties to a number of repurchase agreements with one or more of the Debtors. In several of the proofs of claim, the Bank Clients assert that, in addition to holding unsecured deficiency claims, they hold setoff rights under the agreements and, by extension, are secured creditors of one ore more of the Debtors. See 11 U.S.C. §§ 506, 553. A copy of a printout of the claims log referencing the Bank Clients' proofs of claim in the above-captioned cases is attached as **Exhibit A**. Copies of the proofs of claim are attached as **Exhibit B**.

7. 11 U.S.C. § 1103(b) prohibits Committee counsel from simultaneously representing "any other entity having an adverse interest in connection with the case."[2] Under 11 U.S.C. § 1103(b), Bodnar cannot simultaneously represent asserted secured creditors and the Committee at the same time. See Calabrese, 173 B.R. at 63 ("As is apparent from § 1103(b), Congress created an exception for the employment of an attorney representing creditors of the same class as represented by the Committee, i.e., unsecured creditors; bu that exception, by its plain language, does not apply to the attorney's continued representation of creditors not of the same class, i.e., secured creditors").

---

2

There is no official committee analogue for the employment of "special counsel" under 11 U.S.C. § 327(e). Accordingly, Bodnar is subject to the same standard that any attorney employed by the Committee must meet in order to be employed. See 11 U.S.C. § 1103(b).

Accordingly, the Application should be denied.

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Application.

        Respectfully submitted,

        **KELLY BEAUDIN STAPLETON**
        **UNITED STATES TRUSTEE**


        **BY:**  /s/ Joseph J. McMahon, Jr.
              Joseph J. McMahon, Jr., Esquire (# 4819)
              Trial Attorney
              United States Department of Justice
              Office of the United States Trustee
              J. Caleb Boggs Federal Building
              844 King Street, Room 2207, Lockbox 35
              Wilmington, DE  19801
              (302) 573-6491
              (302) 573-6497 (Fax)

Date:  April 24, 2008