**EXHIBIT B**

| | **PROOF OF CLAIM** |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | |

| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered |
|---|---|
| Name of Debtor Against Which Claim is Held<br>American Home Mortgage Corp. | Case No. of Debtor<br>07-11051 |

**NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.**

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)**

Greenwich Capital Financial Products, Inc.
600 Steamboat Road
Greenwich, CT 06830

Notices to:
Brian E. Goldberg, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036

**Telephone number:** 212-277-6752
**Email Address:** goldbergb@dicksteinshapiro.com

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notice from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)          0000008951

**Account or other number by which creditor identifies debtor:**
gest2

Check here if this claim:
☐ replaces      ☐ amends a previously filed claim, dated:_____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☑ Other  see attached _____ (explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last Four Digits of your SS#: ____ ____ ____ ____
Unpaid compensation for services performed
from _____ to _____
         (date)                    (date)

**2. Date debt was incurred:**
see attached

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ see attached _____ + _____ + _____ = _____
                                                    (unsecured nonpriority)      (secured)      (unsecured priority)      (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in
secured claim, if any: $_____

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**6. Unsecured Nonpriority Claim:** $ see attached
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

**JAN 11 2008**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date<br>1-11-0? | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): <br>Brian E Goldberg |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## DEFINITIONS

**Debtor**
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed

**Secured Claim**
A claim is a secured claim if the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

**Unsecured Claim**
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Name of Debtor and Case Number:**
Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| American Home Mortgage Holdings, Inc | 07-11047 |
| American Home Mortgage Investment Corp | 07-11048 |
| American Home Mortgage Acceptance, Inc | 07-11049 |
| American Home Mortgage Servicing, Inc | 07-11050 |
| American Home Mortgage Corp | 07-11051 |
| American Home Mortgage Ventures LLC | 07-11052 |
| Homegate Settlement Services, Inc. | 07-11053 |
| Great Oak Abstract Corp | 07-11054 |

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**
Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**6. Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**7. Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**8. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

Greenwich Capital Financial Products, Inc. ("GCFP") entered into a certain Mortgage Loan Purchase and Sale Agreement, dated January 1, 2004, as amended, with American Home Mortgage Corp. ("AHMC") and American Home Mortgage Servicing Inc. ("AHMSI") (copies of the first page of the agreement and the amendment are annexed hereto, and together with any other related agreements or agreements referring thereto, collectively the "Gestation Repo Relationship").

As of the petition date, GCFP held a large claim against both AHMC and AHMSI under the Gestation Repo Relationship, but these claims have largely been reduced or resolved. This claim is being filed as a precautionary measure to preserve GCFP's rights to enforce its rights under the Gestation Repo Relationship, including any claims which are not currently capable of calculation, or remain contingent or unliquidated.

GCFP expressly reserves its right to supplement or amend this claim.

0468358

# WHOLE LOAN PURCHASE AND SALE AGREEMENT

## MORTGAGE LOAN PURCHASE AND SALE AGREEMENT

between

*American Home Mortgage*
Seller,

and

GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.
Purchaser
600 Steamboat Road
Greenwich, Connecticut 0680

DATED:_____

## FIRST AMENDMENT TO MORTGAGE LOAN PURCHASE AND SALE AGREEMENT

This First Amendment dated as of September 1, 2004, is to that certain Mortgage Loan Purchase and Sale Agreement (Whole Loan Purchase and Sale Agreement) dated January 1, 2004 (the "P&S Agreement") by and between Greenwich Capital Financial Products, Inc. ("Purchaser"), American Home Mortgage Corp. (a "Seller") and American Home Mortgage Servicing, Inc. f/k/a Columbia National Incorporated (a "Seller", and together with American Home Mortgage Corp., the "Sellers");

WHEREAS, Purchaser and Sellers have entered into the P&S Agreement;

WHEREAS, Purchaser and Sellers desire to amend the P&S Agreement in certain respects;

NOW, THEREFORE, the parties, intending to be legally bound, amend the P&S Agreement as follows:

1. Effective as of the date hereof, Section 1 of the P&S Agreement is hereby amended by replacing or adding the following definitions:

"Hedge Trade":  means a forward or other trade available to be assigned by Sellers to Purchaser through a Trade Assignment in the event Purchaser exercises its right to accept assignment of such Trade Assignment.  In every circumstance in which a Seller assigns a Hedge Trade, the amount of Mortgage Loans available to be sold into the Hedge Trade and all other aspects of the Hedge Trade shall be acceptable to Purchaser in its sole discretion.

"Trade Assignment":  The assignment by a Seller to Purchaser of the related Seller's rights under a specific Takeout Commitment, in the form of Exhibit D-1, or of the related Seller's rights under all Takeout Commitments, in the form of Exhibit D-2, or of the related Seller's rights under a Hedge Trade, in the form acceptable to Purchaser in its sole discretion.

"Trade Price":  Either (a) the trade price set forth on a Takeout Commitment less any applicable Price Adjustment, or (b) in the event there is no Takeout Commitment, the trade price established by Purchaser.

2. Effective as of the date hereof, Section 2 of the P&S Agreement is hereby restated to read in its entirety as follows:

(a) Purchaser may, in its sole discretion, from time to time, purchase one or more Mortgage Loan Pools from Sellers.  Prior to Purchaser's actual purchase of any Mortgage Loan Pool, the applicable provisions of Section 4 of the Custodial Agreement shall have been satisfied and Purchaser shall have received from Custodian (i) by facsimile, a Notice of Intent to Issue Trust Receipt, (ii) a copy of the Takeout Confirmation, if applicable, related to the Mortgage Loan(s) in such Mortgage Loan Pool, together with a Trade Assignment in the form of Exhibit

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: | Chapter 11 |
|---|---|
| American Home Mortgage Holdings, Inc., et al. | Case No. 07-11047 (CSS) |
| Debtors. | Jointly Administered |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| American Home Mortgage Servicing Inc. | 07-11050 |

**NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.**

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)**

Greenwich Capital Financial Products, Inc.
600 Steamboat Road
Greenwich, CT 06830

Notices to:
Brian E. Goldberg, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036

Telephone number: 212-277-6752
Email Address:  goldbergb@dicksteinshapiro.com

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)          0000008952

**Account or other number by which creditor identifies debtor:**

gest1

**Check here if this claim:**
☐ replaces    ☐ amends a previously filed claim, dated:_____

| 1. **Basis for Claim** | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | Last Four Digits of your SS#: ____  ____  ____ |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐ Taxes | |
| ☒ Other __see attached__ (explain) | from _____ to _____ |
| | (date)                (date) |

**2. Date debt was incurred:**

see attached

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _see attached_ + _____ + _____ = _____
(unsecured nonpriority)     (secured)     (unsecured priority)     (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**6. Unsecured Nonpriority Claim:** $ _see attached_
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

**FILED / RECEIVED**

JAN 1 1 2008

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 1-11-07 | Brian F. Goldberg  Counsel |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## DEFINITIONS

### Debtor
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed

### Secured Claim
A claim is a secured claim if the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

### Unsecured Claim
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

### Name of Debtor and Case Number:
Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| American Home Mortgage Holdings, Inc | 07-11047 |
| American Home Mortgage Investment Corp | 07-11048 |
| American Home Mortgage Acceptance, Inc | 07-11049 |
| American Home Mortgage Servicing, Inc | 07-11050 |
| American Home Mortgage Corp | 07-11051 |
| American Home Mortgage Ventures LLC | 07-11052 |
| Homegate Settlement Services, Inc. | 07-11053 |
| Great Oak Abstract Corp | 07-11054 |

### Information about Creditor:
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**
Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**6. Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**7. Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**8. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

Greenwich Capital Financial Products, Inc. ("GCFP") entered into a certain Mortgage Loan Purchase and Sale Agreement, dated January 1, 2004, as amended, with American Home Mortgage Corp. ("AHMC") and American Home Mortgage Servicing Inc. ("AHMSI") (copies of the first page of the agreement and the amendment are annexed hereto, and together with any other related agreements or agreements referring thereto, collectively the "Gestation Repo Relationship").

As of the petition date, GCFP held a large claim against both AHMC and AHMSI under the Gestation Repo Relationship, but these claims have largely been reduced or resolved. This claim is being filed as a precautionary measure to preserve GCFP's rights to enforce its rights under the Gestation Repo Relationship, including any claims which are not currently capable of calculation, or remain contingent or unliquidated.

GCFP expressly reserves its right to supplement or amend this claim.

0468358

# WHOLE LOAN PURCHASE AND SALE AGREEMENT

## MORTGAGE LOAN PURCHASE AND SALE AGREEMENT

between

*American Home Mortgage*

Seller,

and

GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.

Purchaser

600 Steamboat Road

Greenwich, Connecticut 0680

DATED:_____

<u>FIRST AMENDMENT TO MORTGAGE LOAN PURCHASE AND SALE AGREEMENT</u>

This First Amendment dated as of September 1, 2004, is to that certain Mortgage Loan Purchase and Sale Agreement (Whole Loan Purchase and Sale Agreement) dated January 1, 2004 (the "P&S Agreement") by and between Greenwich Capital Financial Products, Inc. ("Purchaser"), American Home Mortgage Corp. (a "Seller") and American Home Mortgage Servicing, Inc. f/k/a Columbia National Incorporated (a "Seller", and together with American Home Mortgage Corp., the "Sellers");

WHEREAS, Purchaser and Sellers have entered into the P&S Agreement;

WHEREAS, Purchaser and Sellers desire to amend the P&S Agreement in certain respects;

NOW, THEREFORE, the parties, intending to be legally bound, amend the P&S Agreement as follows:

1. Effective as of the date hereof, Section 1 of the P&S Agreement is hereby amended by replacing or adding the following definitions:

"Hedge Trade": means a forward or other trade available to be assigned by Sellers to Purchaser through a Trade Assignment in the event Purchaser exercises its right to accept assignment of such Trade Assignment. In every circumstance in which a Seller assigns a Hedge Trade, the amount of Mortgage Loans available to be sold into the Hedge Trade and all other aspects of the Hedge Trade shall be acceptable to Purchaser in its sole discretion.

"Trade Assignment": The assignment by a Seller to Purchaser of the related Seller's rights under a specific Takeout Commitment, in the form of Exhibit D-1, or of the related Seller's rights under all Takeout Commitments, in the form of Exhibit D-2, or of the related Seller's rights under a Hedge Trade, in the form acceptable to Purchaser in its sole discretion.

"Trade Price": Either (a) the trade price set forth on a Takeout Commitment less any applicable Price Adjustment, or (b) in the event there is no Takeout Commitment, the trade price established by Purchaser.

2. Effective as of the date hereof, Section 2 of the P&S Agreement is hereby restated to read in its entirety as follows:

(a) Purchaser may, in its sole discretion, from time to time, purchase one or more Mortgage Loan Pools from Sellers. Prior to Purchaser's actual purchase of any Mortgage Loan Pool, the applicable provisions of Section 4 of the Custodial Agreement shall have been satisfied and Purchaser shall have received from Custodian (i) by facsimile, a Notice of Intent to Issue Trust Receipt, (ii) a copy of the Takeout Confirmation, if applicable, related to the Mortgage Loan(s) in such Mortgage Loan Pool, together with a Trade Assignment in the form of Exhibit

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|

| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered |
|---|---|
| Name of Debtor Against Which Claim is Held<br>American Home Mortgage Corp. | Case No. of Debtor<br>07-11051 |

**NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.**

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)**

Greenwich Capital Markets, Inc.
600 Steamboat Road
Greenwich, CT  06830

NOTICES TO
Brian E. Goldberg, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas, 37th Fl.
New York, NY  10036

Telephone number: 212-277-6752
Email Address:    goldbergb@dicksteinshapiro.com

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)          0000008953

**Account or other number by which creditor identifies debtor:**

**Check here if this claim:**
☐ replaces    ☐ amends a previously filed claim, dated:_____

| 1.  **Basis for Claim**<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☑ Other___see attached_____(explain) | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last Four Digits of your SS#:  ____  ____  ____  ____<br>Unpaid compensation for services performed<br>from _____to_____<br>          (date)                    (date) |
|---|---|

| 2.  Date debt was incurred:<br>     see attached | 3.  If court judgment, date obtained: |
|---|---|

4.  **Total Amount of Claim at Time Case Filed:** $ _____ + _____ + _____ = _____
          (unsecured nonpriority)    (secured)    (unsecured priority)    (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5.  **Secured Claim.**<br>☐ Check this box if your claim is secured by collateral (including a right of setoff.)<br>Brief Description of Collateral:<br>☐ Real Estate     ☐ Motor Vehicle<br>☐ Other _____<br>Value of Collateral:  $_____<br>Amount of arrearage and other charges <u>at time case filed</u> included in secured claim, if any:  $_____ | 7.  **Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $_____<br>Specify the priority of the claim:<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).<br>☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).<br>☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____). |
|---|---|
| 6.  **Unsecured Nonpriority Claim:** $_____<br>☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | |

| 8.   **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br><br>9.   **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.<br>**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.<br><br>10   **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY<br><br>**FILED / RECEIVED**<br><br>JAN 1 1 2008<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|

| Date<br>1-1-07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Brian E. Goldberg<br>Counsel | |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

# DEFINITIONS

### Debtor
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed

### Secured Claim
A claim is a secured claim if the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

### Unsecured Claim
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

# Items to be completed in Proof of Claim form (if not already filled in)

### Name of Debtor and Case Number:
Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| American Home Mortgage Holdings, Inc | 07-11047 |
| American Home Morgage Investment Corp | 07-11048 |
| American Home Mortgage Acceptance, Inc | 07-11049 |
| American Home Mortgage Servicing, Inc | 07-11050 |
| American Home Mortgage Corp | 07-11051 |
| American Home Mortgage Ventures LLC | 07-11052 |
| Homegate Settlement Services, Inc. | 07-11053 |
| Great Oak Abstract Corp | 07-11054 |

### Information about Creditor:
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

### 1. Basis for Claim:
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

### 2. Date Debt Incurred:
Fill in the date when the debt first was owed by the debtor.

### 3. Court Judgments:
If you have a court judgment for this debt, state the date the court entered the judgment.

### 4. Total Amount of Claim at Time Case Filed:
Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

### 5. Secured Claim:
Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

### 6. Unsecured Nonpriority Claim:
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

### 7. Unsecured Priority Claim:
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

### 8. Credits:
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

### 9. Supporting Documents:
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

Greenwich Capital Financial Products, Inc. ("GCFP") entered into a certain Master Mortgage Loan Purchase and Servicing Agreement, dated as of May 1, 2006, as it may have been supplemented, revised and amended, with American Home Mortgage Corp. ("AHMC") and American Home Mortgage Servicing, Inc. ("AHMSI") (a copy of the first page of the agreement is annexed hereto).

On or about June 22, 2007, GCFP sent a notice (a copy of which is attached hereto) that a certain mortgage purchased under the agreement was "defective" and that debtor should repurchase said mortgage, which did not occur. Accordingly, GCFP has a claim in the amount of the mortgage, which is approximately $4,380,000.00, and also reserves its rights to compel debtor to repurchase the mortgage for full price.

Moreover, debtors are obligated to repurchase various mortgages from GCFP due to the loans falling into the categories generally referred to as "fraud" or "EPD". Currently, the "fraud" loans are in an amount not less than $4,546,210.11 and the EPD loans are in an amount not less than $44,927,434.15, both of which amounts may in fact be larger and are nonetheless likely to increase.

Moreover, GCFP retains certain other rights under the agreement, including an asserted right of setoff and related rights to claim against the debtors for certain pre-petition and post-petition expenses, which continue to accrue.

Creditor expressly preserves its rights to supplement or amend this claim.

MASTER MORTGAGE LOAN PURCHASE AND SERVICING AGREEMENT

AMERICAN HOME MORTGAGE CORP.
Seller

AMERICAN HOME MORTGAGE SERVICING, INC.
Servicer

GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.
Initial Purchaser

Dated as of May 1, 2006

First and Second Lien, Fixed and Adjustable Rate Mortgage Loans

**Greenwich Capital Financial Products, Inc.**
**600 Steamboat Road**
**Greenwich, CT 06830**

June 22, 2007

American Home Mortgage Corp.
538 Broadhollow Road
Melville, NY 11747
Attn: Robert F Johnson, Jr.

RE:  **Request for Repurchase (Borrower Name: Bechara; Loan #: 1222090)**

Dear Mr. Johnson,

Greenwich Capital Financial Products ("GCFP") purchased the above referenced loan (the "Defective Loan") from American Home Mortgage Corp. ("American Home") on June 14, 2006 (the "Closing Date") pursuant to the terms of a Master Mortgage Loan Purchase and Servicing Agreement Dated as of May 1, 2006 (the "Agreement"). GCFP is hereby requesting repurchase of the Defective Loan due to a breach of the following Agreement representations and warranties that were made by American Home to GCFP as of the Closing Date and which breach materially and adversely affected the value of the Defective Loan or the interest of GCFP in the Defective Loan. These representations and warranties are a part of the Agreement:

1.)     Subsection 7.02 (xxv): "The Mortgage Loan was underwritten in accordance with the Underwriting Guidelines in effect at the time the Mortgage Loan was originated which underwriting standards satisfy the standards of Fannie Mae and Freddie Mac; and the Mortgage Note and Mortgage are on forms acceptable to Fannie Mae and Freddie Mac";

- Attached as Exhibit A are the American Home underwriting guidelines (the "Guidelines") applicable to the Defective Loan (Product Code 2022). GCFP has uncovered the following material exceptions to these underwriting guidelines in the origination of the Defective Loan:

    o  According to the "Qualifying Ratios" section of the Guidelines, for a primary residence (such as the Defective Loan), the borrower(s) is to be qualified at the higher of 4.25% or the fully indexed rate + .50% (using the interest only payment). For the Defective Loan, the borrowers were qualified at an interest rate of 1.625%. This led to a materially different debt ratio for such a high balance loan (a ratio that exceeded American Home's benchmark qualifying ratio for a loan similar to the Defective Loan).

    o  Per the Guidelines, a primary residence, rate-term refinance with an original loan balance of $4,380,000 is supposed have a maximum LTV/CLTV of 60%/60%. The Defective Loan was represented by American Home to have an LTV/CLTV of 60%/70% which, on its face, is a material violation of the Guidelines, particularly for such a large balance loan. As you will see below, the actual LTV/CLTV was significantly higher due to the usage of the appraised value instead of the purchase price. (Also, the Defective Loan was apparently underwritten and approved by American Home assuming a second mortgage amount of $730,000 when, in fact, the HUD-1 states that the second mortgage amount is $925,000.)

    o  For refinance transactions, the Guidelines require that if the subject property was acquired by the borrower within the 12 months prior to origination and the appraised

value is higher than when it was purchased, the increase must be reasonable and the value must be supported by the comparables used for the appraisal. If the increase cannot be supported, the lower of the original purchase price or the new appraised value should be used to determine the LTV/CLTV. American Home used the appraised value of $7,300,000 rather than the purchase price of $6,500,000 in the origination of the Defective Loan even though the borrower had purchased the property only nine months or so prior to origination (on August 2, 2005). As you will see further described below, using the appraised value was not supported by the chosen comparables and the increase in value was not reasonable (which is further confirmed by the current listing value of $4,950,000 for the subject property and the current valuation of $4,700,000 as per Exhibit C). Thus, the Defective Loan was underwritten assuming an LTV/CLTV of 60%/70% when the actual LTV/CLTV was 67%/82%, materially higher than the American Home Guidelines permit for a loan of this size.

o   In the Credit History section of the Guidelines all tax liens must be paid-off prior to closing of the loan and any/all payoffs must appear in the final HUD-1 Settlement Statement. There is no evidence in the HUD-1 (provided by American Home as the final copy) of payoff of all outstanding 2005 property tax amounts owed as of the closing date of the loan. In addition to being a material Guideline violation this may also be a material breach of the Agreement representation and warranty regarding first lien status of the Defective Loan as of the Closing Date.

2.)   Subsection 7.02 (xxxv): "No error, omission, misrepresentation, negligence, fraud or similar occurrence with respect to a Mortgage Loan has taken place on the part of any person, including without limitation the Mortgagor, any appraiser, any builder or developer, or any other party involved in the origination of the Mortgage Loan or in the application of any insurance in relation to such Mortgage Loan"

•   Based upon a review of the appraisal provided by American Home for the Defective Loan it appears that the appraised value was misrepresented by the appraiser as $7,300,000 when the actual estimated value was significantly lower. See the Comments section of Exhibit B (which is an estimate of value at origination) for further details but it seems that the comparables used to support the subject property's value were chosen negligently or fraudulently. Exhibit C is a more current valuation that further highlights the material error inherent in the original appraisal.

GCFP's respectfully requests that American Home repurchase this mortgage loan in accordance with its obligations under the terms of the Agreement as a result of a material breach of the above cited representations & warranties. As American Home is currently servicing this loan and should have access to the Defective Loan mortgage file I have not also included a copy of such file.

Please call me at (203) 618-6684 if you would like to discuss.

Thank you

Craig Eccles
Managing Director


cc:      Alan B. Horn, General Counsel, American Home

## Goldberg, Brian

| | |
|---|---|
| **From:** | Eckes, Craig, GCM [Craig.Eckes@rbsgc.com] |
| **Sent:** | Thursday, June 28, 2007 10:58 AM |
| **To:** | Robert.Johnson@americanhm.com; Alan.Horn@americanhm.com; Michele LaMonica; Transaction Mgmt Group; Jodie Rocco; Karen Giancola; Tim Neer; Josh Buckley; Damian Voulo; Maureen Flaherty; Robert.Johnson@americanhm.com; Alan.Horn@americanhm.com; Michele LaMonica; Transaction Mgmt Group; Jodie Rocco; Karen Giancola; Tim Neer; Josh Buckley; Damian Voulo; Maureen Flaherty |
| **Cc:** | Eveland, Johan, GCM; Kronick, Stuart, GCM; Litvak, Jesse, GCM; Schneider, Gabriel, GCM; Pillari, Michael, GCM; Crowley, John, GCM; O'Donnell, Mark, GCM; Constantine, Anthony, GCM; McLaughlin, Dan, GCM; Calderon, Manuel, GCM; Davey, Joseph, GCM; Barbera, John, GCM; Poccia, Joan, GCM; Abayev, Regina, GCM; Fodor, Erika, GCM; Gimpel, Scott, GCM; Eveland, Johan, GCM; Kronick, Stuart, GCM; Litvak, Jesse, GCM; Schneider, Gabriel, GCM; Pillari, Michael, GCM; Crowley, John, GCM; O'Donnell, Mark, GCM; Constantine, Anthony, GCM; McLaughlin, Dan, GCM; Calderon, Manuel, GCM; Davey, Joseph, GCM; Barbera, John, GCM; Poccia, Joan, GCM; Abayev, Regina, GCM; Fodor, Erika, GCM; Gimpel, Scott, GCM |
| **Subject:** | Request for Repurchase (Borrower Name: Bechara; Loan #: 1222090) |
| **Attachments:** | EAS; American Home Request (Loan 1222090-Bechara).pdf; EXHIBIT A.pdf; EXHIBIT B.pdf; EXHIBIT C.pdf |

<<American Home Request (Loan 1222090-Bechara).pdf>> <<EXHIBIT A.pdf>> <<EXHIBIT B.pdf>> <<EXHIBIT C.pdf>>

**Greenwich Capital Financial Products** ("GCFP") purchased the above referenced loan (the "Defective Loan") from American Home Mortgage Corp. ("American Home") on June 14, 2006 (the "Closing Date") pursuant to the terms of a Master Mortgage Loan Purchase and Servicing Agreement Dated as of May 1, 2006 (the "Agreement"). GCFP is hereby requesting repurchase of the Defective Loan due to a breach of the following Agreement representations and warranties that were made by American Home to GCFP as of the Closing Date and which breach materially and adversely affected the value of the Defective Loan or the interest of GCFP in the Defective Loan. These representations and warranties are a part of the Agreement:

1.)    Subsection 7.02 (xxv): "The Mortgage Loan was underwritten in accordance with the Underwriting Guidelines in effect at the time the Mortgage Loan was originated which underwriting standards satisfy the standards of Fannie Mae and Freddie Mac; and the Mortgage Note and Mortgage are on forms acceptable to Fannie Mae and Freddie Mac";

•    Attached as Exhibit A are the American Home underwriting guidelines (the "Guidelines") applicable to the Defective Loan (Product Code 2022). GCFP has uncovered the following material exceptions to these underwriting guidelines in the origination of the Defective Loan:

o    According to the "Qualifying Ratios" section of the Guidelines, for a primary residence (such as the Defective Loan), the borrower(s) is to be qualified at the higher of 4.25% or the fully indexed rate + .50% (using the interest only payment). For the Defective Loan, the borrowers were qualified at an interest rate of 1.625%. This led to a materially different debt ratio for such a high balance loan (a ratio that exceeded American Home's benchmark qualifying ratio for a loan similar to the Defective Loan).

o        Per the Guidelines, a primary residence, rate-term refinance with an original loan balance of $4,380,000 is supposed have a maximum LTV/CLTV of 60%/60%. The Defective Loan was represented by American Home to have an LTV/CLTV of 60%/70% which, on its face, is a material violation of the Guidelines, particularly for such a large balance loan. As you will see below, the actual LTV/CLTV was significantly higher due to the usage of the appraised value instead of the purchase price. (Also, the Defective Loan was apparently underwritten and approved by American Home assuming a second mortgage amount of $730,000 when, in fact, the HUD-1 states that the second mortgage amount is $925,000.)

o        For refinance transactions, the Guidelines require that if the subject property was acquired by the borrower within the 12 months prior to origination and the appraised value is higher than when it was purchased, the increase must be reasonable and the value must be supported by the comparables used for the appraisal. If the increase cannot be supported, the lower of the original purchase price or the new appraised value should be used to determine the LTV/CLTV. American Home used the appraised value of $7,300,000 rather than the purchase price of $6,500,000 in the origination of the Defective Loan even though the borrower had purchased the property only nine months or so prior to origination (on August 2, 2005). As you will see further described below, using the appraised value was not supported by the chosen comparables and the increase in value was not reasonable (which is further confirmed by the current listing value of $4,950,000 for the subject property and the current valuation of $4,700,000 as per Exhibit C). Thus, the Defective Loan was underwritten assuming an LTV/CLTV of 60%/70% when the actual LTV/CLTV was 67%/82%, materially higher than the American Home Guidelines permit for a loan of this size.

o        In the Credit History section of the Guidelines all tax liens must be paid-off prior to closing of the loan and any/all payoffs must appear in the final HUD-1 Settlement Statement. There is no evidence in the HUD-1 (provided by American Home as the final copy) of payoff of all outstanding 2005 property tax amounts owed as of the closing date of the loan. In addition to being a material Guideline violation this may also be a material breach of the Agreement representation and warranty regarding first lien status of the Defective Loan as of the Closing Date.

2.)   Subsection 7.02 (xxxv): "No error, omission, misrepresentation, negligence, fraud or similar occurrence with respect to a Mortgage Loan has taken place on the part of any person, including without limitation the Mortgagor, any appraiser, any builder or developer, or any other party involved in the origination of the Mortgage Loan or in the application of any insurance in relation to such Mortgage Loan"

•        Based upon a review of the appraisal provided by American Home for the Defective Loan it appears that the appraised value was misrepresented by the appraiser as $7,300,000 when the actual estimated value was significantly lower. See the Comments section of Exhibit B (which is an estimate of value at origination) for further details but it seems that the comparables used to support the subject property's value were chosen negligently or fraudulently. Exhibit C is a more current valuation that further highlights the material error inherent in the original appraisal.

GCFP's respectfully requests that American Home repurchase this mortgage loan in accordance with its obligations under the terms of the Agreement as a result of a material breach of the above cited representations & warranties. As American Home is currently servicing this loan and should have

access to the Defective Loan mortgage file I have not also included a copy of such file.

Please call me at (203) 618-6684 if you would like to discuss.

Thank you

Craig


Craig Eckes
RBS Greenwich Capital
600 Steamboat Road
Greenwich, CT 06830
Telephone: (203) 618-6684
Facsimile: (203) 422-4680
Cell: (917) 650-2566
E-mail: Craig.Eckes@rbsgc.com

## Goldberg, Brian

| | |
|---|---|
| **From:** | Eckes, Craig, GCM [Craig.Eckes@rbsgc.com] |
| **Sent:** | Thursday, June 28, 2007 10:58 AM |
| **To:** | Robert.Johnson@americanhm.com; Alan.Horn@americanhm.com; Michele LaMonica; Transaction Mgmt Group; Jodie Rocco; Karen Giancola; Tim Neer; Josh Buckley; Damian Voulo; Maureen Flaherty; Robert.Johnson@americanhm.com; Alan.Horn@americanhm.com; Michele LaMonica; Transaction Mgmt Group; Jodie Rocco; Karen Giancola; Tim Neer; Josh Buckley; Damian Voulo; Maureen Flaherty |
| **Cc:** | Eveland, Johan, GCM; Kronick, Stuart, GCM; Litvak, Jesse, GCM; Schneider, Gabriel, GCM; Pillari, Michael, GCM; Crowley, John, GCM; O'Donnell, Mark, GCM; Constantine, Anthony, GCM; McLaughlin, Dan, GCM; Calderon, Manuel, GCM; Davey, Joseph, GCM; Barbera, John, GCM; Poccia, Joan, GCM; Abayev, Regina, GCM; Fodor, Erika, GCM; Gimpel, Scott, GCM; Eveland, Johan, GCM; Kronick, Stuart, GCM; Litvak, Jesse, GCM; Schneider, Gabriel, GCM; Pillari, Michael, GCM; Crowley, John, GCM; O'Donnell, Mark, GCM; Constantine, Anthony, GCM; McLaughlin, Dan, GCM; Calderon, Manuel, GCM; Davey, Joseph, GCM; Barbera, John, GCM; Poccia, Joan, GCM; Abayev, Regina, GCM; Fodor, Erika, GCM; Gimpel, Scott, GCM |
| **Subject:** | Request for Repurchase (Borrower Name: Bechara; Loan #: 1222090) |
| **Attachments:** | EAS; American Home Request (Loan 1222090-Bechara).pdf; EXHIBIT A.pdf; EXHIBIT B.pdf; EXHIBIT C.pdf |

<<American Home Request (Loan 1222090-Bechara).pdf>> <<EXHIBIT A.pdf>> <<EXHIBIT B.pdf>> <<EXHIBIT C.pdf>> ·

**Greenwich Capital Financial Products** ("GCFP") purchased the above referenced loan (the "Defective Loan") from American Home Mortgage Corp. ("American Home") on June 14, 2006 (the "Closing Date") pursuant to the terms of a Master Mortgage Loan Purchase and Servicing Agreement Dated as of May 1, 2006 (the "Agreement"). GCFP is hereby requesting repurchase of the Defective Loan due to a breach of the following Agreement representations and warranties that were made by American Home to GCFP as of the Closing Date and which breach materially and adversely affected the value of the Defective Loan or the interest of GCFP in the Defective Loan. These representations and warranties are a part of the Agreement:

1.)    Subsection 7.02 (xxv): "The Mortgage Loan was underwritten in accordance with the Underwriting Guidelines in effect at the time the Mortgage Loan was originated which underwriting standards satisfy the standards of Fannie Mae and Freddie Mac; and the Mortgage Note and Mortgage are on forms acceptable to Fannie Mae and Freddie Mac";

•    Attached as Exhibit A are the American Home underwriting guidelines (the "Guidelines") applicable to the Defective Loan (Product Code 2022). GCFP has uncovered the following material exceptions to these underwriting guidelines in the origination of the Defective Loan:

   o    According to the "Qualifying Ratios" section of the Guidelines, for a primary residence (such as the Defective Loan), the borrower(s) is to be qualified at the higher of 4.25% or the fully indexed rate + .50% (using the interest only payment). For the Defective Loan, the borrowers were qualified at an interest rate of 1.625%. This led to a materially different debt ratio for such a high balance loan (a ratio that exceeded American Home's benchmark qualifying ratio for a loan similar to the Defective Loan).

o    Per the Guidelines, a primary residence, rate-term refinance with an original loan balance of $4,380,000 is supposed have a maximum LTV/CLTV of 60%/60%. The Defective Loan was represented by American Home to have an LTV/CLTV of 60%/70% which, on its face, is a material violation of the Guidelines, particularly for such a large balance loan. As you will see below, the actual LTV/CLTV was significantly higher due to the usage of the appraised value instead of the purchase price. (Also, the Defective Loan was apparently underwritten and approved by American Home assuming a second mortgage amount of $730,000 when, in fact, the HUD-1 states that the second mortgage amount is $925,000.)

o    For refinance transactions, the Guidelines require that if the subject property was acquired by the borrower within the 12 months prior to origination and the appraised value is higher than when it was purchased, the increase must be reasonable and the value must be supported by the comparables used for the appraisal. If the increase cannot be supported, the lower of the original purchase price or the new appraised value should be used to determine the LTV/CLTV. American Home used the appraised value of $7,300,000 rather than the purchase price of $6,500,000 in the origination of the Defective Loan even though the borrower had purchased the property only nine months or so prior to origination (on August 2, 2005). As you will see further described below, using the appraised value was not supported by the chosen comparables and the increase in value was not reasonable (which is further confirmed by the current listing value of $4,950,000 for the subject property and the current valuation of $4,700,000 as per Exhibit C). Thus, the Defective Loan was underwritten assuming an LTV/CLTV of 60%/70% when the actual LTV/CLTV was 67%/82%, materially higher than the American Home Guidelines permit for a loan of this size.

o    In the Credit History section of the Guidelines all tax liens must be paid-off prior to closing of the loan and any/all payoffs must appear in the final HUD-1 Settlement Statement. There is no evidence in the HUD-1 (provided by American Home as the final copy) of payoff of all outstanding 2005 property tax amounts owed as of the closing date of the loan. In addition to being a material Guideline violation this may also be a material breach of the Agreement representation and warranty regarding first lien status of the Defective Loan as of the Closing Date.

2.)    Subsection 7.02 (xxxv): "No error, omission, misrepresentation, negligence, fraud or similar occurrence with respect to a Mortgage Loan has taken place on the part of any person, including without limitation the Mortgagor, any appraiser, any builder or developer, or any other party involved in the origination of the Mortgage Loan or in the application of any insurance in relation to such Mortgage Loan"

•    Based upon a review of the appraisal provided by American Home for the Defective Loan it appears that the appraised value was misrepresented by the appraiser as $7,300,000 when the actual estimated value was significantly lower. See the Comments section of Exhibit B (which is an estimate of value at origination) for further details but it seems that the comparables used to support the subject property's value were chosen negligently or fraudulently. Exhibit C is a more current valuation that further highlights the material error inherent in the original appraisal.

GCFP's respectfully requests that American Home repurchase this mortgage loan in accordance with its obligations under the terms of the Agreement as a result of a material breach of the above cited representations & warranties. As American Home is currently servicing this loan and should have

access to the Defective Loan mortgage file I have not also included a copy of such file.

Please call me at (203) 618-6684 if you would like to discuss.

Thank you

Craig


Craig Eckes
RBS Greenwich Capital
600 Steamboat Road
Greenwich, CT 06830
Telephone: (203) 618-6684
Facsimile: (203) 422-4680
Cell: (917) 650-2566
E-mail: Craig.Eckes@rbsgc.com

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered | |
| Name of Debtor Against Which Claim is Held<br>American Home Mortgage Corp. | Case No. of Debtor<br>07-11051 | |

**NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.**

**Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)**

Greenwich Capital Markets, Inc.
600 Steamboat Road
Greenwich, CT 06830

Notices to:
Brian E. Goldberg, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone number:  212-277-6752
Email Address:  goldbergb@dicksteinshapiro.com

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)          0000008954

| Account or other number by which creditor identifies debtor:<br>tba1 | Check here if this claim:<br>☐replaces          ☐amends a previously filed claim, dated:_____ |
|---|---|

| 1.  **Basis for Claim**<br>    ☐ Goods sold<br>    ☐ Services performed<br>    ☐ Money loaned<br>    ☐ Personal injury/wrongful death<br>    ☐ Taxes<br>    ☑ Other___see attached_____ (explain) | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br><br>Last Four Digits of your SS#:  ___  ___  ___  ___<br>Unpaid compensation for services performed<br>from _____ to _____<br>         (date)              (date) |
|---|---|

| 2.  **Date debt was incurred:**<br>    see attached | 3.  **If court judgment, date obtained:** |
|---|---|

4.  **Total Amount of Claim at Time Case Filed:** $ _see attached_ + _____ + _____ = _____
                                                                                    (unsecured nonpriority)    (secured)    (unsecured priority)    (Total)
    If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
    ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5.  **Secured Claim.**<br>    ☑ Check this box if your claim is secured by collateral (including a right of setoff).<br>    Brief Description of Collateral:<br>    ☐ Real Estate    ☐ Motor Vehicle<br>    ☑ Other___setoff rights_____<br>    Value of Collateral: $_____<br>    Amount of arrearage and other charges at time case filed included in<br>secured claim, if any: $_____ | 7.  **Unsecured Priority Claim.**<br>    ☐ Check this box if you have an unsecured priority claim<br>    Amount entitled to priority $_____<br>    Specify the priority of the claim:<br>    ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).<br>    ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).<br>    ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5). |
|---|---|
| 6.  **Unsecured Nonpriority Claim:** $ _see attached_<br>    ☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___). |

8.  **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9.  **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.

    **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10  Date-Stamped Copy:  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FILED / RECEIVED

JAN 11 2008

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.*

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## DEFINITIONS

### Debtor
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed

### Secured Claim
A claim is a secured claim if the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

### Unsecured Claim
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

### Name of Debtor and Case Number:
Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| American Home Mortgage Holdings, Inc | 07-11047 |
| American Home Morgage Investment Corp | 07-11048 |
| American Home Mortgage Acceptance, Inc | 07-11049 |
| American Home Mortgage Servicing, Inc | 07-11050 |
| American Home Mortgage Corp | 07-11051 |
| American Home Mortgage Ventures LLC | 07-11052 |
| Homegate Settlement Services, Inc. | 07-11053 |
| Great Oak Abstract Corp | 07-11054 |

### Information about Creditor:
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any.
If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:**
   Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:**
   Fill in the date when the debt first was owed by the debtor.

3. **Court Judgments:**
   If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Total Amount of Claim at Time Case Filed:**
   Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5. **Secured Claim:**
   Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

6. **Unsecured Nonpriority Claim:**
   Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

7. **Unsecured Priority Claim:**
   Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

8. **Credits:**
   By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

9. **Supporting Documents:**
   You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

Greenwich Capital Markets, Inc. ("GCM") entered into certain so-called TBA agreements with two of the debtors, American Home Mortgage Corp. and American Home Mortgage Investment Corp.

Under these agreements, GCM asserts certain claims and rights to payment in an amount estimated to be in excess of one million dollars, as well as asserting certain rights to setoff and other rights and claims that continue to accrue.

GCM expressly reserves its right to supplement or amend this claim.

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | | PROOF OF CLAIM |
|---|---|---|

**American Home Mortgage Claims Processing Center**
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | |
|---|---|
| American Home Mortgage Holdings, Inc., et al. Debtors. | Chapter 11 Case No. 07-11047 (CSS) Jointly Administered |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| American Home Mortgage Corp. | 07-11051 |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor :** (and name and address where notices should be sent if different from Creditor)

Greenwich Capital Markets, Inc.
600 Steamboat Road
Greenwich, CT 06830

Notices to:
Brian E. Goldberg, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036
**Telephone number:** 212-277-6752
**Email Address:** goldbergb@dicksteinshapiro.com

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you hav never received any notice from the bankruptcy coun in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)          0000008956

**Account or other number by which creditor identifies debtor:**
tba2

Check here if this claim:
☐ replaces          ☐ amends a previously filed claim, dated: _____

| 1. **Basis for Claim** | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | |
| ☐ Personal injury/wrongful death | Last Four Digits of your SS#: ____  ____  ____  ____ |
| ☐ Taxes | Unpaid compensation for services performed |
| ☑ Other   see attached          (explain) | from _____ to _____ |
| | (date)              (date) |

| 2. **Date debt was incurred:** | 3. **If court judgment, date obtained:** |
|---|---|
| see attached | |

4. **Total Amount of Claim at Time Case Filed:** $ __see attached__ + _____ + _____ = _____
(unsecured nonpriority)   (secured)   (unsecured priority)   (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate        ☐ Motor Vehicle
☑ Other   setoff rights
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

7. **Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries, or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

6. **Unsecured Nonpriority Claim:** $ __see attached__
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**
JAN 11 2008
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 1-11-07 | *[signature]*   Brian E. Goldberg, Esq. |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## DEFINITIONS

### Debtor
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed

### Secured Claim
A claim is a secured claim if the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

### Unsecured Claim
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

### Name of Debtor and Case Number:
Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| American Home Mortgage Holdings, Inc | 07-11047 |
| American Home Morgage Investment Corp | 07-11048 |
| American Home Mortgage Acceptance, Inc | 07-11049 |
| American Home Mortgage Servicing, Inc | 07-11050 |
| American Home Mortgage Corp | 07-11051 |
| American Home Mortgage Ventures LLC | 07-11052 |
| Homegate Settlement Services, Inc. | 07-11053 |
| Great Oak Abstract Corp | 07-11054 |

### Information about Creditor:
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:**
   Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:**
   Fill in the date when the debt first was owed by the debtor.

3. **Court Judgments:**
   If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Total Amount of Claim at Time Case Filed:**
   Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5. **Secured Claim:**
   Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

6. **Unsecured Nonpriority Claim:**
   Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

7. **Unsecured Priority Claim:**
   Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

8. **Credits:**
   By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

9. **Supporting Documents:**
   You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

Greenwich Capital Markets, Inc. ("GCM") entered into a certain Master Securities Forward Transaction Agreement, dated as of June 17, 1998, as it may have been supplemented, revised and amended, with American Home Mortgage Corp. (a copy of the first page of the agreement is annexed hereto).

On or about August 3, 2007, GCM sent notice (a copy of which is attached hereto) that certain Events of Default had occurred under the agreement, resulting in GCM having certain claims and rights, including a continued right of setoff in respect of any costs and expenses incurred, which continue to accrue.

GCM expressly reserves its right to supplement or amend this claim.


THE
BOND
MARKET
ASSOCIATION

# Master Securities Forward Transaction Agreement

EXECUTION COPY

Agmt Type:    Mortgage-Backed Securities
Filed Under:    American Home
Customer Name:    American Home

Master Securities Forward

Customer Number:

Greenwich Entity: GCM

**Dated as of:**  June 17, 1998

**Between:**

Greenwich Capital Markets, Inc.

**and**

American Home

## 1. Applicability

From time to time the parties hereto may enter into transactions for the purchase or sale of mortgage-backed and other asset-backed securities and such other securities as may be set forth in Annex I hereto ("Securities"), including pursuant to when-issued, TBA. dollar roll and other transactions that result or may result in the delayed delivery of Securities. Each such transaction shall be referred to herein as a "Transaction" and, unless otherwise agreed in writing, shall be governed by this Agreement, including any supplemental terms or conditions contained in Annex I hereto, and in any other annexes identified herein or therein as applicable hereunder.

## 2. Definitions

(a) "Act of Insolvency", with respect to any party, (i) the commencement by such party as debtor of any case or proceeding under any bankruptcy, insolvency, reorganization, liquidation, moratorium, dissolution, delinquency or similar law, or such party seeking the appointment or election of a receiver, conservator, trustee, custodian or similar official for such party or any substantial part of its property, or the convening of any meeting of creditors for purposes of commencing any such case or proceeding or seeking such an appointment or election, (ii) the commencement of any such case or proceeding against such party, or another seeking such an appointment or election, or the filing against a party of an application for a protective decree under the provisions of the Securities Investor Protection Act of 1970, which (A) is consented to or not timely contested by such party, (B) results in the entry of an order for relief, such an appointment or election, the issuance of such a protective decree or the entry of an order having a similar effect; or (C) is not dismissed within 15 days, (iii) the making by such party of a general assignment for the benefit of creditors, or (iv) the admission in writing by such party of such party's inability to pay such party's debts as they become due;

**✖✖RBS Greenwich Capital**

**Greenwich Capital Markets, Inc.**
600 Steamboat Road
Greenwich, Connecticut 06830

Telephone: 203.625.2700

www.rbsgc.com

VIA FACSIMILE, E-MAIL
AND EXPRESS MAIL

August 3, 2007

American Home Mortgage Corp.
538 Broadhollow Road
Melville, New York 11747
Attn: Mr. Alan B. Horn
      Mr. Craig Pino

**Re: Notice of Event of Default**

Ladies and Gentlemen:

Reference is hereby made to the Master Securities Forward Transaction Agreement dated as of June 17, 1998, between American Home Mortgage Corp. ("American Home") and Greenwich Capital Markets, Inc. ("Greenwich"), as amended (the "Forward Agreement"). Capitalized terms used but not otherwise defined in this letter shall have the meanings set forth in the Forward Agreement.

Greenwich hereby notifies American Home that one or more Events of Default have occurred under the Forward Agreement. Such Events of Default include, without limitation, (a) the occurrence of an Act of Insolvency resulting from admissions in writing by American Home that it is unable to pay its debts as they become due, and (b) the event of default by American Home and certain of its affiliates under the Master Repurchase Agreement dated as of December 14, 2005, among American Home, American Home Mortgage Acceptance, Inc., American Home Mortgage Investment Corp. and Greenwich, as amended. Greenwich hereby notifies you that it reserves its right to exercise all available rights and remedies under the Forward Agreement, at law, in equity or otherwise, without further notice to you.

If you have any questions regarding the above, please do not hesitate to contact the undersigned at 203-625-6072.

Sincerely,

James M. Esposito
Managing Director and Associate General Counsel

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: American Home Mortgage Holdings, Inc., et al. Debtors. | Chapter 11 Case No. 07-11047 (CSS) Jointly Administered |
|---|---|
| Name of Debtor Against Which Claim is Held American Home Mortgage Servicing Inc. | Case No. of Debtor 07-11050 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

**Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)**

Greenwich Capital Financial Products, Inc.
600 Steamboat Road
Greenwich, CT 06830

Notices to:
Brian E. Goldberg, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036
**Telephone number:** 212-277-6752
**Email Address:** goldbergb@dicksteinshapiro.com

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)          0000008957

0000008957

**Account or other number by which creditor identifies debtor:**
tba2

**Check here if this claim:**
☐ replaces          ☐ amends a previously filed claim, dated:_____

| 1. **Basis for Claim** | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | |
| ☐ Personal injury/wrongful death | Last Four Digits of your SS#: ___ ___ ___ ___ |
| ☐ Taxes | Unpaid compensation for services performed |
| ☑ Other___see attached_____ (explain) | from _____ to _____ |
| | (date)          (date) |

**2. Date debt was incurred:**
see attached

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed: $** see attached _____ + _____ + _____ = _____
(unsecured nonpriority)   (secured)   (unsecured priority)   (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☑ Other___setoff rights_____

Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in
secured claim, if any: $_____

**6. Unsecured Nonpriority Claim: $** see attached _____
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

**JAN 1 1 2008**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date 1-11-07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): _Brian E. Goldberg_ _Counsel_ |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## DEFINITIONS

### Debtor
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed

### Secured Claim
A claim is a secured claim if the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

### Unsecured Claim
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

### Name of Debtor and Case Number:
Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| American Home Mortgage Holdings, Inc | 07-11047 |
| American Home Mortgage Investment Corp | 07-11048 |
| American Home Mortgage Acceptance, Inc | 07-11049 |
| American Home Mortgage Servicing, Inc | 07-11050 |
| American Home Mortgage Corp | 07-11051 |
| American Home Mortgage Ventures LLC | 07-11052 |
| Homegate Settlement Services, Inc. | 07-11053 |
| Great Oak Abstract Corp | 07-11054 |

### Information about Creditor:
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**
Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**6. Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**7. Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**8. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

Greenwich Capital Financial Products, Inc. ("GCFP") entered into a certain Master Mortgage Loan Purchase and Servicing Agreement, dated as of May 1, 2006, as it may have been supplemented, revised and amended, with American Home Mortgage Corp. ("AHMC") and American Home Mortgage Servicing, Inc. ("AHMSI") (a copy of the first page of the agreement is annexed hereto).

On or about June 22, 2007, GCFP sent a notice (a copy of which is attached hereto) that a certain mortgage purchased under the agreement was "defective" and that debtor should repurchase said mortgage, which did not occur.  Accordingly, GCFP has a claim in the amount of the mortgage, which is approximately $4,380,000.00, and also reserves its rights to compel debtor to repurchase the mortgage for full price.

Moreover, debtors are obligated to repurchase various mortgages from GCFP due to the loans falling into the categories generally referred to as "fraud" or "EPD".  Currently, the "fraud" loans are in an amount not less than $4,546,210.11 and the EPD loans are in an amount not less than $44,927,434.15, both of which amounts may in fact be larger and are nonetheless likely to increase.

Moreover, GCFP retains certain other rights under the agreement, including an asserted right of setoff and related rights to claim against the debtors for certain pre-petition and post-petition expenses, which continue to accrue.

Creditor expressly preserves its rights to supplement or amend this claim.

MASTER MORTGAGE LOAN PURCHASE AND SERVICING AGREEMENT


AMERICAN HOME MORTGAGE CORP.
Seller


AMERICAN HOME MORTGAGE SERVICING, INC.
Servicer


GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.
Initial Purchaser


Dated as of May 1,  2006

First and Second Lien, Fixed and Adjustable Rate Mortgage Loans

**Greenwich Capital Financial Products, Inc.**
**600 Steamboat Road**
**Greenwich, CT 06830**

June 22, 2007

American Home Mortgage Corp.
538 Broadhollow Road
Melville, NY 11747
Attn: Robert F Johnson, Jr.

RE:   **Request for Repurchase (Borrower Name: Bechara; Loan #: 1222090)**

Dear Mr. Johnson,

Greenwich Capital Financial Products ("GCFP") purchased the above referenced loan (the "Defective Loan") from American Home Mortgage Corp. ("American Home") on June 14, 2006 (the "Closing Date") pursuant to the terms of a Master Mortgage Loan Purchase and Servicing Agreement Dated as of May 1, 2006 (the "Agreement"). GCFP is hereby requesting repurchase of the Defective Loan due to a breach of the following Agreement representations and warranties that were made by American Home to GCFP as of the Closing Date and which breach materially and adversely affected the value of the Defective Loan or the interest of GCFP in the Defective Loan. These representations and warranties are a part of the Agreement:

1.) Subsection 7.02 (xxv): "The Mortgage Loan was underwritten in accordance with the Underwriting Guidelines in effect at the time the Mortgage Loan was originated which underwriting standards satisfy the standards of Fannie Mae and Freddie Mac; and the Mortgage Note and Mortgage are on forms acceptable to Fannie Mae and Freddie Mac";

- Attached as Exhibit A are the American Home underwriting guidelines (the "Guidelines") applicable to the Defective Loan (Product Code 2022). GCFP has uncovered the following material exceptions to these underwriting guidelines in the origination of the Defective Loan:

  - According to the "Qualifying Ratios" section of the Guidelines, for a primary residence (such as the Defective Loan), the borrower(s) is to be qualified at the higher of 4.25% or the fully indexed rate + .50% (using the interest only payment). For the Defective Loan, the borrowers were qualified at an interest rate of 1.625%. This led to a materially different debt ratio for such a high balance loan (a ratio that exceeded American Home's benchmark qualifying ratio for a loan similar to the Defective Loan).

  - Per the Guidelines, a primary residence, rate-term refinance with an original loan balance of $4,380,000 is supposed have a maximum LTV/CLTV of 60%/60%. The Defective Loan was represented by American Home to have an LTV/CLTV of 60%/70% which, on its face, is a material violation of the Guidelines, particularly for such a large balance loan. As you will see below, the actual LTV/CLTV was significantly higher due to the usage of the appraised value instead of the purchase price. (Also, the Defective Loan was apparently underwritten and approved by American Home assuming a second mortgage amount of $730,000 when, in fact, the HUD-1 states that the second mortgage amount is $925,000.)

  - For refinance transactions, the Guidelines require that if the subject property was acquired by the borrower within the 12 months prior to origination and the appraised

value is higher than when it was purchased, the increase must be reasonable and the value must be supported by the comparables used for the appraisal. If the increase cannot be supported, the lower of the original purchase price or the new appraised value should be used to determine the LTV/CLTV. American Home used the appraised value of $7,300,000 rather than the purchase price of $6,500,000 in the origination of the Defective Loan even though the borrower had purchased the property only nine months or so prior to origination (on August 2, 2005). As you will see further described below, using the appraised value was not supported by the chosen comparables and the increase in value was not reasonable (which is further confirmed by the current listing value of $4,950,000 for the subject property and the current valuation of $4,700,000 as per Exhibit C). Thus, the Defective Loan was underwritten assuming an LTV/CLTV of 60%/70% when the actual LTV/CLTV was 67%/82%, materially higher than the American Home Guidelines permit for a loan of this size.

o   In the Credit History section of the Guidelines all tax liens must be paid-off prior to closing of the loan and any/all payoffs must appear in the final HUD-1 Settlement Statement. There is no evidence in the HUD-1 (provided by American Home as the final copy) of payoff of all outstanding 2005 property tax amounts owed as of the closing date of the loan. In addition to being a material Guideline violation this may also be a material breach of the Agreement representation and warranty regarding first lien status of the Defective Loan as of the Closing Date.

2.)    Subsection 7.02 (xxxv): "No error, omission, misrepresentation, negligence, fraud or similar occurrence with respect to a Mortgage Loan has taken place on the part of any person, including without limitation the Mortgagor, any appraiser, any builder or developer, or any other party involved in the origination of the Mortgage Loan or in the application of any insurance in relation to such Mortgage Loan"

•   Based upon a review of the appraisal provided by American Home for the Defective Loan it appears that the appraised value was misrepresented by the appraiser as $7,300,000 when the actual estimated value was significantly lower. See the Comments section of Exhibit B (which is an estimate of value at origination) for further details but it seems that the comparables used to support the subject property's value were chosen negligently or fraudulently. Exhibit C is a more current valuation that further highlights the material error inherent in the original appraisal.

GCFP's respectfully requests that American Home repurchase this mortgage loan in accordance with its obligations under the terms of the Agreement as a result of a material breach of the above cited representations & warranties. As American Home is currently servicing this loan and should have access to the Defective Loan mortgage file I have not also included a copy of such file.

Please call me at (203) 618-6684 if you would like to discuss.

Thank you

Craig Eckes
Managing Director

cc:    Alan B. Horn, General Counsel, American Home

## Goldberg, Brian

| | |
|---|---|
| **From:** | Eckes, Craig, GCM [Craig.Eckes@rbsgc.com] |
| **Sent:** | Thursday, June 28, 2007 10:58 AM |
| **To:** | Robert.Johnson@americanhm.com; Alan.Horn@americanhm.com; Michele LaMonica; Transaction Mgmt Group; Jodie Rocco; Karen Giancola; Tim Neer; Josh Buckley; Damian Voulo; Maureen Flaherty; Robert.Johnson@americanhm.com; Alan.Horn@americanhm.com; Michele LaMonica; Transaction Mgmt Group; Jodie Rocco; Karen Giancola; Tim Neer; Josh Buckley; Damian Voulo; Maureen Flaherty |
| **Cc:** | Eveland, Johan, GCM; Kronick, Stuart, GCM; Litvak, Jesse, GCM; Schneider, Gabriel, GCM; Pillari, Michael, GCM; Crowley, John, GCM; O'Donnell, Mark, GCM; Constantine, Anthony, GCM; McLaughlin, Dan, GCM; Calderon, Manuel, GCM; Davey, Joseph, GCM; Barbera, John, GCM; Poccia, Joan, GCM; Abayev, Regina, GCM; Fodor, Erika, GCM; Gimpel, Scott, GCM; Eveland, Johan, GCM; Kronick, Stuart, GCM; Litvak, Jesse, GCM; Schneider, Gabriel, GCM; Pillari, Michael, GCM; Crowley, John, GCM; O'Donnell, Mark, GCM; Constantine, Anthony, GCM; McLaughlin, Dan, GCM; Calderon, Manuel, GCM; Davey, Joseph, GCM; Barbera, John, GCM; Poccia, Joan, GCM; Abayev, Regina, GCM; Fodor, Erika, GCM; Gimpel, Scott, GCM |
| **Subject:** | Request for Repurchase (Borrower Name: Bechara; Loan #: 1222090) |
| **Attachments:** | EAS; American Home Request (Loan 1222090-Bechara).pdf; EXHIBIT A.pdf; EXHIBIT B.pdf; EXHIBIT C.pdf |

<<American Home Request (Loan 1222090-Bechara).pdf>> <<EXHIBIT A.pdf>> <<EXHIBIT B.pdf>> <<EXHIBIT C.pdf>>

**Greenwich Capital Financial Products** ("GCFP") purchased the above referenced loan (the "Defective Loan") from American Home Mortgage Corp. ("American Home") on June 14, 2006 (the "Closing Date") pursuant to the terms of a Master Mortgage Loan Purchase and Servicing Agreement Dated as of May 1, 2006 (the "Agreement"). GCFP is hereby requesting repurchase of the Defective Loan due to a breach of the following Agreement representations and warranties that were made by American Home to GCFP as of the Closing Date and which breach materially and adversely affected the value of the Defective Loan or the interest of GCFP in the Defective Loan. These representations and warranties are a part of the Agreement:

1.)    Subsection 7.02 (xxv): "The Mortgage Loan was underwritten in accordance with the Underwriting Guidelines in effect at the time the Mortgage Loan was originated which underwriting standards satisfy the standards of Fannie Mae and Freddie Mac; and the Mortgage Note and Mortgage are on forms acceptable to Fannie Mae and Freddie Mac";

•       Attached as Exhibit A are the American Home underwriting guidelines (the "Guidelines") applicable to the Defective Loan (Product Code 2022). GCFP has uncovered the following material exceptions to these underwriting guidelines in the origination of the Defective Loan:

o       According to the "Qualifying Ratios" section of the Guidelines, for a primary residence (such as the Defective Loan), the borrower(s) is to be qualified at the higher of 4.25% or the fully indexed rate + .50% (using the interest only payment). For the Defective Loan, the borrowers were qualified at an interest rate of 1.625%. This led to a materially different debt ratio for such a high balance loan (a ratio that exceeded American Home's benchmark qualifying ratio for a loan similar to the Defective Loan).

o      Per the Guidelines, a primary residence, rate-term refinance with an original loan balance of $4,380,000 is supposed to have a maximum LTV/CLTV of 60%/60%. The Defective Loan was represented by American Home to have an LTV/CLTV of 60%/70% which, on its face, is a material violation of the Guidelines, particularly for such a large balance loan. As you will see below, the actual LTV/CLTV was significantly higher due to the usage of the appraised value instead of the purchase price. (Also, the Defective Loan was apparently underwritten and approved by American Home assuming a second mortgage amount of $730,000 when, in fact, the HUD-1 states that the second mortgage amount is $925,000.)

o      For refinance transactions, the Guidelines require that if the subject property was acquired by the borrower within the 12 months prior to origination and the appraised value is higher than when it was purchased, the increase must be reasonable and the value must be supported by the comparables used for the appraisal. If the increase cannot be supported, the lower of the original purchase price or the new appraised value should be used to determine the LTV/CLTV. American Home used the appraised value of $7,300,000 rather than the purchase price of $6,500,000 in the origination of the Defective Loan even though the borrower had purchased the property only nine months or so prior to origination (on August 2, 2005). As you will see further described below, using the appraised value was not supported by the chosen comparables and the increase in value was not reasonable (which is further confirmed by the current listing value of $4,950,000 for the subject property and the current valuation of $4,700,000 as per Exhibit C). Thus, the Defective Loan was underwritten assuming an LTV/CLTV of 60%/70% when the actual LTV/CLTV was 67%/82%, materially higher than the American Home Guidelines permit for a loan of this size.

o      In the Credit History section of the Guidelines all tax liens must be paid-off prior to closing of the loan and any/all payoffs must appear in the final HUD-1 Settlement Statement. There is no evidence in the HUD-1 (provided by American Home as the final copy) of payoff of all outstanding 2005 property tax amounts owed as of the closing date of the loan. In addition to being a material Guideline violation this may also be a material breach of the Agreement representation and warranty regarding first lien status of the Defective Loan as of the Closing Date.

2.)    Subsection 7.02 (xxxv): "No error, omission, misrepresentation, negligence, fraud or similar occurrence with respect to a Mortgage Loan has taken place on the part of any person, including without limitation the Mortgagor, any appraiser, any builder or developer, or any other party involved in the origination of the Mortgage Loan or in the application of any insurance in relation to such Mortgage Loan"

•      Based upon a review of the appraisal provided by American Home for the Defective Loan it appears that the appraised value was misrepresented by the appraiser as $7,300,000 when the actual estimated value was significantly lower. See the Comments section of Exhibit B (which is an estimate of value at origination) for further details but it seems that the comparables used to support the subject property's value were chosen negligently or fraudulently. Exhibit C is a more current valuation that further highlights the material error inherent in the original appraisal.

GCFP's respectfully requests that American Home repurchase this mortgage loan in accordance with its obligations under the terms of the Agreement as a result of a material breach of the above cited representations & warranties. As American Home is currently servicing this loan and should have

1/11/2008

access to the Defective Loan mortgage file I have not also included a copy of such file.

Please call me at (203) 618-6684 if you would like to discuss.

Thank you

Craig


Craig Eckes
RBS Greenwich Capital
600 Steamboat Road
Greenwich, CT 06830
Telephone: (203) 618-6684
Facsimile: (203) 422-4680
Cell: (917) 650-2566
E-mail: Craig.Eckes@rbsgc.com

## Goldberg, Brian

| | |
|---|---|
| **From:** | Eckes, Craig, GCM [Craig.Eckes@rbsgc.com] |
| **Sent:** | Thursday, June 28, 2007 10:58 AM |
| **To:** | Robert.Johnson@americanhm.com; Alan.Horn@americanhm.com; Michele LaMonica; Transaction Mgmt Group; Jodie Rocco; Karen Giancola; Tim Neer; Josh Buckley; Damian Voulo; Maureen Flaherty; Robert.Johnson@americanhm.com; Alan.Horn@americanhm.com; Michele LaMonica; Transaction Mgmt Group; Jodie Rocco; Karen Giancola; Tim Neer; Josh Buckley; Damian Voulo; Maureen Flaherty |
| **Cc:** | Eveland, Johan, GCM; Kronick, Stuart, GCM; Litvak, Jesse, GCM; Schneider, Gabriel, GCM; Pillari, Michael, GCM; Crowley, John, GCM; O'Donnell, Mark, GCM; Constantine, Anthony, GCM; McLaughlin, Dan, GCM; Calderon, Manuel, GCM; Davey, Joseph, GCM; Barbera, John, GCM; Poccia, Joan, GCM; Abayev, Regina, GCM; Fodor, Erika, GCM; Gimpel, Scott, GCM; Eveland, Johan, GCM; Kronick, Stuart, GCM; Litvak, Jesse, GCM; Schneider, Gabriel, GCM; Pillari, Michael, GCM; Crowley, John, GCM; O'Donnell, Mark, GCM; Constantine, Anthony, GCM; McLaughlin, Dan, GCM; Calderon, Manuel, GCM; Davey, Joseph, GCM; Barbera, John, GCM; Poccia, Joan, GCM; Abayev, Regina, GCM; Fodor, Erika, GCM; Gimpel, Scott, GCM |
| **Subject:** | Request for Repurchase (Borrower Name: Bechara; Loan #: 1222090) |
| **Attachments:** | EAS; American Home Request (Loan 1222090-Bechara).pdf; EXHIBIT A.pdf; EXHIBIT B.pdf; EXHIBIT C.pdf |

<<American Home Request (Loan 1222090-Bechara).pdf>> <<EXHIBIT A.pdf>> <<EXHIBIT B.pdf>> <<EXHIBIT C.pdf>>

**Greenwich Capital Financial Products** ("GCFP") purchased the above referenced loan (the "Defective Loan") from American Home Mortgage Corp. ("American Home") on June 14, 2006 (the "Closing Date") pursuant to the terms of a Master Mortgage Loan Purchase and Servicing Agreement Dated as of May 1, 2006 (the "Agreement"). GCFP is hereby requesting repurchase of the Defective Loan due to a breach of the following Agreement representations and warranties that were made by American Home to GCFP as of the Closing Date and which breach materially and adversely affected the value of the Defective Loan or the interest of GCFP in the Defective Loan. These representations and warranties are a part of the Agreement:

1.)    Subsection 7.02 (xxv): "The Mortgage Loan was underwritten in accordance with the Underwriting Guidelines in effect at the time the Mortgage Loan was originated which underwriting standards satisfy the standards of Fannie Mae and Freddie Mac; and the Mortgage Note and Mortgage are on forms acceptable to Fannie Mae and Freddie Mac";

•       Attached as Exhibit A are the American Home underwriting guidelines (the "Guidelines") applicable to the Defective Loan (Product Code 2022). GCFP has uncovered the following material exceptions to these underwriting guidelines in the origination of the Defective Loan:

o        According to the "Qualifying Ratios" section of the Guidelines, for a primary residence (such as the Defective Loan), the borrower(s) is to be qualified at the higher of 4.25% or the fully indexed rate + .50% (using the interest only payment). For the Defective Loan, the borrowers were qualified at an interest rate of 1.625%. This led to a materially different debt ratio for such a high balance loan (a ratio that exceeded American Home's benchmark qualifying ratio for a loan similar to the Defective Loan).

o    Per the Guidelines, a primary residence, rate-term refinance with an original loan balance of $4,380,000 is supposed have a maximum LTV/CLTV of 60%/60%. The Defective Loan was represented by American Home to have an LTV/CLTV of 60%/70% which, on its face, is a material violation of the Guidelines, particularly for such a large balance loan. As you will see below, the actual LTV/CLTV was significantly higher due to the usage of the appraised value instead of the purchase price. (Also, the Defective Loan was apparently underwritten and approved by American Home assuming a second mortgage amount of $730,000 when, in fact, the HUD-1 states that the second mortgage amount is $925,000.)

o    For refinance transactions, the Guidelines require that if the subject property was acquired by the borrower within the 12 months prior to origination and the appraised value is higher than when it was purchased, the increase must be reasonable and the value must be supported by the comparables used for the appraisal. If the increase cannot be supported, the lower of the original purchase price or the new appraised value should be used to determine the LTV/CLTV. American Home used the appraised value of $7,300,000 rather than the purchase price of $6,500,000 in the origination of the Defective Loan even though the borrower had purchased the property only nine months or so prior to origination (on August 2, 2005). As you will see further described below, using the appraised value was not supported by the chosen comparables and the increase in value was not reasonable (which is further confirmed by the current listing value of $4,950,000 for the subject property and the current valuation of $4,700,000 as per Exhibit C). Thus, the Defective Loan was underwritten assuming an LTV/CLTV of 60%/70% when the actual LTV/CLTV was 67%/82%, materially higher than the American Home Guidelines permit for a loan of this size.

o    In the Credit History section of the Guidelines all tax liens must be paid-off prior to closing of the loan and any/all payoffs must appear in the final HUD-1 Settlement Statement. There is no evidence in the HUD-1 (provided by American Home as the final copy) of payoff of all outstanding 2005 property tax amounts owed as of the closing date of the loan. In addition to being a material Guideline violation this may also be a material breach of the Agreement representation and warranty regarding first lien status of the Defective Loan as of the Closing Date.

2.)    Subsection 7.02 (xxxv): "No error, omission, misrepresentation, negligence, fraud or similar occurrence with respect to a Mortgage Loan has taken place on the part of any person, including without limitation the Mortgagor, any appraiser, any builder or developer, or any other party involved in the origination of the Mortgage Loan or in the application of any insurance in relation to such Mortgage Loan"

•    Based upon a review of the appraisal provided by American Home for the Defective Loan it appears that the appraised value was misrepresented by the appraiser as $7,300,000 when the actual estimated value was significantly lower. See the Comments section of Exhibit B (which is an estimate of value at origination) for further details but it seems that the comparables used to support the subject property's value were chosen negligently or fraudulently. Exhibit C is a more current valuation that further highlights the material error inherent in the original appraisal.

GCFP's respectfully requests that American Home repurchase this mortgage loan in accordance with its obligations under the terms of the Agreement as a result of a material breach of the above cited representations & warranties. As American Home is currently servicing this loan and should have

access to the Defective Loan mortgage file I have not also included a copy of such file.

Please call me at (203) 618-6684 if you would like to discuss.

Thank you

Craig


Craig Eckes
RBS Greenwich Capital
600 Steamboat Road
Greenwich, CT 06830
Telephone: (203) 618-6684
Facsimile: (203) 422-4680
Cell: (917) 650-2566
E-mail: Craig.Eckes@rbsgc.com

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|

| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered |
|---|---|
| Name of Debtor Against Which Claim is Held<br>American Home Mortgage Corp. | Case No. of Debtor<br>07-11051 |

**NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.**

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)**

Greenwich Capital Financial Products, Inc.
600 Steamboat Road
Greenwich, CT 06830

Notices to:
Brian E. Goldberg, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036

Telephone number: 212-277-6752
Email Address: goldbergb@dicksteinshapiro.com

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)        0000008958

**Account or other number by which creditor identifies debtor:**
mainrep3

Check here if this claim:
☐ replaces      ☐ amends a previously filed claim, dated: _____

| 1. **Basis for Claim** | |
|---|---|
| ☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☑ Other  see attached _____ (explain) | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last Four Digits of your SS#: ____  ____  ____<br>Unpaid compensation for services performed<br>from _____ to _____<br>           (date)              (date) |

**2. Date debt was incurred:**
see attached

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ __see attached__ + _____ + _____ = _____
(unsecured nonpriority)      (secured)      (unsecured priority)      (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate      ☐ Motor Vehicle
☑ Other   setoff rights _____

Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in
secured claim, if any:  $ _____

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**6. Unsecured Nonpriority Claim:** $ __see attached__
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FILED / RECEIVED

JAN 11 2008

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date<br>1-11-07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

**Penalty for presenting fraudulent claim:** Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

# DEFINITIONS

**Debtor**
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed

**Secured Claim**
A claim is a secured claim if the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

**Unsecured Claim**
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Name of Debtor and Case Number:**
Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| American Home Mortgage Holdings, Inc | 07-11047 |
| American Home Mortgage Investment Corp | 07-11048 |
| American Home Mortgage Acceptance, Inc | 07-11049 |
| American Home Mortgage Servicing, Inc | 07-11050 |
| American Home Mortgage Corp | 07-11051 |
| American Home Mortgage Ventures LLC | 07-11052 |
| Homegate Settlement Services, Inc. | 07-11053 |
| Great Oak Abstract Corp | 07-11054 |

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**
Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**6. Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**7. Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**8. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

Greenwich Capital Financial Products, Inc. ("GCFP") entered into a certain Master Repurchase Agreement, dated as of December 14, 2005, with American Home Mortgage Corp., American Home Mortgage Acceptance Corp., and American Home Mortgage Investment Corp. (collectively, "AHM"), which was subject to the declaration of a Repurchase Date of August 3, 2007 for all Transactions under the agreement due to one or more Events of Default having occurred (a copy of the first page of the agreement, as well as a copy of the letter declaring the Repurchase Date is annexed hereto).

Under this agreement, GCFP has numerous rights, including the right to assert a deficiency claim (which will be supplemented upon calculation) as well as to assert rights of setoff for its costs and expenses, which continue to accrue.

GCFP expressly preserves its right to supplement or amend this claim.

MASTER REPURCHASE AGREEMENT, dated as of December 14, 2005, among American Home Mortgage Corp., a New York corporation, American Home Mortgage Acceptance, Inc., a Maryland corporation, and American Home Mortgage Investment Corp., a Maryland corporation, each, and jointly and severally, as seller ("Seller") and Greenwich Capital Financial Products, Inc., a Delaware corporation ("Buyer", which term shall include any "Principal" as defined and provided for in Annex I), or as agent pursuant hereto ("Agent").

## 1.    APPLICABILITY

Buyer may, from time to time, upon the terms and conditions set forth herein, agree to enter into transactions in which Seller transfers to Buyer Eligible Loans against the transfer of funds by Buyer, with a simultaneous agreement by Buyer to transfer to Seller Purchased Loans at a date certain, against the transfer of funds by Seller. Each such transaction shall be referred to herein as a "Transaction", and, unless otherwise agreed in writing, shall be governed by this Agreement.

## 2.    DEFINITIONS AND ACCOUNTING MATTERS

(a)    Defined Terms. As used herein, the following terms have the following meanings (all terms defined in this Section 2 or in other provisions of this Agreement in the singular to have the same meanings when used in the plural and vice versa):

"Accepted Servicing Practices" shall mean with respect to any Loan, those accepted and prudent mortgage servicing practices (including collection procedures) of prudent mortgage lending institutions which service mortgage loans of the same type as the Loans in the jurisdiction where the related Mortgaged Property is located, and which are generally in accordance with Fannie Mae servicing practices and procedures for MBS pool mortgages, as defined in the Fannie Mae servicing guides including future updates, and in a manner at least equal in quality to the servicing the Seller or Seller's designee provides to mortgage loans which they own in their own portfolio.

"Additional Purchased Loans" shall have the meaning specified in Section 5(a) hereof.

"Adjustable Rate Loan" shall mean a Loan which provides for the adjustment of the Mortgage Interest Rate payable in respect thereto.

"Adjustment Date" shall mean with respect to each Adjustable Rate Loan, the date set forth in the related Note on which the Mortgage Interest Rate on the Loan is adjusted in accordance with the terms of the Note.

"Affiliate" shall mean, with respect to any Person, any other Person which, directly or indirectly, controls, is controlled by, or is under common control with, such Person. For purposes of this definition, "control" (together with the correlative meanings of "controlled by" and "under common control with") means possession, directly or indirectly, of the power (a) to vote 10% or more of the securities (on a fully diluted basis) having ordinary voting power for the directors or managing general partners (or their equivalent) of such Person, or (b) to direct or cause the direction of the management or policies of such Person, whether through the ownership of voting securities, by contract, or otherwise.

"Agent" shall mean Buyer or any successor.

"Agreement" shall mean this Master Repurchase Agreement (including all exhibits, schedules and other addenda hereto or thereto), as supplemented by the Pricing Side Letter, as it may be amended, further supplemented or otherwise modified from time to time.

1

## ✕✕ RBS Greenwich Capital

**Greenwich Capital Financial Products, Inc.**
600 Steamboat Road
Greenwich, Connecticut 06830

Telephone: 203.625.2700

www.rbsgc.com

**VIA FACSIMILE, E-MAIL
AND EXPRESS MAIL**

August 3, 2007

American Home Mortgage Corp.
American Home Mortgage Acceptance, Inc.
American Home Mortgage Investment Corp.
538 Broadhollow Road
Melville, New York 11747
Attn: Mr. Alan B. Horn
       Mr. Craig Pino

Re: Notice of Event of Default

Dear Mr. Horn:

Reference is hereby made to the Master Repurchase Agreement dated as of December 14, 2005, among American Home Mortgage Corp., American Home Mortgage Acceptance, Inc., American Home Mortgage Investment Corp. (collectively, "American Home") and Greenwich Capital Financial Products, Inc. ("Greenwich"), as amended (the "MRA"). Capitalized terms used but not otherwise defined in this letter shall have the meanings set forth in the MRA.

Greenwich hereby notifies American Home that one or more Events of Default have occurred under the MRA. Such Events of Default include, among other things, the failure of American Home to satisfy the Margin Call made by Greenwich on August 1, 2007. The Repurchase Date for all Transactions under the MRA shall be deemed immediately to have occurred, and Greenwich hereby notifies you that it reserves its right to exercise all available rights and remedies under the MRA, at law, in equity or otherwise, without further notice to you.

If you have any questions regarding the above, please do not hesitate to contact the undersigned at 203-625-6072.

Sincerely,

James M. Esposito
Managing Director and General Counsel

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: | Chapter 11 |
|---|---|
| American Home Mortgage Holdings, Inc., et al. | Case No. 07-11047 (CSS) |
| Debtors. | Jointly Administered |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| American Home Mortgage Invest. Corp. | 07-11048 |

**NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.**

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

Greenwich Capital Financial Products, Inc.
600 Steamboat Road
Greenwich, CT 06830

Notices to:
Brian E. Goldberg, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036

Telephone number: 212-277-6752
Email Address:    goldbergb@dicksteinshapiro.com

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)                        0000008959

Account or other number by which creditor identifies debtor:
mainrep1

Check here if this claim:
☐ replaces    ☐ amends a previously filed claim, dated:_____

| 1. **Basis for Claim** | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | Last Four Digits of your SS#: ____ ____ ____ ____ |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐ Taxes | from _____ to _____ |
| ☑ Other   see attached    (explain) | (date)                    (date) |

| 2. **Date debt was incurred:** | 3. **If court judgment, date obtained:** |
|---|---|
| see attached | |

4. **Total Amount of Claim at Time Case Filed:** $  see attached  +_____+_____=_____
  (unsecured nonpriority)     (secured)     (unsecured priority)     (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☑ Other    setoff rights
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any:   $_____

7. **Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

6. **Unsecured Nonpriority Claim:** $  see attached
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10 Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

JAN 11 2008

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| 1-11-07 | _signature_    Brian E. Goldberg  Counsel |

Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## DEFINITIONS

### Debtor
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed

### Secured Claim
A claim is a secured claim if the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

### Unsecured Claim
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

### Name of Debtor and Case Number:
Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| American Home Mortgage Holdings, Inc | 07-11047 |
| American Home Mortgage Investment Corp | 07-11048 |
| American Home Mortgage Acceptance, Inc | 07-11049 |
| American Home Mortgage Servicing, Inc | 07-11050 |
| American Home Mortgage Corp | 07-11051 |
| American Home Mortgage Ventures LLC | 07-11052 |
| Homegate Settlement Services, Inc. | 07-11053 |
| Great Oak Abstract Corp | 07-11054 |

### Information about Creditor:
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

### 1. Basis for Claim:
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

### 2. Date Debt Incurred:
Fill in the date when the debt first was owed by the debtor.

### 3. Court Judgments:
If you have a court judgment for this debt, state the date the court entered the judgment.

### 4. Total Amount of Claim at Time Case Filed:
Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

### 5. Secured Claim:
Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

### 6. Unsecured Nonpriority Claim:
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

### 7. Unsecured Priority Claim:
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

### 8. Credits:
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

### 9. Supporting Documents:
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

Greenwich Capital Financial Products, Inc. ("GCFP") entered into a certain Master Repurchase Agreement, dated as of December 14, 2005, with American Home Mortgage Corp., American Home Mortgage Acceptance Corp., and American Home Mortgage Investment Corp. (collectively, "AHM"), which was subject to the declaration of a Repurchase Date of August 3, 2007 for all Transactions under the agreement due to one or more Events of Default having occurred (a copy of the first page of the agreement, as well as a copy of the letter declaring the Repurchase Date is annexed hereto).

Under this agreement, GCFP has numerous rights, including the right to assert a deficiency claim (which will be supplemented upon calculation) as well as to assert rights of setoff for its costs and expenses, which continue to accrue.

GCFP expressly preserves its right to supplement or amend this claim.

MASTER REPURCHASE AGREEMENT, dated as of December 14, 2005, among American Home Mortgage Corp., a New York corporation, American Home Mortgage Acceptance, Inc., a Maryland corporation, and American Home Mortgage Investment Corp., a Maryland corporation, each, and jointly and severally, as seller ("Seller") and Greenwich Capital Financial Products, Inc., a Delaware corporation ("Buyer", which term shall include any "Principal" as defined and provided for in Annex I), or as agent pursuant hereto ("Agent").

## 1.    APPLICABILITY

Buyer may, from time to time, upon the terms and conditions set forth herein, agree to enter into transactions in which Seller transfers to Buyer Eligible Loans against the transfer of funds by Buyer, with a simultaneous agreement by Buyer to transfer to Seller Purchased Loans at a date certain, against the transfer of funds by Seller. Each such transaction shall be referred to herein as a "Transaction", and, unless otherwise agreed in writing, shall be governed by this Agreement.

## 2.    DEFINITIONS AND ACCOUNTING MATTERS

(a)    Defined Terms. As used herein, the following terms have the following meanings (all terms defined in this Section 2 or in other provisions of this Agreement in the singular to have the same meanings when used in the plural and vice versa):

"Accepted Servicing Practices" shall mean with respect to any Loan, those accepted and prudent mortgage servicing practices (including collection procedures) of prudent mortgage lending institutions which service mortgage loans of the same type as the Loans in the jurisdiction where the related Mortgaged Property is located, and which are generally in accordance with Fannie Mae servicing practices and procedures for MBS pool mortgages, as defined in the Fannie Mae servicing guides including future updates, and in a manner at least equal in quality to the servicing the Seller or Seller's designee provides to mortgage loans which they own in their own portfolio.

"Additional Purchased Loans" shall have the meaning specified in Section 5(a) hereof.

"Adjustable Rate Loan" shall mean a Loan which provides for the adjustment of the Mortgage Interest Rate payable in respect thereto.

"Adjustment Date" shall mean with respect to each Adjustable Rate Loan, the date set forth in the related Note on which the Mortgage Interest Rate on the Loan is adjusted in accordance with the terms of the Note.

"Affiliate" shall mean, with respect to any Person, any other Person which, directly or indirectly, controls, is controlled by, or is under common control with, such Person. For purposes of this definition, "control" (together with the correlative meanings of "controlled by" and "under common control with") means possession, directly or indirectly, of the power (a) to vote 10% or more of the securities (on a fully diluted basis) having ordinary voting power for the directors or managing general partners (or their equivalent) of such Person, or (b) to direct or cause the direction of the management or policies of such Person, whether through the ownership of voting securities, by contract, or otherwise.

"Agent" shall mean Buyer or any successor.

"Agreement" shall mean this Master Repurchase Agreement (including all exhibits, schedules and other addenda hereto or thereto), as supplemented by the Pricing Side Letter, as it may be amended, further supplemented or otherwise modified from time to time.

1

## ✕✕ RBS Greenwich Capital

**Greenwich Capital Financial Products, Inc.**
600 Steamboat Road
Greenwich, Connecticut 06830

Telephone: 203.625.2700

**VIA FACSIMILE, E-MAIL**
**AND EXPRESS MAIL**

www.rbsgc.com

August 3, 2007

American Home Mortgage Corp.
American Home Mortgage Acceptance, Inc.
American Home Mortgage Investment Corp.
538 Broadhollow Road
Melville, New York 11747
Attn: Mr. Alan B. Horn
Mr. Craig Pino

Re: Notice of Event of Default

Dear Mr. Horn:

Reference is hereby made to the Master Repurchase Agreement dated as of December 14, 2005, among American Home Mortgage Corp., American Home Mortgage Acceptance, Inc., American Home Mortgage Investment Corp. (collectively, "American Home") and Greenwich Capital Financial Products, Inc. ("Greenwich"), as amended (the "MRA"). Capitalized terms used but not otherwise defined in this letter shall have the meanings set forth in the MRA.

Greenwich hereby notifies American Home that one or more Events of Default have occurred under the MRA. Such Events of Default include, among other things, the failure of American Home to satisfy the Margin Call made by Greenwich on August 1, 2007. The Repurchase Date for all Transactions under the MRA shall be deemed immediately to have occurred, and Greenwich hereby notifies you that it reserves its right to exercise all available rights and remedies under the MRA, at law, in equity or otherwise, without further notice to you.

If you have any questions regarding the above, please do not hesitate to contact the undersigned at 203-625-6072.

Sincerely,

James M. Esposito
Managing Director and General Counsel

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered |
| --- | --- |
| Name of Debtor Against Which Claim is Held<br>American Home Mortgage Accept. Corp. | Case No. of Debtor<br>07-11049 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor :** (and name and address where notices should be sent if different from Creditor)

Greenwich Capital Financial Products, Inc.
600 Steamboat Road
Greenwich, CT 06830

Notices to:
Brian E. Goldberg, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036

Telephone number:  212-277-6752
Email Address:    goldbergb@dicksteinshapiro.com

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notice from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)          0000008960

Account or other number by which creditor identifies debtor:
mainrep2

Check here if this claim:
☐ replaces    ☐ amends a previously filed claim, dated:_____

| 1.  **Basis for Claim**<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☑ Other   see attached                    (explain) | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br><br>Last Four Digits of your SS#:  ____  ____  ____  ____<br><br>Unpaid compensation for services performed<br>from _____to_____<br>         (date)                    (date) |
| --- | --- |

2.  **Date debt was incurred:**
    see attached

3.  **If court judgment, date obtained:**

4.  **Total Amount of Claim at Time Case Filed:** $ __see attached__ + _____ + _____ = _____
                        (unsecured nonpriority)         (secured)         (unsecured priority)         (Total)
    If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5.  **Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☑ Other    setoff rights

Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

7.  **Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

6.  **Unsecured Nonpriority Claim:** $ __see attached__
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

8.  **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9.  **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
    **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10  Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FILED / RECEIVED

JAN 1 1 2008

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date<br>1-11-07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)   Brian E. Goldberg, counsel |
| --- | --- |

Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

# DEFINITIONS

**Debtor**

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**

A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed

**Secured Claim**

A claim is a secured claim if the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

**Unsecured Claim**

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Name of Debtor and Case Number:**

Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| American Home Mortgage Holdings, Inc | 07-11047 |
| American Home Mortgage Investment Corp | 07-11048 |
| American Home Mortgage Acceptance, Inc | 07-11049 |
| American Home Mortgage Servicing, Inc | 07-11050 |
| American Home Mortgage Corp | 07-11051 |
| American Home Mortgage Ventures LLC | 07-11052 |
| Homegate Settlement Services, Inc. | 07-11053 |
| Great Oak Abstract Corp | 07-11054 |

**Information about Creditor:**

Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**

Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**

Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**

If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**

Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**

Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**6. Unsecured Nonpriority Claim:**

Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**7. Unsecured Priority Claim:**

Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**8. Credits:**

By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9. Supporting Documents:**

You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

Greenwich Capital Financial Products, Inc. ("GCFP") entered into a certain Master Repurchase Agreement, dated as of December 14, 2005, with American Home Mortgage Corp., American Home Mortgage Acceptance Corp., and American Home Mortgage Investment Corp. (collectively, "AHM"), which was subject to the declaration of a Repurchase Date of August 3, 2007 for all Transactions under the agreement due to one or more Events of Default having occurred (a copy of the first page of the agreement, as well as a copy of the letter declaring the Repurchase Date is annexed hereto).

Under this agreement, GCFP has numerous rights, including the right to assert a deficiency claim (which will be supplemented upon calculation) as well as to assert rights of setoff for its costs and expenses, which continue to accrue.

GCFP expressly preserves its right to supplement or amend this claim.

MASTER REPURCHASE AGREEMENT, dated as of December 14, 2005, among American Home Mortgage Corp., a New York corporation, American Home Mortgage Acceptance, Inc., a Maryland corporation, and American Home Mortgage Investment Corp., a Maryland corporation, each, and jointly and severally, as seller ("Seller") and Greenwich Capital Financial Products, Inc., a Delaware corporation ("Buyer", which term shall include any "Principal" as defined and provided for in Annex I), or as agent pursuant hereto ("Agent").

## 1.    APPLICABILITY

Buyer may, from time to time, upon the terms and conditions set forth herein, agree to enter into transactions in which Seller transfers to Buyer Eligible Loans against the transfer of funds by Buyer, with a simultaneous agreement by Buyer to transfer to Seller Purchased Loans at a date certain, against the transfer of funds by Seller. Each such transaction shall be referred to herein as a "Transaction", and, unless otherwise agreed in writing, shall be governed by this Agreement.

## 2.    DEFINITIONS AND ACCOUNTING MATTERS

(a)    Defined Terms. As used herein, the following terms have the following meanings (all terms defined in this Section 2 or in other provisions of this Agreement in the singular to have the same meanings when used in the plural and vice versa):

"Accepted Servicing Practices" shall mean with respect to any Loan, those accepted and prudent mortgage servicing practices (including collection procedures) of prudent mortgage lending institutions which service mortgage loans of the same type as the Loans in the jurisdiction where the related Mortgaged Property is located, and which are generally in accordance with Fannie Mae servicing practices and procedures for MBS pool mortgages, as defined in the Fannie Mae servicing guides including future updates, and in a manner at least equal in quality to the servicing the Seller or Seller's designee provides to mortgage loans which they own in their own portfolio.

"Additional Purchased Loans" shall have the meaning specified in Section 5(a) hereof.

"Adjustable Rate Loan" shall mean a Loan which provides for the adjustment of the Mortgage Interest Rate payable in respect thereto.

"Adjustment Date" shall mean with respect to each Adjustable Rate Loan, the date set forth in the related Note on which the Mortgage Interest Rate on the Loan is adjusted in accordance with the terms of the Note.

"Affiliate" shall mean, with respect to any Person, any other Person which, directly or indirectly, controls, is controlled by, or is under common control with, such Person. For purposes of this definition, "control" (together with the correlative meanings of "controlled by" and "under common control with") means possession, directly or indirectly, of the power (a) to vote 10% or more of the securities (on a fully diluted basis) having ordinary voting power for the directors or managing general partners (or their equivalent) of such Person, or (b) to direct or cause the direction of the management or policies of such Person, whether through the ownership of voting securities, by contract, or otherwise.

"Agent" shall mean Buyer or any successor.

"Agreement" shall mean this Master Repurchase Agreement (including all exhibits, schedules and other addenda hereto or thereto), as supplemented by the Pricing Side Letter, as it may be amended, further supplemented or otherwise modified from time to time.

1

# ✖✖ RBS Greenwich Capital

**Greenwich Capital Financial Products, Inc.**
600 Steamboat Road
Greenwich, Connecticut 06830

Telephone: 203.625.2700

www.rbsgc.com

**VIA FACSIMILE, E-MAIL**
**AND EXPRESS MAIL**

August 3, 2007

American Home Mortgage Corp.
American Home Mortgage Acceptance, Inc.
American Home Mortgage Investment Corp.
538 Broadhollow Road
Melville, New York 11747
Attn: Mr. Alan B. Horn
      Mr. Craig Pino

Re: Notice of Event of Default

Dear Mr. Horn:

Reference is hereby made to the Master Repurchase Agreement dated as of December 14, 2005, among American Home Mortgage Corp., American Home Mortgage Acceptance, Inc., American Home Mortgage Investment Corp. (collectively, "American Home") and Greenwich Capital Financial Products, Inc. ("Greenwich"), as amended (the "MRA"). Capitalized terms used but not otherwise defined in this letter shall have the meanings set forth in the MRA.

Greenwich hereby notifies American Home that one or more Events of Default have occurred under the MRA. Such Events of Default include, among other things, the failure of American Home to satisfy the Margin Call made by Greenwich on August 1, 2007. The Repurchase Date for all Transactions under the MRA shall be deemed immediately to have occurred, and Greenwich hereby notifies you that it reserves its right to exercise all available rights and remedies under the MRA, at law, in equity or otherwise, without further notice to you.

If you have any questions regarding the above, please do not hesitate to contact the undersigned at 203-625-6072.

Sincerely,

James M. Esposito
Managing Director and General Counsel

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|

| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered | |
| Name of Debtor Against Which Claim is Held<br>American Home Mortgage Invest. Corp. | Case No. of Debtor<br>07-11048 | |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

Greenwich Capital Markets, Inc.
600 Steamboat Road
Greenwich, CT 06830

Notices to:
Brian E. Goldberg, Esq.
Dickstein
1177 Aven
New York

Telephone
Email Add

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)        0000008961

Account o
orep

Check here if this claim:
☐ replaces        ☐ amends a previously filed claim, dated: _____

| 1. **Basis**<br>☐<br>☐<br>☐<br>☐<br>☑ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last Four Digits of your SS#: ___ ___ ___ ___<br>Unpaid compensation for services performed<br>_____ (explain)   from _____ to _____<br>                                              (date)                    (date) |
|---|---|
| 2. **Date** | 3. **If court judgment, date obtained:** |
| 4. **Tot** | e attached<br>_____ + _____ + _____ = _____<br>(secured nonpriority)   (secured)   (unsecured priority)   (Total)<br>If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.<br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. |

| 5. **Secured Claim.**<br>☑ Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>☐ Real Estate   ☐ Motor Vehicle<br>☑ Other   setoff rights _____<br>Value of Collateral: $ _____<br>Amount of arrearage and other charges at time case filed included in secured claim, if any:  $ _____ | 7. **Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ _____<br>Specify the priority of the claim:<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).<br>☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5). |
|---|---|
| 6. **Unsecured Nonpriority Claim:** $ see attached<br>☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___). |

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
   **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10 Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

**JAN 1 1 2008**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## DEFINITIONS

**Debtor**
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed

**Secured Claim**
A claim is a secured claim if the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

**Unsecured Claim**
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Name of Debtor and Case Number:**
Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| American Home Mortgage Holdings, Inc | 07-11047 |
| American Home Mortgage Investment Corp | 07-11048 |
| American Home Mortgage Acceptance, Inc | 07-11049 |
| American Home Mortgage Servicing, Inc | 07-11050 |
| American Home Mortgage Corp | 07-11051 |
| American Home Mortgage Ventures LLC | 07-11052 |
| Homegate Settlement Services, Inc. | 07-11053 |
| Great Oak Abstract Corp | 07-11054 |

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**
Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**6. Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**7. Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**8. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

Greenwich Capital Markets, Inc. ("GCM") entered into a certain Master Repurchase Agreement, dated as of December 2, 2003, with American Home Mortgage Investment Corp. ("AHMIC") (a copy of the first page of the agreement is annexed hereto.)

GCM asserts certain rights and claims against AHMIC, including a right of setoff against costs and expenses, which continue to accrue.

GCM reserves its right to supplement or amend this claim.


THE
BOND
MARKET
ASSOCIA

# Master Repurchase Agreement

**September 1996 Version**

Dated as of:  December 2, 2003

Between:    Greenwich Capital Markets, Inc.

and:       American Home Mortgage Investment Corp.

## 1. Applicability

From time to time the parties hereto may enter into transactions in which one party ("Seller") agrees to transfer to the other ("Buyer") securities or other assets ("Securities") against the transfer of funds by Buyer, with a simultaneous agreement by Buyer to transfer to Seller such Securities at a date certain or on demand, against the transfer of funds by Seller. Each such transaction shall be referred to herein as a "Transaction" and, unless otherwise agreed in writing, shall be governed by this Agreement, including any supplemental terms or conditions contained in Annex I hereto and in any other annexes identified herein or therein as applicable hereunder.

## 2. Definitions

(a) "Act of Insolvency", with respect to any party, (i) the commencement by such party as debtor of any case or proceeding under any bankruptcy, insolvency, reorganization, liquidation, moratorium, dissolution, delinquency or similar law, or such party seeking the appointment or election of a receiver, conservator, trustee, custodian or similar official for such party or any substantial part of its property, or the convening of any meeting of creditors for purposes of commencing any such case or proceeding or seeking such an appointment or election, (ii) the commencement of any such case or proceeding against such party, or another seeking such an appointment or election, or the filing against a party of an application for a protective decree under the provisions of the Securities Investor Protection Act of 1970, which (A) is consented to or not timely contested by such party, (B) results in the entry of an order for relief, such an appointment or election, the issuance of such a protective decree or the entry of an order having a similar effect, or (C) is not dismissed within 15 days, (iii) the making by such party of a general assignment for the benefit of creditors, or (iv) the admission in writing by such party of such party's inability to pay such party's debts as they become due;

(b) "Additional Purchased Securities", Securities provided by Seller to Buyer pursuant to Paragraph 4(a) hereof;

(c) "Buyer's Margin Amount", with respect to any Transaction as of any date, the amount obtained by application of the Buyer's Margin Percentage to the Repurchase Price for such Transaction as of such date;

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|

| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered |
|---|---|
| Name of Debtor Against Which Claim is Held<br>American Home Mortgage Invest. Corp. | Case No. of Debtor<br>07-11048 |

**NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.**

**THIS SPACE IS FOR COURT USE ONLY**

**Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)**

Greenwich Capital Markets, Inc.
600 Steamboat Road
Greenwich, CT 06830

Notices to:
Brian E. Goldberg, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036
**Telephone number:** 212-277-6752
**Email Address:** goldbergb@dicksteinshapiro.com

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)        0000008962

| Account or other number by which creditor identifies debtor:<br>tba2 | Check here if this claim:<br>☐ replaces    ☐ amends a previously filed claim, dated:_____ |
|---|---|

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☑ Other __see attached_____ (explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last Four Digits of your SS#: ____ ____ ____ ____
Unpaid compensation for services performed
from _____ to _____
        (date)                    (date)

**2. Date debt was incurred:**
    see attached

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ __see attached__ + _____ + _____ = _____
        (unsecured nonpriority)    (secured)    (unsecured priority)    (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☑ Other __setoff rights_____

Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**6. Unsecured Nonpriority Claim:** $ __see attached__
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.

**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

**JAN 1 1 2008**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## DEFINITIONS

**Debtor**

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**

A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed

**Secured Claim**

A claim is a secured claim if the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

**Unsecured Claim**

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Name of Debtor and Case Number:**

Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| American Home Mortgage Holdings, Inc | 07-11047 |
| American Home Morgage Investment Corp | 07-11048 |
| American Home Mortgage Acceptance, Inc | 07-11049 |
| American Home Mortgage Servicing, Inc | 07-11050 |
| American Home Mortgage Corp | 07-11051 |
| American Home Mortgage Ventures LLC | 07-11052 |
| Homegate Settlement Services, Inc. | 07-11053 |
| Great Oak Abstract Corp | 07-11054 |

**Information about Creditor:**

Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**

Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**

Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**

If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**

Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**

Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above.)

**6. Unsecured Nonpriority Claim:**

Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**7. Unsecured Priority Claim:**

Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above.) A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**8. Credits:**

By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9. Supporting Documents:**

You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

Greenwich Capital Markets, Inc. ("GCM") entered into certain so-called TBA agreements with two of the debtors, American Home Mortgage Corp. and American Home Mortgage Investment Corp.

Under these agreements, GCM asserts certain claims and rights to payment in an amount estimated to be in excess of one million dollars, as well as asserting certain rights to setoff and other rights and claims that continue to accrue.

GCM expressly reserves its right to supplement or amend this claim.