UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| AMERICAN HOME MORTGAGE ) | |
| HOLDINGS, INC., et al., ) | Case No. 07-11047 (CSS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | |

PROOF OF TRANSFER COST CLAIM
OF THE BANK OF NEW YORK, IN VARIOUS CAPACITIES

1.  The Bank of New York in its capacity (a) as Indenture Trustee for the American Home Mortgage Investment Trust Series 2004-4 Mortgage-Backed Notes, and (b) as Master Servicer, Securities Administrator and Custodian for the GSAA Home Equity Trust 2006-6 Asset Back Certificates Series 2006-6 and the GSAA Home Equity Trust 2006-9 Asset Back Certificates Series 2006-9[1] (the "Claimant"), hereby files this proof of transfer cost claim (the "Transfer Cost Claim") asserting its right to payment of transfer costs under certain mortgage loan servicing agreements.

2.  American Home Mortgage Servicing Inc. (the "Debtor" or "AHM Servicing") entered into certain agreements with the Claimant in connection with the following three securitizations in which AHM Servicing services or subservices certain mortgage loans: (a) American Home Mortgage Investment Trust Series 2004-4 Mortgage-Backed Notes (the "2004-4 Notes"), (b) GSAA Home Equity Trust 2006-6 Asset Back Certificates Series 2006-6 (the "2006-6 Certificates") and (c) GSAA Home Equity Trust 2006-9 Asset Back Certificates Series

---

[1] The Bank of New York is successor to JPMorgan Chase Bank, National Association, as Master Servicer, Securities Administrator and Custodian for the 2006-6 Certificates (as defined below) and the 2006-9 Certificates (as defined below).

2006-9 (the "2006-9 Certificates"). A table listing the specific agreements is attached hereto as Exhibit A (the "Servicing Agreements").

3. In September, 2007, the Debtors filed the Emergency Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the "Sale Motion"). The hearing to approve the Sale Motion commenced on October 15, 2007 and the Court approved the sale and entered an order to that effect on October 30, 2007 (the "Sale Order").

4. In accordance with Paragraph 33 of the Sale Order, the Claimant filed its Proof of Cure Claim and Estimate of Transfer Costs (the "Cure Claim") on November 29, 2007 (Docket No. 2235). In the Cure Claim, the Claimant asserted that it was owed \$23,905.00 in default administration fees and \$482,138.73 in legal fees, which had accrued between August, 2007 and October, 2007. Authority for the Claimant's entitlement to these fees included sections $5.06^2$ and $6.01^3$ of the 2004-4 Servicing Agreement and section $12.01^4$ of the 2006-6 and 2006-9

---

[2] Section 5.06 of the Servicing Agreement related to the 2004-4 transaction provides "The RMBS Master Servicer agrees to indemnify the Indenture Trustee... for costs and expenses (including reasonable legal fees and expenses) of defending against any claim in connection with the exercise or performance of any of its powers or duties" provided that certain conditions with respect to notifying the RMBS Master Servicer are met

[3] Section 6.01 of the same Servicing Agreement provides that "All reasonable costs and expenses (including, but not limited to, attorneys' fees and disbursements) incurred by the Indenture Trustee... in connection with [the] succession as RMBS Master Servicer, including amending this Servicing Agreement to reflect such succession as RMBS Master Servicer pursuant to this Section 6.01 shall be paid by the predecessor RMBS Master Servicer (or if the predecessor RMBS Master Servicer is the Indenture Trustee, the initial RMBS Master Servicer) upon presentation of reasonable documentation of such costs and expenses."

2

500227242v3
RLF1-3276718-1

Servicing Agreement. At the time of the filing, BNY had also identified an as-yet unexplained $72,159.17 discrepancy in AHM Servicing's accounts for the 2006-6 Certificates. This discrepancy remains unresolved.

5.  Paragraph 39 of the Sale Order provides that a counterparty to any Assumed Contract may file a claim for any reasonable out of pocket expenses incurred as a result of the assumption and assignment of the Assumed Contracts to the extent that such contracts allow for such expenses to be charged to the Debtors ("Transfer Costs") within 10 days after the notice of filing of the occurrence of the Final Closing (as defined in the Sale Order). A good faith estimate of such amount was to be filed in accordance with Paragraph 34 of the Sale Order within 30 days of the entry of the Sale Order. BNY included an estimate of $100,000 in the Cure Claim. The Final Closing occurred on April 11, 2008.

6.  Based on the aforementioned sections of the Servicing Agreements, BNY is entitled to reimbursement of Transfer Costs consisting of: (i) $3,561.29 in out of pocket expenses, which was incurred on a trip to the Debtors' offices in Texas in August, 2007 to conduct due diligence related to the sale of the Debtor's servicing business; (ii) $21,420 for legal work related to AH Mortgage Acquisition Co.'s (the "Purchaser") motion to compel a Final Closing, which was filed on April 8, 2008 (Docket No. 3557) and the Claimant's diligence regarding satisfaction of conditions precedent to assumption and assignment of the Servicing Agreements in connection therewith; and (iii) $26,791.50 for legal work related to the Debtors' Motion to Authorize the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of

---

[4] Section 12.01 of the 2006-6 and 2006-9 Servicing Agreement provides that "The Servicer agrees to indemnify and hold ... the Purchaser ... harmless from any and all claims, losses, damages, penalties, fines, forfeitures, legal fees and expenses (including, without limitation, any reasonable legal fees and expenses, judgments or

Reasonable Costs and Expenses filed on December 14, 2007 (Docket No. 2395) and the Claimant's diligence regarding the appropriate transfer of loan files to the Purchaser as the new servicer in connection therewith. As such, BNY is owed an aggregate of 51,772.79, which includes $3,561.29 in out of pocket expenses incurred by the Claimant and $48,211.50 in legal fees.

7. The Claimant is not presently aware of any other basis for transfer related claims under the Servicing Agreements. The Claimant, however, reserves the right to amend or supplement this Transfer Cost Claim in any respect, to fix or liquidate any claims stated herein, to specify and quantify expenses or other charges or claims incurred by Claimant.

8. The execution and filing of this Transfer Cost Claim is not a waiver of any of Claimant's rights including, without limitation, the right to move to withdraw the reference with respect to the subject matter of this claim or otherwise, and any right to trial by jury that Claimant may have in any civil proceeding arising in or related to this case, nor is it a consent to jurisdiction of this or any court except with respect to the allowance of the claims asserted herein.

---

expenses relating to such liability, claim, loss or damage) and related costs" based on certain failures of the Servicer, including failure to comply with its duties under the Servicing Agreement

4

9. The address to which all notices to the Claimant should be addressed is:

>The Bank of New York
>101 Barclay Street, 8W
>New York, New York 10286
>Attn: Martin Feig
>
>with a copy to:
>
>Pillsbury Winthrop Shaw Pittman LLP
>1540 Broadway
>New York, New York 10036
>Attention: Leo T. Crowley, Esq.

>RICHARDS, LAYTON & FINGER, P.A.
>
>By: /s/ Christopher M. Samis
>
>Russell C. Silberglied (3462)
>Christopher Samis (4909)
>One Rodney Square
>920 North King Street
>Wilmington, Delaware 19801
>(302) 651-7700
>
>-and-
>
>PILLSBURY WINTHROP
>SHAW PITTMAN LLP
>Leo T. Crowley
>Margot P. Erlich
>1540 Broadway
>New York, New York 10036
>(212) 858-1000
>
>Attorneys for The Bank of New York,
>in various capacities