IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., et al., | Chapter 11 Case No. 07-11047-CSS, et seq. |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 111 BRIDGE WAY, MADERA, CA 93638**
*(relates to Docket No. 3548 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 111 Bridge Way, Madera, CA 93638 (the "Motion") filed by HSBC Bank USA, National Association, as Trustee for the Holders of Deutsche ALT-A Securities Mortgage Loan Trust, Series 2007-AR2 Mortgage Pass-Through Certificates ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 111 Bridge Way, Madera, CA 93638 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
        Wilmington, Delaware                   UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-11047-CSS, et seq. |

## ORDER TERMINATING AUTOMATIC
## STAY UNDER SECTION 362 OF THE BANKRUPTCY
## CODE WITH RESPECT TO REAL PROPERTY LOCATED
## AT 15030 COBALT ROAD, VICTORVILLE, CA 92394
*(relates to Docket No. 3549 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 15030 Cobalt Road,

Victorville, CA 92394 (the "Motion") filed by HSBC Bank USA, National Association, as

Trustee for the Holders of Deutsche ALT-A Securities Mortgage Loan Trust, Series 2007-AR2

Mortgage Pass-Through Certificates ("Movant"), and any response thereto; the Court having

determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper

pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of

Service is adequate under the circumstances; and the Court having further determined that cause

exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any

rights and remedies against the real property located at 15030 Cobalt Road, Victorville, CA

92394 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____        _____
    Wilmington, Delaware                  UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

AMERICAN HOME MORTGAGE
HOLDINGS, INC., et al.,

Debtors.

Chapter 11
Case No. 07-11047-CSS, et seq.

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 22-24 WEST STREET, NEW HAVEN, CT 06519**
*(relates to Docket No. 3550 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 22-24 West Street, New

Haven, CT 06519 (the "Motion") filed by CHL ("Movant"), and any response thereto; the Court

having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§

157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is

proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the

Certificate of Service is adequate under the circumstances; and the Court having further

determined that cause exists to grant Movant relief from the automatic stay with respect to

Movant's exercise of any rights and remedies against the real property located at 22-24 West

Street, New Haven, CT 06519 (the "Property") under applicable non-bankruptcy law; it is

hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED.** All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion**;**

and it is further

*Movant: CHL*
*D&G Reference: 212728*
*Property Address: 22-24 West Street, New Haven, CT 06519*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
        Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., et al.,<br><br>                              Debtors. | Chapter 11<br>Case No. 07-11047-CSS, et seq. |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 1301 KISMET PARKWAY WEST, CAPE CORAL, FL 33993**
*(relates to Docket No. 3553 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 1301 Kismet Parkway

West, Cape Coral, FL 33993 (the "Motion") filed by CHL ("Movant"), and any response thereto;

the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28

U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C)

venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on

the Certificate of Service is adequate under the circumstances; and the Court having further

determined that cause exists to grant Movant relief from the automatic stay with respect to

Movant's exercise of any rights and remedies against the real property located at 1301 Kismet

Parkway West, Cape Coral, FL 33993 (the "Property") under applicable non-bankruptcy law; it

is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
　　　　Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-11047-CSS, et seq. |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 43353 CHOKEBERRY SQUARE, ASHBURN, VA 20147**
*(relates to Docket No. 3554 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 43353 Chokeberry

Square, Ashburn, VA 20147 (the "Motion") filed by Deutsche Bank National Trust Company, as

Trustee Under the Pooling and Servicing Agreement Relating to IMPAC Secured Assets Corp.,

Mortgage Pass-Through Certificates, Series 2007-3 ("Movant"), and any response thereto; the

Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28

U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C)

venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on

the Certificate of Service is adequate under the circumstances; and the Court having further

determined that cause exists to grant Movant relief from the automatic stay with respect to

Movant's exercise of any rights and remedies against the real property located at 43353

Chokeberry Square, Ashburn, VA 20147 (the "Property") under applicable non-bankruptcy law;

it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
        Wilmington, Delaware                    UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

AMERICAN HOME MORTGAGE
HOLDINGS, INC., et al.,

Debtors.

Chapter 11

Case No. 07-11047-CSS, et seq.

### ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 3466 TODD STREET, MADERA, CA 93637
*(relates to Docket No. 3556 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 3466 Todd Street, Madera, CA 93637 (the "Motion") filed by The Bank of New York as Trustee for the Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2006-6 ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 3466 Todd Street, Madera, CA 93637 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____

  Wilmington, Delaware          _____

                                 UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

AMERICAN HOME MORTGAGE
HOLDINGS, INC., et al.,

Debtors.

Chapter 11
Case No. 07-11047-CSS, et seq.

## ORDER TERMINATING AUTOMATIC
## STAY UNDER SECTION 362 OF THE BANKRUPTCY
## CODE WITH RESPECT TO REAL PROPERTY LOCATED
## AT 83-155 SINGING HILLS DRIVE, INDIO, CA 92203
### *(relates to Docket No. 3558 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 83-155 Singing Hills

Drive, Indio, CA 92203 (the "Motion") filed by The Bank of New York as Trustee for the

Certificate Holders CWMBS, Inc. CHL Mortgage Pass-Through Trust 2006-HYB 1 Mortgage

Pass-Through Certificates, Series 2006-HYB1 ("Movant"), and any response thereto; the Court

having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§

157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is

proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the

Certificate of Service is adequate under the circumstances; and the Court having further

determined that cause exists to grant Movant relief from the automatic stay with respect to

Movant's exercise of any rights and remedies against the real property located at 83-155 Singing

Hills Drive, Indio, CA 92203 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
     Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-11047-CSS, et seq. |
| Debtors. | |

## ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 102 W. FREDERICK DRIVE, STERLING, VA 20164
*(relates to Docket No. 3567 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 102 W. Frederick Drive, Sterling, VA 20164 (the "Motion") filed by MERS ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 102 W. Frederick Drive, Sterling, VA 20164 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

*Movant: MERS*
*D&G Reference: 213165*
*Property Address: 102 W. Frederick Drive, Sterling, VA 20164*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
       Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| | Chapter 11 |
| AMERICAN HOME MORTGAGE | Case No. 07-11047-CSS, et seq. |
| HOLDINGS, INC., et al., | |
| | |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 2401 BOLDT, DEARBORN, MI 48124**
*(relates to Docket No. 3588 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section
362 of the Bankruptcy Code with Respect to Real Property Located at 2401 Boldt, Dearborn, MI
48124 (the "Motion") filed by Wells Fargo Bank, N.A. ("Movant"), and any response thereto;
the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28
U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C)
venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on
the Certificate of Service is adequate under the circumstances; and the Court having further
determined that cause exists to grant Movant relief from the automatic stay with respect to
Movant's exercise of any rights and remedies against the real property located at 2401 Boldt,
Dearborn, MI 48124 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized
terms not otherwise defined herein shall have the respective meanings set forth in the Motion;
and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
        Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

AMERICAN HOME MORTGAGE
HOLDINGS, INC., et al.,

Debtors.

Chapter 11
Case No. 07-11047-CSS, et seq.

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 507 W CAROLINE ST, FENTON, MI 48430**
*(relates to Docket No. 3589 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 507 W Caroline St,

Fenton, MI 48430 (the "Motion") filed by Wells Fargo Bank, N.A. ("Movant"), and any

response thereto; the Court having determined that (A) the Court has jurisdiction over the

Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the

limited parties stated on the Certificate of Service is adequate under the circumstances; and the

Court having further determined that cause exists to grant Movant relief from the automatic stay

with respect to Movant's exercise of any rights and remedies against the real property located at

507 W Caroline St, Fenton, MI 48430 (the "Property") under applicable non-bankruptcy law; it

is hereby

ORDERED, that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

*Movant: Wells Fargo Bank, N.A.*
*D&G Reference: 212058*
*Property Address: 507 W Caroline St, Fenton, MI 48430*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____       _____
      Wilmington, Delaware            UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., <u>et al.</u>, | Chapter 11<br>Case No. 07-11047-CSS, <u>et seq.</u> |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
<u>AT 170 CEDARHURST PL, DETROIT, MI 48203</u>**
*(relates to Docket No. 3590 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 170 Cedarhurst Pl, Detroit, MI 48203 (the "Motion") filed by Wells Fargo Bank, N.A. ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 170 Cedarhurst Pl, Detroit, MI 48203 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

*Movant: Wells Fargo Bank, N.A.*
*D&G Reference: 212126*
*Property Address: 170 Cedarhurst Pl, Detroit, MI 48203*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____      _____
            Wilmington, Delaware            UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., <u>et al.</u>,<br><br>Debtors. | Chapter 11<br>Case No. 07-11047-CSS, <u>et seq.</u> |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
<u>AT 24358 NOTRE DAME, DEARBORN, MI 43124</u>**
*(relates to Docket No. 3591 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 24358 Notre Dame,

Dearborn, MI 43124 (the "Motion") filed by Wells Fargo Bank, N.A. ("Movant"), and any

response thereto; the Court having determined that (A) the Court has jurisdiction over the

Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the

limited parties stated on the Certificate of Service is adequate under the circumstances; and the

Court having further determined that cause exists to grant Movant relief from the automatic stay

with respect to Movant's exercise of any rights and remedies against the real property located at

24358 Notre Dame, Dearborn, MI 43124 (the "Property") under applicable non-bankruptcy law;

it is hereby

ORDERED, that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
　　　　Wilmington, Delaware　　　　　　UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., <u>et al.</u>, | Chapter 11<br>Case No. 07-11047-CSS, <u>et seq.</u> |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
<u>AT 12283 FLANDERS STREET, DETROIT, MI 48213</u>**
*(relates to Docket No. 3592 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 12283 Flanders Street,

Detroit, MI 48213 (the "Motion") filed by Wells Fargo Bank, N.A. ("Movant"), and any

response thereto; the Court having determined that (A) the Court has jurisdiction over the

Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the

limited parties stated on the Certificate of Service is adequate under the circumstances; and the

Court having further determined that cause exists to grant Movant relief from the automatic stay

with respect to Movant's exercise of any rights and remedies against the real property located at

12283 Flanders Street, Detroit, MI 48213 (the "Property") under applicable non-bankruptcy law;

it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

*Movant: Wells Fargo Bank, N.A.*
*D&G Reference: 212675*
*Property Address: 12283 Flanders Street, Detroit, MI 48213*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

Date:_____          _____
　　　　　Wilmington, Delaware          　　UNITED STATES BANKRUPTCY JUDGE

-2-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-11047-CSS, et seq. |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 6380 OBISPO AVENUE, LONG BEACH, CA 90805**
*(relates to Docket No. 3593 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 6380 Obispo Avenue,

Long Beach, CA 90805 (the "Motion") filed by Bank of New York as Trustee for the Certificate

Holders CWALT, Inc. Alternative Loan Trust 2006-J1 Mortgage Pass-Through Certificates,

Series 2006-J1 ("Movant"), and any response thereto; the Court having determined that (A) the

Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. §

1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate

under the circumstances; and the Court having further determined that cause exists to grant

Movant relief from the automatic stay with respect to Movant's exercise of any rights and

remedies against the real property located at 6380 Obispo Avenue, Long Beach, CA 90805 (the

"Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
      Wilmington, Delaware               UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-11047-CSS, et seq. |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 9340 HOME COURT, DES PLAINES, IL 60016**
*(relates to Docket No. 3594 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 9340 Home Court, Des

Plaines, IL 60016 (the "Motion") filed by Saxon Mortgage Services Inc ("Movant"), and any

response thereto; the Court having determined that (A) the Court has jurisdiction over the

Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the

limited parties stated on the Certificate of Service is adequate under the circumstances; and the

Court having further determined that cause exists to grant Movant relief from the automatic stay

with respect to Movant's exercise of any rights and remedies against the real property located at

9340 Home Court, Des Plaines, IL 60016 (the "Property") under applicable non-bankruptcy law;

it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

*Movant: Saxon Mortgage Services Inc*
*D&G Reference: 212926*
*Property Address: 9340 Home Court, Des Plaines, IL 60016*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
         Wilmington, Delaware            UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-11047-CSS, et seq. |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 927 MILL IRON WAY, SAN JACINTA, CA 92583**
*(relates to Docket No. 3595 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 927 Mill Iron Way, San

Jacinta, CA 92583 (the "Motion") filed by U.S. Bank National Association, as Trustee, for the

Benefit of Harbor View 2005-3 Trust Fund ("Movant"), and any response thereto; the Court

having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§

157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is

proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the

Certificate of Service is adequate under the circumstances; and the Court having further

determined that cause exists to grant Movant relief from the automatic stay with respect to

Movant's exercise of any rights and remedies against the real property located at 927 Mill Iron

Way, San Jacinta, CA 92583 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED**, that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

*Movant: U.S. Bank National Association, as Trustee, for the Benefit of Harbor view 2005-3 Trust Fund*
*D&G Reference: 213047*
*Property Address: 927 Mill Iron Way, San Jacinta, CA 92583*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____        _____
　　　　　Wilmington, Delaware　　　　　　UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-11047-CSS, et seq. |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 22959 PLEASANT STREET, SAINT CLAIR SHORES, MI 48080**
*(relates to Docket No. 3598 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code with Respect to Real Property Located at 22959 Pleasant Street, Saint Clair Shores, MI 48080 (the "Motion") filed by Wells Fargo Bank, N.A. ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 22959 Pleasant Street, Saint Clair Shores, MI 48080 (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
          Wilmington, Delaware          UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| | Chapter 11 |
| AMERICAN HOME MORTGAGE | Case No. 07-11047-CSS, et seq. |
| HOLDINGS, INC., et al., | |
| Debtors. | |

**ORDER TERMINATING AUTOMATIC
STAY UNDER SECTION 362 OF THE BANKRUPTCY
CODE WITH RESPECT TO REAL PROPERTY LOCATED
AT 24101 ONEIDA, OAK PARK, MI 48237**
*(relates to Docket No. 3600 & 3832)*

UPON CONSIDERATION of the Motion for Relief from Automatic Stay Under Section

362 of the Bankruptcy Code with Respect to Real Property Located at 24101 Oneida, Oak Park,

MI 48237 (the "Motion") filed by Wells Fargo Bank, N.A. ("Movant"), and any response

thereto; the Court having determined that (A) the Court has jurisdiction over the Motion

pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited

parties stated on the Certificate of Service is adequate under the circumstances; and the Court

having further determined that cause exists to grant Movant relief from the automatic stay with

respect to Movant's exercise of any rights and remedies against the real property located at

24101 Oneida, Oak Park, MI 48237 (the "Property") under applicable non-bankruptcy law; it is

hereby

ORDERED, that the Motion be, and the same is hereby **GRANTED**. All capitalized

terms not otherwise defined herein shall have the respective meanings set forth in the Motion;

and it is further

*Movant: Wells Fargo Banks, N.A.*
*D&G Reference: 213779*
*Property Address: 24101 Oneida, Oak Park, MI 48237*

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to Movant's interest in the Property.  Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtor holds any interest in the Property or (ii) shall estop the Debtor from denying that it holds any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____          _____
      Wilmington, Delaware               UNITED STATES BANKRUPTCY JUDGE