## IN THE UNITED STATES BANKRUPTCY COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| American Home Mortgage Holdings, et al., | ) Case No. 07-11047 BLS<br>) Chapter 11<br>) Jointly Administered<br>) Ref. Nos. 3418, 3485 |
| Debtors, | ) |

### CERTIFICATION OF COUNSEL

I, Kristi J. Doughty, hereby certifies to the Court as follows:

1. On or about March 26, 2008 and March 31, 2008 respectively, Whittington & Aulgur, counsel for CitiMortgage, Inc. filed two Motions for Relief from the Automatic Stay Seeking *Nunc Pro Tunc* Relief ("Motions") due to defaults in the mortgage payments by the Borrowers, Armando Becerra, Ref. No. 3418 and Charlotte Whitmer, Ref. No. 3485.

2. The Debtors filed a Limited Objection to the Motions (Ref. No. stating that they did not believe *nunc pro tunc* relief was warranted to ratify certain Deed of Trust Assignments to Movant, effectuated by Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS") on behalf of the Debtors. The Debtors maintain that such Assignments were ministerial acts performed by MERS in connection with the sale of senior mortgage interests that occurred prior to the commencement of the Debtors' chapter 11 cases on August 6, 2007, done in the ordinary course of the Debtors' business. With respect to future foreclosures on the properties, the Debtors state they generally consent to the relief sought and are willing to stipulate that "cause" for relief from stay exists.

3. Except as otherwise provided above, the undersigned hereby certifies that, as of the date hereof, she has received no answer, objection or other responsive pleading to either of the Motions. The undersigned further certifies that she has reviewed the Court's docket in these cases and, except as otherwise provided above, no answer, objection or other responsive pleading to either of the Motions appears thereon. Pursuant to the notice filed in connection with the two motions, objections to the Motions were to be filed and served no later than April 21, 2008. The deadline to respond was informally extended to April 24, 2008 due to rescheduling of the hearing date to May 1, 2008.

The undersigned has conferred with Debtors' counsel concerning modifications to the order and respectfully requests that the revised orders for both

motions attached hereto collectively as Exhibit "A" be entered at the convenience of the Court.

        WHITTINGTON & AULGUR

        /s/ Kristi J. Doughty
        Robert T. Aulgur, Jr. (No. 165)
        Kristi J. Doughty (No. 3826)
        651 N. Broad Street., Suite 206
        P.O. Box 1040
        Middletown, DE  19709-1040
        (302) 378-1661
        Attorneys for CitiMortgage, Inc.

Dated:  4/28/08

## IN THE UNITED STATES BANKRUPTCY COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| American Home Mortgage, et al., ) ) ) ) Debtors. ) | Case No. 07-11047 CSS<br>Chapter 11<br>Jointly Administered<br><br>Ref. No. 3418 |

### ORDER GRANTING RELIEF FROM AUTOMATIC STAY
### AS TO 1761 CLOVER TREE COURT, CHULA VISTA, CA 91913

AND CONSIDERATION of the Motion for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Code seeking *nunc pro tunc relief* with respect to Real Property Located at 1761 Clover Tree Court, Chula Vista, CA (the "Motion") filed by CitiMortgage, Inc. ("Movant"); the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); (C) venue is proper pursuant to 28 U.S.C. §1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 1761 Clover Tree Court, Chula Vista, CA (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED.** All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. §362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is modified solely with respect to Movant's interest in the Property. Movant

is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including but not limited to foreclosure of the Mortgage, Sheriff's Sale or Trustee's sale of the Property and all other legal remedies against the Property which may be available to CitiMortgage, Inc.., under State law; and it is further

**ORDERED** that nothing in this order (i) shall constitute a determination that the Debtors hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bank. P. 4001(a)(3).

_____
J.

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| American Home Mortgage, et al., | ) ) ) ) | Case No. 07-11047 CSS Chapter 11 Jointly Administered |
| Debtors. | ) ) | Ref. No. 3485 |

## ORDER GRANTING RELIEF FROM AUTOMATIC STAY AS TO 228 BROOKWOOD DRIVE #4, UNIT 155, SOUTH LYON, MICHIGAN

UPON CONSIDERATION of the Motion for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Code seeking *nunc pro tunc* relief with Respect to Real Property located at 228 Brookwood Drive #4, Unit 155, South Lyon, Michigan (the "Motion") filed by CitiMortgage, Inc. ("Movant"); the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. § 1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay with respect to Movant's exercise of any rights and remedies against the real property located at 228 Brookwood Drive #4, Unit 155, South Lyon, Michigan (the "Property") under applicable non-bankruptcy law; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED**. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the

automatic stay is modified solely with respect to Movant's interest in the Property. Movant is hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property and the Borrower, including but not limited to foreclosure of the Mortgage, Sheriff's Sale or Trustee's sale of the property and all other legal remedies against the property and Borrower which may be available to CitiMortgage, Inc. under State law; and it is further

**ORDERED,** that nothing in this order (i) shall constitute a determination that the Debtors hold any interest in the Property or (ii) shall estop the Debtors from denying that they hold any interest in the Property; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).


Date:_____         _____
     Wilmington, Delaware            UNITED STATES BANKRUPTCY JUDGE