## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------- x

In re:

AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1]

        Debtors.

--------------------------------------------------------------- x

Chapter 11

Case No. 07-11047 (CSS)

Jointly Administered

**Objection Deadline: May 19, 2008 at 4:00 p.m. (ET)**

### NOTICE OF FILING OF SETTLEMENT AGREEMENT PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019

TO:    (I) THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (II) COUNSEL TO THE COMMITTEE; (III) COUNSEL TO THE DEBTORS' POSTPETITION LENDER; AND (IV) ALL PARTIES ENTITLED TO NOTICE UNDER DEL. BANKR. LR 2002-1(B)

**PLEASE TAKE NOTICE** that, in accordance with the Order Pursuant to Bankruptcy Rule 9019 and Section 105 of the Bankruptcy Code, Authorizing the Debtors to Adopt and Implement Omnibus Settlement Procedures for Notice and Settlement of Certain State Court Causes of Action Filed By the Debtors [Docket No. 2209] (the "Order"),[2] the Debtors in the above captioned bankruptcy cases have filed the settlement agreement by and between American Home Mortgage, Corp. and The New York Mortgage Company LLC along with the Correspondent Lending Agreement, attached hereto as Exhibit B, which settles certain causes of action for the aggregate amount of $318,000.00 (the "Settlement").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] A copy of the Order is attached hereto as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, any objections or responses are to be filed on or before **May 19, 2008 at 4:00 p.m. (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801 and served upon each of the following parties so as to be received on or before the Objection Deadline: (i) the Office of the United States Trustee, (ii) counsel to the Debtors, (iii) counsel to the Committee, (iv) counsel to the Debtors' Postpetition Lender, and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b).

**PLEASE TAKE FURTHER NOTICE** that if an objection or response is not filed by the Objection Deadline, the Debtors will file a certificate of no objection after which the Settlements shall be deemed approved pursuant to Bankruptcy Rule 9019, section 105 of the Bankruptcy Code, and the terms set forth in the Order without further order from the Court.

Dated: Wilmington, Delaware
      April 29, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline Morgan (No. 3650)
Matthew B. Lunn (No. 4119)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Debtor and Debtor-in-Possession

# EXHIBIT A

## Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
In re:                                          :   Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS,                :   Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]        :
                                                :   Jointly Administered
                                                :
Debtors.                                        :   Ref. Docket No.: 1916
                                                :
------------------------------------------------------------- x
```

### ORDER, PURSUANT TO BANKRUPTCY RULE 9019 AND SECTION 105 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO ADOPT AND IMPLEMENT OMNIBUS SETTLEMENT PROCEDURES FOR NOTICE AND SETTLEMENT OF CERTAIN STATE COURT CAUSES OF ACTION FILED BY THE DEBTORS

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to adopt and implement the omnibus Settlement Procedures for the notice and settlement of Affirmative Cases; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefore; it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, in their sole discretion, to settle

Affirmative Cases pursuant to the Settlement Procedures set forth below:

a.   The Debtors may negotiate, compromise or settle any Affirmative Cases. The Debtors shall file notice of the proposed settlement along with a copy of the proposed settlement agreement (the "Settlement Notice") and serve same on (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the Debtors' Postpetition Lender; and (iv) all parties entitled to notice under Del. Bankr. LR 2002-1(b) (collectively, the "Notice Parties");

b.   Objections must be filed with the Bankruptcy Court and served upon counsel to the Debtors and the Notice Parties so as to be received on or before twenty (20) days or such later date agreed to by the Debtors (the "Notice Period") after service of the Settlement Notice;

c.   If no objection to the proposed settlement is filed and served within the Notice Period, then the Debtors shall file with the Bankruptcy Court a certificate of no objection after which the proposed settlement shall be deemed approved pursuant to Bankruptcy Rule 9019 and section 105 of the Bankruptcy Code;

d.   If an objection is received from one or more of the Notice Parties, during the Notice Period the Debtors shall not proceed with the proposed settlement unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the settlement by separate order entered after the Debtors file a motion and notice;

e.   With respect to a proposed settlement reached and approved pursuant to the Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing.

f.   The Debtors shall use good-faith efforts to timely respond to informal requests for information from Notice Parties relating to settlements proposed under the Settlement Procedures.

and it is further

DB02:6385066.2                                                                                          066585.1001

ORDERED that nothing contained in this Order is intended to abrogate or otherwise affect the jurisdiction of courts in which Affirmative Cases are pending; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Date:  Wilmington, Delaware
      November 28, 2007

Christopher S. Sontchi
United States Bankruptcy Judge

3

# EXHIBIT B

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

This Mutual Release and Settlement Agreement (the *"Settlement Agreement"*) is entered into as of April *11*ᵗʰ, 2008, by and between, American Home Mortgage Corp ("*AHMC*"), and The New York Mortgage Company LLC ("*NYMC"*).

WHEREAS, AHMC and NYMC entered into that certain Correspondent Lending Agreement dated October 25, 2006 whereby NYMC would sell certain mortgage loans to AHMC pursuant to the terms there of and AHM's Correspondent Seller Guide, as amended from time to time, (collectively, the *"Purchase Agreement"*)

WHEREAS, a dispute has arisen with respect to the contractual rights and obligations of the respective parties with respect to certain mortgage loans sold by NYMC to AHMC pursuant to the Purchase Agreement.

WHEREAS, on August 6, 2007, American Home Mortgage Corp., and certain of its affiliates filed for bankruptcy protection in the Bankruptcy Court for the District of Delaware (the *"Bankruptcy Court"*). The various petitions filed on behalf of the American Home entities are being jointly administered under *In re American Home Mortgage Holdings, Inc.*, No. 07-11047 (D. Del.).;

WHEREAS, the parties mutually desire to resolve their disputes on the terms and conditions set forth herein;

NOW, THEREFORE, it is hereby mutually agreed as follows:

1.      Upon the execution of this agreement, AHMC shall submit this Settlement Agreement to the Bankruptcy Court for approval.

2.      Within two (2) days after AHMC represents to NYMC in writing that the Settlement Agreement has been filed with the Bankruptcy Court and that it has been either approved or not objected to within the period of time allowed, NYMC shall pay to AHMC the sum of Three Hundred Eighteen Thousand and 00/100 Dollars ($318,000.00) (the *"Settlement Payment"*).  The Settlement Payment shall be made via wire transfer per the instructions set forth in Exhibit A.

3.      Effective upon AHM's receipt of the Settlement Payment, American Home Mortgage Corp., its officers, directors, shareholders, successors, predecessors, agents, attorneys, employees, insurers, assigns, affiliates, parents, and subsidiaries, and each of them (hereinafter, collectively, "*AHM*"), do hereby release, and forever discharge The New York Mortgage Company, LLC, its officers, directors, shareholders, successors, predecessors, agents, attorneys, employees, insurers, assigns, affiliates, parents, and subsidiaries, and each of them (hereinafter, collectively, "*NYMC*"), of and from any and all manner of actions, debts, damages, indemnifications, judgments, claims, costs and attorney's fees, whatsoever, known or unknown, as to:

1

(a) the claims in the case captioned as *American Home Mortgage Corp. vs. The New York Mortgage Company LLC*, Index No. 602063/07, in the Supreme Court for New York County;

(b) as otherwise currently claimed against NYMC, relating to any mortgage loans sold by NYMC and purchased by AHM under the Purchase Agreement, as further detailed in Exhibit B, and;

(c) any future claims against NYMC by AHM under the Purchase Agreement other than with respect to mortgage loans sold to AHM by NYMC that have defects in the title of the real property securing the note.

4.    The New York Mortgage Company LLC, its officers, directors, shareholders, successors, predecessors, agents, attorneys, employees, insurers, assigns, affiliates, parents, and subsidiaries, and each of them do hereby release, and forever discharge American Home Mortgage Corp., its officers, directors, shareholders, successors, predecessors, agents, attorneys, employees, insurers, assigns, affiliates, parents, and subsidiaries, and each of them, of and from any and all manner of actions, debts, damages, indemnifications, judgments, claims, costs and attorney's fees, whatsoever, known or unknown, arising or relating to the Purchase Agreement.

5.    The respective releases of the parties set forth in Paragraphs 3 and 4 shall only apply to mortgage loans sold by NYMC and purchased by AHM under the Purchase Agreement.

6.    Each party agrees that they shall not reveal to any third party, the facts set forth in this Settlement Agreement, any or all of the terms of this Release, or the consideration for this Release.    Notwithstanding the foregoing, the parties may share this Settlement Agreement: (a) as required to secure any approval by the Bankruptcy Court, including the approval of AHM's Unsecured Creditors Committee; (b) with its management, financial advisors, lawyers, and other representatives of such Party who have a legitimate business need to be aware of such information; (c) in the event such Party is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigative demand or similar process) to disclose the Settlement Agreement or (d) as otherwise agreed to by the parties in writing.

7.    This Settlement Agreement shall be governed by the laws of the State of New York, regardless of the conflict of laws principles.

8.    The parties agree that this Settlement Agreement contains the entire agreement between the parties hereto, and that the terms of this Settlement Agreement are contractual and not mere recitals. The undersigned signatories executing this Settlement Agreement on behalf of any party hereto does hereby represent and warrant to the other party that he or she has the authority to execute this Settlement Agreement on behalf of such party.

9.    This Settlement Agreement may be executed in counterparts, each of which, when so executed and delivered, shall be deemed to be an original and all of which, taken together, shall constitute one and the same agreement. Facsimile signatures and electronically scanned signatures shall be deemed to have the same effect as an original. This Settlement Agreement shall be modified only through a writing signed by all signatories to this Settlement Agreement.

10.    THE UNDERSIGNED ACKNOWLEDGE THAT THEY HAVE READ THE FOREGOING RELEASE, CONSULTED WITH THEIR ATTORNEY REGARDING SAME,

AND THAT THE TERMS OF THIS SETTLEMENT AGREEMENT ARE FULLY UNDERSTOOD.

AGREED AND ENTERED INTO as of the date hereinabove first written

**AMERICAN HOME MORTGAGE CORP.**

By:
Name:     JOHN KRAUS.
Title:       SVP

**THE NEW YORK MORTGAGE COMPANY, LLC**

By:
Name:  David Akre
Title:  Chief Executive Officer

3

**Exhibit A**

**Wire Instructions**

| | |
|---|---|
| **Bank:** | **Capital One Bank**<br>**275 Broadhollow Road**<br>**Melville, NY 11747** |
| **ABA:** | **021407912** |
| **Account Name:** | **American Home Mortgage Investment Corp.** |
| **Account Number:** | **3124073044** |
| **Reference:** | **AHM – NYMC Correspondent Collection Settlement** |

4.

Exhibit B

| Loan Number | BORROWER | NOTE AMOUNT |
|---|---|---|
| 1592375 | Vaultz | $276,000 |
| 1536145 | Ludwig | $172,800 |
| 1592404 | Gasparino | $111,920 |
| 1536118 | Hernandez | $452,480 |
| 1536087 | Freedman | $650,000 |
| 1536059 | Defrancesco | $684,000 |
| 1592352 | Bestany | $812,500 |
| 1592340 | Ryder | $455,920 |
| 1592356 | Whye | $424,000 |