IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | Ref. Docket No. 3269, 3578 |

**SUPPLEMENTAL CERTIFICATION OF COUNSEL REGARDING SECOND APPLICATION OF CADWALADER, WICKERSHAM & TAFT LLP AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM PERIOD NOVEMBER 1, 2007 THROUGH JANUARY 31, 2008**

On March 13, 2008, Cadwalader, Wickersham & Taft LLP ("CWT"), as special counsel to American Home Mortgage Holdings, Inc., et al., the debtors and debtors in possession in the above-captioned cases (the "Debtors"), filed its "*Second Application of Cadwalader, Wickersham & Taft LLP As Special Counsel to the Debtors and Debtors In Possession for Allowance of Compensation and Reimbursement of Expenses for the Interim Period November 1, 2007 Through January 31, 2008*" (the "Application", *see* Docket No. 3269). By the Application, CWT sought interim approval of fees in the amount of $290,952.00 (the "Fees") and expenses in the amount of $16,093.60 (the "Expenses") to be paid in accordance with this Court's "*Order

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

USActive 12712678.3

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to 11 U.S.C. §§ 105(a) and 331"* (the "Compensation Procedures Order", *see* Docket No. 547). Objections to the relief requested in the Application were due to be filed by April 2, 2008 (the "Objection Deadline").

Prior to the Objection Deadline, the United States Trustee (the "Trustee") communicated an informal objection to the relief requested in the Application. To resolve the Trustee's informal objection, CWT agreed to reduce the Fees being sought in the Application by $4,950.00 and to reduce the Expenses being sought in the Application by $899.40, as indicated in the "*Certification of Counsel Regarding Second Monthly Application of Cadwalader, Wickersham & Taft LLP*" (*see* Docket No. 3578) dated April 8, 2008. Based on this agreement, the Trustee has consented to the allowance of the Fees in the total amount of $286,002.00 (the "Adjusted Fees") and the Expenses in the total amount of $15,194.20 (the "Adjusted Expenses").

At the hearing to consider the Application on April 14, 2008, the Court requested that CWT provide a more specific breakdown of the time spent with respect to certain time entries. Specifically:

(i) The Court requested a breakdown of the time entry of Jared Perez dated January 22, 2008 for 8.5 hours with the following narrative related to the Debtors' prepetition litigation entitled American Home Mortgage Corp. v. Union Federal Bank of Indianapolis, Case No. 06-CV-7864 (JGK) (RLE) (S.D.N.Y. filed Sept. 29, 2006) (the "Union Federal Litigation"): "Edit and research misc. issues for motion to strike; discuss review of AHM documents with G. Zimmer and litigation support department; research issues re: unjust enrichment for motion to dismiss Waterfield counterclaim." Mr. Perez spent 2.0 hours editing the Debtors' reply related to their motion to strike certain affirmative defenses alleged by Union Federal Bank of Indianapolis ("Union Federal") and researching several issues related to the litigation of that motion. Mr. Perez also spent 1.0 hour discussing with Greg Zimmer the necessary review of electronic documents produced by the Debtors and coordinated with the members of CWT's litigation support department with respect to conducting such due diligence. Lastly, Mr. Perez spent 5.5 hours researching certain legal issues related to the Debtors'

motion to dismiss a counterclaim filed by Waterfield Shareholder LLC ("Waterfield").

(ii) The Court requested a breakdown of the time entry of Jared Perez dated January 28, 2008 for 7.2 hours with the following narrative related to the Union Federal Litigation: "Attention to motion to strike reply and motion to dismiss reply." Mr. Perez spent 3.0 hours reviewing and revising the Debtors' reply related to their motion to strike certain affirmative defenses alleged by Union Federal. Also, Mr. Perez spent 4.2 hours reviewing and revising the Debtors' reply to Union Federal's motion to dismiss the Debtors' complaint.

(iii) The Court requested a breakdown of the time entry of Jared Perez dated January 29, 2008 for 6.3 hours with the following narrative related to the Union Federal Litigation: "Attention to motion to strike reply; and motion to dismiss reply." Mr. Perez spent 1.3 hours finalizing the Debtors' reply related to their motion to strike certain affirmative defenses alleged by Union Federal. Also, Mr. Perez spent 5.0 hours reviewing and revising the Debtors' brief in opposition to Union Federal's motion to dismiss the Debtors' complaint.

(iv) The Court requested a breakdown of the time entry of Greg Zimmer dated January 22, 2008 for 6.8 hours with the following narrative related to the Union Federal Litigation: "Draft motion to dismiss Waterfield's unjust enrichment claim and reply memorandum in further support of motion to strike Fourth Affirmative Defense; research and review of documents in connection with same." Mr. Zimmer spent 2.5 hours drafting the Debtors' motion to dismiss Waterfield's unjust enrichment claim. Also, Mr. Zimmer spent 1.5 hours revising the Debtors' reply memorandum in further support of their motion to strike certain affirmative defenses alleged by Union Federal. Mr. Zimmer spent 2.0 hours conducting research on setoff and recoupment in connection with the Debtors' reply memorandum referenced above. Lastly, Mr. Zimmer spent 0.8 hours reviewing and corresponding with respect to a certain Purchase Agreement and Escrow Agreement related to the Union Federal Litigation.

(v) The Court requested additional information with respect to the time entry of Penny Williams dated January 9, 2008 for 6.5 hours with the following narrative related to the Union Federal Litigation: "Contract diligence." CWT has determined that this time entry actually relates to the sale of the Debtors' non-debtor bank entity rather than the Union Federal Litigation. Specifically, the time entry relates to Ms. Williams' review of certain material banking contracts related to the bank sale. Ms. Williams created a matrix summarizing the terms of these documents that might be relevant upon a change of control of the bank.

(vi) The Court requested additional information with respect to the time entry of Louis Bevilacqua dated October 10, 2007 for 1.3 hours with the following narrative related to the Union Federal Litigation: "Attention to email and research issues." Mr. Bevilacqua corresponded with Gregory Zimmer and Douglas Koff regarding research issues related to Union Federal's motion for relief from the automatic

stay seeking permission to assert counterclaims against the Debtors. Specifically, the correspondence and discussions related to Union Federal's counterclaims and certain setoff issues.

CWT submits that this additional information is responsive to the Court's inquiries and requests entry of the proposed order attached hereto as Exhibit A (i) approving the Adjusted Fees in the amount of $286,002.00, (ii) approving the Adjusted Expenses in the amount of $15,194.20, and (iii) authorizing and directing the Debtors to remit payment of the Adjusted Fees and the Adjusted Expenses in full to CWT, less all amounts previously paid on account of such fees and expenses.

Dated: Wilmington, Delaware
       May 1, 2008

                            CADWALADER, WICKERSHAM & TAFT LLP

                            */s/ Gregory M. Petrick*
                            Gregory M. Petrick (GP 2175)
                            One World Financial Center
                            New York, New York 10281
                            Telephone: (212) 504-6000
                            Facsimile: (212) 504-6666

                            Special Counsel to the Debtors
                            and Debtors in Possession

# EXHIBIT A

USActive 12712678.3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC.,<br>a Delaware corporation, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 3269, 3578** |

**ORDER APPROVING SECOND APPLICATION OF
CADWALADER, WICKERSHAM & TAFT LLP AS SPECIAL COUNSEL
TO THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE
INTERIM PERIOD NOVEMBER 1, 2007 THROUGH JANUARY 31, 2008**

Upon consideration of the application dated March 13, 2008 (the "Application", see Docket No. 3269) of Cadwalader, Wickersham & Taft LLP ("CWT") entitled *"Second Application of Cadwalader, Wickersham & Taft LLP As Special Counsel to the Debtors and Debtors In Possession for Allowance of Compensation and Reimbursement of Expenses for the Interim Period November 1, 2007 Through January 31, 2008"* seeking entry of an order approving fees in the amount of $290,952.00 (the "Fees") and expenses in the amount of $16,093.60 (the "Expenses") to be paid in accordance with this Court's *"Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

*Pursuant to 11 U.S.C. §§ 105(a) and 331*" (the "Compensation Procedures Order", *see* Docket No. 547), all as more fully set forth in the Application; and upon the "*Certification of Counsel Regarding Second Monthly Application of Cadwalader, Wickersham & Taft LLP*" (*see* Docket No. 3578) dated April 8, 2008, and the "*Supplemental Certification of Counsel Regarding Second Application of Cadwalader, Wickersham & Taft LLP As Special Counsel to the Debtors and Debtors In Possession for Allowance of Compensation and Reimbursement of Expenses for the Interim Period November 1, 2007 Through January 31, 2008*" dated May 1, 2008; and upon discussions with the Office of the United States Trustee; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of the Application having been provided; and it appearing that no other or further notice of the Application need be provided; and the Court having determined that all of the requirements of sections 327, 328, 330, 331 and 503(b) of title 11 of the United States Code, as well as rule 2016 of the Federal Rules of Bankruptcy Procedure have been satisfied; and upon the proceedings had before the Court on the Application; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted and approved as set forth herein; and it is further

ORDERED that the Fees are approved in the total amount of $286,002.00 (the "Adjusted Fees") and the Expenses are approved in the total amount of $15,194.20 (the "Adjusted Expenses"); and it is further

ORDERED that in accordance with the Compensation Procedures Order, the Debtors are authorized and directed to remit payment of the Adjusted Fees and the Adjusted

-3-

Expenses in full to CWT, less all amounts previously paid on account of such fees and expenses; and it is further

ORDERED that service of the Application as provided therein shall be deemed good and sufficient notice of such Application; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated:     Wilmington, Delaware
               _____, 2008

                                    Christopher S. Sontchi
                                    United States Bankruptcy Judge