# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE | ) Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware | ) |
| Corporation, et al.,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) Hearing Date: April 28, 2008, at 2:00 PM (ET) |
| | ) Objection Deadline: April 21, 2008, at 4:00 PM (ET) |
| | ) |

## ORDER AUTHORIZING EMPLOYMENT OF HENNIGAN, BENNETT & DORMAN LLP, AS SPECIAL CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* AS OF MARCH 3, 2008

Upon review and consideration of the "Application For Order Authorizing Employment Of Hennigan, Bennett & Dorman LLP, as Special Conflicts Counsel to The Debtors *Nunc Pro Tunc* to March 3, 2008" (the "Application") filed by the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seeking entry of an order pursuant to sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure authorizing and approving the employment and retention of Hennigan, Bennett & Dorman LLP ("HBD") as special conflicts counsel to the Committee, consistent with the terms of the retainer agreement by and between the Committee and HBD (the "Retainer Agreement"), substantially in the form annexed to the Application as Exhibit C; and upon consideration of the Application and the Court being satisfied that HBD represents no interest adverse to the Committee with respect to the matters upon which it is to be engaged, and that the employment of HBD is necessary and in the best interest of the Committee and the Debtors'

---

[1] The Debtors are the following entities: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

673489.02

general unsecured creditors; and it appearing that due notice of the Application having been given; and that no other or further notice need be given; and sufficient cause appearing therefor; it is hereby

ORDERED that, in accordance with sections 328 and 1103 of the Bankruptcy Code, the Committee is hereby authorized to employ and retain HBD as special conflicts counsel upon the terms and conditions set forth in the Application and the Retainer Agreement except to the extent such terms and conditions are modified in this Order, effective as of March 3, 2008; and it is further

ORDERED that, notwithstanding anything in the Application or the Retainer Agreement to the contrary, HBD is authorized to represent the Committee solely in connection with the following matters: **first**, any matter in which the Committee may be adverse to BofA, including any matter relating to the Debtors' use of BofA's cash collateral and the BofA Investigation; **second**, any matter in which the Committee may be adverse to JPMorgan; and **finally**, in any other bankruptcy and/or commercial litigation matters in which the Committee's bankruptcy counsel Hahn & Hessen LLP and/or Blank Rome LLP will not be representing the Committee due to actual or potential conflict of interest issues, said matters arising in this Court or in other courts; and it is further

ORDERED that, once every quarter beginning on July 1, 2008, HBD shall file with this Court and serve on the United States Trustee a notice describing the particular matters on which HBD is representing the Committee pursuant to this Order; and it is further

ORDERED that, notwithstanding anything in the Application or Section C of the Retainer Agreement to the contrary, the Committee is not waiving any objections to (i) present, undisclosed connections, which HBD has with an Interested Party; or (ii) connections which HBD may have with parties in interest that have not been disclosed and/or may arise in the

673489.02

- 3 -

future, and HBD remains obligated to disclose connections with parties in interest under Federal Rule of Bankruptcy Procedure 2014; and it is further

ORDERED that, notwithstanding anything in the Application or the Retainer Agreement to the contrary, approval of this Application does not constitute approval of a fee enhancement award to HBD or any compensation above HBD's guideline hourly rates, and HBD's rights to seek approval of a fee enhancement or compensation above HBD's guideline hourly rates at the conclusion of its engagement are reserved; and it is further

ORDERED that HBD shall be compensated in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and any applicable orders issued by this Court.

Dated: Wilmington, Delaware
       May 1, 2008

HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

- 3 -

673489.02