### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

--------------------------------------------------- x

In re:                      :    Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS,    :    Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]

                          :    Jointly Administered

      Debtors.               :    **Objection Deadline:  May 22, 2008 at 4:00 p.m. (ET)**

--------------------------------------------------- x

### NOTICE OF FILING OF SETTLEMENT AGREEMENT PURSUANT TO
### SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019

TO:      (I) THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (II) COUNSEL TO THE COMMITTEE; (III) COUNSEL TO THE DEBTORS' POSTPETITION LENDER; AND (IV) ALL PARTIES ENTITLED TO NOTICE UNDER DEL. BANKR. LR 2002-1(B)

**PLEASE TAKE NOTICE** that, in accordance with the Order Pursuant to Bankruptcy Rule 9019 and Section 105 of the Bankruptcy Code, Authorizing the Debtors to Adopt and Implement Omnibus Settlement Procedures for Notice and Settlement of Certain State Court Causes of Action Filed By the Debtors [Docket No. 2209] (the "Order"),[2] the Debtors in the above captioned bankruptcy cases have filed the settlement agreement by and between American Home Mortgage, Corp. and Mega Capital Funding, Inc., attached hereto as Exhibit B, which settles certain causes of action for the aggregate amount of $55,000.00 (the "Settlement").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, any objections or responses are to be filed on or before **May 22, 2008 at 4:00 p.m. (ET)** (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]   A copy of the Order is attached hereto as Exhibit A.

"Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 3rd

Floor, 824 Market Street, Wilmington, Delaware 19801 and served upon each of the following

parties so as to be received on or before the Objection Deadline: (i) the Office of the United

States Trustee, (ii) counsel to the Debtors, (iii) counsel to the Committee, (iv) counsel to the

Debtors' Postpetition Lender, and (iv) those parties requesting notice pursuant to Bankruptcy

Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b).

      **PLEASE TAKE FURTHER NOTICE** that if an objection or response is not

filed by the Objection Deadline, the Debtors will file a certificate of no objection after which the

Settlements shall be deemed approved pursuant to Bankruptcy Rule 9019, section 105 of the

Bankruptcy Code, and the terms set forth in the Order without further order from the Court.

Dated: Wilmington, Delaware
     May 2, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline Morgan (No. 3650)
Matthew B. Lunn (No. 4119)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

Counsel for the Debtor and Debtor-in-Possession

# EXHIBIT A

## Order

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

In re:        :    Chapter 11

       :

AMERICAN HOME MORTGAGE HOLDINGS,    :    Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]    :

       :    Jointly Administered

Debtors.        :    **Ref. Docket No.: 1916**

       :

------------------------------------------------------------- x

### ORDER, PURSUANT TO BANKRUPTCY RULE 9019 AND SECTION 105 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO ADOPT AND IMPLEMENT OMNIBUS SETTLEMENT PROCEDURES FOR NOTICE AND SETTLEMENT OF CERTAIN STATE COURT CAUSES OF ACTION FILED BY THE DEBTORS

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to adopt and implement the omnibus Settlement Procedures for the notice and settlement of Affirmative Cases; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefore; it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, in their sole discretion, to settle

Affirmative Cases pursuant to the Settlement Procedures set forth below:

a. The Debtors may negotiate, compromise or settle any Affirmative Cases. The Debtors shall file notice of the proposed settlement along with a copy of the proposed settlement agreement (the "Settlement Notice") and serve same on (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the Debtors' Postpetition Lender; and (iv) all parties entitled to notice under Del. Bankr. LR 2002-1(b) (collectively, the "Notice Parties");

b. Objections must be filed with the Bankruptcy Court and served upon counsel to the Debtors and the Notice Parties so as to be received on or before twenty (20) days or such later date agreed to by the Debtors (the "Notice Period") after service of the Settlement Notice;

c. If no objection to the proposed settlement is filed and served within the Notice Period, then the Debtors shall file with the Bankruptcy Court a certificate of no objection after which the proposed settlement shall be deemed approved pursuant to Bankruptcy Rule 9019 and section 105 of the Bankruptcy Code;

d. If an objection is received from one or more of the Notice Parties, during the Notice Period the Debtors shall not proceed with the proposed settlement unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the settlement by separate order entered after the Debtors file a motion and notice;

e. With respect to a proposed settlement reached and approved pursuant to the Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing.

f. The Debtors shall use good-faith efforts to timely respond to informal requests for information from Notice Parties relating to settlements proposed under the Settlement Procedures.

and it is further

ORDERED that nothing contained in this Order is intended to abrogate or otherwise affect the jurisdiction of courts in which Affirmative Cases are pending; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Date:   Wilmington, Delaware
        November 23, 2007

_____
Christopher S. Sontchi
United States Bankruptcy Judge

3

# EXHIBIT B

ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5357
bgoodman@zeklaw.com

April 29, 2008

**BY E-MAIL**

Brandon S. Reif, Esq.
1801 Century Park East, Suite 2400
Los Angeles, California 90067

**American Home Mortgage Corp. v. Mega Capital Funding, Inc.**
**Case Nos.: 07 CV 0522, 07 CV 2918 (JFB) (ARL)**

Dear Mr. Reif:

This shall confirm that American Home Mortgage Corp. ("American Home") and Mega Capital Funding, Inc. ("Mega Capital") have agreed to a settlement in the referenced actions (the "Actions") on the following terms as set forth on the record on April 28, 2008 before the Honorable Arlene R. Lindsay:

Mega Capital shall pay American Home $55,000. in settlement of the Actions as follows: (i) $6,111.12 not later than May 2, 2008; (ii) $6,111.12 not later than June 2, 2008; (iii) $6,111.12 not later than July 2, 2008; (iv) $6,111.12 not later than August 4, 2008; (v) $6,111.12 not later than September 2, 2008; (vi) $6,111.12 not later than October 2, 2008; and (vii) $6,111.12 not later than November 2, 2008 (viii) $6,111.12 not later than December 2, 2008; and (ix) $6,111.12 not later than December 2, 2008; (the "Settlement Payments"). All payments shall be by check payable to the order of "Zeichner Ellman & Krause LLP, as attorneys" ("ZEK"). Mega Capital's failure to make any of the Settlement Payments within five (5) days of when it is due shall constitute an Event of Default. We will deposit the Settlement Payments in escrow for the benefit of American Home pending approval of this settlement by the United States Bankruptcy Court for the District of Delaware, the Court in which the American Home bankruptcy is proceeding (the "Bankruptcy Court"). To secure the payment of the Settlement Payments, upon execution of this agreement, Mega Capital and/or Yong Sok Na ("Na"), its president and CEO, shall execute the following:

ZEICHNER ELLMAN & KRAUSE LLP

Brandon S. Reif, Esq.
April 29, 2008
Page 2

(i)    individually and on behalf of Mega Capital, Confessions of Judgment in the forms annexed hereto as Exhibit A, which shall be held in escrow by ZEK pending completion of Mega Capital's obligations hereunder;

(ii)    individually documents in the form annexed hereto as Exhibit B granting American Home a first priority security interest in Na's automobile, a 2004 Mercedes 500 SL, VIN No. WDBSK75F74F084022 (the "Vehicle"); and

(iii)    Na shall execute a letter in the form annexed hereto as Exhibit C instructing Mid Century Insurance Company to make all payments due and owing under the policy of insurance insuring the Vehicle to American Home pending completion of Mega Capital's obligations under this agreement.

Upon an Event of Default by Mega Capital as set forth above, American Home may enforce all of its rights including, without limitation, filing the Confessions of Judgment and obtaining judgments thereon, and seizing the Vehicle, provided however that American Home has provided Mega Capital, Na and Brandon S. Reif notice of such Event of Default by facsimile to the facsimile numbers set forth below, and neither Mega Capital nor Na has cured the default within ten (10) days of the sending of such notice:

Mega Capital Funding, Inc. to:

Roxana Jovel
Q.C. & Loss Mitigation Manager
Mega Capital Funding, Inc.
5550 Topanga Canyon Blvd., Suite 100
Woodland Hills, CA 91367
Fax: 818.657.2643

Yong Sok Na to:

Yong Sok Na, President
Mega Capital Funding, Inc.
5550 Topanga Canyon Blvd., Suite 100
Woodland Hills, CA 91367
Fax: 818.657.2643

ZEICHNER ELLMAN & KRAUSE LLP

Brandon S. Reif, Esq.
April 29, 2008
Page 3

Brandon S. Reif to:

Brandon S. Reif, Esq.
Law Offices of Brandon S. Reif
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Fax: 310.836.4801

The parties to this agreement understand that by this agreement Mega Capital acquires no rights in any mortgages or underlying real property securing such mortgages (or to any proceeds of either) that are the subject of the Actions, or otherwise. Upon approval of the settlement embodied in this agreement by the Bankruptcy Court, American Home and Mega Capital will discontinue the Actions with prejudice, and we may disburse from our escrow account any and all Settlement Payments received or to be received for the benefit of American Home. Upon completion of the payment of the full amount of all of the Settlement Payments by Mega Capital the parties shall exchange Releases in the forms annexed hereto as Exhibit D. In the event that the Bankruptcy Court does not approve this settlement, we will return all Settlement Payments received from Mega Capital to it within 30 days of our receipt of written notice of such disapproval by the Bankruptcy Court.

If any payments of money made to American Home by Mega Capital pursuant to the terms of this Agreement should for any reason subsequently be declared to be "fraudulent" (within the meaning of any state or federal law relating to fraudulent conveyances), preferential, or otherwise voidable or recoverable, in whole or in part for any reasons, under the Bankruptcy Code or any other federal or state law (collectively referred to herein as "Voidable Transfers") and American Home is required to repay or restore the amount of any such Voidable Transfers or any portion thereof, then, as to the amount repaid or restored pursuant to any such Voidable Transfer (including all costs, expenses and attorneys' fees of American Home thereto) the liability of Mega Capital shall automatically be revived, reinstated and restored in the full amount of American Home's claim, and shall exist as though such Voidable Transfer had never been made to American Home. Nothing set forth herein is an admission that such Voidable Transfer has occurred or will occur. Mega Capital expressly acknowledges that American Home may rely upon advice of counsel and, if so advised by counsel, may settle, without defending, any action to void any alleged Voidable Transfer, and that upon such settlement Mega Capital shall again be liable for any deficiency resulting from such settlement as provided in this Agreement.

ZEICHNER ELLMAN & KRAUSE LLP

Brandon S. Reif, Esq.
April 29, 2008
Page 4


Please countersign this letter below and return it to me, along with executed originals of the Affidavits of Confession of Judgment, documents granting American Home a valid first priority security interest in the Vehicle, insurance instruction letter and Release. We will hold these documents in escrow pending Mega Capital's completion of its payment obligations.

Very truly yours,

Bruce S. Goodman


Accepted and Agreed:
The Law Offices of Brandon S. Reif


By: _____
       Brandon S. Reif, Esq.
       Attorneys for Defendant

BG/jd

515506.v6/10331-024/BG

**Exhibit A**

☐ 〰〰〰〰〰〰〰〰〰〰〰〰〰〰 B 1 1 1—General Release by Corporation 11-68                                                                                         Blumberg Excelsior, Inc.
                                                                                                                                                                    PUBLISHER NYC 10013

# To all to whom these Presents shall come or may Concern,
# Know That

                          American Home Mortgage Corp.

A corporation organized under the laws of the State of New York                                                    , as RELEASOR,
in consideration of the sum of

                                                                                                                    ($ . 55,000.00 ),
received from

                          Mega Capital Funding, Inc.

                                                                                                                    as RELEASEE,

receipt whereof is hereby acknowledged, releases and discharges

the RELEASEE, RELEASEE'S heirs, executors, adminis-
trators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings,
bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments,
extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the
RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by
reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE,
relating to claims in the actions captioned American Home Mortgage Corp. v. Mega Capital
Funding, Inc., Case Nos. 07 CV 0522, 07 CV 2918 (JFB) (ARL), pending in the United States
District Court for the Eastern District of New York, and any claims that Releasor may
have against Releasee under the American Home Correspondent Lending Agreement dated
July 12, 2005.

          The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.
          This RELEASE may shall not be changed orally.
          **In Witness Whereof,** the RELEASOR has *caused this RELEASE to be executed by its duly authorized officers
and its corporate seal to be hereunto affixed* on

          **In presence of:**

                                                              _____

                                                    By _____

State of New York, County of              ss.:  ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)
On                              before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose
name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s),
or the person upon behalf of which the individual(s) acted, executed the instrument.

                                                    _____
                                                    *(signature and office of individual taking acknowledgment)*

*If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."*

B 111—Genial Release by Corporation: 11-98

Blumberg Excelsior, Inc.
PUBLISHER NYC 10013

# To all to whom these Presents shall come or may Concern, Know That

Mega Capital Funding, Inc.

A corporation organized under the laws of the State of California                                                   , as RELEASOR, in consideration of the sum of

($ 10.00        ),

received from

American Home Mortgage Corp.

as RELEASEE,

receipt whereof is hereby acknowledged, releases and discharges

the RELEASEE, RELEASEE'S heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE may not be changed orally.

**In Witness Whereof,** the RELEASOR has *caused this RELEASE to be executed by its duly authorized officers and its corporate seal to be hereunto affixed on*

**In presence of:**

..................................................

By ..................................................

**State of New York, County of** ·                  SS.:  ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)
On                               before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

..................................................
*(signature and office of individual taking acknowledgment)*

*If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."*