**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **AMERICAN HOME MORTGAGE** | ) | |
| **HOLDINGS, INC., at al.,** | ) | **Case No. 07-11047 (CSS)** |
| | ) | |
| **Debtors** | ) | **(Jointly Administered)** |
| | ) | |
| | ) | |

**PROOF OF TRANSFER COST CLAIM**
**OF DEUTSCHE BANK NATIONAL TRUST COMPANY, IN VARIOUS CAPACITIES**

    1.    Deutsche Bank National Trust Company ("DBNTC" or the "Claimant"), acting in its capacity as Trust Administrator and/or Indenture Trustee with respect to the securitization trusts listed on Exhibit A, attached hereto and incorporated herein by this reference (the "Trusts"), hereby files this proof of transfer cost claim (the "Transfer Cost Claim") asserting its right to payment of transfer costs under certain mortgage loan servicing agreements and related fee letters and governing documents (the "Servicing Agreements").

    2.    In September, 2007, the Debtors filed the Emergency Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Scheduling a Hearing to Consider Sale of Certain Assets Used in the Debtors Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and(IV) Granting Related Relief (the "Sale Motion"). The hearing to approve the Sale Motion commenced on October 15, 2007 and the Court approved the sale and entered an order to that effect on October 30, 2007 (the "Sale Order").

    3.    In accordance with Paragraph 33 of the Sale Order, the Claimant filed its Initial Omnibus Cure Claim of Deutsche Bank National Trust Co. As Trust Administrator and/or Indenture Trustee (the "Cure Claim") on November 29, 2007 (Docket No. 2223). In the Cure Claim, the Claimant asserted that it was owed $54,390,000 in default administration fees and

11010077.2

$468,397.98 in legal fees, which had accrued between August, 2007 and October, 2007. Claimant is entitled to payment of these fees pursuant to various indemnification provisions in the Servicing Agreements, which generally provide that the Servicer agrees to indemnify and hold the Trust (or the Trustee on behalf of the Trust) "harmless from any and all claims, losses, damages, penalties, fines, forfeitures, legal fees and expenses (including, without limitation, any reasonable legal fees and expenses, judgments or expenses relating to such liability, claim, loss or damage) and related costs" based on certain failures of the Servicer, including failure to comply with its duties under the Servicing Agreement. (*See e.g*. Section 5.06 of the Servicing Agreement for the American Home Mortgage Investment Trust 2005-3). In addition, the Cure Claim included a claim for $227,740.36 for fees and expenses claimed against the American Home Mortgage Investment Trust 2005-1 with respect to certain fees and expenses for which Financial Guaranty Insurance Company has claimed reimbursement from the Trust (the "FGIC Reimbursement Claim"). All such amounts are incorporated herein.

4. Paragraph 39 of the Sale Order provides that a counterparty to any Assumed Contract may file a claim for any reasonable out of pocket expenses incurred as a result of the assumption and assignment of the Assumed Contracts to the extent that such contracts allow for such expenses to be charged to the Debtors ("Transfer Costs") within 10 days after the notice of filing of the occurrence of the Final Closing (as defined in the Sale Order). A good faith estimate of such amount was to be filed in accordance with Paragraph 34 of the Sale Order within 30 days of the entry of the Sale Order. DBNTC included an estimate of $250,000 in the Cure Claim. The Final Closing occurred on April 11, 2008.

5. Based on the Servicing Agreements and related documents, DBNTC is entitled to reimbursement of Transfer Costs consisting of (i) $560.00 for legal work related to AH

Mortgage Acquisition Co.'s (the "Purchaser") motion to compel a Final Closing, which was filed on April 8, 2008 (Docket No. 3557) and the Claimant's diligence regarding satisfaction of conditions precedent to assumption and assignment of the Servicing Agreements in connection therewith; and (ii) $20,328.50 for legal work related to the Debtors' Motion to Authorize the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses filed on December 14, 2007 (Docket No. 2395) and the Claimant's diligence regarding the appropriate transfer of loan files to the Purchaser as the new servicer in connection therewith, (iii) $2,941.50 for legal work related to the Cure Claim, and (iv) $360.50 for additional legal work related to the FGIC Reimbursement Claim described in the Cure Claim. As such, DBNTC is owed an aggregate of $24,190.50 in legal fees, in addition to the amounts set forth in the Cure Claim.

6. The Claimant is not presently aware of any other basis for transfer related claims under the Servicing Agreements. The Claimant, however, reserves the right to amend or supplement this Transfer Cost Claim in any respect, to fix or liquidate any claims stated herein, to specify and quantify expenses or other charges or claims incurred by Claimant.

7. DBNTC is aware that certain other parties to the Trusts, including, without limitation, loan servicers, securities underwriters, depositors, certificate insurers and investors, may file proofs of transfer cost claims relating to the Servicing Agreements which may be duplicative of, or supplemental to, the claims stated herein (the "<u>Third Party Trust Related Claims</u>"). To the extent that any amounts set-forth therein would otherwise be reimbursable or indemnified by, or are property of, the Trusts, DBNTC incorporates such Third Party Trust Related Claims herein by this reference.

3

11010077.2

8.      The execution and filing of this Transfer Cost Claim is not a waiver of any of Claimant's rights including, without limitation, the right to move to withdraw the reference with respect to the subject matter of this claim or otherwise, and any right to trial by jury that Claimant may have in any civil proceeding arising in or relating to this case, nor is it a consent to jurisdiction of this or any court except with respect to the allowance of the claims asserted herein.

9.      The addresses to which all notices to the Claimant should be addressed is:

Deutsche Bank National Trust Co.
Attn: Brendan Meyer
60 Wall Street
New York, NY 10005
(212) 250-2921

With copies to:

Dennis Drebsky, Esq.
Nixon Peabody, LLP
437 Madison Avenue
New York, NY 10022
(212) 940-3091

John Rosenthal, Esq.
Nixon Peabody, LLP
One Embarcadero Center,
San Francisco, CA 94111
(415) 984-8319

**Nixon Peabody LLP**

By: /s/ Dennis J. Drebsky

Dennis J. Drebsky
Attorney in Fact and Authorized Representative
437 Madison Avenue
New York, NY 10022
(212) 940-3091

11010077.2