**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation, *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>(Jointly Administered) |

**TRANSFER CLAIM OF WELLS FARGO BANK, N.A. AS MASTER SERVICER, SECURITIES ADMINISTRATOR, TRUST ADMINISTRATOR AND/OR INDENTURE TRUSTEE**

1. *Name of Claimant and Name/Address Where Notices Should be Sent.* In accordance with paragraph 39 of the Sale Approval Order,[1] this transfer claim (the "*Transfer Claim*") is made by Wells Fargo Bank, N.A. as the Master Servicer, Securities Administrator, Trust Administrator and/or Indenture Trustee ("*Wells Fargo*") with respect to approximately 78 securitization transactions for which American Home Mortgage Servicing, Inc. or one of the other Debtors served as servicer. The undersigned is duly authorized and empowered to make this Transfer Claim on behalf of Wells Fargo. Capitalized terms not defined herein shall have the meanings ascribed to them in the Sale Approval Order.

Wells Fargo, as Master Servicer, Securities Administrator, Trust Administrator, and/or Indenture Trustee, files this Transfer Claim in the aggregate amount of $61,810 subject to the reservation of rights set forth below as follows:

---

[1] Unless otherwise indicated, capitalized terms not defined herein shall have the same meaning ascribed to such terms in the Order Pursuant to Sections 105, 363, 364, 365, and 503(b) of the Bankruptcy Code, and Rules 2002, 4001, 6004, 6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving (i) the Sale of the Debtors' Mortgage Servicing Business Free and Clear of Liens, Claims and Interests, (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (B) Granting Certain Related Relief (the "*Sale Approval Order*") (Docket No. 1711).

- 2 -

(a).    Indemnification for the fees and expenses of outside counsel from October 31, 2007 to the Final Closing in connection with matters relating to the transfer of servicing in the bankruptcy proceeding in the amount of $53,930 consisting of $48,930 for Chapman and Cutler LLP and $5000 for WolfBlock, LLP;

(b).    $7,880 for indemnification for the fees and expenses of Wells Fargo in connection with the transfer of servicing for the same period as (a) above;

All court orders and notices with respect to this Transfer Claim should be sent to:

> Wells Fargo Bank, N.A.
> Attn:  William Fay
> Default & Restructuring Account Manager
> Wells Fargo Bank, N.A.
> Corporate Trust Services, Asset Securitization Group
> 9062 Old Annapolis Road, MAC N2702-011
> Columbia, MD 21045
> Phone: (410) 884-2286

**With copies to**:
> Franklin H. Top, III
> Chapman and Cutler LLP
> 111 West Monroe Street, 18th Floor
> Chicago, Illinois 60603
> Phone:  (312) 845-3000
>
> and
>
> Todd C. Schiltz
> WolfBlock LLP
> 1100 N. Market St., Suite 1001
> Wilmington, DE 19801
> Phone:  (302) 777-0312

2.    *Procedural Background.*  On August 6, 2007 (the *"Petition Date"*), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

On August 6, 2007, the Debtors filed their Emergency Motion of the Debtors for Orders: (A)(I) Approving Sales Procedures; (II) Scheduling A Hearing to Consider Sale of Certain

- 2 -

Assets Used in the Debtor's Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Fee and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the *"Motion"*). The Court approved the Motion on August 7, 2007, establishing certain auction and sales procedures with respect to the sale of the loan servicing business.

The debtors held an auction for the loan servicing business and the Purchaser was determined to be the winning bidder. A hearing to approve the sale of the loan servicing business to the Purchaser commenced on October 15, 2007 and the Court approved the sale pursuant to the Sale Approval Order. The Purchaser has assumed certain servicing agreements in accordance with the terms of the Sale Approval Order. Paragraph 39 of the Sale Approval Order provides that a counterparty to any Assumed Contract may file a claim for any reasonable out of pocket expenses incurred as a result of the assumption and assignment of the Assumed Contracts to the extent that such contracts allow for such expenses to be charged to the Debtors within 10 business days after the notice of the filing of the occurrence of the Final Closing (as defined in the Sale Approval Order). Wells Fargo is entitled to indemnification for its fees and expenses in accordance with the Servicing Agreements.

Wells Fargo has had to review, investigate and respond to pleadings relating to the transfer of servicing, including but not limited to the Motion to Authorize The (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses filed on December 19, 2007. In addition, Wells Fargo has generally monitored the status of the transfer.

- 3 -

3. *Reservation of Rights to Document Claim.* Wells Fargo reserves its rights to support its claim with any additional documents but believes all of the relevant agreements are in the control of the Debtors.

4. *General Reservation of Rights and Claims.* Wells Fargo expressly reserves any rights, remedies, liens, interests, priorities, protections, defenses and claims which it may have against the Debtors or any subsidiaries, creditors, management and other parties under the Bankruptcy Code, and the rights and benefits at law or in equity to all the rights and interests under and with respect to the Servicing Agreements.

The filing of this Transfer Claim is not intended to be and should not be construed as (a) an election of a remedy, a waiver of any past, present or future defaults or events of default or a waiver or limitation of any rights, claims or causes of action of Wells Fargo; (b) a consent by Wells Fargo to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Wells Fargo; or (c) a waiver of any right to (i) move to withdraw reference, or otherwise challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Wells Fargo; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Wells Fargo. Wells Fargo specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Wells Fargo by the Debtors, any of its successors and assigns or by any trustee for the Debtors' estate.

[Remainder of page intentionally left blank.]

- 5 -

Dated: May 7, 2008

        /s/ Todd C. Schiltz
**WOLFBLOCK LLP**
TODD C. SCHILTZ (#3253)
   1100 NORTH MARKET STREET, SUITE 1001
WILMINGTON, DE 19801
TELEPHONE: (302) 777-0313
tschiltz@wolfblock.com

and

**CHAPMAN AND CUTLER LLP**
FRANKLIN H. TOP, III
   111 WEST MONROE STREET
CHICAGO, IL 60603
TELEPHONE: (312) 845-3824
top@chapman.com