## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------X    Chapter 11
In re:                                                            :
                                                                  :    Case No.: 07-11047 (CSS)
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                            :
a Delaware corporation, et al.                                    :    Jointly Administered
                                                                  :
         Debtors                                                  :
------------------------------------------------------------------X
                                                                  :
COMMUNITY DEVELOPMENT ADMINISTRATION,                            :
A GOVERNMENTAL UNIT OF THE                                        :
DEPARTMENT                                                        :
OF HOUSING AND COMMUNITY DEVELOPMENT,                             :
A PRINCIPAL DEPARTMENT OF MARYLAND                               :
STATE GOVERNMENT                                                  :
                                                                  :
and                                                               :
                                                                  :
M&T BANK, a New York Banking Corporation,                         :
in its capacity as Trustee under the Community                    :
Development Administration's Residential Revenue                  :
Bond Resolution                                                   :
                                                                  :
         Plaintiffs                                               :
                                                                  :
v.                                                                :
                                                                  :
                                                                  :    Adversary No.:08-_____(  )
AMERICAN HOME MORTGAGE CORP.,                                     :
                                                                  :
and                                                               :
                                                                  :
NATIXIS REAL ESTATE CAPITAL INC.  f/k/a IXIS                      :
REAL ESTATE CAPITAL INC. f/k/a CDC MORTGAGE                      :
CAPITAL INC.                                                      :
                                                                  :
and                                                               :
                                                                  :
BANK OF AMERICA, N.A.                                             :
                                                                  :
and                                                               :
                                                                  :
```

DEUTSCHE BANK NATIONAL TRUST CO.      :
                                                         :

and                                                     :
                                                         :

WLR RECOVERY FUND III, L.P.             :
                                                       :

     Defendants                                    :
-------------------------------------------------------------------------X

## **COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

The Community Development Administration ("CDA"), a governmental unit of the

Department of Housing and Community Development, a principal department of Maryland state

government, a creditor, and M&T Bank, a New York banking corporation with trust powers

("M&T Bank"), in its capacity as Trustee for the CDA, by their undersigned attorneys, pursuant

to Federal Rule of Bankruptcy Procedure 7001, § 105 of Title 11 of the United States Code, 11

U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and 28 U.S.C. § 2201, file this Complaint for

Declaratory Judgment against the Debtor, American Home Mortgage Corp. ("AHM") and

against Natixis Real Estate Capital Inc., f/k/a IXIS Real Estate Capital Inc., f/k/a CDC Mortgage

Capital Inc. ("Natixis"), Bank of America, N.A. ("Bank of America" or the "Prepetition Agent"),

Deutsche Bank National Trust Company ("Deutsche Bank") and WLR Recovery Fund III, L.P.

("WLR"), and says:

## **Jurisdiction**

1.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b),

1334(a) and 2201, and 11 U.S.C. § 105.

2.        Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.        This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (K) and

(O).

1752139

**Parties**

4.      The CDA, a plaintiff in this action, is a governmental body located in the State of Maryland (the "State") and is a creditor in the American Home Mortgage Corp. bankruptcy case (the "Case").  The CDA timely filed its proof of claim against the estate of AHM on January 10, 2008.

5.      M&T Bank, a plaintiff in this action, is a New York banking corporation with trust powers and serves as successor trustee of the trust created by  the CDA's Residential Revenue Bond Resolution, originally adopted by the CDA as of August 1, 1997, and amended and restated as of July 15, 2005 (the "Bond Resolution Trust Indenture").

6.      On August 6, 2007, defendant AHM filed a voluntary petition for relief under Chapter 11 or the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Petition Date").

7.      Defendant Natixis is a creditor in this Case.  On information and belief, Natixis is a "warehouse lender" that, among other things, has alleged that it funded loans made by AHM.

8.      Defendant Bank of America is a creditor in this Case.  Upon information and belief, Bank of America entered into various pre-petition credit facilities with AHM and its parent holding company and affiliates.

9.      Defendant Deutsche Bank is a creditor in this Case, and the funds at issue in this Complaint are currently deposited in an account at Deutsche Bank that has been frozen by order of this Court.  Deutsche Bank is being named as a defendant in this proceeding not because it has a claim on the funds at issue, but rather in the event that the Court determines that the imposition of a constructive trust is necessary and that Deutsche Bank is a necessary party to the granting of such relief.

3

10.    Defendant WLR entered into a Debtor in Possession Lending Agreement with

AHM and its parent holding company and affiliates that was approved by this Court on

September 4, 2007 [D.I. 555].

## **Background**

11.    The CDA, among other things, works to promote home ownership in the State.

One of the ways that it meets this goal is by increasing the supply of money available, through

the private mortgage lending system in the State of Maryland, for permanent loans to families.

The CDA enters into agreements with eligible lending institutions, such as AHM (when AHM

was solvent), that enable the CDA to purchase newly originated mortgage loans meeting certain

conditions established by the CDA (the "Maryland Mortgage Program" or the "Program").

M&T Bank serves as trustee for the CDA under the Bond Resolution Trust Indenture.  Tax-

exempt bonds periodically are issued by the CDA under the Bond Resolution Trust Indenture,

the proceeds of which are used to purchase loans under the Program.  The loans purchased under

the Program become assets of CDA and are pledged to M&T Bank, as trustee, under the Bond

Resolution Trust Indenture for the benefit of the bondholders.   The CDA is the creator of and

funds the Bond Resolution Trust Indenture, and has agreed with M&T Bank that M&T Bank will

act as trustee under the Bond Resolution Trust Indenture.

12.    In 2001, the CDA and AHM entered into that certain Mortgage Purchase

Agreement (the "MPA") that allows AHM to originate loans for the Maryland Mortgage

Program.  A true and correct copy of the Mortgage Purchase Agreement is attached as Exhibit A.

13.    Pursuant to Section 2 of the MPA, the CDA "shall purchase from [AHM] and

[AHM] shall sell to the [CDA] Mortgage Loans that meet all requirements set forth" under

applicable authority.  MPA ¶ 2(a).

4

14.    The MPA further provides that:

[AHM] shall deliver Mortgage Loans, at the times and in the amounts that the [CDA] and [AHM] determine, at the office of the [CDA], unless the [CDA] otherwise specifies. On the Mortgage Purchase Date, the [CDA] shall wire payment to [AHM] or otherwise pay the purchase price for the Mortgage Loans approved by the [CDA] for purchase.

Id. ¶ 2(c).

15.    The MPA requires, among other things, that AHM deliver to the CDA any mortgage loans that are sold by AHM to the CDA "free and clear of all liens and encumbrances." Id. ¶ 8(b)(6).

16.    Between the years 2005 and 2007, in the ordinary course of business between AHM and the CDA, the CDA purchased 292 mortgage loans from AHM.

17.    On September 26, 2007, and in the ordinary course of business between AHM and the CDA, M&T Bank, acting as trustee for the CDA, sent a wire transfer in the amount of $400,325.24 (the "Sale Proceeds") to AHM's bank account at Deutsche Bank, account number 00381528 (the "Bank Account"), as the purchase price for the CDA to purchase two mortgage loans from AHM.

18.    $220,994.94 of the Sale Proceeds was remitted to AHM to purchase a $225,000 loan that AHM had previously made to Shawn Chandler and Elizabeth Chandler (AHM Loan #00015979356, the "Chandler Loan"). Exhibit B is a true copy of the note between Chandler and AHM that previously was indorsed by AHM to the order of the CDA (the "Chandler-AHM Note").

19.    $179,330.30 of the Sale Proceeds was remitted to AHM to purchase a $176,366 loan that AHM had previously made to Lisa Estes (the "Estes Loan," and collectively with the Chandler Loan, the "Loans"). Exhibit C is a true copy of the note between Estes and AHM that

was previously indorsed by AHM to the order of the CDA (the "Estes-AHM Note," and collectively with the Chandler-AHM Note, the "Notes.")

20.     The Sale Proceeds and certain other funds that have been deposited into the Bank Account have been frozen pursuant to the Second Stipulation and Order Regarding the Final Order (I) Authorizing Debtors' Limited Use of Case Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties, dated February 1, 2008 [D.I. 2855]. As a result, AHM has not paid the Sale Proceeds to AHM's warehouse lenders (the "Warehouse Lenders"). Thus, the Warehouse Lenders may claim to hold a lien or liens against the Loans.

21.     One of AHM's warehouse lenders was Natixis. Natixis has alleged that it holds a lien against the Chandler Loan. Exhibit D is a true copy of a demand letter sent by Natixis to the CDA, dated September 26, 2007. Natixis has alleged, among other things, that it was the warehouse lender on the Chandler Loan, and that it never received payment from AHM in connection with the Chandler Loan.

22.     To date, AHM has refused to respond to the CDA's request for information regarding whether there was a warehouse lender on the Estes Loan.

23.     The transactions with respect to the Loans occurred in the ordinary course of AHM's business.

24.     Upon information and belief, the Debtors were parties to a credit facility with Bank of America (as administrative agent, swing line lender and a lender) and other lenders (the "Prepetition Lenders"). Pursuant to a credit agreement dated August 10, 2006, by and between certain of the Debtors, including AHM, and the Prepetition Lenders, the Prepetition Lenders have asserted that they have a lien on all of the prepetition funds in the Bank Account.

6

1752139

## Actual Controversy

25.     The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, empowers the Court to declare the rights and other legal relations of any interested party in a case of actual controversy within its jurisdiction.

26.     On October 29, 2007, the CDA, by its counsel, sent a letter to counsel for AHM, asking that AHM file a motion with this Court pursuant to 11 U.S.C. § 363 for entry of an order approving the sale of the Loans by AHM to the CDA free and clear of all liens and encumbrances, including any liens held by Natixis. Alternatively, the CDA asked that AHM immediately return the funds that were transferred into the Bank Account back to M&T Bank. AHM refused both requests. To date, AHM has failed to either file the requested motion or return the funds.

27.     Natixis continues to claim that it holds a lien on the Chandler Loan, whereas it is the CDA's position that, pursuant to the MPA, it is the owner of the Chandler Loan free and clear of all liens.

28.     Based on the facts stated above, an actual controversy exists between the parties.

29.     By virtue of the foregoing and pursuant to 28 U.S.C. § 2201, the CDA is entitled to a judgment declaring the rights and legal relations of the parties generally and, specifically, that – as set forth in the MPA – the CDA owns the Loans and Notes free and clear of all liens and encumbrances by any party other than M&T Bank, as trustee, including, without limitation, any lien that Natixis may hold against the Chandler Loan.

## COUNT I
### (Declaratory Judgment)

30.     Plaintiffs adopt and incorporate by reference each and every allegation contained in Paragraphs 1 through 29 inclusive, as if fully set forth herein.

1752139

31.    Pursuant to paragraph 8(b)(6) of the MPA, AHM is required, _inter alia_, to deliver to the CDA any mortgage loans that are sold by AHM to the CDA "free and clear of all liens and encumbrances."

32.    Pursuant to paragraph 18 of the MPA, _inter alia_, if AHM fails to comply with the terms of the MPA, the CDA "may . . . require the repurchase of any affected Mortgage Loans."

33.    It would be unfair and inequitable for any party other than the CDA or M&T Bank, as trustee, to hold any lien, title or interest in the Sale Proceeds.

34.    The CDA and M&T Bank are entitled to a declaration that the CDA is the owner of the Loans and Notes free and clear of any liens or other encumbrances by any party other than M&T Bank, as trustee.

35.    In the alternative, the CDA and M&T Bank are entitled to a declaration that the Sale Proceeds that were wired into the Bank Account in order to purchase the Loans are being held in constructive trust for the CDA and M&T Bank, as trustee, and/or that the CDA and M&T Bank, as trustee, hold an equitable lien against the Sale Proceeds.

36.    In the alternative, in the event that the Court finds that either the Chandler Loan or the Estes Loan, or both of them, are encumbered by a lien in favor of Natixis, Bank of America, or any third party, the CDA and M&T Bank request that this Court enter an Order directing AHM to take all actions necessary (including making payments to Natixis and/or any other warehouse lender, or Bank of America) to terminate any liens and encumbrances that may exist against the Loans and the Notes and/or to require that AHM repurchase the Loans from the CDA and M&T Bank as trustee under the Bond Resolution Trust Indenture.

## COUNT II
### (Unjust Enrichment)

37.    Plaintiffs adopt and incorporate by reference each and every allegation contained in Paragraphs 1 through 36 inclusive, as if fully set forth herein.

38.    The Sale Proceeds were deposited into the Bank Account pursuant to the MPA.

39.    AHM has retained the Sale Proceeds in the Bank Account, but has not conveyed the Sale Proceeds, which remain frozen.

40.    Because the Sale Proceeds remain in the Bank Account, and AHM has not fulfilled its obligation under the MPA to convey the Loans free and clear of any and all encumbrances, AHM has been unjustly enriched at the expense of the CDA and M&T Bank, as trustee.  The CDA and M&T Bank, as trustee, have been and continue to be injured by these wrongful actions.

## COUNT III
### (Administrative Priority Claim)

41.    Plaintiffs adopt and incorporate by reference each and every allegation contained in Paragraphs 1 through 40 inclusive, as if fully set forth herein.

42.    Plaintiffs' transfer of the Sale Proceeds into the Bank Account occurred after the Petition Date.

43.    Plaintiffs' transfer of the Sale Proceeds into the Bank Account constitutes a transaction with AHM as Debtor-in-Possession.

44.    Plaintiffs' transfer of the Sale Proceeds into the Bank Account conferred a benefit on the AHM estate.

1752139

## PRAYER FOR RELIEF

WHEREFORE, the CDA and M&T Bank respectfully request that this Court grant the CDA and M&T Bank the following relief against the Defendants herein:

A.    A declaration that the CDA is the owner of the Loans and Notes free and clear of any liens or other encumbrances by any party, other than M&T Bank as trustee under the Bond Resolution Trust Indenture;

B.    In the alternative, a declaration (1) that the Sale Proceeds that were wired into the Bank Account in order to purchase the Loans are being held in constructive trust for the CDA and M&T Bank, as trustee under the Bond Resolution Trust Indenture, and/or (2) that the CDA and M&T Bank, as trustee under the Bond Resolution Trust Indenture, hold an equitable priority lien against the Sale Proceeds;

C.    In the alternative, in the event that the Court finds that either the Chandler Loan or the Estes Loan, or both of them, are encumbered by a lien in favor of Natixis, Bank of America, or any third party, an Order that AHM take all actions necessary (including making payments to Natixis and/or any other warehouse lender, or Bank of America) to terminate any liens and encumbrances that may exist against the Loans and the Notes and/or to require that AHM repurchase the Loans from the CDA and M&T Bank, as trustee under the Bond Resolution Trust Indenture;

D.    A declaration that AHM was unjustly enriched by the retention of the Sale Proceeds in the Bank Account;

E.    Allowance of an administrative priority claim against AHM in the amount of the Sale Proceeds;

1752139

F.    An award of compensatory damages to the CDA and M&T Bank, including pre- and post-judgment interest thereon;

G.    Payment of the CDA's and M&T Bank's attorneys' fees and expenses against AHM in connection with this adversary proceeding; and

H.    Such other and further relief as this Court deems just and proper.

Dated: May 8, 2008

**MORRIS JAMES LLP**

Brett D. Fallon (DE Bar No. 2480)
Carl N. Kunz, III (DE Bar No. 3201)
Thomas M. Horan (DE Bar No. 4641)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone:  (302) 888-6800
Facsimile:  (302) 571-1750
E-mail:  bfallon@morrisjames.com
E-mail:  ckunz@morrisjames.com
E-mail:  thoran@morrisjames.com

*Counsel to Plaintiffs*

-and-

Alan M. Grochal
William S. Heyman
Tydings& Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
Telephone: (410) 752-9769
Facsimile: (410) 727-5460
E-mail: agrochal@tydingslaw.com
E-mail: wheyman@tydingslaw.com

*Counsel to M&T Bank*

-and-

11

1752139

David E. Bokeno
Assistant Attorney General, State of Maryland
100 Community Place, Ste. 2.300
Crownsville, MD 21032
Telephone: (410) 514-7838
Facsimile: (410) 514-7099
E-mail: dbokeno@oag.state.md.us

*Counsel to the CDA*

1752139