April 26, 2008

Chambers of the Honorable Christopher S. Sontchi
Judge Christopher S. Sontchi
824 North Market Street
5th Floor
Wilmington, Delaware  19801

Attention:  Christopher S. Sontchi - U.S. Bankruptcy Court - Wilmington De

From:  Brad D. Fawcett
       1518 Coventry Road,  Suite 2
       Dayton, Ohio  45410 - 3255

American Home Mortgage (plaintiff)      vs.      Brad Fawcett (defendant)
Case Number:  2006-CV-5456                       Judge Barbara P. Gorman

On May 22, 2007, I received a Decision, Order and Entry Sustaining
Defendant Brad Fawcett's Motion For Summary Judgment from The
Common Pleas Court Of Montgomery County, Ohio "Civil Division".
Honorable Judge Barbara P. Gorman issued the Decision, Order and Entry
Sustaining "in its entirety" Defendant Brad Fawcett's Motion For Summary
Judgment case 2006-CV-5456.  A full stamped copy is enclosed for your
review.  This was a final appealable order and there was no appeal initiated
by American Home Mortgage to the Second District Court of Appeals.
**My **Counter Claim** asks the civil court to demand plaintiff pay defendant
Brad Fawcett the **total sum of $5954.86** to the defendant Brad Fawcett.
The Counter Claim is included in my Answer, provided pro se, and has been
ruled upon by Judge Barbara P. Gorman via the Decision, Order and Entry
Sustaining Defendant Brad Fawcett's Motion For Summary Judgment.
***The Counter Claim total amount due is $5954.86 as stated in my Answer.***
A copy of my Answer, provided pro se, is enclosed (6 pages) for your
review.  Also enclosed is a copy of the case status:  status = closed…….

**Please initiate this valid claim against American Home Mortgage so that I
receive the total sum of $5954.86 as full payment due via case 2006CV5456.
My mail address is above, and my email address is bradd88@peoplepc.com
Sincerely,  *"I respectfully request your attention with any correspondence"*

Brad Fawcett

FILED
COURT OF COMMON PLEAS

2007 MAY 22  PM 2: 38

## IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
### CIVIL DIVISION

| | | |
|---|---|---|
| **AMERICAN HOME MORTGAGE CORP.,** | : | Case No. 06-CV–5456 |
| Plaintiff, | : | (Judge Barbara P. Gorman) |
| | : | **DECISION, ORDER AND ENTRY** |
| v. | | **SUSTAINING DEFENDANT BRAD** |
| | : | **FAWCETT'S MOTION FOR** |
| **BRAD FAWCETT,** | | **SUMMARY JUDGMENT** |
| Defendant. | : | |
| | : | |

---

This matter is before the Court pursuant to *Defendant Brad Fawcett's Motion for Summary Judgment* filed on March 27, 2007. Plaintiff American Home Mortgage Corp. has not replied to the motion. This matter is properly before the Court.

### I. FACTS

This case arises out of an employment dispute between Plaintiff American Home Mortgage Corp. ("Plaintiff") and Defendant Brad Fawcett ("Defendant"). In March 2005, Defendant entered into negotiations with Plaintiff for employment as a Senior Loan Consultant. He left that position on March 10, 2006, and Plaintiff contends that it is entitled to repayment of $12,929.00 because Defendant left his employment within twelve months of his hire date. Defendant contends, however, that the compensation paid to him is not subject to repayment.

On June 21, 2005 Defendant was hired by Plaintiff pursuant to a Letter of Understanding (the "LOU") executed by the parties on that date. The LOU was prepared by Plaintiff and set forth

the terms of Defendant's compensation. The LOU states, "[y]our compensation package is as follows:

1. You shall be eligible to receive a guarantee of $4,200.00 for the first three (3) months of employment.

2. You shall be eligible to receive a Welcome Bonus in the amount of $7,000.00 paid within 30 days of start date. You shall be eligible to receive an additional bonus in the amount of $7,000.00 paid in October 2005 if funded volume of 1.5 Million is met by the end of September 2005. * * *

3. Should you terminate your employment with American Home Mortgage within the first 12 months, any monies over and above standard compensation will be repayable to American Home Mortgage.

Plaintiff contends that the LOU requires Defendant to return the bonus monies he received because he left his employment with one year of his date of hire. Defendant argues, however, that the intent of the parties was that all monies he received were non-refundable. In support of his position, Defendant points to his Application for Employment signed on June 22, 2005 on which he wrote in "NON-REFUNDABLE WELCOME BONUS PLUS $4,200.00 MONTHLY." See Exhibit 2 to *Defendant Brad Fawcett's Motion for Summary Judgment.* Defendant also presented a memorandum signed by Lori Boswell ("Boswell") of American Home Mortgage on American Home Mortgage letterhead that gave the following "Income Explanation:"

1. Sign on bonus (welcome bonus) is non-repayable.

2. Three month guarantee is non-repayable.

3. Incentive bonus to be determined and paid only if total funded volume is met for each 2005 quarter as agreed.

4. Standard commissions are non-repayable.

5. Draw income is repayable to American Home Mortgage should you terminate your employment within the first twelve months.

See Exhibit 3 to *Defendant Brad Fawcett's Motion for Summary Judgment*.   According to

Defendant's Affidavit, Boswell "confirmed the terms of the LOU by assuring me that both the

welcome bonus and the productivity bonus were non-repayable."

   Plaintiff has not responded to Defendant's motion.

## II.  LAW & ANALYSIS

Ohio Rule of Civil Procedure 56(C) states:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

Ohio Rule of Civil Procedure 56(E) provides in relevant part:

> When a motion for Summary Judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the party does not so respond, summary judgment, if appropriate shall be entered against the party.

   Upon a motion for summary judgment, the moving party bears the initial burden of

showing that no genuine issue of material fact exists for trial.  See *Harless v. Willis Day

Warehousing Co., Inc.* (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46.  Any inferences to be drawn

from the underlying facts must be viewed in the light most favorable to the party opposing the

motion. *Leibreich v. A.J. Refrigeration, Inc.* (1993), 67 Ohio St.3d 266, 269, 1993 Ohio 12, 617

N.E.2d 1068; *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 152, 309

N.E.2d 924.

The burden then shifts to the non-moving party to set forth specific facts which show that there is a genuine issue of fact for trial. *Harless,* 54 Ohio St.2d at 65-66, 375 N.E.2d 46. The non-moving party has the burden "to produce evidence on any issue for which that party bears the burden of production at trial." *Leibreich,* 67 Ohio St.3d at 269, 1993 Ohio 12, 617 N.E.2d 1068; *Wing v. Anchor Media, Ltd.* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, citing *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 322-323. Therefore, the non-moving party may not rest upon unsworn or unsupported allegations in the pleadings. *Harless,* 54 Ohio St.2d at 66, 375 N.E.2d 46. The non-moving party must respond with affidavits or other appropriate evidence to controvert the facts established by the moving party. Id. Further, the non-moving party must do more than show there is some metaphysical doubt as to the material facts of the case. *Matsushita Electric Ind. Co. v. Zenith Radio* (1980), 475 U.S. 574.

Construing a written contract is a question of law for the Court. "In construing the terms of a written contract, the primary objective is to give effect to the intent of the parties, which we presume rests in the language they have chosen to employ." *In re All Kelley & Ferraro Asbestos Cases,* 104 Ohio St.3d 605, 2004-Ohio-7104.

In the case at bar, the terms of the LOU state that Defendant was entitled to a "guarantee" of $4,200 for the first three months of employment. Such compensation, by the words of the LOU is not subject to repayment. The LOU further provides that Defendant was to receive a "welcome" bonus of $7,000 and an additional productivity bonus in October 2005.

As set forth above, the LOU provided that if Defendant left his employment within the first twelve months, "any monies over and above standard compensation will be   repayable to American Home Mortgage." There is, however, no clarification as to what constitutes "standard commission." Defendant also produced the "Income Explanation" letter," dated July 11, 2005, nearly three weeks after LOU. In the Income Explanation letter, the only reference to repayment

of monies is as follows: "Draw income is repayable to American Home Mortgage should you terminate your employment within the first twelve months." In its responses to Defendant's requests for admissions, Plaintiff admitted that Defendant never received any draw income.

Based on the foregoing, the Court finds that the LOU was unclear as to whether the welcome and productivity bonuses were repayable. However, the later written Income Explanation letter states that only draw income is repayable. Thus, the Court finds that the Income Explanation letter eliminates any question of fact that the compensation received by Defendant was subject to repayment. Further, Plaintiff produced no evidence to refute the sworn statements of Defendant in his affidavit that he received confirmation from Plaintiff's representative that such amounts were non-repayable. See Affidavit of Defendant Brad Fawcett in Support of Motion for Summary Judgment. Thus, Defendant's motion is sustained.

### III. CONCLUSION

Accordingly, *Defendant Brad Fawcett's Motion for Summary Judgment,* filed on March 27, 2007, is hereby SUSTAINED in its entirety.

This is a final appealable order, and there is not just cause for delay for purposes of Ohio Civ. R. 54. Therefore, the time for prosecution and appeal to the Second District Court of Appeals must be computed from the date upon which this decision and entry is filed.

The above captioned case is ordered terminated upon the records of the Common Pleas Court of Montgomery County, Ohio.

Defendant's costs are to be paid by Plaintiffs.

SO ORDERED:

BARBARA P. GORMAN, JUDGE

**TO THE CLERK OF COURTS:**
**Please serve the attorney for each party and each party not represented by counsel with Notice of Judgment and its date of entry upon the journal.**

_____
BARBARA P. GORMAN, JUDGE

Copies of this Decision, Order and Entry were forwarded to all parties listed below by

ordinary mail this filing date.

Attorney for Plaintiff,
Sara M. Donnersbach
323 W. Lakeside Ave.
Suite 200
Cleveland, OH 44113

Attorney for Defendant,
John A. Fischer
K. Lynn Posey
Faruki, Ireland & Cox P.L.L.
500 Courthouse Plaza S.W.
10 North Ludlow Street
Dayton, OH 45402

WILLIAM HAFER, Bailiff          225-4392

August 7, 2006

<u>Response</u> from:  Brad D. Fawcett                2006CV5456
                1518 Coventry Road
                Suite 2
                Dayton, Ohio  45410

<u>Answer to Complaint</u>:  Montgomery County Common Pleas Court
                    American Home Mortgage vs. Brad Fawcett

Complaint Denied:
Exhibit A

As thoroughly explained in the Letter of Understanding (exhibit A) attached:

Brad Fawcett **shall be eligible to receive** a "standard compensation package"
which includes:  (1.)  $4200.00 per month for only the first three (3) months
of employment.  (2.)  one (1) time new hire sign on bonus (welcome bonus)
in the amount of $7000.00 paid within thirty (30) days of the start date.

The "standard compensation package" agreement included only this income
as described above in order to bring him aboard as a **senior loan consultant.**
The agreement to pay this start up income to Brad (item one and two above)
was contingent upon the satisfactory completion of a background and credit
investigation, and subject to a ninety day probation period.  These payments
began on July 25, 2005 over thirty days after the hire date of June 21, 2005.
<u>*This Letter of Understanding is not supported by any Employment Contract</u>
<u>from the company as stated in paragraph six, due to Brad's refusal to sign it.</u>

Brad Fawcett **shall be eligible to receive** a "standard compensation package"
to include an additional bonus (incentive pay) based on future performance
in achieving a certain dollar volume of loans that he originated and closed
within the third and fourth quarter of 2005.  The additional bonus is only
paid out if the total volume of loans originated, closed, and funded by Brad
exceeds a predetermined dollar amount as outlined in (2.) of the agreement.

More importantly, as understood in the new hire interviews and recognized
throughout the mortgage lending and home loan industries, monies paid over
and above a "standard compensation package" (**known as draw income**) are
repayable to the company as outlined in number three (3.) of the agreement.

<u>Response</u> from:  Brad D. Fawcett                    2006CV5456
<u>Answer to Complaint</u>:  American Home Mortgage vs. Brad Fawcett

Complaint Denied:
Exhibit B  -  *"see draw income"*

Exhibit B is a collection letter from Weltman, Weinberg, and Reis:
a collection legal firm hired by American Home Mortgage to collect what
they believe is an unpaid debt **known as a draw**.  Weltman, Weinberg, Reis
will receive 33% of whatever amount they collect from Brad Fawcett.

This letter is being shown in order to describe what a draw is:
***Draw income is advance pay against future commissions.***  The draw is
recognized and utilized throughout the mortgage lending and home loan
industry within the United States.  An expert witness will thoroughly
describe what a draw income is, and how it is used by mortgage companies,
banks, mortgage brokers, and home loan lenders throughout this industry.
***Brad Fawcett did not receive any draw income or advance pay from
American Home Mortgage throughout the duration of his employment.***

<u>Furthermore, over a combined six month period which "excludes" the initial</u>
<u>three month and sign on pay agreements, Brad received only $1645.14 in</u>
<u>gross compensation.  This combined six (6) month period includes dates:</u>
<u>(June 21 through July 24, 2005) and (October 11, 2005 to March 10, 2006).</u>
***Total compensation in 2006 through March 10, 2006 was just: $124.00***
Due to this lack of income, Brad began working a part time evening job
between eight and sixteen hours per week to supplement his income.

Exhibit "C", D, E, F

American Home Mortgage terminated Brad Fawcett without just cause and
without prior notice.  The termination was made at will by the company.
Brad Fawcett did not quit, nor was he warned.  New home loans, refinances,
and mortgage lending hit a 9-year low in February 2006.  This company was
experiencing a severe cyclical slowdown in mortgage lending that was
progressively getting worse in 2006 as interest rates rose and new loan
applications came to a halt.  Also, the refinance boom had come to an end.
There was a lack of work in the mortgage lending industry through no fault
of Brad.  The Dayton, Ohio region was especially hit hard concerning this
severe slowdown, which coincides with the massive amount of foreclosures.

<u>Response</u> from: Brad D. Fawcett                    2006CV5456
<u>Answer to Complaint</u>:  American Home Mortgage vs. Brad Fawcett

Complaint Denied:
Exhibit C, D, E, F

Exhibit D entitled "2006 Business Plan of February 1, 2006" is attached verifying Brad's intentions to move forward and grow his business in 2006. Management did not support or provide any incentive with regards to Brad's 2006 Business Plan.  Apparently, their business was just to slow at this time. *There was a falling out with Brad's manager due to this lack of support.*

Exhibit E entitled "Referrals via Brad Fawcett"  "Subject:  Your Mortgage" <u>This informative and beneficial letter was mailed and distributed to about 1200 potential applicants, home owners, and residents each month in 2006.</u> The letter was mailed to referrals and home owners with adjustable rate mortgages in Shelby, Darke, Miami, Greene, and Warren counties.

*This letter was distributed in order to gain new loan application business, and it was working.  Brad was in constant contact with new home buyers, realtors, and landlords looking to buy new property.  Brad worked many hours from his Dayton home, which is a generally accepted practice for senior loan consultants working in the mortgage lending industry.* Brad enjoyed his career helping home owners and new home buyers.

Exhibit F is a letter sent via certified mail to Michael Strauss  -  Chairman. Mr. Strauss is the founder and chairman of American Home Mortgage in Melville, New York.  <u>The letter spells out in detail the severe medical condition and the many medical tests that were occurring in Brad's life at the same time one (1) manager accused Brad of not responding to any contact.</u>

*These accusations are without merit because Brad can not respond to communications from his manager if he does not receive them.*  There are many communications problems at the Dayton satellite office, and Brad did not receive any phone messages on his home phone.  It was well known that Brad worked from his home almost everyday, and that the office had many ongoing computer and communications problems during this time in 2006. *More importantly, Brad was in constant contact with his new home buyers and all seven medical tests were scheduled in the month of March, 2006:* the same month American Home Mortgage terminated Brad Fawcett at will.

Response from:  Brad D. Fawcett                    2006CV5456
Answer to Complaint:  American Home Mortgage vs. Brad Fawcett

Complaint Denied:

The plaintiff's exhibit "B" letter dated March 17, 2006 from Alan B. Horn is entirely denied as there was never any welcome bonus paid to Brad at the commencement of his employment in the net amount of $12,929.00 as stated in the letter.  And, there was never any Commission Plan signed by Brad.

***More importantly, it is very significant in knowing that there was never any Commission Plan signed by Brad at any time during his employment.***
1. ***Brad Fawcett refused to sign the company "Commission Plan".***
2. ***Brad Fawcett refused to sign the company "Employment Agreement" which binds the Letter of Understanding as mentioned above.***
Brad Fawcett refused to sign both of these documents:
1. The company Commission Plan
2. The company Employment Agreement

Brad Fawcett signed only the Letter of Understanding which stated:
Brad Fawcett ***shall be eligible to receive*** a "standard compensation package" as described in number 1. and 2., and
***repay any monies***\*\****over and above***\*\* the "standard compensation package" as described in number 3.

\*\*The complaint filed by the plaintiff American Home Mortgage is without merit and has been brought forth with no legal significance "demurrer" due to the fact that the defendant Mr. Brad Fawcett received no monies paid to him that were over and above the "standard compensation package".

\*\*The defendant Brad Fawcett also claims that American Home Mortgage owes him unpaid income and travel expenses (personal auto mileage) due within 30 days after the company termination at will and without warning. The amount due the defendant Mr. Brad Fawcett is $5954.86 plus all legal costs and expenses associated with the collection of this unpaid income.

WHEREFORE, the defendant, Brad Fawcett, ***"asks the court to examine this answer in detail",*** believes the plaintiff's complaint is frivolous and without merit, ***whereby he is not indebted to the plaintiff,*** showing that no monies were paid to him over or above the standard compensation package.

Case:  2006CV5456                    Jury Demand  -  Yes

Subpoena:    Michael Strauss
             Alan B. Horn

<u>Response</u> from:  Brad D. Fawcett                    2006CV5456
<u>Answer to Complaint</u>:  American Home Mortgage vs. Brad Fawcett

Complaint Denied:

The plaintiff's exhibit "B" letter dated March 17, 2006 from Alan B. Horn
is entirely denied as there was never any welcome bonus paid to Brad at the
commencement of his employment in the net amount of $12,929.00 as stated
in the letter.  And, there was never any Commission Plan signed by Brad.

***More importantly, it is very significant in knowing that there was never
any Commission Plan signed by Brad at any time during his employment.***
1.  ***<u>Brad Fawcett refused to sign the company "Commission Plan".</u>***
2.  ***<u>Brad Fawcett refused to sign the company "Employment Agreement"
    which binds the Letter of Understanding as mentioned above.</u>***
Brad Fawcett refused to sign both of these documents:
1.  The company Commission Plan
2.  The company Employment Agreement

Brad Fawcett signed only the Letter of Understanding which stated:
Brad Fawcett ***shall be eligible to receive*** a "<u>standard compensation package</u>"
as described in number 1. and 2., and
***repay any monies**over and above*** the "<u>standard compensation package</u>"
as described in number 3.

**The complaint filed by the plaintiff American Home Mortgage is without
merit and has been brought forth with no legal significance "demurrer" due
to the fact that the defendant Mr. Brad Fawcett received no monies paid to
him that were over and above the "standard compensation package".

**The defendant Brad Fawcett also claims that American Home Mortgage
owes him unpaid income and travel expenses (personal auto mileage) due
within 30 days after the company termination at will and without warning.
The amount due the defendant Mr. Brad Fawcett is $5954.86 plus all legal
costs and expenses associated with the collection of this unpaid income.

WHEREFORE, the defendant, Brad Fawcett, <u>proving to the court that the
plaintiff's complaint contains false statements based on company documents
that the defendant did not sign,</u> ***now asks the civil court to demand plaintiff
pay defendant, Brad Fawcett, the total sum of $5954.86 due the defendant.***

Logged in as GUEST on
Server 1                    Advanced Search                    Disclaimer    Customer Feedback
                                                                                                      Log In

# Montgomery County Clerk of Courts PRO System

| Last Name | First Name | Company Name | Case Number |
|-----------|------------|--------------|-------------|
|           | GO         | GO           | GO          |

## MAIN INDEX

| Click here for ... | Case Summary | Click here for ... | Click here for ... | Click here for ... |
|--------------------|--------------|--------------------|--------------------|--------------------|

Printer Friendly Docket

# 2006 CV 05456

## AMERICAN HOME MORTGAGE CORP VS. FAWCETT, BRAD

**To view party information, click on that party's name.**

### CIVIL CASE SUMMARY

| PLAINTIFF | DEFENDANT |
|-----------|-----------|
| AMERICAN HOME MORTGAGE CORP | FAWCETT, BRAD |

**JUDGE : GORMAN, BARBARA P.**

**TYPE OF ACTION : CIVIL ALL OTHER**

**CASE STATUS : CLOSED**
**FILED ON : 07/19/2006**

**bradd88@peoplepc.com**

| | |
|---|---|
| **From:** | <q1brad@peoplepc.com> |
| **To:** | <michael.strauss@americanhm.com> |
| **Sent:** | Saturday, August 19, 2006 7:28 PM |
| **Subject:** | August 7 ANSWER TO COMPLAINT |

August 7, 2006

<u>Response</u> from:  Brad D. Fawcett                    2006CV5456
                       1518 Coventry Road
                       Suite 2
                       Dayton, Ohio  45410

<u>Answer to Complaint</u>:  Montgomery County Common Pleas Court
                         American Home Mortgage vs. Brad Fawcett

Complaint Denied:
Exhibit A

As thoroughly explained in the Letter of Understanding (exhibit A) attached:
Brad Fawcett ***shall be eligible to receive*** a "standard compensation package" which includes:  (1.)
$4200.00 per month for only the first three (3) months of employment.  (2.)  one (1) time new hire
sign on bonus (welcome bonus) in the amount of $7000.00 paid within thirty (30) days of the start
date.
The "standard compensation package" agreement included only this income  as described above in
order to bring him aboard as a ***senior loan consultant.*** The agreement to pay this start up income to
Brad (item one and two above)  was contingent upon the satisfactory completion of a background and
credit investigation, and subject to a ninety day probation period.  These payments began on July 25,
2005 over thirty days after the hire date of June 21, 2005.
<u>*This Letter of Understanding is not supported by any Employment Contract from the company as
stated in paragraph six, due to Brad's refusal to sign it.</u>

Brad Fawcett ***shall be eligible to receive*** a "standard compensation package" to include an additional
bonus (incentive pay) based on future performance in achieving a certain dollar volume of loans that
he originated and closed within the third and fourth quarter of 2005.  The additional bonus is only paid
out if the total volume of loans originated, closed, and funded by Brad exceeds a predetermined dollar
amount as outlined in (2.) of the agreement.

More importantly, as understood in the new hire interviews and recognized throughout the mortgage
lending and home loan industries, monies paid over and above a "standard compensation
package" (***known as draw income***) are repayable to the company as outlined in number three (3.) of
the agreement.
<u>Response</u> from:  Brad D. Fawcett
<u>Answer to Complaint</u>:  American Home Mortgage vs. Brad Fawcett

Complaint Denied:

Exhibit B - *"see draw income"*

Exhibit B is a collection letter from Weltman, Weinberg, and Reis:
a collection legal firm hired by American Home Mortgage to collect what they believe is an unpaid
debt *known as a draw*. Weltman, Weinberg, Reis will receive 33% of whatever amount they collect
from Brad Fawcett.

This letter is being shown in order to describe what a draw is:
*Draw income is advance pay against future commissions.* The draw is recognized and utilized
throughout the mortgage lending and home loan industry within the United States. An expert witness
will thoroughly describe what a draw income is, and how it is used by mortgage companies, banks,
mortgage brokers, and home loan lenders throughout this industry. *Brad Fawcett did not receive any
draw income or advance pay from American Home Mortgage throughout the duration of his
employment.*

Furthermore, over a combined six month period which "excludes" the initial three month and sign on
pay agreements, Brad received only $1645.14 in gross compensation. This combined six (6) month
period includes dates:
(June 21 through July 24, 2005) and (October 11, 2005 to March 10, 2006).
*Total compensation in 2006 through March 10, 2006 was just: $124.00*
Due to this lack of income, Brad began working a part time evening job between eight and sixteen
hours per week to supplement his income.

Exhibit "C", D, E, F

American Home Mortgage terminated Brad Fawcett without just cause and without prior notice. The
termination was made at will by the company.
Brad Fawcett did not quit, nor was he warned. New home loans, refinances,
and mortgage lending hit a 9-year low in February 2006. This company was experiencing a severe
cyclical slowdown in mortgage lending that was progressively getting worse in 2006 as interest rates
rose and new loan applications came to a halt. Also, the refinance boom had come to an end.
There was a lack of work in the mortgage lending industry through no fault of Brad. The Dayton,
Ohio region was especially hit hard concerning this severe slowdown, which coincides with the
massive amount of foreclosures.
Response from: Brad D. Fawcett
Answer to Complaint: American Home Mortgage vs. Brad Fawcett

Complaint Denied:
Exhibit C, D, E, F

Exhibit D entitled "2006 Business Plan of February 1, 2006" is attached verifying Brad's intentions to
move forward and grow his business in 2006. Management did not support or provide any incentive
with regards to Brad's 2006 Business Plan. Apparently, business was just too slow at this time.
*There was a falling out with Brad's manager due to this lack of support.*

Exhibit E entitled "Referrals via Brad Fawcett" "Subject: Your Mortgage"
This informative and beneficial letter was mailed and distributed to about 1200 potential applicants,

home owners, and residents each month in 2006.
The letter was mailed to referrals and home owners with adjustable rate mortgages in Shelby, Darke, Miami, Greene, and Warren counties.

*This letter was distributed in order to gain new loan application business, and it was working. Brad was in constant contact with new home buyers, realtors, and landlords looking to buy new property. Brad worked many hours from his Dayton home, which is a generally accepted practice for senior loan consultants working in the mortgage lending industry.*
Brad enjoyed his career helping home owners and new home buyers.

Exhibit F is a letter sent via certified mail to Michael Strauss  -  Chairman. Mr. Strauss is the founder and chairman of American Home Mortgage in Melville, New York. <u>The letter spells out in detail the severe medical condition and the many medical tests that were occurring in Brad's life at the same time one (1) manager accused Brad of not responding to any contact.</u>

*These accusations are without merit because Brad can not respond to communications from his manager if he does not receive them.* There are many communications problems at the Dayton satellite office, and Brad did not receive any phone messages on his home phone. It was well known that Brad worked from his home almost everyday, and that the office had many ongoing computer and communications problems during this time in 2006.
*More importantly, Brad was in constant contact with his new home buyers and all seven medical tests were scheduled in the month of March, 2006*: the same month American Home Mortgage terminated Brad Fawcett at will.
<u>Response</u> from:  Brad D. Fawcett                2006CV5456
<u>Answer to Complaint</u>:  American Home Mortgage vs. Brad Fawcett

Complaint Denied:

The plaintiff's exhibit "B" letter dated March 17, 2006 from Alan B. Horn
is entirely denied as there was never any welcome bonus paid to Brad at the commencement of his employment in the net amount of $12,929.00 as stated in the letter.  And, there was never any Commission Plan signed by Brad.

*More importantly, it is very significant in knowing that there was never any Commission Plan signed by Brad at any time during his employment.*
1. *<u>Brad Fawcett refused to sign the company "Commission Plan".</u>*
2. *<u>Brad Fawcett refused to sign the company "Employment Agreement"
   which binds the Letter of Understanding as mentioned above.</u>*
Brad Fawcett refused to sign both of these documents:
1.  The company Commission Plan
2.  The company Employment Agreement

Brad Fawcett signed only the Letter of Understanding which stated:
<u>Brad Fawcett *shall be eligible to receive* a "standard compensation package"</u>
as described in number 1. and 2., and
*repay any monies**over and above*** the "standard compensation package"
as described in number 3.

**The complaint filed by the plaintiff American Home Mortgage is without merit and has been brought forth with no legal significance "demurrer" due to the fact that the defendant Mr. Brad Fawcett received no monies paid to him that were over and above the "standard compensation package".

**The defendant Brad Fawcett also claims that American Home Mortgage owes him unpaid income and travel expenses (personal auto mileage) due within 30 days after the company termination at will and without warning.  The amount due the defendant Mr. Brad Fawcett is $5954.86 plus all legal costs and expenses associated with the collection of this unpaid income.

WHEREFORE, the defendant, Brad Fawcett, <u>proving to the court that the plaintiff's complaint contains false statements based on company documents that the defendant did not sign</u>, *now asks the civil court to demand plaintiff pay defendant, Brad Fawcett, the total sum of $5954.86 due the defendant.*

Case:  2006CV5456                    Jury Demand  -  Yes

Subpoena:   Michael Strauss
            Alan B. Horn

8/13/2007