UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------- x

In re:                                  :   Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]

                                  :   Jointly Administered

       Debtors.                         :   **Objection Deadline: May 20, 2008 at 4:00 p.m. (ET)**
                                      :   **Hearing Date: May 28, 2008 at 11:00 a.m. (ET)**

----------------------------------------------------------------- x

## MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER AUTHORIZING A LIMITED WAIVER OF THE REQUIREMENTS OF RULE 3007-1(f)(i) OF THE LOCAL RULES OF BANKRUPTCY PRACTICE AND PROCEDURE OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

The above-captioned debtors and debtors in possession (the "Debtors") hereby

submit this motion (the "Motion") pursuant to section 105(a) of title 11 of the United States

Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") for the entry of an order authorizing a

limited waiver of the requirements of Rule 3007-1(f)(i) of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

"Local Rules"). In support of the Motion, the Debtors, by and through their undersigned

attorneys, respectfully represent as follows:

---

[1]       The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Bankruptcy Code section 105(a), as well as Local Rule 3007-1(f)(i).

## BACKGROUND

2.      On August 6, 2007 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4.      On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

## RELIEF REQUESTED

5.      By this Motion and pursuant to Bankruptcy Code section 105(a), the Debtors seek entry of an order waiving the requirements of Local Rule 3007-1(f)(i) in order to permit the Debtors to include more than 150 claims in each of the Debtors' substantive omnibus claim objections until the closure of the Debtors' chapter 11 cases, provided, however, that the Debtors include no more than 500 claims in any substantive omnibus claim objection.

## BASIS FOR RELIEF REQUESTED

6.      Pursuant to Local Rule 3007-1(f)(i) "Each objection that is based on

substantive grounds shall contain no more than 150 claims, *unless the Court orders otherwise.*"[2]

Del. Bankr. L.R. 3007-1(f)(i) (emphasis added).

7.      Section 105(a) of the Bankruptcy Code further provides, in pertinent part,

that "[t]he court may issue any order, process or judgment that is necessary or appropriate to

carry out the provisions of this title." 11 U.S.C. § 105(a).

8.      The Debtors have received over 10,000 proofs of claim in connection with

their chapter 11 cases. The Debtors have already objected to a large number of claims filed in

these cases in a series of omnibus objections seeking, *inter alia*, reduction, reclassification and/or

disallowance of such claims. However, there are still several thousand claims to which the

Debtors may wish to object. If the Debtors are permitted to object to only 150 claims in each

substantive omnibus claim objection, there is no foreseeable end to the claims process in these

cases given the number of claims filed and the number of objections the Debtors anticipate

making.

9.      The Debtors are in the process of drafting a plan of reorganization,

disclosure statement and solicitation materials. In order to determine the proper solicitation and

balloting parties related to a plan of reorganization and the disclosure statement, the Debtors will

need to know which proofs of claim are valid. Given the number of claims that the Debtors

anticipate objecting to, the Debtors need to expedite the process of objecting to claims on a

substantive basis in order to create a list of solicitation and balloting parties in a timely fashion.

---

[2]      Pursuant to Local Rule 3007(d), all omnibus claim objections are substantive in nature unless the claim is objected to on the basis that it is: (i) a duplicate claim; (ii) a claim filed in the wrong case; (iii) an amended or superceded claim; (iv) a late filed claim; (v) a shareholder's claim based on stock ownership; (vi) a claim without any supporting documentation attached; (vii) a claim that is objectionable under 502(e)(1) of the Bankruptcy Code; or (vii) a claim that is incorrectly classified.

Allowing the Debtors to object to more than 150 claims in future substantive claim objections is therefore vital to the confirmation of a plan of reorganization and constitutes good cause for the relief requested herein.

10.    The Debtors further submit that the manner in which the relief sought herein is requested will pose no burden to this Court or the Bankruptcy Clerk's Office. Specifically, if the relief sought herein is granted, the Debtors will be able to finish the process of objecting to claims more quickly, thus requiring fewer hearings and less demand on the Court's time.  Moreover, the Court should not be overburdened by the Debtors' larger substantive omnibus claim objections because the Debtors will limit such objections to 500 claims, the Debtors will only file two omnibus claim objections per month and the Debtors will endeavor to schedule no more than two hearings on substantive omnibus claim objections per month in accordance with Local Rule 3007(f)(ii).

11.    Accordingly, the Debtors seek entry of an order permitting them to object to more than 150 claims in future substantive omnibus claim objections until such time as this Court enters an order closing all of the Debtors' cases, provided that the Debtors object to no more than 500 claims in any substantive omnibus claim objection.

## NOTICE

12.    The Debtors will serve notice of this Motion upon (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to Bank of America, N.A., as administrative agent for certain lenders under that certain Second Amended and Restated Credit Agreement dated as of August 10, 2006; (iv) counsel to the agent for the Debtors' postpetition lender; and (v) those parties who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure, in accordance with Local Rule 2002-1(b).  In light of the nature

of the relief requested and the absence of any adverse impact on any other party in interest, the

Debtors submit that no further notice of the Motion is necessary or required.

13.    No previous motion for the relief requested herein has been made to this

or to any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request the entry of an order,

substantially in the form attached hereto as Exhibit A, granting the relief requested herein and

such other and further relief as is just and proper.

Dated: Wilmington, Delaware
        May 9, 2008

                                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                    _____
                                    James L. Patton, Jr. (No. 2202)
                                    Pauline K. Morgan (No. 3650)
                                    Edward J. Kosmowski (No. 3849)
                                    Kara Hammond Coyle (No. 4410)
                                    Nathan D. Grow (No. 5014)
                                    The Brandywine Building
                                    1000 West Street, 17th Floor
                                    Wilmington, Delaware  19801
                                    Telephone: (302) 571-6600
                                    Facsimile: (302) 571-1253

                                    Counsel to the Debtors and Debtors in Possession