IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------- x
In re:                                                          : Chapter 11
                                                                :
AMERICAN HOME MORTGAGE                                          : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]              :
                                                                : Jointly Administered
                       Debtors.                                 :
--------------------------------------------------------------- x Ref. Docket No. 3847

**ORDER, PURSUANT TO SECTIONS 105(a) AND 365 OF THE BANKRUPTCY CODE AND THE SALE ORDER, (I) APPROVING THE FORM OF NOTICE AND AUTHORIZING THE DEBTORS TO FILE A NOTICE OF PROPOSED PURCHASER'S CURE AMOUNTS AND (II) ESTABLISHING A BAR DATE FOR FILING OBJECTIONS TO THE PROPOSED PURCHASER'S CURE AMOUNTS**

Upon consideration of the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order, pursuant to sections 105(a) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and the Sale Order, (i) approving the form of notice and authorizing the Debtors to file a notice setting forth the Proposed Purchaser's Cure Amount for each Assumed Contract under the APA and the Sale Order, and (ii) establishing a Purchaser's Cure Amount Bar Date for the Counterparty to an Assumed Contract to file an objection to the Proposed Purchaser's Cure Amount for such Assumed Contract (an "Objection"); and it appearing that the Court has jurisdiction to consider the Motion and the relief requested herein; and due notice of the Motion

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

having been provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

3. The form of the Notice of Proposed Purchaser's Cure Amounts, substantially in the form attached to the Motion as Exhibit A, and the manner of providing notice of the Purchaser's Cure Amount Bar Date proposed in the Motion, are approved in all respects. The form and manner of notice of the Purchaser's Cure Amount Bar Date approved herein are deemed to fulfill the notice requirements of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), as applicable. Notice of the Purchaser's Cure Amount Bar Date in the form and manner as proposed by the Debtors herein is fair and reasonable and will provide good, sufficient, and due notice to all of the Counterparties to the Assumed Contracts of the Proposed Purchaser's Cure Amounts.

4. The Debtors are authorized to serve the Notice of Proposed Purchaser's Cure Amounts in the manner described in paragraph 5 hereof.

5. On or before five (5) business days following entry of this Order, the Debtors shall serve by first class United States mail, postage prepaid, the Notice of Proposed Purchaser's Cure Amounts, substantially in the form attached to the Motion as Exhibit A, on all known Counterparties to the Assumed Contracts, including their counsel, if known, and the parties that have requested notice pursuant to Bankruptcy Rule 2002.

2

6.  Any Objection by a Counterparty to an Assumed Contract to the Proposed Purchaser's Cure Amount for such Assumed Contract must be filed and served **on or before 4:00 p.m. (prevailing Eastern Time) on June 20, 2008** (the "Purchaser's Cure Amount Bar Date"). The Purchaser's Cure Amount Bar Date shall be identified in the Notice of Proposed Purchaser's Cure Amounts. The Purchaser's Cure Amount Bar Date applies to all Counterparties to the Assumed Contracts, except to extent provided in paragraph 7 hereof.

7.  The Purchaser's Cure Amount Bar Date for (i) Deutsche Bank National Trust Company, (ii) U.S. Bank National Association, (iii) Wells Fargo Bank, N.A., (iv) Citibank, N.A., and (v) The Bank of New York is hereby extended through and including July 31, 2008 at 4:00 p.m. (prevailing Eastern Time).

8.  For any Objection to be validly and properly filed and served, each Objection must (a) be in writing; (b) set forth, in a schedule or exhibit attached thereto, (i) the name of the Counterparty to the Assumed Contract, (ii) the title or nature of the Assumed Contract subject to the Objection, (iii) the Proposed Purchaser's Cure Amount for such Assumed Contract, (iv) the Counterparty's asserted Purchaser's Cure Amount for such Assumed Contract, which amount shall be a liquidated amount; provided, however, that to the extent any portion of the asserted Purchaser's Cure Amount is not capable of liquidation, the Objection must include a description of any and all other defaults that are not capable of liquidation that may exist under the Assumed Contract with respect to acts or omissions occurring during the period from the Initial Closing to the Final Closing, and (v) the basis for the Purchaser's Cure Amount asserted in such Objection; (c) comply with the Bankruptcy Rules and the Local Rules; (d) be filed with the clerk of the Court, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on June 20, 2008; and (e) be served so as to be

received on or before 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: Matthew B. Lunn), counsel to the Debtors, (ii) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Erica M. Ryland and Scott J. Friedman) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the Purchaser, and (iii) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 (Attn.: Mark S. Indelicato), counsel to the Committee.

9.      Any Counterparty to an Assumed Contract that fails to file an Objection to the Proposed Purchaser's Cure Amount for such Assumed Contract on or before the Purchaser's Cure Amount Bar Date shall be deemed to have consented to the Proposed Purchaser's Cure Amount for such Assumed Contract, and such amount shall be deemed the Purchaser's Cure Amount under the Sale Order for that Assumed Contract. In the event that a Counterparty to an Assumed Contract fails to file an Objection on or before the Purchaser's Cure Amount Bar Date, such party will be forever barred from objecting thereto in the future with respect to any cure amounts or defaults arising from acts or omissions that occurred on and after the Initial Closing through and including the Final Closing with respect to such Assumed Contract.

10.     If an Objection is filed, the Debtors, the Committee or the Purchaser shall be permitted file a response (a "Response") to such Objection and therein request that a hearing on the Objection and Response be held on a regularly scheduled omnibus hearing that is at least thirty (30) days from the date the Response is filed or such other hearing as mutually agreed to between the Debtors, the Committee and the Purchaser and the respective Counterparty. The Debtors or the Purchaser may resolve an Objection by entering into a settlement agreement; provided, however, that the Debtors shall obtain the consent from the Purchaser prior to entering

4

into a settlement agreement that resolves an Objection. Upon entering into a settlement agreement, the Debtors or Purchaser shall file a notice of proposed settlement (a "<u>Notice of Settlement</u>"), serve such Notice of Settlement on (i) counsel for the Debtors; (ii) counsel for the Purchaser; (iii) counsel for the Committee; and (iv) the Office of the United States Trustee and provide the aforementioned parties with a minimum of five (5) business days to file an objection to the proposed settlement. In the event an objection to a proposed settlement is not filed on or before the deadline provided in the Notice of Settlement, the Debtors or the Purchaser shall be permitted to submit the proposed settlement agreement under a certification of counsel for approval by the Court without further notice or hearing. In the event an objection is filed to a proposed settlement, the Debtors or Purchaser shall file a motion under Bankruptcy Rule 9019 for approval of the proposed settlement.

11. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Date: Wilmington, Delaware
May 9, 2008

*Christopher S. Sontchi*
United States Bankruptcy Judge

DB02:6797223.3                                                                                      066585.1001