**IN THE UNITED STATES BANKRUPTCY COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| American Home Mortgage, ) | Case No. 07-11047 CSS |
| et al., ) | Chapter 11 |
| ) | Jointly Administered |
| ) | Hearing: June 11, 2008 @ 10:00 a.m. |
| Debtors. ) | Response date: June 4, 2008 |

**CITIMORTGAGE INC.'S MOTION FOR RELIEF FROM**
**THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 (d) (1)**
**AS TO 331 BALBOA DRIVE, DELANO, CALIFORNIA 93215**

NOW COMES CitiMortgage, Inc., by and through its attorneys, Whittington & Aulgur, and moves the Court for an Order granting relief from the Automatic Stay of 11 U.S.C. §362 upon the following grounds:

JURISDICTION

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 11 U.S.C. §157 and 11 U.S.C. §362.

CLAIM FOR RELIEF

2. CitiMortgage is a corporation located at P.O. Box 140334 Coppell, Texas 75014.

3. On August 6, 2007 a Chapter 11 Petition initiating this proceeding was filed by the Debtors.

4. On December 5, 2006, non-filing borrower, Jose Fransisco Cabrera, (hereinafter "Borrower") executed and delivered a Deed of Trust (hereinafter "Deed of Trust 1") in the principle sum of $162,400.00 unto Mortgage Electronic Registration Systems, Inc. as nominee for the Lender, American Home Mortgage. Said Deed of Trust 1 created a lien upon the property therein mentioned, 331 Balboa Drive, Delano, CA

93215, (hereinafter the "Property") all of which is on record in the Recorder's Office of Kern County, California. A copy of said Deed of Trust is attached hereto as Exhibit 'A".

    5.    On August 13, 2006 Mortgage Electronic Registration Systems, Inc., as nominee for the Debtor, American Home Mortgage, assigned, and transferred the Deed of Trust to Movant, CitiMortgage, Inc., a copy of which is attached hereto as Exhibit "B".

    6.    On December 5, 2006 Borrower executed and delivered another Deed of Trust (hereinafter "Deed of Trust 2") in the principle sum of $69, 600.00 unto Mortgage Electronic Registration Systems, Inc. as Nominee for the Debtor, American Home Mortgage. Said Deed of Trust 2 created a lien in second position on the Property as set forth in a Commitment for Title Insurance, a copy of the pertinent portions of which are attached hereto as Exhibit "C". Upon information and belief the Debtor still holds this Deed of Trust 2.

    7.    Debtors have no ownership interest in the Property, and their lien if any is subordinate to Movant's.

    8.    At present, Borrower is contractually delinquent and Movant seeks to exercise its contractual rights and remedies with respect to the Deed of Trust 1.

    9.    The payoff amount on the subject Deed of Trust 1 through January 8, 2008 is approximately $178,731.63. The Property has an "as is" estimated value of $255,000.00 as set forth on the Broker's Price Opinion attached hereto as Exhibit "D". After taking into account costs of sale and amount due under Deed of Trust 2 there is no equity.

10. Any potential equity would not benefit the Debtors' Estate since the Debtors holds no ownership interest in the Property and the Property is not necessary for the Debtors' reorganization.

11. The continuation of the Automatic Stay of 11 U.S.C. §362 will work real and irreparable harm upon Movant and therefore cause exists to vacate the stay to permit Movant to exercise its non-bankruptcy contractual rights and remedies against Borrowers and the Property.

WHEREFORE, CitiMortgage, Inc. hereby moves for an Order pursuant to 11 U.S.C. §362 (d) (1) terminating the Automatic Stay for cause.

WHITTINGTON & AULGUR

/s/ Kristi J. Doughty
Robert T. Aulgur, Jr.(No.165)
Kristi J. Doughty(No. 3826)
651 N. Broad Street, Suite 206
P.O. Box 1040
Middletown, DE 19709-1040
(302) 378-1661
Attorney for Movant

Dated:  May 13, 2008