AMERICAN HOME MORTGAGE )
HOLDINGS, INC. DELAWARE CORPORATION, ET AL) CASE NO. 07-11047
) (CSS)
Debtors )
)
) CLAIM #9879
CAVALIERE, ANTONIO )
C/O MOUND INVESTMENTS , LLC )
24620 SCHOENHERR ROAD )
WARREN, MI 48089 )

Response to Objection

I, Antonio Cavaliere, in response to the objection to claim declare:

1. I am the managing member of Mound Investments, LLC, landlord of offices leased by Debtor at 44444 Mound Road, Sterling Heights, MI.

2. The lease for said premises was for a term of years ending July 31, 2008. "See attached lease"

3. That as of this date Debtor has not paid rent for the months of November 2007, December 2007, January 2008, February 2008, March 2008, April 2008 and May 2008 and that the rent amount for each month is $6,766.00

4. Debtor has not completely vacated the premises and some office furniture, equipment and customer files are still at the site.

5. Landlord has been able to re-lease a portion of the premises beginning April 1, 2008 at the rate of $3,500.00 per month.

6. The mitigation of rent from Debtor has reduced the amount due per month beginning April 1, 2008 to $3,266.00.

7. The rent is due from Debtor for the prior months plus $3,266.00 for the months of April through July 2008.

8. Claimant asserts that its claim has been ongoing based upon the fact that Debtor has not vacated the premises and removed its property. Claimant has had to continue to provide service to Debtor storing its property.

9. If the Court determines that the claim is barred, Claimant requests in the alternative that an order be entered acknowledging that Debtor has abandoned all property on the leased premises and that Debtor shall have no further claims against Mound Investments, LLC and or its principals.

10. I declare under penalty perjury under the laws of the United States of America that the foregoing is true and correct.


May 05, 2008

MOUND INVESTMENTS, LLC

BY: Antonio Cavaliere

## COMMERCIAL LEASE

(1)   This Lease made this 27th day of May 2003 by and between

ANTONIO CAVALIERE, an individual
1779 Oakgrove
Hazel Park, MI 48030

the Lessor, hereinafter designated as the Landlord, and

COLUMBIA NATIONAL INC., a Maryland Corporation, d/b/a Columbia National Mortgage
44444 Mound Road
Sterling Heights, MI 48314

the Lessee, hereinafter designated as the Tenant.

**DESCRIPTION** (2)   WITNESSETH: The Landlord, in consideration of the rents to be paid and the covenants and agreements to be performed by the Tenant, does hereby lease unto the Tenant the following described premises situated in the City of Sterling Heights, County of Macomb, State of Michigan.

To-wit: General office space containing approximately 2,823 square feet, more commonly known as Sterling North Office Building, 44444 Mound Road, as per Exhibit "A" attached to and made a part hereof.

**TERM** (3)   For the term of five (5) years from and after the 1st day of ~~July~~ August 2003 fully to be completed and ended, the Tenant yielding and paying the continuance of the lease unto the Landlord for rent of said premises.

**RENT** (4)   For said term, the rental only sum of Two Hundred Fifty-two Thousand Two Hundred Eighty-eight Dollars ($252,288.00) in lawful money of the United States payable in monthly installments in advance, upon the 1st day of each and every month as follows:

| Year   | Rate              | Monthly              |
|--------|-------------------|----------------------|
| Year 1: | $16.50 per sq. ft. | $3,882.00 per month |
| Year 2: | $17.16 per sq. ft. | $4,037.00 per month |
| Year 3: | $17.85 per sq. ft. | $4,198.00 per month |
| Year 4: | $18.56 per sq. ft. | $4,366.00 per month |
| Year 5: | $19.30 per sq. ft. | $4,541.00 per month |

First month's rent and security deposit are acknowledged.

The Tenant hereby hires the said premises for said term as above mentioned and covenants well and truly to pay, or cause to be paid unto the Landlord at the dates and times above mentioned, the rent above reserved.

**INSURANCE** (5)   In addition to the rentals hereinbefore specified, the Tenant agrees to pay as additional rental any increases on premiums for insurance against loss by fire that may be charged during the term of this lease on the amount of insurance now carried by the Landlord on the premises resulting from the business carried on in the leased premises by the Tenant or the character of its occupancy, whether or not the Landlord has consented to same, or either correct condition or terminate Lease.

(6)   If the Tenant shall default in any payment or expenditure other than rent required to be paid or expended by the Tenant under the terms hereof, the Landlord may at his option make such payment or expenditure, in which event the amount thereof shall be payable as rental to the Landlord by the Tenant on the next ensuing rent day together with interest at 12% per annum from the date of such payment or expenditure by the Landlord and on default in such payment the Landlord shall have the remedies as on default in payment of rent.

~~_____ shall personally guarantee rent payment during the term of this Lease, provided however that the Tenant is not in default of any of the terms and conditions of this Lease. See attached personal guarantee form.~~

53. **TERMINATION:**

In the event of any failure of Tenant to pay any rental or other charges due hereunder within five (5) days after the same shall be due, or any failure to perform any other of the terms, conditions or covenants of this Lease to be observed or performed by Tenant for more than thirty (30) days after written notice of such default shall have been mailed to Tenant, or if Tenant shall abandon said premises, or permit this Lease to be taken under any writ of execution, then the Landlord, besides other rights or remedies it may have, shall have the right by three (3) days notice to declare this Lease terminated and the term ended (in which event, upon expiration of such three (3) day period, this Lease the term hereof shall expire, cease and terminate with the same force and effect as though the date set forth in said notice were the date originally set forth herein and fixed for the expiration of the term and Tenant shall vacate and surrender the premises but shall remain liable as hereafter provided) and Landlord shall have the right to bring a special proceeding to recover possession from the Tenant holding over and/or Landlord, may in any such events, without notice, re-enter the demised premises either by force or otherwise, and dispossess by summary proceedings or otherwise, Tenant and the legal representative of Tenant or other occupant of demised premises and remove their effects and hold the premises as if this Lease had not been made, and Tenant hereby waives the service of notice of intention to re-enter to institute legal proceedings to that end. If Tenant shall make default hereunder prior to the date fixed as the commencement of any renewal or extension of this Lease, Landlord may cancel and terminate such renewal or extension agreement by written notice. In the event of re-entry by Landlord, Landlord may remove all persons and property from the leased premises and such property may be removed and stored in a public warehouse or elsewhere at the cost of, and for the account of Tenant, without notice or resort to legal process and without being deemed guilt of trespass, or becoming liable for any loss or damage which may be occasioned thereby.

54. **LEGAL APPROVAL:**

This Lease has been prepared by Landlord or its authorized representative for submission to Tenant for approval. No representation or recommendation is made by BERCICH REALTY as to legal sufficiency, legal effect, or tax consequences of this Lease or the transaction relating thereto; and the parties shall rely solely upon the advice of his own legal counsel as to the legal and tax consequences for this Lease.

55. **RIDER TO GOVERN:**

The provisions of this Rider shall govern where inconsistent with the printed provisions of the body of this Lease.

WITNESSED BY:

*[signature]*
Andrea M. Bercich

LANDLORD:

ANTONIO CAVALIERE, an individual

By *[signature]*
Antonio Cavaliere

TENANT:
COLUMBIA NATIONAL INC.
A _Maryland_ Corporation
D/B/A COLUMBIA NATIONAL MORTGAGE

By: *[signature]*
V.P.

FIRST AMENDMENT TO LEASE DATED MAY 27, 2003 BY AND BETWEEN MOUND INVESTMENTS L.L.C., A MICHIGAN LIMITED LIABILITY COMPANY, SUCCESSOR IN INTEREST TO ANTONIO CAVALIERE, AN INDIVIDUAL, AS LANDLORD, AND AMERICAN HOME MORTGAGE CORP., A NEW YORK CORPORATION, SUCCESSOR IN INTEREST TO COLUMBIA NATIONAL, INCORPORATED, A MARYLAND CORPORATION, AS TENANT.

Anything in the printed form of this Lease to the contrary notwithstanding, it is agreed that:

1. Landlord and Tenant hereby reaffirm, ratify, and restate in full all of the terms, conditions and covenants of the Lease, except as set forth in this Amendment.

2. Tenant warrants that Tenant has accepted, and is now in possession of, the Premises consisting of 2,823 rentable sq. ft. known as Suite 200, and has accepted the Premises in its "as-is" condition, and that the Lease is valid and presently in full force and effect.

3. Effective July 1, 2006, the demised premises are hereby increased to include the adjacent suite currently known as Suite 600 as noted on the attached Exhibit "A", consisting of 1,683 rentable sq. ft., thereby bringing the total leased space to 4,506 rentable sq. ft. The monthly rent for the additional space is described below, and the Tenant shall be responsible for all utility charges (gas and electric) associated with the additional square footage for the entire term of the Lease:

Additional Space Only:

| | | |
|---|---|---|
| 07/01/06 to 07/31/06 | $16.40/sq. ft. | $2,300.00 per month* |
| 08/01/06 to 07/31/07 | $17.11/sq. ft. | $2,400.00 per month |
| 08/01/07 to 07/31/08 | $17.83/sq. ft. | $2,500.00 per month |

*rent for this time period shall be pro-rated to actual days of Tenant's occupancy

4. The Tenant accepts the additional premises in "as-is" condition, except that the Landlord shall, at its expense, join the original premises and the additional space together by removing one of the existing restrooms in the original premises to make a hallway between the two suites.

5. All other terms and conditions of the Lease shall remain in full force and effect for the term of this Lease and any extension period(s).

In witness hereof, the parties hereto have set their hands this 21th day of June, 2006.

MOUND INVESTMENTS L.L.C., a Michigan Limited Liability Company (Landlord)

By: _____
    Antonio Cavaliere, Member

AMERICAN HOME MORTGAGE CORP., a New York Corporation (Tenant)

By: _____

Consult Your Attorney: If this Lease Addendum has been filled in, it has been prepared for submission to your attorney for his approval. No representation or recommendation is made as to the legal sufficiency, legal effect, or tax consequences of this Lease Addendum.

JUN 19 2006 15:38