IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------- x

In re:     :   Chapter 11

    :

AMERICAN HOME MORTGAGE HOLDINGS, INC.,     :   Case No. 07-11047 (CSS)

a Delaware corporation, <u>et al.</u>, [1]     :

    :   Jointly Administered

    Debtors.     :

------------------------------------------------------------------------- x

Objection Deadline:  June 9, 2008 at 4:00 p.m.

Hearing Date: N/A

## NOTICE OF APPLICATION

TO:     The Debtors, the United States Trustee, Counsel for the Official Committee of Unsecured Creditors, Counsel for the Administrative Agent, Counsel for the DIP Agent, and Milestone Advisors, LLC.

       The **Seventh Monthly Application of Quinn Emanuel Urquhart Oliver & Hedges LLP, Special Investigatory Litigation and Conflicts Counsel to the Debtors, for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses During the Period From February 1, 2008 through February 29, 2008** (the "Application") has been filed with the Bankruptcy Court.  The Application seeks allowance of interim fees in the amount of $172,783.00 and interim expenses in the amount of $9,484.53.

       Objections to the Application, if any, are required to be filed on or before **June 9, 2008 at 4:00 p.m. (ET)** (the "Objection Deadline") with the Clerk of the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801.

       At the same time, you must also serve a copy of the response so as to be received by the following on or before the Objection Deadline: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.:  Alan Horn, General Counsel); (ii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.:  James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("<u>AHM Holdings</u>") (6303); American Home Mortgage Investment Corp. ("<u>AHM Investment</u>"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("<u>AHM Acceptance</u>"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("<u>AHM Servicing</u>"), a Maryland corporation (7267); American Home Mortgage Corp. ("<u>AHM Corp.</u>"), a New York corporation (1558); American Home Mortgage Ventures LLC ("<u>AHM Ventures</u>"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("<u>Homegate</u>"), a New York corporation (7491); and Great Oak Abstract Corp. ("<u>Great Oak</u>"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Jeffrey M. Levine); (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, counsel to the Committee; (v) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (vi) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; (vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon) and, Quinn Emanuel Urquhart Oliver & Hedges LLP, 51 Madison Avenue, 22nd Fl., New York, New York 10010 (Attn: James C. Tecce)

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Application will be held at a date and time to be determined before the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801.

PLEASE TAKE FURTHER NOTICE THAT PURSUANT TO THE ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS [DOCKET NO. 547], IF NO OBJECTIONS ARE FILED AND SERVED IN ACCORDANCE WITH THE ABOVE PROCEDURE, THE DEBTORS WILL BE AUTHORIZED TO PAY 80% OF REQUESTED INTERIM FEES AND 100% OF REQUESTED INTERIM EXPENSES WITHOUT FURTHER ORDER OF THE COURT.

Dated: Wilmington, Delaware
      May 19, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Patrick A. Jackson
_____

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and
Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x

In re:                                              :
                                                    :
                                                    :        Chapter 11
                                                    :
AMERICAN HOME MORTGAGE                               :
HOLDINGS, INC., a Delaware corporation, et al.,     :        Case No. 07-11047 (CSS)
                                                    :
                                                    :        Jointly Administered
                                                    :
                        Debtors.                    :

-----------------------------------------------------------x

**SEVENTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE <u>PERIOD FROM FEBRUARY 1, 2008 THROUGH FEBRUARY 29, 2008</u>**

| | |
|---|---|
| Name of applicant: | <u>Quinn Emanuel Urquhart Oliver & Hedges, LLP</u> |
| Authorized to provide professional services to: | <u>Debtors</u> |
| Date of retention: | <u>September 13, 2007 (nunc pro tunc to August 10, 2007)</u> |
| Period for which compensation and reimbursement is sought: | <u>February 1, 2008 - February 29, 2008</u> |
| Amount of compensation requested: | $172,483.00 |
| Amount of expense reimbursement requested: | $9,484.53 |

This is an:____X____ interim _____ final application.

This is the seventh monthly fee application filed by Quinn Emanuel Urquhart Oliver & Hedges, LLP in these cases.

**Prior Applications:**

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Nov. 21, 2007 / Docket No. 2141 | August 10, 2007 - August 31, 2007 | $217,865.00 | $1,404.26 | $217,865.00 | $1,404.26 |
| Nov. 21, 2007 / Docket No. 2142 | September 1, 2007 - September 30, 2007 | $293,619.00 | $37,757.62 | $293,619.00 | $37,757.62 |
| Dec. 4, 2007 / Docket No. 2277 | October 1, 2007 - October 31, 2007 | $497,748.00 | $36,429.13 | $497,748.00 | $36,429.13 |
| Feb. 7, 2007 / Docket No. 2897 | November 1, 2007 - November 30, 2007 | $287,397.00 | $13,334.64 | $287,397.00 | $13,289.64 |
| Mar. 17, 2008 / Docket No. 3326 | December 1, 2007 - December 31, 2007 | $123,807.25 | $17,100.11 | $123,807.25 | $15,285.06 |
| Mar. 17, 2008 / Docket No. 3327 | January 1, 2008 - January 31, 2008 | $204,209.75 | $7,435.31 | $204,209.75 | $7,112.55 |

**ATTACHMENT TO SEVENTH MONTHLY FEE APPLICATION OF
QUINN EMANUEL URQUHART OLIVER & HEDGES LLP: SPECIAL INVESTIGATORY,
LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS.**

| NAME | POSITION; EXPERIENCE | HOURLY RATE | TOTAL HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Duane Lyons | Partner for 6 years; admitted in 1986 | $760 | 11.3 | $8,588.00 |
| James Tecce | Of Counsel for 1 year; admitted in 1995 | $605 | 101.2 | $61,226.00 |
| Kristelia A. Garcia | Associate for 4 years, admitted in 2004. | $400 | 22.7 | $9,080.00 |
| Robert K. Dakis | Associate for 3 years, admitted in 2004 | $385 | 82.8 | $31,878.00 |
| Harrison Denman | Associate for 2 years, admitted in 2006 | $375 | 127.6 | $47,475.00 |
| Aidan McGlaze | Associate for 1 year, admitted in 2008 | $355 | 22.9 | $8,129.50 |
| S. Tyler Ricci | Paralegal | $235 | 20.5 | $4,817.50 |
| Grace Yoon | Paralegal | $235 | 0.2 | $47.00 |
| Constance Drew | Litigation Support | $90 | 6.8 | $612.00 |
| Juan Londono | Litigation Support | $150 | 4.2 | $630.00 |
| **TOTAL** | | **$430.99 (BLENDED RATE)** [1] | **400.2 HOURS** | **$172,483.00** |

---

[1]    The blended rate <u>excluding</u> paraprofessionals is $451.50 per hour.

### SUMMARY TABLE OF SERVICES RENDERED DURING
### SEVENTH MONTHLY FEE PERIOD
### (FEBRUARY 1, 2008 TO FEBRUARY 29, 2008 )

| ACTIVITY | HOURS | FEES |
|---|---|---|
| Case Management/Calendar Maintenance/Service of Pleadings | 3.9 | $916.50 |
| Fee Application/Fee Issues | 16.2 | $4,571.00 |
| Insurance Issues | 68.6 | $30,409.00 |
| Lender Claims | 220.7 | $90,816.50 |
| Non-Working Travel (Only 50% Requested) | 2.0 | $750.00 (less $375.00) |
| Recharacterization | 88.8 | $45,395.00 |
| **TOTAL** | **400.2** | **$172,483.00** |

## SUMMARY BY CATEGORY TYPE OF DISBURSEMENTS BILLED
### (FEBRUARY 1, 2008 TO FEBRUARY 29, 2008 )

| DISBURSEMENTS | AMOUNT |
|---|---|
| Air Travel | $2,808.81 |
| Car Rental | $181.34 |
| Client Meals | $252.72 |
| Electronic Discovery Costs | $2,375.00 |
| Lexis | $1,371.86 |
| Local Travel | $268.00 |
| Document Production Costs | $65.00 |
| Document Scanning | $2.30 |
| Document Reproduction | $2.10 |
| Taxi | $6.00 |
| Telephone | $569.73 |
| Westlaw | $1,581.67 |
| **TOTAL DISBURSEMENTS** | **$9,484.53** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x
In re:                                           :
                                                 :
                                                 :          Chapter 11
                                                 :
AMERICAN HOME MORTGAGE                            :
HOLDINGS, INC., a Delaware corporation, et al.,  :          Case No. 07-11047 (CSS)
                                                 :
                                                 :          Jointly Administered
                                                 :
                         Debtors.                :
-----------------------------------------------------------x          **Objection Deadline:**


**SEVENTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER &
HEDGES LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL
TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE
<u>PERIOD FROM FEBRUARY 1, 2008 FEBRUARY 29, 2008</u>**

Quinn, Emanuel, Urquhart, Oliver & Hedges LLP ("**Quinn Emanuel**"), special

investigatory, litigation and conflicts counsel to American Home Mortgage Holdings, Inc., a

Delaware Corporation, and its affiliated debtors and debtors-in-possession in the above-

captioned cases (collectively, the "**Debtors**" or "**American Home**"), hereby submits its

application (the "**Application**") to this Court pursuant to sections 330 and 331 of chapter 11 of

title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), Local Rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedure For United States Bankruptcy Court For the District of

Delaware ("**Local Rule No. 2016-2**"), for an order (i) allowing compensation of $172,483.00 for

actual, reasonable and necessary professional services rendered, and reimbursement of $9,484.53

for actual, reasonable and necessary expenses incurred during the period from February 1, 2008

through February 29, 2008 (the "**Seventh Monthly Fee Period**"),[2] and (ii) authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $147,470.93, which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of expense reimbursement, and represents as follows:

## I.    INTRODUCTION

### A.    Background

      1.    Bankruptcy Filing. On August 6, 2007, (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      2.    Jurisdiction. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases and this Application is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Local Rule No. 2016-2. This Application is made pursuant to the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant To Sections 331 and 105(a) of the Bankruptcy Code (the "**Compensation Order**"), entered on September 3, 2007 by this Court.

---

[2]    Certain fees and expenses requested by Quinn Emanuel in the Application relate to services rendered in prior fee application periods. Quinn Emanuel has not previously requested such fees or expenses in any prior application.

**B.**    **Retention Of Quinn Emanuel And Billing History**

3.    On September 13, 2007, the Court authorized Quinn Emanuel's retention as special investigatory, litigation and conflicts counsel to American Home nunc pro tunc to August 10, 2007, pursuant to the Order Pursuant to Section 327(a) of The Bankruptcy Code and Bankruptcy Rule 2014(a) Approving the Retention of Quinn, Emanuel Urquhart Oliver & Hedges, LLP, Nunc Pro Tunc, as Special Investigatory, Litigation and Conflicts Counsel for the Debtors (Docket No. 741) (the "**Retention Order**").  The Retention Order authorized Quinn Emanuel to be compensated pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court, including the Compensation Order.

4.    This Application is Quinn Emanuel's seventh monthly application for approval and allowance of compensation. Quinn Emanuel makes this monthly application for approval and allowance of compensation pursuant to section 331 of the Bankruptcy Code and the Compensation Order.  No prior application has been made to this or any other court for the relief requested herein, nor has payment been received by Quinn Emanuel for legal services provided to and on behalf of the Debtors, or for out-of-pocket expenses incurred in connection therewith.

5.    Quinn Emanuel has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

6.    No promises have been received by Quinn Emanuel or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

## II.    CASE STATUS

7.    As of the date hereof, no disclosure statements or plans of reorganization have been filed in respect of the Debtors.

## III.    APPLICATION

8.    By this Application, Quinn Emanuel is seeking (a) allowance of reasonable compensation for actual and necessary professional services rendered by Quinn Emanuel, as special investigatory, litigation and conflicts counsel for the Debtors, during the Seventh Monthly Fee Period, and (b) reimbursement of actual, reasonable and necessary expenses incurred by Quinn Emanuel in connection with such services during the Seventh Monthly Fee Period.

9.    Specifically, Quinn Emanuel seeks approval of the sum of $172,483.00 for actual, reasonable and necessary legal services rendered on behalf of the Debtors during the Seventh Monthly Fee Period, and $9,484.53 for reimbursement of actual, reasonable and necessary expenses incurred in connection with the rendition of such services. The fees sought by the Application reflect an aggregate of 400.2 hours of attorney and paraprofessional time spent and recorded in performing services for the Debtors during the Seventh Monthly Fee Period, at a blended average hourly rate of $430.99 for both professionals and paraprofessionals. The blended hourly rate for professionals only is $451.50.

10.    Quinn Emanuel rendered to the Debtors all services for which compensation is sought solely in connection with these cases, in furtherance of the duties and functions of the Debtors.

11.    Quinn Emanuel maintains written records of the time expended in the rendition of the professional services required by the Debtors. These records are maintained in

the ordinary course of Quinn Emanuel's practice. For the convenience of the Court and parties in interest, attached hereto as part of the cover sheet, is a billing summary for the Seventh Monthly Fee Period, setting forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate of the time expended by each such attorney and paraprofessional, the hourly billing rate for each such attorney and paraprofessional at Quinn Emanuel's current billing rates, and an indication of the individual amounts requested as part of the total amount of compensation requested. Also set forth in the billing summary is additional information indicating whether each attorney is a partner or associate, and how many years each attorney has held such position. The compensation requested by Quinn Emanuel is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

12.    Attached hereto as Exhibit "A" are time entry records broken down in tenths of an hour by project category, in accordance with the U.S. Trustee Guidelines, setting forth a detailed description of services performed by each attorney and paraprofessional on behalf of the Debtors.

13.    Quinn Emanuel also maintains records of all actual and necessary expenses incurred in connection with the performance of professional services, a summary of which also is attached hereto as part of the cover sheet. The summary lists the amounts and categories of expenses for which reimbursement is sought. Attached hereto as Exhibit "B" is a summary of the expenses, including the date the expense was incurred and the charge.

## IV.    SUMMARY OF PROFESSIONAL SERVICES RENDERED

14.    To provide an orderly and meaningful summary of the services rendered on behalf of the Debtors by Quinn Emanuel, in accordance with the U.S. Trustee Guidelines,

Quinn Emanuel has established the following separate project billing categories in connection with these cases:

a) Bank/Thrift Issues
b) Cash Collateral and DIP Financing
c) Case Management/Calendar Maintenance/Service of
d) Class Actions
e) Court Hearings
f) Creditor Inquiries
g) Employee Issues
h) Fee Application Preparation/Fee Issues
i) Government Issues/Investigations
j) Insurance Issues
k) Lender Claims
l) Meetings
m) Non-Working Travel (Only 50% Requested)
n) Other Conflicts
o) Plan and Disclosure Statement
p) Recharacterization
q) Retention of Professionals
r) Rule 2004 Investigations
s) Servicing Platform Issues
t) Stay Relief Matters
u) Travel Time

15.    The following summary is intended only to highlight a number of the services rendered by Quinn Emanuel in the separate project billing categories where Quinn Emanuel expended a considerable number of hours on behalf of the Debtors.  It is not meant to be a detailed description of all of the work performed by Quinn Emanuel during the Seventh Monthly Fee Period.  Detailed descriptions of the day-to-day services provided by Quinn Emanuel and the time expended performing such services in each project billing category are fully set forth in Exhibit "A" hereto.  Such detailed descriptions show that Quinn Emanuel was heavily involved in the performance of services for the Debtors on a daily basis, including night and weekend work, often under extreme time pressure to meet the needs of the Debtors in these cases.

A.    **Insurance Issues**:  (Total Hours:  68.6; Total Fees:  $30,409.00)

16.    On November 5, 2007, Quinn Emanuel attorneys filed, on American Home's behalf, a complaint again one of its mortgage insurers, Triad Guaranty Insurance Corp. ("**Triad**").  The complaint alleges that Triad violated certain insurance policies and agreements among the Debtors and Triad when Triad cancelled insurance certifications for fourteen loans originated by the Debtors and denied coverage for those loans.  In response to the complaint, Triad filed an answer and counterclaim against American Home on December 6, 2007.  On December 26, 2007, Quinn Emanuel attorneys filed, on American Home's behalf, an answer to Triad's counterclaim.

17.    During the Seventh Monthly Fee Period, Quinn Emanuel attorneys engaged in various aspects of the discovery process with Triad.  In particular, Quinn Emanuel attorneys drafted, on American Home's behalf, various discovery demands including interrogatories and requests for the production of documents by Triad.  Quinn Emanuel attorneys also reviewed and analyzed various discovery requests served by Triad, including Triad's interrogatories and requests for the production of documents by American Home.  During the Seventh Monthly Fee Period, Triad also requested that American Home make available a representative or employee for deposition.  Thereafter, Quinn Emanuel attorneys made an employee of American Home, Chris Cavaco, available for deposition by Triad.  Pursuant to Triad's request, on February 11, 2008, Triad deposed Cavaco at the offices of Quinn Emanuel (the "**Cavaco Deposition**").  Quinn Emanuel attorneys represented and defended Cavaco at the Cavaco Deposition.

B.    **Lender Claims**: (Total Hours: 220.7; Total Fees: $90,816.50)

*Bank of America Litigation*

18.    On October 22, 2007, Quinn Emanuel attorneys, on behalf of American Home Mortgage Servicing, Inc. and the Broadhollow and Mellville special purpose entities (the "**American Home Parties**"), filed a complaint against BofA alleging, among other things, that BofA breached two "swap" agreements by failing to make allegedly required payments.  After the American Home Parties filed an amended complaint on November 16, 2007, the parties entered into a stipulated briefing schedule on December 11, 2007.

19.    On January 7, 2008, Bank of America filed a motion to dismiss the complaint and an opening brief in support thereof, alleging that the Bankruptcy Court lacks subject matter jurisdiction to hear the dispute.  Thereafter, on January 28, 2008, American Home filed an answering brief in response to Bank of America's opening brief.  On February 21, 2008, Bank of America filed a reply brief in support of its motion to dismiss.  During the Seventh Monthly Fee Period, Quinn Emanuel attorneys reviewed and analyzed Bank of America's reply and prepared, on American Home's behalf, a citation of subsequent authority, which was filed on February 14, 2008.

*Wells Fargo Litigation*

20.    On October 25, 2007, Wells Fargo Bank N.A. ("**Wells Fargo**") filed a complaint in the nature of interpleader against the Debtors and several Bear Stearns entities and affiliates ("**Bear Stearns**").  In its complaint, Wells Fargo seeks to resolve competing claims asserted by the Debtors and Bear Stearns to a monthly payment owing on account of a trust certificate owned by the Debtors and allegedly foreclosed upon by Bear Stearns.  Quinn Emanuel

attorneys, on behalf of the Debtors, filed an Answer to Wells Fargo's complaint on December 11, 2007. The parties entered into the finalized scheduling stipulation on January 14, 2008.

21.    During the Seventh Monthly Fee Period, Quinn Emanuel attorneys also engaged in various aspects of the discovery process with Wells Fargo and Bear Stearns. In particular, Quinn Emanuel attorneys drafted American Home's initial disclosures and requests for production of documents from Wells Fargo and Bear Stearns, served on February 6, 2008 and February 11, 2008, respectively. Bear Stearns served American Home with its request for the production of documents on February 11, 2008 (the "**Bear Requests**"). During the Seventh Monthly Fee Period, Quinn Emanuel attorneys prepared responses to the Bear Requests and began the process of reviewing responsive non-privileged documents. Ultimately, on March 3, 2008, Quinn Emanuel attorneys produced documents responsive to the Bear Requests.

### *Lender Claims*

22.    Prior to the Petition Date, the Debtors were party to various agreements with financial institutions, including purported repurchase and secured loan agreements. Many of these lenders made margin calls totaling hundreds of millions of dollars immediately prior to the Petition Date and began exercising remedies. Quinn Emanuel, on behalf of the Debtors, is in the process of reviewing these events and the facts and circumstances surrounding them to determine whether they give rise to any estate claims or causes of action.

C.    **Recharacterization**:  (Total Hours: 88.8; Total Fees: $45,395.00)

23.    Shortly after the commencement of the Debtors' Chapter 11 cases, three of its warehouse lenders, Credit Suisse First Boston Mortgage Capital LLC ("**CSFB**"), Calyon New York Branch ("**Calyon**"), and Bear Stearns Mortgage Capital Corporation ("**Bear Stearns**"), filed emergency applications for injunctive relief seeking the entry of Orders directing the

Debtors to turn over certain files relating to servicing mortgage loans and to surrender certain

servicing rights.

       24.    American Home agreed to coordinate these cases to be tried on an

expedited basis, with expedited discovery and trial scheduled for early November 2007.

Ultimately, the trial commenced on November 5, 2007 with respect to both Credit Suisse and

Calyon (Bear Stearns settled shortly before). Credit Suisse settled its adversary proceeding prior

to the conclusion of trial, which spanned four days until November 8, 2007. Closing arguments

were held on November 26, 2007. Ultimately, the Court issued its decision on January 4, 2008

(the "**Phase I Decision**"). On January 25, 2008, Calyon filed a motion to amend the Phase I

Decision ("**Calyon Motion**").

       25.    During the Seventh Monthly Fee Period, Quinn Emanuel attorneys

dedicated considerable time and effort to the litigation, including, among other things:

- Reviewing and analyzing the Calyon Motion;

- Researching arguments for, and drafting American Home's response to the Calyon Motion, which was filed on February 8, 2008; and

- Reviewing and analyzing theories and arguments for the second phase of litigation with Calyon (i.e. "Phase II"), including drafting and reviewing counterclaims against Calyon.

**V.    FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES**

       26.    The factors to be considered in awarding attorneys fees have been

enumerated in In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir.

1977), cert. denied, 431 U.S. 904, which standards have been adopted by most courts. See, e.g.,

In re Lan Assoc., 192 F.3d 109, 123 n.8 (3d. Cir. 1999) (suggesting First Colonial factors apply

to § 330 compensation requests). Quinn Emanuel respectfully submits that a consideration of

these factors should result in this Court's allowance of the full compensation sought.

(1)     The Time and Labor Required.  The professional services rendered by Quinn
        Emanuel on behalf of the Debtors have required the continuous expenditure of
        substantial time and effort, under time pressures which sometimes required the
        performance of services late into the evening and, on a number of occasions, over
        weekends. The services rendered required a high degree of professional
        competence and expertise in order to be administered with skill and dispatch.

(2)     The Novelty and Difficulty of Questions.  Novel and complex issues have already
        arisen in the course of the Chapter 11 Cases, and it can be anticipated that other
        such issues will be encountered.  In these cases, as in many others in which the
        firm is involved, Quinn Emanuel's effective advocacy and creative approach to
        problem solving have helped clarify and resolve difficult issues and will continue
        to prove beneficial.

(3)     The Skill Requisite to Perform the Legal Services Properly.  Quinn Emanuel
        believes that its recognized expertise in the area of bankruptcy related litigation
        and its practical approach to the resolution of issues are contributing to
        maximizing the size of the Debtors' estate.

(4)     The Preclusion of Other Employment by Applicant Due to Acceptance of the
        Case.  The matters in which Quinn Emanuel's bankruptcy litigation practice group
        are involved need attention on a continuous basis and require several of Quinn
        Emanuel's attorneys to commit significant portions of their time to these cases.

(5)     The Customary Fee.  The compensation sought herein is based upon Quinn
        Emanuel's normal hourly rates for services of this kind. Quinn Emanuel
        respectfully submits that the compensation sought herein is not unusual given the
        magnitude and complexity of these cases and the time dedicated to the
        representation of the Debtors.  Such compensation is commensurate with fees
        charged by other attorneys of comparable experience.

(6)     Whether the Fee is Fixed or Contingent.  Quinn Emanuel charges customary
        hourly rates for the time expended by its attorneys and paraprofessionals in
        representing the Debtors and Quinn Emanuel's fee is not outcome dependent.
        Pursuant to sections 330 and 331 of the Bankruptcy Code, all fees sought by
        professionals retained under section 327 or 1103 of the Bankruptcy Code are
        contingent pending final approval by the Court, and are subject to adjustment by
        the Court depending upon the services rendered and the results obtained.

(7)     Time Limitation Imposed by Client or Other Circumstances.  As stated above,
        Quinn Emanuel has been required to attend to various issues as they have arisen
        in these cases.  Occasionally, Quinn Emanuel has had to perform those services
        under significant time constraints requiring attorneys and paraprofessionals
        assigned to these cases to work evenings and on weekends.

(8)    <u>The Amount Involved and Results Obtained</u>.  Through the efforts of Quinn Emanuel, the Debtors are poised to initiate actions against Third Parties and maximize value for the Debtors' estates.

(9)    <u>The Experience, Reputation and Ability of the Attorneys</u>.  Quinn Emanuel's attorneys involved in this representation have played a major role in numerous complex restructurings including, for example, the chapter 11 cases of Refco Inc., Enron Corp., <u>et al.</u>, Safety-Kleen Corp., <u>et al.</u>, and Adelphia Communications Corp., <u>et al.</u>  Quinn Emanuel's experience enables it to perform the services described herein competently and expeditiously.

(10)   <u>The "Undesirability" of the Case</u>.  These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of Quinn Emanuel's attorneys.

(11)   <u>Nature and Length of Professional Relationship</u>.  Quinn Emanuel was selected as the Debtors special investigatory, litigation and conflicts counsel shortly after the Petition Date, on August 10, 2007, and was retained <u>nunc</u> <u>pro</u> <u>tunc</u> to that date pursuant to an order of this Court dated September 13, 2007.

## VI.    ALLOWANCE OF COMPENSATION

27.    The professional services rendered by Quinn Emanuel have required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and action by the Debtors could be addressed with skill and dispatch.  It is respectfully submitted that the services rendered to the Debtors were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' estates.

28.    The allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> Any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331.  This Court has authorized the filing of this Application in the Compensation Order.

29.     With respect to the level of compensation, section 330(a)(1) of the

Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person:

"reasonable compensation for actual, necessary services rendered."  Section 330(a)(3)(A), in

turn, provides that:

> [i]n determining the amount of reasonable compensation to be
> awarded, the court shall consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including -
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration
>         of, or beneficial at the time which the service was rendered
>         toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable
>         amount of time commensurate with the complexity,
>         importance, and nature of the problem, issues or task
>         addressed; and
>
> (E)     whether the compensation is reasonable based on the
>         customary compensation charged by comparably skilled
>         practitioners in cases other than cases under this title.

11 U.S.C. § 330(a) (3) (A).

30.     The congressional policy expressed in this statute is to provide for

adequate compensation in order to continue to attract qualified and competent professionals to

bankruptcy cases.  See In re Busy Beaver Building Centers, Inc., 19 F.3d 833, 850 (3d Cir. 1994)

("Congress rather clearly intended to provide sufficient economic incentive to lure competent

bankruptcy specialists to practice in the bankruptcy courts") (citation and internal quotation

marks omitted).

31.     The total time spent by Quinn Emanuel attorneys and paraprofessionals

during the Seventh Monthly Fee Period was 400.2 hours, which services have a fair market value

of $172,483.00. As shown by this Application and supporting exhibits, Quinn Emanuel spent its time economically and without unnecessary duplication of time (or duplication of the efforts of the Debtors' other retained professionals). In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

## VII.    EXPENSES

32.    Quinn Emanuel has expended the total amount of $9,484.53 in actual, reasonable and necessary expenses in connection with representing the Debtors during the Seventh Monthly Fee Period. Quinn Emanuel maintains records of all actual and necessary expenses incurred in connection with the performance of professional services. A breakdown of expenses, including the date the expense was incurred and the charge, is annexed hereto as Exhibit "B."

33.    In connection with the reimbursement of actual, reasonable and necessary expenses, it is Quinn Emanuel's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to Quinn Emanuel's clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, document word-processing charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses particularly attributable to an individual client or cases such as secretarial and other overtime.

34.    Quinn Emanuel charges the Debtors for these expenses at rates consistent with those charged to Quinn Emanuel's other bankruptcy clients, which rates are equal to or less

than the rates charged by Quinn Emanuel to its non-bankruptcy clients. Quinn Emanuel seeks

reimbursement from the Debtors at the following rates for the following expenses: (a) ten cents

per page for photocopying; and (b) one dollar per page for out-going facsimiles. In accordance

with section 330 of the Bankruptcy Code and with the U.S. Trustee Guidelines, Quinn Emanuel

will seek reimbursement only for the actual cost of such expenses to Quinn Emanuel.

35.    In providing or obtaining from third parties services which are

reimbursable by clients, Quinn Emanuel does not include in such reimbursable amount any costs

of investment, equipment or capital outlay, except that the reimbursable cost of photocopying

and faxes includes a factor for the cost of equipment.

36.    Quinn Emanuel regularly charges its non-bankruptcy clients for ordinary

business hour fees and expenses for secretarial, library, word processing, and other staff services

because such items are not included in the firm's overhead for the purpose of setting the billing

rates.

37.    Attorneys at Quinn Emanuel have not incurred expenses for luxury

accommodations, deluxe meals or air travel in excess of coach fares. Throughout the Seventh

Monthly Fee Period, Quinn Emanuel has been keenly aware of cost considerations and has tried

to minimize the expenses charged to the Debtors' estates.

### VIII.  NOTICE

38.    No trustee or examiner has been appointed in these chapter 11 cases.

Notice of this Application has been given to (a) the United States Trustee, (b) the Debtors,

(c) counsel for the Debtors, (d) the Creditors' Committee, and (e) counsel for the Creditors'

Committee. Quinn Emanuel submits that no further notice need be given in accordance with the

Compensation Order.

IX.    **CONCLUSION**

**WHEREFORE**, Quinn Emanuel respectfully requests the Court to enter an order, substantially in the form attached hereto (i) approving and allowing Quinn Emanuel compensation in the amount of $172,483.00 for actual, reasonable and necessary professional services rendered and reimbursement of $9,484.53 for actual, reasonable and necessary expenses incurred, and authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $147,470.93, which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of such expense reimbursement; and (ii) granting such further relief as is just.

Dated: Wilmington, Delaware
     May 16 2008

                  **QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**

                  By _____

                        James C. Tecce
                        Susheel Kirpalani
                        Harrison L. Denman

                        51 Madison Avenue, 22nd Floor
                        New York, New York  10010
                        Telephone:  (212) 849-7000
                        Telecopier: (212) 849-7100

**EXHIBIT B**

Summary by Expenses Incurred
(February 1, 2008 through February 29, 2008)

| Date Posted | Expense / Date Incurred | Amount |
|---|---|---|
| 12/07/07 | Telephone | $13.84 |
| 12/07/07 | Telephone | $2.19 |
| 12/07/07 | Telephone | $9.92 |
| 12/17/07 | Telephone | $.55 |
| 12/28/07 | Air Travel/Agent Fee | $49.00 |
| 12/28/07 | Air Travel/Agent Fee (D. Lyons, from NY to LA on 10/31/07) | $1065.92 |
| 12/28/07 | Air Travel/Agent Fee (D. Lyons, from LA to NY on 10/28/07) | $1630.72 |
| 12/28/07 | Air Travel/Agent Fee | $23.50 |
| 12/28/07 | Air Travel/Agent Fee | $23.50 |
| 12/28/07 | Air Travel/Agent Fee | $16.17 |
| 1/8/07 | Document Scans | $2.30 |
| 1/14/08 | Telephone | $2.33 |
| 1/14/08 | Telephone | $9.11 |
| 1/14/08 | Telephone | $5.15 |
| 1/22/08 | Westlaw | $77.10 |
| 1/22/08 | Westlaw | $33.89 |
| 1/23/08 | Westlaw | $37.83 |
| 1/24/08 | Westlaw | $130.35 |
| 1/24/08 | Document Reproduction | $2.10 |
| 1/31/08 | Westlaw | $776.80 |
| 1/31/08 | Westlaw | $32.80 |
| 1/31/08 | Telephone | $10.42 |
| 1/31/08 | Telephone | $4.45 |
| 1/31/08 | Telephone | $10.15 |
| 1/31/08 | Telephone | $13.16 |
| 1/31/08 | Telephone | $16.85 |
| 1/31/08 | Westlaw | $492.90 |
| 2/11/08 | Telephone | $4.56 |
| 2/11/08 | Telephone | $20.01 |
| 2/11/08 | Telephone | $8.31 |
| 2/12/08 | Local Travel - 1/14/08 J. Tecce, NY to DE | $85.00 |
| 2/12/08 | Local Travel - 1/14/08 J. Tecce, DE to NY | $70.00 |
| 2/12/08 | Taxi - 1/14/08 J. Tecce: while in DE | $6.00 |

| 2/15/08 | Telephone | $11.42 |
|---|---|---|
| 2/15/08 | Telephone | $5.85 |
| 2/15/08 | Telephone | $2.29 |
| 2/15/08 | Telephone | $0.27 |
| 2/19/08 | Client Meal - 1/14/08<br>H. Denman | $20.00 |
| 2/19/08 | Client Meal - 1/21/08<br>H. Denman | $19.61 |
| 2/19/08 | Client Meal - 1/24/08<br>H. Denman | $28.34 |
| 2/19/08 | Client Meal - 1/26/08<br>H. Denman | $18.95 |
| 2/20/08 | Telephone | $25.00 |
| 2/20/08 | Telephone | $25.00 |
| 2/20/08 | Telephone | $368.90 |
| 2/22/08 | Local Travel - 1/17/08<br>J. Tecce, NY to DE | $113.00 |
| 2/22/08 | Car Rental - 1/17/08<br>J. Tecce, DE to NY | $181.34 |
| 2/29/08 | Client Meal - 12/3/07<br>H. Denman | $30.05 |
| 2/29/08 | Client Meal - 12/4/07<br>H. Denman | $21.65 |
| 2/29/08 | Client Meal - 12/5/07<br>H. Denman | $30.05 |
| 2/29/08 | Client Meal - 12/5/07<br>A. McGlaze | $38.03 |
| 2/29/08 | Client Meal - 12/10/07<br>H. Denman | $15.38 |
| 2/29/08 | Client Meal - 12/11/07<br>H. Denman | $30.66 |
| 2/29/08 | Lexis | $47.16 |
| 2/29/08 | Lexis | $1,324.70 |
| 2/29/08 | Document Production Costs | $65.00 |
| 2/29/08 | Electronic Discovery Costs | $2,375.00 |
| **TOTAL:** | | **$9,484.53** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
In re:                                              :
                                                    :
                                                    :    Chapter 11
AMERICAN HOME MORTGAGE                               :
HOLDINGS, INC., a Delaware corporation, et al.,     :    Case No. 07-11047 (CSS)
                                                    :
                                                    :    Jointly Administered
                        Debtors.                    :
-------------------------------------------------------------x
```

## CERTIFICATION OF JAMES C. TECCE

James C. Tecce, an attorney-at-law, duly admitted in good standing to practice in the State of New York hereby certifies that:

1.      I am counsel in the firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP ("**Quinn Emanuel**"), and I am duly authorized to make this Certification on behalf of Quinn Emanuel.  Quinn Emanuel was retained by the Debtors as special investigatory litigation and conflicts counsel  pursuant to an order of the Court.  This certification is made in support of Quinn Emanuel's Seventh Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses During the Period from February 1, 2008 Through February 29, 2008 (the "**Application**"), and in compliance with Local Rule 2016-2 of this Court (the "**Rule**"), and with the United States Trustee's Guidelines for Review Of Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "**Guidelines**").

2.    I have read the Application and I certify that the Application substantially complies with the Rule and the Guidelines.

Dated:
May 16, 2008

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**

_(signature)_

James C. Tecce
55 Madison Avenue - 22nd Floor
New York, NY 10010
(212) 849 - 7200

**EXHIBIT A**

Matter # : 61106-C

<u>AHM - Case Management/Calendar Maintenance/Service of Pleadings</u>

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|------------|-------------|-------|
| 02/01/08 | STR | Retrieve case information from docket for use by H. Denman | 0.30 |
| 02/04/08 | STR | Retrieve case information from docket for use by H. Denman | 0.30 |
| 02/05/08 | STR | Review docket re updated filings | 0.30 |
| 02/06/08 | STR | Retrieve relevant filings from docket for review by H. Denman | 0.30 |
| 02/12/08 | STR | Retrieve case filings and updates. | 0.10 |
| 02/14/08 | STR | Review docket for recent filings. | 0.10 |
| 02/25/08 | STR | Check docket for recent filings. | 0.50 |
| 02/28/08 | STR | Revise Dec fee application. | 2.00 |
| | | Total Hours | 3.90 |

## Fee Summary

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|-------------------|-------|-------|-------|------|--------|
| S. Tyler Ricci | STR | Paralegal | 3.90 | 235.00 | 916.50 |

Matter # : 61106-H

AHM - Fee Application Preparation/Fee Issues

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 02/03/08 | JCT | Review and revise November fee application | 0.40 |
| 02/04/08 | HLD | Revised QE's November fee app per JCT edits. | 1.80 |
| 02/04/08 | STR | Draft QE Fee Application. | 3.60 |
| 02/05/08 | HLD | Review draft December fee application. | 0.30 |
| 02/05/08 | STR | Draft of QE fifth | 1.50 |
| 02/06/08 | HLD | Revised QE's November fee application. | 0.40 |
| 02/06/08 | STR | Draft QE December Fee Application | 1.80 |
| 02/07/08 | HLD | Coordinated filing of November fee Application. | 0.40 |
| 02/20/08 | HLD | TCs/emails AHM re estimates of Quinn fees/expenses (.3); Reviewed open issues re December fee application (.6). | 0.90 |
| 02/26/08 | STR | Prep. December Fee Application. | 2.50 |
| 02/27/08 | HLD | Reviewed informal comments to November fee app, emails re same. | 0.60 |
| 02/27/08 | STR | Prep QE December Fee Application. | 2.00 |
| | | Total Hours | 16.20 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| James C. Tecce | JCT | Counsel | 0.40 | 605.00 | 242.00 |
| Harrison L. Denman | HLD | Associate | 4.40 | 375.00 | 1,650.00 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|-------------------|-------|-------|-------|------|--------|
| S. Tyler Ricci | STR | Paralegal | 11.40 | 235.00 | 2,679.00 |

Matter # : 61106-J

<u>AHM - Insurance Issues</u>

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 02/01/08 | DRL | Telephone call with potential witnesses re: Triad discovery requests. | 1.40 |
| 02/01/08 | KAG | Edit interrogatories (1.7); serve written discovery (1.3). | 3.00 |
| 02/01/08 | HLD | TCs/emails with Cavaco, Lyons re 30b6 deposition (.6); Preparation for Cavaco deposition (2.6). | 3.20 |
| 02/03/08 | JCT | Review Triad Stay relief stipulation | 0.20 |
| 02/04/08 | DRL | Conference with H. Denman (.4); review pleadings re: discovery (.2). | 0.60 |
| 02/04/08 | HLD | TC Erin Roberts (Womble) re deposition scheduling (.3); Reviewed draft responses to Triad document requests (.8). | 1.10 |
| 02/05/08 | DRL | Review emails re Cavaco deposition. | 0.20 |
| 02/05/08 | HLD | Emails/tcs Triad counsel re Cavaco deposition issues (1.2); prep for Cavaco deposition (2.7). | 3.90 |
| 02/06/08 | DRL | Conference with E. Roberts (Womble) re: extension of time re: discovery. | 0.30 |
| 02/06/08 | KAG | Meeting w/D.Lyons re witness interviews and discovery. | 1.00 |
| 02/06/08 | HLD | Prepared for interview with Cavaco re deposition in Triad litigation. | 2.60 |
| 02/07/08 | DRL | Prepare for and attend conference with C. Cavaco to discuss discovery (.8); conference with K. Garcia (.3). | 1.10 |
| 02/07/08 | KAG | TC re Cavaco deposition prep (1.3); draft objections to 30(b)(6) notice (1.7). | 3.00 |
| 02/07/08 | HLD | TC with Cavaco, Lyons, E.Edwards (YC) re preparation for 30b6 deposition in Triad litigation (1.3); preparation re same (.8). | 2.10 |
| 02/08/08 | KAG | Draft objections to 30(b)(6) notice. | 1.30 |
| 02/08/08 | HLD | Prepared for Cavaco 30(b)(6) deposition in Triad litigation. | 3.40 |
| 02/08/08 | STR | Prep. case materials re: Triad litigation for H. Denman. | 2.00 |
| 02/10/08 | KAG | Review and draft 30(b)(6) objections. | 2.50 |
| 02/10/08 | HLD | Preparation for defending Cavaco deposition in Triad litigation (4.9); Reviewed Triad's deposition notice re same (.9). | 5.80 |
| 02/11/08 | KAG | Call w/D.Lyons re discovery in trial litigation. | 0.20 |
| 02/11/08 | HLD | Defend Cavaco deposition in Triad litigation (2.4); Prepared for same (1.9); TCs/emails with Edwards (YC), K. Garcia re deadlines in Triad litigation (.3). | 4.60 |
| 02/12/08 | KAG | Review documents for H. Denman. | 0.20 |

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 02/12/08 | HLD | Reviewed AHM's document requests and interrogatories in Triad litigation. | 0.80 |
| 02/14/08 | HLD | Reviewed draft responses to Triad's document requests/interrogatories. | 1.10 |
| 02/15/08 | DRL | Conference with H. Denman re document review status. | 0.40 |
| 02/15/08 | HLD | Reviewed document collection issues in Triad litigation (.7); emails/tcs with D Lyons re same (.4). | 1.10 |
| 02/19/08 | HLD | Reviewed loan foreclosure issues; emails with Kalas (AHM) re same. | 0.60 |
| 02/20/08 | DRL | Revise protective order. | 1.00 |
| 02/25/08 | DRL | Conference with J. Kalas and K. Garcia re: discovery issues and responses. | 1.00 |
| 02/26/08 | KAG | Draft discovery responses in Triad litigation. | 3.50 |
| 02/26/08 | HLD | TC/emails with Lyons re Cavaco deposition transcript. | 0.30 |
| 02/27/08 | DRL | Review discovery responses. | 1.00 |
| 02/27/08 | KAG | Draft/edit discovery responses(2.1); call with J. Kalas, C.Cavaco (.9) | 3.00 |
| 02/27/08 | HLD | Emails with Roberts at (Womble) re Cavaco deposition transcript in Triad litigation (.2); met with Cavaco re answers to Triad's interrogatories (.3) | 0.50 |
| 02/28/08 | DRL | Review and revise discovery responses (.8); conference with C. Cavaco and J. Kalas (1.4). | 2.20 |
| 02/28/08 | KAG | Calls with C. Cavaco, J. Kalas (.5); edit responses (3.3); call with H. Denman re discovery issues (.7). | 4.50 |
| 02/28/08 | HLD | TCs/emails with Roberts (Womble) re Cavaco deposition transcript (.2); TC/emails Garcia re response to Triad's documents demands (.7). | 0.90 |
| 02/29/08 | DRL | Conference with Erin Edwards re: discovery (.3); review discovery to be produced and court file re: same (1.8). | 2.10 |
| 02/29/08 | KAG | Call and emails with E. Edwards re finalizing and serving responses. | 0.50 |
| 02/29/08 | HLD | Reviewed re Triad production issues, responses to document demands. | 0.40 |
| | | Total Hours | 68.60 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Duane R. Lyons | DRL | Partner | 11.30 | 760.00 | 8,588.00 |
| James C. Tecce | JCT | Counsel | 0.20 | 605.00 | 121.00 |
| Kristelia A. Garcia | KAG | Associate | 22.70 | 400.00 | 9,080.00 |
| Harrison L. Denman | HLD | Associate | 32.40 | 375.00 | 12,150.00 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| S. Tyler Ricci | STR | Paralegal | 2.00 | 235.00 | 470.00 |

Matter # : 61106-K

AHM - Lender Claims

### Statement Detail

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 02/01/08 | HLD | Revised draft complaint against lender (.3); Researched/summarized news articles re complaint theories. (1.8) | 2.10 |
| 02/01/08 | RKD | Draft memorandum regarding potential setoff claims respecting certain lenders (9.6) | 9.60 |
| 02/03/08 | JCT | Review next steps in Wells Fargo interpleader case (.2); review and revise Initial Disclosures (1.1); review articles regarding complaint theories against lenders (.3); review Dakis "Setoff" memo (.3) | 1.90 |
| 02/04/08 | HLD | Revise initial disclosures for Wells Fargo litigation, TCs/emails with AHM re same (1.8); Reviewed documents for lender complaint (.3). | 2.10 |
| 02/05/08 | JCT | Review Lehman arguments re motion to dismiss | 0.40 |
| 02/06/08 | JCT | Call regarding potential claims against certain lenders w/ AHM. | 1.40 |
| 02/06/08 | HLD | TC with AHM re potential lender claims (1.4); Revised/finalized initial disclosures for Wells Fargo litigation, TC with Dorsey re same (2.6); Reviewed/summarized proposed confidentiality agreement for Wells Fargo litigation (.7); Drafted document demands against Wells and Bear in Wells Fargo litigation (2.5). | 7.20 |
| 02/06/08 | RKD | TC with J. Tecce, H. Denman and client regarding potential lender claims (1.4). | 1.40 |
| 02/07/08 | HLD | Reviewed analyzed potential arguments for WF litigation (.8); Drafted/revised AHM's request for documents from Wells Fargo/ Bear Stearns (3.1); Emails/TCs with AHM, JCT re same (.7). | 4.60 |
| 02/07/08 | RKD | Review transaction documents with lender (2.8); legal research regarding potential lender claims (1.6). | 4.40 |
| 02/07/08 | GY | Retrieve financial documents for J. Tecce. | 0.10 |
| 02/07/08 | STR | Review docket for updated AHM filings and forward same to H. Denman for review; | 2.20 |
| 02/07/08 | STR | Revise draft motion for J. Tecce. | 1.00 |
| 02/08/08 | JCT | Review Lehman request for oral argument (.1); calls w/ AHM re same (.2). | 0.30 |
| 02/08/08 | JCT | Review initial disclosures for Wells Fargo (.5); outline discovery demands (1.2). | 1.70 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 02/08/08 | HLD | Draft/revise document requests against Wells and Bear for Wells litigation (3.7); Reviewed recent court decision related to BofA litigation (.4). | 4.10 |
| 02/08/08 | RKD | Legal research regarding potential claims against lenders (2.3); draft memorandum discussing potential claims against lenders (2.8). | 5.10 |
| 02/09/08 | JCT | Revise Wells Fargo/Bear Stearns document requests | 1.50 |
| 02/09/08 | HLD | Emails with JCT re document demands in wells fargo litigation. | 0.30 |
| 02/10/08 | JCT | Revise lender complaint. | 2.30 |
| 02/11/08 | JCT | Revise and finalize document requests for Wells Fargo litigation (.7); revise complaint against lenders, call with client re same (2.2) | 2.90 |
| 02/11/08 | HLD | Revised/finalized document requests from Wells and Bear in Wells litigation (2.7); TCs/emails with Jackson (YC) re same (.3); Reviewed Bear's document requests in Wells litigation (.5); Draft supplemental letter to Judge for BofA litigation (3.1). | 6.60 |
| 02/11/08 | RKD | Draft/revise memorandum regarding potential claims against lenders (7.9). | 7.90 |
| 02/12/08 | JCT | Revise complaint against Lender (5.9); review decisions on related jurisdiction and revise letter to Court re. BofA litigation (1.2) | 7.10 |
| 02/12/08 | AM6 | Review Lehman Motion to Dismiss, draft summary for letter to judge. | 0.40 |
| 02/12/08 | HLD | Review JCT's edits to complaint against lender (1.1); Revised letter to judge for BofA litigation (.7); Reviewed documents produced by Wells Fargo in Wells litigation (1.1); Drafted AHM responses to Bear's document demands in Wells Fargo litigation (4 .8); TC with AHM re strategy issues in Wells Fargo litigation (.6) | 8.30 |
| 02/12/08 | RKD | Draft memo regarding potential lender claims. | 9.10 |
| 02/13/08 | JCT | Finalize Lender complaint; circulate to AHM for preliminary review. | 5.80 |
| 02/13/08 | HLD | Emails with P Jackson (YC) re letter to Judge in Bofa litigation (.3); Reviewed revised complaint against lender (.7); Emails with AHM scheduling document collection in Wells litigation (.3); Research/memo re strategy for Wells litigation (2.8). | 4.10 |
| 02/13/08 | RKD | Legal research regarding memorandum on potential claims against lenders (3.1); continue drafting same (4.7). | 7.80 |
| 02/14/08 | JCT | Review draft of complaint against lender. | 0.30 |
| 02/14/08 | HLD | Researched arguments for Wells Fargo litigation (2.3); Drafted memo re same (3.8); Emails with Sakamoto/Cavaco re document collection for Wells Fargo litigation (.3). | 6.40 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 02/14/08 | RKD | Legal research regarding potential lender claims (3.9); draft memorandum (4.2). | 8.10 |
| 02/15/08 | JCT | Review Lender complaint and emails w/ AHM re same (.2); review discovery action plan for Wells Litigation, next steps (.7); call with American Home and H. Denman re same (.9) | 1.80 |
| 02/15/08 | HLD | Reviewed document collection issues in Wells litigation (3.1); TC/emails with Cavaco, Horn, Sakamoto re same (1.2); Reviewed document collection issues in Wells litigation (2.6); TC creditors committee counsel re status of Wells litigation (.3); Reviewed second amended scheduling stipulation in BofA litigation (.3). | 7.60 |
| 02/15/08 | RKD | Finalized drafting memorandum regarding potential claims against lenders (2.4). | 2.40 |
| 02/18/08 | JCT | Review BS discovery demands (.3); possible responses to document requests in Wells Fargo litigation (.6); review proposed protective order (.6)); review potential claims and causes of action against Lenders, including Dakis' memoranda regarding same (2.0); revise complaint against lender (1.4) | 4.90 |
| 02/18/08 | HLD | Reviewed document collection issues in Wells litigation, met with JCT re same. | 0.60 |
| 02/19/08 | JCT | Review and revise Lender Complaint regarding claims and causes of action (2.8); Review possible lender claims (1.5); review Dakis Memorandum and conf. w/ Dakis re same (.6). | 3.90 |
| 02/19/08 | HLD | Review document collection issues for Wells litigation (1.4); emails/tcs with AHM re same (.6); Reviewed articles relevant to claims against lender (.4). | 2.40 |
| 02/20/08 | JCT | Call w/ AHM re Lender complaint (.2); revise lender complaint for circulation and review by clients (4.6); Review comments to Wells Fargo protective order (.2) | 5.00 |
| 02/20/08 | HLD | Reviewed revised complaint against lender, emails/TCs with JCT re same (1.7); Emails with Cavaco re Wells Fargo document production (.2). | 1.90 |
| 02/21/08 | JCT | Review facts for complaint against lender (.9) review emails regarding status of negotiations with same (.2); Review response brief filed by Bank of America (.6); review dismissal pleadings and complaint (.2); Review and revise draft protective order (.8); call w/ Sidley (J. Goldy) re same (.2); | 2.90 |
| 02/21/08 | HLD | TC/emails re evidentiary issues in Lehman litigation (.2); Reviewed BofA's reply in support of its motion to dismiss (1.1); Reviewed proposed confidentiality agreement in wells litigation (.9); TC/emails with AHM, Quinn litigation support re document collection issues (1.2); Reviewed document collection issues re same (.7). | 4.10 |
| 02/25/08 | AM6 | Review BofA reply on their Motion to Dismiss, mark cases for further research. | 1.10 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 02/25/08 | CD | Prepare document productions for WF litigation (.5); Emails and conference calls with case team regarding same; (.5) | 1.00 |
| 02/26/08 | HLD | Revised responses to Bear's document requests (1.1); TC/emails with Cavaco re document collection for wells production (.7); prepared for meeting with AHM re same (2.1). | 3.90 |
| 02/27/08 | AM6 | Review pertinent filings in preparation for oral argument re: Lehman's motion to dismiss. | 2.70 |
| 02/27/08 | HLD | Meetings with AHM at offices in Melville re wells fargo litigation document production (3.0); reviewed emails re same (4.5); reviewed document collection issues (1.3). | 8.80 |
| 02/27/08 | CD | Prepare document productions for WF litigation (.7); Emails and conference calls with case team regarding same (.8). | 1.50 |
| 02/28/08 | JCT | Respond to Inquiries from Arkansas re. property for sale. | 0.30 |
| 02/28/08 | JCT | Review status of discovery and confs w/ H. Denman re same (.5); review and revise written responses to document demands (1.3); call w/ Sidley (J. Goldy) re revised protection Order (.3); Prepare for Lehman oral argument outline; confs w/ A. McGlaze re same (1.4) | 3.50 |
| 02/28/08 | AM6 | Review filings (1.2); strategize with J. Tecce re preparations for oral argument on Lehman motion to dismiss (1.4). | 2.60 |
| 02/28/08 | HLD | Reviewed document collection and review issues for wells litigation (3.9); TCs/emails with Cavaco/AHM re same (.9); Revised responses to Bear's document demands (.8). | 5.60 |
| 02/28/08 | GY | Retrieve Wells information for H. Denman | 0.10 |
| 02/28/08 | JL6 | Create databases, load data and link images for production in Wells litigation. | 4.20 |
| 02/28/08 | CD | Prepare document productions for WF litigation (2.4); coordinate litigation support efforts (.4). | 2.80 |
| 02/29/08 | AM6 | Research open issues for oral argument in Lehman Motion to Dismiss. | 3.20 |
| 02/29/08 | HLD | Reviewed documents for production to Bear in wells litigation (4.3); reviewed open issues re same with JCT and quinn litigation support (2.4); Reviewed proposed revised confidentiality agreement in wells litigation (.7); reviewed emails with Bear counsel re same (.3); revised responses to Bear's document demands (.4). | 8.10 |
| 02/29/08 | RKD | Conference with J. Tecce regarding Calyon counterclaims and review same (1.1); revise draft counterclaim to incorporate comments from J. Tecce (2.7). | 3.80 |
| 02/29/08 | CD | Prepare document productions for WF litigation (.6); coordinate litigation support efforts re same(.9). | 1.50 |

Total Hours    220.70

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| James C. Tecce | JCT | Counsel | 47.90 | 605.00 | 28,979.50 |
| Robert K. Dakis | RKD | Associate | 59.60 | 385.00 | 22,946.00 |
| Harrison L. Denman | HLD | Associate | 88.80 | 375.00 | 33,300.00 |
| Aidan McGlaze | AM6 | Associate | 10.00 | 355.00 | 3,550.00 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Grace Yoon | GY | Paralegal | 0.20 | 235.00 | 47.00 |
| S. Tyler Ricci | STR | Paralegal | 3.20 | 235.00 | 752.00 |

| Litigation Support/Document Management Services | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Constance Drew | CD | Lit Support | 6.80 | 90.00 | 612.00 |
| Juan Londono | JL6 | Lit Support | 4.20 | 150.00 | 630.00 |

Matter # : 61106-M

<u>AHM - Non-working Travel</u>

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 02/27/08 | HLD | Travel to/from AHM to coordinate document production in Wells Fargo litigation. | 2.00 |
| | | Total Hours | 2.00 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Harrison L. Denman | HLD | Associate | 2.00 | 375.00 | 750.00 |

Matter # : 61106-P

AHM - Recharacterization

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|------------|-------------|-------|
| 02/03/08 | JCT | Review and revise Calyon stipulation (.3); review initial draft of responses to Calyon motion to reconsider (.5) | 0.80 |
| 02/04/08 | JCT | Review and revise Calyon response (3.7); Calyon motion; review related documents and research reconsideration issues. (.8) | 4.50 |
| 02/04/08 | AM6 | Edit and review response to Calyon Motion to Amend (1.0); Research caselaw for response to Calyon (3.0). | 4.00 |
| 02/05/08 | JCT | Revise factual section of Calyon motion and outline argument section (2.0); review decision, underlying agreement, Calyon motion (3.5); Confs w/ A. McGlaze re. arguments (.8); research relevant standards (1.4); revise argument (3.0) | 10.70 |
| 02/05/08 | AM6 | Confer w/ J. Tecce re response to Calyon Motion to Amend (.4); research legal standard in support of response (4.2) | 4.60 |
| 02/05/08 | RKD | Legal research on standard of review for response to Calyon motion (.2) | 0.20 |
| 02/06/08 | JCT | Revise argument section of Calyon brief (2.2); draft preliminary statement (2.2) | 4.40 |
| 02/06/08 | AM6 | Edit and review response to Calyon Motion to Amend. | 1.80 |
| 02/07/08 | JCT | Revisions to Calyon motion | 0.80 |
| 02/07/08 | AM6 | Edit and review response to Calyon Motion to Amend. | 1.40 |
| 02/08/08 | JCT | Finalize and coordinate filing of Calyon objection. | 5.10 |
| 02/08/08 | AM6 | Edit and review response to Calyon Motion to Amend. | 1.10 |
| 02/11/08 | JCT | Review Calyon Motion regarding document preservation. | 0.30 |
| 02/12/08 | JCT | Review Calyon stipulation scheduling issues for Phase II. | 0.20 |
| 02/14/08 | JCT | Review status of Phase II Litigation. | 0.30 |
| 02/15/08 | JCT | Outline theories for Calyon Phase II trial (.4); related document review (3.5); call w/ C. Pino (.2); review Calyon reply brief on reconsideration (.5) | 4.60 |
| 02/18/08 | JCT | Review claims/causes of action and theories for Phase II Calyon trial | 1.20 |
| 02/19/08 | JCT | Review issues in Calyon Phase II trial (.5); call w/ YCST re Phase II (.2); conf w/ R. Dakis re Phase II (.5); call with Hunton & Williams re same (.2) | 1.40 |
| 02/20/08 | JCT | Review responses to motion for reconsideration (.5); review Phase II trial stipulation (.5); review issues for Phase II trial (.6) | 1.60 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 02/21/08 | JCT | Revise counterclaims against Calyon (1.2); review claims for declaratory judgment (1.1) | 2.30 |
| 02/25/08 | RKD | Review case pleadings and orders (2.6); review repurchase agreement and related notices in connection with same (2.1). | 4.70 |
| 02/26/08 | JCT | Review Calyon theories w/ R. Dakis, E. Edwards, and J. Dorsey (.8); Review of Calyon answer, affirmative defenses (.6) | 1.40 |
| 02/26/08 | RKD | Draft counterclaims (5.6); tc with J. Tecce, E. Edwards and J. Dorsey regarding answer to Calyon's amended complaint (.8). | 6.40 |
| 02/27/08 | JCT | Revise scheduling and emails to Calyon counsel regarding same (.5); review YCST inquiry regarding Calyon payment request (1.5) | 2.00 |
| 02/27/08 | RKD | Draft counterclaims against Calyon. | 4.70 |
| 02/28/08 | JCT | Review emails regarding alleged payments, review agreement (.3); Calls with YCST, AHM (1.2); review and revise counterclaim in Phase II (1.1); call w/ Hunton & Williams re Phase II Stipulation (.2) | 2.80 |
| 02/28/08 | RKD | Draft/revise counterclaims (5.9); review and revise same (1.3). | 7.20 |
| 02/29/08 | JCT | Revise Calyon Counterclaim (6.4); related document review (1.0); emails w/ YCST re "payment" issue and confs w/ R. Dakis re same (.6); review stipulation for Phase II Trials (.3) | 8.30 |

Total Hours  88.80

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| James C. Tecce | JCT | Counsel | 52.70 | 605.00 | 31,883.50 |
| Robert K. Dakis | RKD | Associate | 23.20 | 385.00 | 8,932.00 |
| Aidan McGlaze | AM6 | Associate | 12.90 | 355.00 | 4,579.50 |