## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11** |
|  | : |  |
| **AMERICAN HOME MORTGAGE** | : |  |
| **HOLDINGS, INC.** | : | **Case No. 07-11047 (CSS)** |
|  | : | **(Jointly Administered)** |
|  | : |  |
| **Debtors.** | : | Hearing Date: May 28, 2008 at 11:00 a.m. (EDT) |
|  | : | Objections Due:  May 20, 2008 at 4:00 p.m. (EDT) |
|  | : | Relates to Docket No. 3880 |
|  | : |  |

### RESPONSE OF COUNTRYWIDE HOME LOANS, INC. TO DEBTORS' SIXTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

Countrywide Home Loans, Inc. ("Countrywide") states the following in support of its response to Debtors' Sixth Omnibus (Substantive) Objection to Claims pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 ("Sixth Omnibus Objection"):

1.      On May 27, 2005, American Home Mortgage ("AHM ") loaned Susan Pennington ("Pennington") $198,600.00 in connection with the property located at 7486 August Avenue in Westland, Michigan ("Property").  This loan was made under the U.S. Department of Housing and Urban Development's ("HUD") 203(k) rehabilitation program, and included $126,959.76 to purchase the Property (the "Primary Loan") and $71,640.24 to rehabilitate the Property (the "Rehabilitation Loan").  Pennington signed all the paperwork associated with the loan transaction including a mortgage, note, rehabilitation loan agreement, rehabilitation loan rider, and 203(k) Borrower's Acknowledgement (collectively referred to as the "Loan Documents").  At closing, the money in the Rehabilitation Loan was placed into an escrow account by AHM ("Escrow Account").

2.      Subsequently, Countrywide purchased the Loan Documents and AHM's interest in the loan documents was transferred to Countrywide.   However, the Escrow Account was never transferred to Countrywide.

3.      Under the Loan Documents, the funds in the Escrow Account were to be released after work on the house was approved by an HUD-approved inspector, minus the requisite holdbacks.  Any funds in the Escrow Account that were not released were to be applied to prepay the mortgage principal.

4.      The Escrow Account should have been transferred to Countrywide when the Loan Documents were purchased by Countrywide but were not.  Because the Loan Documents were sold to Countrywide, only Countrywide, and not Debtors, is entitled to the funds in the Escrow Account.

5.      On January 11, 2008, Countrywide filed proof of claim against all of the Debtors as a precautionary measure only in order to protect its rights to the Escrow Account.  Because the Loan Documents only listed AHM as the lender, and because AHM does not correspond exactly to the legal name of any of the Debtors, Countrywide filed proofs of claim in all of the Debtors' cases. Countrywide, however, only seeks one recovery.

6.      In the Sixth Omnibus Objection, Debtors seek to expunge and disallow the following claims (collectively, "Duplicative Claims") filed by Countrywide against the following Debtors:

> a.  Homegate Settlement Services, Inc. (Claim #9190);
>
> b.  American Home Mortgage Ventures LLC (Claim #9191);
>
> c.  American Home Mortgage Servicing, Inc. (Claim #9192);
>
> d.  American Home Mortgage Acceptance, Inc. (Claim #9194);

DMEAST #10043340 v1

e.  American Home Mortgage Investment Corp. (Claim #9195);

f.  American Home Mortgage Holdings, Inc. (Claim #9196); and

g.  Great Oak Abstract Corp. (Claim #9197).

Debtors assert that the Duplicative Claims were all filed against the incorrect Debtor and that

only Countrywide's claim against Debtor American Home Mortgage Corp. (Claim #9193)

("Surviving Claim") was filed against the correct Debtor.  Countrywide does not object to

Debtors expunging the Duplicative Claims, provided, however, that any order expunging the

Duplicative Claims also contain language barring Debtors from objection to the Surviving Claim

on the grounds that the Surviving Claim was asserted against the incorrect Debtor.

7.      Countrywide reserves all its rights and remedies under the Loan Documents and

nothing in this response constitutes or should be construed to waive those or any other rights.

## RELIEF REQUESTED

Countrywide respectfully requests that the Court deny the relief requested under the Sixth

Omnibus Objection as to the Disputed Claims.

Respectfully submitted,

Dated: May 20, 2008
Wilmington, Delaware

/s/ Tobey M. Daluz
Tobey M. Daluz, Esquire (No. 3939)
Katie A. D'Emilio, Esquire (No. 4824)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
919 Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: daluzt@ballardspahr.com
          demiliok@ballardspahr.com

-and-

DMEAST #10043340 v1

BODMAN LLP

David J. Nowaczewski, Esquie
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
Telephone: (313) 393-7524
Email: dnowaczewski@bodmanllp.com

Counsel for Countrywide Home Loans, Inc.

DMEAST #10043340 v1