IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| ----------------------------------------------------------- x | Chapter 11 |
| In re: | : |
| | : Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE | : |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Jointly Administered |
| | : |
| Debtors. | : Hearing Date: June 11, 2008 at 10:00 a.m. |
| | : Objection Deadline: June 4, 2008 at 4:00 p.m. |
| ----------------------------------------------------------- x | |

## TENTH MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007, AUTHORIZING THE DEBTORS TO REJECT A CERTAIN UNEXPIRED LEASE

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby

move the Court (the "Motion"), pursuant to sections 105(a) and 365(a) of title 11 of the United

States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 6006 and 6007 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing the

Debtors to reject a certain unexpired lease identified on Exhibit A ( the "Lease").  In support of

this Motion, the Debtors respectfully represent as follows:

### STATUS OF CASE AND JURISDICTION

1.      On August 6, 2007 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors have

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

continued in possession of their properties and have continued to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    An official committee of unsecured creditors (the "Committee") was appointed on August 14, 2007.  No trustee or examiner has been appointed.

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a), 365(a) and 554(a) of the Bankruptcy Code, along with Bankruptcy Rules 6006, 6007, and 9014.

## GENERAL BACKGROUND

4.    On August 6, 2007 (the "Petition Date") each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code.  Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

5.    On August 14, 2007, the United States Trustee for the District of Delaware appointed the official committee of unsecured creditors (the "Committee").  No trustee or examiner has been appointed.

6.    In the weeks prior to the Petition Date, an unprecedented disruption in the credit markets caused major write-downs of the Debtors' loan and security portfolios and consequently resulted in margin calls for hundreds of millions of dollars with respect to the Debtors' loans.  During this time, certain of the Debtors' warehouse lenders began to exercise

2

remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and threatening the company's continued viability.

7.      The Debtors' inability to originate loans and the exercise of remedies by certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the Debtors to discontinue their retail and indirect loan origination business.  As a result, on August 3, 2007, the Debtors implemented a massive reduction in workforce, resulting in the termination of over 6,500 employees.

8.      Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets.

## RELIEF REQUESTED

9.      By this Motion, the Debtors respectfully request the entry of an order, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, authorizing the rejection of the Lease.  Further, the Debtors request that rejection of the Lease be effective as of May 31, 2008.

## BASIS FOR RELIEF REQUESTED

**A.      Rejection of the Lease**

10.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject an executory contract or an unexpired lease."  11 U.S.C. § 365(a); see also University Med. Ctr. v. Sullivan (In re University Med. Ctr.), 973 F.2d 1065, 1075 (3d Cir. 1992).  The Court may approve a debtor's rejection of an executory contract or unexpired lease if such rejection is made in the exercise of such debtor's sound business judgment, and if such rejection benefits its estate.  See, e.g., Sharon Steel Corp. v. National Fuel

Gas Distrib. Corp., 872 F.2d 36, 39 (3d Cir. 1989); NLRB v. Bildisco & Bildisco (In re

Bildisco), 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 513 (1984); In re Patterson, 119 B.R.

59 (E.D. Pa. 1990). See, also, In re Federated Dep't. Stores, Inc., 131 B.R. 808, 811 (S.D. Ohio

1991) ("Courts traditionally have applied the business judgment standard in determining whether

to authorize the rejection of executory contracts and unexpired leases"); Westbury Real Estate

Ventures, Inc. v. Bradlees, Inc. (In re Bradlees, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y.

1996) ("[u]nder the business judgment test, . . . [a court should approve a debtor's proposed

rejection] if the debtor can demonstrate that rejection will benefit the estate").  It is enough if a

debtor determines in its business judgment that a benefit will be realized.  Sharon Steel Corp.,

872 F.2d at 39 (citing Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co. (In re Wheeling-

Pittsburgh Steel Corp.), 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987)).  The business judgment

standard requires that the Court approve the debtor's business decision unless that judgment is

the product of bad faith, whim or caprice.  Lubrizol Enter., Inc. v. Richmond Metal Finishers,

756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986).

      11.    As an integral component of the Debtors' efforts to maximize value for

their estates and creditors by, among other things, eliminating unnecessary operating costs, the

Debtors have determined, in the exercise of their business judgment, that it is in the best interest

of their estates and creditors to avoid the accrual of any further obligations under the Lease.  The

Debtors have reviewed the Lease and determined that it holds no material economic value to the

Debtors or their estates and is not essential to the conduct of the Debtors' bankruptcy cases.  The

rejection of the Lease will eliminate the Debtors' obligation to perform, and the accrual of any

further administrative expense obligations under the Lease.[2]  Accordingly, the Debtors submit

that the rejection of the Lease is within their sound business judgment and is in the best interest

of the Debtors, their estates, creditors and other parties-in-interest.

**B.      Retroactive Rejection**

12.      The Debtors request that this Court approve the rejection of the Lease

effective as of May 31, 2008.  Bankruptcy courts are empowered to grant retroactive rejection of

executory contracts and unexpired leases under sections 105(a) and 365(a) of the Bankruptcy

Code.  See e.g., Thinking Machines Corp. v. Mellon Fin. Serv. Corp. (In re Thinking Machines

Corp.), 67 F.3d 1021, 1028 (1st Cir. 1995) (recognizing that bankruptcy courts are courts of

equity that may enter orders authorizing retroactive rejection); In re Amber's Stores, Inc., 193

B.R. 819, 827 (Bankr. N.D. Tex. 1996) (same).

13.      Courts in this jurisdiction have previously considered the question of

retroactive rejection of unexpired leases.  See, e.g., In re Namco Cybertainment, Inc., Case No.

98-173 (Bankr. D. Del. 1998) (Walsh, J.).  In In re Namco Cybertainment, the Court permitted

retroactive rejection on the condition that (a) the premises (and the keys thereto) were

surrendered with an unequivocal statement of abandonment to the landlord; (b) the motion was

filed and served on the landlord; and (c) the official committee has consented to the relief

requested in the motion; and (d) the debtor acknowledged that it would not have the right to

withdraw the motion.

14.      The Debtors will have effectively satisfied the criteria for retroactive

rejection of the Rejection Lease by or before May 31, 2008.  The Debtors will send a letter (the

---

[2]  The Debtors do not concede that the Lease is, in fact, unexpired or executory.  The Debtors also reserve their
rights to argue that any claim for damages arising from the rejection of the Lease is limited to the remedies available
under the applicable termination provision of such Lease, or that any such claim is an obligation of a third party, and
not that of the Debtors.

066585.1001

"Rejection Letter") to the known counterparty to the Lease unequivocally surrendering the property in a manner to be received by the counterparty prior to May 31, 2008. Second, the filing and service of this Motion further informs the counterparty to the Lease that the Debtors are unequivocally surrendering the property subject to the Lease as of May 31, 2008. To the extent that any keys are in the possession of the Debtors, such keys will be returned prior to May 31, 2008. Third, the Debtors have provided notice of their intentions with respect to the relief requested herein to the Committee, and the Committee has consented to the relief requested herein. Finally, the Debtors hereby acknowledge that they will not have the right to withdraw the Motion.

15.     In accordance with the *Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1708], the Debtors respectfully request that the Order authorizing the relief requested herein (the "Rejection Order") provide that any claim allegedly arising from the rejection of the Lease (a "Rejection Claim") must be filed on or before the date that is thirty (30) days from the entry of such Rejection Order (the "Rejection Bar Date"). Any holder of a Rejection Claim who fails to timely file a proof of such claim on or before the Rejection Bar Date shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim.

## NOTICE

16.     Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the counterparty to the Lease; (v) counsel to the Debtors' postpetition lender; (vi) the Securities and Exchange Commission; and (vii) all parties that have requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

DB02:6816850.1                                                                                                      066585.1001

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto authorizing the rejection of the Lease as of May 31, 2008, and granting such other and further relief as this Court deems just and proper.

Dated:     Wilmington, Delaware
           May 20, 2008

                                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                    James L. Patton, Jr. (No. 2202)
                                    Joel A. Waite (No. 2925)
                                    Pauline K. Morgan (No. 3650)
                                    Sean M. Beach (No. 4070)
                                    Matthew B. Lunn (No. 4119)
                                    Kara Hammond Coyle (No. 4410)
                                    Kenneth J. Enos (No. 4544)
                                    The Brandywine Building
                                    1000 West Street, 17th Floor
                                    Wilmington, Delaware 19801
                                    Telephone: (302) 571-6600
                                    Facsimile: (302) 571-1253

                                    Counsel for Debtors and Debtors in Possession

DB02:6816850.1                                                              066585.1001

## EXHIBIT A

### Unexpired Real Property Lease to be Rejected

| DESCRIPTION OF LEASE | COUNTERPARTY TO LEASE | EFFECTIVE DATE OF REJECTION |
|---|---|---|
| Apartment Lease Agreement, dated June, 2004 | Manager<br>Avalon Bay Community Properties, Inc.<br>100 Court North Drive<br>Melville, NY 11747<br><br>Property Owner<br>Avalon Bay Community Properties, Inc.<br>2900 Eisenhower Avenue, Suite 300<br>Alexandria, VA 22314<br><br>Avalon Bay Communities, Inc.<br>Customer Care Center<br>2901 Sabre Street, Suite 100<br>Virginia Beach, VA 23452 | May 31, 2008 |