IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                                  :
a Delaware corporation, et al.,                                  :   Jointly Administered
                                                                 :
        Debtors.                                                 :   Ref. Docket No.: _____
                                                                 :
---------------------------------------------------------------- x

### ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 APPROVING AND AUTHORIZING THE SETTLEMENT AGREEMENT BY AND BETWEEN THE DEBTORS AND FINANCIAL GUARANTY INSURANCE CO. RESOLVING ADVERSARY PROCEEDING (07-51725)

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"),[2] seeking entry of an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and section 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") approving the settlement agreement between the Debtors and Financial Guaranty Insurance Company ("FGIC") together with the Debtors, the "Parties") resolving adversary proceeding (07-51725) (the "Settlement Agreement"); and due and sufficient notice of the Motion having been given; and it appearing

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

that the relief requested in the Motion is in the best interest of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the relief requested in the Motion is hereby granted; and it is further

ORDERED, that the Settlement Agreement, attached hereto as Exhibit 1, is approved pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019; and it is further

ORDERED, that either Party is authorized to file the *Stipulation of Dismissal of Complaint and Request for Declaratory Judgment*, attached to the Settlement Agreement as Exhibit A, in the Adversary Proceeding when this Order becomes final and nonappealable; and it is further

ORDERED, that this Court shall retain jurisdiction to hear any and all disputes arising out of the interpretation or enforcement of this Order.

Dated:   Wilmington, Delaware
         June _____, 2008

                                           _____
                                           Christopher S. Sontchi
                                           United States Bankruptcy Judge

## Exhibit 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is entered into as of the 16th day of May, 2008, by Financial Guaranty Insurance Company ("FGIC"), American Home Mortgage Acceptance, Inc. ("AHMA") and American Home Mortgage Servicing, Inc. ("AHMS" and, together with AHMA, "Debtor-Defendants").

WHEREAS, on August 6, 2007 (the "Commencement Date"), Debtor-Defendants and other of their affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware; and

WHEREAS, prior to filing bankruptcy, Debtor-Defendants were the contract servicers of certain home equity line of credit mortgage loans (the "HELOC Mortgage Loans") under the following HELOC Servicing Agreements:

(i) HELOC Servicing Agreement dated as of March 23, 2005 among AHMS, GMAC Mortgage, LLC as successor by merger to GMAC Mortgage Corporation ("GMAC"), as back-up servicer, American Home Mortgage Investment Trust 2005-1 (the "2005-1 Trust"), as issuer, Deutsche Bank National Trust Company as the Indenture Trustee and AHMA, as seller;

(ii) HELOC Servicing Agreement dated as of June 22, 2005 among AHMS, as servicer, GMAC, as back-up servicer, American Home Mortgage Investment Trust 2005-2 (the "2005-2 Trust"), as issuer, Deutsche Bank National Trust Company, as the Indenture Trustee and AHMA, as seller; and

(iii) HELOC Servicing Agreement dated as of October 7, 2005 among AHMA, as servicer, GMAC as back-up servicer, American Home Mortgage Investment Trust 2005-4A (the "2005 4A Trust" and, together with the 2005-1 Trust and 2005-2 Trust, the "Trusts), as issuer, U.S. Bank National Association, as the Indenture Trustee and AHMA, as seller,

(collectively, the "HELOC Servicing Agreements"); and

WHEREAS, AHMS and AHMA also entered into a HELOC Subservicing Agreement dated as of October 7, 2005 among the 2005-4A Trust, AHMS, AHMA and U.S.

2

Bank National Association, as Indenture Trustee (the "<u>HELOC Subservicing Agreement</u>") relating to the HELOC Servicing Agreement described in clause (iii) above; and

WHEREAS, the HELOC Servicing Agreements and the HELOC Subservicing Agreement were entered into by the parties thereto in connection with the following three securitization transactions: American Home Mortgage Investment Trust 2005-1, American Home Mortgage Investment Trust 2005-2 and American Home Mortgage Investment Trust 2005-4A (collectively, the "<u>FGIC Securitizations</u>"); and

WHEREAS, the Trusts established in the FGIC Securitizations acquired and own the HELOC Mortgage Loans and issued securities that are "backed" by, or that rely on, the HELOC Mortgage Loans and related collections owned by the Trusts as the source of payment; and

WHEREAS, in each of the FGIC Securitizations, in connection with an Insurance and Indemnity Agreement, FGIC has insured certain of the securities issued by the Trusts; and

WHEREAS, on or about October 10, 2007, FGIC commenced an adversary proceeding against Debtor-Defendants (the "<u>Adversary Proceeding</u>") by filing the Complaint and Request for Declaratory Judgment and Damages, Adversary Proceeding Number 07-51725 (CSS) (the "<u>Complaint</u>"); and

WHEREAS, Debtor-Defendants have denied, and continue to deny, all liability with regard to all counts in the Complaint;

WHEREAS, based on an order of the Court dated December 21, 2007, servicing of the HELOC Mortgage Loans was transferred to GMAC effective on January 11, 2008; and

WHEREAS, both FGIC and Debtor-Defendants believe it is in their respective best interests to compromise and settle the Adversary Proceeding without further litigation and on the terms set forth in this Settlement Agreement.

NOW, THEREFORE, in consideration of the mutual covenants contained herein, FGIC and Debtor-Defendants (collectively, the "Settling Parties") agree as follows:

1. The Debtors have agreed not to challenge an assertion that one or more Rapid Amortization Events (as defined in the Indentures referenced in the Complaint) occurred and are in effect on and after January 11, 2008.

2. The Settling Parties agree that within ten (10) days of the Approval Order (as defined below) approving this Settlement Agreement, the Settling Parties shall file a Stipulation of Dismissal of the Adversary Proceeding in the form attached hereto as Exhibit A. The dismissal of the Adversary Proceeding shall be without prejudice.

3. Notwithstanding this Settlement Agreement or any such dismissal of the Adversary Proceeding, FGIC may assert and fully pursue the proofs of claim of FGIC filed in the Debtors' Bankruptcy cases on any and all bases, including, without limitation, that one or more Rapid Amortization Events occurred. Subject to paragraph 1 hereof, the Debtor-Defendants may contest and fully defend the proofs of claim of FGIC filed in the Debtors' Bankruptcy cases on any and all bases. The Debtors' agreement in paragraph 1 hereof shall remain in effect notwithstanding any determination, order or other resolution concerning Rapid Amortization Events in connection with any proof of claim filed in the Debtors' Bankruptcy cases.

4. If FGIC at any time re-asserts the allegations in the Complaint against the Debtor-Defendants, except in connection with proofs of claim in the Debtors' Bankruptcy cases,

the agreement of the Debtor-Defendants set forth in paragraph 1 above shall no longer be in effect.

5. <u>Notice of Settlement</u>. Debtor-Defendants shall take all necessary steps, within two (2) business days of the execution of this Settlement Agreement, to notify the United States Bankruptcy Court for the District of Delaware, Case No. 07-11047 (CSS) of the settlement of the Adversary Proceeding, and to obtain approval under Fed. R. Bankr. P. 9019. Notwithstanding anything to the contrary herein, this Settlement Agreement is subject to the approval of the Bankruptcy Court pursuant to a final, non-appealable order in the form attached to the *Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 for an Order Approving and Authorizing the Settlement Agreement by and between the Debtors and Financial Guaranty Insurance Co. Resolving Adversary Proceeding (07-51725)* or as otherwise agreed to by the Settling Parties (the "<u>Approval Order</u>").

6. <u>Representations and Warranties</u>. Each of the Settling Parties represents that it, she, or he has read and understands the scope and effect of each provision of this Settlement Agreement and has had the opportunity to consult with counsel for further explanation of the Settlement Agreement's terms, covenants, and provisions. Each of the undersigned Settling Parties represents that it has executed the Settlement Agreement freely, voluntarily, and with authority, intending to be bound thereby. Each party represents that it has been duly authorized to enter into this Settlement Agreement.

7. <u>Costs and Fees</u>. Except as specified herein or as may be asserted by FGIC in connection with FGIC's proofs of claim, each party will bear its own costs, attorneys' fees, and expenses incurred in connection with this Settlement Agreement and all steps necessary to effectuate the terms of this Settlement Agreement; provided, however, that this Settlement

Agreement does not affect any existing rights FGIC may have to be reimbursed or indemnified from the trusts or cash flows in the FGIC Securitizations for any costs, attorneys' fees or expenses of FGIC.

8. <u>Not an Admission</u>. This Settlement Agreement is entered into solely for the convenience of the parties thereto. Neither this Settlement Agreement nor the fact of its execution will constitute any admission or acknowledgement of liability or wrongdoing on the part of any of the Settling Parties. The Settling Parties will not offer this Settlement Agreement or the fact of its execution into evidence in any proceeding other than (i) a proceeding to approve or enforce this Settlement Agreement or any of its terms or (ii) in a proceeding commenced by any third party contesting the occurrence of a Rapid Amortization Event for the sole purpose of showing that the Debtors' agreed not to challenge an assertion that one or more Rapid Amortization Events occurred and are in effect on and after January 11, 2008.

9. <u>No Third Party Beneficiaries</u>. Nothing in this Settlement Agreement shall be construed to create any rights enforceable by any party other than FGIC and Debtor-Defendants.

10. <u>Signatures and Effective Date</u>. This Settlement Agreement may be executed in one or more counterparts, each of which will be deemed an original, but all of which will constitute one and the same instrument. This Settlement Agreement will become effective as soon as all parts of this Settlement Agreement have been executed by all of the Settling Parties and a complete set of original executed signature pages has been received by counsel for Plaintiffs.

[Signature pages follow.]

WHEREFORE, the Settling Parties hereby acknowledge their agreement and consent to the terms and conditions set forth above through their respective signatures as contained below.

FINANCIAL GUARANTY INSURANCE COMPANY

By: _____
Name: _____Jeffrey Kert_____
Title: _____Managing Director_____


AMERICAN HOME MORTGAGE SERVICING, INC.

By: _____
Name: _____JOHN KAZAS_____
Title: _____SVP_____


AMERICAN HOME MORTGAGE ACCEPTANCE INC.

By: _____
Name: _____JOHN KAZAS_____
Title: _____SVP_____

# EXHIBIT A

[See attached form of Stipulation of Dismissal]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC.<br>et al.,<br><br>    Debtors.<br><br>FINANCIAL GUARANTY INSURANCE<br>COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN HOME MORTGAGE<br>SERVICING, INC. and AMERICAN HOME<br>MORTGAGE ACCEPTANCE, INC.,<br><br>    Defendants. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>(Jointly Administered)<br><br><br><br><br><br>Adversary No. 07-51725 |

## STIPULATION OF DISMISSAL OF
## COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

Financial Guaranty Insurance Company, American Home Mortgage Servicing, Inc. and American Home Mortgage Acceptance, Inc. hereby stipulate to the dismissal of the above-referenced action, without prejudice, through their respective signatures as contained below.

[Signature pages follow.]

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

Robert J. Dehney (No. 3578)
Donna L. Culver (No. 2983)
Chase Manhattan Centre, 18th Floor
1201 North Market Street
Wilmington, Delaware  19899
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

and

**KUTAK ROCK LLP**
Bruce A. Wilson, Esq. (NE Bar # 18885)
1650 Farnam Street
Omaha, Nebraska  68102
Telephone:  (402) 346-6000
Facsimile:  (402) 346-1148

Counsel for Financial Guaranty Insurance Company


**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

James L. Patton, Jr. (No. 2202)
John T. Dorsey (No. 2988 )
Sharon M. Zieg (No. 4196)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession