IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE | ) Case No. 07-11047 (CSS) |
| HOLDING, INC., *et al*., | ) (Jointly Administered) |
| | ) |
| Debtors. | ) Objection Deadline: May 27, 2008 @ 4:00 p.m. |
| | )                                    (Requested) |
| | ) Hearing Date: May 28, 2008 @ 11:00 a.m. |
| | )                                    (Requested) |

**MOTION OF RIVER PARK EXECUTIVE SUITES FOR LEAVE TO FILE LATE
CLAIM BY REASON OF EXCUSABLE NEGLECT**

The River Park Executive Suites ("River Park"), by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order granting River Park leave to file its proof of claim pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and in support thereof, states:

**BACKGROUND**

1. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holding, Inc. (the "Debtor", and along with the affiliated debtors, the "Debtors") commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On October 30, 2007, the Court established a bar date of January 11, 2008 (the "Bar Date") for filing claims. (Docket No. 1708).

3. On October 2, 2007, counsel for River Park, William Winfield, Esquire ("Mr. Winfield") prepared and executed a proof of claim (the "Proof of Claim"). Mr. Winfield transferred the completed Proof of Claim to his legal assistant with instructions to file the Proof of Claim in advance of the Bar Date. The affidavit of Mr. Winfield regarding the preparation of

the Proof of Claim is attached hereto as **Exhibit "1."** A copy of the Proof of Claim is attached as Exhibit "A" to the affidavit of Mr. Winfield.

4. Due to a clerical error the Proof of Claim was misfiled and not actually filed with the Bankruptcy Court or the Debtor until March 3, 2008. Specifically, Mr. Winfield's legal assistant, Ms. Angela Cooper, inadvertently misplaced the Proof of Claim into her internal file and failed to discover the error until after the Bar Date had passed. This mistake was due, in large part, to the substantially increased work load that Ms. Cooper was responsible for handling. The affidavit of Ms. Cooper regarding the error in filing the Proof of Claim is attached hereto as **Exhibit "2."**

5. On April 28, 2008, the Debtor objected to the Proof of Claim as being late filed.

6. No reorganization plan has been filed in the above-captioned cases.

## FACTS

7. River Park is a landlord, from which the Debtor leased office space in Oxnard, California. At or about the Petition Date, the Debtor vacated the office space and left rent unpaid. This lease of non-residential property has been deemed rejected by operation of Section 365(d) of the Bankruptcy Code.

8. The Proof of Claim is for unpaid rent and rejection damages due to the Debtor's termination of the lease.

## RELIEF REQUESTED

9. By this Motion, River Park seeks the entry of an order granting River Park relief for default and allowing the late filing of the Proof of Claim without making a final ruling on the allowance of the claim or the amount.

**RIVER PARK SHOULD BE PERMITTED TO FILE A LATE CLAIM**

10. Rule 3003(c) of the Bankruptcy Rules establishes requirements for filing proofs of claim under Chapter 11 of the Bankruptcy Code. Bankruptcy Rule 3003(c) provides that the "court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c). Bankruptcy Rule 9006, the general rule governing computation, enlargement and reduction of times prescribed under the rules, empowers a court to permit a late filing if the failure to comply with an earlier deadline was "the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1).

**EXCUSABLE NEGLECT**

11. River Park moves for leave to file its claim as a late claim due to excusable neglect pursuant to Bankruptcy Rule 9006(b). Excusable neglect is an "elastic concept." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993). Rejecting the circuits which had restricted its application to circumstances beyond the movant's reasonable control, the Supreme Court in Pioneer held that "neglect" included errors by inadvertence, mistake, or carelessness. Id. at 388. Post-Pioneer courts must examine all relevant circumstances, and in particular: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id. at 395. No factor is determinative and "all factors must be considered and balanced." In re Am. Classic Voyages, Co., 405 F.3d 127, 133 (3d Cir. 2005). Each of the Pioneer factors militates strongly in favor of allowing a late filing of the Proof of Claim.

**PREJUDICE TO DEBTOR**

12. In the present bankruptcy case, the Debtors would not be unduly prejudiced by allowing the late River Park claim because no plan has been filed and the claim will have little to no impact upon the Debtors, their estates and creditors.

13. Based upon the amount of claims asserted against the Debtors, allowing the Proof of Claim should not materially prejudice the Debtors in developing a plan of reorganization. See In re Garden Ridge Corp., 348 B.R. 642, 646 (Bankr. D. Del. 2006) (finding that prejudice did not exist where debtor's reorganization was not jeopardized and would not be impacted by the allowance of a late-filed claim).

**LENGTH OF DELAY**

14. With respect to the second Pioneer factor, In re O'Brien Environmental Energy, Inc. cautions that the length of the delay and impact on the proceeding must be determined in absolute terms. O'Brien Envtl. Energy, Inc., 188 F.3d 116, 130 (3d Cir. 1999). Here, the claim was filed approximately two months late. Furthermore, River Park has diligently attempted to resolve this matter.

15. Permitting River Park to file its claim should have no impact upon these proceedings. The filing of River Park's claim will not impact the Debtors' plan process, as the plan has not yet been filed.

**REASON FOR DELAY**

16. The third Pioneer factor requires the Court to examine the reason for the delay, including whether it was within the reasonable control of the movant. Once again, O'Brien cautions that the court must look at both parties' roles. Id. at 128-29. A finding of excusable neglect is not "limited to situations where the failure to timely file is due to circumstances

beyond the control of the filer." Pioneer, 507 U.S. at 391. Here, River Park's counsel mistakenly thought the Proof of Claim had already been filed before the Bar Date. In these circumstances, the reason for River Park's delay is both understandable and excusable.

## **GOOD FAITH**

17.     Finally, all evidence supports a finding that River Park acted in good faith in connection with this matter. As soon as River Park became aware of the error, it acted quickly to correct the mistake and have the Proof of Claim filed properly.

**WHEREFORE**, for the foregoing reasons and for such other reasons as shall be set forth at any hearing, River Park respectfully requests that the Bankruptcy Court enter an order allowing the late filing of the Proof of Claim without ruling on the allowability of the claim or the amount.

**SAUL EWING LLP**


By: /s/ Mark Minuti
Mark Minuti (DE No. 2659)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899-1266
(302) 421-6840

Counsel to River Park Executive Suites

Dated:  May 20, 2008