# Exhibit 1

## Affidavit of William E. Winfield

1

## AFFIDAVIT OF WILLIAM E. WINFIELD

2    I, William E. Winfield, declare as follows:

3    1.    I am a senior partner of Nordman Cormany Hair & Compton LLP,

4 which is counsel of record for Mary Squire dba River Park Executive Suites.

5    2.    On October 2, 2007, I executed the Proof of Claim, a copy of which is

6 attached hereto as Exhibit "A" and incorporated herein by this reference. I gave

7 instructions that it be filed prior to the January 11, 2008 deadline.

8    3.    I gave instructions that the Proof of Claim be filed before the deadline

9 and believed that it had been done.

10    4.    I did not become aware that the Proof of Claim had not been timely

11 filed, and in fact had not been filed until March 3, 2008, until I received the Notice of

12 Objection.

13    5.    The failure to file the Proof of Claim on time was due to an extremely

14 busy period at my office related to the high volume of consumer bankruptcy cases

15 that were filed during 2007 and 2008.

16
    I declare under penalty of perjury under the laws of the State of California

17
that the foregoing is true and correct and if called upon I could competently testify

18
thereto of my own personal knowledge. Executed this 19th day of May, 2008, at

19
Oxnard, California.

20

21    _____
     WILLIAM E. WINFIELD

22

23

24

25

26

27

28

17527\001\PLD\10347570.DOC                    1

# Exhibit A

B 10 (Official Form 10) (04/07)

No. 10035

| UNITED STATES BANKRUPTCY COURT | DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor<br>AMERICAN HOME MORTGAGE HOLDINGS, INC.,<br>a Delaware corporation, et al. | Case Number<br>07-11047 (CSS) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>RIVER PARK EXECUTIVE SUITES | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent:<br>C/O WILLIAM E. WINFIELD<br>NORDMAN CORMANY HAIR & COMPTON LLP<br>1000 TOWN CENTER DRIVE, 6TH FLOOR<br>OXNARD, CA 93036<br>Telephone number: 805-485-1000 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Last four digits of account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends   a previously filed claim, dated: _____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Retiree benefits as defined in 11 U.S.C. § 1114(a)

- ☒ Other RENT _____

- ☐ Wages, salaries, and compensation (fill out below)
  - Last four digits of your SS #: _____
  - Unpaid compensation for services performed
  - From _____ to _____
  - (date)           (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim $ 80,662.00**
- ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
- ☒ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority $ 744.00
Specify the priority of the claim:

- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

- ☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
- ☐ Check this box if your claim is secured by collateral (including a right of setoff).
  - Brief Description of Collateral:
    - ☐ Real Estate   ☐ Motor Vehicle
    - ☐ Other _____
  - Value of Collateral: $ 0.00
  - Amount of arrearage and other charges at time case filed included in secured claim, if any: $ 0.00

- ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) (_____).
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:**

| $80,662.00 | 0.00 | 744.00 | 81,406.00 |
|---|---|---|---|
| (unsecured) | (secured) | (priority) | (total) |

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

US BANKRUPTCY COURT DISTRICT OF DELAWARE CLERK  2009 MAR -3 AM   FILED

| Date<br>10/2/07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>WILLIAM E. WINFIELD | |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B10

B 10 (Official Form 10) (04/07)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## ------ DEFINITIONS ------

### Debtor
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim
A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

### Secured Claim
A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim.*)

### Unsecured Claim
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

### Court, Name of Debtor, and Case Number:
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

### Information about Creditor:
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

### 1. Basis for Claim:
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

### 2. Date Debt Incurred:
Fill in the date when the debt first was owed by the debtor.

### 3. Court Judgments:
If you have a court judgment for this debt, state the date the court entered the judgment.

### 4. Classification of Claim:
#### Secured Claim:
Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount

past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

### Unsecured Priority Claim:
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above.) A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

### Unsecured Nonpriority Claim:
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount not entitled to priority.

### 5. Total Amount of Claim at Time Case Filed:
Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

### 6. Credits:
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

### 7. Supporting Documents:
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.



EXECUTIVE SUITES

## OFFICE SERVICE AGREEMENT

This agreement is made this 5th day of July, 2007, by and between River Park Executive Suites ("Center") having offices known and numbered as Suite 300 ("the Facility") in the Building located at 1000 Town Center Drive, Oxnard, Ca 93036 (the "Building") and American Home Mortgage Corp., Attn: VP Corporate Real Estate ("Client") with an address of 538 Broadhollow Road, Melville, NY 11747 for a term of six months, commencing on the 16th day of July, 2007 (the "Commencement Day).

1.    **OFFICE ACCESS.** As a Client you have a license to use the office(s) assigned to you. The Client also has shared use common areas in the Center. The Client has access to their office(s) twenty-four (24) hours a day, seven (7) days a week. The Center's Building provides office cleaning, maintenance services, electric heating and air conditioning to the Center during normal business hours as determined by the landlord for the Building.

The Center reserves the right to relocate Client to another office in the Center. If the Center exercises this right it will only be to an office of equal or larger sized and configuration. This relocation is at Center's expense.

The Center reserves the right to show the offices(s) to prospective Clients and will use reasonable efforts not to disrupt Client's business.

2.    **SERVICES.** In addition to an office, Center provides Client with certain services on an as requested basis. The fee schedule for these services is available upon request and may be updated from time to time. The fees are charged to Client's account and are payable on the monthly billing date. Client agrees to pay all charges authorized by their employees. The Center and vendors designated by Center are the only service providers authorized to provide services in the Center. Client agrees that neither Client nor their employees will solicit other Clients of the Center to provide any service provided by Center's affiliates or its designated vendors, or otherwise. In the event Client defaults on their obligations under this agreement, Client agrees that Center may cease to provide any and all services including telephone services without resort to legal process.

3.    **PAYMENTS.** Client agrees to pay the fixed and additional service fees and all applicable sales or use taxes by the payment due date, which is on the 1st of every month. Client will be charged a late fee equivalent to 5% of the balance due, if payment is not received by the 10th of every month. If Client disputes any portion of the charges on their bill, Client agrees to pay the undisputed portion on the designated payment date. Client agrees that charges must be disputed within ninety (90) days or Client waives their right to dispute such charges.

When Client signs this agreement they are required to pay their fixed fees, set up fees and a refundable retainer. The refundable retainer will not be kept in a separate account from other funds of Center and no interest will be paid to Client on this amount. The refundable retainer may be applied to outstanding charges at any time at Center's discretion. Center has the right to require that Client replace retainer funds that Center applies to their charges. At the end of the term of this agreement, if Client has satisfied all of their payment obligations, Center will refund Client this retainer within thirty (30) days.

4.    **OUR LIMITATION OF LIABILITY.** Client acknowledges that due to the imperfect nature of verbal, written and electronic communications, neither Center nor Center's affiliates; landlord or any of their respective officers, directors, employees, partners, agents or representatives shall be responsible for

damages, direct or consequential, that may result from the failure of Center to furnish any service, including but not limited to the service of conveying messages, communications and other utility or services. Client's sole remedy and Center's sole obligation for any failure to render any service, any error or omission, or any delay or interruption of any service, is limited to an adjustment to Client's bill in an amount equal to the charge for such service for the period during which the failure, delay or interruption continues.

**WITH THE SOLE EXCEPTION OF THE REMEDY DESCRIBED ABOVE, CLIENT EXPRESSLY AND SPECIFICALLY AGREES TO WAIVE, AND AGREES NOT TO MAKE, ANY CLAIM FOR DAMAGES, DIRECT OR CONSEQUENTIAL, INCLUDING WITH RESPECT TO LOST BUSINESS OR PROFITS, ARISING OUT OF ANY FAILURE TO FURNISH ANY SERVICE, ANY ERROR OR OMISSION WITH RESPECT THERETO, OR ANY DELAY OR INTERRUPTION OF SERVICES. CENTER DISCLAIMS ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.**

5. **LICENSE AGREEMENT. THIS AGREEMENT IS NOT A LEASE OR ANY OTHER INTEREST IN REAL PROPERTY. IT IS A CONTRACTUAL ARRANGEMENT THAT CREATES A REVOCABLE LICENSE.** Center retains legal possession and control of the Center and the office assigned to Client. Center's obligation to provide Client space and services is subject to the terms of Center's lease with the Building. This agreement terminates simultaneously with the termination of Center's master lease or the termination of the operation of Center for any reason. As Center's Client, Client does not have any rights under Center's lease with Center's landlord. When this agreement is terminated because the term has expired or otherwise, Client's license to occupy the Center is revoked. Client agrees to remove their personal property and leave the office as of the date of termination. Center is not responsible for property left in the office after termination.

6. **DAMAGES AND INSURANCE.** Client is responsible for any damage Client cause to the Center or Client's office(s) beyond normal wear and tear. Center has the right to inspect the condition of the office from time to time and make any necessary repairs.
Client is responsible for insuring their personal property against all risks. Client has the risk of loss with respect to any of their personal property. Client agrees to waive any right of recovery against Center, its directors, officers and employees for any damage or loss to Client's property under their control. All property in Client's office(s) is understood to be under Client's control.

7. **DEFAULT.** Client is in default under this agreement if; 1) Client fails to abide by the rules and regulations of the Center, a copy which has been provided to Client; 2) Client does not pay their fees on the designated payment date and after written notice of this failure to pay Client does not pay within five (5) days; and 3) Client does not comply with the terms of this agreement. If the default is unrelated to payment Client will be given written notice of the default and Client will have ten (10) days to correct the default.

8. **TERMINATION.** Client has the right to terminate this agreement early; 1) if their mail or telecommunications service or access to the office(s) is cut for a period of five (5) concurrent business days.
Center has the right to terminate this agreement early; 1) if Client fails to correct a default or the default cannot be corrected; 2) without opportunity to cure if Client repeatedly default under the agreement; or 3) if Client uses the Center for any illegal operations or purposes.

9. **RESTRICTION ON HIRING.** Center's employees are an essential part of Center's ability to deliver the services. Client acknowledges this and agrees that, during the term of Client's agreement and for six (6) months afterward, Client will not hire any of Center's employees. If Client does hire Center's employees, Client agrees that actual damages would be difficult to determine and therefore Client agrees to pay liquidated damages in the amount of one-half of the annual base salary of the employee Client hires. Client agrees that this liquidated damage amount is fair and reasonable.

10. **ADDENDUM.** The addendum attached to this agreement as Schedule A is hereby made an integral part of this agreement. See International telephone charges.

Client, Its employees, agents, guests, invitees, visitors, and/or any other persons caused to be present in and around the premises by the Client will perform and abide by this addendum.

11.

**MISCELLANEOUS.** All notices are to be in writing and may be given by registered or certified mail, postage prepaid, overnight mail service or hand delivered with proof of delivery, addressed to the Client at the address listed and with a copy to the same address made to the attention of the General Counsel.

Client acknowledges that, where appropriate, Center will comply with the Postal Service regulations regarding Client's mail. Upon termination of this agreement, Client must notify all parties with whom Client does business of their change of address. Client agrees not to file a change of address form with the postal service. Filing of a change of address form may forward all mail addressed to the Center to their new address. In addition, all telephone and facsimile numbers and IP addresses are the property of the Center. These numbers will not be transferred to Client at the end of the term. For a period of thirty (30) days after the expiration of this agreement,

Center will provide Client's new telephone number and address to all incoming callers and will hold or forward Client's mail, packages, and facsimiles at no cost to Client. After thirty (30) days Client may request the continuation of this service at their cost. Corporate Identity Clients must pay for the additional five (5) months of mail forwarding, if required by the Postal Service regulations.

In the event a dispute arises under this agreement Client agrees to submit the dispute to mediation. If mediation does not resolve the dispute, Client agrees that the matter will be submitted to arbitration. The decision of the arbitrator will be binding on the parties. The non-prevailing party as determined by the arbitrator shall pay the prevailing party's attorney's fees and costs of the arbitration. Furthermore, if a court decision prevents or Center elects not to submit this matter to arbitration, then the non-prevailing party as determined by the court shall pay the prevailing party's reasonable attorney's fees and costs. Nothing in this paragraph will prohibit Center from seeking equitable relief including without limitation any action for removal of the Client from the Center after the license has been terminated or revoked.

A. This agreement is governed by the laws of the country or state in which the Center is located.

B. Client may not assign this agreement without Center's prior written consent, which will not be unreasonably withheld, conditioned or delayed.

C. This agreement is the entire agreement between Client and Center. It supercedes all prior agreements.

**CENTER: RIVER PARK EXECUTIVE SUITES**

By: _____
Authorized Signature
MARY SQUIRE
_____    7/11/07
Print Name                                      Date

**CLIENT:**

By: _____
Authorized Signature

ALAN HORN, EVP    7/10/07
Print Name                    Date

American Home Mortgage #37

[Date]

## Move In Costs

| | |
|---|---|
| Security | 2,395 |
| Application Fee | 75 |
| Non Refundable Cleaning | 375 |
| One Time Phone/Computer Programming ($) | 375 |
| Directory Listing | 40 |
| Access Cards (5) | 100 |
| Keys | 50 |
| **Total One Time Charges** | **$ 3,410** |

## Other Move In Charges

| | |
|---|---|
| 1st Month's Rent | 2,395 |
| 1st Month's Phone Service (5) | 425 |
| Four Additional Internet Access | 200 |
| Fax Line | 30 |
| **Total Move In Costs** | **$ 6,460** |

## Monthly Charges

| | |
|---|---|
| Rent | 2395 |
| Furniture Rental | 423 |
| Extra Internet Access | 200 |
| Phone | 425 |
| Fax | 30 |
| **Total Monthly Rent** | **3,473** |

| | |
|---|---|
| **Total Rent for 12 Months** | **$ 41,676** |

## Other One Time Charges

| | |
|---|---|
| Install 8 Port Phone Switch | 350 |
| Furniture Delivery Charge | 250 |
| Fax Line Set Up | 125 |
| **Total One Time Charges** | **725** |

| | |
|---|---|
| **Total Amount Due** | **$ 48,861** |
| **Total Amount Received** | **$ 1,759** |
| **Total Balance Due** | **$ 47,102** |

American Home Mopgtgage #36

[Date]

## Move In Costs

| | |
|---|---|
| Security | 995 |
| Non Refundable Cleaning | 300 |
| One Time Phone/Computer Programming | 150 |
| Keys (2) | 20 |
| Access Cards (5) | 40 |
| **Total One Time Charges** | $ 1,505 |

### Other Move In Charges

| | |
|---|---|
| 1st Month's Rent | 995 |
| 1st Month's Phone Service (2) | 170 |
| One Additional Internet Access | 50 |
| **Total Move In Costs** | $ 2,720 |

## Monthly Charges

| | |
|---|---|
| Rent | 995 |
| Furniture Rental | 87 |
| Extra Internet Access | 50 |
| Phone | 170 |
| **Total Monthly Rent** | 1,302 |
| **Total Rent for 12 Months** | $ 15,624 |

| | |
|---|---|
| **Total Amount Due** | $ 18,344 |
| **Total Amount Received** | $ 1,759 |
| **Total Balance Due** | $ 16,585 |

American Home Mortgage #35

[Date]



## Move In Costs

| | |
|---|---|
| Security | 995 |
| Non Refundable Cleaning | 300 |
| One Time Phone/Computer Programming (5) | 150 |
| Keys (2) | 20 |
| Access Cards (5) | 40 |
| **Total One Time Charges** | **$ 1,505** |

### Other Move In Charges

| | |
|---|---|
| 1st Month's Rent | 995 |
| 1st Month's Phone Service (2) | 170 |
| One Additional Internet Access | 50 |
| Fax Line | 30 |
| **Total Move In Costs** | **$ 2,750** |

## Monthly Charges

| | |
|---|---|
| Rent | 995 |
| Furniture Rental | 152 |
| Extra Internet Access | 50 |
| Phone | 170 |
| Fax | 30 |
| **Total Monthly Rent** | **1,332** |
| **Total Rent for 12 Months** | **$ 15,984** |
| **Total Amount Due** | **$ 18,734** |
| **Total Amount Received** | **$ 1,759** |
| **Total Balance Due** | **$ 16,975** |

# American Home Mortgage

12-Sep-07

| | |
|---|---|
| Monthly Storage Fee (per office) | 200.00 |

**Monthly Storage Fee #35**

| | |
|---|---|
| August 7 - August 31 | 155 |
| September 1 - September 14 | 93 |
| Total Due | $ 248 |

**Monthly Storage Fee #36**

| | |
|---|---|
| August 7 - August 31 | 155 |
| September 1 - September 14 | 93 |
| Total Due | $ 248 |

**Monthly Storage Fee #37**

| | |
|---|---|
| August 7 - August 31 | 155 |
| September 1 - September 14 | 93 |
| Total Due | $ 248 |

| | |
|---|---|
| Total Amount Due | $ 744 |
| Total Amount Received | $ - |
| Total Balance Due | $ 744 |