**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | |
| **AMERICAN HOME MORTGAGE** | ) | **Case No. 07-11047 (CSS)** |
| **HOLDINGS, INC.,** *et al.*, | ) | |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | **Related to Docket No. 3879** |

**RIVER PARK EXECUTIVE SUITES' RESPONSE TO DEBTORS' FIFTH
OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CLAIMS
PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1**

The River Park Executive Suites ("River Park"), by and through its undersigned counsel, hereby responds to the Debtors' Fifth Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "Objection") as follows:

**BACKGROUND**

1.      On August 6, 2007 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.      On October 2, 2007, counsel for River Park, William Winfield, Esquire ("Mr. Winfield") prepared and executed a Proof of Claim (the "Proof of Claim").  A true and correct copy of the Proof of Claim is attached hereto as **Exhibit "A."**  Mr. Winfield transferred the completed Proof of Claim to his legal assistant with instructions to file the Proof of Claim in advance of the Bar Date.  The affidavit of Mr. Winfield (without exhibit) regarding the preparation of the Proof of Claim is attached hereto as **Exhibit "B."**

559021.1 5/20/08

3.      Due to a clerical error the Proof of Claim was misfiled and not actually filed with the Bankruptcy Court or the Debtor until March 3, 2008.  Specifically, Mr. Winfield's legal assistant, Ms. Angela Cooper, inadvertently misplaced the Proof of Claim into her internal file and failed to discover the error until after the Bar Date had passed.  This mistake was due, in large part, to the substantially increased work load that Ms. Cooper was responsible for handling.  The affidavit of Ms. Cooper (without exhibit) regarding the error in filing the Proof of Claim is attached hereto as **Exhibit "C."**

### THE RIVER PARK CLAIM

4.      River Park is a landlord, from which the Debtors leased office space in Oxnard, California.  At or about the Petition Date, the Debtors vacated the office space and left rent unpaid.  This lease of non-residential property has been deemed rejected by operation of Section 365(d) of the Bankruptcy Code.

5.      As a result of this rejection, River Park has asserted a Proof of Claim for unpaid rent and rejection damages.

### THE DEBTORS' OBJECTION

6.      On or about April 28, 2008, the Debtors filed the Objection, which objected to the Proof of Claim on the grounds that it was not timely filed with respect to the Bar Date, such that it should be disallowed and expunged pursuant to Section 502(b) of the Bankruptcy Code.

### RIVER PARK'S RESPONSE TO THE OBJECTION

7.      Rule 3003(c) of the Bankruptcy Rules establishes requirements for filing proofs of claim under Chapter 11 of the Bankruptcy Code.  Bankruptcy Rule 3003(c) provides that the "court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  Fed. R. Bankr. P. 3003(c).  Bankruptcy Rule 9006, the general rule governing

computation, enlargement and reduction of times prescribed under the rules, empowers a court to permit a late filing if the failure to comply with an earlier deadline was "the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). Because the late filing of the River Park Claim should be excused as a result of excusable neglect, the Objection should be overruled.

**The Actions of River Park Satisfy the Standard for Excusable Neglect**

8.        The late filing of the Proof of Claim by River Park is not grounds for disallowing the claim, because the inadvertent failure to file meets the standard for excusable neglect pursuant to Bankruptcy Rule 9006(b). Excusable neglect is an "elastic concept." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993). Rejecting the circuits which had restricted its application to circumstances beyond the movant's reasonable control, the Supreme Court in Pioneer held that "neglect" included errors by inadvertence, mistake, or carelessness. Id. at 388. Post-Pioneer courts must examine all relevant circumstances, and in particular: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id. at 395. No factor is determinative and "all factors must be considered and balanced." In re Am. Classic Voyages, Co., 405 F.3d 127, 133 (3d Cir. 2005). Each of the Pioneer factors militates strongly in favor of overruling the Objection and allowing a late filing of the Proof of Claim.

A.        **Prejudice to the Debtor**

9.        In the present bankruptcy case, the Debtors would not be unduly prejudiced by allowing the late River Park claim because no plan has been filed and the claim will have little to no impact upon the Debtors, their estates and creditors.

10.     Based upon the amount of claims asserted against the Debtors, allowing the Proof of Claim should not materially prejudice the Debtors in developing a plan of reorganization. See In re Garden Ridge Corp., 348 B.R. 642, 646 (Bankr. D. Del. 2006) (finding that prejudice did not exist where debtor's reorganization was not jeopardized and would not be impacted by the allowance of a late-filed claim).

B.    **Length of Delay**

11.     With respect to the second Pioneer factor, In re O'Brien Environmental Energy, Inc. cautions that the length of the delay and impact on the proceeding must be determined in absolute terms. O'Brien Envtl. Energy, Inc., 188 F.3d 116, 130 (3d Cir. 1999). Here, the claim was filed approximately two months late. Furthermore, River Park has diligently attempted to resolve this matter.

12.     Permitting River Park to file its claim should have no impact upon these proceedings. The filing of River Park's claim will not impact the Debtors' plan process, as the plan has not yet been filed.

C.    **Reason for Delay**

13.     The third Pioneer factor requires the Court to examine the reason for the delay, including whether it was within the reasonable control of the movant. Once again, O'Brien cautions that the court must look at both parties' roles. Id. at 128-29. A finding of excusable neglect is not "limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." Pioneer, 507 U.S. at 391. Here, River Park's counsel mistakenly thought the Proof of Claim had already been filed before the Bar Date. In these circumstances, the reason for River Park's delay is both understandable and excusable.

**D.**     <u>**Good Faith**</u>

14.     Finally, all evidence supports a finding that River Park acted in good faith in connection with this matter.  As soon as River Park became aware of the error, it acted quickly to correct the mistake and have the Proof of Claim filed properly.

**WHEREFORE**, for the foregoing reasons and for such other reasons as shall be set forth at any hearing, River Park respectfully requests that the Bankruptcy Court enter an order (a) overruling the Objection, and (b) granting River Park such further relief as is just and proper.

**SAUL EWING LLP**

By: */s/ Mark Minuti*
    Mark Minuti (DE No. 2659)
    222 Delaware Avenue, Suite 1200
    P.O. Box 1266
    Wilmington, DE  19899-1266
    (302) 421-6840

    Counsel to River Park Executive Suites

Dated:  May 20, 2008