**AH Mortgage Acquisition Co., Inc.**
**c/o WL Ross & Co. LLC**
**1166 Avenue of the Americas, 27th Floor**
**New York, New York  10036**

April 11, 2008

American Home Mortgage Investment Corp.
American Home Mortgage Corp.
American Home Mortgage Servicing Inc.
c/o American Home Mortgage Investment Corp.
538 Broadhollow Road
Melville, New York  11747
Attention:  Mr. Steven Cooper

> Re:    **Asset Purchase Agreement, dated as of September 25, 2007, by and among AH Mortgage Acquisition Co., Inc. ("Purchaser"), American Home Mortgage Investment Corp., American Home Mortgage Corp. and American Home Mortgage Servicing, Inc. (together with American Home Mortgage Investment Corp. and American Home Mortgage Corp., the "Sellers") (as modified, amended or supplemented, the "Asset Purchase Agreement")**

Mr. Cooper:

In connection with, and as a condition to, the consummation of the Final Closing, Purchaser and Sellers desire to clarify certain obligations of the parties hereto that shall survive the Final Closing, in addition to those contemplated by the Asset Purchase Agreement. Therefore, in consideration of the representations, warranties, covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound hereby, agree as follows:

**Transfer of REO Property**

In accordance with Section 2.1 of the Asset Purchase Agreement, at the Final Closing Sellers are to "sell, convey, transfer, assign and deliver to Purchaser . . . all of the right, title and interest of all Sellers and their Affiliates as of the Final Closing Date in and to all assets and properties Related to the Business, whether tangible or intangible, real, personal or mixed . . . including . . . all of Sellers' Servicing Rights[.]" Section 1.1 of the Asset Purchase Agreement defines Servicing Rights to include "(i) the right to service the Mortgage Loans under the Servicing Agreements . . . (ii) the related master servicing and/or servicing obligations as specified in each Servicing Agreement . . . and (vi) all other rights, powers and privileges of Sellers as the master servicer, servicer or subservicer under the Servicing Agreements as expressly set forth therein or as deemed at Law[.]"

Sellers acknowledge that the rights and obligations of a master servicer, servicer or subservicer under the respective Servicing Agreements include prosecuting the foreclosure of, taking title in lieu of foreclosure or otherwise acquiring the real property securing delinquent

DLI-6178102v12

Mortgage Loans, or Mortgage Loans that are otherwise in default, that are being serviced under the Servicing Agreements (the "REO Property"). In acquiring REO Property pursuant to the Servicing Agreements, the Sellers or their Affiliates take title in name only and as nominee of the counterparties under the applicable Servicing Agreements (hereinafter "Principals"), which Principals are the beneficial owners of the REO Properties. Accordingly, title to these REO Properties is being transferred to Purchaser or its Affiliates as of the Final Closing in name only and as nominee for the Principals.

It is acknowledged that Sellers and their Affiliates are in the process of transferring title to the REO Property (in name only and as nominee) to AHMSI Default Services, Inc., the stock of which, in accordance with the Asset Purchase Agreement, is being transferred to Purchaser as of the Final Closing. In the event that title to any of the REO Properties has not been transferred to AHMSI Default Services, Inc. as of the Final Closing, Purchaser and Sellers acknowledge that the title to these properties (the "Non-Transferred REO Properties") will be deemed to have passed to AHMSI Default Services, Inc. as of the Final Closing. Sellers agree that they shall, and shall cause their Affiliates to, execute and deliver all deeds, bills of sale, instruments of conveyance, powers of attorney, assignments and assurances and take and do all such other actions and things as may be reasonably requested by Purchaser and its affiliates in order to vest, perfect or confirm any and all of their rights, title and interest in, to and under the Non-Transferred REO Properties in AHMSI Default Services, Inc. (to allow Purchaser to perform its obligations with respect to such Non-Transferred REO Properties in accordance with the applicable Servicing Agreement) or as otherwise directed by Purchaser.

The parties agree that title to the REO Properties is being conveyed from Seller (or its Affiliates) to Purchaser (or its Affiliates) for nominal consideration, and further acknowledge that the transfers of the REO Properties described herein do not constitute a transfer or assignment of any beneficial rights to any of these properties.

### 338(h)(10) Election

If the value allocated to the shares of AHMSI Default Services, Inc. that are transferred to Purchaser at the Final Closing is in excess of the tax basis of the net assets held by AHMSI Default Services, Inc. at the Final Closing, then, if requested by Purchaser, the Sellers shall join Purchaser in making an election under Section 338(h)(10) of the Code (and any corresponding election under state, local and foreign Tax law); provided that Purchaser shall indemnify Sellers for an amount equal to the Tax, calculated at the maximum federal, state, local and foreign income tax rates applicable to Sellers, on any increase in taxable income of Sellers arising as a direct result of making such election.

### Delivery of Servicing Files

The Purchaser and Sellers acknowledge that certain Mortgage Loan Documents, Servicing Files and/or other Books and Records to be delivered by Sellers to Purchaser at the Final Closing are located in an American Corporate Record Center, Inc. document storage facility (the "Stored Files"). Following the Final Closing, Sellers shall, promptly following Purchaser's request from time to time, have all or a portion of the Stored Files pulled from the storage facility at Sellers' cost and expense and delivered to Purchaser at Purchaser's cost and

expense. Unless otherwise instructed by Purchaser, Sellers will not deliver any Stored Files to any Person other than Purchaser or its designee and Sellers will take commercially reasonable actions to prevent the Stored Files from being destroyed. Notwithstanding the foregoing, Sellers acknowledge and agree that Purchaser does not hereby waive any of its rights or Claims, and Purchaser hereby reserves all of its rights and Claims, under the Asset Purchase Agreement, including, without limitation, those relating to the location of where the Stored Files are to be delivered by Sellers and who should bear the costs and expenses of such delivery.

### Reservation of Rights Regarding Final Closing Date

Sellers acknowledge and agree that, by effectuating the Final Closing, Purchaser does not waive any of its rights or Claims relating to Purchaser's position that Sellers were obligated to effectuate the Final Closing at an earlier date, and Purchaser hereby reserves all of its rights and Claims for damages under the Asset Purchase Agreement relating to the Sellers' obligations to effectuate the Final Closing.

### Miscellaneous

Capitalized terms used herein and not otherwise defined herein shall have the meaning ascribed to them in the Asset Purchase Agreement.

Sellers hereby jointly and severally represent and warrant to Purchaser that any amendments, modifications or supplements to the Asset Purchase Agreement set forth in this letter agreement do not have a material adverse effect on the Debtors' (as defined in the Sale Approval Order) estate and that the Administrative Agent and the official committee of unsecured creditors appointed in the Bankruptcy Cases have waived the five business day prior written notice requirement of paragraph 27 of the Sale Approval Order. Sellers shall promptly file a notice of the entry into this letter agreement with the Bankruptcy Court as contemplated by paragraph 27 of the Sale Approval Order.

Sellers hereby jointly and severally represent and warrant to Purchaser that Sellers have obtained the prior written consent of the Administrative Agent to enter into this letter agreement and have consulted with the official committee of unsecured creditors appointed in the Bankruptcy Cases prior to entering into this letter agreement.

The Asset Purchase Agreement as supplemented hereby (a) constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, among the parties with respect to the subject matter hereof and thereof and (b) is not intended to confer any rights or remedies upon any Person other than the parties hereto and thereto.

THIS LETTER AGREEMENT SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH (A) THE INTERNAL LAWS OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO RULES GOVERNING THE CONFLICT OF LAWS AND, (B) TO THE EXTENT APPLICABLE, THE BANKRUPTCY CODE.

This letter agreement may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when two or more counterparts have been signed by each of the parties and delivered to the other parties. Copies of

DLI-6178102v12

executed counterparts transmitted by telecopy or other electronic transmission service shall be considered original executed counterparts, provided receipt of such counterparts is confirmed.

*{Remainder of Page Intentionally Left Blank}*

DLI-6178102v12

Please indicate your agreement to the terms set forth herein by signing in the spaces provided below.

Sincerely,

**AH Mortgage Acquisition Co., Inc.**

By: _____
Josh Seegopaul, Vice President

ACKNOWLEDGED AND AGREED:

**American Home Mortgage Investment Corp.,**
as Seller and Debtor and Debtor-in-Possession

By: _____
     Name:
     Title:

**American Home Mortgage Corp.,**
as Seller and Debtor and Debtor-in-Possession

By: _____
     Name:
     Title:

**American Home Mortgage Servicing, Inc.,**
as Seller and Debtor and Debtor-in-Possession

By: _____
     Name:
     Title:

cc:    Kroll Zolfo Cooper
       101 Eisenhower Parkway
       Roseland, New Jersey 07068
       Facsimile: (973) 618-9430
       Attention: Elizabeth S. Kardos, Esq.

*Signature Page to Letter Agreement*

Please indicate your agreement to the terms set forth herein by signing in the spaces provided below.

Sincerely,

**AH Mortgage Acquisition Co., Inc.**

By: _____
       Josh Seegopaul, Vice President

ACKNOWLEDGED AND AGREED:

**American Home Mortgage Investment Corp.,**
as Seller and Debtor and Debtor-in-Possession

By: _____
Name: Craig Pino
Title: EVP & Treasurer

**American Home Mortgage Corp.,**
as Seller and Debtor and Debtor-in-Possession

By: _____
Name: Craig Pino
Title: EVP & Treasurer

**American Home Mortgage Servicing, Inc.,**
as Seller and Debtor and Debtor-in-Possession

By: _____
Name: Craig Pino
Title: EVP & Treasurer

cc:    Kroll Zolfo Cooper
       101 Eisenhower Parkway
       Roseland, New Jersey 07068
       Facsimile: (973) 618-9430
       Attention: Elizabeth S. Kardos, Esq.

*Signature Page to Letter Agreement*

Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Facsimile: (302) 571-1253
Attention: James L. Patton, Jr., Esq.

Banc of America
Strategic Solutions, Inc.
901 Main Street, 66th Floor
Dallas, Texas 75202
Facsimile: (214) 290-9475
Attention: Jay T. Wampler

Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Facsimile: (212) 836-6545
Attention: Mark Liscio, Esq.

Hahn & Hessen LLP
488 Madison Avenue
New York, New York 10022
Facsimile: (212) 478-7400
Attention: Mark S. Indelicato, Esq.

Jones Day
222 East 41st Street
New York, New York 10017
Facsimile: (212) 755-7306
Attention: Robert A. Profusek, Esq.