**IN THE UNITED STATES BANKRUPTCY COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| American Home Mortgage, ) | Case No. 07-11047 CSS |
| et al., ) | Chapter 11 |
| ) | Jointly Administered |
| ) | Hearing: June 25, 2008 @ 10:00 a.m. |
| Debtors. ) | Response Date: June 18, 2008 |

**CITIMORTGAGE INC.'S MOTION FOR RELIEF FROM**
**THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 (d) (1)**
**AS TO 124 CHANTILLY, IRVINE, CA**

NOW COMES Citimortgage, Inc., by and through its attorneys, Whittington & Aulgur, and moves the Court for an Order granting relief from the Automatic Stay of 11 U.S.C. §362 upon the following grounds:

JURISDICTION

1.  The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 11 U.S.C. §157 and 11 U.S.C. §362.

CLAIM FOR RELIEF

2.  Citimortgage, Inc. (hereinafter "Citimortgage") is a corporation located Coppell, Texas.

3.  On August 6, 2007 a Chapter 11 Petition initiating this proceeding was filed by the Debtors.

4.  On December 7, 2005, non-filing borrowers, Chris and Laura Kather, (hereinafter "Borrowers") executed and delivered a Deed of Trust (hereinafter "DOT 1") in the principle sum of $425,859.00 unto Mortgage Electronic Registration Systems, Inc. as nominee for the Lender, Debtor, American Home Mortgage. Said DOT 1 created a lien upon the property therein mentioned, 124 Chantilly, Irvine, CA (hereinafter the

"Property") all of which is on record in the Orange County Recorder's Office. A copy of said DOT is attached hereto as Exhibit 'A". On the same date the Borrowers executed a Note, a copy of which is attached hereto as Exhibit "B".

5. On December 7, 2005 Mortgage Electronic Registration Services Inc. as nominee for the Debtor, assigned, and transferred the DOT 1 to Movant, CitiMortgage, Inc., a copy of which is attached hereto as Exhibit "C".

6. On December 16, 2005 Borrowers executed and delivered a Deed of Trust (hereinafter "DOT 2") to secure the principle sum of $105,666.00 unto the Beneficiary, Debtor, American Home Mortgage Acceptance, Inc. Said DOT 2 created a lien in second position on the Property as set forth in the title search, pertinent portions of which are attached hereto as Exhibit "D". Upon information and belief the Debtor still holds this DOT 2.

7. Debtors have no ownership interest in the Property, and their lien, if any, is subordinate to Movant's.

8. At present, Borrowers are contractually delinquent and Movant seeks to exercise its contractual rights and remedies with respect to the DOT 1.

9. The payoff amount on the subject DOT 1 is approximately $445,132.80. The Property has an estimated as is value of approximately $525,000.00 as set forth on the Broker's Price Opinion attached hereto as Exhibit "E". After taking into account costs of sale and DOT 2 with a principal amount of $105,666.00 there is no equity in the Property.

10. Any potential equity would not benefit the Debtors' Estate since the Debtor holds no ownership interest in the Property and the Property is not necessary for the Debtors' reorganization.

11. The continuation of the Automatic Stay of 11 U.S.C. §362 will work real and irreparable harm upon Movant and therefore cause exists to vacate the stay to permit Movant to exercise its non-bankruptcy contractual rights and remedies against Borrowers and the Property.

WHEREFORE, CitiMortgage Inc. hereby moves for an Order pursuant to 11 U.S.C. §362 (d) (1) terminating the Automatic Stay for cause.

WHITTINGTON & AULGUR

/s/ Kristi J. Doughty
Robert T. Aulgur, Jr. (No.165)
Kristi J. Doughty (No. 3826)
651 N. Broad Street, Suite 206
P.O. Box 1040
Middletown, DE 19709-1040
(302) 378-1661
Attorney for Movant

Dated: 5/27/08