# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | ) | Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.,[1] | ) | |
| | ) | Doc. Ref. No. 1708 |
| Debtors. | ) | |

**NOTICE OF BAR DATES FOR FILING OF PROOFS OF CLAIM**

**TO ALL CREDITORS AND EQUITY INTEREST HOLDERS:**

On October 30, 2007, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bar Date Order") establishing certain claims bar dates in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[2] By the Bar Date Order, the Court established **January 11, 2008 at 4:00 p.m. (Eastern Time)**, as the general claims bar date (the "General Bar Date"). Except as described below, the Bar Date Order requires all Entities, other than Governmental Units, that have or assert any prepetition Claims against the Debtors to file proofs of claim with EPIQ Bankruptcy Solutions, LLC ("EPIQ"), the claims noticing and balloting agent in these cases, so that their proofs of claim are received by EPIQ **on or before 4:00 p.m., Eastern Time, on January 11, 2008**. Please note that the terms "Entity," "Governmental Unit," and "Claim" are defined below.

For your convenience, enclosed with this Notice is a proof of claim form, which identifies the amount, nature and classification of your Claim(s), if any, listed in the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these cases (collectively, the "Schedules"). **Copies of the Bar Date Notice Package and, separately, the proof of claim form are also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").**

**KEY DEFINITIONS**

As used in this Notice, the term "Entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and includes all persons (individuals, partnerships and corporations), estates, trusts, Governmental Units and the United States Trustee.

As used in this Notice, the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States; states; commonwealths; districts; territories; municipalities; foreign states; or departments, agencies or instrumentalities of the foregoing.

As used in this Notice, the term "Claim" shall mean, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Other names used by the Debtors in the last six years include: AHM Acceptance, Inc.; American Home Mtg Servicing; American Home Mortgage Servicing; AHM Servicing, Inc.; Columbia National, Inc.; Columbia National Incorporated; CNI National Mortgage Co.; Columbia National Mortgage; CNI National; All Pro Mortgage, LLC; AHM Equity Credit Lines, LLC; American Home Mortgage V; Elite Lending Partners, LLC; HSS Mortgage; Peak Experience Mortgage; Private Mortgage Group; Silcon Mortgage; TDG Equities; and US Lending Company, LLC.

unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## WHO MUST FILE A PROOF OF CLAIM AND THE APPLICABLE BAR DATES

### *The Bar Dates*

The Bar Date Order establishes the following bar dates for filing proofs of claim in these cases (collectively, the "Bar Dates"):

(a) *The General Bar Date*. Pursuant to the Bar Date Order, all Entities holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on August 6, 2007, are required to file proofs of claim **on or before 4:00 p.m., Eastern Time, on January 11, 2008**.

(b) *The Government Bar Date*. In accordance with section 502(b)(9) of the Bankruptcy Code, all Governmental Units holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on August 6, 2007, are required to file proofs of claim **on or before 4:00 p.m., Eastern Time, on February 4, 2008**[3] (the "Government Bar Date"), including Governmental Units with Claims against the Debtors for unpaid taxes, whether such Claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors was a party.

(c) *The Rejection Bar Date*. Any Entity whose Claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a chapter 11 plan in the Debtors' chapter 11 cases, must file a proof of claim on or before the later of: (i) the General Bar Date or (ii) thirty (30) days after entry of an order approving the rejection of an executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damages Claim is a party. The later of these dates is referred to in this Notice as the "Rejection Bar Date."

### *Entities That Must File Proofs of Claims by the General Bar Date or the Government Bar Date*

Subject to the terms described above for holders of Claims subject to the Rejection Bar Date, the following Entities must file proofs of claim on or before the General Bar Date or, with respect to Claims of Governmental Units, on or before the Government Bar Date:

(a) any entity whose prepetition claim against the Debtors is not listed in the Schedules or whose prepetition claim is listed as disputed, contingent or unliquidated and that desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases; and

(b) any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

### *Entities Not Required to File Proofs of Claim by the General Bar Date or the Government Bar Date*

The Bar Date Order further provides that the following Entities need not file proofs of claim by the General Bar Date:

---

[3] Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide." In the instant case, 180 days after the Petition Date is February 2, 2008. Pursuant to Bankruptcy Rule 9006(a), as February 2, 2008 is a Saturday, the Government Bar Date is Monday, February 4, 2008.

(a) any entity that has already properly filed a Proof of Claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

(b) any entity (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules;

(c) professionals retained by the Debtors or the Committee pursuant to orders of this Court, including EPIQ, who assert administrative claims for payment of fees and expenses subject to the Court's approval pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

(d) any entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code;

(e) current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

(f) any Debtor asserting a claim against another Debtor;

(g) any direct or indirect non-debtor subsidiary of a Debtor asserting a claim against a Debtor;

(h) any entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the applicable Bar Date; or

(i) any person or entity whose claim has been paid by the Debtors.

### *No Requirement to File Proofs of Interest*

Any Entity holding an interest in the Debtors (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a general or limited partner interest in a limited partnership, a membership interest in a limited liability company or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to in this Notice as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert Claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including Claims arising out of or relating to the sale, issuance or distribution of such Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in the Bar Date Order applies.

### *Filing Proofs of Claim Against Multiple Debtors; Requirement to Identify Debtor*

Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the applicable Bar Date. In addition, any Entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

## CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Entity that is required to file a proof of claim, but fails to do so by the applicable Bar Date described in this Notice, shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim.

**If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the applicable Bar Date. Any Entity that relies on the information in the Schedules bears responsibility for determining that its Claim is accurately listed therein. Moreover, Entities should verify the accuracy of the amount listed, if any, on the individualized proof of claim forms such Entities receive in the Bar Date Notice Package with the amount listed on the Schedules. Any Entity that relies on the amount listed on its individualized proof of claim form bears responsibility for determining that its Claim is accurately listed therein.**

### PROCEDURE FOR FILING PROOFS OF CLAIM

Original proofs of claim must be sent by mail to American Home Mortgage Claims Processing, P.O. Box 5076, FDR Station, New York, NY 10150-5076 or by overnight courier or hand delivery to EPIQ Bankruptcy Solutions, LLC, Attn: American Home Mortgage Claims Processing, 757 Third Avenue, 3rd Floor, New York, NY 10017, so as to be received **no later than 4:00 p.m., Eastern Time**, on the applicable Bar Date. *Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.* Proofs of claim will be deemed filed only when actually received by EPIQ. If you wish to receive acknowledgement of EPIQ's receipt of your proof of claim, you must also submit by the applicable Bar Date and concurrently with submitting your original proof of claim, (a) a copy of your original proof of claim and (b) a self-addressed, stamped return envelope.

Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected. However, upon the advance express written consent of the Debtors, a claimant's proof of claim may be filed without the documents required by Bankruptcy Rules 3001(c) and 3001(d); provided, however, that any claimant that receives such a written consent will be required to transmit these documents in support of its Claim to EPIQ, the Debtors or other parties in interest within ten (10) days after the date of a written request for such documents.

### ADDITIONAL INFORMATION

You may be listed as the holder of a claim against the Debtors in the Schedules. If you hold or assert a claim that is not listed in the Schedules or if you disagree with the amount or priority of your claim as listed in the Schedules, or your claim is listed in the Schedules as contingent, unliquidated, or disputed, you must file a proof of claim. Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801. In addition, copies of the Debtors' Schedules and Bar Date Order may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website. **Copies of the Schedules and the Bar Date Order are also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").**

Questions concerning the contents of this Notice and requests for proofs of claim should be directed to EPIQ at (866) 493-7277 between the hours of 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday. Please note that EPIQ's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

Dated: October 31, 2007  
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP  
The Brandywine Building  
1000 West Street, 17th Floor  
Wilmington, Delaware 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253  
Counsel to the Debtors and Debtors in Possession