**IN THE UNITED STATES BANKRUPTCY COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| American Home Mortgage,<br>    et al.,<br><br>            Debtors. | ) Case No. 07-11047 CSS<br>) Chapter 11<br>) Jointly Administered<br>)Hearing: June 25, 2008 @ 10:00 a.m.<br>) Response date: June 18, 2008 |

**CHASE MANHATTAN MORTGAGE INC.'S MOTION FOR RELIEF FROM**
**THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 (d) (1)**
**AS TO 1516 S. KOMENSKY AVE., CHICAGO, ILLINOIS**

NOW COMES Chase Manhattan Mortgage, Inc., by and through its attorneys, Whittington & Aulgur, and moves the Court for an Order granting relief from the Automatic Stay of 11 U.S.C. §362 upon the following grounds:

JURISDICTION

1.    The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 11 U.S.C. §157 and 11 U.S.C. §362.

CLAIM FOR RELIEF

2.    Chase Manhattan Mortgage, Inc. (hereinafter "Chase") is a corporation located Columbus, Ohio.

3.    On August 6, 2007 a Chapter 11 Petition initiating this proceeding was filed by the Debtors.

4.    On April 10, 2007, non-filing borrower, Clark Clemmons, (hereinafter "Borrower") executed and delivered a Mortgage (hereinafter "Mortgage 1") in the principle sum of $416,000.00 unto Mortgage Electronic Registration Systems, Inc. as nominee for the Lender, Debtor, American Brokers Conduit. Said Mortgage1 created a lien upon the property therein mentioned, 1516 S. Komensky, Ave., Chicago, Illinois

(hereinafter the "Property") all of which is on record in the Cook County Recorder's Office. A copy of said Mortgage is attached hereto as Exhibit 'A". On the same date the Borrower executed a Note.

 5. Thereafter Mortgage Electronic Registration Services Inc. as nominee for the Debtor, assigned, and transferred the Mortgage 1 to Movant, Chase.

 6. On April 10, 2007 Borrower executed and delivered a Mortgage (hereinafter "Mortgage 2") to secure the principle sum of $104,000.00 unto the Mortgage Electronic Registration Systems, Inc. as nominee for the Lender, Debtor, American Brokers Conduit. Said Mortgage 2 created a lien in second position on the Property a copy of which is hereto as Exhibit "B". Upon information and belief the Debtor still holds this Mortgage 2.

 7. Debtors have no ownership interest in the Property, and their lien, if any, is subordinate to Movant's.

 8. At present, Borrower is contractually delinquent and Movant seeks to exercise its contractual rights and remedies with respect to the Mortgage 1.

 9. The payoff amount on the subject Mortgage 1 is approximately $453,665.07. The Property has an estimated as is value of approximately $499,000.00 as set forth on the Broker's Price Opinion attached hereto as Exhibit "C". After taking into account costs of sale and Mortgage 2 with a principal amount of $104,000.00 there is minimal to no equity in the Property.

 10. Any potential equity would not benefit the Debtors' Estate since the Debtor holds no ownership interest in the Property and the Property is not necessary for the Debtors' reorganization.

11. The continuation of the Automatic Stay of 11 U.S.C. §362 will work real and irreparable harm upon Movant and therefore cause exists to vacate the stay to permit Movant to exercise its non-bankruptcy contractual rights and remedies against Borrower and the Property.

WHEREFORE, Chase hereby moves for an Order pursuant to 11 U.S.C. §362 (d)(1) terminating the Automatic Stay for cause.

                         WHITTINGTON & AULGUR

                         /s/ Kristi J. Doughty
                         Robert T. Aulgur, Jr. (No.165)
                         Kristi J. Doughty (No. 3826)
                         651 N. Broad Street, Suite 206
                         P.O. Box 1040
                         Middletown, DE 19709-1040
                         (302) 378-1661
                         Attorney for Movant

Dated: 5/28/08