IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :  Jointly Administered
         Debtors.                                                :
                                                                 :  Ref. Docket No. 3880
---------------------------------------------------------------- x

**ORDER GRANTING DEBTORS' SIXTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1**

Upon consideration of the sixth omnibus (substantive) objection (the "Objection") of the above-captioned debtors and debtors in possession (the "Debtors"), by which the Debtors respectfully request the entry of an order pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") disallowing and expunging in full or in part, reassigning, reclassifying and/or affixing a value to the Disputed Claims[1] identified in Exhibits A, B, C, D, E, F, G, H, and I hereto; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing thereof; it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

DB02:6767855.4                                                                                    066585.1001

ORDERED that the Objection is granted in part; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibits A and B are hereby disallowed and expunged in their entirety, provided, however, that the Objection to the proof of claim filed by Matthew and Melanie Hernandez [POC No. 9654] is hereby adjourned; provided further that Debtors shall not seek to have Countrywide Home Loans, Inc.'s Claim [POC No. 9193] against Debtor American Home Mortgage Corp. (the "Surviving Claim") disallowed and expunged solely on the basis that the Surviving Claim is asserted against the incorrect Debtor; provided further that the Debtors reserve the right to object to the Surviving Claim on any other basis; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit C are hereby disallowed and expunged in part and reduced to the amounts listed in Exhibit C, provided, however, that the Objection to the proof of claim filed by Christine Conklin [POC No. 2412] is hereby adjourned; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit D are hereby disallowed and expunged in part and reduced to the amounts listed in Exhibit D, and are furthermore reassigned to the new case numbers listed in Exhibit D; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit E are hereby reclassified to the priority levels listed in Exhibit E; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit F are hereby

[handwritten annotation: provided further that the objection to the proof of claims filed by Karen Graveley-Robinson [POC No. 4031], Hardin County [POC No. 5205], Deborah Mills [POC No. 2743] and Souderton Area School District [POC Nos. 5868, 5869, 5870, 5917, 5918, 5919, 5921, 5922, 5923] is hereby adjourned.]

DB02:6767855.4                                                                                    066585.1001

reassigned to the new case numbers listed in Exhibit F and reclassified to the priority levels listed in Exhibit F; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit G shall have the values identified on Exhibit G affixed to them; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claim identified on the attached Exhibit H shall have the value identified on Exhibit H affixed to it, and shall be reassigned to the new case number listed in Exhibit H; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit I are hereby disallowed and expunged in their entirety; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
May 28, 2008

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

2