IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
In re:                                                        :   Chapter 11
                                                              :
                                                              :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                        :   Case No. 07-11047 (CSS)
a Delaware corporation, et al., 1                             :
                                                              :   Jointly Administered
                                                              :
        Debtors.                                              :   Objection Deadline: June 19, 2008 at 4:00
------------------------------------------------------------- x   p.m.
                                                                  Hearing Date: N/A
```

### NOTICE OF APPLICATION

TO:    The Debtors, the United States Trustee, Counsel for the Official Committee of Unsecured
       Creditors, Counsel for the Administrative Agent, Counsel for the DIP Agent, and
       Milestone Advisors, LLC.

        The **Eighth Monthly Application of Quinn Emanuel Urquhart Oliver &
Hedges LLP, Special Investigatory Litigation and Conflicts Counsel to the Debtors, for
Allowance of Compensation for Services Rendered and for Reimbursement of Expenses
During the Period From March 1, 2008 through March 31, 2008** (the "Application") has been
filed with the Bankruptcy Court. The Application seeks allowance of interim fees in the amount
of $171,026.25 and interim expenses in the amount of $6,421.36.

        Objections to the Application, if any, are required to be filed on or before **June
19, 2008 at 4:00 p.m. (ET)** (the "Objection Deadline") with the Clerk of the United States
Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington,
Delaware 19801.

        At the same time, you must also serve a copy of the response so as to be received by the
following on or before the Objection Deadline: (i) American Home Mortgage Holdings, Inc., 538
Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young
Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington,
Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone

---

1   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp.
("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM
Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a
Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558);
American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.
("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,
Texas 75063.

Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn:  Jeffrey M. Levine); (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, counsel to the Committee; (v) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.:  Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.:  Laurie Selber Silverstein), counsel to the Administrative Agent; (vi) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; (vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon) and, Quinn Emanuel Urquhart Oliver & Hedges LLP, 51 Madison Avenue, 22nd Fl., New York, New York 10010 (Attn: James C. Tecce)

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Application will be held at a date and time to be determined before the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801.

PLEASE TAKE FURTHER NOTICE THAT PURSUANT TO THE ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS [DOCKET NO. 547], IF NO OBJECTIONS ARE FILED AND SERVED IN ACCORDANCE WITH THE ABOVE PROCEDURE, THE DEBTORS WILL BE AUTHORIZED TO PAY 80% OF REQUESTED INTERIM FEES AND 100% OF REQUESTED INTERIM EXPENSES WITHOUT FURTHER ORDER OF THE COURT.

Dated: Wilmington, Delaware
        May 30, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Patrick A. Jackson

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                           :
                                                 :
                                                 :          Chapter 11
AMERICAN HOME MORTGAGE                           :
HOLDINGS, INC., a Delaware corporation, et al.,  :          Case No. 07-11047 (CSS)
                                                 :
                                                 :          Jointly Administered
                               Debtors.          :
---------------------------------------------------------------x

**EIGHTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER &
HEDGES LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL
TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE
PERIOD FROM MARCH 1, 2008 THROUGH MARCH 31, 2008**

Name of applicant:                         Quinn Emanuel Urquhart Oliver & Hedges, LLP

Authorized to provide                      Debtors
professional services to:

Date of retention:                         September 13, 2007 (nunc pro tunc to
                                           August 10, 2007)

Period for which compensation
and reimbursement is sought:               March 1, 2008 - March 31, 2008

Amount of compensation
requested:                                 $171,026.25

Amount of expense
reimbursement requested:                   $6,421.36

This is an:___ X ___ interim _____ final application.

This is the Eighth monthly fee application filed by Quinn Emanuel Urquhart Oliver & Hedges,
LLP in these cases.

**Prior Applications:**

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Nov. 21, 2007 / Docket No. 2141 | August 10, 2007 - August 31, 2007 | $217,865.00 | $1,404.26 | $217,865.00 | $1,404.26 |
| Nov. 21, 2007 / Docket No. 2142 | September 1, 2007 - September 30, 2007 | $293,619.00 | $37,757.62 | $293,619.00 | $37,757.62 |
| Dec. 4, 2007 / Docket No. 2277 | October 1, 2007 - October 31, 2007 | $497,748.00 | $36,429.13 | $497,748.00 | $36,429.13 |
| Feb. 7, 2007 / Docket No. 2897 | November 1, 2007 - November 30, 2007 | $287,397.00 | $13,334.64 | $287,397.00 | $13,289.64 |
| Mar. 17, 2008 / Docket No. 3326 | December 1, 2007 - December 31, 2007 | $123,807.25 | $17,100.11 | $123,807.25 | $15,285.06 |
| Mar. 17, 2008 / Docket No. 3327 | January 1, 2008 - January 31, 2008 | $204,209.75 | $7,435.31 | $204,209.75 | $7,112.55 |
| May 19, 2008 / Docket No. 4076 | February 1, 2008 - February 29, 2008 | $172,483.00 | $9,484.53 | | |

ATTACHMENT TO EIGHTH MONTHLY FEE APPLICATION OF
QUINN EMANUEL URQUHART OLIVER & HEDGES LLP: SPECIAL INVESTIGATORY,
LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS.

| NAME | POSITION; EXPERIENCE | HOURLY RATE | TOTAL HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Susheel Kirpalani | Partner for 6 years; admitted in 1995 | $760 | 14.4 | $10,488.00 |
| Duane Lyons | Partner for 6 years; admitted in 1986 | $760 | 6.5 | $4,940.00 |
| James Tecce | Of Counsel for 1 year; admitted in 1995 | $605 | 119.1 | $68,395.25 |
| Kristelia A. Garcia | Associate for 4 years, admitted in 2004. | $400 | 30.6 | $12,240.00 |
| Robert K. Dakis | Associate for 3 years, admitted in 2004 | $385 | 26.1 | $10,048.50 |
| Harrison Denman | Associate for 2 years, admitted in 2006 | $375 | 131.1 | $49,162.50 |
| Aidan McGlaze | Associate for 1 year, admitted in 2008 | $355 | 15.1 | $5,360.50 |
| Sofia Kolidas | Case Assistant | $235 | 0.1 | $23.50 |
| S. Tyler Ricci | Paralegal | $235 | 28.9 | $6,791.50 |
| Grace Yoon | Paralegal | $235 | 0.8 | $188.00 |
| Patricia Chew | Litigation Support | $150 | 1.0 | $150.00 |
| Constance Drew | Litigation Support | $90 | 9.5 | $855.00 |
| Jonathan Land | Litigation Support | $365 | 3.9 | $1,423.50 |
| Juan Londono | Litigation Support | $150 | 4.0 | $600.00 |
| Danny Rose | Litigation Support | $150 | 1.1 | $165.00 |
| Raul Vasquez | Litigation Support | $150 | 1.3 | $195.00 |
| **TOTAL** | | **$434.63 (BLENDED RATE)** [1] | **393.5 HOURS** | **$171,026.25** |

---

[1]   The blended rate <u>excluding</u> paraprofessionals is $468.46 per hour.

SUMMARY TABLE OF SERVICES RENDERED DURING
EIGHTH MONTHLY FEE PERIOD
(MARCH 1, 2008 TO MARCH 31, 2008 )

| ACTIVITY | HOURS | FEES |
|---|---|---|
| Case Management/Calendar Maintenance/Service of Pleadings | 6.2 | $1,933.00 |
| Fee Application/Fee Issues | 50.1 | $17,389.50 |
| Insurance Issues | 49.7 | $21,326.00 |
| Lender Claims | 206.8 | $90,142.50 |
| Non-Working Travel (Only 50% Requested) | 13.3 | $8,232.50 (less $4,116.25) |
| Recharacterization | 67.4 | $36,119.00 |
| TOTAL | 393.5 | $171,026.25 |

## SUMMARY BY CATEGORY TYPE OF DISBURSEMENTS BILLED
### (MARCH 1, 2008 TO MARCH 31, 2008)

| DISBURSEMENTS | AMOUNT |
|---|---|
| Client Meals | $99.91 |
| Deposition Meals | $89.01 |
| Deposition Transcript | $1,729.25 |
| Document Reproduction | $304.85 |
| Electronic Discovery Costs | $1,368.92 |
| Express Mail | $74.15 |
| Document Production Costs | $140.00 |
| Photocopy | $3.38 |
| Printing | $72.72 |
| Professional Services | $100.00 |
| Taxi | $104.00 |
| Westlaw | $2,335.17 |
| **TOTAL DISBURSEMENTS** | **$6,421.36** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------x
In re:                                         :
                                               :
                                               :     Chapter 11
                                               :
AMERICAN HOME MORTGAGE                          :
HOLDINGS, INC., a Delaware corporation, et al.,  :    Case No. 07-11047 (CSS)
                                               :
                                               :     Jointly Administered
                                               :
                    Debtors.                   :
-----------------------------------------------x     Objection Deadline:
```

**EIGHTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER &
HEDGES LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL
TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE
PERIOD FROM MARCH 1, 2008 THROUGH MARCH 31, 2008**

Quinn, Emanuel, Urquhart, Oliver & Hedges LLP ("**Quinn Emanuel**"), special

investigatory, litigation and conflicts counsel to American Home Mortgage Holdings, Inc., a

Delaware Corporation, and its affiliated debtors and debtors-in-possession in the above-

captioned cases (collectively, the "**Debtors**" or "**American Home**"), hereby submits its

application (the "**Application**") to this Court pursuant to sections 330 and 331 of chapter 11 of

title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), Local Rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedure For United States Bankruptcy Court For the District of

Delaware ("**Local Rule No. 2016-2**"), for an order (i) allowing compensation of $171,026.25 for

actual, reasonable and necessary professional services rendered, and reimbursement of $6,421.36

for actual, reasonable and necessary expenses incurred during the period from March 1, 2008

through March 31, 2008 (the "**Eighth Monthly Fee Period**"),[2] and (ii) authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $143,242.36, which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of expense reimbursement, and represents as follows:

## I.    INTRODUCTION

### A.    Background

1.    Bankruptcy Filing.  On August 6, 2007, (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    Jurisdiction.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases and this Application is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Local Rule No. 2016-2.  This Application is made pursuant to the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant To Sections 331 and 105(a) of the Bankruptcy Code (the "**Compensation Order**"), entered on September 3, 2007 by this Court.

---

[2]  Certain fees and expenses requested by Quinn Emanuel in the Application relate to services rendered in prior fee application periods.  Quinn Emanuel has not previously requested such fees or expenses in any prior application.

## B.    Retention Of Quinn Emanuel And Billing History

3.    On September 13, 2007, the Court authorized Quinn Emanuel's retention as special investigatory, litigation and conflicts counsel to American Home nunc pro tunc to August 10, 2007, pursuant to the Order Pursuant to Section 327(a) of The Bankruptcy Code and Bankruptcy Rule 2014(a) Approving the Retention of Quinn, Emanuel Urquhart Oliver & Hedges, LLP, Nunc Pro Tunc, as Special Investigatory, Litigation and Conflicts Counsel for the Debtors (Docket No. 741) (the "**Retention Order**"). The Retention Order authorized Quinn Emanuel to be compensated pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court, including the Compensation Order.

4.    This Application is Quinn Emanuel's eighth monthly application for approval and allowance of compensation. Quinn Emanuel makes this monthly application for approval and allowance of compensation pursuant to section 331 of the Bankruptcy Code and the Compensation Order. No prior application has been made to this or any other court for the relief requested herein, nor has payment been received by Quinn Emanuel for legal services provided to and on behalf of the Debtors, or for out-of-pocket expenses incurred in connection therewith.

5.    Quinn Emanuel has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

6.    No promises have been received by Quinn Emanuel or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

## II.    CASE STATUS

7.    As of the date hereof, no disclosure statements or plans of reorganization have been filed in respect of the Debtors.

## III.    APPLICATION

8.    By this Application, Quinn Emanuel is seeking (a) allowance of reasonable compensation for actual and necessary professional services rendered by Quinn Emanuel, as special investigatory, litigation and conflicts counsel for the Debtors, during the Eighth Monthly Fee Period, and (b) reimbursement of actual, reasonable and necessary expenses incurred by Quinn Emanuel in connection with such services during the Eighth Monthly Fee Period.

9.    Specifically, Quinn Emanuel seeks approval of the sum of $171,026.25 for actual, reasonable and necessary legal services rendered on behalf of the Debtors during the Eighth Monthly Fee Period, and $6,421.36 for reimbursement of actual, reasonable and necessary expenses incurred in connection with the rendition of such services. The fees sought by the Application reflect an aggregate of 393.5 hours of attorney and paraprofessional time spent and recorded in performing services for the Debtors during the Eighth Monthly Fee Period, at a blended average hourly rate of $434.63 for both professionals and paraprofessionals. The blended hourly rate for professionals only is $468.46.

10.    Quinn Emanuel rendered to the Debtors all services for which compensation is sought solely in connection with these cases, in furtherance of the duties and functions of the Debtors.

11.    Quinn Emanuel maintains written records of the time expended in the rendition of the professional services required by the Debtors. These records are maintained in

the ordinary course of Quinn Emanuel's practice. For the convenience of the Court and parties in interest, attached hereto as part of the cover sheet, is a billing summary for the Eighth Monthly Fee Period, setting forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate of the time expended by each such attorney and paraprofessional, the hourly billing rate for each such attorney and paraprofessional at Quinn Emanuel's current billing rates, and an indication of the individual amounts requested as part of the total amount of compensation requested. Also set forth in the billing summary is additional information indicating whether each attorney is a partner or associate, and how many years each attorney has held such position. The compensation requested by Quinn Emanuel is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

12.    Attached hereto as Exhibit "A" are time entry records broken down in tenths of an hour by project category, in accordance with the U.S. Trustee Guidelines, setting forth a detailed description of services performed by each attorney and paraprofessional on behalf of the Debtors.

13.    Quinn Emanuel also maintains records of all actual and necessary expenses incurred in connection with the performance of professional services, a summary of which also is attached hereto as part of the cover sheet. The summary lists the amounts and categories of expenses for which reimbursement is sought. Attached hereto as Exhibit "B" is a summary of the expenses, including the date the expense was incurred and the charge.

## IV.    SUMMARY OF PROFESSIONAL SERVICES RENDERED

14.    To provide an orderly and meaningful summary of the services rendered on behalf of the Debtors by Quinn Emanuel, in accordance with the U.S. Trustee Guidelines,

Quinn Emanuel has established the following separate project billing categories in connection

with these cases:

a) Bank/Thrift Issues
b) Cash Collateral and DIP Financing
c) Case Management/Calendar Maintenance/Service of
d) Class Actions
e) Court Hearings
f) Creditor Inquiries
g) Employee Issues
h) Fee Application Preparation/Fee Issues
i) Government Issues/Investigations
j) Insurance Issues
k) Lender Claims
l) Meetings
m) Non-Working Travel (Only 50% Requested)
n) Other Conflicts
o) Plan and Disclosure Statement
p) Recharacterization
q) Retention of Professionals
r) Rule 2004 Investigations
s) Servicing Platform Issues
t) Stay Relief Matters
u) Travel Time

15.    The following summary is intended only to highlight a number of the

services rendered by Quinn Emanuel in the separate project billing categories where Quinn

Emanuel expended a considerable number of hours on behalf of the Debtors.  It is not meant to

be a detailed description of all of the work performed by Quinn Emanuel during the Eighth

Monthly Fee Period.  Detailed descriptions of the day-to-day services provided by Quinn

Emanuel and the time expended performing such services in each project billing category are

fully set forth in Exhibit "A" hereto.  Such detailed descriptions show that Quinn Emanuel was

heavily involved in the performance of services for the Debtors on a daily basis, including night

and weekend work, often under extreme time pressure to meet the needs of the Debtors in these

cases.

A.    **Insurance Issues**:  (Total Hours:  49.7; Total Fees:  $21,326.00)

16.    On November 5, 2007, Quinn Emanuel attorneys filed, on American Home's behalf, a complaint again one of its mortgage insurers, Triad Guaranty Insurance Corp. ("**Triad**").  The complaint alleges that Triad violated the relevant and applicable policies and agreements among the Debtors and Triad when it cancelled insurance certifications for fourteen loans originated by the Debtors.  In response to the complaint, Triad filed an answer and counterclaim against American Home on December 6, 2007.  On December 26, 2007, Quinn Emanuel attorneys filed, on American Home's behalf, an answer to Triad's counterclaim.

17.    On January 11, 2008, Triad served American Home with its interrogatories and requests for the production of documents ("the **Triad Requests**").  Thereafter, on February 12, 2008, Quinn Emanuel attorneys, on behalf of American Home, served Triad with its interrogatories and requests for the production of documents (the "**American Home Requests**").

18.    During the Eighth Monthly Fee Period, Quinn Emanuel attorneys continued to engage in various aspects of the discovery process with Triad.  In particular, Quinn Emanuel attorneys identified witnesses for depositions and drafted and served, on American Home's behalf, notices requesting the deposition of such current and former Triad employees. On March 20, 2008, Triad responded to the American Home Requests and produced documents responsive to the American Home Requests to American Home (the "**Triad Response**").  During the Eighth Monthly Fee Period, Quinn Emanuel attorneys also reviewed documents produced by Triad.  In response to the Triad Requests, Quinn Emanuel attorneys also extensively searched and reviewed American Home's files for responsive, non-privileged documents.

B.    **Lender Claims**: (Total Hours: 206.8; Total Fees: $90,142.50)

*Lehman Litigation*

19.    As special investigatory, litigation and conflicts counsel for the Debtors,

Quinn Emanuel attorneys have undertaken a comprehensive review and analysis of the various

lending relationships to which the Debtors were party prior to the Petition Date, including,

without limitation, various repurchase agreements.  On October 24, 2007,  Quinn Emanuel

attorneys, on behalf of the Debtors, filed a complaint against Lehman Brothers, Inc. and Lehman

Brothers Commercial Paper ("**Lehman**"), alleging, among other things, that Lehman breached a

repurchase agreement by improperly devaluing the value of the securities pledged as collateral

thereunder, making improper margin calls, and improperly foreclosing on the collateral.

20.    On November 26, 2007, Lehman filed a motion to dismiss the Debtors'

complaint (the "**Motion to Dismiss**").   Quinn Emanuel attorneys, on American Home's behalf,

filed a response to Lehman's motion to dismiss on December 10, 2007.  Lehman replied to

American Home's response on December 17, 2007.  The Court scheduled a hearing for oral

argument on Lehman's Motion to Dismiss on March 13, 2008.

21.    During the Eighth Monthly Fee Period Quinn Emanuel attorneys prepared

for the oral argument, which efforts included extensive research and analysis of both American

Home's and Lehman's positions and arguments.  Ultimately, on March 13, 2008, Quinn Emanuel

attorneys participated in oral argument before the Court on Lehman's Motion to Dismiss.

*Wells Fargo Litigation*

22.    On October 25, 2007, Wells Fargo Bank N.A. ("**Wells Fargo**") filed a

complaint in the nature of interpleader against the Debtors and several Bear Stearns entities and

affiliates ("**Bear Stearns**").  In its complaint, Wells Fargo seeks to resolve competing claims

asserted by the Debtors and Bear Stearns to a monthly payment owing on account of a trust

certificate owned by the Debtors and allegedly foreclosed upon by Bear Stearns. Quinn Emanuel

attorneys, on behalf of the Debtors, filed an Answer to Wells Fargo's complaint on December 11,

2007. The parties entered into the finalized scheduling stipulation on January 14, 2008. Quinn

Emanuel attorneys, on behalf of the Debtors, served American Home's initial disclosures on

February 6, 2008 and American Home's requests for production of documents on February 11,

2008 (the "**American Home Requests**"). Bear Stearns served American Home with its request

for the production of documents on February 11, 2008 (the "**Bear Requests**").

      23.    During the Eighth Monthly Fee Period, Quinn Emanuel attorneys

continued to engage in various aspects of the discovery process with Wells Fargo and Bear

Stearns. In particular, in response to the Bear Requests, Quinn Emanuel attorneys extensively

searched and reviewed American Home's files for responsive, non-privileged documents. On

March 3, 2008, Quinn Emanuel attorneys produced documents responsive to the Bear Requests,

and concurrently served American Home's response to the Bear Requests. During the Eighth

Monthly Fee Period, Quinn Emanuel attorneys also reviewed documents produced by Wells

Fargo and Bear Stearns in response to the American Home Requests. Quinn Emanuel attorneys

also drafted and prepared American Home's first set of contention interrogatories, which it

served on Bear Stearns on March 17, 2008. Moreover, during the Eighth Monthly Fee Period,

Quinn Emanuel attorneys drafted and prepared American Home's responses to Bear Stearns' first

set of contention interrogatories, which American Home served on Bear Stearns on March 31,

2008.

C. **Recharacterization**: (Total Hours: 67.4; Total Fees: $36,119.00)

24. Shortly after the commencement of the Debtors' Chapter 11 cases, Calyon New York Branch ("**Calyon**") filed an emergency application for injunctive relief seeking the entry of Orders directing the Debtors, among other things, to turn over certain files relating to servicing mortgage loans. American Home disputed Calyon's assertions concerning its entitlement to servicing, maintaining, among other things, that its purported repurchase agreement was a disguised secured financing that did not fall within the Bankruptcy Code safe harbors.

25. Ultimately, the trial commenced on November 5, 2007 and closing arguments were held on November 26, 2007. The Court issued its decision on January 4, 2008 (the "**Phase I Decision**"). On January 25, 2008, Calyon filed a motion to amend the Phase I Decision ("**Calyon Motion**"). On February 8, 2008, American Home filed its response to the Calyon Motion. Calyon filed a reply in support of the Calyon Motion on February 15, 2008. On February 4, 2008, Calyon filed an amended complaint against American Home.

26. During the Eighth Monthly Fee Period, Quinn Emanuel attorneys dedicated considerable time and effort to the litigation, including, among other things:

- Reviewing and analyzing theories and arguments for the second phase of litigation with Calyon (i.e., "**Phase II**"), including drafting and reviewing counterclaims against Calyon.

- Researching, drafting and preparing American Home's answer and counterclaims to Calyon's amended complaint, which was ultimately filed on March 3, 2008.

- Drafting and finalizing American Home's request for documents from Calyon relating to Phase II of the Calyon litigation, which was ultimately served on Calyon on March 24, 2008.

- Reviewing and analyzing Calyon's motion to obtain funds allegedly withheld from Calyon by American Home, dated March 7, 2008.

## V.    FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

27.    The factors to be considered in awarding attorneys fees have been enumerated in In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), cert. denied, 431 U.S. 904, which standards have been adopted by most courts. See, e.g., In re Lan Assoc., 192 F.3d 109, 123 n.8 (3d. Cir. 1999) (suggesting First Colonial factors apply to § 330 compensation requests). Quinn Emanuel respectfully submits that a consideration of these factors should result in this Court's allowance of the full compensation sought.

(1)    The Time and Labor Required.  The professional services rendered by Quinn Emanuel on behalf of the Debtors have required the continuous expenditure of substantial time and effort, under time pressures which sometimes required the performance of services late into the evening and, on a number of occasions, over weekends. The services rendered required a high degree of professional competence and expertise in order to be administered with skill and dispatch.

(2)    The Novelty and Difficulty of Questions.  Novel and complex issues have already arisen in the course of the Chapter 11 Cases, and it can be anticipated that other such issues will be encountered. In these cases, as in many others in which the firm is involved, Quinn Emanuel's effective advocacy and creative approach to problem solving have helped clarify and resolve difficult issues and will continue to prove beneficial.

(3)    The Skill Requisite to Perform the Legal Services Properly.  Quinn Emanuel believes that its recognized expertise in the area of bankruptcy related litigation and its practical approach to the resolution of issues are contributing to maximizing the size of the Debtors' estate.

(4)    The Preclusion of Other Employment by Applicant Due to Acceptance of the Case.  The matters in which Quinn Emanuel's bankruptcy litigation practice group are involved need attention on a continuous basis and require several of Quinn Emanuel's attorneys to commit significant portions of their time to these cases.

(5)    The Customary Fee.  The compensation sought herein is based upon Quinn Emanuel's normal hourly rates for services of this kind. Quinn Emanuel respectfully submits that the compensation sought herein is not unusual given the magnitude and complexity of these cases and the time dedicated to the representation of the Debtors.  Such compensation is commensurate with fees charged by other attorneys of comparable experience.

(6)   <u>Whether the Fee is Fixed or Contingent</u>. Quinn Emanuel charges customary hourly rates for the time expended by its attorneys and paraprofessionals in representing the Debtors and Quinn Emanuel's fee is not outcome dependent. Pursuant to sections 330 and 331 of the Bankruptcy Code, all fees sought by professionals retained under section 327 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court, and are subject to adjustment by the Court depending upon the services rendered and the results obtained.

(7)   <u>Time Limitation Imposed by Client or Other Circumstances</u>. As stated above, Quinn Emanuel has been required to attend to various issues as they have arisen in these cases. Occasionally, Quinn Emanuel has had to perform those services under significant time constraints requiring attorneys and paraprofessionals assigned to these cases to work evenings and on weekends.

(8)   <u>The Amount Involved and Results Obtained</u>. Through the efforts of Quinn Emanuel, the Debtors are poised to initiate actions against Third Parties and maximize value for the Debtors' estates.

(9)   <u>The Experience, Reputation and Ability of the Attorneys</u>. Quinn Emanuel's attorneys involved in this representation have played a major role in numerous complex restructurings including, for example, the chapter 11 cases of Refco Inc., Enron Corp., <u>et al.</u>, Safety-Kleen Corp., <u>et al.</u>, and Adelphia Communications Corp., <u>et al.</u> Quinn Emanuel's experience enables it to perform the services described herein competently and expeditiously.

(10)  <u>The "Undesirability" of the Case</u>. These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of Quinn Emanuel's attorneys.

(11)  <u>Nature and Length of Professional Relationship</u>. Quinn Emanuel was selected as the Debtors special investigatory, litigation and conflicts counsel shortly after the Petition Date, on August 10, 2007, and was retained <u>nunc</u> <u>pro</u> <u>tunc</u> to that date pursuant to an order of this Court dated September 13, 2007.

## VI.  ALLOWANCE OF COMPENSATION

28.   The professional services rendered by Quinn Emanuel have required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and action by the Debtors could be addressed with skill and dispatch. It is respectfully submitted that the services rendered to the Debtors were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' estates.

29.    The allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> Any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331. This Court has authorized the filing of this Application in the Compensation Order.

30.    With respect to the level of compensation, section 330(a)(1) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person: "reasonable compensation for actual, necessary services rendered." Section 330(a)(3)(A), in turn, provides that:

> [i]n determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issues or task addressed; and
>
> (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a) (3) (A).

31.     The congressional policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases.  See In re Busy Beaver Building Centers, Inc., 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts") (citation and internal quotation marks omitted).

32.     The total time spent by Quinn Emanuel attorneys and paraprofessionals during the Eighth Monthly Fee Period was 393.5 hours, which services have a fair market value of $171,026.25.  As shown by this Application and supporting exhibits, Quinn Emanuel spent its time economically and without unnecessary duplication of time (or duplication of the efforts of the Debtors' other retained professionals).  In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

## VII.    EXPENSES

33.     Quinn Emanuel has expended the total amount of $6,421.36 in actual, reasonable and necessary expenses in connection with representing the Debtors during the Eighth Monthly Fee Period.  Quinn Emanuel maintains records of all actual and necessary expenses incurred in connection with the performance of professional services.  A breakdown of expenses, including the date the expense was incurred and the charge, is annexed hereto as Exhibit "B."

34.     In connection with the reimbursement of actual, reasonable and necessary expenses, it is Quinn Emanuel's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to Quinn Emanuel's clients include, among other things, telephone

and telecopier toll and other charges, mail and express mail charges, document word-processing charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses particularly attributable to an individual client or cases such as secretarial and other overtime.

35.    Quinn Emanuel charges the Debtors for these expenses at rates consistent with those charged to Quinn Emanuel's other bankruptcy clients, which rates are equal to or less than the rates charged by Quinn Emanuel to its non-bankruptcy clients. Quinn Emanuel seeks reimbursement from the Debtors at the following rates for the following expenses: (a) ten cents per page for photocopying; and (b) one dollar per page for out-going facsimiles. In accordance with section 330 of the Bankruptcy Code and with the U.S. Trustee Guidelines, Quinn Emanuel will seek reimbursement only for the actual cost of such expenses to Quinn Emanuel.

36.    In providing or obtaining from third parties services which are reimbursable by clients, Quinn Emanuel does not include in such reimbursable amount any costs of investment, equipment or capital outlay, except that the reimbursable cost of photocopying and faxes includes a factor for the cost of equipment.

37.    Quinn Emanuel regularly charges its non-bankruptcy clients for ordinary business hour fees and expenses for secretarial, library, word processing, and other staff services because such items are not included in the firm's overhead for the purpose of setting the billing rates.

38.    Attorneys at Quinn Emanuel have not incurred expenses for luxury accommodations, deluxe meals or air travel in excess of coach fares. Throughout the Eighth

Monthly Fee Period, Quinn Emanuel has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

## VIII.  NOTICE

39.    No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Application has been given to (a) the United States Trustee, (b) the Debtors, (c) counsel for the Debtors, (d) the Creditors' Committee, and (e) counsel for the Creditors' Committee.  Quinn Emanuel submits that no further notice need be given in accordance with the Compensation Order.

## IX.    CONCLUSION

**WHEREFORE,** Quinn Emanuel respectfully requests the Court to enter an order, substantially in the form attached hereto (i) approving and allowing Quinn Emanuel compensation in the amount of $171,026.25 for actual, reasonable and necessary professional services rendered and reimbursement of $6,421.36 for actual, reasonable and necessary expenses incurred, and authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $143,242.36 which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of such expense reimbursement; and (ii) granting such further relief as is just.

Dated: Wilmington, Delaware
       May 29, 2008

                              QUINN EMANUEL URQUHART OLIVER &
                              HEDGES, LLP

                              By_____
                                 James C. Tecce
                                 Susheel Kirpalani
                                 Harrison L. Denman

                              51 Madison Avenue, 22nd Floor
                              New York, New York  10010
                              Telephone:  (212) 849-7000
                              Telecopier: (212) 849-7100

## EXHIBIT A

Matter # : 61106-C

AHM - Case Management/Calendar Maintenance/Service of Pleadings

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 03/05/08 | STR | Retrieve filings for review by H. Denman | 0.70 |
| 03/06/08 | STR | Review docket and compile relevant case data re: recent filings for H. Denman | 0.30 |
| 03/07/08 | STR | Review docket and compile recent filings and related case activity for review by H. Denman | 0.40 |
| 03/10/08 | STR | Retrieve filings for review by H. Denman | 0.20 |
| 03/18/08 | STR | Retrieve filings for review by H. Denman | 0.40 |
| 03/20/08 | STR | Review AHM docket and for select filings to be reviewed by H. Denman | 0.30 |
| 03/21/08 | STR | Retrieve filings for review by H. Denman | 0.20 |
| 03/24/08 | HLD | Draft/revise QE third supplemental disclosure declaration (2.7); emails/tcs re same with S Kirpalani and Young Conaway (.4). | 3.10 |
| 03/25/08 | HLD | Emails/Tcs with Edwards (YC) re filing of QE's third supplemental disclosure declaration. | 0.30 |
| 03/25/08 | STR | Retrieve filings for review by H. Denman | 0.30 |
| | | Total Hours | 6.20 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Harrison L. Denman | HLD | Associate | 3.40 | 375.00 | 1,275.00 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|-------------------|-------|-------|-------|------|--------|
| S. Tyler Ricci | STR | Paralegal | 2.80 | 235.00 | 658.00 |

Matter # : 61106-H

<u>AHM - Fee Application Preparation/Fee Issues</u>

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 03/04/08 | JCT | Review status of fee applications, interim application, December, January and February applications. | 0.30 |
| 03/04/08 | HLD | TCs with UST re informal comments to QE's November fee applications (.5); emails re same with Jackson (YC) and JCT (.6); Revised QE's December fee application (1.8); emails Jackson re QE's interim fee application (.4). | 3.30 |
| 03/04/08 | STR | Prepare QE's December fee application | 2.50 |
| 03/05/08 | HLD | Emails/TCs with UST, JCT re informal comments to QE's November Fee App (.7); preparation re same (.9); Revise Exhibit A to QE's February fee app (2.1); Reviewed open issues re QE's December Fee App, revisions to same (1.6). | 5.30 |
| 03/06/08 | JCT | Review December fee application | 0.30 |
| 03/06/08 | HLD | Draft/revise December fee application (2.8); Draft/revise January fee application (1.8); | 4.60 |
| 03/06/08 | STR | Prepare QE's re: December and January Fee Applications (1.5); Prep. QE's Dec. Fee Application (1.5). | 3.00 |
| 03/07/08 | STR | Review and prepare QE's January fee application. | 4.60 |
| 03/10/08 | HLD | Draft/revise January fee application. | 4.20 |
| 03/11/08 | HLD | Review UST informal comments to QE's November fee application | 0.30 |
| 03/11/08 | STR | Prep. January Fee App. | 1.00 |
| 03/12/08 | HLD | Reviewed/revised January fee app. | 0.30 |
| 03/13/08 | JCT | Conf w/ H. Denman re December and January fee applications | 0.20 |
| 03/13/08 | HLD | Draft/revise December fee app (1.6); Draft/revise January fee app (2.4); TCs with P Jackson re QE fee apps (.4). | 4.40 |
| 03/14/08 | JCT | Review and revise January and December fee applications | 0.80 |
| 03/14/08 | HLD | Draft/revise Qe's December fee application (3.1); Draft/revise QE's January fee application, tcs/emails re same (3.4). | 6.50 |
| 03/17/08 | JCT | Finalize QE's December/January fee applications w/ H. Denman | 0.60 |
| 03/17/08 | HLD | Revised/finalized December fee application (2.1); Revised/finalized January fee application (2.1); TCs with Jackson (YC) re same (.4). | 4.60 |
| 03/31/08 | HLD | Confs with Ricci re QE's February fee application. | 0.80 |
| 03/31/08 | STR | Meeting with H. Denman re: QE's Feb fee app (.8); prep QE's Feb fee app (1.7). | 2.50 |

|  |  | Total Hours | 50.10 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| James C. Tecce | JCT | Counsel | 2.20 | 605.00 | 1,331.00 |
| Harrison L. Denman | HLD | Associate | 34.30 | 375.00 | 12,862.50 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| S. Tyler Ricci | STR | Paralegal | 13.60 | 235.00 | 3,196.00 |

Matter # : 61106-J

<u>AHM - Insurance Issues</u>

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 03/03/08 | KAG | Meet with D. Lyons re witness interviews and review of documents (0.8); Email to H. Denman re initial disclosures (0.1). | 0.90 |
| 03/03/08 | HLD | Reviewed Triad's initial disclosures, emails with Garcia re same. | 0.30 |
| 03/04/08 | KAG | Calls to witness interviewees re update (1.0); Call with H. Denman re loan files (0.1); Calls and emails to schedule depositions (1.0) | 2.10 |
| 03/04/08 | HLD | Reviewed transcript of Cavaco deposition (1.3); emails with D Lyons and Cavaco re same (.3); TCs/emails with Cavaco, Garcia re document collection in triad litigation (.5). | 2.10 |
| 03/05/08 | KAG | Draft emails to Womble re deposition scheduling. | 0.20 |
| 03/10/08 | KAG | Follow-up on deposition scheduling | 0.50 |
| 03/12/08 | KAG | Review document collection issues with litigation (.5); Emails/call with D. Lyons and opposing counsel re scheduling depositions (.8). | 1.30 |
| 03/12/08 | JL | Conference with K. Garcia re AHM production. | 0.40 |
| 03/13/08 | DRL | Telephone conference with J. Kalas and Lisa Rosu. | 0.60 |
| 03/13/08 | KAG | Call with K. Mangan re depos; Draft letter and depo notices; serve depo notices. | 2.30 |
| 03/13/08 | KAG | Draft depo notices; coordinate with local counsel re service | 1.50 |
| 03/13/08 | JL | Triad document collection; create load files and database. | 1.30 |
| 03/14/08 | JL | Triad document collection; revise load files; revise database structure and load documents; index same. | 1.20 |
| 03/17/08 | DRL | Review correspondence and case file. | 1.30 |
| 03/17/08 | KAG | Review of documents (2.0); Calls and emails with K. Mangan, D. Lyons and K. Mehta re depositions and scheduling and coordination of North Carolina alliance office (1.3). | 3.30 |
| 03/18/08 | DRL | Conference with Triad counsel re: scheduling of depositions; conference with J. Land re: emails and preparation for search of emails. | 0.60 |
| 03/18/08 | KAG | Calls with K. Mangan and D. Lyons re deposition dates (0.5); Coordinate with affiliate firm re deposition space and staffing (0.5); Meet with D. Lyons re status report (2.0) | 3.00 |
| 03/18/08 | HLD | Reviewed status update re Triad litigation, emails with Edwards (YC) and Garcia re same. | 0.60 |
| 03/19/08 | DRL | Review emails and other documents received from client. | 4.00 |
| 03/19/08 | JL | Reviewed document collection issues; TC with D. Lyons re database. | 0.60 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 03/19/08 | RV2 | Review document collection issues including uploading processed data. | 1.30 |
| 03/20/08 | HLD | Reviewed answers and responses to discovery requests in Triad litigation. | 0.80 |
| 03/21/08 | KAG | Draft fact discovery extension (1.9; Call with H. Denman re receipt of production (.1); coordinate with litigation support (.2) | 2.20 |
| 03/21/08 | HLD | Reviewed triad's objections and responses to discovery requests (.9); Reviewed issues/correspondence re Triad's document production, emails re same with Garcia (1.2). | 2.10 |
| 03/24/08 | DR | TC with K. Garcia regarding processing of Triad production and internal numbering. | 0.50 |
| 03/26/08 | KAG | Coordinate upload of production (0.2); Finalization and email of stipulation for extension (0.3); Call with D. Lyons re witness interviews and depo scheduling (0.5) | 1.00 |
| 03/26/08 | HLD | Reviewed emails/draft stipulation with Garcia and Triad counsel. | 0.40 |
| 03/26/08 | DR | Review document collection issues, including create database. | 0.60 |
| 03/27/08 | KAG | Triad production review (3.0); Call with K. Mangan re and edit to extension stipulation (1.0) | 4.00 |
| 03/27/08 | JL | Review document collection issues including emails from K. Garcia re database. | 0.40 |
| 03/28/08 | KAG | Triad production review | 4.00 |
| 03/31/08 | KAG | Triad production review for deposition preparation; email to D. Lyons and opposing counsel re stipulated extension for discovery | 4.30 |

Total Hours    49.70

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Duane R. Lyons | DRL | Partner | 6.50 | 760.00 | 4,940.00 |
| Kristella A. Garcia | KAG | Associate | 30.60 | 400.00 | 12,240.00 |
| Harrison L. Denman | HLD | Associate | 6.30 | 375.00 | 2,362.50 |

| Litigation Support/Document Management Services | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Jonathan Land | JL | Lit Support | 3.90 | 365.00 | 1,423.50 |
| Danny Rose | DR | Lit Support | 1.10 | 150.00 | 165.00 |
| Raul Vasquez | RV2 | Lit Support | 1.30 | 150.00 | 195.00 |

Matter # : 61106-K

AHM - Lender Claims

## Statement Detail

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 03/01/08 | HLD | Reviewed documents for production to Bear in Wells litigation. | 6.30 |
| 03/01/08 | PC4 | Establish document collection/process in Wells litigation. | 1.00 |
| 03/02/08 | CD | Establish document collections/production in Wells litigation (2.3); Emails and conference calls with case team regarding document production in Wells litigation (.2). | 2.50 |
| 03/02/08 | HLD | Document review for production to Bear in Wells litigation (7.7); emails with JCT, litigation support re same (.6). | 8.30 |
| 03/03/08 | AM6 | Research caselaw, legislative history re open issues in Lehman litigation (6.5). | 6.50 |
| 03/03/08 | CD | Establish document production process in Wells litigation (3.2); Emails and conference calls with case team regarding document production (1.5); coordinate litigation support efforts (.8). | 5.50 |
| 03/03/08 | GY | Respond to R. Dakis' request. | 0.80 |
| 03/03/08 | HLD | Reviewed responsive documents for production to Bear in Wells litigation (2.8); emails/tcs re same with A. Horn (.8); Reviewed confidentiality issues re same (.5); Reviewed/finalized document production to Bear (4.9); Draft/revise AHM's responses to Bear's document demands (2.9). | 11.90 |
| 03/03/08 | JCT | Review documents for production in Wells litigation (1.0); confs w/ H. Denman re same (1.0); revise responses and objections (1.0); review discovery confidentiality stipulation (.4); Review open legal issues for Lehman litigation (.8). | 4.20 |
| 03/03/08 | SK2 | Reviewing setoff issues memo by R. Dakis (1.2); reviewing cases regarding same (1.5). | 2.70 |
| 03/04/08 | AM6 | Research caselaw and legislative history for Lehman litigation (3.2). | 3.20 |
| 03/04/08 | CD | Establish document production process in Wells litigation (.5); coordinate with vendor re same (.5) | 1.00 |
| 03/04/08 | HLD | TCs/emails re receipt and review of Bear and Wells documents in Wells litigation (1.1); TC A. Horn re AHM's document production (.4); Reviewed Wells/bear productions (1.3). | 2.80 |
| 03/04/08 | JCT | Research Article 9 issues for Lehman litigation (3.3); outline arguments for oral argument (2.6) | 5.90 |
| 03/04/08 | JL6 | Create production database, create/rename review database, load productions to production database for production in Wells litigation. | 3.00 |
| 03/04/08 | SK3 | Legal research for Lehman litigation (oral argument). | 0.10 |
| 03/05/08 | AM6 | Research legal issues for Lehman litigation (oral argument). | 3.20 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 03/05/08 | CD | Coordinate litigation support efforts for Wells document production. | 0.50 |
| 03/05/08 | HLD | TCs/emails with Creditors committee counsel, Sidley re access to discovery in Wells litigation. | 0.80 |
| 03/05/08 | JCT | Legal research for oral argument in Lehman litigation (1.2); review underlying documents for oral argument outline (2.1) | 3.30 |
| 03/05/08 | JL6 | Load production database for Wells litigation. | 1.00 |
| 03/05/08 | RKD | Create demonstrative for J. Tecce's oral argument in Lehman (.8); follow up research and analysis on enforceability of setoff issues (2.1); review and recent filings re same (1.3). | 4.20 |
| 03/06/08 | AM6 | Legal research for Lehman litigation (.8);  Review Subordinated 2004-A note for Lehman matter (.8). | 1.60 |
| 03/06/08 | HLD | TCs/emails with Schnitzer (Hahn and Hessen) re access to discovery documents, emails with Sidley re same (.8); Reviewed document production by Wells and Bear in Wells litigation, TCs/emails re same with QE litigation support (.6). | 1.40 |
| 03/06/08 | JCT | Review Lehman arguments in preparation for oral argument (2.8); conf w/ A. McGlaze re argument theories and research (.7); conf w/ R. Dakis re same; research additional authorities (1.4); outline estate positions for Lehman oral argument (1.5); call w/ AHM re same (.7) | 7.10 |
| 03/07/08 | HLD | Reviewed documents produced by Wells and Bear in Wells litigation (4.3); Review/emails re hot documents (1.3). | 5.60 |
| 03/07/08 | JCT | Research and outline oral argument re Article 9 (4.1); research outline oral argument regarding Lehman's arguments on same (3.7); review legal arguments and draft argument outline for Lehman litigation (.5) | 8.30 |
| 03/08/08 | JCT | Revise oral argument outline for Lehman litigation. | 1.10 |
| 03/10/08 | HLD | Draft/revise contention interrogatories in Wells litigation (1.5); Reviewed BS document production in Wells litigation (3.8). | 5.30 |
| 03/10/08 | JCT | Revise Lehman oral argument outline. | 4.60 |
| 03/10/08 | STR | Retrieve cases and prep. binder for J. Tecce in Lehman litigation. | 6.00 |
| 03/11/08 | HLD | Draft/revise interrogatories in Wells litigation (3.5); research re same (.4); Preparation for hearing on motion to dismiss in Lehman litigation, emails/tcs with JCT re same (3.9). | 7.80 |
| 03/11/08 | JCT | Revise oral argument outline and related research for Lehman argument (4.9); call w/ S. Sakamoto re same (.2); Review discovery next steps with H. Denman in Wells Fargo litigation (.2) | 5.30 |
| 03/11/08 | STR | Prepare materials for Lehman oral argument per J. Tecce. | 3.50 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 03/12/08 | HLD | Prepared for oral argument on Lehman's motion to dismiss, met with JCT re same (.5); Reviewed Bear's and Well's document production (2.1); Emails/TCs with Sakamoto (AHM) re hot documents (1.4); Reviewed legal arguments in Wells litigation, emails re same (2.6). | 6.60 |
| 03/12/08 | JCT | Lehman oral argument revision (2.2); related research and case/document review to prepare for oral argument (5.4); call w/ S. Kirpalani re same (.3); conf w. R. Dakis re same (.3) | 8.20 |
| 03/12/08 | SK2 | Review complaint, answer, motion papers in Lehman adversary (.9); confer w/J. Tecce re outline of oral argument (.3); review and revise oral argument outline of J. Tecce (1.3); review Lehman transaction documents (1.1). | 3.60 |
| 03/12/08 | STR | Retrieve case law and supporting documents for J. Tecce in Lehman litigation. | 3.00 |
| 03/13/08 | HLD | Reviewed Bear's arguments in Wells litigation, emails re same. | 2.70 |
| 03/13/08 | JCT | Prepare for (1.1) and attend (2.0) oral argument on Lehman motion to dismiss; calls with M. Taylor and S. Sakamoto post rehearing re same and next steps on litigation, Wells litigation (.7); memorandum to American Home re hearing and next steps (.4) | 4.20 |
| 03/13/08 | SK2 | Confer w/J. Tecce re Lehman oral argument (.5); review draft update to client re same (.2). | 0.70 |
| 03/14/08 | HLD | Draft/revise interrogatories in Wells litigation | 0.50 |
| 03/14/08 | JCT | Review "hot documents" in Wells litigation (.5); revise interrogatories (.6) | 1.10 |
| 03/15/08 | HLD | Drafted/revised interrogatories in Wells litigation. | 2.10 |
| 03/17/08 | HLD | Revised/finalized AHM's contention interrogatories in Wells litigation (2.2); reviewed Bear's interrogatories in the Wells litigation (.4). | 2.60 |
| 03/17/08 | JCT | Revise interrogatories, review those propounded by Bear Stearns | 0.60 |
| 03/18/08 | HLD | Emails/TCs with Sakamoto (AHM) re interrogatories in Wells litigation (.8); Reviewed motion for approval of stipulation (.3); Reviewed hearing transcript of Lehman motion to dismiss in Lehman litigation (2.1); Reviewed Bear's arguments in Wells litigation (.9). | 4.10 |
| 03/18/08 | JCT | Review transcripts from Lehman oral argument (.5); review Bear Stearns/Wells Fargo interrogatory, discovery and claim issues (.3); review motion for protective order in same and related emails (.3) | 1.10 |
| 03/19/08 | HLD | Draft/revise response to interrogatories in Wells litigation (2.5); TC with Edwards (YC) re deposition schedule in Wells litigation (.3). | 2.80 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 03/20/08 | HLD | Revise response to interrogatories. | 1.10 |
| 03/21/08 | HLD | TC with Sakamoto re open issues in Wells litigation (.5); Draft/revise response to interrogatories (3.2). | 3.70 |
| 03/24/08 | HLD | Draft/revise responses to interrogatories in Wells litigation, emails with JCT re same. | 1.20 |
| 03/24/08 | JCT | Review open legal issues for potential lender litigation. | 0.30 |
| 03/25/08 | JCT | Review status of lender actions and legal theories (.8); attend in person meeting w/ KZC re same and re lender actions (1.8) | 2.60 |
| 03/25/08 | SK2 | Review draft complaint against lender (1.2); confer w/J. Tecce re status of BofA litigation (.4); attend meeting w/ AHM re overall issues w/lending group and counterparties (1.8). | 3.40 |
| 03/26/08 | HLD | Emails/TCs with Jackson (YC), JCT re service in Wells litigation (.9); Emails with Sidley in Wells litigation re service re same (.4). | 1.30 |
| 03/26/08 | JCT | Emails with Sidley and Confs. w/ H. Denman re interrogatory issues in Wells litigation. | 0.30 |
| 03/26/08 | SK2 | Review corresp. from AHM re lender issues/Committee settlement (.2); review stipulation w/Committee (.6). | 0.80 |
| 03/27/08 | HLD | Revised responses to Wells interrogatories, emails with JCT and Edwards re same. | 1.90 |
| 03/27/08 | JCT | Review Wells Fargo interrogatory responses. | 0.30 |
| 03/28/08 | HLD | Revised responses to interrogatories (1.5); Emails/meetings with JCT, Dorsey re same (.8); TCs with Sakamoto re same (.6). | 2.90 |
| 03/28/08 | JCT | Revise interrogatory responses | 1.00 |
| 03/31/08 | HLD | Revised/finalized responses to Bear's interrogatories in Wells litigation (3.1); Emails with Young Conaway re same (.3). | 3.40 |
| 03/31/08 | JCT | Finalize responses to Wells Interrogatories, revisions (1.9); confs w/ H. Denman re same (.5) | 2.40 |

Total Hours    206.80

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Susheel Kirpalani | SK2 | Partner | 11.20 | 760.00 | 8,512.00 |
| James C. Tecce | JCT | Counsel | 61.90 | 605.00 | 37,449.50 |
| Robert K. Dakis | RKD | Associate | 4.20 | 385.00 | 1,617.00 |
| Harrison L. Denman | HLD | Associate | 87.10 | 375.00 | 32,662.50 |
| Aidan McGlaze | AM6 | Associate | 14.50 | 355.00 | 5,147.50 |
| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
| Grace Yoon | GY | Paralegal | 0.80 | 235.00 | 188.00 |
| S. Tyler Ricci | STR | Paralegal | 12.50 | 235.00 | 2,937.50 |
| Sofia Kolidas | SK3 | Case Assistant | 0.10 | 235.00 | 23.50 |

61106-K/2497408.1

| Litigation Support/Document Management Services | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Constance Drew | CD | Lit Support | 9.50 | 90.00 | 855.00 |
| Juan Londono | JL6 | Lit Support | 4.00 | 150.00 | 600.00 |
| Patricia Chew | PC4 | Lit Support | 1.00 | 150.00 | 150.00 |

Matter # : 61106-M

AHM - Non-working Travel

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 03/13/08 | JCT | Travel from NYC to Wilmington for Lehman argument (2.5); return travel from Wilmington to NYC (3.5) | 6.00 |
| 03/25/08 | JCT | Travel to KZC in person meeting w. S Kirpalani (.6); return travel from same (.6) | 1.20 |
| 03/25/08 | SK2 | Travel to meeting w/S. Cooper (.6); travel back to office following meeting (.6). | 1.20 |
| 03/27/08 | JCT | Travel from NYC to Wilmington for Calyon hearing on intervention, funds stipulation (2.6); return travel to NYC (2.3) | 4.90 |
| | | Total Hours | 13.3 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| James C. Tecce | JCT | Counsel | 12.10 | 605.00 | $7,320.50 (minus 50%) = $3,660.25 |
| Susheel Kirpalani | SK2 | Partner | 1.20 | 760.00 | $912.00 (minus 50%) = $456.00 |

61106-K/2495504.1

Matter # : 61106-P

AHM - Recharacterization

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 03/03/08 | JCT | Revise counterclaim for filing (3.0); calls w/ C. Pino re same (.8); confs w/ R. Dakis re same (.8); calls w/ YCST re payment issues (.6); call w/ Calyon counsel, YCST and Committee re same (.3); review scheduling for Phase II trial (.3) | 5.80 |
| 03/03/08 | RKD | Review and incorporate J. Tecce revisions to draft counterclaims (1.3); ; continue revisions on draft counterclaims (.3); office conference with J. Tecce regarding same (.8); finalize draft of counterclaims (.8); collect and review proposed exhibits to draft counterclaims (.6). | 3.40 |
| 03/05/08 | JCT | Review Calyon emails regarding P&I, "orphan" payments (.2); review agreement (.3); attend calls with YCST (R. Brady) and C. Pino and M. Taylor (American Home) re same (1.5); review scheduling stipulation, related emails (.3) | 2.30 |
| 03/06/08 | JCT | Calls w/ YCST re status of allegedly "misdirected" payments (.3); review emails regarding same and agreement regarding same (.9). | 1.20 |
| 03/07/08 | JCT | Review Calyon pleading on mortgage funds; outline responses re: same. | 1.20 |
| 03/10/08 | JCT | Review Calyon decision regarding reconsideration (.8); calls w/ YCST re same and next steps (.2); email to clients re same (.2); review next steps on "advance payments" w/ R. Dakis (.3) | 1.50 |
| 03/11/08 | JCT | Call with company (Nystrom, Pino, Taylor) and YCST (Brady) re Calyon settlements (.6); call with Hunton (Ackerly) re same (.2) | 0.80 |
| 03/12/08 | JCT | Review Calyon issues regarding payments from segregated account; emails regarding scheduling stipulation | 0.70 |
| 03/14/08 | JCT | Review and revise Calyon funds stipulation | 0.70 |
| 03/17/08 | JCT | Review and revise stipulation on funds, with related emails (.6); call w/ YCST (R. Brady) re Calyon motion for funds (.3); review background documents (1.2); draft objection to same (2.2) | 4.30 |
| 03/18/08 | JCT | Draft objection to Calyon motion to turnover allegedly "misdirected" funds (3.1); attend liquidity call w/ R. Brady re same (.3) | 3.40 |
| 03/18/08 | RKD | Draft document requests for phase two litigation. | 1.70 |
| 03/19/08 | JCT | Review payover stipulation and emails with Calyon counsel re same (.5); review next steps for Phase II Trial (discovery, etc.) (.2); conf w/ R. Dakis and A. McGlaze and prepare email memorandum to client (.3). | 1.00 |
| 03/19/08 | AM6 | Confer with J. Tecce re: upcoming court appearances (.3); review pertinent documents in preparation (.3). | 0.60 |

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 03/19/08 | RKD | Draft document requests in respect of Phase II trial (4.9); meet with J. Tecce and A. McGlze re same (.3). | 5.20 |
| 03/20/08 | JCT | Review status of Calyon payments/BofA intervention issues with YCST (Brady/Beech), K. Nystrom and M. Linberry (1.8); attend liquidity call re same (.7); call with Calyon counsel re intervention motion (.2); review January amendment stipulation (.3); review next steps in Phase II trial with R. Dakis, evidentiary issues (.3) | 3.30 |
| 03/20/08 | RKD | Complete draft of document requests for Phase II trial (5.4); meet with J. Tecce re same (.3). | 5.70 |
| 03/21/08 | JCT | Revise Calyon first request for production of documents, review underlying AHM documents for same (2.1); review email correspondence w/ Calyon counsel re allegedly "misdirected funds" (.3) | 2.40 |
| 03/21/08 | RKD | Revise draft document requests per J. Tecce edits (1.8). | 1.80 |
| 03/24/08 | JCT | Revise document requests, review discovery next steps with R. Dakis (1.6); review emails regarding settlement of "orphan funds" motion (.3); revise objection to BofA motion to intervene in adversary (3.6) | 5.50 |
| 03/24/08 | RKD | Review procedural issues for Phase II litigation (3.1); revise document requests for Phase II litigation (.9); tc with E. Edwards regarding same (.1). | 4.10 |
| 03/25/08 | SK2 | Review Calyon limited objection (.6); confer w/J. Tecce re dynamics and strategic issues for Calyon phase II (.5). | 1.10 |
| 03/25/08 | JCT | Revisions to Calyon limited objection to BofA intervention (1.6); calls and emails w/ YCST re same (.2) | 1.80 |
| 03/26/08 | JCT | Review hearing agenda, open issues for BofA and Calyon (.3); review arguments on misdirected funds with M. Lunn (YCST) and related emails (.3); review discovery next steps for Phase II (.2); review BofA settlement stipulation, calls with BofA and YCST re settlement of same (1.7); hearing preparation, review motions, etc. (.4) | 2.90 |
| 03/27/08 | JCT | Attend hearing on funds motion (Calyon) and BofA Intervention motion | 1.00 |
| 03/31/08 | SK2 | Review corresp. from R. Brady re Calyon servicing issues (.2); review decisions on Calyon vs. AHM servicing (.5); confer w/J. Tecce re views (.2). | 0.90 |
| 03/31/08 | JCT | Call w/ YCST (R. Brady) and review agreement regarding servicer issue (.3); attend call with Kroll (Taylor), Cte. Counsel (Indelicato), YCST (Brady) re same and servicing issues for Wilbur Ross sale (1.3); attend call with same and BofA Counsel (A. Alfons o) re same (1.5) | 3.10 |
| | | Total Hours | 67.40 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Susheel Kirpalani | SK2 | Partner | 2.00 | 760.00 | 1,520.00 |
| James C. Tecce | JCT | Counsel | 42.90 | 605.00 | 25,954.50 |
| Robert K. Dakis | RKD | Associate | 21.90 | 385.00 | 8,431.50 |
| Aidan McGlaze | AM6 | Associate | 0.60 | 355.00 | 213.00 |

**EXHIBIT B**

Summary by Expenses Incurred
(March 1, 2008 through March 31, 2008)

| Date Posted | Expense / Date Incurred | Amount |
|---|---|---|
| 03/04/2008 | Photocopying | $3.38 |
| 09/28/2007 | Printing | $1.82 |
| 09/28/2007 | Printing | $0.52 |
| 09/28/2007 | Printing | $0.52 |
| 09/28/2007 | Printing | $0.26 |
| 09/28/2007 | Printing | $0.39 |
| 10/13/2007 | Printing | $6.50 |
| 10/13/2007 | Printing | $6.50 |
| 10/18/2007 | Printing | $0.26 |
| 10/18/2007 | Printing | $0.13 |
| 10/18/2007 | Printing | $0.26 |
| 10/19/2007 | Printing | $0.26 |
| 10/19/2007 | Printing | $0.26 |
| 03/07/2008 | Express Mail | $16.74 |
| 03/12/2008 | Taxi, H. Denman on 12/3/07 | $11.00 |
| 03/12/2008 | Taxi, H. Denman on 12/4/07 | $9.80 |
| 03/12/2008 | Taxi, H. Denman on 12/5/07 | $11.00 |
| 03/12/2008 | Taxi, H. Denman on 12/10/07 | $10.60 |
| 03/12/2008 | Taxi, H. Denman on 12/11/07 | $11.00 |
| 03/12/2008 | Taxi, H. Denman on 1/9/08 | $9.80 |
| 03/12/2008 | Taxi, H. Denman on 1/14/08 | $10.20 |
| 03/12/2008 | Taxi, H. Denman on 1/21/08 | $9.40 |
| 03/12/2008 | Taxi, H. Denman on 1/24/08 | $10.60 |
| 03/12/2008 | Taxi, H. Denman on 1/30/08 | $10.60 |
| 03/14/2008 | Printing | $31.25 |
| 03/14/2008 | Document Production Costs | $26.00 |
| 03/14/2008 | Document Production Costs | $26.00 |
| 03/14/2008 | Document Reproduction | $37.96 |
| 03/14/2008 | Express Mail | $57.41 |
| 02/21/2008 | Document Reproduction | $207.48 |
| 03/26/2008 | Document Production Costs | $26.00 |
| 03/26/2008 | Electronic Discovery Costs | $139.04 |
| 03/29/2008 | Printing | $4.29 |
| 03/31/2008 | Client Meal, H. Denman on 2/10/08 | $14.26 |
| 03/31/2008 | Client Meal, H. Denman on 2/10/08 | $25.89 |
| 03/31/2008 | Deposition Meal - for all parties at deposition for Triad litigation on 2/11/08 | $89.01 |
| 03/31/2008 | Client Meal, H. Denman on 2/11/08 | $29.46 |
| 03/31/2008 | Document Reproduction | $59.41 |

| 03/31/2008 | Deposition Transcript - transcript of 10/31/07 deposition in Calyon recharacterization litigation. | $1,729.25 |
|---|---|---|
| 03/31/2008 | Westlaw | $2,225.36 |
| 03/31/2008 | Electronic Discovery Costs | $224.44 |
| 03/31/2008 | Electronic Discovery Costs | $26.60 |
| 03/31/2008 | Electronic Discovery Costs | $239.40 |
| 03/31/2008 | Document Production Costs | $26.00 |
| 03/31/2008 | Document Production Costs | $36.00 |
| 03/31/2008 | Client Meal, H. Denman on 2/4/08 | $30.30 |
| 03/31/2008 | Electronic Discovery Costs | $739.44 |
| 03/31/2008 | Printing | $13.52 |
| 03/31/2008 | Printing | $5.72 |
| 03/31/2008 | Printing | $0.26 |
| 03/31/2008 | Westlaw | $109.81 |
| 03/31/2008 | Professional Services - expense for borrowing treatise from New York Law Institute | $100.00 |
| **TOTAL:** | | **$6,421.36** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------x
In re:                                  :
                                        :       Chapter 11
AMERICAN HOME MORTGAGE                   :
HOLDINGS, INC., a Delaware corporation, et al.,  :   Case No. 07-11047 (CSS)
                                        :
                                        :       Jointly Administered
                    Debtors.            :
----------------------------------------------------------x
```

## CERTIFICATION OF JAMES C. TECCE

James C. Tecce, an attorney-at-law, duly admitted in good standing to practice in the

State of New York hereby certifies that:

1.      I am counsel in the firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP

("**Quinn Emanuel**"), and I am duly authorized to make this Certification on behalf of Quinn

Emanuel.  Quinn Emanuel was retained by the Debtors as special investigatory litigation and

conflicts counsel  pursuant to an order of the Court.  This certification is made in support of

Quinn Emanuel's Eighth Monthly Application for Allowance of Compensation for Services

Rendered and for Reimbursement of Expenses During the Period from March 1, 2008 Through

March 31, 2008 (the "**Application**"), and in compliance with Local Rule 2016-2 of this Court

(the "**Rule**"), and with the United States Trustee's Guidelines for Review Of Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "**Guidelines**").

2.    I have read the Application and I certify that the Application substantially complies with the Rule and the Guidelines.

Dated:
May 21, 2008

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**

James C. Tecce
55 Madison Avenue - 22nd Floor
New York, NY 10010
(212) 849 - 7200

76802/2503454.1