**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
In re:                                              : Chapter 11
                                                    :
AMERICAN HOME MORTGAGE                              : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]  :
                                                    : Jointly Administered
           Debtors.           :
                                                    : Hearing Date: 06/11/08 at 10:00 a.m.
                                                    : Objection Deadline: 06/04/08 at 4:00 p.m.
                                                    : Related Document No. 4233
                                                    :
---------------------------------------------------------------- x

**SUPPLEMENT TO MOTION OF AMERICAN HOME MORTGAGE
SERVICING, INC., FORMERLY KNOWN AS AH MORTGAGE ACQUISITION
CO., INC., FOR AN ORDER GRANTING THE ALLOWANCE AND
PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM FOR BREACHES BY
CERTAIN DEBTORS OF THE ASSET PURCHASE AGREEMENT FOR
THE SALE OF THE DEBTORS' MORTGAGE SERVICING BUSINESS**

      American Home Mortgage Servicing, Inc., a Delaware corporation formerly

known as AH Mortgage Acquisition Co., Inc. (the "Purchaser"), through its undersigned counsel,

hereby submits this Supplement (the "Supplement") to its motion for an order granting the

allowance and payment of an administrative expense claim for breaches by certain debtors[2] of

---

[1]    The above-captioned debtors and debtors in possession in these cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation, formerly known as American Home Mortgage Servicing, Inc. (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]    The specific debtors are American Home Mortgage Investment Corp., American Home Mortgage Corp. and AHM SV, Inc., a Maryland corporation formerly known as American Home Mortgage Servicing, Inc. (collectively, the "Sellers").

the Asset Purchase Agreement dated as of September 25, 2007 (Docket No. 4233) (the "<u>Motion for Allowance and Payment of Administrative Claim</u>"), filed on May 23, 2008, to provide exact amounts for certain components of its administrative claim for which the Purchaser provided estimated amounts in its motion.  In support of this Supplement, and in further support of its Motion for Allowance and Payment of Administrative Claim, the Purchaser submits the Supplemental Declaration of Joel Gendron (the "<u>Supp. Gendron Decl.</u>"), which is attached hereto as Exhibit A and incorporated herein by reference.

<u>Supplement to Motion</u>

1.  In its Motion for Allowance and Payment of Administrative Claim, the Purchaser noted that the amounts for certain components of its administrative claim were, at that time, estimates or approximate amounts and that the Purchaser would supplement the motion with exact amounts once those amounts had been confirmed.  (Motion for Allowance and Payment of Administrative Claim at p. 17 n.4.)  Having since completed the final reconciliation of the relevant accounts and transactions, the exact amounts for the three specific components of the Purchaser's administrative expense claim that were previously estimated are set forth below.  Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion for Allowance and Payment of Administrative Claim.

2.  In paragraph 24 of its Motion for Allowance and Payment of Administrative Claim, the Purchaser explained that the LPMI accounts were deficient in the approximate amount of $2.5 million, that the prepayment accounts were deficient in the approximate amount of $4.7 million, and that after reducing the aggregate amount of these deficiencies ($7.2 million) by the purchase price reduction ($6,061,810), as described in paragraph 23 of the motion, the Sellers are liable for a remaining deficiency of approximately $1.14 million.  The exact amount of the deficiency in the LPMI accounts is $2,502,898 and the

exact amount of the deficiency in the prepayment accounts is $4,668,704.  (Supp. Gendron Decl. at ¶ 4.)  Accordingly, reducing the aggregate amount of these deficiencies ($7,171,602) by the purchase price reduction ($6,061,810), the Sellers are liable for a remaining deficiency of $1,109,792.  (Id.)

        3.        As described in paragraph 31b. of the Motion for Allowance and Payment of Administrative Claim, prior to the commencement of their bankruptcy cases, SVI remitted substantial amounts of money to Parent consisting of collections on loans SVI mistakenly believed Parent owned, but which had actually been sold to third parties.  (Supp. Gendron Decl. at ¶ 2.)  At the time of the Motion for Allowance and Payment of Administrative Claim, the Purchaser estimated the amount of those payments to aggregate about $3 million.  The Purchaser has since completed the reconciliation down to the loan level detail and concluded that the exact amount remitted to Parent for loans Parent had sold was $4,367,471.  (Id.)

        4.        As described in paragraph 31c. of the Motion for Allowance and Payment of Administrative Claim, prior to commencement of these proceedings, SVI remitted to Parent, rather than holding in custodial accounts, payments received in connection with loans that SVI was servicing under servicing agreements eventually acquired by the Purchaser that were in foreclosure or in connection with the sale of REO Property performed pursuant to these servicing agreements.  (Supp. Gendron Decl. at ¶ 3.)  The aggregate amount of those payments was estimated to be approximately $5.6 million at the time of the motion.  (Id.)  The exact amount was $5,775,729.  (Id.)

        5.        Adding these exact amounts to the amounts for the other breaches of the APA as set forth in the Motion for Allowance and Payment of Administrative Claim, the Purchaser submits that it is entitled to an allowed administrative priority claim of $13,572,004.

Accordingly, for the reasons set forth in the Motion for Allowance and Payment of Administrative Claim, as supplemented herein, Purchaser respectfully requests entry of an order, substantially in the form attached hereto as Exhibit B,[3] (a) granting the Purchaser an allowed claim entitled to administrative expense priority in the amount of $13,572.004; (b) directing the Sellers to pay that claim as soon as reasonably practical; and (c) granting the Purchaser such other and further relief as is just and appropriate.

| | |
|---|---|
| Dated:  June 2, 2008<br>            Wilmington, Delaware | GREENBERG TRAURIG, LLP<br><br>/s/ Victoria W. Counihan<br>Victoria W. Counihan (BAR #3488)<br>The Nemours Building<br>1007 North Orange Street, Suite 1200<br>Wilmington, DE 19801<br>(302) 661-7000<br><br>and<br><br>JONES DAY<br>Keith C. McDole (TX 13533740)<br>Daniel P. Winikka (TX 00794873)<br>Robert J. Jud (TX 24041217)<br>2727 North Harwood Street<br>Dallas, Texas 75201-1515<br>(214) 220-3939<br><br>Counsel for American Home Mortgage Servicing, Inc., formerly known as AH Mortgage Acquisition Co., Inc. |

---

[3] Other than updating the aggregate amount of the claim and including a reference to this Supplement and the attached supplemental declaration of Joel Gendron, the revised form of order is identical to the form of order attached as Exhibit D to the Motion for Allowance and Payment of Administrative Claim.