**EXHIBIT A**

DLI-6190733v2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| | : | |
| **AMERICAN HOME MORTGAGE HOLDINGS,** | : | **Case No. 07-11047 (CSS)** |
| **INC., a Delaware corporation, et al.,** | : | |
| | : | **Jointly Administered** |
| **Debtors,** | : | |
| | : | |
| | : | **Docket Ref: 4233** |
| | : | |

<u>**SUPPLEMENTAL DECLARATION OF JOEL GENDRON**</u>

I, Joel Gendron, declare as follows:

1.      On May 23, 2008, I submitted a declaration (the "<u>Initial Declaration</u>") in support of the Motion of American Home Mortgage Servicing, Inc., Formerly Known as AH Mortgage Acquisition Co., Inc. for an Order Granting the Allowance and Payment of an Administrative Expense Claim for Breaches by Certain Debtors of the Asset Purchase Agreement for the Sale of the Debtors' Mortgage Servicing Business (Docket No. 4233) (the "<u>Motion for Allowance and Payment of Administrative Claim</u>").  Capitalized terms used but not defined herein have the meanings given to such terms in my Initial Declaration.  As noted in my Initial Declaration, the amounts for certain components of the Purchaser's administrative claim that I described in my Initial Declaration were estimated or approximate amounts.  Since the submission of my Initial Declaration, the Purchaser has completed the final reconciliation of the relevant accounts and transactions, and I submit this Supplemental Declaration to provide exact amounts for the previously estimated components of the Purchaser's administrative claim.  The facts stated herein are true and correct and, unless otherwise noted below, are based upon my personal knowledge and/or the books and records of SVI and the Purchaser maintained in the ordinary course of business.

2.      As noted in paragraph 4.C. of my Initial Declaration, prior to the commencement of their bankruptcy cases, SVI remitted substantial amounts of money to Parent consisting of collections on loans SVI mistakenly believed Parent owned, but which had actually been sold to third parties.  At the time of my Initial Declaration, those amounts were estimated to be about $3 million.  The Purchaser has since completed the reconciliation at the loan level detail, and the exact amount remitted to Parent from collections on loans that Parent had sold to third parties was $4,367,471.

3.      As noted in paragraph 4.D. of my Initial Declaration, prior to commencement of these proceedings, SVI remitted to Parent, rather than holding in custodial accounts, payments received in connection with loans that SVI was servicing under servicing agreements eventually acquired by the Purchaser that were in foreclosure or in connection with the sale of REO Property performed pursuant to these servicing agreements.  The aggregate amount of those payments was estimated to be approximately $5.6 million at the time of my Initial Declaration. The exact amount was $5,775,729.

4.      At the time of my Initial Declaration, and as set forth in paragraph 10 therein, the Purchaser estimated the deficiency in the LPMI accounts to be approximately $2.5 million, and the deficiency in the prepayment accounts to be approximately $4.7 million.  The exact amount of the deficiency in the LPMI accounts was $2,502,898 and the exact amount of the deficiency in the prepayment accounts was $4,668,704.  Accordingly, after reducing the aggregate amount of these deficiencies ($7,171,602) by the purchase price reduction described in paragraph 9 of my Initial Declaration ($6,061,810), the remaining deficiency (which was previously estimated to be approximately $1.14 million) is $1,109,792.

I declare under penalty of perjury that the foregoing is true and correct.

Executed June 2, 2008

_____
Joel Gendron

**<u>EXHIBIT B</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------------- x
```
In re:                                          : Chapter 11
                                                :
AMERICAN HOME MORTGAGE                          : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]  :
                                                : Jointly Administered
                      Debtors.                  :
```
-------------------------------------------------------------------- x
```

## ORDER GRANTING MOTION OF AMERICAN HOME MORTGAGE SERVICING, INC., FORMERLY KNOWN AS AH MORTGAGE ACQUISITION CO., INC., FOR ALLOWANCE AND PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM FOR BREACHES BY CERTAIN DEBTORS OF THE ASSET PURCHASE AGREEMENT FOR THE SALE OF THE DEBTORS' MORTGAGE SERVICING BUSINESS

This matter coming before the Court on the Motion of American Home Mortgage Servicing, Inc., formerly known as AH Mortgage Acquisition Co., Inc. (the "Purchaser"), for an order granting the allowance and payment of an administrative expense claim for breaches by certain Debtors of the Asset Purchase Agreement for the sale of the Debtors' Mortgage Servicing Business (the "Motion")[2]; the Court having reviewed the Motion, the Declaration of Joel Gendron attached to the Motion as Exhibit A (the "Gendron Declaration"), the Declaration of David Friedman attached to the Motion as Exhibit B (the "Friedman Declaration"), the

---

[1]    The above-captioned debtors and debtors in possession in these cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation, formerly known as American Home Mortgage Servicing, Inc. (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Supplement to the Motion (the "Supplement"), the Supplemental Declaration of Joel Gendron attached thereto as Exhibit A (the "Supplemental Gendron Declaration") and all other pleadings filed in respect of the Motion; the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iii) notice of the Motion was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion, the Supplement, the Gendron Declaration, the Friedman Declaration and the Supplemental Gendron Declaration establish just cause for the relief granted herein.

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Purchaser hereby is granted an allowed claim entitled to administrative priority against the Sellers' estates in the amount of $13,572,004 (the "Allowed Administrative Claim").

3.      The Sellers are hereby directed to pay the Purchaser the full amount of the Allowed Administrative Claim.

4.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2008            _____
                                          CHRISTOPHER S. SONTCHI
                                          UNITED STATES BANKRUPTCY JUDGE