## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE, | ) | (Jointly Administered) |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | ) | Obj. Deadline: June 4, 2008 @ 4:00 p.m. |
| | ) | Hr'g Date: June 11, 2008 @ 10:00 a.m. |
| Debtors. | ) | |
| | ) | **SEPARATE HR'G REQUESTED** |
| | ) | Related Docket Item No. 4029 |

### RESPONSE OF NORMAN LOFTIS TO DEBTORS' EIGHTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

COMES NOW Norman Loftis ("Dr. Loftis"), by and through undersigned counsel, and

hereby responds (the "Response") to the Debtors' Eighth Omnibus Objection (Substantive) to

Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007

and Local Rule 3007-1 (the "Objection") as follows:

#### Background

1.      On August 6, 2007 (the "Petition Date"), the Debtors commenced these cases by

filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11

U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Debtors continue to operate and manage

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp, a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Mellville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75036.

their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On August 14, 2007, the United States Trustee appointed an Official Committee of Unsecured Creditors. No trustee or examiner has been appointed.

3.      The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4.      On October 30, 2007, the Court entered an order setting January 11, 2008 as the general bar date for filing pre-petition proofs of claim (the "General Bar Date Order"). (D.I. 1708).

5.      The General Bar Date Order expressly provides that, "any entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the applicable bar date." General Bar Date Order, at ¶14.

6.      Dr. Loftis timely filed an identical proof of claim against each of the eight Debtors (collectively, the "Proofs of Claim") in these jointly administered cases and expressly stated in the addenda thereto as follows:

> Because, at this time, Claimant is unable to locate all of the relevant loan documents, and because, inter alia, the documents that he has located (copies attached) reflect the lender's name as "American Home Mortgage", which is not included among the legal names of the Debtors as listed on the instructions to this proof of claim form, Claimant, out of an abundance of caution, asserts his Claim against each of the Debtors. However, Claimant seeks only one satisfaction of his Claim.

Proof of Claim Addenda, at pp. 1-2.

7.      Dr. Loftis also asserts that more than one Debtor may be liable on his Claim, due to the possibility of inter-Debtor guarantees (or otherwise) that may not yet have come to light --

the relevancy of which can not at this time be discounted as no plan of reorganization has been confirmed containing a substantive consolidation of the Debtors' estates.

8.      Moreover, each of Dr. Loftis's Proofs of Claim expressly states as follows:

> Claimant's aggregate Claim is asserted in a priority unsecured amount of $2,425.00 pursuant to 11 U.S.C. § 507(a)(7) plus a secured and unsecured portion in an unliquidated amount in excess of $1,186,625.00.

Proof of Claim Addenda, at p. 3.

## The Objection

9.      On or about May 12, 2008, the Debtors filed the Objection, wherein they object to all but two of Dr. Loftis's claims on grounds that, based on a review of their books and records, the Debtors have determined that six of claims, designated claim numbers 8679, 8982, 8984, 9011, 9012, and 9013 (together, the "Subject Claims"), were filed against the wrong Debtors. Obj., at ¶¶10-11, Ex. B.

10.      Curiously, the Notice of the Objection (the "Notice") served upon Dr. Loftis and undersigned counsel states only that the Debtors are seeking to expunge Claim No. 8679 and leave Claim No. 8678 as the "surviving" claim. There is an obvious discrepancy between the Notice and Exhibit B to the Objection and the proposed treatment of the eighth claim remains unaddressed.

11.      It appears, however, that the Debtors are seeking to reduce the asserted amount of Dr. Loftis's putative "surviving" claim(s)[2] to $2,425.00.

12.      The Debtors' Objection is accompanied by the Declaration of John Kalas, Senior Vice President and Deputy General Counsel of the Debtors, which recounts the "[c]onsiderable resources and time [that] have been expended to ensure that there existed a high level of

---

[2] Including, but apparently not limited to, claim number 8687.

diligence in reviewing and reconciling the proofs of claim filed or pending against the Debtors in

theses cases...., Kalas Decl., at ¶2 (bracketed material supplied), which then goes on to state,

somewhat tautologically, as follows:

> The Debtors have reviewed their books and records and
> determined that the claimants asserting the claims
> identified in <u>Exhibit B</u> to the Proposed Order filed identical
> claims against multiple Debtors.  The Debtors have
> determined that these claims are duplicative of other claims
> that were filed against the correct Debtor.  Therefore, the
> Debtors seek to expunge and disallow in full the Multiple
> Debtor Claims.

Kalas Decl., at ¶5.

### Response to Objection

13.     The Proofs of Claim were timely filed in accordance with the procedure instituted

at the Debtors' behest.  That procedure requires that, "any entity asserting Claims against more

than one Debtor must file a separate proof of claim with respect to each such Debtor on or before

the applicable bar date."  General Bar Date Order, at ¶14.

14.     Where a proof of claim is executed and filed in accordance with the Bankruptcy

Rules, the validity and amount of the claim is thereby established *prima facie*.  Fed.R.Bankr.P.

3001(f).  In that regard, the filing of a proof of claim has been likened to the filing of a complaint

at the opening of a civil case.  <u>In re Simmons</u>, 765 F.2d 547, 552 (5th Cir. 1985).  In order to

challenge successfully the *prima facie* validity of a proof of claim, an objector must produce

evidence negating an essential allegation of the claim.  <u>In re Allegheny International, Inc.</u>, 954

F.2d 167, 173 (3d Cir. 1992).  Dr. Loftis's Proofs of Claim establish *prima facie* his right to

payment from each of the Debtors against which the Proofs of Claim has been asserted.

15.     The Objection and its supporting declaration fail to rebut the *prima facie* validity

of the Proofs of Claims.  Although jointly administered for procedural purposes, these cases have

not been substantively consolidated. The inter-company relationships among the Debtors have not

been disclosed pursuant to a disclosure statement or plan of reorganization. One Debtor may turn

out to be the guarantor of the debts of another. The Debtors may be jointly and severally liable for

each other's debts. One Debtor may ultimately be in a position to make a larger distribution on

allowed claims than another. The declaration of Mr. Kalas, however, addresses none of these

issues. To the extent that Dr. Loftis reasonably believes that more than one Debtor may be liable to

him for his Proofs of Claim, he should be permitted to maintain the Proofs of Claim against each

such Debtor. Dr. Loftis has acknowledged from the very beginning, of course, that he is entitled to

only one satisfaction of his Proofs of Claim.

      16.     The Debtors' conclusory assertion that based on a review of their books and

records Dr. Loftis has a claim against only one Debtor, Objection, at Ex. B, is insufficient to

rebut Dr. Loftis's right to payment as established *prima facie* by each of his Proofs of Claim.

Allegheny International, 954 F.2d at 173 (the objector must produce evidence "equal in force" to

the evidence submitted by the claimant); Simmons, 765 F.2d at 552 (same). Moreover, the

Debtors' assertion that, "[f]ailure to disallow the Multiple Debtors Claims will result in the

applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to

the detriment of other unsecured creditors in these cases...." Objection, at ¶11, is simply wrong.

To the extent that more than one Debtor may be liable on Dr. Loftis's Proofs of Claim, he should

be entitled to an allowed claim against each such Debtor so long as the aggregate distribution on

all of his allowed claims does not exceed 100% of the face value of the largest such claim.

      17.     The Objection offers no reasonable evidence to negate any essential element of

the Subject Claims, much less evidence that is "equal in force" to that set forth therein.

Allegheny International, 954 F.2d at 173 (the objector must produce evidence "equal in force" to

the evidence submitted by the claimant); <u>Simmons</u>, 765 F.2d at 552 (same). Moreover, the

Debtors' attempt to shift the burden of proof is improper. Accordingly, Dr. Loftis respectfully

submits that the Debtors' request to have the Subject Claims disallowed should be denied.

## **Request for Separate Hearing**

18.    Pursuant to this Court's Local Rules, Dr. Loftis respectfully requests that the

Court schedule a separate hearing for the Objection and the Response for a date and time

convenient to the Court and the parties. Del.Bankr. LR 3007-1(h).

## **Reservation of Rights**

19.    Dr. Loftis expressly reserves all of his rights, including, without limitation, (i) to

take any and all discovery he deems appropriate to prepare for further proceedings in this matter,

(ii) to submit additional papers to the Court in support of his Proofs of Claim, including the

Subject Claims, (iii) to amend any portion of any of his claims, (iv) to assert any portion of any

of his claims, whether currently known or unknown, as secured and/or as an administrative

expenses of the Debtors' estates, and (v) to seek appropriate relief from this Court as Dr. Loftis,

in his sole discretion, deems appropriate.

## Conclusion

WHEREFORE, based on the foregoing, Dr. Loftis respectfully requests that this Honorable Court enter an Order (i) sustaining the Response, (ii) denying the Objection, (iii) allowing each of his Proofs of Claim in full, and (iv) granting to Dr. Loftis such other and further relief as the Court deems just and proper.

Dated: June 4, 2008
        Wilmington, Delaware          **SULLIVAN · HAZELTINE · ALLINSON LLC**

                                      *S.S. Allinson III*
                                      Elihu E. Allinson, III (No. 3476)
                                      4 East 8th Street, Suite 400
                                      Wilmington, DE  19801
                                      (302) 428-8191

                                      *Attorneys for Norman Loftis*