1

1

2  UNITED STATES BANKRUPTCY COURT

3  DISTRICT OF DELAWARE

4  Case No. 07-11047-css

5  - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  AMERICAN HOME MORTGAGE HOLDINGS, INC.,

9

10        Debtor.

11

12  - - - - - - - - - - - - - - - - - - - -x

13

14            United States Bankruptcy Court

15            824 North Market Street

16            5th Floor

17            Wilmington, Delaware

18

19            May 12, 2008

20            10:11 AM

21

22  B E F O R E:

23  HON. CHRISTOPHER S. SONTCHI

24  U.S. BANKRUPTCY JUDGE

25

2

1

2    HEARING re Motion of CHL for Relief from Automatic Stay Under

3    Section 362 of the Bankruptcy Code With Respect to Real

4    Property Located at 13998 Jana Circle, Seaford, DE 19973

5

6    HEARING re Motion of Saxon Mortgage Services, Inc. for Relief

7    from Automatic Stay Under Section 362 of the Bankruptcy Code

8    With Respect to Real Property Located at 844 N. Lawndale,

9    Chicago, IL 60651

10

11    HEARING re Motion of HSBC Bank USA, National Association, as

12    Trustee for the Holders of Deutsche ALT-A Securities Mortgage

13    Loan Trust, Series 2007-AR3 Mortgage Pass-Through Certificates

14    for Relief from Automatic Stay Under Section 362 of the

15    Bankruptcy Code With Respect to Real Property Located at 2

16    Laurel Lane, Prospect, CT 06712

17

18    HEARING re Motion of Bank of New York as Trustee for the

19    Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-OC2

20    for Relief from Automatic Stay Under Section 362 of the

21    Bankruptcy Code With Respect to Real Property Located at 17618

22    Lindstrom Ct., Gaithersburg, MD 20877

23

24

25

3

1

2    HEARING re Motion of HSBC Bank USA, National Association, as

3    Trustee for the Holders of the Certificates Issued by Deutsche

4    ALT-A Securities Mortgage Loan Trust, Series 2007-AR1 for

5    Relief from Automatic Stay Under Section 362 of the Bankruptcy

6    Code With Respect to Real Property Located at 1727 Palmetto

7    Avenue, Deland, FL

8

9    HEARING re Motion of Deutsche Bank National Trust Company, as

10    Trustee, on Behalf of BCAP LLC Trust 2007-AA3 for Relief from

11    Automatic Stay Under Section 362 of the Bankruptcy Code With

12    Respect to Real Property Located at 8716 Lords View Loop,

13    Gainesville, VA 20155

14

15    HEARING re Motion of Bank of New York as Trustee for the

16    Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-J1

17    Mortgage Pass-Through Certificates, Series 2006-J1 for Relief

18    from Automatic Stay Under Section 362 of the Bankruptcy Code

19    With Respect to Real Property Located at 28 Shinar Mountain

20    Road, Washington, CT 06794

21

22

23

24

25

4

1

2    HEARING re Motion of Bank of New York as Trustee for the

3    Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-J1

4    Mortgage Pass-Through Certificates, Series 2006-J1 for Relief

5    from Automatic Stay Under Section 362 of the Bankruptcy Code

6    With Respect to Real Property Located at 42674 Cedar Ridge

7    Boulevard, Chantilly, VA 20152

8

9    HEARING re Motion of HSBC Bank USA, National Association, as

10   Trustee for the Holders of the Certificates Issued by Deutsche

11   ALT-A Securities, Mortgage Loan Trust, Series 2007-AR1 for

12   Relief from Automatic Stay Under Section 362 of the Bankruptcy

13   Code With Respect to Real Property Located at 263-267 Salem

14   Street, Bridgeport, CT 06606

15

16   HEARING re Motion of Countrywide Home Loans, Inc. for the

17   Benefit of Home Federal Bank for Relief from Automatic Stay

18   under Section 362 of the Bankruptcy Code with Respect to Real

19   Property Located at Banfil Street, Saint Paul, MN 55106

20

21   HEARING re Motion of CHL for Relief from Automatic Stay Under

22   Section 362 of the Bankruptcy Code With Respect to Real

23   Property Located at 184 Clinton Street, E. Patchogue, NY 11772

24

25

5

1

2    HEARING re Motion of Bank of New York as Trustee for the

3    Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-J1

4    Mortgage Pass-Through Certificates, Series 2006-J1 for Relief

5    from Automatic Stay Under Section 362 of the Bankruptcy Code

6    With Respect to Real Property Located at 13831 Beckwith Drive,

7    Houston, TX 77014

8

9    HEARING re Motion of CHL for Relief from Automatic Stay Under

10   Section 362 of the Bankruptcy Code With Respect to Real

11   Property Located at 1411 South Jackson Street, Green Bay, WI

12   54301

13

14   HEARING re Motion of Bank of New York as Trustee for the

15   Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-OC3

16   Mortgage Pass-Through Certificates, Series 2006-OC3 for Relief

17   from Automatic Stay Under Section 362 of the Bankruptcy Code

18   With Respect to Real Property Located at 8308 S. Green Street,

19   Chicago, IL 60620

20

21

22

23

24

25

6

1

2    HEARING re Motion of Bank of New York as Trustee for the

3    Certificate Holders CWMBS, Inc. CHL Mortgage Pass-Through Trust

4    2006-HYB1 Mortgage Pass-Through Certificates, Series 2006-HYB1

5    for Relief from Automatic Stay Under Section 362 of the

6    Bankruptcy Code With Respect to Real Property Located at 4640

7    Prince Street, Downers Grove, IL 60515

8

9    HEARING re Motion of Bank of New York as Trustee for the

10    Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-OC3

11    Mortgage Pass-Through Certificates, Series 2006-OC3 for Relief

12    from Automatic Stay Under Section 362 of the Bankruptcy Code

13    With Respect to Real Property Located at 54-56 Lynch,

14    Providence, RI 02908

15

16    HEARING re Motion of Bank of New York as Trustee for the

17    Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-OC3

18    Mortgage Pass-Through Certificates, Series 2006-OC3 for Relief

19    from Automatic Stay Under Section 362 of the Bankruptcy Code

20    With Respect to Real Property Located at 3160 Allen Road,

21    Oceola Township, MI 48855

22

23

24

25

7

1

2  HEARING re Motion of HSBC Bank USA, National Association, as

3  Trustee for the Holders of Deutsche Alt-A Securities Mortgage

4  Loan Trust, Series 2007-AR3 Mortgage Pass-Through Certificates

5  for Relief from Automatic Stay Under Section 362 of the

6  Bankruptcy Code With Respect to Real Property Located at 24118

7  Bobcat Road, Astor FL 32102

8

9  HEARING re Motion of Bank of New York as Indenture Trustee for

10  the CWALT, Inc. GSC Alternative Loan Trust Notes, Series 2006-2

11  for Relief from Automatic Stay Under Section 362 of the

12  Bankruptcy Code With Respect to Real Property Located at 3545

13  Ewell Street, Annandale, VA 22003

14

15  HEARING re Motion of HSBC Bank USA, National Association, as

16  Trustee for the Holders of the Certificates Issued by Deutsche

17  Alt-A Securities, Mortgage Loan Trust, Series 2007-AR1 for

18  Relief from Automatic Stay Under Section 362 of the Bankruptcy

19  Code With Respect to Real Property Located at 114-116 James

20  Street, Bridgeport, CT 06606

21

22

23

24

25

8

1

2      HEARING re Motion of LaSalle Bank NA, as Trustee for Washington

3      Mutual Mortgage Pass-Through Certificates WMALT Series 2006-6

4      Trust for Relief from Automatic Stay Under Section 362 of the

5      Bankruptcy Code With Respect to Real Property Located at 11918

6      Lafayette Drive, Silver Spring, MD 20902

7

8      HEARING re Motion of LaSalle Bank NA, as Trustee for Washington

9      Mutual Mortgage Pass-Through Certificates WMALT Series 2006-5

10     Trust for Relief from Automatic Stay Under Section 362 of the

11     Bankruptcy Code With Respect to Real Property Located at 1985

12     Southern Blvd., Bronx, NY 10460

13

14     HEARING re Motion of Washington Mutual Bank for Relief from

15     Automatic Stay Under Section 362 of the Bankruptcy Code With

16     Respect to Real Property Located at 7401 Pulteney Drive, Wesley

17     Chapel, FL 33544

18

19     HEARING re Motion of Washington Mutual Bank for Relief from

20     Automatic Stay Under Section 362 of the Bankruptcy Code With

21     Respect to Real Property Located at 109-42 133rd Street, South

22     Ozone Park, NY 11420

23

24

25

9

1

2    HEARING re Motion of LaSalle Bank NA, as Trustee for Washington

3    Mutual Mortgage Pass-Through Certificates WMALT Series 2006-6

4    Trust for Relief from Automatic Stay Under Section 362 of the

5    Bankruptcy Code With Respect to Real Property Located at 13334

6    Little Gem Circle, Fort Myers, FL 33913

7

8    HEARING re Motion of Washington Mutual Bank for Relief from

9    Automatic Stay Under Section 362 of the Bankruptcy Code With

10   Respect to Real Property Located at 17-19 Fort Hill Avenue,

11   Lowell, MA 01854

12

13   HEARING re Motion of LaSalle Bank NA, as Trustee for Washington

14   Mutual Mortgage Pass-Through Certificates WMALT Series for

15   Relief from Automatic Stay Under Section 362 of the Bankruptcy

16   Code With Respect to Real Property Located at 14560 Piedmont

17   Street, Detroit, MI 48223

18

19   HEARING re Motion of LaSalle Bank NA, as Trustee for Washington

20   Mutual Mortgage Pass-Through Certificates WMALT Series 2006-5

21   Trust for Relief from Automatic Stay Under Section 362 of the

22   Bankruptcy Code With Respect to Real Property Located at 2468

23   Longstreet, Wyoming, MI 49509

24

25

10

1

2   HEARING re Motion of South Point, Inc. for Relief from

3   Automatic Stay Under Section 362 of the Bankruptcy Code With

4   Respect to Real Property Located at 705 Washington Street,

5   Boston, MA 02111

6

7   HEARING re Motion of Bank of New York Trust Company, N.A., as

8   Successor to JPMorgan Chase Bank N.A. as Trustee for Relief

9   from Automatic Stay Under Section 362 of the Bankruptcy Code

10  With Respect to Real Property Located at 317 Horsepound Road,

11  Carmel, NY 10512

12

13  HEARING re Debtors' Fourth Omnibus (Non-Substantive) Objection

14  to Claims Pursuant to Section 502(b) of the Bankruptcy Code,

15  Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1

16

17  HEARING re Debtors' Motion for an Order, Pursuant to Sections

18  105(a) and 365 of the Bankruptcy Code and the Sale Order

19  (i)Approving the Form of Notice and Authorizing Debtors to File

20  a Notice of Proposed Purchaser's Cure Amounts; and

21  (ii)Establishing a Bar Date for Filing Objections to the

22  Proposed Purchaser's Cure Amounts

23

24

25  Transcribed by:  Lisa Bar-Leib

1

2   A P P E A R A N C E S :

3   YOUNG CONAWAY STARGATT & TAYLOR, LLP

4        Attorneys for Debtors

5        The Brandywine Building

6        1000 West Street

7        17th Floor

8        Wilmington, DE 19801

9

10   BY:   SEAN M. BEACH, ESQ.

11        NATHAN D. GROW, ESQ.

12

13   BLANK ROME LLP

14        Attorneys for Official Committee of Unsecured Creditors

15        1201 Market Street

16        Suite 800

17        Wilmington, DE 19801

18

19   BY:   DAVID W. CARICKHOFF, ESQ.

20

21

22

23

24

25

12

1

2    HAHN & HESSEN LLP

3         Attorneys for Official Committee of Unsecured Creditors

4         488 Madison Avenue

5         New York, NY 10022

6

7    BY:   MARK S. INDELICATO, ESQ.

8         (TELEPHONICALLY)

9

10   KANOWSKY & ASSOCIATES

11        Attorneys for Vericomm

12        26650 The Old Road

13        Suite 213

14        Valencia, CA 91387

15

16   BY:   CARL KANOWSKY, ESQ.

17        (TELEPHONICALLY)

18

19   POTTER ANDERSON & CORROON LLP

20        Attorneys for Bank of America

21        Hercules Plaza

22        1313 North Market Street

23        Wilmington, DE 19801

24

25   BY:   LAURIE SELBER SILVERSTEIN, ESQ.

13

1

2    GREENBERG TRAURIG, LLP

3          Attorneys for AIG Mortgage Acquisition

4          The Nemours Building

5          1007 North Orange Street

6          Suite 1200

7          Wilmington, DE 19801

8

9    BY:   VICTORIA W. COUNIHAN, ESQ.

10

11   UNITED STATES DEPARTMENT OF JUSTICE

12          Office of the U.S. Trustee

13          J. Caleb Boggs Federal Building

14          844 Kings Street

15          Suite 2207

16          Wilmington, DE 19801

17

18   BY:   JOSEPH J. MCMAHON, JR.

19

20

21

22

23

24

25

14

1                    P R O C E E D I N G S

2           THE CLERK:  All rise.

3           THE COURT:  Please be seated.  Good morning.

4           MR. INDELICATO (TELEPHONICALLY):  Good morning.

5           MR. GROW:  Good morning, Your Honor.  Nathan Grow of

6     Young Conaway Stargatt & Taylor on behalf of the debtors.  Your

7     Honor, referring to the notice of agenda that was filed in this

8     hearing, matters 1 through 10 have been adjourned.

9     Certificates of No Objection were filed and orders have been

10    entered with respect to matters 11 through 13.  Certificate of

11    Counsel has been filed with respect to matters 14 through 44.

12          THE COURT:  I don't have that.  I don't know who

13    filed it.  I mean, obviously it wasn't the debtors; it's not

14    their motion.  But nobody ever sent it over.

15          MR. GROW:  Okay, Your Honor.  Well --

16          THE COURT:  Here?  Move in here?  Let me see.  Just

17    give me a minute.  You have a docket item number?

18          MR. GROW:  The number I was told was 3989 but I'm not

19    sure.  Maybe that's something else.

20          THE COURT:  Oh, that's Mr. Hiller.  All right.  Looks

21    like he filed it Friday.  All right.  Well, I don't have them.

22    So the matter will be continued.  When's the next hearing date?

23          MR. GROW:  I believe it's the 28th.

24          THE COURT:  All right.  I'll continue all those

25    matters to May 28th unless I actually receive the Certification

1   of Counsel.

2          MR. GROW:  Okay, Your Honor.  Certificate of Counsel

3   and a revised order has also been filed with respect to item

4   number 46.  So the --

5          THE COURT:  I don't have that either.

6          MR. GROW:  You don't have that either?

7          THE COURT:  No.  You guys sending stuff over?

8          MR. GROW:  I believe that's docket number 4003.

9          MR. BEACH:  Good morning, Your Honor.

10         THE COURT:  Good morning.

11         MR. BEACH:  Sean Beach from Young Conaway on behalf

12  of the debtors.  Your Honor, I'm not sure what happened as far

13  as getting the Certification of Counsel over.  I know that it

14  was filed on Friday and I do apologize for Your Honor not

15  having it.  I can tell you just briefly that some of the

16  changes that were made were with respect to some of the

17  securitization trust, extending the bar date for those

18  creditors by about five weeks.  So the corresponding changes

19  were made to the order.  Your Honor, we would ask -- I can show

20  you a blackline that I have in my binder so that you can see

21  what the changes are and hopefully, when you do get a hold of

22  the Certification of Counsel, we can get that order signed so

23  that the bar date notice can go out.  Would you mind if I

24  approach with that blackline?

25         THE COURT:  No.  I don't mind.  Thank you.

1      MR. BEACH:  Your Honor, the parties that had

2  requested the extension, my understanding was that it was just

3  too short of a time frame for them to be able to meet the

4  deadline for June 30th so all they would be able to do by that

5  point would be to file a protective proof of claim.  And all

6  the parties felt that it was better if we could extend the bar

7  date for them so that we can get a full proof of claim rather

8  than just a protective claim that we'd have to deal with

9  separately anyway.

10      THE COURT:  You have a clean version?

11      MR. BEACH:  Your Honor, I don't have a copy with me

12  in the courtroom.

13      THE COURT:  All right.  Ms. Counihan?

14      MR. BEACH:  Ms. Counihan seems to have one.

15      MS. COUNIHAN:  Your Honor, if I can approach, I do

16  have a clean copy.

17      THE COURT:  Yes.

18      MR. BEACH:  Actually, Your Honor, in the

19  Certification of Counsel that I gave you, there probably is a

20  clean copy in that.  I don't believe that the bar date notice

21  was attached to that clean copy though.

22      THE COURT:  Thank you.  Sorry, I got it.  Hang on.

23  Let's figure this out.  Is there supposed to be an exhibit to

24  this order?

25      MR. BEACH:  Your Honor, there is supposed to be an

1    exhibit.  I noticed in reviewing it this morning that it didn't

2    appear to be attached to the Certification of Counsel.  We can

3    submit the --

4              THE COURT:  Yeah.  Let's start over.

5              MR. BEACH:  -- revised version later today.

6              THE COURT:  Send over a complete version.

7              MR. BEACH:  All right.  I apologize for the

8    confusion, Your Honor.

9              THE COURT:  All right.

10             MR. BEACH:  I'll find out what happened with respect

11   to the other Certifications of Counsel as well, the 14 through

12   44, although Mr. Hiller, I believe, usually submits those

13   directly to chambers.

14             THE COURT:  Hang on for a moment.  Well, you're

15   certainly not responsible for submitting orders in someone

16   else's motion.  I mean, it needs to be in your agenda to the

17   extent you have one.

18             MR. BEACH:  Right.

19             THE COURT:  And, you know, things fall through the

20   cracks.  I just -- if I don't have it, I can't sign it.

21             MR. BEACH:  I appreciate that, Your Honor.  Thank

22   you.  So we will, on this last agenda item, number 46, we will

23   submit a revised Certification of Counsel which attaches the

24   exhibit, the order.  It'll have the same blackline that Your

25   Honor just reviewed.

1          THE COURT:  All right.  Well, I'll, subject to

2     looking at the final version of the order, but if it's

3     consistent with what I just read, the Court will approve the

4     order.

5          MR. BEACH:  Thank you, Your Honor.  Which leaves us,

6     I believe, with one agenda item.  That's number 45 and I'd like

7     to cede the podium to my colleague, Nathan Grow.

8          THE COURT:  Um-hmm.  Mr. Grow?

9          MR. GROW:  Okay.  Item 45 on the agenda is the fourth

10     omnibus non-substantive objection to claims.  The debtors are

11     in the process of evaluating the more than 10,000 proofs of

12     claim that have been filed in these cases.  The debtors filed

13     this objection after examining their books and records in the

14     claims register and identifying a number of objectionable

15     claims.  Through the objection, the debtors have requested that

16     the Court enter an order disallowing in full and expunging

17     certain disputed claims or reassigning them to different case

18     numbers.  These disputed claims are divided into five

19     categories and listed in Exhibit A through E to the proposed

20     form of order.  For the convenience of the Court, I will

21     briefly describe each category of claims included in the

22     objection.

23          THE COURT:  Thank you.

24          MR. GROW:  Exhibit A is comprised of claims that are

25     duplicative of previously filed claims.  The claimants

1  asserting these duplicative claims are permitted to recover on

2  these claims.  They will receive an unwarranted double

3  recovery.  Exhibit B is comprised of claims that have been

4  amended and superseded by subsequently filed claims.  These

5  claimants are allowed to recover for these claims, would also

6  receive a double recovery.  Exhibit C is comprised of claims

7  that were filed on account of equity interests.  The debtors at

8  this time do not take any position as to the validity of the

9  equity interests.  However, as an equity interest, it's not a

10  valid basis for a claim.  The debtors requested these claims

11  filed on account of these equity interests be expunged.

12       THE COURT:  Was there any indication in connection

13  with any of the equity interest claims, any sort of added

14  narrative or anything that would indicate there was some sort

15  of claim for a derivative or non-derivative action as opposed

16  to simply asserting an equity interest?

17       MR. GROW:  No, Your Honor.  We've reviewed all of

18  these claims and they all assert simply equity interest, stock,

19  something to that extent.

20       THE COURT:  Very good.  All right.

21       MR. GROW:  Nothing in addition.

22       THE COURT:  Thank you.

23       MR. GROW:  Okay.  Exhibit D is comprised of claims

24  that were filed against the wrong debtor or, in some instances,

25  these claims were asserted where the claimants did not list any

1   debtor at all.  After review of their books and records, the

2   debtors have determined the appropriate debtors against whom

3   these claims should have been filed.  And accordingly, the

4   debtors request that these wrong debtor claims be reassigned to

5   the new case numbers listed in Exhibit B.  Exhibit E is

6   comprised of claims that the debtors have satisfied post-

7   petition in accordance with the Bankruptcy Code applicable

8   rules or an order of this Court.  If the parties asserting

9   these satisfied claims are permitted to recover on these

10  claims, they will receive an unwarranted double recovery.

11          So we've received several responses in connection

12  with this objection.  There are two responses that didn't make

13  it onto the docket or the agenda as we received them just on

14  Friday.  I have copies of those if you want to see them.  May I

15  approach?

16          THE COURT:  Yes, please.

17          MR. GROW:  And at the same, I'll give you a revised

18  form of order.  We have one claim that we'd like to adjourn and

19  an exhibit that reflects that.

20          THE COURT:  All right.  Thank you.  Thanks very much.

21          MR. GROW:  The majority of the responses, twenty-one

22  of them, were filed by claimants who had asserted claims on

23  account of their equity interests.  And none of these responses

24  offer any valid arguments to suggest that the claims should not

25  be expunged.

1          To the extent that any of these responses include

2    claims or accusations based on something other than an asserted

3    equity interest, the debtors submit that these additional

4    claims or accusations be disregarded because they were not

5    included in the proofs of claim.

6          THE COURT:  Okay.

7          MR. GROW:  All the proofs of claim and Exhibit C were

8    filed only on the basis of an equity interest.  In the response

9    labeled T on the agenda --

10          THE COURT:  Okay.

11          MR. GROW:  -- filed by Leslie Crowley, Leslie Crowley

12    requested that no order be entered on the objection to his

13    claim until he can have an attorney review his case.  We've

14    reached out to Mr. Crowley to see if he's had time to contact

15    an attorney but we haven't been able to get in contact with

16    him.  Therefore, we ask that the objection be adjourned with

17    respect to his claim.

18          THE COURT:  Okay.

19          MR. GROW:  And the revised proposed form of order

20    that I handed up --

21          THE COURT:  He's not there.

22          MR. GROW:  -- the flag marks where his --

23          THE COURT:  Right.

24          MR. GROW:  -- claim has been taken out of Exhibit C.

25          THE COURT:  Very good.

1    MR. GROW:  There was one response filed by Mitcheal

2  Carpenter whose claim we objected to in Exhibit D of the

3  objection as a wrong debtor claim.  Mr. Carpenter failed to

4  identify which debtor his claim should be against in his

5  objection.

6         THE COURT:  Which --

7         MR. GROW:  He claims --

8         THE COURT:  Which number or letter is that, do you

9  know?

10         MR. GROW:  O.  Letter O on the agenda.

11         THE COURT:  O.  Okay.  Thank you.

12         MR. GROW:  Mr. Carpenter, in his response, says that

13  any fault in his proof of claim was the debtors' fault as the

14  debtors provided him with the form for the proof of claim.  But

15  there is a space in the form for the claimant to enter in a

16  case number and the name of the appropriate debtor.

17         THE COURT:  You're reassigning his claim, though,

18  right?  You're not expunging it?

19         MR. GROW:  Reassigning, right.

20         THE COURT:  Very good.

21         MR. GROW:  Okay.  And then to address the two new

22  responses that Your Honor, I suppose, is seeing for the first

23  time that we received on Friday --

24         THE COURT:  Um-hmm.

25         MR. GROW:  -- one is filed by an equity claimant and

1    offers no substantive argument.

2              THE COURT:  Is that Karen Case?

3              MR. GROW:  That's right.

4              THE COURT:  All right.

5              MR. GROW:  The other one is a notice of filing of an

6    amended proof of claim that was submitted to Epiq by Vericomm.

7    It hasn't been docketed.  Our objection to Vericomm's claim was

8    that it was asserted against the wrong debtor.  We propose that

9    it be assigned to 07-11051.  Their notice says that they filed

10   an amended claim.  That amended claim asserts their claim

11   against the same debtor, 07-11051.

12             THE COURT:  All right.

13             MR. GROW:  So including in this --

14             THE COURT:  So you're reassigning it and then at a

15   later date you'll probably move to expunge the original one --

16             MR. GROW:  That's right.

17             THE COURT:  -- 'cause this is an amended and

18   supersedes it.  But this order doesn't do that?

19             MR. GROW:  That's right.

20             THE COURT:  Okay.  Very good.

21             MR. GROW:  Okay.  Unless Your Honor has any other

22   further questions --

23             THE COURT:  No, I do not.  Does anyone wish to be

24   heard in connection with the omnibus claim objections?  Well,

25   this is again a non-substantive claim objection.  And based on

24

1   the declarations filed with it, the representations of counsel,

2   I'll approve it as modified and overrule any objections.

3           MR. GROW:  Okay.  I think we've reached the end of

4   our agenda.

5           THE COURT:  Okay.  I'll look for a Certification of

6   Counsel from Mr. Hiller.  If and when it arrives, I'll consider

7   it.  If it does not, all those matters will be continued to May

8   28th.  If I sign the orders, they don't need to be reflected on

9   the agenda.  And I'll await the Certification of Counsel in

10  connection with item 46 with the order with the proper exhibit.

11          MR. GROW:  Thank you, Your Honor.

12          THE COURT:  You're welcome.  Everybody have a

13  pleasant day.  Thank you very much.

14          MR. BEACH:  Thank you.

15           (Whereupon these proceedings were concluded at 10:26

16  a.m.)

17

18

19

20

21

22

23

24

25

25

1

2                              **I N D E X**

3

4                            **R U L I N G S**

5     DESCRIPTION                                      PAGE    LINE

6     Debtors' non-substantive fourth omnibus claim      24      2

7     objection granted

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2                    C E R T I F I C A T I O N

3

4     I, Lisa Bar-Leib, court-approved transcriber, certify that the

5     foregoing is a correct transcript from the official electronic

6     sound recording of the proceedings in the above-entitled

7     matter.

8

9     _____        June 4, 2008

10    Signature of Transcriber                 Date

11

12    Lisa Bar-Leib

13    typed or printed name

14

15

16

17

18

19

20

21

22

23

24

25