# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, *et al.*, | : Case No. 07-11047 (CSS) |
| | : |
| | : Jointly Administered |
| Debtors. | : Related to Doc. No. 4028 |
| | : |
| | : **Obj'n Deadline: June 4, 2008 at 4:00 p.m.** |
| | : **Hearing Date: June 11, 2008 at 10:00 a.m**. |

---------------------------------------------------------------------x

**RESPONSE OF U.S. BANK NATIONAL ASSOCIATION, IN ITS CAPACITY AS TRUSTEE, TO DEBTORS' SEVENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1**

U.S. Bank National Association, in its capacity as Trustee ("U.S. Bank"), by and through its undersigned counsel, files this Response to the Debtors' Seventh Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "Claim Objection"), and states as follows:

## BACKGROUND

1.  U.S. Bank is the indenture trustee or trustee in connection with various mortgage loan securitization trusts including, without limitation, the following trusts for which American Home Mortgage Servicing, Inc. (the "Debtor") is the servicer: American Home Mortgage Investment Trust Series 2005-4C; GSR Mortgage Loan Trust 2006-AR1; GSAA Home Equity Trust 2006-6; Bear Stearns Asset Backed Securities I Trust 2006-AC4; J.P. Morgan Alternative Loan Trust 2006-A3; MASTR Adjustable Rate Mortgage Trust 2006-0A2; MASTR Adjustable Rate Mortgage Trust 2007-3; MASTR Adjustable Rate Mortgage Trust 2007-1; Bear Stearns Asset Backed Securities

I Trust 2007-AC1; MASTR Asset Securitization Trust 2006-2; and MASTR Adjustable Rate Mortgage Trust 2006-OA1 (collectively, the "Trusts").

2.  On January 11, 2008, in connection with the Trusts, U.S. Bank filed eleven (11) proofs of claim against the Debtor, to which the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, assigned claim numbers 8586; 8588; 8589; 8590; 8591; 8592; 8593; 8594; 8595; 8597; and 8598 (the "Trust Claims").[1]  Each of the Trust Claims were filed in identical amounts of no less than $1,109,892.27, plus "Additional Claim Amounts" (as defined in theTrust Claims) for unliquidated or contingent damages.  The Trust Claims represent, inter alia, amounts owing to U.S. Bank by each of the Trusts which claims are in turn owed by the Debtor in connection with the Debtor's transfer of its mortgage servicing rights, including claims for (1) the Debtor's Indemnification Obligations (as defined in the Trust Claims) to U.S. Bank, in its capacity as trustee of each of the Trusts; (2) U.S. Bank's fees and expenses, including its attorneys' fees, in its capacity as trustee of each of the Trusts; (3) Transfer Costs (as defined in the Trust Claims); and (4) certain damages accruing to the Trusts and/or U.S. Bank, in its capacity as trustee.

3.  By their Claim Objection, the Debtors seek disallowance of 10 of the 11 Trust Claims (the "Disallowed Claims"), on the basis that the Disallowed Claims duplicate claim number 8598 (the "Surviving Claim").  More particularly, the Debtors allege that the filing of the duplicate claims "appears to be a function of claimants filing multiple Proof of Claim forms on account of a single claim or filing the same claim with multiple parties. . . ."  Claim Objection, ¶ 9.

---

[1]  On or about January 11, 2008, U.S. Bank filed additional proofs of claim against the Debtors which claims are not the subject of the Claim Objection and, therefore, are not addressed in this Response.

**DISCUSSION**

4. The Bankruptcy Code creates a "burden-shifting framework" in connection with claim objections. *Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004).

5. In accordance with Fed. R. Bankr. P. 3001(f), "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001 (f); *see* 11 U.S.C. § 502(a) (deeming a claim allowed unless a party in interest objects to the claim); *In re Mid-Amer. Waste Sys., Inc.*, 284 B.R. 53, 69 n.23 (Bankr. D. Del. 2002) ("Fed. R. Bankr. P. 3001(f) creates a presumption in favor of validity of a claimant's proof of claim.").

6. If a court determines a proof of claim is *prima facie* evidence of its validity, the burden shifts to the debtor to "go[ ] forward with evidence supporting the objection." *Wilson v. Broadband Wireless Int'l Corp. (In re Broadband Wireless Int'l Corp.)*, 295 B.R. 140, 145 (B.A.P. 10th Cir. 2003) (citation omitted). This evidence must be "of probative force equal to that of the allegations contained in the proof of claim." *Id.* (citation omitted); *see also Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (stating that an objecting party must produce evidence "tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves") (citation omitted).

7. Only if the objecting party "overcomes the prima facie validity of the claim" does the burden shift again to the claimant to "prove its claim by a preponderance of the evidence." *In re Pinnacle Brands, Inc.*, 259 B.R. 46, 50 (Bankr. D. Del. 2001) (citation omitted).

8. Merely filing a claim objection is insufficient to "deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence*." *Juniper Dev. Group v.*

*Kahn (In re Hemingway Transport, Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993) (emphasis in the original); *In re Holm,* 931 F.2d at 623 (noting that a proof of claim "is some evidence as to its validity and amount . . . [and] is strong enough to carry over a mere formal objection without more") (citation omitted).

### The Trust Claims Are Not Duplicate Claims

9.  The Debtors state that "only one claim should be allowed for each claimant." Claim Objection, ¶ 9. But contrary to the Debtors' statement in the Claim Objection, the Trust Claims are not duplicative claims but, rather, separate claims properly filed against the Debtor in connection with each of the Trusts as separate and distinct legal entities. Because the Trust Claims represent the claims of 11 *different* claimants, they are not duplicate claims and each one should be allowed.

10.  The separateness of the Trust Claims is evidenced by the fact that each of the Trusts has distinct claims against the Debtor, which claims necessarily will vary depending on the underlying pool of mortgages and the underlying documentation of each of the Trusts. By way of example, and as described in the Trust Claims, the Debtor has certain indemnification obligations to U.S. Bank, in its capacity as trustee, in connection with the Trusts, including obligations arising from litigation relating to the Trusts, and the improper assignment of mortgage loans to the Trusts. Because such indemnification obligations are Trust-specific, each of the Trust Claims encompasses, and properly constitutes, individual claims. As such, the Debtors' proposed disallowance of 10 of the 11 Trust Claims is improper.

11.  In addition, as pertaining to U.S. Bank's fees and expenses, including its attorneys' fees, and as set forth in each of the Trust Claims, "each AHM Trust remains liable for the entire . . . claim." Trust Claims, ¶ 15. Through each of the Trust Claims, U.S. Bank does not seek to recover *more than* the full amount of its fees and expenses. Nevertheless, to the extent of any

deficiency in the full payment of its fees and expenses, U.S. Bank would be entitled, and does seek, to recover the balance from any or all of the Trusts. Thus, while U.S. Bank does not seek a multiple recovery from the Debtor's estate, U.S. Bank is entitled to seek recovery from each of the Trusts. In turn, each of the Trusts is entitled to seek a separate and distinct recovery from the Debtor on account of such claim in order to satisfy such Trust's independent obligation owed to U.S. Bank.

12. Apart from a bare assertion that the Disallowed Claims "are duplicative of the previously-filed" Surviving Claim (Claim Objection, ¶ 9), the Debtors offer no substantive evidence for their conclusion and the proposed disallowance of all but one of the Trust Claims. Instead, the Debtors appear simply to have taken note of the multiple Trust Claims (and, possibly, the fact that the Trust Claims were each filed in identical amounts), and to have presumed, erroneously, that such claims are "a function of [U.S. Bank] filing multiple Proof of Claim forms on account of a single claim. . . ." *Id.*

13. Accordingly, for the foregoing reasons, the Debtors have not satisfied their "initial burden of presenting sufficient evidence to overcome the presumed validity and amount" of the Trust Claims, and the Claim Objection should be overruled. *In re Planet Hollywood Int'l*, 274 B.R. 391, 394 (Bankr. D. Del. 2001).

**The Proposed Order Permits the Disallowance of the Disallowed Claims *and* the Surviving Claim**

14. Finally, the proposed order contains language disallowing and expunging the "Disputed Claims" identified on the exhibits attached to the Claim Objection. But as defined in the Claim Objection, "Disputed Claims" refer to "*each* of the claims and interests" listed on Exhibits A, B, C and D to the proposed form of order. . . ." Claim Objection, p.1 (emphasis added). Thus, as presently worded, the proposed order impermissibly encompasses both the Disallowed Claims and the Surviving Claim.

WHEREFORE, for the foregoing reasons, and such additional reasons as may be raised in a supplemental response and/or at the hearing on the Claim Objection, U.S. Bank requests that the Claim Objection be overruled.

Dated: June 4, 2008

**DORSEY & WHITNEY (DELAWARE) LLP**

By  /s/ Robert W. Mallard
Eric Lopez Schnabel (Del No. 3672)
Robert W. Mallard (Del No. 4279)
1105 North Market Street, 16th Floor
Wilmington, DE  19801
Telephone: (302) 425-7162


**DORSEY & WHITNEY LLP**
Charles Sawyer (MN #140351)
Katherine A. Constantine (MN #123341)
Monica Clark (MN #28211X)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600

Attorneys for U.S. Bank National Association, in its capacity as Trustee