IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | Doc. Ref. No. 4063 |

**NOTICE OF FILING OF EXHIBIT A TO AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL REIMER, LORBER & ARNOVITZ CO., L.P.A.**

PLEASE TAKE NOTICE that on May 15, 2008, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), filed their *Notice of Filing of Affidavit of Ordinary Course Professional Reimer, Lorber & Arnovitz, Co., L.P.A.* [Docket No. 4063] (the "Affidavit"). The Affidavit was erroneously filed without Exhibit A. The Affidavit was served with Exhibit A attached.

PLEASE TAKE FURTHER NOTICE that attached hereto is a Exhibit A to the Affidavit.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>June 4, 2008 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>/s/ Ryan M. Bartley<br>James L. Patton, Jr. (No. 2202)<br>Joel A. Waite (No. 2925)<br>Pauline K. Morgan (No. 3650)<br>Sean M. Beach (No. 4070)<br>Matthew B. Lunn (No. 4119)<br>Ryan M. Bartley (No. 4985)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>Counsel for Debtors and<br>Debtors in Possession |

EXHIBIT A

RETENTION AFFIDAVIT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :   Jointly Administered
                              Debtors.                           :
                                                                 :   Doc. Ref. Nos: 192 & 643
---------------------------------------------------------------- x

### AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF OHIO        )
                     )  ss:
COUNTY OF SUMMIT     )

        _____Dennis Reimer_____, being duly sworn, deposes and says:

    1.    I am the _____President_____ of _____Reimer, Lorber & Arnovitz Co., L.P.A._____ (the "Firm"), which maintains offices at _____2450 Edison Blvd., Twinsburg, Ohio 44087_____.

    2.    This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about September 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors")

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

<!-- Formatted: Font: 8 pt -->

DB02:6214345.1                                                                 066585.1001

to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3. Prior to the filing of the petitions which initiated the above-captioned cases, the Firm has represented and advised the Debtors as _____Foreclosure Counsel_____. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates, subject to change from time to time, are _____those outlined in the Fannie Mae billing guidelines_____. In the normal course of its business, the Firm revises its billing rates _____when the Fannie Mae billing guidelines are amended or revised_____ and requests that, effective _____upon any amendment or revision to the Fannie Mae billing guidelines_____, the aforementioned rates be revised to the new rates which will be in effect at that time.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections:

> The Firm represents certain entities listed as creditors in the Debtor's bankruptcy case as foreclosure counsel, providing foreclosure, bankruptcy and eviction services in the State of Ohio. Said representation is entirely unrelated to the Debtors, and is not adverse to the Debtor's interests, or the interests of their creditors or estates with respect to the matters for which the Firm will be engaged, nor will such services impair the Firm's ability to represent the Debtors in the ordinary course in these cases.

*Formatted: Font: 8 pt*

DB02:6214345.1                                                                                     066585.1001

6. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

8. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9. Prior to the filing of the above-captioned cases, the Firm __was__ employed by the Debtors. The Debtors owe the Firm __$7,311.00__ for prepetition services. If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm will not waive the pre-petition claim.

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should

Formatted: Font: 8 pt

discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

11. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 16, 2008

_____
Affiant

Sworn to and subscribed before me
this 16th day of April, 2008
_____
Notary Public

Edward A. Bailey, Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration Date
(Recorded in Lake County)

Formatted: Font: 8 pt

DB02:6214345.1                                                              066585.1001