# EXHIBIT "A"

Doc No: 00174744
Book: 8577  Page: 131

## MORTGAGE

THIS MORTGAGE is made this 6th day of March, 2007, between the Mortgagor,
Ramona M. Blanco, Geraldo Almonte

437 Praire Ave, Providence, RI 02907

MIN 100024200016544245

(herein "Borrower"), whose address is

and the Mortgagee,
Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O.Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
American Brokers Conduit

("Lender") is organized and existing under the laws of State of New York
and has an address of 538 Broadhollow Road, Melville, NY 11747

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 89,700.00, which indebtedness is evidenced by Borrower's note dated March 6, 2007 and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of indebtedness, if not sooner paid, due and payable on March 1, 2022;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the City/Town of Providence
State of Rhode Island:
See attached legal description

6577/
131

which has the address of 26-28 Trask Street (Street),
Providence [City], Rhode Island 02905 [ZIP Code] (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

RHODE ISLAND - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS
Form 3840
Amended 2/01

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a Court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and Lender may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph including, but not limited to, reasonable attorneys' fees.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in paragraph 12 hereof. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Mortgage or (ii) entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property

#:329772
-789(RI) (0303)

APPL #:0001654624

Doc:No: 00174744
Book: 8577  Page: 133

Initials: AB
CA  Form 3849

and conection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Mortgage, this Mortgage shall become null and void, and Lender shall discharge this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Waiver of Homestead.** If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Mortgage and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Mortgage or the Note, and that said homestead estate is subject to all of the rights of Lender under this Mortgage and the Note and all renewals, extensions and modifications of this Mortgage and the Note, and is subordinate to the lien evidenced by this Mortgage, and all renewals, extensions and modifications of this Mortgage. Furthermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

**REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

_____ (Seal)     _____ (Seal)
Ramona M. Blanco          -Borrower     Geraldo Almonte          -Borrower

_____ (Seal)     _____ (Seal)
                          -Borrower                               -Borrower

_____ (Seal)     _____ (Seal)
                          -Borrower                               -Borrower

_____ (Seal)     _____ (Seal)
                          -Borrower                               -Borrower

(Sign Original Only)

STATE OF RHODE ISLAND,           Providence County ss:

On this 6th day of March, 2007, in Providence in said County, before me personally appeared Ramona M. Blanco, Geraldo Almonte

each and all to me known and known to me to be the person(s) executing the foregoing instrument and acknowledged said execution to be their free act and deed.

_____
Notary Public
Stephen M. Mills
MCE 7/31/09

Doc No: 00174744
Book: 8577  Page: 134

## EXHIBIT "A"

That tract or parcel of land with all buildings and improvements thereon, situated on the southerly side of Trask Street in the City of Providence and State of Rhode Island, bounded and described as follows:

Beginning at a point in the southerly line of Trask Street at the northwesterly corner of the premises herein described and at the northeasterly corner of land now or lately of Frank Aquino and Rose Aquino, said point of beginning being two hundred (200) feet easterly from Plain Street as measured along the southerly line of Trask Street; THENCE: easterly bounding northerly on Trask Street fifty-four and 77/100 (54.77) feet to land now or lately of Marie K. Tucker and Raymond A. Tucker, Jr. THENCE southerly at an interior angle of 90° 22' 20" bounding easterly on said Tucker land, eighty (80) feet to land now or lately of John Ciliberto and wife; THENCE westerly at an interior angle of 89° 37' 40" bounding southerly on Ciliberto fifty-five and 20/100 (55.20) feet to said Aquino land; THENCE northerly at an interior angle of 90° 04' bounding westerly on said Aquino land, eighty (80) feet to Trask Street at the point and place of beginning, the last mentioned course forming an interior angle of 89° 56' with the first mentioned course.

Said parcel comprises all of Lot No. 67 (sixty-seven) and the westerly portion of Lot No. 57 (fifty-seven) on that plat entitled, "The Dower Land of the Estate in Cranston of the Joseph Burgess Estate Surveyed by Atwater & Schubarth for the proprietors April 6, 1848" recorded in the Office of the Recorder of Deeds in said City of Providence in Plat Book 9 at page 7 and (copy) on Plat Card 235.

**PROPERTY ADDRESS:**

26-28 TRASK STREET
PROVIDENCE, RI 02905   Doc No: 00174744
                       Book: 8577  Page: 135

**PLAT:47**
**LOT: 700**

Doc No: 00174744
Book: 8577  Page: 139

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_Ramona M. Blanco_ (Seal)  
Ramona M. Blanco -Borrower

_Geraldo Almonte_ (Seal)  
Geraldo Almonte -Borrower

_____ (Seal)  
-Borrower

_____ (Seal)  
-Borrower

_____ (Seal)  
-Borrower

_____ (Seal)  
-Borrower

_____ (Seal)  
-Borrower

_____ (Seal)  
-Borrower

DOC #:319834  
57R (0008)

APPL #:0001654424  
Page 4 of 4

Form 3170 1/01

RECEIVED:

Providence
Received for Record
Mar 07,2007 at 09:08:32A
Document Num:  00174744
Barbara Troncs
Recorder of Deeds