IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :   Jointly Administered
            Debtors.                                             :
                                                                 :   Ref. Docket No. _____
---------------------------------------------------------------- x

**ORDER, PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, AUTHORIZING THE DEBTORS TO REJECT CERTAIN EMPLOYMENT CONTRACT**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (the "Debtors"), for an order pursuant to sections 105(a) and 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), authorizing the Debtors to reject the Employment Agreements; and the Court being satisfied that the rejection of the Employment Agreements is in the best interests of the Debtors, their estates and creditors and is a proper exercise of the Debtors' business judgment; and due and proper notice of the Motion having been given; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is GRANTED; and it is further

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

ORDERED, that the Debtors are authorized pursuant to 11 U.S.C. § 365(a) to reject the Employment Agreements identified on <u>Exhibit A</u> attached hereto; and it is further

ORDERED, that the Employment Agreements are deemed rejected pursuant to 11 U.S.C. § 365(a) effective as of the Rejection Effective Dates identified on <u>Exhibit A</u> attached hereto; and it is further

ORDERED, that the Rejection Bar Date for filing a Rejection Claim pursuant to this Order is hereby fixed as a date that is thirty (30) days from the date of the entry of this Order. Any holder of a Rejection Claim who fails to timely file a proof of such claim on or before the Rejection Bar Date shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim; and it is further

ORDERED, that nothing herein shall prejudice the rights of the Debtors to argue that any claim for damages arising from the rejection of the Employment Agreements is limited to the remedies available under any applicable termination provision of such Employment Agreements, or that any such claim is an obligation of a third party, and not that of the Debtors; and it is further

ORDERED, that nothing herein shall prejudice the rights of the Debtors to object to any and all administrative expense claims associated with the Employment Agreements; and it is further

DB02:6879077.2                                                                                                                 066585.1001

ORDERED, that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
      June _____, 2008

                                                _____
                                                Christopher S. Sontchi
                                                United States Bankruptcy Judge

# EXHIBIT A

**Employment Agreements**

| Non-Debtor Party | Agreement | Rejection Effective Date |
|---|---|---|
| Stephen A. Hozie | Employment Agreement, dated as of March 1, 2004 | June 6, 2008 |
| Alan B. Horn | Employment Agreement, dated as of December 23, 2002 | June 6, 2008 |
| Robert C. Bernstein | Employment Agreement, dated as of December 18, 2002 | June 13, 2008 |
| Craig Pino | Employment Agreement, dated as of February 10, 2004 | June 13, 2008 |
| Robert F. Johnson | Employment Agreement, dated as of January 1, 2004 | June 13, 2008 |