## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE, ) | (Jointly Administered) |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] ) | **Related Docket Items 4101, 4105, 4488** |
| ) | Obj. Deadline: N/A |
| Debtors. ) | Hr'g Date: N/A |

### MOTION OF SAM HAGE, II TO LIMIT SCOPE OF NOTICE ON MOTION FOR ORDER DEEMING PROOF OF CLAIM TIMELY FILED OR, IN THE ALTERNATIVE, ALLOWING THE FILING OF A LATE-FILED CLAIM

COMES NOW Sam Hage, II ("Mr. Hage"), by and through his undersigned counsel, having filed his *Motion for Order Deeming Proof of Claim Timely Filed or, in the Alternative, Allowing the Filing of a Late-Filed Claim* (the "Late Claim Motion"), and respectfully submits this motion (the "Motion to Limit Notice"), pursuant to 11 U.S.C. § 105, for the entry of an order limiting the scope of notice of the Late Claim Motion.

In support of this Motion to Limit Notice, Mr. Hage respectfully sets forth and represents as follows:

1.  On August 6, 2007 (the "Petition Date"), American Home Mortgage Corp. (the "Debtor") commenced its bankruptcy case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

2.  On October 30, 2007, the Court established a bar date of January 11, 2008 (the "Bar Date") for filing claims. (D.I. 1708).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp, a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Mellville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75036.

3.  On January 9, 2008, counsel for Mr. Hage, Martin Cohn, Esq. ("Mr. Cohn") gave Mr. Hage's fully-executed proof of claim (the "Proof of Claim") to his secretary with the expectation that it was to be filed via UPS, as is the standard operating procedure in Mr. Cohn's law office with regard to important filings.

4.  Due to a clerical error, the Proof of Claim was sent by regular mail and not actually received by the Debtor's claims agent until January 15, 2008.

5.  On or about April 28, 2008, the Debtors filed their Fifth Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "Fifth Omnibus Objection"), wherein they object to Mr. Hage's Proof of Claim, designated claim number 9641, on grounds that it was received four days late. (D.I. 3879). The hearing on the Fifth Omnibus Objection has been continued to June 25, 2008 at 10:00 a.m.

6.  Notice of the Late Claim Motion was originally served on the core parties listed on the attached service list (the "Notice Parties") on or about May 20, 2008. Given the size of the master service list in this case, Mr. Hage respectfully submits that notice by mail on all parties-in-interest would be prohibitively expensive. Accordingly, Mr. Hage requests that the Court approve the limited scope of notice upon the Notice Parties, in the manner indicated on the attached service list, and upon all others who have agreed to accept electronic service in this case in accordance with the requirements of participating in the CM/ECF electronic filing system.

7.  In the interest of judicial economy and in order to prevent Mr. Hage's interests from being unnecessarily harmed, it is prudent to have the Late Claim Motion heard simultaneously with the Fifth Omnibus Objection and on limited notice.

2

8.      In light of the above facts and circumstances, Mr. Hage respectfully requests that the Court enter an order limiting the scope of notice such that a hearing on the relief requested in the Late Claim Motion will be scheduled on June 25, 2008, at 10:00 a.m.

9.      Notice of this Motion Limit Scope of Notice and the Late Claim Motion will be served on the Notice Parties (and all other who have agreed to accept electronic service in this case) in the manner indicated on the attached Certificate of Service, Mr. Hage respectfully submits that this notice procedure is good and sufficient under the circumstances and should be approved.

**WHEREFORE**, Mr. Hage respectfully requests the entry of an Order, substantially in the form annexed hereto as Exhibit "A", (i) limiting the scope of notice with respect to the Late Claim Motion as set forth therein, and (ii) granting such other relief as is just.

Date:   June 10, 2008
        Wilmington, Delaware

**SULLIVAN · HAZELTINE · ALLINSON LLC**

*/s/ E. Allinson III*

William D. Sullivan (No. 2820)
Elihu E. Allinson, III (No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
(302) 428-8191

-- and --

Martin Cohn, Esq.
**Law Offices of Martin Cohn & Associates**
116 South Michigan Avenue
14th Floor
Chicago, IL 60603
(312) 372-3458

*Attorneys for Sam Hage, II*