UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x  Chapter 11

In re:

AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corporation, et al.,

Debtors.

---------------------------------------------------------------x

: Case No. 07-11047 (CSS)

: Jointly Administered

: REF DOCKET NOS. 163, 606, 3521

Hearing Date: June 25, 2008 at 10:00 AM (ET)
Objection Deadline: June 20, 2008 at 12:00 PM (ET)

**DEBTORS' MOTION FOR AN ORDER FURTHER MODIFYING THE ORDER
PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY
CODE APPROVING THE AGREEMENT WITH KROLL ZOLFO
COOPER LLC, STEPHEN F. COOPER AND KEVIN NYSTROM**

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors-in-possession in the above cases (collectively, "AHM" or the "Debtors"),[1] hereby submit this motion (the "Motion"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order, modifying the engagement of Kroll Zolfo Cooper LLC ("KZC"), Stephen F. Cooper ("Cooper"), and Kevin Nystrom ("Nystrom") as approved through the *Order Pursuant to Sections 105 and 363 of the Bankruptcy Code Approving the Agreement with Kroll Zolfo Cooper LLC, Stephen F. Cooper and Kevin Nystrom* [Docket No. 606] (the "KZC Order") and the *Order Modifying Order Pursuant to Sections 105*

---

[1] The Debtors (as defined below) in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303) ("AHM Holdings"); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580) (collectively, "AHM" or the "Debtors"). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

*and 363 of the Bankruptcy Code Approving the Agreement with Kroll Zolfo Cooper LLC, Stephen F. Cooper and Kevin Nystrom* [D.I. 3521] (the "Modified KZC Order"). In support of this Motion, the Debtors respectfully represent as follows:

## STATUS OF CASE AND JURISDICTION

1. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. No trustee or examiner has been appointed. The Official Committee of Unsecured Creditors (the "Committee") was appointed on August 14, 2007.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code.

## GENERAL BACKGROUND

5. In the weeks prior to the Petition Date, an unprecedented disruption in the credit markets caused major write-downs of the Debtors' loan and security portfolios and consequently resulted in margin calls for hundreds of millions of dollars with respect to the Debtors' loans. During this time, certain of the Debtors' warehouse lenders began to exercise remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and threatening the company's continued viability.

6. The Debtors' inability to originate loans and the exercise of remedies by certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the Debtors to discontinue their retail and indirect loan origination business.

7. Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets.

8. Prior to the Petition Date, a large component of the Debtors' business was the servicing of mortgage loans (the "Servicing Business"). Commencing on October 2, 2007, this Court held a hearing (the "Sale Hearing") to consider the Debtors' motion to sell the Servicing Business. By Order dated October 30, 2007 [Docket No. 1711] (the "Sale Order"), the Court approved and authorized the sale of the Debtors' Servicing Business (the "Servicing Sale") to AH Mortgage Acquisition Co., Inc., an affiliate of W.L. Ross & Co., LLC (the "Acquisition") pursuant to the terms of that certain Asset Purchase Agreement dated as of September 25, 2007 (as amended and together with all exhibits and schedules thereto, the "APA").

9. Pursuant to the APA, the sale of the Servicing Business closed in two steps. At the "economic" close, which occurred on November 16, 2007 (the "Initial Closing"), Acquisition paid the purchase price in the manner and to the parties as provided in the APA and related agreements referenced therein. From the Initial Closing until the "legal" close (the "Final Closing"), the Debtors operated the Servicing Business in the ordinary course of business for the economic benefit and risk of Acquisition. The Final Closing occurred on April 11, 2008.

## RELEVANT BACKGROUND

10. On August 14, 2007, the Debtors filed the *Application of Debtors Pursuant to Sections 105 and 262 of the Bankruptcy Code for Approval of the Agreement with*

*Kroll Zolfo Cooper LLC, Stephen F. Cooper and Kevin Nystrom* [Docket No. 163] (the "Application"). By the Application, the Debtors sought to engage KZC, Cooper, and Nystrom to provide to the Debtors the services of Cooper as Chief Restructuring Officer, of Nystrom as Director of Restructuring and the services of other professional staff to serve as Associate Directors of Restructuring (as defined in the agreement among the parties).

11. On September 4, 2007, the Court entered the KZC Order approving the engagement of KZC, Cooper and Nystrom and approving the standard services agreement dated August 6, 2007 (the "Agreement"), as modified.

12. On April 3, 2008, upon agreement among the Committee, the United States Trustee, KZC and the Debtors, the Court entered the Modified KZC Order, which discontinued the Flat Fee arrangement (as defined in the KZC Order). In lieu of the Flat Fee arrangement, effective as of February 1, 2008, KZC began charging standard hourly rates for services performed by Cooper and Nystrom (currently $775 and $665, respectively), which rates are subject to revision by KZC on a semi-annual basis; provided, however, that the aggregate compensation for Cooper's and Nystrom's services shall not exceed $150,000 per month.

13. At a special board meeting held on June 5, 2008, the Debtors' board of directors (the "Board"), among other things, accepted the resignation of Cooper as Chief Restructuring Officer, effective as of June 30, 2008. Accordingly, the Board selected Nystrom, presently the Director of Restructuring, to act as the Debtors' Chief Restructuring Officer and Bret Fernandes ("Fernandes"), of KZC, to replace Nystrom and act as the Director of Restructuring. No changes in the compensation of KZC were requested or approved.

**RELIEF REQUESTED AND BASIS THEREFOR**

14. By this Motion, the Debtors seek entry of an order, substantially in the form annexed hereto, modifying the engagement of KZC as approved through the KZC Order

and Modified KZC solely to authorize the appointment of Nystrom as Chief Restructuring Officer and Fernandes as Director of Restructuring, effective as of June 30, 2008.

15. The KZC Order provided, among other things:

> In the event the Debtor(s) seek(s) to have KZC personnel assume executive officer positions that are different than the Executive Officers, or to materially change the terms of the Agreement, as modified herein, by either (i) modifying the functions of the Executive Officers, (ii) adding new Executive Officers, or (iii) altering or expanding the scope of the Agreement as modified herein, a motion to modify the retention shall be filed.

KZC Order, ¶ 2(b).

16. Moreover, section 363(b) of the Bankruptcy Code provides that transactions not in the ordinary course of business must be approved by court order. Courts within this Circuit have routinely held that transactions should be approved under section 363 of the Bankruptcy Code when they are supported by the sound business judgment of management. Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996) (internal citation omitted); In re Delaware & Hudgson R.R. Co., 124 B.R. 169, 176 (D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)).

17. The Debtors submit that it is within their sound business judgment to make these changes to their Executive Officers as necessitated by Cooper's resignation. The Debtors submit that, because Nystrom has been actively involved as Director of Restructuring throughout the Debtors' bankruptcy cases, his appointment as Chief Restructuring Officer is appropriate and beneficial to the Debtors' estates given his acquired knowledge of the Debtors.

18. Similarly, Fernandes has been actively involved the Debtors' chapter 11 cases as an Associate Director of the Debtors and is in a position to effectuate a smooth transition to Director of Restructuring. Since the Petition Date, Fernandes has monitored the

Debtors' Servicing Business, responded to due diligence requests of potential purchasers of the Servicing Business, as well as various loan sales. Additionally, Fernandes is working with the Debtors' counsel on the development of a chapter 11 plan. See D.I. 3346 (Kroll Fee Application for January, 2008).

19.     Based on the foregoing, the Debtors respectfully submit that the modification of KZC's engagement by the Debtors is both necessary and beneficial to the Debtors' estates and should be approved by this Court.

## NOTICE

20.     Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A.; (iv) counsel to the Debtors' postpetition lender; and (v) all parties entitled to notice under Del. Bankr. LR 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

WHEREFORE, Debtors respectfully request that the Court modify the engagement of KZC as approved through the KZC Order and Modified KZC Order as set forth in the proposed order attached hereto and granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
June 10, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret (4652)*

James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kara Hammond Coyle (No. 4410)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Attorneys for the Debtors and
Debtors-in-Possession