IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x  Chapter 11

In re:                                                        :
                                                              :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                        :
HOLDINGS, INC., a Delaware corporation, et al.,[1]            :  Jointly Administered
                                                              :
                 Debtors.                                     :
------------------------------------------------------------ x  **Ref. Docket No. 2208**

## NOTICE OF PROPOSED SALE OF MISCELLANEOUS ASSETS

TO:   THE OFFICE OF THE UNITED STATES TRUSTEE; COUNSEL TO THE CREDITORS'
      COMMITTEE; COUNSEL TO THE DEBTORS' POSTPETITION LENDER; ALL
      KNOWN PARTIES HOLDING OR ASSERTING LIENS, CLAIMS, ENCUMBRANCES
      OR OTHER INTERESTS IN THE ASSETS SUBJECT TO THE PROPOSED SALE; AND
      THE U.S. SECURITIES AND EXCHANGE COMMISSION

   **PLEASE TAKE NOTICE** that, pursuant to the *Order Pursuant to Bankruptcy
Code Sections 105, 363 and 554 and Bankruptcy Rule 6004 Approving Certain Procedures
Governing the Sale, Donation or Abandonment of Miscellaneous Assets* [Docket No. 2208] (the
"Order") the above-captioned debtors and debtors in possession (collectively, the "Debtors") are
authorized to sell, donate or abandon Miscellaneous Assets[2] that are no longer necessary to the
Debtors' business.

   **PLEASE TAKE FURTHER NOTICE** that, in accordance with the Order, the
Debtors are required to file a notice of a Proposed Sale (the "Sale Notice") and to serve the Sale
Notice in the manner provided in the Order.

   **PLEASE TAKE FURTHER NOTICE** that in accordance with the Order, the
Debtors hereby are providing notice of the Proposed Sale of the Miscellaneous Assets identified on
Schedule A to the Purchase Agreement and Bill of Sale to Boot Sector Industries, Inc. annexed
hereto as Exhibit A (the "Sale"). The terms of the Sale, including the specific Miscellaneous Assets

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp.
("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM
Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM
Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation
(1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.
("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville,
New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]  All capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to such terms in the
Order.

to be sold, are specifically identified in the Purchase Agreement and Bill of Sale.  The Miscellaneous Assets that are the subject of the Sale are owned by AHM Corp. and located at the Debtors' headquarters in Melville, New York.

**PLEASE TAKE FURTHER NOTICE, that objections by parties, other than the Committee and the DIP Lenders, to the Sale are required to be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and served on the undersigned counsel for the Debtors on or before June 19, 2008 at 4:00 p.m. (ET) (the "Sale Objection Deadline").  The Committee and the DIP Lenders are required to file and serve an objection to the Sale on or before June 22, 2008 at 4:00 p.m. (the "Committee's and DIP Lender's Sale Objection Deadline" and together with the Sale Objection Deadline, the "Sale Objection Deadlines").**

**PLEASE TAKE FURTHER NOTICE,** that if no objections to the Sale are filed and served on or before the Sale Objection Deadlines, the Debtors are authorized to consummate the Sale without further notice or a hearing and the Sale will be deemed fully authorized by the Bankruptcy Court.

Dated:  Wilmington, Delaware
June 12, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

066585.1001

# EXHIBIT A

Sent By: BOOTSECTOR INDUSTRIES;          6312492710 ;          Jun-11-08  9:32AM;          Page 2

## PURCHASE AGREEMENT AND BILL OF SALE

This PURCHASE AGREEMENT AND BILL OF SALE, dated as of June 4th, 2008 (this "Bill of Sale") is made and executed among American Home Mortgage Corp., a New York corporation (the "Seller") and Boot Sector Industries, Inc., a New York corporation (the "Purchaser").

## W I T N E S S E T H

WHEREAS, the Seller, as debtor and debtor in possession, has filed a voluntary petition (the "Petition") for relief pursuant to Chapter 11 ("Chapter 11") of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (together with any other court having proper jurisdiction, the "Bankruptcy Court") (the "Bankruptcy Case"); and

WHEREAS, the Seller has agreed to sell and the Purchaser has agreed to purchase the Purchased Assets (as defined below) on the terms and conditions set forth herein and as authorized under section 363 of the Bankruptcy Code, and the *Order Pursuant to Bankruptcy Code Section 105, 363 and 554 and Bankruptcy Rule 6004 Approving Certain Procedures Governing the Sale, Donation or Abandonment of Miscellaneous Assets* entered by the Bankruptcy Court on November 28, 2007 (the "Miscellaneous Asset Sale Order"), and the Seller has determined that a sale in accordance with section 363 of the Bankruptcy Code is in the best interests of its creditors and interest holders.

NOW, THEREFORE, for good and valuable consideration to the Seller receipt of which is hereby acknowledged, the Seller and the Purchaser, intending to be legally bound hereby, agree as follows:

1.   Sale of Purchased Assets.   The Seller hereby assigns, grants, sells, transfers, and delivers to Purchaser, its successors and assigns, forever all of the Seller's right, title and interest in and to all of the assets identified on the attached Schedule A (the "Purchased Assets").

2.   Payment of Purchase Price.   Contemporaneous with the execution of this Bill of Sale by the Purchaser, the Purchaser shall deliver the purchase price for the Purchased Assets in the amount of $25,000.00 (the "Purchase Price") to the Seller by either certified check or wire transfer.

3.   "As Is Where Is" Transaction.   The Purchaser hereby acknowledges and agrees that the Seller makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Purchased Assets.  Without in any way limiting the foregoing, the Seller hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any of the Purchased Assets.  The Purchaser further acknowledges that the Purchaser has conducted an independent inspection and investigation of the physical condition of the Purchased Assets and all such other matters relating to or affecting the Purchased Assets as the Purchaser deemed necessary or appropriate and that in proceeding with the Purchaser's acquisition of the Purchased Assets, the Purchaser is doing so based upon

such independent inspections and investigations.  Accordingly, the Purchaser will accept the Purchased Assets "AS IS" and "WHERE IS".

    4.    <u>Conditions Precedent</u>.  The sale of the Purchased Assets pursuant to this Bill of Sale is subject to the notice, objection and sale approval procedures provided in the Miscellaneous Asset Sale Order.

    5.    <u>Removal of the Purchased Assets</u>.  The Purchaser agrees that is solely responsible for arranging and paying for the removal and shipment of the Purchased Assets.  The Purchaser shall provide to the Seller, upon demand, its or the agent(s) responsible for performing the removal of the Purchased Assets, evidence of the following insurance policies with reliable insurance companies, and in the following amounts: $2,000,000 combined single limit, $1,000,000 property damage and $1,000,000 comprehensive general liability with contractual liability in the case of all riggers; and $500,000 cargo and $1,000,000 comprehensive general liability in the case of carriers; and such other insurance as may be required by any governmental authority, including workers' compensation insurance.  Removal of the Purchased Assets shall be completed by the Purchaser within three (3) business days of the Seller notifying the Purchaser that the conditions precedent provided in paragraph 4 hereof have been satisfied.

    6.    <u>No Rights in Third Parties</u>.  Nothing expressed or implied in this Bill of Sale is intended to or shall confer upon any party, other than the Purchaser and the Purchaser's successors and assigns, any rights, remedies, obligations, or liabilities under or by reason of this Bill of Sale.

    7.    <u>Successors and Assigns</u>.  This Bill of Sale shall bind and inure to the benefit of the Seller, the Purchaser, and their respective successors and permitted assigns.

    8.    <u>Governing Law</u>.  This Bill of Sale shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to principles of conflicts of law.

IN WITNESS WHEREOF, the parties have caused this Bill of Sale to be duly executed as of the day and year first above written.

American Home Mortgage Corp.

By: _____

Name: CHRIS CAVACO

Title: CIO

Boot Sector Industries, Inc.

By: _____

Name: Pere Riego

Title: President

## Schedule A

| Quantity | Descriptions | Cost | Total |
|---|---|---|---|
| 1 | IPC Alliance MX300 Phone System to include  2 Alliance MX 300 ESR Cabinets, 30 IQMX Turrets, 1) 403060603, (2) 403060005, (1) 403003507, (1) 403018009, (1) S403018004, (1) 403018006, (1) S403018004, (1) 403003505, (3) 502005006, 2) ALLMX /IQMX Power Supplies Model # 42513237 (2) MPIC T1 Port 5 cards (4) ALIC Telco Lines 1-20. (2)TIC E1-4 Cards (1) ENIC 100 Base TXCard.  Acon DC-DC Converter Model NL 5054805. (1)NetGuardian 832A (2) Cisco System 3550 (4) IPC Media Converters (1) Sun Sunblade-150 Workstation | $25,000   $25,000 | |
| **Total** | | | $25,000 |