**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE, HOLDINGS, INC., | ) | Case No. 07-11047 (CSS) |
| | ) | |
| a Delaware corporation, et al.,[1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| COUNTY OF COOK | : | |
| | : | SS. |
| STATE OF ILLINOIS | : | |

**SUPPLEMENTAL AFFIDAVIT OF MARTIN COHN, ESQUIRE**

Martin Cohn, Esquire, having been duly sworn, does depose and say as follows:

1. Unless otherwise noted I have personal knowledge of the matters set forth in this affidavit. I am making this supplemental affidavit in connection with the *Motion of Sam Hage, II for Order Deeming Proof of Claim Timely Filed or, in the Alternative, Allowing the Filing of a Late-Filed Claim* (the "Late Claim Motion") as it relates to the proof of claim I filed on behalf of my client, Sam Hage, II (designated "Claim No. 9641") in the above-captioned bankruptcy case.

2. I do hereby incorporate by reference thereto my original affidavit, dated May 19, 2008 (the "Original Affidavit"), including each of its exhibits, made in connection with the *Debtors' Fifth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp, a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Mellville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75036.

*Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1* (the "Fifth Omnibus Objection) as it relates to Claim No. 9641.

3. Since filing the Late Claim Motion, I have met in person with Mr. Hage to review his file of all correspondence he received from the Debtors. Mr. Hage's file does not include a copy of any bar date notice. Therefore, I conclude, on information and belief, that he never received a copy of the bar date notice.

4. During my meeting with Mr. Hage, I further verified that he never forwarded to me any bar date notice, whether one was actually received by him or not.

5. On September 6, 2007, Mr. Hage faxed me a copy of the *Notice of Auction and Sale Hearing* (the "Sale Notice") from his employer's (Washington Mutual) fax number, (773) 770-7437. The Sale Notice stated that the auction of the Debtors' loan servicing business was scheduled for September 10, 2007 and that a hearing to approve the sale was scheduled for September 17, 2007. Accordingly, I presumed that if the Debtors were selling their loan servicing business it was time for me to begin drafting Mr. Hage's proof of claim.

6. A true and correct copy of the Sale Notice as I received it from Mr. Hage, including the Washington Mutual fax line across the top of each page, is attached hereto as Exhibit A.

7. On September 6, 2007, Mr. Hage also faxed to me a copy of the *Notice of Commencement of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Fixing of Certain Dates* (the "Notice of Commencement of Case"). The Notice of Commencement of Case stated as follows: "DEADLINE TO FILE A PROOF OF CLAIM. Notice of this deadline will be sent by and through a separate notice." Accordingly, I understood that I would be provided with a separate notice of bar date at the appropriate time.

8. A true and correct copy of the "Notice of Commencement of Case" as I received it from Mr. Hage, including the Washington Mutual fax line across the top of each page, is attached hereto as Exhibit B.

9. In paragraph 7 of my Original Affidavit, I stated as follows: "In roughly October 2007, I began immediately to draft proof of claim forms on their behalves on standard blank proof of claim forms." I began the rough draft of Mr. Hage's proof of claim at that time on account of my knowledge of the Sale Notice and my expectation pursuant to the Notice of Commencement of Case that a notice of bar date would be forthcoming. However, as no bar date notice was ever provided to me, I never knew that a bar date had been established even at the time when I filed Mr. Hage's proof of claim. Thus, when I received the copy of the filed proof of claim by return mail time-stamped January 15, 2008, I had no idea that it had not been received on time. In fact, it was not until the Debtors filed their Fifth Omnibus Objection that I learned that the bar date had been set for January 11, 2008.

10. In paragraph 5 of my Original Affidavit, I stated as follows: "During the negotiation of their Employment Agreements, I had direct contact with an officer of the Debtor and, as memory serves me, its counsel."

11. In paragraphs 17 and 18 of my Original Affidavit, I stated as follows: "Because Mr. Hage had a written Employment Agreement with the Debtor that provided for severance pay in the event of his termination without cause, I would have expected the Debtor to have recognized that Mr. Hage held a potential claim against the Debtor and would have included his claim for severance pay on its official schedules. [... ] I would have expected the Debtor to have provided me with actual notice of the bar date because both (i) an officer of the Debtor and (ii) its counsel knew (or should have known) that I represented Mr. Hage in connection with the

negotiation of his Employment Agreement less than one year prior to the petition date. I received no such actual notice of the bar date from any of the Debtors."

12. Attached hereto as Exhibit C is a true and correct copy of a redacted version of a fax cover sheet dated September 19, 2006, addressed to me from the Debtors' in-house associate counsel, Mr. David A. Sawits, Esquire, regarding Mr. Hage's Employment Agreement.

13. Attached hereto as Exhibit D is a true and correct copy of a redacted version of a letter dated September 19, 2006, from me to Mr. Alan Horn, a member of the Debtors' management team, relating to Mr. Hage's Employment Agreement.

14. I have read the transcript of the hearing before the Court on May 28, 2008 regarding the *Motion of River Park Executive Suites for Leave to File a Late Claim*. I note distinguishing facts that make Mr. Hage's Late Claim Motion even more compelling than River Parks's. First, I never received notice of any bar date, and I do not believe that Mr. Hage did either. Second, I was entitled to, but never received, direct notice of the bar date from the Debtors because I was "known counsel" representing a "known creditor." And finally, I had a mechanism in place to ensure that Mr. Hage's proof of claim was timely filed, i.e., the request that a time-stamped copy be sent to me by return mail. However, that mechanism was rendered ineffective because I never received notice of the bar date, as was my expectation in accordance with statement contained in the Notice of Commencement of Case and the Debtors' obligation pursuant to this Court's established jurisprudence. I simply never knew that the claim was filed beyond the bar date until the Debtors filed their Fifth Omnibus Objection.

[*Remainder of Page Left Blank Intentionally*]

FURTHER, AFFIANT SAYETH NAUGHT:

Martin Cohn, Esquire

SWORN AND SUBSCRIBED before me this 13th day of June 2008.

Notary Public

My commission expires 7-26-10.

OFFICIAL SEAL
AUDREY E DOMAR
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/26/10