IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------------- x
In re:                                                               :    Chapter 11
                                                                     :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                :    Case No. 07-11047 (CSS)
a Delaware corporation, et al., [1]                                  :
                                                                     :    Jointly Administered
        Debtors.                                                     :
                                                                          Objection Deadline: July 3, 2008 at 4:00
--------------------------------------------------------------------- x    p.m.
                                                                          Hearing Date: N/A

## NOTICE OF APPLICATION

TO:    The Debtors, the United States Trustee, Counsel for the Official Committee of Unsecured
       Creditors, Counsel for the Administrative Agent, Counsel for the DIP Agent, and
       Milestone Advisors, LLC.

       The **Ninth Monthly Application of Quinn Emanuel Urquhart Oliver &
Hedges LLP, Special Investigatory Litigation and Conflicts Counsel to the Debtors, for
Allowance of Compensation for Services Rendered and for Reimbursement of Expenses
During the Period From April 1, 2008 through April 30, 2008** (the "Application") has been
filed with the Bankruptcy Court.  The Application seeks allowance of interim fees in the amount
of $122,547.00 and interim expenses in the amount of $4,743.47.

       Objections to the Application, if any, are required to be filed on or before **July 3,
2008 at 4:00 p.m. (ET)** (the "Objection Deadline") with the Clerk of the United States
Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington,
Delaware 19801.

       At the same time, you must also serve a copy of the response so as to be received by the
following on or before the Objection Deadline: (i) American Home Mortgage Holdings, Inc., 538
Broadhollow Road, Melville, New York 11747 (Attn.: Alan Horn, General Counsel); (ii) Young
Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington,
Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp.
("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM
Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a
Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558);
American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.
("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,
Texas 75063.

Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Jeffrey M. Levine); (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, counsel to the Committee; (v) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B. Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber Silverstein), counsel to the Administrative Agent; (vi) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan), counsel to the DIP Agent; (vii) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon) and, Quinn Emanuel Urquhart Oliver & Hedges LLP, 51 Madison Avenue, 22nd Fl., New York, New York 10010 (Attn: James C. Tecce)

       PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Application will be held at a date and time to be determined before the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801.

       PLEASE TAKE FURTHER NOTICE THAT PURSUANT TO THE ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS [DOCKET NO. 547], IF NO OBJECTIONS ARE FILED AND SERVED IN ACCORDANCE WITH THE ABOVE PROCEDURE, THE DEBTORS WILL BE AUTHORIZED TO PAY 80% OF REQUESTED INTERIM FEES AND 100% OF REQUESTED INTERIM EXPENSES WITHOUT FURTHER ORDER OF THE COURT.

Dated: Wilmington, Delaware
      June 13, 2008

                        YOUNG CONAWAY STARGATT & TAYLOR, LLP

                        /s/ Patrick A. Jackson

                        James L. Patton, Jr. (No. 2202)
                        Pauline K. Morgan (No. 3650)
                        Sean M. Beach (No. 4070)
                        Matthew B. Lunn (No. 4119)
                        Patrick A. Jackson (No. 4976)
                        The Brandywine Building
                        1000 West Street, 17th Floor
                        Wilmington, Delaware 19801
                        Telephone: (302) 571-6600
                        Facsimile: (302) 571-1253

                        Counsel for Debtors and
                        Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
In re:                                            :
                                                  :
                                                  :        Chapter 11
                                                  :
AMERICAN HOME MORTGAGE                            :
HOLDINGS, INC., a Delaware corporation, et al.,   :        Case No. 07-11047 (CSS)
                                                  :
                                                  :        Jointly Administered
                                                  :
                            Debtors.              :
-----------------------------------------------------------x
```

**NINTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE PERIOD FROM APRIL 1, 2008 THROUGH APRIL 30, 2008**

| | |
|---|---|
| Name of applicant: | Quinn Emanuel Urquhart Oliver & Hedges, LLP |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | September 13, 2007 (nunc pro tunc to August 10, 2007) |
| Period for which compensation and reimbursement is sought: | April 1, 2008 - April 30, 2008 |
| Amount of compensation requested: | $122,547.00 |
| Amount of expense reimbursement requested: | $4,743.47 |

This is an:___X____ interim _____ final application.

This is the ninth monthly fee application filed by Quinn Emanuel Urquhart Oliver & Hedges, LLP in these cases.

**Prior Applications:**

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Nov. 21, 2007 / Docket No. 2141 | August 10, 2007 - August 31, 2007 | $217,865.00 | $1,404.26 | $217,865.00 | $1,404.26 |
| Nov. 21, 2007 / Docket No. 2142 | September 1, 2007 - September 30, 2007 | $293,619.00 | $37,757.62 | $293,619.00 | $37,757.62 |
| Dec. 4, 2007 / Docket No. 2277 | October 1, 2007 - October 31, 2007 | $497,748.00 | $36,429.13 | $497,748.00 | $36,429.13 |
| Feb. 7, 2007 / Docket No. 2897 | November 1, 2007 - November 30, 2007 | $287,397.00 | $13,334.64 | $287,397.00 | $13,289.64 |
| Mar. 17, 2008 / Docket No. 3326 | December 1, 2007 - December 31, 2007 | $123,807.25 | $17,100.11 | $123,807.25 | $15,285.06 |
| Mar. 17, 2008 / Docket No. 3327 | January 1, 2008 - January 31, 2008 | $204,209.75 | $7,435.31 | $204,209.75 | $7,112.55 |
| May 19, 2008 / Docket No. 4076 | February 1, 2008 - February 29, 2008 | $172,483.00 | $9,484.53 | $137,986.40 | $9,484.53 |
| May 30, 2008 / Docket No. 4319 | March 1, 2008 - March 31, 2008 | $171,026.25 | $6,421.36 | | |

**ATTACHMENT TO NINTH MONTHLY FEE APPLICATION OF
QUINN EMANUEL URQUHART OLIVER & HEDGES LLP: SPECIAL INVESTIGATORY,
LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS.**

| NAME | POSITION; EXPERIENCE | HOURLY RATE | TOTAL HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Duane Lyons | Partner for 6 years; admitted in 1986 | $760 | 1.6 | $1,216.00 |
| Danielle Gilmore | Partner for 8 years; admitted in 1994 | $720 | 0.4 | $288.00 |
| James Tecce | Of Counsel for 1 year; admitted in 1995 | $605 | 59.0 | $35,695.00 |
| Kristelia A. Garcia | Associate for 4 years, admitted in 2004. | $400 | 36.3 | $14,520.00 |
| Robert K. Dakis | Associate for 3 years, admitted in 2004 | $385 | 8.7 | $3,349.50 |
| Harrison Denman | Associate for 2 years, admitted in 2006 | $375 | 121.9 | $45,712.50 |
| Aidan McGlaze | Associate for 1 year, admitted in 2008 | $355 | 24.1 | $8,555.50 |
| S. Tyler Ricci | Paralegal | $235 | 45.1 | $10,598.50 |
| Grace Yoon | Paralegal | $235 | 1.2 | $282.00 |
| Jeannie Larrea-Manzano | Litigation Support | $250 | 2.8 | $700.00 |
| Michael Lee | Litigation Support | $150 | 2.0 | $300.00 |
| Bo Li | Litigation Support | $70 | 19.0 | $1,330.00 |
| TOTAL | | $380.46 (BLENDED RATE)[1] | 322.1 HOURS | $122,547.00 |

---
[1] The blended rate underline excluding paraprofessionals is $433.88 per hour.

SUMMARY TABLE OF SERVICES RENDERED DURING
NINTH MONTHLY FEE PERIOD
(APRIL 1, 2008 TO APRIL 30, 2008)

| ACTIVITY | HOURS | FEES |
|---|---|---|
| Fee Application/Fee Issues | 55.5 | $15,518.50 |
| Insurance Issues | 41.0 | $17,036.50 |
| Lender Claims | 159.7 | $58,698.50 |
| Recharacterization | 65.9 | $31,293.50 |
| TOTAL | 322.1 | $122,547.00 |

**SUMMARY BY CATEGORY TYPE OF DISBURSEMENTS BILLED**
**(APRIL 1, 2008 TO APRIL 30, 2008 )**

| DISBURSEMENTS | AMOUNT |
|---|---|
| Client Meals | $152.05 |
| Deposition Transcript | $325.00 |
| Express Mail | $12.94 |
| Lexis | $2,713.98 |
| Local Travel | $675.53 |
| Messenger | $45.00 |
| Parking | $24.00 |
| Printing | $252.96 |
| Professional Services | $13.36 |
| Taxi | $65.70 |
| Telephone | $14.17 |
| Westlaw | $448.78 |
| **TOTAL DISBURSEMENTS** | **$4,743.47** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                                         :
                                                               :
                                                               :    Chapter 11
                                                               :
AMERICAN HOME MORTGAGE                                         :
HOLDINGS, INC., a Delaware corporation, et al.,               :    Case No. 07-11047 (CSS)
                                                               :
                                                               :    Jointly Administered
                                                               :
                                    Debtors.                   :
---------------------------------------------------------------x    **Objection Deadline:**


**NINTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER &
HEDGES LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL
TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE
PERIOD FROM APRIL 1, 2008 THROUGH APRIL 30, 2008**

Quinn, Emanuel, Urquhart, Oliver & Hedges LLP ("**Quinn Emanuel**"), special

investigatory, litigation and conflicts counsel to American Home Mortgage Holdings, Inc., a

Delaware Corporation, and its affiliated debtors and debtors-in-possession in the above-

captioned cases (collectively, the "**Debtors**" or "**American Home**"), hereby submits its

application (the "**Application**") to this Court pursuant to sections 330 and 331 of chapter 11 of

title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), Local Rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedure For United States Bankruptcy Court For the District of

Delaware ("**Local Rule No. 2016-2**"), for an order (i) allowing compensation of $122,547.00 for

actual, reasonable and necessary professional services rendered, and reimbursement of $4,743.47

for actual, reasonable and necessary expenses incurred during the period from April 1, 2008

through April 30, 2008 (the "**Ninth Monthly Fee Period**"),[2] and (ii) authorizing and directing

the Debtors to pay to Quinn Emanuel the amount of $102,781.07, which is equal to the sum of

eighty percent (80%) of such allowed compensation and one hundred percent (100%) of expense

reimbursement, and represents as follows:

# I.    INTRODUCTION

### A.    Background

1.    <u>Bankruptcy Filing</u>.  On August 6, 2007, (the "**Petition Date**"), each of the

Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The

Debtors continue to operate their businesses and manage their property as debtors-in-possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    <u>Jurisdiction</u>.  This Court has jurisdiction over this Application pursuant to

28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

Venue of the Debtors' chapter 11 cases and this Application is proper under 28 U.S.C. §§ 1408

and 1409.  The statutory predicates for the relief sought herein are sections 330 and 331 of the

Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Local Rule No. 2016-2.  This

Application is made pursuant to the Administrative Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals Pursuant To Sections 331 and

105(a) of the Bankruptcy Code (the "**Compensation Order**"), entered on September 3, 2007 by

this Court.

---

[2]  Certain fees and expenses requested by Quinn Emanuel in the Application relate to services
rendered in prior fee application periods.  Quinn Emanuel has not previously requested such fees
or expenses in any prior application.

**B.**     **Retention Of Quinn Emanuel And Billing History**

3.     On September 13, 2007, the Court authorized Quinn Emanuel's retention as special investigatory, litigation and conflicts counsel to American Home nunc pro tunc to August 10, 2007, pursuant to the Order Pursuant to Section 327(a) of The Bankruptcy Code and Bankruptcy Rule 2014(a) Approving the Retention of Quinn, Emanuel Urquhart Oliver & Hedges, LLP, Nunc Pro Tunc, as Special Investigatory, Litigation and Conflicts Counsel for the Debtors (Docket No. 741) (the "**Retention Order**"). The Retention Order authorized Quinn Emanuel to be compensated pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court, including the Compensation Order.

4.     This Application is Quinn Emanuel's ninth monthly application for approval and allowance of compensation. Quinn Emanuel makes this monthly application for approval and allowance of compensation pursuant to section 331 of the Bankruptcy Code and the Compensation Order.  No prior application has been made to this or any other court for the relief requested herein, nor has payment been received by Quinn Emanuel for legal services provided to and on behalf of the Debtors, or for out-of-pocket expenses incurred in connection therewith.

5.     Quinn Emanuel has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

6.     No promises have been received by Quinn Emanuel or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

## II.    CASE STATUS

7.      As of the date hereof, no disclosure statements or plans of reorganization have been filed in respect of the Debtors.

## III.    APPLICATION

8.      By this Application, Quinn Emanuel is seeking (a) allowance of reasonable compensation for actual and necessary professional services rendered by Quinn Emanuel, as special investigatory, litigation and conflicts counsel for the Debtors, during the Ninth Monthly Fee Period, and (b) reimbursement of actual, reasonable and necessary expenses incurred by Quinn Emanuel in connection with such services during the Ninth Monthly Fee Period.

9.      Specifically, Quinn Emanuel seeks approval of the sum of $122,547.00 for actual, reasonable and necessary legal services rendered on behalf of the Debtors during the Ninth Monthly Fee Period, and $4,743.47 for reimbursement of actual, reasonable and necessary expenses incurred in connection with the rendition of such services.  The fees sought by the Application reflect an aggregate of 322.1 hours of attorney and paraprofessional time spent and recorded in performing services for the Debtors during the Ninth Monthly Fee Period, at a blended average hourly rate of $380.46 for both professionals and paraprofessionals.  The blended hourly rate for professionals only is $433.88.

10.     Quinn Emanuel rendered to the Debtors all services for which compensation is sought solely in connection with these cases, in furtherance of the duties and functions of the Debtors.

11.     Quinn Emanuel maintains written records of the time expended in the rendition of the professional services required by the Debtors.  These records are maintained in

the ordinary course of Quinn Emanuel's practice. For the convenience of the Court and parties in interest, attached hereto as part of the cover sheet, is a billing summary for the Ninth Monthly Fee Period, setting forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate of the time expended by each such attorney and paraprofessional, the hourly billing rate for each such attorney and paraprofessional at Quinn Emanuel's current billing rates, and an indication of the individual amounts requested as part of the total amount of compensation requested. Also set forth in the billing summary is additional information indicating whether each attorney is a partner or associate, and how many years each attorney has held such position. The compensation requested by Quinn Emanuel is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

12.    Attached hereto as Exhibit "A" are time entry records broken down in tenths of an hour by project category, in accordance with the U.S. Trustee Guidelines, setting forth a detailed description of services performed by each attorney and paraprofessional on behalf of the Debtors.

13.    Quinn Emanuel also maintains records of all actual and necessary expenses incurred in connection with the performance of professional services, a summary of which also is attached hereto as part of the cover sheet. The summary lists the amounts and categories of expenses for which reimbursement is sought. Attached hereto as Exhibit "B" is a summary of the expenses, including the date the expense was incurred and the charge.

## IV.    SUMMARY OF PROFESSIONAL SERVICES RENDERED

14.    To provide an orderly and meaningful summary of the services rendered on behalf of the Debtors by Quinn Emanuel, in accordance with the U.S. Trustee Guidelines,

Quinn Emanuel has established the following separate project billing categories in connection

with these cases:

a)  Bank/Thrift Issues
b)  Cash Collateral and DIP Financing
c)  Case Management/Calendar Maintenance/Service of
d)  Class Actions
e)  Court Hearings
f)  Creditor Inquiries
g)  Employee Issues
h)  Fee Application Preparation/Fee Issues
i)  Government Issues/Investigations
j)  Insurance Issues
k)  Lender Claims
l)  Meetings
m) Non-Working Travel (Only 50% Requested)
n)  Other Conflicts
o)  Plan and Disclosure Statement
p)  Recharacterization
q)  Retention of Professionals
r)  Rule 2004 Investigations
s)  Servicing Platform Issues
t)  Stay Relief Matters
u)  Travel Time

15.    The following summary is intended only to highlight a number of the

services rendered by Quinn Emanuel in the separate project billing categories where Quinn

Emanuel expended a considerable number of hours on behalf of the Debtors.  It is not meant to

be a detailed description of all of the work performed by Quinn Emanuel during the Ninth

Monthly Fee Period.  Detailed descriptions of the day-to-day services provided by Quinn

Emanuel and the time expended performing such services in each project billing category are

fully set forth in Exhibit "A" hereto.  Such detailed descriptions show that Quinn Emanuel was

heavily involved in the performance of services for the Debtors on a daily basis, including night

and weekend work, often under extreme time pressure to meet the needs of the Debtors in these

cases.

A.   **Insurance Issues**:  (Total Hours: 41.0; Total Fees: $17,036.50)

16.     On November 5, 2007, Quinn Emanuel attorneys filed, on American Home's behalf, a complaint again one of its mortgage insurers, Triad Guaranty Insurance Corp. ("**Triad**").  The complaint alleges that Triad violated the relevant and applicable policies and agreements among the Debtors and Triad when it cancelled insurance certifications for fourteen loans originated by the Debtors.  In response to the complaint, Triad filed an answer and counterclaim against American Home on December 6, 2007.  On December 26, 2007, Quinn Emanuel attorneys filed, on American Home's behalf, an answer to Triad's counterclaim.

17.     During the Ninth Monthly Fee Period, Quinn Emanuel attorneys continued to engage in various aspects of the discovery process with Triad.  These efforts included reviewing documents produced by Triad, extensively searching and reviewing American Home's files for responsive, non-privileged documents to Triad's requests, and negotiating a schedule to conduct depositions (currently slated for the week of June 9, 2008 through June 13, 2008.

B.   **Lender Claims**:  (Total Hours: 159.7; Total Fees: $58,698.50)

*Wells Fargo Litigation*

18.     On October 25, 2007, Wells Fargo Bank N.A. ("**Wells Fargo**") filed a complaint in the nature of interpleader against the Debtors and several Bear Stearns entities and affiliates ("**Bear Stearns**").  In its complaint, Wells Fargo seeks to resolve competing claims asserted by the Debtors and Bear Stearns to a monthly payment owing on account of a trust certificate owned by the Debtors and allegedly foreclosed upon by Bear Stearns.  Quinn Emanuel attorneys, on behalf of the Debtors, filed an Answer to Wells Fargo's complaint on December 11, 2007.  The parties entered into the finalized scheduling stipulation on January 14, 2008.  Quinn Emanuel attorneys, on behalf of the Debtors, served American Home's initial disclosures on

February 6, 2008 and American Home's requests for production of documents on February 11, 2008 (the "**American Home Requests**").  Bear Stearns served American Home with its request for the production of documents on February 11, 2008 (the "**Bear Requests**").  On March 3, 2008, Quinn Emanuel attorneys produced documents responsive to the Bear Requests, and concurrently served American Home's response to the Bear Requests.  Quinn Emanuel attorneys prepared and served American Home's first set of contention interrogatories on Bear Stearns on March 17, 2008, and prepared and served American Home's responses to Bear Stearns' first set of contention interrogatories on Bear Stearns on March 31, 2008.

19.    During the Ninth Monthly Fee Period, Quinn Emanuel attorneys continued to engage in various aspects of the discovery process with Wells Fargo and Bear Stearns.  On April 4, 2008, Bear Stearns' requested that American Home produce additional documents and agree to extend the discovery schedule beyond the dates originally agreed upon ("**Bear's Supplemental Document Request**").  In response to Bear's Supplemental Document Request, Quinn Emanuel attorneys extensively searched and reviewed American Home's files for responsive, non-privileged documents.  On April 25, 2008, Quinn Emanuel attorneys ultimately produced responsive documents to Bear Stearns.  Moreover, Quinn Emanuel attorneys also drafted and served American Home's second set of contention interrogatories on Bear Stearns on April 11, 2008.

*Lender Claims*

20.    Prior to the Petition Date, the Debtors were party to various agreements with financial institutions, including purported repurchase and secured loan agreements.  Many of these lenders made margin calls totaling hundreds of millions of dollars immediately prior to the Petition Date and began exercising remedies.  Quinn Emanuel, on behalf of the Debtors, is in

the process of reviewing these events and the facts and circumstances surrounding them

to determine whether they give rise to any estate claims or causes of action.

### Bank of America Litigation

21.     On October 22, 2007, Quinn Emanuel attorneys, on behalf of American

Home Mortgage Servicing, Inc. and the Broadhollow and Mellville special purpose entities (the

"**American Home Parties**"), filed a complaint against BofA alleging, among other things, that

BofA breached two "swap" agreements by failing to make allegedly required payments. After

the American Home Parties filed an amended complaint on November 16, 2007, the parties

entered into a stipulated briefing schedule on December 11, 2007.

22.     On January 7, 2008, Bank of America filed a motion to dismiss the

complaint and an opening brief in support thereof, alleging that the Bankruptcy Court lacks

subject matter jurisdiction to hear the dispute. Thereafter, on January 28, 2008, American Home

filed an answering brief in response to Bank of America's opening brief. On February 21, 2008,

Bank of America filed a reply brief in support of its motion to dismiss. On February 14, 2008,

Quinn Emanuel attorneys filed, on American Home's behalf, a citation of subsequent authority.

23.     During the Ninth Monthly Fee Period, Quinn Emanuel attorneys continued

reviewing and analyzing BofA's arguments and defenses in preparation for oral argument on

BofA's motion to dismiss, which took place on May 2, 2008.

C.     **Recharacterization**: (Total Hours: 65.9; Total Fees: $31,293.50)

24.     Shortly after the commencement of the Debtors' Chapter 11 cases, Calyon

New York Branch ("**Calyon**") filed an emergency application for injunctive relief seeking the

entry of Orders directing the Debtors, among other things, to turn over certain files relating to

servicing mortgage loans. American Home disputed Calyon's assertions concerning its

entitlement to servicing, maintaining, among other things, that its purported repurchase
agreement was a disguised secured financing that did not fall within the Bankruptcy Code safe
harbors.

25.    Ultimately, the trial commenced on November 5, 2007 and closing
arguments were held on November 26, 2007.  The Court issued its decision on January 4, 2008
(the "**Phase I Decision**").  On January 25, 2008, Calyon filed a motion to amend the Phase I
Decision ("**Calyon Motion**").  On February 8, 2008, American Home filed its response to the
Calyon Motion.   Calyon filed a reply in support of the Calyon Motion on February 15, 2008.

26.    On February 4, 2008, Calyon filed an amended complaint against
American Home.  On March 3, 2008, Quinn Emanuel attorneys filed American Home's answer
and counterclaims to Calyon's amended complaint.  Thereafter, on March 24, 2008, Quinn
Emanuel attorneys served American Home's request for documents from Calyon relating to
theories and arguments for the second phase of litigation with Calyon (i.e., "**Phase II**").  On
March 24, 2008, Calyon served its second request for the production of documents on American
Home (the "**Second Calyon Requests**").

27.    During the Ninth Monthly Fee Period, Quinn Emanuel attorneys dedicated
time and effort to Phase II of the litigation, including, among other things:

- Prepared written responses and objections to the Second Calyon Requests;

- Engaged in a "meet and confer" with Calyon regarding the scope of
  document discovery;

- Extensively searched and reviewed American Home's files for responsive,
  non-privileged documents in response to the Second Calyon Requests,
  ultimately producing responsive documents to Calyon on April 30, 2008.

- Identified witnesses for Phase II litigation, and drafted notices of
  deposition and related topics for deposition in the Phase II litigation.

## V.    FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

28.    The factors to be considered in awarding attorneys fees have been

enumerated in In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir.

1977), cert. denied, 431 U.S. 904, which standards have been adopted by most courts. See, e.g.,

In re Lan Assoc., 192 F.3d 109, 123 n.8 (3d. Cir. 1999) (suggesting First Colonial factors apply

to § 330 compensation requests). Quinn Emanuel respectfully submits that a consideration of

these factors should result in this Court's allowance of the full compensation sought.

(1)    The Time and Labor Required. The professional services rendered by Quinn Emanuel on behalf of the Debtors have required the continuous expenditure of substantial time and effort, under time pressures which sometimes required the performance of services late into the evening and, on a number of occasions, over weekends. The services rendered required a high degree of professional competence and expertise in order to be administered with skill and dispatch.

(2)    The Novelty and Difficulty of Questions. Novel and complex issues have already arisen in the course of the Chapter 11 Cases, and it can be anticipated that other such issues will be encountered. In these cases, as in many others in which the firm is involved, Quinn Emanuel's effective advocacy and creative approach to problem solving have helped clarify and resolve difficult issues and will continue to prove beneficial.

(3)    The Skill Requisite to Perform the Legal Services Properly. Quinn Emanuel believes that its recognized expertise in the area of bankruptcy related litigation and its practical approach to the resolution of issues are contributing to maximizing the size of the Debtors' estate.

(4)    The Preclusion of Other Employment by Applicant Due to Acceptance of the Case. The matters in which Quinn Emanuel's bankruptcy litigation practice group are involved need attention on a continuous basis and require several of Quinn Emanuel's attorneys to commit significant portions of their time to these cases.

(5)    The Customary Fee. The compensation sought herein is based upon Quinn Emanuel's normal hourly rates for services of this kind. Quinn Emanuel respectfully submits that the compensation sought herein is not unusual given the magnitude and complexity of these cases and the time dedicated to the representation of the Debtors. Such compensation is commensurate with fees charged by other attorneys of comparable experience.

(6)     Whether the Fee is Fixed or Contingent. Quinn Emanuel charges customary hourly rates for the time expended by its attorneys and paraprofessionals in representing the Debtors and Quinn Emanuel's fee is not outcome dependent. Pursuant to sections 330 and 331 of the Bankruptcy Code, all fees sought by professionals retained under section 327 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court, and are subject to adjustment by the Court depending upon the services rendered and the results obtained.

(7)     Time Limitation Imposed by Client or Other Circumstances. As stated above, Quinn Emanuel has been required to attend to various issues as they have arisen in these cases. Occasionally, Quinn Emanuel has had to perform those services under significant time constraints requiring attorneys and paraprofessionals assigned to these cases to work evenings and on weekends.

(8)     The Amount Involved and Results Obtained. Through the efforts of Quinn Emanuel, the Debtors are poised to initiate actions against Third Parties and maximize value for the Debtors' estates.

(9)     The Experience, Reputation and Ability of the Attorneys. Quinn Emanuel's attorneys involved in this representation have played a major role in numerous complex restructurings including, for example, the chapter 11 cases of Refco Inc., Enron Corp., et al., Safety-Kleen Corp., et al., and Adelphia Communications Corp., et al. Quinn Emanuel's experience enables it to perform the services described herein competently and expeditiously.

(10)    The "Undesirability" of the Case. These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of Quinn Emanuel's attorneys.

(11)    Nature and Length of Professional Relationship. Quinn Emanuel was selected as the Debtors special investigatory, litigation and conflicts counsel shortly after the Petition Date, on August 10, 2007, and was retained nunc pro tunc to that date pursuant to an order of this Court dated September 13, 2007.

## VI.    ALLOWANCE OF COMPENSATION

29.    The professional services rendered by Quinn Emanuel have required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and action by the Debtors could be addressed with skill and dispatch. It is respectfully submitted that the services rendered to the Debtors were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' estates.

30.    The allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> Any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331.  This Court has authorized the filing of this Application in the Compensation Order.

31.    With respect to the level of compensation, section 330(a)(1) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person: "reasonable compensation for actual, necessary services rendered."  Section 330(a)(3)(A), in turn, provides that:

> [i]n determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issues or task addressed; and
>
> (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a) (3) (A).

32.     The congressional policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. <u>See</u> <u>In re Busy Beaver Building Centers, Inc.</u>, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts") (citation and internal quotation marks omitted).

33.     The total time spent by Quinn Emanuel attorneys and paraprofessionals during the Ninth Monthly Fee Period was 322.1 hours, which services have a fair market value of $122,547.00. As shown by this Application and supporting exhibits, Quinn Emanuel spent its time economically and without unnecessary duplication of time (or duplication of the efforts of the Debtors' other retained professionals). In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

## VII.   EXPENSES

34.     Quinn Emanuel has expended the total amount of $4,743.47 in actual, reasonable and necessary expenses in connection with representing the Debtors during the Ninth Monthly Fee Period. Quinn Emanuel maintains records of all actual and necessary expenses incurred in connection with the performance of professional services. A breakdown of expenses, including the date the expense was incurred and the charge, is annexed hereto as Exhibit "B."

35.     In connection with the reimbursement of actual, reasonable and necessary expenses, it is Quinn Emanuel's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to Quinn Emanuel's clients include, among other things, telephone

and telecopier toll and other charges, mail and express mail charges, document word-processing charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses particularly attributable to an individual client or cases such as secretarial and other overtime.

36.     Quinn Emanuel charges the Debtors for these expenses at rates consistent with those charged to Quinn Emanuel's other bankruptcy clients, which rates are equal to or less than the rates charged by Quinn Emanuel to its non-bankruptcy clients. Quinn Emanuel seeks reimbursement from the Debtors at the following rates for the following expenses: (a) ten cents per page for photocopying; and (b) one dollar per page for out-going facsimiles. In accordance with section 330 of the Bankruptcy Code and with the U.S. Trustee Guidelines, Quinn Emanuel will seek reimbursement only for the actual cost of such expenses to Quinn Emanuel.

37.     In providing or obtaining from third parties services which are reimbursable by clients, Quinn Emanuel does not include in such reimbursable amount any costs of investment, equipment or capital outlay, except that the reimbursable cost of photocopying and faxes includes a factor for the cost of equipment.

38.     Quinn Emanuel regularly charges its non-bankruptcy clients for ordinary business hour fees and expenses for secretarial, library, word processing, and other staff services because such items are not included in the firm's overhead for the purpose of setting the billing rates.

39.     Attorneys at Quinn Emanuel have not incurred expenses for luxury accommodations, deluxe meals or air travel in excess of coach fares. Throughout the Ninth

Monthly Fee Period, Quinn Emanuel has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

### VIII.   **NOTICE**

40.    No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Application has been given to (a) the United States Trustee, (b) the Debtors, (c) counsel for the Debtors, (d) the Creditors' Committee, and (e) counsel for the Creditors' Committee.  Quinn Emanuel submits that no further notice need be given in accordance with the Compensation Order.

IX.    **CONCLUSION**

**WHEREFORE**, Quinn Emanuel respectfully requests the Court to enter an order, substantially in the form attached hereto (i) approving and allowing Quinn Emanuel compensation in the amount of $122,547.00 for actual, reasonable and necessary professional services rendered and reimbursement of $4,743.47 for actual, reasonable and necessary expenses incurred, and authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $102,781.07 which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of such expense reimbursement; and (ii) granting such further relief as is just.

Dated: Wilmington, Delaware
        June 3, 2008

                              **QUINN EMANUEL URQUHART OLIVER &
                              HEDGES, LLP**

                              By _____
                                    James C. Tecce
                                    Susheel Kirpalani
                                    Harrison L. Denman

                                  51 Madison Avenue, 22nd Floor
                                  New York, New York  10010
                                  Telephone:  (212) 849-7000
                                  Telecopier: (212) 849-7100

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------------x
In re:                                          :
                                                :
                                                :      Chapter 11
AMERICAN HOME MORTGAGE                           :
HOLDINGS, INC., a Delaware corporation, et al., :      Case No. 07-11047 (CSS)
                                                :
                                                :      Jointly Administered
                              Debtors.          :
-----------------------------------------------------------------x
```

## CERTIFICATION OF JAMES C. TECCE

James C. Tecce, an attorney-at-law, duly admitted in good standing to practice in the

State of New York hereby certifies that:

      1.      I am counsel in the firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP

("**Quinn Emanuel**"), and I am duly authorized to make this Certification on behalf of Quinn

Emanuel.  Quinn Emanuel was retained by the Debtors as special investigatory litigation and

conflicts counsel  pursuant to an order of the Court.  This certification is made in support of

Quinn Emanuel's Ninth Monthly Application for Allowance of Compensation for Services

Rendered and for Reimbursement of Expenses During the Period from April 1, 2008 Through

April 30, 2008 (the "**Application**"), and in compliance with Local Rule 2016-2 of this Court (the

"**Rule**"), and with the United States Trustee's Guidelines for Review Of Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "**Guidelines**").

76802/2503454.1

2.      I have read the Application and I certify that the Application substantially

complies with the Rule and the Guidelines.


Dated:
June 13 2008

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**

_____
James C. Tecce
55 Madison Avenue - 22nd Floor
New York, NY 10010
(212) 849 - 7200

# EXHIBIT A

Matter # : 61106-H

AHM - Fee Application Preparation/Fee Issues

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 04/01/08 | STR | Prepare exhibit B for Feb. Fee App. | 3.20 |
| 04/02/08 | HLD | Reviewed emails with UST re requests for information re December and January expenses. | 0.50 |
| 04/02/08 | STR | Review of Dec. and Jan. Fee Applications and exhibits re: request from UST | 1.50 |
| 04/03/08 | STR | Review December and January fee applications re: request from UST | 2.50 |
| 04/04/08 | HLD | Emails/confs with Ricci re response to UST request re December expenses. | 0.50 |
| 04/04/08 | STR | Review expense summaries from December and January fee applications re: request from UST | 5.30 |
| 04/08/08 | HLD | Reviewed UST request for information re December/January expenses (1.5); revised chart response to same (.7); TC/emails with Jackson re interim hearing on QE's fee applications (.4). | 2.60 |
| 04/09/08 | HLD | Reviewed/revised chart response to UST's request for info re December and January expenses (3.1); Emails/TCs with UST re same, prep. re same (.9); Revised February fee application (1.2). | 5.20 |
| 04/09/08 | STR | Review and prep. exhibit B to Feb. Fee Application | 2.50 |
| 04/10/08 | HLD | TC/emails with UST re requests for information for Dec and Jan expenses (.9); TCs/emails Jackson at YC re Monday's hearing on interim fee application (.7). | 1.60 |
| 04/10/08 | STR | Prep. response to UST request re: Dec. and Jan Fee Applications | 4.50 |
| 04/11/08 | HLD | Emails/TCs with Jackson re amended November CNOs. | 0.40 |
| 04/13/08 | HLD | Prepare for hearing on QE's interim fee applications. | 1.50 |
| 04/14/08 | HLD | Reviewed/revised exhibit B for February fee application. | 0.30 |
| 04/14/08 | JCT | Attend interim fee hearing on QE's applications. | 0.60 |
| 04/17/08 | HLD | Reviewed open issues re February fee application and payment for second interim period | 0.40 |
| 04/18/08 | HLD | TCs/emails with AHM re payment of second interim fee applications. | 0.80 |
| 04/18/08 | STR | Prepared February fee application. | 1.50 |
| 04/21/08 | HLD | Emails re payment for second interim fee applications. | 0.30 |
| 04/21/08 | STR | Revise February fee application. | 1.00 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 04/22/08 | STR | Meeting with H. Denman re Feb. Fee Application, revised same. | 2.30 |
| 04/23/08 | HLD | Reviewed emails re payment of QE's November, December, and January fee applications. | 0.20 |
| 04/23/08 | STR | Prep. of Feb. Fee Application | 3.50 |
| 04/24/08 | HLD | TCs AHM (Horn), vendors re payment of QE's second interim fee application. | 0.40 |
| 04/24/08 | STR | Prepare February Fee. Application. | 2.50 |
| 04/25/08 | STR | Prep. Exhibit B to February fee application. | 1.50 |
| 04/28/08 | HLD | Emails/confs with Ricci re QE's February fee application | 0.30 |
| 04/28/08 | STR | Prepared exhibit B for February Fee Application | 2.50 |
| 04/29/08 | STR | Prepared February fee application. | 1.50 |
| 04/30/08 | HLD | Reviewed exhibit A to QE's February fee application, emails with Ricci re same. | 1.10 |
| 04/30/08 | STR | Prepared exhibits to Feb. Fee Application. | 3.00 |
| | | Total Hours | 55.50 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| James C. Tecce | JCT | Counsel | 0.60 | 605.00 | 363.00 |
| Harrison L. Denman | HLD | Associate | 16.10 | 375.00 | 6,037.50 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|-------------------|-------|-------|-------|------|--------|
| S. Tyler Ricci | STR | Paralegal | 38.80 | 235.00 | 9,118.00 |

Matter # : 61106-J

AHM - Insurance Issues

**Statement Detail**

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 04/01/08 | KAG | Follow up with K. Mangan regarding stipulation extension (.2); Begin review of emails (2.5). | 2.70 |
| 04/02/08 | DRL | Conference re: stipulation. | 0.20 |
| 04/02/08 | HLD | TCs/emails with Garcia and Lyons re scheduling issues in Triad litigation. | 0.50 |
| 04/02/08 | KAG | Call with K. Mangan regarding stipulation extension; edits to extension and circulate for signature (.2); Call with local counsel regarding same (.5) | 0.70 |
| 04/03/08 | KAG | Call with R. Rice regarding good faith language for extension. | 0.20 |
| 04/03/08 | KAG | Draft insert for motion for extension and edits for stipulation; email/calls with local counsel (1.0); Review emails (2.0) | 3.00 |
| 04/04/08 | KAG | Call with Duane Lyons regarding extension, depositions, email production review (.2); Edits to joint motion and stop for extension of time; collection of signatures; coordinate with local counsel for filing (1.0) Review emails for production (2.8). | 4.00 |
| 04/06/08 | KAG | Email production review/revised protocol. | 1.00 |
| 04/08/08 | HLD | Emails with Garcia and Lyons re Triad's request for loan files. | 0.40 |
| 04/09/08 | KAG | Production review of emails for responsiveness. | 2.80 |
| 04/10/08 | HLD | Emails with Garcia re privilege issues in Triad litigation. | 0.30 |
| 04/10/08 | KAG | Review email production. | 2.00 |
| 04/23/08 | KAG | Correspondence regarding deposition dates (.1); Correspondence regarding outcome of motion for extension, notice to court to enter motion per local counsel (.5); Review email production and Triad hot documents (4.0) | 4.60 |
| 04/24/08 | DRL | Conference with K. Garcia re: discovery. | 0.20 |
| 04/24/08 | KAG | Production review. | 3.00 |
| 04/28/08 | DRL | Conference with K. Garcia re: discovery, case status and deposition scheduling. | 0.50 |
| 04/28/08 | KAG | Correspondence regarding depositions and discovery (.5); Email production review (3.3) Meet with Duane Lyons regarding depositions and discovery (.5) review emails with Kalas (.5). | 4.80 |
| 04/29/08 | DLG | Emails re rescission issues and legal research re same. | 0.40 |
| 04/29/08 | HLD | Emails/TCs with Garcia, Brown and Kalas re open Triad litigation issues. | 0.80 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 04/29/08 | KAG | Call with Danielle Gilmore regarding open litigation issues (.5); correspondence with Duane Lyons regarding same. Case law research regarding open issued in Triad (2.3) production review (.5) | 3.30 |
| 04/30/08 | DRL | Review emails and authority re: cashing of premium check. | 0.70 |
| 04/30/08 | HLD | TCs/emails Garcia, Kalas re status of open Triad litigation issues. | 0.70 |
| 04/30/08 | KAG | Follow up research and correspondence regarding open issues (1.2); Production review (3.0). | 4.20 |
|  |  | Total Hours | 41.00 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Duane R. Lyons | DRL | Partner | 1.60 | 760.00 | 1,216.00 |
| Danielle Gilmore | DLG | Partner | 0.40 | 720.00 | 288.00 |
| Kristelia A. Garcia | KAG | Associate | 36.30 | 400.00 | 14,520.00 |
| Harrison L. Denman | HLD | Associate | 2.70 | 375.00 | 1,012.50 |

Matter # : 61106-K

AHM - Lender Claims

## Statement Detail

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 04/01/08 | HLD | TCs/emails with Sidley, Sakamoto re deposition scheduling, drafted status summary re same (3.3); confs with JCT re same (.4); Reviewed AHM's responses to interrogatories in Wells litigation (.4). | 4.10 |
| 04/01/08 | JCT | Review of BofA/Committee stipulation, status of litigation | 0.40 |
| 04/03/08 | HLD | Reviewed emails from Sidley re requests for documents in Wells litigation, emails with JCT re same. | 0.70 |
| 04/04/08 | HLD | Met with JCT re letter from Sidley requesting documents in wells litigation. | 0.30 |
| 04/06/08 | HLD | Draft response to Sidley re Bear's request for documents in Wells litigation (.8); Draft 30b6 deposition notice (1.4). | 2.20 |
| 04/07/08 | HLD | Revise/finalize letter to Sidley (1.8); TC/emails with Sakamoto re same (.8); Draft/revise deposition notices, emails with Sakamoto and Dorsey re same (2.2). | 4.80 |
| 04/07/08 | JCT | Review status of discovery w/ H. Denman and revise letter to Bear Stearns regarding document production/related document review (1.9); call w/ A Stern (Sidley) re same (.4); Call w/ AHM re lender claims (.3); outline argument for BofA litigation (.8); | 3.40 |
| 04/08/08 | HLD | TCs/emails with Goldy re Bear's request for more documents in Wells litigation, preparation re same (3.9); Confs/emails/TCs with JCT and Sakamoto re same (1.2); TCs with Sakamoto re strategy issues in Wells litigation (.4). | 5.50 |
| 04/08/08 | JCT | Review status of Wells Fargo litigation w/ H. Denman. | 0.20 |
| 04/09/08 | HLD | Drafted supplemental interrogatories to Bear (1.9); TC/emails with Sakamoto re same (.4). | 2.30 |
| 04/10/08 | HLD | Emails/TCs with Burzensky and Cavaco (AHM) re document collection for Wells litigation (1.2); Reviewed document collection issues re same (1.1). | 2.30 |
| 04/10/08 | JCT | Review BofA pleadings (re Committee settlement); outline argument points regarding repo litigation/residual interests. | 1.80 |
| 04/11/08 | HLD | Emails/confs with litigation support re document collection and review in Wells litigation (1.1); Reviewed/revised/finalized supplemental interrogatory in Wells litigation (2.5); TCs/emails Sakamoto re same (.7); | 4.30 |
| 04/11/08 | JCT | Review pending actions/Lehman, potential claims against lender counterparties to email YCST re same for BofA (1.2); revise supplemental interrogatories in Wells litigation (.7) | 1.90 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 04/11/08 | JLM | Coordinate document collection, production issues in Wells litigation, emails re same. | 2.00 |
| 04/11/08 | RKD | Participate in telephone conference with J. Tecce, E. Edwards, C. Pino and other employees regarding document production (.7); office conference with J. Tecce regarding same (.2). | 0.90 |
| 04/14/08 | BL2 | Reviewed document processing and collections issues. | 2.00 |
| 04/14/08 | HLD | TCs/emails with Horn, QE litigation support re document collection and review for Wells litigation. | 0.60 |
| 04/15/08 | BL2 | Reviewed document processing and collection issues. | 1.50 |
| 04/15/08 | HLD | TCs/emails with Sakamoto re strategy, verification (.6); Reviewed issue re verification to response to interrogatories in Wells litigation (.8). | 1.40 |
| 04/16/08 | BL2 | Reviewed document processing and collections issues in Wells litigation. | 4.50 |
| 04/16/08 | HLD | TCs/emails with Sidley re deposition scheduling, confs with JCT re same (1.1); TCs/emails with litigation support re document review for Wells litigation (.6); Reviewed documents re same (5.5). | 7.20 |
| 04/16/08 | JCT | Review status of depositions and discovery deadlines and Sidley correspondence (.7); calls w/ S. Sakamoto re next steps (.7); conf/ H. Denman re same (.1) | 1.50 |
| 04/17/08 | HLD | Drafted letter re discovery schedule in Wells litigation, confs with JCT re same (1.7); TCs/emails with Sakamoto and Jackson re response to interrogatories, reviewed same (1.6); Reviewed documents for Wells litigation production (4.3). | 7.60 |
| 04/17/08 | JCT | Review next steps in discovery for Wells Fargo litigation w/ H. Denman and S. Sakamoto (.5); review and revise Wells Fargo letter regarding discovery deadlines (.3) | 0.80 |
| 04/18/08 | HLD | Reviewed issues re discovery scheduling, TCs/emails Sidley re same (2.3); Finalized letter to Sidley re same (1.5); Drafted stipulation re same (1.6). | 5.40 |
| 04/18/08 | JCT | Review and revise correspondence w/ Bear Counsel re. discovery deadline extensions, review and revise stipulation re same (.3); Calls w/ AHM re draft complaint against prepetition lender (.7). | 1.00 |
| 04/21/08 | HLD | Emails with Wells counsel and YC re scheduling stipulation extending discovery deadlines, reviewed stipulation re same (.7); Reviewed documents for supplemental production to Bear (3.1); Reviewed US Bank's interpleader complaint, emails with Kirpalani, JCT and Sakamoto re same (1.1) | 4.90 |
| 04/22/08 | BL2 | Reviewed document production issues in Wells litigation. | 2.00 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 04/22/08 | HLD | Reviewed documents for Wells Fargo litigation, TCs/emails with litigation support re same (5.6); Drafted response to document demand in Wells litigation (1.1); Reviewed Bear's responses to AHM's interrogatories, TCs with AHM re same (.4); Reviewed US Bank complaint and trust document (1.8); TCs with Sidley/JCT re scheduling issues in US Bank litigation (.6). | 9.40 |
| 04/23/08 | HLD | TCs/emails with Sakamoto and Sidley re extension of answer deadline in US Bank litigation (.6); Reviewed AHM edits to lender x complaint, revised lender x complaint re same (3.1). | 3.70 |
| 04/24/08 | BL2 | Processed and load new docs into database. | 1.00 |
| 04/24/08 | HLD | TCs Sidley, JCT re US Bank interpleader complaint, prep re same (.6); TC with AHM, JCT re lender x complaint, meetings and prep re same (2.6); reviewed/revised lender x complaint (1.1); Reviewed documents for production to Bear in Wells litigation., emails/tcs with Sakamoto re same (5.1). | 9.40 |
| 04/24/08 | JCT | Review AHM emails on lender complaint (.3); call w/ AHM re same (.6) | 0.90 |
| 04/25/08 | BL2 | Reviewed document processing issues for Wells litigation (3.1) Reviewed production re same (2.9). | 6.00 |
| 04/25/08 | HLD | TCs/emails Sidley re US Bank interpleader (.3); Reviewed/redacted/finalized production to Bear re Wells litigation (6.5); Confs with JCT/Sakamoto re same (2.2); Draft letter and coordinate production re same (.8); | 9.80 |
| 04/25/08 | JCT | Confs. w. H. Denman re. final production in Wells litigation, with review of documents | 0.90 |
| 04/25/08 | JLM | Coordinate document production issues for Wells litigation. | 0.80 |
| 04/28/08 | HLD | TCs/emails with AHM/JCT re status/revisions to lender x complaint (1.1); review same(1.8); Research issues for lender x complaint, emails with JCT re same (2.1); Research damage issues for lender x complaint, emails with JCT re same (3.1) . | 8.10 |
| 04/28/08 | JCT | Review AHM emails on updated data, draft complaint against Lender X (.5); call w/ Kroll and AHM re next steps for Lender X complaint (.5); prepare for Bank of America oral argument on motion to dismiss (.7). | 1.70 |
| 04/28/08 | STR | Retrieve cases for J. Tecce in BofA litigation. | 1.50 |
| 04/29/08 | STR | Prepare binder for J. Tecce in BofA litigation. | 3.50 |
| 04/29/08 | AM6 | Review caselaw and briefing in preparation for argument on motion to dismiss. | 1.80 |
| 04/29/08 | BL2 | Review document production issues in Wells litigation. | 2.00 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 04/29/08 | HLD | Emails JCT re lender x complaint (.2); Emails litigation support re document production to Bear in wells litigation (.5). | 0.70 |
| 04/29/08 | JCT | Revise Lender X complaint w. AHM comments | 3.00 |
| 04/30/08 | AM6 | Review caselaw and briefing in preparation for argument on motion to dismiss. | 2.20 |
| 04/30/08 | HLD | Review/revise complaint against lender x, emails with AHM re same (4.4); confs with jct re same (.2); Legal research re open issues in lender x complaint (3.8). | 8.40 |
| 04/30/08 | JCT | Revise lender X complaint with AHM comments (1.6); conf w/ H. Denman re same (.2) | 1.80 |
| 04/30/08 | JCT | Prepare for BofA Motion to dismiss argument, reviewing pleadings and drafting outline | 5.60 |
| | | Total Hours | 159.70 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| James C. Tecce | JCT | Counsel | 24.90 | 605.00 | 15,064.50 |
| Robert K. Dakis | RKD | Associate | 0.90 | 385.00 | 346.50 |
| Harrison L. Denman | HLD | Associate | 103.10 | 375.00 | 38,662.50 |
| Aidan McGlaze | AM6 | Associate | 4.00 | 355.00 | 1,420.00 |

| Litigation Support/Document Management Services | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Bo Li | BL2 | Lit Support | 19.00 | 70.00 | 1,330.00 |
| Jeannie Larrea-Manzano | JLM | Lit Support | 2.80 | 250.00 | 700.00 |
| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
| S. Tyler Ricci | STR | Paralegal | 5.00 | 235.00 | 1,175.00 |

Matter # : 61106-P

AHM - Recharacterization

# Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 04/01/08 | AM6 | Review Calyon's request for documents and strategize re: objections. | 0.80 |
| 04/01/08 | JCT | Review Calyon document demands and outline responses and next steps for discovery (1.5); review same with R. Dakis (.3); emails w/ YCST and Calyon counsel regarding "meet and confer" (.2) | 2.00 |
| 04/02/08 | JCT | Review Calyon document requests for "meet and confer," outline responses (1.0); attend "meet and confer" call with Calyon counsel (.9); calls with American Home (Taylor) and YCST re possible settlements (1.0) | 2.90 |
| 04/03/08 | JCT | Emails with YCST re Calyon settlements | 0.30 |
| 04/04/08 | JCT | Review and comment on Calyon funds stipulation and email comments to S. Beach (YCST) | 0.40 |
| 04/05/08 | JCT | Review Calyon consent, next steps on document production | 0.70 |
| 04/07/08 | JCT | Review "side letter" proposed by Calyon (.2); call w/ C. Pino re document production issues (.6) | 0.80 |
| 04/08/08 | JCT | Attend "liquidity call" re Calyon (1.1); review and revise sale documents relating to Calyon agreement, related emails with YCST re same (1.2) | 2.30 |
| 04/09/08 | JCT | Attend conf. call re. Wilbur Ross side letter | 0.60 |
| 04/10/08 | AM6 | Conference call with Hunton and Williams re: document production requests. | 0.90 |
| 04/10/08 | JCT | Review next steps on document production (.4); conf call with Calyon counsel re same (.9) | 1.30 |
| 04/10/08 | RKD | Participate in conference call with J. Tecce, E. Edwards and representatives for Calyon regarding document production (.7). | 0.70 |
| 04/11/08 | JCT | Review outline of document production, scope of discovery, responses to requests (1.9); conf call w/ C. Pino, YCST re pulling documents for Calyon production (1.0); conf w/ S. Kirpalani re discovery disputes (.3) | 3.20 |
| 04/13/08 | RKD | Draft letter to Calyon summarizing document production issue for Phase II trial (3.9). | 3.90 |
| 04/14/08 | RKD | Draft letter to Calyon re document production issues (3.2). | 3.20 |
| 04/15/08 | AM6 | Review document production requests (.6); draft memo to AHM re same (3.9) | 4.50 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 04/15/08 | JCT | Call w/ M. Taylor re next steps in litigation (.2); review status of document production (.2); call w/ A. McGlaze re same (.2); draft status report to Board regarding case and other litigations (.3); review Calyon document requests and draft letter to Calyon counsel regarding agreements, issues with document production and sum of "meet and confer" (4.7); email AHM re same (.2) | 5.80 |
| 04/16/08 | AM6 | Revise document production assessment. | 2.40 |
| 04/16/08 | GY | Search Calyon documents for A. McGlaze | 0.30 |
| 04/16/08 | JCT | Review next steps in document production and conf. w/ A. McGlaze re. same (1.9); review claims on termination w/ R. Dakis (.8); revise Calyon letter (.5) | 3.20 |
| 04/17/08 | AM6 | Revise document production assessment. | 0.40 |
| 04/17/08 | JCT | Review discovery memorandum from A. McGlaze, markup same (.3); revise Calyon letter (.3). | 0.60 |
| 04/17/08 | STR | Review docs. for Caylon per A. McGlaze | 1.30 |
| 04/18/08 | AM6 | Coordinate search for responsive copies of privileged document (.5); Review repurchase agreements collected by YCST to determine responsiveness and categorize for completeness (.8). | 1.60 |
| 04/21/08 | AM6 | Review and catalog repurchase agreements provided by American Home Mortgage. | 0.80 |
| 04/22/08 | AM6 | Review Calyon correspondence re document production. | 0.30 |
| 04/22/08 | JCT | Review status of document production and correspondence from Calyon re same (.3); call w/ E. Edwards re same (.3) | 0.60 |
| 04/23/08 | JCT | Review Calyon correspondence on discovery and possible discovery responses (1.9); call w/ E. Edwards re same (.5); call with M. Taylor, K. Nystrom, YCST (Brady), and C. Pino re settlement proposal (.9) | 3.30 |
| 04/25/08 | AM6 | Conference call with Wilbur Ross (.5); post-conference strategizing re: gathering evidence (.2); Complete review of repurchase agreements; draft and circulate list to facilitate further production (1.2). | 1.90 |
| 04/25/08 | JCT | Conf call re document production Calyon case with Wilbur Ross (Love), Jones Day and YCST (Brady and Edwards) (.5); post-call w/ YCST re same (.2); review document production requests (.2); review email correspondence re status of document production among AHM and YCST (.3) | 0.90 |
| 04/28/08 | AM6 | Review critical documents from July to August 2007 (2.1); Review response to Calyon's document production request and submit comments re same (.9); Confer with J. Tecce re: case status (.3). | 3.30 |

| Date | Timekeeper | Description | Hours |
|------|------------|-------------|-------|
| 04/28/08 | JCT | Conf. w/ A. McGlaze re results from document review (.3) review "hot documents" (.8); review and revise written responses to Calyon requests (.9). | 2.00 |
| 04/29/08 | AM6 | Draft identification of witnesses for trial; deponents; and topics for 30(b)(6) deposition. | 1.70 |
| 04/29/08 | JCT | Revise written responses to Calyon document demands (.9); call w/ C. Pino re discovery (.8); call w/ E. Edwards re same (.2); review emails on document production. | 1.90 |
| 04/29/08 | ML5 | Prepare binder for Calyon litigation. | 2.00 |
| 04/30/08 | AM6 | Draft identification of witnesses for trial; deponents; and topics for 30(b)(6) deposition (.6); Arrange for the processing and uploading of documents for the Phase II trial (.9). | 1.50 |
| 04/30/08 | GY | Drafted index for binder and filed documents. | 0.90 |
| 04/30/08 | JCT | Review Calyon document production letter (.2); calls w/ C. Pino re discovery (.3); call w/ Calyon counsel re production (.2) | 0.70 |
| | | Total Hours | 65.90 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| James C. Tecce | JCT | Counsel | 33.50 | 605.00 | 20,267.50 |
| Robert K. Dakis | RKD | Associate | 7.80 | 385.00 | 3,003.00 |
| Aidan McGlaze | AM6 | Associate | 20.10 | 355.00 | 7,135.50 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|-------------------|-------|-------|-------|------|--------|
| Grace Yoon | GY | Paralegal | 1.20 | 235.00 | 282.00 |
| S. Tyler Ricci | STR | Paralegal | 1.30 | 235.00 | 305.50 |

| Litigation Support/Document Management Services | Init. | Title | Hours | Rate | Amount |
|-------------------------------------------------|-------|-------|-------|------|--------|
| Michael Lee | ML5 | Lit Support | 2.00 | 150.00 | 300.00 |

## EXHIBIT B

### Summary by Expenses Incurred
### (April 1, 2008 through April 30, 2008)

| Date Posted | Expense / Date Incurred | Amount |
|---|---|---|
| 3/31/2008 | Lexis | $1,356.99 |
| 4/3/2008 | Telephone | $5.89 |
| 4/3/2008 | Telephone | $8.28 |
| 4/4/2008 | Document Reproduction | $0.39 |
| 4/7/2008 | Document Reproduction | $0.26 |
| 4/7/2008 | Document Reproduction | $0.26 |
| 4/10/2008 | Document Reproduction | $0.52 |
| 4/11/2008 | Parking, S. Kirpalani on 11/6/07 | $24.00 |
| 4/11/2008 | Client Meal, S. Kirpalani on 10/25/07 | $25.00 |
| 4/11/2008 | Local Travel, J. Tecce on 1/25/08 | $127.00 |
| 4/11/2008 | Local Travel, J. Tecce on 1/25/08 | $113.00 |
| 4/11/2008 | Local Travel, J. Tecce on 2/26/08 | $127.00 |
| 4/11/2008 | Local Travel, J. Tecce on 2/26/08 | $110.00 |
| 4/17/2008 | Document Reproduction | $0.13 |
| 4/18/2008 | Document Reproduction | $0.26 |
| 4/18/2008 | Deposition Transcript | $325.00 |
| 4/21/2008 | Express Mail, J. Tecce | $12.94 |
| 4/22/2008 | Document Reproduction | $1.17 |
| 4/22/2008 | Document Reproduction | $153.74 |
| 4/24/2008 | Local Travel, H. Denman on 2/27/08 | $18.50 |
| 4/24/2008 | Taxi, H. Denman on 2/27/08 | $6.70 |
| 4/24/2008 | Taxi, H. Denman on 3/2/08 | $10.10 |
| 4/24/2008 | Taxi, H. Denman on 3/2/08 | $9.80 |
| 4/24/2008 | Taxi, H. Denman on 2/6/08 | $10.60 |
| 4/24/2008 | Taxi, H. Denman on 2/10/08 | $10.20 |
| 4/24/2008 | Taxi, H. Denman on 2/11/08 | $10.20 |
| 4/24/2008 | Taxi, H. Denman on 2/24/08 | $8.10 |
| 4/25/2008 | Local Travel, C. Drew on 2/27/08 | $32.64 |
| 4/25/2008 | Professional Services - Pacer, 1/1/08 - 3/31/08 | $13.36 |
| 4/25/2008 | Document Reproduction | $0.26 |
| 4/25/2008 | Document Reproduction | $40.69 |
| 4/25/2008 | Document Reproduction | $0.13 |
| 4/25/2008 | Document Reproduction | $0.26 |
| 4/25/2008 | Document Reproduction | $0.26 |
| 4/25/2008 | Document Reproduction | $0.26 |
| 4/25/2008 | Document Reproduction | $0.26 |
| 4/25/2008 | Document Reproduction | $52.81 |
| 4/25/2008 | Document Reproduction | $0.26 |
| 4/28/2008 | Local Travel, C. Drew on 2/28/08 | $32.64 |

| 4/28/2008 | Local Travel, J. Londono on 2/28/08 | $49.47 |
|---|---|---|
| 4/28/2008 | Local Travel, C. Drew on 3/2/08 | $32.64 |
| 4/28/2008 | Local Travel, C. Drew on 3/3/08 | $32.64 |
| 4/28/2008 | Messenger, on 3/3/08 | $45.00 |
| 4/28/2008 | Document Reproduction | $0.13 |
| 4/28/2008 | Document Reproduction | $0.26 |
| 4/29/2008 | Document Reproduction | $0.65 |
| 4/30/2008 | Client Meal, H. Denman on 3/02/08 | $15.43 |
| 4/30/2008 | Client Meal, H. Denman on 2/27/08 | $28.63 |
| 4/30/2008 | Client Meal, J. Larrea-Manzano on 3/2/08 | $19.77 |
| 4/30/2008 | Client Meal, C. Drew on 2/28/08 | $20.01 |
| 4/30/2008 | Lexis | $1,356.99 |
| 4/30/2008 | Client Meal, H. Denman on 3/2/08 | $26.68 |
| 4/30/2008 | Client Meal, H. Denman on 3/1/08 | $16.53 |
| 4/30/2008 | Westlaw | $247.67 |
| 4/30/2008 | Westlaw | $201.11 |
| **TOTAL:** | | **$4,743.47** |