June 10, 2008

In re:                                               Chapter 11
AMERICAN HOME MORTGAGE                               Case No. 07-11047 (CSS)
HOLDINGS INC., a Delaware corporation, et al

    Debtors                                 Objection Deadline: June _____ p.m. ET
                                                     Hearing Date: June 25, 2008 @ 10:a.m. ET

Scullin, James P.
381 Victoria Ave.
Piscataway, NJ 08854

    Claimant

                         Response to:

NOTICE OF DEBTORS' NINTH OMNIBUS (NON-SUBSTANTIVE)
OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE
BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL
RULE 3007-1

                        Basis For Objection: Claim based on Equity Interest

                        Claim to be Expunged   Claim No.   Claim Amount
                                                       8631      $3,297.00

This is a response to the Objection by the Debtors to my claim for damages for the dividend due and payable by American Home Mortgage for 7/27/2007. The Debtors state, in their objection, that they want to expunge my claim for the dividend that was accrued.

Clearly, my claim for dividends must be honored. American Home Mortgage set an ex-dividend date of 7/25/07 on which to pay a dividend, to all common shareholders, of $.70/share, payable on 7/27/2007. American Home Mortgage was solvent on both of said dates, 7/25/07 and 7/27/07. and therefore the dividend should have been paid to all holders of common stock on the payable date of 7/27/07, but it was not paid. On the ex-dividend date of 7/25/07, the value of common shareholders' equity was reduced by the amount of the dividend to be paid on the payable date. The dividend has thus become damages, because it was never paid,, but the shareholders' value was decreased by the

Amount of the unpaid, but payable dividend.

The Debtors petitioned the court, on 8/6/07, for voluntary relief under chapter 11 of the Bankruptcy Code, but since the payable dividend was accrued almost two weeks before the filing for bankruptcy, it is clear that the claim for dividend must not be expunged. An opinion by Kevin J. Carey, United States Bankruptcy Judge, in re:Fidelity Bond and Mortgage Co. v. Steven D. Brand et al, Bankruptucy No. 99-18427 KJC, Adversary No. 00-257, is germane. The judge ruled that Fidlity could not recover dividends paid to Brand just prior to a merger and subsequent filing for bankruptcy. This case sets a precedent: that dividends that should have been paid before filing for bankruptcy should still be paid.

Therefore, in the present instance, the claims for dividends should not be expunged, nor subordinated to other secured debt, since the dividend was recorded and payable as of 7/27/07, and should have been paid *two weeks before* the petition for bankruptcy under Chapter 11 was filed.

I hereby reserve all rights for further action. in this matter.

James P. Scullin
381 Victoria Ave.
Piscataway, NJ 08854
Email:jamespscullin@aol.com

cc: United States Bankruptcy Court for the District of Delaware
824 Market Street ,3rd Floor
Wilmington DE 19801

Young Conaway Stargatt & Taylor, LLP
James L, Patton Jr. (No.2202),et al
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

,

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FIDELITY BOND AND MORTGAGE COMPANY | : | |
| | : | |
| | : | Bankruptcy No. 99-18427 KJC |
| Debtor | : | |
| | : | |
| FIDELITY BOND AND MORTGAGE COMPANY | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN D. BRAND, et al., | : | |
| | : | |
| Defendants | : | Adversary No. 00-257 |

## O P I N I O N[1]

BY:   KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE[2]

Before the Court is a complaint (the "Complaint") filed by the plaintiff/debtor, Fidelity Bond and Mortgage Company (the "Debtor"), on March 27, 2000 against defendants Steven D. Brand, James M. Dougherty, Arthur L. Powell, Trustee under Indenture of Trust of Lea R. Powell dated July 19, 1993, Richard S. Powell, Jon R. Powell, Carol P. Heller, Nancy E. Powell, Harold G. Schaeffer, Trustee under Indenture of Trust of Adele K. Schaeffer dated July 19,

---

[1]This Opinion constitutes the findings of fact and conclusions of law required by Fed. R. Bankr. P. 7052. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, §157(a). The core/non-core status of the claims are discussed *infra*.

[2]On December 9, 2005, I assumed office as a bankruptcy judge in the District of Delaware. On the same date, I was designated by the Third Circuit Court of Appeals to sit as a bankruptcy judge in the Eastern District of Pennsylvania for the purpose of completing various matters, including this one.

1993, James R. Schaeffer, Anthony L. Schaeffer, and Robert D. Schaeffer (the "Defendants"). The Defendants filed an answer to the Complaint on May 24, 2000 (docket no. 31).

The Debtor's focus in this litigation is two-fold.[3] First, it seeks to avoid and recover a cash distribution in the amount of $1,705,000 made on April 30, 1998 from the Debtor to the Defendants in their capacity as shareholders of the Debtor (the "Distribution"). The Distribution was made immediately prior to a merger (the "Merger") between the Debtor and another mortgage banking company known as Phoenix Mortgage Company ("Phoenix"). The Debtor argues that the Distribution may be avoided and recovered on two theories: (I) the Distribution was a fraudulent transfer under the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa.C.S.A. §5101 *et seq.* ("PUFTA"), and (ii) the Distribution violated the Pennsylvania Business Corporation Law of 1988, 15 Pa.C.S.A. §1551.

Second, the Debtor seeks to avoid liability on certain promissory notes (the "Promissory Notes") in the aggregate original principal amount of $1,200,000, which were given to the Defendants in connection with the Merger. The Debtor argues that the Promissory Notes were also fraudulent transfers under PUFTA. In the alternative, the Debtor seeks to recharacterize the

---

[3] The Debtor's Complaint contains five counts, as follows:
  (i) Count I seeks to avoid and recover the Distribution in the amount of $1,705,000 pursuant to the Bankruptcy Code (11 U.S.C. §544 and §550), and the Pennsylvania Uniform Fraudulent Transfer Act (12 Pa.C.S.A. §5101 *et seq.*)("PUFTA");
  (ii) Count II seeks recovery of the Distribution under the Pennsylvania Business Corporation Law of 1988 (15 Pa.C.S.A. §1551(b) and §1553(a));
  (iii) Count III objects to the proofs of claim for amounts due under the Promissory Notes filed by the Defendants in the Debtor's bankruptcy case;
  (iv) Count IV seeks to avoid any obligation for amounts due to the Defendants under the Promissory Notes pursuant to Bankruptcy Code §544 and PUFTA;
  (v) Count V seeks, in the alternative, to recharacterize or equitably subordinate any obligations to the Defendants under the Promissory Notes pursuant to Bankruptcy Code §510.

Prior to filing the Joint Pretrial Statement, the Debtor decided not to pursue Count III.

Promissory Notes as equity or to equitably subordinate any obligation it may have to the Defendants based upon the Promissory Notes.

The parties filed a Joint Pretrial Statement on April 2, 2001 (docket no. 54). In the Joint Pretrial Statement, the parties agreed that Counts I, IV & V are core proceedings under 28 U.S.C. §157(b)(1) and (2)(B), (E), (H), (K) and (O). The parties also agreed that Count II is a non-core proceeding related to a case under title 11 of the United States Bankruptcy Code (11 U.S.C. §101 *et seq.*)(the "Bankruptcy Code"), but consented to entry of a final order by this Court with respect to Count II. Whether certain issues are core or non-core is a legal question and the Court is not bound by the parties' stipulations regarding questions of law. *Mintze v. American General Financial Services, Inc. (In re Mintze)*, 434 F.3d 222, 228 (3d Cir. 2006). I agree with the parties that Counts I, IV & V are core proceedings under 28 U.S.C. §157(b)(1) and (2)(H), (K), and (O).

On April 5, 2001, trial of this matter began and spanned over thirty-three days throughout 2001 and 2002, with numerous exhibits offered into evidence. At the close of the trial, the parties submitted a post-trial briefing a schedule, which was amended. The Debtor filed its Amended Proposed Findings of Fact and Conclusions of Law on March 12, 2003 (docket no. 173). The Defendants filed their Proposed Findings of Fact and Conclusions of Law on July 14, 2003 (docket no. 179). The parties then filed their respective post-trial briefs on November 6, 2003 (docket no. 187; docket no. 189).

After a conference call with the Court on December 22, 2004, the Defendants filed a motion to reopen the record on February 4, 2005 (docket no. 194). The Debtor filed a response on March 23, 2005 (docket no. 198). Oral argument regarding the motion to reopen the record

3

was held on May 18, 2005. At oral argument, the Court reopened the record to include the parties' arguments regarding the effect of a district court decision in related litigation, *Powell v. First Republic Bank*, 274 F.Supp.2d 660 (E.D.Pa. 2003), *aff'd* 113 Fed.App. 470, 2004 U.S.App. LEXIS 22428 (3d Cir. 2004), on this adversary proceeding.

For the reasons set forth below, I conclude that judgment should be entered against the Plaintiff and in favor of the Defendants on Count I (fraudulent transfer of the Distribution), Count II (violation of the Pennsylvania Business Corporation Law), and Count IV (fraudulent transfer of the Promissory Notes). I further conclude that judgment should be entered in favor of the Plaintiff and against the Defendants on Count V (recharacterization of the Promissory Notes).

### FINDINGS OF FACT

At all times relevant prior to the Merger, Old Fidelity was engaged in the origination, purchase, sale and servicing of residential mortgage loans collateralized by real estate.[4] (Joint Pretrial Statement, Statement of Uncontested Facts, ¶14.)[5] Loan servicing, as opposed to loan origination, was the primary focus of Old Fidelity's business. (*Id.*) All of Old Fidelity's issued and outstanding stock was owned by the Defendants. (JPS, ¶2.)

Prior to the Merger, Phoenix also was engaged in the origination, purchase, sale and servicing of various types of loans. (JPS, ¶15.) However, loan origination, as opposed to loan servicing, was the primary focus of Phoenix's business. (*Id.*)

---

[4] Fidelity Bond and Mortgage, as it existed prior to the Merger, will be referred to herein as "Old Fidelity."

[5] Hereinafter, the uncontested facts in the Joint Pretrial Statement will be referred to as (JPS, ¶___").

4