IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                  :    Chapter 11
                                                        :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                  :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                         :
                                                        :    Jointly Administered
        Debtors.                                        :
---------------------------------------------------------------------- x

**NINTH MONTHLY APPLICATION OF WEINER BRODSKY SIDMAN KIDER PC
AS COUNSEL FOR THE DEBTORS FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
<u>FOR THE INTERIM PERIOD APRIL 1, 2008 THROUGH APRIL 30, 2008</u>**

| | |
|---|---|
| Name of Applicant: | Weiner Brodsky Sidman Kider PC |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | Effective as of August 6, 2007 |
| Period for which compensation and reimbursement is sought: | April 1, 2008 through April 30, 2008 |
| Amount of Interim Compensation sought as actual, reasonable and necessary: | $55,855.00 |
| Amount of Interim Expense Reimbursement sought as actual, reasonable and necessary: | $2,920.07 |

This is an:   <u> X </u>  interim    ___ final application

This application includes no hours incurred in connection with the preparation of Fee Applications.

066585.1001

Prior applications:

| Date Filed / Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 1818 | August 6, 2007 through August 31, 2007 | $88,599.50 | $1,062.60 | $88,599.50 paid | $1,062.60 paid |
| 1987 | September 1, 2007 through September 30, 2007 | $80,618.50 | $1,108.65 | $75,759.70 paid | $1,108.65 paid |
| 2110 | October 1, 2007 through October 31, 2007 | $64,370.00 | $6,707.04 | $64,370.00 paid | $6,707.04 paid |
| 2405 | November 1, 2007 through November 27, 2007 | $42,212.50 | $2,532.61 | $42,212.50 paid | $2,532.61 paid |
| 2967 | November 28, 2007 through December 31, 2007 | $41,766.00 | $3,716.57 | $41,766.00 paid | $3,716.57 paid |
| 3122 | January 1, 2008 through January 31, 2008 | $36,194.50 | $10,158.28 | $36,194.50 paid | $10,158.28 paid |
| 3508 | February 1, 2008 through February 29, 2008 | $53,811.00 | $2,847.81 | $43,048.80 paid as of the date of this application – approved – Certification of No Objection to Weiner Brodsky Sidman Kider PC's Seventh Application for Compensation and Reimbursement of Expenses Incurred for the Period February 1, 2008 through February 29, 2008 filed on April 25, 2008 (Docket No. 3858) | $2,847.81 paid |
| 4228 | March 1, 2008 through March 31, 2008 | $30,710.50 | $855.73 | Pending | Pending |

## INTERIM COMPENSATION BY INDIVIDUAL

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate ($) (including changes) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|
| John D. Socknat | Partner since January, 2005. Joined firm as an associate in November, 1997. Member of the Virginia Bar since 1995 and the DC Bar since 1998. | $395 | See Exhibit A. | See Exhibit A. |
| David M. Souders | Partner since 2002. Joined firm as an of counsel in 2000. Member of Missouri Bar since October, 1985 and the DC Bar since July, 1994. | $420 | See Exhibit A. | See Exhibit A. |
| Bruce E. Alexander | Joined firm as counsel in January, 2003. Member of Maryland Bar since December, 1981. | $405 | See Exhibit A. | See Exhibit A. |
| Nancy W. Hunt | Joined firm as an associate in October, 2004. Member of the California Bar since May, 2002 and the DC Bar since June, 2005. | $255 | See Exhibit A. | See Exhibit A. |
| Heather C. Hutchings | Joined firm as an associate in September, 2004. Member of the Virginia Bar since November, 2004 and the DC Bar since April, 2005. | $230 | See Exhibit A. | See Exhibit A. |
| Haydn J. Richards, Jr. | Joined firm as an associate in July, 2003. Member of the Virginia Bar since October, 2002 and the DC Bar since September, 2002. | $245 | See Exhibit A. | See Exhibit A. |
| Kristin D. Thompson | Joined firm as an associate in August, 2006. Member of the New Hampshire Bar since November, 1997, the Massachusetts Bar since April, 2003, and the DC Bar since April, 2007. | $295 | See Exhibit A. | See Exhibit A. |

| | | | | |
|---|---|---|---|---|
| Sandra B. Vipond | Joined firm as an associate in April, 2002. Member of the Maryland Bar since June, 1999, the New Jersey Bar since June, 1999 and the DC Bar since January, 2000. | $295 | See Exhibit A. | See Exhibit A. |
| Hazel O. Berkoh | Paralegal | $150 | See Exhibit A. | See Exhibit A. |
| Melissa M. Jewett | Licensing Specialist | $145 | See Exhibit A. | See Exhibit A. |
| Darron E. Mason | Licensing Specialist | $145 | See Exhibit A. | See Exhibit A. |
| **Grand Total:** | | | 186.50 hours | $55,855.00 |
| **Blended Rate:** | | $ | | |

## INTERIM COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| Case Administration  (1001) | | |
| Court Hearings (1002) | | |
| Cash Collateral/DIP Financing (1003) | | |
| Schedules & Statements, U.S. Trustee Reports (1004) | | |
| Lease/Executory Contract Issues (1005) | | |
| Use, Sale or Lease of Property (363 Issues) (1006) | | |
| Claims Analysis, Objections and Resolutions (1007) | | |
| Meetings (1008) | | |
| Stay Relief Matters (1009) | | |
| Reclamation Claims and Adversaries (1010) | | |
| Other Adversary Proceedings (1011) | | |
| Creditor Inquiries (1013) | | |
| Employee Matters (1015) | | |
| Retention of Professionals/Fee Issues (1017) | | |
| Travel (1019) | | |
| Utility Services (1020) | | |
| On Site Services (1021) | | |
| **TOTALS** | | |

## INTERIM EXPENSE SUMMARY

| Expenses Category (Examples) | Total Expenses ($) |
|---|---|
| Attorney Administrative Expenses | $0 |
| AP Fax (Parcels, Inc.) | No charge |
| Calling Card/Conference Calls | $0 |
| Computerized Legal Research (Westlaw) | $0 |
| Delivery/Courier (Parcels, Inc.) | $0 |
| Deposition/Transcript (Transcripts Plus) | $809.75 |
| Docket Retrieval (Virtual Docket.com) | No charge |
| Facsimile | No charge |
| Federal Express | $195.03 |
| Filing Fees/Court Costs/Legal Fees | $0 |
| Local Counsel Fees | $0 |
| Long Distance Telephone | $0.17 |
| Parking/Mileage Expenses | $0 |
| Photocopy Charges ($0.10 per page) | $442.70 |
| Postage | $20.51 |
| Scanning, Electronic Bates-Labeling and Photocopying Performed By Outside Vendors[2] | $1,451.91 |
| Taxi/Local Transportation | $0 |
| Travel/Hotel/Air Fare/Tips | $0 |
| **TOTAL** | $2,920.07 |

---

[2] To the extent that any fees for scanning, electronic bates-labeling and photocopying services by outside vendors were incurred by WBSK, the invoices for such fees are attached hereto as Exhibit B.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------ x

In re:                                                        :     Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS, INC.,      :     Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                  :
                                                                       :     Jointly Administered
        Debtors.                                                 :

------------------------------------------------------------------------ x

**NINTH MONTHLY APPLICATION OF WEINER BRODSKY SIDMAN KIDER PC**
**AS COUNSEL FOR THE DEBTORS FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE INTERIM PERIOD APRIL 1, 2008 THROUGH APRIL 30, 2008**

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of

Bankruptcy Procedure, the law firm of Weiner Brodsky Sidman Kider PC (hereinafter "WBSK")

hereby moves this Court for reasonable compensation for professional legal services rendered as

counsel to American Home Mortgage Corporation and its related entities, the debtors in the

above-captioned cases (the "Debtors"), in the amount of $55,855.00 together with

reimbursement for actual and necessary expenses incurred in the amount of $2,920.07 for the

interim period April 1, 2008 through April 30, 2008 (the "Interim Fee Period"). In support of its

Application, WBSK respectfully represents as follows:

1.    On September 4, 2007, the Court entered an Order Pursuant to Sections

105(a), 327, 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the

Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro

Tunc to Petition Date [Docket No. 207] (the "Order"). The Order authorized WBSK to be

compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket

expenses.

2.    All services for which compensation is requested by WBSK were

performed for or on behalf of the Debtor.

## PRE-PETITION COMPENSATION PREVIOUSLY PAID

3.      Prior to the filing of the above-captioned cases, WBSK was employed by

the Debtors.  The Debtors owe WBSK $36,115.50 for pre-petition services.  WBSK agreed to

waive its pre-petition claim in connection with the Court's approval of its employment pursuant

to the Order.

## SUMMARY OF SERVICES RENDERED

4.      Attached hereto as Exhibit A is a detailed statement of fees incurred and

expenses paid during the Interim Fee Period, showing the amount of $55,855.00 due for fees and

the amount of $2,920.07 due for the reimbursement of expenses.

5.      Attached hereto as Exhibit B are the invoices for scanning, electronic

bates-labeling and photocopying services performed by outside vendors, showing the amount of

$1,451.91 due for such vendors' services incurred by WBSK.

6.      The services rendered by WBSK during the Interim Fee Period are

grouped into the categories set forth in Exhibit A.  The attorneys and paralegals who rendered

services relating to each category are identified, along with the number of hours for each

individual and the total compensation sought for each category, in the attachments hereto.

## DISBURSEMENTS

7.      WBSK has incurred out-of-pocket disbursements during the Interim Fee

Period in the amount of $2,920.07.  This disbursement sum is broken down into categories of

charges, including, among other things, telephone and long distance charges, mail and express

mail charges, special or hand delivery charges, document processing, photocopying charges,

2

travel expenses, computerized research, and transcription costs. A complete review by category of the expenses incurred for the Interim Fee Period may be found in the attachments hereto as Exhibit A and Exhibit B.

8.      Costs incurred for overtime and computer assisted research are not included in WBSK's normal hourly billing rates and, therefore, are itemized and included in WBSK's disbursements. Pursuant to Local Rule 2016-2, WBSK represents that its rate for internal duplication is $0.10 per page, there is no charge for telecopier transmissions and there is no surcharge for computerized research.

## VALUATION OF SERVICES

9.      Attorneys and paraprofessionals of WBSK have expended a total of 186.50 hours in connection with this matter during the Interim Fee Period.

10.     The amount of time spent by each of these persons providing services to the Debtors for the Fee Period is fully set forth in the detail attached hereto as Exhibit A. These are WBSK's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by WBSK for the Interim Fee Period as counsel for the Debtors in these cases is $55,855.00.

11.     WBSK believes that the time entries and expense breakdown set forth in Exhibit A and Exhibit B attached hereto are in compliance with the requirements of Local Rule 2016-2.

12.     In accordance with the factors enumerated in 11 U.S.C. §330, the amount requested is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

DB02:6292330.5                                                              066585.1001

13.     This Application covers the Interim Fee Period April 1, 2008 through April 30, 2008.

WHEREFORE, WBSK requests that allowance be made to it in the sum of $55,855.00 as compensation for necessary professional services rendered to the Debtors for the Interim Fee Period, and the sum of $2,920.07 for reimbursement of actual necessary costs and expenses incurred during that period, and further requests such other and further relief as this Court may deem just and proper.

Washington, D.C.
June 12, 2008

                                WEINER BRODSKY SIDMAN KIDER PC

                                Mitchel H. Kider
                                David M. Souders
                                1300 19th Street, NW, Fifth Floor
                                Washington, D.C. 20036
                                Telephone: (202) 628-2000
                                Facsimile: (202) 628-2011

                                Counsel for the Debtors

4

VERIFICATION

DISTRICT OF COLUMBIA )
                     )    SS:
                     )

David M. Souders, after being duly sworn according to law, deposes and says:

1.    I am a Partner in the applicant firm, Weiner Brodsky Sidman Kider PC, and
have been admitted to the bars of the Supreme Courts of Missouri and the District of Columbia
since 1985 and 1994, respectively.

2.    I have personally performed many of the legal services rendered by Weiner
Brodsky Sidman Kider PC, as counsel to the Debtors and am familiar with all other work performed
on behalf of the lawyers and paraprofessionals in the firm.

3.    WBSK usually bills on discrete matters in connection with its representation
of American Home.  However, with the filing of the bankruptcy petition, the Firm opened a new
matter to handle the myriad matters that arose from the filing of the petition.  Specifically, matter
089 in the Firm's billing system was used by Firm attorneys for the following matters:

- responding to inquiries from state regulators arising out of the press releases issued
  by American Home and subsequent notifications to such regulators about the
  liquidity crisis the firm was experiencing just before the filing of the bankruptcy
  petitions;

- filing of suggestions of bankruptcy in the defensive matters being handled by the
  Firm;

- notifying state and federal regulators of the filing of the bankruptcy petitions and
  participating in conference calls with the regulators;

- handling of issues with state and federal regulators arising from the freezing of
  certain escrow accounts by one of the creditors;

- surrendering of licenses for the origination entities and the preservation of the
  licenses held by the servicing entity;

- researching surety bond requirements for the origination and servicing entities;

- completion of an ongoing HUD investigation;

- researching servicing liquidity issues and change of control requirements;

- reviewing of purchase and sale agreements in connection with the sale of the servicing entity; and

- assisting bankruptcy counsel with the preparation and filing of the motion to return funds from the customers in the pipelines of the originating entities.

Where work was performed on individual matters that were opened prior to the filing of the petition, the Firm continued to bill directly to those matters and will continue to do so on a going forward basis.

4.    The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
DAVID M. SOUDERS

SWORN TO AND SUBSCRIBED before me this 12th day of June 2008.

_____
Notary Public
My Commission Expires: July 31, 2009

066585.1001