**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| In re | Chapter 11 |
|---|---|
| AMERICAN HOME MORTGAGE HOLDINGS, INC., et al. | Case No. 07-11047(CSS)<br>Jointly Administered |
| Debtors. | **Docket No. 4084** |

## OBJECTION OF MICROSOFT TO PROPOSED PURCHASER'S CURE AMOUNT

COME NOW Microsoft Corporation, a Washington corporation, and its wholly-owned subsidiary Microsoft Licensing GP, formerly known as MSLI, GP (collectively "Microsoft"), and hereby make their Cure Objection:

1. Exhibit A to the Notice of (I) Debtor's Proposed Purchaser's Cure Amounts and (II) Deadline for Filing Objections to the Proposed Purchaser's Cure Amounts, Docket No. 4084, identifies the following agreement with Microsoft:

| Counter Party | AHM Contracting Entity | Description of Agreement | Effective Date | Maximum Cure Amount |
|---|---|---|---|---|
| Microsoft | American Home Mortgage Corp. | Microsoft Enterprise Agreement – Volume Licensing***Only license for OS and Office for desktops and OS for applications for servers being transferred. | 6/20/2005 | $0.00 |

## Enterprise Agreement

2. Microsoft presumes that Debtors are referring to the Enterprise Agreement and related documents under Microsoft No. 01E64704 ("EA"). The EA is the contractual vehicle by which Debtors obtained licenses to use Microsoft copyrighted software and products.

3. The licenses that Debtors have of Microsoft software and products are licenses of copyrighted materials and, therefore, may not be assumed or assigned without Microsoft's consent. In re Catapult Entertainment, 165 F.3d 747 (9th Cir. 1999) (since federal patent law excused non-debtor licensor from rendering performance, debtor could not assume or assign the non-exclusive patent license without the non-debtor's licensor's consent). The analysis of the court in In re Catapult holds true for non-exclusive copyright licenses. See In re Access Beyond Technologies, Inc., 237 B.R. 32, 48 49 (Bankr. D. Del. 1999) (citing In re West Elec., Inc., 852 F.2d 79 (3d Cir. 1988)); In re Patient Educ. Media, 210 B.R. 237, 243 (Bankr. S.D.N.Y. 1997) (holding that debtor could not assume and assign nonexclusive license without copyright owner's consent).

## Cure Amount

4. Under EA No. 01E62741, there was a payment due on July 1, 2007 in the amount of $1,421,718.97. Debtors never made this payment. A copy of the pertinent invoice is attached as Exhibit A.

5. As the invoice reports, it covers the period from March 2007 through February 2008. Payment was due on July 1, 2007.

6. The Sale Order divided cure into three periods: The initial cure amount, for the period before October 30, 2007 (paragraph 33); the interim period cure amount, for the period from October 30, 2007 until November 16, 2007 (paragraph 34); and the purchaser's cure amount, for the period from February 16, 2007 through April 11, 2008 (paragraph 36).

7. Prorating the amount due as cure on the EA from its due date on July 7, 2007, the amount due to Microsoft for the foregoing periods are as follows:

| Item | Amount |
| --- | --- |
| Initial cure amount | $707,943.70 |
| Interim period cure amount | $99,461.90 |
| Purchaser's cure amount | $614,323.50 |
|  | $1,421,729.10 |

### Debtors Fail to State Cure Fully and Accurately

8. Debtors should be obligated as a condition of the cure procedure to state fully and accurately the cure amounts as shown on Debtors' books and records, which should be the invoice amount. Debtors surely know that the EA is in default and the amount they owe as cure is not $0.00.

9. In fact, the Debtors have listed $0.00 as the amount of cure for each and every contract listed on their Notice. This is impossible and a failure of the Debtors to meet their obligation to truly and correctly state their liabilities or to "specify the terms, including the curing of defaults, for each requested assumption or assignment" as contemplated by BR 6006(f)(3).

### Cure Cannot Be Eliminated By List All Cure Amounts At $0.00

10. Unlike the specific statutory authority for the establishment of a bar date for prepetition creditor claims set forth in Section 501 and BR 3003(c), there is no specific statutory or rule basis for creating a *de facto* cure bar date by listing cure as $0.00 and setting a date by which those who are counterparties to an executory contract must affirmatively assert a Cure Claim or lose the cure.

### Cure Is Mandatory

11. The Bankruptcy Code makes cure mandatory if an executory contract is assumed and there has been a default in the contract. The obligation to cure is unconditional. Section 365 (b)(1)(A) directly provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…

*In re A.C.E. Elevator Co., Inc.*, 347 B.R. 473, 483 (Bankr. S.D.N.Y. 2006); *In re WorldCom, Inc.*, 343 B.R. 486, 500 (Bankr. S.D.N.Y. 2006); *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 754 (Bankr. S.D.N.Y. 1986).

12. "The idea of cure in the Code is to provide the other party to the contract with the benefit of its economic bargain." *3 Collier on Bankruptcy.* ¶ 365.05[3][b] (15th ed. rev. 2005).

13. The Debtors have decided to assume and to assign that EA because of the benefits it provides in licensing thousands of computers used by the Debtors and now by the Purchaser of its assets. Without those licenses, neither the Debtors nor its Purchaser were entitled to run the related Microsoft software on their computers without

being liable for copyright infringement. The Debtors and its Purchaser are getting the benefit of the bargain in having the licenses. To get its benefit of the bargain, Microsoft is entitled to cure in full and Section 365 mandates it.

Conclusion

WHEREFORE, Microsoft states that cure of $1,421,718.97 is due for the EA.

DATED this 17 day of June, 2008.

RIDDELL WILLIAMS P.S.

By: _____
Joseph E. Shickich, Jr.
Washington State Bar No. 8751
Admitted Pro Hac Vice,
Docket No. 4402
1001 4th Ave Ste. 4500
Seattle WA  98154-1192
(206) 624-3600 Telephone
(206) 389-1708 Facsimile
jshickich@riddellwilliams.com

BROWN STONE NIMEROFF, LLC

By: _____ For JBN
Jami B. Nimeroff
Delaware Bar State No. 4049
4 E. 8th Street, Ste 400
Wilmington, DE 19801
Telephone:  (302) 428-8142
Facsimile:  (302) 351-2744
jnimeroff@bsnlawyers.com

Counsel for Microsoft Corporation

## DECLARATION OF SERVICE

Sheila Rowden declares:

1. I am an employee of Riddell Williams P.S. which represents Microsoft Corporation and Microsoft Licensing GP (f/k/a MSLI, GP). I am a United States citizen, over the age of 18, competent to make this Declaration, and have personal knowledge of the facts herein.

2. On June 17th, 2008, I electronically filed via the U.S. Bankruptcy Court's CM/ECF System the foregoing pleading:

- **Objection of Microsoft to Proposed Purchaser's Cure Amount**

It is my understanding that at the time of filing this document on the ECF System, the Court will automatically send electronic notification to each of the individuals and/or entities (that are ECF participants) who appeared and/or requested special notice in this case.

3. On June 17th, 2008, I also caused to be served via facsimile a copy of this same pleading on:

American Home Mortgage Holdings, Inc.
  Attn: Alan Horn, General Counsel
538 Broadhollow Road
Melville, NY 11747
Fax: 866-535-3144

Milestone Advisors, LLC
  Attn: Jeffrey M. Levine
1775 Eye Street NW, Suite 800
Washington, DC 20006
Fax: 202-367-3001

Kaye Scholer LLP
  Attn: Margot Schonholtz, Scott Talmadge
425 Park Avenue
New York, NY 10022
Fax: 212-836-8689

Jones Day
  Attn: Erica Ryland, Scott Friedman
222 East 41st Street
New York, NY 10017
Fax: 212-755-7306

Office of the United States Trustee
  Attn: Joseph McMahon
844 King Street, Room 2313
Wilmington, DE 19801
Fax: 302-573-6491

Young Conaway Stargatt & Taylor, LLP
  Attn: Pauline Morgan, Matthew Lunn
1000 West Street, 17th Fl
P.O. Box 391
Wilmington, DE 19899-0391
Fax: 302-576-3318

Hahn & Hessen LLP
  Attn: Mark S. Indelicato
488 Madison Avenue, 14th Fl.
New York, NY 10022
Fax: 212-478-7400

Potter Anderson & Corroon LLP
  Attn: Laurie Selber Silverstein
Hercules Plaza, 6th Fl
1313 North Market Street
Wilmington, DE 19801
Fax: 302-658-1192

Greenberg Traurig LLP
  Attn: Victoria Counihan
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Fax: 302-661-7360

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 17th day of June, 2008.

*Sheila Rowden* (signature)
Sheila Rowden
Riddell Williams P.S.
1001 4th Ave Ste 4500
Seattle WA  98154-1192
(206) 624-3600 Telephone
(206) 389-1708 Facsimile
srowden@riddellwilliams.com

**EXHIBIT A**

# Microsoft Licensing, GP

**Invoice**

| | |
|---|---|
| **REMIT TO**<br>Microsoft Licensing, GP<br>C/O Bank of America<br>Rt:026009593/Acct:3751205782 (wire)<br>Microsoft Licensing, GP<br>Rt:111000012/acct:3751205782 (ACH)<br>1401 Elm St, 5th Flr/ Dept 842467<br>DALLAS TX 75202<br>United States<br>Phone:<br>Telex:<br>Fax: | Bill to PO Number: 28479<br>Purchase Order Date: 31-MAY-2007 |

| | |
|---|---|
| **BILL TO**<br>American Home Mortgage Corp. Attn: Rosalie<br>DigiaComo<br>Customer No: 0005083083<br>Contact: DigiaComo<br>538 Broadhollow Road<br>MELVILLE NY 11747<br>United States<br>Customer VAT#:<br>Phone: 516-396-7700<br>Fax: 5166201073 | **INDIRECT RESELLER**<br>Contact:<br><br>Phone:<br>Fax: |

| | |
|---|---|
| **END CUSTOMER**<br>American Home Mortgage Corp.<br>Contact: Etwaroo, Leslie<br>Phone: 516-396-7703<br>Fax:<br><br>Select Program Version: E6<br>Select Enrollment / Master No:<br>6314007 / 01E64704 | Page No: 1<br>Document No: 9655546157<br>Document Date: 01-JUN-2007<br>Payment Due Date: 01-JUL-2007<br>Terms: Net payment due 30 days from invoice date<br><br>**SHIP TO**<br>American Home Mortgage Corp. Attn: Rosalie<br>DigiaComo<br>Contact:<br>538 Broadhollow Road<br>MELVILLE NY 11747<br>United States<br>Phone: 516-396-7700<br>Fax: 5166201073 |

| Line No.<br>End Customer PO No<br>Carrier & Airbill | Usage Country | Microsoft Part No.<br>Description | Offering Level | Pool | Period | Reason Code & Description | Billing Option | Qty Ordered | Unit Price | Extended Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 000001 | United States | A07-00043<br>Pro Dsktp Listed Lic/SA Pack MVL | ACP-C | Enterprise Applications | Mar2007-Feb2008 | | PE | 1,300.00 | 562.22 | 730,886.00 |
| 000002 | United States | T07-00603<br>CRM Listed Languages Lic/SA Pack MVL SalesPro User | ACP-C | Enterprise Servers | Mar2007-Feb2008 | | PE | 25.00 | 600.84 | 15,021.00 |
| 000003 | United States | 395-02611<br>Exchange Svr Ent Listed Languages Lic/SA Pack MVL | ACP-C | Enterprise Servers | Mar2007-Feb2008 | | PE | 9.00 | 3,837.00 | 34,533.00 |
| 000004 | United States | F89-00452<br>ISA Server Ent Edtn Listed Langs Lic/SA Pk MVL 1 Proc Lic | ACP-C | Enterprise Servers | Mar2007-Feb2008 | | PE | 4.00 | 5,467.68 | 21,870.72 |
| 000005 | United States | H30-00235<br>Project Pro Win32 Listed Languages Lic/SA Pack MVL w/1 ProjectSvr CAL | ACP-C | Enterprise Applications | Mar2007-Feb2008 | | PE | 190.00 | 803.46 | 152,657.40 |

**Microsoft Licensing, GP**

# Invoice

**REMIT TO**
Microsoft Licensing, GP
C/O Bank of America
Rt:026009593/Acct:3751205782 (wire)
Microsoft Licensing, GP
Rt:111000012/acct:3751205782 (ACH)
1401 Elm St, 5th Flr/ Dept 842467
DALLAS TX 75202
United States
Phone:
Telex:
Fax:

Bill to PO Number: 28479
Purchase Order Date: 31-MAY-2007

Page No: 2
Document No: 9655546157
Document Date: 01-JUN-2007
Payment Due Date: 01-JUL-2007

Terms: Net payment due 30 days from invoice date

| Line No. End Customer PO No Carrier & Airbill | Usage Country | Microsoft Part No. Description | Offering Level | Pool | Period | Reason Code & Description | Billing Option | Qty Ordered | Unit Price | Extended Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 000006 | United States | H04-00321 Office SharePoint Server Listed Lic/SA Pack MVL | ACP-C | Enterprise Servers | Mar2007-Feb2008 | | PE | 2.00 | 3,837.36 | 7,674.72 |
| 000007 | United States | 228-01721 SQL Svr Standard Edtn Listed Languages Lic/SA Pack MVL 1 Proc Lic | ACP-C | Enterprise Servers | Mar2007-Feb2008 | | PE | 10.00 | 4,586.88 | 45,868.80 |
| 000008 | United States | D87-01251 Visio Pro Win32 Listed Languages Lic/SA Pack MVL | ACP-C | Enterprise Applications | Mar2007-Feb2008 | | PE | 10.00 | 403.14 | 4,031.40 |
| 000009 | United States | D86-01345 Visio Std Win32 Listed Languages Lic/SA Pack MVL | ACP-C | Enterprise Applications | Mar2007-Feb2008 | | PE | 331.00 | 160.32 | 53,065.92 |
| 000010 | United States | P73-00202 Windows Svr Std Listed Lic/SA Pack MVL | ACP-C | Enterprise Servers | Mar2007-Feb2008 | | PE | 120.00 | 689.16 | 82,699.20 |
| 000011 | United States | R19-00094 Windows Terminal Svr CAL WinNT Listed Languages Lic/SA MVL DeviceCAL | ACP-C | Enterprise Servers | Mar2007-Feb2008 | | PE | 2,100.00 | 76.44 | 160,524.00 |

# Microsoft
## Licensing, GP

# Invoice

**REMIT TO**
Microsoft Licensing, GP
C/O Bank of America
Rt:026009593/Acct:3751205782 (wire)
Microsoft Licensing, GP
Rt:111000012/acct:3751205782 (ACH)
1401 Elm St, 5th Flr/ Dept 842467
DALLAS TX 75202
United States
Phone:
Telex:
Fax:

Bill to PO Number: 28479
Purchase Order Date: 31-MAY-2007

Page No: 3

Document No: 9655546157
Document Date: 01-JUN-2007
Payment Due Date: 01-JUL-2007

Terms: Net payment due 30 days from invoice date

| Line No. End Customer PO No | Usage Country | Microsoft Part No. Description | Offering Level | Pool | Period | Reason Code & Description | Billing Option | Qty Ordered | Unit Price | Extended Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Carrier & Airbill | | | | | | | | | | |
| | | | | | | | Total Sale | | USD | 1,308,832.16 |
| | | | | | | | Tax Amount | | USD | 112,886.81 |
| | | | | | | | Total Amount | | USD | 1,421,718.97 |

We hereby certify that the information on this invoice is true and correct.

Microsoft Licensing, GP

_____

When invoices are reprinted, remittance information may change to reflect current invoicing operations.