IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>American Home Mortgage Holdings, Inc., a Delaware Corporation, et al.,[1]<br><br>Debtors. | : Chapter 11<br>: Case No. 07-11047 (CSS)<br>: Jointly Administered<br>:<br>: **Hearing Date: June 25, 2008 at 10:00 a.m. (ET)**<br>: **Objection Deadline: June 18, 2008 at 4:00 p.m. (ET)**<br>: **Related to Docket No. 4387**<br>: |

## LIMITED OBJECTION OF WELLS FARGO FUNDING, INC. TO DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DESTRUCTION OF NON-REQUESTED LOAN FILES

Wells Fargo Funding, Inc. ("Wells Fargo Funding") hereby files this limited objection (the "Limited Objection") to the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors") seeking an order of this Court pursuant to sections 105, 363 and 554 of title 11 of the United States Code (the "Bankruptcy Code") authorizing the destruction of Non-Requested Loan Files.

### BACKGROUND TO LIMITED OBJECTION

1. On December 14, 2007, the Debtors filed a motion to abandon certain Hard Copy Loan Files (as defined in the Motion), or in the alternative, to return the loan files to the owners of such loans [Docket No. 2395] (the "Document Destruction Motion"). Numerous parties-in-interest, including Wells Fargo Funding, filed objections to the Document Destruction Motion.

2. After the Debtors supplemented the Document Destruction Motion, the Court entered an order on February 19, 2008 [Docket No. 3010] (the "Disposition Order"),

---

[1] The Debtors are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp. (3914); American Home Mortgage Acceptance, Inc. (1979); American Home Mortgage Servicing, Inc. (7267); American Home Mortgage Corp. (1558); American Home Mortgage Ventures LLC (1407); Homegate Settlement Services, Inc. (7491); and Great Oak Abstract Corp. (8580). The address for Debtors is 538 Broadhollow Road, Melville, New York 11747, except for American Home Mortgage Servicing, Inc., whose address if 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

which, among other things, authorized the Debtors to return loan files to the legal owners (each, a "Requesting Party") of the underlying loans upon request, through filing a sworn, written declaration (the "Loan File Return Declaration"), and upon payment of expenses for the retrieval, shipment and/or imaging as requested. The Court also established a deadline of March 14, 2008 (the "Return Request Deadline") by which a Requesting Party was required to file and serve a completed Loan File Return Declaration. Wells Fargo Funding timely filed a Loan File Return Declaration (the "Wells Fargo Funding Declaration"), requesting a substantial number of loan files from the Debtors. [Docket No. 3290].

3.   It has come to Wells Fargo Funding's attention that the Debtors have approximately 164,000 loans for which they have a storage record. This is approximately 20,000 fewer loan files than the Wells Fargo Funding Declaration requested. Wells Fargo Funding has notified the Debtors of this discrepancy. However, to date, the Debtors have not reconciled the discrepancy. Wells Fargo Funding has also recently discovered a discrepancy with regard to approximately 54,000 loans which do not match the Wells Fargo Funding Declaration.

## LIMITED OBJECTION

4.   In the Motion, the Debtors request, pursuant to section 554 of the Bankruptcy Code, an order authorizing the Debtors to destroy certain Hard Copy Loan Files remaining in the Debtors' possession that are not subject to a Loan File Return Declaration, postpetition agreement, or order to return (the "Non-Requested Loan Files").

5.   The Motion states that the Debtors have created a quality control process to compile a list of Non-Requested Loan Files. However, the Motion provides little detail regarding their quality control procedures. The Debtors propose to establish a list of Non-Requested Loan Files by entering loan numbers into their system; however, this method of

reconciliation will not be sufficient to ensure that Wells Fargo Funding's unreconciled loan files are not inadvertently destroyed.

6.  Although Wells Fargo Funding supports the Debtors' efforts to return loan files to Wells Fargo Funding and other institutional investors, Wells Fargo Funding objects to any order that would authorize the Debtors to destroy Non-Requested Loan Files without requiring the Debtors to first complete a reconciliation of the 20,000 Wells Fargo Funding loan files for which the Debtors have not accounted and determine why 54,000 loans do not match the Wells Fargo Funding Declaration.

WHEREFORE, Wells Fargo Funding respectfully requests that the Court enter an order (1) denying the relief requested in the Motion, or (2) requiring the Debtors to reconcile Wells Fargo Funding's missing loan files, and (3) granting such other and further relief as the Court may find just and warranted.

Dated: June 18, 2008

/s/ Karen C. Bifferato

Karen C. Bifferato (No. 3279)
Marc J. Phillips (No. 4445)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-0380

-and-

Paul S. Caruso
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
*Attorneys for Wells Fargo Funding, Inc.*

#617895