IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AMERICAN HOME MORTGAGE ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., et al., ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Related Docket No. 4329 |
| ) | |
| ) | Hearing Date: June 25, 2008 at 10:00 a.m. |
| ) | Objection Deadline: June 18, 2008 at 4:00 p.m. |
| ) | |

**LIMITED OBJECTION OF BANK OF AMERICA, N.A., AS
ADMINISTRATIVE AGENT, TO THE DEBTORS' MOTION FOR AN ORDER
FURTHER EXTENDING THEIR EXCLUSIVE PERIODS TO FILE A
CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO PURSUANT
TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

Bank of America, N.A., as administrative agent (the "Administrative Agent") for itself and certain other banking and financial institutions as pre-petition secured lenders (the "Pre-Petition Secured Parties") under that certain Second Amended and Restated Credit Agreement (the "Credit Agreement"), dated as of August 10, 2006, by and through their undersigned counsel, hereby files this limited objection to the *Debtors' Motion For an Order Further Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereto Pursuant to Section 1121(d) of the Bankruptcy Code* (the "Motion"). In support of this limited objection (the "Objection"), the Administrative Agent respectfully represents as follows:

## BACKGROUND

1. Since August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc. and the other debtors and debtors in possession herein (the "Debtors")[1] have

---

[1] The Debtors are American Home Mortgage Holdings, Inc., American Home Mortgage Acceptance, Inc., American Home Mortgage Corp., American Home Mortgage Investment Corp., AHM SV, Inc., formerly

engaged in a systematic liquidation process and made clear their intention to file a chapter 11 liquidation plan. These cases have now been pending for almost a year, and the Court has already approved two extensions of the Debtors' exclusive periods to file and solicit acceptances of a chapter 11 plan. *See* D.I. 2445 (extending initial exclusive periods to March 3, 2008 and May 5, 2008); D.I. 3415 (extending exclusive periods to June 2, 2008 and July 31, 2008).

2. Given the passage of time and the fact that the vast majority of the Debtors' unencumbered assets have been sold, the Debtors should be well on their way toward filing a plan. Nevertheless, the Debtors are seeking a third 90 day extension of their exclusive periods, which the Debtors argue is justified because they have been too busy with other activities in the case to formulate a meaningful plan. Given that most of the activities referred to in the Motion were completed in April, the Administrative Agent submits that the Debtors should not need until September 2 to file their plan, and therefore, the length of the Debtors' requested extension of their exclusive periods is unwarranted.

3. Recently, the Debtors and the Administrative Agent have engaged in productive and extensive negotiations to resolve outstanding disputes between them, including a resolution of certain plan-related issues. The Administrative Agent and the Debtors are working toward documentation of a formal settlement so that it can be submitted to this Court for approval and become effective by July 31, 2008. The Administrative Agent believes that this settlement, if approved, will help to facilitate the Debtors' filing of a confirmable plan that will be acceptable to the Administrative Agent and the Pre-Petition Secured Parties.

4. Based on this progress, the Administrative Agent is not necessarily opposed to the granting of a reasonable extension of the Debtors' exclusive periods. However, the

---

known as American Home Mortgage Servicing, Inc., American Home Mortgage Ventures LLC, Homegate Settlement Services, Inc., and Great Oak Abstract Corp.

Administrative Agent requests that, in the event the parties are unable to obtain Court approval of their settlement by July 31, 2008 (or such other date as the Administrative Agent and the Debtors agree), the Court open the plan process and allow the Administrative Agent to file a competing plan of reorganization.

5. Section 1121 gives a debtor the exclusive right to file a plan only for the first 120 days of the bankruptcy case. Subsection 1121(d) permits the court to extend a debtor's exclusive periods, but only for cause -- and Congress has specifically cautioned against the granting of extensions that could upset this carefully designed statutory balance. *See* Hearing Before Subcomm. on Econ. and Comm. Law of the House Comm. of the Judiciary, 103 Cong. (103 Cong., Aug. 17, 1994) ("Courts have abused their discretion under [the 'for cause'] standard and have been too lenient in granting extensions of exclusivity."). Legislative history states that "an extension should not be employed as a tactical devise to put pressure on the parties to yield to a plan they consider unsatisfactory." *In re Lake in the Woods*, 10 B.R. 338, 343 (E.D. Mich. 1981) (citation omitted). Indeed, section 1121 "was designed, and should be faithfully interpreted, to limit the delay that makes creditors the hostages of chapter 11 debtors." *United Sav. Ass'n v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)*, 808 F.2d 363, 372 (5th Cir. 1987), *aff'd*, 484 U.S. 365 (1988).

6. Here, conditioning the Debtors' 90-day extension of their exclusive periods upon achieving a settlement with the Administrative Agent would satisfy the goals of section 1121 by providing the Debtors with additional time to propose a plan of reorganization while at the same time enhancing the Debtors' incentive to move forward quickly with a settlement that will be integral to the formulation of a consensual plan. Under the circumstances, the Administrative Agent submits that a conditional extension is eminently fair and is more likely to advance the plan process than an unconditional 90 day extension.

## **CONCLUSION**

WHEREFORE, the Administrative Agent requests that the Court (i) sustain the Objection, (ii) condition the extension of the Debtors' exclusive periods upon the Debtors' achieving a settlement with the Administrative Agent and using their best efforts to obtain Court approval by July 31, 2008, and (iii) grant such other and further relief as is just and proper.

Dated: June 18, 2008

POTTER ANDERSON & CORROON LLP

_____
Laurie Selber Silverstein (No. 2396)
Gabriel R. MacConaill (No. 4734)
P.O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware  19899
Telephone:  (302) 984-6000

-and-

KAYE SCHOLER LLP
Margot B. Schonholtz
Ana M. Alfonso
425 Park Avenue
New York, NY  10022
Telephone:  (212) 836-8000
Facsimile:  (212) 836-8689

*Counsel for Bank of America, N.A. as Administrative Agent under that certain Second Amended and Restated Credit Agreement, dated as of August 10, 2006*