**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AMERICAN HOME MORTGAGE | § | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., | § | (Jointly Administered) |
| et al., | § | |
| | § | Re: Docket No. 4387 |
| Debtors. | § | |

**LIMITED OBJECTION OF CALYON NEW YORK BRANCH TO
DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE
DESTRUCTION OF NON-REQUESTED LOAN FILES**

Calyon New York Branch, as Administrative Agent under the Repurchase Agreement ("Calyon"), by and through its undersigned counsel, submits the following as its limited objection to the Debtors' Motion for an Order Authorizing the Destruction of Non-Requested Loan Files (the "Motion")[1] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"):

**PRELIMINARY STATEMENT**

1.  The proposed order attached to the Motion contains terms which provide that (a) the Collateral Documents shall continue to be maintained by the respective custodian; (b) the Debtors must forward Collateral Documents to the respective custodians in the event the Debtors discover any original Collateral Documents in the Hard Copy Loan Files; (c) nothing in the order modifies the Debtors' obligations to forward to the custodian or Owner any recorded documents; (d) nothing in the order modifies the Debtors' obligations under any other order of this Court; and (e) nothing in the order authorizes the Debtors to destroy or dispose of documents relating to pending or threatened litigation against the Debtors or claims filed against the Debtors' estates

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

- 1 -

(collectively, the "Protective Provisions").  Calyon does not object to the Motion as long as the proposed order the Debtors submit to the Court contains the Protective Provisions.  Calyon objects to the Motion, however, to the extent the Debtors submit a proposed order that does not contain the Protective Provisions.

## BACKGROUND

2. On August 6, 2007, the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code.

3. On December 14, 2007, the Debtors filed the Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses (the "Original Motion").  In the Original Motion, the Debtors sought authority to abandon and destroy certain Hard Copy Loan Files (as defined in the Original Motion).  *See* Original Motion, ¶ 21.  In addition, in the Original Motion the Debtors raised the possibility of returning Hard Copy Loan Files to the owners of the underlying mortgage loans for a fee.  *See id*. ¶¶ 27-29.

4. On, December 27, 2007, Calyon filed the Objection of Calyon New York Branch to Motion of the Debtors for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses (the "December Objection").  In the December Objection, Calyon objected to the relief requested in the Original Motion.  Calyon incorporates the December Objection by reference herein.

5. On February 5, 2008, the Debtors filed the Limited Reply and Supplement of the Debtors to Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses (the "Motion Supplement"). In the Motion Supplement, the Debtors sought to establish procedures for a document return program that would require owners of mortgage loans to pay the Debtors to turnover mortgage files which belong to the owners and are not property of the Debtors' estates.

6. On February 11, 2008, Calyon filed the Supplemental Objection of Calyon New York Branch to Limited Reply and Supplement of the Debtors to Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses (the "February Objection"). In the February Objection, Calyon objected to the relief requested in the Motion Supplement to the extent it would affect (i) the Debtors' obligations under the Stipulation (as defined in the February Objection); or (ii) the Debtors' obligation to provide Original Documents (as defined in the February Objection) to the Custodian (as defined in the February Objection). Calyon incorporates the February Objection by reference herein.

7. To resolve the issues raised in the February Objection and in the objections of other parties in interest, the Debtors agreed to include the Protective Provisions in the order granting the relief requested in the Motion Supplement to the extent the Protective Provisions were not already in the proposed order for the Motion Supplement.

8. On February 19, 2008, the Court entered the Second Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses (the "February Order"). The February Order granted the Motion Supplement and contained the Protective Provisions.

9. On June 5, 2008, the Debtors filed the Motion. The Motion seeks to destroy certain documents that were not requested in accordance with the terms of the February Order.

## LIMITED OBJECTION

10. Calyon objects to the relief requested in the Motion to the extent the Debtors submit a proposed order that does not contain the Protective Provisions. Calyon does not object to the Motion as long as the proposed order which the Debtors submit contains the Protective Provisions.

11. To the extent the Debtors submit a proposed order that does not contain the Protective Provisions, Calyon restates, as if set forth in full herein, the arguments contained in the December Objection and the February Objection in opposition to the Debtors' prior requests to destroy documents and establish related procedures.

## RESERVATION OF RIGHTS

12. Calyon reserves the right to object and otherwise respond to the Motion on such other and further grounds as Calyon deems appropriate at the hearing on the Motion.

WHEREFORE Calyon respectfully requests that this Court deny the relief requested in the Motion to the extent the Debtors submit a proposed order that does not contain the Protective Provisions, and grant Calyon such other and further relief as is just and appropriate.

Dated: June 18, 2008    HUNTON & WILLIAMS LLP

/s/ Michael G. Busenkell
Benjamin C. Ackerly
Jason W. Harbour (DE No. 4176)
Riverfront Plaza, East tower
951 E. Byrd Street
Richmond, Virginia  23219-4074
Telephone:  (804) 788-8200
Telecopier:  (804) 788-8218

-and-

Peter S. Partee
Scott H. Bernstein
200 Park Avenue, 53rd Floor
New York, New York  100166-0136
Telephone:  (212) 309-1000
Telecopier:  (212) 309-1100

-and-

ECKERT SEAMANS CHERIN & MELLOTT, LLC

Michael G. Busenkell (DE No. 3933)
Margaret F. England (DE No. 4248)
300 Delaware Avenue, Suite 1210
Wilmington, DE  19801
Telephone:  (302) 425-0430
Telecopier:  (302) 425-0432

*Counsel to Calyon New York Branch*