# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
|  | : | Case No. 07-11047 (CSS) |
| American Home Mortgage Holdings, Inc., *et al.*[1] | : | (Jointly Administered) |
|  | : |  |
| Debtors | : | **Objections Due By**: July 8, 2008 at 4:00 p.m. |
|  | : | Hearing: Only in the Event of an Objection |

-------------------------------------------------------------

## SEVENTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM FEBRUARY 1, 2008 THROUGH FEBRUARY 29, 2008

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | November 28, 2007 (effective August 14, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | February 1, 2008 Through February 29, 2008 |
| Amount of Compensation sought as actual, reasonable and necessary: | $186,108.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $5,693.64 |

This is a ☒ monthly ☐ interim ☐ final application.

| | | |
|---|---|---|
| 80% OF FEES FOR PERIOD 2/1/08-2/29/08: | $148,886.80 | (Holdback: $37,221.70) |
| 100% OF DISBURSEMENTS: | $5,693.64 | |
| TOTAL DUE: | $154,580.44 | |

---

[1] The Debtors in these cases, are:  American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

|  |  | **Requested** |  | **Approved** |  |
| --- | --- | --- | --- | --- | --- |
| **Date Filed** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 11/30/2007 | 8/14/2007-8/31/2007 | $213,416.00 | $3,416.60 | Approved | Approved |
| 12/5/2007 | 9/1/2007-9/30/2007 | $347,084.50 | $10,120.65 | Approved | Approved |
| 12/12/2007 | 10/1/2007-10/31/2007 | $510,177.00 | $16,821.21 | Approved | Approved |
| 3/20/2008 | 11/1/2007-11/30/2007 | $234,223.00 | $9,396.14 | Approved | Approved |
| 3/20/2008 | 12/1/2007-12/31/2007 | $160,662.50 | $4,795.49 | Approved | Approved |
| 3/20/2008 | 1/1/2008-1/31/2008 | $226,308.50 | $5,000.27 | Approved | Approved |

## ATTORNEY/PARAPROFESSIONAL SUMMARY

| Name of Professional Person | Position of the Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Mark S. Indelicato | Partner (1986) | $695.00 | 61.60 | $42,812.00 |
| Mark T. Power | Partner (1989) | $695.00 | 50.80 | $35,306.00 |
| Don D. Grubman | Partner (1979) | $625.00 | 6.10 | $3,812.50 |
| Joshua I. Divack | Partner (1988) | $625.00 | 24.40 | $15,250.00 |
| John P. McCahey | Partner (1986) | $695.00 | 16.40 | $11,398.00 |
| Rhona J. Kisch | Partner (1998) | $600.00 | 4.00 | $2,400.00 |
| Edward L. Schnitzer | Associate (1998) | $465.00 | 43.00 | $19,995.00 |
| Charles Loesner | Associate (1997) | $465.00 | 9.00 | $4,185.00 |
| Marzenna Walden | Associate (2005) | $465.00 | 16.50 | $7,672.50 |
| Jeffrey Zawadzki | Associate (2004) | $325.00 | 41.50 | $13,487.50 |
| Emmet Keary | Associate (2006) | $280.00 | 76.30 | $21,364.00 |

| Maria A. Arnott | Special Counsel (1989) | $550.00 | 0.10 | $55.00 |
|---|---|---|---|---|
| Robert J. Malatak | Special Counsel (1994) | $525.00 | 1.40 | $735.00 |
| Jason W. Smith | Paralegal (N/A) | $230.00 | 33.20 | $7,636.00 |
| **Grand Totals:** | | | **384.30** | **$186,108.50** |
| **Blended Rate:** | **$ 484.28** | | | |
| **Blended Rate excluding Paraprofessionals:** | **$ 508.32** | | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Creditors' Committee | 198.10 | $84,376.00 |
| Retentions | 2.60 | $626.50 |
| Executory Contracts/Leases | 1.20 | $558.00 |
| DIP/Investigation of Lien | 78.20 | $43,693.00 |
| Sale of Assets | 26.30 | $17,563.50 |
| Professional Fees | 13.70 | $4,586.00 |
| Litigation | 35.20 | $19,954.00 |
| Plan and Disclosure Statement | 0.50 | $312.50 |
| Employee Issues | 6.60 | $2,147.50 |
| Claims Administration | 2.70 | $1,017.50 |
| Investigation of Company | 19.20 | $11,274.00 |
| **Total:** | **384.30** | **$186,108.50** |

**EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | Skyline Credit Ride Inc. | $481.96 |
| Courier Service | Deluxe Delivery Systems, Inc. | $6.89 |
| Duplicating [at 10¢ per page] | | $607.80 |
| Lexis | Lexis-Nexis | $2,512.68 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | Seamless Web Professional Solutions, Inc. | $529.10 |
| Overnight Delivery | United Parcel Service | $7.89 |
| Seach | Pacer Service Center | $59.52 |
| Long Distance Telephone | | $30.50 |
| Court Call Conference | | $267.80 |
| Travel | | $1,189.50 |
| Total: | | **$5,693.64** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| American Home Mortgage Holdings, Inc., _et al._ [2] | : Case No. 07-11047 (CSS) |
|  | : (Jointly Administered) |
|  | : |
| Debtors | : |
|  | : |

---------------------------------------------------------------

### SEVENTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD FEBRUARY 1, 2008 THROUGH FEBRUARY 29, 2008

TO:    THE HONORABLE CHRISTOPHER S. SONTCHI,
       UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the Court's approval of its Seventh monthly request for compensation and reimbursement of expenses as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") during the period of February 1, 2008 Through February 29, 2008 (the "Compensation Period"), and in support thereof respectfully represents:

---

[2]     The Debtors in these cases, are:  American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

1.      H&H submits this Seventh monthly application for allowance of $191,802.14 for services provided to the Committee during the Compensation Period consisting of (i) fees in the amount of $186,108.50, and (ii) out-of-pocket expenses in the amount of $5,693.64.

### Background

2.      On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc., et al. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code.  The Debtors have continued in the management and operation of their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee has been appointed in the Debtors' cases.

3.      On August 14, 2007, the United States Trustee for the District of Delaware appointed the Committee, which is comprised of the following seven (7) members:  Wilmington Trust Company; United Parcel Service, c/o The Receivable Management Services Corporation, Its Agent; The Bank of New York Trust Company, N.A.[3]; Deutsche Bank National Trust Co.; as Trustee; Nomura Credit & Capital, Inc.; Impac Funding Corporation; and Waldners Business Environments, Inc[4].

4.      The Committee elected Wilmington Trust Company, as Trustee, and The Receivable Management Services Corporation, Agent for United Parcel Service, as Co-Chairpersons of the Committee.  The Committee then selected H&H as its counsel, Blank Rome LLP as co-counsel, and BDO Seidman as financial advisors.

---

[3] The Bank of New York Trust Company resigned from the Committee and was replaced with Law Debenture Trust Company of New York pursuant to notice of the Office of the United States Trustee dated December 7, 2007.

[4] Waldner Business Environments, Inc. subsequently resigned from the Committee and has not yet been replaced.

5.      Pursuant to an order of this Court dated November 28, 2007, a copy of which is annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee under a general retainer, effective as of August 14, 2007.

6.      The attorneys at H&H with primary responsibility for the representation of the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each of whom is a partner at H&H.  Mr. Schwartz is a 1973 graduate of Cornell University and a 1976 graduate of New York University School of Law.  Mr. Indelicato is a 1982 graduate of New York University, Stern School of Business and a 1985 graduate of Fordham University School of Law.  Mr. Power graduated in 1985 from George Washington University and earned his Juris Doctor in 1988 from Boston College Law School.  In an effort to keep duplication of efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by Messrs. Schwartz, Indelicato and Power to separate and discrete tasks.  Mr. Schwartz has particular expertise regarding issues involving counter-parties to financial contracts in subprime lending, and has been particularly involved in these cases in that area.  Mr. Indelicato's and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights, with a substantial focus on representing creditors committees in Chapter 11 cases.  As such, they are responsible for the day-to-day oversight of the case.

7.      This Monthly Fee Application is submitted in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated September 4, 2007 [Docket No. 547] (the "Administrative Fee Order").

### Summary of H&H Services During the Compensation Period

8.      From the outset, these cases have been extremely active and challenging, with a multitude of substantial motions and adversary proceedings commenced during the first few weeks of the case.  Applicant devoted considerable time and attention at the inception of its retention getting up to speed quickly on the underlying facts and be able to respond appropriately to the myriad of expedited matters filed in the case.  During the month of February 2008, H&H expended 384.30 hours in connection with its services on behalf of the Committee.  H&H submits that the services it has rendered to the Committee have been necessary and in the best interests of creditors and the Debtors' estates and have furthered the goals of all parties in interest.  H&H's services concentrated in, but were not limited to, the following areas:

**(a)**    **Creditors' Committee**

9.      H&H expended 198.10 hours with respect to services under this category, for which total compensation amounts to $84,376.00.  Applicant's services included reviewing the numerous motions filed by the Debtors and responses and/or objections filed to these motions.  Pleadings were summarized for consideration by the Committee during our meetings.  Applicant's services included frequent communications with Committee members through telephone conferences, face-to-face meetings, e-mails and memoranda.  Applicant prepared for and participated in several meetings with the Committee, local counsel and BDO, to discuss various motion's filed related to major assets in the Debtors' estates.  Applicant also had multiple conference calls with Debtors and Debtors' counsel to address concerns raised by the Committee; and thereafter discussed results of these meetings with other parties-in-interest.  Applicant also spent time preparing for and attending omnibus hearing dates before the Honorable Christopher S. Sontchi.

**(b)**    **Retentions**

        10.    H&H expended 2.60 hours with respect to services under this category, for which total compensation amounts to $626.50.  Applicant's services included review of supplemental ordinary course professionals list and assisting professionals with court appearance on Trenwith Retention.

**(c)**    **Executory Contracts/Leases**

        11.    H&H expended 0.40 hours with respect to services under this category, for which total compensation amounts to $558.00.  Applicant's services included review of Debtors' proposed motion in relation to Texas and New York leases and correspondence relating to same.

**(d)**    **DIP and Cash Collateral/Investigation of Lien**

        12.    H&H expended 78.20 hours with respect to services under this category, for which total compensation amounts to $43,693.00.  Applicant's services include document review and analysis of various loan documents of the pre-petition secured parties including, but not limited to, Bank of America's credit and loan documents.  Applicant prepared for and participated in numerous teleconference calls with counsel to Bank of America concerning issues raised with respect to the Bank of America loans as well as negotiations regarding the structure of a proposed settlement.

**(e)**    **Sale of Assets**

        13.    H&H expended 26.30 hours with respect to services under this category, for which total compensation amounts to $17,563.50.  Applicant prepared and participated in multiple conference calls and e-mails with the Debtors and Debtors' counsel as well as committee professionals to address issues concerning the potential sales of the REO properties that were a subject of dispute related to Bank of America security interest.  Applicant also dealt

with the cure procedures motion, miscellaneous loan sale issues, purchase agreement, preliminary bids for the sale of certain non-performing loans and the sale process for nonperforming loans.  Applicant services also included a review of a form asset purchase agreement for the sale of American Home Bank.

**(f)**     **Profession Fees**

      14.    H&H expended 13.70 hours with respect to services under this category, for which total compensation amounts to $4,586.00.  Applicant's services included extensive attention to and review of certain professionals' fee applications; and continually updating a spreadsheet detailing the fees and expenses of professionals and drafted summaries to submit to Committee members in accordance with the Committee's request.  Applicant also spent time reviewing issues related to Northwest Trustee's fee request, ordinary course professionals motion, and modifications therein.  Applicant's attorneys also frequently participated in conferences, e-mails, and telephone conferences with Committee counsel regarding the forgoing.

 **(g)**     **Litigation**

      15.    H&H expended 35.20 hours with respect to services under this category, for which total compensation amounts to $19,954.00.  Application reviewed all pleadings and related issues regarding various adversarial litigations including but not limited to, court decision in the Calyon litigation, motion to approve ABN stipulation and factual and legal memos regarding potential misdirected funds and improper sweeps.  Applicant participated in discussion with counsel for all parties regarding the status of these various litigations and the issues central to each case.

**(h)**     **Plan and Disclosure Statement**

16.     H&H expended 0.50 hours with respect to services under this category, for which total compensation amounts to $312.50.  Applicant's services included a review of a draft term sheet prepared by Debtors' counsel regarding American Home Mortgage proposed plan of liquidation.

**(i)**     **Employee Issues**

17.     H&H expended 6.60 hours with respect to services under this category, for which total compensation amounts to $2,147.50.  Applicant prepared and participated in multiple conference calls and e-mails with Debtors and Debtors' counsel and committee professionals to address various issues related to the WARN Act litigation and plaintiff's request to  amend that complaint.

**(j)**     **Claims Administration**

18.     H&H expended 2.70 hours with respect to services under this category, for which total compensation amounts to $1,017.50.  Applicant services included review of Natisi's settlement and Maricopa proposed stipulation.  Applicant prepared and participated in multiple conference calls and e-mails with committee professionals to address issues concerning the forgoing settlements.

**(k)**     **Investigation of Company**

19.     H&H expended 19.20 hours with respect to services under this category, for which total compensation amounts to $11,274.00.  Applicant's services included participating in conferences and telephone conversations with committee members and BDO regarding dividends paid, status of documents request from the Debtors, and directors and

officers policies.  Applicant also spent time reviewing the directors and officers liability

policies, corporate structure of Debtors, materials from BDO in relation to dividends paid to

insider and REIT issues.

### H&H Fees for the Compensation Period

20.     Under all of the criteria normally examined in Chapter 11 reorganization

cases, H&H's total requested compensation of $186,108.50 is reasonable in light of the

significant work performed by H&H to date.  The hourly rate for each attorney and

paraprofessional who performed the foregoing services on behalf of the Committee is set forth

in detail in the prefixed Summary Cover Sheet.

21.     Annexed hereto and made a part hereof as Exhibit "B" are computer-

generated invoices taken from the timesheets maintained by the individuals who performed

services during the Compensation Period.  The invoices indicate the dates of and description of

the services for which H&H seeks compensation, and the hours spent in performance of such

services.

22.     In certain instances, H&H's time records may indicate that two or more

attorneys attended the same meeting or hearing.  Where more than one attorney attended a

meeting or hearing, it was due in part to the expertise related to a specific issue that one

particular attorney was handling and/or because one attorney was more familiar with specific

topics to be discussed or presented at the meeting or hearing.  Applicant made every effort to

minimize such dual attendance while at the same time assuring that the interests of the

Committee and the creditor body was adequately represented.  Applicant, therefore, believes that

the time for both attorneys at such meetings and/or hearings are properly compensable.

23.     Based on the above and in accordance with the Administrative Fee Order, H&H requests allowance of monthly compensation for February 2008 in the amount of $186,108.50, and payment of $148,886.80 representing eighty percent (80%) of such compensation.

**Disbursements Incurred During the Compensation Period**

24.     The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period.  Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet.  H&H charges its clients $0.10 per page photocopying expense.  Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page.  Actual long-distance carrier charges for outgoing facsimile transmission are reflected in the long-distance telephone charges.  H&H believes these expenses are reasonable and were necessarily made.  H&H respectfully requests reimbursement thereof in the sum of $5,693.64.

25.     In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

26.     H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in H&H's billing system, or have not yet been billed by a third party vendor.

**WHEREFORE**, H&H respectfully requests that the Court enter an order allowing compensation in the amounts set forth herein and provide such other and further relief as may be just and equitable.

Dated:   New York, New York
         June 17, 2008

**HAHN & HESSEN LLP**
Co-Counsel to The Official Committee of
Unsecured Creditors of American Home Mortgage
Holdings, Inc., et al. Debtors

By:   _____
      Mark S. Indelicato
      A Member of the Firm
      488 Madison Avenue
      New York, NY  10022
      (212) 478-7200
      (212) 478-7400 facsimile