**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------
                                            :    Chapter 11
In re:                                      :
                                            :    Case No. 07-11047 (CSS)
American Home Mortgage Holdings, Inc., *et al.*[1]  :    (Jointly Administered)
                                            :
                        Debtors             :    **Objections Due By**: July 8, 2008 at 4:00 p.m.
                                            :    Hearing: Only in the Event of an Objection
---------------------------------------------------------------

**NINTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
THE PERIOD FROM APRIL 1, 2008 THROUGH APRIL 30, 2008**

**SUMMARY SHEET**

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | November 28, 2007 (effective August 14, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | April 1, 2008 through April 30, 2008 |
| Amount of Compensation sought as actual, reasonable and necessary: | $315,741.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $15,570.65 |

This is a ☒ monthly ☐ interim ☐ final application.

| | | |
|---|---|---|
| 80% OF FEES FOR PERIOD 4/1/08-4/30/08: | $252,592.80 | (Holdback: $63,148.20) |
| 100% OF DISBURSEMENTS: | $15,570.65 | |
| TOTAL DUE: | $268,163.45 | |

---

[1] The Debtors in these cases, are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

1471274

- 2 -

|  |  | Requested ||  Approved ||
| --- | --- | --- | --- | --- | --- |
| **Date Filed** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 11/30/2007 | 8/14/2007-8/31/2007 | $213,416.00 | $3,416.60 | Approved | Approved |
| 12/5/2007 | 9/1/2007-9/30/2007 | $347,084.50 | $10,120.65 | Approved | Approved |
| 12/12/2007 | 10/1/2007-10/31/2007 | $510,177.00 | $16,821.21 | Approved | Approved |
| 3/20/2008 | 11/1/2007-11/30/2007 | $234,223.00 | $9,396.14 | Approved | Approved |
| 3/20/2008 | 12/1/2007-12/31/2007 | $160,662.50 | $4,795.49 | Approved | Approved |
| 3/20/2008 | 1/1/2008-1/31/2008 | $226,308.50 | $5,000.27 | Approved | Approved |
| 6/17/2008 | 2/1/2008-2/29/2008 | $186,108.50 | $5,693.64 | Pending | Pending |
| 6/17/2008 | 3/1/2008-3/31/2008 | $208,726.00 | $6,406.70 | Pending | Pending |

## ATTORNEY/PARAPROFESSIONAL SUMMARY

| Name of Professional Person | Position of the Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Mark S. Indelicato | Partner (1986) | $695.00 | 97.10 | $67,484.50 |
| Mark T. Power | Partner (1989) | $695.00 | 97.80 | $67,971.00 |
| Don D. Grubman | Partner (1979) | $625.00 | 25.60 | $16,000.00 |
| John P. McCahey | Partner (1986) | $695.00 | 6.00 | $4,170.00 |
| John A. Amato | Partner (1986) | $695.00 | 11.70 | $8,131.50 |
| Edward L. Schnitzer | Associate (1998) | $465.00 | 86.20 | $40,083.00 |
| Christina J. Kang | Associate (2002) | $425.00 | 5.20 | $2,210.00 |
| Julie M. Lazarus | Associate (2004) | $325.00 | 1.50 | $487.50 |
| Jeffrey Zawadzki | Associate (2004) | $325.00 | 112.40 | $36,530.00 |

| Emmet Keary | Associate (2006) | $280.00 | 204.80 | $57,344.00 |
|---|---|---|---|---|
| Robert J. Malatak | Special Counsel (1994) | $525.00 | 8.30 | $4,357.50 |
| Jason W. Smith | Paralegal (N/A) | $230.00 | 46.40 | $10,672.00 |
| Dustin Millman | Paralegal (N/A) | $200.00 | 1.50 | $300.00 |
| **Grand Totals:** | | | **704.50** | **$315,741.00** |
| **Blended Rate:** | | **$ 448.18** | | |
| **Blended Rate excluding Paraprofessionals:** | | **$ 464.16** | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Creditors' Committee | 190.10 | $68,375.50 |
| Retentions | 3.90 | $1,165.00 |
| DIP/Investigation of Lien | 369.40 | $178,334.50 |
| Sale of Assets | 69.10 | $38,249.00 |
| Professional Fees | 25.40 | $7,068.00 |
| Avoidance Actions | 0.90 | $418.50 |
| Litigation | 37.70 | $18,374.50 |
| Employee Issues | 6.70 | $2,963.50 |
| Claims Administration | 0.30 | $97.50 |
| Investigation of Company | 1.00 | $695.00 |
| **Total:** | **704.50** | **$315,741.00** |

- 5 -

**EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | Skyline Credit Ride Inc. | $2,716.54 |
| Computer/Hard Drive/Supplies | | $7.03 |
| Courier Service | Deluxe Delivery Systems, Inc. | $43.46 |
| Duplicating [at 10¢ per page] | | $1,169.10 |
| Lexis | Lexis-Nexis | $311.73 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | Seamless Web Professional Solutions, Inc. | $1,180.03 |
| Report Fee | TSG Reporting, Inc. | $8,320.70 |
| Long Distance Telephone | | $16.95 |
| Court Call Conference | | $361.11 |
| Telecopy Pages | | $3.00 |
| Travel | | $1,441.00 |
| Total: | | **$15,570.65** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| American Home Mortgage Holdings, Inc., *et al.* [2] | : Case No. 07-11047 (CSS) |
| | : (Jointly Administered) |
| Debtors | : |

## NINTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD APRIL 1, 2008 THROUGH APRIL 30, 2008

TO: THE HONORABLE CHRISTOPHER S. SONTCHI,
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the Court's approval of its Ninth monthly request for compensation and reimbursement of expenses as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") during the period of April 1, 2008 through April 30, 2008 (the "Compensation Period"), and in support thereof respectfully represents:

---

[2] The Debtors in these cases, are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

1471274

1. H&H submits this Ninth monthly application for allowance of $331,570.65 for services provided to the Committee during the Compensation Period consisting of (i) fees in the amount of $315,741.00, and (ii) out-of-pocket expenses in the amount of $15,570.65.

**Background**

2. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc., et al. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The Debtors have continued in the management and operation of their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Debtors' cases.

3. On August 14, 2007, the United States Trustee for the District of Delaware appointed the Committee, which is comprised of the following seven (7) members: Wilmington Trust Company; United Parcel Service, c/o The Receivable Management Services Corporation, Its Agent; The Bank of New York Trust Company, N.A.[3]; Deutsche Bank National Trust Co.; as Trustee; Nomura Credit & Capital, Inc.; Impac Funding Corporation; and Waldners Business Environments, Inc[4].

4. The Committee elected Wilmington Trust Company, as Trustee, and The Receivable Management Services Corporation, Agent for United Parcel Service, as Co-Chairpersons of the Committee. The Committee then selected H&H as its counsel, Blank Rome LLP as co-counsel, and BDO Seidman as financial advisors.

---

[3] The Bank of New York Trust Company resigned from the Committee and was replaced with Law Debenture Trust Company of New York pursuant to notice of the Office of the United States Trustee dated December 7, 2007.

[4] Waldner Business Environments, Inc. subsequently resigned from the Committee and has not yet been replaced.

5. Pursuant to an order of this Court dated November 28, 2007, a copy of which is annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee under a general retainer, effective as of August 14, 2007.

6. The attorneys at H&H with primary responsibility for the representation of the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each of whom is a partner at H&H.  Mr. Schwartz is a 1973 graduate of Cornell University and a 1976 graduate of New York University School of Law.  Mr. Indelicato is a 1982 graduate of New York University, Stern School of Business and a 1985 graduate of Fordham University School of Law.  Mr. Power graduated in 1985 from George Washington University and earned his Juris Doctor in 1988 from Boston College Law School.  In an effort to keep duplication of efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by Messrs. Schwartz, Indelicato and Power to separate and discrete tasks.  Mr. Schwartz has particular expertise regarding issues involving counter-parties to financial contracts in subprime lending, and has been particularly involved in these cases in that area.  Mr. Indelicato's and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights, with a substantial focus on representing creditors committees in Chapter 11 cases.  As such, they are responsible for the day-to-day oversight of the case.

7. This Monthly Fee Application is submitted in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated September 4, 2007 [Docket No. 547] (the "Administrative Fee Order").

**Summary of H&H Services During the Compensation Period**

8.  From the outset, these cases have been extremely active and challenging, with a multitude of substantial motions and adversary proceedings commenced during the first few weeks of the case. Applicant devoted considerable time and attention at the inception of its retention getting up to speed quickly on the underlying facts and be able to respond appropriately to the myriad of expedited matters filed in the case. During the month of April 2008, H&H expended 704.50 hours in connection with its services on behalf of the Committee. H&H submits that the services it has rendered to the Committee have been necessary and in the best interests of creditors and the Debtors' estates and have furthered the goals of all parties in interest. H&H's services concentrated in, but were not limited to, the following areas:

**(a)   Creditors' Committee**

9.  H&H expended 190.10 hours with respect to services under this category, for which total compensation amounts to $68,375.50. Applicant's services included reviewing the numerous motions filed by the Debtors and responses and/or objections filed to these motions. Pleadings were summarized for consideration by the Committee during our meetings. Applicant prepared for and participated in several meetings with the Committee, local counsel and BDO, to discuss the REO issues, various third party settlements, settlement discussions with Bank of America and the potential disposition of American Home Bank. Applicant also had conference calls with Debtors' counsel to discuss the many outstanding issues in the case. Applicant also spent time preparing for and attending omnibus hearings before the Honorable Christopher S. Sontchi.

**(b)     Retentions**

10.     H&H expended 3.90 hours with respect to services under this category, for which total compensation amounts to $1,165.00.  Applicant spent time reviewing motions, orders and applications.  Applicant's services include drafting a retention application for a consultant to the Committee. Applicant's services also included review of supplemental ordinary course professionals list and communication with the Committee regarding same.

**(c)     DIP and Cash Collateral/Investigation of Lien**

11.     H&H expended 369.40 hours with respect to services under this category, for which total compensation amounts to $178,334.50.  Applicant's services included not only finalization of the Committee settlement with Bank of America but also preparation for Bank of America's motion for relief from the stay.  Applicant was involved in extensive document review and analysis of Bank of America's and Debtors' expert reports and exhibits related to the relief from stay motion, as well as discovery responses and protective orders related thereto.  Applicant also responded to the Debtors' and purchaser's objection to the Committee's settlement with Bank of America.  Applicant also participated in and reviewed numerous depositions related to the relief from stay motion.  Applicant prepared for and participated in numerous teleconference calls and emails with Committee professionals, Debtors' professionals, BDO and Kroll concerning the Bank of America issues on the relief from stay, counter offers related to the proposed settlement and finalization of the settlement.  Applicant also spent time preparing for and attending depositions and hearings before the Honorable Christopher S. Sontchi related to the Committee settlement with Bank of America.

**(d)    Sale of Assets**

12.    H&H expended 69.10 hours with respect to services under this category, for which total compensation amounts to $38,249.00.  Applicant prepared and participated in multiple conference calls and e-mails with Debtors and Debtors' counsel and committee professionals to address issues and strategies concerning the WLR closing, regulatory issues and sub-servicing issues.  Applicant services also included a review of DB Structured and Calyon agreement regarding license related issues, drafts of various servicing and sub-servicing agreements, an amendment to the APA, revised drafts of TSA and WLR's emergency motion to compel closing by a date certain claiming the Debtor was in breach of the APA.

**(e)    Profession Fees**

13.    H&H expended 25.40 hours with respect to services under this category, for which total compensation amounts to $7,070.20.  Applicant's services included extensive attention to and review of certain professionals' fee applications and continually updating a spreadsheet detailing the fees and expenses of professionals and summaries thereto for distribution to Committee members.  Applicant also spent time reviewing ordinary course professionals motions and modified ordinary course professionals order and issues.  Applicant's attorneys also frequently participated in conferences, e-mails, and telephone conferences with Committee counsel regarding the forgoing.

**(f)    Avoidance Actions**

14.    H&H expended 0.90 hours with respect to services under this category, for which total compensation amounts to $418.50.  Applicant's services included review and analysis of Vicom preference action.

**(g)   Litigation**

15.     H&H expended 37.70 hours with respect to services under this category, for which total compensation amounts to $18,374.50.  Applicant reviewed all pleadings and related issues regarding various adversary proceeding including but not limited to, the Broadhollow, Lehman, U.S. Bank National, Wells Fargo and Bear Sterns adversary proceedings. Applicant was also involved in various discovery issues related to the Bank of America motion for relief from the stay.  Applicant participated in discussion with counsel for all parties regarding the status of these various litigations and the issues central to each case.

**(h)   Employee Issues**

16.     H&H expended 6.70 hours with respect to services under this category, for which total compensation amounts to $2,963.50.  Applicant's services included review of pleadings and related issues regarding the WARN Act Litigation which includes but is not limited to, review of Debtors' response to plaintiffs' motion and exert report, plaintiff's reply in support of motion to amend complaint and protective order.

**(i)   Claims Administration**

17.     H&H expended 0.30 hours with respect to services under this category, for which total compensation amounts to $97.50.  Applicant's services included review of claims objections.

**(j)   Investigation of Company**

18.     H&H expended 1.00 hours with respect to services under this category, for which total compensation amounts to $695.60.  Applicant's services included reviewing documents related to the Debtors' corporate structure.

**H&H Fees for the Compensation Period**

19. Under all of the criteria normally examined in Chapter 11 reorganization cases, H&H's total requested compensation of $315,741.00 is reasonable in light of the significant work performed by H&H to date. The hourly rate for each attorney and paraprofessional who performed the foregoing services on behalf of the Committee is set forth in detail in the prefixed Summary Cover Sheet.

20. Annexed hereto and made a part hereof as Exhibit "B" are computer-generated invoices taken from the timesheets maintained by the individuals who performed services during the Compensation Period. The invoices indicate the dates of and description of the services for which H&H seeks compensation, and the hours spent in performance of such services.

21. In certain instances, H&H's time records may indicate that two or more attorneys attended the same meeting or hearing. Where more than one attorney attended a meeting or hearing, it was due in part to the expertise related to a specific issue that one particular attorney was handling and/or because one attorney was more familiar with specific topics to be discussed or presented at the meeting or hearing. Applicant made every effort to minimize such dual attendance while at the same time assuring that the interests of the Committee and the creditor body was adequately represented. Applicant, therefore, believes that the time for both attorneys at such meetings and/or hearings are properly compensable.

22. Based on the above and in accordance with the Administrative Fee Order, H&H requests allowance of monthly compensation for April 2008 in the amount of $315,741.00, and payment of $252,592.80 representing eighty percent (80%) of such compensation.

**Disbursements Incurred During the Compensation Period**

23. The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period. Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet. H&H charges its clients $0.10 per page photocopying expense. Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page. Actual long-distance carrier charges for outgoing facsimile transmission are reflected in the long-distance telephone charges. H&H believes these expenses are reasonable and were necessarily made. H&H respectfully requests reimbursement thereof in the sum of $15,570.65.

24. In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

25. H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in H&H's billing system, or have not yet been billed by a third party vendor.

WHEREFORE, H&H respectfully requests that the Court enter an order allowing compensation in the amounts set forth herein and provide such other and further relief as may be just and equitable.

Dated:  New York, New York
        June 17, 2008

                                        **HAHN & HESSEN LLP**
                                        Co-Counsel to The Official Committee of
                                        Unsecured Creditors of American Home Mortgage
                                        Holdings, Inc., et al. Debtors

By: ___/s/ Mark S. Indelicato___
      Mark S. Indelicato (A Member of the Firm)
      488 Madison Avenue
      New York, NY  10022
      (212) 478-7200
      (212) 478-7400 facsimile