UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
In re                                                   :
                                                        :    Chapter 11
**American Home Mortgage Holdings,**                    :
**Inc.,** *et al.***,**                                 :    Case Nos. 07-11047 (CSS)
                                                        :
        Debtors. :    (Jointly Administered)
                                                        :    Objection Deadline: June 18, 2008 at 4:00 p.m.
                                                        :    Hearing Date: June 25, 2008 at 10:00 a.m.
------------------------------------------------------- x
                                                             Re:  Docket No. 4387

### OBJECTION OF TRIAD GUARANTY INSURANCE CORP. TO DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DESTRUCTION OF NON-REQUESTED LOAN FILES

Triad Guaranty Insurance Corp. ("Triad"), by and through its undersigned counsel, hereby objects to Debtors' Motion for an Order Authorizing the Destruction of Non-Requested Loan Files (the "Motion") and in support of its objection, states as follows:

### BACKGROUND

1.    On August 6, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses as Debtors in Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On November 5, 2007, Debtors, American Home Mortgage Investment Corp. and American Home Mortgage Servicing, Inc. filed an adversary complaint against Triad, captioned as <u>American Home Mortgage Investment Corp. and American Home Mortgage Servicing, Inc. v. Triad Guaranty Insurance Corp.</u>, Case No. 07-51747 (CSS) ("Adversary Proceeding").

3.    Debtors brought a breach of contract and declaratory judgment action against Triad in the Adversary Proceeding. Specifically, Debtors contend that Triad "unjustifiably

refuses to honor valid claims American Homes submitted under its policy" with Triad.  Triad had rescinded and/or declined coverage with regard to 14 defaulted loans after Triad had learned of irregularities in the origination of the defaulted loans, including, without limitation, improper appraisals, misrepresentations by borrowers and incomplete loan applications.

    4.    On May 15, 2008, Triad filed with the Court a motion to amend its Answer and Counterclaim in the Adversary Proceeding.  Pursuant to the proposed Amended Counterclaim, Triad seeks rescission of the commitment certificates for additional loans, or to decline coverage for the loss, in which Triad continues to find problems with the underwriting of such loans.

    5.    On December 14, 2007, the Debtors filed its motion for an order pursuant to 11 U.S.C. §§ 105, 363 and 547, authorizing the (i) abandonment and destruction of certain duplicate mortgage loan files or (ii) return of mortgage loan files to the owner of such loans upon payment of reasonable costs and expenses (D.I. 2395) (the "First Destruction Motion").  This First Destruction Motion, sought authorization to abandon and destroy original hard copy files of certain of the Debtors' mortgage loan files, including, presumably, files allegedly insured by Triad and the subject of the Adversary Proceeding.

    6.    On December 27, 2007, Triad filed with the Court its objection to the First Destruction Motion.

    7.    Triad objected to the First Destruction Motion contending that the destruction of any Hard Copy Loan Files relating to any mortgage allegedly insured by Triad is prejudicial to Triad's ability to defend the Adversary Proceeding.[1]

---

[1] Capitalize terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

WCSR 3919380v1

**OBJECTION**

8. All files relating to loans alleged to be insured by Triad are relevant to the Adversary Proceeding. Destruction of such files would likely prejudice Triad's ability to defend against the Adversary Proceeding brought by the Debtors and to pursue its own Counterclaim.

9. The proposed Order to the Motion states in part:

> Ordered that nothing herein shall be deemed to be an authorization to destroy or otherwise dispose of documents relating to pending or threatened litigation against the debtors or claims filed against the Debtors' Estates;

10. While it can be assumed that the Debtors will retain all relevant loan files relating to Triad based upon the proposed language in the Order, this objection is filed out of an abundance of caution, in order to preserve the relevant loan files.

11. Accordingly, destruction of any Hard Copy Loan Files relating to any mortgage allegedly insured by Triad is prejudicial to Triad's ability to defend the Adversary Proceeding, as well as to prosecute its Counterclaim against the Debtors.

WHEREFORE, Triad Guaranty Insurance Corp. respectfully requests that the Court (i) deny the Motion to the extent that the Debtors seek to destroy any files or records relating to mortgages allegedly insured by Triad; and (ii) grant Triad Guaranty Insurance Corp. such other and further relief as the Court deems just and proper.

Dated: June 18, 2008

WOMBLE CARLYLE SANDRIDGE & RICE
*A Professional Limited Liability Company*

/s/ Kevin J. Mangan
Kevin J. Mangan (Del Bar No. 3810)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Tel.: (302) 252-4363
Fax: (302) 661-7728

Richard T. Rice, Esq.
Womble, Carlyle, Sandridge & Rice
One West Fourth Street
Winston-Salem, North Carolina 27101

Garth Gersten, Esq.
Womble Carlyle Sandridge & Rice, PLLC
2530 Meridian Parkway, Suite 400
Research Triangle Park, North Carolina 27713

*Counsel for Triad Guaranty Insurance Corp.*