**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE, | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., | ) | |
| a Delaware corporation, et al.,[1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| COUNTY OF SAN DIEGO | : | |
| | : | SS. |
| STATE OF CALIFORNIA | : | |

### AFFIDAVIT OF CHARLES D. RICHMOND, ESQUIRE

Charles D. Richmond, Esquire, having been duly sworn, does depose and say as follows:

1.  Unless otherwise noted I have personal knowledge of the matters set forth in this affidavit. I am making this affidavit in connection with the *Motion of Thomas J. and Sara A. Chavez for Relief from the Automatic Stay* (the "Stay Relief Motion") in the above-captioned bankruptcy case.

2.  I operate a sole proprietorship law office located at 2537 Via Pisa, Del Mar, California 92014 (the "Firm"). I am a member in good standing of the California Bar.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp, a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Mellville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75036.

3. The Firm was retained to represent Thomas J. and Sara A. Chavez in connection with a non-judicial foreclosure proceeding instituted post-petition on or about September 25, 2007 against their primary residence located at 35012 Camino Capistrano, Dana Point, California 92624 (the "Residence") by the above-captioned debtors' (the "Debtors") foreclosure agent, Northwest Trustee Services, Inc. ("NTS") (the "Foreclosure Proceeding"). I am the attorney at the Firm who is principally responsible for the Chavez's representation in connection with the Foreclosure Proceeding and the related State Court Action[2].

4. Pursuant to my investigation in the facts and circumstances relating to this matter, my review of the record, and in conformity with the Complaint I filed on behalf of the Chavez's against, *inter alia*, the Defendant Debtors in response to the Foreclosure Proceeding, I state the following background facts upon the best of my knowledge, information, and belief:

    4.1. Pre-petition, on November 22, 2006, Mr. and Mrs. Chavez entered into a $1,779,775.05 (principal) re-financing in connection with Residence. The lender was non-debtor American Home Loans ("AHL").

    4.2. Soon thereafter, a material discrepancy was identified between the Federal Truth-in-Lending Disclosure Statement (the "Disclosure Statement") and Adjustable Rate Note rider (the "Note") that had been provided to Mr. and Mrs. Chavez at closing on the one hand and the Deed of Trust drafted by non-debtor The Escrow Forum (recorded November 30, 2006) and related loan documents (the "Deed of Trust") on the other. (Copies of the Disclosure Statement, Note, and Deed of Trust are attached as Exhibits 1 through 3,

---

[2] Unless it is plainly apparent from the context that another meaning is intended, capitalized terms not otherwise defined shall have the meanings ascribed to them in the Stay Relief Motion.

respectively, of the Complaint, as true and correct copy of which is attached hereto as Exhibit A).

4.3. On December 5, 2006, CBSK Financial Corp. was designated loan servicer and reflected the accurate loan figures in its records. Thereafter, Sterling Eagle Mortgage Investment Company, LLC ("Sterling") became the loan servicer.

4.4. On December 18, 2006, Sterling, by and through its subsidiary Surestep Fulfillment Services, issued to Mr. and Mrs. Chavez and fraudulently obtained their signatures on an inaccurate -- albeit purportedly "corrected" -- Adjustable Rate Note, back-dated to November 22, 2006, which conformed with the inaccurate Deed of Trust, recorded November 30, 2006. (Copy attached as Exhibit 4 to Exhibit A hereto).

4.5. On January 10, 2007, Debtor American Home Mortgage Servicing, Inc. ("AHMS") issued notice to Mr. and Mrs. Chavez that it was replacing Sterling as loan servicer effective February 1, 2007. (Copy attached hereto as Exhibit B).

4.6. That same day, AHMS inaccurately increased Mr. and Mrs. Chavez's monthly payment (effective January 1, 2007) by $1,029.17 rather than $297.92 as set forth on the Disclosure Statement.

4.7. On January 22, 2007, AHMS issued an inaccurate "ARM Adjustment Notification" to Mr. and Mrs. Chavez.

4.8.  On April 24, 2007, AHMS issued a "past due" notice to Mr. and Mrs. Chavez relating to amounts allegedly due for April 2007. (Copy attached hereto as Exhibit C).

4.9.  Between March and May of 2007, AHL's Jerry McGarvey contacted AHMS's Tammy Dawson on numerous occasions in an effort to get AHMS to correct its records as they related to Mr. and Mrs. Chavez's loan. (See correspondence attached hereto as Exhibit D).

4.10.  Nevertheless, on May 17, 2007, AHMS issued a "default" notice to Mr. and Mrs. Chavez relating to amounts allegedly due for April and May 2007 and on May 23, 2007, AHMS issued an incorrect "ARM Adjustment Notification". (Copies attached hereto as Exhibit E).

4.11.  Mr. and Mrs. Chavez retained legal counsel to bring the Deed of Trust and other loan documents into conformity with the Disclosure Statement. On June 1 and June 7, 2007, Mr. and Mrs. Chavez's counsel, Christopher C. Prussak, Esquire, wrote AHMS's Tammy Dawson advising that his firm had been retained to represent the Chavez's in connection with this matter, which he characterized at least in part as a Truth-in-Lending Act violation. (Copies of correspondence attached hereto as Exhibit F).

4.12.  On July 25, 2007, AHMS issued a "credit correction" letter to Mr. and Mrs. Chavez apologizing for inaccurate credit reporting and stating that amounts allegedly due for April, May, and June 2007 were "paid as agreed." (Copy attached hereto as Exhibit G).

4

4.13. In exchange for AHMS's agreement to reinstate the original and correct loan terms, Mr. and Mrs. Chavez made accurate monthly payments to AHMS in the cumulative amount of $11,191.75 for July, August, and September 2007. (See correspondence from Christopher Prussak, Esq. dated October 15, 2007, attached hereto as Exhibit H).

4.14. On August 6, 2007 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4.15. Post-petition, on September 25, 2007, the Defendant Debtors, through their agent Northwest Trustee Services, Inc., issued "Notice Under Fair Debt Collection Practice Act," (copy attached as Exhibit I), and recorded "Notice of Default and Election to Sell Under Deed of Trust," (copy attached as Exhibit 5 to Exhibit A hereto), thereby initiating a non-judicial foreclosure proceeding under California state law.

4.16. The following day, the Defendant Debtors, through NTS, issued "Trustee Sale Notice" and "Notice of Default and Election to Sell Under Deed of Trust". (Copies attached hereto as Exhibit J).

5. In response to the "Trustee Sale Notice" and "Notice of Default and Election to Sell Under Deed of Trust" issued to the Chavez's on September 20, 2007, on December 10, 2007, on behalf of Mr. and Mrs. Chavez, I filed an 11-count complaint in the Superior Court of the State of California in and for the County of Orange, Central Division against AHL; the Defendant Debtors, including, but not necessarily limited to AHMS; The Escrow Forum; and others, seeking (1) declaratory relief, (2) permanent injunction to enjoin foreclosure, (3)

5

accounting, (4) breach of written contract, (5) breach of fiduciary duty, (6) negligence, (7) negligent supervision, (8) promissory fraud, (9) intentional misrepresentation, (10) negligent misrepresentation, and (11) unfair trade practices (Case No. 30-2007 00100010) (the "State Court Action"). (A copy of the Complaint is attached hereto as Exhibit A).

6. On December 21, 2007, the California State Court issued an order in the State Court Action temporarily restraining the Defendant Debtors and NTS from proceeding with their noticed intent to foreclose. (Copy attached hereto as Exhibit K).

7. On January 8, 2008, the Debtors filed a Suggestion of Bankruptcy in the State Court Action and NTS issued a "Rescission of Notice of Default and Election to Sell Under Deed of Trust." (Copies attached hereto as Exhibit L).

8. On January 24, 2008, the California State Court issued an order in the State Court Action preliminarily enjoining the Defendant Debtors and NTS from proceeding with their noticed intent to foreclose. (Copy attached hereto as Exhibit M).

9. On or about June 9, 2008, Sterling filed its answer to the Complaint in the State Court Action. (Copy attached hereto as Exhibit N).

*[Remainder of Page Left Blank Intentionally]*

FURTHER, AFFIANT SAYETH NAUGHT:

_____
Charles D. Richmond, Esquire

SWORN AND SUBSCRIBED before me this __16__ day of June 2008.

_____
Notary Public

My commission expires __Aug 8, 2009__.

OFFICIAL SEAL
RUFUS M. ABELSOHN
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1597106
SAN DIEGO COUNTY
MY COMM. EXP. AUG. 8, 2009

State of California, County of San Diego
Subscribed and sworn to (or affirmed) before me on this __16__ day of __June__, 20__08__, by __Charles D Richmond__ personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Rufus M. Abelsohn