# **EXHIBIT F**

LAW OFFICES OF
# PRUSSAK, WELCH AND AVILA

CHRIS C. PRUSSAK, ESQ.
RANCE D. WELCH, ESQ.
GUSTAVO AVILA, ESQ.

402 EAST AVENIDA SAN JUAN
SAN CLEMENTE, CALIFORNIA 92672
(949) 369-1122 FAX (949) 369-5591

June 6, 2007

American Home Mortgage Servicing, Inc.
4600 Regent Blvd, Suite 200
Irving, TX 75063

Attn: Jerry McGarvey

| | | |
|---|---|---|
| Our Client | : | CHAVEZ, TOM & SARA |
| Policy Number | : | 1001527887 |

Dear Mr. McGarvey:

Please be advised that this firm has been retained to represent the above-named clients for all damages arising as a result of the above-captioned incident. As you can see from the original Federal Truth-In-Lending Disclosure Statement, issued to our clients on November 22, 2006, 12 payments in the amount of $3,972.25 were due, beginning January 1, 2007; see Federal Truth-In-Lending Disclosure Statement, a true and correct copy attached hereto as Exhibit 1. At no time did they ever agree to larger payments than the amount they had signed contracts for. In the numerous times that our client's loan was sold to different loan servicers, mistakes most obviously were made. There seems to be a fraudulent loan sale from one company to another without my client's knowledge or consent, which issue will be investigated and prosecuted to the fullest extent of the law. Due to these mistakes, our clients were advised not to make further payments until these errors were corrected.

This matter can be easily cleared up, merely by revising the loan documents to reflect the agreed-on payments of $3,972.25. To date, our clients should have sent 6 payments, for a total payment of $23,833.50. They have sent several payments, in the total amount of $16,104.93; see checks #1052, #1069, and #1013, true and correct copies attached hereto as Exhibit 2. They are willing to put this matter to rest under the following circumstances: 1) on their part, upon payment of $7,728.57, to bring them up-to-date and current on this loan; 2) on your part, upon receipt from your company that their contract has been revised to reflect the original loan agreement and monthly payments of $3,972.25; and 3) a letter confirming this agreement and resolving my clients to the extent that they can repair their credit rating. Mr. and Mrs. Chavez will agree to these conditions within the next 10 business days, agreement null and void after 12:01 am on June 21, 2007.

Alternately, if these conditions cannot be met by 12:01 am by June 21, 2007, our office will have not choice but to file legal action contending Fraud and Willful Misrepresentation under the Truth In Lending Act. Additionally, we will seek additional damages for Emotional Distress and Defamation of our clients, as well as the Damage to their credit rating. I am also requesting a copy of your file on this matter.

Please contact me as soon as possible to discuss settlement in this matter.

Very truly yours,
PRUSSAK, WELCH AND AVILA

CHRIS C. PRUSSAK
CCP/dt

COPY

LAW OFFICES OF
# PRUSSAK, WELCH AND AVILA

CHRIS C. PRUSSAK, ESQ.  
RANCE D. WELCH, ESQ.  
GUSTAVO AVILA, ESQ.

402 EAST AVENIDA SAN JUAN  
SAN CLEMENTE, CALIFORNIA 92672  
(949) 369-1122 FAX (949) 369-5591

June 1, 2007

American Home Mortgage Servicing, Inc.  
4600 Regent Blvd., Suite 200  
Irving, TX 75063

COPY

Attn: Tammy Dawson

    Our Client    :    **CHAVEZ, TOM & SARA**  
    Policy Number  :    **1001527887**

Dear Ms. Dawson

Please be advised that this firm has been retained to represent the above-named clients for all damages arising as a result of the above-captioned incident. As you can see from the original Federal Truth-In-Lending Disclosure Statement, issued to our clients on November 22, 2006, 12 payments in the amount of $3,972.25 were due, beginning January 1, 2007; see Federal Truth-In-Lending Disclosure Statement, a true and correct copy attached hereto as Exhibit 1. At no time did they ever agree to larger payments than the amount they had signed contracts for.

In the numerous times that our client's loan was sold to different loan servicers, mistakes most obviously were made. Due to these mistakes, our clients were advised not to make further payments until these errors were corrected. For instance, any papers signed by Mr. Chavez at a later time were merely introduced as a correction to previous documents. No reference was ever made to my client that this one paper would be changing the essence of their loan; no further disclosure statements were ever issued to Mr. Chavez.

Additionally, Mrs. Sara Chavez would need to sign any and all paperwork involving the loan on their property. She is a Signer on the loan; she is referred to as Borrower; she is listed on the Deed of Trust as Joint Tenant; and she is listed on the Title as Joint Tenant. At no time did Sara Chavez ever sign any additional paperwork, contracts, addendums, or any other papers which would alter their original Purchase Contract, nor did she ever sign a Quit-Claim document or Rescission for this property. Sara Chavez obviously has a vested interest in this property and would have to sign any and all documents to make any changes to the original contract. There seems to be a fraudulent loan sale from one company to another without my client's knowledge or consent, which issue will be investigated and prosecuted to the fullest extent of the law.

This matter can be easily cleared up, merely by revising the loan documents to reflect the agreed-on payments of $3,972.25. To date, our clients should have sent 6 payments, for a total payment of $23,833.50. They have sent several payments, in the total amount of $16,104.93; see checks #1052, #1069, and #1013, true and correct copies attached hereto as Exhibit 2. They are willing to put this matter to rest under the following circumstances: 1) on their part, upon payment of $7,728.57, to bring them up-to-date and current on this loan; 2) on your part,

LAW OFFICES OF
# PRUSSAK, WELCH AND AVILA

CHRIS C. PRUSSAK, ESQ.
RANCE D. WELCH, ESQ.
GUSTAVO AVILA, ESQ.

402 EAST AVENIDA SAN JUAN
SAN CLEMENTE, CALIFORNIA 92672
(949) 369-1122 FAX (949) 369-5591

upon receipt from your company that their contract has been revised to reflect the original loan agreement and monthly payments of $3,972.25; and 3) a letter confirming this agreement and resolving my clients to the extent that they can repair their credit rating. Mr. and Mrs. Chavez will agree to these conditions, agreement null and void after 12:01 am on June 22, 2007.

Alternately, if these conditions cannot be met by 12:01 am by June 22, 2007, our office will have no choice but to file legal action contending Fraud and Willful Misrepresentation under the Truth In Lending Act. Additionally, we will seek additional damages for Emotional Distress and Defamation of our clients, as well as the Damage to their credit rating. I am also requesting a copy of your file on this matter.

Please contact me as soon as possible to discuss settlement in this matter.

Very truly yours,
PRUSSAK, WELCH AND AVILA

CHRIS C. PRUSSAK
CCP/dt

Enclosures

cc: Jerry McGarvey, American Home Loans
Mark Arnold, SureStep Fulfillment Services
Sterling Eagle Mortgage Investment Company

## LAW OFFICES OF
## PRUSSAK, WELCH AND AVILA

CHRIS C. PRUSSAK, ESQ.
RANCE D. WELCH, ESQ.
GUSTAVO AVILA, ESQ.

402 EAST AVENIDA SAN JUAN
SAN CLEMENTE, CALIFORNIA 92672
(949) 369-1122 FAX (949) 369-5591

June 7, 2007

American Home Mortgage Servicing, Inc.
4600 Regent Blvd, Suite 200
Irving, TX 75063

Attn: Tammy Dawson

| | | |
|---|---|---|
| Our Client | : | **CHAVEZ, TOM & SARA** |
| Policy Number | : | **1001527887** |

**SECOND NOTICE**

Dear Ms. Dawson:

Please be advised that this firm has been retained to represent the above-named clients for all damages arising as a result of the above-captioned incident. As you can see from the original Federal Truth-In-Lending Disclosure Statement, issued to our clients on November 22, 2006, 12 payments in the amount of $3,972.25 were due, beginning January 1, 2007; see Federal Truth-In-Lending Disclosure Statement, a true and correct copy attached hereto as Exhibit 1. At no time did they ever agree to larger payments than the amount they had signed contracts for.

In the numerous times that our client's loan was sold to different loan servicers, mistakes most obviously were made. Due to these mistakes, our clients were advised not to make further payments until these errors were corrected. For instance, any papers signed by Mr. Chavez at a later time were merely introduced as a correction to previous documents. No reference was ever made to my client that this one paper would be changing the essence of their loan; no further disclosure statements were ever issued to Mr. Chavez.

Additionally, Mrs. Sara Chavez would need to sign any and all paperwork involving the loan on their property. She is a Signer on the loan; she is referred to as Borrower; she is listed on the Deed of Trust as Joint Tenant; and she is listed on the Title as Joint Tenant. At no time did Sara Chavez ever sign any additional paperwork, contracts, addendums, or any other papers which would alter their original Purchase Contract, nor did she ever sign a Quit-Claim document or Rescission for this property. Sara Chavez obviously has a vested interest in this property and would have to sign any and all documents to make any changes to the original contract. There seems to be a fraudulent loan sale from one company to another without my client's knowledge or consent, which issue will be investigated and prosecuted to the fullest extent of the law.

This matter can be easily cleared up, merely by revising the loan documents to reflect the agreed-on payments of $3,972.25. To date, our clients should have sent 6 payments, for a total payment of $23,833.50. They have sent several payments, in the total amount of $16,104.93; see checks #1052, #1069, and #1013, true and correct copies attached hereto as Exhibit 2. They are willing to put this matter to rest under the following circumstances: 1) on their part,

upon payment of $7,728.57, to bring them up-to-date and current on this loan; 2) on your part, upon receipt from your company that their contract has been revised to reflect the original loan agreement and monthly payments of $3,972.25; and 3) a letter confirming this agreement and resolving my clients to the extent that they can repair their credit rating. Mr. and Mrs. Chavez will agree to these conditions within the next 10 business days, agreement null and void after 12:01 am on June 22, 2007.

Alternately, if these conditions cannot be met by 12:01 am by June 22, 2007, our office will have no choice but to file legal action contending Fraud and Willful Misrepresentation under the Truth In Lending Act. Additionally, we will seek additional damages for Emotional Distress and Defamation of our clients, as well as the Damage to their credit rating. I am also requesting a copy of your file on this matter.

Please contact me as soon as possible to discuss settlement in this matter.

Very truly yours,
PRUSSAK, WELCH AND AVILA


CHRIS C. PRUSSAK
CCP/dt

Enclosures

cc:   Jerry McGarvey, American Home Loans
      Mark Arnold, SureStep Fulfillment Services
      Sterling Eagle Mortgage Investment Company