## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE, | ) | (Jointly Administered) |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | ) | |
| | ) | Obj. Deadline: July 10, 2008 at 4:00 p.m. |
| Debtors. | ) | Hr'g Date: July 17, 2008 at 2:00 p.m. |

### MOTION OF THOMAS J. AND SARA A. CHAVEZ FOR ORDER DEEMING PROOFS OF CLAIM TIMELY FILED OR, IN THE ALTERNATIVE, ALLOWING THE FILING OF LATE-FILED CLAIMS

COME NOW Thomas J. and Sara A. Chavez ("Mr. and Mrs. Chavez"), by and through their undersigned counsel, and hereby move this Honorable Court for an order deeming their proofs of claim filed on or about April 30, 2008 (the "Proofs of Claim") to be timely filed or, alternatively, allowing the late-filing of their Proofs of Claim (the "Motion"). In support of their Motion, Mr. and Mrs. Chavez respectfully state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A).

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp, a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Mellville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75036.

3.  The statutory predicates for relief are 11 U.S.C. § 105 and Fed.R.Bankr.P. 3003(c)(3).

## FACTUAL BACKGROUND[2]

4.  Pre-petition, on November 22, 2006, Mr. and Mrs. Chavez entered into a $1,779,775.05 (principal) re-financing in connection with their primary residence located at 35012 Camino Capistrano, Dana Point, California 92624. The lender was non-debtor American Home Loans ("AHL").

5.  Soon thereafter, a material discrepancy was identified between the Federal Truth-in-Lending Disclosure Statement (the "Disclosure Statement") and Adjustable Rate Note rider (the "Note") that had been provided to Mr. and Mrs. Chavez at closing on the one hand and the Deed of Trust drafted by non-debtor The Escrow Forum (recorded November 30, 2006) and related loan documents (the "Deed of Trust") on the other. (Copies of the Disclosure Statement, Note, and Deed of Trust are attached as Exhibits 1 through 3, respectively, of the Complaint (as defined below), which is attached hereto as Exhibit A).

6.  On December 5, 2006, CBSK Financial Corp. was designated loan servicer and reflected the accurate loan figures in its records. Thereafter, Sterling Eagle Mortgage Investment Company, LLC ("Sterling") became the loan servicer.

7.  On December 18, 2006, Sterling, by and through its subsidiary Surestep Fulfillment Services, issued to Mr. and Mrs. Chavez and fraudulently obtained their signatures on an inaccurate -- albeit purportedly "corrected" -- Adjustable Rate Note, back-dated to

---

[2] Except as otherwise noted with regard to the specific issue of notice of the bar date, general evidentiary support for this Factual Background section is found in the Affidavit of Charles D. Richmond, Esq. filed in connection with the *Motion of Thomas J. and Sara A. Chavez for Relief from the Automatic Stay* (D.I. 4725), which affidavit is incorporated herein by reference thereto.

2

November 22, 2006, which conformed with the inaccurate Deed of Trust, recorded November 30, 2006. (Copy attached as Exhibit 4 to Exhibit A hereto).

8. On January 10, 2007, Debtor American Home Mortgage Servicing, Inc. ("AHMS") issued notice to Mr. and Mrs. Chavez that it was replacing Sterling as loan servicer effective February 1, 2007. (Copy attached hereto as Exhibit B).

9. That same day, AHMS inaccurately increased Mr. and Mrs. Chavez's monthly payment (effective January 1, 2007) by $1,029.17 rather than $297.92 as set forth on the Disclosure Statement.

10. On January 22, 2007, AHMS issued an inaccurate "ARM Adjustment Notification" to Mr. and Mrs. Chavez.

11. On April 24, 2007, AHMS issued a "past due" notice to Mr. and Mrs. Chavez relating to amounts allegedly due for April 2007. (Copy attached hereto as Exhibit C).

12. Between March and May of 2007, AHL's Jerry McGarvey contacted AHMS's Tammy Dawson on numerous occasions in an effort to get AHMS to correct its records as they related to Mr. and Mrs. Chavez's loan. (See correspondence attached hereto as Exhibit D).

13. Nevertheless, on May 17, 2007, AHMS issued a "default" notice to Mr. and Mrs. Chavez relating to amounts allegedly due for April and May 2007 and on May 23, 2007, AHMS issued an incorrect "ARM Adjustment Notification". (Copies attached hereto as Exhibit E).

14. Mr. and Mrs. Chavez retained legal counsel to bring the Deed of Trust and other loan documents into conformity with the Disclosure Statement. On June 1 and 7, 2007, Mr. and Mrs. Chavez's counsel, Christopher C. Prussak, Esquire, wrote AHMS's Tammy Dawson advising that his firm had been retained to represent the Chavez's in connection with this matter, which he characterized at least in part as a Truth-in-Lending Act violation (the "June Letters"). (Reference is made to the Affidavit of Christopher C. Prussak, Esq., filed contemporaneously

herewith, at ¶¶5-6, cited hereinafter as "Prussak Aff., at ¶ __"; copies of correspondence attached hereto as Exhibit F).

15. On July 25, 2007, AHMS issued a "credit correction" letter to Mr. and Mrs. Chavez apologizing for inaccurate credit reporting and stating that amounts allegedly due for April, May, and June 2007 were "paid as agreed." ("Prussak Aff., at ¶7; copy attached hereto as Exhibit G).

16. In exchange for AHMS's agreement to reinstate the original and correct loan terms, Mr. and Mrs. Chavez made accurate monthly payments to AHMS in the cumulative amount of $11,191.75 for July, August, and September 2007. (See correspondence from Christopher Prussak, Esq. dated October 15, 2007 (the "October 15th Letter"), Prussak Aff., at ¶8; attached hereto as Exhibit H).

17. On August 6, 2007 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Debtors continue to operate and manage their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

18. On August 14, 2007, the United States Trustee appointed an Official Committee of Unsecured Creditors. No trustee or examiner has been appointed. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

19. Post-petition, on September 25, 2007, the Debtors, through their agent Northwest Trustee Services, Inc. ("NTS"), issued "Notice Under Fair Debt Collection Practice Act," (copy attached as Exhibit I), and recorded "Notice of Default and Election to Sell Under Deed of

4

Trust," (copy attached as Exhibit 5 to Exhibit A hereto), thereby initiating a non-judicial foreclosure proceeding under California state law.

20.     The following day, the Debtors, through NTS, issued "Trustee Sale Notice" and "Notice of Default and Election to Sell Under Deed of Trust". (Copies attached hereto as Exhibit J).

21.     On October 30, 2007, the Court entered an order (the "First Bar Date Order") setting January 11, 2008 as the general bar date for filing pre-petition proofs of claim (the "Original Bar Date"). (D.I. 1708).

22.     In response to the "Trustee Sale Notice" and "Notice of Default and Election to Sell Under Deed of Trust" issued to the Chavez's on September 20, 2007, on December 10, 2007, Mr. and Mrs. Chavez, through their litigation counsel, Charles D. Richmond, Esquire, filed an 11-count complaint (the "Complaint") in the Superior Court of the State of California in and for the County of Orange, Central Division (the "California State Court") against AHL, AHMS, The Escrow Forum, and others, seeking (1) declaratory relief, (2) permanent injunction to enjoin foreclosure, (3) accounting, (4) breach of written contract, (5) breach of fiduciary duty, (6) negligence, (7) negligent supervision, (8) promissory fraud, (9) intentional misrepresentation, (10) negligent misrepresentation, and (11) unfair trade practices (Case No. 30-2007 00100010) (the "State Court Action"). (A copy of the Complaint is attached hereto as Exhibit A).

23.     On December 21, 2007, the California State Court issued an order in the State Court Action temporarily restraining the Debtors and NTS from proceeding with their noticed intent to foreclose. (Copy attached hereto as Exhibit K).

24.     On January 8, 2008, the Debtors filed a Suggestion of Bankruptcy in the State Court Action and NTS issued a "Rescission of Notice of Default and Election to Sell Under Deed of Trust." (Copies attached hereto as Exhibit L).

25.     On January 24, 2008, the California State Court issued an order in the State Court Action preliminarily enjoining the Debtors and NTS from proceeding with their noticed intent to foreclose. (Copy attached hereto as Exhibit M).

26.     On or about June 9, 2008, Sterling filed its answer to the Complaint in the State Court Action. (Copy attached hereto as Exhibit N).

27.     On February 15, 2008, the Court entered an order (the "Second Bar Date Order") setting April 30, 2008 as the bar date for filing pre-petition proofs of claim relating to construction-to-permanent loans and home equity line of credit loans (the "April 30th Bar Date"). (D.I. 2987).

28.     On or about February 20, 2008, the undersigned law firm of SULLIVAN · HAZELTINE · ALLINSON LLC was retained as local bankruptcy counsel to assist Mr. and Mrs. Chavez with the filing of their claims.

29.     On March 3, 2008, bankruptcy counsel for Mr. and Mrs. Chavez sent an e-mail to counsel for the Debtors proposing that the parties stipulate to the late-filing of Mr. and Mrs. Chavez's claims by the April 30th Bar Date on grounds that Mr. and Mrs. Chavez were known creditors of the Debtors represented by known counsel who was entitled to actual notice of the bar date under this Court's ruling in In re Grand Union Co., 204 B.R. 864 (Bankr. D. Del. 1997), but who had received no such notice.

30.     In response, on March 4, 2008, counsel for the Debtors sent a reply e-mail proposing that the matter be addressed through an amendment of Debtor "AHM's" schedule.

31.     The parties agreed that the Debtors would waive any "prejudice" argument accruing after March 3, 2008 on account of any request to late file Mr. and Mrs. Chavez's claims.

32. While this proposed procedure appeared at first to be a suitable mechanism to resolve the issue, further correspondence between the parties indicated that it was unclear when AHM's schedule was to be amended, or, indeed, whether "AHM" was the correct Debtor whose schedule would be appropriate to amend. As the April 30th Bar Date was quickly approaching and no definitive timeframe for any schedule amendment was forthcoming -- and with an eye towards ensuring that the Debtors not be put to any possible prejudice -- out of an abundance of caution Mr. and Mrs. Chavez filed their Proofs of Claim against each of the Debtors by the April 30th Bar Date.

33. On or about June 2, 2008, a disagreement arose between the parties as to whether they had mutually contemplated that Mr. and Mrs. Chavez were to have the opportunity to file their Proofs of Claim against each of the Debtors via the proposed AHM schedule amendment process. Accordingly, Mr. and Mrs. Chavez have filed the instant motion seeking leave of the Court to deem their Proofs of Claim timely filed against each of the Debtors.

34. The Chavez's pre-petition general counsel, Mr. Prussack, Esq., did not receive direct notice of either the First Bar Date Order or the Second Bar Date Order.

35. To date there has been no disclosure statement or plan filed. On information and belief, there has been no distribution to general unsecured creditors.

### BASIS FOR RELIEF

36. Section 105 of the Bankruptcy Code authorizes the Court to exercise its equitable powers to, "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Bankruptcy Rule 3003(c)(3) provides that the Court, "for cause shown may extend the time within which proofs of claim or interest may be filed."

## ARGUMENT

37.     In re Grand Union Co., 204 B.R. 864 (Bankr. D. Del. 1997), this Court announced the general rule that due process requires that known creditors receive direct notice of a bar date (as opposed to publication notice) and further, that known counsel of such known creditors must independently receive direct notice of the bar date as well. Here, there can be no genuine dispute that Mr. and Mrs. Chavez where known creditors represented by known counsel, and yet the Debtors failed to serve their counsel with notice of any bar date. Accordingly, the Court should deem Mr. and Mrs. Chavez's Proofs of Claim to be timely filed as of the April 30th Bar Date or to otherwise allow them to be filed beyond the Original Bar Date.

38.     In Grand Union, the Court considered, from the perspective of the Due Process Clause of the Fifth Amendment, how the pre-petition involvement with the debtor of counsel for "unsophisticated" personal injury creditors affected the adequacy of the bar date notice. Id., at 870-71. The Court noted that, in comparison to an excusable neglect standard which is, "obviously premised on some acknowledged mistake or fault on the part of the movant.... [...] [i]nadequate notice of the bar date, in and of itself, is a separate ground upon which a late proof of claim is allowed to be filed." Id., at 870 (bracketed material supplied)

39.     The Court found that the debtor had a duty to furnish claimant's attorneys with the bar date where the debtor, prior to its commencement of the case, had specific knowledge of the claimants' representation in pursuing their [...] claims against it and there had been a series of pre-petition communications between the debtor's agent and the claimants' attorneys exploring possible resolution of the claims. Id., at 870-71, 872 (brackets supplied). The Court stated:

> Given the import of the bar date notice, it would be grossly
> unfair and inequitable to leave the movants' counsel
> uninformed on such a matter when their representation was
> clearly known to [the debtor]. At the same time, it would
> be equally improper to incumber these claimants with grave

8

> responsibilities of reading, understanding and conveying the message to their counsel. [...] Sending the notice to the claimants, in and of itself, was not reasonably calculated to apprise the claimant of the bar date. [...] In order to provide the claimants with adequate notice of the bar date, [the debtor] should have notified their counsel directly. [...] Absent a bar date notice send to their counsel, I conclude that the movants did not receive adequate notice of the bar date so as to permit them to file their proofs of claims in a timely manner.

Id., at 874 (bracketed material supplied).

40. The Grand Union Court drew a distinction, however, between "unsophisticated" lay-person creditors such as the personal injury claimants in the matter before it and lenders, trade creditors, or other sophisticated business creditors for whom, "dealing with bankruptcy matters is a part of their business." Id., at 880.

41. The instant facts are directly analogous to those confronted by the Grand Union Court. No one has asserted that Mr. and Mrs. Chavez, in seeking to refinance their mortgage, stepped into the shoes of sophisticated business creditors of the Debtors. Indeed, the Chavez's were not even dealing with the Debtors at the time of the refinancing.

42. Moreover, the June Letters and the October 15th Letter sent to AHMS by the Chavez's counsel, Mr. Prussak, Esq., and AHMS's "credit correction" letter of July 25th are precisely the type of correspondence that qualifies the Chavez's as "known creditors" represented by "known counsel" because their identity and that of their counsel was either plainly apparent to the Debtors or "reasonably ascertainable" via a "reasonably diligent" search of the Debtors' "own books and records." See, Chemtron v. Jones, 72, F.3d 341, 346-47 (3d Cir. 1995).

43. Accordingly, cause exists to extend the bar date because the Debtors failed to provide Mr. and Mrs. Chavez's known counsel with direct notice of the bar date. Although not

9

determinative of the analysis, it is worth noting that the Debtors will suffer no prejudice on account of the requested relief because, *inter alia*, the Proofs of Claim were filed by the April 30th Bar Date.

44. Therefore, the Court should deem Mr. and Mrs. Chavez's Proofs of Claim to be timely filed as of the April 30th Bar Date or to otherwise allow them to be filed beyond the Original Bar Date.

## CONCLUSION

45.  For the reasons stated above, Mr and Mrs. Chavez respectfully request that this Honorable Court enter an order, in substantial conformity with the proposed form of order submitted herewith, (i) deeming their Proofs of Claim against each of the Debtors timely filed or, in the alternative, allowing the late-filing of their Proofs of Claim, (ii) granting the Motion, and (iii) granting to Mr. and Mrs. Chavez such other and further relief as the Court deems just and proper.

Dated: June 19, 2008
Wilmington, Delaware

**SULLIVAN · HAZELTINE · ALLINSON LLC**

*/s/ E. Allinson III*

William D. Sullivan (No. 2820)
Elihu E. Allinson, III (No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
(302) 428-8191

-- and --

Charles D. Richmond, Esq.
2537 Via Pisa
Del Mar, CA 92014

*Attorneys for Thomas J. and Sara A. Chavez*