IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>American Home Mortgage Holdings, Inc., a Delaware Corporation, et al.,<br><br>Debtors. | : Chapter 11<br>: Case No. 07-11047 (CSS)<br>: Jointly Administered<br>:<br>:<br>:<br>: Obj. Deadline: 6/20/08 at 4:00 p.m.<br>: Related to Docket No. 4084 |

**LIMITED RESPONSE OF WASHINGTON MUTUAL MORTGAGE
SECURITIES CORP. TO NOTICE OF (I) DEBTORS' PROPOSED
PURCHASER'S CURE AMOUNTS AND (II) DEADLINE FOR FILING
OBJECTIONS TO THE PROPOSED PURCHASER'S CURE AMOUNTS**

Washington Mutual Mortgage Securities Corp. ("WMMSC"), by and through its undersigned counsel, hereby files this limited response to the Notice of (I) Debtors' Proposed Purchaser's Cure amounts and (II) Deadline for Filing Objections to the Proposed Purchaser's Cure amounts ("Notice) regarding the above-captioned debtors' ("Debtors") sale of their assets related to the Debtors' Loan Servicing Business ("Sale"). In support of this limited response, WMMSC respectfully states as follows:

1. On August 6, 2007 ("Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Prior to the Petition Date, WMMSC and the Debtors entered into a Memorandum of Sale ("MOS"), which provided for, among other things, the sale of certain residential mortgage loans ("Mortgage Loans") and the servicing rights related to such loans, by the Debtors to WMMSC. With respect to each of the Mortgage Loans sold by the Debtors to WMMSC, the Debtors made certain representations, warranties and covenants to WMMSC which, if breached, provided WMMSC with certain remedies including, but not limited to, repurchase by the Debtors of the subject Mortgage Loans.

3. As of the Petition Date, WMMSC was owed $3,819,269.48 by the Debtors with respect to Mortgage Loans that the Debtors are obligated to repurchase from WMMSC pursuant to the MOS.

4. On or about October 30, 2007, the Court entered an order that approved the Sale of the Debtors' mortgage loan servicing business to AH Mortgage Acquisition Co., Inc. ("Purchaser"). Upon information and belief, the initial closing of the Sale occurred on November 16, 2007, and the final closing occurred on April 11, 2008.

5. Prior to the closings, on or about September 10, 2007, the Debtors filed a Modified Notice of (I) Possible Assumption and Assignment of Certain Leases, License Agreements, and Executory Contracts; and (II) Proposed Cure Obligations, if Any ("Assumption Notice"). The Assumption Notice stated in bold capitalized letters that the Debtors were only seeking to assume and assign the loan servicing rights related to the executory contracts listed on Exhibits B and C to the Assumption Notice. Exhibit B to the Assumption Notice listed separately two "Loan Sale and Servicing Agreements" with Washington Mutual.

6. On or about May 19, 2008, the Debtors filed the Notice, which sets forth the Purchaser's proposed cure amounts for certain contracts that may have been assumed and assigned to the Purchaser pursuant to the Sale. The Notice provides that the cure amounts related to the Debtors' assumption of two "Loan Sale and Servicing Agreements" with Washington Mutual, are zero.

7. WMMSC is filing this limited response solely to establish that WMMSC is only aware of the MOS that existed between itself and the Debtors. WMMSC is not aware of any other agreements that existed between the Debtors and WMMSC's affiliate, Washington Mutual. At this time, it is not clear if the MOS is the same thing as the Loan Sale and Servicing

Agreements that are listed in the Notice. Assuming that all parties are, in fact, referring to the same contract, WMMSC is also filing this limited response to establish that it is only the loan servicing rights associated with the MOS that were assumed and assigned to Purchaser pursuant to the Sale. If that is the case, then the cure is appropriately listed as zero in the Notice. However, to the extent that the Purchaser believes that it purchased anything other than the loan servicing rights associated with the MOS, there still remains due and owing on the MOS approximately $3,819,269.48, as set forth in WMMSC's proof of claim that it filed in these cases.

WHEREFORE, for all of the foregoing reasons, WMMSC respectfully does not object to the relief set forth in the Notice, as long as the Purchaser's and Debtors' understandings are consistent with WMMSC's understanding set forth herein.

Dated: June 20, 2008

/s/ Karen C. Bifferato
Karen C. Bifferato (No. 3279)
Marc J. Phillips (No. 4445)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-0380

Attorneys for Washington Mutual Mortgage Securities Corp.

#614652