## IN THE UNITED STATES BANKRUPTCY COURT
## IN AND FOR THE DISTRICT OF DELAWARE

American Home Mortgage Holdings,           ) Case No. 07-11047 BLS
    et al.,                                                    ) Chapter 11
                                     ) Jointly Administered
                                       ) Ref. Nos. 4367
                  Debtors,                          )

### CERTIFICATION OF COUNSEL

I, Kristi J. Doughty, hereby certifies to the Court as follows:

1. On or about June 4, 2008 Whittington & Aulgur, counsel for Jo Ann Jackson filed a Motion for Relief from the Automatic Stay (the "Motion") to seek avoidance of the American Home Mortgage judicial lien in Illinois, Ref. No. 4367.

2. On June 17, 2008 American Homes Mortgage Holdings, Inc. and its affiliated Debtors filed a timely limited response to the Motion, Ref. No. 4654 (the "Response"), reserving the Debtors' rights but not objecting to the relief requested in the Motion .

3. Except as otherwise provided above, the undersigned hereby certifies that, as of the date hereof, she has received no answer, objection or other responsive pleading to either of the Motions. The undersigned further certifies that she has reviewed the Court's docket in this case and, except as otherwise provided above, no answer, objection or other responsive pleading to either of the Motions appears thereon. Pursuant to the notice filed in connection with the motion, objection to the Motion was to be filed and served no later than June 18, 2008.

The undersigned respectfully requests that the orders for the motion attached hereto as Exhibit "A" be entered at the convenience of the Court.

WHITTINGTON & AULGUR

/s/ Kristi J. Doughty
Robert T. Aulgur, Jr. (No. 165)
Kristi J. Doughty (No. 3826)
651 N. Broad Street., Suite 206
P.O. Box 1040
Middletown, DE  19709-1040
(302) 378-1661

Dated:  June 23, 2008          Attorneys for Jo Ann Jackson

# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT

## IN AND FOR THE DISTRICT OF DELAWARE

American Home Mortgage Holdings,     ) Case No. 07-11047 CSS
    Inc., et al.,     ) Chapter 11
           Debtors,     ) Jointly Administered
    ) Ref. No.

### ORDER GRANTING JO ANN JACKSON'S MOTION FOR RELIEF FROM AUTOMATIC STAY IN ORDER TO AVOID JUDICIAL LIEN

AND CONSIDERATION of the Motion for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Code filed by Jo Ann Jackson ("Movant") in order to avoid judicial lien   (the "Motion") ; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§157 and 1334; (B) this is a core proceeding pursuant to 28 U.S. C. §157(b)(2); (C) venue is proper pursuant to 28 U.S.C. §1409(a); and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant Movant relief from the automatic stay in order to avoid judicial lien; it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED.**  All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion; and it is further

**ORDERED,** that pursuant to 11 U.S.C. §362(d), to the extent the automatic stay is otherwise applicable, Movant is hereby granted relief from the automatic stay, and the automatic stay is modified solely so that Movant may proceed with a Motion to Avoid the Debtor's judicial lien against the Debtor's personal residence commonly known as 3170 West Monroe, Unit 217, Waukegan, Illinois 60085 (hereinafter "Bankruptcy

Proceeding") which may impair her personal exemption in the Movant's Bankruptcy proceeding, Case No. 07-15115 in the Northern District of Illinois. Movant is hereby permitted to exercise her rights under applicable bankruptcy law; and it is further

**ORDERED** that nothing in this order (i) shall constitute a determination that the Debtor lien impairs the Movant's personal exemption  or (ii) shall estop the Debtors from denying that their lien impairs the Movant's personal exemption in the Movant's Bankruptcy Proceeding; and it is further

**ORDERED** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bank. P. 4001(a)(3).

_____

J.