UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Case No. 07-11047(CSS) |
| | ) | Chapter 11 |
| AMERICAN HOME MORTGAGE | ) | |
| HOLDINGS, INC., a Delaware | ) | Courtroom No. 6 |
| Corporation, _et al.,_ | ) | 824 Market Street |
| | ) | Wilmington, Delaware 19801 |
| | ) | |
| Debtors. | ) | |
| | ) | June 11, 2008 |
| | ) | 10:10 A.M. |

TRANSCRIPT OF OMNIBUS HEARING
BEFORE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtors:          Young Conaway Stargatt & Taylor, LLP
                          By:  KARA HAMMOND COYLE, ESQ.
                               NATHAN GROW, ESQ.
                          The Brandywine Building
                          1000 West Street, 17th Floor
                          Wilmington, Delaware 19899-0391

For the Creditors'        Blank Rome, LLP
Committee:                By:  DAVID CARICKHOFF, ESQ.
                          Chase Manhattan Centre
                          1201 Market Street, Suite 800
                          Wilmington, Delaware 19801


ECRO:                     Nicole Schaefer

TRANSCRIPTION SERVICE:    TRANSCRIPTS PLUS
                          435 Riverview Circle
                          New Hope, Pennsylvania 18938
                          Telephone:  215-862-1115
                          Facsimile: 215-862-6639
                          e-mail CourtTranscripts@aol.com


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

Appearances:
(Continued)


For WLR Recovery:              Greenberg Traurig, LLP
                               By:  VICTORIA COUNIHAN, ESQ.
                               The Nemours Building
                               1007 North Orange Street, Suite 1200
                               Wilmington, Delaware 19801

For Natixes Real Estate        The Bayard Firm
Capital:                       By:  ERIC M. SUTTY, ESQ.
                               222 Delaware Avenue, Suite 900
                               P.O. Box 25130
                               Wilmington, Delaware 19899-5130

For Bank of America:           Potter Anderson & Corroon, LLP
                               By: GABRIEL R. MacCONAILL, ESQ.
                               Hercules Plaza, P.O. Box 951
                               1313 N. Market Street
                               Wilmington, Delaware 19899-0951

For ABN AMRO Bank:             Milbank, Tweed, Hadley & McCloy LLP
                               By:  FRED NEUFELD, ESQ.
                               1 Chase Manhattan Plaza
                               New York, New York 10005-1413


TELEPHONIC APPEARANCES:

For the Debtors:               American Home Mortgage Holdings
                               By:  JOHN KALAS, ESQ.
                               520 Broadhollow Road
                               Melville, NY 11747

For Bank of America:           Kaye Scholer
                               By:   SCOTT TALMADGE,ESQ.
                                     MARGOT SCHONHOLTZ, ESQ.
                                     ANA ALFONSO, ESQ.
                               425 Park Avenue
                               New York, New York 10022-3598

For ABN AMRO Bank:             Milbank, Tweed, Hadley & McCloy LLP
                               By:  ROBERT MOORE, ESQ.
                               1 Chase Manhattan Plaza
                               New York, New York 10005-1413

TELEPHONIC APPEARANCES:
(Continued)

For MBIA Insurance          Kutak Rock
Corporation:                By:  BRUCE WILSON, ESQ.
                            The Omaha Building
                            1650 Farnam Street
                            Omaha, Nebraska 68102-2186

4

INDEX

AGENDA ITEMS                                             PAGE

Items 1 through 10                                        5*
Items 11 through 15                                       5**
Items 16 through 39                                       5***
Item 40    Debtors' fifth omnibus non-substantive
           objection to claims                           6
Item 41    Debtors' seventh omnibus non-substantive
           objection to claims                           8
Item 42    Debtors' eighth omnibus substantive
           objection to claims                          12

*Adjourned until June 25, 2008
**Submitted under a certification of no objection, orders entered
***Submitted under a certification of no objection

1          THE COURT:  Please be seated.

2          MS. HAMMOND COYLE:  Good morning, Your Honor.  Kara

3  Hammond Coyle, Young Conaway Stargatt and Taylor on behalf of

4  the debtors.  Your Honor, we'll be working off the amended

5  agenda which was filed yesterday.

6          THE COURT:  Um-hum.

7          MS. HAMMOND COYLE:  Items 1 through 10 on the agenda

8  have been adjourned to June 25th.

9          Items 11 through 13 were submitted under a

10 certification of no objection, and Your Honor has entered

11 orders approving each matter.

12         Items 14 and 15 were submitted under certification of

13 counsel, and Your Honor has entered orders approving each of

14 those matters.

15         Items 16 through 39 were also submitted under

16 certification of counsel, but no order has yet been entered.

17         THE COURT:  All right.  I signed -- I spent my

18 morning signing those.

19         MS. HAMMOND COYLE:  Thank you, Your Honor.  And that

20 leaves us with the matters going forward.  I will cede the

21 podium to my colleague, Nathan Grow, who will be handling those

22 items.

23         THE COURT:  Okay.

24         MR. GROW:  Good morning, Your Honor.

25         THE COURT:  Good morning.

6

1           MR. GROW:  Nathan Grow of Young Conaway Stargatt and

2    Taylor on behalf of the debtors.

3           Matter Number 40 on the amended agenda is the

4    debtors' fifth omnibus non-substantive objection to claims.

5           THE COURT:  Right.

6           MR. GROW:  We talked about this one at the last

7    hearing, but we have a -- a couple of hangover issues.  First,

8    just to note for the record, the debtors have indicated on the

9    amended agenda that they wish to withdraw the fifth omnibus

10   objection with respect to various proofs of claim --

11          THE COURT:  Right.

12          MR. GROW:  -- that were filed after the bar date.

13   The debtors have based this decision on the amounts of the

14   claims asserted, which do not exceed $1,030.

15          There were four responses to the fifth omnibus

16   objection that we did not discuss in the last hearing because

17   they were docketed on the date of the hearing or received on

18   the date of the hearing or after the hearing.

19          THE COURT:  Um-hum.

20          MR. GROW:  One of these responses that did not make

21   it onto the docket is Item Z on the amended agenda, which is

22   filed by Robert Vanderbeck.   The debtors objected to this

23   claim --

24          THE COURT:  This was a late filed claim?  I'm sorry.

25          MR. GROW:  Robert Vanderbeck was an equity interest

7

1  claim.

2          THE COURT:  Okay.

3          MR. GROW:  And his response to the objection states

4  merely that he has an equity interest.  He has shares that are

5  now worth close to zero.  The response contains no additional

6  allegations of any claims or anything beyond the asserted

7  equity interest.

8          THE COURT:  Yup, I'll sign the order.

9          MR. GROW:  Okay.  The other three responses that

10 didn't make it onto the docket until after the hearing are

11 Items Y, doubt A and double B on the amended agenda.

12         THE COURT:  Um-hum.

13         MR. GROW:  And these were filed on account of claims

14 that the debtors objected to as late filed.  The debtors would

15 like to adjourn the fifth omnibus objection with respect to

16 these proofs of claim.

17         THE COURT:  That's fine?

18         MR. GROW:  We've prepared a revised form of order for

19 the fifth omnibus objection that will provide for that.

20         THE COURT:  Thank you.

21                   (Pause)

22         MR. GROW:  Okay.  The revised form of order that I've

23 just handed up contains the adjournment of these three claims

24 that I've just mentioned, and also a correction of an error in

25 the -- the fifth omnibus objection -- the order approving the

8

1  fifth -- or sustaining the fifth omnibus objection.  That order

2  states that the objection was adjourned with respect to various

3  proofs of claim; that the debtors objected to its equity

4  interest.  When, in fact, according to your ruling, the order

5  should have stated that the Court overruled the objection in

6  part with respect to these proofs of claim.  So, that's

7  indicated there on the revised order.

8          THE COURT:  Thank you.  I've signed the revised

9  order.

10          MR. GROW:  Okay.  Great.  Moving onto Matter Number

11  41 on the agenda, this is the debtors' seventh omnibus non-

12  substantive objection to claims.  And would Your Honor like me

13  to walk through the various bases and exhibits for this

14  objection?  Or should we just talk about the responses?

15          THE COURT:  No, go ahead.   Why don't you walk

16  through the objection and bases?

17          MR. GROW:  Walk through the objection?

18          THE COURT:  Yes, please.

19          MR. GROW:  Okay.  The seventh omnibus objection is --

20  is the next in the series of objections and the debtors are in

21  the process of evaluating more than 10,000 proofs of claim that

22  have been filed in these cases.  And the debtors filed this

23  seventh objection after examining their books and records and

24  the claims register and identifying a number of claims that

25  they found objectionable.  Through the seventh omnibus

1  objection, the debtors have requested that the Court enter an

2  order disallowing in full and expunging certain disputed claims

3  or reassigning them to different case numbers.

4          THE COURT:  Um-hum.

5          MR. GROW:  These claims are identified in four

6  exhibits, A through D.  Exhibit A is comprised of proofs of

7  claim that are duplicative of previously filed proofs of claim.

8  If the claimants asserting these duplicate claims are permitted

9  to recover on their proofs of claim, they will receive an

10 unwarranted double recovery.

11         Exhibit B is comprised of proofs of claim that have

12 been amended and superseded by subsequently filed proofs of

13 claim.  And likewise, if the claimants asserting these proofs

14 of claim are permitted to recover, they will receive a double

15 recovery.

16         Exhibit C is comprised of proofs of claim that were

17 filed on account of equity interests.  The debtors do not, at

18 this time, take any position on the validity of the equity

19 interest of the claimants who filed these proofs of claim.

20 However, as an equity interest, it's not a valid basis for a

21 claim.  The debtors request that these proofs of claim filed on

22 account of equity interest be expunged with the exception of

23 one that I'll discuss when we get to the responses.

24         The debtors have reviewed each one of these proofs of

25 claim and represent to the Court that the claimants filing them

1  assert nothing more than an equity interest.

2         THE COURT:  Now, is that a substantive objection or

3  non-substantive?

4         MR. GROW:  This is non-substantive as to these --

5         THE COURT:  All right.

6         MR. GROW:  -- equity claims.

7         THE COURT:  And -- and you're -- and I'm sorry.  You

8  were saying that you certify you've -- you've looked at --

9         MR. GROW:  None of these -- we've looked at all of

10  them, none of them assert anything more --

11         THE COURT:  All right.

12         MR. GROW:  -- than an equity interest.

13         THE COURT:  Very good.

14         MR. GROW:  Exhibit D is comprised of proofs of claim

15  for which no supporting documentation was submitted.

16         THE COURT:  And you did supply us with those, I see.

17  I believe.

18         MR. GROW:  Yes, I believe so.

19         THE COURT:  Yeah.  Yes, you did.

20         MR. GROW:  Okay.  So --

21         THE COURT:  All right.  Based on that, and I've read

22  the affidavits and the claim objection, and I didn't have any

23  issues.  Were there any responses?

24         MR. GROW:  Yes, a few responses to address quickly.

25  First was filed by U.S. Bank to the debtors' objection to

1  several of their claims that were listed in Exhibit A as

2  duplicates.  The debtors have reached out to U.S. Bank to

3  discuss, and at this time we wish to adjourn the objection with

4  respect to these claims until the hearing on June 25th.  That's

5  indicated in the revised form of order.  Can I hand up the

6  revised form of order while we go through this?

7          THE COURT:  Yes, that's fine.  That's helpful.

8                      (Pause)

9          THE COURT:  Thank you.

10          MR. GROW:  There's a black line there, as well,

11  showing changes.

12          THE COURT:  I see it.  Thank you.

13          MR. GROW:  Okay.  The debtors also received a

14  response from the IRS in response to the debtors' objection to

15  two claims.  However, the response states that the United

16  States does not object to the relief sought.

17          THE COURT:  Okay.

18          MR. GROW:  The debtors finally received 13 different

19  responses, which were filed by claimants who asserted claims on

20  account of their equity interests.  Nine of these responses

21  failed to offer any valid arguments to suggest that these

22  claims should not be expunged.

23          Four of the responses included additional allegations

24  that the debtors defrauded or deceived their stockholders.  And

25  in light of Your Honor's ruling at the previous hearing on the

1  fifth omnibus objection with regard to equity claims, the

2  debtors wish to withdraw their objection to these claims and

3  reserve the right to object to these proofs of claims on any

4  grounds in a future objection.

5                THE COURT:  All right.

6                MR. GROW:  Okay.  So, those are all the responses we

7  received for the seventh omnibus objection.

8                THE COURT:  All right.  I'll sign the revised order,

9  unless anyone wishes to be heard.

10                      (No audible response heard)

11                THE COURT:  All right.  Hearing none, the Court will

12  sign the revised order.

13                MR. GROW:  All right.  Then moving onto Matter Number

14  42 on the agenda, which is the debtors' eighth omnibus

15  substantive objection to claims and -- would you like me to

16  walk through the exhibits?

17                THE COURT:  Yes, please.

18                MR. GROW:  Okay.  Through this eighth objection, the

19  debtors have requested that the Court enter an order

20  disallowing in full or in part, as indicated, or reclassifying

21  certain disputed claims.  The disputed claims in the eighth

22  omnibus objection are divided into four categories, and listed

23  in Exhibits A through D in the proposed form of order.  Exhibit

24  A is compromised of what the debtors have termed no liability

25  claims.  The debtors have reviewed their books and records and

1  determined that they are not liable in whole or in part with

2  respect to these proofs of claim.  Failure to disallow these no

3  liability claims will result in the applicable claimant's

4  receiving an unwarranted recovery against the debtors' estates

5  to the detriment of other creditors in this case.

6        Exhibit B is comprised of what the debtors have

7  termed Multiple Debtor Claims.  The debtors asserting -- the

8  claimants asserting these proofs of claim filed identical

9  proofs of claim against multiple debtors.  After review of

10  their books and records, the debtors have determined that the

11  claims listed as surviving claims in Exhibit B were filed

12  against the correct debtor.

13        Therefore, the debtors request that all other claims,

14  except for the surviving claims, be expunged so that the

15  claimants do not receive a double recovery.

16        Exhibit C is comprised of claims that the debtors'

17  books and records indicate should be reduced.  Failure to

18  disallow in part the reduced claims will result in the

19  applicable claimants receiving an unwarranted recovery against

20  the debtors' estates to the detriment of other creditors in

21  this case.

22        Exhibit D is comprised of claims that the debtors'

23  books and records indicate should be reclassified to a

24  different priority level.  Failure to reclassify these claims

25  will result in the applicable claimants receiving undue

1   priority for their claims.

2          There were only four responses to the eighth omnibus

3   objection.  We've made a couple of revisions to the form of

4   order.  May I approach to hand up a revise form of order?

5          THE COURT:  Yes.

6                    (Pause)

7          THE COURT:  Thank you.

8          MR. GROW:  Okay.  Then walking through some of our

9   responses.  First of all, the debtors received a response from

10  Marie Minutillo.  The debtors objected to her claim as a

11  reduced claim.  Her response is Item A on the amended agenda.

12          However, it appears that the debtors and Ms.

13  Minutillo are in agreement.  Ms. Minutillo asserted a claim for

14  $2,980.77.  The debtors' books and records indicate, and the

15  debtors asserted in the objection, that Ms. Minutillo's -- Ms.

16  Minutillo should have a claim for $2,981, which is just 33

17  cents more than what Ms. Minutillo had asserted in her claim.

18  So, the debtors err in objecting to Ms. Minutillo's claim,

19  obviously as a reduced claim.  That the amount that we asserted

20  as the correct amount is more than the original amount --

21          THE COURT:  Okay.

22          MR. GROW:  -- by 33 cents.

23          THE COURT:  All right.

24          MR. GROW:  Okay.  So, no adjustment to the order was

25  made --

1              THE COURT:  Right.

2              MR. GROW:  -- with respect to this.  Thomas Hoffman

3    filed a response to the debtors' objection to his proof of

4    claim.  After reviewing documentation submitted by Mr. Hoffman,

5    the debtors wish to withdraw their objection to his proof of

6    claim.

7              THE COURT:  Okay.

8              MR. GROW:  Reserve the right to object to Mr.

9    Hoffman's proof of claim on any grounds in a future objection.

10             The debtors also wish to adjourn the objection to

11   Norman Loftis's claim in order to further address concerns

12   raised in a response that he filed.

13             THE COURT:  Okay.

14             MR. GROW:  And the last response is from Jennifer

15   Tobin.  The debtors objected to the proof of claim of Jennifer

16   Tobin on the basis that it should be reclassified as a general

17   unsecured claim.  Ms. Tobin filed her proof of claim for

18   reimbursement of various business expenses, including mileage,

19   parking and office supplies related to her employment with the

20   debtors.

21             Section 507 of the Bankruptcy Code does not provide

22   that claims for reimbursement of business expenses are entitled

23   to priority.  For this reason, the debtors have requested that

24   it be reclassified as an unsecured claim.

25             THE COURT:  Then why I do sign wage orders on day one

1  in every case allowing the debtor under the Doctrine of

2  Necessity to pay business expenses?

3      MR. GROW:  Well, I'm not sure, but I believe that

4  order states that the debtors have the option of paying those.

5  That it's at the debtors' --

6      THE COURT:  Well, the basis is often asserted that

7  they would otherwise be priority claims, so it's an issue of

8  timing rather than whether or not the claims will be paid.

9      MR. GROW:  Another concern with this -- with this

10 proof of claim is that it is -- some of the expenses included

11 are outside of the 180 days before the filing.  Section

12 507(a)(4) provides that you only get priority for wages,

13 salaries or commissions that occurred are -- that accrued

14 within the 180 days before filing the petition.

15                        (Pause)

16      THE COURT:  Was this employee terminated prepetition?

17      MR. GROW:  Your Honor, I'm not entirely sure of the

18 employment status of Jennifer Tobin with the -- with the

19 debtors, if she was terminated, when she was terminated.

20      THE COURT:  Do you know whether she submitted expense

21 reports?  I think I'm going to need more information.  I mean

22 I'm inclined to grant the motion.  I agree with you that

23 business expenses, generally speaking -- well, business

24 expenses are approved under the Doctrine of Necessity, they're

25 not actually included in the priority amount for wages,

1  compensation, et cetera.

2          But there is a -- an order in this case that provided

3  the debtor with the option of paying the business expenses of

4  employees as of the petition date.  And I'm concerned, frankly,

5  that someone may have relied on that and now in the back end,

6  they're getting their claim objected to.

7          So, I'd like to know whether Ms. Tobin was an

8  employee covered -- because business expenses were not paid on

9  -- for terminated employees.  And the bulk of the workforce was

10 terminated three days before the filing of the petition.

11         So, if she was not an employee as of the petition

12 date, you can submit an order under certification of counsel

13 stating that, and I'll sign the order.  Otherwise maybe we can

14 find out more information and we'll continue it to the June 25

15 hearing.  Okay?

16         MR. GROW:  Okay.  We can make an adjustment to the

17 form of order.  And so the sole question is whether she was an

18 employee as of the petition date.

19         THE COURT:  Well, if -- if -- yeah -- that's a -- I

20 consider that a threshold question.

21         MR. GROW:  And if she was --

22         THE COURT:  And if the answer is, no, then I'll sign

23 the order.  If the answer is yes, I think we're going to need

24 more information as to whether she, you know, had submitted a

25 business -- had submitted an expense report and whether she

1  received certain notices.  I'm not sure what the issues might

2  be, frankly.  I'll have to ruminate on it a little bit.

3          MR. GROW:  Okay.  We can adjourn it to --

4          THE COURT:  But my concern here is kind of obvious,

5  which is, you know, is she getting kind of bate and switch?  I

6  understand that the wage order was discretionary, but, you

7  know, people rely on these things.  So --

8          MR. GROW:  Okay.  If I may approach, I could take

9  back the form of order, make the appropriate adjustment?

10          THE COURT:  You may.  I also had a question on a

11  couple of these.  Exhibit A, no liability claims.  There are

12  several claims that appear to be WARN Act claims, and I've

13  approved a class action in that case.

14          I'm concerned about expunging proofs of claim for

15  people who may or may not be covered as part of a class.  I

16  know there was the right of the class action plaintiffs'

17  counsel to file an omnibus -- an omnibus claim on behalf of all

18  their -- all plaintiffs that would be covered in the class.  I

19  understand your position is that you did not employ loan

20  officers.  So, I -- I take it your position is -- well, let me

21  see if I can maybe flesh it a little bit.  Is it your position

22  that the debtors -- none of the debtors employed any of these

23  persons?  Or simply that they misstate their title of their --

24  of their employment?

25          MR. GROW:  I believe the -- these are somewhat akin

1  to multiple debtor claims.  I believe all of these employees

2  asserted other claims against the entity that did actually

3  employ them.  And we didn't call them multiple debtor claims

4  because they're not exactly identical to the claims that they

5  asserted against --

6           THE COURT:  So, all of these -- all of these

7  claimants have surviving claims against at least one other

8  debtor entity?

9           MR. GROW:  Yes.

10          THE COURT:  All right.  I'll approve it then.  There

11 are several claims that seal with the Souderton Area School

12 District that we dealt with previously.  And, frankly, I don't

13 recall what the resolution of the Souderton matter was, did we

14 continue that or --

15          MR. GROW:  We continued, and then today continued

16 again.  So --

17          THE COURT:  So, they're -- so, they're --

18          MR. GROW:  Should we --

19          THE COURT:  But -- but not in connection with these

20 claims?

21          MR. GROW:  In connection with these employee claims?

22          THE COURT:  No, no, I'm sorry.  This -- I'm looking

23 at the eighth omnibus objection, Exhibit A, no liability

24 claims.  And there are claims fifty-nine hundred to --

25          MR. GROW:  I see.

1          THE COURT:  -- fifty-nine sixteen, with one kind of

2  skip in there.  But I think we previously continued because

3  there were some issues.

4          MR. GROW:  That's right.

5          THE COURT:  So, I -- should --

6          MR. GROW:  I suppose we -- we objected to a group of

7  these claims in the sixth, this is another group of them --

8  different claims here in the eighth.  So, I assume we should

9  probably do the same --

10          THE COURT:  Yes.

11          MR. GROW:  -- thing with these?

12          THE COURT:  Yes.  Yes.  And that would also include

13  the --

14          MR. GROW:  Adjourn --

15          THE COURT:  -- Spring-Ford Area School District.  I

16  have the claim numbers on a piece of paper here if that would

17  be helpful.

18          MR. GROW:  It may be if we could use them to --

19          THE COURT:  Okay.  Well, I can tell you that

20  Souderton is fifty-nine hundred through fifty-nine sixteen with

21  a skip on fifty-nine eleven.  Right, that's correct.

22          And Spring-Ford is sixteen sixty-four through sixteen

23  ninety, with a skip at sixteen sixty-six.  Yeah, that's it.

24          MR. GROW:  Okay.

25          THE COURT:  Let's continue those.

1        MR. GROW:  All right.  We'll --

2        THE COURT:  For the same reason that we did in

3 connection previously.

4        MR. GROW:  Okay.  We will indicate that in the

5 revised form of order.

6        THE COURT:  All right.  And then that's -- those are

7 my only -- those are my only issues.

8        MR. GROW:  Okay.  I don't have anything else.

9        THE COURT:  So, you can submit a revised eighth

10 omnibus objection order under certification of counsel.

11        MR. GROW:  Okay, we'll do that.

12        THE COURT:  All right.  Anything else for today?  You

13 just said there wasn't.  So, anyone else?

14              (No audible response heard)

15        THE COURT:  No one?  Hearing is adjourned.

16            (Proceedings Adjourn at 10:36 A.M.)

17

18              C E R T I F I C A T I O N

19        I, Karen Hartmann, certify that the foregoing is a

20 correct transcript to the best of my ability, from the

21 electronic sound recording of the proceedings in the above-

22 entitled matter.

23

24  /s/  *Karen Hartmann*            Date:  June 22, 2008

25 TRANSCRIPTS PLUS

**$**

**$1,030-** 6:14
**$2,980.77-** 14:14
**$2,981-** 14:16

**/**

**/S/-** 21:24

**1**

**1-** 5:7
**10-** 5:7
**10,000-** 8:21
**10:36-** 21:16
**11-** 5:9
**13-** 5:9 11:18
**14-** 5:12
**15-** 5:12
**16-** 5:15
**180-** 16:11,14

**2**

**2008-** 21:24
**22-** 21:24
**25-** 17:14
**25ᵀᴴ-** 5:8 11:4

**3**

**33-** 14:16,22
**39-** 5:15

**4**

**40-** 6:3
**41-** 8:11
**42-** 12:14

**5**

**507-** 15:21
**507A4-** 16:12

**A**

**ABILITY-** 21:20
**ABOVE-** 21:21
**ACCORDING-** 8:4
**ACCOUNT-** 7:13
9:17,22 11:20
**ACCRUED-** 16:13
**ACT-** 18:12
**ACTION-** 18:13,16
**ADDRESS-** 10:24
15:11
**ADJOURN-** 7:15
11:3 15:10 18:3
20:14 21:16
**ADJOURNED-** 5:8
8:2 21:15
**ADJOURNMENT-** 7:23
**ADJUSTMENT-** 14:24
17:16 18:9
**AFFIDAVITS-** 10:22
**AGAINST-**
13:4,9,12,19
19:2,5,7
**AGENDA-** 5:5,7
6:3,9,21 7:11
8:11 12:14 14:11
**AGREE-** 16:22
**AGREEMENT-** 14:13
**AHEAD-** 8:15

**AKIN-** 18:25
**ALLEGATIONS-** 7:6
11:23
**ALLOWING-** 16:1
**AMENDED-** 5:4
6:3,9,21 7:11
9:12 14:11
**AMOUNT-** 14:19,20
16:25
**AMOUNTS-** 6:13
**APPEAR-** 18:12
**APPEARS-** 14:12
**APPLICABLE-**
13:3,19,25
**APPROACH-** 14:4
18:8
**APPROPRIATE-** 18:9
**APPROVE-** 19:10
**APPROVED-** 16:24
18:13
**APPROVING-**
5:11,13 7:25
**AREA-** 19:11 20:15
**ARGUMENTS-** 11:21
**ASSERT-** 10:1,10
**ASSERTED-** 6:14
7:6 11:19
14:13,15,17,19
16:6 19:2,5
**ASSERTING-** 9:8,13
13:7,8

**B**

**BACK-** 17:5 18:9
**BANK-** 10:25 11:2
**BANKRUPTCY-** 15:21
**BAR-** 6:12
**BASED-** 6:13 10:21
**BASES-** 8:13,16
**BASIS-** 9:20 15:16
16:6
**BATE-** 18:5
**BIT-** 18:2,21
**BLACK-** 11:10
**BOOKS-** 8:23 12:25
13:10,17,23 14:14
**BULK-** 17:9
**BUSINESS-**
15:18,22 16:2,23
17:3,8,25

**C**

**CALL-** 19:3
**CAN-** 11:5
17:12,13,16
18:3,21 20:19
21:9
**CASE-** 9:3 13:5,21
16:1 17:2 18:13
**CASES-** 8:22
**CATEGORIES-** 12:22
**CEDE-** 5:20
**CENTS-** 14:17,22
**CERTAIN-** 9:2
12:21 18:1
**CERTIFICATION-**
5:10,12,16 17:12
21:10
**CERTIFY-** 10:8

21:19
**CETERA-** 17:1
**CHANGES-** 11:11
**CLAIMANT'S-** 13:3
**CLAIMANTS-**
9:8,13,19,25
11:19
13:8,15,19,25
19:7
**CLASS-**
18:13,15,16,18
**CLOSE-** 7:5
**CODE-** 15:21
**COLLEAGUE-** 5:21
**COMMISSIONS-**
16:13
**COMPENSATION-**
17:1
**COMPRISED-**
9:6,11,16 10:14
13:6,16,22
**COMPROMISED-**
12:24
**CONAWAY-** 5:3 6:1
**CONCERN-** 16:9
18:4
**CONCERNED-** 17:4
18:14
**CONCERNS-** 15:11
**CONNECTION-**
19:19,21 21:3
**CONSIDER-** 17:20
**CONTAINS-** 7:5,23
**CONTINUE-** 17:14
19:14 20:25
**CONTINUED-** 19:15
20:2
**CORRECTION-** 7:24
**COUNSEL-** 5:13,16
17:12 18:17 21:10
**COUPLE-** 6:7 14:3
18:11
**COVERED-** 17:8
18:15,18
**COYLE-** 5:2,3,7,19
**CREDITORS-**
13:5,20

**D**

**DATE-** 6:12,17,18
17:4,12,18 21:24
**DAY-** 15:25
**DAYS-** 16:11,14
17:10
**DEALT-** 19:12
**DEBTOR-** 13:7,12
16:1 17:3
19:1,3,8
**DEBTORS'-** 6:4
8:11 10:25 11:14
12:14
13:4,16,20,22
14:14 15:3 16:5
**DECEIVED-** 11:24
**DECISION-** 6:13
**DEFRAUDED-** 11:24
**DETERMINED-**
13:1,10
**DETRIMENT-**

13:5,20
**DIDN'T-** 7:10
10:22 19:3
**DIFFERENT-** 9:3
11:18 13:24 20:8
**DISALLOW-** 13:2,18
**DISALLOWING-** 9:2
12:20
**DISCRETIONARY-**
18:6
**DISPUTED-** 9:2
12:21
**DISTRICT-** 19:12
20:15
**DIVIDED-** 12:22
**DOCKET-** 6:21 7:10
**DOCKETED-** 6:17
**DOCTRINE-** 16:1,24
**DOCUMENTATION-**
10:15 15:4
**DON'T-** 8:15 19:12
21:8
**DOUBLE-** 7:11
9:10,14 13:15
**DOUBT-** 7:11
**DUPLICATE-** 9:8
**DUPLICATES-** 11:2
**DUPLICATIVE-** 9:7

**E**

**EACH-** 5:11,13
9:24
**EIGHTH-**
12:14,18,21 14:2
19:23 20:8 21:9
**ELECTRONIC-** 21:21
**ELEVEN-** 20:21
**EMPLOY-** 18:19
19:3
**EMPLOYED-** 18:22
**EMPLOYEE-** 16:16
17:8,11,18 19:21
**EMPLOYEES-** 17:4,9
19:1
**EMPLOYMENT-** 15:19
16:18 18:24
**ENTER-** 9:1 12:19
**ENTERED-**
5:10,13,16
**ENTIRELY-** 16:17
**ENTITLED-** 15:22
21:22
**ENTITY-** 19:2,8
**EQUITY-** 6:25
7:4,7 8:3
9:17,18,20,22
10:1,6,12 11:20
12:1
**ERR-** 14:18
**ERROR-** 7:24
**ESTATES-** 13:4,20
**ET-** 17:1
**EVALUATING-** 8:21
**EXAMINING-** 8:23
**EXCEED-** 6:14
**EXCEPT-** 13:14
**EXCEPTION-** 9:22
**EXHIBIT-**
9:6,11,16 10:14

11:1 12:23
13:6,11,16,22
18:11 19:23
**EXHIBITS-** 8:13
9:6 12:16,23
**EXPENSE-** 16:20
17:25
**EXPENSES-**
15:18,22
16:2,10,23,24
17:3,8
**EXPUNGED-** 9:22
11:22 13:14
**EXPUNGING-** 9:2
18:14

**F**

**FAILED-** 11:21
**FAILURE-**
13:2,17,24
**FIFTH-** 6:4,9,15
7:15,19,25 8:1
12:1
**FIFTY-NINE-** 19:24
20:1,20,21
**FILE-** 18:17
**FILED-** 5:5
6:12,22,24
7:13,14 8:22
9:7,12,17,19,21
10:25 11:19
13:8,11
15:3,12,17
**FILING-** 9:25
16:11,14 17:10
**FINALLY-** 11:18
**FIND-** 17:14
**FINE-** 7:17 11:7
**FIRST-** 6:7 10:25
14:9
**FLESH-** 18:21
**FOREGOING-** 21:19
**FORM-** 7:18,22
11:5,6 12:23
14:3,4 17:17 18:9
21:5
**FORWARD-** 5:20
**FOUND-** 8:25
**FOUR-** 6:15 9:5
11:23 12:22 14:2
19:12
**FRANKLY-** 17:4
18:2 19:12
**FULL-** 9:2 12:20
**FURTHER-** 15:11
**FUTURE-** 12:4 15:9

**G**

**GENERAL-** 15:16
**GENERALLY-** 16:23
**GET-** 9:23 16:12
**GO-** 8:15 11:6
**GOING-** 5:20 16:21
17:23
**GOOD-** 5:2,24,25
10:13
**GRANT-** 16:22
**GROUNDS-** 12:4
15:9
**GROUP-** 20:6,7

**H**

HAMMOND- 5:2,3,7,19
HAND- 11:5 14:4
HANDED- 7:23
HANDLING- 5:21
HANGOVER- 6:7
HEARD- 12:9,10 21:14
HEARING- 6:7,16,17,18 7:10 11:4,25 12:11 17:15 21:15
HELPFUL- 11:7 20:17
HOFFMAN- 15:2,4
HOFFMAN'S- 15:9
HONOR'S- 11:25
HUNDRED- 19:24 20:20

**I**

I'D- 17:7
I'LL- 7:8 9:23 12:8 17:13,22 18:2 19:10
I'M- 6:24 10:7 16:3,17,21,22 17:4 18:1,14 19:22
I'VE- 7:22,24 8:8 10:21 18:12
IDENTICAL- 13:8 19:4
IDENTIFIED- 9:5
IDENTIFYING- 8:24
INCLINED- 16:22
INDICATED- 6:8 8:7 11:5 12:20
INTEREST- 6:25 7:4,7 8:4 9:19,20,22 10:1,12
INTERESTS- 9:17 11:20
IRS- 11:14
ISSUE- 16:7
ISSUES- 6:7 10:23 18:1 20:3 21:7
IT'S- 9:20 16:5,7
ITEM- 6:21 14:11
ITEMS- 5:7,9,12,15,22 7:11

**J**

JENNIFER- 15:14,15 16:18
JUNE- 5:8 11:4 17:14 21:24

**K**

KARA- 5:2
KAREN- 21:19,24

**L**

LATE- 6:24 7:14
LEAVES- 5:20

LET'S- 20:25
LEVEL- 13:24
LIABILITY- 12:24 13:3 18:11 19:23
LIABLE- 13:1
LIGHT- 11:25
LIKEWISE- 9:13
LINE- 11:10
LISTED- 11:1 12:22 13:11
LOAN- 18:19
LOFTIS'S- 15:11
LOOKED- 10:8,9
LOOKING- 19:22

**M**

MAKE- 6:20 7:10 17:16 18:9
MARIE- 14:10
MATTERS- 5:14,20
MERELY- 7:4
MILEAGE- 15:18
MINUTILLO- 14:10,13,16,17
MINUTILLO'S- 14:15,18
MISSTATE- 18:23
MORNING- 5:2,18,24,25
MOTION- 16:22
MOVING- 8:10 12:13
MULTIPLE- 13:7,9 19:1,3

**N**

NATHAN- 5:21 6:1
NECESSITY- 16:2,24
NINE- 11:20
NINETY- 20:23
NON- 8:11
NONSUBSTANTIVE- 6:4 10:3,4
NORMAN- 15:11
NOTE- 6:8
NOTICES- 18:1
NUMBERS- 9:3 20:16

**O**

OBJECT- 11:16 12:3 15:8
OBJECTED- 6:22 7:14 8:3 14:10 15:15 17:6 20:6
OBJECTING- 14:18
OBJECTIONABLE- 8:25
OBJECTIONS- 8:20
OCCURRED- 16:13
OFFER- 11:21
OFFICE- 15:19
OFFICERS- 18:20
OFTEN- 16:6
OMNIBUS- 6:4,9,15 7:15,19,25 8:1,11,19,25 12:1,7,14,22 14:2

18:17 19:23 21:10
ONE- 6:6,20 9:23,24 15:25 19:7 20:1 21:15
OPTION- 16:4 17:3
ORDERS- 5:11,13 15:25
ORIGINAL- 14:20
OTHERWISE- 16:7 17:13
OVERRULED- 8:5

**P**

PAID- 16:8 17:8
PARKING- 15:19
PAUSE- 7:21 11:8 14:6 16:15
PAY- 16:2
PAYING- 16:4 17:3
PEOPLE- 18:7,15
PERMITTED- 9:8,14
PERSONS- 18:23
PETITION- 16:14 17:4,10,11,18
PIECE- 20:16
PLAINTIFFS- 18:18
PLAINTIFFS'- 18:16
PODIUM- 5:21
POSITION- 9:18 18:19,20,21
PREPARED- 7:18
PREPETITION- 16:16
PREVIOUS- 11:25
PREVIOUSLY- 9:7 19:12 20:2 21:3
PRIORITY- 13:24 14:1 15:23 16:7,12,25
PROCEEDINGS- 21:16,21
PROOF- 15:3,5,9,15,17 16:10
PROOFS- 6:10 7:16 9:6,7,9,11,12,13, 16,19,21,24 8:3,6,21 10:14 12:3 13:2,8,9 18:14
PROPOSED- 12:23
PROVIDE- 7:19 15:21
PROVIDED- 17:2
PROVIDES- 16:12

**Q**

QUICKLY- 10:24

**R**

RAISED- 15:12
RATHER- 16:8
REACHED- 11:2
REASON- 15:23 21:2
REASSIGNING- 9:3
RECEIVE- 9:9,14 13:15

RECEIVED- 6:17 11:13,18 12:7 14:9 18:1
RECEIVING- 13:4,19,25
RECLASSIFIED- 13:23 15:16,24
RECLASSIFY- 13:24
RECLASSIFYING- 12:20
RECORDING- 21:21
RECORDS- 8:23 12:25 13:10,17,23 14:14
RECOVER- 9:9,14
RECOVERY- 9:10,15 13:4,15,19
REDUCED- 13:17,18 14:11,19
REGISTER- 8:24
REIMBURSEMENT- 15:18,22
RELIED- 17:5
RELIEF- 11:16
RELY- 18:7
REPORT- 17:25
REPORTS- 16:21
REQUEST- 9:21 13:13
REQUESTED- 9:1 12:19 15:23
RESERVE- 12:3 15:8
RESOLUTION- 19:13
RESPECT- 6:10 7:15 8:2,6 11:4 13:2 15:2
RESPONSE- 7:3,5 11:14,15 12:10 14:9,11 15:3,12,14 21:14
RESPONSES- 6:15,20 7:9 8:14 9:23 10:23,24 11:19,20,23 12:6 14:2,9
RESULT- 13:3,18,25
REVIEWED- 9:24 12:25
REVIEWING- 15:4
REVISE- 14:4
REVISED- 7:18,22 8:7,8 11:5,6 12:8,12 21:5,9
REVISIONS- 14:3
ROBERT- 6:22,25
RULING- 8:4 11:25
RUMINATE- 18:2

**S**

SALARIES- 16:13
SCHOOL- 19:11 20:15
SEAL- 19:11
SEATED- 5:1
SEE- 10:16 11:12 18:21 19:25
SERIES- 8:20

SEVENTH- 8:11,19,23,25 12:7
SEVERAL- 11:1 18:12 19:11
SHARES- 7:4
SHOWING- 11:11
SIGN- 7:8 12:8,12 15:25 17:13,22
SIGNED- 5:17 8:8
SIGNING- 5:18
SIMPLY- 18:23
SIXTEEN- 20:1,20,22,23
SIXTH- 20:7
SIXTY-FOUR- 20:22
SIXTY-SIX- 20:23
SKIP- 20:2,21,23
SOLE- 17:17
SOMEWHAT- 18:25
SOUDERTON- 19:11,13 20:20
SOUGHT- 11:16
SOUND- 21:21
SPENT- 5:17
SPRING-FORD- 20:15,22
STARGATT- 5:3 6:1
STATING- 17:13
STATUS- 16:18
STOCKHOLDERS- 11:24
SUBMITTED- 5:9,12,15 10:15 15:4 16:20 17:24,25
SUBSEQUENTLY- 9:12
SUBSTANTIVE- 8:12 10:2 12:15
SUPERSEDED- 9:12
SUPPLIES- 15:19
SUPPLY- 10:16
SUPPORTING- 10:15
SUPPOSE- 20:6
SURVIVING- 13:11,14 19:7
SUSTAINING- 8:1
SWITCH- 18:5

**T**

TAYLOR- 5:3 6:2
TERMED- 12:24 13:7
TERMINATED- 16:16,19 17:9,10
THAT'S- 7:17 8:6 11:4,7 17:19 20:4,21,23 21:6
THERE'S- 11:10
THEREFORE- 13:13
THEY'RE- 16:24 17:6 19:4,17
THOMAS- 15:2
THREE- 7:9,23 17:10
THRESHOLD- 17:20
TIME- 9:18 11:3
TIMING- 16:8

**TITLE-** 18:23
**TOBIN-**
15:15,16,17 16:18
17:7
**TODAY-** 19:15
21:12
**TRANSCRIPT-** 21:20
**TRANSCRIPTS-**
21:25
**TWO-** 11:15

### U
**UM-HUM-** 5:6 6:19
7:12 9:4
**UNDUE-** 13:25
**UNITED-** 11:15
**UNLESS-** 12:9
**UNSECURED-**
15:17,24
**UNWARRANTED-** 9:10
13:4,19

### V
**VALID-** 9:20 11:21
**VALIDITY-** 9:18
**VANDERBECK-**
6:22,25

### W
**WAGE-** 15:25 18:6
**WAGES-** 16:12,25
**WALK-** 8:13,15,17
12:16
**WALKING-** 14:8
**WARN-** 18:12
**WASN'T-** 21:13
**WE'LL-** 5:4 17:14
21:1,11
**WE'RE-** 17:23
**WE'VE-** 7:18 10:9
14:3
**WHOLE-** 13:1
**WILL-** 5:20,21
7:19 9:9,14 12:11
13:3,18,25 16:8
21:4
**WISH-** 6:9 11:3
12:2 15:5,10
**WISHES-** 12:9
**WITHDRAW-** 6:9
12:2 15:5
**WORKFORCE-** 17:9
**WORKING-** 5:4
**WORTH-** 7:5

### Y
**Y-** 7:11
**YESTERDAY-** 5:5
**YOU'RE-** 10:7
**YOU'VE-** 10:8
**YOUNG-** 5:3 6:1
**YUP-** 7:8

### Z
**Z-** 6:21