IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AMERICAN HOME MORTGAGE ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, ) | Jointly Administered |
| *et. al.*, ) | |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| MARK WATSON and KELLY WATSON, ) | |
| ) | |
| Movants, ) | |
| ) | **Objections Due: July 10, 2008 @ 4:00 p.m.** |
| AMERICAN HOME MORTGAGE CORP., ) | **Hearing Date: July 17, 2008 @ 2:00 p.m.** |
| *et. al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**MOTION OF MARK WATSON AND KELLY WATSON FOR
AN ORDER FOR RELIEF FROM THE AUTOMATIC STAY
UNDER SECTION 362 OF THE BANKRUPTCY CODE**

Mark Watson and Kelly Watson, husband and wife, ("Movants"), parties in interest herein, hereby move the Court for an order terminating or annulling the automatic stay, imposed in this case by § 362(a) of Title 11, United States Code, to permit Movants to initiate a lawsuit against Debtors in Pierce County Superior Court in the State of Washington, and in support of said Motion, respectfully represents to the Court as follows:

**INTRODUCTION**

1. Movants are seeking relief from the automatic stay to permit them to file a complaint in the Pierce County Superior Court In and For the State of Washington, against Debtor American Home Mortgage Corp., *et. al.*, ("AHMC"). The complaint, which Movants seek to file, stems from AHMC's participation in the violation of Movants' rights under (1) the Consumer Protection Act (Revised Code of Washington ("RCW")); (2) the Truth in Lending Act

- Regulation Z of the Federal Reserve Board, 12 C.F.R. Part 226; (3) the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et seq.; (4) the Consumer Loan Act (RCW 31.04); and (5) the Mortgage Broker Practices Act (RCW 19.146). Movants have been unable to initiate their suit against AHMC because of the automatic stay imposed in this action.

2. Denying relief from stay will significantly prejudice Movants. AHMC is a necessary and indispensable party to Movants' suit.

## BACKGROUND FACTS

3. On or about April 19, 2006, Movants obtained approval for a loan with favorable terms from East Bay Mortgage, Inc., for their property located at 3804 Olsen Street, Gig Harbor, Washington.

4. Subsequently, Movants discussed financing options with AHMC and were advised by an agent of AHMC, Liana Miller ("Broker"), that AHMC could beat the terms of East Bay Mortgage and close their loan in two or three weeks.

5. In the weeks that followed, the Broker and AHMC engaged in a series of deceptive and fraudulent acts all intended to induce the Movants to secure financing with AHMC rather than East Bay Mortgage and, consequently, lured the Movants away from East Bay Mortgage's more favorable terms.

6. In reliance on the pattern of deception by the Broker and AHMC, Movants obtained financing from AHMC that was significantly less advantageous than the terms they had negotiated with East Bay Mortgage.

7. Unbeknown to Movants, in August, 2007, the State of Washington Department of Financial Institutions (the "Department"), which regulates mortgage lenders in Washington, issued AHMC, et. al., a Temporary Order to Cease and Desist, including but not limited to,

accepting applications for residential first or secondary mortgage loans or home equity lines of credit and from advertising its wholesale and retail businesses in Washington or to Washington Consumers. A true and correct copy of the Temporary Order to Cease and Desist is attached hereto as **Exhibit A**.

8. Unbeknown to Movants, on or about August 6, 2007, American Home Mortgage Holdings, Inc., and its affiliates (collectively known as "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

9. On March 18, 2008, subsequent to an investigation of AHMC's acts and omissions by the State of Washington Department of Financial Institutions, the Department entered findings that AHMC:

    a. Employed, directly or indirectly a scheme, device, or artifice to defraud or mislead;

    b. Engaged, directly or indirectly, in an unfair or deceptive practice;

    c. Failed to make disclosures to loan applicants as required by the Consumer Loan Act (RCW 31.04);

    d. Made false or deceptive statements or representations regarding the rates, points, or other financing terms or conditions;

    e. Failed to obtain and maintain appropriate licenses; unlicensed branch location;

    f. Failed to make written disclosures within three business days following the receipt of a loan application;

g.   Failed to provide borrower, within three business days of receipt of a loan application, with an estimated APR and disclosure of whether there is a prepayment penalty; and

h.   Failed to comply with record keeping requirements.

A true and correct copy of the Department's Resolution and Closure of Complaint is attached hereto as **Exhibit B**.

10.   Movants have drafted a complaint and are prepared to file against American Home Mortgage Corporation, Travelers Casualty and Surety Company of America (the bonding company for American Home Mortgage Company under bond number 104560657), and Liana Miller and "John Doe" Miller, husband and wife (agents of AHMC), in the Pierce County Superior Court In and For The State of Washington. A copy of the draft of the complaint is attached hereto as **Exhibit C** (the "State Court Action").

11.   As a result of the Debtors' bankruptcy case, Movants are prevented from initiating the State Court Action due to the automatic stay provisions of section 362 of the Bankruptcy Code.

12.   Additionally, Debtors failed to notify Movants of the Chapter 11 Bankruptcy Proof of Claim Bar Date.

**THERE IS CAUSE FOR THE COURT TO GRANT RELIEF FROM THE STAY**

13.   Section 362(d)(1) of the Bankruptcy Code provides that the court shall grant relief from the automatic stay for "cause." 11 U.S.C. § 3269(d). There is no rigid test for determining whether sufficient cause exists to modify an automatic stay. <u>American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines)</u>, 152 B.R. 420, 424 (D.Del. 1993). Cause may be established by a single factor such as a desire to permit an action to proceed in another

tribunal or the lack of any connection with or interference with the pending bankruptcy case. Izzarelli v. Rexene (In re Rexene), 141 B.R. 574, 576 (Bankr.D.Del.1992); American Airlines, Inc., 152 B.R. at 426, ("Where neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay.") (emphasis added).

14.     In determining whether to grant relief from stay, courts generally consider three factors: (1) whether any great prejudice to either the bankrupt estate or the Debtor will result from continuation of the civil suit, (2) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the Debtor and (3) whether the creditor has a probability of prevailing on the merits.  American Airlines, 152 B.R. at 424; Izzarelli, 141 B.R. at 576; Save Power Ltd. v. Pursuit Athletic Footwear, Inc., (In re Pursuit Athletic Footwear), 193 B.R. 713, 718 (Bankr.D.Del 1996).

**A.     LIFTING THE STAY WILL NOT PREJUDICE AMERICAN HOME OR THE BANKRUPTCY ESTATE**

15.     Because Movants's State Court Action concerns AHMC's alleged negligent conduct, the action is presumably covered by AHMC's liability insurance.  Thus, in the event of a ruling in favor of Mark Watson and Kelly Watson in the State Court Action, the insurer, Travelers Casualty and Surety Company of America, not AHMC, will be saddled with the burden and cost of defending the suit and any subsequent recovery.  See, Collier on Bankruptcy, 15th Ed. Revised, § 362.07[3][a][i] ("When the court is reasonably confident that the policy proceeds will be sufficient to satisfy all creditors with claims that may be paid under the policy, the court should grant relief from the stay to permit an action either against the Debtor, if necessary, or directly against the insurer.  Because the policy proceeds will be available only to

creditors with the type of claims covered by the policy, there is no depletion of assets...[m]oreover, the insurer will almost invariably be responsible for the cost of defense, so there should be no added expense for the estate.")

16.   In sum, the lack of any prejudice to Debtors or the estate supports Movants' request for relief from stay.

### B. THE HARDSHIP TO MARK WATSON AND KELLY WATSON OUTWEIGHS ANY HARDSHIP TO DEBTORS

17.   Movants will be severely prejudiced if relief from stay is not granted.

18.   AHMC is a necessary and indispensable party in the State Court Action, whose participation as a defendant is critical to Movants' presentation of their case.  Overall, the prejudice to Mark Watson and Kelly Watson from maintaining the stay considerably outweighs any possible prejudice to Debtors.

### C. MARK WATSON AND KELLY WATSON WILL PREVAIL ON THE MERITS

19.   The facts set forth in Mark Watson and Kelly Watson's complaint demonstrate the seriousness of their allegations and the substantial likelihood that they will prevail on the merits of their claim.  (See, draft of Complaint attached hereto as **Exhibit C**)

20.   Based on the foregoing, Movants have demonstrated a sufficiently strong possibility of prevailing on the merits to justify granting relief from the automatic stay.   (See, American Airlines, Inc., 152 B.R. at 426, ("Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay.")

### CONCLUSION

21.   Movants are entitled to relief from the automatic stay for the reasons stated herein.  Movants' right to petition for redress of their grievances would not be adequately

protected if the stay is to remain in full force and effect, in that AHMC will not be made to answer for its alleged tortuous and negligent acts.

**WHEREFORE**, Movants pray:

(1) For an Order granting Movants relief from the automatic stay provisions of section 362 of the Bankruptcy Code;

(2) For an Order permitting Movants to initiate the State Court Action to prosecute their cause of action against American Home Mortgage Corp., *et. al.*; and

(3) For such other and further relief as is to the Court just and proper.


Dated: June 24, 2008 */s/Daniel K. Hogan*
Daniel K. Hogan (DE Bar #2814)
THE HOGAN FIRM
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302-656-7540
Facsimile: 302-656-7599
E-Mail: dkhogan@dkhogan.com
Attorney for Movants