# EXHIBIT B

1
2
3
4
5
6
7

STATE OF WASHINGTON
DEPARTMENT OF FINANCIAL INSTITUTIONS
DIVISION OF CONSUMER SERVICES

IN THE MATTER OF INVESTIGATING
A COMPLAINT FILED UNDER THE
CONSUMER LOAN ACT:

BY:      Kelly Watson; Mark Watson
                              Complainant(s),
AGAINST: American Home Mortgage Corp
                              Respondent(s).

COMPLAINT NO. 25559

DOCUMENT CLIII
THE DEPARTMENT'S RESOLUTION
AND CLOSURE OF COMPLAINT

As you were previously informed, a complaint was filed against Respondent under chapter 31.04 RCW, the Consumer Loan Act (the Act). Complainants alleged that the Respondent did not provide a Good Faith Estimate disclosure or Truth in Lending disclosure within three business days of receiving the Complainants' application. Complainant's also alleged that Respondent gave them false and deceptive information related to the interest rates related to their loan. Complainants further alleged that Respondent delayed the closing of the loan, resulting in the Complainants not receiving the originally offered loan terms.

The Department of Financial Institutions Division of Consumer Services, under the authority of RCW 31.04.145, conducted a limited scope investigation into this matter. Based upon its investigation and the documentation and statements provided by the parties, our findings are:

1. RCW 31.04.027(1): Employed, directly or indirectly, a scheme, device, or artifice to defraud or mislead.
2. RCW 31.04.027(2): Engaged, directly or indirectly, in an unfair or deceptive practice.
3. RCW 31.04.027(6): Failed to make disclosures to loan applicants as required by RCW 31.04.102 and any other applicable state or federal law.
4. RCW 31.04.027(7): Made false or deceptive statements or representations regarding the rates, points, or other financing terms or conditions.
5. RCW 31.04.075: Failed to obtain and maintain appropriate licenses; unlicensed branch location.
6. RCW 31.04.102(2): Failed to make written disclosure within three business days following receipt of a loan application.
7. RCW 31.04.102(3): Failed to provide borrower, within three business days of receipt of a loan application, with an estimated APR and disclosure of whether there is a prepayment penalty.
8. RCW 31.04.155: Failed to comply with record keeping requirements of this section.

Based upon the above findings and apparent violations, the Department makes the following determination:

**To the Respondent:** The Complainants alleged that Respondent provided false and misleading information related to loan terms to lure the Complainants from a competitor with which Complainants were obtaining a loan. Complainants further alleged that Respondent thereafter did not provide the promised loan terms. Respondent was given the opportunity to respond to these allegations and did not deny them. Consequently, the Department accepts them as a verity. Respondent's conduct violated RCW 31.04.027 (1), (2), and (7).

Complainants also alleged that Respondent did not provide a Good Faith Estimate disclosure or Truth in Lending Disclosure within three business days of receiving the Complainants' loan application. Respondent replied that it received the Complainant's application on May 8, 2006, and sent out the disclosures the same day. Complainants, however, have provided the Department with a copy of an email they received from Respondent on May 1, 2006, acknowledging receipt of the Complainants' application. Based upon this evidence, Respondent clearly violated RCW 31.04.027(6), RCW 31.04.102(2) and (3), the Real Estate Settlement Procedures Act, and the Truth in Lending Act. Failure to timely make mandatory disclosures is also a deceptive practice in violation of RCW 31.04.027(2).

In reviewing the loan application for this loan, the Department has determined that the loan was originated by a branch office located at 777 North Rainbow Blvd., Ste. 345, Las Vegas, Nevada. Respondent, however, has never been granted a license for that location. Consequently, Respondent is in violation of RCW 31.04.075.

Finally, as part of its investigation of the Complainant's allegations, the Department issued a Directive to Respondent requiring Respondent to provide a copy of the entire loan file for the Complainants' loan. The documents Respondent provided, however, did not include several documents Respondent was required to maintain; most notably the Notes, the Deed of Trust, and the Final HUD 1 Settlement Statement. This is either a violation of RCW 31.04.145 for failing to respond completely with a Directive from the Director, or a violation of RCW 31.04.155 for failing to maintain records in such a manner as to enable the Department to determine whether Respondent is complying with the Act. Based upon Respondent's current status related to its bankruptcy, the Department has determined the latter.

**To the Complainant:** The Department has found numerous violations of the Act and, under normal circumstances, would request remedial action by the Respondent that would include a refund of all fees Respondent received for this loan. Unfortunately, Respondent's ongoing Chapter 11 bankruptcy proceedings prevent the Department from requesting any financial payments. Additionally, Respondent has surrendered its Washington licenses, rendering any other remedial corrective action moot. Finally, the Department is without authority to require Respondent to recast your loan. You may wish to consult with a private attorney.

Respondent is expected to implement a system of controls designed to prevent future violations of the Act. The Department will review Respondent's efforts during Respondent's next examination to ensure compliance with the Act.

Accordingly, this Resolution and Closure of Complaint serves as notice that this complaint filed against Respondent is closed. However, the Department of Financial Institutions Division of Consumer Services retains the authority to reopen this complaint in the event that subsequent information comes to our attention relevant to this matter.

cc:   Kelly Watson; Mark Watson

Dated: Tuesday, March 18, 2008



Steven C. Sherman
Financial Legal Examiner