# EXHIBIT C

**IN THE PIERCE COUNTY SUPERIOR COURT
IN AND FOR THE STATE OF WASHINGTON**

| | |
|---|---|
| MARK WATSON AND KELLY WATSON,<br>　　　　　　Plaintiff,<br>vs.<br><br>AMERICAN HOME MORTGAGE CORPORATION, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, and LIANA MILLER and "JOHN DOE" MILLER, husband and wife,<br><br>　　　　　　Defendants. | **NO.**<br><br>**COMPLAINT** |

**COME NOW THE** plaintiffs and allege the following against the defendants named above.

1. <u>Parties</u>. Plaintiffs are a married couple resident in Pierce County, Washington. Defendant American Home Mortgage Corporation (AHMC) is a foreign corporation doing business in Pierce County, Washington. Travelers Casualty and Surety Company of America is the bonding company for American Home Mortgage Company under bond number 104560657. On information and belief, defendants Miller are believed to be residents of Nevada and conducted business in the State of Washington through Liana Miller. All acts of Liana Miller were performed on her own behalf and on behalf of her marital community.

*COMPLAINT*
*Page 1*

**HAY LAW FIRM**
*A Professional Service Corporation*
201 South 34th Street
Tacoma, WA 98418
Phone: 253.272.2400
Fax: 253.272.2537

2. <u>Venue and Jurisdiction</u>. This claim arises out of dealings between the parties with respect to a mortgage for real property of a Washington resident. The parties' contracts are to be performed in Washington and have as their sole security real estate located in Washington. All defendants do business in Washington. Venue and jurisdiction are consequently proper in Pierce County Superior Court.

3. <u>Causes of action against all defendants: Breach of contract, fraud, misrepresentation, violation of the Consumer Protection Act, the Truth-in-Lending Act, the Mortgage Broker Practices Act (RCW 19.146), the Consumer Loan Act, and the Real Estate Settlement Procedures Act.</u>

3.1    In April 2006, the Watsons were seeking financing for important, time sensitive matters related to property they owned in Gig Harbor, Washington. The Watsons had obtained approval for a loan with favorable terms from East Bay Mortgage. The Watsons then discussed financing options with their current home mortgage holder, defendant AHMC. This discussion took place with defendant Liana Miller. When advised of the loan terms secured by the Watsons form East Bay Mortgage, Ms. Miller said she could beat those terms and close the new loan in two or three weeks. In the five weeks that followed, Ms. Miller and AHMC engaged in a series of fraudulent and deceptive acts all intended to induce the Watsons into securing financing with AHMC rather than East Bay Mortgage. On the strength of these wrongful acts and omissions, Ms. Miller and AHMC lured the Watsons away from the lender providing more favorable terms. In reliance on the pattern of deception exercised by the defendants, the Watsons obtained financing from AHMC that was significantly less advantageous than the terms the Watsons had negotiated with East Bay Mortgage.

3.2    The acts and omissions of the defendant AHMC were investigated by the State of Washington Department of Financial Institutions, which regulates mortgage lenders in Washington. The Department entered findings that AHMC:

Employed, directly or indirectly a scheme, device, or artifice to defraud or mislead.

*COMPLAINT*
*Page 2*

**HAY LAW FIRM**
*A Professional Service Corporation*
201 South 34th Street
Tacoma, WA 98418
Phone: 253.272.2400
Fax: 253.272.2537

    Engaged, directly or indirectly, in an unfair or deceptive practice;

    Failed to make disclosures to loan applicants as required by [the Consumer Loan Act];

    Made false or deceptive statements or representations regarding the rates, points, or other financing terms or conditions;

    Failed to obtain and maintain appropriate licenses; unlicensed branch location;

    Failed to make written disclosures within three business days following receipt of a loan application;

    Failed to provide borrower, within three business days of receipt of a loan application, with an estimated APR and disclosure of whether there is a prepayment penalty; and

    Failed to comply with record keeping requirements.

The Department of Financial Institutions investigation of the Watson complaint resulted in further findings that AHMC violated the Consumer Loan Act, the Real Estate Settlement Procedures Act, the Truth in Lending Act and that is actions were a deceptive practice.

    3.3    The Watsons claim that the actions of the defendants are in breach of the covenant of good faith and fair dealing applicable to all contracts.  The Watsons further allege that the actions of the defendants are unfair and deceptive acts and trade practices in the conduct of a trade and/or commerce, and capable of repetition.

    3.6    The conduct of the defendants constitutes a violation of the acts stated herein which allow the plaintiffs to recover the damages caused by this conduct, exemplary, punitive and statutory damages, and reasonable costs and attorney's fees incurred in this action.

    3.7    The Watsons have incurred to date and will continue to incur substantial attorneys' fees in the prosecution of this action.  The defendants should be required to pay such attorney's fees to plaintiff as allowed by contract, recognized grounds in equity and/or by statute.

**WHEREFORE,** plaintiff prays for relief as follows:

    1.    For judgment for damages against defendants, jointly and severally, and each of them for breach of contract, fraud, negligent misrepresentation and violation of the acts referenced above in an

*COMPLAINT*
*Page 3*

**HAY LAW FIRM**
*A Professional Service Corporation*
201 South 34th Street
Tacoma, WA  98418
Phone:  253.272.2400
Fax:  253.272.2537

1  amount to be proven at trial;

2      2.    For judgment against defendants, jointly and severally, and each of them for civil, statutory or punitive damages or penalties for violation of the various acts referenced above and for plaintiffs' reasonable costs of litigation and attorneys' fees incurred in this action pursuant to RCW 4.84, RCW 19.86, other applicable statutes, recognized grounds in equity or contract.

    3.    For equitable reformation or cancellation of the note and deed of trust as appropriate given the wrongful acts of the defendants herein and

    4.    For such other and further relief as the court may deem appropriate.

**DATED June 12, 2008**.

                              HAY LAW FIRM, P.S.

                              _____
                              **ANDREW HAY,** WSBA #19164
                              Attorney for Plaintiffs

*COMPLAINT*
*Page 4*

**HAY LAW FIRM**
*A Professional Service Corporation*
201 South 34th Street
Tacoma, WA 98418
Phone: 253.272.2400
Fax: 253.272.2537