IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., *et. al.*,[1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objections Due: July 10, 2008 @ 4:00 p.m. |
| | ) | Hearing Date: July 17, 2008 @ 2:00 p.m. |
| | ) | |

**MOTION OF MARK WATSON AND KELLY WATSON FOR LEAVE TO FILE LATE CLAIM BY REASON OF EXCUSABLE NEGLECT**

COME NOW Mark Watson and Kelly Watson (the "Watsons"), by and through their undersigned counsel, and hereby file this motion (the "Motion") for entry of an order granting the Watsons leave to file their proof of claim pursuant to Rules 3003(c)(3) and 9006(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and in support of their Motion, respectfully state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A).

2. Venue is appropriate in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for relief are 11 U.S.C. § 105 and Fed.R.Bankr.P. 3003(c)(3) and 9006(b).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp, a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Mellville, NY 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, TX 75036.

## BACKGROUND

4. Pre-petition, on or about April 19, 2006, the Watsons obtained approval for a loan with favorable terms from East Bay Mortgage for their property located at 3804 Olsen Street, Gig Harbor, Washington.

5. Subsequently, the Watsons discussed financing options with American Home Mortgage Corporation ("AHMC") and were advised by an agent of AHMC, Liana Miller ("Broker"), that AHMC could beat the terms of East Bay Mortgage and close their loan in two or three weeks.

6. In the weeks that followed, the Broker and AHMC engaged in a series of deceptive and fraudulent acts all intended to induce the Movants to secure financing with AHMC rather than East Bay Mortgage and, consequently, lured the Watsons away from East Bay Mortgage's more favorable terms.

7. In reliance on the pattern of deception by the Broker and AHMC, the Watsons obtained financing from AHMC with terms that were significantly less advantageous than the terms they had negotiated with East Bay Mortgage.

8. Pre-petition, on or about June 5, 2006, the Watsons entered into a $1,264,079.00 (principal) re-financing in connection with their primary residence located at 3804 Olson Drive, Gig Harbor, Washington 98335. The lender was American Home Mortgage Corporation.

9. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holding, Inc. (the Debtor , and along with the affiliated debtors, the "Debtors") commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

10. The Debtors' schedules were filed in the Chapter 11 bankruptcy proceedings, however, the Watsons' claim was not scheduled.

11. On March 18, 2008, subsequent to an investigation of AHMC's acts and omissions by the State of Washington Department of Financial Institutions, the department entered findings that AHMC:

    a. Employed, directly or indirectly a scheme, device, or artifice to defraud or mislead;

    b. Engaged, directly or indirectly, in an unfair or deceptive practice;

    c. Failed to make disclosures to loan applicants as required by the Consumer Loan Act (RCW 31.04);

    d. Made false or deceptive statements or representations regarding the rates, points, or other financing terms or conditions;

    e. Failed to obtain and maintain appropriate licenses; unlicensed branch location;

    f. Failed to make written disclosures within three business days following the receipt of a loan application;

    g. Failed to provide borrower, within three business days of receipt of a loan application, with an estimated APR and disclosure of whether there is a prepayment penalty; and

    h. Failed to comply with record keeping requirements.

A true and correct copy of the Department's Resolution and Closure of Complaint is attached hereto as **Exhibit A**.

12. Additionally, Debtors failed to notify Movants of the Chapter 11 Bankruptcy Proof of Claim Bar Date even though Debtors were aware of the Watsons' claim as evidenced by a correspondence from Carol White at American Home Mortgage Servicing, dated January 7, 2008, wherein the Watsons were informed of the Chapter 11 Bankruptcy filing, however, were never informed of a bar date. A true and correct copy of the correspondence, dated January 7, 2008, is attached hereto as **Exhibit B**.

13. The Watsons did not receive actual or constructive notice of the original claims bar date, January 11, 2008, or second bar date, April 30, 2008 ("April 30th Bar Date"). The affidavit of Kelly Watson regarding the bar date notice is attached hereto as **Exhibit C**.

14. To date there has been no disclosure statement or plan filed. On information and belief, there has been no distribution to general unsecured creditors.

## RELIEF REQUESTED

15. Section 105 of the Bankruptcy Code authorizes the Court to exercise its equitable powers to, "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Bankruptcy Rule 3003(c)(3) provided that the Court, "for cause shown may extend the time within which proofs of claim or interest my be filed."

16. By this Motion, the Watsons seek entry of an order granting them relief for default and allowing the late filing of the Proof of Claim without making a final ruling on the allowance of the claim or the amount. A copy of the Proof of Claim is attached hereto as **Exhibit D**.

## MARK WATSON AND KELLY WATSON SHOULD BE PERMITTED TO FILE A LATE CLAIM

17. In re Grand Union Co., 204 B.R. 864 (Bankr.D. Del 1997), this Court announced the general rule that due process requires that known creditors receive direct notice of a bar date (as

opposed to publication notice) and further, that known counsel of such known creditors must independently receive direct notice of the bar date as well. Here, there is no question that the Debtors failed to serve the Watsons with direct notice of the bar date. Accordingly, the Court should allow the Watsons to file a Proof of Claim beyond the April 30th Bar Date.

18. Rule 3003(c) of the Bankruptcy Rules establishes requirements for filing proofs of claim under Chapter 11 of the Bankruptcy Code. Bankruptcy Rule 3003(c) provides that the "court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. " Fed. R. Bankr. P. 3003(c). Bankruptcy Rule 9006, the general rule governing computation, enlargement and reduction of times prescribed under the rules, empowers a court to permit a late filing if the failure to comply with an earlier deadline was "the result of excusable neglect. " Fed. R. Bankr. P. 9006(b)(1).

19. In Grand Union, the Court noted that, in comparison to an excusable neglect standard which is, "obviously premised on some acknowledged mistake or fault on the part of the movant...[...] [i]nadequate notice of the bar date, in and of itself, is a separate ground upon which a late proof of claim is allowed to be filed." Id., at 870 (bracketed material supplied)

## FAILURE TO PROVIDE ADEQUATE NOTICE

20. Debtors failed to notify the Watsons of the Chapter 11 Bankruptcy action, therefore, they were uninformed of the Proof of Claim deadline. *See City of New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293 (1953) (where creditor was not given reasonable notice of bar date for filing proof of claim, creditor was not barred from asserting claim post-confirmation); *In re Spring Valley Farms, Inc.*, 863 F.2d 832 (11th Cir. 1989); *Broomall Indus. v. Data Design Logic Sys.*, 786 F.2d 401, 405 (Fed. Cir. 1986) (even if creditor had actual notice of bankruptcy proceeding, "that fact would not have obviated the necessity for the service of formal notice" on creditor); *Reliable Elec.*

*Co., Inc. v. Olson Constr. Co.*, 726 F.2d 620, 622-23 (10th Cir. 1984); *In re Intaco Puerto Rico, Inc.*, 494 F.2d 94, 99 (1st Cir. 1974); *In re Harbor Tank Storage Co., Inc.*, 385 F.2d 111, 115 (3d Cir. 1967); *In re Arlington Heights Congregate Housing Partnership*, 189 BR 187 (Bankr. S.D. Ind. 1995) (without formal notice, actual knowledge of the bankruptcy case will not suffice and a known creditor's claim must be allowed even if late filed); *In re Interstate Cigar Co.*, 150 B.R. 305, 309 (Bankr. E.D.N.Y. 1993).

21.     The reason for the Watsons' delay in filing a Proof of Claim is due to circumstances beyond their control. <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P ship,</u> 507 U.S. 380, 392 (1993). Rejecting the circuits which had restricted its application to circumstances beyond the movants reasonable control, the Supreme Court in <u>Pioneer</u> held that "neglect " included errors by inadvertence, mistake, or carelessness. Id. at 388. <u>Post-Pioneer</u> courts must examine all relevant circumstances, and in particular: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id. at 395. No factor is determinative and "all factors must be considered and balanced. " <u>In re Am. Classic Voyages, Co.,</u> 405 F.3d 127, 133 (3d Cir. 2005). Each of the <u>Pioneer</u> factors militates strongly in favor of allowing a late filing of the Proof of Claim.

22.     Cause exists to extend the bar date because the Debtors failed to provide the Watsons with direct notice of the bar date. Consequently, the Watsons should be allowed to file their proof of claim beyond the April 30th Bar Date.

**PREJUDICE TO DEBTOR**

23. In the present bankruptcy case, the Debtors would not be unduly prejudiced by allowing the late claim by Mark Watson and Kelly Watson because no plan has been filed and the claim will have little to no impact upon the Debtors, their estates and creditors.

24. Based upon the amount of claims asserted against the Debtors, allowing the Proof of Claim should not materially prejudice the Debtors in developing a plan of reorganization. See In re Garden Ridge Corp., 348 B.R. 642, 646 (Bankr. D. Del. 2006) (finding that prejudice did not exist where debtors reorganization was not jeopardized and would not be impacted by the allowance of a late-filed claim).

**LENGTH OF DELAY**

25. With respect to the second Pioneer factor, In re O'Brien Environmental Energy, Inc. cautions that the length of the delay and impact on the proceeding must be determined in absolute terms. O'Brien Envtl. Energy, Inc., 188 F.3d 116, 130 (3d Cir. 1999). Here, the claim was filed approximately two months late. Furthermore, the Watsons have diligently attempted to resolve this matter.

26. Permitting the Watsons to file their claim should have no impact upon these proceedings. The filing of the Watsons' claim will not impact the Debtors' plan process, as the plan has not yet been filed.

**REASON FOR DELAY**

27. The third Pioneer factor requires the Court to examine the reason for the delay, including whether it was within the reasonable control of the movant. Once again, O'Brien

cautions that the court must look at both parties' roles. Id. at 128-29. A finding of excusable neglect is not "limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." Pioneer, 507 U.S. at 391. Here, the Debtors' failed to inform the Watsons of the Chapter 11 Bankruptcy and the Proof of Claims Bar Date. In these circumstances, the reason for the Watsons' delay is both understandable and excusable.

## GOOD FAITH

28.     Finally, all evidence supports a finding that Mark Watson and Kelly Watson acted in good faith in connection with this matter. As soon as the Watsons became aware of the bankruptcy, they have acted to have a Proof of Claim properly filed.

**WHEREFORE,** for the foregoing reasons and for such other reasons as shall be set forth at any hearing, Mark Watson and Kelly Watson respectfully request that the Bankruptcy Court enter an order allowing the late filing of the Proof of Claim without ruling on the allowability of the claim or the amount.

Dated:  June 24, 2008                    */s/Daniel K. Hogan*
                                          Daniel K. Hogan (DE Bar No. 2814)
                                          **THE HOGAN FIRM**
                                          1311 Delaware Avenue
                                          Wilmington, Delaware 19806
                                          Telephone: (302) 656.7540
                                          Facsimile: (302) 656.7599
                                          E-Mail: dkhogan@dkhogan.com