# EXHIBIT D

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered | |
| Name of Debtor Against Which Claim is Held<br>American Home Mortgage Corporation | Case No. of Debtor<br>07-11051 (CSS) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

Mark Watson and Kelly Watson
3804 OLSON DR NW
GIG HARBOR WA 98335

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☑ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number: (253) 970-1704
Email Address:  kwatson@kensingtongardens.com

Account or other number by which creditor identifies debtor:
1001291848

Check here if this claim:
☐ replaces   ☐ amends a previously filed claim, dated: _____

| 1. **Basis for Claim** | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | |
| ☐ Personal injury/wrongful death | Last Four Digits of your SS#: ___ ___ ___ ___ |
| ☐ Taxes | Unpaid compensation for services performed |
| ☑ Other   Tort claims, and violation of statutes   (explain) | from _____ to _____ |
| | (date)          (date) |

2. **Date debt was incurred:**
4/30/06 to present

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ Unliquidated (unsecured nonpriority) + _____ (secured) + _____ (unsecured priority) = Unliquidated (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

7. **Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries, or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

6. **Unsecured Nonpriority Claim:** $ Unliquidated
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.

**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 6·11·08 | Mark Watson by KHWatson POA |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## WATSON v AHMC DAMAGES SUMMARY

Note: All specific amounts identified herein are subject to upward or downward revisions based on proof at trial.

1. **Damages on the original AHMC loan**

   a. **Closing Costs**                                                    $6,760.84

   Extra costs incurred in closing AHMC loan compared to East Bay mortgage

   b. **Monthly Payments/Increased Negative Amortization**      Unliquidated

   Monthly payments over and above what would have been paid for the East Bay Loan and increased negative amortization for higher costs of AHMC loan

2. **Damages on the recent refi**

   All closing costs since you wouldn't have needed to do this       $24,620.27
   loan at all (use the HUD statement)

   Sums paid by the Watsons in excess of what they would have paid    Unliquidated
   had they closed the East Bay Mortgage (6.625% versus 6.9%)
   over 30 years

3. **Kelly Watson time loss**

   $95/hr. for 500 hours = $47,500 (to date)                          Unliquidated

4. **Statutory damages**

   Consumer protection act ($10,000), TILA ($2,000)                   $12,000

5. **Emotional Distress & Mental Anguish**                            Unliquidated

6. **Attorneys fees and costs:**                                      Unliquidated

# EXHIBIT A

# EAST BAY MORTGAGE TRUTH IN LENDING DISCLOSURE

# GOOD FAITH ESTIMATE

| | |
|---|---|
| **Applicants:** Mark R Watson / Kelly H Watson | Application No: 060420004 |
| **Property Addr:** 3804 Olsen Street, Gig Harbor, WA 98335 | Date Prepared: 04/19/2006 |
| **Prepared By:** East Bay Mortgage, Inc.  Ph. 253-853-6615 | Loan Program: Iceberg |
| 3220 Rosedale St #200, Gig Harbor, WA 98335 | |

The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates-actual charges may be more or less. Your transaction may not involve a fee for every item listed. The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 settlement statement which you will be receiving at settlement. The HUD-1 settlement statement will show you the actual cost for items paid at settlement.

Total Loan Amount $ 1,190,000    Interest Rate: 1.000 %    Term: 360 / 360 mths

| | | | |
|---|---|---|---|
| 801 | Loan Origination Fee | 0.000% | $ |
| 802 | Loan Discount | | |
| 803 | Appraisal Fee | | 650.00 |
| 804 | Credit Report | | 18.50 |
| 805 | Lender's Inspection Fee | | |
| 808 | Mortgage Broker Fee | | |
| 809 | Tax Related Service Fee | | 78.00 |
| 810 | Processing Fee | | 150.00 |
| 811 | Underwriting Fee | | 375.00 |
| 812 | Wire Transfer Fee | | 5.00 |
| | Lender Funding & Review Fee | | 180.00 |
| | Lender Flood Cert. Fee | | 17.00 |
| | Federal Express | | 47.50 |
| | 3 Year Prepayment Clause | | |

| | | | |
|---|---|---|---|
| 1101 | Closing or Escrow Fee: | | $ 600.00 |
| 1105 | Document Preparation Fee | | |
| 1106 | Notary Fees | | |
| 1107 | Attorney Fees | | |
| 1108 | Title Insurance: | | 1,200.00 |
| | Courier Fee to Escrow | | 81.60 |
| | Reconveyance Fee | | 150.00 |

| | | | |
|---|---|---|---|
| 1201 | Recording Fees: | | $ 75.00 |
| 1202 | City/County Tax/Stamps: | | |
| 1203 | State Tax/Stamps: | | |

| | | | |
|---|---|---|---|
| 1302 | Pest Inspection | | $ |

| | | | | | |
|---|---|---|---|---|---|
| | | | | **Estimated Closing Costs** | 3,627.60 |
| 901 | Interest for | 10 days @ $ | 33.0556 | per day | $ 330.56 ✓ |
| 902 | Mortgage Insurance Premium | | | | |
| 903 | Hazard Insurance Premium | | | | |
| 904 | | | | | |
| 905 | VA Funding Fee | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 1001 | Hazard Insurance Premium | 6 months @ $ | | per month | $ |
| 1002 | Mortgage Ins. Premium Reserves | months @ $ | | per month | |
| 1003 | School Tax | months @ $ | | per month | |
| 1004 | Taxes and Assessment Reserves | 6 months @ $ | 400.00 | per month | 2,400.00 |
| 1005 | Flood Insurance Reserves | months @ $ | | per month | |
| | | months @ $ | | per month | |
| | | months @ $ | | per month | |

| | | |
|---|---|---|
| | **Estimated Prepaid Items/Reserves** | 2,730.56 |
| **TOTAL ESTIMATED SETTLEMENT CHARGES** | | 6,358.16 |

| | | |
|---|---|---|
| COMPENSATION TO BROKER | | $ |

| TOTAL ESTIMATED FUNDS NEEDED TO CLOSE | | TOTAL ESTIMATED MONTHLY PAYMENT | |
|---|---|---|---|
| Purchase Price/Payoff (+) | 998,818.00 | New First Mortgage(-) | Principal & Interest | 3,827.51 |
| Loan Amount (-) | 1,190,000.00 | Sub Financing(-) | 170,000.00 | Other Financing (P & I) | 1,115.63 |
| Est. Closing Costs (+) | 3,627.60 | New 2nd Mtg Closing Costs(+) | 1,200.00 | Hazard Insurance | |
| Est. Prepaid Items/Reserves (+) | 2,730.56 | | | Real Estate Taxes | 400.00 |
| Amount Paid by Seller (-) | | | | Mortgage Insurance | |
| | | | | Homeowner Assn. Dues | |
| HC Stated | | | | Other | |
| **Total Est. Funds to you** | | | 353,623.84 | **Total Monthly Payment** | 5,343.14 |

☑ This Good Faith Estimate is being provided by    East Bay Mortgage, Inc.    , a mortgage broker, and no lender has been obtained. These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA). Additional information can be found in the HUD Special Information Booklet, which is to be provided to you by your mortgage broker or lender. If your application is to purchase residential real property and the lender will take a first lien on the property. The undersigned acknowledges receipt of the booklet "Settlement Costs," and if applicable the Consumer Handbook on ARM Mortgages.

| | | | |
|---|---|---|---|
| Applicant  **Mark R Watson** | Date | Applicant  **Kelly H Watson** | Date |

Calyx Form gfe.frm 11/01

# EXHIBIT B

# AHMC INITIAL TRUTH IN LENDING DISCLOSURE

TRUTH-IN-LENDING DISCLOSURE STATEMENT
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

**LENDER OR LENDER'S AGENT:** American Home Mortgage
777 North Rainbow Blvd. Suite 345
Las Vegas, NV 89107

[X] Preliminary  [ ] Final
*DATE:* 05/08/06
*LOAN NO.:*
*Type of Loan:* Conventional
APP NO.:0001291848

**BORROWERS:** Mark R Watson
Kelly H Watson

**ADDRESS:** 3804 Olson Dr.
**CITY/STATE/ZIP:** Gig Harbor, WA 98335
**PROPERTY:** 3804 Olson Dr NW
Gig Harbor, WA 98335

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 6.543e % | $ 2,439,450.98e | $ 1,200,000.00e | $ 3,639,450.98e |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 37 | $3,571.08 | | 442 | $7,917.20 | |
| 1 | $7,918.62 | | | | |

**DEMAND FEATURE:** [XX] This loan does not have a Demand Feature.  [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**
[XX] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

**SECURITY:** You are giving a security interest in the property located at:     3804 Olson Dr NW
Gig Harbor, WA 98335

**ASSUMPTION:** Someone buying this property  [ ] cannot assume the remaining balance due under original mortgage terms
[XX] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $ 100.00

**PROPERTY INSURANCE:** [XX] Property hazard insurance in the amount of $ 1,200,000.00 with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any insurance company acceptable to the lender.
Hazard insurance [ ] is [XX] is not available through the lender at an estimated cost of N/A for a year term.

**LATE CHARGES:** If your payment is more than 15 days late, you will be charged a late charge of 5.000 % of the overdue payment.

**PREPAYMENT:** If you pay off your loan early, you
[XX] may [ ] will not have to pay a penalty.
[ ] may [XX] will not be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.
e means estimate

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

Mark R Watson _____    Kelly H Watson _____
BORROWER / DATE                          BORROWER / DATE

_____                  _____
BORROWER / DATE                          BORROWER / DATE

# EXHIBIT C

# AHMC FINAL TRUTH IN LENDING DISCLOSURE

## TRUTH-IN-LENDING DISCLOSURE STATEMENT
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

LENDER OR LENDER'S AGENT:  American Home Mortgage
777 North Rainbow Blvd. Suite 345
Las Vegas, NV 89107

☐ Preliminary   [X] Final
DATE: 06/05/06
LOAN NO.:
Type of Loan: Conventional
APP NO.: 0001291848

BORROWERS:   Mark R. Watson
Kelly H. Watson

ADDRESS:    3804 Olson Drive
CITY/STATE/ZIP: Gig Harbor, WA 98335
PROPERTY:   3804 Olson Drive NW
Gig Harbor, WA 98335

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 7.350 % | $ 2,960,222.76 | $ 1,264,079.00 | $ 4,224,301.76 |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 33 | $4,134.64 | August 1, 2006 | 446 | $9,145.12 | May 1, 2009 |
| 1 | $9,135.12 | July 1, 2046 | | | |

**DEMAND FEATURE:**   [XX] This loan does not have a Demand Feature.   ☐ This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**
[XX] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been  provided to you earlier.

**SECURITY:** You are giving a security interest in the property located at:   3804 Olson Drive NW
Gig Harbor, WA 98335

**ASSUMPTION:**  Someone buying this property  ☐ cannot assume the remaining balance due under original mortgage terms
[XX] may assume, subject to lender's conditions, the remaining balance due under  original mortgage terms.

**FILING / RECORDING FEES:**  $  100.00

**PROPERTY INSURANCE:**  [XX] Property hazard insurance in the amount of $  1,275,000.00  with a mortgage clause to the lender
is a required condition of this loan. Borrower may purchase this insurance from  any insurance company acceptable to the lender.
Hazard insurance  ☐ is  [XX] is not available through the lender at an estimated cost of   N/A   for a   year term.

**LATE CHARGES:**  If your payment is more than   15   days late, you will be charged a late charge of   5.000   % of the
overdue payment.

**PREPAYMENT:**  If you pay off your loan early, you
[XX] may  ☐ will not  have to pay a penalty.
☐ may  [XX] will not  be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding  non-payment, default, required repayment in full before scheduled date,  and prepayment refunds and
penalties.
e means estimate

I/We hereby acknowledge reading and receiving a complete copy of this  disclosure.

Mark R. Watson                          Kelly H. Watson

_____  BORROWER / DATE    _____  BORROWER / DATE

_____  BORROWER / DATE    _____  BORROWER / DATE

DOC #:060401 / rev. 06/2005     APPL #:0001291848  LOAN #:0000000000
—758 (9901)   UM31 9901.05    VMP MORTGAGE FORMS - (800)521-7291                    Page 1 of 2                5/96
© 1999 CBF Systems, Inc.   The contents of this form in whole or in part are protected under the copyright  laws of the United States

# EXHIBIT D

# AHMC CLOSING COSTS

## A. Settlement Statement

**B. Type of Loan**

U.S. Department of Housing and Urban Development

OMB No. 2502-0265

| | | 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|---|---|
| 1. ☐ FHA 2. ☐ FmHA 3. ☒ Conv. Unins. | 4. ☐ VA 5. ☐ Conv. Ins. | 0001291848 | | |

**6. NOTE:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

**D. NAME AND ADDRESS OF BORROWER:** Mark R. Watson and Kelly H. Watson
3804 Olson Drive
Gig Harbor, WA 98335

**E. NAME AND ADDRESS OF SELLER:**

**F. NAME AND ADDRESS OF LENDER:** American Home Mortgage
538 Broadhollow Rd
Melville, New York 11747
TIN:

**G. PROPERTY LOCATION:** 3804 Olson Drive NW
Gig Harbor, Washington 98335

**H. SETTLEMENT AGENT:** First American Title
3312 Rosedale St NW #102
Gig Harbor, Washington 98335
Phone:

**PLACE OF SETTLEMENT:** TIN:

**SETTLEMENT DATE:** June 6, 2006

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract sales price | $0.00 | 401. Contract sales price | $0.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower: (from line 1400) | | 403. | |
| 104. | | 404. | |
| 105. Hold Back Escrow | $0.00 | 405. | |
| **ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE:** | | **ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE:** | |
| 106. City/town taxes to | | 406. City/town taxes to | |
| 107. County taxes to | | 407. County taxes to | |
| 108. Assessments to | | 408. Assessments to | |
| 109. | | 409. | |
| 0. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER:** | | **420. GROSS AMOUNT DUE TO SELLER:** | |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | $1,275,000.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **ADJUSTMENTS FOR ITEMS UNPAID BY SELLER:** | | **ADJUSTMENTS FOR ITEMS UNPAID BY SELLER:** | |
| 210. City/town taxes to | | 510. City/town taxes to | |
| 211. County taxes to | | 511. County taxes to | |
| 212. Assessments to | | 512. Assessments to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER:** | | **520. TOTAL REDUCTIONS IN AMOUNT DUE SELLER:** | |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross amount due from borrower (line 120) | | 601. Gross amount due to seller (line 420) | |
| 302. Less amount paid by/for borrower (line 220) | ( ) | 602. Less total reductions in amount due seller (line 520) | ( ) |
| **303. CASH ( ☐ FROM)( ☐ TO) BORROWER:** ▶ | | **603. CASH ( ☐ TO) ( ☐ FROM) SELLER:** ▶ | |

Previous Edition is Obsolete

Amended 10/87

HUD-1 (3-86) - RESPA, HB 4305.2

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained in Blocks E, G, H, and I and on line 401 (or, if line 401 is asterisked, lines 403 and 404) is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

SELLER INSTRUCTIONS: If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040).

You are required by law to provide [see box H] with your correct taxpayer identification number. If you do not provide [see box H] with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law, and Under penalties of perjury I certify that the number shown on this statement is my correct taxpayer identification number.

▲ _501B (9709)  Document No. 961701

VMP MORTGAGE FORMS - (800)521-7291

Seller's Signature

PAGE 1

HUD-1 (Rev. 3/86)  APP # 0001291848  OMB No. 2502-0265

| 700. | TOTAL SALES / BROKER'S COMMISSION:<br>BASED ON PRICE $  @  % = | PAID FROM<br>BORROWER'S<br>FUNDS<br>AT<br>SETTLEMENT | PAID FROM<br>SELLER'S<br>FUNDS<br>AT<br>SETTLEMENT |
|---|---|---|---|
| 701. | $ | | |
| 702. | $ | | |
| 703. | Commission paid at settlement | | |
| 704. | | | |

| | | | |
|---|---|---|---|
| 801. | Loan origination fee .500 % to American Home Mortgage | 6,375.00 | |
| 802. | Loan discount % | | |
| 803. | Appraisal fee to: HOMEGATE SETTLEMENT SERVICES | 1,050.00 | |
| 804. | Credit report to: EQUIFAX | 23.25 | |
| | 812. Processing Fee | 305.00 | |
| | 813. Underwriting Review to American Home Mortgage | 200.00 | |
| 807. | Assumption fee | | |
| 808. | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |

| | | | |
|---|---|---|---|
| 901. | Interest from 06/08 to 07/01 @ $ 65.00/day | 1,955.00 | |
| 902. | Mortgage insurance premium for mos. to | | |
| 903. | Hazard insurance premium for yrs. to | | |
| 904. | Flood Insurance Premium for yrs. to | | |
| 905. | | | |

| | | Aggregate Escrow Adjustment ( ) | |
|---|---|---|---|
| 1001. | Hazard insurance months @ $ per month | | |
| 1002. | Mortgage insurance months @ $ per month | | |
| 1003. | City property taxes months @ $ per month | | |
| 1004. | County property taxes months @ $ per month | | |
| 1005. | Annual assessments months @ $ per month | | |
| 1006. | Flood insurance months @ $ per month | | |
| 1007. | months @ $ per month | | |
| 1008. | | | |

| | | | |
|---|---|---|---|
| 1101. | Settlement or closing fee to | | |
| 1102. | Abstract or title search to | | |
| 1103. | Title examination to | | |
| 1104. | Title insurance binder to | | |
| 1105. | Document preparation to American Home Mortgage | | |
| 1106. | Notary fees to | | |
| 1107. | Attorneys' fees to | | |
| | (includes above item Numbers: ) | | |
| 1108. | Title insurance to | | |
| | (includes above item Numbers: ) | | |
| 1109. | Lender's coverage $ | | |
| 1110. | Owner's coverage $ | | |
| 1111. | | | |
| 1112. | | | |
| 1113. | | | |

| | | | |
|---|---|---|---|
| 1201. | Recording fees: Deed $ ; Mortgage $ ; Releases $ | | |
| 1202. | City/county tax / stamps: Deed $ ; Mortgage $ | | |
| 1203. | State tax / stamps Deed $ ; Mortgage $ | | |
| 1204. | | | |
| 1205. | | | |

| | | | |
|---|---|---|---|
| 1301. | Survey to | | |
| 1302. | Pest inspection to | | |
| 1303. | Wire Transfer to American Home Mortgage | 50.00 | |
| 1304. | | | |
| 1305. | Tax Service | 92.00 | |
| 1306. | Flood Hazard Fee to PDSI | 19.00 | |
| 1307. | | | |

| 1400. | TOTAL SETTLEMENT CHARGES (Enter on line 103, Section J and line 502, Section K) ▶ | | |
|---|---|---|---|

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrower: _____  Date: _____  Seller: _____  Date: _____
Mark R. Watson

was: _____  Date: _____  Seller: _____  Date: _____
Kelly H. Watson

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

_____  Date: _____  Settlement Agent  Date: _____

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

502 (9702)  VMP MORTGAGE FORMS - (800)521-7291  Document No. 961702  PAGE 2

# EXHIBIT E

# TAKE OUT LOAN TRUTH IN LENDING DISCLOSURE

# EXHIBIT F

# TAKE OUT LOAN CLOSING STATEMENT

# EXHIBIT G

# COMPLAINT

1
2
3
4
5
6
7
8

## IN THE PIERCE COUNTY SUPERIOR COURT
## IN AND FOR THE STATE OF WASHINGTON

9  MARK WATSON AND KELLY
   WATSON,                              NO.

10            Plaintiff,
    vs.                                 **COMPLAINT**

11
    AMERICAN HOME MORTGAGE
12  CORPORATION, TRAVELERS
    CASUALTY AND SURETY COMPANY
13  OF AMERICA, and LIANA MILLER and
    "JOHN DOE" MILLER, husband and wife,
14
              Defendants.
15

16    **COME NOW THE** plaintiffs and allege the following against the defendants named above.

17    1. <u>Parties</u>. Plaintiffs are a married couple resident in Pierce County, Washington. Defendant

18  American Home Mortgage Corporation (AHMC) is a foreign corporation doing business in Pierce

19  County, Washington. Travelers Casualty and Surety Company of America is the bonding company for

20  American Home Mortgage Company under bond number 104560657. On information and belief,

21  defendants Miller are believed to be residents of Nevada and conducted business in the State of

22  Washington through Liana Miller. All acts of Liana Miller were performed on her own behalf and on

23  behalf of her marital community.

24
25

*COMPLAINT*
*Page 1*

**HAY LAW FIRM**
*A Professional Service Corporation*
201 South 34th Street
Tacoma, WA 98418
Phone: 253.272.2400

2. <u>Venue and Jurisdiction</u>. This claim arises out of dealings between the parties with respect to a mortgage for real property of a Washington resident. The parties' contracts are to be performed in Washington and have as their sole security real estate located in Washington. All defendants do business in Washington. Venue and jurisdiction are consequently proper in Pierce County Superior Court.

3.    <u>Causes of action against all defendants: Breach of contract, fraud, misrepresentation, violation of the Consumer Protection Act, the Truth-in-Lending Act, the Mortgage Broker Practices Act (RCW 19.146), the Consumer Loan Act, and the Real Estate Settlement Procedures Act.</u>

3.1    In April 2006, the Watsons were seeking financing for important, time sensitive matters related to property they owned in Gig Harbor, Washington. The Watsons had obtained approval for a loan with favorable terms from East Bay Mortgage. The Watsons then discussed financing options with their current home mortgage holder, defendant AHMC. This discussion took place with defendant Liana Miller. When advised of the loan terms secured by the Watsons form East Bay Mortgage, Ms. Miller said she could beat those terms and close the new loan in two or three weeks. In the five weeks that followed, Ms. Miller and AHMC engaged in a series of fraudulent and deceptive acts all intended to induce the Watsons into securing financing with AHMC rather than East Bay Mortgage. On the strength of these wrongful acts and omissions, Ms. Miller and AHMC lured the Watsons away from the lender providing more favorable terms. In reliance on the pattern of deception exercised by the defendants, the Watsons obtained financing from AHMC that was significantly less advantageous than the terms the Watsons had negotiated with East Bay Mortgage.

3.2    The acts and omissions of the defendant AHMC were investigated by the State of Washington Department of Financial Institutions, which regulates mortgage lenders in Washington. The Department entered findings that AHMC:

Employed, directly or indirectly a scheme, device, or artifice to defraud or mislead.

*COMPLAINT*
*Page 2*

**HAY LAW FIRM**
*A Professional Service Corporation*
201 South 34th Street
Tacoma, WA 98418
Phone: 253.272.2400

1    Engaged, directly or indirectly, in an unfair or deceptive practice;

2    Failed to make disclosures to loan applicants as required by [the Consumer Loan Act];

3    Made false or deceptive statements or representations regarding the rates, points, or other
     financing terms or conditions;

4

5    Failed to obtain and maintain appropriate licenses; unlicensed branch location;

6    Failed to make written disclosures within three business days following receipt of a loan
     application;

7    Failed to provide borrower, within three business days of receipt of a loan application,
     with an estimated APR and disclosure of whether there is a prepayment penalty; and

8

9    Failed to comply with record keeping requirements.

10   The Department of Financial Institutions investigation of the Watson complaint resulted in

11   further findings that AHMC violated the Consumer Loan Act, the Real Estate Settlement Procedures

12   Act, the Truth in Lending Act and that is actions were a deceptive practice.

13       3.3    The Watsons claim that the actions of the defendants are in breach of the covenant of

14   good faith and fair dealing applicable to all contracts. The Watsons further allege that the actions of the

15   defendants are unfair and deceptive acts and trade practices in the conduct of a trade and/or commerce,

16   and capable of repetition.

17       3.6    The conduct of the defendants constitutes a violation of the acts stated herein which allow

18   the plaintiffs to recover the damages caused by this conduct, exemplary, punitive and statutory damages,

19   and reasonable costs and attorney's fees incurred in this action.

20       3.7    The Watsons have incurred to date and will continue to incur substantial attorneys' fees

21   in the prosecution of this action. The defendants should be required to pay such attorney's fees to

22   plaintiff as allowed by contract, recognized grounds in equity and/or by statute.

23       **WHEREFORE,** plaintiff prays for relief as follows:

24       1.    For judgment for damages against defendants, jointly and severally, and each of them for

25   breach of contract, fraud, negligent misrepresentation and violation of the acts referenced above in an

*COMPLAINT*
*Page 3*

**HAY LAW FIRM**
*A Professional Service Corporation*
201 South 34th Street
Tacoma, WA  98418
Phone: 253.272.2400

1 | amount to be proven at trial;

2 |     2.    For judgment against defendants, jointly and severally, and each of them for civil,

3 | statutory or punitive damages or penalties for violation of the various acts referenced above and for

4 | plaintiffs' reasonable costs of litigation and attorneys' fees incurred in this action pursuant to RCW 4.84,

5 | RCW 19.86, other applicable statutes, recognized grounds in equity or contract.

6 |     3.    For equitable reformation or cancellation of the note and deed of trust as appropriate

7 | given the wrongful acts of the defendants herein and

8 |     4.    For such other and further relief as the court may deem appropriate.

9 | **DATED June 9, 2008**.

10 |     HAY LAW FIRM, P.S.

11

12 | **ANDREW HAY,** WSBA #19164
    Attorney for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

*COMPLAINT*
*Page 4*

**HAY LAW FIRM**
*A Professional Service Corporation*
201 South 34th Street
Tacoma, WA  98418
Phone: 253.272.2400

# EXHIBIT H

# DEPARTMENT OF FINANCIAL INSTITUTIONS FINDINGS

1

STATE OF WASHINGTON
DEPARTMENT OF FINANCIAL INSTITUTIONS
2                                        DIVISION OF CONSUMER SERVICES

3

IN THE MATTER OF INVESTIGATING                    COMPLAINT NO. 25559
4       A COMPLAINT FILED UNDER THE
CONSUMER LOAN ACT:                                DOCUMENT CLIII
5                                                         THE DEPARTMENT'S RESOLUTION
BY:     Kelly Watson; Mark Watson                 AND CLOSURE OF COMPLAINT
6                                      Complainant(s),

AGAINST: American Home Mortgage Corp
7                                      Respondent(s).

As you were previously informed, a complaint was filed against Respondent under chapter 31.04 RCW, the Consumer
8       Loan Act (the Act). Complainants alleged that the Respondent did not provide a Good Faith Estimate disclosure or Truth
in Lending disclosure within three business days of receiving the Complainants' application. Complainant's also alleged
9       that Respondent gave them false and deceptive information related to their loan. Complainants
further alleged that Respondent delayed the closing of the loan, resulting in the Complainants not receiving the originally
10      offered loan terms.

11      The Department of Financial Institutions Division of Consumer Services, under the authority of RCW 31.04.145,
conducted a limited scope investigation into this matter. Based upon its investigation and the documentation and
12      statements provided by the parties, our findings are:

13          1. RCW 31.04.027(1): Employed, directly or indirectly, a scheme, device, or artifice to defraud or mislead.
2. RCW 31.04.027(2): Engaged, directly or indirectly, in an unfair or deceptive practice.
14          3. RCW 31.04.027(6): Failed to make disclosures to loan applicants as required by RCW 31.04.102 and any other
applicable state or federal law.
15          4. RCW 31.04.027(7): Made false or deceptive statements or representations regarding the rates, points, or other
financing terms or conditions.
16          5. RCW 31.04.075: Failed to obtain and maintain appropriate licenses; unlicensed branch location.
6. RCW 31.04.102(2): Failed to make written disclosure within three business days following receipt of a loan
17          application.
·7. RCW 31.04.102(3): Failed to provide borrower, within three business days of receipt of a loan application, with
18          an estimated APR and disclosure of whether there is a prepayment penalty.
8. RCW 31.04.155: Failed to comply with record keeping requirements of this section.

19      Based upon the above findings and apparent violations, the Department makes the following determination:

20          **To the Respondent:** The Complainants alleged that Respondent provided false and misleading information
related to loan terms to lure the Complainants from a competitor with which Complainants were obtaining a loan.
21          Complainants further alleged that Respondent thereafter did not provide the promised loan terms. Respondent was
given the opportunity to respond to these allegations and did not deny them. Consequently, the Department
22          accepts them as a verity. Respondent's conduct violated RCW 31.04.027 (1), (2), and (7).

23          Complainants also alleged that Respondent did not provide a Good Faith Estimate disclosure or Truth in Lending
Disclosure within three business days of receiving the Complainants' loan application. Respondent replied that it
24          received the Complainant's application on May 8, 2006, and sent out the disclosures the same day. Complainants,
however, have provided the Department with a copy of an email they received from Respondent on May 1, 2006,
25          acknowledging receipt of the Complainants' application. Based upon this evidence, Respondent clearly violated
RCW 31.04.027(6), RCW 31.04.102(2) and (3), the Real Estate Settlement Procedures Act, and the Truth in
26          Lending Act. Failure to timely make mandatory disclosures is also a deceptive practice in violation of RCW
31.04.027(2).

27

28

In reviewing the loan application for this loan, the Department has determined that the loan was originated by a branch office located at 777 North Rainbow Blvd., Ste. 345, Las Vegas, Nevada. Respondent, however, has never been granted a license for that location. Consequently, Respondent is in violation of RCW 31.04.075.

Finally, as part of its investigation of the Complainant's allegations, the Department issued a Directive to Respondent requiring Respondent to provide a copy of the entire loan file for the Complainants' loan. The documents Respondent provided, however, did not include several documents Respondent was required to maintain; most notably the Notes, the Deed of Trust, and the Final HUD 1 Settlement Statement. This is either a violation of RCW 31.04.145 for failing to respond completely with a Directive from the Director, or a violation of RCW 31.04.155 for failing to maintain records in such a manner as to enable the Department to determine whether Respondent is complying with the Act. Based upon Respondent's current status related to its bankruptcy, the Department has determined the latter.

**To the Complainant:** The Department has found numerous violations of the Act and, under normal circumstances, would request remedial action by the Respondent that would include a refund of all fees Respondent received for this loan. Unfortunately, Respondent's ongoing Chapter 11 bankruptcy proceedings prevent the Department from requesting any financial payments. Additionally, Respondent has surrendered its Washington licenses, rendering any other remedial corrective action moot. Finally, the Department is without authority to require Respondent to recast your loan. You may wish to consult with a private attorney.

Respondent is expected to implement a system of controls designed to prevent future violations of the Act. The Department will review Respondent's efforts during Respondent's next examination to ensure compliance with the Act.

Accordingly, this Resolution and Closure of Complaint serves as notice that this complaint filed against Respondent is closed. However, the Department of Financial Institutions Division of Consumer Services retains the authority to reopen this complaint in the event that subsequent information comes to our attention relevant to this matter.

cc:     Kelly Watson; Mark Watson



Dated: Tuesday, March 18, 2008

Steven C. Sherman
Financial Legal Examiner