**Exhibit A**



STATE OF CONNECTICUT
**DEPARTMENT OF BANKING**

260 CONSTITUTION PLAZA • HARTFORD, CT 06103-1800



**Howard F. Pitkin**
Commissioner

RECEIVED
STATE OF CONN.
DEPARTMENT OF BANKING
2008 FEB -8  A 11: 27

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
**IN THE MATTER OF:**                    \*
\*
**AMERICAN HOME MORTGAGE**               \*      **SETTLEMENT AGREEMENT**
**SERVICING, INC.**                      \*
\*
   **("AHMS")**                          \*
\*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

   **WHEREAS**, on August 29, 2007, the Banking Commissioner ("Commissioner"), acting pursuant to

Sections 36a-52(a), 36a-716(a) and 36a-718 of the Connecticut General Statutes, issued a Notice of Intent

to Issue Order to Cease and Desist and Notice of Right to Hearing (collectively "Notice") against AHMS,

which Notice is incorporated herein by reference;

   **WHEREAS**, the Notice alleges that AHMS, a mortgage servicing company within the meaning of

Section 36a-715(2) of the Connecticut General Statutes, failed to pay the taxes of at least 38 mortgagors

in violation of Section 36a-716(a) of the Connecticut General Statutes;

   **WHEREAS**, on August 6, 2007, AHMS filed a Chapter 11 Voluntary Petition in the United States

Bankruptcy Court for the District of Delaware ("Bankruptcy Court") (Bankruptcy Petition # 07-11050)

("Bankruptcy Proceeding"). The Chapter 11 case filed by AHMS has been consolidated for procedural

purposes only and is being jointly administered under *In re American Home Mortgage Holdings, Inc., a*

*Delaware corporation, et al.*, Case No. 07-11047 (CSS);

   **WHEREAS**, on August 29, 2007, the Notice was sent by facsimile and registered mail, return

receipt requested, to AHMS (Registered Mail No. RB028034260US)

   **WHEREAS**, on August 29, 2007, AHMS received the Notice;

TEL: (860) 240-8299
FAX: (860) 240-8178
*An Affirmative Action/Equal Opportunity Employer*
website: http://www.ct.gov/dob

WHEREAS, on August 29, 2007, AHMS requested a hearing on the Notice, which hearing is currently scheduled to commence on January 31, 2008;

WHEREAS, Section 4-177(c) of the Connecticut General Statutes and Section 36a-1-55(a) of the Regulations of Connecticut State Agencies provide that a contested case may be resolved by agreed settlement, unless precluded by law;

WHEREAS, AHMS and the Commissioner now desire to resolve the matters alleged in the Notice;

WHEREAS, with respect to the allegations contained in the Notice, AHMS agrees to waive any rights to a hearing pursuant to Section 36a-52(a) of the Connecticut General Statutes; proceedings before a presiding officer; a proposed final decision by a presiding officer; a final decision by the Commissioner; all post-hearing procedures; and waives the right to seek judicial review or otherwise challenge or contest the validity of this Settlement Agreement;

WHEREAS, upon the entry of this Settlement Agreement and approval by the Bankruptcy Court, this matter will be resolved and the Commissioner will not take any future enforcement action against AHMS based upon the allegations contained in the Notice;

AND WHEREAS, AHMS, through its execution of this Settlement Agreement, acknowledges the allegations of the Commissioner in the Notice, without admitting or denying them.

NOW THEREFORE, the Commissioner and AHMS enter into this Settlement Agreement as follows:

1. AHMS shall cease and desist from violating Section 36a-716(a) of the Connecticut General Statutes;

2. The Commissioner shall have an allowed claim in the sum of Fifteen Thousand Dollars ($15,000) as reimbursement for investigative costs, which claim shall be subordinate in priority and payment to the allowed claims of AHMS' general unsecured creditors in the Bankruptcy Proceeding, and which claim shall be paid in accordance with the Bankruptcy Code, Rules of Bankruptcy Procedure, Local Rules of Bankruptcy Procedure and Order of the Bankruptcy

Court confirming a plan of reorganization, or liquidation and from no other source other than distributions under such plan;

3.  Entry of this Settlement Agreement by the Commissioner is without prejudice to the right of the Commissioner to take enforcement action against AHMS based upon a violation of this Settlement Agreement or the matters underlying its entry in accordance with applicable bankruptcy law if the Commissioner determines that compliance with the terms herein is not being observed or if any representations made by AHMS and reflected herein are subsequently discovered to be untrue;

4.  In the event that the Bankruptcy Court fails to approve this Settlement Agreement, the parties shall revert to their pre-settlement positions and nothing herein shall be deemed a waiver of either parties' rights and defenses relating hereto;

5.  This Settlement Agreement shall not preclude either party from asserting any rights or pursuing any remedies in the event that the Commissioner commences any proceedings against AHMS for acts or omissions not specifically addressed in this Settlement Agreement, or for acts and omissions that do not arise from the facts or transactions addressed herein; and

6.  This Settlement Agreement shall become final upon approval of the Bankruptcy Court.

**IN WITNESS WHEREOF,** the parties have caused this Settlement Agreement to be executed by each of them or their duly authorized representatives on the dates hereinafter subscribed.

Dated at Hartford, Connecticut,
this _14th_ day of February 2008.

Howard F. Pitkin
Banking Commissioner

- 3 -

I, <u>Alan B. Horn</u>, state on behalf of American Home Mortgage Servicing, Inc., that I have read the foregoing Settlement Agreement; that I know and fully understand its contents; that I am authorized to execute this Settlement Agreement on behalf of American Home Mortgage Servicing, Inc.; and that American Home Mortgage Servicing, Inc., agrees freely and without threat or coercion of any kind to comply with the terms and conditions stated herein.

By: _____
Name:  Alan B. Horn
Title:  Executive Vice President and General
Counsel
American Home Mortgage Servicing, Inc.

State of: New York
County of: Suffolk

On this the __6__ day of ~~January~~ Feb 2008, before me, Arlene Parks ,

the undersigned officer, personally appeared <u>Alan B. Horn</u>, who acknowledged himself to be the Executive Vice President and General Counsel of American Home Mortgage Servicing, Inc., a corporation, and that he, as such Executive Vice President and General Counsel, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself as Executive Vice President and General Counsel.

In witness whereof I hereunto set my hand.

_____
Notary Public
Date Commission Expires:

ARLENE PARKS
Notary Public State of New York
No. 01PA6111185
Qualified in Suffolk County
Commission Expires June 4, 2008

- 4 -

# Exhibit B



STATE OF CONNECTICUT

**DEPARTMENT OF BANKING**

260 CONSTITUTION PLAZA • HARTFORD, CT 06103-1800



**Howard F. Pitkin**

Commissioner

```
RECEIVED
STATE OF CONN.
DEPARTMENT OF BANKING
2008 FEB -8 A 11: 26
```

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE MATTER OF:

AMERICAN HOME MORTGAGE
CORP., d/b/a AMERICAN HOME
MORTGAGE OF NEW YORK,
AMERICAN BROKERS CONDUIT,
HLB MORTGAGE, MORTGAGE
SELECT ("American")

AMERICAN HOME MORTGAGE
ACCEPTANCE, INC.

AMERICAN HOME MORTGAGE
VENTURES, LLC d/b/a AMERICAN
HOME MORTGAGE V

   (collectively "American *et al.*")

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

                    **SETTLEMENT AGREEMENT**

    WHEREAS, on August 3, 2007, the Banking Commissioner ("Commissioner"), acting pursuant to

Sections 36a-52, 36a-51, 36a-494 and 36a-517 of the Connecticut General Statutes, as amended by Public

Act 07-91, and Sections 4-182(c) and 36a-50(a) of the Connecticut General Statutes, issued a Temporary

Order to Cease and Desist, Order of Summary Suspension, Notice of Intent to Issue Order to Cease and

Desist, Notice of Intent to Revoke First and Secondary Mortgage Lender/Broker Licenses, Notice of

Intent to Impose Civil Penalty and Notice of Right to Hearing (collectively "Order") against American

*et al.*, which Order is incorporated herein by reference;

    WHEREAS, the Order alleges that American failed to close at least 244 loans to be secured by a

first or secondary mortgage on real property located in Connecticut for which it had issued commitments,

TEL: (860) 240-8299
FAX: (860) 240-8178
*An Affirmative Action/Equal Opportunity Employer*
website: http://www.ct.gov/dob

and at least 3,448 loans to be secured by a first or secondary mortgage on real property located in states other than Connecticut for which it had issued commitments;

WHEREAS, the Order alleges that American failed to transfer to the account of its attorney loan proceeds for 21 loans to be secured by mortgages on real property located in Connecticut at the scheduled date and time for the closing of such loans and for 17 refinancings to be secured by mortgages on real property located in Connecticut by the disbursement date in violation of Section 36a-758a(a) of the Connecticut General Statutes;

WHEREAS, the Order alleges that on August 1, 2007, American's counsel stated to the Commissioner that American was no longer conducting its mortgage business or accepting any mortgage loan applications when American was accepting applications at its Connecticut locations, which constitutes a false and misleading statement within the meaning of Section 36a-53a of the Connecticut General Statutes;

WHEREAS, the Order alleges that American *et al.*, failed to cooperate with the Commissioner pursuant to Section 36a-17(d) of the Connecticut General Statutes;

WHEREAS, on August 3, 2007, the Order was sent by facsimile and registered mail, return receipt requested, to American *et al.*, (Registered Mail Nos. RB028034110US, RB028034123US and RB028034137US);

WHEREAS, on August 3, 2007, American *et al.*, received the Order;

WHEREAS, on August 6, 2007, American *et al.*, filed Chapter 11 Voluntary Petitions in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") (Bankruptcy Petition #s 07-11051, 07-11049 and 07-11052) ("Bankruptcy Proceedings"). The Chapter 11 cases filed by American *et al.*, have been consolidated for procedural purposes only and are being jointly administered under *In re American Home Mortgage Holdings, Inc., a Delaware corporation, et al.*, Case No. 07-11047 (CSS);

WHEREAS, on August 6, 2007, American *et al.*, requested a hearing on the Order, which hearing is currently scheduled to commence on January 31, 2008;

-2-

WHEREAS, Section 4-177(c) of the Connecticut General Statutes and Section 36a-1-55(a) of the Regulations of Connecticut State Agencies provide that a contested case may be resolved by agreed settlement, unless precluded by law;

WHEREAS, American *et al.*, and the Commissioner now desire to resolve the matters alleged in the Order;

WHEREAS, with respect to the allegations contained in the Order, American *et al.*, agree to waive any rights to a hearing pursuant to Sections 36a-52 and 36a-51 of the Connecticut General Statutes, as amended, and Section 36a-50(a) of the Connecticut General Statutes; proceedings before a presiding officer; a proposed final decision by a presiding officer; a final decision by the Commissioner; all post-hearing procedures; and waives the right to seek judicial review or otherwise challenge or contest the validity of this Settlement Agreement;

WHEREAS, upon the entry of this Settlement Agreement and approval by the Bankruptcy Court, this matter will be resolved and the Commissioner will not take any future enforcement action against American *et al.*, based upon the allegations contained in the Order;

AND WHEREAS, American *et al.*, through their execution of this Settlement Agreement, acknowledge the allegations of the Commissioner in the Order, without admitting or denying them.

NOW THEREFORE, the Commissioner and American *et al.*, enter into this Settlement Agreement as follows:

1. American shall cease and desist from violating Sections 36a-53a and 36a-758a of the Connecticut General Statutes and failing to perform any agreement with borrowers, and American *et al.*, shall cease and desist from violating Section 36a-17(d) of the Connecticut General Statutes;

2. The Commissioner shall have an allowed claim in the sum of Fifteen Thousand Dollars ($15,000) as reimbursement for investigative costs, which claim shall be subordinate in priority and payment to the allowed claims of American *et al.*'s general unsecured creditors in the Bankruptcy Proceedings, and which claim shall be paid in accordance with the Bankruptcy

Code, Rules of Bankruptcy Procedure, Local Rules of Bankruptcy Procedure and Order of the Bankruptcy Court confirming a plan of reorganization, or liquidation and from no other source other than distributions under such plan;

3.  Entry of this Settlement Agreement by the Commissioner is without prejudice to the right of the Commissioner to take enforcement action against American *et al.*, based upon a violation of this Settlement Agreement or the matters underlying its entry in accordance with applicable bankruptcy law if the Commissioner determines that compliance with the terms herein is not being observed or if any representations made by American *et al.*, and reflected herein are subsequently discovered to be untrue;

4.  In the event that the Bankruptcy Court fails to approve this Settlement Agreement, the parties shall revert to their pre-settlement positions and nothing herein shall be deemed a waiver of either parties' rights and defenses relating hereto;

5.  This Settlement Agreement shall not preclude any party from asserting any rights or pursuing any remedies in the event that the Commissioner commences any proceedings against American *et al.*, for acts or omissions not specifically addressed in this Settlement Agreement, or for acts and omissions that do not arise from the facts or transactions addressed herein; and

6.  This Settlement Agreement shall become final upon approval of the Bankruptcy Court.

**IN WITNESS WHEREOF,** the parties have caused this Settlement Agreement to be executed by each of them or their duly authorized representatives on the dates hereinafter subscribed.

Dated at Hartford, Connecticut,
this ___14___ day of February 2008.

Howard F. Pitkin
Banking Commissioner

I, Alan B. Horn, state on behalf of American Home Mortgage Corp., d/b/a American Home Mortgage of New York, American Brokers Conduit, HLB Mortgage and Mortgage Select that I have read the foregoing Settlement Agreement; that I know and fully understand its contents; that I am authorized to execute this Settlement Agreement on behalf of American Home Mortgage Corp., d/b/a American Home Mortgage of New York, American Brokers Conduit, HLB Mortgage and Mortgage Select; and that American Home Mortgage Corp., d/b/a American Home Mortgage of New York, American Brokers Conduit, HLB Mortgage and Mortgage Select agrees freely and without threat or coercion of any kind to comply with the terms and conditions stated herein.

By: _____

Name:  Alan B. Horn
Title:  Executive Vice President and General
Counsel
American Home Mortgage Corp., d/b/a
American Home Mortgage of New York,
American Brokers Conduit, HLB Mortgage and
Mortgage Select

State of: New York

County of: Suffolk

On this the 5 day of February 2008, before me, Arlene Parks, the undersigned officer, personally appeared Alan B. Horn, who acknowledged himself to be the Executive Vice President and General Counsel of American Home Mortgage Corp., d/b/a American Home Mortgage of New York, American Brokers Conduit, HLB Mortgage and Mortgage Select, a corporation, and that he, as such Executive Vice President and General Counsel, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself as Executive Vice President and General Counsel.

In witness whereof I hereunto set my hand.

Notary Public
Date Commission Expires:

**ARLENE PARKS**
Notary Public State of New York
No. 01PA6111185
Qualified in Suffolk County
Commission Expires June 4, 2026

- 5 -

I, <u>Alan B. Horn</u>, state on behalf of American Home Mortgage Acceptance, Inc., that I have read the foregoing Settlement Agreement; that I know and fully understand its contents; that I am authorized to execute this Settlement Agreement on behalf of American Home Mortgage Acceptance, Inc.; and that American Home Mortgage Acceptance, Inc., agrees freely and without threat or coercion of any kind to comply with the terms and conditions stated herein.

By: _____
Name: Alan B. Horn
Title: Executive Vice President and General Counsel
American Home Mortgage Acceptance, Inc.

State of: New York

County of: Suffolk

On this the __5__ day of ~~January~~ Feb 2008, before me, __Arlene Parks__,
the undersigned officer, personally appeared <u>Alan B. Horn</u>, who acknowledged himself to be the Executive Vice President and General Counsel of American Home Mortgage Acceptance, Inc., a corporation, and that he, as such Executive Vice President and General Counsel, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself as Executive Vice President and General Counsel.

In witness whereof I hereunto set my hand.

_____
Notary Public
Date Commission Expires:

**ARLENE PARKS**
Notary Public State of New York
No. 01PA6111185
Qualified in Suffolk County
Commission Expires June 4, 2028

- 6 -

I, Alan B. Horn, state on behalf of American Home Mortgage Ventures, LLC d/b/a American Home Mortgage V that I have read the foregoing Settlement Agreement; that I know and fully understand its contents; that I am authorized to execute this Settlement Agreement on behalf of American Home Mortgage Ventures, LLC d/b/a American Home Mortgage V; and that American Home Mortgage Ventures, LLC d/b/a American Home Mortgage V agrees freely and without threat or coercion of any kind to comply with the terms and conditions stated herein.

By: _____

    Name:  Alan B. Horn
    Title:  Executive Vice President and General
            Counsel
    American Home Mortgage Ventures, LLC d/b/a
    American Home Mortgage V

State of: New York
County of: Suffolk

On this the __5__ day of ~~January~~ Feb 2008, before me, Arene Parks,
the undersigned officer, personally appeared Alan B. Horn, who acknowledged himself to be the Executive Vice President and General Counsel of American Home Mortgage Ventures, LLC d/b/a American Home Mortgage V, a limited liability company, and that he, as such Executive Vice President and General Counsel, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the limited liability company by himself as Executive Vice President and General Counsel.

In witness whereof I hereunto set my hand.

_____
Notary Public
Date Commission Expires:

ARLENE PARKS
Notary Public State of New York
No. 01PA6111185
Qualified in Suffolk County
Commission Expires June 4, 2008

- 7 -