## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | Chapter 11 <br> (Jointly Administered) <br><br> **Hearing Date: July 17, 2008 @ 2:00 p.m.** <br> **Obj. Deadline: July 10, 2008 @ 4:00 p.m.** |
| Debtors. | |

### MOTION FOR ORDER REQUIRING APPEARANCE OF DEBTOR FOR EXAMINATION AND PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AND LOCAL RULE 2004-1(a)

Creditors Elvin and Phyllis Valenzuela (the "Valenzuelas" or "Creditors"), by their undersigned counsel, hereby submit this Motion for Order Requiring Appearance of Debtor American Home Mortgage Acceptance, Inc. ("Debtor") for Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1(a). The Motion is based on the following facts:

### FACTUAL BACKGROUND

1.      On or about June 23, 2005, the Valenzuelas refinanced their existing home loan and entered into an Option Adjustable Rate Mortgage ("Option ARM") loan with Debtor. The Option ARM loan was secured by the Valenzuelas' primary residence. On August 6, 2007, Debtor filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. Creditors filed their proof of claim on behalf of themselves and all other similarly situated borrowers, on January 21, 2008. The claim arises pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; and other applicable statutory and common law. Creditors, individually, and on behalf of

---

[1] This Case is related to and jointly administered with the following: American Home Mortgage Investment Corp. (07-11048); American Home Mortgage Acceptance, Inc. (07-11049); American Home Mortgage Servicing, Inc. (07-11050); American Home Mortgage Corp. (07-11051); American Home Mortgage Ventures LLC (07-11052); Homegate Settlement Services, Inc. (07-11053); and Great Oak Abstract Corp. (07-11054).

all other similarly situated borrowers, base their claim against Debtor, in part, on Debtor's failure to clearly and conspicuously disclose to Creditors and other borrowers, in Debtor's Option ARM loan documents and in the required disclosure statements accompanying the loans: (i) the actual interest rate on the Notes (12 C.F.R. § 226.17); (ii) that payments on the Notes at the teaser rate would result in negative amortization and that the principal balance would increase (12 C.F.R. § 226.19); and (iii) that the initial interest rate provided was discounted and did not reflect the actual interest that Creditors and other borrowers would be paying on the Notes.

2.      The claim also concerns Debtor's unlawful, fraudulent and unfair business acts or practices.  Creditors allege that Debtor engaged in a campaign of deceptive conduct and concealment aimed at maximizing the number of consumers who would accept this type of loan in order to maximize Debtor's profits, even as Debtor knew its conduct would cause many of these consumers to lose their homes through foreclosure.

### REQUEST FOR EXAMINATION AND PRODUCTION OF DOCUMENTS UNDER BANKRUPTCY RULE 2004

4.      Pursuant to Federal Rule of Bankruptcy Procedure 2004(a), "on motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). The scope of an examination under Rule 2004 is extremely broad:

> The examination of an entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

5.      A Rule 2004 examination allows the party invoking it to commence a broad inquiry, in the nature of a "fishing expedition." *In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990). *See also In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983) ("Under Rule 2004 . . . it has been well-established that the scope of such an investigation is broad.  The exploration can be in the nature of a fishing expedition.").

6.     Good cause for a Rule 2004 examination exists when there is a reasonable basis for the examination and the subject matter of the examination is necessary to establish the movant's claim, or denial of the examination would cause undue hardship or injustice. *In re Meticom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004). However, a movant is only required to show good cause in the face of an objection to the motion. *Id.*

7.     By this motion, Creditors seek to obtain production of documents from and examine Debtor pursuant to Rule 2004 regarding the acts, conduct, liabilities and financial condition of the Debtor and/or its businesses, specifically with respect to Option ARM loans made to Creditors and other borrowers in the four year period preceding the filing of Creditors' proof of claim. Accordingly, Creditors seek, among other things:

(a) the identity of all subsequent purchasers or assignees of the Option ARM loans;

(b) all documents related to any securitization of the Option ARM loans; and

(c) copies of each version of the Option ARM loan documents Debtor provided to borrowers since January 21, 2004.

*See* Exhibit A hereto.

## PRODUCTION AND EXAMINATION DATES

8.     Creditors request that the document production by Debtor take place by August 15, 2008 at the law offices of Creditors' attorneys, Werb & Sullivan, 300 Delaware Avenue, 13th Floor, P.O. Box 25046, Wilmington, Delaware 19899, and that the examination of Debtor take place on September 4, 2008 at the offices of Werb & Sullivan, and continue from day to day until completed.

## RELIEF REQUESTED

WHEREFORE, CREDITORS respectfully request that this Court enter an Order as follows:

a.     Requiring Debtor to produce the documents set forth in Exhibit A hereto pursuant to Rule 2004 on or before August 15, 2008 at the law offices of Werb & Sullivan, 300 Delaware

Avenue, 13th Floor, P.O. Box 25046, Wilmington, Delaware 19899.

       b.        Requiring Debtor to appear for examination by Creditors pursuant to Rule 2004 before a Certified Court Reporter on September 4, 2008 at the law offices of Werb & Sullivan, 300 Delaware Avenue, 13th Floor, P.O. Box 25046, Wilmington, Delaware 19899, with such examination to continue day to day until completed, Saturdays, Sundays and holidays excluded.

WERB & SULLIVAN

/s/ Regina A. Iorii
Regina A. Iorii (#2600)
300 Delaware Avenue
P.O. Box 25046
Wilmington, DE  19899 (courier 19801)
Telephone: (302) 652-1100
Facsimile: (302) 652-1111
riorii@werbsullivan.com

and

DREIER LLP
Lee A. Weiss
499 Park Avenue
New York, NY 10022
Telephone: (212) 328-6100
Facsimile: (212) 328-6101
lweiss@dreierllp.com

Dated: June 25, 2008