# EXHIBIT A

# EXHIBIT A

## REQUEST FOR PRODUCTION OF DOCUMENTS

## INSTRUCTIONS

1. The relevant time period for these requests is from January 21, 2004 to present, and shall include all documents that relate or refer to this period, even though prepared before or subsequent to this period.

2. In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

3. Documents are to be produced in full. If the requested document or material cannot be produced in full, produce it to the extent possible, indicating which document or material, or portion of that document or material, is being withheld, and the reason that document or material is being withheld.

4. In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

5. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

6. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

7. Documents attached to each other should not be separated.

8. Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

9. If any document responsive to these requests was, but is no longer in the possession of or subject to the control of Debtor, state whether it: is missing or lost; has been destroyed; has been transferred, voluntarily or involuntarily, to others; or has been otherwise disposed of, and in each instance provide the following information with respect to each such document: date of disposal; manner of disposal; reason for disposal; person authorizing the disposal; and person disposing of the document.

10. If you claim the attorney-client privilege, or any other privilege or work product protection for any document, that document need not be produced, but you shall provide the following information with respect to each such document:

    a. Date;

    b. Author(s) of the document and each and every other person who prepared or participated in the preparation of the document;

    c. A description of its subject matter and physical size;

    d. All addressees or recipient(s) of the original or a copy thereof, together with the date or approximate date on which such recipient(s) received said documents;

    e. All other persons to whom the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure, the present location of the document and all copies thereof;

    f. Each and every person having custody or control of the document and all copies thereof; and

    g. The nature of the privilege or other rule of law relied upon and any facts

supporting your position.

## DEFINITIONS

1. "Debtor," "you" or "your" refers to American Home Mortgage Acceptance, Inc.

2. "Creditors" or "the Valenzuelas" refers to creditors Elvin and Phyllis Valenzuela.

3. "Purchaser" or "assignee" refers to anyone to whom title, claim, property, or interest in the loan was transferred.

4. "Securitization" refers to the process whereby individual mortgages are bundled together into a mortgage pool to form a mortgage-backed security, and then sold on the secondary mortgage market.

5. "TILDS" means the Truth-In-Lending Disclosure Statement required by Regulation Z that contains the payment schedule and APR, which Debtor provided to borrowers.

6. "Option ARM loans" refers to all Option Adjustable Rate Mortgage loans made by Debtor to borrowers since January 21, 2004 which have the following characteristics: (1) an initial low interest rate or "teaser" rate offered (typically 1%-3%); (b) borrowers are provided a payment schedule in the TILDS based on this low interest rate; and (c) when the payment schedule is followed, negative amortization occurs.

7. "Document" or "documents" means any document, writing, or recording as defined in Federal Rule of Evidence 1001, Federal Rule of Civil Procedure 34(a), and Bankruptcy Rule 7034, inclusively, that is in your possession, custody or control, or which no longer is in your possession but of which you have knowledge, including any drafts, revisions, and computer readable materials. "Document" shall also mean electronic mail, tapes, disks, diskettes, data cells, tape back-ups, drums, printouts and all other data compilations from which information can be obtained (translated, if necessary, by you through detection services into usable form). Documents in electronic format will be produced in Group IV TIFF format and ASCII Text. This ASCII Text shall represent the textual content of the electronic document and shall be full text searchable and should be produced with a load file. You should produce

specific electronic documents in their native format where it is necessary for review of the electronic documents: for example, a Microsoft Excel Spreadsheet.

8. As used herein the term document also includes any document, which did exist, but as of the date of response and production has been destroyed, lost, misplaced, or is otherwise unavailable. For any such document, the response must to the extent possible identify the document by date, subject matter, author, addressee, and persons to whom the document was distributed; must state whether the document was lost, destroyed, or misplaced; and must state the name and address of the person who last had custody of or knowledge of the existence of the document.

9. "Person" refers to natural persons, proprietorships, corporations, partnerships, trusts, joint venture groups, associations and organizations.

10. "Report(s)" shall include the above definitions for "document(s)" and include any such writing that reflects or refers to any oral, verbal, spoken or written conveyance of any information to any "person" as defined above.

11. The terms "relate," "relates," "related to," and "relating to" mean concerning, mentioning, indicating, disclosing, discussing, constituting, defining, evidencing, containing, embodying, reflecting, analyzing, stating, serving as a basis for, relying upon, supporting, describing, referring or in any other way bearing upon or illuminating the subject matter into which inquiry is made.

12. "And/or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

13. "Include," "includes," and "including" shall include by reference without limitation.

14. The use of the singular includes the plural, and the use of the plural includes the singular, so as to be inclusive of any documents which otherwise may be excluded from production.

15. The use of the present tense includes the past tense and the use of the past tense

includes the present tense, so as to be inclusive of any documents which otherwise might be excluded from production.

## **DOCUMENTS TO BE PRODUCED**

1. Documents sufficient to identify each subsequent purchaser or assignee of the Option ARM loans you made to Creditors and other borrowers since January 21, 2004.

2. A complete copy of all documents that reflect or refer to the securitization of your Option ARM loans to any lender, originating lender, warehouse lender, lines of credit used for funding loans, trustee, investor or securitized trust since January 21, 2004.

3. A complete copy of each version of the Option ARM loans you provided to borrowers since January 21, 2004, including, but not limited to, a complete copy of each version of the Option ARM loan contracts or notes, TILDS, riders, disclosure statements, and any other standardized forms, denominated by a different name, that reflect or refer to the Option ARM loan documents you provided to borrowers before or at the time of closing since January 21, 2004.

4. A complete copy of all reports or documents that summarize your subsequent sale and/or assignment of the Option ARM loans you made to the Valenzuelas and other borrowers since January 21, 2004.

5. A complete copy of all documents that concern or refer to the Valenzuelas, including but not limited to all Option ARM loan documents, contracts, correspondence, handwritten notes, disclosure statements, billings statements, and all documents which were prepared, generated, or reviewed in connection with the Valenzuelas' loan application, underwriting, review and credit assessment, approval, funding, closing and recording of said transactions.

6. A complete copy of all documents that reflect or refer to any assignee, owner or subsequent purchaser of the Option ARM loan you made to the Valenzuelas, including, but not limited to all correspondence sent to or received from said assignees, owners, or subsequent

purchasers.

7. A complete copy of all documents that reflect or refer to the servicing of the Option ARM loan you made to the Valenzuelas, including, but not limited to, any and all servicing agreements and communications or other documents sent to or received from any person or entity who has serviced the Option ARM loan you made to the Valenzuelas.

8. A complete copy of all documents that reflect or refer to the securitization of the Option ARM loan you made to the Valenzuelas, including, but not limited to, all documents sent to or received from any lender, originating lender, warehouse lender, trustee, investor, securitized trust, bank or lending institution since January 21, 2004.

9. A complete copy of your document retention (including document destruction), document organization, and document archiving policies and/or procedures, in place and effect since January 21, 2004, including a true copy of each such policy and/or procedure, if written.