20

## EXHIBIT A

## PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11
In re:                                                           :
                                                                 :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,                  :  Jointly Administered
                                                                 :
    Debtors.                                                     :  Ref. Docket No. _____
---------------------------------------------------------------- x

ORDER PURSUANT TO BANKRUPTCY CODE SECTION 363 AND
BANKRUPTCY RULE 9019(b) ORDER AUTHORIZING THE
DEBTORS TO COMPROMISE OR SELL CERTAIN MORTGAGE LOANS IN
THE ORDINARY COURSE OF
BUSINESS WITHOUT FURTHER HEARING OR NOTICE

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc., a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtor and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[2] for an order, pursuant to sections 363(b)(1) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b) authorizing the Debtors to compromise certain Mortgage Loans without further hearing or notice, all as set forth more fully in the Motion; and the Court being satisfied that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors, and that the compromise or sale of such Mortgage Loans is a proper exercise of the Debtors' business judgment; and due and proper notice of the Motion having

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

been given; and no other or further notice of the Motion being necessary under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 363(b)(1) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b), the Debtors are authorized, without further hearing or notice, to compromise or settle any and all claims (as defined in section 101(5) of the Bankruptcy Code) of, or against, the Debtors arising under or relating to the Mortgage Loans, pursuant to the Mortgage Loan Compromise Procedures; and it is further

ORDERED that the Debtors are authorized to implement and act upon the following procedures for the compromise of the Mortgage Loans:

i. Advise (i) counsel for the Committee and (ii) counsel for (a) the DIP Lender with respect to the Unencumbered Loans or (b) JPMorgan with respect to the JPMorgan Loans (collectively, the "Compromise Notice Parties") of the terms of the proposed compromise. The Compromise Notice Parties shall have three (3) business days (unless extended by the Debtors) to object to the proposed compromise (the "Compromise Objection Deadline").

ii. The Compromise Notice Parties can raise any objection to a proposed compromise informally without the need to file a pleading with the Bankruptcy Court.

iii. In the absence of an objection on or before the Compromise Objection Deadline, the Debtors shall be authorized to proceed with and consummate the proposed compromise without further notice or a hearing and such compromise shall be deemed fully authorized by the Court.

iv. If an objection is raised, the Debtors shall not proceed with the proposed compromise absent reaching a resolution of the objection with the objecting party, but reserve the right to file a motion on notice to the Compromise Notice Parties and those parties that have requested notice pursuant to Bankruptcy Rule 2002 to approve such proposed compromise under Bankruptcy Rule 9019;

and it is further

ORDERED that, pursuant to sections 363(b)(1), 363(c) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 2002, the Debtors are authorized, without further hearing or notice, to sell a Mortgage Loan or a pool of Mortgage Loans of less than $3.0 million in UPB, pursuant to the Mortgage Loan Sale Procedures; and it is further

ORDERED that the Debtors are authorized to implement and act upon the following procedures for the sale of the Mortgage Loans:

    i. The Debtors shall give written notice (a "Sale Notice") of a proposed sale to: (i) the U.S. Trustee; (ii) counsel to the Committee; and (iii) counsel to (a) the DIP Lender with respect to the sale of an Unencumbered Loan or (b) JPMorgan with respect to the sale of a JPMorgan Loan (collectively, the "Sale Notice Parties") three (3) business days prior to closing such sale (unless extended by the Debtors) (the "Notice Period").

    ii. The Sale Notice shall consist of (a) a disclosure that the Sale Notice is being provided in accordance with the order approving this Motion, (b) an identification of the Mortgage Loans being sold, (c) a general description of the relationship between the potential purchaser and the Debtors, and (d) the estimated purchase price; *provided, however,* that the Sale Notice shall be deemed fully confidential and shall not be shared with any party other than the Sale Notice Parties absent written consent from the Debtors or further order of this Court.

    iii. Objections to a proposed sale as set forth in a Sale Notice shall be filed with the Court and served on counsel for the Debtors and the Sale Notice Parties on or before the expiration of the Notice Period.

    iv. If no written objections are filed and served in accordance with the Mortgage Loan Sale Procedures, the Debtors are authorized by the Court to take any and all actions, and to execute any and all resolutions and other documents necessary to effectuate such sale, without any further need to seek the Court's review or approval of such sale.

    v. If a written objection is filed and served in accordance with the Mortgage Loan Sale Procedures that cannot be resolved, a hearing on the matter will be scheduled with the Court so as to seek the Court's determination of whether to approve the proposed sale;

and it is further

ORDERED, that pursuant to this Order, the Mortgage Loan Compromise Procedures and Mortgage Loan Sale Procedures and sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to take any necessary action to effectuate the compromise or sale of the Mortgage Loans pursuant to the Mortgage Loan Compromise Procedures or Mortgage Loan Sale Procedures, as applicable; and it is further

ORDERED that upon completion of the compromise and sale of all the Mortgage Loans or determination by the Debtors that no other Mortgage Loans will be compromised or sold pursuant to the authority granted in this Order, the Debtors shall file a report (the "Report"). The Report shall identify (i) each Mortgage Loan by loan number that has been compromised or sold, (ii) the amount of the UPB as of the date of compromise or sale of each compromised or sold Mortgage Loan, and (iii) the amount received by the estates for each compromised or sold Mortgage Loan; and it is further

ORDERED that the Court shall retain jurisdiction over any and all matters arising from or relating to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware

_____, 2008

_____
Christopher S. Sontchi
United States Bankruptcy Judge