IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 : Jointly Administered
     Debtors.                                                    :
                                                                 : Ref. Docket No. 4524
                                                                 :
---------------------------------------------------------------- x

**DEBTORS' LIMITED OBJECTION TO THIRD QUARTERLY APPLICATION OF NORTHWEST TRUSTEE SERVICES, INC. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FORECLOSURE PROFESSIONALS TO THE DEBTORS-IN-POSSESSION**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") by and through their counsel, hereby submit this limited objection (the "Objection") to the Third Quarterly Application of Northwest Trustee Services, Inc. ("NWTS") for Compensation for Services Rendered and Reimbursement of Expenses as Foreclosure Professionals to the Debtors-in-Possession for the Period From February 1, 2008 through April 30, 2008 [Docket No. 4524] (the "Fee Application"). In support of this Objection, the Debtors respectfully represent as follows:

BACKGROUND

1.  On August 6, 2007 (the "Petition Date") each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Each

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**A.    Foreclosure Services Provided by NWTS**

2.    Prior to the Petition Date, NWTS provided foreclosure services to AHM Servicing in connection with the Debtors' mortgage loan servicing business in California, Nevada, Washington, Oregon and Idaho. NWTS charges a flat fee (each a "Flat Fee" and collectively, the "Flat Fees") for handling the Debtors' foreclosures, depending on the state, the loan type and circumstances.

3.    In addition to the provision of such services, NWTS advances monies (the "Foreclosure Costs") to pay for third party services and costs during the pendency of the foreclosure action. Foreclosure Costs include, but are not limited to, costs related to (i) obtaining foreclosure title reports; (ii) various mailings required under applicable state law; (iii) recording costs; (iv) posting notices and process of service; and (v) publication of foreclosure notices.

4.    Each foreclosure matter spans several months. NWTS avers that, with the exception of mailing costs, all Foreclosure Costs are due from NWTS to the applicable third party vendor upon completion of the foreclosure matter. Similarly, NWTS bills the Debtors for its Flat Fee and all Foreclosure Costs incurred in connection with each loan upon completion of a foreclosure matter.

**B.    NWTS Retention and the Fee Application**

5.    On September 12, 2007, this Court entered the Order Pursuant to Section 327 of the Bankruptcy Code and Bankruptcy Rule 2014 Approving the Retention and Employment of Northwest Trustee Services, Inc. as Foreclosure Professionals for the

Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 713] (the "Retention Order"). The Retention Order provided that NWTS "shall be deemed to have waived any and all prepetition amounts owed to them by the Debtors."

6. By the Fee Application, NWTS requests payment of $370,990.00 for Compensation and $944,452.72 for Foreclosure Costs allegedly incurred within the period from February 1, 2008 through April 30, 2008 (the "Fee Period") in the following amounts:

| Month | Flat Fees | Foreclosure Costs | Total |
|---|---|---|---|
| **February, 2008** | $117,955.00 | $307,407.16 | $425,362.16 |
| **March, 2008** | $183,550.00 | $457,874.17 | $641,424.17 |
| **April, 2008** | $69,485.00 | $179,171.39 | $248,656.39 |

7. Attached as Exhibit B to each monthly application for fees and expenses incurred within the Fee Period are the individual invoices (each an "Invoice" and collectively, the "Invoices") for each foreclosure matter completed during the applicable month. The Invoices provide the date of the Invoice, as well as dates the Flat Fee was earned (identified as a "Trustee Fee") and the dates each of the Foreclosure Costs was incurred by NWTS.

## LIMITED OBJECTION

8. The Debtors object to payment of (i) Foreclosure Costs that exceed the maximum amount for foreclosure on a particular loan set pursuant to Fannie Mae guidelines, (ii) any Foreclosure Costs that are identified on the face of the Invoices as having been incurred prior to the Petition Date (the "Prepetition Foreclosure Costs"), and (iii) certain invoices (collectively, the "No Liability Invoices") that are not the obligation of the Debtors because such invoices relate to mortgage loans that were not, or are no longer, being serviced by the Debtors.

1. **The Excessive Foreclosure Costs.**

9. The Debtors object to the request for reimbursement of the Foreclosure Costs contained on <u>Exhibit A</u> as unreasonable (the "<u>Excessive Expenses</u>"). The Excessive Expenses request reimbursement for Foreclosure Costs which exceed the limit on Foreclosure Costs set by the Debtors based on Fannie Mae guidelines for the maximum amount to be paid for Foreclosure Costs related to a particular loan. The Debtors, however, reserve the right to request approval of the Excessive Expenses from the applicable loan owner and will continue to work with NWTS to resolve the Excessive Expenses.

2. **The Pre-Petition Foreclosure Costs**

10. Section 101(5) of the Bankruptcy Code defines "claim" as "a right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C.§ 101(5).

11. Here, the Debtors, as servicer of the loans, received the benefit of the actions related to the Prepetition Foreclosure Costs at the time such actions were rendered by the third party (i.e., at the dates set forth on the Invoices). At such time, NWTS had a right to payment from the Debtors, regardless of the billing date of the third party vendor; accordingly, such amounts constitute prepetition claims. Moreover, because NWTS waived any rights to receive prepetition amounts in connection with its retention, the Prepetition Foreclosure Costs should be deemed waived and the Fee Application reduced accordingly. *See* Retention Order (prepetition amounts shall be deemed waived).

12. The reasons for this objection have been fully briefed by both parties, and the Debtors incorporate by reference the arguments set forth in the *Joint Answering Brief*

*Regarding the First and Second Quarterly Fee Applications of Northwest Trustee Services, Inc. for Award of Compensation for Services Rendered and Reimbursement of Expenses* [D.I. 4117].[2]

### 3. The No-Liability Invoices

13. The Debtors have determined that the No Liability Invoices are not the obligation of the Debtors as such invoices relate to mortgage loans that were not, or are no longer, being serviced by the Debtors. The Debtors have identified certain invoices that relate to loans in which the Debtors are no longer servicing (the "Servicing-Released Invoices"). A list of the Servicing-Released Invoices, identified by relevant loan numbers, along with the identity of the new servicer, is attached hereto as Exhibit B. In the mortgage loan industry, secondary market transactions, which often include the transfer of servicing rights to a new servicer, are commonplace. To lessen the disruption of the foreclosure process, new servicers continue to engage the former servicers' professionals and assume liability for the foreclosure costs of such professionals. In the ordinary course of a mortgage loan sale transaction where servicing is released, the servicers (i) notify their professionals of the new servicer's information and where invoices should be sent, and (ii) include a copy of the notice with the loan file that is transferred to the new servicer.

14. The Debtors have also identified invoices, which are a set forth by loan number on Exhibit C, that relates to a mortgage loan which the Debtors have not been able to identify (the "Unidentified Loan Invoices"). The Debtors are willing to work with

---

[2] On April 14, 2008, the Court conducted an evidentiary hearing and heard arguments on whether NWTS was entitled to payment of the Pre-Petition Foreclosure Costs (the "Hearing"). Following the Hearing, the court requested supplemental briefing on the issues and briefs were submitted by NWTS [Docket Nos. 3957, 4347 and 4401], the U.S. Trustee [Docket No. 4111] and the Debtors and the Committee, jointly [Docket No. 4117]. On June 4, 2008, NWTS filed its notice of completion of briefing [Docket No. 4357], and the matter is now *sub judice*.

NWTS to reconcile the Unidentified Loan Invoices to the extent that the inability to identify the loan number is a result of typographer or other error. However, the Debtors request that the Unidentified Loan Invoices not be approved unless or until the parties reconcile any servicing obligations for such loans.

15. Accordingly, the Debtors submit that (i) the Debtors have no liability with respect to invoices relating to loans identified on <u>Exhibit B</u> and <u>Exhibit C</u>, and (ii) NWTS should remit any such invoices to the applicable new servicer for payment.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court sustain the Objection and enter an order (i) denying payments relating to the Excessive Expenses, the Prepetition Foreclosure Costs and the No Liability Invoices, and (ii) granting the Debtors such other and further relief as this Court deems proper.

Dated: July 3, 2008
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret B. Whiteman*
James Patton (No. 2202)
Pauline Morgan (No. 3650)
Sean M. Beach (No. 4070)
Margaret B. Whiteman (No. 4652)
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, Delaware 19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to Debtors and Debtors in Possession

**EXHIBIT A - Excessive Foreclosure Costs**

| Loan | Invoice | Amount | Description of Service |
|---|---|---|---|
| 1000548358 | FTS0091383 | $953.18 | Mailings Sent |
| 1000729878 | STF0085022 | $174.00 | Mailings |
| 1000800177 | STF0084999 | $152.41 | Mailings |
| 1000892638 | STF0085002 | $204.60 | Mailings |
| 1000913058 | STF0084930 | $209.77 | Mailings |
| 1001003940 | FTS0085093 | $180.98 | Mailings Sent |
| 1001009852 | FTS0090892 | $175.28 | Mailings Sent |
| 1001135520 | FTS0084997 | $152.09 | Mailings |
| 1001160423 | FTS0085033 | $521.00 | Mailings Sent |
| 1001196800 | FTS0085021 | $151.13 | Mailings |
| 1001356496 | FTS0090896 | $203.00 | Mailings Sent |
| 1001390190 | FTS0090898 | $174.00 | Mailings Sent |
| 1001479844 | FTS0085107 | $725.00 | Mailings Sent |

**Exhibit B - No Liability Loans**

| Loan No. | Invoice No. | Explanation |
|---|---|---|
| 1000601078 | FTS0090958 | Service Released GMAC 02-04-08 |
| 1000714530 | FTS0085230 | Service Released REGIONS 11-01-07 |
| 1000851935 | FTS0084211 | Service Released GMAC 01-11-08 |
| 1001009071 | FTS0084552 | Service Released COUNTRYWIDE 12-21-07 |
| 1001041127 | FTS0091647 | Service Released COUNTRYWIDE 12-21-07 |
| 1001087127 | FTS0085687 | Service Released COUNTRYWIDE 12-21-07 |
| 1001087151 | FTS0085686 | Service Released COUNTRYWIDE 12-21-07 |
| 1001102968 | FTS0084530 | Service Released GMAC 01-09-08 |
| 1001179688 | FTS0091635 | Service Released SELECT PORTFOLIO 04-14-08 |
| 1001245208 | FTS0086011 | Service Released SELECT PORTFOLIO 02-01-08 |
| 1001290416 | FTS0091380 | Service Released AURORA 04-01-08 |
| 1001303103 | FTS0091633 | Service Released AURORA 04-01-08 |
| 1001685832 | FTS0085088 | Service Released AURORA 04-01-08 |
| 1001714016 | FTS0084213 | Service Released CENTRAL MORTGAGE 09-14-07 |
| 1001729815 | FTS0084531 | Service Released EMC 11-07-07 |
| 1001742197 | FTS0086009 | Service Released EMC 11-07-07 |
| 1001750740 | FTS0084217 | Service Released QUANTUM 12-17-07 |
| 1001771515 | FTS0084215 | Service Released QUANTUM 12-17-07 |
| 1001774468 | FTS0091662 | Service Released SELECT PORTFOLIO 04-14-08 |
| 1001779384 | FTS0084214 | Service Released QUANTUM 12-17-07 |
| 1001786430 | FTS0091388 | Service Released EMC 11-07-07 |
| 1001807252 | FTS0084218 | Service Released QUANTUM 12-17-07 |

**Exhibit C - Unidentified Loans**

| Loan Number | Invoice | Exception |
|---|---|---|
| 100178834 | FTS0084532 | LOAN NOT FOUND IN LSAMS |
| 100790428 | STF0084929 | LOAN NOT FOUND IN LSAMS |