# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x

In re:                                          :    Chapter 11
                                                :
AMERICAN HOME MORTGAGE                          :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware                      :
corporation, et al.,[1]                         :    Jointly Administered
                                                :
       Debtors.                                 :

------------------------------------------------------- x

## DEBTORS' MOTION PURSUANT TO DEL. L.R. 9006-1(e) FOR AN ORDER SHORTENING THE TIME FOR NOTICE FOR MOTION OF THE DEBTORS FOR ORDER, PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE PRIVATE SALE OF THE UNENCUMBERED NON-PERFORMING LOANS AND REO PROPERTY TO BELTWAY CAPITAL, LLC FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (II) APPROVING THE TERMS OF THE SALE AGREEMENT, AND (III) GRANTING RELATED RELIEF

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby

move (the "Motion to Shorten") this Court, pursuant to Rule 9006-1(e) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") and section 102 of title 11 of the United States Code, 11 U.S.C. §§

101 et seq. (the "Bankruptcy Code"), for the entry of an order shortening the time for notice for

Motion of the Debtors for Order, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code,

(i) Authorizing the Private Sale of the Unencumbered Non-Performing Loans and REO Property

to Beltway Capital, LLC Free and Clear of Liens, Claims, Encumbrances, and Other Interests,

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road,

(ii) Approving the Terms of the Sale Agreement, and (iii) Granting Related Relief (the "Sale Motion").[2] In support of the Motion to Shorten, the Debtors respectfully represent as follows:

1.      The Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides for twenty (20) days' notice prior to a "proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time . . . ." Fed. R. Bankr. Proc. 2002(a)(3).  Further, Local Rule 9006-1(e) provides that such period may be shortened by Order of the Court upon written motion specifying the exigencies supporting shortened notice.  See, Del. Bankr. L.R. 9006-1(e).

2.      The Debtors submit that there is sufficient cause to justify shortening the notice period for the hearing on approval of the relief requested in the Sale Motion.  As more particularly set forth in the Sale Motion, prior to filing these bankruptcy cases, the Debtors were owners of certain first lien loans in which the mortgagors had failed to fulfill one or more of the terms, convenants, conditions or obligations required under the mortgage (the "Non-Performing Loans").  To that end, on December 22, 2007, the Debtors filed the *Motion of the Debtors for Orders:  (A)(I) Approving the Sale Procedures; (II) Approving Payment of Expense Reimbursement; (III) Scheduling a Hearing to Consider the Sale of Certain Non-Performing Loans; (IV) Approving Form and Manner of Notice Thereof; and (V) Granting Related Relief; and (B)(I) Authorizing the Sale of Non-Performing Loans Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Sale Agreement Thereto;(III) Authorizing the Distribution of the Proceeds; and (IV) Granting Related Relief* (the "Non-Performing Loan Sale Motion") [D.I. 2490].  By the Non-Performing Loan Sale Motion,

---

Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]  All capitalized terms used, but not defined herein, shall have the meanings given to them in the Sale Motion.

the Debtors were seeking the authority to sell Non-Performing Loans pursuant to an open auction type process.  In an effort to maximize the value for the Debtors' estates, the Debtors grouped the Non-Performing Loans into  three distinct pools.

3.    On February 1, 2008, the Court entered an order approving the sale procedures set forth in the Non-Performing Loan Sale Motion (the "Non-Performing Loan Sale Procedures Order") [D.I. 2858].  Pursuant to the Non-Performing Loans Sale Procedure Order, the Debtors received bids for the three pools of Non-Performing Loans.

4.    The Debtors received bids on the Unencumbered Non-Performing Loans and the highest and best bid received was from Beltway.  For various business-related reasons, the Debtors determined not to proceed with the sale of the Unencumbered Non-Performing Loans at that time.  Accordingly, on March 28, 2008, the Debtors, withdrew the Non-Performing Loans Sale Motion solely with respect to the Unencumbered Non-Performing Loans.  The Debtors, however, have subsequently determined that selling the Unencumbered Non-Performing Loans in a private sale, subject to higher and better offers, to Beltway pursuant to the terms of the Sale Agreement is in the best interest of the Debtor's estates.  The Committee has participated in the sales process with respect to the Unencumbered Non-Performing Loans and supports the private sale to Beltway on shortened notice, subject to a final review of the documents.

5.    In the Debtors' business judgment, the proposed Purchase Price represents a fair and reasonable price for the Unencumbered Non-Performing Loans.  However, if the Court does not hear the Sale Motion on shortened notice, the Debtors are not guaranteed the continued commitment of the Beltway to purchase the Unencumbered Non-Performing Loans and related REO Property at all, much less at the price to be provided through the Sale Agreement.

Moreover, the next scheduled hearing date in these cases after July 17, 2008 is not until August 18, 2008. Postponing the hearing on the Sale Motion until that date may have a significant impact on the proposed terms of the Sale and could even jeopardize the Sale as a whole given the nature of the Unencumbered Non-Performing Loans.

6.    Based on the foregoing, the Debtors submit that cause exists to justify shortening the notice period for the hearing on approval of the relief requested in the Sale Motion. Accordingly, the Debtor requests that a hearing on the relief requested in the Sale Motion be scheduled for July 17, 2008 at 2:00 p.m. (ET), with objections due on or before 4:00 p.m. (ET) on July 14, 2008. In light of the shortened notice period, the Debtor will serve the Sale Motion via Federal Express, overnight delivery, fax or email, on (i) the United States Trustee for the District of Delaware, (ii) counsel to the Committee, (iii) counsel to the Bank of America, N.A., (iv) counsel to the DIP Lender, (v) the Internal Revenue Service, (vi) the U.S. Securities and Exchange Commission, (vii) Beltway, (viii) those parties known to the Debtors to have expressed an interest in the Non-Performing Loans, and (ix) all parties entitled to notice under Local Rule 2002-1(B).

7.    If the relief requested herein is granted, the Debtors will also serve a copy of the order entered by the Court on (i) the United States Trustee for the District of Delaware, (ii) counsel to the Committee, (iii) counsel to the Bank of America, N.A., (iv) counsel to the DIP Lender, (v) the Internal Revenue Service, (vi) the U.S. Securities and Exchange Commission, (vii) Beltway, (viii) those parties known to the Debtors to have expressed an interest in the Non-Performing Loans, and (ix) all parties entitled to notice under Local Rule 2002-1(B), and (x) all parties who file objections to the relief requested in the Sale Motion.

WHEREFORE, the Debtors respectfully request that the Court enter an Order

granting the relief requested herein and such other and further relief as is just and proper.

Dated:  Wilmington, Delaware
         July 3, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Donald J. Bowman, Jr. (No. 4383)
Sean T. Greecher (No. 4484)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ----------------------------------------------------------------x | Chapter 11 |
| In re: | : |
| | :   Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE | : |
| HOLDINGS, INC., a Delaware corporation, <u>et al.</u>, | :   Jointly Administered |
| | : |
|      Debtors. | :   **Ref. Docket Nos. _____ & _____** |
| ----------------------------------------------------------------x | |

**ORDER SHORTENING THE TIME FOR NOTICE FOR MOTION OF THE DEBTORS FOR ORDER, PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE PRIVATE SALE OF THE UNENCUMBERED NON-PERFORMING LOANS AND REO PROPERTY TO BELTWAY CAPITAL, LLC FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (II) APPROVING THE TERMS OF THE SALE AGREEMENT, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion to Shorten")[1] of the above captioned debtors and debtors-in-possession (the "Debtors") for entry of an order providing that the applicable notice period for the Sale Motion be shortened pursuant to Local Rule 9006-1(e) and section 102 of the Bankruptcy Code; and the Court having determined that granting the relief requested in the Motion to Shorten is appropriate; and it appearing that due and adequate notice of the Motion to Shorten has been given under the circumstances, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion to Shorten is granted; and it is further

ORDERED, that the Sale Motion shall be heard on July 17, 2008 at 2:00 p.m. (ET); and it is further

ORDERED, that objections to the relief requested in the Sale Motion shall be filed and served no later than 4:00 p.m. (ET) on July 14, 2008; and it is further

ORDERED, that the Debtors, shall serve this order on (i) the United States Trustee for the District of Delaware, (ii) counsel to the Committee, (iii) counsel to the Bank of America, N.A., (iv) counsel to the DIP Lender, (v) the Internal Revenue Service, (vi) the U.S. Securities and Exchange Commission, (vii) Beltway, (viii) those parties known to the Debtors to have expressed an interest in the Non-Performing Loans, and (ix) all parties entitled to notice under Local Rule 2002-1(B), and (x) all parties who file objections to the relief requested in the Sale Motion.; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
     July ____, 2008

                                    _____
                                    Christopher S. Sontchi
                                    United States Bankruptcy Judge

---

[1] Capitalized terms not defined herein shall have the meanings given to them in the Sale Motion.

