# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| AMERICAN HOME MORTGAGE | ) Case No. 07-11047 (CS) |
| HOLDINGS, INC. et al., | ) Jointly Administered |
| | ) |
| Debtor. | ) |
| | ) |
| | ) Hearing date: August 18, 2008 at 10:00 a.m. |
| | ) Objection deadline: August 11, 2008 @ 4:00 p.m. |
| _____ | ) |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## UNDER SECTION 362(d)(1) OF THE BANKRUPTCY CODE

Zel Ramsey ("Movant"), by her undersigned counsel, respectfully moves this Court to terminate the automatic stay to enable her to proceed with an action to quiet title against a parcel of real property located at 1415 N.E. Going Street, Portland, Oregon, 97211 (the "Property"), in which American Home Mortgage Corporation asserts an interest, and, as grounds for this motion, states as follows:

### Jurisdiction

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. §§ 362(d)(1) and 105(a).

### Debtor

2.  On August 6, 2007 (the "Petition Date"), American Home Mortgage Corporation (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the

United States Bankruptcy Code in Case No. 07-11051 (CSS). Since the Petition Date, the Debtor has managed its affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108. In an order signed August 7, 2007, the bankruptcy court ordered Debtor's case consolidated for procedural purposes with related cases, and ordered the cases to be jointly administered under Case No. 07-11047 (CSS).

## **Relevant History**

3.      In April, 2006, Movant signed a deed, attached hereto as Exhibit 1, that purported to convey real property located at 1415 N.E. Going Street, Portland, Multnomah County, Oregon, to Prigna K. Moses ("Moses"), a loan originator employed by Loansource Funding, LLC. Loansource Funding, LLC is a mortgage broker Movant had contacted to assist her in refinancing her home after she had fallen behind on her mortgage payments due to her husband's illness. Movant, who is elderly and not sophisticated, understood that she continued to own the property by virtue of a written agreement attached hereto as Exhibit 2, under the terms of which she paid Moses $990/month, and in two years, her name would be restored to the title with a nominal payment to Moses.

4.      Moses funded her purchase of Movant's property with first and second mortgage loans totaling $195,000 from Argent Mortgage executed on April 21, 2006. Two months later, on June 20, 2006, Moses obtained a "cash-out" refinance with MortgageIt Inc. of $208,500, paying off the Argent loans with the proceeds. Just over six months later, on January 2, 2007, Moses obtained another "cash-out" refinance with American Brokers Conduit, an assumed business name for American Home Mortgage Corporation, in the amount of $285,000, paying off the MortgageIt Inc loan with the proceeds. The Deed of Trust in favor of American Brokers Conduit is attached hereto as Exhibit 3. On

June 8, 2007, Moses obtained a $30,000 home equity line of credit from Bank of America which is fully funded. Both the American Home Mortgage Corporation loan and the Bank of America loan are in default. For each and every loan obtained, Moses attested that the residence at 1415 N.E. Going Street, Portland, Multnomah County, Oregon, was her primary residence. In fact, Moses has never lived there. Movant has lived there continuously for the past 42 years.

5. In early 2008, Movant learned from a service provider that she did not, in fact, own the property, and she was referred to the Oregon Department of Human Services Aging and Disability Services Division, who filed a report of elder abuse with local police. Movant was encouraged to pursue civil remedies while criminal and administrative investigations were conducted. On February 13, 2008, Movant brought claims for damages against Moses and Loansource Funding, LLC, and brought a claim to quiet title in herself as to the property at 1415 N.E. Going Street, naming Moses and all others with an interest in the property as required under Oregon law. American Home Mortgage Corporation was named due to its recorded interest in the Property. A true copy of the civil complaint filed in Multnomah County, Oregon, Circuit Court Case No. 0802-02316, which case is captioned *Zel M. Ramsey, Plaintiff, v. Prigna Kanhukamwe Moses; Loansource Funding, LLC; American Brokers Conduit, an Assumed Business Name for American Home Mortgage Corporation; and Bank of America, N.A.; Defendants*; is attached hereto as Exhibit 4. Movant was unaware at the time her lawsuit was filed that American Home Mortgage Corporation, a New York corporation, had previously filed for Chapter 11 bankruptcy in Delaware.

6.    On March 20, 2008, Movant's undersigned Oregon counsel received notice of American Home Mortgage Corporation's bankruptcy, a true copy of which is attached hereto as <u>Exhibit 5</u>, and immediately moved to abate and sever the claim as to American Home Mortgage Corporation, as required by 11 U.S.C. § 362 and in accordance with Oregon Uniform Trial Court Rule 7.050.[1]  Movant served the motion and proposed order of abatement and severance on the attorney for American Home Mortgage Corporation who was listed on the bankruptcy notice, Robert S. Brady *et al.* of Young Conaway Stargatt & Taylor, LLP in Wilmington, Delaware, and thereafter received the e-mail attached hereto as <u>Exhibit 6</u> from John J. Kalas, SVP Deputy General Counsel & Chief Compliance Officer of American Home Mortgage.  The complete e-mail exchange with

---

[1]  That rule, which has the force of law, reads in relevant part as follows:

> (1) Upon notice that proceedings in an action are subject to a federal bankruptcy stay, the court must stay the action until it is shown to the court's satisfaction that the federal bankruptcy stay has been terminated or is not applicable to the action.
>
> (2) Upon motion of any party, the court may sever a claim that continues to be subject to the federal bankruptcy stay or a claim as it applies to the bankruptcy debtor and proceed with the remainder of the action if:
>
> > (a) the action includes multiple claims or multiple parties; and
> >
> > (b) it is shown to the court's satisfaction that, as to one or more claims, the federal bankruptcy stay has been terminated or is not applicable.
>
> (3) A court must not dismiss the action stayed under this rule solely because of the bankruptcy filing. Nothing in this rule limits a court's ability to initiate the process to dismiss an action stayed under this rule for want of prosecution under ORCP 54 B(3) or as provided by statute.  However, if a party to the action responds to the court notice concerning dismissal for want of prosecution by timely application to continue the action because bankruptcy proceedings are ongoing:
>
> > (a) the ongoing bankruptcy proceedings constitute good cause to continue the action for purposes of ORCP or statute; and
> > (b) the court must continue the action as a pending case.

\*     \*     \*

UTCR 7.050.

Mr. Kalas and undersigned counsel is attached hereto as <u>Exhibit 7</u>.  Notwithstanding Mr. Kalas's statement in his April 4, 2008 e-mail that he would "have one of our counsel get in touch with you," Movant has never been contacted by another attorney representing American Home Mortgage Corporation, other than an attorney whose name appeared on the documents described in the paragraph below.

7. On or about May 11, 2008, documents on the letterhead of "TD Service Company,"[2] a true copy of which are attached hereto as <u>Exhibit 8</u>, were posted on the door of Movant's residence informing her that her home would be sold by American Broker's Conduit, an assumed business name for American Home Mortgage Corporation, in a foreclosure sale on September 12, 2008.  The same documents were posted on Movant's residence on May 15, 2008, and again on May 22, 2008.  On May 27, 2008, Movant's Oregon counsel received the same documents via regular and certified mail, to which the response attached hereto as <u>Exhibit 9</u> was sent on June 10, 2008.  No response from TD Service Company has been received.

### Grounds for Relief Requested

.

8. Movant seeks relief from the automatic stay imposed by Section 362 of the Bankruptcy Code for the purpose of permitting Movant to exercise her non-bankruptcy rights and remedies against the Debtor arising from Debtor's interest in the Real Property, and against the Real Property itself, under applicable non-bankruptcy law. Section 362(d)(1) provides that:

---

[2] "TD Service Company" is the subject of Debtor's October 5, 2007, "Notice of Filing of the Ordinary Course Professional TD Service Company of Arizona" (Docket #1326).

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay -
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

9. The word "cause" is not defined by the Bankruptcy Code. Consequently, a bankruptcy court must decide what constitutes "cause" to lift the automatic stay on a case by case basis. In re Rexene Products Company, 141 B.R. 574, 576 (Bankr. D. Del. 1992), citing In re Fernstrom Storage and Van Co., 938 F.2d 731, 735 (7th Cir. 1991). According to the legislative history to Section 362, cause may be established by a single factor such as "a desire to permit an action to proceed...in another tribunal" or "lack of any connection with or interference with the pending bankruptcy case." Rexene, 141 B.R. at 576, citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977).

10. Relief from the automatic stay should be granted to allow proceedings to go forward in their place of origin, assuming the bankruptcy estate will not be prejudiced. Rexene, 141 B.R. at 576, citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 341 (1977).

11. In Rexene, this Court stated that relief from the automatic stay should be granted when the party seeking such relief can show that:

> (a) the debtor or the debtor's estate will not be greatly prejudiced by continuing the civil suit;
>
> (b) the hardship to the movant by maintenance of the automatic stay considerably outweighs the hardship to the debtor; and
>
> (c) the movant has a reasonable chance of prevailing on the merits.

12. All of these elements are met in the instant case. The Debtor will not be

prejudiced if Movant is permitted to move forward with her quiet title action. This property has no value to the Debtor. Further, permitting Debtor to pursue non-judicial foreclosure of its mortgage on Movant's home while allowing the automatic stay to remain in effect, thereby denying Movant the ability to prosecute her quiet title claim against Debtor, would be fundamentally unfair, and will result in significant prejudice and hardship to Movant, who will be evicted from her home of more than 42 years.

13. Lastly, Movant has a strong likelihood of prevailing on her quiet title claim inasmuch as Debtor was not a bona fide purchase since Debtor had constructive notice of Movant's interest. As the United States Bankruptcy Court for District of Oregon has noted:

> "Under Oregon law, possession of real property by a third party other than the grantor puts 'a purchaser upon inquiry as to the possessor's interest.' *Webb v. Stewart*, 255 Or 523, 536 (1970). This is because the possession by someone other than the grantor "is a fact inconsistent with the record title[.]'" *Id*. (quoting *Groff v. State Bank of Minneapolis*, 50 Minn. 234, 238 (1892).

*Tort Claimants Committee v. Archdiocese of Portland (In re Archdiocese of Portland in Oregon)*, 355 BR 868, 885 (Bankr.D.Or. Dec. 30, 2005).

WHEREFORE, for the foregoing reasons, Movant respectfully requests that this Court enter an Order terminating the automatic stay and allowing Movant to exercise her non-bankruptcy rights and remedies as to the Property, including but not limited to pursuit of the action to quiet title pending in Multnomah County Case No. 0802-02316 and defense of the foreclosure proceedings initiated by Debtor's agent, and granting such other and further relief as this court deems just and proper.

Dated:  July 8, 2008

Respectfully submitted,

/s/ Erin K. Olson
Erin K. Olson
Law Office of Erin Olson, P.C.
2905 N.E. Broadway Street
Portland, OR  97232
(503) 546-3150
eolson@erinolsonlaw.com


and


/s/ Amy D. Brown
Amy D. Brown (#4077)
Werb & Sullivan
300 Delaware Avenue
P.O. Box 25046
Wilmington, DE  19899
Telephone: (302) 652-1100
Facsimile: (302) 652-1111
abrown@werbsullivan.com

*Attorneys for Zel Ramsey, Movant*