**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------ x   Chapter 11
In re:                                                            :
                                                                  :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                            :
HOLDINGS, INC., a Delaware corporation, <u>et al.</u>,[1]          :   Jointly Administered
                                                                  :
       Debtors.                                                   :
                                                                  :   **Related Document No.: 4922**
------------------------------------------------------------------ x

**OBJECTION AND RESERVATION OF RIGHTS OF WLR RECOVERY FUND III, L.P. TO THE DEBTORS' MOTION FOR ORDER AUTHORIZING THE DEBTORS TO COMPROMISE OR SELL CERTAIN MORTGAGE LOANS IN THE ORDINARY COURSE OF BUSINESS WITHOUT FURTHER HEARING OR NOTICE**

WLR Recovery Fund III, L.P., as administrative agent ("<u>WLR III</u>") on behalf of itself and certain lenders (collectively, the "<u>DIP Lenders</u>"), hereby submits this Objection and Reservation of Rights (the "<u>Objection</u>") to the *Debtors' Motion for Order Authorizing the Debtors to Compromise or Sell Certain Mortgage Loans in the Ordinary Course of Business Without Further Hearing Or Notice* [DI 4922] filed by the above-captioned debtors and debtors in possession (the "<u>Debtors</u>"). In support of this Objection, WLR III respectfully states as follows:

**BACKGROUND**

1.  On September 4, 2007, the Court entered the *Final Order (A) Approving Debtor-in-Possession Financing, (B) Granting Liens and Allowing SuperPriority Administrative Claims, and (C) Granting Related Relief* [D.I. 555] (the "<u>Final DIP Financing Order</u>"), authorizing the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("<u>AHM Holdings</u>") (6303); American Home Mortgage Investment Corp. ("<u>AHM Investment</u>"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("<u>AHM Acceptance</u>"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("<u>AHM Servicing</u>"), a Maryland corporation (7267); American Home Mortgage Corp. ("<u>AHM Corp.</u>"), a New York corporation (1558); American Home Mortgage Ventures LLC ("<u>AHM Ventures</u>"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("<u>Homegate</u>"), a New York corporation (7491); and Great Oak Abstract Corp. ("<u>Great Oak</u>"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Debtors to obtain postpetition financing by entering into that certain $50 million Debtor-in-Possession Loan and Security Agreement dated as of August 6, 2007 (as subsequently amended, the "<u>DIP Loan Agreement</u>") with the DIP Lenders, including WLR III as both lender and administrative agent.

2.  On June 27, 2008, the Debtors filed the Motion, seeking, among other things, an order authorizing the Debtors, in their business judgment and without further hearing or notice, to compromise or sell certain Mortgage Loans,[2] including loans subject to the liens of the DIP Lenders, pursuant to Bankruptcy Code sections 105(a) and 363(b) and Bankruptcy Rule 9019. As part of the relief sought, the Debtors wish to establish certain Mortgage Loan Sale Procedures, as described below.

3.  By the Motion, the Debtors seek to establish Mortgage Loan Sale Procedures that would authorize the Debtors to implement and act upon the following procedures:

> The Debtors shall give written notice (a "Sale Notice") of proposed sale to: (i) the U.S. Trustee; (ii) counsel to the Committee; and (iii) counsel to (a) the DIP Lender with respect to the sale of an Unencumbered Loan or (b) JPMorgan with respect to the sale of a JPMorgan Loan (collectively, the "Sale Notice parties") three (3) business days prior to closing such sale (unless extended by the Debtors) (the "Notice period").
>
> The Sale Notice shall consist of (a) a disclosure that the Sale Notice is being provided in accordance with the order approving this Motion, (b) an identification of the Mortgage Loans being sold, (c) a general description of the relationship between the potential purchaser and the Debtors, and (d) the estimated purchase price; provided, however, that the Sale Notice shall be deemed fully confidential and shall not be shared with any party other than the Sale Notice Parties absent written consent from the Debtors or further order of this Court.
>
> Objections to a proposed sale as set forth in a Sale Notice shall be filed with the Court and served on counsel for the Debtors and the

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

> Sale Notice parties on or before the expiration of the Notice Period.
>
> If no written objections are filed and served in accordance with the Mortgage Loan Sale Procedures, the Debtors are authorized by the Court to take any and all actions, and to execute any and all resolutions and other documents necessary to effectuate such sale, without any further need to seek the Court's review or approval of such sale.
>
> If a written objection is filed and served in accordance with the Mortgage Loan Sale Procedures that cannot be resolved, a hearing on the matter will be scheduled with the Court so as to seek the Court's determination of whether to approve the proposed sale.

## **OBJECTION**

4. WLR III, as administrative agent on behalf of the DIP Lenders, hereby objects to the Motion and the relief sought therein.  The Mortgage Loan Sale Procedures include procedures that, if acted upon, would violate the express terms of the DIP Loan Agreement.  As a result, WLR III respectfully submits that the foregoing procedures are inconsistent with the Final DIP Financing Order and should not be approved.

5. Pursuant to the Final DIP Financing Order, the DIP Loan Agreement was approved in all respects and constitutes a valid and binding obligation of the Debtors, enforceable in accordance with its terms.  Final DIP Financing Order, ¶ 3.  All provisions of the DIP Loan Agreement and the related documents are binding and enforceable against the Debtors in full even if not expressly referenced in the Final DIP Financing Order.  Id.  The DIP Loan Agreement provides that "[n]o Borrower will convey, sell, lease, assign, transfer or otherwise dispose of (collectively, "Transfer") any of its Property, business or assets (including, without limitation, receivables and leasehold interests) whether now owned or hereafter acquired, other than Permitted Dispositions."  DIP Loan Agreement, § 7.13.  "Property," as defined in the DIP Loan Agreement, means "any right or interest in or to property of any kind whatsoever, whether

real, personal or mixed and whether tangible or intangible." DIP Loan Agreement, p.19. "Permitted Disposition" means "(i) any Disposition on terms and conditions reasonably satisfactory to the Administrative Agent (so long as such Disposition does not create a Default or Event of Default); or (ii) any Repo Disposition." Id. at 19.

6. WLR III respectfully submits that the foregoing procedures, which purport to authorize the Debtors to sell the collateral of the DIP Lenders without first seeking the consent of WLR III, are inconsistent with the terms of the DIP Loan Agreement. The DIP Loan Agreement requires that the Debtors' sale of Property must, except in certain instances not relevant here, be on "terms and conditions reasonably satisfactory to the Administrative Agent." If the Debtors sell the collateral of the DIP Lenders, and such sale is not reasonably satisfactory to the Administrative Agent (or a Repo Disposition), the Debtors will have breached the terms of the DIP Loan Agreement. Providing a notice to the DIP Lenders *three* days before the *closing* of the transaction and requiring the DIP Lenders to *file and serve* an objection cannot replace the requirement that the sale be reasonably satisfactory to the Administrative Agent. WLR III respectfully submits that such procedures are simply not what the parties bargained for and are not what the Final DIP Financing Order provides. Accordingly, WLR III respectfully objects to the Motion and the proposed procedures.

## RESERVATION OF RIGHTS

7. Whether or not the procedures are approved, WLR III, as administrative agent for the DIP Lenders, hereby reserves all of its rights under the DIP Loan Agreement and the Final DIP Financing Order. Section 8 of the DIP Loan Agreement provides that it is an Event of Default for a Borrower to fail to comply with certain covenants, including the requirements of Section 7.13. DIP Loan Agreement, § 8(e). Upon an Event of Default, the DIP Lenders are

entitled to exercise certain remedies in accordance with the DIP Loan Agreement.  <u>See</u>, <u>e.g.,</u> DIP Loan Agreement, §§ 4.07 and 9; Final DIP Financing Order ¶¶ 24 and 25.  Accordingly, WLR III hereby reserves its rights in all respects, including, without limitation, its right to declare an Event of Default and exercise all available remedies upon a breach of any of the terms of the DIP Loan Agreement.

Dated:    Wilmington, Delaware
          July 14, 2008

                                           GREENBERG TRAURIG, LLP

                                           <u>/s/ Sandra G. M. Selzer</u>
                                           Victoria W. Counihan (BAR #3488)
                                           Sandra G. M. Selzer (BAR # 4283)
                                           The Nemours Building
                                           1007 North Orange Street, Suite 1200
                                           Wilmington, DE 19801
                                           Telephone: (302) 661-7000
                                           Facsimile: (302) 661-7360
                                           counihanv@gtlaw.com
                                           selzers@gtlaw.com

                                           and

                                           JONES DAY
                                           Brett P. Barragate (*pro hac vice*)
                                           North Point
                                           901 Lakeside Avenue
                                           Cleveland, OH 44114-1190
                                           Telephone: (216) 586-3939
                                           Facsimile: (216) 579-0212

                                           Counsel for AH Mortgage Acquisition Co., Inc. and
                                           WLR Recovery Fund III, L.P.