IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ------------------------------------------------------------------ x<br>In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation, <u>et al.</u>,[1]<br><br>Debtors.<br>------------------------------------------------------------------ x | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br>**Related Document No.:  4979** |

**OBJECTION AND RESERVATION OF RIGHTS OF
WLR RECOVERY FUND III, L.P. TO THE MOTION TO APPROVE
SALE PURSUANT TO SECTIONS 105(A) AND 363 OF THE BANKRUPTCY
CODE, (I) AUTHORIZING THE PRIVATE SALE OF CERTAIN UNENCUMBERED
NON-PERFORMING LOANS AND REO PROPERTY TO BELTWAY CAPITAL, LLC,
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, (II) APPROVING THE
<u>TERMS OF THE SALE AGREEMENT, AND (III) GRANTING RELATED RELIEF</u>**

WLR Recovery Fund III, L.P., as administrative agent ("<u>WLR III</u>") on behalf of itself and certain lenders (collectively, the "<u>DIP Lenders</u>"), hereby submits this Objection and Reservation of Rights (the "<u>Objection</u>") to the *Motion to Approve Sale Pursuant to Sections 105(a) and 363 of the Bankruptcy Code, (i) Authorizing the Private Sale of Certain Unencumbered Non-Performing Loans and REO Property to Beltway Capital, LLC, Free and Clear of Liens, Claims, Encumbrances, (ii) Approving the Terms of the Sale Agreement, and (iii) Granting Related Relief* [DI 4979] filed by the above-captioned debtors and debtors in possession (the "<u>Debtors</u>"). In support of this Objection, WLR III respectfully states as follows:

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("<u>AHM Holdings</u>") (6303); American Home Mortgage Investment Corp. ("<u>AHM Investment</u>"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("<u>AHM Acceptance</u>"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("<u>AHM Servicing</u>"), a Maryland corporation (7267); American Home Mortgage Corp. ("<u>AHM Corp.</u>"), a New York corporation (1558); American Home Mortgage Ventures LLC ("<u>AHM Ventures</u>"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("<u>Homegate</u>"), a New York corporation (7491); and Great Oak Abstract Corp. ("<u>Great Oak</u>"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

NYI-4104765v2
*DEL 86,224,793v1 7-14-08*

**BACKGROUND**

1.      On September 4, 2007, the Court entered the *Final Order (A) Approving Debtor-in-Possession Financing, (B) Granting Liens and Allowing SuperPriority Administrative Claims, and (C) Granting Related Relief* [D.I. 555] (the "Final DIP Financing Order"), authorizing the Debtors to obtain postpetition financing by entering into that certain $50 million Debtor-in-Possession Loan and Security Agreement dated as of August 6, 2007 (as subsequently amended, the "DIP Loan Agreement") with the DIP Lenders, including WLR III as both lender and administrative agent.

2.      On July 3, 2008, the Debtors filed the Motion, seeking, among other things, entry of an order authorizing the private sale of Unencumbered Non-Performing Loans,[2] including loans subject to the liens of the DIP Lenders, to Beltway Capital, LLC or to another party submitting a higher or better offer free and clear of liens, claims, encumbrances, and other interests and approving the terms of a certain Loan Sale and Interim Servicing Agreement.

**OBJECTION**

3.      WLR III, as administrative agent on behalf of the DIP Lenders, hereby objects to the Motion and the relief sought therein.  The Debtors have neither sought nor obtained the consent of the DIP Lenders for the proposed sale of the loans that are secured by the liens of the DIP Lenders.  As a result, WLR III respectfully submits that the relief sought in the Motion is inconsistent with the Final DIP Financing Order and should not be granted.

4.      Pursuant to the Final DIP Financing Order, the DIP Loan Agreement was approved in all respects and constitutes a valid and binding obligation of the Debtors, enforceable in accordance with its terms.  Final DIP Financing Order, ¶ 3.  All provisions of the DIP Loan Agreement and the related documents are binding and enforceable against the Debtors

---

[2]     Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

in full even if not expressly referenced in the Final DIP Financing Order. Id. The DIP Loan Agreement provides that "[n]o Borrower will convey, sell, lease, assign, transfer or otherwise dispose of (collectively, "Transfer") any of its Property, business or assets (including, without limitation, receivables and leasehold interests) whether now owned or hereafter acquired, other than Permitted Dispositions." DIP Loan Agreement, § 7.13. "Property," as defined in the DIP Loan Agreement, means "any right or interest in or to property of any kind whatsoever, whether real, personal or mixed and whether tangible or intangible." DIP Loan Agreement, p.19. "Permitted Disposition" means "(i) any Disposition on terms and conditions reasonably satisfactory to the Administrative Agent (so long as such Disposition does not create a Default or Event of Default); or (ii) any Repo Disposition." Id. at 19.

5. WLR III respectfully submits that the relief sought in the Motion, which purports to authorize the Debtors to sell the collateral of the DIP Lenders without first seeking the consent of WLR III, is inconsistent with the terms of the DIP Loan Agreement. The DIP Loan Agreement requires that the Debtors' sale of Property must, except in certain instances not relevant here, be on "terms and conditions reasonably satisfactory to the Administrative Agent." If the Debtors sell the collateral of the DIP Lenders, and such sale is not reasonably satisfactory to the Administrative Agent (or a Repo Disposition), the Debtors will have breached the terms of the DIP Loan Agreement. Under the DIP Loan Agreement, the Debtors may not sell the collateral of the DIP Lenders without it being reasonably satisfactory to the Administrative Agent. WLR III respectfully submits that the sale is improper at this time. Accordingly, WLR III respectfully objects to the Motion and the relief sought therein.

**RESERVATION OF RIGHTS**

6.      Whether or not the sale to Beltway or another purchaser is approved, WLR III, as administrative agent for the DIP Lenders, hereby reserves all of its rights under the DIP Loan Agreement and the Final DIP Financing Order.  Section 8 of the DIP Loan Agreement provides that it is an Event of Default for a Borrower to fail to comply with certain covenants, including the requirements of Section 7.13.  DIP Loan Agreement, § 8(e).  Upon an Event of Default, the DIP Lenders are entitled to exercise certain remedies in accordance with the DIP Loan Agreement.  See, e.g., DIP Loan Agreement, §§ 4.07 and 9; Final DIP Financing Order ¶¶ 24 and 25.  Accordingly, WLR III hereby reserves its rights in all respects, including, without limitation, its right to declare an Event of Default and exercise all available remedies upon a breach of any of the terms of the DIP Loan Agreement.

Dated:  Wilmington, Delaware
           July 14, 2008

GREENBERG TRAURIG, LLP

/s/ Sandra G. M. Selzer
Victoria W. Counihan (BAR #3488)
Sandra G. M. Selzer (BAR # 4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
counihanv@gtlaw.com
selzers@gtlaw.com

and

JONES DAY
Brett P. Barragate (*pro hac vice*)
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Counsel for AH Mortgage Acquisition Co., Inc. and WLR Recovery Fund III, L.P.