## EXHIBIT A

**Sale Procedures Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) | |
| et al., | ) | Jointly Administered |
| | ) | |
| Debtors | ) | **Ref. Docket Nos. _____** |

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE:
(I) APPROVING SALE PROCEDURES; (II) APPROVING EXPENSE
REIMBURSEMENTS; (III) SCHEDULING A HEARING TO CONSIDER SALE OF
CERTAIN MORTGAGE LOANS; (IV) APPROVING FORM AND
MANNER OF NOTICE THEREOF; AND (V) GRANTING RELATED RELIEF**

Upon the consideration of the motion (the "Motion") of American Home Mortgage

Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and

debtors in possession in the above-captioned cases (collectively, "AHM" or the "Debtors"),[1]

pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101

et seq. (the "Bankruptcy Code"), for entry of an order: (i) approving procedures (the "Sale

Procedures")[2] with respect to the proposed sale or sales (the "Sale") of certain mortgage loans

(collectively, the "Mortgage Loans");[3] (ii) approving the payment of the Expense

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] All terms not otherwise defined herein shall be given the meanings ascribed to them in the Motion or the Sale Procedures, respectively.

[3] As described herein, the Mortgage Loans are all performing loans as of the date of this Motion; however, to the extent that such Mortgage Loans become non-performing loans (i.e., one of the mortgagors of a Mortgage Loan fails

(continued...)

Reimbursements; (iii) scheduling a hearing (the "Sale Hearing") on the Sale and setting

objection deadlines with respect to the Sale; (iv) approving the form and manner of notice of an

auction for the Mortgage Loans; and (v) granting such other related relief as the Court deems just

and proper; and the Court having determined that the relief provided herein is in the best interest

of the Debtors, their estates, their creditors and other parties in interest; and due and adequate

notice of the Motion and the Sale Procedures having been given under the circumstances; and

upon the record of the hearing on the Motion held on August 5, 2008, and the full record of these

cases; and after due deliberation thereon; and good and sufficient cause appearing therefor:

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157

and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these

cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief sought in the Motion are sections

105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C.    For the reasons set forth in the Motion, due and adequate notice of the

Motion and the Sale Procedures, and the subject matter thereof has been provided to all parties-

in-interest, and no other or further notice is necessary.  A reasonable opportunity to object or to

be heard with respect to the Motion and the relief requested therein has been afforded to all

interested parties.

D.    The Debtors have demonstrated good, sufficient, and sound business

purposes and justifications for the relief requested in the Motion.

---

to fulfill any of the terms, covenants, conditions or obligations required under the mortgage) or real estate owned
("REO") prior to the Sale Hearing, the Debtors reserve the right to include such loans and REO in the Sale.

E.    The Sale Procedures, substantially the form attached hereto as <u>Exhibit A</u>, are reasonable and appropriate and are designed to maximize the value to be achieved for the Mortgage Loans.

F.    The Debtors' proposed notice of bid deadlines and sale (the "<u>Notice of Proposed Bid Deadlines and Sale</u>"), substantially in the form attached hereto as <u>Exhibit B</u>, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Sale and the Sale Procedures to be employed in connection therewith.

G.    The entry of this Order is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is granted.

2.    Except as otherwise expressly provided in this Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits.

3.    The Sale Procedures are hereby approved and shall apply with respect to the Sale of the Mortgage Loans.

4.    Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are hereby authorized and empowered to (i) conduct the Sale for the Mortgage Loans in accordance with the Sale Procedures, and (ii) enter into Sale Agreements for the Mortgage Loans with the respective Successful Bidders and the Second Best Bidders, which Sale Agreements shall be subject to approval by separate order(s) of this Court.

5.    The Notice of Bid Deadlines and Sale to be issued and published in connection with the proposed Sales is approved.

066585.1001

6.    Not later than two business days after the entry of this Order, the Debtors will serve copies of the Notice of Bid Deadlines and Sale, the Sale Procedures, and this Order by first-class mail, postage prepaid to: (i) all entities known to have a *bona fide* interest in acquiring the Mortgage Loans; (ii) counsel to the DIP Lender; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) the Office of the United States Trustee for the District of Delaware; (v) known entities holding or asserting a security interest in or lien against any of the Mortgage Loans; (vi) taxing authorities whose rights may be affected by a sale of the Mortgage Loans; (vii) all government agencies required to receive notice of proceedings under the Bankruptcy Rules; and (viii) all parties that have requested notice pursuant to Bankruptcy Rule 2002 as of the date prior to the date of entry of this Order.

7.    Not later than five business days after entry of this Order, the Debtors will publish the Notice of Bid Deadlines and Sale, in the national edition of *The Wall Street Journal*. Additionally, the Debtors shall use commercially reasonable efforts to cause the Notice of Bid Deadlines and Sale to be posted on the Bloomberg newswire service.

8.    The deadline for submitting Bids shall be 5:00 PM (ET) on August 22, 2008.

9.    The Debtor is authorized to select a stalking horse bidder with respect to the purchase of the Mortgage Loans, subject to the following conditions (the "Stalking Horse Bidder"): (i) the Committee consents to the Stalking Horse Bidder; (ii) the Stalking Horse Bidder executes a Sale Agreement, and is fully bound thereby, on substantially similar terms to as those set forth in the form Sale Agreement; and (iii) the Debtors file and serve, on all parties served with this Motion, a notice with the Bankruptcy Court naming the Stalking Horse Bidder

4

and attaching an executed, binding Sale Agreement with the Stalking Horse Bidder, on or before August 12, 2008.

10.    The Debtors are hereby authorized to pay the Bidder Expense Reimbursement, in their sole discretion, in consultation with the Committee and in accordance with the terms of the Sale Procedures.  To the extent a Stalking Horse Bidder is named, as set forth above, such Stalking Horse Bidder shall be entitled to the Stalking Horse Expense Reimbursement.    The Expense Reimbursements shall be payable solely from the proceeds received from the Sale and from no other source

11.    In the event that the Debtors receive two or more Qualified Bids, the Debtors shall conduct an auction (the "Auction") on August 26, 2008 at 10:00 AM (ET) at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware.

12.    A hearing to consider the Sale of the Mortgage Loans shall be held before this Court on August 27, 2008, at 10:00 a.m. (ET), or as soon thereafter as counsel and interested parties may be heard.

13.    This Order shall be binding upon the Debtors, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest.

14.    Notwithstanding anything to the contrary in this Order or the Sale Agreement, to the extent any of the Mortgage Loans are determined to be an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the

5

Purchaser shall remain subject to the same claims and defenses that are related to such consumer

credit transaction or such consumer credit contract to the same extent as the Purchaser would be

subject to such claims and defenses of the consumer if such interest had been purchased at a sale

not under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the

Bankruptcy Code.

      15.    Pursuant to Bankruptcy Rules 7062, 9014, and 6004(h), this Order shall be

effective immediately upon entry.

      16.    This Court shall retain exclusive jurisdiction over any matters related to

arising from the implementation of this Order and the Sale Procedures.

Dated: _____, 2008
      Wilmington, Delaware


                                               _____
                                             Christopher S. Sontchi
                                           United States Bankruptcy Judge

                          

## EXHIBIT A TO SALE PROCEDURES ORDER

**Sale Procedures**
**(Attached to the Motion as Exhibit B)**

## EXHIBIT B TO SALE PROCEDURES ORDER

**Notice of Bid Deadlines and Sale**
**(Attached to the Motion as Exhibit D)**

## EXHIBIT B

**Sale Procedures**

## SALE PROCEDURES

These sale procedures (the "Sale Procedures") set forth the process by which the debtors and debtors in possession (the "Debtors")[1] will conduct the sale (the "Sales") of certain Mortgage Loans (as defined below). These procedures, which provide for the sale of the Mortgage Loans via an auction process, have been approved by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") pursuant to an order dated August 5, 2008 (the "Sale Procedures Order"). The Sale Procedures are binding upon all bidders and the bidders will have no right to alter these Sale Procedures.

1.     Loans to be Sold

The Debtors are owners of certain mortgage loans, which are all first lien loans with respect to which, to date, the mortgagors are fulfilling the terms, convenants, conditions and obligations required under the mortgage (the "Mortgage Loans").[2] As of June 30, 2008, the Debtors own 243 Mortgage Loans with an aggregate unpaid principal balance of approximately $36,641,482.

The Debtors provide these Sale Procedures, whereby prospective bidders may compete to submit the highest bid for the purchase of these Mortgage Loans on an "as is, where is" basis. The Mortgage Loans are all performing loans as of July 14, 2008; however, to the extent that such Mortgage Loans become non-performing loans (i.e., one of the mortgagors of a Mortgage Loan fails to fulfill any of the terms covenants, conditions or obligations required under the mortgage) or real estate owned ("REO") prior to the Sale Hearing, the Debtors reserve the right to include such loans and REO in the Sale. The number of Mortgage Loans that the Debtors propose to sell may decrease as a result of mortgagors satisfying their loan obligations or increase to the extent the Debtors determine to supplement the current pool of Mortgage Loans.

2.     Access to Information

Information relevant to the Mortgage Loans shall be made available to potential bidders on the Debtors' Intralinks website within twenty-four (24) hours following the execution by potential bidders of a valid nondisclosure agreement, including certain books and records, material contracts, and other financial information for due diligence investigation. To obtain a copy of a non-disclosure agreement, contact the Debtors' advisers, Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, D.C. 20006 (Attn.: Daryl Conway) Telephone (202) 741-3365. Specific instructions for accessing the information will be provided after execution of such agreements. Interested bidders requesting information about the qualification process, and information in connection with their due diligence, should contact American Home

---

[1] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

[2] As described herein, the Mortgage Loans are all performing loans as of the date of this Motion; however, to the extent that such Mortgage Loans become non-performing loans (i.e., one of the mortgagors of a Mortgage Loan fails to fulfill any of the terms, covenants, conditions or obligations required under the mortgage) or real estate owned ("REO") prior to the Sale Hearing, the Debtors reserve the right to include such loans and REO in the Sale.

Mortgage Investment Corp., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Damian Vuolo) Telephone: (631) 622-3273.

**The diligence period will take place from <u>August 5, 2008</u> to <u>August 22, 2008</u>.** The Debtors will coordinate all reasonable requests for additional information and due diligence access from potential bidders.

3.    Bid Deadlines

The Debtors will be accepting formal, binding, unconditional, irrevocable bids (each, a "<u>Bid</u>"). All Bids must be submitted in writing so that they are **actually** received no later than 5:00 p.m. (ET) on **<u>August 22, 2008</u>** (the "<u>Bid Deadline</u>"). Each bidder must deliver its Bid to: (i) the Debtors, American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Marissa Morelle); (ii) advisors to the Debtors, Kroll Zolfo Cooper, 538 Broadhollow Rd, 4th Floor, Melville, NY 11747 (Attn.: Bret Fernandes); (iii) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: Craig Grear and Sean Beach); and (iv) counsel to the Official Committee of Unsecured Creditors, Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 (Attn.: Mark S. Indelicato and Mark Power).

***Bids also may be submitted by email to <u>marissa.morelle@americanhm.com</u>, <u>dconway@milestonecap.com</u>, <u>bfernandes@kroll.com</u>, <u>cgrear@ycst.com</u>, <u>sbeach@ycst.com</u>, <u>MPower@hahnhessen.com</u>, and <u>mindelicato@hahnhessen.com</u> on or prior to the Bid Deadline.***

4.    Bid Requirements

Bids must contain: (a) executed versions of the Sale Agreement; (b) a letter setting forth the identity of the bidder (including an authorized representative thereof), such bidder's counsel, and contact information for such bidder, its authorized representative and its counsel; (c) written evidence of the bidder's financial ability to pay cash to consummate the Sales (in a form satisfactory to the Debtors, in consultation with the Committee); (d) written acknowledgement that such Bid is unconditional and not contingent upon any event, including, without limitation, any due diligence investigation, the receipt of financing or any further bidding approval; (e) written confirmation that such Bid shall remain open and irrevocable until the closing of a Sale to the Successful Bidder or Second Best Bidder; (f) written evidence that the bidder has the requisite corporate or similar authority to consummate the Sale; and (g) such other information as the Debtors, in consultation with the Committee, may request. Bids that contain the foregoing shall be "<u>Qualified Bids</u>." Persons that comply with the foregoing shall be "<u>Qualified Bidders</u>."

Each Qualified Bidder shall comply with all reasonable requests for additional information by the Debtors and their advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the Sale. Failure by a Qualified Bidder to comply with requests for additional information may be a basis for the Debtors, in consultation the Committee, to determine that a Bid made by such Qualified Bidder is not a Qualified Bid.

5.    <u>Bidder Expense Reimbursement</u>

Pursuant to the Sale Procedures Order, the Debtors are authorized to pay potential bidders (excluding any stalking horse bidder) up to $200,000 in the aggregate (the "<u>Bidder Expense Reimbursement</u>"). The Bidder Expense Reimbursement shall be paid to one or more potential bidders in such amounts, not to exceed $200,000 in the aggregate, that the Debtors determine in their discretion and with the consent of the Committee, should be awarded. Notwithstanding the foregoing, if a potential bidder is notified that they shall be entitled to a portion of the Bidder Expense Reimbursement, such Bidder Expense Reimbursement shall only be payable to the extent such bidder submits a Qualified Bid.

The Bidder Expense Reimbursement shall be payable solely from the proceeds received from the Sale and from no other source. To the extent a Sale is not consummated because the Debtors withdraw the Motion, or otherwise, the Debtors and their estates shall not be required to pay such Bidder Expense Reimbursement even if such Mortgage Loans are sold in the future; provided, however, that the Debtors shall still be authorized to pay the Bidder Expense Reimbursement with the consent of the Committee. In addition, the Debtors shall not be required to pay any Expense Reimbursement to a bidder that is determined to be the Successful Bidder.

6.    <u>Stalking Horse Bidder</u>

The Debtors reserve the right to name a stalking horse bidder with respect to the purchase of the Mortgage Loans, subject to the following conditions (the "<u>Stalking Horse Bidder</u>"): (i) the Committee consents to the Stalking Horse Bidder; (ii) the Stalking Horse Bidder executes a Sale Agreement, and is fully bound thereby, on substantially similar terms to those set forth in the form Sale Agreement; and (iii) the Debtors file and serve, on all parties served with this Motion, a notice with the Bankruptcy Court naming the Stalking Horse Bidder and attaching an executed, binding Sale Agreement with the Stalking Horse Bidder, on or before August 12, 2008.

Pursuant to the Sales Procedures Order, the Debtors are authorized to pay the Stalking Horse Bidder the reasonable costs and expenses in connection with the due diligence process of the Stalking Horse Bidder in an amount not to exceed $150,000 (the "<u>Stalking Horse Expense Reimbursement</u>"). The Stalking Horse Expense Reimbursement shall be payable solely from the proceeds received from the Sale and from no other source. To the extent a Sale is not consummated because the Debtors withdraw the Motion, or otherwise, the Debtors and their estates shall not be required to pay the Stalking Horse Expense Reimbursement even if such Mortgage Loans are sold in the future; provided, however, that the Debtors shall still be authorized to pay the Stalking Horse Expense Reimbursement with the consent of the Committee. In addition, the Debtors shall not be required to pay the Stalking Horse Expense Reimbursement if the Stalking Horse Bidder is determined to be the Successful Bidder.

Notwithstanding the foregoing, the Debtors reserve the right to file a separate motion to approve a Stalking Horse Bidder.

3

7.    <u>Selection of the Successful Bidder if Only One Qualified Bid Submitted</u>

If only one timely, Qualified Bid is submitted by the Bid Deadline for the Mortgage Loans, the Debtors shall not hold an Auction and, if such Qualified Bid is acceptable to the Debtors, in consultation with the Committee, instead shall seek an order of the Bankruptcy Court approving the Qualified Bid on August 27, 2008.

The Debtors reserve the right not proceed with a Sale of the Mortgage Loans at any time, if the Debtors determine, in consultation with the Committee, that the Qualified Bids received for the Mortgage Loans are not sufficiently high in relation to the aggregate principal balance of such loans.

8.    <u>Auction Required if Two or More Qualified Bids Are Submitted</u>

If two or more timely Qualified Bids are received by the Bid Deadline, the Debtors will conduct an auction (the "<u>Auction</u>").  The Auction will take place at the offices of Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801 on **<u>August 26, 2008 at 10:00 a.m. (ET)</u>** or such later time and place as the Debtors may provide and that is reasonably acceptable to the Committee, so long as such change is communicated reasonably in advance by the Debtors to all Qualified Bidders.

Qualified Bidders may appear at the Auction in person or telephonically.  Telephones and "breakout" rooms will be available to the authorized representatives for use to contact other bidder personnel that are not physically present at the Auction.  Any Qualified Bidder that desires to participate at the Auction telephonically shall make such request in writing to the parties identified in Item 3 above.  The Debtors, in consultation with the Committee, shall advise such Qualified Bidders in writing whether they will be permitted to appear telephonically at the Auction.

9.    <u>Auction Procedures</u>

Only the parties who have submitted a Qualified Bid will be eligible to participate at the Auction.  Only the authorized representatives of each of the Qualified Bidders, the Debtors, and the Committee, (collectively, the "<u>Auction Participants</u>") shall be permitted to attend the Auction.

Prior to the commencement of the Auction, in the event that there is no Stalking Horse Bid, the Debtors will announce the highest Qualified Bid submitted and the Qualified Bidder that submitted such highest Qualified Bid.  The Debtors will not announce the Qualified Bids submitted by any other Qualified Bidder.  The bidding at the Auction for the Mortgage Loans shall start at the purchase price stated in the Stalking Horse Bid or highest Qualified Bid, as applicable.  At the Auction, the Qualified Bidders will bid in amounts greater than the then highest Qualified Bid by at least the minimum overbid and the minimum overbid increments for each successive overbid thereafter, as determined by the Debtors, in consultation with the

4

Committee. The Auction shall continue until there is only one Qualified Bid for the Mortgage Loans that is the highest Qualified Bid.

Upon the failure of the Debtors to receive an overbid the Mortgage Loans, or such other time as the Debtors may determine prior to the conclusion of the Auction, the Debtors, in consultation with the Committee, may determine, at which time the highest Qualified Bid (the "Successful Bid") and the bidder making such Qualified Bid (the "Successful Bidder") and the next highest Qualified Bid (the "Second Best Bid") and the bidder making such Qualified Bid (the "Second Best Bidder") and the price shall be identified.

The Debtors intend to close the Auction on or before 5:00 p.m. on August 26, 2008, but reserve the right to continue the Auction beyond such time if bidding on the Mortgage Loans continues.

The Debtors reserve the right to cancel the Auction or not proceed with a Sale at any time, including during the Auction, if the Debtors determine, in consultation with the Committee, that the Qualified Bids received for the Mortgage Loans are not sufficiently high in relation to the aggregate principal balance of such loans.

These procedures, as summarized above, are subject to amendment by Debtors, in consultation with the Committee, at any time, including during the Auction, upon notice to the Qualified Bidders. The procedures established are binding upon all bidders and the bidders will have no right to alter these procedures.

10.    Closing of the Sales

The Debtors shall seek an order of the Bankruptcy Court approving the Successful Bid and the Second Best Bid for the Mortgage Loans at a hearing to be held at 10:00 a.m. (ET) on **August 27, 2008** (the "Sale Hearing"). The closing of the Sale with the Successful Bidder for that pool shall occur on or before 10:00 a.m. (ET) on August 28, 2008. In the event that the Successful Bidder does not close before 2:00 p.m. (ET) on August 28, 2008, the Debtors shall be authorized to close with the Second Best Bidder, and the Second Best Bidder will be required to close, at 10:00 a.m. (ET) on August 29, 2008.

The Debtors will present the Successful Bidder and the Successful Bid for the Mortgage Loans to the Bankruptcy Court at the Sale Hearing, at which certain findings will be sought from the Bankruptcy Court regarding the sale process, including, among other things, that (i) the process leading to the selection of the Successful Bid was conducted and the Successful Bidder was selected in accordance with these Sale Procedures, (ii) the sale process was fair in substance and procedure, and (iii) consummation of the Sale contemplated by the Successful Bid will provide the highest or otherwise best value for the Mortgage Loans and is in the best interests of the Debtors and their estates.

The Debtors shall have accepted a Qualified Bid only when (i) the Qualified Bid is declared the Successful Bid at the Sale Hearing, (ii) the Bankruptcy Court has approved the Successful Bid and an order approving such Successful Bid has been docketed, (iii) definitive documentation has been executed in respect thereof, and (iv) the Sale closes.

11. <u>Reservation of Rights</u>

The Debtors reserve the right, in consultation with the Committee, upon notice to all parties that have demonstrated an interest in bidding for the Mortgage Loans, to: (i) enter into a stalking horse agreement and seek Court approval of same; (ii) waive terms and conditions set forth herein with respect to any or all potential bidders, (iii) impose additional terms and conditions with respect to any or all potential bidders, (iv) extend the deadlines set forth herein, (v) cancel the sale of the Mortgage Loans and/or Sale Hearing in open court without further notice; (vi) remove some or all of the Mortgage Loans from the Mortgage Loans to be sold, including, without limitation, where such loans are satisfied partially or in full prior to the closing of any Sale; and (vii) amend the Sale Procedures as they may determine to be in the best interests of their estates or to withdraw the Motion at any time with or without prejudice.

DB02:6975484.2                                                          066585.1001

## <u>EXHIBIT C</u>

## Sale Order

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) | |
| et al., | ) | Jointly Administered |
| | ) | |
| Debtors | ) | **Ref. Docket No. _____** |

## ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE: (I) AUTHORIZING THE SALE OF MORTGAGE LOANS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING SALE AGREEMENT THERETO; AND (III) GRANTING RELATED RELIEF

Upon the consideration of the motion (the "Motion")[1] of American Home Mortgage

Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and

debtors in possession in the above-captioned cases (collectively, "AHM" or the "Debtors"),[2]

pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101

et seq. (the "Bankruptcy Code"), for entry of an order:  (i) authorizing the sale (the "Sale") of

certain mortgage loans (collectively, the "Mortgage Loans") free and clear of liens, claims,

encumbrances, and interests, pursuant to the Sale Agreement, (ii) authorizing and approving the

Sale Agreement related thereto, and (iii) granting such other related relief as the Court deems just

and proper; and the Court having determined that the relief provided herein is in the best interest

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Sale Procedures, respectively.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

of the Debtors, their estates, their creditors and other parties in interest; and due and adequate

notice of the Motion having been given under the circumstances; and the Court having entered

an order on August 5, 2008 [Docket No. _____], approving the Sale Procedures and the form of

Notice of Auction annexed thereto, and scheduling the Auction and a hearing (the "Sale

Hearing") to approve the Sale of the Mortgage Loans; and upon the record of the hearing on the

Motion held on August 27, 2008, and the full record of these cases; and after due deliberation

thereon; and good and sufficient cause appearing therefor:

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.     The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157

and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these

cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.     The statutory predicates for the relief sought in the Motion are sections

105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C.     For the reasons set forth in the Motion, due and adequate notice of the

Motion, and the subject matter thereof has been provided to all parties-in-interest herein, and no

other or further notice is necessary.  A reasonable opportunity to object or to be heard with

respect to the Motion and the relief requested therein has been afforded to all interested persons

and entities.

D.     Granting the relief requested in the Motion is in the best interests of the

Debtors, their estates, their creditors, and other parties in interest.  The Debtors have

demonstrated good, sufficient, and sound business purposes and justifications for the relief

requested herein.

E.     The Sale Agreement between the Debtors and the Successful Bidder

annexed hereto as Exhibit A (the "Successful Bidder Sale Agreement") and the Sale Agreement

2

between the Debtors and the Second Best Bidder (together with the Successful Bidder, the "Purchaser") annexed hereto as <u>Exhibit B</u> (the "Second Best Bidder Sale Agreement") (together with the Successful Bidder Sale Agreement, the "Sale Agreement") has been entered into by the parties in good faith, from arms-length bargaining positions and without collusion. The Purchaser purchasing the Mortgage Loans is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the Sale Agreement, or the Sale of the Mortgage Loans, to be avoided under 11 U.S.C. § 363(n).

F.    Under the circumstances, and due and adequate notice having been provided, it is in the best interests of the Debtors, their creditors, and all other parties-in-interest herein that the Mortgage Loans set forth in the Sale Agreement be sold to the Purchaser under section 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(c)(1) and 6004(f)(1).

G.    The consideration provided by the Purchaser for the Mortgage Loans (i) is fair and reasonable, (ii) is the highest for the Mortgage Loans, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession.

H.    The Debtors are authorized to sell the Mortgage Loans free and clear of all interests of any kind or nature whatsoever, with such interests transferring and attaching to the proceeds of the Sale with the same validity and priority as such interests had in the Mortgage Loans immediately prior to the Sale, because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) have been satisfied. Those holders of interests who did not object to the Motion or the relief requested therein, or who interposed and then withdrew their objections, are deemed

to have consented to the sale pursuant to 11 U.S.C. § 363(f)(2). Those holders of interests who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any, attach to the proceeds of the Sale of the Mortgage Loans.

      I.      The Debtors are not selling personally identifiable information to the Purchaser. Additionally, (i) the privacy policy given by the Debtors to homeowners does not prohibit the sale contemplated under the Sale Agreement and (ii) the sale is consistent with the privacy policy given by the Debtors to homeowners.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is granted.

2.      Except as otherwise expressly provided in this Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits.

3.      The Sale Agreement is hereby approved and shall apply with respect to the Mortgage Loans.

4.      Pursuant to this Order and sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors and the Purchaser, as well as their respective officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Sale Agreement and to sell, transfer, and convey the Mortgage Loans. The Debtors shall transfer the Mortgage Loans set forth in the Sale Agreement to the Purchaser upon and as of the closing date and such transfer shall constitute a legal, valid, binding and effective transfer of such Mortgage Loans.

DB02:6975481.2      066585.1001

5.     Upon consummation of the Sale, the Mortgage Loans shall be transferred to the Purchaser free and clear of all liens, claims, encumbrances, or other interests pursuant to Bankruptcy Code sections 105 and 363.

6.     This Order and the Sale Agreement shall be binding upon the Debtors, the Purchaser, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest.

7.     The Purchaser shall be deemed to be good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof.

8.     Notwithstanding anything to the contrary in this Order or the Sale Agreement, to the extent any of the Mortgage Loans consist of an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the Purchaser shall remain subject to the same claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as the Purchaser would be subject to such claims and defenses of the consumer if such interest had been purchased at a sale not under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the Bankruptcy Code.

9.     The failure specifically to include any particular provisions of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

10.     To the extent that there are any inconsistencies between the Sale Agreement and this Order, the terms of this Order shall govern.

5

11.    Pursuant to Bankruptcy Rules 7062, 9014 and 6004(h), this Order shall be effective immediately upon entry.

12.    This Court shall retain exclusive jurisdiction over any matters related to arising from the implementation of this Order and the Sale Agreement.


Dated: _____, 2008
        Wilmington, Delaware


                                        _____
                                        Christopher S. Sontchi
                                        United States Bankruptcy Judge

6

## EXHIBIT A TO SALE ORDER

**Successful Bidder Sale Agreement (to be filed)**

## EXHIBIT B TO SALE ORDER

**Second Best Bidder Sale Agreement (to be filed)**

# EXHIBIT D

## Mortgage Loan Auction and Sale Notice

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE | ) Case Nos. 07-11047 (CSS) |
| HOLDINGS, INC., et al., | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Bid Deadline: August 22, 2008 at 5:00 p.m. (ET)** |
| | ) **Auction Date: August 25, 2008 at 10:00 a.m. (ET)** |
| | ) **Hearing Date: August 27, 2008 at 10:00 a.m. (ET)** |
| | ) **Objection Deadline: August 20, 2008 at 4:00 p.m. (ET)** |

### NOTICE OF AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE** that on July 14, 2008 the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] filed the Motion of the Debtors for Orders: (a)(i) Approving Sale Procedures; (ii) Approving Payment of the Expense Reimbursements; (iii) Scheduling a Hearing to Consider Sale of Certain Mortgage Loans; (iv) Approving Form and Manner of Notice Thereof; and (v) Granting Related Relief; and (b)(i) Authorizing the Sale of Mortgage Loans Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing and Approving Sale Agreement Thereto; and (iii) Granting Related Relief (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on August 5, 2008, the Bankruptcy Court entered an order (the "Order") granting the Motion and (i) approving the sale procedures (the "Sale Procedures") with respect to the proposed sale (the "Sale") of mortgage loans (the "Mortgage Loans") pursuant to an auction (the "Auction"), (ii) approving payment of the Expense Reimbursements; (iii) approving the form of this Notice of Auction and Sale Hearing, (iv) scheduling a hearing (the "Sale Hearing") for the Sales and setting objection and bidding deadlines with respect to the Sales; and (v) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that the Debtors are authorized to select a stalking horse bidder (the "Stalking Horse Bidder") with respect to the purchase of the Mortgage Loans, subject to the following conditions: (i) the Official Committee of Unsecured Creditors (the "Committee") consents to the Stalking Horse Bidder; (ii) the Stalking Horse Bidder executes a Sale Agreement, and is fully bound thereby, on substantially similar terms to as those set forth in the form Sale Agreement; and (iii) the Debtors file and serve, on all parties served with this Motion, a notice with the Bankruptcy Court naming the Stalking Horse Bidder and attaching an executed, binding Sale Agreement with the Stalking Horse Bidder, on or before August 12, 2008. The Debtors are authorized to reimburse the Stalking Horse Bidder, up to $150,000, for costs and expenses in connection with the due diligence process.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms and conditions of the Order and as set forth more fully in the Sale Procedures, the Debtors are authorized to pay potential bidders, in their sole discretion with the consent of the Committee, reasonable costs and expenses in connection with the due diligence process.

---

[1] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

DB02:6975477.2                                                                                            066585.1001

**PLEASE TAKE FURTHER NOTICE** that all Qualified Bids (as defined in the Sale Procedures) must be submitted in writing so that they are **actually** received no later than 5:00 PM (ET) on **August 22, 2008** (the "Bid Deadline").

**PLEASE TAKE FURTHER NOTICE** that, in the event that two or more Qualified Bids are submitted by the Bid Deadline, the Auction shall take place on **August 26, 2008, at 10:00 a.m. (prevailing Eastern Time)** at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19899.  Only parties who have submitted a Qualified Bid will be eligible to participate at the Action.

**PLEASE TAKE FURTHER NOTICE** that the Court scheduled the Sale Hearing before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, 824 North Market Street, 5th Floor, Wilmington, Delaware 19801 on **August 27, 2008 at 10:00 a.m. (prevailing Eastern Time)**, or at such other time thereafter as counsel may be heard.  The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Sale, or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before **4:00 p.m. (prevailing Eastern Time) on August 20, 2008,** and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) the Debtors, American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Marissa Morelle); (ii) advisors to the Debtors, Kroll Zolfo Cooper, 538 Broadhollow Rd, 4th Floor, Melville, NY 11747 (Attn.: Bret Fernandes); (iii) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.:  Craig Grear and Sean Beach); (iv) counsel to the Official Committee of Unsecured Creditors, Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 (Attn.:  Mark S. Indelicato and Mark Power) and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801 (Attn.:  Bonnie Glantz Fatell); (v) counsel to the DIP Lender, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn.: Erica M. Ryland) and Greenberg Traurig LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan); and (vi) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon).

**PLEASE TAKE FURTHER NOTICE** that this Notice of Auction is subject to all of the terms and conditions of the Motion, the Order and the Sale Procedures and the Debtors encourage parties in interest to review such documents in their entirety.  Copies of the Motion, the Sale Agreement (as defined in the Sale Procedures), the Sale Procedures and the Order may be obtained by written request to counsel to the Debtors, c/o Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391, Attention: Debbie Laskin.  In addition, copies of the aforementioned pleadings may be found on the website of the Debtors' notice and claims agent, Epiq Systems - Bankruptcy Solutions LLC, at http://www.epiqbankruptcysolutions.com, the Bankruptcy Court's website, www.deb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801.

Dated:  Wilmington, Delaware
      July ___, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600

Counsel for Debtors and Debtors in Possession