UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x  Chapter 11
In re:                                                    :
                                                          : Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                    :
HOLDINGS, INC., a Delaware corporation, et al.,           : Jointly Administered
                                                          :
    Debtors.                                              : **Ref. Docket No. 4922**
---------------------------------------------------------- x

## ORDER PURSUANT TO BANKRUPTCY CODE SECTION 363 AND BANKRUPTCY RULE 9019(b) ORDER AUTHORIZING THE DEBTORS TO COMPROMISE OR SELL CERTAIN MORTGAGE LOANS IN THE ORDINARY COURSE OF BUSINESS WITHOUT FURTHER HEARING OR NOTICE

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc., a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtor and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[2] for an order, pursuant to sections 363(b)(1) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b) authorizing the Debtors to compromise certain Mortgage Loans without further hearing or notice, all as set forth more fully in the Motion; and the Court being satisfied that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors, and that the compromise or sale of such Mortgage Loans is a proper exercise of the Debtors' business judgment; and due and proper notice of the Motion having

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

been given; and no other or further notice of the Motion being necessary under the circumstances; and the Debtors having represented that they are not selling personally identifiable information, and that (i) the privacy policy given by the Debtors to homeowners does not prohibit the sales or compromises under the terms of this Order, and (ii) the sales and compromises are consistent with the privacy policy given by the Debtors to homeowners; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is GRANTED to the extent set forth herein; and it is further

ORDERED that, pursuant to sections 363(b)(1) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b), the Debtors are authorized, without further hearing or notice, to compromise or settle any and all claims (as defined in section 101(5) of the Bankruptcy Code) of, or against, the Debtors arising under or relating to the first lien and second lien performing and nonperforming loans owned by the Debtors, but subject to the liens of AH Mortgage Acquisition Co., Inc., in its capacity as Lender and Administrative Agent, and the other lenders (the "DIP Lender") under that certain Debtor-in-Possession Loan and Security Agreement (the "DIP Agreement") dated as of November 16, 2007 (collectively, the "Unencumbered Loans") pursuant to the Mortgage Loan Compromise Procedures; and it is further

ORDERED that the Debtors are authorized to implement and act upon the following procedures for the compromise of the Unencumbered Loans:

(i) Advise (i) counsel for the Committee and (ii) counsel for the DIP Lender with respect to the Unencumbered Loans (collectively, the "Compromise Notice Parties") of the terms of the proposed compromise. The Compromise Notice Parties shall have five (5) business days (unless extended by the Debtors) to object to the proposed compromise (the "Compromise Objection Deadline").

  (ii)  The Compromise Notice Parties can raise any objection to a proposed compromise informally without the need to file a pleading with the Bankruptcy Court.

  (iii)  In the absence of an objection on or before the Compromise Objection Deadline, the Debtors shall be authorized to proceed with and consummate the proposed compromise without further notice or a hearing and such compromise shall be deemed fully authorized by the Court.

  (iv)  If an objection is raised, the Debtors shall not proceed with the proposed compromise absent reaching a resolution of the objection with the objecting party, but reserve the right to file a motion on notice to the Compromise Notice Parties and those parties that have requested notice pursuant to Bankruptcy Rule 2002 to approve such proposed compromise under Bankruptcy Rule 9019;

and it is further

ORDERED that, pursuant to sections 363(b)(1), 363(c) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 2002, the Debtors are authorized, without further hearing or notice, to sell an Unencumbered Loan or a pool of Unencumbered Loans of less than $3.0 million in UPB, pursuant to the Mortgage Loan Sale Procedures; and it is further

ORDERED that the Debtors are authorized to implement and act upon the following procedures for the sale of the Unencumbered Loans:

  (i)  The Debtors shall give written notice (a "<u>Sale Notice</u>") of a proposed sale to: (i) the U.S. Trustee; (ii) counsel to the Committee; and (iii) counsel to the DIP Lender (collectively, the "<u>Sale Notice Parties</u>") five (5) business days prior to closing such sale (unless extended by the Debtors) (the "<u>Notice Period</u>").

  (ii)  The Sale Notice shall consist of (a) a disclosure that the Sale Notice is being provided in accordance with the order approving this Motion, (b) an identification of the Unencumbered Loans being sold, (c) the potential purchaser, (d) a general description of the relationship between the potential purchaser and the Debtors, (e) the estimated purchase price, and (f) any other material transaction terms that affect or may affect the purchase price; *provided, however,* that the Sale Notice shall be deemed fully confidential and shall not be shared with any party other than the

       Sale Notice Parties absent written consent from the Debtors or further order of this Court.

(iii) Objections to a proposed sale as set forth in a Sale Notice shall be filed with the Court and served on counsel for the Debtors and the Sale Notice Parties on or before the expiration of the Notice Period.

(iv) If no written objections are filed and served in accordance with the Mortgage Loan Sale Procedures, the Debtors are authorized by the Court to take any and all actions, and to execute any and all resolutions and other documents necessary to effectuate such sale, without any further need to seek the Court's review or approval of such sale.

(v) If a written objection is filed and served in accordance with the Mortgage Loan Sale Procedures that cannot be resolved, a hearing on the matter will be scheduled with the Court so as to seek the Court's determination of whether to approve the proposed sale;

and it is further

ORDERED, that pursuant to this Order, the Mortgage Loan Compromise Procedures and Mortgage Loan Sale Procedures and sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to take any necessary action to effectuate the compromise or sale of the Unencumbered Loans pursuant to the Mortgage Loan Compromise Procedures or Mortgage Loan Sale Procedures, as applicable; and it is further

ORDERED that upon completion of the compromise and sale of all the Unencumbered Loans or determination by the Debtors that no other Unencumbered Loans will be compromised or sold pursuant to the authority granted in this Order, the Debtors shall file a report (the "Report"). The Report shall identify (i) each Unencumbered Loan by loan number that has been compromised or sold, (ii) the amount of the UPB as of the date of compromise or sale of each compromised or sold Unencumbered Loan, (iii) the amount received by the estates for each compromised or sold Unencumbered Loan, (iv) the identity of the purchaser for each sold or compromised Unencumbered Loan. The rights of the Debtors and any other party in

interest to seek to file the Report under seal are fully reserved, as are the rights of any party in interest (including the United States Trustee) to object to such request; and it is further

ORDERED that, notwithstanding anything to the contrary in this Order, to the extent any of the Unencumbered Loans are ~~determined to be an~~ interests in consumer credit transaction subject to the Truth in Lending Act or ~~an~~ interests in consumer credit contracts (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the Purchaser shall remain subject to the same claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as the Purchaser would be subject to such claims and defenses of the consumer if such interest had been purchased at a sale not under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the Bankruptcy Code.

ORDERED that the Court shall retain jurisdiction over any and all matters arising from or relating to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware

_July 17_____, 2008

_____
Christopher S. Sontchi
United States Bankruptcy Judge