UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                    :    Chapter 11
                                                          :
AMERICAN HOME MORTGAGE                                    :    Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                           :
a Delaware corporation, et al.,                           :    Jointly Administered
                                                          :
        Debtors.                                          :    Ref. Docket No: 4979
                                                          :
---------------------------------------------------------- x

**ORDER, PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE PRIVATE SALE OF THE UNENCUMBERED NON-PERFORMING LOANS AND REO PROPERTY TO BELTWAY CAPITAL, LLC FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (II) APPROVING THE TERMS OF THE SALE AGREEMENT, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, "AHM" or the "Debtors"), pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (i) authorizing the private sale of certain unencumbered non-performing loans and REO Property (the "Unencumbered Non-Performing Loans") to Beltway Capital, LLC ("Beltway") or to another party submitting a higher or better Competing Bid free and clear of liens, claims, encumbrances, and other interests, (ii) approving the terms of the Loan Sale and Interim Servicing Agreement (the "Sale Agreement"), attached hereto as Exhibit A, and (iii) granting related relief; and the Court having reviewed the Sale Agreement, attached as Exhibit A to the Motion; and the Court having determined that the relief requested in the Motion is in the best

---

[1] All capitalized terms included but not defined herein shall have the meaning ascribed to such terms in the Motion and Sale Agreement.

interests of the Debtors, their estates, creditors and other parties-in-interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the remainder of the record herein; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C. For the reasons set forth in the Motion, due and adequate notice of the Motion, the Sale Agreement, the hearing, and the subject matter thereof has been provided to all parties-in-interest herein, and no other or further notice is necessary. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

D. Granting the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion.

E. The Sale Agreement was negotiated and proposed, and has been entered into by the parties, in good faith, from arms-length bargaining positions, and without collusion. Beltway is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor Beltway have engaged in any

2

conduct that would cause or permit the Sale Agreement, or the sale of the Unencumbered Non-Performing Loans to Beltway pursuant thereto and hereto, to be avoided under section 363(n) of the Bankruptcy Code.

F. Under the circumstances, and due and adequate notice having been provided, it is the best interests of the Debtors, their creditors, and all other parties-in-interest herein that the Unencumbered Non-Performing Loans be sold to Beltway in a private sale under section 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(c)(1) and 6004(f)(1).

G. The consideration provided by Beltway for the Unencumbered Non-Performing Loans pursuant to the Sale Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Unencumbered Non-Performing Loans, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession.

H. The Debtors are authorized to sell the Unencumbered Non-Performing Loans free and clear of all interests of any kind or nature whatsoever, except as set forth in the Motion, because one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. Those holders of interests who did not object to the Motion or the relief requested therein, or who imposed and then withdrew their objections, are deemed to have consented to the sale pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of interests who did object fall within one or more of the other subsections 363(f) of the Bankruptcy Code and are adequately protected by having their interests, if any, attach to the proceeds of the sale of the Unencumbered Non-Performing Loans.

I.  The Debtors are not selling personally identifiable information to the Purchaser. Additionally, (i) the privacy policy given by the Debtors to homeowners does not prohibit the sale contemplated under the Sale Agreement and (ii) the sale is consistent with the privacy policy given by the Debtors to homeowners.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted.

2. All objections to the Motion or relief provided herein that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits.

3. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are hereby authorized (i) to conduct a private sale of the Unencumbered Non-Performing Loans, including the REO Property; (ii) to enter into the Sale Agreement; and (iii) to sell, transfer, and convey the Unencumbered Non-Performing Loans, including the REO Property to Beltway.

4. The Sale Agreement is approved and shall apply with respect to the Unencumbered Non-Performing Loans and REO Property set forth therein.

5. This Order and the Sale Agreement shall be binding upon the Debtors, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest herein.

6. Upon the date of closing the sale of the Unencumbered Non-Performing Loans (the "Closing Date"), the Unencumbered Non-Performing Loans, including REO Property shall be transferred to Beltway free and clear of all liens, claims, encumbrances or other interests pursuant to sections 105 and 363 of the Bankruptcy Code. Such transfer shall

constitute a legal, valid, binding and effective transfer of such Unencumbered Non-Performing Loans.

7. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors and Beltway, as well as their officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Sale Agreement. Any actions taken by the Debtors and Beltway necessary or desirable to consummate such transactions prior to the entry of this Order are hereby ratified.

8. The Sale Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court; provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

9. Notwithstanding anything to the contrary in this Order or the Sale Agreement, to the extent any of the Unencumbered Non-Performing Loans and REO Property are ~~determined to be an~~ interests in ~~a~~ consumer credit transactions subject to the Truth in Lending Act or ~~an~~ interests in consumer credit contracts (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the Purchaser shall remain subject to the same claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as the Purchaser would be subject to such claims and defenses of the consumer if such interest had been purchased at a sale not under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the Bankruptcy Code.

DB02:6873787.8                                                                                                                                    066585.1001

10. The failure specifically to include any particular provisions of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

11. The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to the Sale Agreement or this Order.

Dated: Wilmington, Delaware
July 17, 2008

Christopher S. Sontchi
United States Bankruptcy Judge