**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | **Objection Deadline: August 11, 2008 at 4:00 p.m. (ET)** **Hearing Date: August 18, 2008 at 10:00 a.m. (ET)** |

**DEBTORS' THIRTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

The above-captioned debtors and debtors in possession (the "Debtors") hereby object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed in Exhibits A, B, C, D, E, F and G to the proposed form of order (the "Proposed Order") attached hereto as Exhibit IX,[2] pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and request the entry of an order disallowing and expunging in full or in part, reclassifying, reassigning, and/or otherwise modifying such Disputed Claims as described herein. In support of this Objection, the Debtors rely on the Declaration of Marissa Morelle in Support of the

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] The Debtors do not object to any claims listed on the exhibits to the Proposed Order that are identified as surviving claims, and the term "Disputed Claims" as used herein does not include such surviving claims.

Debtors' Thirteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as Exhibit I. In further support, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), in that it is a matter concerning the administration of the Debtors' estates. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 6, 2007 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

## BAR DATE AND PROOFS OF CLAIM

5. On August 17, 2007, this Court entered an order appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia,

information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6. On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date (the "Claims") and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court.

7. To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

## RELIEF REQUESTED

8. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing and expunging in full or in part, reclassifying, reassigning and/or otherwise modifying the Disputed Claims listed in Exhibits A, B, C, D, E, F and G to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

## I. No Liability Claims

9. After reconciling each of the Disputed Claims and supporting materials against their books and records, the Debtors have determined that they are not liable in whole or in part with respect to the claims identified in Exhibit A to the Proposed Order (the "No Liability Claims"). Consequently, the Debtors believe the No Liability Claims identified in Exhibit A should be disallowed and expunged in their entirety. The Debtors believe they are not liable for the No Liability Claims because the Debtors' books and records, which the Debtors believe to be accurate, do not reflect that any prepetition amounts are due and owing on account of the No Liability Claims. Failure to disallow the No Liability Claims will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of other creditors in this case. Accordingly, the Debtors hereby object to the No Liability Claims and request entry of an order disallowing in full and expunging each of the No Liability Claims identified in Exhibit A.

## II. Multiple Debtor Claims

10. The claimants asserting the claims listed in Exhibit B to the Proposed Order (the "Multiple Debtor Claims") filed identical claims against multiple Debtors. After review of their books and records, the Debtors have determined that the claims listed under the column titled "Objectionable Claims" in Exhibit B were filed against the wrong Debtor. As indicated in the column titled "Comments" in Exhibit B, each claimant has a surviving claim filed against the correct Debtor. The Debtors believe that it was not the intention of the claimants asserting the Multiple Debtor Claims to seek a double recovery against the Debtors' estates. Rather, the claimants may not have known which Debtor to assert their claims against and therefore filed claims against multiple Debtors. Regardless of the claimants' reasons for

filing the Multiple Debtor Claims, however, only one claim against the appropriate Debtor should be allowed for each claimant.

11. Failure to disallow the Multiple Debtor Claims will result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases. Accordingly, the Debtors hereby object to the Multiple Debtor Claims and request entry of an order disallowing in full and expunging each of the Multiple Debtor Claims identified in Exhibit B.

**III. Modified Amount Claims**

12. The Debtors have reconciled the claims identified in Exhibit C to the Proposed Order (the "Modified Amount Claims") against their books and records. Several of the claimants asserting the Modified Amount Claims failed to specify an amount of their claims while others asserted an amount that was either higher or lower than the amount of liability reflected in the Debtors' books and records. Consequently, the Debtors believe the amounts of the Modified Amount Claims identified under the column titled "Objectionable Claims" in Exhibit C should be modified by either increasing, reducing, or fixing the amounts to the dollar values listed under the column titled "Modified Amount" in Exhibit C. The Debtors believe Exhibit C contains the appropriate amounts of liability for each of the Modified Amount Claims. Accordingly, the Debtors hereby object to the Modified Amount Claims and request entry of an order increasing, reducing or fixing the value of the Modified Amount Claims as set forth in Exhibit C.

**IV. Reclassified Claims**

13. The claimants asserting the claims identified in Exhibit D to the Proposed Order (the "Reclassified Claims") asserted that all or a portion of their claims were entitled to priority. After reconciling the Reclassified Claims against their books and records, the Debtors

have determined that no basis for secured status or priority exists under sections 506 or 507 of the Bankruptcy Code. Consequently, the Debtors believe that the Reclassified Claims should be reclassified as general unsecured claims. Failure to reclassify the Reclassified Claims would award the claimants undue priority. Accordingly, the Debtors request entry of an order reclassifying the Reclassified Claims as indicated in Exhibit D.

**V. Reclassified Wrong Debtor Claims**

14. The claimants asserting the claims identified in Exhibit E to the Proposed Order (the "Reclassified Wrong Debtor Claims") asserted that all or a portion of their claims were either secured or entitled to priority. After reconciling the Reclassified Wrong Debtor Claims against their books and records, the Debtors have determined that no basis for secured status or priority exists under sections 506 or 507 of the Bankruptcy Code. Additionally, the Debtors' books and records indicate that the claimants asserting the Reclassified Wrong Debtor Claims asserted their claims against the wrong Debtors. Consequently, the Debtors believe that the Reclassified Wrong Debtor Claims should be reclassified as general unsecured claims and reassigned to the case numbers listed under the column titled "New Case Number" in Exhibit E. Failure to reclassify the Reclassified Wrong Debtor Claims would allow the claimants to recover at an undue level of priority against the wrong Debtors. Accordingly, the Debtors request entry of an order reclassifying and reassigning the Reclassified Wrong Debtors Claims as indicated in Exhibit E.

**VI. Modified Amount Wrong Debtor Claims**

15. Similar to the Modified Amount Claims, the Debtors have reconciled the claims identified in Exhibit F to the Proposed Order (the "Modified Amount Wrong Debtor Claims") against their books and records. Several of the claimants asserting the Modified Amount Wrong Debtor Claims failed to specify an amount of their claims while others asserted

an amount that was either higher or lower than the amount of liability reflected in the Debtors' books and records. Additionally, the Debtors' books and records indicate that the claimants asserting the Modified Amount Wrong Debtor Claims asserted their claims against the wrong Debtors. The Debtors' books and records, which the Debtors believe to be accurate, show that the Modified Amount Wrong Debtor Claims should be (i) modified by either increasing, reducing, or fixing the amounts to the dollar values listed under the column titled "Modified Amount" in Exhibit F, and (ii) reassigned to the case numbers listed under the column titled "New Case Number" in Exhibit F. Accordingly, the Debtors hereby object to the Modified Amount Wrong Debtor Claims and request entry of an order modifying and reassigning the Modified Amount Wrong Debtor Claims as indicated in Exhibit F.

**VII. Insufficient Documentation Claims**

16. The claims listed in Exhibit G to the Proposed Order (the "Insufficient Documentation Claims") were submitted without sufficient documentation or alleged facts to support the asserted claims. The Insufficient Documentation Claims all have some documentation attached, but such documentation is not adequate to allow the Debtors to determine (i) whether they are liable for the alleged claim and/or (ii) the amount of the alleged claim.[3] To comply with the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is *prima facie* valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure." In re Planet Hollywood Int'l, 247 B.R. 391, 395 (Bankr. D. Del. 2001). The claimants asserting the Insufficient Documentation Claims failed to allege facts

---

3 Local Rule 3007-1(d)(vi) provides that a debtor may object on a non-substantive basis to "claim[s] without any supporting documents attached thereto." However, if a claimant attaches any supporting documents to a claim, regardless of the contents of such documents, a debtor may only object to such claim on a substantive basis.

sufficient to support their claims and/or facts sufficient to determine the appropriate amount of their claims. Therefore their claims are not *prima facie* valid. See in re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid."). Because the Insufficient Documentation Claims are not *prima facie* valid, the Debtors hereby object to them and request that an order be entered disallowing in full and expunging each of the Insufficient Documentation Claims.

**RESERVATION OF RIGHTS**

17. The Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, non-substantive objections to proofs of claim, or any other claims (filed or not) against the Debtors.

**NOTICE**

18. The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the Debtors' postpetition lender; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

19. The Debtors have also provided an individualized notice, in the forms attached hereto as Exhibits II, III, IV, V, VI, VII, and VIII to each of the claimants identified respectively in Exhibits A, B, C, D, E, F and G to the Proposed Order. Each claimant's notice lists the claimant's name and address, the basis for the Debtors' objection, the number and amount of their claim that is covered by this Objection, and any other information relevant to the Debtors' objection. Because Exhibits A, B, C, D, E, F, and G to the Proposed Order are

voluminous, the Debtors have omitted them from the copies of the Objection served on the claimants who asserted the Disputed Claims. All pertinent information regarding each claimant's Disputed Claim is included in that claimant's respective individualized notice. However, to the extent a claimant wishes to receive a copy of Exhibits A, B, C, D, E, and F to the Proposed Order, such claimant may submit an email request to Debbie Laskin at dlaskin@ycst.com. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

**NO PREVIOUS REQUEST**

20. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit IX, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: July 18, 2008
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Edward J. Kosmowski (No. 3849)
Kara Hammond Coyle (No. 4410)
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession