## EXHIBIT A

**Proposed Form of Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., et al., | § § § § § | Case No. 07-11047 (CSS) (Jointly Administered) |
| Debtors.¹ | § | |

| | | |
|---|---|---|
| CALYON NEW YORK BRANCH | § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary No. 07-51704 |
| AMERICAN HOME MORTGAGE CORP., AMERICAN HOME MORTGAGE SERVICING, INC., AMERICAN HOME MORTGAGE ACCEPTANCE, INC., and AMERICAN HOME MORTGAGE INVESTMENT CORP., | § § § § § § § § | |
| Defendants. | § | Docket Ref. No. |

**ORDER (I) APPROVING THE STIPULATION BETWEEN THE DEBTORS AND
CALYON NEW YORK BRANCH, AS ADMINISTRATIVE AGENT, AND
(II) AUTHORIZING THE TRANSFER OF SERVICE MORTGAGE SERVICING
<u>RIGHTS RELATING THERETO</u>**

Upon consideration of the motion (the "<u>Motion</u>")² of American Home Mortgage

Holdings, Inc. ("<u>AHM Holdings</u>"), a Delaware corporation, and certain of its direct and indirect

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

² All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Stipulation.

affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"), seeking the issuance of an order, pursuant to Bankruptcy Rule 9019(a) and sections 105(a), 362, and 363 of the Bankruptcy Code, (i) approving the Stipulation, a copy of which is attached hereto as Exhibit 1, and (ii) authorizing the transfer of all rights and interests of the Debtors in the MSRs to Calyon as set forth more fully therein; and it appearing that the Court has jurisdiction over this matter and the relief requested in the Motion pursuant to 28 U.S.C. sections 157 and 1335; and it appearing that this is a core proceeding pursuant to 28 U.S.C. section 157(b); due and sufficient notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates and creditors; and all objections (if any) to the requested relief having been resolved, withdrawn or overruled; and upon the record in these cases; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the relief requested in the Motion is hereby GRANTED; and it is further

ORDERED, that the Stipulation in the form attached hereto as Exhibit 1 is approved pursuant to Bankruptcy Rule 9019 and sections 105(a), 362, and 363 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors are authorized to enter into the Stipulation and to take the actions required by the Stipulation, including without limitation to transfer all rights and interests of the Debtors in the MSRs to Calyon free and clear of any and all rights, interests, adverse claims or claims to title of any third parties; and it is further

ORDERED, the automatic stay in these chapter 11 cases is hereby modified to the extent necessary to permit the implementation of the terms of the Stipulation; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine any and all disputes arising out of the implementation of this Order.

Dated: Wilmington, Delaware
_____, 2008

Christopher S. Sontchi<br>
United States Bankruptcy Judge

3

## Exhibit 1

## STIPULATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., et al., | § § § § § | Case No. 07-11047 (CSS) (Jointly Administered) |
| Debtors. | § | |
| CALYON NEW YORK BRANCH | § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary No. 07-51704 |
| AMERICAN HOME MORTGAGE CORP., AMERICAN HOME MORTGAGE SERVICING, INC., AMERICAN HOME MORTGAGE ACCEPTANCE, INC., and AMERICAN HOME MORTGAGE INVESTMENT CORP., | § § § § § § § § § | |
| Defendants. | § | |

**STIPULATION BETWEEN THE DEBTORS AND
CALYON NEW YORK BRANCH, AS ADMINISTRATIVE AGENT**

Plaintiff Calyon New York Branch, as Administrative Agent ("Calyon" or "Plaintiff") under the Repurchase Agreement dated November 21, 2006 (the "Repurchase Agreement"),[1] and Defendants American Home Mortgage Corp., AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.)[2], American Home Mortgage Acceptance, Inc., and American Home Mortgage Investment Corp. (collectively, the "Debtors" or "Defendants," and with Calyon, the "Parties"), by and through their respective counsel, hereby stipulate and agree as follows (the "Stipulation"):

---

[1] Capitalized terms not defined herein shall have the meaning given to them in the Repurchase Agreement.

[2] Debtor AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), changed its name from American Home Mortgage Servicing, Inc. to AHM SV, Inc., on April 14, 2008.

1. On August 28, 2007, Calyon filed the Complaint and Request for Declaratory Judgment, Injunctive Relief and Damages [Adv. D.I. 1] (the "Complaint").

2. On September 11, 2007, the Debtors filed the Answer and First Counterclaim [Adv. D.I. 17] (the "Counterclaim").

3. On September 26, 2007, the Court entered the Order Approving Stipulation, Pursuant to Fed. R. Bankr. P. 7043(b), Governing the Limited Coordination of Discovery and Trial [Adv. D.I. 26] (the "September Order") on the Complaint and the Counterclaim. The September Order approved the Stipulation, Pursuant to Fed. Bankr. Pr. 7042(b), Governing Limited Coordination of Discovery and Trial (the "Phase I Stipulation"). Among other things, the Phase I Stipulation identified the issues in the Complaint and the Counterclaim to be litigated in the phase I trial (the "Phase I Trial")

4. On January 4, 2008, the Court entered the Opinion [Adv. D.I. 74] regarding the Phase I Trial.

5. On January 15, 2008, the Court entered the Order on Phase I Trial [Adv. D.I. 77] (the "Phase I Order").

6. On January 25, 2008, the Court entered the Stipulation and Order Regarding Mortgage Funds and Mortgage Files [Adv. D.I. 85] (the "January Stipulation").

7. On February 4, 2008, Calyon filed the Amended Complaint and Request for Declaratory Judgment, Injunctive Relief and Damages [Adv. D.I. 88] (the "Amended Complaint") to include certain additional issues in the phase II trial (the "Phase II Trial").

8. On March 3, 2008, the Debtors filed the Amended Answer and Counterclaims [Adv. D.I. 94] (the "Phase II Counterclaim").

9. On March 14, 2008, the Court entered the Stipulation and Order Pursuant to Fed. R. Bank. P. 7042(b), Governing Discovery and Phase II Trial [Adv. D.I. 101] (the "Phase II Stipulation") on the Amended Complaint and the Phase II Counterclaim. Among other things, the

2

Phase II Stipulation identified the issues in the Amended Complaint and the Phase II Counterclaim to be litigated in the Phase II Trial.

10. On May 1, 2008, the Court entered the Order Approving and Authorizing the Stipulation Between the Debtors and Calyon New York Branch, as Administrative Agent [Adv. D.I. 123] (the "Funds Order"). The Funds Order approved the Stipulation and Order Between the Debtors and Calyon New York Branch, as Administrative Agent (the "Funds Stipulation").

11. On May 20, 2008, the Court entered the Stipulation and Order Amending Stipulation and Order Pursuant to Fed. R. Bankr. P. 7042(b), Governing Discovery and Phase II Trial [Adv. D.I. 140] (the "May Stipulation and Order"). The May Stipulation and Order amended certain of the deadlines with respect to the Phase II Trial and related discovery originally identified in the Phase II Stipulation.

12. Calyon and the Debtors have reached an agreement to resolve (i) the issues to be litigated in the Phase II Trial and (ii) certain outstanding issues related to the Funds Stipulation.

13. The Official Committee of Unsecured Creditors (the "Committee") has been informed about the terms of the agreement set forth in this Stipulation. The Committee has agreed not to object to the agreement set forth in this Stipulation.

14. In addition, Bank of America, N.A., as administrative agent ("BofA") has been informed about the terms of the agreement set forth in this Stipulation. BofA has agreed not to object to the agreement set forth in this Stipulation.

### I. Settlement of Phase II Trial

15. In connection with the negotiated resolution of the disputes concerning the Phase II Trial, including without limitation (a) the issues related to the MSRs (as defined below) and (b) the amount due, if any, for the Debtors' prior and future servicing of the Mortgage Assets through the date on which the order approving this Stipulation becomes a final, non-appealable order (the "Effective Date"), as of the Effective Date, Calyon shall be deemed the owner of the rights to service

the Mortgage Assets (the "MSRs") for all purposes. In addition, as of the Effective Date the Debtors shall be deemed to have transferred all rights and interests of the Debtors in the MSRs to Calyon free and clear of any and all rights, interests, adverse claims or claims to title of any third parties. Calyon shall be directly responsible for the payment or satisfaction of all servicing costs or obligations related to the Mortgage Assets that arise after the Effective Date whether performed by AH Mortgage Acquisition Co., Inc. ("AHM Acquisition") or any other servicer(s) chosen by Calyon. Calyon shall be directly responsible for all servicing costs and obligations related to the Mortgage Assets that arise after the Effective Date in accordance with the terms of the Side Letter dated April 11, 2008, between Calyon and the Debtors and the Side Letter dated April 11, 2008, between Calyon and AHM Acquisition. Notwithstanding anything to the contrary contained in any other agreement, Calyon shall pay any deboarding fees.

16. In connection with the negotiated resolution of the disputes concerning the Phase II Trial, including without limitation (a) the issues related to the MSRs and (b) the amount due, if any, for the Debtors' prior and future servicing of the Mortgage Assets through the Effective Date, Calyon shall be deemed to have assigned to the Debtors as of the Effective Date all rights, claims and interests of Calyon with respect to:

   i. the $5,000,000 Reserve (as defined in Paragraph 8 of the January Stipulation) that was held in the Segregated Account (as defined in Paragraph 2 of the January Stipulation);

   ii. the 28 mortgage loans known as the "State Bond Mortgages" which originally had a principal balance of $652,820, including all accumulated payments of principal and interest currently being held by the servicers of the State Bond Mortgages; and

      iii.      the $1,007,958.89 of BONY Account Swept Funds (as defined in Paragraph 12 of the Funds Stipulation) that were identified in Paragraph 14 of the Funds Stipulation.

17.      Assuming an Effective Date of on or about July 28, 2008, the aggregate value of the amounts identified in Paragraph 16 shall be allocated as 72% for the future value of the MSRs and 28% for the servicing performed by the Debtors through the Effective Date.

18.      The Phase II Trial shall be deemed resolved as of the Effective Date. Within five (5) days of the Effective Date, the Parties shall cause the Amended Complaint and Phase II Counterclaim filed in this adversary proceeding (the "Adversary Proceeding") to be withdrawn and dismissed with prejudice, and Calyon's rights, claims and interests to the funds and other assets assigned to the Debtors in paragraph 16 hereof shall be waived. Notwithstanding such dismissal or anything to the contrary contained in this Stipulation or in the order approving this Stipulation, such dismissal shall be without prejudice to the assertion, pleading and litigation by Calyon or the Debtors of the following: (a) the allowance or disallowance of the proof of claims filed by Calyon identified by claim numbers 8044, 8045, 8046 and 8047 (as they may be amended, the "Proofs of Claim"), or any defenses, counterclaims or objections thereto, (including money damages claims that could have been litigated in the Adversary Proceeding); (b) Calyon's right to assert, in response to any claim, counterclaim, objection or defense asserted by the Debtors or any other party on behalf of the Debtors' estates as reserved in this paragraph and in paragraph 19, any of the claims raised by Calyon in the Adversary Proceeding as a defense or offset (i) to any such claim against Calyon or (ii) with respect to the Proofs of Claim; and (c) the Debtors' right to oppose any and all such claims asserted by Calyon. In addition, for the avoidance of doubt, such dismissal shall not nullify or otherwise affect the Phase I Order or other orders entered in this Adversary Proceeding.

19.      Except as set forth in Paragraph 18, nothing contained in this Stipulation or in the order approving this Stipulation shall be deemed to prejudice or limit the rights of Calyon or the

Debtors to assert any other claims, defenses, counterclaims or objections, including, without limitation, the right of Calyon or the Debtors to plead, litigate, pursue discovery or seek a judgment with respect to claims, counterclaims, objections or defenses, if any, including pursuant to 11 U.S.C. §§ 559 and 562, regarding (i) alleged deficiencies or damages under the Repurchase Agreement; or (ii) the liquidation and/or valuation of the Mortgage Assets. Except as set forth in Paragraph 18 and without limiting the foregoing sentence, Calyon and the Debtors expressly reserve and retain any and all rights to amend any pleading, including the Proofs of Claim, file any new pleading or otherwise assert any and all other claims, causes of action, counterclaims, objections or defenses, including, without limitation, claims, defenses, counterclaims or objections, if any, related to (i) alleged deficiencies or damages under the Repurchase Agreement; or (ii) the liquidation and/or valuation of the Mortgage Assets, including, without limitation, the timing, damages and methodology related to any liquidation or valuation of the Mortgage Assets.

## II.    Settlement of Issues Related to the Funds Stipulation

20. In connection with the negotiated resolution of certain disputes concerning outstanding issues related to the Funds Stipulation, the Debtors shall, within five (5) business days of the Effective Date, pay to Calyon an amount equal to $50,000.

21. In connection with the negotiated resolution of certain disputes concerning outstanding issues related to the Funds Stipulation, Calyon shall be deemed to have assigned to the Debtors as of the Effective Date all rights, claims and interests of Calyon with respect to:

    i.    the $415,752.47 of Disputed P&I (as defined in Paragraph 21 of the Funds Stipulation);

    ii.    $384,859.01 of Unidentified Funds (as defined in Paragraph 16 of the Funds Stipulation) that remain outstanding and have not been paid to Calyon;

    iii.    the $181,229.91 of Returned Wires (as defined in Paragraph 4 of the Funds Stipulation) that were deposited into the JPM 717 Account (as defined in

Paragraph 6 of the Funds Stipulation) and were discussed in Paragraphs 10 and 11 of the Funds Stipulation; and

iv. any Remaining Amounts (as defined in Paragraph 28 of the Funds Stipulation) that remain outstanding and have not been paid to Calyon.

### III. Additional Terms

22. Except to the extent expressly provided herein, nothing herein shall affect the rights, claims, objections or defenses of any Party.

23. This Stipulation is the result of a compromise among the Parties, and, accordingly, shall not be deemed an admission or evidence in any pending or subsequent suit, action, contested matter, proceeding or dispute of any liability, wrongdoing or obligation whatsoever, including as to the merits of any claims, defenses, counterclaims or objections of any Party.

24. As between the Parties, the headings of the sections of this Stipulation are inserted for convenience only and are not part of this Stipulation and do not limit or modify in any way the terms or provisions of this Stipulation and shall not affect the interpretation thereof.

25. This Stipulation, including the terms and obligations contained herein, is subject to approval by the Bankruptcy Court and the order approving this Stipulation becoming a final, non-appealable order; *provided, however*, that (i) the Debtors and Calyon shall use best efforts to cause the Bankruptcy Court to approve this Stipulation; and (ii) if this Stipulation is not approved or the order approving this Stipulation does not become a final, non-appealable order, then the Debtors and Calyon shall use best efforts to obtain entry of an order that modifies the May Stipulation and Order to amend the deadlines therein which have not yet occurred and to schedule the Phase II Trial as soon as practicable in light of the need for additional time to conduct depositions, exchange witness and exhibit lists, and prepare and file pre-trial memoranda. If the Stipulation is not approved or the order approving this Stipulation does not become a final, non-appealable order, then the Parties hereto

revert to their pre-Stipulation positions and the terms of this Stipulation shall be inadmissible for any purpose whatsoever, except with respect to the obligations identified in the preceding sentence.

26. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which, when taken together, shall be one and the same Stipulation. A facsimile or .pdf of any Party's signature to this Stipulation shall be treated as an original signature for all purposes of this Stipulation and shall be fully effective to bind such Party to the terms of this Stipulation.

Dated: Wilmington Delaware
       July __, 2008

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

_____
Robert S. Brady (No. 2847)
John T. Dorsey (No. 2988)
Sean M. Beach (No. 4070)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

QUINN, EMANUEL, URQUHART, OLIVER & HEDGES LLP
Susheel Kirpalani
James C. Tecce
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7199
Facsimile: (212) 849-7100

*Counsel to American Home Mortgage Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Investment Corp.; and American Home Mortgage Holdings, Inc.*

ECKERT SEAMANS CHERIN & MELLOTT LLC

_____
Michael G. Busenkell (DE No. 3933)
300 Delaware Avenue, Suite 1210
Wilmington, Delaware 19801
Telephone: (302) 425-0430
Facsimile: (302) 425-0432

-and-

Benjamin C. Ackerly
Jason W. Harbour (DE No. 4176)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East tower
951 E. Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Telecopier: (804) 788-8218

-and-

Peter S. Partee
Scott H. Bernstein
HUNTON & WILLIAMS LLP
200 Park Avenue, 53rd Floor
New York, New York 100166-0136
Telephone: (212) 309-1000
Telecopier: (212) 309-1100
*Counsel to Calyon New York Branch*