UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :  Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :  Jointly Administered
    Debtors.                                                         :
                                                                 :  Hearing Date: August 5, 2008 at 3:00 p.m. (ET)
---------------------------------------------------------------- x  Objection Deadline: July 29, 2008 at 4:00 p.m. (ET)

**JOINT MOTION OF THE DEBTORS AND BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE MOVANTS TO FILE, UNDER SEAL, PORTIONS OF THE STIPULATION OF SETTLEMENT AMONG (i) THE DEBTORS, (ii) BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT, AND (iii) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The above-captioned debtors and debtors-in-possession (collectively, "AHM" or the "Debtors"), and Bank of America, N.A., as Administrative Agent under that certain second amended and restated credit agreement dated August 10, 2006 (the "Administrative Agent," and with the Debtors, the "Movants"), by and through their undersigned attorneys, hereby submit this motion (the "Motion to Seal") for entry of an order, pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of the Local Rules

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to file, under seal, portions of the *Stipulation Of Settlement Among (I) The Debtors, (II) Bank Of America, N.A., As Administrative Agent, And (III) The Official Committee Of Unsecured Creditors* (the "Stipulation"). In support of the Motion to Seal, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested are sections 107(b) as well as Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND

2. On August 6, 2007 (the "Petition Date") each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

## RELEVANT BACKGROUND

5. On July 18, 2008, the Debtors, the Administrative Agent, and the Committee entered into the Stipulation. The Debtors have filed a motion seeking Court approval

of the Stipulation (the "<u>9019 Motion</u>"), and have attached a redacted version of the Stipulation as an exhibit to the 9019 Motion.

      6.    The Stipulation resolves issues outstanding between the Debtors and the Administrative Agent. Section 12 of the Stipulation contains confidential information (the "<u>Confidential Material</u>") that could affect the Debtors, their estates and creditors with respect to currently pending and potential litigation with certain third parties in these bankruptcy cases and is confidential commercial information of the Administrative Agent, which could impact, among other things, potential litigation against the Administrative Agent (the "<u>Litigation</u>"). The Debtors have redacted the Confidential Material from the Stipulation filed with the Court as an exhibit to the 9019 Motion.

## RELIEF REQUESTED

      7.    By this Motion, the Movants respectfully request that the Court enter an order authorizing them to file an unredacted version of the Stipulation under seal and directing that the unredacted Stipulation shall remain under seal, confidential and not be made available to anyone, except to (i) the Court, (ii) the U.S. Trustee, (iii) counsel to the Committee, and (iv) counsel to the Administrative Agent, until the Litigation is subject to final non-appealable order(s) or is otherwise resolved by the parties thereto.[2]

## BASIS FOR RELIEF

      8.    Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in part that:

---

[2] An unredacted copy of the Stipulation will be submitted to the Court in a separate prominently marked envelope as directed by Local Rule 9018-1(b).

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may --
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> >
> > (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

9. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code section 107(b), and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information...." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

10. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d at 27.

11.     The Movants submit that the Confidential Material constitutes confidential commercial information and satisfies at least one of the requirements under section 107(b)(1) for the sealing of documents.

12.     Commercial information has been defined as information that would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." In re Orion Pictures Corp., 21 F.3d at 27. The Movants submit that revealing the Confidential Material would provide an unfair advantage to third parties in connection with the Litigation and, accordingly, qualifies as confidential commercial information within the ambit of section 107(b). Indeed, courts have recognized that information should be maintained under seal when, if left unsealed, it would threaten the Movants' ability to properly carry out litigation and decrease the value of claims to the estate. In re 50-Off Stores, Inc., 213 B.R. 646, 657 (Bankr. W.D. Tex. 1997) (refusing to unseal record of hearing to retain litigation counsel requested by defendants to that litigation); see also In re 4 Front Petroleum, Inc., Case No. 04-10979-R, 2007 Bankr. Lexis 3547 (Bankr. N.D. Okla. Oct. 11, 2007) (allowing motion to be filed under seal because, among other things, motion contained litigation strategy which, if revealed, would undermine the value of the estate's claims).

13.     The Movants seek to seal the Confidential Material to protect, among other things, their Litigation positions without the prejudicial influence of collateral matters. The Movants submit that the Confidential Material has no bearing on the substantive issues being addressed in the Litigation, but would undoubtedly influence settlement efforts. In addition, the Confidential Material is clearly confidential commercial information, which would have a detrimental affect on the rights o the Administrative Agent. Indeed, it is likely that if the Confidential Material were not sealed, the counterparties to the Litigation would use that

information as leverage against the Movants to extract greater settlement terms — concessions that would not be substantiated by the merits of the underlying claims. Such a result would harm the Debtors' estates and their creditors, the same result that Section 107(b)(1) seeks to avoid, and would severely prejudice the rights of the Administrative Agent. See In re Orion Pictures Corp., 21 F.3d at 27. Finally, the Committee supports the Movants' request to file the Confidential Material under seal.

14. Based on the circumstances described above, the Movants believe that sealing the Confidential Material for a limited time will serve the purpose of maximizing value for the Debtors' estates and their creditors. See In re Muma Services, Inc. et al., 279 B.R. 478, 485 (Bankr. D. Del. 2002). Once the Litigation is resolved, the Movants will not object to the Court removing the seal or otherwise disclosing the full terms of the Stipulation.

15. As previously stated, to ensure that the key constituencies in these cases receive adequate disclosure, the Debtors have or will provide copies of the unredacted Stipulation to (i) the Court, (ii) the U.S. Trustee, (iii) counsel to the Committee, and (iv) counsel to Bank of America, as applicable, which parties shall be required to keep confidential the unredacted version of the Stipulation. The Movants submit that such disclosure will provide sufficient safeguards to ensure that the relief requested in this Motion will not adversely affect the interests of parties to these chapter 11 proceedings.

## NOTICE

16. The Movants will serve the Motion to Seal upon all parties entitled to notice under Local Rule 2002-1(b). In light of the relief requested herein, the Movants submit that no other or further notice is required.

WHEREFORE, the Movants respectfully request that this Court enter an order substantially in the form attached hereto authorizing the Movants to file an unredacted version of the Stipulation under seal, on the terms set forth herein, and grant such other relief as the Court deems just and proper.

Dated: Wilmington, Delaware
July 18, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Sean M. Beach
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

-and-

POTTER ANDERSON & CORROON LLP

/s/ Laurie Selber Silverstein
Laurie Selber Silverstein (No. 2396)
P.O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19899
Telephone: (302) 984-6000

-and-

KAYE SCHOLER LLP
Ana Alfonso
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Counsel for Bank of America N.A. as Administrative Agent under that certain Second Amended and Restated Credit Agreement, dated as of August 10, 2006*