IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x  Chapter 11
In re:                                                              :
                                                                    : Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                              :
HOLDINGS, INC., a Delaware corporation, et al.,[1]                  : Jointly Administered
                                                                    :
                        Debtors.                                    : Hearing Date: August 18, 2008 at 10:00 a.m. (ET)
------------------------------------------------------------------- x Obj. Deadline: August 11, 2008 at 4:00 p.m. (ET)

## NOTICE OF MOTION

TO:   (I) THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (II) COUNSEL TO THE COMMITTEE; (III) COUNSEL TO MICHAEL J. STRAUSS; (IV) COUNSEL TO BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT FOR THE LENDERS UNDER THAT CERTAIN SECOND AMENDED AND RESTATED CREDIT AGREEMENT DATED AUGUST 10, 2006; (V) THE DEBTORS' POSTPETITION LENDER; (VI) THE SECURITIES AND EXCHANGE COMMISSION; AND (VII) ALL PARTIES ENTITLED TO NOTICE UNDER DEL. BANKR. LR 2002-1(b)

PLEASE TAKE NOTICE that the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") have filed the **MOTION FOR AN ORDER (I) AUTHORIZING THE DEBTORS TO REJECT THE EMPLOYMENT CONTRACT OF MICHAEL J. STRAUSS, AND (II) APPROVING THE TERMS OF THE STIPULATION RELATED THERETO** (the "Motion").

PLEASE TAKE FURTHER NOTICE that objections to the Motion must be filed with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **4:00 p.m. (ET) on August 11, 2008**. At the same time, you must also serve a copy of the objection upon the undersigned counsel.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

A HEARING ON THIS MATTER WILL BE HELD ON **AUGUST 18 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 N. MARKET STREET, 5TH FLOOR, COURTROOM #6, WILMINGTON, DELAWARE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: Wilmington, Delaware
July 29, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ James L. Patton, Jr.

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x   Chapter 11
In re:                                                             :
                                                                   :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                             :
HOLDINGS, INC., a Delaware corporation, et al.,[1]                 :  Jointly Administered
                                                                   :
                                    Debtors.                       :  **Hearing Date: August 18, 2008 at 10:00 a.m. (ET)**
------------------------------------------------------------------ x  **Obj. Deadline: August 11, 2008 at 4:00 p.m. (ET)**

**MOTION FOR AN ORDER (I) AUTHORIZING AND APPROVING THE DEBTORS'
REJECTION OF THE EMPLOYMENT CONTRACT OF MICHAEL J. STRAUSS, AND
(II) APPROVING THE TERMS OF THE STIPULATION RELATED THERETO**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move the Court (the "Motion"), pursuant to sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 6004, 6006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order (i) authorizing and approving the Debtors' rejection of the employment contract of Michael J. Strauss ("Strauss"), and (ii) approving the terms of a stipulation related thereto, (the "Stipulation," a copy of which is attached to the proposed order as Exhibit A), by and among the Debtors, Strauss and the Official Committee of Unsecured Creditors (the "Committee"). In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a), 363 and 365(a) of the Bankruptcy Code, along with Bankruptcy Rules 6004, 6006 and 9019.

## GENERAL BACKGROUND

2. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware the Committee. No trustee or examiner has been appointed.

5. In the weeks prior to the Petition Date, an unprecedented disruption in the credit markets caused major write-downs of the Debtors' loan and security portfolios and consequently resulted in margin calls for hundreds of millions of dollars with respect to the Debtors' loans. During this time, certain of the Debtors' warehouse lenders began to exercise remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and threatening the company's continued viability.

6. The Debtors' inability to originate loans and the exercise of remedies by certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the

Debtors to discontinue their retail and indirect loan origination business. Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets.

7.      Prior to the Petition Date, a large component of the Debtors' business was the servicing of mortgage loans (the "Servicing Business"). By Order dated October 30, 2007 (the "Sale Order"), the Court approved and authorized the sale of the Debtors' Servicing Business (the "Servicing Sale") to AH Mortgage Acquisition Co., Inc., an affiliate of W.L. Ross & Co., LLC (such affiliate, the "Purchaser") pursuant to the terms of that certain Asset Purchase Agreement dated as of September 25, 2007 (as amended and together with all exhibits and schedules thereto, the "APA"). Pursuant to the APA, the Servicing Sale closed in two steps, and the final closing of the Servicing Sale occurred on April 11, 2008.

## RELEVANT BACKGROUND

8.      Strauss is the founder of the Debtors as well as their former Chief Executive Officer and Chairman of the Board of Directors (the "Board"). Strauss and AHM Holdings are parties to that certain employment agreement dated as of August 26, 1999 (as amended, the "Employment Agreement"). A copy of the Employment Agreement is attached to the Stipulation as Exhibit A.

9.      In consultation taken with the Committee, the Debtors have focused on reducing costs following the closing of the Servicing Sale. In connection with those efforts the Debtors engaged Strauss in discussions regarding a voluntary modification of his employment terms.

10. On June 5, 2008, a meeting of the Board of AHM Holdings was convened. At that meeting, the Board authorized, among other things, the Debtors to terminate the employment of Strauss as Chief Executive Officer, effective as of May 31, 2008, in terms consistent with the negotiations among the Debtors, Strauss, and the Committee.

11. The terms of such negotiations, as reflected in the Stipulation, are as follows:[2]

(a.) The Employment Agreement is deemed rejected effective May 31, 2008, and Strauss is deemed terminated without Cause;

(b.) Strauss shall have until the earlier of (x) 45 days from the entry of an order approving the Stipulation and (y) the first date set for hearing to consider approval of the Debtors' disclosure statement to file a proof of claim for damages resulting from the rejection of the Employment Agreement as provided in paragraph (1) of the Stipulation or any claim for severance as provided in paragraph 8 of the Employment Agreement. The claim for severance, to the extent permitted under the Employment Agreement or applicable law, shall be an allowed unsecured claim. Subject to the preceding sentence, the rights of the Debtors, including their successors and assigns, the Committee, and all other parties in interest to object or otherwise contest any non-severance claims asserted in a proof of claim filed by Strauss on any and all bases, and the calculation of any severance claim, are reserved. Notwithstanding anything to the contrary in the Stipulation, the allowance of the severance claim as provided in this paragraph shall not be introduced into evidence or otherwise used by Strauss as a defense against liability on claims, if any, asserted against Strauss by the Debtors (or an authorized person acting on behalf of the Debtors' estates).

(c.) Notwithstanding paragraph 10 of the Employment Agreement, Strauss shall be permitted to compete with the AHM Business from and after May 31, 2008; provided, however, that Strauss shall not be permitted to solicit or hire any current employee of the Debtors (other than his current assistant);

(d.) Strauss shall continue to receive the health and welfare benefits and perquisites generally available to employees of the Debtors for so long as the Debtors are generally providing such benefits to the Debtors' active employees and shall be entitled to continued use of his current office space and secretarial support through the earlier of the closing of a sale of the Debtors' headquarters in

---

[2] This summary of the Stipulation is given as a convenience to the Court. In the event of any inconsistency, the terms of the Stipulation shall control. Interested parties are encouraged to review the Stipulation in its entirety. Unless otherwise outlined in the below summary of the Stipulation, capitalized terms shall have the meanings ascribed to them in the Stipulation.

4

    Melville, New York or the date the Debtors vacate their current Melville, New York offices; <u>provided, however</u>, that Strauss shall not be entitled to vacation pay or compensation from and after May 31, 2008, and Strauss shall be solely responsible for any and all expenses related to the use of a company car, a driver and cell phone from and after May 31, 2008;

(e.) Upon the request of Strauss, the Debtors or their successor shall (i) provide reasonable assistance to Strauss in the transfer/forwarding of his e-mails, e-mail accounts and phone numbers, and (ii) provide Strauss with reasonable access to the Debtors' business records related to him;

(f.) Strauss shall support the Debtors' efforts to maximize the value of their estates including, but not limited to, sales of assets and confirmation of a chapter 11 plan or plans.

## **RELIEF REQUESTED**

12. By this Motion, the Debtors respectfully request the entry of an order, pursuant to sections 105(a), 363 and 365(a) of the Bankruptcy Code and Bankruptcy Rule 9019, (i) authorizing and approving the rejection of the Employment Agreement, effective as of May 31, 2008, and (ii) approving the terms of the Stipulation.

## **BASIS FOR RELIEF REQUESTED**

13. Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P 9019(a). The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also In re Penn Central Transportation Co.*, 596 F.2d 1102 (3d Cir. 1979) ("'administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims . . . .'") (quoting *In re Protective Committee for Independent Stockholders of TMT Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

5

14. In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] itself of all facts necessary to form an intelligent and objective opinion of the probabilities of ultimate success should the claims be litigated, and estimated the complexity, expense and likely duration of such litigation, and other factors relevant to a full and fair assessment of the [claims]." *In re Penn Central Transportation Co.*, 596 F.2d 1127, 1153 (3d Cir. 1979); *see also In re Marvel Entertainment Group, Inc.*, 222 B.R. 243 (D. Del. 1998) (quoting, In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997) (describing "the ultimate inquiry to be whether 'the compromise is fair, reasonable, and in the interest of the estate.'").

15. The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a settlement should be approved. The four enumerated factors are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Meyers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *accord Will v. Northwestern Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006).

16. The decision to approve a settlement "is within the sound discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296; *see also In re Neshaminy Office Building Associates*, 62 B.R. 798, 803 (E.D. Pa. 1986) (cited with approval in *Meyers v. Martin (In re Martin)*, 91 F.3d 389). The bankruptcy court should not substitute its judgment for that of the debtor. *See In re Neshaminy Office Building Associates*, 62 B.R. at 803. The court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvass the issues to see whether the settlement falls below the lowest point in the range

6

of reasonableness. *See In re W.T. Grant and Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities.") (internal citations and quotations omitted).

17. The Stipulation should be approved because: (i) the Debtors believe that the settlement embodied within the Stipulation lies well within the range of reasonableness of the outcome if the parties had not negotiated Strauss' voluntary termination or were to litigate the rejection of the Employment Agreement, and (ii) the terms of the Stipulation are in the best interest of the Debtors, their estates and their creditors and are supported by a sound business purpose.[3] The Stipulation is the result of extensive negotiations between the Debtors, the Committee and Strauss and have resulted in the consensual rejection of the Employment Agreement while retaining Strauss's support in the ongoing wind-down of the Debtors' business and disposition of the Debtors' remaining assets. Moreover, the applicable *Martin* factors weigh in favor of approving the Stipulation.

18. <u>Probability of Success in the Litigation</u>. The Debtors, the Committee and Strauss have concluded that the Stipulation provides a result which is in the best interest of the

---

[3] To the extent that allowing Strauss to retain certain benefits of employment under the terms of the Stipulation is outside of the ordinary course of the Debtors' business, the Debtors submit that a sound business purpose exists for providing such benefits. *See Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 155 (D. Del. 1999) (applying a "sound business purpose" standard to employment decisions by a debtor in possession). Namely, the Stipulation provides that Strauss, the founder of the Debtors and thus someone with an intimate, institutional knowledge of the Debtors' businesses, will continue to assist the Debtors while they work to liquidate their remaining assets and confirm a chapter 11 plan, in exchange for the continued enjoyment of the privileges and benefits generally available to the Debtors' active employees. Accordingly, the Debtors submit that the continuation of certain employee-related benefits are supported by a sound business purpose and should be approved by the Court.

7

Debtors, their estates and their creditors and which approximates the likely outcome of any litigation which would arise from the termination of Strauss and the rejection of the Employment Agreement. Therefore, the Debtors submit that this factor weighs in favor of approving the Stipulation.

19. <u>Complexity, Expense and Inconvenience of Litigation</u>. The Debtors have concluded that the terms of the Stipulation provide the benefit of the rejection of the Employment Agreement without resorting to litigation which could potentially be costly and burdensome. Moreover, the terms of the Stipulation provides for Strauss's support for the Debtors' liquidation efforts. Therefore, the Stipulation consensually resolves any litigation which might arise from the rejection of the Employment Agreement, avoids the cost attendant thereto, and avoids any unnecessary disruption or inconvenience to the Debtors' ongoing efforts to maximize the value of their assets through orderly sales and a liquidating chapter 11 plan(s). Accordingly, this factor weighs in favor of approving the Stipulation and the agreements embodied therein.

20. <u>The Paramount Interest of the Creditors</u>. The Stipulation is the result of negotiations between the Debtors, the Committee and Strauss. Moreover, the Stipulation allows the Debtors to reject the Employment Agreement—eliminating a continuing expense of the estates—while retaining the support of Strauss whose knowledge of and familiarity with the Debtors and their businesses may be valuable in the wind-down of the Debtors' estates and liquidation of their assets. Moreover, the continuation of employee-related benefits to Strauss under the Stipulation will have a *de minimis* impact on the estates. Accordingly, the Debtors submit that entry into the Stipulation is in the best interest of the Debtors' estates and their creditors and that the third factor weighs in favor of approving the Stipulation.

8

21. <u>The Likely Difficulties in Collection</u>. This last factor is inapplicable, as the Debtors are not seeking to recover any funds from Strauss and, accordingly, should have no bearing on the Court's decision of the instant Motion.

22. In summary, the Stipulation is (i) fair and equitable, (ii) well within the range of reasonableness in terms of settling the rejection of the Employment Agreement and avoids any unnecessary expense, delay or inconvenience of litigation that would arise from that rejection, (iii) is within the Debtors' sound business judgment as it relates to the rejection of the Employment Agreement and ensures the continued support of one of the Debtors' long-standing officers in these Chapter 11 cases, and (iv) advances the paramount interest of creditors. Therefore, the Stipulation should be approved by the Court.

## NOTICE

23. Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Strauss; (iv) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (v) counsel to the Debtors' postpetition lender; (vi) the Securities and Exchange Commission; and (vii) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto (i) authorizing and approving (A) the rejection of the Employment Agreement, as of May 31, 2008, and (B) the Stipulation, and (ii) granting such other and further relief as this Court deems just and proper.

Dated:  Wilmington, Delaware
       July 29, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ------------------------------------------------------------------ x<br>In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation, et al.,[1]<br><br>Debtors.<br>------------------------------------------------------------------ x | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. _____** |

### ORDER (I) AUTHORIZING THE DEBTORS TO REJECT THE EMPLOYMENT CONTRACT OF MICHAEL J. STRAUSS, AND (II) APPROVING THE TERMS OF THE STIPULATION RELATED THERETO

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for an order authorizing the Debtors to reject the Employment Agreement and approving the terms of the Stipulation (attached hereto as Exhibit A); and the Court being satisfied that the rejection of the Employment Agreement and approval of the Stipulation is in the best interests of the Debtors, their estates and creditors and is a proper exercise of the Debtors' business judgment; and due and proper notice of the Motion having been given; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is GRANTED; and it is further

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

ORDERED, that the Stipulation and the terms thereof are approved; and it is further

ORDERED, that the Debtors' rejection of the Employment Agreement is approved pursuant to section 365(a) of the Bankruptcy Code; and it is further

ORDERED, that the Employment Agreement is deemed rejected, effective as of May 31, 2008; and it is further

ORDERED, that Strauss shall have until the earlier of (x) 45 days from this Order and (y) the first date set for hearing to consider approval of the Debtors' disclosure statement to file a proof of claim for damages resulting from the rejection of the Employment Agreement as provided in paragraph 1 of the Stipulation or any claim for severance as provided in paragraph 8 of the Employment Agreement; <u>provided</u> that Strauss's claim for severance, to the extent permitted under the Employment Agreement or applicable law, shall be an allowed unsecured claim. Subject to the preceding sentence, the rights of the Debtors, including their successors and assigns, the Committee, and all other parties in interest to object or otherwise contest any non-severance claims asserted in a proof of claim filed by Strauss on any and all bases, and the calculation of any severance claim, are reserved. Notwithstanding anything to the contrary in the Stipulation, the allowance of the severance claim as provided shall not be introduced into evidence or otherwise used by Strauss as a defense against liability on claims, if any, asserted against Strauss by the Debtors (or an authorized person acting on behalf of the Debtors' estates); and it is further

2

3

    ORDERED, that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
   August ___, 2008

                _____
                Christopher S. Sontchi
                United States Bankruptcy Judge