IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | * |
| AMERICAN HOME MORTGAGE | *  Case No.: 07-11047(CSS) |
| HOLDING INC., | *  Chapter 11 |
| Debtor. | * |
| | *  **Objections due by: September 7, 2008 at 4:00 p.m.** |
| | *  **Hearing Date: September 15, 2008 at 10:00 a.m.** |

*********************

**MOTION FOR RELIEF FROM AUTOMATIC STAY
UNDER SECTION 362 OF THE BANKRUPTCY CODE
WITH RESPECT TO REAL PROPERTY LOCATED AT
<u>11051 CORSIA TRIESTE WAY, 4-202, BONITA SPRINGS, FL 34135</u>**

Citibank, N.A., as Trustee for Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust, Mortgage-Pass Through Certificates Series 2006-5 c/o EMC Mortgage Corporation (hereinafter "Movant"), by its undersigned counsel, respectfully moves this Honorable Court to terminate the Automatic Stay to allow Movant to exercise its rights against a parcel of real property located at 11051 Corsia Trieste Way, 4-202, Bonita Springs, FL 34135 (the "Property") and, as grounds therefore, states as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. §§ 362 and 105.

2. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc. (hereinafter "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Since the Petition Date, the Debtor has managed its affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. On or about August 2, 2005, Angela Robinson ("Obligor") executed and delivered to American Home Mortgage Acceptance, Inc. a promissory note (the "Note"),

a copy of which is attached hereto as an Exhibit, in the amount of $388,000.00, plus interest at the rate of 7.875% per annum, attorneys' fees, costs and late charges to be paid over thirty (30) years.

    4. To secure the repayment of the sums due under the Note, Obligors executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for American Home Mortgage Acceptance, Inc. a mortgage on the Property dated February 21, 2007 (hereinafter "Mortgage"), encumbering the real property and improvements thereon known as 11051 Corsia Trieste Way, 4-202, Bonita Springs, FL 34135. A copy of the Mortgage is attached hereto and incorporated herein an Exhibit.

    5. The Mortgage and Note were later transferred to Movant, and Movant is the present holder of the Mortgage and Note.

    6. Review of the title to the Property shows that the Debtor *may* hold a lien junior to the Mortgage.

    7. The Obligor is now in default under the Note, having failed to make payments under the Note, and Movant seeks to exercise its non-bankruptcy rights and remedies with respect to the Note, including but not limited to enforcement of its rights against the Mortgage. The current pay-off of the Movant's note is approximately $218,934.27.

    8. Because its junior mortgage described in ¶ 6 above is subordinate to the Mortgage, the Debtor has no equity in the Property.

    9. According to the opinion of a broker qualified to sell real property in the region in which the Property is located, or a certified real estate appraiser, the Property is worth approximately $345,000.00, before deducting costs of sale, broker's fees, and other fees that might be incurred in the liquidation of the Property.

10.  Because the Debtor's junior mortgage adds little or no value to the bankruptcy estate, the Property is not necessary for Debtor's reorganization.

11.  Because the Debtor has no equity in the Property and the Property is not necessary for an effective reorganization, relief from the automatic stay is appropriate under § 362(d)(2) of the Bankruptcy Code to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgage.

12.  Moreover, upon information and belief, the value of the Property is decreasing, or not increasing at the same rate as the Obligor's indebtedness under the Note is increasing. Therefore, Movant's interest in the Mortgage is not adequately protected.

13.  A continued stay of Movant's action against the Obligor and the Property will cause Movant significant prejudice.

14.  Therefore, cause exists to terminate the automatic stay to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgage pursuant to § 362(d)(1) of the Bankruptcy Code.

15.  Movant believes that this motion will be unopposed or entered upon consensual terms. A stay of any order granting this motion would, in such instance, be inappropriate. Therefore, Movant is seeking relief from the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

16. Copies of this motion and notice hereof has been served upon the Debtor, counsel for the Debtor, counsel for the Committee, and counsel for the United States Trustee. In light of the extremely high volume of similar motions being filed in this case and the fact that the parties most likely to seek a position with respect to this motion are

receiving notice, Movant believes that limiting notice to these parties is appropriate and requests that the Court consider the merits of this motion accordingly.

**WHEREFORE**, for the foregoing reasons, Movant respectfully requests that this Court enter an Order terminating the automatic stay and allowing Movant to exercise its non-bankruptcy rights and remedies as to the Property, including but not limited to foreclosure of the Mortgage, and granting such other and further relief as this court deems just and proper.

Respectfully submitted,

MORRIS|HARDWICK|SCHNEIDER

/s/ *Lisa R. Hatfiled*
Lisa R. Hatfield (DE No. 4967)
284 East Main Street
Newark, Delaware 19711
(302) 444-4602
(866) 503-4930 (toll free)