IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :    Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,                  :
                                                                 :    Jointly Administered
    Debtors.                                                     :
                                                                 :
---------------------------------------------------------------- x

## SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE FOR APPROVAL OF THE AGREEMENT WITH KROLL ZOLFO COOPER LLC, STEPHEN F. COOPER AND KEVIN NYSTROM

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

**KEVIN NYSTROM** being duly sworn according to law, upon his oath, deposes and says:

1.  I am a Senior Director of Kroll Zolfo Cooper LLC (either "KZC" or the "Firm") a wholly-owned first-tier subsidiary of Kroll, Inc., which is a wholly-owned first-tier subsidiary of Marsh & McLennan Companies ("MMC"). I am fully familiar with the facts set forth herein, and I am authorized to make this Supplemental Affidavit to supplement the prior disclosures made by KZC.

2.  I submit this Supplemental Affidavit in furtherance of the original Affidavit of Stephen F. Cooper in Support of Debtors' Application for Approval of a Services Agreement with KZC, Stephen F. Cooper and Kevin Nystrom dated August 6, 2007(the "Cooper Affidavit"), and the previous Supplemental Affidavit of Stephen F. Cooper dated August 23, 2007 (the "First Supplemental") and Supplemental Affidavits of Kevin Nystrom dated November 30, 2007 and April 23, 2008 (respectively, the "2nd Supplemental" and "3rd Supplemental" and collectively with the Cooper Affidavit and the First Supplemental, the "KZC Disclosures"), to supplement and expand upon the disclosures that were made in the KZC Disclosures.

3. Effective June 30, 2008, Stephen F. Cooper's ("Cooper") regular, full-time employment with KZC ended. Beginning July 1, 2008, CAIR Management, LLC ("CAIR"), a New Jersey limited liability company which was formed in 2003 and is one hundred percent (100%) owned by Cooper, was employed as a subcontractor to KZC. A copy of the Subcontractor Agreement is attached hereto as Exhibit A. CAIR will provide the services of Cooper to KZC to provide strategic advice to the Debtors, as well as insight and input to KZC, Kevin Nystrom ("Nystrom") and Bret Fernandes, the KZC employees serving as the Debtors CRO and Director of Restructuring, respectively, in connection with this engagement. CAIR will be paid a fixed monthly retainer of $100,000 by KZC, plus reimbursement of expenses. The hours Cooper works on behalf of the Debtors will be billed to the Debtors at the same standard billing rate and subject to the same billing arrangements that KZC billed the Debtors when Cooper was an employee of KZC.

4. Cooper, in his capacity as an employee of KZC, has made FedRBankP 2014 disclosures as of June 30, 2008, and CAIR and Cooper have been advised by KZC of their continuing obligations to make such disclosures after June 30, 2008.

5. Additionally, KZC acknowledges its continuing obligation to supplement KZC's prior disclosures.

6. All of the statements contained in the Cooper Affidavit are repeated herein as if the statements were more fully set forth in detail below.

_____
Kevin Nystrom

Sworn and subscribed to
before me this 30th day
of July, 2008

_____
Notary Public

Maria E. D'elia
Notary Public, State of NY
No. 01PA6061899
Qualified in Queens County
Commission Expires
July 23, 2009

# **EXHIBIT A**

## SUBCONTRACTOR ENGAGEMENT AGREEMENT

AGREEMENT dated as of June 30, 2008 between Kroll Zolfo Cooper LLC ("KZC") and CAIR Management, LLC ("Contractor" or "CAIR").

**WHEREAS,** the Managing Member of Contractor is Stephen F. Cooper ("Cooper").

**WHEREAS,** KZC seeks to retain Contractor to provide professional services in connection with KZC's retention by American Home Mortgage ("Client" or "AHM").

**WHEREAS,** Contractor agrees to assign Cooper to KZC for purposes of providing services to Client.

**NOW, THEREFORE,** it is hereby agreed as follows:

KZC hereby engages CAIR as an independent contractor to KZC, and KZC is hereby acquiring from CAIR the services of Cooper to serve as strategic advisor to Client and its other professionals, and provide insight and input to Kevin Nystrom, as CRO of AHM and Bret Fernandes as Director of Restructuring of AHM.

1. **Services to be Provided by Contractor; Conflicts of Interest**

a) Contractor's services are to be of a quality consistent with the highest levels of Contractor's profession and are to be performed within the time, budget and other parameters established by Contractor and KZC.

b) Contractor will notify KZC within 24 hours if any conflict of interest arises during its retention by KZC. KZC, in its sole discretion, shall then determine if a conflict of interest exists. For the purposes of this Agreement, a "conflict of interest" includes, but is not limited to, a conflict between one's obligations to KZC and one's own personal interests or the interests of one's family or other persons with whom one has business or personal relationships. A conflict of interest might deter one from acting in the best interests of KZC or influence one to act in a way not in KZC's best interests. Such conflict might arise from the opportunity of financial or other material gain but is not so limited. It includes the transmission of confidential information to others who may benefit thereby.

2.  **Representations, Warranties and Acknowledgments**

a)  Contractor warrants to KZC that it will comply with all applicable laws and regulations in its performance of services under this Agreement. Contractor's submission of any invoice to KZC shall constitute a representation to KZC that services to which that invoice relates were performed in accordance with applicable laws and regulations. Contractor will indemnify KZC (including its officers, employees and agents) against all claims, damages and costs (including reasonable attorney's fees and disbursements) resulting from any actions by Contractor constituting gross negligence or willful or unlawful conduct.

b)  KZC agrees that, in connection with the services provided hereunder, KZC will cause Kroll to provide Contractor and Cooper with the same indemnification as is provided to KZC's current employees.

c)  KZC agrees that it will cause Kroll to include Contractor and Cooper as an additional insured entity under their professional and other liability insurance policies for the purposes of any services provided to Client.

d)  Contractor warrants that it will not trade securities of any company on the basis of any material, non-public information it may have received while working for KZC.

e)  As a contractor of KZC, which is owned by the Marsh and McLennan Companies ("MMC"), you are responsible for continuing to uphold all of the standards and requirements of MMC. The MMC Code of Business Conduct and Ethics outlines and explains the guiding principles for ethical conduct. As a condition of this agreement, you must read, understand and abide by the MMC Code of Business Conduct and Ethics.

f)  Contractor agrees to be bound by relevant KZC Standard Operating Procedures and policies, particularly those policies and procedures relating to time reporting and expense reimbursement.

g)  KZC agrees to pay any administrative costs or expenses associated with this Agreement, including the payment for preparation of any pleadings and fee applications which may be required.

h)  KZC agrees to provide Contractor and Cooper with a laptop, in order to perform the services to Client.

i)  KZC, Contractor and Cooper will mutually agree on the appropriate amount of office space at KZC's New York office location and administrative support to be provided by KZC in order for Contractor and Cooper to provide services to Client.

3.  **Nature of Services**

    Contractor shall provide services to the Clients in consultation with the Executive Chairman of KZC. Contractor shall only provide services to the Client, or other KZC clients as may be identified from time to time by separate Agreement.

4.  **Compensation and Expenses**

    a) KZC shall pay Contractor a retainer fee of $100,000, which may be reviewed and reconsidered and may be adjusted, plus reimbursement of 100% of the direct and out-of-pocket expenses incurred by Cooper with respect to Client, in accordance with KZC's Standard Operating Procedures, policies and AHM engagement letter in effect at the time the expenses are incurred.

    b) Cooper's billing rate shall be $775. Cooper's billing rate may be adjusted biannually effective January 1 and July 1, at Contractor's sole option.

    c) Contractor must submit bi-weekly time and expense reports and a monthly invoice to KZC Accounting Department in accordance with KZC' standard operating procedures and policies.

5.  **Audit**

    For purposes of reasonably ensuring compliance with the provisions of this Agreement, Contractor agrees that, upon request of KZC at any time during the term of this Agreement, Contractor will make available for audit by an accounting firm mutually acceptable to KZC and Contractor, Contractor's books, records and other documentation related to its activities under this Agreement. A copy of the report thereon by such accounting firm shall be provided to KZC. KZC will pay any and all costs of any such requested audit.

6.  **Duration of Agreement**

    a) This Agreement may be unilaterally terminated by KZC or Contractor at any time, for any reason whatsoever or for no reason at all, upon 30 days' prior written notice to the other party.

    b) In addition, either party may terminate this Agreement by written notice to the other upon the material breach by the other party, provided that the party wishing to terminate the Agreement gives the other party at least ten days notice of the alleged breach, and allows that party the ten-day period in order to cure the breach.

7. **No Authority to Bind KZC**

   Contractor shall have no authority to bind KZC contractually or in any other respect unless it first receives KZC's express written authorization; any offer made or contract entered into by Contractor without such prior authorization shall not be binding on KZC.

8. **Independent Contractor; No Agency or Employment Relationship**

   Contractor, in performance of this Agreement is acting as an independent contractor and not as an employee or agent of KZC, and shall be solely responsible for the payment of worker's compensation, unemployment insurance and all other taxes or costs relating to services performed hereunder. Neither Contractor nor any of its employees shall represent itself to anyone as an employee of KZC. Other than as set forth in the Affiliation Agreement between Cooper, KZC and others, Contractor acknowledges that its employees are not entitled to receive any employee benefits of any kind from KZC.

9. **Disclosure and Confidentiality; Advertising and Publicity; Kroll Zolfo Cooper Name and Logo**

   Contractor acknowledges that, because the nature of its engagement shall often involve highly confidential and sensitive information, its work for KZC creates a relationship of trust and confidence between KZC and itself. Contractor, therefore, agrees during the life of this agreement and following its termination as follows:

   a)  to preserve the confidentiality and secrecy of and not directly or indirectly to reveal, report, publish, transfer, communicate or disclose any confidential or sensitive information in any manner whatsoever, except with the prior written consent of KZC; and

   b)  not to use any confidential or sensitive information in any manner other than for the purpose of KZC's business; and

   c)  to take all reasonable steps to ensure that access to confidential or sensitive information is appropriately restricted and that all precautions are taken to ensure that confidential or sensitive information is not in whole or in part disclosed without authorization or misappropriated.

   Confidential" or "sensitive" information includes but is not limited to:

   d)  the identity of any of KZC's clients, associates and independent contractors, and clients of KZC's clients; and

    e)     the business practices and procedures, budgets, investments, plans, research, development, investigations, studies, contracts, resources and business dealings of KZC, KZC's clients and/or clients of KZC's clients; and

f)     information, written or oral, acquired directly or indirectly, during and in the course of Contractor's retention as an independent contractor to KZC concerning the financial, corporate, political or personal affairs of any person, corporation or other entity.

Upon completion of each assignment and upon termination of this Agreement, Contractor shall promptly deliver to KZC all property in its possession belonging to KZC, including all confidential information and all information of any apparently confidential non-public nature such as photographs, tape recordings, correspondence or notes, its own notes, reports, memoranda and other documents that it has acquired pursuant to or in the course of its engagement by KZC and relating to such engagement. Contractor further agrees not to retain any copies of such property (other than copies of public records or other publicly available information), whether for itself or any other person or entity.

If a person or entity requests, subpoenas, or otherwise seeks to obtain any testimony or materials within the custody or control of Contractor or of any of its employees, agents, representatives or others working under its direction, that relate to or refer in any way to its work under this Agreement, Contractor shall immediately inform KZC. Should KZC so request, Contractor will cooperate in legal action to seek protection against disclosure. In such cases, KZC will, at its expense, retain legal counsel satisfactory to KZC to represent Contractor and/or any other applicable parties in the matter, and will compensate Contractor and/or the applicable parties for reasonable fees and expenses incurred in such legal proceedings. Unless and until legally compelled by court or other competent authority or permitted by KZC in writing to do so, Contractor will not testify or disclose or transmit any materials to anyone.

10.     **Notices**

Unless notice to the contrary is given to the other party, notices (other than communications regarding specific assignments being performed by Contractor for KZC) shall be sent to Contractor c/o Stephen F. Cooper, 1166 Avenue of the Americas, New York, NY 10036, and to KZC at Kroll Zolfo Cooper, 101 Eisenhower Parkway, Roseland, NJ 07068, 3rd Floor, Attention: General Counsel. Any notice provided hereunder by a party shall be effective upon receipt by the other party.

11.     **Entire Agreement**

This Agreement (together with the MMC Code of Business Conduct and Ethics, the Subcontractor Background Questionnaire completed by Contractor, the relevant KZC policies and procedures) shall constitute the entire agreement between KZC and Contractor with respect to the Client engagement. The parties understand that the Affiliation Agreement and provisions of Cooper's employment agreement with KZC, as

amended continue in effect; however, the employment agreement, an amended is modified to the limited extent required to give effect to this Subcontractor Agreement.

12. **Governing Laws**

This Agreement shall be governed by and construed in accordance with the laws of New York (without giving regard to that jurisdiction's choice of laws and principles).

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

| **CAIR Management, LLC** | **Kroll Zolfo Cooper** |
|---|---|
| Name: Stephen F. Cooper | Name: Elizabeth Kardos |
| Title: Managing Member | Title: General Counsel |
| Signature: _[signed]_ | Signature: _[signed]_ |
| Date: 6/30/08 | Date: 6/20/08 |