**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br><br>(Jointly Administered)<br><br>Ref Dkt No. 3847, 4021 &  4084 |

**OBJECTION  AND OMNIBUS  PURCHASER'S CURE CLAIM OF WELLS FARGO BANK, N.A. AS
MASTER SERVICER, SECURITIES ADMINISTRATOR, TRUST ADMINISTRATOR AND/OR
INDENTURE TRUSTEE FOR THE PERIOD BETWEEN THE INITIAL CLOSING AND THE FINAL
CLOSING (RELATES TO DKT NO. 3847, 4021 AND 4084)**

1.      *Name of Claimant and Name/Address Where Notices Should be Sent*.  In

accordance with paragraph 36 of the Sale Approval Order[1] and that certain Order Pursuant to

Sections 105(a) and 365 of the Bankruptcy Code and the Sale Order (I) Approving Form of

Notice and Authorizing the Debtors to File a Notice of Proposed Purchaser's Cure Amounts and

(II) Establishing A Bar Date For Filing Objections (the "*Purchaser's Cure Claim Order*"), this

omnibus objection and purchaser's cure claim is made by Wells Fargo Bank, N.A., as the Master

Servicer, Securities Administrator, Trust Administrator and/or Indenture Trustee ("*Wells

Fargo*") with respect to approximately 78 securitization transactions for which American Home

Mortgage Servicing, Inc. or one of the other Debtors served as servicer and sold the servicing

---

[1]     Unless otherwise indicated, capitalized terms not defined herein shall have the same meaning ascribed to such
terms in the Order Pursuant to Sections 105, 363, 364, 365, and 503(b) of the Bankruptcy Code, and Rules
2002, 4001, 6004, 6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving
(i) the Sale of the Debtors' Mortgage Servicing Business Free and Clear of Liens, Claims and Interests, (ii)
the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and
(B) Granting Certain Related Relief (the "*Sale Approval Order*") (Docket No. 1711).

rights to AH Mortgage Acquisition Co., Inc. (the "*Purchaser*").  The undersigned is duly authorized and empowered to make this Purchaser's Cure Claim on behalf of Wells Fargo.

Wells Fargo, as Master Servicer, Securities Administrator, Trust Administrator, and/or Indenture Trustee, files this Purchaser's Cure Claim in the aggregate amount of $58,841.50 subject to the reservation of rights set forth below as follows:

> a.    Indemnification for the fees and expenses of outside legal counsel from November 1, 2007 through the Final Closing Date in connection with bankruptcy proceeding matters relating to the sale and the transfer of the servicing business to the Purchaser in the amount of $56,174.50 consisting of $29,174.50 for Chapman and Cutler LLP and $27,000 for WolfBlock, LLP;

> b.    Indemnification for the extraordinary default management and administration fees and expenses of Wells Fargo for the same period relating to the sale and the transfer of servicing to the Purchaser in the amount of $2,667.

All court orders and notices with respect to this Purchaser's Cure Claim should be sent to:

> Wells Fargo Bank, N.A.
> Attn:  William Fay
> Default & Restructuring Account Manager
> Wells Fargo Bank, N.A.
> Corporate Trust Services, Asset Securitization Group
> 9062 Old Annapolis Road, MAC N2702-011
> Columbia, MD 21045
> Phone:  (410) 884-2286

**With copies to**:
> Franklin H. Top, III
> Chapman and Cutler LLP
> 111 West Monroe Street, 18th Floor
> Chicago, Illinois 60603
> Phone:  (312) 845-3000
>
> and

Todd C. Schiltz
WolfBlock, LLP
1100 N. Market St., Suite 1001
Wilmington, DE 19801
Phone:  (302) 777-0312

2.      *Procedural Background.*  On August 6, 2007 (the *"Petition Date"*), each of the Debtors filed a voluntary bankruptcy petition for relief under Chapter 11 of Title 11 of the United States Code (the "*Bankruptcy Code*").

On August 6, 2007, the Debtors filed their Emergency Motion of the Debtors for Orders: (A)(I) Approving Sales Procedures; (II) Scheduling A Hearing to Consider Sale of Certain Assets Used in the Debtor's Loan Servicing Business; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Such Assets Fee and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Purchase Agreement Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the *"Motion"*).  The Court approved the Motion on August 7, 2007, establishing certain auction and sales procedures with respect to the loan servicing business, establishing August 27, 2007 as the date upon which assumption notices were required to be filed.  In addition, the Court approved the Cash Management Order, as defined below.

The Sale Approval Order was entered on the docket on October 30, 2007.  Pursuant to Paragraph 36 of the Sale Approval Order, the Purchaser is obligated to cure any breaches under the terms of the Servicing Agreements with respect to the servicing business for the period from the Initial Closing to the Final Closing.  The Purchaser has established its cure obligations as $0, and in accordance with the Purchaser's Cure Claim Order, Wells Fargo files this objection and claim.

3.    *Basis for Claim.*    Under the terms of the relevant Servicing Agreements, the Master Servicer is entitled to the payment of its fees and expenses in connection with the transfer of the servicing of the mortgage loans.  In addition, Wells Fargo is entitled to be indemnified in connection with any and all claims, losses and costs incurred by it as a result of the actions of the Servicer.  Wells Fargo has retained the law firms of Chapman and Cutler LLP and Wolf Block to perform legal services on behalf of the Master Servicer in connection with these bankruptcy proceedings and the transfer of the servicing business to a third party.  The fees and expenses of outside legal counsel set forth herein relate solely to the sale and transfer of the Debtors' loan servicing business.

Wells Fargo also asserts this Purchaser's Cure Claim pursuant to the Order Pursuant to Sections 105(a), 345, and 503(b)(1) of the Bankruptcy Code (I) Authorizing the Debtors to Maintain and Use Existing Bank Accounts and Business Forms, (II) Authorizing the Debtors to Maintain and Use Existing Cash Management System, and (III) Extending The Debtors' Time to Comply with Section 345 of the Bankruptcy Code, dated August 7, 2007 (the "Cash Management Order") (Docket No. 66).  The Cash Management Order provides, in relevant part, that:

> The Debtors shall perform each of their Securitization Servicing Functions in accordance with the terms and conditions of the Securitization Documents until the Termination Date (as defined below).  Without limiting the generality of the foregoing, the Debtors are authorized and directed to make all required Advances and to perform indemnification obligations as provided under the Securitization Documents without further application to, or order of, this Court,  In addition, parties to the securitization transactions are authorized free and clear of any constraints imposed by the Bankruptcy Code, including, without limitation, section 362 of the Bankruptcy Code, to continue any customary prepetition practices of billing, reporting or otherwise making demands on each other as to amounts due and to the extent that the relevant parties continue to agree to do so, of "netting" amounts currently due to and from such parties

Cash Management Order, page. 6

The Cash Management Order further provides, in relevant part, that:

> The reasonable costs of such trustee monitoring efforts shall be considered a reasonable expense of administration of the securitization trust reimbursable under the indemnification provisions of the Securitization Documents in accordance with the Securitization Documents or, alternatively, such expenses shall be afforded administrative expense priority under section 503(b)(1)(A) and 507(a)(2) to the extent provided in the relevant Securitization Documents

Cash Management Order, pages 7-8.

Wells Fargo reserves the right to assert claims for indemnification and its monitoring efforts as administrative priority expense claims.

*4.    Reservation of Certain Rights.*    The Purchaser has represented in their cure notices that no defaults exist under the terms of the Servicing Agreements.  As such, Wells Fargo reserves its rights to further amend this claim in the event it becomes aware of the following types of breaches:

a.    Litigation.  The servicer's indemnification obligations include an indemnity for any losses suffered as a result of any litigation brought against a trust or the Master Servicer as a result of, *inter alia*, any unfair debt collection practices employed by AHM as servicer.  Wells Fargo is aware of certain holders of mortgage loans who have initiated or threatened action against the Debtors, the Purchaser and others as a result of their mortgage loans, including but not limited to Mona Dobben, Paula Rush and Laura Beall. Other holders of mortgage loans may file or threaten claims in the future.  To the extent that any such action seeks to hold Wells Fargo or any trust liable (or seeking to set off against any note held by a trust), Wells Fargo reserves the right to amend its claim to assert any such damages incurred.  Wells Fargo notes that the servicer regularly institutes foreclosure proceedings which theoretically may give rise to counterclaims (whether or not meritorious) against the servicer and/or the trusts, trustees or master servicer.  As such Wells Fargo cannot be certain that there are no other litigation matters which might give rise to an indemnity claim and reserves its right to file such a claim in the event any are asserted.

b.    General Breaches of Servicing Standards.   The servicer's indemnification obligationswould also cover damages arising from the Purchaser's breach of their obligations under the Servicing Agreements. Wells Fargo is not currently aware of any

such breaches.  Because some of these breaches may not be known for some time, Wells Fargo reserves the right to supplement or amend this claim.

5.    *Reservation of Rights to Document Claim.*  Wells Fargo reserves its rights to support its claim with any additional documents but believes all of the relevant agreements are in the control of the Purchaser and the Debtors.

6.    *General Reservation of Rights and Claims.*  Wells Fargo expressly reserves any rights, remedies, liens, interests, priorities, protections, defenses and claims which it may have against the Debtors or any subsidiaries, creditors, management and other parties under the Bankruptcy Code, and the rights and benefits at law or in equity to all the rights and interests under and with respect to the Servicing Agreements.

The filing of this Purchaser's Cure Claim is not intended to be and should not be construed as (a) an election of a remedy, a waiver of any past, present or future defaults or events of default or a waiver or limitation of any rights, claims or causes of action of Wells Fargo; (b) a consent by Wells Fargo to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Wells Fargo; or (c) a waiver of any right to (i) move to withdraw reference, or otherwise challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Wells Fargo; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Wells Fargo.  Wells Fargo specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Wells Fargo by the Debtors or the Purchaser, any of its successors and assigns or by any trustee for the Debtors' estate.

Dated: July 31, 2008

WELLS FARGO BANK, NATIONAL
   ASSOCIATION


_/s/ Todd C. Schiltz_____
WolfBlock  LLP
TODD C. SCHILTZ (#3253)
BARRY M. KLAYMAN (#3676)
   1100 NORTH MARKET STREET, SUITE 1001
WILMINGTON, DE 19801
TELEPHONE: (302) 777-0312
tschiltz@wolfblock.com

and

CHAPMAN AND CUTLER LLP
FRANKLIN H. TOP, III
   111 WEST MONROE STREET
CHICAGO, IL 60603
TELEPHONE:  (312) 845-3824
top@chapman.com