## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

In re:                                                          :    Chapter 11
                                                                :
AMERICAN HOME MORTGAGE                                           :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                :    Jointly Administered
                                     Debtors.                   :    **Objection Deadline:  N/A**
                                                                :    **Hearing Date:  N/A**
---------------------------------------------------------------- x

## MOTION OF DEBTOR BORROWERS FOR AN ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 4001(c) AND LOCAL RULE AND 9006-1(e) SCHEDULING A PRELIMINARY HEARING TO CONSIDER THE EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS: (I) AUTHORIZING AND APPROVING THE SECOND AMENDMENT TO POST-PETITION DEBTOR-IN-POSSESSION FINANCING FACILITY PURSUANT TO SECTIONS 105, 363 AND 364 OF THE BANKRUPTCY CODE; (II) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(c); AND (III) GRANTING RELATED RELIEF

American Home Mortgage Investment Corp. American Home Mortgage

Holdings, Inc., American Home Mortgage Corp., American Home Mortgage Acceptance, Inc.,

American Home Mortgage Ventures LLC, Homegate Settlement Services, Inc., and Great Oak

Abstract Corp., each a debtor and debtor in possession (collectively, the "Borrowers"), having

filed substantially contemporaneous herewith their Emergency Motion for Interim and Final

Orders: (I) Authorizing and Approving the Second Amendment to Post-Petition Debtor-In-

Possession Financing Facility Pursuant to Sections 105, 363 and 364 of the Bankruptcy Code;

(II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(c); and (iii) Granting Related

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Relief (the "Motion"),[2] hereby move this Court (the "Scheduling Motion") pursuant to Rule

4001(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), 9006-1(e) of

the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for

the District of Delaware (the "Local Rules") and 11 U.S.C. § 105(a) for an order scheduling a

preliminary hearing to consider the Motion such that the matter may be heard on August 5, 2008

at 3:00 p.m. (ET).

1.     Bankruptcy Rule 4001(b) provides that the debtor must give fifteen days

advance notice of a final hearing concerning a motion for obtaining credit. See Fed. R. Bankr. P.

4001(c). However, Bankruptcy Rule 4001(c) allows the court to conduct a preliminary hearing

during the fifteen-day period. See id. Pursuant to Local Rule 9006-1(e), a request for a

preliminary hearing must be made upon written motion specifying the exigencies supporting the

requested relief. See Del. Bankr. L.R. 9006-1(e); see also Del. Bankr. L.R. 4001-2 (permitting

interim relief when a "financing motion" is filed on or shortly after the petition date and requiring

proof of immediate and irreparable harm, i.e., extraordinary circumstances).

2.     The Debtors submit that there is sufficient cause to justify conducting a

preliminary hearing to consider the relief requested in the Motion. Without approval of the

Second DIP Facility Amendment the Borrowers would be obligated to pay amounts outstanding

under the DIP Facility on August 6, 2008. However, if the Court grants the Interim Order, the

Borrowers will receive an extension of the Maturity Date until the hearing on the Final Order and

the Borrowers will have access to the Beltway Proceeds, an amount approximately equal to $9

million.

3.     The prejudice, if any, to parties in interest with respect to scheduling a

---

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to those terms in the Motion.

DB02:7035843.2                                                                                      066585.1001

preliminary hearing on the Motion, and granting the Interim Order, should be weighed against the fact that (i) the Debtors will be required to pay their obligations under the DIP Facility by August 6, 2008 absent the Court granting the relief set forth in the Interim Order; (ii) the interim relief only provides for approval of the Lenders' consent to the use of the Beltway Proceeds, funds which would otherwise be paid to the Lenders under the terms of the DIP Facility; and (iii) the amount of the amendment fee payable under the Interim Order is based solely on the amount of the Beltway Proceeds made available to the Borrowers, and not the Total Commitment of $30 million.

4.    The Debtor Borrowers propose to serve the Motion on those parties entitled to notice pursuant to Local Rule 2002-1(b) by (i) e-mail on those parties for which the Borrowers have a valid e-mail address, or (ii) hand or overnight delivery on all other parties.

5.    In light of the circumstances, the Borrowers submit that holding a preliminary hearing on August 5, 2008 at 3:00 p.m. (ET), is necessary and appropriate and will not unfairly prejudice any party in interest. The Borrowers further request that any objections to entry of the proposed Interim Order be filed and served on or before August 5, 2008 at 12:00 Noon (ET).

066585.1001

WHEREFORE, the Borrowers respectfully request that the Court enter an order, in substantially the form annexed as Exhibit A, granting the relief requested herein and such other and further relief as is just and proper.

Dated:    Wilmington, Delaware
          August 1, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Sean M. Beach (No. 4070)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Attorneys for Debtors and Debtors in Possession

DB02:7035843.2                                                    066585.1001

# EXHIBIT A

## Proposed Form of Order

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

In re:                  :    Chapter 11 Case No.

                           :

AMERICAN HOME MORTGAGE       :    Case No. 07-11047 (CSS)

HOLDINGS, INC., a Delaware corporation, et al.,[1]     :

                           :    Jointly Administered

                Debtors.      :

                           :    **Ref Docket No. ____**

---------------------------------------------------------------- x

### ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 4001(c) AND LOCAL RULE AND 9006-1(e) SCHEDULING PRELIMINARY HEARING TO CONSIDER EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS: (I) AUTHORIZING AND APPROVING THE SECOND AMENDMENT TO POST-PETITION DEBTOR-IN-POSSESSION FINANCING FACILITY PURSUANT TO SECTIONS 105, 363 AND 364 OF THE BANKRUPTCY CODE; (II) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(C); AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Scheduling Motion")[2] for entry of an

order pursuant to Bankruptcy Rule 4001(c), Local Rule 9006-1(e), and 11 U.S.C. § 105(a) for an

order scheduling a preliminary hearing on the Motion; and the Court finding that (a) it has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Scheduling Motion was due and proper under

the circumstances; and it appearing that the relief requested in the Scheduling Motion is in the

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to those terms in the Scheduling Motion.

best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the relief requested in the Scheduling Motion is; and it is further

ORDERED, that a preliminary hearing on the Motion will be held on August 5, 2008 at 3:00 p.m. (ET) (the "Hearing"); and it is further

ORDERED, that objections, if any, to the interim relief requested in the Motion shall be filed on or before August 5, 2008 at 12:00 Noon (ET); and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated: Wilmington, Delaware
      August ___, 2008

_____
Christopher S. Sontchi
United States Bankruptcy Judge

2