## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------ x | | Chapter 11 |
| In re: | : | |
| | : | |
| AMERICAN HOME MORTGAGE | : | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| ------------------------------------------------ x | : | **Docket Ref. No. 67, 551, 2594 & 5291** |

### INTERIM ORDER (I) AUTHORIZING AND APPROVING THE SECOND AMENDMENT TO POST-PETITION DEBTOR-IN-POSSESSION FINANCING FACILITY PURSUANT TO SECTIONS 105, 363 AND 364 OF THE BANKRUPTCY CODE; (II) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(C); AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion") of American Home Mortgage

Investment Corp. American Home Mortgage Holdings, Inc., American Home Mortgage Corp.,

American Home Mortgage Acceptance, Inc., American Home Mortgage Ventures LLC,

Homegate Settlement Services, Inc., and Great Oak Abstract Corp., each a debtor and debtor in

possession (collectively, the "Borrowers"),[2] for entry of interim and final orders (i) authorizing

and approving that certain *Second Amendment Agreement*, annexed hereto as Exhibit A, by and

among the Borrowers, the Lenders and the Administrative Agent for the Lenders to the

previously-approved DIP Facility, pursuant to sections 105, 363 and 364 of the Bankruptcy

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]    AHM SV is not a Borrower under the DIP Facility.

1

Code, (ii) scheduling a final hearing on the Motion pursuant to Bankruptcy Rule 4001(c), and

(iii) granting related relief;

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS PURSUANT TO**

**BANKRUPTCY RULE 7052:**

A.      **Commencement of Cases**.  On August 6, 2007 (the "<u>Commencement Date</u>"),

each of the debtors in the above-captioned cases (the "<u>Debtors</u>") filed voluntary petitions for

relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their

businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and

1108.  On August 14, 2007, the United States Trustee for the District of Delaware appointed The

Official Committee of Unsecured Creditors (the "<u>Committee</u>") in these cases.  Pursuant to order

of the Court, the Debtors' cases are being jointly administered under the case number above.

B.      **Jurisdiction and Venue**.  The Court has jurisdiction over these proceedings and

the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334 and this is a

core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for proceedings on the Motion is proper

in this Court pursuant to 28 U.S.C. § 1409.

C.      **Notice**.  Notice by facsimile, hand delivery, email and/or overnight courier of the

Emergency Interim hearing has been given to (a) the United States Trustee, (b) counsel for the

Administrative Agent, (c) counsel for Bank of America, N.A. as administrative agent with

respect to a certain secured second amended and restated credit agreement dated as of August 10,

2006, (d) the Committee, and (e) those parties that have entered their appearance and requested

notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  Such notice

satisfies Bankruptcy Rule 4001(c) and (d).

      **D.**    **Necessity of Financing**. The ability of the Borrowers to finance their operations requires the availability of additional working capital, the absence of which would immediately and irreparably harm the Borrowers, their estates and their creditors. The Second DIP Facility Amendment will allow the Borrowers to continue the operation of their businesses and administer and preserve the value of their estates, for the benefit of their estates and creditors.

      **E.**    **No Credit Available on Other Terms**. The Borrowers are unable to obtain unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code or pursuant to sections 364(a) and 364(b) of the Bankruptcy Code.

      **F.**    **Willingness to Lend**. The Lenders are willing to enter into the Second DIP Facility Amendment and to make the loans and authorize the actions thereunder, but only on the terms set forth in the Second DIP Facility including, but not limited to: (i) payment of the Amendment Fee, and (ii) an increase in the Applicable Margin, as set forth in the Motion.

      **G.**    **Business Judgment and Good Faith**. Based on the record before the Court, the terms of the Second DIP Facility Amendment are fair, just, and reasonable under the circumstances, are appropriate for secured financing to a debtor in possession, reflect the Borrowers' exercise of their prudent business judgment consistent with their fiduciary duties, and are supported by reasonably equivalent value and fair consideration. Based on the record before the Court, the terms of the Second DIP Facility Amendment have been negotiated in good faith and at arm's length by and among the parties, with all parties represented by counsel. Based on the record before the Court, any credit extended under the terms of the Second DIP Facility Amendment is hereby found to be extended in good faith by the Lenders as that term is used in section 364(e) of the Bankruptcy Code. Based on the record before the Court, the Secured Parties are hereby found to be acting in good faith within the meaning of section 364(e)

DB02:7036765.1

066585.1001

of the Bankruptcy Code in closing the transactions contemplated in the Second DIP Facility

Amendment after the entry of this Interim Order.  Based on the record before the Court, none of

the Secured Parties is an "insider" or "affiliate" of any of the Debtors (as such terms are defined

in the Bankruptcy Code).

H.      **Property of the Estate**.  Each item of the Collateral constitutes property of the

estate of at least one of the Borrowers.

I.      **Good Cause**.  Authorizing the DIP Facility and other relief granted herein is

necessary, essential, appropriate and in the best interest of the Borrowers, their creditors, and

their estates, as its implementation will, among other effects, provide the Borrowers with the

necessary liquidity to (a) minimize disruptions to their on-going operations, (b) preserve and

maximize the value of their estates for the benefit of all creditors of the Borrowers, and (c) avoid

immediate irreparable harm to the Borrowers, their creditors, their businesses, their employees,

and their estates.

Based on the foregoing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED,** that

1.      The Motion is granted in accordance with the terms of this Interim Order.  Any

objections to the Motion with respect to entry of this Interim Order that have not been

withdrawn, waived, or settled, and all reservations of rights included therein, are hereby denied

and overruled.

2.      The Borrowers are hereby authorized, pursuant to the terms of this Interim Order

and the terms and conditions of the Second DIP Facility Amendment, to use $9,000,000 of the

Beltway Proceeds during the period from the entry of this Interim Order through the entry of the

066585.1001

Final Order, in accordance with, and subject to, the terms of the Second DIP Facility Amendment and this Interim Order.

3.    The Borrowers shall immediately pay from the Beltway Proceeds the Interim Amendment Fee, in the amount of $225,000, and the Interim Amendment Fee shall have administrative expense status pursuant to section 503(b) of the Bankruptcy Code; provided, however, that no amount of the Amendment Fee in excess of the Interim Amendment Fee shall be paid unless and until the Court enters a final order on the Motion.

4.    Notwithstanding any provision of the DIP Facility to the contrary, the Maturity Date under the DIP Facility shall not occur until, at the earliest, August 19, 2008.

5.    Except as expressly set forth in this Interim Order, all terms and provisions of the DIP Facility and the DIP Order shall remain unaltered and in full force and effect in accordance with their terms.

6.    In the event that this Interim Order is hereafter reversed, stayed, modified or vacated by a subsequent order of this Court or any other court of competent jurisdiction, such reversal, stay, modification or vacatur shall not impair, release or affect the validity of any rights granted to the parties to the Amendment hereunder or the validity of any transaction consummated pursuant to and in reliance on the foregoing paragraphs of this Order prior to the effective date of such reversal, stay, modification or vacatur.

7.    Notwithstanding Bankruptcy Rules 6004(h), 7062 or 9014 of the Bankruptcy Rules or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

5

8.      The Final Hearing on the Motion shall be held before the Court on August 18,

2008 at 10:00 a.m.  Objections, if any, to the Motion shall be filed with the Court and served

upon counsel to the Borrowers so as to be received on or before August 11, 2008 at 4:00 p.m.

(prevailing Eastern Time).

9.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: Wilmington, Delaware
         August  5 , 2008

                                                Christopher S. Sontchi
                                                United States Bankruptcy Judge

DB02:7036765.1                                        066585.1001