## Exhibit A

**Letter Agreement Dated November 16, 2007**

# KAYE SCHOLER LLP

Mark Liscio
212 836-7550
Fax 212 836-7151
mlisclo@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

November 16, 2007

**VIA EMAIL**

Pauline Morgan, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Mark S. Indelicato, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY 10022

      Re:   *American Home Mortgage Holdings, Inc., et al.*
             (collectively, the "Debtors")
             Chapter 11 Case No. 07-11047 (CSS)

Dear Pauline and Mark:

      This firm is counsel for Bank of America, N.A. ("BofA") in the above-referenced cases. This will confirm the agreement among BofA, the Debtors, and the Official Committee of Unsecured Creditors appointed in the Debtors' cases (the "Committee"), in connection with (i) the closing of the sale (the "Sale") of the Servicing Business to AHM Acquisition Corp. (the "Purchaser"), (ii) the payment of $4.9 million as a premium for lender private mortgage insurance ("LPMI") that the Debtors have advised will be paid after the Initial Closing under the Asset Purchase Agreement with the Purchaser and (iii) the exchange of information with respect to premiums paid by the Debtors on account of LPMI after the commencement of the Debtors' cases and prior to the Initial Closing. The Debtors and BofA do not agree as to the nature of LPMI obligations or the identity of the party obligated thereunder. BofA has advised the Debtors that the Debtors have not provided BofA with sufficient information to substantiate the Debtors' assertion. As an accommodation to permit the Initial Closing to occur, the parties hereto agree as follows:

      1. Upon the Initial Closing, $5.45 million shall remain in the Servicing Business operating account for purposes of satisfying payment of the $5.45 million of premiums for LPMI, *provided however*, that the foregoing is without acknowledgment by any party hereto as to the nature of such payment or that a specific Debtor is obligated to make such payment.

## KAYE SCHOLER LLP

Pauline Morgan, Esq.
Mark S. Indelecato, Esq.

2

November 16, 2007

2. In consideration of BofA's consent to permit $5.45 million to remain in the Servicing Business operating account, American Home Mortgage Corp. shall immediately wire $5.45 million to BofA, which BofA shall hold in a segregated, interest-bearing account and which funds shall not be released absent either a written agreement among BofA, the Debtors and the Committee or pursuant to an Order of the Bankruptcy Court, following a hearing on appropriate notice to the parties hereto.

3. The Debtors shall provide BofA and the Committee with information necessary to establish the party which is obligated to make the $5.45 million premium payment on account of the LPMI and the source of the funds comprising the $5.45 million which remained in the Servicing Business operating account. The Debtors, BofA and the Committee will attempt to reach agreement regarding the appropriate disposition of the $5.45 million of funds held by BofA pursuant to this letter agreement. In the event the parties hereto are unable to reach agreement, the disposition of such funds will be resolved by the Bankruptcy Court.

4. The Debtors also shall provide the Committee with such information necessary to establish which party was obligated to make any LPMI premium payments from the commencement of the Debtors' cases through the Initial Closing, how such payments were made and the source thereof with copies of such information provided to BofA.

5. The Debtors confirm that they will not draw funds under the existing DIP facility with WLR Recovery Fund III, LP. to make the $5.45 million deposit pursuant to this agreement.

All parties' rights in respect of the subject matter hereof are reserved.

Please acknowledge your agreement to the foregoing on behalf of your respective clients by executing and returning a copy of this letter to me.

Sincerely,

Mark Liscio

AGREED AND ACKNOWLEDGED BY:
The Debtors:

By: *Pauline K Morgan*
Counsel to the Debtors

The Committee:

By: _____
Counsel to the Committee

31567900.DOC

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI

**KAYE SCHOLER LLP**

Pauline Morgan, Esq.   2   November 16, 2007
Mark S. Indelecato, Esq.

2. In consideration of BofA's consent to permit $5.45 million to remain in the Servicing Business operating account, American Home Mortgage Corp. shall immediately wire $5.45 million to BofA, which BofA shall hold in a segregated, interest-bearing account and which funds shall not be released absent either a written agreement among BofA, the Debtors and the Committee or pursuant to an Order of the Bankruptcy Court, following a hearing on appropriate notice to the parties hereto.

3. The Debtors shall provide BofA and the Committee with information necessary to establish the party which is obligated to make the $5.45 million premium payment on account of the LPMI and the source of the funds comprising the $5.45 million which remained in the Servicing Business operating account. The Debtors, BofA and the Committee will attempt to reach agreement regarding the appropriate disposition of the $5.45 million of funds held by BofA pursuant to this letter agreement. In the event the parties hereto are unable to reach agreement, the disposition of such funds will be resolved by the Bankruptcy Court.

4. The Debtors also shall provide the Committee with such information necessary to establish which party was obligated to make any LPMI premium payments from the commencement of the Debtors' cases through the Initial Closing, how such payments were made and the source thereof with copies of such information provided to BofA.

5. The Debtors confirm that they will not draw funds under the existing DIP facility with WLR Recovery Fund III, LP. to make the $5.45 million deposit pursuant to this agreement.

All parties' rights in respect of the subject matter hereof are reserved.

Please acknowledge your agreement to the foregoing on behalf of your respective clients by executing and returning a copy of this letter to me.

Sincerely,

Mark Liscio

AGREED AND ACKNOWLEDGED BY:
The Debtors:

_____

By:_____
Counsel to the Debtors


The Committee:
Hahn + Hessen LLP
By:_____
Counsel to the Committee

31567900.DOC

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI