IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AMERICAN HOME MORTGAGE ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, ) | |
| et al., ) | Jointly Administered |
| ) | |
| Debtors ) | Ref. Docket No. 5095 |

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE: (I) APPROVING SALE PROCEDURES; (II) APPROVING EXPENSE REIMBURSEMENTS; (III) SCHEDULING A HEARING TO CONSIDER SALE OF CERTAIN MORTGAGE LOANS; (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (V) GRANTING RELATED RELIEF**

Upon the consideration of the motion (the "Motion") of American Home Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above-captioned cases (collectively, "AHM" or the "Debtors"),[1] pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), for entry of an order: (i) approving procedures (the "Sale Procedures")[2] with respect to the proposed sale or sales (the "Sale") of certain mortgage loans (collectively, the "Mortgage Loans");[3] (ii) approving the payment of the Expense

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] All terms not otherwise defined herein shall be given the meanings ascribed to them in the Motion or the Sale Procedures, respectively.

[3] As described herein, the Mortgage Loans are all performing loans as of the date of this Motion; however, to the extent that such Mortgage Loans become non-performing loans (i.e., one of the mortgagors of a Mortgage Loan fails

(continued...)

Reimbursements; (iii) scheduling a hearing (the "Sale Hearing") on the Sale and setting objection deadlines with respect to the Sale; (iv) approving the form and manner of notice of an auction for the Mortgage Loans; and (v) granting such other related relief as the Court deems just and proper; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and due and adequate notice of the Motion and the Sale Procedures having been given under the circumstances; and upon the record of the hearing on the Motion held on August 5, 2008, and the full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor:

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.  The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.  The statutory predicates for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C.  For the reasons set forth in the Motion, due and adequate notice of the Motion and the Sale Procedures, and the subject matter thereof has been provided to all parties-in-interest, and no other or further notice is necessary. A reasonable opportunity to object or to be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties.

D.  The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion.

---

to fulfill any of the terms, covenants, conditions or obligations required under the mortgage) or real estate owned ("REO") prior to the Sale Hearing, the Debtors reserve the right to include such loans and REO in the Sale.

E.  The Sale Procedures, substantially the form attached hereto as <u>Exhibit A</u>, are reasonable and appropriate and are designed to maximize the value to be achieved for the Mortgage Loans.

F.  The Debtors' proposed notice of bid deadlines and sale (the "<u>Notice of Proposed Bid Deadlines and Sale</u>"), substantially in the form attached hereto as <u>Exhibit B</u>, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Sale and the Sale Procedures to be employed in connection therewith.

G.  The entry of this Order is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  The Motion is granted.

2.  Except as otherwise expressly provided in this Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits.

3.  The Sale Procedures are hereby approved and shall apply with respect to the Sale of the Mortgage Loans.

4.  Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are hereby authorized and empowered to (i) conduct the Sale for the Mortgage Loans in accordance with the Sale Procedures, and (ii) enter into Sale Agreements for the Mortgage Loans with the respective Successful Bidders and the Second Best Bidders, which Sale Agreements shall be subject to approval by separate order(s) of this Court.

5.  The Notice of Bid Deadlines and Sale to be issued and published in connection with the proposed Sales is approved.

6. Not later than two business days after the entry of this Order, the Debtors will serve copies of the Notice of Bid Deadlines and Sale, the Sale Procedures, and this Order by first-class mail, postage prepaid to: (i) all entities known to have a *bona fide* interest in acquiring the Mortgage Loans; (ii) counsel to the DIP Lender; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) the Office of the United States Trustee for the District of Delaware; (v) known entities holding or asserting a security interest in or lien against any of the Mortgage Loans; (vi) taxing authorities whose rights may be affected by a sale of the Mortgage Loans; (vii) all government agencies required to receive notice of proceedings under the Bankruptcy Rules; and (viii) all parties that have requested notice pursuant to Bankruptcy Rule 2002 as of the date prior to the date of entry of this Order.

7. Not later than five business days after entry of this Order, the Debtors will publish the Notice of Bid Deadlines and Sale, in the national edition of *The Wall Street Journal*. Additionally, the Debtors shall use commercially reasonable efforts to cause the Notice of Bid Deadlines and Sale to be posted on the Bloomberg newswire service.

8. The deadline for submitting Bids shall be 5:00 PM (ET) on August 22, 2008.

9. The Debtors are authorized to select a stalking horse bidder with respect to the purchase of the Mortgage Loans, subject to the following conditions (the "Stalking Horse Bidder"): (i) the Stalking Horse Bidder is not an Insider of the Debtors (as such term is defined by the Bankruptcy Code); (ii) the Committee consents to the Stalking Horse Bidder; (iii) the Stalking Horse Bidder executes an APA, and is fully bound thereby, on substantially similar terms to those set forth in the form APA (the "Stalking Horse Bid"); and (iv) the Debtors file with the Bankruptcy Court and serve on all parties served with the Motion, a notice naming the

Stalking Horse Bidder and attaching an executed, binding APA with the Stalking Horse Bidder on or before August 12, 2008.

10. The Debtors are hereby authorized to pay the Expense Reimbursement, in their sole discretion, with consent of the Committee and in accordance with the terms and conditions of the Sale Procedures.

11. In the event that the Debtors receive two or more Qualified Bids, the Debtors shall conduct an auction (the "Auction") on August 26, 2008 at 10:00 AM (ET) at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware.

12. A hearing to consider the Sale of the Mortgage Loans shall be held before this Court on August 27, 2008, at 10:00 a.m. (ET), or as soon thereafter as counsel and interested parties may be heard.

13. This Order shall be binding upon the Debtors, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest.

14. Notwithstanding anything to the contrary in this Order or the Sale Agreement, to the extent any of the Mortgage Loans are determined to be an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the Purchaser shall remain subject to the same claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as the Purchaser would be subject to such claims and defenses of the consumer if such interest had been purchased at a sale

not under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the Bankruptcy Code.

15. Pursuant to Bankruptcy Rules 7062, 9014, and 6004(h), this Order shall be effective immediately upon entry.

16. This Court shall retain exclusive jurisdiction over any matters related to arising from the implementation of this Order and the Sale Procedures.

Dated: August 5, 2008
Wilmington, Delaware

Christopher S. Sontchi
United States Bankruptcy Judge

DB02:6975476.3     066585.1001