# EXHIBIT A TO SALE PROCEDURES ORDER

## Sale Procedures

## SALE PROCEDURES

These sale procedures (the "Sale Procedures") set forth the process by which American Home Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the chapter 11 proceedings pending before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), jointly administered under Case No. 07-11047 (CSS) (collectively, the "Debtors"),[1] will conduct the sale (the "Sales") of certain Mortgage Loans (as defined below). These procedures, which provide for the sale of the Mortgage Loans via an auction process, have been approved by the Bankruptcy Court pursuant to an order dated August 5, 2008 (the "Sale Procedures Order"). The Sale Procedures are binding upon all bidders and the bidders will have no right to alter these Sale Procedures.

1. Loans to be Sold

The Debtors are owners of certain mortgage loans, subject to the liens of the Debtors' post-petition lenders, which are all first lien loans with respect to which, to date, the mortgagors are fulfilling the terms, covenants, conditions and obligations required under the mortgage (the "Mortgage Loans").[2] As of June 30, 2008, the Debtors own 243 Mortgage Loans with an aggregate unpaid principal balance of approximately $36,641,482. The Debtors provide these Sale Procedures, whereby prospective bidders may compete to submit the highest bid for the purchase of these Mortgage Loans on an "as is, where is" basis, substantially pursuant to the terms of the form Loan Sale and Interim Servicing Agreement (the "APA").

2. Access to Information

Information relevant to the Mortgage Loans shall be made available to potential bidders on the Debtors' Intralinks website within twenty-four (24) hours following the execution by potential bidders of a valid nondisclosure agreement, including certain books and records, material contracts, and other financial information for due diligence investigation. To obtain a copy of a non-disclosure agreement or APA, contact the Debtors' advisers, Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, D.C. 20006 (Attn.: Darryl Conway) Telephone (202) 741-3665. Specific instructions for accessing the information will be provided after execution of such agreements. Interested bidders requesting information about the qualification process, and information in connection with their due diligence, should contact American Home Mortgage Investment Corp., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Damian Voulo) Telephone: (631) 622-3273.

---

[1] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

[2] As described herein, the Mortgage Loans are all performing loans as of July 14, 2008; however, to the extent that such Mortgage Loans become non-performing loans (i.e., one of the mortgagors of a Mortgage Loan fails to fulfill any of the terms, covenants, conditions or obligations required under the mortgage) or real estate owned ("REO") prior to the Sale Hearing, the Debtors reserve the right to include such loans and REO in the Sale.

The diligence period will take place from **August 5, 2008** to **August 22, 2008**. The Debtors will coordinate all reasonable requests for additional information and due diligence access from potential bidders.

3.   Bid Deadlines

The Debtors will be accepting formal, binding, unconditional, irrevocable bids (each, a "Bid"). All Bids must be submitted in writing so that they are **actually** received no later than 5:00 p.m. (ET) on **August 22, 2008** (the "Bid Deadline"). Each bidder must deliver its Bid to: (i) the Debtors, American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Damian Voulo); (ii) advisors to the Debtors, Kroll Zolfo Cooper, 1166 Avenue of the Americas, New York, New York 10036 (Attn: Kevin Nystrom and Bret Fernandes), and Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn.: Darryl Conway); (iii) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: Craig Grear and Sean Beach); and (iv) counsel to the Official Committee of Unsecured Creditors, Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 (Attn.: Mark S. Indelicato and Mark Power).

*Bids may also be submitted by email, on or prior to the Bid Deadline, to each of the following:*

**Damian.Voulo@americanhm.com, dconway@milestonecap.com, knystrom@kroll.com; bfernandes@kroll.com, cgrear@ycst.com, sbeach@ycst.com, MPower@hahnhessen.com, and mindelicato@hahnhessen.com.**

4.   Bid Requirements

Bids must contain:

(a) an executed version of the APA;

(b) a marked or blacklined version of the APA to show any changes to the form APA;

(c) a letter setting forth the identity of the bidder (including an authorized representative thereof), such bidder's counsel, and contact information for such bidder, its authorized representative and its counsel;

(d) written evidence of the bidder's financial ability to pay cash to consummate the Sale (in a form satisfactory to the Debtors, in consultation with the Committee);

(e) written acknowledgement that such Bid is unconditional and not contingent upon any event, including, without limitation, any due diligence investigation, the receipt of financing or any further bidding approval;

(f) written confirmation that such Bid shall remain open and irrevocable until the closing of a Sale to the Successful Bidder or Second Best Bidder;

2

(g) written evidence that the bidder has the requisite corporate or similar authority to consummate the Sale; and

(h) such other information as the Debtors, in consultation with the Committee, may request.

Bids that contain the foregoing shall be "Qualified Bids"; provided, however, that if a Stalking Horse Bidder (as defined below) is chosen pursuant to the Sale Procedures, the value of each Bid must exceed the value of the Stalking Horse Bid (as defined below) by no less than $200,000 to be considered a Qualified Bid. Persons that comply with the foregoing shall be "Qualified Bidders." Each Qualified Bidder shall comply with all reasonable requests for additional information by the Debtors and their advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the Sale. Failure by a Qualified Bidder to comply with requests for additional information may be a basis for the Debtors, in consultation the Committee, to determine that a Bid made by such Qualified Bidder is not a Qualified Bid.

5.  Stalking Horse Bidder

The Debtors reserve the right to name a stalking horse bidder with respect to the purchase of the Mortgage Loans, subject to the following conditions (the "Stalking Horse Bidder"): (i) the Stalking Horse Bidder is not an Insider of the Debtors (as such term is defined by the Bankruptcy Code); (ii) the Committee consents to the Stalking Horse Bidder; (iii) the Stalking Horse Bidder executes an APA, and is fully bound thereby, on substantially similar terms to those set forth in the form APA (the "Stalking Horse Bid"); and (iv) the Debtors file with the Bankruptcy Court and serve on all parties served with the Motion, a notice naming the Stalking Horse Bidder and attaching an executed, binding APA with the Stalking Horse Bidder on or before August 12, 2008. The Stalking Horse Bid shall be deemed a Qualified Bid.

Notwithstanding the foregoing, the Debtors reserve the right to file a separate motion to approve a Stalking Horse Bidder.

6.  Expense Reimbursement

Pursuant to the Sale Procedures Order, the Debtors, with the consent of the Committee, are authorized to award and pay bidder(s) up to $350,000 in the aggregate to reimburse reasonable costs and expenses in connection with the due diligence process of such bidder(s) (the "Expense Reimbursement"). The Expense Reimbursement shall be paid to one or more potential bidders and in such amounts, not to exceed $350,000 in the aggregate, that the Debtors, with the consent of the Committee, determine in their discretion should be awarded. Pursuant to the Sales Procedures Order, the Debtors are authorized to pay a Stalking Horse Bidder a portion of the Expense Reimbursement in an amount not to exceed ~~$150,000~~ [1% of the project purchase price proceeds]. Any Expense Reimbursement awarded to a Stalking Horse Bidder shall reduce the aggregate amount of the available authorized Expense Reimbursement.

Notwithstanding the foregoing, if a potential bidder is notified that they shall be entitled to a portion of the Expense Reimbursement, such Expense Reimbursement shall only be payable to the extent such bidder submits a Qualified Bid. The Expense Reimbursement shall be payable

3

solely from the proceeds received from the Sale and from no other source. To the extent a Sale is not consummated because the Debtors withdraw the Motion, or otherwise, the Debtors and their estates shall not be required to pay and shall not be liable for such Expense Reimbursement even if such Mortgage Loans are sold in the future; provided, however, that the Debtors shall still be authorized to pay the Expense Reimbursement with the consent of the Committee. In addition, the Debtors shall not be required to pay any Expense Reimbursement to a bidder that is determined to be the Successful Bidder.

7. Selection of the Successful Bidder if Only One Qualified Bid Submitted

If only one Qualified Bid is submitted by the Bid Deadline, the Debtors shall not hold an Auction and, if such Qualified Bid is acceptable to the Debtors, in consultation with the Committee, instead shall seek an order of the Bankruptcy Court approving the Qualified Bid on August 27, 2008.

The Debtors reserve the right not proceed with a Sale of the Mortgage Loans at any time, if the Debtors determine, in consultation with the Committee, that the Qualified Bids received for the Mortgage Loans are not sufficiently high in relation to the aggregate principal balance of such loans.

8. Auction Required if Two or More Qualified Bids Are Submitted

If two or more timely Qualified Bids are received by the Bid Deadline, the Debtors will conduct an auction (the "Auction"). The Auction will take place at the offices of Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801 on **August 26, 2008 at 10:00 a.m. (ET)** or such later time and place as the Debtors may provide and that is reasonably acceptable to the Committee, so long as such change is communicated reasonably in advance by the Debtors to all Qualified Bidders.

Qualified Bidders may appear at the Auction in person or telephonically. Telephones and "breakout" rooms will be available to the authorized representatives for use to contact other bidder personnel that are not physically present at the Auction. Any Qualified Bidder that desires to participate at the Auction telephonically shall make such request in writing to the parties identified in Section 3 above. The Debtors, in consultation with the Committee, shall advise such Qualified Bidders in writing whether they will be permitted to appear telephonically at the Auction.

9. Auction Procedures

Only the parties who have submitted a Qualified Bid will be eligible to participate at the Auction. Only the authorized representatives of each of the Qualified Bidders, the Debtors, and the Committee, (collectively, the "Auction Participants") shall be permitted to attend the Auction.

Prior to the commencement of the Auction, in the event that there is no Stalking Horse Bid, the Debtors will announce the highest Qualified Bid submitted and the Qualified Bidder that submitted such highest Qualified Bid. The Debtors will not announce the Qualified Bids submitted by any other Qualified Bidder. The bidding at the Auction for the Mortgage Loans shall start at the purchase price stated in the Stalking Horse Bid or highest Qualified Bid, as applicable. At the Auction, the Qualified Bidders will bid in amounts greater than the then highest Qualified Bid by at least the minimum overbid increment of $200,000. Each Qualified Bidder will be permitted a fair, but limited, amount of time (no more than 15 minutes, unless otherwise agreed by the Debtors in consultation with the Committee) to respond to the previous bid at the Auction. The Auction shall continue until there is only one Qualified Bid for the Mortgage Loans that is the highest Qualified Bid.

Upon the failure of the Debtors to receive an overbid for the Mortgage Loans, or such other time as the Debtors may determine prior to the conclusion of the Auction, the Debtors, in consultation with the Committee, may determine, at which time the highest Qualified Bid (the "Successful Bid") and the bidder making such Qualified Bid (the "Successful Bidder") and the next highest Qualified Bid (the "Second Best Bid") and the bidder making such Qualified Bid (the "Second Best Bidder") and the price shall be identified.

The Debtors intend to close the Auction on or before 5:00 p.m. on August 26, 2008, but reserve the right to continue the Auction beyond such time if bidding on the Mortgage Loans continues.

The Debtors reserve the right to cancel the Auction or not proceed with a Sale at any time, including during the Auction, if the Debtors determine, in consultation with the Committee, that the Qualified Bids received for the Mortgage Loans are not sufficiently high in relation to the aggregate principal balance of such loans.

These procedures, as summarized above, are subject to amendment by Debtors, in consultation with the Committee, at any time, including during the Auction, upon notice to the Qualified Bidders. The procedures established are binding upon all bidders and the bidders will have no right to alter these procedures.

10. <u>Closing of the Sales</u>

The Debtors shall seek an order of the Bankruptcy Court approving the Successful Bid and the Second Best Bid for the Mortgage Loans at a hearing to be held at 10:00 a.m. (ET) on **August 27, 2008** (the "Sale Hearing"). The closing of the Sale with the Successful Bidder for that pool shall occur on or before 10:00 a.m. (ET) on August 28, 2008. In the event that the Successful Bidder does not close before 2:00 p.m. (ET) on August 28, 2008, the Debtors shall be authorized to close with the Second Best Bidder, and the Second Best Bidder will be required to close, at 10:00 a.m. (ET) on August 29, 2008.

The Debtors will present the Successful Bidder and the Successful Bid for the Mortgage Loans to the Bankruptcy Court at the Sale Hearing, at which certain findings will be sought from the Bankruptcy Court regarding the sale process, including, among other things, that (i) the process leading to the selection of the Successful Bid was conducted and the Successful Bidder

was selected in accordance with these Sale Procedures, (ii) the sale process was fair in substance and procedure, and (iii) consummation of the Sale contemplated by the Successful Bid will provide the highest or otherwise best value for the Mortgage Loans and is in the best interests of the Debtors and their estates.

The Debtors shall have accepted a Qualified Bid only when (i) the Qualified Bid is declared the Successful Bid at the Sale Hearing, (ii) the Bankruptcy Court has approved the Successful Bid and an order approving such Successful Bid has been docketed, (iii) definitive documentation has been executed in respect thereof, and (iv) the Sale closes.

11.     Reservation of Rights

The Debtors reserve the right, in consultation with the Committee, upon notice to all parties that have demonstrated an interest in bidding for the Mortgage Loans, to: (i) enter into a stalking horse agreement and seek Court approval of same; (ii) waive terms and conditions set forth herein with respect to any or all potential bidders, (iii) impose additional terms and conditions with respect to any or all potential bidders, (iv) extend the deadlines set forth herein, (v) cancel the sale of the Mortgage Loans and/or Sale Hearing in open court without further notice; (vi) remove some or all of the Mortgage Loans from the Mortgage Loans to be sold, including, without limitation, where such loans are satisfied partially or in full prior to the closing of any Sale; and (vii) amend the Sale Procedures as they may determine to be in the best interests of their estates or to withdraw the Motion at any time with or without prejudice.