## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case Nos. 07-11047 (CSS) |
| HOLDINGS, INC., et al., | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Hearing Date: August 27, 2008 at 10:00 a.m. (ET)** |
| | ) | **Objection Deadline: August 20, 2008 at 4:00 p.m. (ET)** |

### DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019
### AND 11 U.S.C. § 105(a) FOR AN ORDER (A) APPROVING AND AUTHORIZING
### STIPULATION BETWEEN THE DEBTORS AND MCLAIN PARTNERS II, LLC;
### AND (B) VACATING ORDER GRANTING MOTION OF MCLAIN PARTNERS II, LLC
### FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware

corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and

debtors in possession in the above cases (collectively with AHM Holdings, the "Debtors"), by

this motion (the "Motion"), seek entry of an order pursuant to Rule 9019(a) of the Federal Rules

of Bankruptcy Procedure ("Bankruptcy Rules") and section 105(a) of title 11 of the United States

Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), (a) approving a stipulation (the

"Stipulation") by and among the Debtors and McLain Partners II, LLC ("McLain Partners"), a

copy of which is attached as Exhibit A to the proposed form of order annexed hereto (the

"Order"); and (b) vacating the Order Granting Motion of McLain Partners II, LLC for Payment

of Administrative Expense Claim [Docket No. 4293] (the "Administrative Claim Order"). The

Debtors and McLain Partners are referred to herein as the "Parties." In support of the Motion,

the Debtors respectfully represent as follows:

## JURISDICTION

1.        This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is

proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL BACKGROUND

2.        On August 6, 2007 (the "Commencement Date"), each of the Debtors filed

with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Each

Debtor is continuing to operate its business and manage its properties as a debtor in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.        The Debtors' cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to an order of this Court.

4.        On August 14, 2007, the United States Trustee for the District of Delaware

appointed an Official Committee of Unsecured Creditors (the "Committee").  No trustee or

examiner has been appointed.

## RELEVANT BACKGROUND

5.        On March 28, 2008, McLain Partners filed its Motion for Payment of an

Administrative Expense Claim (the "Administrative Claim Motion") [Docket No. 3465].

6.        On May 22, 2008, the Debtors filed an objection to the Motion (the

"Objection") [Docket No. 4171] contesting the validity of McLain Partner's administrative claim

and the Committee filed its Joinder to the Objection [Docket No. 4172].

7.        On May 29, 2008, a hearing was held with respect of the Motion, the

Objection and the Joinder.  After hearing the arguments of counsel, the Court entered the

Administrative Claim Order approving McLain Partner's request for an administrative expense

claim in the amount of $61,250.00 and ordered that payment be made by the Debtors within ten (10) days of entry of the Administrative Claim Order.

8.    On June 9, 2008, the Debtors filed a Notice of Appeal (the "Appeal") with respect to the findings of fact and conclusions of law in the Administrative Claim Order.

9.    Since the filing of the Appeal, the Debtors and McLain Partners have engaged in negotiations in an attempt to settle and resolve the Appeal without the necessity of costly and time-consuming litigation between the Parties.

## SUMMARY OF THE STIPULATION

10.    McLain Partners and the Debtors believe it is in their respective best interests to compromise and settle, without further litigation, the Appeal on the terms and subject to the conditions set forth in the Stipulation. The effectiveness of the Stipulation is conditioned upon approval of the Bankruptcy Court. The principal terms of the Stipulation are as follows:[1]

A.    The Debtors will pay McLain Partners the amount of $55,125.00 (the "Settlement Payment") as an allowed administrative expense claim within ten (10) days of approval of the Stipulation by the Bankruptcy Court.

B.    The Parties will jointly seek entry of an order (i) approving the Stipulation; and (ii) vacating the Administrative Claim Order.

C.    The Parties agree that McLain Partners will not be required to mitigate its allowed administrative expense claim nor will the Debtors be entitled to any offset or reimbursement of any portion of the Settlement Payment for any such amounts by which McLain Partners may mitigate its claim following the execution date of this Stipulation.

D.    Except as to the full and faithful performance of the Stipulation, for good and valuable consideration, McLain Partners, and its respective representatives, heirs, successors and assignees on the

---

[1]    The summary of the Stipulation is qualified in its entirety by the Stipulation. If there are any inconsistencies between the summary contained herein and the Stipulation, the Stipulation shall control. Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Stipulation.

one hand, and the Debtors, and their officers, directors, agents, representatives, attorneys, employees, heirs, successors and assignees, on the other hand, do hereby completely release and forever discharge one another and their past and present agents, employees, attorneys, successors and assigns from all claims, rights demands, actions, obligations, liabilities, attorneys' fee claims and causes of action of any and every kind, nature and character whatsoever, known or unknown, which the parties may now have or have ever had against one another, that are related in any way to that certain Commercial Lease dated December 29, 2005 by and between McLain Partners and American Home Mortgage Corporation up to and including the execution date of this Stipulation, including without limitation, those claims arising from or in any way connected with the subject-matter of the Stipulation and any other litigation that has been filed against the respective parties whether based on tort, contract, or any federal, state or local law or regulation.

## RELIEF REQUESTED

11.    By this Motion, the Debtors respectfully request entry of an order, pursuant to Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code, (a) approving the Stipulation; and (b) vacating the Administrative Claim Order. The Debtors have weighed the costs, risks and disruption that would arise from litigating the Appeal against the compromises contained within the Stipulation. In the Debtors' judgment, the Stipulation is fair and reasonable and serves the best interests of the Debtors, their estates and creditors.

## BASIS FOR RELIEF REQUESTED

**I.      Approval of the Stipulation**

12.    Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P 9019(a). The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy." In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006); see also In re Penn Central Transportation Co., 596 F.2d 1102 (3d Cir. 1979) ("'administering reorganization proceedings in an economical and practical

manner it will often be wise to arrange the settlement of claims . . . .'"), quoting In re Protective Committee for Independent Stockholders of TMT Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968).

13.     In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] itself of all facts necessary to form an intelligent and objective opinion of the probabilities of ultimate success should the claims be litigated, and estimated the complexity, expense and likely duration of such litigation, and other factors relevant to a full and fair assessment of the [claims]." In re Penn Central Transportation Co., 596 F.2d 1127, 1153 (3d Cir. 1979); see also In re Marvel Entertainment Group, Inc., 222 B.R. 243 (D. Del. 1998) (quoting, In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997) (describing "the ultimate inquiry to be whether 'the compromise is fair, reasonable, and in the interest of the estate.'").

14.     The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a settlement should be approved.  The four enumerated factors are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Meyers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996); accord Will v. Northwestern Univ. (In re Nutraquest, Inc.), 434 F.3d 639, 644 (3d Cir. 2006).

15.     The decision to approve a settlement "is within the sound discretion of the bankruptcy court." In re World Health Alternatives, Inc., 344 B.R. at 296; see also In re Neshaminy Office Building Associates, 62 B.R. 798, 803 (E.D. Pa. 1986), cited with approval in Meyers v. Martin (In re Martin), 91 F.3d 389.  The bankruptcy court should not substitute its

judgment for that of the debtor. See In re Neshaminy Office Building Associates, 62 B.R. at 803. The court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to see whether the settlement falls below the lowest point in the range of reasonableness. See In re W.T. Grant and Co., 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 22 (1983); see also In re World Health Alternatives, Inc., 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities.") (internal citations and quotations omitted).

16.     The Debtors respectfully request that the Court approve the Stipulation because the Stipulation lies well above the lowest point in the range of reasonable potential litigation possibilities. In addition, each of the applicable Martin factors weighs in favor of approving the Stipulation. Accordingly, the Stipulation should be approved pursuant to Bankruptcy Rule 9019.

### A.     The Probability Of Success In Litigation

17.     As with all litigation, the probability that the Debtors will prevail in litigating the Appeal is uncertain. Absent the Stipulation, the disputes between the Debtors and McLain Partners would have to be mediated and, provided mediation failed, litigated before the Court with no assurances of a favorable outcome. The resolution of these disputes with McLain Partners under the terms of the Stipulation, without the need for further litigation, is a favorable outcome because it will save the Debtors significant time and expense in the litigation of the Appeal.

**B.    The Complexity Of The Litigation Involved, And The Expense, Inconvenience And Delay Necessarily Attending It**

18.    The Stipulation satisfies the second factor in Martin's four-factor test largely for the reasons set forth above in the discussion of the Debtors' probability of success in litigation. Litigation of the Appeal would involve mediation and litigation of complex legal issues, which would be expensive for the estate and inconvenient for the Parties.

**C.    The Paramount Interest Of Creditors**

19.    Entry into the Stipulation serves the paramount interest of creditors of the Debtors. The Stipulation's resolution of the Appeal represents a savings for the creditors by obviating further litigation, thereby saving the expenses attendant to such litigation, while at the same time reducing McLain Partners' allowed administrative claim. Therefore, the third factor of Martin's four-factor test is satisfied and weighs in favor of the Court approving the Stipulation.

**D.    The Likely Difficulties In Collection**

20.    Finally, the fourth factor enunciated by the Third Circuit in Martin is not applicable under these circumstances.

**E.    Summary**

21.    The settlement of the Appeal embodied in the Stipulation: (i) is fair and equitable; (ii) represents a settlement that rests well above the lowest point in the reasonable range of potential litigation outcomes; (iii) obviates the expense, delay, inconvenience and uncertainty that would attend any litigation of the Appeal; and (iv) advances the paramount interests of creditors. Therefore, the Stipulation satisfies Bankruptcy Rule 9019 and should be approved by the Court.

## II.    Vacation of the Administrative Claim Order

22.    The Debtors, with the consent of McLain Partners, also seek entrance of an order vacating the Administrative Claim Order.  Vacation of the Administrative Claim Order is a significant term of the Stipulation and has been agreed to by both Parties.  And, as the Stipulation is in the best interests of the Debtors, their estates and creditors, as described above, the Debtors respectfully request that the Court vacate the Administrative Claim Order.

### NOTICE

23.    Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Credit Agreement dated August 30, 2004; (iii) Counsel to the Agent for the Debtors' Postpetition Lender; (iv) counsel to the Committee; (v) counsel to McLain Partners; and (vii) all parties entitled to notice under Del. Bankr. LR 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

### NO PREVIOUS REQUEST

24.    No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court issue and enter an

Order, in the form attached hereto as Exhibit A, pursuant to Bankruptcy Rule 9019 and section

105(a) of the Bankruptcy Code, (i) approving the Stipulation, (ii) vacating the Administrative

Claim Order, and (iii) granting such other and further relief as may be just and proper.

Dated:  Wilmington, Delaware
      August 7, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Kara Hammond Coyle (No. 4410)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession