# EXHIBIT A

**Proposed Form of Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case Nos. 07-11047 (CSS) |
| HOLDINGS, INC., et al., | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Docket Ref. No.** |

ORDER (A) APPROVING AND AUTHORIZING STIPULATION
BETWEEN THE DEBTORS AND MCLAIN PARTNERS II, LLC; AND
(B) VACATING ORDER GRANTING MOTION OF MCLAIN PARTNERS II, LLC
FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Upon consideration of the motion (the "Motion")[1] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), (a) approving a stipulation (the "Stipulation") by and among the Debtors and McLain Partners II, LLC ("McLain Partners"), a copy of which is attached hereto as Exhibit A; and (b) vacating the Order Granting Motion of McLain Partners II, LLC for Payment of Administrative Expense Claim [Docket No. 4293] (the "Administrative Claim Order"); and it appearing that the Stipulation and the relief requested in the Motion is in the best interests of the Debtors, their creditors and their estates; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore; it is hereby

ORDERED, that the relief requested in the Motion is hereby granted; and it is

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

further

    ORDERED, that the Stipulation attached hereto as <u>Exhibit A</u> is approved pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019; and it is further

    ORDERED, that the Administrative Claim Order is hereby vacated; and is further

    ORDERED, that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Date: Wilmington, Delaware
    August ____, 2008

                 _____
                 Christopher S. Sontchi
                 United States Bankruptcy Judge

# EXHIBIT A

## Stipulation

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case Nos. 07-11047 (CSS) |
| HOLDINGS, INC., et al., | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**STIPULATION BETWEEN THE DEBTORS AND MCLAIN PARTNERS II, LLC**

This stipulation (the "Stipulation") is executed as of the dates set forth below, by and between McLain Partners II, LLC ("McLain Partners") and American Home Mortgage Holdings, Inc., a Delaware corporation, and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and together with McLain Partners, the "Parties").

### BACKGROUND

A. On August 6, 2007 (the "Petition Date"), each of the Debtors filed separate voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses, as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B. On August 14, 2007, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") in these cases.

C. On March 28, 2008, McLain Partners filed its Motion for Payment of an Administrative Expense Claim (the "Motion") [Docket No. 3465].

D. On May 22, 2008, the Debtors filed an objection to the Motion (the "Objection") [Docket No. 4171] contesting the validity of McLain Partner's

administrative claim and the Committee filed its Joinder to the Objection [Docket No. 4172].

E.  On May 29, 2008, a hearing was held with respect of the Motion, the Objection and the Joinder. After hearing the arguments of counsel, the Court entered an order (the "Order") [Docket No. 4293] approving McLain Partner's request for an administrative expense claim in the amount of $61,250.00 and ordered that payment be made by the Debtors within ten (10) days of entry of the Order.

F.  On June 9, 2008, the Debtors filed a Notice of Appeal (the "Appeal") with respect to the findings of fact and conclusions of law in the Order.

G.  To avoid the cost of litigating the Appeal, and for other good and valuable consideration, McLain Partners and the Debtors have agreed to the following settlement as set forth herein.

NOW, THEREFORE, with the foregoing incorporated herein as if fully set forth at length, McLain Partners and the Debtors stipulate and agree as follows:

1.  Settlement. In full and final settlement of the issues raised in the Motion, as approved by the Order, and in the Objection, the Joinder and the Appeal, McLain Partners and the Debtors agree as follows:

   a.  The Debtors will pay McLain Partners the amount of $55,125.00 (the "Settlement Payment") as an allowed administrative expense claim within ten (10) days of approval of this Stipulation by the Bankruptcy Court.

   b.  The Parties will jointly seek entry of an order (i) approving the Stipulation; and (ii) vacating the Order.

2

      c.    The Parties agree that McLain Partners will not be required to mitigate its allowed administrative expense claim nor will the Debtors be entitled to any offset or reimbursement of any portion of the Settlement Payment for any such amounts by which McLain Partners may mitigate its claim following the execution date of this Stipulation.

      2.    <u>Release</u>.  Except as to the full and faithful performance of this Stipulation, for good and valuable consideration, McLain Partners, and its respective representatives, heirs, successors and assignees on the one hand, and the Debtors, and their officers, directors, agents, representatives, attorneys, employees, heirs, successors and assignees, on the other hand, do hereby completely release and forever discharge one another and their past and present agents, employees, attorneys, successors and assigns from all claims, rights demands, actions, obligations, liabilities, attorneys' fee claims and causes of action of any and every kind, nature and character whatsoever, known or unknown, which the parties may now have or have ever had against one another, that are related in any way to that certain Commercial Lease dated December 29, 2005 by and between McLain Partners and American Home Mortgage Corporation up to and including the execution date of this Stipulation, including without limitation, those claims arising from or in any way connected with the subject-matter of this Stipulation and any other litigation that has been filed against the respective parties whether based on tort, contract, or any federal, state or local law or regulation.

      3.    <u>Condition Precedent</u>.  This Stipulation shall not be binding or effective upon any party until the entry of an order of the Bankruptcy Court approving the terms of this Stipulation.

4. <u>Legal Counsel</u>. Each party to this Stipulation declares and acknowledges that each has had access to independent legal advice of its own selection. Each party shall be liable for its own attorney's fees associated with the negotiation and/or execution of this Stipulation or the subject matter thereof.

5. <u>Joint Drafting</u>. The drafting and negotiation of this Stipulation has been participated in by each of the parties and/or their counsel, and for all purposes this Stipulation shall be deemed to have been drafted jointly by all of the parties, and shall not be strictly construed against any party hereto on the basis of any principle or provision of law providing for strict construction against the drafting party.

6. <u>Authority and Court Approval</u>. The parties to this Stipulation represent and warrant that each has full power and authority to enter into, deliver and perform this Stipulation, subject to the approval of the Bankruptcy Court in the case of the Debtors; that each has not sold, assigned, transferred, conveyed or otherwise disposed of any claims, demands, or rights surrendered by virtue of this Stipulation; and that this Stipulation is enforceable in accordance with its terms.

7. <u>Binding Effect; Governing Law</u>. This Stipulation shall be binding upon and inure to the benefit of the parties and their predecessors, successors, and former, present and future parent corporations, subsidiaries, affiliates, successors, assigns, trustees, administrators, officers, directors, attorneys, agents and employees. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware without regard to conflict of laws requirements. All parties hereto irrevocably consent to the jurisdiction of the Bankruptcy Court for any and all disputes arising under this Stipulation. In addition, all parties agree that any dispute relating to the

enforcement of this Stipulation may be asserted by motion and need not be asserted by the filing of a separate complaint.

8. <u>Amendment</u>. This Stipulation may not be amended, changed, modified, released or discharged except by a writing signed by a duly authorized representative of each of the parties hereto or their successors or permitted assigns and which Amendment will not be binding or effective until approved by the Bankruptcy Court.

9. <u>Headings</u>. The headings contained in this Stipulation are merely for convenience of reference and shall not under any circumstances affect the meaning or interpretation of this Stipulation.

10. <u>Counterparts</u>. This Stipulation may be executed in multiple counterparts, or electronically, each of which when so executed and delivered, shall be an original, but such counterparts shall together constitute one and the same instrument.

11. <u>Entire Stipulation</u>. This Stipulation contains the entire Stipulation between the parties as respects its subject matter. All discussions and Stipulations previously entered between the parties concerning the subject matter of this Stipulation are merged into this Stipulation. Each of the parties covenants that it has not entered into this Stipulation as a result of any representations, warranty, Stipulation, promise or inducement other than as may be specifically provided herein.

DB02:7003221.2                                                                                                                             066585.1001

IN WITNESS WHEREOF, the Parties, through their respective counsel, hereto have executed this Stipulation as of the date referenced above.

Dated: August 7, 2008  
      Wilmington, Delaware

POLSINELLI SHALTON  
FLANIGAN SUELTHAUS PC

By: */s/ Christopher A. Ward*  
Christopher A. Ward (No. 3877)  
222 Delaware Avenue, Suite 1101  
Wilmington, Delaware 19801  
Telephone: (302) 295-4840  
Facsimile: (302) 295-4841  
cward@polsinelli.com

*Counsel for McLain Partners II, LLC*

Dated: August 7, 2008  
      Wilmington, Delaware

YOUNG CONAWAY STARGATT  
& TAYLOR, LLP

By: */s/ Kara Hammond Coyle*  
James L. Patton (No. 2202)  
Pauline K. Morgan (No. 3650)  
Sean M. Beach (No. 4070)  
Matthew B. Lunn (No. 4119)  
Kara Hammond Coyle (No. 4410)  
The Brandywine Building  
1000 N. West Street, 17th Floor  
Wilmington, Delaware 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

*Counsel for Debtors and Debtors-In-Possession*