## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------ x

| | |
|---|---|
| *In re*: | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE | ) Case No. 07-11047 (CSS) |
| HOLDINGS, INC., *et al.*, | ) |
| | ) (Jointly Administered) |
| Debtors. | ) Objection Deadline:  August 11, 2008 at 4:00 p.m. (ET) |
| | ) Hearing Date:  August 18, 2008 @ 10:00 a.m. (ET) |

------------------------------------------------------------------------

**RESPONSE OF DEUTSCHE BANK NATIONAL TRUST COMPANY TO DEBTORS'
THIRTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS  9183, 9184, 9185,
9186, 9187, 9188 and 9189 PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY
CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Deutsche Bank National Trust Company ("DBNTC"), by and through its

undersigned counsel, hereby files this response (the "**Response**") to the Debtors' Thirteenth

Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy code,

Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "**Objection**").  Specifically,

Deutsche responds to the extent the Debtors object to Claims No. 9183 through 9189 inclusive

(the "**Claims**").  In support of this Response, DBNTC respectfully states as follows:

### BACKGROUND

1.      On August 6, 2007 (the "**Petition Date**") the Debtors commenced these

cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the

"**Cases**").

2.      The Court established Friday, January 11, 2008, as the bar date for filing

proofs of claim against the Debtors' estates (the "**Bar Date**").

11114752.1

3.      Prior to the Bar Date DBNTC filed the aforementioned proofs of claim along with an Integrated Proof of Claim fully detailing each of its claims.  A copy of the Integrated Proof of Claim is attached as Exhibit 1

4.      As detailed in the Claims DBNTC is the trustee for several securitization trusts identified in the Integrated Proof of Claim each of the trusts holds mortgage loans originated by/or sold into the trusts by one or more of the Debtors.  As detailed in the Integrated Proof of Claim, DBNTC has several contractual claims some of which are ongoing.  Where specific amounts have accrued, they have been detailed.  To the extent they are ongoing or un-liquidated they have been specifically described.

## ARGUMENT

5.      A proof of claim once filed establishes a "prima facie case" that a debtor objecting to such claim must overcome.  FED. R. BANKR. P. 3001(f); Machinery Rental, Inc. v. Herpel (In re Multiponics, Inc.), 622 F.2d 709, 714 (5th Cir. 1980) (proof of claim is claimant's "prima facie case"); Wilson v. Huffman (In re Missionary Baptist Found. of Am.), 818 F.2d 1135, 1140, 1143 (5th Cir. 1987) ("a claim filed under section 501 of the Bankruptcy Code enjoys prima facie validity"); In re Aerospace Technologies, Inc., 199 B.R. 331, 341 (Bankr. M.D.N.C. 1996) (Under subsection (f) of Bankruptcy Rule 3001 a proof of claim "executed and filed in accordance with these rules" constitutes prima facie evidence of the validity and amount of the claim); Glinxa v. Darmonic Banking Co. (In re Kelton Motors, Inc.), 121 B.R. 166, 190 (Bankr. D. Vt. 1990) (bankruptcy rules provide for a presumption of the validity of a proof of claim); Webster v. Barbara (In re Otis & Edwards, P.C.), 115 B.R. 900, 914 (Bankr. E.D. Mich. 1990) (claimant's insider status does not undermine "the prima facie validity of the verified

proof of claim").  In that regard, the filing of a proof of claim has been likened to the filing of a complaint at the opening of a civil case.  <u>In re Simmons</u>, 765 F.2d 547, 552 (5th Cir. 1985).

6.      Once a creditor files a prima facie valid proof of claim, the burden of proof shifts to the debtor "to produce evidence sufficient to negate the prima facie validity of the filed claim."  <u>In re Allegheny Inter., Inc.</u>, 954 F.2d 167, 173-74 (3d Cir. 1992) <u>In re TIE/Communications, Inc.</u>, 163 B.R. 435, 440-41 (Bankr. D. Del. 1994); <u>In re Nantucket Aircraft Maintenance Co., Inc.</u>, 54 B.R. 86, 88 (Bankr. Mass. 1985) (When an objection to a proof of claim is made, the objecting party carries the burden of going forward with evidence showing facts tending to defeat the claim).  Debtors have given no valid reasons to sustain its objections.

7.      Although the objections to each claim recite by rote that "claimant has failed to provide requested information" in fact <u>at</u> <u>no</u> <u>time</u> have Debtors ever requested any additional information at all.

8.      Indeed filed with the original Proof of Claim, incorporated by reference in each claim objected to, are no less that 275 pages setting forth DBNTC's claims in each of its capacities against each Debtor entity.

9.      In its Integrated claim, a copy of which is attached DBNTC details each of its creditor claims along with damage figures compiled as of the date of the filing along with an offer to provide Debtors with copies of any relevant documents it does not already possess upon request (see for example paragraphs 6 and 13 of Integrated Claim) no request has ever been forthcoming.

10.     It should be noted that most, if no all of the documents relevant to the claims are already in Debtors files which is likely the reason no further documentation has been requested.

11.     In these circumstances it would be inequitable and against prevailing authority to sustain Debtors objections and we respectfully request that Debtors objections to claims 9183, 9184, 9185, 9186, 9187, 9188 and 9189 be overruled.


Dated:  New York, New York
        August 11, 2008

                                    Respectfully submitted,


                          By:  /s/ Lee Harrington
                               Lee Harrington
                               Nixon Peabody LLP
                               437 Madison Avenue
                               New York, New York  10022
                               Tel.:  (212) 940-3091

                               Attorneys for Deutsche Bank National
                               Trust Company

**<u>EXHIBIT 1</u>**

11114752.1