# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

FILED

2008 AUG 11   AM 10: 53

CLERK
U.S. BANKRUPTCY COUR,
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | |
| HOLDINGS, INC., a Delaware corporation, | ) | Case No. 07-11047 (CSS) |
| et. al., | ) | Jointly Administered |
| | ) | |
| Debtors, | ) | |
| | ) | |
| Mona Dobben | ) | |
| Alex Yamamura | ) | **Objection Deadline: TBD** |
| Movant, | ) | **Hearing Date: TBD** |
| | ) | |
| AMERICAN HOME MORTGAGE CORP., | ) | |
| et., al., | ) | |
| | | |
| Respondent. | | |

## EMERGENCY MOTION OF MONA DOBBEN FOR AN

## ORDER FOR RELIEF FROM THE AUTOMATIC STAY

## UNDER SECTION 362 OF THE BANKRUPTCY CODE

Mona Dobben ("Movant"), party in interest herein, and her daughter Alex

Yamamura, party in interest, hereby moves the Court for an emergency order terminating or

annulling the automatic stay, imposed in this case by § 362(a) of Title 11, United States Code, to

permit Movant to file a complaint against Debtors in The Central District of California.  The

complaint is over 300 pages long with over 450 pages of exhibits and includes multiple victims,

including Alex Yamamura. Two additional similiar complaints are pending for additional victims

of the same mortgage fraud group. The FBI has an open ongoing investigation. Due to the

1

complexity and the voluminous nature of the complaint it will not be attached to this Motion, but will be made available for review if needed. Due to the tremendous hardship of Movants being located thousands of miles away and unsuccessful efforts to enlist the help of a Delaware attorney at a price which Movant's could afford, Movant's respectfully ask for a telephonic hearing if Debtors object to this Relief from Stay motion. In support of this Motion to terminate stay, the Movants respectfully represents to the Court as follows:

## **BACKGROUND**

(1) This Relief from stay motion will focus on the conduct of American Home Mortgage and the complaint is in reference to a purchase transaction and the related security interest held on the property known as 38645 37th Street East, Palmdale CA 93550 , loan number #0001702441, identified in the Trust as #1381, which involved multiple parties acting in collusion and civil conspiracy with one another to defraud Movant. Upon information and belief this property was illegally foreclosed on with no notice to Movant and may be currently held in American Home Mortgage REO portfolio and may or may not be included in the sale pending to Beltway Capital LLC or other loan or REO sales. So there is a question as to whether or not this is Debtor estate property.  SEE EXHIBIT _____

(2) Mona Dobben is a 68 year old senior citizen and the victim of a mortgage fraud ring and a convicted felon, Patrick Downey, who acted as the real estate and mortgage broker on the property which is the subject of this motion.  This loan was serviced by the predatory loan servicing unit known as American Home Mortgage Servicing, and this Court authorized a 40% bonus for the  services of those employees during the bankruptcy phase of their employment. For that fee, employees of American Home Mortgage Servicing did violate RESPA by not

2

responding appropriately to a RESPA qualified written request, by reporting negative information on Mona Dobben's credit report during the 60 day investigation timeframe, did not inform her that an investigation was conducted and the outcome because they failed to conduct an investigation, did give her a person to contact, Scott Ellerbee, who wouldn't take her calls, did not correct anything on her account, ignored her current address even though the servicing records clearly show all correspondence to the 37th Street address was returned.

(3) American Home Mortgage Servicing did not respond as required under TILA 1641 (f)(2), and protected the executives of American Home Mortgage and AHMA 2007-5 Loan Trust.

(4) American Home Mortgage Servicing violated the Fair Debt Collections Practices Act, and RESPA in refusing to take Mona Dobben's calls or calls from her advocate, and violated California foreclosure law, conducting a foreclosure on Mona Dobben knowing full well her address was **9208 107th Drive Sun City AZ 85351,** they failed to notify her. American Home Mortgage through counsel, sent Mona Dobben a complete loan file to **9208 107th Drive Sun City AZ 85351** after she petitioned this court in Oct. 2007. So either they sent confidential personal information out inappropriately or they knew full well what her address was. Movant asserts they knew full well what her address was. SEE EXHIBIT____

(5) Movant was targeted by a mortgage fraud ring and purchase contracts and escrows, and disclosures were forged with Movant's signature and forged loan applications were submitted to lenders on nine properties that we know of. Out of that nine, this group was successful in getting four through. One of which was financed by American Home Mortgage.

(6) This loan with American Home was settled on or about April 19, 2007 by a notary who came to Movant's home in AZ. Movant had no idea that this transaction was fraught with

3

fraud and this was in fact an investment swindle was being perpetrated on this senior citizen. The

person acting as real estate broker and mortgage broker had his license **REVOKED** in 1996 for

conviction under Title 18 Section 1341, frauds and swindles, according to California Department

of Real Estate, and fraud investigator for Bear Stearns, John Gray.  This broker is not

licensed to do anything, not real estate sales, investments, or as a mortgage broker. Movant's

servicing records even reveal Patrick Downey the **REVOKED** license broker, attempted to call

in and speak to the AHM servicing unit without authorization. The servicing records refer to, a

"Pat," and "not authorized." SEE EXHIBIT _____

      (7) The "group" he was participating in now under investigation by FBI agent

Kathryn Elroy (LA) (IC), in California. Advocate Paula Rush was the one who discovered this

fraud group through review of Mona Dobben's and other victim's loan documents. Paula Rush

alerted all the lenders, which included EMC/Bear Stearns, Washington Mutual and Countrywide,

with the only <u>exception</u> of American Home who refused to speak with her. It is clear now that

American Home collected or attempted to collect mortgage insurance from MGIC,  which would

have been voided if Fraud was involved in the origination. A clear incentive to refuse the

information.  SEE EXHIBIT _____

      (8)  Historical Real Estate was "signed up" as a broker/agent of "ABC" as was

required of all brokers doing business with, and receiving YSP based incentive rate sheets from

American Home Mortgage. It is alleged that in that capacity, Historical Real Estate was viewing

loan terms based on commission incentives (YSP's) that "ABC" used to entice this broker into

placing Movant into their high profit predatory loan program, the Pay Option Arm. For this

service, "ABC" paid a kickback " YSP" of $6307.88 to Historical Real Estate and this

REVOKED license broker. SEE EXHIBIT _____

<u>Mentecki_v_Saxon_Mortgage</u>  "By their very nature, yield spread premiums are not

compensation given for services actually performed by the broker." *Mentecki v. Saxon Mortgage,*

*Inc., 1997 WL 45088 (E.D. Va.)*

4

(9) No California disclosures were made in connection with this transaction, both real Estate purchase disclosures or mortgage disclosures, someone at Historical Real Estate and Finance simply forged everything. "ABC" prepared the Good Faith Estimate, and would have reviewed and underwritten the loan.  It is clear that documents signed at closing did not match any previous documents, and any monkey underwriter could have caught the fraud. In fact, Countrywide appeared to have rejected this loan, and then accepted it in an American Home Trust on which they were underwriters. SEE EXHIBIT _____

(10) When Mona Dobben's loan was  located in AHMA 2007-5 Trust, it is also became clear that substantial discrimination took place, as a side by side comparison of loans originated at the same time with the same characteristics contained substantially better terms then what was given to Mona Dobben.  It is obvious Mona Dobben's credit score put her in the top 2% of the loans, however she was charged an interest rate, which was in the highest range. This was due to the REVOKED license broker acting as agent for American Home Mortgage and selecting terms off an incentive based  "YSP"  rate sheet to corrupt the fiduciary duty the broker had to Mona Dobben.

(11) This loan was processed through American Home Acceptance through agent Jeanne Brisendine , and serviced by American Home Mortgage Servicing Inc PO Box 660029 Dallas TX 75266-0029. Historical Real Estate and the **REVOKED** license broker Patrick Downey, in association with American Brokers Conduit, a wholly owned subsidiary of American Home Mortgage Holdings, and ABC prepared the good faith documents, processed and approved the loan acting under an ABA contract for brokers and a commitment and incentive based rate sheet. Loan was processed through the American Home Mortgage location at: 1500 W. Shaw Ave. Suite 403 Fresno CA 93711 for the benefit of American Home Mortgage Holdings, 538 Broad hollow Rd. Melville NY 11747.

(12) After these parties originated Movant's loan, Movant's loan was transferred to American Home Mortgage Assets LLC, and parked in a separate legal entity and statutory trust

known as AHMA 2007-5. This entity is outside the bankruptcy but it is unclear if the Debtor

owns residual interest in this trust, and this information has never been formally required as

requested under TILA 1641(f)(2). It is unclear if the property is currently a Debtor REO.

(13)  American Home Mortgage, after failing repeatedly to address Movant's

issues, or respond to any inquiries regarding Movant's loan, American Home Mortgage for the

benefit of AHMA 2007-5 Trust transferred this loan to TD Service Company to foreclose with

no notice to Movant as required under CA law. TD Service Company manager Michelle Pino, on

April 29, 2008 insisted that American Home gave them the go ahead, stating American Home

knew of no other had no other address for Mona Dobben.  Substantial proof exists and is outlined

in this motion of a known address at 9208 107th Drive Sun City AZ 85351. SEE EXHIBIT___

**California Foreclosure Timeline**

| Day 1-Day 90 | Day 90-Day 120 | Day 120-Day 141 |
|---|---|---|
| **Redemption Period** | **Publication Period** | **Trustee's Sale** |
| Lasts 90 days from the recordation of the Notice of Default | Lasts 30 days from the end of Redemption | Held 21 days after first publication |

**Redemption Period** - California foreclosure law states that within 10 business days a copy of
the recorded Notice of Default is sent by **certified and regular mail to the borrowers at all
addresses provided and any recorded special requests.**  A Trustee's Sale Guarantee Report is
ordered from the title company providing all title information. The foreclosure **remains
dormant for the next 60 days unless the borrower makes contact to cure.**

**Publication Period** -California foreclosure law states that the **publication period begins once
the redemption period has expired. (emphasis added)**

(14) On April 11, 2008 Mona Dobben received the first notice after  Movant filed a

forward from the 37th Street address to her home in Sun City AZ.

The postmark mail date from TD Service is 4/3/08. On April 15, 2008, Mona Dobben sent

certified letters to all of the following parties that Mona Dobben was not properly notified of the

foreclosure action. Not one of the parties to this transaction, all of which have been intricately

6

involved in the address issues, stopped or postponed the foreclosure. SEE EXHIBIT _____

Certified letters went to each of the following:

**AMERICAN HOME MORTGAGE ASSETS LLC**
C/O American Home Mortgage Executives
538 Broadhollow Rd. **Melville NY 11747**
President: Michael Strauss Executive
Vice President: Thomas McDonagh
Treasurer and Executive Vice President: Stephen Hozie
Secretary and Executive Vice President: Alan Horn
Independent: Orlando Figueroa

**AMERICAN HOME MORTGAGE ASSETS LLC**
Corporation Service Company
2711 Centerville Road, Suite 400  Wilmington DE 19808

**MGIC (Insurer on Dobben Loan)**
270 E. Kilbourn Avenue Milwaukee, WI 27619

**AH Mortgage Acquisition Co., Inc., an affiliate of**
**WL Ross & Co. LLC** ( New Owner of American Home Servicing after 4/11/08)
1166 Avenue of the Americas New York  New York 10036

**American Home Mortgage Servicing ( Servicer)**
4600 Regent Boulevard, Suite 200 Irving, TX 75063
ATTEN: David Friedman

**Wells Fargo Bank, N.A. ( Master Servicer)**
9062 Old Annapolis Road Columbia  MD 21045
Elisabeth A. Brewster  Vice President

**Wells Fargo Bank, N.A. (Securities Administrator)**
8480 Stagecoach Circle Frederick  MD 21701
CTSLink® Investor Information Services
MS X3801-027

**TD Service Co  (Foreclosure Agent)**
1820 East 1st Street Suite 210 Santa Ana CA. 92705

**Joseph M. McMahon  (Trustee)**
**Office of the United States Trustee**
J. Caleb Boggs Federal Building
**844 King Street Suite 207 Wilmington  DE 19801**

**Chapman Cutler (Attorneys for Wells Fargo)**
Franklin H. Top
111 West Monroe St. Chicago  Illinois  60603-4080

**Deutsche Bank National Trust Company (Indenture Trustee)**
CT Corporations Systems
818 West Seventh St. Los Angeles CA 90017

**Countrywide Securities Corporation (Underwriter)**
The PRENTICE-HALL Corporation Systems, Inc.
2730 Gateway Oaks Drive suite 100  Sacramento CA. 95833

**Weiner, Brodsky, Sidman, Kider (Contact Litigation/RESPA/TILA)**
 **Nancy Hunt**
1300 19th Street NW  - Fifth Floor Washington DC 20036-1609

**Young, Conaway, Stargatt, & Taylor (Signer on Trust for Debtors–Pauline Morgan)**
The Brandywine Building
1000 West Street 17th Floor Wilmington  DE 19801

(15)  Not one of the parties responded or stopped the foreclosure.

(16) On April 29, 2008, Michelle Pino, supervisor for TD Service Company, informed

Mona Dobben's daughter, Alex Yamamura and advocate Paula Rush on a conference call, that

American Home Mortgage had **advised** TD Service Company that they **did not** have Mona

Dobben's address **9208 107th Drive Sun City AZ 85351,** and to continue with the foreclosure

as planned. **This is outrageous considering this:**

A.  September 25, 2007 a fax was sent to Mr. Cruz at American Home Mortgage Servicing

Unit, which contained Mona Dobben's Arizona address, **9208 107th Drive Sun City AZ 85351.**

and authorized advocate Paula Rush to speak with them concerning the loan.

B.  An advocate call into the servicing unit was recorded on 9/25/07. Other calls which were

made by advocate Paula Rush, were not logged in the servicing records to Santana Cruz and

Henry Cruz, and others who did nothing but hang up on her. No one returned or accepted calls.

Months after the initial calls Santana Cruz, saved on Paula Rush answering service, states she

8

was transferred out of the department and she was in to loss mitigation. Paula Rush, then made repeated attempts to reach her with no answer. Repeated calls to American Home Mortgage to discuss this issue were met with the caller disconnected several times after calling 214-260-6806. All anyone ever got was the run around and put into automated voice messaging, disconnected, or employees who have refused to give their names at extension 516-396-7700. Through repeated attempts Ms. Rush finally reached a person who identified himself as Henry Cruz. He would not reveal his position or authority to address this matter. He failed to respond. The communications of this matter has been handled negligently.

C. Mona Dobben petitioned the this Court in October 2007, and Young Conaway Stargatt Taylor sent a FED EX overnight package to **9208 107th Drive Sun City AZ 85351** containing her complete loan file on Oct. 29, 2007. It is illogical to assume that a confidential loan file would be authorized to be sent out to an address unless it was confirmed this was the appropriate address with American Home Mortgage.

D. Mona Dobben's RESPA letter was signed for by American Home Mortgage Servicing on 11/16/07 and contained her address, **9208 107th Drive Sun City AZ 85351**. American Home Mortgage never complied with the request under TILA 1641 (f)(2) contained in her RESPA letter.

E. A letter from Young Conaway Stargatt and Taylor to Mona Dobben at , **9208 107th Drive Sun City AZ 85351**, dated December 19, 2007, asked Mona Dobben to call Scott Ellerbee. He refused all calls. It is not even remotely possible that executives of American Home Mortgage would not have been sent a copy of this letter which clearly has Mona Dobben's, **9208 107th Drive Sun City AZ 85351** on it. SEE EXHIBIT____

F. Scott Ellerbee refused to take her calls or communicate after Mona Dobben was

specifically told to he was the proper person to call. Instead, the law firm of Weiner Brodsky

Sidman Kider imitated contact with Ms. Rush stating they represent the servicing unit and the

servicing unit would not take the calls. Then Nancy Hunt of WBSK, refused to respond to any

calls or emails from Paula Rush. Nancy Hunt, further advised advocate Paula Rush that she

was not "recognized" as an advocate by American Home Mortgage and that they

would not speak with her in reference to Mona Dobben.

G.  Subsequently three conference calls took place on February 5th at 11:35 AM, again

At 1:20 PM, again at 2:14 PM in which Mona Dobben was personally on the line, and still

Scott Ellerbee refused to take or return the calls.

H.  On April 15, 2008 a fax was sent to  TD Service Co., and American Home Mortgage

Servicing, American Home Mortgage- John Kalas, AH Mortgage Acquisitions, Wilbur Ross,

YCST-Pauline Morgan & Kenneth Enos, Chapman Cutler –Franklin Top, WBSK – Nancy Hunt,

and followed up to each party named above in paragraph 10, with a certified package

containing the information about the foreclosure and improper notification, and Movant's

address **9208 107th Drive Sun City AZ 85351.** Again all went unanswered and ignored.

I.   Mona Dobben then gave her daughter Alex Yamamura and Paula Rush a limited Power

of Attorney to speak for her to American Home Mortgage which was included in the certified

packages, and another conference call was attempted   by Yamamura and Rush,

which was also met with no answer or reply. This phone call was specifically an inquiry into the

foreclosure action. So it is particularly egregious that it went unanswered.

J.  The servicing records clearly show between June 2007 and October 2007 all monthly

statements were returned to the servicing unit, yet the servicing unit refused all contacts made by

borrower Mona Dobben, her advocate, or her daughter. They refused to respond to Respa letters,

refused to rescind the loan, and then without the borrower ever getting a payment statement or any loan information, American Home foreclosed without notice.

H. AHM then collected or attempted to collect $100,000 worth of Mortgage insurance from MGIC, claim Number # 24787269. The Trust documents show the loan was insured 25%.

(17) American Home, nor the legal counsel they are hiding behind, seem to understand TILA, RESPA or mandates under Federal or State law for conducting loan originations, loan servicing and foreclosures subjecting the estate to escalating damages.

(18) American Home stated, through counsel, Weiner, Brodsky, Sidman, Kider, they did not "recognize" Paula Rush as an advocate. So basically the methodology is, American Home decides who qualifies as an advocate, who they will or will not speak to, even if it is the borrower who calls, what they will or will not do, even if it is a Federal or State Law. Unfortunately, the law doesn't read, "servicer has permission not to respond if they don't like the person who contacts them." No matter how many times Paula Rush informed them, this wasn't personal and it was part of a larger mortgage fraud issue that she was working on with multiple victims and multiple lenders, American Home refused to respond to her completely. Even when conducting an illegal foreclosure and Mona Dobben gave Paula Rush and her daughter, Alex Yamamura limited power of attorney to help her, American Home refused all calls.

Title 12 Sec. 2605 (e) Duty of loan servicer to respond to borrower inquiries

RESPA provides that, "if any servicer of a federally related mortgage loan receives a qualified written request ("QWR") from the borrower **(or an agent of the borrower)** for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A).

(19) American Home took no action and ignored all requests.

**(2) Action with respect to inquiry**

11

Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, **before taking any action with respect to the inquiry of the borrower, the servicer shall—**
(A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification
of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);
(B) after **conducting an investigation**, provide the borrower with a **written explanation** or clarification that includes—
(i) to the extent applicable, a **statement of the reasons** for which the servicer believes the account of the borrower is correct as determined by the servicer; and
(ii) the **name and telephone number of an individual employed by**, or the office or department of, the servicer who can provide assistance to the borrower; or
(C) **after conducting an investigation**, provide the borrower with a **written explanation** or clarification that includes—
(i) **information requested by the borrower** or an **explanation of why the information requested is unavailable** or cannot be obtained by the servicer; and
(ii) the **name and telephone number of an individual employed by**, or the office or department of, the servicer who can provide assistance to the borrower.

**(3) Protection of credit rating**
**During the 60-day period** beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer **may not provide information regarding any overdue payment**, owed by such borrower and relating to such period or qualified written request,
to any consumer reporting agency (as such term is defined under section 1681a of title 15).

(20) The Federal Trade Commission best practices standards, set forth in the settlement

with Fairbanks Capital Holding Corp. states that borrowers have a right to be treated fairly.

**Mortgage servicers may not:**
   A. Report false information about their delinquencies to national credit bureaus, thus, ruining borrowers' credit ratings.
   B. Intimidate or harasses customers who are behind on their payments.
   C. **Refuse to respond to borrowers' complaints or requests for information.**
   D. Refuse to work out delinquencies using loss mitigation tools.
   E. Stampede homeowners into quick foreclosures.


(21) American Home has refused all pleas for dialogue, for information, or offered any

assistance to resolve the issues presented herein. American Home Mortgage never complied as

required under TILA 1641(f)(2), which was requested in docket #1490, and #2873, and in the

unanswered RESPA QWR, which was signed for on 11/16/07 at 4600 Regent Blvd. Suite 200, Irving TX 75063. American Home has obfuscated efforts to obtain this information and at the same time conducted a foreclosure without disclosing this information or notifying Movant.

(22) American Home's multiple illegal actions did breach the covenant of good faith and fair dealing and breached the contract through willfull and malicious acts of which numerous parties were in collusion or complicit in. American Home, in it's negligent actions has subjected the estate to damages.

(23) In fact, in this Court on October 31, 2007, attorney for the Debtor, Mr. Brady, and witness for the Debtor, Mr., Dickman, put on a convincing show to assert that American Home Mortgage did not have to comply to TILA 1641(f)(2). Months later, after Paula Rush and Laura Beall contacted the trustee and informed him of a recent case in Philadelphia which highlighted obfuscating the true owner of the note, the trustee forced John Kalas compliance officer for American Home to respond and answer requests under TILA 1641(f)(2). The Debtors estate paid WBSK, and YCST, and paid John Kalas a 40% premium for his employment, yet all parties failed to come up with the right answer for the October 31, 2007 hearing and admit that American Home Mortgage must comply with a Federal law.

(24) This is egregious in this case, because they foreclosed on Mona Dobben without ever responding to any of her inquiries, or giving her information required under Federal law. American Home Mortgage is operating it's business through this bankruptcy like to Wild West, no laws apply to them.

A LENDER'S SUBJECTIVE BELIEF THAT IT HAS RESPONDED FULLY TO QUALIFIED WRITTEN REQUESTS IS IMMATERAL. *Holland v. GMAC Mortgage Corp.*, No. 03-2666-CM, 2006 U.S. Dist. LEXIS 25723 (D. Kan. 2006)

GMAC failed to respond to QWRs in violation of 12 U.S.C. § 2605(e) by failing to respond "completely" to a borrower's QWR and to "explain its investigation."

On the response to QWRs issue, the Court determined that, although GMACM had replied in writing to two of plaintiff's QWRs, its responses violated RESPA because GMACM **failed to explain that it had conducted an investigation into the plaintiff's inquiries and failed to address the bulk of the plaintiff's inquiries**. The Court determined that GMACM also had violated RESPA when it failed to respond to the letter it received from the plaintiff's attorney, which constituted a separate QWR (even though GMACM promptly corrected the plaintiff's account information). GMACM contended that there were no RESPA violations because it had subjectively believed that it responded fully to the plaintiff's correspondence. The Court rejected the relevancy of mortgage **companies' subjective beliefs regarding the RESPA rules for QWR compliance.** ( Emphasis added)

(25)  The loan insurer, MGIC was sent information for a claim # 24787269, and Wells Fargo as Master servicer sanctioned the foreclosure on behalf of AHMA 2007-5 Trust owned by American Home Mortgage Assets LLC. These parties will also be held accountable.

(27) Previous filings into this Court, Docket # 1490, and #2873 served as notice to all parties of interest that Mona Dobben has asserted substantial issues, against the originator and whoever the holder of her loan was, in reference to the fraud in origination of this loan transaction and the subsequent servicing of the loan.

(28) It is unclear if American Home Mortgage was negligent to other parties or if other parties were complicit in these activities including, Wells Fargo as Master Servicer, and all other owners of record in American Home Mortgage Assets LLC, and the trust AHMA 2007-5, and MGIC the insurer.

(29)  This loan was originated through Fraud and deception, due to a YSP based incentive to induce Fraud by asserting certain detrimental terms in the loan contract, and creating a loan ignoring obvious forged documents and red flags. American Home negligently processed this loan with lax underwriting standards and failed to identify the mortgage fraud

conducted by several known criminal entities.

(30) American Home continued to service this loan in fraud, ignoring all standards of

Servicing laws and foreclosure mandates. The conversion was complete on April 29, 2008 when

American Home conducted the foreclosure sale and collected insurance.

(31) The loan was originated and processed through American Brokers Conduit 1500

W. Shaw Avenue Suite 403, Fresno CA 93711. AHM lax underwriting and internal corporate

culture allowed and facilitated additional misrepresentations to pass the loan to the next level of

securitization and credit enhancement insurance. AHM was negligent in the origination

underwriting and monitoring of vendors it controlled, negligent in the securitization and insuring

of the loans, and negligent in the subsequent servicing and in foreclosure of this loan.

(32) The servicer at the time of the foreclosure was American Home Mortgage

Servicing, which as of final close was owned by AH Mortgage Acquisitions just in time for the

illegal foreclosure. AH Mortgage Acquisitions conducted the final legal close to purchase the

servicing unit on April 11, 2008, so this foreclosure may or may not legally fall to them for

responsibility. AH Mortgage Acquisitions also received a certified letter which was ignored so

they either participated or were complicit in the act.

(33) This servicing unit has been illegally shielding the parties holding the interest in

this property, which now is evident that this may include the executives of American Home

Mortgage. It has been confirmed on SEC filings that Mona Dobben's loan was in

AHMA 2007-5 Trust, a bankruptcy remote statutory trust, and separate legal entity managed by

the executives of American Home Mortgage, and executive may also hold residual interest in the

trust. According to SEC filings, Pauline Morgan is a signatory on the Trust.

(34) The loan was settled on April 19, 2007 by Titan Escrow Corporation 1216

West Avenue J. Suite 300, Lancaster CA 93534, however not at this business location but at the

Plaintiff's home in 9208 **107th Drive Sun City, AZ 85351** by another Notary.  At that time,

Mona Dobben was asked where she wanted paperwork sent and she asserted that she wanted all

paperwork to come to her at her primary address of 9208 **107th Drive Sun City, AZ 85351.** She

never received any papers and upon information and belief the Broker, Patrick Downey and the

title settlement agent, Titan Escrow acted in collusion to change that information or alter that

information. Titan Escrow certified a document, Amended Escrows instructions, which

contained a forged signature of Mona Dobben.

(35) American Home Mortgage paid a yield Spread premium "YSP" of $6307.88 to

Historical Real Estate, and REVOKED license broker Patrick Downey. Downey even called the

servicing unit after the loan closed as clearly evident in the servicing records.

(36) American Home Mortgage securitized this loan in AHMA 2007-5 trust, which is

a statutory trust and separate legal entity set up by executives of American Home Mortgage. The

biggest windfall may have been to the executives who set up the trust AHMA 2007-5 and earn

fees for managing it. On another trust it was stated that the managers (AHM executives) of the

trust would earn no less than $900,000 per year,  plus bonuses for performance.

(37) Mona. Dobben was the victim of a mortgage fraud ring operating in CA under

Historical Real Estate & Finance, Preferred Real Estate & Finance, and several other business

entities. They orchestrated the fraud with the assistance of Title settlement agents, and even a

Wells Fargo executive who assisted the **REVOKED** license broker, Patrick Downey in creating

a false bank account to show seasoned funds.  Someone associated with this

transaction in Historical Real Estate, forged the purchase contract, the loan application, all

16

disclosures.

## (38) THE PARTIES TO THIS TRANSACTION

### HISTORICAL Real Estate & Finance

Gregory Blair Clark – Officer Historical, Designated Officer/Broker : #00841172 Expiration

1/09/08, has a long history with Downey and is assisting him to conduct business under his

license. Downey's daughter Stacy Eagle is also assisting Downey and may have ownership

interest in Historical.

**Patrick Michael  Downey** acts in the capacity as a real estate broker, mortgage broker, and

investment advisor, under the license of Greg Clark and Historical Real Estate. Downey license

to act in any capacity was REVOKED for previous inappropriate behaviors.

**Preferred Real Estate** principal and listing broker, Ilham Theodory, conducts business from

659 W. Lancaster Blvd. Lancaster CA 93534 or 646 Lancaster Blvd. Suite 101 Lancaster CA

93534.  She is also known as Ilham Fasheh or Ilham Theodory, and sellers of properties are

family members, friends and employees.

This group attempted to stick Mona Dobben in nine properties all at once.

### Under Preferred license several co-conspirators operate including:

Michael Hansen – Appraiser on multiple transactions, seller on another, faxed the forged

purchase contract on 38645 37th St. Palmdale CA. (the subject of this complaint) from his

business, Hansen Appraisal.

Samer Theodory # 01501831 Expiration 11/04/09, relation of Ilham Theodory, listing broker and

rental management agent, was the seller on two failed transactions that this group attempted on

Dobben.

Michael and Sara Hansen (employees- appraisers).

Samer Theodory (employee/family) # 01501831 Expiration 11/04/09, of Ilham Theodory, was

the seller on two failed transactions that this group attempted on Dobben.

Michael and Marina Fasheh were sellers on one transactions which was successful, and

Nahida Fashesh (family- failed transaction), was the seller on two which failed.

Samer Theodory ( family- failed transaction), Michael and Sara Hansen ( employees-

appraisers).

Maymoun and Haddad, former owner of the property, are co-conspirators with Ilham Theodory,

and upon information  may be familial relations to Theodory. Ayoub Haddad has been an

employee of Preferred.

   All of these parties are known to have done business on more than one occasion and upon

information and belief do business regularly with Ilham Theodory /Preferred Real Estate, and

Patrick Downey/ Historical Real Estate.

   (39) American Home willingly assisted in this massive fraud, and any monkey

underwriter could have identified the forged documents, and obvious red flags. American Home

Mortgage on their way out, and according to the California DRE, their license was about to be

REVOKED, as an audit revealed they did not meet the minimum net worth requirements for

holding a CA finance lender license.  AHM cared little about what they were doing to borrowers

at that point in time. Due to the gross negligence of AHM, Mona Dobben has suffered

substantially and even when confronted with issues, AHM chose to increase the damages instead

of mitigating them by finalizing the destruction with an illegal foreclosure. SEE EXHIBIT ____

## RELIEF FROM STAY

   (40) Movant is seeking relief from the automatic stay to permit her to file a complaint

18

in the United States District Court for the Central District of California, against Debtor American

Home Mortgage Corp, *et al.,* ("Debtor"), and other associated non debtor subsidiaries, and

possibly other associated parties not included as Debtors in this bankruptcy case.

(41) The complaint Movant seeks to file originates from Debtor's participation in the

origination and servicing and violations of Movants rights. The complaint further includes a non-

debtor related entity, American Home Mortgage Assets LLC, which upon information and belief

was the holder of Mona Dobben's loan in AHMA 2007-5 Trust.

(42) In April, after no results for dialogue with American Home Mortgage, Mona Dobben

did file a forward from this address to her home in AZ. On April 11, 2007 a letter was forwarded

from 37th Street address to Mona Dobben, and only at that time did she become aware that a

foreclosure had been initiated on the subject property know as 38645 37th Street East, Palmdale

Ca., 93550.  The bankruptcy stay prevented any last minute blocks.

(43) The servicing records obtained after petitioning the bankruptcy Court in October of

2007, clearly show that all previous correspondence sent by American Home Mortgage to Mona

Dobben had been returned from the 37th St. address.  Nonetheless, American Home repeatedly

refused to take the appropriate action and correct the mailing address.  AHM obviously had the

correct address.  AHM conducted a foreclosure **choosing** to send notifications to the incorrect

address to ensure Movant had no rights or time to respond.

(44) Mona Dobben sent a certified RESPA letter clearly stating her address. On

19

numerous occasions, as outlined in filings, advocate Paula Rush had attempted to communicate to

the servicing unit to assist senior citizen Mona Dobben. Mona Dobben petitioned into the

bankruptcy court. A letter was sent to Mona Dobben and advocate Paula Rush by Young,

Conaway, Stargatt and Taylor, which proves that American Home Mortgage and counsel for

American Home Mortgage knew that this was the address which Mona Dobben resided at.

(45)  AHM would like to assert that this is not proof they knew the address, then

perhaps AHM would like to explain why they authorized their attorneys to send a confidential

loan file of Mona Dobben's to **9208 107th Drive Sun City AZ 85351** instead of the 37th Street

address.

(46) In the letter dated December 19, 2007,  YCST asserted that Mona Dobben should

call the servicing unit, but on numerous occasions and attempts, American Home employees and

executive refused to take the calls. Interestingly at the same time this letter was sent, American

Home Mortgage was entering a Notice of Default and that Notice was sent to 37th Street address.

(47) Knowing the correct address, American Home Mortgage still decided to send all

foreclosure notices to an improper address and ignore strict California law concerning

notification of foreclosure.

(48) This was an illegal, predatory, fraud transaction based on forged documents,

which was  further complicated by predatory servicing, breaching numerous consumer laws.

American Home on behalf of the Trust, now collects insurance from MGIC, on a transaction

20

based in fraud and foreclosed in fraud, for the benefit of the holders of the securities in American

Home Mortgage Assets LLC Trust AHMA 2007-5. This may include financial benefit to

executives of American Home Mortgage, while destroying a 68-year-old senior citizen. The utter

disregard in every way of American Home Mortgage for abiding by laws, or any code of ethical

behavior is reaching a new low while under the protection of this Court.

(49)  The full complaint encompasses four loan transactions which were consummated

and five more that were attempted but failed on Mona Dobben, and numerous other victims.  The

full complaint is well over 300 pages long and has over 450 Exhibits, so due to the voluminous

nature, for the purpose of this motion, it has been edited to the specific issues in relation to

American Home Mortgage.

(50)  Movant has been unable to initiate her action due to the automatic stay imposed and

has exhausted every other means of a remedy other than legal action. The Movants financial and

emotional health is at substantial risk and American Home Mortgage and legal counsel for

American Home Mortgage has compounded the issues by failing to respond to any inquires of

Movant, her advocate, or her daughter.  American Home Mortgage did conduct an illegal

foreclosure with no communication of such with Movant, making this an urgent matter for cause.

(51)  The complaint further includes, multiple Defendants and  victims, in reference to a

mortgage fraud ring operating in CA, therefore it would be inequitable and impossible to

prosecute this action anywhere else other then in California.

(52) American Home Mortgage has refused to comply with TILA 1641(f)(2), however

upon information found in Mona Dobben's servicing records, American Home Mortgage attempted to sell this fraudulent loan to Countrywide and it was immediately rejected and American Home Mortgage then placed this loan in AHMA 2007-5 which is a Trust created and owned by American Home Mortgage Assets LLC. Mona Dobben's loan is found in SEC filings in this trust and identified as #1381. This information did not come from compliance with TILA 1641 (f)(2), but was discovered from many hours of independent investigation.

(53) In addition to the foregoing, Mona Dobben servicing records also show a similar problem as was revealed in another borrowers servicing records; that somehow Mona Dobben's loan may at one have been located or pledged through American Home Bank.

(54) Movant and Paula Rush jointly received letters from Young, Conaway, Stargatt & Taylor, dated December 19, 2007 that stated Movant should contact Scott Ellerbee. However Movant's attempted to call on a conference call with Paula Rush and those calls were also met with no answer. Subsequently, Ms. Rush received a letter from Weiner, Brodsky, Sidman, Kider stating that she is not "recognized" as an advocate by American Home Mortgage and they will not allow her to help Ms. Dobben. Most recently, Mona Dobben gave Paula Rush and her daughter Alex Yamamura Power of Attorney to speak on her behalf with American Home, and once again Alex Yamamura and Paula Rush attempted to conference call with Scott Ellerbee. Just as previously, he refused to take the calls. SEE EXHIBIT _____

(55) Although Paula Rush has informed American Home Mortgage and Weiner, Brodsky, Sidman, Kider, that she is the one who identified this fraud ring to the FBI in CA on this matter, is assisting nine victims as an consumer advocate, and is "recognized" as the advocate for all these parties by, FBI, EMC/Bear Stearns, Countrywide, Washington Mutual, and numerous other lenders, American Home has no interest in cooperating or assisting Movant.

(55) Movant is alleging multiple incidences of obfuscating the issue of true owner the note, conflicting paper trail records, and an outright refusal of honesty and integrity, including misrepresenting compliance under TILA 1641(f)(2) to this Court on October 31, 2007. Compliance attorney for American Home, John Kalas, did provide information to another

22

borrower confirming that compliance was required under TILA 1641(f)(2). Each time Movant was seeking among other things, disclosure under TILA 1641(f)(2) it was ignored.

(56) Movant sent a release letter requesting American Home speak with Ms. Rush as her advocate on Sept. 25, 2007, petitioned on Oct. 31, 2007 and did receive her loan file, and Movant sent a RESPA "qualified written request" on November 13, 2007. American Home did not acknowledge the RESPA request within 20 days, and has not complied to correct any issue within a 60 day period of time, or inform Movant that an investigation was conducted and although Mona Dobben did receive a contact person, that person has refused to take her calls as required.

(57) Movant's loan is fraught with issues of fraud, issues which upon information and belief were known to American Home Mortgage when Countrywide rejected the purchase of the loan, and again when the servicing records clearly show they noted the call from advocate Paula Rush, informing them of issues of Fraud. How did they respond? To pay the MGIC the insurance premium which was due the month before knowing the loan was fraud. All of these issues have never been addressed or any dialogue for any kind of resolution for Movant.

(58) On or about April 10, 2007, the California Department of Corporations conducted an audit of American Home Mortgage financial statements for the period ending on February 28, 2007. This revealed that American Home Mortgage did not meet the tangible net requirements of $250,000 required to be licensed in CA. Subsequently a review was conducted of the statements ending on April 30, 2007 and it was determined that American Home Mortgage had a net worth deficiency of 31, 982. During this timeframe, American Home Mortgage obviously cared little about the quality of the loans it was originating and ignored all the obvious red flags on Movant's loan transaction. The purchase agreement, loan application, all initial disclosures, were forged. American Home had documents of real signatures and forged signature which look nothing alike, yet they chose to ignore the red flags and attempt to sell off the loan to Countrywide.

(59) Maintaining the stay will cause Movant irreparable harm that far outweighs any

harm it may cause to the Debtor. In fact, serious harm was just inflicted as American Home conducted the foreclosure with no notice to Movant. Movant's credit has been substantially harmed already as her credit score of 814 has plummeted to 500's and the foreclosure reporting will lower it even further. To the Debtor, Movant's financial and emotional health is meaningless and her loan is just a piece of paper to buy, sell, trade and pledge, with no regard to horrendous situation Movant finds herself in, while they hide in bankruptcy and behind an army of attorneys.

(60) As this Court is well aware, Movant has exhausted every other avenue for resolution, and it is abundantly clear, short of a lawsuit, complete with discovery, interrogatories, and subpoenas, Movant will never get any resolution, and the due process she is entitled to. Denying relief from stay will significantly prejudice Movant. Debtor is a necessary and indispensable party to Movant's suit.

## THERE IS CAUSE FOR THE COURT TO GRANT RELIEF FROM THE STAY

**(61)** Section 362(d)(1) of the Bankruptcy Code provides that the court shall grant relief from the automatic stay for "cause." 11 U.S.C. § 3269(d). There is no rigid test for determining whether sufficient cause exists to modify an automatic stay. American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines), 152 B.R. 420, 424 (D.Del. 1993).

(62) Cause may be established by a single factor such as a desire to permit an action to proceed in another tribunal or the lack of any connection with or interference with the pending bankruptcy case. Izzarelli v. Rexene (In re Rexene), 141 B.R. 574, 576 (Bankr.D.Del.1992); American Airlines, Inc., 152 B.R. at 426, ("Where neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay.") (emphasis added)

(63) In determining whether to grant relief from stay, courts generally consider three factors: (1) whether any great prejudice to either the bankrupt estate or the Debtor will result from continuation of the civil suit, (2) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the Debtor and (3)

24

whether the creditor has a probability of prevailing on the merits. American Airlines, 152 B.R. at 424;    Izzarelli, 141 B.R. at 576; Save Power Ltd. v. Pursuit Athletic Footwear, Inc., (In re Pursuit Athletic Footwear), 193 B.R. 713, 718 (Bankr.D.Del 1996).

(64) In the interest of justice and fairness, American Home Mortgage can't be protected from Fraud by the Bankruptcy court as stated clearly by the Supreme Court of the United States of America. Bankruptcy is for the honest but unfortunate Debtor.  It would be inequitable to allow American Home to use this Court to protect itself and  executives from allegations of fraud, misappropriation of assets, willful conversion, intentional infliction of emotional distress, punitive damages, and the equitable remedies.

(65) The Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, carrying forth a basic policy of affording relief only to an "honest but unfortunate debtor."  Congress did not favor giving perpetrators of fraud a fresh start (by allowing them to wipe out their debts in bankruptcy) over the interest in protecting victims of fraud when it wrote the Bankruptcy Laws.

Accordingly, Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge in bankruptcy "any debt ….. for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

It is not only the actual value of the "money, **property,** services, or . . . credit" the debtor obtained through alleged fraud that is **non-dischargeable** in bankruptcy, but also treble "punitive" damages and attorney's fees and costs related to the alleged fraud. This was made clear in a March 25, 1998 decision of the Supreme Court of the United States in Cohen v. de la Cruz.
Debts which can't be discharged in bankruptcy….
(8) Debts incurred due to false statements made with the intent to deceive
 (9) Fraud committed in a fiduciary capacity, such as embezzlement or larceny
(10) Punitive damage claims for "willful and malicious" acts

In re Arm, 87 F.3d 1046 (9th Cir. 1996)

§ 523(a)(2) Indirect benefit from fraud in which debtor participates is sufficient to find debt is nondischargeable.

In re Arm, 87 F.3d 1046 (9th Cir. 1996)

"We make clear, what we have not held before, that the indirect benefit to the debtor from a fraud in which he participates is sufficient to prevent the debtor from receiving the benefits that bankruptcy law accords the honest person. *See In re Ashley*, 903 F.2d 599, 604, n. 4 (9th Cir. 1990)."

In re Arm, 175 B.R. 349 (9th Cir. B.A.P. 1994), *aff'd*, 87 F.3d 1046 (9th Cir. 1996)

Benefit to debtor need not be direct.


In re Begun, 136 B.R. 490, 494 (Bankr. S.D. Ohio 1992)

"False Pretense" involves an implied misrepresentation or conduct intended to create or foster a false impression . . . . A false pretense has been defined to include a "mute charade" where the debtor's conduct is designed to convey an impression without oral representation. . . . . A "false representation" on the other hand is an expressed misrepresentation.


In re Levy, 951 F.2d 196 (9th Cir. 1991), *cert. denied*, 504 U.S. 985 (1992)

Punitive damage award not excepted from discharge under § 523(a)(2).


In re Britton, 950 F.2d 602 (9th Cir. 1991)

Punitive damages not discharged under § 523(a)(6). Review of standard.


In re Graziano, 35 B.R. 589, 594 (Bankr. E.D.N.Y. 1983)

Embezzlement = "fraudulent appropriation by a person to whom such property has been entrusted or into whose hands it has lawfully come."


In re Itule, 114 B.R. 206 (9th Cir. B.A.P. 1990)

Willful conversion - calculation of damages.


**LIFTING THE STAY WILL NOT PREJUDICE AMERICAN HOME**

26

## OR THE BANKRUPT ESTATE

(66)  American Home Mortgage Holdings, Inc., et. al., is a large corporation, which prior to the bankruptcy was conducting business on a nation-wide scale. In addition, it is possible that the Trust which owns Movant's loan will be the party who will have to defend the suit. AHMA 2007-5 Trust is a separate legal entity which can be sued and which holds insurance. The servicing issues and illegal foreclosure will presumably fall to AH Mortgage Acquisitions as the final legal close occurred on April 11, 2008 and the foreclosure occurred on April 29, 2008. Because Movant's Federal Court Action concerns Debtor's alleged tortuous and negligent conduct, the action is presumably covered by Debtor's liability insurance.

(67) The title insurer, TransNations Title Insurance Company, may have to defend the action due to an attack on the lender's title to the property, and due to the alleged fraud in loan origination. Title insurance covers the lender for clouds on a title, losses due to a borrower's claim of fraud, undue influence or duress, against the lender for found violations and remedies due the borrower. Since American Home Mortgage Servicing, did go forward with the foreclosure without even communicating this Movant, the title insurer may also defend against claims post foreclosure when a non-judicial and trustee foreclosure's required procedure which was not followed; and an adverse claim of equitable lien.

(68) Other associated parties may have to defend this action and are covered by insurance, such as Wells Fargo as master servicer of AHMA 2007-5, the party who sanctioned the foreclosure in that role, owners and investors in AHMA 2007-5 Trust, which upon information and belief  includes executives of American Home Mortgage, and all are covered by liability insurance. Therefore, the liability may be shared by numerous parties of interest.

(69)  Thus, in the event of a ruling in favor of Movant in the Federal Court Action, the insurers and other parties, and  not the Debtor, will potentially be saddled with the burden and cost of defending the suit and any subsequent recovery. See, Collier on Bankruptcy, 15th Ed. Revised, § 362.07[3][a][i]

("When the court is reasonably confident that the policy proceeds will be sufficient to satisfy all

27

creditors with claims that may be paid under the policy, the court should grant relief from the stay to permit an action either against the Debtor, if necessary, or directly against the insurer. Because the policy proceeds will be available only to creditors with the type of claims covered by the policy, there is no depletion of assets...[m]oreover, the insurer will almost invariably be responsible for the cost of defense, so there should be no added expense for the estate.")

### THE HARDSHIP TO MONA DOBBEN

### <u>OUTWEIGHS ANY HARDSHIP TO DEBTOR</u>

(70) Movant will be severely prejudiced if relief from stay is not granted. American Home is a necessary and indispensable party in the Federal Court action, whose participation as a defendant is critical to Movant's presentation of her case. The harm to the Movant maintaining the stay considerably outweighs any prejudice to the Debtor or the estate.

(71) Movant's complaint is attached and needs to be filed immediately without delay due to American Home Mortgage conducting the foreclosure on April 29, 2007, and completing the ruining of Movant's Credit thereby. Movant has not received any contact from American Home Mortgage and as described in this Motion for Relief from stay, American Home purposefully and willfully ignored Movant.

(72) It is urgent that Movant get relief from the automatic stay to ensure she can exercise her rights to due process and restore her credit rating and seek the relief and remedies she is entitled to.

### <u>MONA DOBBEN WILL PREVAIL ON THE MERITS</u>

(73) The facts as fully set forth herein, demonstrate the seriousness of her allegations and the substantial likelihood that she will prevail on the merits of her claim.

(74) Based on the foregoing, Movant has demonstrated a sufficiently strong possibility of prevailing on the merits to justify granting relief from the automatic stay. ( <u>See, American</u>

Airlines, Inc., 152 B.R. at 426, ( "Even a slight probability of success on the merits may be sufficient to support lifting the automatic stay.")

(75) Movant's lawsuit, is available for review if necessary.


### THERE IS CAUSE FOR THE COURT TO GRANT RELIEF FROM THE STAY

**(76)** Section 362(d)(1) of the Bankruptcy Code provides that the court shall grant relief from the automatic stay for "cause". 11 U.S.C. § 3269(d). There is no rigid test for determining whether sufficient cause exists to modify an automatic stay. American Airlines, Inc. v. Continental Airlines, Inc. (In re. Continental Airlines). 152 B.R. 420, 424 (D.Del. 1993) Cause may be established by a single factor such as a desire to permit an action to proceed in another tribunal or the lack of any connection with or interference with the pending bankruptcy case. Izzarelli v. Rexene ( In re Rexene), 141 B. R. 574, 576 ( Bankr. D. Del. 1992); American Airlines Inc., 152 B.R. at 426, ( "Where neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay.")( emphasis added)

(77) In determining whether to grant relief from stay, court generally consider three factors: (1) whether any great prejudice to either the bankrupt estate or the Debtor will result from continuation of the civil suit, (2) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the Debtor and (3) whether the creditor has a probability of prevailing on the merits. American Airlines, 152 B.R. at 424; Izzarelli, 141 B.R. at 576; Save Power Ltd. v. Pursuit Athletic Footwear, Inc., (In re Pursuit Athletic Footwear), 193 B.R. 713, 718 ( Bankr. D. Del. 1996).   In re Kemble, 776 F.2d 802 (9th Cir. 1985) Judicial economy alone justifies lifting stay to permit state ct lawsuit to proceed.

## CONCLUSION

(78)   Movants are entitled to relief from the automatic stay for the reasons stated herein.

Movant's right to petition for redress of her grievances would not be adequately protected

if the stay is to remain in full force and effect, in that Debtor will not be made to answer for its

alleged tortuous and negligent acts. Movant lives in Arizona and this action centers around a set of

circumstances that occurred in California and is being investigated by the FBI in California, so

Movant would be substantially harmed by not being allowed to prosecute her claims in the

appropriate venue of the State of California.

(79) Borrowers, like Ms. Dobben attempting to communicate and solve urgent problems

are met with many Federal and State laws being broken in the process. The effect

of which will bring hardships on  the Debtor's estate and others, as  borrowers have no choice but

to file lawsuits to address the issues they face. AHM is not engaging in any loss mitigation, or any

other specific rules  set forth by loan insurers, investors and others. Now it is becoming clear this

may be due to the fact that it is American Home  Mortgage executives who control Ms. Dobben's

loan in a trust they created, manage,  along with other associated parties hold controlling

interest. Therefore American Home executives are using their bankrupt entity, to  hide behind and

hide the activities of their  non debtor affiliated, American Home Mortgage Assets LLC, and

themselves as owners and managers of AHMA 2007-5 Trust.

 **WHEREFORE**, Movant prays:

(1) For an Order granting Movant relief from the automatic stay provisions of section

362 of the Bankruptcy Code;

(2) For an Order permitting Movant to initiate the Federal Court Action to prosecute

her cause of action against American Home Mortgage Corp., *et. al.*; and

(3) For such other and further relief as is to the Court deems just and proper.

Dated;  July __, 2008

_____
Alex Yamamura
12429 N.  68th St. Scottsdale AZ. 85254
480-474-4748
RyanProductions@aol.com


_____
Mona Dobben
9208 107th Drive Sun City AZ 85351

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation,<br>et. al.,<br><br>                    Debtors,<br><br>Mona Dobben<br>Alex Yamamura<br>                    Movants,<br><br>AMERICAN HOME MORTGAGE CORP.,<br>et., al.,<br>                    Respondent. | ) Chapter 11<br>)<br>)<br>) Case No. 07-11047 (CSS)<br>) Jointly Administered<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING EMERGENCY MOTION FOR

## RELIEF FROM AUTOMATIC STAY

Upon the emergency motion (the "Motion") of Moan Dobben and Alex Yamamura ("Movants"), for relief from the automatic stay; and adequate notice was sufficient and proper; and sufficient cause appearing therefore; it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the automatic stay imposed by Section 362 of Bankruptcy Code is modified to enable Movants to file a lawsuit in the Central District of California, and satisfy any judgement awarded or settlement reached from the Debtors' insurance.

Dated:_____

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of July, 2008, a copy of the foregoing Motion was mailed first class postage paid to:

Counsel for Debtors:
Pauline K. Morgan, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box. 391
Wilmington DE 19899-0391
Phone: 302-571-6600
Fax: 302-571-0453

Official Committee of Unsecured Creditors
Mark Indelicato, Esq.
Hahn & Hessen LLP
488 Madison Ave. 14th & 15th Floor
New York,  NY 10022

Joseph  M. McMahon Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801
Phone: 302-573-6491
Fax: 302-573-6497


**AMERICAN HOME MORTGAGE ASSETS LLC**
 Corporation Service Company
 2711 Centerville Road, Suite 400  Wilmington DE 19808

**AH Mortgage Acquisition Co., Inc., an affiliate of**
**WL Ross & Co. LLC** ( New Owner of American Home Servicing after 4/11/08)
1166 Avenue of the Americas New York  New York 10036

**Wells Fargo Bank, N.A. ( Master Servicer)**
9062 Old Annapolis Road Columbia  MD 21045
Elisabeth A. Brewster  Vice President

**Chapman Cutler**
Franklin H. Top
111 West Monroe St. Chicago  Illinois  60603-4080

**Deutsche Bank National Trust Company**
**CT Corporations Systems**
818 West Seventh St. Los Angeles CA 90017

Date: 7-21-08 Movant: _C Mona Dobben_

Date: 7/21/08 Movant: _Alex Ryan Jouan_