**Audrey M. Hymel**
Residential R.E. Appraiser
245 Beauregard Street
Ponchatoula, LA 70454
e-mail: ahymel@i-55.com
Phone: 985-507-3694



August 1, 2008

US Bankruptcy Court for the District of Delaware
824 Market Street, 5th Floor
Courtroom No. 6
Wilmington, DE 19801

RE:   **American Home Mortgage, Claim # 1425 for $8,200**

To Whom It May Concern:

I received the notice from the Bankruptcy Court that there is a request to change the classification of my claim from secured to unsecured because there was no basis for a priority claim. I disagree with this request.

I am an independent fee appraiser. I am a sole proprietor, woman owned business with limited financial resources, so I could not afford to obtain the services of a lawyer to fight for the money that is owed to me by American Home Mortgage. I feel that the Court will be fair with assessing my claim.

I performed real estate appraisals for clients of American Home Mortgage. These people were attempting to get Fannie Mae, Freddie Mac or FHA secured loans through American Home Mortgage. The clients deposited my money with American Home Mortgage. I completed the appraisal, then American Home Mortgage submitted the client's money to me. This is the same as the client depositing money for insurance or taxes. In September, 2007, American Home Mortgage agreed to pay the money for taxes and insurance because both Freddie Mac and Ginnie Mae brought this oversight to their attention. I realize that I am only a small business person and that I do not have the power that Freddie Mac and Ginnie Mae have, but this money is owed to me. These loans were made. I was paid and the checks were not honored. These were federally backed loans. I have not yet filed any grievances with Fannie Mae, Freddie Mac and HUD, but if I do not receive payment, then I will file a grievance.

I have some bank clients who order in-house appraisals for their portfolio records. My agreement is directly with the bank. I also have clients who are mortgage companies who are ordering review appraisals or foreclosure appraisals for properties that they own. My agreement is directly with them. The borrower is not responsible for the appraisal fee. The bank is responsible for it. If one of these banks or mortgage companies files for bankruptcy, then I realize that I may lose this fee because it is an unsecured debt with the bank or mortgage company. My fee with American Home Mortgage was paid by the borrower and was my money, not American Home Mortgage's money. If the borrower had canceled the loan before the appraisal was ordered, then American Home Mortgage would have refunded that money to the

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| AMERICAN HOME MORTGAGE | ) |
| HOLDINGS, INC., Delaware corporation, et al., | ) Case No. 07-11047 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Objection Deadline: August 11, 2008 at 4:00 p.m. (ET) |
| | ) Hearing Date: August 18, 2008 at 10:00 a.m. (ET) |

AHM OB13 7/17/2008 (merge2.txnum2) 4000001422 EPIQ Use -

HYMEL, AUDREY M.
245 BEAUREGARD ST
PONCHATOULA, LA 70454

## NOTICE OF DEBTORS' THIRTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

TO: HYMEL, AUDREY M.
245 BEAUREGARD ST
PONCHATOULA, LA 70454

**Basis For Objection:** Debtors' books and records show claim should be reclassified

| Claim to be Reclassified | Claim Number | Claim Amount | New Priority Level |
|---|---|---|---|
| | 1425 | $8,200.00 | Unsecured |

No basis for priority claim exists under sections 506 or 507 of the Bankruptcy Code

The above-captioned debtors and debtors in possession (the "Debtors") have filed the Debtors' Thirteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), a copy of which is attached hereto. The Debtors have determined, after review of their books and records, that your claim should be reclassified to the priority level listed above in the column titled "New Priority Level." The Objection seeks to alter your rights by reclassifying your claim to the priority level listed above.

Responses to the Objection, if any, must be filed on or before **August 11, 2008 at 4:00 p.m. (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Objection Deadline.

A HEARING ON THE OBJECTION WILL BE HELD ON AUGUST 18, 2008 AT 10:00 A.M. (ET) BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: July 18, 2008
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Edward J. Kosmowski (No. 3849)
Kara Hammond Coyle (No. 4410)
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession