## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., et al.,<br><br>          Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>(Jointly Administered)<br><br>Re: Docket No. 5181 |

**RESPONSE TO THE DEBTORS' THIRTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3307, AND LOCAL RULE 3007-1 TO THE CLAIM FILED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS CONSERVATOR FOR INDYMAC FEDERAL BANK, F.S.B., AS SUCCESSOR IN INTEREST TO INDYMAC BANK, F.S.B.**

The Federal Deposit Insurance Corporation, as conservator for IndyMac Federal Bank, F.S.B. ("IndyMac Federal" or "Claimant"), successor in interest to IndyMac Bank, F.S.B. ("IndyMac Bank"), by and through the undersigned counsel, hereby responds to the Debtors' Thirteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Claims Objection"), and states as follows:

### FACTUAL BACKGROUND

A.    The Chapter 11 Cases

1.    On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

B.    The Proof of Claim

2.    On or around January 11, 2008, IndyMac Bank filed a Proof of Claim in the amount of $30,933,097.15 (the "Proof of Claim") using the Official Form 10 dated December 2007. See Declaration of Frederick D. Holden, Jr. in Support of the Response to the Debtors'

Thirteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the

Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 to the Claim Filed

by IndyMac Bank, F.S.B. (the "Holden Declaration") at ¶ 4.  A true and correct copy of the

Proof of Claim is attached as Exhibit A to the Holden Declaration that is being filed

contemporaneously with this Response.

3.      The Proof of Claim is based on the amount the Debtors owe IndyMac Bank

pursuant to a Mortgage Loan Purchase and Interim Servicing Agreement (the "Agreement"), a

copy of which is attached to the Proof of Claim.  Pursuant to the Agreement, IndyMac Bank

agreed to repurchase certain loans from the Debtors on condition that the Debtors agreed to

repurchase any particular loan for which there was a breach, unless this breach was cured or the

loan replaced by a qualified substitute loan.

4.      As of the Petition Date, a number of loans purchased by IndyMac Bank had been

breached, and the breach was not cured nor a qualified loan provided.  Accordingly, the Debtors

were required to repurchase such loans pursuant to the express terms of the Agreement.  The

Debtors however failed to do so.

5.      Accordingly, IndyMac Bank filed the Proof of Claim.  See Holden Declaration at

¶ 4. IndyMac Bank attached to the Proof of Claim a copy of the Agreement as well as a

spreadsheet listing each of the loans the Debtors are required to repurchase and the repurchase

obligation for each.  See Exhibits I and II of the Proof of Claim.  Furthermore, IndyMac Bank

also attached an addendum that set forth the basis of the claim and provided an explanation as to

how the claim amount was calculated.  See Addendum to the Proof of Claim.

6.      Concurrent with the filing of this Response, IndyMac is filing a Notice of

Transfer indicating that the Proof of Claim has been transferred to IndyMac Federal.

C.    The Claims Objection

7.    On or about July 18, 2008, the Debtors filed the Claims Objection.  Pursuant to

the Claims Objection, the Debtors objected to the Proof of Claim on the basis that (i) IndyMac

Bank did not attach sufficient documentation to the claim form and (ii) IndyMac Bank failed to

provide requested information.  See Claims Objection at Exhibit G.

8.    In support of the Claims Objection, the Debtors also attached the Declaration of

Marissa Morella in Support of the Claims Objection (the "Supporting Declaration").  With

respect to the Proof of Claim (which is grouped under Exhibit G), the Supporting Declaration

states

> The Debtors have determined based upon a review of the claims
> docket and the claims identified on Exhibit G to the Proposed Order that
> such claims were filed without sufficient documentation or alleged facts
> and the c*laimants have failed to provide additional requested
> documentation*.  Accordingly, the Debtors seek to expunge and disallow
> in full the Insufficient Documentations Claims.

See Supporting Declaration at ¶ 11 (emphasis added).

9.    Despite the fact that counsel to IndyMac Bank's contact information is clearly

listed on the Proof of Claim and contrary to the assertions in the Supporting Declaration, nobody

attempted to contact IndyMac Bank.  See Holden Declaration at ¶ 7.  In fact, after the Debtors

filed the Claims Objection, IndyMac Bank attempted to contact the Debtors to learn what

documents the Debtors wanted in order to adequately analyze the basis and validity of the Proof

of Claim.  Id. at ¶ 8. The Debtors never returned IndyMac Bank's calls.  Id.

## BASIS FOR RESPONSE

10.     The Claims Objection should be denied.  First, the Claims Objection fails to comply with the Delaware Local Rules for filing claims objections based on insufficient documentation.  Second, even if the Court finds that the Debtors complied with the Delaware Local Rules, the Proof of Claim is *prima facie* valid, and the Claims Objections fails to state any basis to overcome this *prima facie* validity.  Third, the Proof of Claim cannot be disallowed as an insufficient documentation objection without more is not a basis to disallow a claim.

## RESPONSE

A.      The Claims Objection Fails to Comply with the Local Rules

11.     The Claims Objection is filed as a substantive objection.  Delaware Local Rule 3007-1(d) states in pertinent part

> Substantive v. Non-Substantive Objections.  An Objection is deemed to be on a substantive basis unless it is based on one or more of the following:
>
> ....
>
> (vi)    A claims that does not have a basis in the debtor's books and records and does not include or attach sufficient information or documentation to constitute prima facie evidence of the validity and amount of the claim, as contemplated by Fed. R. Bankr. P. 3001(f); provided, however, *that if the Court determines that the claim attaches or includes sufficient information or documentation and is otherwise in compliance with applicable rules, then the Objection shall be deemed substantive.  Any Objection under this subsection must be supported by an affidavit or declarant that states that affiant or declarant has reviewed the claim and all supporting information and documentation provided therewith, made reasonable efforts to research the claim on the debtor's books and records and believes such documentation does not provide prima facie evidence of the validity and amount of the claim;*

See Del. L.R. 3007-1(d)(vi) (emphasis added).

12.      As indicated in Local Rule 3007-1, the Debtors are required to inter alia (i) review

the claim along with all supporting documentation, (ii) make reasonable efforts to research the

claim in comparison to the debtor's books and records, and (iii) reconcile this information to

arrive at a conclusion that the claim is not *prima facie* valid.  Id.

13.      From a review of the Supporting Declaration, it is clear that the Debtors failed to

comply with these requirements.  As indicated in the Supporting Declaration, the Debtors

concluded that the Proof of Claim was inadequate based merely upon "a review of the claims

docket..."  See Supporting Declaration at ¶ 10.  Absent from the Supporting Declaration is any

reference to having completed the necessary requirements under Delaware Local Rule 3007-

1(d)(vi).

14.      Thus, the Claim Objection should be denied as it fails to comply with the

minimum requirements as set forth in the Delaware Local Rules.

B.      The Proof of Claim Is *Prima Facie* Valid

15.      The Proof of Claim was filed in accordance with the Bankruptcy Code and the

Federal Rules of Bankruptcy Procedure.  Rule 3001(a) requires that a proof of claim "conform

substantially" to the Official Form 10.  See Fed.R.Bankr.P. 3001(a).  The Official Form 10

requires in pertinent part that a creditor

> **Documents:**  Attach redacted copies of any documents that support the claim,
> such as promissory notes, purchase orders, itemized statements or running
> accounts, contracts, judgments, mortgages, and security agreements.  You may
> also attach a summary.

See Proof of Claim at ¶ 7.

16.      Furthermore, Rule 3001(c) requires a claim based on writing to include "the

original or a duplicate" of the writing to be included with the claim.  Rule 3001(f) provides that

"[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed.R.Bankr.P. 3001(f).

17.     Thus, as the Proof of Claim complied with the rules as well as the instructions on the Official Form 10 by attaching the applicable agreement as well as a detailed damages spreadsheet and explanation of the basis of the claim, the Proof of Claim is *prima facie* valid. See In re Kincaid, 388 B.R. 610, 613 (Bankr. E.D. Pa. 2008)

18.     In order to overcome the presumption of validity, the party opposing the claim must present facts equal in force to the prima facie case. See In re Allegheny Int'l, Inc., *et. al.*, 954 F.2d 167, 173 (3^(rd) Cir. 1992). The evidence presented must be of substance, as "the mere denial of the validity or amount is not sufficient." In re Glenn, 100 B.R. 763, 766 (Bankr. W.D. Pa. 1989). Moreover, "the burden of going forward with the proof of claim is on the objecting [party], not the claimaint. That burden is not satisfied by the mere filing of an objection." In re Lanza, 51 B.R. 125, 127 (Bankr. D. N.J. 1985) (citations omitted). An objection alone is not sufficient to meet these standards since "the objection in and of itself is a mere statement of invalidity and insufficient to contest the prima facie case. A trustee must document his objection with probative evidence to satisfy his burden of going forward." In re King Resources Co., 20 B.R. 191, 197 (D. Colo. 1982).

19.     From an examination of the Claims Objection, it is clear that the Debtors failed to provide any factual basis that would overcome the *prima facie* validity of the Proof of Claim. Indeed, the Supporting Declaration indicates that the Debtors only undertook a cursory overview by reviewing the claims and the claims docket. No further attempt to evaluate the Proof of Claim is evident. This is clearly insufficient.

20.      Furthermore, when dealing with claims objections based on insufficient

documentation, bankruptcy courts analyze whether the documents attached to the claim "has

some evidentiary import and establish something other than the same conclusory allegations set

forth in the proof of claim itself", otherwise Fed.R.Bankr.P. 3001(c) and Official Form 10 would

be rendered meaningless.  In re Shank, 315 B.R. 799, 810 (Bankr. N.D. Ga. 2004).

"[C]orroborating evidence should provide the trustee, debtor and other interested parties with

sufficient information to ascertain the basis and accuracy of the creditor's claim."  In re Burkett,

III, 329 B.R. 820, 830 (Bankr. S.D. Ohio 2005).  A growing number of courts also look to see if

sufficient evidence of validity, ownership and claim amount were provided.  Id. at 829.  If so,

then these courts hold the claim is valid unless the debtors also provide an independent basis for

disallowance.  Id.

21.      In this case, IndyMac Bank clearly provided sufficient documentation to establish

the validity, ownership and claim amount.  IndyMac Bank attached to the Proof of Claim (i) the

Agreement, (ii) a damages spreadsheet and (iii) a claim addendum that gave interested parties

sufficient information to understand the basis of the claim and how the claim was calculated.

22.      Thus, Proof of Claim is clearly *prima facie* valid.  Moreover, as the Debtors

provided no reason to disallow the Proof of Claim, the Debtors' insufficient documentation

objection must fail.

       C.      The Proof of Claim Cannot Be Disallowed Based on the Claims Objection

23.      The Claims Objection to the contrary, the exclusive basis for disallowing a claim

is found in Section 502(b) of the Bankruptcy Code.  See Burkett, 329 B.R. at 828 ("the exclusive

bases for disallowing a proof of claim are not contained in either Fed.R.Bankr.P. 3001 or Official

Form 10, but in 11 U.S.C. § 502(b)"); In re Lasky, 364 B.R. 385, 387 (Bankr. C.D. Cal. 2007).

24.     There is nothing under Section 502(b) that indicates a proof of claim can be disallowed on the basis of insufficient documentation.  Indeed, the consequences of a creditor's failure to provide sufficient documentation is limited to a finding that the presumption of validity does not apply and does not lead to a conclusion that the claim be disallowed.  See Lasky, 364 B.R. at 389; Burkett, 329 B.R. at 328; Shank, 315 B.R. at 810.

25.     To disallow a claim, there must be some theory or reason for disallowance.  See Lasky, 364 B.R. at 389; Shank, 315 B.R. at 812.  A mere allegation of insufficient documentation, even if proven, is not sufficient to disallow the claim.  Accordingly , the Claimant must have an opportunity to come forward with evidence to prove the validity of its claim.

WHEREFORE, for the foregoing reasons, the Claimant respectfully submits that the Claims Objection be denied, the Proof of Claim be allowed in full, and that this Court grant such further relief as it deems appropriate.

Dated:  August 13, 2008
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By:     /s/ Gaston P. Loomis II
        Richard A. Robinson (No. 5059)
        Gaston P. Loomis II (No. 4812)
        1201 Market Street, Suite 1500
        Wilmington, DE 19801
        Telephone: (302) 778-7500
        Facsimile: (302) 778-7575
        E-mail: rrobinson@reedsmith.com
                gloomis@reedsmith.com

        Counsel for the Federal Deposit Insurance
        Corporation, as conservator for IndyMac Federal
        Bank, F.S.B., successor in interest to IndyMac Bank,
        F.S.B