EXHIBIT "B"

## PART III -AFFECTED EXCEPTIONS (JUNIOR)

THE FOLLOWING ARE ALSO EXCEPTIONS TO COVERAGE IN THIS FORECLOSURE TITLE POLICY BUT WILL NOT BE SHOWN IN THE SCHEDULE OF EXCEPTIONS IN THE POLICY THE COMPANY IS COMMITTING TO ISSUE IN PARAGRAPH 5 OF SCHEDULE A UPON COMPLETION OF A LAWFULLY CONDUCTED FORECLOSURE AND HAVING MET THE COMMITMENT REQUIREMENTS:

3. A DEED OF TRUST TO SECURE AN ORIGINAL INDEBTEDNESS OF $147,720.00, AND ANY OTHER AMOUNTS OR OBLIGATIONS SECURED THEREBY, RECORDED APRIL 14, 2006 AS INSTRUMENT NO. 2006033650 OF OFFICIAL RECORDS.

DATED: APRIL 6, 2006.
TRUSTOR: SALVADOR AGUIRRE MONTANO, AN UNMARRIED MAN.
TRUSTEE: FIRST AMERICAN TITLE.
BENEFICIARY: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS NOMINEE FOR
LENDER: AMERICAN HOME MORTGAGE.

NOTE 1: SUBJECT TO THAT CERTAIN BANKRUPTCY AGAINST AMERICAN HOME MORTGAGEAS DEBTORS AND DEBTORS-IN-POSSESSION, FILED ON AUGUST 6, 2007 IN THE UNITED STATES BANKRUPTCY COURT, DISTRICT OF DELAWARE, UNDER CHAPTER 11, CASE NUMBER 07-11047.

NOTE: PRIOR TO PROCEEDING WITH THIS FORECLOSURE, RELIEF FROM THE AUTOMATIC STAY SHOULD BE OBTAINED OR INFORMATION FROM THE BANKRUPT ENTITY THAT THE ABOVE MENTIONED LOAN IS NO LONGER PART OF THE BANKRUPTCY ESTATE SHOULD BE PROVIDED.

## PART III -AFFECTED EXCEPTIONS (JUNIOR)

THE FOLLOWING ARE ALSO EXCEPTIONS TO COVERAGE IN THIS FORECLOSURE TITLE POLICY BUT WILL NOT BE SHOWN IN THE SCHEDULE OF EXCEPTIONS IN THE POLICY THE COMPANY IS COMMITTING TO ISSUE IN PARAGRAPH 5 OF SCHEDULE A UPON COMPLETION OF A LAWFULLY CONDUCTED FORECLOSURE AND HAVING MET THE COMMITMENT REQUIREMENTS:

2. A DEED OF TRUST TO SECURE AN ORIGINAL INDEBTEDNESS OF **$55,000.00**, AND ANY OTHER AMOUNTS OR OBLIGATIONS SECURED THEREBY, RECORDED **DECEMBER 4, 2006** AS INSTRUMENT NO. 3470517 OF OFFICIAL RECORDS.

DATED: NOVEMBER 29, 2006.
TRUSTOR: PAULINE B. HELMSTETLER, AN UNMARRIED WOMAN.
TRUSTEE: STEWART TITLE OF NORTHERN NEVADA.
BENEFICIARY: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS NOMINEE FOR
LENDER: AMERICAN HOME MORTGAGE.

NOTE: SUBJECT TO THAT CERTAIN BANKRUPTCY AGAINST AMERICAN HOME MORTGAGEAS DEBTORS AND DEBTORS-IN-POSSESSION, FILED ON AUGUST 6, 2007 IN THE UNITED STATES BANKRUPTCY COURT, DISTRICT OF DELAWARE, UNDER CHAPTER 11, CASE NUMBER 07-11047.

**NOTE: PRIOR TO PROCEEDING WITH THIS FORECLOSURE, RELIEF FROM THE AUTOMATIC STAY SHOULD BE OBTAINED OR INFORMATION FROM THE BANKRUPT ENTITY THAT THE ABOVE MENTIONED LOAN IS NO LONGER PART OF THE BANKRUPTCY ESTATE SHOULD BE PROVIDED.**

3. A DECLARATION OF HOMESTEAD EXECUTED BY **PAULINE B HELMSTETLER**, RECORDED **AUGUST 20, 2007** AS INSTRUMENT NO. 3566951 OF OFFICIAL RECORDS.

Rx Date/Time     JAN-16-2008(WED) 01:30         513 241 4094                                P.029
From: 513-241-4094 To: 1-802-295-0235            Page: 29/33   Date: 1/16/2008 12:55:50 PM
Case 07-11047-SS   Doc 5391   Filed 08/14/08   Page 4 of 8
From: 3308230030    Page: 29/33   Date: 5/29/2007 12:06:40 PM

(Page 1 of 5)

Echw7hD

Real Living Title Agency, LTD
Order # 1026574

WHEN RECORDED MAIL TO:                    SPACE ABOVE FOR RECORDERS USE

MSN SV-79 / DOCUMENT CONTROL DEPT.
P.O. BOX 10266
VAN NUYS, CALIFORNIA 91410-0266

DOC ID #:
ESCROW/CLOSING #:

## OPEN-END MORTGAGE
(Line of Credit)

THIS OPEN-END MORTGAGE, dated December 27th, 2005, is between Keith D Janecek, Cynthia L Pizzi both unmarried

residing at 1836 Dooridge Dr, lives with family, Twinsburg, OH 44087

the person or persons signing as "Mortgagor(s)" below and hereinafter referred to as "we" or "us" and
American Home Mortgage Acceptance, Inc.
with an address at 538 Broadhollow Road Melville, NY 11747

and hereinafter referred to as "you" or the "Mortgagee."

MORTGAGED PREMISES: In consideration of the loan hereinafter described, we hereby mortgage, grant and convey to you the premises located at: 715 Apache Run Macedonia
                                                    Street/Municipality
SUMMIT          Ohio       44056    (the "Premises").
County                      ZIP
and further described as:

See legal description attached hereto and made a part hereof

The Premises includes all buildings and other improvements now or in the future on the Premises and all rights and interests which derive from our ownership, use or possession of the Premises and all appurtenances thereto.

THIS MORTGAGE SECURES FUTURE ADVANCES UP TO A MAXIMUM INDEBTEDNESS OF $ 35,000.00 EXCLUSIVE OF INTEREST AND EXCLUSIVE OF ADVANCES, THAT MAY BE MADE BY YOU UNDER THE PROVISIONS OF THE SECTION OF THIS MORTGAGE ENTITLED "OUR AUTHORITY TO YOU."

LOAN: The Mortgage is given upon the statutory condition and will secure your loan in the principal amount of
$ 35,000.00       or so much thereof as may be advanced and readvanced from time to time to Keith D Janecek, Cynthia L Pizzi

the Borrower(s) under the Home Equity Credit Line Agreement and Disclosure Statement (the "Note") dated December 27, 2005    , plus interest and costs, late charges and all other charges related to the loan, all of which sums

HELOC - OH Mortgage                         Page 1 of 6                                      11/07
FE - 2131(OH) 10/04               FORMSOURCE - (800)438-4111

55273089
Pg: 1 of 6
12/27/2005 03:45P
John A Donofrio, Summit Fiscal Officer              $0.00

Doc # 710332/ Image: FS13110H.prn   App# 0001115244

Rx Date/Time      JAN-16-2008(WED) 01:30         513 241 4094                P.030
From:513-241-4094 To: C802-265-0235391 Page: 60/83 Date: 08/06/2008 12:56:50 PM
Case 2:07-cv-04710-CSS-BGS Doc 391 Filed 08/14/08 Page 5 of 8
From: 3308230030        Page: 30/33     Date: 5/29/2007 12:06:40 PM

(Page 2 of 5)

are repayable according to the Note. This Mortgage will also secure the performance of all of the promises and agreements made by us and each Borrower and Co-Signer in the Note, all of our promises and agreements in this Mortgage, any extensions, renewals, amendments, supplements and other modifications of the Note, and any amounts advanced by you under the terms of the section of this Mortgage entitled "Our Authority To You." Loans under the Note may be made, repaid and remade from time to time in accordance with the terms of the Note and subject to the Credit Limit set forth in the Note. We agree that this Mortgage is to be governed by federal law to the extent applicable and that, with respect to state law, the loan secured by this Mortgage is made entirely within the provisions of the Ohio Mortgage Loan Act, sections 1321.51 to 1321.60 of the Ohio Revised Code.

OWNERSHIP: We are the sole owner(s) of the Premises. We have the legal right to mortgage the Premises to you.

BORROWER'S IMPORTANT OBLIGATIONS:

(a) TAXES: We will pay all real estate taxes, assessments, water charges and sewer rents relating to the Premises when they become due. We will not claim any credit on, or make deduction from, the loan under the Note because we pay these taxes and charges. We will provide you with proof of payment upon request.

(b) MAINTENANCE: We will maintain the building(s) on the Premises in good condition. We will not make major changes in the building(s) except for normal repairs. We will not tear down any of the building(s) on the Premises without first getting your consent. We will not use the Premises illegally. If this Mortgage is on a unit in a condominium or a planned unit development, we shall perform all of our obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development and constituent documents.

(c) INSURANCE: We will keep the building(s) on the Premises insured at all times against loss by fire, flood and any other hazards you may specify. We may choose the insurance company, but our choice is subject to your reasonable approval. The policies must be for at least the amounts and the time periods that you specify. We will deliver to you upon your request the policies or other proof of the insurance. The policies must name you as "mortgagee" and "loss-payee" so that you will receive payment on all insurance claims, to the extent of your interest under this Mortgage, before we do. The insurance policies must also provide that you be given not less than 10 days prior written notice or reduction in coverage, for any reason. Upon request, we shall deliver the policies, certificates or other evidence of insurance to you. In the event of loss or damage to the Premises, we will immediately notify you in writing and file a proof of loss with the insurer. You may file a proof of loss on our behalf if we fail or refuse to do so. You may also sign our name to any check, draft or other order for the payment of insurance proceeds in the event of loss or damage to the Premises. If you receive payment of a claim, you will have the right to choose to use the money either to repair the Premises or to reduce the amount owing on the Note.

(d) CONDEMNATION: We assign to you the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Premises, or part thereof, or for conveyance in lieu of condemnation, all of which shall be paid to you, subject to the terms of any Prior Mortgage.

(e) SECURITY INTEREST: We will join with you in signing and filing documents and, at our expense, in doing whatever you believe is necessary to perfect and continue the perfection of your lien and security interest in the Premises.

(f) OUR AUTHORITY TO YOU: If we fail to perform our obligations under this Mortgage, you may, if you choose, perform our obligations and pay such costs and expenses. You will add the amounts you advance to the sums owing on the Note, on which you will charge interest at the interest rate set forth in the Note. If, for example, we fail to honor our promises to maintain insurance in effect, or to pay filing fees, taxes or the costs necessary to keep the Premises in good condition and repair or to perform any of our other agreements with you, you may, if you choose, advance any sums to satisfy any of our agreements with you and charge us interest on such advances at the interest rate set forth in the Note. This Mortgage secures all such advances. Your payments on our behalf will not cure our failure to perform our promises in this Mortgage. Any replacement insurance that you obtain to cover loss or damages to the Premises may be limited to the amount owing on the Note plus the amount of any Prior Mortgages.

(g) PRIOR MORTGAGE: If the provisions of this paragraph are completed, this Mortgage is subject and subordinate to a prior mortgage dated December 27, 2005 and given by us to American Home Mortgage Acceptance, Inc.,

as mortgagee, in the original amount of $ 140,000.00 (the "Prior Mortgage"). We shall not increase, amend or modify the Prior Mortgage without your prior written consent and shall upon receipt of any written notice from the holder of the Prior Mortgage promptly deliver a copy of such notice to you. We shall pay and perform all of our obligations under the Prior Mortgage as and when required under the Prior Mortgage.

(h) HAZARDOUS SUBSTANCES: We shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Premises. We shall not do, nor allow anyone else to do, anything affecting the Premises that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Premises of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Premises. As used in this paragraph, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "Environmental Law" means federal laws and laws of the jurisdiction where the Premises are located that relate to health, safety or environmental protection.

  

FE-3131I0H
55273089
Pg: 2 of 5
12/27/2005 03:45P
MO         52.00
John A Donofrio, Summit Fiscal Officer

Doc # 9409537 Image: FIL3330H.prn Appl 0001113244

Rx Date/Time       JAN-16-2008(WED) 01:30          513 241 4094                P.031
From: 513-241-4094 To: 1-302-285-0236391  Page: 31/33   Date: 1/16/2008 12:55:51 PM
Case 07-11047-CSS    Doc 5391    Filed 08/14/08    Page 6 of 8
From: 3308230030        Page: 31/33        Date: 5/29/2007 12:06:41 PM

(Page 3 of 5)

(I) SALE OF PREMISES: We will not sell, transfer ownership of, mortgage or otherwise dispose of our interest in the Premises, in whole or in part, or permit any other lien or claim against the Premises without your prior written consent.

(j) INSPECTION: We will permit you to inspect the Premises at any reasonable time.

(k) NO LOSS OF RIGHTS: The Note and this Mortgage may be negotiated or assigned by you without releasing us or the Premises. You may add or release any person or property obligated under the Note and this Mortgage without losing your rights in the Premises.

(l) DEFAULT: Except as may be prohibited by applicable law, and subject to any advance notice and cure period if required by applicable law, if any event or condition described in Paragraph 12.A of the Note occurs, you may foreclose upon this Mortgage. This means that you may arrange for the Premises to be sold, as provided by law, in order to pay off what we owe on the Note and under this Mortgage. If the money you receive from the sale is not enough to pay off what we owe you, we will still owe you the difference which you may seek to collect from us in accordance with applicable law. In addition, you may, in accordance with applicable law, (i) enter on and take possession of the Premises; (ii) collect the rental payments, including overdue rental payments, directly from tenants; (iii) manage the Premises; and (iv) sign, cancel and change leases. We agree that the interest rate set forth in the Note will continue before and after a default, entry of a judgment and foreclosure. In addition, to the extent permitted by applicable law, you shall be entitled to collect all reasonable fees and costs actually incurred by you in proceeding to foreclosure, including, but not limited to, costs of documentary evidence, abstracts and title reports.

(m) ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER: As additional security, we assign to you the rents of the Premises. You or a receiver appointed by the courts shall be entitled to enter upon, take possession of and manage the Premises and collect the rents of the Premises including those past due.

(n) WAIVERS: To the extent permitted by applicable law, we waive and release any error or defects in proceedings to enforce this Mortgage and hereby waive the benefit of any present or future laws providing for any of execution, extension of time, exemption from attachment, levy and sale and homestead exemption.

(o) BINDING EFFECT: Each of us shall be fully responsible for all of the promises and agreements in this Mortgage. Until the Note has been paid in full and your obligation to make further advances under the Note has been terminated, the provisions of this Mortgage will be binding on us, our legal representatives, our heirs and all future owners of the Premises. This Mortgage is for your benefit and for the benefit of anyone to whom you may assign it. Upon payment in full of all amounts owing to you under the Note and this Mortgage, and provided any obligation to make further advances under the Note has terminated, this Mortgage and your rights in the Premises shall end.

(p) NOTICE: Except for any notice required under applicable law to be given in another manner, (a) any notice to us provided for in this Mortgage shall be given by delivering it or by mailing such notice by regular first class mail addressed to us at the last address appearing in your records or at such other address as we may designate by notice to you as provided herein, and (b) any notice to you shall be given by certified mail, return receipt requested, to your address at
715 Apache Run Macedonia OH 44056

or to such other address as you may designate by notice to us. Any notice provided for in this Mortgage shall be deemed to have been given to us or you when given in the manner designated herein.

(q) RELEASE: Upon payment of all sums secured by this Mortgage and provided your obligation to make further advances under the Note has terminated, you shall discharge this Mortgage without charge to us, except that we shall pay any fees for recording a satisfaction of this Mortgage.

55273089
Pg: 3 of 5
12/27/2005 03:45P
John A Donofrio, Summit Fiscal Officer

FE-3T31(OH) 07/04                    Page 3 of 4

KJ   CP

Rx Date/Time   JAN-16-2008(WED) 01:30          513 241 4094                    P.032
From: 513-241-4094   To: S&S 802-295-0236
Case 2:07-md-01047-CSS-2 Doc 35391 Page: 32/33   Filed 08/14/08 Date: 5/29/2007 12:06:41 PM   Page 7 of 8
From: 3308230030   Page: 32/33   Date: 5/29/2007 12:06:41 PM

(Page 4 of 5)

(r) **GENERAL:** You can waive or delay enforcing any of your rights under this Mortgage without losing them. Any waiver by you of any provisions of this Mortgage will not be a waiver of that or any other provision on any other occasion.

THIS MORTGAGE has been signed by each of us under seal on the date first above written.

SIGNED AND ACKNOWLEDGED IN THE PRESENCE OF:

_____        _____ (SEAL)
Witness Signature (1)                  Mortgagor Keith D Janecek

_____
Print Name

_____        _____ (SEAL)
Witness Signature (2)                  Mortgagor Cynthia L Pizzi

_____
Print Name

_____        _____ (SEAL)
Witness Signature (3)                  Mortgagor

_____
Print Name

_____        _____ (SEAL)
Witness Signature (4)                  Mortgagor

_____
Print Name

STATE OF OHIO,       Summit              County ss:

On this __27th__ day of __December__, 2005, before me, a Notary Public in and for said County and State, personally appeared __Keith D Janecek, Cynthia L Pizzi__

_____, the individual(s) who executed the foregoing instrument and acknowledged that _they_ did examine and read the same and did sign the foregoing instrument, and that the same is _their_ free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

My Commission Expires:                  _____
                                         Notary Public
(Seal)                                   Noelle L. Pryce
                                         Exp 5-14-06

This instrument was prepared by: Joseph Henry

NOELLE L. PRYCE, Notary Public
Residence - Summit County
Statewide Jurisdiction, Ohio
My Commission Expires May 14, 2009

55273089
Pg: 4 of 5
12/27/2005 02:45P
John A Donofrio, Summit Fiscal Officer

FE-3131(OH) (0104)                        Page 4 of 5

Doc # 9409557  Image: F3131OH.prn  App# 0001113241

# EXHIBIT A

Property for Parcel(s):    33-00640   NF-00315-04-001.000

Situated in the City of Macedonia, County of Summit and State of Ohio: And known as being Sublot No. 62 in the Resubdivision of Indian Creek Village Estates Block 1 of part of Lot 13 of the Village of Macedonia, formerly Northfield Township, as shown by the recorded plat in Volume 55, Pages 50-66, both inclusive of Summit County Records, be the same more or less, but subject to all legal highways.



John A Denofrio, Summit Fiscal Officer

55273089
Pg: 5 of 5
11/27/2010 03:14P
NO $2.00