IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          :   Chapter 11
                                                                :
AMERICAN HOME MORTGAGE                                          :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]              :
                                                                :   Jointly Administered
                       Debtors.                                 :
                                                                :   Ref. Docket No. 5267
---------------------------------------------------------------- x

**ORDER (I) AUTHORIZING THE DEBTORS TO REJECT THE EMPLOYMENT
CONTRACT OF MICHAEL J. STRAUSS, AND (II) APPROVING THE TERMS OF THE
STIPULATION RELATED THERETO**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for an order authorizing the Debtors to reject the Employment Agreement and approving the terms of the Stipulation (attached hereto as Exhibit A); and the Court being satisfied that the rejection of the Employment Agreement and approval of the Stipulation is in the best interests of the Debtors, their estates and creditors and is a proper exercise of the Debtors' business judgment; and due and proper notice of the Motion having been given; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is GRANTED; and it is further

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

DB02:6882876.5                                                                                    066585.1001

ORDERED, that the Stipulation and the terms thereof are approved; and it is further

ORDERED, that the Debtors' rejection of the Employment Agreement is approved pursuant to section 365(a) of the Bankruptcy Code; and it is further

ORDERED, that the Employment Agreement is deemed rejected, effective as of May 31, 2008; and it is further

ORDERED, that Strauss shall have until the earlier of (x) 45 days from this Order and (y) the first date set for hearing to consider approval of the Debtors' disclosure statement to file a proof of claim for damages resulting from the rejection of the Employment Agreement as provided in paragraph 1 of the Stipulation or any claim for severance as provided in paragraph 8 of the Employment Agreement; provided that Strauss's claim for severance, to the extent permitted under the Employment Agreement or applicable law, shall be an allowed unsecured claim. Subject to the preceding sentence, the rights of the Debtors, including their successors and assigns, the Committee, and all other parties in interest to object or otherwise contest any non-severance claims asserted in a proof of claim filed by Strauss on any and all bases, and the calculation of any severance claim, are reserved. Notwithstanding anything to the contrary in the Stipulation, the allowance of the severance claim as provided shall not be introduced into evidence or otherwise used by Strauss as a defense against liability on claims, if any, asserted against Strauss by the Debtors (or an authorized person acting on behalf of the Debtors' estates); and it is further

ORDERED, that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
August 1%, 2008

/s/ CSSo

Christopher S. Sontchi
United States Bankruptcy Judge