# EXHIBIT A

### Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     :    Chapter 11
                                                           :
AMERICAN HOME MORTGAGE                                     :    Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                            :
a Delaware corporation, et al.,[1]                         :    Jointly Administered
                                                           :
        Debtors.                                           :
---------------------------------------------------------- x

### STIPULATION AMONG THE DEBTORS, MICHAEL J. STRAUSS AND THE COMMITTEE REGARDING REJECTION OF EMPLOYMENT AGREEMENT

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), Michael J. Strauss ("Strauss"), the Chief Executive Officer of the Debtors, and the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases (the "Committee" and together with the Debtors and Strauss, the "Parties"), by and through their respective counsel, hereby stipulate and agree (the "Stipulation") as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

1

## RECITALS

WHEREAS, on August 6, 2007 (the "Petition Date"), the Debtors commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of Title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors remain in possession of their property and are managing their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on August 14, 2007, the United States Trustee appointed the Committee;

WHEREAS, prior to and after the Petition Date, Strauss was employed by the Debtors as Chief Executive Officer pursuant to the terms of that certain employment agreement, dated as of August 26, 1999 (as amended, the "Employment Agreement"). A copy of the Employment Agreement is annexed hereto as Exhibit A;

WHEREAS, on June 5, 2008, a meeting (the "Meeting") of the board of directors of the Debtors was held at which the board of directors authorized the Debtors to terminate the employment of Strauss as Chief Executive Officer effective as of May 31, 2008 on terms consistent with the negotiated settlement among the Debtors, Strauss and the Committee;

WHEREAS, Strauss has remained a member of the Board of Directors following the Meeting but intends to resign following the execution of this Stipulation;

WHEREAS, the Debtors, Strauss and the Committee believe it is in their respective best interests to consent to the termination of the Debtors' employment of Strauss as Chief Executive Officer and the rejection of the Employment Agreement by the Debtors without litigation and on the terms set forth in this Stipulation;

2

NOW, THEREFORE, in consideration of the mutual covenants contained herein, the Debtors, Strauss and the Committee agree as follows:

## AGREEMENTS

1. The Employment Agreement shall be deemed rejected pursuant to section 365(a) of the Bankruptcy Code, effective as of May 31, 2008.

2. As a result of the rejection of the Employment Agreement, Strauss shall be deemed terminated without Cause (as defined in the Employment Agreement), effective as of May 31, 2008.

3. Strauss shall have until the earlier of (x) 45 days from the entry of an order approving this Stipulation and (y) the first date set for hearing to consider approval of the Debtors' disclosure statement to file a proof of claim for damages resulting from the rejection of the Employment Agreement as provided in paragraph 1 above or any claim for severance as provided in paragraph 8 of the Employment Agreement. The claim for severance, to the extent permitted under the Employment Agreement or applicable law, shall be an allowed unsecured claim. Subject to the preceding sentence, the rights of the Debtors, including their successors and assigns, the Committee, and all other parties in interest to object or otherwise contest any non-severance claims asserted in a proof of claim filed by Strauss on any and all bases, and the calculation of any severance claim, are reserved. Notwithstanding anything to the contrary in this Stipulation, the allowance of the severance claim as provided in this paragraph shall not be introduced into evidence or otherwise used by Strauss as a defense against liability on claims, if any, asserted against Strauss by the Debtors (or an authorized person acting on behalf of the Debtors' estates).

4.     Notwithstanding the provisions of Paragraph 10 of the Employment Agreement, Strauss shall be permitted to compete with the AHM Business (as defined in the Employment Agreement) from and after May 31, 2008, but shall not be permitted to solicit or hire any current employee of the Debtors (other than his current assistant).

5.     Strauss shall continue to receive the health and welfare benefits and perquisites generally available to employees of the Debtors for so long as the Debtors are generally providing such benefits to the Debtors active employees and shall be entitled to continued use of his current office space and secretarial support through the earlier of the closing of a sale of the Debtors' headquarters in Melville, New York or the date the Debtors vacate their current Melville, New York offices; provided, however, Strauss shall not be entitled to receive vacation pay or compensation from and after May 31, 2008 and shall be solely responsible for any and all expenses related to the use of a company car and a driver and cell phone from and after May 31, 2008.

6.     Upon the request of Strauss, the Debtors or their successors shall provide reasonable assistance to Strauss in the transfer/forwarding of his emails, email accounts and phone numbers. The Debtors shall provide Strauss reasonable access to the business records of the Debtors related to him.

7.     Strauss shall support the Debtors' efforts to maximize the value of their estates for the benefit of stakeholders, including, but not limited to, sales of assets and confirmation of a chapter 11 plan or plans.

8.     The terms of this Stipulation shall not become effective unless and until approved by the Court.

9. This Stipulation shall become effective immediately upon entry of an order approving the Stipulation.

10. The Court shall retain jurisdiction to interpret, enforce, and resolve any disputes arising under or related to this Stipulation. Any motion or application brought before the Court to resolve any dispute arising under or related to this Stipulation shall be brought on proper notice in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Rules of the Court.

11. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A signature transmitted by facsimile shall be deemed an original signature for purposes of this Stipulation.

12. The Parties hereto represent and warrant to each other that, subject to entry of an order approving this Stipulation, they are authorized to execute this Stipulation, each has full power and authority to enter into and perform in accordance with the terms of this Stipulation, and this Stipulation is duly executed and delivered and constitutes a valid and binding agreement in accordance with its terms.

13. This Stipulation shall constitute the entire agreement among the Parties with respect to the subject matter hereof and shall supersede any previous negotiations, commitments, writings, orders or judgments with respect to such subject matter and no provision of this Stipulation may be changed except by a written instrument executed by the Parties.

14. This Stipulation shall be governed by and construed in accordance with the internal laws of the State of Delaware without reference to its conflicts of laws rules, and the

Parties consent to the exclusive jurisdiction of the Court for all matters concerning this Stipulation to the fullest extent that the Court has jurisdiction under 28 U.S.C. §1334.

15. It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against any Party on account of such drafting.

**[SIGNATURE PAGE FOLLOWS]**

Dated: July 27, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Counsel for Debtors and Debtors in Possession

Dated: July 28, 2008

SIMPSON THACHER & BARTLETT LLP

Kenneth S. Ziman
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

Counsel for Michael J. Strauss

Dated: July 29, 2008

BLANK ROME LLP

Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff, Jr. (No. 3715)
1201 Market Street
Wilmington, Delaware 19801
Telephone: (302) 425-6400

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Mark T. Power
488 Madison Avenue, 15th Fl
New York, NY 10022
(212) 478-7200

Co-Counsel to the Committee