IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE | ) |
| HOLDINGS, INC., a Delaware corporation, | ) Case No. 07-11047 (CSS) |
| et al.[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Obj. Deadline: September 8, 2008 at 4:00 p.m. (ET) |
| | ) Hearing Date: September 15, 2008 at 10:00 a.m. (ET) |

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019
FOR AN ORDER APPROVING AND AUTHORIZING
STIPULATION BETWEEN AMERICAN HOME MORTGAGE
CORP. AND XEROX CORPORATION**

American Home Mortgage Corp. ("AHMC") and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively with AHMC, the "Debtors"), by this motion (the "Motion"), seek entry of an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and sections 105(a), 363 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), approving a stipulation (the "Stipulation") between AHMC and Xerox Corporation ("Xerox," and together with AHMC, the "Parties"), a copy of which is attached as Exhibit A to the proposed form of order annexed hereto (the "Order"). In support of the Motion, AHMC respectfully represents as follows:

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Rule 9019(a) and sections 105(a), 363 and 503 of the Bankruptcy Code.

## BACKGROUND

2. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware (the "United States Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

## SUMMARY OF THE STIPULATION[2]

5. Prior to the Petition Date, AHMC purchased a variety of goods and services Xerox. The Parties' business relationship has continued since the Petition Date. On December 18, 2008, Xerox filed a proof of claim ("Claim No. 5696") against American Home Mortgage Holdings, Inc. in the amount of $582,100.95. On August 14, 2008, the Parties entered

---

[2] The summary of the Stipulation herein is qualified in its entirety by the Stipulation. If there are any inconsistencies between the summary contained herein and the Stipulation, the Stipulation shall control. Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Stipulation.

into the Stipulation by which the Parties agreed that Xerox shall be granted an administrative claim against AHMC (Case No: 07-11051) in the amount of $50,289.68 (the "<u>Administrative Claim Amount</u>"). Pursuant to the Stipulation, no other claims, amounts, payments or obligations claimed by Xerox against any of the Debtors shall be entitled to administrative priority, and Xerox expressly waives the right to assert or argue that any other claims, amounts, payments or obligations are entitled to administrative priority. <u>See</u> Stipulation ¶ 2.

6. The amount asserted under Claim No. 5696 shall be reduced by $50,289.68, the Administrative Claim Amount. Xerox shall be prohibited from filing or asserting any further Claim (as such term is defined in section 101(5) of the Bankruptcy Code), including any Claims for administrative expenses, against any of the Debtors or increasing the amount asserted under Claim 5696. <u>See Id.</u> ¶ 4.

7. The Stipulation shall not prejudice or affect the Debtors' right to object or otherwise contest Claim No. 5696 or to assert further actions against Xerox, including, but not limited to, actions under chapter 5 of the Bankruptcy Code, nor shall it prejudice or affect Xerox's rights to contest, defend, or otherwise respond to the Debtors' objections or actions. <u>See Id.</u> ¶ 5.

## RELIEF REQUESTED

8. By this Motion, AHMC respectfully requests entry of an order approving the Stipulation pursuant to Bankruptcy Rule 9019 and sections 105(a), 363 and 503 of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

9. Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P 9019(a). The

settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy." In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006); see also In re Penn Central Transportation Co., 596 F.2d 1102 (3d Cir. 1979) ("'administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims . . . .'"), quoting In re Protective Committee for Independent Stockholders of TMT Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968).

10. In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] itself of all facts necessary to form an intelligent and objective opinion of the probabilities of ultimate success should the claims be litigated, and estimated the complexity, expense and likely duration of such litigation, and other factors relevant to a full and fair assessment of the [claims]." In re Penn Central Transportation Co., 596 F.2d 1127, 1153 (3d Cir. 1979); see also In re Marvel Entertainment Group, Inc., 222 B.R. 243 (D. Del. 1998) (quoting, In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997) (describing "the ultimate inquiry to be whether 'the compromise is fair, reasonable, and in the interest of the estate.'").

11. The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a settlement should be approved. The four enumerated factors are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Meyers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996); accord Will v. Northwestern Univ. (In re Nutraquest, Inc.), 434 F.3d 639, 644 (3d Cir. 2006).

12.     The decision to approve a settlement "is within the sound discretion of the bankruptcy court." In re World Health Alternatives, Inc., 344 B.R. at 296; see also In re Neshaminy Office Building Associates, 62 B.R. 798, 803 (E.D. Pa. 1986), cited with approval in Meyers v. Martin (In re Martin), 91 F.3d 389. The bankruptcy court should not substitute its judgment for that of the debtor. See In re Neshaminy Office Building Associates, 62 B.R. at 803. The court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to see whether the settlement falls below the lowest point in the range of reasonableness. See In re W.T. Grant and Co., 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 22 (1983); see also In re World Health Alternatives, Inc., 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities.") (internal citations and quotations omitted).

13.     AHMC respectfully requests that the Court approve the Stipulation because the Stipulation lies well above the lowest point in the range of reasonable potential litigation possibilities. AHMC has reviewed the applicable invoices, contracts and other documents related to services provided by Xerox to AHMC, and believes that Xerox is entitled to an administrative claim in the amount of the Administrative Claim Amount. In AHMC's judgment, the Stipulation is fair and reasonable and serves the best interests of the Debtors, their estates and creditors. In addition, each of the applicable Martin factors weighs in favor of approving the Stipulation. Accordingly, the Stipulation should be approved pursuant to Bankruptcy Rule 9019.

### A. The Probability of Success in Litigation

14. Absent the Stipulation, the disputes between AHMC and Xerox would have to be litigated before the Court with no assurances of a favorable outcome. The resolution of these disputes with Xerox under the terms of the Stipulation is a favorable outcome because it will save the Debtors significant time and expense in any attendant litigation.

### B. The Complexity of the Litigation Involved, and the Expense, Inconvenience and Delay Necessarily Attending It

15. The Stipulation satisfies the second factor in Martin's four-factor test largely for the reasons set forth above in the discussion of AHMC's probability of success in litigation. Litigation over the appropriate amount of Xerox's administrative claims would involve complex legal issues and a potentially lengthy proceeding, which would be expensive for the estate and inconvenient for the Parties. Additionally, such litigation could result in significant disruption of the Debtors' operations or impact Debtors' ability to perform under other contracts or agreements.

### C. The Paramount Interest of Creditors

16. Entry into the Stipulation serves the paramount interest of creditors of the Debtors. The Stipulation's resolution of the Administrative Claim Amount represents a savings for the creditors by obviating litigation, thereby saving the expenses attendant to such litigation. Therefore, the third factor of Martin's four-factor test is satisfied and weighs in favor of the Court approving the Stipulation.

### D. The Likely Difficulties In Collection

17. Finally, the fourth factor enunciated by the Third Circuit in Martin is not applicable under these circumstances.

### E.  Summary

18.  The resolution and compromise of the disputes and issues between AHMC and Xerox as embodied in the Stipulation: (i) is fair and equitable; (ii) represents a settlement that rests well above the lowest point in the reasonable range of potential litigation outcomes; (iii) obviates the expense, delay, inconvenience and uncertainty that would attend any litigation of the Parties' issues; and (iv) advances the paramount interests of creditors. Therefore, the Stipulation satisfies Bankruptcy Rule 9019 and should be approved by the Court.

### NOTICE

19.  Notice of this Motion will be provided to (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the Debtors' postpetition lender; (v) counsel to Xerox, and (vi) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b). In light of the nature of the relief requested herein, AHMC submits that no other or further notice is required.

### NO PREVIOUS REQUEST

20.  No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, AHMC respectfully requests that this Court issue and enter an Order, pursuant to Bankruptcy Rule 9019 and sections 105(a), 363 and 503 of the Bankruptcy Code, (i) approving the Stipulation, and (ii) granting such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
August 20, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Nathan D. Grow*

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Kara Hammond Coyle (No. 4410)
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession