IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| AMERICAN HOME MORTGAGE | ) |
| HOLDINGS, INC., a Delaware corporation, | ) Case No. 07-11047 (CSS) |
| et al.[1] | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Ref. Docket No. _____ |

## ORDER APPROVING AND AUTHORIZING
## STIPULATION BETWEEN AMERICAN HOME MORTGAGE
## CORP. AND XEROX CORPORATION

Upon consideration of the motion (the "Motion")[2] of American Home Mortgage Corp. ("AHMC") and the debtors and debtors-in- possession in the above-captioned cases (collectively, the "Debtors") for entry of an order approving the approving a stipulation (the "Stipulation") between AHMC and Xerox Corporation ("Xerox") pursuant to Bankruptcy Rule 9019 and sections 105(a), 363 and 503 of the Bankruptcy Code; and it appearing that the Stipulation and the relief requested in the Motion are in the best interests of the Debtors, their creditors and their estates; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of the Motion having been provided, and it

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore; it is hereby

ORDERED, that the relief requested in the Motion is hereby granted; and it is further

ORDERED, that the Stipulation attached hereto as Exhibit A is approved pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019; and it is further

ORDERED, that the Debtors are authorized and empowered to take all necessary steps to carry out and otherwise effectuate the terms, conditions and provisions of the Stipulation; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of the Stipulation or this Order.

Date:  Wilmington, Delaware
       September ___, 2008

_____
Christopher S. Sontchi
United States Bankruptcy Judge

# **EXHIBIT A**

**THE STIPULATION**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          :  Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                          :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                              :
                                                                :  Jointly Administered
        Debtors.                                                :
                                                                :
---------------------------------------------------------------- x

**STIPULATION BETWEEN AMERICAN HOME MORTGAGE CORP. AND XEROX CORPORATION REGARDING ADMINISTRATIVE CLAIMS**

This Stipulation (the "Stipulation") is entered into by and between American Home Mortgage Corp. ("AHMC"), one of the above-captioned debtors and debtors in possession (the "Debtors"), and Xerox Corporation ("Xerox" and together with AHMC, the "Parties").

**RECITALS**

WHEREAS on August 6, 2007 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under title 11 of chapter 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS Xerox has asserted proof of claim number 5696 ("Claim 5696");

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby **STIPULATE AND AGREE** to the following:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for American Home Mortgage Servicing, Inc., whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

1.  The terms of this Stipulation are effective as of the date it is approved by this Court (the "Effective Date").

2.  Xerox shall be granted an administrative claim against AHMC (Case No: 07-11051) in the amount of $50,289.68 (the "Administrative Claim Amount"). No other claims, amounts, payments or obligations claimed by Xerox against any of the Debtors shall be entitled to administrative priority, and Xerox hereby expressly waives the right to assert or argue that any other claims, amounts, payments or obligations are entitled to administrative priority.

3.  AHMC will use commercially reasonable efforts to pay the Administrative Claim Amount within ten (10) business days after the Effective Date, but in no event later than thirty (30) days after the Effective Date.

4.  On the Effective Date, the amount asserted under Claim No. 5696 shall be reduced by $50,289.68, the Administrative Claim Amount. Xerox shall be prohibited from filing or asserting any further Claim (as such term is defined in section 101(5) of the Bankruptcy Code), including any Claims for administrative expenses, against any of the Debtors or increasing the amount asserted under Claim 5696.

5.  This Stipulation shall not prejudice or affect the Debtors' right to object or otherwise contest Claim No. 5696 or to assert further actions against Xerox, including, but not limited to, actions under chapter 5 of the Bankruptcy Code, nor shall it prejudice or affect the Xerox's rights to contest, defend, or otherwise respond to the Debtors' objections or actions.

6.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

7.  Upon approval by this Court, this Stipulation shall be binding on and inure to the benefit of the Parties and their respective heirs and assigns.

8.  This Stipulation may be executed in one or more counterparts, all of which taken together shall constitute one and the same instrument.

9.  By executing this Stipulation, the Parties represent that each has the full authority to enter into the Stipulation.

AGREED AND ACCEPTED BY:

Dated:   Wilmington, Delaware
         August ___, 2008

AMERICAN HOME MORTGAGE CORP.
By: _____
Print: Bret W Fernandes
Its: Director of Restructuring
Date: Aug 11, 2008

XEROX CORPORATION
By: _____
Print: Kirk B. Burkley
Its: Attorney
Date: Aug 14, 2008

DB02:6968644.4                                              3