IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ----------------------------------------------------------------- x | : | Chapter 11 |
| In re: | : | |
| | : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : | Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| ----------------------------------------------------------------- x | | |

Objection Deadline: September 10, 2008 at
4:00 p.m.
Hearing Date: N/A

## NOTICE OF APPLICATION

TO:    The Debtors, the United States Trustee, Counsel for the Official Committee of Unsecured
Creditors, Counsel for the Administrative Agent, Counsel for the DIP Agent, and
Milestone Advisors, LLC.

The **Tenth Monthly Application of Quinn Emanuel Urquhart Oliver &
Hedges LLP, Special Investigatory Litigation and Conflicts Counsel to the Debtors, for
Allowance of Compensation for Services Rendered and for Reimbursement of Expenses
During the Period From May 1, 2008 through May 31, 2008** (the "Application") has been
filed with the Bankruptcy Court.  The Application seeks allowance of interim fees in the amount
of $210,227.00 and interim expenses in the amount of $7,320.78.

Objections to the Application, if any, are required to be filed on or before
**September 10, 2008 at 4:00 p.m. (ET)** (the "Objection Deadline") with the Clerk of the United
States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington,
Delaware 19801.

At the same time, you must also serve a copy of the response so as to be received by the
following on or before the Objection Deadline: (i) American Home Mortgage Holdings, Inc., 538
Broadhollow Road, Melville, New York 11747 (Attn.:  Alan Horn, General Counsel); (ii) Young
Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington,

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp.
("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM
Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a
Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558);
American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.
("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,
Texas 75063.

Delaware 19899-0391 (Attn.: James L. Patton, Jr.), counsel to the Debtors; (iii) Milestone
Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn: Jeffrey M.
Levine); (iv) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 and Blank
Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, counsel to the Committee;
(v) Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022 (Attn.: Margot B.
Schonholtz and Scott D. Talmadge) and Potter Anderson & Corroon LLP, Hercules Plaza, 6th
Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn.: Laurie Selber
Silverstein), counsel to the Administrative Agent; (vi) Jones Day, 222 East 41st Street, New
York, New York 10017 (Attn.: Corinne Ball and Erica M. Ryland) and Greenberg Traurig LLP,
1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn.: Victoria Counihan),
counsel to the DIP Agent; (vii) the Office of the United States Trustee, 844 King Street, Room
2313, Wilmington, Delaware 19801 (Attn.: Joseph McMahon) and, Quinn Emanuel Urquhart
Oliver & Hedges LLP, 51 Madison Avenue, 22nd Fl., New York, New York 10010 (Attn: James
C. Tecce)

   PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of
the Application will be held at a date and time to be determined before the United States
Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware
19801.

   PLEASE TAKE FURTHER NOTICE THAT PURSUANT TO THE
ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS
[DOCKET NO. 547], IF NO OBJECTIONS ARE FILED AND SERVED IN
ACCORDANCE WITH THE ABOVE PROCEDURE, THE DEBTORS WILL BE
AUTHORIZED TO PAY 80% OF REQUESTED INTERIM FEES AND 100% OF
REQUESTED INTERIM EXPENSES WITHOUT FURTHER ORDER OF THE COURT.

Dated: Wilmington, Delaware
  August 21, 2008

      YOUNG CONAWAY STARGATT & TAYLOR, LLP

      /s/ Patrick A. Jackson

      James L. Patton, Jr. (No. 2202)
      Pauline K. Morgan (No. 3650)
      Sean M. Beach (No. 4070)
      Matthew B. Lunn (No. 4119)
      Patrick A. Jackson (No. 4976)
      The Brandywine Building
      1000 West Street, 17th Floor
      Wilmington, Delaware 19801
      Telephone: (302) 571-6600
      Facsimile: (302) 571-1253

      Counsel for Debtors and
      Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x
In re:                                              :
                                                    :
                                                    :   Chapter 11
                                                    :
AMERICAN HOME MORTGAGE                              :
HOLDINGS, INC., a Delaware corporation, et al.,    :   Case No. 07-11047 (CSS)
                                                    :
                                                    :   Jointly Administered
                                                    :
                            Debtors.                :
-------------------------------------------------------x

**TENTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER &
HEDGES LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL
TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE
PERIOD FROM MAY 1, 2008 THROUGH MAY 31, 2008**

| | |
|---|---|
| Name of applicant: | Quinn Emanuel Urquhart Oliver & Hedges, LLP |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | September 13, 2007 (nunc pro tunc to August 10, 2007) |
| Period for which compensation and reimbursement is sought: | May 1, 2008 - May 31, 2008 |
| Amount of compensation requested: | $ 210,227.00 |
| Amount of expense reimbursement requested: | $ 7,320.78 |

This is an:____X____ interim _____ final application.

This is the Tenth monthly fee application filed by Quinn Emanuel Urquhart Oliver & Hedges,
LLP in these cases.

**Prior Applications:**

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Nov. 21, 2007 / Docket No. 2141 | August 10, 2007 - August 31, 2007 | $217,865.00 | $1,404.26 | $217,865.00 | $1,404.26 |
| Nov. 21, 2007 / Docket No. 2142 | September 1, 2007 - September 30, 2007 | $293,619.00 | $37,757.62 | $293,619.00 | $37,757.62 |
| Dec. 4, 2007 / Docket No. 2277 | October 1, 2007 - October 31, 2007 | $497,748.00 | $36,429.13 | $497,748.00 | $36,429.13 |
| Feb. 7, 2007 / Docket No. 2897 | November 1, 2007 - November 30, 2007 | $287,397.00 | $13,334.64 | $287,397.00 | $13,289.64 |
| Mar. 17, 2008 / Docket No. 3326 | December 1, 2007 - December 31, 2007 | $123,807.25 | $17,100.11 | $123,807.25 | $15,285.06 |
| Mar. 17, 2008 / Docket No. 3327 | January 1, 2008 - January 31, 2008 | $204,209.75 | $7,435.31 | $204,209.75 | $7,112.55 |
| May 19, 2008 / Docket No. 4076 | February 1, 2008 - February 29, 2008 | $172,483.00 | $9,484.53 | $172,483.00 | $9,484.53 |
| May 30, 2008 / Docket No. 4319 | March 1, 2008 - March 31, 2008 | $171,026.25 | $6,421.36 | $171,026.25 | $6,421.36 |
| June 13, 2008 / Docket No. 4626 | April 1, 2008 - April 30, 2008 | $122,547.00 | $4,743.47 | $122,547.00 | $4,743.47 |

ATTACHMENT TO TENTH MONTHLY FEE APPLICATION OF
QUINN EMANUEL URQUHART OLIVER & HEDGES LLP: SPECIAL INVESTIGATORY,
LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS.

| NAME | POSITION; EXPERIENCE | HOURLY RATE | TOTAL HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Duane Lyons | Partner for 6 years; admitted in 1986 | $760 | 3.8 | $2,888.00 |
| Susheel Kirpalani | Partner for 6 years; admitted in 1995 | $760 | 15.6 | $11,856.00 |
| Danielle Gilmore | Partner for 8 years; admitted in 1994 | $720 | 17.6 | $12,672.00 |
| James Tecce | Of Counsel for 1 year; admitted in 1995 | $605 | 100.3 | $60,681.50 |
| Kristelia A. Garcia | Associate for 4 years, admitted in 2004. | $400 | 87.1 | $34,840.00 |
| Robert K. Dakis | Associate for 3 years, admitted in 2004 | $385 | 30.5 | $11,742.50 |
| Harrison Denman | Associate for 2 years, admitted in 2006 | $375 | 146.1 | $54,787.50 |
| Aidan McGlaze | Associate for 1 year, admitted in 2008 | $355 | 19.0 | $6,745.00 |
| Daniel Allender | Law Clerk | $275 | 21.2 | $5,830.00 |
| S. Tyler Ricci | Paralegal | $235 | 18.3 | $4,300.50 |
| Jaan Rannik | Paralegal | $235 | 6.2 | $1,457.00 |
| Jonathan Land | Litigation Support | $365 | 1.8 | $657.00 |
| Michael Lee | Litigation Support | $150 | 3.5 | $525.00 |
| Joe Liao | Litigation Support | $150 | 0.5 | $75.00 |
| Jet Ma | Litigation Support | $150 | 3.0 | $450.00 |
| Danny Rose | Litigation Support | $150 | 0.2 | $30.00 |
| Raul Vasquez | Litigation Support | $150 | 4.6 | $690.00 |
| **TOTAL** | | **$438.61 (BLENDED RATE)** [1] | **479.3 HOURS** | **$210,227.00** |

---

[1]  The blended rate <u>excluding</u> paraprofessionals is $457.94 per hour.

SUMMARY TABLE OF SERVICES RENDERED DURING
TENTH MONTHLY FEE PERIOD
(MAY 1, 2008 TO MAY 31, 2008 )

| ACTIVITY | HOURS | FEES |
|---|---|---|
| Fee Application/Fee Issues | 54.7 | $17,675.50 |
| Insurance Issues | 139.7 | $58,882.00 |
| Lender Claims | 228.4 | $108,742.00 |
| Recharacterization | 56.5 | $24,927.50 |
| TOTAL | 479.3 | $210,227.00 |

### SUMMARY BY CATEGORY TYPE OF DISBURSEMENTS BILLED
### (MAY 1, 2008 TO MAY 31, 2008)

| DISBURSEMENTS | AMOUNT |
|---|---:|
| Client Meals | $140.75 |
| Document Reproduction | $1,477.84 |
| Express Mail | $11.12 |
| Lexis Research | $442.82 |
| Litigation Support Services | $2,726.42 |
| Local Travel | $333.84 |
| Messenger | $8.00 |
| Outside Photocopy | $115.70 |
| Postage | $10.00 |
| Professional Services | $114.00 |
| Taxi | $19.60 |
| Telephone | $3.12 |
| Westlaw | $1,917.57 |
| **TOTAL DISBURSEMENTS** | **$7,320.78** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x
In re:                                              :
                                                    :
                                                    :       Chapter 11
AMERICAN HOME MORTGAGE                               :
HOLDINGS, INC., a Delaware corporation, et al.,     :       Case No. 07-11047 (CSS)
                                                    :
                                                    :       Jointly Administered
                             Debtors.               :
-------------------------------------------------------------x       **Objection Deadline:**


### TENTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE PERIOD FROM MAY 1, 2008 THROUGH MAY 31, 2008

Quinn, Emanuel, Urquhart, Oliver & Hedges LLP ("**Quinn Emanuel**"), special

investigatory, litigation and conflicts counsel to American Home Mortgage Holdings, Inc., a

Delaware Corporation, and its affiliated debtors and debtors-in-possession in the above-

captioned cases (collectively, the "**Debtors**" or "**American Home**"), hereby submits its

application (the "**Application**") to this Court pursuant to sections 330 and 331 of chapter 11 of

title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), Local Rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedure For United States Bankruptcy Court For the District of

Delaware ("**Local Rule No. 2016-2**"), for an order (i) allowing compensation of  $210,227.00

for actual, reasonable and necessary professional services rendered, and reimbursement of

$7,320.78  for actual, reasonable and necessary expenses incurred during the period from May 1,

2008 through May 31, 2008 (the "**Tenth Monthly Fee Period**"),[2] and (ii) authorizing and

directing the Debtors to pay to Quinn Emanuel the amount of $175,502.38, which is equal to the

sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of

expense reimbursement, and represents as follows:

## I.    INTRODUCTION

### A.    Background

    1.   Bankruptcy Filing.  On August 6, 2007, (the "**Petition Date**"), each of the

Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The

Debtors continue to operate their businesses and manage their property as debtors-in-possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

    2.   Jurisdiction.  This Court has jurisdiction over this Application pursuant to

28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

Venue of the Debtors' chapter 11 cases and this Application is proper under 28 U.S.C. §§ 1408

and 1409.  The statutory predicates for the relief sought herein are sections 330 and 331 of the

Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Local Rule No. 2016-2.  This

Application is made pursuant to the Administrative Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals Pursuant To Sections 331 and

105(a) of the Bankruptcy Code (the "**Compensation Order**"), entered on September 3, 2007 by

this Court.

---

[2]  Certain fees and expenses requested by Quinn Emanuel in the Application relate to services rendered in prior fee application periods.  Quinn Emanuel has not previously requested such fees or expenses in any prior application.

**B.**    **Retention Of Quinn Emanuel And Billing History**

3.    On September 13, 2007, the Court authorized Quinn Emanuel's retention as special investigatory, litigation and conflicts counsel to American Home <u>nunc</u> <u>pro</u> <u>tunc</u> to August 10, 2007, pursuant to the Order Pursuant to Section 327(a) of The Bankruptcy Code and Bankruptcy Rule 2014(a) Approving the Retention of Quinn, Emanuel Urquhart Oliver & Hedges, LLP, <u>Nunc</u> <u>Pro</u> <u>Tunc</u>, as Special Investigatory, Litigation and Conflicts Counsel for the Debtors (Docket No. 741) (the "<u>**Retention Order**</u>"). The Retention Order authorized Quinn Emanuel to be compensated pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court, including the Compensation Order.

4.    This Application is Quinn Emanuel's Tenth monthly application for approval and allowance of compensation. Quinn Emanuel makes this monthly application for approval and allowance of compensation pursuant to section 331 of the Bankruptcy Code and the Compensation Order. No prior application has been made to this or any other court for the relief requested herein, nor has payment been received by Quinn Emanuel for legal services provided to and on behalf of the Debtors, or for out-of-pocket expenses incurred in connection therewith.

5.    Quinn Emanuel has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

6.    No promises have been received by Quinn Emanuel or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

## II.    CASE STATUS

7.    As of the date hereof, no disclosure statements or plans of reorganization have been filed in respect of the Debtors.

## III.    APPLICATION

8.    By this Application, Quinn Emanuel is seeking (a) allowance of reasonable compensation for actual and necessary professional services rendered by Quinn Emanuel, as special investigatory, litigation and conflicts counsel for the Debtors, during the Tenth Monthly Fee Period, and (b) reimbursement of actual, reasonable and necessary expenses incurred by Quinn Emanuel in connection with such services during the Tenth Monthly Fee Period.

9.    Specifically, Quinn Emanuel seeks approval of the sum of $210,227.00 for actual, reasonable and necessary legal services rendered on behalf of the Debtors during the Tenth Monthly Fee Period, and $7,320.78 for reimbursement of actual, reasonable and necessary expenses incurred in connection with the rendition of such services. The fees sought by the Application reflect an aggregate of 479.3 hours of attorney and paraprofessional time spent and recorded in performing services for the Debtors during the Tenth Monthly Fee Period, at a blended average hourly rate of $438.61 for both professionals and paraprofessionals. The blended hourly rate for professionals only is $457.94.

10.    Quinn Emanuel rendered to the Debtors all services for which compensation is sought solely in connection with these cases, in furtherance of the duties and functions of the Debtors.

11.    Quinn Emanuel maintains written records of the time expended in the rendition of the professional services required by the Debtors. These records are maintained in

the ordinary course of Quinn Emanuel's practice.  For the convenience of the Court and parties in

interest, attached hereto as part of the cover sheet, is a billing summary for the Tenth Monthly

Fee Period, setting forth the name of each attorney and paraprofessional for whose work on these

cases compensation is sought, each attorney's year of bar admission, the aggregate of the time

expended by each such attorney and paraprofessional, the hourly billing rate for each such

attorney and paraprofessional at Quinn Emanuel's current billing rates, and an indication of the

individual amounts requested as part of the total amount of compensation requested.  Also set

forth in the billing summary is additional information indicating whether each attorney is a

partner or associate, and how many years each attorney has held such position.  The

compensation requested by Quinn Emanuel is based on the customary compensation charged by

comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

12.    Attached hereto as Exhibit "A" are time entry records broken down in

tenths of an hour by project category, in accordance with the U.S. Trustee Guidelines, setting

forth a detailed description of services performed by each attorney and paraprofessional on

behalf of the Debtors.

13.    Quinn Emanuel also maintains records of all actual and necessary

expenses incurred in connection with the performance of professional services, a summary of

which also is attached hereto as part of the cover sheet.  The summary lists the amounts and

categories of expenses for which reimbursement is sought.  Attached hereto as Exhibit "B" is a

summary of the expenses, including the date the expense was incurred and the charge.

IV.    **SUMMARY OF PROFESSIONAL SERVICES RENDERED**

14.    To provide an orderly and meaningful summary of the services rendered

on behalf of the Debtors by Quinn Emanuel, in accordance with the U.S. Trustee Guidelines,

Quinn Emanuel has established the following separate project billing categories in connection

with these cases:

    a) Bank/Thrift Issues
    b) Cash Collateral and DIP Financing
    c) Case Management/Calendar Maintenance/Service of
    d) Class Actions
    e) Court Hearings
    f) Creditor Inquiries
    g) Employee Issues
    h) Fee Application Preparation/Fee Issues
    i) Government Issues/Investigations
    j) Insurance Issues
    k) Lender Claims
    l) Meetings
    m) Non-Working Travel (Only 50% Requested)
    n) Other Conflicts
    o) Plan and Disclosure Statement
    p) Recharacterization
    q) Retention of Professionals
    r) Rule 2004 Investigations
    s) Servicing Platform Issues
    t) Stay Relief Matters
    u) Travel Time

    15.    The following summary is intended only to highlight a number of the

services rendered by Quinn Emanuel in the separate project billing categories where Quinn

Emanuel expended a considerable number of hours on behalf of the Debtors. It is not meant to

be a detailed description of all of the work performed by Quinn Emanuel during the Tenth

Monthly Fee Period. Detailed descriptions of the day-to-day services provided by Quinn

Emanuel and the time expended performing such services in each project billing category are

fully set forth in Exhibit "A" hereto. Such detailed descriptions show that Quinn Emanuel was

heavily involved in the performance of services for the Debtors on a daily basis, including night

and weekend work, often under extreme time pressure to meet the needs of the Debtors in these

cases.

76802/2578612.3                                                                 11

A.    **Insurance Issues**: (Total Hours: 139.7; Total Fees: $58,882.00)

16.    On November 5, 2007, Quinn Emanuel attorneys filed, on American Home's behalf, a complaint against one of its mortgage insurers, Triad Guaranty Insurance Corp. ("**Triad**"). The complaint alleges that Triad violated the relevant and applicable policies and agreements among the Debtors and Triad when it cancelled insurance certifications for fourteen loans originated by the Debtors. In response to the complaint, Triad filed an answer and counterclaim against American Home on December 6, 2007 (the "**Answer and Counterclaim**"). On December 26, 2007, Quinn Emanuel attorneys filed, on American Home's behalf, an answer to Triad's counterclaim.

17.    On January 11, 2008, Triad served American Home with its interrogatories and requests for the production of documents ("the **Triad Requests**"). Thereafter, on February 12, 2008, Quinn Emanuel attorneys, on behalf of American Home, served Triad with its interrogatories and requests for the production of documents (the "**American Home Requests**"). On March 20, 2008, Triad responded to the American Home Requests and produced documents responsive to the American Home Requests to American Home (the "**Triad Response**"). On May 15, 2008, Triad amended the Answer and Counterclaim to enlarge the number of insurance claims at issue in the adversary proceeding from fourteen to forty-two (the "**Amended Answer**").

18.    During the Tenth Monthly Fee Period, Quinn Emanuel attorneys continued to engage in various aspects of the discovery process with Triad. In particular, Quinn Emanuel attorneys reviewed documents produced by Triad, and drafted deposition notices and subpoenas of Triad's witnesses. Quinn Emanuel attorneys prepared extensively for these depositions, which ultimately occurred on June 9, 2008, June 10, 2008, and June 11, 2008.

Moreover, during the Tenth Monthly Fee Period, Quinn Emanuel attorneys reviewed and analyzed the allegations in Triad's Amended Answer.

B.    **Lender Claims**:  (Total Hours: 228.4; Total Fees: $108,742.00)

*Lehman Litigation*

19.    As special investigatory, litigation and conflicts counsel for the Debtors, Quinn Emanuel attorneys have undertaken (and continued to do so during the Tenth Monthly Fee Period) a comprehensive review and analysis of the various lending relationships to which the Debtors were party prior to the Petition Date, including, without limitation, various repurchase agreements. On October 24, 2007, Quinn Emanuel attorneys, on behalf of the Debtors, filed a complaint against Lehman Brothers, Inc. and Lehman Brothers Commercial Paper ("**Lehman**"), alleging, among other things, that Lehman breached a repurchase agreement by improperly devaluing the value of the securities pledged as collateral thereunder, making improper margin calls, and improperly foreclosing on the collateral.

20.    On November 26, 2007, Lehman filed a motion to dismiss the Debtors' complaint (the "**Motion to Dismiss**").  On March 13, 2008, Quinn Emanuel attorneys participated in oral argument before the Court on Lehman's Motion to Dismiss.  On May 23, 2008, the Court granted in part Lehman's Motion to Dismiss and (i) dismissed with prejudice the first four counts of American Home's Complaint, and four out of the five claims in the Complaint's fifth and final count; and (ii) dismissed without prejudice the portion of the Complaint's first count that alleged a pre-petition breach of contract (the "**May 23rd Order**").

21.    During the Tenth Monthly Fee Period, Quinn Emanuel attorneys analyzed and reviewed their appellate options with respect to the May 23rd Order and drafted a motion to alter and amend the May 23rd Order (the "**Motion to Amend the May 23rd Order**") to render it

a final decision subject to immediate appeal by American Home. Ultimately, on June 2, 2008, Quinn Emanuel attorneys, on behalf of American Home, filed the Motion to Amend the May 23rd Order, and an opening brief in support thereof. In addition, during the Tenth Monthly Fee Period, Quinn Emanuel attorneys reviewed and researched the relevant procedural requirements to appeal the Court's decision. Ultimately, Quinn Emanuel attorneys filed a Notice of Appeal on July 10, 2008.

### *Wells Fargo Litigation*

22.    On October 25, 2007, Wells Fargo Bank N.A. ("**Wells Fargo**") filed a complaint in the nature of interpleader against the Debtors and several Bear Stearns entities and affiliates ("**Bear Stearns**"). In its complaint, Wells Fargo seeks to resolve competing claims asserted by the Debtors and Bear Stearns to a monthly payment owing on account of a trust certificate owned by the Debtors and allegedly foreclosed upon by Bear Stearns. Quinn Emanuel attorneys, on behalf of the Debtors, filed an Answer to Wells Fargo's complaint on December 11, 2007. The parties entered into the finalized scheduling stipulation on January 14, 2008. Thereafter, American Home and Bear Stearns engaged in substantial discovery related to the disputed monthly payment. Specifically, Quinn Emanuel attorneys and Bear Stearns exchanged initial disclosures, requests for production of documents, and contention interrogatories, as well as each party's responses to same.

23.    During the Tenth Monthly Fee Period, Quinn Emanuel attorneys continued to engage in various aspects of the discovery process with Wells Fargo and Bear Stearns. In particular, on May 15, 2008, Bear Stearns served American Home with a deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "**Deposition Notice**"). On May 23, 2008, Bear Stearns also served American Home with a notice of deposition of a former

employee. During the Tenth Monthly Fee Period, Quinn Emanuel attorneys drafted notices of deposition of Bear Stearns and its witnesses, which Quinn Emanuel attorneys served on Bear Stearns on May 19, 2008. Ultimately, Quinn Emanuel attorneys deposed Bear Stearns' hearing witness on June 4, 2008, and defended Bear Stearns' deposition of American Home's hearing witness on June 6, 2008.

24.    Moreover, during the Tenth Monthly Fee Period, Quinn Emanuel attorneys reviewed and catalogued all privileged and redacted documents that it produced to Bear Stearns during the discovery period (the "**Privilege Log**"). Ultimately, Quinn Emanuel attorneys, on behalf of the Debtors, produced the Privilege Log to Bear Stearns on June 2, 2008.

### *U.S. Bank Litigation*

25.    On April 21, 2008, U.S. Bank National Association ("**U.S. Bank**") filed a complaint in the nature of interpleader against the Debtors and several Bear Stearns entities and affiliates ("**Bear Stearns**"). In its complaint, U.S. Bank seeks to resolve competing claims asserted by the Debtors and Bear Stearns to a monthly payment owing on account of a trust certificate owned by the Debtors and allegedly foreclosed upon by Bear Stearns.

26.    During the Tenth Monthly Fee Period, Quinn Emanuel attorneys, on behalf of the Debtors, engaged in negotiations with counsel for U.S. Bank and Bear Stearns. Concluding that the U.S. Bank litigation related in many respects to the Wells Fargo litigation, the parties ultimately entered into a stipulation extending the Debtors and Bear Stearns' time to answer or otherwise respond to U.S. Bank's complaint, which was entered by the Court on June 9, 2008.

*Lender Claims*

27.    Prior to the Petition Date, the Debtors were party to various agreements with financial institutions, including purported repurchase and secured loan agreements. Many of these lenders made margin calls totaling hundreds of millions of dollars immediately prior to the Petition Date and began exercising remedies. Quinn Emanuel, on behalf of the Debtors, is in the process of reviewing these events and the facts and circumstances surrounding them to determine whether they give rise to any estate claims or causes of action.

C.    **Recharacterization**: (Total Hours:  56.5; Total Fees:  $24,927.50)

28.    Shortly after the commencement of the Debtors' Chapter 11 cases, Calyon New York Branch ("**Calyon**") filed an emergency application for injunctive relief seeking the entry of Orders directing the Debtors, among other things, to turn over certain files relating to servicing mortgage loans. American Home disputed Calyon's assertions concerning its entitlement to servicing, maintaining, among other things, that its purported repurchase agreement was a disguised secured financing that did not fall within the Bankruptcy Code safe harbors.

29.    Ultimately, the trial commenced on November 5, 2007 and closing arguments were held on November 26, 2007. The Court issued its decision on January 4, 2008 (the "**Phase I Decision**").

30.    On February 4, 2008, Calyon filed an amended complaint against American Home. On March 3, 2008, Quinn Emanuel attorneys filed American Home's answer and counterclaims to Calyon's amended complaint. Thereafter, on March 24, 2008, Quinn Emanuel attorneys served American Home's request for documents from Calyon relating to theories and arguments for the second phase of litigation with Calyon (i.e., "**Phase II**"). On

March 24, 2008, Calyon served its second request for the production of documents on American

Home (the "**Second Calyon Requests**").  On April 30, 2008, American Home produced to

Calyon non-privileged documents responsive to the Second Calyon Requests.  That same day,

Calyon produced to American Home documents responsive to American Home's requests (the

"**Calyon Production**").

31.    During the Tenth Monthly Fee Period, Quinn Emanuel attorneys dedicated

time and effort to Phase II of the litigation, including, among other things:

- Responded to Calyon's notice of deposition, which Calyon served on American Home on May 5, 2008.

- Drafted and revised notices of deposition of Calyon, including a subpoena of Robert Love which American Home served on Calyon on May 30, 2008.

- Reviewed and analyzed the Calyon Production, and American Home's production, in preparation for depositions.

- Reviewed Calyon's expert report and evaluated options with respect to expert discovery.

32.    Ultimately, Calyon and American Home reached a confidential settlement

of the Phase II litigation on July 21, 2008, which the Court approved on August 8, 2008.

## V.    FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

33.    The factors to be considered in awarding attorneys fees have been

enumerated in In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir.

1977), cert. denied, 431 U.S. 904, which standards have been adopted by most courts.  See, e.g.,

In re Lan Assoc., 192 F.3d 109, 123 n.8 (3d. Cir. 1999) (suggesting First Colonial factors apply

to § 330 compensation requests).  Quinn Emanuel respectfully submits that a consideration of

these factors should result in this Court's allowance of the full compensation sought.

(1)     The Time and Labor Required.  The professional services rendered by Quinn Emanuel on behalf of the Debtors have required the continuous expenditure of substantial time and effort, under time pressures which sometimes required the performance of services late into the evening and, on a number of occasions, over weekends. The services rendered required a high degree of professional competence and expertise in order to be administered with skill and dispatch.

(2)     The Novelty and Difficulty of Questions.  Novel and complex issues have already arisen in the course of the Chapter 11 Cases, and it can be anticipated that other such issues will be encountered.  In these cases, as in many others in which the firm is involved, Quinn Emanuel's effective advocacy and creative approach to problem solving have helped clarify and resolve difficult issues and will continue to prove beneficial.

(3)     The Skill Requisite to Perform the Legal Services Properly.  Quinn Emanuel believes that its recognized expertise in the area of bankruptcy related litigation and its practical approach to the resolution of issues are contributing to maximizing the size of the Debtors' estate.

(4)     The Preclusion of Other Employment by Applicant Due to Acceptance of the Case.  The matters in which Quinn Emanuel's bankruptcy litigation practice group are involved need attention on a continuous basis and require several of Quinn Emanuel's attorneys to commit significant portions of their time to these cases.

(5)     The Customary Fee.  The compensation sought herein is based upon Quinn Emanuel's normal hourly rates for services of this kind. Quinn Emanuel respectfully submits that the compensation sought herein is not unusual given the magnitude and complexity of these cases and the time dedicated to the representation of the Debtors.  Such compensation is commensurate with fees charged by other attorneys of comparable experience.

(6)     Whether the Fee is Fixed or Contingent.  Quinn Emanuel charges customary hourly rates for the time expended by its attorneys and paraprofessionals in representing the Debtors and Quinn Emanuel's fee is not outcome dependent. Pursuant to sections 330 and 331 of the Bankruptcy Code, all fees sought by professionals retained under section 327 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court, and are subject to adjustment by the Court depending upon the services rendered and the results obtained.

(7)     Time Limitation Imposed by Client or Other Circumstances.  As stated above, Quinn Emanuel has been required to attend to various issues as they have arisen in these cases.  Occasionally, Quinn Emanuel has had to perform those services under significant time constraints requiring attorneys and paraprofessionals assigned to these cases to work evenings and on weekends.

(8)     <u>The Amount Involved and Results Obtained</u>.  Through the efforts of Quinn
Emanuel, the Debtors are poised to initiate actions against Third Parties and
maximize value for the Debtors' estates.

(9)     <u>The Experience, Reputation and Ability of the Attorneys</u>.  Quinn Emanuel's
attorneys involved in this representation have played a major role in numerous
complex restructurings including, for example, the chapter 11 cases of Refco Inc.,
Enron Corp., <u>et al.</u>, Safety-Kleen Corp., <u>et al.</u>, and Adelphia Communications
Corp., <u>et al.</u>  Quinn Emanuel's experience enables it to perform the services
described herein competently and expeditiously.

(10)    <u>The "Undesirability" of the Case</u>.  These cases are not undesirable, but as already
indicated, have required a significant commitment of time from several of Quinn
Emanuel's attorneys.

(11)    <u>Nature and Length of Professional Relationship</u>.  Quinn Emanuel was selected as
the Debtors special investigatory, litigation and conflicts counsel shortly after the
Petition Date, on August 10, 2007, and was retained <u>nunc pro tunc</u> to that date
pursuant to an order of this Court dated September 13, 2007.

## VI.    ALLOWANCE OF COMPENSATION

34.     The professional services rendered by Quinn Emanuel have required a

high degree of professional competence and expertise so that the numerous issues requiring

evaluation and action by the Debtors could be addressed with skill and dispatch.  It is

respectfully submitted that the services rendered to the Debtors were performed efficiently,

effectively and economically, and the results obtained to date have benefited the Debtors' estates.

35.     The allowance of interim compensation for services rendered and

reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the

Bankruptcy Code:

> Any professional person . . . may apply to the court not more than
> once every 120 days after an order for relief in a case under this
> title, or more often if the court permits, for such compensation for
> services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331.  This Court has authorized the filing of this Application in the Compensation

Order.

36.     With respect to the level of compensation, section 330(a)(1) of the

Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person:

"reasonable compensation for actual, necessary services rendered." Section 330(a)(3)(A), in

turn, provides that:

> [i]n determining the amount of reasonable compensation to be
> awarded, the court shall consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including -
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration
> of, or beneficial at the time which the service was rendered
> toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable
> amount of time commensurate with the complexity,
> importance, and nature of the problem, issues or task
> addressed; and
>
> (E)     whether the compensation is reasonable based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

11 U.S.C. § 330(a) (3) (A).

37.     The congressional policy expressed in this statute is to provide for

adequate compensation in order to continue to attract qualified and competent professionals to

bankruptcy cases. See In re Busy Beaver Building Centers, Inc., 19 F.3d 833, 850 (3d Cir. 1994)

("Congress rather clearly intended to provide sufficient economic incentive to lure competent

bankruptcy specialists to practice in the bankruptcy courts") (citation and internal quotation

marks omitted).

38.     The total time spent by Quinn Emanuel attorneys and paraprofessionals

during the Tenth Monthly Fee Period was 479.3 hours, which services have a fair market value

of $210,227.00 . As shown by this Application and supporting exhibits, Quinn Emanuel spent its time economically and without unnecessary duplication of time (or duplication of the efforts of the Debtors' other retained professionals). In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

## VII.    EXPENSES

39.    Quinn Emanuel has expended the total amount of $7,320.78 in actual, reasonable and necessary expenses in connection with representing the Debtors during the Tenth Monthly Fee Period. Quinn Emanuel maintains records of all actual and necessary expenses incurred in connection with the performance of professional services. A breakdown of expenses, including the date the expense was incurred and the charge, is annexed hereto as Exhibit "B."

40.    In connection with the reimbursement of actual, reasonable and necessary expenses, it is Quinn Emanuel's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to Quinn Emanuel's clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, document word-processing charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses particularly attributable to an individual client or cases such as secretarial and other overtime.

41.    Quinn Emanuel charges the Debtors for these expenses at rates consistent with those charged to Quinn Emanuel's other bankruptcy clients, which rates are equal to or less than the rates charged by Quinn Emanuel to its non-bankruptcy clients. Quinn Emanuel seeks

reimbursement from the Debtors at the following rates for the following expenses: (a) ten cents per page for photocopying; and (b) one dollar per page for out-going facsimiles. In accordance with section 330 of the Bankruptcy Code and with the U.S. Trustee Guidelines, Quinn Emanuel will seek reimbursement only for the actual cost of such expenses to Quinn Emanuel.

42.     In providing or obtaining from third parties services which are reimbursable by clients, Quinn Emanuel does not include in such reimbursable amount any costs of investment, equipment or capital outlay, except that the reimbursable cost of photocopying and faxes includes a factor for the cost of equipment.

43.     Quinn Emanuel regularly charges its non-bankruptcy clients for ordinary business hour fees and expenses for secretarial, library, word processing, and other staff services because such items are not included in the firm's overhead for the purpose of setting the billing rates.

44.     Attorneys at Quinn Emanuel have not incurred expenses for luxury accommodations, deluxe meals or air travel in excess of coach fares. Throughout the Tenth Monthly Fee Period, Quinn Emanuel has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

### VIII.   NOTICE

45.     No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Application has been given to (a) the United States Trustee, (b) the Debtors, (c) counsel for the Debtors, (d) the Creditors' Committee, and (e) counsel for the Creditors' Committee. Quinn Emanuel submits that no further notice need be given in accordance with the Compensation Order.

IX.    **CONCLUSION**

**WHEREFORE,** Quinn Emanuel respectfully requests the Court to enter an order, substantially in the form attached hereto (i) approving and allowing Quinn Emanuel compensation in the amount of $210,227.00 for actual, reasonable and necessary professional services rendered and reimbursement of $7,320.78 for actual, reasonable and necessary expenses incurred, and authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $175,502.38 which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of such expense reimbursement; and (ii) granting such further relief as is just.

Dated: Wilmington, Delaware
      August \_\_, 2008

                       **QUINN EMANUEL URQUHART OLIVER &**
                       **HEDGES, LLP**

By_____
                      James C. Tecce
                      Susheel Kirpalani
                      Harrison L. Denman

                     51 Madison Avenue, 22nd Floor
                     New York, New York  10010
                     Telephone:  (212) 849-7000
                     Telecopier: (212) 849-7100

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

In re:                                                  :
                                                        :
                                                        :          Chapter 11
                                                        :
AMERICAN HOME MORTGAGE                                   :
HOLDINGS, INC., a Delaware corporation, et al.,         :          Case No. 07-11047 (CSS)
                                                        :
                                                        :          Jointly Administered
                          Debtors.                      :
-------------------------------------------------------------x

## CERTIFICATION OF JAMES C. TECCE

James C. Tecce, an attorney-at-law, duly admitted in good standing to practice in the

State of New York hereby certifies that:

      1.      I am counsel in the firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP

("**Quinn Emanuel**"), and I am duly authorized to make this Certification on behalf of Quinn

Emanuel.  Quinn Emanuel was retained by the Debtors as special investigatory litigation and

conflicts counsel  pursuant to an order of the Court.  This certification is made in support of

Quinn Emanuel's Tenth Monthly Application for Allowance of Compensation for Services

Rendered and for Reimbursement of Expenses During the Period from May 1, 2008 Through

May 31, 2008 (the "**Application**"), and in compliance with Local Rule 2016-2 of this Court (the

"**Rule**"), and with the United States Trustee's Guidelines for Review Of Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "**Guidelines**").

2.      I have read the Application and I certify that the Application substantially

complies with the Rule and the Guidelines.


Dated:                                    **Quinn Emanuel Urquhart Oliver & Hedges, LLP**
August 21, 2008

                                          James C. Tecce
                                          55 Madison Avenue - 22nd Floor
                                          New York, NY 10010
                                          (212) 849 - 7200

**EXHIBIT A**

Matter # : 61106-H

AHM - Fee Application Preparation/Fee Issues

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 05/01/08 | HLD | TCs/emails re QE's second interim fee application (1.3); Reviewed issues re status of pending applications (1.8); Revised QE's February fee application (2.3). | 5.40 |
| 05/01/08 | STR | Prep. of QE fee app. | 3.50 |
| 05/02/08 | HLD | Revise/finalize QE's February fee application (3.6); TCs/emails re QE's second interim fee application (.3). | 3.90 |
| 05/02/08 | STR | Review and prep. March Fee Application. | 3.50 |
| 05/05/08 | HLD | Prepare exhibits for QE's March and April fee applications. | 1.80 |
| 05/05/08 | STR | Review and prep. March Fee App. | 3.60 |
| 05/06/08 | HLD | Revised February fee application. | 0.30 |
| 05/06/08 | STR | Prep. March Fee App. | 2.30 |
| 05/07/08 | HLD | Revised February fee application. | 0.30 |
| 05/07/08 | STR | Review and prep. exhibits re: March fee app. | 1.50 |
| 05/08/08 | STR | Prep. of March Fee App. | 3.90 |
| 05/09/08 | HLD | Draft/revise February fee application, emails with JCT re same. | 2.80 |
| 05/12/08 | HLD | Drafted/revised QE's April fee application. | 1.80 |
| 05/12/08 | JCT | Review and revise February fee application | 0.80 |
| 05/13/08 | HLD | Revise/finalize QE's February fee application (2.6); Draft/revise QE's March fee application (.3). | 2.90 |
| 05/14/08 | HLD | Draft/revise QE's March fee application. | 3.40 |
| 05/15/08 | HLD | Reviewed fee applications/budget for AHM. | 0.40 |
| 05/16/08 | HLD | Revise/finalize QE's February fee application, TCs/emails Jackson (YC) re filing of same. | 0.70 |
| 05/19/08 | HLD | Draft/revise QE's March fee application, emails JCT re same. | 3.90 |
| 05/22/08 | HLD | TCs/emails with vendors re QE January expenses. | 0.40 |
| 05/28/08 | HLD | Revise/finalize QE's March fee application, emails/tcs with Jackson (YC) re same. | 1.40 |
| 05/28/08 | JCT | Review and revise March fee application | 0.50 |
| 05/29/08 | HLD | Meet with J. Raanik re QE's April fee application, preparation and emails re same (1.1); Emails with Jackson (YC) re QE's interim fee application (.3). | 1.40 |
| 05/29/08 | JR1 | Prepare April Fee Application. | 4.10 |
| 05/30/08 | HLD | Reviewed timing issues for QE's March fee application. | 0.20 |

|  |  | Total Hours | 54.70 |

### Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| James C. Tecce | JCT | Counsel | 1.30 | 605.00 | 786.50 |
| Harrison L. Denman | HLD | Associate | 31.00 | 375.00 | 11,625.00 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Jaan Rannik | JR1 | Paralegal | 4.10 | 235.00 | 963.50 |
| S. Tyler Ricci | STR | Paralegal | 18.30 | 235.00 | 4,300.50 |

Matter # : 61106-J

<u>AHM - Insurance Issues</u>

## Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 05/01/08 | DLG | TC with D. Lyons re evidentiary issues, and research re same (.6); Review pertinent documents re rescission and release issues, and review legal research re same (1.2). | 1.80 |
| 05/01/08 | DRL | Draft email to J. Kalas re: rescission issues. | 0.30 |
| 05/01/08 | HLD | TCs/emails re course of action in Triad litigation. | 0.30 |
| 05/01/08 | KAG | Reviewed document production (4.0); tc with S. Beach (YC) regarding check cashing and correspondence (.2); Correspondence with calendaring regarding dates (.1); Draft letter regarding check return (.5). | 4.80 |
| 05/02/08 | DLG | Tcs re evidentiary issues (.6); tcs with D. Lyons re same. Research re evidentiary issues (2.7). | 3.30 |
| 05/02/08 | KAG | Reviewed document production. | 5.00 |
| 05/05/08 | DLG | Tc re evidentiary issues (1.0); email and research for the same (1.4); Review complaint (.7). | 3.10 |
| 05/05/08 | HLD | Emails with Garcia re triad document production status. | 0.20 |
| 05/05/08 | KAG | Reviewed document production (4.5); Schedule deposition (.5); Prepare identity list of deponents (1.0). | 6.00 |
| 05/06/08 | DLG | Tcs re evidentiary issues, and emails re same. | 1.40 |
| 05/06/08 | KAG | Reviewed document production; attention to critical documents. | 2.30 |
| 05/07/08 | DLG | Research re mortgage insurance evidentiary issues. | 0.70 |
| 05/07/08 | KAG | Reviewed document production, attention to critical documents. | 4.10 |
| 05/08/08 | DLG | Review information re open evidentiary issues, tcs/emails re same. | 0.70 |
| 05/08/08 | KAG | Reviewed document production. | 3.00 |
| 05/09/08 | DLG | TC re open evidentiary issues (.4); Research re same (.5). | 0.90 |
| 05/09/08 | KAG | Prepare amended deposition notices (.8); Correspondence with local counsel and affiliate firm regarding rescheduled depositions (.6); Email production review (2.0). | 3.40 |
| 05/12/08 | DLG | TC re evidentiary issues. | 0.10 |
| 05/12/08 | JL | Processed document production. | 0.90 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 05/12/08 | KAG | Call with Duane Lyons regarding production and deposition (.5); Draft letter responding to Womble regarding production and deposition (1.0); Finish email review coordinate with litigation support and local counsel for production (2.0); Correspondence with local counsel regarding deposition space (.1); Prepare amended deposition notices (.5). | 4.10 |
| 05/13/08 | DLG | TC re evidentiary issues, emails re same. | 1.10 |
| 05/13/08 | HLD | Reviewed correspondence re scheduling of depositions/document production issues, TCs/emails Garcia re same. | 0.70 |
| 05/13/08 | JL | Prepared for document productions. | 0.90 |
| 05/13/08 | KAG | Review of document production file (1.0); Correspondence with client regarding native files (.2); Coordination with litigation support regarding production (1.2); Correspondence with local counsel regarding amended deposition notices (.2); revise Womble response letter (.5). | 3.10 |
| 05/14/08 | DLG | TCs with D. Lyons re evidentiary issues. | 0.20 |
| 05/15/08 | DLG | TCs with D. Lyons re evidentiary issues. | 0.40 |
| 05/15/08 | DR | Worked on document production issues. | 0.20 |
| 05/15/08 | HLD | Reviewed Triad amended complaint, reviewed/emailed open issues re same with Garcia. | 0.60 |
| 05/15/08 | KAG | Research regarding subpoena service in Maryland (.8); Coordinate with litigation support and Duane Lyons regarding document production (.8); Coordinate with litigation support and local counsel regarding production and service; review notice of service (.8); Final edits to production (1.0); Draft cover letter (.4). | 3.80 |
| 05/15/08 | RV2 | Work on documents production issues. | 3.80 |
| 05/19/08 | DLG | TC re evidentiary issues (.1); Emails re same (.1);  TC with K. Garcia re discovery and schedule (.1);  Research re evidentiary issues (.5). | 0.80 |
| 05/19/08 | KAG | AHM deposition scheduling (1.0); Correspondence regarding claims investigation (0.8); Call with R. Rice (Womble) regarding depositions (0.5); Call with D. Gilmore regarding insurance issues (0.5) | 2.80 |
| 05/20/08 | DLG | Emails re evidentiary issues (.4);  Organize materials for same (.2). | 0.60 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 05/20/08 | HLD | Emails with Garcia, Gilmore re open issues, including status of protective order. | 0.70 |
| 05/20/08 | KAG | Correspondence regarding deposition dates; research re same (0.8); Review of correspondence from R. Rice regarding AHM information provision (0.1); Correspondence with E. Keary (Hahn & Hesson) regarding deposition dates (0.1); Correspondence regarding witness (0.2); Call to R. Rice (Womble) regarding depositions (0.2); Draft letter to R. Rice regarding depositions (1.0); Research regarding third party service, subpoena need (1.6). | 4.00 |
| 05/21/08 | DA1 | Reviewed discovery documents in preparation for depositions. | 3.30 |
| 05/21/08 | DLG | Emails re evidentiary issues (.2); Review materials and package re same (.3); Conference with K.Garcia re same (.4). | 0.90 |
| 05/21/08 | DRL | Review emails re: discovery; conference with K. Garcia. | 0.50 |
| 05/21/08 | HLD | Emails Garcia re Triad amended counterclaim. | 0.30 |
| 05/21/08 | KAG | Correspondence regarding next steps (0.1); Review of amended response, counterclaim, summary and recommendation (1.2); obtain Loan file, issues re same (1.2); Review production for key docs (1.0); Review and forward Triad letter regarding information (0.5); Meet with D. Allender regarding assignments, summary and production files (0.5); Correspondence regarding total loans rejected (0.1); Subpoena for B. Sheehy and correspondence with Alliance firms regarding deposition space and research regarding service and filing (1.6). | 6.20 |
| 05/22/08 | DA1 | Document review in preparation for depositions (5.7); Meeting with Kristlelia Garcia to discuss open issues (.8). | 6.50 |
| 05/22/08 | DLG | TC re review of documents relating to evidentiary issues (.5); Emails re providing documents to same (.3). | 0.80 |
| 05/22/08 | KAG | Follow up regarding B. Sheehy Requests for Production (.5); Correspondence with local counsel regarding subpoena (.2); Mark all loan file documents confidential (.2); Correspondence with D. Allender and litigation support regarding loan files (.2); Meet with D. Allender regarding hot doc review (.8); Correspondence with litigation support regarding production (.2); Subpoena and exhibits-edits and forward to local counsel for service (1.2). | 3.30 |
| 05/22/08 | RV2 | Prepared document productions. | 0.80 |

76802/2578624.3

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 05/23/08 | DA1 | Conducted document review in preparation for depositions, conducted research relating to the cause of action and affirmative defenses raised (3.5); met with Kristelia Garcia to discuss the document review and the research (.8). | 4.30 |
| 05/23/08 | DLG | TC re evidentiary issues. | 0.30 |
| 05/23/08 | HLD | Emails with Garcia re Triad scheduling. | 0.30 |
| 05/23/08 | KAG | Document review and binder preparation (2.4); Meet with D. Allender regarding claim element analysis (.8). | 3.20 |
| 05/26/08 | KAG | Drafted deposition outlines. | 2.50 |
| 05/27/08 | DLG | Emails re obtaining materials for evidentiary issue review. | 0.10 |
| 05/27/08 | DRL | Review proposed amended complaint; conference with K. Garcia. | 0.50 |
| 05/27/08 | KAG | Call with D. Allende regarding indexing (.2); Follow up regarding AHM as plaintiff and response due (.2); Prepare deposition binder index (1.2); Loan file copies, edits, distribute and index (1.4); Call Hahn and Hessen regarding status (.2); Meet with Duane Lyons regarding amending complaint and deposition outlines (.5); Retrieve and review interrogatory responses (1.1); Review complaint for coverage of newly-added loans and response determination and draft (1.2); Deposition preparation, including binder, preparation and interrogatory review (2.0). | 8.00 |
| 05/28/08 | DA1 | Completed document review and indexing of documents in preparation for depositions (3.6); Drafted research memo for Duane Lyons and Kristelia Garcia, summarizing elements of claims (3.5). | 7.10 |
| 05/28/08 | DLG | TC with D. Lyons re evidentiary issues. | 0.30 |
| 05/28/08 | DRL | Review materials re: deposition of Triad witnesses. | 2.50 |
| 05/28/08 | KAG | Tcs/emails with D. Allender regarding elements project (.5); Correspondence with American Homes re witness dates, upcoming deposition location and date confirmation (.2); Review document production (1.0); tc with D. Lyons regarding amending complaint (.1); call with J. Kalas regarding additional defaulted loans (.4); Prepare notice of non-objection and correspondence with local counsel regarding same (1.2); Review element analysis (1.0). | 4.40 |
| 05/29/08 | DLG | Emails re evidentiary issues. | 0.10 |
| 05/29/08 | HLD | Emails Garcia re open issues in Triad litigation. | 0.30 |

76802/2578624.3

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 05/29/08 | KAG | Obtained unredacted pleadings (.2); Compile and copy deposition preparation binder (1.2); Draft master witness deposition outline (1.5); Edits to deposition binder and index (.8); Draft individual witness deposition outlines (2.0); Deposition coordination: location videographer, vendors, correspondence with R. Rice (.5); Meet with Duane Lyons regarding depositions preparation and rescission information (.5); Communications with S. Kirpalani and James Teece regarding depositions (.1); Review recission letters and prepare memorandum for J. Kalas (1.5). | 8.30 |
| 05/30/08 | KAG | Correspondence with J. Kalas re contact info for deponents. | 0.20 |
| 05/30/08 | KAG | Discuss loan rejections with D. Allender | 0.20 |
| 05/30/08 | KAG | Complete loan rejections chart and sent to J. Kalas for response | 2.00 |
| 05/30/08 | KAG | Draft 30(b)(6) notice, interrogatories and requests for production | 2.20 |
| 05/30/08 | KAG | Call with D. Lyons re 30(b)(6) notice, amended complaint and business contact. | 0.20 |
| | | Total Hours | 139.70 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Duane R. Lyons | DRL | Partner | 3.80 | 760.00 | 2,888.00 |
| Danielle Gilmore | DLG | Partner | 17.60 | 720.00 | 12,672.00 |
| Kristelia A. Garcia | KAG | Associate | 87.10 | 400.00 | 34,840.00 |
| Harrison L. Denman | HLD | Associate | 3.40 | 375.00 | 1,275.00 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|-------------------|-------|-------|-------|------|--------|
| Daniel Allender | DA1 | Law Clerk | 21.20 | 275.00 | 5,830.00 |

| Litigation Support/Document Management Services | Init. | Title | Hours | Rate | Amount |
|-------------------------------------------------|-------|-------|-------|------|--------|
| Jonathan Land | JL | Lit Support | 1.80 | 365.00 | 657.00 |
| Danny Rose | DR | Lit Support | 0.20 | 150.00 | 30.00 |
| Raul Vasquez | RV2 | Lit Support | 4.60 | 150.00 | 690.00 |

76802/2578624.3

Matter # : 61106-K

<u>AHM - Lender Claims</u>

### Statement Detail

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 05/01/08 | AM6 | Retrieve and prepare documents in preparation for oral argument on motion to dismiss in BofA litigation (2.1); review briefing re same (1.1). | 3.20 |
| 05/01/08 | HLD | Revise US Bank stipulation, emails re same. | 0.90 |
| 05/01/08 | JCT | Revise oral argument outline re transactions and documents (3.0); call w/ J. Dorsey re next steps in lender actions (1.0); review jurisdictional research core and related to jurisdiction (1.1); review briefs, caselaw (.8); revise outline re same (2.6). | 8.50 |
| 05/02/08 | AM6 | Prepare for and attend hearing on motion to dismiss BofA litigation in Wilmington. | 7.20 |
| 05/02/08 | JCT | Prepare for oral argument on BofA Motion to dismiss (2.0); conduct same (1.9); review email correspondence regarding status of lender actions, BofA actions, status of Calyon discussions (.5) | 4.40 |
| 05/05/08 | HLD | TCs/emails with AHM re revisions to lender x complaint (.3); TC/emails re open evidentiary issues in Lehman litigation (.2); Reviewed draft stipulation with US Bank re interpleader complaint(.5). | 1.00 |
| 05/06/08 | HLD | TCs/emails Sidley, Wells counsel, Sakamoto and JCT re stipulation with US Bank (.8); Reviewed stipulation re same (.3); TC AHM re lender X complaint revisions (.4). | 1.50 |
| 05/06/08 | JCT | Calls with Calyon counsel regarding scheduling issues for Phase II, settlement issues (.7), review same with YCST and Aidan McGlaze (.3), calls w/ Kroll re same (.7) | 1.70 |
| 05/07/08 | HLD | TC AHM re revisions to lender x complaint, emails JCT, review re same. | 0.70 |
| 05/08/08 | HLD | TCs/emails with AHM re revisions to lender x complaint. | 0.70 |
| 05/08/08 | JCT | Review comments to Lender X complaint from AHM. | 0.60 |
| 05/08/08 | JCT | Attend in person meeting at KRZ re case strategy, litigation next steps with YCST (4.0); Prepare for same with related document review (2.2). | 6.20 |
| 05/08/08 | SK2 | Review pending litigation against lenders/counterparties in preparation for meeting with AHM (2.4); attend meeting Kroll and AHM re plan scenarios (4.2). | 6.60 |

76802/2578624.3

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 05/09/08 | HLD | TCs/emails with JCT and Sakamoto re stipulation with US Bank. | 0.50 |
| 05/12/08 | HLD | TC US Bank counsel re stipulation, prep re same (.5); Reviewed emails re complaint against lender x, confs with AHM and J Tecce re same (.5); Reviewed lender x complaint issues re same (2.1); Reviewed deposition scheduling issues, strategy re same in Wells litigation, confs with J Tecce re same (1.2). | 4.30 |
| 05/12/08 | JCT | Review comments from AHM on draft complaint against Lender (.5); conf w/ H. Denman re same (.3) | 0.80 |
| 05/12/08 | SK2 | Review settlement and litigation alternatives worksheet prepared by S. Beach. | 0.80 |
| 05/13/08 | HLD | TC with AHM, J Tecce re revisions to lender x complaint (.6); Research various open issues for lender x complaint (3.1); Review/revise lender x complaint re same (1.4). | 5.10 |
| 05/13/08 | JCT | Revise draft complaint against lender to incorporate AHM comments and recirculate to AHM (7.4); research regarding same (.9); confs.. w/ H. Denman re lender complaint (.4); review Bank of America litigation issues (.3). | 9.00 |
| 05/14/08 | HLD | TC US Bank counsel re US Bank complaint, prep/emails re same (.7); TC AHM/Tecce re lender x complaint (1.3); Revisions to complaint re same (.5); Reviewed/summarized pending litigations for purposes of lender x complaint (2.2). | 4.70 |
| 05/14/08 | JCT | Review status of company review of complaint against lender and next steps with emails to AHM and YCST re same | 0.30 |
| 05/14/08 | SK2 | Confer w/ YC re update on meeting w/ Creditors' Committee and bank resolution strategy. | 0.80 |
| 05/15/08 | HLD | TC Sakamoto re strategy/arguments in Wells litigation (.5); Reviewed Bear deposition notice in Wells Litigation, emails re same (.9); TCs/emails AHM team re lender x complaint, prep re same (2.6); Research re open issues re lender x complaint, draft email memo re same (2.4). | 6.40 |
| 05/15/08 | JCT | Review deposition notice and outline responses w. H Denman. | 0.40 |
| 05/15/08 | JCT | Calls with AHM regarding lender complaint (1.5); revisions to same (.4); review precedent cases (.6) | 2.50 |
| 05/16/08 | HLD | Reviewed counterparty complaints for lender x complaint (1.2); Draft/revise deposition notices for Wells litigation (2.3); Draft/revise response to Wells' deposition notices (2.1); Emails/TCs re same with AHM (.3). | 5.90 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 05/16/08 | JCT | Review next steps in all lender actions, discovery plan (.5); review and revise Wells discovery demands (1.2); revise Lender complaint incorporating comments from AHM call (2.6). | 4.30 |
| 05/19/08 | HLD | TCs/emails with Schnabel (Dorsey and Whitney) re comments to stipulation adjourning deadline in US Bank litigation (.6); Draft/revise notices of deposition of Bear Stearns in Wells litigation (1.6); TCs Sakamoto re same (.3); TCs/emails E. Keary from Hahn and Hessen re status updates (.4); Reviewed/revised lender x complaint, and relevant documents (1.3). | 4.20 |
| 05/20/08 | HLD | TCs/emails with Goldy (Sidley) re AHM's deposition notices, scheduling, prep re same (2.4); TC Sakamoto re same (.5); Research re open issues for lender x complaint (2.1); Reviewed emails, recent edits to lender x complaint (.9); Prepared for Sakamoto deposition in Wells litigation, reviewed document productions re same (2.2). | 8.10 |
| 05/20/08 | JCT | Review next steps for depositions in Wells litigation w/ H. Denman (.2); review and revise lender complaint (.5) | 0.70 |
| 05/20/08 | ML5 | Prepare and process documents for depositions in Wells Fargo litigation. | 0.50 |
| 05/21/08 | HLD | TC with AHM re lender x complaint and relevant documents (.4); Reviewed lender x complaint re same (1.4); TC Schiltz (WolfBlock) re deposition schedule in Wells litigation (.2); TCs/emails Sakamoto re open discovery issues in Wells litigation (.6); Preparation of outline for Sakamoto deposition, prepared documents re same (4.5). | 7.10 |
| 05/21/08 | JCT | Review lender complaint emails, emails on Wells Fargo depositions | 0.70 |
| 05/21/08 | SK2 | Review draft of complaint against lender. | 2.40 |
| 05/22/08 | HLD | TCs/meetings with JCT re US Bank stipulation, emails to Schnabel re same (.6); Revised US Bank stipulation re same (.5); TCs/emails with AHM re revisions to lender x complaint, reviewed/revised complaint re same (1.3); Reviewed letter from Sidley re deposition notices and schedule (.4); Confs with JCT re same, TCs/emails with Goldy (Sidley) re same (1.4); Prepare outline and review relevant documents for Sakamoto deposition in Wells litigation (5.1). | 9.30 |
| 05/22/08 | JCT | Review discovery and deposition next steps w/ H. Denman (.5); review Wells Fargo counsel correspondence and US Bank Stipulation (.2). | 0.70 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 05/22/08 | JL9 | Assist in document production review for Wells litigation. | 0.50 |
| 05/22/08 | ML5 | Assist in Wells litigation document production. | 0.50 |
| 05/23/08 | HLD | Meet and confer conference with Bear counsel (A.Stern and J. Goldy) re depositions/scheduling in Wells litigation (.9); TCs/emails/prep re same (1.1); Reviewed Labuskes deposition notice, TCS/emails re same (.6); TC AHM re lender x complaint (1.4); Reviewed decision in Lehman adversary, emails/confs re same (2.0); TCs/emails with Bear counsel (Sidley) re US Bank stipulation (.4). | 6.40 |
| 05/23/08 | JCT | Call with Sidley Austin regarding discovery next steps in Wells Fargo litigation on depositions (.6); Review Lehman decision, emails w/ S. Kirpalani re same, outline options for appeal (2.3); call with clients re. same and next steps (.9); | 3.80 |
| 05/23/08 | JR1 | Compile binder in preparation for deposition in Wells litigation. | 2.10 |
| 05/24/08 | JCT | Review Lehman decision and outline next steps | 1.00 |
| 05/27/08 | HLD | TC Sakamoto re Lehman decision (.5); Reviewed scheduling of Sakamoto deposition and deposition preparation for Wells litigation (.2); TCs/emails creditors' committee counsel re all lender claims discovery status and deposition schedule (.5); TC Sidley re discovery agreement/meet and confer conference (.4); Draft/revise letter to Sidley confirming terms of discovery agreement for Wells litigation (2.1); Draft/revise privilege log for Wells litigation (2.4). | 6.10 |
| 05/27/08 | JCT | Review Lehman decision and outline next steps (1.7); conf w/ S. Kirpalani re same (1.0); call with AHM re same (.6); review and revise discovery letter confirming agreement in Wells Fargo discovery (.5) | 3.80 |
| 05/27/08 | ML5 | Retrieve documents for preparation of deposition in Wells litigation. | 0.50 |
| 05/27/08 | SK2 | Review and analyze Lehman decision (1.1); attend conf. call w/M. Taylor, S. Cooper, J. Tecce, K. Nystrom re same (.6). | 1.70 |
| 05/28/08 | HLD | TC AHM re Lehman litigation issues, lender complaint issues (.4); TC Schnabel (US Bank counsel) re US Bank stipulation (.2); Finalize letter summarizing deposition agreement with Bear in Wells litigation, emails re same (.9); TCs/emails re deposition scheduling and preparation re same (4.2); TCs/emails with Sakamoto re deposition in Wells litigation (.5); Revise/finalize privilege log for Wells litigation (.4). | 6.60 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 05/28/08 | JCT | Research relating to "safe harbors" and email memorandum re same (2.1); research appeal issues and prepare memorandum to clients re same (3.6) | 5.70 |
| 05/28/08 | RKD | Review order and draft notice of appeal for opinion dismissing complaint against Lehman (.8); legal research regarding standard for direct appeal to Court of Appeals (1.7). | 2.50 |
| 05/28/08 | SK2 | Reviewing legislative history of section 559 (.6); review transcript of oral argument from Lehman (.5). | 1.10 |
| 05/29/08 | HLD | Prepare for Sakamoto deposition in Wells litigation (.6); Draft/revise deposition preparation outline, documents re same (4.1); TCs/emails Sakamoto re same (.4). | 5.10 |
| 05/29/08 | JCT | Email to Kroll and AHM regarding appeal (.7); research appeal standards and arguments and confs w/ S. Kirpalani re same (1.4); call w. Latham regarding next steps in Lehman lawsuit (.2); revise Wells privilege log; (.3); prepare for Sakamoto deposition with related document review in Wells litigation (1.0) | 3.60 |
| 05/29/08 | RKD | Research regarding standard for direct appeal (2.9); draft motion seeking certification of appeal directly to third circuit in Lehman litigation (5.7). | 8.60 |
| 05/30/08 | HLD | Emails with JCT, AHM re US Bank stipulation (.4); Revise/finalize privilege log for Wells litigation document productions (.7); Deposition preparation with Simon Sakamoto and JCT for Wells litigation depositions (2.9); Preparation, emails re same (2.1). | 6.10 |
| 05/30/08 | JCT | Review Wells docs for deposition prep (1.0); conf w/ H. Denman re same (.7); conf. w/ H. Denman and S. Sakamoto (2.0); review privilege log w/ H. Denman (.2); review appeal issues for Lehman and revise stipulation to extend Lehman answer date (1.7); research reconsideration and appeal issues (3.1). | 8.70 |
| 05/30/08 | RKD | Office conference with J. Tecce regarding appeal (.3); office conference with S. Kirpalani regarding appeal (.2); review opinion and order with respect to claims appealable (.4); office conference with J. Tecce and S. Kirpalani regarding same (.3); legal research regarding post-judgment motions (2.3); draft post-judgment motion (6.4); office conference with J. Tecce regarding same (.4). | 10.30 |
| 05/30/08 | SK2 | Review cases regarding interlocutory nature of Lehman order (.9); confer w/J. Tecce re same (.8); review statutory scheme and purpose re same (.5). | 2.20 |

| Date | Timekeeper | Description | Hours |
|------|------------|-------------|-------|
| 05/31/08 | JCT | Research motions to alter and amend (1.5); draft motion to alter and amend (8.2) | 9.70 |
| 05/31/08 | RKD | Revise and edit post-judgment motion (3.9); legal research regarding form and standards for granting post-judgment motion (4.1); office conferences with J. Tecce regarding same (1.1). | 9.10 |
| | | Total Hours | 228.40 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Susheel Kirpalani | SK2 | Partner | 15.60 | 760.00 | 11,856.00 |
| James C. Tecce | JCT | Counsel | 77.10 | 605.00 | 46,645.50 |
| Robert K. Dakis | RKD | Associate | 30.50 | 385.00 | 11,742.50 |
| Harrison L. Denman | HLD | Associate | 90.70 | 375.00 | 34,012.50 |
| Aidan McGlaze | AM6 | Associate | 10.40 | 355.00 | 3,692.00 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|-------------------|-------|-------|-------|------|--------|
| Jaan Rannik | JR1 | Paralegal | 2.10 | 235.00 | 493.50 |

| Litigation Support/Document Management Services | Init. | Title | Hours | Rate | Amount |
|-------------------------------------------------|-------|-------|-------|------|--------|
| Joe Liao | JL9 | Lit Support | 0.50 | 150.00 | 75.00 |
| Michael Lee | ML5 | Lit Support | 1.50 | 150.00 | 225.00 |

Matter # : 61106-P

AHM - Recharacterization

**Statement Detail**

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 05/01/08 | JM7 | Assist in document production. | 3.00 |
| 05/01/08 | ML5 | Assist in document production issues. | 0.50 |
| 05/05/08 | AM6 | Coordinate and initiate review of Calyon's documents. Review designation of topics for 30(b)(6) deposition. | 2.60 |
| 05/05/08 | HLD | Reviewed/familiarized pleadings in recharacterization litigation (1.4); confs with JCT and Aidan re same (.4); reviewed calyon production documents in preparation for depositions (4.5). | 6.30 |
| 05/05/08 | JCT | Review and revise 30(b)(6) notices, list of witnesses for depositions with related document review (3.9); conf w/ H. Denman re status on document review (.2); calls w/ YCST (Edwards and Dorsey) re next steps in depositions, discovery (.4); conf w/ A. McGlaze re same (.2); call w/ C. Pino re status (.2) | 4.90 |
| 05/05/08 | ML5 | Assist in document production issues. | 1.00 |
| 05/06/08 | HLD | Document review for Calyon depositions (.4); Conf with JCT re response to Calyon 30b6 deposition notice (.2). | 0.60 |
| 05/07/08 | HLD | Draft/revise response to Calyon's 30b6 deposition notice. | 1.40 |
| 05/08/08 | HLD | Drafted/revised response to Calyon's 30b6 deposition notice. | 3.10 |
| 05/08/08 | JCT | Review and revise responses and objection to 30(b)(6) notices from Calyon. | 1.60 |
| 05/09/08 | HLD | Review Calyon production in preparation for depositions. | 3.90 |
| 05/09/08 | JCT | Review and revise 30(b)(6) objections to serve same. | 2.50 |
| 05/09/08 | ML5 | Assist in document production. | 0.50 |
| 05/10/08 | HLD | Review Calyon production in preparation for depositions. | 1.80 |
| 05/12/08 | AM6 | Confer with J. Tecce, J. Dorsey, and E. Edwards re case strategy (.9); review documents produced by Calyon (.8); read Calyon's expert report (.4); communicate with H. Denman regarding review priorities and strategies (.2). | 2.30 |
| 05/12/08 | HLD | Reviewed AHM production for Calyon depositions. | 2.10 |
| 05/12/08 | JCT | Calls with YCST, Hunton & Williams and AHM regarding timing of Phase II Trial (1.5); review next steps on discovery, including depositions (.8); confs w/ A. McGlaze and H. Denman re same (.4); review Calyon expert report (.2) | 2.90 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 05/13/08 | AM6 | Review expert report and strategize with J. Tecce re rebutting same (.6); review revised Stipulation (.3). | 0.90 |
| 05/13/08 | HLD | Reviewed documents from Calyon production for Calyon depositions. | 1.10 |
| 05/13/08 | JCT | Review expert report submitted by Calyon (1.0); calls with YCST; A. McGlaze re same (.2); call w/ M. Taylor re next steps (.2); review and revise stipulation regarding adjournment of trial dates; related emails (.9) | 2.30 |
| 05/15/08 | HLD | Reviewed documents for Calyon depositions. | 0.70 |
| 05/15/08 | JCT | Review evidentiary issues for Phase II | 0.20 |
| 05/16/08 | JCT | Review discovery plan for Calyon and evidentiary issues (.3); call w/ J. Dorsey re same (.1); call w/ A. McGlaze re same (.1) | 0.50 |
| 05/19/08 | JCT | Call w/ KRZ re Calyon settlement (.6); call w/ Calyon counsel and J. Dorsey re discovery issues (.2) | 0.80 |
| 05/20/08 | AM6 | Confer re evidentiary issues. | 0.50 |
| 05/21/08 | AM6 | Confer re evidentiary issues. | 0.30 |
| 05/22/08 | JCT | Review open discovery issues for Phase II; confs. w/ A. McGlaze re same | 0.70 |
| 05/23/08 | AM6 | Review and correspondence re evidentiary issues. | 0.60 |
| 05/27/08 | AM6 | Review and correspondence re evidentiary issues. | 0.90 |
| 05/27/08 | JCT | Review discovery next steps and issues for Phase II Trial | 0.60 |
| 05/28/08 | AM6 | Confer with J. Tecce re evidentiary issues. | 0.20 |
| 05/28/08 | JCT | Review expert reports (1.0); calls w/ A. McGlaze re same (.2); calls w/ YCST re litigation status (Dorsey and Edwards) (.8) | 2.00 |
| 05/29/08 | AM6 | Confer with J. Tecce re evidentiary issues. | 0.30 |
| 05/29/08 | JCT | Review evidentiary issues for Calyon; expert report; calls with J. Dorsey and Craig Pino re same (2.0); calls with Kroll, YCST and Pino re same and status of settlement (.7); review competing settlement proposals (.2) | 2.90 |

|  |  | Total Hours | 56.50 |

## Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| James C. Tecce | JCT | Counsel | 21.90 | 605.00 | 13,249.50 |
| Harrison L. Denman | HLD | Associate | 21.00 | 375.00 | 7,875.00 |
| Aidan McGlaze | AM6 | Associate | 8.60 | 355.00 | 3,053.00 |

| Litigation Support/Document Management Services | Init. | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Jet Ma | JM7 | Lit Support | 3.00 | 150.00 | 450.00 |
| Michael Lee | ML5 | Lit Support | 2.00 | 150.00 | 300.00 |

76802/2578624.3

**EXHIBIT B**

Summary by Expenses Incurred
(May 1, 2008 through May 31, 2008)

| Date Posted | Expense / Date Incurred | Amount |
|---|---|---|
| 4/25/08 | Litigation Support Services | $77.92 |
| 4/25/08 | Litigation Support Services | $36.00 |
| 4/25/08 | Litigation Support Services | $2,612.50 |
| 4/29/08 | Client Meal, H. Denman on 2/24/08 | $15.93 |
| 4/30/08 | Lexis | $75.50 |
| 4/30/08 | Lexis | $367.32 |
| 5/2/08 | Express Mail | $11.12 |
| 5/5/08 | Document Reproduction | $0.39 |
| 5/5/08 | Document Reproduction | $0.13 |
| 5/5/08 | Document Reproduction | $0.13 |
| 5/5/08 | Document Reproduction | $0.13 |
| 5/5/08 | Document Reproduction | $0.13 |
| 5/5/08 | Document Reproduction | $0.13 |
| 5/5/08 | Document Reproduction | $0.13 |
| 5/7/08 | Taxi, J. Tecce on 3/25/08 | $4.90 |
| 5/7/08 | Local Travel, J. Tecce on 3/27/08, Train From New York To Delaware | $127.00 |
| 5/7/08 | Local Travel, J. Tecce on 3/27/08, Train From Delaware To New York | $113.00 |
| 5/7/08 | Taxi, J. Tecce on 3/27/08, while in Delaware | $7.70 |
| 5/7/08 | Taxi, J. Tecce on 3/27/08, while in Delaware | $7.00 |
| 5/12/08 | Document Reproduction | $0.26 |
| 5/13/08 | Client Meal, H. Denman on 3/19/08 | $30.65 |
| 5/15/08 | Document Reproduction | $0.52 |
| 5/15/08 | Telephone | $3.12 |
| 5/19/08 | Document Reproduction | $0.26 |
| 5/20/08 | Client Meal, H. Denman on 4/17/08 | $19.82 |
| 5/20/08 | Client Meal, H. Denman on 4/16/08 | $26.74 |
| 5/20/08 | Document Reproduction | $0.13 |
| 5/20/08 | Document Reproduction | $0.13 |
| 5/21/08 | Client Meal, H. Denman on 4/7/08 | $25.64 |
| 5/21/08 | Document Reproduction | $1.04 |
| 5/21/08 | Document Reproduction | $0.13 |
| 5/21/08 | Document Reproduction | $0.13 |
| 5/21/08 | Document Reproduction | $0.65 |
| 5/22/08 | Document Reproduction | $20.54 |
| 5/27/08 | Professional Services, CKM Legal Research, on 2/28/08, for legal research | $94.00 |
| 5/27/08 | Professional Services, University of Minnesota Libraries, on 3/4/08 for legal research | $20.00 |
| 5/28/08 | Document Reproduction | $0.78 |
| 5/28/08 | Document Reproduction | $0.26 |
| 5/28/08 | Local Travel, C. Drew on 4/7/08 | $32.64 |
| 5/28/08 | Local Travel, C. Drew on 4/8/08 | $28.56 |
| 5/28/08 | Local Travel, C. Drew on 4/9/08 | $32.64 |

| 5/29/08 | Document Reproduction | $1.56 |
|---------|----------------------|-------|
| 5/29/08 | Document Reproduction | $1.04 |
| 5/29/08 | Document Reproduction | $0.39 |
| 5/29/08 | Document Reproduction | $0.39 |
| 5/29/08 | Document Reproduction | $1.56 |
| 5/29/08 | Document Reproduction | $2.86 |
| 5/29/08 | Document Reproduction | $0.65 |
| 5/29/08 | Document Reproduction | $108.29 |
| 5/29/08 | Document Reproduction | $886.73 |
| 5/29/08 | Document Reproduction | $228.80 |
| 5/30/08 | Document Reproduction | $0.39 |
| 5/30/08 | Client Meal, H. Denman on 3/17/08 | $21.97 |
| 5/30/08 | Postage | $10.00 |
| 5/30/08 | Messenger | $8.00 |
| 5/31/08 | Westlaw | $349.78 |
| 5/31/08 | Westlaw | $67.56 |
| 5/31/08 | Westlaw | $93.20 |
| 5/31/08 | Westlaw | $1,154.41 |
| 5/31/08 | Westlaw | $205.04 |
| 5/31/08 | Westlaw | $47.58 |
| 5/31/08 | Document Reproduction | $114.66 |
| 5/31/08 | Document Reproduction | $104.52 |
| 5/31/08 | Outside Photocopy | $5.51 |
| 5/31/08 | Outside Photocopy | $17.34 |
| 5/31/08 | Outside Photocopy | $14.06 |
| 5/31/08 | Outside Photocopy | $2.45 |
| 5/31/08 | Outside Photocopy | $13.52 |
| 5/31/08 | Outside Photocopy | $5.03 |
| 5/31/08 | Outside Photocopy | $17.34 |
| 5/31/08 | Outside Photocopy | $4.90 |
| 5/31/08 | Outside Photocopy | $14.06 |
| 5/31/08 | Outside Photocopy | $21.49 |
| **TOTAL:** | | $7,320.78 |