## EXHIBIT B

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
                                                             :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                       :
HOLDINGS, INC., a Delaware corporation, et al.,              :   Jointly Administered
                                                             :
                    Debtors.[1]                              :   **Ref. Docket No. _____**
------------------------------------------------------------ x

**ORDER, PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE,
(I) APPROVING THE SALE AGREEMENT, (II) AUTHORIZING THE PRIVATE SALE
OF THE PURCHASED ASSETS FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES AND OTHER INTERESTS,
AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, "AHM" or the "Debtors") for entry of an order, pursuant to pursuant to 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the private sale (the "Sale") of the Purchased Assets on an "as is, where is" basis, free and clear of all liens, claims, encumbrances and interests to Metrocities Mortgage, LLC ("Metrocities") pursuant to the terms and conditions of the Sale Agreement (the "Sale Agreement"), by and between AHM Corp. ("Seller") and Metrocities ("Purchaser"), a copy of which is attached to the Motion as Exhibit B, (ii) authorizing and approving the terms of the Sale Agreement, and (iii) granting related relief; and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record in these chapter 11 cases and the remainder of the record herein; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

### FOUND AND DETERMINED THAT:

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.  The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C.  The statutory predicates for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014.

D.  For the reasons set forth in the Motion, due and adequate notice of the Motion, the Sale Agreement, the hearing, and the subject matter thereof has been provided to all parties-in-interest herein, and no other or further notice is necessary. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

E.  Granting the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties-in-interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion.

F. The Sale Agreement was negotiated and proposed, and has been entered into by the parties, in good faith, from arms-length bargaining positions, and without collusion. Metrocities is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor Metrocities have engaged in any conduct that would cause or permit the Sale Agreement, or the sale of the Purchased Assets to Metrocities pursuant thereto and hereto, to be avoided under section 363(n) of the Bankruptcy Code.

G. Under the circumstances, and due and adequate notice having been provided, it is in the best interests of the Debtors, their creditors and all other parties-in-interest herein that the Purchased Assets be sold to Metrocities in a private sale under section 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(c)(1) and 6004(f)(1).

H. The consideration provided by Metrocities to the Debtors for the Purchased Assets pursuant to the Sale Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Purchased Assets, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession.

I. The Debtors are authorized to sell the Purchased Assets free and clear of all interests of any kind or nature whatsoever, except as set forth in the Motion, because one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. Those holders of interests who did not object to the Motion or the relief requested therein, or who imposed and then withdrew their objections, are deemed to have consented to the sale pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of interests who did

3

object fall within one or more of the other subsections of 363(f) of the Bankruptcy Code and are adequately protected by having their interests, if any, attach to the proceeds of the sale of the Purchased Assets.

    J.    The Debtors are not selling personally identifiable information to the Purchaser.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted.

2. All objections to the Motion or relief provided herein that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits.

3. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are hereby authorized to (i) conduct a private sale of the Purchased Assets, (ii) enter into the Sale Agreement and (iii) sell, transfer and convey the Purchased Assets to Metrocities.

4. The Sale Agreement is approved and shall apply with respect to the Purchased Assets set forth therein.

5. This Order and the Sale Agreement shall be binding upon the Debtors, all creditors of the Debtors and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest herein.

6. Upon the date of closing the sale of the Purchased Assets to Metrocities, the Purchased Assets shall be transferred to Metrocities free and clear of all liens, claims, encumbrances or other interests pursuant to sections 105 and 363 of the Bankruptcy Code. Such transfer shall constitute a legal, valid, binding and effective transfer of such Purchased Assets.

7. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors and Metrocities, as well as their officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Sale Agreement. Any actions taken by the Debtors and Metrocities necessary or desirable to consummate such transactions prior to the entry of this Order are hereby ratified.

8. The Sale Agreement and any related Sale Agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court; provided, however, that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

9. The failure specifically to include any particular provisions of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

10. To the extent of any inconsistency between the provisions of this Order and the Sale Agreement, or any documents executed in connection therewith, the provisions contained in this Order shall govern.

11. The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to the Sale Agreement or this Order.

Dated: Wilmington, Delaware
      September ____, 2008

_____
Christopher S. Sontchi
United States Bankruptcy Judge