IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) | |
| et al., | ) | Jointly Administered |
| | ) | |
| Debtors | ) | Ref. Docket Nos. 5095, 5310, 5332, and 5367 |

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE: (I) AUTHORIZING THE SALE OF MORTGAGE LOANS TO VANTIUM CAPITAL MARKETS, L.P. FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING SALE AGREEMENT RELATED THERETO; AND (III) GRANTING RELATED RELIEF**

Upon the consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above-captioned cases (collectively, "AHM" or the "Debtors"),[2] pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), for entry of an order: (i) authorizing the sale (the "Sale") of certain mortgage loans (collectively, the "Mortgage Loans") free and clear of liens, claims, encumbrances, and interests, pursuant to the Sale Agreement, (ii) authorizing and approving the Sale Agreement related thereto, and (iii) granting such other related relief as the Court deems just and proper; and the Court having determined that the relief provided herein is in the best interest

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Sale Procedures, respectively.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

of the Debtors, their estates, their creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and the Court having entered an order on August 5, 2008 [Docket No. 5310], approving the Sale Procedures and the form of Notice of Auction annexed thereto, and scheduling the Auction and a hearing (the "Sale Hearing") to approve the Sale of the Mortgage Loans; and upon the record of the hearing on the Motion held on August 27, 2008, and the full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor:

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.   The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.   The statutory predicates for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C.   For the reasons set forth in the Motion, due and adequate notice of the Motion, and the subject matter thereof has been provided to all parties-in-interest herein, and no other or further notice is necessary. A reasonable opportunity to object or to be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

D.   Granting the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested herein.

E.   The Loan Sale and Interim Servicing Agreement, dated August 12, 2008, annexed hereto as Exhibit A (the "Sale Agreement"), by and between Vantium Capital Markets,

L.P. (the "Purchaser"), certain of the Debtors and American Home Mortgage Servicing Inc. (the "Interim Servicer"), has been entered into by the parties in good faith, from arms-length bargaining positions and without collusion. The Purchaser purchasing the Mortgage Loans is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the Sale Agreement, or the Sale of the Mortgage Loans, to be avoided under 11 U.S.C. § 363(n).

F. Under the circumstances, and due and adequate notice having been provided, it is in the best interests of the Debtors, their creditors, and all other parties-in-interest herein that the Mortgage Loans set forth in the Sale Agreement be sold to the Purchaser under section 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(c)(1) and 6004(f)(1).

G. The consideration provided by the Purchaser for the Mortgage Loans (i) is fair and reasonable, (ii) is the highest for the Mortgage Loans, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession.

H. The Debtors are authorized to sell the Mortgage Loans free and clear of all claims and interests of any kind or nature whatsoever, with such claims and interests transferring and attaching to the proceeds of the Sale with the same validity and priority as such interests had in the Mortgage Loans immediately prior to the Sale, because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) have been satisfied. Those holders of claims and interests who did not object to the Motion or the relief requested therein, or who interposed and then withdrew their objections, are deemed to have consented to the sale pursuant to 11 U.S.C. § 363(f)(2).

Those holders of claims and interests who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their claims and interests, if any, attach to the proceeds of the Sale of the Mortgage Loans.

I. The Debtors are not selling personally identifiable information to the Purchaser. Additionally, (i) the privacy policy given by the Debtors to homeowners does not prohibit the sale contemplated under the Sale Agreement and (ii) the sale is consistent with the privacy policy given by the Debtors to homeowners.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted.

2. Except as otherwise expressly provided in this Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits.

3. The Sale Agreement is hereby approved and shall apply with respect to the Mortgage Loans.

4. Pursuant to this Order and sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors, the Interim Servicer and the Purchaser, as well as their respective officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Sale Agreement and to sell, transfer, and convey the Mortgage Loans. The Debtors shall transfer the Mortgage Loans set forth in the Sale Agreement to the Purchaser upon and as of the closing date and such transfer shall constitute a legal, valid, binding and effective transfer of such Mortgage Loans.

5. Upon consummation of the Sale, the Mortgage Loans shall be transferred to the Purchaser free and clear of all liens, claims, encumbrances, or other interests (collectively, the "Liens") pursuant to Bankruptcy Code sections 105 and 363.

6. To the extent any Sale proceeds are placed in escrow pursuant to the terms of the Sale Agreement and any ancillary documents, then (i) the Mortgage Loans to be purchased with such proceeds shall not be deemed transferred free and clear of Liens until the related Sale proceeds are irrevocably released from escrow to the Debtors, and (ii) no creditors of the Debtors shall be entitled to assert or enforce a Lien on the Sale proceeds held in escrow until such proceeds are irrevocably released to the Debtors and then only to the extent of the validity, priority and enforceability of any such Lien.

7. This Order and the Sale Agreement shall be binding upon the Debtors, the Interim Servicer, the Purchaser, all creditors of the Debtors, any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest.

8. The Purchaser shall be deemed to be good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof.

9. Notwithstanding anything to the contrary in this Order or the Sale Agreement, to the extent any of the Mortgage Loans consist of an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the Purchaser shall remain subject to the same claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as the Purchaser would be subject to such claims and defenses of the consumer if such interest had been purchased at a sale not

under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the Bankruptcy Code.

10. The failure specifically to include any particular provisions of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

11. To the extent that there are any inconsistencies between the Sale Agreement and this Order, the terms of this Order shall govern.

12. Pursuant to Bankruptcy Rules 7062, 9014 and 6004(h), this Order shall be effective immediately upon entry.

13. This Court shall retain exclusive jurisdiction over any matters related to and/or arising from the implementation of this Order and the Sale Agreement.

Dated: _____August 27_____, 2008
Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge