IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x  Chapter 11
In re:                                                     :
                                                           :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                     :
HOLDINGS, INC., a Delaware corporation, et al.,            :  Jointly Administered
                                                           :
                    Debtors.¹                              :  Objection Deadline: September 8, 2008 at 4:00 p.m. (ET)
                                                           :  Hearing Date: September 15, 2008 at 10:00 a.m. (ET)
---------------------------------------------------------- x

**DEBTORS' MOTION FOR ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, INCLUDING (A) APPROVING FORM AND MANNER OF SOLICITATION PACKAGES, (B) APPROVING THE FORM AND MANNER OF NOTICE OF THE CONFIRMATION HEARING, (C) ESTABLISHING RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES, (D) APPROVING FORMS OF BALLOTS, (E) ESTABLISHING DEADLINE FOR RECEIPT OF BALLOTS, AND (F) APPROVING PROCEDURES FOR VOTE TABULATIONS; (III) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN; AND (IV) GRANTING RELATED RELIEF**

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors") hereby submit this motion (the "Motion") pursuant to sections 1125 and 1126 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 3017-1(a) and 3017-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of the proposed order, attached hereto as

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Exhibit 1 (the "Proposed Order"), (i) approving the Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code With Respect to The Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement"); (ii) establishing procedures for solicitation and tabulation of votes to accept or reject The Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan")[2] including (a) approving the form and manner of the solicitation packages, (b) approving the form and manner of notice of the Confirmation Hearing, (c) establishing a record date and approving procedures for distributing solicitation packages, (d) approving the forms of ballots, (e) establishing the deadline for the receipt of ballots, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing the deadline and procedures for filing objections to confirmation of the Plan; and (iv) granting related relief. In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b) and venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017 and 3020, and Local Rules 3017-1(a) and 3017(b).

## BACKGROUND

2. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code. Each Debtor is continuing to

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (the "Committee") . No trustee or examiner has been appointed.

5. On August 15, 2008, the Debtors filed the Plan and Disclosure Statement. A hearing to consider the adequacy of information in the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code is currently scheduled for September 15, 2008 at 10:00 a.m. (prevailing Eastern Time).

## RELIEF REQUESTED

6. By this Motion, the Debtors respectfully request entry of an order (i) approving the Disclosure Statement as containing "adequate information" as that term is defined in section 1125(a)(1) of the Bankruptcy Code; (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, including (a) approving the form and manner of the solicitation packages, (b) approving the form and manner of notice of the Confirmation Hearing, (c) establishing a record date and approving procedures for distributing solicitation packages, (d) approving the forms of ballots, (e) establishing the deadline for the receipt of ballots, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing the deadline and procedures for filing objections to confirmation of the Plan; and (iv) granting related relief.

## BASIS FOR RELIEF

I. **Approval of the Disclosure Statement**

7. Section 1125 of the Bankruptcy Code requires a bankruptcy court to approve a written disclosure statement prior to allowing a debtor to solicit acceptances for a chapter 11 plan. See 11 U.S.C. § 1125(b). To approve a disclosure statement, a court must find that the disclosure statement contains "adequate information," which is defined as "information of a kind, and in sufficient detail . . . that would enable a hypothetical reasonable investor typical of holders of claims or interests . . . to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1). The Debtors believe that the Disclosure Statement contains "adequate information" as that phrase is defined in section 1125(a)(1) of the Bankruptcy Code. Accordingly, the Debtors believe that the Disclosure Statement should be approved.

II. **Establishing Procedures for Solicitation of the Plan**

   A. Approval of Form and Manner of Solicitation Package

8. Bankruptcy Rule 3017(d) specifies the materials to be distributed to creditors and equity security holders upon approval of a disclosure statement. In accordance therewith, the Debtors propose to transmit or cause to be transmitted by first class mail to parties entitled to vote on the Plan (the "Voting Parties")[3] a solicitation package containing: (i) written notice (the "Confirmation Hearing Notice"), substantially in the form annexed to the Proposed Order as Exhibit A, of (a) the Court's approval of the Disclosure Statement, (b) the deadline for voting on the Plan, (c) the date of the Confirmation Hearing, and (d) the deadline and procedures for filing objections to the confirmation of the Plan; (ii) the Plan in pdf format on a CD-Rom; (iii) the Disclosure Statement in pdf format on a CD-Rom; (iv) the appropriate ballot (proposed

---

[3] The Voting Parties consist of Classes 1B(1) et seq., 1C(1), 1C(2), 2B(1)(a) et seq., 2B(2), 2C(1), 2C(2), 3B(1)(a) et seq., 3B(2), 3B(3), 3C(1), 3C(2), 4B(1)(a) et seq., 4B(2), 4C(1), 4C(2), 5B(1)(a) et seq., 5B(2), 5B(3), 5B(4), 5C(1), 5C(2), 6B(1) et seq., 6C, 7B(1) et seq., 7C, 8B(1) et seq., and 8C.

forms of which are annexed to the Proposed Order as Exhibits B-1 through B-28) and ballot return envelope; and (v) such other information as the Court may direct or approve (collectively, the "Solicitation Package"). The Debtors submit that such materials and manner of service satisfy the requirements of Bankruptcy Rule 3017(d).

9.  Pursuant to section 1126(f) of the Bankruptcy Code, unimpaired creditors are "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required." 11 U.S.C. § 1126(f). Accordingly, the Debtors propose that they need not be required to transmit a Solicitation Package to holders of DIP Facility Claims, Administrative Claims, Priority Tax Claims, and Priority Claims (collectively, the "Unimpaired Creditors")[4] who are unimpaired and deemed to have accepted the Plan. In addition, the Debtors propose that they need not be required to transmit Solicitation Packages to holders of Subordinated Claims, Subordinated Trust Preferred Claims, and claims based on an Interest in any of the Debtors (collectively, the "Deemed Rejecting Classes"),[5] given that the Deemed Rejecting Classes are not entitled to vote on the Plan, will not receive any distribution or retain property under the Plan and are deemed to have rejected the Plan. The Debtors propose to mail or cause to be mailed to each of the Unimpaired Creditors and the holders of claims in the Deemed Rejecting Classes (collectively, the "Non-Voting Parties") at its address to which notices are required to be sent pursuant to Bankruptcy Rule 2002(g), a notice substantially in the form annexed to the Proposed Order as Exhibit C (the "Non-Voting Creditor Notice"), which will set forth: (i) the non-voting classes; (ii) a summary of the treatment of Claims and Interests under the Plan; (iii) the date and time of the Confirmation Hearing; and (iv) the deadline and

---

[4] The Unimpaired Creditors consist of Classes 1A, 2A, 3A, 3B(4), 4A, 4B(3), 5A, 5(B)(5), 6A, 7A, and 8A.

[5] The Deemed Rejecting Classes consist of Classes 1D, 1E, 1F, 2D, 2E, 2F, 3D, 3E, 4D, 4E, 5D, 5E, 6D, 6E, 7D, 7E, 8D and 8E.

procedures for filing objections to the Plan. The Non-Voting Creditor Notice will indicate that Non-Voting Parties may obtain a copy of the Plan and Disclosure Statement free of charge on Epiq Bankruptcy Solutions, LLC's dedicated webpage related to the Debtors' chapter 11 cases.[6]

10. Pursuant to Article 11.A of the Plan, on the Effective Date, except for any Executory Contract (i) that was previously assumed or rejected by an Order of the Bankruptcy Court or otherwise pursuant to section 365 of the Bankruptcy Code or (ii) that is subject to a pending motion to assume or reject before the Bankruptcy Court, each Executory Contract entered into by any of the Debtors prior to the Petition Date that has not previously expired or terminated pursuant to its own terms, shall be rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, effective as of the Confirmation Date (the "Deemed Rejected Executory Contracts"). In light of the foregoing, the Debtors will mail or cause to be mailed to each of the known counterparties to the Deemed Rejected Executory Contracts a Confirmation Hearing Notice as well as the Disclosure Statement and the Plan in pdf format on a CD-Rom.

B. Approval of Form and Manner of Confirmation Hearing and Publication Notices

11. As indicated above, upon approval of the Disclosure Statement, the Debtors will serve on the appropriate parties either a Confirmation Hearing Notice, together with a Solicitation Package, or a Non-Voting Creditor Notice. The Debtors additionally propose to make a one-time publication of a notice (the "Publication Notice"), substantially in the form annexed to the Proposed Order as Exhibit D, in the Wall Street Journal not later than fifteen (15) days after the entry of an order approving the Disclosure Statement.

---

[6] Any party in interest may receive a hard copy of the Plan and Disclosure Statement upon written request to the Debtors.

C. Establishment of Record Date and
Approving Procedures for Distribution of Solicitation Packages

12. The Debtors propose that the Court establish September 15, 2008 as the record date (the "Record Date") for the purposes of determining creditors entitled to receive a Solicitation Package and who may be entitled to vote on the Plan, subject to the disallowance of such creditors' claims or interests for voting purposes as set forth below and for the purpose of determining the creditors and interest holders entitled to receive the Non-Voting Creditor Notice.

13. As authorized in connection with the Court's approval of their retention as the court-appointed noticing and claims agent in the Debtors' chapter 11 cases, Epiq Bankruptcy Solutions, LLC ("Epiq") shall be permitted to inspect, monitor and supervise the solicitation process, to tabulate the ballots and to certify to the Court the results of the balloting (in such capacity Epiq shall be referred to as the "Solicitation Agent," the "Tabulation Agent" or the "Balloting Agent").

14. On August 15, 2008, the Debtors caused notices of the hearing to consider approval of the Disclosure Statement to be mailed to all creditors, interest holders and parties in interest. The Debtors expect that a number of such notices will be returned by the United States Postal Service as undeliverable.[7] The Debtors believe that it is costly and wasteful to mail Solicitation Packages to the same addresses from which notices are returned as undeliverable. Therefore, the Debtors seek the Court's approval to dispense with the mailing of Solicitation Packages to the entities listed at such addresses unless the Debtors are provided with an accurate address prior to the Disclosure Statement Hearing. The Debtors further propose that they may, but shall not be required to, attempt to locate the correct address and prior to the Voting Deadline

---

[7] Upon return of an undeliverable notice, the Debtors, through Epiq, will perform a review of the notice address with the address set forth on the proof(s) of claim filed with the Court to confirm that the notice address conforms to the creditor's address set forth in the proof(s) of claim. To the extent any errors occur, such creditor will be mailed a Solicitation Package as applicable.

7

(as defined below) resend the Solicitation Packages or the Non-Voting Creditor Notice that are returned as undeliverable.

    D.    Approval of Forms of Ballot
and Procedures for Distribution to Beneficial Holders

    15.    Bankruptcy Rule 3017(d) provides that ballots for accepting or rejecting the Plan should conform substantially to Official Form No. 14. The Debtors propose to use ballots (collectively, the "Ballots") substantially in the form annexed to the Proposed Order as Exhibits B-1 through B-28. The proposed forms are based upon Official Form No. 14, but have been modified to meet the particular requirements of the Debtors' chapter 11 cases and the Plan. The appropriate form of ballot will be distributed to all of the Voting Parties. All ballots will be accompanied by return envelopes addressed to the ballot tabulation center (the "Ballot Tabulation Center") at Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, FDR Station, P.O. Box 5115, New York, New York 10150-5115.

    E.    Establishment of Deadline for Receipt of Ballots

    16.    Pursuant to Bankruptcy Rule 3017(c), at the time of or before the approval of the Disclosure Statement, "the court shall fix a time within which the holders of claims and interests may accept or reject the plan." Fed. R. Bankr. P. 3017(c). The Debtors respectfully request that the Court establish October 24, 2008 at 4:00 p.m. (prevailing Eastern Time) as the voting deadline (the "Voting Deadline"), which will serve as the deadline by which all ballots accepting or rejecting the Plan shall be received at the Ballot Tabulation Center, unless extended by the Debtors. Ballots must be returned to the Ballot Tabulation Center in the provided return envelope by first class mail, postage prepaid, or by overnight courier, unless otherwise approved in advance by the Debtors in writing.

F.  Approval of Procedures for Vote Tabulation

17. For purposes of voting on the Plan, with respect to all creditors, the Debtors propose that the amount of a claim used to tabulate acceptance or rejection of the Plan should be, as applicable:

a. The claim listed in a Debtor's schedule of liabilities, provided that (i) such claim is not scheduled as contingent, unliquidated, undetermined or disputed and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law).

b. The noncontingent and liquidated amount specified in a proof of claim timely filed with the Court or Epiq (or otherwise deemed timely filed by the Court under applicable law) to the extent the proof of claim is not the subject of an objection filed no later than October 6, 2008 (or, if such claim has been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order).

c. The amount temporarily allowed in accordance with the EPD/Breach Claim Tabulation Rules (as defined below).

d. The amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), provided that a motion is brought, notice is provided and a hearing is held prior to the Confirmation Hearing, in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

e. Except as otherwise provided in subsection(c) and (d) hereof, with respect to ballots cast by alleged creditors whose claims (i) are not listed on a Debtor's schedule of liabilities or (ii) are listed as disputed, contingent and/or unliquidated on a Debtor's schedule of liabilities, but who have timely filed proofs of claim in unliquidated or unknown amounts that are not the subject of an objection filed before the commencement of the Confirmation Hearing, such ballots shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, but shall not be counted in determining whether the aggregate claim amount requirement has been met.

18. Additionally, the Debtors seek authorization from this Court to object to any claim (as defined in section 101(5) of the Bankruptcy Code) solely for Plan voting purposes

9

DB02:6889811.6                                                                                                          066585.1001

by filing a determination motion (the "<u>Determination Motion</u>") no later than eighteen (18) days prior to the Voting Deadline with the Court. The Debtors request that responses, if any, to the Determination Motion be filed no later than five (5) business days prior to the hearing on the Determination Motion, and that the Court conduct a hearing on any Determination Motion at the Confirmation Hearing or such earlier time as may be scheduled by the Court. The Debtors further request that the ruling by the Court on any Determination Motion be considered a ruling with respect to the allowance of the claim(s) under Bankruptcy Rule 3018 and such claim(s) would be counted, for voting purposes only, in the amount determined by the Court.

19. If a creditor casts a ballot and has timely filed a proof of claim (or has otherwise had a proof of claim deemed timely filed by the Court under applicable law), but the creditor's claim is the subject of an objection filed no later than eighteen (18) days prior to the Voting Deadline, the Debtors request, in accordance with Bankruptcy Rule 3018, that the creditor's ballot not be counted, unless such claim is temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after a Claims Estimation Motion (as defined below) is brought by such creditor, notice is provided and a hearing is held prior to the Confirmation Hearing.[8] Notwithstanding the foregoing, if an objection to a claim requests that such claim be reclassified and/or allowed in a fixed, reduced amount, such claimant's ballot shall be counted in such reduced amount and/or as the reclassified category.

20. Many of the agreements that the Debtors used to sell mortgage loans in the secondary market or to place mortgage loans into securitizations permitted the buyer or securitization trustee (or its successor in interest) to "put" the loans back to the selling Debtor if

---

[8] This proposed procedure is consistent with section 1126 of the Bankruptcy Code, which provides that a plan may be accepted or rejected by the holder of a claim allowed under section 502 of the Bankruptcy Code. In turn, section 502(a) of the Bankruptcy Code provides that a filed proof of claim is deemed allowed "unless a party in interest . . . objects." 11 U.S.C. § 502(a).

the selling Debtor breached certain seller representations and warranties (relating, e.g., to whether or not a borrower resides in the home as his or her primary residence or is an investor, the completeness of the loan documentation, etc.), or if the borrower defaulted in the monthly mortgage payment within a specified period of time (usually 30-60 days) after sale of the loan (collectively, the "EPD/Breach Claims"). The Debtors seek authorization to temporarily allow EPD/Breach Claims, solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any EPD/Breach Claim and without prejudice to the rights of the Debtors in any other context, in accordance with the following rules (the "EPD/Breach Claim Tabulation Rules"):

a. The Debtors shall have served each known Holder of an EPD/Breach Claim with a Preliminary Informational Questionnaire (each, a "Questionnaire," substantially in the form attached hereto as Exhibit E) on or before September 5, 2008;[9]

b. Each Holder of an EPD/Breach Claim must supply the information requested by the Debtors in the Questionnaire on or before September 30, 2008;

c. If a Holder of an EPD/Breach Claim fails to provide the Debtors with the information requested in the Questionnaire and the Debtors are otherwise unable to estimate the amount of damages for such EPD/Breach Claim including, utilizing to the extent possible, the EPD/Breach Protocol set forth in the Plan, absent further order of the Court pursuant to the procedures identified herein, the EPD/Breach Claim shall be temporarily allowed for voting purposes only in the amount of $1.00;

d. If the Holder of an EPD/Breach Claim provides the Debtors with the information requested in the Questionnaire or the Debtors are otherwise able to estimate the amount of damages for such EPD/Breach Claim, then the Debtors shall file, on or before October 10, 2008, and serve on each Holder of an EPD/Breach Claim a schedule listing the EPD/Breach Claim amount that will

---

[9] The Debtors have been in contact with many of the Holders of EPD/Breach Claims. As a result, certain of those Holders have previously provided the Debtors with at least a portion of the information requested in the Questionnaire. To the extent information was previously provided, the Debtors will work with the Holders of EPD/Breach Claims to avoid duplicate submissions of information.

be temporarily allowed solely for voting purposes (the "EPD/Breach Claim Voting Amount");

e. If the Holder of an EPD/Breach Claim disputes the EPD/Breach Claim Voting Amount, then such Holder must file and serve an objection no later than October 24, 2008, which objection may be resolved by stipulation with the Debtors or by the Court at the Confirmation Hearing (or such other date as is set by the Court); any such objection shall initiate a contested matter under Bankruptcy Rule 9014, and the respective burdens on the parties shall be the same as those applicable to a motion brought under Bankruptcy Rule 3018(a);

f. If the Holder of an EPD/Breach Claim does not object to the EPD/Breach Claim Voting Amount, such Holder shall be deemed to have consented to having its EPD/Breach Claim temporarily allowed for voting purposes in the EPD/Breach Claim Voting Amount, but shall not be deemed to have waived any other rights in respect of the validity of its EPD/Breach Claim;

g. The EPD/Breach Claim Voting Amount shall not be deemed to be a substantive objection to, or estimation of, any EPD/Breach Claim, and nothing in the EPD/Breach Claim Tabulation Rules impairs or otherwise affects the Debtors' or the Committee's rights to object to or estimate EPD/Breach Claims or any other Claims.

21. The Debtors further request that the following voting procedures and standard assumptions be used in tabulating the Ballots:

a. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

b. Creditors or interest holders must vote all of their claims or interests within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a ballot (or multiple ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

c. Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

12

    d.    Only ballots that are timely received with signatures will be counted. Unsigned ballots will not be counted.

    e.    Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

    f.    Ballots which are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

    g.    Whenever a creditor or interest holder casts more than one ballot voting the same claim or interest prior to the Voting Deadline, the last ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supercede any prior ballots.

    h.    If a creditor simultaneously casts inconsistent duplicate ballots, with respect to the same claim, such ballots shall not be counted.

    i.    Each creditor shall be deemed to have voted the full amount of its claim. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of ballots shall be determined by the Balloting Agent and the Debtors, which determination shall be final and binding.

22.    The Debtors additionally request that creditors seeking to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) be required to file a motion (the "Claims Estimation Motion") for such relief no later than fourteen (14) days prior to the Voting Deadline, and that the Court schedule a hearing on such motion for a date prior to the Confirmation Hearing.

### III.    Establishment of Deadline and Procedures for Filing Objections to Confirmation of the Plan

23.    Bankruptcy Rule 3020(b) provides that objections to confirmation of a proposed chapter 11 plan must be filed and served on the debtor, the trustee, any committee appointed under the Bankruptcy Code and on any other entity designated by the bankruptcy court, within a time specified by the bankruptcy court. To comply with the twenty-five (25) day notice requirement of Bankruptcy Rule 2002(b) and 2002(d) and the solicitation schedule

described above, and to permit the Debtors adequate time to respond to objections prior to the Confirmation Hearing, the Debtors propose that October 24, 2008 at 4:00 p.m. (prevailing Eastern Time) be fixed by the Court as the last date for filing and serving written objections, comments or responses to confirmation of the Plan (including any supporting memoranda). The Debtors further propose that the Court only consider timely filed written objections and that all objections not timely filed and served in accordance with the provisions of this Motion be deemed waived. Any Objections filed should provide proposed language to remedy such objections. Objections to confirmation of the Plan shall be served on the following parties: (i) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391, (Attn.: James L. Patton, Jr. and Robert S. Brady), counsel for the Debtors; (ii) Kroll Zolfo Cooper LLC, 900 Third Avenue, New York, New York 10022 (Attn.: Kevin Nystrom and Bret Fernandes); (iii) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn.: Mark S. Indelicato and Mark T. Power) and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19891 (Attn.: Bonnie Glantz Fatell), counsel for the Committee; and (iv) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox #35, Wilmington, Delaware 19801 (Attn.: Joseph J. McMahon).

## NOTICE

24. Notice of this Motion will be provided to: (i) the United States Trustee; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the DIP Lender; and (v) all parties that have filed a notice of appearance in

these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as <u>Exhibit 1</u>, and grant such other and further relief as this Court deems just and proper.

Dated: Wilmington, Delaware
       August 28, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Beach
_____
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

DB02:6889811.6

066585.1001