**IN THE UNITED STATES BANKRUPTCY COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| American Home Mortgage, ) | Case No. 07-11047 (CSS) |
|    et al., ) | Chapter 11 |
| ) | Jointly Administered |
| ) | Hearing: October 2, 2008 @ 11:00 a.m. |
| Debtors. ) | Response date: September 25, 2008 |

**CHASE HOME LOAN SERVICING, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 (d) (1)**

**NOW COMES** Chase Home Loan Servicing, LLC, (hereinafter "Chase") by and through its attorneys, Whittington & Aulgur, and moves the Court for an Order granting relief from the Automatic Stay of 11 U.S.C. §362 with respect to each parcel of real property listed on **Exhibit "A"** hereto (each a "Property," and collectively, the "Properties") and, as grounds therefore, state as follows:

JURISDICTION

1.  The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 11 U.S.C. §157 and 11 U.S.C. §362.

CLAIM FOR RELIEF

2.  Chase is a corporation doing business at Columbus, Ohio.

3.  On August 6, 2007 a Chapter 11 Petition initiating this proceeding was filed by the Debtors.

4.  At various times, the individuals listed in the column entitled "Mortgagers" on Exhibit "A" hereto (each an "Obligor," and collectively, the "Obligors") executed promissory notes in the respective[1] principal amounts described in that exhibit

---

[1] As used in connection with terms identified on Exhibit A hereto, "respective" means appearing on the same row of the table.

(each a "Note," and collectively, the "Notes").  In addition, each of the Notes provides for the recovery of attorneys' fees, late charges, and other costs.

5.      To secure the repayment of the sums due under the Notes, each of the Obligors executed and delivered a mortgage, deed of trust, or comparable instrument of security on the Property (each a "Mortgage," and collectively, the "Mortgages").  Each of the Mortgages was recorded upon the land records in the state and county in which the respective Property is situated.

6.      To the extent Movant was not the original obligee in connection with any of the Properties, the Mortgages and Notes were later transferred to Movant, and Movant is the present holder of the Mortgages and Notes.

7.      Review of title searches on the Properties shows that one or more of the Debtors may hold a lien on each of the Properties junior to the Mortgages, copies of which are attached collectively hereto as Exhibit "B".

8.      Each of the Obligors is now in default under the respective Notes, and the Movant seeks to exercise its non-bankruptcy rights and remedies with respect to the Notes, including but not limited to enforcement of its rights against the respective Mortgages.

9.      According to Movant's records, the amount owed under each of the respective Mortgages is set forth in the column of Exhibit "A" entitled "Current Pay Off."

10.     According to the opinion of a broker qualified to sell real property in the region in which each Property is located, or a certified real estate appraiser, each Property is worth approximately the amount set forth in the column of Exhibit "A" entitled

"Current Value," before deducting costs of sale, broker's fees, and other fees that might be incurred in the liquidation of the Property.

11. Because their junior liens described in paragraph 7 above are subordinate to the Mortgages, the Debtors have no equity in the Properties.

12. Any potential equity would not benefit the Debtor's Estate since the Debtors hold no ownership interest in the Properties and the Properties are not necessary for the Debtor's reorganization.

11. The continuation of the Automatic Stay of 11 U.S.C. §362 will work real and irreparable harm upon Movant and therefore cause exists to vacate the stay to permit Movant to exercise its non-bankruptcy contractual rights and remedies against Obligors and the Properties

12. Copies of this motion and notice hereof have been served upon the Debtors, counsel for the Debtors, and counsel for the Committee, and counsel for the United States Trustee. In light of the exceptionally high volume of similar motions being filed in this case and the fact that the parties most likely to assert a position with respect to this motion are receiving notice, Movant believes that limiting notice to these parties is appropriate and requests that the Court consider the merits of this motion accordingly.

**WHEREFORE,** Chase Home Loan Servicing, LLC respectfully requests that this Court enter an Order terminating the automatic stay and allowing the Movant to exercise its non-bankruptcy rights and remedies as to each of the Properties on Exhibit "A", including, but not limited to, foreclosure of the Mortgage, and granting such other and further relief as this Court deems just and proper.

        WHITTINGTON & AULGUR

        /s/ Kristi J. Doughty
        Robert T. Aulgur, Jr.(No.165)
        Kristi J. Doughty(No. 3826)
        651 N. Broad Street, Suite 206
        P.O. Box 1040
        Middletown, DE 19709-1040
        (302) 378-1661
        Attorney for Movant

Dated:  September 5, 2008