Kenneth R. Hefner
30 Mulholland Court
Mission Viejo, CA 92692


August 19, 2008


United States Bankruptcy Court
824 Market Street, 3rd Floor
Wilmington, Delaware 19801
Attn: Judge Christopher S. Sontchi

RE: Case No. 07-11047 (CSS)


Dear Judge Sontchi,


In response to American Home Mortgage (AHM)'s "objection" to my claim against them in your court, enclosed please find documentation which verifies that my claim is valid and that I am, in matter of fact, "entitled to vacation pay-out under the terms of (my) employment contract".

1. Pursuant to the AHM company Vacation Policy (attached as Exhibit 1), all officers hired before June 30th of any year are eligible for three (3) weeks paid vacation for each year. As defined by this document, an "officer" is an "Assistant Vice President and above".

2. According to my AHM employment contract dated March of 2005 (attached as Exhibit 2), I was promoted to the position of Assistant Vice President prior to June 30th of that year and am therefore automatically entitled to three (3) weeks of paid vacation per year, per company policy.

3. Pursuant to AHM company policy regarding Sick and Personal Days (attached as Exhibit 3), all full-time, exempt employees are entitled to seven (7) paid sick/personal days per year. Further, employees who do not use their sick/personal days will be awarded a cash pay-out equal to the number of unused sick/personal days. As a full-time, exempt employee I am entitled to seven (7) sick/personal days per year.

4. Based on the information provided by AHM's "Human Resources Administrator", Mary Stadelman (attached as Exhibit 4), AHM delivered payments to me of $1246.12 for "sick/personal" and $4049.84 for "vacation" in the years 2003 and 2004 combined, but did not pay me any amounts in the years 2005, 2006 or 2007.

5. I relied on AHM's past conduct of financially compensating me for both vacation and sick/personal time and therefore had reasonable expectations that I would continue to be paid for unused sick/personal and vacation during those years in which, due to the demands of the business, I was not able to take any time away from work.

6. Neither my original employment contract with Marina Mortgage (attached as Exhibit 5) (the company was sold to AHM), nor the contract which modified my job title to AVP (attached as Exhibit 2), nor the addendum to those contracts (attached as Exhibit 6), specifically mention any exclusion of my eligibility for paid time-off benefits.

7. AHM contends that I am ineligible for paid time off benefits because I was a "member of the sales staff and/or management" however neither the terms "sales staff" nor "management" appear anywhere in the written company policies regarding Vacation and/or Sick and Personal Days. Whether or not I was a member of the "sales staff and/or management" is immaterial because there is no exclusion of that particular group from paid time-off benefits in the written company policy.

8. The only reference in the written company policy to employees specifically excluded from paid time-off benefits is that of "commissioned employees". During my entire tenure with AHM I was an exempt, full-time, salaried employee and received a consistent and constant salary of $3375 per pay period, plus "bonus" (sometimes referred to as "bonus override"). I was not employed as a "commissioned employee" by AHM and am therefore not ineligible for paid time-off benefits as AHM proposes.

9. The only mention made of "commissions" in my employment agreements and/or the addendum relates specifically to how I would be paid on "personal production", and that compensation was based on "commissionable points" and "discount points" charged on loans originated by me personally. During my tenure at AHM my "personal loan production" amounted to the origination of a single loan (made to an immediate family member) which generated "commissionable points" of $30.24 (attached as Exhibit 7). Further, this commission was paid to me prior to my promotion to Assistant Vice President in 2005.

10. My revised employment contract and the addendum outline changes to the methodology for the calculation of my bonus compensation, exclusively. No references to any changes in my eligibility for paid time off benefits were ever made.

Based on the above listed evidence I believe my claim to be valid and have detailed the amounts owed to me in Exhibit 8. I will be happy to provide additional details and documentation if so requested.

I thank you, in advance, for your time and consideration in this matter.

Sincerely,

Kenneth R. Hefner
(949) 322-8823

cc: Young Conway Stargatt & Taylor, LLP
　　The Brandywine Building
　　1000 West Street, 17th Floor
　　Wilmington, Delaware 19801

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| AMERICAN HOME MORTGAGE | ) |
| HOLDINGS, INC., Delaware corporation, et al., | ) Case No. 07-11047 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Objection Deadline: September 8, 2008 at 4:00 p.m. (ET) |
| | ) Hearing Date: September 15, 2008 at 10:00 a.m. (ET) |
| | ) |

AHM OB15 8/15/2008 (merge2.txnum2) 4000209235 EPIQ Use - 93

HEFNER, KENNETH R.
30 MULHOLLAND CT
MISSION VIEJO, CA  92692

## NOTICE OF DEBTORS' FIFTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

TO: HEFNER, KENNETH R.
30 MULHOLLAND CT
MISSION VIEJO, CA 92692

**Basis For Objection:** No Liability

| | Claim Number | Claim Amount |
|---|---|---|
| Claim to be Expunged | 10242 | $37,800.19 |

Claimant not entitled to vacation payout per terms of employment contract

The above-captioned debtors and debtors in possession (the "Debtors") have filed the **Debtors' Fifteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "Objection"), a copy of which is attached hereto. The Debtors seek by this Objection to disallow the claim listed above because the Debtors have determined, after review of their books and records, that they have no record of any liability on account of this claim. The Objection seeks to alter your rights by disallowing the claim listed above in the "Expunged Claim" row.

Responses to the Objection, if any, must be filed on or before **September 8, 2008 at 4:00 p.m. (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Objection Deadline.

A HEARING ON THE OBJECTION WILL BE HELD ON **SEPTEMBER 15, 2008 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: August 15, 2008
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Edward J. Kosmowski (No. 3849)
Kara Hammond Coyle (No. 4410)
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession