IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AMERICAN HOME MORTGAGE ) | |
| HOLDINGS, INC., a Delaware corporation, ) | Case No. 07-11047 (CSS) |
| et al.[1] ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Ref. Docket No. 3720 |
| ------------------------------------------------------------ ) | |

## DEBTORS' LIMITED OBJECTION TO MOTION OF AT&T REQUESTING ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)

The above-captioned debtors and debtors-in-possession in these case (collectively, the "Debtors"), object (the "Objection") to the *Motion of AT&T Requesting Allowance and Payment of Administrative Expense Claim pursuant to 11 U.S.C. § 503(b)* (the "Motion") which, *inter alia*, requests allowance and immediate payment of a purported administrative expense claim, in the amount of $232,589.70, held by AT&T and its affiliates (collectively, "AT&T"). In support of the Objection, the Debtors respectfully submit:

### RELEVANT BACKGROUND

1.  On August 6, 2007 (the "Petition Date"), each of the Debtors in these chapter 11 filed petition for voluntary relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc., f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

2. Prior to the Petition Date, the Debtors' business entailed the origination (the "Origination Business"), servicing, and sale of mortgage loans, as well as investment in mortgage loans and mortgage-backed securities resulting from the securitizations of residential mortgage loans. The Debtors also invested in securitized mortgage loans originated by others and originated and sold mortgage loans to institutional investors. The Debtors offered an array of mortgage products and primarily made loans to borrowers with good credit profiles. Most of its portfolio consisted of securitized adjustable-rate mortgage (ARM) loans of prime and alternate-A quality.

3. The Origination Business was primarily operated through a sales force of approximately 2,450 loan officers and account executives, as well as mortgage brokers and loan correspondents staffed in over 550 retail and wholesale production offices (the "Production Offices") located in 47 states and the District of Columbia. Upon information and belief, AT&T provided telecommunications services to the Debtors at certain of the Production Offices.

4. On August 3, 2007, the Debtors terminated approximately 6,500 employees and the cessation of the Origination Businesses (the "Reduction"). To implement the Reduction, the Debtors closed and began the process of relinquishing substantially all of their Production Offices to their landlords. However, to the extent that the Debtors believed they could obtain value for the estate, the Debtors assigned their interest in a number of the Production Offices (the "Assigned Offices") to third-parties (the "Assignees"). Following the Petition Date, the Debtors filed a number of rejection motions seeking authorization to reject the leases (the "Leases") underlying the Production Offices, excluding the Assigned Offices for which the Debtors sought Court authorization to assume and assign those Leases to the Assignees.

5.      <u>The Motion</u>.  On April 17, 2008, AT&T filed the Motion alleging it was "entitled to receive payment for post-petition services rendered as an administrative expense claim" in the amount of $232,589.70 (the "<u>Claim</u>"). Motion, at ¶ 6. AT&T, however, did not indicate against which Debtor(s) it held an administrative claim against.

6.      Attached hereto as <u>Exhibit A</u>, is the Debtors reconciliation of the accounts identified in the Motion, the corresponding Production Offices, and the effective date of rejection or the identity of the Assignee, as the case may be, for each Lease.

## ARGUMENT

7.      Put simply, AT&T has failed to demonstrate in the Motion that any portion, let alone the entirety, of the Claim is entitled to treatment as an administrative expense. AT&T's conclusory allegation that it provided telecommunications services (the "<u>Services</u>") to the Debtors that were "actual, necessary costs and expenses of preserving the estates" does not meet the heavy burden imposed on parties asserting claims under section 503(b)(1)(A) of the Bankruptcy Code and, moreover, is unsupported by the Motion and the facts of this case. Additionally, AT&T must identify which Debtor(s) the claim is against. Finally, even if AT&T is able to suitably demonstrate that any portion of the Claim is an administrative expenses claim, it has failed to substantiate why such claim should be paid outside of a confirmed chapter 11 plan.

### A.    AT&T has not met the Heavy Burden of Demonstrating Its Entitlement to an Administrative Expense Claim

8.      A claimant who seeks payment ahead of other unsecured claims bears the "heavy burden" to establish that its claim qualifies for priority status. *See, e.g., Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 533 (3d Cir. 1999); *In re Valley Media, Inc.*, 279 B.R. 105, 140-41 (Bankr. D. Del. 2002) (Walsh, J.); *In re*

3

*Unidigital, Inc.*, 262 B.R. 282, 288 (Bankr. D. Del. 2001) (Walrath, J.). The standard of proof is a preponderance of the evidence. *See In re G-I Holdings, Inc.*, 308 B.R. 196, 210 (Bankr. D. N.J. 2001).

9. In addition, priority statutes such as section 503 of the Bankruptcy Code are to be strictly construed to keep administrative expenses at a minimum in order to preserve the debtor's estate for the benefit of creditors. *In re Unidigital, Inc.*, 262 B.R. at 288.

10. Here, AT&T's sole evidentiary offering to validate the Claim is the chart annexed thereto as <u>Exhibit A</u>. This chart indicates merely an account number and an amount allegedly owing. Subsequent to the filing of the Motion, the Debtors requested that AT&T provide them with documents and records to substantiate the Claim (the "<u>Supporting Documents</u>"). After a cursory review of the Supporting Documents, the Debtors and their counsel have determined that the Claim includes amounts that relate to (i) pre-petition transactions, (ii) transactions with parties that are not the Debtors, (iii) Services provided to Production Offices following the effective date of (A) rejection of the underlying lease, (B) the assumption and assignment of the Assigned Offices, and/or (C) the date the Debtors requested that AT&T terminate Services to such Production Office. The burden is on AT&T, and not the Debtors, to demonstrate to what extent any portion of the Claim qualifies as an administrative expense. This burden has not been met.

11. Until AT&T can meet its heavy evidentiary burden to demonstrate it has a valid administrative expense claim and the identity of such Debtor, the Motion must be denied in its entirety.

**B    AT&T has not Shown that the Services Provided any Benefit to the Debtors' Estates**

12.    In the Motion, AT&T requests allowance of the Claim as an administrative expense claim in the amount of $232,589.70. Pursuant to section 503(b) of the Bankruptcy Code, administrative expenses, including the actual, necessary costs and expenses of preserving the estate, shall be allowed after notice and a hearing. 11 U.S.C. § 503(b). To establish an administrative expense claim under section 503(b), a claimant must establish that there was (i) a post-petition transaction between the debtor and creditor and (ii) a benefit to the estate. *In re Women First Healthcare, Inc.*, 332 B.R. 115, 121 (Bankr. D. Del. 2005) (Walrath, J.); *In re Unidigital, Inc.*, 262 B.R. at 288.

13.    In assessing whether any of the Services provided a "benefit" to the Debtors estates, *In re Globe Metallurgical, Inc.*, 312 B.R. 34 (Bankr. S.D.N.Y 2004), is instructive. In *Globe Metallurgical*, the Court instructed:

> The focal point of the allowance of a priority is to prevent unjust enrichment of the estate, not to compensate the creditor for its loss. Thus, a court looks to the actual benefit to the estate and not the loss sustained by the creditor.

*Id.*, at 40. On August 3, 2008, the Debtors instituted the Reduction which involved the cessation of the Origination Business and the closure of the Production Offices. All of the services provided by AT&T were to the Production Offices. For each Production Office, there could be no benefit to the estate, let alone one that was actual and necessary, for Services provided after the effective date of (i) rejection of such Lease, or (ii) assumption and assignment of such Lease for the Assigned Offices.

14.    Moreover, in reviewing the Supporting Documents, certain other charges were included that could not possibly have provided a post-petition benefit to the Debtors' estates. First, certain charges related to pre-petition Services provided to the Production Office.

Second, certain charges were related to the termination of the Service. Finally, certain charges were for accounts which were not included in the Debtors' records as being accounts related to any Debtor entity. The Debtors submit that such charges are not post-petition transactions with the Debtors and they did not confer any benefit upon the Debtors' estates.

15.  Accordingly, the Debtors respectfully request that the Court deny the Motion to the extent AT&T seeks an administrative expense claim for costs that did not provide an actual post-petition benefit to the estate.

C.   **Any Administrative Expense Claim to which AT&T may be Entitled should not be Paid at this Time**

16.  Section 503(b) of the Bankruptcy Code provides that an entity may request payment of an administrative expense, which claim may be allowed after notice and a hearing. 11 U.S.C. § 503(b). However, nothing in section 503(b) requires the immediate payment of such claim, and nothing in the Motion supports AT&T's contention that it is entitled to immediate payment. If AT&T can demonstrate to the Court that any portion of the Claim is entitled to administrative expense status, the Debtors submit that it would be wholly inappropriate to require the Debtors to pay this administrative claim now. Instead, AT&T's claim should be paid through the plan of liquidation along with the remainder of the Debtors' other administrative claims.

17.  The timing of payment of an administrative expense is a matter within the Court's discretion. *E.g., In re Global Home Products, LLC*, Case No. 06-10340 (KG), 2006 Bankr. LEXIS 3608, at *10 (Bankr. D. Del. Dec. 21, 2006); *In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005). In making this determination, a court's primary concern is bankruptcy's goal "of an orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets," *In re Global Home Products*, 2006 Bankr. LEXIS, at *10-11, and

DB02:7337030.3                                                                              066585.1001

this Court has recently recognized that "an equal distribution among creditors does not require a simultaneous distribution." *In re Goody's Family Clothing, Inc.*, Case No. 08-11133 (CSS), slip op., at p. 18 (Bankr. D. Del. Aug. 26, 2008). Therefore, distributions are typically not allowed prior to confirmation of a plan if the estate may not be able to pay all administrative expenses in full. *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002).

        18.    Courts also focus on the particular needs of each administrative claimant and the expense and length of the bankruptcy case's administration. *Id.* However, "[t]o qualify for exceptional immediate payment, a creditor must show that 'there is a necessity to pay and not merely that the Debtor has the ability to pay.'" *In re Global Home Products*, 2006 Bankr. LEXIS, at *11 (quoting *In re Continental Airlines*, 146 B.R. 520, 531 (Bankr. D. Del. 1992)).

        19.    In addition to the foregoing principles and considerations, courts also consider the prejudice to the debtor, hardship to the claimant and potential detriment to other creditors. *In re Global Home Products*, 2006 Bankr. LEXIS, at *11; *In re Garden Ridge Corp.*, 323 B.R. at 143.

        20.    AT&T has set forth no basis for why it is entitled to immediate payment of an administrative expense claim. As set forth above, payment of an administrative expense claim is within the discretion of the court and should not be made outside of a plan of reorganization absent compelling circumstances. AT&T's failure to address any of the factors courts consider in consider an order of immediate payment, alone, militates denying immediate payment.

        21.    Moreover, on August 15, 2008, the Debtors' filed their plan of liquidation in this case (the "Plan"). *See* [Docket No. 5450]. Consistent with the applicable provisions of Chapter 11, the Plan contemplates payment in full of holders of administrative expenses claims.

*See id.*, at pp. 23-24. A hearing is currently scheduled to approve the Debtors' disclosure statement on September 15, 2008, and the Debtors intend to commence the solicitation process upon obtaining Court approval thereof. As recently noted by the court in *Goody's*, a Court need not grant immediate payment of an administrative expense claim when a chapter 11 plan allows for payment of administrative expense claimants in full and the effective date of such plan is relatively near. Accordingly, the Court should deny any request for immediate payment.

### **RESERVATION OF RIGHTS**

22. The Debtors and their estates fully reserve the right to dispute any and all factual allegations in the Motion in the context of the claims resolution process or for any other reason. The Debtors also reserve the right to amend or supplement any of the matters set forth on <u>Exhibit A</u>. Finally, the Debtors fully reserve the right to dispute the actual amount of any post-petition claim held by AT&T, including claims for administrative expenses under section 503(b).

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court sustain the Objection and enter an order (i) denying the Claim, to the extent that AT&T fails to demonstrate that the Services related thereto were actual, necessary costs and expenses of preserving the estate, (ii) denying immediate payment of any administrative expense claim of AT&T, and (iii) granting the Debtors such other and further relief as this Court deems proper.

Dated: Wilmington, Delaware  
       September 8, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ 
James L. Patton, Jr. (No. 2202)  
Robert S. Brady (No. 2847)  
Matthew B. Lunn (No. 4119)  
Donald J. Bowman, Jr. (No. 4383)  
Ryan M. Bartley (No. 4985)  
The Brandywine Building  
1000 West Street, 17th Floor  
P.O. Box 391  
Wilmington, Delaware 19899-0391  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

Counsel for the Debtor and Debtor-in-Possession

# EXHIBIT A

| Main Account | Sub Accounts | Location | Rejection Date or Assignee |
|---|---|---|---|
| 960 456-4290 555 | | | |
| | 714 550-5555 462 0 | 111 Pacifica Irvine CA | IndyMac |
| | 949 789-0149 652 5 | 111 Pacifica Irvine CA | IndyMac |
| | 065 161-2690 823 4 | 1405 North Imperial Ave Suite 1 El Centro CA | No record of Lease Disposition |
| | 760 335-3776 711 3 | 1405 North Imperial Ave Suite 1 El Centro CA | No record of Lease Disposition |
| | 760 351-2346 662 0 | 1405 North Imperial Ave Suite 1 El Centro CA | No record of Lease Disposition |
| | 760 353-8314 634 2 | 1405 North Imperial Ave Suite 1 El Centro CA | No record of Lease Disposition |
| | 760 482-0080 443 1 | 1405 North Imperial Ave Suite 1 El Centro CA | No record of Lease Disposition |
| | 760 482-9260 830 2 | 1405 North Imperial Ave Suite 1 El Centro CA | No record of Lease Disposition |
| | 909 466-1290 962 7 | 9227 Haven Ave Rancho Cucamonga CA | IndyMac |
| | 858 455-4857 792 9 | 4275 Executive Square suite 700 La Jolla CA | IndyMac |
| | 858 457-5222 471 3 | 4275 Executive Square suite 700 La Jolla CA | IndyMac |
| | 858 457-8627 063 3 | 4275 Executive Square suite 700 La Jolla CA | IndyMac |
| | 858 458-4368 257 2 | 4275 Executive Square suite 700 La Jolla CA | IndyMac |
| | 858 558-8856 474 2 | 4275 Executive Square suite 700 La Jolla CA | IndyMac |
| | 310 530-8009 394 3 | 2780 Skypark Drive, Ste 200 & 420 Torrance, CA | IndyMac |
| | 310 539-6694 248 6 | 2780 Skypark Drive, Ste 200 & 420 Torrance, CA | IndyMac |
| | 760 351-2345 454 3 | 74-890 Highway 111, Ste A Indian Wells, CA | IndyMac |
| | 760 480-2919 635 7 | 333 H Street, Ste 3010 Chula Vista, CA | 8/31/07 |
| | 951 738-1258 927 4 | 1250 Corona Pointe, Ste 309 Corona, CA | 8/31/07 |
| | 661 259-7693 058 | 27200 Tourney Road, Suite 300 Valencia, CA | 8/31/07 |
| | 951 737-7026 041 3 | 111 Pacifica Irvine CA | IndyMac |
| | 065 141-3534 990 4 | 111 Pacifica Irvine CA | IndyMac |
| | 337 257-3630 061 0 | 111 Pacifica Irvine CA | IndyMac |
| | 949 453-8457 165 2 | 111 Pacifica Irvine CA | IndyMac |
| | 949 457-2344 584 0 | 111 Pacifica Irvine CA | IndyMac |
| | 949 655-0390 901 3 | 111 Pacifica Irvine CA | IndyMac |
| | 949 655-0391 900 4 | 111 Pacifica Irvine CA | IndyMac |

| Main Account | Sub Accounts | Location | Rejection Date or Assignee |
|---|---|---|---|
| | 949 655-0392 907 8 | 111 Pacifica Irvine CA | IndyMac |
| | 949 655-0393 903 6 | 111 Pacifica Irvine CA | IndyMac |
| | 949 655-0394 904 3 | 111 Pacifica Irvine CA | IndyMac |
| | 949 655-0395 910 9 | 111 Pacifica Irvine CA | IndyMac |
| | 949 655-0396 906 6 | 111 Pacifica Irvine CA | IndyMac |
| | 949 655-0397 907 3 | 111 Pacifica Irvine CA | IndyMac |
| | 949 655-0398 | 111 Pacifica Irvine CA | IndyMac |
| | 949 655-0399 268 8 | 111 Pacifica Irvine CA | IndyMac |
| | 949 788-6399 990 4 | 111 Pacifica Irvine CA | IndyMac |
| | 949 727-0115 992 0 | 111 Pacifica Irvine CA | IndyMac |
| | 065 161-2915 436 4 | 4275 Executive Square suite 700 La Jolla CA | IndyMac |
| | 338 261-9588 989 3 | 111 Pacifica Irvine CA | IndyMac |
| | 949 753-6022 710 2 | 111 Pacifica Irvine CA | IndyMac |
| | 310 325-5849 277 | 2780 Skypark Drive, Ste 200 & 420 Torrance, CA | IndyMac |
| | 951 779-4828 755 4 | 5225 Canyon Crest Dr, Ste 309 Riverside, CA | IndyMac |
| | 909 793-1364 865 7 | 205 East State St Redlands, CA | IndyMac |
| 960 733-4540 555 | | | |
| | 234 342-6727 088 6 | 2277 Fair Oaks Blvd, Ste 110 Sacramento, CA | 8/31/07 |
| | 916 920-0274 624 0 | 2277 Fair Oaks Blvd, Ste 110 Sacramento, CA | 8/31/07 |
| | 916 925-1100 087 3 | 2277 Fair Oaks Blvd, Ste 110 Sacramento, CA | 8/31/07 |
| | 925 356-0130 428 4 | 1390 Willow Pass Road, Ste 560 Concord, CA | 8/31/07 |
| | 209 473-8380 763 1 | 2423 West March Lane, Ste 200 Stockton, CA | 8/31/07 |
| 960 738-5064 555 | | | |
| | 925 224-8707 802 6 | 500 Ygnacio Valley Road, Ste 290 Walnut Creek, CA | 8/31/07 |
| | 925 681-3305 798 9 | 1390 Willow Pass Road, Ste 560 Concord, CA | 8/31/07 |
| | 925 689-7923 672 1 | 1390 Willow Pass Road, Ste 560 Concord, CA | 8/31/07 |
| | 510 748-9851 614 4 | 1512 Webster Street, Ste B Alameda, CA | IndyMac |
| | 510 748-3801 086 9 | 1512 Webster Street, Ste B Alameda, CA | IndyMac |
| | 925 224-8709 334 8 | 500 Ygnacio Valley Road, Ste 290 Walnut Creek, CA | IndyMac |

| Main Account | Sub Accounts | Location | Rejection Date or Assignee |
|---|---|---|---|
| | 925 224-8710 333 7 | 500 Ygnacio Valley Road, Ste 290 Walnut Creek, CA | IndyMac |
| | 925 280-4260 701 9 | 500 Ygnacio Valley Road, Ste 290 Walnut Creek, CA | IndyMac |
| | 925 933-2647 982 4 | 500 Ygnacio Valley Road, Ste 290 Walnut Creek, CA | IndyMac |
| | 925 939-4800 981 9 | 500 Ygnacio Valley Road, Ste 290 Walnut Creek, CA | IndyMac |
| | 925 944-4817 255 2 | 500 Ygnacio Valley Road, Ste 290 Walnut Creek, CA | IndyMac |
| | 925 288-7034 | 1390 Willow Pass Road, Ste 560 Concord, CA | 8/31/07 |
| | 925 288-7013 | 1390 Willow Pass Road, Ste 560 Concord, CA | 8/31/07 |
| | 925 288-7012 | 1390 Willow Pass Road, Ste 560 Concord, CA | 8/31/07 |
| | 925 288-7009 | 1390 Willow Pass Road, Ste 560 Concord, CA | 8/31/07 |
| | 925 288-7003 | 1390 Willow Pass Road, Ste 560 Concord, CA | 8/31/07 |
| | 510 286-1940 479 0 | 180 Grand Avenue, Ste 725 Oakland, CA | 8/31/07 |
| | 510 444-1186 983 3 | 180 Grand Avenue, Ste 725 Oakland, CA | 8/31/07 |
| | 510 836-4800 990 4 | 180 Grand Avenue, Ste 725 Oakland, CA | 8/31/07 |
| | 650 340-7800 883 7 | 180 Grand Avenue, Ste 725 Oakland, CA | 8/31/07 |
| | 408 364-0117 763 8 | 51 E Campbell Avenue, Ste 101-H 101-I 146 170 Campbell, CA | IndyMac |
| | 831 469-4800 988 2 | 806 Ocean Street Santa Cruz, CA | Countrywide |
| | 831 471-9839 989 0 | 806 Ocean Street Santa Cruz, CA | Countrywide |
| | 831 656-0172 854 7 | 806 Ocean Street Santa Cruz, CA | Countrywide |
| | 209 736-4250 266 4 | 1239 South Main Street Angels Camp, CA | IndyMac |
| | 209 736-4627 405 4 | 1239 South Main Street Angels Camp, CA | IndyMac |
| | 209 223-5800 320 1 | 1150 Ninth Street, Ste 1410 Modesto, CA | IndyMac |
| | 209 578-3450 289 7 | 1150 Ninth Street, Ste 1410 Modesto, CA | IndyMac |
| | 916 608-2555 887 8 | 1180 Iron Point Road, Ste 200 Folsom, CA | IndyMac |
| | 530 753-3738 445 5 | 1610 Arden Way Sacramento, CA | IndyMac |
| | 831 422-1004 114 1 | 1000 South Main Street, Ste 212 Salinas, CA | IndyMac |
| | 559 636-7266 264 3 | 4004 South Demaree, Ste B 1st Floor Visalia, CA | 8/31/07 |
| | 559 783-9912 428 9 | 4004 South Demaree, Ste B 1st Floor Visalia, CA | 8/31/07 |
| | 530 533-5330 801 3 | 642 Bridge Street Yuba City, CA | GMAC |

| Main Account | Sub Accounts | Location | Rejection Date or Assignee |
|---|---|---|---|
| | 530 671-5626 703 6 | 642 Bridge Street Yuba City, CA | GMAC |
| | 559 248-9143 322 4 | 1500 W Shaw Ave, Ste 403 Fresno, CA | 8/31/07 |
| | 559 650-4044 427 3 | 1500 W Shaw Ave, Ste 403 Fresno, CA | 8/31/07 |
| | 925 288-7019 | 1800 Sutter Street, Suite 450 4th Floor Concord, CA | IndyMac |
| | 831 645-1050 538 | 659 Abrego, Ste 1B Monterey, CA | IndyMac |
| | 530 621-1471 337 | 851 Pleasant Valley Rd Diamond Springs, CA | 8/31/07 |
| 171-789-8050 | 916 923-9133 570 | 1610 Arden Way Sacramento, CA | IndyMac |
| | Group 1 | 17744 Skypark Circle Irvine CA | U.S. Mortgage Corp. |
| | Group 2 | 7310 N 16th St. Suite 110 Phoenix AZ | 8/31/07 |
| | Group 3 | 5151 Beltline Rd Suite 1201 Dallas TX | Fifth-Third Bank |
| | Group 4 | 1060 Maitland Cntr Commons Suite 230 Maitland FL | 8/31/07 |
| | Group 5 | 75 Rowland Way Suite 250 Novato CA | 8/31/07 |
| | Group 6 | 1180 Iron Point Rd Suite 200 Folsom CA | 8/31/07 |
| | Group 7 | 4004 Kruse Way Place    Suite 175 Lake Oswego OR | 8/31/07 |
| | Group 9 | 1500 W Shaw Ave Suite 403 Fresno CA | 8/31/07 |
| | Group 10 | 480 N Sam Houston Pkwy Suite 230 Houston TX | 8/31/07 |
| | Group 11 | 4200 Commerce Court   Suite 101 Lisle IL | 9/30/07 |
| | Group 12 | 10421 South Jordan Gateway Suite 660 South Jordan UT | 8/31/07 |
| | Group 13 | 5650 Mexico Rd Suite 15 Saint Peters MO | 8/31/07 |
| | Group 14 | 400 S Woodsmill RD Suite 200 Chesterfield MO | 8/31/07 |
| | Group 15 | 23421 South Pointe Suite 260 Laguna Hills CA | 8/31/07 |
| | Group 16 | 825 Juniper St   Atlanta GA | 10/31/07 |
| | Group 17 | 15375 W Bluemound Rd Suite 100 Brookfield WI | 8/31/07 |
| | Group 18 | 20201 East Jackson Ave Suite 420 Independence MO | 8/31/07 |
| | Group 19 | 5350 Airport Highway Suite 106 Toledo OH | Countrywide |
| | Group 20 | 205 East State St   Redlands CA | 8/31/07 |
| | Group 21 | 8425 Pulsar Pl Suite 400 Columbus OH | 8/31/07 |

| Main Account: | Sub Accounts | Location | | Rejection Date or Assignee |
|---|---|---|---|---|
| | Group 26 | 3300 Douglas Blvd Suite 410 Roseville CA | | 8/31/07 |
| | Group 25 | 9680 Haven Ave Suite 350 Rancho Cucamonga CA | | IndyMac |
| | Group 50 | 22 South Main St Suite 210 Doylestown PA | | 8/31/07 |
| | Group 60 | 6516 Steubenville Pike Pittsburgh PA | | Countrywide |
| | Group 51 | 6800 Owensmouth Ave Suite 180 Canoga Park CA | | 8/31/07 |
| | Group 59 | 8965 S Eastern Ave    Las Vegas NV | | No record of Lease Disposition |
| | Group 8 | 2754 N Clyborne Unit B5 Chicago IL | | 10/31/07 |
| 708 524-8941 315 | | 1011 West Lake St    Oak Park, IL | | Kimothy Lee |
| 03024748700l | | 951 Eastgate Loop    Chattanooga TN | | No record of Lease Disposition |
| 0508304385001 | | 2780 Skypark Dr    Torrence, CA | | IndyMac |
| 0518468216001 | | 11 Pacific    Irvine CA | | IndyMac |
| 0518468682001 | | 11 Pacific    Irvine CA | | IndyMac |
| 0518468916001 | | 11 Pacific    Irvine CA | | IndyMac |
| 8310000031857 | | 825 Juniper St Atlanta GA | | 10/31/07 |
| 209 477-5825 965 | | 2423 West March Lane Suite 200 Stockton CA | | 8/31/07 |
| 209 478-9123 347 | | 2423 West March Lane Suite 200 Stockton CA | | 8/31/07 |
| 209 575-4800 551 | | 1150 Ninth St Suite 1410 Modesto CA | | IndyMac |
| 209 723-4355 755 | | 3337 G St Suite A Bldg F Merced CA | | 8/31/07 |
| 210 481-5837 318 | | 21252 Gathering Oaks Suite 105 San Antonio TX | | No record of Lease Disposition |
| | | 555 South old Woodward Ave Suite 11U Birmingham MI | | 10/31/07 |
| 248 822-3019 665 | | 15375 W Bluemound Rd Suite 100 Brookfiled WI | | 8/31/07 |
| 262 796-8295 323 | | 480 N Sam Houston Pkwy Suite 230 Houston TX | | 8/31/07 |
| 281 448-8098 978 | | 12551 Olive Blvd    Creve Coeur MO | | 8/31/07 |
| 314 439-0133 796 | | 400 S Woodsmill Rd, Ste 200 Chesterfield, MO | | 8/31/07 |
| 314 576-0892 008 | | 1799 Michelle Lane Greenwood, IN | | Main Street Home Mortgage Corp |
| 317 883-2000 471 | | 901 Campisi Way, Ste 245 Campbell, CA | | No record of Lease Disposition |
| 408 626-7065 108 | | | | |

| Main Account | Sub Accounts | Location | Rejection Date or Assignee |
|---|---|---|---|
| 408 626-7293 | 591 | 901 Campisi Way, Ste 245 Campbell, CA | No record of Lease Disposition |
| 419 425-5032 | 071 | 5350 Airport Highway, Ste 106 Toledo, OH | Countrywide |
| 440 356-1722 | 617 | 3 Westfield Ln    Rocky River, OH | No record of Lease Disposition |
| 479 254-8895 | 611 | 1400 SE Walton, Suite 2    Bentonville, AR | 8/31/07 |
| 530 666-5626 | 551 | 1610 Arden Way Sacramento, CA | IndyMac |
| 530 822-9975 | 822 | 642 Bridge Street    Yuba City, CA | GMAC |
| 530 892-1817 | 100 | 2619 Forest Avenue, Ste 100 Chico, CA | GMAC |
| 573 365-6079 | 076 | 101 Crossings West Drive, Suite 204    Lake Ozark, MO | 8/31/07 |
| 608 274-6956 | 631 | 700 Rayovac Ave, Suite 301 Madison, WI | 8/31/07 |
| 614 825-1632 | 825 | 150 E Wilson Bridge Road, Suite 100  Worthington, OH | 8/31/07 |
| 614 891-6102 | 317 | 580 W Schrock Road Westerville, OH | 8/31/07 |
| 614 895-0147 | 147 | 580 W Schrock Road Westerville, OH | 8/31/07 |
| 614 R01-6745 | 017 | 580 W Schrock Road Westerville, OH | 8/31/07 |
| 630 505-5101 | 268 | 1717 North Naper Blvd, Suite 102  Naperville, IL | Countrywide |
| 630 513-8028 | 174 | 7 N 354 Westview Ct    St Charles, IL | No record of Lease Disposition |
| 630 527-2116 | 065 | 1717 North Naper Blvd, Suite 102  Naperville, IL | Countrywide |
| 630 955-0036 | 773 | 1717 North Naper Blvd, Suite 102  Naperville, IL | Countrywide |
| 630 R06-1108 | 738 | 700 East Main Street    Saint Charles, IL | 10/31/07 |
| 636 207-1613 | 155 | 195 Lamp and Lantern Vlg Town And Country, MO | 8/31/07 |
| 636 527-0120 | 337 | 195 Lamp and Lantern Vlg Town And Country, MO | 8/31/07 |
| 740 654-6397 | 503 | 580 W Schrock Road Westerville, OH | 8/31/07 |
| 773 404-8575 | 734 | 2924 N. Lincoln Avenue (3rd floor) Chicago, IL | 10/31/07 |
| 775 826-1170 | 373 | 5250 S Virginia Street, Suite 345 Reno, NV | 8/31/07 |
| 785 271-0103 | 197 | 2231 SW Wanamaker Road, Ste 201 Topeka, KS | 8/31/07 |
| 810 953-4830 | 298 | 2343 East Hill Road Grand Blanc, MI | No record of Lease Disposition |
| 812 476-5000 | 728 | 7300B Eagle Crest Blvd Evansville, IN | No record of Lease Disposition |
| 816 221-0164 | 333 | 1100 Main Street, Ste 2100 Kansas City, MO | 9/30/07 |

| Main Account | Sub Accounts | Location | Rejection Date or Assignee |
|---|---|---|---|
| 831 759-8051 605 | | 1000 South Main Street, Ste 212  Salinas, CA | 8/31/07 |
| 847 480-5895 281 | | 400 Skokie Blvd, Ste 110 Northbrook, IL | nTeam Group LLC |
| 847 640-4180 712 | | 707 Algonquin Road Arlington Heights, IL | 10/31/07 |
| 847 R16-0425 629 | | 950 North Elmhurst Road Mount Prospect, IL | No record of Lease Disposition |
| 916 984-8117 114 | | 2330 East Bidwell St Suite207 Folsom, CA | 8/31/07 |
| 925 356-0130 433 | | 1390 Willow Pass Road, Ste 560 Concord, CA | 8/31/07 |
| 956 546-5759 151 | | 2900 Central Blvd, Suite F Brownsville, TX | No record of Lease Disposition |
| 956 687-8777 336 | | 801 W Nolana Loop, Suite325  Mcallen, TX | No record of Lease Disposition |
| 960 732-9357 555 | | 1000 South Main Street, Ste 212  Salinas, CA | 8/31/07 |
| 972 788-0290 431 | | 5151 Beltline Rd Suite 1201 Dallas TX | Fifth Third Bank |
| 972 788-0762 901 | | 14185 Dallas Parkway, Suite 1275 Dallas, TX | 8/31/07 |
| 972 980-7494 152 | | 14185 Dallas Parkway, Suite 1275 Dallas, TX | 8/31/07 |
| 217 546-6500 110 | | | Debtors have No Record of Account |
| 281 464-3200 659 | | 15327 Gulf Freeway, Ste A   Houston, TX | 8/31/07 |
| 281 296-0370 672 | | 21 Waterway Avenue, Ste 450 The Woodlands, TX | IndyMac |
| 314 487-2750 630 | | 4409 Meramec Bottom Road, Ste B Saint Louis, MO | IndyMac |
| 916 920 0274 629 | | 2277 Fair Oaks Blvd, Ste 110 Sacramento, CA | 8/31/07 |
| 810 385-5829 938 | | 4355 24th Avenue      Fort Gratiot, MI | Ross Mortgage Corp. |
| 614 866-5129 305 | | | Debtors have No Record of Account |
| 0518476325001 | | | Debtors have No Record of Account |
| 262 796-8295 323 | | 15375 W Bluemound Rd Suite 100 Brookflied WI | 8/31/2007 |