IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : | Case No. 07-11047 (CSS) |
| A Delaware corporation, et al,[1] | : | Jointly Administered |
| | : | |
| | : | Objection Deadline: September 8, 2008 at 4:00 p.m. (ET) |
| Debtors. | : | Hearing Date: September 15, 2008 at 10:00 a.m. (ET) |

**RESPONSE OF RONALD L. BERGUM TO DEBTORS' FIFTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Ronald L. Bergum ("Mr. Bergum") hereby files this response (this "Response") to the Debtors' Fifteenth Omnibus (Substantive) Objection to Claims, docket no. 5447 (the "Objection"). In support of this Response, Mr. Bergum respectfully states as follows:

**Background**

1.   Mr. Bergum holds two claims against the above-captioned debtors and debtors in possession (the "Debtors"). Claim 9624 ("AHM Holdings Claim 9624") was filed against American Home Mortgage Holdings, Inc. ("AHM Holdings") in the amount of $10,950.00 (priority) and $3,182,183.96 (unsecured). Claim 9625 ("AHM Corp. Claim 9625") was filed against American Home Mortgage Corp. in the same amounts. Copies of the AHM Holdings Claim 9624 and AHM Corp. Claim 9625 are attached hereto as Exhibits 1 and 2, respectively.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York Settlement Services, Inc. a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

{1555661:}

2. The Objection seeks to: (a) expunge AHM Corp. Claim 9625 in its entirety; and (b) reduce AHM Holdings Claim 9624 to the amount of $10,950.00 (priority) and $1,591,136.07 (unsecured).

3. Mr. Bergum does not object to the disallowance of duplicate claim AHM Corp. Claim 9625.

**Response**

4. As set forth above, AHM Holdings Claim 9624 was filed in the amount of $10,950.00 (priority) and $3,182,183.96 (unsecured), plus unliquidated amounts. The components of the claim, as previously set forth on the attachment to AHM Holdings Claim 9624 are as follows:

| **Description** | **Amount** |
| --- | --- |
| Debtor's Deferred Compensation Plan | $1,592,352.37 |
| Override -- .0025% of 3,357,226,858 | 83,930.57 |
| NOI (profitability) | 91,210.00 |
| Unused Vacation from 2000 to 2007 (25 weeks) | 192,307.69 |
| Severance for 3 years at $400,000 per year (per contract) | 1,200,000.00 |
| Benefits for 3 years (per contract) | Unliquidated |
| Wages for 30 Days Pursuant to CA State Labor Code 203 | 33,333.00 |
| **Total Claim** | **$3,193,133.96** |

5. The Debtors seek to reduce AHM Holdings Claim 9624 to $10,950.00 (priority) and $1,591,136.07 (unsecured). Presumably, they are allowing these amounts related to American Home Mortgage Holdings, Inc. Deferred Compensation Plan (the "Plan") and the Court's prior Order (I) Terminating Debtors' Non-Qualified Deferred Compensation Plan Pursuant to Section 363(b)(1) of the Bankruptcy Code and (II) Directing the Trustee of the Debtors' Non-Qualified Deferred Compensation Plan Trust to Return Debtors' Assets Held in

Trust to the Debtors' Estates Pursuant to Section 105(a) of the Bankruptcy Code, docket no. 1840 (the "Plan Order"). This is actually slightly greater than the $10,950.00 priority and $1,581,402.37 unsecured amounts Mr. Bergum's records show for his claim under the Plan and the Plan Order, but he defers to the Debtors' records on the amount due under the Plan as of the Petition Date.

6. The Debtors have inappropriately objected to the balance of Mr. Bergum's claim, which is based on Mr. Bergum's termination and relate to either amounts due at the time of his termination or severance or related payments due under his employment agreement. Each component of the claim is described in the following paragraphs.

7. <u>Severance (base salary)</u>. A copy of Mr. Bergum's employment contract with American Home Mortgage Holdings, Inc. (the "Employment Contract") is attached hereto as Exhibit 3. Section 8 of the Employment Contract provides for "compensation on termination." Section 8(a)(i) provides that upon termination (other than "for cause," which is not relevant here), Mr. Bergum will be entitled to payment of "Base Salary" for three years. (See Employment Contract, p.8). Section 6(a) of the Employment Contract sets Base Salary at $400,000.00. (See Employment Contract, p.3). Accordingly, Mr. Bergum would be entitled to a minimum of $1.2 million in severance. However, due to the one-year limitation set forth in section 502(b)(7) of the Bankruptcy Code, Mr. Bergum requests that this component of AHM Holdings Claim 9624 be allowed in the amount of $400,000.00 (unsecured).

8. <u>Severance (health care)</u>. Section 8(a)(iii) of the Employment Contract provides that upon termination, Mr. Bergum and his dependants are entitled to health insurance from AHM Holdings for three years. The value of this claim is approximately $10,000 per year, and so Mr. Begum would be entitled to a $30,000 claim. Again, however, due to section 502(b)(7) of

the Bankruptcy Code, Mr. Bergum requests that this component of AHM Holdings Claim 9624 be allowed in the amount of $10,000 (unsecured).

9. <u>Override Payments</u>. Pursuant to Section 8(a)(i) of the Employment Contract, AHM Holdings is also responsible to pay any amounts due to Mr. Bergum under Section 6 of the Employment Contract for periods prior to the date of termination. (See Employment Contract, p.8). Section 6(c)(i) of the Employment Contract provides that Mr. Bergum is to receive payment of one-quarter of a basis point (.0025%) of "Origination Volume" of loan production in the Western Division. (See Employment Contract p.3). As of the date of Mr. Bergum's termination, the amount due was $83,930.57 (.0025% of $3,357,226,858.00). Accordingly, the Override component of AHM Holdings Claim 9624 should be allowed in the amount of $83,930.57.

10. <u>Profitability</u>. Similarly, Section 6(c)(ii) provides for a profit participation payment calculated based on the profitability of the Western Division. As of the date of termination, the amount due to Mr. Bergum for profit participation was $91,210.00, and this should be allowed as a component of AHM Holdings Claim 9624.[2]

11. <u>Vacation</u>. Pursuant to company policy and Section 6(f) of the Employment Contract, as of the date of his termination, Mr. Bergum is entitled to be paid for accrued unused vacation as of the date of his termination. At that time, Mr. Bergum had 25 weeks of unused vacation accrued from 2000 to 2007, which should be paid in the amount of $192,307.69 (25/52 times $400,000 annual base pay). This amount should be allowed as part of Mr. Bergum's AHM Holdings Claim 9624.

---

[2] Certain of the calculations related to profitability and override are not detailed here. Mr. Bergum intends to work with the Debtors to come to an agreed amount, but will be prepared to provide more details at an evidentiary hearing, if necessary.

{1555661:}

**Conclusion**

12.    For the reasons stated above, Mr. Bergum's AHM Holdings Claim 9624 should be allowed in the following amounts:

- Plan: $10,950.00 priority
- Plan: $1,591,136.07 unsecured
- Severance (base): $400,000.00 unsecured
- Severance (benefits): $10,000.00 unsecured
- Override: $83,930.57 unsecured
- Profit Participation: $91,210.00 unsecured
- Vacation: $192,307.69 unsecured

Accordingly, AHM Holdings Claim 9624 should be allowed in the amount of $10,950.00 priority and $2,368,584.33 unsecured.

WHEREFORE, Mr. Bergum respectfully requests that the Court: (a) overrule the Debtors' Objection to the extent set forth herein; (b) allow AHM Holdings Claim 9624 in the amount of $10,950.00 priority and $2,368,584.33 unsecured; and (c) grant such other relief as is just and proper.

Dated:  September 8, 2008

/s/ Sean D. Malloy
Sean D. Malloy (0073157)
McDonald Hopkins LLC
600 Superior Ave., E.
Suite 2100
Cleveland, Ohio 44114
Phone:  216.348.5400
Fax:  216.348.5474
E-Mail: smalloy@mcdonaldhopkins.com

COUNSEL FOR
RONALD L. BERGUM