**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re ) | Case Number: 07-11047 |
| ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, ) | Chapter 11 |
| INC., a Delaware corporation, <u>et</u> ) | |
| <u>al.</u>, ) | OBJECTION TO DISCLOSURE |
| ) | STATEMENT BY CALIFORNIA |
| ) | TAXING AUTHORITIES |
| ) | |
| Debtors. ) | Date: September 15, 2008 |
| ) | Time: 10:00 a.m. |
| ) | |
| ) | |
| ) | |

TO THE HONORABLE CHRISTOPHER S. SONTCHI UNITED STATES BANKRUPTCY JUDGE AND TO INTERESTED PARTIES:

Certain California Taxing Authorities[1] hereby files its Objection to the Disclosure Statement.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION.**

The subject property is comprised of real property in Imperial, San Bernardino, Placer and Riverside County. The debtor American Home Mortgage has acquired real property interests in certain real property in each of these counties. The real property is subject to the assessment of local property taxes under California State law.

---

[1] The California Taxing Authorities consist of the following counties: Imperial, San Bernardino, Placer and Riverside.

1

Several of the California Taxing Authorities filed original claims, but now find numerous additional real property holdings that now appear in the name of American Home Mortgage. It is apparent the real properties were foreclosed on post petition.

Not all of the California Taxing Authorities have updated information on all the parcels that are currently in the American Home Mortgage name. This objection will provide the information that is available and the California Taxing Authorities will update this information when it is available.

The total amount due and owing is as follows:

San Bernardino County

| **Parcel** | **Amount due** |
|---|---|
| 1.  0171-132-16-P071 | $   364.18 |
| 2.  0270-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 | $ 9,685.25 |
| 3.  0328-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 | $ 6,653.85 |
| 4.  3096-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 | $ 1,658.02 |
| Total | $18,361.30 |

There may be new properties in the name of the debtor. San Bernardino County is currently investigating those records of its real property date base.

Placer County

Placer County filed an amended claim on November 16, 2007 in the amount of $18,263.88. Five parcels were included in this claim and only $1510.71 is still due and owing. However, a search of the data base indicates twenty-nine (29) additional properties now in the name of the debtor for an amount of $143,003.60. An administrative claim will be filed.

2

<u>Riverside County</u>

Riverside County has found 92 parcels with the name of the debtor as the owner for a total of $638,855.31 dollars.

<u>Imperial County</u>

Imperial County is currently investigating their data base for real estate records. This information will be supplemented as soon as the information is available.

## II. THE DISCLOSURE STATEMENT FAILS TO DISCLOSE
## TAX PAYMENTS TO WHICH THE COUNTY CAN CONSENT.

The debt listed above are for secured real property taxes. They are a secured claim.

It is unclear where the real property secured claims are listed. The Disclosure Statement describes miscellaneous secured claims on page 62, section 6. However it states that these claims are secured by liens on miscellaneous assets of the debtors including cash.

The treatment of the miscellaneous secured claims list alternatives for the payment including cash, assets, deferred payments and any other treatment which provide the indubitable equivalent.

The claims of the County Taxing Authorities are for secured real property taxes and so cash payment or deferred cash payment are the types of treatment necessarily required to pay these types of claims.  The Taxing Authorities could not for example have the asset returned them, unless they had relief from the automatic stay

to sell the property at tax auction.

The Disclosure statement also described tax claims at page 61 section4 entitled Priority Tax Claims.  This section also provides for cash payments. This section limits interest to the interest rate available on the ninety day United States Treasuries note, effectively ignoring 11 U.S.C. Section 511 of the Bankruptcy Code. This section states:

> (a) If any provision of this title requires the payment of interest on a tax claim or on an administrative expense tax . . . . the rate of interest shall be the rate ***determined under applicable nonbankruptcy law.***
>
> (b) In the case of taxes paid under a confirmed plan under this title, the rate of interest shall be determined as of the calendar month in which the plan is confirmed.

Emphasis added.

Many of the taxes due and owing are not a "priority tax claim" in that the taxes have been due and owing for quite some time. Therefore, the California Taxing Authorities are not clear that this section on page 61 addresses fully the treatment of their claims.

Additional deficiencies include:

1.    Debtor has failed to provide for a payment schedule for Riverside's property taxes in the Disclosure Statement. It cannot be ascertained whether or not the taxes will be paid on the effective date or over time.

2.    Post petition interest at the state statutory rate must

4

be included or until the amounts are paid.

3. Debtor fails to define any default provisions if the tax claims are not paid.

4. Debtor has failed to provide that the liens will be retained until the secured real property taxes are paid in full.

### III. THIS COURT MUST LOOK AT CALIFORNIA STATE LAW WHEN APPLYING WHEN DETERMINING TAX LIABILITY.

It is well settled law that the bankruptcy court must apply California state law and California tax principles when determining the tax liability.

In <u>In Re Fairchild Aircraft Corp</u>, 124 B.R. 488 (Bankr. W. D. Tex. 1991), the court held that the bankruptcy court's valuation of property for purposes of determining property taxes must be consistent with state law principles as the valuation is merely part and parcel of adjudication of a tax due and owing, which is a question controlled by state law. <u>Id.</u> at 492.

The bankruptcy court, additionally, must give full faith and credit to the law of the state upon which the tax is based. <u>Id</u>. at 492. Also see <u>In re Quality Beverage Co., Inc.</u>, 170 B.R. 310 (Bankr. S. D. Tex. 1994).

Likewise, in <u>Arkansas Corp. Commission v. Thompson</u>, 313 U.S. 132 (1941), the Supreme Court has held for 64 years, that whether or not taxes are legally due and owing to a state depends upon the valid laws of the state. <u>Id.</u> at 142.

This court then must apply California State law to determine the taxes.

5

## IV. REAL PROPERTY TAX ASSESSMENTS ARE MANDATED UNDER CALIFORNIA LAW.

Under California State Law, every piece of real property is subject to taxation.[2] California Revenue and Taxation Code section 401 states: "Every assessor shall assess all property subject to general property taxation at its full value."

Under California State Law, real property is to be assessed at the same percentage of fair market value.[3]

California Revenue and Taxation Code Section 401.3 provides that: "The assessor shall assess all property subject to general property taxation on the lien date as provided in Articles XIII and XIIIA of the Constitution. . . ."

Real property taxes are assessed as of January 1 ("lien date") of the year in which taxes become due.[4]

---

[2] California Revenue and Taxation Code section 104 states: "Real estate or real property includes: (a) The possession of, claim to, ownership of or right to the possession of land."

[3] In California, property tax assessments consist of two components. The first component is the assessed value. The second is the tax rate. The latter is applied against the former to calculate the amount of taxes due. This equation is sometimes known as the tax ratio. For taxable real property, the assessed value is determined at the same percentage of fair market value. California Constitution Article XIII section 1.

[4] California Revenue and Taxation Code, section 117 states: "Lien date is the time when taxes for any fiscal year become a lien on the property." California Revenue and Taxation Code Section 118 defines assessment year as "the period beginning with a lien date and ending immediately prior to the succeeding lien date for taxes levied by the same agency."

Revenue and Taxation Code section 2192 states:" . . . all tax liens attach annually as of 12:01 a.m. on the first day of January preceding the fiscal year for which the taxes are levied..."

6

In California, property taxes are <u>in rem</u> and are payable only through sale proceeds.  California Revenue and Taxation Code Section 2187 states: " Every tax on real property is a lien against the property assessed."  See <u>Long Beach v. Aistrap,</u> 164 Cal. App. 2d 41 (1958).

Additionally, the real property taxes are a first lien on the property. California Revenue and Taxation Code Section 2192.1 states:

> Every tax declared in this chapter to be a lien on real property . . . have priority over all other liens on the property, regardless of the time of their creation.  Any tax . . . described in the preceding sentence shall be given priority over matters including but not limited to any recognizance, deed, judgment, debt, obligation, or responsibility with respect to which the subject real property may become charged or liable.

Since the taxes a first priority lien on the property they are a secured claim.

The California Taxing Authorities respectfully requests that this court order that an amended Disclosure Statement be filed to provide for the secured real property taxes as follows:

1.   Language that includes the taxes in the class of secured claims;

2.   Interest on the amount according to the state law rate of

7

interest under 11 U.S.C. 506(b) and California Revenue and Taxation Code Section 4103 pre confirmation and post confirmation;

3.  A default provision be added to the plan as more particularly described below;

4.  Language regarding lien retention;

## V. DEBTOR FAILS TO IDENTIFY A DEFAULT PROVISION IF RIVERSIDE'S REAL PROPERTY TAXES ARE NOT PAID.

The Statement fails to specify remedies which will be available to creditors in the event the Debtor defaults. The California Taxing Authorities proposes the following language:

> A failure by the Debtor to make a payment to Taxing Authority pursuant to the terms of the Plan shall be an Event of Default. If the Debtor fails to cure an Event of Default as to tax payments within ten (10) days after service of written notice of default, then it may enforce the entire amount of its claim, plus all penalties and interest accrued under state law, against the Debtor in accordance with applicable state law remedies.

## VI. THE DISCLOSURE STATEMENT CANNOT BE APPROVED WHERE THE PLAN OF REORGANIZATION IS NOT CONFIRMABLE.

In addition to the absence of adequate information, "[a] clear showing that the plan is not confirmable justifies denial of the sufficiency of the Disclosure statement to avoid the cost and delay of a fruitless venture." (Citation omitted). In re S.E.T. Income Properties, III, 83 B.R. 791, 792 (Bankr. N.D. Oklahoma

8

1988).  In essence, judicial resources should not be wasted in approving a Disclosure Statement for a plan which may not be confirmed.

In the case at bar, the plan is not confirmable because of the reasons cited above.

### VII. CONCLUSION.

The court should decline to approve the Disclosure Statement until the information described above is provided.  The Califonria Taxing Authorities respectfully request that the court order amended language to the Disclosure regarding the tax claim and payment.

Dated: September 8, 2008         ROMERO LAW FIRM

By. /s/ Martha E. Romero
MARTHA E. ROMERO, State Bar No. 128144
ROMERO LAW FIRM
BMR Professional Building
Whittier, California 90601
Phone (562) 907-6800
Facsimile (562)907-6820
Attorneys for SECURED CREDITOR COUNTY OF IMPERIAL, PLACER, SAN BERNARDINO AND RIVERSIDE, CALIFORNIA

9