**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | : | Honorable Christopher S. Sontchi |
| In re: | : | Chapter 11 |
| AMERICAN HOME MORTGAGE | : | |
| HOLDINGS, INC. *et al.* | : | Case No. 07-11047 |
| | : | Case No. 07-11048 |
| | : | Case No. 07-11049 |
| Debtors. | : | Case No. 07-11050 |
| | : | Case No. 07-11051 |
| | : | Case No. 07-11052 |
| | : | Case No. 07-11053 |
| | : | Case No. 07-11054 |
| | : | |
| | : | Jointly Administered |

**LIMITED OBJECTION OF ACE GROUP OF COMPANIES TO DISCLOSURE STATEMENT PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE WITH RESPECT TO THE CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF AUGUST 15, 2008 (**Docket Entry 5451)

Creditors ACE American Insurance Company, Insurance Company of North America, and Indemnity Insurance Company of America and possibly other members of the ACE group of companies (collectively "ACE"), by and through their undersigned attorneys, hereby file this Limited Objection to the Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 ("Disclosure Statement"), and in support thereof, aver as follows:

**Introduction**

1. Debtor American Home Mortgage Holdings, Inc. ("AHMH") and its debtor affiliates ("Debtors") have submitted a proposed Disclosure Statement pursuant to section 1125 of the United States Bankruptcy Code ("Bankruptcy Code"), for approval

PHLDMS1 4651490v.1

by the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court").

2. A disclosure statement must provide adequate information to enable a hypothetical creditor of the relevant class to make an informed judgment about the proposed plan. 11 U.S.C. § 1125(a) & (b).

3. Here, the proposed Disclosure Statement does not contain adequate information concerning how the insureds' obligations under the insurance policies issued by ACE will be performed going forward and hence the insurance coverage available to the Debtors, Debtors-in-Possession and Plan Trust. Accordingly, the proposed Disclosure Statement should not be approved by the Bankruptcy Court unless it is amended.

4. In addition, some of the provisions in the proposed Plan could be read to violate ACE's rights under its insurance policies and also possibly void coverage that might otherwise be available for Claims against the Debtors. The Disclosure Statement does not disclose that this possibility exists and/or whether or not it is intended.

**Background**

5. On August 6, 2007, (the "Petition Date") the Debtors filed their voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code ("Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court"). These cases are jointly administered under the above caption.

6. The Debtors have sold many of their assets and businesses and continue to operate as debtors in possession. No trustee or examiner has been appointed.

7. On or about August 15, 2008, the Debtors filed the proposed Disclosure Statement.

8. Pursuant to the Notice of hearing with respect to the proposed Disclosure Statement ACE files this Limited Objection to the proposed Disclosure Statement.

9. On September 8, 2008, Debtors provided ACE with a one (1) day extension of time to Wednesday, September 10, 2008, to file an objection to the proposed Disclosure Statement.

**ACE's Agreements with the Debtors**

10. From September 1996 through the present, ACE provided insurance coverage to the Debtors under various insurance policies. The policies include excess general liability insurance and excess directors' and officers' liability policies.

11. The named insureds under the insurance policies include all, or almost all, of the Debtors.

12. In exchange for ACE providing the insurance coverage (which may also include the duty to defend under some of the insurance policies), the Debtors are obligated to pay premiums. Under most if not all of the insurance policies, the premium is paid in advance. Under certain of the insurance policies, the initial premium may be

audited and recalculated. This recalculation could result in additional premium being owed, or in premium being returned to the Debtors.

13. There are also "Conditions" in the insurance policies which obligate the Debtors, among other things, to provide notice of claims, to make records available, to cooperate in the investigation and defense of claims, and to pursue, preserve and/or transfer to ACE any rights the Debtors have against others to recover all or any part of any payment that ACE makes under the insurance policies.

14. The failure of the Debtors to perform one or more of these obligations and/or conditions under the policies could result in a denial of coverage.

15. The obligations of ACE and the Debtors under the insurance policies and service agreements are ongoing and continuing.

**Disclosure Statement and the Plan of Liquidation**

16. The proposed plan is a Plan of Liquidation, and provides for the establishment of a Plan Trust with a Plan Trustee, to pursue, maintain, liquidate and distribute the assets transferred to such trusts after the Effective Date of the Plan. (Disclosure Statement, Art. V, section F.)

17. The Disclosure Statement indicates that certain insurance policies will be considered executory and assumed and assigned to the Plan Trust. Other insurance policies will not be considered executory, and will not be assumed, but will be transferred

to the Plan Trust. Other insurance policies may be rejected. (Disclosure Statement, Arts. V, Section I.c.)

18. Regardless of whether the insurance policies are executory or not, assumed or not, or rejected or not, or transferred or not, the Disclosure Statement does not indicate how the obligations of the Debtors and Debtors-in-Possession under the insurance policies will be performed on and after the Effective Date.

19. The Disclosure Statement also provides that the Debtors' obligations to indemnify their officers and directors are deemed executory and are rejected. (Disclosure Statement, Art. V, section I.a.) The Disclosure Statement does not address whether or not the rejection of these obligations will impact any directors and officers liability insurance.

20. The Disclosure Statement also does not disclose the risk that coverage under the insurance policies may be jeopardized if the Debtors' obligations are not performed.

21. The proposed Disclosure Statement indicates that the Debtors and Plan Trustee will have the responsibility to object to Claims and sets forth certain provisions related to the allowance of claims. (Disclosure Statement, Art. V, section H.)

22. The Disclosure Statement also indicates that the Plan will contain injunction and exculpation provisions. (Disclosure Statement, Art. V, section J.)

23. The provisions of the Disclosure Statement and proposed Plan which relate to the resolution of Claims and the injunction and exculpation provisions could be read to interfere with the insurers' rights and obligations with respect to Claims that might be covered by ACE's policies. These rights include, without limitation, the insurers' rights and obligations to defend claims, the insurers' rights and obligations to be subrogated to the Debtors' causes of action against others, and the insurers' rights of contribution. The Disclosure Statement does not disclose whether this interference is intended or not, or the possible consequences of any such interference.

24. The Disclosure Statement indicates the Bankruptcy Court will retain jurisdiction "over matters concerning the Debtors' insurance policies, if any, including jurisdiction to re-impose the automatic stay or its applicable equivalent provided in the Plan." (Disclosure Statement, Art. V, section L.1.)

25. This retention of jurisdiction provision is very broad and could be read to apply to coverage disputes, subrogation actions, regulatory proceedings, and other actions not within the statutory jurisdiction of the Bankruptcy Courts.

26. This retention of jurisdiction provision could also be read to override any alternative dispute provisions contained in the policies or required under state law.

27. Again, the Disclosure Statement does not indicate that these provisions may prejudice the rights and obligations of the Debtors and ACE under the policies, including the right and obligation to defend claims and the right to arbitrate certain

disputes, and may result in a breach of the insurance policies which could jeopardize coverage that might otherwise available under the policies.

28. In addition, there also may be claims against the Debtors that might otherwise be covered by the insurance policies, for which no proof of claim or administrative claim is asserted. The Disclosure Statement does not indicate whether the injunction provisions in the proposed Plan may also interfere with the rights and/or duties of ACE with respect to those claims as well and jeopardize coverage otherwise available under the policies.

**Objections to the Disclosure Statement**

29. ACE objects to the Disclosure Statement to the extent it does not clearly indicate how the Debtors obligations will be performed going forward (regardless of whether the agreements are executory or not, assumed or rejected, assigned or transferred or not).

30. ACE objects to the proposed Disclosure Statement to the extent it fails to indicate whether or not the proposed Plan of Liquidation will be insurance neutral. For example, the proposed Disclosure Statement does not contain any "Reservation of Rights" provisions which preserve the rights and defenses of ACE under the insurance policies and applicable non-bankruptcy law. If the insurers' rights are impaired, the coverage which may be provided by their policies may also be impaired. To the extent the Debtors intend to rely upon coverage provided by the insurance policies to satisfy claims against the Debtors, the proposed Plan may prejudice their ability to do so, and the Disclosure Statement's failure to address these issues makes it inadequate.

31. ACE objects to the extent the proposed claims allowance provisions, injunction and exculpation provisions, and jurisdiction provisions may be read to violate or interfere with the insurers' obligations and/or rights with respect to claims against the Debtors and/or their rights to arbitrate disputes with the Debtors. The proposed Plan could be read to jeopardize coverage that might otherwise be available under the policies, and the Disclosure Statement is therefore inadequate for not disclosing this.

32. ACE objects to the Disclosure Statement because it fails to address the subrogation, setoff, and recoupment rights of ACE, and to the extent such rights are impaired, fails to disclose whether coverage otherwise available under the policies may be jeopardized.

33. ACE objects to the Disclosure Statement and the proposed injunction to the extent they could be read to prevent ACE from exercising its rights and duties under the applicable insurance policies. In particular, the release and injunction provisions may prevent ACE from investigating, administering, settling and/or defending claims that may be covered under the insurance policies for which the insurers have a duty to defend. By doing so, these proposed provisions may also jeopardize coverage and prejudice the insurers' ability to perform their obligations. Again, the Disclosure Statement is inadequate for not disclosing this.

34. ACE also objects to the Disclosure Statement because it fails to state that nothing in the proposed Plan of Liquidation will impair ACE's rights under the policies and applicable non-bankruptcy law, and that nothing in the Plan of Liquidation should be deemed to alter or amend in any way the terms, conditions, limitations and exclusions of

the insurance policies and service agreements, and the obligations of ACE or the Debtors to perform their respective obligations under the insurance policies and service agreements.

35. Finally, the Disclosure Statement should clearly indicate whether, under the proposed Plan of Liquidation, ACE can perform under the insurance policies and applicable non-bankruptcy law, without violating the release and discharge injunction provisions.

**Reservation of Rights**

36. ACE expressly reserves, and does not waive, all of its rights, defenses, limitations and/or exclusions under the insurance policies and applicable law. ACE further reserves all rights to assert any and all such rights, defenses, limitations and/or exclusions in any appropriate manner or forum whatsoever (including, without limitation, arbitration, the United States District Court or any state court). Nothing contained in this Limited Objection shall be deemed to expand any coverage that may otherwise be available under any insurance policies or any rights to payment under any settlements.

37. ACE further reserves all of its rights to raise the issues contained in this Limited Objection in connection with confirmation of any proposed plan and any other related issues in any procedurally-appropriate contested matter and/or adversary proceeding including, without limitation, any separate adversary proceeding requesting any appropriate declaratory and/or injunctive relief with respect to any of the contractual rights that may be adversely affected by confirmation of the Plan of Liquidation.

38. ACE further reserves all of its rights to object to any claim for coverage under any of the insurance policies and/or any claim for payment under any settlement agreements, and/or to seek declaratory and/or injunctive relief to the extent that treatment of its rights under the insurance policies and/or confirmation of the Plan of Liquidation violates any terms or conditions of any of those policies and/or settlements or gives rise to any defenses on behalf of ACE.

39. Nothing in this Limited Objection shall be construed as an acknowledgment that any of the insurance policies or settlement agreements, if any, cover or otherwise apply to any claims, losses or damages on account of any Claims or otherwise, or that any such claims or causes of action are eligible for payment.

40. ACE reserves the right to seek an adjudication that Debtors, individually or collectively, have waived or forfeited any available coverage under the insurance policies.

41. ACE also reserves its right to amend, modify or supplement this Limited Objection in response to, or as a result of any discovery being conducted in connection with modifications made to the proposed Disclosure Statement and/or confirmation of the Plan of Liquidation and/or any submission in connection with the Plan of Liquidation or these Chapter 11 Cases filed by any party-in-interest.

42. ACE also reserves the right to adopt any other objections to the Disclosure Statement and proposed Plan of Liquidation filed by any other party.

## Conclusion

43. For the reasons set forth above, the Disclosure Statement should not be approved as containing adequate information unless the objections raised herein are resolved.

WHEREFORE, for all the foregoing reasons, Creditors ACE American Insurance Company, Insurance Company of North America, Indemnity Insurance Company of America, and possibly other members of the ACE group of companies, respectfully request the Court to not approve the Disclosure Statement unless the limited objections raised herein are addressed, together with such further relief as the Court deems appropriate.

Respectfully submitted,

WHITE AND WILLIAMS LLP

/s/ Marc S. Casarino

Marc S. Casarino (DE No. 3613)
824 N. Market Street, Suite 902
Wilmington, Delaware 19801
(302) 467-4520
Fax (302) 467-4550
casarinom@whiteandwilliams.com

and

Jennifer L. Hoagland, Esquire
Bazelon Less & Feldman, P.C.
1515 Market Street, Suite 700
Philadelphia, PA 19102-1907
(215) 568-1155
Fax (215) 568-9319
jhoagland@bazless.com

Attorneys for Creditors ACE American Insurance Company, Illinois Union

Insurance Company, Indemnity Insurance Company of America and ESIS, Inc.

Dated: September 10, 2008