IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x   Chapter 11
In re:                                                        :
                                                              :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                        :
HOLDINGS, INC., a Delaware corporation, et al.,               :   Jointly Administered
                                                              :
    Debtors.                                                  :   **Ref. Dkt. No. 5679**
                                                              :
                                                              :   **Hearing Date: N/A**
------------------------------------------------------------- x

### DEBTORS' OBJECTION TO MOTION OF CERTAIN BORROWERS TO SHORTEN NOTICE OF THEIR MOTION FOR ORDER APPOINTING AN OFFICIAL COMMITTEE OF BORROWERS PURSUANT TO SECTION 1102(a)(2) OF THE BANKRUPTCY CODE

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors"),[1] hereby object (the "Objection") to the Motion to Shorten Notice [Docket No. 5679] (the "Motion to Shorten").[2] In support of this Objection, the Debtors respectfully represent as follows:

### PRELIMINARY STATEMENT

1.  By the Motion to Shorten, certain individual borrowers[3] (the "Borrowers") request that this Court shorten notice and schedule for hearing their *Motion for Order Appointing*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion to Shorten.

[3] The Borrowers identified in the Motion to Shorten are Tilton Jack, Grace Mullins, Christopher Bilek and Mary Bilek, Sam Acquisto, Delena Lamacchia, and Paula Rush.

*an Official Committee of Borrowers Pursuant to Section 1102(a)(2) of the Bankruptcy Code* [Docket No. 5675] (the "Borrowers' Committee Motion") on less than four business days' notice so it can be heard in conjunction with the hearing to approve the Debtors' disclosure statement. Despite the Borrowers' assertions regarding the emergent need for a hearing regarding this issue, the Borrowers fail to recognize that this alleged "emergency" is one of their own making. The Debtors filed for bankruptcy protection over thirteen months ago and, since that time, have been working with countless borrowers, including certain of those named by the motions, with respect to their concerns regarding the bankruptcy process. Given the active involvement of certain of the Borrowers in the bankruptcy process (including the filing of claims, objections to asset sales, and motions seeking a Bankruptcy Rule 2004 examination, the appointment of a trustee, examiner, and/or consumer privacy ombudsman, among other things), and their participation at numerous hearings, the request to shorten notice with respect to the Borrowers' Committee Motion in the 11th hour is without justification.

    2.  Moreover, in an effort to resolve certain of the objections raised with respect to the Debtors' disclosure statement [Docket No. 5451] (the "Disclosure Statement"), the Debtors have determined to adjourn consideration of the Disclosure Statement until the next omnibus hearing date, October 2, 2008. Denying the relief requested in the Motion to Shorten and scheduling the Borrowers' Committee Motion for hearing on October 2 will provide the Debtors and other parties in interest sufficient time to investigate and respond to the issues raised in the Borrowers' Committee Motion. The Debtors submit that a thorough presentation and discussion of the facts and issues at the October 2 hearing after an opportunity for meaningful briefing will also serve the interests of judicial efficiency more than proceeding with the Borrowers' Committee Motion on an extremely expedited basis on September 15.

## RELEVANT FACTS[4]

3. Several of the Borrowers commenced litigation against one or more Debtors prepetition. Specifically:

   a. On or about April 3, 2007, Ms. Paula Rush commenced an action against certain of the Debtors in the United States District Court for the District of Maryland (the "Rush Action"). Ms. Rush is pursuing the Rush Action *pro se*.

   b. On or about July 23, 2007, Mr. Chistopher Bilek and Ms. Mary Bilek commenced an action (the "Bilek Action") against AHM SV (f/k/a American Home Mortgage Servicing, Inc.) in the United States District Court for the Northern District of Illinois. According to the Bileks' complaint, which is attached to the Borrowers' Committee Motion as Exhibit D, the Bileks are represented by the Law Offices of Keith J. Keogh, Ltd.

   c. On or about July 25, 2007, Mr. Jack Tilton, along with certain other individuals, commenced a lawsuit (the "Tilton Action") in the United States District Court for the Eastern District of New York against American Brokers Conduit, a d/b/a of one of the Debtors. According to Mr. Tilton's complaint, which is attached to the Borrowers' Committee Motion as Exhibit B, Mr. Tilton is represented by South Brooklyn Legal Services and attorneys affiliated with the Center for Responsible Lending.

4. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Upon the filing of the Debtors' bankruptcy petitions, any prepetition actions were automatically stayed pursuant to section 362 of the Bankruptcy Code. Subsequent to the Petition Date, the Debtors filed a suggestion of bankruptcy in the Tilton Action, and the Bilek Action was stayed pending the Debtors' bankruptcy proceedings.[5]

5. On or about August 13, 2007, the Mr. Sam Acquisto and Ms. Debbie Acquisto commenced an action (the "Acquisto Action") against PC Lending, Inc. and AHM SV

---

[4] Neither the Motion to Shorten nor the Borrowers' Committee Motion provides sufficient facts for the Debtors to respond to the factual allegations alleged with respect to Ms. Delena Lamacchia, and the Debtors have had only approximately 24 hours to obtain information. The Debtors reserve their rights to provide the Court with additional information or evidence with respect to Ms. Lamacchia.

[5] Given the short timeframe for filing this Objection, the Debtors were unable to obtain information with respect to state court filings. The Debtors reserve their right to provide this information at a later date.

(f/k/a American Home Mortgage Servicing, Inc.) in the Circuit Court of the Twelfth Judicial Circuit for Manatee County, Florida. According to the Acquisitos' complaint, which is attached to the Borrowers' Committee Motion as Exhibit E, the Acquistos are represented by an attorney from the Consumer Law Center, PA.

6. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"), and the Committee owes a fiduciary duty to all unsecured creditors in these proceedings.

7. On or about October 4, 2007, Ms. Rush filed her *pro se Motion for Disclosure Under 11 U.S.C. § 262, § 1105, and Bankruptcy Rule 2004, Directing Examination of, and Production of Documents By Debtors; Limited Objection to Asset Purchase Agreement; Complaint for Injunction Against the Sale of Mortgage Notes Free and Clear of Liens or Liabilities; and Request for Appointment of Consumer Privacy Ombudsman Pursuant to 11 U.S.C. § 332 and Trustee or Examiner Pursuant to 11 U.S.C. § 1104* [Docket No. 1489]. Similar motions were filed by individual borrowers, Ms. Laura Beall and Ms. Mona Dobben [Docket Nos. 1490, 1491] (collectively with Docket No. 1489, the "2004 Exam/Trustee Motions"). By the 2004 Exam/Trustee Motions, the movants sought: (i) an examination of, and production of documents by, the Debtors pursuant to Bankruptcy Rule 2004; (ii) the appointment of a trustee or examiner pursuant to section 1104 of the Bankruptcy Code; (iii) the appointment of a consumer privacy ombudsman pursuant to section 363 of the Bankruptcy Code; and (iv) certain injunctive relief. The Debtors timely objected to the 2004 Exam/Trustee Motions [Docket No. 1656].

8. On or about October 15, 2007, Mr. Tilton filed claim numbered 1564 (the "Tilton Claim") in the amount of $1,160,263.98. According to his proof of claim, Mr. Tilton appears to still be represented by South Brooklyn Legal Services.

9. A five-day hearing on the sale of the Debtors' servicing business (the "Servicing Sale Hearing") was held from October 15 to 19, 2007. Ms. Rush participated in the Servicing Sale Hearing by cross-examining witnesses, 10/26/07 Hr'g Tr. [Docket No. 1632], pp. 213-27, and presenting a closing argument, 10/19/07 Hr'g Tr. [Docket No. 1663], pp. 158-160.

10. A hearing on the 2004 Exam/Trustee Motions was held on October 31, 2007, wherein Ms. Rush and Ms. Beall presented their motions to this Court and cross-examined Debtors' witnesses. Upon consideration of the pleadings and evidence presented at the October 2007 Hearing, the Court denied the 2004 Exam/Trustee Motions [Docket No. 1779].

11. By order dated October 30, 2007 [Docket No. 1708] (the "Bar Date Order"), the Court established January 11, 2008 as the deadline by which any person holding a prepetition claim against the Debtors must file a proof of claim (the "General Bar Date"). Consistent with the Bar Date Order, the Debtors mailed notices of the General Bar Date to known creditors. See Docket Nos. 2439, 2460, 2461, 2604, 2749, 2751, 2752, 2800. The Debtors also published notice in the *Dallas Morning Star,* the *Saint Louis Post-Dispatch* and the national edition of the *New York Times.* See Docket Nos. 3286, 3285 & 3284, respectively.

12. On or about January 11, 2008, Ms. Rush filed claim numbered 8743 (the "Rush Claim") in the amount of $1,790,000.00.

13. On or about January 11, 2008, the Acquistos filed claim numbered 8741 (the "Acquisto Claim") in the approximate amount of $459,000. Based on the Acquisto claim, the Acquistos appear to still be represented by the Consumer Law Center, PA.

14. Based on a review of the claims registry, the Bileks did not file a proof of claim. Notice of the General Bar Date was mailed to their attorneys' address. See Docket No. 2439, p. 27 of Exhibit C.

15. On or about January 29, 2008, Ms. Rush filed her *Objection to Sale of Loans Free and Clear of Liens or Liabilities* [Docket No. 2816] (the "Non-Performing Loan Sale Objection"). Ms. Rush participated in the hearing with respect to her Non-Performing Loan Sale Objection and the underlying sale. See 2/1/08 Hr'g Tr. [Docket No. 2951], pp 46-49.

16. On or about April 24, 2008, Ms. Grace Mullins enlisted the assistance of attorneys for the Legal Aid Society of Columbus and the Equal Justice Foundation to vacate an October 22, 2007 default judgment issued against her with respect to a foreclosure of her home.

17. On or about June 16, 2008, Ms. Rush filed her *Emergency Motion for an Order of Relief From the Automatic Stay* [Docket No. 4637], which was granted on July 17, 2008 [Docket No. 5173] without opposition by the Debtors.

18. On September 9, 2008, approximately 13 months after the Debtors' bankruptcy filing, the Borrowers filed their Borrowers' Committee Motion and request that such motion be heard on four business days' notice.

## OBJECTION

19. Local Rule 9006-1 provides that, if service is completed by mail, all motion papers shall be filed and served at least eighteen (18) days prior to the hearing date. The Court may shorten notice only upon written motion specifying the exigencies justifying shortened notice. Del. Bankr. L.R. 9006-1(e).

20. The Borrowers do not identify any exigencies—other than their own 13-month delay in filing such a motion—justifying shortened notice. As set forth more fully above, most (if not all) of the Borrowers have been represented by counsel and/or actively involved in the Debtors' bankruptcy cases since the Petition Date. Indeed, these Borrowers have sought, among other things, Bankruptcy Rule 2004 examinations, the appointment of a trustee, examiner,

and/or consumer privacy ombudsman, relief from stay, and denial of various sales of the Debtors' assets. In addition, most of the Borrowers have filed timely proofs of claim. Indeed, according to the Borrowers' Committee Motion, the Borrowers have even sought the advice of outside bankruptcy counsel with respect to the confirmation of the Debtors' plan and approval of the Disclosure Statement. The record reflects that the Borrowers have, at all other times, been capable of filing timely pleadings to assert their rights, claims, and interests, such as the Borrowers believe them to be. The Borrowers' purported ignorance of the bankruptcy proceedings does not justify a hearing on 4 business days' notice to consider the extraordinary relief of appointment of an additional statutory committee.

21.    Moreover, the Borrowers will not be prejudiced by the adjudication of the Borrowers' Committee Motion at the October 2 hearing because all issues concerning the adequacy and approval of the Disclosure Statement are being adjourned to that date. Additionally, because several of the issues raised by Borrowers' Committee Motion are, in fact, more akin to objections to the approval of the Disclosure Statement, shortening the notice period for the Borrowers' Committee Motion will only result in a bifurcation of the facts and issues relating to the Disclosure Statement and will require the Debtors to prepare for, and this Court to conduct, two hearings on essentially the same issues.

22.    The Debtors also note that, despite the Borrowers' recent association with bankruptcy counsel, the substance of the Borrowers' arguments presented in the Borrowers' Committee Motion is essentially no different from the arguments presented in many of the *pro se* filings previously considered by this Court. As with their prior responses to such pleadings, the Debtors do not wish to diminish or downplay the Borrowers' grievances concerning the Debtors' alleged misconduct in originating mortgage loans prepetition, or the circumstances giving rise to

the Borrowers' alleged claims against the Debtors. However, at this stage in these bankruptcy cases, and given the involvement of bankruptcy counsel on the Borrowers' behalf, the Debtors respectfully request that the Court hold the Borrowers to their burden of establishing their entitlement to the relief requested in the Borrowers' Committee Motion, which will ultimately require, among other things, some explanation of why the Borrowers' alleged claims against the Debtors are *legally* distinct and worthy of representation separate from the claims of other general unsecured creditors represented so ably by the Committee thus far in these cases.

23.     Accordingly, for the foregoing reasons, the circumstances do not justify shortening the notice periods for the Borrowers' Committee Motion and scheduling it to be heard on September 15, 2008. Consideration of the Borrowers' Committee Motion at the October 2 hearing, and in conjunction with consideration of the adequacy of the Disclosure Statement, will result in a prompt adjudication of the relief requested, while also promoting judicial economy with respect to the disputes, affording the Debtors sufficient time to explore other alternatives and, if necessary, adequately prepare for the hearing.

## RESERVATION OF RIGHTS

24.     This Objection is without prejudice to the Debtors' right to file an objection to the Borrowers' Committee Motion on any and all bases.


## CONCLUSION

WHEREFORE, based on the foregoing, the Debtors respectfully request that the Motion to Shorten Notice be DENIED.

Dated: Wilmington, Delaware
September 10, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret B. Whiteman
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Margaret B. Whiteman (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Counsel for Debtors and Debtors in Possession