IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------x
In re:
: Chapter 11
:
: Case No. 07-11047 (CSS)
American Home Mortgage Holdings, Inc., *et al,* [1]   : (Jointly Administered)
:
Debtors.   :
: **Re: D.I. 5679**
----------------------------------------------------------------x

### OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION TO SHORTEN NOTICE FILED BY MOVANTS TILTON JACK, GRACE MULLINS, MR. AND MRS. CHRISTOPHER BILEK, SAM ACQUISTO, DELENA LAMACCHIA AND PAULA RUSH

The Official Committee of Unsecured Creditors (the "*Committee*") of American Home Mortgage Holdings, Inc., *et al*. (the "*Debtors*"), by its co-counsel, Hahn & Hessen LLP and Blank Rome LLP, hereby files this objection (the "*Objection*") to the *Motion to Shorten Notice* (the "*Motion to Shorten*") [Docket No. 5679] filed by Tilton Jack, Grace Mullins, Mr. and Mrs. Christopher Bilek, Sam Acquisto, Delena Lamacchia and Paula Rush (collectively, the "*Movants*") with respect to their *Motion for Order Appointing an Official Committee of Borrowers Pursuant to Section 1102(a)(2) of the Bankruptcy Code* (the "*Motion to Appoint*" and together with the Motion to Shorten, the "*Motions*") [Docket No. 5675], and in support thereof respectfully states as follows:

### BACKGROUND

1.      On August 6, 2007 (the "*Petition Date*"), the Debtors commenced voluntary cases (the "*Cases*") under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*")

---

[1]   The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

1454159.v2

128189.01600/40176587v.1

- 2 -

with this Court. Since the Petition Date, the Debtors have continued in the operation of their businesses and the management of their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

2. On August 14, 2007, the Office of the United States Trustee (the "*U.S. Trustee*") appointed seven of the largest unsecured creditors to serve as members of the Committee. The Committee elected Wilmington Trust Company, as Trustee, and The Receivable Management Services Corporation, Agent for United Parcel Service, as Co-Chairpersons of the Committee.

3. On August 15, 2008, the Debtors filed their *Chapter 11 Plan of Liquidation of the Debtors* (the "*Plan*") [Docket No. 5450] and *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors* (the "*Disclosure Statement*") [Docket No. 5451]. A hearing on the adequacy of the Disclosure Statement is scheduled to be held on September 15, 2008 (the "*Disclosure Hearing*").

4. On September 9, 2008, over thirteen (13) months after the Petition Date and merely four (4) business days prior to the Disclosure Hearing, the Movants seek this Court's authority to file, on shortened notice, the Motion to Appoint by which the Movants request the appointment of an official committee of borrowers in these Cases.

**ARGUMENT**

5. The local rules of this Court (the "*Local Rules*") require that all motion papers be filed and served at least fifteen (15) days prior to a hearing, eighteen (18) days if served by mail. L.R. 9006-1(c)(1). Further, the Local Rules mandate that objection deadlines be set so as to permit objections to be filed and served at least five (5) days prior to the hearing. L.R. 9006-1(c)(ii). These rules ensure that parties-in-interest are provided with sufficient time to review a

motion, analyze and assess whether the relief requested makes sense, and prepare a thoughtful response to the extent their assessment identifies issues that have not been properly addressed. Such time is needed here, as the 36-page Motion to Appoint (exclusive of exhibits) raises numerous complex issues including several disclosure and confirmation objections which will require thoughtful analysis.

6.  If, however, a party seeks to schedule a motion on less than the requisite notice period, the party must, by written motion, specify the exigencies justifying shortened notice. L.R. 9006-1(e).  Essentially, the Movants sole exigency is their purported need for the Court to determine whether a borrower's committee should be appointed prior to this Court's determination of the adequacy of the Disclosure Statement at the impending Disclosure Hearing. However, given the facts and circumstances of these Cases, their showing is insufficient to justify shortening notice.

7.  First, to the extent that the immediacy of the Disclosure Statement could be considered an exigency, it is one that has been self-imposed by the Movants.  Despite Movants' assertions to the contrary (Motion to Appoint, p. 19, ¶2), Movants were well aware of the Debtors' bankruptcy yet still waited over thirteen (13) months since the commencement of these Cases to bring the Motion to Appoint.  Indeed, Movant Rush was not only aware of these Cases, as her pre-petition lawsuit against the Debtors in the District Court for the District of Maryland[2] was initially stayed by the commencement thereof, but has been also an active participant therein.  *See Motion for Disclosure and Bankruptcy Rule 2004 Directed Examination of and Production of Documents by Debtors and Limited Objection to Asset Purchase Agreement and Complaint for Injunction Against Sale of Mortgage Notes Free and Clear of Liens or Liabilities*

---

[2] *Rush v. American Home Mortgage, et al.*, 07-cv-854 (WMN) was filed on April 3, 2007.

128189.01600/40176587v.1

*and Request for Appointment of Consumer Privacy Ombudsman Pursuant to U.S.C. § 322 and Trustee or Examiner Pursuant to U.S.C. § 1104* (dated 10/4/07) [Docket No. 1489]; *Objection to Sale of Loans Free and Clear of Liens and Liabilities* (dated 1/29/08) [Docket No. 2816]; and *Emergency Motion for an Order of Relief from the Automatic Stay* (dated 6/16/08) [Docket No. 4637].[3] Any assertion that the Movants were unaware of the pendency of these cases due to inadequate notice and could not have moved sooner is clearly disingenuous. In fact, the timing of the Motions on the eve of the Disclosure Hearing smacks of litigation gamesmanship which should not be countenanced by this Court.

8.  Second, the Movants are in no way prejudiced should this Court require them to proceed on the requisite full notice period. While captioned as a *Motion for Order Appointing an Official Committee of Borrowers Pursuant to Section 1102(a)(2) of the Bankruptcy Code*, the Motion to Appoint is, in part, an objection to the Disclosure Statement, as well as an objection to confirmation. As such, the Movants will not be prejudiced should this Court require them to proceed on the full notice period as their objections (albeit unwarranted) are before the Court and thus can be ruled upon by this Court regardless of whether an official committee is appointed. On the other hand, the Debtors, the Committee and the U.S. Trustee would be greatly (and unnecessarily) prejudiced if required to assess and prepare responses to the Motion to Appoint on the unwarranted expedited notice sought by the Movants solely so the Movants can call themselves a "Committee" at the Disclosure Hearing.

9.  Further indicia of the Movants' gamesmanship is evident from the Movants' brash request that this Court "should refrain from further action on the Plan until a committee can be appointed to represent borrowers' interests." Motion to Appoint, p. 22. Rather than

---

[3] The foregoing is a mere illustration of Movants' knowledge of and participation in these Cases. Other individual Movants have similarly participated in these Cases as more fully described in the Debtors' objection to

- 4 -

either file the Motion to Appoint earlier on in the Cases so that it could have been heard on a regular basis prior to the Disclosure Hearing, or simply file objections to the Disclosure Statement and/or the Plan (as individuals or as a group under Bankruptcy Rule 2019[4]), the Movants instead propose that these entire Cases be put on hold just so that their Motion to Appoint is considered. The Committee submits that such a request should be denied.

10. As such, this Court should deny the Motion to Shorten and require the Motion to Appoint to be heard on the full notice period required by the applicable rules.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

---

the Motion to Shorten. *See* Debtors' Objection, ¶¶ 3-17.

[4] The Committee notes that among the many deficiencies with the Movants' Motions, the Movants have also failed to comply with Bankruptcy Rule 2019 in that they have not filed the required verified statement.

- 5 -

128189.01600/40176587v.1

**WHEREFORE**, the Committee respectfully requests that the Court sustain the Objection, deny the Motion to Shorten, and grant such other and further relief as it deems just and proper.

Dated:    September 10, 2008

          **BLANK ROME LLP**

          /s/ *David W. Carickhoff*
          Bonnie Glantz Fatell (No. 3809)
          David W. Carickhoff (No. 3715)
          1201 Market Street, Suite 800
          Wilmington, Delaware  19801
          (302) 425-6400 - Telephone
          (302) 425-6464 - Facsimile

          - and -

          **HAHN & HESSEN LLP**
          488 Madison Avenue
          New York, New York 10022
          (212) 478-7200 - Telephone
          (212) 478-7400 - Facsimile
          Attn:   Mark S. Indelicato
                    Mark T. Power

          Co-Counsel to the Official Committee
          of Unsecured Creditors of American Home
          Mortgage Holdings, Inc., *et al*.