IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | ) Case No. 07-11047 (CSS) |
| A Delaware corporation, et al. | ) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) Objection Deadline: |
| | ) September 8, 2008 |
| | ) Hearing Date: |
| | ) September 15, 2008 |

CLAIMANT'S RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS
(SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF
THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL
RULE 3007-1

COMES NOW, Claimant, Shervonne Powell, by and through her counsel, Ellen

Opper-Weiner, Esq., and files Claimant's Response To Debtors' Fifteenth Omnibus

(Substantive) Objection To Claims Pursuant To Section 502(b) of The Bankruptcy Code,

Bankruptcy Rules 3003 and 3007, And Local Rule 3007-1, and respectfully states as

follows:

1.      That Claimant has not received a copy of the Exhibit which was not even

identified and which apparently applies to her specific claim, allegedly Claim

Number 10340, and, therefore, the Claimant cannot properly and thoroughly respond

to the Debtors' objection.

2.      That the Debtors assert that: "Borrower's claim is based on payments to

contractors, however, borrower authorized all distributions to contractors and

therefore the debtors have no liability from this claim". That what is missing from

that statement is that the Lender, American Home Mortgage, released monies to the

Contractor without ever having received a copy of the contractor's permit.  See e-mails from Marva Tillett, American Home Mortgage Construction Lending Specialist, which are attached hereto and incorporated herein as Exhibit # 1.

3.        That the Borrower was told by her Contractor that a copy of the permit was sent to the Lender after the Borrower received the July 18, 2007 notice from Marva Tillett.

4.        That at no time did the Lender inform the Borrower until October 23, 2007, that a copy of the Contractor's permit had NOT been received by the Lender. Nevertheless, the Lender released funds on three (3) occasions to the Contractor, between July 18, 2007 and October 23, 2007, which the Lender should not have released because the Lender did not have the requisite proof that the Lender itself required in order to release monies to the Contractor, including the lack of inspections of the work performed, in addition to the lack of a Contractor's permit.

5.        That the Borrower attempted to determine from the Lender the actual status of her construction loan by making numerous telephone calls and finally writing a letter on October 18, 2007, which is attached hereto and incorporated herein as Exhibit # 2.  The only response she received was the e-mail sent to her on October 23, 2007, which left the Borrower completely in the dark regarding the monies released to the Contractor and whether or not inspections had been performed by the Lender pursuant to the parties' loan agreement.

6.        That the work performed by the unlicensed Contractor was not inspected nor did the Lender have the proper documentation to show that the Contractor was licensed.

7.       That the result of the Lender's negligence was to cause the Claimant to suffer financial damages in the amount of $55,714.00.

WHEREFORE, the above premises considered the Claimant, Shervonne Powell, respectfully requests that the Debtors' Objection to her Claim be DENIED and her claim not be expunged in the instant case, and grant such additional and further relief to which this Honorable Court appears just and reasonable.

Sincerely,

Ellen Opper-Weiner, Esq.
3 Bethesda Metro Center, Suite 700
Bethesda, MD 20814
(301) 664-8434
Counsel for Shervonne Powell

## CERTIFICATE OF SERVICE

I HEREBY certify that on the 6th day of September, 2008, a copy of the foregoing was sent by Federal Express priority delivery to: Young, Conaway, Stargatt & Taylor, LLP, c/o James L Patton, Jr., The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801

Ellen Opper-Weiner, Esq.