TO THE UNITED STATES BANKRUPTCY COURTS
FOR THE DISTRICT OF DELAWARE
824 MARKET STREET
3RD FLOOR
WILMINGTON DELAWARE 19801



In re
AMERICAN HOME MORTGAGE HOLDINGS INC.,
Delaware CORPORATION,ET ALL

Chapter 11
Case No. 07-11047

This letter is my objection to my claims Nos.7971 and 8772 being expunged as has been requested by the debtors and debtors' in possession in this case. I received a letter dated August 15, 2008 ,

NOTICE OF DEBTORS FIFTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PERSUANT TO SECTION 502 (B)OF THE BANKRUPTCY CODE,

In this letter it indicated I had until September 8, 2008 in which to respond. I object to this action as it relates to my claims above for the following reasons

My claim No. 7961

This claim has 3 parts for compensation owed to me.

1 Volume over ride payments
2 Profit Participation Payout
3 Unused vacation wages owed

Volume over ride payments

My employment contract calls for me to be compensated 3 ways
1 a base salary
2 volume over ride payments
3 Profit Participation Payout.

The contract calls for me to be compensated based on closed loan volume. Once a loan is closed this is earned compensation and is independent of any requirement for profitability. I do have a profitability component in my contract but the volume over ride piece is independent of profitability.

Section 6 c (i) of my contract clearly states that I am to be paid an over ride on loans closed within the western Division. In my original claim I sent in a breakdown of the closed loan that I was owed compensation on. The contract is very clear that I am to be paid on these closes loans. Last week I received paperwork from Puneet Agrawal a Manager at Kroll Zolfo Cooper LLC , the court appointed advisor of the Debtors.

In this supplemental information Mr. Agrawal, claimed " MR. JOHNSTON WAS NOT ENTITLED TO RECEIVE THE OVER RIDE BONUSES OR PROFITABILITY PAYOUTS ALLEDGED IN THE PROOF OF CLAIM BECAUSE PURSUANT TO SEcTION 6(c) (iii)B OF MR. JOHNSTONS EMPLOYMENT CONTRACT, WHICH IS ATTACHED HERETO AS EXHIBIT 7, THESE BONUSES SHOULD BE CALCULATED ON THE BASIS OF YEAR END PROFITABILITY OF THE DEBTORS WESTERN DIVISION..."

This is not what this section says.
Section 6(c) (iii) does say:
"THE COMPANY SHALL CALCULATE AND PAY ANY VOLUME OVER RIDE PAYMENT AND/OR PROFIT PARTICIPATION DUE TO THE EXECUTIVE ON AN ANNUAL BASIS AND ANY SUCH PAYMENTS SHALL BE PAID IN A LUMP SUM NO LATTER MARCH 31 OF THE FISCAL YEAR THAT IMMEDIATELY FOLLOWS THE FISCAL YEAR TO WHICH SUCH PAYMENTS RELATES"

There is nothing in the contract that indicates that the PAYMENTS FOR VOLUME OVER RIDE,  are in any way dependent on proftability. Mr Agarwal interpretation of my contract is not correct and I am owed the money claimed by me . His assertion that the above noted section indicated otherwise is false.


Profit Participation Payment.

Section 6c(ii) of my contracts states that I am to be paid a percentage of the profitability of my group. In my original claim I provided the latest information related to profitability for my group and calculated money owed to me based on what I had. Last week in the same supplemental information provided by M. Agarwal it was indicated that there was no profit for my group,"THE DEBTORS BOOKS AND RECORDS SHOW THAT THE DEBTORS' WESTERN DIVISION DID NOT HAVE ANY PROFIT FOR 2007".

I have never received a profit and loss statement more current than the one I presented in my claim. In the last statement I have we were profitable. I ask that this part of my claim not be expunged until such time as I have been able to review a profit and loss statement that accurately reflects the profitability of my division.


Unused vacation wages owed to me

In my original claim I indicated the amount of money owed me and the amount of vacation accrued to me by year. Mr. Agarwal states  " MR JOHNSTON IS NOT ENTITLED TO PAY FOR UNUSED VACATION TIME. MOREOVE, MR JOHNSTON HAS NEVER REPORTED TO THE DEBTOR WHAT DAYS HE TOOK OFF FOR VACATION OVER THE TIME PERIOD COVERED IN HIS PROOF OF CLAIM"

I am a resident of California and California law states "because vacation is a form of deferred wages and vests as it is earned, vacation wages can not be forfeited"

My days of vacation were as follows:
2000   April 24, 25, 26, 27, 28,   July 31, August 1,2,3,4
2001   August 3,6 7, 8, 9, 10
2002   April 1,2,3,4,5
2003 June 19, 20, 23, 24, 25, 26, 27
2004 April 8, 9, 12, 13, 14
2005 March 28, 29, 30, 31,  April 1,  July 11, 12, 13, 14, 15, 18 19
2006 April 13, 14, 17, 18 19
2007  no vacations days taken

I assert that I am entitled to my wages for unused vacation per the terms of the Employee Handbook for American Home Mortgage and the laws of the state of California.


MY CLAIM NO.8772

Per the terms of my contract I assert that I am entitled to the severance provision. Mr.Agarwal states"…MR JOHNSTON IS ONLY ENTITLED TO COMPENSATION AFTER TERMINATION IF THE DEBTOR TERMINATES HIS EMPLOYMENT OTHER THAN PURSUANT TO SECTION 7(B) ,OR IF HE RESIGNS FOR  "GOOD REASON' AS THE TERMS DEFINED IN SECTION 7(C). MR JOHNSTON RESIGNED  FROM HIS POSITIONWITH THE DEBTORS AND HAS NOT ALLEDGED THAT IT WAS ON THE BASIS OF A GOOD REASON. …"

When I inquired about filling my claims I was told that to protect my rights I need to file by a certain date, which I did.  Never has it been indicated before the letter from Mr. Agarwal that I was supposed to indicate the legal basis of my claim.

In the confusion of the last days of American Home days run into one another and so I am not 100% sure on timing. There was communication that we were out of business, there was an email sent on behalf of Michael Strauss that we were all terminated(attached). In order  to eliminate any perception of conflict of interest as I searched for a new job I  confirmed my termination  with AHM by sending an email that indicated my resignation.

Sincerely,

John A Johnston
(949) 279-9594

**STATE OF CALIFORNIA**
**DEPARTMENT OF INDUSTRIAL RELATIONS**
DIVISION OF LABOR STANDARDS ENFORCEMENT

**ARNOLD SCHWARZENEGGER, Governor**



## BENEFITS

**VACATION:** Paid vacations are not required under California law. If an employer has an oral or written vacation policy, such vacation benefits are considered wages and are earned by the employee on a pro rata basis for each day of work. Because vacation is a form of deferred wages and vests as it is earned, vacation wages cannot be forfeited. (*Suastez v. Plastic Dress Up* (1982) 31 Cal.3d 774) An employer can place a reasonable cap on vacation benefits that prevents an employee from earning vacation over a certain amount of hours. (*Boothby v. Atlas Mechanical* (1992) 6 Cal.App.4th 1595). When an employment relationship ends all vacation earned but not yet taken by the employee must be paid at the time of termination. (Labor Code §227.3). If employees are subject to a collective bargaining agreement, the provisions pertaining to vacation benefits in the collective bargaining agreement will apply. (Labor Code §227.3)

**SICK PAY:** There is no legal requirement under California law for employers to provide paid sick leave. Employees should refer to their employer's policy with respect to paid sick leave. However, most employers participate in the State Disability Insurance Plan (SDI), which they pay for through payroll deductions. (Unemployment Insurance Code §2601, et seq.) Employers are required to give newly hired employees and employees leaving work due to pregnancy or non-occupational sickness or injury a copy of a notice of their disability insurance rights and benefits due to sickness, injury or pregnancy. (Unemployment Insurance Code §2613) Additional information concerning disability insurance can be obtained from your local office of the Employment Development Department (EDD) or through their website at www.edd.ca.gov.

If an employer has a sick leave policy, the employer must permit an employee to use in any calendar year, the employee's accrued and available sick leave, in an amount not less than the sick leave that would be accrued during 6 months at the employee's current rate of sick leave, to attend to an illness of a child, parent, domestic partner, or spouse of the employee. (Labor Code §233)

**WORKERS' COMPENSATION INSURANCE:** All employers, except the state, are required to have workers' compensation insurance to cover injuries or illnesses sustained on the job. (Labor Code §3700, et seq.) An employee who suffers a work-related injury or illness that requires medical treatment beyond first aid must notify his or her employer in writing within 30 days of the injury or illness. (Labor Code §5400) Contact the local Division of Workers' Compensation office for more information regarding workers' compensation claims and benefits at www.dir.ca.gov/dwc.

**HOLIDAYS:** California law does not require that employers provide employees with paid time off for holidays, observe any holidays, or pay an employee any additional compensation for working on a holiday. Employees should refer to their employer's policy with respect to paid holidays.

**MEDICAL AND/OR LIFE INSURANCE:** There is no requirement under California law for employers to provide employees with medical and/or life insurance. Employees should refer to their employer's policy with respect to medical and life insurance benefits. An employer who provides employee medical benefits and discontinues those benefits must provide employees with written notice at least 15 days in advance of the discontinuance of coverage. (Labor Code §2806) A terminated employee may be entitled to continued coverage under the federal COBRA act or California's continued coverage requirements. Contact the Department of Health Services at www.dhs.ca.gov. Any health benefits provided by an employer pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. (ERISA), are subject to federal law. Contact the U.S. Department of Labor at www.dol.gov.

**PENSION AND RETIREMENT PLANS:** Employee pension and retirement plans are not required under California law. Employees should refer to their employers' policy with respect to pension plans. Any pension plans provided by an employer pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. (ERISA), are subject to federal law. Contact the U.S. Department of Labor at www.dol.gov.

**SEVERANCE PAY:** There is no legal requirement under California law that employers provide severance pay to an employee upon termination of employment. Employees should refer to their employer's policy with respect to severance pay. Severance pay plans provided by an employer pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq (ERISA), are subject to federal law. Contact the U.S. Department of Labor at www.dol.gov. In certain limited situations, California laws may apply. However, a thorough review of the facts is necessary before a determination can be made.

DLSE-2005-B-2

Revised 6/2005

**From:** Carlos Gonzalez on behalf of Michael Strauss
**Sent:** Thursday, August 02, 2007 12:09 PM
**Subject:** Please Read: Announcement from Mike Strauss

Dear Colleagues,

It is with great sadness I announce today that American Home Mortgage has been forced to close. Unfortunately, the market conditions in both the secondary mortgage market as well as the national real estate market have deteriorated to the point that our business is no longer viable. What this means for most of our employees is that Friday, August 3, 2007 will be your last day of employment. Detailed information regarding payroll, benefits and other human resource related matter will be available Friday morning for distribution in the office.

I would like to personally thank every single individual working for the company for their efforts. It has been my privilege to be associated with such a wonderful team.

Sincerely,

Michael Strauss