September 2, 2008

To: The United States Bankruptcy Court for the District Of Delaware
824 Market Street 3rd Floor Wilmington Delaware 19801

**In re: American Home Mortgage Holdings Inc. Case Number 07-11047 (CCS)**

Subject: Objection response to AHM Disclosure Statement

Attached is my response to the letter of August 15, 2008 from Young Conaway, Stargatt & Taylor, LLP providing notice of the hearing to consider the adequacy of the AHM Disclosure Statement.

The response includes:

(I) name and address of objectors
(ii) amount and proof of claim
(iii) nature of claim interest
(iiii): Statement of basis and nature of objection
(iiiii) a suggested change in the language in the AHM Disclosure


Sincerely,

*[signatures]*

Gary L. Grundy & Karen R. Grundy
9552 Norway Hills Trail
Lakeville MN 55044

## OBJECTION RESPONSE TO AHM DISCLOSURE STATEMENT

Attached is our response to the letter of August 15, 2008 from Young Conaway, Stargatt & Taylor, LLP providing notice of the hearing to consider the adequacy of the AHM Disclosure Statement. The response contains the information as requested in the subject letter.

### 1. NAME AND ADDRESS OF OBJECTORS:
Gary L & Karen R Grundy
9552 Norway Hills Trail
Lakeville MN. 55044

### 2. AMOUNT OF CLAIM:
Claim 1   $6,146.29   Gary L & Karen R Grundy, Claimants
Claim 2   $18,617.15 Gary L. Grundy, Claimant
Claim 3   $10,947.67 Karen R. Grundy, Claimant
Total:    $35,711.11

### 3. NATURE OF CLAIM INTEREST:
Equity Interest in the form of Preferred Stock, REIT

### 4. SUGGESTED MODIFICATION TO THE AHM DISCLOSURE STATEMENT:
A modification to the following excerpt (see box below) of the AHM Disclosure Statement, page 66, is suggested.

---

**13.   Subordinated Trust Preferred Claims; Other Subordinated Claims; and Interests**

Each of Classes 2D, 1E, 2E, 3D, 4D, 5D, 6D, 7D, 8D, 1F, 2F, 3E, 4E, 5E, 6E, 7E, and 8E, which are Impaired, consist of Subordinated Trust Preferred Claims against AHM Holdings and AHM Investment, Subordinated Claims against all of the Debtors, and Interests in all of the Debtors. Holders of Claims or Interests in Classes 2D, 1E, 2E, 3D, 4D, 5D, 6D, 7D, 8D, 1F, 2F, 3E, 4E, 5E, 6E, 7E, and 8E shall receive no distribution or dividend on account of such Claims or Interests. The entry of the Confirmation Order shall act as an order approving and effecting the cancellation of all Interests (and all securities convertible or exercisable for or evidencing any other right in or with respect to the Interests) outstanding immediately prior to the Effective Date without any conversion thereof or distribution with respect thereto.

**C.   Acceptance or Rejection of the Plan; Nonconsensual Confirmation**

**1.   Impaired Classes Entitled to Vote**

As set forth above, Classes 1A, 2A, 3A, 3B(4), 4A, 4B(3), 5A, 5B(5), 6A, 7A, and 8A are Unimpaired by the Plan. Pursuant to § 1126(f) of the Bankruptcy Code, each of these Classes of

66

---

Insert the following text after 13. Subordinated Trust Preferred Claims...(above)

Suggested Modification:

14. Claims involving Equity Interest (e.g. Preferred Stock - REIT) shall be paid according to the terms and conditions set forth in their respective prospectuses by (i) redemption or (ii) payment of promised dividends in a timely manner.

See the excerpt from the AHM prospectus below.

*"We may not redeem the Series A Preferred Stock before July 7, 2009, except in limited circumstances to preserve our status as a real estate investment trust. On or after July 7, 2009, we may, at our option, redeem the Series A Preferred Stock, in whole or in part, at any time and from time to time, for cash at a price of $25.00 per share, plus accumulated and unpaid dividends, if any, to the date of redemption. Any partial redemption will be on a pro rata basis, by lot or by any other equitable manner that we determine. The Series A Preferred Stock has no stated maturity date and we are not required to redeem the Series A Preferred Stock. The Series A Preferred Stock is not convertible into any of our property or other securities. "*

## BASIS AND NATURE OF OBJECTION

The Equity Interest Claim has prima *facie* validity due to the nature of the investment instrument including the following assertions:

- The ability on the part of Debtors to redeem the investment instruments at a promised, predetermined value as stated in their prospectus.

   *"On or after July 7, 2009, we may. at our option, redeem the Series A Preferred Stock, in whole or in part, at any time and from time to time, for cash at a price of $25.00 per share, plus accumulated and unpaid dividends, if any, to the date of redemption."*

- The proclaimed terms and conditions constitute a relationship between Debtor and Claimant different than a common stock transaction which was relied upon by the Claimant by virtue of:
  1) The Debtors promise to pay a predetermine fixed dividend [9.25%].
  2) The Debtors action to specify the amount due at redemption [$25.00 per share] including unpaid dividends.
  3) The Debtors declaration expressed in the security description that the instrument was a REIT.
  4) The Debtors inclusion of a specific date of redemption in the prospectus [July 7, 2008].

- The Claimant's action to include proof of purchase of the subject financial instrument [re: Trade Confirmations issued by Stifel Nicolaus].
- The Claimant's action to include an amount certain [$10,947.67].
- Whereas the Debtor has established a **contractual obligation** by the nature of promise, specification, declaration, and inclusion described in 1), 2), 3) and 4).

The provisions set forth in section 14 above shall supersede any other disclosures relating to Equity Interests in this document.

# PROOF OF CLAIM

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | |
|---|---|
| American Home Mortgage Holdings, Inc., et al. Debtors. | Chapter 11 Case No. 07-11047 (CSS) Jointly Administered |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Gary Grundy and Karen R Grundy JTWROS
9552 Norway Hills Trail
Lakeville, MN 55044

Telephone number: 952.461.4311
Email Address: g.grundy@integra.net

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**Account or other number by which creditor identifies debtor:**

Check here if this claim: ☐ replaces  ☐ amends a previously filed claim, dated: _____

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☒ Other  Purchase of Series B Cumulative PFD 9.25 REIT

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last Four Digits of your SS#: 0 0 3 1
   Unpaid compensation for services performed
   from _____ to _____
           (date)              (date)

2. **Date debt was incurred:**
   12.08.05 (this claim is 230 Shrs of 330 shrs)

3. **If court judgment, date obtained:**
   N/A

4. **Total Amount of Claim at Time Case Filed:** $ _____ + _____ + $6146.29 = $ 6146.29
   (unsecured nonpriority)    (secured)    (unsecured priority)    (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☒ Real Estate    ☐ Motor Vehicle
   ☐ Other_ Series B Cumulative PFD 9.25 REIT
   Value of Collateral: $ $6146.29
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

6. **Unsecured Nonpriority Claim:** $ _____
   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ _____
   Specify the priority of the claim:
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
   **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 10.26.07 | |

New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| American Home Mortgage Holdings, Inc., et al. | Case No. 07-11047 (CSS) |
| Debtors. | Jointly Administered |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

NOTE: [text obscured]

**THIS SPACE IS FOR COURT USE ONLY**

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Gary L Grundy
9552 Norway Hills Trail
Lakeville, MN 55044

Telephone number: 952.461.4311
Email Address: g.grundy@integra.net

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Account or other number by which creditor identifies debtor:

Check here if this claim:
☐ replaces    ☐ amends a previously filed claim, dated:_____

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☒ Other  Purchase of Series B Cumulative PFD 9.25 (REIT) (Explain)

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)

   Last Four Digits of your SS#: 0 0 3 1

   Unpaid compensation for services performed
   from _____ to _____

2. **Date debt was incurred:**
   03.01.07 (165 Shrs), 03.23.06 (230), and 08.3.19.05 (300 Shrs)

3. **If court judgment, date obtained:**
   N/A

4. **Total Amount of Claim at Time Case Filed:** $ _____ + $18,617.15 + _____ = $18,617.15
   (unsecured nonpriority)    (secured)    (unsecured priority)    (Total)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charge

5. **Secured Claim.**
   ☒ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☒ Real Estate    ☐ Motor Vehicle
   ☐ Other  Series B Cumulative PFD 9.25 REIT

   Value of Collateral: $ 18,617.15

   Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

6. **Unsecured Nonpriority Claim:** $ _____
   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ _____
   Specify the priority of the claim:
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
   **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 10.26.07 | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | | **PROOF OF CLAIM** |
|---|---|---|
| American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | |
| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors.<br>Name of Debtor Against Which Claim is Held | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered<br>Case No. of Debtor | |

NOTE: [illegible notice text]

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Karen R Grundy
9552 Norway Hills Trail
Lakeville, MN 55044

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number: 952.461.4311
Email Address: g.grundy@integra.net

Account or other number by which creditor identifies debtor:

Check here if this claim:
☐ replaces   ☐ amends a previously filed claim, dated:_____

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☒ Other  Purchase of Series B Cumulative PFD 9.25 REIT

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last Four Digits of your SS#: 0  0  3  1
   Unpaid compensation for services performed
   from _____ to _____
       (date)        (date)

2. **Date debt was incurred:**
   03.23.06 (430 Shrs), Claim is for 410 Shrs

3. **If court judgment, date obtained:**
   N/A

4. **Total Amount of Claim at Time Case Filed:** $ _____ + _____ + $10,947.67 = $10,947.67
   (unsecured nonpriority)   (secured)   (unsecured priority)   (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☒ Real Estate      ☐ Motor Vehicle
   ☐ Other  Series B Cumulative PFD 9.25 REIT
   Value of Collateral: $ 10,947.67
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. **Unsecured Nonpriority Claim:** $ _____
   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
   **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 10.26.07 | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.