UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation,<br>et. al.,<br><br>　　　　　　　Debtors, | ) Chapter 11<br>)<br>)<br>) Case No. 07-11047 (CSS)<br>) Jointly Administered<br>)<br>) |
| PAULA RUSH,<br>　　　　　　　Movant,<br><br>AMERICAN HOME MORTGAGE CORP.,<br>et., al.,<br><br>　　　　　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OBJECTION TO THE ADEQUACY OF

## DISCLOSURE STATEMENT

Paula Rush ("Movant"), party in interest herein, hereby objects to the adequacy of the

disclosure statement and hereby join in the objection filed by Zuckerman Spaeder LLP and Gilbert

Randolph LLP on behalf of all borrowers. The amount of my claim is 1,790,000 and nature of

My interest is a lawsuit pending in the United States District Court for The District of Maryland,

Southern Division, Case No. 07-854 (WMN).

(1) It is very unclear what rights borrowers with litigation pending will have for recovery if

successful. My claim is listed as contingent and disputed and I do not find any category on the

1

disclosure statement specifically for litigation pending. It is not acceptable for all the banks to walk away 100% whole while everyone else gets very little.

(2) I'm especially troubled by the "Exculpation and Injunctions" which in effect appears to bar litigants from seeking recovery against the Debtors. This bankruptcy court can not be used to "walk away" from liabilities, which this Debtor incurred as a result of willful misconduct. The Bankruptcy code is clear, these debts can not be discharged. Movant believes that the allegations in her case constitute the enforcement of regulatory remedies *§ 362(b)(4)*, sound in fraud, and may carry criminal penalties. All of these remedies can't be avoided by bankruptcy. Congress clearly intended that perpetrators of fraud should not be given the opportunity to wipe out debts in bankruptcy.

(3) The Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, carrying forth a basic policy of affording relief only to an "honest but unfortunate debtor."

Congress <u>did not</u> favor giving perpetrators of fraud a fresh start (by allowing them to wipe out their debts in bankruptcy) over the interest in protecting victims of fraud when it wrote the Bankruptcy Laws. Accordingly, Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge in bankruptcy "any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

(4) The Supreme court has ruled that it is not just the value of the property, but that also includes treble and punitive damages.

It is not only the actual value of the "money, property, services, or . . . credit" the debtor obtained through fraud that is non-dischargeable in bankruptcy, but also treble "punitive" damages and attorneys fees and costs related to the fraud. This was made clear in a March 25, 1998 decision of the Supreme Court of the United States in Cohen v. de la Cruz.

(5) American Home Mortgage Corporation and former financing partners should all fall

2

into these categories. In fact, in my case Goldman Sachs was the next largest shareholders with voting securities. These parties can not use the Debtor and this Court to discharge all responsibility and participation in conduct of he Debtor. Yet the way it appears now the former financing partners will recover 100% and seek indemnification from the Debtors against borrowers and walk away undamaged. Even EPD claims are accounted for in this disclosure statement.

(6) The only party with no clear protections is borrowers with pending claims now and borrowers who may assert claims in he future.

(7) Proposed Language

"As Congress intended, any borrower who has litigation or any other claims allowed for under Federal and State laws, shall be entitled to seek full recovery from any Debtor entity their claim falls against in he event of a success outcome in litigation. This covers pending litigation and potential litigation."

"While American Home may offer indemnification and EPD claims to financing partners, this does not in any way impair a borrowers ability to seek remedies against those parties directly. Those parties are then free to make a claim against the Debtor."

Respectfully submitted,

Dated; Sept 8, 2008

**Paula Rush pro se**
**2651 Peery Drive**
**Churchville Md. 21028**
**410-914-5315**
**paularush@comcast.net**

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of Sept, 2008, a copy of the foregoing Motion was mailed first class postage paid to:

Counsel for Debtors:
James Patton and Robert Brady
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box. 391
Wilmington DE 19899-0391

Joseph M. McMahon Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207 Lockbox #35
Wilmington, DE 19801

Kroll Cooper LLC
Kevin Nystrom
900 Third Ave
New York NY 10022

Official Committee of Unsecured Creditors
Mark Indelicato and Mark Power
Hahn & Hessen LLP
488 Madison Ave. 14th & 15th Floor
New York, NY 10022

US Bankruptcy Court
824 N. Market St. 3rd Floor
Wilmington Delaware 19801

Blank Rome LLP
Bonnie Glantz Fatell
1201 Market Street Suite 800
Wilmington Delaware 19801

Date: 9/8/08   Movant: _____
Paula Rush pro se
2651 Peery Drive
Churchville MD 21028
443-676-3509
410-914-5315

4