September 6, 2008

In re: American Home Mortgage Holdings, INC.....
Chapter 11
Case #. 07-11047 (CSS)


Objector: Irene & Mark White
        877 East Heartwood Circle
        Fruit Heights, Utah 84037

Re: Loan # 1000582640 with American Home Mortgage

Nature of Interest:   Mismanagement of Loan
                       Fees and costs associated with loan calculated incorrectly
                       Terms changed after inception of loan
                       Conflict of terms within the loan documents

Claim amount to be determined based upon an audit of the loan.

Refer to attached documents.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x   Chapter 11
In re:                                                           :
                                                                 :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,                  :   Jointly Administered
                                                                 :
                                              Debtors.[1]        :   **Objection Deadline: September 9, 2008 at 4:00 p.m. (ET)**
---------------------------------------------------------------- x   **Hearing Date: September 15, 2008 at 10:00 a.m. (ET)**

## NOTICE OF HEARING TO CONSIDER
## THE ADEQUACY OF DISCLOSURE STATEMENT

**PLEASE TAKE NOTICE THAT** on August 15, 2008, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware *The Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008* (the "Plan") and the accompanying *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code With Respect to The Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008* (the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors intend to present the Disclosure Statement, and any changes or modifications thereto, for approval at a hearing before the Honorable Christopher S. Sontchi on **September 15, 2008 at 10:00 a.m. (ET)** convened at the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), 824 N. Market Street, Wilmington, Delaware 19801 (the "Disclosure Statement Hearing"). The Disclosure Statement may be amended at any time prior to or at the Disclosure Statement Hearing, and the Disclosure Statement Hearing may be adjourned from time to time without further notice, except for the announcement of the adjourned date(s) at the Disclosure Statement Hearing or any continued hearing(s).

**PLEASE TAKE FURTHER NOTICE THAT** objections, if any, to approval of the Disclosure Statement must be in writing and must: (a) state the name and address of the objector or entity proposing a modification to the Disclosure Statement and the amount of its claim or nature of its interest in the Debtors' chapter 11 cases; (b) specify the basis and nature of any objection and set forth the proposed modification to the Disclosure Statement, together with suggested language; (c) be filed with the clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 together with proof of service, ***on or before 4:00 p.m. (prevailing Eastern Time) on September 9, 2008***; and (d) be served so as to be received on or before 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: James L. Patton and Robert S. Brady), counsel for the Debtors; (ii) Kroll Zolfo Cooper LLC, 900 Third Avenue, New York, New York 10022 (Attn.: Kevin Nystrom); (iii) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn.: Mark S. Indelicato and Mark T.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Power) and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801 (Attn.: Bonnie Glantz Fatell), counsel for the Official Committee of Unsecured Creditors; and (iv) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox #35, Wilmington, Delaware 19801 (Attn.: Joseph J. McMahon).

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Plan and the Disclosure Statement may be obtained by parties in interest free of charge on Epiq Bankruptcy Solutions, LLC's dedicated webpage related to these cases (http://chapter11.epiqsystems.com – click on "American Home Mortgage"). Copies of the Plan and the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 3rd Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Plan and the Disclosure Statement may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

Dated: Wilmington, Delaware
August 15, 2008

          YOUNG CONAWAY STARGATT & TAYLOR, LLP
          /s/ Patrick A. Jackson
          James L. Patton, Jr. (No. 2202)
          Robert S. Brady (No. 2847)
          Pauline K. Morgan (No. 3650)
          Sean M. Beach (No. 4070)
          Matthew B. Lunn (No. 4119)
          Patrick A. Jackson (No. 4976)
          The Brandywine Building
          1000 West Street, 17th Floor
          Wilmington, Delaware 19801
          Telephone: (302) 571-6600
          Facsimile: (302) 571-1253

          Counsel for Debtors and Debtors in Possession

# PROOF OF CLAIM

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
American Home Mortgage Claims Processing Center
c/o Epiq Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: American Home Mortgage Holdings, Inc., et al., Debtors. | Chapter 11 Case No. 07-11047 (CSS) Jointly Administered |
|---|---|

Name of Debtor Against Which Claim is Held / Case No. of Debtor

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

AHM (MERGE2.DBF SCHED_NO) SCH #: 161307*****
WHITE, MARK G *& Irene White*
877E HEARTWOOD CIRCLE
FRUIT HEIGHTS, UT 84037

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number: ———
Email Address: ———

**Account or other number by which creditor identifies debtor:** *See attached*

Check here if this claim: ☐ replaces  ☐ amends a previously filed claim, dated: _____

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other *re:interest calculations; fees, etc.* (explain) *Changing due date & other incorrect charges & behavior*

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)

Last Four Digits of your SS#: _____
Unpaid compensation for services performed from *Various* to _____

**2. Date debt was incurred:** *See attached exhibits*

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ *unknown* (unsecured nonpriority) + _____ (secured) + _____ (unsecured priority) = *unknown* (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim:** $ *unknown*
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary *Copies of mortgages available*

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

Date: 4/2/08
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): *Irene White / Mark White*

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

APR 28 2008

EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

American Home Mortgage
P.O. Box 631730
Irving, Texas 75063-1730

Loan #: 1000582640

Property Address:   407 Crown Royale Court
Henderson, Nevada 89015

Loan closed in June 2004

**REQUEST: A FULL AUDIT OF THIS LOAN BY SOMEONE NOT CONNECTED TO AMERICAN HOME MORTGAGE. THE AUDIT IS TO BE PAID FOR BY AMERICAN HOME MORTGAGE.**

There has been an ongoing unresolved struggle with this loan for some time now. Many calls have been made to the company. Promises are always made to get back to us, to get the issues resolved. Names and phone numbers are given to us so we can contact the individual supposedly working on the issue but we never get an answer. When we try to call the phone number we are given, the phone just rings and rings with no one answering or we get a voice message for that individual in which we leave a message but again no calls are returned.

1. We do not believe this loan has been calculated correctly or managed correctly and that we have overpaid.

2. When we closed in June 2004 with Backman Title in Layton, Utah we were given a copy of all our closing documents in a bound folder. Page #1 (attached as exhibit #1) states our loan payment is due on the 10th of each month. The amount owed monthly was to be $182.46. We were even given payment slips to use. (exhibit #2). Please note this page has American Home Mortgage listed at the top. The location of American Home Mortgage at the time of closing was in Melville, NY.

Please note that payments were to be sent to an address in Columbia, Maryland.

The 3rd paragraph on exhibit #1 states that during the "term of this loan the amount of our monthly payment may fluctuate due to changing requirements **for taxes, insurance and assessments.**

On page 1 of 7 (exhibit #3) on the document titled "Home Equity Credit Line Agreement and Disclosure Statement" Section 3 Part B - it states a monthly statement will be mailed to us between thirty and sixty days - it was 8 months before the first statement was mailed.

3. The terms of the loan went as outlined until February, 2005. This was the same time frame American Home Mortgage moved their operation to Dallas, Texas from Maryland. In February 2005 we received our first statement from American Home Mortgage since closing on the loan in June 2004. By now we have paid on this loan for 8 months. The statement requested we pay $203.30 - not the $182.46 we had been paying and believed was the amount owed. From then on payments have fluctuated month to month.

4. I first spoke to a Verlette Holland. Her answer to the issue was to send us a copy of their record of our payments. The record never came. When I tried to call her back at the phone number she gave me to use - no

one answered but the voice message system identified this was her phone #. Finally after much persistence on my part I reached Verlette through the companies main phone number. I received the payment record after this phone call. However, I could not make sense out of their record as payments were broken into interest calculated for certain time frames that didn't match my payments, etc. Verlette stated she had been moved to another department and that she had been so busy she had not been able to take care of her messages. The issues were no resolved.   (Exhibit #4)

5. I went back to the loan officer, Frank Martinez, who got us the loan. He stated he would go higher up and did.  We were put in touch with a Stacy Jones. I pointed out the problems we had with our loan document. We had a good visit. She was going to help and get the problem resolved but needed to take the document to another department for review. She called back **ONCE** and left her phone number. I called and called and left message after message telling her when I was available but never heard from her again. Later I received a letter from her stating she had tried to reach me and that she had enclosed a copy of our loan documents.  This was not a resolution to our problems. We have a copy of our loan documents.

6. I called the loan officer again, Frank Martinez, and again complained to him. I pointed out to him again the discrepancies in the loan documents. He couldn't help. This time Frank put me in touch with a Mr. James Rodriguez in customer care. I pointed out to him my issues with the loan documents. He basically blew the issues off telling me all was in order and that I had a Heloc loan and it was being followed as outlined. When I pointed out to him the document which is now exhibit #1 and how the way the loan was being handled from what was outlined in exhibit #1 Mr. Rodriguez basically said the title company put that page together and that **AMERICAN HOME MORTGAGE DOES NOT HAVE A COPY OF THAT PAGE IN OUR FILE.** How interesting since the letterhead is that of American Home Mortgage.

7. Not only have I had issues with the first page but subsequent pages as well.  In speaking to Stacy Jones, she faxed me a page showing me how the loan was a Heloc (exhibit #5). This page is no where in our bound copy of loan documents signed at time of closing.   Where did this page come from? Every page in our bound copy has either our initials or our signature on the page. The page she faxed to me has neither. When I asked - she couldn't explain - just told me it was in our documents.

8. On page 2 of 7 of the same document Section 5 paragraph B it states that the initial daily periodic rate and the annual percentage rate are not discounted rates. However on page 2 of 3 in the document titled "Important Terms of Our Home Equity Line of Credit it states that the initial annual percentage rate is a "discounted" rate. These two sections appear to us to contradict one another. (Exhibit # 6 & 7)

9. On the loan application page in our bound pages of the loan documents from the title company it states our interest rate will be 7.25% for 300 months. (Exhibit #8)

10. On one occasion in 2007 when speaking with a customer care representative regarding payments on this loan - the individual remarked "oh my goodness - I can't believe how many postings and withdrawal have taken place on this loan in the last month". He could give no explanation as to why. I make one payment per month on this loan and have done so from the beginning.

**IN CONCLUSION: THIS LOAN NEEDS TO BE AUDITED BY SOMEONE NOT CONNECTED TO AMERICAN HOME MORTGAGE. THE AUDIT IS TO BE PAID FOR BY AMERICAN HOME MORTGAGE.**