## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE | ) |
| HOLDINGS, INC., a Delaware corporation, | ) Case No. 07-11047 (CSS) |
| et al.[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Hearing Date: Oct. 2, 2008 at 11:00 a.m. (ET)** |
| ------------------------------------------------------- | ) **Obj. Deadline: Sept. 25, 2008 at 4:00 p.m. (ET)** |

## DEBTORS' APPLICATION PURSUANT TO
## SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE TO RETAIN
## TRAXI LLC AS SPECIAL LITIGATION FINANCIAL ADVISORS
## FOR THE DEBTORS NUNC PRO TUNC TO SEPTEMBER 10, 2008

The above captioned debtors and debtors in possession in the above cases

(collectively, the "Debtors") hereby request entry of an order (the "Application"), pursuant to

sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-

1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules"), authorizing the retention and employment of Traxi

LLC as special litigation financial advisor to the Debtors, effective as of September 10, 2008. In

support of the Application, the Debtors rely on the Declaration of Perry Mandarino (the

"Mandarino Declaration") attached hereto as Exhibit A. In further support of the Application,

the Debtors respectfully submit as follows:

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303);
American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American
Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc., f/k/a
American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage
Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM
Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New
York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The
address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

066585.1001

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested

herein are sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

A.    General Background

2.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with

this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Each Debtor

is continuing to operate its business and manage its properties as a debtor in possession pursuant

to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to an order of this Court.

4.      On August 14, 2007, the United States Trustee for the District of Delaware

appointed an Official Committee of Unsecured Creditors (the "Committee").  No trustee or

examiner has been appointed.

B.    Relevant Background

5.      Prior to the Petition Date, a large component of the Debtors' business was

the servicing of mortgage loans (the "Servicing Business").  In addition to the separate sales of

other servicing rights, commencing on October 2, 2007, this Court held a hearing (the "Sale

Hearing") to consider the Debtors' motion to sell the Servicing Business.  By Order dated

October 30, 2007 [Docket No. 1711] (the "Sale Order"), the Court approved and authorized the

sale of the Debtors' Servicing Business (the "Servicing Sale") to AH Mortgage Acquisition Co.,

2

Inc., an affiliate of W.L. Ross & Co., LLC (such affiliate, the "Purchaser") pursuant to the terms

of that certain Asset Purchase Sale Agreement dated as of September 25, 2007 (as amended and

together with all exhibits and schedules thereto, the "APA").

      6.      Pursuant to the APA, the Servicing Sale closed in two steps.  At the

"economic" close, which occurred on November 16, 2007 (the "Initial Closing"), the Purchaser

paid the Purchase Price in the manner and to the parties as provided in the APA and related Sale

Agreements referenced therein.  From the Initial Closing Date until the "legal" close (the "Final

Closing"), the Debtors agreed to operate the Servicing Business in the ordinary course of

business, subject to the Bankruptcy Exceptions (as defined in the APA), for the economic benefit

and risk of the Purchaser.  The Final Closing occurred on April 11, 2008.

      7.      On August 18, 2008, American Home Mortgage Servicing, Inc., f/k/a AH

Mortgage Acquisition Co., Inc. (the "Purchaser"), filed its *Amended Motion of American Home*

*Mortgage Servicing, Inc., f/k/a AH Mortgage Acquisition Co., Inc.* (the "Purchaser") *for an*

*Order Granting the Allowance and Payment of an Administrative Expense Claim for Breaches*

*by Certain Debtors of the Asset Purchase Agreement for the sale of the Debtors' Mortgage*

*Servicing Business* [Docket No. 5495] (the "WL Ross Motion"). The WL Ross Motion seeks

allowance of an administrative claim in the approximate amount of $17 million for alleged

breaches of the APA (the "WL Ross Claim").

      8.      On September 10, 2008, the Debtors filed their preliminary objection to

the WL Ross Motion [Docket No. 5798] (the "Preliminary Objection").  On that same date, the

Committee filed a joinder to the Preliminary Objection [Docket No. 5811].

DB02:7344390.2                                                                                          066585.1001

9.     On September 10, 2008, Traxi entered into an engagement agreement (the

"Engagement Letter") with the Debtors to provided certain services, as set forth therein and

below, related to the WL Ross Motion, the WL Ross Claim and the litigation related thereto.

## RELIEF REQUESTED

10.     By this Application, the Debtors seek to employ and retain Traxi as

special litigation financial advisor, *nunc pro tunc* to September 10, 2008, pursuant to the terms

and conditions set forth in the Engagement Letter as modified herein.

## BASIS FOR RELIEF

11.     Bankruptcy Code section 327(a) provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the
> court's approval, may employ one or more attorneys, accountants,
> appraisers, auctioneers, or other professional persons, that do not
> hold or represent an interest adverse to the estate, and that are
> disinterested persons, to represent or assist the trustee in carrying
> out the trustee's duties under this title.

11 U.S.C. § 327(a).

12.     Bankruptcy Code section 328(a) provides, in relevant part, as follows:

> The trustee . . . with the court's approval, may employ or authorize
> the employment of a professional person under section 327 . . . of
> this title . . . on any reasonable terms and conditions of
> employment, including on a retainer, on an hourly basis, on a fixed
> or percentage fee basis, or on a contingent fee basis.
> Notwithstanding such terms and conditions, the court may allow
> compensation different from the compensation provided under
> such terms and conditions after the conclusion of such
> employment, if such terms and conditions prove to have been
> improvident in light of developments not capable of being
> anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

13.     The Debtors require a neutral third party to serve as its special litigation

financial advisor in responding to the Motion, the WL Ross Claim.  The Debtors have selected

Traxi based on its extensive experience serving as financial advisor to entities operating both in and out of bankruptcy protection. Moreover, Traxi's previous clients include debtors, official and unoffical committees, lenders and purchasers in bankruptcy-related sales, and Traxi has provided these services in this District and others.

A.    Services to be Rendered[2]

14.    If retained as special litigation financial advisor, it is presently contemplated that Traxi will provide the Debtors with the following services:

      a.  Perform an analysis of the APA;

      b.  Calculate the purchase adjustment under the APA as appropriate;

      c.  Review calculations, schedules and analyses prepared by the Purchaser and its advisors;

      d.  Prepare a report(s) of its findings.

Although Traxi is initially being retained as a non-testifying expert witness, the Debtors reserve the right to request that Traxi provide expert testimony in connection with its engagement (the "Testimonial Services"). If this Application is approved and the Debtors are authorized to retain Traxi, the Debtors further request that Traxi be authorized to provide the Testimonial Services without further order of the Court.

15.    While the Debtors have already retained Milestone Financial LLC ("Milestone") as their investment bankers and financial advisors, the Debtors submit that the retention of Traxi as special litigation financial advisor is necessary in light of the complexity and nature of the matters raised in the Motion and the WL Ross Claim. Moreover, the Debtors have intentionally sought a neutral third party to perform the services set forth herein, and

---

[2]    Any references to or summaries of the Engagement Letter herein are qualified by the express terms of the Engagement Letter, which shall govern if there is any conflict between the Engagement Letter and the summaries provided herein.

066585.1001

Milestone was extensively involved in the Servicing Sale. However, the Debtors will work with their professionals to ensure that there is no duplication of efforts between Traxi and Milestone.

B.    Professional Compensation

16.    Pursuant to section 330 of the Bankruptcy Code, the Debtors may retain Traxi on reasonable terms and conditions. The Debtors submit that the terms and conditions under the Engagement Letter, which are similar to the terms and conditions Traxi offers to similar clients for similar services, are reasonable.

17.    Subject to this Court's approval, the Debtors understand that Traxi intends to apply to the Court for allowance of compensation and reimbursement of expenses for services provided to the Debtors in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, the guidelines established by the Office of the United States Trustee for the District of Delaware and orders of this Court, and pursuant to any additional procedures that may be, or already have been established by this Court in these chapter 11 cases. The range of hourly rates, subject to periodic adjustments, charged by Traxi's professionals are as follows:

| Managing Directors | $525 – 575 |
|---|---|
| Directors and Managers | $300 – 475 |
| Associates and Analysts | $125 - 275 |

In the normal course of business, Traxi revises its regular hourly rates to reflect changes in responsibilities, increased experience and increased costs of doing business. Changes in the hourly rates will be reflected on the invoices for the first time period in which the revised rates become effective. Also, Traxi will be compensated for all reasonable costs and expenses associated with its personnel complying with the requirements of the Bankruptcy Code, orders of

6

this Court or applicable guidelines set forth by the Office of the United States Trustee for the District of Delaware, including, but not limited to, completing the appropriate retention documents, affidavit of disinterestedness and fee applications.

18.    In addition to compensation for professional services, Traxi will seek reimbursement for reasonable and necessary expenses incurred in connection with the services performed for the Debtors, including, but not limited to, the costs of transportation, lodging, working meals, telephone, photocopying and messenger services.

19.    The Debtors believe the compensation arrangements set forth herein are consistent with and typical of arrangements entered into by Traxi, as well as other financial advisors, with respect to rendering similar services for clients such as the Debtors.

C.    Disinterestedness

20.    In reliance on the Mandarino Affidavit, the Debtors believe Traxi is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that Traxi:

> a.   is not a creditor, an equity security holder, or an insider of the Debtors;
>
> b.   is not and was not, within two years before the date of the filing of the petition, a director, an officer, or an employee of the Debtors; and
>
> c.   does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

Accordingly, the Debtors believe that Traxi is eligible for retention by the Debtors under the Bankruptcy Code.

21.    To the best of the Debtors' knowledge, except as otherwise set forth in the Mandarino Affidavit, neither Traxi nor any principal, partner or director thereof:  (i) has any

DB02:7344390.2                                                                                           066585.1001

connection with the Debtors, their creditors, equity holders, attorneys or other professionals or

any other parties-in-interest, or the United States Trustee or the Assistant United States Trustee

for the District of Delaware or their attorney assigned to these chapter 11 cases; or (ii) holds or

represents an interest adverse to the Debtors' estates.

   22. In the event that additional disclosure is necessary, Traxi will promptly

file a supplemental affidavit with this Court setting forth any facts and circumstances relevant

thereto.

  D. <u>Indemnification</u>

   23. The Engagement Letter provides for the indemnification of Traxi by the

Debtors (the "<u>Indemnification Provision</u>").  Notwithstanding the Indemnification Provision, such

indemnity shall be modified to the extent set forth below (the "<u>Modified Indemnification</u>

<u>Provisions</u>"):

   a. Traxi shall not be entitled to indemnification, contribution or
reimbursement pursuant to the Engagement Letter for services other
than those described in the Engagement Letter, unless such services
and indemnification therefore are approved by the Court;

   b. The Debtors shall have no obligation to indemnify Traxi, or provide
contribution or reimbursement to Traxi, for any claim or expense that
is either: (i) judicially determined (the determination having become
final) to have arisen from Traxi's gross negligence or willful
misconduct; (ii) for a contractual dispute in which the Debtors allege
the breach of Traxi's contractual obligations unless the Court
determines that indemnification, contribution or reimbursement would
be permissible pursuant to <u>In re United Artists Theatre Co.</u>, 315 F.3d
217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to
the exclusions set forth in clauses (i) and (ii) above, but determined by
the Court, after notice and a hearing to be a claim or expense for which
Traxi should not receive indemnity, contribution or reimbursement
under the terms of the Engagement Letter as modified by this Order;
and

   c. If, before the earlier of (i) the entry of an order confirming a
chapter 11 plan in these cases (that order having become a final order
no longer subject to appeal), and (ii) the entry of an order closing these

                                      

chapter 11 cases, Traxi believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Traxi must file an application therefore in this Court, and the Debtors may not pay any such amounts to Traxi before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Traxi for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Traxi. All parties in interest shall retain the right to object to any demand by Traxi for indemnification, contribution or reimbursement.

24.     The Debtors submit that the Modified Indemnification Provisions are similar to other indemnification provisions that are routinely approved by this Court.

### Notice

25.     Notice of this Application will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) counsel to the Debtors' postpetition lender; (v) the Securities and Exchange Commission; and (vi) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

066585.1001

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as <u>Exhibit B</u>, (i) authorizing the employment and retention of Traxi as special litigation financial advisors to the Debtors, *nunc pro tunc* to September 10, 2008, and (ii) granting such other and further relief as this Court deems just and proper.

Dated:  Wilmington, Delaware
       September 11, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
John S. Dorsey (No. 2988)
Margaret B. Whiteman (No. 4652)
Ryan M. Bartley (No. 4985)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

DB02:7344390.2
066585.1001

# EXHIBIT A

**Mandarino Affidavit**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | |
| HOLDINGS, INC., a Delaware corporation, | ) | Case No. 07-11047 (CSS) |
| et al.[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| ------------------------------------------------------- | ) | |

**DECLARATION OF PERRY M. MANDARINO, CPA
IN SUPPORT OF THE DEBTORS' APPLICATION PURSUANT TO
SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE TO RETAIN
TRAXI LLC AS SPECIAL LITIGATION FINANCIAL ADVISORS
FOR THE DEBTORS NUNC PRO TUNC TO SEPTEMBER 10, 2008**

PERRY M. MANDARINO, CPA declares under penalties of perjury the

following:

1.    I am a Senior Managing Director and unit holder in the firm of Traxi LLC

("Traxi"), a financial consulting firm specializing in restructuring with offices located 120 West

45th Street, New York, New York. I am a certified public accountant in the State of New Jersey.

I submit this Affidavit in support of the Application of Debtors' Application pursuant to Sections

327(a) and 328(a) of the Bankruptcy Code to Retain Traxi LLC as Special Litigation Financial

Advisors for the Debtors *nunc pro tunc* to September 10, 2008 (the "Application"). Except as

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303);
American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American
Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc., f/k/a
American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage
Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM
Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New
York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The
address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

066585.1001

otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a

witness, would testify competently thereto.[2]

## QUALIFICATION OF PROFESSIONALS

2.      Traxi was founded in 2000 and is a specialty consulting firm with

expertise in financial restructurings.  Traxi is a private firm that employs approximately twenty

(20) professionals.  Traxi provides a broad range of financial advisory services including

valuations. I have testified and been qualified as an expert over twenty-five times in Bankruptcy

Courts in the Districts of Delaware, New Jersey and New York in the areas of valuation,

solvency, 363 sales, accounting, finance and general bankruptcy matters over the past 15 years.

Some of the cases where I have been qualified as an expert include *Enron Inc.,* (Southern District

of New York 01-01-16034 AJG); *Teleglobe, Inc.* (District of Delaware 02-11518 MFW);

*Datatec Systems, Inc.,* (District of Delaware 04-13536 PJW); *Perry H. Koplik, Inc.* (Sothern

District of New York 02-40648 REG); *Curative Healthcare, Inc.,* (Southern District of New

York 06-10552 SMB); *Comdial Corp.* (District of Delaware 05-11492 MFW); and *American

Classic Voyages, Inc.* (District of Delaware 01-10954 PJW) cases.  I was appointed as the

Examiner in the *Polaroid Corporation* (District of Delaware 01-01864 PJW) and *Summit Global

Logistics, Inc.* (District of New Jersey 08-01566 DKS) cases.  Both of these cases involved

significant forensic analyses. Traxi currently serves as crisis manages and I serve as the Chief

Restructuring Office ("CRO") of *Hoop Holdings, LLC* (d/b/a Disney Stores, District of Delaware

08-10544 BLS). I have also served as the CRO of *The MIIX Group* (District of Delaware 04-

13588 MFW) and *Kara Homes, Inc.* (District of New Jersey 06-19626 MBK).

---

[2]        Certain of the disclosures herein relate to matters within the knowledge of other professionals at Traxi and
are based on information provided by them.

## PROPOSED SERVICES

3.    In connection with its engagement, Traxi will provide the Debtors with the following services:

    a.  Perform an analysis of the APA;

    b.  Calculate the purchase adjustment under the APA as appropriate;

    c.  Review calculations, schedules and analyses prepared by the Purchaser and its advisors;

    d.  Prepare a report(s) of our findings.

Although Traxi will initially be retained as a non-testifying expert witness, Traxi's retention includes the possibility of providing expert testimony in connection with the WL Ross Motion and WL Ross Claim.

4.    Traxi is aware that the Debtors have retained Milestone Advisors LLC ("Milestone") as its financial advisors and investment bankers.  Traxi will not provide any financial advisory services that are unnecessarily duplicative of services provided or to be provided by Milestone.

## DISINTERESTEDNESS OF PROFESSIONALS

5.    To the best of my knowledge, information and belief, insofar as I have been able to ascertain after due inquiry, neither I, Traxi, nor any principal or professional employee of Traxi (a) is related professionally to the Debtors, their creditors or any other party in interest herein, the United States Trustee or anyone employed in the United States Trustee's office, or (b) has any connection with or holds or represents any interest adverse to the Debtors, their estates, their creditors or any other party in interest herein or their respective attorneys in the matters for which Traxi is proposed for retention, except as described below.

6.     I have reviewed the list of parties-in-interest as they are currently known, including the list of the Debtors' 40 largest unsecured creditors, the Debtors' secured lenders, equity holders, professionals, officers and directors.  To the best of my knowledge, information and belief, Traxi has not advised and is not advising any such parties-in-interest in matters relating to these Chapter 11 Cases, except with respect to the services rendered to the Debtors as set forth herein.

7.     Traxi has in the past worked, continues to work, and has mutual clients, with certain law firms who represent parties-in-interest in these cases.  None of these engagements or relationships relates to these Chapter 11 Cases.

8.     Traxi in the past has had commercial or professional relationships, and may in the future have commercial or professional relationships directly or indirectly with customers, competitors, and creditors of the Debtors.  As described below, however, Traxi has undertaken a detailed search to determine, and to disclose whether it is performing or has performed services for any significant creditors, equity security holders or insiders in such related matters.

9.     Toward that end, Traxi researched its client database to determine whether it had any relationships with the following entities (collectively, the "Interested Parties"):

    a)  The Debtors and their affiliates;

    b)  The Debtors' directors and officers;

    c)  The Debtors' secured lenders and warehouse lenders;

    d)  The Debtors' largest holders of Unsecured Claims;

    e)  The Debtors' professionals; and

    f)  Certain other parties in interest in these cases.

10.    To the best of my knowledge, Traxi's research did not reveal any fact or situation that would represent a conflict of interest for Traxi with regard to the Debtors. Nevertheless, Traxi believes it appropriate to disclose certain relationships as detailed on Attachment A to this Certification.

11.    Despite the efforts described above to identify and disclose Traxi's connections with parties-in-interest in these cases, because the Debtors are an enterprise with thousands of creditors and other relationships, Traxi is unable to state with certainty that every client or representation or other connection has been disclosed.[3]

12.    To the best of my knowledge, Traxi has not been retained to assist any entity or person other than the Debtors on matters relating to, or in connection with, this Chapter 11 Cases. If the Court approves the proposed employment of Traxi by the Debtors, Traxi will not accept any engagement or perform any service in these cases for any entity or person other than the Debtors. Traxi may, however, continue to provide professional services to, and engage in commercial or professional relationships with entities or persons that may be creditors of the Debtors or parties-in-interest in these Chapter 11 Cases, provided, however, those services do not and will not related to, or have any direct connection with, these Chapter 11 Cases.

13.    To the best of my knowledge, information and belief, Traxi does not have or represent any interest materially adverse to the interest of the Debtors, or of any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or any investment banker for any securities. To the extent that any information disclosed herein requires amendment or modification upon Traxi's

---

[3]    Indeed, Traxi believes it is unlikely that any restructuring firm with the expertise necessary to advise the Debtors in these cases would have no relationships with any Debtors' creditors or other parties-in-interest in unrelated matters.

completion of further analysis, or as additional information becomes available to it, a supplemental affidavit will be submitted to the Court.

## COMPENSATION

14.    Traxi will bill on an hourly basis for individuals providing services to the Debtors at hourly rates ranging from $125.00 to $575.00 per hour, plus reasonable expenses incurred in the course of providing such services. Traxi shall also comply with all compensation procedures contained in the Order approving the retention of Traxi.

15.    In the normal course of business, Traxi revises its hourly rates and requests that the aforementioned rates be revised to the regular hourly rates which will be in effect at that time. Expenses will be charged at actual costs incurred. Out-of-pocket fees and expenses incurred by Traxi in these cases, including but not limited to, fees associated with administration, filings and reportings required by the Court related to the Debtors' retention of Traxi will be billed.

16.    The compensation arrangement is consistent with and typical of arrangements entered into by Traxi and other firms with respect to the rendition of similar services to clients such as the Debtors, both in and out of Chapter 11.

17.    Traxi will maintain reasonably detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services and will comply with all reporting requirements contained in the order approving the retention of Traxi.

18.    Traxi has not shared or agreed to share any of its compensation with any other person, other than a principal, professional or employee of Traxi, as permitted by section 504 of the Bankruptcy Code. The proposed engagement of Traxi is not prohibited by Bankruptcy Rule 5002.

066585.1001

19.    Traxi has agreed that any indemnification obligations the Debtors may have to Traxi shall be limited by the terms of the Modified Indemnification Provisions.

Declared Under Penalties of Perjury of the Laws of the United States of America Pursuant to 28 U.S.C. § 1746

Dated: September 11, 2008

_____
Perry M. Mandarino, CPA
Senior Managing Director

066585.1001

## ATTACHMENT A

1. Traxi is the financial advisor to the debtor in *EnCap Golf Holding, LLC and NJM Capital LLC ("EnCap")* (District of New Jersey, 08-18581 and 08-18590 NLW). Wachovia Bank, NA is an alleged secured creditor of EnCap.

2. I currently serve as the Chief Restructuring Officer and Traxi serves as crisis manager to *Hoop Holdings, LLC, ("Hoop")* (District of Delaware 08-10544 BLS). Wells Fargo is the secured lender to Hoop.

3. Traxi serves as Special Litigation Financial Advisor to the Official Committee of Unsecured Creditors in re *Linens Holdings Co., et al* (District of Delaware 08-01832 CSS*)* and as Special Litigation Financial Advisor to *Mervyn's Holdings, LLC* (District of Delaware Case No. 08-11586 CSS). Wells Fargo, Bank of America, JP Morgan, GMAC and Wachovia Bank are lenders to the Debtors in these two aforementioned cases.

4. Traxi represents AT&T on in several cases where AT&T is subject to preference claims.

5. In what is currently an out-of-court workout matter, Traxi represent a 50-store retailer and GMAC is the secured lender to this entity.