## EXHIBIT B

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AMERICAN HOME MORTGAGE ) | |
| HOLDINGS, INC., a Delaware corporation, ) | Case No. 07-11047 (CSS) |
| et al.[1] ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Docket Ref. No.** ___ |
| ------------------------------------------------------- ) | |

**ORDER AUTHORIZING DEBTORS, PURSUANT TO
SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE, TO RETAIN
TRAXI LLC AS SPECIAL LITIGATION FINANCIAL ADVISORS
FOR THE DEBTORS NUNC PRO TUNC TO SEPTEMBER 10, 2008**

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, authorizing the Debtors to retain and employ Traxi LLC as their special litigation financial advisors in these chapter 11 cases *nunc pro tunc* to September 10, 2008; and upon consideration of the Application and all pleadings related thereto, including the Mandarino Affidavit; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134 and (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that Traxi neither holds nor represents any interest adverse to the Debtors or their estates; and it further appearing that Traxi is a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc., f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

"disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and as required by section 327 of the Bankruptcy Code; and the Court being satisfied that the employment and retention of Traxi is in the best interests of the Debtors, their estates and their creditors; and due and proper notice of the Application having been given; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing thereof, it is hereby:

ORDERED, that the Application is GRANTED to the extent set forth herein; and it is further

ORDERED, that the Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, to retain Traxi as their special litigation financial advisors, *nunc pro tunc* to September 10, 2008, pursuant to the terms and conditions set forth in the Application and the Engagement Letter; and it is further

ORDERED, that Traxi shall be authorized, but not directed, to provide the Debtors with the Testimonial Services upon request of the Debtors without further order of the Court; it is further

ORDERED, that Traxi shall be compensated for its services and reimbursed for any related expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders or procedures of the Court; and it is further

ORDERED, that notwithstanding the Engagement Letter, the Indemnification Provision is modified to the extent set forth below (the "Modified Indemnification Provisions"):

    a.    Traxi shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than those described in the Engagement Letter, unless such services and indemnification therefore are approved by the Court;

    b.    The Debtors shall have no obligation to indemnify Traxi, or provide contribution or reimbursement to Traxi, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Traxi's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Traxi's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which Traxi should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

    c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Traxi believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Traxi must file an application therefore in this Court, and the Debtors may not pay any such amounts to Traxi before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Traxi for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Traxi. All parties in interest shall retain the right to object to any demand by Traxi for indemnification, contribution or reimbursement;

and it is further

    ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

Dated: Wilmington, Delaware
       October ___, 2008

                                                             Christopher S. Sontchi
                                                            United States Bankruptcy Judge