IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x
In re:                                                              :     Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                              :     Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                    :
                                                                    :     Jointly Administered
      Debtors.                                                      :
------------------------------------------------------------------- x

**FOURTH APPLICATION OF CADWALADER, WICKERSHAM & TAFT LLP
AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES INCURRED FOR THE INTERIM PERIOD
MAY 1, 2008 THROUGH JULY 31, 2008**

| | |
|---|---|
| Name of Applicant: | Cadwalader, Wickersham & Taft LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective as of August 6, 2007 |
| Period for which compensation and reimbursement is sought: | May 1, 2008 through July 31, 2008 |
| Amount of Interim Compensation sought as actual, reasonable and necessary: | $198,689.00 |
| Amount of Interim Expense Reimbursement sought as actual, reasonable and necessary: | $610.91 |

This is an:   __X__ interim   ____ final application

This application includes no hours incurred in connection with the preparation of fee applications.

USActive 13883353.2

Prior fee applications:

| Date Filed / Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 11-19-2007/ 2084 | August 6, 2007 through October 31, 2007 | $807,207.50 | $37,279.54 | $807,207.50 | $37,279.54 |
| 3-13-2008/3269 | November 1, 2007 through January 31, 2008 | $290,952.00 | $16,093.60 | $286,002.00 | $15,194.20 |
| 6-13-2008/4621 | February 1, 2008 through April 30, 2008 | $124,007.00 | $48,359.21 | $124,007.00 | $48,359.21 |

### INTERIM COMPENSATION BY INDIVIDUAL

| Name of Professional Person | Title/Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|
| Louis Bevilacqua | Partner/Corporate | 1978 | 925.00 | 10.20 | 9,435.00 |
| David Miller | Partner/Tax | 1991 | 925.00 | 6.60 | 6,105.00 |
| Douglas Koff | Partner/Litigation | 1995 | 735.00 | 18.30 | 13,450.50 |
| Mark Holdsworth | Counsel/Tax | 1995 | 680.00 | 17.00 | 11,560.00 |
| Gregory Zimmer | Associate/Litigation | 2000 | 575.00 | 22.40 | 12,880.00 |
| Karen Walny | Associate/Tax | 2005 | 572.35 | 25.50 | 14,595.00 |
| Jeffrey Weissmann | Associate/Corporate | 2004 | 541.21 | 87.40 | 47,389.00 |
| Jared Perez | Associate/Litigation | 2006 | 466.52 | 13.80 | 6,438.00 |
| Penny Williams | Associate/Corporate | 2007 | 415.34 | 125.50 | 52,125.00 |
| Christopher Updike | Associate/ Financial Restructuring | 2007 | 375.00 | 3.20 | 1,200.00 |
| Jennifer Wetzel | Associate/Tax | 2007 | 375.00 | 2.30 | 862.50 |
| Charles Weiser | Associate/Corporate | 2008 | 310.00 | 9.50 | 2,945.00 |
| Maria Marinakis | Summer Associate | N/A | 250.00 | 47.50 | 11,875.00 |
| Doreen Cusumano | Paralegal/Financial Restructuring | N/A | 250.00 | 2.70 | 675.00 |
| Frank Caiazzo | Paralegal/Corporate | N/A | 250.00 | 0.30 | 75.00 |
| Cynthia Ballard | Paralegal/Litigation | N/A | 235.00 | 25.50 | 5,992.50 |
| Henry Parkin | Paralegal/Capital Markets | N/A | 180.00 | 4.80 | 864.00 |
| Joseph Biagiotti | Other Timekeeper | N/A | 175.00 | 0.80 | 140.00 |
| Josephine Gregorio | Other Timekeeper | N/A | 165.00 | 0.50 | 82.50 |
| **GRAND TOTAL:** | | | | 423.80 | $198,689.00 |

## INTERIM COMPENSATION BY PROJECT CATEGORY

| Project Category | Project Code | Total Hours | Total Fees ($) |
|---|---|---|---|
| Administrative | AHM-A | 10.70 | 2,739.00 |
| Waterfield Investigation | AHM-W | 81.10 | 39,898.00 |
| Sale of Non-Debtor Bank Entity | AHM-X | 332.00 | 156,052.00 |
| **TOTALS** | | **423.80** | **$198,689.00** |

## INTERIM EXPENSE SUMMARY

| Expenses Category | Total Expenses ($) |
|---|---|
| Managing Attorney's Charge | 100.00 |
| Supplies | 26.98 |
| Telephone | 35.70 |
| Online Research | 257.83 |
| Local Travel | 172.08 |
| Litigation Support Vendors | 18.32 |
| **TOTAL** | **$ 610.91** |

USActive 13883353.2

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------- x
In re:                                              :   Chapter 11
                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,              :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                     :
                                                    :   Jointly Administered
        Debtors.                                    :
------------------------------------------------------------------- x
```

**FOURTH APPLICATION OF CADWALADER, WICKERSHAM & TAFT LLP
AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES INCURRED FOR THE INTERIM PERIOD
MAY 1, 2008 THROUGH JULY 31, 2008**

Pursuant to sections 330 and 331 of title 11, United States Code, 11 U.S.C. §§

101, et seq. (the "Bankruptcy Code") and rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Cadwalader, Wickersham & Taft LLP ("CWT") hereby

moves this Court for reasonable compensation for professional legal services rendered as special

counsel to American Home Mortgage Holdings, Inc., et al., the debtors and debtors in possession

in the above-captioned cases (the "Debtors"),[1] in the amount of $198,689.00 together with

reimbursement for actual and necessary expenses incurred in the amount of $610.91, for the

interim period May 1, 2008 through July 31, 2008  (the "Interim Fee Period").  In support of its

application (the "Fourth Application"), CWT respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

1.      CWT was employed under a general retainer to represent the Debtors as special counsel in connection with certain matters, effective as of August 6, 2007 (the "Petition Date"), pursuant to an order entered by this Court on November 14, 2007 (the "Retention Order", see Docket No. 2000). The Retention Order authorized CWT to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses related to the following matters:

(i)      from the Petition Date through September 26, 2007, non-bankruptcy transactional work with respect to the sale of the Debtors' servicing business;

(ii)     non-bankruptcy transactional work with respect to the sale of a non-debtor bank entity;

(iii)    from the Petition Date through September 3, 2007, representation of the Debtors in connection with the inquiry of the Securities and Exchange Commission; and

(iv)    representation of the Debtors in a prepetition litigation entitled American Home Mortgage Corp. v. Union Federal Bank of Indianapolis, Case No. 06-CV-7864 (JGK) (RLE) (S.D.N.Y. filed Sept. 29, 2006).[2]

2.      All services for which compensation is requested by CWT were performed for or on behalf of the Debtors.

---

[2] On August 10, 2007, the Debtors filed an application with the Court (the "Employment Application") seeking entry of an order authorizing and approving the employment and retention of CWT as Special Counsel to the Debtors. See Docket No. 133. On November 14, 2007, the Court entered the Retention Order, which granted the Employment Application in part; the Debtors' application to employ CWT in connection with the securities class action litigation matters referenced in paragraph 20(f) of the Employment Application is adjourned by the Retention Order to a date to be determined by the Debtors, in consultation with the U.S. Trustee and the Official Committee of Unsecured Creditors.

## COMPENSATION PREVIOUSLY PAID

3.      CWT was employed by the Debtors in the prepetition period in connection with various matters.  On July 31, 2007, CWT received a retainer for its services in the amount of $2,000,000.00 (the "Retainer").  After applying the Retainer to CWT's prepetition fees and expenses, the balance of the Retainer totaling $1,080,899.46 was then applied to the fees and expenses sought in CWT's subsequent fee applications.

4.      On November 19, 2007, CWT filed its "First Application of Cadwalader, Wickersham & Taft LLP as Special Counsel to the Debtors and Debtors in Possession for Allowance of Compensation and Reimbursement of Expenses Incurred for the Interim Period August 6, 2007 through October 31, 2007" (the "First Application", see Docket No. 2084), which sought allowance of interim fees in the amount of $807,207.50 and interim expenses in the amount of $37,279.54.  On December 12, 2007, a Certificate of No Objection was filed with respect to the First Application (see Docket No. 2371).

5.      On March 13, 2008, CWT filed its "Second Application of Cadwalader, Wickersham & Taft LLP as Special Counsel to the Debtors and Debtors in Possession for Allowance of Compensation for Reimbursement of Expenses for the Interim Period November 1, 2007 through January 31, 2008" (the "Second Application", see Docket No. 3269), which sought allowance of interim fees in the amount of $290,952.00 and interim expenses in the amount of $15,194.20.  On May 2, 2008, this Court granted the Second Application (see Docket No. 3948) and approved fees in the amount of $286,002.00 and expenses in the amount of $15,194.20.

6.      On June 13, 2008, CWT filed its "Third Application of Cadwalader, Wickersham & Taft LLP as Special Counsel to the Debtors and Debtors in Possession for Allowance of Compensation for Reimbursement of Expenses for the Interim Period February 1,

2008 through April 30, 2008" (the "Third Application", see Docket No. 4621), which sought

allowance of interim fees in the amount of $124,007.00 and interim expenses in the amount of

$48,359.21.  On August 11, 2008, a Certificate of No Objection was filed with respect to the

Third Application (see Docket No. 5350).

## SUMMARY OF SERVICES RENDERED

7.    Attached hereto as Exhibit A is a detailed statement of fees incurred

during the Interim Fee Period, which shows total fees due in the amount of $198,689.00.

Attached hereto as Exhibit B is a detailed statement of expenses paid during the Interim Fee

Period, which shows total actual and necessary expenses in the amount of $610.91.

8.    The services rendered by CWT during the Interim Fee Period are grouped

into categories as set forth in Exhibit A.  Specifically, the professional services rendered by

CWT include:

(i)    Conducting non-bankruptcy transactional work with respect to the sale of a non-debtor bank entity, including:

- Drafting and revising a stock purchase agreement and other documentation related to the sale;

- Researching and analyzing various issues related to the bank sale; and

- Corresponding and consulting with regulatory and banking counsel as well as other advisors to the Debtors with respect to the non-debtor bank sale;

(ii)    Representing the Debtors in a prepetition litigation entitled American Home Mortgage Corp. v. Union Federal Bank of Indianapolis, Case No. 06-CV-7864 (JGK) (RLE) (S.D.N.Y. filed Sept. 29, 2006), which involved:

- Reviewing and analyzing all motions, memoranda, exhibits, pleadings, correspondence, transcripts and other documents filed or received relating to the litigation;

- Preparing, filing and prosecuting various motions, applications and other responsive pleadings in the litigation, including opposition to Union Federal's motion to dismiss AHM's complaint, a motion to

strike certain affirmative defenses alleged by Union Federal, an objection to Waterfield Shareholder LLC's motion to intervene, and an answer and motion to dismiss various counterclaims filed by Union Federal;

- Researching, analyzing and preparing memoranda with respect to issues related to the various filings;

- Numerous conferences with the Debtors' management as well as internal team conferences in order to discuss strategy for prosecuting the litigation;

- Conferring with counsel for Union Federal regarding scheduling and procedural matters and submitting correspondence to the District Court related thereto;

- Drafting document requests and interrogatories and complying with other discovery requests.

9.       The exhibits attached hereto identify the attorneys and paralegals who rendered services relating to each category, the number of hours expended by each individual and the total compensation sought for each category.

## COSTS AND EXPENSES

10.       CWT has incurred out-of-pocket costs and expenses during the Interim Fee Period in the amount of $610.91.  The expenses are broken down into categories of charges, including, among other things, managing attorney's charges, process service charges, photocopying charges, outside printing charges, telephone and telecopier charges, online research costs, delivery charges, postage charges, travel expenses, expenses for working meals and costs for litigation support vendors.  A complete review by category of the expenses incurred for the Interim Fee Period may be found in Exhibit B.

11.       Costs incurred for overtime and computer assisted research are not included in CWT's normal hourly billing rates and, therefore, are itemized and included in CWT's expenses.  Pursuant to rule 2016-2 of the Local Rules for the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), CWT's rate for duplication is $.10 per page, its rate for outgoing telecopier transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming telecopier transmissions and there is no surcharge for computerized research.

## VALUATION OF SERVICES

12.     Attorneys, paralegals and other professionals of CWT have expended a total of 423.80 hours in connection with this matter during the Interim Fee Period. The amount of time spent by each of these persons providing services to the Debtors for the Interim Fee Period is fully set forth in Exhibit A. These are CWT's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by CWT for the Interim Fee Period as special counsel for the Debtors and Debtors in Possession in these cases is $198,689.00.

13.     CWT believes that this Fourth Application, the time entries included in Exhibit A attached hereto and the expense breakdown set forth in Exhibit B attached hereto are in compliance with the requirements of Local Rule 2016-2.

14.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested in this Fourth Application are fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

15.     This Fourth Application covers the Interim Fee Period May 1, 2008 through July 31, 2008.

WHEREFORE, CWT respectfully requests that the Court enter an order allowing (i) compensation in the amount of $198,689.00 for necessary professional services rendered to the Debtors during Interim Fee Period, and (ii) reimbursement of actual necessary costs and expenses incurred during the Interim Fee Period in the amount of $610.91, and (iii) such other and further relief as this Court may deem just and proper.

Dated: September 12, 2008
      Wilmington, Delaware

                CADWALADER, WICKERSHAM & TAFT LLP

                */s/ Gregory M. Petrick*
                Gregory M. Petrick (GP 2175)
                One World Financial Center
                New York, New York 10281
                Telephone: (212) 504-6000
                Facsimile: (212) 504-6666

                Special Counsel to the Debtors
                and Debtors in Possession

<u>VERIFICATION</u>

STATE OF DELAWARE    )
                              )    SS:
NEW CASTLE COUNTY    )

        Gregory M. Petrick, Esquire, after being duly sworn according to law, deposes

and says:

        1.      I am a Partner at the applicant firm, Cadwalader, Wickersham & Taft LLP.

        2.      I am admitted and in good standing as a member of the Bar of New York

and the United States District Court for the Southern District of New York and I have been

admitted <u>pro hac vice</u> in the above-captioned bankruptcy case of the Debtors pending in the

United States Bankruptcy Court for the District of Delaware.

        2.      I have personally performed some of the legal services rendered by

Cadwalader, Wickersham & Taft LLP, as special counsel to the Debtors, and I am generally

familiar with the other work performed on behalf of the lawyers and paraprofessionals in the

firm.

        3.      The facts set forth in the foregoing Application are true and correct to the

best of my knowledge, information and belief.

                                      Respectfully Submitted,

                                    */s/ Gregory M. Petrick*
                                    GREGORY M. PETRICK

SWORN TO AND SUBSCRIBED before me this 12th day of September 2008.

                                    */s/ Doreen Cusumano*
                                    Doreen Cusumano
                                    Notary Public, State of New York
                                    No. 01CU6065126
                                    Qualified in Richmond County
                                    My Commission Expires October 9, 2009