Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE | : Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, *et* | : |
| *al.*, | : Jointly Administered |
| | : |
| Debtors. | : |

## STIPULATION RESOLVING VICOM COMPUTER
## SERVICES, INC.'S CLAIMS AGAINST THE DEBTORS

American Home Mortgage Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") and Vicom Computer Services, Inc. ("Vicom," together with the Debtors, the "Parties"), hereby stipulate and agree (the "Stipulation"), and respectfully state as follows:

WHEREAS, on or about August 6, 2007, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby commencing their respective chapter 11 cases (the "Chapter 11 Cases"), which are being jointly administered; and

WHEREAS, the Debtors remain in possession of their property and are managing their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, on or about October 16, 2007, Vicom filed the Motion of Vicom Computer Services, Inc. for Reclamation of Goods Pursant to 11 U.S.C § 546(c) or, in the Alternative, for Allowance and Immediate Payment of Administrative Claim Pursuant to 11 U.S.C. § 503(b) (the "Vicom Motion"). The Vicom Motion seeks the reclamation of goods with a value of $76,969.07 (the "Reclamation Claim"), or, alternatively, the

{BAY:01058454v1}

allowance of an administrative expense claim in the amount of $76,969.07 (the "Admin Claim"); and

WHEREAS, on or about January 2, 2008, Vicom filed a general unsecured claim against the Debtors in the amount of $105,565.61, identified as Claim No. 6850 (the "General Unsecured Claim"). The General Unsecured Claim consists of: a) to the extent that any or all of the reclamation relief requested in the Vicom Motion is denied, or to the extent any or all of the request for the administrative expense claim is disallowed or reduced, a general unsecured claim in the amount of the deficiencies up to the total value of its claim, $76,969.07; and b) a general unsecured claim for a returned check in the amount of $27,513.84; and c) a general unsecured claim for other prepetition debt in the amount of $1,080.70 (together with the Reclamation Claim and the Admin Claim, the "Vicom Claims"); and

WHEREAS, the Vicom Motion and the Vicom Claims have not yet been resolved; and

WHEREAS, Vicom and the Debtors have engaged in discussions in an effort to resolve the Vicom Motion and Vicom Claims and, as a result of such discussions, have agreed to compromise, reconcile and fully resolve the Vicom Motion and Vicom Claims on the terms and conditions provided below.

NOW, THEREFORE, in consideration of the mutual promises and covenants and other valuable consideration contained herein, the Parties hereby stipulate and agree as follows:

### TERMS AND CONDITIONS

A.  Vicom is hereby granted a final, allowed administrative expense claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code in the amount of $40,000.00

(the "Settlement Amount") and which claim shall be entitled to priority in payment under section 507(a)(2) of the Bankruptcy Code and shall not be subject to subordination, recharacterization, setoff, recoupment, reduction in any way or challenge of any kind.

B. The Debtors hereby agree to pay Vicom the Settlement Amount no later than ten (10) business days from the Debtors' execution of a signed copy hereof, or, if Bankruptcy Court approval is required, the Debtors will file a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking approval of this Stipulation within 5 business day of its execution and receipt by Debtors' counsel, and the Debtors will within ten (10) business days upon entry of a final, non-appealable order approving the settlement by the Bankruptcy Court, pay Vicom the Settlement Amount by check made payable to Bayard, P.A. and delivered to:

> Mary E. Augustine
> Bayard, P.A.
> 222 Delaware Avenue
> P.O. Box 25130
> Wilmington, DE 19899

C. In further consideration for this Stipulation, effective upon Vicom's receipt of the Settlement Amount, Vicom hereby forever waives, releases and discharges the Debtors, their estates and their successors from any and all manner of action and actions, cause and causes of action, suits, debts, claims, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever in law or in equity, now known or unknown, or hereafter becoming known, for, upon, or by reason of any matter, cause or thing expressly including, but not limited to, the Vicom Claims. Provided, however Vicom does not waive or release, but expressly preserves the

right to assert all defenses available to Vicom for causes of action brought against Vicom, by or on behalf of the Debtor Parties (defined below), arising under sections 542 – 550 (inclusive) of the Bankruptcy Code.

E. In further consideration for this Stipulation, effective upon Vicom's receipt of the Settlement Amount, the Debtors and their estates and successors (the "Debtor Parties") hereby forever waive, release and discharge Vicom and its successors from any and all manner of action and actions, cause and causes of action (expressly excluding all causes of action arising under sections 542 – 550 (inclusive) of the Bankruptcy Code), suits, debts, claims, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever in law or in equity, now known or unknown, or hereafter becoming known, for, upon, or by reason of any matter, cause or thing.

F. This Stipulation constitutes the entire agreement and understanding of the parties hereto and supersedes any prior discussion or statement by and between the parties with respect to the subject matter hereof.

G. Nothing in the Stipulation is intended to be, nor shall it be construed as, an admission by the Parties of any liability or obligation.

H. Each party shall bear its own attorney's fees and costs.

I. This Stipulation and Order shall be binding on the Parties, their successors and assigns (including, without limitation, any trustee that may be appointed under Chapter 7 or 11 of the Bankruptcy Code for the Debtors), the Debtors' creditors and interest holders, and all parties in interest.

J.      The Bankruptcy Court shall retain jurisdiction to enforce and interpret the terms of this Stipulation.

| BAYARD, P.A. | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| By: *(signed)* | By: *(signed)* 8/4/08 |
| Mary E. Augustine (No. 4477) | Curtis J. Crowther (No. 3238) |
| 222 Delaware Avenue, Suite 900 | The Brandywine Building |
| Wilmington, DE 19801 | 1000 West Street, 17th Floor |
| Tel: (302) 655-5000 | P.O. Box 391 |
| Fax: (302) 658-6395 | Wilmington, DE 19899-0391 |
| *Counsel for Vicom Computer Services, Inc.* | *Counsel for the Debtors* |

{BAY:01058454v1}                                5