# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :  Jointly Administered
            Debtors.                                             :
                                                                 :  Ref. Docket Nos. 3879, 4101, 4623, 4759, and 4760
                                                                 :
---------------------------------------------------------------- x

## AGREED ORDER (I) GRANTING THE MOTION OF SAM HAGE, II FOR ORDER DEEMING PROOF OF CLAIM TIMELY FILED OR, IN THE ALTERNATIVE, ALLOWING THE FILING OF A LATE-FILED CLAIM AND (II) FIXING AMOUNT OF ALLOWED CLAIM

Upon consideration of the Motion (the "Motion")[2] of Sam Hage, II for an order deeming proof of claim number 9641 (the "Proof of Claim") timely filed or, in the alternative, allowing the filing of a late-filed claim [Docket No. 4101]; and the Court having considered (i) the Supplemental Affidavit of Martin Cohn, Esquire [Docket No. 4623], (ii) the Objection of the Official Committee of Unsecured Creditors to the Motion of Sam Hage, II for Order Deeming Proof of Claim Timely Filed or, in the Alternative, Allowing the Filing of a Late-Filed Claim [Docket No. 4759], and (iii) the Joinder of the Debtors to the Objection of the Official Committee of Unsecured Creditors to the Motion of Sam Hage, II for Order Deeming Proof of Claim Timely Filed or, in the Alternative, Allowing the Filing of a Late-Filed Claim [Docket No.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4760]; and it appearing that the Court has jurisdiction in this matter; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and the Debtors and Mr. Hage having consented to the relief granted in this Order; it is hereby

ORDERED that the Motion is granted to the extent provided herein; and it is further

ORDERED that Mr. Hage shall be granted (i) an allowed general unsecured claim in the amount of $89,150 and (ii) an allowed priority claim pursuant to 11 U.S.C. § 507(a)(4) in the amount of $10,950 (collectively, the "Allowed Claims") against American Home Mortgage Corp. (Case No. 07-11051); and it is further

ORDERED that Mr. Hage shall not be entitled to any other claims, amounts or payments from any of the Debtors and shall be prohibited from filing or otherwise asserting any other Claim (as defined in section 101(5) of the Bankruptcy Code), amounts or payments against any of the Debtors or their successors, including, but not limited to, any portion of the Proof of Claim greater than the aggregate amount of the Allowed Claims; and it is further

ORDERED that the Debtors have waived all causes of action arising out of Chapter 5 of the Bankruptcy Code relating to Mr. Hage; and it is further

ORDERED that the Debtors' Fifth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 [Docket No. 3879] solely with respect to the Proof of Claim is hereby deemed withdrawn with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
    9/15, 2008

/s/ CSS

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE