IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :    Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :    Jointly Administered
          Debtors.                                               :
                                                                 :    Objection Deadline: October 15, 2008 at 4:00 p.m. (ET)
                                                                 :    Hearing Date: October 22, 2008 at 10:00 a.m. (ET)
---------------------------------------------------------------- x

**DEBTORS' NINETEENTH OMNIBUS (SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

The above-captioned debtors and debtors in possession (the "Debtors") hereby object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed in Exhibits A, B, C, D, E, F, G, H, and I to the proposed form of order (the "Proposed Order") attached hereto as Exhibit XI,[2] pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and request the entry of an order disallowing and expunging in full or in part, reclassifying, reassigning, and/or otherwise modifying such Disputed Claims as described herein. In support of this Objection, the Debtors rely on the Declaration of Puneet Agrawal in Support of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] The Debtors do not object to any claims listed on the exhibits to the Proposed Order that are identified as surviving claims, and the term "Disputed Claims" as used herein does not include such surviving claims.

DB02:7387991.1                                                                                    066585.1001

the Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as <u>Exhibit I</u>. In further support, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 6, 2007 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>"). No trustee or examiner has been appointed.

## BAR DATE AND PROOFS OF CLAIM

5. On August 17, 2007, this Court entered an order appointing Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>") as claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, <u>inter alia</u>, information regarding the name and address of each claimant, the date the

proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6. On October 30, 2007, this Court entered an order [Docket No. 1708] (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date (the "Claims") and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

7. To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

**RELIEF REQUESTED**

8. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing and expunging in full or in part, reclassifying, reassigning and/or otherwise modifying the Disputed Claims listed in Exhibits A, B, C, D, E, F, G, H, and I to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

### I. No Liability Claims

9. After reconciling each of the Disputed Claims and supporting materials against their books and records, the Debtors have determined that they are not liable with respect to the claims identified in Exhibit A to the Proposed Order (the "No Liability Claims"). Consequently, the Debtors believe the No Liability Claims identified in Exhibit A should be disallowed and expunged in their entirety. The Debtors believe they are not liable for the No Liability Claims because the Debtors' books and records, which the Debtors believe to be accurate, do not reflect that any prepetition amounts are due and owing on account of the No Liability Claims. Failure to disallow the No Liability Claims will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of other creditors in this case. Accordingly, the Debtors hereby object to the No Liability Claims and request entry of an order disallowing and expunging in full each of the No Liability Claims identified in Exhibit A.

### II. Multiple Debtor Claims

10. The claimants asserting the claims listed in Exhibit B to the Proposed Order (the "Multiple Debtor Claims") filed identical claims against multiple Debtors. After review of their books and records, the Debtors have determined that the claims listed under the column titled "Objectionable Claims" in Exhibit B were filed against the wrong Debtor. As indicated in the column titled "Comments" in Exhibit B, each claimant has a surviving claim filed against the correct Debtor. The Debtors believe that it was not the intention of the claimants asserting the Multiple Debtor Claims to seek a double recovery against the Debtors' estates. Rather, the claimants may not have known which Debtor to assert their claims against and therefore filed claims against multiple Debtors. Regardless of the claimants' reasons for

filing the Multiple Debtor Claims, however, only one claim against the appropriate Debtor should be allowed for each claimant.

11. Failure to disallow the Multiple Debtor Claims will result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases. Accordingly, the Debtors hereby object to the Multiple Debtor Claims and request entry of an order disallowing and expunging in full each of the Multiple Debtor Claims identified in Exhibit B.

### III. Modified Amount Claims

12. The Debtors have reconciled the claims identified in Exhibit C to the Proposed Order (the "Modified Amount Claims") against their books and records. Several of the claimants asserting the Modified Amount Claims failed to specify an amount of their claims while others asserted an amount that was either higher or lower than the amount of liability reflected in the Debtors' books and records. Consequently, the Debtors believe the amounts of the Modified Amount Claims identified under the column titled "Objectionable Claims" in Exhibit C should be modified by either increasing or fixing the amounts to the dollar values listed under the column titled "Modified Amount" in Exhibit C. The Debtors believe Exhibit C contains the appropriate amounts of liability for each of the Modified Amount Claims. Accordingly, the Debtors hereby object to the Modified Amount Claims and request entry of an order reducing or fixing the value of the Modified Amount Claims as set forth in Exhibit C.

### IV. Reclassified Claims

13. The claimants asserting the claims identified in Exhibit D to the Proposed Order (the "Reclassified Claims") asserted that all or a portion of their claims is secured or entitled to priority. After reconciling the Reclassified Claims against their books and records, the Debtors have determined that the priority level of the Reclassified Claims should be adjusted.

For many of the Reclassified Claims, no basis for secured status or priority exists under sections 506 or 507 of the Bankruptcy Code. Consequently, the Debtors believe that the Reclassified Claims should be reclassified as indicated in the "Reclassified Amount" column in <u>Exhibit D</u>. Failure to reclassify the Reclassified Claims would award the claimants undue priority. Accordingly, the Debtors request entry of an order reclassifying the Reclassified Claims as indicated in <u>Exhibit D</u>.

### V.    Reclassified Wrong Debtor Claims

14.    The claimants asserting the claims identified in <u>Exhibit E</u> to the Proposed Order (the "<u>Reclassified Wrong Debtor Claims</u>") asserted that all or a portion of their claims were either secured or entitled to priority. After reconciling the Reclassified Wrong Debtor Claims against their books and records, the Debtors have determined that no basis for secured status or priority exists under sections 506 or 507 of the Bankruptcy Code. Additionally, the Debtors' books and records indicate that the claimants asserting the Reclassified Wrong Debtor Claims asserted their claims against the wrong Debtors. Consequently, the Debtors believe that the Reclassified Wrong Debtor Claims should be reclassified as general unsecured claims and reassigned to the case numbers listed under the column titled "New Case Number" in <u>Exhibit E</u>. Failure to reclassify the Reclassified Wrong Debtor Claims would allow the claimants to recover at an undue level of priority against the wrong Debtors. Accordingly, the Debtors request entry of an order reclassifying and reassigning the Reclassified Wrong Debtors Claims as indicated in <u>Exhibit E</u>.

### VI.    Modified Amount Wrong Debtor Claims

15. Similar to the Modified Amount Claims, the Debtors have reconciled the claims identified in Exhibit F to the Proposed Order (the "Modified Amount Wrong Debtor Claims") against their books and records. Several of the claimants asserting the Modified Amount Wrong Debtor Claims failed to specify an amount of their claims while others asserted an amount that was either higher or lower than the amount of liability reflected in the Debtors' books and records. Additionally, the Debtors' books and records indicate that the claimants asserting the Modified Amount Wrong Debtor Claims asserted their claims against the wrong Debtors. The Debtors' books and records, which the Debtors believe to be accurate, show that the Modified Amount Wrong Debtor Claims should be (i) modified by either reducing or fixing the amounts to the dollar values listed under the column titled "Modified Amount" in Exhibit F, and (ii) reassigned to the case numbers listed under the column titled "New Case Number" in Exhibit F. Accordingly, the Debtors hereby object to the Modified Amount Wrong Debtor Claims and request entry of an order modifying and reassigning the Modified Amount Wrong Debtor Claims as indicated in Exhibit F.

**VII.    Modified Amount Reclassified Claims**

16. The Debtors have reconciled the claims identified in Exhibit G to the Proposed Order (the "Modified Amount Reclassified Claims") against their books and records. The claimants asserting the Modified Amount Reclassified Claims asserted an amount that was either higher or lower than the amount of liability reflected in the Debtors' books and records. Additionally, the claimants asserting the Modified Amount Reclassified Claims asserted that all or a portion of their claims is secured or entitled to priority. After reconciling the Modified Amount Reclassified Claims against their books and records, the Debtors have determined that the priority level of the Modified Amount Reclassified Claims should be adjusted. For many of the Modified Amount Reclassified Claims, no basis for secured status or priority exists under

sections 506 or 507 of the Bankruptcy Code. Consequently, the Debtors believe the Modified Amount Reclassified Claims identified under the column titled "Objectionable Claims" in Exhibit G should be reclassified and their amounts should be modified by either reducing or fixing them to the dollar values listed under the column titled "Modified Amount" in Exhibit G. The Debtors believe Exhibit G contains the appropriate amounts of liability and priority levels for each of the Modified Amount Reclassified Claims. Accordingly, the Debtors hereby object to the Modified Amount Reclassified Claims and request entry of an order reclassifying and reducing or fixing the value of the Modified Amount Reclassified Claims as set forth in Exhibit G.

### VIII. Modified Amount Reclassified Wrong Debtor Claims

17.     The Debtors have reconciled the claims identified in Exhibit H to the Proposed Order (the "Modified Amount Reclassified Wrong Debtor Claims") against their books and records. The claimants asserting the Modified Amount Reclassified Wrong Debtor Claims asserted an amount that was either higher or lower than the amount of liability reflected in the Debtors' books and records. Additionally, the claimants asserting the Modified Amount Reclassified Wrong Debtor Claims asserted that all or a portion of their claims is secured or entitled to priority. After reconciling the Modified Amount Reclassified Wrong Debtor Claims against their books and records, the Debtors have determined that the priority level of the Modified Amount Reclassified Wrong Debtor Claims should be adjusted. For many of the Modified Amount Reclassified Wrong Debtor Claims, no basis for secured status or priority exists under sections 506 or 507 of the Bankruptcy Code. Moreover, the Debtors' books and records indicate that the claimants asserting the Modified Amount Reclassified Wrong Debtor Claims asserted their claims against the wrong Debtors. Consequently, the Debtors believe the Modified Amount Reclassified Wrong Debtor Claims identified under the column titled

"Objectionable Claims" in <u>Exhibit H</u> should be reclassified, reassigned to the new case numbers listed in <u>Exhibit H</u> and their amounts should be modified by either reducing or fixing them to the dollar values listed under the column titled "Modified Amount" in <u>Exhibit H</u>. The Debtors believe <u>Exhibit H</u> contains the appropriate amounts of liability, priority levels and case numbers for each of the Modified Amount Reclassified Wrong Debtor Claims. Accordingly, the Debtors hereby object to the Modified Amount Reclassified Wrong Debtor Claims and request entry of an order reclassifying, reassigning, and reducing or fixing the value of the Modified Amount Reclassified Wrong Debtor Claims as set forth in <u>Exhibit H</u>.

### IX.     Insufficient Documentation Claims

18.     The claims listed in <u>Exhibit I</u> to the Proposed Order (the "<u>Insufficient Documentation Claims</u>") were submitted without sufficient documentation or alleged facts to support the asserted claims. The Insufficient Documentation Claims all have some documentation attached, but such documentation is not adequate to allow the Debtors to determine (i) whether they are liable for the alleged claim and/or (ii) the amount of the alleged claim.[3] To comply with the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is *prima facie* valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure." <u>In re Planet Hollywood Int'l</u>, 247 B.R. 391, 395 (Bankr. D. Del. 2001). The claimants asserting the Insufficient Documentation Claims failed to allege facts sufficient to support their claims and/or facts sufficient to determine the appropriate amount of their claims. Therefore their claims are not *prima facie* valid. <u>See</u> <u>in re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the

---

[3]    Local Rule 3007-1(d)(vi) provides that a debtor may object on a non-substantive basis to "claim[s] without any supporting documents attached thereto." However, if a claimant attaches any supporting documents to a claim, regardless of the contents of such documents, a debtor may only object to such claim on a substantive basis.

claim. If the averments in his filed claim meet this standard of sufficiency, it is *'prima facie'* valid."). Because the Insufficient Documentation Claims are not *prima facie* valid, the Debtors hereby object to them and request that an order be entered disallowing and expunging in full each of the Insufficient Documentation Claims.

## RESERVATION OF RIGHTS

19. To the extent any basis for substantive objection to any of the Disputed Claims is not explicitly discussed herein, the Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases or any other claims (filed or not) against the Debtors. The Debtors also reserve all rights, defenses and counterclaims related to the Disputed Claims. Furthermore, the Debtors reserve their rights to argue that (i) they are not liable under any theory of law for all or part of the amounts asserted in any of the Disputed Claims, (ii) the Debtors' books and records reflect a different amount of liability or no liability with respect to any of the Disputed Claims, (iii) all or part of any of the Disputed Claims should be reclassified to a different priority level, or (iv) the documentation attached to any of the Disputed Claims is insufficient to allow the Debtors to determine the extent of their liability, if any.

## NOTICE

20. The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the Debtors' postpetition lender; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

21. The Debtors have also provided an individualized notice, in the forms attached hereto as Exhibits II, III, IV, V, VI, VII, VIII, IX, and X to each of the claimants

identified respectively in <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>, <u>G</u>, <u>H</u>, and <u>I</u> to the Proposed Order. Each claimant's notice lists the claimant's name and address, the basis for the Debtors' objection, the number and amount of their claim that is covered by this Objection, and any other information relevant to the Debtors' objection. Because <u>Exhibits II</u>, <u>III</u>, <u>IV</u>, <u>V</u>, <u>VI</u>, <u>VII</u>, <u>VIII</u>, <u>IX</u>, and <u>X</u> hereto and <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>, <u>G</u>, <u>H</u>, and <u>I</u> to the Proposed Order are voluminous, the Debtors have omitted them from the copies of the Objection served on the claimants who asserted the Disputed Claims. All pertinent information regarding each claimant's Disputed Claim is included in that claimant's respective individualized notice. However, to the extent a claimant wishes to receive a copy of <u>Exhibits II</u>, <u>III</u>, <u>IV</u>, <u>V</u>, <u>VI</u>, <u>VII</u>, <u>VIII</u>, <u>IX</u>, and <u>X</u> hereto or <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>, <u>G</u>, <u>H</u>, and <u>I</u> to the Proposed Order, such claimant may submit an email request to Debbie Laskin at dlaskin@ycst.com. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit XI</u>, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: September 22, 2008
       Wilmington, Delaware

                       YOUNG CONAWAY STARGATT & TAYLOR, LLP

                       James L. Patton, Jr. (No. 2202)
                       Pauline K. Morgan (No. 3650)
                       Edward J. Kosmowski (No. 3849)
                       Kara Hammond Coyle (No. 4410)
                       Nathan D. Grow (No. 5014)
                       The Brandywine Building
                       1000 West Street, 17th Floor
                       Wilmington, Delaware 19801
                       Telephone: (302) 571-6756
                       Facsimile: (302) 571-1253

                       Counsel to the Debtors and Debtors in Possession