## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE HOLDINGS, | ) Case No. 07-11047 (CSS) |
| INC., Delaware corporation, et al., | ) |
| | ) Jointly Administered |
| Debtors. | ) **Objection Deadline: September 25, 2008 at 4:00 p.m. (ET)** |
| | ) **Hearing Date: October 2, 2008 at 11:00 a.m. (ET)** |
| | ) **Related to Docket No. 5569** |

### RESPONSE OF DREW & ROGERS, INC. TO DEBTORS' SEVENTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Drew & Rogers, Inc. ("D&R"), a vendor and creditor of American Home Mortgage

Holdings, Inc., et al. (collectively, the "Debtors"), by and through its counsel, Cole, Schotz,

Meisel, Forman & Leonard, P.A., hereby responds to the Debtors' Seventeenth Omnibus

(Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,

Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Claims Objection") and states as

follows:

### INTRODUCTION

1.      On October 30, 2007, D&R filed an administrative proof of claim pursuant to

Section 503(b)(9) of the Bankruptcy Code, with supporting documents, in the amount of

$50,342.53 (the "Claim").[1]  The Claim represents the total value of goods delivered to the

Debtors within the twenty (20) days preceding the commencement of the Debtors' Chapter 11

proceedings.

---

[1] Due to the voluminous nature of the Claim, a copy will not be attached hereto.  The Claim was previously provided to the Debtors' counsel and filed with the Claims Agent.  Additional copies shall be provided upon request.

2.      The Debtors have objected to the Claim, seeking to reclassify it as an unsecured claim. The Debtors' objection is wholly without merit. The conclusory objection to the Claim falls woefully short of rebutting the prima facie validity of the Claim. The Debtors have not attached any documents nor presented any evidence to suggest that the Claim is not entitled to administrative priority status.

3.      As set forth in the Claim and herein, D&R holds a valid administrative claim and therefore, the Claim should be allowed in its entirety as filed.

## BACKGROUND

4.      On August 6, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Each of the Debtors is continuing to operate its business and manage its properties as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered.

5.      Prior to the Petition Date, D&R provided printed goods such as business cards and brochures to the Debtors in the ordinary course of business.

6.      Within 20 days preceding the Petition Date, the Debtors received goods in the ordinary course of business from D&R totaling $50,342.53 for which payment remains due and owing.

7.      On October 30, 2007, D&R filed the Claim pursuant to Section 503(b)(9) of the Bankruptcy Code.[2]

8.      On September 2, 2008, the Debtors filed the Claims Objection to D&R's administrative claim seeking to reclassify the Claim as unsecured. The Debtors' entire argument

---

[2] D&R also filed an unsecured claim which is not contested by the Debtors.

is limited to one line its papers, which states "[n]o basis for administrative claim exists under section 503 of the Bankruptcy Code."

## THE CLAIM OBJECTION SHOULD BE OVERRULED

**A.**   **The Debtors' Objection Should Be Rejected Because the Debtors Have Failed to Present Affirmative Evidence to Overcome the Presumptive Validity of a Properly Filed Proof of Claim.**

9.      The Debtors erroneously argue without any factual or legal support that the Claim should be reclassified to an unsecured claim. That argument plainly ignores the documentation annexed to the Claim and is an improper attempt to shift the burden of proof to D&R. Therefore, the Court should overrule the Claims Objection.

10.      The Federal Rules of Bankruptcy Procedure states that "[a] proof of claim executed and filed in accordance with these rules constitutes prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added); In re Quintus Corp., 389 B.R. 390, 394 (Bankr. D. Del. 2008). The burden of proof going forward then shifts to the party objecting to produce sufficient evidence to negate the prima facie validity of the Claim. In re Mission of Care, Inc., 164 B.R. 877, 879 (Bankr. D. Del. 1994).

11.      In particular, a party objecting to a claim "must present affirmative evidence to overcome the presumptive validity of a properly filed proof of claim." In re Michigan-Wisconsin Transp. Co., 161 B.R. 628, 636 (Bankr. W.D. Mich 1993); In re G. Marine Diesel Corp., 155 B.R. 851, 853 (Bankr. E.D.N.Y. 1993); Matter of King Resources Co., 20 B.R. 191, 197 (D. Colo. 1982) (an objection in and of itself is insufficient to contest the prima facie case; rather, the objection must be documented with "probative evidence" to satisfy the objector's burden of proof); In re Frederes, 98 B.R. 165, 166 (Bankr. W.D.N.Y. 1989). Therefore, in the absence of an objection to a claim and proof that the claim is invalid, the proof of claim must be allowed and is entitled to be paid. In re Quintus Corp., 389 B.R. at 394.

12.     At a minimum, in order to justify any reclassification of the claim, the Debtors are required to set forth legal and factual reasons why the claim should not be allowed as filed. Here, the Debtors have proffered no evidence whatsoever, let alone any semblance of "probative evidence" as to why D&R's Claim should be reclassified.  Matter of King Resources Co., 20 B.R. at 197.

13.     The Claim was executed by Andrew A. Miller, Controller of D&R, under the penalties set forth in 18 U.S.C. §§ 152 and 357.  D&R attached copies of seventy-six (76) invoices to the Claim demonstrating its entitlement to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9).  The Claims Objection fails to rebut the prima facie validity of the Claim. In fact, the Claims Objection does not even address the extensive documentation attached to the Claim.

14.     As such, Debtor has completely failed to satisfy its burden of proof that D&R's Claim should be reclassified.  On that basis alone, the Claims Objection should be rejected and overruled.

**B.     The Debtors' Objection Should be Dismissed Because D&R's Proof of Claim for Administrative Expense Priority is Clearly Supported by Section 503(b)(9) of the Bankruptcy Code.**

15.     Presumably, the Debtors' attempt to put forth any evidence to support the Claims Objection is a function of its meritless argument.  Section 503(b)(9) of the Bankruptcy Code grants administrative priority for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."  11 U.S.C. § 503(b)(9).

16.     Section 503(b)(9) is a recently enacted provision under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

-4-

17.    To qualify for section 503(b)(9), the goods must have been *received* by the debtor within the 20-day period before commencement of the case.  In re Pridgen, No. 007-04531-9-RDD, 2008 WL 1836950, *4 (Bankr. E.D.N.C. 2008).  "Receipt" is defined as "taking physical possession of [the goods]."  Id. [Copy attached hereto.]

18.    Here, D&R, in the ordinary course of business, delivered a variety of "goods" to the Debtors, which are itemized on the invoices submitted with the Claim, including, but not limited to, trifold brochures, postcards, folders, and business cards.

19.    As set forth in the invoices and shipping records submitted with the Claim, the Debtors "t[ook] physical possession of [the goods]" at various dates between July 17, 2007 and August 4, 2007.  See In re Pridgen, 2008 WL 1836950, at *4.  As such, the goods were received by Debtors within 20 days preceding the Petition Date.

20.    Based on the foregoing, it is clear that D&R is entitled to an administrative expense claim pursuant to Section 503(b)(9) of the Bankruptcy Code.  The Claims Objection, therefore, must be overruled.

WHEREFORE, D&R respectfully requests that the Court deny the Claims Objection, allow D&R's administrative expense claim in its entirety, and grant D&R such other relief as is just and proper.

Dated: September 24, 2008

Respectfully submitted,

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**

By:    _____

Patrick J. Reilley (No. 4451)
Karen M. McKinley (No. 4372)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Tel: (302) 652-3131
Fax: (302) 652-3117

-and-

Mark J. Politan, Esquire
Court Plaza North
25 Main Street
Hackensack, NJ 07602
Tel: (201) 489-3000
Fax: (201) 489-1536

*Counsel for Drew &Rogers, Inc.*

-6-