## EXHIBIT A

**Waterfield Litigation**

On September 29, 2006, AHM Corp. filed suit against Union Federal Bank of Indianapolis ("Union Federal") in the United States District Court for the Southern District of New York (the "District Court"). The case is captioned *American Home Mortgage Corp. v. Union Federal Bank of Indianapolis*, No. 1:06-cv-07864-JGK, and is pending before the Honorable John G. Koeltl (the "Waterfield Litigation"). AHM Corp. asserts claims arising under a Stock and Mortgage Loan Purchase Agreement between itself, Union Federal, and Waterfield Financial Corporation ("WFC"), dated January 12, 2006 (the "Purchase Agreement"). As set forth in the Purchase Agreement, AHM Corp. acquired all of the outstanding shares of WFC, as well as certain mortgage loans. As such, AHM Corp. obtained, among other things, (i) the retail and wholesale channels and other resources of WFC, including but not limited to certain employees, offices, systems, networks, intellectual property, customer lists, and other assets that AHM Corp. selected (collectively, the "WFC Assets"), and (ii) certain mortgage loans and other mortgage assets (collectively, "Mortgage Assets"). In exchange for the WFC Assets and the Mortgage Assets, AHM Corp. paid the net book value of WFC and the Mortgage Assets, and agreed to take on and satisfy any future repurchase obligations of Union Federal relating to mortgage loans that previously had been sold to investors.

AHM Corp. seeks a post-closing purchase price adjustment ("PPA"), declaratory relief, and damages for alleged breaches of various representations and warranties in the Purchase Agreement. AHM Corp. asserts that it is entitled to a PPA because loans that were sold by Union Federal to investors before the transaction and as to which AHM Corp. agreed to assume and satisfy future liability allegedly were "subject to repurchase" (as AHM Corp. defines that term in its Complaint) at the time of closing. AHM Corp. also asserts indemnification claims relating to alleged misrepresentations concerning, *inter alia*, WFC's accounting. Union Federal disputes AHM Corp.'s claims for many reasons, including that the loans at issue were not subject to repurchase; the disputed loans were disclosed to AHM Corp. prior to closing, as a part of the extensive due diligence conducted by AHM Corp.; AHM Corp.'s PPA claim was submitted late and did not comply with other requirements to assert such a claim; and the accounting practices of WFC were sound and in accord with generally accepted accounting principles.

Union Federal moved to dismiss AHM Corp.'s Complaint, and on August 22, 2007 the District Court dismissed AHM Corp.'s negligent misrepresentation claims. AHM Corp.'s PPA claims and claims alleging breaches of representations relating to WFC's accounting survived. Union Federal generally denied AHM Corp.'s remaining claims in its answer. Union Federal also filed counterclaims against AHM Corp. asserting that AHM Corp. had breached the Purchase Agreement and the related Escrow Agreement (as defined below) by, for example, refusing to perform its obligation to repurchase certain loans from investors. Union Federal alleges that AHM Corp.'s actions caused millions of dollars in damages to Union Federal. Union Federal also asserts a variety of affirmative defenses against AHM Corp., including that any PPA or other damages that AHM Corp. may recover must be reduced by the amount of Union Federal's damages under the legal doctrines of setoff and recoupment.

On November 30, 2007, Waterfield Shareholder LLC ("Waterfield"), a surviving entity of the transaction set forth in the Purchase Agreement, moved to intervene in the Waterfield Litigation. AHM Corp. opposed Waterfield's intervention. On January 10, 2008, the District Court overruled AHM Corp.'s objection and granted Waterfield's motion to intervene.

AHM Corp. has alleged claims of approximately $29.2 million against Union Federal, and Union Federal and Waterfield have asserted counterclaims against AHM Corp. of over $25 million. In addition, Union Federal and Waterfield seek to recover the entire $55 million escrow, which was part of the purchase price for the assets that they sold to AHM Corp.

*History of the Transaction*

On January 12, 2006, as set forth in the Purchase Agreement, AHM Corp. acquired the capital stock of WFC from Union Federal, along with certain mortgage loans that AHM Corp. selected. As a result of the transaction, AHM acquired the assets and liabilities of WFC, including the contractual obligation to repurchase loans from investors in the future. Union Federal also transferred approximately $14.6 million in historical loan loss reserves to AHM Corp., as well as an agreed purchase price adjustment of approximately $1.5 million.

The Purchase Agreement provides that the purchase price for the transaction could be subject to a post-closing adjustment. Specifically, Section 2.4 of the Purchase Agreement provides that if AHM wished to submit a claim for a PPA, AHM Corp. had to prepare and deliver to the Company, "[a]s promptly as practicable, but in any event not later than forty-five days after the Loan Closing Date," statements reflecting the net book value of each type of loan acquired by AHM Corp. and a balance sheet and the net book value for WFC (collectively, the "Statements of Net Book Value"). The Loan Closing Date (as defined in the Purchase Agreement) was January 27, 2006.

On January 20, 2006, in conjunction with the Purchase Agreement, the parties entered into an escrow agreement (the "Escrow Agreement") between AHM Corp., Union Federal, Waterfield, and JPMorgan Chase Bank, N.A. (the "Escrow Agent"). The purpose of the Escrow Agreement was to provide a fund for (a) a post-closing purchase price adjustment, if any, under the Purchase Agreement, and (b) indemnity payments to AHM Corp., if any. The escrowed funds, which total $55 million, are a part of the purchase price that Union Federal received in the transaction. The escrowed funds were to be held and delivered by the Escrow Agent per the terms of the Escrow Agreement.

On April 11, 2006, 74 days after the Loan Closing Date and 29 days after the 45-day deadline set forth in the Purchase Agreement, AHM Corp. sent Union Federal a PPA demand of approximately $29.2 million. AHM Corp. did not provide Union Federal with the Statements of Net Book Value. Union Federal thereafter notified AHM Corp. that it disagreed with AHM Corp.'s claim as untimely and substantively inaccurate (the "Notice of Disagreement"). After Union Federal provided AHM Corp. with the Notice of Disagreement, the parties attempted to resolve their disputes. Negotiations failed, and AHM Corp. then submitted its claim to PricewaterhouseCoopers ("PwC"). Union Federal objected to AHM Corp.'s submission to PwC as outside the scope of PwC's engagement under the terms of the Purchase Agreement on the

2

grounds that, among other things, the PPA claim was untimely and AHM Corp. did not provide Union Federal with the required Statements of Net Book Value.

On September 29, 2006, after further negotiations failed, AHM Corp. submitted a Claim Notice and Certificate of Instruction (as defined in the Escrow Agreement) to the Escrow Agent and Union Federal. AHM Corp.'s Claim Notice and Certificate of Instruction described AHM Corp.'s claim as being in excess of $29 million, and stated that its claim for indemnification based on alleged breaches of representations and warranties could not be quantified at that time. AHM Corp.'s Claim Notice instructed the Escrow Agent to pay over to AHM Corp. all of the escrowed funds. Union Federal and Waterfield objected to AHM Corp.'s Certificate of Instruction, and asserted a claim to the entire $55 million. At present, the funds remain in escrow.

*Lawsuit with Union Federal and Waterfield*

On September 29, 2006, AHM Corp. filed its complaint against Union Federal (the "Complaint") in the District Court. In the Complaint, AHM Corp. seeks declaratory and injunctive relief, and damages for allegations of breach of contract and negligent misrepresentation. The Complaint requests relief relating to AHM Corp.'s claim for a PPA and claims for indemnification based on Union Federal's alleged breach of representations and warranties in the Purchase Agreement. Union Federal moved to dismiss the Complaint on October 23, 2006. On August 22, 2007, the District Court dismissed AHM Corp.'s four negligent misrepresentation claims, but denied the motion as to AHM Corp.'s PPA and breach of representations and warranties claims.

On November 30, 2007, Union Federal filed its Answer, Affirmative Defenses, and Counterclaims against AHM Corp. (the "Union Federal Answer"). The Union Federal Answer generally denies the allegations contained in the Complaint, asserts certain affirmative defenses, and asserts counterclaims against AHM Corp. Among other things, Union Federal alleges that AHM Corp. breached the Purchase Agreement by refusing to carry out its loan-repurchase obligations after closing by refusing to buy back any required loans from investors. The counterclaims also concern AHM Corp.'s alleged breach of the Escrow Agreement and its alleged refusal to assume the defense of various litigations involving WFC and/or the mortgage loan business, which under the Purchase Agreement AHM Corp. was required to defend. Union Federal seeks damages and other relief against AHM Corp. due to AHM Corp.'s breaches of the Purchase Agreement. Union Federal also asserts a variety of defenses, including that any PPA must take into consideration Union Federal and Waterfield's loan repurchases on AHM Corp.'s behalf and that any damages that AHM Corp. may recover against the escrowed funds must be reduced by the amount of Union Federal's damages under the legal doctrines of setoff and recoupment.

On January 10, 2008, over AHM Corp.'s objection, the District Court granted Waterfield's motion to intervene in the Waterfield Litigation. On January 18, 2008, Waterfield filed its Answer, Affirmative Defenses, and Counterclaims against AHM Corp. (the "Waterfield Answer" and, collectively with the Union Federal Answer, the "Answers") generally denying the allegations in the Complaint, asserting counterclaims and interposing affirmative defenses similar to those asserted by Union Federal. Waterfield also asserted an additional, alternative counterclaim for unjust enrichment against AHM Corp. because Union Federal and Waterfield

obtained a release of liability that directly benefits AHM Corp. by releasing liability on all mortgage loans that Union Federal sold to EMC Mortgage Corporation before the AHM Corp. transaction occurred – mortgage loans on which AHM Corp. was required (but then refused) to assume future liability (the "EMC Counterclaim"). The counterclaims allege more than $25 million in damages against AHM Corp. Union Federal and Waterfield also seek an order from the District Court awarding them the entire $55 million in escrow, which was a part of the purchase price that AHM Corp. agreed to pay for WFC and the assets that it obtained.

After the counterclaims were filed, AHM Corp. moved to dismiss the fifth counterclaim, which alleges that AHM Corp. is in breach of the Escrow Agreement. On July 10, 2008, AHM Corp. withdrew that motion to dismiss, and Union Federal and Waterfield agreed to amend the fifth counterclaim. Union Federal and Waterfield filed amended answers, affirmative defenses, and counterclaims to the AHM Corp. Complaint (the "Amended Counterclaims") on July 18, 2008. AHM Corp. also moved to dismiss the EMC Counterclaim alleging that AHM Corp. was unjustly enriched, but the District Court denied that motion on July 11, 2008. Finally, AHM Corp. moved to strike Union Federal and Waterfield's setoff and recoupment defenses, arguing that they were legally unavailable in this case. On July 11, 2008, the District Court denied AHM Corp.'s motion to strike those affirmative defenses, and the setoff and recoupment defenses therefore remain in the case.

On August 8, 2008, AHM Corp. filed its answers to the Amended Counterclaims, generally denying the allegations and asserting certain affirmative defenses. Discovery began on August 28, 2008 with the exchange of initial disclosures by the parties. The District Court ordered that fact discovery be completed by February 28, 2009, and that any expert discovery be completed by May 22, 2009. Dispositive motions are due to be filed by June 26, 2009.

Union Federal and Waterfield have timely filed proofs of claim against the Debtors relating to their counterclaims, and the Bankruptcy Court has lifted the automatic stay to allow Union Federal and Waterfield to prosecute, defend against, and/or settle new or existing claims in the District Court, with any enforcement or execution of any settlement, judgment, or other disposition of the Waterfield Litigation against property of AHM Corp.'s bankruptcy estate remaining subject to the automatic stay and further order of the Bankruptcy Court.