EXHIBIT "D"

ITC-SB

Recording Requested By:
American Home Mortgage

Return To:
American Home Mortgage
520 Broadhollow Road
Melville, NY 11747

Prepared By:

Recorded In Official Records, County of San Bernardino



**LARRY WALKER**
Auditor/Controller – Recorder

768 Investors Title Co. – San Bern

Doc#: 2006-0504176

| | |
|---|---|
| Titles: 2 | Pages: 7 |
| Fees | 34.00 |
| Taxes | 0.00 |
| Other | 0.00 |
| PAID | $34.00 |

7/26/2006
8:00 AM
SH

# DEED OF TRUST AND REQUEST FOR NOTICE OF DEFAULT

MIN 100024200013578527

THIS DEED OF TRUST is made this   20th   day of   July, 2006   , among the Trustor,
David Bitzer, a married man as his sole separate property

whose address is   5940 Park Crest Drive, Chino Hills, CA   91709
Investors Title Company
(herein "Borrower"),

(herein "Trustee"), and the Beneficiary,
Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
American Home Mortgage
("Lender") is organized and existing under the laws of   State of New York   , and has an address of
538 Broadhollow Rd, Melville, NY   11747

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of   San Bernardino   , State of California:
LOT 19 OF TRACT 13880-2, IN THE CITY OF CHINO HILLS, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 257 PAGES 99 THROUGH 102, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

5940 Park Crest Drive
Chino Hills                    [City], California   91709

which has the address of
[Street],
[ZIP Code] (herein "Property Address");

DOC #:328641           APPL #:0001357852

**CALIFORNIA** - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

-76N(CA) (0204)
UM51 0204
Page 1 of 7
VMP MORTGAGE FORMS - (800)521-7291

Form 3805
Amended 8/99
Initials:



TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Deed of Trust.

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated July 20, 2006 and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $ 200,000.00 , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on August 1, 2021 ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

DOC #:328642          APPL #:0001357852

Initials: CB

-76N(CA) (0204)          Page 2 of 7          Form 3805

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has a priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict

shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender, prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.**

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such

action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

**21. Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. The procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**22. Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the Civil Code of California.

**23. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded *concurrently*, in Book _____, Page _____, records of San Bernardino County, or filed for record with recorder's serial number _____, County, California, executed by David Bitzer, a married man as his sole separate property

as trustor (or mortgagor) in which American Home Mortgage is named

as beneficiary (or mortgagee) and Investors Title Company

as trustee

be mailed to American Home Mortgage
at 538 Broadhollow Rd, Melville, NY 11747

DOC #:328645                APPL #:0001357852

Initials: *CB*

NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

_____

**State of California**
**County of**
On _____, before me _____, personally appeared

_____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____ (Seal)            _____ (Seal)
David Bitzer              -Borrower                                   -Borrower

_____ (Seal)            _____ (Seal)
                          -Borrower                                   -Borrower

_____ (Seal)            _____ (Seal)
                          -Borrower                                   -Borrower

_____ (Seal)            _____ (Seal)
                          -Borrower                                   -Borrower

*[Sign Original Only]*

DOC  #:328646                APPL #:0001357852
VMP-76N(CA) (0204)                Page 6 of 7                                Form 3805

State of California
County of San Bernardino
On 7/20/06 , before me Rita M. Piazza, Notary Public , personally appeared

David Bitzer

, ~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(ies), and that by his/~~her/their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

*Rita M. Piazza*

> RITA M. PIAZZA
> Commission # 1566861
> Notary Public - California
> San Bernardino County
> My Comm. Expires Apr 7, 2009

RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
AS AN ACCOMMODATION ONLY

**RECORDING REQUESTED BY:**

McCarthy & Holthus, LLP

**AND WHEN RECORDED MAIL TO:**

McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101



Recorded in Official Records, County of San Bernardino

**LARRY WALKER**
Auditor/Controller – Recorder

691 First American

Doc#: 2007-0433149

7/24/2007
1:00 PM
BN

Titles: 1   Pages: 2
Fees     13.00
Taxes     0.00
Other     0.00
PAID    $13.00



SPACE ABOVE THIS LINE FOR RECORDER'S USE

Loan: 0017988072
Our File: 07-8026

APN: 1033-331-29

5940 Park Crest Drive Chino Hills, CA 91709
Borrower: David Bitzer

# RESCISSION
# OF FULL RECONVEYANCE

WHEREAS, ON 09/01/2006, A CERTAIN FULL RECONVEYANCE WAS RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, UNDER INSTRUMENT NUMBER 2006-0602775.

WHEREAS, SAID FULL RECONVEYANCE PURPORTED TO RECONVEY TO THE PERSON OR PERSONS LEGALLY ENTITLED THERETO, WITHOUT WARRANTY, ALL THE ESTATE, TITLE AND INTEREST ACQUIRED BY TRUSTEE UNDER DEED OF TRUST DATED 07/25/2005, AND EXECUTED BY DAVID BITZER, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, IN FAVOR OF OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION AS BENEFICIARY. SAID DEED OF TRUST WAS RECORDED ON 07/28/2005 AS INSTRUMENT NO. 2005-0544958, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

> LOT 19 OF TRACT 13880-2, IN THE CITY OF CHINO HILLS,
> COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA,
> AS PER MAP RECORDED IN BOOK 257, PAGE(S) 99
> THROUGH 102, INCLUSIVE OF MAPS, IN THE OFFICE OF
> THE COUNTY RECORDER OF SAID COUNTY.

WHEREAS, SAID FULL RECONVEYANCE WAS MADE, EXECUTED AND RECORDED IN ERROR AND THAT ALL SUMS SECURED BY THE DEED OF TRUST REFERRED TO THEREIN, HAVE NOT BEEN FULLY REPAID.

NOW THEREFORE, FOR THE PURPOSE AFORESAID, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF SOUNDVIEW HOME LOAN TRUST 2005-OPT3, ASSET-BACKED CERTIFICATES, SERIES 2005-OPT3, THE BENEFICIARY UNDER SAID DEED OF TRUST HEREBY RESCINDS, CANCELS AND WITHDRAWS SAID FULL RECONVEYANCE ABOVE REFERRED TO, PROVIDED, HOWEVER, THAT SUCH RESCISSION, CANCELLATION AND WITHDRAWAL SHALL NOT, IN ANY FASHION, IMPAIR ANY OF THE PRESENT OR FUTURE RIGHTS OF THE BENEFICIARY OR THE TRUSTEE UNDER SAID DEED OF TRUST.

DATED: July 17, 2007    Deutsche Bank National Trust Company, as Trustee for the Certificateholders of Soundview Home Loan Trust 2005-OPT3, Asset-Backed Certificates, Series 2005-OPT3

By: _____
Name: _____
Title: ~~Cindi Ellis~~
        Assistant Secretary


State of CA

County of ORANGE

On July 17, 2007, before me, ~~the undersigned~~, a Notary Public for said State, personally appeared (SL) Scarlett Lang
Cindi Ellis, Asst Secretary
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacity, and that by his signature on the instrument, the person or entity upon behalf of which the person acted executed the same.

Witness my hand and official seal

[Signature: Scarlett Lang]

[Notary Seal:
SCARLETT LANG
COMM. # 1636781
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires
January 10, 2010]

Comm # 1636781




Recorded In Official Records, County of San Bernardino

**LARRY WALKER**
Auditor/Controller — Recorder

P Counter

Doc#: 2007 − 0443740

7/30/2007
11:39 AM
LM

| Titles: | 1 | Pages: | 3 |
|---|---|---|---|
| Fees | | | 16.00 |
| Taxes | | | 0.00 |
| Other | | | 1.00 |
| PAID | | | $17.00 |

RECORDING REQUESTED BY AND
WHEN RECORDED RETURN TO:
DAVID C. SCOTT, ESQ.
MCCARTHY & HOLTHUS, LLP
1770 FOURTH AVE.
SAN DIEGO, CALIFORNIA 92101
TELEPHONE : (619) 685-4800
FACSIMILE : (619) 685-4811
EMAIL : dscott@mccarthyholthus.com

Loan No. 0017988072
File No. 07-8109

Space above line for Recorder's use only

## NOTICE OF PENDENCY OF ACTION

(title of document)