Lorraine S. McGowen (SDNY – LM 1644)
Courtney M. Rogers (SDNY - CR 9906)
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, New York  10103
Telephone: (212) 506-5000

*Counsel for Nomura Credit & Capital, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| **AMERICAN HOME MORTGAGE** ) | Case No. 07-11047 (CSS) |
| **HOLDINGS, a Delaware Corporation, et al.,** ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

**RESPONSE OF NOMURA CREDIT & CAPITAL, INC. TO**
**DEBTORS' THIRTEENTH OMNIBUS (SUBSTANTIVE)**
**OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE**
**BANKRUPTCY CODE, BANKRUPTCY RULES**
**3003 AND 3007, AND LOCAL RULE 3007-1**

Nomura Credit & Capital, Inc. ("Nomura"), by and through its undersigned attorneys[1], hereby files this Response (the "Response") to Debtors' Thirteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy rules 3003 and 3007, and Local Rule 3007-1 (the "Claim Objection").  In support of this Response, Nomura states:

---

[1] Counsel file this Response pursuant to Local Rule 9010-1(e)(iii).

Nomura's Proof of Claim is *prima facie* valid as filed. Nomura attached over two inches of documentation substantiating its claim, including the governing documents from which Debtors' liability flows and schedules of the damages incurred by Nomura. From these documents, Debtors were and are well-apprised of the nature and extent of Nomura's damages. Notwithstanding providing substantial documentation initially, Nomura has forwarded further evidentiary support of its early payment default claims to Debtors' counsel. In stark contrast to Nomura's substantial documentation, Debtors' Claim Objection contains only conclusory allegations that Nomura's Proof of Claim should be disallowed, without providing even a scintilla of evidentiary support. As such, Debtors' Claim Objection should be denied.

## I. PROCEDURAL HISTORY

1. On August 6, 2007 (the "Petition Date"), Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**A. The Proof of Claim**

2. On January 11, 2008, Nomura timely filed a Proof of Claim in the amount of $358,101,415.40 (the "Proof of Claim"). A true and correct copy of the Proof of Claim is attached as Exhibit A to this Response.

3. Nomura's Proof of Claim is based on the amount Debtors owe Nomura pursuant to the following documents (collectively, the "Governing Documents"), which were all attached to Nomura's Proof of Claim: a letter agreement setting forth the master terms for mortgage loan purchases, dated January 1, 2005 (the "Master Terms"); a Master Mortgage Loan Purchase Agreement, dated as of January 1, 2005, as amended by Amendment No. 1, dated December 1, 2005 (collectively, the "Master Mortgage Loan

Purchase Agreement"); six Pool Summary and Trade Confirmations, each of which incorporates the Master Terms and the Master Mortgage Loan Purchase Agreement; a letter agreement setting forth the master terms for mortgage loan purchases dated June 1, 2005 (the "Master Terms-2"); and a Pool Summary and Trade Confirmation, dated June 9, 2005, incorporating the Master Terms-2.

4. The Governing Documents provide for the sale by Debtors and the purchase by Nomura of certain mortgage loans. The Governing Documents set out certain rights and obligations of Debtors and Nomura with respect to these purchased loans.

5. Under the terms of the Governing Documents, Debtors were required to repurchase from Nomura certain mortgage loans if the underlying obligors failed to make timely any of the first three scheduled monthly payments following the related cut-off date. As identified in Schedule I to the Proof of Claim, Debtors owed Nomura $ 14,497,867.13 as a result of these early payment defaults. Debtors also made representations and warranties to Nomura under the Governing Documents and agreed to indemnify Nomura with respect to any damages Nomura may incur as a result of a breach of such representations and warranties. Nomura asserted these claims in the Proof of Claim and reserves the right to recover from Debtors damages on account of any such breach.

**B.    The Claims Objection**

6. On or about July 18, 2008, Debtors filed the Claims Objection, generally asserting that Nomura has not provided sufficient documentation, Debtors' books and records show no liability, and Nomura has failed to provide requested information. *See* Exhibit G to the Claim Objection. The Governing Documents and

Schedule I to the Proof of Claim clearly establish Debtors' obligations to Nomura, and Debtors have not challenged that Debtors were parties to the Master Mortgage Loan Purchase Agreement. Schedule I to the Proof of Claim identifies these loans and the amounts by which the underlying obligor failed to make payment giving rise to the early payment default claims.

## II.    ARGUMENT

7.    Once filed, a proof of claim establishes *prima facie* evidence of the validity and amount of the claim. FED. R. BANKR. P. 3001(f). Under Rule 3001(f), the allegations of a proof of claim are taken as true and the claim enjoys *prima facie* validity. *Wright v. Holm* (*In re Holm*), 931 F.2d 620, 623 (9th Cir. 1991); *Wilson v. Huffman* (*In re Missionary Baptist Found. of Am.*), 818 F.2d 1135, 1143 (5th Cir. 1987). *See also Simmons v. Savell* (*In re Simmons*), 765 F.2d 547, 551-52 (5th Cir. 1985) ("a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim") (citing to FED. R. BANKR. P. 3001(f)); *Glinka v. Dartmouth Banking Co.* (*In re Kelton Motors, Inc.*), 121 B.R. 166, 190 (Bankr. D. Vt. 1990) ("there is a presumption of the validity of the proof of claim" under Rule 3001(f)); *In re Windsor Commc'ns Group, Inc.*, 45 B.R. 770, 773 (Bankr. E.D. Pa. 1985) (holding that filing a proof of claim in accordance with the Bankruptcy Code and the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim).

8.    Once a creditor files a *prima facie* valid proof of claim, the burden of proof shifts to the debtor "to produce evidence sufficient to negate the *prima facie* validity of the filed claim." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) (citing *In re Holm*, 931 F.2d at 623). Specifically, the objecting party must come forward

with substantial facts to overcome the proof of claim's *prima facie* validity. *Webster v. Barbara* (*In re Otis & Edwards, P.C.*), 115 B.R. 900, 914 (Bankr. E.D. Mich. 1990).

9. Nomura's Proof of Claim was filed in accordance with Rule 3001 and is *prima facie* valid as filed.

10. Debtors have objected to Nomura's Proof of Claim, baselessly asserting that the claim was submitted without sufficient documentation. Contrary to Debtors' assertion, Nomura's Proof of Claim not only contained a summary of the nature and extent of Nomura's claims, but also contained copies of the Governing Documents and prepared schedules. From these documents, Debtors were and are perfectly capable of calculating any and all claims due under the Governing Documents.

11. Although Nomura asserts that the documents attached to the filed Proof of Claim adequately establish the nature and extent of Nomura's claims, further documentation regarding the early payment default claims has been forwarded to Debtors' counsel.

12. Finally, Debtors' Claim Objection and its lack of evidentiary support fall woefully short of the evidence required to negate Nomura's *prima facie* valid Proof of Claim. An objector must produce evidence "equal in force" to that submitted by the claimant, and, in this instance, Nomura submitted lengthy documentation to evince its claims. *In re Allegheny Int'l, Inc.*, 954 F.2d at 173 (citing *In re Holm*, 931 F.2d at 623 and *In re Windsor Commc'ns Group*, 45 B.R. at 773). *See also In re Simmons*, 765 F.2d at 552 (holding that the objector "must produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim"). Debtors have improperly attempted to shift the burden of proof to Nomura. Because the burden

remains with Debtors and Debtors have not presented evidence to negate the *prima facie* validity of Nomura's Proof of Claim, the Claim Objection should be overruled.

### III.  CONCLUSION

WHEREFORE, Nomura respectfully requests that this Court enter an order denying the relief requested in the Claim Objection and granting such other and further relief as is just.

Dated: New York, New York
September 25, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP


By:      */s/ Lorraine S. McGowen*
Lorraine S. McGowen (SDNY – LM 1644)
Courtney M. Rogers (SDNY - CR 9906)
666 Fifth Avenue
New York, New York  10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

*Counsel for Nomura Credit & Capital, Inc.*