IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: Chapter 11
In re: :
: Case No. 07-11047 (CSS)
American Home Mortgage Holdings, Inc., *et al,* [1] : (Jointly Administered)
:
Debtors. :
: Re: Docket No. 5675
---------------------------------------------------------------x

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO THE MOTION FOR ORDER APPOINTING AN
OFFICIAL COMMITTEE OF BORROWERS FILED BY MOVANTS
TILTON JACK, GRACE MULLINS, MR. AND MRS. CHRISTOPHER
BILEK, SAM ACQUISTO, DELENA LAMACCHIA AND PAULA RUSH**

The Official Committee of Unsecured Creditors (the "*Committee*") of American Home Mortgage Holdings, Inc., *et al*. (the "*Debtors*"), by its co-counsel, Hahn & Hessen LLP and Blank Rome LLP, hereby files this objection (the "*Objection*") to the *Motion for Order Appointing an Official Committee of Borrowers Pursuant to Section 1102(a)(2) of the Bankruptcy Code* (the "*Motion to Appoint*") [Docket No. 5675] filed by Tilton Jack, Grace Mullins, Mr. and Mrs. Christopher Bilek, Sam Acquisto, Delena Lamacchia and Paula Rush (collectively, the "*Movants*"), and in support thereof respectfully states as follows:

**BACKGROUND**

1.  On August 6, 2007 (the "*Petition Date*"), the Debtors commenced voluntary cases (the "*Cases*") under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") with this Court. Since the Petition Date, the Debtors have continued in the operation of their

---

[1] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

businesses and the management of their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

2.  On August 14, 2007, the Office of the United States Trustee (the "*U.S. Trustee*") appointed seven of the largest unsecured creditors to serve as members of the Committee.

3.  On August 15, 2008, the Debtors filed their *Chapter 11 Plan of Liquidation of the Debtors* (the "*Plan*") [Docket No. 5450] and *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors* (the "*Disclosure Statement*") [Docket No. 5451]. A hearing on the adequacy of the Disclosure Statement was scheduled to be held on September 15, 2008, and was subsequently adjourned to October 2, 2008 (the "*Disclosure Hearing*").

4.  On September 9, 2008, over thirteen (13) months after the Petition Date and merely four (4) business days prior to the originally-scheduled Disclosure Hearing, the Movants filed their Motion to Appoint seeking an order from this Court appointing an official committee of borrowers solely so that they can object to the Disclosure Statement and object to confirmation of the Plan.

## **ARGUMENT**

5.  The Movants seek an official borrowers' committee solely because they want a plan which provides that their particular mortgages, as well as mortgages for a myriad of unnamed borrowers, can be reformed, modified or rescinded because of alleged fraud. In attempting to explain why such a plan is not presently before the Court, *albeit* failing to recognize that such a plan is not legally possible, the Movants assert that the current committee members are only representing the interests of large financial institutions, not the interests of

individual borrowers and thus a second committee is necessary in order to enable the borrowers to object to the Disclosure Statement and Plan.  As the Movants have failed to offer any legally cognizable basis for the appointment of an additional committee, the Motion to Appoint should be denied.[2]

I. **The Motion to Appoint Should be Denied Because It Was Filed Late**

6. The Motion to Appoint should be denied because it was not timely filed.  It is well settled that a motion under Bankruptcy Code § 1102 "'should be made promptly.'"  Ad Hoc Bondholders Group v. Interco Inc (In re Interco Inc.), 141 B.R. 422, 424 (Bankr. E.D. Mo. 1992), quoting In re Drexel Burnham Lambert Group, Inc., 118 B.R. 209, 211 (Bankr. S.D.N.Y. 1990).  Courts have considered delay in filing a factor in denying such a motion.  See In re Kalvar Microfilm, Inc., 195 B.R. 599, 601 (Bankr. D. Del. 1996); Interco, 141 B.R. at 424, citing In re Public Service Co of New Hampshire, 89 B.R. 1014 (Bankr. D.N.H. 1988).

7. As outlined in detail in the Committee's opposition to the Movants' motion to shorten time with respect to the Motion to Appoint, the Movants have been anything but prompt in seeking this relief despite their knowledge of these Cases from their outset.[3]  The Movants have been involved in these Cases since the Petition Date and thus they have had over 13 months to file the Motion to Appoint, but deliberately chose not to do so.  By way of example, Movant Rush became aware of these Cases when her pre-petition lawsuit against the Debtors[4] was stayed by the filing of these Cases.  Since then, as this Court is aware, she has become an active

---

[2] The Committee notes that the Movants have failed to file the required verified Bankruptcy Rule 2019 statement and reserves its rights to object to the Motion to Appoint due to Movants' failure to comply with Bankruptcy Rule 2019.

[3] Unlike In re First Alliance Mortgage Co., 471 F.3d 977 (9th Cir. 2006), a case relied upon heavily by Movants (see Motion to Appoint, pp. 17-18), where the request to appoint an official committee of borrowers was made and granted less than three (3) months after the bankruptcy was filed, the Movants waited until more than thirteen (13) months after the Petition Date to file their Motion to Appoint.

[4] *Rush v. American Home Mortgage, et al.*, 07-cv-854 (WMN) was filed on April 3, 2007.

participant in these Cases.  *See, e.g., Motion for Disclosure and Bankruptcy Rule 2004 Directed Examination of and Production of Documents by Debtors and Limited Objection to Asset Purchase Agreement and Complaint for Injunction Against Sale of Mortgage Notes Free and Clear of Liens or Liabilities and Request for Appointment of Consumer Privacy Ombudsman Pursuant to U.S.C. § 322 and Trustee or Examiner Pursuant to U.S.C. § 1104* (dated 10/4/07) [Docket No. 1489]; *Objection to Sale of Loans Free and Clear of Liens and Liabilities* (dated 1/29/08) [Docket No. 2816]; and *Emergency Motion for an Order of Relief from the Automatic Stay* (dated 6/16/08) [Docket No. 4637].[5]  Hence, any assertion that the Movants were unaware of the pendency of these cases and could not have filed the Motion to Appoint any earlier is simply untrue.  For that reason, the Motion to Appoint should be denied.  See Kalvar, 195 B.R. at 601; Interco, 141 B.R. at 424.

8.      Furthermore, the Motion to Appoint should also be denied as it was filed at this late date solely to frustrate confirmation.  See Kalvar, 195 B.R. at 601; Interco, 141 B.R. at 424.  The Movants' intent is evident from the timing of the filing and the assertions contained within the Motion to Appoint.  Rather than file the Motion to Appoint at any time during the pendency of these Cases, the Movants waited until a after the Disclosure Statement and Plan were filed.  The timing of the filing is not surprising given that the Movants utilized 16 out of the 23 pages of argument to explain their objections to the Disclosure Statement and the Plan.  Further evidence of their intent to hinder confirmation is the Movants' request that this Court "should refrain from further action on the Plan until a committee can be appointed to represent borrowers' interests."  Motion to Appoint, p. 22.  Rather than either file the Motion to Appoint earlier on in the Cases so that it could have been heard prior to the filing of the Disclosure Statement and Plan, the

---

[5]  Other individual Movants have similarly participated in these Cases as more fully described in the Debtors' objection to the Movants' motion to shorten time and the Debtors' objection to the Motion to Appoint.

- 4 -

Movants instead purposely filed the Motion to Appoint so as to delay confirmation at the expense of all other creditors. As such, this Court should deny the Motion to Appoint. See Kalvar, 195 B.R. at 601 (where late timing of the motion demonstrated that only purpose of seeking a new committee was "to object to confirmation," court denied the motion because the "costs associated with the formation of [a new committee could not] be justified in light of [that] purpose"); Interco, 141 B.R. at 424 (where motion for new committee was filed only 6 weeks prior to confirmation hearing, court denied the motion holding that "[t]he creation of a new official committee at this time would be disruptive to the orderly process of reorganization, would not reasonably ensure that any additional benefit will result to these estates, and would not provide any greater creditor protection than that which is available through the existing committees").

II. **The Motion to Appoint Should be Denied Because There is No Legitimate Basis for the Appointment of an Additional Unsecured Creditor Committee**

9. The Movants posit that an official borrowers' committee is necessary in order to put in place a plan that provides for reformation, modification and/or rescission of various mortgages. The Movants assert that the current Plan is unconfirmable and that a second creditors' committee is necessary because the current committee is only representing the interests of its members, not the interests of the Movants and other borrowers. As these reasons do not warrant the appointment of a separate official committee of borrowers, the Motion to Appoint should be denied.

   A. *The Movants' Sole Basis for Seeking an Official Committee of Borrowers is Not Possible*

10. As detailed in pages 6-11 of the Motion to Appoint, the Movants assert that they are at risk of foreclosure because they were allegedly placed into mortgages with higher interest rates than the Movants agreed to based on the alleged fraud and/or misrepresentation of the

Debtors' employees. Although such claims can be addressed through the claims process with valid claims entitling the claimants to distributions, the Movants instead seek the reformation, modification and/or rescission of the underlying mortgages and believe that they are entitled to such relief in a plan of liquidation in these Cases. As such relief is not possible, the Motion to Appoint should be denied.

11. The Movants are under the mistaken belief that the Debtors either own the underlying mortgages or otherwise control their underlying mortgages and thus are in a position, whether voluntarily or by court order, to change the terms of such mortgages. Nothing could be farther from reality. While at one point in time, the Debtors controlled various mortgages, that is no longer the case – the Debtors have sold a substantial portion of their loan portfolio and are no longer an investor on such loans.[6] Thus, even if the Committee and Debtors wanted to grant the relief the Movants sought, the Debtors are unable to do so as they do not control the mortgages at issue. Because the ultimate relief the Movants seek is unavailable, there would be no point to appointing an official borrower's committee and thus this Court should deny the Motion to Appoint.

### B. The Official Committee of Unsecured Creditors Represents the Collective Unsecured Creditors, Not Just the Individual Committee Members

12. Despite the fact that the reason the plan does not, and cannot, provide for reformation, modification or rescission of various mortgages is because the Debtors sold a substantial portion of their loan portfolio and thus no longer control those mortgages, the Movants imply that such a plan provision is lacking because the members of the Committee represented only their own interests, not the interests of the Movants and other unnamed

borrower creditors.[7] This attack on the current members of the Committee is baseless and makes light of the committee members' fiduciary obligations to **all** unsecured creditors. As such, it should not be condoned by this Court.

13. It is well settled that committee members "owe fiduciary duties … to the entire class of creditors represented by the committee" and are required to "place the collective interest of the class [they represent] above [their own] personal stake in the bankruptcy case." In re Dow Corning Corp., 212 B.R. 258 (E.D. Mich. 1997); see also Mirant Americas Energy Marketing, L.P. v. Official Committee of Unsecured Creditors of Enron Corp., 2003 U.S. Dist. Lexis 18149, at *15 (S.D.N.Y. 2003) ("creditors' committee owes a fiduciary obligation to its constituency"); In re Garden Ridge Corp., 2005 Bankr. Lexis 323, at *9 (Bankr. D. Del. 2005) (committee has a "duty to represent all general unsecured creditors"); In re Barney's, Inc., 197 B.R. 431, 442 (Bankr. S.D.N.Y. 1996) ("committee and its members have a fiduciary duty to all creditors represented by the committee"). Furthermore, this fiduciary obligation is present "whether or not a member of a particular group is included in its membership." Mirant Americas Energy Marketing, 2003 U.S. Dist. Lexis 18149, at *26. A committee "must guide its actions so as to safeguard as much as possible the rights of minority as well as majority creditors." Shaw & Levine v. Gulf & Western Industries, Inc. (In re The Bohack Corp.), 607 F.2d 258, 262 n.4 (2d Cir. 1979), citing Woods v. City National Bank & Trust Co., 312 U.S. 262 (1941).

14. While the Movants assert various arguments as to why the current committee members are not aligned with the Movants, they have failed to point to any specific action taken

---

[6] Of the mortgages still owed by the Debtors, the vast majority are mortgages subject to Bank of America's security interest. Those mortgages are subject to the settlement with Bank of America which provided that Bank of America has complete control over those mortgages.

by the Committee in violation of the Committee's obligations to all creditors. All the Movants have alleged is that there could be conflicting interests between borrowers, assuming they are in fact creditors of the Debtors' estates, and other unsecured creditors. That is not a sufficient basis to appoint a second committee of unsecured creditors. See In re Agway, Inc., 297 B.R. 371, 374 (Bankr. N.D.N.Y. 2003) (courts are "reluctant to appoint multiple committee … [even though there may be] 'conflicting interest of creditors' "), quoting In re Hills Stores Co., 137 B.R. 4, 6 (Bankr. S.D.N.Y. 1992); see also Mirant Americas Energy Marketing, 2003 U.S. Dist. Lexis 18149, at *23 (despite conflicts between creditors, a single creditors' committee is the "norm").

### C. The Movants Can Be Heard Even Without an Official Borrowers' Committee

15.     Contrary to the Movants' claims, they will not be without access to the Court if the Motion to Appoint is denied. The Movants have the right to be heard under Bankruptcy Code § 1109 and thus they "can effectively participate in the final states of the [liquidation] proceedings without official committee representation." See Interco, 141 B.R. at 425 (in denying motion for additional committee, court noted that movants could be heard under section 1109 and could appear at the confirmation hearing to argue against confirmation of the proposed plan).

16.     Additionally, the Movants have the right to be reimbursed for their costs under Bankruptcy Code § 503(b)(3) and (4) if they have made a "substantial contribution" in the Cases. Thus, they are not without redress. They would simply have to establish that they made a substantial contribution in the Cases in order to be reimbursed, rather than be given the blank check they seek.

---

7   Similarly, the Movants claim that they "have interests other than merely maximizing American Home's assets" (Motion to Appoint, p. 15). They appear to find fault with the Committee's goal which has been to maximize

17. In addition to having the right to be heard, the Movants have in fact already exercised that right by including their objections to the Disclosure Statement and confirmation within their Motion to Appoint. While captioned as a *Motion for Order Appointing an Official Committee of Borrowers Pursuant to Section 1102(a)(2) of the Bankruptcy Code*, the Motion to Appoint was, in part, an objection to the Disclosure Statement, as well as an objection to confirmation. As such, the Movants will not be prejudiced should this Court deny the Motion to Appoint as the Movants' objection to the Disclosure Statement and confirmation are already before the Court and thus can be ruled upon regardless of whether an official committee is appointed.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

---

distributions to the unsecured creditors despite the fact that the "chief purpose of an official committee is to maximize distribution to [its constituency]." Garden Ridge Corp., 2005 Bankr. Lexis 323, at *9.

**WHEREFORE**, the Committee respectfully requests that the Court sustain the Objection, deny the Motion to Appoint, and grant such other and further relief as it deems just and proper.

Dated:   September 25, 2008

                               **BLANK ROME LLP**

                               /s/ *David W. Carickhoff*
                               Bonnie Glantz Fatell (No. 3809 )
                               David W. Carickhoff (No. 3715)
                               1201 Market Street, Suite 800
                               Wilmington, Delaware  19801
                               (302) 425-6400 - Telephone
                               (302) 425-6464 - Facsimile

                                    - and -

                               **HAHN & HESSEN LLP**
                               488 Madison Avenue
                               New York, New York 10022
                               (212) 478-7200 - Telephone
                               (212) 478-7400 - Facsimile
                               Attn:   Mark S. Indelicato
                                        Edward L. Schnitzer

                               Co-Counsel to the Official Committee
                               of Unsecured Creditors of American Home
                               Mortgage Holdings, Inc., *et al*.

128189.01600/40176850v.1