IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-11047-CSS, et seq.<br><br>**Objections due by: October 15, 2008, 4:00 p.m.**<br>**Hearing Date: October 22, 2008 at 10:00 a.m.** |

## **MOTION FOR BLANKET RELIEF FROM THE AUTOMATIC STAY**

Various servicers/mortgagees ("Movants"),[1] by their undersigned counsel, file this motion for blanket relief from the automatic stay, and in support hereof states as follows:

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. §§ 362 and 105.

2.  On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc. and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. Since the Petition Date, the Debtors have managed their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.  The Court is well aware of the volume of motions for relief from stay that have been filed in this case. Nearly all of these motions have been filed by the holder of a senior mortgage, lien, trust, or similar encumbrance (each a "Senior Mortgage") on real property (the "Property") against which one or more of the Debtors hold a junior mortgage, lien, trust, or

---

[1] Movants consist of (in alphabetical order) Bank of America, N.A., Litton Loan Servicing, L.P., Ocwen Loan Servicing, LLC, Residential Credit Solutions, Inc., Saxon Mortgage Services, Inc., Wachovia, and Wells Fargo Home Mortgage.

similar encumbrance (each a "Junior Mortgage").  Provided that the Debtors are able to verify that they own (or owned) each Property, they have routinely reserved their rights to any surplus proceeds in the event of a foreclosure and the Court has routinely granted each of these motions without further opposition.

4. Because of the time and expense in seeking relief from the automatic stay in connection with each Property, Movants believe that a more cost-effective solution to this pervasive need is for the Court to enter relief from the automatic stay in connection with all Property, subject to a broad reservation of rights for the Debtors and their estates.  Attached hereto as **<u>Exhibit A</u>** is a form of order that Movants are proposing in connection with the requested blanket relief (the "Blanket Relief Order").

5. Cause exists for the Court to enter the Blanket Relief Order in this case.  After literally hundreds of prior motions, the Court has never conducted a hearing on the routine relief from stay sought in each and the only occasions in which the Debtors have responded substantively were when they had difficulty locating a particular Property among their mortgage records.  The result has been an unnecessarily full docket, in which the Debtors are required to review a large number of motions about which they have little interest in the outcome and the Court is required to sign one order per property (or, on occasion, a single order referencing multiple properties).

6. In connection with each Property, the Blanket Relief Order preserves the rights of the Debtors and their estates, so that in the event there is any liquidation of assets, the Debtors' rights will attach to the proceeds.  Because this occurs differently depending upon the laws of the state in which each respective Property is situated, the reservation of rights in the Blanket Relief

Order is broad enough to accommodate the Debtors' interests regardless of the law applicable to a specific Property.

7. No prejudice will inure to the Debtors, their estates, or any other party in this case. The Court's entry of blanket relief from stay will not constitute an adjudication of the rights of the Debtors or any other person in connection with any Property. Rather, it will simply relieve the parties from the burdens imposed by the automatic stay to obtain an adjudication in accordance with applicable non-bankruptcy law.

8. In the pending cases of In re New Century TRS Holdings, Inc., et al., Case Nos. 07-10416-KJC, et seq., and In re Liquidating Trust Of ResMAE Mortgage Corporation, f/k/a ResMAE Mortgage Corporation, et al., Case Nos. 07-10177-KJC, et seq., the Honorable Kevin J. Carey entered a form of order very similar to the Blanket Relief Order. The only significant difference between the Blanket Relief Order and the order entered in the two cases overseen by Judge Carey is that the Blanket Relief Order contains a provision enabling parties requiring an order specific to a particular Property or set of Properties to submit a proposed order under certification of counsel.

9. Movants believe that it may become necessary from time to time for parties to seek entry of an order specific to a particular Property. In some instances, a party may require an order to authorize a judge, trustee, or third party to commence or continue a proceeding to liquidate collateral, despite the existence of a blanket relief order. In other instances, a special circumstance may arise in which it is unclear whether a blanket relief order is required. In still other instances, a title insurer may refuse to insure good and marketable title unless an order specifically refers to a particular property.

10. The procedure for obtaining a specific order in the Blanket Relief Order is much easier for the parties and the Court than the existing method of filing motions. Unlike the current practice of filing a single motion per property, the Blanket Relief Order contemplates that a single order can be submitted referencing an exhibit containing large numbers of properties. Although the supplemental order may contain a large number of pages, it will require only one order and one signature, dramatically reducing the burden on the Court's docket.

11. The undersigned contemplates filing no more than three supplemental orders per month under certification of counsel.

12. Therefore, cause exists to enter the Blanket Relief Order.

13. Movants believe that this motion will be unopposed or entered upon consensual terms. A stay of any order granting this motion would, in such instance, be inappropriate. Therefore, Movants are seeking relief from the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

14. Copies of this motion and notice hereof have been served upon the Debtors, counsel for the Debtors, counsel for the Committee, and counsel for the United States Trustee. In light of the fact that these are the only parties believed to have any interest in the outcome of this Motion, Movants believe that limiting notice to these parties is appropriate and request that the Court consider the merits of this motion accordingly.

WHEREFORE, for the foregoing reasons, Movants respectfully request that this Court enter the Blanket Relief Order substantially in the form attached hereto as **Exhibit A**, and grant Movants such other and further relief as this Court deems just and proper.

Dated: September 29, 2008  
       Wilmington, Delaware

Respectfully submitted,

DRAPER & GOLDBERG, PLLC

 **/s/ Adam Hiller**
Adam Hiller (DE No. 4105)  
Maria Aprile Sawczuk (DE No. 3320)  
1500 North French Street, 2nd Floor  
Wilmington, Delaware 19801  
(302) 339-8776 telephone  
(302) 213-0043 facsimile

*Attorneys for Movants*