IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>American Home Mortgage Holdings, Inc., a Delaware Corporation, et al.,[1]<br><br>Debtors. | : Chapter 11<br>: Case No. 07-11047 (CSS)<br>: Jointly Administered<br>:<br>:<br>:<br>: Hearing Date: October 2, 2008 at 11:00 a.m.<br>: Related to Docket Nos. 5451, 5554, & 5614<br>: |

## SUPPLEMENTAL STATEMENT OF WELLS FARGO FUNDING, INC. (1) IN SUPPORT OF WELLS FARGO FUNDING, INC.'S OBJECTION TO DEBTORS' DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES MOTION AND (2) IN OPPOSITION TO LETTER DIRECTED TO WELLS FARGO FUNDING, INC.

Wells Fargo Funding, Inc. ("WFF") hereby files this supplemental statement (the "Supplemental Statement") (1) in support of Wells Fargo Funding, Inc.'s Objection to Debtors' Disclosure Statement and Solicitation Procedures Motion and (2) in Opposition to Letter Directed to Wells Fargo Funding, Inc. In support of this Supplemental Statement, WFF respectfully represents as follows:[2]

### SUPPLEMENTAL STATEMENT

1. On September 18, 2008, WFF's counsel received a letter from the Debtors' counsel, dated September 17, 2008 (attached hereto as Exhibit A, the "Letter"), providing that "[u]nder the proposed EPD/Breach Tabulation Rules, holders of EPD/Breach Claims are required to respond to a preliminary informational questionnaire (the "Questionnaire") . . . by

---

[1] The Debtors are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp. (3914); American Home Mortgage Acceptance, Inc. (1979); American Home Mortgage Servicing, Inc. (7267); American Home Mortgage Corp. (1558); American Home Mortgage Ventures LLC (1407); Homegate Settlement Services, Inc. (7491); and Great Oak Abstract Corp. (8580). The address for Debtors is 538 Broadhollow Road, Melville, New York 11747, except for American Home Mortgage Servicing, Inc., whose address if 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection of Wells Fargo Funding, Inc. to (I) Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code With Respect to the Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 and (II) Debtors' Motion for Order Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan and Seeking Related Relief (the "Objection") [Docket No. 5614].

September 30, 2008." Letter from Patrick A. Jackson, Assoc., Young, Conaway, Stargatt, & Taylor, LLP to Paul S. Caruso, Partner, Sidley Austin LLP (September 17, 2008). There is no proper basis to require WFF to comply with the Debtors' demands set forth in the Letter, including completion of the Questionnaire.

2. As an initial matter, this Court has not granted the relief requested in the Debtors' Solicitation Procedures Motion. Specifically, this Court has not approved the Debtors' proposed EPD/Breach Tabulation Rules, and therefore, has not ordered any parties to complete the Debtors' Questionnaire. Rather, the Letter and Questionnaire were drafted by the Debtors and sent to creditors without this Court's review or approval. The Debtors do not have unilateral authority to compel WFF to complete the Questionnaire and return it by an arbitrary deadline or risk being disenfranchised under their proposed solicitation procedures.

3. Next, the Debtors' proposed solicitation procedures provide that "[t]he Debtors shall have served each known Holder of an EPD/Breach Claim with a Preliminary Informational Questionnaire . . . on or before September 5, 2008." Debtors' Motion for Order Approving Disclosure Statement and Approving Solicitation Procedures, p. 11. However, WFF's counsel did not receive the Questionnaire from the Debtors until September 18, 2008—almost two weeks after the deadline set forth in the proposed procedures filed with this Court. Thus, even if the Court were to have approved the solicitation procedures—which it hasn't—the Debtors have prejudiced creditors by failing to deliver the Questionnaire in accordance with their own proposal but not extending the proposed response deadline.

4. Finally, the Letter proposes an unworkable time line to prepare a response. As noted above, WFF's counsel did not receive the Letter until September 18, 2008. Remarkably, the Letter provides that WFF must return the Questionnaire by no later than

September 30, 2008—eight (8) business days from the date WFF received the Letter. WFF's proof of claim alleged damages involving more than 35,000 loans. It is unreasonable to suggest that WFF be required to assemble the data required by the Questionnaire for each of the applicable loans in such a short period of time. It is worth noting that WFF has consistently cooperated with the Debtors over several months and has already responded to a number of the Debtors' inquiries for additional information. Nothing in the Letter or the Questionnaire suggests that the Debtors made any attempt to reconcile the information already provided by WFF with the information now requested in the Questionnaire. WFF should not be placed in the untenable situation of being compelled to expend substantial resources responding to the Debtors' information requests in such a compressed timeframe or risk being disenfranchised if it does not.

\* \* \* \* \*

WHEREFORE, for the reasons stated herein and in the Objection, Wells Fargo Funding, Inc. respectfully requests that the Court enter an order (1) denying the approval of the Disclosure Statement, (2) denying the relief requested in the Solicitation Procedures Motion, and (3) granting such other and further relief as the Court may find just and warranted.

Dated: September 30, 2008

Karen C. Bifferato (No. 3279)
Marc J. Phillips (No. 4445)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-0380

-and-

Paul S. Caruso
Jessica C.K. Boelter
D'Lisia E. Bergeron
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Attorneys for Wells Fargo Funding, Inc.

#638248v1