IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>American Home Mortgage Holdings, Inc., a Delaware Corporation, *et al.*[1]<br><br>Debtors. | : Chapter 11<br>: Case No. 07-11047 (CSS)<br>: Jointly Administered<br><br>Hearing Date: October 8, 2008 at 9:00 a.m.<br>Objection Deadline: September 8, 2008<br>Related to Docket No. 5451, 5554, 6154, & 6156 |

### OBJECTION OF LASALLE BANK NATIONAL ASSOCATION, AS TRUSTEE, TO (I) DEBTOR'S AMENDED DISCLOSURE STATEMENT UNDER SECTION 1125 OF THE BANKRUPTCY CODE REGARDING DEBTORS' AMENDED CHAPTER 11 PLAN OF LIQUIDATION DATED SEPTEMBER 30, 2008 AND (II) DEBTORS' MOTION FOR ORDER ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN AND SEEKING RELATED RELIEF

LaSalle Bank National Association, as the Trustee for the beneficial securityholders of various trusts ("LaSalle"), hereby files this objection (the "Objection") to (i) the *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code With Respect to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of September 30, 2008* (the "Amended Disclosure Statement") [Docket No. 6156] and (ii) *Debtors' Motion for Order (I) Approving the Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, Including (A) Approving Form and Manner of Solicitation Packages, (B) Approving Form and Manner of Notice of the Confirmation Hearing, (C) Establishing Record Date and Approving Procedures For Distribution of Solicitation Packages, (D) Approving Forms of Ballots, (E) Establishing Deadline for Receipt of Ballots, and (F) Approving*

---

[1] The Debtors are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp. (3914); American Home Mortgage Acceptance, Inc. (1979); American Home Mortgage Servicing, Inc. (7267); American Home Mortgage Corp. (1558); American Home Mortgage Ventures LLC (1407); Homegate Settlement Services, Inc. (7491); and Great Oak Abstract Corp. (8580). The address for Debtors is 538 Broadhollow Road, Melville, New York 11747, except for American Home Mortgage Servicing, Inc., whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

*Procedures for Vote Tabulations; (III) Establishing Deadline and Procedures for Filing* [Docket No. 5554] (the "Solicitation Procedures Motion").

## INTRODUCTION

1. LaSalle files this objection to address certain provisions in the Amended Disclosure Statement and the Solicitation Procedures Motion that fail to provide LaSalle and other similarly situated creditors with adequate information such that they can make an informed vote for or against the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of September 30, 2008 (the "Plan"). Before this Court approves the Amended Disclosure Statement, LaSalle respectfully requests this Court to require the Debtors to provide creditors with additional information, which is more fully explained below. Without such additional disclosures, LaSalle requests this Court to deny the Debtors' Motion seeking approval of the Amended Disclosure Statement.

## BACKGROUND

2. On August 6, 2007 (the "Petition Date"), American Home Mortgage Investment Corp. ("AHMIC") and its affiliates (collectively, the "Debtors") filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court (the "Bankruptcy Cases"). The Bankruptcy Cases are jointly administered pursuant to Bankruptcy Rule 1015 and this Court's August 7, 2007 Order [Docket No. 60].

3. The Debtors were one of the largest residential real estate lenders in the United States before they filed their respective bankruptcy petitions. The Debtors' business consisted primarily of originating residential mortgage loans and providing mortgage servicing functions for various trusts.

4. The Court established January 11, 2008 as the deadline for non-governmental

creditors to file proofs of claim. LaSalle timely filed three proofs of claim[2] in the American Home Mortgage Corp. and American Home Mortgage Servicing, Inc. bankruptcies. These proofs of claims involve forty-three separate trusts, containing thousands of loans. As of the date of this Objection, the Debtors have not objected to LaSalle's Proofs of Claim.

5.  On August 28, 2008, the Debtors filed their Solicitation Procedures Motion. The Solicitation Procedures Motion requests, among other things, that the Court (1) approve the original Disclosure Statement and (2) enter an Order approving (i) the form and manner of solicitation packages, (ii) the form of ballots, (iii) deadlines relating to plan confirmation, (iv) procedures relating to creditors' voting rights, and (v) a deadline and further procedures for objecting to plan confirmation.

6.  The Debtors and LaSalle have previously communicated regarding the deadline for submitting answers to the Debtors' Early Payment Default Claim Tabulation Rules as attached to the Solicitation Procedures Motion (the "Questionnaire"). The Debtors originally set the deadline for LaSalle to complete the Questionnaire for September 30, 2008. However, the Debtors have granted LaSalle an extension to provide the information requested in the Questionnaire until October 15, 2008.

7.  The Debtors filed their original Plan and Disclosure Statement on August 15, 2008. This Plan provides for the non-substantive consolidation of the Bankruptcy Cases. On September 30, 2008, the Debtors substantially amended their Disclosure Statement, adding approximately twenty pages of new information. Accordingly, LaSalle files this Objection to address deficiencies in both the Amended Disclosure Statement and in the Solicitation Procedures Motion. A hearing to address these deficiencies has been set for October 8, 2008, at 9:00 am.

---

[2] Proof of Claim Nos. 9014, 9015, and 9016.

- 3 -

LEGAL02/30983628v1

## JURISDICTION

8. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

9. The statutory predicate for the relief LaSalle seeks is 11 U.S.C. § 1125 of the Bankruptcy Code.

## OBJECTION

### I. BECAUSE THE AMENDED DISCLOSURE STATEMENT FAILS TO PROVIDE ADEQUATE INFORMATION TO ALLOW CREDITORS TO VOTE FOR OR AGAINST THE PLAN, THIS COURT SHOULD DENY THE DEBTORS' MOTION TO APPROVE THE AMENDED DISCLOSURE STATEMENT

#### A. The Disclosure Statement Must Contain Adequate Information

10. Section 1125 of the Bankruptcy Code requires Debtors to provide creditors with a disclosure statement containing "adequate information," so creditors can make an informed judgment whether to accept or reject the plan. *See* 11 U.S.C. § 1125(a)(1). Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" as

> information of a kind, and in sufficient detail, as far as is reasonable practicable in light of the nature and history of the debtor and the condition of the debtor's books and records including a discussion of potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

Because both the Court and creditors rely heavily on the disclosure statement, the importance of complete, honest disclosure is imperative. *E.g. Oneida Motor Freight, Inc. v. United Jersey Bank*, 84 F.2d 414, 417 (3d Cir. 1988). Although the facts and circumstances of the case govern whether the debtor has provided creditors with adequate information, where the debtor fails to provide "sufficient financial and operational information to enable each plan participant to make an 'informed judgment' whether to approve or reject the proposed plan," the court should deny

- 4 -

LEGAL02/30983628v1

approval of the disclosure statement. *In re Civitella*, 15 B.R. 206, 208 (Bankr. E.D. Pa. 1981).

11. As set forth below, the Amended Disclosure Statement fails to provide LaSalle and other similarly situated creditors with adequate information to make an informed judgment whether to vote for or against the Plan.

### B. The Amended Disclosure Statement's Deficiencies

12. The Amended Disclosure Statement does not contain adequate information. According to the Amended Disclosure Statement, LaSalle is projected to receive approximately 1.06% of its claim from the American Home Mortgage Corporation estate and .11% of its claim from the American Home Mortgage Servicing, Inc. estate. *See* Amended Disclosure Statement, p. 9. The Amended Disclosure Statement fails to provide, among other things, the valuation methods, calculations, rationale, or financial data the Debtors used in determining LaSalle's estimated recovery percentages. The following is a summary of LaSalle's objections to the identified deficiencies in the Debtors' Amended Disclosure Statement.

a. Although the Amended Disclosure Statement provides an estimated recovery percentage, it fails to provide LaSalle and other similarly situated creditors with the estimated number and dollar amount of claims within each particular class. The Debtors must have had this information to calculate the recovery percentages; therefore, the Debtors should disclose this information.

b. The Amended Disclosure Statement fails to provide LaSalle and other similarly situated creditors with the estimated value of each Debtor's respective assets. The Debtors must have had this information to calculate recovery percentages because the estimated value of the Debtor's assets forms the denominator for recovery percentage calculations; therefore, the Debtors should disclose this information.

LEGAL02/30983628v1

c. The Amended Disclosure Statement's substantive consolidation discussion is bereft of any financial data or other information that would allow LaSalle to determine how a potential substantive consolidation might affect its claims. Instead, the Debtors propose a Stipulated Asset Allocation whereby the Debtors assign a certain percentage of assets to each bankrupt entity. The Amended Disclosure Statement also contains glaring gaps in information regarding the Stipulated Asset Allocation. For instance, the Amended Disclosure Statement fails to explain why American Home Mortgage Corporation ("AMCORP") bears 54.12% of all administrative costs. When this Court looks to the beginning asset values in the Stipulated Asset Allocation, it will see that AMCORP begins with the most assets available for distribution and ends with a residual value comparable to other estates. *See* Amended Disclosure Statement pp. 62-64. The Debtors openly state in their "partnership hypothetical" that they are assuming that expenses fairly represent the relative costs borne by each estate. *See* Amended Disclosure Statement p. 62. Making such assumptions based on unknown, subjective factors only results in a severely dissipated AMCORP estate, which ultimately reduces the distribution LaSalle will receive under the Plan. Creditors are unable to determine whether the Debtors have good reason for such treatment; the Debtors fail to disclose this information, which prevents LaSalle and other similarly situated creditors from obtaining adequate information to be able to form a reasoned decision to vote for or against the Plan. Further, the Debtors fail to provide an analysis of the residual asset value if AMCORP proceeded without the Stipulated Asset Allocation. If the residual asset value is greater without the Stipulated Asset Allocation, it makes little sense both here and in the hypothetical partnership analysis for AMCORP to participate because AMCORP's duty is to maximize value for its residual interest holders—that is, creditors like LaSalle.

d. The Amended Disclosure Statement fails to list the amount of administrative expenses or other priority claims paid to date, amounts outstanding, and estimated payments through Plan Confirmation. Without this information, LaSalle is unable to determine whether to vote for the Plan or whether its interests in these Bankruptcy Cases would be better served under a Chapter 7 liquidation.

e. Finally, LaSalle hereby joins and incorporates the objections and all the arguments contained in the objections filed by Wells Fargo Funding, Inc. [Docket No. 5614], JPMorgan Chase Bank National Association [Docket No. 5795], and CitiMortgage Corporation [Docket No. 5619].

### C. The Solicitation Procedures Motion Violates Fundamental Precepts Under the Bankruptcy Code and Bankruptcy Rules

13. The Solicitation Procedures Motion contains numerous deficiencies regarding its procedures for solicitation and voting on the Plan. Many of the provisions in the Solicitation Procedures Motion violate the fundamentals of bankruptcy law. Thus, this Court should not approve the Solicitation Procedures Motion.

14. Because of the continuance of the Disclosure Statement hearing to October 8, 2008, the existing dates and deadlines as originally proposed in the Debtor's Solicitation Procedures Motion are unrealistic. In some instances, as explained below, the Debtors only allow LaSalle and other creditors a few days to respond. Although there have been two continuances of the Disclosure Statement hearing and although the Debtors have filed a subsequent Amended Disclosure Statement and Plan, the Debtors have not amended the proposed dates for complying with their numerous deadlines. Further, even if there were no continuances or an Amended Disclosure Statement and Plan, the original deadlines listed in the Solicitation Procedures Motion are unworkable.

15.     The provisions in the Solicitation Procedures Motion patently violate the Bankruptcy Code. First, in paragraph 17(b) of the Solicitation Procedures Motion, the Debtors attempt to reduce the value of LaSalle's claims by limiting its vote to "noncontingent and liquidated amount[s]" specified in a particular proof of claim. *See* Sol. P. Mot. ¶ 17(b). Second, in paragraph 17(c) of the Solicitation Procedures Motion, the Debtors attempt to reduce LaSalle's EPD and Breach claims by imposing "EPD/Breach Tabulation Rules" on LaSalle in the form of a Questionnaire. The original deadline for submitting responses to the Questionnaire was September 30, 2008. LaSalle received an extension from the Debtors until October 15, 2008. Even with this extension, the information the Debtors' seek in the Questionnaire creates an unworkable deadline. LaSalle is the Trustee for forty-three different trusts, containing thousands of loans. Requiring LaSalle to assemble all the information requested by the Questionnaire in such a short time period is unreasonable. The consequences of failing to meet the deadline are also unreasonable. If LaSalle misses the Debtors' deadline, LaSalle's EPD/Breach Claims are temporarily allowed for voting purposes for $1.00. This is unjust and improper because LaSalle and other creditors potentially hold multi-million dollar claims in these Bankruptcy Cases. Third, in paragraph 17(e) of the Solicitation Procedures Motion, the Debtors continue to try to disenfranchise LaSalle and other creditors who filed "contingent or unliquidated" claims. Specifically, the Debtors propose to count LaSalle's contingent, unliquidated claims only in determining whether the Plan satisfies the numerosity requirement under Section 1126(c) of the Bankruptcy Code; however, the Debtors state that they will not count the ballots to determine whether the Plan satisfies the aggregate claim amount. *See* Sol. P. Mot. ¶ 17(e).

16.     All the provisions in the Solicitation Procedures Motion stated above are

LEGAL02/30983628v1

improper under Sections 502 and 1126 of the Bankruptcy Code. Under Section 502(a) of the Bankruptcy Code, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Thus, a proof of claim is *prima facie* evidence of the validity and amount of the claim, unless the Debtors object. *See, e.g., In re Planet Hollywood Int'l*, 274 B.R. 391, 394 (Bankr. D. Del. 2001). A party who properly files a proof of claim is therefore entitled to vote the entire amount of that claim, unless the Debtor files an objection. *See id.* After the Debtor files an objection, the Court, after notice and a hearing, may temporarily allow the claim for voting purposes under Section 502(c). 11 U.S.C. § 502(c); Fed. R. Bankr. P. 3018. Rather than filing an objection, the Debtors unilaterally attempt to reduce LaSalle's EPD/Breach claims through its estimation procedures. The Court should prevent the Debtors from circumventing the Bankruptcy Code's requirements.

17. The procedures under paragraphs 18 and 19 of the Solicitation Procedures Motion are equally objectionable. Under paragraph 18, the Debtors set a deadline by which they can file a "Determination Motion" to object to creditors' claims for voting purposes. The deadline is set for no later than eighteen days before the Voting Deadline, which is currently scheduled for October 24, 2008. *See* Sol. P. Mot. ¶ 18. Thus, the Debtors have until October 6, 2008, to object to the creditors' claims for voting purposes. But the Debtors request that the Court hear the Determination Motion at the Confirmation Hearing, which is scheduled for November 12, 2008, far beyond the voting deadline of October 24, 2008. *Id.* It is eminently reasonable that LaSalle and other similarly situated creditors would need to know the amount of their proposed allowed claim for voting purposes before the voting deadline to determine whether to vote for or against the Plan. This provision is therefore unworkable and unreasonable. Similarly, under paragraph 19, the Debtors seek to improperly shift the burden to prove a claim's validity and amount to

- 9 -

LEGAL02/30983628v1

LaSalle and other creditors by forcing LaSalle to bring a "Claims Estimation Motion" to have its claims temporarily allowed for voting purposes if the Debtor decides to file an objection. *See* Sol. P. Mot. ¶ 19. LaSalle does not have a separate duty under the Bankruptcy Code to file a motion to allow its claims for voting purposes; the burden of proving why a claim should be disallowed lies with the Debtors. *See, e.g., Stancill v. Hartford Sands, Inc. (In re Hartford Sands, Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004) (stating that the debtor bears the burden of introducing evidence to "rebut the claims presumptive validity"). Moreover, paragraph 22 of the Solicitation Procedures Motion requires LaSalle and other creditors whose claims to which the Debtors have objected to file a Claims Estimation Motion within four days after the Debtors' objection or else LaSalle's and other entities' claims will be forever barred. *See* Sol. P. Mot. ¶¶ 22, 13. In the current liquidating Chapter 11 case, such a short time frame is manifestly unreasonable and unnecessary. The Debtors have not identified any reason for establishing an arbitrary, short time frame for the various actions it seeks to impose on creditors. Absent any such reasons, one can only conclude it appears to be an attempt by the Debtor to disenfranchise LaSalle and other creditors.

18.   Likewise, the Debtors cannot prevent LaSalle from voting all its claims. In paragraph 21(a) of the Solicitation Procedures Motion, the Debtor seeks to limit the voting rights of creditors holding more than one claim in a particular class. Sol. P. Mot. ¶ 21(a). This paragraph provides:

> For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtor in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

Sol. P. Mot. ¶ 21(a). This provision is ambiguous and contravenes Section 1126 of the

Bankruptcy Code. *See* 11 U.S.C. § 1126. A creditor has the right to vote all its claims because the Section 1126 inquiry does not turn on the number of creditors; it turns on the number of claims. *Avery v. Fisher*, 104 F.2d 719, 725 (5th Cir. 1996); *In re Gilbert*, 104 B.R. 206, 211 (Bankr. W.D. Mo. 1989) (stating that Section 1126's formula focuses on the number of claims, not the number of creditors). LaSalle serves as the Trustee for forty-three separate and unrelated trusts, each of which holds claims independent of other trusts in this case. In addition, each trust has its own set of unique, independent beneficiaries. Therefore, each trust represents a separate group of creditors, and thus each of the forty-three trusts is entitled to a separate vote. To the extent the Debtors are attempting to aggregate all LaSalle's claims or aggregate all the claims of individual trusts into a single vote, this aggregation is improper under the Bankruptcy Code. *See id.*

19.    Finally, the Debtors ask the Court to require LaSalle to remedy objections to the Plan by "propos[ing] language to remedy such objections." Under Section 1121 of the Bankruptcy Code, the Debtors have the initial burden of proposing a Plan. *See* 11 U.S.C. § 1121. Likewise, nowhere in Bankruptcy Rule 3020(b) is there a provision requiring creditors to propose language to remedy their objections. *See* Fed. R. Bank. P. 3020(b). LaSalle fully intends to work with the Debtors to resolve this case in an efficient manner; however, such a provision in this Court's Order is simply unnecessary and not required.

## **RESERVATION OF RIGHTS**

20.    LaSalle reserves its rights to amend, modify, or supplement this Objection in response to, or because of, the filing of any amendment or modification to the Solicitation Procedures Motion or the Amended Disclosure Statement. LaSalle further reserves the right to file any objection to the confirmation of the Plan or any amended plan or supplement thereto and

LEGAL02/30983628v1

to adopt any other objections to the approval of the Amended Disclosure Statement filed by any party.

## CONCLUSION

WHEREFORE, for the foregoing reasons, LaSalle respectfully requests the Court to enter an Order (i) denying the approval of the Amended Disclosure Statement; (ii) denying the Debtors' requested relief in the Solicitation Procedures Motion; and (iii) granting any other relief the Court finds just and appropriate.

WERB & SULLIVAN

/s/ Regina A. Iorii
Regina A. Iorii (#2600)
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, DE 19899
Telephone: (302) 652-1100
Facsimile: (302) 652-1111
riorii@werbsullivan.com

and

ALSTON & BIRD LLP

/s/ J. William Boone
J. William Boone
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7282
Facsimile (404) 253-8494
*Counsel for LaSalle Bank National Association*

Dated: October 6, 2008

LEGAL02/30983628v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th of October, 2008, I caused a copy of the foregoing to be served upon the following counsel of record in the manner indicated.

/s/ Regina A. Iorii
Regina A. Iorii (#2600)

| **BY HAND** | **BY U.S. MAIL** |
|---|---|
| James L. Patton, Jr., Esquire<br>Pauline K. Morgan, Esquire<br>Joel A. Waite, Esquire<br>Young Conaway Stargatt & Taylor LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br><br>(Debtors and Debtors-in-Possession) | Mark S. Indelicato, Esquire<br>Mark T. Power, Esquire<br>Hahn & Hessen LLP<br>488 Madison Avenue<br>New York, NY 10022<br><br>(Official Committee of Unsecured Creditors) |
| **BY HAND**<br><br>Victoria A. Counihan, Esquire<br>Sandra G.M. Selzer, Esquire<br>Greenberg Traurig<br>The Nemours Building<br>1007 North Orange Street, Suite 1200<br>Wilmington, DE 19801<br><br>(WLR Recovery Fund III, as Lender and Administrative Agent) | **BY HAND**<br><br>Joseph M. McMahon, Esquire<br>Office of the United States trustee<br>844 King Street, Suite 2207<br>Wilmington, DE 19801 |
| **BY U.S. MAIL**<br><br>Corinne Ball, Esquire<br>Erica M. Ryland, Esquire<br>I. Lewis H. Grimm, Esquire<br>Jones Day<br>222 East 41st Street<br>New York, NY 10017<br><br>(WLR Recovery Fund III, L.P., as Lender and Administrative Agent) | **BY HAND**<br><br>Bonnie Glantz Fatell, Esquire<br>Blank Rome LLP<br>1201 Market Street, Suite 800<br>Wilmington, DE 19801<br><br>(Official Committee of Unsecured Creditors) |