IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :   Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                     :
                                                                       :   Jointly Administered
      Debtors.                                                         :
---------------------------------------------------------------------- x

**NOTICE OF AMENDED[2] AGENDA OF MATTERS SCHEDULED
FOR HEARING ON OCTOBER 8, 2008 AT 9:00 A.M. (ET)**

1. Certain Individuals' Motion for Order Appointing an Official Committee of Borrowers [D.I. 5675, 9/9/08]

    Objection Deadline:     September 25, 2008 at 8:30 a.m., extended for the Debtors to September 25, 2008 at 9:00 p.m.

    Objections/Responses Filed:

    a)  Objection of the Official Committee of Unsecured Creditors to the Motion for Order Appointing an Official Committee of Borrowers Filed by Movants Tilton Jack, Grace Mullins, Mr. and Mrs. Christopher Bilek, Sam Acquisto, Delena LaMacchia and Paula Rush [D.I. 6112, 9/25/08]

    b)  Debtors' Objection to the Motion for Order Appointing Official Committee of Borrowers Pursuant to Section 1102(a)(2) of the Bankruptcy Code [D.I. 6115, 9/25/08]

    c)  Joinder of Penny D. Montague in Support of Motion for Order Appointing an Official Committee of Borrowers [D.I. 6147, 9/30/08]

    d)  Joinder of Florence Dandridge in Support of Motion for Order Appointing an Official Committee of Borrowers [D.I. 6148, 9/30/08]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., ("AHM Investment") a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., ("AHM Corp.") a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] **Amendments appear in bold.**

    e)    Joinder of Gracie Gravies in Support of Motion for Order Appointing an Official Committee of Borrowers [D.I. 6149, 9/30/08]

    f)    Joinder of Mona Dobben in Support of Motion for Order Appointing an Official Committee of Borrowers [D.I. 6150, 9/30/08]

    g)    Joinder of Johnny and Linda Culpepper in Support of Motion for Order Appointing an Official Committee of Borrowers [D.I. 6151, 9/30/08]

    **h)**    **Letter from DLLR, State of Maryland [D.I. 6190, 10/7/08]**

    **i)**    **Statement of the United States Trustee to the Motion for an Order Appointing an Official Committee of Borrowers Pursuant to Section 1102(a)(2) of the Bankruptcy Code [D.I. 6191, 10/7/08]**

Status: This matter will be going forward.

2.    Disclosure Statement Hearing

Objection Deadline:    September 8, 2008 at 4:00 p.m., extended for the U.S. Trustee to September 10, 2008

Related Documents:

    a)    Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 [D.I. 5450, 8/15/08]

    b)    Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 [D.I. 5451, 8/15/08]

    c)    Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of September 30, 2008 [D.I. 6154, 9/30/08]

    d)    Blackline of Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of September 30, 2008 [D.I. 6155, 9/30/08]

    e)    Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of September 30, 2008 [D.I. 6156, 9/30/08]

    f)    Blackline of Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of September 30, 2008 [D.I. 6157, 9/30/08]

DB02:7422892.2    066585.1001

Objections Filed:

    g)    Response of Gregory Sheffield [D.I. 5523, 8/27/08]

    h)    Response of Angelo Ferricane [D.I. 5541, 8/27/08]

    i)    Response of David A. Blate [D.I. 5547, 9/8/08]

    j)    **Response** of David Crowe [D.I. 5597, 9/3/08]

    k)    Paul Deck's Objection and Rejection of Disclosure Statement in its Entirety and Order Mandating Debtors to Furnish Applicant with Copy of Disclosure Statement [D.I. 5598, 9/8/08]

    l)    Response of Erik Fleishner [D.I. 5599, 9/8/08]

    m)    Objection of Certain California Taxing Authorities [D.I. 5612, 9/8/08]

    n)    Objection of Wells Fargo Funding, Inc. to (I) Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 and (II) Debtors' Motion for Order Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan and Seeking Related Relief [D.I. 5614, 9/8/08]

    o)    CitiMortgage, Inc.'s Objection to Approval of Disclosure Statement with Respect to the Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 [D.I. 5619, 9/9/08]

    p)    Lead Plaintiffs' Objection to Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 [D.I. 5672, 9/9/08]

    q)    Deutsche Bank National Trust Co.'s Joinder in Objection of Wells Fargo Financial Funding Inc. [D.I. 5728, 9/9/08]

    r)    Joinder of County of Nevada, California as Part of the California Taxing Authorities to the Objection to Disclosure Statement by California Taxing Authorities [D.I. 5730, 9/9/08]

    s)    Limited Objection of ACE Group of Companies to Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 [D.I. 5787, 9/10/08]

    t)    Joinder of EMC Mortgage Corporation to Wells Fargo Funding, Inc.'s Objection to (I) Disclosure Statement Pursuant to Section 1125 of the

        Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 and (II) Debtors' Motion for Order Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan and Seeking Related Relief [D.I. 5788, 9/10/08]

u) Objection of JPMorgan Chase Bank, National Association to (I) Proposed Disclosure Statement for Debtors' Chapter 11 Plan of Liquidation and (II) Debtors' Motion for Order Establishing Procedures for Solicitation and Tabulation of Votes [D.I. 5795, 9/10/08]

v) Response of Stan Bergum [D.I. 5817, 9/11/08]

w) **Response** of James Youngman [D.I. 5820, 9/11/08]

x) Response of Gary and Karen Grundy [D.I. 5824, 9/11/08]

y) Response of Sunshine Custom Cleaning [D.I. 5827, 9/11/08]

z) Paula Rush's Objection to the Adequacy of the Disclosure Statement [D.I. 5828, 9/11/08]

aa) **Response** to Disclosure Statement by Mark and Irene White [5829, 9/11/08]

bb) **Response** to Disclosure Statement by Kristin Wolf [D.I. 5831, 9/11/08]

cc) Joinder of County of Yuba, California as Part of California Taxing Authorities to the Objection to Disclosure Statement by California Taxing Authorities [D.I. 5872, 9/15/08]

dd) Limited Objection of Waterfield Shareholder LLC and Union Federal Bank of Indianapolis to Approval of Disclosure Statement with Respect to the Chapter 11 Plan of Liquidation for the Debtors Dated as of August 15, 2008 [D.I. 6102, 9/24/08]

ee) Response of Edward Ekas [D.I. 6120, 9/26/08

ff) Response of Paul Deck [D.I. 6124, 9/26/08]

gg) Response of Joe Sgavicchio [D.I. TBD]

hh) Response of Sherly Fealey [D.I. TBD]

ii) Response of Town of Pine Knoll Shores [D.I. TBD}

jj) Informal Response of Countrywide

kk) Informal Response of SEC

4

ll) Informal Response of IRS

mm) Informal Response of U.S. Trustee

nn) Informal Response of Northwest Trustee

oo) Informal Response of CSFB

pp) Informal Response of Calyon New York Branch

qq) **Response and Reservation of Rights of Bank of America, N.A., as Administrative Agent, to the Debtors' Motion Approving the Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, including (A) Approving Form and Manner of Solicitation Procedures, (B) Approving the Form and Notice of The Confirmation Hearing, (C) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages, (D) Approving Forms of Ballots, (E) Establishing Deadline for Receipt of Ballots, and (F) Approving Procedures for Vote Tabulations; (III) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan, and (IV) Granting Related Relief [D.I. 6152, 9/30/08]**

rr) **Objection of LaSalle Bank National Association, as Trustee, to (i) Debtors' Amended Disclosure Statement Under Section 1125 of the Bankruptcy Code Regarding Debtors' Amended Chapter 11 Plan of Liquidation Dated September 30, 2008 and (II) Debtors' Motion for Order Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan and Seeking Related Relief [D.I. 6185, 10/6/08]**

Status: This matter will be going forward. **For the Court's convenience, a chart summarizing the responses and objections to the Disclosure Statement, and the Debtors' responses thereto, is attached to this Agenda.**

3. Debtors' Motion Approving the Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, including (A) Approving Form and Manner of Solicitation Procedures, (B) Approving the Form and Notice of The Confirmation Hearing, (C) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages, (D) Approving Forms of Ballots, (E) Establishing Deadline for Receipt of Ballots, and (F) Approving Procedures for Vote Tabulations; (III) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan, and (IV) Granting Related Relief [D.I. 5554, 8/15/08]

Objection Deadline: September 8, 2008 at 4:00 p.m., extended for the U.S. Trustee to September 10, 2008

Objections Filed:

    a)    Objection of Wells Fargo Funding, Inc. to (I) Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 and (II) Debtors' Motion for Order Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan and Seeking Related Relief [D.I. 5614, 9/8/08]

    b)    Response and Reservation of Rights of Bank of America, N.A., as Administrative Agent, to the Debtors' Motion Approving the Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, including (A) Approving Form and Manner of Solicitation Procedures, (B) Approving the Form and Notice of The Confirmation Hearing, (C) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages, (D) Approving Forms of Ballots, (E) Establishing Deadline for Receipt of Ballots, and (F) Approving Procedures for Vote Tabulations; (III) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan, and (IV) Granting Related Relief [D.I. 6152, 9/30/08]

    c)    **Objection of LaSalle Bank National Association, as Trustee, to (i) Debtors' Amended Disclosure Statement Under Section 1125 of the Bankruptcy Code Regarding Debtors' Amended Chapter 11 Plan of Liquidation Dated September 30, 2008 and (II) Debtors' Motion for Order Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan and Seeking Related Relief [D.I. 6185, 10/6/08]**

Status: This matter will be going forward.

Dated: Wilmington, Delaware
October 6, 2008

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Patrick A. Jackson
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No 2847)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Margaret B. Whiteman (No. 4652)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for Debtors and Debtors in Possession*

**In re American Home Mortgage Holdings, Inc., et al.**
**Chapter 11 Case No. 07-11047 (CSS)**
**Chart of Objections to Disclosure Statement**

| Party | Nature of Objection(s) | Response |
|---|---|---|
| Gregory Sheffield [D.I. 5523] | Equity interest holder. Argues equity claims should not be expunged, and case should remain open in case additional funds are discovered that could be distributed. | Debtors' counsel sent email explaining relative priority of claims vs. equity interests and that case would remain open post-confirmation. |
| Angelo Ferricane [D.I. 5541] | Former employee. Disclosure statement should be amended to include accrued but unpaid vacation pay as a priority claim. | Debtors' counsel sent email explaining difference between Plan/Disclosure Statement process and claim administration process, and referring claimant to Epiq website for information concerning submission of proof of claim. |
| David Blate [D.I. 5547] | Equity holder. Equity should receive a distribution. | Debtors' counsel called, explained relative priority of claims vs. equity interests. |
| David Crowe [D.I. 5597] | Equity holder. AHM should not be allowed to write off debts to investors, especially 401(k) holders. | Debtors' counsel sent letter explaining relative priority of claims vs. equity interests. |
| Paul Deck [D.I. 5598 & 6124] | Individual creditor. Debtors should furnish him with a free copy of the disclosure statement and his objection deadline should be extended. | Debtors' counsel sent copy of disclosure statement 9/10/08. |
| Erik Fleischner [D.I. 5599] | Equity holder. Objects to expunging of his "claim." | Debtors' counsel sent letter explaining relative priority of claims vs. equity interests. |

| Party | Nature of Objection(s) | Response |
|---|---|---|
| Certain California Taxing Authorities [D.I. 5612 (original) & 5730 (joinder by additional county)] | State tax authorities asserting amended claims for property taxes due on REO acquired postpetition, argue Plan not confirmable because:<br><br>(1) Unclear whether "Miscellaneous Secured Claims" includes secured real property tax claims.<br><br>(2) Plan provision re: payment of interest on Priority Tax Claims ignores 11 U.S.C. § 511.<br><br>(3) Plan does not contain any default provisions if tax claims are not paid.<br><br>(4) Plan should provide that liens continue until claim paid in full. | (1) Amended Disclosure Statement makes clear that Miscellaneous Secured Claims include secured real property tax claims.<br><br>(2) Addressed by amendment to Plan to incorporate § 511.<br><br>(3) Plan provides required treatment of Miscellaneous Secured Claims, and amended Plan provides a specific carve-out from Plan's injunctive provisions for acts taken to enforce Plan Trustee's compliance with Plan. More specific default provisions are unnecessary.<br><br>(4) Plan's treatment of Miscellaneous Secured Claims specifically provides claimant retains lien to secure unpaid amounts. |
| Wells Fargo Funding, Inc. [D.I. 5614 & 6164] | Disclosure statement should include additional information regarding:<br><br>(1) Estimated number and dollar amount of claims asserted against each Debtor<br><br>(2) Estimated value of assets belonging to each Debtor<br><br>(3) Data underlying Stipulated Asset Allocation<br><br>(4) Data underlying EPD/Breach Claims Protocol | (1) Included in amended Disclosure Statement<br><br>(2) Included in amended Disclosure Statement<br><br>(3) Included in amended Disclosure Statement<br><br>(4) Included in amended Disclosure Statement |
| CitiMortgage [D.I. 5619] | Disclosure statement should include additional information regarding:<br><br>(1) Current cash on hand<br><br>(2) Estimated/actual payments or distributions to secured creditors and administrative claimants or estimated distributions to unsecured creditors<br><br>(3) Substantive consolidation analysis and discussion of data underlying Stipulated Asset Allocation<br><br>(4) Value of Debtors' Assets (both liquid and illiquid) or a liquidation analysis | (1) To be included in further amended Disclosure Statement.<br><br>(2) Included in original and amended Disclosure Statement<br><br>(3) Explanation of the decision not to pursue substantive consolidation is adequate. Amended Disclosure Statement provides data underlying the Stipulated Asset Allocation.<br><br>(4) Estimated value of non-litigation assets and liquidation analysis included in amended Disclosure Statement |

| Party | Nature of Objection(s) | Response |
|---|---|---|
| Lead Plaintiffs (Securities Class Action) [D.I. 5672] | Object to adequacy of disclosure statement and plan because:<br><br>(1) Disclosure statement does not provide a description of the Securities Litigation.<br><br>(2) Plan Trustee has unfettered discretion with respect to retention, preservation or destruction of Debtors' files, records, and other documents.<br><br>(3) Extension of stays or injunctions for a period well beyond confirmation is inappropriate and prejudicial to Lead Plaintiffs<br><br>(4) Disclosure Statement does not disclose whether Lead Plaintiffs will be allowed to proceed against the Debtors to the extent of any available insurance proceeds, and does not identify which insurance contracts will be assumed.<br><br>(5) Plan injunction and exculpation provisions are improper and "must affirmatively exclude Lead Plaintiffs' claim against the Non-Debtor Defendants and any other non-Debtors" | (1) Provided in amended Disclosure Statement.<br><br>(2) A confirmation objection, not a disclosure issue.<br><br>(3) A confirmation objection, not a disclosure issue.<br><br>(4) Lead Plaintiffs' securities fraud claims against the Debtors, if any, are subordinated under Bankruptcy Code § 510, and are not entitled to receive any property under the Plan. Nevertheless, Lead Plaintiffs are free under the Plan to seek relief from the automatic stay for the purpose of proceeding against the Debtors and/or their insurance, and the Debtors reserve all rights with respect to any such request. Disclosure of assumed insurance contracts not necessary to provide "adequate information."<br><br>(5) Plan injunction does not cover non-Debtor Defendants, and amended Plan clarifies that nothing in the Plan releases any claims a party in interest may have "against or to any Person for any act, omission, or failure to act that occurred prior to the Petition Date other than in connection with the preparation and filing of the Chapter 11 Cases". |
| Deutsche Bank Nat'l Trust Co. [D.I. 5728] | Joinder in objection of Wells Fargo Funding, Inc. [D.I. 5614] | See above. |
| ACE Insurance Co. [D.I. 5787] | Insurer (excess general liability and D&O), objects to Disclosure Statement because:<br><br>(1) Does not indicate how obligations of Debtors under insurance policies will be performed after the Effective Date.<br><br>(2) Does not address whether rejection of D&O obligations by Debtors will impact any D&O insurance.<br><br>(3) Does not disclose risk that coverage under policies may be jeopardized if Debtors' obligations not performed. | (1) Debtors' obligations will be performed by the Plan Trustee. No further explanation required.<br><br>(2) Insurers' rights preserved by Insurance Neutrality provision in amended Plan.<br><br>(3) Insurers' rights preserved by Insurance Neutrality provision in amended Plan. |

| Party | Nature of Objection(s) | Response |
|---|---|---|
| | (4) Plan provisions re: claim reconciliation and injunction/exculpation "could be read to interfere with the insurers' rights and obligations with respect to Claims that might be covered by ACE's policies," e.g., right and obligation to defend claims, to be subrogated to Debtors' causes of action against others, and to seek contribution from the Debtors. Disclosure statement does not disclose whether this interference is intended or not, or its possible consequences. | (4) Insurers' rights preserved by Insurance Neutrality provision in amended Plan. |
| | (5) Retention of jurisdiction in Plan is very broad and "could be read" to (a) "apply to coverage disputes, subrogation actions, regulatory proceedings, and other actions not within the statutory jurisdiction of the Bankruptcy Courts," and (b) "override any alternative dispute provisions contained in policies or required under state law". Disclosure statement does not indicate that these provisions may prejudice ACE's rights and lead to a breach of the insurance policies. | (5) Retention of jurisdiction provisions are sufficiently clear they are coextensive with, and in no way purport to expand, the Court's statutory jurisdiction. No change to Plan necessary. |
| | (6) Does not indicate whether Plan injunctive provisions will interfere with rights/duties of ACE with respect to claims for which no proof of claim or administrative claim is asserted or jeopardize coverage otherwise available under the policies. | (6) Insurers' rights preserved by Insurance Neutrality provision in amended Plan. |
| | (7) Does not indicate whether Plan will be "insurance neutral". | (7) Addressed by amendment to Plan. |
| | (8) Does not address subrogation, setoff, and recoupment rights of ACE and, to the extent these rights are impaired, fails to disclose whether coverage under policies may be jeopardized. | (8) Insurers' rights preserved by Insurance Neutrality provision in amended Plan. |
| | (9) Does not contain reservation of ACE's rights under its policies and a statement that nothing in the Plan alters/amends the terms, conditions, limitations and exclusions of the insurance policies or the Debtors' obligations thereunder. | (9) Addressed by amendment to Plan. |
| | (10) Does not indicate whether ACE can perform under the insurance policies and applicable non-bankruptcy law without violating the "release and discharge injunction provisions" | (10) Insurers' rights preserved by Insurance Neutrality provision in amended Plan. |
| EMC Mortgage Corp. [D.I. 5788] | Joinder to objection of Wells Fargo Funding, Inc. [D.I. 5614] | See above. |

| Party | Nature of Objection(s) | Response |
|---|---|---|
| JPMorgan Chase Bank, N.A. [D.I. 5795] | Disclosure statement should include additional information regarding:<br><br>(1) Why JPM Secured Claim is classified as against AHM Acceptance rather than AHM Investment.<br><br>(2) Treatment of the JPM Secured Claim, specifically:<br><br>  (a) which of the available options the Debtors believe is likely to fully satisfy the JPM Secured Claim;<br><br>  (b) information regarding how Plan Trustee will adequately protect JPM or how proposed treatment will be indubitable equivalent of payment in full, in cash,<br><br>  (c) information as to how the Debtors intend to address the Disputed REO Escrow<br><br>(3) The EPD/Breach Claims Protocol, including the methodology and basis therefor. JPM objects that protocol will permit Debtors to reduce *prima facie* valid EPD/Breach Claims "by as much as 100% without any evidentiary showing".<br><br>(4) The Stipulated Asset Allocation.<br><br>(5) Joins in objection of Wells Fargo Funding, Inc. [D.I. 5614] | (1) Addressed by amendment to the Plan.<br><br>(2) These are confirmation objections, not disclosure objections. Nevertheless:<br><br>  (a) Debtors need not specify which option if all options would satisfy cramdown;<br><br>  (b) Debtors' legal theory regarding adequate protection and indubitable equivalence is set forth in their objection to JPM's stay relief motion [D.I. 6153], which is currently set for trial in mid-November;<br><br>  (c) Debtors need not provide for resolution of all disputes in Plan; all rights of JPM, the Debtors, and the Plan Trustee with respect to the Disputed REO Escrow are reserved.<br><br>(3) Methodology/basis of EPD/Breach Claims Protocol addressed more fully in amended Disclosure Statement.<br><br>(4) Additional information provided in the amended Disclosure Statement.<br><br>(5) See above. |
| Stan Bergum [D.I. 5817] | Deferred compensation claimant. Objects to reduction of claim. | None required. Appears to be a mis-captioned response to omnibus claim objection, which was forwarded to responsible attorney. Debtors' counsel sent letter explaining difference between Plan/Disclosure Statement and claim allowance processes. |
| James Youngman [D.I. 5820] | Equity holder. Objects to non-payment of equity claims, requests allowance of a claim on account of lost value of stock. | Debtors' counsel sent letter explaining priority of claims vs. equity interests. |
| Gary & Karen Grundy [D.I. 5824] | Equity holders. Objection to non-payment on equity interests, request payment in accordance with preferred stock prospectuses. | Debtors' counsel sent letter explaining priority of claims vs. equity interests. |

| Party | Nature of Objection(s) | Response |
|---|---|---|
| Sunshine Custom Cleaning, Inc. [D.I. 5827] | Creditor. Requests allowance of claim for post-petition services. | Debtors' counsel left message explaining difference between Disclosure Statement and claim reconciliation processes, leaving contact information for Epiq. |
| Paula Rush [D.I. 5828] | Borrower with pending litigation. Objects that: (1) Nothing in disclosure statement discusses treatment of pending or future litigation claims. (2) Debtors cannot discharge fraud liability. (3) Plan exculpation and injunction provisions should not affect her litigation, which falls within the 11 U.S.C. § 362(b)(4) regulatory exception. (4) Debtors' former "financing partners" will recover 100% and pending/future litigation claimants are the only constituency not protected. (5) Should include proposed language permitting her to pursue her litigation remedies. (6) Should include proposed language clarifying litigants can proceed against non-Debtor parties. (7) Adopts "objection" filed by Zuckerman Spaeder and Gilbert Randolph on behalf of all borrowers. | Debtors' counsel sent email explaining, among other things, treatment of litigation claims under the Plan. By way of further response: (1) Litigation claims will be liquidated in accordance with the claim reconciliation process along with other types of claims. (2) The Plan does not discharge any liability, whether due to fraud or otherwise. (3) Amended Plan clarifies that Debtors are protected only by the automatic stay, in which case § 362(b) will apply to whatever extent it applies. Irrespective of whether Ms. Rush's action falls within § 362(b)(4), she has already obtained relief from the stay and is free to pursue her litigation remedies, such as they are. (4) Litigation claimants are treated the same as other general unsecured creditors under the Plan. No general unsecured creditors are expected to recover 100% on their claims. (5) As noted above, Ms. Rush already has stay relief and is free to pursue her litigation remedies. (6) Addressed by amendment to Plan generally reserving rights of parties in interest with respect to claims "against or to any Person for any act, omission, or failure to act that occurred prior to the Petition Date other than in connection with the preparation and filing of the Chapter 11 Cases". (7) To be addressed at hearing. |
| Mark & Irene White [D.I. 5829] | Borrowers. Attach documentation relating to filed proof of claim. | Debtors' counsel sent letter to claimant explaining Disclosure Statement vs. claim reconciliation processes, and forwarded documentation to Epiq to be filed along with creditor's proof of claim. |

| Party | Nature of Objection(s) | Response |
|---|---|---|
| Kristin Wolf [D.I. 5831] | Borrower. Requests allowance of $1,176.87 claim resulting from account deficiency created by AHM's failure to transfer funds to purchaser upon sale of loan. | Appears to be a mis-captioned response to an omnibus claim objection. Debtors' counsel called and explained Disclosure Statement vs. claim reconciliation process, forwarded Ms. Wolf's correspondence to the attorney responsible for claim objections. |
| Union Federal Bank & Waterfield Shareholder, LLC [D.I. 6102] | Disclosure statement description of Waterfield litigation is "inaccurate and misleading by providing vague descriptions of the claims asserted by both parties in the litigation". | Much of the language proposed by Union Federal and Waterfield would constitute admissions against the Debtors' interests in the pending litigation. Other language is itself inaccurate and misleading. Absent a mutually agreeable description, the Disclosure Statement will be amended to highlight those portions of the Debtors' description the objectors propose to change and to include the proposed revised language in a footnote. |
| Edward D. Ekas [D.I. 6120] | Equity holder. General objection to disclosure statement attaching stock trade confirmation notices. | Debtors' counsel sent letter explaining relative priority of claims vs. equity interests. |
| Joe Sgavichio [D.I. TBD] | Equity holder who filed proof of claim. Would like to now what his claim will be paid and when. Contacted Debtors' counsel but received no response. | Debtors' counsel called, explained relative priority of claims vs. equity interests. |
| S. Fealey [D.I. TBD] | Borrower. Not sure why s/he keeps getting notices, because loan was sold to Wells Fargo. | Debtors' counsel left message explaining how service lists in bankruptcy cases are often overinclusive. |
| Pine Knoll Shores, NC Tax Collector [D.I. TBD] | Invoice for 2008 taxes in the amount of $923.71 for American Home Mortgage Servicing, Inc., attaches notice of disclosure statement. | Debtors' counsel left message providing contact information for Epiq, explaining that American Home Mortgage Servicing, Inc. ("Servicing") is no longer operated by the Debtors. Will forward invoice to Servicing. |
| Countrywide (informal) | Proposed certain changes to EPD/Breach Claims Protocol, Disclosure Statement description thereof, reserves rights to formally object to protocol at confirmation. | Debtors have conferred with Countrywide regarding the EPD/Breach Claims Protocol and are considering Countrywide's proposals. Discussions are ongoing. |

| Party | Nature of Objection(s) | Response |
|---|---|---|
| SEC (informal) | (1) Plan must require AHM Investment to be dissolved.<br>(2) Plan injunction should not preclude SEC from investigating the Debtors.<br>(3) Exculpation provision should not affect rights of SEC against third parties.<br>(4) Plan must provide for filing of SEC Form 15 for AHM Investment. | (1) Addressed by amendment to Plan.<br>(2) Addressed by amendments to Plan.<br>(3) Addressed by amendment to Plan generally reserving rights of any party in interest "against or to any Person for any act, omission, or failure to act that occurred prior to the Petition Date other than in connection with the preparation and filing of the Chapter 11 Cases"<br>(4) Addressed by amendment to Plan. |
| IRS (informal) | (1) Priority Tax Claims should be paid quarterly, not annually.<br>(2) Interest on Priority Tax Claims should be payable in accordance with 11 U.S.C. § 511. | (1) Addressed by amendment to Plan.<br>(2) Addressed by amendment to Plan. |
| U.S. Trustee (informal) | Commented on Plan, including.<br>(1) Disclosure statement should include additional financial information, updated status of motions/litigation described in background section.<br>(2) Plan injunction should clarify scope and provide that party injured by willful violation "may" recover damages (not "shall"). | (1) Additional disclosure included in amended Disclosure Statement and to be included in further amended Disclosure Statement.<br>(2) Addressed by amendment to Plan. |
| Northwest Trustee (informal) | Sought clarification regarding treatment of administrative claim that will be payable if Northwest Trustee prevails in the pending fee app dispute | Debtors' counsel represented this would constitute a disputed administrative claim that would need to be reserved for in the S/A/P Claims Reserve in order for the Plan to go effective. |
| CSFB (informal) | Proposed changes to Disclosure Statement description of CSFB litigation to more accurately reflect Court's ruling. | Addressed by amendment to Disclosure Statement. |
| Calyon New York Branch (Informal) | Requested changes to description of Calyon repo claims. | Addressed by amendment to Disclosure Statement. |
| Bank of America, N.A. (reservation of rights) [D.I. 6152] | BofA has provided comments on Plan and Disclosure Statement and generally reserved rights to raise issues at the hearing and at confirmation. | Debtors have been working with BofA with respect to its comments on the Plan and Disclosure Statement. |

| Party | Nature of Objection(s) | Response |
|---|---|---|
| LaSalle Bank, N.A. [D.I. TBD] | Disclosure Statement should include additional information regarding:<br><br>(1) Valuation methods, calculations, rationale, or financial data used in determining estimated recovery percentages.<br><br>(2) Estimated number and dollar amount of claims in each class.<br><br>(3) Estimated value of each Debtor's respective assets.<br><br>(4) Substantive consolidation and how it would affect LaSalle's claims.<br><br>(5) Factors underlying the Stipulated Asset Allocation.<br><br>(6) Residual asset value absent Stipulated Asset Allocation.<br><br>(7) Amount of administrative expenses and other priority claims paid to date, amounts outstanding, and estimated payments through confirmation date.<br><br>(8) Joins in objections of Wells Fargo Funding [D.I. 5614], JPM [Docket No. 5795] and CitiMortgage [D.I. 5619] | (1) Included in amended Disclosure Statement. Additional information may be provided in further amended Disclosure Statement.<br><br>(2) Included in amended Disclosure Statement. Additional information may be provided in further amended Disclosure Statement.<br><br>(3) Included in amended Disclosure Statement. Additional information may be provided in further amended Disclosure Statement.<br><br>(4) Discussion of substantive consolidation is adequate. Whether and how substantive consolidation would affect LaSalle's claims is irrelevant in the absence of factors supporting substantive consolidation.<br><br>(5) Included in original and amended Disclosure Statement. Additional information may be provided in further amended Disclosure Statement.<br><br>(6) Provided in the liquidation analysis.<br><br>(7) Included in amended Disclosure Statement. Additional information may be provided in further amended Disclosure Statement.<br><br>(8) See above. |