## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

In re:                                                                    :     Chapter 11

                                                                          :

AMERICAN HOME MORTGAGE HOLDINGS, INC., :     Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                              :

                                                                          :     Jointly Administered

        Debtors.                                                   :
                                                                          :     **Objection Deadline: November 5, 2008 at 4:00 p.m. (ET)**
                                                                          :     **Hearing Date: November 12, 2008 at 10:00 a.m. (ET)**

---------------------------------------------------------------- x

### DEBTORS' TWENTIETH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The above-captioned debtors and debtors in possession (the "Debtors") hereby

object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on

Exhibits A, B, C, D, and E to the proposed form of order (the "Proposed Order") attached hereto

as Exhibit VII,[2] pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules") and request the entry of

an order reassigning or disallowing and expunging in full each of the Disputed Claims as

indicated in further detail below.  In support of this Objection, the Debtors rely on the

Declaration of Puneet Agrawal in Support of the Debtors' Twentieth Omnibus (Non-

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]     The Debtors do not object to any claims listed on the exhibits to the Proposed Order that are identified as "Surviving Claims," and the term "Disputed Claims" as used herein does not include such "Surviving Claims."

Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,

Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as Exhibit I.  In

further support, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought

herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2.      On August 6, 2007 (the "Petition Date"), the Debtors each filed a

voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  Each

Debtor is continuing to operate its business and manage its properties as a debtor in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to an order of this Court.

4.      On August 14, 2007, the United States Trustee for the District of Delaware

appointed an Official Committee of Unsecured Creditors (the "Committee").  No trustee or

examiner has been appointed.

## BAR DATE AND PROOFS OF CLAIM

5.      On August 17, 2007, this Court entered an order [Docket No. 1708]

appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these

chapter 11 cases [Docket No. 222].  Epiq is authorized to maintain (i) all proofs of claim filed

against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims

database containing, inter alia, information regarding the name and address of each claimant, the

date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6.    On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date (the "Claims") and approving the form and manner of notice of the Bar Date.  Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business.  In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007.  Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

7.    To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

### RELIEF REQUESTED

8.    By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, reassigning or disallowing and expunging in full each of the Disputed Claims as indicated in further detail below.  This Objection complies in all respects with Local Rule 3007-1.

## I.    Duplicate Claims

9.    The claims identified under the column titled "Objectionable Claims" on Exhibit A to the Proposed Order (the "Duplicate Claims") are duplicative of the previously-filed proofs of claim identified under the column titled "Surviving Claims" on Exhibit A.  The Debtors believe that it was not the intention of the claimants asserting such claims to seek a double recovery against the Debtors' estates.  Instead, the filing of Duplicate Claims appears to be a function of claimants filing multiple Proof of Claim forms on account of a single claim or filing the same claim with multiple parties (e.g. Epiq, the Debtors, Debtors' Counsel and/or the Clerk of the Bankruptcy Court).  Regardless of the claimants' reasons for filing the Duplicate Claims, however, only one claim should be allowed for each claimant.

10.    Failure to disallow the Duplicate Claims will result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases.  Accordingly, the Debtors hereby object to the Duplicate Claims and request entry of an order disallowing and expunging in full each of the Duplicate Claims identified on Exhibit A.

## II.    Equity Interest Claims

11.    The claims listed in Exhibit B to the Proposed Order (the "Equity Interest Claims") were filed by parties on account of asserted equity interests held by such parties in the Debtors.  The Debtors object to the Equity Interest Claims because they were each filed by a shareholder based solely on ownership of stock of the Debtors, and not on account of damages or a claim against the Debtors.[3]  Therefore, the Debtors hereby object to the Equity Interest Claims

---

[3]    The Debtors do not seek by this Objection to expunge any equity interests asserted by the parties that filed the Equity Interest Claims.

and request entry of an order disallowing in full and expunging each of the Equity Interest Claims.

### III.    Wrong Debtor Claims

12.    The claims listed in Exhibit C to the Proposed Order (the "Wrong Debtor Claims") were filed by the claimants against certain of the Debtors under the case numbers listed under the column titled "Objectionable Claims" on Exhibit C. Most of the claimants asserting the Wrong Debtor Claims failed to list any Debtor in their claims. On Exhibit C, these claimants have "unspecified" listed in the column titled "Objectionable Claims." After reviewing their books and records, the Debtors believe they have determined which Debtor each Wrong Debtor Claim should have been filed against and have listed a new case number for each Wrong Debtor Claim under the column titled "New Case Number" (the "New Case Numbers"). The Debtors believe that the claimants asserting the Wrong Debtor Claims intended to file their claims under the respective New Case Numbers.

13.    Failure to reassign the Wrong Debtor Claims would result in claims being improperly asserted. Therefore, to correct the claims register, the Debtors hereby object to the Wrong Debtor Claims and request entry of an order reassigning each of the Wrong Debtor Claims to their respective New Case Numbers.

### IV.    Satisfied Claims

14.    The Debtors have reviewed their books and records, which the Debtors believe to be correct, and determined that the claims listed in Exhibit D to the Proposed Order (the "Satisfied Claims") have been satisfied by the Debtors post-petition in accordance with the Bankruptcy Code, applicable rules or an order of this Court. Failure to disallow and expunge the Satisfied Claims would result in the applicable claimants receiving and unwarranted double

recovery. Therefore, the Debtors hereby object to the Satisfied Claims and request entry of an order disallowing in full and expunging each of the Satisfied Claims.

### V.    No Supporting Documentation Claims

15.    The claims listed in <u>Exhibit E</u> to the Proposed Order (the "<u>No Supporting Documentation Claims</u>") were submitted without any documentation supporting the alleged claims. Local Rule 3007-1(d)(vi) provides that debtors may object on a non-substantive basis to "claim[s] without any supporting documents attached thereto." To comply with the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is *prima facie* valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure." <u>In re Planet Hollywood Int'l</u>, 247 B.R. 391, 395 (Bankr. D. Del. 2001). The claimants asserting the No Supporting Documentation Claims failed to allege any facts to support their claims and therefore their claims are not *prima facie* valid. <u>See</u> <u>in re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid."). Because the No Supporting Documentation Claims are not *prima facie* valid, the Debtors hereby object to them and request that an order be entered disallowing in full and expunging each of the No Supporting Documentation Claims.

### <u>RESERVATION OF RIGHTS</u>

16.    The Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

17.    The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the Debtors' postpetition lender; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

18.    The Debtors have also provided an individualized notice, in the forms attached hereto as Exhibits II, III, IV, V, and VI corresponding to each of the claimants identified on Exhibits A, B, C, D, and E to the Proposed Order. Each claimant's notice lists the claimant's name and address, the basis for the Debtors' objection, as well as the amount of and the claim number assigned to their claim that is covered by this Objection and the number and amount of their surviving claim, if any. Because Exhibits II, III, IV, V, and VI hereto and Exhibits A, B, C, D, and E to the Proposed Order are voluminous, the Debtors have omitted them from the copies of the Objection served on the claimants who asserted the Disputed Claims. All pertinent information regarding each claimant's Disputed Claim is included in that claimant's respective individualized notice. However, to the extent a claimant wishes to receive a copy of Exhibits II, III, IV, V, and VI hereto or Exhibits A, B, C, D, and E to the Proposed Order, such claimant may submit an email request to Debbie Laskin at dlaskin@ycst.com. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit VII,</u>  sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: October 10, 2008
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Edward J. Kosmowski (No. 3849)
Margaret B. Whiteman (No. 4652)
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession