Deed Book 43862 Pg 678

notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

Deed Book 43862 Pg 679

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale granted by Borrower and any other remedies permitted by Applicable Law. Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give a copy of a notice of sale by public advertisement for the time and in the manner prescribed by Applicable Law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Lender determines. Lender or its designee may purchase the Property at any sale.

Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in the Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by Applicable Law.

If the Property is sold pursuant to this Section 22, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with Applicable Law.

23. Release. Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Waiver of Homestead. Borrower waives all rights of homestead exemption in the Property.

25. Assumption Not a Novation. Lender's acceptance of an assumption of the obligations of this Security Instrument and the Note, and any release of Borrower in connection therewith, shall not constitute a novation

26. Security Deed. This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

DOC #:323103    APPL #:0001488361    Initials _____    Form 3011  1/01
GA(GA) (mm)                         Page 13 of 14

Deed Book 43862 Pg 680

BORROWER ACCEPTS AND AGREES to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

_____ (Seal)
Lloyd Nelson                    Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                Borrower

STATE OF GEORGIA, California,                    County ss: Los Angeles
Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

Greg A. Miller  Greg A. Miller
Notary Public,                                County Los Angeles
State of Georgia California

GREG A. MILLER
Commission # 1478889
Notary Public - California
Los Angeles County
My Comm. Expires Mar 9, 2008

DOC  #-327104                   APPL #-0001488363

-6A(GA) (0008)                  Page 14 of 14                Form 3011  1/01

Deed Book 43862 Pg   681

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Los Angeles_ } ss.

On _10/25/06_ , before me, _Greg A. Miller, A Notary Public_
Date                                      Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally   appeared   _Lloyd Nelson_ _____
Name(s) of Signer(s)

_____

☐ personally known to me

☒ proved to me on the basis of satisfactory evidence
to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the
entity upon behalf of which the person(s) acted,
executed the instrument.

GREG A. MILLER
Commission # 1475689
Notary Public - California
Los Angeles County
My Comm. Expires Mar 9, 2008

Place Notary Seal Above

WITNESS my hand and official seal.

_Greg A. Mill._
Signature of Notary Public

──────────── OPTIONAL ────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document
and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____   Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____
_____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____
_____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

© 2004 National Notary Association · 9350 De Soto Ave., P.O. Box 2402 · Chatsworth, CA 91313-2402   Item No. 5907   Reorder: Call Toll-Free 1-800-876-6827

Deed Book 43862 Pg  682

:

# SECOND HOME RIDER

THIS SECOND HOME RIDER is made this 25th day of October, 2006, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower" whether there are one or more persons undersigned) to secure Borrower's Note to AHM Mortgage

(the "Lender") of the same date and covering the Property described in the Security Instrument (the "Property"), which is located at:

138 Little Street SE, Atlanta, GA  30315

[Property Address]

In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree that Sections 6 and 8 of the Security Instrument are deleted and are replaced by the following:

**6. Occupancy.** Borrower shall occupy, and shall only use, the Property as Borrower's second home. Borrower shall keep the Property available for Borrower's exclusive use and enjoyment at all times, and shall not subject the Property to any timesharing or other shared ownership arrangement or to any rental pool or agreement that requires Borrower either to rent the Property or give a management firm or any other person any control over the occupancy or use of the Property.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's second home.

DOC  #:319841                    APPL #:0001488361
MULTISTATE SECOND HOME RIDER - Single Family -
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
    UN31 0011                    Page 1 of 2                    Initials         Form 3890 1/01
-365R (0011)                VMP MORTGAGE FORMS - (800)521-7291

Deed Book 43862 Pg   683

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Second Home Rider

_____ (Seal)
Lloyd Nelson
- Borrower

_____ (Seal)
- Borrower

_____ (Seal)
Borrower

_____ (Seal)
Borrower

_____ (Seal)
Borrower

_____ (Seal)
Borrower

_____ (Seal)
- Borrower

_____ (Seal)
- Borrower

DOC   #:319842          APPL #:0001488361
365R (0211)                Page 2 of 2                        Form 3890 1/01

Deed Book 43862 Pg   684

# ADJUSTABLE RATE RIDER
### (6-Month LIBOR Index - Rate Caps)
### (Assumable during Life of Loan) (First Business Day of Preceding Month Lookback)

THIS ADJUSTABLE RATE RIDER is made this 25th    day of   October, 2006
and is incorporated  into and shall be deemed  to amend  and supplement   the Mortgage,
Deed of Trust, or Security Deed (the "Security  Instrument")  of the same date given by the
undersigned   (the "Borrower") to secure  the Borrower's  Adjustable  Rate Note (the "Note") to
AHM Mortgage

(the  "Lender") of the  same   date   and  covering   the property   described   in  the  Security
Instrument and located at:
138 Little Street SE. Atlanta, GA  30315

[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE
INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE
AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY
ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.

ADDITIONAL COVENANTS.  In addition  to the covenants  and agreements   made in the
Security Instrument, Borrower and Lender further covenant and agree as follows:

A. INTEREST RATE AND MONTHLY PAYMENT CHANGES
The Note provides  for an initial interest  rate of                     7.875  %. The Note
provides for changes in the interest rate and the monthly payments, as follows:

4. INTEREST RATE AND MONTHLY PAYMENT CHANGES
(A) Change  Dates
The interest  rate I will pay may change  on the first day of  November, 2011
and may change  on that day every  sixth  month  thereafter.  Each date on which  my interest
rate could change is called a "Change Date."

DOC #:319901           APPL #:0001488361
MULTISTATE  ADJUSTABLE   RATE RIDER 6-Month  LIBOR Index (Assumable    during
Life of Loan) (First Business    Day Lookback)  - Single  Family - Freddie  Mac UNIFORM
INSTRUMENT     UM51 0404
-815R  (0404)  Form 5120 3/04
Page 1 of 4      Initials: _____
VMP Mortgage Solutions
(800)521-7291

Deed Book 43862 Pg 685

If Lender exercises this option, Lender shall give Borrower notice of acceleration The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

To the extent the provisions of this addendum conflict with the provisions of the Note, Security Instrument or Adjustable Rate Rider, this Addendum shall control

In Witness Thereof, Trustor has executed this addendum.

_____
Witness

_____October 25, 2006_____          _____
Date                                    Borrower Signature    Lloyd Nelson

1201 LIBOR Addendum to Note
Doc # 944539/ Image: 944539.prn   App# 0001488361

AHM-2010R(MULT)(10/05)

Deed Book 43862 Pg  686

# ADDENDUM TO ADJUSTABLE RATE RIDER

This addendum is made ___October 25th, 2006_____ and is incorporated into and deemed to amend and supplement the Adjustable Rate Rider of the same date

The property covered by this addendum is described in the Security Instrument and located at :

139 Little Street SE  Atlanta, GA  30315

## AMENDED PROVISIONS
In addition to the provisions and agreements made in the Security Instrument, I/we further covenant and agree as follows.

## ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES
### Limits on Interest Rate Changes
The interest rate I am required to pay at the first Change Date will not be greater than __12.875__% or less than __2.875__%. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than __1.000__ percentage point(s) ( __1.000__ %) from the rate of interest I have been paying for the preceding six (6) months My interest rate will never be greater than __12.875__% My interest rate will never be less than __2.250__ %.

## TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

Uniform Covenant 18 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower  As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument  This loan is not assumable. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law

1202 LIBOR Addendum to Rider
Doc # 944277  Image: 944277.prn  App# 0001488361                          AHM-2011R(Mult) (10/05)

Deed Book 43862 Pg  687

If Lender exercises this option, Lender shall give Borrower notice of acceleration
The notice shall provide a period of not less than 30 days from the date the notice is given
in accordance with Section 15 within which Borrower must pay all sums secured by this
Security Instrument. If Borrower fails to pay these sums prior to the expiration of this
period, Lender may invoke any remedies permitted by this Security Instrument without
further notice or demand on Borrower

To the extent the provisions of this addendum conflict with the provisions of the
Note, Security Instrument or Adjustable Rate Rider, this Addendum shall control

In Witness Thereof, Trustor has executed this addendum

_____  _____ ___
Witness

_____October 25, 2006_____        _____
Date                              Borrower Signature  Lloyd Nelson

1203 LIBOR Addendum to Rider
Doc # 944540. Image: 944540.prn  Appl# 0001488361

AHM-2010R(MULT) (10 05)

Deed Book 43862 Pg 688

## INTEREST-ONLY ADDENDUM
### ADJUSTABLE RATE RIDER

THIS INTEREST-ONLY ADDENDUM is made this ___25th___ day of ___October___ ___2006___ and is incorporated into and shall be deemed to amend and supplement the Adjustable Rate Note (the "Note") and the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to ___AHM Mortgage___ ("Lender") of the same date and covering the property described in the Security Instrument and located at ___138 Little Street SE, Atlanta, GA___ ___30315___.

[Property Address]

THIS ADDENDUM SUPERSEDES Section 3(A) and (B), and adds Section 4(G) of the Note. Section 4C of the Note is subject to the new section 4(G) below. None of the other provisions of the Note are changed by this addendum.

3.    PAYMENTS

   (A)    Time and Place of Payments

   I will make a payment on the first day of every month beginning ___December 1, 2006___. Before the First Principal and Interest Payment Due Date as described in Section 4 of this Note, my payment will consist only of the interest due on the unpaid principal balance of this Note. Thereafter, I will pay principal and interest by making a payment every month as provided below.

   I will make my monthly payments of principal and interest beginning on the First Principal and Interest Payment Due Date as describe in Section 4 of this Note. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest, it will be applied to interest before Principal. If, on ___November 1, 2036___, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

   I will make my monthly payments at ___PO Box 660029, Dallas, TX 75266-0029___ _____ or at a different place if required by the Note Holder.

   (B)    Amount of My Initial Monthly Payments

   My monthly payment will be in the amount of U.S $ ___1,575.00___ before the First Principal and Interest Payment Due Date, and thereafter will be in amount sufficient to repay the principal and interest at the rate determined as described in Section 4 of this Note in substantially equal installments by the Maturity Date. The Note Holder will notify me prior to the date of change in monthly payment.

4.    ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES

   (G)    Date of First Principal and Interest Payment

   The date of my first payment consisting of both principal and interest on this Note (the "First Principal and Interest Payment Due Date") shall be ___December 1, 2016___.

Deed Book 43862 Pg 689

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Interest-Only Addendum

_____ (Seal)          _____ (Seal)
Lloyd Nelson                -Borrower                                   -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                   -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                   -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                   -Borrower

[Sign Original Only]

Deed Book 43862 Pg   690

GEORGIA

GRANTOR   Lloyd Nelson

LENDER    AHM Mortgage

DATE OF SECURITY DEED     October 25, 2006

## WAIVER OF BORROWER'S RIGHTS

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE RIGHT TO ACCELERATE THE DEBT AND THE POWER OF ATTORNEY GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NON-JUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE, OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF, (2) WAIVES ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTIONS FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW, TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF, (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED

READ AND AGREED BY GRANTOR

Signed, Sealed and delivered in the presence of

_Hannah Folsom_                         _Lloyd Nelson_                    (Seal) Grantor

_Greg A. Miller_                                                          (Seal) Grantor

                                                                         (Seal) Grantor

Notary Public

                                                                         (Seal) Grantor

## CLOSING ATTORNEY'S AFFIDAVIT

Before me, undersigned attesting officer, personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Deed to Secure Debt and "Waiver of the Borrower's Rights" by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions of the Deed to Secure Debt and particularly the provisions therein authorizing the Lender to sell the secured property by a non-judicial foreclosure under a power of sale, together with the "Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's right under the Constitution of the State of Georgia and the Constitution of the United States, to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower(s) of Borrower's rights. After said review with and explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and "Waiver of Borrower's Rights".

Based on said review with and explanation to Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's constitutional right to notice and judicial hearing prior to any such non-judicial foreclosure.

Sworn to and subscribed before me          _Lloyd Nelson_

_Greg A. Miller_                                                        (the above set forth above)

_Greg A. Miller_

Notary Public                                                           Closing Attorney

## FORECLOSURE CLOSING DISCLOSURE

O.C.G.A. Section 7-1-1814(3) requires that we inform you that if you fail to meet any condition or term of the documents that you sign in connection with obtaining a mortgage loan you may lose the property that serves as collateral for the mortgage loan through foreclosure.

_Lloyd Nelson_

GREG A. MILLER
Commission # 1475689
Notary Public - California
Los Angeles County
My Comm. Expires Mar 9, 2008

Deed Book 43862 Pg 691
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Los Angeles_ } ss.

On _10/25/06_ , before me, _Greg A. Miller, A Notary Public_
　　　　Date　　　　　　　　　　　　　Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally　appeared　_Lloyd Nelson_
　　　　　　　　　　　　　　　　Name(s) of Signer(s)

---

☐ personally known to me

☑ proved to me on the basis of satisfactory evidence
to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the
entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal.

_Greg A. Miller_
　　　　Signature of Notary Public

**GREG A. MILLER**
Commission # 1475689
Notary Public - California
Los Angeles County
My Comm. Expires Mar 9, 2008

Place Notary Seal Above

---

## OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document
and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

---

© 2004 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402　　Item No. 5907　　Reorder: Call Toll-Free 1-800-876-6827

# EXHIBIT C

# TO AHM'S COMPLAINT

Deed Book 43862 Pg  692
Filed and Recorded Nov-13-2006 08:30am
2006-0375091
Georgia Intangible Tax Paid $240.00
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

*Raskin & Gabowitz*
325 Hammond Drive
Suite #114
Atlanta, GA 30328

After Recordation Return to:
AHM Mortgage
520 Broadhollow Road
Melville, NY 11747

SECURITY DEED     MIN 100024200014886051

THIS DEED is made this   25th     day of   October, 2006
Lloyd Nelson, A Single Person                        , between the Grantor,

(herein "Borrower"), and the Grantee,
Mortgage Electronic Registration Systems, Inc., ("MERS") solely as nominee for Lender, as hereinafter defined, and Lender's
successors and assigns). MERS is organized and existing under the laws of Delaware and has an address and telephone number of
P.O. Box 2026, Flint, MI 48501-2026, tel (888) 679-MERS
AHM Mortgage

("Lender") is organized and existing under the laws of   State of New York
and has an address of  520 Broadhollow Road, Melville, NY 11747

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S.$  80,000.00
which indebtedness is evidenced by Borrower's note dated   October 25, 2006
and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the
balance of the indebtedness, if not sooner paid, due and payable on   November 1, 2021

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all
other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed to Secure Debt; and the
performance of the covenants and agreements of Borrower herein contained. Borrower does hereby grant and convey to MERS
(solely as nominee for Lender and Lender's successors and assigns), and the successors and assigns of MERS, with power of sale,
the following described property located in the County of   Fulton

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 54 OF THE 14TH  - State of Georgia:
DISTRICT, FULTON COUNTY, GEORGIA, BEING LOT 14 OF THE DR. J. RL HOPKINS PROPERTY AS
PER PLAT RECORDED IN PLAT BOOK 7, PAGE 164, FULTON COUNTY, GEORGIA RECORDS, WHICH
PLAT IS INCORPORATED HEREINBY REFERENCE AND MADE A PART OF THIS DESCRIPTION.

THIS DEED OF TRUST IS SECOND IN LIEN AND SUBSEQUENT TO THE FIRST DEED OF TRUST
RECORDING CONCURRENT HEREWITH.

which has the address of  338 Little Street SE
Atlanta                                          [City], Georgia  30315                                          [Street]
                                                                         [ZIP Code] (herein "Property Address");

DOC #:328683                          APPL #:0001488605
GEORGIA - SECOND MORTGAGE - AHM - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS
        -36N(GA) (0307)     Form 3811
Page 1 of 6                      Amended 7/02
                                Initials: ___
VMP MORTGAGE FORMS - (800)521-7291

Deed Book 43062 Pg 693

TO HAVE AND TO HOLD such property unto MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, forever, together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Deed; and all of the foregoing, together with said property (or the leasehold estate if this Deed is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed, but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Deed.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior security deed, mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Deeds to Secure Debt; Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter created on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed is on a leasehold. If this Deed is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit developments, and constituent document.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

Deed Book 43862 Pg  694

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed, but does not execute the Note, (a) is co-signing this Deed only to grant and convey that Borrower's interest in the Property to Lender under the terms of this Deed, (b) is not personally liable on the Note or under this Deed, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed. In the event that any provision or clause of this Deed or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Deed. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Deed.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Deed. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Deed without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed, including the covenants to pay when due any sums secured by this Deed, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed to be immediately due and payable without further demand and may invoke the power of sale and any other remedies granted (and Borrower hereby appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale) and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall mail a copy of a notice of sale to Borrower in the manner provided in paragraph 12 hereof and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Lender may determine. Lender or Lender's designee may purchase the Property at any sale.

Lender shall deliver to the purchaser Lender's deed to the Property in fee simple and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed; and (c) the excess, if any, to the person or persons legally entitled thereto. The power and agency hereby granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of said indebtedness as provided by law.

If the Property is sold pursuant to this paragraph 17, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at such sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

DOC #:326685
ANO(CA) (4/04)
APPL #:0001486605
Page 3 of 4
Initials LN
Form 3651

Deed Book 43862 Pg   695

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed or (ii) entry of a judgment enforcing this Deed if: (a) Borrower pays Lender all sums which would be then due under this Deed and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Deed, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed shall continue unimpaired. Upon such payment and cure by Borrower, this Deed and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignments of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Deed, Lender shall cancel this Deed without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Waiver of Homestead.** Borrower hereby waives all right of homestead exemption in the Property.

22. **Assumption Not a Novation.** Lender's acceptance of an assumption of the obligations of this Deed and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

23. **Deed to Secure Debt. This conveyance is to be construed under the existing laws of the State of Georgia as a security deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby**

---

**REQUEST FOR NOTICE OF DEFAULT AND**
**FORECLOSURE UNDER SUPERIOR SECURITY**
**DEEDS, MORTGAGES OR DEEDS OF TRUST**

---

Borrower and Lender request the holder of any security deed, mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Deed to give Notice to Lender, at Lender's address set forth on page one of this Security Deed, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, BORROWER has executed and sealed this Deed.

Signed, sealed and delivered
in the presence of:

_____                _____ (Seal)
— Unofficial Witness                              Lloyd-Nelson                    -Borrower

                                                 _____ (Seal)
                                                                                 -Borrower

_____ (Seal)                  _____ (Seal)
-Borrower                                                                        -Borrower

_____ (Seal)                  _____ (Seal)
-Borrower                                                                        -Borrower

_____ (Seal)                  _____ (Seal)
-Borrower                                                                        -Borrower

                                                 [Sign Original Only]

_____
Notary Public:   California

County   Los Angeles

APPL #:0001488605
Page 4 of 4

GREG A. MILLER
Commission # 1475689
Notary Public - California
Los Angeles County
My Comm. Expires Mar 9, 20

Deed Book 43862 Pg  696

# SECOND HOME RIDER

THIS SECOND HOME RIDER is made this 25th        day of October, 2006
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed
of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the
"Borrower" whether there are one or more persons undersigned) to secure Borrower's Note to
AHM Mortgage

(the "Lender") of the same date and covering the Property described in the Security Instrument (the
"Property"), which is located at:
138 Little Street SE, Atlanta, GA  30315

[Property Address]

In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender
further covenant and agree that Sections 6 and 8 of the Security Instrument are deleted and are replaced by
the following:

**6. Occupancy.** Borrower shall occupy, and shall only use, the Property as Borrower's second
home. Borrower shall keep the Property available for Borrower's exclusive use and enjoyment at
all times, and shall not subject the Property to any timesharing or other shared ownership
arrangement or to any rental pool or agreement that requires Borrower either to rent the Property
or give a management firm or any other person any control over the occupancy or use of the
Property.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application
process, Borrower or any persons or entities acting at the direction of Borrower or with
Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or
statements to Lender (or failed to provide Lender with material information) in connection with the
Loan. Material representations include, but are not limited to, representations concerning
Borrower's occupancy of the Property as Borrower's second home.

DOC  #:319841          APPL #:0001488605
MULTISTATE SECOND HOME RIDER - Single Family -
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
　　UM31  0011          Page 1 of 2                    Form 3890 1/01
365R (0011)          VMP MORTGAGE FORMS - (800)521-7291          Initials: _LN_

Deed Book 43862 Pg  697

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Second Home Rider.

_____ (Seal)          _____ (Seal)
Lloyd Nelson              - Borrower                                  - Borrower

_____ (Seal)          _____ (Seal)
                          - Borrower                                  - Borrower

_____ (Seal)          _____ (Seal)
                          - Borrower                                  - Borrower

_____ (Seal)          _____ (Seal)
                          - Borrower                                  - Borrower

DOC  #:319842                    APPL #:0001488605
-365R (0011)                            Page 2 of 2
                                                          Form 3890 1/01

Deed Book 43862 Pg  698
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

GEORGIA

GRANTOR    Lloyd Nelson

LENDER    AHM Mortgage

DATE OF SECURITY DEED:    October 25, 2006

## WAIVER OF BORROWER'S RIGHTS

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE RIGHT TO ACCELERATE THE DEBT AND THE POWER OF ATTORNEY GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF; (2) WAIVES ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

READ AND AGREED BY GRANTOR:

Signed, Sealed and delivered in the presence of:

_____                    _____ (Seal)
                                           Lloyd Nelson            -Grantor

_____                    _____ (Seal)
        Notary Public                                              -Grantor

                                           _____ (Seal)
                                                                   -Grantor

                                           _____ (Seal)
                                                                   -Grantor

## CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Deed to Secure Debt and "Waiver of the Borrower's Rights" by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower(s) of Borrower's rights. After said review with and explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and "Waiver of Borrower's Rights."

Based on said review with and explanation to the Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure.

Sworn to and subscribed before me                    Lloyd Nelson

_____                    _____
        Notary Public                            Closing Attorney

## FORECLOSURE CLOSING DISCLOSURE

O.C.G.A. Section 7-1-1014(3) requires that we inform you that if you fail to meet any condition or term of the documents that you sign in connection with obtaining a mortgage loan you may lose the property that serves as collateral for the mortgage loan through foreclosure.

_____
Lloyd Nelson

_____

GREG A. MILLER
Commission # 1475689
Notary Public - California
Los Angeles County
My Comm. Expires Mar 9, 2008

# EXHIBIT D

# TO AHM'S COMPLAINT

Deed Book 45225 Pg   478
Filed and Recorded Jun-20-2007 08:46am
2007-0181689
Real Estate Transfer Tax $0.00
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

RETURN DOCUMENT TO:
PENDERGAST & JONES, P.C.
South Terraces, Suite 1000
115 Perimeter Center Place
Atlanta, GA 30346
Ls# 1001488361

RE:   138 Little Street SE
      Atlanta, GA 30315

STATE OF GEORGIA

COUNTY OF FULTON

## DEED UNDER POWER OF SALE

THIS INDENTURE is made and entered into this 06/05/2007.

WHEREAS, on 06/05/2007, during the legal hours of sale, Mortgage Electronic Registration Systems, Inc. ("Lender"), Attorney in Fact for Lloyd Nelson ("Debtor"), did expose for sale at public outcry and to the highest bidder for cash, before the Courthouse Door in Fulton County, Georgia, the property described in Exhibit "A" attached hereto and by reference made a part hereof (the "Property"), at which sale American Home Mortgage Servicing, Inc. was the highest and best bidder at and for the sum of $161,280.00 for the Property, and the Property was then and there knocked-down to American Home Mortgage Servicing, Inc., and

WHEREAS, the sale was made by Lender as the Attorney in Fact for Debtor, under and by virtue of the power of sale granted in a certain Security Deed executed and delivered by Debtor to Mortgage Electronic Registration Systems, Inc., dated 10/25/2006, and recorded in the Office of the Clerk of the Superior Court of Fulton County, Georgia, in Deed Book 43862, page 667 (the "Security Deed"), said Security Deed being last transferred and assigned to Lender, the sale being made after advertising the time, place and terms thereof in a newspaper of

general circulation in Fulton County, Georgia, being the publication in which the sheriff's advertisements for Fulton County are now published, once a week for four (4) weeks prior to the sale, the advertisements in all respects having complied with the requirements of the power of sale in the aforesaid Security Deed and the laws of the State of Georgia governing such sales, and

WHEREAS, the Security Deed was given to secure an indebtedness of $240,000.00, as evidenced by a Promissory Note dated 10/25/2006 executed by Debtor and transferred to Lender, and

WHEREAS, the Note and Security Deed provided for the acceleration and maturity of the entire indebtedness should Debtor fail to perform any covenant or agreement set forth in the Note and the Security Deed and Debtor defaulted and Lender declared the entire indebtedness past due and payable, and

WHEREAS, notice of the Debtor's right to cure said default was given to Debtor, with Debtor failing to cure said default, and notice of the initiation of proceedings to exercise the power of sale provided for in the Security Deed was duly given to Debtor by Lender no later than fifteen (15) days prior to the date of the foreclosure sale, in writing, and sent by certified mail, return receipt requested, consisting of a copy of the published legal advertisement of the sale and mailed as aforesaid, all in accordance with OCGA Section 44-14-162.2,

NOW, THEREFORE, Lender, acting as Attorney in Fact for Debtor, under and by virtue of and in compliance with the power of sale contained in the Security Deed, and for and in consideration of the sum stated above paid for the Property and by virtue of the facts recited herein, has bargained, sold and conveyed, and does hereby bargain, sell and convey unto American Home Mortgage Servicing, Inc., its successors and assigns, the Property.

TO HAVE AND TO HOLD, the Property unto American Home Mortgage Servicing, Inc., its successors and assigns, IN FEE SIMPLE.

IN WITNESS WHEREOF, Lender, acting as Attorney in Fact for Debtor, has caused this instrument to be executed under seal and delivered the day and year first above written.

Mortgage Electronic Registration Systems, Inc.

BY:

Title: Vice President

Attest:

Its: Foreclosure Manager

[CORPORATE SEAL]

Signed, sealed and delivered in the presence of:

Unofficial Witness

Matthew G Stoner
Notary Public

My commission expires:

(Notary Seal)

MATTHEW G STONER
NOTARY PUBLIC
State of Texas
Comm. Exp. 08-30-2008

Deed Book 45225 Pg 481
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

Exhibit "A"

All that tract or parcel of land lying and being in Land
Lot 54 of the 14th District, Fulton County, Georgia, being
Lot 14 of the Dr. J. RL. Hopkins Property as more
particularly shown and delineated by that certain plat of
survey recorded in Plat Book 7, page 166, Fulton County,
Georgia Records, which said plat of survey is incorporated
herein and made a part hereby by reference for a more
complete description, and being known as 138 Little Street,
S.E., Atlanta, Georgia 30315.

# EXHIBIT E

# TO AHM'S COMPLAINT

Deed Book 45828 Pg 522
2007-0290855
When recorded, please return to:
Real Estate Transfer Tax $141.00
Recorded Oct-12-2007 02:53pm
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

NOTE TO CLERK: CROSS REFERENCE ARE
AS SHOWN ON SCHEDULE "A"

G.E.D.   BOOK 9842, PAGE 538
G.E.D.   BOOK 9842, PAGE 539

TPID:   14-0054-0005-112-4

STATE OF GEORGIA
COUNTY OF FULTON

TAX DEED

This indenture (the "Deed") made this 4th day of September, 2007, by and between LLOYD NELSON, ("Owner") by and through Myron E. Freeman, not individually, but in his official capacity as the Sheriff of Fulton County, (hereinafter "Grantor") and AMERICAN LIEN FUND, (hereinafter "Grantee"),

WHEREAS, in the obedience to certain writ(s) of Fieri Facias, issued from the Tax Commissioner of Fulton County, which writ are/is more particularly described in Schedule "A" below, on the date which is shown in Schedule "A" below as the "Sale Date", during the legal hours of sale, Grantor did expose for sale at public outcry to the highest bidder for cash before the courthouse door in Fulton County, Georgia, the Property (as hereinafter defined), at which sale Grantee was the highest and best bidder for the sum shown in Schedule "A" as the "Sale Price" (hereinafter the "Sale Price"), and the Property was then and there knocked off to Grantee for said sum. Said sale was made after advertising the time, place, and terms thereof in the Fulton County Daily Report, published in Atlanta, Georgia, in the aforesaid county, and being the publication in which Sheriff's advertisements for said county are now published, once a week for four weeks prior to said sale, and said advertisement is in all respects complied with the requirements of Code Section 9-13-140 of the Official Code of Georgia Annotated. Notice of the time, place, and terms of the sale of the Property was given pursuant to Code Section 48-4-1 of the Official Code of Georgia Annotated. Said sale was made for the purpose of paying ad valorem taxes owed, the interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same when due.

NOW THEREFORE, in consideration of the sum of the sale price as stated in Schedule "A", receipt of which is hereby acknowledged, Grantor does hereby bargain, sell, and convey unto Grantee, its successors and assigns, so far as the office of Grantor authorizes her, the following described property (herein referred to as the "Property"); to wit:

All that tract or parcel of land lying and being in Fulton County, Georgia and being more particularly described on Schedule "A" below and by this reference made a part hereof.
TO HAVE AND TO HOLD the Property unto Grantee, its successors and assigns in fee simple.
IN WITNESS WHEREOF, Grantor has signed and sealed this Deed as of the day and year first above written.

GRANTOR:

LLOYD NELSON (Owner)

Signed, sealed, and delivered
in the presence of

Cecelia Albright
Unofficial Witness

By and through:
Myron E. Freeman
Myron E. Freeman
Sheriff of Fulton County

Notary Public
Commission Date:
(NOTARIAL SEAL)

Notary Public, Clayton County, Georgia
My Commission Expires Nov. 7, 2010

N.P.
SEAL

(SEAL)

SCHEDULE "A"

FI FA.: Recorded at BOOK 9897, PAGE 421, General Execution Docket, Fulton County, and transferred to VESTA HOLDINGS as NOMINEE for HEARTWOOD 16, INC., at BOOK 9842, PAGE 538, General Execution Docket, Fulton County.

FI FA.: Recorded at BOOK 9897, PAGE 422, General Execution Docket, Fulton County, and transferred to VESTA HOLDINGS as NOMINEE for HEARTWOOD 16, INC., at BOOK 9842, PAGE 539, General Execution Docket, Fulton County.

SALES PRICE: $141,000.00
SALE DATE:   9/4/2007
TAX YEARS:   2002
SHERIFF'S SALE NO: 0907-21490

Description of Property
That tract or parcel of land conveyed by deed to LLOYD NELSON Recorded at BOOK 43862, PAGE 666 of Records of Fulton County, Georgia. Property known as 138 LITTLE ST SE and Tax Parcel ID: 14-0054-0005-112-4 per records of the Fulton County Tax Commissioner and plat maps of the Fulton County Tax Assessors office.
TOGETHER WITH all right, title, and interest running with the above-described property; AND TOGETHER with all rights, members, privileges and easements appurtenant thereto.

[NOTE TO CLERK: PLEASE CROSS-REFERENCE TO THIS DEED].

# EXHIBIT F

# TO AHM'S COMPLAINT

Deed Book 45828 Pg 522
When recorded, please return to: Filed and Recorded Oct-12-2007 02:53pm
2007-0290855
Real Estate Transfer Tax $141.00
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

NOTE TO CLERK: CROSS REFERENCE ARE
AS SHOWN ON SCHEDULE "A"

G.E.D.  BOOK 9842, PAGE 538
G.E.D.  BOOK 9842, PAGE 539

TPID:    14-0054-0005-112-4

STATE OF GEORGIA
COUNTY OF FULTON

TAX DEED

This indenture (the "Deed") made this 4th day of September, 2007, by and between LLOYD NELSON, ("Owner") by and through Myron E. Freeman, not individually, but in his official capacity as the Sheriff of Fulton County, (hereinafter "Grantor") and AMERICAN LIEN FUND, (hereinafter Grantee").

WHEREAS, in the obedience to certain writ(s) of Fieri Facias, issued from the Tax Commissioner of Fulton County, which writ are/is more particularly described in Schedule "A" below, on the date which is shown in Schedule "A" below as the "Sale Date", during the legal hours of sale, Grantor did expose for sale at public outcry to the highest bidder for cash before the courthouse door in Fulton County, Georgia, the Property (as hereinafter defined), at which sale Grantee was the highest and best bidder for the sum shown in Schedule "A" as the "Sale Price" (hereinafter the "Sale Price"), and the Property was then and there knocked off to Grantee for said sum. Said sale was made after advertising the time, place, and terms thereof in the Fulton County Daily Report, published in Atlanta, Georgia, in the aforesaid county, and being the publication in which Sheriff's advertisements for said county are now published, once a week for four weeks prior to said sale, and said advertisement in all respects complied with the requirements of Code Section 9-13-140 of the Official Code of Georgia Annotated. Notice of the time, place, and terms of the sale of the Property was given pursuant to Code Section 48-4-1 of the Official Code of Georgia Annotated. Said sale was made for the purpose of paying ad valorem taxes owed, the interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same interest and penalties on said taxes, and the expenses of the sale, all of which were mature and payable because of failure to pay same when due.

NOW THEREFORE, in consideration of the sum of the sale price as stated in Schedule "A", receipt of which is hereby acknowledged, Grantor does hereby bargain, sell, and convey unto Grantee, its successors and assigns, so far as the office of Grantor authorizes her, the following described property (herein referred to as the "Property"); to wit:

All that tract or parcel of land lying and being in Fulton County, Georgia and being more particularly described on Schedule "A" below and by this reference made a part hereof.

TO HAVE AND TO HOLD the Property unto Grantee, its successors and assigns in fee simple.

IN WITNESS WHEREOF, Grantor has signed and sealed this Deed as of the day and year first above written.

GRANTOR:

Signed, sealed, and delivered
in the presence of

LLOYD NELSON (Owner)

By and through:

Cecelia Ulbright
Unofficial Witness

Myron E. Freeman
Sheriff of Fulton County

Notary Public
Commission Date:
(NOTARIAL SEAL)

Notary Public, Clayton County, Georgia
My Commission Expires Nov. 7, 2010

(SEAL)

N.P.
SEAL

SCHEDULE "A"

FI FA.: Recorded at BOOK 9897, PAGE 421, General Execution Docket, Fulton County, and transferred to VESTA HOLDINGS as NOMINEE for HEARTWOOD 16, INC., at BOOK 9842, PAGE 538, General Execution Docket, Fulton County.

FI FA.: Recorded at BOOK 9897, PAGE 422, General Execution Docket, Fulton County, and transferred to VESTA HOLDINGS as NOMINEE for HEARTWOOD 16, INC., at BOOK 9842, PAGE 539, General Execution Docket, Fulton County.

SALES PRICE: $141,000.00
SALE DATE: 9/4/2007
TAX YEARS: 2002
SHERIFF'S SALE NO: 0907-21490

Deed Book 45965 Pg 497
Filed and Recorded Nov-13-2007 03:01pm
2007-0316362
Real Estate Transfer Tax $0.00
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

Description of Property
That tract or parcel of land conveyed by deed to LLOYD NELSON Recorded at BOOK 43862, PAGE 666 per Records of Fulton County, Georgia. Property known as 138 LITTLE ST SE and Tax Parcel ID: 14-0054-0005-112-4 per records of the Fulton County Tax Commissioner and plat maps of the Fulton County Tax Assessors office.

TOGETHER WITH all right, title, and interest running with the above-described property; AND TOGETHER with all rights, members, privileges and easements appurtenant thereto.

[NOTE TO CLERK: PLEASE CROSS-REFERENCE TO THIS DEED].