# EXHIBIT 9

*Promenade II, Suite 3100*
*1230 Peachtree Street, N.E.*
*Atlanta, Georgia 30309-3592*
*Tel: 404 815-3500*
*Fax: 404 815-3509*
*www.sgrlaw.com*

# SMITH, GAMBRELL & RUSSELL, LLP
*Attorneys at Law*

*Edward D. Burch, Jr.*
*Direct No. (404)815-3584*
*Direct Fax: (404) 685-6884*
*eburch@sgrlaw.com*

July 2, 2008

Bradley A. Hutchins, Esq.
Proctor Hutchins
8010 Roswell Road, Suite 250
Atlanta, GA 30350

RE:   ***American Home Mortgage Services, Inc. v. American Lien Fund, LP***
      ***Superior Court of Fulton County; Civil Action File No. 2008 CV 1050122***

Dear Mr. Hutchins:

I was surprised to receive your letter of June 18, 2008. Your letter labels American Home Mortgage Servicing, Inc.'s lawsuit "abusive litigation." As you know, this lawsuit is not "abusive litigation." To the contrary, Justice Carley has stated that the issue raised by my client is an "interesting and important" question. See Justice Carley's concurring opinion in Harpagon Co., LLC v. Gelfond, 279 Ga. 59, 62-63 (2005).

To be clear, I will quote what Justice Carley wrote in his concurrence:

> This case raises certain interesting and important questions, such as: whether our recent holding in Canoeside Properties v. Livsey, 277 Ga. 425, 428(2), 589 S.E.2d 116 (2003) that 'when property is sold at a tax sale as the property of someone other than the actual title holder, the sale is void[,]' applies only in the context of non-judicial tax sales . . . .

Justice Carley further stated that this question "must await resolution in a subsequent appeal."

The issue addressed by Justice Carley is precisely the issue you label as "abusive litigation" in your letter. What is most surprising to me is that you represented Harpagon in that appeal. You must have been aware of Justice Carley's concurrence. If Justice Carley believes that the issue raised by American Home Mortgage is a legitimate issue to be addressed by the Georgia Supreme Court, and if you were aware of that concurrence, it does not seem to me that your letter accusing us of "abusive litigation" is made in good faith.

LIT\1041000.1



*Atlanta, Georgia  |  Frankfurt, Germany  |  Jacksonville, Florida  |  Washington, D.C.*

Bradley A. Hutchins, Esq.
Proctor Hutchins
July 2, 2008
Page 2

Rather, it seems to me that your letter is designed with one purpose: to scare a litigant out of a legitimate lawsuit.

Justice Carley's concurrence is not the only reason that my client has a good faith basis to pursue this litigation. American Home Mortgage owned the property when the tax sale was held. American Home Mortgage was in bankruptcy at the time of the sale. The sale violated the stay. Therefore, the sale is void as a matter of law.

Further, your reliance upon Tharp v. The Harpagon Co., LLC, 278 Ga. 654 (2004) is misplaced. In that case, the tax deed produced at the tax sale named the correct owner of the property. Our case, however, is quite different: your tax deed identifies the wrong owner of the property. Tharp has no application here.

Likewise, your claim that your client is somehow an innocent bona fide purchaser cannot be supported by the record. Your client was on constructive notice that American Home Mortgage held the property in fee simple pursuant to a recorded deed under power. A purchaser is charged with notice of every matter which appears of record and is further on notice of any matter into which he should have inquired.

Additionally, I do not agree with your interpretation of the "void" stamp placed upon the tax deed. I have never seen a valid deed recorded twice in the County record books with different date stamps and with one deed marked "void." At the very least, this is a red flag. It is a reasonable and good faith assumption that someone had the original recording of the tax deed voided and re-recorded. Aside from the other legal issues listed above, this facial irregularity alone gives my client a good faith basis to challenge the tax deed.

Although there are additional issues to be addressed in this lawsuit, I do not think it would be productive to continue to list them here and this letter is sent without prejudice to American Home Mortgage's rights and remedies. Rather, this letter demonstrates the good faith nature of this lawsuit. You cannot maintain an "abusive litigation" claim as a matter of law. You should withdraw your "abusive litigation" letter.

Please feel free to call me to discuss any of these issues.

Sincerely,

Smith, Gambrell & Russell, LLP

Edward D. Burch, Jr.
EDBjr./dcb
cc:  American Home Mortgage
     Addressee (via certified mail, return receipt)