# EXHIBIT 10

Westlaw.

Not Reported in B.R.  Page 1
Not Reported in B.R., 2004 WL 768574 (Bkrtcy.S.D.Ga.)

C
Only the Westlaw citation is currently available.
United States Bankruptcy Court,S.D. Georgia,
Statesboro Division.
In re: Welton Eric JENKINS, and Sherri D. Jenkins, Debtors
CARLTON COMPANY and Caterpillar Financial Services, Inc., Movants
v.
Welton Eric JENKINS, Sherri D. Jenkins, and Anne R. Moore, Chapter 7 Trustee, Respondents.
No. 03-60548.

March 30, 2004.

J. Michael Hall, Statesboro, GA, for Debtors.
Anne Moore, Statesboro, GA, for Trustee.

*ORDER*

DALIS, Bankruptcy J.
*1 Prior to filing a Chapter 7 bankruptcy case on May 5, 2003, Debtor, Welton Jenkins ("Debtor") filed a lawsuit in the State Court of Chatham County, Georgia ("state court action"). The Defendants in the state court action (Civil Action Number 02-3456-F) are Caterpillar, Inc., Caterpillar Financial Services Corporation and Carlton Company. Two of the Defendants in the state court action are the movants in the present proceeding, Caterpillar Financial Services Corporation and Carlton Company ("Movants"). The Movants request relief from the automatic stay to preserve and perfect their rights to setoff and recoupment and to prosecute their counterclaims against the Debtor in the state court action. The Debtor and Chapter 7 Trustee (collectively "Respondents") oppose relief from stay. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(G).

In January, 2001, Debtor entered into an installment sales contract with Caterpillar Financial Services Corporation ("Caterpillar") to fund the purchase of a piece of logging equipment called a CTL System. Debtor defaulted under the installment contract, and the equipment was surrendered back to Caterpillar. Caterpillar sold the equipment at a public sale, but a deficiency balance of five hundred six thousand five hundred seventy seven dollars and forty nine cents ($506,577.49) remained. Caterpillar filed a complaint against Debtor in the United States District Court for the Southern District of Georgia, Statesboro Division, and received a judgment against Debtor in the amount of six hundred fourteen thousand seven hundred ten dollars and forty six cents ($614,710.46), which included pre- and post-judgment interest, attorney's fees and costs.

During Debtor's ownership of the CTL System, Carlton Company ("Carlton") provided parts, repair and maintenance services for the equipment. Carlton values these pre-petition services at four thousand twenty three dollars and twenty five cents ($4,023.25). Carlton has not received payment from Debtor for these services.

On September 19, 2002, Debtor brought suit against movants herein and Caterpillar, Inc. in the State Court of Chatham County, Georgia, seeking damages in tort and contract against Caterpillar and Carlton related to the installment sales contract and the repairs made to the CTL System. Both movants herein have filed counterclaims in the state court action. On May 5, 2003, Debtor and his wife, Sherri D. Jenkins, filed bankruptcy.

Section 362(a)(1) of the Bankruptcy Code operates as a stay of

the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in B.R.  
Not Reported in B.R., 2004 WL 768574 (Bkrtcy.S.D.Ga.)

Page 2

11 U.S.C. § 362(a)(1). The "automatic stay" of § 362 also applies to "the enforcement, against the debtor or against the property of the estate, of a judgment obtained before the commencement of the case under this title."11 U.S.C. § 362(a)(2). "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors ... It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy."*In re: Patterson,* 967 F.2d 505, 512 n. 9 (11th Cir.1992).

*2 The automatic stay is not absolute, however.

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section [362], such as by terminating, annulling, modifying or conditioning such stay-

(1) for cause, including lack of adequate protection of an interest in property of such party in interest ...

11 U.S.C. § 362(d)(1). Cause under § 362(d)(1) "has no clear definition and is determined on a case-by-case basis."*In re: Tuscon Estates, Inc.,* 912 F.2d 1162, 1166 (9th Cir.1990). When a party alleges "for cause" grounds for relief from stay pursuant to § 362(d)(1), it is required to make a prima facie showing that cause for relief exists. *Newton Agri-Systems, Inc. v. Clayton (In re: Clayton),* Chapter 12 Case No. 91-60141 (Bankr.S.D. Ga. Statesboro Division, February 2, 1992) (J. Dalis). Under these circumstances, the creditor can make a prima facie showing of cause by establishing that the debtor has an action pending against the creditor in a non-bankruptcy court, and the creditor has potential defenses. *Id.* The debtor bears the burden of proof by a preponderance of the evidence that cause to modify the stay does not exist. 11 U.S.C. § 362(g)(2).

"A setoff is a counterclaim arising from an independent claim the defendant has against the plaintiff." *First National Bank of Louisville v. Master Auto Service Corp.,* 693 F.2d 308, 310 n. 1 (4th Cir.1982). "The right to setoff exists where there are mutual debts between parties." *SEC v. Elliott,* 953 F.2d 1560, 1572 (11th Cir.1992). "The purpose of setoff is to avoid the absurdity of making A pay B when B owes A."*In re: Patterson,* 967 F.2d 505, 508 (11th Cir.1992) (citation omitted). Recoupment is similar, except that the parties' claims arise out of the same contract. *Id.*"Recoupment is the right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has arising out of the very contract giving rise to plaintiff's claim."*Id.* Both recoupment and setoff are state law remedies. *Newton Agri-Systems, Inc. v. Clayton (In re: Clayton),* Chapter 12 Case No. 91-60141 (Bankr.S.D. Ga. Statesboro Division, February 2, 1992) (J. Dalis). The court does not need to sort out the often unclear distinctions between the two state law remedies in order to determine the merits of a party's arguments that the automatic stay should be lifted. *Id.;see generally* 4 *Collier on Bankruptcy* § 553.03, 553.13 (L. King 15th ed.1991).

Section 553(a) of Title 11 governs setoff in bankruptcy. "Section 553(a) does not create the right of setoff; rather, § 553(a) preserves the right where it exists under applicable nonbankruptcy law."*In re: Orlinski,* 140 B.R. 600, 602 (Bankr.S.D.Ga.1991). This section provides in part

[e]xcept as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case ...

*3 11 U.S.C. § 553(a).[FN1] In order for the right of setoff to survive in bankruptcy, three requirements must be met. *In re: Dillard Ford, Inc.,* 940 F.2d 1507, 1512 (11th Cir.1991)."(1) [T]he setoff must involve a mutual debt so that both the creditor and debtor owe each other money; (2) both sets of ob-

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in B.R.
Not Reported in B.R., 2004 WL 768574 (Bkrtcy.S.D.Ga.)

Page 3

ligations must arise prior to the bankruptcy filing; and (3) the setoff cannot fall with [the] three exceptions [of 11 U.S.C. § 553(a)(1)-(3) ]."*Id.*(citations omitted). The Bankruptcy Code does not define "mutual" but it has been interpreted in the context of § 553(a) to mean that "the entity that owes a debt is the same entity that is owed a debt."*In re: Conner Insurance Agency, Inc.,* Chapter 11 Case No. 93-20279 (Bankr.S.D. Ga. Brunswick Division, November 4, 1994) (L.Davis).

> FN1.11 U.S.C. § 553(a) states in full: Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case except to the extent that-
>
> (1) the claim of such creditor against the debtor is disallowed other than under § 502(b)(3) of this title;
>
> (2) such claim was transferred, by an entity other than the debtor, to such credit- or-
>
> (A) after the commencement of the case; or
>
> (B)(i) after 90 days before the date of the filing of the petition; and
>
> (ii) while the debtor was insolvent; or
>
> (3) the debt owed to the debtor by such creditor was incurred by such creditor-
>
> (A) after 90 days before the date of the filing of the petition;
>
> (B) while the debtor was insolvent; and
>
> (C) for the purpose of obtaining a right of setoff against the debtor.

"[C]ourts have recognized that there is practically a presumption in favor of allowing setoff." *SEC,* 953 F.2d at 1572 (citing *In re: Johnson,* 552 F.2d 1072, 1078 (4th Cir.1977) and *In re: Williams,* 422 F.Supp. 342, 345 n. 4 (D.N.D.Ga.1976)). While a setoff may seem to have the effect of a preference, "it is a long recognized right and is generally favored." *SEC,* 953 F.2d at 1573. The argument that a setoff should be denied because it will allow one creditor to receive a larger percentage of his debt than other creditors has been rejected as far back as 1892, in the United States Supreme Court case of *Scott v. Armstrong,* 146 U.S. 499, 13 S.Ct. 148, 36 L.Ed. 1059 (1892).*Id.*"A claimant is not treated better in the eyes of the law if the controlling facts surrounding his or her case lead to a different legal conclusion. To argue that all claimants should be treated similarly ... is an empty argument."*Id.*

While the language of § 553(a) preserves the right of setoff in bankruptcy, and there may be a presumption in favor of setoff, the right is not absolute. *Patterson,* 967 F.2d at 509. By it's very language, § 553(a) is limited by the automatic stay of § 362. *Id.* A creditor must receive relief from the automatic stay before it can validly exercise its right of setoff. *Id.* In considering whether to modify the automatic stay to permit continuance of an action in another forum against a debtor who has filed bankruptcy, courts employ a three part test:

whether (a) [a]ny 'great prejudice' to either the bankrupt estate or the debtor will result from the continuation of a civil suit,

(b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and

(c) the creditor has a probability of prevailing on the merits of the case.

*In re: Pro Football Weekly, Inc.,* 60 B.R. 824, 826 (Bankr.N.D.Ill.1986); *See e.g. Matter of Fernstrom*

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in B.R.
Not Reported in B.R., 2004 WL 768574 (Bkrtcy.S.D.Ga.)

Page 4

*Storage and Van Co.,* 938 F.2d 731 (7th Cir.1991); *In re: Bock Laundry Machine Co.,* 37 B.R. 564 (Bankr.N.D.Ohio 1984); *Matter of McGraw,* 18 B.R. 140 (Bankr.W.D.Wis.1982). The third prong of the test is less significant than the first two, especially if there is insufficient evidence for the court to determine the likelihood of the creditor's success. *Newton Agri-Systems, Inc. v. Clayton (In re: Clayton),* Chapter 12 Case No. 91-60141 (Bankr.S.D. Ga. Statesboro Division, February 2, 1992) (J. Dalis).

*4 When a creditor is moving for relief from stay in order to continue an action that a debtor initiated in another forum, equitable considerations weigh in favor of granting the creditor's motion for relief. *Newton Agri-Systems, Inc. v. Clayton (In re: Clayton),* Chapter 12 Case No. 91-60141 (Bankr.S.D. Ga. Statesboro Division, February 2, 1992) (J. Dalis). The purpose of the automatic stay is to afford protection to a debtor in bankruptcy, "but when the debtor is in the position of assailant rather than victim, the potential for abuse of that purpose is manifest." *Bohack Corp. v. Borden, Inc.,* 599 F.2d 1160, 1168 (2nd Cir.1979).

Where a debtor seeks affirmative relief as a plaintiff in a lawsuit and then invokes the protection of the automatic stay on a counterclaim, the situation warrants very careful scrutiny. In such instance, a court must be cautious to avoid a decision which would convert Code 362 from a shield into a weapon. A debtor should not be permitted to reap the benefits of a litigation in one court, but circumvent the burdens in another forum.

*In re: Overmyer,* 32 B.R. 597 (Bankr.S.D.N.Y.1983); *see also In re: Conner Insurance Agency, Inc.,* Chapter 11 Case No. 93-20279

(Bankr.S.D. Ga. Brunswick Division, November 4, 1994) (L.Davis) ("As a court of equity I am not inclined to allow a debtor to initiate a lawsuit against a party and then use the shield of bankruptcy to prevent that party from having the opportunity to fully defend itself and minimize its liability").

The bankruptcy court does not have to address the merits of the parties' claims in the non-bankruptcy litigation in order to determine if the stay should be modified. *Newton Agri-Systems, Inc. v. Clayton (In re: Clayton),* Chapter 12 Case No. 91-60141 (Bankr.S.D. Ga. Statesboro Division, February 2, 1992) (J. Dalis). While the bankruptcy court determines whether the parties have met the required burdens of proof to have the stay modified, it is up to the judge in the non-bankruptcy litigation to address the merits of debtor's and creditor's claims. *Id.*

Movants have requested relief from stay to preserve and protect their rights to setoff and recoupment and to prosecute their counterclaims against Respondent in the state court action. The right to setoff survives the bankruptcy filing because the setoff involves mutual debt (the Movants potentially owe the Debtor damages in tort and contract, and the Debtor owes Caterpillar the deficiency judgment and Carlton money for repair work). All these obligations arose before the Debtor filed bankruptcy, and the setoff does not fall into any of the three exceptions of 11 U.S.C. § 553(a) (§ 553(a)(1)-(3), *supra* note 1) considering the elements of the test used when determining whether to modify the stay to permit the continuance of an action in another forum I find that the circumstances weigh in favor of modifying the stay. In this case there will not be any great prejudice to the estate or Debtor because the Debtor voluntarily initiated the state court action. In particular, if the stay is modified, the Debtor will not be compelled to enter into litigation in a forum where he would otherwise not have to participate. However, hardship to the Movants would outweigh hardship to the Debtor if the stay was maintained because the Movants would not be able to fully defend themselves in the state court action. I do not consider the third element because there is not sufficient evidence for me to determine the likelihood of success in the state court action.

*5 By showing that there is a pending state court

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in B.R.  
Not Reported in B.R., 2004 WL 768574 (Bkrtcy.S.D.Ga.)

Page 5

action and that the defenses of setoff and recoupment are available, the Movants have made a prima facie showing for relief from stay. The Respondents must therefore show by a preponderance of the evidence that the stay should not be lifted. The Respondents oppose relief from stay and present two main arguments. The Respondents' first argument is that if the stay is lifted and Movants are allowed to assert setoff and therefore, will be paid 100% of their claims (at least up to the value of the setoff). This, the Respondents argue, is unfair to the rest of the creditors who will have to settle for a small percentage of the amount they are owed, possibly as little as a few cents on the dollar. This argument has been clearly rejected by the Eleventh Circuit Court of Appeals in *SEC v. Elliott*, which I am bound to follow.

The Respondents' second argument is based on the theory that setoff and recoupment are equitable doctrines. As such, the Respondents argue, these doctrines should be denied to parties who act inequitably. In his state court complaint Debtor lists claims against the Movants for fraud, negligent misrepresentation, conversion and breach of warranty, among others. Respondents argue that these claims show that the Movants have "unclean hands" so they should not be able to receive the equitable relief of setoff and recoupment. While the Respondents are correct that setoff and recoupment are equitable doctrines, Debtor's claims alone are not proof. I must determine if there is cause to modify the stay. It is up to the judge in the state court action to determine if the Movants are liable for the claims the Debtor has made. Respondents have simply failed to carry their burden of proof on this contention.

Movants have met their initial burden to establish cause for relief from the automatic stay. Respondents have failed to show by a preponderance of the evidence that the stay should not be lifted. I therefore order the § 362(a) stay modified to permit Carlton Company and Caterpillar Financial Services Corporation to defend and establish any right to setoff and recoupment in the pending Chatham County state court action between the parties.

Bkrtcy.S.D.Ga.,2004.  
In re Jenkins  
Not Reported in B.R., 2004 WL 768574 (Bkrtcy.S.D.Ga.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.