IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11
In re:                                                           :
                                                                 :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :  Jointly Administered
                                                                 :
                        Debtors.                                 :  Ref. Docket No. 6138
---------------------------------------------------------------- x

## DEBTORS' LIMITED OBJECTION WITH RESPECT TO MOTION FOR BLANKET RELIEF FROM AUTOMATIC STAY [DOCKET NO. 5566]

The debtors and debtors in possession in the above captioned cases (collectively, the "Debtors") hereby file this limited objection (the "Objection") with respect to the *Motion for Blanket Relief from the Automatic Stay* [D.I. 6138] (the "Motion") filed by various servicers/mortgagees (the "Movants") seeking blanket relief related from the automatic stay to exercise the Movants' senior mortgage rights and interests in certain real property (the "Property") and a potential foreclosure upon the Property in which the Debtors may have or may have had a junior mortgage interest.

The Debtors are cognizant of the volume of stay relief motions related to first lien foreclosures filed in these cases and are interested in easing the burdens for all parties involved, including the administrative burdens of the Court. However, the Debtors believe that the broad language of proposed form of order (the "Proposed Order") (i) provides wholesale stay relief for

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

DB02:7446280.1                                                                              066585.1001

unintended and/or unknown parties against unrelated properties, and (ii) provides a mechanism to obtain individual court orders for any reason, thereby eviscerating the very purpose of the Motion – easing the burdens imposed upon the Debtors and the Court. Because the parties were unable to develop a consensual form of order that addressed these concerns, the Debtors were forced to file the instant Objection. Attached hereto as Exhibit A is a form of order (the "Revised Order") which the Debtors believe balances the concerns set forth below with the underlying goals of the Motion. A comparison of the Proposed Order and Revised Order is attached hereto as Exhibit B.

First, the purpose of the Motion was to relieve various holders of a mortgage, lien, trust, or similar encumbrance (each, a "Senior Mortgage") from seeking stay relief in situations where they wish to foreclose upon, or assert other applicable non-bankruptcy remedies against, real property in which one or more of the Debtors hold a junior mortgage, lien, trust, or similar encumbrance (each, a "Junior Mortgage"). Motion, ¶ 3. As noted by the Movants, the Debtors have routinely filed reservations of rights with respect to these motions, and the Court has routinely lifted the stay under these circumstances. Id.

The Proposed Order, however, provides blanket relief to *any* party to exercise *any* remedy against *any* real property in which the Debtor may have or may have had an interest. See Proposed Order, ¶ 2. The breadth of the Proposed Order unnecessarily and inappropriately encompasses all potential actions against all of the Debtors' interests in real property, including, but not limited to, contesting the validity or value of the Debtors' rights in the property, perfection a security interest, assertion of a judicial or tax lien against the Debtors' property, and foreclosure upon, and/or eviction from, the Debtors' real property located in Mt. Pleasant, Illinois or its headquarters located in Melville, NY. Such actions may severely jeopardize the

Debtors' rights with respect to their property interests as well as their ability to maximize their estates by selling such interests.

In the Revised Order, the Debtors propose language substantially similar to the relief granted in the individual orders entered by this Court which expressly provides that the stay relief will be limited to parties holding a mortgage or lien for the purpose of asserting rights and remedies which are senior to the Debtors' Junior Mortgage. Because none of the Movants have returned to the Debtors or this Court for further relief to date, the Debtors submit that the language sufficiently satisfies the needs of the Movants.

Second, the Movants' inclusion of a procedure for obtaining specific orders with respect to a particular property undermines the value of providing the blanket relief. See Motion, ¶ 5. The Revised Order requires that Movants seeking entry of an order under certification of counsel attest to the fact that the applicable jurisdiction or agency will not accept the blanket order. The Debtors submit that this requirement will permit parties in need to obtain redress quickly, without allowing parties to seek countless "comfort orders" from this Court. To the extent that a party wishes to seek particularized orders without showing need, they should be required to expend the time, and to pay the applicable fee, associated with the filing of a stay relief motion.[2]

---

[2] Notably, not only do similar orders in this district not provide such a mechanism for "comfort" orders, such a proposal was flatly rejected by the New Century Court. See In re New Century TRS Holdings, Inc., Case No. 07-10416 (KJC) [D.I. 8892 and 8/20/08 Hr'g Tr. 54:20-55:15]; In re ResMAE Mortgage Corp., Case No. 07-10177 (KJC) [D.I. 1170].

WHEREFORE, the Debtors respectfully request that the Court deny the Motion except to the extent set forth above, grant the relief requested in the Revised Order, and grant the Debtors such other and further relief as is just and proper.

Dated: Wilmington, Delaware
October 15, 2008

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret B. Whiteman*

James L. Patton, Jr. (No. 2202)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Margaret B. Whiteman (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession