FILED
2008 OCT 10 AM 11:01
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In re: ) Chapter 11
)
) Case No.: No. 07-11047(CSS)
AMERICAN HOME MORTGAGE HOLDINGS, )
)
INC.,, a Delaware Corporation, et ) Jointly Administered
)
al., ) Response to Debtors Objection To
) Claim 7365 in the Name of Eric Segall
)
Debtor. )

## BACKGROUND

1. In February 2007 I negotiated and signed a written employment agreement with Alan Horn, the General Counsel for American Home Mortgage Holdings for employment with American Home Mortgage Corp. as an employee in the Legal Department for the purpose of starting and operating an NASD registered Broker/Dealer for the company.

2. In exchange for agreeing to leave my then current job, my employment contract, a copy of which was supplied with my original claim, called for the payment of three months salary as severance should my employment terminate prior to one year. In exchange for receiving the severance payment, I would sign a general release.

3. I began working for American Home Mortgage Corp on or about March 5, 2007. I undertook the process of creating the Broker/Dealer, which American Home Mortgage Holdings continues to own and is not a part of the bankruptcy filing, named American Home Securities, LLC. It was funded with $1.2 million in a bank account controlled exclusively by the LLC. All the

required paperwork had been filed with the NASD and we were awaiting the NASD decision on the next required step.

4.  On or about August 2, 2007 I was informed by Alan Horn that it appeared the firm was going to be filing a bankruptcy petition the following Monday August 6, 2007 and to prepare for such an event.

5.  On August 6, 2007, I was informed by Alan Horn that August 7, 2007 was to be my last day of employment. I asked Alan Horn if he wanted me to terminate the Broker/Dealer application process with the NASD and he replied that I should terminate the application with NASD. I checked the bank account to which I was the only authorized signer and the $1.2 million had been removed by AHM Corp. I informed NASD to terminate the application process and also informed our outside attorney's.

6.  On August 7, 2007, my last day of employment, I had a final meeting with Alan Horn. I notified him of the location of the books and records for American Home Securities, LLC, the bank account information and the information on the CRD deposit which the company should get back. In the meeting I inquired of Alan Horn as to my severance payment and he replied that he knows I am entitled to receive it but that I would have to claimed it as a creditor in the bankruptcy.

7.  I received the original scheduled claim listed by American Home Mortgage Corp in the amount of $3,557.69 which is entirely for unpaid and unused vacation. American Home Mortgage Corp had not included the severance payment required as part of my employment contract.

8.  On or about January 7, 2008, the court received my timely filed claim number 7365 in the amount of $49,807.69 which consisted of Priority

Amount $10,950.00 and Unsecured amount $38,857.69. The claim consisted of $3,557.69 in unused and unpaid vacation and three months salary as a severance payment which was due pursuant to the employment contract signed by both myself, Eric Segall, and Alan Horn, General Counsel of American Home Mortgage Corp.

9.  The general release required in the contract has never been presented for my signature and I would be more than willing to sign it, should it ever be proffered, in exchange for an acknowledgment that I have a legitimate claim for the severance. As of today October 3, 2008, the Debtor has not acknowledged that severance payment debt and in fact are challenging the claim. Anyone involved in employment agreements know that a release is signed in exchange for the severance payment but certainly not prior to an acknowledgement the severance payment is owed.

10. This challenge to the severance claim based on a lack of a signed release is insulting and can not be viewed to have been made in good faith. The debtor has not acknowledged the claim, in fact filed their initial schedule as if the severance claim did not exist. They were presented with a copy of the contract and an adjusted claim and made no attempt to obtain a release from me but instead chose to challenge the claim.

## CONCLUSION

1.  My proof of claim was timely filed and accurate.

2.  I would not have agreed to leave my previous employer and begin working for the Debtor without the protection of the severance payment.

3.  I have never refused to sign a release and would sign such release without hesitation upon the acknowledgement by Debtor as to the validity of the claim and the presentment of the release.

4.  I did not file a WARN Act claim as I well could have since American Home Securities, LLC has not filed bankruptcy and could have continued obtaining Broker/Dealer approval which would have enabled it to become a sellable entity. There was not a need to terminate my employment as a part of the legal department without the properly required 60 days notice since the Debtor would have benefited by me having completed the approval process.

5.  My claim is simply for the amount I am entitled to claim pursuant to my employment agreement which I have previously filed in good faith and has been challenged in bad faith resulting in my having to file this response and the court, which has much more important issues to address, having to spend unnecessary time dealing with this issue. I certainly would hope the court does not award fees to Counsel for this filing and instead assesses court costs as this was clearly a bad faith objection.

Dated this 3rd day of October, 2008

_____
Eric Segall
5914 Le Sage Ave
Woodland Hills, CA 91367