## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME<br>MORTGAGE HOLDINGS, INC., <u>et al.</u>, | Case No. 07-11047 (CSS) |
| Debtors. | (Jointly Administered) |

### <u>NOTICE OF SERVICE OF SUBPOENA</u>

PLEASE TAKE NOTICE that true and correct copies of the following was served on October 3, 2008 via Federal Express Delivery.

- Subpoena Directed to Elizabeth S. Kardos - Kroll Zolfo Cooper

Dated: October 15, 2008

GREENBERG TRAURIG, LLP

*Victoria W Counihan*

Victoria W. Counihan (BAR #3488)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000
counihanv@gtlaw.com

and

JONES DAY
Daniel P. Winikka
2727 North Harwood Street
Dallas, Texas 75201-1515
(214) 220-3939

Counsel for American Home Mortgage Servicing, Inc., a Delaware corporation formerly known as AH Mortgage Acquisition Co., Inc.

8255 (Rev. 11/91) Subpoena

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

In re:

**AMERICAN HOME MORTGAGE HOLDINGS, INC., et al.**

SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE

Case No.   07-11047 (CSS) - United States
    Bankruptcy Court for the District of Delaware
Chapter  11
Jointly Administered

TO:    Elizabeth S. Kardos, General Counsel
       Kroll Zolfo Cooper
       101 Eisenhower Parkway
       Roseland, NJ 07068

☐   **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above proceeding.

| PLACE OF DEPOSITION: | DATE AND TIME: |
|---|---|
| | |
| | |

☒   **YOU ARE COMMANDED** to produce and permit inspection and copying of the documents or objects listed on Exhibit A at the place, date, and time specified below by electronic medium and transmission, overnight courier, or such other methods as the parties may direct.

| PLACE:  Jones Day, 2727 N. Harwood, Dallas, TX  75201 or such other location as mutually agreed upon. | DATE AND TIME: on or before October 19, 2008 |
|---|---|

☐   **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Fed. R. Civ. P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE  *Victoria W Counihan* | DATE  10/3/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Victoria Watson Counihan, Esquire; Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware, 19801;  (302) 661-7000

| | | | | |
|---|---|---|---|---|
| **PROOF OF SERVICE** | | | | |
| **SERVED** | DATE 10/3/08 | PLACE | *Kroll Zolfo Cooper 101 Eisenhower Parkway Roseland, NJ 07068* | |
| SERVED ON (PRINT NAME) | *Elizabeth S. Kardos* | | MANNER OF SERVICE | *Federal Express* |
| SERVED BY (PRINT NAME) | *Victoria W. Counihan* | | TITLE | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 10/3/08
DATE

SIGNATURE OF SERVER *Victoria W Counihan*

ADDRESS OF SERVER *Greenberg Traurig, LLP 1007 N. Orange St., Wilmington, DE 19801*

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016 Fed.R.Bankr. P.

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena
(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the

subpoena is addressed will be reasonably compensated,
the court may order appearance or production only upon
specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**<u>Exhibit A</u>**

Please produce the documents and communications requested in the attached request for production, which was served on Debtors' counsel on September 19, 2008.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------- x
In re:                                      : Chapter 11
                                            :
AMERICAN HOME MORTGAGE                      : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,¹ :
                                            : Jointly Administered
        Debtors.                            :
                                            : Related Document Nos. 4233, 4338, 4359
------------------------------------------- x
```

**AMERICAN HOME MORTGAGE SERVICING, INC.'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEBTORS**
**REGARDING AMERICAN HOME MORTGAGE SERVICING, INC.'S**
**MOTION FOR AN ORDER GRANTING THE ALLOWANCE AND**
**PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM**

Pursuant to Fed. R. Bank. P. 7034, American Home Mortgage Servicing, Inc.

hereby requests that the above-captioned debtors and debtors-in-possession ("Debtors") produce

for inspection and copying, within 30 days from the date hereof, at the offices of Jones Day,

2727 North Harwood Street, Dallas, Texas 75201, or at such other time and place as the parties

may agree, the documents and tangible things described below within the possession, custody or

control of Debtors, pertaining to the Amended Motion of American Home Mortgage Servicing,

Inc., Formerly Known as AH Mortgage Acquisition Co., Inc., for an Order Granting the

---

¹ The above-captioned debtors and debtors in possession in these cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation, formerly known as American Home Mortgage Servicing, Inc. (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Allowance and Payment of an Administrative Expense Claim for Breaches by Certain Debtors of the Asset Purchase Agreement for the Sale of the Debtors' Mortgage Servicing Business, dated August 18, 2008.

## DEFINITIONS

A.    "Administrative Claim" shall mean the claim for allowance and payment of an administrative expense in the amount of $17,238,989 as set forth in the Amended Motion (as defined below).

B.    "Amended Motion" shall mean that certain Amended Motion for an Order Granting the Allowance and Payment of an Administrative Expense Claim for Breaches by Certain Debtors of the Asset Purchase Agreement for the Sale of the Debtors' Mortgage Servicing Business dated August 18, 2008.

C.    "And" and "or" shall be construed either disjunctively and conjunctively to require the broadest possible response to these requests for production.

D.    "Asset Purchase Agreement" shall mean that certain Asset Purchase Agreement dated as of September 25, 2007, as subsequently amended among the Purchaser (as defined herein) and certain of the Debtors.

E.    "Communication" or "communications" shall mean any document, oral statement, meeting or conference, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature, be it in the form of facts, ideas, inquiries, opinions or otherwise, was stated, written, recorded or in any manner transmitted or transferred, and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to the file.

F.    "Cure Escrow" shall mean that certain Escrow Agreement, dated November 16, 2007, by and among the Sellers (as defined below) and North Fork Bank for the

purpose of establishing an escrow account for the purpose of satisfying certain cure obligations of the Debtors.

G.    "Date" shall mean the exact year, month and date, if known, or, if not, your best approximation thereof.

H.    "Document" or "document" shall mean any book, document, or other tangible thing within the meaning of the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure, including any tangible thing upon which any expression, communication or representation has been recorded by means, including handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any non-identical copies, including working papers, preliminary, intermediate, or final drafts, correspondence, memoranda, voice mail, electronic mail, charts, notes, records or any sort of meetings, ledgers, journals, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone records, visitor or other logs, desk or electronic calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of any kind.

I.    "Final Closing" shall mean April 11, 2008.

J.    "Including" shall mean "including, but not limited to."

K.    "Initial Closing" shall mean November 16, 2007.

L.    "Interim Period" shall mean November 16, 2007 to April 11, 2008.

M.    "Interrogatories" refers to American Home Mortgage Servicing, Inc.'s First Set of Interrogatories to Debtors Regarding American Home Mortgage Servicing, Inc.'s Motion for an Order Granting the Allowance and Payment of an Administrative Expense Claim.

N.    "Parent" shall mean American Home Mortgage Investment Corp., a Maryland corporation.

O.    "Purchaser" shall mean American Home Mortgage Servicing, Inc., a Delaware corporation formerly known as AH Mortgage Acquisition Co., Inc.

P.    "Sellers" shall mean, collectively, SVI (as defined below), American Home Mortgage Investment Corp., and American Home Mortgage Corp.

Q.    "SVI" shall mean AHM SV, Inc., a Maryland corporation formerly known as American Home Mortgage Servicing, Inc.

R.    "You," "Your" and "Yours" shall mean the Debtors together with their agents, attorneys, directors, employees, officers, professionals, contractors, consultants and representatives.

## INSTRUCTIONS

A.    Produce all requested documents known or reasonably available to You, regardless of whether the documents are possessed directly by You, or any of Your parent, subsidiary or affiliate entities, or any of their respective officers, directors, employees, agents, representatives, professionals, attorneys, contractors or consultants.

B.    In accordance with Fed. R. Bank. P. 34(b)(2)(E)(i), documents should be produced either as they are kept in the usual course of business or organized and labeled to correspond to the categories of this request.

C.    File folders with tabs and labels identifying documents called for by each Request for Production must be produced in tact with such documents.

D.    Selection of documents from the files and other sources and the numbering of documents shall be performed in such manner as to ensure the source of each document may be determined, if necessary.

E.    Documents attached to each other must not be separated.

F.    With respect to each document or thing that you contend is privileged or otherwise immune from discovery for any reason, provide a privilege log containing the following information:

      1.    Identify the privilege or immunity claimed and detail the facts underlying your invocation of such privilege or immunity;

      2.    Describe the nature of the document or communication (e.g., letter, memorandum, telephone call, in person conversation, etc.);

      3.    State the date of the document or communication;

      4.    Identify the person who created or originated the document or communication;

      5.    Identify the person who sent the document or made the communication;

      6.    Identify each person who reviewed the document or communication;

      7.    Identify each person to whom some or all of the contents of the document or communication were communicated; and

      8.    State the subject matter of the document or communication.

G.    All electronic documents should be produced as TIFFs with load files including all standard metadata information (listed in H below) associated with the document (including searchable text when available) or in PDF-searchable format, except that the Purchaser requests that electronic documents be produced in a native format where the native

format includes relevant information not available with TIFF or PDF files or where a TIFF or PDF file is relatively cumbersome to view.

    H.    For each TIFF file provided, the following instructions shall apply:

        1.    <u>TIFFs</u>.  Single-page Group IV TIFFs should be provided, at least 300 dpi.  Purchaser will provide correct format for image load file.

        2.    <u>Text Files</u>.  For each document, a test file should be provided along with the TIFF.  The text of native files should be extracted directly from the native file.

        3.    <u>Unique IDs</u>.  Each image should have a unique file name – bates number.

        4.    <u>Metadata Fields</u>.  The following metadata should be provided if they exist:

            (a)    Begin Bates, End Bates

            (b)    Begin Attachment, End Attachment (Used to determine Parent-child relationships (the association between an attachment and its parent documents))

            (c)    Date Sent, Date Created, Date Modified (maintained in GMT)

            (d)    Document Type (*i.e.*, email, Word, Excel) and Page Count

            (e)    Author, To, From, Copy, Bcc

            (f)    Custodian or source of documents

    I.    Multiple copies of a single identical email may exist on Your network server as a result of differences in metadata associated with the email (*e.g.*, one copy kept in the

sender's files, and other copies kept in the files of the recipients, or copies with different follow-flags set by various recipients of the email). Due to the differences in the metadata, such Documents must be viewed as distinct, even though the message text of the email itself is identical. All such non-identical copies must be produced in electronic form. An individual email message may be incorporated in subsequent messages that respond to or forward the original message. All such responses or forwarding emails (email "chains") must be viewed as distinct, non-identical Documents and produced as such.

J.      If there are tape or voice recordings that are responsive to any request, then You must produce the tape itself (or an accurate copy thereof) and any existing transcriptions thereof. Production of a transcription alone will not be considered sufficient.

K.      When any Request for Production calls for a document that once was, but is no longer, in your possession or control, identify its present location and custodian, if known. Otherwise, Debtors shall identify the last-known location and custodian of such documents.

L.      Whenever a Request for Production is framed in the conjunctive, it shall also be taken in the disjunctive and vice versa. Whenever a Request for Production is framed in the singular, it shall also be taken in the plural, and vice versa. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

M.      These Requests for Production are continuing and require, to the extent authorized by Fed. R. Bank P. 26(e), production of any additional responsive documents that may be located or obtained by You after the date of Your original production.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All Documents and Communications You identified or to which You referred in responding to the Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2::** All Documents and Communications referring or relating to (i) the allegations in Paragraphs 22 through 26 of the Amended Motion that Sellers are obligated to pay Purchaser for amounts Purchaser paid for lender paid mortgage insurance premiums and prepayment penalties SVI had collected prior to the Initial Closing, including the calculation of the $6,061,810 reduction in the purchase price and the $3,326,152 transferred to Purchaser at the Initial Closing; or (ii) any and all defenses You have asserted or will assert with respect to the payment of such claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All Documents and Communications referring or relating to the allegations in Paragraphs 27 through 31 of the Amended Motion that Sellers are obligated to pay Purchaser the costs of shipping certain servicing files, books and records ("Servicing Files") from Sellers' New York warehouse to Purchaser's offices in Irving, Texas or any and all defenses You have asserted or will assert with respect to the payment of such claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications referring or relating to the allegations in Paragraph 33 through 34 of the Amended Motion that Sellers are

obligated to pay Purchaser for overpayment of certain advances or any and all defenses You have asserted or will assert with respect to the payment of such claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  All Documents and Communications referring or relating to (i) the allegations in Paragraphs 35 through 36 of the Amended Complaint that Sellers are obligated to pay Purchaser for collections and payments relating to paid in full loans that SVI failed to remit to third parties, including contracts and Communications with third parties relating to or regarding the sale of the loans that relate to the allegations in Paragraphs 35 through 36 of the Amended Motion; or (ii) any and all defenses You have asserted or will assert with respect to the payment of such claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  All Documents and Communications referring or relating to the allegations in Paragraph 37 of the Amended Motion that SVI received and remitted funds to Parent's 434 Account (as such term is defined in the Amended Motion) in connection with loans that SVI was servicing that eventually went into foreclosure or any and all defenses You have asserted or will assert with respect to the payment of such claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  All Documents and Communications referring or relating to (i) the allegations in Paragraph 38 of the Amended Motion that Sellers used funds in investors' own custodial accounts to satisfy Parent's repurchase obligations, including all contracts and Communications with third parties relating to or regarding the sale of the loans that

related to the allegations in paragraph 38 of the Amended Motion; or (ii) any and all defenses You have asserted or will assert with respect to the payment of such claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**  All Documents and Communications referring or relating to the allegations in Paragraph 39 of the Amended Motion that Sellers are obligated to pay Purchaser for amounts withdrawn during the Interim Period from accounts established for the benefit of the Purchaser to pay guaranty fees due to the Federal National Mortgage Insurance Association or any and all defenses You have asserted or will assert with respect to the payment of such claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**  All Documents and Communications referring or relating to the allegations in Paragraph 40 of the Amended Motion that Sellers are obligated to pay Purchaser due to a deficiency in certain clearing accounts or any and all defenses You have asserted or will assert with respect to the payment of such claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**  All Documents and Communications referring or relating to the allegations in Paragraphs 41 through 47 of the Amended Motion that Sellers are obligated to pay Purchaser due to certain foreclosure proceeds and expenses that Wells Fargo Bank, N.A. did not agree SVI could pass on to investors or any and all defenses You have asserted or will assert with respect to the payment of such claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**: All Documents and Communications referring or relating to (i) the allegations in Paragraphs 48 through 50 of the Amended Motion that Sellers are obligated to pay Purchaser for Seller's transfer of amounts from custodial accounts in excess of advances Sellers made for home equity line of credit ("HELOC") draws and use of funds in the Purchaser's accounts to replenish the excess withdrawals from the HELOC custodial accounts; or (ii) any and all defenses You have asserted or will assert with respect to the payment of such claim.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12**: All Documents and Communications referring or relating to the allegations in Paragraphs 51 through 53 of the Amended Motion that Sellers are obligated to pay Purchaser for the mortgage servicing agreement dated March 4, 2004 between Signature Bank and Debtors' predecessors or any and all defenses You have asserted or will assert with respect to the payment of such claim.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13**: All Documents and Communications between You and any third party, including members of or professionals for the unsecured creditors' committee or Bank of America or any of its professionals, referring or relating to the Amended Motion or any of the claims asserted in the Amended Motion.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All Documents and Communications with loan owners or securitization trusts that are the beneficiaries of the custodial accounts as to which there is a cash shortage as alleged in the Amended Motion.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** All Communications among David Friedman and any employee, officer, director, attorney, agent, advisor, professional, contractor, consultant or representatives of Debtors (i) from August 6, 2007 to the present referring or relating to the claims, or transactions underlying the claims set forth in the Amended Motion and (ii) during the Interim Period referring or relating to the operation of the Debtors' mortgage business.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** All Communications among Robert Love and any employee, officer, director, attorney, agent, advisor, professional, contractor, consultant or representatives of Debtors (i) from August 6, 2007 to the present referring or relating to the claims, or transaction underlying the claims, set forth in the Amended Motion and (ii) during the Interim Period referring or relating to the operation of the Debtors' mortgage servicing business.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All Communications among Joel Gendron and any employee, officer, director, attorney, agent, advisor, professional, contractor, consultant or representatives of Debtors (i) from August 6, 2007 to the present referring or relating to the claims, or transactions underlying the claims, set forth in the Amended Motion and (ii) during

the Interim Period referring or relating to the operation of the Debtors' mortgage servicing business.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**:  All Communications among Craig Pino and any employee, officer, director, attorney, agent, advisor, professional, contractor, consultant or representative of Debtors from August 6, 2007 to the present referring or relating to the claims, or transactions underlying the claims, set forth in the Amended Motion.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**:  All Communications among Theresa Chase and any employee, officer, director, attorney, agent, advisor, professional, contractor, consultant or representatives of Debtors (i) from August 6, 2007 to the present referring or relating to the claims, or transactions underlying the claims, set forth in the Amended Motion and (ii) during the Interim Period referring or relating to the operation of the Debtors' mortgage servicing business.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**:  All Documents and Communications referring or relating to the claims, or transactions underlying the claims, set forth in the Amended Motion provided to any expert that You plan to call to testify at the hearing on the Amended Motion.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**:  Any expert reports prepared in connection with the Amended Motion.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22**:  All Documents and Communications You intend to rely upon at the hearing on the Amended Motion.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 23**:  All Communications among Bret Fernandez and any employee, officer, director, attorney, agent, advisor, professional, contractor, consultant or representatives of Debtors from August 6, 2007 to the present referring or relating to the claims, or transactions underlying the claims, set forth in the Amended Motion.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 24**:  All Communications among Kevin Nystrom and any employee, officer, director, attorney, agent, advisor, professional, contractor or consultant or representatives of Debtors from August 6, 2007 to the present referring or relating to the claims, or transactions underlying the claims, set forth in the Amended Motion.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 25**:  All Communications among Scott Martinez and any employee, officer, director, attorney, agent, advisor, professional, contractor or consultant or representatives of Debtors from August 6, 2007 to the present referring or relating to the claims, or transactions underlying the claims, set forth in the Amended Motion.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**:  All Communications among Steven Cooper and any employee, officer, director, attorney, agent, advisor, professional, contractor or consultant or representatives of Debtors from August 6, 2007 to the present referring or relating to the claims, or transactions underlying the claims, set forth in the Amended Motion.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**:  All Communications among Mitch Taylor and any employee, officer, director, attorney, agent, advisor, professional, contractor or consultant or representatives of Debtors from August 6, 2007 to the present referring or relating to the claims, or transactions underlying the claims, set forth in the Amended Motion.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**:  All Documents and Communications regarding the alleged right of set off described in Section III of the Debtors' Preliminary Objection to Amended Motion of American Home Mortgage Servicing, Inc., f/k/a AH Mortgage Acquisition Co., Inc., for an Administrative Expense Claim for Breaches by Certain Debtors of the Asset Purchase Agreement for Sale of the Debtors' Mortgage Servicing Business.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**:  All Documents and Communications relating to the drawdown of, and the use of proceeds from, the limited-recourse, working capital credit facility

provided by Purchaser to the Sellers for use in connection with the operation of the Debtors'

mortgage servicing business in the Interim Period.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 30**:  All Documents and Communications relating to

(i) objections to any cure bar date motion of the Debtors; (ii) the negotiation, resolution or status

of such objections, (iii) any amounts paid in satisfaction of such objections and the source of

such amounts, including if from the Cure Escrow; or (iv) the status or use of the Cure Escrow.

**RESPONSE:**



Dated:  September 19, 2008                    GREENBERG TRAURIG, LLP


                                              Victoria W. Counihan (BAR #3488)
                                              The Nemours Building
                                              1007 North Orange Street, Suite 1200
                                              Wilmington, DE 19801
                                              (302) 661-7000

                                              and

                                              JONES DAY
                                              Keith C. McDole (TX 13533740)
                                              Daniel P. Winikka (TX 00794873)
                                              2727 North Harwood Street
                                              Dallas, Texas 75201-1515
                                              (214) 220-3939

                                              COUNSEL FOR AMERICAN HOME
                                              MORTGAGE SERVICING, INC., FORMERLY
                                              KNOWN AS AH MORTGAGE ACQUISITION
                                              CO., INC.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing First Request for Production of Documents has been sent by overnight mail and e-mail, this 19th day of September 2008 as follows:

John T. Dorsey
Erin Edwards
Patrick Jackson
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Counsel for Debtors and Debtors in Possession

Bonnie Glantz Fatell
David W. Carickhoff
Blank Rome
1201 Market Street, Ste. 800
Wilmington, DE  19801

Mark S. Indelicato
Mark T. Power
Hahn and Hessen
488 Madison Avenue
New York, New York  10022

Counsel for the Official Committee of Unsecured Creditors