## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x

In re:

Case No. 07-11047 (CSS)

AMERICAN HOME MORTGAGE HOLDINGS, INC., et al.,

Chapter 11

Debtors.

Hearing Date: October 22, 2008 at 10:00 a.m.
Objection Deadline: October 15, 2008
Related Docket Nos. 6009

------------------------------------------------------x

### RESPONSE OF BARON O'BRIEN TO DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1
### (DOCKET NOS. 6009)

Baron O'Brien ("O'Brien"), by and through his counsel, responds to the Debtor's Nineteenth Omnibus Objection to Claims (the "Objection"; D.I. 6009) filed by American Home Mortgage Corp. ("Debtor") and states as follows:

### FACTUAL BACKGROUND

1.     O'Brien was an employee of American Home Mortgage.

2.     O'Brien's employment was controlled by an employment contract which was executed by O'Brien and American Home Mortgage.

3.     O'Brien was laid off suddenly.

4.     On August 6, 2007, the Debtor and its debtor-affiliates (the "Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code in this Court.

### THE CONTRACT

5.     Pursuant to the terms of O'Brien's employment contract, upon information and belief, he was to receive (i) deferred compensation from the Debtor, (ii) paid vacation time from the Debtor and (iii) reimbursement for out-of-pocket business expenses from the Debtor.

## THE DEBTOR'S TERMINATION OF THE CONTRACT

6.     The Debtor terminated O'Brien's employment contract leaving O'Brien with unpaid compensation, commissions and business expenses.

## THE PROOF OF CLAIM, AND THE OBJECTION

7.     On December 31, 2007, O'Brien filed a proof of claim (POC 6650), seeking payment for unpaid wages, commissions and business expenses which he suffered as a result of the Debtor's termination of his employment.  In the proof of claim, O'Brien asserted a priority claim in the amount of $10,950.00 and an unsecured priority claim in the amount of $243,316.15.

8.     On September 22, 2008, the Debtors filed the Objection.  In the Objection, the Debtors asserted that the deferred compensation, commissions and business expenses indicated by O'Brien were incorrect and that the amount did not match the Debtors' books and records.  Debtors are attempting to reduce O'Brien unsecured priority claim to $133,692.10 from $243,316.15.

## RESPONSE TO THE OBJECTIONS

9.     Pursuant to Fed. R. Bankr. P. 3001(f) the filing of a proof of claim with proper documentation provides prima facie evidence of the validity and amount of the claim.  O'Brien has provided the Debtor with proper documentation to support his claim.

10.     "The mere filing of a proof of claim is prima facie evidence of its validity, with the burden of disproving it upon the objector." *Sloan's Furriers v. Bradley*, 146 F.2d 757 (C.C.A.6 1945).  The Debtor has presented no evidence to prove their basis for their objection.  Furthermore, "the Court will not sustain objections to claims based simply on the fact that the claim disagrees with the debtor's books and records.  More evidence is

needed to overcome the prima facie validity of a proof of claim." *In re American Business Financial Services, Inc.*, 2008 WL 1702095 (April 10, 2008 Bankr. D. Del.) (footnote).  The Debtor has not provided the Court with proper evidence to overcome the prima facie validity of the proof of claim.

WHEREFORE, O'Brien respectfully requests that this Court enter an order (i) overruling the Objection, (ii) allowing O'Brien's proof of claim no. 6650, and (iii) granting such other and further relief to O'Brien as is appropriate.

Wilmington, Delaware
Dated: October 15, 2008

Respectfully submitted,
MARGOLIS EDELSTEIN

James E. Huggett (No. 3956)
750 Shipyard Drive, Suite 102
Wilmington, DE  19801
Telephone: (302) 888-1112
Facsimile: (302) 888-1119

Counsel to Baron O'Brien