## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x

In re:                                              Case No. 07-11047 (CSS)

AMERICAN HOME MORTGAGE HOLDINGS,                    Chapter 11
INC., et al.,
                                                    Hearing Date: October 22, 2008 at 10:00 a.m.
                                                    Objection Deadline: October 15, 2008
              Debtors.                              Related Docket Nos. 5447, 6008 & 6009

-------------------------------------------------------x

### RESPONSE OF MICHAEL WHEELER TO DEBTORS' FIFTEENTH, EIGHTEENTH AND NINETEENTH OMNIBUS OBJECTIONS TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1 (DOCKET NOS. 5447, 6008 AND 6009)

Michael Wheeler ("Wheeler"), by and through his counsel, responds to the Debtors' Fifteenth, Eighteenth and Nineteenth Omnibus Objections to Claims (the "Objections"; D.I. 5447, 6008 and 6009, respectively) filed by American Home Mortgage Corp. ("Debtor") and states as follows:

### FACTUAL BACKGROUND

1. Wheeler was an employee of American Home Mortgage from November 1, 2006 through August 3, 2007.

2. Wheeler was employed by the Debtor as a regional manager for the Western Retail Division.

3. Wheeler began his employment with American Home Mortgage on November 1, 2006 pursuant to the terms of his employment agreement with the Debtor.

4. Wheeler was laid off suddenly on August 3, 2007.

5. On August 6, 2007, the Debtor and its debtor-affiliates (the "Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code in this Court.

## THE CONTRACT

6. Pursuant to the terms of Wheeler's employment contract, upon information and belief, he was to receive (i) deferred compensation from the Debtor, (ii) paid vacation time from the Debtor and (iii) reimbursement for out-of-pocket business expenses from the Debtor.

## THE DEBTOR'S TERMINATION OF THE CONTRACT

7. The Debtor terminated Wheeler's employment contract on August 3, 2007 leaving Wheeler with unpaid (i) compensation, (ii) vacation time and (iii) business expenses.

## THE PROOFS OF CLAIMS AND THE OBJECTIONS

8. On January 7, 2008, Wheeler filed a proof of claim (POC 7319) against American Home Mortgage Holdings, Inc., seeking payment for unpaid compensation, benefits and expenses that he suffered as a result of the Debtor's termination of his employment. In the proof of claim, Wheeler asserted a priority claim in the amount of $10,950.00 and an unsecured priority claim in the amount of $363,131.73.

9. On August 15, 2007, the Debtors filed their Fifteenth Omnibus Objection to Claims ("15th Objection"). In the 15th Objection, the Debtors asserted "Claimant [is] not entitled to vacation payout per terms of employment contract."

10. On September 18, 2007, Wheeler filed a proof of claim (POC 983) against American Home Mortgage Corp., seeking payment for unpaid compensation, benefits and expenses that he suffered as a result of the Debtor's termination of his employment. In the proof of claim, Wheeler asserted a priority claim in the amount of $10,950.00 and an unsecured priority claim in the amount of $363,131.73.

11. On September 22, 2008, the Debtors filed their Eighteenth Omnibus Objection to Claims ("18th Objection"). In the 18th Objection, the Debtors asserted that the claim was a duplicate of proof of claim 7613.

12. On January 7, 2008, Wheeler filed a proof of claim (POC 7613) against American Home Mortgage Corp. amending his previously filed claim (POC 983), seeking payment for unpaid compensation, benefits and expenses that he suffered as a result of the Debtor's termination of his employment. In the proof of claim, Wheeler asserted a priority claim in the amount of $10,950.00 and an unsecured priority claim in the amount of $363,131.73.

13. On September 22, 2008, the Debtors filed their Nineteenth Omnibus Objection to Claims ("19th Objection"). In the 19th Objection, the Debtors asserted there basis for objection as "reduced to match Debtors' books and records. Deferred compensation amounts allowable, however not entitled to vacation time because the claimant was a sales employee."

### RESPONSE TO THE OBJECTIONS

**Duplicate Claims**

15. The debts claimed by Wheeler by way of proof of claim nos. 983, 7319 and 7613 consist of the following:

    (1)    $365,609.01 for unpaid deferred compensation;

    (2)    $7,210.80 for unpaid vacation time; and

    (3)    $1,261.92 for unreimbursed employee business expenses.

16.   The total amount sought by Wheeler from the Debtors is $374,081.73 (priority claim amount of $10,950.00 and unsecured priority claim amount of $363,131.73).

17.   Wheeler filed three claims against two different debtor entities (American Home Mortgage Holdings, Inc. and American Home Mortgage Corp.).

18.   Wheeler's claim no. 983 filed against American Home Mortgage Corp. was amended by claim no. 7613 filed against American Home Mortgage Corp., therefore, claim no. 983 is a duplicate of claim no. 7613.

19.   Wheeler filed the same claim against both American Home Mortgage Holdings, Inc. (POC 7319) and American Home Mortgage Corp. (POC 7613) as he is unable to determine the appropriate responsible debtor entity.

**Debtors' Books and Records**

21.   Pursuant to Fed. R. Bankr. P. 3001(f) the filing of a proof of claim with proper documentation provides prima facie evidence of the validity and amount of the claim.  Wheeler has filed a proof of claim and provided the Debtor with proper documentation to support his claim.

22.   "The mere filing of a proof of claim is prima facie evidence of its validity, with the burden of disproving it upon the objector." *Sloan's Furriers v. Bradley*, 146 F.2d 757 (C.C.A.6 1945).  The Debtor has presented no evidence to prove their basis for their objection. Furthermore, "the Court will not sustain objections to claims based simply on the fact that the claim disagrees with the debtor's books and records. More evidence is needed to overcome the prima facie validity of a proof of claim." *In re American Business Financial Services, Inc.*, 2008 WL 1702095 (April 10, 2008 Bankr. D. Del.)

(footnote). The Debtor has not provided the Court with proper evidence to overcome the prima facie validity of the proofs of claims.

WHEREFORE, Wheeler respectfully requests that this Court enter an order (i) overruling the Objections, (ii) allowing Wheeler a priority claim in the amount of $10,950.00 and an unsecured claim in the amount of $363,131.73, and (iii) granting such other and further relief to Wheeler as is appropriate.

Wilmington, Delaware
Dated: October 15, 2008

                                            Respectfully submitted,
                                            MARGOLIS EDELSTEIN

                                            James E. Huggett (No. 3956)
                                            750 Shipyard Drive, Suite 102
                                            Wilmington, DE 19801
                                            Telephone: (302) 888-1112
                                            Facsimile: (302) 888-1119

                                            Counsel to Michael Wheeler