## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| American Home Mortgage Holdings, Inc., *et al,* [1] | : | Case No. 07-11047 (CSS) |
|  | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : |  |
|  | : | **Re: D.I. 6138** |

-------------------------------------------------------------x

## OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION FOR MOTION FOR BLANKET RELIEF FROM THE AUTOMATIC STAY

The Official Committee of Unsecured Creditors (the "*Committee*") of American Home Mortgage Holdings, Inc., *et al*. (the "*Debtors*"), by its co-counsel, Hahn & Hessen LLP and Blank Rome LLP, hereby files this objection (the "*Objection*") to the *Motion for Blanket Relief from the Automatic Stay* (the "*Motion to Appoint*") [Docket No. 6138] filed by Bank of America, N.A., Litton Loan Servicing, L.P., Ocwen Loan Servicing, LLC, Residential Credit Solutions, Inc., Saxon Mortgage Services, Inc., Wachovia, and Wells Fargo Home Mortgage. (collectively, the "*Movants*"), and in support thereof respectfully states as follows:

## BACKGROUND

1        On August 6, 2007 (the "*Petition Date*"), the Debtors commenced voluntary cases (the "*Cases*") under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") with this Court.  Since the Petition Date, the Debtors have continued in the operation of their businesses and the management of their properties as debtors-in-possession pursuant to sections

---

[1]        The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these

Cases.

2       On August 14, 2007, the Office of the United States Trustee (the "*U.S. Trustee*")

appointed seven of the largest unsecured creditors to serve as members of the Committee.

3       On August 15, 2008, the Debtors filed their *Chapter 11 Plan of Liquidation of the*

*Debtors* (the "*Plan*") [Docket No. 5450] and *Disclosure Statement Pursuant to Section 1125 of*

*the Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors* (the

"*Disclosure Statement*") [Docket No. 5451].  A hearing on the adequacy of the Disclosure

Statement was scheduled to be held on September 15, 2008, subsequently adjourned to October

2, 2008 and then adjourned without date by the Court (the "*Disclosure Hearing*").

## ARGUMENT

4       Prior to the Petition Date, the Debtors were originators and interim servicers of mortgage

loans to consumers in the United States, originating billions of dollars in new loans every year.

These loans would typically be secured by a first or second mortgage lien recorded against the

borrower's residence.  As part of its business, the Debtors would typically sell the newly-

originated mortgage loans to whole loan purchasers or place them in securitization trusts.

Frequently when the loans were originated, the mortgages were recorded in the name of the

Debtors and thereafter an assignment of the mortgage would have been recorded in the name of

the assignee.  However, in the instances where a mortgage loan was repurchased by the Debtors,

due, for example, to an early payment default by a borrower or a breach of a representation or

warranty by the Debtors in connection with the sale of the loan to a third party, the mortgage

may remain in the Debtors' name until resold.

- 2 -

5       In addition, in certain instances in which the Debtors serviced the mortgages on an interim basis, the mortgages would frequently remain listed in the name of the Debtors, even though the owner of the economic interest in the loan would be the securitization trust or whole loan purchaser.  In those instances, the Debtors would only hold bare legal title to these mortgages while providing interim servicing.

6       Prior to the Petition Date, the Debtors ceased their origination operations and, during the course of these Cases, have substantially liquidated or otherwise disposed of all of their operating assets, including substantially all of their interests in any and all mortgage loans in which the Debtors held an economic interest.

7       During the pendency of these Cases, hundreds of motions seeking to lift the automatic stay have been filed by the Stay Movants (as defined below) and similarly-situated parties seeking to enforce their rights and interests in mortgaged properties against a junior mortgage listing a Debtor as the mortgagor recorded against the title. Each such motion places an unnecessary burden on this Court, the moving party itself and the Debtors' estates, resulting in the expenditure of time and limited resources and further reducing the limited pool of funds available for distribution to unsecured creditors.

8       On September 29, 2008, the Movants filed the Blanket Relief Motion seeking blanket relief from the automatic stay in these Cases.


## **RESPONSE**


9       The Committee does not dispute the need for a blanket order of relief from the stay in these Cases as it has been pressing the Debtors to seek such relief, but the form of order

- 3 -

proposed by the Movants should be modified.  As proposed, the Movants would still file several supplemental orders every month, each with an exhibit containing a large number of properties, and each served on the Debtors and the Committee.  These supplemental orders would continue to burden this Court and perpetuate the drain on estate resources, requiring, at the very least, review by the Debtors and Committee.

10      Blanket orders for relief from the stay have been entered in two other cases in this District and neither order provides a mechanism for the submission of supplemental comfort orders. *See In re New Century TRS Holdings, Inc., et al.*, Case No. 07-10416 (KJC) [Docket No. 8892] (the "*New Century Order*"); *In re Liquidating Trust of ResMAE Mortgage Corporation, f/k/a ResMAE Mortgage Corporation*, Case No. 07-10177 (KJC) [Docket No. 1170] (the "*ResMAE Order*").  Copies of the New Century and ResMAE Orders have been annexed here to as *Exhibit B1* and *B2*.

> i)   Indeed, the Court in *New Century* soundly rejected a similar proposal to
>
> ii)  file a single order that has an exhibit attached to it that … lists ten properties, could list a thousand properties … and … that order can be filed one time, maybe once every two or every three weeks, with as many properties as we need to on it … under certification of counsel[.]

11      Transcript of Hearing dated August 20, 2008 ("*New Century Hr'g Tr.*"), 54:20-55:17 (annexed hereto as *Exhibit C*).  The *New Century* Court viewed the proposal as "burdensome" and noted that it was reluctant

> i)   to place a continuing burden on anyone, including the Court, to enter additional orders, even in the form in which [Movants] describe.  The whole point of the order is to eliminate that process in any form[.]

12      New Century Hr'g Tr., 56:5-9.  As such, the Court specifically denied the request for inclusion of such a mechanism. *See* New Century Order, ¶7 ("Movants' request in the Motions

for a mechanism to obtain as order specific to a particular property or particular properties is denied.").

## ALTERNATIVE FORM OF ORDER

13      In lieu of the Movant's form of order, the Committee respectfully requests that the Court (i) issue an order, substantially in the form annexed hereto as *Exhibit D* (the *"Alternative Order"*), providing that any party seeking to commence or continue any action to foreclose upon a mortgage lien recorded against real property in which the Debtor is listed as the holder of the mortgage is not required to file and shall not file a motion to lift the automatic stay under 11 U.S.C. § 362(d), nor shall such parties serve any documents related thereto upon the Debtors, the Committee or their respective counsel, and (ii) authorize such professionals to dispose of and discard all such foreclosure pleadings served upon them prior to or following entry of the Alternative Order.  The Committee further requests that the Court place on the docket for these Cases notice to parties seeking to foreclose upon a mortgage lien recorded against real property in which the Debtors are listed as the holder of the mortgage, that such parties are ordered not to file relief from stay motions or motions related thereto and directing such parties to the Alternative Order.  By such an order, the Committee hopes to "eliminate the process in any form", completely eliminating continued burden on the Court and the Debtors' estates.

14      In order to ensure that the entry of an order granting this Motion does not unintentionally prejudice the rights of any third party, the proposed Alternative Order specifically provides that the party seeking to foreclose upon a mortgage lien in the name of the Debtors must comply with all notice requirements under applicable state or local law.

## LEGAL STANDARD

877285.010-1521592.1
128189.01600/40177114v.1

15      Pursuant to section 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition operates as a stay of various actions against the debtor including "any act to obtain possession of property of the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). As such, "[o]n request of a party in interest and after notice and a hearing," the Court may grant a senior lien holder relief from the automatic stay under Bankruptcy Code section 362(d) to permit it to commence or proceed with an action to foreclose upon any junior lien that is property of the estate. *See Wisler v. White (In re White)*, 383 B.R. 366 (Bankr. W.D. Pa. 2008) (motion seeking relief from the automatic stay was held to be moot as the property on which the movant sought to proceed was abandoned pursuant to section 544(c) of the Bankruptcy Code and, thus, no longer property of the estate).

16      Section 541 of the Bankruptcy Code describes the property of the estate to which the stay provisions of section 362(a) apply. *In re Spencer*, 115 B.R. 471, 476 (Bankr. D. Del. 1990); *see* 11 U.S.C. § 541.  Here, as a result of the Debtors' sale of its mortgage loans, and in light of the pending sale of the Charged-Off Seconds, the Debtors' estates no longer have an interest in a substantial amount of mortgage loans even though the Debtors may be listed as the holder of a mortgage or lien recorded against real property.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

- 6 -

**WHEREFORE**, the Committee respectfully requests that the Court sustain the Objection, deny

the Motion to Appoint, and grant such other and further relief as it deems just and proper.

Dated:    Wilmington, Delaware
          October 15, 2008

**BLANK ROME LLP**

By:    /s/ Bonnie Glantz Fatell
       Bonnie Glantz Fatell (No. 3809 )
       David Carickhoff (No. 3715)
       1201 Market Street, Suite 800
       Wilmington, Delaware  19801
       (302) 425-6400 - Telephone
       (302) 425-6464 - Facsimile

                    - and -

**HAHN & HESSEN LLP**
488 Madison Avenue
New York, New York 10022
(212) 478-7200 - Telephone
(212) 478-7400 - Facsimile
Attn:   Mark T. Power
        Emmet J. Keary

Co-Counsel to the Official Committee
of Unsecured Creditors of American Home
Mortgage Holdings, Inc., *et al*.

877285.010-1521592.1
128189.01600/40177114v.1