# EXHIBIT B1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| NEW CENTURY TRS HOLDINGS, INC., et al., | Chapter 11<br>Case No. 07-10416-KJC, et seq. |
| Debtors. | |

### AMENDED ORDER TERMINATING THE AUTOMATIC
### STAY UNDER SECTION 362(a) OF THE BANKRUPTCY CODE
### TO PERMIT THE COMMENCEMENT OR CONTINUATION OF ANY ACT TO
### EXERCISE ANY RIGHTS AND REMEDIES UPON INTERESTS IN REAL PROPERTY
*(relates to Docket No. 8595)*

UPON CONSIDERATION OF various motions for reconsideration (Docket Nos. 8631,

8632, 8633, 8634, 8635, 8636, 8637, 8638, 8639, and 8640) (collectively, the "Motions") filed

by various parties (collectively, "Movants") in connection with the Order Providing that the

Automatic Stay Under Section 362(a) of the Bankruptcy Code Is Terminated To Permit the

Commencement or Continuation of Any Action To Foreclose Upon or Extinguish an Interest

Listed in the Name of a Debtor (Docket No. 8595) (the "Blanket Relief Order"), and the

omnibus response to the Motions (Docket No. 8735) filed by The New Century Liquidating

Trust and Reorganized New Century Warehouse Corporation (together, the "Trust"), by and

through Alan M. Jacobs, as their Bankruptcy Court appointed Liquidating Trustee and Plan

Administrator; the Court having determined that the relief requested in the Motions is

appropriate under the circumstances to the extent more fully set forth herein; and it appearing

that no other or further notice is required; and after due notice and sufficient cause appearing

therefor; IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motions are GRANTED in part and DENIED in part as set forth more fully hereinbelow.  All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motions.  The Blanket Relief Order is hereby RECONSIDERED and AMENDED AND SUPERSEDED by this order as described hereinbelow.

2.      Pursuant to 11 U.S.C. § 362(d), to the extent that the automatic stay and/or any injunction(s) may otherwise be applicable, any party is hereby granted relief from the automatic stay and such injunction(s), and the automatic stay and such injunction(s) are terminated, with respect to any interest in real property which may now be or some time in the past have been deemed to be property of one or more of the Debtors or the Trust ("Real Property").  Any party is hereby permitted to exercise its rights, if any, under applicable non-bankruptcy law against any Real Property, including but not limited to the foreclosure of any mortgage, deed of trust, or other interest or encumbrance thereupon.

3.      Nothing in this order (i) shall constitute a determination that any of the Debtors holds any interest in Real Property, (ii) shall estop the Debtors from denying that they hold any interest in Real Property, or (iii) shall constitute a determination as to the validity, priority, or amount of any claim secured by Real Property asserted by any party.

4.      The relief granted in this order shall not affect any substantive or procedural requirements for the exercise of rights and remedies against Real Property under applicable non-bankruptcy law.

5.      To the extent that this order is inconsistent with the Confirmation Order and/or any other order of the Court, this order shall be deemed to supersede such orders in all respects insofar as such orders extend the automatic stay and/or any injunction(s) with respect to any interest in Real Property.

6.    The relief granted in this order shall apply without further order of the Court. Any party seeking to exercise its non-bankruptcy rights and remedies against Real Property shall not file a motion for relief from the automatic stay and shall not serve any documents related thereto upon the Debtors, the Committee, the Liquidating Trustee/Plan Administrator or their respective counsel in these cases. Such professionals are hereby authorized to dispose of and discard all such foreclosure/extinguishment pleadings and documents served upon them prior to or following the entry of this order. In the event a party nevertheless files a motion for relief from the stay in these chapter 11 cases, such a motion shall be deemed moot and will not be granted or otherwise entertained by this Court.

7.    Movants' request in the Motions for a mechanism to obtain an order specific to a particular property or particular properties is denied.

8.    The Clerk of the Court shall place a notation on the docket for these Chapter 11 cases providing that: "The Court has granted relief from the automatic stay for all parties to exercise any applicable rights and remedies *against Real Property* under applicable non-bankruptcy law. Parties seeking to exercise their non-bankruptcy rights and remedies against Real Property are ordered not to file motions for relief from the automatic stay. Parties are directed to Docket No. ___ for a copy of such order."

9.    To the extent any other order of the Court, including but not limited to the Order Confirming the Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008 (Docket No. 8596), as amended by the Order Amending Order Confirming the Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008 (Docket No. 8626), purport to incorporate any provisions of the Blanket Relief

-3-

Order by reference, such orders shall be deemed to incorporate the terms of this order in lieu thereof.

      10.    This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this order.

Date: Sept 3, 2008
Wilmington, Delaware

HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

-4-

# EXHIBIT B2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LIQUIDATING TRUST OF RESMAE MORTGAGE CORPORATION, f/k/a RESMAE MORTGAGE CORPORATION, | Case No. 07-10177 (KJC)<br><br>Ref. No. _____ |
| Debtor. | |

### ORDER PROVIDING THAT PARTIES SEEKING TO COMMENCE OR CONTINUE ANY ACTION TO FORECLOSE UPON A MORTGAGE LIEN LISTED IN THE NAME OF THE DEBTOR ARE NOT REQUIRED TO FILE MOTIONS TO LIFT THE AUTOMATIC STAY UNDER SECTION 362(D) OF THE BANKRUPTCY CODE

Upon considering the motion dated August 29, 2008 (the "Motion") of the Liquidating Trust of ResMAE Mortgage Corporation (the "Trust"), by and through its counsel, for the entry of an order providing that parties seeking to commence or continue any action to foreclose upon a mortgage lien listed in the name of the debtor are not required to file motions to lift the automatic stay under section 362(d) of the Bankruptcy Code; and notice of the Motion having been provided to the Office of the United States Trustee, the Oversight Committee, and all other parties on the Post Effective Date Service List; and it appearing that no other or further notice is required; and after due notice and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is GRANTED as set forth herein.

2.    Capitalized terms not defined herein have the meanings given to them in the Motion.

3.    Pursuant to 11 U.S.C. § 362(d), to the extent that the automatic stay and/or the Plan Injunction may otherwise be applicable, all persons are hereby granted relief from the automatic stay and the Plan Injunction with respect to any interest in real property which may

596.002-21827.DOC

now or sometime in the past have been deemed to be property of the Debtor or the Trust ("Real Property"). All persons are hereby permitted to exercise their rights, if any, under applicable non-bankruptcy law against any Real Property, including but not limited to the foreclosure of any mortgage, deed of trust, or other interest or encumbrance thereupon.

4.    Nothing in this order shall (i) constitute a determination that the Trust holds any interest in property, (ii) estop the Trust from denying that they hold any interest in the Property or (iii) constitute a determination as to the validity, priority, or amount of any claim secured by Real Property asserted by any party.

5.    The relief granted in this order shall not affect any substantive or procedural requirements for the exercise of rights and remedies against Real Property under applicable non-bankruptcy law, including but not limited to the requirement to give notice to any party.

6.    To the extent that this order is inconsistent with the Confirmation Order and/or any other order of the Court, this order shall be deemed to supersede such orders in all respects insofar as such orders extend the automatic stay and/or the Plan Injunction with respect to any interest in Real Property.

7.    The relief granted in this order shall apply without further order of the Court. Any party seeking to exercise its non-bankruptcy rights and remedies against Real Property shall not file a motion for relief from the automatic stay and shall not serve any documents related thereto upon the Trust or its respective counsel in these cases. Such professionals are hereby authorized to dispose of and discard all such foreclosure/extinguishment pleadings and documents served upon them prior to or following the entry of this order. In the event a party nevertheless files a motion for relief from the stay in this chapter 11 case, such a motion shall be deemed moot and will not be granted or otherwise entertained by this Court.

8.    The Clerk of the Court shall place a notation on the docket for this chapter 11 case providing that: "The Court has granted relief from the automatic stay for all parties to exercise any applicable rights and remedies under applicable non-bankruptcy law. Parties seeking to exercise their non-bankruptcy rights and remedies against Real Property are ordered not to file motions for relief from the automatic stay. Parties are directed to Docket No. ___ for a copy of such order."

9.    To the extent any other order of the Court, including but not limited to the Confirmation Order, purport to incorporate any provisions of the this order by reference, such orders shall be deemed to incorporate the terms of this order.

10.    This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this order.

Dated: ___Sept 16___, 2008
Wilmington, Delaware

The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, | ) | Case No. 07-10416 (KJC) |
| INC., ET AL., | ) | Jointly Administered |
| | ) | |
| | ) | Wilmington, Delaware |
| Debtor. | ) | August 20, 2008 |
| | ) | |

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Liquidating Trustee
and Plan Administrator:

DAVID CARICKHOFF, ESQUIRE
ELIZABETH SLOAN, ESQUIRE
Blank Rome, LLP
1201 Market Street
Suite 800
Wilmington, Delaware  19801

JANINE CERBONE, ESQUIRE
MARK INDELICATO, ESQUIRE
Hahn & Hessen, LLP
488 Madison Avenue
15th Floor
New York, New York    10022

For the Debtors:

CHRISTOPHER M. SAMIS, ESQUIRE
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware    19801

BEN H. LOGAN, III, ESQUIRE
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, California  90071

For Fee Auditor,
Warren H. Smith:

WARREN H. SMITH, ESQUIRE
Warren H. Smith & Associates
Republic Center
325 North St. Paul
Suite 1275
Dallas, Texas    75201

1    listed in the title records as being held by a debtor."  Now,

2    Your Honor, really what my -- my concern here is -- is one of

3    -- purely of language.

4            But, before I -- before I get into more of the

5    specifics of what I consider this to be a problem -- and, we

6    can go through the language, because there is a lot of problems

7    in the language.  And, I'm not saying anybody did that on

8    purpose.  But, the language granting my clients relief, we --

9    we hoped to have a say in what that language said, because the

10   concern is, if it's not clear as to what you do and don't have

11   relief from stay to do, the title is not insurable coming out

12   of the foreclosure.

13           The reason that I have you that background, Your

14   Honor, -- I want to give you my pitch, and the Court may deny

15   it.  But, I want to give you my pitch anyway.

16           THE COURT:  And, I -- I'd like to hear it.

17           MR. HILLER:  My pitch is this.  Your Honor, instead

18   of filing 200 motions for relief from stay and noticing it for

19   every two weeks of hearings, we have the ability, as the Court

20   may now be aware, to file a single order that has an exhibit

21   attached to it that could be -- that lists ten properties,

22   could list a thousand properties.  It's just a bunch of pages,

23   but it's one order.  And, the Court would only need to sign one

24   order in that case.

25           The Court has granted relief from stay on a blanket

1    basis.  So, it doesn't matter who the movant is anymore.  The

2    Court may recall that, early in this case, the Court made a

3    ruling -- this is before I was involved in the case -- the

4    Court made a ruling that a party could file a motion relating

5    to more than one property, but the party had to be the single

6    party involved.

7           And, by party, the Court was saying not service or

8    the Court was saying lien holder.  Well, we're not worried

9    about who the party is anymore.  All we need is to get relief

10   from stay as to particular properties.

11          And, so my pitch is our office can file a single

12   order.  And, because the Court has granted relief from stay

13   sort of conceptually on a -- on a blanket basis, that order can

14   be filed one time, maybe once every two weeks or every three

15   weeks, with as many properties as we need to on it.  It can be

16   filed under certification since the Court has already granted

17   relief.

18          And, we don't have to keep coming back.  We don't

19   have to keep having to pepper the docket with these things.

20   They can come in as one -- one piece of paper, albeit a large

21   document.  But, it's just charts at that point.  And, what we

22   say to the Court is that, we think, will simplify it.  That

23   will prevent the boxes and boxes of paper coming to the Court.

24   And, that's really what we think will fix all of this problem.

25   Because, at the end of the day, if we have an order that says

1    we have relief from stay, all this other stuff -- we don't care

2    about it anymore.

3                THE COURT:  Well, I -- I will tell you I'm more

4    likely to be convinced that there's better language that can be

5    used in the order that I entered than to place a continuing

6    burden on anybody, including the Court, to -- to enter

7    additional orders, even in the form in which you describe.  The

8    whole point of the order is to eliminate that process in any

9    form, at least in my mind.

10               MR. HILLER:  Well, Your Honor, I understand why the

11   Court would want to eliminate it.  But, if we were to -- able

12   to reduce it to one or two orders a month, that's no more than

13   the Court would probably see in the average Chapter 11 case.

14               And, since it does give a considerable amount of

15   specificity to what is being granted and as to what property,

16   we -- we would request that the Court even just consider that

17   as an option.  If it became burdensome, I would understand.

18   But, since we've agreed to --

19               THE COURT:  It's already --

20               MR. HILLER:  -- limit it to two --

21               THE COURT:  -- become burdensome.  That was the whole

22   point of the order.

23               MR. HILLER:  But, -- but, two a month, I think, would

24   not be burden -- if Your Honor decides that it would be, I --

25   of course, I would back off.  But, because it's only two a