# EXHIBIT 'A'

3611755v1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          : Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                              :
                                                                : Jointly Administered
        Debtors.                                                :
                                                                : Ref. Docket No.: 2465
---------------------------------------------------------------- x

### STIPULATION BY AND AMONG THE DEBTORS AND IRON MOUNTAIN INFORMATION MANAGEMENT, INC. REGARDING ADMINISTRATIVE CLAIMS

This Stipulation (the "Stipulation") is entered into by and among the above-captioned debtors and debtors in possession (the "Debtors"), and Iron Mountain Information Management, Inc. ("Iron Mountain" and together with the Debtors, the "Parties").

### RECITALS

WHEREAS on August 6, 2007 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under title 11 of chapter 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS prior to and subsequent to the Petition Date, the Debtors have maintained various accounts with Iron Mountain for document and data storage and document shredding at various locations throughout the United States, and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for American Home Mortgage Servicing, Inc., whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

WHEREAS on or about December 20, 2007, Iron Mountain filed its Motion to Compel Payment of Administrative Expenses [Docket No.2465] (the "Motion to Compel"). By the Motion to Compel, Iron Mountain asserted administrative expense claims in the amount of $140,208.99, plus interest and costs (the "Asserted Administrative Claim") for alleged postpetition services performed prior to December 17, 2007;

WHEREAS the Debtors dispute the validity and extent of the Asserted Administrative Claim;

WHEREAS on or about January 7, 2008, the Debtors wired $128,471.07 (the "Administrative Claim Payment") as partial payment for the Asserted Administrative Claim. The Debtors reserved the right to request a return of any fees determined to be on account of prepetition services and/or to offset such amounts with future postpetition invoices;

WHEREAS the Parties desire to resolve matters with respect to the Asserted Administrative Claim and the Motion to Compel.

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby **STIPULATE AND AGREE** to the following:

1. The terms of this Stipulation are effective as of the date it is approved by this Court (the "Effective Date").

2. Iron Mountain shall be granted an administrative claim against American Home Mortgage Corp. ("AHMC") (Case No: 07-11051) in the amount of $7,500.00 (the "Administrative Claim Amount") in full satisfaction of all services performed by Iron Mountain between August 6, 2007 and December 17, 2007.

3. AHMC will use commercially reasonable efforts to pay the Administrative Claim Amount within ten (10) business days after the Effective Date, but in no event later than thirty (30) days after the Effective Date.

4. Upon payment of the Administrative Claim Amount, Iron Mountain will withdraw its Motion to Compel.

5. This Stipulation shall not prejudice or affect the Debtors' right to object or otherwise contest Claim No. 3852 or to assert further actions against Iron Mountain, including, but not limited to, actions under chapter 5 of the Bankruptcy Code, nor shall it prejudice or affect the Iron Mountain's rights to contest, defend, or otherwise respond to the Debtors' objections or actions.

6. This Stipulation shall not prejudice or affect Iron Mountain's right to file an administrative claim for the cost of services provided after December 17, 2007 or otherwise prejudice any cure claim or pre-petition claim of Iron Mountain, nor shall it prejudice or affect the Debtors' right to contest, defend, or otherwise respond to Iron Mountain's claims.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

8. Upon approval by this Court, this Stipulation shall be binding on and inure to the benefit of the Parties and their respective heirs and assigns.

9. This Stipulation may be executed in one or more counterparts, all of which taken together shall constitute one and the same instrument.

10. By executing this Stipulation, the Parties represent that each has the full authority to enter into the Stipulation.

AGREED AND ACCEPTED BY:

Dated:   Wilmington, Delaware
         October ___, 2008

AMERICAN HOME MORTGAGE CORP.

By: _____
Print: Bret W Fernandes
Its: Director of Restructuring
Date: 10/15/08


IRON MOUNTAIN INFORMATION MANAGEMENT, INC.

By: _____
Print: Charles J Brown
Its: Attorney
Date: 10/6/08