IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             :  Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                 :
                                                                   :  Jointly Administered
        Debtors.                                                   :
                                                                   :  RE: D.I. 6196
                                                                   :
------------------------------------------------------------------ x

**OBJECTION OF IRON MOUNTAIN INFORMATION MANAGEMENT, INC. TO THE FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF OCTOBER 8, 2008**

**NOW COMES,** Iron Mountain Information Management, Inc. ("Iron Mountain") and for its objection to the First Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of October 8, 2008 states as follows:

On August 6, 2007 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under title 11 of chapter 11 of the United States Code (the "Bankruptcy Code").

As of September 22, 2008, the Debtors and/or purchasers of the Debtors' assets owed to Iron Mountain a total of $281,656.96. $93,559.19 of the total is from pre-petition

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for American Home Mortgage Servicing, Inc., whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

claims and $170,585.51[2] is from post-petition claims. Attached hereto as Exhibit A is a summary and breakdown of the amounts that Iron Mountain is owed.

On or about September 19, 2007, Iron Mountain filed an objection to the Debtors' proposed cure claim of Iron Mountain [D.I. 815] in which it listed each of its executory contracts and the cure amounts thereof.

On or about December 20, 2007, after the Debtors failed to make any post-petition payments on the Iron Mountain contracts, Iron Mountain filed its requests for immediate payment of post-petition administrative expense claim (the "Administrative Claim Motion").

On or about January 7, 2008, the Debtors wired to Iron Mountain the sum of $128,471.07 to pay those post-petition services that were not disputed. Recently, the Debtors and Iron Mountain agreed in principal to a stipulation to fully resolve Iron Mountain's Administrative Claim Motion, which address those administrative expenses which had accrued though December 17, 2007.

On or about May 5, 2008, Iron Mountain received a check in the amount of $11,422.90 from American Home Mortgage Servicing Inc., a non-Debtor purchaser of certain assets of the Debtor. This payment was applied to an account with a customer number 04221.OMO70K. As reflected on Exhibit A, this account has a pre-petition arrearage of $23,316.82 and a post-petition arrearage of $94,651.72.

With the exception of the January 7, 2008 wire for $128,471.07, Iron Mountain has received no payments from the Debtors for its post-petition services.

---

[2] Iron Mountain's schedule of amounts owed in Exhibit A reflect post-petition arrearages of $188,097.77. Iron Mountain recently resolved the first motion that it filed on December 20, 2007 requesting payment of administrative expense in which it accepted a promise to pay $7,500.00 of the $17,512.26 in disputed charges that were incurred prior to December 17, 2007. The $7,500.00 agreed upon amount has not yet been paid but Iron Mountain is not including this amount in the $170,585.51 figure referenced above.

Iron Mountain demanded payment of the $23,316.82 pre-petition cure. The non-Debtor purchaser stated that this was the obligation of the Debtors and the Debtors have stated that the cure escrow has been exhausted. Upon information and belief, the executory contract with a customer number 04221.OMO70K has been assumed by the non-Debtor purchaser. Upon information and belief it is the Debtors' obligation to pay this pre-petition cure. Upon information and belief the Debtors are unable or unwilling to pay Iron Mountain its pre-petition cure.

There can be no dispute over whether Iron Mountain is entitled to an administrative claim for its post-petition services. Indeed, the Debtors have already paid Iron Mountain on an administrative basis for a portion of the services rendered prior to December 17, 2007. Moreover, even if the Debtors were to contend now that they no longer need some or all of the Records, such a determination would not retroactively eliminate the benefit conferred upon the Debtors and their estates or relieve the Debtors of their obligation to pay Iron Mountain's administrative expense claim. See, e.g., In re Grand Union Co., 266 B.R. 621, 625-26 (Bankr. D.N.J. 2001)(warehouseman entitled to administrative expense for storage of goods for debtor). Alternatively, Iron Mountain has given consideration to the Debtors in the form of continued storage, shredding and other services, which entitle it to an administrative expense claim. See In re Grand Union Co., 266 B.R. at 626. Furthermore, this Court should find that the Debtors are liable for the amounts requested by Iron Mountain to avoid unjust enrichment of the estates. Under the principles of restitution, Iron Mountain is entitled to an administrative expense claim because Iron Mountain's post-petition storage, shredding, pick up, delivery and other services have provided a benefit to the estate. See United Trucking Service, Inc. v. Trailer Rental Co., (In re United Trucking Service, Inc.), 851 F.2d 159, 162-63 (6th Cir. 1988). Even if

Iron Mountain's storage and shredding services did not benefit the Debtors' estates – which they do – Iron Mountain's administrative expense claim should be paid because it arises from the Debtors' wrongful attempt to procure storage and shredding services without making the requisite payment therefor. See Reading v. Brown, 391 U.S. 471 (1968). It would be unfair to deny Iron Mountain its valid administrative expenses while allowing the estate to avoid its contractual obligations. Courts have held that there is a rebuttable presumption that the contract rate is the appropriate rate for calculating an administrative expense. See, e.g., Bio-Med, 131 B.R. at 74 (citing In re Coin Galleries of Am., 72 B.R. 415, 417 (D. Mass. 1987).

Iron Mountain now asserts an administrative expense claim of $170,585.51 as well as the cure payment on the assumed contract of $23,316.82.

Because Iron Mountain has not been paid its administrative expenses and has no assurance that it will receive the same, Iron Mountain objects to confirmation of the Debtors' Amended Chapter 11 Plan of Liquidation. 11 U.S.C. §1129(a)(9) requires that in order for a plan to be confirmed that all administrative claims be paid. Excluding the pre-petition cure claim of $23,316.82 which remains unpaid and which Iron Mountain is being told there are no funds to pay, the post-petition administrative claim is a not insignificant figure of $170,585.51. The Debtors' Amended Chapter 11 Plan of Liquidation cannot be confirmed unless and until the Debtors can establish that they can and will pay all of the administrative claims of Iron Mountain.

WHEREFORE, for the foregoing reasons, Iron Mountain respectfully requests that this Court, deny confirmation of the Debtor's First Amended Plan unless and until the Debtors can provide assurances that Iron Mountain's cure claim and administrative expenses can and will be paid and grant such other relief as is just.

| | |
|---|---|
| October 22, 2008<br>Wilmington, Delaware | ARCHER & GREINER, P.C.<br><br>*/s/ Charles J. Brown, III*<br>Charles J. Brown, III (No. 3368)<br>300 Delaware Avenue, Suite 1370<br>Wilmington, DE 19801<br>Telephone: 302.777.4350<br>Facsimile: 704.343.4352<br><br>-and-<br><br>Frank F. McGinn, Esq.<br>David Phalen, Esq.<br>Bartlett Hackett Feinberg P.C.<br>155 Federal Street, 9th Floor<br>Boston, MA 02110<br>Tel (617) 422-0200<br>Fax (617) 896-6275<br><br>*Counsel to Iron Mountain Information Management, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing document to be served via first class mail, postage prepaid upon the following:

Donald J. Bowman, Jr., Esq.
Edward J. Kosmowski, Esq.
Young, Conaway, Stargatt & Taylor
1000 West Street, 17th Floor
Wilmington, DE 19801
*(Counsel to Debtor)*

United States Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035

Bonnie Glantz Fatell, Esq.
David W. Carickhoff, Jr., Esq.
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
*(Counsel to Committee)*


/s/ Charles J. Brown, III
Charles J. Brown, III (# 3368)

Dated: October 22, 2008