THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
-----------------------------------------X

In re:

AMERICAN HOME MORTGAGE HOLDINGS,
INC., Delaware corporation, et al.,

                    Debtors.

-----------------------------------------X

HAMILTON, SALLY
20B WILLIAM STREET
GLEN COVE, NY 11542

Chapter 11

Case No. 07-11047 (CSS)

Jointly Administered

Objection Deadline:
October 15, 2008 at 4:00 p.m. (ET)

Hearing Date: October 22, 2008 at 10:00 a.m. (ET)

**AFFIDAVIT IN RESPONSE TO OBJECTIONS**

STATE OF NEW YORK  )
                      ) ss.:
COUNTY OF NASSAU  )

SALLY HAMILTON, being duly sworn deposes and says:

That I reside at 20B William Street, Glen Cove, New York 11542, and I have duly filed a claim in the above entitled matter in the sum of $59,199.78 in accordance with the law and in a timely fashion. Said claim is for wages and employee compensation and is entitled to priority in this Chapter 11 proceeding.

That I make this affidavit in opposition to the objections filed by debtor's attorneys Young, Conaway, Stargatt & Taylor, LLP, a copy of which is attached hereto as Exhibit A. Their objection has no merit and my entire

claim is entitled to priority treatment.

In March 2007 I resided and worked in California. I was contacted by American Home Mortgage Holdings, Inc., and they solicited me to become an employee of theirs in New York and move to New York to work for them. On March 13, 2007, I signed a written contract with that company, the debtor herein.

Relying on said written contract, which provided that my moving expenses would be paid for by the debtor directly to the moving company, an agreed salary of $160,000.00, and a provision in section 7B of said contract which provided for severance benefits in the event I was laid off, I moved to New York and started work for the company on April 1, 2007. After checking with the company, my furnishings and household goods were finally shipped to New York in mid July. Before having them shipped, I asked my superiors about the financial condition of the company and was assured that all was well. Two weeks later the company filed for bankruptcy protection, and all of its employees were laid off including myself.

The company never paid for my moving expenses despite their obligation to do so. Although an estimate had been rendered for said moving expenses of $6,610.00, United Van Lines ultimately provided me

with a bill for $9,969.02. I refused to pay this bill as I had no agreement with them and it was the obligation of American Home Mortgage to pay them. They have commenced an action against me in the United States District Court for the Eastern District of New York seeking $60,000.00 in damages from me for these moving expenses. Enclosed please find a copy of United Van Lines' bill in the sum of $9,969.02 attached as Exhibit B and the Summons and Complaint in the action they have commenced in the Eastern District of New York as Exhibit C.

I believe that I am entitled to be reimbursed the entire amount of these expenses in the sum of $9,969.02 as well as the attorney's fees that defending this case in the Eastern District is costing me. As the payment of these expenses were a condition of my employment, they amount to wages and compensation to an employee and should be treated by this Court on a priority basis. I am not one of this company's general creditors with an unsecured claim. I am an employee seeking employee compensation and am entitled to priority status.

With regard to the claim of Young, Conaway, Stargatt & Taylor that I am not entitled to severance, I as well object. The statement contained in the objection to the effect that "Claimant is not entitled to severance payments asserted because severance is conditioned on the execution of

general release per the claimant's employ", I assume refers to the written employment contract which the debtor signed with me. I attach a copy of that contract as Exhibit D herein. The debtor's reliance on that language to avoid its obligations to me are as well misplaced. The contract at paragraph 7(b) entitled "Employment At Will: Severance." provides in part as follows: "To receive the severance, the Executive shall execute and enter into an Agreement and General Release to be negotiated between the parties." The language referred to (in a contract drafted by the debtor) implies that I will be presented with such an Agreement and General Release for my signature. I have never to this date been provided with such a proposed contract, agreement, or general release. I also note that absolutely no negotiation has taken place between the parties and I have not been invited by the debtor to negotiate.

In accordance with common law principles of construction, any ambiguity in a contract is to be construed against the draftsman. I do not believe there is any ambiguity here. Clearly in order for me to comply with the terms of the contract, the contract requires the company/debtor to present me with an Agreement and General Release in the first instance. However, should the Court consider the Agreement to be ambiguous in any way, it should be construed against the debtor.

I believe that my entire claim for moving expenses, severance and vacation pay have been established and are entitled to priority status as wages and compensation to an employee. I intend to appear at the hearing noticed for October 22, 2008; and in the event that the Court is not satisfied with the proof that I have presented to this point, I ask that a hearing be held in which the debtor be required to come forth with some proof to indicate that they presented with such an agreement.

WHEREFORE, your affiant respectfully prays that this Court deny the objections of the debtor to my claim for wages and compensation, that the Court find my entire claim entitled to priority status and for such other further and different relief as to this Court may seem just and proper.

_____
SALLY HAMILTON

Sworn to before me this
9th day of October, 2008.

_____
Notary Public

Thomas J. Stock, Esq.
Notary Public, State of New York
No. 4684523
Qualified in Suffolk County
Commission Expires April 30, 20__