## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

In re:                    )

                         )    **Chapter 11**

AMERICAN HOME MORTGAGE     )

HOLDINGS, INC., Delaware corporation, et al.,     )    **Case No. 07-11047 (CSS)**

                         )

        Debtors.             )    **Jointly Administered**

                         )

                         )

                         )    **Objection Deadline: October 15, 2008 at 4:00 p.m. (ET)**

AHM OB19 9/22/2008 (merge2.txnum2) 4000017804 EPIQ Use - 39     )    **Hearing Date: October 22, 2008 at 10:00 a.m. (ET)**

HAMILTON, SALLY
20B WILLIAM ST
GLEN COVE, NY 11542

## NOTICE OF DEBTORS' NINETEENTH OMNIBUS (SUBSTANTIVE) OBJECTION
## TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
## BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

TO:   HAMILTON, SALLY
       20B WILLIAM ST
       GLEN COVE, NY 11542

**Basis For Objection:**    Modified Amount Claim: Debtors' books and records show a modified amount of liability

| | Claim Number | Claim Amount | Modified Amount |
|---|---|---|---|
| Claim to be Reduced | 6297 | Priority - $59,199.78 | Priority - $6,610.00 |
| | | | Unsecured - $9,969.02 |

The Debtors' books and records show liability for vacation payout and reimbursement of moving expenses. Claimant is not entitled to severance payments asserted because severance  is conditioned on the execution of general release per the claimant's employ

The above-captioned debtors and debtors in possession (the "Debtors") have filed the **Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "Objection"), a copy of which is attached hereto. The Debtors seek by this Objection to modify the amount of the claim listed above because the Debtors have determined, after review of their books and records, that the amount asserted should be either increased, reduced or fixed at the amount indicated above in the "Modified Amount" column. The Objection seeks to alter your rights by modifying the amount of your claim as indicated above in the "Modified Amount" column.

Responses to the Objection, if any, must be filed on or before **October 15, 2008 at 4:00 p.m. (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Objection Deadline.

A HEARING ON THE OBJECTION WILL BE HELD ON **OCTOBER 22, 2008 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: September 22, 2008
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Edward J. Kosmowski (No. 3849)
Kara Hammond Coyle (No. 4410)
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : **Objection Deadline: October 15, 2008 at 4:00 p.m. (ET)** |
| | : **Hearing Date: October 22, 2008 at 10:00 a.m. (ET)** |

------------------------------------------------------------ x

### NOTICE OF DEBTORS' NINETEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

TO:    (I) THE OFFICE OF THE UNITED STATES TRUSTEE; (II) COUNSEL FOR THE COMMITTEE; (III) COUNSEL TO BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT FOR THE LENDERS UNDER THAT CERTAIN SECOND AMENDED AND RESTATED CREDIT AGREEMENT DATED AUGUST 10, 2006; (IV) THE DEBTORS' POSTPETITION LENDER; AND (V) THOSE PARTIES WHO HAVE REQUESTED NOTICE PURSUANT TO BANKRUPTCY RULE 2002, IN ACCORDANCE WITH DEL. BANKR. LR 2002-1(B).

The above-captioned debtors and debtors in possession (the "Debtors") have filed the **Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "Objection"), a copy of which is attached hereto.

Responses to the Objection, if any, must be filed on or before **October 15, 2008 at 4:00 p.m. (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

At the same time, you must also serve a copy of the response upon the undersigned counsel to the Debtors so that the response is received on or before the Objection Deadline.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

DB02:7387991.1                                                                    066585.1001    9/22/08
                                                                                              1.009

A HEARING ON THE OBJECTION WILL BE HELD ON **OCTOBER 22, 2008 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: September 22, 2008
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Edward J. Kosmowski (No. 3849)
Kara Hammond Coyle (No. 4410)
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

In re:                                          : Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]              :
                                                : Jointly Administered
        Debtors.                                :
                                                : **Objection Deadline: October 15, 2008 at 4:00 p.m. (ET)**
                                                : **Hearing Date: October 22, 2008 at 10:00 a.m. (ET)**

---------------------------------------------------------------- x

## DEBTORS' NINETEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The above-captioned debtors and debtors in possession (the "Debtors") hereby

object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed in

Exhibits A, B, C, D, E, F, G, H, and I to the proposed form of order (the "Proposed Order")

attached hereto as Exhibit XI,[2] pursuant to section 502(b) of title 11 of the United States Code

(the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules") and request the entry of an order disallowing and expunging in full or in part,

reclassifying, reassigning, and/or otherwise modifying such Disputed Claims as described herein.

In support of this Objection, the Debtors rely on the Declaration of Puneet Agrawal in Support of

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]     The Debtors do not object to any claims listed on the exhibits to the Proposed Order that are identified as surviving claims, and the term "Disputed Claims" as used herein does not include such surviving claims.

the Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b)

of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached

hereto as Exhibit I. In further support, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in

this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought

herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2.      On August 6, 2007 (the "Petition Date"), the Debtors each filed a

voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each

Debtor is continuing to operate its business and manage its properties as a debtor in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to an order of this Court.

4.      On August 14, 2007, the United States Trustee for the District of Delaware

appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or

examiner has been appointed.

## BAR DATE AND PROOFS OF CLAIM

5.      On August 17, 2007, this Court entered an order appointing Epiq

Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases

[Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors

and (ii) an official claims register by docketing all proofs of claim in a claims database

containing, inter alia, information regarding the name and address of each claimant, the date the

proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6.    On October 30, 2007, this Court entered an order [Docket No. 1708] (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date (the "Claims") and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

7.    To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

## RELIEF REQUESTED

8.    By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing and expunging in full or in part, reclassifying, reassigning and/or otherwise modifying the Disputed Claims listed in Exhibits A, B, C, D, E, F, G, H, and I to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

I.      **No Liability Claims**

9.      After reconciling each of the Disputed Claims and supporting materials against their books and records, the Debtors have determined that they are not liable with respect to the claims identified in Exhibit A to the Proposed Order (the "No Liability Claims"). Consequently, the Debtors believe the No Liability Claims identified in Exhibit A should be disallowed and expunged in their entirety.  The Debtors believe they are not liable for the No Liability Claims because the Debtors' books and records, which the Debtors believe to be accurate, do not reflect that any prepetition amounts are due and owing on account of the No Liability Claims.  Failure to disallow the No Liability Claims will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of other creditors in this case.  Accordingly, the Debtors hereby object to the No Liability Claims and request entry of an order disallowing and expunging in full each of the No Liability Claims identified in Exhibit A.

II.     **Multiple Debtor Claims**

10.     The claimants asserting the claims listed in Exhibit B to the Proposed Order (the "Multiple Debtor Claims") filed identical claims against multiple Debtors.  After review of their books and records, the Debtors have determined that the claims listed under the column titled "Objectionable Claims" in Exhibit B were filed against the wrong Debtor.  As indicated in the column titled "Comments" in Exhibit B, each claimant has a surviving claim filed against the correct Debtor.  The Debtors believe that it was not the intention of the claimants asserting the Multiple Debtor Claims to seek a double recovery against the Debtors' estates.  Rather, the claimants may not have known which Debtor to assert their claims against and therefore filed claims against multiple Debtors.  Regardless of the claimants' reasons for

filing the Multiple Debtor Claims, however, only one claim against the appropriate Debtor should be allowed for each claimant.

11.    Failure to disallow the Multiple Debtor Claims will result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases.  Accordingly, the Debtors hereby object to the Multiple Debtor Claims and request entry of an order disallowing and expunging in full each of the Multiple Debtor Claims identified in Exhibit B.

**III.    Modified Amount Claims**

12.    The Debtors have reconciled the claims identified in Exhibit C to the Proposed Order (the "Modified Amount Claims") against their books and records.  Several of the claimants asserting the Modified Amount Claims failed to specify an amount of their claims while others asserted an amount that was either higher or lower than the amount of liability reflected in the Debtors' books and records.  Consequently, the Debtors believe the amounts of the Modified Amount Claims identified under the column titled "Objectionable Claims" in Exhibit C should be modified by either increasing or fixing the amounts to the dollar values listed under the column titled "Modified Amount" in Exhibit C.  The Debtors believe Exhibit C contains the appropriate amounts of liability for each of the Modified Amount Claims.  Accordingly, the Debtors hereby object to the Modified Amount Claims and request entry of an order reducing or fixing the value of the Modified Amount Claims as set forth in Exhibit C.

**IV.    Reclassified Claims**

13.    The claimants asserting the claims identified in Exhibit D to the Proposed Order (the "Reclassified Claims") asserted that all or a portion of their claims is secured or entitled to priority.  After reconciling the Reclassified Claims against their books and records, the Debtors have determined that the priority level of the Reclassified Claims should be adjusted.

For many of the Reclassified Claims, no basis for secured status or priority exists under sections 506 or 507 of the Bankruptcy Code. Consequently, the Debtors believe that the Reclassified Claims should be reclassified as indicated in the "Reclassified Amount" column in Exhibit D. Failure to reclassify the Reclassified Claims would award the claimants undue priority. Accordingly, the Debtors request entry of an order reclassifying the Reclassified Claims as indicated in Exhibit D.

### V.    Reclassified Wrong Debtor Claims

14.    The claimants asserting the claims identified in Exhibit E to the Proposed Order (the "Reclassified Wrong Debtor Claims") asserted that all or a portion of their claims were either secured or entitled to priority. After reconciling the Reclassified Wrong Debtor Claims against their books and records, the Debtors have determined that no basis for secured status or priority exists under sections 506 or 507 of the Bankruptcy Code. Additionally, the Debtors' books and records indicate that the claimants asserting the Reclassified Wrong Debtor Claims asserted their claims against the wrong Debtors. Consequently, the Debtors believe that the Reclassified Wrong Debtor Claims should be reclassified as general unsecured claims and reassigned to the case numbers listed under the column titled "New Case Number" in Exhibit E. Failure to reclassify the Reclassified Wrong Debtor Claims would allow the claimants to recover at an undue level of priority against the wrong Debtors. Accordingly, the Debtors request entry of an order reclassifying and reassigning the Reclassified Wrong Debtors Claims as indicated in Exhibit E.

### VI.    Modified Amount Wrong Debtor Claims

15.    Similar to the Modified Amount Claims, the Debtors have reconciled the claims identified in Exhibit F to the Proposed Order (the "Modified Amount Wrong Debtor Claims") against their books and records.  Several of the claimants asserting the Modified Amount Wrong Debtor Claims failed to specify an amount of their claims while others asserted an amount that was either higher or lower than the amount of liability reflected in the Debtors' books and records.  Additionally, the Debtors' books and records indicate that the claimants asserting the Modified Amount Wrong Debtor Claims asserted their claims against the wrong Debtors.  The Debtors' books and records, which the Debtors believe to be accurate, show that the Modified Amount Wrong Debtor Claims should be (i) modified by either reducing or fixing the amounts to the dollar values listed under the column titled "Modified Amount" in Exhibit F, and (ii) reassigned to the case numbers listed under the column titled "New Case Number" in Exhibit F.  Accordingly, the Debtors hereby object to the Modified Amount Wrong Debtor Claims and request entry of an order modifying and reassigning the Modified Amount Wrong Debtor Claims as indicated in Exhibit F.

**VII.    Modified Amount Reclassified Claims**

16.    The Debtors have reconciled the claims identified in Exhibit G to the Proposed Order (the "Modified Amount Reclassified Claims") against their books and records. The claimants asserting the Modified Amount Reclassified Claims asserted an amount that was either higher or lower than the amount of liability reflected in the Debtors' books and records. Additionally, the claimants asserting the Modified Amount Reclassified Claims asserted that all or a portion of their claims is secured or entitled to priority.  After reconciling the Modified Amount Reclassified Claims against their books and records, the Debtors have determined that the priority level of the Modified Amount Reclassified Claims should be adjusted.  For many of the Modified Amount Reclassified Claims, no basis for secured status or priority exists under

sections 506 or 507 of the Bankruptcy Code.  Consequently, the Debtors believe the Modified

Amount Reclassified Claims identified under the column titled "Objectionable Claims" in

Exhibit G should be reclassified and their amounts should be modified by either reducing or

fixing them to the dollar values listed under the column titled "Modified Amount" in Exhibit G.

The Debtors believe Exhibit G contains the appropriate amounts of liability and priority levels

for each of the Modified Amount Reclassified Claims.  Accordingly, the Debtors hereby object

to the Modified Amount Reclassified Claims and request entry of an order reclassifying and

reducing or fixing the value of the Modified Amount Reclassified Claims as set forth in Exhibit

G.

### VIII.    Modified Amount Reclassified Wrong Debtor Claims

17.    The Debtors have reconciled the claims identified in Exhibit H to the

Proposed Order (the "Modified Amount Reclassified Wrong Debtor Claims") against their books

and records.  The claimants asserting the Modified Amount Reclassified Wrong Debtor Claims

asserted an amount that was either higher or lower than the amount of liability reflected in the

Debtors' books and records.  Additionally, the claimants asserting the Modified Amount

Reclassified Wrong Debtor Claims asserted that all or a portion of their claims is secured or

entitled to priority.  After reconciling the Modified Amount Reclassified Wrong Debtor Claims

against their books and records, the Debtors have determined that the priority level of the

Modified Amount Reclassified Wrong Debtor Claims should be adjusted.  For many of the

Modified Amount Reclassified Wrong Debtor Claims, no basis for secured status or priority

exists under sections 506 or 507 of the Bankruptcy Code.  Moreover, the Debtors' books and

records indicate that the claimants asserting the Modified Amount Reclassified Wrong Debtor

Claims asserted their claims against the wrong Debtors.  Consequently, the Debtors believe the

Modified Amount Reclassified Wrong Debtor Claims identified under the column titled

"Objectionable Claims" in <u>Exhibit H</u> should be reclassified, reassigned to the new case numbers

listed in <u>Exhibit H</u> and their amounts should be modified by either reducing or fixing them to the

dollar values listed under the column titled "Modified Amount" in <u>Exhibit H</u>.  The Debtors

believe <u>Exhibit H</u> contains the appropriate amounts of liability, priority levels and case numbers

for each of the Modified Amount Reclassified Wrong Debtor Claims.  Accordingly, the Debtors

hereby object to the Modified Amount Reclassified Wrong Debtor Claims and request entry of

an order reclassifying, reassigning, and reducing or fixing the value of the Modified Amount

Reclassified Wrong Debtor Claims as set forth in <u>Exhibit H</u>.

### IX.    Insufficient Documentation Claims

18.    The claims listed in <u>Exhibit I</u> to the Proposed Order (the "<u>Insufficient</u>

<u>Documentation Claims</u>") were submitted without sufficient documentation or alleged facts to

support the asserted claims.  The Insufficient Documentation Claims all have some

documentation attached, but such documentation is not adequate to allow the Debtors to

determine (i) whether they are liable for the alleged claim and/or (ii) the amount of the alleged

claim.[3]  To comply with the requirements for filing a claim, "a claimant must allege facts

sufficient to support a legal basis for the claim.  If the assertions in the filed claim meet this

standard of sufficiency, the claim is *prima facie* valid pursuant to Rule 3001(f) of the Federal

Rules of Bankruptcy Procedure."  <u>In re Planet Hollywood Int'l</u>, 247 B.R. 391, 395 (Bankr. D.

Del. 2001).  The claimants asserting the Insufficient Documentation Claims failed to allege facts

sufficient to support their claims and/or facts sufficient to determine the appropriate amount of

their claims.  Therefore their claims are not *prima facie* valid.  <u>See</u> <u>in re Allegheny Int'l, Inc.</u>,

954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the

---

[3]    Local Rule 3007-1(d)(vi) provides that a debtor may object on a non-substantive basis to "claim[s] without any supporting documents attached thereto."  However, if a claimant attaches any supporting documents to a claim, regardless of the contents of such documents, a debtor may only object to such claim on a substantive basis.

claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid.''). Because the Insufficient Documentation Claims are not *prima facie* valid, the Debtors hereby object to them and request that an order be entered disallowing and expunging in full each of the Insufficient Documentation Claims.

## RESERVATION OF RIGHTS

19.     To the extent any basis for substantive objection to any of the Disputed Claims is not explicitly discussed herein, the Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases or any other claims (filed or not) against the Debtors.  The Debtors also reserve all rights, defenses and counterclaims related to the Disputed Claims.  Furthermore, the Debtors reserve their rights to argue that (i) they are not liable under any theory of law for all or part of the amounts asserted in any of the Disputed Claims, (ii) the Debtors' books and records reflect a different amount of liability or no liability with respect to any of the Disputed Claims, (iii) all or part of any of the Disputed Claims should be reclassified to a different priority level, or (iv) the documentation attached to any of the Disputed Claims is insufficient to allow the Debtors to determine the extent of their liability, if any.

## NOTICE

20.     The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the Debtors' postpetition lender; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

21.     The Debtors have also provided an individualized notice, in the forms attached hereto as Exhibits II, III, IV, V, VI, VII, VIII, IX, and X to each of the claimants

identified respectively in Exhibits A, B, C, D, E, F, G, H, and I to the Proposed Order. Each claimant's notice lists the claimant's name and address, the basis for the Debtors' objection, the number and amount of their claim that is covered by this Objection, and any other information relevant to the Debtors' objection. Because Exhibits II, III, IV, V, VI, VII, VIII, IX, and X hereto and Exhibits A, B, C, D, E, F, G, H, and I to the Proposed Order are voluminous, the Debtors have omitted them from the copies of the Objection served on the claimants who asserted the Disputed Claims. All pertinent information regarding each claimant's Disputed Claim is included in that claimant's respective individualized notice. However, to the extent a claimant wishes to receive a copy of Exhibits II, III, IV, V, VI, VII, VIII, IX, and X hereto or Exhibits A, B, C, D, E, F, G, H, and I to the Proposed Order, such claimant may submit an email request to Debbie Laskin at dlaskin@ycst.com. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit XI</u>, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: September 22, 2008
      Wilmington, Delaware

                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

                    James L. Patton, Jr. (No. 2202)
                    Pauline K. Morgan (No. 3650)
                    Edward J. Kosmowski (No. 3849)
                    Kara Hammond Coyle (No. 4410)
                    Nathan D. Grow (No. 5014)
                    The Brandywine Building
                    1000 West Street, 17th Floor
                    Wilmington, Delaware  19801
                    Telephone: (302) 571-6756
                    Facsimile: (302) 571-1253

                    Counsel to the Debtors and Debtors in Possession

# EXHIBIT I

**Declaration of Puneet Agrawal**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                        :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                             :
                                                             :   Jointly Administered
         Debtors.                                            :
------------------------------------------------------------ x
```

### DECLARATION OF PUNEET AGRAWAL IN SUPPORT OF
### DEBTORS' NINETEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS
### PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
### BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Puneet Agrawal, pursuant to 28 U.S.C. § 1746, declare:

1.     I am a manager for Kroll Zolfo Cooper, LLC, the court-approved financial

advisor for the above-captioned debtors and debtors in possession (the "Debtors"). In this

capacity, I am one of the persons responsible for overseeing the claims reconciliation and

objection process in the Debtors' chapter 11 cases. I have read the Debtors' Nineteenth Omnibus

(Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,

Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or

by and through my personnel or agents, familiar with the information contained therein, the

proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.     Considerable resources and time have been expended in reviewing and

reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims

---

¹      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a
Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979);
American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New
York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407);
Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York
corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York
11747.

were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These efforts resulted in the identification of the "No Liability Claims," "Multiple Debtor Claims," "Modified Amount Claims," "Reclassified Claims," "Reclassified Wrong Debtor Claims," "Modified Amount Wrong Debtor Claims," "Modified Amount Reclassified Claims," "Modified Amount Reclassified Wrong Debtor Claims," and "Insufficient Documentation Claims" as defined in the Objection and identified respectively in Exhibits A, B, C, D, E, F, G, H, and I to the Proposed Order.

3.     The information contained in Exhibits A, B, C, D, E, F, G, H, and I to the Proposed Order is true and correct to the best of my knowledge.

4.     The Debtors have reviewed their books and records and determined that they have no record of any liability on account of the claims identified in Exhibit A to the Proposed Order. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Debtors seek to expunge and disallow in full the No Liability Claims.

5.     The Debtors have reviewed their books and records and determined that the claimants asserting the claims identified in Exhibit B to the Proposed Order filed identical claims against multiple Debtors. The Debtors have determined that these claims are duplicative of other claims that were filed against the correct Debtor. Therefore, the Debtors seek to expunge and disallow in full the Multiple Debtor Claims.

6.     The Debtors have reviewed their books and records and determined that the claims identified in Exhibit C to the Proposed Order should be modified to the amounts listed in Exhibit C. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Debtors seek to expunge and disallow in part the Modified Amount Claims.

7.      The Debtors have reviewed their books and records and determined that the claims identified in Exhibit D to the Proposed Order should be reclassified to different priority levels as indicated in Exhibit D.  Accordingly, to prevent these claims from receiving undue priority, the Debtors seek to reclassify the Reclassified Claims.

8.      The Debtors have reviewed their books and records and determined that the claims identified in Exhibit E to the Proposed Order should be reclassified to different priority levels, as indicated in Exhibit E, and reassigned to a different case number.  Accordingly, to prevent these claims from receiving undue priority and recovery from the wrong Debtors, the Debtors seek to reclassify and reassign the Reclassified Wrong Debtor Claims.

9.      The Debtors have reviewed their books and records and determined that the claims identified in Exhibit F to the Proposed Order should be modified to the amounts listed in Exhibit F and reassigned to the new case numbers listed in Exhibit F.  Accordingly, to prevent the claimants from receiving an unwarranted recovery against the wrong Debtors, the Debtors seek to expunge and disallow in part and reassign the Modified Amount Wrong Debtor Claims.

10.     The Debtors have reviewed their books and records and determined that the claims identified in Exhibit G to the Proposed Order should be modified to the amounts listed in Exhibit G and reclassified to the new priority levels listed in Exhibit G.  Accordingly, to prevent the claimants from receiving an unwarranted recovery at the wrong priority level, the Debtors seek to expunge and disallow in part and reassign the Modified Amount Reclassified Claims.

11.     The Debtors have reviewed their books and records and determined that the claims identified in Exhibit H to the Proposed Order should be modified to the amounts listed in Exhibit H, reclassified as indicated in Exhibit H, and reassigned to the new case numbers listed in Exhibit H.  Accordingly, to prevent the claimants from receiving an unwarranted recovery at the wrong priority level and against the wrong Debtors, the Debtors seek to expunge and

disallow in part, reclassify, and reassign the Modified Amount Reclassified Wrong Debtor Claims.

12.    The Debtors have determined based upon a review of the claims docket and the claims identified on Exhibit I to the Proposed Order that such claims were filed without sufficient documentation or alleged facts and the claimants have failed to provide additional requested documentation.  Accordingly, the Debtors seek to expunge and disallow in full the Insufficient Documentation Claims.

13.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 22, 2008

_____
Puneet Agrawal
Manager
Kroll Zolfo Cooper, LLC

# EXHIBIT XI

## Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                              :    Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                               :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                  :
                                                                    :    Jointly Administered
            Debtors.                                                :
------------------------------------------------------------------ x    **Ref. Docket No. _____**

### ORDER SUSTAINING DEBTORS' NINETEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the nineteenth omnibus (substantive) objection (the

"Objection") of the above-captioned debtors and debtors in possession (the "Debtors"), by which

the Debtors respectfully request the entry of an order pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), Rules 3003 and 3007, of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") disallowing and expunging in full or in part, reclassifying,

reassigning and/or otherwise modifying the Disputed Claims[2] identified in Exhibits A, B, C, D,

E, F, G, H, and I hereto; and it appearing that the Court has jurisdiction over this matter pursuant

to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of the Objection having been given

under the circumstances; and sufficient cause appearing thereof; it is hereby

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]     All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

ORDERED that the Objection is sustained; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibits A and B are hereby disallowed and expunged in their entirety; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit C are hereby modified by either decreasing or fixing the amounts of such claims to the dollar values listed under the column titled "Modified Amount" in Exhibit C; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit D are hereby reclassified to the priority levels indicated in the column titled "Reclassified Amount" in Exhibit D; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit E are hereby reclassified as general unsecured claims and reassigned to the case numbers listed under the column titled "New Case Number" in Exhibit E; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit F are hereby (i) modified by reducing or fixing the amounts to the dollar values listed under the column titled "Modified Amount" in Exhibit F, and (ii) reassigned to the case numbers listed under the column titled "New Case Number" in Exhibit F; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit G are hereby (i) modified by increasing or reducing the amounts to the dollar values listed under the column

titled "Modified Amount" in Exhibit G, and (ii) reclassified to the priority levels indicated in the column titled "Modified Amount" in Exhibit G; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit H are hereby (i) modified by reducing or fixing the amounts to the dollar values listed under the column titled "Modified Amount" in Exhibit H, (ii) reclassified to the priority levels indicated in the column titled "Modified Amount" in Exhibit H; and (ii) reassigned to the case numbers listed under the column titled "New Case Number" in Exhibit H; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit I are hereby disallowed and expunged in their entirety; and it is further

ORDERED that the Debtors reserve the right to amend, modify or supplement this Objection, and to file additional objections to claims filed in these chapter 11 cases; and it is further

ORDERED that the Debtors reserve the right to object to any of the Disputed Claims on any grounds in future omnibus objections to claims; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2008

                                              _____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE