EXHIBIT A

RETENTION AFFIDAVIT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :   Jointly Administered
                        Debtors.                                 :
                                                                 :   Doc. Ref. Nos: 192 & 643
---------------------------------------------------------------- x

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF OREGON        )
                       )  ss:
COUNTY OF MULTNOMAH    )

Jeff Duncan Brecht being duly sworn, deposes and says:

1. I am a an attorney at Sussman Shank LLP (the "Firm"), which maintains offices at 1000 SW Broadway, Suite 1400, Portland, Oregon, 97205.

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about September 7, 2007, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3. The Debtors have requested, and the Firm has agreed, to represent the Debtor, post-petition basis, in defense of a lawsuit filed against Debtor in the Circuit Court of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

DB02:6214345.1                                                                              066585.1001

Oregon, County of Multnomah, Case No. 0802-02316 (the "Lawsuit"). The Lawsuit was initially stayed by Debtor's by the above-captioned bankruptcy, but this Court lifted the stay so the Lawsuit could proceed.

4. The Firm's current customary rates, subject to change from time to time, are $230/hour for attorney Jeff D. Brecht, who would be the primary and trial attorney related to the Lawsuit; $350/hour for attorney Jeff C. Misley, who may provide some limited services related to the Lawsuit; and between $70 and $125/hour for paralegal assistance. In the normal course of its business, the Firm revises its billing rates on or about October 1 of each year and requests that, effective October 1 of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections:

Current client, unrelated collection matter: Washington Mutual Bank.

6. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases.

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

8. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9. Prior to the filing of the above-captioned bankruptcy in this Court, the Firm was briefly employed by the Debtors. The Debtors owe the Firm approximately $7,500 for prepetition services. If the Firm's employment is authorized pursuant to the Ordinary Course Professionals order, the Firm will waive the pre-petition claim.

10. The Firm has conducted inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these bankruptcy cases, and has found no current creditor other than Washington Mutual Bank (see par. 5 above), on an unrelated collection matter. The Firm has analyzed the representation and found no conflict of interest. The Firm has also advised Washington Mutual Bank that it will represent Debtor in defense of the Lawsuit. As of the date of this Affidavit, Washington Mutual Bank has not objected to that representation. The Firm has also advised Debtor that it currently represents Washington Mutual Bank in an unrelated collection matter, and Debtor has advised me that it has no objection to that representation. If the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

11. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10/27 , 2008

*Jeff D. Brecht*

Sworn to and subscribed before me this 27TH day of October, 2008.

*Sarah Bobbitt*
Notary Public for Oregon
My Commission Expires:  9-19-11

OFFICIAL SEAL
SARAH BOBBITT
NOTARY PUBLIC-OREGON
COMMISSION NO. 421472
MY COMMISSION EXPIRES SEPTEMBER 19, 2011

F:\CLIENTS\20205\001\P-AHM -OCP AFFIDAVIT-BRECHT.DOC