**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ------------------------------------------------------------x | Chapter 11 |
| In re: : | |
| : | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE : | |
| HOLDINGS, INC., a Delaware corporation, <u>et al.</u>,[1] : | Jointly Administered |
| : | |
| Debtors. : | |
| : | **Hearing Date: Nov. 25, 2008 at 10:00 a.m. (ET)** |
| ------------------------------------------------------------x | **Obj. Deadline: Nov. 18, 2008 at 4:00 p.m. (ET)** |

## DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) FURTHER EXTENDING THE DEBTORS' EXCLUSIVE PERIOD WITHIN WHICH TO SOLICIT ACCEPTANCES TO THEIR CHAPTER 11 PLAN

The debtors and debtors in possession in the above-captioned cases (collectively,

the "<u>Debtors</u>") hereby file this motion (the "<u>Motion</u>") requesting that this Court enter an order,

pursuant to Section 1121(d) of Chapter 11 of Title 11 of the United States Code (the

"<u>Bankruptcy Code</u>"), extending the exclusive period within which to solicit acceptances of their

Chapter 11 plan through and including January 27, 2009. In support of this Motion, the Debtors

respectfully represent as follows:

### JURISDICTION

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303) ("<u>AHM Holdings</u>"); American Home Mortgage Investment Corp. ("<u>AHM Investment</u>"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("<u>AHM Acceptance</u>"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp. ("<u>AHM Corp.</u>"), a New York corporation (1558); American Home Mortgage Ventures LLC ("<u>AHM Ventures</u>"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("<u>Homegate</u>"), a New York corporation (7491); and Great Oak Abstract Corp. ("<u>Great Oak</u>"), a New York corporation (8580) (collectively, "<u>AHM</u>" or the "<u>Debtors</u>"). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief

requested herein are 105(a) and 1121(d) of the Bankruptcy Code.

## GENERAL BACKGROUND

2.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with

this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Each Debtor

is continuing to operate its business and manage its properties as a debtor in possession pursuant

to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to an order of this Court.

4.      On August 14, 2007, the United States Trustee for the District of Delaware

(the "US Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee").

On October 21, 2008, the US Trustee appointed an official committee of borrowers (the "Official

Committee of Borrowers").

## PROCEDURAL BACKGROUND

A.      *The Debtors' Exclusivity Periods.*

5.      On December 3, 2007, the Debtors filed their Motion for an Order

Extending their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereto

Pursuant to Section 1121(d) of the Bankruptcy Code [Docket No. 2252] (the "First Exclusivity

Motion").  By order dated December 19, 2008 [Docket No. 2445], the Court granted the First

Exclusivity Motion and extended the exclusive period of the Debtors to file a Chapter 11 plan or

plans in these cases (the "Exclusive Filing Period") through and including March 3, 2008 and

extending the time period by which the Debtors must solicit acceptances and/or rejections to

their Chapter 11 plan or plans (the "Exclusive Solicitation Period," and together with the
Exclusive Filing Period, the "Exclusive Periods") through and including May 5, 2008.

6.      On February 29, 2008, the Debtors filed their Motion for an Order Further
Extending their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereto
Pursuant to Section 1121(d) of the Bankruptcy Code [Docket No. 3133] (the "Second
Exclusivity Motion").  By order dated March 26, 2008 [Docket No. 3415], the Court granted the
Second Exclusivity Motion and extended the Exclusive Filing Period through and including June
2, 2008, and extended the Exclusive Solicitation Period through and including July 31, 2008.

7.      On May 30, 2008, the Debtors filed their Motion for an Order Further
Extending their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereto
Pursuant to Section 1121(d) of the Bankruptcy Code [Docket No. 4329] (the "Third Exclusivity
Motion").  By order dated July 17, 2008 [Docket No. 5175], the Court (i) granted the Third
Exclusivity Motion in part by extending the Exclusive Filing Period through and including
August 19, 2008 and extending the Exclusive Solicitation Period through and including October
17, 2008, and (ii) adjourned the remainder of the relief requested in the Third Exclusivity Motion
until the hearing held on August 18, 2008.  By further order dated August 18, 2008 [Docket No.
5175] (the "Third Exclusivity Order"), the Court granted the remainder of the relief requested in
the Third Exclusivity Motion and extended the Exclusive Filing Period through and including
September 2, 2008, and extended the Exclusive Solicitation Period through and including
October 29, 2008.

B.      *The Debtors' Plan and Disclosure Statement*

8.      On August 15, 2008, within the Exclusive Filing Period, the Debtors filed
the Chapter 11 Plan of Liquidation of the Debtors dated as of August 15, 2008 [Docket No.

DB02:7474934.1                                                                    066585.1001

5450] (as amended and modified, the "Plan"), and, contemporaneous therewith, the Debtors filed their Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors dated as of August 15, 2008 [Docket No. 5451] (as amended and modified, the "Disclosure Statement"). On September 30, 2008, the Debtors filed an amended Plan [Docket No. 6154] and Disclosure Statement [Docket No. 6156]. On October 8, 2008 , the Debtors filed a further amended Plan [Docket No. 6196] and Disclosure Statement [Docket No. 6198].

9.      Contemporaneous with the filing of the Plan and Disclosure Statement, the Debtors served notice [Docket No. 5452] that a hearing to consider the adequacy of the Disclosure Statement would be held on September 15, 2008 (the "Disclosure Statement Hearing"). At the request of the Committee, the Debtors agreed to adjourn the Disclosure Statement Hearing until October 2, 2008. However, as set forth below, the Disclosure Statement Hearing was further adjourned to November 25, 2008.

C.      *The Borrowers' Committee Motion and*
        *Postponement of the Disclosure Statement Hearing*

10.     On September 9, 2008, certain movants filed their Motion for Order Appointing an Official Committee of Borrowers Pursuant to Section 1102(a)(2) of the Bankruptcy Code [Docket No.5675] (the "Borrowers Motion"). By order dated September 11, 2008 [Docket No. 5833], the Court set a hearing on the Borrowers Motion for October 2, 2008. Thereafter, the Court adjourned the hearing on the Borrowers Motion and the Disclosure Statement until October 8, 2008.

11.     At the hearing on October 8, 2008, the Court issued an oral ruling directing the appointment of the Official Committee of Borrowers and adjourned the Disclosure Statement Hearing until further notice. By order dated October 10, 2008 [Docket No. 6220], the

Court directed the US Trustee to appoint the Official Committee of Borrowers and ordered a status conference for October 22, 2008 regarding (i) scheduling the Disclosure Statement Hearing, and (ii) the appointment of the Official Committee of Borrowers, including, but not limited to determining any limitations on the retention of professionals. At the hearing on October 22, 2008, the Court scheduled the Disclosure Statement Hearing for November 25, 2008 at 10:00 a.m.

## STATUTORY BACKGROUND AND RELIEF REQUESTED

12.    Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a Chapter 11 case during which a debtor has the exclusive right to file a plan of reorganization. Section 1121(c)(3) of the Bankruptcy Code provides that if the debtor files a plan within such exclusive filing period, it has an initial period of 180 days after the commencement of the Chapter 11 case to obtain acceptance of such plan.

13.    The Debtors' Exclusive Solicitation Period will expire on October 29, 2008 pursuant to the Third Exclusivity Order. As mentioned above, the Debtors filed the Plan on August 15, 2008, within the Exclusive Filing Period. However, the Debtors agreed to an adjournment of the Disclosure Statement Hearing to allow the Debtors to continue working through issues that would affect the successful consummation on the Plan. Accordingly, the Debtors adjourned the Disclosure Statement Hearing from September 15, 2008 until October 2, 2008, and the Court further adjourned the hearing until October 8, 2008. Following the hearing on October 8, 2008, and the Court's ruling on the Borrowers Motion, the Court again adjourned the Disclosure Statement Hearing, and the Disclosure Statement Hearing is now pending for November 25, 2008. The Debtors cannot begin to solicit acceptance of the Plan until the Disclosure Statement has been approved, and thus, the Debtors need additional time within

- 5 -

which to solicit acceptances to the Plan.  By this Motion, the Debtors request that the Court

extend the Exclusive Solicitation Period for an additional ninety (90) days until January 27,

2009.[2]

14.    Section 1121(d) permits the Court to extend the Exclusive Solicitation

Period for "cause."  For the reasons set forth herein, the Debtors believe that "cause" exists to

extend the Exclusive Solicitation Period for an additional ninety (90) days.  By this Motion, the

Debtors request, pursuant to Section 1121(d), that the Debtors' Exclusive Solicitation Period be

extended for an additional ninety (90) days through and including January 27, 2009.  The

Debtors further request that such an order be without prejudice to the Debtors' right to seek

additional extensions of the Exclusive Solicitation Period.

## BASIS FOR THE RELIEF REQUESTED

**A.    Section 1121(d) of the Bankruptcy Code Permits the
Court to Extend the Exclusivity Period "For Cause"**

15.    The objective of a Chapter 11 case is the negotiation, formulation,

development, confirmation, and consummation of a Chapter 11 plan, and it is the intention of the

Debtors to achieve that objective.  The exclusive periods provided by Section 1121(d) afford a

debtor the opportunity to propose a Chapter 11 plan and to solicit acceptances of such plan

without the deterioration and disruption of the debtor's chapter 11 efforts that might be caused

by the filing of competing plans by nondebtor parties.  In circumstances where, as here, the

initial 120 and 180-day exclusive periods provided for in the Bankruptcy Code prove to be an

unrealistic time frame for a debtor to achieve confirmation of a plan, section 1121(d) of the

---

[2] Pursuant to Del. Bankr. L.R. 9006-2, if a motion to extend time is filed prior to the expiration of the existing
deadline under the Code, the Rules, the Local Rules or order of the Court, such time period is automatically
extended until the Court acts on such motion.

DB02:7474934.1                                                                      066585.1001

Bankruptcy Code allows the Bankruptcy Court to extend the debtors' exclusive periods for "cause."

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

> (2)  (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.

> (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

16.    It is well established that the decision to extend a debtor's exclusivity periods is committed to the sound discretion of the Bankruptcy Court and should be based upon the facts and circumstances of a particular case. See First Am. Bank of New York v. Southwest Gloves and Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986); In re Reetz, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1986). Although the Bankruptcy Code does not define "cause" for an extension, courts have looked to the legislative history of section 1121(d) for guidance. See In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989); In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). Congress did not intend that the 120- and 180-day periods be a hard and fast rule. Rather, Congress intended that the Exclusive Periods be of an adequate length, given the circumstances, for a debtor to formulate, negotiate and draft a viable plan without the disruption to the business that would occur with the filing of competing plans of reorganization. In fact, Congress recognized that often a 120-day exclusivity period will not afford a debtor sufficient time to formulate and negotiate a plan:

> [t]he court is given the power, though, to increase . . . the 120-day period depending on the circumstances of the case. [T]he bill

- 7 -

> allows the flexibility for individual cases that is not available
> today. For example, if an unusually large company were to seek
> reorganization under chapter 11, the Court would probably need to
> extend the time in order to allow the debtor to reach an agreement.

H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 232 (1977) (emphasis added) (footnotes omitted); See

also In re Amko Plastics, 197 B.R. at 77 (noting that Congress intended courts to have flexibility

in dealing with extensions of exclusivity); Gaines v. Perkins (In re Perkins), 71 B.R. 294, 297

(W.D. Tenn. 1987) ("The hallmark of … [section 1121(d)] is flexibility").

17.     When determining whether cause exists for an extension of a debtor's

Exclusivity Periods, courts have relied on a variety of factors, each of which may provide

sufficient grounds for extending the periods. Factors considered by the courts in reaching a

determination have included: (1) the size and complexity of the case, (2) the necessity of

sufficient time to negotiate and prepare adequate information, (3) the existence of good faith

progress toward reorganization, (4) whether the debtor is paying its debts as they come due,

(5) whether the debtor has demonstrated reasonable prospects for filing a viable plan,

(6) whether the debtor has made progress in negotiating with creditors, (7) the length of time the

case has been pending, (8) whether the debtor is seeking the extension to pressure creditors and

(9) whether unresolved contingencies exist. See In re Express One Int'l Inc., 194 B.R. 98, 100

(Bankr. E.D. Tex. 1996); see also In re Gibson & Cushman Dredging Corp., 101 B.R. at 409-10

(listing some of the above-referenced factors); In re Grand Traverse Dev. Co. Ltd. P'ship, 147

B.R. 418, 420 (Bankr. W.D. Mich. 1992) (same); In re Southwest Oil Co. of Jourdanton, Inc., 84

B.R. 448, 451-54 (Bankr. W.D. Tex. 1987) (same).

**B.**    **Cause Exists for an Extension of the Exclusive Periods in These Cases**

18.    As set forth above, the Debtors' have now filed their Plan and Disclosure Statement.[3]  The Debtors believe that their Plan is viable and will ultimately be confirmed, and the Plan has received the support of the Committee.  Accordingly, the Debtors believe that it is appropriate for the Court to extend their Exclusive Solicitation Period, and that each of the factors identified above weigh in favor of the relief requested, as discussed below:

(1)    The Size And Complexity Of These Cases.  Prior to the Petition Date, the Debtors operated a very large and complex business which spanned over 47 states and employed thousands of individuals.  The Debtors' pre-petition business operations gave rise to numerous potential claims in these chapter 11 proceedings, and nearly 11,000 proofs of claims have been filed.  Since the Petition Date, the Debtors have invested a significant amount of time reconciling the claims filed and interests asserted in these cases.  Additionally, several of the claims asserted in these cases arose from complex financial transactions the Debtors entered into pre-petition and required the Debtors and their advisors to determine whether certain claims were secured, under-secured, or unsecured, and to what extent, as well as to negotiate and determine the rights of the relevant parties to various financing and repurchase agreements.

Since the Petition Date, the Debtors have marketed and sold the components of their servicing business to various buyers, including the sale (the "Servicing Sale") of a substantial portion of their mortgage servicing rights and their servicing platform to AH Mortgage Acquisition Co., Inc. (the "Purchaser"), and litigation arising from the Servicing Sale is on-going.  Additionally, the Debtors have marketed and sold various residential mortgage loans, construction loans, and real-estate owned, or "REO," property, as well as miscellaneous

---

[3]    The Plan and Disclosure Statement are each incorporated herein by reference.

business assets.  Moreover, the Debtors have either assigned to third parties or rejected substantially all of their real property and equipment leases.  Finally, the Debtors are currently in the process of marketing for sale certain fee-owned real property, their wholly owned thrift, and certain other assets.

In addition to the sale of their assets, the Debtors have engaged in, and continue to engage in, extensive litigation with various parties in interest in these cases.  Since the outset of these cases, the Debtors have had to respond to various motions for relief from stay in these cases.  Notably, the Debtors have faced several motions for relief from stay from their secured warehouse lenders, including Bank of America, N.A., in its capacity as administrative agent, and JP Morgan Chase Bank, in its capacity as administrative agent, to foreclose on loans constituting collateral under their respective warehouse lending agreements, as well as other contested matters and adversary proceedings filed by counterparties to various servicing and master repurchase agreements with the Debtors.  Two parties, Wells Fargo Bank, N.A. and DB Structured Products, Inc., have appealed rulings to the District Court.  The Debtors are also engaged in the litigation of a class action adversary proceeding asserting violation of the Workers' Adjustment Retraining Notification Act, and its California state law equivalent.  In addition to these matters, the Debtors have been engaged in various other contested matters and adversary proceedings in these cases.

(2)    The Debtors Have Not Had Sufficient Time To Negotiate And Prepare Adequate Information.  In light of the recent authorization to appoint the Official Committee of Borrowers, the Debtors now have a second statutory committee with whom it will need to confer on matters related to their Plan and Disclosure Statement.  Accordingly, the Debtors will need an

066585.1001

extension of the Exclusive Solicitation Period in order to negotiate with the Official Committee of Borrowers and provide them with the information they may request.

(3)    The Debtors Have Been Working In Good Faith Toward Maximizing The Value Of The Debtors' Assets. As discussed previously and in substantial detail in the Disclosure Statement, the Debtors' efforts throughout these cases have been focused upon the successful wind-down of the Debtors' estates in order to maximize the value of the Debtors' assets for the benefit of their creditors. Moreover, the Debtors have worked with the Committee on various issues related to the Plan and have obtained their support of the Plan. The Debtors have acted in good faith in order to achieve the most value from their assets with the goal of obtaining approval of and consummating the Plan.

(4)    The Debtors Are Paying Their Debts As They Come Due. The Debtors respectfully submit that, under the relevant facts and circumstances, the requested extension of the Exclusive Periods will not prejudice the legitimate interests of creditors, as the Debtors continue to make timely payment on their undisputed postpetition obligations. As such, the requested extension will afford the parties in interest a meaningful and reasonable opportunity to formulate and negotiate a chapter 11 plan or plans.

(5)    Reasonable Prospects Exist That The Plan Is Viable. The Debtors believe that the Plan is viable and likely to be confirmed. The Plan is the result of comprehensive analysis and due diligence on behalf of the Debtors and their professionals. Moreover, since filing the Plan, the Debtors have been in consultation with the Committee regarding the Plan, and the Committee supports the Plan. Accordingly, the Debtors submit that there is a reasonable prospect that the Plan is viable.

DB02:7474934.1                                                                 066585.1001

(6)     <u>The Debtors Have Made Significant Progress In Negotiating With</u>
<u>Creditors</u>.  As set forth above, the Debtors have worked extensively with the Committee
throughout these cases, and the Debtors' have recently filed their Plan which is supported by the
Committee.  Moreover, the Debtors have engaged in lengthy negotiations with their creditors,
and in recent months have negotiated resolutions to complex disputes with significant creditors,
including Bank of America, N.A. and Calyon New York Branch, each in their capacities as
administrative agent for certain of the Debtors' pre-petition secured lenders.

(7)     <u>The Length Of Time These Cases Have Been Pending Is Reasonable</u>.  The
cases were filed on August 6, 2007, and as set forth above, in the months following the Petition
Date, the Debtors have been able to manage a reasonably smooth transition into bankruptcy,
have conducted an orderly wind-down of their businesses while also attending to the heightened
requirements of the bankruptcy process, have responded to creditor issues, and have disposed of
a significant amount of their assets.  The Debtors have been working diligently to move these
cases toward a conclusion.  The Debtors have accomplished a great deal during the period since
the Petition Date and submit that an extension of the Exclusive Solicitation Period is appropriate
under the circumstances.

(8)     <u>The Debtors Are Not Seeking An Extension To Pressure Creditors</u>.  The
Debtors have no ulterior motive in seeking an extension of the Exclusive Solicitation Period.
The Debtors believe that the have worked diligently over the past few months to maximize the
value of their assets to creditors and negotiate and file a plan of liquidation.  The Debtors are not
trying to seek an extension to in any way pressure their creditors.

(9)     <u>Unresolved contingencies exist in these cases</u>.  While the Debtors were
able to file their Plan within the period fixed under the Third Exclusivity Order, the appointment

of the Official Committee of Borrowers will likely require additional consultation between the

Debtors and their statutory committees regarding the Plan and the Disclosure Statement.  Until

the Debtors have had a meaningful opportunity for such consultation, the Debtors are unable to

move towards approval of their Disclosure Statement and the commencement of the Plan

solicitation process.

       19.     In addition to the factors set forth above, termination of the Debtors'

Exclusive Periods would adversely impact the Debtors efforts to maximize the value of their

assets and the progress of these cases.  In effect, if this Court were to deny the Debtors' request

for an extension of the Exclusive Periods, any party in interest then would be free to propose a

plan of reorganization for each of the Debtors.  Such a ruling would foster a chaotic environment

with no central focus.

       20.     In light of the Debtors' substantial and diligent progress toward the wind-

down of their estates in order to maximize the value of the assets for their creditors, the Debtors

seek an order further extending the Exclusive Solicitation Period by an additional ninety (90)

days.  It is clear under applicable law that, in large and complex Chapter 11 cases such as these,

exclusivity can and should be extended where the Debtors have made, and are continuing to

make, significant progress toward a plan confirmation.  The Debtors also note that relief similar

to that requested in this Motion has been granted to other debtors in this jurisdiction in other

chapter 11 cases.  See, e.g., In re New Century TRS Holdings, Inc., No. 07-10416 (Bankr. D.

Del. January 22, 2008) (Carey, J.); In re Nellson Nutraceutical, Inc., No. 06-10072 (Bankr. D.

Del. March 12, 2007) (Sontchi, J.); In re FLYi, Inc., No. 05-20011 (Bankr. D. Del., April 23,

2006) (Walrath, C.J.); In re Meridian Automotive Systems Composites Operations, Inc., No. 05-

11168 (Bankr. D. Del., October 23, 2006) (Walrath, C.J.).

21.     The Debtors respectfully submit that, under the relevant facts and circumstances, the requested further extension of the Exclusive Solicitation Period will not prejudice the legitimate interests of any creditor, and will afford the parties in interest the opportunity to pursue to fruition the beneficial objectives of a confirmable plan of liquidation.

22.     Based upon the foregoing, the Debtors submit that cause exists in these bankruptcy proceedings to further extend the Debtors' Exclusive Solicitation Period pursuant to Section 1121(d) of the Bankruptcy Code.  Specifically, the Debtors respectfully request that the Exclusive Solicitation Period be extended, through and including January 27, 2009.

## RESERVATION OF RIGHTS

23.     The Debtors reserve the right to supplement this Motion and to file a reply and supporting memorandum of law in responses to any objection or responsive pleading made to this Motion.

## NOTICE

24.     Notice of this Motion has been given to (i) the United States Trustee for the District of Delaware, (ii) counsel to the Committee, (iii) counsel to Bank of America, N.A.; (iv) counsel to the agent for the debtors' postpetition lender;; and (iv) all parties who have requested notice pursuant to Local Rule 2002-1(b).  Further, the Debtors will serve this Motion upon the members, once appointed, of the Official Committee of Borrowers, or their counsel if retained.

DB02:7474934.1                                                                      066585.1001

WHEREFORE, the Debtors respectfully request entry of an order substantially in the form of the proposed order attached hereto extending the Exclusive Solicitation Period through and including January 27, 2009 and granting such other relief as is just and proper.

Dated:    Wilmington, Delaware
          October 28, 2008

                          YOUNG CONAWAY STARGATT & TAYLOR, LLP


                          James L. Patton, Jr. (No. 2202)
                          Pauline K. Morgan (No. 3650)
                          Sean M. Beach (No. 4070)
                          Matthew B. Lunn (No. 4119)
                          Ryan M. Bartley (No. 4985)
                          The Brandywine Building
                          1000 West Street, 17th Floor
                          Wilmington, Delaware 19801
                          Telephone: (302) 571-6600
                          Facsimile: (302) 571-1253

                          Counsel for Debtors and Debtors in Possession

DB02:7474934.1                                        066585.1001