UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In Re:                                                                Chapter 11
                                                                      Case No. 07-11047

AMERICAN HOME MORTGAGE
HOLDINGS, INC.,
        Debtors.

ROBERT CARLETON, MICHAEL J. OSTROWSKI
AND VICTOR DIAMOND'S RESPONSE TO DEBTOR'S
TWENTY-FIRST OMNIBUS (SUBSTANTIVE)
OBJECTION TO CLAIMS

NOW COME Robert Carleton, Michael J. Ostrowski and Victor Diamond, and respond to Debtor's Twenty-First Omnibus (Substantive) Objection to Claims as follows:

1.      Your Respondents are the holders of claims 2134, 2135 and 2136, respectively, which each claim set forth identical individual claims arising out of the retention of $21,936.75 escrow by American Brokers Conduit in connection with the Respondents' purchase of property in Florida.

2.      In filing said claims, your Respondents divided the total amount by three to arrive at each total claim amount of $7,321.25.

3.      By its 21st Omnibus Objection to claims, Debtor seeks to defeat Respondents' classification of a portion of their claims as priority. See Proposed Order attached to Debtor's Motion, Exhibit C.

4.      Each of the Respondents' claims asserts $2,425.00 as priority pursuant to 11 U.S.C. §507(a)(7) which provides priority status to

> "(7) Seventh, allowed unsecured claims of individuals, to the extent of [$2,425.00] for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided."

5.      Appended to each claim your Respondents provided a copy of the closing statement for the purchase indicating "escrow holdback" payable to American Brokers Conduit and a copy of the closing attorney's check to American Conduit. Respondents also assert in their claim that the escrow was never released to Respondents.

6. Your Respondents contend that such escrow constitutes "a deposit . . . of money in connection with the purchase . . . of property . . . or services" which was not "delivered or provided" to the Respondents.[1]

7. The term "deposit" as used in 11 U.S.C. §507(a)(7) is broad enough to encompass the escrow in this case. *In Re WW Warehouse Inc.*, 313 B.R. 588 (Bankr. D. Del. 2004) (gift certificates); *In Re Wise*, 120 B.R. 537, 542-543 (Bankr. D. Alaska 1990) (security deposits).

8. Proofs of claim are prima facie evidence of their validity and amount, Fed. R. Bank. P. 3001(f), and enjoy a presumption of priority when the claim is marked as priority. *In Re DeAngelis Tangibles, Inc.*, 238 B.R. 96, 98-99 (Bankr. M.D. PA 1999). In light of this presumption, "the party objecting to the claim has the burden of going forward and of introducing evidence sufficient to rebut the presumption of validity. Such evidence must be sufficient to demonstrate a true dispute and must have probative force equal to the contents of the claim. *Id.* (citing "9 Lawrence P. King, Collier on Bankruptcy, ¶3001.09[2], at 3001-26 (15th ed.)

9. The Debtor has not proffered any evidence to rebut the presumption - it simply asserts "For many of the Reclassified Claims, no basis for secured or priority exists under Section 506 or 507 of the Bankruptcy Code." <u>Debtor's Twenty-First Omnibus (Substantive) Objection to Claims</u>, Section III, p. 11.

For the foregoing reasons, your Respondents request that this court overrule Debtor's Twenty-First Objection with respect to Respondents' claims 2134, 2135 and 2136 and allow said claims to stand as priority claims as filed.

Respondents,
Robert Carleton, Michael J. Ostrowski,
Michael J. Ostrowski,
By their attorney and representative,

Dated: October 21, 2008

J. Alexander Watt
P.O. Box 881
Barnstable, MA 02630
(508) 362-1900
BBO #: 567994
law.jaw@verizon.net

---

[1] Debtor does not contend that the loan transaction was other than for personal, family or household use, nor does it contend that the Respondents' claims are not by "individuals."