IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x   Chapter 11
In re:                                                             :
                                                                   :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                             :
HOLDINGS, INC., a Delaware corporation, et al.,                    :   Jointly Administered
                                                                   :   REF DOCKET NOS. 163, 606, 3521, & 4859
       Debtors.                                                    :
                                                                   :   Hearing Date: December 10, 2008 at 2:00 p.m
                                                                   :   Objection Deadline: November 25, 2008 at 4:00 p.m
------------------------------------------------------------------ x

## MOTION PURSUANT TO 11 U.S.C § 105(a) FOR ORDER AUTHORIZING THE NUNC PRO TUNC APPROVAL OF THE REPLACEMENT OF KROLL ZOLFO COOPER, LLC BY ZOLFO COOPER, LLC, SUCCESSOR IN INTEREST TO KROLL ZOLFO COOPER LLC

American Home Mortgage Holdings, Inc., et al. (collectively, the "Debtors")[1] hereby move the Court for entry of an order, pursuant to sections 105(a) and 363 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving the replacement of Kroll Zolfo Cooper LLC ("KZC") by Zolfo Cooper, LLC ("ZC"), successor in interest to KZC, in connection with the Services Agreement among the Debtors, Stephen F. Cooper ("Cooper"), Kevin Nystrom ("Nystrom") and KZC (as modified, the "Agreement"), *nunc pro tunc* as of November 1, 2008, to provide management services. In support of this motion (the "Motion"), the Debtors respectfully state as follows:

---

[1] The Debtors (as defined below) in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303) ("AHM Holdings"); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580) (collectively, "AHM" or the "Debtors"). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## STATUS OF CASE AND JURISDICTION

1. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. No trustee or examiner has been appointed. The Official Committee of Unsecured Creditors (the "Committee") was appointed on August 14, 2007.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code.

## RELEVANT BACKGROUND

5. On August 14, 2007, the Debtors filed the *Application of Debtors Pursuant to Sections 105 and 262 of the Bankruptcy Code for Approval of the Agreement with Kroll Zolfo Cooper LLC, Stephen F. Cooper and Kevin Nystrom* [Docket No. 163] (the "Original Motion"). By the Original Motion, the Debtors sought to engage KZC, Cooper, and Nystrom to provide the Debtors with the services of Cooper as Chief Restructuring Officer, of Nystrom as Director of Restructuring, and the services of other professional staff to serve as Associate Directors of Restructuring (as defined in the Agreement). On September 4, 2007, the Court

entered an Order approving the Original Motion, the Agreement and the engagement of KZC, Cooper and Nystrom.

6. At a special board meeting held on June 5, 2008, the Debtors' board of directors (the "Board"), among other things, accepted the resignation of Cooper as Chief Restructuring Officer, effective as of June 30, 2008. Accordingly, the Board selected Nystrom, presently the Director of Restructuring, to act as the Debtors' Chief Restructuring Officer and Bret Fernandes ("Fernandes"), of KZC, to replace Nystrom and act as the Director of Restructuring. No changes in the compensation of KZC were requested or approved.

7. On June 10, 2008, the Debtors filed a motion [Docket No. 4497] requesting approval and authorization to modify the engagement of KZC solely to authorize the appointment of Nystrom as Chief Restructuring Officer and Fernandes as Director of Restructuring, effective as of June 30, 2008. By Order dated June 25, 2008 [Docket No. 4859], the Court approved such modification to KZC's engagement.

8. On October 31, 2008 (the "Closing Date"), certain senior employees of KZC consummated the management buy out of KZC from Kroll, Inc., KZC's parent company (the "Buy-Out"). Pursuant to the transaction documents, KZC has or will change its name to "Zolfo Cooper, LLC" from "Kroll Zolfo Cooper LLC", and at a later date thereafter, KZC will surrender the name "Kroll Zolfo Cooper LLC". In the interim, KZC has filed a Registration of Alternate Name and is doing business under the name "Zolfo Cooper, LLC".

9. Nystrom and Fernandes are now employees of ZC. As a result, notwithstanding the substitution of KZC, Nystrom will continue to serve as the Debtors' Chief

Restructuring Officer and Fernandes as Director of Restructuring in accordance with the terms of the Agreement.

## RELIEF REQUESTED

10. By this Motion, the Debtors seek entry of an order approving the replacement of KZC by ZC to provide services to the Debtors in accordance with the terms, conditions and provisions of the Agreement, *nunc pro tunc* to November 1, 2008, pursuant to sections 105(a) and 363 of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

11. Section 363(b) of the Bankruptcy Code provides that transactions not in the ordinary course of business must be approved by court order. Courts within this Circuit have routinely held that transactions should be approved under section 363 of the Bankruptcy Code when they are supported by the sound business judgment of management. Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996) (internal citation omitted); In re Delaware & Hudgson R.R. Co., 124 B.R. 169, 176 (D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)).

12. Additionally, section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers in the administration of a case under the Bankruptcy Code. Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Provided that a bankruptcy court does not employ its equitable powers to achieve a result not contemplated by the Bankruptcy Code, the exercise of its section 105(a) power is proper. In re Fesco Plastics Corp., 996 F.2d 152, 154 (7th Cir. 1993); Pincus v. Graduate Loan Ctr. (In re

Pincus), 280 B.R. 303, 312 (Bankr. S.D.N.Y. 2002). Pursuant to section 105(a), a court may fashion an order or decree that helps preserve or protect the value of a debtor's assets. See, e.g., Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); In re Cooper Props. Liquidating Trust, Inc., 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) (noting that bankruptcy court is "one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

13.    The Debtors submit that it is within their sound business judgment to replace KZC with ZC. The employees of KZC assigned to the engagement with the Debtors are, as a result of the Buy-Out, now employees of ZC. ZC will provide management services and continue to provide the services previously provided to the Debtors by KZC through the terms of the Agreement, including, but not limited to, provide to the Debtors the services of Nystrom as Chief Restructuring Officer, of Fernandes as Director of Restructuring and the services of other professional staff to serve as Associate Directors of Restructuring. Except as otherwise provided herein, the scope, terms, compensation and conditions of the employment of ZC will be identical to those set forth in the Original Motion and Agreement and approved by the Court's September 4, 2007, April 3, 2008 and June 25, 2008, Orders. Put differently, the replacement of KZC by ZC will not effect or otherwise alter the services being provided to the Debtors pursuant to the terms of the Agreement. In fact, the replacement of KZC by ZC is necessary to avoid a disruption in the services being provided to the Debtors under the terms of the Agreement.

14. Except as may be set forth in the Certification of Elizabeth S. Kardos, annexed hereto as <u>Exhibit A</u>, the affidavit of Stephen F. Cooper (the "<u>Cooper Affidavit</u>") and all of the Supplemental Affidavits previously filed by KZC in these cases, ZC has no connection with the Debtors, their creditors or other parties-in-interest in this case; (ii) it does not hold any interest adverse to the Debtors, its creditors or the estates; and (iii) it believes it is a "disinterested person" as defined within section 101(14) of the Bankruptcy Code.

15. Based on the foregoing, the Debtors respectfully submit that the replacement of KZC by ZC is both necessary and beneficial to the Debtors' estates and should be approved by this Court.

## **NOTICE**

16. Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A.; (iv) counsel to the Debtors' postpetition lender; and (v) all parties entitled to notice under Del. Bankr. LR 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as <u>Exhibit B</u>, granting the relief requested herein and grant such further relief as is just and proper.

Dated: November 6, 2008
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Attorneys for the Debtors and
Debtors-in-Possession