# EXHIBIT A TO SALE PROCEDURES ORDER

## Sale Procedures

## **SALE PROCEDURES**

These sale procedures (the "Sale Procedures") set forth the process by which American Home Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the chapter 11 proceedings pending before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), jointly administered under Case No. 07-11047 (CSS) (collectively, the "Debtors"),[1] will conduct the sale (the "Sale") of certain Second Lien Assets (as defined below). These procedures, which provide for the sale of the Second Lien Assets via an auction process, have been approved by the Bankruptcy Court pursuant to an order dated November 12, 2008 (the "Sale Procedures Order"). The Sale Procedures are binding upon all bidders and the bidders will have no right to alter these Sale Procedures.

1.   Assets to be Sold

As of ~~September 30~~ October 31, 2008, the Second Lien Assets consisted of 1,086 junior loans or junior real property interests with an aggregate unpaid principal balance ("UPB") of approximately $108,795,654. The Debtors provide these Sale Procedures, whereby prospective bidders may compete to submit the highest bid for the purchase of these Second Lien Assets on an "as is, where is" basis, substantially pursuant to the terms of the form Asset Purchase Agreement (the "APA"), attached hereto as Exhibit A, whereby bidders shall be required to submit bids on the entire pool of Second Lien Assets based on a blended rate multiplied by the total UPB. The Second Lien Assets include the following:

(a)   Non-Performing Second Lien Loans: These are home equity lines of credit or other mortgage loan products secured by a junior interest in real property where the mortgagor is thirty (30) days or more delinquent in its payment obligations or otherwise in default. The Debtors seek to sell approximately 675 of these loans with a total UPB of approximately $64,007,099; and

(b)   Active Foreclosure Second Lien Loans: These are Non-Performing Second Lien Loans where the real property is currently subject to an active foreclosure process. The Debtors seek to sell approximately 379 of these loans with a total UPB of approximately $41,515,324; and

(c)   Second Mortgages: These are second mortgage interests where the real property previously securing the second mortgage loan has been

---

[1] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

acquired through foreclosure. The Debtors seek to sell 32 Second Mortgages with a total UPB of approximately $3,273,231.

The Second Lien Assets encumber certain real and personal property held by non-Debtors (the "Underlying Collateral"). The Second Lien Assets are being sold subject to certain first priority senior mortgage liens and security interests ("First Mortgage Liens") encumbering the Underlying Collateral. The First Mortgage Liens shall continue to encumber the Underlying Collateral with the same priority as presently exists, and shall not be transferred or attach to the proceeds of the sale of the Second Lien Assets.

2.  Access to Information

Information relevant to the Second Lien Assets shall be made available to potential bidders on the Debtors' Intralinks website within twenty-four (24) hours following the execution by potential bidders of a valid nondisclosure agreement, including certain books and records, material contracts, and other financial information for due diligence investigation. To obtain a copy of a non-disclosure agreement or APA, contact the Debtors' advisors, Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, D.C. 20006 (Attn.: Darryl Conway) Telephone (202) 741-3665. Specific instructions for accessing the information will be provided after execution of such agreements. Interested bidders requesting information about the qualification process, and information in connection with their due diligence, should contact American Home Mortgage Investment Corp., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Damian Voulo) Telephone: (631) 622-3273.

**The diligence period will take place from November 1, 2008 to December 5, 2008.** The Debtors will coordinate all reasonable requests for additional information and due diligence access from potential bidders.

3.  Bid Deadlines

The Debtors will be accepting formal, binding, unconditional, irrevocable bids (each, a "Bid"). All Bids must be submitted in writing so that they are **actually** received no later than 5:00 p.m. (ET) on **December 5, 2008** (the "Bid Deadline"). Each bidder must deliver its Bid to: (i) the Debtors, American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Damian Voulo); (ii) advisors to the Debtors, Kroll Zolfo Cooper, 1166 Avenue of the Americas, New York, New York 10036 (Attn: Kevin Nystrom and Bret Fernandes), and Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn.: Darryl Conway); (iii) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: Sean M. Beach); and (iv) counsel to the Official Committee of Unsecured Creditors, Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 (Attn.: Mark S. Indelicato and Mark Power).

***Bids may also be submitted by email, on or prior to the Bid Deadline, to each of the following:*** **Damian.Voulo@americanhm.com, dconway@milestonecap.com, knystrom@kroll.com; bfernandes@kroll.com, cgrear@ycst.com, sbeach@ycst.com, MPower@hahnhessen.com, and mindelicato@hahnhessen.com.**

2

4. <u>Bid Requirements</u>

Bids must contain:

(a) an executed version of the APA;

(b) a marked or blacklined version of the APA to show any changes to the form APA;

(c) a letter setting forth the identity of the bidder (including an authorized representative thereof), such bidder's counsel, and contact information for such bidder, its authorized representative and its counsel;

(d) a certified or bank check or wire transfer in the amount of $150,000.00 as a minimum good faith deposit (the "<u>Minimum Deposit</u>"), which minimum deposit shall be used to fund a portion of the purchase price provided for in the Bid <u>and</u> written evidence of the bidder's financial ability to pay cash to consummate the Sale (in a form satisfactory to the Debtors, in consultation with the Committee);

(e) written acknowledgement that such Bid is unconditional and not contingent upon any event, including, without limitation, any due diligence investigation, the receipt of financing or any further bidding approval;

(f) written confirmation that such Bid shall remain open and irrevocable until the closing of a Sale to the Successful Bidder or Second Best Bidder;

(g) written evidence that the bidder has the requisite corporate or similar authority to consummate the Sale; and

(h) such other information as the Debtors, in consultation with the Committee, may request.

Bids that contain the foregoing shall be "<u>Qualified Bids</u>." Persons that comply with the foregoing shall be "<u>Qualified Bidders</u>." Each Qualified Bidder shall comply with all reasonable requests for additional information by the Debtors and their advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the Sale. Failure by a Qualified Bidder to comply with requests for additional information may be a basis for the Debtors, in consultation the Committee, to determine that a Bid made by such Qualified Bidder is not a Qualified Bid.

5. <u>Selection of the Successful Bidder if Only One Qualified Bid Submitted</u>

If only one Qualified Bid is submitted by the Bid Deadline, the Debtors shall not hold an Auction and, if such Qualified Bid is acceptable to the Debtors, in consultation with the Committee, instead shall seek an order of the Bankruptcy Court approving the Qualified Bid on December 10, 2008.

The Debtors reserve the right not proceed with a Sale of the Second Lien Assets at any time, if the Debtors determine, in consultation with the Committee, that the Qualified Bids

3

received for the Second Lien Assets are not sufficiently high in relation to the aggregate principal balance of such loans.

6.   Auction Required if Two or More Qualified Bids Are Submitted

If two or more timely Qualified Bids are received by the Bid Deadline, the Debtors will conduct an auction (the "Auction"). The Auction will take place on **December 9, 2008 at 10:00 a.m. (ET)** at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 or such later time and place as the Debtors may provide and that is reasonably acceptable to the Committee, so long as such change is communicated reasonably in advance by the Debtors to all Qualified Bidders.

7.   Auction Procedures and Sale Issues

Only the parties who have submitted a Qualified Bid will be eligible to participate in the Auction. Only the authorized representatives of each of the Qualified Bidders, the Debtors, and the Committee, (collectively, the "Auction Participants") shall be permitted to participate in the Auction. **Any Qualified Bidder shall be permitted to attend the Auction in person or by telephone.**

Prior to the commencement of the Auction, the Debtors will announce the highest Qualified Bid submitted and the Qualified Bidder that submitted such highest Qualified Bid. The Debtors will not announce the Qualified Bids submitted by any other Qualified Bidder. The bidding at the Auction for the Second Lien Assets shall start at the highest Qualified Bid. At the Auction, the Qualified Bidders will bid in amounts greater than the then highest Qualified Bid by at least the minimum overbid increment of $100,000. Each Qualified Bidder will be permitted a fair, but limited, amount of time (no more than 15 minutes, unless otherwise agreed by the Debtors in consultation with the Committee) to respond to the previous bid at the Auction. The Auction shall continue until there is only one Qualified Bid for the Second Lien Assets that is the highest Qualified Bid.

Upon the failure of the Debtors to receive an overbid for the Second Lien Assets, or such other time as the Debtors may determine prior to the conclusion of the Auction, the Debtors, in consultation with the Committee, may determine, at which time the highest Qualified Bid (the "Successful Bid") and the bidder making such Qualified Bid (the "Successful Bidder") and the next highest Qualified Bid (the "Second Best Bid") and the bidder making such Qualified Bid (the "Second Best Bidder") and the price shall be identified.

The Debtors intend to close the Auction on or before 5:00 p.m. on December 9, 2008, but reserve the right to continue the Auction beyond such time if bidding on the Second Lien Assets continues.

The Debtors reserve the right to cancel the Auction or not proceed with a Sale at any time, including during the Auction, if the Debtors determine, in consultation with the Committee, that

4

the Qualified Bids received for the Second Lien Assets are not sufficiently high in relation to the aggregate principal balance of such loans.

These procedures, as summarized above, are subject to amendment by Debtors, in consultation with the Committee, at any time, including during the Auction, upon notice to the Qualified Bidders. The procedures established are binding upon all bidders and the bidders will have no right to alter these procedures.

The Debtors will present the Successful Bidder and the Successful Bid for the Second Lien Assets to the Bankruptcy Court at the Sale Hearing, at which certain findings will be sought from the Bankruptcy Court regarding the sale process, including, among other things, that (i) the process leading to the selection of the Successful Bid was conducted and the Successful Bidder was selected in accordance with these Sale Procedures, (ii) the sale process was fair in substance and procedure, and (iii) consummation of the Sale contemplated by the Successful Bid will provide the highest or otherwise best value for the Second Lien Assets and is in the best interests of the Debtors and their estates.

The Debtors shall have accepted a Qualified Bid only when (i) the Qualified Bid is declared the Successful Bid at the Sale Hearing, (ii) the Bankruptcy Court has approved the Successful Bid and an order approving such Successful Bid has been docketed, (iii) definitive documentation has been executed in respect thereof, and (iv) the Sale closes.

8.  Closing of the Sales

The Debtors shall seek an order of the Bankruptcy Court approving the Successful Bid and the Second Best Bid for the Second Lien Assets at a hearing to be held at 2:00 p.m. (ET) on **December 10, 2008** (the "Sale Hearing"). The closing of the Sale with the Successful Bidder shall occur on or before 10:00 a.m. (ET) on December 11, 2008. In the event that the Successful Bidder does not close before 2:00 p.m. (ET) on December 11, 2008, the Debtors shall be authorized to close with the Second Best Bidder, and the Second Best Bidder will be required to close, at 10:00 a.m. (ET) on December 12, 2008.

9.  Reservation of Rights

The Debtors reserve the right, in consultation with the Committee, upon notice to all parties that have demonstrated an interest in bidding for the Second Lien Assets, to: (i) enter into a stalking horse agreement and seek Court approval of same; (ii) waive terms and conditions set forth herein with respect to any or all potential bidders, (iii) impose additional terms and conditions with respect to any or all potential bidders, (iv) extend the deadlines set forth herein, (v) cancel the sale of the Second Lien Assets and/or Sale Hearing in open court without further notice; (vi) remove some or all of the Second Lien Assets from the Second Lien Assets to be sold, including, without limitation, where such loans are satisfied partially or in full prior to the closing of any Sale; and (vii) amend the Sale Procedures as they may determine to be in the best interests of their estates or to withdraw the Motion at any time with or without prejudice.