IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11
In re:                                                           :
                                                                 :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :  Jointly Administered
                                                                 :
                          Debtors.                               :
                                                                 :  Related Document No.: 6223
---------------------------------------------------------------- x

**RESPONSE OF AMERICAN HOME MORTGAGE
SERVICING, INC., FORMERLY KNOWN AS AH MORTGAGE
ACQUISITION CO., INC., TO MOTION OF AMERICAN LIEN FUND, L.P.
PURSUANT TO 11 U.S.C. § 362 (d) TO ANNUL AUTOMATIC STAY
AS TO TAX SALE AND TO LIFT STAY AS TO COUNTERCLAIMS**

American Home Mortgage Servicing, Inc., a Delaware corporation formerly known as AH Mortgage Acquisition Co., Inc., ("AHMSI"), through its undersigned counsel, hereby submits this Response (the "Response") to the *Motion of American Lien Fund, L.P. Pursuant to 11 U.S.C. § 362 (d) to Annul Automatic Stay as to Tax Sale and to Lift Stay as to Counterclaims* (the "Motion") [D.I. 6223] filed by American Lien Fund, L.P. ("American Lien"). In support hereof, AHMSI states as follows:

**Background**

1.     Prior to April 2008, Debtor AHM SV, Inc. ("AHM SV"), a Maryland corporation, formerly known as American Home Mortgage Servicing, Inc., operated a loan

---

[1] The above-captioned debtors and debtors in possession in these cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation, formerly known as American Home Mortgage Servicing, Inc. (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The current address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747. Until April 2008, the address for AHM SV, Inc. was 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

servicing business and was the servicer of mortgage loans. In 2007, the mortgagor of the Property[2] defaulted on the senior and junior mortgages on the Property. AHM SV, as servicer for the securitization trust that owned the senior mortgage, foreclosed and acquired the Property at a public sale conducted on June 5, 2007 (the "Foreclosure Sale"). Approximately three months later, following AHM SV's commencement of its chapter 11 case, and without the taxing authority or the county having obtained relief from the automatic stay, American Lien purports to have acquired the Property pursuant to a tax sale conducted by the Fulton County Sheriff (the "Sheriff") on September 4, 2007 (the "Tax Sale").

2. In April 2008, AHMSI acquired AHM SV's loan servicing business and is currently the mortgage loan servicer for the securitization trust that owned the senior mortgage on the Property, and now owns rights to the Property. In May 2008, on behalf of the securitization trust, AHMSI filed a complaint for declaratory relief in the Superior Court of Fulton County in Georgia, seeking a declaration that AHMSI holds the Property in fee simple and that American Lien's purported subsequent acquisition of the Property under the Tax Sale is void and that the tax deed of record be cancelled. Having been advised that AHM SV filed for chapter 11 before the Tax Sale and recognizing that the Tax Sale may be null and void as a result of the automatic stay, American Lien requests that the Court annul the automatic stay for the purpose of retroactively authorizing the Tax Sale.

**American Lien Has Failed to Meet Its Burden
to Be Entitled to Retroactive Annulment of the Automatic Stay**

3. AHMSI submits that American Lien has not presented sufficient evidence to warrant retroactive annulment of the automatic stay. American Lien argues that AHM SV acted inequitably or unreasonably by failing to notify the Sheriff of AHM SV's chapter 11 case

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

and the imposition of the automatic stay. (Mot. at 9.) AHMSI does not know whether Fulton County or the Sheriff was given notice of these bankruptcy proceedings. Even if neither were given notice, however, American Lien has failed to carry its burden of proof that notice of the Tax Sale was provided to AHM SV such that AHM SV should have advised the Sheriff of the bankruptcy and imposition of the automatic stay.

4. The only evidence that notice of the Tax Sale was sent to AHM SV are unaddressed Notices of Tax Levy attached to the Motion as Exhibits 3 and 4, which reference AHM Mortgage as the owner of the prior security deed but contain no indication that the notices were sent to AHM Mortgage. American Lien has presented no evidence or affidavit concerning where the Notices of Tax Levy were sent, or whether the notices were received by AHM SV or any of the Debtors for that matter.

5. Moreover, as noted above, AHM SV acquired the Property at the Foreclosure Sale on June 5, 2007, 20 days prior to the Sheriff posting an Entry of Service and Notice of Tax Levy at the Property on June 25, 2007, and three months prior to the date of the tax sale on September 4, 2007. As recorded in Georgia's public records, AHM SV was the owner of the Property in fee simple. The Deed Under Power of Sale recorded in connection with the Foreclosure Sale contained the address of the Pendergast Firm as the notice party. American Lien has presented no evidence that either the Pendergast Firm, as the notice party, or AHM SV, the fee simple owner of the Property on the date of the Tax Sale, was provided notice of the Tax Sale. American Lien's arguments that AHM SV acted unreasonably or inequitably in failing to inform Fulton County or the Sheriff of these bankruptcy cases are unsustainable absent proof that AHM SV received actual notice of the Tax Sale.

6.      Furthermore, notwithstanding American Lien's arguments that it would be prejudiced if the Court does not grant the relief requested in the Motion, the position that American Lien finds itself is entirely of its only making. In researching the Property, American Lien failed to uncover the fact that the Property had been sold to AHM SV. Thus, American Lien's subsequent acquisition of the Property at the tax sale was based on its own negligent search, and not driven by any act or omission on the part of AHM SV. Given that American Lien has not proven that AHM SV received notice of the tax sale, and because AHM SV did not act, or fail to act, in any manner causing prejudice to American Lien, the Court should deny American Lien's request to annul the automatic stay.

7.      Finally, with respect to American Lien's request that the Court lift the automatic stay for the limited purpose of allowing American Lien to prosecute its counterclaims, AHMSI notes that at this point neither AHM SV nor any of the other Debtors are parties to the State Court Action. AHMSI, however, reserves all rights to assert all defenses to any of American Lien's counterclaims, including that such claims constitute liabilities retained by the Debtors or are otherwise barred or enjoined by the Court's order approving the sale of the servicing business.

Dated:  Wilmington, Delaware
        November 18, 2008

                        GREENBERG TRAURIG, LLP

                        */s/ Victoria W. Counihan*
                        Victoria W. Counihan (BAR #3488)
                        The Nemours Building
                        1007 North Orange Street, Suite 1200
                        Wilmington, DE 19801
                        (302) 661-7000
                        counihanv@gtlaw.com

                        and

                        JONES DAY
                        Daniel P. Winikka (TX 00794873)
                        2727 North Harwood Street
                        Dallas, Texas 75201
                        Telephone: (214) 220-3939
                        Facsimile: (214) 969-5100

                        Counsel for American Home Mortgage Servicing, Inc.
                        f/k/a/ AH Mortgage Acquisition Co., Inc.