IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 : Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                                       :
                                                                       : Jointly Administered
           Debtors.                                                    :
---------------------------------------------------------------------- x

**NOTICE OF AGENDA OF MATTERS SCHEDULED
FOR HEARING ON NOVEMBER 25. 2008 AT 10:00 A.M. (ET)**

**ADJOURNED/RESOLVED MATTERS**

1.  Motion of Natixis Real Estate Capital, Inc. f/k/a Ixis Real Estate Capital, Inc. for Relief from the Automatic Stay [D.I. 1701, 10/29/07]

    Objection Deadline:   November 7, 2007 at 4:00 p.m., extended for the Debtors and Committee

    Related Document:

    a)   Order Approving and Authorizing the Settlement Agreement by and Between the Debtors and Natixis Real Estate Capital Inc. f/k/a Ixis Real Estate Capital, Inc. [D.I. 2986, 2/15/08]

    Objections Filed:   None

    Status: This matter has been resolved in part. The remainder of this matter will be adjourned to a date and time to be determined.

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., ("AHM Investment") a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., ("AHM Corp.") a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

2. CitiMortgage Inc.'s Motion to Lift the Automatic Stay and Compel the Debtors to Release Loan Documents [D.I. 2515, 12/27/07]

   Objection Deadline: January 7, 2008 at 4:00 p.m., extended to January 9, 2008 at 12:00 p.m.

   Objections Filed:

   a) Debtors' Objection to CitiMortgage Inc.'s Motion to Lift the Automatic Stay and Compel the Debtors to Release Loan Documents [D.I. 2635, 1/9/08]

   Status: This matter will be adjourned by agreement to December 10, 2008 at 2:00 p.m.

3. Motion of National City Capital Commercial Corporation for Entry of Order Granting Allowance and Payment of Post-Petition Rent as an Administrative Expense Pursuant to 11 U.S.C. § 503(b)(1)(a) [D.I. 2791, 1/25/08]

   Objection Deadline: February 21, 2008 at 4:00 p.m., extended to November 5, 2008 for the Debtors and Committee

   Objections Filed:

   a) Debtors' Objection to Motion of National City Capital Commercial Corporation for Entry of Order Granting Allowance and Payment of Post-Petition Rent as an Administrative Expenses Pursuant to 11 U.S.C. § 503(b)(1)(a) [D.I. 6506, 11/5/08]

   b) Joinder of the Official Committee of Unsecured Creditors to the Debtors' Objection to Motion of National City Capital Commercial Corporation for Entry of Order Granting Allowance and Payment of Post-Petition Rent as an Administrative Expenses Pursuant to 11 U.S.C. § 503(b)(1)(a) [D.I. 6520, 11/6/08]

   Status: This matter will be adjourned by agreement to December 10, 2008 at 2:00 p.m.

4. Motion of AT&T Requesting Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b) [D.I. 3720, 4/17/08]

   Objection Deadline: May 5, 2008 at 4:00 p.m., extended for the Debtors and the Committee to September 8, 2008 at 4:00 p.m.

   Objections Filed:

   a) Debtors' Limited Objection to Motion of AT&T Requesting Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b) [D.I. 5602, 9/8/08]

      b)     Limited Joinder of Official Committee of Unsecured Creditors to Debtors' Limited Objection to Motion of AT&T Requesting Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b) [D.I. 5617, 9/9/08]

Status: This matter will be adjourned by agreement to January 13, 2009 at 11:00 a.m.

5. Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc.'s Motion for Entry of an Order (1) Compelling Assumption or Rejection of Debtors' Executory Contract, or Modifying the Automatic Stay; and (II) Compelling Payment of Administrative Expenses [D.I. 5468, 8/18/08]

    Objection Deadline:   September 8, 2008 at 4:00 p.m., extended to November 14, 2008 at 4:00 p.m.

    Related Document:

      a)     Supplement to Motion of MERS' Motion for Entry of an Order (1) Compelling Assumption or Rejection of Debtors' Executory Contract, or Modifying the Automatic Stay; and (II) Compelling Payment of Administrative Expenses [D.I. 5559, 8/29/08]

    Objections Filed:

      b)     Debtors' Objection to Motion of Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc.'s Motion for Entry of an Order (1) Compelling Assumption or Rejection of Debtors' Executory Contract, or Modifying the Automatic Stay; and (II) Compelling Payment of Administrative Expenses and the Supplemental Motion Thereto [D.I. 6580, 11/14/08]

Status: This matter will be adjourned by agreement to December 10, 2008 at 2:00 p.m.

**UNCONTESTED MATTERS WITH CERTIFICATE OF NO OBJECTION**

6. Debtors' Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Further Extending the Debtors' Exclusive Period Within Which to Solicit Acceptances to Their Chapter 11 Plan [D.I. 6468, 10/28/08]

    Objection Deadline:   November 18, 2008 at 4:00 p.m.

    Objections Filed:   None

    Related Document:

      a)     Certificate of No Objection [D.I. 6597, 11/20/08]

Status: A Certificate of No Objection has been filed. No hearing is required.

**CONTESTED MATTERS GOING FORWARD**

7. Motion of American Lien Fund, L.P. Pursuant to 11 U.S.C. § 362(d) to Annul Automatic Stay as to Tax Sale and to Lift Stay as to Counterclaim [D.I. 6223, 10/13/08]

    Objection Deadline:   November 5, 1008 at 4:00 p.m., extended to November 7, 2008

    Objections Filed:

    a) Response of American Home Mortgage Servicing, Inc., Formerly Known as AH Mortgage Acquisition Co., Inc., to Motion of American Lien Fund, L.P. Pursuant to 11 U.S.C. § 362(d) to Annul Automatic Stay as to Tax Sale and to Lift Stay as to Counterclaim [D.I. 6587, 11/18/08]

    b) Debtors' Objection to Motion of American Lien Fund, L.P. Pursuant to 11 U.S.C. § 362(d) to Annul Automatic Stay as to Tax Sale and to Lift Stay as to Counterclaim [D.I. 6592, 11/19/08]

    Status: This matter will be going forward.

8. Disclosure Statement Hearing

    Objection Deadline:   September 8, 2008 at 4:00 p.m., extended for the U.S. Trustee to September 10, 2008

    Related Documents:

    a) Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 21, 2008 [D.I. 6602, 11/21/08]; Blackline of Amended Chapter 11 Plan of Liquidation of the Debtors [D.I. 6603. 11/21/08]

    b) Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 21, 2008 [D.I. 6604, 11/21/08]; Blackline of Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Amended Chapter 11 Plan of Liquidation of the Debtors [D.I. 6605, 11/21/08]

    Objections Filed:

    c) Response of Gregory Sheffield [D.I. 5523, 8/27/08]

    d) Response of Angelo Ferricane [D.I. 5541, 8/27/08]

    e) Response of David A. Blate [D.I. 5547, 9/8/08]

    f) Response of David Crowe [D.I. 5597, 9/3/08]

g) Paul Deck's Objection and Rejection of Disclosure Statement in its Entirety and Order Mandating Debtors to Furnish Applicant with Copy of Disclosure Statement [D.I. 5598, 9/8/08]

h) Response of Erik Fleishner [D.I. 5599, 9/8/08]

i) Objection of Certain California Taxing Authorities [D.I. 5612, 9/8/08]

j) Objection of Wells Fargo Funding, Inc. to (I) Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 and (II) Debtors' Motion for Order Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan and Seeking Related Relief [D.I. 5614, 9/8/08]

k) CitiMortgage, Inc.'s Objection to Approval of Disclosure Statement with Respect to the Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 [D.I. 5619, 9/9/08]

l) Lead Plaintiffs' Objection to Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 [D.I. 5672, 9/9/08]

m) Deutsche Bank National Trust Co.'s Joinder in Objection of Wells Fargo Financial Funding Inc. [D.I. 5728, 9/9/08]

n) Joinder of County of Nevada, California as Part of the California Taxing Authorities to the Objection to Disclosure Statement by California Taxing Authorities [D.I. 5730, 9/9/08]

o) Limited Objection of ACE Group of Companies to Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 [D.I. 5787, 9/10/08]

p) Joinder of EMC Mortgage Corporation to Wells Fargo Funding, Inc.'s Objection to (I) Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 and (II) Debtors' Motion for Order Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan and Seeking Related Relief [D.I. 5788, 9/10/08]

q) Objection of JPMorgan Chase Bank, National Association to (I) Proposed Disclosure Statement for Debtors' Chapter 11 Plan of Liquidation and (II) Debtors' Motion for Order Establishing Procedures for Solicitation and Tabulation of Votes [D.I. 5795, 9/10/08]

r)   Response of Stan Bergum [D.I. 5817, 9/11/08]

s)   Response of James Youngman [D.I. 5820, 9/11/08]

t)   Response of Gary and Karen Grundy [D.I. 5824, 9/11/08]

u)   Response of Sunshine Custom Cleaning [D.I. 5827, 9/11/08]

v)   Paula Rush's Objection to the Adequacy of the Disclosure Statement [D.I. 5828, 9/11/08]

w)   Response to Disclosure Statement by Mark and Irene White [5829, 9/11/08]

x)   Response to Disclosure Statement by Kristin Wolf [D.I. 5831, 9/11/08]

y)   Joinder of County of Yuba, California as Part of California Taxing Authorities to the Objection to Disclosure Statement by California Taxing Authorities [D.I. 5872, 9/15/08]

z)   Limited Objection of Waterfield Shareholder LLC and Union Federal Bank of Indianapolis to Approval of Disclosure Statement with Respect to the Chapter 11 Plan of Liquidation for the Debtors Dated as of August 15, 2008 [D.I. 6102, 9/24/08]

aa)  Response of Edward Ekas [D.I. 6120, 9/26/08

bb)  Response of Paul Deck [D.I. 6124, 9/26/08]

cc)  Response of Joe Sgavicchio [D.I. TBD]

dd)  Response of Sherly Fealey [D.I. TBD]

ee)  Informal Response of Countrywide

ff)  Informal Response of SEC

gg)  Informal Response of IRS

hh)  Informal Response of U.S. Trustee

ii)  Informal Response of Northwest Trustee

jj)  Informal Response of CSFB

kk)  Informal Response of Calyon New York Branch

    ll)    Response and Reservation of Rights of Bank of America, N.A., as Administrative Agent, to the Debtors' Motion Approving the Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, including (A) Approving Form and Manner of Solicitation Procedures, (B) Approving the Form and Notice of The Confirmation Hearing, (C) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages, (D) Approving Forms of Ballots, (E) Establishing Deadline for Receipt of Ballots, and (F) Approving Procedures for Vote Tabulations; (III) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan, and (IV) Granting Related Relief [D.I. 6152, 9/30/08]

    mm)    Objection of LaSalle Bank National Association, as Trustee, to (i) Debtors' Amended Disclosure Statement Under Section 1125 of the Bankruptcy Code Regarding Debtors' Amended Chapter 11 Plan of Liquidation Dated September 30, 2008 and (II) Debtors' Motion for Order Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan and Seeking Related Relief [D.I. 6185, 10/6/08]

    nn)    Objection of Official Committee of Borrowers to Adequacy of Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code [D.I. 6593, 11/20/08]

Status:  With respect to item (g) and (bb), this matter is moot. With respect to items (c), (d), (e), (o), (q), (s), (t), (u), (v), (x), (z), (aa), (cc), (dd), (ff), (gg), (ii), (jj), (kk), (ll) and (mm), this matter has been resolved. Item (m) has been withdrawn with full reservation of rights to object to plan confirmation. A chart identifying the nature of objections and responses/status of all other items is annexed hereto. This matter will be going forward.

9.    Debtors' Motion Approving the Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, including (A) Approving Form and Manner of Solicitation Procedures, (B) Approving the Form and Notice of The Confirmation Hearing, (C) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages, (D) Approving Forms of Ballots, (E) Establishing Deadline for Receipt of Ballots, and (F) Approving Procedures for Vote Tabulations; (III) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan, and (IV) Granting Related Relief [D.I. 5554, 8/15/08]

    Objection Deadline:  September 8, 2008 at 4:00 p.m., extended for the U.S. Trustee to September 10, 2008

    Objections Filed:

    a)    Objection of Wells Fargo Funding, Inc. to (I) Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008 and (II) Debtors' Motion for Order Establishing Procedures for

|   |   |
|---|---|
|   | Solicitation and Tabulation of Votes to Accept or Reject the Plan and Seeking Related Relief [D.I. 5614, 9/8/08] |
| b) | Objection of JPMorgan Chase Bank, National Association to (I) Proposed Disclosure Statement for Debtors' Chapter 11 Plan of Liquidation and (II) Debtors' Motion for Order Establishing Procedures for Solicitation and Tabulation of Votes [D.I. 5795, 9/10/08] |
| c) | Response and Reservation of Rights of Bank of America, N.A., as Administrative Agent, to the Debtors' Motion Approving the Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, including (A) Approving Form and Manner of Solicitation Procedures, (B) Approving the Form and Notice of The Confirmation Hearing, (C) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages, (D) Approving Forms of Ballots, (E) Establishing Deadline for Receipt of Ballots, and (F) Approving Procedures for Vote Tabulations; (III) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan, and (IV) Granting Related Relief [D.I. 6152, 9/30/08] |
| d) | Objection of LaSalle Bank National Association, as Trustee, to (i) Debtors' Amended Disclosure Statement Under Section 1125 of the Bankruptcy Code Regarding Debtors' Amended Chapter 11 Plan of Liquidation Dated September 30, 2008 and (II) Debtors' Motion for Order Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan and Seeking Related Relief [D.I. 6185, 10/6/08] |

Status: This matter is resolved in principle with respect to item (c). This matter will be going forward with respect to items (a) and (b). Item (d) is resolved, subject to representation on the record to be provided at the hearing.

Dated: Wilmington, Delaware
November 21, 2008

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Sean M. Beach
Robert S. Brady (No 2847)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for Debtors and Debtors in Possession*

DB02:7569637.1                                                                                                        066585.1001

**In re American Home Mortgage Holdings, Inc., et al.**
**Chapter 11 Case No. 07-11047 (CSS)**
**Chart of Outstanding Objections to Disclosure Statement**

| Agenda Item | Party | Nature of Objection(s) | Response and/or Status |
|---|---|---|---|
| f | David Crowe [D.I. 5597] | Equity holder. AHM should not be allowed to write off debts to investors, especially 401(k) holders. | Debtors' counsel sent letter explaining relative priority of claims vs. equity interests. Debtors' counsel attempted to follow up with objector by telephone and electronic communication without response. Accordingly, Debtors believe that this claimant is resolved. To the extent not resolved, this matter will be going forward. |
| h | Erik Fleischner [D.I. 5599] | Equity holder. AHM should not be allowed to expunge his "claim." | Debtors' counsel sent letter explaining relative priority of claims vs. equity interests. Debtors' counsel attempted to follow up with objector by electronic communication without response. Accordingly, Debtors believe that this claimant is resolved. To the extent not resolved, this matter will be going forward. |

| Agenda Item | Party | Nature of Objection(s) | Response and/or Status |
|---|---|---|---|
| iny | **Certain California Taxing Authorities** [D.I. 5612 (original), 5730 & 5872 (joinders)] | State tax authorities asserting amended claims for property taxes due on REO acquired postpetition, argue Plan not confirmable because:<br><br>(1) Unclear whether "Miscellaneous Secured Claims" includes secured real property tax claims.<br><br>(2) Plan provision re: payment of interest on Priority Tax Claims ignores 11 U.S.C. § 511.<br><br>(3) Plan does not contain any default provisions if tax claims are not paid.<br><br>(4) Plan should provide that liens continue until claim paid in full. | Debtors believe that revised language resolves all outstanding issues and are awaiting confirmation from counsel. To the extent not resolved, this matter will be going forward.<br><br>(1) Amended Disclosure Statement makes clear that Miscellaneous Secured Claims include secured real property tax claims. D.S. § V.B.6. (treatment of Miscellaneous Secured Claims).<br><br>(2) Addressed by amendment to Plan to incorporate § 511. Plan Art. 3.D. (interest on Priority Tax Claims) & 4.B.3. (interest on Miscellaneous Secured Claims that are tax claims)<br><br>(3) Plan provides required treatment of Miscellaneous Secured Claims, and Amended Plan provides a specific carve-out from Plan's injunctive provisions for acts taken to enforce Plan Trustee's compliance with Plan. Plan Art. 12.A. ("Nothing contained . . ."). More specific default provisions are unnecessary.<br><br>(4) Plan's treatment of Miscellaneous Secured Claims specifically provides claimant retains lien to secure unpaid amounts. Plan Art. 4.B.2. |

| Agenda Item | Party | Nature of Objection(s) | Response and/or Status |
|---|---|---|---|
| j | Wells Fargo Funding, Inc. [D.I. 5614 & 6164] | Disclosure statement should include additional information regarding:<br><br>(1) Estimated number and dollar amount of claims asserted against each Debtor<br><br>(2) Estimated value of assets belonging to each Debtor<br><br>(3) Data underlying Stipulated Asset Allocation<br><br>(4) Data underlying EPD/Breach Claims Protocol | The Debtors and Wells Fargo have discussed potential resolution to the objection, but to the extent not resolved by the hearing, this matter will be going forward.<br><br>(1) Included in amended Disclosure Statement at § III.G.9. (claims asserted, by Debtor), § III.G.22. (estimated Allowed Unsecured Claims by Debtor), and § IV.C. (discussion of Stipulated Asset Allocation, estimated Allowed S/A/P Claims by Debtor).<br><br>(2) Included in amended Disclosure Statement at § IV.C. (discussion of Stipulated Asset Allocation, unencumbered Asset value by Estate) and in Exh. C (chapter 7 liquidation analysis).<br><br>(3) Included in amended Disclosure Statement at §§ IV.B. & C.<br><br>(4) Included in amended Disclosure Statement at § V.E. |

| Agenda Item | Party | Nature of Objection(s) | Response and/or Status |
|---|---|---|---|
| k | CitiMortgage [D.I. 5619] | Disclosure statement should include additional information regarding:<br><br>(1) Current cash on hand<br><br>(2) Estimated/actual payments or distributions to secured creditors and administrative claimants or estimated distributions to unsecured creditors<br><br>(3) Substantive consolidation analysis and discussion of data underlying Stipulated Asset Allocation<br><br>(4) Value of Debtors' Assets (both liquid and illiquid) or a liquidation analysis | This matter is going forward.<br><br>(1) Included in amended Disclosure Statement at § III.G.24.<br><br>(2) Included in amended Disclosure Statement at § I.B. (table of estimated distribution % to each Class), § III.G.24 (table of estimated $ for distribution, and distribution % to Unsecured Creditors of each Estate), and § IV.B. (discussion of Stipulated Asset Allocation, estimation of residual value available for distribution to Unsecured Creditors).<br><br>(3) Explanation of the decision not to pursue substantive consolidation is adequate. See D.S. at § IV.A. Amended Disclosure Statement provides data underlying the Stipulated Asset Allocation at §§ IV.B. & C.<br><br>(4) Estimated value of non-litigation assets and liquidation analysis included in amended Disclosure Statement at § IV.D. (discussion of Stipulated Asset Allocation, estimated unencumbered Asset value by Estate) and Exh. C (chapter 7 liquidation analysis). |

| Agenda Item | Party | Nature of Objection(s) | Response and/or Status |
|---|---|---|---|
| 1 | Lead Plaintiffs (Securities Class Action) [D.I. 5672] | Object to adequacy of disclosure statement and plan because:<br><br>(1) Disclosure statement does not provide a description of the Securities Litigation.<br><br>(2) Plan Trustee has unfettered discretion with respect to retention, preservation or destruction of Debtors' files, records, and other documents.<br><br>(3) Extension of stays or injunctions for a period well beyond confirmation is inappropriate and prejudicial to Lead Plaintiffs.<br><br>(4) Disclosure Statement does not disclose whether Lead Plaintiffs will be allowed to proceed against the Debtors to the extent of any available insurance proceeds, and does not identify which insurance contracts will be assumed.<br><br>(5) Plan injunction and exculpation provisions are improper and "must affirmatively exclude Lead Plaintiffs' claim against the Non-Debtor Defendants and any other non-Debtors" | This matter is going forward.<br><br>(1) Provided in amended Disclosure Statement at § III.G.13.b.<br><br>(2) Addressed by amendment to Plan Art. 8.F.5(c)(xviii), requiring Plan Trustee to preserve documents except as otherwise authorized by Court order.<br><br>(3) A confirmation objection, not a disclosure issue. Injunction and stay provisions of Plan Art. 12.A. & B. do not unduly prejudice Lead Plaintiffs.<br><br>(4) Lead Plaintiffs' securities claims against the Debtors, if any, are subordinated under Bankruptcy Code § 510(b), and Lead Plaintiffs are not entitled to receive any property under the Plan. Nevertheless, Lead Plaintiffs are free under the Plan to seek relief from the automatic stay for the purpose of proceeding against the Debtors and/or their insurance, and the Debtors reserve all rights with respect to any such request. See D.S. at § V.K. (clarifying that right of parties to seek stay relief is not abrogated by the Plan). Disclosure of assumed insurance contracts not necessary to provide "adequate information." Contracts will be identified prior to the confirmation hearing, and Debtors agree that Lead Plaintiffs' right to object to confirmation based on the identification (or non-identification) of a particular contract is preserved.<br><br>(5) Plan injunction does not cover non-Debtor Defendants, and amended Plan clarifies that nothing in the Plan releases any claims a party in interest may have "against or to any Person for any act, omission, or failure to act that occurred prior to the Petition Date other than in connection with the preparation and filing of the Chapter 11 Cases". |
| | P EMC Mortgage Corp. [D.I. 5788] | Joinder to objection of Wells Fargo Funding, Inc. [D.I. 5614] | This matter is going forward. See above. |

| Agenda Item | Party | Nature of Objection(s) | Response and/or Status |
|---|---|---|---|
| r | Stan Bergum [D.I. 5817] | Deferred compensation claimant who objects to reduction of claim. Appears to be a response to omnibus claim objection. | Debtors' counsel sent letter explaining difference between Plan/Disclosure Statement and claim allowance process. Debtors' counsel attempted to follow up with objector by telephone without response. Accordingly, Debtors' counsel attempted to follow up with objector by telephone without response. Accordingly, Debtors' believe that this claimant is resolved with respect to the disclosure statement. To the extent not resolved, this matter will be going forward. |
| w | Mark & Irene White [D.I. 5829] | Borrowers. Attach documentation relating to filed proof of claim. | Debtors' counsel sent letter to claimant explaining Disclosure Statement vs. claim reconciliation processes, and forwarded documentation to Epiq to be filed along with creditor's proof of claim. Debtors' counsel attempted to follow up with objector by telephone without response. Accordingly, Debtors' believe that this claimant is resolved with respect to the disclosure statement. To the extent not resolved, this matter will be going forward. |
| ee | Countrywide (informal) | Proposed certain changes to EPD/Breach Claims Protocol, Disclosure Statement description thereof, reserves rights to formally object to protocol at confirmation. | Debtors believe that objector's concerns have been addressed by amendments to the Disclosure Statement and are awaiting confirmation. To the extent not resolved, this matter will be going forward. |
| hh | U.S. Trustee (informal) | Commented on Plan, including:<br>(1) Disclosure statement should include additional financial information, updated status of motions/litigation described in background section.<br>(2) Plan injunction should clarify scope and provide that party injured by willful violation "may" recover damages (not "shall"). | Debtors believe that concerns have been addressed by (1) additional information included in the amended Disclosure Statement and (2) amendment to Art. 12.A. of the Plan providing that damages "may" (not "shall") be recovered, but are awaiting confirmation. To the extent not resolved, this matter will be going forward. |
| nn | Borrowers Committee [D.I. 6593] | See D.I. 6593. | This matter is going forward. Debtors are evaluating the Borrowers Committee's objection and reserve the right to supplement this response or file a reply prior to the hearing. |