IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| AMERICAN HOME MORTGAGE ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, ) | Jointly Administered |
| et al., ) | |
| ) | **Hearing Date: 12/10/08 @ 2:00 p.m.** |
| Debtors. ) | **Objections Due: 12/03/08 @ 4:00 p.m.** |
| ) | |

## APPLICATION FOR ORDER UNDER 11 U.S.C. § 1103 AUTHORIZING THE EMPLOYMENT AND RETENTION OF GILBERT OSHINSKY LLP AND ZUCKERMAN SPAEDER LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF BORROWERS NUNC PRO TUNC TO OCTOBER 22, 2008

The Official Committee of Borrowers in the above-captioned cases (the "Borrowers Committee'), hereby applies for an order under 11 U.S.C. § 1103 authorizing the employment and retention of Gilbert Oshinsky LLP ("GO") and Zuckerman Spaeder LLP ("Zuckerman") as co-counsel to the Borrowers Committee (the "Application"). In support of this Application, the Borrowers Committee relies on (a) the Declaration of Stephen A. Weisbrod, sworn to on November 21, 2008 (the "Weisbrod Declaration"), annexed as Exhibit A hereto, and (b) the Declaration of Thomas G. Macauley, sworn to on November 21, 2008 (the "Macauley Declaration"), annexed as Exhibit B hereto, and respectfully represents as follows:

### BACKGROUND

1. On August 6, 2007 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). No trustee or examiner has been appointed in these cases.

2046654.1

2. On September 11, 2008, certain individuals moved for the appointment of the Borrowers Committee. On October 10, 2008, this Court entered an order granting the motion and directed the formation of the Borrowers Committee. On October 21, 2008, the Office of the United States Trustee officially formed the Borrowers Committee. The next day, the Borrowers Committee selected the law firms of GO and Zuckerman as counsel.

3. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RELIEF REQUESTED

4. By this Application, the Borrowers Committee seeks to employ and retain GO and Zuckerman as their bankruptcy co-counsel pursuant to section 1103 of the Bankruptcy Code in connection with these chapter 11 cases, nunc pro tunc to October 22, 2008..

## BASIS FOR RELIEF

5. The Borrowers Committee has selected GO and Zuckerman as attorneys because of the firms' experience and knowledge in this Court and generally in the field of debtors' and creditors' rights under chapter 11 of the Bankruptcy Code. Accordingly, the Borrowers Committee desires to employ GO and Zuckerman under general retainers for the legal services that will be required in connection with these chapter 11 cases.

### Services To Be Rendered

6. GO and Zuckerman have agreed to provide legal services as set forth in this Court's Supplemental Order dated October 24, 2008 (as amended, modified or further supplemented). GO and Zuckerman have taken care to avoid duplication of efforts and will continue to coordinate to avoid duplication of expense to the estates.

**No Adverse Interest**

7.      To the best of the Borrowers Committee's knowledge, the partners, counsel and associates of GO or Zuckerman (i) do not hold or represent any interest adverse to the estates; and (ii) do not have any connection the Debtors or their affiliates, or their respective attorneys and accountants, any other party in interest, or the United States Trustee or any person employed thereby, except as set forth in the Weisbrod Declaration and the Macauley Declaration filed concurrently herewith.

8.      Based on the Weisbrod Declaration and the Macauley Declaration, GO and Zuckerman do not represent any other entity having an adverse interest in connection with these cases.

**Professional Compensation**

9.      Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to GO and Zuckerman on an hourly basis, plus reimbursement of actual, necessary expenses incurred by the respective law firms. The hourly rates for GO are set forth in the Weisbrod Declaration and for Zuckerman in the Macauley Declaration and are subject to adjustments from time to time and are set at a level designed to compensate fairly the firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Other GO or Zuckerman attorneys and paralegals may from time to time serve the Borrowers Committee in connection with the matters herein described. Non-working travel time will be charged at 50% of hourly rates.

10.     It is the policy of both GO and Zuckerman to charge their clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients may include, among other things, telephone and telecopier toll and other

2046654.1

charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. GO and Zuckerman will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients, but subject to the limits set forth in the Local Rules ($0.10 per page for photocopying; $1.00 per page for outgoing facsimile transmission charges).

11. Both GO and Zuckerman intend to apply to this Court for allowance of compensation and reimbursement of expenses pursuant to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any applicable orders entered by this Court with respect to management of fees and expenses in these cases.

12. Approval of retention of professionals for the Borrowers Committee nunc pro tunc to October 22, 2008, is appropriate under the standards articulated in this Circuit. There has not been an unreasonable delay in presenting this application, which was presented after appropriate conflict searches were determined and performed, and it was necessary to have counsel on board to address plan negotiations immediately given the short time frame prior to the scheduled hearing on the adequacy of the Debtors' disclosure statement.

WHEREFORE, the Committee respectfully requests that the Court enter an order providing for the retention of GO and Zuckerman as co-counsel to the Borrowers Committee and for such other and further relief as is just.

Dated: Wilmington, Delaware
November 21, 2008                                        Official Committee of Borrowers


                                                         By: __/s/ Paula Rush_____
                                                         Title: Chairman


4

2046654.1