# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDING, INC., a Delaware corporation, | ) | Jointly Administered |
| et al., | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

## DECLARATION OF STEPHEN A. WEISBROD IN SUPPORT OF APPLICATION FOR ORDER UNDER 11 U.S.C. § 1103 AUTHORIZING THE EMPLOYMENT AND RETENTION OF GILBERT OSHINSKY LLP AND ZUCKERMAN SPAEDER LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF BORROWERS *NUNC PRO TUNC* TO OCTOBER 22, 2008

I, Stephen A. Weisbrod, hereby state as follows:

1.      I am an attorney at law admitted and in good standing to practice in the District of Columbia, Illinois, and New York.  I am a partner in the law firm of Gilbert Oshinsky LLP ("GO" or the "Firm") and am duly authorized to make this Declaration on behalf of the Firm. The Firm is located at 1100 New York Avenue, NW, Suite 700, Washington, DC 20005.

2.      I make this Declaration in support of the Application of the Official Borrowers Committee (the "Borrowers' Committee") for an Order authorizing the employment and retention of Gilbert Oshinsky LLP ("GO") and Zuckerman Spaeder LLP ("Zuckerman") as co-counsel, *nunc pro tunc* to October 22, 2008 (the "Application").  The facts set forth in this Declaration are personally known to me and, if called as a witness, I would testify to them. Unless otherwise defined, all capitalized terms used herein shall have the meanings ascribed to them in the Application.

3.      GO is a law firm with offices in Washington, D.C., Austin, Texas, and
Los Angeles, California. The Firm's practice is focused on complex, multi-party litigation,
bankruptcy, and alternative dispute resolution. The Firm is qualified to serve and assist the
Borrowers' Committee as counsel.

4.      The name of the Firm changed from Gilbert Randolph LLP to Gilbert
Oshinsky LLP on October 17, 2008.

5.      The Borrowers' Committee proposes to retain GO to provide legal representation
on the matters described in the Supplemental Order Concerning Order Granting Motion for an
Order Appointing Official Committee of Borrowers Pursuant to Section 1102(a)(2) of the
Bankruptcy Code, dated October 24, 2008 (the "Supplemental Order"), a copy of which is
attached hereto as Attachment A. To the extent that the Borrowers' Committee wishes to expand
the scope of GO's representation, it would do so in accordance with that Supplemental Order.

6.      In preparing this Statement, I caused GO to conduct a computer search of its
client database to determine whether it had any relationships with any of the following entities:
(i) the Debtors and their professionals; (ii) the Debtors' primary secured creditors; (iii) the largest
unsecured creditors of the Debtors, taken from both the consolidated list attached to the petitions
and from the claims register for claims exceeding $1 million; (iv) the members of the Official
Committee of Unsecured Creditors and their professionals; and (v) the individual members of the
Borrowers' Committee. Neither I, nor GO, nor any of its attorneys, as far as I have been able to
ascertain, has any connection with the Debtor, its creditors, the Trustee, the United States Trustee
or any other party involved in this case, or their respective attorneys or accountants, except as
disclosed herein.

2

7.    To the best of my knowledge, and based on the best information available, neither I, GO, nor any partner, counsel or associate thereof, has any connection with the Debtors, their creditors, or any other parties in interest herein, or their respective attorneys and accountants, except as disclosed herein.

8.    GO represents Wells Fargo Funding, Inc. and Wells Fargo Bank, N.A. (collectively, "Wells Fargo") in connection with unrelated disputes involving a mortgage originator in Virginia, as well as related insurance issues. GO has fully disclosed its representation of Wells Fargo to the Borrowers' Committee, and the Borrowers' Committee has elected to retain GO with full knowledge of the nature of GO's representation of Wells Fargo, as well as Wells Fargo's status as a creditor in this case and as a servicer of mortgages originated by the Debtors. GO also has obtained a waiver of potential conflicts from Wells Fargo and related entities with respect to its representation of the Borrowers' Committee in these cases. GO will not represent the Borrowers' Committee in any actions against Wells Fargo. In the event that the Borrowers' Committee wishes to assert a cause of action against Wells Fargo, Zuckerman would represent the Borrowers' Committee without GO in connection with that matter, subject to the Supplemental Order and any other Orders of the Court.

9.    GO represents Greenberg Traurig, LLP in an unrelated matter.

10.    GO formerly represented the Federal Home Loan Mortgage Corporation ("Freddie Mac") in an unrelated matter that is now concluded.

11.    Along with Zuckerman, GO represented the following individuals in connection with a motion seeking the appointment of an official borrowers committee in these cases: (1) Tilton Jack; (2) Grace Mullins; (3) Christopher and Mary Bilek; (4) Sam Acquisto; (5) Delena Lamacchia; (6) Paula Rush; (7) Penny Montague; (8) Florence Dandridge; (9) Gracie

Graves; (10) Mona Dobben; and (11) Johnny and Linda Culpepper. GO also has advised the Center for Responsible Lending concerning these cases.

12.     GO represents several public interest organizations on fair housing and predatory lending issues. Some of those organizations represent individual borrowers on their claims against the Debtors. Such entities include the Center for Responsible Lending, South Brooklyn Legal Services, and AARP Foundation – Litigation.

13.     Although GO may presently or in the future represent other creditors of the Debtors or parties-in-interest in these cases (including their professionals), none of these representations relate or will relate to these chapter 11 cases.

14.     Neither I, GO, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, represents any interest materially adverse to the Borrowers' Committee herein or the Debtors' estates in the matters upon which GO is to be engaged.

15.     In light of the scope of GO's proposed representation of the Borrowers' Committee and the nature of the relationships described above, I believe that GO is a "disinterested party" as such term is defined in section 101(14) of the Bankruptcy Code and as referenced in section 328(c) of the Bankruptcy Code, and that GO does not "represent any other entity having an adverse interest in connection with the case" within the meaning of section 1103 of the Bankruptcy Code. If any new facts or relationships are discovered that bear on those conclusions, GO will supplement its disclosures to the Court.

16.     Subject to this Court's approval and the Supplemental Order, GO will charge for its services on an hourly basis, plus reimbursement for the actual, necessary expenses that it incurs. The GO attorneys who will be primarily responsible for this matter are Stephen A. Weisbrod and W. Hunter Winstead. Their current hourly rates are $525 and $360, respectively.

From time to time, other GO professionals may perform services for the Borrowers' Committee. GO's current billing rates range from $230 to $850 an hour for attorneys and from $125 to $210 an hour for legal assistants. GO's rates are subject to adjustment annually. GO will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the services described above by category and nature of the services rendered.

17.     The compensation arrangement and schedule of fees provided by GO is consistent with and typical of the arrangements entered into by GO and other counsel regarding the provision of similar services for clients such as the Borrowers' Committee.

18.     The proposed employment of GO is not prohibited by or improper under Rule 5002 of the Federal Rules of Bankruptcy Procedure. GO and the professionals it employs are qualified to serve the Borrowers' Committee in the matters for which the Firm is proposed to be retained.

19.     In connection with their efforts to obtain the appointment of a borrowers committee and in connection with their joint representation of the Borrowers' Committee after it was appointed, Zuckerman and GO have taken care to avoid duplicating work. For example, many meetings have been attended by lawyers from one firm or the other but not both, and attorney work on major pleadings has been allocated in a way that avoids having two attorneys address the same issue. Zuckerman and GO will continue to take such appropriate measures to ensure that duplication of work is avoided during their joint representation of the Borrowers' Committee.

20.     GO intends to apply to the Court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy

Rules and the Local Rules of this Court, and pursuant to any additional procedures that may be established by the Court in these cases.

21.    GO has no understandings or agreements as to fees other than the hourly fee arrangement described above.

22.    No promises have been received by GO, nor any partner, counsel or associate hereof as to compensation in connection with these cases other than in accordance with the Bankruptcy Code. GO has no agreement with any other entity to share with such entity any compensation received by GO in connection with these chapter 11 cases.

23.    I hereby verify under penalty of perjury that the foregoing is true and correct.

Dated:  November 21, 2008

_____
Stephen A. Weisbrod

6