**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) | Jointly Administered |
| et al., | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

**DECLARATION OF THOMAS G. MACAULEY IN SUPPORT OF APPLICATION FOR ORDER UNDER 11 U.S.C. § 1103 AUTHORIZING THE EMPLOYMENT AND RETENTION OF GILBERT OSHINSKY LLP AND ZUCKERMAN SPAEDER LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF BORROWERS *NUNC PRO TUNC* TO OCTOBER 22, 2008**

I, Thomas G. Macauley, hereby state as follows:

1. I am an attorney at law admitted to practice before this Court and a partner in the firm of Zuckerman Spaeder LLP ("Zuckerman"), which maintains an office for practice of law at 919 Market Street, Suite 990, P.O. Box 1028, Wilmington, Delaware 19899. I am duly authorized to make this Statement on behalf of Zuckerman.

2. I make this Declaration in support of the Application of the Official Borrowers Committee (the "Borrowers' Committee") for an Order Authorizing the employment and retention of Gilbert Oshinsky LLP ("GO") and Zuckerman Spaeder LLP ("Zuckerman") as co-counsel, nunc pro tunc to October 22, 2008 (the "Application"). The facts set forth in this Statement are personally known to me and, if called as a witness, I would testify to them. Unless otherwise defined, all capitalized terms used herein shall have the meanings ascribed to them in the Application.

3. Zuckerman is a law firm with offices in Wilmington, Delaware; Washington, DC; Baltimore, Maryland; Tampa, Florida; and New York, New York. The firm's practice is focused

2013404.1

on complex civil, criminal and commercial litigation, bankruptcy and various regulatory representations. Zuckerman is qualified to serve and assist the Borrowers Committee as counsel.

4. The Borrowers Committee proposes to retain Zuckerman to provide legal representation on the matters described in this Supplemental Order Concerning Order Granting Motion for an Order Appointing Official Committee of Borrowers Pursuant to Section 1102(a)(2) of the Bankruptcy Code, dated October 24, 2008 (the "Supplemental Order"). To the extent that the Borrowers Committee wished to expand the scope of Zuckerman's representation, it would do so in accordance with the Supplemental Order.

5. In preparing this Statement, I caused Zuckerman to conduct a computer search of its client database to determine whether it had any relationships with any of the following entities: (i) the Debtors and their professionals; (ii) the Debtors' primary secured creditors; (iii) the largest unsecured creditors of the Debtors, taken from both the consolidated list attached to the petitions and from the claims register for claims exceeding $1 million; (iv) the members of the Official Committee of Unsecured Creditors and their professionals; and (v) the individual members of the Borrowers Committee.

6. To the best of my knowledge and, based on the best information available, neither I, Zuckerman, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, or any other parties in interest herein, or their respective attorneys and accountants, except as set forth herein.

7. Based on the foregoing search, it appears that Zuckerman has the following current or former relationships in matters wholly unrelated to these chapter 11 cases:

- Zuckerman currently represents UBS Warburg AG in an unrelated matter.
- Zuckerman currently represents UBS Warburg Real Estate Securities, Inc. in an

unrelated matter.

- Zuckerman currently represents Calyon New York Branch in an unrelated matter.

- Zuckerman currently represents ABN Amro Bank in an unrelated matter.

- Zuckerman currently represents Goldman Sachs Mortgage Co. in an unrelated matter.

- Zuckerman currently represents Fidelity & Trust Mortgage Inc. an unrelated matter.

- Zuckerman currently represents Cadwalader, Wickersham & Taft LLP in an unrelated matter.

- Zuckerman formerly represented Bank of America Corporation and Banc of America Securities LLC in an unrelated matter.

- Zuckerman formerly represented Impac Funding Corporation in an unrelated matter.

- Zuckerman formerly represented Bear Stearns Securities Corporation in an unrelated matter.

- Zuckerman formerly represented EMC Corporation in an unrelated matter.

- Zuckerman formerly represented FNMA in an unrelated matter.

- Zuckerman formerly represented Barclays Bank PLC in various unrelated matters.

- Zuckerman formerly represented Credit Suisse First Boston in an unrelated matter.

- Zuckerman formerly represented De Lage Landen Financial Services, Inc. in an unrelated matter.

- Zuckerman formerly represented Citibank, N.A. in an unrelated matter.

- Zuckerman formerly represented Citibank, F.S.B. in an unrelated matter.

- Zuckerman formerly represented an affiliate of Citigroup in an unrelated matter.

- Zuckerman formerly represented BDO Seidman LLP in an unrelated matter.

- Zuckerman formerly represented Muldoon Murphy & Aguggia LLP in an unrelated matter.

- Zuckerman formerly represented PriceWaterhouseCoopers, LLP in an unrelated

matter.

- Zuckerman formerly represented Adorno & Yoss LLP in an unrelated matter.

8. Prior to its selection as co-counsel to the Borrowers Committee, Zuckerman, along with GO, appeared in these cases on behalf of the individual members of the Borrowers Committee and other individual borrowers to seek the formation of the Borrowers Committee.

9. Although Zuckerman may presently, formerly or in the future represent other creditors of the Debtors or parties-in-interest in these cases (including their professionals), none of these representations relate to these chapter 11 cases. I will supplement this Declaration if I learn of other relationships that should be disclosed.

10. Zuckerman does not "represent any other entity having an adverse interest in connection with the case" within the meaning of section 1103 of the Bankruptcy Code.

11. Neither I, Zuckerman, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, represents any interest materially adverse to the Borrowers Committee herein or the Debtors' estates in the matters upon which Zuckerman is to be engaged.

12. Subject to this Court's approval and this Court's Order dated October 24, 2008, Zuckerman intends to apply for compensation on an hourly basis for professional services rendered in connection with these chapter 11 cases, plus reimbursement of actual, necessary expenses and other charges incurred by Zuckerman. The principal Zuckerman attorneys and paralegals designated to represent the Committee and their current (calendar year 2008) standard hourly rates are:

| | |
|---|---|
| Thomas Macauley (partner) | $475.00 |
| Linda Singer (counsel) | $500.00 |
| Virginia Guldi (associate) | $325.00 |
| Diana Gillig (paralegal) | $110.00 |

4

2013404.1

The hourly rates set forth above are subject to periodic adjustments from time to time. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters herein described.

13. The compensation arrangement and schedule of fees provided by Zuckerman is consistent with and typical of the arrangements entered into by Zuckerman and other counsel regarding the provision of similar services for clients such as the Borrowers' Committee.

14. The proposed employment of Zuckerman is not prohibited by or improper under Rule 5002 of the Federal Rules of Bankruptcy Procedure. Zuckerman and the professionals it employs are qualified to serve the Borrowers' Committee in the matters for which the Firm is proposed to be retained.

15. Zuckerman and GO will work together to avoid duplication of work during their joint representation of the Borrowers' Committee.

16. Zuckerman intends to apply to the Court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, and pursuant to any additional procedures that may be established by the Court in these cases.

17. No promises have been received by Zuckerman, nor any partner, counsel or associate hereof as to compensation in connection with these cases other than in accordance with the Bankruptcy Code. Zuckerman has no agreement with any other entity to share with such entity any compensation received by Zuckerman in connection with these chapter 11 cases.

I hereby verify under penalty of perjury that the foregoing is true and correct.

Dated: November 21, 2008

_____
Thomas G. Macauley

5

20133404.1