## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------x
In re:                                           :
                                                 :
                                                 :   Chapter 11
                                                 :
AMERICAN HOME MORTGAGE                           :
HOLDINGS, INC., a Delaware corporation, et al., :   Case No. 07-11047 (CSS)
                                                 :
                                                 :   Jointly Administered
                                                 :
                        Debtors.                 :
-------------------------------------------------x
```

**FOURTEENTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE <u>PERIOD FROM SEPTEMBER 1, 2008 THROUGH SEPTEMBER 30, 2008</u>**

Name of applicant: <u>Quinn Emanuel Urquhart Oliver & Hedges, LLP</u>

Authorized to provide
professional services to: <u>Debtors</u>

Date of retention: <u>September 13, 2007 (nunc pro tunc to</u>
<u>August 10, 2007)</u>

Period for which compensation
and reimbursement is sought: <u>September 1, 2008 - September 30, 2008</u>

Amount of compensation
requested: <u>$39,181.50</u>

Amount of expense
reimbursement requested: <u>$407.00</u>

This is an:___ X ___ interim _____ final application.

This is the fourteenth monthly fee application filed by Quinn Emanuel Urquhart Oliver & Hedges, LLP in these cases.

**Prior Applications:**

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Nov. 21, 2007 / Docket No. 2141 | August 10, 2007 - August 31, 2007 | $217,865.00 | $1,404.26 | $217,865.00 | $1,404.26 |
| Nov. 21, 2007 / Docket No. 2142 | September 1, 2007 - September 30, 2007 | $293,619.00 | $37,757.62 | $293,619.00 | $37,757.62 |
| Dec. 4, 2007  / Docket No. 2277 | October 1, 2007 - October 31, 2007 | $497,748.00 | $36,429.13 | $497,748.00 | $36,429.13 |
| Feb. 7, 2007  / Docket No. 2897 | November 1, 2007 - November 30, 2007 | $287,397.00 | $13,334.64 | $287,397.00 | $13,289.64 |
| Mar. 17, 2008  / Docket No. 3326 | December 1, 2007 - December 31, 2007 | $123,807.25 | $17,100.11 | $123,807.25 | $15,285.06 |
| Mar. 17, 2008  / Docket No. 3327 | January 1, 2008 - January 31, 2008 | $204,209.75 | $7,435.31 | $204,209.75 | $7,112.55 |
| May 19, 2008 / Docket No. 4076 | February 1, 2008 - February 29, 2008 | $172,483.00 | $9,484.53˙ | $172,483.00 | $9,484.53 |
| May 30, 2008 / Docket No. 4319 | March 1, 2008 - March 31, 2008 | $171,026.25 | $6,421.36 | $171,026.25 | $6,421.36 |
| June 13, 2008 / Docket No. 4626 | April 1, 2008 - April 30, 2008 | $122,547.00 | $4,743.47 | $122,547.00 | $4,743.47 |
| August 21, 2008 / Docket No. 5512 | May 1, 2008 - May 31, 2008 | $ 210,227.00 | $ 7,320.78 | $210,227.00 | $ 7,320.78 |
| September 12, 2008 / Docket No. 5855 | June 1, 2008 - June 30, 2008 | $233,945.75 | $3,513.35 | $233,945.75 | $3,513.35 |
| September 12, 2008 / Docket No. 5856 | July 1, 2008 - July 31, 2008 | $124,699.50 | $8,811.09 | $124,699.50 | $8,811.09 |
| October 29, 2008 / Docket No. 6471 | August 1, 2008 - August 30, 2008 | $18,508.50 | $3,951.15 | $14,806.80 | $3,951.50 |

ATTACHMENT TO FOURTEENTH MONTHLY FEE APPLICATION OF
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP: SPECIAL INVESTIGATORY,
LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS.

| NAME | POSITION; EXPERIENCE | HOURLY RATE | TOTAL HOURS | TOTAL COMPENSATION |
|------|---------------------|-------------|-------------|--------------------|
| Duane Lyons | Partner for 7 years; admitted in 1986 | $760 | .80 | $608.00 |
| Daniel Holzman | Of Counsel for 1 year; admitted in 1999 | $605 | 4.8 | $2,904.00 |
| James Tecce | Of Counsel for 2 years; admitted in 1995 | $605 | 22.1 | $13,370.50 |
| Kristelia A. Garcia | Associate for 5 years, admitted in 2004 | $400 | 2.5 | $1,000.00 |
| Harrison Denman | Associate for 3 years, admitted in 2006 | $375 | 43.7 | $16,387.50 |
| Christopher Clark | Attorney | $235 | 16.7 | $3,924.50 |
| Martine Lacroix | Paralegal | $235 | 4.2 | $987.00 |
| **TOTAL** | | **$413.31 (BLENDED RATE)** [1] | **94.8 HOURS** | **$39,181.50** |

---

[1]    The blended rate <u>excluding</u> paraprofessionals is $431.42 per hour.

SUMMARY TABLE OF SERVICES RENDERED DURING
FOURTEENTH MONTHLY FEE PERIOD
(SEPTEMBER 1, 2008 TO SEPTEMBER 30, 2008 )

| ACTIVITY | HOURS | FEES |
|---|---|---|
| Fee Application/Fee Issues | 40.8 | $12,864.00 |
| Insurance Issues | 5.4 | $2,395.50 |
| Lender Claims | 48.6 | $23,922.00 |
| TOTAL | 94.8 | $39,181.50 |

### SUMMARY BY CATEGORY TYPE OF DISBURSEMENTS BILLED
### (SEPTEMBER 1, 2008 TO SEPTEMBER 30, 2008)

| DISBURSEMENTS | AMOUNT |
|---|---|
| Client Meeting Meal | $28.39 |
| Local Travel | $59.16 |
| Taxi | $52.60 |
| Printing | $17.90 |
| Outside Photocopy | $23.57 |
| Photocopying | $91.00 |
| Westlaw | $134.38 |
| **TOTAL DISBURSEMENTS** | **$407.00** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------x
In re:                                                    :
                                                          :
                                                          :    Chapter 11
AMERICAN HOME MORTGAGE                                     :
HOLDINGS, INC., a Delaware corporation, et al.,           :    Case No. 07-11047 (CSS)
                                                          :
                                                          :    Jointly Administered
                             Debtors.                     :
----------------------------------------------------------x    **Objection Deadline:**


### FOURTEENTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART
### OLIVER & HEDGES, LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS
### COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR
### SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE
### PERIOD FROM SEPTEMBER 1, 2008 THROUGH SEPTEMBER 30, 2008

Quinn Emanuel Urquhart Oliver & Hedges, LLP ("**Quinn Emanuel**"), special

investigatory, litigation and conflicts counsel to American Home Mortgage Holdings, Inc., a

Delaware Corporation, and its affiliated debtors and debtors-in-possession in the above-

captioned cases (collectively, the "**Debtors**" or "**American Home**"), hereby submits its

application (the "**Application**") to this Court pursuant to sections 330 and 331 of chapter 11 of

title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), Local Rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedure For United States Bankruptcy Court For the District of

Delaware ("**Local Rule No. 2016-2**"), for an order (i) allowing compensation of $39,181.50 for

actual, reasonable and necessary professional services rendered, and reimbursement of $407.00

for actual, reasonable and necessary expenses incurred during the period from September 1, 2008

through September 30, 2008 (the "**Fourteenth Monthly Fee Period**"),[2] and (ii) authorizing and

directing the Debtors to pay to Quinn Emanuel the amount of $31,752.20, which is equal to the

sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of

expense reimbursement, and represents as follows:

## I.    INTRODUCTION

### A.    Background

      1.    Bankruptcy Filing.  On August 6, 2007, (the "**Petition Date**"), each of the

Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The

Debtors continue to operate their businesses and manage their property as debtors-in-possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      2.    Jurisdiction.  This Court has jurisdiction over this Application pursuant to

28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

Venue of the Debtors' chapter 11 cases and this Application is proper under 28 U.S.C. §§ 1408

and 1409.  The statutory predicates for the relief sought herein are sections 330 and 331 of the

Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Local Rule No. 2016-2.  This

Application is made pursuant to the Administrative Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals Pursuant To Sections 331 and

105(a) of the Bankruptcy Code (the "**Compensation Order**"), entered on September 3, 2007 by

this Court.

---

[2]  Certain fees or expenses requested by Quinn Emanuel in the Application relate to services
rendered in prior fee application periods.  Quinn Emanuel has not previously requested such fees
or expenses in any prior application.

## B.    Retention Of Quinn Emanuel And Billing History

3.    On September 13, 2007, the Court authorized Quinn Emanuel's retention as special investigatory, litigation and conflicts counsel to American Home nunc pro tunc to August 10, 2007, pursuant to the Order Pursuant to Section 327(a) of The Bankruptcy Code and Bankruptcy Rule 2014(a) Approving the Retention of Quinn Emanuel Urquhart Oliver & Hedges, LLP, Nunc Pro Tunc, as Special Investigatory, Litigation and Conflicts Counsel for the Debtors (Docket No. 741) (the "**Retention Order**"). The Retention Order authorized Quinn Emanuel to be compensated pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court, including the Compensation Order.

4.    This Application is Quinn Emanuel's fourteenth monthly application for approval and allowance of compensation. Quinn Emanuel makes this monthly application for approval and allowance of compensation pursuant to section 331 of the Bankruptcy Code and the Compensation Order.  No prior application has been made to this or any other court for the relief requested herein, nor has payment been received by Quinn Emanuel for legal services provided to and on behalf of the Debtors, or for out-of-pocket expenses incurred in connection therewith.

5.    Quinn Emanuel has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

6.    No promises have been received by Quinn Emanuel or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

## II.    CASE STATUS

7.      On August 15, 2008, the Debtors filed that certain Chapter 11 Plan of

Liquidation of the Debtors.  That same day, the Debtors filed that certain Disclosure Statement

Pursuant To Section 1125 Of The Bankruptcy Code With Respect To The Chapter 11 Plan Of

Liquidation Of The Debtors Dated As Of August 15, 2008.  On September 30, 2008, the Debtors

filed an amended plan and disclosure statement.  On October 8, 2008, the Debtors filed a further

amended plan and disclosure statement.  On November 25, 2008, the Court approved the

amended disclosure statement and the solicitation procedures for the amended plan.

## III.    APPLICATION

8.      By this Application, Quinn Emanuel is seeking (a) allowance of

reasonable compensation for actual and necessary professional services rendered by Quinn

Emanuel, as special investigatory, litigation and conflicts counsel for the Debtors, during the

Fourteenth Monthly Fee Period, and (b) reimbursement of actual, reasonable and necessary

expenses incurred by Quinn Emanuel in connection with such services during the Fourteenth

Monthly Fee Period.

9.      Specifically, Quinn Emanuel seeks approval of the sum of  $39,181.50

for actual, reasonable and necessary legal services rendered on behalf of the Debtors during the

Fourteenth Monthly Fee Period, and $407.00 for reimbursement of actual, reasonable and

necessary expenses incurred in connection with the rendition of such services.  The fees sought

by the Application reflect an aggregate of 94.8 hours of attorney and paraprofessional time spent

and recorded in performing services for the Debtors during the Fourteenth Monthly Fee Period,

at a blended average hourly rate of $413.31 for both professionals and paraprofessionals.  The

blended hourly rate for professionals only is $431.42.

10.    Quinn Emanuel rendered to the Debtors all services for which compensation is sought solely in connection with these cases, in furtherance of the duties and functions of the Debtors.

11.    Quinn Emanuel maintains written records of the time expended in the rendition of the professional services required by the Debtors. These records are maintained in the ordinary course of Quinn Emanuel's practice. For the convenience of the Court and parties in interest, attached hereto as part of the cover sheet, is a billing summary for the Fourteenth Monthly Fee Period, setting forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate of the time expended by each such attorney and paraprofessional, the hourly billing rate for each such attorney and paraprofessional at Quinn Emanuel's current billing rates, and an indication of the individual amounts requested as part of the total amount of compensation requested. Also set forth in the billing summary is additional information indicating whether each attorney is a partner or associate, and how many years each attorney has held such position. The compensation requested by Quinn Emanuel is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

12.    Attached hereto as Exhibit "A" are time entry records broken down in tenths of an hour by project category, in accordance with the U.S. Trustee Guidelines, setting forth a detailed description of services performed by each attorney and paraprofessional on behalf of the Debtors.

13.    Quinn Emanuel also maintains records of all actual and necessary expenses incurred in connection with the performance of professional services, a summary of which also is attached hereto as part of the cover sheet. The summary lists the amounts and

categories of expenses for which reimbursement is sought. Attached hereto as Exhibit "B" is a summary of the expenses, including the date the expense was incurred and the charge.

## IV.    SUMMARY OF PROFESSIONAL SERVICES RENDERED

14.    To provide an orderly and meaningful summary of the services rendered on behalf of the Debtors by Quinn Emanuel, in accordance with the U.S. Trustee Guidelines, Quinn Emanuel has established the following separate project billing categories in connection with these cases:

a)  Bank/Thrift Issues
b)  Cash Collateral and DIP Financing
c)  Case Management/Calendar Maintenance/Service of
d)  Class Actions
e)  Court Hearings
f)  Creditor Inquiries
g)  Employee Issues
h)  Fee Application Preparation/Fee Issues
i)  Government Issues/Investigations
j)  Insurance Issues
k)  Lender Claims
l)  Meetings
m)  Non-Working Travel (Only 50% Requested)
n)  Other Conflicts
o)  Plan and Disclosure Statement
p)  Recharacterization
q)  Retention of Professionals
r)  Rule 2004 Investigations
s)  Servicing Platform Issues
t)  Stay Relief Matters
u)  Travel Time

15.    The following summary is intended only to highlight a number of the services rendered by Quinn Emanuel in the separate project billing categories where Quinn Emanuel expended a considerable number of hours on behalf of the Debtors. It is not meant to be a detailed description of all of the work performed by Quinn Emanuel during the Fourteenth Monthly Fee Period. Detailed descriptions of the day-to-day services provided by Quinn

Emanuel and the time expended performing such services in each project billing category are fully set forth in Exhibit "A" hereto. Such detailed descriptions show that Quinn Emanuel was heavily involved in the performance of services for the Debtors on a daily basis, including night and weekend work, often under extreme time pressure to meet the needs of the Debtors in these cases.

      A.     **Lender Claims**: (Total Hours: 48.6; Total Fees: $23,922.00)

                *Bank of America Litigation*

      16.     On October 22, 2007, Quinn Emanuel attorneys, on behalf of American Home Mortgage Servicing, Inc. and the Broadhollow and Mellville special purpose entities (the "**American Home Parties**"), filed a complaint against Bank of America ("**BofA**") alleging, among other things, that BofA breached two "swap" agreements by failing to make allegedly required payments. On January 7, 2008, BofA moved to dismiss the complaint. Following oral argument on May 2, 2008, the Court entered an order on June 27, 2008 granting in part and denying in part BofA's motion to dismiss. On July 9, 2008, the Court entered an order approving a stipulation between the parties extending the time by which BofA must file an answer to the complaint. On August 27, 2008, the Court entered an order approving a second stipulation that further extended BofA's answer deadline to November 5, 2008. On October 30, 2008, the Court entered an order approving a third stipulation that further extended BofA's answer deadline to January 5, 2009.

      17.     During the Fourteenth Monthly Fee Period, Quinn Emanuel attorneys worked with American Home in reviewing and analyzing the claims asserted in that litigation and strategizing next steps.

B.    **Insurance Issues**:  (Total Hours: 5.4; Total Fees: $2,395.50)

18.    On November 5, 2007, Quinn Emanuel attorneys filed, on American Home's behalf, a complaint again one of its mortgage insurers, Triad Guaranty Insurance Corp. ("**Triad**").  The complaint alleges that Triad violated the relevant and applicable policies and agreements among the Debtors and Triad when it cancelled insurance certifications for fourteen loans originated by the Debtors.  In response to the complaint, Triad filed an answer and counterclaim against American Home on December 6, 2007.  On December 26, 2007, Quinn Emanuel attorneys filed, on American Home's behalf, an answer to Triad's counterclaim.

19.    On January 11, 2008, Triad served American Home with its interrogatories and requests for the production of documents ("the **Triad Requests**").  Thereafter, on February 12, 2008, Quinn Emanuel attorneys, on behalf of American Home, served Triad with its interrogatories and requests for the production of documents (the "**American Home Requests**").  On March 20, 2008, Triad responded to the American Home Requests and produced documents responsive to the American Home Requests to American Home (the "**Triad Response**").  Quinn Emanuel attorneys deposed Triad's witnesses on June 9, 2008, June 10, 2008, and June 11, 2008.  Quinn Emanuel attorneys defended the American Home witnesses during depositions that occurred on June 25, 2008 and June 26, 2008.

20.    During the Fourteenth Monthly Fee Period, Quinn Emanuel attorneys, on behalf of American Home, evaluated potential alternatives for the resolution of the litigation with Triad.  On September 29, 2008, Triad and American Home entered into a joint stipulation dismissing the adversary proceeding against Triad.  The Court entered an order approving the joint stipulation on September 30, 2008.

## V.    FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

21.    The factors to be considered in awarding attorneys fees have been

enumerated in In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir.

1977), cert. denied, 431 U.S. 904, which standards have been adopted by most courts. See, e.g.,

In re Lan Assoc., 192 F.3d 109, 123 n.8 (3d. Cir. 1999) (suggesting First Colonial factors apply

to § 330 compensation requests). Quinn Emanuel respectfully submits that a consideration of

these factors should result in this Court's allowance of the full compensation sought.

(1)    The Time and Labor Required. The professional services rendered by Quinn Emanuel on behalf of the Debtors have required the continuous expenditure of substantial time and effort, under time pressures which sometimes required the performance of services late into the evening and, on a number of occasions, over weekends. The services rendered required a high degree of professional competence and expertise in order to be administered with skill and dispatch.

(2)    The Novelty and Difficulty of Questions. Novel and complex issues have already arisen in the course of the Chapter 11 Cases, and it can be anticipated that other such issues will be encountered. In these cases, as in many others in which the firm is involved, Quinn Emanuel's effective advocacy and creative approach to problem solving have helped clarify and resolve difficult issues and will continue to prove beneficial.

(3)    The Skill Requisite to Perform the Legal Services Properly. Quinn Emanuel believes that its recognized expertise in the area of bankruptcy related litigation and its practical approach to the resolution of issues are contributing to maximizing the size of the Debtors' estate.

(4)    The Preclusion of Other Employment by Applicant Due to Acceptance of the Case. The matters in which Quinn Emanuel's bankruptcy litigation practice group are involved need attention on a continuous basis and require several of Quinn Emanuel's attorneys to commit significant portions of their time to these cases.

(5)    The Customary Fee. The compensation sought herein is based upon Quinn Emanuel's normal hourly rates for services of this kind. Quinn Emanuel respectfully submits that the compensation sought herein is not unusual given the magnitude and complexity of these cases and the time dedicated to the representation of the Debtors. Such compensation is commensurate with fees charged by other attorneys of comparable experience.

(6)    Whether the Fee is Fixed or Contingent. Quinn Emanuel charges customary hourly rates for the time expended by its attorneys and paraprofessionals in

representing the Debtors and Quinn Emanuel's fee is not outcome dependent. Pursuant to sections 330 and 331 of the Bankruptcy Code, all fees sought by professionals retained under section 327 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court, and are subject to adjustment by the Court depending upon the services rendered and the results obtained.

(7)     <u>Time Limitation Imposed by Client or Other Circumstances</u>.  As stated above, Quinn Emanuel has been required to attend to various issues as they have arisen in these cases.  Occasionally, Quinn Emanuel has had to perform those services under significant time constraints requiring attorneys and paraprofessionals assigned to these cases to work evenings and on weekends.

(8)     <u>The Amount Involved and Results Obtained</u>.  Through the efforts of Quinn Emanuel, the Debtors are poised to initiate actions against Third Parties and maximize value for the Debtors' estates.

(9)     <u>The Experience, Reputation and Ability of the Attorneys</u>.  Quinn Emanuel's attorneys involved in this representation have played a major role in numerous complex restructurings including, for example, the chapter 11 cases of Refco Inc., Enron Corp., <u>et al.</u>, Safety-Kleen Corp., <u>et al.</u>, and Adelphia Communications Corp., <u>et al.</u>  Quinn Emanuel's experience enables it to perform the services described herein competently and expeditiously.

(10)    <u>The "Undesirability" of the Case</u>.  These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of Quinn Emanuel's attorneys.

(11)    <u>Nature and Length of Professional Relationship</u>.  Quinn Emanuel was selected as the Debtors special investigatory, litigation and conflicts counsel shortly after the Petition Date, on August 10, 2007, and was retained <u>nunc pro tunc</u> to that date pursuant to an order of this Court dated September 13, 2007.

## VI.    ALLOWANCE OF COMPENSATION

22.     The professional services rendered by Quinn Emanuel have required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and action by the Debtors could be addressed with skill and dispatch.  It is respectfully submitted that the services rendered to the Debtors were performed efficiently, effectively and economically, and the results obtained to date have benefited the Debtors' estates.

23.    The allowance of interim compensation for services rendered and

reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the

Bankruptcy Code:

> Any professional person . . . may apply to the court not more than
> once every 120 days after an order for relief in a case under this
> title, or more often if the court permits, for such compensation for
> services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331.  This Court has authorized the filing of this Application in the Compensation

Order.

24.    With respect to the level of compensation, section 330(a)(1) of the

Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person:

"reasonable compensation for actual, necessary services rendered."  Section 330(a)(3)(A), in

turn, provides that:

> [i]n determining the amount of reasonable compensation to be
> awarded, the court shall consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including -
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration
>         of, or beneficial at the time which the service was rendered
>         toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable
>         amount of time commensurate with the complexity,
>         importance, and nature of the problem, issues or task
>         addressed; and
>
> (E)    whether the compensation is reasonable based on the
>         customary compensation charged by comparably skilled
>         practitioners in cases other than cases under this title.

11 U.S.C. § 330(a) (3) (A).

25.    The congressional policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. See In re Busy Beaver Building Centers, Inc., 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts") (citation and internal quotation marks omitted).

26.    The total time spent by Quinn Emanuel attorneys and paraprofessionals during the Fourteenth Monthly Fee Period was 94.8 hours, which services have a fair market value of $39,181.50. As shown by this Application and supporting exhibits, Quinn Emanuel spent its time economically and without unnecessary duplication of time (or duplication of the efforts of the Debtors' other retained professionals). In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

## VII.   EXPENSES

27.    Quinn Emanuel has expended the total amount of $407.00 in actual, reasonable and necessary expenses in connection with representing the Debtors during the Fourteenth Monthly Fee Period. Quinn Emanuel maintains records of all actual and necessary expenses incurred in connection with the performance of professional services. A breakdown of expenses, including the date the expense was incurred and the charge, is annexed hereto as Exhibit "B."

28.    In connection with the reimbursement of actual, reasonable and necessary expenses, it is Quinn Emanuel's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its

clients. The expenses charged to Quinn Emanuel's clients include, among other things, telephone

and telecopier toll and other charges, mail and express mail charges, photocopying charges, out-

of-town travel expenses, local transportation expenses, expenses for working meals,

computerized research, transcription costs, as well as non-ordinary overhead expenses

particularly attributable to an individual client or cases such as secretarial and other overtime.

29.    Quinn Emanuel charges the Debtors for these expenses at rates consistent

with those charged to Quinn Emanuel's other bankruptcy clients, which rates are equal to or less

than the rates charged by Quinn Emanuel to its non-bankruptcy clients.  Quinn Emanuel seeks

reimbursement from the Debtors at the following rates for the following expenses:  (a) ten cents

per page for photocopying; and (b) one dollar per page for out-going facsimiles.  In accordance

with section 330 of the Bankruptcy Code and with the U.S. Trustee Guidelines, Quinn Emanuel

will seek reimbursement only for the actual cost of such expenses to Quinn Emanuel.

30.    In providing or obtaining from third parties services which are

reimbursable by clients, Quinn Emanuel does not include in such reimbursable amount any costs

of investment, equipment or capital outlay, except that the reimbursable cost of photocopying

and faxes includes a factor for the cost of equipment.

31.    Quinn Emanuel regularly charges its non-bankruptcy clients for ordinary

business hour fees and expenses for secretarial, library, word processing, and other staff services

because such items are not included in the firm's overhead for the purpose of setting the billing

rates.

32.    Attorneys at Quinn Emanuel have not incurred expenses for luxury

accommodations, deluxe meals or air travel in excess of coach fares.  Throughout the Fourteenth

Monthly Fee Period, Quinn Emanuel has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

## VIII.    NOTICE

33.    No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Application has been given to (a) the United States Trustee, (b) the Debtors, (c) counsel for the Debtors, (d) the Creditors' Committee, and (e) counsel for the Creditors' Committee.  Quinn Emanuel submits that no further notice need be given in accordance with the Compensation Order.

## IX.    CONCLUSION

**WHEREFORE,** Quinn Emanuel respectfully requests the Court to enter an order, substantially in the form attached hereto (i) approving and allowing Quinn Emanuel compensation in the amount of $39,181.50  for actual, reasonable and necessary professional services rendered and reimbursement of $407.00 for actual, reasonable and necessary expenses incurred, and authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $31,752.20 which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of such expense reimbursement; and (ii) granting such further relief as is just.

Dated: Wilmington, Delaware
        November 26, 2008

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

By _____
        James C. Tecce
        Susheel Kirpalani
        Harrison L. Denman

        51 Madison Avenue, 22nd Floor
        New York, New York  10010
        Telephone:  (212) 849-7000
        Telecopier: (212) 849-7100

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
```
In re:                                          :
                                                :
                                                :    Chapter 11
                                                :
AMERICAN HOME MORTGAGE                          :
HOLDINGS, INC., a Delaware corporation, <u>et al.,</u>  :    Case No. 07-11047 (CSS)
                                                :
                                                :    Jointly Administered
                              Debtors.          :
```
-------------------------------------------------------x
```

## <u>CERTIFICATION OF JAMES C. TECCE</u>

James C. Tecce, an attorney-at-law, duly admitted in good standing to practice in the

State of New York hereby certifies that:

1.      I am counsel in the firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP

("**Quinn Emanuel**"), and I am duly authorized to make this Certification on behalf of Quinn

Emanuel.  Quinn Emanuel was retained by the Debtors as special investigatory litigation and

conflicts counsel  pursuant to an order of the Court.  This certification is made in support of

Quinn Emanuel's Fourteenth Monthly Application for Allowance of Compensation for Services

Rendered and for Reimbursement of Expenses During the Period from September 1, 2008

Through September 30, 2008 (the "**Application**"), and in compliance with Local Rule 2016-2 of

this Court (the "**Rule**"), and with the United States Trustee's Guidelines for Review Of

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330

(the "**Guidelines**").

2.    I have read the Application and I certify that the Application substantially complies with the Rule and the Guidelines.

Dated:
November 26, 2008

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**

James C. Tecce
55 Madison Avenue - 22nd Floor
New York, NY 10010
(212) 849 - 7200