IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x  Chapter 11
In re:                                                            :
                                                                  :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                             :
HOLDINGS, INC., a Delaware corporation, et al.,                   :  Jointly Administered
                                                                  :
                                          Debtors.[1]             :  **Docket Ref. No. 5554**
------------------------------------------------------------------ x

ORDER (I) APPROVING THE DISCLOSURE STATEMENT;
(II) ESTABLISHING PROCEDURES FOR SOLICITATION AND
TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, INCLUDING (A)
APPROVING FORM AND MANNER OF SOLICITATION PACKAGES, (B) APPROVING
THE FORM AND MANNER OF NOTICE OF THE CONFIRMATION HEARING, (C)
ESTABLISHING RECORD DATE AND APPROVING PROCEDURES FOR
DISTRIBUTION OF SOLICITATION PACKAGES, (D) APPROVING FORMS OF
BALLOTS, (E) ESTABLISHING DEADLINE FOR RECEIPT OF BALLOTS, AND (F)
APPROVING PROCEDURES FOR VOTE TABULATIONS; (III) ESTABLISHING
DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION
OF THE PLAN; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors

and debtors in possession (collectively, the "Debtors") for the entry of an order, pursuant to

sections 1125 and 1126 of title 11 of the United States Code (the "Bankruptcy Code"), Rules

2002, 3016, 3017 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rules 3017-1(a) and 3017-1(b) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation
(3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM
SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American
Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC
("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc.
("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York
corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] Unless otherwise defined in herein, all capitalized terms shall have the respective meanings ascribed to them in the
Motion.

Rules"), (i) approving the Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code With Respect to The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement"); (ii) establishing procedures for solicitation and tabulation of votes to accept or reject The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan") including (a) approving the form and manner of the solicitation packages, (b) approving the form and manner of notice of the Confirmation Hearing, (c) establishing a record date and approving procedures for distributing solicitation packages, (d) approving the forms of ballots, (e) establishing the deadline for the receipt of ballots, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing the deadline and procedures for filing objections to confirmation of the Plan; and (iv) granting related relief; and it appearing that adequate and sufficient notice of the Motion has been given under the circumstances; and it further appearing that adequate and sufficient notice, pursuant to Bankruptcy Rule 2002(b), of the hearing to approve the Disclosure Statement has been given; and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest; and sufficient cause appearing thereof, it is

### HEREBY ORDERED THAT:

1.    The Motion is granted.

2.    The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

2

3.    The Debtors shall mail or caused to be mailed to Holders of Claims entitled to vote on the Plan no later than December 8, 2008 a solicitation package containing: (a) written notice (the "Confirmation Hearing Notice"), substantially in the form annexed hereto as Exhibit A, of (i) the Court's approval of the Disclosure Statement, (ii) the deadline for voting on the Plan, (iii) the date of the Confirmation Hearing, and (iv) the deadline and procedures for filing objections to the confirmation of the Plan, which Confirmation Hearing Notice is approved; (b) the Plan in pdf format on a CD-Rom; (c) the Disclosure Statement, substantially in the form approved by the Court, in pdf format on a CD-Rom; (d) the appropriate ballot (substantially in the form annexed hereto as Exhibits B-1 through B-38 and ballot return envelope; (e) a letter from the Official Committee of Unsecured Creditors supporting the Plan substantially in the form attached hereto as Exhibit F; and (f) such other information as the Court may direct or approve (collectively, the "Solicitation Package"). The Solicitation Package and the manner of service of the Solicitation Package satisfies the requirements of Bankruptcy Rule 3017(d).

4.    The Debtors shall mail or cause to be mailed to each of the known counterparties to the Deemed Rejected Executory Contracts a Confirmation Hearing Notice and the Disclosure Statement and Plan in pdf format on a CD-Rom.

5.    Pursuant to Bankruptcy Rule 3017(d), the Debtors are not required to transmit a Solicitation Package to the Non-Voting Parties. The Debtors shall mail or cause to be mailed to each Non-Voting Party within fifteen (15) days after the entry of this Order, the Non-Voting Creditor Notice substantially in the form attached hereto as Exhibit C.

3

6.      The Debtors shall publish notice (the "Publication Notice"), substantially in the form annexed hereto as Exhibit D, in the Wall Street Journal within fifteen (15) days after the entry of this Order.

7.      November 25, 2008 is established as the record date (the "Record Date") for the purposes of determining the creditors and interest holders entitled to receive the Solicitation Package or the Non-Voting Creditor Notice and to vote on the Plan.

8.      Epiq Bankruptcy Solutions, LLC ("Epiq" or the "Balloting Agent") shall tabulate the ballots and certify to the Court the results of the balloting.

9.      The Debtors are permitted to dispense with the mailing of Solicitation Packages or Non-Voting Creditor Notices to addresses and entities to which the notice of the Disclosure Statement hearing was returned by the United States Postal Service as undeliverable, unless the Debtors are provided with an accurate address.

10.     The Ballots, substantially in the form annexed hereto as Exhibits B-1 through B-30 are hereby approved.

11.     All Ballots must be properly executed, completed and delivered to the Balloting Agent by (i) first class mail in the return envelope provided with the Ballots to Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, FDR Station, P.O. Box 5115, New York, New York 10150-5115 or (ii) overnight mail or hand delivery to Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017, so that the Ballots are received on or before January 14, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline"), unless extended by the Debtors. Ballots cast by facsimile, email or other electronic transmission will not be counted unless approved in advance by the Debtors in writing.

4

066585.1001

12.    For purposes of voting on the Plan, the amount of a claim held by a

creditor or the number of any interests held by an interest holder shall be determined pursuant to

the following guidelines:

a.    The amount of the claim listed in a Debtor's schedule of liabilities if (i) such claim is not scheduled as contingent, unliquidated, undetermined or disputed and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law);

b.    The noncontingent and liquidated amount specified in a proof of claim timely filed with the Court or Epiq (or otherwise deemed timely filed by the Court under applicable law) to the extent the proof of claim is not the subject of an objection filed no later than eighteen (18) days prior to the Confirmation Hearing, provided that, if such an objection is filed, but the amount has been resolved pursuant to a stipulation or order entered by the Court, the voting amount shall be the amount set forth in such stipulation or order;

c.    The amount temporarily allowed for voting purposes in accordance with the EPD/Breach Claim Tabulation Rules (as defined below) or by stipulation with the Debtors.

d.    The amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), provided that a motion is brought, notice is provided and a hearing is held on or before the Confirmation Hearing, in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules;

e.    Except as otherwise provided in subsection (c) and (d) hereof, with respect to ballots cast by parties whose claims (i) are not listed on a Debtor's schedule of liabilities or (ii) are listed therein as disputed, contingent and/or unliquidated, but who have timely filed proofs of claim in unliquidated or unknown amounts that are not the subject of an objection filed before the commencement of the Confirmation Hearing, such ballots shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, but shall not be counted in determining whether the aggregate claim amount requirement has been met.

13.    The Debtors may object to any claim (as defined in section 101(5) of the

Bankruptcy Code) solely for Plan voting purposes by filing a determination motion (the

DB02:7146211.8                                                                          066585.1001

"Determination Motion") no later than twelve (12) days prior to the Confirmation Hearing with the Court. Responses, if any, to the Determination Motion shall be filed no later than three (3) business days prior to the hearing on the Determination Motion. The Court will conduct a hearing on any Determination Motion at the Confirmation Hearing or such earlier time as may be scheduled by the Court. If a Determination Motion is filed, the ruling by the Court on the Determination Motion shall be considered a ruling with respect to the allowance of the claim(s) under Bankruptcy Rule 3018 and such claim(s) shall be counted, for voting purposes only, in the amount determined by the Court. The filing of a Determination Motion or a ruling by the Court thereon, shall not affect the Debtors', or the Plan Trustee's upon the Effective Date of the Plan, right or ability to later object to such claim(s) for any other purposes, including distribution under the Plan.

14.    Creditors seeking to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) must file a motion (the "Claims Estimation Motion") for such relief no later than twelve (12) days prior to the Confirmation Hearing. The Court will schedule a hearing on such motion for a date on or before the Confirmation Hearing.

15.    EPD/Breach Claims shall be temporarily allowed, solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any EPD/Breach Claim and without prejudice to the rights of the Debtors in any other context, in accordance with the following rules (the "EPD/Breach Claim Tabulation Rules"):

    a.    The Debtors shall have served each known Holder of an EPD/Breach Claim with a Preliminary Informational Questionnaire (each, a "Questionnaire," substantially in the form attached hereto as Exhibit E) on or before October 24, 2008;

6

066585.1001

b.    Each Holder of an EPD/Breach Claim must supply the information requested by the Debtors in the Questionnaire on or before December 19, 2008;

c.    If a Holder of an EPD/Breach Claim fails to provide the Debtors with the information requested in the Questionnaire and the Debtors are otherwise unable to estimate the amount of damages for such EPD/Breach Claim including, utilizing to the extent possible, the EPD/Breach Protocol set forth in the Plan, absent further order of the Court pursuant to the procedures identified herein, the EPD/Breach Claim shall be temporarily allowed for voting purposes only in the amount of $1.00;

d.    If the Holder of an EPD/Breach Claim provides the Debtors with the information requested in the Questionnaire or the Debtors are otherwise able to estimate the amount of damages for such EPD/Breach Claim, then the Debtors shall file, on or before January 7, 2009, and serve on each Holder of an EPD/Breach Claim a schedule listing the EPD/Breach Claim amount that will be temporarily allowed solely for voting purposes (the "EPD/Breach Claim Voting Amount");

e.    If the Holder of an EPD/Breach Claim disputes the EPD/Breach Claim Voting Amount, then such Holder must file and serve an objection no later than January 14, 2009, which objection may be resolved by stipulation with the Debtors or by the Court at the Confirmation Hearing (or such other date as is set by the Court); any such objection shall initiate a contested matter under Bankruptcy Rule 9014, and the respective burdens on the parties shall be the same as those applicable to a motion brought under Bankruptcy Rule 3018(a);

f.    If the Holder of an EPD/Breach Claim does not object to the EPD/Breach Claim Voting Amount, such Holder shall be deemed to have consented to having its EPD/Breach Claim temporarily allowed for voting purposes in the EPD/Breach Claim Voting Amount, but shall not be deemed to have waived any other rights in respect of the validity of its EPD/Breach Claim;

g.    The EPD/Breach Claim Voting Amount shall not be deemed to be a substantive objection to, or estimation of, any EPD/Breach Claim, and nothing in the EPD/Breach Claim Tabulation Rules impairs or otherwise affects the Debtors' or the Committee's rights to object to or estimate EPD/Breach Claims or any other Claims.

16. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

b. Creditors or interest holders must vote all of their claims or interests within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a ballot (or multiple ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

c. Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

d. Only ballots that are timely received with signatures will be counted. Unsigned ballots will not be counted.

e. Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

f. Ballots which are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

g. Whenever a creditor or interest holder casts more than one ballot voting the same claim or interest prior to the Voting Deadline, the last ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior ballots.

h. If a creditor simultaneously casts inconsistent duplicate ballots, with respect to the same claim, such ballots shall not be counted.

i. Each creditor shall be deemed to have voted the full amount of its claim. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of ballots shall be determined by the Balloting Agent and the Debtors, which determination shall be final and binding.

8

17.     Any objection, comment or response to confirmation of the Plan (including any supporting memoranda) must be in writing, served on the parties identified below, and filed with the Court, together with proof of service, such that the foregoing are received by such parties and the Court on or before January 14, 2009 at 4:00 p.m. (prevailing Eastern Time). The Court shall consider only timely filed written objections. All objections not timely filed and served in accordance with the provisions of this Motion are hereby deemed waived. Objections to confirmation of the Plan should provide proposed language to remedy such objections and shall be served on the following parties: (i) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391, (Attn.: Robert S. Brady and Sean M. Beach), counsel for the Debtors; (ii) Zolfo Cooper LLC, 900 Third Avenue, New York, New York 10022 (Attn.: Kevin Nystrom and Bret Fernandes); (iii) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn.: Mark S. Indelicato and Mark T. Power) and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19891 (Attn.: Bonnie Glantz Fatell), counsel for the Creditors Committee; (iv) Gilbert Oshinsky LLP, 1100 New York Avenue, NW, Suite 700, Washington, DC 20005 (Attn.: Stephen A. Weisbrod) and Zuckerman Spaeder LLP, 919 Market Street, Suite 990, Wilmington, Delaware 19801 (Attn.: Thomas G. Macauley), counsel for the Borrowers Committee; and (v) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox #35, Wilmington, Delaware 19801 (Attn.: Joseph J. McMahon).

18.     Any party supporting the Plan shall be afforded an opportunity to file a response to any objection to confirmation of the Plan, prior to the Confirmation Hearing.

19.     A hearing shall be held before this Court on January 28, 2009 at 10:00 a.m. (prevailing Eastern Time), at the United States Bankruptcy Court for the District of

9

Delaware, 824 N. Market St., 5th Floor, Wilmington, Delaware 19801, or as soon thereafter as counsel can be heard, to consider confirmation of the Plan (the "Confirmation Hearing").

20.    The Confirmation Hearing may be adjourned from time to time without further notice to creditors and other parties-in-interest by an announcement of the adjourned date at the Confirmation Hearing of any adjournment thereof or upon filing a notice of re-scheduled hearing with the Court.

21.    Prior to mailing the Disclosure Statement, Solicitation Packages, or Non-Voting Creditor Notices, the Debtors may fill in any missing dates and other information, correct any typographical errors and make such other non-material, non-substantive changes as they deem appropriate.

22.    This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
        November ___30___, 2008

                                                    _____
                                                    Christopher S. Sontchi
                                                    United States Bankruptcy Judge

10

DB02:7146211.8                                                              066585.1001