## **EXHIBIT B-25**

CLASS 5B(3) BALLOT

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------ x   Chapter 11
                                                 :
In re:                                           :
                                                 :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                           :
HOLDINGS, INC., a Delaware corporation, et al.,  :   Jointly Administered
                                                 :
                        Debtors.¹                :
------------------------------------------------ x
```

## BALLOT FOR ACCEPTING OR REJECTING THE AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF NOVEMBER 25, 2008

### CLASS 5B(3): BofA SYNDICATE SECURED CLAIM AGAINST AHM CORP.

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON JANUARY 14, 2009 AT 4:00 P.M. (PREVAILING EASTERN TIME). YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in the related disclosure statement (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy free of charge on the dedicated webpage related to these cases of the Debtors' Balloting Agent, Epiq Bankruptcy Solutions, LLC (http://chapter11.epiqsystems.com – click on "American Home Mortgage"). Copies of the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 5th Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Disclosure Statement may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign, and return this Ballot as follows: (i) by regular mail, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, FDR Station, P.O. Box 5115, New York, New York 10150-5115; or (ii) by overnight mail or hand delivery, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017, so that it is received by the deadline indicated above. Ballots submitted by facsimile, email or other electronic transmission will not be counted.

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

**PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS
BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1.  Class Vote.**  The undersigned, a holder of a **Class 5B(3) BofA Syndicate Secured Claim against AHM Corp.**, in the amount set forth below, votes to (check <u>one</u> box):

☐    **Accept the Plan.**          ☐    Reject the Plan.

Creditor: _____          Claim Amount: $ _____

Taxpayer Identification Number: _____

**Item 2.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

066585.1001

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.        In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.  Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to Epiq Bankruptcy Solutions, LLC (the "Balloting Agent") at the following address:

If by United States Postal Service:
    Epiq Bankruptcy Solutions, LLC
    Attn.: American Home Mortgage Balloting Processing
    P.O. Box 5115, FDR Station
    New York, New York 10150-5115

If by Overnight Carrier or Hand Delivery:
    Epiq Bankruptcy Solutions, LLC
    Attn.: American Home Mortgage Balloting Processing
    757 Third Avenue, 3rd Floor
    New York, New York 10017

Ballots must be *received* by the Balloting Agent on or before January 14, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline").  If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Balloting Agent is enclosed for your convenience.  Ballots submitted by facsimile, email or other electronic transmission will not be counted.  If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

2.        If you hold Claims in more than one voting Class under the Plan (e.g., you hold a Class 5B(3) BofA Syndicate Secured Claim against AHM Corp. and a Class 6B(1) Miscellaneous Secured Claim against AHM Ventures) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials.  **Each Ballot you receive is for voting only your Claims described on the Ballot.  Please complete and return each Ballot you receive. The attached Ballot is designated only for voting a Class 5B(3) BofA Syndicate Secured Claim against AHM Corp.** You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.        Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules").  The Tabulation Rules are set forth in the Order approving the Disclosure Statement.  The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (e.g., the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan).  If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than January 16, 2009.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.  If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

4.        The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

5.        If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received Ballot will supersede any prior Ballots.

6.        NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.        PLEASE RETURN YOUR BALLOT PROMPTLY.  THE BALLOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC TRANSMISSION.

8.        IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (866) 493-7277.

DB02:7193328.3                                                                                              066585.1001

## **EXHIBIT B-26**

CLASS 5B(4) BALLOT

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x Chapter 11

In re:                                                                        :

                                                                              : Case No. 07-11047 (CSS)

AMERICAN HOME MORTGAGE                                                         :

HOLDINGS, INC., a Delaware corporation, et al.,                               : Jointly Administered

                                                                              :

                                        Debtors.[1]                           :

---------------------------------------------------------------- x

**BALLOT FOR ACCEPTING OR REJECTING THE AMENDED CHAPTER 11 PLAN
OF LIQUIDATION OF THE DEBTORS DATED AS OF NOVEMBER 25, 2008**

**CLASS 5B(4):  JPM SECURED CLAIM AGAINST AHM CORP.**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON JANUARY 14, 2009
> AT 4:00 P.M. (PREVAILING EASTERN TIME).  YOUR BALLOT MUST BE <u>ACTUALLY
> RECEIVED</u> BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "<u>Ballot</u>") is submitted to you to solicit your vote to accept or reject The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "<u>Plan</u>") submitted by the Debtors and described in the related disclosure statement (the "<u>Disclosure Statement</u>") approved by order of the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy free of charge on the dedicated webpage related to these cases of the Debtors' Balloting Agent, Epiq Bankruptcy Solutions, LLC (http://chapter11.epiqsystems.com – click on "American Home Mortgage"). Copies of the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 5th Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Disclosure Statement may be obtained for a charge through Bankruptcy Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.
To have your vote counted, you must complete, sign, and return this Ballot as follows: (i) by regular mail, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, FDR Station, P.O. Box 5115, New York, New York 10150-5115; or (ii) by overnight mail or hand delivery, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017, so that it is <u>received</u> by the deadline indicated above. Ballots submitted by facsimile, email or other electronic transmission will not be counted.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("<u>AHM Investment</u>"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("<u>AHM Acceptance</u>"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("<u>AHM SV</u>"), a Maryland corporation (7267); American Home Mortgage Corp. ("<u>AHM Corp.</u>"), a New York corporation (1558); American Home Mortgage Ventures LLC ("<u>AHM Ventures</u>"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("<u>Homegate</u>"), a New York corporation (7491); and Great Oak Abstract Corp. ("<u>Great Oak</u>"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS
BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1. Class Vote.** The undersigned, a holder of a **Class 5B(4) JPM Secured Claim against AHM Corp.**, in the amount set forth below, votes to (check <u>one</u> box):

☐   **Accept the Plan.**          ☐   **Reject the Plan.**

Creditor: _____          Claim Amount: $ _____

Taxpayer Identification Number: _____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

DB02:7193328.3                    066585.1001

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.      In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.  Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to Epiq Bankruptcy Solutions, LLC (the "Balloting Agent") at the following address:

If by United States Postal Service:
    Epiq Bankruptcy Solutions, LLC
    Attn.: American Home Mortgage Balloting Processing
    P.O. Box 5115, FDR Station
    New York, New York 10150-5115

If by Overnight Carrier or Hand Delivery:
    Epiq Bankruptcy Solutions, LLC
    Attn.: American Home Mortgage Balloting Processing
    757 Third Avenue, 3rd Floor
    New York, New York 10017

    Ballots must be *received* by the Balloting Agent on or before **January 14, 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**").  If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Balloting Agent is enclosed for your convenience.  Ballots submitted by facsimile, email or other electronic transmission will not be counted.  If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

2.      If you hold Claims in more than one voting Class under the Plan (*e.g.*, you hold a Class 5B(4) JPM Secured Claim against AHM Corp. and a Class 6B(1) Miscellaneous Secured Claim against AHM Ventures) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials.  **Each Ballot you receive is for voting only your Claims described on the Ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting a Class 5B(4) JPM Secured Claim against AHM Corp.**  You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.      Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules").  The Tabulation Rules are set forth in the Order approving the Disclosure Statement.  The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan).  If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than January 16, 2009.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.  If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

4.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

5.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received Ballot will supersede any prior Ballots.

6.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.      PLEASE RETURN YOUR BALLOT PROMPTLY.  THE BALLOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC TRANSMISSION.

8.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (866) 493-7277.

066585.1001

## **EXHIBIT B-27**

CLASS 5C(1) BALLOT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x  Chapter 11

In re:
                                                            :  Case No. 07-11047 (CSS)
                                                            :
AMERICAN HOME MORTGAGE                                       :
HOLDINGS, INC., a Delaware corporation, et al.,             :  Jointly Administered
                                                            :
                                Debtors.[1]                 :
                                                            :
------------------------------------------------------------ x

## BALLOT FOR ACCEPTING OR REJECTING THE AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF NOVEMBER 25, 2008

### CLASS 5C(1):  UNSECURED CLAIMS AGAINST AHM CORP. OTHER THAN THE BofA SYNDICATE UNSECURED CLAIM AND BORROWER CLAIMS

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON JANUARY 14, 2009 AT 4:00 P.M. (PREVAILING EASTERN TIME). YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED.**

---

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in the related disclosure statement (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy free of charge on the dedicated webpage related to these cases of the Debtors' Balloting Agent, Epiq Bankruptcy Solutions, LLC (http://chapter11.epiqsystems.com – click on "American Home Mortgage"). Copies of the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 5th Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Disclosure Statement may be obtained for a charge through Bankruptcy Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.
To have your vote counted, you must complete, sign, and return this Ballot as follows: (i) by regular mail, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, FDR Station, P.O. Box 5115, New York, New York 10150-5115; or (ii) by overnight mail or hand delivery, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017, so that it is received by the deadline indicated above. Ballots submitted by facsimile, email or other electronic transmission will not be counted.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS
BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, a holder of a **Class 5C(1) Unsecured Claim against AHM Corp. other than the BofA
Syndicate Unsecured Claim and Borrower Claims,** in the amount set forth below, votes to (check <u>one</u> box):

☐    Accept the Plan.        ☐    Reject the Plan.

Creditor: _____     Claim Amount: $ _____

Taxpayer Identification Number: _____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the
other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to
accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed
and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and
rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

2

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.      In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to Epiq Bankruptcy Solutions, LLC (the "Balloting Agent") at the following address:

If by United States Postal Service:
Epiq Bankruptcy Solutions, LLC
Attn.: American Home Mortgage Balloting Processing
P.O. Box 5115, FDR Station
New York, New York 10150-5115

If by Overnight Carrier or Hand Delivery:
Epiq Bankruptcy Solutions, LLC
Attn.: American Home Mortgage Balloting Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

        **Ballots must be *received* by the Balloting Agent on or before January 14, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline")**. If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Balloting Agent is enclosed for your convenience. Ballots submitted by facsimile, email or other electronic transmission will not be counted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

2.      If you hold Claims in more than one voting Class under the Plan (*e.g.*, you hold a Class 5C(1) Unsecured Claim against AHM Corp. other than the BofA Syndicate Unsecured Claim and Borrower Claims and a Class 6B(1) Miscellaneous Secured Claim against AHM Ventures) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only your Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting a Class 5C(1) Unsecured Claim against AHM Corp. other than the BofA Syndicate Unsecured Claim and Borrower Claims.** You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.      Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Order approving the Disclosure Statement. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than January 16, 2009. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot. If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

4.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

5.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received Ballot will supersede any prior Ballots.

6.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.      PLEASE RETURN YOUR BALLOT PROMPTLY. THE BALLOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC TRANSMISSION.

8.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (866) 493-7277.

DB02:7193328.3                                                                                                                    066585.1001

# EXHIBIT B-28

CLASS 5C(2) BALLOT

066585.1001

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11

In re:                                                          :

                                                               : Case No. 07-11047 (CSS)

AMERICAN HOME MORTGAGE                                          :
HOLDINGS, INC., a Delaware corporation, et al.,                : Jointly Administered

                                                               :
                        Debtors.[1]                            :
---------------------------------------------------------------- x

## BALLOT FOR ACCEPTING OR REJECTING THE AMENDED CHAPTER 11 PLAN
## OF LIQUIDATION OF THE DEBTORS DATED AS OF NOVEMBER 25, 2008

### CLASS 5C(2): BofA SYNDICATE UNSECURED CLAIM AGAINST AHM CORP.

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON JANUARY 14, 2009
> AT 4:00 P.M. (PREVAILING EASTERN TIME). YOUR BALLOT MUST BE ACTUALLY
> RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in the related disclosure statement (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy free of charge on the dedicated webpage related to these cases of the Debtors' Balloting Agent, Epiq Bankruptcy Solutions, LLC (http://chapter11.epiqsystems.com – click on "American Home Mortgage"). Copies of the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 5th Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Disclosure Statement may be obtained for a charge through Bankruptcy Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.
To have your vote counted, you must complete, sign, and return this Ballot as follows: (i) by regular mail, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, FDR Station, P.O. Box 5115, New York, New York 10150-5115; or (ii) by overnight mail or hand delivery, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017, so that it is received by the deadline indicated above. Ballots submitted by facsimile, email or other electronic transmission will not be counted.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 AND 2.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS
BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.**  The undersigned, a holder of a **Class 5C(2) BofA Syndicate Unsecured Claim against AHM Corp.,** in
the amount set forth below, votes to (check <u>one</u> box):

☐    **Accept** the Plan.          ☐    **Reject** the Plan.

Creditor: _____          Claim Amount: $ _____

Taxpayer Identification Number: _____

**Item 2. Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the
other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to
accept or reject the Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed
and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and
rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

6

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.    In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.  Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to Epiq Bankruptcy Solutions, LLC (the "Balloting Agent") at the following address:

| If by United States Postal Service: | If by Overnight Carrier or Hand Delivery: |
|---|---|
| Epiq Bankruptcy Solutions, LLC | Epiq Bankruptcy Solutions, LLC |
| Attn.: American Home Mortgage Balloting Processing | Attn.: American Home Mortgage Balloting Processing |
| P.O. Box 5115, FDR Station | 757 Third Avenue, 3rd Floor |
| New York, New York 10150-5115 | New York, New York 10017 |

        **Ballots must be *received* by the Balloting Agent on or before January 14, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline").**  If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Balloting Agent is enclosed for your convenience.  Ballots submitted by facsimile, email or other electronic transmission will not be counted.  If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

2.    If you hold Claims in more than one voting Class under the Plan (e.g., you hold a Class 5C(2) BofA Syndicate Unsecured Claim against AHM Corp. and a Class 6B(1) Miscellaneous Secured Claim against AHM Ventures) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials.  **Each Ballot you receive is for voting only your Claims described on the Ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting a Class 5C(2) BofA Syndicate Unsecured Claim against AHM Corp.**  You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.    Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules").  The Tabulation Rules are set forth in the Order approving the Disclosure Statement.  The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (e.g., the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan).  If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than January 16, 2009.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.  If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

4.    The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

5.    If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received Ballot will supersede any prior Ballots.

6.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.    PLEASE RETURN YOUR BALLOT PROMPTLY.  THE BALLOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC TRANSMISSION.

8.    IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (866) 493-7277.

## **EXHIBIT B-29**

CLASS 5C(3) BALLOT

DB02:7193328.3

066585.1001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------- x Chapter 11

In re:                                                          :

                                                               : Case No. 07-11047 (CSS)

AMERICAN HOME MORTGAGE                                          :

HOLDINGS, INC., a Delaware corporation, et al.,                : Jointly Administered

                                                               :

                                        Debtors.[1]             :

------------------------------------------------------------- x

### BALLOT FOR ACCEPTING OR REJECTING THE AMENDED CHAPTER 11 PLAN
### OF LIQUIDATION OF THE DEBTORS DATED AS OF NOVEMBER 25, 2008

#### CLASS 5C(3):   BORROWER CLAIMS AGAINST AHM CORP.

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON JANUARY 14, 2009
> AT 4:00 P.M. (PREVAILING EASTERN TIME). YOUR BALLOT MUST BE ACTUALLY
> RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in the related disclosure statement (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy free of charge on the dedicated webpage related to these cases of the Debtors' Balloting Agent, Epiq Bankruptcy Solutions, LLC (http://chapter11.epiqsystems.com – click on "American Home Mortgage"). Copies of the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 5th Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Disclosure Statement may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot as follows: (i) by regular mail, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, FDR Station, P.O. Box 5115, New York, New York 10150-5115; or (ii) by overnight mail or hand delivery, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017, so that it is received by the deadline indicated above. Ballots submitted by facsimile, email or other electronic transmission will not be counted.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS
BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, a holder of a **Class 5C(3) Borrower Claim against AHM Corp.**, in the amount set forth
below, votes to (check <u>one</u> box):

☐   **Accept the Plan.**            ☐   **Reject the Plan.**

Creditor: _____          Claim Amount: $ _____

Taxpayer Identification Number: _____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the
other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to
accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed
and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and
rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

2

066585.1001

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

9.      In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to Epiq Bankruptcy Solutions, LLC (the "Balloting Agent") at the following address:

If by United States Postal Service:

    Epiq Bankruptcy Solutions, LLC
    Attn.: American Home Mortgage Balloting Processing
    P.O. Box 5115, FDR Station
    New York, New York 10150-5115

If by Overnight Carrier or Hand Delivery:

    Epiq Bankruptcy Solutions, LLC
    Attn.: American Home Mortgage Balloting Processing
    757 Third Avenue, 3rd Floor
    New York, New York 10017

       **Ballots must be *received* by the Balloting Agent on or before January 14, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline")**. If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Balloting Agent is enclosed for your convenience. Ballots submitted by facsimile, email or other electronic transmission will not be counted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

10.     If you hold Claims in more than one voting Class under the Plan (*e.g.*, you hold a Class 5C(3) Borrower Claim against AHM Corp. and a Class 6B(1) Miscellaneous Secured Claim against AHM Ventures) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only your Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting a Class 5C(3) Borrower Claim against AHM Corp.** You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

11.     Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Order approving the Disclosure Statement. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than January 16, 2009. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot. If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

12.     The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

13.     If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received Ballot will supersede any prior Ballots.

14.     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

15.     PLEASE RETURN YOUR BALLOT PROMPTLY. THE BALLOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC TRANSMISSION.

16.     IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (866) 493-7277.

DB02:7193328.3

066585.1001

## **EXHIBIT B-30**

CLASS 6B(1) BALLOT

066585.1001

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x  Chapter 11
                                                           :
In re:                                                     :  Case No. 07-11047 (CSS)
                                                           :
AMERICAN HOME MORTGAGE                                      :  Jointly Administered
HOLDINGS, INC., a Delaware corporation, et al.,            :
                                                           :
                              Debtors.[1]                  :
---------------------------------------------------------- x

### BALLOT FOR ACCEPTING OR REJECTING THE AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF NOVEMBER 25, 2008

#### CLASS 6B(1):  MISCELLANEOUS SECURED CLAIMS AGAINST AHM VENTURES

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON JANUARY 14, 2009 AT 4:00 P.M. (PREVAILING EASTERN TIME). YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in the related disclosure statement (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy free of charge on the dedicated webpage related to these cases of the Debtors' Balloting Agent, Epiq Bankruptcy Solutions, LLC (http://chapter11.epiqsystems.com – click on "American Home Mortgage"). Copies of the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 5th Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Disclosure Statement may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign, and return this Ballot as follows:  (i) by regular mail, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, FDR Station, P.O. Box 5115, New York, New York 10150-5115; or (ii) by overnight mail or hand delivery, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017, so that it is received by the deadline indicated above. Ballots submitted by facsimile, email or other electronic transmission will not be counted.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

066585.1001

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES,
THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1. Class Vote.** The undersigned, a holder of a **Class 6B(1) Miscellaneous Secured Claim against AHM Ventures**, in the amount set forth below, votes to (check <u>one</u> box):

☐　　Accept the Plan.　　　　　　　☐　　Reject the Plan.

Creditor: _____　　Claim Amount: $ _____

Taxpayer Identification Number: _____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

2

066585.1001

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.       In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.  Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to Epiq Bankruptcy Solutions, LLC (the "Balloting Agent") at the following address:

If by United States Postal Service:
      Epiq Bankruptcy Solutions, LLC
      Attn.: American Home Mortgage Balloting Processing
      P.O. Box 5115, FDR Station
      New York, New York 10150-5115

If by Overnight Carrier or Hand Delivery:
      Epiq Bankruptcy Solutions, LLC
      Attn.: American Home Mortgage Balloting Processing
      757 Third Avenue, 3rd Floor
      New York, New York 10017

       **Ballots must be *received* by the Balloting Agent on or before January 14, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline").**  If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Balloting Agent is enclosed for your convenience.  Ballots submitted by facsimile, email or other electronic transmission will not be counted.  If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

2.       If you hold Claims in more than one voting Class under the Plan (*e.g.*, you hold a Class 6B(1) Miscellaneous Secured Claim against AHM Ventures and a Class 7B(1) Miscellaneous Secured Claim against Homegate) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials.  **Each Ballot you receive is for voting only your Claims described on the Ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting a Class 6B(1) Miscellaneous Secured Claim against AHM Ventures.  You** must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.       Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules").  The Tabulation Rules are set forth in the Order approving the Disclosure Statement.  The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan).  If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than January 16, 2009.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.  If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

4.       The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

5.       If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received Ballot will supersede any prior Ballots.

6.       NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.       PLEASE RETURN YOUR BALLOT PROMPTLY.  THE BALLOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC TRANSMISSION.

8.       IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (866) 493-7277.

DB02:7193336.3                                          066585.1001

# EXHIBIT B-31

## CLASS 6C(1) BALLOT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------ x  Chapter 11
                                           :
In re:                                     :  Case No. 07-11047 (CSS)
                                           :
AMERICAN HOME MORTGAGE                     :  Jointly Administered
HOLDINGS, INC., a Delaware corporation, et al.,  :
                                           :
                              Debtors.¹    :
------------------------------------------ x
```

## BALLOT FOR ACCEPTING OR REJECTING THE AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF NOVEMBER 25, 2008

### CLASS 6C(1): UNSECURED CLAIMS AGAINST AHM VENTURES OTHER THAN BORROWER CLAIMS

> THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON JANUARY 14, 2009 AT 4:00 P.M. (PREVAILING EASTERN TIME). YOUR BALLOT MUST BE **ACTUALLY RECEIVED** BY THIS DEADLINE IN ORDER TO BE COUNTED.

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in the related disclosure statement (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy free of charge on the dedicated webpage related to these cases of the Debtors' Balloting Agent, Epiq Bankruptcy Solutions, LLC (http://chapter11.epiqsystems.com – click on "American Home Mortgage"). Copies of the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 5th Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Disclosure Statement may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign, and return this Ballot as follows: (i) by regular mail, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, FDR Station, P.O. Box 5115, New York, New York 10150-5115; or (ii) by overnight mail or hand delivery, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017, so that it is **received** by the deadline indicated above. Ballots submitted by facsimile, email or other electronic transmission will not be counted.

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS
BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, a holder of a **Class 6C(1) Unsecured Claim against AHM Ventures Other than Borrower Claims,** in the amount set forth below, votes to (check <u>one</u> box):

☐  **Accept** the Plan.     ☐  **Reject** the Plan.

Creditor: _____     Claim Amount: $ _____

Taxpayer Identification Number: _____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

6

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.      In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to Epiq Bankruptcy Solutions, LLC (the "Balloting Agent") at the following address:

| If by United States Postal Service: | If by Overnight Carrier or Hand Delivery: |
|---|---|
| Epiq Bankruptcy Solutions, LLC | Epiq Bankruptcy Solutions, LLC |
| Attn.: American Home Mortgage Balloting Processing | Attn.: American Home Mortgage Balloting Processing |
| P.O. Box 5115, FDR Station | 757 Third Avenue, 3rd Floor |
| New York, New York 10150-5115 | New York, New York 10017 |

         **Ballots must be *received* by the Balloting Agent on or before January 14, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Balloting Agent is enclosed for your convenience. Ballots submitted by facsimile, email or other electronic transmission will not be counted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

2.      If you hold Claims in more than one voting Class under the Plan (*e.g.*, you hold a Class 6C(1) Unsecured Claim against AHM Ventures Other than Borrower Claims and a Class 7B(1) Miscellaneous Secured Claim against Homegate) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only your Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting a Class 6C(1) Unsecured Claim against AHM Ventures Other than Borrower Claims.** You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.      Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Order approving the Disclosure Statement. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than January 16, 2009. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot. If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

4.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

5.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received Ballot will supersede any prior Ballots.

6.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.      PLEASE RETURN YOUR BALLOT PROMPTLY. THE BALLOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC TRANSMISSION.

8.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (866) 493-7277.

DB02:7193336.3                                                                                    066585.1001

## **EXHIBIT B-32**

CLASS 6C(2) BALLOT

8

066585.1001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------ x   Chapter 11
In re:                                                 :
                                                       :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                  :
HOLDINGS, INC., a Delaware corporation, et al.,        :   Jointly Administered
                                                       :
                                                       :
                            Debtors.¹                  :
------------------------------------------------------ x
```

## BALLOT FOR ACCEPTING OR REJECTING THE AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF NOVEMBER 25, 2008

### CLASS 6C(2): BORROWER CLAIMS AGAINST AHM VENTURES

> THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON JANUARY 14, 2009 AT 4:00 P.M. (PREVAILING EASTERN TIME).  YOUR BALLOT MUST BE **ACTUALLY RECEIVED** BY THIS DEADLINE IN ORDER TO BE COUNTED.

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in the related disclosure statement (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.  If you do not have a Disclosure Statement, you may obtain a copy free of charge on the dedicated webpage related to these cases of the Debtors' Balloting Agent, Epiq Bankruptcy Solutions, LLC (http://chapter11.epiqsystems.com – click on "American Home Mortgage").  Copies of the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 5th Floor, 824 N. Market Street, Wilmington, Delaware 19801.  In addition, copies of the Disclosure Statement may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.  You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot as follows:  (i) by regular mail, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, FDR Station, P.O. Box 5115, New York, New York 10150-5115; or (ii) by overnight mail or hand delivery, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017, so that it is **received** by the deadline indicated above.  Ballots submitted by facsimile, email or other electronic transmission will not be counted.

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

066585.1001

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS
BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1. Class Vote.** The undersigned, a holder of a **Class 6C(2) Borrower Claim against AHM Ventures,** in the amount set
forth below, votes to (check one box):

☐    **Accept** the Plan.            ☐    **Reject** the Plan.

Creditor: _____        Claim Amount: $ _____

Taxpayer Identification Number: _____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the
other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to
accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed
and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and
rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

DB02:7193336.3                                                          066585.1001

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

9.      In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to Epiq Bankruptcy Solutions, LLC (the "Balloting Agent") at the following address:

If by United States Postal Service:
Epiq Bankruptcy Solutions, LLC
Attn.: American Home Mortgage Balloting Processing
P.O. Box 5115, FDR Station
New York, New York 10150-5115

If by Overnight Carrier or Hand Delivery:
Epiq Bankruptcy Solutions, LLC
Attn.: American Home Mortgage Balloting Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

Ballots must be *received* by the Balloting Agent on or before January 14, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline"). If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Balloting Agent is enclosed for your convenience. Ballots submitted by facsimile, email or other electronic transmission will not be counted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

10.     If you hold Claims in more than one voting Class under the Plan (*e.g.*, you hold a Class 6C(2) Borrower Claim against AHM Ventures and a Class 7B(1) Miscellaneous Secured Claim against Homegate) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only your Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting a Class 6C(2) Borrower Claim against AHM Ventures.** You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

11.     Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Order approving the Disclosure Statement. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than January 16, 2009. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot. If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

12.     The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

13.     If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received Ballot will supersede any prior Ballots.

14.     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

15.     PLEASE RETURN YOUR BALLOT PROMPTLY. THE BALLOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC TRANSMISSION.

16.     IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (866) 493-7277.

3

## EXHIBIT B-33

CLASS 7B(1) BALLOT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------- x  Chapter 11
                                                          :
In re:                                                    : Case No. 07-11047 (CSS)
                                                          :
AMERICAN HOME MORTGAGE                                     :
HOLDINGS, INC., a Delaware corporation, et al.,           : Jointly Administered
                                                          :
                          Debtors.[1]                     :
                                                          :
----------------------------------------------------------- x

## BALLOT FOR ACCEPTING OR REJECTING THE AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF NOVEMBER 25, 2008

### CLASS 7B(1):   MISCELLANEOUS SECURED CLAIMS AGAINST HOMEGATE

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON JANUARY 14, 2009 AT 4:00 P.M. (PREVAILING EASTERN TIME). YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in the related disclosure statement (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy free of charge on the dedicated webpage related to these cases of the Debtors' Balloting Agent, Epiq Bankruptcy Solutions, LLC (http://chapter11.epiqsystems.com – click on "American Home Mortgage"). Copies of the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 5th Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Disclosure Statement may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign, and return this Ballot as follows: (i) by regular mail, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, FDR Station, P.O. Box 5115, New York, New York 10150-5115; or (ii) by overnight mail or hand delivery, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017, so that it is received by the deadline indicated above. Ballots submitted by facsimile, email or other electronic transmission will not be counted.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES,
THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, a holder of a Class 7B(1) Miscellaneous Secured Claim against Homegate, in the amount set forth below, votes to (check one box):

☐    Accept the Plan.          ☐    Reject the Plan.

Creditor: _____          Claim Amount: $ _____

Taxpayer Identification Number: _____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

2

DB02:7193337.2                                                          066585.1001

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.      In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to Epiq Bankruptcy Solutions, LLC (the "Balloting Agent") at the following address:

If by United States Postal Service:
    Epiq Bankruptcy Solutions, LLC
    Attn.: American Home Mortgage Balloting Processing
    P.O. Box 5115, FDR Station
    New York, New York 10150-5115

If by Overnight Carrier or Hand Delivery:
    Epiq Bankruptcy Solutions, LLC
    Attn.: American Home Mortgage Balloting Processing
    757 Third Avenue, 3rd Floor
    New York, New York 10017

       Ballots must be *received* by the Balloting Agent on or before January 14, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline"). If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Balloting Agent is enclosed for your convenience. Ballots submitted by facsimile, email or other electronic transmission will not be counted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

2.      If you hold Claims in more than one voting Class under the Plan (e.g., you hold a Class 7B(1) Miscellaneous Secured Claim against Homegate and a Class 8B(1) Miscellaneous Secured Claim against Great Oak) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials. Each Ballot you receive is for voting only your Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting a Class 7B(1) Miscellaneous Secured Claim against Homegate. You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.      Your Claim has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Order approving the Disclosure Statement. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (e.g., the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than January 16, 2009. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot. If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

4.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

5.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received Ballot will supersede any prior Ballots.

6.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.      PLEASE RETURN YOUR BALLOT PROMPTLY. THE BALLOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC TRANSMISSION.

8.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (866) 493-7277.

DB02:7193337.2

066585.1001

## EXHIBIT B-34

CLASS 7C(1) BALLOT

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x Chapter 11

In re:                                                              :

                                                                   : Case No. 07-11047 (CSS)

AMERICAN HOME MORTGAGE                                              :

HOLDINGS, INC., a Delaware corporation, et al.,                    : Jointly Administered

                                                                   :

                                          Debtors.[1]               :

---------------------------------------------------------------- x

## BALLOT FOR ACCEPTING OR REJECTING THE AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF NOVEMBER 25, 2008

### CLASS 7C(1):   UNSECURED CLAIMS AGAINST HOMEGATE OTHER THAN BORROWER CLAIMS

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON JANUARY 14, 2009 AT 4:00 P.M. (PREVAILING EASTERN TIME). YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in the related disclosure statement (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy free of charge on the dedicated webpage related to these cases of the Debtors' Balloting Agent, Epiq Bankruptcy Solutions, LLC (http://chapter11.epiqsystems.com – click on "American Home Mortgage"). Copies of the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 5th Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Disclosure Statement may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot as follows: (i) by regular mail, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, FDR Station, P.O. Box 5115, New York, New York 10150-5115; or (ii) by overnight mail or hand delivery, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017, so that it is <u>received</u> by the deadline indicated above. Ballots submitted by facsimile, email or other electronic transmission will not be counted.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS
BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, a holder of a **Class 7C(1) Unsecured Claim against Homegate Other than Borrower Claims**, in the amount set forth below, votes to (check <u>one</u> box):

☐  **Accept** the Plan.          ☐  **Reject** the Plan.

Creditor: _____       Claim Amount: $ _____

Taxpayer Identification Number: _____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

6

066585.1001

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.      In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.  Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to Epiq Bankruptcy Solutions, LLC (the "Balloting Agent") at the following address:

If by United States Postal Service:

    Epiq Bankruptcy Solutions, LLC
    Attn.: American Home Mortgage Balloting Processing
    P.O. Box 5115, FDR Station
    New York, New York 10150-5115

If by Overnight Carrier or Hand Delivery:

    Epiq Bankruptcy Solutions, LLC
    Attn.: American Home Mortgage Balloting Processing
    757 Third Avenue, 3rd Floor
    New York, New York 10017

      **Ballots must be *received* by the Balloting Agent on or before January 14, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline").**  If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Balloting Agent is enclosed for your convenience.  Ballots submitted by facsimile, email or other electronic transmission will not be counted.  If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

2.      If you hold Claims in more than one voting Class under the Plan (*e.g.,* you hold a Class 7C(1) Unsecured Claim against Homegate Other than Borrower Claims and a Class 8B(1) Miscellaneous Secured Claim against Great Oak) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials.  **Each Ballot you receive is for voting only your Claims described on the Ballot.  Please complete and return each Ballot you receive. The attached Ballot is designated only for voting a Class 7C(1) Unsecured Claim against Homegate Other than Borrower Claims.**  You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.      Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules").  The Tabulation Rules are set forth in the Order approving the Disclosure Statement.  The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.,* the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan).  If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than January 16, 2009.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.  If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

4.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

5.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received Ballot will supersede any prior Ballots.

6.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.      PLEASE RETURN YOUR BALLOT PROMPTLY.  THE BALLOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC TRANSMISSION.

8.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (866) 493-7277.

# EXHIBIT B-35

CLASS 7C(2) BALLOT

DB02:7193337.2

066585.1001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x  Chapter 11

In re:                                                           :
                                                                 :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                            :
HOLDINGS, INC., a Delaware corporation, et al.,                  :  Jointly Administered
                                                                 :
                                                                 :
                          Debtors.[1]                            :
---------------------------------------------------------------- x

**BALLOT FOR ACCEPTING OR REJECTING THE AMENDED CHAPTER 11 PLAN
OF LIQUIDATION OF THE DEBTORS DATED AS OF NOVEMBER 25, 2008**

**CLASS 7C(2):   BORROWER CLAIMS AGAINST HOMEGATE**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON JANUARY 14, 2009
> AT 4:00 P.M. (PREVAILING EASTERN TIME). YOUR BALLOT MUST BE ACTUALLY
> RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008(including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in the related disclosure statement (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy free of charge on the dedicated webpage related to these cases of the Debtors' Balloting Agent, Epiq Bankruptcy Solutions, LLC (http://chapter11.epiqsystems.com -- click on "American Home Mortgage"). Copies of the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 5th Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Disclosure Statement may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot as follows: (i) by regular mail, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, FDR Station, P.O. Box 5115, New York, New York 10150-5115; or (ii) by overnight mail or hand delivery, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017, so that it is received by the deadline indicated above. Ballots submitted by facsimile, email or other electronic transmission will not be counted.

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS
BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1. Class Vote.** The undersigned, a holder of a **Class 7C(2) Borrower Claim against Homegate**, in the amount set forth below, votes to (check <u>one</u> box):

☐   **Accept the Plan.**              ☐   **Reject the Plan.**

Creditor: _____        Claim Amount: $ _____

Taxpayer Identification Number: _____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

2

066585.1001

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

9.      In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to Epiq Bankruptcy Solutions, LLC (the "Balloting Agent") at the following address:

If by United States Postal Service:
    Epiq Bankruptcy Solutions, LLC
    Attn.: American Home Mortgage Balloting Processing
    P.O. Box 5115, FDR Station
    New York, New York 10150-5115

If by Overnight Carrier or Hand Delivery:
    Epiq Bankruptcy Solutions, LLC
    Attn.: American Home Mortgage Balloting Processing
    757 Third Avenue, 3rd Floor
    New York, New York 10017

    **Ballots must be *received* by the Balloting Agent on or before January 14, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Balloting Agent is enclosed for your convenience. Ballots submitted by facsimile, email or other electronic transmission will not be counted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

10.      If you hold Claims in more than one voting Class under the Plan (*e.g.*, you hold a Class 7C(2) Borrower Claim against Homegate and a Class 8B(1) Miscellaneous Secured Claim against Great Oak) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only your Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting a Class 7C(2) Borrower Claim against Homegate.** You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

11.      Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Order approving the Disclosure Statement. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than January 16, 2009. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot. If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

12.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

13.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received Ballot will supersede any prior Ballots.

14.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

15.      PLEASE RETURN YOUR BALLOT PROMPTLY. THE BALLOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC TRANSMISSION.

16.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (866) 493-7277.

**EXHIBIT B-36**

CLASS 8B(1) BALLOT

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x  Chapter 11

In re:

AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corporation, et al.,

Debtors.[1]

------------------------------------------------------- x

: Case No. 07-11047 (CSS)

: Jointly Administered

## BALLOT FOR ACCEPTING OR REJECTING THE AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF NOVEMBER 25, 2008

### CLASS 8B(1): MISCELLANEOUS SECURED CLAIMS AGAINST GREAT OAK

> THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON JANUARY 14, 2009 AT 4:00 P.M. (PREVAILING EASTERN TIME). YOUR BALLOT MUST BE **ACTUALLY RECEIVED** BY THIS DEADLINE IN ORDER TO BE COUNTED.

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in the related disclosure statement (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy free of charge on the dedicated webpage related to these cases of the Debtors' Balloting Agent, Epiq Bankruptcy Solutions, LLC (http://chapter11.epiqsystems.com – click on "American Home Mortgage"). Copies of the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 5th Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Disclosure Statement may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount **and** more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign, and return this Ballot as follows: (i) by regular mail, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, FDR Station, P.O. Box 5115, New York, New York 10150-5115; or (ii) by overnight mail or hand delivery, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017, so that it is **received** by the deadline indicated above. Ballots submitted by facsimile, email or other electronic transmission will not be counted.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES,
THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, a holder of a **Class 8B(1) Miscellaneous Secured Claim against Great Oak**, in the amount set forth below, votes to (check one box):

☐    **Accept** the Plan.                    ☐    **Reject** the Plan.

Creditor: _____        Claim Amount: $ _____

Taxpayer Identification Number: _____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

2

DB02:7193340.3                                                    066585.1001

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.      In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to Epiq Bankruptcy Solutions, LLC (the "Balloting Agent") at the following address:

| If by United States Postal Service: | If by Overnight Carrier or Hand Delivery: |
|---|---|
| Epiq Bankruptcy Solutions, LLC | Epiq Bankruptcy Solutions, LLC |
| Attn.: American Home Mortgage Balloting Processing | Attn.: American Home Mortgage Balloting Processing |
| P.O. Box 5115, FDR Station | 757 Third Avenue, 3rd Floor |
| New York, New York 10150-5115 | New York, New York 10017 |

        Ballots must be *received* by the Balloting Agent on or before January 14, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline"). If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Balloting Agent is enclosed for your convenience. Ballots submitted by facsimile, email or other electronic transmission will not be counted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

2.      If you hold Claims in more than one voting Class under the Plan (e.g., you hold a Class 8B(1) Miscellaneous Secured Claim against Great Oak and a Class 7B(1) Miscellaneous Secured Claim against Homegate) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials. Each Ballot you receive is for voting only your Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting a Class 8B(1) Miscellaneous Secured Claim against Great Oak. You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.      Your Claim has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Order approving the Disclosure Statement. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (e.g., the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than January 16, 2009. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot. If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

4.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

5.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received Ballot will supersede any prior Ballots.

6.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.      PLEASE RETURN YOUR BALLOT PROMPTLY. THE BALLOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC TRANSMISSION.

8.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (866) 493-7277.

DB02:7193340.3                                                                                              066585.1001

## **EXHIBIT B-37**

CLASS 8C(1) BALLOT

066585.1001

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------------- x  Chapter 11

In re: :
: Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE :
HOLDINGS, INC., a Delaware corporation, et al., : Jointly Administered
:
Debtors.[1] :
----------------------------------------------------------------------- x

## BALLOT FOR ACCEPTING OR REJECTING THE AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF NOVEMBER 25, 2008

### CLASS 8C(1):  UNSECURED CLAIMS AGAINST GREAT OAK OTHER THAN BORROWER CLAIMS

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON JANUARY 14, 2009 AT 4:00 P.M. (PREVAILING EASTERN TIME).  YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED.**

---

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in the related disclosure statement (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.  If you do not have a Disclosure Statement, you may obtain a copy free of charge on the dedicated webpage related to these cases of the Debtors' Balloting Agent, Epiq Bankruptcy Solutions, LLC (http://chapter11.epiqsystems.com – click on "American Home Mortgage").  Copies of the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 5th Floor, 824 N. Market Street, Wilmington, Delaware 19801.  In addition, copies of the Disclosure Statement may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.  You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot as follows:  (i) by regular mail, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, FDR Station, P.O. Box 5115, New York, New York 10150-5115; or (ii) by overnight mail or hand delivery, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017, so that it is received by the deadline indicated above.  Ballots submitted by facsimile, email or other electronic transmission will not be counted.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

066585.1001

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

**PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS
BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1. Class Vote.** The undersigned, a holder of a **Class 8C(1) Unsecured Claim against Great Oak Other than Borrower
Claims**, in the amount set forth below, votes to (check <u>one</u> box):

☐  Accept the Plan.          ☐  Reject the Plan.

Creditor: _____     Claim Amount: $ _____

Taxpayer Identification Number: _____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the
other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to
accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed
and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and
rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

6

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.      In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to Epiq Bankruptcy Solutions, LLC (the "Balloting Agent") at the following address:

If by United States Postal Service:

    Epiq Bankruptcy Solutions, LLC
    Attn.: American Home Mortgage Balloting Processing
    P.O. Box 5115, FDR Station
    New York, New York 10150-5115

If by Overnight Carrier or Hand Delivery:

    Epiq Bankruptcy Solutions, LLC
    Attn.: American Home Mortgage Balloting Processing
    757 Third Avenue, 3rd Floor
    New York, New York 10017

       Ballots must be *received* by the Balloting Agent on or before **January 14, 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**"). If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Balloting Agent is enclosed for your convenience. <u>Ballots submitted by facsimile, email or other electronic transmission will not be counted.</u> If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

2.      If you hold Claims in more than one voting Class under the Plan (*e.g.*, you hold a Class 8C(1) Unsecured Claim against Great Oak Other than Borrower Claims and a Class 7B(1) Miscellaneous Secured Claim against Homegate) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only your Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting a Class 8C(1) Unsecured Claim against Great Oak Other than Borrower Claims.** You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.      Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "<u>Tabulation Rules</u>"). The Tabulation Rules are set forth in the Order approving the Disclosure Statement. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than January 16, 2009. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot. If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

4.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

5.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received Ballot will supersede any prior Ballots.

6.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.      PLEASE RETURN YOUR BALLOT PROMPTLY. THE BALLOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC TRANSMISSION.

8.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (866) 493-7277.

DB02:7193340.3

066585.1001

## **EXHIBIT B-38**

CLASS 8C(2) BALLOT

DB02:7193340.3

066585.1001

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11

In re:                                                       :
                                                             :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                        :
HOLDINGS, INC., a Delaware corporation, et al.,              :  Jointly Administered
                                                             :
                              Debtors.[1]                    :
                                                             :
---------------------------------------------------------------- x

## BALLOT FOR ACCEPTING OR REJECTING THE AMENDED CHAPTER 11 PLAN
## OF LIQUIDATION OF THE DEBTORS DATED AS OF NOVEMBER 25, 2008

### CLASS 8C(2):  BORROWER CLAIMS AGAINST GREAT OAK

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON JANUARY 14, 2009
> AT 4:00 P.M. (PREVAILING EASTERN TIME).  YOUR BALLOT MUST BE <u>ACTUALLY
> RECEIVED</u> BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") submitted by the Debtors and described in the related disclosure statement (the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy free of charge on the dedicated webpage related to these cases of the Debtors' Balloting Agent, Epiq Bankruptcy Solutions, LLC (http://chapter11.epiqsystems.com - click on "American Home Mortgage"). Copies of the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 5th Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Disclosure Statement may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign, and return this Ballot as follows: (i) by regular mail, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, FDR Station, P.O. Box 5115, New York, New York 10150-5115; or (ii) by overnight mail or hand delivery, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017, so that it is <u>received</u> by the deadline indicated above. <u>Ballots submitted by facsimile, email or other electronic transmission will not be counted.</u>

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

> **PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS
> BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Class Vote.** The undersigned, a holder of a **Class 8C(2) Borrower Claim against Great Oak**, in the amount set forth below, votes to (check <u>one</u> box):

☐     **Accept the Plan.**        ☐     **Reject the Plan.**

Creditor: _____     Claim Amount: $ _____

Taxpayer Identification Number: _____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

2

            066585.1001

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

9.       In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to Epiq Bankruptcy Solutions, LLC (the "Balloting Agent") at the following address:

| If by United States Postal Service: | If by Overnight Carrier or Hand Delivery: |
|---|---|
| Epiq Bankruptcy Solutions, LLC | Epiq Bankruptcy Solutions, LLC |
| Attn.: American Home Mortgage Balloting Processing | Attn.: American Home Mortgage Balloting Processing |
| P.O. Box 5115, FDR Station | 757 Third Avenue, 3rd Floor |
| New York, New York 10150-5115 | New York, New York 10017 |

        **Ballots must be *received* by the Balloting Agent on or before January 14, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Balloting Agent is enclosed for your convenience. Ballots submitted by facsimile, email or other electronic transmission will not be counted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

10.      If you hold Claims in more than one voting Class under the Plan (*e.g.*, you hold a Class 8C(2) Borrower Claim against Great Oak and a Class 7B(1) Miscellaneous Secured Claim against Homegate) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only your Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting a Class 8C(2) Borrower Claim against Great Oak.** You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

11.      Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Order approving the Disclosure Statement. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than January 16, 2009. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot. If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

12.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

13.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received Ballot will supersede any prior Ballots.

14.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

15.      PLEASE RETURN YOUR BALLOT PROMPTLY. THE BALLOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE, E-MAIL OR OTHER ELECTRONIC TRANSMISSION.

16.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (866) 493-7277.

3

## EXHIBIT C

Non-Voting Creditor Notice

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x  Chapter 11

In re:                                                         :
                                                              :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                         :
HOLDINGS, INC., a Delaware corporation, et al.,               :  Jointly Administered
                                                              :
                                    Debtors.[1]                :  Voting Deadline: January 14, 2009 at 4:00 p.m. (ET)
                                                              :  Objection Deadline: January 14, 2009 at 4:00 p.m. (ET)
                                                              :  Confirmation Hearing: January 28, 2009 at 10:00 a.m. (ET)
------------------------------------------------------------ x

## NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) HEARING TO CONSIDER CONFIRMATION OF THE PLAN, AND (III) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN

TO:    ALL UNIMPAIRED CREDITORS OF THE DEBTORS AND EQUITY INTEREST HOLDERS NOT ENTITLED TO VOTE ON THE PLAN

PLEASE TAKE NOTICE OF THE FOLLOWING:

### APPROVAL OF DISCLOSURE STATEMENT

1.      By Order dated [•], 2008, (the "Disclosure Statement Order"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") approved the Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code With Respect to The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

### CONFIRMATION HEARING

2.      On January 28, 2008 at 10:00 a.m. (prevailing Eastern Time), or as soon thereafter as counsel may be heard, a hearing (the "Confirmation Hearing") will be held before the Honorable Christopher S. Sontchi in the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, Wilmington, Delaware 19801 to consider confirmation of The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan").[2] The Confirmation Hearing may be adjourned from time to time without further notice to creditors or other parties in interest, other than by an announcement of such an adjournment in open court at the Confirmation Hearing or any adjournment thereof or the filing of a notice of re-scheduled hearing with the Bankruptcy Court. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Plan and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] All capitalized terms used but not specifically defined herein shall have the meaning ascribed to them in the Plan.

066585.1001

## ENTITLEMENT TO VOTE ON THE PLAN

3.      In accordance with the terms of the Plan and the Bankruptcy Code, holders of claims against the Debtors that are impaired by the Plan are entitled to vote on the Plan; however, holders of interests that will receive no distribution under the Plan are deemed to have rejected the Plan and will not be entitled to vote. Holders of claims that are unimpaired by the Plan are deemed to have accepted the Plan and are not entitled to vote on the Plan.

4.      November 25, 2008 has been established by the Bankruptcy Court as the record date for determining the creditors and interest holders entitled to receive solicitation or notice materials.

5.      You are receiving this Notice because you are either an unimpaired creditor or equity holder of the Debtors and therefore not entitled to vote on the Plan.

## SUMMARY OF PLAN TREATMENT OF CLAIMS AND INTERESTS

6.      The Plan proposes to modify the rights of certain creditors and equity holders of the Debtors. The classification and treatment of Claims and Interests under the Plan is summarized below:

| Summary of Classification and Treatment of Claims and Interests under the Plan | | | |
|---|---|---|---|
| CLASS(ES) | DESCRIPTION | TREATMENT OF ALLOWED CLAIMS WITHIN CLASS | ESTIMATED RECOVERY |
| n/a | DIP Facility Claims | Paid in full in Cash (or in a manner otherwise permitted or required pursuant to the terms of the DIP Facility and the DIP Loan Agreement). | 100% |
| n/a | Administrative Claims against all Debtors | Paid in Cash equal to the Allowed amount of such Claim, which shall not include any interest, penalty, or premium. | 100% |
| n/a | Priority Tax Claims against all Debtors | Paid in Cash equal to the Allowed Amount of such Claim, which shall not include any penalty or premium, (a) in full on the Effective Date, or (b) in equal payments made on or before the last Business Day of every fiscal quarter after the Effective Date, over a period not exceeding five years after the assessment of the tax on which such Claim is based, totaling the principal amount of such Claim, plus interest on any outstanding balance, calculated from the Effective Date at a rate to be determined pursuant to section 511 of the Bankruptcy Code. | 100% |
| 1A, 2A, 3A, 4A, 5A, 6A, 7A, and 8A | Priority Claims against all Debtors | Paid in Cash equal to the Allowed amount of such Claim, which shall not include any interest, penalty, or premium. | 100% |

---

[3]   The treatment of any Allowed Claim within a Class is subject to any agreement between the Holder of such Allowed Claim and the Debtors (if before the Effective Date) or the Plan Trustee (if after the Effective Date) which provides treatment of such Allowed Claim on terms no less favorable to the Debtors than the treatment provided in the Plan.

2

| Summary of Classification and Treatment of Claims and Interests under the Plan | | | |
|---|---|---|---|
| CLASS(ES) | DESCRIPTION | TREATMENT OF ALLOWED CLAIMS WITHIN CLASS | ESTIMATED % RECOVERY |
| 1B(1) et seq., 2B(1)(a) et seq., 3B(1)(a) et seq., 4B(1)(a) et seq., 5B(1)(a) et seq., 6B(1) et seq., 7B(1) et seq., and 8B(1) et seq. | Miscellaneous Secured Claims against all Debtors | At the option of the Plan Trustee: (a) reinstated in full, leaving unaffected the Holder of such Claim's legal, equitable, and/or contractual rights, (b) paid in Cash up to the Allowed amount of such Claim, (c) satisfied in whole or in part by the transfer of all or any portion of the Assets securing such Claim, (d) paid in deferred Cash payments having a present value on the Effective Date equal to the Allowed amount of the Claim that is not otherwise satisfied as of the Effective Date, provided that the Holder of such Claim shall retain its Lien in any Assets securing the Claim, or (e) such other treatment as would provide the "indubitable equivalent" of the Allowed Claim | 100% |
| 2B(2), 3B(2), 4B(2) and 5B(3) | BofA Syndicate Secured Claim against AHM Investment, AHM Acceptance, AHM SV, and AHM Corp. | Treated in accordance with the BofA Global Settlement Stipulation | 100% |
| 5B(2) | PNB Secured Claim against AHM Corp. | At the option of the Plan Trustee: (a) reinstated in full, leaving unaffected the Holder of such Claim's legal, equitable, and/or contractual rights, (b) paid in Cash up to the Allowed amount of such Claim, (c) satisfied in whole or in part by the transfer of all or any portion of the Assets securing such Claim, (d) paid in deferred Cash payments having a present value on the Effective Date equal to the Allowed amount of the Claim that is not otherwise satisfied as of the Effective Date, provided that the Holder of such Claim shall retain its Lien in any Assets securing the Claim, or (e) such other treatment as would provide the "indubitable equivalent" of the Allowed Claim | 100% |
| 3B(3), 4B(3), and 5B(5) | Travelers Secured Claim against AHM Acceptance, AHM SV, and AHM Corp. | Treated in accordance with the Travelers Stipulation | 100% |

3

| Summary of Classification and Treatment of Claims and Interests under the Plan | | | |
|---|---|---|---|
| CLASS(ES) | DESCRIPTION | TREATMENT OF ALLOWED CLAIMS WITHIN CLASS | ESTIMATED RECOVERY |
| 2B(3) and 5B(4) | JPM Secured Claim against AHM Investment and AHM Corp. | At the option of the Plan Trustee, (a) paid in Cash up to the Allowed amount of such Claim, (b) paid up to the Allowed amount of such Claim from the proceeds from the sale or other disposition of all or any portion of the Assets securing the Allowed Claim, after deducting the reasonable, necessary costs and expenses of preserving and disposing of such Assets; (c) satisfied in full or in part by the return of all or any portion of the Assets securing such Allowed JPM Secured Claim; (d) satisfied in full or in part by execution of the JPM Plan Note, as described more particularly in the Plan, or (e) such other treatment as will provide the "indubitable equivalent" of the Allowed Claim | 100% |
| 1C(1) and 1C(4) | Unsecured Claims (other than the BofA Syndicate Unsecured Claim and Subordinated Trust Preferred Claims, but including Borrower Claims) against AHM Holdings | Paid a Pro Rata share of the Net Distributable Assets of the AHM Holdings Estate | 5.01%[4] |
| 2C(1) and 2C(4) | Unsecured Claims (other than the BofA Syndicate Unsecured Claim and Subordinated Trust Preferred Claims, but including Borrower Claims) against AHM Investment | Paid a Pro Rata share of the Net Distributable Assets of the AHM Investment Estate | 0.98%[5] |

---

[4]  Estimated recovery percentage assumes all Allowed Unsecured Claims against AHM Holdings constitute Senior Unsecured Claims entitled to the benefits of subordination under the Subordinated Trust Preferred Indentures.  To the extent any Allowed Unsecured Claim against AHM Holdings is not a Senior Unsecured Claim: (i) the Holder of such Claim may recover less than the amount reflected in this table, because such Holder will not be entitled to receive any portion of the distributions made on account of Allowed Subordinated Trust Preferred Claims against AHM Holdings pursuant to the Senior Unsecured Claim Procedure set forth in Article 4I(3) of the Plan; and (ii) the Holders of Senior Unsecured Claims against AHM Holdings may recover more than the amount reflected in this table because such Holders will be entitled to a Pro Rata share of distributions made on account of Allowed Subordinated Trust Preferred Claims against AHM Holdings pursuant to the Senior Unsecured Claim Procedure set forth in Article 4I(3) of the Plan.

[5]  Estimated recovery percentage assumes all Allowed Unsecured Claims against AHM Investment constitute Senior Unsecured Claims entitled to the benefits of subordination under the Subordinated Trust Preferred Indentures.  To the extent any Allowed Unsecured Claim against AHM Investment is not a Senior Unsecured Claim: (i) the Holder of such Claim may recover less than the amount reflected in this table, because such Holder will not be entitled to

066585.1001

| Summary of Classification and Treatment of Claims and Interests under the Plan | | | |
|---|---|---|---|
| CLASS(ES) | DESCRIPTION | TREATMENT OF ALLOWED CLAIMS WITHIN CLASS | ESTIMATED RECOVERY |
| 3C(1) and 3C(3) | Unsecured Claims (other than the BofA Syndicate Unsecured Claim, but including Borrower Claims) against AHM Acceptance | Paid a Pro Rata share of the Net Distributable Assets of the AHM Acceptance Estate | 0.81 |
| 4C(1) and 4C(3) | Unsecured Claims (other than the BofA Syndicate Unsecured Claim, but including Borrower Claims) against AHM SV | Paid a Pro Rata share of the Net Distributable Assets of the AHM SV Estate | 0.19% |
| 5C(1) and 5C(3) | Unsecured Claims (other than the BofA Syndicate Unsecured Claim, but including Borrower Claims) against AHM Corp. | Paid a Pro Rata share of the Net Distributable Assets of the AHM Corp. Estate | 1.30% |
| 6C(1) and 6C(2) | Unsecured Claims (including Borrower Claims) against AHM Ventures | Paid a Pro Rata share of the Net Distributable Assets of the AHM Ventures Estate | 1.35% |
| 7C(1) and 7C(2) | Unsecured Claims (including Borrower Claims) against Homegate | Paid a Pro Rata share of the Net Distributable Assets of the Homegate Estate | 0.8% |
| 8C(1) and 8C(2) | Unsecured Claims (including Borrower Claims) against Great Oak | Paid a Pro Rata share of the Net Distributable Assets of the Great Oak Estate | 1.18% |
| 1C(2) | BofA Syndicate Unsecured Claim against AHM Holdings | Subject to all provisions of the BofA Global Settlement Stipulation and BofA/Committee Stipulation, paid a Pro Rata share of the BofA Syndicate Net Distributable Assets of the AHM Holdings Estate | 4.62%[6] |

receive any portion of the distributions made on account of Allowed Subordinated Trust Preferred Claims against AHM Investment pursuant to the Senior Unsecured Claim Procedure set forth in Article 4I(3) of the Plan; and (ii) the Holders of Senior Unsecured Claims against AHM Investment may recover more than the amount reflected in this table because such Holders will be entitled to a Pro Rata share of distributions made on account of Allowed Subordinated Trust Preferred Claims against AHM Investment pursuant to the Senior Unsecured Claim Procedure set forth in Article 4I(3) of the Plan.

[6] Estimated recovery percentage assumes all Allowed Unsecured Claims against AHM Holdings constitute Senior Unsecured Claims entitled to the benefits of subordination under the Subordinated Trust Preferred Indentures. To the extent any Allowed Unsecured Claim against AHM Holdings is not a Senior Unsecured Claim, the Holder(s) of the Allowed BofA Syndicate Unsecured Claim(s) against AHM Holdings may recover more than the amount reflected in this table because such Holder(s) will be entitled to a Pro Rata share of distributions made on account of

DB02:7124132.7                                                                                          066585.1001

| Summary of Classification and Treatment of Claims and Interests under the Plan | | | |
|---|---|---|---|
| **CLASS(ES)** | **DESCRIPTION** | **TREATMENT OF ALLOWED CLAIMS WITHIN CLASS(ES)** | **ESTIMATED RECOVERY** |
| 2C(2) | BofA Syndicate Unsecured Claim against AHM Investment | Subject to all provisions of the BofA Global Settlement Stipulation and BofA/Committee Stipulation, paid a Pro Rata share of the BofA Syndicate Net Distributable Assets of the AHM Investment Estate | 0.59%[7] |
| 3C(2) | BofA Syndicate Unsecured Claim against AHM Acceptance | Subject to all provisions of the BofA Global Settlement Stipulation and BofA/Committee Stipulation, paid a Pro Rata share of the BofA Syndicate Net Distributable Assets of the AHM Acceptance Estate | 0.42% |
| 4C(2) | BofA Syndicate Unsecured Claim against AHM SV | Subject to all provisions of the BofA Global Settlement Stipulation and BofA/Committee Stipulation, paid a Pro Rata share of the BofA Syndicate Net Distributable Assets of the AHM SV Estate | 0% |
| 5C(2) | BofA Syndicate Unsecured Claim against AHM Corp. | Subject to all provisions of the BofA Global Settlement Stipulation and BofA/Committee Stipulation, paid a Pro Rata share of the BofA Syndicate Net Distributable Assets of the AHM Corp. Estate | 0.9% |
| 1C(3) and 2C(3) | Subordinated Trust Preferred Claims against AHM Holdings and AHM Investment | Paid a Pro Rata share of the Net Distributable Assets of the AHM Holdings and AHM Investment Estates, respectively, subject to the Senior Unsecured Claims Procedure | 0%[8] |
| 1D, 2D, 3D, 4D, 5D, 6D, 7D, and 8D | Subordinated Claims against all Debtors | Holders of such Claims will neither retain nor receive any property on account of such Claims | 0% |

Allowed Subordinated Trust Preferred Claims against AHM Holdings pursuant to the Senior Unsecured Claim Procedure set forth in Article 4I(3) of the Plan.

[7] Estimated recovery percentage assumes all Allowed Unsecured Claims against AHM Investment constitute Senior Unsecured Claims entitled to the benefits of subordination under the Subordinated Trust Preferred Indentures. To the extent any Allowed Unsecured Claim against AHM Investment is not a Senior Unsecured Claim, the Holder(s) of the Allowed BofA Syndicate Unsecured Claim(s) against AHM Investment may recover more than the amount reflected in this table because such Holder(s) will be entitled to a Pro Rata share of distributions made on account of Allowed Subordinated Trust Preferred Claims against AHM Investment pursuant to the Senior Unsecured Claim Procedure set forth in Article 4I(3) of the Plan.

[8] Recovery estimate based on assumption that distributions made on account of Subordinated Trust Preferred Claims will be paid over to Holders of Senior Unsecured Claims pursuant to the Senior Unsecured Claims Procedure.

6

| Summary of Classification and Treatment of Claims and Interests under the Plan | | | |
|---|---|---|---|
| CLASS(ES) | DESCRIPTION | TREATMENT OF ALLOWED CLAIMS WITHIN CLASS | ESTIMATED RECOVERY |
| 1E, 2E, 3E, 4E, 5E, 6E, 7E, and 8E | Interests in all Debtors | Holders of such Interests will neither retain nor receive any property on account of such Interests | 0% |

## EXCULPATION AND INJUNCTIONS

7.    The Plan contains the exculpation and injunction provisions set forth below:

Except as otherwise expressly provided in this Plan, the documents executed pursuant to this Plan, or the Confirmation Order, on and after the Effective Date, all Persons who have held, currently hold, or may hold Claims against or Interests in the Debtors or the Estates that arose prior to the Effective Date (including but not limited to states and other governmental units, and any state official, employee, or other entity acting in an individual or official capacity on behalf of any state or other governmental units) are permanently enjoined from, on account of such Claims or Interests: (i) commencing or continuing in any manner, directly or indirectly, any action or other proceeding against any Protected Party or any property of any Protected Party; (ii) enforcing, attaching, executing, collecting, or recovering in any manner, directly or indirectly, any judgment, award, decree, or order against any Protected Party or any property of any Protected Party; (iii) creating, perfecting, or enforcing, directly or indirectly, any lien or encumbrance of any kind against any Protected Party or any property of any Protected Party; (iv) asserting or effecting, directly or indirectly, any setoff, right of subrogation, or recoupment of any kind against obligation due to any Protected Party or any property of any Protected Party; and (v) taking any act, in any manner, in any place whatsoever, that does not conform to, comply with, or that is inconsistent with any provision of this Plan. Any Person injured by any willful violation of such injunction may recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages from the willful violator. Nothing contained in this Article 12 shall enjoin or prohibit (i) the Holder of a Disputed Claim from litigating its right to seek to have such Disputed Claim declared an Allowed Claim and paid in accordance with the distribution provisions of this Plan, (ii) the interpretation or enforcement by any party in interest of any of the obligations of the Debtors, the Plan Trustee, or the Plan Trust under this Plan, or (iii) the borrower(s) under any Mortgage Loan against whom a foreclosure action is commenced by or on behalf of any Protected Party from asserting and prosecuting, in such action, any claims and defenses preserved under Article 8E(6) of this Plan. The Confirmation Order also shall constitute an injunction enjoining any Person from enforcing or attempting to enforce any Claim or Cause of Action against any Protected Party or any property of any Protected Party based on, arising from or related to any failure to pay, or make provision for payment of, any amount payable with respect to any Priority Tax Claim on which the payments due under Article 4 of this Plan have been made or are not yet due under Article 4 of this Plan.

Unless otherwise provided herein or in the Confirmation Order, all injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, this Plan, by orders of the Bankruptcy Court, or otherwise, and extant on the Confirmation Date, shall remain in full force and effect until the later of (i) entry of the Final Decree or (ii) the dissolution of the Plan Trust, provided, however, that on and after the Effective Date, the automatic stay under § 362 of the Bankruptcy Code shall be deemed lifted to the extent necessary to permit the borrower(s) under any Mortgage Loan against whom a foreclosure action is commenced from asserting and prosecuting, in such action, any claims and defenses preserved under Article 8E(6) of this Plan.

On and after the Effective Date, none of the Exculpated Parties shall have or incur any liability for, and each Exculpated Party is hereby released from, any claim, cause of action or liability to any other Exculpated Party, to any Holder of a Claim or Interest, or to any other party in interest, for any act or omission that occurred during the Chapter 11 Cases or in connection with the preparation and filing of this Plan, the Chapter 11 Cases, the formulation, negotiation, and/or pursuit of confirmation of this Plan, the

consummation of this Plan, and/or the administration of this Plan and/or the property to be distributed under this Plan, except for claims, causes of action or liabilities arising from the gross negligence, willful misconduct or fraud of any Exculpated Party, in each case subject to determination of such by final order of a court of competent jurisdiction and provided that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under this Plan and such reasonable reliance shall constitute an absolute defense to any such claim, cause of action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections and benefits of section 1125(e) of the Bankruptcy Code. No provision of this Plan or the Disclosure Statement shall be deemed to act or release any claims, Causes of Action or liabilities that the Plan Trust, the Estates, or any party in interest may have against or to any Person for any act, omission, or failure to act that occurred prior to the Petition Date other than in connection with the preparation and filing of the Chapter 11 Cases, nor shall any provision of this Plan be deemed to act to release any Avoidance Actions.

Except as otherwise provided in § 1141(d)(3) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of the Plan shall bind any Holder of a Claim against, or Interest in, the Debtors, the Estates and their respective successors or assigns, whether or not the Claim or Interest of such Holder is impaired under the Plan, whether or not such Holder has accepted the Plan and whether or not the Holder has filed a Claim. The rights, benefits and obligations of any Person named or referred to in the Plan, whose actions may be required to effectuate the terms of the Plan, shall be binding on and shall inure to the benefit of any heir, executor, administrator, successor or assign of such Person (including, without limitation, any trustee appointed for the Debtors under chapters 7 or 11 of the Bankruptcy Code).

## DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

8.    Objections, if any, to confirmation of the Plan, including any supporting memoranda, must be in writing, filed with the clerk of the Bankruptcy Court, 3rd Floor, 824 N. Market Street, Wilmington, Delaware 19801 together with proof of service, and shall:  (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtors' chapter 11 cases; (b) state with particularity the provision or provisions of the Plan objected to and for any objection asserted, the legal and factual basis for such objections; (c) provide proposed language to remedy any objection asserted; and (d) be served by hand delivery or in a manner as will cause such objection to be **received** on or before **January 14, 2009 at 4:00 p.m. (prevailing Eastern Time)**, upon (i) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391, (Attn.: James L. Patton, Jr. and Robert S. Brady), counsel for the Debtors; (ii) Kroll Zolfo Cooper LLC, 900 Third Avenue, New York, New York 10022 (Attn.: Kevin Nystrom and Bret Fernandes); (iii) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn.: Mark S. Indelicato and Mark T. Power) and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19891 (Attn.: Bonnie Glantz Fatell), counsel for the Creditors Committee; (iv) Gilbert Oshinsky LLP, 1100 New York Avenue, NW, Suite 700, Washington, DC 20005 (Attn.: Stephen A. Weisbrod) and Zuckerman Spaeder LLP, 919 Market Street, Suite 990, Wilmington, Delaware 19801 (Attn.: Thomas G. Macauley), counsel for Borrowers Committee; and (v) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox #35, Wilmington, Delaware 19801 (Attn.: Joseph J. McMahon).  Any objections not filed and served as set forth above will not be considered by the Bankruptcy Court.

066585.1001

## COPIES OF THE PLAN AND DISCLOSURE STATEMENT

9.      The Disclosure Statement and the Plan are on file with the clerk of the Bankruptcy Court, and copies of the same may be obtained by parties in interest free of charge on Epiq Bankruptcy Solutions, LLC's dedicated webpage related to these cases (http://chapter11.epiqsystems.com – click on "American Home Mortgage"). Copies of the Plan and the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 5th Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Plan and the Disclosure Statement may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

Dated: Wilmington, Delaware
    [•], 2008

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel for the Debtors and Debtors in Possession

9

066585.1001

## EXHIBIT D

Publication Notice

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x  Chapter 11

In re:                                                         :
                                                               :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                          :
HOLDINGS, INC., a Delaware corporation, et al.,                :  Jointly Administered
                                                               :
                                    Debtors.[1]                :  Voting Deadline: January 14, 2009 at 4:00 p.m. (ET)
                                                               :  Objection Deadline: January 14, 2009 at 4:00 p.m. (ET)
-------------------------------------------------------------- x  Confirmation Hearing: January 28, 2009 at 10:00 a.m. (ET)

### NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) HEARING TO CONSIDER CONFIRMATION OF THE PLAN, AND (III) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      By Order dated [•], 2008, (the "Disclosure Statement Order"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") approved the Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code With Respect to The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      By the Disclosure Statement Order, the Bankruptcy Court established **January 14, 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline") as the deadline by which ballots accepting or rejecting The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan")[2] must be received. To be counted, your orginal ballot (which is enclosed herewith) must actually be **received** on or before the Voting Deadline by Epiq Bankruptcy Solutions LLC (the "Balloting Agent") at the following address: (i) by regular mail, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, FDR Station, P.O. Box 5115, New York, New York 10150-5115; or (ii) by overnight mail or hand delivery, Epiq Bankruptcy Solutions, LLC, Attn.: American Home Mortgage Balloting Processing, 757 Third Avenue, 3rd Floor, New York, New York 10017. Ballots cast by facsimile, email or other electronic transmission will not be counted.

3.      On **January 28, 2009 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing (the "Confirmation Hearing") will be held before the Honorable Christopher S. Sontchi in the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, Wilmington, Delaware 19801 to consider confirmation of the Plan, as the same may be amended or modified, and for such other and further relief as may be just. The Confirmation Hearing may be adjourned from time to time without further notice to creditors or other parties in interest, other than by an announcement of such an adjournment in open court at the Confirmation Hearing or any adjournment thereof or the filing of a notice of re-scheduled hearing with the Bankruptcy Court.

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]  All capitalized terms used but not specifically defined herein shall have the meaning ascribed to them in the Plan.

066585.1001

4. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Plan and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

5. Objections, if any, to confirmation of the Plan, including any supporting memoranda, must be in writing, filed with the clerk of the Bankruptcy Court, 3rd Floor, 824 N. Market Street, Wilmington, Delaware 19801 together with proof of service, and shall: (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtors' chapter 11 cases; (b) state with particularity the provision or provisions of the Plan objected to and for any objection asserted, the legal and factual basis for such objections; (c) provide proposed language to remedy any objection asserted; and (d) be served by hand delivery or in a manner as will cause such objection to be **received** on or before **January 14, 2009 at 4:00 p.m. (prevailing Eastern Time)**, upon (i) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391, (Attn.: James L. Patton, Jr. and Robert S. Brady), counsel for the Debtors; (ii) Kroll Zolfo Cooper LLC, 900 Third Avenue, New York, New York 10022 (Attn.: Kevin Nystrom and Bret Fernandes); (iii) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn.: Mark S. Indelicato and Mark T. Power) and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19891 (Attn.: Bonnie Glantz Fatell), counsel for the Creditors Committee; (iv) Gilbert Oshinsky LLP, 1100 New York Avenue, NW, Suite 700, Washington, DC 20005 (Attn.: Stephen A. Weisbrod) and Zuckerman Spaeder LLP, 919 Market Street, Suite 990, Wilmington, Delaware 19801 (Attn.: Thomas G. Macauley), counsel for Borrowers Committee; and (v) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox #35, Wilmington, Delaware 19801 (Attn.: Joseph J. McMahon). Any objections not filed and served as set forth above will not be considered by the Bankruptcy Court.

6. The Disclosure Statement and the Plan are on file with the clerk of the Bankruptcy Court, and copies of the same may be obtained by parties in interest free of charge on Epiq Bankruptcy Solutions, LLC's dedicated webpage related to these cases (http://chapter11.epiqsystems.com – click on "American Home Mortgage"). Copies of the Plan and the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 5th Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Plan and the Disclosure Statement may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

Dated: Wilmington, Delaware
    [•], 2008

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel for the Debtors and Debtors in Possession

2

# EXHIBIT E

## QUESTIONNAIRE

In re American Home Mortgage Holdings, Inc., *et al.*, Case No. 07-11047 (CSS) (Jointly Administered)
Preliminary Informational Questionnaire for Parties Asserting EPD/Breach Claims

---

NOTE:  The purpose of this form is to gather information to facilitate estimation of EPD Claims[1] and Breach of Warranty Claims[2] for the limited purposes of voting on the Chapter 11 Plan of Liquidation of the Debtors filed August 15, 2008 [Docket No. 5450] (as the same may be subsequently amended, the "Plan").  While this form requests similar information as will be requested in the EPD/Breach Claims Questionnaire[3] to be filed with the Plan Supplement Documents, the EPD/Breach Claims Questionnaire may require different or additional information, and submission of this form does not constitute submission of the EPD/Breach Claims Questionnaire for purposes of the Plan.

CLAIMANT MUST PROVIDE A SEPARATE FORM FOR EACH LEGAL ENTITY FILING A CLAIM.

PART I – Background Information.  Please correct any information from the cover letter that is incomplete or incorrect.

Claimant              _____

Address               _____
                      _____
                      _____

Contact               _____

Contact's Phone       _____

Contact's Email       _____

Filed Claim Number    _____

Is there any related/affiliated legal entity filing a claim?          ☐ Yes          ☐ No
          If so, provide the name, affiliation, nature of relationship to the Claimant, and whether any portion of this claim is duplicative.

_____

_____

_____


Types of claim asserted:  (check all that apply)

☐  EPD Claim
☐  Noncontingent Breach of Warranty Claim
☐  Contingent Breach of Warranty Claim
☐  Other (describe below):

_____

_____

_____

---

[1] An "EPD Claim" is any claim arising from any provision or provisions in a loan purchase agreement that obligated a Debtor entity to repurchase a loan if the borrower defaulted on a payment due within either a specified period of time or a specified number of payments after the loan was sold (an "early payment default" or "EPD").  The EPD repurchase obligations are typically set forth as stand-alone provisions or among the representations and warranties in loan purchase agreements.  Any EPD repurchase obligations contained in a loan purchase agreement in any form are treated as EPD Claims.

[2] A "Breach of Warranty Claim" is a claim for breach of a representation or warranty arising under any provision or provisions of a loan purchase agreement with respect to a given loan (other than any loan for which an EPD Claim is asserted).  Breach of Warranty Claims are "non-contingent" with respect to any loans on account of which an actual breach is asserted, and are "contingent" with respect to any loans on account of which an actual breach is not asserted, but may potentially be asserted in the future.

[3] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan.

In re American Home Mortgage Holdings, Inc., *et al.*, Case No. 07-11047 (CSS) (Jointly Administered)
Preliminary Informational Questionnaire for Parties Asserting EPD/Breach Claims

---

**PART II** – Information and Documentation Required for All EPD/Breach Claims

For each loan purchase transaction(s) which resulted in an asserted claim provide in (live) electronic spreadsheet or data base format the following information.

This information will be used to estimate damages with respect to asserted **breaches** of representations and warranties on loans purchased from the any Debtor entity (hereinafter, individually or collectively, as the context may require, "<u>AHM</u>"), <u>including contingent, unliquidated claims for breaches that have yet to be asserted by you.</u>

- Date of the loan purchase transaction giving rise to the claim(s)[4] _____
- Purchase price paid in each sale transaction _____
- Number of loans in each sale transaction _____
- Did you have any holdback of the purchase price?     ☐ Yes     ☐ No
  - If yes, provide the amount. _____
  - Provide all documents related to the sale and respective closing date.

| Document Name | Closing Date |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

For each loan included in this population of loans purchased, provide the following:

- AHM Loan Number [Note: Providing the AHM Loan Number is essential for an accurate estimation of your Claim.]

- Borrower name

- The unpaid principal balance ("<u>UPB</u>") as of date of loan sale by AHM

- If the loan was foreclosed or sold, or if real-estate owned ("<u>REO</u>") was sold, the date of such sale/foreclosure and the amount of any net sale/foreclosure proceeds received

- If you were not the original purchaser from AHM, identify the entity that sold the loan to you and certify under penalty of perjury that you have the right to assert EPD/Breach Claims for this loan

- If you no longer own the loan, provide the date of the sale, the identity of the purchaser and certify under penalty of perjury that you retained the right to assert EPD/Breach Claims for this loan

- The AHM entity you assert is liable on your claim [Note: If you assert that more than one AHM entity is liable for such claim, provide all documents or evidence that you believe supports this assertion.]

- Copy of master loan purchase agreement (or similar document) pursuant to which the loan was sold by AHM.

---

[4] If you assert claims arising from more than one sale transaction, provide the requested information with respect to each such transaction.

066585.1001

In re American Home Mortgage Holdings, Inc., *et al.*, Case No. 07-11047 (CSS) (Jointly Administered)
Preliminary Informational Questionnaire for Parties Asserting EPD/Breach Claims

---

PART III – Information for Loans on Which You Assert an EPD Claim

Estimation of EPD Claims entails different considerations than estimating Breach of Warranty Claims. Thus, you must provide a somewhat different set of data for EPD Claims.

All data is to be provided in electronic ("live") spreadsheet or data base format.

For each loan for which you assert an EPD Claim:

- All data set forth in Part II hereof

- The date of the borrower default on account of which such claim is asserted.

- Identification of loan purchase agreement pursuant to which the loan was sold by AHM with a copy of the relevant provisions establishing the right to payment from AHM

- The borrower payment history through July 31, 2008.

- The UPB as of July 31, 2008, or <u>if</u> (i) you sold the loan or related REO prior to July 31, 2008, or if (ii) the loan was foreclosed prior to July 31, 2008, and did not result in REO, <u>then</u> as of the date of such sale/foreclosure

- The status of the loan as of July 31, 2008, or <u>if</u> (i) you sold the loan or related REO prior to July 31, 2008, or if (ii) the loan was foreclosed prior to July 31, 2008, and did not result in REO, <u>then</u> as of the date of such sale/foreclosure:

    □ Current
    □ 31-60 days delinquent
    □ 61-90 days delinquent
    □ 91 days or more delinquent

In re American Home Mortgage Holdings, Inc., *et al.*, Case No. 07-11047 (CSS) (Jointly Administered)
Preliminary Informational Questionnaire for Parties Asserting EPD/Breach Claims

## VERIFICATION

STATE/COMMONWEALTH OF _____

COUNTY OF _____

_____, being duly sworn, deposes and says:

I am the _____ of _____, the claimant submitting the attached claim
            *(Position)*                          *(Claimant/Entity)*
("Claimant"), and have held that position since _____. I have read the foregoing Preliminary
                                                   *(Start Date at Position)*
Informational Questionnaire for Parties Asserting EPD/Breach Claims and know the contents thereof, and believe the information

contained on such form, and related exhibits or appendices, submitted by Claimant to be true based upon the records and documents of

Claimant.

Dated: _____, 2008

_____
     *(Signature)*

Sworn to before me this

_____ day of _____, 2008

Notary Public

My Commission Expires _____

Seal _____

066585.1001

## EXHIBIT F

## CREDITORS COMMITTEE STATEMENT IN SUPPORT OF PLAN



## HAHN&HESSEN LLP
### ATTORNEYS

Mark T. Power
*mpower@hahnhessen.com*

Mark S. Indelicato
*mindelicato@hahnhessen.com*

Direct Dial: (212) 478-7350

Direct Dial: (212) 478-7320

November 24, 2008

TO ALL CREDITORS OF:

### AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*,
### Bankruptcy Case No. 07-11047 (CSS)

Dear Creditors:

We are co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-referenced Debtors (the "Debtors").

Accompanying this letter should be copies of the following documents:

1. Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors dated as of November ___, 2008 (the "Disclosure Statement");

2. Amended Chapter Plan of Liquidation of the Debtors dated as of November ___, 2008 (the "Plan");

3. Ballot for Accepting or Rejecting the Plan for Holders of Impaired Claims; and

4. Notice of Hearing to Consider Confirmation of Amended Chapter Plan of Liquidation of the Debtors dated as of November ___, 2008.

**PLEASE BE ADVISED THAT ALTHOUGH THE PROPOSED DISTRIBUTION TO UNSECURED CREDITORS UNDER THE PLAN IS ADMITTEDLY MODEST, GIVEN THE HIGH LIKELIHOOD THAT UNSECURED CREDITORS WOULD RECEIVE NOTHING IN A CHAPTER 7 LIQUIDATION, THE CREDITORS' COMMITTEE, AFTER CAREFUL CONSIDERATION, HAS DECIDED TO SUPPORT THE DEBTORS' PLAN BECAUSE THE PLAN OFFERS CREDITORS THE BEST PROSPECT FOR MAXIMIZING THE DISTRIBUTION ON THEIR CLAIMS AND RECOMMENDS THAT YOU RETURN YOUR BALLOT <u>ACCEPTING</u> THE PLAN.**



TO ALL CREDITORS OF:                                      November 24, 2008
**AMERICAN HOME MORTGAGE HOLDINGS, INC.,** *et al.*                    Page 2

**This letter is intended to only be a summary of relevant factors considered by the Committee in deciding to support the Plan, not a detailed explanation of all factors considered by or the deliberations of the Committee. [1] When deciding whether or not to vote for or against the Plan, creditors should review and rely on the Plan, the terms of which govern over this summary, and read the information contained in the Disclosure Statement prepared by the Debtors and approved for dissemination to creditors by the Bankruptcy Court.**

*********************************

The starting point of the Committee's analysis was recognizing that these are liquidating chapter 11 cases with a finite number of assets remaining to be liquidated. The Committee recognized that significant portions of the Claims asserted against the Debtors are of a similar nature and type, such as the EPD/Breach Claims asserted by the whole loan purchasers and trustees of securitization trusts and the deficiency claims asserted by the repurchase counter-parties under their repurchase agreements. Consequently, as modifications to the proposed treatment of those classes of Claims are made, the tide of Claims is likely to rise or fall in unison, resulting in such creditors not receiving a significantly improved benefit vis-à-vis similarly situated creditors in the class.

The Committee was also very concerned about the significant administrative costs being incurred by these estates. The Committee believes that confirmation of a consensual Plan will result in a significant and immediate reduction in the on-going administrative expenses being incurred by these estates. Unsecured creditors should benefit from such reductions in expenses.

Lastly, the Committee placed a high value on creditors receiving their distributions as quickly as possible. The Plan compromises several major issues, including streamlining the resolution through the EPD/Breach Claims Protocol of highly complex disputes over alleged breaches and damage assessments involving the sale or transfer of hundreds of thousands of loans with unpaid principal balances in the tens of billions of dollars. The Plan also resolves issues concerning administrative expense allocations among the Debtors' estates, recharacterization of intercompany claims and other disputes between Debtor entities. These issues are highly complex and would be extremely expensive and time-consuming for the Debtors' estates and individual creditors if the issues had to be litigated to a final conclusion in the Bankruptcy Court.

---

[1] Nothing contained herein is intended to constitute a waiver of the Committee's attorney-client privilege or confidentiality, which are expressly reserved. All settlement negotiations in which the Committee was involved are governed by Rule 408 of the Federal Rules of Evidence.



TO ALL CREDITORS OF:                                              November 24, 2008
**AMERICAN HOME MORTGAGE HOLDINGS, INC.,** *et al.*                           Page 3

### The EPD/Breach Claims Protocol Constitutes a Key Component of the Plan

     As explained in greater detail in the Disclosure Statement, the EPD/Breach Claims Protocol is a key component of the Plan. The protocol provides a streamlined method for fixing the allowed amount of early payment default and breach of representations and warranties claims ("EPD/Breach Claims") asserted by the whole loan purchasers, servicers and trustees of securitization trusts. If the EPD/Breach Claims Protocol is not approved, the Committee anticipates that the Debtors' estates and individual creditors will incur millions of dollars of expenses and time-consuming delays litigating issues concerning whether the alleged breaches actually qualify as breaches under the operative documents, and, if so, whether the damages asserted are appropriate. In addition, a number of whole loan purchasers and securitization trustees have asserted large unliquidated claims for breaches that exist but have not yet been discovered since such breaches are typically discovered only after the underlying loan goes into default and the servicer discovers the alleged breach. The Committee believes that the cost and anticipated delay in trying to litigate estimation hearings before the Bankruptcy Court to determine each creditor's allowed claim amount for existing, but unknown breaches based on pools of thousands of loans would be prohibitive for all parties. The EPD/Breach Claims Protocol provides a streamlined, efficient method for estimating these claims based on a formula to be applied uniformly to all EPD/Breach creditors. The incidence and damage percentages contained in the EPD/Breach Claims Protocol are based primarily on the Debtors' historical experiences and information received from creditors.

     In conclusion, the Committee believes that the Plan represents the best process for providing creditors the highest distribution on their claims in an efficient and timely manner and, therefore, asks that each creditor vote to accept the Plan.

     If you have any questions regarding the foregoing or the Debtor's Plan, please contact us at (212) 478-7200.

                    Very truly yours,

                    Mark T. Power
                    Mark S. Indelicato

**EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ------------------------------------------------------ x | Hon. Christopher S. Sontchi |
| In re: : | Chapter 11 |
| : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC. : | Case No. 07-11047 |
| AMERICAN HOME MORTGAGE INVESTMENT CORP. : | Case No. 07-11048 |
| AMERICAN HOME MORTGAGE ACCEPTANCE, INC. : | Case No. 07-11049 |
| AHM SV, INC. (f/k/a American Home Mortgage Servicing, Inc.) : | Case No. 07-11050 |
| AMERICAN HOME MORTGAGE CORP. : | Case No. 07-11051 |
| AMERICAN HOME MORTGAGE VENTURES LLC : | Case No. 07-11052 |
| HOMEGATE SETTLEMENT SERVICES, INC. : | Case No. 07-11053 |
| GREAT OAK ABSTRACT CORP. : | Case No. 07-11054 |
| : | |
| Debtors.[1] : | Jointly Administered |
| ------------------------------------------------------ x | |

## DISCLOSURE STATEMENT PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE WITH RESPECT TO THE AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF NOVEMBER 25, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Debtors and Debtors in Possession

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

POAs, making them the 7th largest originator of POAs.[16]   During 2006, the Debtors made loans to approximately 196,000 borrowers and their total originations were approximately $58.9 billion.  The Debtors' loan origination business generated a significant portion of the Debtors' assets and the source of the Debtors' gain on sale revenue.  It also was the source of many of the customers whose loans were being serviced by the Debtors.

The Debtors' originations were sourced through their own sales force of loan officers and account executives, as well as through mortgage brokers and loan correspondents. As of December 31, 2006, the Debtors conducted lending through over 550 retail and wholesale loan production offices located in 47 states and the District of Columbia.

The Debtors offered a broad array of mortgage products[17] and primarily made loans to borrowers with good credit profiles.  The weighted-average FICO score for the Debtors' $58.9 billion of total originations in 2006 was 716.  Approximately 0.04% of these originations were to non-prime borrowers.  All of the loans the Debtors made in 2006 were secured by one- to four-family dwellings.

The Debtors' origination business sought to utilize a combination of skilled loan officers, advanced technology, a broad product line and a high level of customer service to successfully compete in the marketplace.  The Debtors' primary goal in making a decision whether to extend a loan was whether that loan conformed to the expectations and underwriting standards of the secondary mortgage market.  Typically, these standards focused on a potential borrower's credit history (often as summarized by credit scores), income and stability of income, liquid assets and net worth, and the value and the condition of the property securing the loan.  The Debtors originated some loans with little or no documentation from borrowers.  Whenever possible, the Debtors used "artificial intelligence" underwriting systems to determine whether a particular loan met those standards and expectations.  In those cases where artificial intelligence was not available, the Debtors relied on their credit officer staff to make the determination.  Once a customer applied for a loan, the Debtors' mortgage banking operation processed and underwrote the customer's application and the Debtors funded the customer's loan by drawing on a warehouse line of credit.  These loans were then typically either sold, securitized with the resulting mortgage-backed securities being sold, or held as a long-term investment.

The Debtors' loan origination business rapidly grew in market share and scale since AHM Holdings became a public company in 1999. The aggregate principal amount of total loan

---

[16]  The Borrowers Committee (as hereinafter defined) has expressed concerns about POAs ~~relating to the low introductory rates and negative amortization features~~because, in the view of the Borrowers Committee, they are very complex loans that the Debtors appear to have marketed and sold broadly. The Borrowers Committee further contends that aside from a minimum payment option that could negatively amortize the loan, but only up to a certain amount, POAs typically were subject to prepayment penalties and offered low introductory interest rates that were in effect only for a short period of time, e.g., one month, after which the interest rate would increase.

[17]  The Debtors' product line included ARM loans (including POAs), conventional conforming fixed-rate loans, alternate-"A" loans, jumbo fixed-rate loans, home equity or second mortgage loans, government fixed-rate loans, non-prime loans and construction loans.

### 25.    Insurance Assets

The Debtors' Assets include their rights under certain insurance policies that may respond to a variety of claims. These coverages include director & officer liability coverage,[40] errors & omissions and fidelity coverage, comprehensive general liability coverage, and state licensing authority surety bonds. Pursuant to the terms of the Plan, the Debtors will file lists of Designated Insurance Policies and Designated Non-Executory Insurance Policies as Supplemental Plan Documents. The Debtors do not know the extent to which any such insurance will be available to respond to particular claims. Upon information and belief, apart from the payment of defense costs to individual insureds under the policies, proceeds of the policies have not been earmarked to any particular claims, groups of claims or classes of claims.

### 26.    Transfers to Creditors Within 90 Days Prepetition

As reflected in the Debtors' Statements of Financial Affairs, as amended [Docket Nos. 1335-1342 and 5357-5361], the aggregate number and amount of transfers by each Debtor to creditors within the 90 days immediately preceding the Petition Date are as follows:

| Debtor | # of Transfers | Approximate $ Amount |
|---|---|---|
| AHM Holdings | - | - |
| AHM Investment | 59 | $149,470,751 |
| AHM Acceptance | 2,495 | $1,625,924,537 |
| AHM SV | 207 | $2,486,666,107 |
| AHM Corp. | 19,786 | $16,189,789,850 |
| AHM Ventures | - | - |
| Homegate | 393 | $12,962,608 |
| Great Oak | - | - |

**The amounts set forth in the foregoing table are for informational purposes only and do not constitute a statement or estimate as to the existence or value of any valid Avoidance Action relating to any of the foregoing transfers. Whether a transfer gives rise to a valid Avoidance Action, and whether any such Avoidance Action has any realizable value for the Debtors' Estates, will depend on a number of factors not discussed herein, including (but not limited to) the amounts of the challenged transfers, the location of the transferee (for**

---

[40] The Debtors' director & officer liability policies issued between September 27, 2006 through September 27, 2007, plus an additional one year reporting period, provide $50 million in aggregate limits. These policies are "claims made" policies that generally provide coverage, subject to their terms, for claims made against the policy during the policy or reporting period. Certain amounts of the available insurance have, by information and belief, been paid to satisfy defense costs of certain directors and officers in connection with pending or threatened litigation.

or serviced by any Debtor. Claims in Classes 1C(4), 2C(4), 3C(3), 4C(3), 5C(3), 6C(2), 7C(2), and 8C(2) are Unsecured Claims.

**PLEASE TAKE NOTE that the Debtors' designation of a Class of Borrower Claims in each Estate is for the sake of convenience only and does <u>not</u> constitute an acknowledgement or admission that any Borrower Claims are, or may be, validly asserted against any such Estate. The Debtors believe that valid Borrower Claims, if any, would likely be assertable only against AHM Acceptance, AHM Corp., and/or AHM SV, which were the Debtors engaged in the origination, sale, and servicing of mortgage loans.**

Each Holder of an Allowed Class 1C(4), 2C(4), 3C(3), 4C(3), 5C(3), 6C(2), 7C(2), and 8C(2) Claim shall receive its Pro Rata share of the Net Distributable Assets of the applicable Estate in full satisfaction, settlement, and release of, and in exchange for, its Allowed Unsecured Claim.

*Illustration:* ~~Suppose a borrower asserts a Claim against a Debtor for damages resulting from an alleged act or omission of the Debtor in connection with the origination and/or servicing of the borrower's mortgage loan. Under the Plan, the borrower will be entitled to receive a Pro Rata share of the Net Distributable Assets of the Debtor's Estate once the borrower's Claim becomes an "Allowed" Claim. For the borrower's~~ *Plain-English Summary:* Under the Plan, an "Allowed" Borrower Claim will share in available cash after the Debtors and the Plan Trustee satisfy all secured, administrative and priority obligations. For the Borrower Claim to be "Allowed," the borrower must ~~either (i) file a proof of claim by the applicable bar date or (ii) seek and~~(i) file proof of such claim with the Claims Agent and, (ii) if no proof of claim has yet been filed, obtain the Bankruptcy Court's permission to file a late proof of claim. The ~~Debtors (if before the Effective Date) or the Plan Trustee (if after the Effective Date) will then review the proof of claim and either (i) consent to Allowance of the borrower's Claim or (ii) file an objection to the Claim with the Bankruptcy Court. The borrower will be given~~Borrower Claim is deemed "Allowed" unless the Debtors or the Plan Trustee object to the Borrower Claim. The borrower would receive notice by mail of any objection and have an opportunity to respond ~~to any such objection. If the borrower responds, then the Bankruptcy Court may either determine the amount of the borrower's Claim itself or permit the borrower to litigate his or her Claim in another forum.~~, and the Bankruptcy Court would then decide the matter. Separately, borrowers may seek permission from the Bankruptcy Court to litigate Borrower Claims in another court.

## 15.    Other Subordinated Claims; Interests

Each of Classes 1D, 2D, 3D, 4D, 5D, 6D, 7D, 8D, 1E, 2E, 3E, 4E, 5E, 6E, 7E, and 8E, which are Impaired, consist of Subordinated Claims against all of the Debtors (including, without limitation, the Securities Litigation Claim against AHM Investment) or Interests in all of the Debtors. Holders of Claims or Interests in Classes 1D, 2D, 3D, 4D, 5D, 6D, 7D, 8D, 1E, 2E, 3E, 4E, 5E, 6E, 7E, and 8E shall receive no distribution or dividend on account of such Claims or Interests. The entry of the Confirmation Order shall act as an order approving and effecting the cancellation of all Interests (and all securities convertible or exercisable for or evidencing any

066585.1001

EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------------ x   Hon. Christopher S. Sontchi

In re:                                                                                    :   Chapter 11
                                                                                              :
AMERICAN HOME MORTGAGE HOLDINGS, INC.                 :   Case No. 07-11047
AMERICAN HOME MORTGAGE INVESTMENT CORP.            :   Case No. 07-11048
AMERICAN HOME MORTGAGE ACCEPTANCE, INC.            :   Case No. 07-11049
AHM SV, INC. (f/k/a American Home Mortgage Servicing, Inc.)   :   Case No. 07-11050
AMERICAN HOME MORTGAGE CORP.                                   :   Case No. 07-11051
AMERICAN HOME MORTGAGE VENTURES LLC                    :   Case No. 07-11052
HOMEGATE SETTLEMENT SERVICES, INC.                           :   Case No. 07-11053
GREAT OAK ABSTRACT CORP.                                             :   Case No. 07-11054
                                                                                              :
        Debtors.[1]                                                               :   Jointly Administered

------------------------------------------------------------------------ x

**AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS**
**DATED AS OF NOVEMBER ~~21,~~25, 2008**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Interest, or to any other party in interest, for any act or omission that occurred during the Chapter 11 Cases or in connection with the preparation and filing of the Chapter 11 Cases, the formulation, negotiation, and/or pursuit of confirmation of this Plan, the consummation of this Plan, and/or the administration of this Plan and/or the property to be distributed under this Plan, except for claims, causes of action or liabilities arising from the gross negligence, willful misconduct or fraud of any Exculpated Party, in each case subject to determination of such by final order of a court of competent jurisdiction and provided that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under this Plan and such reasonable reliance shall constitute an absolute defense to any such claim, cause of action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections and benefits of section 1125(e) of the Bankruptcy Code. No provision of this Plan or the Disclosure Statement shall be deemed to act upon or release any claims, Causes of Action or liabilities that the Plan Trust, the Estates, or any party in interest may have against or to any Person for any act, omission, or failure to act that occurred prior to the Petition Date other than in connection with the preparation and filing of the Chapter 11 Cases, nor shall any provision of this Plan be deemed to act to release any Avoidance Actions.

**D.      BINDING EFFECT OF PLAN.** Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of this Plan shall bind any Holder of a Claim against, or Interest in, the Debtors, the Estates and their respective successors or assigns, whether or not the Claim or Interest of such Holder is impaired under the Plan, whether or not such Holder has accepted this Plan and whether or not the Holder has filed a Claim. The rights, benefits and obligations of any Person named or referred to in the

90

Dated: November 21,25, 2008

Respectfully submitted,

AMERICAN HOME MORTGAGE HOLDINGS, INC.
AMERICAN HOME MORTGAGE INVESTMENT CORP.
AMERICAN HOME MORTGAGE ACCEPTANCE, INC.
AHM SV, INC. (f/k/a American Home Mortgage Servicing, Inc.)
AMERICAN HOME MORTGAGE CORP.
AMERICAN HOME MORTGAGE VENTURES LLC
HOMEGATE SETTLEMENT SERVICES, INC.
GREAT OAK ABSTRACT CORP.

_____

By:  Kevin NystromBret Fernandes
Their:  ChiefDirector of Restructuring Officer

102

066585.1001