# BINGHAM

Steven Wilamowsky
Direct Phone: 212.705.7960
Direct Fax:   212.702.3607
steven.wilamowsky@bingham.com

December 1, 2008

**By FedEx**

The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 Market Street, 5th Floor
Wilmington, Delaware 19801

**Re:  DB Structured Products, Inc. v. American Home Mortgage Holdings, Inc., et al., Civ. No. 07-0773-JJF**

Dear Judge Sontchi:

We represent DB Structured Products, Inc. ("DBSP"), the appellant in the above referenced action (the "Appeal"). This letter is submitted on behalf of DBSP and with the authorization of the American Home Mortgage Holdings, Inc. and the other appellee-parties to the Appeal (the "Debtors") to jointly report on the status of the Appeal as directed by Your Honor pursuant to this Court's *Order Scheduling Status Conference Pursuant to 11 U.S.C. § 105(d)* (the "Scheduling Order").

As Your Honor is aware, by Order, dated October 16, 2008 (the "Remand Order"), Judge Farnan remanded the Appeal to this Court for "consideration of the issues raised on appeal." Thereafter, on October 30, 2008, and pursuant to the Scheduling Order, the parties transmitted copies of the pleadings filed in the Appeal, and the oral argument transcript.

There has been no further activity in the Appeal since the transmission of pleadings on October 30. Similarly, there has been no narrowing of the issues in this interim period. Every issue raised previously in the Appeal remains an issue for this Court to consider pursuant to the Remand Order, including, among others:

(a) whether or not the MLPSA[1] is an executory contract within the meaning of section 365 of the Bankruptcy Code;

(b) whether DBSP is barred from asserting that the MLPSA is *not* executory;

(c) whether the Debtors are barred from asserting that the MLPSA *is* executory;

(d) whether this Court necessarily found the MLPSA to be non-executory, implicitly if not explicitly;

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Appellant's Opening Brief, dated May 7, 2008.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

T 212.705.7000
F 212.752.5378
bingham.com

A/72766834.1/0801826-0000327609

The Honorable Christopher S. Sontchi
December 1, 2008
Page 2

(e) whether, if the MLPSA is not executory, this Court erred in permitting the MLPSA to be assigned notwithstanding any actual and *de facto* assignment restrictions contained therein;

(f) whether, if the MLPSA is not executory, the assignment of the MLPSA may nonetheless be sustained under section 363(f)(5) of the Bankruptcy Code;

(g) whether, if the MLPSA is executory, this Court erred by not conditioning the assumption and assignment of the MLPSA on the cure of certain defaults that this Court found to be immaterial, but which DBSP contends are material;

(h) whether this Court properly applied the *Gardinier* factors in finding the MLPSA to be a divisible agreement under New York law; and

(i) whether the question of the divisibility of the MLPSA under New York law matters if it is not an executory contract.

Although the list of open issues is long, the parties have agreed on a course of action to recommend to Your Honor that we think may shorten the list considerably. The Ruling did not expressly reach the question of whether the MLPSA is an executory contract that may be assumed and assigned pursuant to section 365 of the Bankruptcy Code, or a non-executory contract that can only be transferred pursuant to section 363 of the Bankruptcy Code. According to Your Honor, in either event, the MLPSA was assignable and could be included in the sale.

However, certain of the issues raised in the Appeal are relevant only if the MLPSA is executory. Others are relevant only if the MLPSA is not executory. Given that, the parties have agreed that it would be appropriate for this Court to first make a definitive determination as to whether or not the MLPSA is executory (whether as a matter of law or under estoppel principles), and we would request an opportunity for oral argument on that single issue.[2] That finding will then govern the universe of arguments that remain before Your Honor for this Court's consideration, which can be considered either contemporaneously or at a subsequent hearing, depending on whether or not Your Honor is inclined to require any further briefing or argument on any of the issues under appeal.

---

[2] We note, however, that it is DBSP's position that this Court already implicitly, and necessarily, found the MLPSA to be non-executory.

The Honorable Christopher S. Sontchi
December 1, 2008
Page 3

Thank you for your consideration. We look forward to appearing before Your Honor at the status conference on December 10.

Respectfully submitted,

*Steve Wilamowsky* (signature)
Steven Wilamowsky

cc:   Patrick A. Jackson, Esq.
      Ana M. Alfonso, Esq.

A/72766834.1/0801826-0000527609

Bingham McCutchen LLP
bingham.com