IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OF HEARING.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>December 2, 2008 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>/s/ Sharon M. Zieg<br>James L. Patton, Jr. (No. 2202)<br>Pauline K. Morgan (No. 3650)<br>Sharon M. Zieg (No. 4196)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>Counsel for Debtors and Debtors-in-Possession |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC.,<br>A Delaware corporation, et al.1<br><br>Debtors | Chapter 11<br><br>Case No.: 07-11047 (CSS)<br><br>Jointly Administered |
| COMMUNITY DEVELOPMENT<br>ADMINISTRATION,<br>A GOVERNMENTAL UNIT OF THE DEPARTMENT<br>OF HOUSING AND COMMUNITY<br>DEVELOPMENT,<br>A PRINCIPAL DEPARTMENT OF MARYLAND<br>STATE GOVERNMENT<br><br>and<br><br>M&T BANK, a New York Banking Corporation,<br>in its capacity as Trustee under the Community<br>Development Administration's Residential Revenue<br>Bond Resolution<br><br>Plaintiffs<br><br>v.<br><br>AMERICAN HOME MORTGAGE CORP.,<br><br>and<br><br>NATIXIS REAL ESTATE CAPITAL INC. f/k/a IXIS<br>REAL ESTATE CAPITAL INC. f/k/a CDC<br>MORTGAGE CAPITAL INC.<br><br>and | Adversary No.: 08-50633 (CSS) |

---

1 The debtors and debtors in possession in these cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

| | |
|---|---|
| BANK OF AMERICA, N.A.<br><br>and<br><br>DEUTSCHE BANK NATIONAL TRUST CO.<br><br>Defendants | Ref Docket No. 3985 / Adv. Pro. No. 1<br><br>Obj. Deadline: December 15, 2008 at 4:00 p.m. (ET)<br><br>Hearing Date: December 22, 2008 at 11:00 a.m. (ET) |

## DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR AN ORDER APPROVING AND AUTHORIZING THE STIPULATION BETWEEN AMERICAN HOME MORTGAGE CORP., BANK OF AMERICA, N.A., DEUTSCHE BANK NATIONAL TRUST CO., NATIXIS REAL ESTATE CAPITAL, INC., AND COMMUNITY DEVELOPMENT ADMINISTRATION AND M&T BANK

American Home Mortgage Corp. ("AHM") and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively with AHM, the "Debtors"), by this motion (the "Motion"), seek entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), approving a stipulation (the "Stipulation") between the plaintiffs, Community Development Administration, a Governmental Unit of the Department of Housing and Community Development, a Principal Department of Maryland State Government ("CDA") and M&T Bank, as Trustee under CDA's Residential Revenue Bond Resolution ("M&T," and together with CDA, the "Plaintiffs") and Defendants, AHM, Bank of America, N.A. ("BofA"), Deutsche Bank National Trust Co. ("DB") and Natixis Real Estate Capital Inc. ("Natixis") (AHM, BofA, DB, and Natixis are collectively referenced herein as the "Defendants," and the Defendants and the Plaintiffs are collectively referenced as the "Parties"), resolving adversary proceeding no. 08-50633 (the "Adversary Proceeding"). A copy of the Stipulation is attached as Exhibit 1 to the proposed form of order annexed hereto as Exhibit A (the "Approval Order"). In support of the

Motion, AHM respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested is section 105(a) of the Bankruptcy Code along with Bankruptcy Rule 9019(a).

## BACKGROUND

2. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors. No trustee or examiner has been appointed.

## RELEVANT BACKGROUND

5. On May 8, 2008, the Plaintiffs filed *Complaint for Declaratory Judgment and Other Relief* [Adv. Case Docket No. 1] (the "Complaint") and thereby commenced the Adversary Proceeding.[2]

---

[2] Any description of the Complaint herein is provided as a convenience to the Court. Nothing contained herein shall be an admission of any fact alleged in the Complaint.

6. The Complaint alleges that, prior to the Petition Date, AHM and CDA were parties to that certain Mortgage Purchase Agreement (the "MPA"). The Complaint further alleges that, on September 26, 2007, the Plaintiffs caused $400,325.24 (the "Sale Proceeds") to be transferred to an AHM bank maintained by DB (the "Bank Account") to purchase two loans pursuant to the MPA.

7. The Complaint alleges that $179,330.30 of the Sale Proceeds (the "Estes Proceeds") was remitted to AHM to purchase a $176,366 loan that AHM had previously made to Lisa Estes (the "Estes Loan") which is evidenced by the note between Estes and AHM that was previously indorsed by AHM to the order of CDA (the "Estes Note").

8. The Complaint further alleges that $220,994.94 of the Sale Proceeds (the "Chandler Proceeds") was remitted to AHM to purchase a $225,000 loan that AHM had previously made to Shawn Chandler and Elizabeth Chandler (the "Chandler Loan") which is evidenced by the note between the Chandlers and AHM that was previously indorsed by AHM to the order of CDA (the "Chandler Note").

9. Pursuant to an order of this Court [Docket No. 2855] (the "Second Stipulation and Order"), the Sale Proceeds being held in the Bank Account have been frozen.

10. Count I of the Complaint requests, *inter alia*, a declaration that (i) CDA is the owner of the Estes Loan, the Estes Note, the Chandler Loan and the Chandler Note free and clear of any liens or other encumbrances by any party other than M&T, or, in the alternative, (ii) the Estes Proceeds and the Chandler Proceeds are being held in constructive trust for the Plaintiffs and/or the Plaintiffs hold an equitable lien against the Estes Proceeds and the Chandler Proceeds.

11. Count II of the Complaint asserts, *inter alia*, that AHM has failed to convey the Estes Loan and the Chandler Loan free and clear of any encumbrances and has been unjustly enriched at the expense of the Plaintiffs.

12. Count III of the Complaint requests, *inter alia*, the allowance of an administrative priority claim in the amount of the Estes Proceeds and the Chandler Proceeds.

13. In consideration of the foregoing, and in order to avoid the cost and inconvenience of litigation, and subject to dismissal of the adversary proceeding styled *Natixis Real Estate Capital Inc. f/k/a IXIS Real Estate Capital Inc. v. American Home Mortgage Corp., American Home Mortgage Servicing, Inc., American Home Mortgage Acceptance, Inc., American Home Mortgage Investment Corp., and American Home Mortgage Holdings, Inc.* (Adv. No. 08-50634) (the "Natixis Adversary Proceeding"), the Parties have reached an agreement the terms of which are embodied in the executed Stipulation attached as Exhibit 1 to the Approval Order annexed hereto.

## SUMMARY OF THE STIPULATION

14. The Parties believe it is in their respective best interests to compromise and settle, without further litigation, the Complaint on the terms and subject to the conditions set forth in the Stipulation. The effectiveness of the Stipulation is conditioned upon approval of the Bankruptcy Court. The principal terms of the Stipulation are as follows:[3]

> A. AHM, DB, Natixis (effective upon dismissal of the Natixis Adversary Proceeding), and BofA (the "Releasing Parties") release all liens, claims and encumbrances on the Estes Loan and Estes Note and on the Chandler Loan and Chandler Note;

---

[3] The summary of the Stipulation is qualified in its entirety by the Stipulation. If there are any inconsistencies between the summary contained herein and the Stipulation, the Stipulation shall control. Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Stipulation.

B. Natixis (effective upon dismissal of the Natixis Adversary Proceeding), AHM, DB and BofA do not contest that CDA is the owner of the Estes Loan and the Estes Note and of the Chandler Loan and the Chandler Note free and clear of any liens or other encumbrances held by any party other than M&T;

C. The Releasing Parties represent and warrant that they have not conveyed or otherwise transferred any rights they may have had in the Estes Loan and the Estes Note and/or in the Chandler Loan and the Chandler Note to any other person or entity;

D. The Plaintiffs release all claims, liens, encumbrances and interest against the Estes Proceeds and the Chandler Proceeds;

E. Within five (5) business days of the order approving this Stipulation becoming a final order, CDA agrees to pay Natixis $10,000 related to CDA's purchase of the Haas Loan (Loan No. 1694500) and the Swanson Loan (Loan No. 1675872). In return, Natixis and AHM agree to release all claims, liens, encumbrances and interests against the Haas Loan and Haas Note and the Swanson Loan and Swanson Note;

F. The Parties agree to cooperate in executing any documents or providing any Loan File documents, in their possession, reasonably required to carry out the intent of the Stipulation or to otherwise evidence CDA's ownership of the Estes Loan and the Estes Note and of the Chandler Loan and the Chandler Note;

G. The Parties agree that all claims that have been asserted by the Plaintiffs in the Adversary Proceeding shall be dismissed with prejudice upon the Bankruptcy Court's approval by a final, non-appealable order in the form annexed hereto;

H. The Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware without reference to its conflicts of laws rules, and the Parties consent to the exclusive jurisdiction of the Bankruptcy Court;

I. The Parties agree that the Stipulation shall not be introduced for any purpose in any proceeding involving the Parties, except to resolve any disputes or controversies arising from or related to enforcement or interpretation of the Stipulation. Neither the Stipulation nor the fact of its execution will constitute any admission or acknowledgement of liability or wrongdoing on the part of any of the Parties;

J. The Stipulation is subject to: (i) the Bankruptcy Court's approval by a final, non-appealable order in the form annexed hereto

resolving the Adversary Proceeding; and (ii) the Bankruptcy Court's approval by a final, non-appealable order of *Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 for an Order Approving and Authorizing the Stipulation of Dismissal By and Between the Debtors and Natixis Real Estate Capital Inc. Resolving Adversary Proceeding (08-50634)*; or as otherwise agreed to by the Parties (the "Approval Order"); and

K.  Within ten (10) days of the entry of the Approval Order, the Plaintiffs shall file a notice of dismissal in the form attached to the Approval Order as Exhibit 2.

## RELIEF REQUESTED

15.  By this Motion, the Debtors respectfully requests entry of an order approving the Stipulation pursuant to Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

16.  Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P 9019(a). The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy." In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006); see also In re Penn Central Transportation Co., 596 F.2d 1102 (3d Cir. 1979) ("'administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims . . . .'"), quoting In re Protective Committee for Independent Stockholders of TMT Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968).

17.  In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] itself of all facts necessary to form an intelligent and objective

opinion of the probabilities of ultimate success should the claims be litigated, and estimated the complexity, expense and likely duration of such litigation, and other factors relevant to a full and fair assessment of the [claims]." In re Penn Central Transportation Co., 596 F.2d 1127, 1153 (3d Cir. 1979); see also In re Marvel Entertainment Group, Inc., 222 B.R. 243 (D. Del. 1998) (quoting, In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997) (describing "the ultimate inquiry to be whether 'the compromise is fair, reasonable, and in the interest of the estate.'").

18. The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a settlement should be approved. The four enumerated factors are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Meyers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996); accord Will v. Northwestern Univ. (In re Nutraquest, Inc.), 434 F.3d 639, 644 (3d Cir. 2006).

19. The decision to approve a settlement "is within the sound discretion of the bankruptcy court." In re World Health Alternatives, Inc., 344 B.R. at 296; see also In re Neshaminy Office Building Associates, 62 B.R. 798, 803 (E.D. Pa. 1986), cited with approval in Meyers v. Martin (In re Martin), 91 F.3d 389. The bankruptcy court should not substitute its judgment for that of the debtor. See In re Neshaminy Office Building Associates, 62 B.R. at 803. The court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to see whether the settlement falls below the lowest point in the range of reasonableness. See In re W.T. Grant and Co., 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 22 (1983); see also In re World Health Alternatives, Inc., 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible

compromise. Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities.") (internal citations and quotations omitted).

20. The Debtors respectfully request that the Court approve the Stipulation because the Stipulation lies well above the lowest point in the range of reasonable potential litigation possibilities. In AHM's judgment, the Stipulation is fair and reasonable and serves the best interests of the Debtors, their estates and creditors. In addition, each of the applicable Martin factors weighs in favor of approving the Stipulation. Accordingly, the Stipulation should be approved pursuant to Bankruptcy Rule 9019.

A. **The Probability of Success in Litigation**

21. Absent the Stipulation, the disputes between the Parties would have to be litigated before the Court with no assurances of a favorable outcome. The resolution of these disputes under the terms of the Stipulation is a favorable outcome because it will save the Debtors significant time and expense in any attendant litigation.

B. **The Complexity of the Litigation Involved, and the Expense, Inconvenience and Delay Necessarily Attending It**

22. The Stipulation satisfies the second factor in Martin's four-factor test largely for the reasons set forth above in the discussion of AHM's probability of success in litigation. Litigation over whether or not CDA is the owner of the Estes Loan and Estes Note and of the Chandler Loan and Chandler Note and, if so, whether they own such loans and notes free and clear of any liens or other encumbrances would involve complex legal issues and a potentially lengthy proceeding, which would be expensive for the Debtors' estates and inconvenient for the Parties. Additionally, such litigation could result in significant disruption of the Debtors' operations or impact Debtors' ability to perform under other contracts or agreements.

### C. The Paramount Interest of Creditors

23. Entry into the Stipulation serves the paramount interest of creditors of the Debtors. The Stipulation's resolution of the Complaint represents a savings for the creditors by obviating litigation, thereby saving the expenses attendant to such litigation. Therefore, the third factor of Martin's four-factor test is satisfied and weighs in favor of the Court approving the Stipulation.

### D. The Likely Difficulties In Collection

24. Finally, the fourth factor enunciated by the Third Circuit in Martin is not applicable under these circumstances.

### E. Summary

25. The resolution and compromise of the disputes and issues between the Parties as embodied in the Stipulation: (i) is fair and equitable; (ii) represents a settlement that rests well above the lowest point in the reasonable range of potential litigation outcomes; (iii) obviates the expense, delay, inconvenience and uncertainty that would attend any litigation of the Parties' issues; and (iv) advances the paramount interests of creditors. Therefore, the Stipulation satisfies Bankruptcy Rule 9019 and should be approved by the Court.

### NOTICE

26. Notice of this Motion will be provided to (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the Debtors' post petition lender; (v) counsel to CDA; (vi) counsel to M&T; (vii) counsel to DB; (viii) counsel to Natixis, and (ix) those parties who have requested notice

pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b). In light of the nature of the relief requested herein, AHM submits that no other or further notice is required.

## NO PREVIOUS REQUEST

27. No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, AHM respectfully requests that this Court issue and enter the Approval Order, pursuant to Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code, (i) approving the Stipulation, and (ii) granting such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
December 2, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Sharon M. Zieg
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sharon M. Zieg (No. 4196)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession