## Exhibit A

Proposed Form of Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          :   Chapter 11
                                                                :
AMERICAN HOME MORTGAGE                                          :   Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                                 :
a Delaware corporation, et al.,1                                :   Jointly Administered
                                                                :
       Debtors.                                                 :
                                                                :
                                                                :
---------------------------------------------------------------- :
                                                                :
Natixis Real Estate Capital, Inc. f/k/a IXIS REAL               :
ESTATE CAPITAL, INC.,                                           :
                                                                :
Plaintiff,                                                      :   Adversary No. 08-50634
v.                                                              :
                                                                :
AMERICAN HOME MORTGAGE CORP.,                                   :
AMERICAN HOME MORTGAGE SERVICING                                :
INC., AMERICAN HOME MORTGAGE                                    :
ACCEPTANCE INC., AMERICAN HOME                                  :
MORTGAGE INVESTMENT CORP, and                                   :
AMERICAN HOME MORTGAGE HOLDINGS,                                :
INC.,                                                           :   **Ref Docket Nos.:  4010 and \_\_\_\_**
                                                                :
Defendants.                                                     :
---------------------------------------------------------------- x

### ORDER PURSUANT TO SECTION 105 OF
### THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019
### APPROVING AND AUTHORIZING THE SETTLEMENT AGREEMENT
### BY AND BETWEEN THE DEBTORS AND NATIXIS REAL ESTATE CAPITAL, INC.
### f/k/a IXIS REAL ESTATE CAPITAL, INC.

---

1 The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

DB02:7185403.5                                                                                          066585.1001

Upon consideration of the motion (the "<u>Motion</u>")[2] of the debtors and debtors in possession in the above cases (collectively, the "<u>Debtors</u>"),[3] seeking entry of an order pursuant to Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code approving the Settlement Agreement resolving the Adversary Proceeding; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the relief requested in the Motion is hereby granted; and it is further

ORDERED, that the Settlement Agreement, attached hereto as <u>Exhibit 1</u>, is approved pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019; and it is further

ORDERED, that the Debtors are authorized to make the Settlement Payment from account no. 381528 at Deutsche Bank National Trust Company; and it is further

ORDERED, that in accordance with the Settlement Agreement Natixis shall file a Notice of Voluntary Dismissal in the form attached hereto as <u>Exhibit 2</u>, thereby resolving the Adversary Proceeding, upon Natixis' receipt of the Settlement Payment referenced in the Settlement Agreement; and it is further

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[3] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("<u>AHM Investment</u>"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("<u>AHM Acceptance</u>"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("<u>AHM Servicing</u>"), a Maryland corporation (7267); American Home Mortgage Corp. ("<u>AHM Corp.</u>"), a New York corporation (1558); American Home Mortgage Ventures LLC ("<u>AHM Ventures</u>"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("<u>Homegate</u>"), a New York corporation (7491); and Great Oak Abstract Corp. ("<u>Great Oak</u>"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

ORDERED, that this Court shall retain jurisdiction to hear any and all disputes arising out of the interpretation or enforcement of this Order.

Dated:   Wilmington, Delaware
         December ____, 2008

                                                     Christopher S. Sontchi
                                                     United States Bankruptcy Judge

## **Exhibit 1**

Settlement Agreement

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is entered into as of the ____ day of December, 2008, by Natixis Real Estate Capital Inc., f/k/a IXIS Real Estate Capital Inc. ("Natixis"), American Home Mortgage Corp, American Home Mortgage Investment Corp., American Home Mortgage Acceptance, Inc., American Home Mortgage Holdings, Inc., and American Home Mortgage Servicing, Inc. (collectively the "Debtors-Defendants").

WHEREAS, on August 6, 2007 (the "Commencement Date"), Debtor-Defendants and other of their affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware; and

WHEREAS, prior to the Commencement date, Natixis and the Debtors-Defendants entered into the following agreements:

  (i) Third Amended and Restated Master Repurchase Agreement ("Repurchase Agreement") dated as of July 15, 2005, among Natixis, as Buyer and American Home Mortgage Corp, American Home Mortgage Investment Corp., American Home Mortgage Acceptance, Inc., American Home Mortgage Holdings, Inc., and American Home Mortgage Servicing, Inc. f/k/a Columbia National, Inc. (collectively, the "Debtors-Sellers"), as Seller; and

  (ii) Third Amended and Restated Custodial and Disbursement Agreement ("Custodial Agreement") dated as of January 29, 2007, among Natixis, as Buyer, Debtors-Sellers, as Seller, and Deutsche Bank National Trust Company as Custodian and Disbursement Agent; and

WHEREAS, pursuant to the Repurchase Agreement, Natixis purchased certain mortgage loans from the Debtors-Defendants after which the Debtors-Defendants would repurchase such loans at an agreed upon date and price; and

WHEREAS, on or about May 9, 2008, Natixis commenced an adversary proceeding against Debtor-Defendants (the "Adversary Proceeding") by filing a Complaint

containing allegations, *inter alia*, that Debtors-Defendants breached the Repurchase Agreement, Adversary Proceeding Number 08-50634 (CSS) (the "Complaint"); and

WHEREAS, Debtor-Defendants have denied, and continue to deny, all liability with regard to all counts in the Complaint; and

WHEREAS, both Natixis and Debtors-Defendants believe it is in their respective best interests to compromise and settle the Adversary Proceeding without further litigation and on the terms set forth in this Settlement Agreement.

NOW, THEREFORE, in consideration of the mutual covenants contained herein, Natixis and Debtors-Defendants (collectively, the "Settling Parties") agree as follows:

1. As authorized by the Court, the Debtors will pay Natixis $275,000.00 (the "Settlement Payment") within ten (10) days of the entry of an order approving this Settlement Agreement. The dispersed funds are to be allocated to the repurchase of mortgage loans for which the Debtors received payment from the Take-Out Investors1 as follows: (i) $220,944.00 shall be allocated to the repurchase of AHM Loan No. 1579356 (the "Chandler Loan"); (ii) $5,000.00 shall be allocated to the repurchase of AHM Loan No. 1759239 (the "Butler Loan"); and (iii) the remaining $49,056.00 shall be allocated to the repurchase of AHM Loan No. 1822647 (the "Kirkwold Loan");

2. Claim No. 8918 filed by Natixis on January 11, 2008 will have an allowed general unsecured claim in the amount of $180,000. Claim Nos. 8919, 8920, 8921, and 8922 shall be expunged in their entirety;

3. The allowance of Claim No. 8918 filed by Natixis on January 11, 2008, shall have no affect on any claims that are preserved under paragraph 10 hereof;

---

1 All capitalized terms not otherwise defined shall have the meaning prescribed in the Complaint.

4.  All of Natixis' right, title and interest in AHM Loan No. 1738521 shall be abandoned;

5.  The Debtors have not received any funds with respect to AHM Loan Nos. 1773144, 1675872, 1694500, 1738521, 1759239, 1579356, or 1805949 from the Take-Out Investors except for the amounts that are being paid to Natixis as set forth in paragraph 1 hereunder;

6.  The Debtors have confirmed with American Home Mortgage Servicing, Inc. ("AHMS") that AHMS is not holding any funds with respect to AHM Loan Nos. 1773144, 1675872, 1694500, 1738521, 1759239, 1579356 or 1805949;

7.  The Debtors agree to execute letters acknowledging that any payments with respect to AHM Loan Nos. 1773144, 1675872, 1694500, 1738521, 1822647 or 1805949 be directed to Natixis and provide reasonable assistance to Natixis in obtaining requisite Orders of the Court for Natixis to collect unpaid amounts from the Take-Out Investors or any other third parties that received proceeds of the Unreleased Loans;

8.  Upon Natixis' receipt of the Settlement Payment referenced in paragraph 1 above, Natixis will release all liens, claims, and encumbrances on the Chandler Loan;

9.  Debtors release all claims to and acknowledge that Natixis owns all Unreleased Loans, with the exception of the AHM Loan No. 1738521 which is abandoned under this Settlement Agreement, that have not been paid in full by the Take-Out Investors or from the Debtors; in furtherance of the foregoing, Debtors hereby confirm the transfer of servicing of AHM Loan No. 1805949 to AHMS and agree to provide such assistance as Natixis may reasonably request to identify Natixis as the owner of any Unreleased Loans to AHMS and obtaining information from AHMS with respect to any Unreleased Loans.

10. <u>Mutual Releases</u>. Except as to (i) the full and faithful performance of the Settlement Agreement, (ii) any claims or causes of action the Debtors may have related to Natixis improperly setting a Purchase Price (as defined in the Repurchase Agreement) or Margin Base under section 4.a. of the Repurchase Agreement within the period that is 120 days prior to the Petition Date, (iii) claims or causes of action relating to any transfers made to Natixis based upon Natixis improperly setting a Purchase Price (as defined in the Repurchase Agreement) or Margin Base under section 4.a. of the Repurchase Agreement within the period that is 120 days prior to the Petition Date, (iv) any claims or causes of action under 11 U.S.C. 548(a)(1)(A) or similar state-law, and (v) the general unsecured claims granted in paragraph 2 hereof, and upon Natixis' receipt of the Settlement Payment referenced in paragraph 1 above, Natixis, and its respective representatives, heirs, successors and assignees on the one hand, and the Debtors and their affiliates, including non-debtor affiliates, and their officers, directors, agents, representatives, attorneys, employees, heirs, successors and assignees, on the other hand, do, subject however to paragraph 10 hereof, hereby completely release and forever discharge one another and their past and present affiliates, agents, employees, attorneys, successors and assigns from all claims, rights demands, actions, obligations, liabilities, attorneys' fee claims and causes of action of any and every kind, nature and character whatsoever, known or unknown, which the parties may now have or have ever had against one another, past, current, and future.

11. Nothing in this agreement shall affect Natixis' rights with respect to the Investors and any party that has or may assert an interest in or received any funds with respect to the Unreleased Loans.

12. <u>Notice of Settlement</u>. Debtors shall take all necessary steps, within two (2) business days of the execution of this Settlement Agreement, to notify the United States

Bankruptcy Court for the District of Delaware, Case No. 07-11047 (CSS) of the settlement of the Adversary Proceeding, and to obtain approval under Fed. R. Bankr. P. 9019. Notwithstanding anything to the contrary herein, this Settlement Agreement is subject to the approval of the Bankruptcy Court pursuant to a final, non-appealable order in the form attached to the *Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 for an Order Approving and Authorizing the Settlement Agreement by and between the Debtors and Natixis Real Estate Capital Inc., f/k/a IXIS Real Estate Capital Inc.* or as otherwise agreed to by the Settling Parties (the "Approval Order").

13. Notice of Dismissal. Upon the Order approving the Settlement Agreement becoming a final Order and upon Natixis' receipt of good funds referenced in paragraph 1 above, Natixis shall file a Notice of Dismissal of the Adversary Proceeding with prejudice in the form of the Notice attached to the Approval Order as Exhibit 2.

14. Representations and Warranties. Each of the Settling Parties represents that it, she, or he has read and understands the scope and effect of each provision of this Settlement Agreement and has had the opportunity to consult with counsel for further explanation of the Settlement Agreement's terms, covenants, and provisions. Each of the undersigned Settling Parties represents that it has executed the Settlement Agreement freely, voluntarily, and with authority, intending to be bound thereby. Each party represents that it has been duly authorized to enter into this Settlement Agreement.

15. Costs and Fees. Except as specified herein or as may be asserted by Natixis in connection with Natixis' proofs of claim, each party will bear its own costs, attorneys' fees, and expenses incurred in connection with this Settlement Agreement and all steps necessary to effectuate the terms of this Settlement Agreement.

16. <u>Not an Admission</u>. This Settlement Agreement is entered into solely for the convenience of the parties thereto. Neither this Settlement Agreement nor the fact of its execution will constitute any admission or acknowledgement of liability or wrongdoing on the part of any of the Settling Parties. The Settling Parties will not offer this Settlement Agreement or the fact of its execution into evidence in any proceeding other than a proceeding to approve or enforce or to effect this Settlement Agreement or any of its terms.

17. <u>No Third Party Beneficiaries</u>. Nothing in this Settlement Agreement shall be construed to create any rights enforceable by any party other than Natixis and Debtors-Defendants.

18. <u>Signatures and Effective Date</u>. This Settlement Agreement may be executed in one or more counterparts, each of which will be deemed an original, but all of which will constitute one and the same instrument. This Settlement Agreement will become effective as soon as all parts of this Settlement Agreement have been executed by all of the Settling Parties and a complete set of original executed signature pages has been received by counsel for Plaintiffs.

[Signature pages follow.]

WHEREFORE, the Settling Parties hereby acknowledge their agreement and consent to the terms and conditions set forth above through their respective signatures as contained below.

NATIXIS REAL ESTATE CAPITAL INC. f/k/a IXIS REAL ESTATE CAPITAL INC.

By: *[signature]*
Name: Raymond Sullivan
Title: Managing Director

By: *[signature]*
Name: Christopher Hayden
Title: Managing Director

AMERICAN HOME MORTGAGE CORP.

By: _____
Name: _____
Title: _____

AMERICAN HOME MORTGAGE SERVICING INC.

By: _____
Name: _____
Title: _____

AMERICAN HOME MORTGAGE ACCEPTANCE INC.

By: _____
Name: _____
Title: _____

WHEREFORE, the Settling Parties hereby acknowledge their agreement and consent to the terms and conditions set forth above through their respective signatures as contained below.

NATIXIS REAL ESTATE CAPITAL INC. f/k/a IXIS REAL ESTATE CAPITAL INC.

By: _____
Name: _____
Title: _____

By: _____
Name: _____
Title: _____


AMERICAN HOME MORTGAGE CORP.

By: *[signature]*
Name: Bret W Fernandes
Title: Director of Restructuring

AMERICAN HOME MORTGAGE SERVICING INC.

By: *[signature]*
Name: Bret W Fernandes
Title: Director of Restructuring

AMERICAN HOME MORTGAGE ACCEPTANCE INC.

By: *[signature]*
Name: Bret W Fernandes
Title: Director of Restructuring

AMERICAN HOME MORTGAGE INVESTMENT CORP.

By: *[signature]*

Name: Bret W Fernandes

Title: Director of Restructuring

AMERICAN HOME MORTGAGE HOLDINGS, INC.

By: *[signature]*

Name: Bret W Fernandes

Title: Director of Restructuring

Accepted, agreed and acknowledged:

THE OFFICIAL COMMITTEE OF UNSECURED CREDITOR OF AMERICAN HOME MORTGAGE HOLDINGS, INC., ET AL.

By: _____

Name: _____

Title: _____

8

AMERICAN HOME MORTGAGE INVESTMENT CORP.

By: _____

Name: _____

Title: _____

AMERICAN HOME MORTGAGE HOLDINGS, INC.

By: _____

Name: _____

Title: _____

Accepted, agreed and acknowledged:

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITOR OF AMERICAN HOME MORTGAGE
HOLDINGS, INC., ET AL.

By: *Mark T. Power*

Name: *Mark T. Power*

Title: *Partner*

**Exhibit 2**

Notice of Dismissal

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | x | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : | Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.,1 | : | Jointly Administered |
| | : | |
| Debtors. | : | |
| | : | |
| Natixis Real Estate Capital, Inc. f/k/a IXIS REAL ESTATE CAPITAL, INC., | : | |
| | : | |
| Plaintiff, | : | Adversary No. 08-50634 |
| v. | : | |
| | : | |
| AMERICAN HOME MORTGAGE CORP., AMERICAN HOME MORTGAGE SERVICING INC., AMERICAN HOME MORTGAGE ACCEPTANCE INC., AMERICAN HOME MORTGAGE INVESTMENT CORP, and AMERICAN HOME MORTGAGE HOLDINGS, INC., | : | |
| | : | |
| Defendants. | x | |

## NOTICE OF VOLUNTARY DISMISSAL

PLEASE TAKE NOTICE that, pursuant to Fed. R. Bankr. P. 7041 and Fed. R. Civ. P. 41(a)(1), Plaintiff, Natixis Real Estate Capital, Inc., f/k/a IXIS Real Estate Capital Inc., hereby dismisses the above-captioned adversary proceeding with prejudice.

---

1 The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Each party shall bear its own costs and expenses. This adversary proceeding is hereby closed.

                              BAYARD, P.A.

By:_____
    Neil B. Glassman (No. 2087)
    Charlene D. Davis (No. 2336)
    Eric M. Sutty (No. 4007)
    222 Delaware Avenue, Suite 900
    Wilmington, Delaware 19801
    Telephone: (302) 655-5000

    and

DAVIS & GILBERT LLP
Joseph Cioffi, Esquire
1740 Broadway
New York, New York 10019
Telephone: (212) 468-4800

*Counsel for Natixis Real Estate Capital, Inc., f/k/a IXIS Real Estate Capital Inc.*

2