**SHENANDOAH VALLEY APPRAISAL, INC.**
**P. O. BOX 1018**
**3803 CHURCHVILLE AVENUE**
**CHURCHVILLE, VA  24421**
**(540)337-9837-Telephone**
**(540)337-7401-Fax**

November 18, 2008

United States Bankruptcy Court for the District of Delaware
824 Market Street
3rd Floor
Wilmington, Delaware  19801

RE:  Objection Response
     American Home Mortgage Holdings, Inc.
     Case No. 07-11047 (CSS)

To Whom It May Concern:

This letter is in response to the objection from American Home Mortgage Holdings, Inc. for a debt owed to Shenandoah Valley Appraisal, Inc.

On November 15, 2007 (Attachment 1), our office received notice that a bankruptcy filing was in proceedings and asked for our claim.  These proceedings included the following debtors – American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures, LLC; **HOMEGATE SETTLEMENT SERVICES, INC.**; and Great Oak Abstract Corporation. (See Attachment 1).

Upon receiving this notice, our office filed our claim with the bankruptcy court, as we were suppose to do.  We enclosed, at that time, a copy of the outstanding invoice and the original order request from the lender-Homegate Settlement Services.  (Attachments 4 & 5)

On October 1, 2007 (Attachment 2), our office received a Notice of Entry of Order regarding this bankruptcy claim, which listed Homegate Settlement Services, Inc. as a debtor.

On August 18, 2008 Attachment 3), our office received a Notice of Hearing to Consider regarding this bankruptcy claim, which listed Homegate Settlement Services, Inc. as a debtor.

Shenandoah Valley Appraisals, Inc. has completed many order request for this lender before this order was received and was paid in a timely fashion for all of our work that was completed.  Homegate Settlement Services orders were always for our company to invoice their company.

At this time, we are disputing this claim that there is no monies owed to Shenandoah Valley Appraisals, Inc. and would therefore want our claim for monies owed by Homegate Settlement Services to be continued against this bankruptcy filing.

Page 1 of 2

Page 2 of 2
November 18, 2008
REG - Objection Response
    American Home Mortgage Holdings, Inc.
    Case No. 07-11047 (CSS)

Shenandoah Valley Appraisals, Inc. completed the work for this vendor and therefore feels that our debt against Homegate Settlement Services, Inc. should be included in this proceedings.

If you have any questions, please feel free to call our office at 540-337-9837.

Sincerely yours,

Kathleen A. Wilson
President/CRREA

KAW/lsc

Attachment 1
Attachment 2
Attachment 3
Attachment 4
Attachment 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | ) | Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.,[1] | ) | |
| | ) | **Doc. Ref. No. 1708** |
| Debtors. | ) | |

## NOTICE OF BAR DATES FOR FILING OF PROOFS OF CLAIM

### TO ALL CREDITORS AND EQUITY INTEREST HOLDERS:

On October 30, 2007, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bar Date Order") establishing certain claims bar dates in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[2] By the Bar Date Order, the Court established **January 11, 2008 at 4:00 p.m. (Eastern Time)**, as the general claims bar date (the "General Bar Date"). Except as described below, the Bar Date Order requires all Entities, other than Governmental Units, that have or assert any prepetition Claims against the Debtors to file proofs of claim with EPIQ Bankruptcy Solutions, LLC ("EPIQ"), the claims noticing and balloting agent in these cases, so that their proofs of claim are received by EPIQ **on or before 4:00 p.m., Eastern Time, on January 11, 2008**. Please note that the terms "Entity," "Governmental Unit," and "Claim" are defined below.

For your convenience, enclosed with this Notice is a proof of claim form, which identifies the amount, nature and classification of your Claim(s), if any, listed in the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these cases (collectively, the "Schedules"). **Copies of the Bar Date Notice Package and, separately, the proof of claim form are also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com – click on "American Home Mortgage").**

### KEY DEFINITIONS

As used in this Notice, the term "Entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and includes all persons (individuals, partnerships and corporations), estates, trusts, Governmental Units and the United States Trustee.

As used in this Notice, the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States; states; commonwealths; districts; territories; municipalities; foreign states; or departments, agencies or instrumentalities of the foregoing.

As used in this Notice, the term "Claim" shall mean, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Other names used by the Debtors in the last six years include: AHM Acceptance, Inc.; American Home Mtg Servicing; American Home Mortgage Servicing; AHM Servicing, Inc.; Columbia National, Inc.; Columbia National Incorporated; CNI National Mortgage Co.; Columbia National Mortgage; CNI National; All Pro Mortgage, LLC; AHM Equity Credit Lines, LLC; American Home Mortgage V; Elite Lending Partners, LLC; HSS Mortgage; Peak Experience Mortgage; Private Mortgage Group; Silcon Mortgage; TDG Equities; and US Lending Company, LLC.

unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## WHO MUST FILE A PROOF OF CLAIM AND THE APPLICABLE BAR DATES

### *The Bar Dates*

The Bar Date Order establishes the following bar dates for filing proofs of claim in these cases (collectively, the "Bar Dates"):

(a) The General Bar Date. Pursuant to the Bar Date Order, all Entities holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on August 6, 2007, are required to file proofs of claim **on or before 4:00 p.m., Eastern Time, on January 11, 2008**.

(b) The Government Bar Date. In accordance with section 502(b)(9) of the Bankruptcy Code, all Governmental Units holding Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on August 6, 2007, are required to file proofs of claim **on or before 4:00 p.m., Eastern Time, on February 4, 2008**[3] (the "Government Bar Date"), including Governmental Units with Claims against the Debtors for unpaid taxes, whether such Claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors was a party.

(c) The Rejection Bar Date. Any Entity whose Claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a chapter 11 plan in the Debtors' chapter 11 cases, must file a proof of claim on or before the later of: (i) the General Bar Date or (ii) thirty (30) days after entry of an order approving the rejection of an executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damages Claim is a party. The later of these dates is referred to in this Notice as the "Rejection Bar Date."

### *Entities That Must File Proofs of Claims by the General Bar Date or the Government Bar Date*

Subject to the terms described above for holders of Claims subject to the Rejection Bar Date, the following Entities must file proofs of claim on or before the General Bar Date or, with respect to Claims of Governmental Units, on or before the Government Bar Date:

(a) any entity whose prepetition claim against the Debtors is not listed in the Schedules or whose prepetition claim is listed as disputed, contingent or unliquidated and that desires to participate in these chapter 11 cases or share in any distribution in these chapter 11 cases; and

(b) any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

### *Entities Not Required to File Proofs of Claim by the General Bar Date or the Government Bar Date*

The Bar Date Order further provides that the following Entities need not file proofs of claim by the General Bar Date:

---

[3] Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide." In the instant case, 180 days after the Petition Date is February 2, 2008. Pursuant to Bankruptcy Rule 9006(a), as February 2, 2008 is a Saturday, the Government Bar Date is Monday, February 4, 2008.

(a) any entity that has already properly filed a Proof of Claim against one or more of the Debtors with either EPIQ or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

(b) any entity (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or classification of its claim as set forth in the Schedules;

(c) professionals retained by the Debtors or the Committee pursuant to orders of this Court, including EPIQ, who assert administrative claims for payment of fees and expenses subject to the Court's approval pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

(d) any entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code;

(e) current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

(f) any Debtor asserting a claim against another Debtor;

(g) any direct or indirect non-debtor subsidiary of a Debtor asserting a claim against a Debtor;

(h) any entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the applicable Bar Date; or

(i) any person or entity whose claim has been paid by the Debtors.

## *No Requirement to File Proofs of Interest*

Any Entity holding an interest in the Debtors (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation, a general or limited partner interest in a limited partnership, a membership interest in a limited liability company or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to in this Notice as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert Claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including Claims arising out of or relating to the sale, issuance or distribution of such Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in the Bar Date Order applies.

## *Filing Proofs of Claim Against Multiple Debtors; Requirement to Identify Debtor*

Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the applicable Bar Date. In addition, any Entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.

### CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Entity that is required to file a proof of claim, but fails to do so by the applicable Bar Date described in this Notice, shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim.

**If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the applicable Bar Date. Any Entity that relies on the information in the Schedules bears responsibility for determining that its Claim is accurately listed therein. Moreover, Entities should verify the accuracy of the amount listed, if any, on the individualized proof of claim forms such Entities receive in the Bar Date Notice Package with the amount listed on the Schedules. Any Entity that relies on the amount listed on its individualized proof of claim form bears responsibility for determining that its Claim is accurately listed therein.**

## PROCEDURE FOR FILING PROOFS OF CLAIM

Original proofs of claim must be sent by mail to American Home Mortgage Claims Processing, P.O. Box 5076, FDR Station, New York, NY 10150-5076 or by overnight courier or hand delivery to EPIQ Bankruptcy Solutions, LLC, Attn: American Home Mortgage Claims Processing, 757 Third Avenue, 3rd Floor, New York, NY 10017, so as to be received **no later than 4:00 p.m., Eastern Time**, on the applicable Bar Date. *Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.* Proofs of claim will be deemed filed only when actually received by EPIQ. If you wish to receive acknowledgement of EPIQ's receipt of your proof of claim, you must also submit by the applicable Bar Date and concurrently with submitting your original proof of claim, (a) a copy of your original proof of claim and (b) a self-addressed, stamped return envelope.

Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d), including an original or a copy of any written document that forms the basis of the Claim or, for secured Claims, evidence that the alleged security interest has been perfected. However, upon the advance express written consent of the Debtors, a claimant's proof of claim may be filed without the documents required by Bankruptcy Rules 3001(c) and 3001(d); provided, however, that any claimant that receives such a written consent will be required to transmit these documents in support of its Claim to EPIQ, the Debtors or other parties in interest within ten (10) days after the date of a written request for such documents.

## ADDITIONAL INFORMATION

You may be listed as the holder of a claim against the Debtors in the Schedules. If you hold or assert a claim that is not listed in the Schedules or if you disagree with the amount or priority of your claim as listed in the Schedules, or your claim is listed in the Schedules as contingent, unliquidated, or disputed, you must file a proof of claim. Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801. In addition, copies of the Debtors' Schedules and Bar Date Order may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website. **Copies of the Schedules and the Bar Date Order are also available free of charge to you on EPIQ's dedicated web page related to these cases (http://chapter11.epiqsystems.com -- click on "American Home Mortgage").**

Questions concerning the contents of this Notice and requests for proofs of claim should be directed to EPIQ at (866) 493-7277 between the hours of 9:00 a.m. and 6:00 p.m. (Eastern Time), Monday through Friday. Please note that EPIQ's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

| | |
|---|---|
| Dated: October 31, 2007<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Counsel to the Debtors and Debtors in Possession |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :
                                                                 : Chapter 11
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,[1]               : Case No. 07-11047 (CSS)
                                                                 :
      Debtors.                                                   : Jointly Administered
                                                                 :
---------------------------------------------------------------- x

**NOTICE OF ENTRY OF ORDER PURSUANT TO SECTIONS 105(a), 363, 364, 365, AND 503(b) OF THE BANKRUPTCY CODE AND RULES 2002, 4001, 6004, 6006, 7062, 9007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) APPROVING REVISED PROCEDURES FOR THE SALE OF THE DEBTORS' MORTGAGE SERVICING BUSINESS; (B) APPROVING CERTAIN PROTECTIONS FOR THE STALKING HORSE BIDDER IN SUCH SALE; (C) DIRECTING THAT CERTAIN NOTICES OF SUCH SALE AND DEADLINE BE GIVEN; AND (D) AUTHORIZING, ON AN INTERIM BASIS, THE DEBTORS TO GRANT CERTAIN LIENS AND OTHER PROTECTIONS FOR THE PURCHASER'S COLLATERAL EFFECTIVE AFTER THE INITIAL CLOSING**

PLEASE TAKE NOTICE that the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has entered an order dated September 25, 2007 (the "Sale Procedures Order"), in the above-captioned chapter 11 cases at Docket Number 937, granting the motion (the "Motion") of the debtors in the above-captioned cases (the "Debtors") and providing for the following relief:

**1. Approving procedures for the auction and sale of the Debtors' mortgage servicing business (the "Servicing Business")** – The bid deadline is currently scheduled for October 2, 2007 at 4:00 p.m. (Eastern Time); the auction is scheduled for October 5, 2007 at 10:00 a.m. Eastern Time; and a hearing to approve the winning bidder at the auction as the purchaser of the Servicing Business is scheduled for October 9, 2007 at 2:30 p.m. (Eastern Time) (the "Sale Hearing"). These dates may be changed pursuant to the Sale Procedures Order without further notice to you.

**2. Approving AH Mortgage Acquisition Co. Inc. (the "Purchaser") as the "stalking horse" bidder in the Auction** - Purchaser has entered into a binding Asset Purchase Agreement (the "APA") to acquire the Servicing Business[2] if it is selected as the winning bidder pursuant to the procedures set forth in the Sale Procedures Order. If the Purchaser is the winning bidder, and the sale of the Servicing Business pursuant to the APA is approved by the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., ("AHM Investment") a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., ("AHM Corp.") a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Sale Procedures Order.

Bankruptcy Court, the Court may enter an order (the "Sale Approval Order") authorizing, among other things, the (a) sale of the assets and property of the Servicing Business to the Purchaser pursuant to sections 105 and 363 of the Bankruptcy Code free and clear of liens, claims, encumbrances, and other interests, including liens, claims, or interests that you may hold; and (b) the assignment by certain of the Debtors of certain contracts or other agreements, including certain residential mortgage servicing agreements, pursuant to sections 105, 363, and 365 of the Bankruptcy Code, including contracts or other agreements to which you may be a party. If you believe you (i) have a lien, claim or interest with respect to the assets and property of the Servicing Business, (ii) are a party to an affected contract or agreement with the Debtors, or (iii) have rights that might otherwise be affected by the Sale Approval Order, you are advised to obtain a copy of the Motion, the APA and its schedules and exhibits (one of which exhibits is the proposed form of the Sale Approval Order), review these documents carefully, and consult with your counsel regarding your rights.

3. Through the Sale Procedures Order, the Debtors were authorized on an interim basis, pursuant to section 364 of the Bankruptcy Code and Bankruptcy Rule 4001, to grant the Purchaser, its designee or other Successful Bidder a valid, binding enforceable and perfected (a) first priority security interest in and lien on all the Purchaser's Collateral that is not encumbered by a Permitted Lien or a lien with respect to any Financing; and (b) security interest in and lien on the Purchaser's Collateral that is immediately junior to any Permitted Lien or a lien with respect to any Financing; provided, however, that the granting of such security interest in and lien is subject to and conditioned upon (i) the Purchaser being selected as the Successful Bidder at the Auction; (ii) entry of the Sale Approval Order approving the Sale of the Servicing Business to the Purchaser pursuant to the terms of the APA; (iii) payment of the Purchase Price; and (iv) the occurrence of the Initial Closing. Final approval of the foregoing grant of security interests and liens is scheduled to be heard at the Sale Hearing.

4. Pursuant to the authority provided in the Sale Approval Order, the Debtors are seeking to assume and assign certain of their unexpired leases, license agreements, and executory contracts (collectively, the "Assumed Contracts") to the Purchaser. If you are a non-Debtor party to an Assumed Contract, you were previously served with notice of the Debtors' proposed cure amount. The Debtors' books and records reflect that postpetition amounts owing under the Assumed Contracts have been paid and will continue to be paid in the ordinary course of its business through and including the date of entry of the Sale Approval Order. Accordingly, the Sale Approval Order will establish the amount of the cure claims for the Assumed Contracts through the date of entry of the Sale Approval Order.

**5. If you are a party in interest and wish to obtain copies of the Sale Procedures Order, the APA, the Sale Approval Order, or any related documents, you can obtain them free of charge by calling Debbie Laskin of Young Conaway Stargatt & Taylor, LLP, counsel to the Debtors at (302) 571-6600 or by sending an email to Dlaskin@ycst.com.**

Dated: September 26, 2007
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
Counsel for the Debtors and Debtors-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x  Chapter 11
In re:                                                       :
                                                             :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                       :
HOLDINGS, INC., a Delaware corporation, et al.,              :  Jointly Administered
                                                             :
                                          Debtors.¹          :  **Objection Deadline: September 9, 2008 at 4:00 p.m. (ET)**
                                                             :  **Hearing Date: September 15, 2008 at 10:00 a.m. (ET)**
------------------------------------------------------------ x

## NOTICE OF HEARING TO CONSIDER
## THE ADEQUACY OF DISCLOSURE STATEMENT

**PLEASE TAKE NOTICE THAT** on August 15, 2008, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware *The Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008* (the "Plan") and the accompanying *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code With Respect to The Chapter 11 Plan of Liquidation of the Debtors Dated as of August 15, 2008* (the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors intend to present the Disclosure Statement, and any changes or modifications thereto, for approval at a hearing before the Honorable Christopher S. Sontchi on **September 15, 2008 at 10:00 a.m. (ET)** convened at the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), 824 N. Market Street, Wilmington, Delaware 19801 (the "Disclosure Statement Hearing"). The Disclosure Statement may be amended at any time prior to or at the Disclosure Statement Hearing, and the Disclosure Statement Hearing may be adjourned from time to time without further notice, except for the announcement of the adjourned date(s) at the Disclosure Statement Hearing or any continued hearing(s).

**PLEASE TAKE FURTHER NOTICE THAT** objections, if any, to approval of the Disclosure Statement must be in writing and must: (a) state the name and address of the objector or entity proposing a modification to the Disclosure Statement and the amount of its claim or nature of its interest in the Debtors' chapter 11 cases; (b) specify the basis and nature of any objection and set forth the proposed modification to the Disclosure Statement, together with suggested language; (c) be filed with the clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 together with proof of service, *on or before 4:00 p.m. (prevailing Eastern Time) on September 9, 2008*; and (d) be served so as to be received on or before 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: James L. Patton and Robert S. Brady), counsel for the Debtors; (ii) Kroll Zolfo Cooper LLC, 900 Third Avenue, New York, New York 10022 (Attn.: Kevin Nystrom); (iii) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn.: Mark S. Indelicato and Mark T.

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

DB02:6842992.7                                                                                          066585.1001

Power) and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801 (Attn.: Bonnie Glantz Fatell), counsel for the Official Committee of Unsecured Creditors; and (iv) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox #35, Wilmington, Delaware 19801 (Attn.: Joseph J. McMahon).

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Plan and the Disclosure Statement may be obtained by parties in interest free of charge on Epiq Bankruptcy Solutions, LLC's dedicated webpage related to these cases (http://chapter11.epiqsystems.com – click on "American Home Mortgage"). Copies of the Plan and the Disclosure Statement are also available for inspection during regular business hours at the office of the clerk of the Bankruptcy Court, 3rd Floor, 824 N. Market Street, Wilmington, Delaware 19801. In addition, copies of the Plan and the Disclosure Statement may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

Dated: Wilmington, Delaware
August 15, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP
/s/ Patrick A. Jackson
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

2

GO BACK       Print This Document



# Appraisal Engagement Letter

| | |
|---|---|
| To: Kathleen Wilson (SHENANDOAH VALLEY APPRAISAL INC.*) | From: HomeGate Settlement Services |
| Address: , , | Contact Name: HOMEGATE AAPPRAISALS |
| Phone: | Phone #: 800-795-2377 |
| Fax: | Fax #: 800-301-8034 |
| Email Address: kassva@comcast.net | Email: appraisalorders@homegateservices.com |

### ORDER INFORMATION

Order Date: 29-Jun-2007 12:36:24

Due Date:

Lender/Client: 2638    *American Hme Mortgage -*

Loan Officer: Michelle Nuckols

Lender Address: 538 Broadhollow Rd Melville, 11747

Service Requested: 2055 Exterior 1 Unit (HP)

Fee: $325.00

### PROPERTY INFORMATION

Borrower: Timothy R Chandler

| | | |
|---|---|---|
| Street: TBD BUTTERMILK SPRINGS RD | Unit #: | |
| City: STAUNTON | State: VA | Zip: 24401 |
| Property Type: 1Family | | |

### PROPERTY ACCESS CONTACT INFORMATION

Name:
Phone #1:
Phone #2:
Access Notes:
Please note that the lender/client is NOT Homegate Settlement Services. PLEASE ALSO SEND AN INVOICE SEPARATELY FROM THE APPRAISAL REPORT acknowledging the fee that we have confirmed. Please also note that you are required to notify us with any valuation issues prior to the submission of this report.

### LOAN INFORMATION

| | |
|---|---|
| Loan Purpose: Cashout Refi | Loan #: 1810342 |
| Loan Type: | FHA #: |
| Occupancy Type: | P.O. #: |
| | |
| Estimated Value: $345,000.00 | Loan Amount: $273,500.00 |
| Purchase Price: $0.00 | LTV: 80 |
| CLTV: 80 | |

### INSTRUCTIONS

**Form and Attachments Required**: 2055 Exterior 1 Unit (HP)

# INVOICE

**FROM:**

Shenandoah Valley Appraisal, Inc.
P. O. Box 1018
Churchville, VA 24421

Telephone Number: 540-337-9837    Fax Number: 540-337-7401

**TO:**

Home Gate Settlement Solutions
538 Broadhollow Road
Melville, NY 11747

Telephone Number: (800) 795-2377  / disconnected
Alternate Number:          Fax Number:
                           E-Mail:

| INVOICE NUMBER | |
|---|---|
| 0707006 | |
| **DATE** | |
| 8/2/2007 | |

**REFERENCE**

| | |
|---|---|
| Internal Order #: | 0707006 |
| Lender Case #: | |
| Client File #: | Loan #1810342 |
| Main File # on form: | 0707006 |
| Other File # on form: | Loan #1810342 |
| Federal Tax ID: | |
| Employer ID: | |

## DESCRIPTION

Lender: American Home Mortgage/Homegate          Client: Home Gate Settlement Solutions
Purchaser/Borrower: Chandler, Timothy R.
Property Address: TBD Buttermilk Spring Road
City: Staunton
County: Augusta                     State: VA                Zip: 24401
Legal Description: La Grange, Pastures Magisterial District, Inst.#0008603

| FEES | AMOUNT |
|---|---|
| FOR APPRAISAL SERVICES RENDERED | 325.00 |
| 2055 Ext. | |
| uploaded 8/3/2007 | |
| Invoice - Home Gate Settlement Solutions - Loan #1810342 | |

Thank you for the opportunity to be of service.

|  | SUBTOTAL | 325.00 |
|---|---|---|
| **PAYMENTS** | | **AMOUNT** |