IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                                        :  Chapter 11
                                                              :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                        :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                            :
                                                              :  Jointly Administered
    Debtors.                                                  :
                                                              :  Response Deadline: January 6, 2009 at 4:00 p.m. (ET)
                                                              :  Hearing Date: January 13, 2009 at 11:00 a.m. (ET)
------------------------------------------------------------- x

### DEBTORS' TWENTY-SEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The above-captioned debtors and debtors in possession (the "Debtors") hereby object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed in Exhibits A, B, C, D, and E to the proposed form of order (the "Proposed Order") attached hereto as Exhibit VII,[2] pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and request the entry of an order disallowing and expunging in full or in part, reclassifying, reassigning, and/or otherwise modifying such Disputed Claims as described herein. In support of this Objection, the Debtors rely on the Declaration of Puneet Agrawal in Support of the Debtors' Twenty-Seventh Omnibus

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] The Debtors do not object to any claims listed on the exhibits to the Proposed Order that are identified as surviving claims, and the term "Disputed Claims" as used herein does not include such surviving claims.

DB02:7638396.1                                                                           066585.1001

(Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as <u>Exhibit I</u>. In further support, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 502(b), 506 and 507 of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 6, 2007 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>"). No trustee or examiner has been appointed.

## BAR DATE AND PROOFS OF CLAIM

5. On August 17, 2007, this Court entered an order appointing Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>") as claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database

containing, <u>inter alia</u>, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6. On October 30, 2007, this Court entered an order [Docket No. 1708] (the "<u>Bar Date Order</u>") establishing January 11, 2008 at 4:00 p.m. (ET) (the "<u>Bar Date</u>") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the <u>Dallas Morning Star</u>, the <u>Saint Louis Post-Dispatch</u> and the national edition of <u>The New York Times</u> on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

7. To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

## RELIEF REQUESTED

8. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing and expunging in full or in part, reclassifying, reassigning and/or otherwise modifying the Disputed Claims listed in <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, and <u>E</u> to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

### I. No Liability Claims

9. After reconciling each of the Disputed Claims and supporting materials against their books and records, which the Debtors believe to be accurate, the Debtors have determined that they are not liable with respect to the claims identified in Exhibit A to the Proposed Order (the "No Liability Claims"). Upon review of the No Liability Claims, the Debtors cannot justify these claims as valid. Consequently, the Debtors believe the No Liability Claims identified in Exhibit A should be disallowed and expunged in their entirety. Failure to disallow the No Liability Claims will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in this case. Accordingly, the Debtors hereby object to the No Liability Claims and request entry of an order disallowing and expunging in full each of the No Liability Claims identified in Exhibit A.

### II. Modified Amount Claims

10. The Debtors have reconciled the claims identified in Exhibit B to the Proposed Order (the "Modified Amount Claims") against their books and records. The claimants asserting the Modified Amount Claims either failed to assert claim amounts or asserted amounts that were higher than the amount of liability reflected in the Debtors' books and records. Consequently, the Debtors believe the amounts of the Modified Amount Claims identified under the column titled "Objectionable Claims" in Exhibit B should be modified by reducing or fixing the amounts to the dollar values listed under the column titled "Modified Amount" in Exhibit B. The Debtors believe Exhibit B contains the appropriate amounts of liability for each of the Modified Amount Claims. Accordingly, the Debtors hereby object to the Modified Amount Claims and request entry of an order reducing or fixing the value of the Modified Amount Claims as set forth in Exhibit B.

### IV. Reclassified Wrong Debtor Claims

11. The claimants asserting the claims identified in <u>Exhibit C</u> to the Proposed Order (the "<u>Reclassified Wrong Debtor Claims</u>") asserted that all or a portion of their claims were either secured or entitled to priority. After reconciling the Reclassified Wrong Debtor Claims against their books and records, the Debtors have determined that no basis for secured status or priority exists under sections 506 or 507 of the Bankruptcy Code. Additionally, the Debtors' books and records indicate that the claimants asserting the Reclassified Wrong Debtor Claims asserted their claims against the wrong Debtor entities. Consequently, the Debtors believe that the Reclassified Wrong Debtor Claims should be reclassified to the priority levels indicated in <u>Exhibit C</u> and reassigned to the case numbers listed under the column titled "New Case Number" in <u>Exhibit C</u>. Failure to reclassify the Reclassified Wrong Debtor Claims would allow the claimants to recover at an undue level of priority against the wrong Debtor entities. Accordingly, the Debtors request entry of an order reclassifying and reassigning the Reclassified Wrong Debtors Claims as indicated in <u>Exhibit C</u>.

### V. Modified Amount Wrong Debtor Claims

12. Similar to the Modified Amount Claims, the Debtors have reconciled the claims identified in <u>Exhibit D</u> to the Proposed Order (the "<u>Modified Amount Wrong Debtor Claims</u>") against their books and records. The claimants asserting the Modified Amount Wrong Debtor Claims either failed to assert a claim amount, or asserted an amount that was higher than the amount of liability reflected in the Debtors' books and records. Additionally, the Debtors' books and records indicate that the claimants asserting the Modified Amount Wrong Debtor Claims asserted their claims against the wrong Debtors. The Debtors' books and records, which the Debtors believe to be accurate, show that the Modified Amount Wrong Debtor Claims should be (i) modified by reducing or fixing the amounts to the dollar values listed under the column

titled "Modified Amount" in Exhibit D, and (ii) reassigned to the case numbers listed under the column titled "New Case Number" in Exhibit D. Accordingly, the Debtors hereby object to the Modified Amount Wrong Debtor Claims and request entry of an order modifying and reassigning the Modified Amount Wrong Debtor Claims as indicated in Exhibit D.

### VI. Insufficient Documentation Claims

13. The claims listed in Exhibit E to the Proposed Order (the "Insufficient Documentation Claims") were submitted without sufficient documentation or alleged facts to support the asserted claims. The Insufficient Documentation Claims all have some documentation attached, but such documentation is not adequate to allow the Debtors to determine (i) whether they are liable for the alleged claim and/or (ii) the amount of the alleged claim.[3] To comply with the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is *prima facie* valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure." In re Planet Hollywood Int'l, 247 B.R. 391, 395 (Bankr. D. Del. 2001). The claimants asserting the Insufficient Documentation Claims failed to allege facts sufficient to support their claims and/or facts sufficient to determine the appropriate amount of their claims. Therefore their claims are not *prima facie* valid. See in re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid."). Because the Insufficient Documentation Claims are not *prima facie* valid, the Debtors hereby object to them and request that an order be entered disallowing in full and expunging each of the Insufficient Documentation Claims.

---

[3]   Local Rule 3007-1(d)(vi) provides that a debtor may object on a non-substantive basis to "claim[s] without any supporting documents attached thereto." However, if a claimant attaches any supporting documents to a claim, regardless of the contents of such documents, a debtor may only object to such claim on a substantive basis.

## RESERVATION OF RIGHTS

14. To the extent any basis for substantive objection to any of the Disputed Claims is not explicitly discussed herein, the Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases or any other claims (filed or not) against the Debtors. The Debtors also reserve all rights, defenses and counterclaims related to the Disputed Claims. Furthermore, the Debtors reserve their rights to argue that (i) they are not liable under any theory of law for all or part of the amounts asserted in any of the Disputed Claims, (ii) the Debtors' books and records reflect a different amount of liability or no liability with respect to any of the Disputed Claims, (iii) all or part of any of the Disputed Claims should be reclassified to a different priority level, or (iv) the documentation attached to any of the Disputed Claims is insufficient to allow the Debtors to determine the extent of their liability, if any.

## NOTICE

15. The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to Bank of America, N.A., as administrative agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the Debtors' postpetition lender; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

16. The Debtors have also provided an individualized notice, in the forms attached hereto as Exhibits II, III, IV, V, and VI to each of the claimants identified respectively in Exhibits A, B, C, D, and E to the Proposed Order. Each claimant's notice lists the claimant's name and address, the basis for the Debtors' objection, the number and amount of their claim that is covered by this Objection, and any other information relevant to the Debtors' objection.

Because <u>Exhibits II</u>, <u>III</u>, <u>IV</u>, <u>V</u>, and <u>VI</u> hereto and <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, and <u>E</u> to the Proposed Order are voluminous, the Debtors have omitted them from the copies of the Objection served on the claimants who asserted the Disputed Claims. All pertinent information regarding each claimant's Disputed Claim is included in that claimant's respective individualized notice. However, to the extent a claimant wishes to receive a copy of <u>Exhibits II</u>, <u>III</u>, <u>IV</u>, <u>V</u>, and <u>VI</u> hereto or <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, and <u>E</u> to the Proposed Order, such claimant may submit an email request to Debbie Laskin at dlaskin@ycst.com. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit VII</u>, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: December 12, 2008
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Edward J. Kosmowski (No. 3849)
Margaret B. Whiteman (No. 4652)
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession