**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | **Hearing Date: January 13, 2008 at 11:00 a.m. (ET)**<br>**Objection Deadline: January 5, 2008 at 4:00 p.m. (ET)** |

**MOTION OF THE DEBTORS FOR THE ENTRY OF AN ORDER APPROVING THE SECOND STIPULATION BY AND AMONG THE DEBTORS, CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS OF THE DEBTORS, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, TO ENFORCE INSURANCE POLICY IN FAVOR OF INSURED PERSONS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[1] hereby move this Court (this "Motion") for entry of an order approving the second stipulation ("Second Stipulation")[2] by and among certain present and former directors, officers, and employees of the Debtors (together with all other present and former directors, officers and employees of any of the Debtors who are now, or in the future, named or otherwise required to incur legal and related expenses covered by the Insurance Policies, the "Insured Persons"), the Debtors, and the Official Committee of Unsecured Creditors (the "Creditors Committee") granting relief from the automatic stay, to enforce the Insured Persons' rights to receive payments of insurance policy proceeds up to an additional $5.0 million in the aggregate for all

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] All terms not otherwise defined herein shall be given the meanings ascribed to them in the Stipulation.

Insured Persons pursuant to the Debtors' primary directors, officers and corporate liability insurance policy ("Primary Insurance Policy") with American International Group, Inc., National Union Fire Insurance Company of Pittsburgh, Pa. (the "Primary Insurer"). A copy of the Second Stipulation is attached as Exhibit 1 to the Order annexed hereto.

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1134. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2). The basis for the relief requested herein is sections 105(a), 363(b)(1) and 503(c)(3) of the Bankruptcy Code.

## GENERAL BACKGROUND

2. On August 7, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of title 11, United States Code (the "Bankruptcy Code").

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Creditors Committee. On October 21, 2008, the U.S. Trustee appointed an Official Committee of Borrowers (the "Borrowers Committee").

5. No trustee or examiner has been appointed.

## THE ACTIONS

6. In the weeks leading up to the filing of these cases, primarily as a result of a perfect storm of chaos throughout the credit markets, the Debtors' fortunes took a drastic turn

for the worse, which culminated in the filing of these bankruptcy cases. Because of this downturn in their businesses, approximately nineteen (19) complaints commencing securities class action lawsuits were filed in the days preceding and following the Petition Date. Certain of these complaints named the Insured Persons as defendants. In connection with these matters and other actions covered by the Insurance Policies, Insured Persons have made and likely will continue to make demands under the Primary Insurance Policy to advance defense costs to them.

**THE INSURANCE POLICIES**

7. Prior to the Petition Date, the Debtors purchased: (i) the Primary Insurance Policy, which provides up to $10 million in coverage, (ii) three excess insurance policies, providing an additional $30 million in coverage, specifically for the benefit of the Debtors and the Insured Persons, and (iii) one excess insurance policy, providing an additional $10 million coverage for the benefit of the Insured Persons. Under these policies, the Insured Persons are entitled to have certain legal fees and expenses incurred by the Insured Persons in the defense of actions covered by the policies advanced to them, subject to the insurance providers' right to be repaid to the extent any person is not entitled to such payment under the policies.

8. Subsequent to the Petition Date, the Debtors were advised that the Primary Insurer was prepared to advance defense costs to the Insured Persons. However, they were also advised that the Primary Insurer would not risk exposing itself to liability for violating the automatic stay by extending coverage, in the event it is determined that the Insurance Proceeds are property of the estates.

9. Accordingly, on February 27, 2008, the Debtors filed the *Motion of the Debtors for the Entry of an Order Approving the Second Stipulation By and Among the Debtors, Certain Current and Former Directors and Officers of the Debtors, and the Official Committee*

*of Unsecured Creditors for an Order Granting Relief From the Automatic Stay, to Enforce Insurance Policy In Favor of Insured Persons* [Docket No. 3107] (the "First D&O Motion"). On April 13, 2008, the Court entered its Order [Docket No. 3520] (the "First D&O Order") approving the First D&O Motion. Pursuant to the First D&O Order, the Court approved a stipulation (the "First Stipulation") entered into by and between the Debtors, the Committee, the Primary Insurer, and the Insured Persons, enforcing the Insured Persons' rights to receive payments of insurance policy proceeds up to an $5.0 million in the aggregate for all Insured Persons pursuant to the Debtors' primary directors, officers and corporate liability insurance policy.

10. At this time however, the defense costs incurred by the Insured Persons in connection with the Actions and Other Actions have exceeded the $5.0 million authorized under the First Stipulation.

11. Therefore, the parties have entered into the Second Stipulation requesting relief from the automatic stay, to the extent the stay applies, to enforce the Insured Persons' rights and/or receive payments of Defense Costs (as that term is defined in the Primary Insurance Policy) under the Primary Insurance Policy, up to an additional $5.0 million in the aggregate for all Insured Persons. As such, the Insured Persons will be able to access up to an additional $5.0, and because of the approval of the First Stipulation, a total of $10.0 million of coverage, out of the $50.0 million in coverage available under the Debtors' various directors, officers and corporate liability policies.

12. The Debtors submit that the resolution embodied in the Second Stipulation adequately protects the rights of the Insured Persons, while at the same time protecting the creditors of the Debtors' estates. Accordingly, the Debtors believe that the Second Stipulation is

a fair, reasonable and appropriate manner in which to apportion the Insurance Proceeds at this time.

**RELIEF REQUESTED**

13. By this Motion, the Debtors request entry of an order approving the Second Stipulation.

**BASIS FOR THE RELIEF REQUESTED**

14. Section 362(a) of the Bankruptcy Code provides that the commencement of a bankruptcy case operates as an "automatic stay" of any act to obtain property of the debtor's estate. 11 U.S.C. § 362(a). Section 541 of the Bankruptcy Code provides that a debtor's estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

15. In In re Allied Digital Technologies Corp., 306 B.R. 505 (Bankr. D. Del. 2004) the court considered whether and to what extent the proceeds of directors and officers insurance policies constitute property of the estate. In conducting this analysis, the court explained that there are essentially three types of insurance policies that a corporation may purchase. The insurance policy may provide direct, unsubordinated coverage to the debtor corporation. In these instances, the court stated that the proceeds of the policy are clearly property of the estate. Allied, 306 B.R. at 512. Alternatively, the insurance policy may provide direct coverage solely to the directors and officers; providing only indemnification coverage to the debtor. In these instances, the court stated that the proceeds of the policy are not property of the estate. Id. Lastly, and in between these extremes, are insurance policies in which coverage exits for the directors and officers, as well as the debtor. In this instance, the court stated that, "the proceeds will be property of the estate if depletion of the proceeds would have an adverse

effect on the estate to the extent the policy actually protects the estate's other assets from diminution." Id.

16. Assuming insurance proceeds are property of the estate, section 362(d) of the Bankruptcy Code provides, in relevant part, as follows:

> (d) on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> > (1) for cause, including lack of adequate protection of an interest in property;

11 U.S.C. § 362(d). The policy at issue in Allied provided direct coverage to directors and officers, and limited coverage to the debtor for indemnification for amounts paid to defendants. Allied, 306 B.R. at 513. Under those circumstances, the court held that the proceeds of the policies were not property of the estate, but that, even if they were, cause existed to grant relief from the stay to permit payment to the directors and officers. Id. The court went on to state that, "[I]t is not uncommon for courts to grant stay relief to allow payment of defense costs or settlement costs to directors and officers. ..." Id. Finally, the court explained that, "[W]ithout funding, the Individual Defendants will be prevented from conducting a meaningful defense to the Trustee's claims and may suffer substantial and irreparable harm. The directors and officers bargained for this coverage." Id. at 515.

17. In In re Arter & Hadden L.L.P., the insurance policy at issue covered the debtor, as well as certain of the debtor's officers and employees, who demanded coverage. Arter, 335 B.R. 666 (Bankr. N.D. Ohio 2005). The Bankruptcy Court for the Northern District of Ohio held that the proceeds were property of the estate. Arter, 335 B.R. at 674. However, it found that there was "cause to lift the automatic stay because the Executive and Management

Committee members may suffer substantial and irreparable harm if prevented from exercising their rights to defense payments to fund their defense of the Trustee's Complaint." Id.

18. In these cases, the Debtors have determined in their business judgment, that the benefit to the estates from distributing the proceeds of the Insurance Policies on an ongoing basis on the terms and conditions set forth in the Second Stipulation warrant lifting the automatic stay, to the extent it may apply, without determining whether or to what extent the proceeds of the policies may constitute property of the estates. Indeed, if such relief is not granted, and the Insured Persons do not receive access to the proceeds of the Insurance Policies, they may face irreparable harm. The Parties believe that the negotiated Second Stipulation is fair, reasonable and in the best interests of the Debtors, their creditors and their estates. See In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998); see also Cosoff v. Rodman (In re W. T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983) (stating that the court should only reject negotiated compromise where it falls "below the lowest point in the range of reasonableness").

19. Accordingly, the Debtors request that the Court enter an Order approving the Second Stipulation.

**NOTICE**

20. Notice of this Motion will be provided to: (i) the Trustee; (ii) counsel to the Creditors Committee; (iii) counsel to the Borrowers Committee; (iv) counsel to Bank of America; (v) counsel to the Agent for the Debtors' Postpetition Lender; (vi) the Insured Persons identified in the Second Stipulation; (vii) the Primary Insurer; and (viii) all parties entitled to notice under Del. Bankr. LR 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

21. No previous motion for the relief sought herein has been made to this or another Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
December 15, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession