EXHIBIT A

RETENTION AFFIDAVIT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :   Jointly Administered
                                                                 :
                        Debtors.                                 :
---------------------------------------------------------------- x

### AFFIDAVIT IN SUPPORT OF EMPLOYMENT OF SHAPIRO & BURSON, LLP AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS

STATE OF VIRGINIA         )
                          ) ss:
COUNTY OF FAIRFAX         )

**JOHN S. BURSON,** being duly sworn, deposes and says:

1. I am the managing partner of the firm **SHAPIRO & BURSON, LLP** (the "Firm"), which has been employed by the debtors and debtors in possession in the above-captioned cases (collectively the "Debtors") in the ordinary course of their business. The Debtors wish to retain the Firm to continue providing such ordinary-course services during their chapter 11 cases. This Affidavit is submitted in compliance with the Order Approving the Motion Pursuant to Sections 105(a), 327 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business (the "Ordinary Course Professionals Order").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

2. Prior to the filing of the petitions which initiated the above-captioned chapter 11 cases, the Firm represented and advised the Debtors as Attorneys with respect to a broad range of aspects of the Debtor's business, including representation with regard to foreclosure of loans and related bankruptcy matters. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a postpetition basis during the course of these chapter 11 cases.

3. Neither I, the Firm, nor any member, counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or stockholders, or any party in interest herein, with respect to the matters upon which it is to be represented.

4. The Firm does not represent or hold any interest adverse to the Debtors or their estates with respect to the engagement for which we are to be retained.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the Firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Bankruptcy Rule 2014(a) from counsel to the Debtors for the purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. There are no matters where the Firm represents an entity that is adverse to the Debtors or in connection with the Chapter 11 cases and the Firm will not represent any entity against the Debtors or in connection with the Chapter 11 cases.

6. The Firm intends to apply for compensation for professional services rendered in connection with these chapter 11 cases directly to the Debtors, in accordance with

2

the Ordinary Course Professionals Order, with such application to request compensation for services based on the hourly rates set forth below, plus reimbursement of actual necessary expenses and other charges incurred by the Firm. The principal attorneys and paralegals designated to represent the Debtors and their current standard rates are flat fees for services based upon schedules provided by Debtor, or if none, according to standard HUD/FNMA flat fee schedules.

7. The rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Such rates are the Firm's standard rates for work of this nature. The rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, foreclosure attorney's fees and costs, title work, bankruptcy attorney's fees and court filing charges and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

8. Prior to the filing of the above-captioned cases, the Firm was employed by the Debtors. As of the Petition Date, the Debtors owed the Firm $2614.58 in connection with professional services rendered to the Debtors (the "Prepetition Fees"). If the Firm's employment is authorized pursuant to the Ordinary Course Professionals Order, the Firm will not waive the Prepetition Fees.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and other parties in interest in these chapter 11 cases, and upon

conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

10. Except as provided in the Ordinary Course Professionals Order, no representations or promises have been received by the Firm nor by any member, counsel, or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

WHEREFORE, affiant respectfully submits this Affidavit in Support of Employment of Shapiro & Burson, LLP as a Professional Utilized in the Ordinary Course of Business.

John S. Burson
Managing Partner
Shapiro & Burson, LLP
13135 Lee Jackson Highway, Suite 201
Fairfax, VA 22033

SUBSCRIBED AND SWORN TO
before me this 4th day of December, 2008.

Notary Public

*[Notary seal: DIANE S. McCANN, COMMONWEALTH OF VIRGINIA, COMMISSION # 301193, 08-31-2009, NOTARY PUBLIC]*