IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X     Chapter 11
In re

AMERICAN HOME MORTGAGE
HOLDINGS, INC., *et al.*,

Case No. 07-11047 (CSS)
(Jointly Administered)

                             Debtors.
------------------------------------------------------------X

## STIPULATION FOR JOINT PROSECUTION OF CLAIMS AND DEFENSE OF CLAIMS BY AND AGAINST JPMORGAN CHASE BANK, N.A.

This stipulation is entered into by and between American Home Mortgage Holdings, Inc., *et al.*, (collectively, the "**Debtors**") and the Official Committee of Unsecured Creditors of American Home Mortgage Holdings, Inc., *et al.*, (the "**Committee**") with reference to the following:

       1.       On or about January 24, 2006, the Debtors entered into that certain "1/06 Senior Secured Credit Agreement" (the "1/06 Credit Agreement") with JPMorgan Chase Bank, N.A. ("JPMorgan) as administrative agent and sole lender, pursuant to which JPMorgan provided a revolving line of credit to the Debtors to be secured by mortgage loans that were originated and/or owned by the Debtors. Since the execution of the 1/06 Credit Agreement, the parties amended it four separate times. (The 1/06 Credit Agreement as amended by the parties is hereinafter referred to as the "Amended Credit Agreement"). Among others, JPMorgan has filed claims numbered 8262 and 8258 against American Home Mortgage Investment Corp. and American Home Mortgage Corp., respectively, asserting secured and unsecured claims for amounts owing as of the petition date under the Amended Credit Agreement. JPMorgan asserts that such claims are secured by certain mortgage loans (the "Collateral Loans") pledged by the Debtors in the Amended Credit Agreement.

2. Both before and after the filing of these chapter 11 cases certain of the Collateral Loans went into default. In many instances, the Debtors as the owners and servicers of the Collateral Loans purported to exercise remedies in connection with the Collateral Loans that went into default and, as a result, assert that they have acquired title to certain parcels of real property (the "REO Properties") that secured the Collateral Loans.

3. The Committee and the Debtors, on the one hand, and JPMorgan, on the other hand, have asserted claims in connection with, among other things, the REO Properties and the proceeds thereof, including without limitation, causes of action relating to the existence, validity, perfection and enforceability of any security interest of JPMorgan and causes of action pursuant to sections 506, 547, 549 and 550 of the Bankruptcy Code (collectively the "Claims").

4. The Debtors have filed the Amended Chapter 11 Plan of Liquidation Dates as of November 25, 2008 (the "Plan") and related disclosure statement. Hearing on confirmation of the Plan is scheduled for January 28, 2009. Pursuant to the Plan, any causes of action belonging to the Debtors' estates, including the estates' Claims, shall be transferred to a liquidating trust for disposition in accordance with the terms of the Plan.

5. Because it is possible, if not likely, that the Claims will not be resolved prior to confirmation of the Plan, and in order to insure continuity in connection with the prosecution and defense of the Claims, the Debtors and the Committee desire to jointly prosecute and defend the Claims as joint representatives of the Debtors' estates.

Now, therefore, based on the foregoing, the Debtors and the Committee stipulate and agree that the Debtors and the Committee shall jointly prosecute and defend against the Claims as the representatives of the Debtors' estates. The Debtors and the Committee further agree to cooperate in the prosecution and defense of the Claims to avoid duplication of effort, discovery and other matters that may arise from time to time in the prosecution of the Claims. Nothing herein is, or shall be deemed to be, a waiver of any Claims or defenses of any party,

including, without limitation JPMorgan, whether related to the prosecution or defense of the Claims or otherwise.

*[Remainder of Page Intentionally Left Blank]*

DB02:7422730.4	066585.1001

STIPULATED AND AGREED:

Dated: _____, 2008
Wilmington, Delaware

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By_____
Ian C. Bifferato (#3273)
Garvan F. McDaniel (#4167)
Bifferato Gentilotti, LLC
800 N. King Street
Wilmington, DE 19801
Telephone: (302) 429-1900

*Proposed Special Counsel*

-and-

Michael A. Morris
Hennigan Bennett & Dorman
865 South Figueroa Street
Suite 2900
Los Angelos, California 90017
Telephone: (213) 694-1200

*Special Conflicts Counsel*

Dated: Dec. 19, 2008
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
John T. Dorsey (No. 2988)
Erin Edwards (No. 4392)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6600

*Counsel to the Debtors*

SO ORDERED this 22nd day of December 2008

_____
The Honorable Christopher S. Sontchi

DB02:7422730.4

066585.1001