IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware<br>Corporation, et al.,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 07-11047 (CSS)<br>)<br>) Jointly Administered<br>)<br>) Hearing Date: January 27, 2009 @ 10:00 a.m. (EST)<br>) Objection Deadline: January 12, 2009 @ 4:00 p.m. (EST) |

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF
BIFFERATO GENTILOTTI LLC, AS SPECIAL CONFLICTS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS *NUNC PRO TUNC* AS OF SEPTEMBER 26, 2008[2]**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") herby submits this application (the "Application") for entry of an order in substantially the form attached hereto as Exhibit A, pursuant to sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Committee to retain and Bifferato Gentilotti LLC ("BG"), as special Delaware conflicts counsel to the Committee in these chapter 11 cases *nunc pro tunc* to September 26, 2008. In support of this Application, the Committee relies on the Bifferato Declaration (as defined herein), filed concurrently herewith. In further support of this Application, the Committee respectfully represents and states as follows:

---

[1] The Debtors are the following entities: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

[2] BG's request for retention *nunc pro tunc* as of September 26, 2008 was delayed getting to this court because of difficulty obtaining signatures on the Application.

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2. On August 6, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On August 14, 2007, the United States Trustee for the District of Delaware, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these chapter 11 cases. Pursuant to the First Amended Notice of Appointment of Committee of Unsecured Creditors, dated December 7, 2007, the current members of the Committee are: (a) Wilmington Trust Company; (b) Law Debenture Trust Company of New York; (c) Deutsche Bank National Trust Co.; (d) Nomura Credit & Capital, Inc.; (e) Impac Funding Corporation; (f) Waldners Business Environments, Inc.; and (g) United Parcel Service.

4. Certain of the Debtors are parties to that certain pre-petition Second Amended and Restated Credit Agreement dated as of August 10, 2006 (the "Pre-Petition Credit Agreement") under which Bank of America, N.A. ("BofA"), acts as administrative agent for itself and certain lenders, including, among others, JPMorgan Chase ("JPMorgan") (collectively, the "Pre-Petition Secured Lenders"). As of the Petition Date, the Debtors allege that they were indebted to the

Pre-Petition Secured Lenders under the Pre-Petition Credit Agreement in the aggregate principal amount of approximately $1,104,550,000. Pursuant to a Security Agreement dated as of August 30, 2004, as amended, modified, supplemented, ratified, and restated from time to time, BofA, for the ratable benefit of the Pre-Petition Secured Lenders, asserts first priority security interests in and liens upon certain of the Debtors' assets.

5. On August 27, 2007, this Court entered the Interim Order (I) Authorizing Debtors' Limited Use of Cash Collateral, (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001 [Docket No. 68] (the "Interim Cash Collateral Order"), pursuant to which the Debtors were authorized to use the cash collateral pledged to BofA (in its capacity as Administrative Agent for the Pre-Petition Credit Agreement) for the ratable benefit of the Pre-Petition Secured Lenders for the operations of the Debtors' servicing business until September 5, 2007. On September 4, 2007, this Court entered the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties [Docket No. 554] (as subsequently amended by the First Final Stipulation and Order Extending Limited Use of Cash Collateral Pursuant to the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties [Docket No. 2002], the Stipulation and Order Regarding the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties [Docket No. 2284], the Second Stipulation and Order Regarding the Final Order (1) Authorizing Debtors' Limited Use of Cash Collateral and (II), Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties [Docket

No. 2855], the Third Stipulation and Order Regarding the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties [Docket No. 3142] and the Fourth Stipulation and Order Regarding the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties [Docket No. 3172], the Fifth Stipulation and Order Regarding the Final Order (I) Authorizing Debtors' Limited Use of Cash Collateral and (II) Granting Replacement Liens and Adequate Protection to Certain Pre-Petition Secured Parties [Docket No. 3264], the "Final Cash Collateral Order"), pursuant to which the Debtors were authorized to use such cash collateral for the operation of their servicing business.

6.  Pursuant to the Final Cash Collateral Order, the Committee retained the right to investigate the extent, validity and priority of BofA's asserted security interests in the Debtors' assets (the "BofA Investigation"), which right, pursuant to the Final Cash Collateral Order, as extended by agreement between the Committee and BofA, expires on March 23, 2008.

7.  On December 22, 2007, the Debtors filed the "Motion Of The Debtors For Orders: (A)(I) Approving Sale Procedures; (II) Approving Payment Of Expense Reimbursement; (III) Scheduling A Hearing To Consider Sale Of Certain Non-Performing Loans; (IV) Approving Form And Manner Of Notice Thereof; And (V) Granting Related Relief; And (B)(I) Authorizing The Sale Of Non-Performing Loans Free And Clear Of Liens, Claims, Encumbrances And Other Interests; (II) Authorizing And Approving Sale Agreement Thereto; (III) Authorizing The Distribution of The Proceeds; And (IV) Granting Related Relief" [Docket No. 2490] (the "Sale Motion"). The Sale Motion sought to establish procedures for the sale of certain non-performing loans that were the property of the Debtors' estates including the distribution of proceeds,

following the closing of such sale, to, among other of the Debtors' creditors, BofA. On February 1, 2008, this Court entered the "Order Pursuant To Sections 105 And 363 Of The Bankruptcy Code: (I) Approving Sale Procedures; (II) Approving Expense Reimbursement; (III)Scheduling A Hearing To Consider Sale Of Certain Non-Performing Loans; (IV) Approving Form And Manner Of Notice Thereof; And (V) Granting Related Relief" [Docket No. 2858] (the "Sale Procedures Order"). Thereafter, on or about February 15, 2008, the Debtors filed and served their "Notice of Modified Bid Deadlines and Sale Related Dates," which, as permitted by the Sale Procedures Order, extended certain deadlines relating to the proposed sale of assets and the hearing to consider approval of that sale. At the time the law firm of Hennigan, Bennett & Dorman LLP ("HBD") was contacted regarding serving as special conflicts counsel to the Committee in these chapter 11 cases, the Debtors were expecting to receive final bids on March 11, 2008, and the hearing to consider the proposed sale of certain non-performing loans that were the property of the Debtors' estates was scheduled for March 13, 2008.[2]

8. HBD's retention was approved by this Court on May 1, 2008.

9. HBD has requested that BG act as its Delaware Counsel in its role as special conflicts counsel.

### RELIEF REQUESTED

10. By this Application, the Committee seeks the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, to retain and employ BG (a) as special conflicts counsel in certain matters, as described more fully below, related to representing the Committee's interests in connection with any matter in which the Committee may be adverse to BofA and/or JPMorgan,

---

[2] On March 10, 2008, HBD, on behalf of the Committee, filed a limited objection to the proposed sale [Docket No. 3211] and was thereafter involved (prior to and during the March 13 hearing) in the consensual resolution of all issues raised in such objection.

including any matter relating to the Debtors' use of BofA's cash collateral, the BofA Investigation or any contested matter or adversary proceeding in which the Committee is adverse to BofA; any contested matter or adversary proceeding in which the Committee is adverse to JPMorgan; and (b) to perform all other necessary or appropriate legal services in connection with these chapter 11 cases as the Committee may so request. Because of the need to retain Delaware special conflicts counsel to be in compliance with local rules and procedures, the Committee requests authority to retain BG immediately.

## FACTS RELEVANT TO THE RELIEF REQUESTED

11. When it became apparent that a consensual resolution with BofA was not forthcoming in advance of the expiration of the time in which the Committee had to conclude the BofA Investigation, the Committee decided to retain HBD as its special conflicts counsel in order to avoid any issues with respect to actual or potential conflicts of interest arising from the fact, as previously disclosed, that BofA and certain of its affiliates are a client of the Committee's bankruptcy counsel. Due to certain existing relationships, the Committee's principal bankruptcy counsel cannot assert claims against or otherwise be directly adverse to BofA or JPMorgan in any contested matter or adversary proceeding. HBD in turn and the Committee has approved the selection of BG as its Delaware conflicts counsel.

12. The Committee has selected BG because of its attorneys' experience and knowledge and its Firm location in Delaware. The Committee believes that BG is well qualified to represent the Committee as Delaware special litigation counsel in the Debtors' bankruptcy cases.

***Services to Be Provided by BG***

13. Subject to further Order of the Court, the Committee proposes that BG be employed to represent the Committee, to provide, among other things, ordinary and necessary legal services as may be required in connection with the following:

    a. Any matter in which the Committee may be adverse to BofA, including any matter relating to the Debtors' use of BofA's cash collateral and the BofA Investigation;

    b. Any matter in which the Committee may be adverse to JPMorgan;

    c. Representing the Committee in other bankruptcy and/or commercial litigation matters in this Court or in other courts having jurisdiction over particular matters; and

    d. Providing such other advice and representation as may be necessary or appropriate in these chapter 11 cases relating to the foregoing.

14. On September 26, 2008, made initial contact with BG regarding this engagement. A call was convened shortly after such initial contact to discuss the scope of open issues to which the Committee is adverse to BofA and JPMorgan and BG interest in serving as special Delaware conflicts counsel to the Committee. Soon thereafter BG was requested to file on September 29, 2008 behalf of the Committee a response to a Motion for Relief filed by JP Morgan Chase.

15. Pursuant to 11 U.S.C. § 1103(b), an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. BG has advised the Committee that BG does not hold or represent any other entity having an adverse interest in connection with the Debtors' bankruptcy cases and does not have any connections with the United States Trustee or any person employed by the Office of the United States Trustee. Submitted herewith is the Certification of Ian Connor Bifferato, a director of BG, which sets forth BG connection with the Debtors, their creditors, and other parties-in-interest (the "Bifferato Certification").

16.     Subject to the Court's approval and pursuant to 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure, and the rules and other procedures which this Court may fix, the Committee requests that BG be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that BG incurs in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

Bifferato's hourly rates are as follows:

| | |
|---|---|
| Directors | $345.00 to $425.00 |
| Associates: | $225.00 to $310.00 |
| Paralegals & Legal Assistants | $145.00 to $175.00 |

17.     The charges set forth in paragraph 16 hereof are based upon actual time charges on an hourly basis and based upon the experience and expertise of the attorney or legal assistant involved. The hourly rates set forth in paragraph 16 hereof are subject to periodic adjustments to reflect economic and other conditions.

18.     The Committee understands that any compensation and expenses paid BG must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, and any Orders of this Court respecting compensation of professionals.

19.     To the best of the Committee's knowledge and subject to the Bifferato Certification submitted herewith, BG represents no other entity in connection with these cases, is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14), and does not hold or represent any interest adverse to the Committee with respect to the matters upon which it is to be employed.

20.  BG has received no promises regarding compensation in these chapter 11 cases other than in accordance with the Bankruptcy Code and as set forth in the Bifferato Declaration. Further, BG has no agreement with any nonaffiliated entity to share any compensation earned in these chapter 11 cases.

## NOTICE

21.  The Committee has provided notice of this Application in accordance with Del. Bankr. L.R. 2002-1 to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; (c) counsel to BofA; and (d) those parties timely requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  The Committee submits that no other or further notice is necessary or required.

## NO PRIOR REQUEST

22.  No previous application for the relief sought herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court grant this Application in all respects and grant such other and further relief as is just and proper.

Dated: December 3, 2008

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME MORTGAGE
HOLDINGS, INC., *ET AL.*

Wilmington Trust Company, as Trustee

By: _____
James J. McGinley
Co-Chair of the Committee

By: _____ 12/12/08
Steven D. Sass
Co-Chair of the Committee

20. BG has received no promises regarding compensation in these chapter 11 cases other than in accordance with the Bankruptcy Code and as set forth in the Bifferato Declaration. Further, BG has no agreement with any nonaffiliated entity to share any compensation earned in these chapter 11 cases.

## NOTICE

21. The Committee has provided notice of this Application in accordance with Del. Bankr. L.R. 2002-1 to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; (c) counsel to BofA; and (d) those parties timely requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Committee submits that no other or further notice is necessary or required.

## NO PRIOR REQUEST

22. No previous application for the relief sought herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court grant this Application in all respects and grant such other and further relief as is just and proper.

Dated: December 3, 2008

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME MORTGAGE
HOLDINGS, INC., *ET AL.*

Wilmington Trust Company, as Trustee

By: _____
for James J. McGinley
Co-Chair of the Committee

By: _____
Steven D. Sass
Co-Chair of the Committee

-9-