**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware Corporation, et al.,[1] | ) | Case No. 07-11047 (CSS) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**DECLARATION OF IAN CONNOR BIFFERATO IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF BIFFERATO GENTILOTTI LLC, AS SPECIAL CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* AS OF SEPTEMBER 26, 2008**

I, IAN CONNOR BIFFERATO, hereby declare as follows:

1. I am a member in good standing of the Bar of the State of Delaware. I am admitted to practice before, among other courts, the United States District Courts for the District of Delaware, and Northern, Southern and Eastern Districts of California, and the Court of Appeals for the Third Circuit.

2. I am a Director of Bifferato Gentiloti LLC ("BG"), proposed Delaware special conflicts counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").

3. This Declaration is submitted in support of "Application For Order Authorizing Employment Of Bifferato Gentilotti LLC as Delaware Special Conflicts Counsel to the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to September 26, 2008" (the "Application") filed by the Committee. Except where otherwise indicated below, I have personal knowledge of the facts set forth in this Declaration. If called and sworn as a witness, I could and would testify

[1] The Debtors are the following entities: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

competently to such facts. This Declaration is made pursuant to Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

4. BG has stated its desire and willingness to act in these cases and render the necessary professional services as Delaware special conflicts counsel for the Committee.

**SERVICES TO BE PROVIDED BY BG**

5. Subject to further Order of the Court, I understand that the Committee proposes that HBD and BG be employed to represent the Committee, to provide, among other things, ordinary and necessary legal services as may be required in connection with the following:

a. Any matter in which the Committee may be adverse to BofA, including any matter relating to the Debtors' use of BofA's cash collateral and the investigation of the extent, validity and priority of BofA's asserted security interests in the Debtors' assets;

b. Any matter in which the Committee may be adverse to JPMorgan;

c. Representing the Committee in other bankruptcy and/or commercial litigation matters in this Court or in other courts having jurisdiction over particular matters; and

d. Providing such other advice and representation as may be necessary or appropriate in these chapter 11 cases relating to the foregoing.

Subject to the Court's approval and pursuant to 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure, and the rules and other procedures which this Court may fix, Bifferato shall seek compensation on an hourly basis, plus reimbursement of the actual and necessary expenses that Bifferato incurs in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

6. BG intends to apply for compensation for professional services rendered in connection with these bankruptcy cases subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, and any Order of this Court, on an hourly basis, plus reimbursement of actual,

necessary expenses and other charges incurred by BG. Set forth below is a schedule of hourly rates:

| | |
|---|---|
| Directors | $345.00 to $425.00 |
| Associates: | $225.00 to $310.00 |
| Paralegals & Legal Assistants: | $145.00 to $175.00 |

The charges for the attorneys and legal assistants who will render services to the Committee are based upon actual time charges on an hourly basis and based upon the experience and expertise of the attorney or legal assistant involved. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

7. BG will not share with any other entity, other than with members of the undersigned's law firm, any compensation paid.

8. BG has in the past represented, currently represents, and may in the future represent entities that are claimants or interest-holders of the Debtors in matters wholly unrelated to the Debtors' pending bankruptcy cases. BG, has a large and diversified legal practice that encompasses the representation of many individuals, financial institutions and commercial corporations. Further BG is co-counsel to counsel located in numerous states in the country in numerous cases in both Delaware State and Federal Court. Some of those entities are or may consider themselves to be creditors or parties in interest in the Debtors' pending bankruptcy cases or to otherwise have interests in the case. If BG has such clients, it will not represent those clients in any matter related to the Debtors.

9. Insofar as I have been able to ascertain through diligent inquiry, except as set forth below, BG has no connection with the Debtors, their creditors, any other party in interest, their current respective attorneys or professionals, the United States Trustee or any person

employed in the office of the United States Trustee, and does not hold or represent any entity having an adverse interest to the Committee or the Debtors' unsecured creditors in connection with the Debtors' bankruptcy cases.

10. BG has previously represented, currently represents, and may represent in the future the entities described below (or their affiliates), in matters wholly unrelated to the Debtors' bankruptcy cases:

*Debtors and Non-Debtor Affiliates*: To the best of its knowledge, BG does not have any relationship with the Debtors or any of the non-debtor affiliates disclosed in the pleadings filed to date in the Debtors' cases.

*Present and Former Officers and Directors:* To the best of its knowledge, BG has never represented and does not currently represent any of the present or former officers or directors of the Debtors of which BG is aware at the present time.

*Financial Creditors:* BG does not have any relationship with the Debtors' Financial Creditors or prepetition lenders under the Debtors' Prepetition Credit Facility, whose identities have been disclosed.

*Creditors:* BG acted as Delaware Counsel to a former employee of the Debtor Valerie Scruggs. Ms. Scruggs and the Debtor reached settlement stipulation that was approved by the Court on November 7, 2007 and is attached here as Exhibit 1 to this Declaration. BG has closed its file with respects to the Scruggs matter.

*Professionals Representing the Debtors:* As part of its practice, BG appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants, real estate consultants and investment bankers, including other professionals

representing the Debtors. Neither the Debtors' counsel nor the Debtors' financial advisors are or have been represented by BG.

*Professionals Representing Other Parties In Interest:* As part of its practice, BG appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants and investment bankers, some of which now or may in the future represent creditors, stockholders and other parties in interest in this case. Bifferato does not and will not represent any attorneys, accountants, financial consultants or investment bankers for parties in interest with respect to the Debtors.

*Debtors' Shareholders:* BG does not represent any of the Debtors' shareholders whose identities have been disclosed.

*Other Matters:* I was appointed by the United States District Court to act as a mediator in an appeal captioned. *DB Structured Products, Inc. (Appellant) v. American Home Mortgage Holdings (Appellees)* Case No. 07-cv-00773 (JJF). The mediation has concluded. Further, BG has numerous clients. BG does not have knowledge of the full creditor list of the Debtors. One or more creditors of the Debtors may be a client of BG's in some capacity. Further, certain creditors of the Debtors may be divisions or subsidiaries of companies represented by BG. Thus, even a conflict check on the entire list of creditors of the Debtors may not reveal completely whether any creditors of the Debtors are clients of BG. If, as and when BG discovers that a creditor of the Debtors is a client of BG, further disclosure will be made.

11. BG will not represent any entity other than the Committee in connection with this case.

12. To the best of my knowledge, BG does not hold an interest adverse to the Debtors' estates and is a disinterested person, as that term is defined in 11 U.S.C. § 101(14).

I hereby declare under the penalty of perjury that the foregoing statements made by me are true and correct.

Dated: December 23, 2008

Ian Connor Bifferato (#3273)

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.[1] | : | Case No. 07-11047 (CSS) |
| | : | Jointly Administered |
| Debtors. | : | **Doc. Ref. Nos. 493, 515, 688, 711, 712, 731, 753 and 958** |

**ORDER (I) TERMINATING DEBTORS' NON-QUALIFIED DEFERRED COMPENSATION PLAN PURSUANT TO SECTION 363(b)(1) OF THE BANKRUPTCY CODE AND (II) DIRECTING THE TRUSTEE OF THE DEBTORS' NON-QUALIFIED DEFERRED COMPENSATION PLAN TRUST TO RETURN DEBTORS' ASSETS HELD IN TRUST TO THE DEBTORS' ESTATES PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE**

Upon consideration of the motion (the "Motion")[2] of American Home Mortgage Holdings, Inc., a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors"), for entry of an order pursuant to sections 363(b)(1) and 105(a) of the Bankruptcy Code, (i) authorizing the Debtors to terminate the American Home Mortgage Holdings, Inc. Deferred Compensation Plan (the "Plan") and (ii) directing Merrill Lynch Trust Company, FSB as trustee (the "Trustee") under the American Home Mortgage Holdings, Inc. Deferred

---

1 The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

2 Capitalized terms not defined herein shall have the meanings ascribed to them in the Debtors' Omnibus Reply to Objections Debtors' Motion for an Order (I) Terminating Their Non-Qualified Deferred Compensation Plan Pursuant to Section 363(b)(1) of the Bankruptcy Code and (II) Directing the Trustee of the Debtors' Non-Qualified Deferred Compensation Plan Trust to Return Debtors' Assets Held in Trust to the Debtors' Estates Pursuant to Section 105(a) of the Bankruptcy Code [Docket No. 958].

Compensation Plan Trust Agreement (the "Trust Agreement") to return the assets held in trust (the "Trust") to the Debtors' estates; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and the Court having determined that the termination of the Plan constitutes an exercise of sound business judgment made in good faith by the Debtors; and it appearing that due and adequate notice and disclosure of the Motion has been given; and upon consideration of the objections of Patricia L. Shepard [Docket No. 515], George E. Hart [Docket No. 688], Gail Thakarar [Docket No. 731], Mark James [Docket No. 753], Valerie Lynn Scruggs [Docket No. 711], and the Participant Group [Docket No. 712] (collectively, the "Objections"); and the Court finding that the settlement of the Objections, on the terms set forth herein, (i) is fair and equitable; (ii) represents a settlement that rests well above the lowest point in the reasonable range of potential litigation outcomes; (iii) obviates the expense, delay, inconvenience and uncertainty that would attend any litigation of the Objections; and (iv) advances the paramount interests of creditors; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is granted as set forth herein; and it is further

ORDERED, that the Debtors are hereby authorized to exercise their contractual rights to terminate the Plan and the Plan shall be deemed terminated as of August 29, 2007; and it is further

ORDERED, that the Trustee shall return the assets held in the Trust to the Debtors' bankruptcy estates within seven (7) days of the entry of this Order; and it is further

ORDERED, that the settlement of the Participant Group Objection, pursuant to the following terms, is hereby approved: (1) the Debtors shall pay the Participant Group

$400,000, to be shared pro rata among the members of Participant Group, within ten (10) days of the entry of this Order; (2) each member of the Participant Group, a list of which is attached hereto as Exhibit A, shall have an allowed priority wage claim pursuant to section 507(a)(4) of the Bankruptcy Code, if and to the extent each such member of the Participant Group has an unpaid claim for deferred compensation in the 180 days prior to August 6, 2007, up to a maximum of $10,950, payable on the earlier of (a) when such claims are payable pursuant to a chapter 11 plan or otherwise in these cases or (b) when other priority claims of terminated employees are paid; (3) each member of the Participant Group shall be entitled to assert a general unsecured claim for the amount of compensation each such member deferred under the Plan, which amount shall be reduced by any amount of deferred compensation allowed as a priority wage claim, provided, however, that the Debtors or any party acting on behalf of the Debtors retain the right to object to the amount of any claim filed by a member of the Participant Group which asserts an amount in excess of the amount such member deferred under the Plan or in excess of the priority amount to which such party is entitled; (4) except as otherwise set forth herein, including the priority and unsecured claims reserved in subparagraphs (2) and (3) above, upon receipt of his/her portion of the $400,000 payment, each member of the Participant Group shall be deemed to release the Debtors, their estates, and their current and former affiliates, officers, directors, agents, employees, successors and/or assigns from any and all claims or causes of action related to the Plan or the Trust, but not other claims or causes of action; and (5) the Debtors shall waive their right to bring any actions under 11 U.S.C. § 547 against the members of the Participant Group solely with respect to payouts of deferred compensation under the Plan; and it is further

ORDERED, that the settlement of the Scruggs Objection, pursuant to the following terms, is hereby approved: (1) the Debtors shall pay Ms. Scruggs $7,000 within ten (10) days of the entry of this Order; (2) Ms. Scruggs shall have an allowed priority wage claim pursuant to section 507(a)(4) of the Bankruptcy Code, if and to the extent Ms. Scruggs has an unpaid claim for deferred compensation that was designated as such in the 180 days prior to August 6, 2007, up to a maximum of $10,950, payable when other priority claims of terminated employees are paid; (3) Ms. Scruggs shall be entitled to assert a general unsecured claim for the amount of compensation she deferred under the Plan, which amount shall be reduced by any amount of deferred compensation allowed as a priority wage claim, provided, however, that the Debtors or any party acting on behalf of the Debtors retain the right to object to any claim filed by Ms. Scruggs which asserts an amount in excess of the amount Ms. Scruggs deferred under the Plan or in excess of the priority amount to which such party is entitled; (4) except as otherwise set forth herein, upon receipt of the $7,000 payment, Ms. Scruggs shall be deemed to release the Debtors, their estates and their current and former affiliates, officers, directors, agents, employees, successors and/or assigns from any and all claims or causes of action related to the Plan or the Trust; and (5) the Debtors shall waive their right to bring any actions under 11 U.S.C. § 547 against Ms. Scruggs solely with respect to payouts of deferred compensation under the Plan, against Ms. Scruggs; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all matters arising between the Debtors, the Trustee, and the Plan participants as they relate to the Plan, the Trust Agreement, and the implementation or interpretation of this Order or the issues addressed by the Motion.

Dated: Wilmington, Delaware
November 7, 2007

Christopher S. Sontchi
United States Bankruptcy Judge