**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>(Jointly Administered)<br><br>Hearing Date: January 13, 2009 at 11:00 am (ET)<br>Objection Deadline: January 5, 2009 at 4:00 pm (ET)<br>Re: Docket Entry No. 6717 |

**LIMITED OBJECTION TO DEBTORS' MOTION FOR ENTRY OF
AN ORDER APPROVING THE SECOND STIPULATION BY AND
AMONG THE DEBTORS, CERTAIN CURRENT AND FORMER
DIRECTORS AND OFFICERS OF THE DEBTORS, AND THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN
ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, TO
<u>ENFORCE INSURANCE POLICY IN FAVOR OF INSURED PERSONS</u>**

Lead Plaintiffs, the Teachers' Retirement System of Oklahoma and the Oklahoma Police Pension and Retirement System (the "Lead Plaintiffs") in the securities fraud class action entitled *In re American Home Mortgage Securities Litigation*, Case No. 07-MD-1898 (TCP) (the "Securities Litigation"), filed in the United States District Court for the Eastern District of New York (the "District Court"), hereby submit this Limited Objection (the "Objection") to Debtors' Motion for Entry of an Order Approving the Second Stipulation by and among the Debtors, Certain Current and Former Directors and Officers of the Debtors, and the Official Committee of Unsecured Creditors for an Order Granting Relief from the Automatic Stay, to Enforce Insurance Policy in Favor of Insured Persons (the "Motion") and state the following:

## PRELIMINARY STATEMENT

1.  Lead Plaintiffs do not object to the ultimate relief sought in the Motion and Stipulation,[1] but respectfully request that any order granting the relief be clarified, as set forth herein, to avoid any confusion or prejudice to Lead Plaintiffs.

## BACKGROUND

2.  On August 6, 2007 (the Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

3.  Preceding and subsequent to the Petition Date, approximately eighteen (18) putative class action complaints were filed in the District Court alleging violations by American Home Mortgage Investment Corp. ("AHMIC"), one of the Debtors, certain current or former officers and directors of AHMIC (the "Individual Non-Debtor Defendants") and AHMIC's current or former auditor and underwriters (collectively with the Individual Non-Debtor Defendants, the "Non-Debtor Defendants") of certain federal securities laws, including Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder (the "Securities Laws").

4.  On or about or about March 19, 2008, the District Court consolidated the putative class actions and appointed the Lead Plaintiffs.

5.  On or about June 3, 2008, Lead Plaintiffs filed the consolidated class action complaint (the "Consolidated Complaint") alleging violations of the above Securities Laws and Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 in connection with the purchase by Lead Plaintiffs and members of the putative class of AHMIC's securities.

---

[1] Capitalized terms shall have the meanings ascribed to them in the Motion unless defined otherwise herein.

6. Although AHMIC was named as a defendant in several of the (pre-petition) class action complaints (*see* ¶3, *supra*), AHMIC is not named as a defendant in the Consolidated Complaint pursuant to the dictates of 11 U.S.C. § 362(a). The Consolidated Complaint is proceeding as against the Non-Debtor Defendants.

## **THE MOTION**

7. The Debtors maintain one primary and four excess insurance policies (collectively, the "Insurance Policies") providing, among other insurance coverage, reimbursement to the Insured Persons of certain legal fees and expenses incurred by them in defense of, *inter alia*, the Securities Litigation.[2] *See* Motion, ¶7.

8. Although prepared to advance the defense costs in accordance with the terms of the Primary Insurance Policy, the Primary Insurer is allegedly concerned that it would be at risk of violating the automatic stay if the proceeds of the Primary Insurance Policy are later determined to be property of the Debtors' estates. *See* Motion, ¶8.

9. The Debtors, the Insured Persons and the Committee, with the approval of the Primary Insurer, entered into the Stipulation modifying the automatic stay, to the extent it may apply, so as to permit the Primary Insurer to advance up to an additional $5.0 million[3] from the Primary Insurance Policy to the Insured Persons. *See* Motion, ¶11; Settlement, ¶9(a).

10. The Debtors filed this Motion at the request of the Primary Insurer to seek relief from the automatic stay, to the extent it may apply, to effectuate the Stipulation. *See* Motion, ¶11.

---

[2] The Primary Insurance Policy provides up to $10 million in coverage. Each of the four excess Insurance Policies provides $10 million in coverage, for a total of $50 million in coverage provided by all of the Insurance Policies. *See* Motion, ¶7.

[3] On April 13, 2008, the Court authorized an initial advance of up to $5 million from the Primary Insurance Policy. *See* Motion, ¶9, Docket Entry No. 3520, defined as the First D&O Order in the Motion.

11. The Motion is identical to the Debtors' prior Motion (the "Prior Insurance Motion") seeking approval to advance the initial $5 Million from the Policies. *See* Motion, ¶9. Due to increased defense costs, the Debtors seek this relief with respect to an additional, and the remaining, $5 million under the Primary Policy. *See* Motion, ¶¶10-11

12. The Debtors take no position as to whether or not the proceeds of the Policies are property of the Debtors' estates and specifically state in the Motion that "the benefits to the estates from distributing the proceeds of the Insurance Policies . . . warrant lifting the automatic stay, to the extent it may apply, *without determining whether or to what extent the proceeds of the policies may constitute property of the estates.*" *See* Motion, ¶18 (emphasis added).

13. In response to the Prior Insurance Motion, several members of the putative class filed a limited objection requesting that language be added to any order entered by the Court granting the relief sought (the "Initial Limited Objection"). Debtors, with the approval of the Committee, agreed to include language in the Order. *See* First D&O Order.

14. Notwithstanding that the First D&O Order included language addressing the Initial Limited Objection, the proposed Order submitted with the Motion does not include that or substantially similar language. Therefore, Lead Plaintiffs object to the entry of the proposed Order in its current form.

## LIMITED OBJECTION

15. Some of the Insured Persons are the Individual Non-Debtor Defendants in the Securities Litigation.

16. The claims asserted by the Lead Plaintiffs in the Securities Litigation against the Individual Non-Debtor Defendants are covered by the Insurance Policies.

17. Accordingly, the Lead Plaintiffs and the putative class have an interest in the proceeds of the Insurance Policies and, while not objecting to the payment of Defense Costs to the Insured Persons as provided in the Stipulation, request that any order entered with respect to the Motion provide language as suggested in paragraph 22, *infra*, clarifying that the order does not constitute a determination that the proceeds of the Insurance Policies are or are not property of the estates.

18. The Parties to the Stipulation do not appear to seek a determination that the proceeds of the Insurance Policies are property of the estates. Indeed, the Stipulation provides that the Parties to the Stipulation "reserve all rights, including but not limited to asserting that the proceeds of the Insurance Policies are, or are not, property of the Debtors' estates." *See* Stipulation, ¶9(b).

19. However, the nature of the relief sought by the Motion may, at the very least, imply or infer that stay relief is necessary and therefore that the proceeds of the Insurance Policies are property of the estates. Moreover, notwithstanding the language in the Stipulation, ¶9(b), the entry of the proposed Order granting relief from the automatic stay to enforce the Stipulation may be interpreted as a determination that the underlying proceeds of the Insurance Policies are property of the Debtors' estates. Indeed, the proposed Order is silent as to these issues. The absence of such language in the Order, despite its inclusion in the Motion and Stipulation, may be misleading or could ultimately cause confusion.

20. Lead Plaintiffs maintain that the proceeds of the Insurance Parties are not property of the Debtors' estates. *See In re Louisiana World Exposition, Inc.*, 832 F.2d 1391 (5th Cir. 1989); *In re World Health Alternatives, Inc.*, 369 B.R. 805, 809 (Bankr. D. Del. 2007); *In re Allied Digital Technologies Corp.*, 306 B.R. 505, 510 (Bankr. D. Del. 2004), and, therefore, the automatic stay is not implicated. Lead Plaintiffs reserve their rights to make that argument in

more detail when and if the time comes. Therefore, Lead Plaintiffs object to entry of the proposed Order approving the Stipulation unless any inference or implication by or interpretation of that Order that the proceeds of the Insurance Policies constitute property of the Debtors' estates is expressly dealt with through the addition of appropriate language in the Order.

21. Furthermore, paragraph 9(b) of the Stipulation (*see* ¶18, *supra*) provides that the "Parties" to the Stipulation reserve their rights to assert whether or not the proceeds of the Insurance Policies are property of the Debtors' estates. As a result, approval of the Stipulation may infer that the rights of entities who are *not* Parties to the Stipulation are not reserved. Lead Plaintiffs and the putative class, as stated previously, have an interest in the proceeds of the Insurance Policies and should not be foreclosed from taking a position on any issue relating thereto. The Stipulation and Order should provide that this reservation of rights is afforded to all parties in interest, including Lead Plaintiffs and members of the putative class and is not limited solely to the Parties to the Stipulation.[4]

22. The Order, therefore, should affirmatively provide that it does not constitute a determination that the proceeds of the Insurance Policies are property of the Debtors' estates and the rights of all parties in interest are reserved, by including the following language:[5]

> Nothing in this Order and the Stipulation shall constitute a determination that the proceeds of the Insurance Policies are property of the Debtors' estates and the rights of all parties in interest to assert that the proceeds of the Insurance Policies are, or are not, property of the Debtors' estates are reserved.

23. Additionally, the Order should affirmatively state that the automatic stay is to be lifted or modified *only to the extent it may apply* as requested in the Motion. *See* Motion, ¶11.

---

[4] Lead Plaintiffs reserve their rights to further object to any global agreement regarding the Insurance Policies that may be entered into by the Parties. *See* Stipulation, ¶8.

[5] This language was added to the First D&O Order in response to the Initial Limited Objection.

## CONCLUSION

24. Based upon the foregoing, Lead Plaintiffs respectfully request that an Order be entered (i) denying the Motion unless the proposed modifications set forth herein are incorporated in the Order and Stipulation, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: January 5, 2009
Wilmington, Delaware

**CROSS & SIMON LLC**

By: /s/ CPS
Christopher P. Simon (No. 3967)
913 North Market Street, 11th Floor
Wilmington, DE 19899-1380
(302) 777-4200 (Telephone)
(302) 777-4224 (Facsimile)
csimon@crosslaw.com

LOWENSTEIN SANDLER PC
Michael S. Etkin (ME-0570)
Ira M. Levee (IL-9958)
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

*Bankruptcy Counsel to Lead Plaintiffs and the Putative Class*

- and -

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
Steven B. Singer
Avi Josefson
1285 Avenue of the Americas, 38th Floor
New York, New York 10019
(212) 554-1400 (Telephone)
(212) 554-1444 (Facsimile)

BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO, LLP
Jeffrey C. Block
Kathleen M. Donovan-Maher
Autumn Smith
One Liberty Square
Boston, Massachusetts 02109
(617) 542-8300 (Telephone)
(617) 542-1194 (Facsimile)

*Co-Lead Counsel to Lead Plaintiffs and the Putative Class*