IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 07-11047-CSS, et seq.<br><br>**Objections due by: January 6, 2009, 4:00 p.m.**<br>**Hearing Date: January 13, 2009, 11:00 a.m.** |

**ORLANS ASSOCIATES, PC'S RESPONSE IN OPPOSITION TO
DEBTORS' TWENTY-SEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY
CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**
*(relates to Docket No. 6716 and Claim Nos. 6980 & 10405)*

Orlans Associates, PC ("Claimant"), by its undersigned counsel, files this response in opposition to the TWENTY-SEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1 (the "Claim Objection") filed by American Home Mortgage Holdings, Inc. and certain of its affiliates (the "Debtors"), and in support hereof states as follows:

1. On August 13, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. Since the Petition Date, the Debtors have managed their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. On December 26, 2007, Claimant filed a timely proof of claim docketed by the Court's claims agent on the claims register in this case as Claim No. 6980 (the "Original Proof of Claim") evidencing a secured claim (the "Claim") in the amount of $204,630.15.

3.  On May 20, 2008, Claimant amended the Original Proof of Claim by filing an amended proof of claim docketed by the Court's claims agent on the claims register in this case as Claim No. 10405 (the "Amended Proof of Claim," and with the Original Proof of Claim, the "Proofs of Claim") evidencing that the Claim is a secured claim in the amount of $353,088.36 (the "Claim Amount").

4.  On December 12, 2008, the Debtors filed the Claim Objection, in which they object to allowance of the Claim by asserting, inter alia, that the Proofs of Claim "failed to provide sufficient documentation" and that according to the Debtors' books and records, no invoices remain outstanding. See Claim Objection, proposed order, Exh. E.

5.  In their Objection, the Debtors assert that the documentation attached to the Amended Proof of Claim is not adequate to allow the Debtors to determine (i) whether they are liable for the alleged claim and/or (ii) the amount of the alleged claim. Objection ¶ 13.

6.  The Debtors are correct that under Third Circuit precedent, a claim must contain "facts sufficient to support a legal basis for the claim" to establish prima facie validity. The inquiry, however, does not stop at that point. In accordance with Planet Hollywood, cited by the Debtors at Objection ¶ 13, once Claimant established the prima facie validity of a claim:

> the burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

In re Planet Hollywood Int'l, 247 B.R. 391, 395 (Bankr. D.Del. 2001) (citations omitted).

7. Attached to the Amended Proof of Claim was a summary of 83 invoices for legal services and advances provided by Claimant to the Debtors, sorted by date, file number, invoice number, and amount (the "Summary"). Although the Debtors may or may not disagree with their liability for the services and advances constituting the basis for the Claim, they cannot argue that the Claim is unsupported.

8. The Debtors do not assert what documentation, if any, they believe is necessary to support the Claim other than the documents referenced in the Summary. The proof of claim form itself, modeled after the Official Bankruptcy Form, states: "If the documents are voluminous, attach a summary[,]" thus contemplating the attachment of a summary in lieu of the invoices themselves. Copies of the underlying invoices will be made avaiable for inspection upon the Debtors' request.

9. Claimant also objects to the Debtors' reservation of rights insofar as Claimant seeks to preserve the right to file additional substantive objections to the Claim in violation of Del. Bankr.LR 3007-l(d)(vi). To the extent that any order is entered in connection with the Claim Objection, Claimant reserves the right to assert that the Debtors and their successors are barred from filing additional objections to the Claim in accordance with that local rule.

10. Claimant also notes that the Original Proof of Claim was amended and superseded by the filing of the Amended Proof of Claim. Therefore, to the extent that the Debtors seek to disallow the Original Proof of Claim on that basis without prejudice to Claimant's rights under the Amended Proof of Claim, Claimant would not object to that relief as part of a stipulated resolution of the Claim Objection.

WHEREFORE, for the foregoing reasons, Claimant respectfully requests that this Court overrule the Claim Objection, with prejudice, to the extent that the Debtors seek disallowance of the Claim, and granting such other and further relief as this court deems just and proper.

Dated: January 6, 2009
       Wilmington, Delaware

Respectfully submitted,

DRAPER & GOLDBERG, PLLC

 /s/ **Adam Hiller**
Adam Hiller (DE No. 4105)
Michelle Berkeley-Ayres (DE No. 4635)
1500 North French Street, 2nd Floor
Wilmington, Delaware 19801
(302) 339-8776 telephone
(302) 213-0043 facsimile

*Attorneys for Claimant*