# **EXHIBIT B**

| SUMMONS - CIVIL<br>(Except Family Actions)<br>JD-CV-1 Rev. 6-98<br>C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1 | STATE OF CONNECTICUT<br>**SUPERIOR COURT** | "X" ONE OF THE FOLLOWING:<br>*Amount, legal interest or property in demand, exclusive of interest and costs is:*<br>☐ less than $2,500<br>☐ $2,500 through $14,999.99<br>☒ $15,000 or more<br>("X" if applicable)<br>☒ Claiming other relief in addition to or in lieu of money or damages. |
|---|---|---|

**INSTRUCTIONS**
1. Type or print legibly: sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

RETURN DATE (Mo., day, yr.)(Must be a Tuesday) 3/4/08

| ☒ JUDICIAL DISTRICT<br>☐ HOUSING SESSION | ☐ G.A. NO. | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349)<br>Stamford/Norwalk | CASE TYPE (See back)<br>Major _C_   Minor _90_ |
|---|---|---|---|

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)
123 Hoyt Street, Stamford, CT 06905

TELEPHONE NUMBER
(203) 965-5307

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code)  NOTE: Individuals' Names: Last, First, Middle Initial  ☐ Form JD-CV-2 attached | PTY NO. |
|---|---|---|
| FIRST NAMED PLAINTIFF | Trister, Julia, 2539 Bedford Street, Unit 37A, Stamford, CT 06905 | 01 |
| Additional Plaintiff | | 02 |
| FIRST NAMED DEFENDANT | American Home Mortgage Corp., d/b/a American Brokers Conduit, 538 Broad Hollow Road, Melville, NY 11747 | 50 |
| Additional Defendant | American Home Mortgage Servicing, Inc., 7142 Columbia Gateway Drive, Columbia, MD 21046 | 51 |
| Additional Defendant | First Ohio Banc & Lending, Inc., 6100 Rockside Woods Blvd., Suite 100, Independence, OH 44131 | 52 |
| Additional Defendant | American Title Solutions, Inc., 6100 Rockside Woods Blvd., Suite 115, Independence, OH 44131 | 53 |

**NOTICE TO EACH DEFENDANT**

1. YOU ARE BEING SUED.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE<br>2/5/08 | SIGNED (Sign and "X" proper box)<br>*[signature]* | ☒ Comm. of Superior Court<br>☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT<br>Allen A. Currier |
|---|---|---|---|

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code)<br>Allen A. Currier, Allen A. Currier LLC, 258 Spielman Highway, P.O. Box 2033, Burlington, CT 06013 | TELEPHONE NUMBER<br>860-675-6655 | JURIS NO. (If atty. or law firm)<br>302501 |
|---|---|---|

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code)<br>Kathleen Pierce, 258 Spielman Highway, P.O. Box 2033, Burlington, CT 06013 | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|

| # PLFS. | # DEFS. | # CNTS. | SIGNED (Official taking recognizance; "X" proper box)<br>*[signature]* | ☒ Comm. of Superior Court<br>☐ Assistant Clerk | For Court Use Only<br>FILE DATE |
|---|---|---|---|---|---|
| 1 | 4 | 2 | | | |

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

| | |
|---|---|
| RETURN DATE: MARCH 4, 2008 | : SUPERIOR COURT |
| JULIA TRISTER | : JUDICIAL DISTRICT OF STAMFORD/NORWALK |
| VS. | : AT STAMFORD |
| AMERICAN HOME MORTGAGE CORP., d/b/a AMERICAN BROKERS CONDUIT, ET AL | : FEBRUARY 5, 2008 |

## COMPLAINT

The plaintiff, Julia Trister, acting by and through her counsel, for her complaint against the defendants, American Home Mortgage Corp. d/b/a American Brokers Conduit, American Home Mortgage Servicing, Inc., First Ohio Banc & Lending, Inc. and American Title Solutions, Inc. alleges as follows:

## THE PARTIES

1. The plaintiff, Julia Trister, is a resident of the State of Connecticut, maintaining a residence at 2539 Bedford Street, Unit 37A, Stamford, Connecticut 06905.

2. The defendant, American Home Mortgage Corp., d/b/a American Brokers Conduit, is a New York corporation with a principal place of business located at 538 Broad Hollow Road, Melville, New York 11747 and a business address in Connecticut located at 535 Connecticut Avenue, Norwalk, Connecticut 06854. Based upon

information and belief, American Home Mortgage Corp. is licensed as a first mortgage lender and broker in Connecticut and regularly transacts business in Connecticut.

3. The defendant, American Home Mortgage Servicing, Inc. is a Maryland corporation with a principal place of business located at 7142 Columbia Gateway Drive, Columbia, Maryland 21046. Based upon information and belief American Home Mortgage Servicing, Inc. regularly transacts business in Connecticut but has not obtained a certificate of authority to transact business in Connecticut. Hereinafter the aforementioned defendants, American Home Mortgage Corp. and American Home Mortgage Servicing Inc. are collectively known as the "lender".

4. The defendant, First Ohio Banc & Lending, Inc. is an Ohio corporation with a principal place of business located at 6100 Rockside Woods Blvd., Suite 100, Independence, Ohio 44131. Based upon information and belief, First Ohio Banc & Lending, Inc. is licensed as a first mortgage lender and broker in Connecticut and regularly transacts business in Connecticut.

5. The defendant, American Title Solutions, Inc. is an Ohio corporation with a principal place of business located at 6100 Rockside Woods Blvd, Suite 115, Independence, Ohio 44131. Based upon information and belief, American Title Solutions, Inc. regularly transacts business in Connecticut but has not obtained a

certificate of authority to transact business in Connecticut. Hereinafter the aforementioned defendants, First Ohio Bank & Lending, Inc. and American Title Solutions, Inc. are collectively known as the "lender's agents".

## THE NATURE OF THE ACTION

6. This lawsuit is brought by a consumer who entered into a mortgage loan agreement with the lender and claims, inter alia, that the lender violated the Federal Truth-In-Lending Act, 15 United States Code (hereinafter "U.S.C.") § 1601 et seq., and the Connecticut Truth-In-Lending Act, Connecticut General Statutes (hereinafter "C.G.S.") § 36a-676 et seq.; by failing to provide the notification of her right to rescind the mortgage loan; by failing to return to the plaintiff obligor finance charges and other charges paid by the plaintiff to the lender and the lender's agents and by failing to take any action to terminate the security interest under the transaction within twenty days after receipt of a notice of rescission as required by the aforementioned Truth-In-Lending Acts and Regulation Z, 12 Code of Federal Regulations (hereinafter "C.F.R."), Part 226;

## JURISDICTION

7. This Court has jurisdiction over the defendants because, based on information and belief, they are foreign corporations that regularly transact business in this State.

3

8. Jurisdiction in this Court is proper pursuant to C.G.S. § 33-920, et seq.

9. Venue in this Court is proper, as the plaintiff is a resident of Stamford, Connecticut, the transaction occurred in Connecticut and the action concerns real property located in Connecticut.

### FOR A FIRST COUNT
(Violation of the Truth-In-Lending Acts and Regulations)

10. On or about November 6, 2006 the plaintiff signed a note and mortgage provided by the lender.

11. The aforementioned note obligated the plaintiff to repay the sum of $516,000.00 to the lender at an interest rate of 1% until November 30, 2006 which increased to 8.477% on December 1, 2006.

12. The aforementioned rate increased again on January 1, 2007 and every month thereafter by adding 3.650 percent to the twelve-month average of annual yields on activity traded United States Treasury Securities to a "cap" of 9.950%.

13. The aforementioned note provided for a thirty year amortization period.

14. The closing package was prepared at the lender's office located at 2 West Lafayette Street, Suite 325, Norristown, Pennsylvania 19401 and provided to the lender's agents who utilized two employees from the Malloy Insurance Agency, Elizabeth M. Ely and Edna Barccari, for the execution of the closing documents in the

4

aforementioned insurance agency's office located at 87 Glenbrook Road, Stamford, Connecticut 06902.

15. The information provided on the "Settlement Statement" form provided by the U.S. Department of Housing & Urban Development, hereinafter "HUD form", indicated that the "Settlement Date" was November 6, 2006, and that on November 6, 2006, the "Settlement Agent" was the defendant American Title Solutions, Inc. and the "Place Of Settlement" was 6100 Rockside Woods Blvd., Suite 115, Independence Ohio 44131 notwithstanding the fact that the documents were executed in Stamford, Connecticut on November 6, 2006.

16. The lender and the lender's agents did not inform the plaintiff that she had the right to rescind the aforementioned mortgage loan transaction and provide her with two copies of the notice of the right to rescind, instructions of how to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business. Neither the lender nor the lender's agents provided the plaintiff with copies of any of the documents that she was required to sign at the closing on November 6, 2006.

17. Approximately one week after the closing the plaintiff received copies of several documents from the lender's location at 2 West Lafayette Street, Suite 325,

P.O. BOX 2033, 258 SPIELMAN HIGHWAY, BURLINGTON, CT 06013
JURIS NO. 302501 • TELEPHONE (860) 675-6655

Norristown, Pennsylvania 19401 which were all dated November 2, 2006.

19. None of the documents mailed to the plaintiff after the closing included any information relative to her right to rescind the loan and there was no mention of her right of rescind at the closing. Neither did the plaintiff receive a copy of the HUD settlement form, note or mortgage.

19. Pursuant to the aforementioned HUD form, the broker received a commission of $25,603.00 for procuring the plaintiff as a customer obligated to pay an excessive interest rate, the lender and the lender's agents shared $2,000.00 in fees and the plaintiff was charged $1,530.00 for the lender's title insurance policy.

20. Since November 6, 2006 to the date of this complaint the plaintiff has paid the lender an amount in excess of $50,000.00 in interest charges for the aforementioned mortgage loan.

21. In response to numerous requests by the plaintiff for copies of all documents signed by her at the closing on November 6, 2006, the lender provided, by mail on October 15, 2007, copies of three documents, the HUD settlement form, the note and mortgage, all of which were executed in Stamford, Connecticut. There were no other documents provided to the plaintiff by the lender. The lender also instructed the plaintiff to direct all further communications relative to her mortgage loan to their Customer Care

6

Department located at, American Home Mortgage, Inc., P.O. Box 631730, Irving, Texas 75063-1730.

22. A portion of the proceeds received by the plaintiff from the lender were used to pay-off the existing mortgage lien secured by the plaintiff's residence. The mortgage executed by the plaintiff on November 6, 2006, was used to secure the indebtedness owed to the lender as a lien on the plaintiff's residence.

23. On December 4, 2007, by certified mail, return receipt requested, the plaintiff mailed her notice of rescission of the aforementioned mortgage loan to the lender at three locations including the location pursuant to the lender's instructions. Receipt of her notice was returned by American Home Mortgage Servicing, Inc. indicating receipt of the aforementioned rescission by the lender on December 6, 2007.

24. The aforementioned consumer credit transaction was subject to the right of rescission pursuant to 15 U.S.C. § 1635, Regulation Z, 12 C.F.R. § 226.23 and C.G.S. § 36a-683.

25. In the course of this consumer credit transaction, the lender and lender's agents violated the federal and state Truth-In-Lending Acts by failing to notify plaintiff of her right to rescind the transaction in the manner set forth in 15 U.S.C. § 1635(a), Regulation Z, 12 C.F.R. § 226.23(b) and C.G.S. § 36a-683.

26. The plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation of the transaction. The plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to the lender by certified mail dated December 4, 2007, which notice was received by the lender.

27. More than twenty calendar days have passed since the lender received notice of rescission.

28. The lender has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b), Regulation Z, C.F.R. § 226.23(d)(2) and C.G.S. § 36a-683.

29. The lender has failed to return to the plaintiff any money or property given to anyone, including the lender or lender's agents, as required by 15 U.S.C. § 1635(b), Regulation Z, C.F.R. § 226.23 (d)(2) and C.G.S. § 36a-683.

30. As a result of the aforesaid violations of the Truth-In-Lending Acts and Regulation Z, pursuant to 15 U.S.C. Sections § 1635(a), § 1640(a) and § 1641(c) and C.G.S. § 36(a)-683. The lender is liable for:

a. rescission of this transaction;

b. termination of any security interest in the plaintiff's property created under the transaction;

c. return of any money or property given by the plaintiff to anyone, including the lender or lender's agents, in connection with this transaction;

d. statutory damages of $2,000.00 for lender's failure to respond properly plaintiff's rescission notice;

e. forfeiture of loan proceeds;

f. actual damages in an amount to be determined at trial; and

g. a reasonable attorney's fee.

### FOR A SECOND COUNT
(Violation of the Connecticut Unfair Trade Practices Act)

31. The plaintiff hereby incorporated paragraphs 1 through 30 as if fully set forth herein.

32. The lender and the lender's agents did not inform the plaintiff that she had the right to rescind the aforementioned mortgage loan transaction and provide her with two copies of the notice of the right to rescind, instructions of how to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

33. As a consequence thereof the lender and lender's agents were unwilling to risk the rescission of a substantially profitable loan agreement to the detriment of the plaintiff who was burdened with a loan with an excessive and oppressive initial and

9

continuing high debt service cost.

34. The conduct of the lender and the lender's agents was an unfair or deceptive act or practice in the conduct of their business pursuant to C.G.S. § 42-110b.

35. As a consequence thereof the plaintiff was damaged as set forth in paragraphs 19, 20 and 33 above.

WHEREFORE, the plaintiff claims:

1. Money damages including compensatory, consequential and punitive damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of interests and costs;

2. A declaration that the security interest in the plaintiff's residence is void;

3. An order that the mortgage transactions are rescinded;

4. An order that the lender to take all actions necessary to terminate any security interest in the plaintiff's property created under the transaction and declare all such security interests void, including but not limited to the mortgage related to the transaction;

5. An order that the lender return to the plaintiff of any money or property given by her to anyone, including the lender and lender's agents, in connection with the transaction;

10

6. An order enjoining the lender during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the plaintiff's property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive the plaintiff of ownership of her property;

7. Statutory damages for the lender's failure to respond properly to the plaintiff's rescission notice of not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 et seq. and 15 U.S.C. § 1640(a);

8. An order that, because the lender failed to tender in response to the plaintiff's notice of rescission, the plaintiff has no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all of the plaintiff's claims and order the lender to accept tender on reasonable terms and over a reasonable period of time;

9. Actual damages in an amount to be established at trial;

10. An order awarding the plaintiff costs and a reasonable attorney fee as provided under C.G.S. § 36a-676 et seq. and 15 U.S.C. § 1640(a);

11. Punitive damages as provided in C.G.S § 42-110g(a);

11

12. Reasonable attorney's fees and costs as provided in C.G.S. § 42-110a(d);

13. Such other and further relief as the Court deems just and proper.

                                    THE PLAINTIFF

                                    By *[signature]*
                                    Allen A. Currier, Her Attorney
                                    Allen A. Currier LLC
                                    258 Spielman Highway
                                    P.O. Box 2033
                                    Burlington, CT 06013
                                    Juris No. 302501
                                    Tel. No.: (860) 675-6655

ALLEN A. CURRIER LLC • ATTORNEYS AT LAW
P.O. BOX 2033, 258 SPIELMAN HIGHWAY, BURLINGTON, CT 06013
JURIS NO. 302501 • TELEPHONE (860) 675-6655

12

State of Connecticut
                Ss: Norwalk       February 7, 2008
County of Fairfield

Then and there by virtue of the original Writ, Summons and Complaint, I made service upon the within named Defendants

    American Home mOrtgage Corp. dba American Brokers Conduit
    American Home Mortgage Servicing, Inc.
    First Ohio Banc & Lending Inc.
    American Title Solutions, Inc.

By depositing a true and attested copy of the original Writ, Summons and Complaint with my doings thereon endorsed, in a U.S. Post Office, postage paid, certified/return receipt, directed as follows:

    "The Secretary", American Home Mortgage Servicing, Inc.,
    7142 Columbia Gateway Drive, Columbia, MD 21046;
    said letter bears #7007 3020 0001 6317 0913.
    for completion of service in acc. With CGS 33-929; and

    "The Secretary", America Title Solutions, Inc. 6100 Rockside Woods
    Blvd., Suite 115, Independence, OH 44131, said letter bears
    #7007 3020 0001 6317 0920, for service in acc. with CGS 33-929

and afterwards on the 15th of February 2008,

by leaving a true and attested copy of the original Writ, Summons and Complaint with my doings thereon endorsed,

    with and in the hands of Robert Ruscz, authorized to accept
    service for Corporation Service Company, Registered Agent for
    American Home Mortgage Corp of New York dba American
    Brokers Conduit at 50 Weston Street, Hartford, CT

and afterwards on the 15th of February 2008,

by leaving two true and attested copies of the original Writ, Summons and Complaint with my doings thereon endorsed,

    in the office of the Secretary of State, together with a $25 filing
    fee at 30 Trinity St., Hartford, CT for service upon First Ohio
    Banc & Lending Inc.

The within and foregoing is the original Writ, Summons and Complaint, with my doings hereon endorsed.

| Fees: | | Attest: |
|---|---|---|
| Process | $ 120.00 | |
| Travel | 106.00 | |
| Copies | 65.00 | |
| Endorsements | 2.40 | Alan M. Freedman |
| Postage | 11.10 | CT State Marshal |
| Sect. State | 25.00 | Fairfield County |
| Total | $ 329.50 | |