# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE, | ) | (Jointly Administered) |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | ) | |
| | ) | |
| *Debtors.* | ) | |
| | ) | |
| JULIA TRISTER, | ) | |
| | ) | |
| *Movant,* | ) | |
| | ) | Obj. Deadline: January 19, 2009 at 4:00 p.m. |
| v. | ) | Hr'g Date: January 28, 2009 at 10:00 a.m. |
| | ) | |
| AMERICAN HOME MORTGAGE, | ) | |
| HOLDINGS, INC., a Delaware corporation, et al.; | ) | |
| | ) | |
| *Respondents.* | ) | |

## CORRECTED MOTION OF JULIA TRISTER
## FOR (I) RETROACTIVE ANNULMENT AND (II) PROSPECTIVE RELIEF FROM
## THE AUTOMATIC STAY OR (III) ALTERNATIVE RELIEF

COMES NOW Julia Trister ("Ms. Trister" or the "Movant"), by and through her undersigned counsel, and hereby moves this Honorable Court pursuant to Section 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 for an order (i) annulling retroactively and (ii) lifting prospectively the automatic stay imposed by section 362 for the purpose of permitting

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp, a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. ("AHM Servicing") (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Mellville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75036.

Ms. Trister to proceed to trial against any or all of the above-captioned debtors (the "Defendant Debtors") in a non-bankruptcy court for the purpose of obtaining recission of her mortgage loan and related relief (the "Motion"). Alternatively, to the extent that the Debtors' Amended Chapter 11 Plan of Liquidation as of November 25, 2008 (the "Plan") may have been confirmed by the time this Motion is heard, Ms. Trister seeks, pursuant to Section 105(a) of the Bankruptcy Code, relief from all injunctive provisions contained in the Plan that relate to her state court litigation. In support of the Motion, Ms. Trister respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue for this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

2. Pre-petition, on or about November 6, 2006, Ms. Trister signed a note and mortgage provided by the Defendant Debtors, through their lending agents, in the principal amount of $516,000.00 in connection with the re-financing of her primary residence located at 2539 Bedford Street, Unit 37A, Stamford, CT 06905.

3. On August 6, 2007 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate and manage their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. On August 14, 2007, the United States Trustee appointed an Official Committee of Unsecured Creditors. No trustee or examiner has been appointed. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

5.    Post-petition, on or about February 5, 2008, without knowledge on the part of Ms. Trister or her counsel that the Debtors had filed for bankruptcy protection in this Court, Ms. Trister, through her counsel, filed a complaint (the "Complaint") in the Superior Court, State of Connecticut, styled Julia Trister v. American Home Mortgage Corp., d/b/a/ American Brokers Conduit, *et al.*, (the "State Court Action"). A copy of the Affidavit of Allen A. Currier, Esq. is attached hereto as Exhibit A.

6.    The Complaint sounds in two counts: "Count I: Violation of the Truth-in-Lending Acts and Regulations" and "Count II: Violation of Connecticut Unfair Trade Practices Act." A copy of the Complaint is attached hereto as Exhibit B. Essentially, the State Court Action seeks rescission (and related relief, including (i) monetary damages, (ii) rescission, and (iii) to enjoin any attempted foreclosure) of Ms. Trister mortgage loan arising out of the Defendant Debtors' and their lender agents' failure to inform Ms. Trister at closing that she had the right to rescind the transaction.[2]

7.    The deadline to respond to the Complaint was March 4, 2008. Although the Defendant Debtors have not answered, they have provided Ms. Trister's counsel in the State Court Action with a copy of a "Suggestion of Bankruptcy" dated February 28, 2008 and relating to a lawsuit apparently instigated against them by plaintiff Charmen C. Avila in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida. A copy of the Suggestion of Bankruptcy is attached hereto as Exhibit C.

8.    On November 17, 2008, Ms. Trister received a Notice of Intention to Foreclose on her property from American Home Mortgage Servicing, Inc., 4600 Regent Blvd., Suite 200, Irving, TX  75063-1730 (the "Foreclosure Letter"). A copy of the Foreclosure Letter is attached

---

[2] This brief description of the relief Ms. Trister seeks in the State Court Action is by of general background summary only and is not intended to limit in any manner whatsoever the full scope of relief demanded in the Complaint.

3

hereto as Exhibit D. The Foreclosure Letter purports to grant Ms. Trister the right to cure any alleged default by December 17, 2008. To the extent that this entity is not one of the Defendant Debtors, Ms. Trister intends to amend her Complaint to add this entity as a non-debtor defendant.

9. A confirmation hearing on the Debtors' Plan is currently scheduled for January 28, 2009.

## BASIS FOR THE RELIEF REQUESTED

10. The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay ... for cause....

11 U.S.C. § 362(d).

11. The United States Court of Appeals for the Third Circuit has ruled that retroactive annulment of the automatic stay is permissible in appropriate circumstances. In re Siciliano, 13 F.3d 748 (3d Cir. 1994) ("[S]ection 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay[.]") (internal quotations, citation omitted; bracketed material supplied).

12. Movant submits that the extant circumstance warrant retroactive annulment of the automatic stay because Movant (i) has not attempted to transfer property of the Defendant Debtors' estates post-petition and (ii) halted the State Court Action as to the Defendant Debtors immediately upon receiving the Suggestion of Bankruptcy (even though it was not related to the State Court Action). Movant respectfully submits that declaring the State Court Action void *ab inititio* would constitute a waste of judicial resources under the factual circumstances applicable in this case.

4

13. The term "cause" is not defined in the Code, but rather, must be determined on a case-by-case basis. In the Matter of Rexene Products Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citations, internal quotations omitted).

14. The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay ... for cause....

11 U.S.C. § 362(d). The term "cause" is not defined in the Code, but rather, must be determined on a case-by-case basis. In the Matter of Rexene Products Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citations, internal quotations omitted).

15. Rexene involved a class action lawsuit concerning contributions to an employee stock bonus plan. Id., at 575. The suit was filed against the debtors, the plan trustee, and the plan itself. Id. The matter was scheduled for trial in federal court in Texas when the debtors filed their Chapter 11 petitions. Id. The class representatives moved to lift the automatic stay, arguing that discovery was virtually complete and that the case would be ready for trial six weeks hence (after the class notice was sent and returned and three depositions were taken, which remaining discovery could be foregone, if necessary). Id. They also argued that, in the event their motion was denied, the class representatives would have to litigate twice: once against the debtor in Delaware pursuant to the bankruptcy court's claims estimation process and a second time against the trustee and the plan in Texas. Id. In response, the debtors emphasized the additional burden that any class action award would impose on their already overworked in-house legal team and personnel department. Id. In addition, they argued that a motion had already been filed to transfer the entire case to the bankruptcy court, which, if granted, would not

only promote judicial economy but also ease the debtors' burden by permitting them to proceed in their preferred venue. Id.

16. The Court granted the requested relief and order the stay lifted. Id., at 578. Judge Balick reasoned that no great prejudice would befall the debtors as discovery was nearly complete, any added burden on the debtors' in-house legal team was merely speculative, and the longer the trial was delayed the more burdensome it would be for both sides to prepare once again. Id., at 577. The Court noted that one primary reason for lifting the stay is to promote judicial economy. Id. Judge Balick reasoned further that the equities favored lifting the stay because the movants' burden and expense of transporting their lawsuit to Delaware outweighed any hardship to the debtors, especially in light of the fact that the movants' claim would have to be liquidated at some point. Id. Finally, the Court examined the movants' probability of success on the merits and concluded that the required "slight showing" was easily met where the defendants' motion for summary judgment had already been denied. Id., at 578.

17. As the Court expressed in a subsequent case, the three factors considered when balancing the competing interests of debtor and movant are (1) the prejudice that would be suffered should the stay be lifted, (2) the balance of hardships facing the parties, and (3) the probable success on the merits if the stay is lifted. In re Continental Airlines, 152 B.R. 420, 424 (D. Del. 1993).

18. Here, the facts weigh in Movants' favor on each of these three prongs. First, the Defendant Debtors would not suffer prejudice should the stay be lifted because it was either (i) one of the Defendant Debtors or (ii) another entity using the exact same name as one of the Defendant Debtors that is seeking to foreclose on Ms. Trister's property.

6

**Prejudice**

19.     At least one of the Defendant Debtors was licensed to do business in Connecticut and is subject to the personal jurisdiction of the Connecticut State Courts in connection therewith. There is nothing prejudicial about haling such Defendant Debtor before the Connecticut state courts. Ms. Trister is a Connecticut resident, represented by a Connecticut lawyer, in connection with a business transaction conducted in Connecticut by an entity licensed to do business in Connecticut and relating to property located in Connecticut. She has already incurred the costs associated with retaining Connecticut counsel and filing her lawsuit. As plaintiff, Ms. Trister's choice of forum ought to be respected.

20.     Moreover, as the Defendant Debtors have already submitted their Plan, they are beyond their "breathing spell" and will not be distracted or otherwise prejudiced by having to defend the State Court Action.

21.     Furthermore, to the extent that the Defendant Debtors' alleged monetary liability to the Ms. Trister is covered by any applicable insurance policies, such as errors and omissions policies, any recovery by Ms. Trister will not affect the Defendant Debtors' estates. In re Louisiana World Exposition, Inc., 832 B.R. 1391 (5th Cir. 1987) (debtor has no property interest in its insurance coverage); Matter of Edgeworth, 993 F.2d 51 (5th Cir. 1993) (same). To the extent that the monetary aspect of Ms. Trister's claims are not covered by the Defendant Debtors' insurance, she simply seeks to liquidate, as opposed to collect, her monetary damages via the State Court Action. In re Tricare Rehabilitation Systems, Inc., 181 B.R. 569, 578 (Bankr. N.D. Ala. 1994) (lifting the stay to liquidate, as opposed to collect); In re Metzner, 167 B.R. 414, 416 (E.D. La. 1994) (same). Ms. Trister's claims against the Defendant Debtors as set forth in the Complaint will have to be liquidated at some point in some forum before they could receive any distribution in this bankruptcy proceeding.

22.     In addition, it appears that Ms. Trister will likely be forced to pursue equitable relief in the Connecticut state courts in order to enjoin the threatened foreclosure. It only makes sense that she should have the option of consolidating all litigation relating to the underlying loan transaction into the State Court Action, should she so choose. Otherwise, Ms. Trister will be prejudiced by having to prosecute and defend multiple lawsuits on multiple fronts simultaneously. While the Defendant Debtors may have the resources to handle multiple litigations involving overlapping facts and parties, Ms. Trister is an individual and will be prejudiced by the comparative lack of "deep pockets" as well as that fact that she was an immigrant from Eastern Europe (now a naturalized citizen) for whom English is not her primary language.

## Hardship

23.     Regardless of the threatened foreclosure, Ms. Trister will face substantial hardship if the stay is not lifted. She is a Connecticut resident, represented by a Connecticut lawyer, in connection with a business transaction conducted in Connecticut by an entity licensed to do business in Connecticut and relating to property located in Connecticut. Connecticut state Truth-in-Lending laws will be applicable at least in part to the State Court Action. There is simply no equitable reason to force Ms. Trister to abandoned her preferred forum and litigate her claims against the Defendant Debtors Delaware.

24.     Moreover, it is not clear whether this Court could exercise even "related to" subject matter jurisdiction over the non-debtor defendants. Any bifurcation of the State Court Action could expose all parties, including the Defendant Debtors, to inconsistent or conflicting verdicts, thereby jeopardizing the overarching goal of uniformity in the administration of justice. Furthermore, as a practical matter, bifurcation would effectively require Ms. Trister to litigate her lawsuit twice, once in Connecticut against the non-debtor defendants and a second time in

Delaware, thereby forcing Ms. Trister to incur all of the attendant duplicative costs. Nor would this be an efficient use of scare judicial resources either.

25.     Additionally, to the extent that Ms. Trister is forced to the defend a baseless threatened foreclosure action instituted against her post-petition in Connecticut by one of the Defendant Debtors (or a non-debtor entity using one of the Defendant Debtor's names), she could be forced to litigate three separate actions all arising out of the same transaction.

26.     Of critical importance is the fact that Ms. Trister's key witnesses who live more than 100 miles from this district could not be compelled by subpoena to testify at any trial held in Delaware.[3] The State Court Action is the proper forum in which to proceed. In re The Conference of African Union First Colored Methodist Protestant Church, 184 B.R. 207, 218 (Bankr. D. Del. 1995) ("[T]he existence of a more appropriate forum than the bankruptcy court is "cause" for relief under Code § 362(d)(1)."); see In the Matter of Baker, 75 B.R. 120, 121 (Bankr. D. Del. 1987) (granting relief from stay to permit Family Court to determine issues with which it has expertise).

### Merits

27.     The final prong of the analysis is satisfied by "even a slight probability of success on the merits ... in an appropriate case." In re Continental Airlines, 152 B.R. at 425. This prong also weighs in Ms. Trister's favor because the conduct of which she complains is expressly prohibited (and the relief she seeks is expressly provided) by Connecticut statutes. Certainly, Ms. Trister's claims are colorable. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where ... the decision-making

---

[3] Fed.R.Civ.P. 45(b)(2) and c(3)(A)(ii), made applicable in cases under the Bankruptcy Code by Fed.R.Bankr.P. 9016. The Committee Note to Rule 9016 states: "Although Rule 7004(d) authorizes nationwide service of process, Rule 45 F.R.Civ.P. limits the subpoena power to the judicial district and places outside the district which are within 100 miles of the place of the trial or hearing."

9

process should be relegated to bodies other than [the bankruptcy] court." In re Fonseca v. Philadelphia Housing Authority, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990). No strong defenses would appear to exist here. At the very least, there can be no question that the State Court Action presents triable factual issues. In re Fernstrom Storage and Van Co., 938 F.2d 731, 736 (7th Cir. 1991) (the court lifted the automatic stay where underlying action was not frivolous).

28. On these facts, cause exists to lift the stay. In the Matter of Rexene Products, Inc., 141 B.R. at 576 (legislative history indicates "cause" may be established by single factor including to permit action to proceed in another tribunal)

## ALTERNATE RELIEF REQUESTED

29. To the extent that the Debtors' Plan may have been confirmed by the time this Motion comes on for hearing (both are scheduled for the same day), Ms. Trister respectfully requests that the Court exercise its equitable powers under Section 105(a) of the Bankruptcy Code and enter an order excepting the State Court Action from (i) the operation of Section 524 of the Bankruptcy Code (statutory discharge injunction) and (ii) all injunctive provisions of the Debtors' Plan, if any, that relate to the State Court Action.

## CONCLUSION

WHEREFORE, Movant respectfully requests the entry of an Order, substantially in the form attached hereto, (i) retroactively annulling the automatic stay imposed by Section 362(a) of the Bankruptcy Code to ratify the post-petition filing of the State Court Action, (ii) prospectively lifting the automatic stay to allow Movant to proceed with prosecuting the State Court Action to judgment or other resolution, thereby, *inter alia*, liquidating her claims against the Defendant Debtors, (iii) permitting the Movant to seek satisfaction of any monetary judgment (or other favorable disposition) obtained against the Defendant Debtors from any insurance coverage available to the Debtors that may be applicable to Movant's claims; (iv) permitting the Movant to have an allowed unsecured claim(s) against the Defendant Debtors to the extent of any deficiency not covered by insurance, and (v) granting to the Movant such other and further relief as this Honorable Court deems just and proper.

Dated: January 7, 2009
Wilmington, Delaware

SULLIVAN · HAZELTINE · ALLINSON LLC

*/s/ E.E. Allinson, III*
Elihu E. Allinson, III (No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
(302) 428-8191

-- and --

Allen A. Currier, Esq.
**Allen A. Currier, LLC**
258 Spielman Highway
P.O. 2033
Burlington, CT 06013

*Attorneys for Julia Trister*