# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

In re:

AMERICAN HOME MORTGAGE HOLDINGS,
INC., a Delaware corporation, et al.,[1]

      Debtors.

------------------------------------------------------------- x

Chapter 11

Case No. 07-11047 (CSS)

Jointly Administered

Ref. Docket Nos. 6717 and 6799

## CERTIFICATION OF COUNSEL REGARDING ORDER APPROVING THE SECOND STIPULATION BY AND AMONG THE DEBTORS, CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS OF THE DEBTORS, THE PRIMARY INSURER, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, TO ENFORCE INSURANCE POLICY IN FAVOR OF INSURED PERSONS

On December 15, 2008, the above-captioned debtors and debtors-in-possession (collectively, "Debtors"), by and through their undersigned attorneys, filed the *Motion of the Debtors for the Entry of an Order Approving the Second Stipulation by and Among the Debtors, Certain Current and Former Directors and Officers of the Debtors, and the Official Committee of Unsecured Creditors for an Order Granting Relief from the Automatic Stay, to Enforce Insurance Policy in Favor of Insured Persons* (the "Motion") [Docket No. 6717].

On or about January 9, 2009, the Teachers' Retirement System of Oklahoma and the Oklahoma Police Pension and Retirement System filed a limited objection [Docket No. 6799] (the "Objection") to the Motion[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] All capitalized terms not herein defined shall have the meaning ascribed to them in the Motion.

                                                        

As a result of discussions between the parties, a consensual resolution with respect to the Objection was reached, the terms of which are reflected in the revised proposed form of order (the "Revised Order"), attached hereto as Exhibit A. For the convenience of the Court and parties in interest, a blackline comparing the Revised Order against the order filed with the Motion is attached hereto as Exhibit B.

WHEREFORE, the Debtors respectfully request that the Court enter the Revised Order without further notice or hearing at the Court's earliest convenience.

Dated:  Wilmington, Delaware
        January 9, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Kenneth J. Enos. (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

**Exhibit A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
In re:                                                  :
                                                        :    Chapter 11
AMERICAN HOME MORTGAGE                                   :
HOLDINGS, INC.,                                          :    Case No. 07-11047 (CSS)
a Delaware corporation, et al., ¹                        :
                                                        :    Jointly Administered
        Debtors.                                        :
                                                        :    Ref. Docket No.: 6717
------------------------------------------------------- x
```

### ORDER APPROVING SECOND STIPULATION BY AND AMONG THE DEBTORS, CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS OF THE DEBTORS, THE PRIMARY INSURER, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, TO ENFORCE INSURANCE POLICY IN FAVOR OF INSURED PERSONS

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order approving the Second Stipulation By and Among the Debtors, Certain Current and Former Directors and Officers of the Debtors, the Primary Insurer, and the Official Committee of Unsecured Creditors for an Order Granting Relief From the Automatic Stay, to Enforce Insurance Policy In Favor of Insured Persons (the "Stipulation"), a copy of which is attached hereto as Exhibit 1; and it appearing that the Stipulation and the relief requested in the Motion is in the best interests of the Debtors, their creditors and their estates; and it appearing that the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of

the Motion having been provided, and it appearing that no other or further notice need be

provided; and after due deliberation and sufficient cause appearing therefore; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Second Stipulation is approved; and its is further

ORDERED that nothing in this Order or the Stipulation shall constitute a

determination that the proceeds of the Insurance Policies are property of the Debtors' estates, and

the rights of all parties in interest to assert that the proceeds of the Insurance Policies are, or are

not, property of the Debtors' estates are reserved; and it is further

ORDERED that, the automatic stay pursuant to section 362 of the Bankruptcy

Code shall be lifted for the sole and limited purpose of effectuating the Second Stipulation; and it

is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising

from or related to the interpretation or implementation of this Order.

Date:  Wilmington, Delaware
       _____, 2009        _____
                                          Christopher S. Sontchi
                                          United States Bankruptcy Judge

# **EXHIBIT 1**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------x

In re:                                                        :        Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :           Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                           :
                                                             :        Jointly Administered
                                                             :
          Debtors.                                           :
-----------------------------------------------------------------x

### STIPULATION BY AND AMONG THE DEBTORS, CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS OF THE DEBTORS, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, TO ENFORCE INSURANCE POLICY IN FAVOR OF INSURED PERSONS

This Stipulation and Agreement for an Order Granting Relief From Stay ("Stipulation")

is made by and among: (i) the above-captioned debtors and debtors in possession (collectively,

"AHM" or the "Debtors"); (ii) the Official Committee of Unsecured Creditors of the Debtors

(the "Committee"); and (iii) Michael Strauss, Stephen Hozie, Robert Bernstein, Richard Loeffler,

Thomas McDonough, Rebecca Brichta, Mary Feder, Dawn Greenbaum, John A. Johnston,

Nicholas R. Marfino, Michael A. McManus, Jr., Nicholas Parrinelli, C. Cathleen Raffaeli,

Kristian R. Salovaara, Kenneth P. Slosser, and Irving J. Thau  (with the Debtors and the

Committee, the "Parties").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Based on the facts set forth herein, the Parties hereto stipulate and agree that the Insured Persons (as defined herein) shall be granted immediate relief from the automatic stay to enforce their rights and/or receive payments for Defense Costs (as defined in the Insurance Policies (as defined herein)) of up to $10.0 Million Dollars, in the aggregate for all Insured Persons, of the policy proceeds payable under the Directors, Officers and Corporate Liability/General Partners and Limited Partnership Liability Insurance Policy, policy number 673-84-28, as amended and modified, from time to time (the "Primary Insurance Policy") ($10.0 million in coverage), with American International Group, Inc., National Union Fire Insurance Company of Pittsburgh, Pa. (the "Primary Insurer").

In addition to the Primary Insurance Policy, there are four excess policies, (collectively the "Excess Policies"). The Excess Policies are as follows:

i.    Lloyd's of London, policy number 146/LDUSA0601849 ($10.0 million in excess coverage);

ii.   Zurich American Insurance Company, policy number EOC96809911-00 ($10.0 million in excess coverage);

iii.  American International Group, Inc., Illinois National Insurance Company, policy number 673-86-10 ($10.0 million in excess coverage); and

iv.   ACE American Insurance Company, policy number DOX G23651439-001 ($10.0 million in excess coverage, solely for the Insured Persons).

The Excess Insurance Policies and the Primary Insurance Policy shall be collectively referred to as the "Insurance Policies," the carriers shall be collectively referred to as the "Insurers," and, for the purposes of this Stipulation, all present and former directors, officers and employees of any of the Debtors who are Natural Person Insureds within the meaning of the Primary Insurance

Policy and (1) are named in the Actions (defined below) or (2) are now, or in the future, named (or otherwise required to incur legal and related expenses covered by the Insurance Policies) in any other actions, including without limitation governmental investigations (collectively, the "Other Actions"), including, but not limited to Michael Strauss, Stephen Hozie, Robert Bernstein, Richard Loeffler, Thomas McDonough, Rebecca Brichta, Mary Feder, Dawn Greenbaum, John A. Johnston, Nicholas R. Marfino, Michael A. McManus, Jr., Nicholas Parrinelli, C. Cathleen Raffaeli, Kristian R. Salovaara, Kenneth P. Slosser, and Irving J. Thau shall be collectively referred to as "Insured Persons." The Insured Persons collectively with the Debtors shall be referred to as "Insured Parties."

In support thereof, the Parties state as follows:

1.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware. The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1005(b) of the Federal Rules of Bankruptcy Procedure. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 14, 2007, the United States Trustee for the District of Delaware appointed the Committee. No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

2.      Prior and subsequent to the Petition Date, certain of the Insured Parties were named as defendants in twenty complaints, which complaints generally fall into the category of Class Action Securities Litigation. On December 19, 2007, the Judicial Panel on Multidistrict Litigation (the "Panel") transferred the nineteen actions then pending to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1407, where they

have been assigned to the Honorable Thomas C. Platt. The Consolidated Amended Class Action Complaint was filed on June 4, 2008. On April 2, 2008, an additional class action complaint was filed against certain of the Insured Parties, and on October 8, 2008, that action was transferred to the Eastern District of New York for coordinated or consolidated pretrial proceedings before the Honorable Thomas C. Platt. These twenty actions shall be referred to collectively as the "Actions."

3.      The defendants in the Actions are certain of the Insured Parties. Currently, because of the Debtors' bankruptcy cases, the Actions are stayed as against AHM. However, the Actions and certain Other Actions are proceeding as against certain of the other Insured Parties. Accordingly, certain of the Insured Persons are incurring legal and related expenses in connection with defending themselves in those proceedings. Although they believe that the allegations in the Actions and those certain Other Actions that are currently proceeding are without merit, the Insured Persons face exposure with respect to costs of defense.

4.      Prior to the commencement of the Actions, the Debtors purchased the Insurance Policies for the benefit of those identified as insureds within the meaning of the Insurance Policies.

5.      Pursuant to the Insurance Policies, the Insured Persons are entitled to have certain legal fees and expenses incurred by them in the defense of the Actions and Other Actions, and covered by the Insurance Policies, advanced to them by the Insurers, subject to the Insurers' right to be repaid by an Insured Person any amount advanced to or on behalf of such Insured Person in the event and to the extent such Insured Person shall not be entitled under the terms and conditions of the Insurance Policies to payment of such legal fees and expenses.

6.     In accordance with the Insurance Policies, the Insured Persons have made, and will continue to make demands on the Insurers to advance the Defense Costs (as defined in the Insurance Policies) they have and will continue to incur in defending themselves in the Actions and in Other Actions.

7.     On April 13, 2008, this Court entered an Order Approving Stipulation By and Among the Debtors, Certain Current and Former Directors and Officers of the Debtors, the Primary Insurer, and the Official Committee of Unsecured Creditors for an Order Granting Relief from the Automatic Stay, to Enforce Insurance Policy in Favor of Insured Persons (the "Order"). The Order permitted the Insured Persons to receive up to $5 million in the aggregate for all Insured Persons combined under the Primary Insurance Policy for any past, present or future Defense Costs (as defined in the Primary Insurance Policy) incurred or to be incurred by any Insured Person in connection with the Actions or Other Actions.

8.     The Parties have entered into this Stipulation for relief from the automatic stay with the understanding that it is only an interim resolution to permit the Primary Insurer to advance defense costs to the Insured Persons. The Parties shall continue to attempt to negotiate a more global agreement regarding the Insurance Policies and reserve all rights to seek or oppose any additional relief regarding the Insurance Policies or anything related thereto.

9.     Based on the foregoing, it is hereby Stipulated and Agreed to by and between the Parties as follows:

a)     Subject to Bankruptcy Court approval, the provisions of section 362 of the Bankruptcy Code are modified to permit the Insured Persons to receive up to an additional $5.0 million (beyond the $5 million permitted by the Order) in the aggregate for all Insured Persons combined under

the Primary Insurance Policy (the "Stipulated Payment Amount") for any

past, present or future Defense Costs (as defined in the Primary

Insurance Policy) incurred or to be incurred by any Insured Person in

connection with the Actions or Other Actions.

b)    Except with respect to the lifting of the automatic stay pursuant to

paragraph a) hereof, the Parties reserve all rights, including but not

limited to asserting that the proceeds of the Insurance Policies are, or are

not, property of the Debtors' estates.  The advance of Defense Costs up

to the Stipulated Payment Amount shall be without prejudice to the (i)

right of each of the Insured Persons to request, from the Bankruptcy

Court or otherwise, in accordance with the terms of the Insurance

Policies, the advance of additional Defense Costs in excess of the

Stipulated Payment Amount, and the payment of all other elements of

covered loss to which each of the Insured Persons is entitled up to the

full limit of liability under the Insurance Policies; and (ii) right of the

Debtors or the Committee to oppose any such request.

c)    Following the approval of this Stipulation by the Bankruptcy Court, until

the earlier of:  (i) confirmation and effectiveness of a chapter 11 plan of

liquidation; (ii) appointment of a chapter 11 trustee or conversion of one

or more of the Debtors' cases to chapter 7; or (iii) further order of the

court, counsel for the Insured Persons whose fees and costs are actually

paid by the Insurers with regard to the Actions or Other Actions shall,

within 30 days following the final day of October of this year, and then

ny-835564                                  6

within 30 days following the final day of each of December, March, June, and September deliver to counsel for the Debtors and counsel for the Committee a statement setting forth the total aggregate amount of fees and costs actually paid by the Insurer pursuant to this Stipulation, identifying and providing a brief status of the Actions or Other Actions for which such fees and costs were advanced.

d)    This Stipulation is subject to and does not alter or amend the terms and/or conditions of any of the Insurance Policies or any reservations of rights under those policies, including, without limitation, any right to reimbursement of an advance from an Insured Person and any right by the Debtors to make claims under or to receive payment of loss under the Insurance Policies subject to the terms and conditions of the Insurance Policies.

e)    This Stipulation, and any disputes that may arise out of this Stipulation, shall be subject to the jurisdiction of the Bankruptcy Court.

f)    This Stipulation shall be interpreted in accordance with the laws of the State of Delaware, without regard to any conflicts of laws principles.

g)    This Stipulation may be executed in any number of counterparts and by facsimile or electronic transmission, each of which shall be an original, with the same effect as if the signatures hereto were upon the same document.

STIPULATED AND AGREED:

Dated: December 3, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Tel: (302) 571-6600
Fax: (302) 571-1253

*Counsel for the Debtors and Debtors in Possession*

BLANK ROME LLP

Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel: (302) 425-6400
Fax: (302) 425-6464

and

HAHN & HESSEN, LLP
Mark S. Indelicato
Mark T. Power
488 Madison Avenue
New York, NY 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Official Committee of Unsecured
Creditors of American Home Mortgage Holdings,
Inc., et al.*

SIMPSON THACHER & BARTLETT LLP

Paul C. Curnin
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for Michael Strauss*


MORRISON & FOERSTER


Jack C. Auspitz
Larry Gerschwer
1290 Avenue of the Americas
New York, New York 10104-0050
Telephone: (212) 468-8046
Facsimile: (212) 468-7900

*Counsel for Stephen Hozie*


LANKLER SIFFERT & WOHL


Frank H. Wohl
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 921-8399
Facsimile: (212) 764-3701

*Counsel for Robert Bernstein*

SIMPSON THACHER & BARTLETT LLP

_____

Paul C. Curnin
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for Michael Strauss*


MORRISON & FOERSTER

_____

Jack C. Auspitz
Larry Gerschwer
1290 Avenue of the Americas
New York, New York 10104-0050
Telephone: (212) 468-8046
Facsimile: (212) 468-7900

*Counsel for Stephen Hozie*


LANKLER SIFFERT & WOHL

_____

Frank H. Wohl
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 921-8399
Facsimile: (212) 764-3701

*Counsel for Robert Bernstein*

SIMPSON THACHER & BARTLETT LLP

_____

Paul C. Curnin
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for Michael Strauss*


MORRISON & FOERSTER

_____

Jack C. Auspitz
Larry Gerschwer
1290 Avenue of the Americas
New York, New York 10104-0050
Telephone: (212) 468-8046
Facsimile: (212) 468-7900

*Counsel for Stephen Hozie*


LANKLER SIFFERT & WOHL

_____

Frank H. Wohl
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 921-8399
Facsimile: (212) 764-3701

*Counsel for Robert Bernstein*

ny-835564                    9

SHEARMAN & STERLING LLP

_(signature)_                    12/4/08

Tai H. Park
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848 4000
Facsimile: (212) 848 7179

_Counsel for Rebecca Brichta, Mary Feder, Dawn
Greenbaum, and Nicholas Parrinelli_

WILLKIE FARR & GALLAGHER LLP

Mei Lin Kwan-Gett
787 Seventh Avenue
New York, New York 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

_Counsel for Richard Loeffler_

ALLEN & OVERY LLP

Pamela Rogers Chepiga
Patricia M. Hynes
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6363

_Counsel for Nicholas R. Marfino,
Michael A. McManus, Jr., C. Cathleen
Raffaeli, Kristian R. Salovaara,
Kenneth P. Slosser, and Irving J. Thau_

SHEARMAN & STERLING LLP

_____

Tai H. Park
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848 4000
Facsimile: (212) 848 7179

*Counsel for Rebecca Brichta, Mary Feder, Dawn*
*Greenbaum, and Nicholas Parrinelli*

WILLKIE FARR & GALLAGHER LLP

_____

Mei Lin Kwan-Gett
787 Seventh Avenue
New York, New York 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for Richard Loeffler*

ALLEN & OVERY LLP

_____

Pamela Rogers Chepiga
Patricia M. Hynes
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6363

*Counsel for Nicholas R. Marfino,*
*Michael A. McManus, Jr., C. Cathleen*
*Raffaeli, Kristian R. Salovaara,*
*Kenneth P. Slosser, and Irving J. Thau*

SHEARMAN & STERLING LLP

Tai H. Park
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848 4000
Facsimile: (212) 848 7179

*Counsel for Rebecca Brichta, Mary Feder, Dawn
Greenbaum, and Nicholas Parrinelli*

WILLKIE FARR & GALLAGHER LLP

Mei Lin Kwan-Gett
787 Seventh Avenue
New York, New York 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for Richard Loeffler*

ALLEN & OVERY LLP

Pamela Rogers Chepiga
Patricia M. Hynes
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6363

*Counsel for Nicholas R. Marfino,
Michael A. McManus, Jr., C. Cathleen
Raffaeli, Kristian R. Salovaara,
Kenneth P. Slosser, and Irving J. Thau*

GIBSON, DUNN & CRUTCHER LLP,

Wesley G. Howell
Marshall R. King
Kenneth Juan Figueroa
200 Park Avenue
New York, New York  10166
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035

*Attorneys for John A. Johnston*

GAGE SPENCER & FLEMING LLP

G. Robert Gage, Jr.
Laura-Michelle Rizzo
410 Park Avenue
New York, New York  10022
Telephone:  (212) 768-4900
Facsimile:  (212) 768-3629

*Attorneys for Thomas McDonagh*

GIBSON, DUNN & CRUTCHER LLP

Wesley G. Howell
Marshall R. King
Kenneth Juan Figueroa
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for John A. Johnston*

GAGE SPENCER & FLEMING LLP

G. Robert Gage, Jr.
Laura-Michelle Rizzo
410 Park Avenue
New York, New York 10022
Telephone: (212) 768-4900
Facsimile: (212) 768-3629

*Attorneys for Thomas McDonagh*

NO OBJECTION:

AIG Domestic Claims o/b/o National Union
and Illinois National Insurance Companies

By: _____

EDWARD DRUMMOND
S.C.C.D , AIGDC

**Exhibit B**

066585.1001

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------- x

In re:

AMERICAN HOME MORTGAGE
HOLDINGS, INC.,
a Delaware corporation, et al., [1]

    Debtors.

--------------------------------------------------------- x

:   Chapter 11

:   Case No. 07-11047 (CSS)

:   Jointly Administered

:   **Ref. Docket No.: ———————6717**

## ORDER APPROVING SECOND STIPULATION BY AND AMONG THE DEBTORS, CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS OF THE DEBTORS, THE PRIMARY INSURER, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, TO ENFORCE INSURANCE POLICY IN FAVOR OF INSURED PERSONS

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order approving the Second Stipulation By and Among the Debtors, Certain Current and Former Directors and Officers of the Debtors, the Primary Insurer, and the Official Committee of Unsecured Creditors for an Order Granting Relief From the Automatic Stay, to Enforce Insurance Policy In Favor of Insured Persons (the "Stipulation"), a copy of which is attached hereto as Exhibit 1; and it appearing that the Stipulation and the relief requested in the Motion is in the best interests of the Debtors, their creditors and their estates; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]  Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

the Motion having been provided, and it appearing that no other or further notice need be

provided; and after due deliberation and sufficient cause appearing therefore; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Second Stipulation is approved; and its is further

ORDERED that nothing in this Order or the Stipulation shall constitute a

determination that the proceeds of the Insurance Policies are property of the Debtors' estates, and

the rights of all parties in interest to assert that the proceeds of the Insurance Policies are, or are

not, property of the Debtors' estates are reserved; and it is further

ORDERED that, the automatic stay pursuant to section 362 of the Bankruptcy

Code shall be lifted for the sole and limited purpose of effectuating the Second Stipulation; and it

is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising

from or related to the interpretation or implementation of this Order.

Date:    Wilmington, Delaware
_____, 2008
_____, 2009

_____

Christopher S. Sontchi
United States Bankruptcy Judge

# **EXHIBIT 1**