## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE | : | |
| HOLDINGS, INC., et al., | : | Case No. 07-11047 (CSS) |
| | : | |
| | : | **Hearing Date: January 28, 2009, at 10:00 AM (ET)** |
| | : | **Objections Due: January 14, 2009, at 4:00 PM (ET)** |
| Debtors. | : | |
| | : | |

## OBJECTION BY THE UNITED STATES TO THE DEBTORS' AMENDED CHAPTER 11 PLAN OF LIQUIDATION

The United States, on behalf of its Internal Revenue Service ("IRS"), by and through the undersigned attorneys, in support of its objection to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 ("Plan"), avers as follows:

1.   On August 6, 2007, the debtors filed  bankruptcy petitions seeking relief under Chapter 11 of the Bankruptcy Code.

2.   IRS is a creditor and party in interest.  IRS has asserted a priority, pre-petition claim against American Home Mortgage Holdings, Inc., in the amount of $879,550.61 and a general unsecured claim in the amount of $22,011.82.  The IRS has also filed a secured claim against American Home Mortgage Servicing, Inc., in the amount of $111,900.72.  Lastly, the IRS has asserted a priority and general unsecured claim against American Home Mortgage Investment Corp., in the total amount of $496.56.

3.   IRS objects to the treatment in the Plan of its priority tax claims in Article 3, Paragraph D to the extent it fails to pay its priority tax claims in full in cash on the Effective Date.  The IRS objects to the payment of its claims over a period of years because this is a

liquidating Plan and anything other than immediate payment unfairly shifts the risk of non-payment of its claims to the IRS.  The IRS also objects to Paragraph D to the extent it purports to limit the IRS' ability to assess applicable penalties with respect to Priority Tax Claims.

4.  IRS objects to the treatment of its general unsecured claims in Article 4, Paragraph G and Article 9, Paragraph A(3) of the Plan to the extent those paragraphs fail to specifically provide when distributions to general unsecured creditors will be made and how often any such distributions will occur.

5.  IRS objects to the treatment of its secured claim in Article 4, Paragraph B of the Plan to the extent it fails to provide for payment of the IRS secured claim in cash in full on the Effective Date.

6.  IRS objects to Article 9, Paragraph A(1) to the extent that the Allowed secured and priority claims of the IRS are not paid in full in cash on the Effective Date.

7.  IRS objects to Article 12, Paragraph A of the Plan to the extent it fails to preserve the setoff and recoupment rights of the United States.  Confirmation of a plan does not extinguish setoff claims when they are timely asserted.  United States v. Continental Airlines (In re Continental Airlines), 134 F.3d 536, 542 (3d Cir. 1998), cert. denied, 525 U.S. 929 (1998).  IRS has asserted its right to setoff in its claims and it has notified the debtors of its intention to affect setoff against any available monies held by other federal agencies.  Like other creditors, the United States has the common law right to setoff mutual debts.  "The government has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." United States v. Munsey Trust Co. of Washington, D.C., 332 U.S. 234 (1947) (citing Gratiot v. United States, 40 U.S. (15 Pet) 336, 370, 10 L.Ed. 759 (1841)); see also Amoco Prod. Co. v. Fry, 118 F.3d 812, 817 (D.C. Cir. 1997).

This right – "which is inherent in the federal government – is broad and 'exists independent of any statutory grant of authority to the executive branch.'" Marre v. United States, 117 F.3d 297, 302 (5th Cir. 1997) (quoting United States v. Tafoya, 803 F.2d 140 (5th Cir. 1986)).  Hence, the United States can setoff mutual prepetition debts and claims as well as postpetition debts and claims. Zions First Nat'l Bank, N.A. v. Christiansen Bros. (In re Davidson Lumber Sales, Inc.), 66 F.3d 1560, 1569 (10th Cir. 1995); Palm Beach County Bd. Of Pub. Instruction (In re Alfar Dairy, Inc.), 458 F.2d 1258, 1262 (5th Cir.), cert. denied, 409 U.S. 1048 (1972); Mohawk Indus., Inc. v. United States (In re Mohawk Indus., Inc.), 82 B.R. 174, 178-79 (Bankr. D. Mass. 1987). The Plan makes no provision for these rights.  Such treatment is impermissible, because Section 553 of the Bankruptcy Code preserves the right of setoff in bankruptcy as it exists outside bankruptcy, Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995), neither expanding nor constricting it, United States v. Maxwell, 157 F.3d 1099, 1102 (7th Cir. 1998).  "[T]he government of the United States suffers no special handicap under § 553 of the Bankruptcy Code," id. at 1103, that alters this principle.  Moreover, because "[s]etoff occupie[s] a favored position in our history of jurisprudence," Bohack Corp. v. Borden, Inc., 599 F.2d 1160, 1164 (2d Cir. 1979), courts do not interfere with its exercise absent "the most compelling circumstances." Niagra Mohawk Power Corp. v. Utica Floor Maintenance, Inc. (In re Utica Floor Maintenance, Inc.), 41 B.R. 941, 944 (N.D.N.Y. 1984); see also New Jersey Nat'l Bank v. Gutterman (In re Applied Logic Corp.), 576 F.2d 952 (2d Cir. 1978) ("The rule allowing setoff ... is not one that courts are free to ignore when they think application would be unjust.").  Compelling circumstances generally entail criminal conduct or fraud by the creditor. In re Whimsy, Inc., 221 B.R. 69 (S.D.N.Y. 1998).  No such compelling circumstances are present here, and accordingly, the Plan must provide for and preserve the government's setoff rights.  Failure to do so violates

section 1129(a)(1).  ("The court shall confirm a plan only if ... the plan complies with the applicable provisions of this title".)

8.  IRS objects to Article 8(F)(2) and Article 14(L) of the Plan to the extent that it provides that the Plan Trust Agreement controls in the event of any conflict between the Amended Plan, the Confirmation Order and the Plan Trust Agreement.

9.  IRS objects to the Plan as infeasible as proposed.

**WHEREFORE,** IRS respectfully requests that the Court deny confirmation of the Plan and grant such other and further relief as the Court deems necessary and just.

DAVID WEISS
Acting United States Attorney

*/s/ Ellen W. Slights*
By:_____
Ellen W. Slights
Assistant United States Attorney
Delaware State Bar No. 2782
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

January 14, 2009

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
|  | : |  |
| AMERICAN HOME MORTGAGE | : |  |
| HOLDINGS, INC., et al., | : | Case No. 07-11047 (CSS) |
|  | : |  |
|  | : | **Hearing Date: January 28, 2009, at 10:00 AM (ET)** |
|  | : | **Objections Due: January 14, 2009, at 4:00 PM (ET)** |
| Debtors. | : |  |
|  | : |  |

### AFFIDAVIT OF SERVICE

I, Karen Hill, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on January 14, 2009, a copy of the **OBJECTION BY THE UNITED STATES TO THE DEBTORS' AMENDED CHAPTER 11 PLAN OF LIQUIDATION** was served, as indicated, upon:

Robert S. Brady, Esq.
Jeremy R. Johnson, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19899
via facsimile (302) 576-3283

Kevin Nystrom, Esq.
Bret Fernandes, Esq.
Zolfo Cooper LLC
900 Third Avenue
New York, NY 10022
via facsimile ( 212) 213-1749

Joseph J. McMahon, Esq.
Office of the United States Trustee
844 King Street
Suite 2207
Wilmington, DE 19801
via facsimile (302) 573-6497

Mark S. Indelicato, Esq.
Mark T. Power, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY 10022
via facsimile (212) 478-7400

Bonnie Glantz Fatell, Esq.
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19891
via facsimile (302) 428-5110

Stephen A. Weisbrod, Esq.
Gilbert Oshinsky LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
via facsimile (202) 772-3333

Thomas G. Macauley, Esq.
Zuckerman Spaeder LLP
919 Market Street, Suite 990
Wilmington, DE 19801
via facsimile (302) 427-8242

*/s/ Karen Hill*

Karen Hill