IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

IN RE:                                      CASE NO. 07-11047 (CSS)
                                              (JOINTLY ADMINISTERED)

AMERICAN HOME MORTGAGE HOLDINGS,
INC., et al.

  DEBTORS.                              CHAPTER 11

                                      Hearing: January 28, 2009 at 10:00 am (ET)

LOCAL TEXAS TAX AUTHORITIES' OBJECTION
TO DEBTORS' AMENDED PLAN OF LIQUIDATION

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COME  Angelina County, Bexar County, Cameron County, Harris County, McAllen, McAllen ISD, Montgomery County, Nueces County, Somervale CAD, Coppell ISD, Dallas County, DeSoto, DeSoto ISD, and Tarrant County  (hereinafter "Local Texas Tax Authorities" or "Tax Authorities"), and file their Objection to Debtors' Amended Plan of Liquidation, on the following grounds:

I.

The Local Texas Tax Authorites are  political subdivisions of the State of Texas.  The claims of the Tax Authorities are provided for in the Plan  in the class of claims described as Class 3 Other Secured Claims.

II.

 The secured claims of the Tax Authorities are impaired under the Plan, and they have not accepted the plan within the time fixed to do so.

III.

As of January 1, 2007, the pre-petition taxes owed to the Tax Authorities accrued and were secured with a lien that is superior to that of any other secured claim pursuant to the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code, Section 32.01 and

Section 32.05(b).  See also <u>Stanford v. Butler</u>, 826 F.2d 353 (5th Cir. 1987); <u>Universal Seismic Associates, Inc.</u>, 288 F.3d 205 (5th Cir. 2002); <u>In Re Winn's Stores, Inc.</u> 177 B.R. 253 (Bktcy W.D. Tex 1995).

Further, the Tax Authorities are owed administrative expenses for unpaid 2008 taxes, for which liability arose and a lien attached on January 1, 2008, and possibly also for 2009 taxes.  Penalties and interest will accrue on the 2008 taxes if they are not paid in full on or before January 31, 2009.  Texas Prop. Tax Code § 33.01.  A governmental unit is not required to file a request for payment for these amounts, and is entitled to receive payment for any interest, fines or penalties related to such taxes.  11 U.S.C. §§ 503(b)(1)(D) and (C).

IV.

The Plan provisions which deal with the secured claims of the Tax Authorities fail to provide fair and equitable treatment to these secured claims as required by 11 U.S.C. §§ 1129(b)(1) and (2)(A) in that:

1. The Tax Authorities require that the post-petition interest be specified to be at the statutory rate or 12% as provided under Texas Law as required by 11 U.S.C § 511, and that it be paid through the date such claims are paid in full, whether or not objected to.  The Bankruptcy Code requires that the secured claims of the Tax Authorities be paid the "value, as of the effective date" of their claims. 11 U.S.C. § 1129(b)(2)(A)(ii). This requirement includes interest from the effective date through the date of payment.  The Plan provides for interest on the pre-petitoin taxes pursuant to 11 U.S.C. § 506(b), but not for interest post-effective date.  Indeed, the Plan provides that any claim filed in an amount different from that scheduled is a "Disputed" Claim and is not entitled to any interest. Plan, page 80, Art. 9, Paragraph L.  This provision is contrary to the requirements of the Bankruptcy Code.  As proposed, the Debtors' plan gives them an incentive not to resolve claim objections as these essentially constitute interest free loans for a period of at least one year after the Effective Date (the date by which claim objections must be filed), and potentially much longer as the Plan Trustee may seek extensions of this deadline without giving notice to any party;

2. Inasmuch as the collateral securing the pre- and post-petition tax claims has been or shortly will be liquidated, no treatment is

appropriate for these claims other than distribution of those proceeds, with interest from the petition date through the date of payment pursuant to 11 U.S.C. §§ 506(b), 511, and 1129(b)(2)(A)(ii).  The pre-petition taxes are delinquent and there is no "agreement" to reinstate.  ;

3. The Tax Authorities object to the provisions of the Plan which seek to limit their recovery of amounts owed as administrative expenses.  Pursuant to 11 U.S.C. § 503(b)(1)(B)(i), the 2008 and possibly 2009 taxes incurred by the Debtors are entitled to payment as administrative expenses.  A governmental unit is not required to file a request for payment for these amounts, and is entitled to receive payment for any interest, fines or penalties related to such taxes.   11 U.S.C. §§ 503(b)(1)(D) and (C).  However, contrary to these provisions of the Bankruptcy Code, the Debtors' Plan purports to disallow any amounts for "interest, penalty or premium" with respect to administrative expenses.  Further, the Plan fails to provide that the secured administrative taxes owed the Tax Authoriteis shall retain their liens in their collateral, or the proceeds thereof, until the post-petition taxes are paid in full.

V.

WHEREFORE, the Local Texas Tax Authorities object to confirmation of the Plan due to noncompliance with the provisions of 11 U.S.C. § 1129(b)(1) and (2)(A) of the Bankruptcy Code, ask that it not be confirmed unless properly modified, and further request other and such relief as is just and proper.

Dated:  January 14, 2009

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
Attorneys for  Local Texas Tax Authorities

2323 Bryan St. #1600
Dallas, TX 75201
(469)221-5075 direct dial
bethw@publicans.com email

/s/ Elizabeth Weller
Elizabeth Weller
Texas State Bar Number 00785514

## CERTIFICATE OF SERVICE

   I hereby certify that I served a copy of the above Objection to the Debtors' Amended Plan to the following parties via electronic notification, email or facsimile as indicated below, as well as to all other parties on the Court's electronic service matrix via electronic notification, on January 14, 2009:

Robert S. Brady and Sean Beach
Young Conaway Stargatt & Taylor, LLP
Via email at rbrady@ycst.com and sbeach@ycst.com

Kevin Nystrom and Bret Fernandes
Zolfo Cooper LLC
Via email at knystrom@zolfocooper.com and bfernandes@zolfocooper.com

Mark Indelicato and Mark Power
Hahn & Hessen LLP
Via email at mindelicato@hahnhessen.com and mpower@hahnhessen.com

Bonnie Glantz Fatell
Blank Rome LLP
Via email at fatell@blankrome.com

Stephen Weisbrod
Gilbert Oshinsky LLP
Via email at weisbrods@gotofirm.com

Thomas Macauley
Zuckerman Spaeder LLP
Via email at tmacauley@zuckerman.com

Joseph McMahon
Office of the U.S. Trustee
Via facsimile at 302-573-6497


                                                  /s/  Elizabeth Weller
                                                  Elizabeth Weller