IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE HOLDINGS, | ) Case No. 07-11047 (CSS) |
| INC., a Delaware corporation, et al., | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Related Docket Item Nos. 6626, 6644 |
| | ) Hearing Date: January 28, 2009 @10:00 a.m. |
| | ) Objection Deadline: January 14, 2009 (extended by consent) |

## LIMITED OBJECTION OF DB STRUCTURED PRODUCTS, INC. TO AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS

DB Structured Products, Inc. ("DBSP"), by and through its undersigned counsel, hereby objects to confirmation of the *Amended Chapter 11 Plan of Liquidation of the Debtors,* dated November 25, 2008 [doc. no. 6626] (the "Plan"), and in support of its objection, respectfully submits as follows:[1]

### PRELIMINARY STATEMENT

1. While DBSP maintains a number of potential objections regarding the Plan, DBSP has been engaged in constructive discussions with the Debtors, and both DBSP and the Debtors believe that they are now very close to a resolution of DBSP's objections that will permit DBSP to support the Plan.

2. Accordingly, while DBSP reserves its right to interpose additional objections if the resolution that it believes it will reach does not materialize, its objection for current purposes is limited to one matter, as discussed below.

---

[1] Capitalized terms not otherwise defined in this Objection have the respective meanings ascribed to such terms in the Plan.

## TREATMENT OF THE MLPSA

3. DBSP and certain of the Debtors are parties to a Master Loan Purchase and Servicing Agreement, dated as of May 1, 2006 (the "MLPSA"). The MLPSA has been the subject of litigation for well over a year. Put very briefly, the Debtors would like to assume and assign to a third-party buyer only the servicing components of the MLPSA, while leaving behind as a general unsecured claim approximately $19 million in liabilities owed by the relevant Debtors in connection with loan purchases made by DBSP under the MLPSA. DBSP contends that any assignment of the MLPSA must provide for a cure of all amounts owed thereunder, including the $19 million. This Court originally agreed with the Debtors' position and authorized the assignment "free and clear," pursuant to an order dated October 30, 2007 (the "Sale Order"). Since then, however, the matter has been appealed to the United States District Court for the District of Delaware and, in light of the arguments made in DBSP's appellate briefs, was remanded to this Court for further consideration. As of the date hereof, the Court has made no further rulings with respect to the MLPSA.

4. Although the Debtors have taken the position that the MLPSA is not an executory contract, and DBSP has not challenged that position, the Court has not explicitly ruled as to whether or not the MLPSA is executory,[2] and consequently has not ruled whether the MLPSA is subject to section 365 of the Bankruptcy Code. Meanwhile, the MLPSA sits on a "Disputed Contract" schedule under a November 6, 2007 amendment to the Debtors' asset purchase agreement pursuant to which the Debtors' servicing business was sold (the "APA").

5. If, for whatever reason, the Court finds that the MLPSA is executory, then its treatment under the Plan is ambiguous and, potentially, violative of section 365(d)(2) of the

---

[2] The Court has found similar agreements to which the Debtors are party to be non-executory.

Bankruptcy Code.

6.     Section 11.A of the Plan provides for the Confirmation Date rejection of all executory contracts of the Debtors, with the exception of any contract "(i) that was previously assumed or rejected by an Order of the Bankruptcy Court or otherwise pursuant to section 365 of the Bankruptcy Code or (ii) that is subject to a pending motion to assume or reject before the Bankruptcy Court." Plan, p. 85. It is not clear whether either exception applies to the MLPSA. With respect to the first exception, the MLPSA arguably was "previously assumed by an Order of the Bankruptcy Court" (*i.e.*, the Sale Order). However, after DBSP moved to stay the effectiveness of the Sale Order pending appeal, the Debtors mooted DBSP's motion by classifying the MLPSA as a "Disputed Contract" under the APA to be assigned only if and when the Sale Order would become a Final Order. Whether "Disputed Contracts" remain unassumed by the Debtors, in addition to unassigned to the buyer, is not clear from the Sale Order or the underlying asset purchase agreement.

7.     Similarly, it is not clear whether the second exception in Section 11.A of the Plan applies. Is the Debtors' sale motion, which was granted by the Court over fourteen months ago, still considered "pending" by virtue of DBSP's appeal?

8.     What *is* clear, however, is the law governing the Debtors' time within which to make their decision as to whether to assume or reject their executory contracts.

9.     Section 365(d)(2) of the Bankruptcy Code permits a debtor in possession to assume or reject an executory contract "at any time before the confirmation of a plan[.]" *See* 11 U.S.C. § 365(d)(2). *See also Florida Dep't Revenue v. Piccadilly Cafeterias, Inc.*, 128 S.Ct. 2326, 2335 (2008) ("We agree with *Bildisco's* commonsense observation that the *decision* whether to reject a contract or lease must be made before confirmation.") (emphasis in original)

*citing NLRB v. Bildisco & Bildisco*, 104 S.Ct. 1188 (1984).

10. Assuming, *arguendo,* that the MLPSA is an executory contract, then, as of the conclusion of the Confirmation Hearing, the Debtors will have run out of time in which to make their decision as to whether assume or reject the MLPSA. DBSP can only surmise that the Debtors would reject the MLPSA at that point, in order to avoid the risk that this Court or an appellate court finds that the assumption of the MLPSA comes with a $19 million cure cost. Either way, it is a decision that section 365(d)(2) of the Bankruptcy Code requires the Debtors to make now.

### III. CONCLUSION

WHEREFORE, DBSP respectfully submits that, as a condition to Plan confirmation, the Debtors be compelled to make a definitive decision as to whether assume or reject the MLPSA, as required by section 365(d)(2) of the Bankruptcy Code. In the alternative, DBSP submits that confirmation of the Plan must be denied.

Dated: January 16, 2009

**BINGHAM McCUTCHEN LLP**
Steven Wilamowsky
399 Park Avenue
New York, NY 10022
(212) 705-7000

- and -

**ASHBY & GEDDES, P.A.**

*[signature]*

William P. Bowden (I.D. #2553)
Don A. Beskrone (I.D. #4380)
Gregory A. Taylor (I.D. #4008)
Amanda M. Winfree (I.D. #4615)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Counsel to DB Structured Products, Inc.*