**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Case Number: 07-11047 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, <u>et al.</u>, | Chapter 11 |
| | LIMITED OBJECTION TO THE AMENDED PLAN OF REORGANIZATION BY CALIFORNIA TAXING AUTHORITIES |
| Debtors. | |
| | Date: January 28, 2009 |
| | Time: 10:00 a.m. ET |

TO THE HONORABLE CHRISTOPHER S. SONTCHI UNITED STATES BANKRUPTCY JUDGE AND TO INTERESTED PARTIES:

Certain California Taxing Authorities[1] hereby file its Limited Objection to the Amended Plan of Reorgnization.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION.**

The subject property is comprised of real property in Imperial, Nevada, Yuba, San Bernardino, Placer and Riverside County, California.  The debtor American Home Mortgage has acquired real property interests in certain real property in each of these counties. The real property is subject to the assessment of local property taxes under California State law.

---

[1]The California Taxing Authorities consist of the following counties:  Imperial, Nevada, Yuba, San Bernardino, Placer and Riverside.

Several of the California Taxing Authorities filed original claims, but now find numerous additional real property holdings that now appear in the name of American Home Mortgage.  It is apparent the real properties were foreclosed on post petition.

Not all of the California Taxing Authorities have updated information on all the parcels that are currently in the American Home Mortgage name. This objection will provide the information that is available and the California Taxing Authorities will update this information when it is available.

The total amount due and owing is as follows:

San Bernardino County

| Parcel | | Amount due |
|---|---|---|
| 1. | 0171-132-16-P071 | $   364.18 |
| 2. | 0270-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 | $ 9,685.25 |
| 3. | 0328-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 | $ 6,653.85 |
| 4. | 3096-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 | $ 1,658.02 |
| Total | | $18,361.30 |

There may be new properties in the name of the debtor. San Bernardino County is currently investigating those records of its real property date base.

Placer County

Placer County filed an amended claim on November 16, 2007 in the amount of $18,263.88. Five parcels were included in this claim and only $1510.71 is still due and owing. However, a search of the data base indicates twenty-nine (29) additional properties now in the name of the debtor for an amount of $143,003.60.  An administrative claim will be filed.

Riverside County

1    Riverside County has found 92 parcels with the name of the

2  debtor as the owner for a total of $638,855.31 dollars.

3  <u>Imperial County, Yuba and Nevada</u>

4    These counties are currently investigating their data base for

5  real estate records. This information will be supplemented as soon

6  as the information is available.

7              **II. DEBTOR'S PLAN OF REORGANIZATION FAILS**

8              **TO COMPLY WITH 11 U.S.C. 1123 AND 1129.**

9    In order to have a plan confirmable by the Court, the Debtor

10  must comply with the provisions of 11 U.S.C. 1123 and 1129 in

11  setting forth the reorganization terms.

12    Debtor has failed to comply with these provisions in the

13  following manner:

14    1.   Several taxing authorities are owed 2008-09 current year

15  taxes and must be addressed as administrative expenses.

16    2.   The Disclosure statement addressed the real property tax

17         claim in the form of a hypothetical which was stated as

18         follows:

19         Illustration: Assume a State taxing authority has a claim
           for real property taxes secured by a first-priority lien
20         on REO property that is transferred from a Debtor to the
           Plan Trust on the Effective Date.
21         Because the claim is not specifically identified in the
           Plan, the claim is a Miscellaneous Secured Claim.  To the
22         extent there is value in the REO in excess of the taxes
           owed, the Allowed Miscellaneous Secured Claim will
23         include interest and any reasonable fees, costs, or
           charges payable under the State statute giving rise to
24         the claim.  Under the Plan, the Plan Trustee may elect
           between reinstating the tax claim as it existed prior to
25         the Effective Date and paying the real property taxes in
           accordance with State law (e.g., upon closing of a sale
26         of the REO), paying the tax claim in full (either in a
           lump sum on the Effective Date, or over time, with
27         interest), or tendering the REO satisfaction of the tax
           claim.  If the Plan Trustee chooses to pay the tax claim
28         over time, the tax lien will continue in the property
           until the claim is paid in full.  If the Plan Trustee

> chooses to reinstate the tax claim as it existed prior to the Effective Date, then the rights of the taxing authority will be unimpaired by the Plan, and the taxing authority will be entitled to exercise any remedies available to it under applicable State law to obtain timely payment of the real estate taxes.

The language of the Disclosure Statement is not paralleled in the plan. Additionally, the language should specifically cite Section 11 U.S.C. Section 511 which provides for interest at the state statutory interest rate.

There must also be provision for post petition interest.  The post petition interest must also be specified at the state's statutory interest.[2]

California joins with the Texas Taxing Authorities in the objection that precludes the payment of interest to those claims that are disputed.

3.   As the claims of the California Taxing Authorities hold statutory first priority liens on foreclosed real estate property, the only appropriate treatment of these claims is payment of these claims in the normal course when the property is sold and/or transferred.

The California Counties respectfully request that this court order that an amended plan of reorganization be filed to provide for the claims as follows:

1.   the full amount of its interest under state law, including pre and post petition interest;

2.   Payment of administrative claims in full with interest;

3.   Language that identifies administrative claims as secured tax claims which are subject to interest at the state law rate and

---

[2]California state law provides for 1/5% per month of 18% per annum. California Revenue and Taxation Code Section 4103.

1    that the liens will be retained until paid in full;

2    4.   Payment of the secured real property claims at the time

3    the real property is sold and/or transferred.

4    III.   **DEBTOR HAS FAILED TO PROVIDE ADEQUATE MEANS**

5    **FOR THE PLAN'S IMPLEMENTATION.**

6    Debtor has failed to provide for the full payment of secured

7    real property taxes, pre and post petition interest, administrative

8    claims with post petition interest and lien retention.  Therefore,

9    this does not provide adequate means for the Plan's implementation.

10   11 U.S.C. 1123 (a)(5).

11

12   Dated: January 16, 2009          ROMERO LAW FIRM

13                                    By. /s/ Martha E. Romero
                                      MARTHA E. ROMERO, State Bar No.
14                                    128144
                                      ROMERO LAW FIRM
15                                    BMR Professional Building
                                      Whittier, California 90601
16                                    Phone (562) 907-6800
                                      Facsimile (562)907-6820
17                                    Attorneys for SECURED CREDITOR
                                      COUNTY OF IMPERIAL, NEVADA, YUBA,
18                                    PLACER, SAN BERNARDINO AND RIVERSIDE,
                                      CALIFORNIA

19

20

21

22

23

24

25

26

27

28