IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | ) ) ) ) | Case No. 07-11047 (CSS) Jointly Administered |
| | ) | **Hearing Date: TBD** |
| Debtors. | ) | **Objections Due: TBD** |
| | ) | |

## APPLICATION OF OFFICIAL COMMITTEE OF BORROWERS FOR AUTHORIZATION (I) TO RETAIN EXPERT, (II) TO INCREASE EXISTING CAP ON FEES AND EXPENSES OF LEGAL PROFESSIONALS AND (III) TO APPLY INCREASED CAP ALSO TO EXPERT FEES

The Official Committee of Borrowers (the "Borrowers Committee") hereby applies to the Court for authority to retain a testifying expert, to increase the existing cap on the fees and expenses of its legal professionals and to apply the increased cap also to expert fees, and respectfully represents as follows:

### BACKGROUND

1. On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Creditors Committee"). No trustee or examiner has been appointed.

1

2107434.1

3. On October 21, 2008, the United States Trustee for the District of Delaware appointed the Borrowers Committee. The Borrowers Committee subsequently convened and engaged undersigned counsel.

4. Since its formation, the Borrowers Committee has engaged in discussions and substantial negotiations with the Debtors and the Creditors Committee concerning the Debtors' liquidation plan, as amended (the "Plan") and the accompanying disclosure statement (the "Disclosure Statement").

5. At a hearing to consider the adequacy of the Disclosure Statement on November 25, 2008, the Court approved the Disclosure Statement after the Borrowers Committee had resolved its objection.

6. Although the parties have reached tentative agreement on certain borrower issues, they remain apart on other issues. Accordingly, the Borrowers Committee intends to object to confirmation of the Plan. By agreement of the parties, the deadline for the Borrowers Committee to object to confirmation of the Plan is noon Thursday.

7. The Borrowers Committee has consistently criticized the insufficient notice to borrowers during these chapter 11 cases. As a result, it is the position of the Borrowers Committee that, although many claims of borrowers exist, they have not been asserted against the Debtors because borrowers have not received notice of these chapter 11 cases and lack sophistication or awareness generally to assert claims in these cases.

8. At the hearing on the motion to appoint the Borrowers Committee, although the Court was somewhat troubled by the lack of evidence, the Court nevertheless granted the motion

based on the Court's experience in the cases and facts and circumstances that had come to the Court's attention during the pendency of the cases, including that 450 claims by borrowers had been filed in these cases to date. 10/8/08 Tr. at 75-76 (relevant excerpts annexed as Exhibit A hereto). In directing the appointment of the Borrowers Committee, however, the Court did not rule on the sufficiency of notice to borrowers who had not received notice of the chapter 11 cases and had not filed proofs of claims.

9. At the confirmation hearing next week, the Borrowers Committee intends to prove that there are numerous borrowers who have claims against the Debtors, but have not received notice of the chapter 11 cases. To do so, the Borrowers Committee requires the services of a testifying expert to demonstrate to the Court that, based on the Debtors' broad marketing and origination of particular types of loans, many such claims exist.

10. The Court's Supplemental Order appointing the Borrowers Committee (the "Supplemental Order"), annexed as Exhibit B hereto, restricts the Borrowers Committee from retaining any professionals other than counsel and caps the compensation and reimbursement of expenses of counsel at $250,000 from the estates. Supplemental Order at 2. Nevertheless, the Supplemental Order was entered without prejudice to the rights of the Borrowers Committee to seek to supplement, modify or amend the terms of the Supplemental Order on notice to the Debtors, the Creditors Committee and the Office of the United States Trustee. *Id.*

## RELIEF REQUESTED

11. The Borrowers Committee requests that the Court grant authority to the Borrowers Committee to retain a testifying expert, to increase from $250,000 to $400,000 the

2107434.1

cap on compensation and reimbursement of professionals and to apply the cap also to fees and expenses incurred by the expert in connection with the proposed confirmation of the Plan.

## BASIS FOR RELIEF

12. The Borrowers Committee seeks to retain Ms. Margot Saunders, who is Of Counsel with the National Consumer Law Center. The Borrowers Committee intends to elicit expert testimony from Ms. Saunders at the confirmation hearing next week to demonstrate that, based on the Debtors' broad marketing and origination of particular types of loans, many claims by borrowers exist against the Debtors.

13. Ms. Saunders charges $300 per hour for her time ($175 for travel time) plus $500 per appearance at deposition or trial, plus reimbursement of reasonable travel expenses.

14. The Borrowers Committee requires Ms. Saunders' services to prosecute its objection to confirmation of the Plan regarding insufficiency of notice to borrowers who were not mailed notice of the bar date and the Plan's inability to bind such borrowers. Her hourly rate and fee structure is reasonable for expert testimony.

15. The Borrowers Committee also seeks to expand from $250,000 to $400,000 the existing cap on fees and expenses of legal counsel and to apply the cap also to the fees and expenses of Ms. Saunders. Given the parties' inability to date to resolve all the issues raised by the Borrowers Committee, and given the Borrowers Committee's need to protect the interests of its creditor constituency by litigating its objection to confirmation of the Plan, the proposed increase in the cap on fees and expenses is modest and justified.

2107434.1

16. Indeed, back at the hearing on October 8, 2008, the Court posited that it could delay the hearing on the Disclosure Statement by 45 days and give a Borrowers Committee $400,000 to do what they need to do. 10/8/08 Tr. at 46.

17. The Borrowers Committee proposes that the adjusted $400,000 cap on fees and expenses of professionals would apply also to the fees and expenses of Ms. Saunders, who must get up to speed very quickly. Indeed, the Debtors are requiring her to produce an expert report and asked the Borrowers Committee last night to make Ms. Saunders available for deposition before the end of this week. *See* Email from S. Beach to T. Macauley (Jan. 19, 2009) (annexed as Ex. C hereto).

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Borrowers Committee respectfully requests that the Court (i) authorize the Borrowers Committee to retain Ms. Saunders as a testifying expert, (ii) increase the existing $250,000 cap in the Supplemental Order to $400,000, (iii) apply the cap also to the fees and expenses of Ms. Saunders, and (iv) grant to the Borrowers Committee such other and further relief as is just.

Dated: Wilmington, Delaware
       January 20, 2009

ZUCKERMAN SPAEDER LLP

Thomas G. Macauley (ID No. 3411)
919 Market Street, Suite 990
Wilmington, DE 19801
Telephone: (302) 427-0400
Facsimile: (302) 427-8242

- and -

2107434.1

GILBERT OSHINSKY LLP
Stephen A. Weisbrod
W. Hunter Winstead
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Telephone: (202) 772-1962
Facsimile: (202) 772-3962

Attorneys for the Official Committee
of Borrowers

2107434.1