UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS,                                 :   Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]                         :
                                                                 :   Jointly Administered
    Debtors.                                                     :
                                                                 :   Objection Deadline: February 17, 2009 at 4:00 p.m. (ET)
---------------------------------------------------------------- x

NOTICE OF FILING OF SETTLEMENT AGREEMENT PURSUANT TO
SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019

TO:   (I) THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (II) COUNSEL TO THE COMMITTEE; (III) COUNSEL TO THE DEBTORS' POSTPETITION LENDER; AND (IV) ALL PARTIES ENTITLED TO NOTICE UNDER DEL. BANKR. LR 2002-1(B)

**PLEASE TAKE NOTICE** that, in accordance with the Order Pursuant to Bankruptcy Rule 9019 and Section 105 of the Bankruptcy Code, Authorizing the Debtors to Adopt and Implement Omnibus Settlement Procedures for Notice and Settlement of Certain State Court Causes of Action Filed By the Debtors [Docket No. 2209] (the "Order"),[2] the Debtors in the above captioned bankruptcy cases have filed the settlement agreement by and between American Home Mortgage, Corp. and Richard M. Levy & Associates, non-party Adrien J. Woolley, Esq. and non-party Liberty International Underwriters attached hereto as Exhibit B, which settles certain causes of action for the aggregate amount of $98,000.00 (the "Settlement").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] A copy of the Order is attached hereto as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, any objections or responses are to be filed on or before **February 17, 2009 at 4:00 p.m. (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801 and served upon each of the following parties so as to be received on or before the Objection Deadline: (i) the Office of the United States Trustee, (ii) counsel to the Debtors, (iii) counsel to the Committee, (iv) counsel to the Debtors' Postpetition Lender, and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b).

**PLEASE TAKE FURTHER NOTICE** that if an objection or response is not filed by the Objection Deadline, the Debtors will file a certificate of no objection after which the Settlements shall be deemed approved pursuant to Bankruptcy Rule 9019, section 105 of the Bankruptcy Code, and the terms set forth in the Order without further order from the Court.

Dated: Wilmington, Delaware
January 26, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Donald J. Bowman, Jr.
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Pauline Morgan (No. 3650)
Matthew B. Lunn (No. 4119)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Debtor and Debtor-in-Possession

# EXHIBIT A

# Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS,                                 :   Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]                         :
                                                                 :   Jointly Administered
Debtors.                                                         :
                                                                 :   **Ref. Docket No.: 1916**
---------------------------------------------------------------- x

### ORDER, PURSUANT TO BANKRUPTCY RULE 9019 AND SECTION 105 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO ADOPT AND IMPLEMENT OMNIBUS SETTLEMENT PROCEDURES FOR NOTICE AND SETTLEMENT OF CERTAIN STATE COURT CAUSES OF ACTION FILED BY THE DEBTORS

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to adopt and implement the omnibus Settlement Procedures for the notice and settlement of Affirmative Cases; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefore; it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

DB02:6385066.2                                                                                    066585.1001

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, in their sole discretion, to settle Affirmative Cases pursuant to the Settlement Procedures set forth below:

a. The Debtors may negotiate, compromise or settle any Affirmative Cases. The Debtors shall file notice of the proposed settlement along with a copy of the proposed settlement agreement (the "Settlement Notice") and serve same on (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the Debtors' Postpetition Lender; and (iv) all parties entitled to notice under Del. Bankr. LR 2002-1(b) (collectively, the "Notice Parties");

b. Objections must be filed with the Bankruptcy Court and served upon counsel to the Debtors and the Notice Parties so as to be received on or before twenty (20) days or such later date agreed to by the Debtors (the "Notice Period") after service of the Settlement Notice;

c. If no objection to the proposed settlement is filed and served within the Notice Period, then the Debtors shall file with the Bankruptcy Court a certificate of no objection after which the proposed settlement shall be deemed approved pursuant to Bankruptcy Rule 9019 and section 105 of the Bankruptcy Code;

d. If an objection is received from one or more of the Notice Parties, during the Notice Period the Debtors shall not proceed with the proposed settlement unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the settlement by separate order entered after the Debtors file a motion and notice;

e. With respect to a proposed settlement reached and approved pursuant to the Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing.

f. The Debtors shall use good-faith efforts to timely respond to informal requests for information from Notice Parties relating to settlements proposed under the Settlement Procedures.

and it is further

DB02:6385066.2                                                                                               066585.1001

ORDERED that nothing contained in this Order is intended to abrogate or otherwise affect the jurisdiction of courts in which Affirmative Cases are pending; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Date: Wilmington, Delaware
November 28, 2007

Christopher S. Sontchi
United States Bankruptcy Judge

# **EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AMERICAN HOME MORTGAGE, CORP.

                    Plaintiff,

    -against-

UM SECURITIES CORPORATION, d/b/a
DUPONT FUNDING CO., *et al.*,

                 Defendants.
-----------------------------------------------------------------X

Case No.: 05 CV 2279 (DAB)

Court of Appeals Docket No.:
08-1059-cv

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (hereinafter "Agreement") is made and entered into by and among plaintiff AMERICAN HOME MORTGAGE, CORP. (hereinafter "Plaintiff"), defendant RICHARD M. LEVY & ASSOCIATES (hereinafter "Defendant"), non-party Adrien J. Woolley, Esq. (hereinafter, "Woolley"), and non-party Liberty International Underwriters (hereinafter "Liberty").

In consideration of the mutual promises contained herein, fully intending to be legally bound hereby, it is agreed as follows:

1.     Plaintiff and Defendant are parties in the above-captioned action entitled "*American Home Mortgage, Corp. vs. UM Securities Corporation, d/b/a Dupont Funding Co. and Richard M. Levy & Associates*," venued in the United States District Court for the Southern District of New York, Case No. 05 CV 2279 (DAB), and in the Second Circuit Court of Appeals Docket No. 08-1059-cv (hereinafter "the Malpractice Action"). On April 9, 2007, by Opinion and Order Judge Casey posthumously granted Defendant's Rule 12(b)(6) motion to dismiss plaintiff's Complaint in the Malpractice Action. A copy of Judge Casey's Opinion and Order (which was completed and issued by Judge Preska) is attached hereto as Exhibit "A." By Order

dated February 6, 2008, Judge Batts upheld Judge Casey's April 9, 2007 Opinion and Order. A copy of Judge Batts' February 6, 2008 Order is attached hereto as Exhibit "B."

2. Plaintiff and Defendant are also listed as parties in an as-yet-unfiled, "draft" action entitled "*American Home Mortgage Corp. d/b/a American Brokers Conduit v. UM Securities Corporation d/b/a Dupont Funding Co., Marc S. Eidelkind, Walter M. Eidelkind, Richard M. Levy & Associates and Adrien J. Woolley*," "venued" in the Supreme Court of the State of New York, County of New York (hereinafter "the Draft Action") (the Malpractice Action and the Draft Action are hereinafter collectively referred to as "the Actions").

3. Plaintiff has asserted claims against Defendant in the Actions, which claims Defendant and Woolley have specifically denied and/or specifically deny.

4. Defendant was defended in the Malpractice Action through its professional liability insurer, Liberty, under Policy No. LPJ091479-0104. Woolley and Liberty are hereinafter referred to collectively as the "Non-party Contributors."

5. Plaintiff, Defendant, Woolley, and Liberty have determined that it is in their mutual interest to settle all claims amongst them without the expense, burden and distraction of further litigation.

5(a). To the extent permitted by law and the rules of the pertinent courts, the parties agree to abide by this Agreement and to keep its terms confidential and to not speak of, nor publish this Agreement's terms outside of court, except as provided herein and as necessary to carry out the terms of this Agreement.

6. Plaintiff agrees to dismiss, with prejudice, the appeal of the Malpractice Action that is presently pending in the Second Circuit and to execute and deliver to Furman Kornfeld & Brennan LLP an executed Stipulation of Dismissal with Prejudice and without costs to the parties similar to the form attached hereto as Exhibit "C" (hereinafter the "Stipulation of

Dismissal") and Plaintiff agrees not to file, serve, or otherwise pursue any claims against Defendant, Woolley, Liberty or Richard M. Levy, Esq., in connection with the Draft Action. Said Stipulation of Dismissal shall be held in escrow by Furman Kornfeld & Brennan LLP until it is released from escrow by Plaintiff's counsel, which release shall be promptly granted upon clearance of the check referred to below in Paragraph 8.

7. On August 6, 2007, Plaintiff filed for bankruptcy protection in the United States Bankruptcy Court for the District of Delaware. The various petitions filed on behalf of the American Home entities are being jointly administered under *In re American Home Mortgage Holdings, Inc.*, No. 07-11047 (D. Del.). Accordingly, upon full execution of this Agreement, Plaintiff shall submit a copy of this Agreement to the Bankruptcy Court for approval.

8. On or before February 19, 2009 or within ten (10) days after Plaintiff represents to the Defendant in writing that the Agreement has been filed with the Bankruptcy Court and that it has been either approved or not objected to within the period of time allowed, whichever is later, Liberty, on behalf of the Defendant, shall deliver to counsel for Plaintiff a check in the amount of Ninety-eight Thousand and No/100 dollars ($98,000.00), made payable to "Weiner Brodsky Sidman Kider PC Trust Account" (the "Settlement Amount"), in complete and final settlement of the Actions and in connection with any and all other claims which were and/or which may have been brought (whether in the Malpractice Action, in the Draft Action, or otherwise) -- in consideration of this Agreement and the Stipulation of Dismissal. Plaintiff understands and agrees that the Settlement Amount is the only payment or benefit to which it is entitled under this Agreement. Defendant and the Non-party Contributors shall not be responsible for any of Plaintiff's costs or attorneys' fees.

9. Upon clearance of the check referred to above in Paragraph 8, Plaintiff agrees to effect the entry of the Stipulation of Dismissal.

10. For and in consideration of the Settlement Amount, and for other good and valuable consideration:

(a) Plaintiff, its affiliates, assigns, predecessors, successors, officers, directors, administrators, trustees, agents, principals, representatives, insurers, attorneys, servants and employees, individually and as representatives of the Plaintiff, hereby waive, release and forever discharge: (1) Defendant, Defendant's firms, partners, principals, associates, assigns, predecessors, successors, officers, directors, administrators, agents, representatives, insurers, attorneys, servants and employees, individually and as representatives of Defendant; (2) Woolley, his firms, partners, associates, assigns, predecessors, successors, officers, directors, administrators, agents, representatives, insurers, attorneys, servants and employees, individually and as representatives of Woolley; and/or (3) Liberty, its partners, associates, principals, assigns, predecessors, successors, officers, directors, administrators, agents, representatives, insurers, attorneys, servants and employees, individually and as representatives of Liberty - of all claims, suits, debts, dues, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, complaints, damages, sums of money, interest, attorneys' fees and costs, or causes of action of any kind or nature whatsoever, whether in contract, at law or in equity that were made or could be made in any future action, in connection with the loans and properties involved in the Actions, by Plaintiff, its affiliates, assigns, predecessors, successors, officers, directors, administrators, trustees, agents, representatives, insurers, attorneys, servants and employees, individually and as representatives of the Plaintiff, against Defendant, Woolley and/or Liberty

pursuant to any legal theory under any federal, state or local laws, common law, rules, statutes, regulations, constitutions, ordinances or public policies whether known or unknown.

(b)  Defendant, Woolley, and Liberty, and their respective firms, partners, associates, affiliates, assigns, predecessors, successors, officers, directors, administrators, trustees, agents, principals, representatives, insurers, attorneys, servants and employees, individually and as representatives of Defendant, Woolley, and Liberty, respectively, hereby waive, release and forever discharge Plaintiff, Plaintiff's affiliates, assigns, predecessors, successors, officers, directors, administrators, trustees, agents, principals, representatives, insurers, attorneys, servants and employees, individually and as representatives of Plaintiff, of all claims, suits, debts, dues, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, complaints, damages, sums of money, interest, attorneys' fees and costs, or causes of action of any kind or nature whatsoever, whether in contract, at law or in equity that were made or could be made in any future action, in connection with the loans and properties involved in the Actions, by Defendant, Woolley, and Liberty, and their respective firms, partners, associates, affiliates, assigns, predecessors, successors, officers, directors, administrators, trustees, agents, principals, representatives, insurers, attorneys, servants and employees, individually and as representatives of the Defendant, Woolley, and Liberty, respectively, against Plaintiff pursuant to any legal theory under any federal, state or local laws, common law, rules, statutes, regulations, constitutions, ordinances or public policies whether known or unknown.

11.  Plaintiff shall be solely responsible for the payment of any and all taxes on the Settlement Amount, if any, and Plaintiff shall make no claim against Defendant or the Non-party contributors for payment of any such taxes, or any interest or penalties, except as otherwise provided in this Agreement.  In the event the Internal Revenue Service, or any other taxing

authority, court or other tribunal ultimately determines that the foregoing payment, or any portion thereof, constitutes wages or other remuneration for which any taxes are due and owing, Plaintiff shall be solely responsible for the payment of such taxes or other monies, and Plaintiff shall make no claim against Defendant or the Non-party Contributors for payment of any such taxes, or for the payment of any applicable interest or penalties.

12. This Agreement contains the sole and the entire agreement among Plaintiff, Defendant, Woolley, and Liberty, and fully supersedes any and all prior or contemporaneous agreements and understandings pertaining to the subject matter hereof. All parties represent and acknowledge, in executing this Agreement, that they have not relied upon any representation or statement not set forth herein which may have been made by any other party, its counsel or representatives, with regard to the subject matter of this Agreement. No other promises or agreements shall be binding unless in writing, signed by all the parties hereto, and expressly stated to be a modification of this Agreement.

13. This Agreement shall not be construed as an admission of any fault or liability, nor violation of any professional responsibility by Defendant, Woolley, Liberty or any entity or individual referenced in Paragraph 14 of this Agreement of any of the acts or omissions alleged by Plaintiff, or of any acts or omissions which could have been alleged in the Actions. Defendant, Woolley, and Liberty specifically deny any liability whatsoever, and specifically deny any wrongful conduct with regard to Plaintiff, for any damages, injuries or other claims by Plaintiff, or which Plaintiff could claim in the Actions. Woolley had the opportunity to consult with independent counsel and has chosen not to do so.

14. (a) The existence, terms and conditions of this Agreement are and shall be deemed confidential (hereinafter "Confidential Information") and shall not be disclosed by

Plaintiff to any other person or entity, except by having to file this Agreement with the Bankruptcy Court, as set forth above, or pursuant to a subpoena or as required by law.

(b) In the event that an attempt is made to compel disclosure of the existence and terms of this Agreement or for disclosure of information concerning the Actions, the party to this Agreement agrees to use reasonable efforts to give all other parties to this Agreement written notice of any such attempts. Plaintiff and Defendant specifically agree that written notice to the Defendant shall be provided to A. Michael Furman, Esq., of Furman Kornfeld & Brennan LLP and that written notice to the Plaintiff shall be to David M. Souders of Weiner Brodsky Sidman Kider PC. Plaintiff and Defendant further agree that such notice will be provided at least five (5) days before compliance with any subpoena or order, but if the subpoena or order requires compliance within less than five days, Plaintiff shall provide such written notice or, if impractical, shall provide telephonic notice within one (1) business day after receiving notice that any attempt will be or has been made to compel disclosure of the matters designated above as confidential.

(c) Except as provided in paragraph 7, if asked about Confidential Information, Plaintiff and Defendant will state only that the matter has been resolved.

15. Plaintiff, Defendant, Woolley, and Liberty are bound by this Agreement. Any individual or entity that precedes or succeeds to the rights and obligations of Plaintiff, Defendant, Woolley, and Liberty, such as their respective heirs, predecessors, successors and assigns, shall also be bound and benefited by the terms of this Agreement as if they had actually signed this Agreement.

16. If any provision in the Agreement shall, for any reason, be held invalid or unenforceable in any respect, it shall not affect any other provisions in the Agreement, but shall

be construed by limiting it so as to be enforceable to the maximum extent compatible with applicable law.

17. This Settlement Agreement and General Release may not be changed or modified except by a writing signed by both Plaintiff and Defendant.

18. Plaintiff, Defendant, Woolley, and Liberty represent, warrant and covenant that they have read this Agreement; that they have consulted with their respective attorneys concerning its content and consequences; and that the Agreement is being executed voluntarily.

19. This Agreement may be executed in counterparts, each to be deemed an original, but all shall constitute one and the same written instrument. Facsimile or electronically scanned signatures shall be treated as original signatures.

**IN WITNESS WHEREOF**, the undersigned have executed this Settlement Agreement and General Release effective as of the last date set forth below.

_____        DATED: _____
By: _____; Title: _____
On Behalf of American Home Mortgage, Corp.


_____        DATED: _____
David M. Souders, Esq.
Weiner Brodsky Sidman Kider PC


_____        DATED: _____
Richard M. Levy, Esq.
On behalf of Richard M. Levy and Associates


_____        DATED: _____
Adrien J. Woolley, Esq.

_____       DATED: _____
By: _____; Title: _____
On behalf of Liberty International
Underwriters