UNITED STATES BANKRUPTCY COURT
FOR THE DISRICT OF DELAWARE
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re

AMERICAN HOME MORTGAGE
HOLDINGS INC., et al.,

                              Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Hearing Date: January 28, 2009
Hearing Time: 10:00 a.m.

Chapter 11 Case No.
07-11047 (CSS)

Jointly Administered
(Objection deadline January 26,
2009 extended for U.S. Securities
and Exchange Commission)

**LIMITED OBJECTION OF THE U. S. SECURITIES AND EXCHANGE COMMISSION
TO CONFIRMATION OF THE DEBTORS' AMENDED CHAPTER 11
PLAN OF LIQUIDATION**

The U. S. Securities and Exchange Commission ("Commission") objects to the Debtors'

Amended Chapter 11 Plan of Liquidation (the "Plan"), dated as of November 25, 2008. In

support of its objection, the Commission respectfully states:

## PRELIMINARY STATEMENT

American Home Mortgage Holdings Inc. and its affiliated entities including American

Home Mortgage Investment Corp. ("AHM Investment Corp.") (collectively "AHM" or the

"Debtors"), was one of the nation's largest home mortgage lenders prior to filing for bankruptcy

protection on August 6, 2007. Since filing for bankruptcy protection the Debtors have sold

substantially all of their assets and continue to liquidate their remaining assets. The Debtors now

seek confirmation of the Debtors' Amended Chapter 11 Plan of Liquidation filed with the Court

on November 25, 2008 (the "Plan"). The Plan provides for the release of nondebtor liability

through an overly broad exculpation provision (the "Exculpation  Provision") in contravention of

Section 524(e) of the Bankruptcy Code. If the Plan is confirmed with the current version of the

Exculpation Provision, it could impair the Commission's investigation and potentially release

persons including officers, directors and employees from Commission law enforcement claims contrary to Section 524(e) of the Bankruptcy Code, applicable case law, and sound public policy. The Commission staff has had discussions with Debtors' counsel and requested that the Exculpation Provision be amended to ensure that it does not potentially release Commission law enforcement claims. Debtors' counsel has refused to agree to language proposed by the Commission staff or to negotiate language that would address the Commission staff's concerns. The Plan is a liquidating plan and there are no extraordinary circumstances present that warrant the imposition of third party nondebtor releases upon the Commission, public investors or creditors.

Thus, unless the Exculpation Provision is deleted from the Plan, the Debtors cannot satisfy the requirement of Section 1129(a)(1) of the Bankruptcy Code, which requires that a plan shall be confirmed only if it complies with all applicable provisions of Chapter 11.

## RELEVANT FACTS

AHM Investment Corp. is a publicly held company with common stock registered pursuant to Section 12(b) of the Securities and Exchange Act of 1934. On August 6, 2007, the Debtors filed for protection under Chapter 11 of the Bankruptcy Code. Also on August 6, 2007, the New York Stock Exchange (NYSE) suspended trading of AHM Investment Corp.'s common and preferred stock. On September 6, 2007 the NYSE delisted AHM Investment Corp.'s securities. On November 25, 2008, the Debtors filed the Amended Disclosure Statement (the "Amended Disclosure Statement") for the Debtors' Plan. According to the Amended Disclosure Statement the Debtors currently employ 39 employees and 45 contractors. Amended Disclosure Statement at 25. The Amended Disclosure Statement generally provides that the Debtors have liquidated substantially all of their assets and will continue to liquidate the Debtors' remaining assets and

2

the proceeds will be distributed to creditors in accordance with the Plan. Id. at 34 – 40, 103 – 105. The Amended Disclosure Statement estimates a 1 – 5% distribution to general unsecured creditors on their claims. Id. at 60.

As disclosed on page 47 of the Amended Disclosure Statement, on August 23, 2007 the Commission issued a formal order of nonpublic investigation concerning AHM Investment Corp. (the "Formal Order"). The Formal Order authorized the Commission staff to issue document subpoenas to AHM and take testimony from, or interview, current and former directors, officers and employees in connection with its investigation. Id. at 47. The Commission's enforcement investigation is ongoing.

## DISCUSSION

### THE PLAN AFFECTS A RELEASE OF THIRD PARTY NONDEBTOR LIABILITY IN CONTRAVENTION OF SECTION 524(e) OF THE BANKRUPTCY CODE, APPLICABLE CASE LAW, AND PUBLIC POLICY

Article 12(c) of the Plan provides:

Exculpation. On and after the Effective Date, none of the Exculpated Parties shall have or incur any liability for, and each Exculpated Party is hereby released from, *any claim, cause of action or liability to any other Exculpated Party, to any Holder of a Claim or interest, or to any other party in interest, for any act or omission that occurred during the Chapter 11 Cases or in connection with the preparation and filing of the Chapter 11 Cases*, the formulation, negotiation, and/or pursuit of confirmation of this Plan, the consummation of this Plan, and/or the administration of this Plan and/or property to be distributed under this Plan, except for claims, causes of action or liabilities arising from gross negligence, willful misconduct or fraud of any Exculpated Party . . . . (Emphasis added).

Exculpated Parties include the Debtors and their "respective officers, directors, and employees. . . ." Plan at 9. While Article 12(c) is titled "Exculpation" it is actually a third party nondebtor release and/or discharge since it limits the liability of certain nondebtors for conduct that occurred during the Chapter 11 case. Section 524(e) of the Bankruptcy Code addresses the scope of bankruptcy discharge and states, in relevant part, that "discharge of a debt of the debtor

3

does not affect the liability of any other entity on, or the property of any other entity for, such debt." The Bankruptcy Code contemplates that a discharge only affects the debts of those submitting to its burdens. Gillman v. Continental Airlines (In re Continental Airlines), 203 F.3d 203, 211 (3rd Cir. 2000).

In In re Continental Airlines, 203 F.3d at 211, the Third Circuit, in reversing the district and bankruptcy courts, denounced the validity of a plan provision that released and permanently enjoined shareholder lawsuits against present and former officers and directors who were not in bankruptcy. The court held that the release and injunctive provisions fell squarely into the Section 524(e) prohibition because they amounted to nothing more than a lockstep discharge of nondebtor liability. Instead, the Court held open the possibility that "there are circumstances under which [it] might validate a non-consensual release that is both necessary and given in exchange for fair consideration," Id. at 214, n. 11, but made this comment in light of releases and permanent injunctions issued in such extraordinary cases such as Robins, Manville, and Drexel.[1]

While the Third Circuit in Continental was not requested to establish and, thus, did not issue a blanket rule regarding releases of nondebtors, after examining the law of the various circuits and the bankruptcy courts located therein, the Third Circuit noted that even under the most flexible tests for determining the validity of releases, the release and injunctive provisions before it could not pass muster. Id. at 214. The Third Circuit found lacking the three hallmarks of permissive nonconsensual releases – fairness, necessity to the reorganization, and specific

---

[1] See Menard-Sanford v. Mabey (In re A.H. Robins Co.), 880 F.2d 694 (4th Cir. 1989); MacArthur Co. v. Johns-Manville Corp. (In re Johns-Manville Corp.), 837 F.2d 89 (2d Cir.1988); Drexel Burnham Lambert Trading Corp. v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.), 960 F.2d 285 (2d Cir. 1992); See also Deutsche Bank AG v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.), 416 F.3d 136, 143 (2d. Cir. 2005) (Second Circuit held a "nondebtor release in a plan of reorganization should not be approved absent the finding that truly unusual circumstances render the release terms important to the success of the plan. . . .")

factual findings to support the provisions. Id.

When applying the Continental factors to our facts, it is abundantly clear that the release provisions contained in the Exculpation Provision are invalid and in contravention of Bankruptcy Code Section 524(e). First, the release is unfair and lacks adequate consideration. In examining the Continental factors, the Third Circuit emphasized the importance of determining the fairness of the subject release and injunctive provisions on the impacted class. In particular, the Court focused on whether the releases were given in exchange for reasonable financial consideration, apart from the consideration to which the class was entitled as creditors under the Plan. Id. at 215. In the present case, as in Continental, there is no evidence of reasonable consideration in exchange for the release of claims against nondebtors or that the nondebtors made any contributions to the Plan. In addition, the Debtors' Plan provides a distribution of less than 5% to AHM's general unsecured creditors.

Second, there is no evidence that the Exculpation Provision is necessary to the Debtors' reorganization. The Third Circuit in Continental also focused on whether the release and injunctive provisions in the debtors' plan were essential to the debtors' reorganization. Continental at 215. Here, the Debtors are not reorganizing, and are liquidating all of their assets, and therefore, approval of a third party release is inappropriate in these cases. See e.g. In re Optical Technologies, Inc., 216 B.R. 989, 994 (Bankr. M.D. Fla. 1997) (court held where the plan provides for total liquidation of the debtor, a third party injunction is inappropriate). Finally, there are no facts that support the Exculpation Provision in this case. On the contrary, the facts show that this provision would unfairly impact valid law enforcement objectives.

In In re PWS Holding Corp., 228 F.3d 224 (3d Cir. 2000), the Third Circuit allowed a plan provision that was similar to the Exculpation Provision requested in the context of

considering an objection raised concerning the relief the plan provision provided in favor of the

creditors committee, its members and professionals. The PWS Court held that a release in favor

of members of the creditors committee should be allowed since the members of the creditors

committee and its professionals who provided services to the Debtors remained liable for willful

misconduct and gross negligence, and that the provision set the standard of liability and did not

affect a change in liability. Id. at 245. In PWS Holding Corp. the Third Circuit held that Section

1103(c) implies a limited grant of immunity to committee members and limits committee

liability to willful misconduct and ultra vires acts. Id. 246-7. The Third Circuit allowed the

provision in PWS Holding Corp., because it set the appropriate standard of liability for members

of creditors committees and did not release any claims. Id. That is not the case here. Here the

Exculpation Provision could allow the release of potential law enforcement claims for non-

scienter and other types of claims based on conduct under the federal securities laws. Therefore

the relief sought in this Exculpation Provision does not set the appropriate standard of liability

for officers, directors, and employees, but falls squarely within the scope of Section 524(e) and

must be disallowed.

In short, under the case law, there is no legal or factual support for the approval of a third

party nondebtor release in the Plan.

## CONCLUSION

The Commission is conducting an ongoing investigation of AHM Investment Corp. and

its officers, directors and employees for violations of the federal securities law that may have

occurred during the Chapter 11 case. Approving the Exculpation Provision in its current form

could impair the Commission's ongoing investigation and could potentially release Commission

law enforcement claims. The Debtors have not even met the minimum requirements for this

relief – fairness, necessity to the reorganization, and specific factual findings. Moreover, there are no extraordinary facts or circumstances to support the imposition of third party nondebtor releases upon the Commission, public investors and creditors.

WHEREFORE, for the reasons stated above, the Commission respectfully urges that the Court deny the Debtors' motion seeking approval of the Plan unless the Exculpation Provision is deleted from the Plan and grant such other and further relief that is just and proper.

Dated: New York, New York
January 26, 2009

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

By:    _____
Alistaire Bambach (AB 5891)
Patricia Schrage (PS 1753)
New York Regional Office
3 World Financial Center
New York, New York 10281
(212) 336-1100