# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 case |
| | ) |
| AMERICAN HOME MORTGAGE | ) Case No.: 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) |
| *et al.,* | ) Jointly Administered |
| | ) |
| Debtors. | ) **Hearing:** |
| | ) Date: February 17, 2009 |
| | ) Time: 10:30 a.m. (ET) |
| | ) Courtroom: Christopher S. Sontchi |
| | ) |
| | ) |

## RESPONSE TO OBJECTION TO CURE AMOUNT
## FILED BY ARDEN REALTY LIMITED PARTNERSHIP,
## CLAIM NO. 10152, CLAIM AMOUNT $141,823.56

TO THE HONORABLE CHRISTOPHER S. SONTCHI, UNITED STATES BANKRUPTCY JUDGE;

COUNSEL FOR THE DEBTORS; AND ALL OTHER INTERESTED PARTIES:

Arden Realty Limited Partnership ("Arden") hereby responds to the Debtors' Twenty-Eighth

Omnibus (Non-Substantive) Objection to Claims.  This Response is based upon the attached

Memorandum of Points and Authorities, all supporting documents, the record in this case, and by such

other pleadings and evidence as may be presented to the Court at or prior to the hearing on this

Objection.

WHEREFORE, Arden respectfully requests that this Court deny the Objection as it relates to Arden, and allow Arden to maintain its non-administrative claim (Claim No. 10152) in the amount of $141,823.56, and enter any other and further relief that this Court deems just and proper.

DATED:  January 27, 2009                    MCGUIREWOODS LLP

                                            /S/ William H. Kiekhofer, III
                                            William H. Kiekhofer, III
                                            1800 Century Park East, 8th Floor
                                            Los Angeles, California 90067
                                            Telephone:  310-315-8200
                                            Facsimile:   310-315-8210

                                            Counsel for Arden Realty Limited Partnership

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Arden Realty Limited Partnership ("Arden"), a former landlord of American Home Mortgage Corp, a New York corporation ("Debtor") hereby responds to the hereby responds to the Debtors' Twenty-Eighth Omnibus (Non-Substantive) Objection to Claims. The Objection alleges that Arden's Proof of Claim (Claim No. 10152), filed on March 27, 2008, was late-filed and should be disallowed. The Objection as to Arden, however, fails to recognize that an Order of this Court allowed certain creditors, such as Arden, to file its claim until March 29, 2008 with respect to late-rejected office leases. Therefore, Arden's claim is timely.

### II.

### FACTS

On or about October 10, 2001, Arden's predecessor-in-interest and American Home Mortgage Corp, a New York corporation ("Debtor") entered into a written Office Lease agreement (the "Lease") whereby Debtor leased the premises located at 17777 Center Court Drive, Suite 125, Cerritos, California (the "Premises"). The Lease is attached to the Proof of Claim as Exhibit "A." The Lease was not scheduled to expire until August 31, 2010.

On or about August 6, 2007, Debtor and its related entities filed for bankruptcy in the District of Delaware. On or about September 5, 2007, IndyMac Bank, F.S.B. ("IndyMac") advised Landlord that it would be assuming the Lease in connection with an Asset Purchase Agreement, and thereafter took possession of the Premises. On or about February 28, 2008, Debtor rejected the Lease notwithstanding the fact that IndyMac had taken possession of the Premises, and the rejection of the Lease was approved by the Court pursuant to an Order (A) Modifying Letter Agreement with Indymac Bank, F.S.B.; (B) Modifying Order (I) Authorizing the Assumption and Assignment of Certain Real Property Leases and the Sale of Furniture, Fixtures and Equipment Located Therein; (II) Approving the Terms of the Letter Agreement; and (III) Granting Related Relief; and (C) Authorizing the Debtors to Rejection Certain Unexpired Leases of Non-Residential Real Property and to Abandon Certain Furniture, Fixtures, and

Equipment Located Therein (Docket No. 3114) (the "Order").  The Order is attached hereto as Exhibit "A" and incorporated herein.

Pursuant to the Order (Docket No. 3114) at Exhibit B, Schedule 1.6, line item 9, the Lease for the Premises was deemed rejected effective February 29, 2008.  Pursuant to the Order (Docket No. 3114), the Rejection Bar Date for filing a Rejection Claim was thirty days from the date of the Order of February 28, 2008, which means that Arden had until March 29, 2008 to file its Proof of Claim.

III.

**ARGUMENT**

A.    **Debtor's Argument Is Incorrect And Fails to Take In To Account This Court's Order Dated February 28, 2008**

Debtor objects to Arden's Claim on the purported grounds that the Proof of Claim was filed after the Bar Date of January 11, 2008.  However, the Bar Date of January 11, 2008 does not apply to Arden in light of the Order dated February 28, 2008, which rejected certain office leases, including the Arden Lease, effective February 29, 2008, and ordered that the Rejection Bar Date for those leases rejected effective February 29, 2008, would be thirty days from February 28, 2008 – or March 29, 2008.  Arden's Proof of Claim, which was filed on March 27, 2008, was thus timely.

IV.

**CONCLUSION**

There is currently post-petition non-administrative claim in the amount of $141,823.56.  Arden respectfully requests that this Court require Debtor to deny the Objection as it relates to Arden's Claim (Claim No. 10152), and allow Arden to maintain its claim.

DATED:  January 27, 2009            MCGUIREWOODS LLP


/S/ William H. Kiekhofer, III
William H. Kiekhofer, III
1800 Century  Park East, 8th Floor
Los Angeles, California 90067
Telephone:  310-315-8200
Facsimile:   310-315-8210

Counsel for Arden Realty Limited Partnership

# EXHIBIT A

### Order Dated February 28, 2008

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| --------------------------------------------------------- x | | |
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : | Case No. 07-11047 (CSS) |
| a Delaware corporation, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | **Doc. Ref. Nos. 3059 and 3061** |
| --------------------------------------------------------- x | | |

**ORDER (A) MODIFYING LETTER AGREEMENT WITH INDYMAC BANK, F.S.B.; (B) MODIFYING ORDER, PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN REAL PROPERTY LEASES AND THE SALE OF FURNITURE, FIXTURES AND EQUIPMENT LOCATED THEREIN; (II) APPROVING THE TERMS OF THE LETTER AGREEMENT; AND (III) GRANTING RELATED RELIEF [DOCKET NO. 357]; AND (C) AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND TO ABANDON CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT LOCATED THEREIN**

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage

Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect

affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively,

"AHM" or the "Debtors"),[2] for entry of an order, pursuant to sections 105(a), 363 and 365 of title

11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of

Bankruptcy Procedure, (A) modifying the letter agreement dated August 7, 2007 (the "Letter

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Agreement") by and between the Debtors and Indymac Bank F.S.B. ("Indymac"); (B) modifying

the Order Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code, (I) Authorizing the

Assumption and Assignment of Certain Real Property Leases and the Sale of Furniture, Fixtures

and Equipment Located Therein; (II) Approving the Terms of the Letter Agreement; and (III)

Granting Related Relief [Docket No. 357] (the "Original Sale Order"); and (C) authorizing the

Debtors to reject certain unexpired leases of non-residential real property (the "Rejected Office

Leases"), and to abandon any property remaining at the premises subject to the Rejected Office

Leases including, but not limited to, furniture, fixtures and equipment (collectively, the

"FF&E"); and the Court being satisfied that the modifications to the Letter Agreement, the

rejection of the Rejected Office Leases and the abandonment of certain of the FF&E contained

therein, is in the best interests of the Debtors, their estates and creditors and is a proper exercise

of the Debtors' business judgment; and due and proper notice of the Motion having been given;

and it appearing that no other or further notice need be given; and after due deliberation and

sufficient cause appearing therefor, the Court hereby makes the following:

FINDINGS OF FACT AND CONCLUSIONS OF LAW:[3]

A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157

and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these

cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief requested in the Motion are sections

105(a), 363, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6004, 6006 and 9019.

C.    For the reasons set forth in the Motion, due and adequate notice of the

Motion, the hearing, and the subject matter thereof has been provided to all parties in interest

---

[3] When appropriate, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact. See Fed. R. Bankr. P. 7052.

Page 2

herein, and no other or further notice is necessary. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

       D.     The modifications to the Letter Agreement are in the best interests of the Debtors, their estates, their creditors, and other parties in interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the proposed modifications.

       E.     The modifications to the Letter Agreement were negotiated and proposed, and have been entered into by the parties, in good faith, from arm's length bargaining positions, and without collusion. Indymac is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor Indymac have engaged in any conduct that would cause or permit the modified Letter Agreement, or the sale of the Office Assets to Indymac pursuant thereto and hereto, to be avoided under Bankruptcy Code section 363(n).

       F.     Under the circumstances, and due and adequate notice having been provided, it is the best interests of the Debtors, their creditors, and all other parties in interest herein that the Office Assets be sold to Indymac in a sale under section 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(c)(1) and 6004(f)(1)F.

### IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     The Motion is GRANTED.

2.     The Letter Agreement and Original Sale Order are hereby modified to the extent set forth in the Motion, this Order and the Asset Purchase Agreement by and between American Home Mortgage Corp. and American Home Mortgage Holdings, Inc. and Indymac

DB02:6569186.6                                     066585.1001

Bank, F.S.B. and ancillary documents attached thereto (the "APA"), and the APA, as modified herein, is hereby approved.

        3.      The Phase I Closing, as provided under the terms of the APA, is hereby authorized.

        4.      The Phase II Closing, as provided under the terms of the APA, is hereby authorized and shall occur on or before March 3, 2008 at 4:00 p.m. (EST).

        5.      Schedule 1.1(a) to the APA is amended, as attached hereto as Exhibit A, and is hereby approved.

        6.      Schedule 1.6 to the APA is amended, as attached hereto as Exhibit B, and is hereby approved.

        7.      Based on the amendments to Schedules 1.1(a) and 1.6 to the APA, the parties are directed to close the Sale under Sections 1.6(b)(i) and 1.6(b)(ii)(B) of the APA. Utilizing the calculation set forth in Section 3.3(d) of the APA, this Order shall serve as joint written instructions to the Escrow Agent to distribute a pro rated amount of the Additional Deposit, to Seller in the amount of $393,593 payable upon approval of this Order, and to Purchaser in the amount of $606,407 payable upon and contingent on the Phase II Closing.

        8.      The Rejected Office Leases, as identified on Exhibit B hereto, are deemed rejected pursuant to 11 U.S.C. § 365(a) effective as of February 29, 2008.

        9.      Any FF&E remaining at the premises of the Rejected Office Leases as of February 29, 2008 shall be deemed abandoned pursuant to 11 U.S.C. § 554(a) effective as of February 29, 2008.

        10.      Except as set forth herein, the Original Sale Order shall remain in full force and effect.

DB02:6569186.6

066585.1001

11.     The Rejection Bar Date for filing a Rejection Claim with respect to the Rejected Office Leases pursuant to this Order is hereby fixed as a date which is thirty (30) days from the date of the entry of this Order. Any holder of a Rejection Claim who fails to timely file a proof of such claim on or before the Rejection Bar Date shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim.

12.     The deadline for filing an Administrative Expense Claim with respect to the Rejected Office Leases pursuant to this Order is hereby fixed as a date which is thirty (30) days from the date of the entry of this Order. Any holder of an Administrative Expense Claim who fails to timely file a proof of such claim on or before the Rejection Bar Date shall be forever barred, estopped and enjoined from asserting such Administrative Expense Claim against the Debtors (or filing a request for the allowance thereof), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.

13.     Nothing herein shall prejudice the rights of the Debtors to argue that any claim for damages arising from the rejection of the Rejected Office Leases is limited to the remedies available under any applicable termination provision of such Rejected Office Leases, or that any such claim is an obligation of a third party, and not that of the Debtors.

14.     As provided by Bankruptcy Rule 6004(g) and 6006(d), this Order shall not be stayed for ten (10) days after entry thereof and shall be effective and enforceable immediately.

15.     This Court shall retain jurisdiction over any and all matters arising from or

related to the implementation or interpretation of the Letter Agreement or this Order.

Dated: Wilmington, Delaware
        February 28, 2008

                                        Christopher S. Sontchi
                                        United States Bankruptcy Judge

**EXHIBIT A**

Schedule 1.1(a) - Office Leases

| # | City, State | Address |
|---|---|---|
| 1 | Alameda, CA | 1512 Webster Street |
| 2 | Albuquerque, NM [1] | 8000 Uptown Blvd. |
| 3 | Anaheim, CA [2] | 2390 East Orangewood / Anaheim Corporate Plaza / Suite 105 |
| 4 | Angels Camp, CA | 1239 South Main Street |
| 5 | Bellingham, WA | 1759 Iowa Street |
| 6 | Big Sky, MT | 50 Meadow Village Drive |
| 7 | Bloomington, MN | 1600 West 82nd Street |
| 8 | Boise, ID | 8850 W. Emerald Street |
| 9 | Bozeman, MT | 2618 West Main Street |
| 10 | Caldwell, ID | 2805 Blaine Street |
| 11 | Campbell, CA | 51 E. Campbell Street |
| 12 | Cedar Rapids IA 2017 | 3053 Center Point Road NE |
| 13 | Cerritos, CA [2] | 17777 Center Court Drive / Cerritos Towne Center / Suite 125 |
| 14 | Chandler, AZ | 25 S. Arizona Place |
| 15 | Charleston, SC | 2000 Sam Rittenberg Blvd. |
| 16 | Chaska, MN | 1107 Hazeltine Blvd. |
| 17 | Coeur d'Alene, ID [1] | 1221 Ironwood Drive |
| 18 | Colorado Springs, CO [2] | 2630 Tenderfoot Hill St / Suite 202 |
| 19 | Columbia, MD | 6996 Columbia Gateway |
| 20 | Concord, CA | 1800 Sutter Street |
| 21 | Coral Gables, FL | 4621 Ponce De Leon Blvd. |
| 22 | Cornelius, NC | 19930 West Catawba |
| 23 | Del Rio, TX | 600 E. Gibbs Street |
| 24 | Des Moines, IA [1] | 6600 University Avenue |
| 25 | Eagle, ID | 738 South Bridgeway Place |
| 26 | Edmonds, WA | 21920 76th Avenue W |
| 27 | Elk Grove, CA | 9355 E. Stockton |
| 28 | Flower Mound, TX [2] | 3305 Long Prarie Road / Sagebrush West Office Park |
| 29 | Frisco, TX [2] | 2595 Dallas Parkway / Suite 204 |
| 30 | Gaithersburg, MD | 481 N. Frederick Avenue |
| 31 | Glendale, AZ | 5859 W. Talavi Blvd. |
| 32 | Grand Junction, CO | 2478 Patterson Road |
| 33 | Greenwood Village, CO | 8101 East Prentice Avenue |
| 34 | Gresham, OR | 320 North Main |
| 35 | Helena, MT | 825 Great Northern Blvd. |
| 36 | Henderson, NV | 2370 Corporate Circle |
| 37 | Hilton Head Island, SC | 10 Executive Park Rd. |
| 38 | Honolulu, HI | 737 Bishop Street |
| 39 | Houston, TX [2] | 730 North Post Oak Office Road / 730 North Post Oak Office Building / Suite 301 |
| 40 | Indian Wells, CA [1] | 74-890A Highway 111 |
| 41 | Irvine, CA [2] | 111 Pacifica |
| 42 | Kapaa, HI | 4-361 Kuhio Highway |
| 43 | Kapolei, HI | 1001 Kamokila |
| 44 | Kingwood, TX [2] | 20669 West Lake Houston Parkway |
| 45 | Kirkland, WA | 401 Parkplace |
| 46 | La Jolla, CA | 4275 Executive Square |
| 47 | Lafayette, LA [2] | 3188 Guilbeau Road |
| 48 | Lahaina, HI | 222 Papaloua Street |
| 49 | Lakewood, WA | 5808 100th Street SW |
| 50 | Las Vegas, NV | 777 N. Rainbow Blvd. |
| 51 | Layton, UT | 920 West Heritage Park Blvd. |
| 52 | Littleton, CO [2] | 9200 West Cross Drive / Southwest Plaza Office Centre I / Suite 201 & 202 |
| 53 | Long Beach, CA | 3780 Kilroy Airport Way |

Schedule 1.1(a) - Office Leases

| # | City, State | Address |
|---|---|---|
| 54 | Maple Grove, MN | 7767 Elm Creek Blvd. |
| 55 | Miami, FL | 200 S. Biscayne Blvd. |
| 56 | Miami, FL | 12751 & 12753 South Dixie Hwy. |
| 57 | Missoula, MT | 1802 Dearborn |
| 58 | Modesto, CA | 1150 Ninth Street |
| 59 | Monroe, WA | 14961 Chain Lake Road |
| 60 | Monterey, CA | 659 Abrego Street |
| 61 | Nampa, ID | 724 12th Avenue |
| 62 | New City, NY | 200 South Main Street |
| 63 | Palm Beach Gardens, FL | 4100 RCA Blvd. |
| 64 | Plantation FL 2829 | 801 S University Drive, Bay A-139 |
| 65 | Pomona, CA | 3191 W Temple Avenue |
| 66 | Portland, OR | 10220 SW Greenburg |
| 67 | Portland, OR | 700 NE Multnomah |
| 68 | Raleigh, NC | 3717 National Drive |
| 69 | Rancho Cucamanga, CA | 9680 Haven Avenue |
| 70 | Reno, NV | 5470 Kietzke Lane |
| 71 | Riverside, CA | 5225 Canyon Crest Drive |
| 72 | Roseville, CA [1] | 1508 Eureka Road |
| 73 | Sacramento, CA | 1610 Arden Way |
| 74 | Salt Lake City, UT | 6415 South 3000 East |
| 75 | Sarasota, FL | 950 South Tamiani Trail |
| 76 | Scottsdale, AZ | 8700 East Vista Bonita |
| 77 | Scottsdale, AZ | 6991 East Camelback Rd. |
| 78 | Scottsdale, AZ | 8700 E Via De Ventura |
| 79 | Sherwood, OR | 20512 SW Roy Rogers Rd. |
| 80 | Sioux Falls, SD [1] | 3409 West 47th Street |
| 81 | Sonora, CA | 79 N. Washington |
| 82 | Spokane, WA | 818 W. Riverside |
| 83 | St. Louis, MO [3] | 4409 Meramec Bottom Rd. |
| 84 | Tampa, FL | 1511 N. Westshore Blvd. |
| 85 | Temecula, CA | 27450 Ynez Road |
| 86 | Torrance, CA | 2780 Skypark Drive |
| 87 | Wailuku, HI | 2200 Main Street, Suite 660, Suite 640 |
| 88 | Walnut Creek, CA [1] | 500 Ygnecio Valley Road |
| 89 | West Des Moines, IA [2] | 2829 Westown Parkway |
| 90 | West Linn, OR | 1800 Blankenship Road |
| 91 | Westminster, CO | 1400 W. 122nd Avenue |
| 92 | Woodbury, MN [2] | 6043 Hudson Road / Suite 100 |
| 93 | Woodlands, TX [2] | Twenty One Waterway Avenue / Twenty One Waterway Avenue / Suite 450 |
| 94 | Yakima, WA | 917 Triple Crown Way |
| 95 | Yucca Valley, CA | 56351 29 Palms Hwy. |

1 - Leases expired prior to closing of transaction and therefore cannot be assumed
2 - Excluded Leases
3 - Includes Suites 110, 200, 250, 280, 305, 310, 320, and storage space

Note:
(a) In the original list 111 Pacifica branch was listed 3 times
(b) The original list included 828 Washington Avenue, Miami Beach, FL location which AHM did not have the authority to assign to IMB because AHM did not own the lease or the sublease for the location

**EXHIBIT B**

## Schedule 1.6 - Excluded Leases

| # | Address | City | State |
|---|---------|------|-------|
| 1 | 2829 Westown Parkway | West Des Moines | IA |
| 2 | 9200 West Cross Drive / Southwest Plaza Office Centre I / Suite 201 & 202 | Littleton | CO |
| 3 | 2630 Tenderfoot Hill St / Suite 202 | Colorado Springs | CO |
| 4 | 2595 Dallas Parkway / Suite 204 | Frisco | TX |
| 5 | 2390 East Orangewood / Anaheim Corporate Plaza / Suite 105 | Anaheim | CA |
| 6 | 6043 Hudson Road / Suite 100 | Woodbury | MN |
| 7 | 3305 Long Prarie Road / Sagebrush West Office Park | Flower Mound | TX |
| 8 | 318B Guilbeau Road | Lafayette | LA |
| 9 | 17777 Center Court Drive / Cerritos Towne Center / Suite 125 | Cerritos | CA |
| 10 | Twenty One Waterway Avenue / Twenty One Waterway Avenue / Suite 450 | The Woodlands | TX |
| 11 | 730 North Post Oak Office Road / 730 North Post Oak Office Building / Suite 301 | Houston | TX |
| 12 | 20669 West Lake Houston Parkway | Kingwood | TX |
| 13 | 4409 Meremac Bottom Road | St Louis | MO |

Page 1 of 1

## CERTIFICATE OF SERVICE

I, William H. Kiekhofer, III, certify that the foregoing Response to Objection to Cure Amount Filed by Arden Realty Limited Partnership, Claim No. 10152, Claim Amount $141,823.56 was filed electronically on January 27, 2009 in the United States Bankruptcy Court for the District of Delaware through the Court's ECF.  Upon completion thereof, the ECF system automatically generated a "Notice of Electronic Filing" ("NEF") as service through CM/ECF to all parties who are registered efilers in the case; in particular, a copy of same was emailed to counsel for the Debtors and Debtors in Possession as listed below:

> Email: bankfilings@ycst.com
> Nathan D. Grow, Esq.
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Bldg., 17th Floor
> Wilmington, DE 19801-0391

Dated:  January 27, 2009                    /s/ William H. Kiekhofer, III
                                            William H. Kiekhofer, III