## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x

In re:                            :    Chapter 11

AMERICAN HOME MORTGAGE      :    Case No. 07-11047 (CSS)
HOLDINGS, INC.,
a Delaware corporation, et al.,[1]     :    Jointly Administered

       Debtors.                   :

                                :    **Objection Deadline: February 10, 2009 at 4:00 pm. (ET)**
                                :    **Hearing Date: February 17, 2009 at 10:30 a.m. (ET)**

---------------------------------------------------------- x

## DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR AN ORDER APPROVING AND AUTHORIZING THE STIPULATION BY AND BETWEEN THE DEBTORS AND THE STATE OF NEW HAMPSHIRE BANKING DEPARTMENT

American Home Mortgage Corp, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors"), by this motion (the "Motion"), seek entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") approving a stipulation (the "Stipulation"), attached hereto as Exhibit A, between the Debtors and the State of New Hampshire Banking Department (the "Banking Department") resolving the *Appeal of American Home Mortgage Corp, et al.* pending before the Supreme Court of the State of New Hampshire (Case No. 2008-0352) (the "Appeal"). In support of the Motion, the Debtors

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

respectfully represent as follows:

## JURISDICTION

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested is section 105(a) of the Bankruptcy Code along with Bankruptcy Rule 9019(a).

## GENERAL BACKGROUND

2.     On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.     The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4.     On August 14, 2007, the United States Trustee for the District of Delaware (the "Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee").  No trustee or examiner has been appointed.

5.     A detailed description of the events leading up to these chapter 11 filings is set forth more fully in the *Declaration of Michael Strauss in Support of Chapter 11 Petitions and First Day Relief* [D.I. 2], filed in these cases on August 6, 2007.

## RELEVANT BACKGROUND

6.     On August 2, 2007, the Banking Department issued an Order to Show Cause and Cease and Desist Order, a copy of which is attached hereto as Exhibit B, against the

Debtors as well as certain of the Debtors' current and/or former officers and directors, Michael

Strauss, Stephen Hozie and Alan B. Horn (together with the Debtors, the "Defendants"). On

September 25, 2007, a hearing was held on the two issues raised by the Order: (1) whether there

was a violation of New Hampshire Banking Rule 2407.01 committed by some or all of the

Defendants; and (2) whether there was a violation of RSA 397-A:14-b committed by some or all

of the Defendants. The violations were based on the alleged prepetition failure of the Defendants

to fund certain loans that had been provided to New Hampshire borrowers.[2]

7.       On March 5, 2008, the Presiding Officer entered an Administrative Order,

a copy of which is attached hereto as Exhibit C, which, among other things, imposed fines in the

amount of $39,500.00, jointly and severally, on the Defendants. The Defendants filed a notice of

appeal to the New Hampshire Supreme Court and, on June 11, 2008, the Court granted the

Petition for review.

8.       Since the filing of the Appeal, the Defendants and the Banking

Department (collectively, the "Parties") have engaged in extensive negotiations in an attempt to

settle and resolve the Appeal without the necessity of costly and time-consuming litigation

between the Parties. As a result, the Parties have reached an agreement the terms of which are

embodied in the executed Stipulation attached hereto.

## SUMMARY OF THE STIPULATION

9.       The Banking Department and the Debtors believe it is in their respective

best interests to compromise and settle, without further litigation, the Appeal on the terms and

subject to the conditions set forth in the Stipulation. The effectiveness of the Stipulation is

---

[2] Due to the Debtors' bankruptcy cases, this action was stayed as it related to the Debtors. However, it proceeded with respect to certain of the Debtors' officers and directors. Pursuant to an order by this Court entered on April 4, 2008 [D.I. 3520], the defense of the directors and officers was funded by the proceeds of certain of the Debtors' insurance policies.

DB02:7737430.3                                                                                    066585.1001

conditioned upon approval of the Bankruptcy Court. The principal terms of the Stipulation are as follows:[3]

      a.      Upon execution of the Stipulation by the Parties (the "Effective Date"), the Debtors shall promptly file a written motion with the New Hampshire Supreme Court requesting a voluntary remand of the Appeal to the Banking Department for further proceedings, attaching a copy of the Stipulation;

      b.      The Debtors shall pay the following (together, the "Settlement Amount"):

      i.      $5,000.00 to the Banking Department for two (2) violations of RSA 397-A:14-b in connection with the two (2) instances of failure to fund loans at closing;

      ii.      $2,500.00 to Kristen Jernigan for failure to fund her loan at closing; and

      iii.      $6,000.00 to Ashley Noseworthy and Frederick Bassett jointly for failure to fund their single loan at closing;

      c.      The Debtors shall cause their insurer, American International Group, Inc., National Union Fire Insurance Company of Pittsburgh, Pa., to make all payments required under paragraph b within sixty (60) days of the Effective Date;

      d.      The Debtors shall file satisfactory written proof of all payments made pursuant to paragraphs b(ii) and b(iii) with the Banking Department within sixty (60) days of the Effective Date;

      e.      Following the Banking Department's receipt of payment pursuant to paragraph b(i) and written proof of payments made pursuant to paragraphs b(ii)

---

[3] The summary of the Stipulation is qualified in its entirety by the Stipulation. If there are any inconsistencies between the summary contained herein and the Stipulation, the Stipulation shall control. Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Stipulation.

4

and b(iii), the Banking Department:

    i.    shall dismiss all findings made against the Officers in the March 5, 2008 Adjudicative Decision: Order to Pay Fine and Revocation of License as Result of Violation of RSA 397-A:14-b (the "<u>Order</u>") and in the August 2, 2007 Cease and Desist Order (the "<u>Cease and Desist</u>");

    ii.    shall not use the Order or the Cease and Desist as a basis to object to Mr. Hozie's acting as an officer for American Home Mortgage Servicing, Inc.; and

    iii.    shall not use the Order or the Cease and Desist as the basis to deny any future applications made to the Banking Department by the Officers for licensing in the mortgage banking business; and

    f.    The remainder of the Order, including but not limited to, the Cease and Desist Order, and the license revocation, and the fines assessed, as modified in paragraph b above, against the Debtors, shall remain in full force and effect.

## RELIEF REQUESTED

10.    By this Motion, the Debtors are seeking (1) approval of the Stipulation pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019; and (2) authority to pay the Settlement Amount from the Debtors' insurance proceeds.  The Debtors and Banking Department have weighed the costs and risks associated with the continued litigation of the Appeal against the compromises contained within the Stipulation and have concluded that it is in their respective best interests to compromise and settle the matter pursuant to the terms of the Stipulation without further litigation.

## BASIS FOR RELIEF REQUESTED

11.    Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P 9019(a).  The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is

encouraged and "generally favored in bankruptcy." In re World Health Alternatives, Inc., 344

B.R. 291, 296 (Bankr. D. Del. 2006); see also In re Penn Central Transportation Co., 596 F.2d

1102 (3d Cir. 1979) ("'administering reorganization proceedings in an economical and practical

manner it will often be wise to arrange the settlement of claims . . . .'"), quoting In re Protective

Committee for Independent Stockholders of TMT Ferry, Inc. v. Anderson, 390 U.S. 414, 424

(1968).

12.     In determining the fairness and equity of a compromise in bankruptcy, the

United States Court of Appeals for the Third Circuit has stated that it is important that the

bankruptcy court "apprise itself of all facts necessary to form an intelligent and objective opinion

of the probabilities of ultimate success should the claims be litigated, and estimated the

complexity, expense and likely duration of such litigation, and other factors relevant to a full and

fair assessment of the [claims]." In re Penn Central Transportation Co., 596 F.2d 1127, 1153 (3d

Cir. 1979); see also In re Marvel Entertainment Group, Inc., 222 B.R. 243 (D. Del. 1998)

(quoting, In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997) (describing "the ultimate inquiry

to be whether 'the compromise is fair, reasonable, and in the interest of the estate.'").

13.     The Third Circuit Court of Appeals has enumerated four factors that

should be considered in determining whether a settlement should be approved.  The four

enumerated factors are:  "(1) the probability of success in litigation; (2) the likely difficulties in

collection; (3) the complexity of the litigation involved and the expense, inconvenience and

delay necessarily attending it; and (4) the paramount interest of the creditors." Meyers v. Martin

(In re Martin), 91 F.3d 389, 393 (3d Cir. 1996); accord Will v. Northwestern Univ. (In re

Nutraquest, Inc.), 434 F.3d 639, 644 (3d Cir. 2006).

14.     The decision to approve a settlement "is within the sound discretion of the

066585.1001

bankruptcy court." In re World Health Alternatives, Inc., 344 B.R. at 296; see also In re

Neshaminy Office Building Associates, 62 B.R. 798, 803 (E.D. Pa. 1986), cited with approval in

Meyers v. Martin (In re Martin), 91 F.3d 389. The bankruptcy court should not substitute its

judgment for that of the debtor. See In re Neshaminy Office Building Associates, 62 B.R. at

803. The court is not to decide the numerous questions of law or fact raised by litigation, but

rather should canvas the issues to see whether the settlement falls below the lowest point in the

range of reasonableness. See In re W.T. Grant and Co., 699 F.2d 599, 608 (2d Cir. 1983), cert.

denied, 464 U.S. 22 (1983); see also In re World Health Alternatives, Inc., 344 B.R. at 296

(stating that "the court does not have to be convinced that the settlement is the best possible

compromise. Rather, the court must conclude that the settlement is within the reasonable range

of litigation possibilities.") (internal citations and quotations omitted).

       15.     In the Debtors' judgment, the resolutions embodied in the Stipulation are

reasonable and in the best interest of the Debtors, their estates, their creditors and other parties in

interest. Moreover, a review of the above-referenced factors clearly demonstrates that the terms

of the Stipulation are reasonable under the circumstances. Although the Debtors and their

former officers and directors, through litigation, may ultimately prevail, the Debtors

acknowledge, as with all litigation, that there is an inherent risk in this litigation if it is permitted

to proceed as well as increased litigation costs. This settlement eliminates that need to continue

in protracted litigation which would continue to drain valuable resources. Moreover, the

Settlement Amount due pursuant to the Stipulation is limited to insurance proceeds and, pursuant

to an agreement, is being paid in its entirety by American International Group, Inc., National

Union Fire Insurance Company of Pittsburgh, Pa.. Thus, there is no additional cost to the

Debtors' estates.

16.     In light of the above, the Debtors believe the Stipulation is fair, equitable, and in the best interests of the their creditors and their estates, represents an exercise of their sound business judgment, and should be approved pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## NOTICE

17.     Notice of this Motion will be provided to: (i) the Trustee; (ii) counsel to the Creditors Committee; (iii) counsel to the Borrowers Committee; (iv) counsel to Bank of America; (v) counsel to the Agent for the Debtors' Postpetition Lender; (vi) counsel to the State of New Hampshire, and (vii) all parties entitled to notice under Del. Bankr. LR 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that this Court issue and enter an Order, in the form attached hereto as Exhibit D, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 (i) approving the Stipulation and (ii) granting such other and further relief as may be just and proper.

Dated:    Wilmington, Delaware          YOUNG CONAWAY STARGATT & TAYLOR, LLP
          January 28, 2009

James L. Patton, Jr. (No. 2202)
Sean M. Beach (No. 4070)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession