## EXHIBIT A

**Stipulation of Settlement**

EXHIBIT A

THE STATE OF NEW HAMPSHIRE
SUPREME COURT

Docket No. 2008-0352

APPEAL OF AMERICAN HOME MORTGAGE CORP. *ET AL.*

**STIPULATION OF SETTLEMENT**

The parties to this appeal, Petitioners, American Home Mortgage Corp., American Home Mortgage Holdings, Inc., Michael J. Strauss, Stephen A. Hozie, and Alan B. Horn, and Respondent, State of N.H. Banking Department ("Department"), stipulate as follows:

1.    Upon execution of this Stipulation of Settlement ("Stipulation") by the parties ("Effective Date"), Petitioners shall promptly file a written motion with the N.H. Supreme Court, requesting a voluntary remand of this appeal to the Department for further proceedings, attaching a copy of this executed Stipulation.

2.    Petitioners American Home Mortgage Corp. and American Home Mortgage Holdings, Inc. (collectively "Corporate Petitioners") shall pay the following sums:

    a)  $5,000 to the Department for two (2) violations of RSA 397-A:14-b in connection with the two (2) instances of failure to fund loans at closing;

    b)  $2,500 to Kristen Jernigan for failure to fund her loan at closing; and

    c)  $6,000 to Ashley Noseworthy and Frederick Bassett jointly for failure to fund their single loan at closing.

3.    The Corporate Petitioners shall make all payments required under paragraph 2 (a) within 60 days of the Effective Date.

4.      The Corporate Petitioners shall file satisfactory written proof of all payments made pursuant to above paragraphs 2 (b) (Kristen Jernigan) and 2 (c) (Ashley Noseworthy and Frederick Bassett) with the Department within 60 days of the Effective Date.

5.      Following the Department's receipt of payments pursuant to above paragraph 2 (a) (Banking Department) and written proof of payments made pursuant to above paragraphs 2 (b) (Kristen Jernigan) and 2 (c) (Ashley Noseworthy and Frederick Bassett), the Department shall:

        a)  dismiss all findings made against the individual Petitioners, Michael J. Strauss, Stephen A. Hozie and Alan B. Horn, in the March 5, 2008, Adjudicative Decision: Order to Pay Fine and for Revocation of License as Result of Violation of RSA 387-A:14-b ("Order") and in the August 2, 2007, Cease and Desist Order ("Cease and Desist");

        b)  not use the Order or the Cease and Desist as a basis to object to Mr. Hozie's acting as an officer for American Home Mortgage Servicing, Inc.; and

        c)  not use the Order or the Cease and Desist as the basis to deny any future applications made to the Department by Mr. Hozie, Mr. Strauss, or Mr. Horn for licensing in the mortgage banking business.

6.      The remainder of the Order, including but not limited to, the Cease and Desist, and the license revocation, and the fines assessed, as modified in paragraph 2 above, against the Corporate Petitioners, American Home Mortgage Corp. and American Home Mortgage Holdings, Inc., shall remain in full force and effect.

7.      This Stipulation shall be construed under New Hampshire law and is binding upon and inures to the benefit of the parties and their respective successors and assigns.

8.      The parties hereto do not intend to benefit any third parties and this Stipulation shall not be construed to confer any such benefit.

9.      This Stipulation may not be amended, modified, or discharged except by an instrument in writing signed by the parties hereto.

10.     This Stipulation does not constitute and shall not be construed as an admission by any party of liability or admission as to the relative legal merits of any of the legal positions advocated by the parties in this appeal.

11.     This Stipulation constitutes the entire Stipulation and understanding between the parties, and supercedes all prior Stipulations and understandings relating hereto.

12.     This Stipulation may be executed in any number of counterparts and all such counterparts shall be construed together and constitute a single form of this Stipulation.

[THE REMAINING PORTION OF THIS PAGE INTENTIONALLY LEFT BLANK]

3

EXECUTED on the 22 day of December 2008.

FOR THE PETITIONERS

AMERICAN HOME MORTGAGE CORP.

Full Name: Kevin Nystrom
Title: Chief Restructuring Officer
Date: December 22, 2008

Notary/Justice of the Peace

AMERICAN HOME MORTGAGE HOLDINGS, INC.

Full Name: Kevin Nystrom
Title: Chief Restructuring Officer
Date: December 22, 2008

Notary/Justice of the Peace

Maria E. D'elia
Notary Public, State of NY
No 01PA6061899
Qualified in Queens County
Commission Expires
July 23, 2009

4

MICHAEL J. STRAUSS

Full Name: *Michael Fitzpatrick*
Title:
Date: *12/24/08*

*Melanie Sheppard*
Melanie Sheppard
Notary/Justice of the Peace



STEPHEN A. HOZIE

Full Name:
Title:
Date:

Notary/Justice of the Peace

ALAN B. HORN

Full Name:
Title:
Date:

Notary/Justice of the Peace

5

MICHAEL J. STRAUSS

Full Name:
Title:
Date:


Notary/Justice of the Peace

STEPHEN A. HOZIE

Full Name: Stephen A. Hozie
Title: EVP & CFO
Date: 12/22/08

Notary/Justice of the Peace

DEBRA CAMERON
Notary Public, State of Texas
My Commission Expires
April 10, 2011

ALAN B. HORN

Full Name:
Title:
Date:


Notary/Justice of the Peace

5

MICHAEL J. STRAUSS

_____

Full Name:
Title:
Date:

_____

Notary/Justice of the Peace

STEPHEN A. HOZIE

_____

Full Name:
Title:
Date:

_____

Notary/Justice of the Peace

ALAN B. HORN

_____

Full Name: Alan B. Horn
Title:
Date: 12/24/08

_____

Notary/Justice of the Peace

JANEANN TOBIN
Notary Public, State of New York
No. 01TO6086499
Qualified in Westchester County
Commission Expires April 8, 2010

5

FOR THE RESPONDENT

STATE OF N.H. BANKING DEPARTMENT

Full Name: Celia K. Leonard
Title: General Counsel
Date: Jan. 7, 2009

Notary/Justice of the Peace

REBECCA L. STONE
Notary Public – New Hampshire
My Commission Expires May 19, 2009

F:\9507709\American Home Stipulation (Final).doc

6

**EXHIBIT B**

**Order to Show Cause and Cease and Desist Order**

1          State of New Hampshire Banking Department

2

3   In re the Matter of:                )   Case No.: 07-216
                                         )
4   State of New Hampshire Banking       )
                                         )
5   Department,                          )
                                         )   Adjudicative Decision:
6          Complainant,                  )   Order to Pay Fines and for Revocation
                                         )   of License as Result of Violation of
7      and                               )   RSA 397-A:14-b
                                         )
8   American Home Mortgage Corp, Michael )
                                         )
9   J. Strauss, Stephen A. Hozie, Alan B.)
                                         )
10  Horn, and American Home Mortgage     )
                                         )
11  Holdings, Inc.,                      )

12          Respondent

13  _____

14                    PROCEDURAL CASE HISTORY

15

16      The Commissioner issued an Order to Show Cause and Cease and Desist

17  Order (along with a Staff Petition) in this case on August 2, 2007. The

18  Petitioner alleged violations of RSA 397-A:14-b (entitled "Compliance with

19  Requirements for Funding of Loans at Real Estate Closings") and New Hampshire

20  Administrative Rule BAN 2407.01 (entitled "Notice of Significant Events").

21  The Presiding Officer held an adjudicative hearing on these two issues on

22  September 29, 2007 at the New Hampshire Banking Department.

23      Subsequent to the hearing, the Commissioner requested briefs related to

24  the issues of an omission of RSA 397-A:10, the statute which is implemented

25  by New Hampshire Administrative Rule BAN 2407.01.  Both parties submitted

    these briefs.

1   Subsequent to the requested briefs, the Presiding Officer received
2   numerous motions and requests, ranging from motions to dismiss to motions to
3   stay the proceedings.  The Presiding Officer has reviewed the file in its
4   entirety (including the transcript, the briefs and evidence.)
5                          **STATUTORY AUTHORITY**
6       The Commissioner has the power, as granted by RSA 397-A:21 (entitled
7   "Penalty"), to suspend, revoke or deny any license and also to impose
8   administrative penalties of up to $2,500 for each violation of New Hampshire
9   banking laws.  Pursuant to RSA 397-A:21, V, this includes liability by every
10  person who directly or indirectly controls a person liable under RSA Section
11  397-A:21, every partner, principal executive officer or director of such
12  person…
13      RSA 397-A:14-b states:
14          A licensee shall comply with the provisions of RSA 477:52
15          relative to the requirements for the funding of loans at
16          real estate closings.  At a minimum, a closing requires the
17          delivery of a deed if the transaction is a conveyance, the
18          signing of a note, and the disbursement of the mortgage
19          loan funds.
20      RSA 397-A:17 states:
21          The Commissioner may be order, revoke a license…if it is in
22          the public interest and…the licensee: (a) has violated any
23          provision of this chapter; or…(j) is not qualified on the
24          bases of such factors as…financial integrity.
25      RSA 397-A:18, II allows the Commissioner to make permanent the
    Cease and Desist order

**FACTUAL FINDINGS**

A. *Identification and Activity of Respondents*

1. American Home Mortgage Corp (hereinafter "Respondent AHMC") was at the time of the August 2, 2007 Staff Petition licensed by the New Hampshire Banking Department (hereinafter "Department") as a mortgage licensee. *See* Respondents' Ex. B (i.e., Petitioner's Ex. 1) and Tr. At 29.

2. Respondent AHMC was also doing business as American Broker Conduit (hereinafter "ABC"), which funded wholesale loans. *See* Respondents' Ex. C2 and Tr. at 139-141.

3. Respondent Michael J. Strauss (hereinafter "Respondent Strauss") was at the time of the August 2, 2007 Staff Petition the Chairman, Chief Executive Officer and President of American Home Mortgage Investment Corp, which is a Maryland Corporation and parent company of Respondent American Home Mortgage Holdings, Inc, a Delaware Corporation (hereinafter "Respondent AHMH"). *See* Respondents' Ex. A and Tr. at 145.

4. Respondent Stephen A. Hozie (hereinafter "Respondent Hozie"), was the time of the August 2, 2007 Staff Petition the Chief Financial Officer of American Home Mortgage Investment Corp. and its subsidiary companies. *See* Tr. at 141.

5. Respondent Alan B. Horn (hereinafter "Respondent Horn") was at the time of the August 2, 2007 Staff Petition the Executive Vice President, General Counsel and Corporate Secretary of Respondent AHMC. *See* Respondents' Ex. B (i.e. Petitioner's Ex. 1), Respondents' List of Witnesses and Exhibits dated September 21, 2007, and Tr. at 112-113.

6. Respondent AHMC is wholly owned subsidiary of Respondent AHMH. *See* Respondent's Ex. A.

7. Respondents Horn, Hozie and Strauss were at the time of the August 2, 2007 Staff Petition corporate officers of Respondent AHMC and Respondent AHMH. *See* Tr. at 111-113 and 116-117.

8. The law firm of Weiner, Brodsky, Sidman & Kider, at Respondent Horn's directive, submitted the July 31, 2007 to regulators informing them of the Respondent AHMC's liquidity and funding problems. *See* Respondent's Ex. B and Tr. at 132.

9. Respondents Horn, Hozie and Strauss also actively participated in efforts to obtain new warehouse lines, sell parts of the business and undertake efforts to obtain funding or the ability for Respondent AHMC to continue funding. *See* Tr. at 129-131 and 141.

B. *Failure to Fund Loans: Timeline and Analysis*

1. Respondent AHMC temporarily ceased funding loans due to an inability draw upon its warehouse lines. *See* Respondents' Ex. B (also Petitioner's Ex. 1) and Tr. at 141-142 and Tr. at 156.

2. There were inconsistencies with the pipeline report, which is the list of loans in the licensee's account for funding. *See* Tr. at 33-34.

3. Four borrowers were affected by Respondent AHMC's (and therefore Respondent AHMH's) failure to fund loans. *See* Tr. at 35.

4. However, only two (2) borrowers (Kristen Jernigan and Ashley Noseworthy/Frederick Bassett) actually went through a closing: ABC closed their loans but did not have their loans funded. *See* Petitioner's Ex. 4 and 5 and Tr. at 74 and 86-87.

5. The Bruno Bernard loan was scheduled to close with ABC at 4pm on July 31, 2007 but did not close with ABC because ABC contacted Title

1      Mortgage Solution at 1:30 pm to inform them of the freeze on funding.

2      *See* Petitioner's Ex. 2 and Tr. at 74 and 86-87.

3   6. The Katarina Prieberova/Earnest Leonard III loan was scheduled to close

4      with ABC at noon on July 31, 2007 but did not actually close with ABC

5      because ABC contacted The Loan Arranger LLC the morning of July 31st to

6      inform them that nothing from the previous day had funded and to give

7      them the option to continue with closing this loan.  *See* Petitioner's

8      Ex. 3 and Tr. at 74 and 86-87.

9   7. The Kristen Jernigan loan did close on July 31, 2007 with ABC but was

10     not funded. *See* Petitioner's Ex. 4 and Tr. at 35 and 46-57.

11   8. The Kristen Jernigan loan did not close with another lender until on or

12     about August 8, 2007 with GN Mortgage, a subsidiary of Guaranty Bank.

13     *See* Petitioner's Ex. 4 and Tr. at 35 and 46-57.

14   9. The Ashley Noseworthy/Frederick Bassett loan did close on July 24, 2007

15     at the Law Office of Gould and Burke (the settlement agent) with a

16     three day right of rescission expiring at midnight on July 27, 2007.

17     *See* Petitioner's Ex. 5 and Tr. 35 and 74-76.

18   10.  The Noseworthy/Bassett loan was set to fund on July 30, 2007. *See*

19     Petitioner's Ex. 5 and Tr. 74-76.

20   11.  Sarah Lasata, a paralegal with Gould and Burke, recorded the mortgage

21     documents with the Merrimack County Registry of Deeds on July 30, 2007.

22     *See* Petitioner's Ex. 5.

23   12. Communications ensued between Sarah Lasata, ABC and Noseworthy/Bassett

24     because ABC informed Ms. Lasata it was have trouble with its wire

25     transfers and the loan had not yet funded. *See* Petitioner's Ex. 5.

13. On July 31, 2007, the closing agent's title insurer sent Gould & Burke a notice that ABC was no longer funding loans and was facing liquidation of assets. *See* Petitioner's Ex. 5.

14. On or about July 31, 2007, Nancy E. O'Connor, Mortgage Underwriter for Financial Resources & Assistance of the Lakes Region, Inc. received notice from ABC that would not be funding loans due to a loss of confidence by its investors. *See* Petitioner's Ex. 5.

15. Gould & Burke had to discharge the previously recorded mortgage in order to remove the encumbrance from an unfunded loan. *See* Petitioner's Ex. 5.

16. The Noseworthy/Bassett loan did not close with another lender until August 24, 2007 and did not fund until August 29, 2007 with Mortgage IT. *See* Petitioner's Ex. 5.

17. Respondent AHMC (again whose dba is ABC) did not file bankruptcy until August 6, 2007. *See* Defendant's Ex. A and Tr. at 123-124.

18. Templated pipeline reports dated August 8th and 9th reveal Respondent AHMC failed to fund loans on or after August 8th, 2007, as well. *See* Respondents' Ex. C2 and C1, respectively, and Tr. at 139-141.

19. Respondent AHMC, directly or through its dba of ABC, submitted letters similar to the templated ones in evidence to its customer, both in the wholesale and retail lines. *See* Respondents' Ex. C1 and C2 Tr. at 139-141.

20. These templated letters explained that Respondents would no longer be able to process or fund the customer's loan. *See* Respondents' Ex. C1 and C2 and Tr. at 139-141.

21. The bankruptcy hearing date was schedule for October 17, 2007. See Defendant's Ex. D.

### CONCLUSIONS OF LAW

1. Respondents collectively have violated RSA 397-A:14-b by failing to fund the Jernigan loan after the closing.

2. Respondents collectively have violated RSA 397-A:14-b by failing to fund the Noseworthy/Bassett loan after the closing.

3. The active participation of all natural person Respondents (Hozie, Horn and Strauss) makes each of them liable for the failure of Respondents AHMH, AHMC, and ABC (a dba for Respondent AHMC) to fund the Jernigan loan.

4. The active participation of all natural person Respondents (Hozie, Horn and Strauss) makes each of them liable for the failure of Respondents AHMH, AHMC, and ABC (a dba for Respondent AHMC) to fund the Noseworthy/Bassett loan.

5. Respondent AHMH, as the sole shareholder and parent of Respondent AHMC, is liable for the failure to fund the Jernigan loan.

6. Respondent AHMH, as the sole shareholder and parent of Respondent AHMC, is liable for the failure to fund the Noseworthy/Bassett loan.

7. Respondent AHMC, whose dba was ABC, is liable for the failure to fund the Noseworthy/Bassett loan.

8. Respondent AHMC, whose dba was ABC, is liable for the failure to fund the Jernigan loan.

9. The bankruptcy filed by Respondents and the inability to fund loans indicates that Respondents lacked the financial integrity to continue operating its mortgage lending operations.

1

<u>ORDER</u>

2    Having considered the evidence and motions submitted by the parties and

3    the Presiding Officer, it is this ___ day of March, 2008 ORDERED:

4    1.  I find in favor of the Department on the following proposed findings of

5        fact submitted by Hearing Counsel James Shepard: 7 through 10 and 15

6        through 18.

7    2.  I find against the Department on the following proposed findings of

8        fact submitted by Hearing Counsel James Shepard: 11 through 14.

9    3.  I find the following proposed findings of fact submitted by Hearing

10       Counsel James Shepard to be moot: 1 through 6.

11   4.  I find in favor of the Respondents collectively on the following

12       proposed findings of fact submitted by Respondents' counsel: 4-6, 10,

13       11, 13, 16, 18, 19-24 and 26-32.

14   5.  I find against Respondents collectively on the following proposed

15       findings of fact submitted by Respondents' counsel since these are

16       inaccurate reflections of the record: 8, 9, 12, 14, 15, 17, 25

17   6.  I find the following proposed findings of fact submitted by

18       Respondents' counsel to be moot in that they do not address the

19       substantive facts of the case: 1-3.

20   7.  I find the following proposed findings of fact submitted by

21       Respondents' counsel to be moot since the recommended decision(s)

22       herein shall be solely based on violations of RSA 397-A:14-b and

23       therefore, any proposed findings of fact regarding violations of BAN

24       2407.01 are moot: 7, 9

25   8.  I hereby find each above-named Respondent, jointly and severally liable

         for the violation of RSA 397-A:14-b in the Kristen Jernigan loan.

9. I hereby find each above-named Respondent, jointly and severally liable for the violation of RSA 397-A:14-b in the Ashley Noseworthy/Frederick Bassett loan.

10.    I hereby find that Respondent American Home Mortgage Corp. shall be assessed a fine of $2,500 for each violation of RSA 397-A:14-b, for a total of $5,000.

11.    I hereby find that Respondent American Home Holdings, Inc. shall be assessed a fine of $2,500 for each violation of RSA 397-A:14-b, for a total of $5,000.

12.    I hereby find that Respondent Michael J. Strauss shall be assessed a fine of $2,500 for each violation of RSA 397-A:14-b, for a total of $5,000.

13.    I hereby find that Respondent Stephen A. Hozie shall be assessed a fine of $2,500 for each violation of RSA 397-A:14-b, for a total of $5,000.

14.    I hereby find that Respondent Alan B. Horn shall be assessed a fine of $2,500 for each violation of RSA 397-A:14-b, for a total of $5,000.

15.    I hereby find that for the approximate eight day delay in finding replacement funding for the Kristen Jernigan loan, Ms. Jernigan shall be awarded $2,500.

16.    I hereby find that for the approximate one month delay in finding replacement funding for the Ashley Noseworthy/Frederick Bassett loan, Ms. Noseworthy and Mr. Bassett shall each be awarded $6,000.

17.    Therefore, each Respondent is jointly and severally liable for a total fine of $39,500 to be paid within sixty days from the date of

1    this Order, unless an agreement is reached between the New Hampshire

2    Banking Department and Respondents for a later time.

3    18.    I hereby order that Respondent and Licensee American Home

4    Mortgage Corp.'s license is hereby revoked.

5    19.    I hereby order that the Petitioner's cease and desist order shall

6    be made permanent.

7    20.    I hereby order that the remaining allegation of a BAN 2407.01

8    violation is hereby moot due to the ordered revocation and permanent

9    cease and desist order.

10

11    _Maryam Torben-Desfosses_ _3-5-08_
      Maryam Torben-Desfosses

12    Presiding Officer

13

14

15    This _5ᵗʰ_ day of March 2008.

16

17

18    _Peter C Hildreth_
      Peter Hildreth,

19    Bank Commissioner

20

21

22

23

24

25

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Adjudicative Decision, Docket No. 07-216, has been sent via certified mail on March 5, 2008 to Mr. David M. Souders, Esq., Weiner Brodsky Sidman Kider PC, 1300 Nineteenth Street NW 5th Floor, Washington, DC 20036-1609, and Mr. Martin P. Honigberg, Sulloway & Hollis PLLC, PO Box 1256, Concord, NH 03302.

Rebekah Becker
Paralegal, Banking Division

# EXHIBIT C

## Administrative Order

1      State of New Hampshire Banking Department

2

3   In re the Matter of:              )  Case No.: 07-216
                                      )
4   State of New Hampshire Banking    )  Order to Show Cause
                                      )
5   Department,                       )  And
                                      )
6           and                       )  Cease and Desist Order
                                      )
7   American Home Mortgage Corp, Michael )
                                      )
8   J. Strauss, Stephen A. Hozie, and )
                                      )
9   Alan B. Horn,                     )
                                      )
10          Respondents              )
                                      )

11  _____

12                      **NOTICE OF ORDER**
        This Order commences an adjudicative proceeding under the provisions of
13
    RSA 397-A, RSA 383:10-d RSA 541-A:31 and BAN 200 et seq.
14
                 **LEGAL AUTHORITY AND JURISDICTION**
15      Pursuant to RSA 397-A:18 II, the Banking Department of the State of New

16  Hampshire (hereinafter the "Department") has the authority to issue and cause

17  to be served an order requiring any person engaged in any act or practice

18  constituting a violation of RSA 397-A or any rule or order thereunder, to

19  cease and desist from violations of RSA 397-A.

20      Pursuant to RSA 397-A:20, the Commissioner may issue, amend, or rescind

21  such orders as are reasonably necessary to comply with the provisions of the

    Chapter.
22
        Pursuant to RSA 397-A:21, the Commissioner has the authority to
23
    suspend, revoke or deny any license and to impose administrative penalties of
24
    up to $2,500.00 for each violation of New Hampshire banking law and rules.
25
        Pursuant to RSA 383:10-d, the Commissioner shall have exclusive

    authority and jurisdiction to investigate conduct that is or may be an unfair

                        Cease and Desist Order - 1

1    or deceptive act or practice under RSA 358-A and exempt under RSA 358-A:3, I or

2    that may violate any of the provisions of Titles XXXV and XXXVI and

3    administrative rules adopted thereunder.  The Commissioner may hold hearings

4    relative to such conduct and may order restitution for a person or persons

5    adversely affected by such conduct.

### NOTICE OF RIGHT TO REQUEST A HEARING

6         The above named respondent has the right to request a hearing on

7    this Cease and Desist Order and Order to Show Cause, as well as the right to

8    be represented by counsel.  Likewise, the Respondent has 30 calendar days to

9    request a hearing on the Order to Show Cause. If the person to whom an order is

10   issued fails to request a hearing within 30 calendar days of receipt of such

11   order, then such person shall be deemed in default, and the Cease and Desist

12   Order shall, on the thirty-first day, become permanent and shall remain in full

13   force and effect until and unless later modified or vacated by the

14   commissioner, for good cause shown, the facts alleged in the Staff Petition may

15   be deemed admitted, and penalties imposed.  Any such request for a hearing

16   shall be in writing, signed by the respondent or by the duly authorized agent

17   of the above named respondent, and shall be delivered either by hand or

18   certified mail, return receipt request, to the Banking Department, State of

19   New Hampshire, 64B Old Suncook Road, Concord, NH 03301.

20        A hearing shall be held not later than 10 days after the request for

21   such hearing is received by the commissioner. Within 20 days of the date of

22   any such hearing the commissioner shall issue a further order either vacating

23   the cease and desist order or making it permanent as the facts require.  All

24   hearings shall comply with 541-A.  If the person to whom a cease and desist

25   order is issued fails to appear at the requested hearing after being duly

     notified of the date and time, such person shall be deemed in default, and

     the proceeding may be determined against him or her upon consideration of the

     cease and desist order, the allegations of which may be deemed to be true.

Cease and Desist Order - 2

## STATEMENT OF ALLEGATIONS

The allegations contained in the Staff Petition dated August 2, 2007 (a copy of which is attached hereto) are incorporated by reference hereto.

## ORDER

WHEREAS, finding it necessary and appropriate and in the public interest, and consistent with the intent and purposes of the New Hampshire banking laws, and

WHEREAS, finding that the allegations contained in the Staff Petition, if proved true and correct, form the legal basis of the relief requested,

It is hereby ORDERED, that:

1. The Respondents are hereby Ordered to immediately cease and desist from violations of New Hampshire law.

2. The Respondents are hereby Ordered to cease taking applications for mortgage loans until such time as this Order is rescinded.

3. The Respondents are hereby Ordered to Show Cause why their license should not be Revoked.

4. Failure to request a hearing within 30 days of the date of receipt of this Order shall result in a default judgment being rendered, administrative penalties being imposed upon the defaulting Respondents, and such further action as is necessary to determine the proper amount of restitution.

SIGNED,

Dated: 8/2/07                                    _____/S/_____
                                                PETER C. HILDRETH
                                                BANK COMMISSIONER
NOTE: VIOLATION OF A CEASE AND DESIST ORDER IS A CRIMINAL OFFENSE.

Cease and Desist Order - 3

State of New Hampshire Banking Department

In re the Matter of:                    )  Case No.: 07-216
                                        )
State of New Hampshire Banking          )  Staff Petition
                                        )
Department,                             )  August 2, 2007
                                        )
            Petitioner,                 )
                                        )
      and                               )
                                        )
American Home Mortgage Corp, Michael    )
                                        )
J. Strauss, Stephen A. Hozie, Alan B.   )
                                        )
Horn, and American Home Mortgage

Holdings Inc.

            Respondents

---

## STATEMENT OF ALLEGATIONS

I.    The Staff of the Banking Department, State of New Hampshire

      (hereinafter referred to as the "Department) alleges the following

      facts:

      1.  American Home Mortgage Corp (hereinafter, "Respondent AHMC") is

          currently licensed as a Mortgage Banker.

      2.  Respondent Michael J. Strauss (hereinafter "Respondent Strauss")

          is the President of Respondent AHMC.

      3.  Respondent Stephen A. Hozie (hereinafter "Respondent Hozie") is

          the Chief Financial Officer of Respondent AHMC.

      4.  Respondent Alan B. Horn (hereinafter "Respondent Horn") is the

          Secretary of Respondent AHMC.

Cease and Desist Order - 4

5. Respondent AHMC is a wholly owned subsidiary of Respondent American Home Mortgage Holdings Inc, a publicly traded real estate investment trust listed on the New York Stock Exchange.

6. On or about July 31, 2007 the Department became aware of the financial instability of Respondent AHMC.

7. Respondent failed to notify the Department of problems related to its lines of credit and of its repurchase liabilities.

8. Respondents are currently unable to operate with the financial integrity necessary to warrant the public confidence.

9. In a letter dated July 31, 2007 to the Department AHMC advised via counsel that they would no longer fund loans.

10. There are currently at least three New Hampshire consumers affected by Respondents' decision to cease funding loans according to Respondent AHMC's pipeline report.

11. Respondent AHMC's Northern New England District Manage informed the Department that Respondent AHMC did not have any closed but unfunded loans in New Hampshire.

12. Contrary to the agent's assertion, the Department has learned that Respondent AHMC closed or committed to close at least three New Hampshire loans and subsequently failed to fund them forcing those consumers to find financing elsewhere under conditions disadvantageous to the consumer.

13. The Department has information that Respondent AHMC continues to accept mortgage applications despite its apparent inability to fund loans.

Cease and Desist Order - 5

14. If these conditions existed at time of Respondent's application the Commissioner would have been justified in denying the license.

### ISSUES OF LAW

II.    The staff of the Department, alleges the following issues of law:

1.  The Department realleges the above stated facts in paragraphs 1 through 11.

2.  The Department has jurisdiction over the licensing and regulation of persons engaged in mortgage banker activities pursuant to NH RSA 397-A:3.

3.  Pursuant to New Hampshire Banking law, RSA 397-A:5 the Commissioner at time of completed application has 120 days to determine whether the applicant's financial resources, experience, personnel, and record of past or proposed conduct warrant the public's confidence and issuance of a license.

4.  Licensees must notify the Department within 5 business days of the occurrence of certain events according to BAN 2407.01. Said events include the termination or default of existing lines of credit and the exercise of recourse rights by investors.

5.  Pursuant to RSA 397-A:14-b licensee's must fund loans at closing.

6.  Pursuant to RSA 397-A:17 the Commissioner may issue an order requiring a person to whom any license has been granted or any person under the commissioner's jurisdiction to show cause why the license should not be revoked, suspended, or penalties imposed, or both, for violations of this chapter.

Cease and Desist Order - 6

7. Pursuant to RSA 397-A:17 the Commissioner may issue an order requiring a person to whom any license has been granted or any person under the commissioner's jurisdiction to show cause why the license should not be revoked, suspended, or penalties imposed when the licensee or a person under its control is not qualified on the basis of such factors as experience, knowledge, and financial integrity.

8. Pursuant to RSA 397-A:18 the Department may issue a Cease and Desist Order against anyone who it has reasonable cause to believe is in violation of the provisions of the Chapter or a rule or order under the Chapter.

9. Pursuant to RSA 397-A:20 the Commissioner may issue such order as are reasonably necessary to carry out the provisions of the Chapter.

10. RSA 397-A:21 IV provides that any person who, either knowingly or negligently, violates any provision of this chapter may, upon notice and opportunity for hearing, and in addition to any such other penalty provided for by law, be subject to suspension, revocation or denial of any registration or license, including forfeiture of any application fee, or an administrative fine not to exceed $2,500, or both.  Each of the acts specified shall constitute a separate violation, and such administrative action or fine may be imposed in addition to any criminal penalties or civil liabilities imposed by New Hampshire Banking laws.

**RELIEF REQUESTED**

III.   The staff of the Department requests the Commissioner take the
       following Action:

1.   Find as fact the allegations contained in section I of this
     petition;

2.   Make conclusions of law relative to the allegations contained
     in section II of the this petition;

3.   Assess fines and administrative penalties in accordance with
     RSA 397-A:21, for violations of Chapter 397-A, in the number
     and amount equal to the violations set forth in section II of
     this petition against each Respondent; and

4.   Order Respondents to show cause why their license should not be
     Revoked; and

5.   In accordance with RSA 397-A:18, Order the Respondents to Cease
     and Desist from violations of New Hampshire Law; and

6.   In accordance with RSA 397-A:20, Order the Respondents to
     immediately cease taking mortgage applications; and

7.   Take such other administrative and legal actions as necessary
     for enforcement of the New Hampshire Banking Laws, the
     protection of New Hampshire citizens, and to provide other
     equitable relief.

**RIGHT TO AMEND**

IV.   The Department reserves the right to amend this Staff Petition and
      to request that the Commissioner take additional administrative
      action.  Nothing herein shall preclude the Department from bringing
      additional enforcement action under RSA 397-A or the regulations
      thereunder.

1

2    Respectfully submitted by:

3

4    ___/S/_____          8/2/07
     James Shepard                            Date
5    Staff Attorney

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25