IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                              :    Chapter 11
In re:                                        :
                                              :    Case No. 07-11047 (CSS)
American Home Mortgage Holdings, Inc., et al,[1]  :    (Jointly Administered)
                                              :
                               Debtors.       :
                                              :    Re: D.I. 6864 and 6905
---------------------------------------------------------------x

## JOINT OBJECTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE APPLICATION OF OFFICIAL COMMITTEE OF BORROWERS FOR AUTHORIZATION TO INCREASE EXISTING CAP ON FEES AND EXPENSES OF THEIR LEGAL PROFESSIONALS

The Official Committee of Unsecured Creditors (the "*Committee*") of American Home Mortgage Holdings, Inc., *et al.* (the "*Debtors*") and the Debtors (and together with the Committee, the "*Objectors*"), by their counsel, hereby files this joint objection (the "*Objection*") to the *Application of Official Committee of Borrowers for Authorization (I) To Retain Expert, (II) To Increase Existing Cap on Fees and Expenses of Legal Professionals and (III) To Apply Increased Cap also to Expert Fees* (the "*Application*") [Docket No. 6864], and in support thereof respectfully states as follows:

### BACKGROUND

1.  On August 6, 2007 (the "*Petition Date*"), the Debtors commenced voluntary cases (the "*Cases*") under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") with this Court. Since the Petition Date, the Debtors have continued in the operation of their

---

[1] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

businesses and the management of their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

2. On August 14, 2007, the Office of the United States Trustee (the "*U.S. Trustee*") appointed seven of the largest unsecured creditors to serve as members of the Committee.

3. On August 15, 2008, the Debtors filed their *Chapter 11 Plan of Liquidation of the Debtors* (as amended, the "*Plan*") [Docket No. 5450] and *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Chapter 11 Plan of Liquidation of the Debtors* (the "*Disclosure Statement*") [Docket No. 5451].

4. On October 10, 2008, this Court entered an order (the "*Appointment Order*") [Docket No. 6220] appointing an Official Committee of Borrowers (the "*Borrowers' Committee*").

5. On November 4, 2008, after the Borrowers' Committee members were selected, this Court supplemented the Appointment Order (the "*Supplemental Order*") (Docket No. 6495), ordering, *inter alia*, (i) the scope of the Borrowers' Committee's rights and responsibilities were limited to matters relating to the Plan, global stay relief on behalf of all borrowers in foreclosure and any incidental related issues (the "*Borrowers' Committee Scope*"), (ii) the Borrowers' Committee was not authorized to retain any professionals other than counsel and (iii) the compensation and reimbursement of expenses of counsel for the Borrowers' Committee was capped at $250,000 (the "*Borrowers' Committee Professional Fee Cap*").

6. On November 25, 2008, the Disclosure Statement was approved and confirmation of the Plan was initially scheduled for January 28, 2009 (the "*Confirmation Hearing*").

7. On January 20, 2009, only eleven (11) weeks after the Borrowers' Committee was given $250,000, and only eight (8) days before the scheduled Confirmation Hearing, the Borrowers' Committee filed the instant Application.

8. In response to the Borrowers' Committee letter request for a court conference, this Court held a telephonic hearing on January 22, 2008. At the hearing, the Court noted that it did not presently have enough information to rule on the Borrowers' Committee request to increase the Borrowers' Committee Professional Fee Cap because the Borrowers' Committee had not filed any fee applications and thus the Court did not have before it any evidence as to if, or how, the Borrowers' Committee spent any or all of the current Borrowers' Committee Professional Fee Cap of $250,000.

9. In partial resolution of the Application, the Court entered an order dated January 28, 2009 which (a) permitted the Borrowers Committee to seek to retain Ms. Margot Saunders as a testifying expert on a *nunc pro tunc* basis, (b) capped Ms. Saunders' compensation at $20,000, and (c) adjourned the remainder of the Application until February 6, 2009 (the "*Interim Order*") [D.I. 6905].

10. Based in part on the Borrowers' Committee intent to present expert testimony at the Confirmation Hearing, the Debtors adjourned the Confirmation Hearing to February 9, 2009 so as to provide time to (a) review the Borrowers' Committee expert report (which was produced on January 29, 2009) and (b) depose the Borrowers' Committee expert (such deposition is scheduled for February 2, 2009).

11. As of January 30, 2009, the Borrowers' Committee has not filed a fee application or provided any supplemental information as to if, or how, it has spent any or all of the current Borrowers' Committee Professional Fee Cap of $250,000.

128189.01600/40178869v.1

## ARGUMENT

12. The Borrowers' Committee has provided no legitimate basis for increasing the Borrowers' Committee Professional Fee Cap, nor did they provide any information concerning their use of any or all of the current Borrowers' Committee Professional Fee Cap of $250,000. This was the case on January 20, 2009 when they filed the Application, and remains the case on January 30, 2009, despite this Court specifically stating that it needed information on how the current cap was spent in order for the Court to rule on the Application.

13. Instead, all that is before this Court is the Borrowers' Committee's bold unsubstantiated and unsupported request for an additional $150,000. Without a fee application, it is impossible to determine whether the Borrowers' Committee's counsel have appropriately spent all or a portion of the entire $250,000 in accordance with the previous order of this Court, and thus there is not sufficient information to determine whether an increase in such cap is proper.

14. To the extent the Borrowers' Committee has already exhausted the entire $250,000, the Borrowers' Committee should not be granted an additional $150,000 merely to prosecute its objection to confirmation. Objecting to confirmation was the primary charge of the Borrowers' Committee when it was appointed and should have allocated its resources appropriately.

15. Although the Objectors have not received any fee application or legal invoices from the Borrowers' Committee, the Objectors are aware that the Borrowers' Committee has attempted to gain access to the voluminous copies of the Debtors' document production to the Securities and Exchange Commission. The Objectors submit that such a request, and fees relating to such a request, is not an appropriate use of the estate funds which are being spent by

128189.01600/40178869v.1

the Borrowers' Committee as such document production has no relation to the Borrowers' Committee Scope. Moreover, despite being advised that the S.E.C. production includes several million documents and the Debtors agreeing to make available certain of the documents produced to the S.E.C., the Borrowers' Committee contacted the Debtors' securities counsel directly and attempted (albeit unsuccessfully) to convince them to send a complete copy of the production to Borrowers' Committee counsel and continues to assert that a review of the full hard copy production (at the office of the Debtors' securities counsel) may still be necessary.

16. The Application fails to raise any issues that were not present several months ago when the Borrowers' Committee moved for the appointment of their committee, let alone two months ago when the Borrowers' Committee requested funding and their scope was limited to the Borrowers' Committee Scope. As such, it should be denied.[2]

## RESERVATION OF RIGHTS

17. The Objectors expressly reserve their rights to amend or supplement this Objection upon the filing of any fee applications by the Borrowers' Committee.

---

[2] In the abundance of caution, the Objectors note that they reserve their rights to object to any expert offered by the Borrowers' Committee. Specifically, the Objectors do not concede, and in fact dispute, the Borrowers' Committee claim that Ms. Saunders qualifies as an expert. The Objectors submit that the Borrowers' Committee must meet the requirements of Federal Rule of Evidence 702, as well as the standards set forth in Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993) and its progeny, before Ms. Saunders should even be permitted to testify. Additionally, Objectors submit that even if Ms. Saunders is able to be qualified as an expert, many of the areas the Borrowers' Committee seeks to elicit "expert" testimony are areas that are not appropriate for expert testimony as they are solely issues of law for this Court to decide, not issues for expert opinion (e.g., testimony regarding "sufficiency of notice to borrowers" or testimony regarding "the Plan's inability to bind such borrowers' [Application, ¶ 11] are issues of law, not subject to expert opinion). The Objectors reserve their rights to make these arguments at or prior to the Confirmation Hearing.

**WHEREFORE**, the Objectors respectfully request that the Court sustain the Objection, deny the Application's request to increase the Borrowers' Committee Professional Fee Cap, and grant such other and further relief as it deems just and proper.

Dated: Wilmington, Delaware
January 30, 2009.

| | |
|---|---|
| **BLANK ROME LLP** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
| */s/ Bonnie Glantz Fatell* | */s/ Margaret B. Whiteman* |
| Bonnie Glantz Fatell (No. 3809) | Sean M. Beach (No. 4070) |
| David Carickhoff (No. 3715) | Margaret B. Whiteman (No. 4652) |
| 1201 Market Street, Suite 800 | Patrick A. Jackson (No. 3588) |
| Wilmington, Delaware 19801 | The Brandywine Building |
| (302) 425-6400 - Telephone | 1000 West Street, 17th Floor |
| (302) 425-6464 - Facsimile | Wilmington, Delaware 19801 |
| | Telephone: (302) 571-6600 |
| - and - | Facsimile: (302) 571-1253 |
| **HAHN & HESSEN LLP** | |
| 488 Madison Avenue | Counsel for the Debtors |
| New York, New York 10022 | and Debtors in Possession |
| (212) 478-7200 - Telephone | |
| (212) 478-7400 - Facsimile | |
| Attn: Mark S. Indelicato | |
|       Edward L. Schnitzer | |
| | |
| Co-Counsel to the Official Committee of Unsecured Creditors of American Home Mortgage Holdings, Inc., *et al.* | |