UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation,<br>et. al.,<br><br>            Debtors, | ) Chapter 11<br>)<br>)<br>) Case No. 07-11047 (CSS)<br>) Jointly Administered<br>)<br>) |
| Delena LaMacchia<br>1104 Black Road<br>Cherryville NC 28021<br>704-435-4979<br>MOVANTs | )<br>)<br>) **Objection Deadline: January 31, 2009**<br>) **Hearing Date: TBD**<br>)<br>)<br>) |

## MOTION OF Delena LaMacchia FOR ORDER DEEMING PROOFS OF CLAIMS TIMELY FILED OR, IN THE ALTERNATIVE, ALLOWING PROOFS OF LATE FILED CLAIMS

Delena LaMacchia ("Movants"), party in interest herein, hereby moves this Honorable Court for an order deeming their proofs of claim filed herewith, to be timely filed or, in the alternative allowing the late-filing of their Proofs of Claim("The Motion"). In support of their Motion, Delena LaMacchia respectfully state as follows:

---

The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: American Home Mortgage Holdings, Inc.("AHM Holdings") (6303); American Home Mortgage Investment Corp. ( "AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Investment"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc.( "AHM Servicing"), a Maryland corporation(7257); American Home Mortgage Corp. ("AHM Corp"), a New York corporation (1558); American Home Mortgage Ventures LLC ( "AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ( "Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ( "Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

## JURISDICTION

1

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1344. This matter is a core proceeding pursuant to 28 U.S. C. §§157(b)(2)(A).

2. Venue is appropriate pursuant to 28 U.S.C.... §§1408 and 1409.

3. The statutory predicates for relief are 11 U.S.C. § 1085 and Fed. R. Bankr. P. 3003(c)(3).

## BACKGROUND

4. Movant believes that the allegations constitute the enforcement of regulatory remedies *§ 362(b)(4)*, sound in fraud, and may carry criminal penalties. All of these remedies can't be avoided by bankruptcy. Congress clearly intended that perpetrators of fraud should not be given the opportunity to wipe out debts in bankruptcy, and disallowing the acceptance of our Proof of Claim, will severely prejudice our right of due process.

The Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, carrying forth a basic policy of affording relief only to an "honest but unfortunate debtor."

Congress <u>did not</u> favor giving perpetrators of fraud a fresh start (by allowing them to wipe out their debts in bankruptcy) over the interest in protecting victims of fraud when it wrote the Bankruptcy Laws. Accordingly, Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge in bankruptcy "any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

4. The Supreme Court has ruled that it is not just the value of the property, but that also includes treble and punitive damages.

It is not only the actual value of the "money, property, services, or . . . credit" the debtor obtained through fraud that is non-dischargeable in bankruptcy, but also treble <u>"punitive" damages</u> and attorneys fees and costs related to the fraud. This was made clear in a March 25, 1998 decision of the Supreme Court of the United States in <u>Cohen v. de la Cruz</u>.

5. American Home is using this Court and its protections to protect themselves

2

and third party purchasers, and have directly refused to answer my RESPA request and disclose the true owner of Movants loan under TILA 1641(f)(2).

6.  All former financing partners, Master servicers, and Indenture Trustees, are using this Court and the bankrupt Debtor to hide behind and not answer the allegations, at the same time they are filing hundreds of million of dollars of Claims, which may include claims related to Movant's loan. In this manner, they complete the agenda to trample Movant's rights.

7.  Movant has requested a complete loan file, and the true owner of the note, but never revceived. Complete information has not been provided. So Movant

must file against **ALL** Debtor entities at this time until American Home discloses the information and releases a complete loan file. Although, American Home ran the bankruptcy as **consolidated,** they are proposing a Chapter 11 plan which is not consolidated. Due to the substantial intercompany claims, and the Proof of Claims value of recovery based on what entity claims fall against, Movant must have a blanket claim which can be changed if Debtor complies with disclosure.

8.  Movant has no idea which Debtor entity their claims would fall against. American Home created 78 securitized trusts, which are bankruptcy remote and separate legal entities, and Debtor has been unwilling to disclose where Movant's loan is held.

9. American Home originated loans through American Home Mortgage Acceptance, American Home Mortgage Holdings, American Home Mortgage Corporation, and American Brokers Conduit, as well as several non-debtor subsidiaries. American Home entities then passed loans through SPE entities like American Home Mortgage Securities LLC, American Home securities LLC, and American Home Mortgage

3

Assets LLC, to over 78 AHM securitized trust, and numerous other third party purchasers.

10. As revealed in Relief From Stay petitions of Paula Rush, Mona Dobben, and other borrowers, the information of the location of the loan is easily ascertainable as an investor code is on every servicing record file. These individual Trusts have a MLPSA agreements, ISDA contracts, Lender Paid Mortgage insurance policies, REMIC, IRS, SEC and other rules which the servicer must follow. Movant does not have the servicing records.

11. American Home has stated over and over again in this Court that they can't give out or even ascertain this information. This is a false and fraudulent statement on both counts. American Home is well aware of where the loans are located and who is currently the holders in due course, and under TILA 1641(f)(2) they are required to disclose information when asked directly.

12. American Home is choosing to obfuscate this information. This information is critical to understanding what entity a borrower may have a claim against.

13. At the hearing on October 31, 2007, Mr. Brady, Attorney for the Debtor, asserted in this Court that American Home Mortgage did not have to comply with TILA 1641(f)(2). Mr. Dickman, as witness for American Home Mortgage servicing, asserted that mortgage investors did not want American Home Mortgage Servicing to comply with TILA 1641(f)(2), stating they pay us to service and field all inquiries. Mr. Dickman stated clearly that the investor and the master servicer **does not** want them to give the borrowers this information, and generally speaking they do not give that information to the borrower. This is not a **choice** they get to make.

Title 15 §1641(a)(b)(c) is clear - All liability in civil action may be maintained

against anyone who is an assignee therefore making the owner of the note an absolute requirement for the borrowers. Title 15 §1641(f)(2) is clear - Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the <u>owner of the obligation or the master servicer</u> of the obligation. Title 12 § 2605(e)(A) is clear – The loan servicer has a duty to respond to borrower inquiries. The Lender has a duty to respond as required under Title 12 §2605 (2)(A)(B)(C).

## **NOTIFICATION**

13. Movants, like most other borrowers were unaware of any requirement to file a proof of claim, as they were not notified or sent a proof of claim form. Movant had sent a **RESPA QWR** letter and and at no time did anyone make Movant aware of a need to file a proof of claim or that the deadline had passed.

14. Movant, like most other borrowers had no way of knowing our files may be destroyed, deadlines were occurring, or rights of due process may be violated. In fact, most consumers would think all their rights were being protected. The proof of claim deadline closed in January of 2008 not even a full year after the bankruptcy filing. This is not a reasonable amount of time.

15. Movant is now aware of repeated petitions and requests for protections under 363(o), demands under TILA 1641(f)(2) going unanswered, loan file destruction problems, and the fast tack finale approaching. So as all borrowers still stand in the dark, American Home is trying to pull down the final curtain on all our rights.

16. Movant has also become aware that certain loans were compromised, and certain parties were noticed after the Debtor said they could not notify ALL borrowers. Under close examination of petition #3239, Exhibit B (HELOC LOANS) & C ( CONSTRUCTION

5

LOANS), it is clear there are many parties on this list are insiders, employees, and joint venture partners of the Debtors. These names include excutives; Stephen Hozie CFO, David Friedman EVP Servicing, Tim Neer SVP, Craig Pino CIO, Michael McManus Senior Executive; joint venture partners, Frank Catalano – 1st Home Mortgage – Mid West; and employees such as Seth Harris Senior loan officer and his wife Meredith Harris. So it is unjust for those parties to have received a direct notification of a proof of claim deadline, and given an extended deadline. It is also unfair that those parties loans may have also been given special treatment and compromised as part of this bankruptcy.

## BASIS FOR RELIEF

17.     Section 105 of the Bankruptcy Code authorizes the Court to exercise equitable powers to, "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Bankruptcy Rule 3003(c)(3) provides that the Court, "for cause shown may extend time within which proofs of claim or interest may be filed."

18.     This Court could view the lack of timely filing under the excusable neglect standard which is obviously premised on some acknowledged mistake or fault on the part of the movant or, in the alternative, inadequate notice of the bar date, which in and of itself, a separate ground upon which a late proof of claim is allowed to be filed.

19.     Movants are entitled to due process under the Fifth Amendment, and is "unsophisticated" which affected the adequacy of the bar date notice. Movant does not read the publications which it was published in, and did not get any direct notice although American Home could have easily notified Movant via a mortgage loan statement which I

receive every month. It is not uncommon for American Home to include special messages on these bills, however information about a bar date for proof of Claim never appeared.

20.     The Court can take note, the Debtors have accepted other borrowers Proof of Claims which were late as timely filed.

21.     The Court can also take note that in the petition #4739, the lawyer in the Thomas and Sara Chavez case assert they did not receive any bar date notices, nor were they aware of the necessity to file a proof of Claim.

22.     If lawyers are unaware it is unreasonable to expect the average consumer to know with no notice even alerting them of an impending deadline.

## CLAIMS AGAINST AMERICAN HOME
### INSERT YOUR CLIENTS STORY

23.     American Home Mortgage by and through agents signed up with American Brokers Conduit, originated loan # 1000242-0001721993-8 on June 28, 2007.

24.     The terms of this loan were not based on our credit score or credit profile, but the terms were based on a non-disclosed kickback. Due to material misrepresentations of the character and nature of this loan, Movant has suffered financial damage and irreparable harm.

25.     Movant was not informed of the bankruptcy of AHM until after it had already Been filed. This left the movant with no way to file a proof of claim against AHM. The Terms that was told to movant were not revealed until September 2007 when the loan was Turned over to EMC Mortgage. Due to misrepresentations of the character and nature of this Loan. Movant has suffered financial damage, great credit harm, damaged to unfinished home, And irreparable harm.

26.     The issues that AHM has caused with Movant are very critical in being

7

That there house payments doubled causing issues in paying bills. The interest Rate was never fixed but for only two days and then jumped way high not Knowning until the other bank took possession of the loan. This caused more Isssues with our homeowners insurance and taxes. They were never figured Correctly from AHM, we never had a certificate of occupancy, or final Inspection and AHM closed on the loan. We almost had to move out of our Home due to this. Movant contacted the State, they came out and could not Believe the mess we were left in. This all comes from AHM not complying With their loan process due to filing bankruptcy. Now homeowners are Suffering due to their lack of banking.

27. Movant has had no choice but to file bankruptcy to keep the property until Further legal issues have been filed. IF AHM does not have to pay for Damages or rescend this loan then it will result in filing a lawsuit.

## CONCLUSION

American Home is still objecting to claims and as the process is still ongoing there is no prejudice to American Home to accept Movant's Proof of Claim as timely filed. This filing in no way prejudices American Home's right to object to our proof of claim.

For the reasons stated above, Movants respectfully request that this Honorable Court enter an order, in substantial conformity with the proposed form of order submitted herewith, (i) deeming Movants Proof of Claim against each of the Debtors timely filed or, in the alternative. Allowing the late-filing of their Proofs of Claim, (ii) granting the Motion, and (iii) granting to Movants such other and further relief as

8

the Court deems just and proper.

Movant hereby requests this Court consider the circumstances and rapid progression of the case and allow this late filed proof of claim.

Dated: January 22, 2009

*Delena Lamacchia* _____

Name Address Phone

Delena Lamacchia
1104 Black Road
Cherryville NC 28021

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation,<br>et. al.,<br><br>        Debtors,<br><br><br>Delena LaMacchia<br>1104 Black Road<br>Cherryville NC 28021<br>704-435-4979<br>MOVANTs | ) Chapter 11<br>)<br>)<br>) Case No. 07-11047 (CSS)<br>) Jointly Administered<br>)<br>)<br>)<br>)<br>) **Objection Deadline: January 31, 2009**<br>) **Hearing Date: TBD**<br>)<br>)<br>)<br>) |

### ORDER

Upon consideration of the *Motion of Delena LaMacchia for an order Deeming Proofs of Claim Timely Filed or, in the Alternative, Allowing the Filing of Late-Filed Claims* ( the "Motion"); and appearing that the Court has jurisdiction in this matter; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it appearing based on the evidence presented that the relief is warranted; and after consideration of any responses, objections, answers, and replies to the Motion; and after due deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED** that the Motion is Granted in all respects; and it is further

**ORDERED** that *Delena LaMacchia* Proofs of Claim shall be, and hereby are, deemed timely filed.

Dated:_____ _____

                                                                                                 The Honorable Christopher S. Sontchi<br>
                                                                                                  United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2009, a copy of the foregoing Motion was mailed first -class postage paid to:

Counsel for Debtors:
Pauline K. Morgan, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box. 391
Wilmington DE 19899-0391
Phone: 302-571-6600
Fax: 302-571-0453

Official Committee of Unsecured Creditors
Mark Indelicato, Esq.
Hahn & Hessen LLP
488 Madison Ave. 14th & 15th Floor
New York, NY 10022

Joseph M. McMahon Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801
Phone: 302-573-6491
Fax: 302-573-6497


Dated: January 22, 2009

*(signature)*
_____  _____
Delena LaMacchia
1104 Black Road
Cherryville NC 28021

| Settlement Statement | Transactions without Sellers | | U.S. Department of Housing and Urban Development HUD-1A (3/94) OMB No. 2502-0491 | |
|---|---|---|---|---|
| Name and Address of Borrower: Delena S. Lamacchia | Property Location: 1104 Black Rd, Cherryville, NC 28021 | | Name and Address of Lender: American Home Mortgage Acceptance, Inc. 538 Broadhollow Rd, Melville, NY 11747 | |
| Place of Settlement: 106 North Cherry Street, Cherryville, NC 28021-2903 | Settlement Date: 06/28/07 | Disbursement Date: 06/28/07 | Loan Number: 0001721993 | |
| | File Number: T-5144C | Settlement Agent: Palmer E. Huffstetler, Jr., Attorney at Law | | |

| L. Settlement Charges | | M. Disbursement to Others | |
|---|---|---|---|
| 800. Items Payable in Connection With Loan | | 1501. Payoff to Yorktown Funding, Inc. | 159,955.98 |
| 801. Loan origination fee 1.0% to American Home Mortgage Acce | 1,881.00 | | |
| 802. Loan discount to American Home Mortgage Acceptance, Inc. | 3,526.88 | 1502. | |
| 803. Appraisal fee to American Home Mortgage Acceptance, Inc. | 410.00 | | |
| 804. Credit report to American Home Mortgage Acceptance, Inc. | 8.25 | 1503. | |
| 805. Inspection Fee | | | |
| 806. Mortgage Insurance Application Fee to | | 1504. | |
| 807. Mortgage broker fee | | | |
| 808. DU/LP Fee to American Home Mortgage Acceptance, Inc. | 21.70 | 1505. Final Draw to Johnny Freeman | 21,312.76 |
| 809. MERS Registration Fee to American Home Mortgage Accept | 3.95 | | |
| 810. Tax Service Fee to American Home Mortgage Acceptance, In | 92.00 | 1506. | |
| 811. Flood Hazard Fee to American Home Mortgage Acceptance, I | 19.00 | | |
| 812. | | 1507. | |
| 813. | | | |
| 814. | | 1508. | |
| 900. Items Required by Lender to be Paid in Advance | | | |
| 901. Interest from 06/28/07 to 07/01/07 @ $13.1931 /day | 39.58 | 1509. | |
| 902. Mortgage insurance premium for months to | | | |
| | | 1510. | |
| 903. Hazard Insurance Premium for year(s) to | 0.00 | | |
| | | 1511. | |
| 904. | | | |
| 1000. Reserves Deposited with Lender | | 1512. | |
| 1001. Hazard insurance 4 mos. @ $43.33 per mo. | 173.32 | | |
| 1002. Mortgage insurance mos. @ $ per mo. | | 1513. | |
| 1003. City property taxes mos. @ $ per mo. | | | |
| 1004. County property taxes 1 mos. @ $90.00 per mo. | 90.00 | 1514. | |
| 1005. Annual assessments mos. @ $ per mo. | | | |
| 1006. mos. @ $ per mo. | | 1515. | |
| 1007. mos. @ $ per mo. | | | |
| 1008. Aggregate adjustment | -263.32 | 1520. TOTAL DISBURSED (enter on line 1603) | 181,268.74 |
| 1100. Title Charges | | | |
| 1101. Settlement or closing fee to | | | |
| 1102. Abstract or title search to | | | |
| 1103. Title examination to | | | |
| 1104. Title insurance binder to | | | |
| 1105. Document preparation to | | | |
| 1106. Notary fees to | | | |
| 1107. Attorney's fees to Palmer E. Huffstetler, Jr., Attorney (includes above items numbers:  ) | 400.00 | | |
| 1108. Title insurance to Chicago Title Insurance Company (includes above items numbers:  ) | 247.90 | N. NET SETTLEMENT | |
| 1109. Lender's coverage $188,100.00 | | 1600. Loan Amount | $ 188,100.00 |
| 1110. Owner's coverage $188,100.00 | | 1601. PLUS Cash/Check from Borrower | $ 0.00 |
| 1111. Courier Fee (loan payoff #1) to Palmer E. Huffstetler, Jr., Att | 30.00 | | |
| 1112. Courier Fee (loan payoff #2) to Palmer E. Huffstetler, Jr., Att | | 1602. MINUS Total Settlement Charges (line 1400) | $ 6,831.26 |
| 1113. Electronic Doc Delivery Fee to Palmer E. Huffstetler, Jr., Att | 25.00 | | |
| 1200. Government Recording and Transfer Charges | | 1603. MINUS Total Disbursements to Others (line 1520) | $ 181,268.74 |
| 1201. Recording fees Mortgage: 71.00 | 71.00 | | |
| 1202. City/county tax/stamps | | 1604. EQUALS Disbursements to Borrower (after expiration of any applicable rescission period required by law) | $ 0.00 |
| 1203. State tax/stamps | | | |
| 1204. | | | |
| 1205. | | | |
| 1300. Additional Settlement Charges | | | |
| 1301. Survey to | | | |
| 1302. Pest inspection to | | | |
| 1303. Courier Fee (loan pkg-lender) to Palmer E. Huffstetler Jr., Att | 30.00 | | |
| 1304. Courier Fee (loan pkg-broker) to Palmer E. Huffstetler Jr., Att | | | |
| 1305. Wire Fee to Palmer E. Huffstetler Jr., Attorney | 25.00 | | |
| 1306. | | | |
| 1307. | | | |
| 1400. Total Settlement Charges (enter on line 1602) | 6,831.26 | | |



NORTH CAROLINA
**DEPARTMENT OF INSURANCE**
**OSFM**
OFFICE OF STATE FIRE MARSHAL

Jim Long
Commissioner of Insurance
State Fire Marshal

MANUFACTURED BUILDING DIVISION

October 18, 2007

General Manager
Champion Homes of NC, Div. 23
P.O. Box 1148
Lillington, NC  27546

General Manager
Bessemer City Housing Center, Ii
3300 Bessemer City Road, Hwy.
Bessemer City, NC  28016

RE:  **Complaint Resolution Status**
Consumer: Joseph LaMacchia
Case Nbr:  **M07-0054**
Serial Nbr:  **023-000-M-012324**
N.C. Modular Validating Stamp Nbr.:  **103353**

Dear Sir/Madame:

Attached please find a copy of the inspection report for the above case by inspector Richard Rowe.

Please advise this office in writing not later than November 01, 2007 of your intentions in this matter and the status of the repairs. A signed work order specifically referencing the repair of each item is required.

NOTE: Any manufacturer corrections to the home must be inspected and approved by PFS Corporation. A final written report from PFS Corporation must be submitted to this office after completion of any repairs that are required.

We expect your immediate review and response. If you have questions concerning the case, please contact this office.

Sincerely,

Ellen Tyndall

Ellen Tyndall
Processing Assistant

attachment

cc:  Joseph LaMacchia
     PFS Corporation
     Gaston Co. Inspection Department
     Richard Rowe

MAILING ADDRESS:
1202 Mail Service Center
Raleigh, NC 27699-1202

Telephone Number: 919-661-5880
Fax Number: 919-662-4405