FILED

2009 FEB -2 AM 8: 45

US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:

AMERICAN HOME MORTGAGE
HOLDINGS, INC.,
Delaware Corporation, et. al.

Debtors

) No. 07-11047 (CSS)
)
) YAKIMA COUNTY TREASURER
) RESPONSE TO DEBTOR'S TWENTY-
) EIGHTH OMNIBUS (NON-SUBSTANTIVE)
) OBJECTION TO CLAIMS PURSUANT TO
) SECTION 502(b) OF THE BANKRUPTCY
) CODE, BANKRUPTCY RULES 3003 and
) 3007, AND LOCAL RULE 3007-1.

The Yakima County Treasurer hereby submits to the Court this formal response to the Twenty-Eighth Omnibus Objection to Claims, filed by AMERICAN HOME MORTGAGE HOLDINGS, INC., herein after referred to as debtor regarding Case No. 07-11047.

**I. ARGUMENT AND POINTS OF AUTHORITY:**

The Debtor is requesting that this court deny Yakima County's proof of claim number 10503 as untimely filed. This relief should not be granted by this court as it would result in the debtor escaping liability on ad valorem taxes owing on Yakima County Personal Property Tax Parcel #500000-15157. The claim by Yakima County was not filed within the original bar date for filing because during this time, the debtor was not delinquent with its property tax payments on this account. It was not until May

1, 2008 that debtor became delinquent on this property tax account. This was after the bar date for filing of a petition of February 4, 2008. This court should not award debtor's failure to comply with Washington State law, and pay its property taxes to be rewarded by dismissing Yakima County's claim for payment of ad valorem taxes.

Washington State law provides that when taxable personal property is being sold or about to be dissipated, all taxes owing are immediately due in full including the current assessment year of 2008 for the 2009 tax year. See RCW 84.56.090.

Yakima County's proof of claim should not be denied due to 11 U.S.C. Section 1305(a)(2) which provides, "A proof of claim may be filed by any entity that holds a claim against the debtor for taxes that become payable to a governmental unit while the case is pending." Here, the taxes owing on personal property account 500000-15157 became due and owing by the debtor on April 30, 2008 and thus Yakima County's claim should not be denied and dismissed by this Court. If this Court grants the requested relief of the debtor, it will be in effect allowing them to escape payment of their ad valorem taxes. The result will be cheating the various tax districts in Yakima County and the State of Washington which rely on these taxes.

**Excusable Neglect**

In the alternative, the Yakima County Treasurer's Office argues that its failure to timely file a proof of claim is the result of excusable neglect, and that the bankruptcy court should allow it to file late pursuant to Rule 9006(b). The Third Circuit court in In re Vertientes, Ltd., 845 F.2d 57 (3d Cir. 1988), has held that Rule 9006(b) and Rule 3003(c)(3) are to be read in conjunction, and that the bankruptcy court may allow the

filing of untimely proof of claim only where the claimant's failure to timely file was due to excusable neglect.

The United States Supreme Court clarified the meaning of "excusable neglect" as the term is used in Rule 9006(b)(1). The Court found that "by empowering the court to accept late filings 'where the failure to act was the result of excusable neglect,' Rule 9006(b)(1). Congress plainly contemplated that the court would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." <u>Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd. Partnership</u>, 123 L. Ed. 2d 74, 113 S. Ct. 1489, 1495 (1993). The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. 113 S.Ct. at 1498. The burden of proving "excusable neglect" is on the creditor seeking to extend the bar date. <u>In re Nutri Bevco</u>, 117 Bankr. 771, 781 (Bankr S.D.N.Y. 1990).

In the case at bar, this court should find that (1) the Debtor will not be prejudiced should the untimely claims be allowed, in that the claims would not "deny the Debtor the 'fresh start' to which it is entitled," 156 Bankr. At 937; (2) the impact of the delay upon the proceeding is not significant; (3) Debtor's nonpayment of taxes which did not become due until after the bar deadline was the source of the delay; and (4) the Yakima County has acted in good faith.

As argued above, Yakima County will be unfairly prejudiced if its claim is dismissed as the Debtor is requesting. It would in effect be denied a legally permissible debt by the Debtor and the various taxing districts and school districts which rely on collection of these funds will be unfairly prejudiced.

Further, Yakima County immediately filed a proof of claim after it was apparent that the Debtor was not going to pay its 2008 personal property taxes. Before this time, Yakima County could not reasonably know that the Debtor was going to default on its taxes. At the time of filing bankruptcy which set the bar date, Debtor was current with the payment of their ad valorem personal property taxes to Yakima County. Thus, through no fault of Yakima County, a late filing was required when debtor subsequently failed to pay its ad valorem personal property taxes. Therefore, Yakima County asks that this court find excusable negligence for failing to timely file a proof of claim on this issue which was not yet ripe for adjudication.

## II. CONCLUSION:

The Yakima County Treasurer's Office respectfully requests that the court deny the motion of the debtor, and allow Yakima County's Proof of Claim to survive via the doctrine of excusable neglect. The debtor owes Yakima County for ad valorem property taxes on personal property account 500000-15157 and should not be allowed to escape liability due to their unclean hands.

DATED this 27th day of January, 2009.



ILENE THOMSON
Yakima County Treasurer

RESPONSE. Page 4 of 4

YAKIMA COUNTY TREASURER
ROOM 115, COUNTY COURTHOUSE
YAKIMA, WASHINGTON 98901
Phone (509)574-2800 - Fax (509)574-2801