# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br><br>(Jointly Administered)<br>**Hearing Date: February 9, 2009 @ 10:00 a.m. (ET)**<br><br>**Re: D.I. Nos. 6626, 6843, 6868** |

## LEAD PLAINTIFFS' SUPPLEMENTAL OBJECTION TO CONFIRMATION OF THE AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF NOVEMBER 25, 2008

The Lead Plaintiffs (the "Lead Plaintiffs")[1] in a securities fraud class action entitled *In re American Home Mortgage Securities Litigation*, Case No. 07-MD-1898 (TCP) (the "Securities Litigation"), pending in the United States District Court for the Eastern District of New York (the "District Court"), and filed on behalf of all persons or entities (the "Class") who purchased or otherwise acquired common or preferred shares of stock of American Home Mortgage Investment Corp. ("AHM Investment"), one of the Debtors[2] herein, on the open market, during the period from July 19, 2005 to August 6, 2007, inclusive (the "Class Period"), including all persons who purchased or otherwise acquired such shares pursuant or traceable to the registration statements issued in connection with an offering of 9 million shares on August 9, 2005 at $35.50 per share (the "2005 Offering") and an offering of 4 million shares on April 30, 2007 at approximately $24 per share (the "2007 Offering"), hereby submit this supplemental objection (the "Supplemental Objection") to the Amended Chapter 11 Plan Of Liquidation of the Debtors Dated as of November 25, 2008 (the "Plan")(Docket Ref. No. 6626), and state the following:

---

[1] On March 19, 2008, the District Court appointed the Teachers' Retirement System of Oklahoma and the Oklahoma Police Pension and Retirement System as Lead Plaintiffs.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (Docket Ref No. 6626) or in Lead Plaintiffs' Limited Objection to the Plan (Docket Ref. No. 6843).

## PRELIMINARY STATEMENT

1. On January 14, 2009, Lead Plaintiffs filed their Limited Objection to Confirmation of the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (the "Objection"). (Docket Ref. No. 6843.) This Supplemental Objection incorporates the objections raised therein.

2. On January 20, 2009, the Debtors filed the Notice of Filing of Appendix of Supplemental Plan Documents (Docket Ref. No. 6868), together with the identified supplemental documents, including the Plan Trust Agreement and the List of Designated Insurance Policies.

3. As set forth in the Objection, at ¶ 29, Lead Plaintiffs' right to supplement their Objection with respect to any documents included in the Supplemental Plan Document was preserved.

4. Lead Plaintiffs reassert the following objections because the Supplemental Plan Documents do not address the Objections to confirmation initially raised by Lead Plaintiffs.[3]

## OBJECTION

5. First, in their Objection, Lead Plaintiffs raised the absence of an adequate mechanism or protocol for the preservation or safeguarding of Documents transferred to the Plan Trust by the Debtors and objected to the Plan Trustee's unfettered discretion to destroy certain Documents. *See* Objection ¶¶ 14-20. The relevant language in the Plan Trust Agreement with respect to the authority of the Plan Trustee to preserve and/or destroy Documents or Records is identical to the language contained in the Plan. *See* Plan Trust Agreement, Art. III., § 3.2 (bb) and Plan, Art. 8. F. 5 (c)(xviii). Indeed, the Plan Trust Agreement provides no additional restrictions or conditions on the destruction of Documents transferred to the Trust. Accordingly, Lead Plaintiffs continue to assert their Objection to the Plan Trustee's responsibilities in this regard; the proposed language in paragraph 20 of Lead Plaintiffs' Objection to confirmation

---

[3] The failure to assert herein an objection raised in Lead Plaintiffs' initial Objection to confirmation shall not be deemed a waiver of that objection.

should be included in both the Plan and the Plan Trust Agreement in order to resolve this objection.

6. Second, under the Plan, Claims against members of the Plan Oversight Committee are enjoined. Plan, Art. 12. A. Members of the Plan Oversight Committee were not identified in the Plan and are still not identified in the Plan Trust Agreement. Plan Trust Agreement, Art. IV., § 4.1 (a)-(e). Accordingly, Lead Plaintiffs reassert their objection to the Plan Injunction to the extent it may apply to their Claims against members of the Plan Oversight Committee. *See* Objection, ¶¶ 31, 33. As stated in the Objection, members of the Plan Oversight Committee may be or may become Non-Debtor Defendants in the Securities Litigation and the release of Lead Plaintiffs' Claims against them as such or any injunction prohibiting Lead Plaintiffs from prosecuting those Claims is improper.

7. Third, Lead Plaintiffs objected to the Plan's failure to ensure Lead Plaintiffs' right to proceed with their Claims against the Debtors to the extent of available insurance coverage. *See* Objection, ¶¶ 26-29. At the time the Plan was filed, the Debtors did not disclose if any D&O Policies were being assumed. It now appears that the Debtors are assuming their primary and excess D&O Insurance Policies. *See* List of Designated Insurance Policies.

8. Especially in light of the Debtors' assumption of the D&O Insurance Policies, the language proposed by Lead Plaintiffs in paragraph 28 of the Objection, preserving Lead Plaintiffs' right to pursue their Claims to the extent of available insurance, should be included in the Plan. Lead Plaintiffs and the putative Class are entitled to look to the proceeds of these D&O Insurance Policies for payment of their Claims against the Debtors and to pursue their Claims against the Debtors to the extent of available insurance coverage. *See* Objection, ¶¶ 26-28.

## **CONCLUSION**

9. Based on the foregoing, Lead Plaintiffs respectfully request that an order be entered (i) denying confirmation of the Plan and (ii) granting such other and further relief as the Court deems just and proper.

## STATEMENT THAT NO BRIEF IS NECESSARY

10. As no novel issue of law is raised by the within Supplemental Objection and the relevant authorities relied upon by Lead Plaintiffs are set forth in the Objection, Lead Plaintiffs respectfully request that the Court waive the requirements of D. Del. LR 7.1.2, incorporated in these proceedings by Local Rule 1001-1(b), of filing a separate brief in support of the Supplemental Objection. However, if the Court determines otherwise, Lead Plaintiffs respectfully request the opportunity to submit an appropriate brief or memorandum of law.

Dated: February 4, 2009
Wilmington, Delaware

CROSS & SIMON LLC

By: _____
Christopher P. Simon (Bar No. 3697)
913 North Market St., 11th Floor
Wilmington, Delaware 19899-1380
302.777.4200 (Telephone)
302.777.4224 (Facsimile)
csimon@crosslaw.com

**LOWENSTEIN SANDLER PC**
Michael S. Etkin (ME 0570)
Ira M. Levee (IL 9958)
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Bankruptcy Counsel to Lead Plaintiffs and the Putative Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Steven B. Singer
Avi Josefson
1285 Avenue of the Americas
New York, New York 10019
212.554.1400 (Telephone)
212.554.1444 (Facsimile)

-5-

**BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO**
Jeffrey C. Block
Kathleen M. Donovan-Maher
Autumn W. Smith
One Liberty Square
Boston, Massachusetts 02109
617.542.8300 (Telephone)
617.542.1194 (Facsimile)

*Co-Lead Counsel to Lead Plaintiffs and the*
  Putative Class