**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                  :
                                                                 :   Jointly Administered
           Debtors.                                              :
---------------------------------------------------------------- x

### STIPULATION BETWEEN THE DEBTORS AND ABN AMRO BANK N.V. REGARDING CLAIMS NUMBERED: 7927, 7928, 7929, 7930, 7931, 7932, 7933, AND 7935

The Debtors[1] and ABN AMRO Bank N.V. ("ABN" and collectively with the Debtors, the "Parties"), hereby enter into this "Stipulation Between the Debtors and ABN AMRO Bank N.V. Regarding Claims Numbered: 7927, 7928, 7929, 7930, 7931, 7932, 7933, and 7935" (the "Stipulation"), by and through their respective counsel of record, effective as of the date of entry of an order approving this Stipulation, based upon the following Recitals.

### Recitals

1. On August 6, 2007 (the "Petition Date"), the Debtors commenced voluntary cases (the "Bankruptcy Cases") under chapter 11 of Title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors remain in possession of their property and are managing their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The debtors and debtors in possession in these cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

A.  **The MRA, Post-Petition Advances Stipulations & Waiver of Claims**[2]

2. American Home Mortgage Acceptance, Inc., American Home Mortgage Corp., American Home Mortgage Investment Corp., and American Home Mortgage Servicing, Inc. (collectively, the "AHM MRA Debtors") and ABN are parties to a Master Repurchase Agreement, dated as of February 28, 2007 (as may have been supplemented and amended from time to time, the "MRA"), and a number of additional agreements related to the MRA (the "Transactional Documents").

3. On or about August 21, 2007, the AHM MRA Debtors and ABN entered into the "Stipulation Between Certain Debtors and ABN AMRO Bank N.V.; Order Thereon" (the "Post-Petition Advances Stipulation"), pursuant to which, among other things, ABN agreed to fund certain Additional Mortgagor Advances in connection with the Mortgage Loans that are the subject of the Master Repurchase Agreement, dated as of February 28, 2007, between the AHM MRA Debtors and ABN, and to fund certain Servicing Payments, as each of those capitalized terms are described and defined in the Post-Petition Advances Stipulation. The Court entered its order approving the Post-Petition Advances Stipulation on August 22, 2007 [D.I. 284].

4. On or about September 21, 2007, ABN and the AHM MRA Debtors entered into the "Stipulation Between Certain Debtors and ABN AMRO Bank N.V. Regarding Marketing and Sale of Certain Construction Loans and Servicing Rights; and Order Thereon" (the "Sale Procedures Stipulation"), pursuant to which, among other things, the AHM MRA Debtors and ABN: (a) agreed on the procedures under which the Mortgage Loans that were the subject of the Master Repurchase Agreement would be marketed and sold; (b) agreed that, upon

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the referenced stipulations.

2

entry of an order approving the Sale Procedures Stipulation, ABN would be obligated to pay the AHM MRA Debtors the ABN Payment (as defined in the Sale Procedures Stipulation) in the amount of $700,000, and (c) further agreed (as provided in paragraph 20 of the Sale Procedures Stipulation) that "upon…the ABN MRA Debtors' conveyance, transfer, quitclaim, release, and/or turnover and delivery of possession of the Mortgage Loans and the Servicing Rights to ABN pursuant to paragraphs 12(b) or 17… [of the Sale Procedures Stipulation], ABN shall not retain, nor shall it assert, a claim or interest of any kind against or in the Debtors or the Debtors' bankruptcy estates under or with respect to the ABN MRA Agreements, the Mortgage Loans, or the Servicing Rights; provided, however, that notwithstanding the foregoing, ABN shall retain the right to pursue recovery of any of the ABN Advances (but not including Servicing Payments earned by the ABN MRA Debtors but then remaining unpaid) applied or used by any of the Debtors in any manner inconsistent with the ABN MRA Agreements, the ABN Post-Petition Advances Stipulation, or the Advances Order, and the Debtors reserve the right to object to or contest the exercise of such retained right" (the "<u>Waiver of Claims and Reservation of Rights Provision</u>"). On October 4, 2007, the Court entered its order approving the Sale Procedures Stipulation [D.I. 1176], and entered a related order approving the sales procedures [D.I. 1175].

5.    On or about December 3, 2007, ABN and the AHM MRA Debtors entered into the "Second Stipulation Between Certain Debtors and ABN AMRO Bank N.V. Regarding Post-Petition Advances and Sale of Construction Loan Portfolio; Order Thereon" (the "<u>Second Post-Petition Advances Stipulation</u>"), pursuant to which, among other things, the AHM MRA Debtors and ABN agreed: (a) the turnover of the AHM MRA Debtors' rights in and to the Mortgage Loans to ABN shall (i) be conditioned upon ABN's performance of each of the payment obligations contained in the Post-Petition Advances Stipulation and the Second Post-

3

Petition Advances Stipulation, and (ii) occur on the first business day that is fifteen calendar days after ABN provides written notice to the AHM MRA Debtors and their counsel that it has obtained an acceptable substitute servicer and/or transferee, and upon such transfer and substitution of servicer, ABN shall no longer be obligated to make any further Servicing Payments and (b) that on the date the Debtors convey, transfer, quit claim, release and/or turnover and deliver possession of the Mortgage Loans and Servicing Rights to ABN pursuant to the terms of the Second Post-Petition Advances Stipulation, ABN shall not retain, nor shall it assert, a claim or interest of any kind against or in the Debtors or the Debtors' bankruptcy estates under or with respect to the ABN MRA Agreements, the Mortgage Loans, or the Servicing Rights; provided, however, that notwithstanding the foregoing, ABN shall retain the right to pursue recovery of any of the ABN Advances (but not including Servicing Payments earned by the ABN MRA Debtors but then remaining unpaid) applied or used by any of the Debtors in any manner inconsistent with the ABN MRA Agreements, the ABN Post-Petition Advances Stipulation, the Advances Order, or the Second Post-Petition Advances Stipulation; the Debtors reserved the right to object to or contest the exercise of such retained right. On December 12, 2007, the Court entered an order approving the Second Post-Petition Advances Stipulation [D.I. 2355].

6. On or about February 13, 2008, the AHM MRA Debtors and ABN entered into the "Third Stipulation Between Certain Debtors and ABN AMRO Bank, N.V. Regarding: (1) Post-Petition Advances; (2) Servicing Payments; and (3) Mortgage Loan Refinancings (the "Third Post-Petition Advances Stipulation"), pursuant to which the AHM MRA Debtors, among other things, agreed to use commercially reasonable efforts to keep in place the construction loan servicing group to service the Mortgage Loans through June 20, 2008, and ABN, among other

things, agreed to (i) continue making Additional Mortgagor Advances in an amount up to $70 million; (ii) make Servicing Payments as provided in the budget attached to the Third Post-Petition Advances Stipulation; and (iii) fund the Bonus Plan established by the Debtors for the Construction Employees in an amount not to exceed $450,000. The Third Post-Petition Advances Stipulation further (i) reaffirmed the Waiver of Claims and Reservation of Rights Provision set forth in paragraph 15 of the Second Post-petition Advances Stipulation, and (ii) authorized the Debtors, based on ABN's request, to offer principal reductions and similar incentives to borrowers under the Mortgage Loans to encourage such borrowers to refinance their loans with other lenders, the cost of which being entirely the responsibility of ABN. On February 28, 2008, the Court approved the Third Post-Petition Advances Stipulation [D.I. 3115].

7. On May 20, 2008, the AHM MRA Debtors and ABN entered into the "Fourth Stipulation Between Certain Debtors and ABN AMRO Bank, N.V. Amending and Supplementing the Third Stipulation Regarding: (1) Post-Petition Advances; (2) Servicing Payments; and (3) Mortgage Loan Refinancings (the "Fourth Post-Petition Advances Stipulation" and collectively with the Post-Petition Advances Stipulation, the Second Post-Petition Advances Stipulation and the Third Post-Petition Advances Stipulation, the "Post-Petition Advances Stipulations"), pursuant to which the AHM MRA Debtors, among other things, agreed to use commercially reasonable efforts to keep in place the construction loan servicing group to service the Mortgage Loans through November 30, 2008, and ABN, among other things, agreed to (i) continue making Additional Mortgagor Advances and Servicing Payments as provided in the budget attached to the Fourth Post-Petition Advances Stipulation; and (ii) fund the Bonus Plan established by the Debtors for the Construction Employees in an amount not to exceed $675,000. The Fourth Post-Petition Advances Stipulation further

5

reaffirmed the Waiver of Claims and Reservation of Rights Provision set forth in paragraph 15 of the Second Post-petition Advances Stipulation, as reaffirmed by ABN through the Third Post-Petition Advances Stipulation. The Court entered an order approving the Fourth Post-Petition Advances Stipulation on June 9, 2008 [D.I. 4484].

### B. The Swap Agreements

8. ABN, as Swap Provider, is a party to an ISDA Master Agreement with Broadhollow Funding, LLC ("Broadhollow") and an ISDA Master Agreement with Melville Funding, LLC ("Melville"), each dated May 27, 2004, pursuant to which, among other things, ABN had exposure to certain fluctuations in the market value of the mortgage loans owned by Broadhollow and Melville ("Market Exposure"). In addition, ABN, as Swap Provider, is a party to ISDA Master Agreements (the "Swap Documents") with American Home Servicing, Inc. and American Home Mortgage Investment Corp. (as Credit Support Provider and guarantor) (the "AHM Swap Debtors"), each dated May 27, 2004, pursuant to which, among other things, the AHM Swap Debtors are obligated to reimburse ABN for any Market Exposure funded by ABN.

### C. The ABN Claims and Objection Thereto

9. ABN filed claims numbered 7927, 7928, 7929, 7930, 7931, 7932, 7933, and 7935 in an unsecured amount of approximately $185,776,989.76 (one claim against each of the Debtors, and collectively, the "ABN Claims") for, among other things, amounts owed under the MRA and the Swap Documents.

10. On January 9, 2009, the Debtors filed Debtors' Twenty-Ninth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 6826] (the "Omnibus Objection"), wherein the Debtors objected to the validity and/or amount the ABN Claims.

11. ABN consents to the relief requested in the Omnibus Objection, subject to agreements and reservations set forth herein.

### Agreements

12. The Parties have agreed that there is no liability on the part of the Debtors, or such liability has been previously waived by ABN, for ABN proofs of claim numbered 7928, 7930, 7931, 7932. 7933, and 7935. Accordingly, ABN proofs of claim numbered 7928, 7930, 7931, 7932, 7933, and 7935 shall be disallowed and expunged in their entirety with prejudice.

13. The Parties have further agreed that ABN proofs of claim numbered 7927 and 7929 shall apply only with respect to the AHM Swap Debtors' obligations under the Swap Documents. Accordingly, the Debtors and ABN hereby agree that: (a) proofs of claim 7927 and 7929 shall each be allowed for all purposes in the amount of $37,852,554.00; (b) that the AHM Swap Debtors' shall be jointly and severally liable for such claims; and (c) that an order so providing should be entered.

14. Notwithstanding anything in this Stipulation to the contrary, ABN shall retain the right to pursue recovery of any of the ABN Advances (but not including Servicing Payments earned by the ABN MRA Debtors but then remaining unpaid) applied or used by any of the Debtors in any manner inconsistent with the MRA, the ABN Post-Petition Advances Stipulations, or orders approving the ABN Post-Petition Advances Stipulations, and the Debtors reserve the right to object to or contest the exercise of such retained right.

15. The Parties hereto represent and warrant to each other that, subject to entry of an order approving this Stipulation, they are authorized to execute this Stipulation, each has full power and authority to enter into and perform in accordance with the terms of this

Stipulation, and this Stipulation is duly executed and delivered and constitutes a valid and binding agreement in accordance with its terms.

16. This Stipulation shall become effective immediately upon entry of an order approving the Stipulation.

Dated: February 2, 2009
Wilmington, Delaware

MILBANK, TWEED, HADLEY & McCLOY LLP
Gregory A. Bray
Robert Jay Moore
Fred Neufeld
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063

and

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Mark D. Collins*
Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
One Rodney Square,
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

Counsel for ABN AMRO Bank, N.V.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Margaret Whiteman Greecher*
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Debtors and Debtor in Possession

8