# Exhibit A

# Macauley, Thomas G.

| | |
|---|---|
| **From:** | Beach, Sean [SBEACH@ycst.com] |
| **Sent:** | Friday, December 05, 2008 10:05 AM |
| **To:** | Jackson, Patrick; Macauley, Thomas G.; weisbrods@gotofirm.com |
| **Cc:** | Mark S. Indelicato; Edward L. Schnitzer |
| **Subject:** | RE: AHM - SEC Production |

Tom,

The issue is primarily one of costs, but it is also an issue of relevancy in that the Borrowers Committee has not given the Debtors any real sense of what your concerns are in connection with the Plan. If we do come to agreement on costs, however, I believe that we can deal with the issue of relevancy down the road and get you the documents you want now. We are, however, very concerned about your unwillingness or inability to articulate Borrower Committee Plan issues. You did mention an interest in Power Option Arms, but how is that relevant to the Plan? At our meeting on October 28th, we discussed dual tracking your review of documents and Plan/DS concerns to make the process as efficient and productive as possible. Other than your letter regarding the document requests, we did not hear from the Borrowers Committee until you objected to the Disclosure Statement. We would prefer that not happen in connection with the Plan. The Debtors have been and continue to be willing to work with the Borrowers Committee on reasonable and relevant document requests.

In addition, you mentioned an interest in reviewing documents that were produced under the SEC subpoena for the first time on Sunday, November 23rd. At that time and at all times prior to the Disclosure Statement hearing on November 25th, I made it clear that we would not be in a position to address that issue prior to the Disclosure Statement hearing because of the timing. I will not address your suggestion of delay because I think our correspondence is clear that there was no intent or delay on the part of the Debtors.

Hopefully the call today will move the process forward, but as we have mentioned on numerous occassions, we welcome early discussions about Plan issues so that we can try to work through them.   SMB


-----Original Message-----
From: Jackson, Patrick
Sent: Friday, December 05, 2008 9:31 AM
To: 'Macauley, Thomas G.'; weisbrods@gotofirm.com
Cc: Beach, Sean; 'Mark S. Indelicato'
Subject: RE: AHM - SEC Production

Thanks Tom. I'll circulate dial-in info momentarily. To be clear, we have no intention of keeping you from information you need, and we do not question your right to review potentially relevant information. We just want to know what you hope to find, both so that we can facilitate a more focused information exchange and so that we can get a better

understanding of your client's goals with respect to the Plan.  As we see it there's no reason--especially given the shortened time frame--that we can't dual-track the discovery and negotiation process.  I think pinpointing what you are looking for and discussing how the production is categorized are flip sides of the same coin.

-PAJ

-----Original Message-----
From: Macauley, Thomas G. [mailto:TMacauley@zuckerman.com]
Sent: Friday, December 05, 2008 9:09 AM
To: Jackson, Patrick; weisbrods@gotofirm.com
Cc: Beach, Sean; 'Mark S. Indelicato'
Subject: RE: AHM - SEC Production

Patrick,

We can participate in the call at 2:45.

In discussions with Sean and Mark at and before the hearing last week, neither of them expressed any concern about our inspection of AHM's SEC production -- "have at it" -- so long as there was a reasonable understanding on how costs would be addressed.  Indeed, we made the proposal in the first place because it appeared to be a cost-efficient way for us to get the information we need.  It was based on these informal understandings that we persuaded the Borrowers Committee not to press its remaining objections to the disclosure statement.

Your email below asks why we would want to, or have a right to, review the bulk of the production.  If the Debtors' concern is related to costs, we can discuss how to address that.  If the Debtors are now changing tack and questioning our right to review the production generally, then we can raise the issue with the Court on an emergency basis if necessary.

We thought we were going to be able to speak to A&O on the afternoon of 11/25 to see how the production was maintained.  Instead, we're getting our call with them ten days later and we have been asked first to pinpoint what we are looking for.  I am concerned that the Borrowers Committee is facing a delaying action that will ultimately cost the estates far more than what we have proposed.  I hope that is not the case.

As we see it, the purpose of the call today is to understand how the production is maintained and categorized, so we can develop a plan to review the documents efficiently.  If that is not the case, please advise asap.  Thanks, Tom

-----Original Message-----
From: Jackson, Patrick [mailto:PJackson@ycst.com]
Sent: Thursday, December 04, 2008 11:44 PM
To: Macauley, Thomas G.; weisbrods@gotofirm.com
Cc: Beach, Sean
Subject: RE: AHM - SEC Production

2

A&O has confirmed their availability at 2:45. If that works for you I will circulate a dial in.

-----Original Message-----
From: Jackson, Patrick
Sent: Thursday, December 04, 2008 2:13 PM
To: 'TMacauley@zuckerman.com'; 'weisbrods@gotofirm.com'
Cc: Beach, Sean
Subject: RE: AHM - SEC Production

Tom/Steve,

A&O can no longer make it for 11am tomorrow. We're trying to reschedule for the afternoon, possibly 2:45, and waiting to hear back. Would that work for you?

-PAJ

-----Original Message-----
From: Beach, Sean
Sent: Thursday, December 04, 2008 8:08 AM
To: Jackson, Patrick; 'TMacauley@zuckerman.com'; 'weisbrods@gotofirm.com'
Subject: Re: AHM - SEC Production

Tom and Steve,
Allen & Overy can do a call at 11am Friday. I will also invite counsel to the Committee to join. Please let us know if that works.


----- Original Message -----
From: Jackson, Patrick
To: 'Macauley, Thomas G.' <TMacauley@zuckerman.com>; 'Weisbrod, Stephen' <weisbrods@gotofirm.com>
Cc: Beach, Sean
Sent: Wed Dec 03 19:55:11 2008
Subject: RE: AHM - SEC Production

Tom,

Regarding your email below, given that the scope of the Borrowers Committee's appointment now that the Disclosure Statement has been approved is limited to Plan issues and global stay relief for borrowers in connection with foreclosure actions, we are dubious that 40-50% of the documents produced in connection with the SEC investigation into accounting matters are necessary to permit you to represent your client effectively. Our limited discussions at the initial meeting on 10/28 and the conference call on Sunday 11/23 to discuss your disclosure statement objection have not provided us much insight into what you perceive as borrower-specific Plan issues, and what issues have been identified (primarily: notice of the bar date, the Payment Option ARM loan product, and possible defenses to EPD/Breach Claims) have not been developed sufficiently to permit us to understand what relevance, if any, the SEC production could have to a possible amendment to the Plan. For example, on the 11/23 call, it appeared the Borrowers Committee's

3

interest in the SEC production had to do with the possibility of uncovering defenses to the repurchase claims of loan purchase counterparties, e.g., based on those parties' knowledge of the alleged defectiveness of the loan products--I apologize if I'm being obtuse, but a hypothetical fact pattern might be helpful here to illustrate for us why this would give rise to a "borrower" issue under the Plan.

Notwithstanding our uncertainty as to the Borrowers Committee's goals and expectations for the Plan and the confirmation hearing, recognizing your need to perform due diligence and get up to speed on issues you believe may be relevant to your client, we have been cooperative thus far with your discovery requests. And we will continue to cooperate with you. But we are concerned that, thus far, there has been an emphasis on discovery with little emphasis on discussion, a problem we believe will be compounded if millions of pages of SEC-related documents are produced and you feel inclined (or obligated) to review and digest them before we can sit down and begin Plan discussions in earnest. We are also concerned that the costs of producing and reviewing these documents, both in attorney time and reproduction costs at Allen & Overy and in attorney time at your and Steve's firms, may be disproportionate to the $250k alotted by the Court for the Borrowers Committee's professionals' fees and expenses.

Despite these concerns, we are willing to arrange a call with Allen & Overy to discuss the desireability and practicability of complying with your request for production and, hopefully, to more accurately pinpoint what it is you are looking for, and why. To be clear, we reserve all rights following this discussion (i) as to whether we will comply with your SEC document request, (ii) as to who will bear the burden of the costs of any SEC document production, (iii) as to whether the production and review of the SEC documents are within the scope of the Borrowers Committee's appointment, and (iv) to oppose any request by the Borrowers Committee to expand its budget or delay confirmation as a result of the SEC document production or otherwise. I will get back to you ASAP with respect to our availability for a call.

Kind regards,

-PAJ

Patrick A. Jackson
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-576-3588
Facsimile: 302-576-3544
PJackson@ycst.com

This message may contain confidential attorney-client communications or other protected information. If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it. If you believe you received this message by mistake, please notify us by return e-mail, and then delete

4

this message.  Thank you for your cooperation.


-----Original Message-----
From: Macauley, Thomas G. [mailto:TMacauley@zuckerman.com]
Sent: Wednesday, December 03, 2008 11:56 AM
To: Beach, Sean; weisbrods@gilbertoshinsky.com
Cc: Jackson, Patrick
Subject: RE: AHM: 6627 - Amended Disclosure Statement as of 11-25-08, 6628 - COC 5554, 6626 - Amended Plan as of 11-25-08

Sean, our list will probably encompass 40-50% of the requests.  I can put a list together, but that might not really advance the ball.  Maybe it makes sense to get on the phone with A&O as we originally planned to see what makes sense.

-----Original Message-----
From: Beach, Sean [mailto:SBEACH@ycst.com]
Sent: Wednesday, December 03, 2008 10:00 AM
To: Macauley, Thomas G.; weisbrods@gilbertoshinsky.com
Cc: Jackson, Patrick
Subject: RE: AHM: 6627 - Amended Disclosure Statement as of 11-25-08, 6628 - COC 5554, 6626 - Amended Plan as of 11-25-08

Tom,
I spoke with A&O briefly about how they categorized the production and it sounds like it may be difficult to pull out slices of information.  Please send me a list of the requests that interest you and I will try to get some clarity. Also, please execute the confidentiality agreement and send it back.  Thanks. SMB

-----Original Message-----
From: Macauley, Thomas G. [mailto:TMacauley@zuckerman.com]
Sent: Wednesday, December 03, 2008 9:18 AM
To: Beach, Sean; weisbrods@gilbertoshinsky.com
Subject: RE: AHM: 6627 - Amended Disclosure Statement as of 11-25-08, 6628 - COC 5554, 6626 - Amended Plan as of 11-25-08

Sean, thanks for sending over the subpoenas.  There are some requests that are of interest to us.  Do you have a sense of how the production is categorized?  Would it make sense to speak with A&O on this?  Pls advise.  Thanks, Tom

-----Original Message-----
From: Beach, Sean [mailto:SBEACH@ycst.com]
Sent: Monday, December 01, 2008 1:13 PM
To: Macauley, Thomas G.; weisbrods@gilbertoshinsky.com
Subject: RE: AHM: 6627 - Amended Disclosure Statement as of 11-25-08, 6628 - COC 5554, 6626 - Amended Plan as of 11-25-08

I briefly spoke with Allen & Overy.  They indicated that the SEC production was primarily focused on accounting related inquiries, so I am not sure it is something you will want.  However, A&O is sending me the 3 SEC subpoena's which I will forward on to you guys for review.  Once you have taken a look we can discuss where to go from that point.

5