IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | Ref. Docket No. 6626 & 6942 |

---

### DECLARATION OF BRET FERNANDES IN SUPPORT OF CONFIRMATION OF THE DEBTORS' AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED FEBRUARY 5, 2009

I, Bret Fernandes, pursuant to 28 U.S.C. § 1746, declare as follows:

1. On August 6, 2007 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of title 11, United States Code (the "Bankruptcy Code").

2. In my capacity as the Director of Restructuring of the Debtors, I am one of the individuals responsible for devising and implementing the Debtors' business plan and strategies and overseeing the Debtors' financial operational and legal affairs. I am familiar with the Debtors' day-to-day operations, business and financial affairs.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

3. I have reviewed and am familiar with the terms and provisions of the Amended Chapter 11 Plan of Liquidation of the Debtors, dated November 25, 2008, and as amended on February 5, 2009 [D.I. 6942] (as may be further amended, modified and/or supplemented, the "Plan")[2] and the Supplemental Plan Documents (as defined in the Plan) filed on January 20, 2009 and amended February 5, 2009 (as may be further amended, modified or supplemented, the "Plan Supplement").

4. I submit this declaration (the "Declaration") in support of confirmation of the Plan. Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge and belief, review of relevant documents, inquiries made to others, or opinion based upon experience and knowledge of the Debtors' business affairs and financial condition and the legal advise provided by the Debtors' professionals. I am authorized to submit this Declaration on behalf of the Debtors. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5. On December 1, 2008, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. 6644] (the "Disclosure Statement Order") approving the adequacy of the information contained in the Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code With Respect to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of November 25, 2008 (the "Disclosure Statement") and approving the solicitation process with respect to the Plan.

6. The Disclosure Statement, the Plan, the Disclosure Statement Order, appropriate ballots, notices, and all other related documents were distributed to all parties in accordance with the Disclosure Statement Order. Furthermore, the Debtors have complied

---

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Plan.

with all other orders of the Court entered during the pendency of the chapter 11 cases and with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules with respect to postpetition disclosure and solicitation of acceptances of the Plan.

7. I have been advised that the Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including, without limitation, the requirements of sections 1122 and 1123.

8. As required under sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, the Plan designates Classes of Claims and Interests, other than DIP Facility Claims, Administrative Claims and Priority Tax Claims. As required by section 1122(a) of the Bankruptcy Code, each Class of Claims and Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class. The Plan's classification scheme recognizes the differing legal and equitable rights of creditors versus interest holders, secured versus unsecured claims and priority versus non-priority claims.

9. Pursuant to sections 1123(a)(2) and (3) of the Bankruptcy Code, the Plan specifies all Claims and Interests that are not impaired and specifies the treatment of all Claims and Interests that are impaired. Pursuant to section 1123(a)(4) of the Bankruptcy Code, the Plan also provides the same treatment for each Claim or Interest within a particular Class, except to the extent a creditor agrees to less favorable treatment of its Claim or Interest.

10. The Plan also provides adequate means for the Plan's implementation as required by section 1123(a)(5) of the Bankruptcy Code. Specifically, Articles 6, 7, and 8 and various other provisions of the Plan provide adequate means for implementing the Plan, including, among other things, (i) approval of the Settlement of Intercompany Claims and the Stipulated Asset Allocation; (ii) approval of the EPD/Breach Claims Protocol; (iii)

appointment of the Plan Trustee; (iv) appointment of a Plan Oversight Committee; (v) preservation of all Causes of Action; (vi) the vesting of the BofA Mortgage Loans subject to the terms of the BofA Global Settlement Stipulation and as agreed upon by the Debtors and BofA as Administrative Agent; (vii) the vesting of all other Assets in the Plan Trust; and (viii) establishment of the Plan Trust Operating Expense Reserve, S/A/P Claims Reserve and Unsecured Claims Reserve.

11. The Debtors, as proponents of the Plan, have complied with section 1123(a)(6) of the Bankruptcy Code. Following the Effective Date of the Plan, all Interests in the Debtors, including any securities possessing voting power, will be cancelled.

12. The Debtors have complied with section 1123(a)(7) of the Bankruptcy Code. The Plan further contemplates that the Creditors Committee, in consultation with the Debtors, shall appoint a Plan Trustee and Plan Oversight Committee to, among other things, prosecute or settle objections to Disputed Claims against each of the Debtors and prosecute or settle Causes of Action for the benefit of Creditors of each of the Debtors. I believe that the manner of selection of the Plan Trustee and Plan Oversight Committee, as set forth in supplemental Plan documents and/or at the Confirmation Hearing, is consistent with the interests of the Debtors' Creditors and Interest holders and with public policy. No other officers, directors or members of the Debtors has been or need be appointed. Accordingly, this section also complies with section 1129(a)(5) of the Bankruptcy Code.

13. The Plan provides for the rejection of executory contracts and unexpired leases of the Debtors that have not been previously assumed or rejected pursuant to section 365 of the Bankruptcy Code and appropriate authorizing orders of this Court. Given the Debtors' liquidation, the rejection of these executory contracts and unexpired leases are within the sound

business judgment of the Debtors and such rejection is in compliance with section 1123(b)(2) of the Bankruptcy Code.

14. The Debtors, as proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(2) of the Bankruptcy Code. In particular, as required by section 1125(b) of the Bankruptcy Code, solicitation of acceptance or rejection of the Plan occurred only after holders of Claims were provided with copies of the Disclosure Statement, Plan, Disclosure Statement Order, appropriate ballots, notices and other related documents. Additionally, notice of the Voting Deadline and Confirmation Hearing was timely published in *The Wall Street Journal* on December 5, 2008. The Debtors, their officers, directors, employees, agents and professionals have acted in good faith in all respects in this process.

15. Consistent with the purpose of chapter 11 of the Bankruptcy Code, the Plan is designed to liquidate the Debtors' Assets in an orderly and equitable manner. The Plan was developed and negotiated with the Creditors Committee, the Debtors' secured creditors and a number of other parties in interest, including the Borrowers Committee, and is being proposed in good faith. The Plan and the process leading to its formulation provide additional, independent evidence of the Debtors' good faith. The Plan was proposed with the legitimate and honest purpose providing the greatest possible distribution to the Debtors' creditors. Further, the Plan has been proposed in compliance with all applicable laws, rules and regulations.

16. As required by section 1129(a)(4) of the Bankruptcy Code, any payment made or promised by the Debtors or by any person acquiring property under the Plan, for services or for costs and expenses in, or in connection with, these chapter 11 cases, or in

connection with the Plan and incident to this case, has been, or will be before payment is remitted, disclosed to this Court.

17. The Debtors have paid United States Trustee fees during the pendency of the cases and will continue to pay such fees through the close of the cases. The Plan specifically permits the Plan Trustee to pay fees under 28 U.S.C. § 1930 in accordance with the applicable schedule for payment of such fees.

18. The Plan does not discriminate unfairly and is fair and equitable with respect to all of the various Classes. Separately classifying these different groups reflects the different contractual and legal rights of these various holders of Claims and Interests against the applicable Debtor entity. With respect to the Non-Accepting Secured Classes (as defined in the Debtors' Memorandum in Support of Confirmation, filed contemporaneously herewith, the "Confirmation Memo")), the Plan provides, among other things, for the realization by such holders of the indubitable equivalent of such claims and, accordingly, satisfies section 1129(b)(2)(A) of the Bankruptcy Code. With respect to the other Non-Accepting Classes (as defined in the Confirmation Memo), no holders of Claims or Interests junior to the Interests in these Classes will receive or retain any property under the Plan on account of their respective Claims or Interests and, as evidenced by the estimates contained in the Disclosure Statement, no holders of Claims or Interests senior to these Classes are receiving more than full payment on account of such senior Claims or Interests. Thus, the Plan satisfies sections 1129(b)(2)(B) and (b)(2)(C) of the Bankruptcy Code.

19. The Debtors, in the Plan Supplement, have disclosed the identity of the Plan Trustee, including the proposed compensation of those entities. By the Confirmation Hearing, the Debtors will have disclosed the members of the Plan Oversight Committee. The

Debtors submit that the employment of the Plan Trustee and the appointment of the Plan Oversight Committee is consistent with the interests of creditors, equity security holders and public policy because it will ensure a swift and efficient administration of the Plan.

20. Because no governmental regulatory commission will have jurisdiction over the rates of the Debtors following the Confirmation Date, the provisions of section 1129(a)(6) of the Bankruptcy Code are not applicable to the Plan.

21. The Debtors have ceased business operations and have substantially completed the process of liquidating their assets through various orders of the Court. The Debtors have considered the effects that a chapter 7 liquidation would have on the ultimate proceeds available for distribution to creditors in these Chapter 11 Cases, including (i) the increased costs, fees and expenses of liquidating in a chapter 7, which would include (A) disposition expense and the compensation of one or more trustees and their counsel or other retained professionals, (B) the fees of a chapter 7 trustee, and (C) certain costs arising from the conversion; (ii) increased costs associated with the nullity of the Intercompany Settlement and Stipulation Asset Allocation; and (iii) the costs associated with the significant delay in payments being made the Creditors. Accordingly, the Debtors have determined that, for each class of Claims of the Debtors which is impaired under the Plan, each holder of a Claim in such class has accepted the Plan or will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtors were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code.

22. I am advised that the treatment of DIP Facility Claims, Administrative Claims and Priority Tax Claims under the Plan is in the manner required by section 1129(a)(9)

of the Bankruptcy Code. The Debtors will have the financial ability to make payments to holders of these claims as and when they become due in accordance with the Plan.

23. As required by section 1129(a)(10) of the Bankruptcy Code, the Plan satisfies the requirement that at least one Class of Claims or Interests that is impaired under the Plan accept the Plan, excluding votes cast by insiders. As provided in the affidavit of a representative of the Balloting Agent certifying the Ballots accepting or rejecting The Amended Chapter 11 Plan of Liquidation of the Debtors Dated November 25, 2008 (the "Voting Certification"), at least one of the Classes of Claims for each of the Debtors that is impaired under the Plan has voted to accept the Plan, which acceptance has been determined without including any acceptance of the Plan by any insider of the Debtors.

24. I have been advised that the Plan is feasible and meets the requirements of section 1129(a)(11) of the Bankruptcy Code. Based on my review of the Debtors' books and records, the Debtors will have Cash in an amount necessary to ensure that the holders of Claims receive the distributions required under the Plan. Additionally, Section 9B(2) of the Plan provides for the creation of a S/A/P Claims Reserve and Unsecured Claims Reserve, which will consist of Cash held in reserve, from and after the Effective Date, from the Plan Trust Assets, for the benefit of the holders of Disputed Claims. Accordingly, confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors, except as contemplated by the Plan.

25. In accordance with section 1129(a)(12) of the Bankruptcy Code, the Plan provides for payment of all fees payable under 28 U.S.C. § 1930 on or before the Effective Date, or when otherwise due and payable. The Debtors have adequate means to pay such fees.

DB02:7746859.1    066585.1001

26. Section 1129(a)(13) of the Bankruptcy Code requires that a plan provide for the continuation of retiree benefits at levels established pursuant to section 1114 of the Bankruptcy Code for the duration of the period that the debtor has obligated itself to provide such benefits. The Debtors do not have any "retiree benefits" programs, as such term is defined in section 1114 of the Bankruptcy Code.

27. Other than the Plan (including previous versions thereof), no plan has been filed in these Chapter 11 Cases.

28. The primary purpose of the Plan is not avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act of 1933. To date, no governmental unit has requested that the Plan not be confirmed on the grounds that the primary purpose of the Plan is the avoidance of taxes or the avoidance of application of Section 5 of the Securities Act of 1933.

29. I believe that the Plan will enable creditors to realize the highest possible recoveries under the circumstances. I therefore believe that confirmation of the Plan is in the best interests of all creditors.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 5, 2009

By: *[signature]* Bret Fernandes
Title: Director of Restructuring of the Debtors