IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| American Home Mortgage Holdings, Inc, a Delaware Corporation, *et al.,* | Case No. 07-11047(CSS) Jointly Administered |
| Debtors. | **Related D.I.: 6826 [filed 1/9/09]** |

**RESPONSE IN OPPOSITION OF JAMES D. RUCKER TO DEBTORS' TWENTY-NINTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

James D. Rucker ("Rucker") by and through its counsel Archer & Greiner, P.C., hereby files this Response In Opposition Of James D. Rucker To Debtors' Twenty-Ninth Omnibus (Substantive) Objection To Claims Pursuant To Section 502(b) Of The Bankruptcy Code, Bankruptcy Rules 3003 And 3007, And Local Rule 3007-1, and in thereof, states the following:

1.      On August 6, 2007 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.      On April 28, 2008, Rucker timely filed a proof of claim docketed by the claims agent on the claims register at Claim No. 10347 evidencing a secured claim of $589,823.22 and an unsecured priority claim of $2,447.330.10 for a total claim of $3,037,153.31.  (the "Claim").

3.      On January 9, 2009, Debtors filed its Twenty-Ninth Omnibus (Substantive) Objection to Claims (the "Objection") and listed Rucker's Claim on Exhibit F - Construction Loan Claims.

4.      Rucker obtained a new construction loan to be funded by the Debtors (the "Rucker Loan") which Debtors discontinued paying in the middle of construction effectively halting construction.

5.      Debtors state in ¶ 15 of the Objection that "…Debtors ceased making disbursements under the construction Loans either because (i) required Construction milestones were not met, (ii) the claimant breached the Construction Loan, or (iii) the Debtors had insufficient funds to continue making disbursements."  The Debtors do not, however, state specifically why they ceased making disbursements under the Rucker Loan.  Rucker asserts that milestones *were* met and the Loan was *not* breached and that notwithstanding Rucker having met his obligations, the Debtors simply ceased funding the loan.  If the Debtors had insufficient funds to continue funding the construction the fact remains that Rucker was damaged through no fault of his own and is entitled to a claim as a result of those damages.

6.      Bankruptcy Rule 3001(f) establishes that a validly executed and filed proof of claim is *prima facie* evidence of the validity and amount of the claim.  Debtors' Objection states that the Loan was, in fact, a construction-related claim, and then recites in boilerplate fashion a number of reasons in the alternative as to why the claim should be denied.  The exact basis for the Debtors' objection the Rucker Claim is not set forth in the objection and the objection is not sufficient to overcome the *prima facie* presumptive validity of the claim.

7.      Debtors fail to assert what documentation they believe is necessary to support the claim.  Rucker attached several hundred pages to his proof of claim in support of it.

-3-

**WHEREFORE,** James D. Rucker respectfully requests that this Court overrule the Claim Objection, with prejudice, and order that Rucker's claim be allowed as filed and grant such other relief as this Court deems just and proper.

Dated: February 10, 2009

Respectfully submitted,
ARCHER & GREINER, P.C.

_/s/Charles J. Brown, III_
Charles J. Brown, III, Esq. (#3368)
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
Phone: 302.777.4350 / Fax:  302.777.4352
cbrown@archerlaw.com

*Attorneys for James D. Rucker*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused true and correct copies of the foregoing document to be served upon all parties requesting notice via CM/ECF and via regular mail upon the following:

Nathan D. Grow, Esq.
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE  19899-0391


Dated:  February 10, 2009                    */s/ Charles J. Brown, III*
                                             Charles J. Brown, III (#3368)


3823247v1