IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| American Home Mortgage Holdings, Inc., | ) | Case No. 07-11047 (CSS) |
| a Delaware corporation, *et al.*, | ) | |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Obj. Deadline: 2/10/09 at 4:00 p.m. |
| | ) | Hearing Date: 2/17/09 at 10:30 a.m. |
| | ) | Related to Docket No. 6825 |

**RESPONSE OF WASHINGTON MUTUAL MORTGAGE SECURITY CORP. TO DEBTORS' TWENTY-EIGHTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Washington Mutual Mortgage Security Corp. ("WMMSC"), by and through its undersigned counsel, hereby responds to the *Debtors' Twenty-Eighth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [Docket No. 6825] ("Objection") filed by the above-captioned debtors ("Debtors"), and in support thereof, respectfully represents as follows:

## Background

1. On August 6, 2007 ("Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Prior to the Petition Date, WMMSC and the Debtors entered into a Memorandum of Sale, which provided for, among other things, the sale of certain residential mortgage loans ("Mortgage Loans") and the servicing rights related to such loans, by the Debtors to WMMSC.

3. With respect to each of the Mortgage Loans sold by the Debtors to WMMSC, the Debtors made certain representations, warranties and covenants to WMMSC, which, if breached, provided WMMSC with certain remedies, including, but not limited to, repurchase by the Debtors of the subject Mortgage Loans.

4. On or about January 11, 2008, WMMSC timely filed proofs of claim against the Debtors in the amount of $3,819,249.48 for amounts due under the Memorandum of Sale related to the Debtors' obligations to repurchase certain Mortgage Loans from WMMSC ("Original Proofs of Claim"). A copy of one of the Original Proofs of Claim is attached hereto as Exhibit A.

5. On or about November 25, 2008, WMMSC amended the Original Proofs of Claim to reflect additional Mortgage Loans that the Debtors were obligated to repurchase from WMMSC pursuant to the Memorandum of Sale ("Amended Proofs of Claim"). A copy of one of the Amended Proofs of Claim is attached hereto as Exhibit B. Pursuant to the Amended Proofs of Claim, WMMSC is currently owed a total of approximately $7,010,479.15 by the Debtors.

6. On January 9, 2009, the Debtors filed the Objection. The Objection alleges that certain claims are no longer valid because they have been amended and superseded by subsequently-filed proofs of claim. The Objection seeks to disallow WMMSC's Original Proofs of Claim, while permitting WMMSC's Amended Proofs of Claim to survive. *See* Objection, Exhibit A.

## WMMSC's Response to the Objection

7. WMMSC hereby responds to the Objection, and objects to the amounts listed in the Objection for WMMSC's Amended Proofs of Claim. In the Objection, the

Debtors list the amount of WMMSC's EPD/Breach Claims as the same amount of the Original Proofs Claim, which is $3,819,269.48. However, as set forth in the Amended Proofs of Claim, WMMSC believes that its EPD/Breach Claims total $7,010,479.15. WMMSC does not want the Debtors, nor anyone else, to think that WMMSC agrees that its EPD/Breach Claims total anything other than $7,010,479.15. Accordingly, the amounts listed in Exhibit A for WMMSC's EPD/Breach Claims should be changed from $3,819,269.48 to $7,010,479.15.

8.  Secondly, WMMSC does not object to the Debtors disallowing the Original Proofs of Claim, as long as the Amended Proofs of Claim survive and the Debtors waive the estates' right to later object to the Amended Proofs of Claim on the grounds of timeliness. For obvious reasons, WMMSC cannot permit the timely filed Original Proofs of Claim to be expunged, and then face an objection from the Debtors or other party, such as a plan administrator, in which they ask that the Amended Proofs of Claim be disallowed because they were not filed before the bar date that was set in this case.

WHEREFORE, for all of the foregoing reasons, WMMSC respectfully requests that this Court enter an order that (a) modifies Exhibit A to the Objection so that it reflects that WMMSC's EPD/Breach Claims total $7,010,479.15, (b) disallows the Original Proofs of Claim, but states that the Debtors (and any subsequent parties standing in the Debtors' estates' shoes) may not object to the Amended Proofs of Claim on the grounds of timeliness, and (c) grants such other and further relief as is just and proper.

Dated: February 10, 2009         CONNOLLY BOVE LODGE & HUTZ LLP

*/s/ Karen C. Bifferato*
_____
Karen C. Bifferato (No. 3279)
N. Christopher Griffiths (No. 5180)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for Washington Mutual Mortgage Security Corp.*

#661894