# EXHIBIT B

Form B10 (Official Form 10)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | Chapter 11 AMENDED PROOF OF CLAIM |
|---|---|

Name of Debtor Against Which You Assert Your Claim:

Debtor Name: __American Home Mortgage Holdings, Inc.__   Case No: __07-11047 (CSS)__

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A Request for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

**A.** Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

Washington Mutual Mortgage Securities Corp.
c/o Mr. Michael D. Coyne
Washington Mutual Bank
623 Fifth Avenue, 17th Floor
New York, New York 10022

212-317-6372
Telephone No. of Creditor

Fax No. of Creditor

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

**B.** Name and Address of signatory or other person to whom notices must be served, if different from above. (Check box if:) ☐ replaces above ☒ additional address
Name:   David H. Zielke, Esquire

Company/Firm: __Washington Mutual__

Address:  __1301 Second Avenue, WMC 3501, Seattle, WA 98010__

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.

☐ Check box if you have never received any notices in this case.

Check here if this claim
☐ replaces  ☒ amends   a previously filed claim, dated: __1·11·08__

Account or Other Number by Which Creditor Identifies Debtor: **See Attached Exhibits.**

| **1.** Basis for Claim | | |
|---|---|---|
| ☐ Goods sold to debtor(s) | ☐ Taxes | ☐ Retiree benefits as defined in 11 U.S.C. § 1114 (a) |
| ☐ Services performed for debtor(s) | ☐ Severance agreement | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Goods purchased from debtor(s) | ☐ Refund | Last four digits of SSN: |
| ☐ Money loaned | ☐ Real property lease | Unpaid compensation for services performed from |
| ☐ Personal injury/property damage | ☐ Personal property lease | _____ to _____ |
| ☐ Other: | ☒ Other contract: See Attached Exhibits | (date)          (date) |

**2.** Date debt was incurred:  **See Attached Exhibits.**   |  **3.** If claim is based on a Court Judgment, date obtained:

**4.** Total Amount of Claim at Time Case Filed:

$ 3,819,269.48**          $          $          $ 3,819,269.48**
(unsecured)         (secured)        (priority)         (Total)
*** Plus accrued interest, attorneys' fees, costs and other applicable charges.*

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5.** Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other:_____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6.** Unsecured Nonpriority Claim.
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7.** Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,950), *earned within 90 days before filing of the bankruptcy petition or cessation of debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (7).
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
* Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8.** Credits: The amount of all pay[...]
**9.** Supporting Documents: Atta[...] statements of running accounts, c[...] DO NOT SEND ORIGINAL DO[...] attach a summary. See Attach[...]
**10.** Date-Stamped Copy: To rec[...] this proof of claim.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)        0000010581

[barcode]

f making this proof of claim. se orders, invoices, itemized nce of perfection of lien. ments are voluminous,

, self-addressed stamped envelope and copy

This Space Is For Court Use Only

**FILED / RECEIVED**

NOV 25 2008

EPIC BANKRUPTCY SOLUTIONS, LLC

Date
**11.24.08**

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:

Print: Christina M. Thompson, Esq.  Title: Attorney for Washington Mutual Mortgage Securities Corp.

Signature: [signature]

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.    #646935

**EXHIBIT A TO AMENDED PROOF OF CLAIM OF**
**WASHINGTON MUTUAL MORTGAGE SECURITIES CORP.**
**IN RE AMERICAN HOME MORTGAGE HOLDINGS, INC., CASE NO. 07-11047 (CSS)**

1.      Washington Mutual Mortgage Securities Corp. ("WMMSC") and American Home Mortgage ("Debtor")[1] are parties to Memorandum of Sale ("MOS"), which provides for, among other things, the sale of certain residential mortgage loans ("Mortgage Loans") and the servicing rights related to such loans by the Debtor to WMMSC.

2.      On August 6, 2007 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").  On October 30, 2007, the Court entered an order that established January 11, 2008 ("Bar Date"), as the general claims bar date in the above-captioned bankruptcy case.

3.      WMMSC timely filed its proof of claim against Debtor in this matter on January 11, 2008 ("Original Proof of Claim"), a copy of which is attached to this proof of claim as Exhibit B.  WMMSC hereby incorporates its Original Proof of Claim against the Debtor by reference as if set forth in full herein.  WMMSC hereby amends and restates its Original Proof of Claim as set forth below.

4.      With respect to each of the Mortgage Loans sold by the Debtor to WMMSC, the Debtor made certain representations, warranties and covenants to WMMSC which, if breached, provided WMMSC with certain remedies including, but not limited to, repurchase by the Debtor of the subject Mortgage Loans.  See, e.g., MOS and related Washington Mutual Mortgage Securities Corp. Seller Guide at section 602.01(A) "Early Payment Default," section 601.02(A)(1) "Valid First Lien," and section 601.02(C)(7) "Underwriting."[2]

5.      In addition to the amounts set forth in the Original Proof of Claim, WMMSC is owed $3,191,209.67 by the Debtor with respect to additionally mortgage loans that the Debtor is obligated to repurchase from WMMSC.  Attached to this proof of claim as Exhibit C is (a) a spreadsheet that details the amount of $3,191,209.67 and (b) to the extent currently available to WMMSC, copies of the repurchase demand letters that were issued by WMMSC to the Debtor prior to the Petition Date

6.      WMMSC hereby asserts an unsecured, non-priority claim against the Debtor for amounts due under the various Purchase Agreements in the amount of **$7,010,479.15**, plus additional accrued interest, attorneys' fees, costs and other applicable charges ("Amended Claim").

7.      WMMSC expressly reserves all rights and remedies that it has or may have against the Debtor or any other person or persons liable for all or part of the indebtedness claimed herein.  This proof of claim is filed to protect WMMSC from forfeiture of its Amended Claim. The filing of this proof of claim is not: (a) a waiver or release of WMMSC's rights or remedies against any person, entity or property; (b) an election of a remedy; or (c) a waiver of the right to

---

[1] The MOS identifies the counterparty to the agreement only as "American Home Mortgage". Accordingly, out of an abundance of caution, WMMSC is asserting a claim against each of the debtor entities in this case.
[2] A copy of the MOS and the Washington Mutual Mortgage Securities Corp. Seller Guide is available upon request.

#646918

assert a different or enhanced classification or priority in respect of the Amended Claim asserted herein.

8.    WMMSC expressly reserves its right to amend or supplement this proof of claim and to file additional proofs of claim for additional claims if necessary, including, but not limited to administrative priority claims.

9.    WMMSC expressly reserves any and all rights it has against the Debtor under the MOS, including, but not limited to, the Amended Claim.

#646918

**EXHIBIT B TO PROOF OF CLAIM OF**
**WASHINGTON MUTUAL MORTGAGE SECURITIES CORP.**
**IN RE AMERICAN HOME MORTGAGE HOLDINGS, INC., CASE NO. 07-11047 (CSS)**

#646918

Form B10 (Official Form 10)

| UNITED STATES BANKRUPTCY COURT | Chapter 11 |
| DISTRICT OF DELAWARE | **PROOF OF CLAIM** |

**Name of Debtor Against Which You Assert Your Claim:**

Debtor Name:  American Home Mortgage Holdings, Inc.          Case No:  **07-11047 (CSS)**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| **A. Name and Address of Creditor** (The person or other entity to whom the debtor owes money or property):<br><br>Washington Mutual Mortgage Securities Corp.<br>c/o Mr. Michael D. Coyne<br>Washington Mutual Bank<br>623 Fifth Avenue, 17th Floor<br>New York, New York 10022 | **212-317-6372**<br>Telephone No. of Creditor<br><br>Fax No. of Creditor<br><br>(If your address has changed or is incorrect as it appears in Item A, please provide corrections) |

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.

☐ Check box if you have never received any notices in this case.

*If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claim against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile this claim.*

**B. Name and Address of signatory or other person to whom notices must be served, if different from above. (Check box if):** ☐ replaces above ☒ additional address

Name:        David H. Zielke, Esquire

Company/Firm:  Washington Mutual

Address:     1301 Second Avenue, WMC 3501, Seattle, WA 98101

Account or Other Number by Which Creditor Identifies Debtor:  **See Attached Exhibits.**

Check here if this claim ☐ replaces ☐ amends     a previously filed claim, dated:_____

| 1.  Basis for Claim | | |
|---|---|---|
| ☐ Goods sold to debtor(s) | ☐ Taxes | ☐ Retiree benefits as defined in 11 U.S.C. § 1114 (a) |
| ☐ Services performed for debtor(s) | ☐ Severance agreement | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Goods purchased from debtor(s) | ☐ Refund | Last four digits of SSN:_____ |
| ☐ Money loaned | ☐ Real property lease | Unpaid compensation for services performed from |
| ☐ Personal injury/property damage | ☐ Personal property lease | _____ to _____ |
| ☐ Other: | ☒ Other contract: See Attached Exhibits | (date)          (date) |

**2.  Date debt was incurred:  See Attached Exhibits.**

**3.  If claim is based on a Court Judgment, date obtained:**

**4.  Total Amount of Claim at Time Case Filed:**

| | | | |
|---|---|---|---|
| $ 3,819,269.48** | $ | $ | $ 3,819,269.48 ** |
| (unsecured) | (secured) | (priority) | (Total) |

** Plus accrued interest, attorneys' fees, costs and other applicable charges.

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if your claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5.  Secured Claim.**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other:_____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6.  Unsecured Nonpriority Claim:**

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7.  Unsecured Priority Claim**

☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____

Specify the priority of the claim:

☐ Wages, salaries, or commissions (up to $10,950), *earned within 90 days before filing of the bankruptcy petition or cessation of debtor's business, whichever is earlier -- 11 U.S.C. § 507 (a) (3).

☐ Contributions to an employee benefit plan -- 11 U.S.C. § 507 (a) (5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -- 11 U.S.C. § 507 (a) (7).

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Taxes or penalties owed to governmental units -- 11 U.S.C. § 507 (a) (8).

☐ Other -- Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **See Attached Exhibits.**

**10. Date-Stamped Copy:** To receive acknowledgement of the filing of your claim, enclose a stamped, self-addressed stamped envelope and copy of this proof of claim.

This Space Is For Court Use Only

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice: |
|---|---|
| **1/10/08** | Print: Christina M. Thompson, Esq.    Title: *Attorney for Washington Mutual Mortgage Securities Corp.*<br><br>Signature: _____ |

FILED / RECEIVED

JAN 11 2008

EPIC BANKRUPTCY SOLUTIONS, LLC

#585701

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**EXHIBIT A TO PROOF OF CLAIM OF**
**WASHINGTON MUTUAL MORTGAGE SECURITIES CORP.**
**IN RE AMERICAN HOME MORTGAGE HOLDINGS, INC., CASE NO. 07-11047 (CSS)**

1.    Washington Mutual Mortgage Securities Corp. ("WMMSC") and American Home Mortgage ("Debtor")[1] are parties to Memorandum of Sale ("MOS"), which provides for, among other things, the sale of certain residential mortgage loans ("Mortgage Loans") and the servicing rights related to such loans by the Debtor to WMMSC.

2.    On August 6, 2007 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). On October 30, 2007, the Court entered an order that establishes January 11, 2008 ("Bar Date"), as the general claims bar date in the above-captioned bankruptcy case.

3.    With respect to each of the Mortgage Loans sold by the Debtor to WMMSC, the Debtor made certain representations, warranties and covenants to WMMSC which, if breached, provided WMMSC with certain remedies including, but not limited to, repurchase by the Debtor of the subject Mortgage Loans. *See, e.g.,* MOS and related Washington Mutual Mortgage Securities Corp. Seller Guide at section 602.01(A) "Early Payment Default," section 601.02(A)(1) "Valid First Lien," and section 601.02(C)(7) "Underwriting."[2]

4.    As of the Petition Date, WMMSC is owed $3,819,269.48 by the Debtor with respect to mortgage loans that the Debtor is obligated to repurchase from WMMSC. Attached to this proof of claim as **Exhibit B** is (a) a spreadsheet that details the amount of $3,819,269.48 and (b) to the extent currently available to WMMSC, copies of the repurchase demand letters that were issued by WMMSC to the Debtor prior to the Petition Date.

5.    WMMSC hereby asserts an unsecured, non-priority claim against the Debtor for amounts due under the various Purchase Agreements in the amount of **$3,819,269.48**, plus additional accrued interest, attorneys' fees, costs and other applicable charges ("Claim").

6.    WMMSC expressly reserves all rights and remedies that it has or may have against the Debtor or any other person or persons liable for all or part of the indebtedness claimed herein. This proof of claim is filed to protect WMMSC from forfeiture of its Claim. The filing of this proof of claim is not: (a) a waiver or release of WMMSC's rights or remedies against any person, entity or property; (b) an election of a remedy; or (c) a waiver of the right to assert a different or enhanced classification or priority in respect of the Claim asserted herein.

7.    WMMSC expressly reserves its right to amend or supplement this proof of claim and to file additional proofs of claim for additional claims if necessary, including, but not limited to administrative priority claims.

8.    WMMSC expressly reserves any and all rights it has against the Debtor under the MOS, including, but not limited to, the Claim.

---

[1] The MOS identifies the counterparty to the agreement only as "American Home Mortgage". Accordingly, out of an abundance of caution, WMMSC is asserting a claim against each of the debtor entities in this case.

[2] A copy of the MOS and the Washington Mutual Mortgage Securities Corp. Seller Guide is available upon request.

585692-1

**EXHIBIT B TO PROOF OF CLAIM OF**
**WASHINGTON MUTUAL MORTGAGE SECURITIES CORP.**
**IN RE AMERICAN HOME MORTGAGE HOLDINGS, INC., CASE NO. 07-11047 (CSS)**

585692-1

July 30, 2007

## REPURCHASES

WIRING INSTRUCTIONS:
The JPMorgan Chase Bank –New York, NY
Account # 304-652601, ABA # 021000021
Credit: Washington Mutual Mortgage Securities Corp.
Remark: Repurchase, Servicer 1, Cycle 08/07

The JPMorgan Chase Bank – New York, NY
Account # 304-652601, ABA # 021000021
Credit: Washington Mutual Mortgage Securities Corp.
Remark: Repurchase, Servicer 1, Cycle 08/07, Shirley

| Demand Sent | Seller Loan Number | WSMSC Loan Number | WAMU Loan Number | Borrower Name | Purchase Date | Purchased Balance | Scheduled Principal Balance after August Payment | Actual Due Date | Number of Months Delinquent | Interest Rate | P&I Payment Amount | 30 Days of Interest | P&I Advances | Escrow Advances | Corporate Advances | Purchase Price Percentage | Premium Amount | Total Proceeds Due from Seller |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/12/07 | 1283737 | 601859987 | 5002950283 | Cutler | 08/24/06 | $ 231,819.03 | $ 229,560.03 | 10/01/06 | 11 | 7.2500% | 1,583.85 | $ 1,386.85 | $ 17,409.15 | $ 4,309.53 | $ 6,272.09 | 100.00% | $ 7,210.95 | $ 266,061.66 |
| 9/12/07 | 1315573 | 601592283 | 5002395684 | Clemenson | 06/01/06 | $ 290,903.10 | $ 299,373.71 | 09/01/06 | 12 | 7.7500% | 2,234.55 | $ 2,013.97 | $ 26,419.54 | $ 5,796.45 | 5,795.44 | 100.00% | 3,857.85 | 337,016.93 |
| 9/12/07 | 1322940 | 601807499 | 5003788144 | Jacobs | 06/01/06 | $ 133,003.56 | $ 132,708.41 | 11/01/06 | 10 | 7.8750% | 2,630.55 | $ 792.47 | $ 8,475.56 | $ 1,318.71 | 1,659.74 | 100.00% | 1,667.74 | 136,921.55 |
| 9/12/07 | 1331586 | 601872384 | 5003799194 | Bradley | 06/01/06 | $ 400,000.00 | $ 400,000.00 | 11/01/06 | 10 | 7.8750% | 996.67 | 2,630.53 | $ 26,305.26 | 10,075.57 | 2,140.33 | 100.00% | 3,789.35 | 448,331.89 |
| 9/12/07 | 1529833 | 601829159 | 5003763973 | Jameson | 04/01/06 | $ 159,350.00 | $ 159,350.00 | 10/01/06 | 11 | 7.6250% | 1,189.00 | 996.65 | $ 10,013.75 | 3,166.15 | 1,113.00 | 0.000% | 2,795.51 | 166,276.63 |
| 9/12/07 | 1119271 | 601172197 | 5003598451 | Tooris | 04/01/06 | $ 167,258.01 | $ 166,639.45 | 04/01/06 | 13 | 7.6250% | 2,288.56 | 1,189.00 | $ 15,456.92 | 2,954.14 | 1,195.00 | 0.6500% | 3,223.55 | 1,295,116.64 |
| 9/22/07 | 461315 | 601360574 | 5002700710 | Rolevald | 02/17/07 | $ 463,363.58 | $ 476,387.05 | 09/01/06 | 12 | 5.7500% | 7,250.01 | 2,533.54 | $ 31,716.62 | 11,716.62 | 2,550.54 | 2.3540% | 26,358.65 | 355,543.26 |
| 9/22/07 | 1200775 | 601778924 | 5003909854 | Bredava | 02/17/07 | $ 1,120,000.00 | $ 1,120,000.00 | 09/01/06 | 12 | 7.2750% | 1,897.02 | 7,250.01 | $ 86,300.04 | 44,003.74 | 2.1010% | | 6,691.31 | |
| 9/14/07 | 1227072 | 601760574 | 5003932802 | D'Andrea | 05/18/06 | $ 328,000.00 | $ 326,000.00 | 10/01/06 | 11 | 7.3750% | 626.14 | 2,155.00 | $ 13,079.95 | 5,316.59 | 2.1010% | | 1,934.21 | 94,227.80 |
| 9/14/07 | 1243565 | 601163208 | 5003653013 | Hardony | 05/22/06 | $ 92,094.73 | $ 90,705.74 | 08/01/07 | 1 | 7.3750% | | 559.24 | $ 533.10 | | | | | |
| | | | | | | | | | | | | | | | | | $ | 3,818,263.48 |

Washington Mutual Mortgage Securities Corp.

Shirley Player
Condit Repurchases
843-873-3475
shirley.player@wamu.net

Washington Mutual Mortgage Securities Corp
2210 Enterprise Drive
Florence SC 29501
(843) 413-5442 phone
(843) 673-3273 fax
david.joye@wamu.net

# Washington Mutual Mortgage Securities Corp.

April 17, 2007

American Home Mortgage
538 Broadhollow Road, 4th Floor West
Melville, NY 11747
Attn: Jacqueline Kane

RE:   Borrower Name: Horbowy, Benjamin
     Property Address: 2062 Victory Garden Ln, Tallahasee FL 32301
     Seller Loan Number: 1241585
     Servicer Loan Number: 5303630015
     WMMSC Number: 601793306

Dear Jackie:

Our records indicate that Washington Mutual Mortgage Securities Corp. ("WMMSC"), purchased from American Home Mortgage ("Seller") the first lien residential mortgage loan described above (the "Mortgage Loan") pursuant to that certain Purchase Agreement (the "Purchase Agreement"), dated as of May 23, 2006, which incorporates by reference the Washington Mutual Purchase Programs Seller Guide (the "Selling Guide").

WMMSC has determined that the following facts exist regarding the Mortgage Loan which constitutes a breach of the representations, warranties and covenants of the flow agreement, including, but not limited to Section 3.1c Valid First Lien and Section 602.01, Early Payment Default of the Selling Guide. Pursuant to Section 3.3 of the May 1, 2001 Flow Agreement, you are required to either cure the above-described breach or repurchase the Mortgage Loan within **30 days** from the date of this letter. Failure to cure the breach identified or remit sufficient repurchase funds within the specified time frame will result in the Mortgage Loan being referred to our Legal Department.

**Section 3.1c Valid Lien Issue:**

Per Washington Mutual's servicing notes and the foreclosure attorney, WMMSC is not in first lien position. I have attached a title claim letter indicating that there is a lien which take priority over this lien.

**Section 602.01 Early Payment Default:**

This section states that if any of the first 3 monthly payments due to WMMSC becomes 30 days delinquent, American Home must, upon receipt of the demand, repurchase such loan. The Second and Third installments due after purchase were delinquent.

If you have information that will cure the above issues, forward it to us within the next 10 days. If there is no additional information or documentation to address the issues stated herein, your firm is directed to repurchase this as a result of this breach.

**ECHEVARRIA, CODILIS & STAWIARSKI**
ATTORNEYS AT LAW
9119 CORPORATE LAKE DRIVE
3RD FLOOR
TAMPA, FLORIDA 33634

Please reply to:
Post Office Box 25018
Tampa, FL 33622-5018

Telephone (813) 251-4766
Telefax (813) 251-1541

March 12, 2007

First American Title Insurance Company
ATTN: Stephanie Grimes
2211 Lee Road, Ste 211
Winter Park, FL 32789

Re:  Commitment No.:   2/13 NT for docs
     Our File No.:     F07002755
     Insured:          WASHINGTON MUTUAL BANK, f/k/a WASHINGTON MUTUAL
                       BANK, FA
     Property Address: 2062 VICTORY GARDEN LANE, TALLAHASSEE, FL 32301

Dear Sir/Madam:

This will serve as formal notice of a claim under the lender s policy issued by the above-referenced agent and as a request that you undertake the requisite curative action.

Our title review has revealed a prior, unsatisfied mortgage, dated 062496, in favor of First South Bank in the amount of $55,061.00, and recorded 06/27/96, in Official Records Book 1918, Page 122, as assigned to Principal Residential Mortgage in Official Records Book 1949, Page 1461, of the Public Records of Leon County, Florida.

The undersigned firm has been retained to foreclose the insured mortgage, and the foreclosure action was recently filed.  It was during the initial title examination that we discovered the above-referenced problem.

The mortgage that is the subject of the foreclosure action is guaranteed and the firm has committed to completing the foreclosure without delay.  Upon conclusion of the proceeding, the insured or its assignee will be required to pass clear and marketable title without exception for the defect referenced above.  If unable to deliver clear and marketable title, the insured or its assignee may suffer damages including but not limited to a curtailment of interest payable on its insurance claim.  In the event of such a loss, a supplemental claim will be filed against the subject lender s policy for reimbursement of any and all damages incurred.

Please assign the matter to one of your claim s attorneys and contact me within ten (10) days to advise of the corrective action you intend to initiate.  **Please be so kind as to reference our file number on any correspondence forwarded to this office.**

Copies of all relevant documents (except the policy) have been included for your ease of reference.  Please contact the undersigned at (813) 342-2200 x3026 should you have any questions or concerns.

Sincerely,

Tim Hutton
Title Claims Specialist

This law firm may be deemed a "debt collector" under the Fair Debt Collection Practices Act.  Any and all information obtained during the prosecution of this lawsuit may be used for the purpose of collecting a debt.



04/03/2006 14:28 FAX  8508932350          SMITH THOMPSON                    @005/012

FATIC-213X ALTA Commitment (1882)

# First American Title Insurance Company

Issuing Office File No. 20061089CRD

### COMMITMENT
### SCHEDULE A

1.  Commitment Date: February 26, 2006 05:00 PM

2.  Policy or Policies to be Issued:

    (a)  Owner's Policy (Identify policy type below)          Policy Amount: $  132,000.00
         Proposed Insured:
         BENJAMIN A. HORBOWY, a single man

    (b)  Loan Policy (Identify policy type below)             Policy Amount: $  92,400.00
         Proposed Insured:
         AMERICAN BROKERS CONDUIT, its  successors
         and/or assigns as their interests may appear

    (c)  Other (Identify policy type below)                   Policy Amount: $
         Proposed Insured:

3.  A  Fee Simple  interest in the land described in this Commitment is owned at the Commitment
    Dated, by:

    ROBERT HORNE  and VICKIE HORNE, F/K/A VICKIE LOWE, HUSBAND AND WIFE

4.  The land referred to in this Commitment is described as follows:

    SEE EXHIBIT "A" ATTACHED HERETO BY REFERENCE MADE A PART HEREOF.

Issue Date:  April 3, 2006                        Smith, Thompson, Shaw & Manausa, P.A.
                                                     (Insert above line name of Agent)

                                            By:  _Susan S. Thompson_
                                                      Authorized Signatory
                                                  Susan S. Thompson

THIS COMMITMENT IS FURNISHED BY FIRST AMERICAN TITLE INSURANCE COMPANY OR ITS POLICY ISSUING AGENT
SOLELY FOR THE ISSUANCE OF A POLICY OR POLICIES OF TITLE INSURANCE OF FIRST AMERICAN TITLE INSURANCE
COMPANY. THIS COMMITMENT IS NOT AN ABSTRACT OR AN OPINION OF TITLE. LIABILITY UNDER THIS COMMITMENT IS
DEFINED BY AND LIMITED TO THE TERMS AND CONDITIONS OF THIS COMMITMENT AND THE TITLE INSURANCE POLICY
TO BE ISSUED. PERSONS AND ENTITIES NOT LISTED ABOVE AS PROPOSED INSURED ARE NOT ENTITLED TO RELY UPON
THIS COMMITMENT FOR ANY PURPOSE.

## EXHIBIT "A"

THE WESTERLY PART OF LOT 4, PARK BROOK CROSSING, PHASE 7, UNRECORDED, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCE AT THE SOUTHWEST CORNER OF SECTION 33, TOWNSHIP 1 NORTH, RANGE 1 EAST, LEON COUNTY, FLORIDA AND RUN THENCE ALONG THE SECTION LINE ALONG A BEARING OF NORTH 00 DEGREES 02 MINUTES 22 SECONDS WEST 1330.46 FEET TO A CONCRETE MONUMENT, THENCE NORTH 00 DEGREES 18 MINUTES 58 SECONDS. EAST 1402.10 FEET TO A CONCRETE MONUMENT, THENCE NORTH 00 DEGREES 29 MINUTES 02 SECONDS EAST 130.09 FEET TO A CONCRETE MONUMENT, THENCE NORTH 00 DEGREES 27 MINUTES 40 SECONDS EAST 60.89 FEET TO A CONCRETE MONUMENT, THENCE NORTH 00 DEGREES 27 MINUTES 40 SECONDS EAST A DISTANCE OF 409.73 FEET TO A POINT ON THE SOUTHERLY RIGHT-OF-WAY BOUNDARY OF THE SEABOARD COASTLINE RAILROAD, SAID POINT BEING ON A CURVE TO THE LEFT, THENCE RUN NORTHEASTERLY ALONG SAID RIGHT-OF-WAY CURVE HAVING A RADIUS OF 1916.00 FEET THROUGH A CENTRAL ANGLE OF 06 DEGREES 35 MINUTES 27 SECONDS, FOR AN ARC DISTANCE OF 220.41 FEET (CHORD BEARS NORTH 87 DEGREES 04 MINUTES 48 SECONDS EAST 220.28 FEET) TO THE POINT OF BEGINNING. FROM SAID POINT OF BEGINNING CONTINUE ALONG SAID CURVE HAVING A RADIUS OF 1916.00 FEET, THROUGH A CENTRAL ANGLE OF 01 DEGREES 05 MINUTES 12 SECONDS, FOR AN ARC DISTANCE OF 36.34 FEET (CHORD BEARS NORTH 83 DEGREES 14 MINUTES 23 SECONDS EAST 36.34 FEET), THENCE SOUTH 06 DEGREES 26 MINUTES 09 SECONDS EAST ALONG A COMMON PARTY WALL AND A PROJECTION THEREOF 205.02 FEET TO THE CENTERLINE OF A 40.00 FOOT WIDE ROADWAY AND UTILITY EASEMENT, SAID POINT LYING ON A CURVE CONCAVE TO THE NORTHWESTERLY, THENCE RUN SOUTHWESTERLY ALONG SAID CENTERLINE CURVE HAVING A RADIUS OF 2121.00 FEET, THOUGH A CENTRAL ANGLE OF 01 DEGREES 00 MINUTES 11 SECONDS, FOR AN ARC DISTANCE OF 37.13 FEET (CHORD BEARS SOUTH 83 DEGREES 16 MINUTES 54 SECONDS WEST 37.13 FEET ), THENCE NORTH 06 DEGREES 12 MINUTES 55 SECONDS WEST 205.00 FEET TO THE POINT OF BEGINNING.

# First American Title Insurance Company

Issuing Office File No. 20061089CRD

### SCHEDULE B - SECTION I
### REQUIREMENTS

The following requirements must be met:

1. Pay and/or disburse the agreed amounts for the interest in the land to be insured and/or according to the mortgage to be insured.

2. Pay us the premiums, fees and charges for the policy.

3. Pay all taxes and/or assessments, levied and assessed against the land, which are due and payable.

4. The following documents, satisfactory to us, creating the interest in the land and/or the mortgage to be insured, must be signed, delivered and recorded.

   a. Warranty Deed from ROBERT HORNE  and VICKIE HORNE F/K/A VICKIE LOWE, HUSBAND AND WIFE, to BENJAMIN A. HORBOWY, conveying the land described in Schedule A.

   b. Mortgage from BENJAMIN A. HORBOWY, a single man, stating non-homestead clause if applicable to AMERICAN BROKERS CONDUIT, securing an indebtedness of $92,400.00 and encumbering the land.

   c. Release or Satisfaction of Mortgage from ROBERT HORNE AND VICKIE HORNE, HUSBAND AND WIFE to AMERICA'S WHOLESALE LENDER AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. recorded in Official Records Book 3043, Page 301 of the Public records of Leon County, Florida, as to the land and delivery of the canceled original Note and Mortgage(s).

FATIC-213X
ALTA Commitment(1982)

04/03/2008 14:30 FAX  8508932350        SMITH THOMPSON                     @007/012

# First American Title Insurance Company

Issuing Office File No. 20061089CRD

## SCHEDULE B - SECTION II
## EXCEPTIONS

Any policy we issue will have the following exceptions, unless they are taken care of to our satisfaction.

1.  Any rights, interests or claims of parties in possession of the land not shown by the public records.
2.  Any rights, interests or claims affecting the land which a correct survey would disclose and which are not shown by the public records.
3.  Any lien for services, labor or materials in connection with improvements, repairs or renovations provided before, on, or after Date of Policy, not shown by the public records.
4.  Any dispute as to the boundaries caused by a change in the location of any water body within or adjacent to the land prior to Date of Policy, and any adverse claim to all or part of the land that is, at Date of Policy, or was previously, under water.
5.  Taxes or special assessments not shown as liens in the public records or in the records of the local tax collecting authority, as Date of Policy.
6.  Any minerals or mineral rights leased, granted or retained by current or prior owners.
7.  Taxes and assessments for the year 2006 and subsequent years (which are not yet due and payable)
    PARCEL NUMBER: 11-33-08-007-0040
    GROSS Amount of Taxes: $1805.61
    Note: Taxes for the year 2005 were paid in the original amount of $1733.39; Tax I.D. #11-33-08-007-0040; Assessed Value $83,687.00.
8.  Restrictions, easements, reservations, covenants and conditions pursuant to that certain instrument(s) recorded in Official Records Book 1231, Page 1952, of the Public Records of Leon County, Florida.
9.  Easement recorded in Official Records Book 1153, at Page 957; AND IN OFFICIAL RECORDS BOOK 1158, PAGE 1139; AND IN OFFICIAL RECORDS BOOK 1211, PAGE 84, of the Public Records of Leon County, Florida.

New House Title, L.L.C.
Title Summary Report

Date of Report:        January 31, 2007

Title Company:        New House Title, L.L.C.

E&A File number:      F07002755

Client Loan Number: 5303630015

Date Title Work Ordered: 1/30/2007

Current Mortgagor:    BENJAMIN A. HORBOWY

Original Mortgagor:   BENJAMIN A. HORBOWY

Property address:     2062 VICTORY GARDEN LANE
                      TALLAHASSEE, FL  32301

Legal Description:    THE WESTERLY PART OF LOT 4, PARK BROOK CROSSING, PHASE 7,
                      UNRECORDED, BEING MORE PARTICULARLY DESCRIBED AS
                      FOLLOWS:

COMMENCE AT THE SOUTHWEST CORNER OF SECTION 33, TOWNSHIP 1 NORTH, RANGE
1 EAST, LEON COUNTY, FLORIDA AND RUN THENCE ALONG THE
SECTION LINE ALONG A BEARING OF NORTH 00 DEGREES 02
MINUTES 22 SECONDS WEST 1330.46 FEET TO A CONCRETE
MONUMENT, THENCE NORTH 00 DEGREES 18 MINUTES 58 SECONDS
EAST 1402.10 FEET TO A CONCRETE MONUMENT, THENCE NORTH 00
DEGREES 29 MINUTES 02 SECONDS EAST 130.09 FEET TO A
CONCRETE MONUMENT, THENCE NORTH 00 DEGREES 27 MINUTES
40 SECONDS EAST 60.89 FEET TO A CONCRETE MONUMENT, THENCE
NORTH 00 DEGREES 27 MINUTES 40 SECONDS EAST A DISTANCE OF
409.73 FEET TO A POINT ON THE SOUTHERLY RIGHT-OF-WAY
BOUNDARY OF THE SEABOARD COASTLINE RAILROAD, SAID POINT
BEING ON A CURVE TO THE LEFT, THENCE RUN NORTHEASTERLY
ALONG SAID RIGHT-OF-WAY CURVE HAVING A RADIUS OF 1916.00
FEET THROUGH A CENTRAL ANGLE OF 06 DEGREES 35 MINUTES 27
SECONDS, FOR AN ARC DISTANCE OF 220.41 FEET (CHORD BEARS
NORTH 87 DEGREES 04 MINUTES 48 SECONDS EAST 220.28 FEET) TO
THE POINT OF BEGINNING. FROM SAID POINT OF BEGINNING
CONTINUE ALONG SAID CURVE HAVING A RADIUS OF 1916.00 FEET,
THROUGH A CENTRAL ANGLE OF 01 DEGREES 05 MINUTES 12
SECONDS, FOR AN ARC DISTANCE OF 36.34 FEET (CHORD BEARS
NORTH 83 DEGREES 14 MINUTES 23 SECONDS EAST 36.34 FEET),
THENCE SOUTH 06 DEGREES 26 MINUTES 09 SECONDS EAST ALONG
A COMMON PARTY WALL AND A PROJECTION THEREOF 205.02 FEET
TO THE CENTERLINE OF A 40.00 FOOT WIDE ROADWAY AND
UTILITY EASEMENT, SAID POINT LYING ON A CURVE CONCAVE TO
THE NORTHWESTERLY, THENCE RUN SOUTHWESTERLY ALONG
SAID CENTERLINE CURVE HAVING A RADIUS OF 2121.00 FEET,
THROUGH A CENTRAL ANGLE OF 01 DEGREES 00 MINUTES 11

SECONDS, FOR AN ARC DISTANCE OF 37.13 FEET (CHORD BEARS SOUTH 83 DEGREES 16 MINUTES 54 SECONDS WEST 37.13 FEET), THENCE NORTH 06 DEGREES 12 MINUTES 55 SECONDS WEST 205.00 FEET TO THE POINT OF BEGINNING.

Lien Position: 1

Mobile Home: **NO MOBILE HOME FOUND**

Tax Information:

Taxes Paid Through 2006
Folio Number 1133080070040

Taxes Paid Date 12/6/2006
Taxes Paid Amount $1,895.05

Prior/Open Liens:

Our title review has revealed a prior, unsatisfied mortgage, dated 062496, in favor of First South Bank in the amount of $55,061.00, and recorded 06/27/96, in Official Records Book 1918, Page 122, as assigned to Principal Residential Mortgage in Official Records Book 1949, Page 1461, of the Public Records of Leon County, Florida.

Subject Deed of Trust/Mortgage

| | |
|---|---|
| Mortgage date | 4/7/2006 |
| Amount | 92400 |
| Beneficiary: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR AMERICAN BROKER CONDUIT |
| Date Recorded | 4/13/2006 |
| Book | 3488 |
| Page | 177 |

Subordinate Loans/Liens:

THE UNKNOWN SPOUSE OF BENJAMIN A. HORBOWY, by virtue of homestead rights, possession, or any right of redemption

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR AMERICAN BROKER CONDUIT, by virtue of a mortgage recorded in Official Records Book 3488, Page 197

Is an assignment needed: **NO ASSIGNMENT NEEDED**

**NEW HOUSE TITLE, L.L.C.**

Property Tax Information

Date: January 31, 2007
File Number: F07002755
Loan Number: 5303630015
Property Address: 2062 VICTORY GARDEN LANE, TALLAHASSEE, FL 32301
Folio Number: 1133080070040

Tax Information:

    Taxes Paid Through: 2006

    Delinquent:
    , $0.00
    , $0.00
    , $0.00

    Taxes Paid Date: 12/6/2006
    Taxes Paid Amount: $1,895.05
    Tax Payoff good through
    Tax Deed Payoff Amount $0.00
    Tax Sale Date:
    Special Notes:

    Payable/Remit To:
    Doris Maloy
    LEON COUNTY TAX COLLECTOR
    3425 Thomasville Road, Suite 19
    Tallahassee, FL 32309
    850-488-4735

Delinquent Tax payments must be in Certified Funds (Cashiers Checks).

Be advised that the tax figures quoted above are subject to change due to various reasons. This figure represents the amounts and due date we were provided from the taxing authority. To ensure accuracy, we would request that you contact the taxing authority to confirm the amounts owed and the due date. The above is the contact information we have for the taxing authority. Unless you instruct us to the contrary, we will not be doing an additional tax search for this loan during the pendency of the foreclosure action. If you wish us to conduct an additional tax search please send us a written request to perform this function.

Thank you,

Bianca Herrera

## Fidelity Title Worksheet / Additional Fee Request Form

Loan No.: 5303630015        Period of Title Examination: From: 01/30/2007 To: 01/30/2007

Date Title Received: 01/30/2007

Borrower(s)-(Advise if different from referral): BENJAMIN A. HORBOWY

Property Address:        2062 VICTORY GARDEN LANE
TALLAHASSEE, FL 32301

Record owner(s) according to title search: BENJAMIN A. HORBOWY

Is there a mobile home on the property? NO MOBILE HOME FOUND

If so, do we have a perfected security interest in the mobile home? N/A

Is the legal description consistent between the Mortgage & Title Report?

List all liens against the property (including our mortgage) in order of priority (liens include judgments, state & federal tax liens, financing statements, pending cases, probate claims, mechanics liens, special utility liens & homeowners liens). Please indicate our lien by stating (ours) next to it below and include all assignments, recording information including Book and Page/Instrument # and Dates:

Subject mortgage:        MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED,  AS NOMINEE
FOR AMERICAN BROKER CONDUIT
|  |  |
|---|---|
| Date Recorded | 04/13/2006 |
| Book | 3488 |
| Page | 177 |

Subordinate Loans/Liens: IF NOT LISTED BELOW, NO SUBORDINATE LIENS FOUND

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS INCORPORATED  AS NOMINEE FOR
AMERICAN BROKER CONDUIT, by virtue of a
mortgage recorded in Official Records Book 3488, Page
197

Delinquent Taxes (included payee contact information, amounts and years due, advise on whether or not they must be paid prior to attending sale and advise as to whether or not we are in jeopardy of the property being lost to tax sale):

Taxes Paid Through 2006
Folio Number 1133080070040

Taxes Paid Date 12/06/2006
Taxes Paid Amount $1,895.05

If our lien does not appear to be in priority position, please indicate if this is a possible title claim issue:

Our title review has revealed a prior, unsatisfied mortgage, dated 062496, in favor of First South Bank in the amount of $55,061.00, and recorded 06/27/96, in Official Records Book 1918, Page 122, as assigned to Principal Residential Mortgage in Official Records Book 1949, Page 1461, of the Public Records of Leon County, Florida.

If no further information is needed, please attach Title Claim Letter or indicate how you intend to secure priority of our Lien and expected resolution Time Frame: WE WILL CLEAR TITLE ISSUE(S) BY FILING A TITLE CLAIM. THERE  IS NO DEFINITIVE TIME FRAME TO CLEAR TITLE ISSUE(S), BUT OUR GOAL IS TO CLEAR TITLE ISSUE(S) PRIOR TO FORECLOSURE SALE.

Documents Needed:  TITLE POLICY, TITLE COMMITMENT, AND HUD 1, IF NOT PREVIOUSLY PROVIDED

ADDITIONAL FEE REQUEST:

WE ARE REQUESTING A SET FEE TO FILE A TITLE CLAIM IN ORDER TO CLEAR TITLE ISSUE(S) OR

TO OBTAIN AN INDEMNITY LETTER FROM THE INSURER.

Hourly Rate:  NOT AN HOURLY RATE.  SEE SET FEE AMOUNT BELOW.
Total Additional fee amount requested: $125.00
Potential Loss to Client: DELAY IN OBTAINING MARKETABLE TITLE
Deadline: N/A       Need Approval By: AS SOON AS POSSIBLE

Signature_____ Date:_____ Total Approved: $_____

## CERTIFICATE OF SERVICE

I, Christina M. Thompson, hereby certify that on this 10th day of January, 2008, I caused a true and correct copy of the foregoing proof of claim to be served upon the following persons in the manner as indicated.

_____
Christina M. Thompson (No. 3976)

---

**VIA FEDERAL EXPRESS**
EPIQ Bankruptcy Solutions, LLC
Attn: American Home Mortgage Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

**VIA HAND DELIVERY**
James L. Patton, Jr., Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

#585492

**EXHIBIT C TO PROOF OF CLAIM OF**
**WASHINGTON MUTUAL MORTGAGE SECURITIES CORP.**
<u>**IN RE AMERICAN HOME MORTGAGE HOLDINGS, INC., CASE NO. 07-11047**</u>
<u>**(CSS)**</u>

#646918

| Loan Number | Mortgagor | Lender Name | Reason Type | Demand Amount |
|---|---|---|---|---|
| 5303703572 | ADAMS MARY | American Home | Missing Docs(s) | $239,739.74 |
| 5303703721 | MCHUGH EDWARD D | American Home | Underwriting | $279,920.00 |
| 5303718307 | ELDRIDGE DAVID | American Home | Misrep No Fraud | $218,670.74 |
| 5303786791 | FEDERICO JAMES | American Home | Missing Docs(s) | $142,636.89 |
| 5303796535 | MUSANOVIC MIRSAD | American Home | Underwriting | $189,294.87 |
| 5303797608 | CLAURE LIMBERT | American Home | Multiple | $317,520.00 |
| 5303632789 | BRITT CHARLES | American Home | Program Eligibility | $417,000.00 |
| 5302700710 | KOTEVSKI BRANKO | American Home | Underwriting | $470,387.07 |
| 5303703275 | EBANKS JOY | American Home | Misrep No Fraud | $617,456.36 |
| 5303788615 | CHAPMAN MARY | American Home | Valuation/Appraisal | $43,000.00 |
| 5303598451 | TORRES JOSE | AMERICAN HOME | Servicing Errors | $167,384.00 |
| 5303600737 | TOLER BARRY F | American Home | Missing Docs(s) | $88,200.00 |

| | | | Total Claim: | $3,191,209.67 |

| | | |
|---|---|---|
| Loan Number: | 5303598451 | Source: |
| Channel: | Conduit Prime | Demand |

Lender Name: AMERICAN HOME
Mortgagor Name: TORRES JOSE
Fraud Scheme:
Deal Name: WMALT 06-5 G3

SBO - Imported Record
Outgoing

PART   CHAPTER   SECTION   SUB

**Demand**

| | |
|---|---|
| Demand Letter Date: | 02/22/2007 |
| Demand Type: | |
| Inv Demand Amount: | $167,384.23 |
| Investor: | WMMSC |
| Seller Guide: | |
| Repurchase Reason: | 20-Repurchase Request in |
| Repurchase Reason Dt: | |

**Loan Detail**

| | |
|---|---|
| Demand Status: | CR - BK POC Filed |
| Demand Type: | |
| Reason Type: | Servicing Errors |
| Investor Analyst Name: | None |
| IA Follow Up Date: | |
| Inv Buyout Analyst: | |
| Lender Main LOB: | |
| Lender LOB: | |
| Lender Status: | |
| Lender AE: | |
| Lender TIN: | |
| Current Demand Amt: | $167,384.00 |
| Retention Fee: | $0.00 |
| Makewhole Amount: | |
| CR Analyst Name: | Stewart |
| CR Case Number | American Home |
| CR Loan Status | |

Contract Reference:
TITLE

Reason For Repurchase:

MI Findings Received:
MI Rescinded:
MI Review Complete:

Property Address:  1410  GOLDEN OAKS PKWY
Property CITY/ST/ZIP:  AURORA  , IL 60506

**Imported Data**

| | | | |
|---|---|---|---|
| Original UPB: | $168,000.00 | LTV: | 79.7 |
| Original Investor Code: | R08 | CLTV: | 0 |
| Original Category Code | 001 | Old Loan Number: | 1001119071 |
| Loan Close Date: | 03/01/2006 | UPB: | $167,384.23 |
| Product Description: | F52 | Investor Code: | R08 |
| Lo Type: | CONV RES W/O PMI | Category Code: | 001 |
| Loan Term: | 0 | Investor Name: | MSC AS ADMIN AGENT |
| ARM Indicator: | N | Investor Loan Number: | 601777597 |
| Review Findings: | | SERVICING SOLD ID: | |
| Potential Recovery: | Bulk Lender | Next Due Date: | 09/01/2006 |
| Underwriter: | | Foreclosure Sale Date: | 09/25/2008 |
| Investor Notified: | | REO Sale Date: | |
| Appeal Sent to MI Co: | | Mancode: | REO |
| Date Created: | 02/22/2007 | MAS1 USR4 Code: | C |
| REPRCH REASN: | | Recourse Type Code: | |

| Edit | Save | Main Menu | Comments | Review | Approval Form | Loss Statement | Closed | Balancing | Transfer |
|---|---|---|---|---|---|---|---|---|---|

```
MAS1 LOAN 5303598451    MSP LOAN MASTER MAINT. & DISPLAY   10/30/08   13:55:35
      NAME J TORRES      TYPE 13 1ST MTG,CONVEN W/O INS               GROUP
-- AQN1 -- ACQUISITION AND SALES ----------------------------------------------
  ACQN      ACQUISITION      OLD LOAN       ACQUISITION   OLD SVCR    Y/E RPTG
  DATE       PRIN BAL         NUMBER            ID         NUMBER    FROM ACQ DT
 060106      167756.00      1001119071      AMH0606S       ____         Y
(MMDDYY)                                                               (Y/N)


ACQUISITION    OLD LN # INDEX
   TYPE         STOP DATE
    3            030137
1-ORIGINATED   (MMDDYY)
2-PURCHASED
3-SERV TRANSFER  SPEC CD: 500   RCRS CD: __   CUST CD: _____


          LOAN SERV        NEW SERV             CONTRACT LOAN      SERV
          SOLD ID        LOAN NUMBER            SERV SOLD DT     TRANS DT
 1ST     _____    _____           MMDDYY        MMDDYY
 2ND     _____    _____
---------------------------* ADDITIONAL MESSAGES *-----------------------------
PRESS PF14 FOR MEMOS
LIFE-OF-LOAN: POTENTIAL RECOURSE TO PRIOR 3RD PARTY
     TAXRDS:  REO - VENDOR DELINQUENT SEARCH
```

Loan Number: 5303703275
Channel: Conduit Prime

Source: Demand
Internal-RiskMit
Outgoing

Lender Name: American Home
Mortgagor Name: EBANKS JOY

Fraud Scheme:
Deal Name:

## Demand

| | |
|---|---|
| Demand Letter Date: | 08/19/2008 |
| Demand Type: | Internal Claim |
| Inv Demand Amount: | $0.00 |
| Investor: | WMMSC |
| Seller Guide: | |
| Repurchase Reason: | 57-Misrepresentation |
| Repurchase Reason Dt | 08/26/2008 |

## Loan Detail

| | |
|---|---|
| Demand Status: | Contract Recovery |
| Demand Type: | Internal Claim |
| Reason Type: | Misrep No Fraud |
| Investor Analyst Name: | Pirkey |
| IA Follow Up Date: | 09/09/1999 |
| Inv Buyout Analyst: | Skeens |
| Lender Main LOB: | |
| Lender LOB: | |
| Lender Status: | |
| Lender AE: | |
| Lender TIN: | |
| Current Demand Amt: | $0.00 |
| Retention Fee: | $0.00 |
| Makewhole Amount: | $617,456.36 |
| CR Analyst Name: | |
| CR Case Number | American Home |
| CR Loan Status | |

Contract Reference:

TITLE

Reason For Repurchase:

Involuntary repurchase due to risk mit findings.

| | |
|---|---|
| MI Findings Received: | |
| MI Rescinded: | |
| MI Review Complete: | |

Property Address: 290 BURDETTE RD
Property CITY/ST/ZIP: ATLANTA , GA 30327

### Imported Data

| | | | |
|---|---|---|---|
| Original UPB: | $1,000,000.00 | LTV: | 0 |
| Original Investor Code: | J80 | CLTV: | |
| Original Category Code | 001 | Old Loan Number: | 1279110 |
| Loan Close Date: | 05/12/2006 | UPB: | $0.00 |
| Product Description: | F52 | Investor Code: | J80 |
| Lo Type: | CONV RES W/O PMI | Category Code: | 001 |
| Loan Term: | | Investor Name: | WMMSC  M/S |
| ARM Indicator: | N | Investor Loan Number: | 601804505 |
| Review Findings: | | SERVICING SOLD ID: | |
| Potential Recovery: | Bulk Lender | Next Due Date: | 08/01/2006 |
| Underwriter: | | Foreclosure Sale Date: | 01/02/2007 |
| Investor Notified: | | REO Sale Date: | 09/25/2007 |
| Appeal Sent to MI Co: | | Mancode: | REO |
| Date Created: | 08/20/2008 | MAS1 USR4 Code: | C |
| REPRCH REASN: | | Recourse Type Code: | |

PART | CHAPTER | SECTION | SUB

| Edit | Main Menu | Comments | Review Summary | Approval Form | Loss Statement | Closed Summary | Balancing | Transfer |

```
MAS1 LOAN 5303703275    MSP LOAN MASTER MAINT. & DISPLAY    10/30/08    13:55:45
       NAME J EBANKS    TYPE 13 1ST MTG,CONVEN W/O INS                  GROUP
-- AQN1 -- ACQUISITION AND SALES -----------------------------------------------
  ACQN      ACQUISITION      OLD LOAN      ACQUISITION    OLD SVCR    Y/E RPTG
  DATE       PRIN BAL         NUMBER           ID          NUMBER    FROM ACQ DT
  080106     999424.10       1279110        AMH0806S        ___          Y
 (MMDDYY)                                                              (Y/N)


ACQUISITION   OLD LN # INDEX
   TYPE         STOP DATE
    3            060137
1-ORIGINATED   (MMDDYY)
2-PURCHASED
3-SERV TRANSFER  SPEC CD: 500   RCRS CD: __   CUST CD: _____

          LOAN SERV        NEW SERV          CONTRACT LOAN       SERV
          SOLD ID         LOAN NUMBER        SERV SOLD DT     TRANS DT
  1ST                                          MMDDYY         MMDDYY
  2ND     _____       _____

-------------------------* ADDITIONAL MESSAGES *--------------------------------
LIFE-OF-LOAN: POTENTIAL RECOURSE TO PRIOR 3RD PARTY
LOSS MIT IND = 8 LOSS ANALYSIS COMP     FORECLOSURE REMOVAL
LOAN IS IN FORECLOSURE, F/C STOP = 9   LMT/REO SALE COMPLETED 09/25/07
```

| Loan Number: | 5303788615 | Source: | | Internal-RiskMit | Lender Name: | American Home | Fraud Scheme: | |
| Channel: | Conduit Prime | Demand | | Outgoing | Mortgagor Name: | CHAPMAN MARY | Deal Name: | |

| | PART | CHAPTER | SECTION | SUB |

## Demand

| Field | Value |
|---|---|
| Demand Letter Date: | 08/19/2008 |
| Demand Type: | Internal Claim |
| Inv Demand Amount: | $0.00 |
| Investor: | WMMSC |
| Seller Guide: | |
| Repurchase Reason: | 60-LTV |
| Repurchase Reason Dt: | 08/27/2008 |

Contract Reference: TITLE

Reason For Repurchase: Involuntary repurchase due to risk mit findings.

| Field | Value |
|---|---|
| MI Findings Received: | |
| MI Rescinded: | |
| MI Review Complete: | |

Property Address: 7018 HORNE ST

Property CITY/ST/ZIP: SPARTANBURG , SC 29303

## Loan Detail

| Field | Value |
|---|---|
| Demand Status: | Contract Recovery |
| Demand Type: | Repurchase |
| Reason Type: | Valuation/Appraisal — Pirkey |
| Investor Analyst Name: | |
| IA Follow Up Date: | 09/09/1999 |
| Inv Buyout Analyst: | Skeens |
| Lender Main LOB: | |
| Lender LOB: | |
| Lender Status: | |
| Lender AE: | |
| Lender TIN: | |
| Current Demand Amt: | $43,000.00 |
| Retention Fee: | $0.00 |
| Makewhole Amount: | $0.00 |
| CR Analyst Name: | American Home |
| CR Case Number | |
| CR Loan Status | |

## Imported Data

| Field | Value | Field | Value |
|---|---|---|---|
| Original UPB: | $43,000.00 | LTV: | 0 |
| Original Investor Code: | J80 | CLTV: | |
| Original Category Code | 001 | Old Loan Number: | 1213610 |
| Loan Close Date: | 05/31/2006 | UPB: | $0.00 |
| Product Description: | F57 | Investor Code: | J80 |
| Lo Type: | CONV RES W/O PMI | Category Code: | 001 |
| Loan Term: | | Investor Name: | WMMSC M/S |
| ARM Indicator: | Y | Investor Loan Number: | 601825637 |
| Review Findings: | | SERVICING SOLD ID: | |
| Potential Recovery: | Bulk Lender | Next Due Date: | 12/01/2006 |
| Underwriter: | | Foreclosure Sale Date: | 08/06/2007 |
| Investor Notified: | | REO Sale Date: | 09/26/2007 |
| Appeal Sent to MI Co: | | Mancode: | REO |
| Date Created: | 08/20/2008 | MAS1 USR4 Code: | C |
| REPRCH REASN: | | Recourse Type Code: | |

| Edit | Main Menu | Comments | Review Summary | Approval Form | Loss Statement | Closed Summary | Balancing | Transfer |

```
MAS1 LOAN 5303788615   MSP LOAN MASTER MAINT. & DISPLAY   10/30/08   13:56:04
         NAME M CHAPMAN    TYPE 13 1ST MTG,CONVEN W/O INS  (ARM)        GROUP
-- AQN1 -- ACQUISITION AND SALES -------------------------------------------
   ACQN     ACQUISITION      OLD LOAN     ACQUISITION    OLD SVCR    Y/E RPTG
   DATE      PRIN BAL         NUMBER          ID          NUMBER    FROM ACQ DT
  090106      43000.00       1213610       AMH0906S        ___          Y
 (MMDDYY)                                                            (Y/N)


ACQUISITION   OLD LN # INDEX
    TYPE        STOP DATE
     3           060137
1-ORIGINATED   (MMDDYY)
2-PURCHASED
3-SERV TRANSFER  SPEC CD: 500   RCRS CD: __   CUST CD: _____

          LOAN SERV        NEW SERV         CONTRACT LOAN      SERV
           SOLD ID       LOAN NUMBER        SERV SOLD DT     TRANS DT
  1ST                                         MMDDYY          MMDDYY
  2ND      _____     _____
           _____     _____

---------------------------* ADDITIONAL MESSAGES *--------------------------
LIFE-OF-LOAN: POTENTIAL RECOURSE TO PRIOR 3RD PARTY
DIST-TYPE = 1 INTEREST-ONLY LOAN      LOSS MIT IND = 8 LOSS ANALYSIS COMP
REMOVED LOSS MITIGATION               LMT/REO SALE COMPLETED 09/26/07
```

*Mucanovic*



We make home possible ℠

Freddie Mac Confidential Information

Southeast/Southwest Office
2300 Windy Ridge Parkway, Suite 200
Atlanta, GA  30339
Phone: (770) 857-8800
Fax: (770) 857-8808

HARD COPY TO FOLLOW E-MAIL

*This letter, any attached documents, and our related discussions and correspondence, contain Confidential Information of Freddie Mac (e.g., borrower information) that you have agreed to keep secure and confidential, and to protect against unauthorized access and/or use. Please refer to Sections 2.16 and 53.3 of the Freddie Mac Single-Family Seller/Servicer Guide, and any other confidentiality or non-disclosure agreements between our companies for additional details.*

May 7, 2008

Tait O. Norton
WASHINGTON MUTUAL BANK
7301 Baymeadows Way
JAXB3182
Jacksonville, FL  32256

RE:    Seller/Servicer #:        112491
       Contract #:              0609186031
       Funding Date:            September 27, 2006
       Freddie Mac Loan #:      329699024
       Property Location:       PLAINFIELD, IL  60586-0000

Dear Mr. Norton:

The attached mortgage(s) were selected by Freddie Mac for a post purchase quality control review. As a result of the recently completed quality control review(s), Freddie Mac has determined that the attached mortgage(s) must be repurchased. Pursuant to Section 72.1 of the Single-Family Seller/Servicer Guide (the Guide), mortgages that do not comply with Freddie Mac's requirements must be repurchased. An explanation of why the attached mortgage(s) do not meet Freddie Mac's requirements is attached.

Repurchase of the mortgage(s) must be completed on or before **June 6, 2008**. The repurchase procedures to be followed are determined by the status of the mortgage, and are stated in full in Section 78.20 of the Guide and summarized as follows:

*   Active Mortgages:  Repurchases of active mortgages are to be reported through the repurchase Loan Level Transaction to Freddie Mac via automated means using MIDANET (R). The repurchase amount must be remitted to Freddie Mac via the telephonic cash remittance system by which you make your regular monthly remittances.

*   Inactive Mortgages:  Repurchases of inactive mortgages must be reported as a payoff - mortgage repurchase. Proceeds must be remitted to Freddie Mac via the telephonic cash remittance system described above.

*   Real Estate Owned (REO):  Repurchases of mortgages transferred to REO are accounted for and reported by remitting the proceeds to the applicable Freddie Mac office (Attention, REO Accounting Department) by check, accompanied by Form 105. The repurchase amount must be verified with the applicable REO Accounting Department.

NOTE:       If the status of the mortgage should change at any time prior to the actual repurchase, you should follow the procedures outlined above for the appropriate status at the time the repurchase funds are remitted.

Freddie Mac Confidential Information

Tait O. Norton
Page: 2
Date: May 7, 2008

Funding Date: September 27, 2006
Freddie Mac Loan #: 329699024

At Freddie Mac's discretion, the repurchase price may also include any premium paid for mortgages purchased under the Gold Cash method of pricing.

Should you have any questions regarding the repurchase procedure, please refer to Section 78.20 of the Guide, or call Freddie Mac's 1-800-FREDDIE Customer Service Line.  You will be asked for your Seller/Servicer number.

If you have facts that you believe demonstrate that any loan complies with Freddie Mac's requirements, you may submit them with an explanation of why these facts support your position and why these facts were not included with the original quality control file.  In accordance with the requirements of Section 72.6 of the Guide, the submission must be full and complete and contain a summary of the relevant facts and a statement of why the decision should be reversed.  Any appeal must be submitted to the undersigned on or before the repurchase deadline indicated above.

Thank you for your prompt attention to this matter.

Sincerely,


Donna Revellese
Manager, Quality Control
(770) 857-8899

Attachment(s)

Freddie Mac Confidential Information

Tait O. Norton
Page: 3
Date: May 7, 2008

Funding Date: September 27, 2006
Freddie Mac Loan #: 329699024

LTV: 70%
Mortgage Purpose: Purchase (OO)
S/S Loan Number: 5303796535
Note Date: May 26, 2006

Freddie Mac has determined the above referenced loan is not of acceptable quality due to the violations of the Single-Family Seller/Servicer Guide sections and/or Master Agreement as noted below.

**THIS LOAN WAS UNDERWRITTEN TO THE TERMS AND PROVISIONS OF THE SELLER'S MASTER COMMITMENT # T06080249 - STATED INCOME / STATED ASSET PROGRAM.**

**GENERAL ELIGIBILITY REQUIREMENTS**
The loan did not meet the requirements for a stated income stated asset purchase transaction.

* The loan application reflected stated assets of $14,325.32 from Fifth Third Bank including the earnest money deposit of $3,000.
* The file contained two months bank statements from Fifth Third Bank dated April 7, 2006 with an account balance of $1,110.82.
* The loan was not eligible for stated assets since the file contained asset documentation.
* The verified assets were insufficient in supporting the earnest money deposit of $3,000 and were inadequate for meeting the cash reserve requirement.

**DOCUMENTATION**
The file did not contain the following required documentation:

* Final title commitment and final title policy.

```
MAS1 LOAN 5303796535    MSP LOAN MASTER MAINT. & DISPLAY  10/30/08   13:56:07
       NAME M  MUSANOVI   TYPE 13 1ST MTG,CONVEN W/O INS              GROUP
-- AQN1 -- ACQUISITION AND SALES -------------------------------------------
   ACQN      ACQUISITION      OLD LOAN       ACQUISITION    OLD SVCR    Y/E RPTG
   DATE       PRIN BAL         NUMBER            ID          NUMBER   FROM ACQ DT
   090106    190661.09        1288667         AMH0906S        ____        Y
 (MMDDYY)                                                              (Y/N)


ACQUISITION   OLD LN # INDEX
    TYPE       STOP DATE
     3          060137
1-ORIGINATED   (MMDDYY)
2-PURCHASED
3-SERV TRANSFER  SPEC CD: 500   RCRS CD: __   CUST CD: _____

            LOAN SERV        NEW SERV          CONTRACT LOAN     SERV
            SOLD ID        LOAN NUMBER        SERV SOLD DT    TRANS DT
   1ST                                          MMDDYY        MMDDYY
   2ND    _____    _____
          _____    _____
----------------------------------------------------------------------------
```

**LIFE-OF-LOAN: POTENTIAL RECOURSE TO PRIOR 3RD PARTY**
**ACTIVE LOSS MITIGATION               LOSS MIT IND = 1 PACKAGE RECEIVED**
**LOAN IS IN FORECLOSURE, F/C STOP = 5   365 DAYS PAST PROJECTED LEGAL DATE**

*Clawie*

Freddie Mac Confidential Information

North Central Regional Office
333 West Wacker Drive, Suite 2500
Chicago, IL  60606
Phone: (312) 407-7400
Fax: (312) 407-7397

**Freddie Mac**

We make home possible ℠

**HARD COPY TO FOLLOW E-MAIL**

*This letter, any attached documents, and our related discussions and correspondence, contain Confidential Information of Freddie Mac (e.g., borrower information) that you have agreed to keep secure and confidential, and to protect against unauthorized access and/or use. Please refer to Sections 2.16 and 53.3 of the Freddie Mac Single-Family Seller/Servicer Guide, and any other confidentiality or non-disclosure agreements between our companies for additional details.*

September 4, 2008

Lucy Snyder
Vice President
WASHINGTON MUTUAL BANK
7255 Baymeadows Way
JAXA2090
Jacksonville, FL  32256

RE:   Seller/Servicer #:          112491
      Contract #:                 0609186036
      Funding Date:               September 27, 2006
      Freddie Mac Loan #:         329701916
      Property Location:          MANASSAS, VA  20111-0000

Dear Ms. Snyder:

The above referenced mortgage was selected by Freddie Mac for a postfunding quality control review and was found to be not in compliance with the Purchase Documents.  Pursuant to Section 72.1 of the *Single-Family Seller/Servicer Guide*, we are exercising our right to require repurchase.  An explanation of why the mortgage does not meet Freddie Mac's requirements is attached.

**Repurchase of this mortgage, which is now in REO (or make whole) status, must be completed on or before October 4, 2008.**

*Failure to remit the appropriate repurchase funds by this date will result in you being assessed marketing expenses, fees and/or penalties.*

The necessary repurchase information/calculation may be obtained by:

- calling Real Estate Services at (972) 395-4000 or
- sending a written request by fax* to (972) 395-4467, Attn: RES Repurchase Dept.
- sending a written request by e-mail to "REO_Repurchase_Calculations@freddiemac.com"

* You should receive REO repurchase/make whole calculations within 3 business days of your request.

**Please note that Freddie Mac initiates and continues marketing all REO properties until repurchase funds have been received and therefore may accept contracts and/or sell the property pending completion of the repurchase.  All marketing efforts and contract negotiations are at the sole discretion of Freddie Mac until repurchase funds have been received.**

Please contact me at (312) 407-7543 if you have any questions regarding our decision on the loan.  All matters relating to the REO disposition process must be directed to the above referenced numbers.  Any appeal to this repurchase request must be received in writing by the above repurchase due date in order to be considered.

Freddie Mac Confidential Information

Lucy Snyder
Page: 2
Date: September 4, 2008

Funding Date: September 27, 2006
Freddie Mac Loan #: 329701916

Thank you for your prompt attention to this matter.

Sincerely,


Philip Walker
Manager, Quality Control
(312) 407-7543

Attachment(s)

Freddie Mac Confidential Information

Lucy Snyder
Page: 3
Date: September 4, 2008

Funding Date: September 27, 2006
Freddie Mac Loan #: 329701916

LTV: 80%
Mortgage Purpose: Purchase (OO)
S/S Loan Number: 5303797608
Note Date: June 9, 2006

Freddie Mac has determined the above referenced loan is not of acceptable quality due to the violations of the Single-Family Seller/Servicer Guide sections and/or Master Agreement as noted below.

**THIS LOAN WAS UNDERWRITTEN TO THE TERMS AND PROVISIONS OF THE SELLER'S MASTER COMMITMENT #T04091750 – STATED INCOME/STATED ASSET PROGRAM.**

**FALSE REPRESENTATION – UNDISCLOSED MORTGAGES**
Freddie Mac has determined that the Borrowers' total monthly obligations were falsely represented. The credit report *(or other source)* obtained as part of Freddie Mac's quality control process disclosed:

* A 400,00 mortgage opened May 30, 2006 with Countrywide Home Loans secured by property located in Springfield, VA. The monthly payment for this mortgage was $2,930.
* A 100,00 mortgage opened May 30, 2006 with Countrywide Home Loans secured by property located in Springfield, VA. The monthly payment for this mortgage was $500 (estimated).

The obligations was/were not disclosed on the application and was/were not included as part of the Borrower's total monthly obligations.

It was noted that the initial loan application and loan transmittal summary stated the Borrower's income as $6,234 per month and the Co-Borrower's income as $4,317 per month. The final loan application and loan transmittal summary stated the Borrower's income as $4,400 per month and the Co-Borrower's income as $2,500 per month. The Seller's loan decision was based on the lower income amounts.

Using total income of $6,900 per month and including the undisclosed mortgages, the Borrowers' total debt payment-to-income ratio is 95%  The Master Agreement states the maximum allowable DTI is 50%.

**DOCUMENTATION**
The mortgage file submitted for quality control review lacked the following required documentation: (Guide Section 46.1)

* Title Policy

A request was made for the missing documentation; however, to date, no response has been received.

The subject loan was not eligible for sale to Freddie Mac.

```
MAS1 LOAN 5303797608    MSP LOAN MASTER MAINT. & DISPLAY    10/30/08    13:56:11
        NAME L CLAURE    TYPE 13 1ST MTG,CONVEN W/O INS    (ARM)        GROUP
-- AQN1 -- ACQUISITION AND SALES ------------------------------------------------
  ACQN        ACQUISITION        OLD LOAN      ACQUISITION    OLD SVCR    Y/E RPTG
  DATE          PRIN BAL          NUMBER           ID          NUMBER    FROM ACQ DT
 090106        317520.00        1316433         AMH0906S        ____         Y
(MMDDYY)                                                                   (Y/N)


ACQUISITION    OLD LN # INDEX
   TYPE          STOP DATE
    3             070137
1-ORIGINATED     (MMDDYY)
2-PURCHASED
3-SERV TRANSFER  SPEC CD: 500    RCRS CD: __    CUST CD: _____

            LOAN SERV         NEW SERV              CONTRACT LOAN        SERV
            SOLD ID         LOAN NUMBER             SERV SOLD DT      TRANS DT
 1ST      _____      _____            MMDDYY          MMDDYY
 2ND      _____      _____

-------------------------* ADDITIONAL MESSAGES *---------------------------------
LIFE-OF-LOAN: POTENTIAL RECOURSE TO PRIOR 3RD PARTY
DIST-TYPE = 1 INTEREST-ONLY LOAN        DISCHARGED CH7 BANKRUPTCY
COMPLETED CH 7 BANKRUPTCY
```

Freddie Mac Confidential Information



North Central Regional Office
333 West Wacker Drive, Suite 2500
Chicago, IL 60606
Phone: (312) 407-7400
Fax: (312) 407-7397

We make home possible ™

HARD COPY TO FOLLOW E-MAIL

*This letter, any attached documents, and our related discussions and correspondence, contain Confidential Information of Freddie Mac (e.g., borrower information) that you have agreed to keep secure and confidential, and to protect against unauthorized access and/or use. Please refer to Sections 2.16 and 53.3 of the Freddie Mac Single-Family Seller/Servicer Guide, and any other confidentiality or non-disclosure agreements between our companies for additional details.*

August 29, 2008

Lucy Snyder
Vice President
WASHINGTON MUTUAL BANK
7255 Baymeadows Way
JAXA2090
Jacksonville, FL 32256

RE:    Seller/Servicer #:        112491
       Contract #:              0609186030
       Funding Date:            September 27, 2006
       Freddie Mac Loan #:      329701924
       Property Location:       BAKERSFIELD, CA 93307-0000

Dear Ms. Snyder:

The above referenced mortgage was selected by Freddie Mac for a postfunding quality control review and was found to be not in compliance with the Purchase Documents. Pursuant to Section 72.1 of the *Single-Family Seller/Servicer Guide*, we are exercising our right to require repurchase. An explanation of why the mortgage does not meet Freddie Mac's requirements is attached.

**Repurchase of this mortgage, which is now in REO (or make whole) status, must be completed on or before September 28, 2008.**

*Failure to remit the appropriate repurchase funds by this date will result in you being assessed marketing expenses, fees and/or penalties.*

The necessary repurchase information/calculation may be obtained by:

- calling Real Estate Services at (972) 395-4000 or
- sending a written request by fax* to (972) 395-4467, Attn: RES Repurchase Dept.
- sending a written request by e-mail to "REO_Repurchase_Calculations@freddiemac.com"

* You should receive REO repurchase/make whole calculations within 3 business days of your request.

**Please note that Freddie Mac initiates and continues marketing all REO properties until repurchase funds have been received and therefore may accept contracts and/or sell the property pending completion of the repurchase. All marketing efforts and contract negotiations are at the sole discretion of Freddie Mac until repurchase funds have been received.**

Please contact me at (312) 407-7543 if you have any questions regarding our decision on the loan. All matters relating to the REO disposition process must be directed to the above referenced numbers. Any appeal to this repurchase request must be received in writing by the above repurchase due date in order to be considered.

Freddie Mac Confidential Information

Lucy Snyder
Page: 2
Date: August 29, 2008

Funding Date: September 27, 2006
Freddie Mac Loan #: 329701924

Thank you for your prompt attention to this matter.

Sincerely,


Philip Walker
Manager, Quality Control
(312) 407-7543

Attachment(s)

Freddie Mac Confidential Information

Lucy Snyder
Page: 3
Date: August 29, 2008

Funding Date: September 27, 2006
Freddie Mac Loan #: 329701924

LTV: 70%
Mortgage Purpose: Purchase (Investment)
S/S Loan Number: 5303786791
Note Date: June 6, 2006

Freddie Mac has determined the above referenced loan is not of acceptable quality due to the violations of the Single-Family Seller/Servicer Guide sections and/or Master Agreement as noted below.

**THIS LOAN WAS UNDERWRITTEN TO THE TERMS AND PROVISIONS OF THE SELLER'S MASTER COMMITMENT #T06080249 – STATED INCOME/VERIFIED ASSET PROGRAM.**

**DOCUMENTATION**
The mortgage file submitted for quality control review lacked the following required documentation:

* Final HUD-1 Settlement Statement

* Final title policy

A request was made for the missing documentation. To date, this information is still outstanding.

```
MAS1 LOAN 5303786791    MSP LOAN MASTER MAINT. & DISPLAY  10/30/08   13:56:00
       NAME J  FEDERICO   TYPE 13 1ST MTG,CONVEN W/O INS              GROUP
-- AQN1 -- ACQUISITION AND SALES -----------------------------------------------
  ACQN      ACQUISITION       OLD LOAN     ACQUISITION    OLD SVCR    Y/E RPTG
  DATE      PRIN BAL          NUMBER          ID          NUMBER     FROM ACQ DT
  090106    143743.24        1316653        AMH0906S        ____         Y
 (MMDDYY)                                                             (Y/N)


ACQUISITION    OLD LN # INDEX
   TYPE         STOP DATE
    3            070137
1-ORIGINATED    (MMDDYY)
2-PURCHASED
3-SERV TRANSFER  SPEC CD: 500   RCRS CD: __   CUST CD: _____


              LOAN SERV       NEW SERV         CONTRACT LOAN       SERV
              SOLD ID       LOAN NUMBER        SERV SOLD DT      TRANS DT
      1ST                                         MMDDYY          MMDDYY
      2ND       _____    _____
                _____    _____
--------------------------------------------------------------------------------
```

**LIFE-OF-LOAN: POTENTIAL RECOURSE TO PRIOR 3RD PARTY**
**LOSS MIT IND = 9 WORKOUT CANCELLED     REMOVED LOSS MITIGATION**
**LOAN IS IN FORECLOSURE, F/C STOP = 5   365 DAYS PAST PROJECTED LEGAL DATE**

*Eldredac*

Freddie Mac Confidential Information

North Central Regional Office
333 West Wacker Drive, Suite 2500
Chicago, IL 60606
Phone: (312) 407-7400
Fax: (312) 407-7397

**Freddie Mac**

We make home possible ™

HARD COPY TO FOLLOW E-MAIL

*This letter, any attached documents, and our related discussions and correspondence, contain Confidential Information of Freddie Mac (e.g., borrower information) that you have agreed to keep secure and confidential, and to protect against unauthorized access and/or use. Please refer to Sections 2.16 and 53.3 of the Freddie Mac Single-Family Seller/Servicer Guide, and any other confidentiality or non-disclosure agreements between our companies for additional details.*

September 30, 2008

Lucy Snyder
Vice President
WASHINGTON MUTUAL BANK
7255 Baymeadows Way
JAXA2090
Jacksonville, FL 32256

| RE: | Seller/Servicer #: | 112491 |
|---|---|---|
| | Contract #: | 0608186035 |
| | Funding Date: | August 29, 2006 |
| | Freddie Mac Loan #: | 329249347 |
| | Property Location: | ROCKLIN, CA 95677-0000 |

Dear Ms. Snyder:

The above referenced mortgage was selected by Freddie Mac for a postfunding quality control review and was found to be not in compliance with the Purchase Documents. Pursuant to Section 72.1 of the *Single-Family Seller/Servicer Guide*, we are exercising our right to require repurchase. An explanation of why the mortgage does not meet Freddie Mac's requirements is attached.

**Repurchase of this mortgage, which is now in REO (or make whole) status, must be completed on or before October 30, 2008.**

*Failure to remit the appropriate repurchase funds by this date will result in you being assessed marketing expenses, fees and/or penalties.*

The necessary repurchase information/calculation may be obtained by:

- calling Real Estate Services at (972) 395-4000 or
- sending a written request by fax* to (972) 395-4467, Attn: RES Repurchase Dept.
- sending a written request by e-mail to "REO_Repurchase_Calculations@freddiemac.com"

* You should receive REO repurchase/make whole calculations within 3 business days of your request.

**Please note that Freddie Mac initiates and continues marketing all REO properties until repurchase funds have been received and therefore may accept contracts and/or sell the property pending completion of the repurchase. All marketing efforts and contract negotiations are at the sole discretion of Freddie Mac until repurchase funds have been received.**

Please contact me at (312) 407-7543 if you have any questions regarding our decision on the loan. All matters relating to the REO disposition process must be directed to the above referenced numbers. Any appeal to this repurchase request must be received in writing by the above repurchase due date in order to be considered.

Freddie Mac Confidential Information

Lucy Snyder
Page: 2
Date: September 30, 2008

Funding Date: August 29, 2006
Freddie Mac Loan #: 329249347

Thank you for your prompt attention to this matter.

Sincerely,


Philip Walker
Manager, Quality Control
(312) 407-7543

Attachment(s)

Freddie Mac Confidential Information

Lucy Snyder
Page: 3
Date: September 30, 2008

Funding Date: August 29, 2006
Freddie Mac Loan #: 329249347


LTV: 75%
Mortgage Purpose: Refinance (OO)
S/S Loan Number: 5303718307
Note Date: April 24, 2006


Freddie Mac has determined the above referenced loan is not of acceptable quality due to the violations of the Single-Family Seller/Servicer Guide sections and/or Master Agreement as noted below.

**THIS LOAN WAS UNDERWRITTEN TO THE TERMS AND PROVISIONS OF THE SELLER'S MASTER COMMITMENT #T06073149 – STATED INCOME/VERFIED ASSET PROGRAM.**

**CAPACITY**
Freddie Mac has determined that the stated income is not reasonable based on the Borrower's current position, profession and tenure.

* The loan application stated the Borrower's profession as a superintendent, currently employed by Urata & Sons Concrete for five years earning $7,500 per month.
* A reverification of the Borrower's employment with J. Senf, Payroll Supervisor at 916-638-5364, confirmed that the Borrower's employment as a carpenter was terminated on February 7, 2006, two months prior to closing.
* Research of two salary databases SimplyHired.com and SalaryIndeed.com confirmed that experienced carpenters located in the zip code where the Borrower is employed have a salary range of $18,000 to $47,000 annually.

The loan was not eligible for sale to Freddie Mac. Should you wish to appeal the decision, you must provide documentation to evidence how you determined that the Borrower's stated income was reasonable.

MAS1 LOAN 5303718307    MSP LOAN MASTER MAINT. & DISPLAY    10/30/08    13:55:56
        NAME D  ELDRIDGE   TYPE 13 1ST MTG,CONVEN W/O INS                    GROUP
-- AQN1 -- ACQUISITION AND SALES --------------------------------------------
  ACQN      ACQUISITION       OLD LOAN    ACQUISITION    OLD SVCR    Y/E RPTG
  DATE       PRIN BAL         NUMBER          ID         NUMBER     FROM ACQ DT
 080106     221616.64        1260031       AMH0806S       ____          Y
(MMDDYY)                                                             (Y/N)

ACQUISITION    OLD LN # INDEX
   TYPE        STOP DATE
    3           050137
1-ORIGINATED   (MMDDYY)
2-PURCHASED
3-SERV TRANSFER  SPEC CD: 500   RCRS CD: __   CUST CD: _____

            LOAN SERV      NEW SERV           CONTRACT LOAN       SERV
            SOLD ID      LOAN NUMBER          SERV SOLD DT      TRANS DT
  1ST                                            MMDDYY          MMDDYY
  2ND       _____   _____
            _____   _____

----------------------------------------------------------------------------
LIFE-OF-LOAN: POTENTIAL RECOURSE TO PRIOR 3RD PARTY
DISCHARGED CH7 BANKRUPTCY          COMPLETED CH 7 BANKRUPTCY
LOAN IS IN FORECLOSURE, F/C STOP = 7   284 DAYS PAST PROJECTED LEGAL DATE



Freddie Mac Confidential Information

**Freddie Mac**

We make home possible ™

Southeast/Southwest Office
2300 Windy Ridge Parkway, Suite 200
Atlanta, GA 30339
Phone: (770) 857-8800
Fax: (770) 857-8808

HARD COPY TO FOLLOW E-MAIL

*This letter, any attached documents, and our related discussions and correspondence, contain Confidential Information of Freddie Mac (e.g., borrower information) that you have agreed to keep secure and confidential, and to protect against unauthorized access and/or use. Please refer to Sections 2.16 and 53.3 of the Freddie Mac Single-Family Seller/Servicer Guide, and any other confidentiality or non-disclosure agreements between our companies for additional details.*

May 16, 2008

Tait O. Norton
WASHINGTON MUTUAL BANK
7301 Baymeadows Way
JAXB3182
Jacksonville, FL 32256

RE:    Seller/Servicer #:        112491
       Contract #:              0608186028
       Funding Date:            August 29, 2006
       Freddie Mac Loan #:      329220535
       Property Location:       MARIETTA, GA 30067-0000

Dear Mr. Norton:

The above referenced mortgage was selected by Freddie Mac for a postfunding quality control review and was found to be not in compliance with the Purchase Documents. Pursuant to Section 72.1 of the *Single-Family Seller/Servicer Guide*, we are exercising our right to require repurchase. An explanation of why the mortgage does not meet Freddie Mac's requirements is attached.

**Repurchase of this mortgage, which is now in REO (or make whole) status, must be completed on or before June 15, 2008.**

*Failure to remit the appropriate repurchase funds by this date will result in you being assessed marketing expenses, fees and/or penalties.*

The necessary repurchase information/calculation may be obtained by:

- calling Real Estate Services at (972) 395-4000 or
- sending a written request by fax* to (972) 395-4467, Attn: RES Repurchase Dept.
- sending a written request by e-mail to "REO_Repurchase_Calculations@freddiemac.com"

* You should receive REO repurchase/make whole calculations within 3 business days of your request.

**Please note that Freddie Mac initiates and continues marketing all REO properties until repurchase funds have been received and therefore may accept contracts and/or sell the property pending completion of the repurchase. All marketing efforts and contract negotiations are at the sole discretion of Freddie Mac until repurchase funds have been received.**

Please contact me at (770) 857-8890 if you have any questions regarding our decision on the loan. All matters relating to the REO disposition process must be directed to the above referenced numbers. Any appeal to this repurchase request must be received in writing by the above repurchase due date in order to be considered.

Freddie Mac Confidential Information

Tait O. Norton
Page: 2
Date: May 16, 2008

Funding Date: August 29, 2006
Freddie Mac Loan #: 329220535

Thank you for your prompt attention to this matter.

Sincerely,

Laura Desin
Underwriter, Quality Control
(770) 857-8890

Attachment(s)

Freddie Mac Confidential Information

Tait O. Norton
Page: 3
Date: May 16, 2008

Funding Date: August 29, 2006
Freddie Mac Loan #: 329220535

LTV: 80%
Mortgage Purpose: Purchase (OO)
S/S Loan Number: 5303703721
Note Date: May 15, 2006

## HOW DID WE REACH OUR CONCLUSIONS?

Freddie Mac has determined the above referenced loan is not of acceptable quality due to the violations of the Single-Family Seller/Servicer Guide sections and/or Master Agreement as noted below.

THIS LOAN HAS BEEN UNDERWRITTEN TO THE TERMS AND PROVISIONS OF THE SELLER'S MASTER AGREEMENT #T06080249.

## GENERAL ELIGIBILITY REQUIREMENTS

Freddie Mac has determined that the loan file did not meet the flood certification requirements per the Freddie Mac Seller/Servicer Guide, Section 46.20, which states that the flood zone determination must be documented as required in Section 58.3. Section 58.3 states that, a flood zone determination must be made for each property securing a Mortgage sold to Freddie Mac. The flood determination for the subject property was not included in the loan file and although Freddie Mac had requested this documentation, it was not received.

In addition, Freddie Mac has determined that the subject mortgage does not meet the terms of your negotiated waiver to deliver "Stated Income/Stated Assets" (SISA) Mortgages. According to the terms of the Master Agreement #T06080249, Exhibit B, Page 16 of 18, which states that loans made to borrowers owning multiple non-owner occupied properties must meet the following requirements File must contain documentation evidencing the borrower's experience owning multiple investment properties (two years' experience required); or Borrower has acquired or is in the process of acquiring a maximum of (including the subject property, if applicable. Per the loan application and credit report, the Borrower had purchased two (2) investment properties in 4/2006 and 5/2006, in addition to the subject property on 5/2006. Therefore, the Borrower had acquired three (3) properties (including the subject) within 6 months, which exceeds the maximum of two (2).

The subject mortgage was not eligible for sale to Freddie Mac.

```
  MAS1 LOAN 5303703721    MSP LOAN MASTER MAINT. & DISPLAY   10/30/08    13:55:53
       NAME ED MCHUGH     TYPE 13 1ST MTG,CONVEN W/O INS   (ARM)         GROUP
  -- AQN1 -- ACQUISITION AND SALES ---------------------------------------------
    ACQN      ACQUISITION        OLD LOAN    ACQUISITION   OLD SVCR    Y/E RPTG
  . DATE      PRIN BAL           NUMBER          ID         NUMBER    FROM ACQ DT
    080106    279920.00      1286611          AMH0806S        ___          Y
  (MMDDYY)                                                               (Y/N)


  ACQUISITION    OLD LN # INDEX
     TYPE        STOP DATE
      3           060137
  1-ORIGINATED   (MMDDYY)
  2-PURCHASED
  3-SERV TRANSFER  SPEC CD: 500   RCRS CD: __   CUST CD: _____


             LOAN SERV       NEW SERV          CONTRACT LOAN    ` SERV
             SOLD ID        LOAN NUMBER         SERV SOLD DT    TRANS DT
  1ST                                             MMDDYY         MMDDYY
  2ND        _____       _____
             _____       _____

  ---------------------------* ADDITIONAL MESSAGES *---------------------------
  LIFE-OF-LOAN: POTENTIAL RECOURSE TO PRIOR 3RD PARTY
  DIST-TYPE = 1 INTEREST-ONLY LOAN      LOSS MIT IND = 8 LOSS ANALYSIS COMP
  FORECLOSURE REMOVAL
```

*Adams*

Freddie Mac Confidential Information



**Freddie Mac**

We make home possible ℠

North Central Regional Office
333 West Wacker Drive, Suite 2500
Chicago, IL  60606
Phone: (312) 407-7400
Fax: (312) 407-7397

HARD COPY TO FOLLOW E-MAIL

*This letter, any attached documents, and our related discussions and correspondence, contain Confidential Information of Freddie Mac (e.g., borrower information) that you have agreed to keep secure and confidential, and to protect against unauthorized access and/or use. Please refer to Sections 2.16 and 53.3 of the Freddie Mac Single-Family Seller/Servicer Guide, and any other confidentiality or non-disclosure agreements between our companies for additional details.*

August 5, 2008

Lucy Snyder
Vice President
WASHINGTON MUTUAL BANK
7255 Baymeadows Way
JAXA2090
Jacksonville, FL  32256

RE:     Seller/Servicer #:          112491
        Contract #:                0608186022
        Funding Date:              August 29, 2006
        Freddie Mac Loan #:        329220500
        Property Location:         CAPE CORAL, FL  33909-0000

Dear Ms. Snyder:

The attached mortgage(s) were selected by Freddie Mac for a post purchase quality control review.  As a result of the recently completed quality control review(s), Freddie Mac has determined that the attached mortgage(s) must be repurchased.  Pursuant to Section 72.1 of the <u>Single-Family Seller/Servicer Guide</u> (the Guide), mortgages that do not comply with Freddie Mac's requirements must be repurchased.  An explanation of why the attached mortgage(s) do not meet Freddie Mac's requirements is attached.

Repurchase of the mortgage(s) must be completed on or before **September 4, 2008**.  The repurchase procedures to be followed are determined by the status of the mortgage, and are stated in full in Section 78.20 of the Guide and summarized as follows:

* Active Mortgages:  Repurchases of active mortgages are to be reported through the repurchase Loan Level Transaction to Freddie Mac via automated means using MIDANET [(R)].  The repurchase amount must be remitted to Freddie Mac via the telephonic cash remittance system by which you make your regular monthly remittances.

* Inactive Mortgages:  Repurchases of inactive mortgages must be reported as a payoff - mortgage repurchase.  Proceeds must be remitted to Freddie Mac via the telephonic cash remittance system described above.

* Real Estate Owned (REO):  Repurchases of mortgages transferred to REO are accounted for and reported by remitting the proceeds to the applicable Freddie Mac office (Attention, REO Accounting Department) by check, accompanied by Form 105.  The repurchase amount must be verified with the applicable REO Accounting Department.

NOTE:     If the status of the mortgage should change at any time prior to the actual repurchase, you should follow the procedures outlined above for the appropriate status at the time the repurchase funds are remitted.

Freddie Mac Confidential Information

Lucy Snyder
Page: 2
Date: August 5, 2008

Funding Date: August 29, 2006
Freddie Mac Loan #: 329220500

At Freddie Mac's discretion, the repurchase price may also include any premium paid for mortgages purchased under the Gold Cash method of pricing.

Should you have any questions regarding the repurchase procedure, please refer to Section 78.20 of the Guide, or call Freddie Mac's 1-800-FREDDIE Customer Service Line. You will be asked for your Seller/Servicer number.

If you have facts that you believe demonstrate that any loan complies with Freddie Mac's requirements, you may submit them with an explanation of why these facts support your position and why these facts were not included with the original quality control file. In accordance with the requirements of Section 72.6 of the Guide, the submission must be full and complete and contain a summary of the relevant facts and a statement of why the decision should be reversed. Any appeal must be submitted to the undersigned on or before the repurchase deadline indicated above.

Thank you for your prompt attention to this matter.

Sincerely,


Philip Walker
Manager, Quality Control
(312) 407-7543

Attachment(s)

Freddie Mac Confidential Information

Lucy Snyder
Page: 3
Date: August 5, 2008

Funding Date: August 29, 2006
Freddie Mac Loan #: 329220500

LTV: 70%
Mortgage Purpose: Refinance (Investment)
S/S Loan Number: 5303703572
Note Date: May 10, 2006

Freddie Mac has determined the above referenced loan is not of acceptable quality due to the violations of the Single-Family Seller/Servicer Guide sections and/or Master Agreement as noted below.

**THIS LOAN WAS UNDERWRITTEN TO THE TERMS AND PROVISIONS OF THE SELLER'S MASTER COMMITMENT #T06080249 STATED INCOME/STATED ASSET PROGRAM.**

**NOTE: Freddie Mac purchased a total of three loans for this Borrower. All loans are being reviewed concurrently.**

**DOCUMENTATION**
The mortgage file submitted for quality control review lacked the following required documentation: (Guide Section 46.1)

* Title Policy
* Copy of note for second mortgage

A request was previously made for the missing title policy; however, in response to the request, we received only a copy of the title commitment.

MAS1 LOAN 5303703572     MSP LOAN MASTER MAINT. & DISPLAY    10/30/08   13:55:49
      NAME M ADAMS        TYPE 13 1ST MTG,CONVEN W/O INS                  GROUP
-- AQN1 -- ACQUISITION AND SALES ----------------------------------------------
  ACQN        ACQUISITION       OLD LOAN       ACQUISITION    OLD SVCR    Y/E RPTG
 · DATE       PRIN BAL          NUMBER ·           ID          NUMBER    FROM ACQ DT
  080106      241337.96        1284025         AMH0806S        ____         Y
 (MMDDYY)                                                                  (Y/N)

ACQUISITION    OLD LN # INDEX
   TYPE        STOP DATE
    3           060137
1-ORIGINATED   (MMDDYY)
2-PURCHASED
3-SERV TRANSFER  SPEC CD: 500   RCRS CD: __   CUST CD: _____

            LOAN SERV        NEW SERV            CONTRACT LOAN       SERV
            SOLD ID        LOAN NUMBER          SERV SOLD DT       TRANS DT
    1ST                                            MMDDYY          MMDDYY
    1ST     _____     _____
    2ND     _____     _____
-------------------------------------------------------------------------------
**LIFE-OF-LOAN: POTENTIAL RECOURSE TO PRIOR 3RD PARTY**
**LOAN IS IN FORECLOSURE, F/C STOP = 3    426 DAYS PAST PROJECTED LEGAL DATE**

Ms. Rhonda Klansky
Credit Specialist III
Home Loans Division
Washington Mutual
7255 Baymeadows Way
Mailstop: JAXA1090
Jacksonville, FL 32256

**Date of Notification:** 06/30/2008

**Action Requested: Remove This Loan From Our REO Inventory**

**Note: Please remit the current amount due using Special Remittance Code 315 - Repurchase Proceeds. Refer to our Servicing Guide for specific instructions.**

**Loan Information:**

| | |
|---|---|
| **Fannie Mae Loan No:** | 1701805851 (See last page of letter for additional loan details.) |
| **Servicer Loan Number:** | 5303632789 |
| **Borrower(s):** | CHARLES BRITT |
| **Property Address:** | 8839 77TH ST |
| | WOODHAVEN, NY 11421-2309 |
| **Seller Name:** | WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. |
| **Seller No:** | 205650008 |
| **Servicer Name:** | WASHINGTON MUTUAL BANK |
| **Servicer No:** | 126690002 |
| **Broker/Originator:** | OPTIMUM HOME FUNDING INC |
| **REO Status:** | Listed |

**Amount Requested:** Amount requested is subject to change daily.

## Findings:

**Ineligible mortgage/incomplete or inaccurate delivery data:**

The subject mortgage was delivered to Fannie Mae in an Alt A bulk transaction as a 1 unit property. Our review of the loan indicated that the property was actually 2 units. The subject mortgage failed to meet contract parameters and was ineligible for delivery to Fannie Mae.

The subject mortgage was delivered to Fannie Mae in an Alt A bulk transaction with a representative FICO Score of 804. Our review of the loan indicated that the actual representative FICO Score was 784. The subject mortgage failed to meet contract parameters and was ineligible for delivery to Fannie Mae.

The subject mortgage was delivered to Fannie Mae in an Alt A bulk transaction with all loans in the pool to be underwritten to Washington Mutual's ALT A guidelines. The loan was delivered as a No Income/No Ratio loan. Washington Mutual's Alt A guidelines state that if the borrower's payment shock is 200% or greater than the loan must be processed under Full/Alt doc guidelines. The borrower's payment shock for this loan was 311%. The subject mortgage failed to meet contract parameters and was ineligible for delivery to Fannie Mae.

The subject mortgage was delivered to Fannie Mae in an Alt A bulk transaction with all loans in the pool to be underwritten to Washington Mutual's ALT A guidelines. The loan was delivered as a No Income/No Ratio loan. The loan file contained a 1003 and 1008 with $1,200 per month rental income disclosed. Washington Mutual's Alt A guidelines state that if income is stated on the URLA (1003), the loan cannot be processed with the No Income/No Ratio feature. The subject mortgage failed to meet contract parameters and was ineligible for delivery to Fannie Mae.

**Fannie Mae Contacts:**

Underwriting Consultant:          Jean Green
                                  jean_green@fanniemae.com
                                  404-398-6406

Underwriting Director:            Maria Brewster
                                  maria_b_brewster@fanniemae.com
                                  972-773-7919

Responses with additional information may be submitted via QAS or by contacting your Underwriting Consultant, if they are submitted no later than 07/30/2008.

## Additional Loan Information

**Fannie Mae Loan Number:** 1701805851

**Servicer Loan Number:**

| | |
|---|---|
| **Borrower(s):** | CHARLES BRITT |
| **Property Address:** | 8839 77TH ST |
| | WOODHAVEN, NY 11421-2309 |
| **Review Type:** | Post Foreclosure Review |
| **LTV:** | 68.00% |
| **CLTV:** | 100.00% |
| **HCLTV:** | N/A |
| **Product:** | ALT-A No Ratio |
| **Occupancy:** | Principal |
| **Loan Purpose:** | Purchase |
| **Property Type:** | Detached |
| **AUS:** | DU |
| **Recommendation:** | Refer with Caution 4 |
| **Contract Number:** | LV0164 |
| **Closing Date:** | 04/07/2006 |
| **LPI Date:** | 05/01/2007 |
| **Special Feature Code(s):** | ALT-A No Ratio; No Flood Insurance - Not a Special Flood Hazard Area Property; 10- Year Interest Only Period - IO |
| **Origination Appraiser:** | SAILENDRA PERSAUD |

```
.   MAS1 LOAN 5303632789    MSP LOAN MASTER MAINT. & DISPLAY    10/30/08    13:55:41
        NAME C  BRITT      TYPE 13 1ST MTG,CONVEN W/O INS  (ARM)           GROUP
    -- AQN1 -- ACQUISITION AND SALES ----------------------------------------------
     ACQN       ACQUISITION      OLD LOAN      ACQUISITION    OLD SVCR    Y/E RPTG
    ` DATE       PRIN BAL         NUMBER           ID          NUMBER   FROM ACQ DT
     070106     417000.00       1232952        AMH0706S        ____         Y
    (MMDDYY)                                                              (Y/N)


    ACQUISITION   OLD LN # INDEX
       TYPE         STOP DATE
        3           050137
    1-ORIGINATED   (MMDDYY)
    2-PURCHASED
    3-SERV TRANSFER  SPEC CD: 500   RCRS CD: __   CUST CD: _____

             LOAN SERV        NEW SERV           CONTRACT LOAN       SERV
             SOLD ID        LOAN NUMBER          SERV SOLD DT      TRANS DT
     1ST                                           MMDDYY          MMDDYY
     2ND     _____    _____

    --------------------------* ADDITIONAL MESSAGES *---------------------------
    LIFE-OF-LOAN: POTENTIAL RECOURSE TO PRIOR 3RD PARTY
    DIST-TYPE = 1 INTEREST-ONLY LOAN
    LOAN IS IN FORECLOSURE, F/C STOP = 7   FULL SETTLEMENT      03/21/08
```

Kotevski



200 South College Street
Charlotte, NC 28255
NC1-014-12-20

February 23, 2006

Attn: Becky Weaver
Conduit Repurchase Manager
Washington Mutual Mortgage Services Corp.
2210 Enterprise Dr.
Florence, SC 29501

RE:   Loan Number:      601382574
      Address:          38600 N ARBOR CT
                        WADSWORTH IL 60083

Dear Ms. Weaver,

Bank of America purchased the above referenced mortgage from Washington Mutual Bank on April 30, 2004. During a post purchase credit and compliance review of the mortgage loan file, we determined that there is a deficiency that requires this loan to be repurchased. Please see below for our findings:

Borrower's employment:
The initial 1003 Residential Loan Application indicates that both borrowers were employed by "Tires Plus" for six months. Note the address was left blank. The final 1003 Residential Loan application signed at closing was left blank under Employment Information.   The verbal VOE's, completed by Andrea Burke indicate both of the borrowers are "Salesman".  The person that verified the information was Evy Rivera, Regional Mgr for Demi's Tire, Inc. (Division of Tires Plus).  In checking public records, it appears the borrowers were self employed with Demi's Tire Inc. as the co-borrower; Verica Kotevski is the registered agent. The secure.accurint.com web site shows the president as Branko Kotevski, our borrower. The Corporation file detail report indicates the incorporation date was 11/13/2002 and the involuntary dissolution was 4/01/2004.  Note the loan date was 12/16/2003.  BOA did call the telephone number on the verbal VOE's and did reach Evy Rivera (the person that verified their employments on 12/17/2003). When she was questioned about the name of the company, she said she used to work for Dem's Tire but referred us to speak with the company and would not continue the conversation. BOA did confirm that the telephone number was a cell

Repurchase Notice V1.doc



200 South College Street
Charlotte, NC 28255
NC1-014-12-20

number. All of the above indicate that the borrowers' have misrepresented their employment by not disclosing self employment.

APR/Finance charges on final Truth-in-Lending:
Using the HUD 1 from the subject closing, the finance charges are $3,829.06. The origination lender used $3,664.06 which is a difference of $165.00 and exceeds the $100 threshold. The final APR is 5.8200. The borrowers need to be refunded the $165.00 since the fees were under disclosed. Please furnish BOA a copy of the cover letter, check payable to the borrowers and a FED X tracking receipt or other acceptable company that also uses a tracking receipt. This should cure the deficiency.

Missing documentation:
From the credit report in the file, it appears we are missing pages 7-10. Please furnish the complete credit report for subject loan.

Bank of America requests repurchase due to the misrepresentation of the employment as sited above and is a breach of the reps and warrants located in section 4.1 paragraph (o) & (jj).

Should you have any questions or believe that an appeal to Bank of America's decision is warranted, please forward your written response along with any supporting documentation to Lsbo_repurchase@bankofamerica.com.

Sincerely,

Shanthi Anupindi
Bank of America – LSBO Master Servicing
Phone: (704) 387-2423
Fax: (704) 388-6544
Shanthi.anupindi@bankofamerica.com

Repurchase Notice V1.doc

MAS1 LOAN 5302700710    MSP LOAN MASTER MAINT. & DISPLAY    10/30/08    13:55:31
          NAME B  KOTEVSKI    TYPE 13 1ST MTG,CONVEN W/O INS                GROUP
-- AQN1 -- ACQUISITION AND SALES --------------------------------------------
   ACQN        ACQUISITION      OLD LOAN      ACQUISITION   OLD SVCR    Y/E RPTG
   DATE         PRIN BAL        NUMBER            ID         NUMBER    FROM ACQ DT
   040104      493963.90       461015          AMH0404       ____          Y
  (MMDDYY)                                                              (Y/N)


ACQUISITION    OLD LN # INDEX
   TYPE        STOP DATE
    3
1-ORIGINATED      (MMDDYY)
2-PURCHASED
3-SERV TRANSFER  SPEC CD: 500   RCRS CD: __   CUST CD: _____


          LOAN SERV        NEW SERV            CONTRACT LOAN      SERV
          SOLD ID        LOAN NUMBER           SERV SOLD DT    TRANS DT
                                                  MMDDYY        MMDDYY
  1ST    _____    _____
  2ND    _____    _____

-----------------------------------------------------------------------------
**LIFE-OF-LOAN: POTENTIAL RECOURSE TO PRIOR 3RD PARTY**
**ACTIVE LOSS MITIGATION**               **LOSS MIT IND = 3 WORKOUT APPROVED**
**FULL SETTLEMENT**        **03/12/08**   **669 DAYS PAST PROJECTED LEGAL DATE**

TO: e Y

 Triad Guaranty
_Insurance_

September 26, 2008

Ms. Dawn Lehrmann
Washington Mutual Home Loans, Inc
Attn; Jax Recourse & Recovery
M/S: Jaxa2090
7255 Baymeadows Way
Jacksonville, FL  32256

SEP 2 9 2008

Re:   Commitment/Certificate #:   06-04184
        Loan #:                            5303600737
        Borrower:                       Toler
        Property:                         927 Paxton Avenue
                                              Cleveland, OH  44103

Dear Ms. Lehrmann:

It has come to our attention that the information submitted to Triad Guaranty, and upon which Triad Guaranty relied when agreeing to issue or accept delegation of this commitment/certificate, included documentation and/or representations of the subject transaction, which were materially false, incorrect or incomplete.  Triad Guaranty relies on the information submitted to determine whether to issue or accept delegation of coverage.  Had this information been known at commitment issuance, Triad Guaranty would not have agreed to issue or accept delegation of this commitment/certificate based on the facts, as they actually existed or would not have agreed to issue or accept delegation of this commitment/certificate at the current rates based on the facts, as they actually existed.

Under Section III: D and VI. C-D. of the master policy, the origination lender assumes responsibility for any material misrepresentation on the part of the borrower or any person supplying information on his or her behalf.  In addition, the originating lender agrees that loans which do not meet the delegated criteria are ineligible for coverage.  The originating lender agrees that Triad Guaranty may deny liability or rescind coverage on the certificate when it is subsequently determined that the information provided in the application process were false, incorrect, or incomplete in any respect that was material to the decision to insure or to issue at the current rates, or when it is determined that the loan does not meet the delegated criteria.

Upon review of the documentation supporting the certificate issued with respect to this loan, we obtained the information detailed for you in Addendum A to this letter.  Had Triad been aware of the information listed in Addendum A, we would not have insured this transaction, would not have insured it at the current rates, or would not have permitted its delegation.  Consequently, we feel that we have no choice but to rescind this certificate and to refund all premiums that have been paid in connection with it.  Attached is our check representing a full refund of all premiums paid under this certificate of insurance.  We regret finding ourselves forced to take this action, but we feel that we have no other alternative under the circumstances.

Triad Guaranty Insurance Corporation
P.O. Box 2300 • Winston-Salem, NC 27102
101 South Stratford Road • Winston-Salem, NC 27104
336-723-1282 • 800-451-4872 • 336-917-5942 (Fax) • E-mail: lhardy@tgic.com



**▲Triad Guaranty** *Insurance*

Ms. Dawn Lehrmann
Page 2 of 3
September 26, 2008

There may be other breaches of delegated authority or material misrepresentations contained in the application and we reserve all rights in this matter. The information provided in this letter is believed to be accurate, complete and not in dispute.

If you feel that we have made this determination based on erroneous information or if you have additional information that may affect our decision specifically stated in this letter, please forward your appeal in writing to my attention within 60 days of the date of this letter at the letterhead address. Be sure to include the specifics of your grounds for appeal and any documentation that you have which may dispute our findings to ensure that it receives our prompt consideration. Acceptance of the premium refund associated with this letter does not negate your right to file and appeal to this rescission. If the appeal is approved and the rescission is overturned you need only to refund the premiums returned to you with this rescission.

Sincerely,

Tracy Gray
Quality Assurance

Enclosure

Triad Guaranty Insurance Corporation
P.O. Box 2300 • Winston-Salem, NC 27102
101 South Stratford Road • Winston-Salem, NC 27104
336-723-1282 • 800-451-4872 • 336-917-5942 (Fax) • E-mail: lhardy@tgic.com

AUDL0006(P)



△ **Triad Guaranty**
*Insurance*

Ms. Dawn Lehrmann
Page 3 of 3
September 26, 2008

### ADDENDUM A

Re:   Commitment/Certificate # 06-04184

The loan was submitted to Triad Guaranty by American Home Mortgage through delegated submission under Master Policy 38-0226-0004 to be insured as a rate/term refinance of an investment property.  The file was submitted to Triad as a verified income and assets loan program.  The loan was approved as a verified income and assets loan program.  During the process of Triad's Quality Assurance review, it was determined that the loan was approved outside of the approved delegated program guidelines.  Consequently, the loan does not comply with American Home Mortgage's approved delegated guidelines and is ineligible for coverage.

The Uniform Residential Loan Application dated March 3, 2006 (Exhibit A) indicates the borrower is employed with Republic Services of Ohio Hauling as a Truck Driver.  The application reflects that the borrower has been employed with this company for four years and earns $2,704.00 per month.

The Choice Series General Underwriting Guidelines (Exhibit B) state, "...For purposes of verifying income and employment for salaried borrowers obtain the borrower's pay stub covering the most recent thirty day period and reflecting year-to-date earnings, two years most recent W-2s, or two years most recent 1040s, a verbal verification of employment prepared five days prior to the closing."

The loan file contains a copy of the borrower's pay statements dated January 1, 2006 through January 7, 2006 and January 8, 2006 through January 14, 2006 (Exhibit C).  The loan file also contains a copy of the borrower's 2003 and 2004 W-2 and Earnings Summary (Exhibit D).

The loan file provided to Triad for review does not contain the borrower's 2005 W-2 and Earnings Summary and a pay statement that reflects the most recent 30 day period, nor is there any indication in the loan file provided to Triad that the documentation was requested at the time of loan approval.

Based on the investigative findings referenced above, Triad has determined that material misrepresentation exists in the loan file to include program.  The loan does not comply with approved delegated guidelines and therefore, is ineligible for coverage.

Triad Guaranty Insurance Corporation
P.O. Box 2300 • Winston-Salem, NC 27102
101 South Stratford Road • Winston-Salem, NC 27104
336-723-1282 • 800-451-4872 • 336-917-5942 (Fax) • E-mail: lhardy@tgic.com

At DLA004(P)

```
MAS1 LOAN 5303600737     MSP LOAN MASTER MAINT. & DISPLAY   10/30/08   13:55:38
          NAME BF TOLER     TYPE 16 1ST MTG,CONVEN W/INS   (ARM)      GROUP
-- AQN1 -- ACQUISITION AND SALES ------------------------------------------------
  ACQN      ACQUISITION      OLD LOAN      ACQUISITION   OLD SVCR    Y/E RPTG
  DATE       PRIN BAL        NUMBER           ID          NUMBER   FROM ACQ DT
  060106      88200.00      1001157430      AMH0606S       ___         Y
(MMDDYY)                                                             (Y/N)


ACQUISITION    OLD LN # INDEX
   TYPE          STOP DATE
    3             030137
1-ORIGINATED    (MMDDYY)
2-PURCHASED
3-SERV TRANSFER  SPEC CD: 500   RCRS CD: __   CUST CD: _____


          LOAN SERV        NEW SERV           CONTRACT LOAN      SERV
          SOLD ID        LOAN NUMBER          SERV SOLD DT     TRANS DT
 1ST     _____     _____      MMDDYY         MMDDYY
 2ND     _____     _____
```

--------------------------------------------------------------------------------
**LIFE-OF-LOAN: POTENTIAL RECOURSE TO PRIOR 3RD PARTY**
**DIST-TYPE = 1 INTEREST-ONLY LOAN**
**LOAN IS IN FORECLOSURE, F/C STOP = 5   518 DAYS PAST PROJECTED LEGAL DATE**

 **CONNOLLY BOVE LODGE & HUTZ LLP**

ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

Christina M. Thompson
TEL (302) 884-6592
FAX (302) 658 0380
EMAIL cthompson@cblh.com

November 24, 2008

**BY FEDERAL EXPRESS**
EPIQ Bankruptcy Solutions, LLC
Attn: American Home Mortgage Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

　　　Re:　**American Home Mortgage Holdings, Inc., et al.**
　　　　　**Case No. 07-11047 (CSS) (Jointly Administered)**

Dear Sir or Madam:

　　　Enclosed please find an original plus one copy of Washington Mutual Mortgage Securities Corp.'s amended proof of claim against each of debtor entities in the above referenced matter, case nos. 07-11047 (CSS) through 07-11054 (CSS). Please file each of the enclosed original claims in each of the designated bankruptcy cases, and then return the extra time-stamped copy of each of the claim to my attention in the self-addressed stamped envelope enclosed herewith.

　　　Should you have any questions regarding the foregoing, please do not hesitate to contact me. Thank you for your attention to this matter.

　　　　　　　　　　Very truly yours,

　　　　　　　　　　Christina M. Thompson

CMT/dap
Enclosures
#649123

WILMINGTON, DE　　　　　　　WASHINGTON, DC　　　　　　　LOS ANGELES, CA



ORIGIN ID: ZWIA (302) 888-6424
MAILROOM
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. ORANGE STREET
8TH FLOOR
WILMINGTON, DE 19801
UNITED STATES US

Ship Date: 24NOV08
ActWgt: 13.0 LB MAN
System#: 3030216/CGFE2359
Account: 6 019126408

TO EPIQ BANKRUPTCY SOLUTIONS LLC
ATTN: AMERICAN HOME MORTGAGE CLAIMS
757 THIRD AVENUE
3RD FLOOR
NEW YORK, NY 10017

FedEx
Express

Ref: 15082*2

Delivery Address Barcode

BILL SENDER

PRIORITY OVERNIGHT          TUE
                       Deliver By
TRK#  935   874 4767  Form  25NOV08
                      0201
10017  -NY-US   ZB   EWR  A1
                            OGSA

CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW
THE NEMOURS BUILDING
1007 NORTH ORANGE STREET
P.O. BOX 2207
WILMINGTON, DELAWARE 19899

RECEIVED
NOV 25 2008
BY:

EPIQ Bankruptcy Solutions, LLC
Attn: American Home Mortgage Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017