# EXHIBIT A

Form B10 (Official Form 10)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | Chapter 11 PROOF OF CLAIM |
|---|---|

**Name of Debtor Against Which You Assert Your Claim:**

Debtor Name: Great Oak Abstract Corp.   Case No: 07-11054 (CSS)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)   0000009138

**A. Name and Address of Creditor** (The person or other entity to whom the debtor owes money or property):

Washington Mutual Mortgage Securities Corp.
c/o Mr. Michael D. Coyne
Washington Mutual Bank
623 Fifth Avenue, 17th Floor
New York, New York 10022

212-317-6372
Telephone No. of Creditor

Fax No. of Creditor

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.

☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

**B. Name and Address of signatory or other person to whom notices must be served, if different from above.** (Check box if): ☐ replaces above ☒ additional address

Name: David H. Zielke, Esquire
Company/Firm: Washington Mutual
Address: 1301 Second Avenue, WMC 3501, Seattle, WA 98010

Account or Other Number by Which Creditor Identifies Debtor: **See Attached Exhibits.**

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____

**1. Basis for Claim**

☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☐ Other: _____

☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☒ Other contract: See Attached Exhibits

☐ Retiree benefits as defined in 11 U.S.C. § 1114 (a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN: _____
Unpaid compensation for services performed from _____ to _____ (date) (date)

**2. Date debt was incurred:** See Attached Exhibits.

**3. If claim is based on a Court Judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**

$ 3,819,269.48**       $_____       $_____       $ 3,819,269.48**
(unsecured)           (secured)       (priority)     (Total)
** Plus accrued interest, attorneys' fees, costs and other applicable charges.

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additioanal charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff)
Brief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other: _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim:**
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,950), *earned within 90 days before filing of the bankruptcy petition or cessation of debtor's business, whichever is earlier -- 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan -- 11 U.S.C. § 507 (a) (5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -- 11 U.S.C. § 507 (a) (7).
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Taxes or penalties owed to governmental units -- 11 U.S.C. § 507 (a) (8).
☐ Other -- Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
* Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **See Attached Exhibits.**
**10. Date-Stamped Copy:** To receive acknowledgement of the filing of your claim, enclose a stamped, self-addressed stamped envelope and copy this proof of claim.

Date: 1/10/08

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:

Print: Christina M. Thompson, Esq.   Title: Attorney for Washington Mutual Mortgage Securities Corp.
Signature: [signature]

This Space Is For Court Use Only

FILED / RECEIVED
JAN 11 2008
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

#585707

EXHIBIT A TO PROOF OF CLAIM OF
WASHINGTON MUTUAL MORTGAGE SECURITIES CORP.
IN RE GREAT OAK ABSTRACT CORP., CASE NO. 07-11054 (CSS)

1. Washington Mutual Mortgage Securities Corp. ("WMMSC") and American Home Mortgage ("Debtor")[1] are parties to Memorandum of Sale ("MOS"), which provides for, among other things, the sale of certain residential mortgage loans ("Mortgage Loans") and the servicing rights related to such loans by the Debtor to WMMSC.

2. On August 6, 2007 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). On October 30, 2007, the Court entered an order that establishes January 11, 2008 ("Bar Date"), as the general claims bar date in the above-captioned bankruptcy case.

3. With respect to each of the Mortgage Loans sold by the Debtor to WMMSC, the Debtor made certain representations, warranties and covenants to WMMSC which, if breached, provided WMMSC with certain remedies including, but not limited to, repurchase by the Debtor of the subject Mortgage Loans. *See, e.g.,* MOS and related Washington Mutual Mortgage Securities Corp. Seller Guide at section 602.01(A) "Early Payment Default," section 601.02(A)(1) "Valid First Lien," and section 601.02(C)(7) "Underwriting."[2]

4. As of the Petition Date, WMMSC is owed $3,819,269.48 by the Debtor with respect to mortgage loans that the Debtor is obligated to repurchase from WMMSC. Attached to this proof of claim as Exhibit B is (a) a spreadsheet that details the amount of $3,819,269.48 and (b) to the extent currently available to WMMSC, copies of the repurchase demand letters that were issued by WMMSC to the Debtor prior to the Petition Date.

5. WMMSC hereby asserts an unsecured, non-priority claim against the Debtor for amounts due under the various Purchase Agreements in the amount of **$3,819,269.48**, plus additional accrued interest, attorneys' fees, costs and other applicable charges ("Claim").

6. WMMSC expressly reserves all rights and remedies that it has or may have against the Debtor or any other person or persons liable for all or part of the indebtedness claimed herein. This proof of claim is filed to protect WMMSC from forfeiture of its Claim. The filing of this proof of claim is not: (a) a waiver or release of WMMSC's rights or remedies against any person, entity or property; (b) an election of a remedy; or (c) a waiver of the right to assert a different or enhanced classification or priority in respect of the Claim asserted herein.

7. WMMSC expressly reserves its right to amend or supplement this proof of claim and to file additional proofs of claim for additional claims if necessary, including, but not limited to administrative priority claims.

8. WMMSC expressly reserves any and all rights it has against the Debtor under the MOS, including, but not limited to, the Claim.

---

[1] The MOS identifies the counterparty to the agreement only as "American Home Mortgage". Accordingly, out of an abundance of caution, WMMSC is asserting a claim against each of the debtor entities in this case.

[2] A copy of the MOS and the Washington Mutual Mortgage Securities Corp. Seller Guide is available upon request.

585700-1

**EXHIBIT B TO PROOF OF CLAIM OF**
**WASHINGTON MUTUAL MORTGAGE SECURITIES CORP.**
**IN RE GREAT OAK ABSTRACT CORP., CASE NO. 07-11054 (CSS)**

585700-1

July 30, 2007

The JPMorgan Chase Bank - New York, NY
Account # 304-652601  ABA # 021000021
Credit: Washington Mutual Mortgage Securities Corp.
Remark: Repurchase, Servicer 1, Cycle 08/07, Shirley

**WIRING INSTRUCTIONS:**
The JPMorgan Chase Bank-New York, NY
Account # 304-652601  ABA # 021000021
Credit: Washington Mutual Mortgage Securities Corp.
Remark: Repurchase, Servicer 1, Cycle 08/07

# REPURCHASES

| Demand Sent | Seller Loan Number | WMMSC Loan Number | WAMU Loan Number | Borrower Name | Purchase Date | Purchased Balance | Scheduled Principal Balance after August Payment | Actual Due Date | Number of Months Delinquent | Interest Rate | P&I Payment Amount | 30 Days of Interest | P&I Advances | Escrow Advances | Corporate Advances | Purchase Price Percentage | Premium Amount | Total Proceeds Due from Seller |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/22/07 | 1289797 | 601835967 | 5303820283 | Collar | 04/14/06 | $ 231,819.02 | $ 229,560.00 | 10/01/06 | 11 | 7.2500% | $ 1,582.65 | $ 1,386.95 | $ 17,469.15 | $ 4,209.52 | $ 6,272.00 | 3.1106% | $ 7,210.36 | $ 266,948.66 |
| 02/22/07 | 1315675 | 601837276 | 5303788664 | Osmanson | 08/01/06 | $ 300,503.10 | $ 298,333.70 | 09/01/06 | 12 | 8.1250% | $ 2,234.93 | $ 2,019.97 | $ 26,819.04 | $ 5,996.44 | | 1.2825% | $ 3,857.94 | $ 337,026.91 |
| 02/22/07 | 1327040 | 601837499 | 5303788144 | Jacobs | 03/01/06 | $ 123,880.56 | $ 122,706.18 | 11/01/06 | 10 | 7.7500% | $ 887.55 | $ 792.46 | $ 8,875.50 | $ 1,318.70 | $ 1,650.74 | 1.2825% | $ 1,587.74 | $ 136,931.36 |
| 02/22/07 | 1321586 | 601837384 | 5303785164 | Bradley | 08/01/06 | $ 400,600.00 | $ 400,600.00 | 11/01/06 | 10 | 7.8750% | $ 2,630.21 | $ 2,630.21 | $ 26,302.50 | $ 10,875.58 | $ 2,840.30 | 1.2825% | $ 5,140.70 | $ 448,588.89 |
| 02/22/07 | 1298835 | 601826199 | 5303793375 | Johnson | 08/01/06 | $ 150,350.00 | $ 150,350.00 | 10/01/06 | 11 | 7.8750% | $ 986.67 | $ 986.67 | $ 10,853.37 | $ 1,166.51 | $ 3,451.80 | 1.2825% | $ 1,928.24 | $ 168,736.55 |
| 02/22/07 | 1119071 | 601777507 | 5303598451 | Torres | 05/12/06 | $ 167,758.05 | $ 165,824.45 | 08/01/06 | 13 | 7.6250% | $ 1,189.09 | $ 1,053.62 | $ 15,458.17 | $ 2,954.97 | $ 1,217.00 | 2.2640% | $ 3,798.60 | $ 190,106.76 |
| 02/22/07 | 461015 | 601382574 | 5302700710 | Kotinski | 02/17/04 | $ 493,963.96 | $ 470,387.05 | 09/01/06 | 12 | 5.7500% | $ 2,888.69 | $ 2,253.94 | $ 34,664.28 | $ 21,716.63 | $ 1,195.00 | 0.4507% | $ 2,226.03 | $ 532,442.99 |
| 02/26/07 | 1200775 | 601776694 | 5303608854 | Bendana | 05/12/06 | $ 1,120,000.00 | $ 1,120,000.00 | 09/01/06 | 12 | 7.8750% | $ 7,350.00 | $ 7,350.00 | $ 88,200.00 | $ 44,089.44 | $ 4,570.46 | 2.2640% | $ 25,356.80 | $ 1,289,516.64 |
| 01/29/07 | 1227622 | 601792874 | 5303502623 | D'Andrea | 05/21/05 | $ 328,000.00 | $ 328,000.00 | 10/01/06 | 11 | 8.2500% | $ 1,183.04 | $ 2,255.00 | $ 13,079.95 | $ 5,316.93 | | 2.1010% | $ 6,891.28 | $ 355,543.26 |
| 04/16/07 |  | 601793306 | 5303530015 | Hadoowy | 05/23/06 | $ 92,064.79 | $ 90,995.74 | 09/03/07 | 1 | 7.3750% | $ 638.18 | $ 559.74 | $ 638.18 | | | 2.1010% | $ 1,934.78 | $ 94,127.87 |
| 04/18/07 | 1411585 |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| | | | | | | | | | | | | | | | | | | $ 3,819,265.48 |

10

Washington Mutual Mortgage Securities Corp.

Shirley Player
Conduit Repurchase
843-673-3475
shirley.player@wamu.net

Washington Mutual Mortgage Securities Corp
2210 Enterprise Drive
Florence SC 29501
(843) 413-5442 phone
(843) 673-3273 fax
david.joye@wamu.net

# Washington Mutual Mortgage Securities Corp.

April 17, 2007

American Home Mortgage
538 Broadhollow Road, 4th Floor West
Melville, NY 11747
Attn: Jacqueline Kane

RE:  Borrower Name: Horbowy, Benjamin
     Property Address: 2062 Victory Garden Ln, Tallahasee FL 32301
     Seller Loan Number: 1241585
     Servicer Loan Number: 5303630015
     WMMSC Number: 601793306

Dear Jackie:

Our records indicate that Washington Mutual Mortgage Securities Corp. ("WMMSC"), purchased from American Home Mortgage ("Seller") the first lien residential mortgage loan described above (the "Mortgage Loan") pursuant to that certain Purchase Agreement (the "Purchase Agreement"), dated as of May 23, 2006, which incorporates by reference the Washington Mutual Purchase Programs Seller Guide (the "Selling Guide").

WMMSC has determined that the following facts exist regarding the Mortgage Loan which constitutes a breach of the representations, warranties and covenants of the flow agreement, including, but not limited to Section 3.1c Valid First Lien and Section 602.01, Early Payment Default of the Selling Guide. Pursuant to Section 3.3 of the May 1, 2001 Flow Agreement, you are required to either cure the above-described breach or repurchase the Mortgage Loan within **30 days** from the date of this letter. Failure to cure the breach identified or remit sufficient repurchase funds within the specified time frame will result in the Mortgage Loan being referred to our Legal Department.

**Section 3.1c Valid Lien Issue:**

Per Washington Mutual's servicing notes and the foreclosure attorney, WMMSC is not in first lien position. I have attached a title claim letter indicating that there is a lien which take priority over this lien.

**Section 602.01 Early Payment Default:**

This section states that if any of the first 3 monthly payments due to WMMSC becomes 30 days delinquent, American Home must, upon receipt of the demand, repurchase such loan. The Second and Third installments due after purchase were delinquent.

If you have information that will cure the above issues, forward it to us within the next 10 days. If there is no additional information or documentation to address the issues stated herein, your firm is directed to repurchase this as a result of this breach.

Washington Mutual Mortgage Securities Corp
2210 Enterprise Drive
Florence SC 29501
(843) 413-5442 phone
(843) 673-3273 fax
david.joye@wamu.net

## Washington Mutual Mortgage Securities Corp.

The following is a detailed accounting of the amount required to repurchase this loan. These amounts are valid until 04-30-07:

| | | |
|---|---|---:|
| Scheduled Principal Balance after the April Payment: | $ | 91,342.06 |
| 30 days interest due April @ Note rate 7.375%: | $ | 561.37 |
| Purchase Price Premium: $92,084.79 @ 2.101% | $ | 1,934.70 |
| P&I Advances: 04-01-07 @ $638.18: | $ | 638.18 |
| Escrow Advances: | $ | - |
| Corporate Advances: | $ | - |
| Total due to WMMSC: | $ | 94,476.31 |

Before wiring funds please contact our office for final figures. The funds should be wired to:

> The JPMorgan Chase Bank - New York, NY
> Account # 304-652601   ABA # 021000021
> Credit: Washington Mutual Mortgage Securities Corp.
> Remark: Repurchase, WMMSC Loan # 601793306, Borrower Horbowy
>    Servicer Number 1,   Cycle 04/07

**The appropriate legal document to convey title to your organization should be sent to the attention of the undersigned**

If you should have any questions contact David Joye at 843-413-5442.

Sincerely,

David Joye
Washington Mutual Mortgage Securities Corp.
Repurchase Administrator

**ECHEVARRIA, CODILIS & STAWIARSKI**
ATTORNEYS AT LAW
9119 CORPORATE LAKE DRIVE
3RD FLOOR
TAMPA, FLORIDA 33634

Please reply to:
Post Office Box 25018
Tampa, FL 33622-5018

Telephone (813) 251-4766
Telefax (813) 251-1541

March 12, 2007

First American Title Insurance Company
ATTN: Stephanie Grimes
2211 Lee Road, Ste 211
Winter Park, FL 32789

Re:  Commitment No.: 2/13 NT for docs
     Our File No.:  F07002755
     Insured:       WASHINGTON MUTUAL BANK, f/k/a WASHINGTON MUTUAL BANK, FA
     Property Address: 2062 VICTORY GARDEN LANE, TALLAHASSEE, FL 32301

Dear Sir/Madam:

This will serve as formal notice of a claim under the lender's policy issued by the above-referenced agent and as a request that you undertake the requisite curative action.

Our title review has revealed a prior, unsatisfied mortgage, dated 062496, in favor of First South Bank in the amount of $55,061.00, and recorded 06/27/96, in Official Records Book 1918, Page 122, as assigned to Principal Residential Mortgage in Official Records Book 1949, Page 1461, of the Public Records of Leon County, Florida.

The undersigned firm has been retained to foreclose the insured mortgage, and the foreclosure action was recently filed. It was during the initial title examination that we discovered the above-referenced problem.

The mortgage that is the subject of the foreclosure action is guaranteed and the firm has committed to completing the foreclosure without delay. Upon conclusion of the proceeding, the insured or its assignee will be required to pass clear and marketable title without exception for the defect referenced above. If unable to deliver clear and marketable title, the insured or its assignee may suffer damages including but not limited to a curtailment of interest payable on its insurance claim. In the event of such a loss, a supplemental claim will be filed against the subject lender's policy for reimbursement of any and all damages incurred.

Please assign the matter to one of your claim's attorneys and contact me within ten (10) days to advise of the corrective action you intend to initiate. **Please be so kind as to reference our file number on any correspondence forwarded to this office.**

Copies of all relevant documents (except the policy) have been included for your ease of reference. Please contact the undersigned at (813) 342-2200 x3026 should you have any questions or concerns.

Sincerely,

Tim Hutton
Title Claims Specialist

This law firm may be deemed a "debt collector" under the Fair Debt Collection Practices Act. Any and all information obtained during the prosecution of this lawsuit may be used for the purpose of collecting a debt.




TPCL OTHER

04/03/2006 14:29 FAX 8508932350       SMITH THOMPSON                              ☐005/012

FATIC-213X ALTA Commitment (1982)

# First American Title Insurance Company

Issuing Office File No. 20061089CRD

## COMMITMENT
## SCHEDULE A

1. Commitment Date: February 26, 2006 05:00 PM

2. Policy or Policies to be Issued:

   (a) Owner's Policy (Identify policy type below)         Policy Amount: $  132,000.00
       Proposed Insured:

       BENJAMIN A. HORBOWY, a single man

   (b) Loan Policy (Identify policy type below)            Policy Amount: $   92,400.00
       Proposed Insured:

       AMERICAN BROKERS CONDUIT, its successors
       and/or assigns as their interests may appear

   (c) Other (Identify policy type below)                  Policy Amount: $
       Proposed Insured:

3. A _Fee Simple_ Interest in the land described in this Commitment is owned at the Commitment Dated, by:

   ROBERT HORNE and VICKIE HORNE, F/K/A VICKIE LOWE, HUSBAND AND WIFE

4. The land referred to in this Commitment is described as follows:

   SEE EXHIBIT "A" ATTACHED HERETO BY REFERENCE MADE A PART HEREOF.

Issue Date: _April 3, 2006_                    Smith, Thompson, Shaw & Manausa, P.A.
                                               (Insert above line name of Agent)
                                        By:    _Susan S. Thompson_
                                               Susan S. Thompson, Authorized Signatory

THIS COMMITMENT IS FURNISHED BY FIRST AMERICAN TITLE INSURANCE COMPANY OR ITS POLICY ISSUING AGENT SOLELY FOR THE ISSUANCE OF A POLICY OR POLICIES OF TITLE INSURANCE OF FIRST AMERICAN TITLE INSURANCE COMPANY. THIS COMMITMENT IS NOT AN ABSTRACT OR AN OPINION OF TITLE. LIABILITY UNDER THIS COMMITMENT IS DEFINED BY AND LIMITED TO THE TERMS AND CONDITIONS OF THIS COMMITMENT AND THE TITLE INSURANCE POLICY TO BE ISSUED. PERSONS AND ENTITIES NOT LISTED ABOVE AS PROPOSED INSURED ARE NOT ENTITLED TO RELY UPON THIS COMMITMENT FOR ANY PURPOSE.

04/03/2008 14:30 FAX 8508832350        SMITH THOMPSON                    @008/012

EXHIBIT "A"

THE WESTERLY PART OF LOT 4, PARK BROOK CROSSING, PHASE 7, UNRECORDED, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCE AT THE SOUTHWEST CORNER OF SECTION 33, TOWNSHIP 1 NORTH, RANGE 1 EAST, LEON COUNTY, FLORIDA AND RUN THENCE ALONG THE SECTION LINE ALONG A BEARING OF NORTH 00 DEGREES 02 MINUTES 22 SECONDS WEST 1330.46 FEET TO A CONCRETE MONUMENT, THENCE NORTH 00 DEGREES 18 MINUTES 58 SECONDS EAST 1402.10 FEET TO A CONCRETE MONUMENT, THENCE NORTH 00 DEGREES 29 MINUTES 02 SECONDS EAST 130.09 FEET TO A CONCRETE MONUMENT, THENCE NORTH 00 DEGREES 27 MINUTES 40 SECONDS EAST 60.89 FEET TO A CONCRETE MONUMENT, THENCE NORTH 00 DEGREES 27 MINUTES 40 SECONDS EAST A DISTANCE OF 409.73 FEET TO A POINT ON THE SOUTHERLY RIGHT-OF-WAY BOUNDARY OF THE SEABOARD COASTLINE RAILROAD, SAID POINT BEING ON A CURVE TO THE LEFT, THENCE RUN NORTHEASTERLY ALONG SAID RIGHT-OF-WAY CURVE HAVING A RADIUS OF 1916.00 FEET THROUGH A CENTRAL ANGLE OF 06 DEGREES 35 MINUTES 27 SECONDS, FOR AN ARC DISTANCE OF 220.41 FEET (CHORD BEARS NORTH 87 DEGREES 04 MINUTES 48 SECONDS EAST 220.28 FEET) TO THE POINT OF BEGINNING. FROM SAID POINT OF BEGINNING CONTINUE ALONG SAID CURVE HAVING A RADIUS OF 1916.00 FEET, THROUGH A CENTRAL ANGLE OF 01 DEGREES 05 MINUTES 12 SECONDS, FOR AN ARC DISTANCE OF 36.34 FEET (CHORD BEARS NORTH 83 DEGREES 14 MINUTES 23 SECONDS EAST 36.34 FEET), THENCE SOUTH 06 DEGREES 26 MINUTES 09 SECONDS EAST ALONG A COMMON PARTY WALL AND A PROJECTION THEREOF 205.02 FEET TO THE CENTERLINE OF A 40.00 FOOT WIDE ROADWAY AND UTILITY EASEMENT, SAID POINT LYING ON A CURVE CONCAVE TO THE NORTHWESTERLY, THENCE RUN SOUTHWESTERLY ALONG SAID CENTERLINE CURVE HAVING A RADIUS OF 2121.00 FEET, THOUGH A CENTRAL ANGLE OF 01 DEGREES 00 MINUTES 11 SECONDS, FOR AN ARC DISTANCE OF 37.13 FEET (CHORD BEARS SOUTH 83 DEGREES 16 MINUTES 54 SECONDS WEST 37.13 FEET ), THENCE NORTH 06 DEGREES 12 MINUTES 55 SECONDS WEST 205.00 FEET TO THE POINT OF BEGINNING.

04/03/2008 14:30 FAX 8508932350      SMITH THOMPSON                    ☒006/012

# First American Title Insurance Company

Issuing Office File No. 20061089CRD

## SCHEDULE B - SECTION I
## REQUIREMENTS

The following requirements must be met:

1. Pay and/or disburse the agreed amounts for the interest in the land to be insured and/or according to the mortgage to be insured.
2. Pay us the premiums, fees and charges for the policy.
3. Pay all taxes and/or assessments, levied and assessed against the land, which are due and payable.
4. The following documents, satisfactory to us, creating the interest in the land and/or the mortgage to be insured, must be signed, delivered and recorded.

a. Warranty Deed from ROBERT HORNE and VICKIE HORNE F/K/A VICKIE LOWE, HUSBAND AND WIFE, to BENJAMIN A. HORBOWY, conveying the land described in Schedule A.

b. Mortgage from BENJAMIN A. HORBOWY, a single man, stating non-homestead clause if applicable to AMERICAN BROKERS CONDUIT, securing an indebtedness of $92,400.00 and encumbering the land.

c. Release or Satisfaction of Mortgage from ROBERT HORNE AND VICKIE HORNE, HUSBAND AND WIFE to AMERICA'S WHOLESALE LENDER AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. recorded in Official Records Book 3043, Page 301 of the Public records of Leon County, Florida, as to the land and delivery of the canceled original Note and Mortgage(s).

FATIC-213X
ALTA Commitment (1982)

04/03/2008 14:30 FAX 8508932350          SMITH THOMPSON                     ☒007/012

# First American Title Insurance Company

Issuing Office File No. 20061089CRD

## SCHEDULE B - SECTION II
## EXCEPTIONS

Any policy we issue will have the following exceptions, unless they are taken care of to our satisfaction.

1. Any rights, interests or claims of parties in possession of the land not shown by the public records.
2. Any rights, interests or claims affecting the land which a correct survey would disclose and which are not shown by the public records.
3. Any lien for services, labor or materials in connection with improvements, repairs or renovations provided before, on, or after Date of Policy, not shown by the public records.
4. Any dispute as to the boundaries caused by a change in the location of any water body within or adjacent to the land prior to Date of Policy, and any adverse claim to all or part of the land that is, at Date of Policy, or was previously, under water.
5. Taxes or special assessments not shown as liens in the public records or in the records of the local tax collecting authority, as Date of Policy.
6. Any minerals or mineral rights leased, granted or retained by current or prior owners.
7. Taxes and assessments for the year 2006 and subsequent years (which are not yet due and payable)
   PARCEL NUMBER: 11-33-08-007-0040
   GROSS Amount of Taxes: $1805.61
   Note: Taxes for the year 2005 were paid in the original amount of $1733.39; Tax I.D. #11-33-08-007-0040; Assessed Value $83,687.00.
8. Restrictions, easements, reservations, covenants and conditions pursuant to that certain instrument(s) recorded in Official Records Book 1231, Page 1952, of the Public Records of Leon County, Florida.
9. Easement recorded in Official Records Book 1153, at Page 957; AND IN OFFICIAL RECORDS BOOK 1158, PAGE 1139; AND IN OFFICIAL RECORDS BOOK 1211, PAGE 84, of the Public Records of Leon County, Florida.

FATIC-213X
ALTA Commitment(1982)

New House Title, L.L.C.
Title Summary Report

Date of Report:         January 31, 2007

Title Company:          New House Title, L.L.C.

E&A File number:        F07002755

Client Loan Number: 5303630015

Date Title Work Ordered: 1/30/2007

Current Mortgagor:      BENJAMIN A. HORBOWY

Original Mortgagor:     BENJAMIN A. HORBOWY

Property address:       2062 VICTORY GARDEN LANE
                        TALLAHASSEE, FL 32301

Legal Description:      THE WESTERLY PART OF LOT 4, PARK BROOK CROSSING, PHASE 7,
                        UNRECORDED, BEING MORE PARTICULARLY DESCRIBED AS
                        FOLLOWS:

COMMENCE AT THE SOUTHWEST CORNER OF SECTION 33, TOWNSHIP 1 NORTH, RANGE 1 EAST, LEON COUNTY, FLORIDA AND RUN THENCE ALONG THE SECTION LINE ALONG A BEARING OF NORTH 00 DEGREES 02 MINUTES 22 SECONDS WEST 1330.46 FEET TO A CONCRETE MONUMENT, THENCE NORTH 00 DEGREES 18 MINUTES 58 SECONDS EAST 1402.10 FEET TO A CONCRETE MONUMENT, THENCE NORTH 00 DEGREES 29 MINUTES 02 SECONDS EAST 130.09 FEET TO A CONCRETE MONUMENT, THENCE NORTH 00 DEGREES 27 MINUTES 40 SECONDS EAST 60.89 FEET TO A CONCRETE MONUMENT, THENCE NORTH 00 DEGREES 27 MINUTES 40 SECONDS EAST A DISTANCE OF 409.73 FEET TO A POINT ON THE SOUTHERLY RIGHT-OF-WAY BOUNDARY OF THE SEABOARD COASTLINE RAILROAD, SAID POINT BEING ON A CURVE TO THE LEFT, THENCE RUN NORTHEASTERLY ALONG SAID RIGHT-OF-WAY CURVE HAVING A RADIUS OF 1916.00 FEET THROUGH A CENTRAL ANGLE OF 06 DEGREES 35 MINUTES 27 SECONDS, FOR AN ARC DISTANCE OF 220.41 FEET (CHORD BEARS NORTH 87 DEGREES 04 MINUTES 48 SECONDS EAST 220.28 FEET) TO THE POINT OF BEGINNING. FROM SAID POINT OF BEGINNING CONTINUE ALONG SAID CURVE HAVING A RADIUS OF 1916.00 FEET, THROUGH A CENTRAL ANGLE OF 01 DEGREES 05 MINUTES 12 SECONDS, FOR AN ARC DISTANCE OF 36.34 FEET (CHORD BEARS NORTH 83 DEGREES 14 MINUTES 23 SECONDS EAST 36.34 FEET), THENCE SOUTH 06 DEGREES 26 MINUTES 09 SECONDS EAST ALONG A COMMON PARTY WALL AND A PROJECTION THEREOF 205.02 FEET TO THE CENTERLINE OF A 40.00 FOOT WIDE ROADWAY AND UTILITY EASEMENT, SAID POINT LYING ON A CURVE CONCAVE TO THE NORTHWESTERLY, THENCE RUN SOUTHWESTERLY ALONG SAID CENTERLINE CURVE HAVING A RADIUS OF 2121.00 FEET, THROUGH A CENTRAL ANGLE OF 01 DEGREES 00 MINUTES 11

SECONDS, FOR AN ARC DISTANCE OF 37.13 FEET (CHORD BEARS SOUTH 83 DEGREES 16 MINUTES 54 SECONDS WEST 37.13 FEET), THENCE NORTH 06 DEGREES 12 MINUTES 55 SECONDS WEST 205.00 FEET TO THE POINT OF BEGINNING.

Lien Position: 1

Mobile Home: **NO MOBILE HOME FOUND**

Tax Information:

> Taxes Paid Through 2006
> Folio Number 1133080070040
>
> Taxes Paid Date 12/6/2006
> Taxes Paid Amount $1,895.05

Prior/Open Liens:

> Our title review has revealed a prior, unsatisfied mortgage, dated 062496, in favor of First South Bank in the amount of $55,061.00, and recorded 06/27/96, in Official Records Book 1918, Page 122, as assigned to Principal Residential Mortgage in Official Records Book 1949, Page 1461, of the Public Records of Leon County, Florida.

Subject Deed of Trust/Mortgage

> Mortgage date        4/7/2006
> Amount               92400
> Beneficiary:         MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR AMERICAN BROKER CONDUIT
> Date Recorded        4/13/2006
> Book                 3488
> Page                 177

Subordinate Loans/Liens:

> THE UNKNOWN SPOUSE OF BENJAMIN
> A. HORBOWY, by virtue of homestead rights,
> possession, or any right of redemption
>
> MORTGAGE ELECTRONIC
> REGISTRATION SYSTEMS,
> INCORPORATED, AS NOMINEE FOR
> AMERICAN BROKER CONDUIT, by virtue
> of a mortgage recorded in Official Records
> Book 3488, Page 197

Is an assignment needed: **NO ASSIGNMENT NEEDED**

## NEW HOUSE TITLE, L.L.C.

Property Tax Information

Date: January 31, 2007
File Number: F07002755
Loan Number: 5303630015
Property Address: 2062 VICTORY GARDEN LANE, TALLAHASSEE, FL 32301
Folio Number: 1133080070040

Tax Information:

    Taxes Paid Through: 2006

    Delinquent:
    , $0.00
    , $0.00
    , $0.00

    Taxes Paid Date: 12/6/2006
    Taxes Paid Amount: $1,895.05
    Tax Payoff good through
    Tax Deed Payoff Amount $0.00
    Tax Sale Date:
    Special Notes:


    Payable/Remit To:
    Doris Maloy
    LEON COUNTY TAX COLLECTOR
    3425 Thomasville Road, Suite 19
    Tallahassee, FL  32309
    850-488-4735


Delinquent Tax payments must be in Certified Funds (Cashiers Checks).

Be advised that the tax figures quoted above are subject to change due to various reasons. This figure represents the amounts and due date we were provided from the taxing authority. To ensure accuracy, we would request that you contact the taxing authority to confirm the amounts owed and the due date. The above is the contact information we have for the taxing authority. Unless you instruct us to the contrary, we will not be doing an additional tax search for this loan during the pendency of the foreclosure action. If you wish us to conduct an additional tax search please send us a written request to perform this function.


Thank you,


Bianca Herrera

## Fidelity Title Worksheet / Additional Fee Request Form

Loan No.: 5303630015   Period of Title Examination: From: 01/30/2007 To: 01/30/2007

Date Title Received: 01/30/2007

Borrower(s)-(Advise if different from referral): BENJAMIN A. HORBOWY

Property Address:   2062 VICTORY GARDEN LANE
TALLAHASSEE, FL 32301

Record owner(s) according to title search: BENJAMIN A. HORBOWY

Is there a mobile home on the property? NO MOBILE HOME FOUND

If so, do we have a perfected security interest in the mobile home? N/A

Is the legal description consistent between the Mortgage & Title Report?

List all liens against the property (including our mortgage) in order of priority (liens include judgments, state & federal tax liens, financing statements, pending cases, probate claims, mechanics liens, special utility liens & homeowners liens). Please indicate our lien by stating (ours) next to it below and include all assignments, recording information including Book and Page/Instrument # and Dates:

Subject mortgage:   MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR AMERICAN BROKER CONDUIT
   Date Recorded   04/13/2006
   Book            3488
   Page            177

Subordinate Loans/Liens: IF NOT LISTED BELOW, NO SUBORDINATE LIENS FOUND

   MORTGAGE ELECTRONIC REGISTRATION
   SYSTEMS INCORPORATED AS NOMINEE FOR
   AMERICAN BROKER CONDUIT, by virtue of a
   mortgage recorded in Official Records Book 3488, Page
   197

Delinquent Taxes (included payee contact information, amounts and years due, advise on whether or not they must be paid prior to attending sale and advise as to whether or not we are in jeopardy of the property being lost to tax sale):

   Taxes Paid Through 2006
   Folio Number 1133080070040

   Taxes Paid Date 12/06/2006
   Taxes Paid Amount $1,895.05

If our lien does not appear to be in priority position, please indicate if this is a possible title claim issue:

Our title review has revealed a prior, unsatisfied mortgage, dated 062496, in favor of First South Bank in the amount of $55,061.00, and recorded 06/27/96, in Official Records Book 1918, Page 122, as assigned to Principal Residential Mortgage in Official Records Book 1949, Page 1461, of the Public Records of Leon County, Florida.

If no further information is needed, please attach Title Claim Letter or indicate how you intend to secure priority of our Lien and expected resolution Time Frame: WE WILL CLEAR TITLE ISSUE(S) BY FILING A TITLE CLAIM. THERE IS NO DEFINITIVE TIME FRAME TO CLEAR TITLE ISSUE(S), BUT OUR GOAL IS TO CLEAR TITLE ISSUE(S) PRIOR TO FORECLOSURE SALE.

Documents Needed: TITLE POLICY, TITLE COMMITMENT, AND HUD 1, IF NOT PREVIOUSLY PROVIDED

ADDITIONAL FEE REQUEST:

WE ARE REQUESTING A SET FEE TO FILE A TITLE CLAIM IN ORDER TO CLEAR TITLE ISSUE(S) OR

TO OBTAIN AN INDEMNITY LETTER FROM THE INSURER.

Hourly Rate: NOT AN HOURLY RATE. SEE SET FEE AMOUNT BELOW.
Total Additional fee amount requested: $125.00
Potential Loss to Client: DELAY IN OBTAINING MARKETABLE TITLE
Deadline: N/A       Need Approval By: AS SOON AS POSSIBLE

Signature_____ Date:_____ Total Approved: $_____

## CERTIFICATE OF SERVICE

I, Christina M. Thompson, hereby certify that on this 10th day of January, 2008, I caused a true and correct copy of the foregoing proof of claim to be served upon the following persons in the manner as indicated.

_____
Christina M. Thompson (No. 3976)


**VIA FEDERAL EXPRESS**
EPIQ Bankruptcy Solutions, LLC
Attn: American Home Mortgage Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017


**VIA HAND DELIVERY**
James L. Patton, Jr., Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

#585492